## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF KIRKLAND & ELLIS
### FOR THE TWENTY-FIFTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Kirkland & Ellis for the Twenty-Fifth Interim Period</u>.

### BACKGROUND

1.      Kirkland & Ellis was retained as counsel to the Debtors.  In the Application, Kirkland & Ellis seeks approval of fees totaling $5,806,017.50 and costs totaling $5,289,061.49 for its services from April 1, 2007 through June 30, 2007.

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2001, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330, Issued January 30, 1996, (the "Guidelines"), as well as for consistency with precedent established in the

United States Bankruptcy Court for the District of Delaware, the United States District Court for the

District of Delaware, and the Third Circuit Court of Appeals.  We served on K&E an initial report

based on our review, and received a response from K&E, portions of which response are quoted

herein.

## DISCUSSION

3.      In our initial report, we noted 28 conferences or meetings attended by multiple

professionals.  (See Exhibit A.)  We asked K&E to examine the exhibit and in each instance to

explain the need for each professional's presence and the particular area of expertise each brought

to the meeting.  The firm's response is provided as Response Exhibit 1.  We appreciate the response,

but regarding the "moot court" entries dating from May 22 through May 31, we suggest that using

four K&E attorneys to act as judges for the court seems excessive.  A portion of K&E's response to

this issue is provided below.

> ...Mr. Philbin is a partner who recently returned to K&E after several years at the
> Department of Justice.  Mr. Philbin's practice focuses on cases involving complex
> legal issues and has represented clients in numerous cases in the federal court of
> appeals and the Supreme Court.  Mr. Phillips is a litigation partner who has since left
> the firm to go to the Department of Justice.  Mr. Skidmore is an associate who
> specializes in appellate litigation.  Mr. Warren is an Of Counsel and practices in both
> appellate litigation, environmental law and toxic tort litigation with extensive
> litigation experience under all of the federal health, safety and environmental statutes.
> Each attorney brought particular expertise and experience to their selection as a judge
> for the moot court.

The response does not adequately address the specific expertise each attorney brought to the

proceeding nor how that expertise was ultimately employed in preparing for the June 4 Court of

Appeals argument.  We would recommend that the hours of two of the attorneys spent on this issue

be deducted from the fee total.  This would include 5.5 hours for Mr. Phillips ($415) and 5.2 hours

for Mr. Skidmore ($315), resulting in a recommended reduction in fees of $3,920.50.

4.      We noted three instances totaling 5.7 hours and $842.00 in which the firm billed for the processing of invoices.  The entries are provided below.

On April 2, 2007 EM spent a total of 1.70 hours for a total fee of $238.00 on processing invoices.

| 4/2/2007 | Emily Malloy | 8.00 | ...........; process invoices (1.2);.............. |
| 4/4/2007 | Emily Malloy | 6.90 | ...........; process invoices (.5);............. |

During May EM and DMB spent a total of 0.60 hours for a total fee of $84.00 on processing invoices.

| 5/6/2007 | Emily Malloy | 6.50 | ...........; process invoices for payment (.3);.............. |
| 5/22/2007 | David M Boutrous | 7.50 | ...........; review and process vendor invoices (.3);......... |

During the application period EM and GMV spent a total of 3.40 hours[1] for a total fee of $520.00 on processing invoices.

| 6/4/2007 | Emily Malloy | 10.10 | ...........; review and process invoices (1.0);.............. |
| 6/22/2007 | Emily Malloy | 7.20 | Analyze and process invoices (1.0);......... |
| 6/27/2007 | Emily Malloy | 9.20 | ...........; analyze and process invoices (1.0);........... |
| 6/6/2007 | Gary M Vogt | 0.40 | Review, approve and process vendor invoices for payment. |

The processing of invoices is normally a part of firm overhead and not billable to the estate. We asked K&E to explain why these charges should be viewed as compensable.  K&E's response is provided below.

> The legal assistants and project assistants were not merely "processing" invoices for payment.  Pursuant to the Court's Order Authorizing the Retention of Experts (Docket No. 514), dated June

---

[1] Time for this entry was located in the following project categories - (i) Claims Analysis Objection & Resolution (Asbestos) and (ii) Fee Applications, Others.

22, 2001, experts retained to assist Grace in estimation and plan-related matters are required to submit their invoices directly to K&E who then reviews them, discusses them with Grace and ultimately includes them as expert expenses on the Debtors' fee application. The legal assistant and project assistant time noted in the Initial Report was in conjunction with the Court's order and the paraprofessionals were not just processing the invoices, but also reviewing and analyzing the invoices and assembling materials. The charges should have been descriptive to indicate their non-administrative tasks. Since these charges are minimal, K&E will agree to not seek compensation of these charges. However, K&E reserves its right to seek compensation for similar charges in the future.

We appreciate the response and thus recommend a reduction of $842.00 in fees.

## CONCLUSION

5.       Thus we recommend approval of fees totaling $5,801,255.00 ($5,806,017.50 minus $4,762.50) and costs totaling $5,289,061.49 for K&E's services from April 1, 2007 through June 30, 2007.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:

Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served First Class United States mail to the attached service list on this 3rd day of December, 2007.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Janet S. Baer
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl, Young & Jones, P.C.
919 North Market Street, Suite 1600
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

Exhibit A

1.    On April 2, 2007, five firm members (three Partners and two Associates) attended an Omnibus Hearing.  The total time spent including any preparation and non-working travel time was 53.50 hours[2] for a total fee of $27,774.00.

| 4/2/2007 | Lori Sinanyan | 1.40 | Prepare claims matters outline for omnibus hearing. |
| 4/1/2007 | Amanda C Basta | 1.00 | .............; prepare for omnibus hearing (.7). |
| 4/1/2007 | Lisa G Esayian | 3.00 | Confer with D. Bernick, J. Baer, B. Harding and J. O'Neill re issues for 4/2/07 hearing (.5); send follow-up correspondence to various team members re same (1.0);........ |
| 4/1/2007 | Barbara M Harding | 4.70 | Prepare for omnibus hearing. |
| 4/2/2007 | Lori Sinanyan | 3.60 | Attend and argue at omnibus hearing. |
| 4/2/2007 | Samuel Blatnick | 4.40 | Participate in  omnibus hearing telephonically (4.1);.............. |
| 4/2/2007 | Amanda C Basta | 10.00 | Prepare for and attend omnibus hearing. |
| 4/2/2007 | Lisa G Esayian | 9.00 | Confer with D. Bernick re PD issues for 4/2/07 hearing (1.0); prepare for hearing (2.5); attend hearing (5.5). |
| 4/2/2007 | Barbara M Harding | 10.50 | Prepare for omnibus hearing (5.3); attend omnibus hearing re PI issues (4.0);........... draft correspondence to PI team re debrief of hearing and immediate follow up issues (1.2). |
| 4/1/2007 | Lori Sinanyan | 2.80 | Travel to Wilmington, DE for Grace omnibus hearing (billed at half time). |
| 4/2/2007 | Lori Sinanyan | 4.20 | Return travel to Los Angeles, CA from Grace omnibus hearing (billed at half time). |

---

[2] Time for this entry was located in the following project categories - (i) Claims Analysis Objection and Resolution (Non-Asbestos), (ii) Claims Analysis Objection and Resolution (Asbestos), (iii) Hearings, and (iv) Travel Non-Working.

| | | | |
|---|---|---|---|
| 4/2/2007 | Amanda C Basta | 1.00 | Return from attending omnibus hearing (billed at half time). |

2.  On April 13, 2007, five firm members (two Partners, two Associates and one Legal Assistant) attended a hearing. The total time spent including any preparation and non-working travel time was 99.20 hours[3] for a total fee of $44,055.00.

| | | | |
|---|---|---|---|
| 4/3/2007 | Amanda C Basta | 7.70 | ................;   draft correspondence re hearing preparation and briefing schedule (1.0);........... |
| 4/4/2007 | Barbara M Harding | 4.00 | ..............; confer with J. Baer re April 13 hearing and related pleadings (.5). |
| 4/9/2007 | Michael A Rosenberg | 6.00 | Review and organize materials for April 13 hearing (1.0);.......... |
| 4/9/2007 | Amanda C Basta | 11.80 | ............; confer with K. Cawley re hearing preparation (.3);............ |
| 4/10/2007 | Janet S Baer | 5.90 | ............; confer with B. Harding and A. Basta re hearing preparation for 4/13 hearing on consulting expert issues (.5);........... |
| 4/10/2007 | Michael A Rosenberg | 8.80 | Organize and analyze various documents re April 13 hearing. |
| 4/10/2007 | Amanda C Basta | 11.10 | Confer with M. Rosenberg re hearing preparation (.2); confer with B. Harding re same (.5);........ |
| 4/10/2007 | Barbara M Harding | 9.80 | .............; review  pleadings re hearing preparation (1.0); conference with J. Baer and A. Basta re same (.3); review and analyze documents re expert preparation (2.5); correspond with client, S. McMillin and B. Stansbury re same (.7); conference with B. Stansbury re expert preparation (.3); correspond with D. Bernick re hearing preparation (.2);.............. |
| 4/11/2007 | Janet S Baer | 9.90 | Confer with A. Basta re issues for preparation on 4/13 hearing (.3);.........; confer with D. Bernick, B. Harding and A. Basta re 4/13 hearing preparation |

---

[3] Time for this entry was located in the following project categories - (i) Claims Analysis Objection and Resolution (Asbestos), (ii) Hearings, and (iii) Travel Non-Working.

|            |                    |       |                                                                                                                                                                                                                                                                                                                                                                                                                 |
|------------|--------------------|-------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |                    |       | issues (2.3); prepare list of deliverables re 4/13 hearing matters (.5);.........; further confer with A. Basta re hearing issues (.4); confer with D. Bibbs re preparation of charts re prejudice on appeals (.4); confer with S. Gross re research on various hearing issues (.3); confer with pro se PD claimant and follow up re same (.3);.............; confer with B. Harding re hearing preparation issues (.3);......... |
| 4/11/2007  | Michael A Rosenberg | 5.50  | Prepare various documents for April 13 hearing.                                                                                                                                                                                                                                                                                                                                                                  |
| 4/11/2007  | Amanda C Basta      | 14.50 | ............; prepare for discovery hearing (6.5);                                                                                                                                                                                                                                                                                                                                                               |
| 4/11/2007  | Barbara M Harding   | 12.00 | ................; confer with D. Bernick, J. Baer and A. Basta re hearing preparation and additional conference with J. Baer, A Basta, D. Rooney and L. Mellis re same (.6); review and draft comments re hearing preparation materials (1.5); confer with J. Baer and A. Basta re same (.7).                                                                                                                       |
| 4/12/2007  | Amanda C Basta      | 13.00 | Prepare for discovery hearing.                                                                                                                                                                                                                                                                                                                                                                                   |
| 4/12/2007  | Barbara M Harding   | 14.90 | .................; confer with client, J. Baer and A. Basta re hearing preparation (2.0);.........                                                                                                                                                                                                                                                                                                                |
| 4/12/2007  | Janet S Baer        | 3.00  | Confer with A. Basta and B. Harding and review materials in preparation for hearing on motion to compel and related issues.                                                                                                                                                                                                                                                                                       |
| 4/13/2007  | Janet S Baer        | 4.00  | Prepare for and attend hearing on PI motion to compel and related matters.                                                                                                                                                                                                                                                                                                                                        |
| 4/13/2007  | Michael A Rosenberg | 3.50  | Attend hearing re PI matters.                                                                                                                                                                                                                                                                                                                                                                                    |
| 4/13/2007  | Amanda C Basta      | 9.00  | Prepare for discovery hearing (5.5); attend same (3.5).                                                                                                                                                                                                                                                                                                                                                          |
| 4/13/2007  | Samuel M Gross      | 7.80  | Prepare legal memoranda and other materials for hearing (4.5); attend hearing re asbestos PI issues (3.3).                                                                                                                                                                                                                                                                                                         |
| 4/13/2007  | Barbara M Harding   | 10.30 | Prepare for discovery hearing (5.2); attend hearing re PI issues (3.5);...........                                                                                                                                                                                                                                                                                                                                |

| 4/12/2007 | Janet S Baer | 1.50 | Travel to Pittsburgh, PA for 4/13 hearing on PI issues (billed at half time). |
| 4/12/2007 | Amanda C Basta | 1.50 | Travel to Pittsburgh, PA for discovery hearing (billed at half time). |
| 4/12/2007 | Samuel M Gross | 1.80 | Travel from Chicago, IL to Pittsburgh, PA for asbestos PI hearing (billed at half time). |
| 4/12/2007 | Scott A McMillin | 1.40 | Return travel from expert conference in Washington, DC (billed at half time). |
| 4/13/2007 | Janet S Baer | 2.00 | Travel from Pittsburgh, PA to Chicago, IL after hearing on PI issues (billed at half time). |
| 4/13/2007 | Amanda C Basta | 2.00 | Travel from discovery hearing in Pittsburgh, PA (billed at half time). |
| 4/13/2007 | Samuel M Gross | 2.00 | Travel from Pittsburgh, PA to Chicago, IL (billed at half time). |

