# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. [1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re:  Docket No. 17124** |
| | ) | **12/17/07 Agenda Item No. 4** |

## ORDER RESOLVING A TAX CLAIM FILED BY RICHMOND COUNTY, GEORGIA

Upon the *Debtors' Objection to the Property Tax Claim of Richmond County, Georgia*

(the "Objection") filed by the above captioned debtors (collectively, the "Debtors"), seeking

entry of an order reclassifying, reducing, and allowing in the amount of $368,115.81, Claim No

1529 filed by Richmond County, Georgia (the "Tax Claim"); and upon consideration of the

matters set forth herein; and due and proper notice of the Objection having been given, it is

hereby

ORDERED that the Objection to the Tax Claim is sustained; and it is further

---

[1]   The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

ORDERED that the liens securing the Tax Claim are avoided pursuant to Bankruptcy Code §§ 544(a)(3) and 545(2); and it is further

ORDERED that the Tax Claim is reclassified as a prepetition, general unsecured claim; and it is further

ORDERED that, the Tax Claim is not entitled to penalties pursuant to Bankruptcy Code section 506(a); and it is further

ORDERED that the Tax Claim shall be reduced by $72,280.33, representing $20,287.11 in inappropriate interest, $47,093.19 in inappropriate penalties, and $4,900.03 for amounts paid post-petition; and it is further

ORDERED that the Tax Claim shall be noted and allowed on the claim register as a general unsecured claim in the amount of $368,115.81; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rule 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the Tax Claim, having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that, this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2007

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

2