IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Objection Date: December 21, 2007** |
| | ) **Hearing Date: January 14, 2008 @ 9:00 a.m. in Pittsburgh, Pennsylvania** |

**MOTION FOR AN ORDER PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE, RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 9018-1(b) AUTHORIZING THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, AND DIRECTING THE CLERK OF THE COURT, TO FILE UNDER SEAL THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS' OMNIBUS MOTION TO EXCLUDE OR LIMIT TESTIMONY PURSUANT TO *DAUBERT* AND RULES 702 AND 703 OF THE FEDERAL RULES OF EVIDENCE**

The Official Committee of Asbestos Personal Injury Claimants (the "ACC" or "Movant"), by and through its undersigned counsel, hereby moves (the "Motion") for the entry of an order pursuant to Section 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Movant, and directing the Clerk of the Court, to file under seal the Official Committee of Asbestos Personal Injury Claimants' Omnibus Motion to Exclude or Limit Testimony Pursuant to *Daubert* and Rules 702 and 703 of the Federal Rules of Evidence, and the exhibits related thereto (the "*Daubert* Motion"). In support of this Motion, the Movant respectfully represents as follows:

**JURISDICTION**

1.  The Court has jurisdiction over these proceedings, the parties and property affected thereby, and the Amended Motion, pursuant to 28 U.S.C. §§157(b) and 1334. Venue

is before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicates for the relief requested in the Amended Motion are Section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Rule 9018-1(b) of the Local Rules.

## BACKGROUND

2.     On or about April 2, 2001, W.R. Grace & Co. and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court. The Debtors continue to be in possession of their respective properties and are operating and managing their respective businesses and assets, as debtors–in–possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The proceedings are being jointly administered, for procedural purposes, pursuant to an Order of this Court.

3.     No Trustee or examiner has been appointed in the Debtors' chapter 11 cases. On April 13, 2001, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Property Damage Claimants, and the Official Committee of Asbestos Personal Injury Claimants pursuant to Section 1102(a)(1) of the Bankruptcy Code. On May 24, 2004, this Court signed an Order appointing David T. Austern as the Legal Representative For Future Asbestos Personal Injury Claimants.

4.     The Movant is seeking to file the Official Committee of Asbestos Personal Injury Claimants' Omnibus Motion to Exclude or Limit Testimony Pursuant to *Daubert* and Rules 702 and 703 of the Federal Rules of Evidence, as well as all exhibits thereto, under seal. The *Daubert* Motion, as well as many of the exhibits, contains testimony, documents, reports and/or other information that is protected from public disclosure by either Order of this Court or by confidentiality agreement with the Debtors.

{D0096294.1 }

5. Public disclosure of certain information contained in the *Daubert* Motion is prohibited by the Modified Order Establishing the Non-Waiver of Privileges Contained in Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of Such Answers (the "Modified Order")(DI 16259).  The Modified Order provides, in part, that:

> The Debtors and all participants in this discovery shall maintain the answers in the manner required pursuant to 11 U.S.C. § 107(b) for the papers filed under seal with the Court and such answers when served shall be considered under seal in accordance with such statute.  Any and all information provided to the Debtors in response to the Third Set of Interrogatories must be maintained in the strictest confidence and not disclosed to any entity or individual not expressly authorized under this Order.  If a Debtor or another party in interest finds it necessary to refer to any specific information, said party shall first apply to the Court for appropriate instructions, and/or notice and hearing if there is opposition to redacted information being used.

6. The Movant has filed the Motion to comply with the provisions of the Modified Order, as certain portions of the *Daubert* Motion quote directly from certain law firm responses to the Third Set of Interrogatories.  The public disclosure of those discovery responses is expressly prohibited by the Modified Order.

7. This Motion has also been filed to comply with the Debtors' request that the ACC maintain certain information as confidential.  The *Daubert* Motion both quotes and summarizes information that has been identified or marked as confidential by the Debtors.  This information includes depositions of current and former employees of the Debtors, including Jay Hughes and James Cintani.  In addition, the *Daubert* Motion discusses at length the expert report and deposition testimony of Dr. Thomas Florence.  Dr. Florence's deposition has been marked as confidential and at least one of his expert reports has not been publicly disclosed by the Debtors.  In addition, the expert reports of Dr. Elizabeth Anderson and Dr. Suresh Moolgavkar have not been publicly disclosed.

