**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Objection Deadline: December 21, 2007** |
| | ) **Hearing Date: January 14, 2008 at 9am in Pittsburgh, PA** |
| | ) |

**MOTION FOR AN ORDER PURSUANT TO SECTION 107(B) OF
THE BANKRUPTCY CODE, RULE 9018 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, AND LOCAL RULE 9018-1(B)
AUTHORIZING THE FUTURE CLAIMANTS' REPRESENTATIVE, AND
DIRECTING THE CLERK OF THE COURT, TO FILE UNDER SEAL
THE MOTION OF FUTURE CLAIMANTS' REPRESENTATIVE TO
PRECLUDE TESTIMONY OF DEBTORS' EXPERTS DR. B. THOMAS
FLORENCE, DR. ELIZABETH L. ANDERSON,
DR. SURESH MOOLGAVKAR, DR. PETER S.J. LEES AND
DR. RICHARD J. LEE PURSUANT TO RULES 702, 703 AND 403
OF THE FEDERAL RULES OF EVIDENCE
AND EXHIBITS THERETO**

David T. Austern, the Court-appointed legal representative for future asbestos

personal injury claimants (the "Future Claimants' Representative" or "FCR"), by and

through his undersigned counsel, hereby moves (the "Motion") for the entry of an order

pursuant to Section 107(b) of Title 11 of the United States Code (the "Bankruptcy

Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 9018-1(b) of the Local Rules of the United States Bankruptcy Court

for the District of Delaware (the "Local Rules") authorizing the FCR, and directing the

Clerk of the Court, to file under seal the Motion of Future Claimants' Representative to

Preclude Testimony of Debtors' Experts Dr. B. Thomas Florence, Dr. Elizabeth L.

Anderson, Dr. Suresh Moolgavkar, Dr. Peter S.J. Lees and Dr. Richard J. Lee Pursuant to

Rules 702, 703 and 403 of the Federal Rules of Evidence and the exhibits thereto. In

support of this Motion, the FCR respectfully represents as follows:

## JURISDICTION

1.     The Court has jurisdiction over these proceedings, the parties and property

affected thereby, and the Motion, pursuant to 28 U.S.C. §§157(b) and 1334. Venue is

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding

pursuant to 28 U.S.C. §157(b). The statutory predicates for the relief requested in the

Motion are Section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules,

and Rule 9018-1(b) of the Local Rules.

## BACKGROUND

2.     On or about April 2, 2001, W.R. Grace & Co. and certain of its affiliates

(collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the

Bankruptcy Code with the Clerk of this Court. The Debtors continue to be in possession

of their respective properties and are operating and managing their respective businesses

and assets, as debtors-in-possession, pursuant to Sections 1107 and 1108 of the

Bankruptcy Code. The proceedings are being jointly administered, for procedural

purposes, pursuant to an Order of this Court.

3.     No Trustee or examiner has been appointed in the Debtors' chapter 11

cases. On April 13, 2001, the Office of the United States Trustee appointed the Official

Committee of Unsecured Creditors, the Official Committee of Asbestos Property

Damage Claimants, and the Official Committee of Asbestos Personal Injury Claimants

pursuant to Section 1102(a)(1) of the Bankruptcy Code. On May 24, 2004, this Court

signed an Order appointing David T. Austern as the legal representative for future asbestos personal injury claimants.

4.      Pursuant to the Revised and Amended Case Management Order for the Estimation of Asbestos Personal Injury Liabilities (Docket No. 17550), contemporaneously with this Motion, the FCR is filing a motion to preclude the testimony of the Debtors' expert witnesses Dr. B. Thomas Florence, Dr. Elizabeth L. Anderson, Dr. Suresh Moolgavkar, Dr. Peter S.J. Lees and Dr. Richard J. Lee pursuant to Federal Rules of Evidence 702, 703 and 403 (the "FCR's Daubert Motion") along with certain exhibits, which contain confidential information provided to the FCR by the Debtors upon agreement to maintain the confidentiality of the information.  The Debtors have designated certain of this information as confidential.  Therefore, the FCR seeks to have this Court enter an order permitting the filing of the FCR's Daubert Motion and the exhibits thereto under seal so as to protect the Debtors' asserted interest in the confidential, commercial information and the FCR's agreement to maintain the confidentiality of the information.

## RELIEF REQUESTED

5.      By this Motion, the FCR requests authority to file the FCR's Daubert Motion and the exhibits thereto under seal for *in camera* review by this Court.

6.      In pertinent part, Section 107(b) of the Bankruptcy Code provides:

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--
(1)      protect an entity with respect to a trade secret or confidential research development, or commercial information;

7.    Similarly, Bankruptcy Rule 9018, provides:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a cased under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

8.    The relief sought herein is the least intrusive means of achieving the goal of protecting the integrity of the judicial process, protecting legitimate confidential commercial information, and fostering the creation of a full and fair record for the Court's adjudication of disputes. *In re 50-Off Stores*, 213 B.R. 646, 659 (Bankr. W.D. Tex. 1997) (The sealing device permits the court to do its job fully, permitting both a full inquiry and assuring the protection of the asset the cause of action represents.).

9.    It is a long-standing practice in the federal courts for relevant evidence to be received at trial *in camera*, so as to protect the non-public character of qualified material while allowing the Court to perform its adjudicative functions. *See John T. Lloyd Lab., Inc. v. Lloyd Bros. Pharmaceuticals, Inc.*, 131 F.2d 703, 707 (6th Cir. 1942) (trial court ordered to receive evidence in trade secret litigation *in camera*); *Standard & Poor's Corp. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1276 (S.D.N.Y. 1982) (closure of part of trial may be ordered to preserve trade secret confidentiality and avoid irreparable harm).

10.    The FCR submits that it is necessary to file the FCR's Daubert Motion and exhibits thereto under seal as they contain confidential information relating to the Debtors' asbestos personal injury claims, which the Debtors seek to maintain as

4

confidential. Additionally, as noted, certain information contained in the FCR's Daubert Motion and exhibits thereto was provided to the FCR by the Debtors upon agreement to maintain the confidentiality of the information. Consequently, the FCR seeks the relief requested herein.

11.    This Motion has been served on the Office of the United States Trustee, counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors, counsel to the Official Committee of Asbestos Property Damage Claimants, counsel to the Official Committee of Asbestos Personal Injury Claimants, counsel to the Official Committee of Equity Security Holders, and all parties listed on the Master Service List. An unsealed copy of the FCR's Daubert Motion and exhibits thereto has been served on the Office of the United States Trustee, counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors, counsel to the Official Committee of Asbestos Property Damage Claimants, counsel to the Official Committee of Asbestos Personal Injury Claimants, and counsel to the Official Committee of Equity Security Holders.

## NO PRIOR REQUEST

12.    No previous motion to file the FCR's Daubert Motion and exhibits thereto under seal has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the FCR respectfully requests entry of an order authorizing the FCR, and directing the Clerk of the Court, to file under seal the FCR's Daubert Motion and exhibits thereto, and granting other and further relief as is just and equitable.

December 8, 2007

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Raymond G. Mullady, Jr.*
Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
Columbia Center
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400

John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

*Counsel for David T. Austern,*
*Future Claimants' Representative*