**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-1138 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**GRACE'S MOTION TO EXCLUDE EXPERT OPINIONS**
**IN CONNECTION WITH THE ESTIMATION OF ITS CURRENT**
**AND FUTURE ASBESTOS PERSONAL-INJURY LIABILITY**

The Debtors[1] ("Grace") hereby move, pursuant to Federal Rules of Evidence 408 and 702, made applicable by Bankruptcy Rule 9017, for the exclusion from evidence of the following expert evidence in connection with the estimation of Grace's asbestos personal-injury liability:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &

(Continued…)

1. The reports, testimony, and opinions of PI Committee experts Mark A. Peterson (*see* Peterson Rpt. (6/18/07); Peterson Rebuttal Rpt. (9/25/07)), Stephen M. Snyder (*see* Snyder Rebuttal Rpt. (9/25/07)), and Daniel P. Myer and Mark T. Eveland (*see* Myer & Eveland Rebuttal Rpt. (9/25/07));

2. The reports, testimony, and opinions of FCR experts Jennifer Biggs (*see* Biggs Rpt. (6/18/07); Biggs Supp. Rpt. (9/25/07); Biggs Rebuttal Rpt. (9/25/07)); P.J. Eric Stallard (*see* Stallard Rpt. (6/18/07); Stallard Supp. Rpt. (9/25/07)); Marshall Shapo (*see* Shapo Rebuttal Rpt. (9/25/07)); and Jacob Jacoby (*see* Jacoby Rebuttal Rpt. (9/25/07));

3. Any opinions, evidence, or testimony seeking to establish exposure to asbestos based on any "settled-dust analysis";

6. Any opinions, evidence, or testimony seeking to establish exposure to asbestos based on any "indirect-preparation method";

7. Any opinions, evidence, or testimony seeking to establish causation of asbestos-related disease based on anecdotal evidence, including but not limited to, case reports or case series;

8. Any opinions, evidence, or testimony seeking to establish causation of an asbestos-related disease not supported by epidemiological evidence showing a relative risk greater than 2.0, the confidence interval for which does not include a relative risk of 1.0;

9. Any opinions, evidence, or testimony seeking to establish the causation of an asbestos-related disease based on a "no-threshold" or "zero-threshold" theory of causation,

---

Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

including but not limited to, any calculations derived from or relying upon such theories to such causation; and

10. Any opinions, evidence, or testimony seeking to establish the occurrence or incidence of non-malignant asbestos-related disease based on diagnoses that do not include an exposure history with an appropriate latency period, chest radiograph evidence or small irregular opacities with an appropriate profusion as evaluated under ILO standards, a PFT revealing a restrictive impairment and below-normal diffusion capacity, a physical examination showing signs and symptoms, and a differential diagnosis of asbestosis that reliably rules out alternative causes of the disease; and

| | |
|---|---|
| December 7, 2007 | Respectfully submitted, |
| | KIRKLAND & ELLIS LLP |
| | /s/ David M. Bernick, P.C. |
| | David M. Bernick, P.C. |
| | Janet S. Baer |
| | 200 East Randolph Drive |
| | Chicago, IL  60601 |
| | Telephone:  (312) 861-2000 |
| | Facsimile:   (312) 861-2200 |
| | -and- |
| | PACHULSKI STANG ZIEHL & JONES LLP |
| | /s/ James E. O'Neill |
| | Laura Davis Jones (Bar No. 2436) |
| | James E. O'Neill (Bar No. 4042) |
| | Timothy P. Cairns (Bar No. 4228) |
| | 919 North Market Street, 17th Floor |
| | Wilmington, DE  19801 |
| | Telephone:  (302) 652-4100 |
| | Facsimile:   (302) 652-4400 |
| | *Co-Counsel for the Debtors and Debtors in Possession* |