# EXHIBIT 22

1

```
 1        THE UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF TEXAS
 2            CORPUS CHRISTI DIVISION

 3
    IN RE:              *   MDL DOCKET NO. 1553
 4                      *
    SILICA PRODUCTS     *   ALL CASES
 5  LIABILITY LITIGATION *
                        *   CORPUS CHRISTI, TEXAS
 6                      *   FEBRUARY 18, 2005
                        *   8:30 A.M.
 7  * * * * * * * * * * * * * * * *

 8
              TRANSCRIPT OF DAUBERT HEARING
 9
        BEFORE THE HONORABLE JANIS GRAHAM JACK
10            UNITED STATES DISTRICT JUDGE

11
    APPEARANCES:
12
    PLAINTIFF'S LEAD      MR. JOE GIBSON
13  COUNSEL:              O'QUINN, LAMINACK & PIRTLE
                          440 LOUISIANA, SUITE 2300
14                        HOUSTON, TEXAS 77002

15  PLAINTIFFS' EXECUTIVE  MR. BILLY H. DAVIS
    COMMITTEE:             CAMPBELL, CHERRY, HARRISON, DAVIS &
16                         DOVE, P.C.
                           P.O. DRAWER 21387
17                         WACO, TEXAS 76702-01387

18                         MR. SCOTT HOOPER
                           SCOTT HOOPER & ASSOCIATES
19                         1414 WEST CLAY STREET
                           HOUSTON, TEXAS 77019-4943
20
```

```
                    (APPEARANCES CONTINUED ON PAGE 2)
21

22  COURT RECORDER:      MS. VELMA GANO

23
              PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING
24         TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE:
                     MOLLY CARTER, 2718 WIND ROCK
25            CORPUS CHRISTI, TEXAS 78410 (361) 241-7850

                                  2

1   APPEARANCES:  (Continued)

2
    PLAINTIFFS' EXECUTIVE    MR. SKIP LYNCH
3   COMMITTEE:               BARTON & WILLIAMS
                     3007 MAGNOLIA STREET
4                    PASCAGOULA, MISSISSIPPI 39567

5                    MR. JOHN FOXWORTH
                     FOXWORTH & CASANO
6                    15487 OAK LANE, SUITE 200-F
                     GULFPORT, MISSISSIPPI 39503
7
    PLAINTIFFS' LIAISON      MS. KATHRYN SNAPKA
8   COUNSEL:                 SNAPKA & TURMAN, L.L.P.
                     P.O. DRAWER 23017
9                    CORPUS CHRISTI, TEXAS 78403

10  DEFENDANTS' LIAISON      MR. DARRELL L. BARGER
    COUNSEL:                 HARTLINE, DACUS, BARGER, DRYER & KERN
11                   800 N. SHORELINE, SUITE 2000-N
                     CORPUS CHRISTI, TEXAS 78401
12
    DEFENDANTS' STEERING     MR. DANIEL J. MULHOLLAND
13  COMMITTEE:               FORMAN, PERRY, WATKINS, KRUTZ &
                     TARDY, L.L.P.
14                   188 EAST CAPITOL STREET, SUITE 200
                     P. O. BOX 22608
15                   JACKSON, MISSISSIPPI 39225-2608
```

25 reporting to you, I don't believe that's discoverable.

14

1  MR. HOOPER: Okay. May I proceed?

2  THE COURT: Yes, sir.

3  JAMES BALLARD, PLAINTIFFS' WITNESS NO. 1, SWORN

4  DIRECT EXAMINATION

5 BY MR. HOOPER:

6 Q. Dr. Ballard, please introduce yourself to the Court.

7 A. James Waylon Ballard.

8 Q. Are you a licensed physician in the State of Alabama?

9 A. Yes.

10 Q. Do you carry any kind of -- do you practice any kind of

11 specialty?

12 A. Radiology.

13 Q. Are you board certified?

14 A. Yes.

15 Q. In what?

16 A. In diagnostic radiology and nuclear medicine.

17  THE COURT: In what?

18  THE WITNESS: Nuclear medicine.

19 BY MR. HOOPER:

14 irregular one. Is that right? As the primary?

15 A. Yes.

16 Q. And then the secondary, it goes from a bigger, I mean a

17 smaller to a larger irregular one, an S to a T. So that's the

18 third discrepancy there.

19 A. No, I don't think so. One was an S/T, and the other one

20 was a P/S.

21 Q. All right. Well --

22 A. And if you're looking at the film and you've got a history

23 of asbestos exposure and you've got S/T size opacities, then

24 that would be a correct reading for it. Then if you're given

25 history later that the individual had exposure to silica and

55

1 you look at the upper lung zone and you see some P size

2 opacities, you would give it a P/S reading, because there are

3 only two readings in the ILO scheme.

4        THE COURT: Where did you get these work histories?

5        THE WITNESS: Pardon?

6        THE COURT: Where did you get the work history of

7 exposure?

8        THE WITNESS: If I'm given the film and, say, this

9  individual is to be read for asbestosis or this individual was

10  exposed to asbestosis, then I would be reading and

11  concentrating more on the mid and lower lung zones.

12       THE COURT: I just asked you where you got the work

13  history.

14       THE WITNESS: Either from the testing service or from

15  the law firm.

16       THE COURT: Okay.

17  BY MR. SETTER:

18  Q. Doctor, if you're provided work history information, if I

19  understood what you just said correctly, if the lawyers tell

20  you the work history is exposure history that's consistent with

21  asbestosis, or they want you to look for asbestosis, is that

22  what the lawyers tell you?

23  A. Yes.

24  Q. So you are more prone in that instance to be looking for

25  asbestosis on the ILO than you are anything else.

56

1  A. What I'm saying is if you've got somebody that you have

2  history of exposure to asbestos, or if they say read for

3  asbestosis, and you see S and T size opacities in the lower

20           THE WITNESS: Not necessarily. I'm saying that it

21   could sway --

22           THE COURT: Well, how are you missing all this stuff

23   then?

24           THE WITNESS: Pardon?

25           THE COURT: How are you missing this stuff? How are

58

1   you missing the silica on the asbestosis reading and vice

2   versa?

3           THE WITNESS: I don't think that I'm missing

4   anything. I think that if you've got three different opacities

5   there, then you would read it according to what information you

6   have.

7           THE COURT: Well, I think that's what he's saying,

8   you're using the information from the lawyer to make your read.

9           THE WITNESS: I'm making the reading according to

10   what information I have.

11          THE COURT: From the lawyer.

12          THE WITNESS: What's on the film, plus what I'm

13   given.

14          THE COURT: From the lawyer.

15      THE WITNESS: Yes.

16      THE COURT: Okay. I got it.

17      MR. SETTER: Your Honor, in the interest of saving

18 time, I'll pass the witness.

19      THE COURT: Thank you.

20      MR. SETTER: Oh, yes, we do want to proffer these

21 exhibits. We would like to admit them, please.

22      THE COURT: Please.

23      MR. HOOPER: I don't even know -- I think those

24 questions go to the weight or the credibility rather than

25 Daubert.

59

1       THE COURT: I'm not listening to argument. If you

2 have cross-examination, do it.

3       MR. HOOPER: No questions. Do I need to ask the

4 witnesses any questions with respect to the Daubert hearing

5 that we're having?

6       THE COURT: I'm not going to --

7       MR. HOOPER: Okay.

8       THE COURT: -- ask you that.

9       MR. HOOPER: Then I'll go on.