# EXHIBIT 44

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Case No. 01-01139 |
| W. R. GRACE & CO., et al, | 5490 US Steel Tower<br>600 Grant Street<br>Pittsburgh, PA 15219 |
| Debtors. | January 21, 2005<br>9:00 a.m. |

TRANSCRIPT OF AGENDA MATTERS
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:       Kirkland & Ellis, LLP
                      By: DAVID M. BERNICK, ESQ.
                          THEODORE L. FREEDMAN, ESQ.
                          JANET S. BAER, ESQ.
                      200 Randolph Drive
                      Chicago, IL  60601

                      Pachulski, Stang, Ziehl, Young,
                        Jones, & Weintraub, PC
                      By: DAVID W. CARICKHOFF, ESQ.
                      919 N. Market Street
                      16th Floor
                      P. O. Box 8705
                      Wilmington, DE  19899-8705

For the Official Committee    Kramer, Levin, Naftalis,
of Equity Security Holders:     & Frankel, LLP
                      By: PHILIP BENTLEY, ESQ.
                      919 Third Avenue
                      New York, NY  10022

Audio Operator:       Janet Kozloski

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-Mail:  jjcourt@optonline.net
(609) 586-2311   Fax No.  (609) 587-3599

1  that can be done.

2       But, by and large, the big difference is that we
3  don't want to pay people that we're not legally obliged to pay,
4  because of the fact that -- have to pay them simply because
5  they would have gotten paid before.  That is the problem that
6  we have to solve in this case.

7       THE COURT:  Well, Mr. Lockwood, it seems to me that I
8  can sort of compromise between these two approaches and get to
9  a legitimate estimation hearing.

10      It seems to me that if the debtor thinks that it has
11 some value to do a questionnaire, and you know, the form of
12 discovery, I think, is somewhat within the discretion of the
13 Court and we could treat it as though it's a series of
14 interrogatories.

15      It's not going to be any 50 pages, I assure you.
16 But, coming down to a reasonable type of questionnaire to get
17 some information, so that the debtor's experts can decide what
18 the debtor thinks is a proper valuation, it may have relevance
19 to the committee.  The committee may choose to use it for
20 different purposes, I don't know.  But, I'm not sure that it
21 hurts to get that step done.

22      But, I do agree with you, that the appropriate way to
23 do this is through a battle of experts.  So, whatever spin the
24 experts put on the questionnaire, maybe they'll be the same
25 spin.  Maybe it won't be the same spin.  I don't know.  But, I

think that should be an expert analysis function that goes forward.

    MR. LOCKWOOD: Well, we can certainly try and work with the debtor on the questionnaire, in terms of -- to sample 118,000 people, you don't need to have 118,000 questionnaires. I mean, Mr. Bernick has been tossing around statistical references for extrapolating things, and you don't need 100 percent of the presents, to extrapolate to the futures.

    You need whatever the experts would tell you would be a sufficient sample to get -- have it be representative --

    THE COURT: Well, maybe --

    MR. LOCKWOOD: -- but the one thing I --

    THE COURT: I'm not sure it hurts to send it out to all 118,000.

    MR. LOCKWOOD: Well, it depends --

    THE COURT: In fact --

    MR. LOCKWOOD: -- on what the sanctions are for not responding to it.

    THE COURT: Well, if there's a bar date, it'll be a --

    MR. LOCKWOOD: Well, that's --

    THE COURT: -- disallowance of claim.

    MR. LOCKWOOD: -- the point.

    THE COURT: I mean --

    MR. LOCKWOOD: So, then you're basically putting us