# EXHIBIT 47

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

IN RE:                              . Case No. 01-1139(JKF)
                                    .
                                    .
W.R. GRACE & CO.,                   . 5414 USX Tower Building
                                    . Pittsburgh, PA  15222
                                    .
              Debtor.               .
                                    . October 25, 2007
. . . . . . . . . . . . . . . . . . . 2:07 p.m.

                       TRANSCRIPT OF HEARING
                 BEFORE HONORABLE JUDITH K. FITZGERALD
                 UNITED STATES BANKRUPTCY COURT JUDGE
```

APPEARANCES:

For the Debtor:              Kirkland & Ellis, LLP
                             By:  JANET BAER, ESQ.
                                  LISA ESAYIAN, ESQ.
                                    (telephonic appearance)
                                  DAVID M. BERNICK, P.C., ESQ.
                                  AMANDA BASTA, ESQ.
                                  BARBARA HARDING, ESQ.
                                    (telephonic appearance)
                                  ELLEN AHERN, ESQ.
                                    (telephonic appearance)
                             Aon Center
                             200 East Randolph Drive
                             Chicago, IL  60601

For the Debtor:              Reed Smith, LLP
                             By:  JAMES J. RESTIVO, JR., ESQ.
                             435 Sixth Avenue
                             Pittsburgh, PA  15219

Audio Operator:              Janet Heller

Proceedings recorded by electronic sound recording, transcript
           produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@optonline.net

(609) 586-2311   Fax No.  (609) 587-3599

1 discovery done, and you've got to put an end to it, so we can
2 try the case in January. I mean the Court has allotted 18 days
3 to do this trial. There's very little flexibility for me and
4 my partner, Mr. Inselbuch, on the back end of it, and we would
5 very much oppose any kind of extension of the deadlines here,
6 and we have to get the case done, over, tried. And I'll turn
7 the podium over to Mr. Mullady for the test of our rebuttal.
8           MR. MULLADY: Good afternoon, Your Honor.
9           THE COURT: Good afternoon.
10          MR. MULLADY: Just very, very briefly. I just want
11 to make two points. On the Rule 408 point, Rule 408 just
12 doesn't apply in this instance. This is not -- this proceeding
13 is not to prove the liability of the claim. Certainly in the
14 case of my clients, the Future Claimants, their claims are
15 inchoate. Their claims are not before this Court. We're
16 certainly not looking to introduce the evidence that we would
17 obtain from Grace's in-house counsel for that purpose.
18          The settlement agreements are being used by the ACC
19 and the FCR to demonstrate how Grace monetized its liability in
20 the aggregate, which is a demonstrated way for experts to
21 predict on an actuarial basis what that liability would be,
22 accounting for changed circumstances, and accounting for
23 changes in the legal environment since the date of the
24 petition. So that's the first point. I think the Rule 408
25 issue is really just a side show here.

1  have an exercise in looking ahead in this hypothetical world
2  where Grace is not in bankruptcy, and it's January the 14th,
3  2008, and Grace has been in the tort system since April 2nd
4  2001. It never left the tort system, and we're trying to have
5  actuaries establish what the total tab is going to be from that
6  point forward from April 2, 2001 until the very last person --
7  victim of asbestos illness dies.
8       Now, that's what we're doing, so how does this issue
9  of what Grace was doing to settle claims pre-petition play into
10 this? Well, it's very simple. We have to make a prediction --
11 the experts have to have a basis to testify as to what Grace
12 would likely have done post-petition. So what's the best
13 window into that? What they were doing pre-petition. What was
14 Grace doing pre-petition? We know what it was doing. It was
15 settling the vast majority of its asbestos personal injury
16 claims.
17      Why was Grace settling claims? Well, that's very
18 interesting, and here's where the lawyers for the plaintiffs
19 come into play, but fast forward for a second. We now know
20 that Grace's blue ribbon panel of expert industrial hygienists,
21 medical doctors, and so forth have established these liability
22 criteria, many of which we submit are not in the tort system,
23 never been in the tort system, and never likely to be in the
24 tort system, but that's a side issue. They've set up these
25 criteria, and on the basis of winnowing the claims through

1        MR. BERNICK:  Absolutely.

2        THE COURT:  Well, then how is anybody going to argue
3   that there is, in fact, an admission of liability?

4        MR. BERNICK:  I don't know.

5        THE COURT:  Okay.

6        MR. BERNICK:  But if they're going --

7        THE COURT:  Well, neither do I.

8        MR. BERNICK:  I -- well, you know, that is an
9   argument that Your Honor may be able to dispose of --

10       THE COURT:  I think I just did.

11       MR. BERNICK:  -- and dispose of this whole --

12       THE COURT:  I just did dispose of it.  If the
13  settlement agreements say that no one is admitting any
14  liability, nobody's going to tell me that the settlement
15  process is an admission of liability.  That's it.  I'm not
16  going to hear about it if that's the case.

17       Now, with respect to the discovery, I think you've
18  gotten as much from the ACC and the FCR in terms of the fact --
19  the facts that they intend to use the lawyers for as you can
20  possibly get.  This whole discussion for the past hour and a
21  half has been about that.  I think you've got their general
22  parameters about what they intend to call these witnesses for.
23  It is to show what the settlement negotiation process was all
24  about, and that -- whether it's relevant or not, I don't know
25  at this point.  I can't make a determination of relevance now.