# EXHIBIT 60

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | In Proceedings for a Reorganization under Chapter 11 |
| ) | |
| W.R. Grace & Co., *et al.*, ) | Case No. 01-01139-JKF |
| ) | Re: DI 13703 |
| Debtors. ) | |
| ) | Objection Deadline: November 28, 2006 at 4:00 p.m. |
| ) | Hearing: December 5, 2006 at 8:30 a.m. |
| ) | |

### MEMORANDUM OF THE MMWR FIRMS' ASBESTOS CLAIMANTS IN OPPOSITION TO GRACE'S MOTION TO COMPEL DISCOVERY

The MMWR Firms,[1] on behalf of their respective asbestos personal injury claimants, and by and through their own counsel, MMWR,[2] hereby submit this Memorandum in Opposition to the "Motion to Compel the MMWR Firms' Asbestos Injury Claimants to Respond to the W.R. Grace Asbestos Personal Injury Questionnaire."

### I.   INTRODUCTION

The objections asserted by the MMWR Firms' Asbestos Claimants to three limited and specific portions of the Grace Questionnaire should be sustained:

---

[1] The "MMWR Firms" as defined by Grace in its Motion to Compel consist of the following firms: (i) Kazan, McClain, Abrams, Fernandez, Lyons, Farrise & Greenwood, A Professional Law Corporation; (ii) Waters & Krauss, LLP; (iii) Hobin, Shingler & Simon, LLP ("Hobin Shingler"); (iv) Paul, Hanley & Harley, LLP; (v) Early Ludwick & Sweeney; (vi) Harowitz & Tigerman; and, (vii) the Wartnick Law Firm. MMWR represents the Wartnick Law Firm in connection with this Response only as to those clients of the Wartnick Law Firm that are members of the Grace Certain Cancer Claimants. MMWR also represents other law firms in connection with the questionnaire that are not identified as the MMWR Firms in Grace's Motion to Compel.

[2] The law firm of Montgomery, McCracken, Walker & Rhoads, LLP ("MMWR") represents these other noted law firms and, except for the individuals that comprise the Grace Certain Cancer Claimants, does not directly represent any of the individual claimants who are directly represented by these other firms. In order to conform to the terminology used in Grace's Motion, reference will be made herein to "MMWR Firms' Asbestos Claimants."

- 1 -

2133777v2

1. **State Tort Law Governs a Claimant's Rights**

A fundamental principle of bankruptcy jurisprudence is that personal injury claims against a bankruptcy estate are defined by state tort law. See, e.g., Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 20, 120 S.Ct. 1951, 1955 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having 'generally left the determination of property rights in the assets of a bankrupt's estate to state law.'") (quoting Butner v. United States, 440 U.S. 48, 54, 57, 99 S.Ct. 914 (1979)); Cossu v. Jefferson Pilot Sec. Corp. (In re Cossu), 410 F.3d 591, 595 (9th Cir. 2005) ("The validity of a creditor's claim is determined by the rules of state law . . . ."); Litton Loan Servicing, LP, v. Garvida (In re Garvida), 347 B.R. 697, 705 (B.A.P. 9th Cir. 2006) ("Under the 'basic federal rule in bankruptcy,' nonbankruptcy (usually state) law governs the substance of claims"); Drown v. Hebert (In re Drown), 340 B.R. 428, 437 (Bankr. D. Mass. 2006) ("The allowance of the proof of claim is determined with reference to applicable state law."); Ford v. Skorich (In re Skorich), 337 B.R. 441, 445 (Bankr. D.N.H. 2006) ("State law determines the existence of a claim based on a cause of action . . . .").

2. **Minimal Exposure is Sufficient to Satisfy Causation Standards Under State Law**

Here, controlling state tort law holds that with respect to mesothelioma claimants, evidence of exposure to non-Grace asbestos is irrelevant as a matter of law to the question of whether Grace asbestos products legally caused claimants' injuries.

In contrast to lung cancer and other asbestos-related diseases, one encounter with a small amount of asbestos has been deemed sufficient to cause mesothelioma. See, e.g., Hoeffer v. Rockwell Automation, Inc., Nos. A107353, A107964, 2006 WL 185479, at *6 (Cal. Ct. App. Jan. 26, 2006) ("[U]nlike in other asbestos-related cancer cases, the relationship between asbestos exposure and mesothelioma provides 'the strongest link between any exposure in any cancer that we know of.'"); Lane v. Gasket Holdings, Inc., No. B153966, 2003 WL 21666623 at *2 (Cal. Ct. App. July 17, 2003) ("Mesothelioma can develop in one who has had very low exposure to asbestos. . . . there's no threshold below which any type of bystander or occupational exposure to asbestos cannot potentially cause mesothelioma."); Wehmeier v. UNR Indus., Inc., 572 N.E. 2d 320, 337 (Ill. App. Ct. 1991) (stating that mesothelioma "is caused after only minor exposure to asbestos dust," but that "[a]sbestosis, on the other hand, develops after a more substantial exposure to asbestos."); Horton v. Harwick Chem. Corp., 653 N.E.2d 1196, 684 (Ohio 1995) ("Medical science suggests that very limited exposure to asbestos can cause mesothelioma, perhaps the worst of asbestos-related diseases."); Purcell v. Asbestos Corp., Ltd., 959 P.2d 89, 94 (Or. Ct. App. 1998) (stating that mesothelioma "can be caused by very minor exposures."); Mesothelioma: Has Patient Had Contact With Even Small Amount of Asbestos?, 257 JAMA 1569 (1987) ("Further studies showed that one fiber of a certain length can lodge in the pleura of the lung, and 40 years later, the patient will exhibit signs of dyspnea, chest pain, or both. To date, there has been no threshold level defined for asbestos induced mesothelioma.") (emphasis added); Consensus Report, Asbestos, Asbestosis, and Cancer: the Helsinki Criteria for Diagnosis and Attribution, Scand. J. Work Environ. Health, vol. 23, no. 4, p. 311, 313 ("Mesothelioma can occur in

cases with low asbestos exposure. . . . An occupational history of brief or low-level exposure should be considered sufficient for mesothelioma to be designated as occupationally related.")

