# EXHIBIT 62

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                             :
                                   :
W.R. Grace & Co., et al.,          :    Misc. Case. No. 01-1139(JFK)
                                   :    (Jointly Administered with
        Debtors.                   :    U.S. Bankruptcy Court, D. Delaware)

# ANSWERS OF NON-PARTY RICHARD B. LEVINE, M.D., TO DEBTOR'S AND OFFICIAL COMMITTEE'S DEPOSITION BY WRITTEN QUESTIONS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                  :
                                        :
W.R. Grace & Co., et al.,               :      Misc. Case. No. 01-1139(JFK)
                                        :      (Jointly Administered with
           Debtors.                     :      U.S. Bankruptcy Court, D. Delaware)

## ANSWERS OF NON-PARTY RICHARD B. LEVINE, M.D., TO DEBTOR'S AND OFFICIAL COMMITTEE'S DEPOSITION BY WRITTEN QUESTIONS

Pursuant to Fed. R. Civ. P. 31(a), non-party Richard B. Levine provides the following answers to the written questions submitted by Debtor, W.R. Grace & Co.

### GENERAL STATEMENT OF RICHARD B. LEVINE, M.D.

According to generally accepted medical principles, a positive B-read simply does not equate to a clinical diagnosis of an occupational dust disease. To render medical diagnoses that are conclusive, much more than a B-read is required. The B-reader interprets densities or shadows on a chest x-ray. The densities or shadows can be caused by any number of disease processes, and may not indicate a disease process at all. Reading shadows is subjective and non-conclusive. Moreover, the B-reader system was not established either as a clinical diagnostic tool or for use in litigation, but rather as one part of a general surveillance program implemented in Great Britain to determine whether coal workers should be transferred to lower-dust environments. Finally, the B-read is a radiologist's impression based upon comparisons to the International Labour Organization classification system. The ILO system was primarily devised to have

Question No. 162:

Should any court or tribunal should rely on any of your reports, whether it be ILO worksheets, narrative radiographic reports or any other reports you may have rendered, to establish a clinical diagnosis of Asbestos-Related Disease?

Answer:

No. By way of further answer, as is set forth in my General Statement, above, and as is reflected in the template contract pursuant to which I render services as a B-reader, and my answer to Written Question Nos. 67, 82 and 138, above, no clinical diagnosis of any occupational dust disease, including asbestosis or an asbestos related disease, can be made by B-read alone. My B-read reports and ILO worksheets are all bottomed upon my B-reads. None constitute clinical diagnoses, nor are they ever intended to constitute clinical diagnoses, nor does science permit that any such reports constitute a clinical diagnosis. See my answers to Written Question Nos. 146 and 149, *supra*. My contract so specifies.

Although I am reluctant to tell a court what it should or should not rely upon, I can represent that in my view as a board certified radiologist who is also a NIOSH certified B-reader, it is a mistake to rely upon a B-read for any purpose other than that for which it was originally designed and intended. More specifically, no B-read can or does conclusively or clinically establish the presence (or absence) of any occupational dust disease. Thus, none of my reports, and, I believe, no report from any other B-reader, can or should be relied upon or considered as a clinical diagnosis of an asbestos-related disease, or any occupational dust disease.

## CERTIFICATE OF SERVICE

I, Bruce L. Thall, Esquire, hereby certify that I caused a true and correct copy of the foregoing Answers of Non-Party Richard B. Levine, MD, to Debtor's and Official Committee's Deposition by Written Question to be served by first class mail, postage prepaid, this 11th day of January 2007, upon the following:

Mark T. Hurford, Esquire
Campbell & Levine, LLC
800 King Street, Suite 300
Wilmington, DE 19801
*Counsel for Offiicial Committee of
Asbestos Personal Injury Claimants*

David E. Mendelson, Esquire
Kirkland & Ellis, LLP
655 Fifteenth Street, NW
Washington, DC 20005-5793
*Counsel for W.R. Grace*

_____
Bruce L. Thall, Esquire