THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: December 19, 2007, 4:00 p.m.** |
| | ) | **Hearing Date:  December 20, 2007, 2:30 p.m.** |

**DEBTORS' MOTION TO STRIKE UNTIMELY EXPERT MATERIALS**

The December 7, 2007 Declaration of FCR expert P.J. Eric Stallard[1] ("the Stallard Declaration") and any evidence relying thereon should be stricken from the record in the estimation proceeding.  The Stallard Declaration is essentially an untimely rebuttal report to expert reports that the Debtors filed *4 to 14 months ago*.  The Stallard Declaration creates ***new mathematical models***, ***calculations*** and ***graphs*** to address the Debtors' expert reports.  No back-up documentation was provided to support these new models and calculations.  Filing this new Declaration well after the Court's deadline for expert work, after the close of expert discovery, and after the deadline for filing *Daubert* motions to exclude Dr. Stallard's opinions, violates all of the carefully structured procedures set up by this Court for the estimation proceeding.  This Declaration is not merely 11th hour - it is 12th hour and is a harbinger for continued new work now and during the estimation trial, a development which would be devastating to the integrity of the process, let alone the notion that the trial could be finished on time.

Further, the parties simply have no time to deal with this new Declaration at this late date in the estimation process, nor should they.  The estimation trial is set to commence in less than one month. *Daubert* responses are due in 4 days.  There are, of course, insurmountable threshold

---

[1] Attached hereto as Exhibit B.

problems with Dr. Stallard's efforts as a *statistician* to take on problems that have been fundamental in the field of risk management for decades. But, beyond these problems of expertise (*Daubert* problems to be more precise), the Debtors would have to recreate the new mathematical models being presented in order to adequately address the Declaration on its merits. This would require a review of the back-up documentation that has not even been provided and an appropriate response. It may also require additional expert work to rebut the propositions set forth in the Declaration. Such an outcome is completely at odds with the carefully-structured discovery process approved by the Court for the estimation proceeding. Thus, pursuant to Federal Rules of Procedure 26 and 37, made applicable to this proceeding by Bankruptcy Rules 7026 and 7037, the Declaration is untimely and impermissible and must be stricken and all parties should be clearly barred from submitting any evidence that relies upon this or any other untimely expert work.

## BACKGROUND

1. On August 2, 2007, this Court issued its Third Newly Amended Case Management Order for the Estimation of Asbestos Personal Injury Liabilities.[2]

2. This Court's Order set September 11, 2007 as the deadline for experts "who will testify as to the number, amount, and value of present and future asbestos claims" to file "supplemental and rebuttal reports." (Order at 1)

3. In support of the FCR's December 7, 2007 *Daubert* Motion ("FCR *Daubert* Motion"),[3] the FCR submitted a new Declaration executed by P.J. Eric Stallard ("Stallard

---

[2] Attached hereto as Exhibit A ("Order").

[3] The full title of the pleading is the "Motion of Future Claimants' Representative to Preclude Testimony of Debtors' Experts Dr. B. Thomas Florence, Dr. Elizabeth L. Anderson, Dr. Suresh Moolgavkar, Dr. Peter S.J. Lees, and Dr. Richard J. Lee Pursuant to Rules 702, 703 and 403 of the Federal Rules of Evidence."

2

Declaration"). Portions of the FCR's *Daubert* Motion[4] reference and rely upon the Stallard Declaration. (FCR *Daubert* Motion at 22, 27, 32, 33 n.26, 34 & n.27)

4. As noted above, Dr. Stallard's *Daubert* submission itself raises essential *Daubert* issues. It strays well beyond his expertise as a statistician by offering opinions on toxicology and epidemiology, and his creation of a new model raises additional issues of reliability.

5. The Declaration was neither executed nor provided to the Debtor until well after this Court's September 11 deadline for supplemental and rebuttal expert reports. The Declaration specifically rebuts matters addressed by the expert reports of Dr. Lees, dated October 3, 2006, (Stallard Dec. at ¶ 12) Dr Anderson dated July 31, 2007 (*Id.* at ¶¶ 8-19) and the rebuttal report of Dr. Florence dated September 25, 2007. (*Id.* at ¶¶ 20-27)

6. The Stallard Declaration includes a significant amount of additional expert material – including new **mathematical models**, **calculations** and **graphs**, as well as new opinions based on these new models. (*See*, *e.g.*, *id.* at ¶ 12 ("I computed the standard deviation"); *id.* at ¶ 14 ("I created a mathematical model"))

7. The Stallard Declaration expressly reflects new analyses and conclusions. (*See*, *e.g.*, Stallard Dec. at ¶ 7 ("I have reviewed the expert reports submitted by [Dr. Anderson] . . . . Based on my review I have reached the conclusions set forth [in this declaration].")

