# EXHIBIT D

```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE

IN RE:                              . Case No. 01-1139(JKF)
                                    .
                                    .
W.R. GRACE & CO.,                   . 5414 USX Tower Building
                                    . Pittsburgh, PA  15222
                                    .
              Debtor.               .
                                    . October 25, 2007
. . . . . . . . . . . . . . . . . . . 2:07 p.m.

                       TRANSCRIPT OF HEARING
              BEFORE HONORABLE JUDITH K. FITZGERALD
                UNITED STATES BANKRUPTCY COURT JUDGE
```

APPEARANCES:

For the Debtor:             Kirkland & Ellis, LLP
                            By:  JANET BAER, ESQ.
                                 LISA ESAYIAN, ESQ.
                                   (telephonic appearance)
                                 DAVID M. BERNICK, P.C., ESQ.
                                 AMANDA BASTA, ESQ.
                                 BARBARA HARDING, ESQ.
                                   (telephonic appearance)
                                 ELLEN AHERN, ESQ.
                                   (telephonic appearance)
                            Aon Center
                            200 East Randolph Drive
                            Chicago, IL  60601

For the Debtor:             Reed Smith, LLP
                            By:  JAMES J. RESTIVO, JR., ESQ.
                            435 Sixth Avenue
                            Pittsburgh, PA  15219

Audio Operator:             Janet Heller

Proceedings recorded by electronic sound recording, transcript
           produced by transcription service.

---

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey  08619
E-mail:  jjcourt@optonline.net

(609) 586-2311    Fax No.  (609) 587-3599

1 obviously up to you.  It's a matter of case management to a
2 certain extent, but it goes way beyond that.  We're talking
3 about people -- lawyers taking the stand who have been
4 intimately involved in this case, who have actively resisted
5 discovery, who have violated Your Honor's orders, and who are
6 now going to appear on behalf of the ACC while at the same time
7 they go down to Texas to protect themselves, and I can't cross
8 examine them.  I have -- it's as plain as day that that is a
9 violation of our rights.  And if they want to justify it on the
10 grounds that it's somehow too late, and the case has gone on
11 for five years, they are the ones who have created the timing
12 problem, and all they want to do today is to laugh
13 unprofessionally at a problem of their own creation.
14            MR. FINCH:  Very briefly, Your Honor.  With respect
15 to the Rule 408 argument, the exact same argument was
16 considered and rejected in a case called Babcock & Wilcox.  I
17 don't have the cite off the top of my head.  The decision was
18 issued on February the 7th or February the 8th, 2002.
19            Secondly, I grew up trying cases in the Eastern
20 District of Virginia, and there were deadlines for when you
21 have to get your discovery done.  Whether it's a multi-billion
22 dollar patent case or a bus accident case, you get your
23 discovery done by the deadline.  I had a scheduling conference
24 with the debtor in August of this year, and I said, look, we've
25 identified some plaintiff lawyers on our fact discovery list a

1           THE COURT:  Well --

2           MR. FINCH:  -- the evidence of the -- what the settle

3  -- what Grace told them and the criteria they had to meet isn't

4  always in the documents, and also the evidence that the -- that

5  the -- I mean my suggestion, Your Honor, is this is an issue

6  that you can resolve on a witness-by-witness or question-by-

7  question basis at trial.  I am not stopping him from going out

8  and taking the depositions of these lawyers.  My suggestion is

9  he's had a long time to do it, and he sat on his hands.  But if

10 he wants to take their depositions, he can take their

11 depositions, and he can fight with them about the documents.

12 But my position is that (a) there has to be an end to discovery

13 sufficiently in advance of trial so people can prepare for

14 trial, (b) there is -- there has been no opening the door by

15 the ACC or the FCR or the claimants' counsel in the way that

16 Grace has, and (c) this is a -- the idea that he -- that the

17 debtor would come in and ask for relief from the schedule when

18 it has known the identity of these people for over a year and a

19 half and could've taken their depositions at any point in that

20 time is a little bit hard to swallow.  Thank you, Your Honor.

21          MR. BUSBY:  Your Honor, Leonard Busby again, if I may

22 for just a moment?

23          THE COURT:  Yes, sir.

24          MR. BUSBY:  Thank you so much, Your Honor.  I just

25 wanted to comment that there's no intent on the part of Mr.