IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. 17550** |

# DEBTORS' WITNESS DISCLOSURE

In accordance with the Court's December 5, 2007 Revised and Amended Case Management Order For The Estimation Of Asbestos Personal Injury Liabilities (Docket No. 17550), the Debtors hereby submit their list of trial witnesses. The "Topic" of the testimony identified below is meant to be summary in nature. Each witness may testify as to all topics identified in their expert report (if any), in discovery, and to other appropriate topics about which they are competent and knowledgeable. Additionally, the fact witnesses, where appropriate, may provide lay opinions related to their testimony.

| Witness Name | Topic | Status | Live |
|---|---|---|---|
| Dr. Elizabeth Anderson | Expert Witness. Dr. Anderson will testify about risk assessment techniques, claimants' exposure to Grace products, and whether such exposures could have caused disease. | Will Call | X |
| David T. Austern | Fact Witness. If necessary, Mr. Austern may testify regarding the practices and criteria of the Manville trust in accepting or denying claims. | May Call | X |
| Dr. James W. Ballard | Fact Witness. If necessary, Dr. Ballard may be called to testify regarding the methods he used to diagnose plaintiffs with asbestos-related diseases for purposes of litigation. | May Call | |
| Dr. Gordon Bragg | Expert Witness. If necessary, Dr. Bragg may testify about when and how asbestos fibers are released, and how they are measured. | May Call | X |
| James Cintani | Fact Witness. If necessary, Mr. Cintani may testify about the composition, application, sales and use of Grace products over time and to lay foundation for the admission of documents. | May Call | X |

DOCS_DE:133828.1

| | | | |
|---|---|---|---|
| Dr. Michael Conner | Fact Witness. If necessary, Dr. Conner may testify regarding the methods he used to diagnose plaintiffs with asbestos-related diseases for purposes of litigation. | May Call | |
| Jeffrey Dahl | Fact Witness. If necessary, Mr. Dahl may testify about the PIQ/POC database. | May Call | X |
| Dr. Frederick Dunbar | Expert Witness. If necessary, Dr. Dunbar may testify about asbestos personal injury claims and the estimation of asbestos personal injury claims. | May Call | X |
| Thomas Egan | Fact Witness. If necessary, Mr. Egan may testify about the composition, application, sales and use of Grace products over time and to lay foundation for the admission of documents. | May Call | X |
| Dr. B. Thomas Florence | Expert Witness. Dr. Florence will testify about the estimate of Grace's current and future asbestos personal injury claims and liabilities. | Will Call | X |
| Charles Foster | Fact Witness. If necessary, Mr. Foster may testify regarding practices employed by his screening company in evaluating potential plaintiffs for asbestos-related disease for purposes of litigation. | May Call | |
| Dr. Dominic Gaziano | Fact Witness. If necessary, Dr. Gaziano may testify regarding the methods he used to diagnose plaintiffs with asbestos-related diseases for purposes of litigation. | May Call | |
| Dr. Stephen Haber | Expert Witness. If necessary, Dr. Haber may testify about the reliability of medical evidence generated for litigation, as well as the role of occupational history, medical history, and ruling out alternative causes of disease in the diagnosis of asbestos-related disease. | May Call | X |
| Pamela May Hare | Fact Witness. If necessary, Ms. Hare may testify regarding screening company practices employed in evaluating potential plaintiffs for asbestos-related disease for purposes of litigation. | May Call | |
| Dr. Andrew Harron | Fact Witness. If necessary, Dr. A. Harron may testify regarding the methods he used to diagnose plaintiffs with asbestos-related diseases for purposes of litigation. | May Call | |
| Dr. Ray A. Harron | Fact Witness. If necessary, Dr. R. Harron would testify regarding the methods he used to diagnose plaintiffs with asbestos-related diseases for purposes of litigation. | May Call | |

