IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: January 11, 2008 at 4:00 p.m.**
**Hearing Date: January 28, 2008 at 1:00 p.m.**

## DEBTORS' SECOND APPLICATION REQUESTING THE APPROVAL OF AN ORDER AUTHORIZING THE FURTHER EXPANSION OF THE SCOPE OF SERVICES TO BE PROVIDED BY DELOITTE & TOUCHE LLP TO THE DEBTORS TO INCLUDE CERTAIN ENTERPRISE RISK MANAGEMENT SERVICES AND CRISIS MANAGEMENT PLANNING SERVICES

The above-captioned debtors and debtors in possession (the "Debtors") hereby submit this second application (this "Second Application") for entry of an order authorizing the expansion of the scope of services to be provided by Deloitte & Touche LLP ("Deloitte & Touche") to the Debtors to include certain Enterprise Risk Management Services and Crisis Management Planning Services (each as defined below). Attached hereto as <u>Exhibit A</u> is the affidavit of Edmond Landry filed in support of this Second Application (the "Landry Affidavit").

---

[1]     The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1. The Court has jurisdiction over this Second Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Second Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein are sections 327(a) and 328(a) of the Bankruptcy Code and Fed. R. Bank. P. 2014(a) and 5002.

## Background

2. On April 2, 2001 (the "Petition Date"), the Debtors each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and such cases have been ordered jointly administered. The Debtors continue to be authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The initial application of the Debtors seeking authority to employ and retain Deloitte & Touche as customs services providers, and tax and compensation advisors to the Debtors *nunc pro tunc* to February 4, 2003 was filed by the Debtors on April 25, 2003 (the "Deloitte & Touche Retention Application"). The order approving the Deloitte & Touche Retention Application was signed by the Court on June 17, 2003. On July 19, 2004, the Court entered an order authorizing the first expansion of the scope of services permitted to be provided by Deloitte & Touche to the Debtors under such application to include certain lease consulting services.

4. Following the retention of Deloitte & Touche in these Chapter 11 cases, Deloitte & Touche implemented a reorganization of some of its business units. Consistent with this reorganization, Deloitte Consulting LLP ("Deloitte Consulting") sought to be retained as compensation advisors and to provide certain lease consulting services to the Debtors in these

Chapter 11 cases. On September 27, 2004 the Court entered an order approving the retention of Deloitte Consulting *nunc pro tunc* to July 1, 2004. Similarly, Deloitte Tax LLP ("Deloitte Tax") sought to be retained as tax services providers to the Debtors in these Chapter 11 cases. On December 24, 2004 the Court entered an order approving the retention of Deloitte Tax *nunc pro tunc* to August 22, 2004. In addition the foregoing, Deloitte Financial Advisory Services LLP ("Deloitte FAS") recently sought to be retained to provide certain due diligence services to the Debtors. On November 26, 2007 the court entered an order approving the retention of Deloitte FAS *nunc pro tunc* to October 1, 2007.

### Relief Requested

5. By this Second Application, the Debtors request the entry of an order authorizing them to further expand the scope of the retention of Deloitte & Touche pursuant to sections 327 and 328 of the Bankruptcy Code during these Chapter 11 cases to include the provision of (a) certain enterprise risk management services as more fully described below (the "Enterprise Risk Management Services") and in the engagement letter dated May 23, 2007 entered into between the Debtors and Deloitte & Touche, and attached hereto as <u>Exhibit B</u> (the Enterprise Risk Management Services Engagement Letter"), and (b) certain crisis management planning services as more fully described below (the "Crisis Management Planning Services") and in the engagement letter dated June 28, 2007 entered into between the Debtors and Deloitte & Touche, and attached here to as <u>Exhibit C</u> (the "Crisis Management Planning Services Engagement Letter"). The Enterprise Risk Management Services and the Crisis Management Planning Services are hereinafter collectively referred to as the "Expanded Scope Services", and the Enterprise Risk Management Services Engagement letter and the Crisis Management Planning Services Engagement Letter are hereinafter collectively referred to as the "Expanded Scope Services Engagement Letters".

**Description of the Expanded Scope Services, and
Qualifications of Deloitte & Touche LLP**

6. As set forth in Enterprise Risk Management Engagement Letter, the Enterprise Risk Management Services consist of assisting the Debtors in supporting their enterprise risk management implantation initiative, including assisting the Debtors in (a) developing and launching its risk management approach, (b) completing a self assessment of its key risks and developing an overall organizational risk profile, and (c) prioritizing their risks and identifying enterprise risk management capability improvement opportunities.

7. As set forth in the Crisis Management Planning Engagement Letter, the Crisis Management Planning Services consist of assisting the Debtors in (a) identifying and validating the organizational components of their crisis management plan, (b) assessing their existing crisis management process, and (c) identifying, validating, and developing the components of their crisis management plan.

8. Deloitte & Touche personnel have considerable experience in providing clients, both in and out of bankruptcy, with services similar to the Expanded Scope Services it anticipates providing to the Debtors in these Chapter 11 cases. In particular, personnel of Deloitte & Touche routinely assist clients by providing various enterprise risk and crisis planning management service, similar to the Expanded Scope Services hereunder. Further, as a result of the services provided to the Debtors in these Chapter 11 cases by Deloitte Consulting, Deloitte Tax and Deloitte FAS, Deloitte &Touche has considerable institutional knowledge of the Debtors at its disposal. Because of (a) the experience and knowledge of the personnel of Deloitte & Touche and its affiliates in providing services of the nature for which its expanded scope of retention is sought under this Second Application, and (b) the familiarity of such personnel with the Debtors' business and affairs, the Debtors' management believes that Deloitte

& Touche is well-qualified to provide the Expanded Scope Services to the Debtors in these Chapter 11 cases in an efficient and cost-effective manner.

9. The Debtors believe that the Expanded Scope Services are necessary to enable the Debtors to maximize the value to their estates by assisting the Debtors in assessing and restructuring their enterprise risk and crisis planning management requirements and processes. The Debtors also believe that the Expanded Scope Services will not duplicate the services that other professionals may provide to the Debtors in these Chapter 11 cases, nor can any other professionals currently retained by the Debtors provide such services. Furthermore, Deloitte & Touche will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of services. At the Debtors' request, Deloitte & Touche began the provision of the Expanded Scope Services on or about June of 2007.

## Deloitte & Touche LLP's Disinterestedness

10. Based on the representations contained in the Landry Affidavit, the Debtors believe that Deloitte & Touche and the Deloitte & Touche Engagement Partners/Principals/Directors (as defined in the Landry Affidavit) are disinterested as such term is defined pursuant to Section 101(14) of the Bankruptcy Code.

11. As set forth in the Landry Affidavit, because Deloitte & Touche is a nationwide firm with thousands of personnel, and because the Debtors are a large enterprise, Deloitte & Touche LLP, is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, Deloitte & Touche has represented in the Landry Affidavit that if Deloitte & Touche discovers additional information that it determines requires disclosure, Deloitte & Touche LLP will file a supplemental disclosure with the Court promptly.

**Compensation and Expense Reimbursement**

12. Subject to the Court's approval and pursuant to the terms and conditions of the Expanded Scope Services Engagement Letters, the Debtors propose to compensate Deloitte & Touche at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by Deloitte & Touche. Deloitte & Touche seeks to be retained pursuant to this Second Application at the following hourly rate ranges by personnel classification:

| Personnel Classification | Hourly Billing Rates |
|---|---|
| Partner, Principal, or Director | $355 to $710 |
| Senior Manager | $330 to $650 |
| Manager | $275 to $550 |
| Senior Staff | $195 to $465 |

The hourly billing rates set forth above reflect, among other things, differences in experience levels within classifications, geographic differentials and differences between types of services being provided. In the normal course of business, Deloitte & Touche revises its regular hourly billing rates to reflect changes in responsibilities, increased experience, and increased costs of doing business. Accordingly, the Debtors request that Deloitte & Touche be permitted to revise the aforementioned rates to the hourly billing rates that will be in effect from time to time. Changes in regular hourly billing rates will be noted by Deloitte & Touche on the invoices for the first time period in which the revised rates became effective.

13. The professional fees charged for Deloitte & Touche's services are calculated from the actual hours expended in providing the services multiplied by the regular hourly billing rates for the specific personnel involved. In addition, reasonable expenses, including travel, report production, delivery services, and other expenses incurred in providing the services, will be included in the total amount billed. Deloitte & Touche will maintain reasonably detailed

records of any costs and expenses incurred in connection with its provision of the Expanded Scope Services.

14. Because the Expanded Scope Services involve the performance of tasks that may readily be grouped into discrete categories, the Debtors request that Deloitte & Touche be relieved from the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, and any applicable orders of this Court, requiring Deloitte & Touche to provide daily activity descriptions of its personnel providing the Expanded Scope Services as part of its monthly fees statements, or interim or final fee applications in these Chapter 11 cases. Instead, the Debtors seek approval of the Court hereunder for Deloitte & Touche to provide daily time records of its personnel providing the Expanded Scope Services reflecting the number of hours devoted by such personnel to the discrete categories of tasks comprising the Expanded Scope Services as part of such monthly fees statements, and interim and final fee applications. Except as set forth above, Deloitte & Touche will seek compensation and reimbursement of expenses for the provision of the Expanded Scope Services in accordance with the applicable provisions of Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, and any applicable orders of the Court.

15. All payments rendered pursuant to Deloitte & Touche's retention by the Debtors must be approved by an order of this Court and based upon the filing by Deloitte & Touche LLP of appropriate interim, if applicable, and final applications for allowance of compensation and reimbursement of expenses.

## Notice

16. Notice of this Second Application has been given to: (i) the United States Trustee, (ii) the debtor-in-possession lenders, (iii) counsel to Chase Manhattan Bank as agent to prepetition lenders, (iv) counsel to all official committees appointed by the United States

Trustee; (v) counsel to the Future Claimants' Representative, and (vi) all those parties that requested service and notice of papers in accordance with Federal Rules of Bankruptcy Procedure 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

17.   No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order (i) authorizing them to expand the scope of the retention of Deloitte & Touche to include the provision of the Expanded Scope Services pursuant to the terms of this Second Application, the Landry Affidavit and the Expanded Scope Services Engagement Letters, (ii) approving the provision by Deloitte & Touche of daily time records of its personnel providing the Expanded Scope Services reflecting the number of hours devoted by such personnel to the discrete categories of tasks comprising the Expanded Scope Services as part of its monthly fees statements, and interim and final fee applications, and (iii) granting such further relief as is just and proper.

Dated: December 21, 2007

Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

PACHULSKI, STANG, ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession