IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | **Related Docket Nos.** _____ |

**ORDER AUTHORIZING THE DEBTORS' SECOND APPLICATION REQUESTING THE APPROVAL OF AN ORDER AUTHORIZING THE FURTHER EXPANSION OF THE SCOPE OF SERVICES TO BE PROVIDED BY DELOITTE & TOUCHE LLP TO THE DEBTORS TO INCLUDE CERTAIN ENTERPRISE RISK MANAGEMENT SERVICES AND CRISIS MANAGEMENT PLANNING SERVICES**

Upon consideration of the second application (the "Second Application")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seeking entry of an order authorizing the expansion of the scope of services to be provided by Deloitte & Touche LLP ("Deloitte & Touche") to the Debtors to include certain Enterprise Risk Management Services and Crisis Management Planning Services; and upon the Affidavit of Edmund Landry

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Application.

(the "Landry Affidavit"); and the Court being satisfied, based on the representations made in the Application and Landry Affidavit, that Deloitte & Touche represent no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that Deloitte & Touche is a "disinterested person" as that term is defined under section 104(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), and that the employment of Deloitte & Touche is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted; and it is further

ORDERED that the Debtors are authorized to further expand the scope of services provided by Deloitte & Touche to serve the Debtors in these Chapter 11 cases by providing certain enterprise risk management services (the "Enterprise Risk Management Services") and certain crisis management planning services (the "Crisis Management Planning Services") in accordance with the terms of the Second Application, the Landry Affidavit, the Enterprise Risk Management Services Engagement Letter and the Crisis Management Planning Services Engagement Letter; and it is further

ORDERED that with respect to the Expanded Scope Services performed by Deloitte & Touche under the Enterprise Risk Management Services Engagement Letter and the Crisis Management Planning Services Engagement Letter during the pendency of these Chapter 11 cases, paragraphs 6(a) and 6(c) of the General Business Terms attached to such engagement letters shall be deemed to be null and void; and it is further

ORDERED that Deloitte & Touche shall be relieved of the requirements to provide daily activity descriptions of its personnel providing Expanded Scope Services and instead shall provide daily time records of its personnel reflecting the number of hours devoted by such personnel to the discrete categories of tasks comprising Expanded Scope Services of part of its monthly fee statements and interim and final fee applications; and it is further

ORDERED that, other than the exceptions detailed herein, Deloitte & Touche shall be compensated for services provided and reimbursed for expenses incurred in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court, including without limitation, (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (together, the "Administrative Order"); and it is further

ORDERED that, notwithstanding anything to the contrary herein or in the Second Application, the Landry Affidavit or the Administrative Order, Deloitte & Touche's fees shall be subject to the approval of the Court under a reasonableness standard upon proper application by Deloitte & Touche in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, including, without limitation, the Administrative Order; and it is further

91100-001\DOCS_DE:133830.1

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2008

>                             _____
>                             The Honorable Judith K. Fitzgerald
>                             United Stated Bankruptcy Judge