# EXHIBIT 27

US District Court - Delaware  FINAL COPY - Sept. 19, 2007
Chapter 11 - W.R. Grace  Gordon McAlpine Bragg

Page 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

CHAPTER 11

IN RE:
W.R. GRACE & CO., et al.
    Debtors.

Case No. 01-1139 (JFK)
Jointly Administered

---

DEPOSITION OF
Gordon McAlpine Bragg
September 19, 2007
Toronto, Ontario, Canada
Lead: Bernard Bailor, Esquire
Firm: Caplin & Drysdale

FINAL COPY
JANE ROSE REPORTING 1-800-825-3341

US District Court - Delaware  FINAL COPY - Sept. 19, 2007
Chapter 11 - W.R. Grace  Gordon McAlpine Bragg

Page 148

1       MS. AHERN: And I interjected an
2  objection.
3       BY MR. CUTLER:
4       Q. **And to make sure we're all on the**
5  **same page, when I refer to the mechanisms in Paragraph**
6  **14, you understand that to be the comminution force, the**
7  **force to break electrostatic attraction, and the air flow**
8  **sufficient to suspend the asbestos?**
9       MS. AHERN: And I renew my objection.
10      THE WITNESS: I'm going to answer your
11 question in two parts.
12      First, in order to perform an exposure
13 analysis, I need the data that's in this table. I may
14 possibly not use the second column, which is the basis
15 for identification; however, I repeat that, as I
16 mentioned before, the three mechanisms, three physical
17 mechanisms denote the physics behind what in this
18 questionnaire will appear as industrial processes.
19      It will, for example, appear in here as
20 possibly an electrician removed insulation in order to
21 install a switch box. It will appear as someone who
22 scraped something off because he wanted to make a hole in
23 a surface. This will be the way those, that physics
24 evidences itself. No one will mention in this
25 questionnaire comminution, adhesion or dispersion. That

US District Court - Delaware                FINAL COPY - Sept. 19, 2007
Chapter 11 - W.R. Grace                          Gordon McAlpine Bragg

Page 149

1   is simply a part of my report which explains the physics
2   behind the rather more practical evidence we need to do
3   an exposure assessment.
4           So in answer to your question, I need
5   that table, Part IV. I need parts of it; for example, on
6   Part IV, Question 8 may be relevant, 9, potentially 10.
7   On Part V... I'm sorry, I can't... I can't do it. I
8   can't read the dark one, but certainly I would be
9   astonished if I didn't need that material, even though I
10  don't know what it is.
11          MS. AHERN: Just let the record reflect
12  that the copies that we're looking at on page 11 have a
13  box chart where again, the copy quality prevents him
14  reading the titles on the columns.
15          BY MR. CUTLER:
16      **Q. Let me help the witness. I believe**
17  **that each of these columns is an identical heading to**
18  **what we saw in Exhibit 3. I can run through them -- I'm**
19  **sorry, not exhibit 3; Part III of Bragg Exhibit 7. The**
20  **first column is "Product" --**
21          A. If you would make that stipulation,
22  then I would have the same answer.
23          **Q. All right.**
24          A. Part VI; that's important for
25  chronology and duration, and Part VII would not be of