# EXHIBIT 30

US District Court - Delaware  
Chapter 11 - W.R. Grace  
FINAL - November 1, 2007  
Jacob Jacoby, Ph.D.

Page 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
---------------------------------------
CHAPTER 11
IN RE:
W.R. GRACE & CO., et al.,
    Debtors

Case No. 01-1139 (JFK)
Jointly Administered
---------------------------------------

DEPOSITION OF
Jacob Jacoby, Ph.D.
November 1, 2007
New York, New York
Lead: Elli Leibenstein, Esquire
Firm: Kirkland & Ellis

FINAL COPY
JANE ROSE REPORTING    1-800-825-3341

US District Court - Delaware  
Chapter 11 - W.R. Grace

FINAL - November 1, 2007  
Jacob Jacoby, Ph.D.

Page 82

1   your full objection against the federal rules.
2       MR. ANSBRO: Dr. Jacoby, when I have
3   completed my objection you may answer the
4   question.
5       My objection is as to the form and
6   specifically the word "would." It is vague, it
7   is ambiguous, and it calls for speculation.
8       MR. LEIBENSTEIN: This is improper.
9   These are improper objections.
10       A.   The answer to the question is --
11       MR. LEIBENSTEIN: And I will hold the
12   deposition open because of these improper
13   objections.
14       A.   I don't know.
15       Q.   Did Orrick ever ask you to make any
16   assumptions about whether lawyers would continue
17   to develop their cases because of other
18   defendants in the cases in which Grace was sued?
19       A.   No.
20       Q.   As far as you know, did the stay
21   prevent lawyers for the claimants from talking
22   to the plaintiffs' co-workers?
23       MR. ANSBRO: I'm sorry, may I hear the
24   question back?
25       (Question read)

JANE ROSE REPORTING  
1-800-825-3341   janerosereporting.com

US District Court - Delaware  
Chapter 11 - W.R. Grace

FINAL - November 1, 2007  
Jacob Jacoby, Ph.D.

Page 83

1  A. I don't know.
2  Q. Did the stay prevent lawyers from
3  talking to clients or family members?
4  A. I don't know.
5  Q. Did Orrick Herrington ask you to make
6  any assumptions about that?
7  A. No.
8  Q. Would you agree with me that if you
9  look at the assumptions that Orrick Herrington
10  asked you to make about exposure, those
11  assumptions do not relate to what the employee's
12  occupation was as opposed to whether they were
13  exposed specifically to Grace product?
14  A. My recollection is I was not asked to
15  consider occupation, and even had I been asked
16  to, I wouldn't have the requisite background to
17  make evaluations.
18  Q. Would you agree with me that you
19  weren't asked also as to whether there would be
20  additional discovery as to what the plaintiffs
21  did with respect to either installing or mixing
22  asbestos?
23  A. I am missing something. Maybe it is
24  too --
25  Q. I'll try it again.

JANE ROSE REPORTING  
1-800-825-3341  janerosereporting.com

US District Court - Delaware  FINAL - November 1, 2007
Chapter 11 - W.R. Grace  Jacob Jacoby, Ph.D.

Page 86

1  whether any further discovery could have been
2  done by the plaintiffs' lawyers?
3      A.  I did make such assumptions. Oh, as
4  far as -- no, you are right. I am talking about
5  defendant could have.
6      Q.  That's right. Would you agree with me
7  you weren't asked to make any assumption about
8  whether there could have been any further
9  discovery by plaintiffs with respect to whether
10  the plaintiffs either mixed or installed
11  asbestos or did not?
12      MR. ANSBRO:  Objection to form.
13      A.  That's correct. I don't recall being
14  asked any -- anything on that or told anything
15  on that.
16      Q.  Would you agree with me that with
17  respect to whether a claimant mixed or installed
18  asbestos, that's not something you would take
19  discovery from Grace about, is that correct?
20      MR. ANSBRO:  Objection to form. Go
21  ahead. Form and foundation, and to the extent
22  it calls for an opinion beyond this witness's
23  expertise.
24      Go ahead.
25      A.  I would presume that Grace wouldn't

US District Court - Delaware
Chapter 11 - W.R. Grace

FINAL - November 1, 2007
Jacob Jacoby, Ph.D.

Page 87

1  know.
2      Q. And you would need to talk to third
3  parties about that, isn't that correct?
4      A. That I don't know. You might be able
5  to find out from third parties.
6      Q. Now, you talked about -- well, strike
7  that.
8          Would you agree with me that the work
9  done by Princeton Research group -- I'm sorry,
10 what's the name?
11     A. The Princeton Research Consulting
12 Center, PRCC.
13     Q. Would you agree with me that the PRCC
14 determined that 96 percent of the claimants
15 provided medical information?
16     A. I don't recall that from their report.
17     Q. Do you have appendix C, table one?
18         MR. ANSBRO: C?
19     A. I think -- yes, I do have -- let's
20 make sure it is C. But I do have -- yes, it is.
21     Q. Do you see that for mesothelioma, 96
22 percent of the claimants provided medical
23 information in answer to part two?
24     A. What I see is that they fully answered
25 part two.