IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | ) (Jointly Administered) |
| Debtors. | ) Related Dkt. No. 17550 |

**FUTURE CLAIMANTS' REPRESENTATIVE'S DISCLOSURE OF WITNESSES HE MAY CALL AT THE ASBESTOS PERSONAL INJURY ESTIMATION HEARING**

David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants (the "FCR"), hereby identifies the individuals who may be called by the FCR as witnesses at the asbestos personal injury estimation hearing. The identification of any individual on this list does not necessarily mean that the FCR will offer testimony from that particular witness. This list constitutes the FCR's good faith attempt to identify those individuals whom he may call as witnesses during his case-in-chief.

The FCR reserves his right to call as witnesses any individuals disclosed as potential witnesses or called as witnesses by the other parties to this proceeding. The FCR further reserves the right to call any witness needed for impeachment or rebuttal purposes. If any other party refuses to stipulate to the authenticity of FCR trial exhibits, or that an exhibit qualifies as a business record within the meaning of Federal Rule of Evidence 803(6), the FCR reserves the right to call an appropriate records custodian to establish the authenticity and admissibility of a particular document.

The descriptions of the anticipated topics of the witnesses' testimony are summary in nature and focus on the areas which the FCR anticipates will form the bulk of the witnesses' testimony. Those summaries are not intended to be comprehensive and the FCR reserves his

right to examine the witnesses as to any topic within their knowledge or expertise which may be relevant to this litigation, including any and all topics as may be identified in the witness disclosures of any other party to this proceeding.

The FCR intends to designate prior testimony for certain adverse witnesses and witnesses who are outside of the jurisdiction of this Court or expected to be unavailable at the estimation hearing. If any of those witnesses are made available at the estimation hearing, the FCR reserves the right to conduct live examination of such witness.

## FACT WITNESSES

**David T. Austern** – Mr. Austern is the Court-appointed legal representative for future asbestos personal injury claimants. He may be called to give testimony concerning the fiduciary duties and responsibilities of a future claimants' representative; his understanding and evaluation of the liability estimation by Jennifer L. Biggs and the bases for his understanding and evaluation; the fairness of the various liability estimates to the future claimants; the pattern of claims against and his experience with the Manville Trust; and the values ascribed to mesothelioma claims.

**Robert Beber** (by deposition) – Mr. Beber was a General Counsel to W.R. Grace ("Grace") until sometime in 1998 and presently resides in Florida where he is not an employee of any party to this proceeding. The FCR may designate portions of Mr. Beber's deposition transcript as part of hiss case-in-chief. Topics may include Grace's past asbestos personal injury litigation, settlements by Grace, claims criteria applied in settlements, and past estimates by Grace of its asbestos personal injury liability.

**BMC Group, Inc.** (by deposition) – BMC Group was the mailing agent used for distribution of the Proof of Claim forms ("POCs") and Personal Injury Questionnaire ("PIQs"). The FCR may designate portions of BMC Group employee Stephanie Kjontvedt's deposition transcript as part of his case-in-chief. Topics may include the mailing of the POCs and PIQs, POC and PIQ delivery failures, and steps taken to address delivery failures.

**Celotex Asbestos Settlement Trust** (by deposition) – Celotex Asbestos Settlement Trust is the asbestos claim trust organized to process, liquidate and pay all valid asbestos personal injury claims resulting from exposure to asbestos through Celotex Corporation and/or Carey Canada Incorporated. The FCR may designate testimony from the Celotex Asbestos Settlement Trust responses to deposition on written questions in this proceeding and the deposition transcript of John Mekus, Executive Director of Celotex Asbestos Settlement Trust, as part of his case-in-chief. Topics may include the trust distribution procedures employed by the Celotex Asbestos Settlement Trust and the claims history against the Celotex Asbestos Settlement Trust.

**James Cintani** (by deposition) – Mr. Cintani is a former employee of Grace involved in sales and product development. The FCR may designate portions of the deposition of Mr. Cintani as part of his case-in-chief. Topics may include Mr. Cintani's sales activities and Grace products, their contents, uses and applications.

**Braxton Colley** (by prior testimony) – Mr. Colley, now deceased, obtained a verdict and subsequent settlement against Grace arising out of his development of mesothelioma. The FCR may designate portions of Mr. Colley's prior testimony as part of his case-in-chief. Topics may include facts relating to Mr. Colley's exposure to asbestos and his disease.

**Eagle Picher Personal Injury Settlement Trust** (by deposition) – Eagle Picher Personal Injury Settlement Trust is the asbestos claim trust established for the purpose of using its assets and income to pay bona fide asbestos personal injury claims resulting from exposure to asbestos through Eagle-Picher Industries, Inc. The FCR may designate testimony from the Eagle Picher Personal Injury Settlement Trust responses to deposition on written questions in this proceeding and the deposition transcript of Claims Processing Facility President, William B. Nurre, who testified on behalf of Eagle Picher Personal Injury Settlement Trust, as part of his case-in-chief. Topics may include the trust distribution procedures employed by the Eagle Picher Personal Injury Settlement Trust and the claims history against the Eagle Picher Personal Injury Settlement Trust.

**Thomas Egan** (by deposition) – Mr. Egan is a former employee of Grace involved in sales and product development. The FCR may designate portions of the deposition of Mr. Egan as part of his case-in-chief. Topics may include Mr. Egan's sales activities and Grace products, their contents, uses and applications.

**Thomas Florence** (by deposition) – Dr. Florence is President of Analysis, Research & Planning Corporation ("ARPC") who performed estimates of Grace's personal injury liability prior to Grace's filing of its bankruptcy petition. The FCR may designate portions of the depositions of Dr. Florence in this case and other cases as part of his case-in-chief. Topics may include Dr. Florence's testimony concerning his prior estimates of Grace's personal injury liabilities relating to asbestos, the bases for those analyses, and his other experiences in estimating the personal injury liabilities of other asbestos claim defendants.

**Jay Hughes** (by deposition) – Mr. Hughes currently serves as in-house counsel to Grace and manages its asbestos personal injury litigation. The FCR may designate portions of the depositions of Mr. Hughes in this case and other cases as part of his case-in-chief. Topics may include Mr. Hughes' testimony concerning Grace's past asbestos personal injury litigation, settlements by Grace, claims criteria applied in settlements, and past estimates by Grace of its asbestos personal injury liability.

**Keene Creditors Trust** (by deposition) – Keene Creditors Trust is the asbestos claim trust organized to resolve asbestos-related claims for which the Keene Corporation has legal responsibility. The FCR may designate testimony from the Keene Creditors Trust responses to deposition on written questions in this proceeding and the deposition transcript of Claims Processing Facility President, William B. Nurre, who testified on behalf of Keene Creditors Trust, as part of his case-in-chief. Topics may include the trust distribution procedures employed by the Keene Creditors Trust and the claims history against the Keene Creditors Trust.

**Jeffrey Posner** (by deposition) – Mr. Posner is a former Grace employee and presently acts as a consultant for Grace for the purposes of obtaining insurance proceeds relating to Grace's liability for asbestos claims. Mr. Posner resides in Florida. The FCR may designate portions of the depositions of Mr. Posner in this case and other cases as part of his case-in-chief. Topics may include Mr. Posner's testimony concerning information given to Grace insurance and indemnity providers during the course of making claims arising out of Grace's asbestos liabilities and/or negotiating settlements of Grace-held insurance and indemnity policies.

**Dayton Louis Prouty, Jr.** (by deposition) – Mr. Prouty, now deceased, obtained a settlement from Grace arising out of his development of mesothelioma. The FCR may designate portions of Mr. Prouty's prior deposition as part of his case-in-chief. Topics may include facts relating to Mr. Prouty's exposure to asbestos and his disease.

**Dan Rourke** (by deposition) – Mr. Rourke is an employee of ARPC who participated in the estimation of Grace's personal injury liability prior to Grace's filing of its bankruptcy petition. Mr. Rourke resides in New York. As part of his case-in-chief, the FCR may designate portions of Mr. Rourke's prior deposition in another proceeding concerning prior estimates of Grace's personal injury liabilities relating to asbestos, and the bases for those analyses.

**Rust Consulting, Inc.** (by deposition) – Rust Consulting, Inc. is the claims processing agent that Grace engaged to receive and process the POCs and PIQs, and to code the responsive information into a navigable database. Rust Consulting is based in Minnesota. The FCR may designate testimony from the deposition transcript of Rust Vice President, Jeffery Dahl, as part of his case-in-chief. Topics may include the development of the PIQ, the PIQ responses, the process for coding PIQ responses, and inquiries concerning the PIQs.

**David Siegel** (by deposition) – Mr. Siegel was Grace's General Counsel from 1999 to 2005 and is currently a consultant to Grace. Mr. Siegel resides in Vermont. The FCR may designate portions of Mr. Siegel's deposition transcript in this case and other cases as part of his case-in-chief. Topics may include Grace's past asbestos personal injury litigation, settlements by Grace, claims criteria applied in settlements, and past estimates by Grace of its asbestos personal injury liability.

**Stephen Snyder** – Mr. Snyder is an attorney who has defended personal injury claims for over 25 years. As part of his case-in-chief, the FCR may call Mr. Snyder to give testimony concerning his experience in litigating asbestos personal injury claims, including substantive defenses, evidentiary issues, verdicts and settlements.

**UNR Trust** (by deposition) – UNR Trust is the asbestos claim trust established to compensate persons suffering from an asbestos injury resulting from exposure to UNR asbestos-containing products. The FCR may designate testimony from the deposition transcript of the Executive Director of the UNR Trust, David Maxam, as part of his case-in-chief. Topics may include the trust distribution procedures employed by the UNR Trust and the claims history against the UNR Trust.

**Erby Williams** (by prior testimony) – Mr. Williams, now deceased, obtained a settlement from Grace arising out of his development of mesothelioma. The FCR may designate portions of Mr. Williams's prior testimony as part of his case-in-chief. Topics may include facts relating to Mr. Williams's exposure to asbestos and his disease.

**Frederick Zaremby** (by deposition) – Mr. Zaremby is an employee of Grace who has been involved in the management of Grace's claims database and the submission of claims to Grace insurers for indemnification. The FCR may call Mr. Zaremby to give testimony concerning the oversight and maintenance of Grace's claims management system as it relates to asbestos, the generation of data from Grace's claims management system for the purposes of identifying and locating persons to receive POCs and PIQs, the submission of claims in Grace's insurance and indemnity coverage providers, the bases for pre- and post-petition claims by Grace against its insurance and indemnity providers, and the filing of Proofs-of-Claim against Grace's insolvent insurance and indemnity coverage providers.

5

## EXPERT WITNESSES

**Jennifer L. Biggs** – Ms. Biggs is a Principal of Towers Perrin and leads the asbestos practice of its Tillinghast business division. She has quantified the potential asbestos liability for numerous national and international insurers, reinsurers and asbestos defendants. She is a Member of the American Academy of Actuaries and a Fellow of the Casualty Actuarial Society. She has been the chairperson of the American Academy of Actuaries' Mass Tort Subcommittee since 2001. The FCR will call Ms. Biggs to give testimony concerning the matters raised in her expert reports and deposition in this proceeding, including her discounted-to-present value estimate of Grace's asbestos personal injury liability at between $3.2 and $5.0 billion arrived at through projecting the timing, quantity, type and value of future claims against Grace based on past and present claims against Grace and certain industry-derived data. Ms. Biggs will also offer rebuttal testimony, if necessary, concerning the faulty assumptions and conclusions included in Grace's expert's estimate of its present and future asbestos personal injury liability.

**P.J. Eric Stallard** – Professor Stallard is a Research Professor in the Department of Sociology and the Center for Population Health and Aging at Duke University. He is a Member of the American Academy of Actuaries, an Associate of the Society of Actuaries, and a Fellow of the Conference of Consulting Actuaries. The FCR will call Professor Stallard to give testimony concerning the matters raised in his expert reports and deposition in this proceeding, including the model he developed for forecasting the future numbers and types of asbestos-related personal injury claims in the Manville Personal Injury Settlement Trust litigation and epidemiological, demographic and actuarial issues that arise in forecasting asbestos-related disease and mortality. Professor Stallard will also offer rebuttal testimony, if necessary, concerning the faulty assumptions and conclusions included in Grace's expert's estimate of its present and future asbestos personal injury liability.

**Joseph J. Radecki, Jr.** – Mr. Radecki is the Managing Director and the Group Head of the Restructuring Group at Piper Jaffray & Co. The FCR will call Mr. Radecki to give testimony concerning the matters raised in his expert reports and deposition in this proceeding, including his opinions as to the appropriate inflation and discount rates to be used in calculating the present value of future asbestos personal injury liabilities and his application of those rates to Jennifer L. Biggs's and Mark Peterson's undiscounted estimates of Grace's asbestos personal injury liability.

**Victor L. Roggli, M.D.** – Dr. Roggli is a medical doctor and Professor of Pathology at Duke University Medical Center. He is the principal author of and editor of *Pathology of Asbestos-Associated Diseases*, 2nd Ed., released in 2004 by Springer. The FCR will call Dr. Roggli to give testimony concerning the matters raised in his expert reports and deposition in this proceeding, including the risks of disease associated with asbestos exposure, the pathology of asbestos-associated disease, and rates of asbestos-related mesothelioma. Dr. Roggli will also offer rebuttal testimony, if necessary, concerning the faulty assumptions and conclusions included in Grace's expert's estimate of its present and future asbestos personal injury liability, including the invalid minimum exposure, causation and medical criteria applied by Grace experts to eliminate claims from its estimation.

**Marshall S. Shapo** –Professor Shapo is the Frederic P. Vose Professor at Northwestern University School of Law where he has taught since 1978. He has researched, published and taught extensively in the area of tort liability, and served as an Adviser to the Restatement (Third) of Torts: Products Liability. The FCR will call Professor Shapo to give testimony concerning the matters raised in his expert reports and deposition in this proceeding, including the impact of changes in the legal environment since April 2001 on high-value tort claims and the overall asbestos personal injury liability of Grace in the tort system. Professor Shapo will also offer rebuttal testimony, if necessary, concerning the faulty assumptions and conclusions included in Grace's expert's estimate of its present and future asbestos personal injury liability.

**Jacob Jacoby, Ph.D.** –Dr. Jacoby is the Merchant Council Professor of Consumer Behavior and Management at New York University's Stern Graduate School of Business. The FCR will call Dr. Jacoby to give testimony concerning the matters raised in his expert reports and deposition in this proceeding, including the required elements and foundation of a reliable and admissible survey, the design and implementation failures of the PIQs, the inadequacy of the PIQs for the purposes for which Grace now seeks to use the PIQs in estimating its asbestos personal injury liability, and the false conclusions which Grace draws from the PIQ responses.

Dated: December 21, 2007

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Raymond G. Mullady, Jr.*
Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400

John Ansbro
666 Fifth Avenue
New York, N.Y. 10103-0001
Telephone: (212) 506-5000

-and-

John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

*Co-Counsel for David T. Austern,
Future Claimants' Representative*