# EXHIBIT 44

```
 1
                    UNITED STATES BANKRUPTCY COURT
 2                       DISTRICT OF DELAWARE
 3
   IN RE:                          :     Chapter 11
 4                                 :
   W.R. Grace & Co., et al.,       :
 5                                 :
          Debtor(s).               :     Bankruptcy #01-01139 (JKF)
 6
   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 7
                             Wilmington, DE
 8                          Ocotber 23, 2006
                              2:00 p.m.
 9
                      TRANSCRIPT OF OMNIBUS HEARING
10          BEFORE THE HONORABLE JUDITH K. FITZGERALD
                    UNITED STATES BANKRUPTCY JUDGE
11
   APPEARANCES:
12
   For The Debtor(s):              David M. Bernick, Esq.
13                                 Kirkland & Ellis, LLP
                                   200 E. Randolph Drive
14                                 Chicago, IL 60601

15                                 Janet S. Baer, Esq.
                                   Kirkland & Ellis, LLP
16                                 655 Fifteenth Street, N.W.
                                   Washington, DC 20005
17
                                   Barbara H. Harding, Esq.
18                                 Kirkland & Ellis, LLP
                                   655 Fifteenth Street, N.W.
19                                 Washington, DC 20005

20                                 James O'Neill, Esq.
                                   Pachulski, Stang, Ziehl,
21                                 Young, Jones & Weintraub
                                   919 North Market Street
22                                 Wilmington, DE 19801

23 For Official Committee of:      Kenneth Pasquale, Esq.
   Unsecured Creditors             Stroock Stroock & Lavan, LLP
24                                 180 Maiden Lane
                                   New York, NY 10038
25
```

*Writer's Cramp, Inc.*
*Certified Court Transcribers*
732-329-0191

1  Compel. And the Debtor can certainly respond to it. If what
2  the Debtor's response is going to be is that they're going to
3  produce evidence that says that I should value the claims that
4  they settled at 0, then I agree. You're entitled to find out
5  why they're valuing those claims at 0. Because they clearly
6  have a settlement value, if nothing else. They settled.
7      MR. FINCH: Well, they're clearly going to be
8  valuing lots of cases that they think are {quote} "meritless"
9  at 0 in the estimation process, or at some diminimous value
10 that's far lower than what the historical values are.
11     THE COURT: Well --
12     MR. FINCH: I mean, they've already said that.
13     THE COURT: But what I understood --
14     MR. FINCH: I don't know for sure that they're going
15 to say it until I get their expert reports in December or
16 January.
17     THE COURT: I understand. But what I understood
18 their -- the Debtor's position to be is that the reason we're
19 going through the questionnaire process and looking for the X-
20 rays and the B readers and the other evidence of what the
21 current claims are is so that the Debtor's expert can take a
22 look at the current claims that are before the Court and say,
23 based on this evidence, these claims are valued at 0. Not that
24 the Debtor's settled claims in the past were valued at 0.
25     MR. FINCH: But who is -- the point is, though, Your

1  of an evidentiary matter with respect to these pre-petition
2  settlements. I agree with you, Mr. Finch. Every other Court
3  that I know of that's looked at this has considered the pre-
4  petition settlements. So the Debtor is going to have to show
5  me if they don't want me to consider them, why they shouldn't.
6      But that is not my understanding of what the Debtor's
7  contention has been. My understanding is we're going through
8  this questionnaire process as to claims that have not yet been
9  paid so that somebody can say the existing universe of claims
10 are valued at these dollars for these reasons. And among them
11 for example, hypothetically, maybe this universe of claims is
12 valued at 0 because there is no evidence of any impairment.
13 You know, that might be something that they allege with the
14 existing, unpaid, unsettled claims.
15     MR. FINCH: But I'm --
16     MR. BERNICK: Again, my point, Your Honor, was a
17 process point which is that we -- and I would dearly love to
18 respond to what Your Honor has said about the other cases. I
19 won't do that. We've spent a lot of time on this today and I
20 think that this is far too important a discussion that is kind
21 of contours of where things are going to be spending time on it
22 now as opposed to in the very systematic fashion --
23     THE COURT: All right.
24     MR. BERNICK: -- when we get to it. And therefore I
25 would respectfully ask the Court to suggest to all the parties

1  MR. FINCH:  Yeah, well --

2  THE COURT:  -- that --

3  MR. FINCH:  -- Your Honor, most of the lung cancer
4  claimants who were diagnosed more than five years ago are dead.

5  THE COURT:  That's --

6  MR. FINCH:  Or 95% of them.  But it doesn't mean
7  they've been able to get their -- that the Estate has been able
8  to get their case to a trial yet.  The docket in some places
9  may well be five years long or more.  So there will -- there
10 could possibly be some situations where people have X-rays who
11 they need to go, you know, use in a trial somewhere even though
12 the person whose X-ray it is, is dead.

13 THE COURT:  Well --

14 MR. FINCH:  But all I'm saying is I'm flagging the
15 issue that there may well be --

16 THE COURT:  Okay.

17 MR. FINCH:  Either motions practice or an issue
18 related to this.

19 THE COURT:  That's fine.  I mean, to the extent that
20 they're alleging that Grace's asbestos caused the problem, they
21 have to prove the claim in this case, so they're going to have
22 to produce the X-rays in this case.  This is the Federal Court,
23 unless it's a District Court where they're trying a case and
24 therefore, I don't get the supremacy clause in my favor --

25 MR. FINCH:  Your --

123

```
1        THE COURT:  They produce them here first and we
2   worry about the State Courts later.
3        MR. FINCH:  Your --
4        THE COURT:  That's my ruling, Mr. Finch.
5        MR. FINCH:  Your Honor, though, but the -- nobody's
6   claim is getting allowed or disallowed, I thought, in this
7   case?
8        THE COURT:  Mr. Finch, it's for estimation purposes.
9   They need to produce that proof.  Let's just get past it.
10  Okay.  But, yes, you need to work with the Debtor.
11       MR. ESSERMAN:  Your Honor, this is Sandy Esserman.
12  Can I make a couple quick statements?
13       THE COURT:  Yes, sir.
14       MR. ESSERMAN:  As to the X-rays, hopefully those
15  will get worked out.  I'm not familiar and have not heard from
16  any of the firms that I represent as to whether or not X-rays
17  have been requested but it would seem to me it would certainly
18  go a long way, since the reproduction of an X-ray can be
19  expensive, if Grace would offer to pay for any copies that
20  would be made because I suspect that people would be very
21  reluctant to let loose the only X-ray they have, especially
22  when the client may be either ill, inform or deceased and that
23  could be a problem.  Just sort of previewing that issue.
24       The next thing I just wanted to preview was on the
25  extension.  I have heard from many law firms and to a certain
```