# EXHIBIT 47

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : Chapter 11 |
| OWENS CORNING, et al., | : Case Nos. 00-3837 to 3854 (JPF) |
| Debtors. | : |

## MEMORANDUM AND ORDER

Fullam, Sr. J.                                                                                          November 22, 2004

        On August 19, 2004, I entered an order scheduling a claims estimation hearing for January 13, 2005, and directing the parties to file their respective expert reports by October 15, 2004. Credit Suisse First Boston, as agent for a group of participating banks ("CSFB"), has filed a motion to modify that scheduling order. CSFB asks the court "to establish procedures to obtain a sample of medical records, including x-rays, from asbestos personal injury claimants asserting nonmalignant claims against the debtors ...," and to postpone the January hearing until the suggested procedures have been completed – a period of six months to a year. For several reasons, the motion will be denied.

        The record already contains substantial evidence to support the notion that Owens Corning's history of dealing with asbestos claims has included payments to large numbers of claimants who actually sustained little or no harm from their exposure to Owens Corning's products. The relevant data have been available for analysis for many years. The conclusions drawn by experts have long been debated, and will be fully aired at the January hearing. In the

unlikely event that the information now available proves insufficient to enable a reasonably correct estimate of future claims, that issue, too, will be considered at the hearing in January.

It bears emphasis that the task is to determine what amount of money will be necessary, and sufficient, to cover Owens Corning's liability to claimants in the real world in which such claims will be resolved. It will then be necessary to structure a program of payments which, to the extent possible, recognizes only legitimate claims, and accords the appropriate priority to the claims of all creditors.

The bottom line is that no useful purpose would be served by further delaying matters, and running up additional legal bills, to prove what is already reasonably well known.

2

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| OWENS CORNING, et al., | : | Case Nos. 00-3837 to 3854 (JPF) |
| | : | |
| Debtors. | : | |

### ORDER

AND NOW, this 22nd day of November, 2004, upon consideration of the motion of CSFB, as agent, to establish procedures to obtain a sample of medical records (etc.), and the responses to that motion, IT IS ORDERED:

That the motion is DENIED.

BY THE COURT:

*/s/ John P. Fullam*
John P. Fullam, Sr. J.

3