# EXHIBIT 60

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., *et al.*, ) | Case No. 01-1139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

Re: Docket No. 15057 and 15823
5/2/07 Agenda Item 15

## SUPPLEMENTAL ORDER REGARDING PRODUCTION OF X-RAYS BY NON-MESOTHELIOMA CANCER CLAIMANTS

WHEREAS on December 22, 2006, this Court first ordered the production of x-rays from claimants alleging a non-mesothelioma malignancy who intended to offer x-ray evidence in support of their claim (the "December 22nd X-ray Order");

WHEREAS many Claimants who intended to send copies of x-rays to Rust pursuant to the December 22nd X-ray Order were unable to make the certification with respect to the accuracy of the copies articulated in the December 22nd Order;

WHEREAS on January 30, 2007 the Debtor filed an emergency motion to modify the December 22nd X-ray Order given the volume of firms unable to make the requisite certification;

WHEREAS the Official Committee of Asbestos Personal Injury Claimants (the "PI Committee"), the Future Claimants' Representative ("FCR"), Firms Represented by Stutzman, Bromberg, Esserman & Plifka, Cooney & Conway ("Esserman Firms"), Motley Rice, Libby Claimants, MMWR Firms, and Kelley & Ferraro all filed separate oppositions to the emergency motion;

WHEREAS on February 5, 2007, the Court heard argument from all interested parties with respect to the motion to modify the December 22nd X-ray Order, and the parties agreed to negotiate an amended order which was subsequently considered and signed by this Court on February 20, 2007 (the "Supplemental X-ray Order");

WHEREAS the Supplemental X-ray Order contained certification language with respect to copies of x-rays that reflected the negotiations of the parties;

WHEREAS the Supplemental X-ray Order required all Claimants to (1) send to Rust Consulting original x-rays or copies of x-rays with the requisite certification, (2) certify that an x-ray no longer exists, or (3) state that such x-rays were in the possession of third parties; and

WHEREAS there are Claimants (1) from whom Debtor received nothing, (2) who have sent copies of x-rays to Rust but not with the certification, and (3) allege that their x-rays are in the possession of a third party or are unaware of the location of the x-ray.

Upon consideration of the foregoing,

IT IS HEREBY ORDERED as follows:

1. Except for Claimants asserting that their x-rays are in the possession of third parties, Claimants who allege that they possess x-ray evidence to support the contention that their non-mesothelioma malignancies are attributable to asbestos exposure are precluded from introducing any x-ray evidence, including but not limited to x-rays, b-reads or other interpretations or reviews of x-rays ("X-Ray Evidence"), in support of their claims at the estimation trial beyond what was timely provided to the Debtor by March 15, 2007. Further, no person or party may introduce any X-Ray Evidence nor may an expert rely on any X-Ray Evidence in support of Claimants' claims at the estimation trial beyond what was timely provided to the Debtor by March 15, 2007.

2. The deadline for production of x-rays for Claimants whose x-rays are in the possession of a third party, and who informed Debtor as such prior to March 15, 2007, is May 12, 2007. Any person or party obtaining such x-rays shall send the original x-rays or certified copies to Rust no later than May 12, 2007. No person or party may introduce X-Ray

Evidence nor may an expert rely on X-Ray Evidence in support of such Claimants' claims at the estimation trial beyond what is timely sent to Rust by May 12, 2007.

3. Claimants retain the right to request the Court for leave to supplement with any x-rays obtained after May 12, 2007.

4. Nothing in this Order shall be read to require Claimants to produce x-rays in the possession of third parties if after inquiry the third party does not provide such x-rays to the claimant before May 12. This Order relates solely to the estimation trial. Nothing in this Order shall be used for any other purpose or otherwise have any application in or to any aspect of this case, including, without limitation, the processing and liquidation of claims. Among other things, this Order shall not be cited or relied on for any evidentiary or other purpose other than in connection with the estimation trial.

Dated: ~~May~~ **June 6**, 2007

*Judith K Fitzgerald*
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge   rmab

3