# EXHIBIT 61

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| | Jointly Administered |
| Debtors. | |
| | Related to Docket Nos. 15950, 16259 |
| | 15719, 16323 |

## MOTLEY RICE LLC'S OBJECTIONS AND SECOND SUPPLEMENTAL RESPONSES TO DEBTORS' THIRD SET OF INTERROGATORIES TO CERTAIN ASBESTOS PERSONAL INJURY PRE-PETITION LITIGATION CLAIMANTS' LAW FIRMS

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

Motley Rice LLC (hereinafter "Motley Rice") incorporates by reference the Preliminary Statement and General Objections set forth in Motley Rice LLC's Objections and Responses to W.R. Grace & Co., et al's (hereinafter "Debtors") Third Set of Interrogatories to Certain Asbestos Personal Injury Pre-Petition Litigation Claimants' Law Firms as if fully set forth herein. Moreover, Motley Rice again invokes the protections provided it by the Modified Order Establishing the Non-waiver of Privileges Contained in the Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of Such Answers entered by the Bankruptcy Court in this matter on July 10, 2007 (Docket No. 16259) concerning the non-waiver of any privilege or protection by answering these interrogatories, the sealing of these responses, and the limitation of use of these responses exclusively to this Chapter 11 bankruptcy matter (Case No. 01-01139 (JKF)). Without waiving and expressly reserving the above-mentioned objections, and incorporating the previous statements and protections, and pursuant to the Court's rulings in the

1

reserves its right to supplement these responses as new and/or additional information becomes available.

The compact disk to which Motley Rice refers is a compilation of all evidence of alleged Grace asbestos exposure in the possession of Motley Rice that could be located following a reasonable search. The compact disk does not contain all evidence that exists concerning exposure to Grace asbestos-containing products; most of which is located in Debtors' possession or that of third parties, not Motley Rice. This disk may or may not contain information specific to any one Claimant nor is it coded or otherwise searchable by individual Claimant, because that is not the manner in which Motley Rice stores information in its regular course of business. Motley Rice has supplied to Debtors' agent the contents of its then-existing database of asbestos exposure evidence concerning Debtors as that database has been maintained by Motley Rice.

**INTERROGATORY NO. 14**

Did you determine for each Claimant whether they were exposed to any other asbestos-contained [sic] product? If so, provide a statement regarding the Claimant's exposure to any other asbestos-containing product parallel to those required in Interrogatories 9(a)-(c) above.

**RESPONSE TO INTERROGATORY NO. 14**

Motley Rice objects to Interrogatory No. 14 and incorporates the Preliminary Statement and all General Objections into this response as if fully set forth herein. Motley Rice further objects on the grounds that Interrogatory No. 14 is overly broad; unduly burdensome; irrelevant; immaterial; not reasonably calculated to lead to the discovery of admissible evidence; vague; seeks information or identification of documents that are protected by the attorney-client privilege, work product doctrine, the consulting expert privilege or are otherwise protected as discussed above; is an improper discovery request not authorized by the Federal Rules of Bankruptcy Procedure and/or the Federal Rules of Civil Procedure; and on the grounds that the discovery request seeks information or identification of information already in Debtor's possession, custody, or control or otherwise available.

Subject to and without waiving the above-stated objections, Motley Rice responds that, in general, it has not determined for every Grace claimant whether they were exposed to any other entities' asbestos-containing products. By way of further answer, Motley Rice states that while it does not have such information in its possession for all claimants, where it has ascertained its claimants' exposure to non-Grace asbestos-containing products, Motley Rice did not provide certain information in response to the PIQs on the basis of the work-product privilege. Motley Rice has raised and maintains this objection as much of its product exposure information comes from Motley Rice's investigation of claims as opposed to information provided by claimants. Motley Rice may have supplied such information to other asbestos defendants or trusts in the context of making a claim or pursuing litigation against those defendants. Debtors have obtained

13