# EXHIBIT 114

# COLLIER ON BANKRUPTCY

*Fifteenth Edition Revised*

VOLUME 4

ALAN N. RESNICK
*Benjamin Weintraub Distinguished Professor of Bankruptcy Law, Hofstra University School of Law;*
*Of Counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, New York City*

HENRY J. SOMMER
*Supervising Attorney, Consumer Bankruptcy Assistance Project, Philadelphia*

EDITORS-IN-CHIEF

LAWRENCE P. KING
EDITOR-IN-CHIEF, 1974–2001

**BANKRUPTCY CODE §§ 501–528**

502-25            ALLOWANCE OF CLAIMS OR INTEREST         ¶ 502.03[2][b]

allowed against a debtor who is not required under the Employee Retirement Income Security Act (ERISA) statutes or under the doctrine of "predecessor liability" to make such payments.[21] Consumer debtors may raise defenses to claims based upon federal consumer protection statutes, such as the Truth in Lending Act,[22] including by way of recoupment after the statute of limitations for an affirmative action has run.[23] Similarly, a court held that statutory treble damages are enforceable in a chapter 11 case because these are not the types of penalties Congress abhors.[24] Thus, federal nonbankruptcy law also affects the claims and defenses available to the trustee.

### [iii]   Contingent or Unmatured Claims

The mere fact that a claim is contingent or unmatured does not render it unenforceable within the meaning of section 502(b)(1), even though such a claim might not be enforceable under applicable nonbankruptcy law. Contingent or unmatured claims are specifically dealt with under the provisions of section 502(c) requiring the court to estimate any claim when liquidation of such claim would unduly delay the closing of the estate.[25] The import, then, of section 502(b)(1) goes to claims unenforceable for reasons other than their contingent or unmatured nature. Claims that are unenforceable against the debtor or against property of the debtor under any agreement or by applicable law for other reasons are simply not allowable for purposes of a right to share in a distribution of the debtor's assets.[26]

### [iv]   Attorney's Fees

The Supreme Court in *Travelers Casualty and Surety Co. v. Pacific Gas and*

---

[21] *In re* Doskocil Co., 25 C.B.C.2d 557, 130 B.R. 858 (Bankr. D. Kan. 1991).

[22] 15 U.S.C. § 1601 *et seq.*

[23] *In re* Coxson, 43 F.3d 189 (5th Cir. 1995).

[24] *In re* American Fed'n of Television and Radio Artists, 9 C.B.C.2d 299, 32 B.R. 672 (Bankr. S.D.N.Y. 1983).

[25] *See* ¶ 502.04 *infra*; *In re* Sanford, 979 F.2d 1511, 1513, 28 C.B.C.2d 360, 362 (11th Cir. 1992) (bankruptcy court must determine whether tax penalties would or would not be enforceable outside of bankruptcy, and may not "use its equitable powers to reduce the amount of the penalties by partially disallowing them").

[26] One court noted that when fees provided for under an agreement were not fully allowable as a secured claim under section 506(b) because not "reasonable," the claimant nevertheless could seek payment of the remaining portion of the contractual fees as an unsecured claim because such fees were not "unenforceable" under section 502(b)(1). *See In re* 268 Ltd., 789 F.2d 674, 14 C.B.C.2d 904 (9th Cir. 1986). However, state law or the parties' agreement may also limit fees to only those that are reasonable. *See In re* Smith, 182 B.R. 11 (Bankr. E.D. Pa. 1987). When a claim is disallowed