# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

STIPULATION RESOLVING CLAIMS OF
WALTER D. AND PAMELA K. PELETT

*OBJECTION DEADLINE:*
*JANUARY 22, 2008*

This stipulation ("Stipulation") is entered into this 17th day of November 2007, between

W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and Walter D. and Pamela K.

Pelett ("Claimants").

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their

respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the

Bankruptcy Code.

WHEREAS, on September 18, 2001, the Bankruptcy Court entered an order (the

"Omnibus Claims Settlement Order") allowing the Debtors to, among other things, settle claims

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

between $50,000 and $1 million via a negative notice procedure as further specified in the Omnibus Claims Settlement Order.

WHEREAS, this Court issued an order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims.

WHEREAS, Claimants filed two proofs of claim against the Debtors (the "Claims"), described as follows:[2]

| Claim No. | Filed on or about | Asserted Amount | Asserted Priority | Asserted Basis for Claim |
|-----------|-------------------|-----------------|-------------------|--------------------------|
| 17935 | 10/3/06 | $211,469.18* | Unsecured | Remediation costs |
| 18488 | 11/28/06 | $45,122.55 | Unsecured | Remediation costs |

*Original amount asserted on 10/3/06 was $210,601.18. An additional $868.00 was included due to calculation error.

WHEREAS, on or about August 13, 2007, in the United States District Court for the District of Oregon Civil No. 07-1101 AA, the Claimants filed a lawsuit against Wells Fargo Bank, N.A., as Trustee for the Jason Hervin Trust, and Maria Hervin (the "Wells Fargo Lawsuit") to recover on the Claims.

WHEREAS, in connection with this Stipulation, Claimants have (i) filed a Voluntary Dismissal of the Wells Fargo Lawsuit without prejudice and without cost, (ii) specifically released Wells Fargo Bank, N.A., and (iii) signed a tolling agreement with Maria Hervin.

WHEREAS, the Debtors and Claimants have agreed to settle the Claims on the terms and conditions set forth herein.

NOW, THEREFORE, for good and valuable consideration, the parties hereby stipulate and agree as follows:

---

[2]  Claimants also filed proof of claim 2519, for an unrelated matter, which claim was reduced and allowed per docket 15760.

2

K&E 12118797.4

1.      The Claims shall be allowed as timely, unsecured, pre-petition, non-priority claims against the chapter 11 estates of the Debtors in the total amount of $256,591.73. Notwithstanding what the Debtors' chapter 11 plan may ultimately provide with respect to the payment of interest, Claimants shall not be entitled to pre-petition or post-petition interest upon the allowed amount of the Claims with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors.

2.      Upon approval of this Stipulation by the Bankruptcy Court, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that the Claims shall be allowed as outlined herein.

3.      Claimants further agree that they are forever barred, estopped, and enjoined from asserting any additional claims against the Debtors with respect to any costs relating to the property at 2335 N.W. Harding Street, Portland, Oregon other than enforcement of the obligations of the Debtors set forth in this Stipulation.

4.      The Debtors shall take whatever additional action, if any, is necessary to make sure that the Claims are allowed as outlined herein.

5.      Notwithstanding the forgoing, this Stipulation and Debtors' signature hereon shall not become effective and binding until each of the relevant conditions in the Omnibus Claims Settlement Order is met. Upon execution of this Stipulation by the parties, the Debtors will promptly provide notice of the settlement of the Claims in accordance with the procedures set forth in the Omnibus Claims Settlement Order.

6.      Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures.

3

This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

7.      The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

Walter D. and Pamela K. Pelett                    W. R. Grace & Co., et al.

By: _____              By: _____
c/o Kevin O'Connell                                    W. M. Corcoran
Counsel to Claimants                                  Vice President Public and Regulatory Affairs

Date:  November _9_, 2007                     Date:  November _19th_, 2007

K&E 121182974