IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |

Re: Docket No. 17550

Objection Deadline: January 11, 2008 at 12:00 noon
Hearing Date: January 14, 2008 at 9:00 a.m.
(in Pittsburgh, PA)


**W.R. GRACE MOTION IN LIMINE AND/OR TO STRIKE
EXPERT REPORTS OFFERED INTO EVIDENCE BY PI
COMMITTEE AND FUTURE CLAIMANTS' REPRESENTATIVE**


The Personal Injury Claimants' Committee ("ACC") and the Future Claimants'

Representative ("FCR") (collectively "Claimants") have identified on their December 21, 2007

exhibit list numerous expert reports from experts proffered by both Claimants[1] and W.R. Grace[2]

---

[1] *See, e.g.,* ACC/FCR -270 (Arnold Brody expert report); ACC/FCR -275 (Barry Castleman expert report); ACC/FCR - 282 (Samuel Hammar expert report); ACC/FCR - 283 (Hammar Rebuttal expert report); ACC/FCR - 291 (Victor Roggli expert report); ACC/FCR -304 (Steve Hays expert report); ACC/FCR -305 (Hays rebuttal expert report); ACC/FCR -322 (Richard Lemen expert report); ACC/FCR -333 (William Longo expert report); ACC/FCR -334 (Longo rebuttal expert report); ACC/FCR -348 (Daniel Myer & Mark Eveland expert report); ACC/FCR -361 (Mark Peterson expert report); ACC/FCR -362 (Peterson rebuttal expert report); ACC/FCR -368 (Revised Peterson expert report tables); ACC/FCR -369 (Stephen Snyder expert report); ACC/FCR-370 (Snyder rebuttal report); ACC/FCR -375 (Laura Welch expert report); ACC/FCR -376 (Welch rebuttal expert report); ACC/FCR -377 (Welch supplemental expert report); ACC/FCR -400 (Jennifer Biggs expert report); ACC/FCR -401 (Biggs supplemental expert report); ACC/FCR -402 (Biggs rebuttal expert report); ACC/FCR -405 (Jacob Jacoby expert report); ACC/FCR -411 (Joseph Radecki expert report); ACC/FCR -414 (Radecki supplemental and rebuttal expert report); ACC/FCR -416 (Victor Roggli expert report); ACC/FCR -417 (Roggli supplement/rebuttal expert report); ACC/FCR -423 (Marshall Shapo expert report); ACC/FCR -427 (P.J. Eric Stallard expert report); ACC/FCR -428 (Stallard supplemental/rebuttal expert report); ACC/FCR-1028 (Biggs supplemental expert report); ACC/FCR-1030 (Biggs response and rebuttal expert report); ACC/FCR-1062 (Jacoby expert report); ACC/FCR-1063 (Radecki expert report); ACC/FCR-1064 (Radecki rebuttal/ supplemental expert report); ACC/FCR-1065 (Roggli expert report); ACC/FCR-1066 (Roggli supplemental/ rebuttal expert report); ACC/FCR-1075 (Shapo expert report); ACC/FCR-1096 (Stallard expert report); and ACC/FCR-1100 (Stallard supplemental/rebuttal expert report). This list may not be exhaustive.

[2] *See, e.g.,* ACC/FCR -430 (Elizabeth Anderson expert report); ACC/FCR -431 (Anderson supplemental report); ACC/FCR -432 (Anderson second supplemental/ rebuttal expert report); ACC/FCR-444 (Gordon Bragg expert report); ACC/FCR-447 (Bragg rebuttal expert report); ACC/FCR-448 (Bragg second rebuttal expert report);

(Continued...)

in this Bankruptcy case, as well as certain other expert reports including reports from other

cases.[3]

Presumably, by their inclusion on the exhibit list, the Claimants intend to seek to have

such expert reports admitted into evidence at trial instead of, or in addition to, having these

experts testify. *See* 10/25/07 Hr'g Tr. at 108-09 (As the ACC has suggested that, "one thing . . .

which I think is . . . sort of a half way point, which is that if an expert is allowed to testify at all,

the report would come into evidence, even though normally an expert witness report is

hearsay."). Defendants hereby move in limine to exclude from evidence (or in the alternative

move to strike from the ACC/FCR exhibit list) any and all expert reports that may be offered into

evidence.

---

ACC/FCR -452 (Frederick Dunbar expert report); ACC/FCR -453 (Dunbar supplemental expert report); ACC/FCR -454 (Dunbar Peterson rebuttal expert report); ACC/FCR -455 (Dunbar Biggs rebuttal expert report); ACC/FCR-461 (B. Thomas Florence expert report); ACC/FCR-462 (Florence supplemental expert report); ACC/FCR-476 (Daniel Henry expert report); ACC/FCR-477 (Henry rebuttal expert report); ACC/FCR-478 (Henry x-ray study expert report); ACC/FCR-479 (Henry supplemental x-ray expert report); ACC/FCR-480 (Henry second rebuttal report); ACC/FCR-481 (Henry Libby rebuttal expert report); ACC/FCR-493 (Grover Hutchins expert report); ACC/FCR-507 (Richard Lee rebuttal expert report); ACC/FCR-524 (Richard Lee supplemental/rebuttal expert report); ACC/FCR-528 (Peter Lees expert report); ACC/FCR-531 (Lees supplemental expert report); ACC/FCR-532 (Lees second supplemental report); ACC/FCR-535 (Lees rebuttal expert report); ACC/FCR-537 (Suresh Moolgavkar expert report); ACC/FCR-538 (Moolgavkar supplemental expert report); ACC/FCR-539 (Moolgavkar rebuttal expert report); ACC/FCR-540 (Moolgavkar supplemental/rebuttal expert report); ACC/FCR-541 (Moolgavkar second rebuttal report); ACC/FCR-561 (Howard William Ory rebuttal expert report); ACC/FCR-572 (John Parker expert report); ACC/FCR-586 (Paul Epstein expert report); ACC/FCR-587 (Steven Haber expert report); ACC/FCR-591(Joseph Rodricks expert report); ACC/FCR-595 (Rodricks rebuttal expert report); ACC/FCR-597 (David Weill expert report); ACC/FCR-598 Weill rebuttal expert report); ACC/FCR-599 (Weill supplemental/ rebuttal expert report); *see also* ACC/FCR-607 (Letitia Chambers expert report); ACC/FCR-608 (Chambers rebuttal expert report); ACC/FCR-616 (James Heckman rebuttal expert report). This list may not be exhaustive.

[3] *See* ACC/FCR-575 (expert reports of Drs. Sellman, Pistorese, Obermiller reports from criminal case (group exhibit)); ACC/FCR-602 (David Weill criminal case expert report); ACC/FCR-603 (Timothy Obermiller criminal case expert report); ACC/FCR-604 (Brent Pistorese criminal case expert report); ACC/FCR-605 (Richard Sellman criminal case expert report); *see also* ACC/FCR-98; ACC/FCR-99; ACC/FCR-111; ACC/FCR-435; ACC/FCR-436; ACC/FCR-464; ACC/FCR-465; ACC/FCR-466; ACC/FCR-467; ACC/FCR-510; ACC/FCR-512; ACC/FCR-513; ACC/FCR-514; ACC/FCR-515; ACC/FCR-516; ACC/FCR-527; ACC/FCR-530; ACC/FCR-544; ACC/FCR-545; ACC/FCR-546; ACC/FCR-839; ACC/FCR-840; ACC/FCR-855. This list may not be exhaustive.

As the ACC admits, expert reports are hearsay. (*See id.*)  There is no special exception to the hearsay rule allowing for their admissibility.  *See Lowery v. General Motors Corp.*, 2007 WL 4374291, No. 07-0410, at * 1 (W. D. La. Dec. 14, 2007) (expert report is "nothing more than hearsay"); *In re WorldCom, Inc.*, 377 B.R. 77, 107 n.22 (Bankr. S.D.N.Y. 2007) (expert report "is inadmissible hearsay"); *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 478 (E.D. La. 2007) ("Allstate may not offer their own expert reports into evidence because they are inadmissible hearsay.");  *MGE UPS Sys., Inc. v. Power Maintenance Int'l, Inc.*, 2007 WL 4462213, No. 4:04-CV-929-Y,  at *1 (N.D. Tex. Mar. 22, 2007) ("[T]he experts' reports are hearsay and will not be admitted at trial absent agreement by the parties to the contrary.");  *Potts v. Sam's Wholesale Club*, 1997 WL 126089, No 95-5253, at *3 (10th Cir Mar. 20, 1997) (exclusion of expert report as hearsay was not abuse of discretion); *Ake v. General Motors Corp.*, 942 F. Supp. 869, 877-78 (W.D.N.Y 1996) (excluding as hearsay the report of expert who was scheduled to testify at trial); *United States v. Kiewit Const. Co.*,  2005 WL 1277953, No. A99459CVJWS, at *10 (D. Alaska Jan. 3, 2005) ("It is inappropriate to allow the witness to bolster his substantive testimony with what is functionally the equivalent of additional written direct testimony.");  *Granite Partners v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2002 WL 826956, No. 96 CIV 7874 (RWS), at *7 (S.D.N.Y.  May 1, 2002) (same);  *Springer v. K-Mart Corp.,* 1998 WL 883318, No. CIV A. 97-3283, at *5 (E.D. La. Dec. 16, 1998) (excluding report of expert scheduled to testify as redundant and inadmissible hearsay).

An expert report can be offered into evidence *only* if the report is the *only* means by which the proponent of the expert testimony can respond to charges of inaccuracy, inconsistency or bias.  *See Englebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 729  (6th Cir. 1994) ("Plaintiff's lengthy impeachment of [expert] by use of his report entitled defendant to introduce

3

other statements in the report to rebut the charge of inconsistency and bias."). Claimants have

made no such showing here -- let alone a specific showing for each expert report identified on

their exhibit list -- nor have they offered any explanation of how any of these listed expert

reports will assist the trier of fact to justify any applicable exception to the hearsay rule.

In sum, there is no valid or justifiable purpose to admitting these hearsay expert reports

into evidence at this estimation trial.

**CONCLUSION**

For the reasons outlined above, Grace respectfully requests that the Court exclude from

evidence (or in the alternative strike from the ACC/FCR exhibit list) any and all expert reports

that may be offered into evidence.

Dated:  January 7, 2008                    PACHULSKI STANG ZIEHL & JONES LLP

                                           _James E. O'Neill_

                                           Laura Davis Jones (Bar No. 2436)
                                           James E. O'Neill (Bar No. 4042)
                                           Timothy P. Cairns (Bar No. 4228)
                                           919 North Market Street, 17th Floor
                                           Wilmington, DE 19899-8705
                                           Telephone:    (302) 652-4100
                                           Facsimile:    (302) 652-4400

                                               and

                                           KIRKLAND & ELLIS LLP
                                           David M. Bernick, P.C.
                                           Janet S. Baer
                                           Ellen Therese Ahern
                                           Scott A. McMillin
                                           200 E. Randolph Drive
                                           Chicago, IL 60601
                                           Telephone:    (312) 861-2000
                                           Facsimile:    (312) 861-2200

                                               and

4

KIRKLAND & ELLIS LLP
Barbara M. Harding
David Mendelson
Amanda C. Basta
655 Fifteenth Street, NW
Washington, D.C. 20005
Telephone:     (202) 879-5000
Facsimile:      (202) 879-5200

*Co-Counsel for the Debtor and Debtors in Possession*