# Exhibit 14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO.**, *et al.* | ) | Case No. 01-1139 (JKF) |
| | ) | |
| **Debtors.** | ) | (Jointly Administered) |

# PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS AND THE FUTURE CLAIMANTS' REPRESENTATIVE FOR W. R. GRACE & CO., ET AL. DATED AS OF NOVEMBER 5, 2007

Elihu Inselbuch
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125

Peter Van N. Lockwood
Ronald Reinsel
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW
Washington, DC 20005
Telephone: (202) 862-5000

Marla R. Eskin (#2989)
Mark T. Hurford (#3299)
CAMPBELL & LEVINE, LLC
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

*Counsel for the Official Committee of
Asbestos Personal Injury Claimants*

Roger Frankel
Richard H. Wyron
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, NW
Washington, DC 20005-1706
Telephone: (202) 339-8400

John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

*Counsel for David T. Austern,
Future Claimants' Representative*

OHS East:160319005.6

#### 7.4.2 Undeliverable Distributions by the Reorganized Debtors

Any Cash, assets, and other properties to be distributed by the Reorganized Debtors under this Plan to Holders of Plan Claims, other than Asbestos PI Claims, that remain unclaimed (including by an Entity's failure to negotiate a check issued to such Entity) or otherwise not deliverable to the Entity entitled thereto before the later of (i) one year after Distribution or (ii) one-hundred twenty (120) calendar days after an order allowing such Entity's Plan Claim becomes a Final Order, shall become vested in, and shall be transferred and delivered to, the Reorganized Debtors. In such event, such Entity's Plan Claim shall no longer be deemed to be Allowed or payable by the Reorganized Debtors, and such Entity shall be deemed to have waived its rights to such payments or Distributions under this Plan pursuant to Bankruptcy Code § 1143, shall have no further Claim in respect of such Distribution, and shall not participate in any further Distributions under this Plan with respect to such Claim.

### 7.5 PAYMENTS UNDER THIS PLAN

#### 7.5.1 Manner of Cash Payments under this Plan

Unless the Entity receiving a Distribution or payment agrees otherwise, any such Distribution or payment to be made by the Reorganized Debtors or the Asbestos Trust in Cash shall be made, at the election of the Reorganized Debtors or the Asbestos Trust, as applicable, by check drawn on a domestic bank or by wire transfer from a domestic bank.

#### 7.5.2 Valuation of Stock Payments under this Plan

The value of Parent Common Stock to be issued pursuant to Section 3.1 on the Effective Date (including all shares to be issued and reserved in the PD Reserve and the EC Reserve, respectively), and the value of Parent Common Stock to be distributed from the PD Reserve or the EC Reserve on a Claims Distribution Date, shall be determined based on the per share value obtained by <u>dividing</u> Equity Value as of the Confirmation Date <u>by</u> the total number of shares of Parent Common Stock to be issued on the Effective Date (including all shares to be issued and reserved in the PD Reserve and the EC Reserve, respectively).

#### 7.5.3 Fractional Payments under this Plan

Notwithstanding any other provision of this Plan, payments of fractions of dollars or of fractional shares shall not be made. Whenever, under this Plan, any payment of a fraction of a dollar or a fractional share of Parent Common Stock would otherwise be called for, the actual payment made shall reflect a rounding of such fraction to the nearest whole dollar or nearest whole share of Parent Common Stock, as applicable, (up or down), with half dollars or half shares being rounded up.

### 7.6 OCCURRENCE OF THE CONFIRMATION DATE

#### 7.6.1 Findings of Fact and/or Conclusions of Law

The Court shall have made the following findings of fact and/or conclusions of law, among others, substantially to the effect as follows, in connection with the confirmation of this Plan, each of which shall be expressly set forth in the Confirmation Order:

(a) The Plan satisfies all applicable sections of the Bankruptcy Code, including Bankruptcy Code § 524(g);

(b) Claimants in Class 6 have voted for acceptance under the Plan in the requisite numbers and amounts required by Bankruptcy Code §§ 524(g), 1126 and 1129;

(c) As of the Petition Date, the Debtors have been named as defendants in personal injury, wrongful death, or property damage actions seeking recovery for damages allegedly caused by the presence of, or exposure to, asbestos or asbestos-containing products;

(d) On the Effective Date, the Asbestos Trust shall assume the liabilities of the Debtors with respect to all Asbestos PI Claims;

(e) The Asbestos Trust is to be funded in part by securities of the Parent and by the obligations of the Reorganized Parent to make future payments;

(f) On the Effective Date, the Asbestos Trust shall own the majority of the voting shares of the Reorganized Parent;

(g) The Asbestos Trust is to use the Asbestos Trust Assets to pay Asbestos PI Claims;

(h) The Debtors are likely to be subject to substantial Demands for payment arising out of the same or similar conduct or events that gave rise to the Asbestos PI Claims, which Demands are addressed by the Asbestos Channeling Injunction and the Asbestos Insurance Entity Injunction;

(i) The actual amounts, numbers, and timing of Demands cannot be determined;

(j) Pursuit of Demands outside the procedures prescribed by the Plan is likely to threaten the Plan's purpose to deal equitably with the Asbestos PI Claims and Demands;

(k) The terms of the Asbestos Channeling Injunction, the Asbestos Insurance Entity Injunction and the Asbestos PD/Successor Claims Injunction, including any provisions barring actions against third parties, are set out in the Plan in accordance with the requirements of Bankruptcy Rule 3016(c) and are adequately described in the Disclosure Statement;

(l) Pursuant to Court orders or otherwise, the Asbestos Trust shall operate through mechanisms such as structured, periodic, or supplemental

        payments, matrices, or periodic review of estimates of the numbers and values of Asbestos PI Claims or Demands, or other comparable mechanisms that provide reasonable assurance that the Asbestos Trust shall value, and be in a position to pay, Asbestos PI Claims or Demands that involve similar claims in substantially the same manner;

(m)    The FCR has been appointed by the Bankruptcy Court as part of the proceedings leading to the issuance of the Asbestos Channeling Injunction and the Asbestos Insurance Entity Injunction for the purpose of, among other things, protecting the rights of Entities that might subsequently assert Demands of the kind that are addressed in the Asbestos Channeling Injunction and the Asbestos Insurance Entity Injunction and transferred to the Asbestos Trust;

(n)    In light of the benefits provided, or to be provided, to the Asbestos Trust by, or on behalf of, each Asbestos Protected Party, the Asbestos Channeling Injunction is fair and equitable with respect to the Entities that might subsequently assert Demands against any Asbestos Protected Party;

(o)    The Asbestos Channeling Injunction, the Asbestos Insurance Entity Injunction and the Asbestos PD/Successor Claims Injunction are to be implemented in connection with the Plan and the Plan Documents;

(p)    The Asbestos Channeling Injunction and the Asbestos PD/Successor Claims Injunction are essential to the Plan and the Debtors' reorganization efforts;

(q)    An identity of interests exists among the Debtors and the Asbestos Protected Parties such that an Asbestos PI Claim asserted against any of the Asbestos Protected Parties gives rise to a Claim against the Debtors, including by the operation of the law of indemnity and/or contribution;

(r)    The Sealed Air Payment to the Asbestos Trust, together with the other Asbestos Trust Assets to be transferred to the Asbestos Trust pursuant to the Plan, constitute both (i) substantial assets of the Plan and the reorganization, and (ii) a fair, reasonable, and equitable settlement of all Asbestos PI Claims asserted against any Asbestos Protected Party;

(s)    As of the Effective Date, the Reorganized Debtors have the ability to pay and satisfy in the ordinary course of business their respective obligations and liabilities, including all Fresenius Indemnified Taxes and all obligations set forth in the Fresenius Settlement Agreement and the Sealed Air Settlement Agreement;

(t)    Upon the transfer of the Sealed Air Common Stock to the Asbestos Trust, the Trustees shall represent and warrant and agree (on behalf of the Asbestos Trust) with Sealed Air, that the Asbestos Trust is acquiring the Sealed Air Common Stock for its own account for investment and not with

        a view toward distribution in a manner which would violate the Securities Act and the Asbestos Trust and its transferees will comply with all filing and other reporting obligations under all applicable laws which shall be applicable to such Asbestos Trust with respect to the Sealed Air Common Stock.

(u)     Upon confirmation, each of the Sealed Air Settlement Agreement, the Sealed Air Settlement Order, the Fresenius Settlement Agreement and the Fresenius Settlement Order shall be in full force and effect.

(v)     The Bankruptcy Court shall have found that the Estimated PI Amount is not less than Four billion dollars ($4,000,000,000).

(w)     The Court has entered the Confirmation Order granting the Asbestos Channeling Injunction, the Asbestos Insurance Entity Injunction and the Asbestos PD/Successor Claims Injunction to take effect as of the Effective Date.

(x)     Subject to Section 7.6.1(y) below, the duties and obligations of the Asbestos Insurance Entities under the Asbestos Insurance Policies and Asbestos Insurance Settlement Agreements are not diminished, reduced or eliminated by (1) the discharge of the obligations and liabilities of the Debtors and the Reorganized Debtors for and in respect of all Asbestos PI Claims or (2) the assumption by the Asbestos Trust of responsibility and liability for all Asbestos PI Claims.

(y)     As of the Effective Date, and provided that the Asbestos PI Insurance Rights are transferred to the Asbestos Trust pursuant to Section 3.1.6(b)(ii)(B), the Asbestos Insurance Agreement shall be a valid and binding obligation of each the parties thereto, shall be in full force and effect and shall be enforceable in accordance with its terms, in each case notwithstanding any anti-assignment provision in or incorporated into any Asbestos Insurance Policy and applicable state law.

(z)     All Asbestos PI Claims shall be channeled to the Asbestos Trust.

(aa)     All Asbestos PI Claims shall be resolved by the Asbestos Trust.

    This Plan shall not be confirmed and the Confirmation Order shall not be entered until and unless each of the foregoing conditions to confirmation is either satisfied or waived by each of the Plan Proponents, and by Sealed Air and Fresenius with respect to the conditions set forth in Section 7.6.1(r) and 7.6.1(s) above, and by Sealed Air with respect to the condition set forth in Section 7.6.1(t) above.

### 7.6.2   Orders of this Court

(a)     The Confirmation Order shall be in form and substance acceptable to each of the Plan Proponents.

(b) The Confirmation Order shall be consistent with the requirements of the Sealed Air Settlement Agreement, the Sealed Air Settlement Order, the Fresenius Settlement Agreement and the Fresenius Settlement Order.

(c) The Bankruptcy Court shall have entered order in form and substance acceptable to the Plan Proponents setting forth its finding that the Estimated PI Amount is at least Four Billion Dollars ($4,000,000,000).

This Plan shall not be confirmed and the Confirmation Order shall not be entered until and unless each of the foregoing conditions to confirmation is either satisfied or waived by each of the Plan Proponents, and by Sealed Air and Fresenius with respect to the condition set forth in Section 7.6.2(b) above.

## 7.7   CONDITIONS TO OCCURRENCE OF THE EFFECTIVE DATE

The "effective date of the plan," as used in Bankruptcy Code § 1129, shall not occur, and this Plan shall be of no force and effect, until the Effective Date. The occurrence of the Effective Date is subject to satisfaction of the following conditions precedent:

(a) The Confirmation Order shall have been issued and shall have become a Final Order; *provided* that, at the option of the Plan Proponents, acting jointly, the Effective Date may occur at a point in time when the Confirmation Order is not a Final Order unless the effectiveness of the Confirmation Order has been stayed or vacated, in which case, at the option of the Plan Proponents, acting jointly, the Effective Date may be the first Business Day immediately following the expiration or other termination of any stay of effectiveness of the Confirmation Order.

(b) The District Court shall have entered or affirmed an order(s) entering the Asbestos Channeling Injunction and such order(s) shall have become Final Orders.

(c) The District Court shall have entered or affirmed an order(s) approving this Plan and all the Plan Documents and such order(s) shall have become Final Orders.

(d) The Asbestos Channeling Injunction, the Asbestos Insurance Entity Injunction and the Asbestos PD/Successor Claims Injunction shall be in full force and effect.

(e) The Plan Documents, including the Sealed Air Settlement Agreement, necessary or appropriate to implement this Plan shall have been (i) executed, in a form acceptable to each of the Plan Proponents, (ii)

    delivered by Sealed Air and, where applicable, (iii) filed with the appropriate governmental or supervisory authorities.

(f)  The Certificate of Incorporation or Articles of Incorporation, as applicable, of each of the Debtors, as amended in accordance with this Plan, shall be in full force and effect.

(g)  The Exit Financing, in an amount and on such terms satisfactory to each of the Plan Proponents, shall be in full force and effect and available immediately upon the occurrence of the Effective Date and after all necessary parties have executed the documentation relating thereto.

(h)  The Debtors or the Plan Proponents shall have obtained either (i) a private letter ruling establishing that the Asbestos Trust is a "qualified settlement fund" pursuant to Section 468B of the IRC, or (ii) an opinion of counsel regarding the tax classification of the Asbestos Trust satisfactory to each of the Plan Proponents.

(i)  Each of the Sealed Air Settlement Agreement, the Sealed Air Settlement Order, the Fresenius Settlement Agreement and the Fresenius Settlement Order shall be in full force and effect.

(j)  The Court shall have found that the Debtors' aggregate liability for all existing and future Asbestos PI Claims and Demands shall be at least Four Billion Dollars ($4,000,000,000) pursuant to an order that has become a Final Order.

  The Effective Date shall not occur unless and until each of the foregoing conditions is either satisfied or waived by each of the Plan Proponents. Notice of the occurrence of the Effective Date reflecting that the foregoing conditions have been satisfied or waived shall: (i) be signed by each of the Plan Proponents and each other Entity whose consent is required pursuant to this Plan, (ii) state the date of the Effective Date; and (iii) be Filed with the Bankruptcy Court by counsel to a Plan Proponent. No waiver shall be effective unless it complies with the requirements of this provision.

## 7.8 MANAGEMENT OF THE REORGANIZED DEBTORS

  (a) After the Confirmation Date and prior to the Effective Date, the Debtors will cooperate in full with the Plan Proponents, as and when requested by the Plan Proponents, to insure a smooth transition from management of the Debtors to management of the Reorganized Debtors and the continued operation of the Debtors in the ordinary course, consistent with past practices or the reasonable requests of the Plan Proponents.

  (b) On and after the Effective Date, the business and affairs of the Reorganized Debtors will be managed by their respective Boards of Directors or equivalent thereof. Upon the Effective Date, the Board of Directors of the Reorganized Parent shall be composed of at least five (5) directors. The Plan Proponents, acting jointly, shall specify in Exhibit 7.8 in the Exhibit