# Exhibit 18



BKRFUND § 3:14                                                                                                Page 1
1 Bankruptcy Law Fundamentals § 3:14

Bankruptcy Law Fundamentals
Database updated June 2007

Richard I. Aaron

Chapter 3. Bankruptcy Court Jurisdiction Over Cases and Proceedings

Correlation Table

**§ 3:14. Mandatory and discretionary abstention—Mandatory abstention and the related proceeding—28 U.S.C.A. § 1334(c)(2)**

    The principles supporting discretionary abstention as applied under the pre-1984 jurisdiction provisions overlap with the mandatory abstention of new  28 U.S.C.A. § 1334(c)(2) .[FN1] There is no doubt that Congress intended that a repeat of the Marathon case should be returned to the state courts. Beyond that consensus there is little agreement as to the language limiting the kind of proceeding in which the district court could hear and refer to the bankruptcy court and the policy behind that language.

    At one extreme is the kind of proceeding which the district court and bankruptcy court would not hear because any connection with the bankruptcy case is simply too peripheral. An example is In re Pacor, Inc.[ FN2] which holds that an attempt by an asbestos distributor sued by an asbestos victim to implead the Manville Corporation was not related to the Manville case and was merely "precursor to the potential third party claim for indemnification" if it should arise. By way of dicta the court observed that mandatory abstention under  § 1334(c)(2)  would apply if that provision were effective for the pending case. Another example is Turner v. Ermiger,[FN3] which holds that the debtor's conversion claim against the landlord arising out of denying access to exempt personal property was not even a "related proceeding" under former  28 U.S.C.A. § 1471(d) (repealed 1984). The debtor's no-asset case had been closed with the cause of action for conversion claimed as exempt. As observed by Judge Friendly, the outcome of the action for conversion could have no affect upon the bankruptcy estate and there was no significant connection to the bankruptcy case to justify invoking jurisdiction as a related proceeding. Put another way, these cases dispose of proceedings so remotely connected with the bankruptcy case as to be "not related" without the need of a mandatory abstention provision such as provided in the 1984 amendments.[FN4]

    A theory of ancillary and pendant jurisdiction allows the court to retain federal jurisdiction after the claim involving the debtor is settled leaving only unrelated claims.[ FN5] A third-party complaint involving a purchaser of the stock of debtor's subsidiary was retained on a theory of ancillary jurisdiction after the primary suit involving the debtor was settled and dismissed.[ FN6]

    One of the criteria for mandatory abstention is that the proceeding "be related to a case under title 11, but not arising under title 11 or arising in a case under title 11. …" In the debate surrounding the choice of an abstention provision   some, led by Senator Hatch, thought the issue was a constitutional question. That is, the reference to "arising under … laws of the United States …" in Article III, section 2 of the Constitution did not include matters merely "related to" such laws. Thus, Senator Hatch believed that the abstention provision should make clear that the proceedings merely related to the bankruptcy case were beyond the power of a federal court to adjudicate.[ FN7] The view of Senator Hatch does not enjoy support in the case law. For example, Pine Asso-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ciates, Inc. v. Aetna Casualty & Surety Co.[FN8] reverses the dismissal of the debtor in possession's suit alleging malpractice, tortious interference with business and breach of contract against the bonding company and the attorney provided by the bonding company. The *per curiam* opinion holds that the district court had jurisdiction as a related proceeding to a bankruptcy case pursuant to 28 U.S.C.A. § 1471(b) (repealed 1984). In re Romeo J. Roy, Inc.[FN9] found that the debtor in possession's claim for tortious interference with a business contract was a related proceeding within the jurisdiction of an Article III district court, but held that the Emergency Rule unconstitutionally delegated the jurisdiction to an Article I court. On appeal, the dismissal was vacated and remanded as moot in light of the 1984 amendments.[FN10]

Applications of instances for abstention are more straight forward. For example, In re Gray,[FN11] holds that a settlement obligation of a paternity suit compelled by the county which supplied welfare to the mother was properly discharged under Bankruptcy Code § 523(a)(5) even as amended in 1984. The dicta at the conclusion of the opinion is that the court would not be capable of resolving the issue of paternity as part of the discharge question in future cases since such would be subject to mandatory abstention. Another example is In re Dakota Grain Systems, Inc.[FN12] Debtor brought a breach of contract suit claiming a grain distributorship and inventory was promised by the defendant. While mandatory abstention was not yet effective, the court exercised discretionary abstention since the cause of action was within the objection of the Marathon decision. The dicta of the court was that mandatory abstention would be appropriate if that provision were effective to apply to the pending proceeding. An adversary dispute over an antenuptial agreement pending before a state divorce court was subject to mandatory abstention in Baumgartner v. Baumgartner.[FN13]

One aspect of the facts of Dakota Grain Systems, Inc. not discussed by the court raises an important issue of interpretation. Another element of § 1334(c)(2) is that "an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction." Must the state claim be pending at the time the bankruptcy case is commenced? The inference of such a requirement from the legislative history is strong. The House version of H.R. 5174 on the mandatory abstention is what Congress enacted.[FN14] The focus upon the abstention language was intense and prolonged.[FN15] The attempted Senate amendment, by way of a substitution for H.R. 5174 sponsored by Senators Thurmond and Heflin, did use present and future tense for abstention: "where an action to adjudicate such a claim has been or will be timely instituted and prosecuted in a State forum. …"[FN16] The Thurmond-Heflin amendment was not adopted. The House version, using present tense only, was the enacted version.

Following the logic of the legislative history creates procedural complexities. If the proceeding qualifying for mandatory abstention must be pending in the state court at the time the bankruptcy case is filed, the transfer to the district court giving rise to the issue of abstention must be by way of removal. 28 U.S.C.A. § 1452 carries forward the concept of removal only "if such district court has jurisdction of such claim or cause of action under § 1334 of this title." The district court does not have jurisdiction if abstention is mandatory. Furthermore, 28 U.S.C.A. § 1452(b) allows for remand of the removed claim "on any equitable ground." That is a standard quite different from mandatory abstention. A further difficulty with requiring that the state action be pending at the time the case is filed is that it would not even reach the facts of the Marathon case. An action by the trustee asserting a state cause of action is inevitably initiated after the bankruptcy case is commenced.

Title 28 U.S.C.A. § 157(b)(4) provides that "non-core proceedings under § 157(b)(2)(B) of title 28, U.S.C.A., shall not be subject to the mandatory abstention provisions of § 1334(c)(2)." These are the personal injury tort and wrongful death claims for liquidation and distribution, but not estimation for plan confirmation, excised from the definition of core proceedings as discussed previously. The apparent intent is that these personal injury claims should not be returned to the state courts for trial if they were pending there at the time the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

bankruptcy case was commenced. Furthermore, 28 U.S.C.A. § 157(b)(5) directs that personal injury claims be tried in the district court. The two sections put together pose a conflict of policy over the personal injury claim being tried in the district court or returned to the state court as a question of permissive abstention rather than mandatory abstention. The Sixth Circuit in In re White Motor Credit resolved this conflict by relying upon the statements of Senator Dole as allowing the court to first decide whether to leave the personal injury cases in the state courts where they were pending.[FN17] Only upon deciding against that choice is trial in the district court required. This was necessary to accommodate the circumstance of joinder with non-debtor parties who could not be transferred.

The legislative history provides no clear means of resolving these conflicts since legislators were focused upon different concerns. The conflicts and contradictions were not revealed until the provisions were enacted and careful analysis of the new sections begun. Only subsequent case law can attempt to work out the conundrums inherent in the mandatory abstention provisions so hastily put in place by Congress.[FN18]

[FN1] 28 U.S.C.A. § 1334(c)(2) provides:
Upon timely motion of a party in a proceeding based upon a State law claim of State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided by § 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

[FN2] In re Pacor, Inc., 743 F.2d 984 (3d Cir. 1984). Followed by Matter of Lemco Gypsum Inc., 910 F.2d 784 (11th Cir. 1990) (dispute was between lessor and the purchaser of the assets from the estate which were left on the premises beyond the date for removal in the bankruptcy court's order).

[FN3] Turner v. Ermiger, 724 F.2d 338 (2d Cir. 1983). The case is followed in In re Bobroff, 43 B.R. 746 (E.D. Pa. 1984). The court reversed the bankruptcy court's summary judgment and held that a claim of defamation by a major creditor after the petition was not a related proceeding.

[FN4] Additional examples include National City Bank v. Coopers and Lybrand, 802 F.2d 990 (8th Cir. 1986) (malpractice suit by indenture trustee of debtor's notes against debtor's accountants is not "related to" case); In re Diaconx, 65 B.R. 139 (M.D. Fla. 1986); Wayne Film Systems v. Film Recovery Systems, 64 B.R. 45 (N.D. Ill. 1986). However, the Fifth Circuit reversed the dismissal by the district court in In re Wood 825 F.2d 90 (5th Cir. 1987), because the outcome of the shareholders dispute against the debtor could conceivably affect the estate. Howard Brown Co. v. Reliance Insur. Co., 66 B.R. 480 (E.D. Pa. 1986), holds that a suit against the guarantor of the debtor is "related to" the case because it determines the plaintiff's status as a creditor.

[FN5] In re Coral Petroleum, Inc., 62 B.R. 699 (Bankr. S.D. Tex. 1986). However, the court recommends withdrawal to the district court in such an instance.

[FN6] In re Tidewater Group, Inc., 63 B.R. 670 (Bankr. N.D. Ga. 1986).

[FN7] 130 Cong. Rec. S6088 (daily ed. May 21, 1984) and 130 Cong. Rec. S7623 (daily ed. June 19,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1984).

[FN8] Pine Associates, Inc. v. Aetna Casualty & Surety Co., 733 F.2d 208 (2d Cir. 1984).

[FN9] In re Romeo J. Roy, Inc., 32 B.R. 1008 (D. Me. 1983).

[FN10] 740 F.2d 111 (1st Cir. 1984).

[FN11] In re Gray, 41 B.R. 759 (Bankr. W.D. Ohio 1984).

[FN12] In re Dakota Grain Systems, Inc., 41 B.R. 749 (Bankr. D.N.D. 1984).

[FN13] Baumgartner v. Baumgartner, 57 B.R. 517 (Bankr. N.D. Ohio 1986).

[FN14] 130 Cong. Rec. H7492 (daily ed. June 19, 1984) (remarks of Rep. Kastenmeier) and 130 Cong. Rec. S8888 (daily ed. June 29, 1984) (remarks of Sen. Thurmond).

[FN15] Sen. DeConcini wanted to limit the abstention provision to actions brought by the trustee and then only as to matters which could be timely adjudicated in the state courts without delaying the bankruptcy administration. See 130 Cong. Rec. S6127 (daily ed. May 21, 1984) and 130 Cong. Rec. S7620–22 (daily ed. June 19, 1984). The amendments proposed by Sen. DeConcini did not pass.

[FN16] Amendment No. 3083, 130 Cong. Rec. S6108 (daily ed. May 21, 1984).

[FN17] In re White Motor Credit, 761 F.2d 270 (6th Cir. 1985).

[FN18] If there is no pending state claim, mandatory abstention does not apply: In re Aristera Co., 65 B.R. 928 (Bankr. N.D. Tex. 1986); In re World Financial Svcs. Ctr., Inc., 64 B.R. 980 (Bankr. S.D. Cal. 1986); In re Krupke, 57 B.R. 523 (Bankr. W.D. Wis. 1986); In re Blackman, 55 B.R. 437 (Bankr. D.C. 1985); Matter of Rustic Mfg., Inc., 55 B.R. 25 (Bankr. W.D. Wis. 1985); Matter of Horace, 54 B.R. 671 (Bankr. D. N.J. 1985); In re Boughton, 49 Bankr. 312 (Bankr. N.D. Ill. 1985).

© 2007 Thomson/West

BKRFUND § 3:14

END OF DOCUMENT