## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>Debtors. | **Chapter 11**<br>**Case No. 01-01139 (JKF)**<br>**(Jointly Administered)**<br><br>Objection Deadline: January 29, 2008 at 4:00 p.m.<br>Hearing Date:  To Be Determined |

## APPLICATION OF DAVID T. AUSTERN,
## FUTURE CLAIMANTS' REPRESENTATIVE, FOR AUTHORIZATION TO
## EMPLOY HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP
## AS SPECIAL ASBESTOS PROPERTY DAMAGE SETTLEMENT COUNSEL
## NUNC PRO TUNC TO JANUARY 4, 2008

David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants in the above-captioned cases (the "Future Claimants' Representative" or "FCR"), by and through his undersigned counsel, hereby submits this application (the "Application") for the entry of an Order pursuant to Sections 327 and 1103 of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the retention and employment of Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP ("Hanly Conroy"), nunc pro tunc as of January 4, 2008, as special asbestos property damage settlement counsel to the FCR.

In support of this Application, the FCR relies upon the Declaration of Clinton B. Fisher (the "Fisher Declaration"), attached to this Application as Exhibit A, and further respectfully states as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The statutory support for the relief requested herein lies in Sections 327 and 1103 of the Bankruptcy Code.

## Background

2.      On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and 61 affiliated entities (collectively, the "Debtors") each filed a petition for relief under chapter 11 of the Bankruptcy Code.

3.      By Order dated May 24, 2004, the Court appointed the FCR for these jointly administered cases [Bankr. Dkt. No. 5645].  That Order further authorizes the FCR to employ professionals.  Compensation, including professional fees and reimbursement of expenses, shall be payable to the FCR and his professionals from the Debtors' estates, subject to approval by the Court and the Administrative Compensation Order.[1]

4.      On November 13, 2004, the Debtors filed a Chapter 11 Plan of Reorganization (the "Debtors' Plan") [Bankr. Dkt. No. 6895] and on January 11, 2005, the Debtors filed an Amended Chapter 11 Plan of Reorganization ("the Debtors' Amended Plan") [Bankr. Dkt. No. 7560].

---

[1]     The "Administrative Compensation Order" refers to the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, entered April 17, 2002 [Bankr. Dkt. No. 1949], as may be further amended by the Court.

5.      By an order dated April 22, 2002, the Court established a March 31, 2003 bar bate

as the last date for filing certain claims, including non-residential asbestos property damage

claims ("Asbestos PD Claims") [Bankr. Dkt. No. 1963].[2]

6.      Over 4,000 Asbestos PD Claims were filed against the Debtors by the March 31,

2003 bar date.

7.      The Debtors have, to date, settled certain Asbestos PD Claims.  On October 29-

30, 2007, the Bankruptcy Court approved settlement agreements with 48 claimants represented

by Dies & Hile LLP in the aggregate amount of $60 million [Bankr. Dkt. Nos. 17185-17186;

17193-17211]; and on November 26, 2007, the Bankruptcy Court entered orders approving

settlement agreements with 8 claimants represented by Motley Rice LLC in the aggregate

amount of $17.9 million [Bankr. Dkt. Nos. 17433-17440].  However, numerous Asbestos PD

Claims remain, many of which were filed by the law firm of Speights & Runyan (the "Speights

& Runyan Asbestos PD Claims").  The Speights & Runyan Asbestos PD Claims are currently in

active litigation before this Court.  Various issues, including statute of limitations issues, are

being contested by the parties.

8.      On November 5, 2007, following termination of exclusivity, the FCR and the

Official Asbestos Creditors' Committee (the "ACC") filed a joint Plan of Reorganization (the

"FCR/ACC Plan") [Bankr. Dkt. No.17306].

---

[2]     The FCR expressly excludes ZAI property damage claims from this definition for the purposes of this
        Application.

9.     The FCR/ACC Plan provides that holders of Asbestos PD Claims will be paid the value of their Allowed Asbestos PD Claims in cash and Parent Common Stock.[3] Asbestos PD Claims that are unresolved as of the commencement of the Confirmation Hearing will be subject to court-ordered mediation. Any Asbestos PD Claim that remains unresolved after mediation shall be resolved in litigation or by agreement, as described in the Plan; if Allowed, the Holder shall receive, to the extent available from the PD Reserve, the same percentage of cash and Parent Common Stock of the Allowed Amount of such Allowed Asbestos PD Claim as was paid in respect of Allowed Asbestos PD Claims on the Effective Date. If the PD Reserve is insufficient, the Reorganized Debtors shall remain obligated to pay the Holders of Asbestos PD Claims that are Allowed after the Effective Date the full Allowed Amount of their Asbestos PD Claims.

10.     Accordingly, consensual resolution of the remaining Asbestos PD Claims is not a condition precedent to confirmation of the FCR/ACC Plan. Resolution, however, would (i) remove a potential objecting party; (ii) provide clarity with respect to a significant number of claims; and (iii) save the Court a significant amount of time that would otherwise be spent adjudicating the Asbestos PD Claims. To that end, the FCR has decided to take the necessary steps, including the employment of special asbestos property damage settlement counsel, that would allow him to propose a settlement of Asbestos PD Claims, working, as appropriate, with both the Debtors and Asbestos PD Claimants. The FCR has previously advised both the Debtors and the Speights & Runyan firm of his intentions in this regard. Both parties, while not committing themselves in any way and reserving all rights, expressed a willingness to cooperate with the FCR.

---

[3]     Capitalized terms not defined herein shall have the meaning ascribed to them under the FCR/ACC Plan.

**Relief Requested**

11.     By this Application, the FCR respectfully requests entry of an order authorizing

the FCR's retention of Hanly Conroy as special asbestos property damage settlement counsel

effective as of January 4, 2008.

**Basis for the Relief Sought**

12.     Hanly Conroy  has extensive experience with asbestos property damage  litigation

on a national, regional, and local level, including trials, pre-trial activity, counseling, strategy,

claims administration, claims negotiation, claims reporting, and other litigation services with

respect to such claims.  Hanley Conroy also has significant litigation and settlement experience

with the Speights & Runyan law firm, having defended asbestos property damage lawsuits

brought by that firm and, more recently, having acted as special asbestos property damage

counsel for the debtors in the Federal-Mogul chapter 11 cases.  In those cases, the parties were

able to reach a consensual resolution of approximately 900 Asbestos PD Claims for $36.2

million.

13.     Accordingly, the FCR believes that Hanly Conroy is well-suited to assist the FCR

in his efforts to settle the remaining Asbestos PD Claims.  To that end, effective as of January 4,

2008, Hanly Conroy will provide advice to the FCR and his bankruptcy counsel, Orrick

Herrington & Sutcliffe, LLP ("Orrick"), with respect to Asbestos PD Claims.  A copy of the

engagement letter dated January 4, 2008 between the FCR and Hanly Conroy (the "Engagement

Agreement") is attached to Exhibit A, the Fisher Declaration, as Exhibit 1.

**Services to be Rendered**

14.     Subject to the approval of this Court, Hanly Conroy will provide support required by the FCR in connection with the Asbestos PD Claims, including, without limitation:

a)   advice in formulating and implementing a settlement strategy for resolving Asbestos PD Claims;

b)   advice with respect to the Debtors' on-going Asbestos PD Claims litigation;

c)   advice with respect to the FCR/ACC Plan as it relates to Asbestos PD Claims;

d)   advice with respect to the review and estimation of Asbestos PD Claims; and

e)   rendering such other services with respect to property damage issues as may be in the best interests of the FCR and this estate.

15.     The above-listed services to be provided by Hanly Conroy are necessary and beneficial to the FCR in connection with his efforts to resolve the Asbestos PD Claims in a timely manner.  The FCR believes that employing Hanly Conroy as special asbestos property damage settlement counsel as set forth herein will provide the FCR with advice in those areas in which Hanly Conroy has particular knowledge and expertise.  While the FCR will continue to receive advice from Orrick in these cases, the FCR believes that Hanley Conroy will supplement (and not duplicate) that advice in a cost-effective manner in light of, among other things, their existing knowledge of the Speights & Runyan firm and Speights & Runyan Asbestos PD Claims.

16.     Hanly Conroy has indicated its willingness to act on behalf of, and render such services to, the FCR, upon the terms set forth herein.

## Disclosure Concerning Connections
## Between Hanly Conroy and Parties in Interest

17.     To the best of the FCR's knowledge, except as otherwise set forth herein and in the accompanying Fisher Declaration, Hanly Conroy does not have any connection with the FCR, the Debtors, their affiliates, creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.  Based upon the information provided to him, the FCR believes Hanly Conroy does not represent any other entity having an adverse interest in connection with these cases, is disinterested, and does not represent or hold an interest adverse to the interests of the FCR with respect to the matters on which Hanly Conroy is to be employed.

## Professional Compensation

18.     Hanly Conroy and the FCR have entered into an Engagement Agreement pursuant to which Hanly Conroy will act as the FCR's asbestos property damage settlement counsel, if authorized by this Court.  The Engagement Agreement is attached to the Fisher Declaration as Exhibit 1.

19.     Subject to this Court's approval, Hanly Conroy will charge the FCR for its legal services on an hourly basis and for reimbursement of all costs and expenses incurred in connection with these cases

20.     Hanly Conroy's billing rates currently range from $350 to $700 per hour for attorneys and from $125 to $200 per hour for para-professionals.  These hourly rates are subject to periodic increases in the normal course of Hanly Conroy's business.

21.     In addition, the Engagement Agreement provides for reimbursement of reasonable out-of-pocket expenses incurred in connection with the provision of services thereunder.  Such expenses include, but are not limited to, reasonable expenses of its legal counsel, travel and

lodging expenses, word processing charges, messenger and duplicating services, facsimile expenses and other customary expenditures.

22.     A statement of account for fees, costs, and expenses will be submitted monthly. Hanly Conroy has agreed to invoice for these amounts in a manner and at rates consistent with charges made generally to Hanly Conroy's other clients.

23.     Hanly Conroy intends to apply for compensation for professional services rendered in connection with these cases, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, including the Administrative Compensation Order.

24.     Other than as set forth above, no arrangement is proposed between the FCR and Hanly Conroy for compensation to be paid in these cases.

25.     The FCR has been advised by Hanly Conroy that it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Section 504(b)(1) of the Bankruptcy Code.

## Request for Nunc Pro Tunc Authorization

26.     In order to avoid delaying any potential resolution of the Asbestos PD Claims, the FCR asked Hanly Conroy to begin work on January 4, 2008, contingent upon the Court's approval of this Application.  Given the benefits of resolving the Asbestos PD Claims promptly, the FCR respectfully asks that the employment of Hanly Conroy be authorized effective as of January 4, 2008..

## No Prior Request

27.     No prior application for the relief requested herein has been made to this or any other Court.

## Notice

28.     Notice of the Application and the requested relief has been provided to (i) counsel and co-counsel for the Debtors, (ii) the Office of the United States Trustee, (iii) counsel for the Official Committees appointed in these cases, as follows:  Unsecured Creditors, Asbestos Property Damage Claimants, Asbestos Personal Injury Claimants, and Equity Holders, (iv) the Fee Auditor, and (v) any party who has entered its appearance in these Chapter 11 cases pursuant to Bankruptcy Rule 2002.  Accordingly, the Future Claimants' Representative believes that such notice of the Application is appropriate and sufficient.

## Conclusion

**WHEREFORE**, the Future Claimants' Representative respectfully requests that the

Court enter an order substantially in the form attached hereto (1) granting this Application,

(2) authorizing the Future Claimants' Representative to retain and employ Hanly Conroy as

special asbestos property damage settlement counsel effective as of January 4, 2008 in these

Chapter 11 cases, pursuant to Sections 327 and 1103 of the Bankruptcy Code, in accordance with

the terms set forth in this Application, and (3) granting such other and further relief as is

appropriate.

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:_____
    Roger Frankel
    Richard H. Wyron
    Jonathan P. Guy
    Columbia Center
    1152 15th Street, N.W.
    Washington, D.C.  20005
    (202) 339-8400

and

John C. Phillips, Jr. (#110)
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

*Bankruptcy Counsel to David T. Austern*
*as Future Claimants' Representative*

Dated:  January 9, 2008

- 10 -