# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO, et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**DECLARATION OF CLINTON B. FISHER IN SUPPORT
OF APPLICATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS'
REPRESENTATIVE, FOR AUTHORIZATION TO EMPLOY HANLY CONROY
BIERSTEIN SHERIDAN FISHER & HAYES LLP AS SPECIAL
ASBESTOS PROPERTY DAMAGE SETTLEMENT COUNSEL
<u>NUNC PRO TUNC TO JANUARY 4, 2008</u>**

**I, Clinton B. Fisher, hereby state as follows:**

1.  I am a partner in Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP ("Hanly Conroy"), a law firm with offices at 112 Madison Avenue, New York, NY 10016. I submit this declaration (the "Declaration") in support of the Application of David T. Austern, Future Claimants' Representative, for Authorization to Employ Hanly Conroy as Special Asbestos Property Damage Settlement Counsel, *Nunc Pro Tunc*, as of January 4, 2008.

2.  Except as otherwise provided below, the facts set forth in this declaration are based upon my personal knowledge, upon records maintained by Hanly Conroy in the ordinary course of its business, which have been reviewed by me and/or by other employees of Hanly Conroy at my direction, or upon information known by me or others at Hanly Conroy and conveyed to me.

## Hanly Conroy's Qualifications and Scope of Retention

3.   I and a number of my colleagues at Hanly Conroy have extensive experience in asbestos litigation, including asbestos property damage litigation matters, as set forth in more detail below.

4.   Hanly Conroy attorneys served for many years as national coordinating counsel for personal injury and property damage litigation to Federal-Mogul Corporation ("FM"). In that capacity, we provided all aspects of asbestos litigation defense, including trials and pre-trial activity; counseling and strategy; claims administration, negotiating and reporting; and case settlement. On the personal injury side, our work encompassed the handling of tens of thousands of cases for several FM affiliates, including most significantly T&N Limited ("T&N"), a United Kingdom-based company which FM purchased in 1998 and which was for decades the largest vertically integrated asbestos company in the world outside of the United States. The defense of T&N involved products ranging from raw asbestos fiber to sprayed-on asbestos to encapsulated finished products, and legal theories including vicarious liability and conspiracy. In addition, we defended FM affiliates which had manufactured asbestos-containing gasket and friction materials.

5.   On the property damage side, Hanly Conroy's work involved the analysis, litigation and resolution, including settlement, of over 120 cases brought against T&N beginning in 1984 and continuing into the late 1990s. These cases included the trial to a defense verdict of the largest single property damage case, which was commenced by Chase Manhattan Bank with respect to a T&N-manufactured sprayed-on product which had been applied in Chase Manhattan's world headquarters in New York City. Among the property damage plaintiffs' firms we litigated against and settled cases with was the

Speights & Runyan firm. I personally have experience with property damage litigation and resolution, including with respect to the Speights & Runyan firm, beginning in 1985.

6. Following the 2001 bankruptcy of FM, Hanly Conroy served as its Special Asbestos Litigation Counsel. In that capacity, we advised FM and its professional advisors concerning all aspects of the history of the asbestos personal injury and property damage litigations. Moreover, we assisted in the evaluation and resolution of the thousands of property damage proofs of claim filed against FM and related entities. The claims brought by Speights & Runyan, of which there were originally nearly 3,000, represented both by far the largest number and the largest potential value of such claims. After several years of litigation and negotiation, all of the asbestos property damage claims, including those brought by Speights & Runyan, were resolved by early 2007.

7. In light of this experience, Hanly Conroy is well positioned to assist the FCR with respect to providing advice as to property damage claims in these cases as set forth in the accompanying Application, including review and estimation of the claims, formulating and implementing a strategy for resolving the claims, providing advice concerning the on-going litigation of the claims, and providing advice concerning the FCR/ACC Plan as it relates to property damage claims.

**Professional Compensation**

8. Hanly Conroy has entered into an engagement agreement dated January 4, 2008, with the FCR, which is attached hereto as Exhibit 1. The engagement agreement sets forth Hanly Conroy's services to be provided to the FCR as well as its current billing information in its *Standard Terms of Representation*.

9. Hanly Conroy's current billing rates range from $350 to $700 per hour for attorneys and from $125 to $200 per hour for para-professionals. My hourly rate is $660 per hour.

10. Hanly Conroy intends to apply for compensation for professional services rendered in connection with these cases, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, including the Administrative Compensation Order.

11. Hanly Conroy has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Section 504(b)(1) of the Bankruptcy Code.

**Disinterestedness of Hanly Conroy**

12. I have reviewed three lists comprising 28 pages of "Interested Parties", attached hereto as Exhibit 2, of the Debtors beginning from the date of the Chapter 11 petition filings to the present. To the best of my knowledge and information, neither I, Hanly Conroy, nor any member or associate of Hanly Conroy, so far as I have been able to ascertain, represents or holds any interests adverse to the Debtors or the Debtors' estates or has any other conflict with any of the Interested Parties in these cases.

13. Based upon review of the above list and Hanly Conroy's records, certain matters identified below, unrelated to these Chapter 11 cases, are a part of Hanly Conroy's asbestos-related work:

    a. In April 2002, I and three of my partners at Hanly Conroy entered into agreements to serve as Of Counsel to the firm of Gilbert Randolph LLP in Washington, D.C. As Of Counsel to Gilbert Randolph, we assisted that firm in

representing several of its clients, companies, debtors and trusts that formerly had been in the asbestos business, with respect to efforts to obtain insurance coverage related to their asbestos liabilities. These entities included ACandS, Inc., Shook & Fletcher Co. and The Celotex Asbestos Settlement Trust. The Of Counsel arrangement with Gilbert Randolph concluded at various times for the four partners of Hanly Conroy: in December 2002 for one of us, in mid-2003 for two of us, and in June 2004 for me. After June 2004, I continued in a personal capacity to assist attorneys at Gilbert Randolph as co-counsel to several of its clients, including The Celotex Asbestos Settlement Trust, National Service Industries Inc. and the Combustion Engineering 524(g) Asbestos PI Trust, again with respect to efforts to obtain insurance coverage related to asbestos liabilities. This work was largely completed by mid-2006, although I have continued to assist Gilbert Randolph on a sporadic basis since that time.

        b.      Since approximately 2002, much of Hanly Conroy's work has involved representing plaintiffs in mass tort, personal injury and commercial litigation. None of this work is or has been on behalf of plaintiffs in asbestos litigation. In connection with this work, we have entered into several co-counsel arrangements, and in one instance a joint venture arrangement, with firms that have represented and continue to represent plaintiffs in the asbestos litigation, including in some instances, I believe, in claims against the Debtors in these cases. These firms include SimmonsCooper LLC, with which we have a joint venture arrangement with respect to certain pharmaceutical, class action and commercial litigation; Motley Rice LLC, with which we have a co-counsel arrangement with respect to litigation arising out of the September 11, 2001 terrorist attacks; Ashcraft & Gerel LLP, with which we have a co-counsel arrangement with respect to certain pharmaceutical litigation; and Beasley, Allen, Crow, Methvin,

5

Portis & Miles, P.C., with which we have a co-counsel arrangement with respect to certain class action cases. Again, none of this work by Hanly Conroy with these firms has any connection to the asbestos personal injury or property damage litigation in which these firms may be involved.

14. Given the large number of creditors and other parties-in-interest in these Chapter 11 cases, there may be others that have been served by Hanly Conroy. While Hanly Conroy may have provided, or may in the future provide, services to parties-in-interest in these cases, none of those relationships or matters has or will have any connection with these Chapter 11 cases.

15. Except as set forth herein, Hanly Conroy does not have any connection with the Debtors, their affiliates, creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

16. Further, except set forth herein, Hanly Conroy does not represent any other entity having an adverse interest in connection with these cases, is disinterested, and does not represent or hold an interest adverse to the interests of the FCR with respect to the matters on which Hanly Conroy is to be employed.

17. Accordingly, Hanly Conroy is a "disinterested party" as such term is defined in Bankruptcy Code 101(14) and as required by Bankruptcy Code Section 327(a) and referenced by Section 328(c).

18. If any new relevant facts or relationships are discovered or arise, I will promptly file a supplemental declaration as required by Bankruptcy Rule 2014.

19. This Declaration is provided in accordance with Bankruptcy Code Sections 327(a) and 328(c) and Bankruptcy Rule 2014.

**************

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 8, 2008

_____
Clinton B. Fisher

Subscribed and sworn to before me
this 8th day of January, 2008

_____
Notary Public

My commission expires: 2010

JULIO A. LUCENA
Notary Public, State of New York
No. 01LU4999280
Qualified in New York County
Commission Expires July 20, 2006
2010

7