## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | **Case No. 01-01139 (JKF)** |
| **W.R. GRACE & CO., et al.,** | ) | **(Jointly Administered)** |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
### OF HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP
### AS SPECIAL ASBESTOS PROPERTY DAMAGE SETTLEMENT COUNSEL
### TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE
### NUNC PRO TUNC TO JANUARY 4, 2008

Upon the application (the "Application") of David T. Austern, Future Claimants'

Representative ("Future Claimants' Representative") in the above-captioned chapter 11 cases of

W.R. Grace & Co. and its affiliates (collectively, the "Debtors"), seeking entry of an Order under

Sections 328 and 1103(a) of the Bankruptcy Code authorizing the Future Claimants'

Representative to employ and retain Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP

("Hanly Conroy") as special asbestos property damage settlement counsel to the Future

Claimants' Representative; and the Court having reviewed the Application and the

accompanying Declaration of Clinton B. Fisher (the "Fisher Declaration"), a Partner at Hanly

Conroy, and the Court being satisfied that Hanly Conroy is disinterested, does not represent any

other entity having an adverse interest in connection with these cases, and neither represents nor

holds an interest adverse to the interests of the Future Claimants' Representative with respect to

the matters on which Hanly Conroy is to be employed; and it appearing that the relief requested

is in the best interest of the Future Claimants' Representative and the Debtors' estates, their

creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding

pursuant to 28 U.S.C. § 158(a); and it further appearing that notice of the Application was good

and sufficient under the particular circumstances and that no other or further notice need be

given and upon the record herein; and it further appearing that the terms and conditions of Hanly

Conroy's employment as further described in the Application and the Fisher Declaration are

reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Application be, and it hereby is, approved;

2.      Pursuant to Sections 327 and 1103 of the Bankruptcy Code and the May 24, 2004

Order appointing David T. Austern as the Future Claimants' Representative [Bankr. Dkt. No.

5645], the Future Claimants' Representative be, and he hereby is, authorized to employ and

retain Hanly Conroy as special asbestos property damage settlement counsel, effective as of

January 4, 2008, upon the terms, and to perform the services, set forth in the Application and

Fisher Declaration, so long as David T. Austern serves as the legal representative for individuals

who may assert asbestos-related claims and/or demands in the future against the Debtors;

3.      Hanly Conroy shall be compensated in accordance with the terms of Engagement

Letter between the Future Claimants' Representative and Hanly Conroy dated January 4, 2008,

attached to the Fisher Declaration as Exhibit 1 thereto, and Section 328(a) of the Bankruptcy

Code, subject to the procedures set forth in the Bankruptcy Code, Bankruptcy Rules and the

Local Rules as may then be applicable, from time to time, and such procedures as may be fixed

by order of this Court, including the Administrative Compensation Order(s) entered in these

cases; and

4.      The fees and expenses of Hanly Conroy allowed by the Court shall be an administrative expense of the Debtors' estates.


Dated: _____, 2008                    _____
                                              The Honorable Judith K. Fitzgerald
                                              United States Bankruptcy Judge