IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Related Docket No.: 17776** |
| | ) **Hearing Date: January 14, 2008 @ 9:00 a.m. in Pittsburgh, PA** |
| | ) **January 14 & 16, 2008 Hearing Agenda Item No. 4** |
| | ) |

**THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS
AND FUTURE CLAIMANTS' REPRESENTATIVE'S JOINT RESPONSE TO
W.R. GRACE'S MOTION IN LIMINE AND/OR TO STRIKE EXPERT
REPORTS OFFERED INTO EVIDENCE BY PI COMMITTEE
AND FUTURE CLAIMANTS' REPRESENTATIVE**

The Official Committee of Asbestos Personal Injury Claimants ("ACC") and the Future Claimants' Representative ("FCR"), hereby oppose W.R. Grace's Motion In Limine and/or to Strike Expert Reports Offered into Evidence by PI Committee and Future Claimants' Representative.

To expedite this estimation hearing, the ACC and FCR propose that the Court admit expert testimony by receiving into evidence the expert witness reports as written direct testimony *provided*: (1) the report is affirmed by the expert during live direct examination, and (2) the expert is made available for live cross-examination at the hearing. This would allow the expert direct examination to be more of a summary of the detailed material in the reports and could lessen the examination time considerably.

Such a procedure is well within the Court's extremely broad power to control the mode and order of presentation of testimony provided by Federal Rule of Evidence 611(a). *See Ball v. Interoceanica Corp*, 71 F.3d 73, 77 (2d Cir. 1995) (conducting a bench trial on written direct is well within the "ample authority" of the court to manage proceedings before it). Courts often

admit written direct testimony in bench trials.  *See*, *e.g.*, *Phonetele, Inc. v. American Tel. & Tel. Co.*, 889 F.2d 224, 232 (9th Cir. 1989) ("The use of written testimony [in lieu of live testimony] is an accepted and encouraged technique for shortening bench trials.").  Indeed, some courts have required written direct testimony in all civil non-jury cases.  *See*, *e.g.*, *Kuntz v. Sea Eagle Diving Adventures Corp.*, 199 F.R.D. 665, 672 (D. Haw. 2001) (denying relief from standard written direct procedure); *Saverson v. Levitt*, 162 F.R.D. 407, 410 (D.D.C. 1995) ("Requiring the parties to submit their direct testimony in writing in lieu of the usual question-and-answer form is sanctioned under the inherent powers of the Court, the Federal Rules of Civil Procedure and the Federal Rules of Evidence.").

It is well-recognized that bankruptcy courts, in particular, have compelling reasons to use written direct testimony.  In *Adair v. Sunwest Bank,* 965 F.2d 777 (9th Cir. 1992), the defendants challenged a bankruptcy court's requirement that direct testimony be presented by written declaration with an opportunity for live cross-examination.  *Id*. at 779-80.  The appellate court found the procedure within the court's discretion under Federal Rule of Evidence 611(a) and further ruled that "[t]he procedure is essential to the efficient functioning of the crowded bankruptcy courts." *Id.* at 779.  Any objection to the written testimony as inadmissible hearsay was held to be irrelevant, because the party objecting to the procedure "failed to demonstrate any prejudice." *Id.* at 780.  Here, Grace does not even claim, much less demonstrate, that it would be prejudiced by the written direct procedure outlined above.  There is, therefore, no legal impediment to the ACC and FCR's proposal.

In its motion, Grace seeks to preclude the admission of expert reports as evidence in the estimation proceeding on the ground that, as a general rule, expert reports are inadmissible hearsay.  As shown here, the rule is neither absolute nor invariable.  While expert reports may be

inadmissible as hearsay in some circumstances, the rule's application turns on the nature of the proceeding in which such testimony is offered, and is always subject to the Court's discretion.  In jury trials, courts concerned about undue emphasis on expert testimony, and the weight the jury may attribute to it, may exclude the report.  Even when the fact finder is a jury, however, there is no blanket prohibition on admission of expert reports.  *See*, *e.g.*, *Bingham v. Zolt*, 823 F. Supp. 1126, 1133 (S.D.N.Y. 1993) (expert's damages report and testimony properly admitted as assistance to the jury).  Courts admit expert reports more readily in bench trials, where there is no risk of jury confusion.  *See*, *e.g.*, *Phonetele*, 899 F.2d at 232; *Henry v. Champlain Enters.*, 288 F. Supp. 2d 202, 219-21 (N.D.N.Y. 2003) (admitting expert report and testimony where expert "will be presenting his testimony in the context of a bench trial, and this judge is quite confident in his ability to separate the wheat from the chaff . . .").  In non-trial proceedings where evidence is taken, the hearsay rule's application is further attenuated.

In the final analysis, apart from the time it will take, there is no meaningful difference between live and written direct expert testimony under the procedure advocated by the ACC and FCR.  The experts would offer the same opinions live as they do in their written reports.  Indeed, because narrative testimony is permissible on direct examination under Rule 611, an expert could, in the Court's discretion, simply read her report to the Court.  Alternatively, the expert could answer questions posed to her on direct by reciting those portions of her report responsive to the question asked.  Avoiding just that – time consuming and wasteful live repetition of what is already before the Court in written form – is the reason for the ACC and FCR's proposal.

## CONCLUSION

For the foregoing reasons, Grace's motion should be denied.

Dated: January 11, 2008

CAMPBELL & LEVINE, LLC

*/s/ Mark T. Hurford*
Marla R. Eskin (DE ID No. 2989)
Mark T. Hurford (DE ID No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

– and –

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10022-4614
Telephone: (212) 319-7125

Peter Van N. Lockwood
Nathan D. Finch
Walter B. Slocombe
James P. Wehner
One Thomas Circle, NW
Washington, DC 20005
Tel: (202) 862–5000

*Counsel to the Official Committee of Asbestos Personal Injury Claimants*

Respectfully submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (DE ID No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

– and –

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard Wyron
Raymond G. Mullady, Jr.
1152 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 339-8400

John Ansbro
666 Fifth Avenue
New York, NY 10103
(212) 506-5000

*Counsel to David T. Austern, Future Claimants' Representative*