IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 JKF<br><br>Jointly Administered<br>Hearing Date: 1/28/08 at 1:00 p.m.<br>Objection Deadline: 1/11/08 at 4:00 p.m.<br>RE: D.I. 17670 |

**OBJECTION OF THE CITY OF CAMBRIDGE, MASSACHUSETTS
TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING SETTLEMENT AGREEMENT RESOLVING THE
UNITED STATES' PROOFS OF CLAIM REGARDING CERTAIN
<u>ENVIRONMENTAL MATTERS</u>**

The City of Cambridge, Massachusetts (the "City"), by and through its undersigned counsel, hereby objects to the Motion of Debtors for Entry of an Order Authorizing Settlement

---

[1] The Debtors are the following entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), ECARG, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc. E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters (the "Motion"), and in support thereof states as follows:

## BACKGROUND

1. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession.

2. On December 19, 2007, the United States filed its Notice of Lodging Settlement Agreement Pending Solicitation of Public Comment (D.I. 17651) ("Notice"). Pursuant to this Notice, the United States lodged with the Court a Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters ("Settlement Agreement"). As stated in the Notice, under the terms of the Settlement Agreement, Debtors will grant the United States an allowed general unsecured claim of $34,065,813.31 and an administrative priority claim of $2,294,279.86. Further, other PRPs at the sites will allow general unsecured claims totaling $7,707,336.88.

3. Also on December 19, 2007, the Debtors filed this Motion to approve the Settlement Agreement.

4. By the Motion, the Debtors seek an Order, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Debtors' execution of the Settlement Agreement and allowing claims in the sums provided within the Settlement Agreement.

5. By the Motion, the Debtors and United States, on behalf of the Environmental Protection Agency ("EPA") seek to resolve the United States' proofs of claims, nos. 9634 and 9635, relating to obligations and liabilities of W.R. Grace arising from environmental contamination at numerous sites around the country.

WCSR 3815725v2

## THE CITY'S CLAIMS

6. The City of Cambridge has timely filed proofs of claim in this action relating to contamination of real property owned by the City of Cambridge, Massachusetts. See the City's proof of claim number 4720. The subject City owned property is approximately 10 acres, and is currently used as a public recreation facility known as Russell Field (the "Russell Field Property").

7. W.R. Grace & Co. – Conn. and its predecessors (including Dewey & Almy Chemical Company), successors and affiliated entities (including W.R. Grace & Co (f/k/a Grace Specialty Chemicals, Inc.)), the Debtors herein (collectively "Grace") have owned and operated property abutting the Russell Field Property for industrial and/or commercial purposes since at least the early 1900's.

8. The information currently available to the City related to Grace's operations of its property demonstrates that Grace handled numerous hazardous materials in connection with its historical operations, which have been identified at elevated levels in soils and/or groundwater at Grace's property and the Russell Field Property.

9. The City has incurred in excess of $1,200,000 to date, and may incur more costs, in response to contamination at the Russell Field Property. It has also incurred and continues to incur property damage and other economic losses.

10. The City's claims against Grace include common law claims, including, among others, nuisance, trespass, and negligence, as well as state and federal statutory claims, including, among others, claims under the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. G. L. c. 21E ("Chapter 21E") and its federal counterpart, the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606, *et seq.* ("CERCLA").

WCSR 3815725v2

## OBJECTION TO THE MOTION AND THE SETTLEMENT AGREEMENT TO THE EXTENT SUCH SETTLEMENT PREJUDICES OR IN ANY WAY AFFECTS THE CLAIMS OF THE CITY AGAINST GRACE

11. The City objects to the Settlement Agreement as well as the Motion to approve the settlement if and to the extent that such settlement and Settlement Agreement may limit the City's claims against Grace.

12. In paragraph 9(A)(2) of the Settlement Agreement, the EPA is allowed an unsecured claim of $115,697 with "respect to the Cambridge Plant in Cambridge, Massachusetts." Likewise, in paragraph 10(A)(1) of the Settlement Agreement, the EPA is allowed an administrative expense claim of $13,253 with respect to the "Cambridge Plant." To the best of the City's knowledge, the Russell Field Property is not now and has never been owned by Grace as part of Grace's "Cambridge Plant;" however, certain contamination at the City's Russell Field Property originated at the abutting Grace property, came to be located at the Russell Field Property, and forms the basis of the City's claims related to the Russell Field Property.

13. The City is not a party to and does not consent to the Settlement Agreement if and to the extent it affects the City's claims.

14. Both the Motion and the proposed Settlement Agreement are unclear as to the effects – if any - upon the City's claims.

15. The Settlement Agreement is only binding upon the "United States, Participating PRP Groups/Entities, and the Debtors. . . ." See paragraph 3 of the Settlement Agreement. "Participating PRP Groups/Entities" is a defined term in definition sections Y and Z of the Settlement Agreement. Neither definition set forth in Y or Z includes the City in the "Participating PRP Groups/Entity definition." The City has not agreed to participate in the Settlement Agreement. See section Y and Z of the Settlement Agreement. Similarly, the City

has not agreed to participate in the Settlement Agreement in accordance with the procedures set forth in paragraph 4(B) of the Settlement Agreement. Accordingly, "the settlement bar does not by its terms protect against cost-recovery liability under § 107(a)," *U.S. v. Atlantic Research Corp.* 127 S. Ct. 2331, *2339 (U.S.,2007), or analogous state statutory or common law claims.

16. Nevertheless, the Settlement Agreement provides Grace with Contribution Protection under 42 U.S.C. § 9613(f)(2). See paragraphs 34 and 35 of the Settlement Agreement. Section 113(f)(2) of CERCLA provides (emphasis added):

> A person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution **regarding matters addressed in the settlement**. Such settlement does not discharge any of the other potential liable persons unless its term so provide, but it reduces the potential liability of the others by the amount of the settlement.

17. The Settlement Agreement and Motion fail to define the "matters addressed in the settlement" for "Debtor-Owned" sites – including the Cambridge Plant - under paragraph 34 of the Contribution Protection provisions. Specifically, the City objects to the proposed settlement to the extent it purports to include any claims or matters arising from or related to the contamination of the City's Russell Field Property.

18. Furthermore, the Motion and the Settlement Agreement are unclear whether the proposed settlement permits claims of the City, which include without limitation contribution claims. The total value of the United States' allowed unsecured claim and administrative expense claim for the Cambridge Plant under the proposed settlement is $128,950. This amount is approximately 10% of the City's current cost recovery claim which exceeds $1,200,000 for remediation of contamination at the Russell Field Property. It would turn the fundamental "polluter pays" principle of federal and state environmental law on its head were Grace allowed to escape liability to the City for over $1.2 million by paying the United States approximately

5

$129,000. See, e.g. *OHM Remediation Services v. Evans Cooperage Co., Inc.* 116 F.3d 1574, 1578 (5th Cir. 1997) ("CERCLA's broad, remedial purpose is to facilitate the prompt cleanup of hazardous waste sites and to shift the cost of environmental response from the taxpayers to the parties who benefitted from the wastes that caused the harm"), citing *Matter of Bell Petroleum Services, Inc.*, 3 F.3d 889, 894 (5th Cir.1993)[2] (citing *United States v. R.W. Meyer, Inc.*, 889 F.2d 1497, 1500 (6th Cir.1989), *cert. denied*, 494 U.S. 1057, 110 S.Ct. 1527, 108 L.Ed.2d 767 (1990)); *Scott v. NG U.S. 1, Inc.*, 67 Mass. App. Ct. 474, 480-481, 854 N.E.2d 981,987 (2006), *further app. rev. granted* 448 Mass. 1101(2006) ("one of the primary aims of G.L. c. 21E, that the party that caused the environmental contamination should be responsible for the cost of its cleanup").

19. In sum, the City objects to the proposed Motion and Settlement Agreement if and to the extent that the City's claims are limited or in any way affected as a result of this proposed settlement.

---

[2] For subsequent history, see *U.S. v. Bell Petroleum Services, Inc.*, 64 F.3d 202, 41 ERC 1830, 25 Envtl. L. Rep. 21,575, 42 Fed. R. Evid. Serv. 1402 (5th Cir.(Tex.) Sep 15, 1995) (NO. 94-50323), rehearing denied (Nov 14, 1995).

WHEREFORE, the City of Cambridge, Massachusetts, respectfully requests that the Court (i) deny the Motion of Debtors for Entry of an Order Authorizing Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters if and to the extent that such settlement in any way affects the City of Cambridge's claims against Debtors; and (ii) grant the City of Cambridge such other and further relief as the Court deems just and proper.

Dated: January 11, 2008

Respectfully submitted,

**Womble Carlyle Sandridge & Rice, PLLC**

By: /s/ Kevin J. Mangan
Francis A. Monaco, Jr., (#2078)
Kevin J. Mangan (#3810)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Ph: (302) 252-4363
Fax: (302) 661-7728

Stephen D. Anderson, Esquire
Anderson & Kreiger, LLP
1 Canal Park, Suite 200
Cambridge, MA 02141
Direct Dial: 617-621-6510
Direct Fax: 617-621-6610

7