IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 JKF<br><br>Jointly Administered<br>Hearing Date: 1/28/08 at 1:00 p.m.<br>Objection Deadline: 1/11/08 at 4:00 p.m.<br>RE: D.I. 17670 |

**RESPONSE OF THE STATE OF MONTANA, DEPARTMENT OF ENVIRONMENTAL
QUALITY TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING SETTLEMENT AGREEMENT RESOLVING THE
UNITED STATES' PROOFS OF CLAIM REGARDING CERTAIN
ENVIRONMENTAL MATTERS**

The State of Montana, Department of Environmental Quality ("DEQ"), by and through

its undersigned counsel, hereby files this response to the Motion of Debtors for Entry of an Order

Authorizing Settlement Agreement Resolving the United States' Proofs of Claim Regarding

---

[1] The Debtors are the following entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), ECARG, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc. E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WCSR 3815966v2

Certain Environmental Matters (the "Motion"), reserving DEQ's right to object to the extent that the Motion and proposed settlement impact DEQ's claims as discussed below, and in support thereof states as follows:

## BACKGROUND

1. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession.

2. On December 19, 2007, the United States filed its Notice of Lodging Settlement Agreement Pending Solicitation of Public Comment (D.I. 17651) ("Notice"). Pursuant to this Notice, the United States lodged with the Court a Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters ("Settlement Agreement"). As stated in the Notice, under the terms of the Settlement Agreement, Debtors will grant the United States an allowed general unsecured claim of $34,065,813.31 and an administrative priority claim of $2,294,279.86. Further, other PRPs at the sites will be allowed general unsecured claims totaling $7,707,336.88.

3. Also on December 19, 2007, the Debtors filed this Motion to approve the Settlement Agreement.

4. By the Motion, the Debtors seek an Order, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Debtors' execution of the Settlement Agreement and allowing claims in the sums provided within the Settlement Agreement.

5. By the Motion, the Debtors and United States, on behalf of the Environmental Protection Agency ("EPA") and other federal agencies, seek to resolve, as provided in the settlement agreement, the United States' proofs of claims, nos. 9634 and 9635, relating to

2

obligations and liabilities of W.R. Grace arising from environmental contamination at numerous sites around the country.

## THE DEQ'S CLAIMS

6. Debtors are liable to and owe compliance obligations to DEQ under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, and Section 115 of Montana's Comprehensive Environmental Cleanup and Responsibility Act ("CECRA"), § 75-10-715, MCA, for the costs of remediating releases of hazardous or deleterious substances associated with the Debtors' ownership and/or operation of various facilities related to the mining of asbestos-contaminated vermiculite from Zonolite Mountain, and/or the processing, transportation, disposal, and/or arranging for disposal, treatment, or transportation of asbestos-contaminated substances in or near Libby, Montana and Troy, Montana ("Libby Site").

7. The United States Environmental Protection Agency ("EPA") has listed the Libby Site on the National Priorities List under CERCLA and has undertaken the cleanup of the contamination using monies from its "Superfund." When the cleanup reaches the remedial action phase, the State of Montana is responsible for paying ten percent (10%) of the Superfund-financed costs of implementing the remedy at the Libby Site pursuant to section 104 of CERCLA, 42 U.S.C. § 9604(c)(3)(C). In addition, the State of Montana would be responsible for paying for all operation and maintenance expenses after the site has been remediated. DEQ, on behalf of the State of Montana, is entitled to recover from Debtors, as the Potentially Responsible Parties (PRPs), all expenses it incurs in remediating the contamination or in operation and maintenance, according to Section 107(a) of CERCLA, 11 U.S.C. § 9607(a), and Section 115 of CECRA, § 75-10-715, MCA.

## RESPONSE TO THE MOTION AND THE SETTLEMENT AGREEMENT TO THE EXTENT SUCH SETTLEMENT PREJUDICES OR IN ANY WAY AFFECTS THE CLAIMS OF THE DEQ

8. DEQ reserves its right to object to the Settlement Agreement as well as the Motion to approve the settlement if and to the extent that such settlement and Settlement Agreement may limit DEQ's claims against Debtors and the State of Montana's rights relating to the Libby Site in Montana.

9. The Motion appears to carve out the Libby Site from the Motion and Settlement Agreement. The Motion states in paragraph 8: "Claims relating to . . . Libby in Montana . . .are being resolved by separate negotiations." Further, Footnote 3 to the Motion states: "Proof of Claim No. 9635 seeks cost recovery and injunctive relief in connection with the EPA's response actions in Libby, Montana and but for certain specified exceptions is anticipated to be resolved pursuant to a separate agreement."

10. Additionally, the proposed order approving the settlement states as follows:

> "ORDERED that Proof of Claim No. 9364 shall be allowed as set forth in the Settlement Agreement and all remaining amounts shall be disallowed, except that the claims relating to the Curtis Bay FUSRAP site in Baltimore, Maryland; the Blackburn & Union Privileges site in Walpole, Massachusetts; and the Libby site in Montana remain pending and shall be resolved separately; and it is further . . ."

11. The settlement, Motion, and proposed order clearly indicate that, with certain specific exceptions set forth in the settlement agreement, the Libby Site in Montana is to be the subject of a separate settlement agreement. DEQ notes that it has also filed a proof of claim for the Libby Site. The claims of EPA and DEQ are linked in some respects, and in order to address the claims of either of these parties with respect to the Libby site, it may be necessary to address

4

both together. Moreover, both claims arise, at least in part, under CERCLA, and CERCLA expressly provides that the State is to be given the opportunity to participate in any settlement negotiations with a potentially responsible party regarding the scope of any response actions at a facility. See CERCLA Section 121(f)(1)(F), 42 USC § 9621(f)(1)(F). Negotiations for the settlement of CERCLA claims in bankruptcy necessarily involve the potential scope of response actions at the facility. Thus, under CERCLA, EPA must allow DEQ to participate in any settlement negotiations with the Debtors regarding CERCLA claims for the Libby Site.

12. In sum, DEQ reserves its right to object to the proposed Motion and Settlement Agreement if and to the extent that the DEQ's claims are limited or in any way affected as a result of this proposed settlement.

WHEREFORE, the State of Montana, Department of Environmental Quality, respectfully requests that the Court (i) approve the Motion of Debtors for Entry of an Order Authorizing Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters only to the extent that such settlement does not affect DEQ's claims against Debtors and its rights relating to the Libby Site; and (ii) grant the DEQ such other and further relief as the Court deems just and proper.

Dated: January 11, 2008

Respectfully submitted,

**Womble Carlyle Sandridge & Rice, PLLC**
By:_____
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Ph: (302) 252-4363
Fax: (302) 661-7728

Attorneys for the State of Montana
Department of Environmental Quality

5

WCSR 3815966v2