IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et. al.*, | ) Case No. 01-01139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) Related Docket No. 17815 |
| | ) Objection deadline: January 14, 2008 |
| | ) Hearing date: January 14, 2008 at 9:00 a.m. |

### FUTURE CLAIMANTS' REPRESENTATIVE'S MOTION TO STRIKE DEBTORS' MOTION TO STRIKE UNTIMELY STALLARD DECLARATION AND FOR SANCTIONS

David T. Austern, the court-appointed legal representative for future asbestos personal injury claimants (the "Future Claimants' Representative" or "FCR"), by and through his undersigned counsel, hereby moves (the "Motion") for the entry of an order to strike the Debtors' Motion to Strike Untimely Stallard Declaration and for Sanctions (Docket No. 17815) (the "1/11 Motion to Strike"), filed on Friday evening, January 11, 2008 at 7:38 p.m., for failure to comply with procedural requirements set forth in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the Case Management Orders governing the estimation proceeding. By filing the 1/11 Motion to Strike on the very eve of the January 14 hearing date, and without the required notice of hearing and proposed form of order, the Debtors ignored and failed to comply with the Bankruptcy Rules, this Court's Local Rules, this Court's Case Management Orders and all notions of fair play and due process.

**1.    Failure to Attach a Notice of Hearing on Motion and a Proposed Form of Order**

The Debtors' 1/11 Motion to Strike does not comply with the procedural rules controlling the form of motions filed in this proceeding. Del. Bankr. LR 9013-1(e) and (f)

specify that all motions shall have attached: a Notice of Hearing and a Proposed Form of Order specifying the exact relief requested. The Debtors violated this Court's Local Rules by filing a last-minute motion in a form inadequate to provide sufficient notice and guidance to the Court and to the parties. As the Debtors' 1/11 Motion to Strike failed to include both a Notice of Hearing and a Proposed Form of Order, it should be stricken. Indeed, with no Proposed Form of Order, Grace has failed to give notice of precisely the relief it actually seeks.

**2.     Failure to Timely File, or in the Alternative, to File a Motion to Shorten Time**

In addition to the failure to comply with the Court's requirements for filing motions, the Debtors failed to comply with the time of notice procedures allowed by the Local Rules, the Bankruptcy Rules, and the Case Management Orders governing this case. Specifically, the Debtors failed to file a motion to shorten time in order to take leave from these well-established rules.

The Bankruptcy Rules provide that "a written motion ... and notice of hearing shall be served not later than five days before the time specified for such hearing, unless a different period is fixed by these rules or by order of the court." Fed. R. Bankr. P. 9006-1(d). Local Rules provide for even greater notice, requiring that "all motion papers shall be filed and served . . . *at least fifteen (15) days . . . prior to the hearing date.* Del. Bankr. LR 9006-1(c) (*emphasis added*). Furthermore, at least two Case Management Orders govern the timing of motions practice in this case. The Second Amended Order Establishing Case Management Procedures and Hearing Schedule, ordered December 14, 2006, (Docket No. 14028) (the "Second Amended CMO") determined that all motions shall be filed and served at least thirty-two days prior to hearing. The Third Newly Amended Case Management Order for the Estimation of Asbestos Personal Injury Liabilities, ordered August 2, 2006 (Docket No. 16468) (the "Third

CMO," and together with the Second Amended CMO, the "Orders") provided for expedited motions practice, which would proceed according to the following schedule:

- Party files motion;
- Responses must be filed within 14 days of service of the motion;
- Replies must be filed within 7 days of service of the response;
- The Court will schedule a telephonic hearing at its earliest convenience *after the response and replies to the motion are filed.*

Third CMO, page 2 *(emphasis added)*.

As the Debtors filed the 1/11 Motion to Strike after business hours on the last business day before the January 14 hearing, they disregarded all proscribed timelines for filing motions and left the FCR with virtually no time to review and prepare a response to the 1/11 Motion to Strike. Indeed, the Debtors were served the Stallard Declaration on Monday, January 7, and waited until Friday night, January 11, before filing the motion to strike. This eleventh hour timing unfairly prejudices the FCR's ability to respond before the January 14 hearing date.

Surely the Debtors understood that a motion filed a mere 62 hours before the proposed hearing date would be in violation of the Orders, the Local Rules and the Bankruptcy Rules, and yet, the Debtors failed to file a Motion to Shorten Notice. *See* Del. Bankr. LR 9006-1(e) ("no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."). As the Debtors ignored all rules pertaining to the timing of the filing of motions, and failed to even request that this Court grant leave to diverge from the procedural rules that ensure fairness and provide order to these proceedings, the 1/11 Motion to Strike should be stricken.

## Conclusion

The failure to comply with the requirements for proper timing and notice constitutes disregard for the procedures of this Court. While time pressure, even in the face of a fast-approaching hearing date, may impose additional constraints on any party attempting to file a last-minute motion, it is not a recognized excuse for the total disregard of procedural rules. WHEREFORE, the FCR respectfully requests that the Court enter an order to strike the Debtors' Motion to Strike Untimely Stallard Declaration and for Sanctions, and grant such other relief as is just and proper.

Dated: January 13, 2008               Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Raymond G. Mullady, Jr.*
Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
Columbia Center
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400

John Ansbro
666 Fifth Avenue
New York, NY 10103
Telephone: (212) 506-5000

John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

*Counsel for David T. Austern,*
*Future Claimants' Representative*