IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| | ) Jointly Administered |
| Debtors. | ) Related Docket No. _____ |

**MOTION TO SHORTEN NOTICE WITH RESPECT TO THE FUTURE CLAIMANTS'
REPRESENTATIVE'S MOTION TO STRIKE DEBTORS' MOTION TO STRIKE
UNTIMELY STALLARD DECLARATION AND FOR SANCTIONS**

David T. Austern, the court-appointed legal representative for future asbestos personal injury claimants (the "FCR"), by and through his undersigned counsel, pursuant to Del. Bankr. LR 9006-1(e), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Sections 102 and 105 of Title 11 of the United States Code, hereby moves this Court (the "Motion") for the entry of an order shortening the notice period with respect to the "Future Claimants' Representative's Motion to Strike Debtors' Motion to Strike Untimely Stallard Declaration and For Sanctions" (the "FCR Motion to Strike"), and for leave from this Court's Second Amended Order Establishing Case Management Procedures and Hearing Schedule (Docket No. 14028) (the "Second CMO") and the Third Newly Amended Case Management Order for the Estimation of Asbestos Personal Injury Liabilities (Docket No. 16468) (the "Third CMO") to allow the FCR Motion to Strike to be heard, if necessary, during the January 14, 2008 hearing. In support of the Motion, the FCR respectfully represents as follows:

1. Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware provides that "(n)o motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of

the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." In addition, Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified period of time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." The Second CMO specifies that all motions shall be filed and served at least thirty-two days prior to hearing. The Third CMO provides for expedited motions practice, which allows the Court to schedule a telephonic hearing on a motion at its earliest convenience *after* the opposing party has 14 days to respond to the motion.

2. The Official Committee of Asbestos Personal Injury Claimants and Future Claimants Representative's Joint Reply in Support of Their Motions to Exclude Grace's Expert Testimony (Docket No. 17778) (the "ACC/FCR Reply") is scheduled to be heard at the January 14, 2008 hearing. Grace's Motion to Strike Untimely Stallard Declaration and for Sanctions (Docket No. 17815) (the "Grace Motion to Strike") is related to the ACC/FCR Reply. Though Grace failed to file a Notice of Hearing on the Grace Motion to Strike, the FCR is forced to assume that Grace intends to argue the Grace Motion to Strike at the January 14, 2008 hearing. The FCR Motion to Strike should accordingly be heard *before* the Grace Motion to Strike, as it will preclude hearing on the Grace Motion to Strike if granted. Thus, if this Court allows the Grace Motion to Strike to be heard at the January 14, 2008 hearing, despite Grace's failure to comply with the rules governing the timing of motions, failure to file a motion to shorten notice on the motion, and failure to file the required notice of hearing and proposed order, the FCR Motion to Strike should be heard earlier on the same day.

3. In this case, exigencies exist which justify shortened notice and for leave from the Second CMO and Third CMO to enable the FCR to have the FCR Motion to Strike heard on

2

January 14, 2008, if necessary. The FCR also respectfully requests that the Court establish January 14, 2008 as the deadline to object to the Motion to Strike. Granting the relief requested herein will allow the evidentiary matters at issue in the ACC/FCR Reply and related documents to move forward on a timely basis.

4.   Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) counsel to each of the Official Committees; (c) the Debtors; and (c) all parties who have requested notice pursuant to Bankruptcy Rule 2002. Counsel for the FCR submits that, in light of the nature of the relief requested, that the limited notice described above is appropriate.

WHEREFORE, the FCR respectfully requests the entry of an Order: (i) shortening the notice period as set forth herein; (ii) granting the FCR leave from the Second CMO and Third CMO; (iii) establishing the objection deadline on the Motion to Strike as January 14, 2008, and (iv) and such other relief as the Court deems just and proper.

Dated: January 13, 2008                    Respectfully submitted,

                                                 ORRICK, HERRINGTON & SUTCLIFFE LLP

                                               */s/ Raymond G. Mullady, Jr.*
Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
Columbia Center
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400

John Ansbro
666 Fifth Avenue
New York, NY 10103
Telephone: (212) 506-5000

John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

*Counsel for David T. Austern,*
*Future Claimants' Representative*

4