THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | Related to Docket No. 17815, 17821 |
| Debtors | ) | 1/14/08 Agenda No. 9 |
| | ) | |

**DEBTORS' (REVISED)[1] MOTION TO STRIKE UNTIMELY STALLARD
DECLARATION AND FOR SANCTIONS**

The January 7, 2008 Declaration of P.J. Eric Stallard ("1/7/2008 Stallard Decl.") violates the December 19, 2007 Stipulation Agreement ("Stipulation"). Accordingly, any expert testimony relying thereon should be stricken from the record in the estimation proceeding. In addition, the FCR should be sanctioned for their blatant violation of the Stipulation. The Court should not countenance such last minute gamesmanship.

The issue is really quite simple. All expert reports, including all rebuttal reports, were to be filed no later than September 11, 2007.[2] Nevertheless, on December 7, 2007, one month before the estimation hearing was set to commence, and three months after all supplemental and rebuttal expert reports were to be filed, the FCR filed the Declaration of P.J. Eric Stallard ("12/7/2007 Stallard Decl.") in support of its December 7, 2007 *Daubert* motion ("FCR *Daubert* Motion"). Through new expert analyses, the 12/7/2007 Stallard Declaration sought to explain, correct and amplify Mr. Stallard's prior testimony and expert reports, as well as further criticize Grace's experts.[3]

---

[1] This Motion has been revised to include a proposed form of Order.

[2] *See* 8/2/2007 Third Newly Amended Case Management Order for the Estimation of Asbestos Personal Injury Liabilities ("Order") at 1.

[3] The 12/7/2007 Stallard Declaration specifically rebuts matters addressed by the expert reports of Dr. Lees, dated October 3, 2006, (12/7/2007 Stallard Decl. ¶ 12), and Dr. Anderson, dated July 31, 2007, (*id.* ¶¶ 8-19). The

As Grace did not have an opportunity to analyze this report or depose Mr. Stallard about the report, Grace moved to strike it.  Prior to the Court's ruling on Grace's motion, the parties reached a stipulation agreement whereby the 12/7/2007 Stallard Declaration would be used "for *Daubert* purposes only," and Grace would be allowed to "file a responsive declaration to the [12/7/2007] Stallard Declaration from Dr. Anderson for *Daubert* purposes." [4]  The express purpose of the Stipulation was to prohibit Mr. Stallard from further analyzing and critiquing Dr. Elizabeth Anderson's expert report, and to provide Grace with a fair opportunity to respond to Mr. Stallard's new opinions and analyses.  It did not contemplate Mr. Stallard doing yet more work, placing the parties in the same position that existed prior to the Stipulation.  In good faith, and in reliance on the parties' Stipulation, the Debtors' withdrew their motion to strike the Declaration and filed a responsive declaration.[5]

Now, in yet another attempt to have the last word, the FCR has filed **another** Stallard Declaration — the 1/7/2008 Stallard Declaration.[6]  This latest untimely declaration comes *1 week* before the estimation trial is scheduled to occur, and just *3 weeks* after the parties' entered the Stipulation.  The 1/7/2008 Stallard Declaration contravenes both the letter and spirit of the parties' Stipulation.  First, the Stipulation expressly allowed only one additional filing - - a responsive affidavit by Dr. Anderson.  Second, the whole point of the Stipulation was to cut off any further discovery and to limit the scope and use of this additional expert material.

---

12/7/2007 Stallard Declaration also rebuts matters addressed in the rebuttal report of Dr. Florence, dated September 25, 2007.  (*Id.* ¶¶ 20-27.)  Moreover, the 12/7/2007 Stallard Declaration included new ***mathematical models***, ***calculations*** and ***graphs***, as well as new opinions based on these models.  (*See*, *e.g.*, *id.* ¶ 12 ("I computed the standard deviation"); *id.* ¶ 14 ("I created a mathematical model").)

[4] *See* 12/19/2007 Stipulation Withdrawing Debtors' Motion to Strike Untimely Expert Materials and Outlining Agreement Thereon ¶¶ 5, 7, attached hereto as Exhibit 1.

[5] *See id.* ¶ 7; *see also* 12/17/2007 Hr'g Tr., at 56.

[6] *See generally* 1/7/2008 Stallard Decl.

Like the first declaration, the 1/7/2008 Stallard Declaration is essentially a new rebuttal report that seeks to refute every point in the January 3, 2008 Declaration of Elizabeth L. Anderson ("1/3/2008 Anderson Decl.").[7] Indeed, whereas Dr. Anderson's response declaration was 7 pages long, Mr. Stallard's reply is 18 pages long and responds point-by-point to every statement made by Dr. Anderson.[8] Moreover, it also presents new expert opinions and analyses. (*See, e.g.,* 1/7/2008 Stallard Decl. ¶ 34 ("[A]s I show below, the independence assumption is not scientifically valid and it is not consistent with accepted scientific practice for the purpose of rejecting *individual* claimants on the premise that they have insufficient exposures to asbestos to cause disease."); *id.* ¶ 37 ("My opinion that the independence assumption is wrong in the present case is based on the following three considerations . . . .").) Responding to the new expert opinions would unreasonably require Grace to conduct additional expert work to rebut the propositions set forth in the declaration on the eve of the estimation trial. This simply is not possible with less than one week until trial, demonstrating the manifest prejudice of the filing.

As a result, Grace has no opportunity to respond to any contentions made by Mr. Stallard, to depose Mr. Stallard or to conduct any other discovery on his newfound opinions. This case cannot progress if Grace is constantly required to hit the FCR's moving target. The FCR has completely disregarded the Stipulation, in yet another attempt to get the last word.

Simply put, this newly filed declaration should be stricken because it: (1) violates this Court's discovery order; (2) violates the parties' Stipulation entered into as a resolution to the issues created by the inappropriately filed 12/7/2007 Stallard Declaration; and (3) is unfairly prejudicial to Grace. Thus, pursuant to Federal Rules of Civil Procedure 26 and 37, made

---

[7] *See id.* ¶ 12.

[8] *Compare* 1/3/2008 Anderson Decl. *and* 1/7/2008 Stallard Decl.

applicable to this proceeding by Bankruptcy Rules 7026 and 7037, the Declaration is untimely and impermissible and must be stricken.

Moreover, the FCR should be sanctioned for its blatant disregard of this Court's discovery deadlines and the express Stipulation of the parties. The Debtors' request that this Court grant sanctions prohibiting the FCR from receiving reimbursement for Mr. Stallard's work on the new declaration, and requiring the FCR to pay Grace's expenses in preparing this motion. (*See* Fed. R. Civ. Pro. 16(f) (When a party "fails to obey a scheduling . . . order" the judge has the authority to sanction the party with any orders "as are just," and the court may impose, *inter alia*, the sanctions contained in Rule 37.); *see also* Fed. R. Civ. Proc. 37 & 26.)

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, (i) striking the Stallard Declaration, submitted on January 7, 2008; (ii) granting appropriate sanctions; and (iii) granting such other relief as may be just or proper.

Date:  1/14/2008                                    Respectfully submitted,

                                                    KIRKLAND & ELLIS LLP

                                                    /s/ David M. Bernick
                                                    David M. Bernick, P.C.
                                                    Janet S. Baer
                                                    200 East Randolph Drive
                                                    Chicago, IL 60601
                                                    Telephone:  (312) 861-2000
                                                    Facsimile:   (312) 861-2200

                                                    -and-

4

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:    (302) 652-4400

*Co-Counsel for the Debtors and Debtors in Possession*

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | Related Docket No. ____ |
| Debtors | ) | 1/14/08 Agenda No. 9 |
| | ) | |

**ORDER GRANTING DEBTORS' MOTION TO STRIKE
UNTIMELY STALLARD DECLARATION AND FOR SANCTIONS**

Upon consideration of the 1/11/2008 "Debtors' (Revised) Motion to Strike Untimely Stallard Declaration and for Sanctions," all oppositions and responses thereto, and all argument on the Motion;

IT IS HEREBY ORDERED THAT:

(i) W.R. Grace & Co.'s ("Grace") Motion to Strike is granted. The 1/7/2008 Stallard Declaration shall be stricken in its entirety and shall not be considered by the Court for any purpose; and it is further ORDERED that

(ii) The Future Claimants' Representative ("FCR"), and his counsel, shall not be reimbursed by Grace for Mr. Stallard's work performed in creating the 1/7/2008 Declaration; and it is further ORDERED that

(iii) The FCR shall be required to pay Grace's expenses incurred in preparing the instant motion.

Dated: January ___, 2008

                                                Honorable Judith K. Fitzgerald
                                                United States Bankruptcy Judge

DOCS_DE:134234.1