IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et. al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Reference Dkt. Nos. 17824 & 17825 |

**FUTURE CLAIMANTS' REPRESENTATIVE'S RENEWED[1] OPPOSITION TO GRACE'S MOTION TO STRIKE AS "UNTIMELY" PROFESSOR ERIC STALLARD'S REPLY DECLARATION, AND FOR SANCTIONS**

## I. INTRODUCTION

Grace's vitriolic motion is tempest in a teapot completely devoid of merit. The FCR's submission of the Stallard Reply Declaration comports fully with the letter and spirit of the parties' December 19, 2007 ("Stipulation")[2] and with this Court's *Daubert* motion practice under the CMO. Grace's real purpose here is to prevent this Court from reading Professor Stallard's cogent, line-by-line expert explication of: (i) why the Anderson Opposition Declaration strays beyond her expertise and into his and (ii) why the theories and opinions in the Anderson Opposition are fundamentally flawed and unreliable. In light of Professor Stallard's Reply (and the FCR's and ACC's opening papers) there can be no real dispute that Dr. Anderson's opinions in this case are inadmissible under *Daubert*. ***That*** is Grace's real problem, and it explains why Grace is so desperate to keep Professor Stallard's Reply to Dr. Anderson away from this Court and out of the record in this case.

---

[1]  This Opposition is the same opposition filed at Docket No. 17820. Since the Debtors have re-filed their Motion to Strike Debtors' (Revised) Motion to Strike Untimely Stallard Declaration and for Sanctions at Docket No. 17824, the FCR is refilling his opposition, in an abundance of caution.

[2]  Stipulation Withdrawing Debtor's Motion to Strike Untimely Expert Materials and Outlining Agreement Thereon of December 20, 2007, annexed hereto as Exhibit 1.

1

On its face, the Stipulation speaks to Professor Stallard's opening declaration and Dr. Anderson's opposing declaration, and it confines the use of those to the *Daubert* proceedings. The Stipulation says nothing about how the FCR may reply to Grace's Opposition Brief or Dr. Anderson's Opposition Declaration, much less does it prohibit the FCR from submitting a declaration from Professor Stallard that replies to the points raised in Dr. Anderson's Opposition. On the contrary, the FCR's right to do so is set forth in this Court's Case Management Order and controlling law.

Grace ignores that the parties are in *Daubert* motion practice, nothing more, nothing less. Under the CMO, the procedures and rights of the parties on their *Daubert* motions are indisputable and straightforward: (i) the movant brings its *Daubert* motion; (ii) the respondent files its opposition, and finally (iii) the movant replies to the opposition. That is all that has happened here. Moreover, in *Daubert* proceedings, "Rule 104(a) generally allows a trial court . . . to consider evidence that would not be admissible at trial[,]" including "'offers of proof, affidavits, [and] stipulations.'" *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 739 n.4 (3rd Cir. 1994) (citing *United States v. Downing*, 753 F.2d 1224, 1241 (3rd Cir. 1985)). It would be error for the Court to bar the FCR from submitting the type of expert reply that is not covered by the Stipulation and is routinely accepted by courts in *Daubert* proceedings.

Indeed, not only is Professor Stallard's Reply Declaration entirely appropriate for *Daubert* purposes, it is particularly necessary here because Dr. Anderson's Opposition discloses certain critical details of her work for the first time in this case. The Stallard Reply Declaration appropriately responds directly, paragraph-by-paragraph and point-by-point to the Anderson Opposition. The Stallard Reply therefore is not an untimely new

expert report. It is the final step in the three-step responsive pleading process for *Daubert* motions.

## II. PERTINENT BACKGROUND

### A. The FCR's *Daubert* Motion and Parties' Stipulation

In support of its *Daubert* motion, the FCR submitted the Declaration of P.J. Eric Stallard. In it, Professor Stallard demonstrates that several of the assumptions made by Dr. Anderson (and other Grace experts) are unscientific and unreliable. Grace objected on the grounds that the Stallard declaration was a new, untimely expert report and filed a motion to strike. On December 19, the parties agreed to the Stipulation whereby Grace withdrew its motion, and the parties agreed in pertinent part (i) that Professor Stallard's opening declaration "can be used by the FCR and ACC for Daubert purposes only" and (ii) Grace "may file a responsive declaration to the Stallard Declaration from Dr. Anderson for *Daubert* purposes only." (Exhibit 1 ¶¶ 5, 7.)

### B. Dr. Anderson's Declaration in Opposition to *Daubert* Motion

Dr. Anderson's Declaration in Opposition takes issue with Professor Stallard's qualifications and responds to points he raised in support of the FCR's *Daubert* motion. In doing so, Dr. Anderson's Opposition Declaration discloses for the first time new details about her assumptions and theories that underlie the analysis in her original expert reports. This includes her "independence" theory and related assumptions that the distribution of the lifetime exposures to asbestos represents the distribution of the sums of sets of 11,250 independent and identically distributed daily exposures.[3][4]

---

[3] Declaration of P.J. Eric Stallard dated January 7, 2008, annexed hereto as Exhibit 3 ¶ 29.
[4] Declaration of Dr. Elizabeth L. Anderson, dated January 3, 2008, annexed hereto as Exhibit 2 ¶ 7.

3

### C. Professor Stallard's Reply Declaration Specifically Addresses the Anderson Opposition

Pursuant to the responsive pleading procedures under the CMO, and in keeping with Rule 104 and applicable law, the FCR submitted the Stallard Reply Declaration on January 7, 2008. Professor Stallard's Reply consists of a specific, paragraph-by-paragraph response to the Anderson Opposition. (e.g. Stallard Reply, Ex. 3 ¶ 4) ("I will respond on a point-by-point basis to Dr. Anderson's *Declaration* dated January 3, 2007.")

## III. ARGUMENT

### A. The Stallard Reply Does Not Violate the Letter of the Stipulation

Grace's after-the-fact argument that the purpose of the Stipulation was to "cut off any further discovery" is incorrect. The purpose of the Stipulation was to limit the opening Stallard Declaration and Dr. Anderson's Opposition to the *Daubert* proceedings.

The Stipulation makes no mention of the FCR's right to file a reply, as provided by the CMO, and pursuant to applicable law. In short, the Stipulation does not, and does not purport to, preclude the FCR from having Professor Stallard review and reply to Dr. Anderson's Opposition. The CMO dictates the three-step process of initial motion, opposition, and reply for *Daubert* motion practice. Grace fairly had the "last word" on its *Daubert* motion, just as the FCR fairly does here, including the appropriate submission of a reply declaration from its expert, Professor Stallard.

### B. The Stallard Reply Comports with the Spirit of the Stipulation

Grace's argument that submission of the Stallard Reply Declaration somehow violates the "spirit" of the Stipulation is wrong. Indeed, the Stallard Reply complies fully with the spirit of the Stipulation because the Reply was offered for *Daubert* purposes, and is specifically addressed to Dr. Anderson's *Daubert* Opposition. The Stipulation on its

4

face states that its purpose is to confine the Stallard and Anderson declarations to the *Daubert* proceedings. Thus, it was in further support of its *Daubert* motion that the FCR exercised its right to file a reply declaration by Professor Stallard. It therefore fits precisely within the purpose and spirit of the Stipulation.

Contrary to Grace's arguments, Professor Stallard adds no new material. He addresses and rebuts Dr. Anderson's Opposition point-by-point and demonstrates that Dr. Anderson's expert testimony is unreliable. Most importantly, Stallard's Reply Declaration necessarily responds to opinions which Anderson disclosed for the first time in her Opposition.

### C.     Controlling Law Requires Denial of Grace's Motion

Finally, Grace's argument that the Stallard Reply Declaration should be stricken because expert discovery is closed is unavailing. The Third Circuit's ruling in *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 739 (3rd. Cir. 1994) is instructive. In *Paoli*, after expert disclosure and expert discovery had concluded, a party submitted affidavits from previously undisclosed experts in support of its *Daubert* motion. In reliance on those expert affidavits, the court granted the proponent's Daubert motion and excluded the respondent's testimony from trial. The Third Circuit affirmed the *Daubert* ruling, finding that although the "new set of experts" submitting affidavits was not identified prior to the expert discovery deadline, because the new expert opinions were offered for purposes of the *Daubert* hearing and not at trial, it was appropriate for the trial court to consider their opinions. *Id.* at 738-39. In so ruling, the Third Circuit observed that "during a pre-trial admissibility hearing, a 'trial court may consider, inter alia, offers of proof, affidavits, stipulations...'" *Id.* at 739 n.4 (*citing United States v. Downing*, 753 F.2d 1224, 1241 (3rd Cir. 1985). In light of this authority, Grace's argument fails.

## IV. THERE ARE NO GROUNDS FOR SANCTIONS

Grace calls for sanctions under Federal Rule of Civil Procedure 16(f), which contemplates sanctions for failure to obey a scheduling order or failure to appear at a pretrial conference, "unless the judge finds that the noncompliance was substantially justified[.]" Fed. R. Civ. Pro. 16(f). First, Grace's request for sanctions is misplaced because the FCR submitted the Stallard Reply Declaration pursuant to the *Daubert* motion procedures in the CMO. There is no discovery order involved here, much less a violation of a discovery order. Furthermore, as demonstrated above, the Stallard Reply Declaration did not run afoul of the Stipulation. Grace's request for sanctions is therefore completely misplaced.

Moreover, "the exclusion of critical evidence is an extreme sanction not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order. . . . " *Meyers v. Pennypack Woods Home Ownership*, 559 F.2d 894, 905 (3d Cir. 1977). Far from a willful or flagrant disregard of a court order, as shown above, the FCR's submission is fully consistent with the Court's *Daubert* motion procedures in the CMO, does not violate the Stipulation, and instead is in keeping with the purpose and spirit of the Stipulation.

## V. CONCLUSION

For the reasons and upon the authorities set forth above, the Court should deny Grace's motion in its entirety.

Dated: January 14, 2008                    Respectfully submitted,

                                           ORRICK, HERRINGTON & SUTCLIFFE LLP
                                           */s/ Raymond G. Mullady, Jr.*
                                           Roger Frankel
                                           Richard Wyron
                                           Raymond G. Mullady, Jr.

1152 15th Street, N.W.
Washington, D.C. 20005
(202) 339-8400

John Ansbro
666 Fifth Avenue
New York, NY 10103
(212) 506-5000

- and -

PHILLIPS, GOLDMAN & SPENCE, P.A.
John C. Phillips, Jr. (#110)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

*Co-Counsel to David T. Austern,*
*Future Claimants' Representative*