**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Chapter 11 |
| W. R. GRACE & CO., et. al, | ) | Case No. 01-1139(JFK) |
| | ) | |
| Debtors[1] | ) | Jointly Administered |
| | ) | |

**CSX TRANSPORTATION, INC.'S FIRST REQUEST
FOR PAYMENT OF ADMINISTRATIVE EXPENSE**

CSX Transportation, Inc. ("CSX"), by counsel, in support of its First Request for

Payment of Administrative Expense (the "Request"), states the following:

**Jurisdiction and Venue**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.

2.      Venue is proper pursuant to 28 U.S.C. § 1409.

3.      The statutory basis for the relief requested is 11 U.S.C. § 503(b) and

Federal Rule of Bankruptcy Procedure 9014.

**Background**

---

[1]  The debtors consist of the following 62 entities:  W.R. Grace & Co. (f/k/a/ Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Itermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Envrionmental Liability Management, Inc. E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

4.      On April 2, 2001, each of the above-captioned debtors (the "Debtors")
filed its respective voluntary petition for relief under Chapter 11 of Title 11 of the United
States Bankruptcy Code in the United States Bankruptcy Court for the District of
Delaware (the "Bankruptcy Court").

5.      The bankruptcy cases are being jointly administered under Case No. 01-
1139.

6.      Both prepetition and postpetition, CSX provided, and continues to
provide, certain rail transportation services to the Debtors pursuant to various contracts
and/or tariffs.

7.      The Debtors have failed to pay CSX for postpetition services provided by
CSX during the period April 10, 2001 through November 30, 2007.  The amounts due for
these services include line haul freight, finance, and demurrage charges.  Copies of the
unpaid invoices and bills for postpetition services provided to the Debtors and the
amounts due thereunder are attached hereto as Exhibit A (the "Unpaid Invoices").

8.      As of the date hereof, the Debtors have not made any payments towards
the satisfaction of the Unpaid Invoices.  The total amount due and owing under the
Unpaid Invoices is currently $204,508.44.

## Relief Requested

9.      Pursuant to 11 U.S.C. § 503(b)(1)(A), claims held by creditors for which
the underlying consideration provided was an actual and necessary cost or expense to
the debtor to preserve the estate are to be allowed as administrative expenses entitled
to priority under 11 U.S.C. § 507(a)(1).  In order for a claim to obtain administrative
expense status, the claim must arise from: (1) a transaction with the debtor-in-
possession; and (2) directly and substantially benefited the estate in some demonstrable
way.  See In re Mid American Waste Systems, Inc., 228 B.R. 816, 821 (Bankr. D. Del.
1999) (citations omitted).

10.     In the instant case, it is clear that the amounts due to CSX under the Unpaid Invoices constitute an administrative expense entitled to priority.  CSX transacted directly with the Debtors as debtors-in-possession.  Following the Debtors' filing of their Chapter 11 bankruptcy petitions, CSX continued to provide rail transportation services at the Debtors' request and direction.  Absent this transport, the Debtors would not have received inventory and other goods necessary to allow the Debtors to operate as a business, and as a result, would have been incapable of delivering or selling its products to its customers.  It is axiomatic that delivering raw materials and  inventory is instrumental to the operation of the Debtors' business.

11.     In detailing the legislative history of this section, the Third Circuit Court of Appeals noted that "such expenses must be paid first to assure the availability of the services needed to administer a liquidation or reorganization case.  Absent the priority established under § 503, a debtor in possession could not keep its employees, nor obtain services necessary to its operation as it attempts to reorganize, or wind-down pending ultimate liquidation."  Pa. Dept. of Envtl. Res. v. Tri-State Clinical Labs., 178 F.3d 685, 690 (3d Cir. 1999) (quoting Report of the Commission on the Bankruptcy Laws of the United State, H.R. Doc. 93-137, pt. 1, at 214 (1973) (internal quotations omitted)).  There is no more meritorious transaction that provides greater tangible benefits to an estate than transporting raw materials to the debtor from which the debtor ultimately derives its profit, and thus allowing it to retain its employees and satisfactorily reorganize under Chapter 11.  Due to the direct interaction with the Debtors following the filing of their bankruptcy petitions and the direct beneficial nature to the Debtors' estate of these transactions, all amounts due under the Unpaid Invoices must be allowed as an administrative expense.

WHEREFORE, CSX respectfully requests that this Court enter an order substantially in the form attached hereto as Exhibit B allowing its claim for $204,508.44

for amounts due under the Unpaid Invoices as an administrative expense in accordance with 11 U.S.C. § 503(b)(1)(A) and ordering Debtors to pay such claim and granting any other additional relief the Court finds justified under the circumstances.

Dated:  January 18, 2008

CSX TRANSPORTATION, INC.

John H. Maddock, III (VSB No. 41044)
Daniel F. Blanks (VSB No. 48108)
McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, Virginia 23510-1655
(757) 640-3700 – Telephone
(757) 640-3701 – Facsimile

and

 /s/ Barbara H. Stratton
Barbara H. Stratton (Del. State Bar No. 2785)
Knepper & Stratton
1228 King Street
Wilmington, Delaware 19801
(302) 658-1717 – Telephone
(302) 658-0631 – Facsimile

## CERTIFICATE OF SERVICE

I, Daniel F. Blanks, hereby certify that I caused a true and correct copy of the foregoing CSX TRANSPORTATION, INC.'S FIRST REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES to be served upon the following parties in the manner indicated this 18th day of January 2008:

**U.S. Mail**

William J.A. Sparks, Esq.
W.R. Grace & Company
919 N. Market Street, Suite 425
Wilmington, DE 19801

Vito I. DiMaio
Parcels, Inc.
230 North Market Street
P.O. Box 27
Wilmington, DE 19899

David Klauder, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE 19801

Warren H. Smith
Warren H. Smith & Associates
Republic Center 325 N. St. Paul
Suite 1275
Dallas, TX 75201
whsmith@whsmithlaw.com

William J.A. Sparks, Esq.
W.R. Grace & Company
919 N. Market Street, Suite 425
Wilmington, DE 19801

Michael R. Lastowski, Esq.
Richard W. Riley, Esq.
Duane, Morris & Heckscher, LLP
1100 N. Market Street
Suite 1200
Wilmington, DE 19801-1246

David M. Bernick, Esq.
Janet S. Baer
Lisa G. Esayian
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601

(Counsel for Debtors and Debtors in Possession)
Laura Davis Jones, Esquire
James E. O'Neil, Esquire
Pachuiski Stang Ziehi Young Jones & Weintraub LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire
Mark T. Hurford, Esq.
Campbell & Levine, LLC
800 North King Street, Suite 300
Wilmington, DE 19801

(Counsel for Property Damage Claimants)
Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

(Equity Committee Counsel)
Teresa K.D. Currier
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

(FCR)
Raymond Mullady, Esq.
Garret Rasmussen, Esq.
John Ansbro, Esq.
Debra Felder, Esq.
Catharine Zurbrugg, Esq.
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005
(Libby)
John Heberling, Esq.
Tom Lewis, Esq.
Mark Kovacich, Esq.

Dan Cohn, Esq.
Chris Candon, Esq.
McGarvey, Heberling, Sullivan &
McGarvey PC
745 South Main
Kalispell, MT 59901-5399

(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esq.
Kenneth Pasquale, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esq.
Rita Tobin, Esq.
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152

(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esq.
Jay Sakalo, Esq.
Matt Kramer, Esq.
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL 33131

(Counsel to Official Committee of
Equity Holders)
Philip Bentley, Esq.
Peggy Farber, Esq.
Gregory Horowitz, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

(Counsel for ACC)
Nathan D. Finch, Esq.
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

(Counsel to David T. Austern, Future
Claimant's Representative)
John C. Phillips, Jr., Esq.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

**E-mail**

william.sparks@grace.com
Mark Shelnitz
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

smcfarland@pszyj.com
(Counsel for Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
James E. O'Neil, Esquire
Pachuiski Stang Ziehi Young Jones &
Weintraub LLP
919 North Market Street, 17 Floor
P.O. Box 8705
Wilmington, DE 19899-8705

syoder@bayardfirm.com
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm

meskin@del.camvel.com
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire
Campbell & Levine, LLC

ttacconelli@ferryjoseph.com
(Counsel for Property Damage
Claimants)
Theodore Tacconelli, Esquire
Ferry & Joseph, P.A.

mlastowski@duanemorris.com
(Counsel for Official Committee of
Unsecured Creditors)
Michael R. Lastowki, Esquire
Duane Morris LLP

currier@klettronney.com
(Counsel for Official Committee of
Equity Holders)
Teresa K.D. Currier, Esquire
Buchanan Ingersoll & Rooney, P.C.

james_kapp@chicago.kirkland.com
(Counsel to Debtor)
James Kapp, III, Esquire
Kirkland & Ellis

pvnl@capdale.com
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered

elawler@stroock.com
(Official Committee of Unsecured
Creditors)

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP

carol.hennessey@lw.com
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Lathain & Watkins

isakalo@bilzin.com
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP

pbentlev@kramerlevin.com
(Counsel to Official Committee of
Equity Holders)
Philip Bentley, Esquire
Kramer Levin Naftalis & Frankel LLP

 /s/ Daniel F. Blanks
Daniel F. Blanks

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| W. R. GRACE & CO., et. al, | ) | Case No. 01-1139(JFK) |
| | ) | |
| Debtors[1] | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING CSX TRANSPORTATION, INC.'S**
**FIRST REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE**

Upon the request dated January 18, 2008 (the "Request") of CSX Transportation,

Inc. ("CSX") pursuant to section 503(b) of title 11 of the United States Code (the

"Bankruptcy Code"), for an order allowing CSX's postpetition claim for unpaid freight,

finance and demurrage bills for rail transportation services provided to the Debtors during

the period between April 10, 2001 and through November 30, 2007 as an administrative

expense as more fully set forth in the Request; and the Court having jurisdiction to

consider the Request and the relief sought therein in accordance with 28 U.S.C. § 1334;

and due notice of the Request having been provided, and it appearing that no other or

---

[1]  The debtors consist of the following 62 entities:  W.R. Grace & Co. (f/k/a/ Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Itermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Envrionmental Liability Management, Inc. E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

further notice need be provided; and the Court having found that cause exists to allow

CSX's claim as an administrative expense; and upon the Request and all the proceedings

had before the Court; and after due deliberation and sufficient cause appearing therefore,

it is hereby

ORDERED that the Request is granted in all respects; and it is further

ORDERED that any capitalized terms not defined herein shall have the meanings

assigned to them in the Request; and it is further

ORDERED that in accordance with 11 U.S.C. § 503(b), CSX is hereby granted an

administrative expense claim in the amount of $204,508.44 and that such administrative

expense is entitled to priority set forth in 11 U.S.C. § 507(a)(1), and shall be paid in full

within five (5) business days following entry of this Order; and it is further

ORDERED that the Court shall retain jurisdiction over the implementation and

enforcement of this Order.

Dated:  Wilmington, Delaware
             February _____, 2008

_____
UNITED STATES BANKRUPTCY COURT

4617600