THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: February 8, 2008 at 4p.m.** |
| | ) | **Hearing Date: February 25, 2008, at 1:00 p.m.** |

### DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS' ENTRY INTO STIPULATION RESOLVING CLAIM OF CITY OF CAMBRIDGE

The above-captioned debtors (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached as Exhibit A hereto, approving a stipulation by and between W. R. Grace & Co., a debtor, and the City of Cambridge (the "City"), a copy of which stipulation is attached as Exhibit B hereto. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Motion is proper under 28 U.S.C. § 1408.

2. The statutory predicate for this Motion is § 105 of the Bankruptcy Code and Rule 9019 the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). These Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. The Bankruptcy Court issued an order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims.

5. The City filed against the Debtors three proofs of claim related to real property taxes (the "Claims"), described as follows:[2]

---

[2] As set forth below, the City has also filed four proofs of claim regarding environmental contamination at Russell Field in Cambridge, Massachusetts. In 2005, the four proofs of claim were reduced to one claim, Claim 4720, an environmental claim classified as a Non-Asbestos Claim. This Stipulation and the releases set forth in the Stipulation do not relate to and do not have any effect on such environmental claim(s).

| Claim No. | Filed on or about | Asserted Amount | Asserted Priority | Asserted Basis for Claim |
|---|---|---|---|---|
| 7550 | 3/27/2003 | $206,453.74 | Secured | Fiscal year 2001[3] real property tax title |
| 18417 | 9/18/2006 | $300,905.81 | Secured | Fiscal year 2001 real property tax title |
| 18490 | 6/28/2007 | $327,431.90 | Secured and Priority | Fiscal year 2001 real property tax title and fiscal year 2007[4] real property taxes |

6.  The Debtors' objections to Claims 7550 and 18417, on the basis that such claims have been amended and superceded and therefore should be disallowed, were sustained as part of the Order at Docket No. 17450.

7.  The Debtors and the City have agreed to settle the remaining claim on the terms and conditions contained in the Stipulation and summarized in this Motion.

**TERMS AND CONDITIONS OF THE STIPULATION**

8.  The material provisions of the Stipulation are as follows:[5]

(i)  <u>Allowed claims</u>: Claim 18490 (the "Claim") shall be allowed as a timely, pre-petition claim against the chapter 11 estates of the Debtors in the total amount as follows:

- a secured claim for $155,497.11 plus

- a secured claim for interest at an annual rate of 10% simple interest on $155,454.52 to be calculated from the Petition Date until the date of payment.[6]

Such combined amount totals and constitutes the "Settlement Amount." Notwithstanding what the Debtors' chapter 11 plan may ultimately provide with respect to the payment of interest, the

---

[3]  In Cambridge, Massachusetts, fiscal year 2001 runs from July 1, 2000 to June 30, 2001.
[4]  In Cambridge, Massachusetts, fiscal year 2007 runs from July 1, 2006 to June 30, 2007. Debtors have since paid all balances related to fiscal year 2007 real property taxes.
[5]  This summary and the terms and conditions of the Stipulation described in this Motion are qualified in their entirety by the terms and conditions of the Stipulation. Capitalized terms used in the summary but not defined therein shall have the meaning ascribed to them in the Stipulation.
[6]  Interest only accrues on $155,454.52 which is $42.59 less than that total amount of the secured claim for principal.

3

City shall not be entitled to any additional pre-petition or post-petition interest upon the allowed amount of the Claim other than as set forth above.

(ii) Final Order: The Stipulation is conditioned upon the Order approving this Motion and the Stipulation becoming final and non-appealable. The Stipulation will become effective on the first business day after the tenth day after the entry of the Order by the Bankruptcy Court. The parties shall use their best efforts to seek entry of an Approval Order on or before March 20, 2008.

(iii) Liens: The lien relative to the Claim shall remain in full force and effect until after the Debtors make full payment of the Settlement Amount to the City and until after such payment has cleared and the funds are deposited into the City's account. The City agrees that after said period, the City will take all reasonable steps to promptly remove the lien or otherwise authorize the Debtors to prepare and file any documentation necessary to evidence the release of the lien.

(iv) No additional claims: The City agrees that it is forever barred, estopped, and enjoined from asserting against the Debtors any additional claims for charges due prior to June 28, 2007 relative to the property at 62 Whittemore Ave., Cambridge, MA 02140 other than enforcement of the obligations of the Debtors set forth in the Stipulation.

(v) Claim Register: Upon approval of the Stipulation, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that the Claim shall be allowed as outlined in the Stipulation.

(vi) No Effect on Specified Claims: The Stipulation has no effect upon the City's Claim number 4720, 4721, 4722, and 4723 as further described in the Stipulation.

4

(vii) <u>Future Payments</u>: Nothing in the Stipulation shall be interpreted to relieve Debtors', its successors', or assigns' obligations to make timely payments of (1) all water and sewer charges due after June 28, 2007 applicable to any property in Cambridge, Massachusetts owned by any of the Debtors, (2) all real property taxes including CPA charges following fiscal year 2007 applicable to any property in Cambridge, Massachusetts owned by any of the Debtors, (3) all personal property taxes following fiscal year 2007 applicable to any property in Cambridge, Massachusetts owned by any of the Debtors, and/or (4) any other future obligation to the City arising on or after July 1, 2007 (the start of Fiscal Year 2008).

(viii) <u>Amendments</u>: Amendments to the Stipulation are only authorized if in writing signed by each of the parties.

(ix) <u>No Admission</u>: The Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to matters set forth herein.

(x) <u>Jurisdiction of the Bankruptcy Court</u>: The Bankruptcy Court shall retain jurisdiction to enforce the Stipulation and all matters relating thereto.

## RELIEF REQUESTED

9.     By this Motion, the Debtors seek authority, pursuant to § 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a) to: (i) enter into the Stipulation; (ii) have the Debtors perform its obligations under the Stipulation; and (iii) allow the Claim in the sum provided for herein and in the Stipulation.

## BASIS FOR RELIEF

**A.     <u>Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a)</u>**

10.     Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the

5

provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. Pro. 9019(a).

11.   Courts generally favor minimizing litigation and expediting the administration of a bankruptcy case. See Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); see also In re Key3Media Group, Inc., 2006 WL 2842462, at *3 (D. Del. 2006). Before approving a settlement under Bankruptcy Rule 9019, however, a court must determine that the proposed settlement is in the best interests of the debtor's estate. See Martin, 91 F.3d at 394; In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate.'"). To reach this determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. See Martin, 91 F.3d at 393.

12.   The standard by which courts should evaluate the reasonableness of a proposed compromise and settlement is well established. This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Martin, 91 F.3d at 393; see also In re Nutraquest, Inc., 434 F.3d 639 (3d Cir. 2006).

13.   It is also well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Key3Media Group, Inc., 2006 WL 2842462, at *3; In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (citing In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979)). Under this test, a proponent must simply demonstrate that

6

a proposed settlement does not fall "below the lowest point in the range of reasonableness." World Health Alternatives, Inc., 344 B.R. at 1114 (citations omitted).

### B. Application of Standards for Approval of a Settlement to the Facts of This Case

14. The Debtors have determined that entry into the Stipulation is in the best interests of the Debtors and their estates. The Stipulation is within the reasonable range of litigation possibilities because the probability of success in litigation in this case is very difficult to estimate due to the complex issues and the current body of case law on the subject.

15. Specifically, the Debtors do not disagree with the principal amount of the Claim. The only question is what rate of interest should be charged. The City claims that because it is a secured claimant, it is entitled to interest on its Claim at the statutory rate provided under Massachusetts state law -- i.e. 16%. While the large body of case law on the subject grants governmental authorities interest at the rate specified in their respective state statutes, there is precedent in Massachusetts, and specifically a case involving the City, to suggest otherwise. However, there were certain distinctions in facts between that case and our current situation which arguably can make that authority distinguishable and therefore not binding. While the Debtors are confident in their positions on the legal issues, given the complexity of the matters and the current body of case law on the subject, litigation presents significant uncertainty as to a favorable resolution of the Claim.

16. Furthermore, even if successful, the difference in the interest rate, and therefore the money saved that the Debtors could at best hope to secure is minimal compared with the potential legal costs of trying such an issue.

17. When uncertainty, expense, inconvenience and delay is compounded with the minimal advantage to be gained through litigation, it is the belief of the Debtors that the interest

7

DOCS_DE:134394.1

of the creditors and the estates lies in settlement and not in litigation. The settlement entered into is well within the range of litigation possibilities and the Debtors believe that the Stipulation represents a reasonable settlement of the Claim. Accordingly, this Court should approve the Stipulation and authorize the Debtors to perform in accordance therewith.

### NOTICE

Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee, (iv) counsel to the Future Claimants' Representative, (v) those parties that requested papers under Bankruptcy Rule 2002 and (vi) counsel to the City of Cambridge. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

DOCS_DE:134394.1

WHEREFORE, the Debtors respectfully request that the Court enter the attached order (i) authorizing the Debtors to enter into and perform under the Stipulation, (ii) allowing the Claim in the sum provided for in the Stipulation, and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  January 18, 2008

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois  60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705
(302) 652-4100
(302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession