# **EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

## STIPULATION RESOLVING CLAIM OF
## CITY OF CAMBRIDGE

This stipulation ("Stipulation") is entered into this 17th day of January 2008, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and the City of Cambridge (the "Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, this Court issued an order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 12168405.2

**WHEREAS**, Claimant filed against the Debtors three proofs of claim related to real property taxes (the "Claims"), described as follows:[2]

| Claim No. | Filed on or about | Asserted Amount | Asserted Priority | Asserted Basis for Claim |
|---|---|---|---|---|
| 7550 | 3/27/2003 | $206,453.74 | Secured | Fiscal year 2001[3] real property tax title |
| 18417 | 9/18/2006 | $300,905.81 | Secured | Fiscal year 2001 real property tax title |
| 18490 | 6/28/2007 | $327,431.90 | Secured and Priority | Fiscal year 2001 real property tax title and fiscal year 2007[4] real property taxes |

**WHEREAS**, the Debtors previously have filed objections to Claims 7550 and 18417 on the basis that such claims have been amended and superceded and therefore should be disallowed. Those objections were set forth in the Twenty-Fourth Omnibus Objection to Claims, which was heard at the November 26, 2007 omnibus hearing and sustained as part of the Order at Docket No. 17450.

**WHEREAS**, the Debtors and Claimant have agreed to settle the Claims on the terms and conditions set forth herein.

**NOW, THEREFORE**, for good and valuable consideration, the parties hereby stipulate and agree as follows:

---

[2] As set forth below, the Claimant has also filed four proofs of claim regarding environmental contamination at Russell Field in Cambridge, Massachusetts. In 2005, the four proofs of claim were reduced to one claim, Claim 4720, an environmental claim classified as a Non-Asbestos Claim. This Stipulation and the releases set forth herein do not relate to and do not have any effect on such environmental claim(s).

[3] In Cambridge, Massachusetts, fiscal year 2001 runs from July 1, 2000 to June 30, 2001.

[4] In Cambridge, Massachusetts, fiscal year 2007 runs from July 1, 2006 to June 30, 2007. Debtors have since paid all balances related to fiscal year 2007 real property taxes.

2

1. Claimant agreed to not file a response to the objection filed by the Debtors against Claims 7550 and 18417, and accordingly the Court entered an order disallowing and expunging Claims 7550 and 18417.

2. Claim 18490 (the "Claim") shall be allowed as a timely, pre-petition claim against the chapter 11 estates of the Debtors in the total amount as follows:

- a secured claim for $155,497.11 plus

- a secured claim for interest at an annual rate of 10% simple interest on $155,454.52 to be calculated from the Petition Date until the date of payment.

Such combined amount totals and constitutes the "Settlement Amount." Notwithstanding what the Debtors' chapter 11 plan may ultimately provide with respect to the payment of interest, Claimant shall not be entitled to any additional pre-petition or post-petition interest upon the allowed amount of the Claim other than as set forth above.

3. The parties agree that this Stipulation is subject to disclosure to necessary parties-in-interest and subject to approval by the Bankruptcy Court, which approval shall be evidenced by the entry of an order ("Approval Order"). This Stipulation shall become effective on the first business day (the "Effective Date") after the tenth day after the entry of the Approval Order by the Bankruptcy Court; provided that if the Approval Order is appealed, the Effective Date shall be the date on which the Approval Order becomes final and non-appealable. The parties shall use their best efforts to seek entry of an Approval Order on or before March 20, 2008.

4. The lien relative to the Claim shall remain in full force and effect until after Debtors make full payment of the Settlement Amount to the Claimant and until after such payment has cleared and the funds are deposited into the Claimant's account. The Claimant agrees that after said period, the Claimant will take all reasonable steps to promptly remove the

lien. If Claimant does not promptly remove the lien after said period, the Debtors are authorized to prepare and file any documentation necessary to evidence the release of the lien.

5. Claimant agrees that it is forever barred, estopped, and enjoined from asserting against the Debtors any additional claims for charges due prior to June 28, 2007 relative to the property at 62 Whittemore Ave., Cambridge, MA 02140 other than enforcement of the obligations of the Debtors set forth in this Stipulation.

6. The Debtors shall take whatever additional action, if any, is necessary to make sure that the Claim is allowed as outlined herein.

7. Upon approval of this Stipulation by the Bankruptcy Court, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that the Claim shall be allowed as outlined herein.

8. **This Stipulation has no effect upon the City of Cambridge's Claim number 4720** relating to environmental contamination at the Russell Field property in Cambridge, Massachusetts as reflected in the Stipulation Concerning Withdrawal of Objection, Consolidation and Reclassification Certain Claims located as Exhibit D to Second Order Granting Relief Sought in Debtors' Fifteenth Omnibus Objection to Claims (Substantive) (D.I. 11394) dated December 19, 2005 and entered December 21, 2005, **nor does it have any effect on the City of Cambridge's Claim numbers 4721, 4722, and 4723 in the event any or all of those claims is reinstated pursuant to paragraph 6 of said Exhibit D**.

9. Nothing in this Stipulation shall be interpreted to relieve Debtors', its successors', or assigns' obligations to make timely payments of (1) all water and sewer charges due after June 28, 2007 applicable to any property in Cambridge, Massachusetts owned by any of the Debtors, (2) all real property taxes including CPA charges following fiscal year 2007 applicable to any property in Cambridge, Massachusetts owned by any of the Debtors, (3) all personal property

taxes following fiscal year 2007 applicable to any property in Cambridge, Massachusetts owned by any of the Debtors, and/or (4) any other future obligation to Claimant arising on or after July 1, 2007 (the start of Fiscal Year 2008).

10. Debtors and Claimant represent and warrant that the persons whose signatures appear below have the full authority and legal power to execute the Stipulation and bind Debtors and Claimant, respectively, and that as of the Effective Date, this Stipulation shall constitute the legal, valid, and binding obligation of each party, enforceable against each party in accordance with its terms, and that each party has read the entire Stipulation, understands each of the provisions set forth herein, and is entering into this Stipulation without coercion and only after consulting with legal counsel.

11. Debtors and Claimant agree that this Stipulation may only be amended in a writing signed by each of the parties. Debtors and Claimant shall be deemed to have participated in drafting this Stipulation, and it shall not be construed against either of them on account of any such deemed authorship.

12. This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to matters set forth herein.

13. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. Debtors and Claimant further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

14. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

**ACKNOWLEDGED AND ACCEPTED:**
W. R. Grace & Co., et al.:

By: _____
    W. Brian McGowan
    Senior Vice President

Date: January 18, 2008

**ACKNOWLEDGED AND ACCEPTED:**
City of Cambridge:

By: _____
    Robert W. Healy
    City Manager

Date: January ___, 2008

By: _____
    Louis DePasquale
    Assistant City Manager for Fiscal Affairs

Date: January ___, 2008

6

K&E 12168405.2

14. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

**ACKNOWLEDGED AND ACCEPTED:**
W. R. Grace & Co., et al.:

By: _____
    W. Brian McGowan
    Senior Vice President

Date: January ___, 2008

**ACKNOWLEDGED AND ACCEPTED:**
City of Cambridge:

By: _____/s/_____
    Robert W. Healy
    City Manager

Date: January 17, 2008

By: _____/s/_____
    Louis DePasquale
    Assistant City Manager for Fiscal Affairs

Date: January 17, 2008