IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Docket No. ___ |

## ORDER AUTHORIZING THE MOTION PURSUANT TO SECTIONS 105(A) AND 363 OF THE BANKRUPTCY CODE FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO EXPEND PROPERTY TO ACQUIRE PREFERRED STOCK INTEREST IN CERATECH, INC.

This matter coming before the Court on the Debtors' Motion Pursuant to Sections 105(a)

and 363 of the Bankruptcy Code for the Entry of an Order Authorizing the Debtors to Expend

Property to Acquire Preferred Stock Interest in CeraTech, Inc. (the "Motion"), filed by the

above-captioned debtors and debtors in possession (collectively, "Debtors");[2] the Court having

reviewed and considered the Motion; the Court finding that: (i) the Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2), the relief requested therein is in the best interest of the Debtors and their

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise defined in this Order have the meanings ascribed to them in the Motion.

estates, (iii) the relief requested is proper under 28 U.S.C. §§ 105(a) and 363(b); and (iv) no

further notice or hearing on the Motion being required; and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED, FOUND, AND DETERMINED THAT:

1.  The Motion is hereby approved.

2.  The Purchase Agreement, as attached hereto as Exhibit A, and all of the terms
and conditions thereof, are hereby approved.

3.  The Debtors are authorized to invest in CeraTech on substantially the terms
and conditions described in the Motion and the Purchase Agreement.

4.  No further Bankruptcy Court approval is required for any consent
requirements of the Debtors for the transactions specified in the CeraTech certificate of
incorporation.

5.  The Debtors are authorized to take any additional reasonable actions that are
necessary to consummate the transactions contemplated by the Motion and the Purchase
Agreement.

6.  The Court shall retain jurisdiction to hear and determine all matters arising
from or relating to the implementation of this Order.

7.  This Order is final and effective immediately upon its entry.

Dated: _____, 2008

_____
Honorable Judith K. Fitzgerald
U. S. Bankruptcy Judge