## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIBBY CLAIMANTS, et al., | : |
| Appellants, | : CIVIL ACTION NO. 07-609 |
| | : BANKRUPTCY CASE NO. 01-01139 |
| v. | : ADV. PROC. NO. 01-771 |
| W.R. GRACE & CO., et al., | : |
| Appellees. | : |

### MEMORANDUM

BUCKWALTER, S.J.                                                                                         January 22, 2008

Presently before the Court are Appellants' Brief (Docket No. 6), Answering Brief of the State of Montana (Docket No. 9), Appellees' Brief (Docket No. 10), and Appellants' Reply (Docket No. 12); Debtors' Motion to Dismiss Appeal (Docket No. 7), Joinder of the State of Montana to Debtors' Motion to Dismiss Appeal (Docket No. 8), Appellants' Opposition to Debtors' Motion to Dismiss Appeal (Docket No. 11), Burlington Northern Santa Fe Railway Company's Opposition to Debtors' Motion to Dismiss Appeal (Docket No. 13), and Debtors' Reply in Support of Motion to Dismiss Appeal (Docket No. 14). For the reasons set forth below, all motions are dismissed without prejudice and subject to the accompanying order.

### I. BACKGROUND

This appeal follows an August 29, 2007, Bankruptcy Court order temporarily staying all actions commenced against the State of Montana and/or Burlington Northern Santa Fe Railway Company ("BNSF") arising out of alleged exposure to asbestos indirectly or directly caused by Debtors.[1] The Appellants in this matter, referred to as the "Libby Claimants," constitute

---

[1] (Adversary Proceeding Docket No. 466)

individuals allegedly injured by exposure to asbestos from Debtors' operations in Lincoln County, Montana, who seek to prosecute tort claims against the State of Montana and BNSF.

In June 2005, the State of Montana filed a motion in the Bankruptcy Court seeking relief from an automatic stay to enable it to join the Debtors as third-party defendants in the Montana lawsuits. After initially opposing the State of Montana's lift stay motion, the Debtors filed a motion to expand the preliminary injunction to include actions against the State of Montana.[2] After hearing arguments from the parties, the Bankruptcy Court entered an order on January 17, 2006, temporarily staying the lawsuits against the State of Montana pending the Bankruptcy Court's decision on expanding the injunction.[3] The Libby Claimants appealed the Stay Order to this Court, arguing that the order was reviewable as a preliminary injunction.[4] Following briefing and oral arguments, this Court entered an Order on May 10, 2006, stating,

> This Court believes, generally, that the conditions necessary for the Court to entertain this interlocutory appeal are not present in this case. However, the Court thinks the indefinite nature of the Bankruptcy Court's stay order may present an exceptional circumstance. Therefore, the Court exercises its jurisdiction under 28 U.S.C. § 158(a)(3) for the limited purpose of addressing the indefiniteness of the Bankruptcy Court's stay order. A time frame in which the Bankruptcy Court will render its decision on the Debtors' motion to expand the preliminary injunction to include actions against the State of Montana would be appropriate in light of the indefinite stay order presently in place. However, the Bankruptcy Court is, in the first instance, best suited to determine that time frame.

In re W.R. Grace & Co., Civ. A. No. 06-26, 2006 WL 1313190, at *1 (D. Del. May 10, 2006).

This Court thereby remanded the matter to the Bankruptcy Court "so that it [could] advise the

---

[2](Adv. Pro. Docket No. 359)

[3](Adv. Pro. Docket No. 376)

[4](Adv. Pro. Docket No. 373)

2

parties of a specific date on or before which it expect[ed] to render its decision on Debtors' motion to expand the preliminary injunction." Id.

Nearly a year later, on April 16, 2007, the Bankruptcy Court issued an order denying Debtors' motion to expand the preliminary injunction to include actions against the State of Montana[5], finding that "related-to subject matter jurisdiction [did] not exist for the purpose of expanding the injunction to include the State Court Actions."[6] Both Debtors and the State of Montana filed motions for reconsideration in response to the Bankruptcy Court's order.[7]

Meanwhile, on March 26, 2007, Grace moved to extend the preliminary injunction to include the BNSF litigation.[8] On May 21, 2007, the Bankruptcy Court heard oral argument on the motions for reconsideration of the injunction denial decision as well as Debtors' motion to expand the injunction to include actions against BNSF (the "BNSF Injunction Motion"). The Bankruptcy Court thereafter entered an order on August 29, 2007, temporarily staying all actions commenced against the State of Montana and/or BNSF arising out of the alleged asbestos exposure caused by Debtors, pending the Bankruptcy Court's ruling on the injunction motions.[9] The Libby Claimants now appeal entry of that Stay Order, submitting that it should be vacated because:

(1) the Stay Order constitutes a preliminary injunction entered in violation of Fed.

---

[5](Adv. Pro. Docket No. 420)

[6](Adv. Pro. Docket No. 419)

[7](Adv. Pro. Docket No. 427; Adv. Pro. Docket No. 426)

[8](Adv. Pro. Docket No. 398)

[9](Adv. Pro. Docket No. 466)

3

R. Civ. P. 65(a), (2) the Bankruptcy Court lacked subject matter jurisdiction to enjoin litigation between non-debtor parties not related to the Grace bankruptcy within the meaning of 28 U.S.C. § 1334(b) and long-established Third Circuit precedent, and (3) the Stay Order was entered without meeting (or considering) the four-part test for issuance of an injunction and other requirements to stay third-party litigation in the context of a Chapter 11 case.

(Appellants' Brief 12.)

## II. DISCUSSION

Once again, the Court must consider its authority to entertain an interlocutory appeal in the face of the indefiniteness of the Bankruptcy Court's Stay Order. As Appellees point out, an order staying further litigation is "appropriate whenever the policy of preserving the court's power to decide the case effectively outweighs the risk of imposing an interim restraint before it has done so." Ortho Pharm. Corp. v. Amgen, Inc., 882 F.2d 806, 813-14 (3d Cir. 1989). However, a temporary stay of indefinite duration, as found in the present matter, has the potential to restrict the Libby Claimants to the point that it surpasses the interest in preserving the status quo. In light of the circumstances, the Court is disinclined to rule on the underlying merits of the appeal prior to giving the Bankruptcy Court sufficient time to consider the injunction motion and motion for reconsideration. Therefore, the Court will dismiss these motions without prejudice, and give the Bankruptcy Court additional time to consider the motions before them.

## III. CONCLUSION

For the reasons set forth above, all pending motions are dismissed without prejudice and subject to the following order.

4