IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W.R. Grace & Co.,[1] et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Dk. No. 17328 |

### Claimant Allegheny Center Associates' Memorandum In Support of Its Motion for Relief From Order of Dismissal

Claimant Allegheny Center Associates, though its counsel, respectfully submits this

Memorandum in Support of its Motion for Relief From Order of Dismissal.

## I. Statement of Facts

1.    On March 31, 2003, Speights & Runyan filed proofs of claim for One Allegheny

---

[1]The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgracc, Inc., Coalgracc II, Ins., Creative Food `N Fun Company, Darex Puerto Rico, Inc.,  Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Center and Two Allegheny Center, located in Pittsburgh, PA. [Ex. 1]. These claims were assigned Claim Nos. 11036 and 11037 by the Debtors' Claims Processing Agent, Rust Consulting. Speights & Runyan was authorized to file the claims and received written authorization to file on March 25, 2003. [Ex. 2]. The Speights & Runyan filed claims attached documentary evidence of Grace product identification.

2.    Unbeknownst to Speights & Runyan, Allegheny Center Associates apparently filed a proof of claim for these same buildings on March 26, 2003. [Ex. 3]. This claim was assigned Claim No. 9778 by the Debtors' Claims Processing Agent, Rust Consulting. The Proof of Claim was apparently signed by Andrew Raynovich, an in-house attorney for Allegheny Center Associates. [Ex. 4, ¶6]. Mr. Raynovich listed his mailing address in the Proof of Claim form as "Allegheny Center Associates, Mall Mgmt Office, Pittsburgh, PA 15212." which is the correct address for Allegheny. [Ex. 3, Ex. 4, ¶4]. The Claim from completed by Mr. Raynovich attached no documentation.

3.    On July 21, 2003, the Debtors' filed and served the Second Omnibus Objection to Claims (Non-Substantive), which raised, *inter alia*, objections to certain asbestos property damage claims that allegedly attached no supporting documentation. (Dk. No. 4089).[2] Among those claims scheduled on the Second Omnibus Objection was Claim No. 9778, which had been filed by Mr. Raynovich. (Dk. No. 10523, Tab D). Specifically, the Debtors identified and served Allegheny as

---

[2]Interestingly, the Debtors' Second Omnibus Objection also sought to expunge certain claims on the basis that they were "Duplicate Claims." [Dk. No. 4089, p. 3 and Exhibit B]. Exhibit B lists 199 allegedly duplicate claims filed against the Debtor, but did not list any of the three claims filed on behalf of Allegheny.

Allegheny Center Associates
Allegheny Center Associates, Mall Mgmt
Pittsburgh, PA 15212

4.      On December 17, 2003, Brain Huben, an attorney with the firm of Katten Muchin

Zavis Roseenman in Los Angeles, California sent an e-mail to Kirkland & Ellis regarding the

Debtor's Second Omnibus Objection attaching a constituent analysis report in support of product

identification on behalf of Allegheny Center Associates' Claim No. 9778, and confirming that

the Debtor's Second Omnibus Objection as it related to Claim No. 9778 would be withdrawn by

the Debtors. [Dk. No. 10523, Attachment].

5.      On March 16, 2005 the Debtors served Gateway Objections to Certain asbestos

property damage claims including Claim Nos. 11036 and 11037 filed by Speights & Runyan on

behalf of the Allegheny Center buildings.  Speights & Runyan was served with the "Gateway"

objections to these two specific claims and responded by providing additional documentation in

support of these two claims on May 16, 2005.  After receiving the additional information, the

Debtors apparently abandoned their "Gateway" objection to these two claims.

6.      On July 17, 2005, the Debtors sought an additional waiver of Local Rule 3007-1

for the purpose of filing additional objections to Claim Nos. 11036 and 11037 on the basis that

Speights & Runyan lacked authority to file the claims.  (Dk. No. 9008).  These claims were

specifically identified in the Debtors' Motion and attachments to the motion.  After Speights &

Runyan consented to the additional waiver and produced written evidence of its authority to file

Claim Nos. 11036 and 11037, the Debtors apparently abandoned their authority objections to

these claims.

7.      On August 29, 2005, the Court entered its initial Case Management Order for the

3

Adjudication of Asbestos Property Damage Claims Objections. (Dk. No. 9300).

8.      On September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Property Damage claims. (Dk. No. 9315). The Debtors have represented to this Court and the Claimants that they filed all objections to PD claims in their Fifteenth Omnibus Objection.[3] According to the schedules attached to the Fifteenth Omnibus Objection which were organized alphabetically rather than by claim number or attorney, the Debtors' purported to object [*See*, Exhibit 5, p. 9] to Claim No. 9778 filed on behalf of "Allegheny Center Associates" with "No Counsel Specified" for buildings located at "One and Two Allegheny Center, Pittsburgh PA." Then at page 193 of the schedule, the Debtors purported to separately object to Claim No. 11037 filed on behalf of "One Allegheny Center" with "Speights & Runyan" listed as counsel for a building located at "Allegheny Center, Pittsburgh, PA." [Id, p. 193]. Then at page 458 of the Debtors' schedule, they purported to object to Claim No. 11036 filed on behalf of "Two Allegheny Center" with "Speights & Runyan" listed as counsel for a building located at "Allegheny Center, Pittsburgh, PA." [Id, p. 458].

9.      On or about October 24, 2005, Speights & Runyan filed comprehensive individual responses to the Debtors' Fifteenth Omnibus Objection on behalf of Allegheny's Claim Nos. 11036 and 11037. (Dk. Nos. 9740, 9744).

10.      On or about October 24, 2005, attorney Brian Huben of the Katten firm filed a response to the Debtors' Fifteenth Omnibus Objection as it related to Claim No. 9778. (Dk. No. 10523).

---

[3]*See, e.g.,* Motion for a Scheduling Order Regarding Certain of Debtors' Fifteenth Omnibus Objections to PD Claims (Substantive) (June 19, 2006) at 1, 2, 6, 26. (Dk. No. 12679).

11.     Up through the filing of the Thirteenth and Fifteenth Omnibus Objections and responses thereto, the Debtors raised no objection that any of these three claims were duplicative. Indeed, on March 9, 2006, the Debtors and Speights & Runyan, after several meet and confer sessions, entered a stipulation which sought to resolve and consolidate forty-five duplicative claims by expunging extraneous claim numbers. (Dk. No. 12147). During this process the Debtors never suggested that Claim No. 9778 (which had not been filed by Speights & Runyan) was duplicative of Claim Nos. 11036 and 11037 (which had been filed by Speights & Runyan).

12.     On June 19, 2006, the Debtors filed a Motion for a Scheduling Order Regarding Certain of the Debtors' Fifteenth Omnibus Objections to PD Claims (Substantive) in which it sought to set a schedule for the adjudication of hundreds of Asbestos PD claims, including the briefing and argument schedule for filing summary judgment motions. On August 31, 2006, this Court entered a Scheduling Order Setting Various Deadlines Regarding Various Property Damage Objections. (Dk. No. 13120). On October 13, 2006, this Court entered an amended Order Setting Various Deadlines Regarding Objections to Property Damage Objections. (Dk. No. 13406). In both the August 29, 2006 Order and the October 13, 2006 Order, the Court specifically ruled that, with respect to the Methodology Issue, **"All parties will be bound by the Court's determination in this regard and may elect to participate."** (Dk. Nos. 13120 and 13406, ¶1) (emphasis in original). The court further ruled that specific claims objections regarding the statute of limitations, hazard and product identification would be tried in April and May of 2007 and set specific schedules, including filing and response deadlines and discovery schedules. (Id, ¶2-5). Because the purpose of these Orders was to put all claimants on notice that the Debtors' would be litigating specific claim objections, the Court ordered the Debtors to

"serve this Order and the accompanying Notice on **counsel** for all PD claimants affected by this

Order, or the Claimants themselves **if not represented by counsel.**" (Dk. Nos. 13120 & 13406).

13.    Exhibit A to these Orders listed Claim No. 9778 with specific objections on page

59. (Id). It identified the Claimant as "Allegheny Center Associates," stated that there was "no

counsel specified" with the claim and Exhibit A provided that the claimant's address was "One

and Two Allegheny Center, Pittsburgh, PA." (Id). Exhibit A also listed Claim Nos. 11036 and

11037 on p. 17. (Id). It also identified these Claimants as "Two Allegheny Center" and "One

Allegheny Center," and listed "Daniel A. Speights" as counsel for the claimant. (Id).

14.    The Debtors provided no certificate of service showing service of these Orders on

Brian Huben or the Katten law firm for Claim No. 9778 even though they had appeared as

counsel and responded to the Fifteenth Omnibus Objection with respect to Claim No. 9778.

Instead, the Debtors apparently sent the required notices to "One and Two Allegheny Center,

Pittsburgh, PA." In any event, Allegheny Center Associates has no record of having received

these two Orders. [Ex. 4, ¶15].

15.    On or about February 1, 2007, Speights & Runyan, served written discovery on

the Debtors on behalf of One and Two Allegheny Center, claim numbers 11036 and 11037.

[Exs. 6, 67]. This discovery specifically sought the factual basis of the Debtors' Statute of

Limitations and Product ID defenses and specifically referenced Claim Nos 11036 and 11037.

Speights & Runyan served no discovery for Claim No. 9778, and indeed, was completely

unaware that Claim No. 9778 purportedly involved the same buildings.

16.    On or about March 5, 2007, the Debtors responded to the written discovery served

on behalf of Claim Nos. 11036 and 11037. In its responses, the Debtors specifically denied that

Monokote fireproofing had caused any injury with respect to these two claims and failed to identify any evidence (including the claim form for Claim No. 9778 which it relied upon to move for summary judgment) that any property damage had occurred in the buildings sufficient to trigger the statute of limitations. [Exhibits 8, 9].

17.    Meanwhile, on February 16, 2007, Grace filed a Motion for Summary Judgment directed at sixteen allegedly time barred property damage claims. (Dk. No. 14598). The Debtors' Motion specifically identified claims by claim number and claimant, but did not provide any other identifying information. The Debtors identified this particular claim as "Allegheny Center Associates (Claim No. 9778)." (Id, p. 2). The Debtors' certificate of service indicates that this motion was served as follows:

> **First Class Mail**
> Allegheny Center Associates
> One and Two Allegheny Center
> Pittsburgh, PA 15212

[Exhibit 10]. The COS indicates that the Debtors' Motion was not directed to the person who signed Claim No. 9778 as counsel, nor to the specific mailing address listed on the Proof of Claim form. [*See,* ¶2 and Exhibit 3]. The COS further failed to show that this motion was directed to attorney Brian Huben or the Katten firm who had appeared and responded to the Fifteenth Omnibus Objection on behalf of Claim No. 9778.

18.    Speights & Runyan was served with this motion and filed a response on behalf of the ten claim numbers for which it had filed proofs of claim, including other claimants from Pennsylvania. (Dk. No. 14904). Of course, Speights & Runyan had no record of having filed Claim No. 9778 because it had not filed that claim.

19.     On April 9, 2007, this Court conducted a hearing on the Debtors' Motions for

Summary Judgment.  At page 192 and 193 of the proceedings, Debtors' counsel addressed the

Court with respect to Dk. No. 14598.

> Your Honor, of the 16 claims that were originally subject to debtor's motion three
> of those claims were represented by Mr. Dies.  And, as we've indicated earlier,
> those claims are not at issue with respect to this argument here today. . . .  In
> addition, there were two claimants that did not file any response to the debtors'
> motions.  Those claimants were Ms. Virginia Thrasher, Claim 2636, and the
> Allegheny Center Associates, Claim No. 9778.  Ms. Thrasher's claim was
> included in the not a Grace product motion, so I'm not going to address that one.
> We do have an order, though, for that remaining claim, that 9778, to which no
> response from those folks were received.

(April 9, 2007 Tr., pp. 192-3, Dk. No. 15229).  The Court then inquired if there was "anybody

present representing Allegheny Center Associates?  There is no response so I'm expunging this

claim as barred by the statute of limitations." (Id).  Of course, Speights & Runyan had no record

of having filed Claim No. 9778.  Subsequently, the Court entered a written Order expunging

Claim No. 9778 on the statute of limitations, presumably because of the technical default caused

when no specific response was filed on behalf of that claim number.  (Dk. No. 15130).

20.     Claim Nos. 11036 and 11037 for One and Two Allegheny Center are still pending

and before the Court, but subject to Debtors' Motion to Dismiss.  (Dk. No. 17328).

## II. Argument

Pursuant to Rules 9024, FRBP and 60, FRCP, Allegheny Center Associates respectfully

moves the Court for relief form the Order expunging Claim No. 9778.  (Dk. No. 15130).

### A. The Debtors' Defective Service of its Summary Judgment Motion Require that This Court Set Aside its Prior Order Dismissing Claim No. 9778

It is undisputed that the dismissal of Claim No. 9778 was obtained by the Debtors based

upon their representation to the Court that no claimant responded to their motion for summary

judgment based upon the statute of limitations.  Implicit in the Debtors representation was the

fact that their motion was properly served upon this claimant.  However, the Debtors proof of

service clearly demonstrates that this is not the case.

Noticeably absent from the Debtors' COS of the February 16, 2007 Summary Judgment

Motion (Dk. No. 14598) is the counsel and law firm that had appeared and responded to the

Debtors' Fifteenth Omnibus Objection on behalf of Claim No. 9778.  This is the same firm that

corresponded with Kirkland & Ellis regarding the Debtors' Second Omnibus Objection.  [e-mail

attachment].  The Debtors failure to serve the lawyer and firm that had appeared as counsel for

Claim No. 9778 is inexplicable, but more importantly, it denied Allegheny Center Associates

proper notice under the rules and due process.

Service upon counsel who has appeared in the case on behalf of a claimant is mandatory.

Rule 5(b)(1), FRCP, which is incorporated into the Bankruptcy Rules by Rule 7005, FRBP,

provides that if "a party is represented by an attorney, service under this rule **must** be made on

the attorney unless the court orders service on the party."  (Emphasis supplied).  Wright & Miller

have observed that

> The requirement in Rule 5(b) that the papers in the action be served on the
> attorney is to be followed literally; although it may seem counterintuitive,
> **service upon a party represented by an attorney does not comply with**
> **the rule**.

4B Federal Practice & Procedure, *Wright & Miller* (3d Ed.) §1145; *see also, Fortner v. Balkom*,

380 F.2d 816, 820 (5th Cir.1967) (reversing judgment of the trial court and holding that service of

a deposition notice on a party who is represented by counsel is insufficient notice and violates

Rule 5(b), FRCP). These requirements apply equally to bankruptcy proceedings. *In re: Hewitt Graocery Co.*, 33 F.Supp. 493 (D.Conn. 1940).

Moreover, the Debtors can take no comfort in the fact that Speights & Runyan received a copy of the Summary Judgment Motion (Dk. No. 14598) and was in attendance at the hearing of April 9, 2007. The Debtor's summary judgment motion was specifically directed at Claim No. 9778. Likewise, when Debtors' counsel raised the issue of Allegheny's alleged non-response to the summary judgment motion at the April 9, 2007 hearing, he announced that it related to Claim No. 9778. Indeed, the Debtors' admit that they only recently discovered that Claim No. 9778 was for the same buildings as claim Nos. 11036 and 11037, and conceded at the last hearing that it did not believe Speights & Runyan was aware of the duplication either. Of course, while Speights & Runyan had not filed Claim No. 9778 and had never appeared or responded with respect to that Claim, the Katten firm had appeared, had corresponded with Kirkland & Ellis about that claim and had filed a formal pleading responding to the Debtors' Fifteenth Omnibus objection to that claim. Under these circumstances, it is simply not logical or just to suggest that the Debtors have complied with the service rules because it served a different counsel who had no connection with Claim No. 9778 rather than the counsel who had appeared with respect to that claim. Indeed, this type of confusion is precisely the reason that claim numbers are assigned to discrete claims rather than assigning numbers to claimants only.

It is well settled that Judgments obtained upon procedural default are void if the party against whom the judgement was entered was not properly served. *Gold Kist, Inc. v. Laurinburg Oil Co.,* 756 F.2d 14, 19 (3d Cir.1985). Accordingly, pursuant to Rules 9024, FRBP and 60(b)(4), FRCP, this Court's order dismissing Claim No. 9778 should be vacated as void and

10

Claim No. 9778 consolidated with Claim Nos. 11036 and 11037.

**B. Alternatively, Allegheny Should Be Granted Relief from the Order Expunging Claim No. 9778 Under Rule 60(b)(1)**

Rule 60(b)(1), FRCP provides that a party may be relieved from a Judgment for "mistake, inadvertence, surprise or excusable neglect." Allegheny qualifies for relief under this section as well.

As the affidavit of Allegheny's Controller explains, it is understandable how Grace's Summary Judgment Motion, which was sent to the wrong address and was not sent to counsel who had appeared with respect to Claim No. 9778, fell between the cracks. Even if direct service on Allegheny could be construed to comply with the service rules, because of a coincidence in the timing of a personnel change and the filing of the Motion, Allegheny did not discover Grace's Motion until recently. [Exhibit 4, ¶¶9, 14-15]. While this is unfortunate, the Court must remember that Allegheny is not in the business of monitoring time sensitive court filings – that is why it hired counsel. That is also why Rule 5 FRCP requires service of motions on **counsel.** Allegheny should not have its substantial claim dismissed on a default simply because Grace's Motion arrived on or about the last day of employment for the individual who had responsibility for the bankruptcy file and who presumably failed to notify his employer or properly file the Debtors' Summary Judgment Motion prior to his departure. Allegheny's neglect under these circumstances should be excusable.

In *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983), the Third Circuit expressed its disfavor with defaults and stated its preference that "in close cases doubts should be resolved in favor of setting aside the default and reaching a decision on the merits."

11

*Citing, Francese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir.1982).

More importantly, the Court went on to address level of conduct that in failing to answer

that must be present to enforce a default. In *Gross,* the Court reasoned that the "culpable"

conduct of a party in not answering must be result of "bad faith" or "wilful" acts.  700 F.2d at

124.  The facts do not support such a conclusion here.

## III.  Conclusion

Pursuant to Rules 9024, FRBP and Rule 60, FRCP, Allegheny respectfully submits that it

should be granted relief from this Court's prior Order (Dk. No. 15130).

Respectfully submitted:

Christopher D. Loizides (#3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

SPEIGHTS & RUNYAN
Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed ID No. 6101)
200 Jackson Avenue, East
Post Office Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

January 28, 2008