# Exhibit 7

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | **Chapter 11** |
| | ) | |
| W. R. Grace & Co., et al.[1], | ) | **Case No. 01-01139 (JKF)** |
| | ) | **Jointly Administered** |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |

**Allegheny Center No. 1 (Claim No. 11037) First Set of Interrogatories, First Request for Admission and First Request for Production of Documents**

## TO THE ABOVE-NAMED DEBTORS AND YOUR COUNSEL:

YOU WILL PLEASE TAKE NOTICE that pursuant to Rules 7026, 7033, 7034

and 7036 Fed.R.Bank.P., you are hereby directed to respond to Allegheny Center No. 1

(Claim No. 11037) First Set of Interrogatories, First Request for Admission and First

Request for Production of documents within thirty (30) days of the date of service.

---

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Ins., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

070202130107.DOC

## Instructions and Definitions

1. Any objections should be made seriatim, setting forth the specific objection, the specific basis of the objection, and a description with particularity of the information which you object to producing, admitting or otherwise providing. Plaintiff will promptly file a Motion to Compel as to any general objections, blanket objections and/or any objections not set forth with such particularity by request and seek costs for the motion.

2. When used in these discovery requests, the term "Grace," "you" or "your" or any synonym thereof, whether singular or plural, is intended to and shall mean those Debtors listed in footnote one and shall embrace and include counsel for the Debtors, all agents, servants, present and former employees, representatives and others who are in possession of or may have obtained information for or on behalf of the Debtors and shall include all present and former subsidiaries, divisions, affiliates, and predecessor entities of the Debtors.

3. The term "identify" or "identity" means: (a) in reference to individual people, the full name, present address, business affiliation and current position in sufficient detail to serve a subpoena; (b) in reference to a corporation, the full name and correct registered name, state of incorporation, address of principal place of business in sufficient detail to serve a subpoena and dates of existence; (c) in reference to a partnership or other entity, the name, the address of the principal place of business, dates of operation, and the names and addresses of all principals in sufficient detail to serve a subpoena; (d) in reference to a document, a description of the document, including the nature and content, the date, the name and address of the author and recipients and the present location of the person or entity having custody thereof in sufficient detail to serve a subpoena; (e) in reference to a

conversation, oral communication or meeting, a description of what was said by each participant or the substance or content of each subject raised in the conversation, oral communication or meeting, the identity of each person participating therein or present, the date and location, and the identity of any documents that relate to, refer to, set forth or summarize any portion of such communication. Where you are unable to identify all persons, entities, documents or communications requested to be identified, you shall so state and shall further answer to the fullest extent possible.

4. Use of the term "document" is to include any form of writing or communication, whether it be by paper, film, audio, video, photograph, microfilm, microfiche, computer printout, or other form, including, but not limited to, reports, records, minutes, memoranda, correspondence, telegrams, schedules, bulletins, data sheets, orders, printouts, binders, notes, articles, cassette tapes, laser or computer disks, manuals, agreements, contracts, test results, analysis, carbon copies, lists, indexes, bibliographies, newspapers, circulars, notebooks, periodicals, journals, books, invoices, bills of lading, shipping orders, freight bills, advertisements, brochures, pamphlets, binders, institutions, price lists, electronic mail and all other forms of information preservation.

5. The term "asbestos", "asbestos-products" or "asbestos-building products" means all asbestos-containing products ever mined, milled, manufactured or distributed, including, but not limited to, insulation materials, plaster, acoustical plaster, textures, ceiling tiles, fireproofing, joint compounds, wall board, cement, roof materials, paint, gaskets, packing material, textiles, paper and putty.

6. The term "surfacing treatment" or "surface treatment" means any fireproofing

proofing, acoustical plaster product, ceiling texture product, attic insulation product of masonry fill product.

7. The use of the terms "employee," "employed by you" or "representative" shall mean all persons who at any time were employed, under contract, retained, hired, paid by, reported to, represented or worked on behalf of the entity specified in the request or interrogatory. The term "employee" or "representative" shall include, but not be limited to, attorneys, scientists, testing facilities, investigators, advertising and/or marketing agencies, and independent contractors of the Debtors.

8. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the words "include(s)" and "including" shall be construed to mean "without limitation."

9. Use of the term "control" when referring to documents or other tangible things shall mean that you have the right to secure the things or documents or a copy thereof from another person or entity which has actual possession thereof. If any objection is based in whole or in part on the fact that documents are not in your possession or custody, then you will identify the person or entity in possession or custody of the documents, and shall identify the location of the documents.

10. If any document or other tangible thing is responsive to any request stated herein, but is not in your custody or possession, identify the person or entity with possession or custody.

11. If any document was, but is no longer in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made and why.

070202130107.DOC                4

12. These interrogatories and requests are continuing in character so as to require you to file prompt supplementary and amended answers if, prior to the trial of this matter, you obtain further or different information related to any of these discovery requests.

13. If you claim that any answer, response or tangible thing requested herein is privileged, work product or otherwise protected from disclosure and such privilege or work product is asserted, pursuant to Rule 26(b)(5), FRCP, you shall identify (1) the subject matter of the information; (2) all persons or entities who are shown as having sent or received the information; (3) the date or approximate date of the information; and (4) the specific facts and grounds upon which the claim of privilege or non-disclosure is based. Any part of an answer to which you do not claim privilege or work product should be given in full.

14. If any matter referred to in an answer to any interrogatory or request for production is evidenced by, represented by, reflected by, recorded in or otherwise referred to in any documents or oral communications, please identify such document or oral communication in your answer to that interrogatory or request and attach to your answers a copy of such documents segregated separately for each answer as required by Rule 34(b), FRCP, with an identification of the request or interrogatory to which they are submitted as being responsive.

15. If you chose not to respond to any interrogatory or request, but instead offer to make documents or business or other records available to the plaintiff for inspection and copying pursuant to Rule 33(c), FRCP or Rule 34(b), FRCP, you shall (a) state whether the documents to be made available are original documents; (b) state whether the documents to be made available are being produced in the same order and location as

they were kept in the ordinary course of business; (c) for any documents provided that are not kept in the ordinary course of business, organize and label the documents to correspond with the categories in the request and (d) produce each and every summary, index, catalog, compilation or like document that would aid the plaintiff in finding or reviewing responsive information or requests.

16. The term "Claimant" shall mean Allegheny Center No. 1, who filed Claim No. 11037 on behalf of a building located at Allegheny Center Mall, Pittsburgh, PA.

## Interrogatories

1. Do you claim that the Claimant's property damage claims are barred by constructive knowledge sufficient to have caused any statute of limitation to expire? If your answer is yes, then identify with specificity:

    a. Each fact, communication or event you claim triggered the applicable statute of limitations;

    b. the applicable jurisdiction or jurisdictions and each specific statute or other authority upon which you rely.

2. Do you contend that Grace did not manufacture any asbestos-containing material installed in the Claimant's building? If so, identify with specificity:

    a. the basis of your assertion that the Claimant's evidence is insufficient to show that asbestos-containing materials manufactured by Grace were installed in its building; and

    b. all information and authority upon which you rely to support your assertion.

## Requests for Admission

1. Asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace was installed in the Claimant's building.

2. Grace sold, either directly or through an intermediary, Mono-kote or other surface treatment manufactured by Grace that was installed in the Claimant's building.

3. Grace shipped or delivered Mono-kote or other surface treatment products manufactured by it to the Claimant's building.

## Request for Production

1. Each document or other piece of tangible evidence which you claim constitutes constructive knowledge to the Claimant sufficient to trigger any applicable statute of limitations for asbestos property damage claims.

2. Each document or other piece of tangible evidence which supports your assertion that Grace did not manufacture asbestos-containing materials installed in the Claimant's building.

DATED: February 2, 2007

                                        /s/ Christopher D. Loizides
                                        Christopher D. Loizides (No. 3968)
                                        LOIZIDES, P.A.
                                        1225 King Street, Suite 800
                                        Wilmington, DE  19801
                                        Telephone:    (302) 654-0248
                                        Facsimile:    (302) 654-0728
                                        E-mail:       loizides@loizides.com

                                        - and -

                                        Daniel A. Speights (SC Fed. ID No. 4252)
                                        Marion C. Fairey, Jr. (SC Fed. ID No. 6101)
                                        SPEIGHTS & RUNYAN
                                        200 Jackson Avenue, East
                                        P.O. Box 685
                                        Hampton, SC  29924
                                        Telephone:    (803) 943-4444
                                        Facsimile:    (803) 943-4599