# Exhibit 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: W. R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Related Docket No: 14483 |

**DEBTORS' RESPONSES AND OBJECTIONS TO
CERTAIN PROPERTY DAMAGE CLAIMANTS'
FIRST SET OF INTERROGATORIES,
FIRST REQUEST FOR ADMISSIONS
AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Debtors submit the following Responses and Objections to Certain Property Damage Claimants' First Set of Interrogatories, First Request for Admissions, and First Request for Production of Documents ("Discovery Requests").[1]

---

[1] Debtors' Responses and Objections are to the Discovery Requests served on February 2, 2007 by the following claimants: Fort Smith Convention Center (Claim No. 11039); F.F. Thompson Continuing Care Center (Claim No. 6636); Hotel Captain Cook (Claim No. 11110); Bayshore Community Hospital (Claim No. 6901); Titusville Area Hospital/Ferrel Hospital (Claim Nos. 11106/11144); Burgdorf Building (Claim No. 11027); Allegheny Center No. 1 (Claim No. 11037); First Tennessee Bank (Claim Nos. 10533 and 10534); Embarcadero Center #3 (Claim No. 10886); Embarcadero Center #4 (Claim No. 10885); Baptist Hospital Medical Center (Claims Nos. 10695/ 10917/ 11128); McKenzie Willamette Medical Center (Claim No. 11262); Palos Community Hospital (Claim No. 11066); Mission Towers (Claim No. 10516); Sutter Place, LLC (Claim No. 10757); John Muir Medical Center (Claim No. 11026); Housing Authority of the City of Las Vegas (Claim No. 11572); THC-Orange County (Claim No. 10805); Abbeville General Hospital (Claim No. 11133); St. Luke Hospital (Claim No. 10998); St. Joseph's Hill Infirmary Nursing Home (Claim No. 10700); New Hanover Regional Medical Center (Claim No. 10672); Gundersen Lutheran Medical Center (Claim No. 11124); St. Mary's Medical Center (Claim No. 10746); Allegheny Center No. 2 (Claim No. 11036); Santa Teresa Medical Office Building (Claims Nos. 11018 / 11227); Pierre Laclede Center (Claim No. 10696); Dodge County Hospital (Claim No. 11550); Children's Hospital of Pittsburgh (Claim No. 10962); Virtua Health – West Jersey Hospital Voorhees (Claim No. 11226); Virtua West Jersey Hospital Marlton (Claim No. 11389); Bethesda Rehabilitation Hospital (Claim No. 10523); North Arkansas Regional Medical Center (Claim No. 10995); and St. Anthony's Regional Hospital & Nursing Home (Claim No. 11151).

MAR – 7 2007

## GENERAL OBJECTIONS

1. Debtors object to the definitions and instructions contained in the Discovery Requests to the extent that said definitions and instructions purport to impose discovery obligations beyond those required by Fed. R. Civ. P. 26, 33, 34, 36 and Rules 7026, 7033, 7034, 7036 of the Federal Rules of Bankruptcy Procedure.

2. Debtors object to the definitions of the terms "Grace", "you" and "your" contained in the Discovery Requests as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in these Chapter 11 cases or any other proceeding. Debtors will construe the term "Grace" as only those entities who are debtors in these Chapter 11 cases.

3. Debtors object to the definition of the terms "surfacing treatment" and "surface treatment" as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in these Chapter 11 cases. Debtors will construe the terms "surfacing treatment" and "surface treatment" to mean asbestos-containing surfacing products.

4. Debtors object to the Discovery Requests to the extent they seek information or identification of documents beyond the permissible scope of discovery or impose burdens beyond those permitted by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

5. Debtors object to the Discovery Requests as overly broad, unduly burdensome, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

6. To the extent any of the Discovery Requests call for or may be construed as calling for information or the identification of documents subject to a claim of privilege against

disclosure, including, without limitation, the attorney-client privilege and the work product doctrine, and/or otherwise protected by applicable common-law or statutory privileges or otherwise immune from discovery (collectively, "Privileged Information"), Debtors hereby claim such privilege or privileges. Accordingly, Debtors object to the production of Privileged Information or documents containing Privileged Information and will not produce such documents. Inadvertent production of such documents or information shall not constitute a waiver of any privilege on any grounds.

7.   Debtors object to the Discovery Requests to the extent that they ask Debtors to disclose confidential, trade secret, competitively sensitive, or commercial information, including internal corporate documents and materials, that could irreparably harm Debtors (including subsidiaries or affiliates) if disclosed to competitors. Debtors will not produce such information to Claimant until Claimant signs an appropriate confidentiality agreement.

8.   Debtors' partial response to any Interrogatory, Document Request or Request for Admission is not a waiver of its objection or right to object to any additional, supplemental, or further Interrogatories, Document Requests or Requests for Admission or parts thereof, but is instead volunteered in an effort to avoid potential discovery disputes. Additionally, Debtors' response to an Interrogatory, Document Request or Request for Admissions is not a waiver of Debtors' objection to other Interrogatories, Document Requests or Requests for Admission.

9.   Debtors object to the Discovery Requests to the extent they seek information or identification of documents in the possession of third parties and/or not presently in Debtors' possession, custody, or control on the grounds that such requests are beyond the scope of permissible discovery and are unduly burdensome. Debtors further object to the Discovery Requests on the grounds that they are overbroad, oppressive, and unduly burdensome, to the extent they purport to require Debtors to provide information or identify documents of other

## RESPONSE TO INTERROGATORIES

1.   Do you claim that the Claimant's property damage claims are barred by constructive knowledge sufficient to have caused any statute of limitation to expire? If your answer is yes, then identify with specificity:

   a.   Each fact, communication or event you claim triggered the applicable statute of limitations;

   b.   the applicable jurisdiction or jurisdictions and each specific statute or other authority upon which you rely.

<u>Answer</u>:

Subject to and not waiving the foregoing General Objections, yes. By way of further response, Debtors incorporate by reference the Report of Roger G. Morse, AIA on Summary Information Available to Building Owners and Managers About Asbestos in Buildings, 1970-1995 (the "Morse Report") filed with the Bankruptcy Court on October 17, 2005, the material referenced therein, and the opinions in *Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 146 F.Supp.2d 643 (D.N.J. 2001), aff'd 359 F.3d 226, 232 (3d Cir. 2004). Debtors further incorporate by reference the information contained in the Claim Forms and supporting documentation submitted by the claimants in this bankruptcy proceeding. Debtors rely on the law of the state of Delaware and the law of the states in which the respective claimant's property is located to support its position.

Debtors further incorporate by reference Debtors' "Road Map" of Summary Judgment Motions To Expunge Various Asbestos Property Damage Claims, Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eleven (11) Property Damage Claims Barred By Statutes of Repose in Minnesota, North Carolina, Iowa and Tennessee, and Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Sixteen (16) Time-Barred Asbestos Property Damage Claims which were filed with the Bankruptcy Court on

February 16, 2007. Debtors further incorporate by reference Debtors' Motion for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging 10 Time-Barred Asbestos Property Damage Claims Filed on Account of Buildings in the State of New York which was filed with the Bankruptcy Court on November 17, 2006

2. Do you contend that Grace did not manufacture any asbestos-containing material installed in the Claimant's building? If so, identify with specificity:

    a. the basis of your assertion that the Claimant's evidence is insufficient to show that asbestos-containing materials manufactured by Grace were installed in its building; and

    b. all information and authority upon which you rely to support your assertion.

Answer:

Subject to and not waiving the foregoing General Objections, Debtors respond as follows:

For the following claimants, Debtors' response is yes: Embarcadero Center #3 (Claim No. 10886); Embarcadero Center #4 (Claim No. 10885); McKenzie Willamette Medical Center (Claim No. 11262); Palos Community Hospital (Claim No. 11066); Mission Towers (Claim No. 10516); Sutter Place, LLC (Claim No. 10757); John Muir Medical Center (Claim No. 11026); Housing Authority of the City of Las Vegas (Claim No. 11572); THC-Orange County (Claim No. 10805); Abbeville General Hospital (Claim No. 11133); Gundersen Lutheran Medical Center (Claim No. 11124); Santa Teresa Medical Office Building (Claims Nos. 11018 / 11227); Pierre Laclede Center (Claim No. 10696); Dodge County Hospital (Claim No. 11550); Virtua Health – West Jersey Hospital Voorhees (Claim No. 11226); Virtua West Jersey Hospital Marlton (Claim No. 11389); and Bethesda Rehabilitation Hospital (Claim No. 10523). Claimants carry the burden of establishing the existence of a Grace product installed in their buildings. The foregoing claimants have

failed to provide documentation that establishes the presence of a Grace asbestos-containing surfacing product in the building at issue in the claim.

For the following claimants, Debtors' response is no: F.F. Thompson Continuing Care Center (Claim No. 6636); Hotel Captain Cook (Claim No. 11110); Bayshore Community Hospital (Claim No. 6901); Titusville Area Hospital (Claim Nos. 11106); Burgdorf Building (Claim No. 11027); First Tennessee Bank (Claim Nos. 10533 and 10534); Baptist Hospital Medical Center (Claims Nos. 10695/ 10917/ 11128); St. Luke Hospital (Claim No. 10998); St. Mary's Medical Center (Claim No. 10746); Allegheny Center No. 2 (Claim No. 11036); Children's Hospital of Pittsburgh (Claim No. 10962); North Arkansas Regional Medical Center (Claim No. 10995); Fort Smith Convention Center (Claim No. 11039); Ferrel Hospital (Claim No. 11144); Allegheny Center No. 1 (Claim No. 11037); and St. Anthony's Regional Hospital & Nursing Home (Claim No. 11151).

## RESPONSE TO REQUEST FOR ADMISSION

1.  Asbestos-containing Mono-kote or other surfacing treatment manufactured by Grace was installed in the Claimant's building.

Response:

In addition to the foregoing General Objections which are incorporated herein by reference, Debtors object to this request for admission as overbroad and vague. Specifically, the term "Mono-kote" is undefined and vague in the context of this request and, as set forth in the General Objections, the term "surfacing treatment" is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Debtors will construe the term "Mono-kote" as used in this request for admission to mean solely Mono-Kote 3 and will construe the term "surfacing treatment" to mean asbestos-containing surfacing products.

Subject to the foregoing, with respect to the following claimants, this request for admission is denied: Embarcadero Center #3 (Claim No. 10886); Embarcadero Center #4 (Claim No. 10885); McKenzie Willamette Medical Center (Claim No. 11262); Palos Community Hospital (Claim No. 11066); Mission Towers (Claim No. 10516); Sutter Place, LLC (Claim No. 10757); John Muir Medical Center (Claim No. 11026); Housing Authority of the City of Las Vegas (Claim No. 11572); THC-Orange County (Claim No. 10805); Abbeville General Hospital (Claim No. 11133); Gundersen Lutheran Medical Center (Claim No. 11124); Santa Teresa Medical Office Building (Claims Nos. 11018 / 11227); Pierre Laclede Center (Claim No. 10696); Dodge County Hospital (Claim No. 11550); Virtua Health – West Jersey Hospital Voorhees (Claim No. 11226); Virtua West Jersey Hospital Marlton (Claim No. 11389); and Bethesda Rehabilitation Hospital (Claim No. 10523).

With respect to the following claimants, the request is denied as stated: F.F. Thompson Continuing Care Center (Claim No. 6636); Hotel Captain Cook (Claim No. 11110); Bayshore Community Hospital (Claim No. 6901); Titusville Area Hospital (Claim Nos. 11106); Burgdorf Building (Claim No. 11027); First Tennessee Bank (Claim Nos. 10533 and 10534); Baptist Hospital Medical Center (Claims Nos. 10695/ 10917/ 11128); St. Luke Hospital (Claim No. 10998); St. Mary's Medical Center (Claim No. 10746); Allegheny Center No. 2 (Claim No. 11036); Children's Hospital of Pittsburgh (Claim No. 10962); and North Arkansas Regional Medical Center (Claim No. 10995); Fort Smith Convention Center (Claim No. 11039); Ferrel Hospital (Claim No. 11144); and St. Anthony's Regional Hospital & Nursing Home (Claim No. 11151). For purposes of these Chapter 11 cases, however, Debtors do not object to these claimants' claims on the basis of lack of product identification.

For Allegheny Center No. 1 (Claim No. 11037), this request is admitted.

2.      Grace sold, either directly or through an intermediary, Mono-kote or other surface treatment manufactured by Grace that was installed in the Claimant's building.

Response:

In addition to the foregoing General Objections which are incorporated herein by reference, Debtors object to this request for admission as overbroad and vague. Specifically, the term "Mono-kote" is undefined and vague in the context of this request and, as set forth in the General Objections, the term "surfacing treatment" is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Debtors will construe the term "Mono-kote" as used in this request for admission to mean solely Mono-Kote 3 and will construe the term "surfacing treatment" to mean asbestos-containing surfacing products.

Subject to the foregoing, with respect to the following claimants, this request for admission is denied: Embarcadero Center #3 (Claim No. 10886); Embarcadero Center #4 (Claim No. 10885); McKenzie Willamette Medical Center (Claim No. 11262); Palos Community Hospital (Claim No. 11066); Mission Towers (Claim No. 10516); Sutter Place, LLC (Claim No. 10757); John Muir Medical Center (Claim No. 11026); Housing Authority of the City of Las Vegas (Claim No. 11572); THC-Orange County (Claim No. 10805); Abbeville General Hospital (Claim No. 11133); Gundersen Lutheran Medical Center (Claim No. 11124); Santa Teresa Medical Office Building (Claims Nos. 11018 / 11227); Pierre Laclede Center (Claim No. 10696); Dodge County Hospital (Claim No. 11550); Virtua Health – West Jersey Hospital Voorhees (Claim No. 11226); Virtua West Jersey Hospital Marlton (Claim No. 11389); and Bethesda Rehabilitation Hospital (Claim No. 10523).

With respect to the following claimants, the request is denied as stated: F.F. Thompson Continuing Care Center (Claim No. 6636); Hotel Captain Cook (Claim No. 11110); Bayshore Community Hospital (Claim No. 6901); Titusville Area Hospital (Claim Nos. 11106); Burgdorf Building (Claim No. 11027); First Tennessee Bank (Claim Nos.

- 9 -

10533 and 10534); Baptist Hospital Medical Center (Claims Nos. 10695/ 10917/ 11128); St. Luke Hospital (Claim No. 10998); St. Mary's Medical Center (Claim No. 10746); Allegheny Center No. 2 (Claim No. 11036); Children's Hospital of Pittsburgh (Claim No. 10962); and North Arkansas Regional Medical Center (Claim No. 10995); Fort Smith Convention Center (Claim No. 11039); Ferrel Hospital (Claim No. 11144); and St. Anthony's Regional Hospital & Nursing Home (Claim No. 11151). For purposes of these Chapter 11 cases, however, Debtors do not object to these claimants' claims on the basis of lack of product identification.

For Allegheny Center No. 1 (Claim No. 11037), this request is admitted.

3.  Grace shipped or delivered Mono-kote or other surface treatment products manufactured by it to the Claimant's building.

Response:

In addition to the foregoing General Objections which are incorporated herein by reference, Debtors object to this request for admission as overbroad and vague. Specifically, the term "Mono-kote" is undefined and vague in the context of this request and, as set forth in the General Objections, the term "surfacing treatment" is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Debtors will construe the term "Mono-kote" as used in this request for admission to mean solely Mono-Kote 3 and will construe the term "surfacing treatment" to mean asbestos-containing surfacing products.

Subject to the foregoing, with respect to the following claimants, this request for admission is denied: Embarcadero Center #3 (Claim No. 10886); Embarcadero Center #4 (Claim No. 10885); McKenzie Willamette Medical Center (Claim No. 11262); Palos Community Hospital (Claim No. 11066); Mission Towers (Claim No. 10516); Sutter Place, LLC (Claim No. 10757); John Muir Medical Center (Claim No. 11026); Housing Authority

of the City of Las Vegas (Claim No. 11572); THC-Orange County (Claim No. 10805); Abbeville General Hospital (Claim No. 11133); Gundersen Lutheran Medical Center (Claim No. 11124); Santa Teresa Medical Office Building (Claims Nos. 11018 / 11227); Pierre Laclede Center (Claim No. 10696); Dodge County Hospital (Claim No. 11550); Virtua Health – West Jersey Hospital Voorhees (Claim No. 11226); Virtua West Jersey Hospital Marlton (Claim No. 11389); and Bethesda Rehabilitation Hospital (Claim No. 10523).

With respect to the following claimants, the request is admitted: F.F. Thompson Continuing Care Center (Claim No. 6636); Hotel Captain Cook (Claim No. 11110); Bayshore Community Hospital (Claim No. 6901); Titusville Area Hospital (Claim Nos. 11106); Burgdorf Building (Claim No. 11027); First Tennessee Bank (Claim Nos. 10533 and 10534); Baptist Hospital Medical Center (Claims Nos. 10695/ 10917/ 11128); St. Luke Hospital (Claim No. 10998); St. Mary's Medical Center (Claim No. 10746); Allegheny Center No. 2 (Claim No. 11036); Children's Hospital of Pittsburgh (Claim No. 10962); North Arkansas Regional Medical Center (Claim No. 10995); Fort Smith Convention Center (Claim No. 11039); Ferrel Hospital (Claim No. 11144); St. Anthony's Regional Hospital & Nursing Home (Claim No. 11151); and Allegheny Center No. 1 (Claim No. 11037).

### RESPONSE TO REQUEST FOR PRODUCTION

1. Each document or other piece of tangible evidence which you claim constitutes constructive knowledge to the Claimant sufficient to trigger any applicable statute of limitations for asbestos property damage claims.

<u>Response</u>:

Subject to and not waiving the forgoing General Objections, Debtors refer the claimants to the Morse Report, the material referenced therein and contained on the CDs provided herewith, and the opinions in *Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 146

F.Supp.2d 643 (D.N.J. 2001), *aff'd* 359 F.3d 226, 232 (3d Cir. 2004). Debtors further refer the claimants to the documentation submitted by them in support of their claims in this proceeding, copies of which are in claimants' possession.

Debtors further refer the claimants to Debtors' "Road Map" of Summary Judgment Motions To Expunge Various Asbestos Property Damage Claims, Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eleven (11) Property Damage Claims Barred By Statutes of Repose in Minnesota, North Carolina, Iowa and Tennessee; Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Sixteen (16) Time-Barred Asbestos Property Damage Claims, Debtors' Appendix to Rule 1006 Summaries with Information Attached; and Debtors' Motion for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging 10 Time-Barred Asbestos Property Damage Claims Filed on Account of Buildings in the State of New York which have already been provided to the claimants.

2. Each document or other piece of tangible evidence which supports your assertion that Grace did not manufacture asbestos-containing materials installed in the Claimant's building.

**Response**:

Subject to and not waiving the forgoing General Objections, Debtors refer claimants to the materials submitted by claimants in support of their claims copies of which are already in the claimants' possession.

Dated: March 5, 2007

REED SMITH LLP
James J. Restivo, Jr., Esq. (#10113)
Lawrence Flatley, Esq. (#21871)
Douglas E. Cameron, Esq. (#41644)
435 Sixth Avenue
Pittsburgh, PA 15219

Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lisa Esayian
Samuel Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

And

PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

By: _____
Co-Counsel for the Debtors and Debtors in Possession

## DECLARATION

The undersigned declares under penalty of perjury that the statements made in the foregoing Debtors' Responses and Objections to Certain Property Damage Claimants' First Set of Interrogatories, First Request For Admissions and First Request for Production of Documents are true and correct to the best of his knowledge, information and belief and based upon information provided by others that he reasonably believes to be true. The undersigned understands that statements made herein are made subject to the unsworn declarations under penalty of perjury provisions of 28 U.S.C. § 1746 (2).

Date: March 5, 2007

_____
John Port, Controller – Legal Services
W. R. Grace & Co.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: W. R. GRACE & CO., et al., <br><br> Debtors. | Chapter 11 <br> Case No. 01-01139 (JKF) <br> (Jointly Administered) <br><br> Related Docket No: 14483 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 5, 2007, I caused a true and correct copy of Debtors' Responses and Objections to Certain Property Damage Claimants' First Set of Interrogatories, First Request For Admissions and First Request for Production of Documents to be served on the following counsel via facsimile and first class mail:

Christopher D. Loizides, Esq.
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington DE 19801

Daniel A. Speights, Esq.
Marion C. Fairey, Jr., Esq.
**SPEIGHTS & RUNYAN**
200 Jackson Avenue, East
P.O. Box 685
Hampton, S.C. 29924

_Co-Counsel for the Debtors and Debtors in Possession_