IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| W. R. GRACE & CO., et al., | : | Case No. 01-01139 (JKF) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |
|  | : | **Objection Deadline: January 29, 2008 at 4:00 p.m.** |
|  | : | **Hearing Date: TBD** |
|  | : |  |
|  | : | **Re: Docket No. 17788** |

**UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE, FOR AUTHORIZATION TO EMPLOY HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP AS SPECIAL ASBESTOS PROPERTY DAMAGE SETTLEMENT COUNSEL <u>NUNC PRO TUNC TO JANUARY 4, 2008</u>**

The United States Trustee, by and through her counsel, hereby files the following objection to the Application of David T. Austern, the Future Claimants' Representative, for authorization to employ Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP ("Hanly Conroy"), *nunc pro tunc* to January 4, 2008, as special asbestos property damage settlement counsel (the "Application"), and represents as follows:

<u>**Background**</u>

1.  Kelly Beaudin Stapleton is the United States Trustee ("UST") for this District.

2.  Pursuant to 28 U.S.C. § 586, the UST is charged with monitoring applications filed under section 327 of the Bankruptcy Code and, whenever the UST deems it to be appropriate, filing with the court comments with respect to the approval of such applications. *See* 28 U.S.C. § 586(a)(3)(H). This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia*

1

*Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard with regard to the above-referenced Objection.

4. On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases (collectively, the Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

5. Numerous committees representing various constituents have been appointed in this case. On April 13, 2001, the UST appointed the Official Committee of Unsecured Creditors (the "Creditors Committee"). Also on April 13, 2001, the UST appointed the Official Committee of Asbestos Personal Injury Claimants (the "PI Committee") and the Official Committee of Asbestos Property Damage Claimants (the "PD Committee"). On June 18, 2001, the UST appointed the Official Committee of Equity Holders (the "Equity Committee"). Finally, on May 24, 2004, the Court appointed David Austern as the Future Claimants Representative (the "FCR").

6. By the Application, the FCR seeks to retain Hanly Conroy to assist in the settlement of asbestos property damage claims ("Asbestos PD Claims"). The Application is rather unspecific as to what services Hanly Conroy will be performing in light of the fact that the Debtors have been

primarily litigating the Asbestos PD Claims for a substantial period. Debtors have employed at least one firm that is devoted full-time to litigating the Asbestos PD Claims, and most likely other professionals of the Debtors are performing services related to this matter.

### Grounds/Basis for Relief

7.    Section 1103(a) of the Bankruptcy Code provides:

> a "[c]ommittee appointed under section 1102. . . may select and authorize the employment by such committee of one of more attorneys, accountants, or other agents, to represent or perform services for such committee."

11 U.S.C. § 1102 (a).

8.    No one doubts the importance of the Asbestos PD Claims, and eventually resolving those claims for the betterment of the estate. The problem with this Application is that it provides no justification as to why the estate should be burdened with the employment of another professional when the Asbestos PD Claims have been handled in detail by other competent professionals of this estate. Without such a justification, this Court should not approve the employment of another professional to perform services that appear at the very least duplicative.

9.    There is no question that this estate has employed a plethora of professionals. The UST does not seek to deny the approval of this Application simply on the basis that there are too many professionals in this case. The important point, however, is that because so may professionals have been employed by this estate, the burden to prove the necessity and benefit of employing another professional is magnified. With that in mind, the UST specifically argues that the need for the FCR to employ Hanly Conroy in this instance is not evident.

10.    As noted, the Debtors have employed professionals to handle the litigation of the Asbestos PD Claims. Those professionals have done a significant amount of work in litigating,

primarily litigating the Asbestos PD Claims for a substantial period. Debtors have employed at least one firm that is devoted full-time to litigating the Asbestos PD Claims, and most likely other professionals of the Debtors are performing services related to this matter.

### Grounds/Basis for Relief

7.    Section 1103(a) of the Bankruptcy Code provides:

> a "[c]ommittee appointed under section 1102. . . may select and authorize the employment by such committee of one of more attorneys, accountants, or other agents, to represent or perform services for such committee."

11 U.S.C. § 1102 (a).

8.    No one doubts the importance of the Asbestos PD Claims, and eventually resolving those claims for the betterment of the estate. The problem with this Application is that it provides no justification as to why the estate should be burdened with the employment of another professional when the Asbestos PD Claims have been handled in detail by other competent professionals of this estate. Without such a justification, this Court should not approve the employment of another professional to perform services that appear at the very least duplicative.

9.    There is no question that this estate has employed a plethora of professionals. The UST does not seek to deny the approval of this Application simply on the basis that there are too many professionals in this case. The important point, however, is that because so may professionals have been employed by this estate, the burden to prove the necessity and benefit of employing another professional is magnified. With that in mind, the UST specifically argues that the need for the FCR to employ Hanly Conroy in this instance is not evident.

10.    As noted, the Debtors have employed professionals to handle the litigation of the Asbestos PD Claims. Those professionals have done a significant amount of work in litigating,

negotiating and settling those claims, and have performed that work for a substantial period of time. It does not seem necessary then for the FCR, at this point in the proceeding, to insist on hiring its own law firm to deal with these claims. Duplication of work is very much a concern in this instance. The potential for duplication goes beyond just the FCR professionals, but also may include the Debtors' professionals and any other professional that has been employed to deal with the Asbestos PD Claims. It also seems that employing another professional to work on this matter would only complicate the process. To suggest generally that Hanly Conroy will assist in handling the Asbestos PD Claims is insufficient for the FCR to meet its burden. There must be a particularized reason as to why Hanly Conroy's services are necessary and beneficial to this estate.

11. As to the specifics of the Application, the UST has some issues to note. First, in the Declaration of Clinton B. Fisher, Hanly Conroy indicates a relationship with the law firm of Gilbert Randolph LLP. In particular, Mr. Fisher states that while he had an Of Counsel arrangement with Gilbert Randolph for some time, he continues to assist the firm "on a sporadic basis". There is no explanation as to what specific services entail this continued assistance. That information should be provided, especially in light of Gilbert Randolph's substantial involvement in asbestos litigation and asbestos bankruptcies.

12. Also, Mr. Fisher notes the existence of co-counsel arrangements between Hanly Conroy and a number of firms that represent plaintiffs in asbestos litigation. The Declaration indicates four specific firms that may be involved in this case, although it is unclear whether any of these firms are involved in the Asbestos PD Claims. Certainly more information should be provided as to these co-counsel arrangements and whether those arrangements specifically prevent Hanly Conroy from acting adverse to any of these firms.

13. The second issue relates to an arbitration clause that is part of Hanly Conroy's Standard Terms of Representation. The arbitration clause provides that any disputes related to Hanly Conroy's compensation will be subject to resolution by arbitration. As occurs anytime an arbitration clause is a term of engagement, the UST objects to the validity of such a clause. Being that all compensation of Hanly Conroy would be subject to review and approval by this Court, it follows that any disputes are to be brought in front of this Court as the primary adjudicator of such disputes. The arbitration clause runs afoul of the Bankruptcy Code's method of payment of professional. As such, the arbitration clause should be stricken.

WHEREFORE the UST requests that this Court issue an order denying the Application and/or granting such other relief as this Court deems appropriate, fair and just.

> Respectfully submitted,
>
> KELLY BEAUDIN STAPLETON
> United States Trustee, Region Three
>
> BY:   /s/ David M. Klauder
> David M. Klauder
> Trial Attorney
> Office of the United States Trustee
> J. Caleb Boggs Federal Building
> 844 King Street, Suite 2207, Lockbox 35
> Wilmington, DE 19801
> (302) 573-6491
> (302) 573-6497 fax machine

Dated: January 29, 2008