IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| | ) |
| Debtors. | ) Jointly Administered |

**BRIEF OF THE FUTURE CLAIMANTS' REPRESENTATIVE IN SUPPORT OF OBJECTION TO ADMISSIBILITY OF PERSONAL INJURY QUESTIONNAIRES AND PROOF-OF-CLAIM FORMS**

David T. Austern, the Future Claimants' Representative (the "FCR"), by and through his undersigned attorneys, respectfully objects to the admission into evidence of any individual asbestos personal injury claimant's response to the Personal Injury Questionnaire ("PIQ") or Proof of Claim ("POC") forms in the proceeding to estimate the Debtors' aggregate asbestos personal injury liability. The FCR joins, and incorporates by reference herein, the brief of the Official Committee of Asbestos Personal Injury Claimants ("ACC") in support of its objection to the admissibility of the PIQs and POCs on hearsay grounds.

## ARGUMENT

The out-of-court statements of the individual claimants in the PIQs and POCs cannot be admitted in this Estimation Proceeding because they are the hearsay statements of non-parties. That should end the inquiry. But even if this Court were to rule that the individual claimants are parties to the Estimation Proceeding because they are parties to the bankruptcy case, the statements would still only be admissible against the respective individual claimants. They would not be admissible against the other parties, the FCR and ACC.

The admissibility of a party's out-of-court statement as a non-hearsay admission is governed by Federal Rule of Evidence 801(d)(2). The rule provides that a statement is not hearsay if is offered against a party and meets at least one of five criteria considered sufficient to justify admission of the statement into evidence against that party. Fed. R. Evid. 801(d)(2); Fed. R. Evid. 801(d)(2), Advisory Comm. Notes to Rule 801(d)(2). "It is well established that under Federal Rule of Evidence 801(d)(2), 'a party's statement is admissible as non-hearsay only if it is offered against *that* party.'" Cambridge Electronics Corp. v. MGA Electronics Corp., 227 F.R.D. 313 335 (C.D. Cal. 2004) (emphasis in original) (quoting Stalbosky v. Belew, 205 F.3d 890, 894 (6th Cir. 2000)); United States v. Sauza-Martinez, 217 F.3d 754, 760 (9th Cir. 2000); United States v. Eubanks, 591 F.2d 513, 519 (9th Cir. 1979); Canter v. Hardy, 188 F. Supp. 2d 773, 783 (E.D. Mich. 2002); Western Wholesale Supply, Inc. v. Holladay, Civ. No. 97-0297-S-BLW, 2000 U.S. Dist. LEXIS 22012, at *11-14 nn. 2 & 4 (D. Id. Feb. 29, 2000); Weinstein's Federal Evidence § 801.30 (2007) ("It is generally held that a party's statements may not be admitted under this rule against another party on the same side of the litigation as the declarant party.").

I. **The PIQ and POC Responses Are Not Admissible Under Rule 801(d)(2) Because They Are Not Statements of a Party**

Contrary to the Debtors' assertion, the fact that the claimants who filled out the PIQs and POCs in question are parties to the bankruptcy case does not make them parties to this adversary proceeding within the meaning of Rule 801. The rationale supporting the admissibility of a party's own out-of-court statement is the presumption that the party "is present in court to explain, deny or rebut the offered statement." Canter, 188 F. Supp. 2d at 782 (quoting Weinstein's Evidence 801-44 (2d Ed.); see also Fed. R. Evid.

2

801(d)(2), Advisory Comm. Notes to Rule 801(d)(2) ("Admissions by a party opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule."). Where, however, the declarant is nominally a party but "is not yet an 'opponent' in the sense of having joined the adversary process to contest claims and be tested by the evidence," that presumption does not hold up. Canter, 188 F. Supp. 2d at 782-84.

This Court has appropriately recognized that the individual claimants have not been made parties to this adversary proceeding. (Jan. 23, 2008 Hrg. Tr., Dkt. No. 17894 at 24:14-16; 24:18-20) Nor can the individual claimants reasonably be viewed as "opponents" in this Estimation Proceeding because this Estimation Proceeding is not the proceeding which will lead to either the allowance or disallowance of their claims. (Sept. 25, 2006 Hrg. Tr., Dkt. No. 13342 at 166:2-6, 194:6-11.) Accordingly, the claimants do not fit within the scope of "parties" whose out-of-court statements are admissible against them under Rule 801(d)(2)(A).[1]

---

[1] Nor can the statements be attributed to any other party to the Estimation Proceeding under Rule 801(d)(2)(B)-(E). Neither the ACC nor the FCR have manifested an adoption or belief in the truth of the POCs and PIQs as would be required under Rule 801(d)(2)(B). To the contrary, it is the FCR's position that the data derived from the POCs and PIQs is flawed and incomplete, and cannot be used to disallow (or "invalidate") current or future claims. The claimants' responses to the POCs and PIQs, which are third-party discovery responses, also are not statements "authorized" by the ACC or FCR within the meaning of Rule 801(d)(2)(C) or statements of an agent of the ACC or FCR within the meaning of Rule 801(d)(2)(D), because neither the ACC nor the FCR exert any control over the individual claimants. See Kirk v. Raymark Indus., Inc., 61 F.3d 147, 164 (3d Cir. 1995) ("Rule 801(d)(2)(C) requires that the declarant be an agent of the party-opponent against whom the admission is offered . . . ."). Finally, there is no conspiracy concerning the individual claimants from which to attribute the statements to the ACC or FCR under Rule 801(d)(2)(E).

## II. Claimants' Out-of-Court Statements Are Not Admissible Against Parties Other Than The Individual Claimants

Even if the claimants were parties to this adversary proceeding within the meaning of Rule 801, their out-of-court statements are not admissible against the FCR and ACC in this or any other proceeding. As discussed above, courts have consistently held that Rule 801(d)(2) limits the admission of a party such that it may only be admitted and introduced against the party responsible for the admission. Cambridge Electronics Corp., 227 F.R.D. 313, 335; Weinstein's Federal Evidence § 801.30 (2007) ("It is generally held that a party's statements may not be admitted under this rule against another party on the same side of the litigation as the declarant party."). Even in those cases where the party who made the admission has been present at the same trial, the admission has been excluded from evidence vis-a-vis the other parties to the proceeding. United States v. Sauza-Martinez, 217 F.3d at 760 (defendant Ortiz's statements were admissible as substantive evidence against Ortiz, but not against codefendant, Sauza); Stalbosky, 205 F.3d at 894 (defendant Belew's out-of-court statement evidencing knowledge of codefendant, Three Rivers, was not admissible against Three Rivers); United States v. Eubanks, 591 F.2d at 519 ("Admissions by individual defendants could not be considered as evidence against the other defendants."); Cambridge Electronics Corp., 227 F.R.D. 313, 335 (excluding from evidence the out-of-court statement by Roger T. because "[a]lthough Roger T. is a party to this action, and the statement would therefore be a non-hearsay admission under Rule 801(d)(2) if offered against him, plaintiff offers the statement against Roger A"); Western Wholesale Supply, Inc., Civ. No. 97-0297-S-BLW, 2000 U.S. Dist. LEXIS 22012, at *11-14 nn. 2 & 4 (D. Id. Feb. 29, 2000) (statement by defendant Wayne-Dalton's employees were admissible as party-

4

admission against Wayne-Dalton under Rule 801(d)(2)(D), but not against any other party, including codefendants).

When applying Rule 801(d)(2) to the circumstances of this Estimation Proceeding, there can be no occasion for admitting into evidence the PIQs and POCs. The sole question for this proceeding is the appropriate estimation of the Debtors' aggregate asbestos liability. Because no individual claim may be allowed or disallowed through the Estimation Proceeding, there can be no valid reason for seeking to introduce evidence that is admissible only against the individual claimants. The Debtors' argument that the POCs and PIQs should nevertheless come into evidence as party-admissions is a baseless attempt to bootstrap that hearsay evidence into the dispute between the ACC, FCR and Debtors, in direct contravention of the Federal Rules and applicable precedent.

## CONCLUSION

For the foregoing reasons, this Court should sustain the objection raised by the ACC and FCR and should preclude the admission into evidence of the individual claimants' PIQs and POCs as inadmissible hearsay.

February 4, 2008                    Respectfully submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

_____
John C. Phillips, Jr. (#110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

and

Roger Frankel
Richard H. Wyron
Raymond G. Mullady, Jr.
ORRICK, HERRINGTON & SUTCLIFFE LLP

5

Columbia Center
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400

*Co- Counsel for David T. Austern,
Future Claimants' Representative*