UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| W.R. GRACE & CO., *et al.*, | : | Case No. 01-1139 (JKF) |
|  | : | Jointly Administered |
| Debtors-in-possession. | : |  |

**BRIEF OF THE OFFICIAL COMMITTEE OF
ASBESTOS PERSONAL INJURY CLAIMANTS IN SUPPORT
OF ITS OBJECTION TO THE ADMISSIBILITY OF PERSONAL
<u>INJURY QUESTIONNAIRES AND PROOF-OF-CLAIM RESPONSES</u>**

        **CAMPBELL & LEVINE, LLC**
        Marla R. Eskin (No. 2989)
        Mark T. Hurford (No. 3299)
        800 N. King Street, Suite 300
        Wilmington, DE 19801
        Telephone: (302) 426-1900
        Telefax: (302) 426-9947

        **CAPLIN & DRYSDALE, CHARTERED**
        Elihu Inselbuch
        375 Park Avenue, 35th Floor
        New York, NY  10152-3500
        Telephone: (212) 319-7125
        Telefax: (212) 644-6755

        Peter Van N. Lockwood
        Nathan D. Finch
        Jeffrey A. Liesemer
        One Thomas Circle, N.W.
        Washington, D.C. 20005
        Telephone: (202) 862-5000
        Telefax: (202) 429-3301

        *Counsel for the Official Committee*
        *of Asbestos Personal Injury Claimants*

Dated:  February 4, 2008

{D0105800.1 }DOC# 299844

The Official Committee of Asbestos Personal Injury Claimants ("ACC"), by and through its undersigned counsel, objects to the admission into evidence of Personal Injury Questionnaires ("PIQ") and Proof of Claim ("POC") responses, and submits this memorandum in support of that objection pursuant to the Court's directive of January 23, 2008.

## PRELIMINARY STATEMENT

On January 23, 2008, the Debtors (collectively, "Grace") offered into evidence certain PIQ responses that individual asbestos personal injury ("PI") claimants had prepared in response to third-party discovery served by Grace in this estimation proceeding. Grace marked these documents for identification as Exhibits GX0007.0009430 and GX0007.3048870. The ACC and the Future Claimants' Representative ("FCR") objected to these exhibits on the grounds of hearsay and relevance. *See* Estimation Hr'g Tr. of Jan. 23, 2008, at 18-32, 71-76 (excerpt attached as Exhibit 1). In response, Grace argued, *inter alia*, that the exhibits were not hearsay because they constituted "party admissions" by individual PI claimants. The Court instructed Grace and the ACC to brief the hearsay objections.[1]

---

[1] As the ACC argued at the January 22, 2008 trial session, the PIQs and any testimony based on them are irrelevant for two independent reasons. First, under the settled law of this district, what is to be estimated here is the following: the cost that Grace would incur over time to resolve its asbestos PI and wrongful death cases that were unresolved when Grace filed bankruptcy and which would arise thereafter in the tort system. *See In re Armstrong World Indus., Inc.*, 348 B.R. 111, 123 (D. Del. 2006); *Owens Corning v. Credit Suisse First Boston,* 322 B.R. 719, 722 (D. Del. 2005); *In re Federal-Mogul Global, Inc.*, 330 B.R. 133, 158 (D. Del. 2005); *see also In re Eagle-Picher Indus., Inc.*, 189 B.R. 681, 691-92 (Bankr. S.D. Ohio 1995). That estimation is to be based on the cost which Grace bore to resolve thousands of similar cases prior to the petition date, subject to modification to reflect any obvious changes in the tort system. *See id*. Thus, materials in the files of unsettled claimants developed before and maintained after the petition date have no relevance because the evidence for the estimate is found in Grace's history of tens of thousands of already resolved cases – and not in the undeveloped materials within unsettled cases as to which there has never been any evaluation or resolution by the Grace.

Second, even if, as Grace argues, it is appropriate for the Court to consider the so-called "legal liability" of unresolved claims pending at the time of the petition date, the material which may have been intermittently collected in the files of claimants during the stay is not relevant

As explained below, the Court should sustain the ACC's objections. The estimation hearing is a contested matter within the *Grace* bankruptcy case, which is being conducted solely for plan confirmation purposes, involving only the parties who have filed (or who support) one of two competing Chapter 11 plans. Because Grace's plan purports to "cap" its total asbestos liability, an estimate of Grace's aggregate liability for pending and future asbestos claims may be relevant to determine whether any non-consensual plan meets the requirements of Bankruptcy Code §§ 524(g)(4)(B)(ii) and 1129(b).

This estimation hearing is the culmination of a contested matter that was initiated by a motion filed by Grace on or about November 13, 2004 ("Estimation Motion"), in which Grace sought "an order determining estimates of the aggregate amounts needed to fund the Asbestos Trust to enable the Asbestos Trust to pay in full all Allowed Asbestos Claims and Asbestos Trust Expenses, as and when they become due . . .." Debtor's Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief, Nov. 13, 2004, at 1-2 [D.I. 6899] (excerpt attached as Exhibit 3).[2] Grace's Estimation Motion eventually led to the Case Management Order ("CMO") of August 29, 2005, which expressly states that the estimation matter is a "core" proceeding. By definition, this means that the estimation proceeding cannot be

---

proof of what evidence the claimants would have ultimately presented at trial. This Court has not fixed a trial date for the allowance or disallowance of any PI claim. Additionally, this Court has never set a deadline for any PI claimant to identify expert and fact witnesses against Grace. Nor do the PIQs ask any PI claimant to identify such trial witnesses. Accordingly, whatever might have been in files (and thus inserted in PIQs) at a moment in time in the bankruptcy is not evidence of what the very same claimants would have developed had their cases been brought to trial at some later time. *See* Estimation Hr'g Tr. of Jan. 22, 2008, at 57-60 (excerpt attached as Exhibit 2).

[2] Grace's Estimation Motion was served only on the following: (i) the Office of the United States Trustee, (ii) counsel to the debtor-in-possession lenders, (iii) counsel to the agent for the Debtors' pre-petition lenders, (iv) counsel to all official committees appointed by the United States Trustee, and (v) all those parties that requested service and notice of papers in accordance with Bankruptcy Rule 2002. *See* Estimation Motion at 36-37 (excerpt attached as Exhibit 3).

a "non-core" proceeding to allow or disallow individual asbestos personal injury claims for distribution purposes. *See* 28 U.S.C. § 157(b)(2)(B). Thus, pursuant to both the procedural route Grace has undertaken in seeking an estimate of its aggregate liability rather than an individual claims allowance process, and the terms of the CMO which govern this estimation hearing, the only parties to this contested matter are the Debtors, the ACC, the FCR, and the other official committees.

The estimation proceeding is demonstrably not a matter that involves the adjudication or allowance of any individual creditor's claim, and they are thus not parties to this contested matter. To the contrary, and in conformance with the CMO, this Court has correctly and repeatedly observed that the sole purpose of this estimation proceeding is to determine Grace's *aggregate* liability for pending and future asbestos PI claims, and not to estimate such claims for purposes of individual allowance or disallowance. *See*, *e.g.*, Omnibus Hr'g Tr. of Sept. 25, 2006, at 166 ("This process is to help anybody's expert [get] the information that they need to try to convince me of what the existing and future asbestos personal injury claims will be, and how much it's going to cost to resolve them. That's what this is for. And nothing else."); *see also id.* at 194 ("The point was that this is for estimation purposes, not for allowance and disallowance purposes.") (excerpts attached as Exhibit 4).[3] Under Grace's plan – indeed, under any § 524(g) plan – none of the PI claims will be allowed or disallowed in this bankruptcy case; they will be

---

[3] Indeed, Grace has never disputed this proposition. It acknowledged again last week that the estimation hearing is for plan confirmation purposes: "It is the pending PI claims and ***the need to estimate their liability for purposes of confirming a plan*** that has made confirmation, absent consensus with the PI constituency, impossible." Debtors' Opposition to Application of Future Claimants' Representative for Authorization to Employ Special Asbestos Property Damage Settlement Counsel *Nunc Pro Tunc* to January 4, 2008, dated Jan. 29, 2008, ¶ 33 [D.I. 17932] (emphasis added) (excerpt attached as Exhibit 5).

channeled instead to a § 524(g) trust that will be established pursuant to a confirmed plan of reorganization, and that trust will consider and resolve such claims post-confirmation.

Even though the individual claimants are creditors of Grace in this bankruptcy *case*, they are not "parties" to this *contested matter* any more than would be Grace's individual shareholders or commercial creditors. Although the Court required PI claimants to file POCs under the bar-date order, the mere filing of a POC by a creditor does not make that creditor a party to each and every contested matter in a bankruptcy case, but rather only those contested matters directly implicating his or her claim, such as a proceeding to allow or disallow the claim.

Thus, given that the individual claimants are not parties whose rights are being adjudicated in this estimation hearing, it would be error to treat the PIQ and POC responses as "party admissions." The exhibits offered by Grace are therefore inadmissible hearsay.

## ARGUMENT

**The PIQ and POC Responses Returned by Individual Claimants Are Inadmissible Hearsay; Individual Claimants Are Not "Parties" to this Contested Matter**

Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The individual claimants' PIQ responses are plainly hearsay because Grace is seeking to introduce them into evidence to prove the truth of the statements made in the responses by claimants or their counsel or other third parties who are not present at the estimation hearing. Federal Rule of Evidence 802, in turn, mandates that hearsay be excluded from evidence unless some exception to the hearsay rule applies.

Grace argues that the challenged exhibits are not hearsay under Rule 801 because the individual claimants are "party-opponents" and the exhibits therefore constitute "admissions" by

the claimants.  *See* Fed. R. Evid. 801(d)(2) (carving out from the definition of hearsay an "admission" by a "party-opponent").  Such an argument, however, finds no support under bankruptcy law.  There is a key difference between a "party in interest" in a bankruptcy case and a "party-opponent" in a contested matter.  Just because one is the former does not automatically mean one is the latter.

The Bankruptcy Rules recognize three types of proceedings:  "cases," "adversary proceedings," and "contested matters."  A bankruptcy case, of course, is the "whole ball of wax."  Lawrence R. Ahern, III & Nancy F. MacLean, Bankruptcy Procedure Manual § 9014:01 (2007) (citation omitted).  All disputes within a bankruptcy case are either "adversary proceedings" or "contested matters."  8A C.J.S. Bankruptcy § 140 (2007) (citing *In re Am. Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988)).

Even though creditors may be "parties in interest" in a bankruptcy case, they do not become parties to any particular adversary proceeding or contested matter unless and until they are made parties under the applicable rules.  *See, e.g.*, Fed. R. Bankr. P. 7004 (service of process on persons to be made in an adversary proceeding); *id.* 7019 (joinder); *id.* 9014(b) (service upon persons to be made parties in a contested matter).  Rule 9014(a) underscores that principle insofar as it requires that a "hearing" be afforded to "the party *against whom relief is sought*."  *Id.* 9014(a) (emphasis added).  Rule 9014 would not have singled out "the party against whom relief is sought" for due process protection if all interested parties in a bankruptcy case were automatically "parties" to every contested matter.  Moreover, Rule 9014 makes applicable to all contested matters Rule 7017, dealing with the capacity of parties to sue and be sued, and Rule 7021, dealing with misjoinder and non-joinder of parties.  If all creditors and parties-in-interest

were parties to every contested matter, the drafters of the Bankruptcy Rules would have found it unnecessary to include rules dealing with capacity and joinder in contested matters.[4]

Here, as discussed in the Preliminary Statement above, the estimation hearing is being conducted solely for plan confirmation purposes, and not for the purpose of adjudicating the merits or determining the allowance of any individual claimants' claim. The sole issue in dispute in this contested matter is the ***aggregate*** amount of Grace's liability to all pending and future asbestos personal injury claimants, not the merits of individual claims. Thus the only parties who could properly be before the Court for this contested matter are Grace, the ACC, the FCR, and the other official committees.

The claimants to whom Grace issued PIQs are not parties to this contested matter, but merely non-party discovery respondents. Grace did not join any of the individual claimants as parties, file an objection to any of their claims, or otherwise seek an order from this Court that would directly implicate the individual claimants' rights.[5] Nor could it have properly added them as parties to a proceeding in which the estimation is of Grace's aggregate liability for all pending and future asbestos PI claims for plan confirmation purposes. Grace is *not* seeking relief against any individual claimant as would be the case, for example, if this were a proceeding to

---

[4] The law is clear that "[a] contested matter, like an adversary proceeding, involves a dispute between at least two parties in which one party opposes the relief sought by another." *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 370 n.5 (Bankr. S.D.N.Y. 1997) (citing 10 Collier on Bankruptcy ¶ 9014.01, at 9014-2 (15th ed. rev. 1996)). Thus, only Grace as the movant, the ACC, the FCR, and the other official committees are parties to this particular contested matter under Bankruptcy Rule 9014 (*i.e.*, the ongoing estimation proceeding).

[5] Nor could the Court fix a deadline for Grace to do so any more than it could enter an order requiring individual claimants to identify the witnesses who would be called at a trial on their individual claims, given that the CMO of August 29, 2005, expressly states that the estimation matter is a "core" proceeding. As noted above, this means that the estimation proceeding cannot be a "non-core" proceeding to allow or disallow claims for distribution purposes. *See* 28 U.S.C. § 157(b)(2)(B).

prohibit a claimant from voting to accept or reject a Chapter 11 plan or to disallow his claim. *See* 7 C.A. Wright *et al*., Federal Practice & Procedure § 1683 (2007) ("Of course, the party to be added must be a proper party *against whom relief is sought*.") (emphasis added) (citations omitted).[6]

The act of filing a POC – or responding to Grace's PIQ – does not make claimants "parties" to this estimation proceeding.[7] These claimants were creditors even before they filed their POCs, so the mere filing of a POC does not change the analysis. Having filed POCs, their claims are now "deemed allowed" under the Bankruptcy Code unless and until a party-in-interest objects to them. *See* 11 U.S.C. § 502(a). Filing a POC will not initiate a contested matter over the merits of the claim in question. Only an *objection* to a POC will initiate such a contested matter. *See In re State Line Hotel, Inc.*, 323 B.R. 703, 710 (B.A.P. 9th Cir. 2005), *vacated on other grounds*, 242 Fed. Appx. 460 (9th Cir. 2007).[8] Grace has not objected to the allowance of any PI POC. Hence, there is no contested matter challenging the merits of *any* asbestos PI claim to which any PI claimant can be legitimately considered a "party." And, as noted above, the estimation hearing is not, and cannot be, a hearing on the merits of any individual claims.

---

[6] Even if Grace went to the trouble of naming and serving PIQ recipients as parties, each recipient would be entitled to move for dismissal on the ground of misjoinder. And the Court would be constrained to grant the motions because their individual rights are not properly at stake here, any more than are the individual rights of the untold number of future claimants.

[7] Similarly, the fact that some (but not all) claimants are represented by counsel who are included on the Rule 2002 service list, or who have filed Rule 2019 statements in the bankruptcy case, does not make these individual claimants "parties" to a contested matter in which the Court will be estimating aggregate liability for plan confirmation purposes.

[8] *See also In re Levoy*, 182 B.R. 827, 834 (B.A.P. 9th Cir. 1995) ("Most authorities agree that claim objections are contested matters.") (citing authorities); *accord* Fed. R. Bankr. P. 3007 advisory committee's note ("The contested matter initiated by an objection to a claim is governed by rule 9014.").

On January 23rd, Grace once again raised the old canard that the ACC and its legal counsel represent each PI claimant individually. Grace is wrong: A creditors' committee, such as the ACC, does not represent individual claimants. *See In re Circle K Corp.*, 199 B.R. 92, 100 (Bankr. S.D.N.Y. 1996) (creditors' committee's individual constituents are not clients of the committee's attorneys); *In re Snyder*, 51 B.R. 432, 439 (Bankr. D. Utah 1985) (creditors' committee's attorneys represent only committee members, and individual creditors are represented by their own attorneys); *cf. In re Gibson Group, Inc.*, 158 B.R. 101, 101 (Bankr. S.D. Ohio 1993) (noting that individual member of creditors' committee was "not a party herein").

Furthermore, a creditors' committee, such as the ACC, is not the agent of its constituents and cannot bind them. *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 315 (3d Cir. 2004) (creditors' committees in bankruptcy do "not have the authority to bind each individual creditor"); 7 Collier on Bankruptcy ¶ 1103.05[1][d][i], at 1103-26 (15th ed. rev. 2005); *see also In re Quality Beverage Co.,* 181 B.R. 887, 894 (Bankr. S.D. Tex. 1995) (a committee does not have "the power nor the authority to bind each individual creditor"); *In re Drexel Burnham Lambert Group*, 138 B.R. 717, 722 (Bankr. S.D.N.Y. 1992) (stating that "[t]he duty [of a committee] extends to the class as a whole, not to its individual members"); *In re Levy*, 54 B.R. 805, 807 (Bankr. S.D.N.Y. 1985) ("Counsel for the creditors' committee do not represent any individual creditor's interest in this case; they [are] retained to represent the entire unsecured creditor class."). Based on the authorities cited here, the Court should reject, once and for all, Grace's misplaced attempts to use the ACC to bootstrap individual PI claimants into being "parties" to this estimation.

Finally, Grace also argued orally that the claimants are parties because their individual counsel "have come before this Court in connection with discovery that was directly relevant to

and part of this estimation proceeding." Estimation Hr'g Tr. of Jan. 23, 2008, at 25 (excerpt attached as Exhibit 1). The fact that claimants' counsel have appeared before the Court in response to Grace's various motions to compel discovery from them or their clients does not make them "parties" to the estimation proceeding any more than a motion to compel discovery from a third-party C in a dispute between A and B would make third-party C a party to the litigation between A and B. The individual claimants' counsel appeared before the Court to protect their clients' and their own interests as third-party respondents to Grace's third-party discovery, nothing more.

## CONCLUSION

For all the reasons stated above, the ACC respectfully requests that the Court sustain its hearsay objections to the PIQ and POC exhibits in question, and deny any similar attempts by Grace to introduce PIQ and POC responses into evidence.

Dated: February 4, 2008                    Respectfully submitted,

**CAMPBELL & LEVINE, LLC**

/s/ Mark T. Hurford
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Telefax: (302) 426-9947

-- and --

**CAPLIN & DRYSDALE, CHARTERED**

Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY  10152-3500
Telephone: (212) 319-7125
Telefax: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Telefax: (202) 429-3301

*Counsel for the Official Committee
of Asbestos Personal Injury Claimants*