# EXHIBIT 2

```
              UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF DELAWARE


IN RE:                        .    Case No.  01-1139 (JKF)
                              .
W.R. GRACE & CO.,             .
et al.,                       .    USX Tower - 54th Floor
                              .    600 Grant Street
                              .    Pittsburgh, PA 15219
              Debtors.        .
                              .    January 22, 2008
. . . . . . . . . . . . . ..       9:07 a.m.



                     TRANSCRIPT OF TRIAL
           BEFORE HONORABLE JUDITH K. FITZGERALD
             UNITED STATES BANKRUPTCY COURT JUDGE



APPEARANCES:

For the Debtors:         Kirkland & Ellis, LLP
                         By:   DAVID BERNICK, ESQ.
                               BARBARA HARDING, ESQ.
                               BRIAN STANSBURY, ESQ.
                               SALVATORE BIANCA, ESQ.
                               HENRY THOMPSON, ESQ.
                               SCOTT McMILLAN, ESQ.
                         200 East Randolph Drive
                         Chicago, IL  60601



Audio Operator:          Janet Heller



Proceedings recorded by electronic sound recording, transcript
              produced by transcription service.
```
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  <jjcourt@optonline.net>**

**(609)586-2311     Fax No. (609) 587-3599**

1  the stop watch right now.
2           THE COURT:  Just a minute.
3                    (Pause)
4           THE COURT:  All right, Mr. Finch.
5           MR. FINCH:  The ACC objects to the introduction into
6  evidence of any or all of the questionnaires, proof of claim
7  forms, x-ray materials, and any analysis or testimony based
8  upon them on relevance grounds, and we have two substantive
9  reasons.  First --
10          THE COURT:  Those in this case?
11          MR. FINCH:  First --
12          THE COURT:  You object to the proofs of claim and the
13 PIQs in this case?
14          MR. FINCH:  Your Honor, may I state the basis for the
15 objection?
16          THE COURT:  Yes, please.
17          MR. FINCH:  First, under the settled law of this
18 district, what is to be estimated here is the cost that Grace
19 would incur over time to resolve its asbestos personal injury
20 and death cases that are not resolved as of the petition -- the
21 time the bankruptcy petition was filed and which would
22 thereafter arise in the tort system going forward in the
23 future.  That estimation, pursuant to the same settled case law
24 -- and by that I'm referring to Owens-Corning and Armstrong,
25 Eagle Picher and Federal-Mogul -- is to be based on the cost

1  which Grace bore to resolve thousands of similar cases prior to
2  the petition date subject to modification to reflect any
3  obvious changes that have happened in the tort law -- in the
4  tort system.  If we are correct that this is the law, and if we
5  are correct that this is the method by which the Court must
6  estimate that liability, those costs, then the material in the
7  files of the unsettled claimants, the people who were -- had
8  claims that hadn't been settled as of the time Grace went into
9  bankruptcy developed and maintained in their files after the
10 petition date, has not relevance, since the evidence for the
11 cost of the liability is found in Grace's history of tens of
12 thousands of already resolved cases and not in the various
13 materials in the process of development in the unsettled cases.
14       We have a second basis for our relevance objection.
15 Even if, as the debtor argues, it is appropriate for the Court
16 to consider the so-called, quote, legal liability of claims
17 pending against Grace at the time the petition was filed, which
18 have not yet been settled or resolved, the material that may
19 have been collected from time to time in the files of the
20 claimants in a period during which litigation and prosecution
21 of their cases against Grace has been stayed is not relevant
22 proof of what would be developed by way of evidence by the same
23 claimants should their claims have actually proceeded to trial.
24 Indeed, there will be evidence that will be -- witnesses who
25 will testify to that very proposition.

1       The Court should be well aware that no court has set
2  a trial date for the trial of any asbestos personal injury
3  claim for either trial by allowance or trial by jury.  The
4  Court has never set a deadline to the -- require any personal
5  injury claimant to identify the testifying experts they would
6  rely on in trial, the industrial hygienists, the
7  epidemiologists, the toxic tort experts, in a case involving
8  Grace, nor could the Court do so under the estimation CMO,
9  since the August 29th, 2005 order that Your Honor entered
10 authorizing the estimation proceeding says it is a core
11 proceeding.  And I'll remind the Court that under 28 USC
12 Section 157(b)(2) a core proceeding cannot be something that is
13 the allowance or disallowance of individual claims for purposes
14 of distribution.

15      Third, the questionnaire does not ask any personal
16 injury claimant to identify the expert and fact witnesses that
17 will testify in a trial involving their case, nor does it
18 require the claimants to identify every document or piece of
19 evidence that they would introduce into evidence in a trial
20 involving Grace.  Therefore, whatever was in their file when
21 Grace served discovery on them, the interrogatories and the
22 document requests which are part of the questionnaire, and
23 that's what were produced in response to that, is what their
24 file showed at a moment in time in the bankruptcy and is not
25 evidence of what those very same claimants would prove in a

1  trial involving Grace.  It would be as if that at the beginning
2  of the case we had served document requests and interrogatories
3  on W.R. Grace on April 2nd, 2001 and said produce what you have
4  to prove your estimation case when they haven't hired all the
5  experts they're going to be parading in front of you.
6             THE COURT:  They wouldn't be proving an estimation
7  case.
8             MR. FINCH:  They are arguing about the methodology
9  and the proof.  Your Honor, the point is it's an objection
10 based on lack of relevance for the grounds that I have stated,
11 and we would like a ruling on this to protect the record.
12            THE COURT:  It's overruled.  The evidence is clearly
13 relevant.  With respect to the numbers of claims that the
14 debtor will have to reconcile pre-petition going forward, there
15 has been a bar date, and whether or not a claimant has
16 satisfied the proof of claim information and the PIQ was ruled
17 by this Court to be appropriate discovery in support of that
18 proof of claim.  That, in fact, substantiates the proofs of
19 claim and the claims that, as of now, are the -- I'll call them
20 in quotes, and I do mean in quotes.  I'm not making a ruling --
21 the allowed claim base upon which the debtor has to reconcile
22 what the present claims are and whether or not it will have a
23 future claims base based upon the claims base that it now knows
24 it has to face from its pre-petition past.
25            So in terms of numbers of claims, that is a relevant