# EXHIBIT 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| W. R. GRACE & CO., et al., ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| | Re: Docket No. 17788 |

Objection Deadline: January 29, 2008 at 4:00 p.m.
Hearing Date:         TBD

## DEBTORS' OPPOSITION TO APPLICATION OF FUTURE CLAIMANTS' REPRESENTATIVE FOR AUTHORIZATION TO EMPLOY SPECIAL ASBESTOS PROPERTY DAMAGE SETTLEMENT COUNSEL NUNC PRO TUNC TO JANUARY 4, 2008

The fundamental premise of the FCR's Motion -- that the FCR needs "special asbestos property damage counsel" in order to resolve Asbestos PD claims and thereby make confirmation of the FCR's and ACC's proposed plan proceed more smoothly -- is ludicrous. The Debtors have an extraordinary track record with respect to PD claims in this case, having reduced the number of pending claims from over 4,000 filed as of the Bar Date to 178 pending contested claims as of this date. Virtually all of the remaining contested PD claims are the subject of dispositive motions that are currently under advisement with this Court. The Debtors have demonstrated that they are highly capable of resolving PD claims and of all of the various contested matters in these cases, this may be the most clear cut example of success as well as the complete absence of the need for assistance from "special counsel." For this reason, appointing "special asbestos property damage counsel" for the FCR would serve no useful purpose and would be a complete waste of the estate's resources.

Further, as Grace's counsel noted at the November 26, 2007 omnibus hearing, the plan of reorganization proposed by the FCR and the ACC in early November 2007 represents a step backward, rather than forward, with respect to development of a negotiated, consensual plan

K&E 12399255.1                                          1

33. While certain constituencies may have been involved in informal settlement discussions, that is nothing new to this case and those discussions were not to the point of seriousness whereby new special counsel for already mature Asbestos PD claims litigation was needed to help move the ball to the finish line. Indeed, PD claims are not the reason these chapter 11 cases have not reached the confirmation stage. It is the pending PI claims and the need to estimate their liability for purposes of confirming a plan that has made confirmation, absent consensus with the PI constituency, impossible.

34. Further, to the extent that the FCR believed it was appropriate to ask Hanly Conroy to begin performing services because it did not believe the Debtors would object, that is an inappropriate reason to now seek *nunc pro tunc* approval. The FCR indicates in its Application that "The FCR has previously advised both the Debtors and the Speights & Runyan firm of his intentions" to seek to employ special counsel and "[b]oth parties, while not committing themselves in any way and reserving all rights, expressed a willingness to cooperate with the FCR." Application ¶ 10.

35. With all due respect, the FCR's statement is misleading. The FCR did indeed mention to Grace's Assistant General Counsel responsible for supervising PD Litigation that he may seek to employ special counsel. That was the extent of the "discussion." For the FCR to expect that the Debtors would not object to both his employment of special counsel and his request for employment *nunc pro tunc*, is a tremendous mistake on the FCR's part. The Debtors object to the appointment of special counsel in all respects, object to appointment *nunc pro tunc* and suggest that to the extent special counsel has already performed services for the FCR, the FCR did so without Court authority and must himself be responsible for the payment the fees of special counsel and may not charge the Debtors' estates for such unauthorized fees.