THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |

## SUMMARY OF FIRST QUARTERLY INTERIM APPLICATION OF PERKINS COIE LLP AS ORDINARY COURSE PROFESSIONAL FOR ALLOWANCE OF FEES AND EXPENSES IN EXCESS OF OCP MONTHLY FEE CAP FOR THE PERIOD OF SEPTEMBER 2006 THROUGH MARCH 2007

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. *(f/k/a Grace Specialty Chemicals, Inc.)*, W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. *(f/k/a Circe Biomedical, Inc.)*, CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. *(f/k/a Nestor-BNA, Inc.)*, MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. *(f/k/a Environmental Liability Management, Inc.,* E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Name of Applicant:                                    **Perkins Coie LLP**

Authorized to Provide Professional Services           **W.R. Grace & Co., et al.,**
to:                                                   **Debtors and Debtors-in-Possession**

Date of Retention:                                    **Retained as an Ordinary Course**
                                                      **Professional in 2001[2]**

Fee Period for which Compensation and                 **September 2006 — March 2007**
Reimbursement is Sought:

Amount of Compensation sought as actual,              **$116,932.25**
reasonable and necessary (Amount over the
OCP $50,000 Cap):

Amount of Expense Reimbursement sought                **$18,417.99**
as actual, reasonable and necessary:

This is a ___ monthly    **X** quarterly    ___ final application.

Perkins Coie filed monthly fee applications for September (docket no. 17,410),
November (docket no. 17,411) and December (docket no. 17,412) 2006 and March
2007 (docket no. 17,413) ("Interim Period") on November 20, 2007. No objections
were filed to the interim applications (docket nos. 17,613-17,616).

Monthly fee applications filed: subject to Interim Application:

| Date Filed | Period Covered | Fees | Expenses | Total | Expected OCP Payment | Excess OCP Fees and Expenses |
|---|---|---|---|---|---|---|
| | 9/1-9/31/06 | $ 65,329.50 | $ 4,888.26 | $ 70,217.76 | <$50,000> | $ 20,217.76 |
| | 11/1-11/31/06 | 94,533.20 | 10,819.00 | 105,352.20 | <$50,000> | 55,352.20 |
| | 12/1-12/31/06 | 51,784.05 | 2,099.41 | 53,883.46 | <$50,000> | 3,883.46 |

---

[2] Perkins Coie was retained by Debtor as an ordinary course professional ("OCP") in these
Chapter 11 Cases to provide legal services regarding certain asbestos property damage claims. On
May 9, 2001, Perkins Coie filed its affidavit under 11 U.S.C. § 327(e) to support its retention as an
OCP. *See* Docket No. 223. No objections were filed to Perkins Coie's retention. Thus, Perkins Coie
is employed, and continues to be employed, as an OCP in these Chapter 11 Cases.

| Date Filed | Period Covered | Fees | Expenses | Total | Expected OCP Payment | Excess OCP Fees and Expenses |
|---|---|---|---|---|---|---|
| | 3/1-3/31/07 | 105,285.50 | 611.32 | 105,896.82 | <$50,000> | 55,896.82 |
| Total | | $316,932.25 | $18,417.99 | $335,350.24 | | $135,350.24 |

The Perkins Coie attorneys that rendered professional services during the Interim Period in excess of the monthly cap for OCP are:

| Name of Professional Person | Position with the Applicant and Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| David T. Bickerman | Partner, Admitted 1981 | $495.00 $530.00 | 104.0 27.6 | $51,480.00 $14,628.00 |
| Judith B. Gitterman | Of Counsel Admitted 1984 | $365.00 $380.00 | 192.9 117.8 | 70,390.50 44,764.00 |
| Melora M. Garrison | Associate, Admitted 1999 | $350.00 $375.00 | 128.6 53.1 | 45,010.00 19,912.50 |
| John Kaplan | Partner, Admitted 1994 | $365.00 | 2.7 | 985.00 |
| Benjamin Soffer | Partner Admitted 1995 | $410.00 | 24.4 | 10,004.00 |
| Total | | | 648.9 | $257,174.50 |

The paraprofessionals of Perkins Coie, who rendered professional services during the Interim Period in excess of the monthly cap for OCP are:

| Name of Professional Person | Position with the Applicant and Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Serigo V. Perez | Paralegal | $215.00 $225.00 | 132.75 55.0 | $28,541.25 12,375.00 |
| Ann B. Ellias | Paralegal | $195.00 $205.00 | 71.6 16.4 | 13,362.00 3,362.00 |
| Lelia Ahlstrom-Guerrero | Paralegal | $180.00 $190.00 | 4.2 1.4 | 756.00 266.00 |
| Amy Shields | Paralegal | $180.00 | 2.8 | 504.00 |
| Jay D. Hickenbottom | ALS Manager | $187.00 | 2.5 | 467.50 |
| Michael D. Cruz | Paralegal | $155.00 | .80 | 124.00 |
| Total | | | 681.65 | $59,757.75 |

## Expense Summary

| Service Description | Amount |
|---|---|
| Photocopies and Printing | $ 3,051.92 |
| Air Express Charges | 1,127.97 |
| Computer Research | 6,445.73 |
| Long Distance Telephone Charges | 28.02 |
| Airfare | 4,176.15 |
| Special Postage | 6.05 |
| Create Original DVD's, copies | 2,325.59 |
| Travel Expense | 121.00 |
| Travel Expense – Meals | 15.55 |
| Conference Meals | 132.95 |
| Filing Fees | 23.00 |
| Professional Services, Research Fee | 394.00 |
| Other (international internet, telephone fees, File Keeper(s)) | 448.93 |
| **Total** | **$18,417.99** |

| | |
|---|---|
| **Grand Total for Fees:** | **$316,932.25** |
| **Blended Rate:** | **$238.29** |
| **Balance of Fees Sought in Application:** | **$116,932.25** |
| **Balance of Expenses Sought in Application:** | **$18,417.99** |

DATED:  February ___, 2008
Bellevue, Washington

John Kaplan
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone:  (206) 359-8408
Facsimile:  (206) 359-9408
Email:  JKaplan@perkinscoie.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## FIRST QUARTERLY APPLICATION OF PERKINS COIE LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS ORDINARY COURSE PROFESSIONAL FOR THE PERIOD FROM SEPTEMBER 1, 2006 THROUGH MARCH 31, 2007

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Interim Compensation Order") and Del.Bankr.LR 2016-2, and the Order Granting Leave in

Accordance with the Orders Authorizing the Debtors to Employ and Compensate Ordinary

Course Professionals As It Pertains to Perkins Coie LLP dated June 20, 2007, Perkins Coie LLP

("Perkins Coie"), as an ordinary course professional for the above-captioned debtors and debtors-

in-possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order

allowing it (i) compensation for the amount of $116,932.25 for the reasonable and necessary

legal services Perkins Coie has rendered to the Debtors and (ii) reimbursement for the actual and

necessary expenses that Perkins Coie has incurred in the amount of $18,417.99 (the "Fee

Application"), in each case for the period from September 1, 2006 through March 31, 2007 (the

"Fee Period"). In support of this Fee Application, Perkins Coie respectfully states as follows:

## BACKGROUND

### Retention of Perkins Coie

1. Perkins Coie was retained by the Debtors as an ordinary course

professional ("OCP") in the Chapter 11 Cases to provide legal services regarding certain asbestos

property damage claims. On May 9, 2001, Perkins Coie filed its affidavit of disinterestedness to

support its retention as an OCP. See Docket No. 223. No objections were filed to Perkins Coie's

retention. Thus, Perkins Coie is employed, and continues to be employed, as an OCP in these

Chapter 11 Cases.

2. On June 20, 2007, this Court entered its Order Granting Leave in

Accordance with the Orders Authorizing the Debtors to Employ and Compensate Ordinary

Course Professionals As It Pertains to Perkins Coie LLP. See Docket No. 16,107.

### Monthly Interim Fee Applications Covered Herein

3. Pursuant to the procedures set forth in the Interim Compensation Order, as

amended by the Amended Interim Compensation Order, professionals may apply for monthly

compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5. This Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the Fee Application for compensation for services rendered that,Perkins Coie has filed pursuant to the Order Granting Leave in Accordance with the Orders Authorizing the Debtors to Employ and Compensate Ordinary Course Professionals As It Pertains to Perkins Coie LLP, dated June 20, 2007 (docket No. 16,107), and covers the Fee Period of September 1, 2006 through March 31, 2007.

6.   Perkins Coie has filed the following Monthly Fee Applications for interim compensation to date:

a.   Summary Application of Perkins Coie LLP as Ordinary Course Professional for Allowance of Fees in Excess of OCP Monthly Fee Cap for September 2006 (the "September Fee Application") filed November 20, 2007 (docket no. 17,410), attached hereto as Exhibit A;

b.   Summary Application of Perkins Coie LLP as Ordinary Course Professional for Allowance of Fees in Excess of OCP Monthly Fee Cap for November 2006 (the "November Fee Application") filed November 20, 2007 (docket no. 17,411), attached hereto as Exhibit B;

c.   Summary Application of Perkins Coie LLP as Ordinary Course Professional for Allowance of Fees in Excess of OCP Monthly Fee Cap for December 2006 (the "December Fee Application") filed November 20, 2007 (docket no. 17,412), attached hereto as Exhibit C; and

d.   Summary Application of Perkins Coie LLP as Ordinary Course Professional for Allowance of Fees in Excess of OCP Monthly Fee Cap for March 2007 (the "March Fee Application") filed November 20, 2007 (docket no. 17,413), attached hereto as Exhibit D.

7.   Perkins Coie has advised and represented the Debtors in connection with asbestos related property damage claims.

**Previous Quarterly Fee Applications**

8.   Perkins Coie has not previously filed a Quarterly Fee Application.

**Requested Relief**

9.   By this Fee Application, Perkins Coie requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Perkins Coie for the Fee Period as detailed in the Applications, less any amounts previously paid to Perkins Coie pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order. As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through D.

**Disinterestedness**

10. On May 9, 2001, Perkins Coie filed its affidavit of disinterestedness to support its retention as an OCP. See Docket No. 223. No objections were filed to Perkins Coie's retention. Perkins Coie does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

## REPRESENTATIONS

11. Perkins Coie believes that the Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

12. Perkins Coie performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

13. During the Fee Period, Perkins Coie has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Interim Compensation Order.

14. Pursuant to Fed. R. Bank. P. 2016(b), Perkins Coie has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Perkins Coie, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Perkins Coie respectfully requests that the Court enter an order providing that (a) for the Fee Period, September 1, 2006, through March 31, 2007 and an administrative allowance be made to Perkins Coie in the sum of (i) $116,932.25 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $18,417.99 for reimbursement of actual and necessary costs and expenses incurred, for a total of $135,350.24; (b) the Debtors be authorized and directed to pay to Perkins Coie the outstanding amount of such sums less any sums previously paid to Perkins Coie pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order and (c) this Court grant such further relief as is equitable and just.

DATED: February ___, 2008
Bellevue, Washington

**PERKINS COIE LLP**

John Kaplan
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8408
Facsimile: (206) 359-9408
Email: JKaplan@perkinscoie.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## VERIFICATION

| | |
|---|---|
| STATE OF WASHINGTON | ) |
| | )   ss. |
| COUNTY OF KING | ) |

John Kaplan, after being duly sworn according to law, deposes and says:

1.      I am a partner with the applicant law firm Perkins Coie LLP ("Perkins Coie"), and have been admitted to the Washington Bar since 1994.

2.      I have personally performed some of the legal services rendered by Perkins Coie as counsel to the above-captioned debtors and debtors in possession (the "Debtors"), and I am familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of Perkins Coie.

---

[1]     The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

3.    I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

John Kaplan

SWORN AND SUBSCRIBED
before me this 1ˢᵗ day of February, 2008

Notary Public
My Commission Expires: 7/18/08



41145-0012/LEGAL13719633.2