IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors, | ) | |

**Hearing Date: March 17, 2008 at 1:00 pm (Pittsburgh)**
**Objection Deadline: February 29, 2008 by 4:00 p.m.**

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO MAKE LEGALLY REQUIRED MINIMUM CONTRIBUTIONS TO DEFINED BENEFIT PENSION PLANS COVERING DEBTORS' EMPLOYEES, DUE APRIL 2008

The Debtors respectfully move this Court for the entry of an order authorizing them to make contributions to their defined benefit retirement plans covering the Debtors' employees in the United States (the "Grace Retirement Plans"). The contributions sought to be made are due on or prior to April 15, 2008, and are necessary to assure compliance with the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street,lzi.c., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch Nest Coal Company, H-G Coal Company.

minimum funding requirements under federal law (the "April 2008 Contributions").[2]  The April

2008 Contributions will total $17,823,645 (or, if less, the amount of the first 2008 plan year

quarterly minimum contributions specified in the 2008 actuarial report for the Grace Retirement

Plans, provided that the report is finalized within a reasonable time prior to the due date for

making those contributions).[3]    In support of this Motion, the Debtors respectfully state as

follows:

### Jurisdiction

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§

157(b)(2)(A) and (O).  Venue of this proceeding and this Motion is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought herein is

§§ 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code").

### Background and Relief Requested

2.    The Debtors have requested, through a series of prior pension funding motions

(collectively, the "Prior Funding Motions"), and received Court permission to make, all legally

required minimum contributions to the Grace Retirement Plans for the period through January

2008.  With respect to each Prior Funding Motion, prior to the applicable hearing date, the

management of the Debtors discussed the applicable motion with each of the official

committees (collectively, the "Committees"), and the Future Claimants' Representative (the

"FCR"), as requested.

3.    The Court entered orders approving the requests under each Prior Funding

Motion (as modified).  In accordance with those orders, the Debtors contributed approximately

---

[2] The Debtors are filing this Motion at this time because the March 17, 2008 omnibus hearing is the last scheduled
hearing before the due date of the first quarterly minimum contribution for the 2008 plan year, April 15, 2008.
[3] See paragraphs 5 and 6 for a summary of applicable law with respect to the upcoming required quarterly minimum
contributions due April 15th.  See also Exhibit A, which lists all contributions made from 2005 to January 2008, as
well as estimates of future minimum required contributions through 2009.

$48.5 million to the Grace Retirement Plans in 2003,[4] approximately $20 million in 2004, approximately $24.1 million in 2005,[5] approximately $101.4 million in 2006,[6] approximately $76.0 million in 2007, and approximately $14.8 million in January 2008.[7]

4.    In this Motion, the Debtors are seeking approval to make the April 2008 Contributions on (or prior to) April 15, 2008, in an amount that will assure compliance with minimum funding requirements under applicable federal law.  In summary, under applicable law, the total of the required quarterly minimum contributions for the 2008 plan year due on April 15, 2008, must be the lesser of (A) 25% of the total 2007 minimum contributions (i.e., $17,823,645) or (B) the quarterly minimum amount calculated specifically for the 2008 plan year, which will be included in the final 2008 actuarial report.  The actual amount of the April 2008 Contributions will therefore depend on the date that the 2008 actuarial valuation for the Grace Retirement Plans is finalized.

5.    At this time, the actuaries and Debtors anticipate that the 2008 actuarial report will be finalized sometime during April 2008.  If the 2008 actuarial report is not finalized within a reasonable time prior to April 15, 2008, the April 2008 Contributions will be, as specified above, approximately $17.8 million.  Any portion of these contributions that is greater than the actual 2008 plan year quarterly minimum contributions, as eventually specified in the final 2008 actuarial report, will be used to offset subsequent required minimum contributions.

---

[4] This amount includes a contribution in 2003 of approximately $8.5 million for the Curtis Bay union pension plan, based on a separate motion and Court order dated March 3, 2003 [Docket No. 3445].

[5] This amount includes a contribution in 2005 of approximately $7.9 million to two union pension plans covering union employees at the Debtors' Lake Charles, Louisiana and Chattanooga, Tennessee plants, based on a separate motion and Court order dated June 22, 2005 [Docket No. 8666].

[6] This amount includes a contribution in 2006 of approximately $1.1 million to a union pension plan covering union employees at the Debtors' Chicago Dewey & Almy Plant.

[7] This amount was the last quarterly minimum contribution for the 2007 plan year.

6.      If the 2008 actuarial report is finalized within a reasonable time prior to April 15, 2008, then the April 2008 Contributions will be the amount calculated specifically for the 2008 plan year quarterly minimum contributions in that report (provided that, as is likely, the amount specified in the report is less than $17.8 million).  Currently, it is estimated that the 2008 plan year contributions will be approximately $10.0 million per quarter.  See Exhibit A for more information regarding the amount and timing of the required minimum contributions.

7.      After the 2008 actuarial report is finalized, the Debtors will submit another pension funding motion to make all required contributions for the remainder of 2008 and early 2009.  That motion will specify the exact amount of each contribution required during that period, and will also include information regarding the overall funded status of the Grace Retirement Plans, which will update such information included in the Prior Funding Motions.

8.      This Motion to make the April 2008 Contributions to the Grace Retirement Plans is a continuation of the funding approach specified in the most recent Prior Funding Motion, whereby the Debtors have timely made only the legally required minimum contributions to each Grace Retirement Plan.

9.      The Prior Funding Motions included considerable background regarding the Grace Retirement Plans and the importance of maintaining those Plans and supporting their financial viability.   That background continues to be valid.   In summary, the Debtors' management continues to strongly believe that continuing to make at least the legally required minimum contributions to each of the Grace Retirement Plans is essential to maintaining the morale of the Debtors' workforce and its confidence in management, and thereby the productivity and long-term profitability of the Debtors' businesses.  The employees are vital to maintaining and enhancing the value of the Debtors' estate and to the Debtors' successful

reorganization.

10.    The Debtors have provided representatives of each of the Committees and the FCR with a prior draft of this Motion and have discussed this Motion with those parties requesting such discussions.

### Basis for Relief

11.    Section 105(a) of the Bankruptcy Code permits the court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).   Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business property of the estate." 11 U.S.C. § 363(b)(1).

12.    A court has the statutory authority to authorize a debtor to use property of the estate pursuant to § 363(b)(1) of the Bankruptcy Code when such use is an exercise of the debtor's sound business judgment and when the use of the property is proposed in good faith. See In re Delaware & Hudson Ry. Co., 124 B.R. 169, 175 (D. Del. 1991); In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 149-50 (3d Cir. 1986);  In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983), see also In re Schipper, 993 F.2d 513, 515 (7th Cir. 1991) (a debtor's decision must be supported by "some articulated business justification"); Stephen Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986) (adopting the "sound business purpose" standard for sales proposed pursuant to section 363(b)); In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (Bankr. D.Del. 1999); In re Ernst Home Ctr Inc., 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997).

13.    Under section 363(b) of the Bankruptcy Code, a debtor has the burden to establish that it has a valid business purpose for using estate property outside the ordinary course of business. See Lionel Corp., 722 F.2d at 1070-71.  Once the debtor has articulated

such a valid business purpose, however, a presumption arises that the debtor's decision was made on an informed basis, in good faith and in the honest belief that the action was in the debtor's best interest. See In re Integrated Res., Inc., 147 B.R. 654, 656 (S.D.N.Y. 1992). A party in interest seeking to challenge the debtor's valid business purpose must "produce some evidence supporting its objections." Montgomery Ward, 242 B.R. at 155.

### The Proposed Transaction Is Supported by Sound Business Judgment

14.    The Debtors respectfully submit that making the April 2008 Contributions is the least costly approach to funding the Grace Retirement Plans in accordance with the requirements imposed by applicable federal law.  That is, the Debtors are seeking approval to make no more than the legally required contributions to those Plans that are due on April 15, 2008.  Making the April 2008 Contributions will help to maintain the morale and productivity of the Debtors' employees throughout the United States, which is key to continuing to retain a dedicated, motivated and loyal work force.  Such work force is a vital component of the Debtors' estates and restructuring efforts.

15.    The Debtors have determined in their business judgment that making the April 2008 Contributions is in the best interests of the Debtors' estates and creditors.  As specified above, clear business reasons exist to justify, under section 363(b) of the Bankruptcy Code, such implementation.

### Notice

16.    Notice of this Motion has been given to (i) of the Office of the United States Trustee, (ii) counsel to the Debtor-In-Possession lenders, (iii) counsel to each of the Committees, (iv) counsel to the FCR, and (v) those parties that requested papers under Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no

further notice is required.

**No Prior Request**

17.    No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order substantially in the form attached hereto (i) authorizing the Debtors to make the April 2008 Contributions to the Grace Retirement Plans required by federal law, on or prior to April 15, 2008, in the amount of $17,823,645 (or, if less, the actual amount of the first quarterly minimum contribution for the 2008 plan year, if the 2008 actuarial report is finalized a reasonable time prior to April 15, 2008), and (ii) granting such other and further relief as the Court deems just and proper.

Dated: February 11, 2008

KIRKLAND & ELLIS
David M. Bernick
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, Delaware 19899-8705
Telephone:  302-652-4100
Facsimile:   302-652-4400

Co-Counsel for the Debtors and Debtors-In-Possession