**Exhibit A**

# AMENDMENT NO. 6 TO
# POST-PETITION LOAN AND SECURITY AGREEMENT

This AMENDMENT NO. 6 TO POST-PETITION LOAN AND SECURITY AGREEMENT (this "Amendment") is dated as of February ___, 2008, among the Lenders, BANK OF AMERICA, N.A., as agent for the Lenders (the "Agent"), W. R. GRACE & CO. (the "Company") and the Subsidiaries of W. R. Grace & Co. parties hereto (collectively, the "Borrowers").

WHEREAS, the parties hereto are parties to a Post-Petition Loan and Security Agreement dated as of April 1, 2001 (as previously amended, the "Loan Agreement"); and

WHEREAS, the parties hereto desire to amend the Loan Agreement as herein set forth:

NOW, THEREFORE, for and in consideration of the mutual covenants set forth herein and in the Loan Agreement, and for other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. Amendments.

    (a)  Section 7.6(ii) of the Loan Agreement is hereby amended by deleting the phrase "the Closing Date" where it appears in clause (2) thereof and inserting "March 31, 2008" in its place.

    (b)  Section 7.9 of the Loan Agreement is hereby by deleting the phrase "the date hereof" where it appears in clauses (ix) and (x) thereof and inserting "March 31, 2008" in its place.

    (c)  Section 7.23 of the Loan Agreement is hereby amended and restated in its entirety to read as follows:

    7.23  Cash Equivalents.  The Borrowers shall at all times maintain cash, Cash Equivalents (plus, without duplication, the cash value of COLI, net of all loans with respect thereto and the value of units in the "Columbia Strategic Cash Portfolio" of Columbia Qualified Purchaser Funds, LLC ("Columbia Funds")) which are owned by the Borrowers free and clear of all Liens and rights of any other Person (other than the Agent, the Managing Members of Columbia Funds and their Affiliates, and the COLI insureds and insurers) of not less than $50,000,000 in the aggregate.

(d) Section 13.7 of the Loan Agreement is hereby amended by deleting the amount "$800" which appears therein and inserting "$850" in its place.

(e) Annex A to the Loan Agreement is hereby amended by amending and restating in their entirety the following definitions:

"Restricted Investment" means, as to any Borrower, any acquisition of property by such Person in exchange for cash or other property, whether in the form of an acquisition of stock, debt, or other indebtedness or obligation, or the purchase or acquisition of any other property, or a loan, advance, capital contribution, or subscription, including in connection with the organization, creation or acquisition of any Subsidiary (each an "Investment"), except the following: (a) acquisitions of Equipment and other capital assets in the ordinary course of business of such Person; (b) acquisitions of Inventory in the ordinary course of business of such Person; (c) acquisitions of current assets acquired in the ordinary course of business of such Person; (d) Investments in Cash Equivalents; (e) Investments by any Borrower in any other Borrower, (f) extensions of trade credit and prepaid expenses made in the ordinary course of business, (g) (i) loans to officers of any Borrower in the ordinary course of business, (ii) loans and advances to employees of any Borrower for travel, entertainment and relocation expenses in the ordinary course of business and (iii) loans by any Borrower to employees in connection with management incentive plans, provided that the aggregate outstanding principal amount of all such loans and advances made pursuant to this clause (g) shall not exceed $5,000,000 at any time; (h) loans, made while no Default or Event of Default has occurred and is continuing, in an aggregate amount not to exceed $24,750,000 at any time outstanding made to ART by W. R. Grace & Co.-Conn; (i) Investments in Alltech Associates, Inc. (the "Alltech Investments") in an aggregate outstanding amount not to exceed $10,000,000, and any other Alltech Investments in excess thereof so long as immediately after giving effect to any such Alltech Investments, Availability equals or is greater than $75,000,000 and the aggregate outstanding amount of Alltech Investments does not exceed $25,000,000; (j) Investments outstanding on the Amendment No. 1 Closing Date and listed on Schedule A-1; (k) Investments, made while no Default or Event of Default has occurred and is continuing, not otherwise permitted hereunder by any Borrower in any Other Subsidiary, provided that (A) immediately prior to and immediately after giving effect to such Investments, Availability equals or is greater than $125,000,000 and (B) after giving effect to such Investments, the aggregate then outstanding amount of all such Investments made pursuant to this clause (k) subsequent to the Amendment No. 1 Closing Date shall not exceed $60,000,000 in the aggregate on a net annual cash flow basis cumulatively (it being agreed that only $22,500,000 of this amount may be invested through transactions which do not require and have not received approval of the Bankruptcy Court); (l) Investments received in connection with the collection of Accounts in the ordinary course of business; (m) Investments received as consideration in connection with any asset sale or other disposition of assets permitted hereunder; and (n) other Investments not otherwise permitted hereunder made by any Borrower, provided that, after giving effect thereto, the aggregate amount of all such Investments made at any time after the Amendment No. 1 Closing Date by all Borrowers under this clause (n) shall not exceed $1,000,000 at any time outstanding.

2

"Stated Termination Date" means April 1, 2010.

2. <u>Amendment Fees</u>. The Borrowers jointly and severally agree to pay the Agent the fees described in that certain fee letter attached hereto as <u>Annex I</u> (the "<u>Fee Letter</u>").

3. <u>Conditions</u>.

(a) This Amendment shall be effective upon satisfaction of the following conditions precedent:

(i) This Amendment shall have been executed by each party hereto; and

(ii) The Agent shall have received a certificate from the chief financial officer of the Company certifying that (i) immediately after giving effect to this Amendment, all representations and warranties made hereunder, in the Loan Agreement and in the other Loan Documents shall be true and correct as if made on the date hereof, (ii) the Borrowers have performed and complied with all covenants, agreements and conditions contained herein which are required to be performed or complied with by the Borrowers on or before the date hereof and (iii) no Default or Event of Default shall have occurred and be continuing after giving effect to this Amendment.

(b) The following shall be conditions precedent to the execution of this Amendment:

(i) The Agent shall have received (i) a certificate from an authorized officer of each Borrower certifying that there have been no changes to the articles of incorporation or certificates of formation or other charter documents of such Borrower, or to the bylaws or other similar agreements of such Borrower since the Petition Date, (ii) copies of resolutions of the Board of Directors or similar managing body of each Borrower approving and adopting this Amendment, the transactions contemplated herein and authorizing execution and delivery thereof, in each case, of each Borrower and certified by a secretary or assistant secretary of the Company to be true and correct and in force and effect as of the date hereof, (iv) a certificate of the Secretary or Assistant Secretary (or equivalent thereof) of each Borrower certifying that there have been no changes with respect to the incumbency of the officers of such Borrower since the Petition Date, and (v) an original, duly certified as of a current date by the applicable Secretary of State, of a good standing certificate issued by the Secretary of the state of incorporation or organization of each Borrower;

(ii) The Borrowers shall have paid the fees described in the Fee Letter and all other fees and expenses of the Agent and the Attorney Costs incurred in connection with this Amendment and any of the Loan Documents and the transactions contemplated thereby to the extent invoiced;

3

(iii)     The Agent shall have received evidence, in form, scope, and substance, reasonably satisfactory to the Agent, of all insurance coverage as required by the Loan Agreement;

(iv)     The Agent and the Lenders shall have had an opportunity, if they so choose, to examine the books of account and other records and files of the Borrowers and to make copies thereof, and to conduct a field examination and audit of the Collateral which shall include, without limitation, updated desktop fixed asset appraisals, verification of Inventory, Accounts, and the Borrowing Base, and in each case the results of such examination and audit shall have been satisfactory to the Agent and the Lenders in all respects;

(v)     All proceedings taken in connection with the execution of this Amendment and all documents and papers relating thereto shall be satisfactory in form, scope, and substance to the Agent and the Lenders; and

(vi)     The Agent shall have received a copy of the signed order (the "Amendment Order") of the Bankruptcy Court in substantially the form attached hereto as Annex II authorizing and approving the transactions contemplated hereby. The Amendment Order (i) shall be in form and substance satisfactory to the Agent, (ii) shall be certified by the Clerk of the Bankruptcy Court as having been duly entered, (iii) shall approve the payment by the Borrowers of all of the fees set forth in the Fee Letter, and (iv) shall be in full force and effect and shall not have been vacated, reversed, modified, amended or stayed.

4.     Reference to and Effect Upon the Loan Agreement.

(a)     Except as specifically amended above, the Loan Agreement and the other Loan Documents shall remain in full force and effect and are hereby ratified and confirmed.

(b)     Upon the effectiveness of this Amendment, each reference in the Loan Agreement to "this Agreement", "hereunder", "hereof", "herein" or words of similar import shall mean and be a reference to the Loan Agreement as amended hereby.

5.     Defined Terms. Except as otherwise defined herein, all defined terms herein shall have the meanings ascribed thereto in the Loan Agreement.

6.     Governing Law. THIS AMENDMENT SHALL BE INTERPRETED AND THE RIGHTS AND LIABILITIES OF THE PARTIES HERETO DETERMINED IN ACCORDANCE WITH THE INTERNAL LAWS (PROVIDED THAT PERFECTION ISSUES WITH RESPECT TO ARTICLE 9 OF THE UCC MAY GIVE EFFECT TO APPLICABLE CHOICE OR CONFLICT OF LAW RULES SET FORTH IN ARTICLE 9 OF THE UCC) OF THE STATE OF NEW YORK TO THE EXTENT NOT PREEMPTED BY FEDERAL BANKRUPTCY LAWS; PROVIDED THAT THE AGENT AND THE LENDERS SHALL RETAIN ALL RIGHTS ARISING UNDER FEDERAL LAW.

       7.      <u>Headings</u>.  Section headings in this amendment are included herein for convenience of reference only and shall not constitute a part of this Amendment for any other purposes.

       8.      <u>Severability</u>.  If any provision of this Amendment shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Amendment.

       9.      <u>Acceptance of Signatures</u>.  The parties agree that this Amendment will be considered signed when the signature of a party is delivered by facsimile or electronic mail transmission.  Such facsimile or electronic mail signature shall be treated in all respects as having the same effect as an original signature.

      10.     <u>Counterparts</u>.  This Amendment may be executed in any number of counterparts, each of which when so executed shall be deemed an original, but all such counterparts shall constitute one and the same instrument.

(Signature Pages Follow)

IN WITNESS WHEREOF, this Amendment has been duly executed as of the date first written above.

BANK OF AMERICA, N.A.,
as Agent and Lender

By: _____
Name: _____
Title: _____

**BORROWERS:**

W. R. Grace & Co.
A-1 Bit & Tool Co., Inc.
Alewife Boston Ltd.
Alewife Land Corporation
Amicon, Inc.
CB Biomedical, Inc.
CCHP, Inc.
Coalgrace, Inc.
Coalgrace II, Inc.
Creative Food 'N Fun Company
Darex Puerto Rico, Inc.
Del Taco Restaurants, Inc.
Ecarg, Inc.
Five Alewife Boston Ltd.
G C Limited Partners I, Inc.
G C Management, Inc.
GEC Management Corporation
GN Holdings, Inc.
GPC Thomasville Corp.
Gloucester New Communities Company, Inc.
Grace A-B Inc.
Grace A-B II Inc.
Grace Chemical Company of Cuba
Grace Culinary Systems, Inc.
Grace Drilling Company
Grace Energy Corporation
Grace Environmental, Inc.
Grace Europe, Inc.
Grace H-G Inc.
Grace H-G II Inc.

[Signature Page to Amendment No. 6 to
Post-Petition Loan and Security Agreement]

CH\1002859.4

        Grace Hotel Services Corporation
        Grace International Holdings, Inc.
        Grace Offshore Company
        Grace PAR Corporation
        Grace Petroleum Libya Incorporated
        Grace Tarpon Investors, Inc.
        Grace Ventures Corp.
        Grace Washington, Inc.
        W. R. Grace Capital Corporation
        W. R. Grace & Co.-Conn.
        W. R. Grace Land Corporation
        Gracoal, Inc.
        Gracoal II, Inc.
        Guanica-Caribe Land Development Corporation
        Hanover Square Corporation
        Homco International, Inc.
        Kootenai Development Company
        L B Realty, Inc.
        Litigation Management, Inc.
        Monolith Enterprises, Incorporated
        Monroe Street, Inc.
        MRA Holdings Corp.
        MRA Intermedco, Inc.
        MRA Staffing Systems, Inc.
        Remedium Group, Inc.
        Southern Oil, Resin & Fiberglass, Inc.
        Water Street Corporation, each as a Debtor and a
        Debtor-in-Possession


        By:_____
        Its Duly Authorized Signatory


[Signature Page to Amendment No. 6 to
Post-Petition Loan and Security Agreement]

        CC Partners, as a Debtor and Debtor-in-Possession

        By:  MRA Staffing Systems, Inc., a General Partner

            By:_____

            Its:_____

        By:  CCHP, Inc., a General Partner

            By:_____

            Its:_____

Axial Basin Ranch Company, as a Debtor and Debtor-in-Possession

        By:  Grace A-B II, Inc., a General Partner

            By:_____

            Its:_____

        By:  Grace A-B, Inc., a General Partner

            By:_____

            Its:_____

Hayden-Gulch West Coal Company, as a Debtor and Debtor-in-Possession

        By:  Grace H-G, Inc., a General Partner

            By:_____

            Its:_____

[Signature Page to Amendment No. 6 to
Post-Petition Loan and Security Agreement]

CH\1002859.4

  By: Grace H-G II, Inc., a General Partner

    By:_____

    Its:_____

H-G Coal Company, as a Debtor and Debtor-in-Possession

  By: Coalgrace, Inc., a General Partner

    By:_____

    Its:_____

  By: Coalgrace II, Inc., a General Partner

    By:_____

    Its:_____

Dewey and Almy, LLC, as a Debtor and Debtor-in-Possession

  By: W. R. Grace & Co.-Conn., its sole member

    By:_____

    Its:_____

GMAC COMMERCIAL FINANCE LLC
(successor by merger to GMAC Commercial
Credit LLC)

By: _____
Title: Senior Vice President
Address: 1290 Avenue of the Americas
         3rd Floor
         New York, New York  10104
         Attention:  Harvey Winter
         Facsimile: (212) 884-7088

[Signature Page to Amendment No. 6 to
Post-Petition Loan and Security Agreement]

CH\1002859.4

                        GE COMMERCIAL FINANCE LLC

                        By: _____
                        Name: Brian P. Schwinn
                        Title: Duly Authorized Signatory
                        Address: 201 Merritt 7
                                  Norwalk, CT 06856

[Signature Page to Amendment No. 6 to
Post-Petition Loan and Security Agreement]

CH\1002859.4

                                                      THE CIT GROUP/BUSINESS CREDIT

                                                      By: _____
                                                      Title: _____
                                                      Address:  1211 Avenue of the Americas
                                                                      New York, New York 10036
                                                                      Attention: Monique Fuller
                                                                      Facsimile: (212) 536-1293

[Signature Page to Amendment No. 6 to
Post-Petition Loan and Security Agreement]

CH\1002859.4

PNC BANK, NATIONAL ASSOCIATION

By: _____
Title: Assistant Vice President
Address: Two Tower Center Blvd.
        8th Floor
        East Brunswick, New Jersey 08816
        Attention: Josephine Griffin
        Facsimile: (732) 220-4393

[Signature Page to Amendment No. 6 to
Post-Petition Loan and Security Agreement]

CH\1002859.4

                    AMSOUTH BANK

By: _____
Title: Attorney in Fact
Address: 350 Park Avenue
         New York, New York 10022
         Attention: Frank Marsicano
                      AmSouth Capital Corp.
         Facsimile: (212) 935-7458

[Signature Page to Amendment No. 6 to
Post-Petition Loan and Security Agreement]

CH\1002859.4

## **ANNEX I**

## **FEE LETTER**

Annex I

CH\1002859.4

## ANNEX II

## AMENDMENT ORDER