IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF STROOCK & STROOCK & LAVAN, LLP
FOR THE TWENTY-SIXTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Twenty-Sixth Interim Fee Application of Stroock & Stroock & Lavan, LLP (the "Application").

**BACKGROUND**

1. Stroock & Stroock & Lavan, LLP ("Stroock"), was retained as counsel to the Official Committee of Unsecured Creditors. In the Application, Stroock seeks approval of fees totaling $510,043.50 and expenses totaling $10,433.15 for its services from July 1, 2007 through September 30, 2007 (the "Application Period"), as well as payment of fees and costs of $418,269.08 for Navigant Consulting ("Navigant"), an asbestos issues expert[1].

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330,

---

[1] Pursuant to the Court's Order Authorizing the Retention of Experts (Docket No. 564) dated June 22, 2001, Navigant's fees and costs are not subject to our review, thus we do not render any opinion on them.

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Stroock 26Q 7-9.07.wpd

Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Stroock, and received a response from Stroock, portions of which response are quoted herein.

**DISCUSSION**

3. In our initial report, we noted that on July 23, 2007, three Stroock professionals attended the omnibus hearing, with one of these professionals attending telephonically. The total time spent was 18.30 hours for total fees of $11,741.80. The time entries did not explain why it was necessary for each professional to participate or what each professional's role at the hearing was.

| Date | Name | Hours | Fees | Description |
|---|---|---|---|---|
| 7/23/07 | Krieger | 4.8 | $2,904.00 | ……; attend (telephonically) omnibus hearing re exclusivity, NJDEP motion to file a late claim; approval for Washcoat Sale, PI matters and PD scheduling and other matters (4.8). |
| 7/23/07 | Kruger | 4.3 | $1,780.20 | Travel time to and from Wilmington for court hearing. |
| 7/23/07 | Kruger | 5.2 | $4,305.60 | ……; in court at hearing on agenda, including exclusivity, Washcoat, NJDEP etc. (5.2); …… |
| 7/23/07 | Pasquale | 4.0 | $2,752.00 | Monitored omnibus Court hearing (telephone) re exclusivity, PI issues, others. |
| | | 18.3 | $11,741.80 | |

Paragraph II.D.5 of the Guidelines provides: "If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."

Moreover, Local Rule 2016-2(d)(ix) states: "The activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role." Thus, we asked Stroock to explain each participant's role at the hearing, as well as the necessity for multiple attendees. Stroock provided a response which we have included as Response Exhibit "A." We accept Stroock's response and have no objection to these fees.

4. In our initial report, we noted that Stroock billed 10.7 hours and $2,823.50 in fees on the following tasks which appeared to be of a clerical nature:

| Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|
| 7/6/07 | Krieger | 0.6 | $605.00 | $363.00 | Attend to files. |
| 7/20/07 | Krieger | 0.7 | $605.00 | $423.50 | ……; attend to files (.7). |
| 8/7/07 | Mohamed | 0.6 | $165.00 | $99.00 | ……; prepare folders pertaining to client documents as per filesurf (.6). |
| 9/26/07 | Palacios | 4.5 | $225.00 | $1,012.50 | Update expert reports and deposition transcripts files. |
| 9/27/07 | Palacios | 3.6 | $225.00 | $810.00 | Update expert reports and deposition transcripts files. |
| 9/28/07 | Mohamed | 0.7 | $165.00 | $115.50 | ……; prepare sub-folders pertaining to correspondence, pleadings and research (.7). |
| | | 10.7 | | $2,823.50 | |

On the issue of adjusting rates downward, we find persuasive the opinion expressed by the Honorable Judith K. Fitzgerald in *In re USG Corporation*, Case No. 01-2094 (JKF), Transcript of Proceedings, August 29, 2005, pp. 49-52, wherein the Court opined that $160.00 per hour for file maintenance, even if performed electronically, was too high, and that $60.00 to $100.00 per hour for this service was more appropriate.[2] Accordingly, we have been consistent in recommending that clerical tasks should be billed at no more than $80.00 per hour. Thus, we asked Stroock to explain why time for these tasks should be billed at the professionals' normal hourly rates. Stroock

---

[2] Nevertheless, the Court agreed to allow the applicant to present evidence in support of its $160.00 hourly rate at a later date. *See* Transcript, *supra,* at p. 52.

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR Stroock 26Q 7-9.07.wpd

responded as follows:

> The Report identifies six entries reflecting 10.7 hours of services representing $2,823.50 in fees on tasks that appear to the Fee Auditor to be of a clerical nature thereby warranting compensation at a reduced hourly rate of $80.00. The Fee Auditor cites to two entries, "attend to files," in July 2007 by Ms. Krieger for an aggregate of 1.3 hours of time representing the sum of $786.50. On these two occasions, Ms. Krieger did not perform filing or other clerical services; rather she reviewed multiple PI Estimation-related and PD Claim-related pleadings that were in files in her office. Ms. Krieger will be careful in the future to more appropriately describe such services. Stroock therefore submits that the compensation sought in respect of these services should be allowed in its entirety.
>
> The Fee Auditor inquires about two entries for an aggregate of 1.3 hours of time, representing $214.50 during the period covered by the Application for services rendered by David Mohamed, a paraprofessional in Stroock's financial restructuring group. While Stroock maintains that the services performed by Mr. Mohamed were properly billed for at $165.00, and the firm should be compensated fully for his services at that rate, Stroock agrees to reduce the compensation sought in the Application from $165.00 to $80.00 for these 1.3 hours of services, resulting in a reduction of $110.50 from the total compensation sought.
>
> Lastly, the Fee Auditor inquires about two entries for an aggregate of 8.1 hours of services rendered by Mr. Palacios, a paralegal in the Litigation Group, representing $1,822.50 during the period covered by the Application. While Stroock maintains that the services performed by Mr. Palacios were properly billed for at $225.00, and the firm should be compensated fully for his services at that rate, Stroock will agree to reduce the compensation it seeks in the Application from $225.00 to $80.00 for these 8.1 hours of service, resulting in a reduction of $1,174.50 from the total compensation sought.

We appreciate Stroock's response and recommend a reduction of $1,285.00 in fees.

## CONCLUSION

In summary, we recommend approval of $508,758.50 in fees ($510,043.50 minus $1,285.00)

and $10,433.15 in expenses for Stroock's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 21st day of February, 2008.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

Arlene Krieger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801

**RESPONSE EXHIBIT "A"**

As a general response, Stroock states it has previously informed the Fee Auditor that the issues in these cases from time to time require the participation at meetings and hearings of professionals with expertise from different disciplines within Stroock and, depending upon the needs of the particular matter at issue, professionals at different levels of responsibility within the same legal discipline. As the Application generally reflects, Mr. Kruger, a senior partner in the financial restructuring group, while certainly knowledgeable about the day to day motions filed in these cases, focuses on global and all long-term plan and chapter 11 strategy and emergence issues, including issues in respect of plan exclusivity, as well as other chapter 11 issues of importance to the Creditors' Committee. Mr. Pasquale, a partner in the litigation department, focuses upon all of the litigation and asbestos claim-related issues in these cases, including all aspects of the asbestos personal injury claims' estimation, the asbestos property damage objection proceedings and the ZAI Claimants' litigation in these cases, and is necessarily involved in plan and emergence issues given the material impact that asbestos–related issues have on these matters. Ms. Krieger has the day to day overall responsibility for these cases including review of all motions and pleadings filed in these cases before Judge Fitzgerald, prepares many of the memoranda for the Creditors' Committee and provides bankruptcy-related services including those with respect to plan structure, confirmation and emergence issues inherent in these cases. In addition, Ms. Krieger has been working with Mr. Pasquale and Navigant Consulting, Inc. ("Navigant"), the Creditors' Committee's asbestos issues consultant, with respect to Navigant's review and preparation of materials in connection with expert reports being prepared for the PI Estimation. It is Stroock's position that each of these professionals play necessary but distinct roles in the proceedings that are not duplicative and for whose services Stroock should be compensated in full. Indeed, these three attorneys, with few exceptions, constitute the Stroock "team" responsible for this matter, thereby ensuring efficiency and consistency in the representation of the Creditors' Committee. As a general matter, whether multiple attorneys from Stroock attend a certain meeting, hearing or call is dependent upon the nature and importance of the matters that are the subject of such event.

The matters scheduled to be heard by the Court at the July 23, 2007 hearing (the "July Hearing") addressed one of the central issues in these cases at that time; whether the Debtors' motion for a further extension of their exclusive plan and solicitation periods should be granted. This was a position strongly opposed by the asbestos committees and the representative for future asbestos claims (collectively, the "asbestos parties"), and also opposed this time by the US Trustee. Without a doubt whether the Debtors maintained the exclusive right to propose a reorganization plan and solicit acceptances to such plan was at that time of substantial interest to the Committee, which is a co-proponent with the Debtors and the Equity Committee, of the Amended Plan of Reorganization dated as of January 13, 2004 filed with the Court. In addition, at the time of the July Hearing, the asbestos parties had appealed the Court's previous order extending the Debtors' exclusive periods to the Third Circuit. As a co-proponent of the Amended Plan, the Committee had joined the Debtors in opposing the asbestos parties' appeal. The Court was also scheduled to hear at the July Hearing argument on the multiple motions filed by counsel for asbestos plaintiffs objecting to the Debtors' discovery of counsel in connection with the PI Estimation and seeking protective orders,

and status conferences on PI Estimation matters, the ZAI Claims litigation and on various PD Claims Objection issues, all of which are matters are integral to the ultimate determination of the value that will be available for the non-asbestos unsecured creditors represented by the Committee. Further, the Court was scheduled to hear argument on the motion filed by the State of New Jersey seeking to file a multi-million dollar late claim, which the Committee joined the Debtors in objecting to and to approve the sale of the Debtors' Washcoat business, both of which matters were primarily the responsibility of Ms. Krieger.

Given the breadth and importance to the Creditors' Committee of the issues expected to be heard by the Court at the July Hearing, it is Stroock's view that it was appropriate for Mr. Kruger to attend the Hearing in person, and for Mr. Pasquale and Ms. Krieger to attend the Hearing telephonically. It is Stroock's further view that it was more effective for its representation of the Creditors' Committee, as well as efficient for these estates, for Ms. Krieger to listen to the Hearing, rather than debrief Messrs. Kruger or Pasquale and then read the transcript weeks later when it is ultimately entered on the Court's docket. Further, telephonic attendance at the Hearing enables Ms. Krieger to promptly communicate about the hearing to the Creditors' Committee and to respond to the calls received from unsecured creditors regarding the Hearing.

Stroock therefore submits that the compensation sought in respect of the services rendered in connection with the July Hearing should be allowed in its entirety.