# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## SUPPLEMENT TO VERIFIED STATEMENT OF REED SMITH LLP MADE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF COUNSEL

Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), the undersigned submits on behalf of Reed Smith LLP ("Reed Smith") the following supplement (the "Supplemental Verified Statement") to the verified statements that Reed Smith has previously filed with the Court in these cases, and states as follows:

1. On or about July 2, 2001, W.R. Grace & Co. (together with its affiliated debtors and debtors in possession, the "Debtors") filed the Application for Order Authorizing Retention and Employment of Special Asbestos Products Liability Defense Counsel [Doc. No. 614] (the "Application"). In connection with the Application, Reed Smith submitted a verified statement in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Verified Statement"). The Court granted the Application by order dated July 19, 2001.

2. This Supplemental Verified Statement supplements the Verified Statement

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

previously filed in these cases.

3. On February 1, 2008, fifty-five attorneys from the New York, Philadelphia, and Chicago offices of the law firm of Anderson Kill & Olick, P.C. ("AK&O") joined Reed Smith.

4. In connection with the addition of these lawyers, Reed Smith requested that the former AK&O attorneys disclose their previous client relationships in order for Reed Smith to run a search against its client database to identify any potential conflicts of interest.

5. Reed Smith learned that six of the former AK&O attorneys previously participated in the representation of (i) the Asbestos Claims Committee in these chapter 11 cases as special insurance counsel, and/or (ii) Calyon f/k/a Crédit Lyonnais, a creditor of the Debtors. The attorneys worked for the New York office of AK&O, and joined the New York office of Reed Smith.

6. Accordingly, Reed Smith has established an ethical wall to prevent the sharing of any information between all former AK&O attorneys and the attorneys representing the Debtors in these cases (the "Debtors' Attorneys"). On January 31, 2008, all Reed Smith attorneys, paralegals, and assistants, including the former AK&O attorneys and the Debtors' Attorneys, were advised of the ethical wall. Specifically, all attorneys, paralegals, and assistants have been advised that any communication about these cases between the former AK&O attorneys and the Debtors' Attorneys is prohibited.

7. Additionally, the files and other work product created by the Debtors' Attorneys in these cases have been made inaccessible to all of the former AK&O attorneys, regardless of whether they were previously involved in these chapter 11 cases.

8.  Reed Smith will continue to supplement its Verified Statement (as amended and supplemented) should additional information arise that requires further disclosure.

| | |
|---|---|
| Dated: February 22, 2008<br>Pittsburgh, Pennsylvania | REED SMITH LLP<br><br>By: /s/ *James J. Restivo, Jr.*<br>James J. Restivo, Jr., Esquire<br>435 Sixth Avenue<br>Pittsburgh, PA  15219<br>Telephone:  412.288.3131<br>Facsimile:  412.288.3063<br><br>Special Asbestos Products Liability Defense Counsel |