## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF BEVERIDGE & DIAMOND, P.C.
### FOR THE TWENTY-SIXTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Beveridge & Diamond, P.C. for the Twenty-Sixth Interim Period</u> (the "Application").

### BACKGROUND

1.     Beveridge & Diamond, P.C. ("Beveridge"), was retained as special  counsel to the Debtors. In the Application, Beveridge seeks approval of fees totaling $80,522.50 and costs totaling $1,128.12 for its services from July 1, 2007 through September 30, 2007 (the "Application Period").

2.     In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent

established in the United States Bankruptcy Court for the District of Delaware, the United States

District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served an

initial report on Beveridge, and received a response from Beveridge, portions of which response are

quoted herein.

## DISCUSSION

Specific Time and Expense Entries

3.      In our initial report, we noted that Timekeeper Marks ($350) and Timekeeper

Bourdeau ($550) billed the following time entries which appeared to include non-working travel:

| 07/12/07 | P. Marks | 9.00 | Prepare for and conduct conference with L. Duff, K. Bourdeau and M. Obradovic; followup conference with DOJ and Corps team; **travel to and from DC.** |
| --- | --- | --- | --- |
| 07/13/07 | P. Marks | 8.00 | Conference with DOJ and Grace team re settlement; post-meeting evaluation; **associated travel to DC**. |
| 08/03/07 | P. Marks | 5.75 | Prepare draft settlement; **travel to Curtis Bay** and attend conference with S. Dwyer, B. Errerra and L. Duff re remedy implementation and ARARs issues; communication with K. Bourdeau re settlement issues. |
| 08/07/07 | K. Bourdeau | 7.00 | Conference with P. Marks for settlement negotiations with the U.S. and participate in conference call with the U.S. re same: participate in preparation call with L. Duff and M. Obradovic re same; participate in conference call with the U.S. re same; obtain and forward model language re property damage and personal injury claims against the U.S.; **travel time associated with meetings in Baltimore.** |
| 08/28/07 | P. Marks | 8.50 | Conduct negotiations with DOJ and Corps re settlement; followup meeting with Grace team; **associated travel.** |

Pursuant to Local Rule 2016-2(d)(viii): "Travel time during which no work is performed shall be

separately described and may be billed at no more than 50% of regular hourly rates."  Thus, we asked

Beveridge to delineate the amount of time devoted to non-working travel and advise whether the required 50% discount was applied to this time.  Beveridge initially responded as follows:

> With regard to the travel entries, it is our belief that all of the travel noted in paragraph 4 of your report was working travel.  Either pre-meeting or post-meeting evaluations were conducted during the travel time.  Going forward, we will delineate working travel and non-working travel as requested.

In a  follow-up inquiry, we advised Beveridge that it appeared to us that at least a portion of the travel time would had to have been spent checking in, standing in line, boarding, etc.  Whereupon, Beveridge proposed that one-half hour of each of the foregoing time entries be designated as non-working travel, with the appropriate 50% reduction to be applied.  We advised Beveridge that it appeared to us to be more realistic to designate one hour of each of the foregoing time entries as non-working travel.[1]  Beveridge responded that this was acceptable.  Beveridge also advised that this travel time was incurred between Baltimore and Washington, DC, and Baltimore and Curtis Bay, Maryland, and thus this compromise appears reasonable to us.  We therefore recommend that four hours of Timekeeper Mark's time be discounted by 50%, for a reduction of $700.00, and that one hour of Timekeeper Bourdeau's time be discounted by 50%, for a reduction of $275.00.  Thus, for this issue we recommend a reduction of $975.00 in fees.

4.      In our initial report, we noted the following meal expense for which more information was needed:

Client Meeting Meals          292.29

---

[1]Of course, if the time entries in question had not been lumped, the amount of time spent on working and non-working travel would have been apparent, and this estimation would not have been required.  We have requested that Beveridge adhere to Local Rule 2016-2(d)(vii) requiring separate time descriptions and allotments for each activity, as failure to do so in future applications may result in recommended reductions.

In response to our inquiry, Beveridge provided the following information: "With regard to the meal expense..., this expense was incurred during working lunches regarding negotiations of a settlement agreement."  Beveridge subsequently advised that, included within the charge, were at least two lunches with at least six people dining at both meals.  It appears to us that one can dine satisfactorily for $25 for lunch.  Based upon this guideline, we accept Beveridge's response and have no objection to this expense.

**CONCLUSION**

In summary, we recommend approval of $79,547.50 in fees ($80,522.50 minus $975.00) and $1,128.12 in expenses for Beveridge's services during the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
        Warren H. Smith
        Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 27th day of February, 2008.

_____
Warren H. Smith

**SERVICE LIST**
<u>Notice Parties</u>

<u>**The Applicant**</u>
Pamela D. Marks
BEVERIDGE & DIAMOND, P.C.
201 N. Charles Street, Suite 2210
Baltimore, MD 21201

<u>**The Debtors**</u>
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

<u>**Counsel for the Debtors**</u>
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

<u>**Counsel for the Official Committee of Unsecured Creditors**</u>
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

<u>**Counsel to the Official Committee of Property Damage Claimants**</u>
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

<u>**Counsel to the Official Committee of Personal Injury Claimants**</u>
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

<u>**Official Committee of Equity Holders**</u>
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

<u>**United States Trustee**</u>
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801