IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: § | | Chapter 11 |
| § | | |
| W.R. GRACE & CO., et al., § | | Jointly Administered |
| § | | Case No. 01-01139 (JKF) |
| Debtors. § | | |
| § | | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF BILZIN SUMBERG BAENA PRICE & AXELROD LLP
FOR THE TWENTY-SIXTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Bilzin Sumberg Baena Price & Axelrod LLP for the Twenty-Sixth Interim Period (the "Application").

BACKGROUND

1.  Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin") was retained as counsel to the Official Committee of Asbestos Property Damage Claimants. In the Application, Bilzin seeks approval of fees totaling $231,644.00 and expenses totaling $73,650.97 for its services from July 1, 2007 through September 30, 2007 (the "Application Period").

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Bilzin, and received a response from Bilzin, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we noted the following two instances in which four or more Bilzin professionals attended a telephonic committee meeting.

a. On August 23, 2007, Timekeepers SLB ($650), JMS ($425), JCM ($325), JIS ($250), and MIK ($350) were present on a committee meeting conference call. The total time spent was 3.20 hours for total fees of $1,410.00. The time entries are as follows:

| Date | TK | Hours | Fee | Description |
|---|---|---|---|---|
| 08/23/07 | SLB | 1.00 | 650.00 | Prepare for and conduct committee meeting (1.0). |
| 08/23/07 | JMS | 0.60 | 255.00 | ...; Committee call (.6). |
| 08/23/07 | JCM | 0.60 | 195.00 | Attend Committee conference call. |
| 08/23/07 | JIS | 0.40 | 100.00 | Partial attendance on committee call. |
| 08/23/07 | MIK | 0.60 | 210.00 | Committee call. |
| | | 3.20 | $1,410.00 | |

b. On September 20, 2007, Timekeepers SLB ($650), JMS ($425), JIS ($250), and MIK ($350) were present on a committee meeting conference call. The total time spent was 3.00 hours for total fees of $1,340.00. The time entries are as follows:

| Date | TK | Hours | Fee | Description |
|---|---|---|---|---|
| 09/20/07 | SLB | 1.00 | 650.00 | Prepare for and conduct committee meeting (1.0); ... |
| 09/20/07 | JMS | 0.80 | 340.00 | Prepare for and attend committee call. |
| 09/20/07 | JIS | 0.70 | 175.00 | Prepare for, attend, and follow up to weekly committee call. |
| 09/20/07 | MIK | 0.50 | 175.00 | Committee call. |
| | | 3.00 | $1,340.00 | |

Paragraph II.D.5. of the U.S. Trustee Guidelines provides: "If more than one professional from the

applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." Thus, we asked Bilzin to explain why it was necessary for each of its professionals to be present on these calls. Bilzin provided a response which we have included as Response Exhibit "A." We appreciate Bilzin's willingness to write off Timekeeper Moon's time for the August 23, 2007 committee meeting, as well as a portion of Timekeeper Snyder's time for the September 20, 2007 committee meeting. However, we note from Bilzin's response that Timekeeper Snyder, an associate, was present at both meeting to take minutes. While we understand Bilzin's desire to have accurate minutes of these meetings, it appears to us that this is the type of task usually performed by a paralegal or legal assistant. There is authority in this district for adjusting rates downward for routine tasks. "Routine tasks, if performed by senior partners in large firms, should not be billed at their usual rates. A Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn." *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3rd Cir. 1983). We note that Bilzin's paralegal rate for this particular matter is $190.00 per hour. Therefore, it appears to us that Timekeeper Snyder's remaining time at these meetings, while short, should still be reduced to $190.00 per hour, for an additional reduction of $42.00. Thus, for these two meetings, we recommend a total reduction of $337.00 in fees.

4.   In our initial report, we noted the following expense which appeared to be for computer hardware or software:

06/20/07     326.97     Miscellaneous Costs Software "My Book Essential
                                    Edition" - Vendor: Insight;...

Computer hardware and software appear to be in the nature of overhead. Thus, we asked Bilzin to explain why the estate should reimburse this expense. Bilzin responded as follows:

> This charge relates to the cost of two hard drives that Bilzin received that were pre-loaded with discovery responses in the PI Estimation. This was a cost billed directly to each of the parties who received the discovery responses.

We accept Bilzin's response and have no objection to this expense.

5. In our initial report, we noted the following air fare charges for which more information was needed:

| | |
|---|---|
| 1,509.20 | Airfare Travel to Pittsburgh - Vendor: Jay M. Sakalo;...; Date 6/25/2007 |
| 1,509.20 | Airfare Travel to Pittsburgh - Vendor: Scott L. Baena;...; Date: 6/25/2007 |
| 1,079.00 | Fares, Mileage, Parking Travel to Philadelphia - Vendor: Scott L. Baena;...; Date: 7/23/2007 |
| 1,249.80 | Airfare Travel to Philadelphia - Vendor: Jay M. Sakalo;...; Date 7/23/2007 |
| 1,662.70 | Airfare Travel to Pittsburgh - Vendor: Jay M. Sakalo; ...; Date: 9/10/2007 |
| 1,627.70 | Airfare Travel to Pittsburgh - ; ...; Date: 8/28/2007 |

In response to our inquiry, Bilzin provided the following information concerning these charges:

> Bilzin has reviewed its records and concluded that each charge was for a round-trip refundable coach ticket.

We accept Bilzin's response and have no objection to these expenses.

6. In our initial report, we noted the following meal charge for which more information was needed:

| | |
|---|---|
| 160.00 | Meals Travel to Philadelphia - Vendor: Jay M. Sakalo; ...; Date 7/23/2007 |

In response to our inquiry, Bilzin provided the following information:

The expense was for dinner for 2 people. Bilzin will agree to a reduction in the amount of $60.

It appears to us that one can dine satisfactorily for $50 for dinner. Thus, we appreciate Bilzin's response and recommend a reduction of $60.00 in expenses.

## CONCLUSION

In summary, we recommend approval of $231,307.00 in fees ($231,644.00 minus $337.00) and $73,590.97 in expenses ($73,650.97 minus $60.00) for Bilzin's services during the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
Warren H. Smith
Texas State Bar No. 18757050

325 N. St. Paul Street
Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 27th day of February, 2008.

                                                           Warren H. Smith

## SERVICE LIST

**The Applicant**
Matthew I. Kramer
Scott L. Baena
Jay M. Sakalo
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2385

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Michael B. Joseph,Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

**RESPONSE EXHIBIT "A"**

**Paragraph 3**

The Fee Auditor requests an explanation regarding the attendance of certain Bilzin professionals at two telephonic PD Committee meetings. As a general matter, Bilzin is exceedingly mindful of limiting the number of professionals involved in the representation of the PD Committee on a daily basis and has steadfastly utilized the services of a small universe of professionals. In these limited instances, Bilzin submits it was appropriate and necessary to have each of the professionals participate in the meetings in question. Nevertheless, as set forth below, Bilzin agrees to write off certain fees charged. Nothing herein should be construed as waiving the attorney-client privilege with respect to the matters discussed herein.

### A.   PD Committee Calls Generally

The Fee Auditor requests additional information regarding PD Committee calls conducted by Bilzin professionals on August 23, 2007 (paragraph 3.a.) and September 20, 2007 (paragraph 3.b.). As the Fee Auditor is aware, Messrs. Baena (SLB) and Sakalo (JMS) have had principal responsibility for representing the PD Committee since these cases were filed in April 2001. Accordingly, they have actively participated in virtually every PD Committee meeting/call since the inception of these cases. Mr. Kramer (MIK) has had primary responsibility for monitoring and reporting on asbestos personal injury matters and updates the PD Committee with respect to personal injury matters routinely. In addition, Mr. Kramer has also been assigned specific tasks relating to property damage issues discussed on PD Committee calls, necessitating his participation in PD Committee meetings.

#### 1.   PD Committee Call of August 23, 2007

The August 23, 2007, PD Committee call was extremely important as it involved discussions as to the scope and manner in which the PD Committee would participate in the discovery phase of the personal injury estimation trial. Each of Messrs. Baena, Sakalo and Kramer were heavily involved with strategizing as to the PD Committee's role in the process. Further, Messrs. Sakalo and Kramer, without duplication, researched and analyzed various pleadings that required consideration by the PD Committee. In addition, Messrs. Baena and Sakalo led a discussion of the August 29, 2007 omnibus hearing that was scheduled to be held six days after the Committee meeting. Therefore, the attendance of Messrs. Baena, Sakalo and Kramer at the April 5, 2007, PD Committee call was appropriate and necessary. Due to the importance of the call, it was necessary to have precise minutes of the Committee meeting. Thus, Bilzin deemed it appropriate to have Jeffrey Snyder (JIS) take the minutes of the Committee call. James Moon's (JCM) time entry for this call was inadvertently included in the Application. Bilzin agrees to write off the time of Mr. Moon who billed .6 hours ($195.00) for attendance at the PD Committee call.

##        2.        PD Committee Call of September 20, 2007

The September 20, 2007, PD Committee call likewise required the attendance of Messrs. Baena, Sakalo, Kramer and Snyder. This call focused on two principal matters: (a) a report regarding the PI estimation depositions that had been completed and the depositions scheduled to occur in the near future, and (b) recent PD claim objection matters. Due to the sheer number of depositions scheduled in the PI estimation, Bilzin assigned the task of covering those depositions to Messrs. Kramer and Snyder. During the Committee call, Messrs. Kramer and Snyder reported to the Committee with respect to the concluded and scheduled depositions. In addition, Messrs. Baena and Sakalo, without duplication, discussed with the PD Committee the matters to be heard during the omnibus hearing scheduled for September 24, 2007. Those matters included the motion to appoint an examiner in respect of the alleged overbilling by L. Tersigni and Co. and the PD status conference. Therefore, their collective attendance at the April 12, 2007, PD Committee call was appropriate and necessary. Nevertheless, Bilzin agrees to write off the time of Mr. Snyder unrelated to the PI estimation matters, in the amount of .4 hours ($100).