## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF KRAMER, LEVIN, NAFTALIS & FRANKEL LLP
### FOR THE TWENTY-SIXTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Twenty-Sixth Interim Fee Application of Kramer, Levin, Naftalis & Frankel LLP (the "Application").

### BACKGROUND

1.      Kramer, Levin, Naftalis & Frankel LLP ("Kramer") was retained as co-counsel to the official committee of equity holders.  In the Application, Kramer seeks approval of fees totaling $208,619.50 and costs totaling $9,223.40  for its services from July 1, 2007 through September 30, 2007 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330,  Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served an initial report on Kramer, and received a response from Kramer, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.      In our initial report, we inquired as to Kramer's per page charges for internal photocopies and advised Kramer of the current 10¢ per page limit under Local Rule 2016-2(e)(iii). Kramer responded as follows:

> The Applicant charges $.15 per page for duplication.  The Applicant has been informed that Del. Bankr. L. R. 2016-2(e)(iii) was amended to reduce the maximum amount that Applicant is allowed to charge for copies to $.10.  Therefore, Applicant agrees to charge the estate $.10 per page and reduce the amount requested in the Application in connection with internal duplication by $277.00.[1]

> In the future,  consistent with the requirement of Del. Bankr. L. R. 2016-2(e)(iii), the Applicant will charge a maximum of $.10 per page and each monthly invoice and any future fee applications shall provide this information.

We appreciate Kramer's response and recommend a reduction of $277.00 in expenses.

### Specific Time and Expense Entries

4.      In our initial report, we noted that Kramer billed 4.0 hours and $2,520.00 in fees for the following non-working travel billed at the professional's full hourly rate:

 9/25/07   Horowitz     10.5      $6,615.00  ……; mw Lexecon, Heckman, finalizing report (6.5);
                                           travel return to NY (4.0).

---

[1]   The Applicant had previously requested payment of $831.00 at a rate of $.15 per page and now seeks payment of $544.00 at a rate of $.10 per page.

According to Rule 2016-2(d)(viii):  "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates."  Thus, we asked Kramer whether the required 50% discount had been applied to this travel time.  Kramer responded as follows:

> The Fee Auditor has stated that on September 25, 2007, the Applicant billed 4.0 hours ($2,520.00 in fees) for certain nonworking travel billed at the professional's full hourly rate.  This was an oversight by the Applicant who had previously created a special non-billable travel matter, where all nonworking travel is to be billed at half the hourly rate, pursuant to Del. Bankr. L. R. 2016-2(d)(viii).  Therefore, the Applicant agrees to reduce the amount requested in the Application by $1,260.00.

We appreciate Kramer's response and recommend a reduction of $1,260.00 in fees.

5.      In our initial report, we noted that Timekeeper Farber, billing at an hourly rate of $420.00, spent 2.9 hours and $1,218.00 in fees on organization of files and documents.  The time entries are as follows:

| 8/1/07 | Farber | 0.7 | $294.00 | scan and organize another new set of expert reports (.5) and meet with paralegal to supervise organization of new binders for litigation team (.2). |
| 8/6/07 | Farber | 2.2 | $924.00 | organize case files (.7); organize and index expert reports (1.5). |
| | | 2.9 | $1,218.00 | |

There is authority in this district for adjusting rates downward for routine tasks.  "Routine tasks, if performed by senior partners in large firms, should not be billed at their usual rates.  A Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn." *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3rd Cir. 1983).  "When an experienced attorney does clerk's work, he or she should be paid clerk's wages."  *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 855 n.34 (3rd Cir. 1994).  Thus, we asked Kramer to explain why this time should be compensated at the attorney's full hourly rate.  Kramer responded as follows:

The Fee Auditor has stated that the Applicant billed at an hourly rate of $420.00 for 2.9 hours (or $1,218.00) for work performed by P. Farber, an associate attorney of the Applicant, in connection with certain organization of files and documents. The Applicant has agreed to reduce the hourly rate of P. Farber to $240.00, or the hourly rate of the Applicant's paralegal assigned to this case at the time such work was performed, for such tasks. Therefore, the Applicant agrees to reduce the amount requested in the Application by $522.

We appreciate Kramer's response and recommend a reduction of $522.00 in fees.

6.      In our initial report, we noted that Kramer sought reimbursement of $1,295.00 for the following conference charge:

| Other Miscellaneous Charges | $1,295.00 | 6/5/07 - Mealey Publications - Asbestos Bankruptcy Conference |
|---|---|---|

We note with regard to seminars, this Court has previously stated: "There is one thing that I am not going to permit as compensable fees or expenses for any professional in this Estate. And that is attendance at professional seminars of any kind, whether to do with asbestos or not." *See In re W.R. Grace,* Transcript of August 26, 2002 hearing, p. 101. In light of the views expressed by the Court, we asked Kramer to explain why the estate should reimburse this conference expense. Kramer responded as follows:

The Applicant should not have billed the estate for this amount and, therefore, agrees to reduce the amount requested in the application by $1,295.00.

We appreciate Kramer's response and recommend a reduction of $1,295.00 in expenses.

## CONCLUSION

In summary, we recommend approval of $206,837.50 in fees ($208,619.50 minus $1,782.00) and $7,651.40 in expenses ($9,223.40 minus $1,572.00) for Kramer's services during the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**


By:_____
            Warren H. Smith
            Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 27th day of February, 2008.


_____
            Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**
Kramer Levin Naftalis & Frankel LLP
Philip Bentley, Esquire
Douglas Mannal, Esquire
1177 Avenue of the Americas
New York, NY 10036

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801