## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF DELOITTE TAX LLP
### FOR THE TWENTY-SIXTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Deloitte Tax LLP for the Twenty-Sixth Interim Period</u> (the "Application").

### BACKGROUND

1.      Deloitte Tax LLP ("Deloitte") was retained to provide tax services to the Debtors and Debtors-in-Possession.  In the Application, Deloitte seeks approval of fees totaling $88,158.00 and expenses totaling $3,676.00 for its services from April 1, 2007 through September 30, 2007 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, Issued

January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served an initial report on Deloitte, and received a response from Deloitte, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report, we noted a number of time entries for "administrative services," "billing," and "timekeeping."  These time entries are listed on Exhibit "A."  Time spent on preparation of the monthly and quarterly fee applications is compensable, while time spent recording time and expenses and processing payments is not.[1]  Thus, we asked Deloitte to explain the nature of the services performed in these time entries.  Deloitte responded:

> . . . Deloitte Tax appreciates the Fee Auditor's concern regarding compensable time incurred in preparing monthly and quarterly fee applications, versus non-compensable time incurred in recording time and expenses and processing payments.

---

[1] . . .  As a general rule, "professionals customarily factor into their hourly rate the noncompensable time for keeping contemporaneous time records."  *In re CF & I Fabricators of Utah, Inc.*, 131 B. R. 474, 483 (Bankr.D.Utah 1991).  Those professionals not used to practicing in Bankruptcy Court may complain about the onerous time-keeping requirements but

> [p]rofessionals hired by the estate accept employment knowing they will be required to account for their time in detail.  The debtors, after all, are in bankruptcy and the professionals are being paid by a fiduciary estate under court supervision....  Keeping time records is an integral aspect of bankruptcy representation and is not entitled to additional compensation. *Id.* at 484.

The portion of time billed for such tasks as "record keeping" is, consequently, not compensable.  This is to be distinguished from preparation of a fee application which is compensable.  *Id.,* at 487.  *See, generally, In re Kreidle*, 85 B.R. 573, 575 (Bankr.D.Colo. 1988).

> Deloitte Tax believes that the specific time entries that are the subject of this paragraph were incurred by Ms. Lecia Ross in connection with compensable activities pertaining to the preparation of monthly and quarterly applications of Deloitte Tax.  However, in order to address the Fee Auditor's concern, Deloitte Tax is willing to reduce the compensation sought for such activities from $1,211.00 to $600.00.

We appreciate Deloitte's response, accept the compromise solution, and thus recommend a reduction of $611.00 in fees.

4.      In our initial report, we noted the following air fare charge for which more information was needed:

Bryan Collins              Repatriation Planning          Travel Exp-Airline      $1,577

In response to our inquiry, Deloitte provided the following information:

> . . . (T)he air fare charge that is the subject of this paragraph was incurred by Bryan Collins in connection with a first class round trip flight between Washington, DC and West Palm Beach, Florida.  The reservation for this flight was apparently made on a Friday prior to travel on the following Tuesday, and was probably booked as first class due to this late reservation date.  Certain other Deloitte Tax personnel traveling to this same meeting in West Palm Beach, Florida from Washington DC incurred a round trip air fare charge of $472.00.  Accordingly, Deloitte Tax is willing to reduce the amount of expense reimbursement sought for Mr. Collins' air fare charge from $1,577.00 to $472.00.

We appreciate Deloitte's response and recommend a reduction of $1,105.00 in expenses.

## CONCLUSION

In summary, we recommend approval of $87,547.00 in fees ($88,158.00 minus $611.00) and $2,571.00 in expenses ($3,676.00 minus $1,105.00) for Deloitte's services during the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
          Warren H. Smith
          Texas State Bar No. 18757050

325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 27th day of February, 2008.

_____
          Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
Tim Tuerff, Partner
DELOITTE TAX LLP
555 West 12 Street
Suite 500
Washington, DC 20004-1207

Tony Scoles
Assistant General Counsel
DELOITTE LLP
1633 Broadway
New York, NY 10019-6754

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801