# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

### STIPULATION RESOLVING CLAIMS OF THE STATE OF TENNESSEE, DEPARTMENT OF ENVIRONMENT AND CONSERVATION, DIVISION OF SUPERFUND

This stipulation ("Stipulation") is entered into this 22nd day of February, 2008, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and the State of Tennessee, Department of Environment and Conservation, Division of Superfund ("Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 11581101.4

**WHEREAS**, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

**WHEREAS**, on May 3, 2001, Claimant filed two proofs of claim (each dated April 30, 2001), and on March 31, 2003, filed a third proof of claim (dated March 25, 2003) (collectively, the "Claims") against the Debtors with respect to properties located in the cities of Chattanooga, Michie and Memphis, Tennessee (the "Sites"), described as follows:

| Claim No. | Filed on | Asserted Amount | Asserted Priority | Asserted Basis for Claim |
|---|---|---|---|---|
| 19 | May 3, 2001 | $170.07 | Unsecured, non-priority | Regulatory Oversight |
| 22 | May 3, 2001 | $335.65 | Unsecured, non-priority | Regulatory Oversight |
| 12791 | March 31, 2003 | $12,667.05 | Unsecured, non-priority | Regulatory Oversight |

**WHEREAS**, the Debtors and Claimant have agreed to settle the Claims on the terms and conditions set forth herein, in particular, resolving claim no. 12791 for $11,580.92.

**NOW, THEREFORE**, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. Claim No. 19, Claim No. 22, and Claim No. 12791 shall each be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amounts of $170.07, $335.65, and $11,580.92, respectively. Claimant shall not be entitled to pre-petition or post-petition interest on the Claims with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan"). The Claims shall be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to the Plan (except with respect to the payment of interest as described above).

K&E 11581101.4

2. Upon approval of this Stipulation by the Bankruptcy Court, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that the Claims shall be allowed as outlined herein.

3. Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition claims against the Debtors with respect to any costs relating to the Sites other than enforcement of the obligations of the Debtors set forth in this Stipulation.

4. The parties shall take whatever additional action, if any, is necessary to make sure that the Claims are allowed as outlined herein.

5. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

6. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

| Tennessee Department of Environment and Conservation | W. R. Grace & Co. et al |
|---|---|
| By: _Laura McCloud_ | By: _William M. Corcoran_ |
| Name: Laura McCloud | William M. Corcoran |
| Title: Assistant Attorney General | Vice President |
| | Public and Regulatory Affairs |
| Date: 11-8-07 | Date: 2-22-2008 |

K&E 11581101.4