UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2008 FEB 28  AM 9: 57
US BANKRUPTCY CLERK
DISTRICT OF DELAWARE

IN RE:

W.R. Grace & Co., et al.

        Debtors.

Chapter 11

Case No. 01-01139 (JFK)
(Jointly Administered)

Court ID (Court use only)_____

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(1) or Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**CONTINENTAL CASUALTY COMPANY**
Name of Transferee

**MORGAN STANLEY SENIOR FUNDING, INC.**
Name of Transferor

KL2 2545788.1

-2-

| Name and Address where notices to transferee should be sent | Court Record Address of Transferor (Court Use Only) |
|---|---|
| Continental Casualty Company<br>333 South Wabash Avenue<br>23rd Floor<br>Chicago, IL  60604<br>Attn:   John Tsokolas<br>          Phone: 312-822-5270<br>          Fax:     312-822-4175<br>          email: john.tsokolas@cna.com<br><br>Continental Casualty Company<br>c/o Loews Corporation<br>667 Madison Avenue, 7th Floor - High Yield<br>New York, NY  10021-8087<br>Attn:   Jeff Eisenberger<br>          Phone: 212-521-2864<br>          Fax:     212-521-2858<br>          Email: jeisenberger@loews.com | |
| Name and Address where transferee payments should be sent (if different from above)<br><br>Same as above. | Name and Current Address of Transferor<br>Morgan Stanley Senior Funding, Inc.<br>1585 Broadway<br>New York, New York  10036<br>Attn: Donna Souza<br>Telephone: (212) 761-1054 |

Phone:  Same as above.

Court Claim # (if known): N/A
Total Claim Amount: $6,710,110.00
Total Claim Amount Transferred: $3,355,055.00
Date Claim Allowed: November 14, 2005

USActive 11876136.1
KL2 2545788.1

Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Order Authorizing Settlement with Bank of America, N.A. and Granting Certain Relief entered by the Bankruptcy Court on November 14, 2005, attaching the stipulation between Debtors and Bank of America, N.A. regarding allowance of certain claims dated November 11, 2005.

Attached hereto as <u>Exhibit B</u> is a true and correct copy of the Evidence of Transfer of Claim from Transferor to Transferee.

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

CONTINENTAL CASUALTY COMPANY

By: _____
Transferee/Transferee's Agent

Date: February 27, 2008

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

### ~~NOTICE OF ASSIGNMENT OR TRANSFER~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____      _____
                                                                                          **CLERK OF THE COURT**

# EXHIBIT A

Order Authorizing Settlement with Bank of America, N.A. and Granting Certain Relief

**[Please see attached]**

KL2 2545788.1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | Re: Docket No. 9620 |
| | | Agenda Item No. 3 |

## ORDER AUTHORIZING SETTLEMENT WITH BANK OF AMERICA, N.A., AND GRANTING CERTAIN RELATED RELIEF

This matter coming before the Court on the "*Motion of Debtors and Debtors in Possession for Entry of an Order Authorizing Settlement of Certain Claims Pursuant to Fed. R. Bankr. P. 9019 and Granting Related Relief*" (the "Motion") filed by the Debtors;[2] the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was adequate under the circumstances; and the Court

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Settlement, a copy of which is annexed hereto is APPROVED.

3. The Debtors shall be, and hereby are, authorized to enter into the Settlement, and are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement and perform any and all obligations contemplated therein.

4. This Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order subject to the provisions of the Settlement.

Dated: 11/14, 2005

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

DOCS_DE:112213.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                              )    Chapter 11
                                    )
W. R. GRACE & CO., et al.,          )    Case No. 01-01139 (JKF)
                                    )
        Debtors.                    )    Jointly Administered

### STIPULATION BETWEEN DEBTORS AND BANK OF AMERICA, N.A. REGARDING ALLOWANCE OF CERTAIN CLAIMS

This stipulation (the "Stipulation") is made this 10th day of October 2005, by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Bank of America, N.A ("BofA," and together with the Debtors, the "Parties"), by and through their respective undersigned counsel, and with reference to the following recitals:

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors, including W.R. Grace & Co. ("Grace") and W.R. Grace & Co. - Conn. ("Grace-Conn"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C 101-1330 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, prior to the Petition Date, BofA issued three standby letters of credit for the account of Grace-Conn (collectively, the "Letters of Credit") as collateral for certain insurance transactions and surety bonds issued in favor of the Debtors, as follows.

| Letter of Credit Number | Face Amount | Issuance Date | Expiry Date[1] |
|---|---|---|---|
| 7404289 | $10,439,830 | 10/17/00 | 10/17/05 |
| 7404163 | $ 6,000,000 | 09/15/00 | 09/15/05 |
| 7403968 | $ 2,190,000 | 07/30/00 | 07/31/06; and |

---

[1] Each Letter of Credit has a provision concerning the automatic extension of the Expiry Date and each shall extend automatically in accordance with such language unless a timely and appropriate notice is given by BofA. As of the date of the execution of this Stipulation by BofA, no such notice has been given and nothing herein shall be deemed to alter the requirements and conditions of such notices.

WHEREAS, except as specifically set forth below with regard to the Drawn Amounts (defined below), as of the date of this Stipulation, each Letter of Credit remains outstanding in its full amount, and

WHEREAS, on or about June 6, 2002, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), as beneficiary under Letter of Credit number 7404289 (the "First LOC"), drew down the First LOC in the amount of $9,729,720 (the "First Drawn Amount"); and

WHEREAS, on or about February 10, 2003, National Union, as beneficiary under Letter of Credit number 7403968 (the "Second LOC"), drew down the Second LOC in the amount of $250,000 (the "Second Drawn Amount," and together with the First Drawn Amount, the "Drawn Amounts"), and

WHEREAS, by order dated October 24, 2002 [Docket No. 2865], BofA was authorized to, and did, setoff $200,000 (the "Setoff Amount") held by BofA in a depository account against the amounts due to BofA as a result of National Union's draw upon the First LOC, and

WHEREAS, on or about March 27, 2003, National Union filed proofs of claim numbers 00009553 and 00009554 (collectively, the "National Union Surety Proofs of Claim") against Debtors Grace and Grace-Conn, respectively, each of which asserts a claim secured by, inter alia, the First LOC and the Second LOC, in the amount of $46,971,764 plus unliquidated amounts ("National Union's Surety Claims"), and

WHEREAS, on or about March 31, 2003, National Union on its own behalf and on behalf of certain other related insurance companies filed proofs of claim numbers 00013925 to 00013930 (collectively, the "National Union Insurer Proofs of Claim") against Debtor Grace

and five other of the Debtors in these jointly administered cases, which assert claims secured by, inter alia, the Second LOC, in the amount of $75,623 plus unliquidated amounts; and

WHEREAS, the National Union Surety Proofs of Claim and the National Union Insurer Proofs of Claim (together the "National Union Proofs of Claim") do not reflect the application of the amounts drawn under the First LOC and the Second LOC; and

WHEREAS, as a result of National Union's draw upon the First LOC and the Second LOC, BofA holds a liquidated claim against Grace-Conn in the Drawn Amounts less the Setoff Amount (i.e., $9,779,720), which claim is neither contingent, unliquidated nor disputed; and

WHEREAS, BofA also holds a claim against Grace-Conn with respect to the undrawn amount of each of the Letters of Credit (collectively, the "Outstanding Letters of Credit"), which claim is contingent and unliquidated, but not disputed

NOW THEREFORE, for good and valuable consideration received, the Parties hereby stipulate as follows.

1. BofA shall have an allowed, unsecured, nonpriority claim against Grace-Conn in the amount of $9,779,720, representing the Drawn Amounts under the First LOC and the Second LOC, less the Setoff Amount (the "BofA Allowed Claim").

2. BofA shall also have a contingent, unsecured, nonpriority claim against Grace-Conn in the amount of $8,650,110, representing the undrawn amounts under the Outstanding Letters of Credit (the "BofA Contingent Claim") In the event that BofA is required to satisfy the claim of any beneficiary under any of the Outstanding Letters of Credit subsequent to the date of this Stipulation, (i) that portion of the BofA Contingent Claim representing the total amount drawn under the Outstanding Letters of Credit shall become an allowed, unsecured,

nonpriority claim against Grace-Conn without further action by any party (the "BofA Further Allowed Claim") and (ii) the outstanding amount of the BofA Contingent Claim shall be reduced in an amount equal to the BofA Further Allowed Claim.[2] Furthermore, if, subsequent to the date of this Stipulation, one or more of the Outstanding Letters of Credit (i) expires without being renewed or (ii) is terminated, the BofA Contingent Claim shall be reduced in an amount equal to the amount of each such Outstanding Letter of Credit that is undrawn at the time of its expiration or termination.

       3       In the event BofA incurs fees, commissions and/or other expenses subsequent to the date of this Stipulation in connection with BofA's satisfaction of any claim under any of the Outstanding Letters of Credit, BofA shall have thirty (30) days from the date of payment under such Outstanding Letter of Credit to file a proof of claim with respect to such fees, commissions and/or expenses.

       4       The Debtors reserve their rights to object to the National Union Proofs of Claim on any basis whatsoever including, without limitation, the grounds that such claims are duplicative of the BofA Allowed Claims or any BofA Further Allowed Claim.

       5       The Parties agree to take or refrain from taking any and all acts necessary and appropriate to implement and effectuate the terms of this Stipulation.

       6       This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware (without regard to the conflict of laws principles thereof) and the United States Bankruptcy Court for the District of Delaware shall have exclusive jurisdiction

---

[2] For example, if BofA was required to pay $5,500,000 to the beneficiary of Outstanding Letter of Credit number 7404163, the BofA Further Allowed Claim would be $5,500,000 and the BofA Contingent Claim would be reduced to $3,150,110 (representing $8,650,110 less $5,500,000). If BofA thereafter was required to pay an additional $1,000,000 to National Union under the Second LOC, the BofA Further Allowed Claim would be increased to $6,500,000 (representing the collective amounts drawn under both Outstanding Letters of Credit) and the BofA Contingent Claim would be further reduced to $2,150,110 (representing $3,150,110 less $1,000,000).

4

over any and all disputes that may arise with respect to the terms or enforcement of this Stipulation between BofA and the Debtors

7. This Stipulation may be executed in one or more counterparts, including by facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated: ~~October~~ November 11, 2005

*/s/ Rebecca Booth*
Mark D. Collins (No. 2981)
Rebecca L. Booth (No. 4031)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
Post Office Box 551
Wilmington, Delaware 19899

Attorneys for Bank of America, N.A.

Dated: ~~October~~ November 11, 2005

*/s/ James E. O'Neill*
Laura Davis Jones (No. 2436)
James E. O'Neill (No. 4042)
PACHULSKI, STANG, ZIEHL,
YOUNG, JONES & WEINTRAUB, P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705

-and-

James H.M. Sprayregen
Janet Baer
Lori Sinanyan
KIRKLAND & ELLIS
200 East Randolph Drive
Chicago, Illinois 60601

Attorneys for Debtors and Debtors in Possession

# EXHIBIT B

Evidence of Transfer

**[Please see attached]**

## EVIDENCE OF PARTIAL TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

**Assignor: MORGAN STANLEY SENIOR FUNDING, INC.**

**Assignee: CONTINENTAL CASUALTY COMPANY**

For value received, the adequacy and sufficiency of which are hereby acknowledged, Assignor hereby unconditionally and irrevocably sells, transfers and assigns to Assignee 50% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against W.R. Grace & Co., et al. ("Debtor") in the bankruptcy case In re: W.R. Grace & Co., et al., Case No. 01-01139 (JKF) in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in the amount of $3,355,055 (the "Claim").

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Claim and recognizing the Assignee as the sole owner and holder of the Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, including any and all after-acquired proceeds, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS __ day of February 2008.

| ASSIGNOR:<br>MORGAN STANLEY SENIOR FUNDING, INC.<br><br>By: _____<br>Name: Donna M. Souza<br>Title: Vice President | ASSIGNEE:<br>CONTINENTAL CASUALTY COMPANY<br><br><br>By: _____<br>Name:<br>Title: |
|---|---|

KL2 2545786.1

EVIDENCE OF PARTIAL TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

Assignor: MORGAN STANLEY SENIOR FUNDING, INC.

Assignee: CONTINENTAL CASUALTY COMPANY

For value received, the adequacy and sufficiency of which are hereby acknowledged, Assignor hereby unconditionally and irrevocably sells, transfers and assigns to Assignee 50% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against W.R. Grace & Co., et al. ("Debtor") in the bankruptcy case In re: W.R. Grace & Co., et al., Case No. 01-01139 (JKF) in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in the amount of $3,355,055 (the "Claim").

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Claim and recognizing the Assignee as the sole owner and holder of the Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, including any and all after-acquired proceeds, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS ___ day of February 2008.

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| MORGAN STANLEY SENIOR FUNDING, INC. | CONTINENTAL CASUALTY COMPANY |
| By: _____ Name: Title: | By: _____ Name: Marilou R. McGirr Title: Vice President and Assistant Treasurer |