IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Related Docket No: 15130, 17903 |
| ) | Hearing Date: March 17, 2008 |

**DEBTORS' RESPONSE TO CLAIMANT ALLEGHENY CENTER ASSOCIATES'
MOTION FOR RELIEF FROM ORDER OF DISMISSAL**

Debtors submit the following response to Claimant Allegheny Center Associates' Motion for Relief From Order of Dismissal [Docket No. 17903] ("Claimant's Motion").

## INTRODUCTION

Claimant, Allegheny Center Associates ("ACA"), seeks to set aside the final order disallowing and expunging its property damage claim that was entered by the Court more than nine months ago. Claimant asserts that the order should be vacated because service of Debtors' Motion for Summary Judgment was inadequate. Claimant admits, however, that both ACA and its authorized counsel received Debtors' Motion for Summary Judgment in February of 2007 when it was filed.

Despite having received Debtors' Motion, neither Claimant nor its counsel filed a response to Debtors' Motion on behalf of ACA. Claimant's counsel further sat silent when the Court specifically inquired at oral argument whether "there was anybody present representing" ACA. It is undisputed that both ACA and its counsel had: (i) actual notice of Debtors' Motion; (ii) actual notice of the consequences of any failure to respond to Debtors' Motion; (iii) ample opportunity to file a written response; and (iv) a full and fair opportunity to be heard in court. On this record, due process was provided and there is no basis to set aside the Court's final order disallowing and expunging ACA's property damage claim.

## BACKGROUND

On March 25, 2003, Mr. Andrew Raynovich, in-house counsel for ACA, executed a form authorizing Speights & Runyan to represent ACA with respect to its property damage proof of claims in Debtors' Chapter 11 proceedings. *See* Claimant's Motion at Exhibit 2. The next day, Mr. Raynovich executed a proof of claim form for One and Two Allegheny Center, Pittsburgh, Pennsylvania. *Id.* at Exhibit 3.[1] Mr. Raynovich's claim form was received on March 28, 2003 and assigned Claim No. 9778. *Id.* In the proof of claim form, ACA admitted that it removed asbestos from its buildings in the "1980s." *Id.* at Question 10.

On March 31, 2003, Speights & Runyan filed two proof of claim forms on behalf of ACA for the same two buildings covered by ACA's proof of claim form, *i.e.*, One and Two Allegheny Center. *See* Claimant's Motion at Exhibit 1.[2] Those claims were assigned Claim Nos. 11036 and 11037. *Id.* Unlike the proof of claim form executed by ACA, the Speights & Runyan proof of claim forms failed to disclose that Claimant removed asbestos from its buildings in the 1980s. *Id.* at Question 10.

According to Claimant, Mr. Raynovich was responsible for monitoring ACA's asbestos property damage claims until his departure from ACA more than two years ago. *See* Claimant's Motion at Exhibit 4. At that time, Mr. John Bruce of ACA took over responsibility for monitoring Claimant's asbestos property damage claims in these proceedings. *Id.* at ¶ 9.

On February 16, 2007, Debtors moved for summary judgment on Claim No. 9778 based on Claimant's admission that asbestos was removed from its buildings in the 1980s. It is

---

[1] Mr. Raynovich's signature is illegible on the claim form. *Id.* Debtors did not know Mr. Raynovich's identity until Speights & Runyan filed Claimant's Motion which attached an affidavit detailing Mr. Raynovich's role with respect to ACA's asbestos property damage claims. *See* Claimant's Motion at Exhibit 4.

[2] Speights & Runyan's proof of claim forms are dated March 30, 2003 which was a Sunday. They were received the following Monday, March 31, 2003. Speights & Runyan accordingly filed these proof of claim forms only one business day after the proof of claim form filed by ACA.

undisputed that Debtors served their Summary Judgment Motion both on Speights & Runyan and on Claimant at One and Two Allegheny Center, Pittsburgh, Pennsylvania.

Claimant admits that Mr. Bruce of ACA received Debtors' Motion by February 23, 2007. *Id.* at ¶¶ 9, 14, 15. The Notice of Debtors' Motion, which Claimant admittedly received, stated in bold print: **"Objections or other responses to the relief requested in the Motion, if any, must be in writing and be filed with the Bankruptcy Court on or by March 19, 2007."** *See* Exhibit A attached hereto. It further set forth in all capital letters: "IF NO OBJECTIONS ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING." *Id.* The Notice also provided, in bold and all capital print, the time and location of the Court's April 9, 2007 hearing on Debtors' Summary Judgment Motion. *Id.*

Speights & Runyan, Claimant's authorized counsel, also received Debtors' Motion. In fact, Speights & Runyan filed a response to Debtors' Motion on behalf of several other claimants by the March 19, 2007 response date. *See* Anderson Memorial Hospital's Response To Debtors' Motion For Summary Judgment Directed To 9 Claims Based Upon The Statute Of Limitation Of Arkansas, Georgia And Delaware [Docket No. 14904]. Neither Claimant nor Speights & Runyan, however, ever filed a response to Debtors' Summary Judgment Motion on behalf of ACA.

Mr. Speights, Mr. Runyan and Mr. Fairey of the Speights & Runyan firm were all present in court at the April 9, 2007 argument on Debtors' Summary Judgment Motion. At that argument, counsel for Debtors indicated to the Court that no one had responded to Debtors' Motion on behalf of the Claimant. *See April 9, 2007 Transcript of Hearing Before Honorable Judith K. Fitzgerald United States Bankruptcy Judge* [Docket No. 15229] at 192-193. The Court then inquired whether there was "anybody present representing Allegheny Center Associates." *Id.* There was no response. The Court then announced: "There is no response so I'm expunging this claim as barred by the statute of limitations." *Id.*

The Court entered an Order dated April 9, 2007 disallowing and expunging Claim No. 9778 [Docket No. 15130]. The Court's April 9, 2007 Order was served both on Speights & Runyan and on ACA at One and Two Allegheny Center, Pittsburgh, Pennsylvania. See Affidavit of Service attached hereto as Exhibit B. Claimant's Motion does not contend that Claimant never received the Order.[3] No motion for reconsideration or appeal was ever filed from the Court's April 9, 2007 Order.

In examining the remaining property damage claims in these proceedings, Debtors noticed that Claim Nos. 11036 and 11037 appeared to be for the very same buildings covered by the now-expunged Claim No. 9778. In early October, Debtors contacted Mr. Speights to discuss this issue. Mr. Speights requested time to investigate the situation with his client, ACA.

On November 9, 2007, after it became clear that the parties would be unable to resolve the issue without Court intervention, Debtors filed a Motion to Disallow and Expunge the Allegheny Center Duplicate Claims [Docket No. 17328]. On November 30, 2007, Speights & Runyan filed a Memorandum in Opposition to Debtors' Motion to Disallow and Expunge Claim Nos. 11036 and 11037 As Duplicate Claims [Docket No. 17506] ("Speights & Runyan Opposition").

The Speights & Runyan Opposition conceded that Claim Nos. 11036 and 11037 are duplicates of Claim No. 9778 which the Court disallowed and expunged by final Order dated April 9, 2007. Speights & Runyan argued, however, that those claims should not be expunged because Debtors' service of its Summary Judgment Motion was deficient. The Speights & Runyan Opposition did not contend that Claimant never received Debtors' Summary Judgment Motion. The Speights & Runyan Opposition also did not seek relief from the final Order disallowing and expunging Claim No. 9778 that had been entered by the Court eight months earlier.

---

[3]   Given that the Order was served on the same address as Debtors' Summary Judgment Motion, which Claimant admits it received, there is no reason to believe that Claimant did not receive a copy of the Order.

On January 28, 2008, more than nine months after Claim No. 9778 was disallowed and expunged, Speights & Runyan filed Claimant's Motion. Claimant's Motion now asserts that the Order disallowing and expunging Claim No. 9778 should be set aside due to the method by which Debtors served their Summary Judgment Motion. Claimant admits that it received Debtors' Motion in February 2007, but took no action to respond to it. It is also undisputed that Speights & Runyan, Claimant's authorized counsel in these proceedings, not only received Debtors' Summary Judgment Motion, but filed a response to that Motion on behalf of several other claimants.

## ARGUMENT

Claimant's Motion asserts two grounds upon which it contends relief should be granted. First, Claimant asserts that Debtors did not properly serve Debtors' Motion for Summary Judgment and that, as a result, the Order disallowing and expunging its claim should be vacated. In the alternative, Claimant argues that relief should be granted under the "excusable neglect" standard found in Rule 60(b). Neither contention has merit.

### I.    Claimant Was Properly Served With Debtors' Summary Judgment Motion.

Claimant contends that Debtors did not properly serve their Motion for Summary Judgment because Debtors served Claimant rather than Claimant's counsel in contravention to Rule 5 of the Federal Rules of Civil Procedure. Under Rule 5(b)(1), service on a party represented by an attorney is made on the attorney unless the court orders service on the party. *Id.* If a party is represented by more than one attorney, however, service on any one of them satisfies Rule 5(b)(1). *See* 4B Federal Practice & Procedure, Wright & Miller (3d Ed.) § 1145; *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995) (Rule 5 requires service upon an attorney for each party, but not every attorney for each party); *United States v. Schooner Windspirit*, 161 F.R.D. 321, 323 (D.V.I. 1995) (when a party is represented by more than one attorney of record, service upon any one of them fulfills the requirements of Fed. R. Civ. P. 5); *see also IXL*

*Enterprises, Inc. v. GE Capital Corp.*, 2005 WL 736820, *1-4 (D. Conn. Mar. 31, 2005) (denying relief under Rule 60 where local counsel was served but failed to take any action).

Here, there is no dispute that Claimant's authorized counsel, Speights & Runyan, was timely and properly served with Debtors' Motion for Summary Judgment. Because Debtors' Motion was properly served on Speights & Runyan, the requirements of Rule 5 were satisfied. *Id.*

Not only was Claimant's counsel properly served, but Claimant also admits to having received a separate copy of Debtors' Summary Judgment Motion by February 23, 2007. Where a party admits it was served, courts have refused to invalidate service based upon a technical violation of the service rules. *See, e.g., James v. City of New Jersey City*, 187 F.R.D. 512, 516-17 (D.N.J. 1999) (service that did not technically comply with Federal Rules was not improper where party admittedly received papers in ample time to respond); *Tilghman v. Tilghman*, 57 F.Supp. 417, 418 (D.D.C. 1944) (service not invalid where party was served rather than party's attorney); *see also Cablevision of New Jersey v. Pedolsky*, 2007 WL 766350, *2 (D.N.J. Mar. 8, 2007) (refusing to invalidate service due to technical errors in service address).

Due process is satisfied where a party had notice and a reasonable opportunity to respond. *James*, 187 F.R.D. at 516-17 (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-315 (1950)). Claimant's Motion cites no authority for the proposition that service is improper where both Claimant and its authorized counsel admittedly received Debtors' Summary Judgment Motion in ample time to file a response. That is because there is none.

The sole basis for Claimant's improper service argument is Claimant's contention that Debtors should have served Mr. Brian Huban of the Katten Muchin Zavis Rosenman firm. Claimant has not asserted that Mr. Huban was representing Claimant at the time that Debtors' Summary Judgment Motion was filed.[4] Claimant similarly has not asserted that Mr. Huban did

---

[4] There is no indication that Mr. Huban currently represents Claimant; Claimant's Motion seeking relief from the Court's Order expunging its claim was filed by Speights & Runyan, not Mr. Huban.

not receive actual notice of Debtors' Motion for Summary Judgment.[5] Even if Mr. Huban was representing Claimant in 2007 and did not receive actual notice of Debtors' Motion, however, service on both Claimant and Speights & Runyan fully complies with Rule 5. *See Buchanan*, 51 F.3d at 228; *Schooner*, 161 F.R.D. at 323; *IXL Enterprises,* 2005 WL 736820 at *1-4; *Tilghman*, 57 F.Supp. at 418.

In sum, Claimant admits that: (1) both Claimant and its counsel received copies of Debtors' Motion for Summary Judgment in ample time to respond; (2) no response to Debtors' Motion was filed on behalf of Claimant; and (3) Claimant took no steps to challenge the Order expunging its claim until nine months after the fact. Under these circumstances, the Court's Order disallowing and expunging Claim No. 9778 was proper and is a final.

II.  **Claimant Does Not Qualify For Relief Under Rule 60(b)(1).**

Claimant argues, in the alternative, that it is entitled to relief under Rule 60(b) because its neglect in taking any action in response to Debtors' Summary Judgment Motion, despite both Claimant and its counsel having full knowledge of that Motion, was "excusable" under Rule 60(b)(1). The neglect of both Claimant and its counsel in this case is inexcusable.

In evaluating the "excusable neglect" standard, the Court is required to consider: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant and his counsel; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993); *see also Choi v.*

---

[5]  If Mr. Huban registered as an electronic filer, he would have received notice of Debtors' Summary Judgment Motion on or about February 16, 2007. Moreover, if Mr. Huban was representing Claimant in 2007, he presumably would have monitored the docket and been aware of Debtors' Summary Judgment Motion. *See generally, In re Global Indus. Tech., Inc.,* 375 B.R. 155, 161 (Bankr. W.D. Pa. 2007) (Fitzgerald, J.) ("It is counsel's responsibility to monitor the docket."); *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C.Cir. 2004)(noting attorney's obligation to monitor the docket for pleadings filed against his client).

*Kim,* 2007 WL 4395655, *2 (3d Cir. Dec. 14, 2007) (*Pioneer* factors apply to dismissal for failure to met a deadline); *Blomeyer v. Levinson,* 2006 WL 463503, *4 (E.D. Pa. 2006) (applying *Pioneer* factors where plaintiff failed to respond to a pleading). The determination is an equitable one, taking into account all relevant circumstances surrounding the party's omission. *Pioneer,* 507 U.S. at 395.

As this Court recently held, *Pioneer* "does not provide an 'out' for all negligent conduct. The negligent conduct must be excusable." *In re Global Indus. Tech.,* 375 B.R. 155, 157 (Bankr. W.D. Pa. 2007) (Fitzgerald, J.). "No rule of law is better settled than that a court of equity will not aid a party whose application is destitute of . . . reasonable diligence." *Id.* at 162 (*citing Hammond v. Hopkins,* 143 U.S. 224, 250, 12 S.Ct. 418, 36 L.Ed. 134 (1892)). The Court is granted broad discretion in examining relief under the excusable neglect standard found in Rule 60. *See, e.g., Choi,* 2007 WL 4395655 at *2 (reviewing denial of Rule 60(b) motion for abuse of discretion); *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.,* 2006 WL 623074, *4 (3d Cir. Mar. 14, 2006) (same); *see also Noah v. Bond Cold Storage,* 408 F.3d 1043, 1045 (8th Cir. 2005) ("[r]eversal of a district court's denial of a Rule 60(b) motion is rare because Rule 60(b) authorizes relief in only the most exceptional of cases.") (citation omitted).

### A. <u>Claimant's Neglect Was Inexcusable.</u>

Claimant bears the burden of establishing excusable neglect. *In re Global Indus. Tech.,* 375 B.R. at 162; *Leech v. Acme Bus. Prods., Inc.,* 1993 WL 13004579, at *1 (Bankr. S.D. Ga. Feb. 2, 1993). "[N]either ignorance nor carelessness by a party or his attorney is a proper basis for Rule 60(b) relief . . . ." *In re Slomnicki,* 243 B.R. 644, 655 (Bank. W.D. Pa. 2000) (*quoting Smith v. Widman Trucking & Excavating, Inc.,* 627 F.2d 792, 795-96 (7th Cir. 1980)); *Noah,* 408 F.3d at 1045 (excusable neglect does not include ignorance or carelessness on the part of an attorney); *see also Easley v. Kirmsee,* 382 F.3d 693, 698 (7th Cir. 2004)("attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent

behavior may have on a litigant."); *Calhoun v. Schultze*, 197 F.R.D. 461, 463 (D. Kan. 2000) (plaintiff's failure to timely respond to a motion to dismiss did not constitute excusable neglect).

Inaction on the part of a party or his attorney similarly does not constitute excusable neglect. *James*, 187 F.R.D. at 517; *see also Nationwide*, 2006 WL 623074 at *3-4 (affirming denial of Rule 60 motion where movant received key correspondence in case but did not respond); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litig.*, 92 Fed. Appx. 890, 893-95 (3d Cir. 2004) (failure to timely file opt-out where claimant had actual notice of deadline was not excusable neglect); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997) (attorney's negligent failure to respond to summary judgment motion was not "excusable" neglect); *Slutsky v. American Express Travel Related Servs. Co. Inc.*, 209 B.R. 435, 439 (6th Cir. 1997) (reversing bankruptcy court's opinion setting aside judgment where defendant knew of complaint and failed to answer); *Hewlett-Packard Puerto Rico v. Thomas Indus.*, 174 F.R.D. 6, 7-8 (D.P.R. 1997) (party's failure to respond to a complaint of which it was aware was inexcusable).

Here, the same ACA attorney that hired Speights & Runyan filed Claim No. 9778. In preparing the duplicate claim forms for Claimant, Speights & Runyan apparently did not confer with their client to determine: (1) that Claimant had already filed a proof of claim form for the very same buildings; (2) that Claimant had removed asbestos from its buildings in the 1980s; or (3) that Claimant disclosed its asbestos removals in the proof of claim form that it filed before Speights & Runyan filed its duplicative claim forms with the Court.

When Speights & Runyan received Debtors' Motion for Summary Judgment, they further failed to recognize the identity of their own client. Speights & Runyan clearly read Debtors' Motion given that they filed a response to that Motion on behalf of several other claimants. Had they known the name of their client when they read Debtors' Motion, they would have realized that their client's claim was subject to the Motion. Similarly, three attorneys from Speights & Runyan sat silent at oral argument when the Court asked if anyone present was representing

ACA. Speights & Runyan's failure to know their client's name, while arguably negligent, is not excusable. *In re Slomnicki*, 243 B.R. at 645; *Easley*, 382 F.3d at 698; *Canfield*, 127 F.3d at 251.[6]

Meanwhile, Claimant also received a copy of Debtor's Summary Judgment Motion by at least February 23, 2007. *See* Claimant's Motion at Exhibit 4. Claimant's own affidavit establishes that when Claimant received Debtors' Motion, it did nothing.[7] *Id.* Claimant's unexplained failure to take any action in response to Debtors' Motion, despite receiving clear notice that a failure to respond could result in dismissal of its claim, does not constitute excusable neglect. *Nationwide*, 2006 WL 623074 at *3-4; *Slutsky*, 209 B.R. at 439; *Hewlett-Packard*, 174 F.R.D. at 7-8; *Calhoun*, 197 F.R.D. at 463.

Finally, no explanation has been offered as to why Claimant failed to take any action to set aside the Order until more than nine months after it was entered. There is no indication or evidence in the record that Claimant did not receive a copy of the Order.[8] Claimant's failure to take any action in response to that Order for nearly ten months does not constitute excusable neglect. *Id.*

---

[6] In arguing against the use of testimony by declaration in these proceedings, Mr. Speights pointed out to the Court that: "[B]ecause this is an allowance process where we're going to be allowed or disallowed, presumably, we must be vigilant in protecting the rights of our clients." *See* Transcript of January 23, 2007 Proceedings Before the Honorable Judith K. Fitzgerald United States Bankruptcy Court [Docket No. 14465] at 105. Knowing the identity of his client, presumably, would be the first step towards exercising the vigilance in protecting his client's rights that Mr. Speights acknowledged is owed.

[7] Claimant's affidavit admits that Mr. Bruce received Debtors' Motion prior to his departure from ACA on February 23, 3007. *Id.* at ¶¶ 9, 14. There is no explanation as to why Mr. Bruce, the person responsible for monitoring ACA's claims, did nothing with Debtors' Motion. Nor is there any indication as to why Mr. Bruce's successor never bothered to check Mr. Bruce's office for documents relating to ACA's claims.

[8] If Mr. Huban was still representing ACA in 2007 and had registered as an electronic filer, he also would have received notification of the Court's Order on or about April 9, 2007. In addition, there is no dispute that Speights & Runyan received a copy of the Court's Order. No action was taken in response to the Court's entry of its Order expunging ACA's claim until Speights & Runyan filed Claimant's Motion on January 28, 2008.

Under these circumstances, the reason for the Claimant's failure to respond was wholly in the control of Claimant and its counsel. The record reflects a reckless indifference to the prosecution of the claim that Claimant filed. Claimant was clearly aware of its own claim, admittedly received Debtors' Summary Judgment Motion and took no action to defend against it. Claimant's authorized counsel also was fully aware of Debtors' Motion and took no action on Claimant's behalf.

The sole excuse for counsel's failure to act, that Speights & Runyan did not recognize their client's name in Debtors' Motion or in open court, is an insufficient basis upon which to grant Rule 60 relief. In addition, there is no explanation as to why Claimant waited nearly ten months to take any action to set aside the Court's April 9, 2007 Order. Under these circumstances, *Pioneer's* "reason for the delay" and "good faith" factors require that Claimant's Motion be denied. *Accord Hewlett-Packard*, 174 F.R.D. at 8 (failure to defend and inability to explain silence held to demonstrate lack of good faith).

### B. *Pioneer's* Additional Factors Weigh In Favor Of Denying Claimant's Motion

Opening the judgment, as Claimant now requests, would affect both the finality of the Court's orders and the efficient administration of justice. Debtors are entitled to rely upon the finality of the Court's orders in these proceedings. Moreover, the Court has been meticulous in establishing an orderly basis upon which to adjudicate the hundreds of asbestos property damage claims before it. Summary judgment motions were to be filed on those claims on February 16, 2007. Debtors filed summary judgment motions on hundreds of claims at that time. The Court set aside April 9, 2007 to hear oral argument on those summary judgment motions. If Claimant's Motion were granted, the Court would need to set new dates to brief and argue Debtors' Summary Judgment Motion as it applies solely to the Claimant. The detrimental effect on the efficient administration of justice here weighs in favor of denying Claimant's Motion. *Hewlett-Packard*, 174 F.R.D. at 7.

The additional time and effort, for both the parties and the Court, in rearguing Debtors' Motion is particularly unwarranted given Claimant's admission that it removed asbestos from its building in the 1980s. As the Court noted at the April 9, 2007 summary judgment arguments, "I don't think any way you slice it that you get past the statute [of limitations] once you've taken – once you're aware that there is asbestos and once you undertake some action at least to remediate that asbestos . . . ." *April 9, 2007 Transcript of Hearing before Honorable Judith F. Fitzgerald, United States Bankruptcy Court* [Docket No. 15229] at 207. Where, as here, further litigation of the claim would be futile, Claimant's Rule 60(b) motion should be denied. *See In re Slomnicki*, 243 B.R. at 654 (denying request for Rule 60 relief as futile); *In re Mayhew*, 223 B.R. 849, 855 (D.R.I. 1998) (Rule 60(b) relief is inappropriate if there is no meritorious underlying claim).

Finally, Claimant's delay in seeking relief from the Court's final order was lengthy. *Accord Calhoun*, 197 F.R.D. at 463 (holding that three month delay was "significant"); *Slutsky*, 209 B.R. at 438 (refusing to set aside judgment where party waited eight and one-half months to seek relief). Even after the issue was drawn to Claimant's attention, several months passed before Claimant's Motion was filed. No explanation has been offered for this delay. The length of the delay and its impact on these proceedings weighs heavily in favor of denying Claimant's Motion. *Id.*

In light of the foregoing, *Pioneer* factors 2, 3, and 4 overwhelmingly tip the scales in favor of denying Claimant's Motion. The collective inaction, delay and neglect of Claimant and its counsel are inexcusable. Good faith has not been demonstrated on this record. Overturning the Court's final order would disrupt the efficient administration of justice for a claim that is legally deficient. Under these circumstances, Claimant's request for Rule 60 relief should be denied.

## **CONCLUSION**

For the foregoing reasons, Claimant's Motion should be denied.

Dated: February 29, 2008

REED SMITH LLP
James J. Restivo, Jr. (Bar No. 10113)
Lawrence E. Flatley (Bar No. 21871)
Douglas E. Cameron (Bar No. 41644)
Traci S. Rea (Bar No. 76258)
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa Esayian
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

PACHULSKI STANG ZIEHL
& JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400