# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Janet S. Baer
To Call Writer Directly:
312-861-2162
jbaer@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: 312-660-0362

February 29, 2008

**Via Electronic Filing and Email**

The Honorable Judith K. Fitzgerald
U.S. Bankruptcy Court, W.D.PA
5490 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219

Re:   In re W. R. Grace, Adversary Proceeding No. A-01-771

Dear Judge Fitzgerald:

In the last few days, counsel for both the Burlington Northern Santa Fe Railway ("BNSF") and the Libby Claimants sent you letters attaching an opinion of the Second Circuit issued on February 15, 2008 in the In re Johns-Manville Corporation case (the "Manville Opinion"). Counsel alleges that the Manville Opinion is relevant to Grace's pending motion for injunctive relief regarding BNSF and motion for reconsideration regarding the State of Montana. In the Libby Claimants' letter, counsel also proceeds to argue why the Manville Opinion is allegedly similar to the matters pending before you. The Libby's Claimants' letter indicates it is being submitted to you pursuant to Del. Bankr. L. R. 7007-1(b). However, the letter goes well beyond what is permissible by L.R. 7007-1(b) and effectively constitutes an improper "brief by letter" after the close of the pleadings. Supplemental pleadings under Bankruptcy Rule 9015(d) require leave of Court. Thus, the Libby Claimants letter should be stricken.

As a result of the Libby Claimants' letter, Grace has no choice but to respond in kind herein. Grace believes that the Court need look no further than the controlling precedent in this case, *Gerard v. W.R. Grace & Co*, 115 Fed. Appx. 565 (3rd Cir. 2004) to conclude that it has jurisdiction to expand the preliminary injunction previously issued to cover actions against BNSF and the State. The Manville Opinion has no precedential value in this case and is distinguishable on several grounds.

### 1.   The Third Circuit has already upheld the Grace Injunction.

The Third Circuit in *Gerard* already ruled that the Court has "related to" jurisdiction to issue a preliminary injunction enjoining the Libby Claimants from pursuing third parties for their *own independent actions*. The Third Circuit found that the potential for "record taint" and collateral estoppel compelled entry of the injunction even if the Debtors' insurance was not

K&E 12502106.1

## KIRKLAND & ELLIS LLP

The Honorable Judith K. Fitzgerald
February 29, 2008
Page 2

implicated. The Court found that if the Libby cases proceeded, the Debtors would be disadvantaged in both a practical and legal matter and that the *prospect* of indemnification by Grace made inclusion of the stay of suits against Maryland Casualty Company appropriate. *Id* at 568-569.

      2.      **Manville involves a confirmed plan.** The Manville Opinion addresses a permanent channeling injunction issued in connection with the Manville Plan. It permanently enjoins actions by third parties against Manville's insurers relating to the insurers' own "independent misconduct." The Court found that the plaintiffs therein "specifically do not seek recovery from Manville's insurance proceeds" and "do not claim against the *res* of the Manville estate"(Op. at p. 4).

By contrast, Grace seeks a preliminary injunction against the Libby Claimants prohibiting them from proceeding against BNSF and the State at this time while Grace formulates its Plan to address asbestos liability. Both BNSF and the State have alleged that the causes of action being pursued by the Libby Claimants constitute claims against the Grace estates for which BNSF and the State will seek contribution and indemnification. BNSF also seeks to collect from Grace's insurance; indeed the BNSF matter came before the Court initially on BNSF's request for discovery regarding the Grace insurance policies.

      3.      **Manville sought to protect the insurers not the Manville estate.** In the Manville case, it was the insurers not the Debtors, who sought the permanent injunction in the Plan to prohibit actions by third parties against them. The Second Circuit found that the Manville Confirmation Order by which the injunction was issued, was drafted in the broadest way possible "to facilitate global finality for *Travelers* as a necessary condition for it to make a significant contribution to the Manville estate." (Op. at p. 5,8)

The preliminary injunction at issue in the Grace case is sought *by the Debtors* not to protect BNSF or the State. The injunction is sought to protect Grace's insurance and Grace's estates from having claims liquidated against BNSF and the State that may become claims against Grace.

## KIRKLAND & ELLIS LLP

The Honorable Judith K. Fitzgerald
February 29, 2008
Page 3

4. **No claims against Manville were involved.** In the Manville situation, insurers who sought and received the permanent injunction, had already resolved and liquidated any claims they may have had against Manville. Likewise, the third party plaintiffs either already made claims against the Manville Trust or decided not to pursue the Trust. Manville had received its Bankruptcy discharge, fresh start, and a channeling injunction.

In the Grace case, we are still pre-confirmation, it is unclear what claims BNSF and the State may have against Grace and how those claims will be liquidated and paid under a chapter 11 plan. Likewise, the very same Libby Claimants who are pursuing BNSF and the State, are also asserting claims against Grace that will have to be adjudicated. Until all of those claims are addressed or resolved through a chapter 11 plan, the Grace estates have a real risk of harm from the Libby Claimant's suits against BNSF and the State.

The Second Circuit in the Manville Opinion, citing the Fifth Circuit in the *Matter of Zale Corp*, 62 F.3d 746 (5th Cir. 1995), notes that those cases in which courts have upheld "related to" jurisdiction over third-party actions do so because the dispute over the asset "would have an effect on the estate" and conversely have held that a third party action does not create "related to" jurisdiction when the "dispute has no effect on the estate." (Op. at p.11). The Second Circuit found that plaintiff's actions in pursuing Manville's insurers involved "no claim against an asset of the bankruptcy estate, nor do their actions affect the estate." (Op at p. 11). By contrast, the Libby Claimants suits against BNSF and the State absolutely affect the Grace estates. In fact, BNSF argues that any claim that the Libby Claimants may have against it, is covered by Grace's insurance. BNSF also claims that such suits trigger contractual and common law indemnities. Likewise, the State not only alleges that such suits trigger common law indemnity claims against Grace, the State also sought modification of the automatic stay so that they could pursue a third party complaint against Grace as part of their defense.

Grace submits that this Court has subject matter jurisdiction to expand its preliminary injunction to enjoin the Libby Claimants' suits against BNSF and the State pursuant to the governing precedent in this case as found by the Third Circuit in *Gerard*. The Manville Opinion does not change this outcome and is not relevant to the pending motions.

## KIRKLAND & ELLIS LLP

The Honorable Judith K. Fitzgerald
February 29, 2008
Page 4

Sincerely,

Janet S. Baer

JSB/db

cc:
    David M. Bernick, Esq.
    Laura Davis Jones, Esq.
    Daniel C. Cohn, Esq.
    Francis A. Monaco, Esq.
    Kevin J. Mangan, Esq.
    Anne Marie Aaronson, Esq.
    Edward C. Toole, Esq.
    Nathan D. Finch, Esq.
    Peter Van N. Lockwood, Esq.
    Mark T. Hurford, Esq.