# United States Bankruptcy Court

District of Delaware
In re: **W.R. Grace & Co.**, Case No. 01-1139

Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| Name of Transferee<br>**Argo Partners** | Name of Transferor<br>**Del Taco LLC** |
| Name and Address where notices and payments to transferee should be sent<br>**Argo Partners**<br>**12 West 37th Street, 9th Floor**<br>**New York, NY 10018**<br>Phone:<br>**(212) 643-5443** | Court Record Address of Transferor<br>(Court Use Only)<br><br><br>Last Four Digits of Acct #: _____<br><br>Name and Current Address of Transferor<br>**Del Taco LLC**<br>**300 S GRAND AVE STE 2200**<br>**LOS ANGELES, CA 90071**<br>Phone:<br>**(949) 462-7390**<br><br>Court Claim # (if known): 13964<br><br>Date Claim Filed: |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:/s/ Scott Krochek             Date: 3/3/2008
Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S.C. §§ 152 & 3571.

---

### ~DEADLINE TO OBJECT TO TRANSFER~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

**CLERK OF THE COURT**

## ASSIGNMENT OF CLAIM

Del Taco LLC, having a mailing address at 25521 Commercentre Drive, Lake Forest, California 92630 ("Assignor"), in consideration of the sum of            Purchase Price"), does hereby transfer to Argo Partners, which includes Argo Partners II LLC and Argo Partners III LLC, having an address at 12 West 37th Street, 9th Floor, New York, New York 10018 ("Assignee"), all of Assignor's right, title and interest in and to the claim or claims of Assignor, as more specifically set forth (the "Claim") against W.R. Grace & Co. – Conn, Case No 01-01140 ("Debtor"), Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the District of Delaware (the "Court"), jointly administered under W.R. Grace & Co., Case No 01-1139, in the currently outstanding amount of not less than $3,750,000.00

Assignor represents and warrants that the Claim has been allowed pursuant to the terms of the Order Authorizing Del Taco Settlement Agreement entered in the Proceedings on December 13, 2007, as Docket Entry 17630, and that the Claim in that amount is valid. Assignor further represents and warrants that Assignor has not previously sold or assigned the Claim to any third party, in whole or in part; that Assignor owns and has title to the Claim, free of any and all liens, security interests or encumbrances of any kind or nature whatsoever, except as disclosed below; that there are no offsets or defenses, including Preference Actions, that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim; and that there are no liabilities to the Debtor or to any other third party relating to the claim. Assignor previously pledged its assets generally pursuant to the terms of that certain Credit Agreement dated March 29, 2006, with JPMorgan Chase Bank, National Association (the "Bank") Simultaneously with the delivery of this Assignment, Assignor shall deliver to Assignee a release of the Bank's security interest in the Claim. This Assignment is only for future distributions, if any. Assignor agrees to indemnify Assignee from all losses, damages and liabilities, including attorneys fees and expenses, which result from Assignor's breach of any representation, warranty or covenant set forth herein, or from any action, proceeding, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay payments or distributions in respect of the Claim Neither party hereto assumes or shall be responsible for any obligations or liabilities of the other party related to or in connection with this Assignment of Claim.

Assignor is aware that the above Purchase Price may differ from the amount ultimately to be distributed in the Proceedings with respect to the Claim Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor, or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the court in the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

## CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, the undersigned Assignor hereunto sets its hand this ____ day of February, 2008.

Assignor:   Del Taco LLC

By: _____
Michael T. Folks, Senior Vice President

Assignee:   Argo Partners

By: _____
Scott Krochek, Vice President

fc08043-03

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | | Re: Docket No. 17344 |
| | | 12/17/07 Agenda Item No. 5 |

## ORDER AUTHORIZING THE DEL TACO SETTLEMENT AGREEMENT

Upon consideration of the *"Debtors' Motion for an Order Authorizing the Del Taco Settlement Agreement"* (the "Motion"); and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that Grace-Conn. and Creative are authorized to perform their respective obligations under the Settlement Agreement; and it is further

ORDERED that the Del Taco Claims are allowed as pre-petition, unsecured, non-priority claims as follows: (a) in the Grace-Conn. bankruptcy case in the sum of $3,750,000 and (b) in

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

91100-001\DOCS_DE:132727.1

the Creative bankruptcy case in the sum of $3,750,000; provided that any payment Del Taco receives on account of either of the foregoing claims shall reduce the amount of the other claim, dollar for dollar; and it is further

ORDERED that in the event that this Court confirms any plan(s) of reorganization in the Debtors' Chapter 11 Cases which plan(s) provides for payment of interest on pre-petition, unsecured, non-priority claims, the Del Taco Claims shall bear interest at the rate provided in such relevant plan(s) from and after the date of this Order without regard to the date from which interest accrues under the terms of such plan(s) of reorganization with respect to any other creditor; and it is further

ORDERED that the Baker Claims are disallowed and expunged for all purposes; and it is further

ORDERED that the Debtors are authorized to take whatever other actions may be necessary to consummate the transactions contemplated by the Settlement Agreement; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

ORDERED that this Order is effective immediately upon its entry.

Dated: December 13, 2007

*Judith K. Fitzgerald*

Honorable Judith K. Fitzgerald
U. S. Bankruptcy Judge

2

91100-001\DOCS_DE:132727.1