**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING THE FEE APPLICATION OF**
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.,**
<u>**FOR THE TWENTY-SIXTH INTERIM PERIOD**</u>

   This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee

auditor in the above-captioned bankruptcy proceedings, regarding the <u>Interim Fee Application of</u>

<u>Baker Donelson Bearman Caldwell & Berkowitz, P.C., for the Twenty-Sixth Interim Period</u> (the

"Application").

**BACKGROUND**

   1.  Baker Donelson Bearman Caldwell & Berkowitz, P. C. ("Baker Donelson"), was

retained as advisor for legislative affairs to the Debtors.  In the Application, Baker Donelson seeks

approval of fees totaling $90,000.00 and costs totaling $27,993.91 for its services from July 1, 2007

through September 30, 2007 (the "Application Period").

   2.  In conducting this audit and reaching the conclusions and recommendations contained

herein, we reviewed in detail the Application in its entirety, including each of the time and expense

entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule

2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware,

Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served an initial report on Baker Donelson, and received a response from Baker Donelson, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.        We note that under the terms of Baker Donelson's most recent retention orders, Debtors are authorized to compensate Baker Donelson for its legislative affairs services at a flat rate of $20,000.00 per month plus expenses,[1] and for its assistance with Debtors' China operations for a fixed basic retainer of $10,000.00 per month, plus expenses, with an additional $10,000.00 per month authorized for additional China services requested by the Debtors.[2]  Baker Donelson's fees for the Application Period are consistent with the foregoing rate schedule, and we have no objection to Baker Donelson's fees on that basis.

4.        We note that Baker Donelson lists 124.50 hours for services performed during the Application Period.  This computes to an effective hourly rate of $722.89.

5.        In our initial report, we noted that Baker Donelson requested reimbursement of expenses totaling $15,138.29 on its August 2007 monthly invoice.  However, the expense detail attached to the invoice supported expenses of only $14,888.20.  Thus, there appeared to be an

---

[1]Authorized by Order entered on March 15, 2005, *nunc pro tunc* to January 1, 2005.

[2]Authorized by Order entered on February 23, 2006, *nunc pro tunc* to October 1, 2005.

overcharge of $250.09.  Pursuant to our inquiry, Baker Donelson responded that "it appears that you are correct, that the expense reduction is warranted to correct an overcharge of $250.09 arising as a result of a double adding of certain expenses by clerical error."  We appreciate Baker Donelson's response and recommend a reduction of $250.09 in expenses.

Specific Time and Expense Entries

6.    In our initial report, we noted the following expense on the July 2007 monthly invoice for which additional detail was needed:

751.07          Miscellaneous Expenses (for Chinese Rep and other expenses)

In response to our inquiry, Baker Donelson advised as follows:

> Baker Donelson hosted several working lunches and dinners for the client.  The funds at issue contributed to gifts for China officials who helped to arrange the meetings for our client as a thank you gesture.

We accept Baker Donelson's response and have no objection to this expense.

7.    In our initial report, we noted the following air fare charges for which more information was needed:

| | |
|---|---|
| 10,230.10 | July 4, 2007 |
| 9,811.40 | July 13, 2007 |
| 12,829.15 | August 20, 2007 |
| 12,829.15 | August 31, 2007 |

Paragraph II.E.1.of the Guidelines provides in part: "Factors relevant to a determination that the expense is proper include the following: 1.  Whether the expense is reasonable and economical.  For example, first class and other luxurious travel mode or accommodations will normally be objectionable."  In response to our inquiry, Baker Donelson provided the following information

concerning these charges:

> All airfare was first class fare, based upon explanation provided previously by Ms. McEntee[3] concerning travel to China and the ability to most effectively represent the client by traveling first class, which provides sleeping accommodations so that work can begin on arrival in China.

> In each instance, W.R. Grace was charged a percentage of the total cost of the airfare based upon the work being performed on the trip by Ms. McEntee for and on behalf of W. R. Grace.  Below, you will find listed the dates, destination, and total fare for the ticket travel:

> > a.   July 4, 2007 – departure - Washington/Dulles, destination Beijing, China, one-way, first class; total cost of fare - $10,230.10

> > b.   July 13, 2007 – departure - Beijing, China, destination Washington/Dulles, one-way, first class; total cost of fare - $9,811.40

> > c.   August 20, 2007 – departure - Washington/Dulles, destination Shanghai, China, one-way, first class; total cost of fare - $12,829.15

Baker Donelson subsequently advised that the fourth air fare of $12,829.15 dated August 31, 2007

---

[3]Following is the explanation provided by Baker Donelson in response to our initial report for the Twenty-Fifth Interim Period:

> The Fee Auditor questions the amount charged for air fare to China and sights U. S. Trustee ("UST") guidelines, stating that First Class would normally be objectionable.  Baker Donelson objects to any reduction for the air fare allocated for Ms. McEntee.  As the Fee Auditor may be aware, the flights to China from the United States are in excess of eighteen (18) hours.  To the extent possible, Ms. McEntee plans trips to divide charges for flight and other expenses among various clients in order to keep expenses at a minimum level.  However, in order to be able to represent her clients upon arrival in China, Ms. McEntee flies First Class in order to sleep on the plane before she arrives to be prepared for work upon arrival.  Ms. McEntee does not drink or participate in other such opportunities on the trip.  Her selection of First Class is a necessity in order to be properly rested to represent her clients upon arrival in China.  In addition, Ms McEntee continues to attempt to save costs to Debtor by arranging trips to China to conduct business for other clients in addition to the Debtor to be able to provide cost savings to each client.  The costs are divided based on the percentage of work performed for each client during a particular trip.

was Ms. McEntee's return trip from Shanghai to Washington-Dulles. In most instances, a first class air fare is at least triple the cost of a coach class fare. Although we understand Baker Donelson's policy, we maintain that the Estate should not be put to the added expense of providing first class flights for its professionals. Based upon our review of comparable air fares, it appears that refundable economy class tickets from Washington-Dulles to Beijing, from Beijing to Washington-Dulles, and from Washington-Dulles to Shanghai can be purchased for less than $3,100.00; and a refundable economy class ticket from Shanghai to Washington-Dulles can be purchased for less than $2,600.00. Thus, we recommend the following reductions:

| | |
|---|---|
| $10,230.10 for Washington-Dulles to Beijing | Reduce by $4,634.56[4] |
| $9,811.40 for Beijing to Washington-Dulles | Reduce by $4,362.41[5] |
| $12,829.15 for Washington-Dulles to Shanghai | Reduce by $3,142.51[6] |
| $12,829.15 for Shanghai to Washington-Dulles | Reduce by $3,304.00[7] |

Thus, for all items under this paragraph, we recommend a reduction of $15,443.48 in expenses.

8.    In our initial report, we noted the following meal charges which, in the absence of additional information, appeared excessive:

Lunch    38.53    July 12, 2007

---

[4]W.R. Grace was billed for only 65% of the $10,230.10 charge, and the recommended reduction reflects this fractional share.

[5]W.R. Grace was billed for only 65% of the $9,811.40 charge, and the recommended reduction reflects this fractional share.

[6]W.R. Grace was billed for only 32.3% of the $12,829.15 charge, and the recommended reduction reflects this fractional share.

[7]W.R. Grace was billed for only 32.3% of the $12,829.15 charge, and the recommended reduction reflects this fractional share.

| | | |
|---|---|---|
| Dinner | 112.76 | July 6, 2007 |
| Dinner | 61.98 | July 7, 2007 |
| Dinner | 200.63 | August 22, 2007 |
| Dinner | 170.85 | August 24, 2007 |

It appears to us that one person can dine satisfactorily for $25 for breakfast and $50 for dinner. Thus, we asked Baker Donelson to explain why reimbursement for these charges should not be reduced.

Baker Donelson provided the following response:

> Below is a detail on the number of diners for which the charges were attributed, which were business luncheons or dinners all related to work performed on behalf of the Debtor:
>
> Lunch   $38.53 – 2 diners / July 12, 2007;
> Dinner  $112.76 – 3 diners/ July 6, 2007;
> Dinner  $61.98 – 2 diners/ July 7, 2007;
> Dinner  $200.63 - 4 diners/ August 22, 2007;
> Dinner  $170.85 - 3 diners / August 24, 2007.

We accept Baker Donelson's response, except with respect to the $170.85 charge for dinner for three. Based upon the guideline mentioned above, we recommend a reduction of $20.85 in expenses.

## CONCLUSION

In summary, we recommend approval of $90,000.00 in fees and $12,279.49 in expenses ($27,993.91 minus $15,714.42) for Baker Donelson's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
        Warren H. Smith
        Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 4th day of March, 2008.

_____
        Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
E. Franklin Childress, Jr.
James Range
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, P.C.
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
David M. Bernick
Janet S. Baer
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801