IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., <u>et al.</u>, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objection Deadline: March 25, 2008 at 4:00 pm |
| | ) | Hearing Date: March 17, 2008 at 1:00 pm |

### TWENTY-SIXTH INTERIM QUARTERLY APPLICATION OF WILLIAM D. SULLIVAN, LLC[1] FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS DELAWARE COUNSEL FOR THE ZAI CLAIMANTS FOR THE INTERIM PERIOD FROM JULY 1, 2007 THROUGH SEPTEMBER 30, 2007

Pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Appointment Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Amended Interim Compensation Order" and collectively with the Interim Compensation Order, the "Compensation Order") and Del.Bankr.LR 2016-2, the law firm of William D. Sullivan, LLC ("Applicant" or "Sullivan"), Delaware Counsel for the ZAI

---

[1] William D. Sullivan presently serves as Delaware Counsel to the ZAI Claimants, through the firm of William D. Sullivan, LLC. Mr. Sullivan was designated as Delaware Counsel to the ZAI Claimants by Edward Westbrook, Lead Counsel to the ZAI Claimants, pursuant to the ZAI Claimants' Revised Special Counsel Designation and Litigation Budget for the ZAI Science Trial (D.I. 2508). The ZAI Claimants Revised Designation was approved by the Court by Order dated August 26, 2002 (D.I. 2617). Mr. Sullivan was previously employed by the firms of Elzufon Austin Reardon Tarlov and Mondell (through September 20, 2004) and Buchanan Ingersoll (September 20, 2004 through July 21, 2006). Those firms are no longer involved in the representation of the ZAI Claimants.

Claimants, hereby applies for an order allowing it: (i) compensation in the amount of $9,922.50 for the reasonable and necessary legal services Sullivan has rendered; and (ii) reimbursement for the actual and necessary expenses Sullivan has incurred in the amount of $2,074.14 (the "Twenty-Sixth Interim Quarterly Fee Application"), for the interim quarterly period from July 1, 2007 through September 30, 2007 (the "Fee Period"). In support of this Application, Sullivan respectfully states as follows:

## Background

**Retention.**

1. On April 2, 2001 (The "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order effective as of July 22, 2002, the firm of Richardson, Patrick, Westbrook & Brickman ("RPWB") was appointed ZAI Lead Special Counsel to prosecute the ZAI "Science Trial" issues on behalf of the ZAI Claimants' position against the Debtors' position (the "Appointment Order"). The Appointment Order permitted RPWB to utilize additional counsel in specific capacities. William D. Sullivan was selected to act as Delaware Counsel for RPWB, whose attorneys are not admitted to practice in Delaware and do not maintain an office in that state. Mr. Sullivan has previously been associated with the firms of Elzufon, Austin, Reardon, Tarlov & Mondell ("EARTM") and Buchanan Ingersoll, PC ("BIPC"), but on July 24, 2006, moved his

...

practice to William D. Sullivan, LLC ("Sullivan"). The RPWB firm has continued to use Sullivan due to Mr. Sullivan's extensive experience in representing the ZAI Claimants.

3.  The Appointment Order authorizes a total budget for ZAI Counsel of $1.5 million in fees and $500,000 in expenses for prosecuting the Science Trial, against which Sullivan may be compensated for legal services at its hourly rates as specified to the Court, and for actual and necessary out-of-pocket expenses incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and all applicable local rules and orders of this Court[2]. On May 3, 2001, this Court entered the Interim Compensation Order on April 17, 2002 and the Amended Interim Compensation Order was entered on July 28, 2003, the Court entered an Order authorizing an additional budget of $950,000.00 per side for additional attorney fees and expenses.

## Monthly Interim Fee Applications Covered Herein

4.  Pursuant to the procedures set forth in the Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application") subject to any objections lodged by the Notice Parties, as defined in the Compensation Order. If no objection is filed to a Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

---

[2] The rates billed by Sullivan are within the range of rates previously identified to the Court which were the current hourly rates at that time. Sullivan lawyers and professionals are being billed at rates commensurate with their experience and in the same range as other firms are billing in this bankruptcy.

5.  Furthermore, and also pursuant to the Compensation Order, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

6.  This is the Fifth Interim Quarterly Fee Application that Sullivan (formerly associated with EARTM and BIPC) has filed with the Bankruptcy Court in connection with these Chapter 11 Cases (see Paragraph 2 and Footnote 1).

7.  Sullivan has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

> Applications of William D. Sullivan, LLC for Compensation for Services and Reimbursement of Expenses as ZAI Local Counsel for the Interim Periods of July 1, 2007 through July 31, 2007, filed November 14, 2007, for the interim periods from August 1, 2007 through August 31, 2007, filed November 14, 2007, and for the interim periods from September 1, 2007 through September 30, 2007 filed November 14, 2007 (the "July – September Fee Applications" or "Applications") are attached hereto as Exhibit A.

8. The period for objecting to the fees and expense reimbursement requested in the July through September Fee Applications has lapsed.

9. During the Fee Period, Sullivan has prepared for and assisted in the ZAI Science Trial as detailed in the Applications.

### Requested Relief

9. By this Twenty-Sixth Interim Quarterly Fee Application, Sullivan requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Sullivan for the Fee Period as detailed in the Application, less any amounts previously paid to Sullivan pursuant to the Application and the procedures set forth in the Compensation Order. The full scope of services provided and the related expenses incurred are fully described in the July – September Fee Applications, which are attached hereto as Exhibit A.

### Disinterestedness

10. Sullivan does not hold or represent any interest adverse to the ZAI Claimants.

11. Sullivan may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the ZAI matters pending in the Debtors' Chapter 11 Cases.

### Representations

12. Sullivan believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

13. Sullivan performed the services for which it is seeking compensation under its Court Appointment effective as of July 22, 2002.

14. During the Fee Period, Sullivan has received no payment, nor has it received any promises for payment, from any other source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

15. Pursuant to Fed. R. Bank. P. 2016(b), Sullivan has not shared, nor has it agreed to share: (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Sullivan; or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

16. Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. Sullivan reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

WHEREFORE, Sullivan respectfully requests that the Court enter an order providing: (a) that for the Fee Period an administrative allowance be made to Sullivan in the sum of (i) $2,119.00 as compensation for reasonable and necessary professional services, and (ii) $690.00 for reimbursement of actual and necessary costs and expenses incurred (for a total of $2,809.00); (b) that the Debtors be authorized and directed to pay to Sullivan the outstanding amount of such sums less any sums previously paid to Sullivan pursuant to the Application and the procedures set forth in the Compensation Order; and (c) that this Court grant such further relief as is equitable and just.

Dated: March 5, 2008
Wilmington, Delaware

WILLIAM D. SULLIVAN, LLC

/s/ William D. Sullivan

William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195

DELAWARE COUNSEL
FOR ZAI CLAIMANTS