IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| Debtors. | ) | Hearing Date: March 17, 2008 at 1:00 P.M. |
| | ) | |
| | ) | Re: Docket Nos. 15209, 15210, 15421 |

**DEBTORS' OPPOSITION TO
SPEIGHTS & RUNYAN'S MOTION
FOR EXTENSION OF TIME FOR THREE
CLAIMANTS TO FILE A MEMORANDUM REGARDING
MOTION TO ALTER OR AMEND THE COURT'S ORDER**

**"No good deed goes unpunished." – Clare Booth Luce**

It has become crystal clear that the Speights & Runyan firm has absolutely no desire to have this Court rule on the legitimacy of their property damage claims. It is equally clear that Speights & Runyan is promoting a "stall and delay" approach to its claims so that, when the Debtors move toward confirmation of a Plan, the law firm will have sufficient claims that have not been expunged to demand a large piece of the reorganization pie. Speights & Runyan is now using Pittsburgh counsel for Grace (J. Restivo), who ironically has attempted to work with Mr. Speights throughout this litigation, as a further tool in this "stall and delay" program.

### Contrary to the Inferences in the Speights & Runyan Motion, Pittsburgh Counsel Attempted to Resolve Matters with the Law Firm; Any Lack of Progress was due to Speights & Runyan

The facts are not quite as set forth in the Speights & Runyan Motion.

On September 1, 2005, Grace challenged the authority of Speights & Runyan to file certain asbestos property damage claims in Debtors' Thirteenth Omnibus Objection. Extensive litigation between Speights & Runyan and Grace ensued. On April 17, 2007, the Court disallowed and expunged 71 claims for lack of timely authority.

On April 27, 2007, Speights & Runyan moved to alter or amend this ruling with respect to three claims -- Bayview Hospital, Children's Hospital and Jameson Hospital. The parties have been litigating these three claims ever since, with Speights & Runyan, *inter alia*, filing multiple motions to "supplement" the record (Docket No. 16466), to "summarize" the record (Docket Nos. 15209, 15210) and to otherwise avoid argument on its motion to alter or amend.

At the November 26, 2007 Omnibus Hearing, the Court set argument for the February 25 Omnibus Hearing. The Court adopted the parties' agreement that Speights & Runyan's brief would be due on February 15, 2008 and Grace's brief would be due on February 22, 2008. At the January Omnibus Hearing, the Court moved argument to the March 17, 2008 Omnibus Hearing as an accommodation to Mr. Speights who had to argue yet another motion to be relieved from a ruling of this Court on that date, that one on claims by Allegheny Center.

On or about January 15, 2008, Mr. Speights complained to Pittsburgh counsel that Grace had been ordered to discuss settlement of Bayview Hospital, Children's Hospital and Jameson Hospital, and that Chicago counsel had refused to do so.

As a accommodation to Mr. Speights, Pittsburgh counsel obtained authority to discuss these **three** cases with Mr. Speights, notwithstanding the fact that Pittsburgh counsel had not participated in the almost two years of litigation over these so-called "alter or amend" lack of authority claims.

One issue that was litigated during this almost two-year period was the authenticity of the authorizations obtained by Speights & Runyan. While there was good and valid reason to question authenticity, in an attempt to move these matters along and to simplify the argument to be held on February 25, Pittsburgh counsel announced at the January Omnibus Hearing that Grace would waive its authenticity objection to these lack of authority claims on these three buildings; Speights & Runyan was not asked to, and did not provide, any accommodation in return:

> MR. RESTIVO: Secondly, Your Honor, I hope this simplifies this a little bit, at the last argument there really were two issues – one, whether or not the authority was authentic and then, secondly, the legal issue of whether or not notice of authority was given consistent with the Court's September 23 order. In discussions with Mr. Speights, I have advised him that we will waive our authenticity objection and ask the Court to rule solely on the issue of the legal question, and he is already obligated to file his brief on that issue by February 15. Grace is obligated to reply by February 22nd. And so that argument at the February omnibus will now be limited to what was called "the legal issue" the last time this was discussed in court. (January 28, 2008, Tr., at 32, ll. 5-17.)

As stated above, the Court at the January 28 Omnibus Hearing moved this argument to the March Omnibus Hearing to accommodate Mr. Speights. Contrary to Speights & Runyan's current motion seeking to delay adjudication of these three claims – Mr. Speights agreed that argument on the three "alter or amend" claims would take place at the March 17 Omnibus. (January 18, 2008, Tr., at 34, ll. 7-16.)

After January 15 and after Pittsburgh counsel advised Mr. Speights he had authority to try to negotiate the **three** "alter or amend" claims, Mr. Speights made demands on each of the three claims identified above. Shortly thereafter, Pittsburgh counsel made offers on each of the claims. Pittsburgh counsel made it clear that each offer was a separate offer and that it was not a "package" offer that required all three separate hospitals to accept. Pittsburgh counsel stated that if all accepted, then three cases would be settled; if two accepted, then two would be settled, etc. Contrary to the statement or implication in the Speights & Runyan motion, Pittsburgh counsel did not state that he would be interested in discussing just one of the three cases.

By Pittsburgh counsel's count, there were approximately a half dozen settlement discussions with Mr. Speights. At some point in those discussions, Mr. Speights **unilaterally** decided that the parties would discuss only the claim of Jameson Hospital, and possibly discuss the other two hospitals depending upon how the discussions on Jameson Hospital went.

Stated differently, while now claiming in his motion that the Court ordered the parties to discuss settlement of all **three** claims, in fact, Mr. Speights **unilaterally** took two of the three claims off the table and refused to respond to Grace's counter-offers on Bayview Hospital and Children's Hospital.

At that point, Pittsburgh counsel naturally became frustrated by this turn of events and was cognizant of the fact that Mr. Speights had represented to and convinced the Court that settlement offers generally should be conveyed between the parties through a mediator:

> MR. SPEIGHTS: And I advised the debtor that I didn't think that
> was an appropriate way to proceed with mediation, by making
> demands beforehand. I'd be happy to tell a mediator my demands.
> (January 28, Tr., at 35, ll. 23-25.)

Pittsburgh counsel therefore advised Mr. Speights that rather than respond to his counter-demand on a single building, he was convinced that no progress could be made with Mr. Speights outside of the mediation Mr. Speights had demanded and to which the Court had acceded.

It should be noted that there were no hard feelings between Pittsburgh counsel and Mr. Speights on this account. Indeed, on February 14, 2008, Mr. Speights called Pittsburgh counsel, stated that he desired a short extension to file his brief that was due the next day because his daughter was about to give birth in Charleston, and further stated that the history between his firm and Chicago counsel was such that he felt uncomfortable asking Chicago counsel for an extension. (It also should be noted that Chicago counsel had granted extensions of time to Mr. Speights in the past.)

Pittsburgh counsel obtained the requisite authority from Grace and, that very day, gave Mr. Speights a ten-day extension to file his brief. While Mr. Speights subsequently advised Pittsburgh counsel that he was going to file a motion seeking to delay the adjudication of these claims because Pittsburgh counsel did not want to respond to a single claim counter-offer without mediator involvement, Mr. Speights did not advise Pittsburgh counsel of this fact when asking for the extension to file his responsive brief.

On February 25, 2008, instead of filing a brief on the merits of the three remaining "alter or amend" claims, as had been agreed upon, Mr. Speights filed his motion to extend the time for argument. (In another effort to bring a halt to this endless delay, on February 28, Pittsburgh counsel made another counter offer to resolve the Jameson Hospital claim.)

## **CONCLUSION**

Mr. Speights has repeatedly represented to this Court that he is not seeking mediation in order to have this Court delay issuing any rulings on the long outstanding motions for summary judgment:

> MR. SPEIGHTS: I just want to point out that in December I stood up and said I was not asking to stay the proceedings . . . [and] not to stop you from making any rulings . . . (January 28, 2008, Tr., at 45, ll. 1-4, 7.)
>
> MR. SPEIGHTS: I'm not trying to hold up the rulings. (Id. at 47, ll. 3-4.)
>
> MR. SPEIGHTS: I'm not here to beg for a stay of litigation . . . (December 17, 2007, Tr., at 41, l. 16.)

But, his actions speak louder than his words. He has taken the attempts by Pittsburgh counsel to do a "good deed" and sought to punish the Debtors with even more delay. His motion should be denied, argument should be held as agreed on the last remaining issue on these three claims (the so-called "legal" issue, Grace having waived the authenticity objection) and the Court should rule.

Dated: March 7, 2008

REED SMITH LLP
James J. Restivo, Jr. (Bar No. 10113)
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa Esayian
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

                PACHULSKI STANG ZIEHL & JONES LLP
                Laura Davis Jones (Bar No. 2436)
                James E. O'Neill (Bar No. 4042)
                Timothy P. Cairns (Bar No. 4228)
                919 North Market Street, 17th Floor
                P.O. Box 8705
                Wilmington, DE 19899-8705
                (Courier 19801)
                Telephone: (302) 652-4100
                Facsimile:  (302) 652-4400

        By: _____
                Co-Counsel for the Debtors and
                Debtors in Possession