IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

STIPULATION RESOLVING CLAIM OF
DAVID G. SLAUGHTER (CLAIM NO. 5703)

This stipulation ("Stipulation") is entered into this 28th day of February 2008, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and David G. Slaughter ("Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 12408213.1

**WHEREAS,** on September 18, 2001, the Bankruptcy Court entered the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding* [Docket No. 936] (the "Settlement Order"), allowing the Debtors to, among other things, settle claims in an amount that does not exceed $50,000, without further action by the Bankruptcy Court.

**WHEREAS,** on April 22, 2002, the Bankruptcy Court issued its *Order as to all Non-asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice Program* (the "Bar Date Order"), which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims. [Docket No. 1963].

**WHEREAS,** on or about February 18, 2003, Claimant filed a proof of claim ("Claim No. 5703") against the Debtors asserting an unsecured nonpriority claim in the amount of $1,375,000, arising from a non-asbestos personal injury.

**WHEREAS,** on or about July 17, 2006, the Debtors filed an objection to Claim No. 5703 [Docket No. 12819] in which the Debtors sought to disallow and expunge the claim on the basis of no liability.

**WHEREAS,** on August 6, 2006, the Claimant filed a response to the Debtors' objection to Claim No. 5703; and

**WHEREAS,** the Debtors and Claimant have agreed to settle Claim No. 5703 on the terms and conditions set forth herein.

K&E 12408213.1

**NOW, THEREFORE**, after a thorough review of Claim No. 5703, discussion and negotiations, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. Claim No. 5703 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $12,000. Claimant shall not be entitled to pre-petition or post-petition interest on Claim No. 5703 with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan"). Claim No. 5703 shall be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to the Plan (except with respect to the payment of interest as described above).

2. Upon execution of this Stipulation by all parties, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that Claim No. 5703 shall be allowed as outlined herein.

3. Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional claims against the Debtors other than enforcement of the obligations of the Debtors set forth in this Stipulation.

4. The Debtors shall take whatever additional action, if any, is necessary to make sure that Claim No. 5703 is allowed as outlined herein.

5. Pursuant to the Settlement Order, upon execution of this Stipulation by the parties, the Stipulation shall be binding on all parties including the Debtors.

6. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The

K&E 12408213.1

parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

7. This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to matters set forth herein.

8. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

David G. Slaughter

By: *Erin M. Alley*
Erin M. Alley
Bagget, McCall, Burgess & Watson
(A Professional Law Corporation)
3006 Country Club Road
Post Office Drawer 7820
Lake Charles, LA 70606-7820

Counsel for Claimant

Date: 2/28/08

W. R. Grace & Co., et al.

By: *Janet S. Baer*
Janet S. Baer
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL 60601

and

Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899-8705

Co-Counsel for the Debtors and
Debtors in Possession

Date: 2/28/08

K&E 12408213.1