**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: March 21, 2008 @ 12:00 p.m.** |
| | ) | **Hearing Date: March 24, 2008 @ 9:00 a.m. in Pittsburgh, Pennsylvania** |

**MOTION IN LIMINE OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS AND FUTURE CLAIMANTS' REPRESENTATIVE RELATING TO SETTLEMENT INFORMATION SUBJECT TO THE DEBTORS' RULE 408 ARGUMENT**

The Official Committee of Asbestos Personal Injury Claimants (the "ACC") and the Future Claimants Representative (the "FCR"), by and through the undersigned counsel, hereby move for an order that, under Federal Rule of Evidence 408, evidence of past settlements and settlement criteria are admissible for the purpose of estimating pending and future asbestos personal injury claims, and that, under Federal Rule of Evidence 703, evidence of past settlements and settlement criteria may serve as the basis for expert testimony in this proceeding.

This motion is made necessary by W.R. Grace's internally contradictory position on the question. Grace maintains that the ACC and FCR cannot use Grace's past settlements and settlement criteria to estimate pending and future asbestos personal injury claims or to rebut Grace's contention that the tort system compelled Grace to settle meritless claims. But, at the same time, Grace contends that it is free to use its own cherry-picked selection of past settlements to estimate pending and future asbestos claims against it.

The Court has not yet ruled on Grace's argument (made in its December 7, 2007 *Daubert* motion [D.I. 17586] at 30-32). The Court must, however, address that argument now. Grace,

the ACC, and the FCR all intend to offer evidence of past settlements to support their various positions in the estimation proceeding when trial resumes. Dr. Thomas Florence, Grace's principal estimation expert, will be testifying in the next few trial days. It appears clear from Dr. Florence's reports that he will testify to the amounts Grace paid to settle certain past claims prior to Grace's bankruptcy petition, and that he will use those selectively favorable settlement values as the basis for all of his estimates of aggregate liability. *See* Thomas Florence, Supplemental Report, September 25, 2007 at 15-16. When the ACC and FCR estimation experts, Dr. Mark Peterson and Ms. Jennifer Biggs, testify, they will also testify as to Grace's past actions in settling claims, and other ACC and FCR fact and expert witnesses, and documents offered into evidence through them, will likewise make reference to Grace's settlement record.

Past settlements and settlement criteria are clearly admissible to estimate pending and future asbestos personal injury claims and may be used for that purpose. Grace's argument, as explained below, ignores both Rule 408 itself and binding case law and should be denied. But if the Court were to accept Grace's argument and exclude the settlement-based evidence that the ACC and FCR's witnesses would rely on, elementary fairness – what has sometimes in this proceeding been called the "sauce for the goose" rule – means the Court must bar Grace's own use of settlement-derived evidence as well. And it must do so now, before Grace itself uses the evidence in its case.

The error of Grace's self-contradictory position is clear from Rule 408 itself. The Rule provides as follows:

> (a) Prohibited uses.—Evidence of the following is not admissible on behalf of any party, ***when offered to prove liability for, invalidity of, or amount of a claim*** that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

>  (1) furnishing or offering or promising to furnish —or accepting or offering or promising to accept— a valuable consideration in compromising or attempting to compromise the claim; and
>
>  (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> (b) Permitted uses. —This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). . . .

Fed. R. Evid. 408 (emphasis added). Thus, Rule 408 does not bar all settlement evidence indiscriminately; it prohibits only an attempt to show the liability, validity or amount of "a claim", by the introduction of evidence of a compromise of "the claim" — the *same* claim. It explicitly permits such evidence if offered for another purpose.

Courts have noted just this distinction in overruling a Rule 408 objection in precisely the same circumstances as in this case. In *In re Babcock & Wilcox Co.*, 274 B.R. 230 (Bankr. E.D. La. 2002), the court addressed the issue in an estimation of a debtor's aggregate asbestos liability for purposes of formulating a plan. The debtor argued that Rule 408 prevented the court from considering its prior settlement history and protocol when estimating the debtor's aggregate asbestos liability. *Id.* at 256. The court flatly rejected this argument, explaining that the Rule permits the use of settlements when offered for the purpose of estimating liability on *different* claims. *Id*. It further held that "the court, in determining whether B&W's future estimation of tort liabilities was reasonable, can consider both settlements by B&W and other case histories against other asbestos defendants as part of the grounds for its decision." *Id.* at 256-57. The

court reasoned that refusing to admit the debtor's settlement history would amount to closing "one's eyes to the realities that existed [prior to the bankruptcy filing]." *Id.* at 256-57.[1]

Here, as in *Babcock*, the individual personal injury claims that Grace settled before its bankruptcy petition are not the same claim that is at issue in this proceeding – which is the estimated aggregate cost to Grace to resolve wholly different pending and future claims that Grace would have faced had it remained in the tort system instead of seeking bankruptcy protection. On the question of what claims Grace would settle and what it would have had to pay to settle, the best evidence is how, by what standards, and at what aggregate cost, Grace resolved similar claims in the past, just as the price of comparable property is strong evidence of the value of a different piece of property when that value is at issue.

Even if Rule 408 did render settlements inadmissible, under the Federal Rules of Evidence an expert may nevertheless rely on them to render an opinion. Rule 703 provides that expert testimony based upon facts or data which are not independently admissible may be introduced if the information relied upon is "of a type reasonably relied upon by experts in the particular field." Fed. R. Evid. 703. This rule allows expert witnesses to base their opinions on information that is inadmissible when that sort of information is generally accepted or relied upon in the expert's field. *See*, *e.g.*, *S. Cent. Petroleum, Inc. v. Long Bros. Oil Co.,* 974 F.2d 1015, 1019 (8th Cir. 1992) (Rules of Evidence permit experts to rely on inadmissible information

---

[1] *See also Broadcort Capital Corp.* v. *Summa Med. Corp.*, 972 F.2d 1183, 1194 (10th Cir. 1992) (evidence of statements made in negotiation of a different dispute admitted because "Rule 408 did not bar this evidence because it related to settlement discussions that involved a different claim than the one at issue in the current trial"); *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 293 (2d Cir. 1999) (evidence of a settlement can fall outside Rule 408 if offered "for a purpose other than to prove or disprove the validity of the claims that the agreement was meant to settle"); *Herman v. City of Allentown*, 985 F. Supp. 569, 577 (E.D. Pa. 1997) (Rule 408 does not bar settlement evidence where not offered to prove validity of claim settled).

in forming their opinion as long as the underlying information is regularly and reasonably relied upon in the relevant field).  It is indisputable that evidence concerning Grace's historical settlement criteria and settlement history is information of a type regularly and reasonably relied upon by experts in the field of estimation of aggregate asbestos liability – indeed, the testifying expert witnesses in *every* contested asbestos liability estimation case to date have heavily relied upon the debtor's past claims resolution and settlement history and the company's settlement criteria as a basis for their estimates.  *See*, *e.g.*, *In re Armstrong World Indus., Inc.*, 348 B.R. 111, 123-26 (D. Del. 2006); *In re Federal-Mogul Global, Inc.*, 330 B.R. 133, 145, 155 (D. Del. 2005); *In re Owens Corning*, 322 B.R. 719, 721-25 (D. Del. 2005); *Babcock & Wilcox*, 274 B.R. at 240, 256-57; *In re Eagle-Picher Indus., Inc.*, 189 B.R. 681, 690-92 (Bankr. S.D. Ohio 1995).

The only rationale Grace offers for distinguishing the ACC and FCR's use of settlements and Grace's own use likewise has no basis whatsoever in the Rule.  Grace seeks to draw a distinction between what it describes as its use of past settlements as evidence of the "amount" of liability on a claim, which Grace claims is proper under the Rule, and what Grace claims is the ACC and FCR's use of past settlements as evidence of "liability" on a claim, which Grace claims would contravene the Rule.[2]  Apart from the fact that no such distinction can actually be drawn, it also fails to make any difference under the Rule.  By its explicit terms, Rule 408 applies equally to evidence "offered to prove ***liability*** for, invalidity of, ***or amount of*** a claim."  Fed. R. Evid. 408 (emphasis added).  Grace would simply erase the "amount" element of the Rule, while applying the "liability" element to the ACC and FCR.

In sum, under Federal Rule of Evidence 408, this Court should enter an order providing that evidence of past settlements and settlement criteria are admissible for the purpose of

---

[2]  *See* Debtors' January 7, 2008 Reply in support of its *Daubert* motion [D.I. 17779] at 14-15.

estimating pending and future asbestos personal injury claims, and that under Federal Rule of Evidence 703, evidence of past settlements and settlement criteria may serve as the basis for expert testimony in this proceeding. Indeed, neither side should be barred by Rule 408 from introducing evidence drawn from Grace's pre-petition settlement practices nor should their experts be prevented from using it. Each side is, of course, free to urge that differing conclusions be drawn from that evidence. But should the ACC and FCR be barred from using evidence of Grace's past settlement history, the same holding must also apply to Grace and its own evidence drawn from its settlement history.

(Remained of Page Intentionally Left Blank)

Dated: March 14, 2008

CAMPBELL & LEVINE, LLC

*/s/ Mark T. Hurford*
Marla R. Eskin (DE ID No. 2989)
Mark T. Hurford (DE ID No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900

– and –

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10022-4614
Telephone: (212) 319-7125

Peter Van N. Lockwood
Nathan D. Finch
Walter B. Slocombe
James P. Wehner
One Thomas Circle, NW
Washington, DC  20005
Tel: (202) 862–5000

*Counsel to the Official Committee of Asbestos Personal Injury Claimants*

Respectfully submitted,

PHILLIPS, GOLDMAN & SPENCE, P.A.

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (DE ID No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200

– and –

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard Wyron
Raymond G. Mullady, Jr.
1152 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 339-8400

John Ansbro
666 Fifth Avenue
New York, NY 10103
(212) 506-5000

*Counsel to David T. Austern, Future Claimants' Representative*