# Exhibit D

US District Court - Delaware
Chapter 11 - W.R. Grace

FINAL - November 1, 2007
Dr. Mark Peterson

Page 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

-------------------------------------------------

CHAPTER 11

IN RE:

W.R. GRACE & CO., ET AL.,

        DEBTORS.

CASE NO. 01-1139 (JFK)

JOINTLY ADMINISTERED

-------------------------------------------------

VIDEOTAPED DEPOSITION

Dr. Mark Peterson

November 1, 2007

Westlake Village, California

Lead:  David M. Bernick, Esquire

Firm:  Kirkland & Ellis

FINAL COPY

JANE ROSE REPORTING  1-800-825-3341

US District Court - Delaware
Chapter 11 - W.R. Grace

FINAL - November 1, 2007
Dr. Mark Peterson

Page 24

1    inclusive than just my method.  My method is a method

2    that has been used and accepted in the litigation by

3    courts for -- oh, well, I don't know if courts have gone

4    back 20 years, but it's certainly been accepted and

5    recognized by participants in the litigation for over 20

6    years, yes.

7    **Q.  Well, I just want to know, has your method been**

8    **accepted for over 20 years?  I think you've -- I think**

9    **I've seen you testify to that, and it's been in your**

10   **reports in Armstrong, Federal Mogul, Babcock and Wilcox,**

11   **you have testified repeatedly that your method has been**

12   **the accepted standard method for estimating future**

13   **liabilities for over 20 years.  True or not?**

14   A.  I don't think I would answer that question

15   precisely in the way you worded it.  I don't think I can

16   answer it precisely the way you've worded it.

17   **Q.  Okay, I'll break it down.**

18   MR. MULLADY:  Can he finish his answer?

19   MR. FINCH:  Finish his answer.

20   BY MR. BERNICK:

21   **Q.  Finish your answer.**

22   A.  There is a standard way to forecast asbestos

23   liabilities, of which there are several approaches to

24   it.  One is called the Nicholson method, one's called

25   the Peto method.  There may be others.  I guess

US District Court - Delaware          FINAL - November 1, 2007
Chapter 11 - W.R. Grace                        Dr. Mark Peterson

Page 25

1    Dr. Biggs uses a method that's somewhat different from
2    both of those.  Ms. Biggs.  But basically, they all
3    share important similarities and that's the standard way
4    to forecast liabilities for asbestos litigation.
5        Mine is one of -- one of those.  It was the
6    first method developed to deal with forecasting claims,
7    and it has been used for over 20 years, it's been used
8    for 25 years, and it has been recognized as a forecast
9    by insurers, defendants, courts, a number -- trusts,
10   over the course of that years, they've based their
11   decisions on it.
12       So that's -- that's my -- I think that's the
13   most complete answer I can give to you.
14       **Q.  Well, the record will be whatever it is.  I'm**
15   **going to ask you a question, then, more specifically.**
16   **Have you testified that the method that you've used to**
17   **estimate future liabilities is a standard method?**
18       A.  I believe I have so testified, yes.
19       **Q.  Have you testified that the method that you used**
20   **to estimate future liabilities is an accepted method?**
21       A.  Yes.
22       **Q.  Have you testified that the method that you used**
23   **to estimate future asbestos liabilities has been a**
24   **standard accepted method for over 20 years?**
25       A.  I don't recall whether I've testified precisely

US District Court - Delaware
Chapter 11 - W.R. Grace

FINAL - November 1, 2007
Dr. Mark Peterson

Page 28

1    questions.
2        MR. FINCH:  Dr. Peterson, have you finished with
3    your answer?
4        THE WITNESS:  Yes.
5        MR. BERNICK:  Thank you.
6    Q.  Is it still true -- I'm just going to cover a
7    few of these questions, rather than going back over all
8    the things that you covered in your deposition then, and
9    I want to focus on a few things and they won't be a
10   surprise to you because I think other people have asked
11   you the same things over time.
12       Is it true today that your method involves
13   projecting the cost of resolving asbestos liability
14   claims against a specific company?
15   A.  Some, but not all of the costs.
16   Q.  Okay.  Then I'll be more specific.
17       Is it true that your method is designed to and
18   does project the cost of resolving asbestos liability
19   claims insofar as the cost of settling those claims is
20   concerned?
21   A.  That's part of the cost that a defendant would
22   incur in resolving asbestos claims, but certainly not
23   all.
24   Q.  Okay.  And here that company is W.R. Grace,
25   correct?

US District Court - Delaware
Chapter 11 - W.R. Grace

FINAL - November 1, 2007
Dr. Mark Peterson

Page 29

1    A.  In this case, yes.

2    Q.  Is it true that in doing your projections, you

3    consider disease trends but you are not predicting

4    disease trends?

5    A.  You're speaking of the incidence and prevalence

6    of disease?

7    Q.  That's correct.

8    A.  That's correct.

9    Q.  Okay.  Is it true that in your work on this

10   case, according to your standard method, that you do not

11   determine how much disease was caused or contributed to

12   by W.R. Grace?

13       MR. FINCH:  Object to form.

14       THE WITNESS:  I don't quantify that, no.

15   BY MR. BERNICK:

16   Q.  That is not the output of your work, your

17   estimation work, correct?

18   A.  That's correct.

19   Q.  Okay.  Now, Mr. Stallard, Research Professor

20   Stallard --

21   A.  Actually I think he's a doctor.

22   Q.  Well, that's what we thought, but he's not.

23       MR. FINCH:  Apparently not.

24   BY MR. BERNICK:

25   Q.  And I don't mean to demean him.  The guy's done

JANE ROSE REPORTING
1-800-825-3341  janerosereporting.com

US District Court - Delaware
Chapter 11 - W.R. Grace

FINAL - November 1, 2007
Dr. Mark Peterson

Page 180

1    **before the bankruptcy was filed, that is while Grace was**

2    **still in the tort system.  Correct?**

3    MR. MULLADY:  Objection to the statement

4    preceding the question.  Move to strike it.

5    BY MR. BERNICK:

6    **Q.  I'll just put it to you:  Was one of the**

7    **parameters that guided your work, that you were**

8    **estimating the liability of Grace as it existed the day**

9    **before the Chapter 11 was filed?**

10   A.  No.  I think the purpose -- no, I don't think

11   that's the primary purpose of it.

12   **Q.  Well, the day that Grace filed the Chapter 11,**

13   **it was in bankruptcy; it wasn't in the tort system,**

14   **right?**

15   MR. MULLADY:  Objection; calls for a legal

16   conclusion.

17   MR. BERNICK:  Ray, that's going to be disputed,

18   that once Grace is in bankruptcy it's no longer in the

19   tort system.

20   THE WITNESS:  What time of day?

21   ***

22   (Whereupon a discussion was held off

23   the record.)

24   ***

25   THE WITNESS:  The forecast pertains to what

US District Court - Delaware
Chapter 11 - W.R. Grace

FINAL - November 1, 2007
Dr. Mark Peterson

Page 181

1   Grace would have to pay as these claims came to it, came

2   up in the ordinary course of the

3   tort system, so if a claim arose ten years in the

4   future, it will have somewhat different value than a

5   claim did on the day of the bankruptcy, simply because

6   of inflation.

7   BY MR. BERNICK:

8       Q.  What do you think?

9       A.  And so I think that it's -- the attempt is to

10  say what would be the value of the claim when it came up

11  to be liquidated and resolved by Grace, and those are

12  not all going to be liquidated on the date of the

13  bankruptcy.

14      Q.  Would it be fair to say that instead of

15  estimating Grace's liability, what you are estimating is

16  its current and expected cost of resolution?  Would that

17  be a fair way of putting it?

18      A.  Well, I think more specifically it's the value

19  of the claim.  This is an estimation of the value of the

20  asbestos claims.  The value of the claims, presumably

21  the cost they would have to pay, and that cost is a

22  settlement cost based upon considerations of liability,

23  but it's the cost that I would expect that would be

24  paid, borne by Grace to settle that claim.

25      Q.  Is a parameter for your analysis, the cost that