# Exhibit D

```
              UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF DELAWARE

IN RE:                        .    Case No. 01-1139(JFK)
                              .
                              .
W. R. GRACE & CO.,            .
                              .    5414 USX Tower Building
                              .    Pittsburgh, PA  15222
                              .
         Debtor.              .
                              .    December 5, 2006
. . . . . . . . . . . . . ..       8:21 a.m.

                    TRANSCRIPT OF HEARING
                 ARGUMENT ON MOTION TO COMPEL
              BEFORE HONORABLE JUDITH K. FITZGERALD
               UNITED STATES BANKRUPTCY COURT JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Debtor: | Kirkland & Ellis, LLP<br>By: DAVID. M. BERNICK, P.C., ESQ.<br>    AMANDA BASTA, ESQ.<br>    DAVID MENDELSON, ESQ.<br>Aon Center<br>200 East Randolph Drive<br>Chicago, IL  60601 |
| Unsecured Creditors'<br>Committee: | Stroock & Stroock & Lavan, LLP<br>By: KENNETH PASQUALE, ESQ.<br>180 Maiden Lane<br>New York, NY  10048-4982 |
| For the FCR: | Orrick<br>By: RAY MULLADY, ESQ.<br>Washington Harbour<br>3050 K Street, N.W.<br>Washington, D.C.  20007-5135 |
| Audio Operator: | Janet Heller |

Proceedings recorded by electronic sound recording, transcript produced by transcription service

---

**J&J COURT TRANSCRIBERS, INC.**
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@optonline.net

(609) 586-2311    Fax No. (609) 587-3599

1  an admission of liability, you're not entitled to get into what
2  Mr. Hughes' thought processes were in order to establish that
3  it was an admission of liability.
4         THE COURT: Okay. What I heard from Mr. Lockwood
5  wasn't that this is supposed to be used as an admission of
6  liability. That was to determine, I think the word was
7  strategy, the debtor's pre-petition strategy for determining
8  how to pay claims in the tort system. Not he reasons for it,
9  but essentially the fact that claims were being paid in the
10 tort system. The debtor didn't --
11        MR. BERNICK: They're both stipulating the fact --
12 they'll stipulate to the fact that the debtor paid claims in
13 the tort system. We'll stipulate to what claims they paid and
14 what they paid for it. That's not why we're here. He wants
15 the strategy involved in settlement for purposes of being -- we
16 went through this exact same situation in the Babcock and
17 Wilcox cases, it's not the first time this has happened. They
18 wanted to call Mr. Knight, bu they were succeeded and used
19 fraudulent conveyance. It was not estimation.
20        They called Mr. Knight to be able to establish that
21 (indiscernible) successfully, that the settlements were made
22 because Babcock and Wilcox thought they were liable. And by
23 doing that, they sought to establish now in the context of
24 fraudulent conveyance, liability. They said because you
25 settled and you settled on the basis of feeling that you had

Case 01-01139-AMC    Doc 18309-7    Filed 03/17/08    Page 4 of 5

61

1  exposure to the tort system, that equals liability, legal
2  liability for insolvency purposes. And that's what they sought
3  to pursue.
4       THE COURT: Of course you're settling because you
5  think you have some exposure in the tort system. But that
6  doesn't mean that you were legally liable.
7       MR. BERNICK: That's the whole point. And Rule 408
8  prevents that second argument from being made. That is the
9  argument, however, that they are making. That's why they want
10 to say that Rule 408 does not apply, but it does. We have to -
11 - we go down this road, not because of the settlement terms,
12 they're coming out, they're being used. But because they want
13 to use the settlements to solve the problem of being able to
14 demonstrate legal liability. There's not a question of value
15 in claims, it is which claims should be paid based upon the
16 legal grounds before you get to the question of how much to pay
17 for them?
18      We have to  have -- we only have to pay what we're
19 obligated to pay. We don't have to pay anything more than what
20 we're obligated to pay.
21      THE COURT: The legal liability aspects in the past
22 are sort of irrelevant, aren't they, to the current claims and
23 the pending future claims?
24      MR. BERNICK: We would agree with that too.
25      THE COURT: So the purpose of the settlements would

1  be to say, for example, I'll use your example.  A severe case
2  of asbestos is settled for $10,000.  Now Grace's expert is
3  going to testify -- again, hypothetically -- that severe
4  asbestos' claims are really only worth $500.
5          MR. BERNICK:  No, no, that's not it.
6          THE COURT:  Just a minute.  They want to say, but you
7  settled them for $10,000, so they have to be worth more than
8  500 regardless of the reason why you settled because here's
9  self evidence of what your settlement history is.
10         MR. BERNICK:  That's not an issue.
11         THE COURT:  It's relevant to that point.
12         MR. BERNICK:  That's not even an issue.
13         THE COURT:  Okay.
14         MR. BERNICK:  What we're saying is, if we -- if this
15 asbestos claim was for a worker, A, is a bonafide asbestos
16 claim supposed to one of their (indiscernible) as a
17 diagnostician.  We'll get to that a little bit later on in the
18 day.  B, the person had very substantial exposure to Grace
19 asbestos because again, asbestos, you have to have a lot of
20 exposure for it to be causal.  We would then say that claim
21 passes the filter and we will value it for estimation purposes
22 at its historical value of $10,000.  We're not going to say,
23 oh, it's only worth $5,000.  Now, there's a caveat with respect
24 to a point that we'll get into later about settlements and what
25 he tort system settlements were which is joint and several