# Exhibit I

```
            UNITED STATES BANKRUPTCY COURT
                 DISTRICT OF DELAWARE


IN RE:                     .  Case No.  01-1139 (JKF)
                           .
W.R. GRACE & CO.,          .
et al.,                    .  USX Tower - 54th Floor
                           .  600 Grant Street
                           .  Pittsburgh, PA 15219
           Debtors.        .
                           .  January 22, 2008
. . . . . . . . . . . . . ..  9:07 a.m.


                  TRANSCRIPT OF TRIAL
         BEFORE HONORABLE JUDITH K. FITZGERALD
         UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtors:       Kirkland & Ellis, LLP
                       By:  DAVID BERNICK, ESQ.
                            BARBARA HARDING, ESQ.
                            BRIAN STANSBURY, ESQ.
                            SALVATORE BIANCA, ESQ.
                            HENRY THOMPSON, ESQ.
                            SCOTT McMILLAN, ESQ.
                       200 East Randolph Drive
                       Chicago, IL   60601



Audio Operator:        Janet Heller



Proceedings recorded by electronic sound recording, transcript
             produced by transcription service.
```

---

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail: jjcourt@optonline.net

(609) 586-2311     Fax No. (609) 587-3599

Weill - Direct/Bernick                                      61

1  universe.  This proof of claims database is it --
2           MR. FINCH:  But this --
3           THE COURT:  -- and if the claimant didn't file a
4  proof of claim against this estate, it's not going to be filed
5  in one against the trust.
6           MR. FINCH:  The -- but the -- there's a difference
7  between filing a proof of claim --
8           THE COURT:  Yes.
9           MR. FINCH:  -- in the bankruptcy, but -- and what
10 Grace is seeking to do here, which is to argue that the
11 materials produced in discovery in response to the
12 questionnaire tells you anything at all about Grace's legal
13 liability for those individual cases.
14          THE COURT:  I don't know what Grace is going to do
15 yet.  You're objecting to relevance to the question did Dr.
16 Henry look to see who had asbestos or not.  That's the
17 objection to relevance.  I don't even know who Dr. Henry is
18 yet.  There hasn't been any evidence as to who Dr. Henry is, so
19 this whole objection on the basis of this record as to
20 relevance at the moment, I have to overrule.  I have no idea
21 why this question as to whether Dr. Henry, whoever he is, on
22 the basis of this record looked to see who had asbestosis or
23 not isn't relevant.
24          MR. FINCH:  May I have a continuing objection on
25 relevance grounds to any analysis of the materials submitted

1  pursuant to the questionnaires?
2              THE COURT:  No, we don't even have -- I don't even
3  know what these documents are.  They haven't been offered.  I
4  haven't --
5              MR. FINCH:  Okay, then we'll --
6              THE COURT:  -- had them identified.
7              MR. FINCH:  Then we'll take them up on a document-by-
8  document basis but --
9              THE COURT:  We're going to have to until we get some
10 offer as to what the documents are, then I'll incorporate this
11 argument, Mr. Finch, and see where you want to go with it.  But
12 in terms of relevance as to the proof of claim -- proofs of
13 claim in this case, they are highly relevant to set what the
14 current base upon which Grace's number of claims will be
15 estimated is.
16             Now, in terms of liability, we're not there yet.  But
17 numbers of claims, they are very relevant, and the personal
18 injury questionnaire, that is discovery based upon those proofs
19 of claim, that has to have some relevant data.  Whether it will
20 be relevant in the connection in which a particular question is
21 offered, I don't know.  I can only examine that in light of the
22 evidence as it comes in.
23             MR. FINCH:  Thank you, Your Honor.
24             MR. BERNICK:  I do --
25             THE COURT:  Why don't we all take a five-minute

Weill - Direct/Bernick                                          63

1  recess, and then we'll --
2          MR. BERNICK:  Yes, what I --
3          THE COURT:  I'm sorry.
4          MR. BERNICK:  -- thought I would do while we're still
5  on the record -- I'm sorry, Your Honor -- is that I would
6  really -- I think I know what Mr. Finch is doing, which is that
7  he is making his record, and that's fine.  He wants to make his
8  record on his objection.  I would like to not have this
9  interfere with the witness continuing, so I would like to do is
10 to put squarely what the Henry study is.  That it is a study
11 that, in fact, does relate to materials submitted in connection
12 with the PIQs, so that Your Honor can, I'm presuming, rule then
13 with respect to this witness' ability to testify about the
14 Henry study.  And if -- at least we'll be done with that, so
15 that we don't have to go through this all as a hypothetical
16 exercise.  So as soon as he comes back, I will elicit that
17 testimony, and then maybe if Mr. Finch wants to make an
18 objection, he can make an objection, and we can go on.
19         I'm really concerned -- I mean this is all I think
20 much more efficiently handled -- if he wants to make an
21 objection, we don't need their whole brief all over again.  He
22 can simply say, well, you know, our position in this case is X,
23 Y, Z, Your Honor can rule, and we can get on with business.
24         MR. FINCH:  That's my intention, Your Honor.  I think
25 -- but I do have to protect the record, so that the District

**J&J COURT TRANSCRIBERS, INC.**