# Exhibit J

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## NOTICE OF DEPOSITION AND SUBPOENA

To All Parties on the Attached Service List:

**PLEASE TAKE NOTICE** that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, made applicable by Rules 7030 and 9016 of the Federal Rules of Bankruptcy Procedure, the United States District Court for the Northern District of Texas issued a subpoena (a copy of which is attached hereto) for Peter A. Kraus, Esq. This subpoena was served on October 4, 2007. The subpoena requires Peter A. Kraus, Esq. to appear for deposition on November 15, 2007 beginning at 9:30 a.m., CST at the offices of Waters & Kraus, 3219 McKinney Avenue, Dallas, TX 75204. The subpoena further requires Peter A. Kraus, Esq. to produce documents at the same location on November 1, 2007.

**TAKE FURTHER NOTICE** that the deposition shall be conducted before a person duly authorized to administer oaths in the relevant jurisdiction and will continue day-to-day until concluded. Testimony shall be taken by stenographic means and will also be recorded by sound-and-visual means. You are invited to attend and to cross-examine.

DOCS_DE:131655.1

## REQUESTED DOCUMENTS

### REQUEST NO. 1:

Any and all documents relating to the memorandum identified in the opinion of the United States District Court for the Southern District of New York in *G-1 Holdings Inc. v. Baron & Budd* as "a 20-page script entitled 'Preparing For Your Deposition'." 179 F. Supp. 2d 233, 241 (S.D.N.Y. 2001).

### REQUEST NO. 2:

Any and all documents relating to Your anticipated testimony in the Estimation Proceeding including, but not limited to, documents that You anticipate using to prepare for Your testimony in the Estimation Proceeding or which You anticipate relying on in Your testimony in the Estimation Proceeding or which form the basis for the facts to which You expect to testify in the Estimation Proceeding.

### REQUEST NO. 3:

Any and all documents relating to settlements with Grace of any claims for asbestos-related injuries brought by Waters & Kraus or Baron & Budd on behalf of persons alleging injuries due to asbestos-related disease caused by asbestos-containing products manufactured marketed or sold by Grace, including criteria for settlement, evaluations or assessments relating to settlement offers, evaluations of sufficiency of medical or exposure evidence for purposes of settlement.

### REQUEST NO. 4:

Any and all documents relating to the dismissal any claims for asbestos-related injuries brought by Waters & Kraus or Baron & Budd on behalf of persons alleging injuries due to asbestos-related disease caused by asbestos-containing products manufactured marketed or sold by Grace, including evaluations or assessments relating to dismissals, and the motivations, reasons or bases for such dismissals.

### REQUEST NO. 5:

Any and all documents constituting or reflecting communications, relating to motivations of Waters & Kraus or Baron & Budd to settle asbestos personal injury lawsuits brought against Grace prior to April 2, 2001 or the reasons or bases for settling such cases.

### REQUEST NO. 6:

Any and all documents relating to the process by which potential asbestos personal injury claims against Grace were evaluated by Waters & Kraus or Baron & Budd, including, but not limited to, documents relating to the intake of claims, including, but not limited to, communications with unions or employers relating to screenings or other means of identifying potential claimants, blank intake forms, blank medical history questionnaires, blank work history

surveys or questionnaires, and documents relating to the evaluation of in which jurisdiction to bring such claims.

**REQUEST NO. 7:**

Any and all documents relating to the review, analysis or evaluations of asbestos personal injury claims filed against Grace by Waters & Kraus or Baron & Budd, including, but not limited to, documents relating to the process by which defendants were named, the process by which actual exposure to asbestos-containing products was determined, and the process by which medical evidence of asbestos-related illness or injury were obtained.

**REQUEST NO. 8:**

Any and all documents relating to the method by which responses to the W.R. Grace Asbestos Personal Injury Questionnaire were made on behalf of Claimants represented by Waters & Kraus, including, but not limited to, documents relating to the selection of documents to be attached to the PIQs, and documents relating to the manner in which the Claimants' histories of exposure to asbestos-containing products whether manufactured, marketed, or sold by Grace or any other entity was determined.

**REQUEST NO. 9:**

Any and all documents relating to any testimony given before Congress by Steven Kazan, Esquire or Dr. David Egilman.

**REQUEST NO. 10:**

Any and all documents relating to the reliability or accuracy of the Medical Services or Screening Services provided by any Doctor, B-reader or Screening Company who were retained by You to provide Medical Services or Screening Services on behalf of Claimants represented by Waters & Kraus.

**REQUEST NO. 11:**

Any and all documents relating to Medical Services or Screening Services provided by any Doctor, B-reader or Screening Company retained by Waters & Kraus to provide Medical Services or Screening Services on behalf of Your Claimants, including, but not limited to, correspondence, invoices, instructions provided to such Doctors, B-readers, or Screening Companies relating to the process by which claimants were diagnosed with asbestos-related disease or language to be used in reports relating to the diagnosis of such disease, and contracts or other written agreements for the provision of Medical or Screening Services.

**REQUEST NO. 12:**

Any and all documents that you reviewed in order to prepare for Your deposition.