# Exhibit K

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| W. R. GRACE & CO., *et al.*, | ) Case No.: 01-01139 (JKF) (Bankr. D. Del.) |
| | ) |
| Debtors. | ) |

## DEBTORS' REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO PETER KRAUS

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rules 7026, 7033, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, W.R. Grace & Co., and its affiliated companies (collectively, "Grace"), the Debtors, hereby directs Peter Kraus to produce the documents described below for inspection and copying at the offices of Kirkland & Ellis LLP, 655 Fifteenth Street, N.W., Washington, D.C. 20005, on or before February 25, 2008.

## DEFINITIONS AND INSTRUCTIONS

For the purposes of the Document Requests, and with respect to each document and item of property requested:

1. The "Action" shall mean the Chapter 11 matter styled *In re W.R. Grace & Co., et al.*, Case No. 01-1139 (JFK) currently pending in the United States Bankruptcy Court, District of Delaware.

2. "You," or "Your" shall mean and include Peter Kraus and any agents, partners, employees, attorneys and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of Peter Kraus.

3. "Waters & Kraus" shall mean and include Waters & Kraus LLP and any and all predecessors, successors, subsidiaries, parents, affiliates, divisions and acquired companies thereof, and any directors, officers, agents, partners, employees, attorneys and other persons

17. References to the singular include the plural and vice versa, references to one gender include the other gender, references to the past tense include the present and vice versa, and disjunctive terms or phrases should be read to include the conjunctive and vice versa.

## REQUESTED DOCUMENTS

**REQUEST NO. 1:**

All documents relating to the adoption of, impact of, or changes to the settlement criteria for settlements entered into between claimants You represent and Grace, including, but not limited to, how the criteria were developed and adopted and/or any discussions relating to their basis, purpose, fairness or impact on claim filings or settlements.

**REQUEST NO. 2:**

All documents relating to, referring to, or discussing what factors contributed to the increased propensity of asbestos personal injury claim filings between 1999 and 2001: (a) against Grace and (b) against other asbestos defendants.

**REQUEST NO. 3:**

Referring to Waters & Kraus's Responses to the First, Second and Third Set of Interrogatories (collectively the "Discovery Responses") (attached as Exhibit 1), all documents referring to or discussing any topics contained in the Discovery Responses.

**REQUEST NO. 4:**

All documents referring to or discussing the manner in which the PIQs were completed and/or the manner in which attachments to the PIQs were gathered and selected.

**REQUEST NO. 5:**

All documents that reflect or discuss how during the prosecution of asbestos personal injury cases You or any firm of which You were a member learned of the asbestos exposure of claimants against Grace or other defendants, when such information became available, and from what sources such information was obtained.

**REQUEST NO. 6:**

With respect to each claimant You represent against Grace who have filed a Proof of Claim in response to the Bar Date Order, all documents relating to interviews of or the receipt of information from such claimants.

**REQUEST NO. 7:**

All documents reflecting on an annual basis all amounts Your firm has earned in the last 5 years as a result of representing asbestos personal injury claimants.

**REQUEST NO. 8:**

All documents reflecting on an annual basis all amounts Your firm earned during the 5 years prior to Grace's Chapter 11 filing as a result of representing asbestos personal injury claimants in claims against Grace.

5