# Exhibit L

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

In Re:                                        :
                                              :
W.R. GRACE & CO., et al.,                     :        Case No. 01-01139 (JKF) (Bankr. D. Del.)
                                              :

**OBJECTIONS AND RESPONSES OF PETER A. KRAUS TO DEBTORS'**
**SUBPOENA REQUEST FOR DOCUMENTS**

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), and by and through his counsel, Peter A. Kraus

hereby objects and responds as follows to the document requests set forth in Debtors' Subpoena

("Subpoena") served on him.


ALL REQUESTS:

Mr. Kraus objects to all Requests to the extent that the documents requested are not

relevant to his anticipated testimony in the Grace estimation proceeding.  Mr. Kraus objects to all

requests as unduly burdensome and designed for the purposes of harassment.


REQUEST NO. 1:

Mr. Kraus understands that the memorandum specified in Debtor's Request No. 1 is

already in Debtors' possession.  As regards the accompanying request for "[a]ny and all

documents relating to" this memorandum, Mr. Kraus objects on the following grounds:

        (i)        the request is vague and ambiguous;

(ii)      the request imposes an undue and unreasonable burden under the circumstances, and purports to impose an obligation not imposed by the Federal Rules of Civil Procedure.

REQUEST NO. 2:

No documents responsive to this request are known at this time because Mr. Kraus is not in control of, nor specifically aware of, the precise nature and scope of his "anticipated testimony in the Estimation Proceeding."  The better source for any such information is counsel for the Asbestos Claimants' Committee in the bankruptcy case.

REQUEST NO. 3:

There is no specified time period for this request.  Documents already exchanged with "Grace" that relate to "settlements with Grace" should already be in Grace's possession and Mr. Kraus therefore objects to producing such documents again to Grace on the basis of undue and unreasonable burden under the circumstances.

As regards any other documents "relating to the settlement with Grace," Mr. Kraus objects on the following grounds:

(i)      the request is vague and ambiguous;

(ii)      the request necessarily requires the production of obviously privileged internal communications of counsel and obviously privileged communications between counsel and client;

    (iii)    the request imposes an undue and unreasonable burden under the circumstances, and purports to impose an obligation not imposed by the Federal Rules of Civil Procedure;

    (iv)    the request improperly seeks to obtain documents against law firms with which Mr. Kraus is or formerly was associated, and regarding claimants for whom Mr. Kraus did not personally serve as counsel.

REQUEST NO. 4:

There is no specified time period for this request.  Documents already exchanged with "Grace" that relate to "the dismissal [of] any claims" against Grace should already be in Grace's possession and Mr. Kraus therefore objects to producing such documents again to Grace on the basis of undue and unreasonable burden under the circumstances.

As regards any other documents relating to the "the dismissal [off] any claims" against Grace," Mr. Kraus objects on the following grounds:

    (i)    the request is vague and ambiguous;

    (ii)    the request necessarily requires the production of obviously privileged internal communications of counsel and obviously privileged communications between counsel and client;

    (iii)    the request imposes an undue and unreasonable burden under the circumstances, and purports to impose an obligation not imposed by the Federal Rules of Civil Procedure;

2234025v1

    (iv)    the request improperly seeks to obtain documents against law firms with which Mr. Kraus is or formerly was associated, and regarding claimants for whom Mr. Kraus did not personally serve as counsel.

REQUEST NO. 5:

Mr. Kraus objects on the following grounds:

    (i)    the request is vague and ambiguous;

    (ii)    the request necessarily requires the production of obviously privileged internal communications of counsel and obviously privileged communications between counsel and client;

    (iii)    the request imposes an undue and unreasonable burden under the circumstances, and purports to impose an obligation not imposed by the Federal Rules of Civil Procedure;

    (iv)    the request improperly seeks to obtain documents against law firms with which Mr. Kraus is or formerly was associated, and regarding claimants for whom Mr. Kraus did not personally serve as counsel.

REQUEST NO. 6:

Mr. Kraus objects on the following grounds:

    (i)    the request is vague and ambiguous;

    (ii)    the request necessarily requires the production of obviously privileged internal communications of counsel and obviously privileged communications between counsel and client;

-4-

(iii)    the request imposes an undue and unreasonable burden under the circumstances, and purports to impose an obligation not imposed by the Federal Rules of Civil Procedure;

(iv)    the request improperly seeks to obtain documents against law firms with which Mr. Kraus is or formerly was associated, and regarding claimants for whom Mr. Kraus did not personally serve as counsel;

(v)    the request constitutes an improper effort to conduct additional discovery against the law firm of Waters & Kraus, which firm has already been the subject of extensive discovery in connection with the bankruptcy case and in the face of an agreement which firm had obtained Grace's agreement, as a condition to responding to certain discovery, that no further discovery against the law firm would be sought;

(vi)    Grace has previously been provided with the information sought for the law firm Waters & Kraus pursuant to an agreement with the firm that if it responded to such discovery, no further discovery against the law firm would be sought.

REQUEST NO. 7:

Mr. Kraus objects on the following grounds:

(i)    the request is vague and ambiguous;

(ii)     the request necessarily requires the production of obviously privileged

internal communications of counsel and obviously privileged

communications between counsel and client;

(iii)    the request imposes an undue and unreasonable burden under the

circumstances, and purports to impose an obligation not imposed by the

Federal Rules of Civil Procedure;

(iv)    the request improperly seeks to obtain documents against law firms with

which Mr. Kraus is or formerly was associated, and regarding claimants

for whom Mr. Kraus did not personally serve as counsel;

(v)     the request constitutes an improper effort to conduct additional discovery

against the law firm of Waters & Kraus, which firm has already been the

subject of extensive discovery in connection with the bankruptcy case in

the face of an agreement which firm had obtained Grace's agreement, as a

condition to responding to certain discovery, that no further discovery

against the law firm would be sought.

(vi)    Grace has previously been provided with certain of the information sought

for the law firm Waters & Kraus pursuant to an agreement with the firm

that if it responded to such discovery, no further discovery against the law

firm would be sought.

REQUEST NO. 8:

Mr. Kraus objects on the following grounds:

-6-

(i)     the request is vague and ambiguous;

(ii)    the request necessarily requires the production of obviously privileged

        internal communications of counsel and obviously privileged

        communications between counsel and client;

(iii)   the request imposes an undue and unreasonable burden under the

        circumstances, and purports to impose an obligation not imposed by the

        Federal Rules of Civil Procedure;

(iv)    the request constitutes an improper effort to conduct additional discovery

        against the law firm of Waters & Kraus, which firm has already been the

        subject of extensive discovery in connection with the bankruptcy case and

        in the face of an agreement which firm had obtained Grace's agreement,

        as a condition to responding to certain discovery, that no further discovery

        against the law firm would be sought;

(v)     Grace has previously been provided with the information sought for the

        law firm Waters & Kraus pursuant to an agreement with the firm that if it

        responded to such discovery, no further discovery against the law firm

        would be sought.


REQUEST NO. 9:


Mr. Kraus has no documents responsive to Request No. 9.

REQUEST NO. 10:

Mr. Kraus objects on the following grounds:

(i)     the request is vague and ambiguous;

(ii)    the request necessarily requires the production of obviously privileged internal communications of counsel and obviously privileged communications between counsel and client;

(iii)   the request imposes an undue and unreasonable burden under the circumstances, and purports to impose an obligation not imposed by the Federal Rules of Civil Procedure;

(iv)    the request constitutes an improper effort to conduct additional discovery against the law firm of Waters & Kraus, which firm has already been the subject of extensive discovery in connection with the bankruptcy case and in the face of an agreement which firm had obtained Grace's agreement, as a condition to responding to certain discovery, that no further discovery against the law firm would be sought.

REQUEST NO. 11:

Mr. Kraus objects on the following grounds:

(i)     the request is vague and ambiguous;

(ii)    the request necessarily requires the production of obviously privileged internal communications of counsel and obviously privileged communications between counsel and client;

-8-

(iii)    the request imposes an undue and unreasonable burden under the circumstances, and purports to impose an obligation not imposed by the Federal Rules of Civil Procedure;

(iv)    the request constitutes an improper effort to conduct additional discovery against the law firm of Waters & Kraus, which firm has already been the subject of extensive discovery in connection with the bankruptcy case and in the face of an agreement which firm had obtained Grace's agreement, as a condition to responding to certain discovery, that no further discovery against the law firm would be sought;

(v)    Grace has previously been provided with certain of the information sought for the law firm Waters & Kraus pursuant to an agreement with the firm that if it responded to such discovery, no further discovery against the law firm would be sought.

-9-

REQUEST NO. 12:

Mr. Kraus has no such documents at this time, but he will bring with him to his

deposition any responsive non-privileged documents.


Date:  October 22, 2007                         _____/s/ Charles S. Siegel_____
                                                Charles S. Siegel (Texas Bar No. 18341875)
                                                Waters & Kraus, LLP
                                                3219 McKinney Avenue
                                                Dallas, TX 75204
                                                214-357-6244
                                                214-357-7252 (facsimile)
                                                Attorney for Peter A. Kraus


OF COUNSEL:

Noel C. Burnham, Esquire (DE 3483)
Natalie D. Ramsey, Esquire (PA only)
Leonard A. Busby, Esquire (PA only)
MONTGOMERY, MCCRACKEN, WALKER
        & RHOADS, LLP
1105 North Market Street, Suite 1500
Wilmington, DE 19801
(302) 504-7800
(302) 504-7820 (facsimile)
        and
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
(215) 772-7620 (facsimile)

-10-

## <u>CERTIFICATE OF SERVICE</u>

I, Natalie Ramsey, hereby certify that on this 22nd day of October, 2007, I caused a true and correct copy of the foregoing *Objections and Responses of Peter A. Kraus to Debtors' Subpoena Request for Documents* to be served by U.S. First Class mail, postage paid, addressed as follows:

>  Amanda Basta, Esquire
>  Kirkland & Ellis LLP
>  655 Fifteenth Street, N.W.
>  Washington, D.C.  20005
>
>  David M. Bernick, Esquire
>  Kirkland & Ellis LLP
>  Citigroup Center
>  153 East 53rd Street
>  New York, NY  10022-4611
>
>  Renee D. Smith, Esquire
>  Kirkland & Ellis LLP
>  200 East Randolph Drive
>  Chicago, IL  60601-6636

_____/s/ Natalie D. Ramsey_____

-11-

2234025v1