# Exhibit M

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In Re: | ) | In Proceedings for a Reorganization under |
|  | ) | Chapter 11 |
| W.R. Grace & Co., *et al.,* | ) |  |
|  | ) | Case no. 01-01139 (JFK) |
| Debtors. | ) | Jointly Administered |
|  | ) | Re: Docket Nos. 14150, 14763, 14929 |
|  | ) |  |

## OBJECTIONS AND RESPONSES OF PETER KRAUS
## TO DEBTORS' REQUEST FOR
## PRODUCTION OF DOCUMENTS DIRECTED TO PETER KRAUS

PETER KRAUS ("Mr. Kraus") hereby responds to the Debtors' Request for Production of Documents Directed to Peter Kraus (the "Request") as follows:

### GENERAL OBJECTIONS

1.     Mr. Kraus objects to the Request on the ground that Mr. Kraus is not a party to the estimation proceeding and Federal Rule of Civil Procedure ("Federal Rule") 34, as incorporated and adopted in Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7034, does not permit service of document Request upon non-parties.

2.     Mr. Kraus objects to the Request on the ground that it is procedurally defective in that, among other things: (a) it is improperly issued under the caption of a Court that does not have personal jurisdiction over Mr. Kraus; and (b) it was not accompanied by a subpoena, did not issue from the court for the district in which the production or inspection is demanded, and was not served in compliance with Federal Rule 45 and Bankruptcy Rule 7045.

3.     Mr. Kraus objects to the Request to the extent that it seeks documents that are the property of Waters & Kraus, LLP, the clients of Waters & Kraus, LLP, any previous law firm with which Mr. Kraus was affiliated, or any past clients of Mr. Kraus, on the grounds that such Request are beyond the scope of permissible discovery and are unduly burdensome.

4.     Mr. Kraus objects to the Request to the extent that it seeks disclosure of information from Waters & Kraus, LLP or claimants represented by Waters & Kraus on the ground that Waters & Kraus, LLP and the Debtors are parties to an agreement that no further discovery would be sought from Waters & Kraus, LLP or its clients provided that Waters & Kraus, LLP responded to the Debtors' Third Set of Interrogatories, which Waters & Kraus, LLP did in reliance upon such agreement.

5.     Mr. Kraus objects to the Request as overly broad and unduly burdensome.

6.     Mr. Kraus objects to the Request on the basis of the work-product privilege, to the extent that the Request seeks information regarding how Mr. Kraus or any lawyer or law firm with which he has been affiliated develops, processes, and documents information regarding claimants' asbestos-related injuries and exposure.

7.     Mr. Kraus objects to the Request to the extent that it asks Mr. Kraus to disclose confidential, trade secret, proprietary, competitively sensitive, or commercial information, and is therefore improper and oppressive.

8.     Mr. Kraus objects to the Request to the extent that it seeks the production of documents that are in the possession, custody or control of the Debtors, are a matter of public record, or otherwise are as equally accessible to the Debtors as they are to Mr. Kraus, and is therefore overly broad, oppressive and unreasonably burdensome.

9.    Mr. Kraus objects to the Request on the ground that it fails to specify a reasonable time, place and manner for making the requested production.

10.    Mr. Kraus objects to any and all instructions that purport to impose obligations on him beyond those imposed by the Federal Rules as incorporated by the Bankruptcy Rules.

11.    Mr. Kraus objects to the Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or by any other privilege or immunity from discovery under state, statutory, constitutional, or common law.

12.    Mr. Kraus objects to the Request to the extent that it seeks to impose upon Mr. Kraus an unduly burdensome or unreasonable search for and disclosure of information that is neither relevant to the subject matter of his testimony in connection with the estimation proceeding nor reasonably calculated to lead to the discovery of evidence that will be admissible at the estimation proceeding.

13.    Mr. Kraus objects to the Request as improperly seeking documents from Mr. Kraus in contravention of prior rulings of this Court and applicable case law.

14.    Mr. Kraus objects to the Request to the extent that it seeks discovery that relates to the merits of personal injury tort and/or wrongful death claims, which merits may not be determined by the Bankruptcy Court.

15.    Mr. Kraus objects to the Request to the extent that it seeks documents that are unreasonably cumulative or duplicative.

16.    Mr. Kraus objects to the Request to the extent that it seeks documents relating to any claimants other than those with mesothelioma and lung cancers, as Mr. Kraus has been

informed by the Asbestos Claimants' Committee that his testimony will relate exclusively to these two disease categories.

17.    Mr. Kraus objects to the Request to the extent that the Debtors have had ample opportunity by discovery in the Estimation Proceeding to obtain the documentation sought. Mr. Kraus objects to the Request in that the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the estimation proceeding.

18.    Mr. Kraus objects to the Request as designed improperly for the purpose of annoyance and harassment.

19.    Mr. Kraus specifically reserves all objections as to the competency, relevancy, materiality, and admissibility of its responses or documents or the subject matter thereof, all objections as to vagueness, and ambiguity, and all rights to object on any ground to the use of any response or document, or the subject matter thereof, at hearing in the estimation proceeding or in any other proceeding.

20.    Mr. Kraus specifically reserves the right to amend this Objection and Response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

21.    Mr. Kraus objects to the definition of "You and Your" in paragraph 2 of the Definitions and Instructions as overly broad, seeking information protected by the attorney-client and/or work-product privilege, burdensome, and imposing an obligation greater than the obligation imposed by the Federal Rules and Bankruptcy Rules.

22.    Mr. Kraus objects to the definition of "Waters & Kraus" in paragraph 3 of the Definitions and Instructions as overly broad, seeking information protected by the attorney-

-4-

client and/or work-product privilege, burdensome, and imposing an obligation greater than the obligation imposed by the Federal Rules and Bankruptcy Rules.

23.    Mr. Kraus objects to the Definitions and Instructions to the extent that they are vague or ambiguous.

24.    Mr. Kraus objects to the Definitions and Instructions to the extent that said Definitions and Instructions purport to impose discovery obligations greater than the obligations imposed by the Federal Rules and Bankruptcy Rules, including without limitation, Federal Rules 26 and 34 and Bankruptcy Rules 7026 and 7034.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTED DOCUMENTS

Without waiver of, but specifically incorporating each and every objection set forth above, Mr. Kraus further objects and responds to the Requested Documents as follows:

## REQUEST NO. 1

*All documents relating to the adoption of, impact of, or changes to the settlement criteria for settlements entered into between claimants You represent and Grace, including but not limited to, how the criteria were developed and adopted and/or any discussions relating to their basis, purpose, fairness or impact on claim filings or settlements.*

### Specific Objections to Request No. 1

In addition to the General Objections and Objections to Definitions and Instructions set forth above, which are incorporated herein, Mr. Kraus further specifically objects to Request No. 1 on the following grounds:

1.      Certain of the documents sought by Request No. 1 are equally in the possession, custody or control of the Debtors, accordingly the discovery sought is available from a source that is more convenient, less burdensome and less expensive;

2.      To the extent that the documents sought by Request No. 1 are not already in Debtors' possession, the documents are independently privileged as attorney-work product;

3.      To the extent that the documents sought by Request No. 1 relate to settlement criteria and/or settlements for claimants with asbestos diseases other than mesothelioma and lung cancer, the documents are beyond the scope of Mr. Kraus's testimony, as Mr. Kraus understands such testimony, and therefore are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and are unreasonably burdensome; and

4.      The Request imposes an undue and unreasonable burden under the circumstances, and purports to impose an obligation not imposed by the Federal Rules as incorporated by the Bankruptcy Rules.

### Response to Request No. 1

Subject to and without waiver of the foregoing objections, Mr. Kraus will produce copies of Settlement Agreements between Claimants represented by Waters & Kraus, LLP who settled claims asserted for mesothelioma and lung cancer, on the one hand, and one or more of the Debtors, on the other hand, for the period April 2, 1996 to April 2, 2001.

## REQUEST NO. 2

*All documents relating to, referring to, or discussing what factors contributed to the increased propensity of asbestos personal injury claim filings between 1999 and 2001 (a) against Grace and (b) against other asbestos defendants.*

### Specific Objections to Request No. 2

In addition to the General Objections and Objections to Definitions and Instructions set forth above, which are incorporated herein, Mr. Kraus further specifically objects to Request No. 2 on the following grounds:

1.      The term "increased propensity of asbestos personal injury claim filings" is vague and ambiguous as used in Request No. 2;

2.      To the extent that the documents sought by Request No. 2 relate to claimants with asbestos diseases other than mesothelioma and lung cancer, the documents are beyond the scope of Mr. Kraus's testimony, as Mr. Kraus understands such testimony, and therefore are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and are unreasonably burdensome;

3.      Certain of the documents sought by Request No. 2 are equally available to the Debtors or available from another source that is more convenient, less burdensome and less expensive;

4.      To the extent that the documents are not public record or equally available to the Debtors from another source, the documents sought by Request No. 2 are independently privileged as attorney-work product;

-7-

5.    The Request imposes an undue and unreasonable burden under the circumstances, and purports to impose an obligation not imposed by the Federal Rules as incorporated by the Bankruptcy Rules; and

6.    The Request seeks documents that are unreasonably cumulative or duplicative and as to which the Debtors have had ample opportunity to obtain through discovery in this Estimation Proceeding.

## REQUEST NO. 3

*Referring to Waters & Kraus's Responses to the First, Second and Third Set of Interrogatories (collectively the "Discovery Responses) (attached as Exhibit 1), all documents referring to or discussing any topics contained in the Discovery Responses.*

### Specific Objections to Request No. 3

In addition to the General Objections and Objections to Definitions and Instructions set forth above, which are incorporated herein, Mr. Kraus further specifically objects to Request No. 3 on the following grounds:

1.    The Request seeks the production of documents that are independently privileged as attorney-client communications, as attorney-work product, or as the work product of a consulting expert, and documents as to which the Court has already ruled are not subject to production;

2.    The Request seeks documents that have already been produced and therefore is unreasonably cumulative and duplicative.

3.      The Request seeks documents that are in the possession, custody and control of the Debtors, and therefore are available from a less burdensome and expensive source.

4.      The Request seeks documents as to which the Debtors have had ample opportunity to obtain through discovery in this Estimation Proceeding.

5.      The Request violates the agreement reached between the Debtors and Waters & Kraus, LLP in connection with Waters & Kraus, LLP's agreement to respond the Debtors' Third Set of Interrogatories;

6.      To the extent that the documents sought by Request No. 3 relate to claimants with asbestos diseases other than mesothelioma and lung cancer, the documents are beyond the scope of Mr. Kraus's testimony, as Mr. Kraus understands such testimony, and therefore are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and are unreasonably burdensome; and

7.      The Request imposes an undue and unreasonable burden under the circumstances, and purports to impose an obligation not imposed by the Federal Rules as incorporated by the Bankruptcy Rules.


## REQUEST NO. 4

*All documents referring to or discussing the manner in which the PIQs were completed and/or the manner in which attachments to the PIQs were gathered and selected.*

## Specific Objections to Request No. 4

In addition to the General Objections and Objections to Definitions and Instructions set forth above, which are incorporated herein, Mr. Kraus further specifically objects to Request No. 4 on the following grounds:

1.      The Request seeks the production of documents that are independently privileged as attorney-work product;

2.      The Request imposes an undue and unreasonable burden on Mr. Kraus and purports to impose an obligation not imposed by the Federal Rules as incorporated by the Bankruptcy Rules;

3.      The Request violates the agreement reached between the Debtors and Waters & Kraus, LLP in connection with Waters & Kraus, LLP's agreement to respond the Debtors' Third Set of Interrogatories;

4.      To the extent that the documents sought by Request No. 4 relate to claimants with asbestos diseases other than mesothelioma and lung cancer, the documents are beyond the scope of Mr. Kraus's testimony, as Mr. Kraus understands such testimony, and therefore are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and are unreasonably burdensome; and

5.      The Request is overly broad and burdensome.

## Response to Request No. 4

Subject to and without waiver of the foregoing objections, Mr. Kraus will produce a copy of a standard form of the type that he uses to compile relevant medical records when newly engaged on behalf of a client with an asbestos disease.

## REQUEST NO. 5

*All documents that reflect or discuss how during the prosecution of asbestos personal injury cases You or any firm of which You were a member learned of the asbestos exposure of claimants against Grace or other defendants, when such information became available, and from what sources such information was obtained.*

### Specific Objections to Request No. 5

In addition to the General Objections and Objections to Definitions and Instructions set forth above, which are incorporated herein, Mr. Kraus further specifically objects to Request No. 5 on the following grounds:

1.      The Request seeks the production of documents that are independently privileged as attorney-work product and/or under a joint interest privilege;

2.      The defined word "You" and the phrase "or any firm of which You were a member" as used in Request No. 5 imposes an undue and unreasonable burden under the circumstances, and purports to impose an obligation not imposed by the Federal Rules as incorporated by the Bankruptcy Rules;

3.      The Request violates the agreement reached between the Debtors and Waters & Kraus, LLP in connection with Waters & Kraus, LLP's agreement to respond the Debtors' Third Set of Interrogatories;

4.      To the extent that the documents sought by Request No. 5 relate to claimants with asbestos diseases other than mesothelioma and lung cancer, the documents are beyond the scope of Mr. Kraus's testimony, as Mr. Kraus understands such testimony, and therefore are not

relevant or reasonably calculated to lead to the discovery of admissible evidence, and are unreasonably burdensome; and

5.    The Request is overly broad.

### Response to Request No. 5

Subject to and without waiver of the foregoing objections, Mr. Kraus will produce copies of (a) all WR Grace, Baron & Budd, P.C., and Waters & Kraus, LLP exhibit lists and corresponding exhibits in his possession, along with all WR Grace corporate representative depositions in its possession; (b) all Baron & Budd, P.C. and Waters & Kraus, LLP exhibit lists for any defendants in his possession; and (c) the most recent deposition list (as of February 20, 2008) filed by Baron & Budd, P.C., all as referenced in responses to the PIQs. See attached listing of all lists being produced. The corresponding exhibits and depositions are extremely voluminous in nature. Mr. Kraus will make these documents available for inspection and copying at a mutually agreeable time at the offices of Waters & Kraus, LLP, 3219 McKinney, Dallas, Texas 75204.

### REQUEST NO. 6

*With respect to each claimant You represent against Grace who have filed a Proof of Claim in response to the Bar Date Order, all documents relating to interviews of or the receipt of information from such claimants.*

### Specific Objections to Request No. 6

In addition to the General Objections and Objections to Definitions and Instructions set forth above, which are incorporated herein, Mr. Kraus further specifically objects to Request No. 6 on the following grounds:

1.    The Request seeks the production of documents that are independently privileged as attorney-client communications, and documents which the Court has already ruled are not subject to production;

2.    The defined word "You" imposes an undue and unreasonable burden under the circumstances, and purports to impose an obligation not imposed by the Federal Rules as incorporated by the Bankruptcy Rules; and

3.    The Request violates the agreement reached between the Debtors and Waters & Kraus, LLP in connection with Waters & Kraus, LLP's agreement to respond the Debtors' Third Set of Interrogatories;

4.    To the extent that the documents sought by Request No. 6 relate to claimants with asbestos diseases other than mesothelioma and lung cancer, the documents are beyond the scope of Mr. Kraus's testimony, as Mr. Kraus understands such testimony, and therefore are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and are unreasonably burdensome; and

-13-

5.    The Request seeks documents as to which the Debtors have had ample opportunity to obtain through discovery in this Estimation Proceeding.


### REQUEST NO. 7

*All documents reflecting on an annual basis all amounts Your firm has earned in the last 5 years as a result of representing asbestos personal injury claimants.*

#### Specific Objections to Request No. 7

In addition to the General Objections and Objections to Definitions and Instructions set forth above, which are incorporated herein, Mr. Kraus further specifically objects to Request No. 7 on the following grounds:

1.    The defined word "Your" as used in Request No. 7 imposes an undue and unreasonable burden on Mr. Kraus and purports to impose an obligation not imposed by the Federal Rules as incorporated by the Bankruptcy;

2.    The Request seeks the production of confidential, trade secret, proprietary, competitively sensitive, or commercial information, and is therefore improper and oppressive;

3.    The Request seeks the production of documents that are not relevant, and are not calculated to lead to the discovery of admissible evidence;

4.    The Request is interposed for the purposes of annoyance, embarrassment and oppression;

5.    To the extent that the documents sought by Request No. 7 relate to claimants with asbestos diseases other than mesothelioma and lung cancer, the documents are beyond the scope of Mr. Kraus's testimony, as Mr. Kraus understands such testimony, and therefore are not

relevant or reasonably calculated to lead to the discovery of admissible evidence, and are unreasonably burdensome; and

6.     The Request is overly broad and imposes an undue and unreasonable burden and expense.

## REQUEST NO. 8

*All documents reflecting on an annual basis all amounts Your firm earned during the 5 years prior to Grace's Chapter 11 filing as a result of representing asbestos personal injury claimants in claims against Grace.*

### Specific Objections to Request No. 8

In addition to the General Objections and Objections to Definitions and Instructions set forth above, which are incorporated herein, Mr. Kraus further specifically objects to Request No. 8 on the following grounds:

1.     The defined word "Your" as used in Request No. 8 imposes an undue and unreasonable burden on Mr. Kraus and purports to impose an obligation not imposed by the Federal Rules as incorporated by the Bankruptcy;

2.     The Request seeks the production of confidential, trade secret, proprietary, competitively sensitive, or commercial information, and is therefore improper and oppressive;

3.     The Request seeks the production of documents that are not relevant, and are not calculated to lead to the discovery of admissible evidence;

4.     The Request is interposed for the purposes of annoyance, embarrassment and oppression;

5.    To the extent that the documents sought by Request No. 8 relate to claimants with asbestos diseases other than mesothelioma and lung cancer, the documents are beyond the scope of Mr. Kraus's testimony, as Mr. Kraus understands such testimony, and therefore are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and are unreasonably burdensome; and

6.    The Request is overly broad and imposes an undue and unreasonable burden and expense.


Dated:  February 25, 2008

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

By:_____/s/ Natalie D. Ramsey_____
   Natalie D. Ramsey, Esquire (PA only; admitted *pro hac vice*)
   Leonard A. Busby, Esquire (PA only; admitted *pro hac vice*)
   123 South Broad Street, 24th Floor
   Philadelphia, PA 19109
   (215) 772-1500
   (215) 772-7620 (facsimile)

    and

Noel C. Burnham, Esquire (DE 3483)
1105 Market Street, 15th Floor
Wilmington, DE 19801
(302) 504-7800
(302) 504-7820 (facsimile)


Attorneys for Peter Kraus, Esquire