# EXHIBIT B

EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## ORDER AUTHORIZING DEBTORS'
## PAYMENT OF CERTAIN PREPETITION REAL PROPERTY TAX CLAIMS

Upon consideration of the *Debtors' Motion For Order Authorizing Payment Of Certain Prepetition Real Property Tax Claims* (the "Motion"); and upon the record of the hearing held on the Motion; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for hearing having been given; and it appearing that no other notice need be given;

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

and the Court having determined that the relief requested is in the best interest of the Debtors,[2] their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause therefor, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Debtors are authorized, but not required, to pay the undisputed Prepetition Property Tax Claims in an aggregate amount not to exceed $1.4 million; and it is further

ORDERED, that upon the Debtors' payment of a Prepetition Property Tax Claim, any lien securing such Prepetition Property Tax Claim shall be immediately released, become void and be of no further force or effect; and it is further

ORDERED, that if a Taxing Authority does not otherwise immediately release or void their respective lien(s), the Debtors are authorized to prepare and file any documentation necessary to evidence the release of the lien(s); and it is further

ORDERED, that upon filing of notice of the Debtors' payment of a Prepetition Property Tax Claim, the corresponding claim, as listed on Exhibit 1 to this Order, shall be disallowed and expunged; and it is further

ORDERED, that nothing in the Motion or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtors; (b) a request for the allowance of any claim against the Debtors; (c) a waiver of the Debtors' rights to dispute any claim; or (d) an

---

[2] Terms not defined herein shall have the meaning ascribed to them in the Motion.

2

approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors' banks and other financial institutions are authorized and directed, when requested by the Debtors and in the Debtors' sole discretion, to receive, process, honor and pay any and all checks drawn on the Debtors' accounts to pay the Prepetition Property Tax Claims; and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED, that notwithstanding the possible applicability of Rules 6004(g), 7062, and 9014 of the Bankruptcy Rules, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2008

_____
Honorable Judith K. Fitzgerald
U. S. Bankruptcy Judge

3