resolution under paragraphs 60-63, then the position on the dispute advanced by EPA following informal negotiations shall be considered binding on all Parties unless, within ten (10) days after receipt of the determination that paragraphs 60-63 are inapplicable, Settling Defendant(s) file a petition with this Court setting forth the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of this Consent Decree.   In proceedings on any dispute, Settling Defendant(s) shall bear the burden of coming forward with evidence and of persuasion on factual issues.   Nothing herein shall prevent the United States or the Commonwealth from arguing that the Court should apply the arbitrary and capricious standard of review to all disputes under this Consent Decree.   Nothing herein shall prevent the Settling Defendant(s) from arguing that the Court should apply a standard of review other than the arbitrary and capricious standard of review to all disputes under the Consent Decree, except for disputes relating to the selection, extent or adequacy of any aspect of the Work as provided in Paragraphs 60-63.

65.   The dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes between Plaintiffs and the Settling Defendant(s) arising under or with respect to this Consent Decree and shall apply to all provisions of this Consent Decree.   Decisions concerning remedy selection for the next operable unit are not addressed under this Consent Decree

and are not subject to dispute resolution.  For purposes of this Section, EPA and the Commonwealth shall not be deemed to be disputing parties.  Invocation of the procedures of this Section shall not of itself extend or postpone any obligation of Settling Defendant(s) under this Consent Decree, provided that payment of stipulated penalties with respect to the disputed matter shall be stayed pending resolution of the dispute.  Notwithstanding the stay of payment, stipulated penalties shall accrue from the first day of noncompliance with any applicable provision of this Consent Decree except as specified in Paragraph 61.  EPA and the Commonwealth retain the discretion to mitigate stipulated penalties.  In the event that Settling Defendant(s) do not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section XXI.  If Settling Defendant(s) prevail on the disputed issue, stipulated penalties shall be forgiven as to disputed matters in which Settling Defendant(s) prevail.

66.  Notwithstanding the invocation of the procedures stated in this Section, Settling Defendant(s) shall continue to perform their separable obligations under this Consent Decree that EPA determines are not affected substantially by the disputed issue.

XXI.

## STIPULATED PENALTIES

67.  a. In the event that any Settling Defendant fails to comply with any requirement applicable to it pursuant to Sections XIV (Assurances of Ability to Complete Work), XI (Reporting Requirements), XIII (Remedial Project Manager/Project Coordinators)and XXXIV (Communication and Coordination Among Defendants) of this Consent Decree, such Settling Defendant(S) shall pay stipulated penalties of $750 per day for each and every violation.

b.   In the event that any Settling Defendant fails to comply with any requirement applicable to it pursuant to Sections XXV (Access to Information), XII (Submissions Requiring Agency Approval), or XVII (Reimbursement of Response Costs) of this Consent Decree, such Settling Defendant(s) shall pay  stipulated penalties in the following amounts for each day of each and every violation of said requirements:

| Period of Noncompliance | Penalty Per Violation Per Day |
|---|---|
| 1st through 7th day | $ 1,000 |
| 8th through 28th day | $ 2,000 |
| 29th through 50th day | $ 4,000 |
| 51st through 60th day | $ 7,500 |
| Beyond 60 days | $15,000 |

c.   In the event that any Settling Defendant refuses or denies access to property required by Section X, that Settling Defendant shall pay the following amounts for each day of each and every violation of said requirements:

62

| Period of Noncompliance | Penalty Per Violation Per Day |
|---|---|
| 1st through 7th day | $750 |
| 8th through 14th day | $1,500 |
| 15th through 28th day | $2,500 |
| 29th through 60th day | $4,000 |
| Beyond 60 days | $8,000 |

d.    Settling Defendants shall be liable for stipulated penalties as set forth in Paragraphs a., b., and c. except as provided in Section XIX and Paragraph 61.

e. "Compliance by Settling Defendants" with this Decree shall include completion of any activity under this Consent Decree or any plan approved under this Consent Decree in a manner acceptable to the United States and within the specified time schedules established by and approved under this Consent Decree and SOW, except that compliance for  purposes of stipulated penalties for violation of Section XXXIV shall be limited as provided in paragraph 107.

f.    Fifty percent (50%) of the above amounts shall be paid to EPA and fifty percent (50%) to the Commonwealth, except that stipulated penalties paid by the Non-Source Area Defendants shall be paid in their entirety to EPA.

68.   All penalties shall begin to accrue on the day that performance is due or other failure or refusal to comply occurs, and shall continue to accrue through the final day of the noncompliance.  Penalties shall accrue from the date of violation regardless of whether the United States has notified Settling Defendants of a violation.  Separate penalties shall accrue for

each separate failure or refusal to comply with the terms or conditions of this Consent Decree.

69.  All penalties due to EPA and the Commonwealth under this Section shall be payable within thirty (30) days after receipt by the responsible Settling Defendants of notification of noncompliance if the notification is not disputed.  If the noncompliance is disputed, all penalties due to EPA and the Commonwealth shall be payable within thirty (30) days of the final resolution of any dispute concerning the noncompliance in accordance with Paragraphs 59 through 66.  Interest shall begin to accrue on the unpaid balance at the end of the thirty-day period, at the rate established by the Department of the Treasury under 31 U.S.C. § 3717.  The responsible Settling Defendants shall pay a handling charge of one (1) percent to be assessed at the end of each thirty-day late period, and a six (6) percent per annum penalty charge to be assessed if the penalty is not paid within ninety (90) days after it is due.

70.  Stipulated penalties due to EPA shall be paid by certified check made payable to "EPA Hazardous Substances Superfund" and referencing DOJ case number 90-11-3-194 and shall be mailed to EPA Region I, Attn: Superfund Accounting, P.O. Box 360197M, Pittsburgh, PA  15251.  Copies of the checks and any transmittal letters shall be sent to the United States. Stipulated penalties due to the Commonwealth shall be paid by certified check made payable to the Commonwealth of Massachusetts, Department of Environmental Protection, and mailed

64

to the Commonwealth of Massachusetts, Department of Environmental Protection, P.O. Box 4062, Boston, MA 02211. Copies of the checks and any transmittal letters shall be sent to Cindy Amara, Assistant Attorney General, Environmental Protection Division, Department of the Attorney General, One Ashburton Place, Boston, MA 02108.

71. Neither the filing of a petition to resolve a dispute nor the payment of penalties shall alter in any way Settling Defendant's obligation to complete the performance required hereunder.

72. Stipulated penalties made under this Section shall not be tax deductible.

73. If the responsible Settling Defendants fail to pay stipulated penalties, the United States and/or the Commonwealth may institute a proceeding to collect the penalties, as well as late charges and interest. Notwithstanding the stipulated penalties provision of this Section, EPA or the Commonwealth may also assess civil penalties and/or bring an action in the U.S. District Court pursuant to Sections 109 and 122 of CERCLA, 42 U.S.C. §§ 9609 and 9622, as amended by SARA, or Chapter 21E to enforce the provisions of this Consent Decree. Payment of stipulated penalties shall not preclude EPA or the Commonwealth from electing to pursue any other remedy or sanction to enforce this Consent Decree, and nothing shall preclude EPA or the Commonwealth from seeking statutory penalties against Settling

65

Defendants for violations of statutory or regulatory requirements.

74. Any responsible Settling Defendant may dispute the United States' right to the stated amount of penalties due of it by invoking the dispute resolution procedures under Section XX herein. Penalties shall accrue but need not be paid during the dispute resolution period. If a disputed matter is submitted to the District Court, the period of dispute shall end upon the rendering of a decision by the District Court regardless of whether any party appeals such decision. If Settling Defendants do not prevail upon resolution, the United States and the Commonwealth have the right to collect all penalties which accrued prior to and during the period of dispute from the responsible Settling Defendants. If the responsible Settling Defendants prevail upon resolution, those Settling Defendants shall pay only such penalties as the resolution requires.

## XXII.

### COVENANTS NOT TO SUE BY PLAINTIFFS

75. <u>The Source Area Defendants</u>. In consideration of the actions that will be performed and the payments that will be made by the Source Area Defendants under the terms of the Consent Decree, and except as specifically provided in Paragraphs 78, 79, and 80 of this Section, the United States and the Commonwealth covenant not to sue or to take administrative action under their

66

respective authorities against the Source Area Defendants for Covered Matters as defined in Paragraph 77 except that with respect to any and all liability for the Central Area RI/FS, such covenants not to sue shall only extend to those appropriate Source Area Defendants responsible for such Work pursuant to Schedule A. With respect to all such liability for Covered Matters with respect to the Source Area properties, except for any future liability relating to response activities at the Source Area properties not identified in the ROD or the SOW, these covenants not to sue shall take effect upon the receipt by EPA and the Commonwealth of the payments required by Paragraphs 46 and 47 of Section XVII. With respect to all such liability for the Central Area RI/FS, these covenants not to sue shall take effect upon the Certification of Completion of Work for the RI/FS pursuant to paragraphs 42(b) and (c) and 43. With respect to future liability for Covered Matters with respect to each Source Area property excluding the Olympia property, the covenant not to sue shall take effect upon the issuance of the Certification of Completion of Work for such Source Area Property pursuant to paragraphs 42(a) and (c) and 43. When EPA issues a Certification of Completion of Work for such Source Area Property, such Source Area Defendant(s) and any other party jointly and severally liable for that Source Area property pursuant to Schedule A shall receive a covenant not to sue for future liability for that Source Area property. These covenants not to sue are conditioned upon complete and satisfactory

67

performance by the Source Area Defendant(s) of their obligations under this Consent Decree covered by the Certification of Completion of Work for that Source Area property or for the RI/FS.  With respect to future liability for Covered Matters for the Olympia property, the covenant not to sue shall take effect upon EPA certifying that the First Operable Unit remedial action and operation and maintenance for the Olympia property have been completed to EPA's satisfaction.  These covenants not to sue extend only to the appropriate Source Area Defendant(s) and do not extend to any other person.

76.  Non-Source Area Defendants.  In consideration of the access that Non-Source Area Defendants will provide to their properties pursuant to Section X, and except as specifically provided in Paragraphs 78, 79, and 80  of this Section, the United States covenants not to sue or to take administrative action under its authority against the Non-Source Area Defendants for Covered Matters.  With respect to all such liability, these covenants not to sue shall take effect upon initial entry of this Consent Decree with the Court and provision of access.  These covenants not to sue are conditioned upon the Non-Source Area Defendants providing access to their properties pursuant to Section X during the life of the Decree and compliance with other requirements of the Consent Decree that are applicable to the Non-Source Area Defendants.  The covenants not to sue described in this Paragraph extend only to the Non-Source Area Defendants and do not extend to any other person.

77.  a.    Except as provided in Paragraphs 78, 79 and 80, for the appropriate Source Area Defendant(s) responsible for performing the Work related to the Source Area properties and the Non-Source Area Defendants, Covered Matters shall include any and all civil liability to the United States for causes of action arising under Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 or 9607(a), and under Section 7003 of RCRA, 42 U.S.C. § 6973, for the First Operable Unit including performance of the Work for the Source Area properties at the Site, performance of any Additional Work for the Source Area properties that is undertaken pursuant to Section VIII, and reimbursement of any Response Costs which were incurred by the United States as accounted for and calculated as of January, 1990, and demanded by EPA on April 20, 1990, and oversight response costs that are paid by the Source Area Defendants pursuant to Section XVII, Paragraphs 46 and 47(a) and (b) of the Consent Decree.  Except as provided in Paragraphs 78, 79, and 80, for the appropriate Source Area Defendants responsible for performing the Central Area RI/FS pursuant to this Consent Decree, Covered Matters shall also include any and all civil liability to the United States for causes of action arising under Sections 104(b) and 107(a) of CERCLA, 42 U.S.C. § 9604(b), 9607(a) for the performance of the Work at the Site related to the Central Area RI/FS, performance of any Additional Work for the Central Area RI/FS that is undertaken pursuant to Section VIII, reimbursement of the Response Costs for the RI/FS performed by EPA and its contractors

69

for the Second Operable Unit, and reimbursement of oversight response costs that are paid pursuant to Section XVII, paragraphs 47(a) and (c).

b.   Except as provided in Paragraphs 78, 79 and 80, Covered Matters shall include any and all civil liability to the Commonwealth for causes of action, including any and all civil and administrative claims, arising under Section 107(a) of CERCLA, 42 U.S.C. §9607(a) and under Section 7003 of RCRA, 42 U.S.C. §6973 which were asserted or could have been asserted in the complaint and pursuant to state common law, Chapter 21E, or Chapter 21C provided that any such claims arise from the facts surrounding the transactions or occurences with respect to the First Operable Unit including performance of the Work at the Source Area properties at the Site, performance of any Additional Work for the Source Area properties at the Site that is undertaken pursuant to Section VIII, and reimbursement of any Response Costs or Response Action Costs which were incurred by the Commonwealth as of August 6, 1990, and oversight response costs that are paid by the Defendants pursuant to Section XVII, Paragraph 47(a), (b) and (c) of the Consent Decree.

78.   Pre-certification reservations.  Notwithstanding any other provision of this Consent Decree, the United States and the Commonwealth reserve the right to institute proceedings in this action or in a new action, or to issue an Administrative Order, seeking to compel Settling Defendants (1) to perform additional response actions at the Site with respect to the First Operable

70

Unit or (2) to reimburse the United States and the Commonwealth for response costs if, prior to Certification of Completion of the Work for a specific Source Area property:

> (a)   conditions at the Site, previously unknown to the United States, are discovered after the issuance of the ROD on September 14, 1989, or

> (b)   information is received by the United States, in whole or in part, after the issuance of the ROD on September 14, 1989, and

the EPA Administrator or his delegate finds, based on these previously unknown conditions or this information together with any other relevant information, that the Work is not protective of human health and the environment.

79.   <u>Post-certification reservations.</u>   Notwithstanding any other provision of this Consent Decree, the United States and the Commonwealth reserve the right to institute proceedings in this action or in a new action, or to issue an Administrative Order, seeking to compel Settling Defendants (1) to perform additional response actions at the Site for the First Operable Unit or (2) to reimburse the United States and the Commonwealth for response costs if, subsequent to Certification of Completion of Work for a specific Source Area property:

> (a)   conditions at the Site, previously unknown to the United States, are discovered after the Certification of Completion of Work for that Source Area property, or

71

(b)    information is received by the United States, in
whole or in part, after the Certification of Completion
of Work for that Source Area property,

and the EPA Administrator or his delegate finds, based on these
previously unknown conditions or this information together with
other relevant information, that the Work is not protective of
human health and the environment.  The above-mentioned
reservation of rights in Paragraphs 78 and 79 includes the right
to institute proceedings in this action or in a new action to
seek reimbursement of costs incurred as a result of actions
undertaken pursuant to Section 121(c) of CERCLA, 42 U.S.C. §
9621(c).

80.    For purposes of Paragraph 78, the information received
by and the conditions known to the United States shall include
that information and those conditions set forth in the Record of
Decision for the Wells G & H Site and the administrative record
supporting the Record of Decision.  For purposes of Paragraph 79,
the information received by and the conditions known to the
United States shall include that information and those conditions
set forth in the Record of Decision and any information received
by the United States pursuant to the requirements of this Consent
Decree.

81.    <u>General reservations of rights as to Settling
Defendants</u>.  The covenants not to sue set forth in Paragraphs 75,
76, and 77 do not pertain to any matters other than those
expressly specified to be Covered Matters.  The United States and

72

the Commonwealth reserve, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all other matters.  In addition, the following are specifically identified as matters that are not Covered Matters:

(a)  claims based on a failure or refusal by Settling Defendants to meet a requirement of the Consent Decree;

(b)  liability arising from the past, present, or future disposal, release, or threat of release of Waste Material outside of the Site and not attributable to the Site;

(c)  liability for the disposal of any Waste Material taken from the Site;

(d) liability for damages for injury to, destruction of, or loss of natural resources except for liability for damages for injury to, destruction of, or loss of those natural resources under the trusteeship of DOI addressed in the First Operable Unit;

(e)  any matter as to which the United States or the Commonwealth is owed indemnification under Section XVIII above;

(f) criminal liability;

(g) except as provided in Paragraph 77, all response costs or administrative or judicial claims taken to compel any action other than those expressly included in Covered Matters, including, but not limited to, any action undertaken pursuant to subsequent Records of Decision;

(h)  liability for violations of federal or state law which occur during implementation of the Work;

73

(i)   possible bedrock contamination beneath the Olympia property;

(j)   any Response Costs associated with the remedial design, remedial action and operation and maintenance of any EPA response action regarding the Central Area and the Aberjona River.

82.   Notwithstanding any other provision of this Consent Decree, the United States and the Commonwealth retain all authority and reserve all rights to take any and all response actions authorized by law subject to the covenant not to sue in this Section.  In addition, EPA, in consultation with the Commonwealth, reserves the right to undertake actions under Section 104 of CERCLA, including removal and/or remedial actions at any time and to perform any and all portions of the RI/FS which the appropriate Source Area Defendant(s) fail to perform to EPA's satisfaction subject to the covenant not to sue in this Section.

83.   Notwithstanding any other provisions in this Consent Decree, the covenant not to sue in this Section shall not relieve the Settling Defendants of their obligations as set forth in Schedule A to meet and maintain compliance with the requirements set forth in this Consent Decree, including the conditions in the ROD, as modified by the ESD, and the United States and the Commonwealth reserve their rights to take response actions at the Site in the event of a breach of the terms of this Consent Decree and to seek recovery of costs incurred after entry of the Consent Decree: (1) resulting from such a breach; (2) relating to any

portion of the Work funded or performed by the United States or
the Commonwealth; or (3) incurred by the United States or the
Commonwealth as a result of having to seek judicial assistance to
remedy conditions at or adjacent to the Site.

84. Nothing in this Consent Decree shall constitute or be
construed as a release or a covenant not to sue regarding any
claim or cause of action against any person, firm, trust, joint
venture, partnership, corporation or other entity not a signatory
to this Consent Decree for any liability it may have arising out
of or relating to the Site.

XXIII.

CONTRIBUTION PROTECTION

85. Subject to the reservations of rights in Section XXII,
Paragraphs 78, 79 and 81, the United States and the Commonwealth
agree that by entering into and carrying out the terms of this
Consent Decree, the appropriate Source Area Defendants will have
resolved their liability to the United States and to the
Commonwealth for Covered Matters for the Source Area properties
or the RI/FS as defined in Section XXII, Paragraph 77, pursuant
to Section 113(f) of CERCLA, and shall not be liable for claims
for contribution for Covered Matters for the Source Area
properties or the RI/FS, as applicable, to the extent permitted
by law. Subject to the reservation of rights in Section XXII,
Paragraphs 78, 79, and 81, the United States agrees that by
entering into and carrying out the terms of this Consent Decree,

the Non-Source Area Defendants will have resolved their liability to the United States for Covered Matters for the Source Area properties as defined in Section XXII, Paragraph 77, pursuant to Section 113(f) of CERCLA, and shall not be liable for claims for contribution for Covered Matters for the Source Area properties or the RI/FS, as applicable, to the extent permitted by law.

86. The Plaintiffs expressly reserve their rights to continue to sue any person(s) other than the Settling Defendants in connection with the Site.

87. Settling Defendants further retain and reserve the right to assert claims against other Settling Defendants with respect to any agreements relating to the performance of their obligations under this Consent Decree. Notwithstanding anything in this Consent Decree to the contrary, participation in this Consent Decree does not constitute a waiver of statutory rights, including, but not limited to, rights under CERCLA and Chapter 21E, to seek private cost recovery and/or contribution between other Source Area Defendants in this matter. The Source Area Defendants expressly agree to waive their statutory defenses of contribution protection set forth in Section 113 of CERCLA, 42 U.S.C. § 9613, as to other Source Area Defendants.

88. Participation in this Consent Decree by the Settling Defendants shall not constitute, be interpreted, construed or used as evidence of any admission of liability, law or fact, a waiver of any right, claim, or defense, or an estoppel against any Settling Defendant by Settling Defendants as among themselves

76

or by any other person not a Settling Defendant.  Without limiting the scope of the foregoing, each Settling Defendant expressly reserves and retains its rights to assert any claims or causes of action against any other Settling Defendant, including (a) the Non-Source Area Defendants' express reservation and retention of their rights to assert any claims or causes of actions against the Source Area Defendants for any damages sustained to the Non-Source Area Defendants due to the presence of hazardous substances on or under the Non-Source Area Defendants' property where such contamination emanated from Source Area Defendants' property; and (b) the Source Area Defendants' express reservation of statutory rights, including but not limited to, rights under CERCLA and Chapter 21E, to seek private cost recovery and/or contribution from other Source Area Defendants in this matter.  However, nothing in this Paragraph is intended or should be construed to limit, bar, or otherwise impede the enforcement of any term or condition of the Consent Decree.

89.  Nothing in this Consent Decree shall be construed to create any rights in or grant any cause of action to, any person not a party to this Consent Decree.  Except as provided in Paragraph 90, each of the Parties expressly reserves any and all rights, including any right to contribution, defenses, claims, demands, and causes of action which each party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a party hereto.

77

## XXIV.

### COVENANTS BY DEFENDANTS; NOTIFICATION OF CLAIMS

90.   Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the United States or the Commonwealth for any claims related to or arising from Covered Matters or any response action taken with respect to this Consent Decree, including, but not limited to, any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507), through CERCLA Sections 106(b)(2), 111 or 112 or otherwise, or to seek any other costs, damages, or attorneys' fees from the United States or the Commonwealth arising out of Covered Matters or response activities with respect to this Consent Decree.   Settling Defendants shall give notice to the United States of any complaint filed by such Settling Defendants related to Covered Matters within ten (10) days of filing and Settling Defendants shall provide sixty (60) days notice to the United States prior to their filing of any motion for summary judgment, if practicable, and sixty (60) days notice prior to trial.   Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.25(d).

XXV.

## ACCESS TO INFORMATION

91.   Settling Defendants shall provide to EPA and the
Commonwealth upon request, copies of all documents and
information within their possession and/or control or within that
of their contractors or agents relating to activities at the Site
or to the implementation of this Consent Decree, including
sampling, analysis, chain of custody records, manifests, trucking
logs, receipts, reports, sample traffic routing, correspondence,
or other documents or information related to the Work.  With the
exception of sampling data, the Settling Defendants may assert
any claim of privilege covering any information requested by the
United States under this Section to the extent permitted by law.
Settling Defendants, without waiving their rights to assert
privilege, shall also make available to EPA and the Commonwealth
for purposes of investigation, information gathering, or
testimony, their employees, agents, or representatives with
knowledge of relevant facts concerning the performance of the
Work.

92.  Settling Defendants may assert business confidentiality
claims covering part or all of the documents or information
submitted to the Plaintiffs under this Consent Decree to the
extent permitted by and in accordance with Section 104(e)(7) of
CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b).
Documents or information determined to be confidential by EPA
will be afforded the protection specified in 40 C.F.R. Part 2,

Subpart B.  If no claim of confidentiality accompanies specific documents or information when they are submitted to EPA or if EPA has notified Settling Defendants that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA, the public may be given access to such documents or information without further notice to Settling Defendants.

93.  No claim of confidentiality shall be made with respect to any sampling or analytical data or any other documents or information evidencing conditions at or around the Site.

94.  Each Party waives any objection to the admissibility, with the exception of objections to relevancy and objections that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, of the results of any analyses of sampling conducted by or for it at the Site or of other data gathered, generated, or evaluated pursuant to this Consent Decree.  Further, each Party waives its right to contest the validity of any data unless it is established that such data has not been validated in accordance with all relevant quality assurance and quality control procedures established by or pursuant to this Consent Decree.


## XXVI.

### RETENTION OF RECORDS

95.  Until six (6) years after EPA's Certification of Completion of the Work, each Defendant shall preserve and retain

at least one copy of all records and documents now in its possession or control as of the date of lodging of the Consent Decree that relate in any manner to response activities or liability of any party at the Site excluding clercial drafts, and general financial and accounting records and excluding records generated in defense of private party claims relating to the Site, specifically <u>Anderson v. Cryovac</u>, later styled <u>Anderson v. W.R. Grace & Co.</u> (D.Mass. No. 82-1672-S) and styled on appeal <u>Anderson v. Beatrice Foods Company</u> (1st Cir. No. 85-1070) and <u>Anderson v. UniFirst Corp.</u> (Super Ct. No. 85-2098). After this document retention period, the Defendants shall notify the United States and the Commonwealth at least ninety (90) calendar days prior to the destruction of any such records or documents, and, upon request by the United States or the Commonwealth, Defendants shall deliver all such records or documents to EPA or the Commonwealth.

96. Until six (6) years after Certification of Completion of the Work and termination of this Consent Decree, Settling Defendants shall preserve, and shall instruct their contractors and agents to preserve, at least one copy of all documents, records, and information of whatever kind, nature or description for the performance of the Work excluding clerical drafts, and general financial and accounting records and excluding records generated in defense of private party claims relating to the Site, specifically <u>Anderson v. Cryovac</u>, later styled <u>Anderson v. W.R. Grace & Co.</u> (D.Mass. No. 82-1672-S) and styled on appeal

81

<u>Anderson v. Beatrice Foods Company</u> (1st Cir. No. 85-1070) and

<u>Anderson v. UniFirst Corp.</u> (Super. Ct. No. 85-2098).  Upon

Certification of Completion of the Work, the Settling Defendants

shall deliver all such documents, records and information to EPA

and the Commonwealth.  EPA may in its sole discretion waive this

requirement in whole or in part.


## XXVII.

### NOTICES AND SUBMISSIONS

97.  Whenever, under the terms of this Consent Decree,

written notice is required to be given or a report or other

document is required to be sent by one party to another, it shall

be directed to the individuals and the addresses specified below,

unless those individuals or their successors give written notice

of a change to the other Parties.  Written notice as specified

herein shall constitute complete satisfaction of any written

notice requirement of the Consent Decree with respect to the

United States, EPA, the Commonwealth and the Source Area

Defendants, respectively.

<u>As to the United States:</u>

Chief, Environmental Enforcement Section
Land and Natural Resources Division
Department of Justice
10th & Pennsylvania Avenue, N.W.
Washington, D.C.  20530
        Re: DOJ # 90-11-3-194

                and

Director, Waste Management Division
United States Environmental
    Protection Agency, Region I
J.F.K.  Federal Building   HRS-CAN3
Boston, MA  02203
C/O Barbara Newman
re: Wells G&H Superfund Site


<u>As to EPA</u>

EPA RPM Wells G & H Superfund Site
Barbara Newman
Massachusetts Superfund Section
Waste Management Division   HRS-CAN3
J.F.K. Federal Building
Boston, MA  02203

<u>As to the Commonwealth</u>

The State Project Coordinator/DEP RPM


<u>As to the Source Area Defendants:</u>

The Defendants' Project Coordinator


## XXVIII.

### REMOVAL OF LIEN

98.  Upon the appropriate Source Area Defendant(s)'

satisfactory demonstration of assurance of ability to complete

the Work for a specific Source Area property pursuant to Section

XIV, EPA shall remove the Notice of Lien on that Source Area

property by filing a notice of removal of lien in the Middlesex

County Registry of Deeds or Registry District of the Land Court,

as appropriate.  EPA retains the unreviewable discretion to

remove any lien currently on a Source Area property regardless of

whether a satisfactory demonstration of assurance of ability to

complete the Work has been made.  Nothing contained herein shall be construed to limit the rights of the United States, in the future, pursuant to Section 107(1) of CERCLA, 42 U.S.C. § 9607(1) to record a lien on any property which is the subject of this Decree.


## XXIX.

### EFFECTIVE DATE

99.  Except as to those Paragraphs which are effective upon lodging of this Consent Decree with the Court, the effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court.


## XXX.

### RETENTION OF JURISDICTION

100. This Court will retain jurisdiction for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section XX hereof.


## XXXI.

### TERMINATION

101. Upon notice by the United States to the Court that EPA has issued a Certification of Completion of Work pursuant to

84

Section XV for a specific Source Area property and that the
appropriate Source Area Defendants have satisfied their
obligations under Section XVII [Response Costs], Section XXI
[Stipulated Penalties], Section XVI [Endangerment and Emergency
Response], and Section VIII [Additional Work] for a specific
Source Area property, this Consent Decree shall terminate upon
the motion of any of the Parties with respect to the Work so
certified. With respect to the Non-Source Area Defendants,
termination of this Consent Decree as to all Source Area
Defendants that required access to a Non-Source Area Defendant's
property shall operate as a termination of this Consent Decree as
to that Non-Source Area Defendant with respect to the Work so
certified provided that the Non-Source Area Defendant has
satisfied its obligations under Section XXI [Stipulated
Penalties] and XVI [Endangerment and Emergency Response].
Nothing contained herein shall affect any continuing obligation
under Schedule A. Termination of this Consent Decree shall not
affect the Covenants Not to Sue (Sections XXII and XXIV above),
including all reservations pertaining to those covenants, shall
not affect Section XXIII [Contribution Protection] and shall not
affect any continuing obligation of Settling Defendants under
Sections V, VII, VIII, XI, XVIII, XXV, XXVI and any other
continuing obligation under this Consent Decree.

## XXXII.

## MODIFICATION

102. No material modification shall be made to this Consent Decree without written notification to and written approval of the Parties and the Court.  The notification required by this Section shall set forth the nature of and reasons for the requested modification.  No oral modification of this Consent Decree shall be effective.  Modifications that do not materially alter the requirements of this Consent Decree may be made upon the written consent of EPA, the Commonwealth and the Source Area Defendants' Project Coordinator, which consent shall be filed with this Court.  Nothing in this paragraph shall be deemed to alter the Court's power to supervise or modify this Consent Decree.  Modifications to the SOW or the RD/RA or RI/FS Work Plans shall be made by written agreement between EPA, in consultation with the Commonwealth, and the Source Area Defendants' Project Coordinator.

## XXXIII.

## COMMUNITY RELATIONS

103. The appropriate Source Area Defendants shall cooperate with EPA and the Commonwealth in providing information regarding the Work to the public.  As requested by EPA, the appropriate Source Area Defendant(s) shall participate in the preparation of such information for dissemination to the public and in public meetings which may be held or sponsored by EPA to explain

activities at or relating to the Site.  The appropriate Source
Area Defendant(s) shall submit a Community Relations Support Plan
as a section of the RD/RA Work Plan in accordance with the SOW
which specifies the support to be provided to EPA for community
relations.

XXXIV.

COMMUNICATION AND COORDINATION AMONG  SOURCE AREA DEFENDANTS

104. Within forty-five (45) days after the lodging of this
Consent Decree, the appropriate Source Area Defendant(s) shall
submit to EPA and the Commonwealth, a Communication and
Coordination Plan (CCP) for EPA approval, in consultation with
the Commonwealth, which defines the procedures by which the
Source Area Defendant(s) will communicate and coordinate with one
another and EPA and the Commonwealth in carrying out the
requirements of this Consent Decree.  The primary objectives of
the CCP shall be to avoid unnecessary duplication, to limit the
number of persons communicating with EPA and the Commonwealth
regarding the Work under this Consent Decree, to limit the number
of submittals to EPA and the Commonwealth under this Consent
Decree and SOW, and to provide for uniformity in the Conduct of
Work under this Consent Decree and SOW.  The CCP shall include,
but not be limited to, the following:

A.   Communication Strategy.  The  Source Area Defendant(s)
shall describe how the designated coordinator and the individual
Source Area Defendants will communicate and disseminate

87

information relative to this Consent Decree.  The name, title, address and telephone number of the primary contact person for each appropriate Source Area Defendant shall be included in the communication strategy.

B.    <u>Coordination of Efforts.</u>  The appropriate Source Area Defendant(s) shall describe with specificity how the technical, financial, and administrative requirements of this Consent Decree are to be coordinated and distributed among and performed by the appropriate Source Area Defendants.  The CCP shall describe the obligations of each and every Source Area Defendant.

105. The appropriate Source Area Defendant(s) shall sign the CCP (by a duly authorized representative if the appropriate Source Area Defendant(s) is other than a natural person) prior to its submission to EPA.  Failure of any appropriate Source Area Defendant to sign the CCP will constitute a violation of this Consent Decree by that individual appropriate Source Area Defendant.

106. The appropriate Source Area Defendant(s) shall submit all proposedchanges  or amendments to the CCP to EPA for approval.

107. The CCP as approved by EPA, in consultation with the Commonwealth, shall be incorporated into and enforceable under this Consent Decree.  Failure to submit a timely or approvable plan shall be subject to stipulated penalties pursuant to Section XXI.

## XXXV.

## LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

108. This Consent Decree shall be lodged with the Court for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7. The United States shall provide notice of such lodging to the Settling Defendants. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. Defendants consent to the entry of this Consent Decree without further notice.

## XXXVI.

## SIGNATORIES

109. Each undersigned representative of a Defendant to this Consent Decree certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such party to this document.

110. Each Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that party with respect to all matters arising under or relating to this Consent Decree, including any complaints filed with respect to this Consent Decree. Defendants hereby agree to accept service in that manner and to waive the formal service

requirements set forth in Rule 4 of the Federal Rules of Civil Procedure, including service of a summons, and any applicable local rules of this Court.

SO ORDERED THIS _____ DAY OF _____, 19__.

_____
United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree relating to the Wells G & H Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date: __6.11-91__          _Richard B Stewart_
                          Richard B. Stewart
                          Assistant Attorney General
                          Environment and Natural Resources
                              Division
                          U.S. Department of Justice
                          Washington, D.C.  20530

Date: __5/13/91__          _Henry Friedman_
                          Henry Friedman
                          Environmental Enforcement Section
                          Environment and Natural Resources
                              Division
                          U.S. Department of Justice
                          Washington, D.C.  20530

WAYNE A. BUDD
United States Attorney

Date: _____  By: _____

                          Assistant United States Attorney

91

FOR THE COMMONWEALTH OF MASSACHUSETTS

JAMES M. SHANNON

Date: _10/2/90_        _Nancy E. Harper_
Nancy Elizabeth Harper
Commonwealth of Massachusetts
One Ashburton Place
Boston, MA  02108

Date: _10/2/90_        _Raymond Dougan_
Raymond Dougan
Environmental Protection Division-
Section Chief
Assistant Attorney General
Commonwealth of Massachuetts
One Ashburton Place
Boston, MA  02108

Date: _9/26/90_        _James C. Colman_
James C. Colman
Assistant Commissioner
Department of Environmental
Protection
One Winter Street
Boston, MA  02108

91

Date: _9/28/90_

_Julie Belaga_

Julie Belaga
Regional Administrator, Region I
U.S. Environmental Protection
Agency

Date: _9/28/90_

_M. Gretchen Muench_

M. Gretchen Muench
Assistant Regional Counsel
U.S. Environmental Protection
Agency, Region I
J.F.K. Federal Building
Boston, MA 02203

Date: _3/9/91_

_Raymond B. Ludwiszewski_

Raymond B. Ludwiszewski
Acting Assistant Administrator for
Enforcement
U.S. Environmental Protection
Agency
401 M Street, S.W.
Washington, DC 20460

Date: _11/19/90_

_Douglas P. Dixon_

Douglas P. Dixon
Office of Enforcement
U.S. Environmental Protection
Agency
401 M Street, S.W.
Washington, DC 20460

91

THE UNDERSIGNED PARTY enters into this Consent Decree relating to the Wells G & H Superfund Site.

FOR   WILDWOOD CONSERVATION CORPORATION

Date: _____December 14, 1990_____          _____
                                           John J. Riley, Jr. as President


Agent Authorized to Accept Service on Behalf of: Wildwood Conservation
                                                 Corporation

Name:      James Stewart, Esq.
Title:     Lowenstein, Sandler, et al.
Address:   65 Livingston Avenue, Roseland, N.J.  07068
Telephone: (201) 992-8700

94

## APPOINTMENT OF AGENT TO ACCEPT
## SERVICE OF SUMMONS AND COMPLAINT

The undersigned hereby appoints on its behalf

James Stewart, Esq. _____ ("Agent") or his designee

to accept service of any and all complaints and summonses served

by or on behalf of the United States relating to the Wells G & H

Superfund Site in Woburn, Massachusetts.

This appointment shall be terminated only upon written

notice to Agent with a copy to _____,

Environmental Enforcement Section, Lands & Natural Resources

Division, United States Department of Justice, Washington, D.C.

20530.

Signed under seal this ____ day of ___December___, 199 0 .

Name of Company:  Wildwood Conservation Corporation

Date: December __, 1990       By: _____

Name: John J. Riley, Jr.

Title: President

95

THE UNDERSIGNED PARTY enters into this Consent Decree relating to the Wells G & H Superfund Site.

FOR    JOHN J. RILEY, JR.

Date: December 21, 1990            John J. Riley, Jr.

Agent Authorized to Accept Service on Behalf of: John J. Riley, Jr.

Name:      James Stewart, Esq.
Title:     Lowenstein, Sandler, et al.
Address:   65 Livingston Avenue, Roseland, N.J.  07068
Telephone: (201) 992-8700

94

## APPOINTMENT OF AGENT TO ACCEPT
## SERVICE OF SUMMONS AND COMPLAINT

The undersigned hereby appoints on its behalf

James Stewart, Esq. _____ ("Agent") or his designee

to accept service of any and all complaints and summonses served

by or on behalf of the United States relating to the Wells G & H

Superfund Site in Woburn, Massachusetts.

This appointment shall be terminated only upon written

notice to Agent with a copy to _____,

Environmental Enforcement Section, Lands & Natural Resources

Division, United States Department of Justice, Washington, D.C.

20530.

Signed under seal this 2d day of _____December_____, 1990.

Name ~~XYZ Company~~: _____John J. Riley_____

Date: _December 2d, 1990_                    By: _____

                                             ~~NAME~~

                                             ~~TITLE~~

95

THE UNDERSIGNED PARTY enters into this Consent Decree relating to the Wells G & H Superfund Site.

FOR

Date: ___12-19-91___    ___John M. Peterson___

Agent Authorized to Accept Service on Behalf of: City of Woburn

Name: ___EDWARD S. ROBERTSON___
Title: ___CITY SOLICITOR___
Address: ___CITY HALL - 10 COMMON STREET, WOBURN, MA 01801___
Telephone: ___(617) 932-4425___

94

### APPOINTMENT OF AGENT TO ACCEPT
### SERVICE OF SUMMONS AND COMPLAINT

The undersigned hereby appoints on its behalf

Edward S. Robertson ("Agent") or his designee

to accept service of any and all complaints and summonses served

by or on behalf of the United States relating to the Wells G & H

Superfund Site in Woburn, Massachusetts.

This appointment shall be terminated only upon written

notice to Agent with a copy to _____,

Environmental Enforcement Section, Lands & Natural Resources

Division, United States Department of Justice, Washington, D.C.

20530.

Signed under seal this 19th day of December , 1990.

Name of Company: City of Woburn

Date: December 19, 1990    By: _____

Name: John W. Rabbitt

Title: Mayor

95

THE UNDERSIGNED PARTY enters into this Consent Decree relating
to the Wells G & H Superfund Site.


FOR   UniFirst Corporation

Date:   9/26/90


Agent Authorized to Accept Service on Behalf of:

Name:    Aldo Croatti
Title:    Chairman
Address:    68 Jonspin Road, Wilmington, MA 01887
Telephone:    508-658-8888

93

## APPOINTMENT OF AGENT TO ACCEPT
## SERVICE OF SUMMONS AND COMPLAINT

The undersigned hereby appoints on its behalf

_____Jeffrey C. Bates, Esq._____ ("Agent") or his designee

to accept service of any and all complaints and summonses served

by or on behalf of the United States relating to the Wells G & H

Superfund Site in Woburn, Massachusetts.

This appointment shall be terminated only upon written

notice to Agent with a copy to _____,

Environmental Enforcement Section, Lands & Natural Resources

Division, United States Department of Justice, Washington, D.C.

20530.

Signed under seal this __11th day of __October____, 199_0_.


Date: __10/11/90___

Name of Company: UniFirst Corporation

By: _____

Name: Ronald D. Croatti

Title: Vice Chairman

94

THE UNDERSIGNED PARTY enters into this Consent Decree relating
to the Wells G & H Superfund Site.

FOR *New England Plastics Corp.*

Date: *24 September 1990*

*Robert D. Kearin*
*President*

Agent Authorized to Accept Service on Behalf of:

Name: *ROBERT D. KEARIN*
Title: *PRESIDENT*
Address: *310 SALEM ST*
Telephone: *(617) - 933-6004*

93

**THE UNDERSIGNED PARTY** enters into this Consent Decree relating

to the Wells G & H Superfund Site.


FOR    Charrette Corporation


Date: ___9/20/90___         _~~Lionel Spira~~_


Agent Authorized to Accept Service on Behalf of:


Name:    Colburn T. Cherney, Esq.
Title:    Attorney
Address:    Ropes & Gray
1001 Pennsylvania Avenue, N. W.
Suite 1200   South
Washington, D. C.   20004
Telephone:    (202)  626-3900

93

## APPOINTMENT OF AGENT TO ACCEPT
## SERVICE OF SUMMONS AND COMPLAINT

The undersigned hereby appoints on its behalf  Colburn T. Cherney, Esq.
("Agent") or his designee to accept service of any and all complaints and
summonses served by or on behalf of the United States relating to the Wells
G & H Superfund Site in Woburn, Massachusetts.

This appointment shall be terminated only upon written notice to Agent
with a copy to _____, Environmental Enforcement
Section, Lands & Natural Resources Division, United States Department of
Justice, Washington, D. C. 20530.

Signed under seal this  20th   day of  September   , 199 0.


Name of Company:     Charrette Corporation

Date: 9/20/90            By:  _Lionel Spiro_

Name:     Lionel Spiro

Title:     CEO

94

THE UNDERSIGNED PARTY enters into this Consent Decree relating to the Wells G & H Superfund Site.

FOR    Massachusetts Rifle Association

Date: _9/21/90_                    _~~t~B~~~_
                                   Robert Summa, President


Agent Authorized to Accept Service on Behalf of: Massachusetts Rifle Association
Name:      _Rome & George_____
Title:     _Attorneys_____
Address:   _11 Beacon Street, Suite_1210, Boston, MA 02108
Telephone: _(617) 723-7090_____
           _____

93

## APPOINTMENT OF AGENT TO ACCEPT
## SERVICE OF SUMMONS AND COMPLAINT

The undersigned hereby appoints on its behalf

ROME & GEORGE _____ ("Agent") or his̶ designee
                                                      its
to accept service of any and all complaints and summonses served

by or on behalf of the United States relating to the Wells G & H

Superfund Site in Woburn, Massachusetts.

This appointment shall be terminated only upon written

notice to Agent with a copy to _____,

Environmental Enforcement Section, Lands & Natural Resources

Division, United States Department of Justice, Washington, D.C.

20530.

Signed under seal this 2 1 day of  September , 199 0 .

Name of Company: Massachusetts Rifle Association

Date: 9/21/90 ____

By: _____

Name:  Robert Summa

Title: President

94

THE UNDERSIGNED PARTY enters into this Consent Decree relating to the Wells G & H Superfund Site.

FOR    Northern Research and Engineering Corporation
       By: David T. LaFortune, Controller

Date: September 21, 1990

Agent Authorized to Accept Service on Behalf of:

Name:       David T. LaFortune, Controller
Title:      Northern Research and Engineering Corporation
Address:    39 Olympia Avenue, Woburn, MA 01801
Telephone:  (617) 935-9050

93

## APPOINTMENT OF AGENT TO ACCEPT
## SERVICE OF SUMMONS AND COMPLAINT

The undersigned hereby appoints on its behalf

_David T. LaFortune, Controller_____ ("Agent") or his designee

to accept service of any and all complaints and summonses served

by or on behalf of the United States relating to the Wells G & H

Superfund Site in Woburn, Massachusetts.

This appointment shall be terminated only upon written

notice to Agent with a copy to _____,

Environmental Enforcement Section, Lands & Natural Resources

Division, United States Department of Justice, Washington, D.C.

20530.

Signed under seal this _21_ day of September_____, 199_0_.


Name of Company:  Northern Research and
                  Engineering Corporation

Date: _September 21, 1990_          By: _David T. LaFortune_

                                    Name: David T. LaFortune

                                    Title: Controller

**94**

THE UNDERSIGNED PARTY enters into this Consent Decree relating
to the Wells G & H Superfund Site.


FOR


Date: September 21, 1990          INGERSOLL-RAND COMPANY

_____

PATRICIA NACHTIGAL

Agent Authorized to Accept Service on Behalf of:

Name:      Patricia Nachtigal
Title:     Secretary
Address:   Ingersoll-Rand Co.
Telephone: 200 Chestnut Ridge Road
           Woodcliff Lake, NJ  07675
Telephone: (201) 573-3473


93

## APPOINTMENT OF AGENT TO ACCEPT
## SERVICE OF SUMMONS AND COMPLAINT

The undersigned hereby appoints on its behalf

PATRICIA NACHTIGAL _____ ("Agent") or his designee

to accept service of any and all complaints and summonses served

by or on behalf of the United States relating to the Wells G & H

Superfund Site in Woburn, Massachusetts.

This appointment shall be terminated only upon written

notice to Agent with a copy to _____,

Environmental Enforcement Section, Lands & Natural Resources

Division, United States Department of Justice, Washington, D.C.

20530.

Signed under seal this 21st day of September , 1990 .

Name of Company:  INGERSOLL–RAND COMPANY

Date: September 21, 1990        By:

Name: Patricia Nachtigal

Title: Secretary

94

THE UNDERSIGNED PARTY enters into this Consent Decree relating to the Wells G & H Superfund Site.

FOR *Beatrice Company*

*By Karl M. Becker*

Date: September 21, 1990

Karl M. Becker, Senior Vice President and General Counsel

Agent Authorized to Accept Service on Behalf of:

Name:      James Stewart, Esq.
Title:     Attorney
Address:   Lowenstein, Sandler, Kohl, Fisher & Boylan
           65 Livingston St.
Telephone: Roseland, New Jersey 07068
           (201) 992-8700

93

## APPOINTMENT OF AGENT TO ACCEPT
## SERVICE OF SUMMONS AND COMPLAINT

The undersigned hereby appoints on its behalf <u>James Stewart, Esq.</u>
<u>Lowenstein, Sandler, Kohl, Fisher & Boylan</u> ("Agent") or his designee
to accept service of any and all complaints and summonses served
by or on behalf of the United States relating to the Wells G & H
Superfund Site in Woburn, Massachusetts.

This appointment shall be terminated only upon written
notice to Agent with a copy to _____,
Environmental Enforcement Section, Lands & Natural Resources
Division, United States Department of Justice, Washington, D.C.
20530.

Signed under seal this <u>21st</u> day of <u>September</u>, 199<u>0</u>.

Name of Company: *B. T... C.......*

By: *K.l .M. B.ck..*

Date: <u>September 21</u>, 1990

Name: Karl M. Becker

Title: Senior Vice President
and General Counsel

94

THE UNDERSIGNED PARTY enters into this Consent Decree relating
to the Wells G & H Superfund Site.

FOR CUMMINGS PROPERTIES MANAGEMENT, INC.

Date: _9/21/90_____         _____
                                               President

Agent Authorized to Accept Service on Behalf of:
CUMMINGS PROPERTIES MANAGEMENT, INC.
          Name:      James L. McKeown_____
          Title:     President_____
          Address:   200 West Cummings Park, Woburn, MA  01801
          Telephone: (617) 935-8000_____
                     _____

93

## APPOINTMENT OF AGENT TO ACCEPT
## SERVICE OF SUMMONS AND COMPLAINT

The undersigned hereby appoints on its behalf

James L. McKeown _____ ("Agent") or his designee

to accept service of any and all complaints and summonses served

by or on behalf of the United States relating to the Wells G & H

Superfund Site in Woburn, Massachusetts.

This appointment shall be terminated only upon written

notice to Agent with a copy to _____,

Environmental Enforcement Section, Lands & Natural Resources

Division, United States Department of Justice, Washington, D.C.

20530.

Signed under seal this _21st_ day of _September_, 199_0_.

Date: _9/21/90_

Name of Company: CUMMINGS PROPERTIES MANAGEMENT, INC.

By: _James L McKeown_

Name: James L. McKeown

Title: President

94

THE UNDERSIGNED PARTY enters into this Consent Decree relating to the Wells G & H Superfund Site.

FOR    W.R. GRACE & CO.- CONN.

Date:    September 21, 1990

CARL W. LORENTZEN
SENIOR VICE PRESIDENT

Agent Authorized to Accept Service on Behalf of:W.R. Grace & Co.-Con

Name:      CT Corporation System
Title:
Address:    2 Oliver St., Boston, Ma. 02019
Telephone:  617/482-4420

92

## APPOINTMENT OF AGENT TO ACCEPT
## SERVICE OF SUMMONS AND COMPLAINT

The undersigned hereby appoints on its behalf

CT Corporation System _____ ("Agent") or his designee

to accept service of any and all complaints and summonses served

by or on behalf of the United States relating to the Wells G & H

Superfund Site in Woburn, Massachusetts.

This appointment shall be terminated only upon written

notice to Agent with a copy to _____,

Environmental Enforcement Section, Lands & Natural Resources

Division, United States Department of Justice, Washington, D.C.

20530.

Signed under seal this 21st day of September ____, 199 0 .

Date: _9/2/90_____

Name of Company: W.R. Grace & Co.-Conn.

By: _____

Name: Mark Stoler

Title: Environmental Counsel

103



**U.S. Department of Justice**

JCC:HSF:hsf
90-11-3-194

_Washington, D.C. 20530_

July 9, 1991

Re: United States v. Wildwood Conservation Corp.,
et al., Civil Action No. 91-11807 (D. Ma.)

Dear Counsel or Party:

Enclosed please find a copy of the attachments to the
Consent Decree that has been lodged with the Court in the
referenced case. You will be served with the text of the Consent
Decree, as well as with other related pleadings, by the United
States Attorneys Office for the District of Massachusetts in the
near future. If you have any questions, please contact me.

Sincerely,

Assistant Attorney General
Environment and Natural Resources Division

By:

Henry S. Friedman
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044
(202) 514-5268

encl.

cc:  Gretchen Muench, Esq. (w/o attachments)
     Elissa Tonkin, Esq. (w/o attachments)

## SCHEDULE A

Schedule A consists of a listing of each Source Area Property, except the Olympia property, and the Central Area of the Site and the obligations each Settling Defendant assumes pursuant to the Consent Decree, the ROD, the ESD, the SOW and all documents submitted, approved or modified pursuant to this Consent Decree, including the Work obligations as defined in Section IV of this Consent Decree, obligations to reimburse the United States and the Commonwealth for response costs, and obligations to provide access.

## I.  Source Area Properties

### Section I. UniFirst Property

Primary Responsibility

UniFirst shall perform that portion of the Work to be conducted at the UniFirst property.

Secondary Responsibility

In the event that EPA determines that UniFirst is unable to perform the Work at the UniFirst property, Grace shall be liable, after receiving notice from EPA of such inability, for the performance of all remaining requirements of such Work at the UniFirst property.

### Section 2.  W.R. Grace & Co. Property

Primary Responsibility

Grace shall perform that portion of the Work to be conducted at the Grace property.

Secondary Responsibility

In the event that EPA determines that Grace is unable to perform the Work at the Grace property, UniFirst shall be liable, after receiving notice from EPA of such inability, for the performance of all remaining requirements of such Work.

### Section  3.  New England Plastics Company

Primary Responsibility

New England Plastics shall perform that portion of the Work to be conducted at the New England Plastics property.

Secondary Responsibility

In the event that EPA determines that New England Plastics is unable to perform that portion of the Work at the New England Plastics property that addresses contaminated water in the bedrock, UniFirst and Grace shall be jointly and severally liable after receiving notice from EPA of such inability, for the performance of all remaining requirements of such Work.  Specific responsibilities for the remaining requirements of the Work are contained in Section XIII of the SOW.

Section 4.  Wildwood Property

Primary Responsibility

Beatrice, Wildwood and John J. Riley, Jr. shall be jointly and severally liable for that portion of the Work to be conducted at the Wildwood property.

II.   Central Area RI/FS

Beatrice, Grace, New England Plastics, Cummings Properties, and UniFirst shall be jointly and severally liable for that portion of the Work related to the RI/FS for the Central Area.

III.  Reimbursement

The Source Area Defendants shall reimburse the United States and the Commonwealth in accordance with Section XVII.

IV.  Non-Source Area Defendants

The obligations of each Non-Source Defendant shall be to provide access pursuant to Section X of the Consent Decree.

Appendix I

## Declaration of the Record of Decision

### Site Name and Location

Wells G & H
Woburn, Massachusetts

### Statement of Purpose

This decision document presents the selected remedial action for
the Wells G & H site in Woburn, Massachusetts, developed in
accordance with the Comprehensive Environmental Response,
Compensation, and Liability Act of 1980 (CERCLA), as amended by
the Superfund Amendments and Reauthorization Act of 1986 (SARA),
and to the extent practicable, the National Contingency Plan
(NCP): 40 CFR Part 300 et seq., 47 Federal Register 31180 (July
16, 1982), as amended.

The Commonwealth of Massachusetts has concurred with the
selected remedy.

### Statement of Basis

This decision is based on the administrative record which was
developed in accordance with Section 113(k) of CERCLA and which
is available for public review at the information repositories
located at the Woburn Public Library, Woburn, Massachusetts, and
at 90 Canal Street, Boston, Massachusetts.  The attached index
identifies the items which comprise the administrative record
upon which the selection of a remedial action is based.

### Description of the Selected Remedy

The selected remedial action for the Wells G & H site will be
conducted as the first operable unit and consists of a source
control and management of migration component for the five
properties identified as sources of contamination.  This approach
is appropriate as the source areas of contamination contain the
majority of the mass of contaminants at the site, and pose the
principal threat at the site.

The Aberjona River and the central area of the site surrounding
Wells G & H will be addressed as a separate operable unit.

The source control remedial measures include:

    o    Excavation and on-site incineration of approximately
         2100 cubic yards of contaminated soil.  Excavated areas
         will be backfilled.

    o    In situ volatilization of approximately 7400 cubic
         yards of contaminated soil, part of which is located in
         a wetlands area.  In situ treatment will use carbon
         adsorption for vapor treatment.

The management of migration remedial measures include:

o    Pumping contaminated groundwater from the overburden
      and/or bedrock aquifers, pretreatment to remove
      suspended solids and metals, and treatment by air
      stripping to remove contaminants.  Carbon adsorption
      will be used to treat emissions from the air stripper.

o    Groundwater will be treated at separate source area
      treatment plants.

o    Groundwater will be pumped with the objective of
      achieving Safe Drinking Water Act Maximum Contaminant
      Levels in the aquifer.

Additional measures include:

o    The removal and disposal of approximately 410 cubic
      yards of sludge and debris.

Declaration

The selected remedy is protective of human health and the
environment, attains Federal and State requirements that are
applicable or relevant and appropriate for this remedial action,
and is cost effective.  This remedy satisfies the statutory
preference for remedies that employ treatment that reduces
toxicity, mobility, or volume as a principal element and utilizes
permanent solutions and alternative treatment technologies to the
maximum extent practicable.

Because this remedy is being conducted as the first operable unit
at the site, it will result in hazardous substances remaining on-
site above health based levels.  A review will be conducted
within five years after commencement of remedial action to ensure
that the remedy continues to provide adequate protection of human
health and the environment.

Sept 14, 1989
_____
Date

Paul S. Keough
_____
Paul G. Keough
Acting Regional Administrator, EPA Region I