UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: W.R. GRACE & CO., et al., ) | CHAPTER 11 |
| ) | |
| ) | Case No. 01-01139 (JKF) |
| DEBTORS. ) | (Jointly Administered) |
| ) | |
| ) | |
| ) | |

## ZAI CLAIMANTS' MEMORANDUM IN SUPPORT OF MOTION FOR ORDER RECOGNIZING AND PERMITTING FILING OF A WASHINGTON CLASS PROOF OF CLAIM

RICHARDSON, PATRICK, WESTBROOK
& BRICKMAN, LLC
Edward J. Westbrook
Robert M. Turkewitz
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina 29464
Telephone: (843) 727-6500

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott
926 W. Sprague Avenue
Chronicle Building, Suite 680
Spokane, Washington 99201
Telephone: (509) 455-3966

SULLIVAN · HAZELTINE · ALLINSON LLC
William D. Sullivan (2820)
Elihu E. Allinson, III (3476)
4 East 8th Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 428-8191

Dated: March 18, 2008

# TABLE OF CONTENTS

*I. BACKGROUND* ........................................................................................................... 1
   A. Pre Petition Procedural History .................................................................... 1

*II. ARGUMENTS* ........................................................................................................... 7
   A. MARCO BARBANTI AND RALPH BUSCH ARE AGENTS OF AND FIDUCIARIES OF A DULY CERTIFIED WASHINGTON CLASS AND, THEREFORE, SHOULD BE PERMITTED TO FILE A CLASS PROOF OF CLAIM ON BEHALF OF THE WASHINGTON CLASS .................................................................................... 7

*III. CONCLUSION* ....................................................................................................... 12

# TABLE OF AUTHORITIES

**CASES**

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) .................................................................. 10
*Colella v. King County*, 72 Wn.2d 386, 433 P.2d 154 (1967) ............................................................... 1
*Cook v. Rockwell Intern. Corp.*, 151 F.R.D. 378 (D. Colo. 1993) .......................................................... 4
*Day v. NLO*, 851 F. Supp. 869 (S.D. Ohio 1994) .................................................................................. 4
*Day v. NLO, Inc.*, 144 F.R.D. 330 (S.D. Ohio 1992), *aff'd*, 5 F.3d 154 (6th Cir. 1993) ........................ 4
*Day v. NLO, Inc.*, 811 F. Supp. 1271 (S.D. Ohio 1992) ........................................................................ 4
*Everett v. Paschall*, 61 Wash. 47, 111 P. 879 (1910) ........................................................................... 2
*In re American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988) ................................................. 8, 9, 10, 11
*In re Birting Fisheries, Inc.*, 92 F.3d 939 (9th Cir. 1996) ..................................................................... 7
*In re Charter Co.*, 876 F.2d 866, 871 (11th Cir. 1989) ....................................................................... 11
In re Craft, 321 B.R. 189 (Bankr. N. D. Tex. 2005) ......................................................................... 7, 10
*In Re First Interregional Equity Corp.*, 227 B.R. 358 (Bankr. D.N.J. 1998) .................................... 9, 11
*In re Trebol Motors Distributor Corp.*, 211 B.R. 785 (Bankr. D.Puerto Rico 1997) ............................. 7
*In re Trebol Motors Distributor Corp.*, 220 B.R. 500 (1st Cir. 1998) ................................................ 7, 8
*In re Zenith Laboratories, Inc.*, 104 B.R. 659 (Bankr. D.N.J. 1989) .......................................... 8, 11, 12
*Lightfoot v. MacDonald*, 86 Wn.2d 331, 544 P.2d 88 (1976) ............................................................... 1
*Nelson v. Hoskins*, 95 Wn.App 1021 (1999) ........................................................................................ 1
*Pepper v. J.J. Welcome Constr. Co.*, 73 Wn.App. 523, 871 P.2d 601 (1994) ....................................... 1
*Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir 1989) .................................................................... 8

**STATUTES**

RCW 19.86.090 ................................................................................................................................. 1, 2
RCW 19.86.095 .................................................................................................................................... 2
RCW 7.72 ............................................................................................................................................. 2
RCW 7.72.030(c) .................................................................................................................................. 2

**OTHER AUTHORITIES**

Daniel R. Cowans, 1 *Bankrupcty Law and Practice* 189 (1986) ........................................................... 8
Thomas H. Jackson, *The Logic and Limits of Bankruptcy Law* 7-33 at 44-54 (1986) ......................... 11

**RULES**

CR 23(b)(2) ....................................................................................................................................... 4, 9
Fed. R. Bankr. P. 3001 ..................................................................................................................... 7, 12
Fed. R. Bankr. P. 7023 ..................................................................................................................... 8, 12
Fed. R. Bankr. P. 9011(a) ................................................................................................................... 10
Fed. R. Bankr. P. 9014 ..................................................................................................................... 8, 12
Fed. R. Civ. P. 11 ............................................................................................................................... 10
Fed. R. Civ. P. 23 ................................................................................................................................. 8
Fed. R. Civ. P. 23(b)(2) ........................................................................................................................ 4
Federal Rule of Equity 39 .................................................................................................................... 4

**TREATISES**

22 Am Jur. 2d. *Damages* § 401 (1988) ................................................................................................. 1

...

# I. BACKGROUND

## A. Pre Petition Procedural History

On March 24, 2000, Marco Barbanti filed a class action on behalf of owners and occupiers of residences in the state of Washington, seeking equitable and programmatic relief in connection with W. R. Grace's tremolite-contaminated product, Zonolite Attic Insulation. Spokane Superior Court Judge Honorable Kathleen M. O'Connor has presided over that action since its inception.

The claims advanced and relief sought in the Washington class complaint arise from substantive Washington law and reflect Washington public policy regarding deceptive business practices and dangerous consumer products. Washington was in the vanguard of states adopting consumer protection legislation that created a private right of action where deceptive business practices impacted Washington's public interest. Washington Consumer Protection Act, RCW 19.86.090, created a private right of action where, as here, a business engaged in deceptive business practices affecting the public interest and causing injury to property.[1] Remedies

---

[1] RCW 19.86.090: "Any person who is injured in his or her business or property by a violation ... may bring a civil action in the superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee . . ." Private citizens act as **private attorneys general** in protecting the public's interest against unfair and deceptive acts and practices in trade and commerce. *Lightfoot v. MacDonald,* 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976).
Interference with use or enjoyment of real property and marketplace aversion constitute injury under Washington law:
- Damages for the depreciation in value of real property and for interference with its unfettered use are venerable species of harm supporting a claim for property damage. 22 Am Jur. 2d. *Damages* § 401 (1988).
- If land "may be restored to its original condition [damage is temporary] the measure of damages is the reasonable expense of such restoration, and in a proper case the loss of use ... for a reasonable time pending such restoration." *Nelson v. Hoskins,* 95 Wn.App 1021 (1999), quoting *Pepper v. J.J. Welcome Constr. Co.,* 73 Wn.App. 523, 542, 871 P.2d 601 (1994)

available under the act are expansive and include injunctive relief to redress unfair and deceptive business practices. *See* RCW 19.86.090, .095.

Washington's Product Liability Act, RCW Chapter 7.72 similarly creates a single cause of action for product-related "harm," supplanting previously existing common law causes of action. RCW 7.72. RCW 7.72.030(c), among other things, imposes a duty on the part of the manufacturer to issue post-manufacturing warning and instruction to consumers concerning dangers associated with its product, providing statutory basis for the unified injunctive class relief sought by the Washington Class plaintiffs.

The Washington Class Action, in these regards, seeks unitary and indeed indivisible class-wide relief. The programmatic relief sought for the Washington Class consists of three principal components: notification, education, and remediation.

The notification component serves corrective and prophylactic goals through an appropriate state-wide notification program that advises homeowners of ZAI, asbestos contamination of that product, and appropriate safeguards to be taken by homeowners. The education component serves to mitigate property contamination problems and avoid unnecessary expense associated with ZAI through an educational program that advises Washington homeowners and members of the home remodeling industry of appropriate operations and management practices regarding ZAI. The remediation component involves a program to assist

---

(quoting *Colella v. King County*, 72 Wn.2d 386, 393, 433 P.2d 154 (1967) (citations omitted).
- "If dread of the disease and fear induced by the proximity . . . disturb the comfortable enjoyment of the property of the appellants, we question our right to say that the fear is unfounded or unreasonable, when it is shared by the whole public to such an extent that property values are diminished. The question is, not whether the fear is founded in science, but whether it exists; not whether it is imaginary, but whether it is real, in that it affects the movements and conduct of men." *Everett v. Paschall*, 61 Wash. 47, 50-51, 111 P. 879, 880

homeowners with the expenses of ZAI removal and asbestos abatement, when it is needed. The Washington Class action, thus, seeks to avoid additional property contamination, forestall unnecessary and unknowing exposure to airborne asbestos, and provide for ZAI removal and abatement.

Plaintiff's motion for class certification of the Washington action was filed on June 1, 2000. On July 25, 2000, the Court entered the first of several Case Management Orders, which established a briefing schedule for the Class Certification Motion, which made allowance for discovery in connection with that motion, and which established a time period for identifying witnesses to be called at the hearing on class certification. The defendants were given until September 8, 2000, to conduct discovery and prepare their opposition to the class certification motion.

During the ensuing months Grace conducted a two-day deposition of class representative, Marco Barbanti; conducted five depositions of other Washington ZAI homeowners; conducted six depositions of plaintiff's experts; and performed day-long air sampling and inspection of six Washington homes containing ZAI.

Hearing on plaintiffs' motion for class certification ultimately took place on September 21, 2000.[2] Appearing on behalf of Grace to contest class certification were Jim Restivo, Doug Cameron, and Lawrence Flatley of Reed Smith Shaw & McClay; Arlene Fickler of Hoyle Morris & Kerr; V. Woolston, David Biderman, and Rocco Treppiedi from the law firm of Perkins Coie. W.R. Grace, through attorney Jim Restivo, also presented live testimony through two expert

---

(1910).
2 On approach of the hearing on class certification, Grace improperly removed the action to the Federal Court for the Eastern District of Washington on August 25, 2000. Following plaintiffs' motion to remand, the Honorable Edward F. Shea ordered the case remanded to the Superior Court of Spokane County on September 14, 2000.

witnesses, Morton Corn and Bertram Price. On conclusion of the hearing, Judge O'Connor took the matter under advisement.

The Honorable Kathleen O'Connor issued a Memorandum Opinion on November 28, 2000, granting class certification pursuant to CR 23(b)(2). It is unremarkable given the substantive law of Washington and the character of the equitable relief sought, that the Washington Court viewed these claims as appropriate for class treatment under CR 23(b)(2).[3] As an historical matter, class actions have their roots in equity, courts having long exercised injunctive powers to initiate and oversee class-wide corrective actions to secure public welfare, health, safety.[4]

On December 19, 2000, the Court entered an Order of Class Certification, appointing Marco Barbanti as representative of a class composed of "All owners or occupiers of real property located in the state of Washington in which Zonolite Attic Insulation has been installed." The Court appointed Darrell W. Scott as lead class counsel. Ed Westbrook and others serve as additional class counsel. *See* Class Certification Order attached as Appendix "A" and Case Management Order attached as Appendix "B" hereto. Class representation was thereafter enlarged by court order to include Ralph Busch, in response to W.R. Grace's argument

---

3 The fact that a defendant (or debtor) must ultimately make provision for necessary funding of court-ordered equitable relief does not transform the remedy from one sounding in equity to one merely seeking at-law damages, since the nature of the remedy remains prospective, prophylactic, class-wide in application, and subject to the court's ongoing supervisory and equitable authority. *See Day v. NLO, Inc.*, 811 F. Supp. 1271, 1275 (S.D. Ohio 1992); *Day v. NLO*, 851 F. Supp. 869, 875-884 (S.D. Ohio 1994); *Cook v. Rockwell Intern. Corp.*, 151 F.R.D. 378, 387 (D. Colo. 1993); *Day v. NLO, Inc.*, 144 F.R.D. 330, 336 (S.D. Ohio 1992), *aff'd*, 5 F.3d 154 (6th Cir. 1993).

4 This judicial history is now codified as Fed. R. Civ. P. 23(b)(2), with its precursor being Federal Rule of Equity 39.

that class representation should include a ZAI homeowner who resides in his subject home.[5] See Order adding additional class representative attached hereto as Appendix "C."

Class actions certified under CR 23(b)(2) do not involve an election to opt out of the class. For that reason such class actions do not require or typically involve publication of a class notice. Class notices, however, are permissible and at the urging of the appointed Washington class representatives, and over the persistent objections of W.R. Grace, the Spokane Superior Court determined to issue a notice to advise class members of the pendency of the Washington action, so as to permit them to monitor the litigation. The Court's commitment of substantial time and effort over the course of several hearings resulted in the form of notice attached as Appendix "D." The Federal Judicial Center has now promulgated model class action notices, which include as an exemplar a product liability class action notice based on the Washington Class Action notice. *See* Model Class Notice attached as Appendix "E."

On April 2, 2001, very shortly before publication of the notice, W.R. Grace filed its bankruptcy petition. Class Representative Marco Barbanti promptly appeared in the bankruptcy proceedings, petitioned the United States Trustee to form an official committee of property damages creditors, and sought to be appointed to that committee as class representative of the Washington Class. Representative Marco Barbanti and his attorney thereafter personally attended the first meeting of creditors held in Wilmington, Delaware, in April of 2001. The United States Trustee created such a committee and appointed Marco Barbanti, expressly referencing in its appointment the certified Washington class action, Case No 00201756-6 and Marco Barbanti's status as class representative. *See* Appendix "F."

---

5 Marco Barbanti owned rental properties that contained ZAI.

Class Representative Marco Barbanti has participated in committee activities both personally and through his designated attorney in fact, Darrell W. Scott, who also serves as co-chair of that committee. A 2019 statement was filed in respect of Marco Barbanti's and Ralph Busch's appointment as agents of the Class, accompanied by a copy of the certifying court's order of class certification and a copy of the class complaint.

On February 19, 2002, Class Representative Marco Barbanti, Ralph Busch, and others, filed an informational brief with the Court advising it of the certified Washington Class and of issues related to class treatment of ZAI claims. Shortly thereafter, on April 12, 2002, W.R. Grace filed proofs of claim in the names of Marco Barbanti and Ralph Busch in their individual capacities only, announced that Grace contested the claims it had filed, and pressed its objective of conducting what has now become known as a "Science Trial."

At its May 20, 2002, omnibus hearing, and in response to these events, this Court gave direction that Marco Barbanti and Ralph Busch were permitted to filed amended proofs of claim, if they so desired, but that the Court was postponing consideration of class related matters until anticipated "Science Trial" proceedings had matured. Pursuant to that direction, on May 31, 2002, Marco Barbanti and Ralph Busch filed amended proofs of claims affirming their status as duly appointed representatives of the Washington Class and preserved their right to seek court recognition of their agency status and of their right to file a class proof of claim at the appropriate time. Those circumstances having now arrived, Class Representatives Marco Barbanti and Ralph Busch request an order of this Court recognizing and declaring their status as agents and fiduciaries of the certified Washington Class Action and authorizing their filing of a proof of claim on behalf of the Washington Class.

## II. ARGUMENTS

A. **MARCO BARBANTI AND RALPH BUSCH ARE AGENTS OF AND FIDUCIARIES OF A DULY CERTIFIED WASHINGTON CLASS AND, THEREFORE, SHOULD BE PERMITTED TO FILE A CLASS PROOF OF CLAIM ON BEHALF OF THE WASHINGTON CLASS**

Marco Barbanti and Ralph Busch, pre petition and following plenary proceedings in which the debtor was deeply engaged, were duly appointed as representative of and fiduciaries of a Washington Class. Where, as here, a court has certified a class pre petition and appointed individuals as representatives of that class, those representatives constitute designated agents of the class, pursuant to Rule 3001, and may file a class proof of claim. *In re Craft*, 321 B.R. 189 (Bankr. N.D. Tex. 2005). "Indeed, class representatives are properly characterized as fiduciaries. . . . It is common for fiduciaries to file claims on behalf of their beneficiaries." *In re Craft*, 321 B.R. at 196; *see also In re Trebol Motors Distributor Corp.*, 211 B.R. 785, 787 (Bankr. D.Puerto Rico 1997); Fed. R. Bankr. P. 3001. A pre-petition certified class, in this regard, constitutes a single claimant for bankruptcy purposes. *In re Trebol Motors Distributor Corp.*, 220 B.R. 500, 503 (1st Cir. 1998).

In determining whether Marco Barbanti and Ralph Busch are designated agents of a certified class who may file a proof of claim on behalf of the class they represent, the bankruptcy court is not called upon to relitigate the class certification determinations previously made by the certifying court. As the court reasoned in *In re Craft*:

> If class representatives, fiduciaries selected by a court, are able to enforce a class judgment, it is only logical to conclude that a class representative, appointed by a U.S. District Court to serve as such for a certified class, may as well file an unliquidated claim based on an unadjudicated suit.
>
> . . .
>
> FN14 . . . Absent extraordinary circumstances, this court will accept a prior judicial determination of Rule 23 issues. The court also does not see the need to

first make Rule 23 applicable simply to allow filing of a claim by fiduciary class representatives already named by a certifying class action court.

*In re Craft*, 321 B.R. 189, 196-198 & n.14 (Bankr. N.D. Tex. 2005).

This result is unremarkable. The Sixth, Seventh, Ninth, and Eleventh Circuit appellate courts have each explicitly embraced class claims as appropriate to bankruptcy proceedings. *See In re Birting Fisheries, Inc.*, 92 F.3d 939 (9th Cir. 1996). Every circuit court to consider the matter, in fact, has held that class proofs of claim are permissible. *In re Trebol Motors Distributor Corp.*, 220 B.R. 500, 502, (1st Cir. 1998).

*In re American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988), is perhaps the most frequently cited opinion regarding the appropriateness of a class proof of claim:

> Rule 9014 thus allows bankruptcy judges to apply Rule 7023 – and thereby Fed. R. Civ. P. 23, the class action rule – to 'any stage' in contested matters. Filing a proof of claim is a 'stage.' All disputes in bankruptcy are either adversary proceedings or contested matters, see Daniel R. Cowans, 1 *Bankruptcy Law and Practice* 189 (1986), so Rule 23 may apply throughout a bankruptcy case at the bankruptcy judge's discretion. Rule 23 provides for filing by a representative, not just prosecution by a representative of claims already pending. So the right to file a proof of claim on behalf of a class seems secure, . . .[6]

*In re American Reserve Corp.*, 840 F.2d at 488; *See also Reid v. White Motor Corp.*, 886 F.2d 1462, 1469 (6th Cir 1989) ("Although there is a conflict between the reported decisions considering the permissibility of a class proof of claim in bankruptcy proceedings, [citations omitted], the more equitable resolution was recently enunciated by the Seventh Circuit in *In re American Reserve*, 840 F.2d 487 (7th Cir. 1988) which endorsed the filing of a class proof of claim.")

---

6 Opinions from courts within the Third Circuit are in accord: "Although the United States Court of Appeals for the Third Circuit has not considered this issue [class proofs of claim], the policies underlying the class action and Congress' explicit provision for the application of Fed. R. Civ. P. 23 to bankruptcy proceedings support the view that the latter cases *[In re American Reserve* and progeny] set forth the better rule." *In re Zenith Laboratories, Inc.*, 104

Recognition of Marco Barbanti and Ralph Busch as appointed agents of a certified Washington Class, for purposes of their filing a class proof of claim, is not only procedurally appropriate, it yields practical benefits for these bankruptcy proceedings as well.

At the most fundamental level, unified programmatic corrective measures as remedies for wrongful conduct generally applicable to a class cannot be sought or promulgated on an individual basis. Provision 23(b)(2) of the civil rules, upon which the Washington Court certified the Washington Class Action, essentially codifies this logic.[7]

Further, recognition of the Washington Court's appointment of designated representatives as "agents for the missing" (*See In re American Reserve*, 840 F.2d at 493), overcomes the difficulties of providing individual notice to unknown creditors, even were those creditors capable of individually seeking the relief sought in the Washington Class. Where the class, as here, is composed of individuals who are in large measure unknown creditors, "then the class device may provide the only form of notice to such parties and be advisable to utilize." *In Re First Interregional Equity Corp.*, 227 B.R. 358, 371 (Bankr. D.N.J. 1998).

Washington Class members, further still, are predominantly unknowing and therefore incapable of protecting their legal interests through individual participation in these bankruptcy proceedings. The vast majority of Washington homeowners are oblivious to the subject of ZAI and asbestos contamination of that product. Most would not recognize the product if they encountered it in their home. See GMA Research Corporation, Washington State Survey, Summary Report, October 2000, attached as Exhibit D to the Declaration of Darrell W. Scott in

---

B.R. 659, 662 (Bankr. D.N.J. 1989).

7 "An action may be maintained as a class action if the prerequisites of section (a) are satisfied, and in addition . . . (2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; ..."

Support of ZAI Claimants' Motion for Order to Show Cause Why Expert Witnesses Should Not be Appointed, filed March 18, 2008. Bankruptcy court recognition of a Washington class proof of claim, therefore, insures participation through representation of unknown and unknowing Washington claimants.

The bankruptcy court (and indeed the debtor) should welcome such participation since the Washington Class proof of claim promotes the "fresh start" objectives of bankruptcy. As the court observed in *In re Craft*:

> If a class claim is not allowed, class members without notice will have non-dischargeable claims [citations omitted]. While allowing a class claim may not wholly eliminate that exposure, it may foreclose the option of unnoticed members of a putative class commencing their own class action post-discharge. The other side of this coin is that class claims foster broader creditor participation in distributions and equal treatment of class members. Thus allowing class proofs of claim improves a debtor's fresh start and fosters equality of treatment of creditors, both major goals of Congress. A bankruptcy court should be absolutely convinced of a Congressional command to do so before it prohibits use of a device, here class claims, that is helpful in advancing two recognized goals served by the Code.

*In Re Craft*, 321 B.R. at 194.

A Washington Class proof of claim would also advance bankruptcy ends even as to knowing Washington class members who receive actual notice. A key benefit of the class action device is its provision of procedures to ensure vindication of "the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (quoting *Kaplan*, Prefatory Note 497). The removal/remediation component of relief sought in the Washington class action approximates perhaps $5,000 per home, where removal of ZAI becomes necessary or appropriate

---

Washington Civil Rule 23(b)(2).

-10-

(1000 sq ft at $5 per square foot). The limited monetary value of Washington homeowners' individual claims assures that the great majority of those claims will lie dormant, absent recognition of their court-appointed representatives' authority to file a proof of claim on behalf of that class. As the court explained in *In re American Reserve*:

> [T]he opportunity costs of the time needed to investigate and decide whether to file may be substantial, especially because Bankruptcy Rule 9011(a) (a parallel to Fed. R. Civ. P. 11) requires every claimant to investigate the facts and do necessary legal research before filing. The combination of contingent claims (which many people may not identify as something they are entitled to pursue) and the effort needed to decide whether to pursue an identified claim means that for many small claims, it is class actions or nothing.

*In re American Reserve Corp.*, 840 F.2d at 489.

The Court in *In re Zenith Laboratories* echoed these sentiments: "Since there are significant opportunity costs associated with identifying and investigating claims and since many potential litigants with small claims are unaware of the full scope of their rights in bankruptcy, the class action may be the only practical means of permitting small claims to be brought. . . ." *In re Zenith Laboratories, Inc.*, 104 B.R. 659, 662-663 (Bankr. D.N.J. 1989).

These barriers to participation, it must be noted, do not constitute legitimate opportunity to protect a debtor from its creditors by leaving the obstructions to participation in place, particularly where an earlier court, mindful of the judicial barriers, appointed representatives to pursue those claimants' interests:

> Our benchmark that bankruptcy courts exist to marshal assets and make awards justified by non-bankruptcy entitlements – calls for employing the class device in such cases. If on the day before filling its petition American Reserve had, say, $10 million in assets and was facing a class suit in state court with a probable value of $2 million, its other creditors' interest were worth $8 million. They should receive that payoff in bankruptcy. That most policyholders would not learn of the bankruptcy and the need to file proof-of-claim forms is not a good reason why the other creditors should receive $10 million in the bankruptcy.

*In re American Reserve Corp.,* 840 F.2d at 492 (quoting Thomas H. Jackson, *The Logic and Limits of Bankruptcy Law* 7-33 at 44-54 (1986)).

Finally, it is noted that Grace has made off-handed remarks to the effect that a class claim, if recognized, should involve only claimants who also file individual proofs of claims. This view is "illogical and contrary to important class action policy consideration." *In re First Interregional Equity Corp.*, 227 B.R. 358, 371 (Bankr. D.N.J. 1998) (quoting *In re Charter Co.*, 876 F.2d 866, 871 (11th Cir. 1989)). As one court observed, requiring individual proofs of claim "effectively requires the small claimant to 'opt in.' Perhaps this perspective reflects the view that the debtor's assets are to be conserved for larger creditors. This policy, however, is utterly without support in the Code or its legislative history." *In re Zenith Laboratories. Inc.*, 104 B.R. at 664.

### III. <u>CONCLUSION</u>

Marco Barbanti and Ralph Busch are duly appointed representatives of a certified Washington Class. Their appointment and certification of the Class followed plenary proceedings in which the debtor was deeply involved. Recognition of Marco Barbanti's and Ralph Busch's status as representatives of a certified class and granting of permission to file a class proof of claim on behalf of that Class advances the objectives of bankruptcy. Pursuant to Fed. R. Bankr. P. 3001 and this Court's authority to apply Fed. R. Bankr. P. 7023 to any stage of a contested proceeding (see Fed. R. Bankr. P. 9014), this Court should recognize Marco Barbanti's and Ralph Busch's authority to file a Washington Class proof of claim.

Dated: March 18, 2008
      Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ William D. Sullivan*

William D. Sullivan (2820)
Elihu E. Allinson, III (3476)
4 East 8th Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 428-8191

-- and --

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott
926 W. Sprague Avenue
Chronicle Building, Suite 680
Spokane, Washington 99201
Telephone: (509) 455-3966

-- and --

RICHARDSON, PATRICK, WESTBROOK
 & BRICKMAN, LLC
Edward J. Westbrook
Robert M. Turkewitz
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina 29464
Telephone: (843) 727-6500

*Special Counsel for ZAI Claimants*