UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In Re: W.R. GRACE & CO., et al., ) CHAPTER 11
 )
 ) BANKRUPTCY NO. 01-01139 (JKF)
 ) (Jointly Administered)
 DEBTORS. )
 )
 )
 )

## TABLE OF CONTENTS OF APPENDICES TO

### ZAI CLAIMANTS' MEMORANDUM IN SUPPORT OF MOTION FOR ORDER RECOGNIZING AND PERMITTING FILING OF A WASHINGTON CLASS PROOF OF CLAIM

| Appendix No. | Description |
| --- | --- |
| A | Order Granting Plaintiff's Motion for Class Certification Pursuant to CR 23(b)(2) filed December 19, 2000 in *Barbanti v. W.R. Grace*, Spokane Superior Court Cause No. 00-2-01756-6 |
| B | Case Management Order No. 1 |
| C | Court Order (1) Denying Motion to Modify Class Definition and (2) Directing Plaintiff's Counsel to Amend Complaint to Add Additional Class Representative |
| D | Washington Notice in *Barbanti v. W.R. Grace* |
| E | Federal Judiciary Center's Model Form of Notice |
| F | Notice of Appointment of Official Committee of Asbestos Property Damage Claimants dated April 13, 2001 |

APPENDIX "A"

ORIG... ...FILED

DEC 1 9 2000

SUPERIOR COURT
SPOKANE COUNTY, WA

1

2

3

4

5

6

7    SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

8    MARCO BARBANTI, individually and on
     behalf of a class of all others similarly situated,
9
                                                            NO. 00-2-01756-6
10                               Plaintiff,
                                                            CLASS ACTION
11        v.

12   W.R. GRACE & COMPANY-CONN (a                          ORDER GRANTING PLAINTIFF'S
     Connecticut corporation); W.R. GRACE &                MOTION FOR CLASS CERTIFICATION
13   COMPANY (a Delaware corporation); W.R.                PURSUANT TO CR 23(b)(2)
     GRACE & CO., a/k/a GRACE, an association of
14   business entities; SEALED AIR
     CORPORATION (a Delaware corporation); and             **Motion No. 1**
15   WILLIAM V. CULVER, resident of the State of
     Washington,
16
17                               Defendants.

18

19                                   1. BASIS

20        THIS MATTER came before the Court for hearing on the 21st day of September, 2000, on

21   Plaintiffs' Motion for Class Certification. All parties were represented by counsel.

22        In deciding the Motion, the Court considered the oral argument of counsel together with the

     documents identified in the attached Memorandum Decision.
23

24                                   2. FINDINGS

25        This Court issued its written Memorandum Decision on this matter on November 28, 2000,

26   and the Court hereby adopts its findings and ruling issued on that date. The Memorandum

     ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
     CERTIFICATION PURSUANT TO CR 23(b)(2):  1
     (Motion No. 1)                                             LAW OFFICES
                                                            **LUKINS & ANNIS**
                                                        A PROFESSIONAL SERVICE CORPORATION
                                                       1600 WASHINGTON TRUST FINANCIAL CENTER
                                                                717 W SPRAGUE AVE
     J:\DWS\CLIENT DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\ORDERCLASSCERT DOC 12/19/00        SPOKANE, WA  99201-0466
                                                                 (509) 455-9555

Decision is attached to this Order and fully incorporated herein by reference. In particular, the Court expressly finds:

1). That the numerosity requirement has been met based on the evidence presented;

2). That named plaintiff's claims present questions of law and fact common to the class;

3). That the claims of the above-named plaintiff are typical of the claims of the class he seeks to represent;

4). That named plaintiff and his counsel can fairly and adequately represent the interests of the class; and

5). That the action brought by plaintiff is equitable in character and is properly certified under Civil Rule 23(b)(2).

### 3. ORDER

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion is Granted and that this action may be maintained as a class action pursuant to CR 23 and its subdivision CR 23(b)(2) with respect to the claims asserted in the Class Action Complaint against W. R. Grace & Company-Conn., W. R. Grace & Company, W. R. Grace & Co., a/k/a Grace, an association of business entities, Sealed Air Corporation, and William V. Culver. (The Court has not made a finding as to the existence or non-existence of the entity sued as "W.R. Grace & Co. a/k/a Grace, an association of business entities").

The Class shall be composed of and defined as: All owners or occupiers of real property located in the state of Washington in which Zonolite Attic Insulation has been installed.

DONE IN OPEN COURT this 19th day of December, 2000.

KATHLEEN M. O'CONNOR

KATHLEEN M. O'CONNOR
JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION PURSUANT TO CR 23(b)(2): 2
(Motion No. 1)

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

1

2   Presented by:
    LUKINS & ANNIS, P.S.

3

4   By: _Darrell W. Scott_

5       DARRELL W. SCOTT, WSBA # 20241
        Attorneys for Plaintiff

6   Approved as to Form and Notice
    Of Presentment Waived:

7

8   PERKINS, COIE, LLP

9

10  By: _Approved telephonically by V.L. Woolston 12/19/00_
        V. L. Woolston, Jr., WSBA #9453

11      Rocco N. Treppiedi, WSBA #9137

12      Attorneys for Defendants Grace

13

14  PAINE, HAMBLEN, COFFIN, BROOKE & MILLER

15

16  By: _Approved telephonically by David Broom 12/19/00_
        Donald G. Stone, WSBA #7547

17      David L. Broom, WSBA #02096
        Attorneys for Defendants Sealed Air Corporation

18

19

20

21

22

23

24

25

26

    ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
    CERTIFICATION PURSUANT TO CR 23(b)(2):  3
    (Motion No. 1)

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99201-0466
(509) 455-9555

1

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

2

3   MARCO BARBANTI, ETAL,                     )
                                              )   Case No.: No. 00-2-01756-6
4              Plaintiff,                      )
                                              )
5   vs.                                        )   MEMORANDUM DECISION (MOTION #1)
                                              )
6   W. R. GRACE & CO. ETAL,                    )
                                              )
7              Defendant                       )
   .                                           )
8   _____)

9          This matter came before the court for oral argument on September 21, 2000, on

10  Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2).  The following pleadings were

11  considered by the court:

12  1.  Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2)

13  2.  Brief in Support of Class Certification

14  3.  Declaration of Kristy L. Bergland

15  4.  Declaration of Richard S. Lewis

16  5.  Declaration of Allan M. McGarvey

17  6.  Affidavit of Darrell W. Scott

18  7.  Declaration of Fabrice Vincent

19  8.  Declaration of Edward J. Westbrook

20  9.  Plaintiffs' Supplemental Submission in Support of Class Certification

21  10. Declaration of Fabrice N. Vincent and attachments thereto

22  11. Grace Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification Pursuant

23      to CR 23(b)(2) and 23(b)(3)

24  12. Declaration of Rocco N. Treppiedi and attachments thereto

25

MEMORANDUM DECISION (MOT. #1): 1

13. Affidavit of Donald J. Hurst (submitted by Plaintiffs in support of the application for

Preliminary Injunction and submitted by Defendants' in support of their opposition to

Plaintiff's Class Certification motion) and attachments thereto

14. Defendant Sealed Air Corporation's Joinder in Grace's Argument and Brief in Opposition to

Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2) and 23(b)(3)

15. Plaintiffs' Reply in Support of Motion for Class Certification.


## STATEMENT OF FACTS

Plaintiff Barbanti brings this action on behalf of a purported class of all owners and

occupiers of real property located in the State of Washington in which Zonolite Attic Insulation

has been installed. Defendants' are alleged to be the manufacturers of this product. The claims

asserted include product liability claims under the Washington Products Liability Act (WPLA),

RCW 7.72 and violations of the Consumer Protection Act (CPA), RCW 19.86.

Plaintiffs' are seeking injunctive relief as well as compensation for property damage

suffered by class members. Plaintiffs are not seeking compensatory damages for any illness a

class member may have contracted as a result of exposure to Zonolite Attic Insulation nor are

they seeking to establish a medical-monitoring regime.


## DISCUSSION

In Washington the process of class certification is governed Civil Rule CR 23. At the

outset the plaintiffs must demonstrate that they meet the four requirements of CR 23(a):

> One or more members of a class may sue or be sued as representative
>
> parties on behalf of all only if (1) the class is so numerous that joinder
>
> of all members is impractical; (2) there are questions of law or fact
>
> common to the class; (3) the claims or defenses of the representative

MEMORANDUM DECISION (MOT. #1): 2

1  parties are typical of the claims or defenses of the class, and (4) the

2  representative parties will fairly and adequately protect the interests

3  of the class.

4  Subsection one is known as "numerosity". The only evidence presented with respect to

5  this section was plaintiffs' reference to a 1985 EPA publication which estimated Zonolite was

6  installed in 900,000 homes between 1974 and 1984. From that number plaintiffs' estimate at

7  least 18,800 Washington homes may contain this insulation. Plaintiffs' argue this is a

8  conservative number as this product was on the market for many years. The defendants' did not

9  challenge this number. The numerosity requirement has been met.

10  Subsection two is known as "commonality" and requires evidence questions of law or

11  fact common to the class. Plaintiffs' focus on a common course of conduct by the defendants

12  towards all potential class members i.e., a pattern of alleged misrepresentations in advertising the

13  product, failure to warn, etc. as meeting this requirement.

14  Also, plaintiffs' seek equitable relief for the class as a whole in the areas of warnings,

15  education, and remediation, not individual relief. Plaintiffs' do acknowledge in their

16  supplemental brief that there maybe some potential class members who are already aware of the

17  alleged problems with Zonolite Attic Insulation and have expended money to remove the

18  insulation. The injunctive relief suggested by the plaintiffs would include a defendant-funded

19  remediation program where, presumably, class members would apply for funds to remove the

20  insulation.

21  However, plaintiffs assert the fact there may be some compensation for remediation does

22  not detract from the nexus of common facts particularly with respect to the liability issues, I

23  agree. The issue of monetary damages is more properly considered in connection with the

24  analysis of whether CR 23(b)(1) or (2) or CR 23(b)(3) applies, not to commonality. The

25  commonality requirement has been met.

1      Subsection three is "typicality". Does the plaintiff's complaint arise from the same

2  conduct on the part of the defendant that other putative class members may have experienced? It

3  does. Are there any unique defenses applicable to the plaintiff which would unduly prolong

4  prosecution of the case from the perspective of putative class members?  There does not appear

5  to be. A number of cases have been cited which stand for the proposition that " . . . challenging

6  the same unlawful conduct that affects both the named plaintiff and the rest of the putative class

7  usually satisfies the typicality requirement, despite disparities in individual factual scenarios."

8  *Cullen v. Whitman Med. Corp.,* 188 F.R.D.226, 230 (E.D. Pa. 1999).  The typicality requirement

9  has been met.

10      Subsection four is the adequacy of representation and refers to both the class counsel and

11  the class representative(s). Class counsel are very experienced in class action litigation and

12  defendants have not taken issue with plaintiffs' counsels' ability to provide adequate legal

13  representation. Rather the focus is whether Mr. Barbanti, as class representative, can adequately

14  represent the class.

15      Defendants' assert Mr. Barbanti is an inadequate class representative because:  (1) he has

16  a conflict of interest with putative class members because he alleged only limited statutory

17  claims; (2) he does not have a claim under the CPA; (3) he is engaging in "claim splitting"; (4)

18  he lacks standing to request injunctive relief because he knew Zonolite contained asbestos before

19  he began the lawsuit; and (5) he lacks credibility.

20      Plaintiff responds that a class representative is not required to assert every possible claim

21  and some claims are not suitable for a class action resolution. This is particularly true of

22  personal injury claims.  In a class action, the concept of "claim splitting" is less of a concern than

23  it would be in an individual action.  It can be more efficient to manage some issues in a class

24  action setting, i.e. liability issues, and this will not preclude individual litigation of other claims,

25  i.e. personal injury claims.

1    With respect to the "standing" argument, this court is not aware of any Washington

2  jurisdictional authority which would prohibit the court from granting plaintiffs' requested relief

3  of a warning to the public simply because Mr. Barbanti knew Zonolite may have contained

4  asbestos.

5    The issue of Mr. Barbanti's credibility was raised in connection with his personal

6  response to the discovery of Zonolite Attic Insulation in some of his properties and his alleged

7  failure to inspect all of his properties or timely warn his tenants.  This fact issue has yet to be

8  adjudicated by the court and, if true, has not precluded the plaintiffs from pressing for the

9  hearing of the Motion for Preliminary Injunction.

10    The adequacy of representation has been met.

11    After finding the initial four requirements of CR 23(a) have been met, the court next turns

12  to the applicability of CR 23(b)(1) or (2) and/or CR 23(b)(3).  Plaintiffs' assert as they are

13  primarily requesting injunctive relief, CR 23(b)(2) is appropriate.  Defendants' allege that the

14  primary purpose of this litigation is monetary, i.e. to compensate persons who  remove Zonolite

15  Attic Insulation.

16    Plaintiffs' complaint indicates it is seeking injunctive relief and other equitable remedies

17  including a notification program, development of safety procedures and remediation techniques.

18  In it's Supplemental Submission plaintiffs' characterize as "incidental" requests for damages

19  some class members may make for expenses already incurred to remove Zonolite.  It also

20  acknowledges that there may be damage claims if they are successful in obtaining equitable

21  relief.

22    The question is what is the primary purpose of the litigation.  This court accepts the

23  plaintiffs' assertion that equitable relief is the primary purpose although monetary damage claims

24  would not be unexpected if plaintiffs prevail. The purpose of class action litigation is to allow

25  individuals, who have common causes of action, to pool their resources and pursue legal relief

MEMORANDUM DECISION (MOT. #1): 5

which would otherwise be unavailable due to the cost of litigation and the individual amount of damages involved.

It is also a benefit to both plaintiffs and defendants that putative class members litigate the class issues in one proceeding to avoid inconsistent adjudications. Defendants have raised the concern that legal actions involving Zonolite are relatively new and there is no "track record" of court decisions as a reason for finding class certification is premature. That position flies squarely in the face of CR 23(b)(1)(A) which recognizes that in cases affecting substantial numbers of persons, defendants should not be subjected to inconsistent standards of conduct imposed by multiple court decisions.

Finally, defendants rightly point out that asbestos is heavily regulated by federal agencies and Zonolite is under review by the EPA. Arguably, the resources of a federal regulatory agency are greater than a state superior court and this court has considered that fact. However, federal regulation does not preclude class litigation or preempt the court's ability to take jurisdiction.

Therefore, the plaintiff' Motion for Class Certification under CR 26(b)(2) is granted. Ms. Scott, please prepare the appropriate order, secure lead counsels' signatures and/or note the order for presentment.

Dated this 28th day of November, 2000.


KATHLEEN M. O'CONNOR
SUPERIOR COURT JUDGE

MEMORANDUM DECISION (MOT. #1): 6

APPENDIX "B"

COPY
ORIGINAL FILED

JUL 2 6 2000

SUPERIOR COURT
SPOKANE COUNTY WA

1
2
3
4
5
6
7
8
9
10

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SPOKANE COUNTY

11
12
13
14
15

MARCO BARBANTI, individually and on
behalf of a class of all others similarly situated,

16
17
18
19
20

                    Plaintiffs,

          v.

21
22
23
24
25
26
27
28
29
30
31
32

W.R. GRACE & COMPANY-CONN (a
Connecticut corporation); W.R. GRACE &
COMPANY (a Delaware corporation);
W.R. GRACE & CO., aka GRACE, an
association of business entities; SEALED AIR
CORPORATION (a Delaware corporation);
and WILLIAM V. CULVER, resident of the
State of Washington,

                    Defendants.

NO. 00201756-6

CASE MANAGEMENT ORDER NO. 1

33
34
35
36
37
38
39

        THIS ORDER is entered for the purpose of establishing an orderly and efficient means

of adjudicating the present claim and to further the interest of fairness and judicial economy.

40
41

## I.    LEAD COUNSEL

42
43
44
45
46
47

        The following attorneys are designated as Lead Counsel for their respective clients for

purposes of liaison between the parties and the Court.

CASE MANAGEMENT ORDER - 1
[12757-0072/SL003727.355]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
(206) 583-8888

(1)    Darrell W. Scott, Esq.
       Lukins & Annis, P.S.
       717 West Sprague Ave., Suite 1600
       Spokane, WA 99201
       *For Plaintiff Barbanti*

(2)    V.L. Woolston, Esq.
       Perkins Coie LLP
       1201 Third Ave.
       Seattle, WA 98101
       Fax: (206) 583-8500
       *For Defendants W.R. Grace & Co.-Conn;*
       *W.R. Grace & Co. and William V. Culver*

(3)    Donald Stone, Esq.
       Paine, Hamblen, Coffin, Brooke & Miller LLP
       717 West Sprague Avenue, Suite 1200
       Spokane, WA 99201
       *For Defendant Sealed Air Corporation*

## II.    FILING AND SERVICE

SERVICE:  Pleadings and other papers shall be served and filed pursuant to the Rules of Civil Procedure for the Superior Court of the State of Washington and the Local Rules for the Superior Court of Spokane County, except that service shall be deemed complete by hand delivery on Lead Counsel identified above.

Service shall be deemed effective on the date the documents are received at the office of Lead Counsel if the documents are delivered by 2:00 p.m. local time.  Documents delivered *after* 2:00 p.m. shall be deemed served the following business day.

Lead Counsel shall be responsible for providing copies of served documents to his/her co-counsel of record.

FILING OF MOTIONS:  Unless a motion is made on an emergency basis, the motion should be timely noted for hearing at a regularly scheduled status conference.  Prior to filing

CASE MANAGEMENT ORDER - 2
[12757-0072/SL003727.355]

or service of motions, the moving party shall obtain from the Court's Judicial Assistant,

Ms. Rene Smith, a unique designating motion number by which the motion shall be identified.

The designated motion number shall be identified in the footer of the motion and on all related

documents that are filed or served, including all briefs and supporting affidavits.

In recognition of the complexity of this case and the involvement of multiple counsel

for all parties, and in the interest of fairness, all parties shall be afforded twenty-one (21) days'

written notice of the hearing on any motion, absent a showing of good cause why such a

motion should be heard on shortened time.  The Court discourages the parties from moving to

shorten time to reduce the twenty-one (21) day notice period contemplated in this paragraph.

### III.   PLEADINGS

There shall be no amendments to the Complaint until after the Court has ruled on

plaintiff's motion for class certification and plaintiff's motion for a preliminary injunction.

### IV.   STATUS CONFERENCE

The Court shall hold a status conference each month or at such time as the Court may

designate.  Matters for ruling by the Court should be brought to the Court's attention by

written motion.

### V.   DISCOVERY

PRESERVATION OF DOCUMENTS:  During the pendency of this litigation and for

thirty (30) days after entry of the final order resolving the litigation, all parties are restrained

and enjoined from altering, destroying or permitting the destruction of any relevant Document

or other item that relates in a reasonably direct manner to the issues set forth in the pleadings

in this action that is in the possession, custody or control of a party, wherever such Document

is located.  "Document" is defined to be synonymous in meaning and equal in scope to the

CASE MANAGEMENT ORDER - 3
[12757-0072/SL003727.355]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

usage of that term in Civil Rule 34(a). A non-identical copy is a separate document within the meaning of this term.

Counsel are directed to confer to resolve questions as to what documents are outside the scope of this Order or otherwise need not be preserved and as to an earlier date for permissible destruction of particular categories of documents. If counsel are unable to agree, any party may apply to the Court for clarification or relief from this Order.

Further, the plaintiff shall not destroy, alter or remove any Zonolite attic insulation in any of his properties without first notifying the defendants of his intention to do so and affording defendants a full and fair opportunity to inspect and/or test the insulation subject to the proposed destruction, alteration or removal.

DEPOSITIONS: Except under extraordinary circumstances, all depositions should be scheduled by agreement among the interested parties. Parties should always receive at least 21 days' notice of the setting of any deposition that cannot be scheduled by agreement. No deposition may be scheduled on the dates of court hearings, court holidays, or national or religious holidays without the prior agreement of counsel.

PRIVILEGE LOG: [Subject to further order of the Court.]

DISCOVERY STAY: Except as it relates to matters placed at issue by Plaintiff's Motion for Class Certification, Plaintiff's Motion for Preliminary Injunction, or such other motion as may be brought by a party, discovery herein shall be stayed until the court has decided the Class Certification and Preliminary Injunction motions.

## VI.    DISCOVERY MASTER

The Court will defer any decision on the appointment of a Discovery Master until the need for such an appointment is determined. The parties, however, are encouraged to confer

CASE MANAGEMENT ORDER - 4
[12757-0072/SL003727.355]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

as to mutually acceptable candidates for such a position in the event the appointment of a

Discovery Master becomes necessary.

## VII.    BRIEFING SCHEDULE FOR CLASS CERTIFICATION AND PRELIMINARY INJUNCTION MOTIONS

1.      Plaintiff shall amend or supplement his original class certification motion to

include all arguments he intends to assert to support the certification of a plaintiff class in this

case under CR 23(b)(3) by June 26, 2000.

2.      Defendants shall serve and file their opposition to plaintiff's amended class

certification motion and plaintiff's preliminary injunction motion by September 8, 2000.

3.      Defendants shall be permitted to conduct written discovery necessary to

prepare their opposition to plaintiff's motions, and shall be permitted to depose the named

plaintiff and any other lay witnesses or expert witnesses upon whom plaintiff seeks to rely or

to whom plaintiff intends to refer in support of either of those motions.[1]  Any such expert

witness shall provide defendants with a complete copy of the file he/she has compiled in

connection with his/her work in this matter at least seven (7) days prior to his/her deposition.

In the interest of expediting the discovery process, the putative class representative shall

disclose to the defendants the addresses of the buildings he owns or occupies, or which are

owned or occupied by any corporation or other entity he substantially controls, in which he

knows, contends, or has reason to believe Zonolite Attic Insulation is present.  Such

disclosure shall be made no later than July 25, 2000.  In the event the putative class

---

[1] The Court reserves judgment at this time as to whether the defendants should be allowed discovery from putative class members who have not submitted affidavits or other evidence in support of class certification, pending consideration of a showing by the defendants as to the need for such discovery and a suitable mechanism for identifying such putative class members.

CASE MANAGEMENT ORDER - 5
[12757-0072/SL003727.355]

representative discovers sometime after July 25, 2000 that Zonolite Attic Insulation is present in one of his buildings that was not included on his July 25, 2000 disclosure list, he shall promptly identify said building for the defendants.

4.      Defendants shall also be permitted to inspect, photograph, and conduct air and bulk sampling in the buildings owned, leased or occupied by (a) the plaintiff and (b) the individuals who have submitted affidavits in support of the plaintiff's motions.  Such inspections and/or sampling should be scheduled by agreement among the parties.

5.      Defendants shall identify their experts no later than seven (7) days prior to serving their responsive memoranda and shall, at the same time, produce a complete copy of the file he/she has compiled in connection with his/her work as of that date.  Defendants shall make their experts available for deposition no later than the week of September 11, 2000.

6.      Plaintiff's Reply Memoranda, together with any supporting materials, shall be filed and served no later than September 15, 2000.  Plaintiff shall be permitted to conduct written discovery, if any, necessary to respond to defendants' opposition memoranda, and to depose any lay witnesses or expert witnesses relied upon by the defendants in their opposition to plaintiff's motions.  Permissible discovery may include CR 30(b)(6) witness deposition(s), and related document discovery, to the extent it is directly pertinent to the plaintiff's contention that the presence of Zonolite Attic Insulation in buildings owned by certain Washington residents presents a public health emergency requiring emergency injunctive relief.

7.      It is the Court's expectation that plaintiff will refrain from submitting any new factual material in his Reply Memoranda and that there will therefore be no need for defendants to file a Sur-Reply Memorandum.  However, in the event plaintiff Barbanti finds it absolutely necessary to include newly discovered evidence in his Reply Memoranda (i.e.,

CASE MANAGEMENT ORDER - 6

[12757-0072/SL003727.355]

evidence he could not properly have discovered and included in his initial motion papers),

defendants shall be allowed the opportunity to take discovery specifically relevant to the new

factual material submitted and to file Sur-Reply Memoranda specifically directed to that newly

submitted factual material.  Any such Sur-Reply Memoranda shall be filed no later than

45 days after defendants' receipt of the Plaintiff's Reply Memoranda.

8.    Unless the foregoing schedule is expanded to accommodate Sur-Reply

Memoranda, as provided in paragraph 7 above, the Court will hear argument and take

evidence on plaintiff's class certification motion and his preliminary injunction motion

beginning at 9:00 a.m. on Thursday, September 21, 2000, and continuing thereafter from day

to day as the Court deems appropriate and as its calendar permits.

9.    All parties are required to file and serve a complete witness list of all persons

the parties actually intend to call at least ten (10) days prior to the September 21, 2000,

hearing.  The Court has been advised and expects that the plaintiff's witness list will not

include any expert or lay witness who was not identified in plaintiff's moving papers or in the

June 28, 2000, letter from Mr. Rob Turkewitz to Ms. Arlene Fickler.[2]  Similarly, the Court

has been advised and expects that the defendants' witness lists will not include any expert

witness who is not identified in accordance with the terms of paragraph 5, above, or any lay

witness who is not identified in defendants' responsive memoranda.  Any witness not timely

disclosed in accordance with this paragraph will not be permitted to testify at the hearing.

---

[2] Plaintiff shall advise defendants no later than July 24, 2000 if he intends to call or rely upon potential expert witness Dr. John Dement.  If the decision is in the affirmative, then Dr. Dement must produce his complete file, including any report or affidavit authored by him that plaintiff intends to introduce at the September 21, 2000 hearing, no later than seven (7) days prior to his deposition.

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

DONE IN OPEN COURT this 25th day of July, 2000.

/s/ Kathleen M. O'Connor

HONORABLE KATHLEEN M. O'CONNOR

Submitted jointly by:

Darrell W. Scott, WSBA #20241
Michael G Black, WSBA #19218
Mischelle R. Fulgham, WSBA #22210
Tonya R. Hanson, WSBA #29398
Lukins & Annis, P.S.
1600 Washington Trust Financial Center
717 W. Sprague Avenue
Spokane, WA 99201-0466
Telephone: (509) 455-9555

Elizabeth J. Cabraser
Richard M. Heimann
Donald C. Arbitblit
Fabrice N. Vincent
Leif, Cabraser, Heimann &; Bernstein, LLP
Embarcadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111
Telephone: (415) 956-1000

Edward J. Westbrook
Robert M. Turkewitz
Edward B. Cottingham, Jr.
Frederick J. Jekel
Christy Gruenloh
Ness Motley Loadholt Richardson & Pool
28 Bridgeside Boulevard, 4th Floor
Mount Pleasant, SC 29465
Telephone: (843) 216-9000

CASE MANAGEMENT ORDER - 8

[12757-0072/SL003727.355]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

Jon L. Heberling
Roger M. Sullivan
Allan M. McGarvey
McGarvey, Heberling, Sullivan
   & McGarvey, P.C.
745 South Main
Kalispell, MT 59901
Telephone:  (406) 752-5566

Steven J. Toll, WSBA #27786
Tamara J Driscoll, WSBA #29212
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
999 Third Avenue, Suite 3600
Seattle, WA 98104-4001
Telephone:  (206) 521-0080

     -and-

Richard S. Lewis
1100 New York Ave. N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone (202) 408-4600

Attorneys for Plaintiff Barbanti

   -and-

By: _____

   V. L. Woolston, Jr., WSBA #9453
   Thomas L Boeder, WSBA #408
   Perkins Coie LLP
   1201 Third Avenue, Suite 4800
   Seattle, WA 98101-3099
   Telephone (206) 583-8888

CASE MANAGEMENT ORDER - 9

[12757-0072/SL003727.355]

Rocco N. Treppiedi, WSBA #9137
Perkins Coie LLP
221 N. Wall Street, Suite 600
Spokane, WA 99201
Telephone: (509) 624-2212

David Biderman
Perkins Coie LLP
1620 - 26th Street
Santa Monica, CA 90404
Telephone: (310) 788-9900

Arlene Fickler
Hoyle & Morris & Kerr
1 Liberty Place, Suite 4900
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 981-5850

Attorneys for Defendant W. R. GRACE & COMPANY-CONN
(a Connecticut corporation); W.R. GRACE & COMPANY
(a Delaware corporation); and WILLIAM V.
CULVER, resident of the State of Washington

-and-

By: _Rco N. Treppiedi for_

Donald G. Stone, WSBA #7547
David L. Broom, WSBA #2096
Curtis L. Shoemaker, WSBA #54
Paine, Hamblen, Coffin, Brooke, & Miller, LLP
1200 Washington Trust Financial Center
717 W. Sprague Avenue
Spokane, WA 99201
Telephone: (509) 455-6000

CASE MANAGEMENT ORDER - 10
[12757-0072 SL003727.355]

1    Sheila L Birnbaum
2    Bert L. Wolff
3    Arthur H. Aizley
4
5    Skadden, Arps, Slate, Meagher & Flom LLP
6    Four Times Square
7    New York, NY 10036
8    Telephone (212) 735-3000
9
10 Attorneys for Defendant SEALED AIR CORPORATION (a Delaware corporation)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

CASE MANAGEMENT ORDER - 11

[12757-0072/SL003727.355]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

APPENDIX "C"

**FILED**

**MAR 3 0 2001**

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

1
2
3
4
5
6
7    SUPERIOR COURT OF THE STATE OF WASHINGTON
8    FOR SPOKANE COUNTY
9
10   MARCO BARBANTI, individually and on
11   behalf of a class of all others similarly situated,      NO. 00201756-6
12
13               Plaintiffs,                 COURT ORDER (1) DENYING MOTION
14                                           TO MODIFY CLASS DEFINITION AND
15        v.                                 (2) DIRECTING PLAINTIFF'S COUNSEL
16                                           TO AMEND COMPLAINT TO ADD
17                                           ADDITIONAL CLASS
18   W.R. GRACE & COMPANY-CONN (a            REPRESENTATIVE
19   Connecticut corporation); W.R. GRACE &
20   COMPANY (a Delaware corporation);
21   W.R. GRACE & CO., aka GRACE, an
22   association of business entities; SEALED AIR      MOTION NO. 14
23   CORPORATION (a Delaware corporation);
24   and WILLIAM V. CULVER, resident of the
25   State of Washington,
26
27
28               Defendants.
29
30
31
32        This matter came before the Court for hearing on the 9th day of February, 2001, on the
33
34   Grace defendants' Motion to Modify the Class Definition.  All parties were represented by
35
36   counsel.
37
38        In deciding the motion, the Court considered the oral argument of counsel, together
39
40   with the following pleadings and exhibits thereto:
41
42        1.    Motion to Modify Class Definition, filed January 4, 2001.
43
44        2.    Plaintiffs' Opposition to Defendants' Motion to Modify Class Definition, filed
45
46   January 17, 2001.
47

COURT ORDER DENYING MOTION TO
MODIFY CLASS DEFINITION AND
DIRECTING PLAINTIFF'S COUNSEL - 1                    PERKINS COIE LLP
[12757-0072/SL010430.208]                      1201 Third Avenue, Suite 4800
                                               Seattle, Washington  98101-3099
                                                      (206) 583-8888

3.    Sealed Air Corporation's Joinder in Grace Defendants' Motion to Modify Class

Definition, filed January 23, 2001.

4.    Reply Brief in Support of Motion to Modify Class Definition, filed February 7,

2001.

### ORDER

Based on its consideration of the foregoing submissions and authorities, the Court

hereby orders as follows:

(1)    The Motion to Modify the Class Definition is DENIED; and

(2)    Plaintiff's counsel is directed to amend the complaint herein to add Mr. Ralph

Busch as an additional class representative.

Dated this _____ day of March, 2001.

_____
HONORABLE KATHLEEN M. O'CONNOR

Presented by:

By: _____
V.L. Woolston, Jr., WSBA #9453
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone (206) 583-8888

Rocco N. Treppiedi, WSBA #9137
Brian M. Werst, WSBA #28457
Perkins Coie LLP
221 N. Wall Street, Suite 600
Spokane, WA 99201
Telephone: (509) 624-2212

COURT ORDER DENYING MOTION TO
MODIFY CLASS DEFINITION AND
DIRECTING PLAINTIFF'S COUNSEL - 2
[12757-0072/SL010430.208]

Attorneys for Defendant W. R. GRACE & COMPANY-CONN
(a Connecticut corporation); W.R. GRACE & COMPANY
(a Delaware corporation); and WILLIAM V. CULVER


AGREED AS TO FORM;
NOTICE OF PRESENTMENT WAIVED:

LUKINS & ANNIS


By: Approved telephonically by Darrell W. Scott 3/29/01
    Darrell W. Scott, WSBA #20241
Attorneys for Plaintiff Marco Barbanti

PAINE HAMBLEN COFFIN
BROOKE & MILLER LLP


By: Approved telephonically by David L. Broom 3/29/01
    Donald G. Stone, WSBA #7547
    David L. Broom, WSBA #02096
Attorneys for Defendant
Sealed Air Corporation

COURT ORDER DENYING MOTION TO
MODIFY CLASS DEFINITION AND
DIRECTING PLAINTIFF'S COUNSEL - 3
[12757-0072/SL010430.208]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

APPENDIX "D"

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

MARCO BARBANTI, individually and on behalf of a class of all others similarly situated,

Plaintiffs,

v.

W.R. GRACE & COMPANY-CONN (a Connecticut corporation); W.R. GRACE & COMPANY (a Delaware corporation); W.R. GRACE & CO., a/k/a GRACE, an association of business entities; SEALED AIR CORPORATION (a Delaware corporation); and WILLIAM V. CULVER, resident of the State of Washington,

Defendants.

Case No. 00201756-6

**CLASS ACTION NOTICE**

## LEGAL NOTICE TO WASHINGTON RESIDENTS:

# If your home contains loose-fill vermiculite attic insulation, this notice may affect your rights.



*Zonolite Attic Insulation is vermiculite shaped like a small nugget, varying from silver-gold to gray-brown. It has been described as layered with a glittery, granular appearance that may have a silvery, gold, translucent or brownish cast. After years in the attic, the granules may darken to black or gray. Zonolite Attic Insulation may be found under installed insulation of other types such as rolled fiberglass insulation. Product Packaging you encounter may differ from the picture above.*

This is a Court-ordered notice to anyone in Washington with loose-fill vermiculite insulation in their attic or walls sold as Zonolite Attic Insulation ("ZAI").

**Plaintiffs' Class:**  A class action lawsuit has been certified by The Spokane County Superior Court. You are in the Class if you own or occupy real property located in the State of Washington in which ZAI has been installed. Lead class counsel is Darrell Scott, Lukins & Annis, P.S., Spokane, WA.

**Plaintiffs' Claims:**  According to the Plaintiffs, ZAI contains readily airborne asbestos fibers that constitute a present threat to public health and safety if disturbed, for example through home repairs or remodeling, storage of belongings in the attic, etc.  The Plaintiffs claim that ZAI is not reasonably safe in design and/or manufacture.

**Defendants' Contentions:**  The defendants contend there are only trace amounts of asbestos in ZAI and that ZAI does not pose a risk to the health of homeowners, including homeowners who may occasionally disturb ZAI during the course of repairing, maintaining, remodeling or normal use of an attic space.  Defendants contend that ZAI is safe and deny that homeowners need to remove ZAI.  Defendants have asked the Court to reject the Plaintiffs' claims.

**The Court has not ruled on the merits of Plaintiff's claims or Defendants' positions.**

**Relief Sought**:  The Plaintiffs seek the establishment of a program funded by Defendants to contain the ZAI in your home or property and/or remove it if necessary.  Other equitable relief sought by the Plaintiffs include a trust to provide research and education about health effects of ZAI exposure and appropriate safety procedures. **The Plaintiffs do not seek monetary damages for persons who suffered personal injury.**

### How to get more information about Zonolite, Vermiculite and Asbestos:

*Call the Environmental Protection Agency ("EPA") at a special vermiculite insulation toll free number by calling 1-800-471-7127, or see the EPA and Washington State Department of Health asbestos and vermiculite web pages at:*

http://www.epa.gov/asbestos/index.htm
http://www.epa.gov/asbestos/insulation.htm
http://www.doh.wa.gov/ehp/ts/asbestosvermiculiteinsulation.html

**Your Rights:**  Class Members do not have an automatic right to exclude themselves from this Class and they will be bound by the determinations of the Court.  Class Members may, however, seek to participate in this litigation through their own attorney at their own expense. For more information contact class counsel at 1-888-760-7000, or write to ZAI Notice, P.O. Box 285, Spokane, WA 99210-0285, fax to 1-509-363-2512, or send an e-mail to zonolite@lukins.com.

**DO NOT CALL OR WRITE TO THE CLERK'S OFFICE WITH QUESTIONS ABOUT THIS LAWSUIT.**

# 1-888-760-7000
## www.zainotice.com

APPENDIX "E"

LEGAL NOTICE

# If you were exposed to asbestos in Xinsulation, you could get benefits from a class action settlement.

A settlement of a class action lawsuit affects you if you were ever exposed to asbestos in Xinsulation, Xbestos, or other ABC Corporation products. The settlement will pay people who are suffering from an asbestos-related disease, as well as those who were exposed but not sick, who need medical monitoring. If you qualify, you may send in a claim form to ask for payment, or you can exclude yourself from the settlement, or object.

The United States District Court for the District of State authorized this notice. The Court will have a hearing to consider whether to approve the settlement, so that the benefits may be paid.

## Who's Affected?

Homeowners whose homes have or had Xinsulation (pictured and described to the right) are included in the settlement. Construction workers who installed, or worked around, Xbestos and other ABC products are also included, as described in separate notices. *You're a 'Class Member' if you were exposed to asbestos fibers in any ABC Corporation products any time before Month 00, 0000.*

## What's this About?

The lawsuit claimed that ABC made and sold products knowing that the asbestos fibers contained in them posed a danger to the health and safety of anyone exposed to them. The suit claimed that exposure increased the risk of developing Asbestosis, Mesothelioma, Lung Cancer, or other diseases that scientists have associated with exposure to asbestos. ABC denies all allegations and has asserted many defenses. The settlement is not an admission of wrongdoing or an indication that any law was violated.

## What can you Get from the Settlement?

There will be an Injury Compensation Fund of $200 million for Class Members who have been diagnosed with an asbestos-related disease, and a $70 million Medical Monitoring Fund for checking the health of those who were exposed but are not currently suffering from an asbestos-related disease. Compensation for injuries will be in varying amounts for specific diseases:

| Disease | Minimum | Maximum | Average |
|---|---|---|---|
| Mesothelioma | $10,000 | $100,000 | $20,000-$30,000 |
| Lung Cancer | $5,000 | $43,000 | $9,000-$15,000 |
| Other Cancer | $2,500 | $16,000 | $4,000-$6,000 |
| Non-Malignant | $1,250 | $15,000 | $3,000-$4,000 |

Medical monitoring payments will be $1,000 or the amount of your actual medical expenses, whichever is greater.

## How do you Get a Payment?

A detailed notice and claim form package contains everything you need. Just call or visit the website below to get one. **Claim forms are due by Month 00, 0000.** For an injury compensation claim, you'll have to submit a statement from a doctor that describes your current medical condition and confirms that you have one of the diseases in the box above. For a medical monitoring claim, you'll have to show proof of your exposure to an ABC asbestos-containing product.



Did your home ever have Xinsulation?

Xinsulation is in the attics and walls of older homes. It's loose, white, and fluffy. Be careful not to disturb it. It may be under other types of insulation. If you're not sure whether your home has or had Xinsulation, you can call toll free or visit the website below.

## What are your Options?

If you don't want a payment and you don't want to be legally bound by the settlement, you must exclude yourself by Month 00, 0000, or you won't be able to sue, or continue to sue, ABC about the legal claims in this case. If you exclude yourself, you can't get a payment from this settlement. If you stay in the Class, you may object to the settlement by Month 00, 0000. The detailed notice describes how to exclude yourself or object. The Court will hold a hearing in this case (*Smith v. ABC Corp.*, Case No. CV-00-1234) on Month 00, 0000, to consider whether to approve the settlement and attorneys' fees and expenses totalling no more than $30 million. You may appear at the hearing, but you don't have to. For more details, call toll free 1-800-000-0000, go to www.ABCsettlement.com, or write to ABC Settlement, P.O. Box 000, City, ST 00000.

**1-800-000-0000**          **www.ABCsettlement.com**

APPENDIX "F"

## UNITED STATES DEPARTMENT OF JUSTICE
## OFFICE OF THE UNITED STATES TRUSTEE
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN THE MATTER OF: | : | Chapter 11 |
|  | : | Case No. 01-1139 (MFW) through |
| W.R. GRACE & CO., *et al* | : | Case No. 01-1200 (MFW) |
|  | : | |
|  | : | NOTICE OF APPOINTMENT OF |
|  | : | OFFICIAL COMMITTEE OF |
|  | : | ASBESTOS PROPERTY DAMAGE |
| Debtors. | : | CLAIMANTS |

-----------------------------------

Pursuant to Section 1102(a)(1) of the Bankruptcy Code, I hereby appoint the following persons to the Official Committee of Asbestos Property Damage Claimants in connection with the above captioned case:

1. **Marco Barbanti, class representative,** Case No. 00201756-6, c/o Darryl W. Scott, Lukins & Annis, P.S., 1600 Washington Trust Financial Center, 717 West Sprague Avenue, Spokane, WA 99201-0466, Phone: (509) 455-9555, Fax: (509) 747-2323.

2. **Pacific Freeholds,** c/o Thomas J. Brandi, Law Offices of Thomas J. Brandi, 44 Montgomery Street, # 1050, San Francisco, CA 94104, Phone: (415) 989-1800, Fax: (415) 989-1801.

3. **The Prudential Insurance Company of America,** Attn: Stephen C. Parker, 751 Broad Street, 21st Floor, Newark, NJ 07102, Phone: (973) 367-3521, Fax: (973) 367-4955.

4. **The Trustees of Princeton University,** Attn: Howard S. Ende, General Counsel, 120 Alexander Street, Princeton, NJ 08544, Phone: (609) 258-2525, Fax: (609) 258-2502.

PATRICIA A. STAIANO
UNITED STATES TRUSTEE

FREDERIC J. BAKER
SENIOR ASSISTANT UNITED STATES TRUSTEE

DATED: April 13, 2001

Attorney assigned to this Case: Frank J. Perch, III, Esquire, Phone: (302) 573-6491, Fax: (302) 573-6497.
Debtors counsel: Laura Davis Jones, Esq., Phone: (302) 652-4100, Fax: (302) 652-4400.