# ATTACHMENT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - -

IN RE:                              : CIVIL ACTION NO. 06-689
                                    :
                                    :
                                    :
                                    :
                                    :
                                    :
                                    : Philadelphia, Pennsylvania
W.R. GRACE & COMPANY,               : March 5, 2007
et al.                              : 4:02 p.m.

- - -

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE RONALD L. BUCKWALTER
UNITED STATES DISTRICT JUDGE

- - -

APPEARANCES:

For the Debtor:        DAVID M. BERNICK, ESQUIRE
W.R. Grace             Kirkland & Ellis LLP
& Co., et al:          Citigroup Center
                       153 East 53rd Street
                       New York, NY    10022


For the                EDWARD J. WESTBROOK, ESQUIRE
ZAI Claimants:         Richardson, Patrick,
                       Westbrook, Brinkman, LLC
                       1037 Chuck Dawley Boulevard
                       Building A
                       P.O. Box 1007
                       Mount Pleasant, SC    29464

on Grace, because it is trying to reorganize, because they have been six years at, but they talk about the burden. They will have to file one brief, and come to oral argument, if the Court so desires.

Your Honor, we do not think that, that is such a burden on the debtor, or is going to so interfere with the bankruptcy process, that it carries much weight, if at all, against the damage that will be done. Not, simply to the ZAI claimants, but to the whole process of reorganization.

If we go ahead based on this order, and claims are either dismissed by the Bankruptcy Court, or Mr. Bernick, who is pronounced, and Grace who is pronounced, the ZAI claims now, may be essentially worth nothing.

If they negotiate a plan with other creditors, divvy up the pie, and leave the ZAI claimants out, a claim which could be worth millions or billions, then we go and we have to have an appeal. Afterwards, we undo the whole thing.

THE COURT: Well, of course that is true, except that many times you get a decision against you, and a partial summary judgment motion, or something is clearly interlocutory, and then you proceed to attempt to resolve the case in light of that existing opinion.

It still can be resolved because the other side knows they might not necessarily be on firm ground on that point, and it still permits negotiations to go forward.

I do know exactly why piecemeal appeals like this are just not normally a good thing. You start out with that, in my mind, and it is not a good idea to piecemeal this, when you could perhaps continue to negotiate down there, even in the face of a ruling you do not like.

MR. WESTBROOK: Your Honor, I agree with you that, that is a normal course. In this particular circumstance, though, Grace has already announced that these claims "may not be worth anything at all told Your Honor at the exclusivity hearing."

THE COURT: Yes.

MR. WESTBROOK: These are claims which may very well be multi-billion dollar claims. Your Honor, with the ZAI opinion standing, the caesium (4:12:05) between the claims we legitimately believe are worth, and what Grace will value them at, is going to make it almost impossible to reach any kind of a resolution, or certainly, one that gives us any kind of fair shake in this bankruptcy.

Your Honor, the order is so wrong on the law.

to the personal injury estimators, have a stake in this controversy.

The issue is not what particular claimants' group is going to have their negotiation interest advanced, the question is what is it that advances the overall resolution of the case?

Is there anything exceptional about their having lost a claim? The answer is no, but there is something exceptional that cuts the other way, and I think, Your Honor, this is absolutely vital to recognize.

Judge Fitzgerald gave everybody a heads up that she was going to -- going to rule. She gave everybody a heads up over a year ago that she was going to rule.

She had a telephone call, and she basically said I am going to come out with my opinion, and maybe you guys ought to think about whether the better idea here is to resolve this case, and she gave everybody that complete and fair warning.

Following that telephone call, these folks went off and they did a deal with the other asbestos claimants. They didn't come to us seeking to resolve this issue, they went to their compatriots who are other property damage claimants, through their lawyers

and the property damage people as a group, then negotiated with the personal injury folks as a group, to divide up the pie.

So, they already struck their deal to divide up the pie. They never came to us in striking that deal, nobody wanted to negotiate with us. So, they said we need this opportunity so that we can get our piece of the pie.

They knew that opinion was going to come out. Instead of coming to us with that pitch, they went to other folks with that pitch to get their pie. If that deal is still good, well, that deal is still good.

When that deal was done that they did with those other people -- we don't think it's any good at all, but when it was done it was always subject to the risk that this decision could come out the other way.

So, basically what they did is that when she said I'm going to rule, when it came to the question of getting their piece of the pie, they went down a path, and the path was to negotiate with the other claimants, and then wait to see what happened with the opinion.

And presumably everybody when they sat down and did that negotiation, knew that the opinion could turn out the wrong way. So, when it comes to the seat

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:
W.R. GRACE & CO., et. al.,
    Debtors.

---

ZONOLITE ATTIC INSULATION
PROPERTY DAMAGE CLAIMANTS,
    Appellants    :    CASE NO. 07-MC-0005 (RLB)

v.    :    Bankruptcy Case No. 01-1139

W.R. GRACE & CO., et al.,
    Appellees.

---

### MEMORANDUM AND ORDER

BUCKWALTER, S. J.                                      March 26, 2007

        The Zonolite Attic Insulation Property Damage Claimants (ZAI Claimants) seek to appeal the Bankruptcy Court's order of December 14, 2006, docket number 14015. Because the order is interlocutory, the appeal has been filed pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8003.

        Both parties agreed at oral argument that this court should apply the familiar 28 U.S.C. § 1292(b) standards; namely, permit the appeal where the interlocutory order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Debtor argues in its brief that ZAI Claimants must prove exceptional circumstances as well; that is, something out of the ordinary must exist to depart from the usual policy of

postponing review until after the entry of final judgment. The order in this case is a standard interlocutory one. While not in the order itself, the court in pages 52-53 of this opinion states:

> While the determination made herein may prove to be fatal to the property damage claims, several different theories of liability were proposed in the individual proofs of claim and may still need to be addressed. A status conference will be scheduled to discuss the form of an order regarding disposition of the proofs of claims; that is, which are subject to dismissal based upon the findings herein and what claims, if any, may still remain.

Given the nature of this opinion and order, the ZAI Claimants feel that

> To the extent the Bankruptcy Court's Memorandum Opinion and Order may be read to undermine the viability of some aspects of the ZAI claims, they may significantly impede any progress toward achieving consensual resolution among the key constituencies in the Debtors' bankruptcy.

But this certainly falls short of exceptional circumstances to warrant review of an interlocutory order. Moreover, ZAI Claimants have not pointed out a controlling question of law.

First, ZAI argues that the court disregarded the summary judgment standard, but my reading of the court's opinion is that the standards were not only enunciated in the opinion but followed by the court.

Secondly, and perhaps the single most important argument as to why an appeal should be granted is that the court's decision involved a controlling question of law as to which there is substantial ground for difference of opinion.

It is the Claimants' position that there is extensive precedent establishing that the definitive issue is whether the building is contaminated by asbestos fibers. The court discussed this issue under 2. No Safe Threshold Argument beginning at page 18 of the opinion and framed claimant's position as follows: "Claimants argue that the substantial and unreasonable risk of

2

harm is the release of toxic substances into the environment alone, regardless of the levels released and thus that the ZAI product is unsafe."

Debtor's position is: "that *Greenville*, and other cases cited herein, do not hold that a plaintiff may recover damages without proof that the product creates an unreasonable risk of harm."

The problem with ZAI Claimants' argument is that they cannot point to any case that states that the release of toxic substances alone, regardless of levels, is sufficient. City of Greenville v. W.R. Grace & Co., 827 F.2d 975 (4th Cir. 1987) is the case chiefly cited in support of ZAI's position. My reading of this case suggests that the Bankruptcy Court's opinion did not involve a question of law where there is substantial ground for disagreement. Greenville, in footnote 2, indeed suggests that the testimony, contrary to Grace's contention in that case could reasonably support a jury finding that the levels of contamination posed significant health risks for building occupants. The opinion simply does not stand for the proposition that ZAI Claimants argue.

Failing to show exceptional circumstances and to meet the 28 U.S.C. § 1292(b) standards result in the following order:

AND NOW, this 26th day of March, 2007, it is hereby ORDERED that Claimant's motion for leave to appeal Bankruptcy Court's order entered December 14, 2006 is DENIED.

BY THE COURT:

_____
RONALD L. BUCKWALTER, S.J.

3