# EXHIBIT A

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | W. R. GRACE & CO. ZAI PROOF OF CLAIM FORM |
|---|---|
| W. R. Grace & Co., et al.  Case No. 01-1139 | |
| NOTE: Use this form **only** if you have a <u>ZAI Claim</u> against any of the Debtors. The ZAI Bar Date does not include claims regarding property located outside of the United States or any claims relating to personal injury. | |
| Name of Creditor (The injured person or other entity to whom the Debtor(s) owe money or property): | THIS SPACE IS FOR COURT USE ONLY |
| Name and address where notices should be sent:  Telephone Number: | |

**1. Building Information:**

a. Address of the building that contains ZAI:

_____

b. Approximate date the building was constructed:

_____

c. Approximate date ZAI was installed in the building:

_____

d. Location within building where ZAI is located:

_____

e. What is your legal interest in the building (i.e., own or lease)?

_____

f. Date of removal of ZAI (if applicable):

_____

***Attach any backup documents to this form that are related to these questions.

THIS SPACE INTENTIONALLY LEFT BLANK

| 2. **Date-Stamped Copy**: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | This Space is for Court Use Only |
|---|---|
| Date: | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): _____ | |

K&E 12508234.8

# GENERAL INSTRUCTIONS FOR COMPLETING THE W. R. GRACE & CO. ZAI PROOF OF CLAIM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

## THE ZAI BAR DATE, AS DEFINED HEREIN, APPLIES ONLY TO ZAI CLAIMS, AS DEFINED BELOW.

The ZAI Bar Date applies only to ZAI Claims. It does not apply to claims regarding property located outside of the United States or any claims relating to personal injury.

### – GENERAL DEFINITIONS –

*"ZAI Bar Date"* is _____, the date set by the Court as the date by which all persons and entities who have ZAI Claims against the Debtors must file proofs of claim or be forever barred from asserting any such claims against the Debtors.

*"Debtors"* are the persons, corporations, or other entities listed below that have filed voluntary petitions for bankruptcy, and *"Debtor"* is any one of them, individually.

*"Creditor"* is any person, corporation, or other entity to whom the debtor owed a debt on the date the bankruptcy case was filed.

*"Petition Date"* is April 2, 2001, the date on which the Debtors each filed voluntary petitions for bankruptcy under Chapter 11 of Title 11 of the United States Code.

*"ZAI POC"* or *"ZAI Proof of Claim"* is the W. R. Grace & Co. ZAI Proof of Claim which must be submitted by you on or before the ZAI Bar Date. It is the form that tells the bankruptcy court about your ZAI Claim. This form must be filed with the Claims Processing Agent as described below.

### – THE DEBTORS –

The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

### –DEFINITION OF ZONOLITE ATTIC INSULATION OR "ZAI" CLAIM –

The Debtors have created a ZAI Proof of Claim form for ZAI Claims. Such claims are defined as follows:

*"Zonolite Attic Insulation Claims"* or *"ZAI Claims"* are claims that relate to the cost of removal, diminution of property value or economic loss allegedly caused by Zonolite Attic Insulation manufactured by the Debtors and installed in buildings that are located in the United States of America. Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, creating a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and whether such claim, debt, obligation or liability is in the nature of or sounding in tort, contract, warranty or any other theory of law or

equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way marketed by one of the Debtors -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. Zonolite Attic Insulation is a loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos. It was sold from the 1920/1930s to 1984. Zonolite may have a glittery granular appearance. The granules are shaped like a small nugget and expanded like an accordion and may have a silvery, gold translucent or brownish cast. After years in the attic, however, the granules may darken to black or gray. Zonolite may be found underneath subsequently installed insulation of other types such as rolled fiberglass insulation. ZAI Claims do not include claims regarding property located outside of the United States or any claims relating to personal injury.

**The ZAI Bar Date for filing ZAI Claims is _____, at 5:00 P.M. Eastern Time.**

*Be sure to date the claim and place the original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

**RETURN ZAI PROOF OF CLAIM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:**

| By Mail: | | By Hand Delivery: |
|---|---|---|
| Rust Consulting, Inc. | | Rust Consulting, Inc. |
| Claims Processing Agent | Or | Claims Processing Agent |
| Re: W. R. Grace & Co. Bankruptcy | | Re: W. R. Grace & Co. Bankruptcy |
| P.O. Box 1620 | | 201 S. Lyndale Ave. |
| Faribault, MN 55021-1620 | | Faribault, MN 55021 |

**– SPECIFIC INSTRUCTIONS FOR COMPLETING THE ZAI PROOF OF CLAIM –**

1. The ZAI Proof of Claim must be completed by individual holders of ZAI Claims. If a class claim was filed on your behalf, you must still file a ZAI Proof of Claim. However, if you assert claims against more than one Debtor, you do not need to file a separate ZAI Proof of Claim against each applicable Debtor. The Debtors' Chapter 11 Plan currently contemplates a consolidation of the Debtors for Plan purposes whereby claims will be paid by the consolidated Debtors' estates. If consolidation for Plan purposes is not ultimately allowed by the Court, you will have the opportunity to assert your claim against the applicable Debtor or Debtors.

2. Please read the ZAI Proof of Claim carefully and fill it in completely and accurately.

3. Print legibly. Your claim may be disallowed if it cannot be read and understood.

4. The ZAI Proof of Claim must be completed in English.

5. Attach additional pages if more space is required to complete the ZAI Proof of Claim.

6. To obtain verification that your proof of claim was received by the claims agent, include a copy of the completed form and a self-addressed, postage prepaid return envelope when you file the ZAI Proof of Claim with Rust Consulting, Inc.

7. The claimant *must* attach copies of any and all available supporting documents.

8. To be considered timely filed, the ZAI Proof of Claim must be actually received by Rust Consulting, Inc. by _____, at 5:00 p.m. prevailing Eastern Time.

**– EFFECT OF FAILING TO PROPERLY FILE A ZAI PROOF OF CLAIM –**

Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity who fails to complete and file a ZAI Proof of Claim by the ZAI Bar Date on account of such ZAI Claim <u>shall be forever barred, estopped and enjoined</u> from (a) asserting the ZAI Claim against any of the Debtors, or (b) receiving distributions under any plan or plans of reorganization in these chapter 11 cases in respect of the ZAI Claim, notwithstanding that such person or entity may later discover facts in addition to, or different from, those which that entity knows or believes to be true as of the ZAI Bar Date, and without regard to the subsequent discovery or existence of such different or additional facts.