# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (A) ESTABLISHING PROOF OF CLAIM BAR DATE FOR ZONOLITE ATTIC INSULATION CLAIMS AND (B) APPROVING THE RELATED PROOF OF CLAIM FORM, BAR DATE NOTICES, AND NOTICE PROGRAM**

Upon the Debtors' motion seeking entry of an order (a) establishing a proof of claim bar date for Zonolite Attic Insulation Claims and (b) approving the related proof of claim form, bar date notices, and notice program (the "Motion"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion having been given; and it appearing that no other notice need

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 12589735.1

be given; and after due deliberation, consideration of all objections to the Motion and arguments from counsel, and sufficient cause appearing therefore, it is hereby

ORDERED that the relief requested in the Motion is granted; and it is further

ORDERED that _____ at 5:00 p.m. (prevailing Eastern Time), which is one hundred forty (140) days after the entry of this Order, shall be the ZAI Claims Bar Date, which shall be the last date and time by which those parties who believe that they hold ZAI Claims against any of the Debtors must complete and file the ZAI Proof of Claim Form on account of such ZAI Claims or be forever barred from asserting such ZAI Claims against the Debtors, notwithstanding that such person or entity may later discover facts in addition to, or different from, those which the person or entity knows or believes to be true as of the ZAI Bar Date, including, without limitation, that there is ZAI present in a building owned or occupied by such person or entity; and it is further

ORDERED that, for purposes of this Order, the term "ZAI Claim" shall be defined as claims that relate to the cost of removal, diminution of property value or economic loss allegedly caused by Zonolite Attic Insulation manufactured by the Debtors and installed in buildings that are located in the United States of America. Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, creating a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and whether such claim, debt, obligation or liability is in the nature of or sounding in tort, contract, warranty or any other theory of law or equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or

indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way marketed by one of the Debtors -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. Zonolite Attic Insulation is a loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos. It was sold from the 1920/1930s to 1984. Zonolite may have a glittery granular appearance. The granules are shaped like a small nugget and expanded like an accordion and may have a silvery, gold translucent or brownish cast. After years in the attic, however, the granules may darken to black or gray. Zonolite may be found underneath subsequently installed insulation of other types such as rolled fiberglass insulation. ZAI Claims do not include claims regarding property located outside of the United States or any claims relating to personal injury; and it is further

>ORDERED that the Debtors shall:
>
>(1)    mail via first-class United States mail, within thirty (30) days of entry of this Order, a copy of the ZAI Bar Date Notice Package,[2] to (i) all known Holders of ZAI Claims and their counsel of record, (ii) the Office of the United States Trustee; (iii) counsel to the official committees appointed in these Chapter 11 Cases; and (iv) all those parties that have requested service and notice of papers in accordance with Bankruptcy Rule 2002;
>
>(2)    mail via first-class United States mail, within thirty (30) days of receipt of counsel's client lists or other known putative claimant lists, a copy of the ZAI Bar Date Notice Package to all such claimants; and
>
>(3)    complete the publication notice and third-party mailings that are outlined in the ZAI Bar Date Notice Program within ninety (90) days of entry of this Order; and it is further

---

[2]  The ZAI Bar Date Notice Package consists of the ZAI Proof of Claim Form, the General Instructions for Completing the ZAI Proof of Claim, and the Notice of the Last Day to File a Claim Concerning Zonolite Attic Insulation.

ORDERED that counsel who have participated in the ZAI Bar Date proceedings turn over to the Debtors, within thirty (30) days of entry of this Order, any address lists of additional individuals known to them who may have ZAI present in their homes or buildings so that the Debtors can mail ZAI Bar Date Notice Packages to such individuals; and it is further

ORDERED that the form and use of the ZAI Proof of Claim Form and the General Instructions for Completing the ZAI Proof of Claim Form, annexed to the Motion at Exhibit A, are approved; and it is further

ORDERED that the Bar Date Notices, annexed to the Motion at Exhibit B, are approved; and it is further

ORDERED that the ZAI Bar Date Notice Program, which is described in Exhibit C to the Motion, is approved and shall constitute adequate notice of the ZAI Bar Date to all known and unknown ZAI Claimants; and it is further

ORDERED that the ZAI Proof of Claim must be completed and signed by individual holders of ZAI Claims or their authorized agents; and it is further

ORDERED that class claims are not authorized and will not be deemed valid if submitted pursuant to the ZAI Bar Date; and it is further

ORDERED that notwithstanding any term, provision, or notice to the contrary, if a person or entity holds a ZAI Claim against more than one of the Debtors, such person or entity need not file a separate ZAI Proof of Claim against each of the applicable Debtors in order to comply with the requirements of this Order and to preserve such person's or entity's ZAI Claim, the timely filing of only one ZAI Proof of Claim being sufficient and proper for purposes of this Order; and it is further

ORDERED that holders of ZAI Claims are not required to submit any physical samples of ZAI with the ZAI Proof of Claim, however, nothing in this Order prohibits that Debtors from seeking such relief from this Court in the future should it be determined that samples are necessary to inform subsequent proceedings in these Chapter 11 Cases; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Pittsburgh, Pennsylvania
Dated:_____, 2008


                                                       Honorable Judith K. Fitzgerald
                                                       United States Bankruptcy Judge