IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al*., | Case No. 01-1139 (JKF)<br>Jointly Administered |
| Debtors. | |

**LIMITED OBJECTION OF HAMPSHIRE CHEMICAL CORP. TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING LIABILITY TRANSFER AGREEMENT FOR CERTAIN ENVIRONMENTAL LIABILITIES AND PROPERTIES**

Hampshire Chemical Corp. ("Hampshire"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the motion (the "Motion") whereby the above-captioned Debtors seek to transfer various properties (the "Properties") and certain pollution liabilities and environmental clean up and remediation obligations related to the Properties (the "Environmental Liabilities") to Environmental Liability Transfer, Inc. ("ELT") in accordance with a certain "Liability Transfer Agreement" (the "Agreement"). In support of the Limited Objection, Hampshire avers as follows:

1.    In accordance with the Agreement, the Debtors would transfer their rights and interests in and the Environmental Liabilities associated with a certain waste-water treatment plant site located in Owensboro, Kentucky (the "Site") to ELT.

2.    Hampshire and W.R. Grace & Co. – Conn. ("Grace-Conn"), one of the Debtors, are subject to an Order entered on March 14, 1997 by the Secretary of the Natural Resources and Environmental Protection Cabinet of the Commonwealth of Kentucky (the "Cabinet") resolving violations the Cabinet previously asserted with respect to environmental clean-up and remediation of the Site.

3.    Hampshire and Grace-Conn are also parties to a certain "Settlement Agreement" with respect to environmental clean-up and remediation of the Site and an Asset Purchase

183033_1

Agreement dated July 20, 2000 whereby Grace-Conn purchased from Hampshire a polymers business located in Owensboro, Kentucky.

4.   In accordance with the Settlement Agreement and the Purchase Agreement, Grace-Conn assumed Hampshire's obligations, responsibilities and liabilities with respect to environmental clean-up and remediation of the Site.

5.   On or about March 31, 2003, Hampshire timely filed a $6.5 million proof of claim (the "Claim) in Grace-Conn's bankruptcy case with respect to environmental clean-up and remediation of the Site.[1]

6.   By way of this Limited Objection, Hampshire seeks clarification of two issues relevant to the Claim and Hampshire's interests in the Site. In accordance with section 2.2(e) of the Agreement, certain "Excluded Matters" identified on Exhibit D to the Motion are not to be transferred to ELT including the Claim filed by Hampshire.

7.   Although it is not contesting inclusion of the Claim as an Excluded Matter, Hampshire seeks a clarification to the effect that the Motion, the Agreement and/or the underlying transactions are neither intended nor will they be interpreted to expunge or in any way implicate the Claim or Hampshire's rights to pursue the Claim as part of these bankruptcy cases.

8.   Section 4.3(a) of the Agreement provides that the Debtors are to convey all of their right, title and interest in and to the Properties including the Site subject only to, among other things, "Permitted Title Exceptions," which is defined as any exceptions of title as set forth in the title commitment related to the Site. Under section 4.2 of the Agreement, the Debtor is

---

[1] On or about October 16, 2006, the Debtors filed their 18th Omnibus Objection to claims wherein they sought to disallow the Claim asserting that the environmental clean-up and remediation of the Site as required by the Order was complete. The Debtors ultimately withdrew the objection to the Claim without prejudice.

183033_1

required to provide either a general or special warranty deed of the Debtors' right, title and interest in and to the Site subject only to, among other things, the Permitted Title Exceptions as identified in Exhibit B to the Agreement.

9. It is unclear whether the Agreement identifies all easements and restrictions of record with respect to the Site. The list of Permitted Title Exceptions pertinent to the Site, which identifies various easements and restrictions including multiple easements between Grace-Conn and Hampshire, is apparently only an excerpt from the list of Permitted Title Exceptions identified in connection with the applicable title commitment.

10. Although it is examining its records as to whether it is a party to other easements or holds other property interests with respect to the Site, Hampshire seeks a clarification on this point and requests that the definition of Permitted Title Exceptions as to the Site be amended to include and encompass all easements and restrictions of record notwithstanding whether an easement and/or a restriction is specifically identified in the Agreement. To the extent that the Debtors are attempting to eliminate obligations, they need to identify them with additional specificity and justify their omission.

183033_1

WHEREFORE, Hampshire respectfully requests that the Court deny the relief sought in the Motion to the extent referenced herein and grant such other relief as is just and appropriate.

Dated: March 19, 2008

                         DILWORTH PAXSON LLP

By:   /s/ Martin J. Weis
       Martin J. Weis (No. 4333)
       1735 Market Street
       3200 Mellon Bank Center
       Philadelphia, PA 19103-7595
       Telephone: (215) 575-7000
       Facsimile: (215) 575-7200

                             and

       Anne Marie P. Kelley
       Scott J. Freedman
       LibertyView – Suite 700
       457 Haddonfield Road
       Cherry Hill, NJ 08002
       Telephone: (856) 675-1900
       Facsimile: (856) 663-8855