# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al., ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

## RESPONSE TO MOTION FOR ENTRY OF AN ORDER AUTHORIZING LIABILITY TRANSFER AGREEMENT FOR CERTAIN ENVIRONMENTAL LIABILITIES AND PROPERTIES AND REQUEST TO MAKE MORE DEFINITE AND CERTAIN

The Florida Department of Environmental Protection (the "FDEP"), by and through the undersigned counsel, in response to the Motion to Transfer Liabilities (the "Motion") filed in this matter by W.R. Grace & Co., et al (the "Debtors"), and by way of request to make more definite and certain, states as follows:

1. Debtor W.R. Grace & Co. – Conn ("Grace") is the owner of certain real property in the state of Florida, located at 2450 Old Dixie Highway, Ft. Pierce, Florida. (the "Florida Property.") During the course of its industrial operations there, Grace has contaminated the Florida Property and such contamination has and continues to migrate off site to surrounding property. The contamination is in both the soil and the groundwater.

2. On May 22, 1986, a Consent Order was entered against Grace by the FDEP with regard to the Florida Property. The Consent Order was modified on April 10, 1990 (hereinafter, the modified consent order shall be referred to as the "Consent Order").

3. Under the terms of the Consent Order, and by virtue of the FDEP's police and regulatory authority, Grace is obligated to take remedial action with regard to contamination caused by it on and off site at the Florida Property.

4. On February 22, 2008, Grace filed the Motion with regard to, inter alia, the Florida Property.

5. The Motion requests the entry of an Order authorizing Grace to enter into a Liability Transfer Agreement (the "LTA"), which is attached to the Motion as Exhibit A thereto and denominated a 'Settlement Agreement' (sic), and to perform obligations thereunder.

6. The Motion further seeks authority for Grace to enter into a Liability Transfer Qualified Settlement Fund Trust Agreement (the "Trust Agreement"), attached to the Motion as Exhibit C.

7. The Motion is unclear as to what affect Grace asserts or believes it will have with regard to Grace's obligations under the FDEP Consent Order.

8. The Motion proposes to transfer title to the Florida Property to Environmental Liability Transfer, Inc. ("ELTI") together with several other pieces of contaminated property in other states.

9. The Motion does not disclose any estimate by Grace of the costs which Grace may incur in remediating the contamination associated with the Florida Property. Further, the Motion does not estimate the costs which Grace may incur in remediating the other properties it seeks to transfer.

10. The Motion contains a copy of ELTI's proposal as Exhibit E (p.33), which provides at unnumbered page 22 thereof ELTI's estimate of ELTI Liability and

WRG Liability, as well as asserted Real Estate Values. The proposal does not recite the basis for the estimates or why Grace's liability differs from ELTI estimates.

11. The Motion does not disclose any estimate of the funds which will be available for or dedicated to the remediation of the Florida Property. The Trust does not allocate or restrict the use of proceeds with regard to any of the properties transferred, and does not limit or allocate the expenditures by or to any site.

12. A copy of ELTI's proposal is attached as Exhibit D to the Motion. Included in its proposal is a list of sites for which ELTI has previously accepted 'transfer' of environmental liabilities. The Motion does not indicate the current financial condition of ELTI, or provide a pro-forma of its financial condition after its proposed assumption of Grace's liabilities.

13. The Motion does not disclose the status of the remedial actions at the sites already owned by ELTI.

14. The Motion requests authority to 'transfer liabilities,' however, the text of the Motion indicates that it actually seeks authority to sell various pieces of property of the estate to ELTI pursuant to 11 U.S.C. § 363 (b)(1). The consideration for the proposed sales is a combination of estimated payments to the Trust, contingent future payments to the trust and to the estate and the assumption by ELTI of certain liabilities.

15. It is not clear that the liabilities being 'assumed' by ELTI with regard to the properties would not follow as a matter of law, by virtue of ELTI's acquiring title of the properties.

16. The Motion does contain language that appears to imply some greater relief is anticipated by Grace. The Motion at paragraphs 14 through 16 invokes this Court's authority to approve a 'compromise and settlement' under Bankruptcy Rule 9019. The Motion then goes on at some length to discuss applications of the standards for approving a compromise and settlement to the 'facts of this case' at paragraphs 17 through 19.

17. It is unclear in the Motion with whom the Debtors assert they are settling or what claims or controversies are being resolved. Because a settlement is an agreement it implies a meeting of minds of parties to a controversy. The Motion does not describe a controversy between Debtors and ELTI to which they have reached agreement, or what that agreement entails.

18. If the 'settlement' which is invoked by Grace is meant to include its obligations under the Consent Order issued by FDEP, then the FDEP denies that it has reached any agreement with Grace as to any matter contained in the Motion.

19. Because Grace has not described any claim with any party with whom it has reached settlement, it is impossible to review the Motion with regard to the reasonableness of such settlement. Further, Grace's obligations related to the Florida Property under the Consent Order are not claims under the bankruptcy code and are unaffected by Grace's sale or transfer of the subject property or the indemnification of Grace by the ELTI.

20. The FDEP neither seeks money nor has a right to payment under the Consent Order. The FDEP seeks compliance with its laws through a cleanup of the Florida Property. Grace does not have the option to make a payment in lieu of

4

addressing the contamination it has caused. The FDEP's Consent Order does not give rise to a right of payment and is for that reason not a 'claim.' Grace's obligations are tied to the contamination it has caused. Grace's contamination continues to present a hazard, and Grace remains responsible for remedying the problem regardless of its proposed transfer to title to another entity. See Torwico Electronics, Inc. v. State of New Jersey Dept. of Envl. Protection (In Re Towico Electronics, Inc.), 8 F.3d 146 (3rd Cir. 1993).

21. The Motion seems to confuse a transfer or assignment of rights and an assumption or delegation of duties, with a release of liability or obligation. FDEP objects to any interpretation of the Motion which purports to exonerate Grace from its obligations under the Consent Order.

22. The Motion does not appear to purport to restrain or prohibit the FDEP from asserting its authority under the Consent Order to compel Grace to perform its obligations thereunder, pre or post sale. Any attempt to so enjoin the FDEP would require an adversary action under Bankruptcy Rule 7065. However, the FDEP objects to the Motion to the extent that it is intended to serve as a predicate for such injunction in this case by virtue of the language contained in the Motion characterizing this sale of property as a 'transfer of liabilities.' (sic)

23. The Motion does not provide the FDEP or this Court with sufficient information to evaluate the ability of ELTI to meet its obligations with regard to the Florida Property if and when it takes title thereto, which is the value being received by these bankruptcy estates.

WHEREFORE, the Florida Department of Environmental Protection prays this Court enter an Order denying the Debtors' Motion to the extent that it purports to affect an involuntary termination or limitation of the FDEP right to require Grace to remediate the Florida Property and the surrounding property and waters of the state contaminated by Grace.

JONATHAN H. ALDEN
Assistant General Counsel
State of Florida Department of Environmental Protection
3900 Commonwealth Boulevard, MS 35
Tallahassee, Florida 32399-3000
Phone: (850) 245-2242
Fax: (850) 245-2298
Fla. Bar No. 366692
e-mail: jonathan.alden@dep.state.fl.us

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by DHL overnight delivery on this ___18th___ day of March, 2008 to:

Janet S. Baer
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street
17th Floor
Wilmington, DE 19801

Lewis Kruger
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski
Duane, Morris & Heckscher, LLP
1100 N. Market Street
Suite 1200
Wilmington, DE 19801-1246

Scott L. Baena
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Blvd.
Suite 2500
Miami, FL 33131

Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street
Suite 904
19801

Elihu Inselbuch
Caplin & Drysdale, Chartered
375 Park Avenue
35th Floor
New York, NY 10152-3500

7

Mark Hurford
Campbell & Levine, LLC
800 N. King Street
Suite 300
Wilmington, De 19801

Philip Bentley
Gregory Horowitz
Kramer Levin Naftalis & Frankel LLP
919 Third Avenue
New York, NY 10022

Teresa K.D. Currier
Buchanan, Ingersoll & Rooney, PC
1000 West Street
Suite 1410
Wilimington, DE 19801

Richard H. Wyron
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street NW
Washington, DC 20005-1706

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Office of the United States Trustee
Attn: David Klauder
844 N. King Street
Wilmington, DE 19801

JONATHAN H. ALDEN, ESQUIRE
Assistant General Counsel