THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Hearing Date: 3/25/08 at 8:30 A.M. |
| | ) | in Pittsburg, PA |
| | | Objections Deadline: 3/19/08 ext'd for NYS DEC to 3/20/08 |

RESPONSE TO MOTION FOR ENTRY OF AN ORDER AUTHORIZING LIABILITY TRANSFER AGREEMENT FOR CERTAIN ENVIRONMENTAL LIABILITIES AND PROPERTIES AND REQUEST TO MAKE MORE DEFINITE AND CERTAIN

The New York State Department of Environmental Conservation (the "NYS DEC") by their attorney Andrew M. Cuomo, Attorney General of the State of New York, by Assistant Attorney General Linda E. White, hereby responds to the Motion to Transfer Liabilities (the "Motion") filed in this matter on February 22, 2008 by W.R. Grace & Co., et al. ("Grace") objecting to certain possible interpretations of the relief requested and seeking to have the Motion and the relief requested made more definite and certain, and states as follows:

1. Grace is the owner of a parcel of real property on Brewer Road in the Town of Waterloo, Seneca County, New York where Grace disposed of hazardous and industrial waste that contaminated soil and groundwater (NYS DEC Site No.85001B) (the "Site").

2. On September 28, 1988, NYS DEC and Grace entered into an Administrative Order on Consent ("Consent Order") requiring Grace to perform testing and remediation.

3. Pursuant to the Consent Order, ¶ XIII, Grace is obligated, in addition to the remediation Grace has completed at the Site, to monitor and maintain the Site for thirty years from the date of completion of construction of the remedy.

4. On February 22, 2008, Grace filed a motion for an order authorizing Grace to dispose

of ten contaminated properties (including the Site) and Grace's environmental liabilities for these properties by transferring the ten properties to Environmental Liability Transfer, Inc., ("ELT") and also authorizing Grace to enter into a Liability Transfer Qualified Settlement Trust Agreement (the "Trust Agreement")(collectively, the "Motion").

     5. The purpose of the transfers described in paragraph 4 above, is to "remove such liabilities from the Debtors' estates and establish a clean slate for moving forward" while ELT is "to take on the liabilities connected with the Properties."

     6. The Motion does not state what effect any order resulting from the Motion is intended to have on Grace's continuing obligations to the State of New York at the Site under the Consent Order.

     7. The Motion does not contain sufficient information to determine the current condition of the ten properties in order to determine whether the funds to be deposited in the Trust would be adequate to meet Grace's remediation obligations for the Site.

     8. The Motion does not contain an estimate of the costs Grace is obligated to cover under the terms of the Consent Order or the costs it is obligated to incur with respect to the other nine properties to allow the NYS DEC to determine whether the funds to be deposited in the Trust would be adequate to meet Grace's remediation obligations for the Site.

`     9.   The NYS DEC has not filed any claim in this matter as it does not have a right to a money judgment, but instead is concerned with Grace's performance of its obligations under the Consent Order. Grace does not have the option to make a payment in lieu of these obligations.

     10. The NYS DEC objects to the Motion to the extent that Grace or its successors and assigns may claim that any order entered herein in any way impairs or restrains the NYS DEC's

authority to seek and obtain enforcement of Grace's obligations against Grace and its successors and assigns.

11. Grace's obligations under the Consent Order arise from and address the continuing hazards that Grace's disposal activities caused at the Site; therefore, Grace remains responsible for addressing these hazards without regard to any transfer of title. See  Torwico Electronics, Inc., v. State of New Jersey Department of Environmental Protection, 8 F.3d 146, 150 (3rd Cir, 1993). cert. denied, 114 S. Ct. 1576 (1994), where the Third Circuit held that New Jersey's remedy for requiring the cleanup of contaminated property was not a dischargeable claim in bankruptcy.  The debtor's liability for the clean up of its formerly leased property was an ongoing regulatory obligation to deal with a "continuing hazard," which did not run with the land, but rather "run[s] with the waste."

WHEREFORE, the NYS DEC seeks an order denying the Motion to the extent that it in any way limits or impairs the existing right of the NYS DEC to enforce the Consent Order against Grace, it successor and assigns, or otherwise limits the NYS DEC from enforcing environmental laws in the State of New York.

Dated: Buffalo, New York
      March 20, 2008

                        ANDREW M. CUOMO
                        Attorney General of the State of New York
                        Attorney for Plaintiff

                        By:/s/ Linda E. White
                          Linda E. White
                          Assistant Attorney General
                          New York State Department of Law
                          Environmental Protection Bureau
                          107 Delaware Avenue, 4th Fl.
                          Buffalo, New York  14202

(716) 853-8466

4