IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JFK) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No: 18110 |

**UNITED STATES' OBJECTION TO MOTION FOR ENTRY OF ORDER
AUTHORIZING TRANSFER AGREEMENT FOR CERTAIN ENVIRONMENTAL
LIABILITIES AND PROPERTIES**

The United States submits this Objection to Motion for Entry of Order Authorizing

Transfer Agreement for Certain Environmental Liabilities and Properties filed by W.R.

Grace & Co., *et al.* (the "Debtors") and states as follows:

1.  On or about February 22, 2008, the Debtors filed a *Motion of Debtors for Entry*

*of an Order Authorizing Liability Transfer Agreement for Certain Environmental*

*Liabilities and Properties* ("Liability Transfer Motion").  In the Liability Transfer Motion

the Debtors propose to transfer ten contaminated industrial properties ("Properties") to a

trust and all of the environmental liabilities associated with such properties to

Environmental Liability Transfer, Inc., ("ELT"), an environmental acquisition

development company.

2.  On or about December 19, 2007, the Debtors filed a *Motion of Debtors for*

*Entry of an Order Authorizing Settlement Agreement Resolving the United States' Proof*

*of Claim Regarding Certain Environmental Matters*, with a copy of the proposed settlement agreement attached ("Settlement Agreement").

3. The Settlement Agreement specifically addresses the Debtors' ongoing responsibility and liability for environmental compliance at debtor-owned sites.

4. The Liability Transfer Motion is silent as to what impact the Debtors believe the transaction will have with regard to the Debtors' obligations under the Settlement Agreement or under State and federal environmental laws and regulations. *See In re Torwico Elecs., Inc.*, 8 F.3d 146, 151 (3d Cir. 1993) (debtor's obligation to address contamination at property continues without regard to transfer of title).

5. The Liability Transfer Motion does not disclose the following material information:

a. The nature and extent of contamination at the Properties, the status of environmental remediation, and the Debtors' estimate of future cleanup costs;

b. The current financial condition of ELT or an analysis of its financial condition after assumption of the Debtors' liabilities.

c. An analysis of whether the funds placed in trust will be adequate to fund cleanup of the Properties.

6. The Liability Transfer Motion does not enable the United States or other parties in interest to evaluate the impact of the transaction or the ability of ELT to meet the obligations to be assumed with respect to the Properties.

WHEREFORE, the United States requests the Court to deny the Liability Transfer

Motion unless and until such matters are clarified and resolved.


Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources
  Division


JAMES D. FREEMAN
Trial Attorney
Environmental Enforcement Section
United States Department of Justice
1961 Stout Street, Eighth Floor
Denver, CO 80294-1961
(303) 844-1489

- 3 -