IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | 3/24/08 Agenda Matter No. 7A, |
| | ) | Related Docket No. 18306 |

**W.R. GRACE & CO.'S OPPOSITION TO THE ACC AND FCR'S
MOTION IN LIMINE RELATING TO SETTLEMENT
INFORMATION SUBJECT TO THE DEBTORS' RULE 408 ARGUMENT**

The ACC and FCR's motion "relating to settlement information subject to the debtors' Rule 408 Argument" represents claimants' ongoing attempt to evade the strictures of Federal Rule of Evidence 408. Claimants' approach runs afoul of the plain language and policy of Rule 408, rewrites the terms of the settlements (which clearly disclaim liability) and seeks to abuse Rule 703 as a vehicle for bypassing Rule 408. Nor can the claimants seek to bar Grace's use of evidence of settlement value *for those claims as to which Grace agrees, for purposes of the estimation, liability is probable*—for the simple reason that the claimants use the same evidence.[1]

## ARGUMENT

**I.    Rule 408 Bars Claimants' Use Of Settlements To Prove Grace's Liability.**

The ACC's latest March 14th brief is styled as a motion brought "***under*** Federal Rule of Evidence 408," but in reality it is yet another attempt to ***get around*** that rule. If this estimation

---

[1]   The ACC and FCR acknowledge that the Rule 408 issue has already been extensively briefed elsewhere. (*See*, *e.g.*, Grace's December 7, 2007 *Daubert* motion [D.I. 17586] at 30-32; Grace's January 7, 2008 *Daubert* reply brief [D.I. 17779] at 11-15.)

proceeding were a trial on the merits of any of the claims against Grace, there is no question that the ACC's and FCR's experts would be prohibited from opining that Grace is liable or should pay any amount of damages for the claim because Grace had previously settled a similar claim. The issue, and the result, should be no different here.

> **A.    Claimants' Clear Purpose For Offering Settlement Evidence Is To Prove Grace's Liability.**

The claimants are relying on settlements to prove one thing and one thing only: that Grace has the obligation to pay the asbestos claims at issue in this estimation proceeding and that its "liability" should be measured accordingly.

Both the United States Supreme Court and the Third Circuit Court of Appeals recognized long ago that allowing a party's settlement offer to be used against it in litigation would chill settlement negotiations and undermine the federal policy favoring settlement of disputes. *See West v. Smith*, 101 U.S. 263, 273 (1879) (noting that "[o]ffers of compromise to pay a sum of money by the way of compromise, as a general rule, are not admissible against the party making the offer"); *Outlook Hotel Co. v. St. John*, 287 F. 115, 117 (3d Cir. 1923) ("If every offer to buy peace could be used as evidence against him who presents it, then the policy of the law which favors the settlement of disputes would never be attained."). Rule 408, enacted in 1975, codified and indeed expanded the common-law rule in many jurisdictions and prohibits the introduction of a compromise (i.e., settlement) "to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount." Fed. R. Evid. 408(a).

The primary goal of Rule 408 is to encourage settlement. This goal is accomplished by allowing parties to negotiate freely and enter into settlements without their conduct being used against them at a later date. "[F]ederal policy encourages negotiation of settlements 'by preventing the parties to the compromise from being tied elsewhere to the concession they made

inter sese.'" *Fid. & Deposit Co. of Maryland v. Hudson United Bank*, 493 F. Supp. 434, 445 (D.N.J. 1980) (quoting *McShain, Inc. v. Cessna Aircraft*, 563 F.2d 632, 635 n.5 (3d Cir. 1977)), *rev'd on other grounds*, 653 F.2d 766 (3d Cir. 1981). Rule 408 is also based on the fact that parties settle cases for a whole host of reasons, many of which may have nothing to do with liability or actual amount of damages. "[T]he offer may be motivated by a desire for peace rather than from any confession of weakness of position." Fed. R. Evid. 408 (Advisory Committee Notes); *see also Fid. & Deposit Co.*, 493 F. Supp. at 445 ("[I]t is often more advantageous, economical, and desirable for a party to buy his peace than to go through litigation even when his chances of prevailing are great.") (quotation omitted). These concerns are especially acute where, as here, a party settles claims not because of their viability but because of other reasons. Rule 408 thus embodies a judgment that evidence of prior settlements is generally both irrelevant and prejudicial, and clearly establishes that prior settlements cannot be used to establish liability on a claim.

Claimants contend that Rule 408 does not bar the use of settlements merely "to estimate pending and future asbestos personal injury claims." (Claimants' Br. at 2.) But claimants' approach only works if one ignores whether those asbestos claims have merit—whether Grace is liable for those claims—an issue the law plainly does not allow the claimants to sidestep. In this estimation proceeding, the Court will be estimating Grace's total liability for outstanding asbestos claims against it. In order to estimate Grace's total liability, however, the Court must first determine for which claims Grace is liable and for which claims it is not. Under Grace's approach, only claims that may be both legally valid under applicable state law and scientifically reliable under *Daubert* and the Federal Rules of Evidence should be accorded any value. In stark

contrast, claimants seek to hold Grace liable for contested claims based upon settlements alone. In so doing, claimants violate Rule 408.

### B. Claimants Cannot Use Grace Settlements To Prove Grace's Liability Because Grace Did Not Admit Liability In Those Settlements.

Not only does claimants' use of settlements violate the plain terms of Rule 408, but it also blatantly rewrites the terms of the settlement agreements themselves, which expressly disclaim liability. Put simply, claimants seek to argue an admission of liability where, in fact, there was express and stipulated denial of any such admission.

In every settlement agreement Grace entered into, Grace made clear that it was not admitting its liability, and that the settlement agreements could not be used in any future proceedings except ones to enforce the agreements. For instance, Grace's settlement agreements with the Goldberg Persky law firm provided:

> [Goldberg Persky Jennings & White] and the Settling Plaintiffs acknowledge that ***W.R. Grace has denied and continues to deny any liability*** or wrongdoing and is willing to enter this Agreement solely to avoid the delay, expense, inconvenience and uncertainty of further litigation.

(5/2000 Goldberg Persky Settlement Agreement (ACC/FCR 813) at 10-11 (Ex. A) (emphasis added).) Far from admitting liability in these settlements, Grace expressly disclaimed it. Thus, claimants' attempt to show that these settlements do prove Grace's liability is simply wrong. And claimants attempt to use settlements in this way, contrary to the terms of the settlements, violates not only the plain text of Rule 408, but also its spirit, which is to permit a party to settle claims for reasons other than the merit of the claim. *See* Fed. R. Evid. 408 (Advisory Committee Notes) "[T]he offer may be motivated by a desire for peace rather than from any confession of weakness of position."

This Court has already indicated that claimants will be barred from presenting evidence, testimony or argument that settlement agreements (or the evidence supporting them) can be used

4

as evidence of liability in connection with the estimation, provided that the settlement agreements have standard liability disclaimers.

> ***If the settlement agreements say that no one is admitting any liability***, nobody's going to tell me that the settlement process is an admission of liability. That's it, I'm not going to hear about it if that's the case.

(10/25/07 Hr'g Tr. at 90 (Ex. B) (emphasis added); *see also* 12/5/06 Hr'g Tr. at 61 ("Of course you're settling because you think you have some exposure in the tort system. But that doesn't mean that you were legally liable …. The legal liability aspects in the past are sort of irrelevant, aren't they to the current claims and the pending future claims?") (Ex. C).) Because Grace's settlement agreements with plaintiffs' firms have this standard disclaimer of liability, Rule 408 bars claimants from using them to "prove" Grace's liability in the estimation.

### C. This Bankruptcy Proceeding Indicates Precisely Why Rule 408 Applies In All Cases, Not Merely The Case Being Settled.

Claimants contend that Rule 408 is inapplicable because this case does not involve the "same claim" as those in the settlements. (Claimants' Br. at 3.) But this case demonstrates precisely why Rule 408 *does* bar the admission of settlements in cases other than the one being settled. In mass tort cases such as this one, claims arising out of the same facts are litigated many thousands of times. If claimants' interpretation of Rule 408 were correct, then as soon as a mass-tort defendant settled a single case, other plaintiffs could use that settlement to prove that defendant's liability in all subsequent cases. Such a defendant would quickly be driven into bankruptcy where, under claimants' theory, that one settlement could continue to be used to prove that defendant's liability. Rule 408 has never been used to permit such an absurd and unprecedented result.

This case therefore presents a dramatic, undeniable illustration of why claimants are wrong when they assert that settlement evidence is admissible if the settlement pertains to a case

5

other than the one being tried.  As the Advisory Notes to the Rule explain, Rule 408 not only bars evidence of offers and negotiations, but also evidence that a settlement has taken place: "While the rule is ordinarily phrased in terms of offers of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party thereto."  Fed. R. Evid. 408 (Advisory Committee Notes).  Thus, Rule 408 not only bars evidence of settlement activity in a particular case, but also evidence of settlements in other cases.  *See Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1246-47 (3rd Cir. 1993) (affirming that evidence of settlement of prior antitrust suits against defendant was barred by Rule 408); *Hudspeth v. Comm'r of Internal Revenue Serv.*, 914 F.2d 1207, 1213 (9th Cir. 1990) ("The Taxpayers' contention that Rule 408 does not apply when third party compromises are involved is not tenable.  Rule 408 does apply to situations where the party seeking to introduce evidence of a compromise was not involved in the original compromise."); *Playboy Enters. v. Chuckleberry Publ'g, Inc.*, 486 F. Supp. 414, 423 n.10 (S.D.N.Y. 1980) ("To consider terms [of a previous settlement with a different party] would be improper and unjustified.  It is well-established that statements made for purposes of settlement negotiations are inadmissible, and Rule 408 of the Federal Rules of Evidence extends the exclusion to completed compromises when offered against the compromiser.").  Indeed, all of the policy rationales for Rule 408 would be undermined if settlements could be used against a party in later cases.  A party would be reluctant to settle a case if that settlement could be used to prove that party liable in a different case.  Therefore, the Rule 408 prohibition does extend to settlements of other cases, and claimants may not rely on past Grace settlements in order to prove its liability for asbestos claims in the estimation.

Claimants' reliance on *In re Babcock & Wilcox Co.*, 274 B.R. 230, 256 (Bankr. E.D. La. 2002) is totally misplaced. Contrary to claimants' assertions, *Babcock & Wilcox* does **not** hold that settlements may be introduced in different cases to prove liability in those cases, but instead reaffirms the principal that settlements or verdicts "that other plaintiffs have won against the defendant in other cases" ***may not*** be so used. 274 B.R. at 256. *Babcock & Wilcox* was a fraudulent conveyance case, turning on the debtors' liability as ascertained at the time of the conveyance in dispute. The only issue was whether the debtors' approach to assessing its expected liability was reasonable. That approach ***used prior settlements*** in order to estimate liability. The *Babcock & Wilcox* court, therefore, merely addressed prior settlements, not to estimate the company's aggregate asbestos liability, but rather to determine whether the company's internal assessment of its own solvency was reasonable. *Id.* Because the settlements in *Babcock & Wilcox* were not used to prove Babcock and Wilcox's liability for any asbestos claims, but rather to determine whether its own estimate of its solvency was reasonable, the court permitted the introduction of settlement-related evidence "to allow the trier of fact to 'understand [the] case.'" *Id.* (citing 2 Weinstein, *Fed. Evid.* § 408.08[5], at 408-35 (2001)). The court expressly limited its holding to the solvency issue. *See id.* at 262-62 ("If the court is required to do further estimates in this case, for any purpose other than determining whether B & W was insolvent in June 1998, the determination in this opinion and judgment will not be binding."). Consequently, *Babcock & Wilcox* does not support the proposition that Rule 408 allows admission of evidence of settlements to prove liability for claims other than the settled one.[2]

---

[2] Claimants' reliance on *Broadcort Capital Corp. v. Summa Med. Corp.*, 972 F.2d 1183, 1994 (10th Cir. 1992) is equally misplaced because the previous settlement at issue in that case was not used to prove the liability of the claim at issue, but rather to help the trier of fact "understand" the case because the settlement terms "explain and are a part of another dispute." *Id.* (also noting that the evidence was offered to explain the workings of a loan scheme and not to show liability for the claim or its amount).

7

**D.     The Settlements Are Not Admissible Under Rule 703.**

Claimants argue that even if this settlement evidence is inadmissible under Rule 408, it may nevertheless be admitted under Rule 703 as part of the basis of an expert opinion. (*See* Claimants' Br. at 4.) Other courts have flatly rejected such efforts to conduct an end-run around Rule 408 through the "back door" of Rule 703. *See Alpex Computer Corp. v. Nintendo Co.*, 1994 WL 139423, at * 11 (S.D.N.Y. Mar. 18, 1994), *vacated in part on other grounds*, 1994 WL 381659 (S.D.N.Y. July 21, 1994) ("[T]he court declines to eviscerate Rules 408 and 403 by admitting the evidence of Alpex's licensing efforts through the back door of Rule 703.")[3] As one influential treatise has put it:

> Admitting expert opinion based on evidence inadmissible under these Rules [including Rule 408] would undermine the policies of those rules. . . . [C]ourts have refused to permit experts to testify to the bases of any opinion when that testimony amounts to a backdoor attempt to avoid the prohibition against admitting [among other things] offers of a compromise . . .

Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Evid.* § 6273 (2007). Thus, claimants cannot avoid the strictures of Rule 408 through the simple expedient of offering prohibited testimony through Rule 703. Were it otherwise, Rule 408 (as well as the other categorical rules of exclusion, including Rules 404-407 and 409-411) would be rendered meaningless because evidence forbidden by them could be introduced through an expert witness.

Claimants do not cite to *any* case standing for the proposition that evidence inadmissible under Rule 408 can be introduced through Rule 703. Instead, claimants repeated their tired mantra that their experts should be permitted to rely on settlements to prove Grace's liability

---

[3]  *See also Nachstheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1270 (7th Cir. 1988) (collecting cases and affirming exclusion of evidence under Rule 403, notwithstanding Rule 703); *In re Agent Orange Prod. Liab. Litig.*, 611 F. Supp. 1223, 1245 (E.D.N.Y. 1985) (court obligated to assess reliability of information relied upon by expert, including failure to meet concerns raised under other rules of evidence.).

because experts in other asbestos bankruptcies have done so. (*See* Claimants' Br. at 5.) But, as Grace has previously explained, these cases are inapplicable because ***none*** of them considered an objection to settlement evidence under Rule 408, and none therefore considered whether the rules permit evidence of claimant behavior in the tort system as probative of the debtor's actual liability.

## II.     Grace's Limited Use Of Settlement Evidence Does Not Violate Rule 408.

With no basis to support their position that Rule 408 permits them to offer settlements for the purpose of proving their entire estimation case, claimants are left with nothing else to argue other than that Grace also violates Rule 408. (*See* Claimants' Br. at 5.) Unlike claimants, however, Grace is not seeking to use evidence of negotiated settlements to prove damages where the other side seeks to litigate the issue *de novo* on the merits.

Specifically, Dr. Florence relies upon the scientific criteria endorsed by other experts in order to determine the number of pending and future claims as to which causation may be found, and Grace, therefore, may be liable. As to these claims, the remaining question is their value. On this remaining question, both Grace and the claimants have decided to rely upon evidence of prior settlements. Grace submits that prior settlements are indicative of damages, and does not seek to present other evidence of damages. The claimants too seek to rely upon prior settlements. Thus, this case does not involve the circumstances addressed by Rule 408: where one party seeks to prove the amount of damages through merits evidence of damage or loss and its adversary seeks to introduce evidence of what the other party has offered or agreed to pay in settlement negotiations. As a consequence, the policy considerations of Rule 408—to adjudicate matters based on the merits, rather than settlements—is not implicated.

Where both sides are using settlements to address an issue—here, damages—Rule 408 should not apply. Rule 408 would bar the use of settlements if damages were disputed, and the

side that had entered into settlements previously sought to litigate its damages *de novo*, on the merits. But here, both sides are using evidence of settlement. This use of settlements does not violate Rule 408.

Finally, none of the claimants were a party to the prior settlements relied upon by Grace. It is Grace alone which was a party to those other settlements. It is Grace who seeks to introduce evidence of those settlements regarding damages. That evidence, therefore, does not implicate any policy which seeks to protect **parties to settlements** against the subsequent use of that settlement. *See American Soc. of Composers, Authors and Publishers v. Showtime/The Movie Channel, Inc.*, 912 F.2d 563, 581 (2d Cir. 1990) ("[S]ettlement offers or agreements are not automatically inadmissible—even as to liability or the amount of damages—if they are offered against a party who was not a participant in the settlement discussions or agreement. Rather, the Court must assess the degree of relevance and potential prejudice of the evidence in light of the particular circumstances of the case."). It is Grace alone that Rule 408 was designed to protect, not current and future claimants.

## <u>CONCLUSION</u>

Claimants do not provide any reason for this Court to disregard Rule 408. Accordingly, Grace respectfully requests that their motion in limine "relating to settlement information subject to the debtors' Rule 408 argument" be denied.

| | |
|---|---|
| Dated: March 22, 2008 | Respectfully Submitted:<br><br>KIRKLAND & ELLIS LLP<br>David M. Bernick, P.C.<br>Janet S. Baer<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>(312) 861-2000<br><br>and<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br><br>/s/ James E. O'Neill_____<br>Laura Davis Jones (Bar No. 2436)<br>James E. O'Neill (Bar No. 4042)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705<br>(Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile:   (302) 652-4400<br><br>Co-Counsel for the Debtors and Debtors in Possession |