THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION'S OBJECTION TO MOTION FOR ENTRY OF AN ORDER AUTHORIZING LIABILITY TRANSFER AGREEMENT FOR CERTAIN ENVIRONMENTAL LIABILITIES AND PROPERTIES

The Massachusetts Department of Environmental Protection (MassDEP), by and through the Massachusetts Attorney General, submits this objection to the *Motion for Entry of an Order Authorizing Liability Transfer Agreement for Certain Environmental Liabilities and Properties* (Liability Transfer Motion) [Document No. 18110] filed by W.R. Grace & Co., *et al.* (Debtors) and states as follows in support thereof:

1.      On or about February 22, 2008, the Debtors filed the Liability Transfer Motion. In the Liability Transfer Motion, Debtors propose to transfer ten contaminated industrial properties (Properties) to a trust and all of the environmental liabilities associated with the Properties to Environmental Liability Transfer, Inc. (ELT), an environmental acquisition development company.  One of the Properties includes the Wells G&H Aberjona River Valley Superfund Site, in Woburn, Massachusetts (Woburn Site).

2.      Counsel for Debtors, Janet S. Baer, Esq., expressly agreed to an extension of time for MassDEP to file an Objection to the Liability Transfer Motion through and including March 25, 2008.

3.	The Woburn Site is the subject of a 1991 Consent Decree, entered in the United States District Court for the District of Massachusetts, to which the United States, the Commonwealth of Massachusetts, and Debtors, are parties.  *See United States, et al., v. Wildwood Conservation Corp., et al.*, C.A. No. 91-11807-MA, Consent Decree, Mazzone, J. (Oct. 9, 1991).  Under the 1991 Consent Decree, Debtors are responsible for various obligations including, among other things, the performance of remedial actions in relation to the Woburn Site.  Debtors continue to have various ongoing responsibilities and obligations related to the Woburn Site under the 1991 Consent Decree.

4.	In March 2003, the MassDEP filed timely claims against Debtors for environmental liability to the Commonwealth of Massachusetts in connection with certain contaminated sites throughout the Commonwealth, including the Woburn Site, under Federal and State laws and regulations, including the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601, *et seq*. (CERCLA),  the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. G.L. c. 21E, the Massachusetts Contingency Plan (MCP), 310 C.M.R. §§ 40.0000, *et seq*., and the Timely Action Schedule and Fee Provisions, 310 C.M.R. §§ 4.00, *et seq*.

5.	MassDEP's Claims asserted a total amount of over $799,000 for general, unsecured claims owed to the Commonwealth by Debtors for unreimbursed or unpaid pre-petition, liquidated response costs and fees, at various sites throughout the Commonwealth; and it also asserted, in a protective fashion, a total of over $42,000,000.00 for pre-petition and post-petition estimated contingent, unliquidated environmental liability at various sites throughout the Commonwealth.  Of these latter, estimated, contingent, unliquidated amounts, roughly $12,006,450 was associated with the Woburn Site.

6. On or about May 16, 2005, the Court approved a stipulation between MassDEP and Debtors entitled: *Stipulation and Order Resolving Certain Claims of The Massachusetts Department of Environmental Protection* (Approved Stipulation). The Approved Stipulation resolved the general unsecured, pre-petition liquidated claims of MassDEP, but did not address or resolve any contingent, unliquidated, or estimated pre-petition or post-petition claims or amounts. *See e.g.*, Approved Stipulation, ¶ 7. In the Approved Stipulation, MassDEP and Debtors expressly reserved their rights with respect to MassDEP's contingent, unliquidated, estimated pre-petition or post-petition claims or amounts. *Id.*

7. The Liability Transfer Motion is silent as to what impact the Debtors believe the proposed transfer of liability to ELT will have with regard to the Debtors' obligations under the 1991 Consent Decree or under State and Federal environmental laws and regulations. *See In re Torwico Electronics, Inc.,* 8 F.3d 146, 151 (3rd Cir. 1993) (debtor's obligation to address contamination at property continues without regard to transfer of title).

8. The Liability Transfer Motion also does not disclose the following material information:

    a. The Liability Transfer Motion fails to identify the nature and extent of contamination, the status of environmental remediation, and the Debtors' estimate of future cleanup costs at the Properties, including the Woburn Site;

    b. The Liability Transfer Motion fails to identify the current financial condition of ELT or an analysis of its financial condition after assumption of the Debtors' liabilities.

    c. The Liability Transfer Motion fails to provide an analysis of whether the funds placed in trust will be adequate to fund cleanup of all of the Properties.

9.    The Liability Transfer Motion does not enable the Commonwealth or other parties in interest to evaluate the impact of the transaction or the ability of ELT to meet the obligations to be assumed with respect to the Properties, including the Woburn Site.

WHEREFORE, MassDEP requests the Court to deny the Liability Transfer Motion unless and until such matters are clarified and resolved.

Respectfully submitted,

MASSACHUSETTS DEPARTMENT OF
ENVIRONMENTAL PROTECTION

By its attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

 /s/ Carol Iancu_____
By:  Carol Iancu, Mass. BBO # 635626
Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
Tel:  (617) 727-2200, ext. 2428
Fax:  (617) 727-9665
Email:  carol.iancu@state.ma.us

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2008, a true copy of the foregoing was filed with the Court electronically and served upon the following by first class mail:

Janet S. Baer
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Mark Hurford
Campbell & Levine, LLC
800 N. King Street
Suite 300
Wilmington, De 19801

| | |
|---|---|
| James E. O'Neill<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street<br>17th Floor<br>Wilmington, DE 19801 | Philip Bentley<br>Gregory Horowitz<br>Kramer Levin Naftalis & Frankel LLP<br>919 Third Avenue<br>New York, NY 10022 |
| Lewis Kruger<br>Stroock & Stroock & Lavan<br>180 Maiden Lane<br>New York, NY 10038-4982 | Teresa K.D. Currier<br>Buchanan, Ingersoll & Rooney, PC<br>1000 West Street<br>Suite 1410<br>Wilimington, DE 19801 |
| Michael R. Lastowski<br>Duane, Morris & Heckscher, LLP<br>1100 N. Market Street<br>Suite 1200<br>Wilmington, DE 19801-1246 | Richard H. Wyron<br>Orrick, Herrington & Sutcliffe LLP<br>Columbia Center<br>1152 15th Street NW<br>Washington, DC 20005-1706 |
| Scott L. Baena<br>Bilzin, Sumberg, Dunn, Baena, Price & Axelrod<br>First Union Financial Center<br>200 South Biscayne Blvd.<br>Suite 2500<br>Miami, FL 33131 | John C. Phillips, Jr.<br>Phillips, Goldman & Spence, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806 |
| Michael B. Joseph<br>Ferry & Joseph, P.A.<br>824 Market Street<br>Suite 904<br>19801 | Office of the United States Trustee<br>Attn: David Klauder<br>844 N. King Street<br>Wilmington, DE 19801 |
| Elihu Inselbuch<br>Caplin & Drysdale, Chartered<br>375 Park Avenue<br>35th Floor<br>New York, NY 10152-3500 | |

/s/ Carol Iancu
Carol Iancu, AAG