# EXHIBIT 3

US District Court - Delaware          FINAL - March 4, 2008
Chapter 11 - W.R. Grace                 Peter Kraus, Esquire

Page 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
- - - - - - - - - - - - - - - - - - -
CHAPTER 11
IN RE:
W.R. GRACE & CO., et al.,
        Debtors.
Case No. 01-1139 (JFK)
Jointly Administered
- - - - - - - - - - - - - - - - - - -

DEPOSITION OF
Peter a. Kraus, Esquire
March 4, 2008
Washington, D.C.
Lead:  David M. Bernick, Esquire
Firm:  Kirkland & Ellis

FINAL COPY
JANE ROSE REPORTING 1-800-825-3341

US District Court - Delaware  
Chapter 11 - W.R. Grace

FINAL - March 4, 2008  
Peter Kraus, Esquire

Page 70

1   BY MR. BERNICK:
2   Q.  Do they fill out kind of intake forms
3   where they describe what their work history is?
4   A.  Yes, in many instances.
5   Q.  And in those intake forms where they
6   describe their work history, do they indicate
7   what products -- are they asked to indicate what
8   asbestos products they were exposed to,
9   including the brand names?
10      MS. RAMSEY:  Objection; calls for work
11  product information.
12      MR. BERNICK:  Are you going to instruct
13  him not to answer that, Natalie?  He can answer
14  that yes or no.
15      THE WITNESS:  Can I answer?
16      MS. RAMSEY:  You can answer yes or no.
17      THE WITNESS:  In some instances,
18  product information may be in the initial intake
19  forms.
20      BY MR. BERNICK:
21  Q.  Is the answer with that qualification
22  yes?
23  A.  In some instances, yes.
24  Q.  Now --
25  A.  Not as a normal matter, no.

US District Court - Delaware    FINAL - March 4, 2008
Chapter 11 - W.R. Grace         Peter Kraus, Esquire

Page 113

1   MS. RAMSEY: I have spoken with counsel
2   for Baron & Budd, and I have been informed that
3   Baron & Budd asserts its work product privilege
4   with respect to its internal processes and that
5   as a result, it is not waiving those.
6       And, therefore, I am directing
7   Mr. Kraus not to testify as to any of the
8   internal practices, processes or other work
9   product of the law firm of Baron & Budd.
10      MR. BERNICK: Why can't the
11  Baron & Budd people be on the telephone to
12  assert their own privilege? Who did you talk
13  to?
14      MS. RAMSEY: I talked to Van Hooker at
15  Mr. Esserman's office.
16      MR. BERNICK: Do you have this
17  authority to answer or to object? I don't think
18  you really do.
19      So I think if they want to assert --
20      MS. RAMSEY: It is the law firm's
21  privilege, and the law firm is not waiving it.
22  And, therefore, Mr. Kraus may not so testify
23  without breaching the privilege.
24      MR. BERNICK: What is his number? Why
25  don't we just dial him up. We will get him on

US District Court - Delaware  
Chapter 11 - W.R. Grace  
FINAL - March 4, 2008  
Peter Kraus, Esquire

Page 128

1   the last question.
2       BY MR. BERNICK:
3     **Q.  What portions of the database did you**
4   **review in connection with preparing claimants**
5   **against Grace for their depositions while you**
6   **were at Baron & Budd?**
7       MS. RAMSEY:  Same objection, same
8   instruction.
9       BY MR. BERNICK:
10    **Q.  Did you become familiar with whether**
11  **Baron & Budd had clients who were suing Grace**
12  **fill out intake forms?**
13    A.  Many of them filled out forms in
14  connection with the intake process.
15    **Q.  Was it all the same form?  Was there a**
16  **standard form that was used by Baron & Budd**
17  **while you were there?**
18      MS. RAMSEY:  Objection; same objection
19  and instruction not to answer.
20      BY MR. BERNICK:
21    **Q.  Did you become familiar with the**
22  **interrogatory answers that people who filed**
23  **lawsuits against Grace submitted while you were**
24  **at Baron & Budd?**
25      MS. RAMSEY:  Did you become familiar?

US District Court - Delaware                FINAL - March 4, 2008
Chapter 11 - W.R. Grace                         Peter Kraus, Esquire

Page 171

1  receive from my clients has to do with resolving
2  their compensatory damage claims.
3      Q.  Was that your experience prior to 2001?
4      A.  It has been my experience throughout
5  the litigation, that punitive damages are very
6  rarely awarded and even more rarely collected.
7      **Q.  Is there any way that we can test your**
8  **statement that there was very little -- strike**
9  **that.**
10     **Is there any way that we can test your**
11 **testimony -- I won't get to that.**
12     **Is there any documentation with respect**
13 **to claims that you prosecuted against Grace, is**
14 **there any internal documentation that reflected**
15 **the role of punitive damages in determining your**
16 **settlement demands or negotiations with respect**
17 **to claims against Grace?**
18     MS. RAMSEY:  Objection; direct the
19 witness not to answer on the basis of work
20 product privilege.
21     MR. BERNICK:  What about with respect
22 to Baron & Budd, Sandy?
23     MR. ESSERMAN:  Same objection.
24     THE WITNESS:  Just the existence, not
25 what it is?

US District Court - Delaware  FINAL - March 4, 2008
Chapter 11 - W.R. Grace  Peter Kraus, Esquire

Page 177

1  **W.R. Grace and not to settle those cases.**
2  **Correct?**
3      MS. RAMSEY:  Object to form.
4      THE WITNESS:  Yes.
5      BY MR. BERNICK:
6    **Q.  Which cases did Baron & Budd decide to**
7  **press forward to trial in late 1997 and not**
8  **settle?**
9      MR. ESSERMAN:  I will object.  That's
10 work product and attorney-client privilege.
11     MR. BERNICK:  Are you instructing him
12 not to answer the question?
13     MR. ESSERMAN:  Yes.
14     MR. BERNICK:  Are you instructing him
15 not to answer the question, Natalie?
16     MS. RAMSEY:  The question related to
17 Baron & Budd.  So no, I'm not.
18     MR. FINCH:  What was the question
19 again?
20     BY MR. BERNICK:
21   **Q.  The question was with respect to what**
22 **cases was there a decision not to settle them**
23 **and to press them forward to trial in the back**
24 **end of 1997.**
25     MR. FINCH:  Okay.

US District Court - Delaware  FINAL - March 4, 2008
Chapter 11 - W.R. Grace  Peter Kraus, Esquire

Page 189

1   obtained a litigation advantage were subject to
2   disqualification.
3       BY MR. BERNICK:
4       **Q.   That's different from retaliating by**
5   **taking cases to trial instead of settling them.**
6   **Correct?**
7       MR. FINCH:  Object to form.
8       THE WITNESS:  Disqualifying a lawyer,
9   taking away his clients is as bad a thing as you
10  can do.
11      BY MR. BERNICK:
12      **Q.   I said whether it is different.**
13      A.   It is different.
14      **Q.   In fact, what happened at the end of**
15  **1997 is that Baron & Budd specifically decided**
16  **to take cases against Grace to trial and not**
17  **settle them in retaliation for Grace's seeking**
18  **discovery with respect to --**
19      MR. ESSERMAN:  I will object to the
20  question.  The motives and internal thought
21  process of Baron & Budd is not discoverable.
22      MR. BERNICK:  Are you going to instruct
23  him not to answer the question?
24      MR. ESSERMAN:  Absolutely.
25      BY MR. BERNICK:

US District Court - Delaware                 FINAL - March 4, 2008
Chapter 11 - W.R. Grace                      Peter Kraus, Esquire

Page 209

1   discovery to begin with.  Correct?
2       MR. FINCH:  Object to the form.
3       MS. RAMSEY:  Object to form.
4       MR. ESSERMAN:  I will object to the
5   question as to the internal processes of
6   Baron & Budd on what case to take to trial, what
7   case not to take to trial.
8       That is privileged.  I instruct the
9   witness not to answer that.
10      BY MR. BERNICK:
11   Q.  Isn't it true, Mr. Kraus, that
12  Baron & Budd retaliated against Grace for having
13  sought discovery with respect to the briefing
14  document?
15      MR. ESSERMAN:  I will object to that
16  question.
17      MR. BERNICK:  Are you going to instruct
18  him not to answer it?
19      MR. ESSERMAN:  I was objecting to the
20  form of the question.
21      BY MR. BERNICK:
22   Q.  Isn't it a fact that in 1997,
23  Baron & Budd had retaliated against Grace for
24  seeking discovery with respect to the briefing
25  document?

US District Court - Delaware   FINAL - March 4, 2008
Chapter 11 - W.R. Grace   Peter Kraus, Esquire

Page 220

1  cases, I am amending my objection to relate only
2  to the processes and practices of
3  Waters & Kraus.
4      To the extent that Mr. Kraus is being
5  asked in general terms how he approaches
6  settlement and the criteria that he considers,
7  he will answer those questions.
8      MR. BERNICK: But you are standing by
9  your instruction that he not answer any
10 questions that are specific to Waters & Kraus?
11     MS. RAMSEY: That's correct. I'm
12 standing by my instruction throughout that the
13 practices and policies of Waters & Kraus as a
14 law firm are privileged.
15     MR. BERNICK: To the extent that he
16 personally participates in that process
17 personally with respect to specific clients or
18 with respect to general procedure, are you
19 instructing him that way as well?
20     MS. RAMSEY: I don't think I can answer
21 that question in general terms. I think that is
22 a question-by-question analysis I have to go
23 through.
24     MR. BERNICK: Give me a break.
25     If I asked him right now, Mr. Kraus, I

US District Court - Delaware          FINAL - March 4, 2008
Chapter 11 - W.R. Grace                    Peter Kraus, Esquire

Page 221

1   want you to set aside what everybody else at
2   Waters & Kraus does and I want to know what you
3   at Waters & Kraus do with respect to settling
4   Grace cases, will you allow him to answer that
5   question?
6        MS. RAMSEY:  In general terms without
7   reference to any particular client.
8        MR. BERNICK:  The only thing that it is
9   based upon as it relates to from my client's
10  point of view are the particular clients.
11       How does he distinguish the Peter Kraus
12  that goes through the process to answer my
13  question from the Peter Kraus that went through
14  the process with respect to particular claimants
15  who filed suits against my client?  I don't
16  understand your instruction.
17       MS. RAMSEY:  Why don't you ask him the
18  question.
19       MR. BERNICK:  Okay.
20       BY MR. BERNICK:
21    **Q.  I want to know in the case of cases**
22  **that you resolved against Grace from 1999 and**
23  **2001 exactly what your thought process was in**
24  **resolving each and every one of those individual**
25  **cases.**