IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>W.R. Grace & Co., *et al.*,<br><br>              Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Objection Deadline: April 4, 2008 at 4:00 p.m.<br>Hearing Date: April 21, 2008 at 1:00 p.m.<br><br>Ref. No. 18271 |

## LIBBY CLAIMANTS' LIMITED OBJECTION TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING SETTLEMENT AGREEMENT RESOLVING THE UNITED STATES' PROOF OF CLAIM REGARDING LIBBY, MONTANA ASBESTOS SITE AND AUTHORIZING PAYMENT OF THE CLAIM

Claimants injured by exposure to asbestos from the Debtors' operations near Libby, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby submit this limited objection to the Motion of Debtors for Entry of an Order Authorizing Settlement Agreement Resolving the United States' Proof of Claim Regarding Libby, Montana Asbestos Site and Authorizing Payment of the Claim (the "Motion") [Docket No. 18271] dated March 12, 2008.

While the Libby Claimants are certainly not opposed to environmental remediation of contaminated property in Libby that may save lives, it is unjust for the United States to collect $250 million for Grace's damage to property in Libby while Grace's damage to the people of Libby, in a far greater sum and immeasurable in its human cost, goes unpaid even though the people of Libby suffering from severe asbestos disease have immediate needs for 24-hour care and other medical expenses.

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 17337], as it may be amended and restated from time to time.

393.001-19823.doc

## I. Background

1. On April 2, 2001, the Debtors (collectively, "Grace") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Grace continues to operate its business and manage its properties as debtor-in-possession.

2. On March 12, 2008, Grace filed the Motion. By the Motion, Grace seeks this Court's approval of a proposed settlement with the United States (the "Proposed Settlement"), a copy of which is attached to the Motion, that will allow the United States to collect past and future costs incurred by the Environmental Protection Agency (the "EPA") at the Libby superfund site, for a total of $250 million. The Proposed Settlement requires that Grace pay the entire settlement amount in full within 30 days of this Court's approval.

## II. Limited Objection

3. In Libby, Grace caused one of the worst manmade environmental disasters the EPA has ever seen.[2] The widespread asbestos property contamination is merely a component of the devastation caused in and around Libby. The Libby Claimants continue to suffer and die, without medical coverage for end-stage care. The Grace Libby Medical Program does not pay for nursing home care or 24-hour home care for patients with asbestos disease. The affidavits of those who have performed the 24-hour home care, and of those who are currently performing it, show enormous suffering and terrible stress.[3] For the Libby Claimants, especially those on

---

[2] Jane Fritz, Company Leaves Victims in the Dust, High Country News, April 3, 2001 ("'The impact here is huge, off the scale in terms of epidemiological measures,' says Paul Peronard, the EPA's on-scene emergency response coordinator. 'There's more people sick around Libby than ever documented at Times Beach or Love Canal.'")

[3] See Opposition of Libby Claimants to Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana [Adversary Proc. D.I. 363, Ex. A-N]; Opposition of Libby Claimants to Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against BNSF [Adversary Proc. D.I. 417, Ex. A-D].

2

393.001-19823.doc

oxygen, these services are critical as they are unable to care for themselves, leaving exhausted family members to bear the burden with no help from Grace.

4. The Libby Claimants certainly do not oppose the EPA's continued environmental remediation that may save lives. However, it is manifestly unjust for the United States to be paid for repairing damage to property while the Libby Claimants' immediate need for 24-hour care and other medical expenses goes unmet. Contrary to Grace's assertion that "approval of the [Proposed Settlement] will conclude a very long and difficult chapter in the Debtors' history of its operations in Libby," Motion at p. 2, it is just a continuation of the same story – Grace's failure to provide for the health and welfare of the Libby people whom Grace has so callously trampled.

Dated: April 4, 2008

LANDIS RATH & COBB LLP

*[signature: Kerri K. Mumford]*

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
COHN WHITESELL & GOLDBERG LLP
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for the Libby Claimants*

393.001-19823.doc