THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: [April 14, 2008, at 4:00 p.m.]** |
| | ) | **Hearing Date: [April 21, 2008, at 12:00 p.m.** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE APPOINTMENT OF DIANE M. WELSH AS MEDIATOR FOR THE SPEIGHTS & RUNYAN PROPERTY DAMAGE CLAIMS

The Debtors hereby move this Court (the "Motion") for an order under §§ 105 and 327 of the Bankruptcy Code, appointing Diane M. Welsh as the Mediator for the Speights & Runyan Asbestos Property Damage Claims. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the Motion are §§ 105 and 327 of the Bankruptcy Code and Rule 9019 the Federal Rules of Bankruptcy Procedure.

### Background

3. The law firm of Speights & Runyan ("S&R") has filed numerous asbestos property damage claims ("S&R Claims") against the Debtors estates. To date approximately 160 S&R Claims remain pending, all of which have been objected to by the Debtors on various grounds.

4. On or about January 28, 2008, the Court ordered the Debtors and S&R to submit to mediation in an effort to see if the remaining S&R Claims could be resolved.

5. Thereafter, the Debtors and S&R exchanged information with respect to potential mediator candidates. As a result, the Debtors and S&R ultimately agreed on the selection of Diane M. Welsh as the Mediator.

### Relief Requested

6. By this Motion, the Debtors request this Court enter an order appointing Diane M. Welsh ("Judge Welsh" or the "Mediator") as the Mediator for the S&R Claims. The Debtors and S&R have determined that Judge Welsh is qualified to serve as the Mediator for the S&R Claims and to efficiently facilitate efforts to attempt to reach a fair and equitable settlement of the S&R Claims.

### Basis for the Requested Relief

7. Section 327(a) of the Bankruptcy Code states, "Except as otherwise provided in this section, the trustee (or debtor in possession), with the court's approval, may employ one or

2

more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's [or debtor-in-possession's] duties under this title." 11 U.S.C. § 327(a). Section 105(a) grants this Court with the authority to, "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C § 105(a). Therefore, this Court has the power to appoint Judge Welsh as the Mediator for the S&R Claims.

### Qualifications of Diane M. Welsh

8.  Judge Welsh served as a U.S. Magistrate Judge in the United States District Court for the Eastern District of Pennsylvania for 12 years. As a Magistrate, Judge Welsh conducted nearly 1800 settlement conferences in virtually every area of civil litigation. She also served on the Alternative Dispute Resolution Committee of the U.S. District Court for the Eastern District of Pennsylvania for 10 years, drafting local federal court rules for a court-annexed mediation program. Since her retirement in 2005, Judge Welsh has served as a mediator and arbitrator with JAMS, a well-recognized alternative dispute resolution organization.

### Disinterestedness

9.  To the best of the Debtors' knowledge, Judge Welsh (i) is a "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and referenced by section 328(c) of the Bankruptcy Code; (ii) holds no interest adverse to the Debtors or their estates or S&R and its clients for the matters for which she would be employed; and (iii) has no connection to the Debtors, their creditors, S&R, S&R's clients or their related parties herein. A Statement of Judge Welsh's disinterestedness is attached hereto as Exhibit 1.

DOCS_DE:136560.1

## Terms of Retention

10. The Debtors request the appointment of Judge Welsh under the following terms which are set forth in more detail in the April 1, 2008 letter and Fee Agreement from JAMS (the "JAMS' Fee Letter") attached hereto as Exhibit 2:

(a) <u>Compensation</u>. Compensation for the Mediation, including professional fees and reimbursement of expenses, shall be payable to the Mediator equally by the Debtors and S&R. Judge Welsh will be compensated for her services at a rate of $550 per hour plus an initial non-refundable Case Management Fee of $275 from each party, plus out-of-pocket expenses.

(b) <u>Liability Indemnity of Mediator</u>. The Mediator shall not be liable for any damages, or have any obligations other than as prescribed by order of this Court. The Mediator shall not be liable to any person as a result of any action or omission taken or made by the Mediator in good faith. The Debtors and S&R shall equally indemnify, defend (and shall be jointly and severally liable for any such indemnification and/or defense), and hold the Mediator harmless from any claims by any party against the Mediator arising out of or relating to the performance of her duties as mediator. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these chapter 11 cases, the Mediator believes that she is entitled to payment for any amounts by the Debtors or S&R on account of the indemnification, contribution and/or reimbursement obligations under the Appointment Order, including without limitation the advancement of defense costs, the Mediator must file an application therefore in this Court, and the Debtors may not pay any such amounts to the Mediator before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Mediator for indemnification,

4

contribution or reimbursement and is not a limitation on the duration of the Debtors' or S&R's obligation to indemnify the Mediator. In the event that a cause of action is asserted against the Mediator arising out of or relating to the performance of her duties as Mediator, the Mediator shall have the right to choose her own counsel.

## Notice

11. Notice of this Application has been given to: (i) the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to each of the Committees appointed in these cases, (iv) counsel to David T. Austern, the Legal Representative for Future Asbestos Claimants, and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that the Court (i) enter an ordering substantially in the form of Exhibit 3 (the "Appointment Order"),

appointing Diane M. Welsh to serve as the Mediator for the S&R Claims in accordance with the terms and conditions set forth herein; and (ii) grant such further relief as is just and proper.

Dated: April 7, 2008

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, IL 60601
312/861-2000

and

PACHULSKI, STANG, ZIEHL & JONES LLP

*James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Tel: 302/652-4100
Fax: 302/652-4400

Co-Counsel for the Debtors and Debtors in Possession