# EXHIBIT 1

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**STATEMENT OF DIANE M. WELSH IN ACCORDANCE WITH
FED.R.BANKR.P.2014(A) AND 5002**

I, DIANE M. WELSH, state:

1. I submit this Statement, in connection with my proposed appointment as Mediator for the S&R Claims[2], to provide the disclosures required under Rules 2014(a) and 5002 of the Federal Rules of Bankruptcy Procedure from professionals employed under 11 U.S.C. § 327.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Debtors' Motion for Entry of Order authorizing my retention filed this date ("Motion").

2.      I have significant experience adjudicating and resolving legal disputes. In particular, I served as a Magistrate Judge for the U.S. District Court for the Eastern District of Pennsylvania for 12 years. Since that time, I have worked for JAMS, an alternative dispute resolution organization, as a mediator and arbitrator. As a result of my work as a magistrate judge, mediator and arbitrator, I have garnered experience in, among other things, the review, management and settlement of legal disputes.

3.      I have agreed to accept the appointment as Mediator upon the terms set forth in the Appointment Order. I have further agreed to be compensated for my time expended in serving as the Mediator on an hourly basis, at a rate of $550 per hour, and to be reimbursed for reasonable expenses incurred in connection with my duties as outlined in the JAMS' Fee Letter attached to the Motion. I understand that my fees and expenses shall be shared equally by the Debtors and S&R.

4.      To the best of my knowledge, I do not have, and have not had, any business, professional or other connection with the Debtors, their creditors, S&R, their clients or any other party-in-interest, or their respective attorneys and accountants, except as set forth in this Statement.

5.      To the best of my knowledge, I have never represented a current plaintiff, defendant or insurer in any litigation matter involving any of the Debtors.

6.      To the best of my knowledge, I am a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that:

(a)     I am not a creditor, equity security holder, or insider of the Debtors;

(b)     I am not and was not, within two years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and

      (c)      I do not hold an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

      7.      To the best of my knowledge, I do not hold or represent any interest adverse to the Debtors, their estates S&R or S&R's clients.

      8.      I am not related to, and have no connections with, the United States District Judge or the United States Bankruptcy Judge assigned to these cases, any other United States District Court Judge or United States Bankruptcy Court Judge for the District of Delaware, or the United States Trustee for this District or any person known to me to be an employee of that office.

      9.      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and believe.

*/s/ Diane M. Welsh*
Diane M. Welsh

Executed on April 7 2008

K&E 12656903.2