## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case NO. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| DEBTORS. | ) | |
| | ) | |

### MOTION OF THE ZAI CLAIMANTS TO SHORTEN NOTICE
### AND FOR EXPEDITED CONSIDERATION OF THEIR MOTION
### TO LIFT STAY AND RETURN ZAI TO THE TORT SYSTEM

The ZAI Claimants, by and through their undersigned counsel, hereby seek an order shortening and limiting notice and granting expedited consideration of their *Motion to Lift Stay and Return ZAI to the Tort System* (the "Lift Stay Motion"), filed simultaneously herewith. In support of this request for shortened notice and expedited consideration, the ZAI Claimants respectfully state as follows:

1.      At the status conference on February 22, 2008, this Court requested that the Debtors and ZAI Claimants file their competing requests for relief with respect to the treatment of the ZAI claims so that the proposals could be addressed at the Debtors' Omnibus Hearing in these cases in April, 2008.

2.      According, pursuant to this Court's Omnibus Scheduling Order, on March 18, 2008, the ZAI Claimants filed their *Motion for Dismissal of an Individual ZAI Claim or for a Rule 54(b) Determination to Permit Appellate Review of the ZAI Opinion* (D.I. 18325), *Motion for Order to Show Cause Why Court Appointed Expert Witness Should Not Be Designated* (D.I. 18326) and *Motion for Order Recognizing and Permitting Filing of a Washington Class Proof of Claim* (D.I. 18323)  (collectively, the "ZAI Motions").

3.      Likewise, the Debtors filed their *Motion for an Order (A) Establishing a Proof of Claim Bar Date for Zonolite Attic Insulation Claims, and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program* (D.I. 18328) (the "Bar Date Motion") on March 18, 2008.

4.      This Court has established a separate ZAI Hearing for these motions, and they are now scheduled to be heard on April 22, 2008 at 11:30 a.m.

5.      On April 7, 2008, counsel for the ZAI Claimants first learned about the settlement between the Debtors and the asbestos personal injury claimants, which liability the Debtors have repeatedly described as the primary issue in these bankruptcy cases.

6.      Given this resolution of their personal injury liabilities, and the fact that the Debtors have described the ZAI Claims as insignificant with respect to their bankruptcy filings, resolution of the Debtors ZAI liabilities may be favored in state court.  This alternative would avoid further procedural delay of the Debtors' bankruptcy cases with respect to a group of claimants holding, as characterized by the Debtors, "relatively insignificant claims."

7.      Accordingly, the ZAI Claimants immediately filed their Lift Stay Motion on April 7, 2008, the same day the personal injury settlement was announced.  The ZAI Claimants seek expedited consideration of the Lift Stay Motion so that it can be heard in connection with the other pending motions relating to the ZAI Claims on April 22, 2008.  Hearing the Lift Stay Motion at the same time as the other motions would promote judicial efficiency and would be more convenient to the Court and the parties.

8.      In addition, while granting shortened notice would limit the notice provided under the Court's extended noticing time frames applicable in this case, it would not cause substantial prejudicial to the Debtors.  Delaware Local Rule 9006-1 requires a minimum of 15 days' notice

before hearing on motions for relief from stay, when the affected parties are being served by

hand delivery or overnight mail. Debtors are being served with this motion by hand delivery and

overnight mail. Under these circumstances, they are receiving 14 days notice, one day less than

required under the generally-applicable local rule. All other parties on the service list are being

served by regular mail. To the extent that any prejudice regarding the shortened notice is

claimed by any party, it can be addressed by permitting a response to be filed beyond the

standard 5-day response deadline prior to the hearing.

WHEREFORE, for the foregoing reasons, the ZAI Claimants respectfully request that the

attached order shortening and limiting notice be entered and the Motion for Relief from Stay

filed by the ZAI Claimants be heard on an expedited basis at the April 22, 2008 hearing.

Dated: April 7, 2008
Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

William D. Sullivan (2820)
Elihu E. Allinson, III (3476)
4 East 8th Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 428-8191

-- and --

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott
926 W. Sprague Avenue
Chronicle Building, Suite 583
Spokane, Washington 99201
Telephone: (509) 455-3966

-- and --

RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC
Edward J. Westbrook
Robert M. Turkewitz
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina  29464
Telephone:  (843) 727-6500

*Special Counsel for ZAI Claimants*