## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case NO. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| DEBTORS. | ) | |
| | ) | |

## EXPEDITED MOTION OF THE ZAI CLAIMANTS TO
## LIFT STAY AND RETURN ZAI TO THE TORT SYSTEM

In April 2001, the ZAI litigation was swept up in Grace's bankruptcy filing. Grace has long maintained that the personal injury litigation was the sole reason it sought bankruptcy protection. In particular, Grace has represented to the Court that ZAI was not a major litigation problem for it, and it would never have filed bankruptcy because of ZAI. Likewise, the ZAI Claimants had no desire to have Grace file bankruptcy. They have watched with increasing frustration as the ZAI litigation has become entangled in the complex procedures resulting from Grace's asbestos personal injury problem.

The ZAI Claimants are pleased with the announcement today that Grace has resolved its problem with the asbestos personal injury claimants. Now that the personal injury situation has been resolved, it makes eminent sense to release the ZAI litigation to the state tort system and let it be resolved where it began. Accordingly, the ZAI Claimants respectfully move that the Court lift the litigation stay on the ZAI litigation and let it proceed to resolution in the state tort system.

Grace is clearly on record that it never intended to handle the ZAI litigation by declaring bankruptcy. As Grace's national counsel told the District Court during the hearing on ZAI's Motion for Interlocutory Appeal of the ZAI Order:

> ZAI was not the reason the Chapter 11 case was filed. They make it seem like they're the big guys in the room, they're not the reason the case is filed....The liability that drove the filing of this Chapter

11 was personal injury liability.  From beginning to end, that's what it was.[1]

Likewise, Grace represented to the District Court that ZAI was not even an important aspect of the bankruptcy proceeding:

> ZAI has not been the focal point of the proceedings.  In fact, the only reason they even got on the screen was that early on in the case when everybody else was talking about personal injury, they came in with a request to certify a -- they came in with a request to actually revive their pre-Chapter 11 class action litigation.[2]

Importantly, Grace also represented to the District Court that ZAI was not an important component for the bankruptcy resolution:

> ZAI has not moved the needle for case resolution, nor can it, and what do I mean by that?  The big boys are the personal injury guys.  ZAI has no control over those folks.  They assert that the liabilities in the case are enormous, that they own W.R. Grace.  They are the ones who are driving this negotiation, and they always will.  That is a fact of the matter in the case.[3]

Grace then told the District Court that ZAI could not be important in the case unless ZAI reversed the Science Trial proceedings, got a class certified, convinced the Court of Appeals to affirm the class certification, and went through other hurdles.  As Grace's counsel summarized:

> They would have to go through all of those hurdles to be able to belly up to the table as people who really count, as folks who are going to actually affect the outcome of the case.
>
> Nobody believes that that is true.  Nobody believed it was true even before this [science trial] opinion came out, because they have to do all of those different things before they count.[4]

---

[1] Transcript March 5, 2007 Hearing at 48-49. Attach. 1.

[2] Id. at 49.

[3] Id. at 50.

[4] Id. at 52.

Grace's representations to the Court make it clear that Grace does not believe that ZAI was a significant threat to the company before bankruptcy, and certainly did not become a threat in bankruptcy. Clearly, Grace should have no concern about the ZAI Claimants being returned to the tort system. In the current posture of the case, this approach has numerous, salutary aspects. First, it would allow the ZAI Claimants to "get out of the way" of the reorganization. Rather than taking time to deal with additional ZAI Science Trial steps, class certification, motions for appeal, etc., the Court can focus its energies on speeding Grace's confirmation by releasing the ZAI Claimants to the tort system. While the ZAI Claimants have the greatest respect for the Court's abilities, they believe that principles of federalism favor decisions on state law claims by state courts whenever possible. In fact, the Supreme Court recently ruled that when bankruptcy courts must address a state law issue, they must decide it the same way the controlling state court would. Travelers Cas. & Sur. Co. of America v. Pacific Gas & Elec. Co., 127 S. Ct. 1199 (2007).

The PI resolution gives this Court an opportunity to simplify the bankruptcy by returning the ZAI issues to the courts from which they came and allowing normal litigation to resume. If this occurs, there will be no need for the Court to worry about class certification or bar dates. And the appeals from class certification that Grace fears would delay its reorganization will never occur. Lifting the stay will thus speed Grace's reorganization.

Grace's PI-induced bankruptcy filing halted the ZAI litigation and has held ZAI captive for seven years while Grace sorted out its PI problem. Now that PI is resolved, the reason for holding ZAI has evaporated and ZAI asks to go home.[5]

---

[5] The ZAI Claimants tried numerous ways to interest Grace in settlement within the bankruptcy, including mediation and creative resolution vehicles, but they have been unsuccessful in convincing Grace that ZAI liability is real. Accordingly, the Claimants reluctantly believe that only if the ZAI litigation is allowed to mature in the tort system will its realistic value be determined.

For the foregoing reasons, the ZAI Claimants respectfully request that the Court lift the stay on the ZAI litigation.

Dated: April 7, 2008
Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

William D. Sullivan (2820)
Elihu E. Allinson, III (3476)
4 East 8th Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 428-8191

-- and --

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott
926 W. Sprague Avenue
Chronicle Building, Suite 583
Spokane, Washington 99201
Telephone: (509) 455-3966

-- and --

RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC
Edward J. Westbrook
Robert M. Turkewitz
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina 29464
Telephone: (843) 727-6500

*Special Counsel for ZAI Claimants*