# ATTACHMENT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - -

| | |
|---|---|
| IN RE: | : CIVIL ACTION NO. 06-689 |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : Philadelphia, Pennsylvania |
| W.R. GRACE & COMPANY, | : March 5, 2007 |
| et al. | : 4:02 p.m. |

- - -

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE RONALD L. BUCKWALTER
UNITED STATES DISTRICT JUDGE

- - -

APPEARANCES:

| | |
|---|---|
| For the Debtor: | DAVID M. BERNICK, ESQUIRE |
| W.R. Grace | Kirkland & Ellis LLP |
| & Co., et al: | Citigroup Center |
| | 153 East 53rd Street |
| | New York, NY   10022 |
| | |
| For the | EDWARD J. WESTBROOK, ESQUIRE |
| ZAI Claimants: | Richardson, Patrick, |
| | Westbrook, Brinkman, LLC |
| | 1037 Chuck Dawley Boulevard |
| | Building A |
| | P.O. Box 1007 |
| | Mount Pleasant, SC   29464 |

48

MR. BERNICK: We're familiar with that, and actually I was going to start with that, but then it -- that is, you know, I guess at the end of the day, that is the 1292 standard that kind of has the most, you know, the most interest and probably importance to it, but we still have to cover the law and understand the law, and that's why I think Your Honor properly pointed out that we should begin with the law.

I guess I have four facts to put before Your Honor to deal with this other matter, and I'm just going to list them here one by one, and they're all historical facts, historical facts about the case.

Number one: ZAI was not the reason the Chapter 11 case was filed. They make it seem like they're the big guys in the room, they're not the reason the case is filed. There have been no prior findings in any context of liability on a single ZAI claim before this Chapter 11 was filed.

In fact, the only litigation that had come to a decision prior to the filing of the Chapter 11 case, was a preliminary injunction proceeding that was brought in the state of Washington where the plaintiffs lost and the preliminary injunction was denied.

The liability that drove the filing of this Chapter 11 was personal injury liability. From

beginning to end, that's what it was. All of the papers have made it clear, the proceedings --

THE COURT: Yes.

MR. BERNICK: -- in the case have made it completely clear.

THE COURT: What is the second consideration?

MR. BERNICK: Second consideration: ZAI has not been the focal point of the proceedings.

In fact, the only reason that they even got on the screen was that early on in the case when everybody else was talking about personal injury, they came in with a request to certify a -- they came in with a request actually to revive their pre-Chapter 11 class action litigation.

So, they kind of muscled to the floor and said take up our class certification. That's the only reason there was any focus at all. The judge said no, I'm not going to do that, at least not right now, let's take up the science issue first.

And from that point forward, ZAI basically disappeared off the screen of this case until the Court ultimately looked at the data, looked at the evidence, obviously the EPA had already spoken to this issue, and ruled.

50

With that exception, ZAI has not even been on the radar in the litigation that has consumed the Chapter 11 case. Month after month we come in before Judge Fitzgerald with all kinds of contested matters.

It is a rarity that we have the benefit and pleasure of seeing Mr. Westbrook and hearing about ZAI, because the case is absolutely consumed with other matters.

Number three: ZAI has not moved the needle for case resolution, nor can it, and what do I mean by that?

The big boys are the personal injury guys. ZAI has no control over those folks. They assert that the liabilities in the case are enormous, that they own W.R. Grace. They are the ones who are driving this negotiation, and they always will. That is a fact of the matter in the case.

ZAI is a constituency, they're a constituency. How important are they? There is only one group that now believes that even before this opinion, believes that they're important and that's the ZAI people themselves.

But, objectively, are they important? What are the indicators? The indicators are that they're not important, and let me explain why, and it's not

51

just based on this opinion.

Look at all the hurdles that they have to sustain before they become important. The cost of remediating a home is not -- taking the ZAI out is not a huge cost. They know that the only way that they can move the needle of this case is to get their class certified. So, they would have to do all of the following things before they count.

Number one, they would have to come forward to this judge, which they haven't done so far, to say that there really is a scientific case, and a scientific case that says that not just the contractors who are small in number, but all these different homeowners have risk and significant risk from this product.

I don't think they're ever going to get there, but that's what they have to do. All they got is a bunch of contractors, it may add something to it, but it's not going to move the outcome of the case. So, they have to come up with a science.

Then they got to satisfy Rule 23, which as you know is a tough hurdle to clear. Then they got to solve -- surmount the hurdles of the American Reserve case.

In bankruptcy, satisfying the requirements of

52

Rule 23 doesn't get you to class certification. Under American Reserve you then have to demonstrate that certification of the class would also have the affect of advancing the interest of the case.

So, they would have to convince Judge Fitzgerald that they want to certify a class and have class action litigation five or six years into the Grace case. They would have to that under American Reserve.

They would then have to convince the Court of Appeals, because that would become reviewable under the new rules by the Third Circuit. They would have to convince the Court of Appeals, and then they would have to come down and litigate the claim in order to show that boy, that really is a robust claim.

They would have to go through all of those hurdles to be able to belly up to the table as people who really count, as folks who are going to actually affect the outcome of the case.

Nobody believes that that is true. Nobody believed it was true even before this opinion came out, because they have to do all of those different things before they count.

Number four: Let's take a look at the one exceptional circumstance in this case, because that's

53

what it has to be. They come in and very candidly tell the Court that they're here so that they can be more effective negotiators, so that they get a piece of the pie.

Now, we believe that that argument is improper under 1292. The issue is not what's best for them, the issue is what's best for the case. So, whether they get their seat at the table or not, as Your Honor indicates, everybody has got pluses and minuses, weaknesses and strengths as they go into negotiation.

Can anybody get up before an Appellate Court by saying gosh, I really would like a little bit more leverage, and I got an opinion that's against me and, therefore, it's important to me so it's important to the case, no.

The case law is very clear that that's not the principle, the principle has to be benefit and importance to the case, not to the people who purport to be -- not the purported benefits to the people who are the purported or the alleged ZAI claimants.

So, it's not the claimant's interest, this particular of claimants. We've got hundreds of thousands of people, we've got potentially multiple hundreds of thousands of people who will say, according