IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-1139 (JKF)<br><br>Jointly Administered<br>Re: Docket Nos. 18325 and 18421<br><br>Hearing Date: 4/22/08 at 11:30 a.m. EDT<br>Objection Deadline: 4/9/08 at 4:00 p.m. EDT |

**OBJECTION OF HER MAJESTY THE QUEEN IN RIGHT OF
CANADA AS REPRESENTED BY THE ATTORNEY GENERAL OF CANADA
TO ZAI CLAIMANTS' MOTION FOR DISMISSAL OF AN INDIVIDUAL ZAI
CLAIM OR FOR A RULE 54(B) DETERMINATION TO PERMIT
APPELLATE REVIEW OF THE ZAI OPINION**

Her Majesty the Queen in Right of Canada as represented by the Attorney General of Canada (the "Crown"), by and through its undersigned counsel, hereby files this Objection to the ZAI Claimants' Motion for a dismissal of an individual ZAI claim or for a rule 54(b) determination to permit appellate review of the ZAI Opinion ("ZAI Claimants' Decision for Appeal Motion"), and in support of this Objection states as follows:

**Background and Introduction**

1. On March 18, 2008, the ZAI Claimants filed with the Court the ZAI Claimants' Decision for Appeal Motion in which the ZAI Claimants request a determination pursuant to Bankruptcy Rule 54(b) to permit appellate review of the ZAI Opinion or alternatively dismissal of an individual ZAI claim.

2. The Debtors first requested a bar date to cover ZAI Claims and other claims as early as June 2001. In February 2002, the Debtors renewed and revised their request for a bar date to include certain claims such as ZAI Claims, which was objected to by the ZAI claimants.

WCSR 3877172v1

3. This Court held a hearing on Grace's renewed ZAI bar date motion on March 18, 2002. At the hearing, the Court ruled that before addressing the issues of a ZAI bar date and notice program or a ZAI class claim, it would conduct a "science trial" to determine whether ZAI is harmful. Such determination would also inform the parties as to what type of notice to send to potential claimants:

> THE COURT:... in this issue where there has been no test of the scientific side by way of an adjudication before this bankruptcy was filed, the debtor should know whether it is subject to liability on that score, and so should the creditor. And I think that piece out to be determined before we alarm a lot of potential people who have Zonolite in their attics that there may or may not be some detriment as it turns out. [1]

4. On December 14, 2006, the Court issued its ZAI Science Trial Opinion. In its Opinion, the Court determined that the scientific evidence did not demonstrate that the presence of ZAI in the home creates an unreasonable risk of harm.[2]

5. The Crown objects to the ZAI Claimants' Decision for Appeal Motion to the extent the proposed decision does not include Canadian ZAI Claims. ZAI Claims in Canada should be treated the same as ZAI Claims in the United States.

## PART I – CANADIAN ZAI CLAIMS

6. There are currently ten class actions which have been filed across Canada concerning ZAI in which the Crown has been sued. W.R. Grace and or its affiliated companies are co-defendants with the Crown in all but the first of these class actions which are as follows:

- Viviane Brosseau et al v. Attorney General of Canada, Superior Court of Quebec, District of Montréal, 500-06-000286-050;

---

[1] 3/18/02 Hrg. Tr. At 87 [Dkt. No. 1912]
[2] See Memorandum Opinion, dated 12/14/06 [Docket No. 14014.]

- Dextras et al v. Attorney General of Canada, W.R. Grace & Co. et al, Superior Court of Quebec, District of Montréal, 500-06-000258-042;

- Raven Thundersky et Rebecca Bruce v. Attorney General of Canada, W.R. Grace & Co., Court of Queen's Bench of Manitoba;

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Federal Court, Saskatchewan;

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Court of Queen's Bench of Saskatchewan;

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Court of Queen's Bench of Alberta;

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Supreme Court of British Colombia;

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Province of Quebec, District of Hull;

- Ernest Spencer et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Court of Queen's Bench of Manitoba; and

- Ernest Spencer et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Ontario Superior Court of Justice.

7. In the aforementioned class actions, the petitioners seek to represent all Canadians who have suffered past or will suffer future property damage and personal injury due to exposure to Zonolite Attic Insulation.

8. An action has also been instituted by the Province of Manitoba, *Her Majesty The Queen in the Right of the Province of Manitoba v. Attorney General of Canada, W.R. Grace & Co. et al*, Court of Queen's Bench of Manitoba. The Province of Manitoba has sued the Crown and the manufacturer of Zonolite for the cost of insured health services paid or to be paid to the named plaintiffs in Thundersky and all other persons determined to be class members in the Thundersky case.

9. The basic allegation in the various class actions pending in Canada is that the manufacturer (W.R. Grace) created and distributed an insulation product named Zonolite which contained asbestos and was therefore inherently dangerous. The Crown's alleged wrongdoing is said to be that it permitted the distribution and sale of Zonolite. Nevertheless, the Crown denies owing any duty of care whatsoever toward any one who had purchased Zonolite.

10. On November 14, 2005 as a result of the commencement of the class action proceedings in Canada, Grace sought from and was granted an order pursuant to s. 18.6(4) of the *Companies' Creditors Arrangement Act* (the "CCAA") *In the Matter of S. 18.6 of the Companies' Creditors Arrangement Act, R.S.C. 1984, c. C-36, As Amended and In the Matter of Grace Canada, Inc.,* Court File 01-CL-4081, (the "CCAA proceeding") by the Ontario Superior Court of Justice (Commercial List), acting as an ancillary court, giving effect in Canada to the stay of proceedings granted by the US Court, staying proceedings and prohibiting the commencement or continuation of any asbestos related suits against Grace and Canada without further order of the CCAA court.

11. On or about February 9, 2006, the Canadian CCAA court, appointed Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins, LLP to act as representative counsel on behalf of all persons who have, or at any time in the future may have, a claim arising out of or in any way connected to damages of loss suffered, directly or indirectly, from the manufacture, sale or distribution of ZAI products in Canada (the "Canadian ZAI Claimants").

12. The Canadian ZAI Claimants have filed claims, retained US counsel, and otherwise participated in the bankruptcy proceedings pending in this Court.

13. Previously, this Court appointed ZAI Representative counsel to act on behalf of ZAI claimants which counsel actively participated in the Science Trial hearing. The firm of

Richardson, Patrick, Westbrook & Brickman, LLC, as represented by Edward J. Westbrook was appointed by this Court as special counsel for the purposes of the ZAI Science Trial and in that capacity represented *all* ZAI claimants.

13. In the event that the Crown and the manufacturers are held jointly and severally liable to the Canadian ZAI Claimants, the Crown seeks contribution and indemnification from the manufacturers who are liable, including the Debtors W.R. Grace et al. (the "Crown claims"). The Crown has filed claims in these US proceedings in respect the Crown claims.

14. In addition to the Crown's claims for contribution and indemnification it has direct claims against the Debtor in respect of costs incurred to seal attics and otherwise remediate ZAI installed in Crown owned properties in homes build on military bases and Native reserves.

## PART II – THE CROWN'S OBJECTION

A.

15. The present motion before the Court is objectionable to the extent that the Decision being sought excludes similarly situated claims arising in Canada. Specifically, there is no reason to treat ZAI Claims in the United States differently than ZAI Claims in Canada.

16. Whether ZAI is contained in a building in the United States or in Canada is irrelevant to the determination of whether ZAI causes "harm". The Court's decision in the ZAI Science Trial should be applicable to all ZAI claims, including those claims originating in Canada.

WHEREFORE, the Crown respectfully requests that this Court condition any approval of a ZAI Claimants' Decision for Appeal Motion on the inclusion of Canadian Claims in the definition of ZAI Claims; and that the Court grant such other and further relief as it deems just and proper.

Dated: April 9, 2008

Respectfully submitted,

**Womble Carlyle Sandridge & Rice, PLLC**

By: _____
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Ph: (302) 252-4363
Fax: (302) 661-7728