IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-1139 (JKF)<br><br>Jointly Administered<br>Re: Docket Nos. 18328 and 18421<br><br>Hearing Date: 4/22/08 at 11:30 a.m. EDT<br>Objection Deadline: 4/9/08 at 4:00 p.m. EDT |

**OBJECTION OF HER MAJESTY THE QUEEN IN RIGHT OF
CANADA AS REPRESENTED BY THE ATTORNEY GENERAL OF CANADA
TO DEBTORS' MOTION FOR AN ORDER (A) ESTABLISHING A PROOF OF
CLAIM BAR DATE FOR ZONOLITE ATTIC INSULATION CLAIMS, AND
(B) APPROVING THE RELATED PROOF OF CLAIM FORM, BAR DATE
NOTICES, AND NOTICE PROGRAM**

Her Majesty the Queen in Right of Canada as represented by the Attorney General of Canada (the "Crown"), by and through its undersigned counsel, hereby files this Objection to Debtors' Motion for an Order (a) establishing a proof of claim bar date for Zonolite Attic Insulation claims, and (b) approving the related proof of claim form, bar date notices, and notice program ("ZAI Claims Bar Date Motion"), and in support of this Objection states as follows:

**Background and Introduction**

1. On March 18, 2008, Debtors filed with the Court the ZAI Claims Bar Date Motion in which the Debtors request an Order pursuant to Bankruptcy Rule 3003(c)(2) approving a binding bar date for ZAI Claims.

2. ZAI Claims are defined in the General Instructions for Completing the ZAI Proof of Claim as "claims that relate to the cost of removal, diminution of property value or economic loss allegedly caused by Zonolite Attic Insulation manufactured by the Debtors and installed in

WCSR 3875855v3

buildings that are located in the United States of America." See Footnote 1 to the ZAI Claims Bar Date Motion.

3.  Moreover, ZAI Claims Bar Date Motion specifically excludes "claims regarding property located outside of the United States or any claims relating to personal injury." *Id.* Thus, the ZAI Claims Bar Date Motion would not include any ZAI Claims pending in Canada.

4.  The Crown objects to the ZAI Claims Bar Date Motion to the extent the proposed bar date order does not include Canadian ZAI Claims. ZAI Claims in Canada should be treated the same as ZAI Claims in the United States.

## CANADIAN ZAI CLAIMS

5.  There are currently ten class actions which have been filed across Canada concerning ZAI in which the Crown has been sued. W.R. Grace and or its affiliated companies are co-defendants with the Crown in all but the first of these class actions which are as follows:

- Viviane Brosseau et al v. Attorney General of Canada, Superior Court of Quebec, District of Montréal, 500-06-000286-050 (no claim against the Grace companies);

- Dextras et al v. Attorney General of Canada, W.R. Grace & Co. et al, Superior Court of Quebec, District of Montréal, 500-06-000258-042;

- Raven Thundersky et Rebecca Bruce v. Attorney General of Canada, W.R. Grace & Co., Court of Queen's Bench of Manitoba;

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Federal Court, Saskatchewan;

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Court of Queen's Bench of Saskatchewan;

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Court of Queen's Bench of Alberta;

WCSR 3875855v3

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Supreme Court of British Colombia;

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Province of Quebec, District of Hull;

- Ernest Spencer et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Court of Queen's Bench of Manitoba; and

- Ernest Spencer et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Ontario Superior Court of Justice.

6. In the aforementioned class actions, the petitioners seek to represent all Canadians who have suffered past or will suffer future property damage and personal injury due to exposure to Zonolite Attic Insulation.

7. An action has also been instituted by the Province of Manitoba, *Her Majesty The Queen in the Right of the Province of Manitoba v. Attorney General of Canada, W.R. Grace & Co. et al*, Court of Queen's Bench of Manitoba. The Province of Manitoba has sued the Crown and the manufacturer of Zonolite for the cost of insured health services paid or to be paid to the named plaintiffs in Thundersky and all other persons determined to be class members in the Thundersky case.

8. The basic allegation in the various class actions pending in Canada is that the manufacturer (W.R. Grace) created and distributed an insulation product named Zonolite which contained asbestos and was therefore inherently dangerous. The Crown's alleged wrongdoing is said to be that it permitted the distribution and sale of Zonolite. Nevertheless, the Crown denies owing any duty of care whatsoever toward any one who had purchased Zonolite.

9. On November 14, 2005 as a result of the commencement of the class action proceedings in Canada, Grace sought from and was granted an order pursuant to s. 18.6(4) of the *Companies' Creditors Arrangement Act* (the "CCAA") *In the Matter of S. 18.6 of the Companies' Creditors Arrangement Act, R.S.C. 1984, c. C-36, As Amended and In the Matter of*

3

*Grace Canada, Inc.,* Court File 01-CL-4081, (the "CCAA proceeding") by the Ontario Superior Court of Justice (Commercial List), acting as an ancillary court, giving effect in Canada to the stay of proceedings granted by the US Court, staying proceedings and prohibiting the commencement or continuation of any asbestos related suits against Grace and Canada without further order of the CCAA court.

10. On or about February 9, 2006, the Canadian CCAA court, appointed Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins, LLP to act as representative counsel on behalf of all persons who have, or at any time in the future may have, a claim arising out of or in any way connected to damages of loss suffered, directly or indirectly, from the manufacture, sale or distribution of ZAI products in Canada (the "Canadian ZAI Claimants").

11. The Canadian ZAI Claimants have filed claims, retained US counsel, and otherwise participated in the bankruptcy proceedings pending in this Court.

12. In the event that the Crown and the manufacturers are held jointly and severally liable to the Canadian ZAI Claimants, the Crown seeks contribution and indemnification from the manufacturers who are liable, including the Debtors W.R. Grace et al. (the "Crown claims"). The Crown has filed claims in these US proceedings in respect the Crown claims.

13. In addition to the Crown's claims for contribution and indemnification it has direct claims against the Debtor in respect of costs incurred to seal attics and otherwise remediate ZAI installed in Crown owned properties in homes build on military bases and Native reserves.

## THE CROWN'S OBJECTION

14. The present motion before the Court is objectionable to the extent that the definition ZAI Claims does not include Canadian ZAI claims. Specifically, there is no reason to treat ZAI Claims in the United States differently than ZAI Claims in Canada.

15. On December 14, 2006, the Court issued its ZAI Science Trial Opinion. In its Opinion, the Court determined that the scientific evidence did not demonstrate that the presence of ZAI in the home creates an unreasonable risk of harm. See Memorandum Opinion, dated 12/14/06 [Docket No. 14014.]

16. Whether ZAI is contained in a building in the United States or in Canada is irrelevant to the determination of whether ZAI causes "harm". The Court's decision in the ZAI Science Trial should be applicable to all ZAI claims, including those claims originating in Canada.

15. Deleting the limitation of ZAI claims to "buildings that are located in the United States of America" or alternatively amending the definition to include "buildings that are located in the United States of America or *Canada*", will ensure consistent results as to all ZAI Claims against the Debtors.

WHEREFORE, the Crown respectfully requests that this Court condition any approval of a ZAI Claims Bar Date Motion on the inclusion of Canadian Claims in the definition of ZAI Claims; and that the Court grant such other and further relief as it deems just and proper.

Dated: April 9, 2008

Respectfully submitted,

**Womble Carlyle Sandridge & Rice, PLLC**

By: _____
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Ph: (302) 252-4363
Fax: (302) 661-7728

Counsel to Her Majesty
the Queen in Right of Canada