# ATTACHMENT 2

```
              UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF DELAWARE


IN RE:                         .    Chapter 11
                               .
W. R. GRACE & CO., et al.,     .    Case No. 01-01139(JKF)
                               .    (Jointly Administered)
                               .
                               .    February 25, 2008
                               .    1:00 p.m.
           Debtors.            .    (Wilmington)
                               .
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

Proceedings recorded by electronic sound recording;
       transcript produced by transcription service.

1  underscored by Your Honor's determination. But under any set
2  of circumstances, under the rules, Rule 23 doesn't get
3  brought, doesn't, can't be brought to bear until there's a
4  contested matter, and until therefore, there are claims as to
5  which there is an objection. We're not going to have a
6  contest with respect to which there can be class
7  certification. And that's very clear under the <u>American</u>
8  <u>Reserve</u> decision, and under the, and under the rules. So
9  after the bar date passes, and people come forward with their
10 claims, if it is still the determination of the ZAI claimants
11 that they would prefer to proceed by way of class, that can
12 get taken up. But the, but the prior stage under the rules
13 is to have a notice and bar date program so that the actual
14 claimants can be before the Court. And that would be, Your
15 Honor, Grace's proposal. We're prepared to file a motion for
16 setting a notice program and bar date within the next 21
17 days. I know that Your Honor, we are very busy, and you are
18 very busy, but this is a matter that is not of minor
19 consequence. We should get it kind of on a track where it
20 can be wrapped in with the rest of the case.
21          THE COURT: Okay. Mr. Westbrook.
22          MR. WESTBROOK: Good afternoon, Your Honor. Your
23 Honor, I listened with interest to Mr. Bernick. And I
24 actually agree with something he said today, and I'll get to
25 that in just a minute. I did want to mention to you that Mr.

```
 1   that's pending in Washington state.  It's not pending here.
 2   And the only way that the case can be pending here for
 3   purposes of being part of this plan is to actually get a
 4   claim filed here so that people are present before the Court.
 5   So then the question is can the claim be a class claim?
 6   Because that's what it would have to be.  To be a class
 7   claim, under Rule 9014, there must be a contested matter.
 8   Rule 23 only becomes applicable, and it is still
 9   discretionary, under the rules once there is a contested
10   matter.  To get a contested matter, you have to have a claim,
11   and an objection.  The claim objection creates a contested
12   matter.  Rule 23 then becomes available.  Now Mr. Westbrook
13   very ably points out, he says, well, geeze, you know, what
14   happened to poor Mr. Speights and his Anderson Memorial
15   claims.  It's a totally different kettle of fish.  Anderson
16   Memorial was, was way after the bar date had been set.  All
17   kind of water under the dam, and all of a sudden this issue
18   emerges.  And yes, to certify class under those circumstances
19   would have created the due process problem.  Your Honor has
20   this under submission, because it effectively, it would
21   revive claims that had been barred, because they wouldn't be
22   filed by the bar date.  If you take a look at the cases,
23   including American Reserve, and including the, the First
24   Equity case, what happens in the proper procedure is that you
25   file a claim by the bar date, then you move to have that
```

```
 1   claim be treated as a class claim.  And if the Court then
 2   finds that under Rule 23 it should proceed as a class action,
 3   it becomes a class claim.  That is how it is done.  So the
 4   idea of doing class first is contrary to the Code, contrary
 5   to the rules.  You've got to get the claim on file, then 9014
 6   applies.  So if you want to do a class determination, if you
 7   want to, the first step, nonetheless is that, and then Your
 8   Honor can determine.  Remember what happened in connection
 9   with the Anderson Memorial claim.  It turns out that once the
10   bar date came about, and the claims were filed, there wasn't
11   anything left of the Anderson Memorial class.  I mean, there
12   was one claim that was left in the, that was the Anderson
13   Memorial claim in South Carolina.  And then the purported
14   national class was never certified.  And I don't want to
15   argue the whole thing all over again, but the information
16   that came out of the bar date process was highly material to
17   the Rule 23 determination.  Now Mr. Westbrook says, well,
18   geeze, you know, there's a lot of merit, and he really kind
19   of got into the merits of Rule 23.  He, and able counsel also
20   pointed out, oh, well, this, you need to give these people
21   notice, They need to be educated.  After all, Barbanti was an
22   injunction class.  It was an education class.  Well the fact
23   of the matter is that you don't need (b)(2) in the context of
24   bankruptcy.  (B)(2) is an non-opt out class, because you
25   don't want to have a defendant who is being sued for
```

1    won't share in whatever distribution goes out to people who

2    have claims.

3              MR. WESTBROOK: Well Your Honor, theoretically the

4    notice, the notice can say that you should file a claim, but

5    if under state law from which the authority derives, if under

6    state law there is no claim until, for instance, it's

7    discovered under the accrual rule, then you don't have a

8    claim that can be discharged in the bankruptcy.

9              THE COURT: No, the issue that's, the issue I

10   thought we just agreed was if we sent out a notice that says,

11   if you own a home that has ZAI in it, file this claim.

12   Because otherwise, you're not, at some point, going to share

13   in this distribution.  The Debtor is trying to estimate what

14   it needs to put aside to resolve your claim.  So we need to

15   know if you have a claim.  So forget accrual rules.  I don't

16   care whether it's done by class certification, by notice, by,

17   I don't care what form, what label you choose to put on it.

18   I want to try to figure out who the universe of people are so

19   that both, everybody who's entitled to be paid can be paid,

20   whether it's now or ten years from now.  And the Debtor knows

21   what the universe is, so the Debtor knows how much money has

22   to come out of its pocket in order to resolve the claims.

23   Which I think is what everybody else is trying to figure out

24   here.  So that's what I'm asking.  You say you need to know

25   the number of homes.  You can estimate the square foot,

1   (B)(2), which is for injunctive relief, is not really
2   available because the whole purpose of that is to avoid
3   inconsistent results. The idea that you can have a
4   settlement class that can do all this, that also is no good
5   anymore. In Ampkim (phonetic) & Ortiz, the Supreme Court
6   specifically said, you can't have a settlement class where
7   you don't have a litigation class. It's the whole idea that
8   you need class action in order to accomplish this, which
9   essentially this is a fluid fund recovery. Big pot of money.
10  We don't know who's going to come in. They'll come in, and
11  as they come we'll pay them out. Is not accomplishable under
12  Rule 23. It just cannot be done. Ampkim & Ortiz completely
13  destroyed the idea of settlement classes that are not, that
14  are not certifiable under litigation class rules. So can you
15  do it in the context of a plan? Your Honor is absolutely
16  correct. In the context of a plan, you can accomplish more.
17  You can have fluid recovery in the context of a plan. But
18  for a plan, you can't pay out the money until you have a
19  claimant. You can't do it. You just, you're depriving the
20  estate of funds that are available to other constituencies
21  under the Code. So while it's nice to think about going back
22  to the pre Ampkim & Ortiz days, where you could do all this
23  imaginative stuff through settlement class actions, and you
24  have fluid recovery, those days are gone. And not only are
25  they gone for good reason of the law, here they would be

1   completely antithetical to resolving the case.  The fastest

2   way to get this case resolved is to eliminate the speculation

3   of how many claimants there are.  Let's just find out.  And

4   while it may be true that some people don't actually get the

5   notice, and their claims are therefore not recognized, that

6   is the unfortunate fact of how the, how the Code works.  If

7   you want to get money from an estate, you have to come

8   forward, and have them come forward now instead of later.

9           THE COURT:  But these are all pre-petition claims.

10  I mean, that's the thing.  I recognize that people may not

11  always appreciate that they have a claim, but that's no

12  different in this case from any other case.  That's no

13  different, for example, in - - well, I was going to say in

14  Dow Corning, but that's a little different, because most

15  people in Dow Corning knew that they had a claim.  That was a

16  different circumstance.  It's difficult outside the mass tort

17  context, probably, to figure out something that's equivalent

18  to this.  But, you know, it's, I guess it's like buying a

19  house, and discovery a latent defect later.  I mean, that

20  doesn't mean that you don't have a claim at some point in

21  time, period.  You have the claim.

22          MR. BERNICK:  And we effectively adopted their

23  notice program in our proposal for the ZAI notice program.

24  We basically said, okay, you know, we'll go do all those

25  different things.  So the full extent- -