# ATTACHMENT 3

```
              UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF DELAWARE
```

IN RE:                           . Chapter 11
                                 .
W.R. Grace & Co., et al.,        .
                                 .
        Debtor(s).               . Bankruptcy #01-01139 (JKF)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

                        Wilmington, DE
                       November 14, 2005
                          11:30 a.m.

                 TRANSCRIPT OF OMNIBUS HEARING
             BEFORE THE HONORABLE JUDITH K. FITZGERALD
                 UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For The Debtor(s):          Janet S. Baer, Esq.
                            Kirkland & Ellis, LLP
                            200 E. Randolph Drive
                            Chicago, IL 60601

                            Barbara H. Harding, Esq.
                            Kirkland & Ellis, LLP
                            655 Fifteenth Street, N.W.
                            Washington, DC 20005

                            Michelle H. Browdy, Esq.
                            Kirkland & Ellis, LLP
                            200 E. Randolph Drive
                            Chicago, IL 60601

                            Salvatore Bianca, Esq.
                            Kirkland & Ellis, LLP
                            200 E. Randolph Drive
                            Chicago, IL 60601

                            James O'Neill, Esq.
                            Pachulski, Stang, Ziehl,
                            Young, Jones & Weintraub
                            919 North Market Street
                            Wilmington, DE 19801

THE COURT: Unless the parties had good sense and consented to the entry of a Final Order in the Bankruptcy Court.

MR. LOCKWOOD: Well, maybe, but that's 150,000 individual estimations, and moreover, in the District Court there's -- you run into 28 U.S.C. section 1411 that says you're entitled to a jury trial, and all of these things --

THE COURT: I don't know about on the estimation issue.

MR. LOCKWOOD: Well --

THE COURT: On the allowance issue -- you see, that's the problem. I think there is a big difference between estimation and allowance. Estimation of a personal injury matter probably isn't core simply because the ultimate allowance of the claim is removed from Bankruptcy Court jurisdiction, but the estimation purpose is not to allow the claim itself, it's to figure out for distribution and confirmation, I should say, issues what the likely universe of claims will be and what the value is. It's a different purpose from the analysis of the claim itself.

MR. LOCKWOOD: That's why 157(b)(2)(b) distinguishes estimation for purposes of feasibility, which is a core matter and which is done on an aggregate basis, from estimation for individual claims for distribution purposes, which -- why does the statute say the District Court has to do that? And it's

MR. BECKER: It is not inconsistent to have filed Proofs of Claims and have estimation process.

THE COURT: You don't need a Proof of Claim to estimate. The whole process of a Proof of Claim is for the Debtor or some other Party-In-Interest to substantiate that that specific claim is either allowed or disallowed in the bankruptcy process. For estimation, if you're looking at an aggregate, you don't need a Proof of Claim for that function.

MR. BECKER: But we --

THE COURT: The reason I permitted the questionnaires was to try to get the -- what the Debtor said the Debtor needed for its experts to evaluate in terms of the current mass of claims and it was only ever supposed to be a sample. Nobody ever expected that every claimant was going to answer that questionnaire, at least I certainly didn't. Just like probably not ever claimant's going to file a Proof of Claim. There will be entities that will miss bar dates. It happens all of the time. There will be entities that don't respond to the questionnaire.

MR. BECKER: That is -- and that is the problem, Your Honor.

THE COURT: Well, it's not a problem.

MR. BECKER: We need a data source. I'm sorry, Your Honor.

THE COURT: I don't understand what the Debtor needs