# ATTACHMENT 4

# KIRKLAND & ELLIS
PARTNERSHIPS INCLUDING PROFESSIONAL CORPORATIONS

200 East Randolph Drive
Chicago, Illinois 60601

David M. Bernick
To Call Writer Directly:
(312) 861-2248

312 861-2000

Facsimile:
312 861-2200

March 13, 2002

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge
District of Delaware
Suite 5490, USX Tower
600 Grant Street
Pittsburgh, PA 15219

Re:   In re: W.R. Grace & Co., et al.
      Chapter 11 Bankruptcy No. 01-1139(JKF)

Dear Chief Judge Fitzgerald:

I am in receipt of Thomas Sobol's correspondence to you dated March 12, 2002, in which Mr. Sobol indicates that it is your intention to consider the Zonolite Claimants' Motion for Class Proofs of Claim at the March 18, 2002 omnibus hearing in the above-captioned matter. The Motion was filed with this Court yesterday.

The Motion seeks authority to file a class proof of claim on behalf of all Zonolite Asbestos Insulation Claimants. If granted, the Motion would effectively create a de facto Fed.R.Civ.P. 23 class action. The class action would supersede the bar date process, as individual claimants would be relieved from filing individual proofs of claim.

The ZAI claimants' effort to achieve this result dramatically deviates both from the path currently being followed by the Court and from the caselaw. Motions for class certification were filed last fall. At the omnibus hearing on February 25, 2002, the Court decided to proceed with the bar date first. Consideration of class certification was deferred and no date for response to the certification motions was even set. This sequence - bar date is set, claims are filed, bar date passes and class certification is then heard last of all - is reflected in the ZAI claimants own citations. See In re American Reserve, 840 F.2d 487 (7th Cir. 1988); In re First Interregional Equity Corp., 227 B.R. 358, 364-365 (Bankr.D.N.J 1998). Grace understands that it is also being followed by Judge Newsome in the Armstrong case.

London            Los Angeles            New York            Washington, D.C.

# KIRKLAND & ELLIS

The Honorable Judith K. Fitzgerald
March 13, 2002
Page 2

    That sequence has the further virtue of being correct under the law. Rule 23 is not even applicable until claims are filed and objected to. In re American Reserve, 840 F.2d at 488. Nor can the court properly determine the factual predicates for applying Rule 23 absent precisely the type of information that will result from the submission of claims, i.e., number of real claimants, factual similarity, etc. And finally, the discretionary analysis that Chapter 11 courts (uniquely) must conduct in considering requests for certification likewise requires ascertainment of the size and nature of the real claimant population, as well as the impact of certification or progress of the chapter 11 case. Id. at 494.

    For these reasons, Grace strongly objects to the ZAI claimants efforts to backdoor class certification and requests that the matter be taken up after the claims have come in and with a full opportunity for Grace to conduct any necessary discovery and to brief the matter. Grace's prior brief regarding bar date and class notice can be found at Docket No. 1677.

    Please feel free to contact me directly should you have any questions concerning this correspondence.

              Very truly yours,

              David M. Bernick

              David M. Bernick

cc:  Thomas M. Sobol
    Counsel for the Committees