# ATTACHMENT 11

**Westlaw.**

Slip Copy
Slip Copy, 2007 WL 2815917 (Bkrtcy.S.D.N.Y.)
**(Cite as: Slip Copy, 2007 WL 2815917)**

Page 1

In re Northwest Airlines Corp.
Bkrtcy.S.D.N.Y.,2007.
Only the Westlaw citation is currently available.NOT FOR PUBLICATION
United States Bankruptcy Court,S.D. New York.
In re NORTHWEST AIRLINES CORPORATION, et al., Reorganized Debtors.
No. 05-17930 (ALG).

Sept. 26, 2007.

Cadwalader, Wickersham & Taft, LLP, by Bruce R. Zirinsky, Esq., Gregory M. Petrick, Esq., Nathan A. Haynes, Esq., New York, NY, for Reorganized Debtors.
Bateman Gibson, LLC, by Ralph T. Gibson, Esq., S. Camille Reifers, Esq., Memphis, TN, for Plaintiff Employees.

**MEMORANDUM OF OPINION AND ORDER**

ALLAN L. GROPPER, United States Bankruptcy Judge.
*1 Before the Court is the objection of the reorganized debtors (the "Debtors") seeking to disallow and expunge the class action allegations of claim 10326 filed by Greg Newsome (the "Claim") and to reduce the Claim, subject to further objection on other grounds. The alleged class representative has responded by asking that class certification be ordered pursuant to Bankruptcy Rule 7023 or that an adversary proceeding with respect to the Claim be transferred to Tennessee. For the reasons below, the objection to the class Claim is sustained and the Claimant's proposed relief is rejected.

*Background*

On March 21, 2002, several members of a putative class (the "Newsome Class") filed a class action lawsuit (the "District Court Suit") against two of the Debtors, Northwest Airlines Corporation and Northwest Airlines Inc., and two of its unions, the International Association of Machinists & Aerospace Workers ("IAM") and the Aircraft Mechanics Fraternal Association ("AMFA"). The suit, commenced in the United States District Court for the Western District of Tennessee, Western Division (the "District Court"), alleged breach of collective bargaining agreements between Northwest and the unions, as well as breach of the duty of fair representation by IAM and AMFA. The Plaintiffs subsequently sought class certification in the District Court pursuant to Fed.R.Civ.P. 23, but the request was denied by order dated March 24, 2003. On April 28, 2005, the District Court denied reconsideration of the order rejecting certification.

Some of the claims in the lawsuit against one of the unions were apparently sent to arbitration, and counsel argued at the hearing of this matter that the order denying class certification applied only to the claims that were not being arbitrated. The parties dispute whether the Plaintiffs filed a notice of appeal from the District Court's denial of class certification, and it appears that in all events Plaintiffs were unable to appeal because of a lack of finality or lack of a certification under F.R. Civ. P. 54(b) or because of failure to comply with F.R. Civ. P. 23(f). In any event, it is uncontested that class certification had been denied by the District Court on September 14, 2005, when the Debtors filed cases under Chapter 11 of the Bankruptcy Code. It had also been denied long before the Debtors gave notice of a bar date of August 16, 2006 for filing proofs of claim in the bankruptcy cases and sent that notice to the named Plaintiffs in the Newsome Class Action, their counsel, and each of the unions that had represented the present or former employees.

On August 15, 2006, prior to the bar date, Greg Newsome as putative class representative for the Newsome Class, filed a class proof of claim in the Debtors' chapter 11 cases in the amount of $300 million, based upon the underlying suit in the District Court. Additionally, he and 79 of the other in-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2815917 (Bkrtcy.S.D.N.Y.)
**(Cite as: Slip Copy, 2007 WL 2815917)**

Page 2

dividual Plaintiffs in the District Court Action filed proofs of claim in the Debtors' cases, each seeking $300,000 based on the claims alleged in the District Court Suit.

**\*2** The Debtors' objection seeks to disallow and expunge the class action allegations of the Claim and have the Newsome Claim reduced to one claim in the amount of $300,000 for Newsome individually. The Debtors reserve their right to file a further objection on the merits to the Newsome Claim and presumably to the 79 other claims. Newsome has responded by moving to have a class certified pursuant to Bankruptcy Rule 7023 or to have an adversary proceeding with respect to the Claim be transferred to Tennessee.

*Discussion*

The Debtors make the following arguments in their objection: (i) denial of class action certification by the District Court bars the Class Claim through the doctrine of collateral estoppel; (ii) the cross-motion by Newsome is untimely and class certification or transfer would unduly disrupt and undercut the expeditious execution of the Debtors' plan of reorganization; and (iii) Plaintiffs have failed to comply with Fed. R. Bankr.P.2019. It is unnecessary to reach the Debtors' third contention because bankruptcy considerations point so clearly to denial of the motion, even if the District Court order is not entitled to preclusive effect in this case.

*(i) Collateral Estoppel*

Plaintiffs assert that the District Court's denial of class certification should not be afforded collateral estoppel effect here because it was not a "final order" and Plaintiffs still have an opportunity to appeal it to the Sixth Circuit and demonstrate that it was wrong. Collateral estoppel "bars a party from relitigating in a second proceeding an issue of fact or law that was litigated and actually decided in a prior proceeding, if that party had a full and fair opportunity to litigate the issue in the prior proceeding and the decision of the issue was necessary to support a valid and final judgment on the merits."*Metromedia Company v. Fugazy,* 983 F.2d 350, 365 (2d Cir.1992); *see also Denton v. Hyman (In re Hyman),* 2007 WL 2492789, at \*3 (2d Cir. Sept. 6, 2007) (applying New York law). There is no requirement of finality, and the determination of a court of original instance is entitled to be given collateral estoppel effect. *See Montana v. U.S.,* 440 U.S. 147, 153 (1979) ( "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits...."). The Second Circuit elaborated on this point in *Metromedia Company v. Fugazy,* stating:

As to the need for finality of decision, collateral estoppel, unlike appealability under 28 U.S.C. § 1291 (1988), does not require a judgment which ends the litigation ... and leaves nothing for the court to do but execute the judgment. Rather the concept of finality for collateral estoppel purposes includes many dispositions which, though not final in that sense, have nevertheless been fully litigated. Whether a judgment that is not final within the meaning of § 1291 ought nevertheless be considered 'final' in the sense of precluding further litigation of the same issue, turns upon such factors as the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review.

**\*3** 983 F.2d at 366 (internal citations omitted.)

Although lack of finality may not be dispositive, the District Court order has never been incorporated in a judgment of any court, a step that is usually required in order for collateral estoppel to be fully applicable. *See Schiro v. Farley,* 510 U.S. 222, 232 (1994); *U.S. v. U.S. Currency in the Amount of $119,984.00,* 304 F.3d 165, 172 (2d Cir.2002); *Ball v. A.O. Smith Corp.,* 451 F.3d 66, 69 (2d Cir.2006). There are cases that hold that a judgment is not required and that a refusal to grant class action status is entitled to collateral estoppel effect if the determination was fully and fairly contested and every ab-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2815917 (Bkrtcy.S.D.N.Y.)
(Cite as: Slip Copy, 2007 WL 2815917)

Page 3

sent class member was adequately represented. *See In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation,* 333 F.3d 763, 767 (7th Cir.2003), citing *Restatement (Second) of Judgments* § 13 (1980); *see also In re Livaditis,* 122 B.R. 330) (Bankr.N.D.Ill.1990) (granting class certification where the Federal District Court had certified a class). In this case there is no reason to believe Plaintiffs did not receive a fair hearing in Tennessee or that the Plaintiffs were not adequately represented. However, to give the Plaintiffs the benefit of the doubt, the Court holds that collateral estoppel does not technically apply because the District Court's order was not incorporated in a judgment and at least theoretically remains subject to reconsideration by that Court.

*(ii) Bankruptcy Considerations*

The foregoing does not win the day for Plaintiffs because they have not offered any legal authority for the proposition that this Court can (or should) review the District Court's order and because those principles "that have special significance in the bankruptcy context", in the words of *Hyman,* 2007 WL 2492789, at *3, strongly support denial of class certification. Class action status is sparingly used in a bankruptcy case. *See In re Ephedra Prod. Liab. Litig.,* 329 B.R. 1, 5 (S.D.N.Y.2005), citing cases and stating, "These cases make clear that bankruptcy significantly changes the balance of factors to be considered in determining whether to allow a class action and that class certification may be 'less desirable in bankruptcy than in ordinary civil litigation.' " 329 B.R. at 5, quoting *In re American Reserve Corp.,* 840 F.2d 487, 493 (7th Cir.1988). As the Court said in *In re Woodward & Lothrop Holdings, Inc.,* 205 B.R. 365, 376 (Bankr.S.D.N.Y.1997), "a bankruptcy case can proceed no faster than its slowest matter ... and a class action may 'gum up the works' because until complete, the bankruptcy court cannot determine the entitlement of the other creditors." (internal citations omitted).

These principles apply strongly in this case, particularly in light of the stage at which Plaintiffs have chosen to seek class action status. There is already an established class in these cases, the Debtors' creditors. The Debtors confirmed a plan of reorganization approximately four months ago that distributes a finite amount of stock to the unsecured creditors as a group. An initial distribution has been made, and a grant of class action status would cause a delay in a second distribution, scheduled to take place on or about October 1, 2007. Counsel to the Debtors notes that if the class Claim stands, "the Reorganized Debtors are required to reserve shares to satisfy the full $300 million claimed by the Newsome Class. If the class action portions of the Newsome Class Claim are not expunged in advance of the October 1, 2007 distribution, over five million shares that would otherwise be distributed to legitimate claimholders will be held back...." (Objection, p. 11.) The effect of a class claim on other creditors is an important factor in a court's decision whether to exercise its discretion and grant Rule 23 certification. As the District Court stated in *Ephedra,*"Rule 23 may be invoked against the debtor only if the bankruptcy court first makes a discretionary ruling under Rule 9014 to apply Rule 23 to the proof of claim. Although the Bankruptcy Code and Rules give no express guidance for the court's exercise of this discretion, a pervasive theme is avoiding undue delay in the administration of the case."*In re Ephedra,* 329 B .R. at 5;*see also In re Musicland Holding Corp.,* 362 B.R. 644, 654 (Bankr.S.D.N.Y.2007); *In re Woodward & Lothrop Holdings, Inc.,* 205 B.R. at 370. Under present circumstances, class certification would clearly result in undue delay.

*4 As in *Ephedra,* the putative class here bears full responsibility for failing to bring an earlier motion to seek application of Bankruptcy Rule 7023. *See In re Ephedra,* 329 B.R. at 5. Citing *In re Charter Co.,* 876 F.2d 866, 873-74 (11th Cir.1989), counsel to the putative class argues that the cross-motion to invoke Rule 7023 is not untimely because the issue did not become ripe until the Debtors objected to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2815917 (Bkrtcy.S.D.N.Y.)
(Cite as: Slip Copy, 2007 WL 2815917)

Page 4

the Claim, since a claim is "deemed allowed" until objected to pursuant to § 502(a) of the Bankruptcy Code. However, in *Charter,* the putative class had been granted class certification by the court of original instance, and the Court did not consider whether there would have been adverse consequences to the debtors' other creditors from the delay in raising the issue in the bankruptcy court. Moreover, the reasoning of *Charter* with respect to the procedural issues has been rejected in this district. As stated in the *Ephedra* case:

The Court disagrees with *Charter's* view that an objection was necessary in order to have a 'contested matter' triggering the court's discretion under Rule 9014. Although 'contested matter' is not defined in the Code or text of the Rules, the Notes of the Advisory Committee to the 1983 amendment to Rule 9014 explain: 'Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter.' From the moment the Chapter 11 petition was filed, Cirak and the other class claimants had the right to move for class certification by virtue of 11 U.S.C. § 1109(b)... They could have requested class certification even before they filed their proof of claim ... Objection to the class proof of claim was not a necessary prerequisite to a motion for class certification.

*In re Ephedra,* 329 B.R. at 6-7.

Counsel to the Newsome Class argues that the equities change because the Debtors failed to serve individual notice of the bar order herein, requiring the filing of all proofs of claim herein by August 16, 2006, on all prospective members of the class and that these unnamed class members did not have an adequate opportunity to file a claim. However, the question at bar is not whether any unnamed class member should individually have the right to move for an extension of time to file a claim. The question is whether notice issues require that class certification be granted. There is no dispute that at the time the bar order was entered on May 19, 2006, the District Court had already denied class certification. There is also no question that counsel for the purported Newsome Class received notice of the bar date and arranged to file proofs of claim for 79 plaintiffs. That was the time for counsel to seek class certification or an order requiring that individual notice of the bar date be sent to all prospective class members. *See In re Sacred Heart Hospital of Norristown,* 177 B.R. 16, 23 (Bankr.E.D.Pa .1995). The Debtors reasonably gave individual notice of the bar date to all current employees and all former employees with termination dates within two years before the filing of the petitions. Although the Debtors did not give individual notice by mail to all possible members of the Newsome "Class," a class that had already been rejected by the District Court, they published notice of the bar date and sent notice to the relevant unions as well as to class counsel and the proposed class representatives. Such notice was, *prima facie,* reasonable, but in any event the issue is not whether notice to class members was unreasonable but whether any notice issues are sufficient to require that the class motion be granted. Under the circumstances of this case, they are not. *See In re Jamesway Corp.,* 1997 Bankr.LEXIS 825 at *23 (Bankr.S.D.N.Y.1997).

*5 Finally, it is argued that a letter agreement between the Debtors and counsel to the Newsome Class, dated March 30, 2007, justified the delay in seeking class certification. A motion for class certification should have been brought long before March 30, 2007, but in any event, the letter agreement related only to a motion (later withdrawn) of the Newsome Class to estimate their claims for purposes of participation in a rights offering made available prior to confirmation. Moreover, the letter specifically reserves the Debtors' rights to object to the claims of the Newsome Class on any basis.[FN1] The letter agreement offers no support to the argument of the Newsome Class that their request for class certification was timely.

FN1. The letter states:

In light of continuing negotiations with respect to the potential amicable resolu-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2815917 (Bkrtcy.S.D.N.Y.)
**(Cite as: Slip Copy, 2007 WL 2815917)**

Page 5

tion of the Plaintiff Employees' claims, please accept this letter as confirmation that the Plaintiff Employees no longer wish to participate in the Rights Offering and that, accordingly, the Estimation Motion is hereby deemed withdrawn without prejudice to the ultimate allowance or disallowance of any and all of the proofs of claim filed by the Plaintiff Employees. *Of course, the Debtors' rights to file objections to the Plaintiff Employees' claims, and object to their validity and/or amount on any basis are fully preserved in all respects, and nothing herein shall affect such rights or be deemed to be or construed as, an admission by the Debtors of any liability, wrongdoing, act or matter or that any such claim or defense has or lacks merit.*(emphasis added).

Counsel to the Newsome Class has alternatively asked that this matter be transferred to the District Court in Tennessee pursuant to 28 U.S.C. § 1412. The rationale is that the objection to the class claim should be treated as an adversary proceeding that can be transferred to Tennessee, and that IAM and AMFA are necessary parties who can better be heard in Tennessee. Plaintiffs would presumably prefer to have this Court first grant claim certification or at least leave the motion "undecided." However, Plaintiffs have not cited any authority for the proposition that an order denying class certification can properly be circumvented by the action of a bankruptcy court transferring the same case to another jurisdiction either with an order that is contrary to that of the original district court or with the issue undecided. If Plaintiffs want their claims liquidated in the District Court in Tennessee, they have a clear right to seek to continue the lawsuit that is still pending there.[FN2] Of course, continuation of that suit would not give Plaintiffs a class action; the District Court has denied them class certification. In any event, the argument that Plaintiffs' claims should be liquidated in Tennessee simply underscores the harm that would be imposed on the Debtors' other creditors by class certification in this bankruptcy case. The Debtors might have to reserve shares to satisfy up to $300 million for years, while Plaintiffs tried their cases in Tennessee (or in arbitration) and then engaged in further appellate practice in the Sixth Circuit. Such a possible course of action provides strong support for denial of class certification.

> FN2. The Debtors were apparently administratively dismissed from the suit when they filed their Chapter 11 petitions. There is no reason why Plaintiffs cannot seek to vacate any post-confirmation stay and if successful restore the Debtors as defendants in the suit in Tennessee.

*Conclusion*

The cross-motion for the class certification is denied and the class allegations in the Newsome Claim are expunged, reducing the amount of claim 10326 to a maximum of $300,000. The request of the Newsome Class for transfer of venue is denied without prejudice to a motion for relief from stay, if needed, so that the pending lawsuit can proceed against the Reorganized Debtors in Tennessee. All other potential objections to the remaining Newsome Claim and the 79 claims of similarly-situated parties are reserved.

IT IS SO ORDERED.

Bkrtcy.S.D.N.Y.,2007.
In re Northwest Airlines Corp.
Slip Copy, 2007 WL 2815917 (Bkrtcy.S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.