IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Re: Docket Nos. 18323 and 18324**

**Hearing Date: April 22, 2008 at 11:30 a.m.**
**Reply Deadline: April 15, 2008**

## DEBTORS' BRIEF IN OPPOSITION TO ZAI CLAIMANTS' MOTION FOR AN ORDER RECOGNIZING AND PERMITTING FILING OF A WASHINGTON CLASS PROOF OF CLAIM

In the nearly one and a half years since this Court issued its ZAI Science Trial opinion, it has become clear that certification of a putative ZAI class would serve no purpose in these Chapter 11 cases. This is not the rare case where a bankruptcy court should recognize a pre-petition certification, because the Washington court's decision to certify a mandatory class of ZAI claimants was not final, class notice had not been finalized or mailed, and an appeal was in progress at the time of Grace's Chapter 11 filing. The core issues relating to ZAI have now been decided by this Court, and ZAI class certification would not help to determine the population who might hold ZAI claims. Thus, certification would not advance the goals of determining how ZAI claims should be treated in Grace's plan of reorganization and reaching closure.

Like their other recently-filed motions, the claimants' renewed certification request is yet another proposal that would take several steps backwards, not forward toward resolution of the remaining issues and reaching the closure that is needed in these Chapter 11 cases in light of Grace's settlement with the personal injury claimants. The motion ignores the fact that this Court's ZAI Science Trial opinion addressed the key substantive issue that would have been addressed in a state court class action. And, unlike a Bar Date, class treatment would serve no

purpose here, but rather would inevitably lead to appeals and several more years of litigation. On the law and in light of the current posture of the Debtors' bankruptcy cases and the ZAI claims, this Court should not recognize the ZAI Washington state class proof of claim.

## I.    Facts

*Barbanti* was one of eight putative class actions against Grace involving ZAI. Filed in Superior Court for the State of Washington on March 24, 2000, the complaint alleged that the presence of ZAI in Washington buildings constituted a "public health risk" and that "[d]isturbance of Zonolite Attic Insulation exposes individuals to heavy doses of airborne asbestos sufficient to cause mesothelioma, lung cancer, asbestosis, and other serious pulmonary diseases" (Exhibit A hereto, Cplt. ¶ 4.15). Like the other seven ZAI cases against Grace, no core issues were decided in *Barbanti*, and *Barbanti* is the only one where a trial court approved a class of any sort. The *Barbanti* claimants' substantive assertions were disproved by this Court's finding that although ZAI is contaminated with asbestos and can release asbestos fibers when disturbed during foreseeable homeowner activities, any such contamination was not sufficient to constitute an unreasonable risk of harm. Dkt. 14014, Mem. Op. at 17, 51-52.

Under Washington state law, an action may be maintained as a class action if the requirements of Washington Civil Rule 23(a) are met and the class also satisfies Wash. CR 23(b). The claimants sought class certification under Wash. CR 23(b)(2), which provides that the class may be certified if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby, making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Remarkably, though, they did not seek any injunctive or declaratory relief. Rather, they sought compensatory damages in the form of "costs of testing, costs of property remediation, costs of asbestos abatement, costs of

asbestos containment, costs and hardship resulting from reasonable effort to avert harm . . ."

(Exhibit A hereto, Cplt. ¶¶ 7.1, 7.2, 7.3, 7.4, 7.6, 8.10); and "judgment in favor of the Class . . .

in an amount to be determined at the time of trial to compensate Class members for damages

suffered." *Id.*, Prayer for Relief ¶ 6. They also sought punitive damages. *Id.* ¶ 7. And they

sought to have Grace pay to set up four "funds" to provide money to class members for (a) the

cost of identifying ZAI in homes; (b) the cost of issuing warnings and information; (c) the cost of

developing safety procedures; and (d) remediation costs. *Id.* ¶¶ 4-5.

Although the putative class plainly sought relief not appropriate under Wash. CR

23(b)(2), on December 19, 2000, the Washington Superior Court certified a (b)(2) class of "[A]ll

owners or occupiers of real property located in the State of Washington in which Zonolite Attic

Insulation has been installed." Dkt. 18324, Claimants' Mem. at App. A at 2. The court noted

that class members sought damages "for expenses already incurred to remove Zonolite." *Id.* at 5.

However, without addressing state supreme court precedents denying class certification

in analogous circumstances, or the claimants' failure to seek injunctive or declaratory relief, or

due process concerns inherent in dealing with monetary damage claims in a mandatory no-opt-

out class action, the Superior Court summarily stated: "This court accepts the plaintiffs'

assertion that equitable relief is the primary purpose although monetary damage claims would

not be unexpected if plaintiffs prevail." *Id.*

Because the *Barbanti* claimants did not seek injunctive or declaratory relief but did plead

claims for compensatory and punitive damages, the Superior Court's certification of a Wash. CR

23(b)(2) class of ZAI claimants seeking remediation costs was clearly erroneous. Therefore,

Grace sought an immediate appeal, filing a Motion for Discretionary Review (attached hereto as

Exhibit B) on February 20, 2001.[1]  As that Motion articulated, under established state law a Wash. CR 23(b)(2) class should not have been certified.  It was, and still is, undisputed under Washington law that monetary relief cannot be couched as equitable relief simply to obtain certification of a Wash. CR Rule 23(b)(2) mandatory class and thereby avoid full notice and opt-out rights.  Eight years before *Barbanti*, in *Eriks v. Denver*, the Washington Supreme Court rejected certification of a Wash. CR 23(b)(2) mandatory class seeking "disgorgement," which the plaintiffs characterized as an equitable remedy.  824 P.2d 1207 (Wash. 1992).  The Court rejected the notion that mere assertion of a claim for declaratory remedies could transform the case into one suitable for Wash. CR 23(b)(2) certification:

> The [trial] court did grant declaratory relief, in the sense that it declared [defendant's] actions violated the [Code of Professional Responsibility].  However, the court's order of disgorgement is monetary relief.  Where the declaration merely forms the basis for monetary relief, a CR 23(b)(2) action is not appropriate.

*Eriks*, 824 P.2d at 1215.  *Eriks* was governing law in Washington in 2000, but the Superior Court's *Barbanti* certification decision did not even address *Eriks*, let alone follow it.

While Grace sought appellate review, the *Barbanti* claimants pressed for approval to publish a notice telling homeowners that ZAI is harmful.  In January 2001, the parties submitted briefs to the Superior Court regarding proposed forms of class notice and plaintiffs' proposed notice plan.  On February 8, 2001, Grace filed a Motion to Postpone Publication of Class Notice Pending Determination of Class Definition and Appellate Review of Class Certification Order and Memorandum in Support (attached hereto as Exhibit C).  Grace requested that the Superior Court postpone publication of class notice pending appellate review of the certification order:

---

[1] Under Washington rules, class certification decisions are subject to discretionary appellate review.  *See* Wash. RAP 2.3.

[I]f class notice is published prior to appellate review of the Class Certification Order, and the Court of Appeals later reverses or modifies that Order, the defendants will suffer irreparable harm, and the cost of the litigation will have been needlessly increased for all concerned. A short delay while (1) this Court considers the appropriateness of plaintiff's class definition, and (2) the Court of Appeals decides whether to review the Class Certification Order, may well save the parties, the Court and thousands of Washington citizens from experiencing the costly consequences that would flow from a premature or improvident class notice. This Court should postpone publication of class notice to give itself time to re-evaluate the class definition and to give the Court of Appeals an opportunity to decide whether interlocutory appellate review is appropriate. *Id.* at 3-4.

On April 2, 2001, the same day as Grace's Chapter 11 filing, the ZAI claimants filed their Opposition to Grace's Motion for Discretionary Review. Grace's request for such review was pending and undecided at the time these bankruptcy cases were commenced. Likewise, Grace's Motion to Postpone Publication of Class Notice and the ZAI claimants' Motion for an Order Approving the Notice Plan were pending and undecided. The claimants' Notice Plan motion was scheduled for an April 10, 2001 hearing. (*See* Exhibit D hereto, Second Amended Note for Hearing) Thus, at the time of Grace's Chapter 11 filing, the class certification decision was not final, Grace's appeal was pending, and neither the class notice nor the notice plan were finalized.

## II.    **Argument**

### A.    **Bankruptcy Courts Have Substantial Discretion to Deny Class Proofs of Claim.**

As set forth in Debtors' Motion for a Bar Date, class proofs of claim can be permitted in bankruptcy proceedings, but not as a matter of right. A bankruptcy court must undertake a two-step analysis. First, the Court must exercise its discretion pursuant to Bankruptcy Rule 9014 to consider application of Bankruptcy Rule 7023. "Whether to certify a class claim is within the discretion of the bankruptcy court. Rule 7023 of the Federal Rules of Bankruptcy Procedure

expressly allows class certification in adversary actions, by incorporating Rule 23 of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 7023. Rule 9014 expands that Rule to contested matters, *at the court's discretion*." *In re Kaiser Group Int'l*, 278 B.R. 58, 62 (Bankr. D. Del. 2002) (emphasis added). Thus, the bankruptcy court must first make a discretionary ruling under Rule 9014 to apply Rule 23 to the proof of claim. *See In re Ephedra Prod. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y. 2005). Then, to actually certify a class of claimants, the Court must assess whether the putative class also satisfies Fed. R. Civ. P. 23's requirements.[2]

Here, the ZAI Claimants' Motion implicates only the first prong of this two-step analysis, because the state court certification and class notice were not final, and therefore this Court need not allow the class proof of claim.[3] But the class also would not move this bankruptcy towards resolution. In any event, a Fed. R. Civ. P. 23(b)(2) class could not be certified by this Court.

**B.    The Washington State Court Certification Decision And Proposed Class Notice Were Not Final.**

Given its discretion to deny a class proof of claim, this Court certainly need not allow such a claim when the pre-petition certification directly violated state law and state supreme court precedent, was not final, was on appeal, and notice had not been provided to the class.

**1.    Certification Was Not Final, And Was On Appeal Because It Was At Odds With Established Washington Law.**

In their Superior Court Complaint, the Washington ZAI claimants sought substantial monetary relief:

---

[2] *See also In re Musicland Holding Corp.*, 362 B.R. 644, 654 n.11 (S.D.N.Y. 2007) ("Some decisions erroneously conflate the satisfaction of the Rule 23 criteria with the separate question, unique to bankruptcy, whether an otherwise certified (or certifiable) class should be permitted to file a class proof of claim.").

[3] Of course, were the Court to allow the proof of claim and proceed to a hearing on whether a class of ZAI claims can be certified under the standards of Bankruptcy Rule 7023, Grace reserves all of its arguments.

- Compensatory damage: "compensatory relief . . . to compensate Washington property owners for harm suffered" (Exhibit A hereto, Cplt. ¶ 1); "costs of testing, costs of property remediation, costs of asbestos abatement, costs of asbestos containment, costs and hardship resulting from reasonable effort to avert harm . . ." (*Id.* ¶¶ 7.1, 7.2, 7.3, 7.4, 7.6, 8.10); "judgment in favor of the Class . . . in an amount to be determined at the time of trial to compensate Class members for damages suffered" (*Id.*, Prayer for Relief ¶ 6); and

- Punitive damages: "An award of punitive damages . . to punish and deter like conduct by others" (*Id.* ¶ 7).

Their purported "equitable" relief, which did not include any injunctive or declaratory relief, consisted of having Grace pay for four "funds" to provide monetary compensation to class members. (*Id.* ¶¶ 4-5)

On these facts, it is clear that a 23(b)(2) class should not have been certified. When the Washington Superior Court certified the *Barbanti* class in December 2000, the sole reported Washington appellate decision examining monetary relief dressed up as equitable relief expressly held that certification under 23(b)(2) was not appropriate. *Eriks v. Denver*, 824 P.2d 1207 (Wash. 1992). In *Eriks*, the Washington Supreme Court rejected certification of a Wash. CR 23(b)(2) mandatory class seeking "disgorgement," which the plaintiff claimed was an equitable remedy. The Court rejected the notion that mere assertion of a claim for declaratory remedies could transform a case into one suitable for certification under Wash. CR 23(b)(2):

> The [trial] court did grant declaratory relief, in the sense that it declared [defendant's] actions violated the [Code of Professional Responsibility]. However, the court's order of disgorgement is monetary relief. Where the declaration merely forms the basis for monetary relief, a CR 23(b)(2) action is not appropriate.

824 P.2d at 1215.

For these reasons, a Wash. CR 23(b)(2) class should not have been certified. Grace therefore sought to appeal the *Barbanti* certification order. (Exhibit B hereto.) Pursuant to

Washington Rule of Appellate Procedure 2.3(b)(2), discretionary review is warranted "if the superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act." Grace argued that "the trial court's unprecedented application of CR 23(b)(2) to certify a class action that plainly seeks to recover monetary relief constitutes probable error." (Exhibit B hereto at 7.) Given the Superior Court's misapprehension with respect to the nature of the relief sought by the plaintiffs, Grace's Motion for Discretionary Review was well-founded. And, Washington appellate courts do exercise discretionary review over decisions granting class certification. *See Miller v. Farmer Bros. Co.,* 64 P.3d 49, 53 (Wash. App. Ct. 2003) ("Farmer sought, and this court granted, discretionary review of the trial court's class certification order.").

In the seven years since the Superior Court certified the *Barbanti* class, Washington courts have even more emphatically rejected (b)(2) mandatory class claims seeking money in the guise of equitable relief. Last year, in *Nelson v. Appleway Chevrolet, Inc.*, 157 P.3d 847 (Wash. 2007), the state Supreme Court reinforced this well-established principle, relying on another post-*Barbanti* decision, *Sitton v. State Farm Mut. Auto Ins. Co.*, 63 P.3d 198 (Wash. App. 2003):

> Classes certified under subsections (b)(1) and (b)(2) are "mandatory" classes; that is, the results are binding on all class members, who may not choose to opt out of the class. Notice to class members under these subsections is left to the trial court's discretion. Mandatory class members thus may be deprived of their rights to notice and an opportunity to control their own litigation. For these reasons, when plaintiffs are seeking monetary damages, certification under either (b)(1) or (b)(2) violates due process unless the monetary damages sought are "merely incidental to the primary claim for injunctive or declaratory relief."

157 P.3d at 855, quoting *Sitton*, 63 P.3d at 203-04 (vacating certification of class action challenging insurer's denial of claims for personal injury protection benefits because even though insureds sought group remedies in the form of an order enjoining the insurer to pay valid

claims and various declarations of their rights, they were entitled to those remedies "only if their contract and tort theories succeed, and on those theories they seek individual monetary damages, which will require individualized determinations about each class member's circumstances. These damages are not incidental.").

## 2.   Class Notice Had Not Been Finalized.

In addition, in *Barbanti*, notice was not approved or provided pre-petition, and the proposed notice would not be appropriate.  A principal reason that bankruptcy courts consider pre-petition certification is because such classes may already have procedures in place to assist with efficiently notifying claimants.  *See Musicland*, 362 B.R. at 656; *In re Sacred Heart Hosp. of Norristown*, 177 B.R. 16, 22-23 (Bankr. E.D. Pa. 1995).  The *Sacred Heart* court explained that the primary reason why a class that was certified pre-petition is among the "best candidates" for certification in a bankruptcy is that "it is very likely that certain procedures for notifying the unnamed class members . . . have been devised and followed pre-petition.  In fact, it can be convincingly argued that it would be wasteful for the bankruptcy court, in its claims process, to either replicate any notice procedures already utilized in the nonbankruptcy court class action process, or for the bankruptcy court to undertake to provide for different notices which could very well confuse unnamed class members to their unfair prejudice."  *Id.* at 22.

The fact that notice was not provided to the *Barbanti* class eliminates any possible reason for recognizing the class.  The notice process was not as far along as the ZAI Claimants would have this Court believe.  Class notice had not been mailed or published.  That fact alone distinguishes this case from situations recognized by the *Sacred Heart* court as the "best candidates" for class proofs of claim.  In addition, the Superior Court had not approved the

9

Notice or Notice Plan. Plaintiffs' proposed notice and motion for a Notice Plan and Grace's opposition were still pending before the Superior Court when Grace filed its Chapter 11 cases.

But in addition, efforts to develop a class notice and notice plan in the Washington action are of very little use, if any, in these bankruptcy cases, for two reasons. First, the notice proposed by the *Barbanti* plaintiffs in Washington in early 2001 would be wholly inappropriate in these bankruptcy cases. The proposed Notice states: "According to the Plaintiffs, ZAI contains readily airborne asbestos fibers that constitute a present threat to public health and safety if disturbed, for example through home repairs or remodeling, storage of belongings in the attic, etc. The Plaintiffs claim that ZAI is not reasonably safe in design and/or manufacture." After stating the Defendants' contentions, the Notice continues: "The Court has not ruled on the merits of Plaintiff's claims or Defendants' positions." (ZAI Claimants' Mem. at Appendix D.) In light of this Court's ruling that ZAI does not pose an unreasonable risk of harm, a class notice stating that ZAI "constitute[s] a present threat to public health and safety if disturbed" and "is not reasonably safe in design and/or manufacture" is wholly inappropriate.

Second, the ZAI Claimants' proposed Notice says nothing about bankruptcy rights and procedures -- necessary components for any notice in this case, as demonstrated by Grace's proposed Bar Date Notice, attached to its Motion for a Bar Date Order. In short, the March 2001 *Barbanti* proposed notice provides no benefit here.

C.    **Class Certification Would Not Advance Grace's Bankruptcy Towards Resolution And Would Make No Sense On The Current Record.**

Bankruptcy significantly changes the balance of factors to be considered in determining whether to allow a class action, such that class certification may be "less desirable in bankruptcy than in ordinary civil litigation." *In re American Reserve Corp.*, 840 F.2d 487, 493 (7th Cir. 1988). Even when a class has been certified pre-petition, the bankruptcy court may reject a class

proof of claim. *See In re Ephedra*, 329 B.R. at 5 ("Even class actions that were certified prior to the filing for bankruptcy may . . . be disallowed."); *In re Worldcom, Inc.*, 343 B.R. 412, 418 (Bankr. S.D.N.Y. 2006) (refusing to recognize a pre-petition state court conditional ex-parte certification; "[t]his Court has previously held that the Court should not rely on the state court's certification and must make its own determination whether to certify the class.").

Bankruptcy courts may reject a pre-petition certification where a class action would not be superior since "[a] bankruptcy case presents many of the same mechanisms to process large numbers of claims as a class action," *In re Computer Learning Centers, Inc.*, 344 B.R. 79, 92 (Bankr. E.D. Va. 2006), or where class members might not receive "the same prorata distribution as other unsecured creditors of their class," *id.* at 93, or where the state's class action law differs from Fed. R. Civ. P. 23. *Id.* at 93-94 ("New Jersey's class action rule, unlike Rule 7023, appears to favor or even have a presumption in favor of, class action in consumer fraud cases. Consequently, the state court's pre-filing certification, a procedural matter, is not binding on this court. If Rule 7023 were made applicable to this case, the class would not be certified because none of the additional factors contained in Rule 7023(b) is present."). This is particularly true where the state court certification was for alleged declaratory relief (though the claimants sought substantial monetary damages) while the bankruptcy claims are for compensatory damages, which would require a Rule 23(b)(3) class.

The point is that a bankruptcy court has discretion to recognize that "[t]he consideration of the additional factors required for class certification did not take into account and could not have taken into account the alternative of a bankruptcy case that was at that time not even contemplated." *Id.* at 93; *see also In re Zenith Labs., Inc.*, 104 B.R. 659, 664 (D. N.J. 1989) ("Clearly, there are compelling reasons for certifying the shareholder class as I concluded when I

11

certified the class in this court on February 8, 1988.  However, there may be other factors in the

bankruptcy proceeding that make class certification there less compelling and it may be possible

that a different result might be appropriate.").

Because of these concerns, "the class proof of claim device may be utilized in appropriate

contexts," but "such contexts should be chosen most sparingly."  *Sacred Heart*, 177 B.R. at 22;

*see also In re FirstPlus Financial, Inc.*, 248 B.R. 60, 73 (Bankr. N.D. Tex. 2000) ("In the

bankruptcy context, class actions should be rare.").

### 1.    A Washington State Class Proof Of Claim Should Not Be Permitted to Trump A Bar Date.

On the current record, as set forth in Debtors' Motion for a Bar Date, only a binding Bar

Date will result in the information necessary for the three alternatives for resolving ZAI claims --

settlement negotiations, estimation of the claims, and formal allowance/disallowance.  Unlike a

Bar Date, a class action would not yield critical information about the volume and significance of

ZAI claims -- information necessary to settle, estimate, or formally allow or disallow the claims.

Unless and until there is a Bar Date for ZAI claims, Grace does not know who the claimants are

and who is going to participate in claims resolution.  For this reason, Grace has suggested that if

class treatment of any group of ZAI claims in this case is ever going to be appropriate or

necessary, the need for such class treatment should be evaluated after the Bar Date and the

receipt of the actual claims.

The factors that require this result simply were not present in 2000 in the Washington

state action.  The need for a Bar Date did not exist in 2000, as Grace had not commenced its

Chapter 11 proceedings.  And, the science issues had not yet been decided.

The claimants criticize Grace's position that, if a ZAI class is ever considered in these

Grace bankruptcy cases, it should be limited to claims filed as of the Bar Date, as "'illogical and

contrary to important class action policy considerations." ZAI Claimants' Mem. at 12, quoting

*In re First Interregional Equity Corp.*, 227 B.R. 358, 371 (Bankr. D.N.J. 1998). But the

claimants cannot deny that the Federal Rules of Civil and Bankruptcy Procedure do not afford

claimants rights that they do not otherwise have. "The Bankruptcy Rules Enabling Act gives the

Supreme Court authority to promulgate rules of procedure in the bankruptcy courts, provided

that they do not 'abridge, enlarge, or modify any substantive right.'" *In re First Alliance*

*Mortgage Co.*, 269 B.R. 428, 439 (C.D. Cal. 2001), *citing* 28 U.S.C. § 2075. Thus, the Rules

Enabling Act precludes the use of class certification to create claims not properly filed with the

bankruptcy court. *See In re Standard Metals Corp.*, 817 F.2d 625, 632 (10th Cir. 1987) ("Class

action procedures can be employed in a bankruptcy proceeding only to consolidate claims that

have already been properly filed."); *Sacred Heart*, 177 B.R. at 24; *Computer Learning*, 344 B.R.

at 94 ("The potential for a different result exists if the class proponents were seeking to certify a

class consisting of those individuals described in its state court complaint who also filed an

individual proof of claim in this bankruptcy case.").

Because Rule 23 in bankruptcy cases can only be used to consolidate properly filed

claims and not to create or enlarge substantive rights, the two opinions on which the ZAI

claimants primarily rely -- *In re First Interregional* and *In re Craft* -- do not change the fact that,

on the record in Grace's bankruptcy cases, a Bar Date is both superior to a class action and the

only way to satisfy due process concerns. As this Court has recognized (7/5/07 Tr. at 185), *In re*

*First Interregional* was a securities case and, on its unique facts,[4] allowing the filing of a class

proof of claim was not surprising because the alternative solutions were not superior. 227 B.R.

---

[4] 2,000 identified claimants unrepresented by counsel had purchased lease interests from the broker-dealer debtor and filed claims as of the Bar Date, the Chapter 11 case was filed in March 1997, and the certification motion was fully briefed and argued by June 1998. 227 B.R. at 362-64.

358, 370 (Bankr. D.N.J. 1998). In other cases where class treatment has been considered, bankruptcy courts have found that if the putative unnamed class members receive actual or constructive notice of the bankruptcy case and the bar date, denial of a class proof of claim is advisable. *Sacred Heart*, 177 B.R. at 22; *In re Jamesway Corp.*, 1997 WL 327105, *5 (Bankr. S.D.N.Y. June 12, 1997); *In re Bicoastal Corp.*, 133 B.R. 252, 255 (Bankr. M.D. Fla. 1991).

In *In re Craft*, a Texas bankruptcy court opined that allowing class proofs of claim "improves a debtor's fresh start and fosters equality of treatment of creditors," and that "[i]f a class claim is not allowed, class members without notice will have non-dischargeable claims." ZAI Claimants' Mem. at 10, quoting *In re Craft*, 321 B.R. 189, 194 (Bankr. N.D. Tex. 2005). While these observations may be true in some bankruptcy cases, they do not apply here. A Bar Date would "foster equality of treatment of creditors," while recognition of a one-state class would not. And, the Debtors' proposed Bar Date Notice and Notice Plan are designed to reach as many ZAI claimants as possible to assure that their claims are accounted for in any settlement, estimation or allowance process. Moreover, like *First Interregional*, *Craft* is contrary to the weight of authority. While the Texas bankruptcy court "accept[ed] a prior judicial determination of Rule 23 issues," it acknowledged that this approach is contrary to that of other courts. *Id.* at 198 n.14 ("Some courts [citing *Reid v. White Motor Corp.* 886 F.2d 1462 (6th Cir. 1989)] have indicated that, even with a certified class, the bankruptcy court may decline to permit the claim by refusing to make Rule 7023 applicable and may conduct its own Rule 23 determinations."); *see also Computer Learning*, 344 B.R. at 86 ("[P]re-petition certification by another court does not assure that Rule 7023 will be made applicable to the proof of claim.").[5] And, the ZAI

---

[5] The holding of *Craft* is also distinguishable on its facts. The bankruptcy court permitted a class proof of claim to be filed on behalf of a class certified pre-petition where -- unlike here -- the debtors failed to object for nearly ten months, the class members were the "principal constituency" to be addressed in the debtors' plan, and notice had

Claimants fail to mention that, in the same bankruptcy, the *Craft* court refused to permit a class proof of claim (on behalf of an uncertified class) when doing so would "delay the plan process and claim objection process to conduct a Rule 7023 hearing." 321 B.R. at 199.

The Supreme Court in *Amchem* said it best:  "Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that rules of procedure 'shall not abridge, enlarge or modify any substantive right, 28 U.S.C. § 2072(b)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997); *see also Chevron USA, Inc. v. Vermilion Parish Sch. Bd.*, 215 F.R.D. 511, 515-16 (W.D. La. 2003) ("[T]o allow the certification of a class action under the facts of this case would result in Rule 23 supplying a substantive right where one is now lacking, and such a result is prohibited by the Rules Enabling Act."); *Leonard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 64 F.R.D. 432, 434-35 (S.D.N.Y. 1974) ("Rule 23, of course, may not 'abridge, enlarge or modify any substantive right'"); *Weiner v. Bank of King of Prussia*, 358 F. Supp. 684, 694 (E.D. Pa. 1973) ("[T]he Federal Rules of Civil Procedure do not create substantive rights which do not otherwise exist.").

### 2. Allowing A Class Proof of Claim Makes No Sense Where The Core Issue Has Been Resolved.

Remarkably, the ZAI claimants' motion for recognition of the Washington state class ignores the Court's finding that ZAI does not pose an unreasonable risk of harm.  As a result of this ruling, the ZAI claims landscape has been significantly altered since the December 2000 certification.  Any justification that may have existed for class treatment in the state court no longer exists, because this Court has adjudicated the core issue of lack of harm.

---

already been provided in the bankruptcy and about half of the notices sent to class members were returned as undeliverable. *See id.* at 190, 194.

As this Court has already recognized, a putative class of unharmed claimants is problematic. Before the Science Trial, the Court consistently noted that, if it found in Grace's favor on the science, there would be no need to certify a ZAI class: "If [Grace is] successful on the scientific side . . . it doesn't matter how many potential people are out there, they're not going to be a class. They're not going to have claims." 3/18/02 Tr. at 64; *see also* 4/22/02 Tr. at 26 ("I don't have to address [class certification] unless and until somebody shows me that the debtor is going to have liability."), 31 (if "there is no proof of liability, we're not going anywhere with class certifications"); 5/20/02 Tr. at 69 ("I do not see the need to push the class certification issues until we find out whether there is some science basis for liability."). The Court explained that if Grace won the Science Trial, it would look at class certification "with a different view than [it] might have otherwise." *Id.* at 108.

This Court's reluctance to consider class treatment in light of a finding of no unreasonable risk of harm made perfect sense in 2002 before the Science Trial, and it still does now that the results are in. Certifying a class of claims for a product that has not created an unreasonable risk of harm in homes would not advance the interests of this bankruptcy, *see American Reserve*, 840 F.2d at 493, and would give the ZAI claimants unfair and undeserved economic leverage, thus ensuring yet another round of appeals and impeding the claims resolution process. The Court's concerns are especially valid where the class is mandatory, with no opt-out. In effect, the Bankruptcy Court would be ordering that each ZAI homeowner has a claim against the debtors, even though ZAI presents no hazard.

Moreover, part of the relief sought in Washington state was a notice program to be paid for by Grace to advise homeowners that ZAI may be harmful. But, this Court has determined that ZAI does not pose an unreasonable risk of harm in homes. Thus, while the claimants are

16

correct that in some instances a class action is superior for obtaining "unified programmatic corrective measures" (ZAI Claimants' Mem. at 9), this Court has ruled that ZAI in homes is not hazardous.  Given the changed ZAI landscape, "programmatic" remedies are not needed.

### 3.    A ZAI Class Could Not Be Certified Under Fed. R. Civ. P. 23(b)(2).

Under federal law it is even clearer (than under Washington law) that a 23(b)(2) class could not be certified on the facts here.  The U.S. Supreme Court has expressed skepticism about certification under Fed. R. Civ. P. 23(b)(2) when monetary damages are sought.  *See Ticor Title Ins. Co. v. Brown*, 511 U.S. 117, 121 (1994) (noting the "substantial possibility" that actions seeking money can only be certified as Rule 23(b)(3) opt-out classes; Supreme Court did not reach the issue, finding that cert had been improvidently granted); *Molski v. Gleich*, 318 F.3d 937, 948 (9th Cir. 2003) (recognizing the Supreme Court's "growing concerns regarding the certification of mandatory classes when monetary damages are involved"); *Butler v. Sterling, Inc.*, 2000 WL 353502, *6 (6th Cir. Mar. 31, 2000) (noting that the Supreme Court has "expressed serious reservations about the propriety of certifying a 23(b)(2) class when compensatory or punitive damages are in issue, due to the lack of notice to class members or the opportunity for those members to 'opt out' of the class action").

In the Third Circuit, Fed. R. Civ. P. 23(b)(2) classes are not certified unless they seek mainly injunctive relief.  Consistent with the U.S. Supreme Court's concerns, the Third Circuit has squarely rejected attempts -- like the ZAI claimants' attempt here -- to characterize claims "essentially for damages" as claims for equitable relief in order to obtain certification of a mandatory (b)(2) class.  *See, e.g., In re Asbestos Sch. Litig.*, 104 F.R.D. 422, 438 (E.D. Pa. 1984), *modified sub nom. In re School Asbestos Litig.*, 789 F.2d 996 (3rd Cir.), *cert denied*, 479 U.S. 852 (1986); *see also Arch v. American Tobacco Co.,* 175 F.R.D. 469, 484 (E.D. Pa. 1997)

(holding that "[p]laintiffs cannot transform a legal claim into an equitable one merely by using a fund as a repository for money damages"); *In re Arthur Treacher's Franchise Litig.*, 93 F.R.D. 590, 594 (E.D. Pa. 1982) ("Class certification under (b)(2) is not appropriate where the relief requested (or in this case obtained) is monetary in nature."). In general, federal courts require a finding that monetary relief is at most incidental. *See, e.g., Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718, 729 (9th Cir. 2007) (affirming denial of 23(b)(2) class because plaintiffs sought primarily monetary damages); *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 530 (D.C. Cir. 2006) (affirming denial of (b)(2) certification; "If recovery of damages is at the heart of the complaint, individual class members must have a chance to opt out of the class and go it alone -- or not at all -- without being bound by the class judgment . . . Though framed in terms of declaratory and injunctive relief, this class claim is for monetary damages."); *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998) ("[M]onetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief. . . . [S]uch damages should . . . not [be] dependent in any significant way on the intangible, subjective differences of each class member's circumstances."); *Burkhead v. Louisville Gas & Elec. Co.*, 2008 WL 782829, *11 (W.D. Ky. Mar. 21, 2008) (denying certification of 23(b)(2) class of residents near power plant alleging property damage; "[T]he monetary damages Plaintiffs seek are more than 'incidental'" and "individualized monetary relief will predominate, and thus (b)(2) certification would be inappropriate.").

In *In re Asbestos Schools Litig.*, the Third Circuit rejected an attempt by asbestos plaintiffs to do exactly what the ZAI claimants seek to do: characterize as "equitable" their demand that a defendant pay for asbestos abatement programs. The plaintiffs sought: (1) a direct abatement program; (2) monitoring and maintenance for structures where asbestos had

been removed; and (3) medical monitoring for individuals potentially exposed to asbestos. 104

F.R.D. at 438. The district court certified a (b)(3) class but denied (b)(2) certification because

"[d]espite the ingenuity of plaintiffs' claims for equitable remedies, this case remains at bottom,

one for legal damages." *Id.* The Third Circuit affirmed. 789 F.2d at 1008.

Just as in the *Asbestos Schools Litigation*, due process concerns make (b)(2) certification

with respect to ZAI claims impossible. The right to opt out is essential to preserve due process

in damages cases. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999). In *Ortiz*, the Supreme

Court vacated a mandatory settlement class under Rule 23(b)(1) in a mass tort case, suggesting

that the lack of any opportunity to opt out of the class would implicate absent class members'

Fifth Amendment due process rights. 527 U.S. at 846-47; *see also Jefferson v. Ingersoll Int'l

Inc.*, 195 F.3d 894, 897 (7th Cir. 1999) (vacating class certification under Rule 23(b)(2), in part

because *Ortiz* requires notice and opt-out to comply with due process "in actions for money

damages"); *Lemon v. Int'l Union of Operating Engineers, Local No. 139*, 216 F.3d 577, 580 (7th

Cir. 2000) (vacating certification of single-state Rule 23(b)(2) class due to predominance of

damages issues, in part because *Ortiz* requires notice and opt-out "as a matter of due process").

The same is true with respect to the ZAI claims. The plaintiffs seek money to pay for

alleged remediation of property damage. And, each individual ZAI claimant's recovery would

depend upon individualized findings of fact with respect to their homes. Moreover, to the extent

that the ZAI claimants assert that the primary relief sought by their Washington state class action

was to create a program of notice to homeowners, there is even less basis for class treatment in

the bankruptcy court. In bankruptcy court, the purpose of filing a claim is to obtain money, not

to notify potential claimants simply for the sake of notifying them. Moreover, the Wash. CR

23(b)(2) class was mandatory in nature; recognizing such a class in bankruptcy court would

19

essentially force all homeowners to participate with no opportunity to opt out. Certification of such a claim was improper under Washington law, would be even more problematic in federal court, and makes no sense in bankruptcy court.

Nor is a class action necessary here to vindicate the rights of claimants who might otherwise "be without effective strength to bring their opponents into court at all," as the ZAI Claimants assert. ZAI Claimants' Mem. at 10, quoting *Amchem*, 521 U.S. at 617. On the record in these Grace bankruptcy cases, the facts surrounding ZAI directly militate *against* any representative litigation. Given the finding that ZAI does not pose an unreasonable risk of harm, the stakes of any individual claimant are less than modest. If anything, class counsel would be the true, sole beneficiaries of certification. This is precisely the factual scenario where class certification should be denied. In *American Reserve*, the Seventh Circuit made clear that the representative litigation argument requires a cost-benefit analysis: where the individual stakes are "modest" and a "high proportion of the total recovery [would be] diverted to the class's lawyers or consumed by the costs of administration," the value of representative litigation is correspondingly less in a bankruptcy context because creditors are already probably taking less than payment in full on their claims. 840 F.2d at 490 ("As the stake goes down, so does the utility of the class device."). Nor is this a situation where the "opponents" will not be "brought into court." Grace wants ZAI claims to be before this Court, via a Bar Date, and to be resolved.

In sum, this Court need not recognize a state court class that could not be certified under federal law.

## III.    Conclusion

For the foregoing reasons, the ZAI Claimants' Motion For An Order Recognizing and

Permitting Filing of a Washington Class Proof of Claim should be denied.

Dated:  April 10, 2008

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Lisa G. Esayian
Michael T. Dierkes
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

and

REED SMITH LLP
James J. Restivo
Douglas E. Cameron
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in
Possession