3.    On April 11, 2007, six firm members (three Partners, two Associates and one Legal Assistant) attended a conference..  The total time spent including any preparation time was 15.60 hours for a total fee of $6,913.50.

| 4/11/2007 | Amanda C Basta | 14.50 | ............;  confer  with  experts and consultants re navigable database (2.0);.......... |
| 4/11/2007 | Brian T Stansbury | 8.60 | .................;  confer  with experts, S. McMillin, B. Harding  and  T.  Fitzsimmons  re  claims  analysis (1.1);.................. |
| 4/11/2007 | Timothy J Fitzsimmons | 10.00 | ...........; participate in conference with B. Stansbury, S. McMillin and B. Harding re expert development (4.0);........... |
| 4/11/2007 | Elli Leibenstein | 5.00 | ...........; participate in conference re Rust (1.0); confer with consulting experts re claims (1.0);.......... |
| 4/11/2007 | Barbara M Harding | 12.00 | .............; prepare for conference with expert (1.0); confer  with  expert  and  S.  McMillin  re  same (.7);........... |

| 4/11/2007 | Scott A McMillin | 8.80 | Review epidemiology expert report and conferences re same (1.3); prepare for and participate in conferences re expert reports and strategy for estimation trial (3.5);............... |

4.    On April 19, 2007, four firm members (three Partners and one Associate) attended a meeting.  The total time spent including any preparation and non-working travel time was 3.60 hours[4] for a total fee of $1,943.00.

| 4/19/2007 | David E Mendelson | 8.60 | ...........; prepare for and attend conference re Rust and BMC subpoena (.5). |
| 4/19/2007 | Janet S Baer | 4.50 | .............; review BMC materials re PI discovery issue and confer with D. Mendelson and Seattle counsel re same (.6). |
| 4/19/2007 | Amanda C Basta | 7.50 | .............; confer with E. Ahern re response to motion to quash (.5);........... |
| 4/19/2007 | Ellen T Ahern | 6.20 | ...............; follow up on non-party discovery issues re Dr. Harron (.5);........... |
| 4/18/2007 | David E Mendelson | 1.50 | Travel to Philadelphia (billed at half time). |

5.    On April 24, 2007, four firm members (one Partner, two Associates and one Legal Assistant) attended a conference.  The total time spent including any preparation time was 5.30 hours for a total fee of $2,255.50.

| 4/24/2007 | Daniel T Rooney | 7.30 | ...........;  confer  with   A. Basta re analysis of supplemental B-read production (1.0). |
| 4/24/2007 | Elli Leibenstein | 6.00 | Participate in team conference re project status (1.0);....... |
| 4/24/2007 | Amanda C Basta | 5.80 | .............; confer with team re strategy (1.5); confer with D. Rooney re hearing preparation (.3); confer with consultants re hearing preparation (.5). |
| 4/24/2007 | Brian T Stansbury | 8.90 | ...................; confer with D. Bernick, B. Harding, E. Leibenstein, A. Basta, S. McMillin and D. Rooney re |

---

[4] Time for this entry was located in the following project categories - (i) Claims Analysis Objection and Resolution (Asbestos) and (ii) Travel Non-Working.

use of B-reads (1.0);.................

6.      On April 24, 2007, four firm members (three Partners and one Associate) attended a conference.  The total time spent including any preparation time was 8.60 hours for a total fee of $4,663.50.

| 4/24/2007 | Brian T Stansbury | 8.90 | Confer with B. Harding, S. McMillin, E. Ahern and two experts re product identification (1.1);.......... |
| 4/24/2007 | Ellen T Ahern | 6.50 | ..................;  participate in conference re exposure experts (1.0); prepare for conference with expert (.5);............ |
| 4/24/2007 | Elli Leibenstein | 6.00 | ...............;  prepare  for  and  participate in team conference re expert issues (1.5);......... |
| 4/24/2007 | Barbara M Harding | 9.60 | Review  documents  and prepare for conference re exposure issues (1.9); confer with consultants re same (1.0);........... |
| 4/24/2007 | Scott A McMillin | 5.20 | ...........; prepare for conference with epidemiologist re expert report (.4);  prepare  for  and  participate  in conference re product composition and exposure issues (1.2);............ |

7.      On April 27, 2007, four firm members (all Partners) attended a conference.  The total time spent including any preparation time was 4.50 hours for a total fee of $2,410.00.

| 4/27/2007 | David E Mendelson | 6.30 | .............; review document responses and confer with staff and client re same (2.2);.......... |
| 4/27/2007 | Elli Leibenstein | 2.50 | ...........; participate in conference re BMC subpoena and analyze same (1.0). |
| 4/27/2007 | Barbara M Harding | 3.70 | ...............; confer with FCR and ACC (.7);......... |
| 4/27/2007 | Andrew R Running | 3.10 | Participate  in  conference with B. Harding, D. Mendelson and R. Mullady re FCR document requests (.6);............. |

8.      On April 30, 2007, six firm members (one Partner, three Associates, and one Legal Assistant) attended a conference.  The total time spent including any preparation time was 7.70 hours

for a total fee of $3,572.50.

| 4/30/2007 | Korin K Ewing | 3.20 | ...........; participate in conference re preparation for upcoming hearing and status of ongoing efforts (1.2). |
| 4/30/2007 | Janet S Baer | 6.30 | ..............; attend Grace team conference re preparation for 5/2 hearing (1.5);........... |
| 4/30/2007 | Daniel T Rooney | 7.30 | .............; confer with Grace team re 5/2 hearing (1.3);........... |
| 4/30/2007 | Samuel Blatnick | 2.60 | ...........; conference with K&E team re same (1.1);.......... |
| 4/30/2007 | Amanda C Basta | 6.60 | .............; participate in team conference re hearing preparation (1.5);........... |
| 4/30/2007 | Brian T Stansbury | 7.30 | ..............; confer with D. Bernick. S. McMillin, J. Baer, B. Harding, E. Ahern, D. Mendelson, A. Basta and J. Baer re hearing preparation (1.1);......... |

9.    On April 26, 2007, eight firm members (five Partners and two Associates) attended a conference.  The total time spent including any preparation time was 13.80 hours for a total fee of $7,267.00.

| 4/26/2007 | Tyler D Mace | 7.20 | ...............; joint defense conference re appeal and trial preparation (2.4);........... |
| 4/26/2007 | Christopher C Chiou | 2.10 | Confer with joint defense counsel re trial preparation and appellate proceedings (1.7); prepare for same (.2); confer with K&E team re same (.2). |
| 4/26/2007 | Peter A Farrell | 2.10 | Participate in conference with L. Urgenson, M. Grummer, C. Landau, T. Mace and joint defense re status of appeal and joint defense preparation. |
| 4/26/2007 | Mark E Grummer | 1.40 | Attend conference with joint defense counsel. |
| 4/26/2007 | Renee D Smith | 1.40 | Participate in joint defense conference re trial preparation and appeals issues. |
| 4/26/2007 | Christopher Landau, P.C. | 1.50 | Conference with joint defense group re oral argument (1.0); review materials re potential motion to strike |

Government documents (.5).

| 4/26/2007 | Scott A McMillin | 1.00 | Participate in joint defense conference re appeal and trial preparation. |
| 4/26/2007 | Laurence A Urgenson | 1.90 | Confer with joint defense group re case status and strategy. |

10.    On May 2, 2007, nine firm members (six Partners, two Associates and one Legal Assistant) attended a hearing. The total time spent including any preparation and non-working travel time was 98.40 hours[5] for a total fee of $44,390.00.

| 5/1/2007 | David E Mendelson | 6.50 | Prepare for hearing and respond to discovery and discovery correspondence. |
| 5/1/2007 | Janet S Baer | 10.00 | ...........; review, analyze and organize materials for 5/2 hearing on numerous PI matters (1.5);......... |
| 5/1/2007 | Laura E Mellis | 12.00 | Compile and analyze documents for hearing (8.5);........... |
| 5/1/2007 | Lisa G Esayian | 4.00 | Draft correspondence to D. Bernick re PD issues for May 2 hearing (.5);............ |
| 5/1/2007 | Scott A McMillin | 12.00 | ............; prepare for hearing on motions to compel x-ray production and pre-petition estimates production and conferences re same (2.8); conferences re preparation of expert reports and strategy for estimation trial (1.5); confer with client re same (.4). |
| 5/2/2007 | Barbara M Harding | 12.40 | .............; correspond with E. Leibenstein, A. Basta and J. Baer re hearing preparation and results (.8); participate in telephonic hearing (1.5);........... |
| 5/2/2007 | Scott A McMillin | 3.70 | Conferences re preparation of estimation reports and estimation trial strategy (1.4);.........; confer with client re preparation for estimation trial and strategy (.8);........... |

[5] Time for this entry was located in the following project categories - (i) Claims Analysis Objection and Resolution (Asbestos), (ii) Hearings, and (iii) Travel Non-Working.

| 5/1/2007 | Janet S Baer | 1.50 | Review and organize materials in preparation for 5/2 hearing. |
| 5/2/2007 | David E Mendelson | 6.50 | Prepare for and attend hearing. |
| 5/2/2007 | Janet S Baer | 9.30 | Review BNSF materials and other matters in preparation for 5/2 hearing (5.0); attend and participate in 5/2 hearing (4.3). |
| 5/2/2007 | Lori Sinanyan | 1.90 | Telephonically attend (part) Grace omnibus hearing. |
| 5/2/2007 | Samuel Blatnick | 4.00 | Participate in hearing telephonically. |
| 5/2/2007 | Laura E Mellis | 10.00 | Prepare for hearing (5.0); attend same to assist attorneys and manage documents during hearing (5.0). |
| 5/2/2007 | Samuel M Gross | 8.20 | Perform legal research re issues contested at 5/2 hearing (2.8); prepare hearing materials re same (1.1); attend omnibus hearing and advise conducting attorneys re legal issues at same (4.3). |
| 5/2/2007 | Lisa G Esayian | 3.50 | Confer with J. Baer re issues for today's hearing (.3); participate telephonically in portion of omnibus hearing re PD issues (2.7);.......... |
| 5/2/2007 | Scott A McMillin | 9.80 | Prepare for and participate in omnibus hearing. |
| 5/1/2007 | Samuel M Gross | 3.30 | Travel to Pittsburgh, PA for omnibus hearing (billed at half time). |
| 5/1/2007 | Scott A McMillin | 1.00 | Travel to Washington, DC for conference with experts (billed at half time). |
| 5/2/2007 | David E Mendelson | 1.50 | Travel to and from Washington, DC to Pittsburgh, PA for hearing (billed at half time). |
| 5/2/2007 | Janet S Baer | 3.50 | Travel to Pittsburgh, PA for omnibus hearing (1.7) (billed at half time); return travel from Pittsburgh, PA to Chicago, IL after hearing (1.8) (billed at half time). |
| 5/2/2007 | Samuel M Gross | 2.00 | Return travel from Pittsburgh, PA to Chicago, IL after omnibus hearing (billed at half time). |

| 5/2/2007 | Laura E Mellis | 4.40 | Travel to and from Pittsburgh, PA for hearing (billed at half time). |
| 5/2/2007 | Elli Leibenstein | 1.00 | Travel to conference with expert (billed at half time). |
| 5/2/2007 | Scott A McMillin | 2.30 | Travel to and from Pittsburgh, PA for omnibus hearing (billed at half time). |

11.    On May 1, 2007, five firm members (three Partners, one Associate and one Legal Assistant) attended a conference.  The total time spent including any preparation time was 24.70 hours for a total fee of $12,515.00.

| 5/1/2007 | Timothy J Fitzsimmons | 12.00 | ...........; attend conference re experts with E. Ahern and S. McMillin (2.5);............ |
| 5/1/2007 | Evan C Zoldan | 1.00 | Review materials in advance of conference with expert (.5); confer with expert re data for report and revisions to report (.5). |
| 5/1/2007 | Ellen T Ahern | 9.00 | Prepare for and attend conference with expert in Washington (6.5);...........; review and analyze supplemental materials for conference with expert (1.5);......... |
| 5/1/2007 | Barbara M Harding | 9.90 | Review and analyze documents re preparation for conference with expert and consultants (1.2); confer with experts, consultants, S. McMillin, E. Ahern and client (6.7);.......... |
| 5/1/2007 | Scott A McMillin | 12.00 | ............; prepare for and attend conference with industrial hygiene and risk assessment experts (5.3);........... |

12.    On May 3, 2007, eight firm members (five Partners, two Associates and one Legal Assistant) attended a conference.  The total time spent including any preparation and non-working travel time was 42.80 hours[6] for a total fee of $22,812.50.

| 5/3/2007 | Amanda C Basta | 6.70 | Confer with client and K&E team re status and strategy (5.0); confer with client and consultant re expert report (1.0);.......... |

---

[6] Time for this entry was located in the following project categories - (i) Claim Analysis Objection & Resolution (Asbestos) and (ii) Travel Non-Working

| 5/3/2007 | Timothy J Fitzsimmons | 9.50 | Attend conference re exposure and risk with D. Bernick, E. Leibenstein, B. Harding, S. McMillin, A. Basta, E. Zoldan and client (4.0);.......... |
|---|---|---|---|
| 5/3/2007 | Evan C Zoldan | 7.30 | .............; confer with team re expert reports (1.3); revise draft of expert report (1.7);...... |
| 5/3/2007 | Ellen T Ahern | 9.00 | Prepare for and attend conference with expert (8.5);... |
| 5/3/2007 | Theodore L Freedman | 6.50 | Attend conference in Washington, DC re estimation. |
| 5/3/2007 | Elli Leibenstein | 9.00 | ..........; participate in team conference re estimation (4.0);.......... |
| 5/3/2007 | Barbara M Harding | 9.30 | Review documents, prepare slides and preparation for conference with D. Bernick and PI team re expert preparation (3.3); confer with D. Bernick, E. Leibenstein, S. McMillin, T. Freedman, A. Basta, T. Fitzsimmons and client re expert preparation (3.0);............. |
| 5/3/2007 | Scott A McMillin | 6.50 | Prepare for and participate in team strategy conference re preparation for estimation trial (3.5);.......... |
| 5/3/2007 | Scott A McMillin | 1.00 | Return travel from strategy conference in Washington, DC (billed at half time). |

13.    On May 8, 2007, four firm members (three Partners and one Associate) attended a conference.  The total time spent including any preparation time was 23.20 hours for a total fee of $12,502.50.

| 5/8/2007 | Brian T Stansbury | 2.00 | Confer with experts, S. McMillin, B. Harding and E. Ahern re exposure analysis. |
|---|---|---|---|
| 5/8/2007 | Ellen T Ahern | 13.00 | ..........; attend exposure expert conference with expert (5.5);.......... |
| 5/8/2007 | Barbara M Harding | 9.90 | Review draft reports and graphics and tables re preparation for conference with experts (2.4); confer with S. McMillin, E. Ahern, consultants and experts (6.5);............ |
| 5/8/2007 | Scott A McMillin | 10.30 | ..........; prepare for and confer with industrial hygiene |

and risk assessment experts re draft reports (6.8);.........

14.    On May 17, 2007, seven firm members (five Partners and two Associates) attended a conference.  The total time spent including any preparation time was 21.90 hours for a total fee of $11,161.00.

| | | | |
|---|---|---|---|
| 5/17/2007 | David E Mendelson | 4.20 | Prepare for and attend conference with BMC. |
| 5/17/2007 | Brian T Stansbury | 8.10 | Confer with expert and E. Ahern re screening companies and doctors and lawyers involved in enterprises (5.0);............ |
| 5/17/2007 | Evan C Zoldan | 1.50 | Confer with expert re further research and revisions to report (.8);.............. |
| 5/17/2007 | Ellen T Ahern | 9.50 | ..........; prepare for and participate in conference with expert (8.5). |
| 5/17/2007 | Elli Leibenstein | 2.00 | Conference with consulting experts re claims issues (1.5);......... |
| 5/17/2007 | Barbara M Harding | 5.90 | .............; conference with expert and S. McMillin re same (1.0);........... |
| 5/17/2007 | Scott A McMillin | 5.80 | ..........; prepare for and participate in conference with epidemiologist re mesothelioma risk (.9);........... |

15.    On May 21 2007, seven firm members (five Partners, one Associate and one Legal Assistant) attended a hearing.  The total time spent including any preparation and non-working travel time was 50.60 hours[7] for a total fee of $30,155.00.

| | | | |
|---|---|---|---|
| 5/17/2007 | Lisa G Esayian | 2.00 | ..............; review portions of Anderson Memorial South Carolina class certification hearing transcript in preparation for upcoming class certification hearing (1.2). |
| 5/18/2007 | Janet S Baer | 5.90 | ..............; review 5/8 transcript for information needed for hearing on PI matters on 5/21 (.5);........... |

---

[7] Time for this entry was located in the following project categories - (i) Claims Analysis Objection and Resolution (Asbestos), (ii) Hearings, and (iii) Travel Non-Working.

| 5/21/2007 | Janet S Baer | 4.00 | Review materials in preparation for omnibus hearing (1.0); confer with D. Bernick and prepare materials for omnibus hearing (3.0). |
| 5/21/2007 | Michael A Rosenberg | 9.00 | Prepare for May 21 hearing (4.0); attend hearing (5.0). |
| 5/21/2007 | Ellen T Ahern | 10.00 | ...........; participate in court hearing (5.0);......... |
| 5/21/2007 | Lisa G Esayian | 4.00 | ...........; participate in portion of omnibus hearing (3.5). |
| 5/21/2007 | Theodore L Freedman | 5.00 | Participate in Grace omnibus hearing. |
| 5/15/2007 | Janet S Baer | 1.20 | Confer with D. Bernick re preparation for 5/21 hearing (.3); prepare transmittal re same (.3); confer with B. Portillo re same (.3); respond to inquiries re hearing matters (.3). |
| 5/18/2007 | Janet S Baer | 3.80 | Confer with Grace team re 5/21 hearing preparation (.5); review and organize materials for 5/21 hearing (2.5); review opponents slides, assemble Grace slides and circulate same to committees for hearing (.8). |
| 5/20/2007 | Janet S Baer | 3.50 | Review materials in preparation for 5/21 omnibus. |
| 5/21/2007 | Janet S Baer | 5.30 | Attend May omnibus hearing. |
| 5/21/2007 | Lori Sinanyan | 3.30 | Attend hearing telephonically (part) re BNSF matters. |
| 5/21/2007 | Samuel Blatnick | 1.50 | Participate in part of Grace hearing telephonically re PD issues. |
| 5/21/2007 | Janet S Baer | 3.80 | Travel to Wilmington, DE for omnibus hearing (1.8) (billed at half time); return travel from Wilmington, DE to Chicago, IL after omnibus hearing (2.0) (billed at half time). |

16.    On May 18, 2007, eight firm members (seven Partners and two Associates) attended a conference. The total time spent including any preparation time was 15.80 hours for a total fee of $8,769.00.

| 5/18/2007 | Janet S Baer | 5.90 | .................; numerous conferences re PI matters, discovery and 5/21 hearing issues (.8);........... |

| | | | |
|---|---|---|---|
| 5/18/2007 | Evan C Zoldan | 1.00 | Confer with expert re expert reports and review materials re same. |
| 5/18/2007 | Ellen T Ahern | 4.50 | Participate in conference re May 21 hearing (1.0);.......... |
| 5/18/2007 | Lisa G Esayian | 3.00 | Team conference with D. Bernick re issues for 5/21/07 hearing (1.5);............ |
| 5/18/2007 | Renee D Smith | 11.50 | Prepare for and participate in conference with D. Bernick and others re expert issues (5.0);........... |
| 5/18/2007 | Elli Leibenstein | 5.00 | ...........; conference with consulting experts re estimation issues (1.0). |
| 5/18/2007 | Barbara M Harding | 8.80 | Prepare for conference with D. Bernick re expert development (.6); confer with D. Bernick, J. Baer, R. Smith and S. McMillin re hearing preparation (.5);............... |
| 5/18/2007 | Scott A McMillin | 6.90 | ...........; prepare for and participate in strategy conference re expert reports and estimation trial (4.4);........... |

17.    On May 29, 2007, five firm members (four Partners and one Associate) attended a conference.  The total time spent including any preparation time was 6.20 hours for a total fee of $3,302.50.

| | | | |
|---|---|---|---|
| 5/29/2007 | Evan C Zoldan | 0.80 | Confer with expert re filing of expert reports and review expert reports. |
| 5/29/2007 | Ellen T Ahern | 6.40 | .........; participate in conference re B. Anderson report (1.2);........... |
| 5/29/2007 | Elli Leibenstein | 2.50 | .......; conference with consulting experts re claims (.5);.......... |
| 5/29/2007 | Barbara M Harding | 5.80 | Prepare for conference with consultants re preparation of expert reports (1.7); conference with consultants re same (.5);........... |

| 5/29/2007 | Scott A McMillin | 5.50 | Prepare for and participate in conference with risk assessment expert re report (.8);................; prepare for and attend conference with fiber expert re report (.7);........... |

18.     On May 30, 2007, four firm members (three Partners and one Associate) attended a hearing.  The total time spent including any preparation time was 11.30 hours for a total fee of $7,441.50.

| 5/30/2007 | Janet S Baer | 6.60 | Participate (telephonically) in court hearing on PD matters (3.3);............... |

| 5/30/2007 | Michael Dierkes | 2.00 | Telephonic attendance at hearing re Anderson Memorial. |

| 5/30/2007 | Lisa G Esayian | 4.00 | Participate in telephonic court hearing re Anderson Memorial and various PD issues and review and reply to correspondence from D. Bernick (3.5);......... |

| 5/30/2007 | Theodore L Freedman | 4.50 | ...............; prepare for and participate in hearing (2.5). |

19.     On May 3, 2007, four firm members (one Partners and three Associates) attended a conference.  The total time spent including any preparation time was 3.40 hours for a total fee of $1,355.00.

| 5/3/2007 | Tyler D Mace | 8.80 | ...........; conference with defense counsel re appellate argument and opening statement project (1.0);........... |

| 5/3/2007 | Christopher C Chiou | 1.10 | ..........; conference with joint defense counsel (.6); prepare for same (.2). |

| 5/3/2007 | Peter A Farrell | 2.10 | Participate in joint defense conference re status of opening statement preparation and other issues (.8);............. |

| 5/3/2007 | Scott A McMillin | 0.80 | Participate in joint defense conference. |

20.     On May 29 and 30, 2007, twelve firm members (six Partners, one Of Counsel and six Associates) participated in moot court.  The total time spent including any preparation and

non-working travel time was 64.50 hours[8] for a total fee of $37,157.50.

| | | | |
|---|---|---|---|
| 5/22/2007 | Gregory L Skidmore | 1.00 | Prepare for moot court for 9th Circuit appeal. |
| 5/26/2007 | Scott A McMillin | 0.20 | Conferences re preparing for criminal appeal argument. |
| 5/26/2007 | Edward W Warren, P.C. | 3.00 | Review and analyze briefs in preparation for moot court. |
| 5/27/2007 | Edward W Warren, P.C. | 3.00 | Review and analyze briefs in preparation for moot court. |
| 5/28/2007 | Patrick F Philbin | 2.00 | Prepare for moot court for C. Landau. |
| 5/29/2007 | Michael D Shumsky | 2.70 | Participate in moot court for upcoming 9th Circuit argument. |
| 5/29/2007 | Peter A Farrell | 1.80 | Participate in telephone conference re moot 9th Circuit oral argument. |
| 5/29/2007 | Christopher Landau, P.C. | 7.20 | Prepare for and participate in moot court in preparation for oral argument. |
| 5/29/2007 | Barbara M Harding | 5.10 | Prepare for moot court re appellate issues and participate in moot court re same (3.5); review documents and memoranda re same (1.3);............ |
| 5/29/2007 | Scott A McMillin | 2.00 | Participate in moot court for appellate argument (1.0); conference with K. Coggon re preparing criminal case for trial (.5);........... |
| 5/29/2007 | Patrick F Philbin | 3.30 | Prepare for and participate in moot court for C. Landau. |
| 5/29/2007 | Edward W Warren, P.C. | 4.00 | ...........; attend moot court for C. Landau (2.7); conference with C. Landau re same (.3);........... |
| 5/31/2007 | Tyler D Mace | 4.00 | Participate in moot court argument of 9th Circuit appeal (1.5);.......... |

[8] Time for this entry was located in the following project categories - (i) Montana Grand Jury Investigation and (ii) Criminal Travel Matter, No Third Parties.

| 5/31/2007 | John R Phillips, III | 5.50 | Prepare for and participate in moot oral argument by C. Landau. |
| 5/31/2007 | Brian T Stansbury | 2.00 | Participate in moot court with C. Landau, S. McMillin and other members of joint defense. |
| 5/31/2007 | Peter A Farrell | 1.60 | Participate in conference re 9th Circuit moot oral argument (1.2);........... |
| 5/31/2007 | Gregory L Skidmore | 4.20 | Prepare for and attend moot court with C. Landau for upcoming 9th Circuit oral argument. |
| 5/31/2007 | Christopher Landau, P.C. | 7.50 | Prepare for and participate in moot court to prepare for oral argument (6.0);........... |
| 5/31/2007 | Barbara M Harding | 4.10 | Prepare for and participate in criminal moot court (3.3);........ |
| 5/31/2007 | Scott A McMillin | 5.70 | Review pleadings, orders and transcripts to prepare for moot court (1.0); participate in moot court of appellate argument (2.8);.......... |
| 5/31/2007 | Laurence A Urgenson | 2.50 | Prepare for and attend moot court of C. Landau re 9th Circuit argument (1.7);.......... |
| 5/31/2007 | Scott A McMillin | 1.80 | Travel to and from DC for moot court for criminal appeal (billed at half time). |

21.    On May 31, 2007, four firm members (one Partner and three Associates) attended a conference.  The total time spent including any preparation time was 1.80 hours for a total fee of $732.50.

| 5/31/2007 | Tyler D Mace | 4.00 | ...........; attend joint defense conference (.5). |
| 5/31/2007 | Christopher C Chiou | 0.60 | Conference with joint defense counsel re 9th Circuit oral argument (.4);......... |
| 5/31/2007 | Peter A Farrell | 1.60 | ............;  participate  in joint defense conference re status and next steps (.4). |
| 5/31/2007 | Scott A McMillin | 5.70 | .........; participate in joint defense conference (.5). |

22.    On June 19, 2007, four firm members (three Partners and one Legal Assistant) attended a conference.  The total time spent including any preparation time was 24.70 hours for a total fee of $11,795.00.

| | | | |
|---|---|---|---|
| 6/19/2007 | Timothy J Fitzsimmons | 7.50 | .............; participate in conference re exposure with S. McMillin, E. Ahern, B. Harding and consulting experts (5.0);........... |
| 6/19/2007 | Ellen T Ahern | 11.50 | Prepare for and participate in review of mesothelioma claimants' exposure history with consultants (8.0);.............. |
| 6/19/2007 | Barbara M Harding | 6.60 | .............; prepare for conference with consultants re claims analysis (1.3); confer with consultants, S. McMillin, E. Ahern and T. Fitzsimmons re same (2.0);.................. |
| 6/19/2007 | Scott A McMillin | 12.80 | Review claimants' expert reports and prepare for conferences with experts re rebuttal reports (1.6); prepare for and participate in review of mesothelioma claims files (6.8);............. |

23.    On June 20, 2007, four firm members (three Partners and one Legal Assistant) attended a conference.  The total time spent including any preparation time was 16.80 hours for a total fee of $7,997.50.

| | | | |
|---|---|---|---|
| 6/20/2007 | Timothy J Fitzsimmons | 9.50 | Participate in conference re exposure with S. McMillin and E. Ahern (3.5);........... |
| 6/20/2007 | Ellen T Ahern | 10.00 | ...........; participate in conference with consultants re review of mesothelioma claimants' exposure history (3.5);............... |
| 6/20/2007 | Barbara M Harding | 8.60 | Prepare for conference with consultants and S. McMillin, T. Fitzsimmons and E. Ahern (1.7); confer with same re expert preparation (3.3);............ |
| 6/20/2007 | Scott A McMillin | 7.80 | Prepare for and participate in review of mesothelioma claims (2.3);............;; prepare for and participate in conference with risk assessment team re supplemental report (2.5);............. |

24.    On June 25 and 26, 2007, ten firm members (six Partners, three Associates and one

Legal Assistant) attended hearings.  The total time spent including any preparation and non-working travel time was 96.50 hours[9] for a total fee of $60,767.50.

| 6/25/2007 | David E Mendelson | 8.50 | Prepare materials for hearing and attend hearing by phone (3.2);........... |
| 6/25/2007 | David M Bernick, P.C. | 11.00 | Prepare for and attend omnibus hearing. |
| 6/25/2007 | Lisa G Esayian | 5.00 | ...........; participate in portion of 6/25/07 hearing re PD issues (3.0). |
| 6/26/2007 | Korin K Ewing | 4.70 | Participate in discovery hearing (telephonically) (3.0); confer with R. Smith, A. Basta, T. Langenkamp and L. Mellis re same (.8);......... |
| 6/26/2007 | David E Mendelson | 7.30 | Prepare materials for hearing and attend hearing by phone (2.8);.............. |
| 6/26/2007 | Michael A Rosenberg | 5.50 | Review and analyze various document for hearing (2.5); attend hearing (3.0). |
| 6/26/2007 | Amanda C Basta | 5.50 | Prepare for discovery hearing (1.5); attend discovery hearing as senior associate responsible for fact development (4.0). |
| 6/26/2007 | Ellen T Ahern | 8.00 | Participate in telephonic hearing on third-party discovery issues (4.0);............ |
| 6/26/2007 | David M Bernick, P.C. | 10.00 | Prepare for and attend omnibus hearing. |
| 6/26/2007 | Renee D Smith | 8.50 | Participate in telephonic hearing re motions for protective orders re law firm deposition notices and correspond with attorneys re same (4.0);........... |
| 6/18/2007 | Janet S Baer | 0.70 | Review 6/25 agenda and prepare comments re same (.4);........... |
| 6/19/2007 | Janet S Baer | 2.10 | Review 6/25 and 6/26 hearing agendas and revise same (.4); confer with legal assistant to prepare materials for hearing (.3);........... |

---

[9] Time for this entry was located in the following project categories - (i) Claims Analysis Objection & Resolution (Asbestos), (ii) Hearings, and (iii) Travel Non-working.

| 6/20/2007 | Janet S Baer | 1.30 | Review various materials for 6/25 and 6/26 hearings (.8); respond to inquiries re same (.5). |
|-----------|--------------|------|-----------|
| 6/24/2007 | Janet S Baer | 2.30 | Review correspondence from D. Bernick and prepare/direct follow-up re same (2.0); review hearing agendas (.3). |
| 6/25/2007 | Janet S Baer | 12.20 | ..............; review materials re interrogatories and attorney discovery in preparation for 6/26 hearing (2.0); prepare for 6/25 hearing (2.0); attend 6/25 hearing (4.5);...........; confer and prepare materials for 6/26 hearing (3.0) |
| 6/26/2007 | Janet S Baer | 7.60 | Prepare for 6/26 hearing (2.0); attend 6/26 hearing (4.0);.............. |
| 6/26/2007 | Samuel Blatnick | 4.00 | Attend hearing re law firm discovery. |
| 6/24/2007 | Janet S Baer | 1.80 | Travel from Washington, DC to Pittsburgh, PA for 6/25 and 6/26 hearings (billed at half time). |
| 6/25/2007 | Samuel Blatnick | 2.50 | Travel to Pittsburgh, PA for 6/26/07 hearing (billed at half time). |
| 6/25/2007 | Amanda C Basta | 1.70 | Travel to Pittsburgh, PA for discovery hearing (billed at half time). |
| 6/26/2007 | Janet S Baer | 2.00 | Return travel from Pittsburgh, PA to Chicago, IL after 6/25 and 6/26 hearings (billed at half time). |
| 6/26/2007 | Samuel Blatnick | 3.50 | Travel from Pittsburgh, PA to Chicago, IL (billed at half time). |
| 6/26/2007 | Amanda C Basta | 2.00 | Return from Pittsburgh, PA (billed at half time). |

25.    On June 4, 2007, four firm members (three Partners and one Associate) attended a hearing. The total time spent including any preparation and non-working travel time was 58.20 hours[10] for a total fee of $38,629.00.

| 6/1/2007 | Christopher Landau, P.C. | 3.00 | Prepare for Ninth Circuit argument. |
|----------|--------------------------|------|-----------|

---

[10] Time for this entry was located in the following project categories - (i) Montana Grand Jury Investigation and (ii) Criminal Travel Matter, No Third Parties.

| 6/3/2007 | Christopher Landau, P.C. | 3.50 | Conferences with team re Ninth Circuit oral argument. |
|---|---|---|---|
| 6/3/2007 | Laurence A Urgenson | 3.50 | Review draft opening statements outlines for all defendants and prepare comments re same (1.5); confer with C. Landau and T. Mace re 9th Circuit appeal (2.0) |
| 6/4/2007 | Tyler D Mace | 11.50 | Attend hearing and joint defense conference. |
| 6/4/2007 | Walter R Lancaster | 8.00 | Attend joint counsel conference in Seattle, WA. |
| 6/4/2007 | Christopher Landau, P.C. | 9.00 | Prepare for and present oral argument in Ninth Circuit (7.5); follow up with team (1.5). |
| 6/4/2007 | Laurence A Urgenson | 8.00 | Attend argument in 9th Circuit (2.0); attend joint defense conference re case status and strategy (4.3); further conference with A. Calfo, W. Lancaster, T. Mace, A. Sheldon and D. Sindrich (1.7). |
| 6/3/2007 | Christopher Landau, P.C. | 2.00 | Travel to Seattle, WA for Ninth Circuit oral argument (billed at half time). |
| 6/3/2007 | Laurence A Urgenson | 1.50 | Travel to appeal preparation conference in Seattle, WA (billed at half time). |
| 6/5/2007 | Tyler D Mace | 5.20 | Return travel from hearing in Seattle, WA to Washington, DC (billed at half time). |
| 6/5/2007 | Christopher Landau, P.C. | 3.00 | Return travel from Ninth Circuit oral argument in Seattle, WA to Washington, DC (billed at half time). |

26.    On June 14, 2007, seven firm members (four Partners and three Associates) attended a conference. The total time spent including any preparation and non-working travel time was 14.40 hours[11] for a total fee of $6,573.50.

---

[11] Time for this entry was located in the following project categories - (i) Montana Grand Jury Investigation and (ii) Criminal Travel Matter, No Third Parties.

| | | | |
|---|---|---|---|
| 6/14/2007 | Tyler D Mace | 4.30 | ............; conference with client, L. Urgenson, B. Harding and D. Bernick (.6); prepare for joint defense conferences (1.1); conference with A. Calfo and W. Lancaster re case (.6); conference with counsel re case status (.6);........... |
| 6/14/2007 | Christopher C Chiou | 0.50 | Confer with joint defense counsel (.3);............. |
| 6/14/2007 | Peter A Farrell | 4.90 | Participate in conference with joint defense re status and next steps (.6);.......... |
| 6/14/2007 | David M Bernick, P.C. | 0.80 | Conduct telephone conference re Montana case. |
| 6/14/2007 | Barbara M Harding | 1.00 | Conference with L. Urgenson and T. Mace re trial strategy (.5); conference with client, D. Bernick, L. Urgenson and T. Mace re same (.5). |
| 6/14/2007 | Scott A McMillin | 0.70 | Participate in joint defense conference. |
| 6/14/2007 | Laurence A Urgenson | 3.80 | Review research memoranda re legal issues (1.5); prepare for conference with client and confer with T. Mace re same (.5); conference with M. Shelnitz, D. Bernick, R. Sentfleben, B. Harding and T. Mace re same (.8);............... |
| 6/14/2007 | Tyler D Mace | 4.80 | Travel to Atlanta, GA to confer with jury consultant (billed at half time). |
| 6/15/2007 | Tyler D Mace | 2.50 | Return travel from jury consultant conference (billed at half time). |

27.   On June 22, 2007, five firm members (two Partners and three Associates) attended a conference. The total time spent including any preparation time was 2.80 hours for a total fee of $1,275.00.

| | | | |
|---|---|---|---|
| 6/21/2007 | Tyler D Mace | 2.90 | ...........;   conference with joint defense counsel (.6);............ |
| 6/21/2007 | Christopher C Chiou | 0.60 | Conference with joint defense counsel. |
| 6/21/2007 | Peter A Farrell | 6.40 | ...........; participate in conference with joint defense re preparation for joint defense conferences and status (.6);.............. |

| 6/21/2007 | Scott A McMillin | 0.60 | Prepare for and participate in joint defense conference. |
| 6/21/2007 | Laurence A Urgenson | 0.40 | Conference with joint defense group re case status and strategy. |

28.     From June 25 to June 29, 2007, eight firm members (four Partners and four Associate) attended a joint defense conference.  The total time spent including any preparation and non-working travel time was 186.50 hours[12] for a total fee of $99,352.00.

| 6/24/2007 | Tyler D Mace | 10.00 | .............; assist jury consultant in preparation for joint defense conferences (2.0); confer with client re upcoming joint defense conference. (1.5) |
| 6/24/2007 | Scott A McMillin | 0.20 | Prepare for joint defense conferences. |
| 6/25/2007 | Tyler D Mace | 9.00 | Prepare for and coordinate joint defense conference. |
| 6/25/2007 | Brian T Stansbury | 1.00 | Attend joint defense conference. |
| 6/25/2007 | Peter A Farrell | 9.90 | ...........; participate in joint defense conference re opening statement preparation and case status (8.8). |
| 6/25/2007 | Walter R Lancaster | 9.50 | Prepare for and attend joint defense counsel conference in Washington, DC. |
| 6/25/2007 | Scott A McMillin | 3.00 | Prepare for and participate in joint defense meetings re opening statement (2.5);........... |
| 6/25/2007 | Laurence A Urgenson | 9.30 | ................; conference with JDA group and jury consultants re trial preparation and related document review (8.4). |
| 6/26/2007 | Tyler D Mace | 16.50 | Coordinate and attend joint defense conference (10.0); attend workshop with jury consultant and client re opening statement project (2.0); prepare cross-examination materials for presentation to joint defense (4.5). |

---

[12] Time for this entry was located in the following project categories - (i) Montana Grand Jury Investigation and (ii) Criminal Travel Matter, No Third Parties.

| | | | |
|---|---|---|---|
| 6/26/2007 | Peter A Farrell | 14.50 | Participate in joint defense conferences re case status and strategy (8.4); confer with R. Sentfleben, A. Sheldon, D. Sinrich, D. Sinrich, A. Calfo, L. Urgenson, W. Lancaster and T. Mace re preparation of opening statement (1.8); review and revise memorandum and confer with T. Mace re preparation of cross-examination outline (4.3). |
| 6/26/2007 | Walter R Lancaster | 8.50 | Prepare for and attend joint defense counsel conference in Washington, DC. |
| 6/26/2007 | Scott A McMillin | 9.70 | Prepare for and participate in joint defense conferences (7.0); work on science presentation materials for joint defense team and conferences with K&E team re same (2.7). |
| 6/26/2007 | Laurence A Urgenson | 9.80 | Review case documents and continue work on witness examinations (.8); confer with JDA group and jury consultants re trial preparation and related document review (8.5); confer with jury consultants re status (.5). |
| 6/27/2007 | Tyler D Mace | 11.70 | Coordinate and attend joint defense conference. |
| 6/27/2007 | Brian T Stansbury | 3.50 | Prepare for and participate in science presentation at joint defense conference. |
| 6/27/2007 | Peter A Farrell | 11.60 | Review and revise memorandum and confer with T. Mace re preparation of cross-examination outline (2.7); participate in joint defense conference re preparation of cross-examination outlines and strategy (8.3);............ |
| 6/27/2007 | Walter R Lancaster | 9.00 | Prepare for and attend joint defense counsel conference in Washington, DC. |
| 6/27/2007 | Barbara M Harding | 5.80 | Prepare for conference with criminal team re scientific expert issues (2.5); confer with criminal team re same (3.3). |
| 6/27/2007 | Scott A McMillin | 6.20 | Prepare for and participate in joint defense conference (5.7); confer with team re trial preparation (.5). |

| | | | |
|---|---|---|---|
| 6/27/2007 | Laurence A Urgenson | 8.50 | Conference with JDA group and jury consultants re trial preparation and related document review and further conference with S. Jonas and H. Shapiro (8.0); ...................... |
| 6/28/2007 | Tyler D Mace | 10.50 | Coordinate and attend joint defense conference. |
| 6/28/2007 | Peter A Farrell | 7.70 | Participate in joint defense conference re preparation of cross-examination outlines and strategy. |
| 6/28/2007 | Walter R Lancaster | 8.00 | Prepare for and attend joint defense counsel conference in Washington, DC. |
| 6/28/2007 | Scott A McMillin | 1.00 | Participate in joint defense conferences (.7);........... |
| 6/28/2007 | Laurence A Urgenson | 2.80 | Conference with JDA group and jury consultants re trial preparation and related document review. |
| 6/29/2007 | Tyler D Mace | 6.30 | Coordinate and attend joint defense conference. |
| 6/29/2007 | Rebecca A Koch | 1.80 | Prepare for and attend joint defense conference re case status and strategy. |
| 6/29/2007 | Peter A Farrell | 4.10 | Participate in joint defense conference re strategy and next steps. |
| 6/29/2007 | Walter R Lancaster | 8.00 | Prepare for and attend joint defense counsel conference in Washington, DC (4.5);........... |
| 6/29/2007 | Laurence A Urgenson | 4.00 | Conference with JDA group and jury consultants re trial preparation and related document review JDA conference (3.5);........... |
| 6/25/2007 | Scott A McMillin | 1.10 | Travel to Washington, DC for joint defense conferences (billed at half time). |
| 6/28/2007 | Scott A McMillin | 1.70 | Travel back from joint defense conferences in Washington, DC (billed at half time). |

<u>Response Exhibit 1</u>

We have previously provided, among other responses, (1) our response to the Fee Auditor's Initial Report Regarding the Fee Application of K&E for the Nineteenth Interim Period (the "<u>Nineteenth Response</u>"), and (2) our response to the Fee Auditor's Initial Report Regarding the Fee Application of K&E for the Eighteenth Interim Period (the "<u>Eighteenth Response</u>" and, together with the Nineteenth Response, the "<u>Prior Responses</u>").  In the Prior Responses, I provided a detailed explanation of the status of the case during mid-2005 and late 2005, respectively, and set forth the responsibilities and roles of the various K&E professionals working on the case at those times.  The case essentially continues down the path set forth by the Court in late 2005 and thus, except as otherwise described herein, those explanations and descriptions of roles and responsibilities are equally applicable to this Initial Report.  As a result, rather than repeating that same information here, I refer you to the Prior Responses for background.

Each of K&E's responses in this letter corresponds to the paragraph in the Initial Report raising particular concerns regarding the Fee Application.

1.      Attendance at Conferences and Hearings (¶ 3)

The Initial Report requests greater explanation concerning multiple professionals' attendance at, and preparation for, twenty-one conferences and seven hearings.  The following lettered paragraphs explain the topic(s) of each conference or hearing and the need for each professional's participation therein.  As has been explained before, it is not K&E's routine practice to have multiple K&E attorneys at conferences and hearings.  When multiple professionals participated in a conference or hearing, they did so because: (a) K&E made the conscious decision that it was more advantageous to have multiple professionals participate, rather than relying on information to "flow down" after the conference or hearing had concluded, (b) a particular professional's input was required for certain portions of the conference and, when possible, the professional only attended the relevant portions of the conference or hearing at issue, and/or (c) that individual brought particular expertise and issue preparation to the conference or hearing, and so his/her presence was critical.

Multiple professionals' participation/attendance at certain conferences and hearings has been particularly important in these Chapter 11 cases, because of the multiple proceedings pending in multiple forums, all of which are ultimately connected to these Chapter 11 cases.  It is critical that, for example, members of the criminal defense team meet regularly and coordinate with the asbestos personal injury ("PI") team, as many of the matters addressed in the defense of the criminal indictment will relate directly to the allowance and viability of certain PI claims.  In addition, discovery ongoing in the PI estimation tracks certain discovery from the criminal case and coordination of efforts among the two teams has been necessary.  Further, since almost all of the hearings address more than one aspect of these cases, it is more advantageous to the Debtors and efficient for preparation purposes if the professional presenting certain matters at the hearing has been intimately involved in those matters.

This reasoning will be further explained below, in the context of each individual questioned conference and hearing.

(a)    April 2, 2007 omnibus hearing (Interim Report, Exhibit A, Item 1)

Basta/ Blatnick/ Esayian/ Harding/ Sinanyan

Mr. Bernick and Ms. Sinanyan conducted this omnibus hearing on behalf of the Debtors. Mr. Bernick participated in his role as senior attorney and quarterback of the entirety of the Debtors' cases. Mr. Bernick is the major architect of the Debtors' estimation approach.

Ms. Sinanyan, as the lead restructuring partner on the non-asbestos claims objection team, attended the hearing in my place as I had been inadvertently delayed overseas. Ms. Sinanyan addressed certain pure bankruptcy-related motions including matters related to the New Jersey Department of Environmental Protection's action against Grace and the Debtors' motion for an injunction, the Debtors' objections to certain non-asbestos claims including the Debtors' twentieth and twenty-first omnibus objection to claims and the objection to Circle Bar Ranch, Inc's royalty claim and duplicate medical monitoring claims.

Mr. Bernick addressed Burlington Northern's motion to clarify the scope of the preliminary injunction and The Scotts Company's motion for relief from the preliminary injunction order. Mr. Bernick, with Ms. Sinanyan's assistance, also addressed and responded to objections of the U.S. Trustee and the PI Committee to the Debtors' motion to employ Forman Perry Watkins Krutz & Tardy LLP. Mr. Bernick addressed the merits of the asbestos property damage ("PD") matters involving Anderson Memorial's motion for class certification. Finally, Mr. Bernick addressed the Debtors' response to the emergency motion of the PI Committee and the FCR to compel the Debtors to produce a complete navigable database of all personal injury questionnaire information, including data taken from attachments to the personal injury questionnaire forms.

Ms. Harding participated as she is the lead litigation partner on the PI team who is in charge of the day-to-day work for the estimation, especially involving experts. She prepared and supported Mr. Bernick's presentation which necessitated her attending the hearing. Ms. Basta, a litigation associate, attended the hearing as she is the senior associate responsible for the database of all personal inquiry questionnaires, estimation case fact development, and issues regarding non-compliance with the questionnaires. Ms. Basta has personally reviewed all of the questionnaires at issue. As the hearing specifically addressed the database issues, it was imperative to have Ms. Basta in attendance to address any questions that arose in which she had the relevant knowledge and expertise.

Ms. Esayian, the senior litigation partner overseeing the PD process, prepared Mr. Bernick's presentation on the above PD matters and attended the portions of the hearing relating to the same in order to support the presentation. Mr. Blatnick, a litigation associate on the PD team, had researched the underlying PD issues and drafted the pleadings related to these matters. Mr. Blatnick attended the hearing telephonically so that if any questions arose on which he had the relevant

knowledge, he could address them.  He also assisted Ms. Esayian in preparing the PD presentation.

(b)    April 13, 2007 hearing (Interim Report, Exhibit A, Item 2)

Baer/ Basta/ Gross/ Harding/ McMillin/ Rosenberg

The April 13th hearing was not a regularly scheduled omnibus hearing, but rather a specialized hearing scheduled solely to consider certain PI matters.

Mr. Bernick presented the PI discovery matters including the Debtors' motion to compel claimants to respond to the PI questionnaires and certain parties' objections regarding consulting expert documents.  Mr. Bernick also presented the Debtors' motion to quash Speights & Runyan's subpoena of Dr. Arthur Langer.

Preparation for the hearing was extensive, and included intense legal research, analysis of relevant case law and pleadings, gathering relevant materials on-site and preparation of presentations on numerous topics.  It was vital for all of the attorneys (partners and associates) to be in one location in order to effectively and efficiently address questions and give immediate answers.  The preparation lasted throughout the night before the hearing and the morning of the hearing.

I attended the hearing in my role as the senior member of the restructuring team responsible for supporting the asbestos PD and PI litigation teams in the estimation process and in order to address any relevant bankruptcy questions, questions which necessitated an intimate knowledge of the case history and to assist with the preparation for the hearing.  Ms. Harding attended in her role as described in paragraph (a) above.  Ms. Basta, a litigation associate, as discussed in paragraph (a), is the attorney "expert" responsible for and has personally reviewed the questionnaires addressed at the hearing.  It was imperative for each of these attorneys to prepare and support Mr. Bernick's presentation and attend the hearing.  Mr. Gross, a junior restructuring associate, attended in order to lend support with legal research issues that arose in preparation for the hearing and in order to assist with other last-minute requests.  Mr. Gross prepared various materials and legal research memoranda.  These materials and research were adjusted and updated up to the start of the hearing. Mr. Gross attended the hearing in order to assist and advise the conducting attorneys with respect to the materials he had prepared.

Mr. Rosenberg, a legal assistant, assisted the attorneys in their hearing preparations, assembled relevant case law at attorney request, and organized hearing materials.  Mr. Rosenberg's presence at the hearing was equally vital, in order for him to assist the presenting attorneys with the necessary materials.

Certain of Ms. Harding's time on April 10, 2007 ("review and analyze documents re expert preparation (2.5); correspond with client, S. McMillin and B. Stansbury re same (.7); conference with B. Stansbury re expert preparation (.3)") was unrelated to the hearing on April 13, 2007. Certain of Ms. Baer's time on April 11, 2007 ("confer with D. Bibbs re preparation of charts re

prejudice on appeals (.4); confer with pro se PD claimant and follow up re same (.3)") was also unrelated to the hearing on April 13, 2007.

Mr. McMillin did not attend the hearing. His travel time on April 12, 2007 ("Return travel from expert conference in Washington, D.C. (billed at half time)") was unrelated to the hearing on April 13, 2007.

(c)    April 11, 2007 conference (Interim Report, Exhibit A, Item 3)

Basta/ Fitzsimmons/ Harding/ Leibenstein/ McMillin/ Stansbury

The April 11th time entries listed in the Initial Report represents time related to three separate conferences. The first conference was among Ms. Harding, Mr. McMillin, Mr. Stansbury, Mr. Fitzsimmons and certain experts. Ms. Harding attended in her role as described in paragraph (a). Mr. McMillin, a litigation partner, attended the conference as he is responsible for certain PI expert development and certain classes of more serious asbestos PI claims. Mr. Stansbury, a litigation associate on both the criminal and PI teams responsible for the development of expert reports, attended this conference in order to address questions regarding the expert reports for which he was responsible. Also attending was Mr. Fitzsimmons, a senior litigation legal assistant on the PI team, who has a strong science background and spends a good deal of time reviewing and analyzing various medical and other scientific reports. He attended the conference at the request of Ms. Harding and his presence was necessary in order for him to understand the scientific issues discussed by the experts, which understanding, in turn, allowed him to provide internal scientific guidance to PI team attorneys on some of the frequently-asked scientific questions. This conference was held approximately two months prior to the initial deadline for non-estimation expert supplemental reports and was a strategy conference to discuss various ideas appropriate for supplemental reports and responses to all of the various other committees' expert reports. The Debtors' experts needed adequate time to review or re-review these reports, thus the need for an organizational and strategy meeting prior to the deadline.

The second conference was among Ms. Basta, Mr. Leibenstein, experts and consultants regarding the navigable database for the personal injury questionnaires. Ms. Basta attended in her role as described in paragraph (a). Mr. Leibenstein's participation was necessary as he is the litigation partner who is working directly with the Grace estimation experts in their preparation of the asbestos PI valuation reports. The parties discussed certain issues regarding the database and the Debtors' response to the FCR's subpoena for information from that database.

1.0 hours of Mr. Leibenstein's time pertained to a separate conference with a consulting expert re claims.

(d)    April 19, 2007 conference (Interim Report, Exhibit A, Item 4)

Ahern/ Baer/ Basta/ Mendelson

The April 19th time entries listed in the Initial Report represents time related to two separate conferences. The first conference was a telephone conference regarding the subpoena that had been served on BMC, the Debtors' notice and claims agent, in a Washington state court. Attending the conference was myself, Mr. Mendelson and outside counsel from Seattle retained by the Debtors to advise the Debtors and BMC and possibly file a motion for a protective order in the Washington state court regarding the subpoena. I attended in my role as described in paragraph (b) and to discuss the bankruptcy-related duties that BMC has to the court and the Debtors including privilege. Mr. Mendelson participated as he is the litigation partner on the asbestos PI team responsible for defensive discovery and specifically discovery and defense of BMC. The travel time for Mr. Mendelson was unrelated to this telephone conference.

The second conference was among Ms. Ahern and Ms. Basta regarding strategy for responding to a law firm's motion to quash the Debtors' Rule 45 subpoena. Ms. Ahern, a litigation partner, attended the conference as she is responsible for law firm discovery. Ms. Basta attended in her role as described in paragraph (a) and assisted in drafting the Debtors' response to the law firm's motion.

(e)     April 24, 2007 conference (Interim Report, Exhibit A, Item 5)

Basta/ Leibenstein/ Rooney/ Stansbury

At the April 13, 2007 hearing, Judge Fitzgerald ruled against the law firms who objected to the supplemental B-read production requested by the Debtors and ordered them to produce the documents. The April 24, 2007 conference was attended by certain K&E attorneys and a legal assistant to pro-actively strategize regarding the review and analysis of the supplemental B-read production. Ms. Basta, Mr. Stansbury and Mr. Leibenstein attended in their roles as described in paragraphs (a) and (c). Mr. Rooney, a senior legal assistant, attended as he is responsible for the organization of the B-reads and his project assistant and case assistant team is tasked with reviewing and providing initial analysis of the documents.

Certain of Ms. Basta's time on April 24, 2007 ("confer with D. Rooney re hearing preparation (.3); confer with consultants re hearing preparation (.5)") was unrelated to this specific conference.

(f)     April 24, 2007 conference (Interim Report, Exhibit A, Item 6)

Ahern/ Harding/ Leibenstein/ McMillin/ Stansbury

The April 24, 2007 conference was attended by K&E attorneys and experts in which they discussed issues regarding product identification and exposure to Grace products and asbestos material.

Ms. Harding participated in her role as described in paragraph (b) as she is in charge of the day-to-day work for the estimation, especially involving experts. Ms. Ahern, a litigation partner, attended the conference as she is responsible for the PI causation experts and as described in

paragraph (d) above. Mr. McMillin, a litigation partner, attended the conference as he is responsible for certain PI expert development as described in paragraph (c). Mr. Stansbury attended this conference in his role as described in paragraph (c) and in order to address questions regarding the expert reports for which he was responsible. Finally, Mr. Leibenstein's participation was necessary as he is the litigation partner who is working directly with the Grace estimation experts as described in paragraph (c).

(g)    April 27, 2007 conference (Interim Report, Exhibit A, Item 7)

Harding/ Leibenstein/ Mendelson/ Running

The April 27, 2007 conference was attended by K&E attorneys in which they discussed issues regarding the FCR's and PI Committee's document requests. Ms. Harding attended in her role as described in paragraph (a). Mr. Mendelson attended in his role as described in paragraph (d). Mr. Running, a litigation partner, participated in the conference as he is the senior partner responsible for certain defensive discovery responsibilities on the case. It was necessary for each of the attorneys to participate in this strategy conference in order to coordinate their efforts in responding to the discovery requests

Mr. Leibenstein's time pertained to a separate conference.

(h)    April 30, 2007 conference (Interim Report, Exhibit A, Item 8)

Baer/ Basta/ Blatnick/ Ewing/ Rooney/ Stansbury

The April 30, 2007 conference was attended by K&E attorneys in which they discussed preparation for the upcoming hearing on May 2, 2007. As numerous matters were up for the hearing as described in paragraph (j) below and extensive preparation needed to be undertaken, this conference was held to coordinate all parties' efforts. I attended in my role as described in paragraph (b). Mr. Stansbury attended in his role as described in paragraph (c). Ms. Basta attended in her role as described in paragraph (a). Mr. Blatnick attended in his role as described in paragraph (a). Mr. Rooney participated in his role as described in paragraph (e). Ms. Ewing participated as the senior litigation associate responsible for defensive discovery on the PI team. All parties attending the conference were assigned preparation tasks including preparing various materials and performing legal research.

(i)    April 26, 2007 conference (Interim Report, Exhibit A, Item 9)

Chiou/ Farrell/ Grummer/ Landau/ Mace/ McMillin/ Smith/ Urgenson

The April 26, 2007 conference was a "joint defense" conference scheduled for the K&E criminal defense team and the other law firms representing Grace and seven former Grace employees to discuss the Government's appeal of certain rulings in the criminal case pending in Missoula, Montana. The joint defense conferences provide an opportunity for all criminal team co-counsel to discuss and coordinate various aspects of Grace's criminal defenses. This specific conference was

to discuss the status of the government's appeal before the Court of Appeals for the Ninth Circuit and preparation for the appeal and the trial. The attendees, as described below, are the K&E attorneys most responsible for litigating the appeal. This conference was necessary in order to communicate among the team and co-defense counsel, further develop the strategy for Grace's appellate briefs and coordinate preparation of same.

Mr. Urgenson, the senior litigation partner on the criminal matter, is ultimately responsible for all of Grace's criminal defense efforts. He attended the April 26th conference in this capacity. Mr. Mace participated as the lead litigation associate on the criminal defense team, responsible for, among other things, the coordination of discovery and defense efforts with the individual defendants, as well as day-to-day management of the matter. Mr. Farrell and Mr. Chiou attended the conference as they are the junior litigation associates responsible for certain and distinct areas of legal research and specific factual development. Mr. McMillin attended in his role as described in paragraph (b) and as criminal team partner responsible for expert development.

Mr. Landau is the firm's lead appellate lawyer. He leads Grace's efforts in responding to the government's appeal and argued the matter before the Ninth Circuit panel in June of 2007, and as such his participation at the conference was essential. Ms. Smith attended as she was the junior litigation partner who contributed extensively to Grace's initial motions in limine, which triggered the Government's interlocutory appeal. Her expertise was sought with respect to the *Daubert* questions at issue in the appeal briefing. As environmental partner on the criminal matter, Mr. Grummer participated in the conference to address environmental issues that relate to the indictment and appeal.

(j)      May 2, 2007 hearing (Interim Report, Exhibit A, Item 10)

Baer/ Blatnick/ Esayian/ Gross/ Harding/ Leibenstein/ McMillin/ Mellis/ Mendelson/ Sinanyan

Mr. Bernick conducted this omnibus hearing on behalf of the Debtors. Mr. Bernick addressed certain matters regarding Burlington Northern, including Burlington Northern's motion to clarify the scope of the preliminary injunction and the Debtors' motion to expand the preliminary injunction to include the action against Burlington Northern. I attended in my role as described in paragraph (b) above, addressed certain pure bankruptcy-related motions and supported Mr. Bernick's presentation regarding the Burlington Northern matters.

Ms. Sinanyan was the lead lawyer in preparing, under my supervision, the Burlington Northern materials and heads the non-asbestos claims objection team. She attended only a portion of the hearing (via telephone) (1.9 hours) related to (i) the Burlington Northern matters in order to support Mr. Bernick's presentation, as necessary, and address any immediate questions, and (ii) the Debtors' twenty-first and twenty-second omnibus claims objection in order to address any immediate questions and be apprised of the arguments made by the parties and the ultimate outcome.

Mr. Bernick also addressed certain PI related matters including the Debtors' motion to compel compliance with the Court's supplemental order regarding the Debtors' prior motion to compel claimants to respond to the questionnaires, the Debtors' motion regarding non-compliance with the Court's x-ray order and the PI Committee's and FCR's motion to compel testimony and document production concerning the Debtors' pre-petition estimates of its PI liability.  Ms. Harding attended telephonically that portion of the hearing related to PI matters in her role as described in paragraph (a) and assisted Mr. Bernick in preparing his presentation.  Mr. McMillin and Mr. Mendelson attended the hearing in their respective roles as described in paragraphs (b) and (d) assisted Mr. Bernick in preparing his presentation.

Mr. Bernick also addressed certain PD related matters including the Debtors' emergency motion for an order concerning the amendment or supplementation of PD claims and the ZAI claimant's motion for discovery concerning the Debtors' conduct in the ZAI summary judgment proceedings.  Ms. Esayian and Mr. Blatnick attended telephonically that portion of the hearing related to PD matters in their respective roles as described in paragraph (a) and assisted Mr. Bernick in preparing his presentation.

Mr. Gross prepared various materials and performed legal research regarding the issues addressed at the hearing.  These materials and research were adjusted and updated up to the start of the hearing.  Mr. Gross attended the hearing in order to assist Mr. Bernick and me with regard to the matters he prepared for the hearing.

Ms. Mellis, a legal assistant, assisted the attorneys in their hearing preparations, assembled relevant case law at attorney request, and organized hearing materials.  Ms. Mellis' presence at the hearing was equally vital, in order for her to assist the presenting attorneys with the necessary materials and manage documents during the hearing.

Mr. McMillin's time on May 1, 2007 ("conferences re preparation of expert reports and strategy for estimation trial (1.5); confer with client re same (.4)") was unrelated to this omnibus hearing.  Mr. McMillin's time on May 2, 2007 ("Conferences re preparation of estimation reports and estimation trial strategy (1.4); . . . confer with client re preparation for estimation trial and strategy") was also unrelated to this omnibus hearing.

Mr. Leibenstein's travel time on May 2, 2007 ("Travel to conference with expert (billed at half time)") was unrelated to this omnibus hearing.

(k)      May 1, 2007 conference (Interim Report, Exhibit A, Item 11)

Ahern/ Fitzsimmons/ Harding/ McMillin/ Zoldan

The May 1st time entries listed in the Initial Report represents time related to two separate conferences.  The first conference was among Ms. Ahern, Mr. Fitzsimmons, Mr. Harding, Mr. McMillin, the client and certain industrial hygiene and risk assessment experts.  The attorneys and legal assistant participated in their respective roles as described in paragraphs (a), (b), (c) and (d) above.

The second conference was between Mr. Zoldan and an epidemiology expert. Mr. Zoldan, a litigation associate on the PI team responsible for the preparation of certain expert reports, discued the expert's data for his expert report and certain revisions.

(l)    May 3, 2007 conference (Interim Report, Exhibit A, Item 12)

Ahern/ Basta/ Fitzsimmons/ Freedman/ Harding/ McMillin/ Leibenstein/ Zoldan

The May 3, 2007 conference was with K&E attorneys and the client to discuss estimation trial strategy through the lens of the expert work. The parties discussed, *inter alia*, all expert work that had been performed to date in terms of how the analysis fits into the estimation case, what analysis would be forthcoming in the next round of expert reports and ongoing additional work. The attorneys participated in their respective roles as described in paragraphs (a), (b), (c), (d) and (k) above. Mr. Freedman, a senior restructuring partner, participated in his role as K&E's resident expert on complicated legal issues in asbestos bankruptcies.

1.0 hours of Ms. Basta's time on May 3, 2007 was spent in a separate conference with the client and a consultant. 1.7 hours of Mr. Zoldan's time on May 3, 2007 was spent revising a draft of an expert report.

(m)    May 8, 2007 conference (Interim Report, Exhibit A, Item 13)

Ahern/ Harding/ McMillin/ Stansbury

The May 8, 2007 conference was with K&E attorneys, consultants and experts to discuss expert analysis, expert preparation and the current status of supplemental expert reports. The parties discussed, *inter alia*, issues regarding industrial hygiene, risk assessment and exposure to Grace products and asbestos material. The attorneys participated in their respective roles as described in paragraphs (a), (b), (c) and (d).

(n)    May 17, 2007 conference (Interim Report, Exhibit A, Item 14)

Ahern/ Harding/ Leibenstein/ McMillin/ Mendelson/ Stansbury/ Zoldan

The May 17th time entries listed in the Initial Report represents time related to five separate conferences.

The first conference was among Mr. Mendelson and representatives from BMC. As discussed in paragraph (d) above, BMC has been served with a subpoena in a Washington state court. Mr. Mendelson is responsible for defensive discovery and specifically discovery regarding BMC.

The second conference was among Ms. Ahern, Mr. Stansbury and an expert regarding screening companies and doctors and lawyers involved in enterprises. Ms. Ahern and Mr. Stansbury participated in their respective roles as described in paragraphs (c) and (d) above.

The third conference was between Mr. Zoldan and an expert. Mr. Zoldan, a litigation associate on the PI team responsible for the preparation of certain expert reports, discussed the expert's data for his expert report and certain revisions and further research.

The fourth conference was between Mr. Leibenstein and consulting experts regarding claims issues. Mr. Leibenstein participated in his role as described in paragraph (c) above.

The fifth conference was among Ms. Harding, Mr. McMillin and an epidemiologist expert regarding mesothelioma risk. Mr. Harding and Mr. McMillin participated in their respective roles as described in paragraphs (a) and (b) above.

(o)    May 21, 2007 hearing (Interim Report, Exhibit A, Item 15)

Ahern/ Baer/ Blatnick/ Esayian/ Freedman/ Rosenberg/ Sinanyan

Mr. Bernick conducted this omnibus hearing on behalf of the Debtors. Mr. Bernick addressed certain matters regarding Burlington Northern including Burlington Northern's motion to clarify the scope of the preliminary injunction, the Debtors' motion to expand the preliminary injunction to include the action against Burlington Northern and the Debtors' motion to reconsider the Court's Montana rulings in a related injunction matter. Ms. Sinanyan was the lead lawyer in preparing, under my supervision, the Burlington Northern materials and heads the non-asbestos claims objection team, attended only a portion of the hearing (via telephone) (3.3 hours) related to these matters in order to support Mr. Bernick's presentation, as necessary, and address any immediate questions. I attended in my role as described in paragraph (b) above and addressed certain pure bankruptcy-related motions. I also had prepared the Montana motion and supervised preparation of the Burlington Northern materials and supported Mr. Bernick's presentation regarding these matters.

Mr. Bernick also addressed certain PI related matters including Early, Ludwick & Sweeney's motion for a protective order regarding the Debtors' subpoena and issues relating to the supplemental order regarding production of x-rays by non-mesothelioma cancer claimants. Ms. Ahern attended telephonically that portion of the hearing related to PI matters in her role as described in paragraph (d) and assisted Mr. Bernick in preparing his presentation.

Mr. Bernick also addressed certain PD matters including Anderson Memorial Hospital's amended motion to compel and the Debtors' emergency motion for an order concerning the amendment or supplementation of PD claims. Ms. Esayian and Mr. Blatnick attended telephonically that portion of the hearing related to PD matters in their respective roles as described in paragraph (a) and prepared Mr. Bernick's presentation on the above PD matters. Mr. Rosenberg, a legal assistant on the PD team, assisted the attorneys in their hearing preparations, assembled relevant case law at attorney request, and organized hearing materials. Mr. Rosenberg's presence at the hearing was equally vital, in order for him to assist the presenting attorneys with the necessary materials.

Mr. Freedman, as discussed in paragraph (l) is K&E's resident asbestos bankruptcy expert. He attended (telephonically) the hearing in order to support Mr. Bernick's presentation and to be

prepared to address any of Mr. Bernick's questions following the hearing. Mr. Freedman has also been working with Grace regarding the Canadian PD claims and attended the hearing in order to be available to address any questions that arose regarding the Canadian PD claims.

(p)    May 18, 2007 conference (Interim Report, Exhibit A, Item 16)

Ahern/ Baer/ Esayian/ Harding/ Leibenstein/ McMillin/ Smith/ Zoldan

The May 18, 2007 conference was attended by K&E attorneys in which they discussed preparation for the upcoming hearing on May 21, 2007. As numerous matters were up for the hearing as described in paragraph (o) above and extensive preparation needed to be undertaken, this conference was held to coordinate all parties' efforts. The respective attorneys participated in their roles as described in paragraphs (a), (b), (c), (d), (i) and (k) above. All parties attending the conference were assigned preparation tasks including preparing various materials and performing legal research.

(q)    May 29, 2007 conference (Interim Report, Exhibit A, Item 17)

Ahern/ Harding/ Leibenstein/ McMillin/ Zoldan

The May 29th time entries listed in the Initial Report represents time related to five separate conferences.

The first conference was between Mr. Zoldan and an expert to discuss comments to and the filing of the expert's report. Mr. Zoldan, a litigation associate on the PI team, is responsible for the preparation of certain expert reports.

The second conference was among Ms. Harding, Mr. Leibenstein and consulting experts regarding claims issues. Mr. Leibenstein and Ms. Harding participated in their respective roles as described in paragraphs (a) and (c) above.

The third conference was between Ms. Ahern and an expert to discuss comments to and the filing of the expert's report. Ms. Ahern participated in her role as described in paragraph (d) above.

The fourth and fifth conferences were between Mr. McMillin and different experts regarding comments to and the filing of their respective expert's reports. Mr. McMillin participated in his role as described in paragraph (b) above.

(r)    May 30, 2007 hearing (Interim Report, Exhibit A, Item 18)

Baer/ Dierkes/ Esayian/ Freedman

The May 30th hearing was a hearing specifically related to certain PD matters. Mr. Bernick all attended the hearing telephonically and addressed certain PD matters including the Debtors' motion for leave to amend their objections to certain PD claims and presented the Debtors' oral

argument regarding Anderson Memorial's motion to strike and motion to compel regarding the Debtors' responses to Anderson Memorial's requests for production. Ms. Esayian, Mr. Dierkes, Mr. Freedman and I all attended the hearing telephonically. I attended in my role as described in paragraph (b) and Ms. Esayian participated in her role as described in paragraph (a). Mr. Dierkes, a litigation associate, participated as he worked on the underlying motions and responses and had the relevant background information and expertise to address any issues that arose. Mr. Freedman has also been working with Grace regarding the Canadian PD claims and any future PD claims and attended the hearing in order to be available to address any questions that arose regarding those claims.

     (s)     May 3, 2007 conference (Interim Report, Exhibit A, Item 19)

     Chiou/ Farrell/ Mace/ McMillin

     The May 3, 2007 conference was a joint defense conference attended by K&E attorneys and counsel for the defendants in the criminal case described in paragraph (c) above. This conference was held in advance of the appellate arguments before the Ninth Circuit Court of Appeals. During the teleconference, members of the joint defense team discussed the preparation for the appellate arguments. The joint defense team also discussed trial preparation. The joint defense team is redeveloping their opening statement in light of Judge Molloy's three-hour limitation for opening statements. This "opening statement project" is being undertaken in connection with the use of a jury consultant which was also discussed during the conference.

     The respective attorneys attended in their respective roles described under paragraph (i) above. And more specifically, Mr. Landau, Mr. Shumsky, Mr. Urgenson and Mr. Mace are responsible for the appellate briefs and argument.

     (t)     May 29-30, 2007 moot court (Interim Report, Exhibit A, Item 20)

     Farrell/ Harding/ Landau/ Mace/ McMillin/ Philbin/ Phillips/ Shumsky/ Skidmore/ Stansbury/ Warren/ Urgenson

     On May 29 and 30, 2007, K&E held a "moot court" to simulate and prepare for the argument before the Ninth Circuit Court of Appeals on June 4, 2007. Mr. Landau, the firm's lead appellate lawyer who is in charge of Grace's efforts to respond to the government's appeal, presented his argument in front of certain K&E attorneys who were acting as Court of Appeals judges. As such, his participation at the moot court was essential. Mr. Landau spent a considerable amount of time preparing for the appellate argument in front of the moot court and the Ninth Circuit Court of Appeals.

     Mr. Philbin, Mr. Phillips, Mr. Skidmore and Mr. Warren acted as the Court of Appeals judges for the moot court. It was imperative to have more than one "judge" at the moot court to accurately reflect the actual setting which would be before a panel of three Court of Appeal judges. These attorneys spent time prior to the moot court reviewing and analyzing the filed appellate briefs.

Mr. Philbin is a partner who recently returned to K&E after several years at the Department of Justice.  Mr. Philbin's practice focuses on cases involving complex legal issues and has represented clients in numerous cases in the federal court of appeals and the Supreme Court.  Mr. Phillips is a litigation partner who has since left the firm to go to the Department of Justice.  Mr. Skidmore is an associate who specializes in appellate litigation.  Mr. Warren is an Of Counsel and practices in both appellate litigation, environmental law and toxic tort litigation with extensive litigation experience under all of the federal health, safety and environmental statutes.  Each attorney brought particular expertise and experience to their selection as a judge for the moot court.

Mr. Shumsky is a mid-level associate in the firm's appellate group and is the lead associate responsible for the appellate matters pending in the Ninth Circuit.  Mr. Shumsky ultimately was the lead draftsperson on the appellate briefs and he argued the first appeal of the criminal case in July 2006.  Mr. Urgenson, Mr. Farrell, Mr. Mace, Ms. Harding, Mr. McMillin and Mr. Stansbury all attended in their respective roles as described in paragraphs (f) and (i) above.

Each of the attorneys attending the moot court brought particular expertise and issue preparation and had a hand in drafting the appellate briefs and the motions before the District Court. Thus, their presence and participation was essential to provide needed background information, legal research and provide guidance on the argument.

.5 hours of Mr. McMillin's time on May 29, 2007 pertained to a separate conference regarding preparation for the criminal trial.

(u)     May 31, 2007 conference (Interim Report, Exhibit A, Item 21)

Chiou/ Farrell/ Mace/ McMillin

The May 31, 2007 conference was a joint defense conference attended by K&E attorneys and counsel for the defendants in the criminal case described in paragraph (c) above.  This was the last joint defense conference held in advance of the appellate arguments before the Ninth Circuit Court of Appeals.  During this short teleconference, members of the joint defense team discussed the preparation for the appellate arguments and potential next steps following the argument.  The respective attorneys attended in their respective roles described under paragraph (i) above.

(v)     June 19, 2007 conference (Interim Report, Exhibit A, Item 22)

Ahern/ Fitzsimmons/ Harding/ McMillin

The June 19, 2007 conference was the first day of a two-day conference in which K&E attorneys, legal assistant and consulting experts discussed issues regarding exposure to Grace products and asbestos material and specifically reviewed mesothelioma claimants' exposure history files.  The respective attorneys and legal assistant attended in their respective roles described under paragraph (a), (b) and (d) above.  Ms. Harding only participated in the initial conference and did not participate in the review of the files.

(w)    June 20, 2007 conference (Interim Report, Exhibit A, Item 23)

Ahern/ Fitzsimmons/ Harding/ McMillin

The June 20, 2007 conference was the second day of a two-day conference described in paragraph (v) above. All parties participated in their respective roles described above.

(x)    June 25-26, 2007 hearings (Interim Report, Exhibit A, Item 24)

Ahern/ Baer/ Basta/ Bernick/ Blatnick/ Esayian/ Ewing/ Mendelson/ Rosenberg/ Smith

The June 25-26th, 2007 hearing noted in Item 24 was actually two separate hearings.

The hearing on June 25th was an omnibus hearing. Mr. Bernick and I conducted this hearing. I addressed certain pure bankruptcy-related motions including the professionals' fee applications and the Debtors' motion authorizing payment of legally required minimum contributions to their pension plans. Mr. Bernick addressed the equity committee's motion to modify the order retaining Lexecon LLC as their asbestos claims consultant.

Mr. Bernick also addressed certain PD matters including the Debtors' motion to alter or amend the Court's order disallowing and expunging 71 PD claims and the Debtors' motion for an order authorizing settlement of certain PD claims. Mr. Bernick also presented a status report on the ZAI science issues and a pre-trial conference regarding discovery issues for the Anderson Memorial class certification. Ms. Esayian attended telephonically that portion of the hearing related to PD matters in her role as described in paragraph (a) and assisted Mr. Bernick in preparing his presentation.

Mr. Bernick also presented a status report on PI estimation matters. Mr. Mendelson attended telephonically that portion of the hearing related to PI matters in his role as described in paragraph (d) and assisted Mr. Bernick in preparing his presentation.

The hearing on June 26th was a hearing related to PI discovery issues and specifically the Debtors' request for depositions and interrogatories of certain PI law firms. Mr. Bernick addressed the law firms' requests for protective orders regarding the motions. The hearing involved the review of several sets of interrogatories which Ms. Basta and I had prepared and a detailed analysis of each law firm's responses to thousands of PI questionnaires. I attended as I had prepared the discovery at issue and to address any bankruptcy-related questions. Ms. Basta and Mr. Blatnick attended the hearing in person in their respective roles as described in paragraph (a) and specifically to assist Mr. Bernick in his detailed presentation of questionnaire materials. Ms. Ewing, Mr. Mendelson, Mr. Rosenberg and Ms. Ahern attended telephonically in the hearing in their respective roles as described in paragraph (a), (b), (d) and (h) and because they, along with Mr. Blatnick and Ms. Basta, each had specific knowledge regarding certain law firms' compliance with discovery and its effect on the expert reports.

(y)    June 4, 2007 hearing (Interim Report, Exhibit A, Item 25)

Lancaster/ Landau/ Mace/ Urgenson

The June 4, 2007 hearing was the appellate arguments before the Ninth Circuit Court of Appeals in Seattle, Washington. As discussed in paragraph (t) above, Mr. Landau argued the matter. Certain time noted in Item 25 relates to Mr. Landau's extensive preparation for the argument. Mr. Urgenson and Mr. Mace attended in their respective roles as described in paragraph (i). Mr. Lancaster, a junior litigation partner, attended as he had been recently assigned to the case and is responsible for all matters related to the obstruction of justice charges which were relevant to the appeal.

Certain time noted in Item 25 relates to a joint defense conference that was also held on June 4. Given that all of the defendants were present in Seattle, it was efficient to hold an in-person conference to address any outstanding trial preparation issues. Mr. Urgenson, Mr. Landau and Mr. Mace attended in their respective roles described above and in paragraph (i). Mr. Lancaster attended the conference to address issues related to the obstruction of justice charges. The K&E attorneys also provided a recap of the appellate argument to counsel and clients.

Part of Mr. Urgenson's time on June 3, 2007 ("Review draft opening statements outlines for all defendants and prepare comments re same (1.5)") was unrelated to the appellate arguments and this joint defense conference.

(z)       June 14, 2007 conference (Interim Report, Exhibit A, Item 26)

Bernick/ Chiou/ Farrell/ Harding/ Mace/ McMillin/ Urgenson

The June 14, 2007 conference was an internal K&E conference to discuss the criminal case and estimation with the attorneys specializing in the science issues. It was imperative for members of the criminal team and the PI team to coordinate on these issues as many of the matters addressed in the defense of the criminal indictment will relate directly to the allowance and viability of certain PI claims. The criminal and PI team attorneys participated in their respective roles as described in paragraphs (a), (b), (f), (i) and (x) above.

Part of Mr. Urgenson's time on June 3, 2007 ("Review research memoranda re legal issues") was unrelated to this conference. Mr. Mace's travel time to and from Atlanta, GA was unrelated to this conference. Mr. Mace had traveled to Atlanta to meet with the jury consultant regarding the opening statement project.

(aa)      June 22, 2007 conference (Interim Report, Exhibit A, Item 27)

Chiou/ Farrell/ Mace/ McMillin/ Urgenson

The June 22, 2007 conference was a brief joint defense conference to discuss the upcoming bi-annual conference discussed in paragraph (bb) below. The attorneys participated in their respective roles as described in paragraphs (b) and (i) above.

(bb)    June 25-29, 2007 joint defense conference (Interim Report, Exhibit A, Item 28)

Farrell/ Harding/ Koch/ Lancaster/ Mace/ McMillin/ Stansbury/ Urgenson

From June 25 through June 29, K&E criminal defense team attorneys and attorneys from the other law firms representing seven former Grace employees held their bi-annual conference.  The client was in attendance at this conference.  All aspects of the criminal case were discussed.  The jury consultant also attended this conference as a major purpose of the conference was to discuss the development of the opening statement project.  The attorneys participated in their respective roles as described in paragraphs (a), (b), (c), (f) and (i) above.  Ms. Koch attended the conference as she was the junior associate responsible for developing the trial demonstrative with the graphics team.