8. This Motion is also being filed to comply with the Revised and Amended Case Management Order for the Estimation of Asbestos Personal Injury Liabilities [DI 17550] (the "Revised PI CMO"), which provides that "[a]ny exhibits and information that is 'confidential information' as being designated by any party shall be filed under seal".

9. Therefore, the Movant respectfully requests that this Court enter an order permitting the filing of the *Daubert* Motion under seal so as to protect the Debtors' asserted interest in the confidential, commercial information, the ACC's agreement to maintain the confidentiality thereof, as well as to comply with the Modified Order and the Revised PI CMO. The ACC has not prepared a redacted version of the *Daubert* Motion since little of the brief would remain beyond case law references and citations. Indeed, the ACC is serving a complete copy of the *Daubert* Motion, as well as all exhibits related thereto, on all parties who indicated at the November 26, 2007 Pre-Trial Conference that they intended to participate in the Asbestos Personal Injury Estimation Hearing.

## RELIEF REQUESTED

10. By this Motion, the Movant requests authority to file the *Daubert* Motion under seal for *in camera* review by this Court.

11. In pertinent part, Section 107(b) of the Bankruptcy Code provides:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--
> (1) protect an entity with respect to a trade secret or confidential research development, or commercial information;

12. Similarly, Bankruptcy Rule 9018, provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed

> in a cased under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

13. The relief sought herein is the least intrusive means of complying with the requirements of the Modified Order, the Revised PI CMO, the Debtors' asserted interest in the confidential, commercial information, as well as achieving the goal of protecting the integrity of the judicial process, protecting legitimate confidential commercial information, and fostering the creation of a full and fair record for the Court's adjudication of disputes. *In re 50-Off Stores*, 213 B.R. 646, 659 (Bankr. W.D. Tex. 1997) ("The sealing device permits the court to do its job fully, permitting both a full inquiry and assuring the protection of the asset the cause of action represents.").

14. The ACC submits that it is necessary to file the *Daubert* Motion under seal as it is replete with information that has been marked as confidential, disclosed pursuant to confidentiality agreement and otherwise not publicly disclosed. In addition, the Modified Order and the Revised PI CMO protect information contained in the *Daubert* Motion from public disclosure. Lastly, portions of the *Daubert* Motion contain information that the Debtors seek to maintain as confidential and the Movants have agreed to maintain as such. Consequently, the Movant is compelled to seek the relief requested herein.

15. A complete version of the *Daubert* Motion, along with all exhibits attached thereto, have been served upon: (i) counsel to the Debtors; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the Official Committee of Asbestos Property Damage Claimants; (iv) counsel to the Official Committee of Equity Security

{D0096294.1 }

Holders; (v) counsel to David T. Austern, the Future Claimants' Representative; and the (vi) United States Trustee's Office.

## NOTICE

16. Notice of this Motion has been given to the following parties: (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) counsel to the Official Committee of Asbestos Property Damage Claimants; (v) counsel to the Official Committee of Equity Security Holders; (vi) counsel to David T. Austern, the Future Claimants' Representative; and (vii) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Movant submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

17. Although the Movant has previously requested authorization to file under seal documents and/or information designated as confidential by the Debtors or otherwise protected by this Court's Orders, no previous motion to file the *Daubert* Motion under seal has been made to this or any other Court.

(Remainder of Page Intentionally Left Blank)

{D0096294.1 }

**CONCLUSION**

WHEREFORE, the Movant respectfully requests entry of an order authorizing, and directing the Clerk of the Court, to file under seal the Official Committee of Asbestos Personal Injury Claimants' Omnibus Motion to Exclude or Limit Testimony Pursuant to *Daubert* and Rules 702 and 703 of the Federal Rules of Evidence.


Dated: December 8, 2007                         CAMPBELL & LEVINE, LLC

                                                */S/ Mark T. Hurford*
                                                Marla R. Eskin (#2989)
                                                Mark T. Hurford (#3299)
                                                800 King Street, Suite 300
                                                Wilmington, DE 19801
                                                Telephone: (302) 426-1900

                                                    - and –

                                                Elihu Inselbuch
                                                CAPLIN & DRYSDALE, CHARTERED
                                                375 Park Avenue, 35th Floor
                                                New York, NY 10152-3500
                                                Telephone: (212) 319-7125

                                                Nathan D. Finch
                                                James P. Wehner
                                                One Thomas Circle, NW
                                                Washington, DC 20005
                                                Telephone: (202) 862-5000

                                                *Counsel for the Official Committee of*
                                                *Asbestos Personal Injury Claimants*

{D0096294.1 }