To prove "causation" in asbestos tort cases, established and controlling state law provides that an asbestos plaintiff need not show that specific fibers from the defendant's product caused the malignancy. See, e.g., Rutherford v. Owens-Illinois, Inc., 16 Cal. 4th 953, 982 (1997) ("In an asbestos-related cancer case, the plaintiff need not prove that fibers from the defendant's product were the ones, or among the ones, that actually began the process of malignant cellular growth.").

The California Supreme Court described the "substantial factor standard" as follows:

> The substantial factor standard is a relatively broad one, requiring only that the contribution of the individual cause be more than negligible or theoretical. A standard instruction (BAJI No. 3.77) tells juries that each of several actors or forces acting concurrently to cause an injury is a legal cause of the injury 'regardless of the extent to which each contributes to the injury.'

Id. at 978.

Where a plaintiff has been exposed to different asbestos products made by different defendants, a jury may find the "substantial factor" test satisfied with respect to a particular defendant by showing exposure to that defendant's product. See, e.g., Hoeffer, 2006 WL 185479, at *4 ("[A] particular asbestos-containing product is deemed to be a substantial factor in bringing about the injury if its contribution to the plaintiff or decedent's risk or probability of developing cancer was substantial."); Tragerz v. Keene Corp., 980 F.2d 411, 424 (7th Cir. 1993) ("Illinois courts in applying the substantial factor test do not seem concerned with which of the many contributing causes are *most*

substantial. Rather, they seem concerned with whether each contributing cause, standing alone, is a substantial factor in causing the alleged injury.").

With respect to mesothelioma claimants, much of the information sought in Part V of the Questionnaire is plainly irrelevant. As explained, a showing of exposure to Grace asbestos products is, as a matter of controlling state law, sufficient to prove that Grace's products "substantially contributed" to their mesothelioma. No other evidence regarding causation would be relevant. See, e.g., Tragarz, 980 F.2d at 425 ("In sum, under our interpretation of Illinois law, the plaintiff's exposure to each defendant's product should be independently evaluated when determining if such an exposure was a substantial factor in causing the plaintiff's injury – meaning that evidence of an exposure to other manufacturer's products is not relevant to such an inquiry. As such, the district court properly excluded such evidence."); see also, ACandS, Inc. v. Asner, 686 A.2d 250 (Md. 1996) (to the same effect, applying Maryland law).

### 3. Estimation of Grace's Liability

Importantly, the instant proceeding is solely for estimation purposes, and not for the allowance, disallowance, or calculation of any individual claims. See, e.g., Bankr. Ct. Tr., 9/11/06 Hearing, p. 122: 5-10 (Grace's counsel stated, "The whole purpose of the questionnaire process is to produce an estimation in the aggregate of the personal injury asbestos liability of Grace. It is not, it is not for the purpose of allowing of disallowing any individual claim. And that distinction has been critical.").

A particular defendant's several share typically is calculated by a determination of that defendant's percentage of fault. See, e.g., Restatement (Third) of Torts:

Apportionment of Liability § 11 (2000) ("When, under applicable law, a person is severally liable to an injured person for an indivisible injury, the injured person may recover only the severally liable person's comparative-responsibility share of the injured person's damages."); 5 Witkin Sum. Cal. Law Torts § 54 (stating that a severally liable defendant is liable for "damages allocated to that defendant in direct proportion to that defendant's percentage of fault").

Under controlling legal principles, the only evidence of "other exposure" relevant to the present estimation proceeding is general evidence sufficient to allow Grace to estimate all claimants' (present and future) total asbestos exposure, which is only one aspect of determining Grace's share of the overall fault and thus its share of liability. The identities of the individual products, the specific asbestos manufacturers to which claimants were exposed, and the other incredibly detailed aspects of Part V of the Grace Questionnaire are all irrelevant for this purpose. The provided or promised production by the MMWR Firms' Asbestos Claimants of their complete work history is sufficient. See, e.g., Consensus Report, Asbestos, Asbestosis, and Cancer: the Helsinki Criteria for Diagnosis and Attribution, Scand. J. Work Environ. Health, vol. 23, no. 4, p. 311.

III. **CONCLUSION**

For the foregoing reasons, the MMWR Firms' Asbestos Claimants respectfully request that Grace's Motion to Compel directed to them be denied.

Dated: November 28, 2006

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

By: /s/ Noel C. Burnham
Noel C. Burnham, Esquire (DE 3483)
Natalie D. Ramsey, Esquire (PA only)
Leonard A. Busby, Esquire (PA only)
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7800
(302) 504-7820 (facsimile)

and

123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
(215) 772-7620 (facsimile)

Attorneys for the "MMWR Firms"