8. It responds to other expert reports filed months prior to the expert disclosure deadline. (*See id.* at notes 3 & 4 (citing reports filed October 3, 2006); *id.* at notes 5 & 6 (citing Dr. Anderson's July 31, 2007 report))

---

[4] Attached hereto as Exhibit C.

9. None of this new material was included in any of Stallard's prior expert reports. The Stallard Declaration is essentially an entirely new supplemental expert report, submitted long after this Court's September deadline.

10. Debtors have had no opportunity to depose Dr. Stallard on this work or conduct any other discovery regarding these new opinions.

## ARGUMENT

11. Rule 26 dictates that an expert's report shall contain "a ***complete*** statement of all opinions" to be expressed, as well as "the data or other information considered . . . in forming them" and "any exhibits that will be used to . . . support them." Fed R. Civ P. 26(a)(2)(B) (emphasis added).

12. The purpose of Rule 26 is to streamline the discovery process to ensure both complete disclosure and the efficient administration of justice, and to avoid "trial by ambush." *E.g.*, *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998) ("The report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources."); *Wallin v. Fuller*, 476 F.2d 1204, 1208 (5th Cir. 1973) ("The pretrial conference serves the purposes of expediting litigation and eliminating surprise at the trial.").

13. When a party "fails to obey an order . . . [entered] under Rule 26(f)"[5] the judge has the authority to sanction the party with any orders "as are just." Fed. R. Civ. P. 37(b)(2).

14. Rule 37 specifically authorizes a court to strike "pleadings or parts thereof" and to "prohibit[] [the untimely] party from . . . introducing designated matters into evidence." Fed. R.

---

[5] Rule 26(f) provides for the submission to the court of a discovery scheduling order such as this Court's Order.

4

Civ. P. 37(b)(2)(A). *See, e.g.*, *Stein v. Foamex Int'l, Inc.*, No. CIV. A. 00-2356, 2001 WL 936566, at *6-7 (E.D.Pa. Aug. 15, 2001) (striking untimely expert affidavit that "materially alter[ed] his intended expert testimony at trial"); *Shalley v. City of Philadelphia*, No. CIV. A. 94-5883, 1996 WL 210795, at *3 (E.D. Pa. April 30, 1996) (confining plaintiff's expert to the findings and opinions in his original report and prohibiting testimony regarding untimely supplemental materials).

15. It is critical to the manageability of the upcoming estimation hearing that this case proceed on a clear, established, and closed evidentiary record. Allowing experts to supplement, or supplant, their work and amend, change or create new mathematical models and the opinions based thereon, on which they have already been deposed and other parties have responded, would mock the months of work done in preparation for the hearing and be extremely prejudicial – not to mention just plain unfair – to the parties and the Court.

16. Allowing the Stallard Declaration to stand would necessitate further discovery, further expert work by the Debtors, and further *Daubert* motions and briefing.

17. Clearly, admission of these untimely materials at this extremely late stage will "disrupt the orderly and efficient trial" of this already protracted matter. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3d Cir. 1994).

18. The ACC and the FCR have themselves repeatedly requested finality to discovery in this case.

19. The ACC's "position is that . . . there has to be an end to discovery sufficiently in advance of trial so people can prepare for trial." (October 25, 2007 Hr'g Tr. at 72).[6] Counsel for

---

[6] Attached hereto as Exhibit D.

the ACC has noted that "[w]hether it's a multi-billion dollar patent case or a bus accident case, you get your discovery done by the deadline." (October 25, 2007 Hr'g Tr. at 69)

20. Counsel for the FCR has likewise expressed a desire to complete discovery, and noting its concern that without finality, "[w]e're never going to try this case." (August 1, 2007 Hr'g Tr. at 71)[7]

21. The rules require – and practicality and fairness demand – that untimely expert work be barred. Claimants agree with these principles, but now seek an exception for their experts to submit new documents and new work.

22. The Court should bar this new material and send a strong message to all the parties that the estimation hearing must proceed on the established, closed record of expert work and opinions.

23. The Debtors have met and conferred with counsel for the FCR with respect to the matters set forth in this Motion but have been unable to reach agreement with respect to resolving this dispute.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) striking the Stallard Declaration and the portions of the FCR *Daubert* Motion that rely on the Stallard Declaration, and (ii) barring any evidence that relies upon this or any other untimely expert work.

December 18, 2007                               Respectfully submitted,

                                                KIRKLAND & ELLIS LLP

---

[7] Attached hereto as Exhibit E.

/s/ David M. Bernick, P.C.
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, IL  60601
Telephone:  (312) 861-2000
Facsimile:   (312) 861-2200

-and-

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400

*Co-Counsel for the Debtors and Debtors in Possession*