| Name | Description | Call Status | |
|---|---|---|---|
| Dr. Daniel Henry | Expert Witness. Dr. Henry will testify about the use of various methods of radiographic imaging in diagnosing asbestos-related disease and his analysis of claimants' radiographic evidence of asbestos exposure or cancer. | Will Call | X |
| Dr. Edward Holmes | Fact Witness. If necessary, Dr. Holmes may testify regarding the methods he used to diagnose plaintiffs with asbestos-related diseases for purposes of litigation. | May Call | |
| Patricia Houser | Fact Witness. If necessary, Ms. Houser may testify regarding the practices and criteria of the Manville Trust in accepting or denying claims. | May Call | |
| Jay W. Hughes, Jr. | Fact Witness. If necessary, Mr. Hughes may testify in rebuttal regarding Grace's pre-petition settlement practices and to lay foundation for the admission of documents. | May Call | X |
| Steven Kazan | Fact Witness. If necessary, Mr. Kazan may testify regarding plaintiffs' law firms' claim generation practices. | May Call | |
| Dr. Richard Lee | Expert Witness. If necessary, Dr. Lee may testify about when and how asbestos fibers are released, how they are measured, and methods for converting measurements taken with different analytic techniques. | May Call | X |
| Dr. Peter Lees | Expert Witness. Dr. Lees will testify about Grace's asbestos-containing products and the magnitude of claimants' potential exposure to such products. | Will Call | X |
| Dr. Richard Levine | Fact Witness. If necessary, Dr. Levine may testify regarding the methods he used to diagnose plaintiffs with asbestos-related diseases for purposes of litigation. | May Call | |
| Dr. Philip Lucas | Fact Witness. If necessary, Dr. Lucas may testify regarding the methods he used to diagnose plaintiffs with asbestos-related diseases for purposes of litigation. | May Call | |
| Charles Heath Mason | Fact Witness. If necessary, Mr. Mason may testify regarding practices employed by his screening company in evaluating potential plaintiffs for asbestos-related disease for purposes of litigation. | May Call | |
| Rhonda Mason | Fact Witness. If necessary, Ms. Mason may testify regarding screening company practices employed in evaluating potential plaintiffs for asbestos-related disease for purposes of litigation. | May Call | |

DOCS_DE:133828.1

| | | | |
|---|---|---|---|
| David Maxam | Fact Witness. If necessary, Mr. Maxam would testify regarding the practices and criteria employed by the UNR Asbestos Trust in accepting or denying claims. | May Call | |
| John L. Mekus | Fact Witness. If necessary, Mr. Mekus may testify regarding the practices and criteria of the Celotex Trust in accepting or denying claims. | May Call | |
| Dr. Suresh Moolgavkar | Expert Witness. Dr. Moolgavkar will testify about principles of epidemiology, the epidemiology of asbestos related disease, and the impact of exposure to Grace products on a person's risk of disease based on the epidemiological literature. | Will Call | X |
| William B. Nurre | Fact Witness. If necessary, Mr. Nurre may testify regarding the practices and criteria of the Eagle-Picher, UNR and Keene trusts in accepting or denying claims. | May Call | |
| Dr. Walter Allen Oaks | Fact Witness. If necessary, Dr. Oaks may testify regarding the methods he used to diagnose plaintiffs with asbestos-related diseases for purposes of litigation. | May Call | |
| Dr. Howard Ory | Expert Witness. Dr. Ory will testify about the estimation of current, and projection of future, medical cases of asbestosis and mesothelioma in the United States. | Will Call | X |
| Dr. John Parker | Expert Witness. If necessary, Dr. Parker may testify about the pulmonology of asbestos-related disease, the diagnosing of asbestos-related disease, and the reliability of medical evidence generated for litigation. | May Call | X |
| Dr. Joseph Rodricks | Expert Witness. Dr. Rodricks will testify about the scientific methods available for understanding risk and disease causation and exposure to asbestos. | Will Call | X |
| Dr. Alvin Schonfeld | Fact Witness. If necessary, Dr. Schonfeld may testify regarding the methods he used to diagnose plaintiffs with asbestos-related diseases for purposes of litigation. | May Call | |
| Dr. Jay Segarra | Fact Witness. If necessary, Dr. Segarra may testify regarding the methods he used to diagnose plaintiffs with asbestos-related diseases for purposes of litigation. | May Call | |
| Dr. David Weill | Expert Witness. Dr. Weill will testify about the pulmonology of asbestos-related disease, the diagnosing of asbestos-related disease, and the reliability of medical evidence generated for litigation. | Will Call | X |

DOCS_DE:133828.1

Debtors reserve the right to call additional witnesses, including but not limited to any witness named on any other party's witness list, to establish authentication, foundation or other evidentiary predicates, or for other appropriate purposes, including but not limited to, rebuttal and impeachment.

Dated:  December 21, 2007

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Scott McMillin
Ellen T. Ahern
200 East Randolph Drive
Chicago, Illinois 60601
Telephone  (312) 861-2000
Facsimile   (312) 861-2200

KIRKLAND & ELLIS LLP
Barbara M. Harding
David Mendelson
Brian T. Stansbury
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone  (202) 879-5000
Facsimile   (202) 879-5200

*and*

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone  (302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession