# Exhibit A

ORIG...
MAR 9 ...
SUPE... ...
SPOKANE COUNTY WN

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

MARCO BARBANTI, individually and on
behalf of a class of all others similarly situated,

                              Plaintiff,

        v.

W.R. GRACE & COMPANY-CONN (a
Connecticut corporation); W.R. GRACE &
COMPANY(a Delaware corporation); W.R.
GRACE & CO., a/k/a GRACE, an association of
business entities; SEALED AIR
CORPORATION (a Delaware corporation); and
WILLIAM V. CULVER, resident of the State of
Washington,

                              Defendants.

NO. 00201756-6

CLASS ACTION COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES

## I.    INTRODUCTION

1.1    Defendants manufactured in Washington and sold throughout Washington Zonolite
Attic Insulation knowing that this product contained dangerous levels of readily loftable tremolite
and other forms of asbestos (hereinafter "asbestos"). Defendants concealed the dangerous
character of Zonolite Attic Insulation from consumers, public officials, and the general public. In
the aftermath of this wrongdoing, the proposed plaintiff Class of owners and occupiers of real
property throughout Washington remain unaware of substantial dangers to themselves and their

1

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES: 1

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON MUTUAL FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA  99201-0466
(509) 455-9555

1    properties posed by the presence of Zonolite Attic Insulation in their homes.  Class members

2    remain unaware of important safeguards necessary to forestall future exposure to hazardous levels

3    of asbestos contained in Zonolite Attic Insulation.  Class members, further, must restrict their use

4    and enjoyment of their real property, while implementing appropriate operations and maintenance

5    practices to protect the health and safety of themselves and the general public.

6

7        1.2    This action seeks preliminary and final injunctive and equitable relief, as well as

8    compensatory relief, in order to advance public health and safety in Washington and to compensate

9    Washington property owners for harm suffered.

10

11                            II.    **PARTIES**

12

13       2.1    Plaintiff, Marco Barbanti, is a resident of Spokane, Washington, and owner of real

14    property in which Zonolite Attic Insulation has been installed located in Spokane County,

15    Washington.  Marco Barbanti is prepared to serve as representative of a Class of all others

16    similarly situated.

17       2.2    Defendant, W.R. Grace & Company-Conn (hereinafter "Grace Connecticut"), is a

18    corporation organized and existing under the laws of the State of Connecticut, with its principal

19    place of business in Columbia, Maryland.  At all times relevant to facts alleged in this Complaint,

20    Grace Connecticut, or its predecessor in interest, was engaged in the business of manufacturing,

21    marketing, distributing, and selling Zonolite Attic Insulation throughout the United States,

22

23    including Spokane County, Washington.

24       2.3    Defendant, W.R. Grace & Company (Delaware) (hereinafter "Grace Delaware"), is

25    a corporation organized and existing under the laws of the State of Delaware, with its principal

26

2

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES: 2

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

place of business in Columbia, Maryland. Grace Delaware is an alter ego of Grace Connecticut and co-conspirator with Grace Connecticut and W. R. Grace & Company in unfair and deceptive business activities causing injury to property interests of Class members. At times relevant to facts alleged in this Complaint, Grace Delaware was, de facto, a manufacturer and seller of Zonolite Attic Insulation throughout the United States, including Spokane County, Washington.

2.4     Defendant, W. R. Grace & Co., a/k/a Grace, (hereinafter "the Grace Association"), is a closely knit association of corporations, holding companies, trusts, conglomerates, and other legal entities acting on behalf of and conspiring with one another and commonly acting under the alias "Grace." The Grace Association includes, but is not limited to, Grace Holding, Inc., a Delaware corporation; W.R. Grace and Company, a New York corporation; Grace Delaware; Grace Connecticut; Sealed Air Corporation, a Delaware corporation; and the subsidiaries and parents of each. Members of the Grace Association are co-conspirators with one another in unfair and deceptive business activities causing injury to the property interests of Class members. At all times relevant to facts alleged in this Complaint, the Grace Association, or its predecessor in interest, was, de facto, a manufacturer and seller of Zonolite Attic Insulation throughout the United States, including Spokane County, Washington.

2.5     Defendant, Sealed Air Corporation (hereinafter "Sealed Air"), is a Delaware corporation and successor to assets and liabilities of W.R. Grace & Company (Delaware). Sealed Air's principal place of business is Saddle Brook, New Jersey. Sealed Air is an alter ego of and co-conspirator with above-named defendants in unfair and deceptive business activities causing injury to the property interests of Class members. Sealed Air was created in an attempt to fraudulently shield the assets of the above-named defendants from anticipated liability for asbestos claims,

3

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES: 3

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE WA 99201-0466
(509) 455-9555

SPOKANE\VOL1\DWN\CLIENT DWN\LIBBY\PLEADINGS\ZONOLITE PROD LIAB COMPLAINT (XX) 12/4/00

1  including the claims asserted in this Complaint.  Sealed Air does business in the State of

2  Washington, including Spokane County.

3      2.6    Grace Connecticut, Grace Delaware, the Grace Association, and Sealed Air are

4  hereafter collectively referred to as "Grace."

5

6      2.7    William V. Culver ("Culver") is a resident of the State of Washington.  At times

7  material to facts alleged in this Complaint, Culver was President of and member of the Board of

8  Directors of Vermiculite-Northwest Inc., a Washington Corporation that manufactured Zonolite

9  Attic Insulation in the Pacific Northwest at vermiculite expansion plants, including its plant in

10  Spokane, Washington.   Further, at times material to facts alleged in this Complaint, Culver was

11  Northwest District Sales Manager for Grace, and in that capacity sold Zonolite Attic Insulation

12  throughout the State of Washington, including Spokane County.

13

14

15          **III.    JURISDICTION AND VENUE**

16      3.1    This Court has subject matter jurisdiction over this civil action.

17      3.2    This Court has personal jurisdiction over each of the parties.

18      3.3    Venue in this matter is proper in Spokane County, State of Washington.

19

20          **IV.    FACTS**

21

22      4.1    Defendants are manufacturers, distributors, and sellers of Zonolite Attic Insulation.

23      4.2    Zonolite Attic Insulation is chiefly composed of expanded vermiculite ore.

24

25

26                                                    4

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - 4

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE WA 99201-0466
(509) 455-9555

SPOKANE\WA\DWS\CLIENT DWS\LIBBY\PLEADINGS\ZONOLITE PROD LIAB COMPLAINT DOC\32400

4.3     The predominant source of vermiculite ore used by Grace in the production of Zonolite Attic Insulation was Grace's vermiculite mine located on Zonolite Mountain, near Libby, Montana.

4.4     Grace transported vermiculite ore from Zonolite Mountain to expansion plants throughout the United States for purposes of manufacturing the finished insulation product, Zonolite Attic Insulation.

4.5     Among those plants to which Libby vermiculite ore was shipped was the Vermiculite-Northwest, Inc., expansion plant located in Spokane, Washington, approximately eight blocks from the Spokane County Courthouse.

4.6     At times material to allegations made in this Complaint, Culver was President of Vermiculite-Northwest, Inc., and member of Vermiculite-Northwest, Inc.'s, Board of Directors. Culver manufactured and sold Zonolite Attic Insulation.

4.7     At times material to allegations made in this Complaint, Culver was Northwest District Sales Manager for Grace. In that capacity, Culver sold Zonolite Attic Insulation throughout the State of Washington, including Spokane County.

4.8     Zonolite Attic Insulation manufactured, distributed, and sold by Defendants was purchased and installed in attics of thousands of homes, businesses, and other properties located throughout the State of Washington.

4.9     Plaintiff, Marco Barbanti, is an owner of real property located two blocks from the Spokane County Courthouse in which Zonolite Attic Insulation manufactured and sold by Defendants was installed, which insulation was manufactured from vermiculite ore originating from Grace's Libby, Montana, mine.

5

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES: 5

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

4.10    Zonolite Attic Insulation manufactured by Defendants from Libby vermiculite ore is contaminated with asbestos, including tremolite, a rare and exceedingly deadly form of asbestos.

4.11    Zonolite Attic Insulation is a loose-fill type insulation. Asbestos contained in Zonolite Attic Insulation takes the form of microscopic dust that is readily suspended, re-suspended, and lofted into the air upon the slightest disturbance of Zonolite Attic Insulation. Once suspended, asbestos fibers maintain their fog-like airborne status for extended periods of time, are readily transported by natural air currents, and represent a continuing source of exposure.

4.12    Tremolite asbestos itself consists of sharp, microscopic needle-like fibers that are readily inhaled and easily pierce and lodge in the lining of the lungs. The lungs are unable to remove tremolite asbestos that penetrates the lung tissue, and fibers are not washed out of the lung tissue by blood. As a result, the assaulted lung areas become inflamed, in time heavily scarred, and ultimately fail to function. For persons inflicted with this slow and lingering disease process, it becomes increasingly difficult to breathe. Ultimately, the person suffocates.

4.13    Asbestos is a virtually indestructible substance. There is no known safe level of exposure to asbestos.

4.14    Asbestos is a known human carcinogen. Inhalation of asbestos fibers, either through chronic exposure or one-time heavy exposure, can lead to mesothelioma (a diffuse cancer which spreads over the lung lining surface), lung cancer, asbestosis, and other pulmonary diseases that are progressive and often fatal.

4.15    Disturbance of Zonolite Attic Insulation exposes individuals to heavy doses of airborne asbestos sufficient to cause mesothelioma, lung cancer, asbestosis, and other serious pulmonary diseases.

6

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES  6

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201
(509) 455-9555

1    4.16    At all times material to allegations made in this Complaint, Defendants had actual

2    knowledge that Zonolite Attic Insulation manufactured from Libby, Montana, vermiculite was

3    dangerously contaminated with asbestos.

4    4.17    At all times material to allegations made in this Complaint, Defendants had actual

5    knowledge that exposure to Zonolite Attic Insulation in the ordinary use of that product, exposed

6    users to dangerous levels of asbestos dust.

7

8    4.18    Zonolite Attic Insulation manufactured by Defendants has caused asbestos

9    contamination to real property in which that product has been installed.

10    4.19    Individuals engaged in ordinary activities commonly associated with property

11    ownership disturb Zonolite Attic Insulation, lofting dangerous levels of asbestos into the air they

12    breathe.  Such activities include use of attic spaces for storage of personal belongings, home

13    maintenance activities that involve accessing attic space, home remodeling, installing or replacing

14    of electrical fixtures, upgrading of attic insulation, and use of attic spaces by children for play.

15

16    4.20    Asbestos dust contained in Zonolite Attic Insulation can readily migrate from attic

17    spaces into living spaces in homes, constituting a present threat to persons occupying those homes.

18    4.21    Individuals engaged in their ordinary use and enjoyment of their real property in

19    which Zonolite Attic Insulation is installed are exposed to levels of asbestos threatening to their

20    health and safety.

21

22    4.22    Persons who own and/or reside in homes insulated with Zonolite Attic Insulation are

23    unaware that Zonolite Attic Insulation contains dangerous levels of asbestos and are unaware of the

24    health risks associated with asbestos.

25

26

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

4.23   Persons who own and/or reside in homes insulated with Zonolite Attic Insulation are unaware that disturbing of Zonolite Attic Insulation exposes individuals to dangerous levels of asbestos.

4.24   Persons who own and/or reside in homes insulated with Zonolite Attic Insulation are unaware that Zonolite Attic Insulation has contaminated their real property.

4.25   Persons who own and/or reside in homes insulated with Zonolite Attic Insulation are unaware that prudence requires limitation of activities so as to avoid exposure to asbestos dust contained in Zonolite Attic Insulation.

4.26   While consumers remain largely unaware of the substantial dangers posed by Zonolite Attic Insulation, Defendants were aware of, and engaged in an intentional pattern and practice of concealing, the dangers associated with Zonolite Attic Insulation.

4.27   From approximately 1930 until 1963, Zonolite Company operated the vermiculite mining and processing plant on Zonolite Mountain.  Grace acquired the Libby vermiculite mine from Zonolite Company in 1963.  Grace had actual knowledge at the time of its purchase that the vermiculate ore from Zonolite Mountain used to manufacture Zonolite Attic Insulation was heavily contaminated with tremolite asbestos.  Grace was aware of reliable estimates that ore originating from Zonolite Mountain regularly contained in excess of 20% asbestos.

4.28   At all times material to facts alleged in this Complaint, Defendants had actual knowledge that asbestos was extraordinarily dangerous and that exposure to even minuscule levels of asbestos causes potentially fatal diseases, including asbestosis, lung cancer, and mesothelioma.

8

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES: 8

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

4.29    Grace was aware of secret medical tests by Zonolite Company that demonstrated that a substantial portion of Zonolite Company's workforce had contracted lung diseases as a result of asbestos contained in the vermiculite used to manufacture Zonolite Attic Insulation.

4.30    In the 1970's, Defendants conducted internal tests confirming high incidents of lung disease among workers exposed to vermiculite used in the manufacture of Zonolite Attic Insulation.

4.31    Despite actual knowledge of the health risks associated with Zonolite Attic Insulation, Defendants continued to aggressively manufacture, promote, distribute, and sell Zonolite Attic Insulation, while concealing and/or failing to disclose the substantial risks of disease associated with asbestos exposure.

4.32    Grace conducted secret animal tests that demonstrated an association between tremolite asbestos and mesothelioma. Despite these findings confirmed by its own tests, Grace publicly denied the existence of a relationship between tremolite asbestos exposure and mesothelioma.

4.33    Despite knowledge of the unreasonable risks to human health, Defendants intentionally chose to not warn the public of health risks associated with Zonolite Attic Insulation. Defendants' decision to conceal from the public such health risks was predicated on Defendants' calculation of the financial reward to Defendants should the public be kept uninformed.

4.34    Until Grace withdrew Zonolite Attic Insulation from the market in 1984, Defendants affirmatively and actively engaged in steps to conceal the toxicity and dangers of Zonolite Attic Insulation from the public and from government agencies charged with police powers to protect public health and safety.

9

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES: 9

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

SPOKANE\...\DOWS\CLIENT DWS\LIBBY\PLEADINGS\ZONOLITE PROD LIAB COMPLAINT [X:X]\24\00

4.35    In 1970, state and federal officials cited various plants belonging to Grace for excessive asbestos exposure levels, and advised Grace that it should provide warning labels on Zonolite Attic Insulation because of the presence of dangerous asbestos dust.  Among the plants for which such warnings were recommended was the Vermiculite-Northwest, Inc., plant located in Spokane, Washington.  Defendants refused to place such warning labels on Zonolite Attic Insulation and misleadingly represented that Zonolite Attic Insulation was safe and did not contain asbestos.

4.36    Grace falsely and/or misleadingly represented to government officials that Zonolite Attic Insulation had been treated with a binder (a substance that would prevent deadly tremolite fibers from being released into the air) while, in fact, no such binder had been successfully developed or applied to Defendants' Zonolite Attic Insulation product.

4.37    Grace failed to test adequately or properly the use of a binder in preventing hazardous exposure to asbestos.

4.38    Although Defendants publicly represented that Zonolite Attic Insulation posed no health hazard, internal Grace memoranda demonstrate that Grace knew that Zonolite Attic Insulation posed an unreasonable risk to human health and that Grace anticipated that government agencies would eventually ban Zonolite Attic Insulation entirely.

4.39    As early as 1977, Grace drafted a press release, stating that it was "sufficiently concerned about the entire issue of asbestos and associated health hazards to discontinue this product [Zonolite Attic Insulation]."  Despite Grace's actual knowledge that Zonolite Attic Insulation posed a substantial hazard to the consuming public, Grace determined to withhold this

10

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES:  10

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

SPOKANE\ \DWS\CLIENT DWS\LIBBY\PLEADINGS\ZONOLITE PROD LIAB COMPLAINT.DOC 3/24/00

important press release, to conceal the health hazards associated with Zonolite Attic Insulation, and to continue to aggressively sell Zonolite Attic Insulation for an additional seven years.

4.40    Defendants had superior knowledge, as compared with the consuming public and government enforcement agencies, with respect to the health dangers posed by Zonolite Attic Insulation, but concealed their knowledge of the health dangers associated with their product because they believed that asbestos contained in Zonolite Attic Insulation would go undetected.

4.41    As a proximate result of Defendants' conduct, there is a present, compelling, and immediate need to provide appropriate warnings to the public of the health dangers associated with Zonolite Attic Insulation.  Necessary warnings include:

4.41.1        Warning that Zonolite Attic Insulation contains tremolite, an especially dangerous form of asbestos, and that persons should avoid exposure to Zonolite Attic Insulation.

4.41.2        Warning that disturbing of Zonolite Attic Insulation exposes individuals to hazardous levels of asbestos.

4.41.3        Warning that persons should not enter or use attic spaces in properties believed to contain Zonolite Attic Insulation, together with advisories on how to identify Zonolite Attic Insulation.

4.41.4        Warning that tests should be conducted on properties where Zonolite Attic Insulation has been disturbed and that disturbance poses a threat that asbestos may have been transported to living spaces of that property.

4.41.5        Warning that property owners and occupants where Zonolite Attic Insulation has been installed should not engage in remodeling or other activities that involve the

11

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES: 11

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

SPOKANE\...\DWS\CLIENT-DWS\LIBBY\PLEADINGS\ZONOLITE PROD LIAB COMPLAINT DOC 9.11400

1  disturbance of Zonolite Attic Insulation until an asbestos containment plan has been established by

2  qualified asbestos abatement personnel.

3      4.42    As a direct and proximate result of Defendants' conduct, real properties of Plaintiff

4  and Class members have been contaminated with asbestos, requiring the development of, and

5  implementation of, an appropriate operations and maintenance program to limit further exposure to

6  dangerous levels of asbestos.

7      4.43    As a direct and proximate result of Defendants' conduct, Plaintiff and Class

8  members will incur substantial costs of property remediation, restoration, and asbestos abatement.

9      4.44    As a direct and proximate result of Defendants' conduct, owners of real property in

10  which Zonolite Attic Insulation has been installed have been interfered with in their use and quiet

11  enjoyment of their real property.

12      4.45    Plaintiff and members of the Class possess property interests in claims against

13  various Grace defendants for harms arising out of conduct asserted in this Complaint.

14      4.46    Grace defendants, in the course of their trade and business, engaged in unfair and

15  deceptive business practices for purposes of causing injury to the property interests of Plaintiff and

16  Class members, including fraudulently shielding the assets of one another for purposes of evading

17  asbestos liability.

18      4.47    Grace defendants' unfair and deceptive business practices have proximately caused

19  injury to Plaintiff and members of the Class in their property, including injury to their property

20  interests in claims asserted in this Complaint.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES  12

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WASHINGTON 99201
(509) 455-9555

## V.  CLASS ACTION ALLEGATIONS

5.1    Plaintiff brings this action as a class action for injunctive, equitable, and monetary relief pursuant to Civil Rule 23(b)(1)(A), 23(b)(2) and 23(b)(3) on behalf of himself and a defined class of similarly situated individuals.  The Class is defined as: All owners or occupiers of real property located in the State of Washington in which Zonolite Attic Insulation has been installed.

5.2    The members of the Class are so numerous that their joinder is impracticable.

5.3    There are questions of law and fact common to the Class.  Members of the Class share a well-defined community of interest in the questions of law and fact that affect members of the Class, which questions predominate over questions solely affecting individual members. Illustrative common issues of law and fact include, but are not limited to:

5.3.1    Whether Zonolite Attic Insulation designed, manufactured, and sold by Defendants is not reasonably safe in its design and/or manufacture in that it contains dangerous levels of readily airborne asbestos.

5.3.2    Whether Defendants failed to provide adequate warnings in connection with Zonolite Attic Insulation.

5.3.3    Whether asbestos, contained in Zonolite Attic Insulation and installed in homes throughout Washington, constitutes a present threat to public health and safety.

5.3.4    Whether Zonolite Attic Insulation installed in homes across Washington constitutes a present threat to health and safety in that owners and occupants engaged in their ordinary use and enjoyment of their properties, will be exposed to dangerous levels of asbestos.

5.3.5    Whether owners and occupiers of properties in which Zonolite Attic Insulation are installed are unaware of, or unappreciative of, dangers posed by this product,

13

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES: 13

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

SPOKANE\WP 2\AW\CLIENT DWS\LIBBY\PLEADINGS\ZONOLITE PROD LIAB COMPLAINT DOC 02/4/00

unaware of safeguards that must be taken to avoid harmful exposure to asbestos, unaware of operations and maintenance practices appropriate to properties where Zonolite Attic Insulation is installed, and unaware of the necessity to, and prudent means by which to, engage in such activities as testing, remediation, removal, or abatement.

5.3.6    Whether Defendants concealed from consumers and government agencies responsible for public health, material information concerning the health hazards associated with Zonolite Attic Insulation.

5.3.7    Whether Defendants' public announcements, statements, or representations concerning Zonolite Attic Insulation were untrue, deceptive, or misleading.

5.3.8    Whether Defendants' public announcements, statements, or representations with respect to Zonolite Attic Insulation had a capacity to deceive a substantial portion of the consuming public.

5.3.9    Whether Grace's uniform practices of representing Zonolite Attic Insulation as asbestos free and safe constitute unfair or deceptive business practices.

5.3.10    Whether preliminary injunctive relief is warranted, including warnings to the public regarding Zonolite Attic Insulation.

5.3.11    Whether members of the Class have suffered harm to their property interests in that the presence of Zonolite Attic Insulation requires property owners and property occupants to restrict their use and quiet enjoyment of their property.

5.3.12    Whether Defendants' conduct with respect to Zonolite Attic Insulation warrants exemplary damages.

14

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES  14

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE WA 99201-0466
(509) 455-9555

5.4    The claims of Plaintiff arise from the same events and course of conduct by Defendants that give rise to the claims of the other Class members. Plaintiff is a member of the Class he seeks to represent and possesses the same interests and has suffered the same injuries as other Class members, making Plaintiff's claims typical of the claims of the Class generally.

5.5    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in complex class actions and products liability litigation.

5.6    Class certification is appropriate pursuant to Civil Rule 23(b)(1)(A) because prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Grace.

5.7    Class certification is appropriate pursuant to Civil Rule 23(b)(2) because Defendants have acted, or refused to act, on grounds generally applicable to the Class, in that Defendants have concealed and failed to disclose hazards associated with Zonolite Attic Insulation, rendering millions of homeowners unaware of present dangers in their homes and causing harms and hardship to those who do learn of this present danger. Defendants' common course of conduct makes appropriate preliminary and final injunctive and declarative relief.

5.8    Class certification is appropriate pursuant to Civil Rule 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and class-wide adjudication of Class members' claims is superior to other available methods for the fair and efficient adjudication of this controversy.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES: 15

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

SPOKANE...LUKINS\CLIENT DWS LIBBY PLEADINGS\ZONOLITE PROD LIAB COMPLAINT DOC 3/23/00

## VI.  CLAIMS FOR RELIEF

6.1    Plaintiff hereby asserts each and every cause of action and remedy at law or in equity supported by facts alleged in this Complaint. Plaintiff's causes of action and remedies at law and in equity include, but are not limited to, each of the following:

## VII.  PRODUCT LIABILITY

7.1    Zonolite Attic Insulation is not reasonably safe in design and not reasonably safe in its manufacture in that it contains readily-loftable asbestos, exposing owners and occupiers of property to unreasonable dangers of injury and damage, proximately causing harm to Plaintiff and Class members. Harms suffered include, but are not limited to, contamination of real and personal property, costs of testing, costs of property remediation, costs of tremolite containment, costs of asbestos abatement, and costs and hardship resulting from reasonable effort to avert harm, including interference with Class members' use and enjoyment of real property.

7.2    Zonolite Attic Insulation manufactured by Defendants is defective in its design and formulation in that it poses dangers beyond that contemplated by an ordinary consumer, which dangers proximately caused harm to Plaintiff and Class members. Harms include, but are not limited to, contamination of real and personal property, costs of testing, costs of property remediation, costs of asbestos containment, costs of asbestos abatement, and costs and hardship resulting from reasonable effort to avert harm, including interference with Class members' use and enjoyment of real property.

7.3    Zonolite Attic Insulation was not accompanied by appropriate or adequate warnings and not accompanied by appropriate or adequate instructions concerning the safe use, handling, or installation of the product, proximately causing harm to Plaintiff and Class members. Harms

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES: 16

16

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
35 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE WA 99201-0466
(509) 455-9555

suffered include, but are not limited to, contamination of real and personal property, costs of testing, costs of property remediation, costs of asbestos containment, costs of asbestos abatement, and costs and hardship resulting from reasonable effort to avert harm, including interference with Class members' use and enjoyment of real property.

7.4    Zonolite Attic Insulation manufactured by Defendants was defective due to inadequate post-marketing warnings and/or instructions in that Defendants acquired actual knowledge of risks to health posed by Zonolite Attic Insulation, but failed to provide adequate warnings to users, consumers, or the public, proximately causing harm to Plaintiff and Class members. Harms suffered include, but are not limited to, contamination of real and personal property, costs of testing, costs of property remediation, costs of asbestos containment, costs of asbestos abatement, and costs and hardship resulting from reasonable effort to avert harm, including interference with Class members' use and enjoyment of real property.

7.5    Defendants had a duty to exercise reasonable care in the manufacture, testing, distribution, and sale of Zonolite Attic Insulation, including a duty to ensure that its product did not pose unreasonable risk of harm to consumers and users.

7.6    Defendants failed to exercise reasonable care in the manufacture, testing, distribution, and sale of Zonolite Attic Insulation, proximately causing harm to Plaintiff and members of the Class. Harms suffered include, but are not limited to, contamination of real and personal property, costs of testing, costs of property remediation, costs of asbestos containment, costs of asbestos abatement, and costs and hardship resulting from reasonable effort to avert harm, including interference with Class members' use and enjoyment of real property.

17

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES. 17

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

SPOKANE: N:\1 DWS CLIENT DWS LIBRY PLEADINGS ZONOLITE PROD LIAB COMPLAINT DOC A24.00

## VIII.  UNFAIR AND DECEPTIVE BUSINESS PRACTICES

8.1     Defendants engaged in a uniform practice of issuing material misrepresentations of fact regarding the safety of Zonolite Attic Insulation and tremolite, including misrepresentations to consumers, governmental officials, and the general public.  Standardized misrepresentations include, but are not limited to, the misrepresentation that tremolite is not hazardous, that Zonolite Attic Insulation is safe, and that Zonolite Attic Insulation is a "non-asbestos product."

8.2     Defendants knew, or are appropriately charged with knowledge, that Zonolite Attic Insulation poses substantial and unreasonable risks to human health and that asbestos contained in Zonolite Attic Insulation is a cause of potentially fatal diseases including asbestosis, lung cancer, and mesothelioma.

8.3     Defendants knew that its representations regarding Zonolite Attic Insulation and tremolite were untrue and/or recklessly or negligently made such representations without regard to their truth or falsity.

8.4     Defendants made the aforementioned misrepresentations with the intent to deceive and to induce the general public and members of the Class to purchase and use Zonolite Attic Insulation.

8.5     Class members and the general consuming public reasonably and justifiably relied upon the truth and completeness of Defendants' representations.  In the exercise of reasonable diligence, Class members and the general public could not have discovered the defects and hazards of Zonolite Attic Insulation concealed by Defendants.

8.6     Defendants, with the intent to sell Zonolite Attic Insulation and to induce the public to purchase this product, published, disseminated, and placed before the public, standardized

18

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-3946
(509) 455-9555

SPOKANE \ ... DAY\CLIENT DWS\LIBBY\PLEADINGS\ZONOLITE PR'D LIAB COMPLAINT DOC S 74400

announcements, statements, and representations that contained untrue, deceptive, and misleading claims about the safety and character of Zonolite Attic Insulation.

8.7     Defendants' untrue, deceptive, and misleading representations had a tendency to deceive, or capacity to mislead, a substantial portion of the purchasing public.

8.8     Defendants' unfair and deceptive acts and practices impacted the public interest in that it has exposed the public to substantial risks to health and safety.

8.9     Grace defendants, in the course of their business and trade, engaged in unfair and deceptive business practices in an effort to fraudulently conceal the assets of one another so as to evade anticipated asbestos liability, including anticipated liability arising out of Defendants' manufacture, distribution, and sale of Zonolite Attic Insulation, causing injury to Plaintiff and members of the Class in their property.

8.10    Class members have suffered injury to their business and/or property as a direct and proximate result of the unfair, misleading, and deceptive trade practices of Defendants.  Losses suffered include, but are not limited to, contamination of real and personal property, costs of testing, costs property remediation, costs of asbestos containment, costs of asbestos abatement, and costs and hardship resulting from reasonable effort to avert harm, including interference with Class members' use and enjoyment of real property.

IX.    **INJUNCTIVE RELIEF**

9.1     Plaintiff and members of the Class have no complete, speedy, or adequate remedy at law with respect to present and continuing dangers to public health and safety posed by Defendants' product.

19

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES: 19

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

9.2     Absent preliminary and final injunctive relief, Plaintiff, Class members, and the public at large, will suffer irreparable injury, including:

9.2.1   Unknowing exposure to hazardous levels of asbestos.

9.2.2   Risks of contracting serious and commonly fatal diseases caused by exposure to asbestos.

9.2.3   Unknowing and inadvertent contamination of real and personal property with hazardous levels of asbestos.

9.2.4   Risks of engaging in ordinary uses of real property that spread dangerous levels of asbestos and expose persons to hazardous levels of asbestos.

9.3     Plaintiff and Class members are entitled to preliminary and final injunctive relief appropriate to safeguarding the public and themselves from exposure to Defendants' product.

## X.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter an order, decree, and judgment in favor of the Class and against Defendants, and each of them, as follows:

1.      An order certifying this action as a class action, or appropriate subclasses or issues thereof pursuant to Civil Rule 23(c)(4), appointing named Plaintiff as a Class Representative, and designating undersigned counsel as counsel for the Class;

2.      Interim and final orders establishing a Defendant-funded Court-supervised identification program which, through use of Defendants' records, sales records, publication, and other means, will identify homes and buildings containing Zonolite Attic Insulation, together with

20

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES: 20

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE WA 99201-0466
(509) 455-9555

SPOKANE\_\_\_DWS\CLIENT DWS\LIBBY\PLEADINGS\ZONOLITE FRCD CLASS COMPLAINT 12/11/43 E:09

a testing program to verify the suspected existence of Zonolite Attic Insulation in homes and other buildings.

3.     Interim and final orders establishing a Defendant-funded Court-supervised notification program that issues timely and pertinent warnings and information to property owners, public and private health agencies, and members of the building trades, including:

    a.     Warning that Zonolite Attic Insulation contains asbestos and that persons should avoid exposure to Zonolite Attic Insulation.

    b.     Pertinent advisories regarding how to locate and identify Zonolite Attic Insulation.

    c.     Warning that disturbance of Zonolite Attic Insulation exposes individuals to hazardous levels of asbestos.

    d.     Warning that persons should not enter areas containing Zonolite Attic Insulation without taking appropriate safety precautions.

    e.     Warning that tests should be conducted on properties where Zonolite Attic Insulation has been disturbed or where asbestos dust from Zonolite Attic Insulation may have been transported into living spaces.

    f.     Warning that property owners and occupants should not engage in remodeling or other building activities that risk disturbance of Zonolite Attic Insulation, and that such remodeling and building activities should be performed only by qualified personnel and in accordance with an asbestos containment plan.

4.     A final order establishing a Defendant-funded Court-supervised health and safety research and education trust, which conducts pertinent research and disseminates relevant findings to Class members, to public and private health agencies, to professional building trades associations, and to property owners, the missions of the trust to include development of a specialized operations and maintenance program that sets forth safety procedures and remediation techniques appropriate to Zonolite Attic Insulation contamination.

21

5.    A final order establishing a Defendant-funded Court-supervised remediation and containment program and fund, which will provide to Class members:

    a.    Information, techniques, procedures, and protocols for safe containment of the asbestos hazards during anticipated activities of repair, remodeling, storage, or other use of attic space, venting ceiling fans, etc.

    b.    Training, equipment, funding, and other assistance necessary to ensure a safe environment in homes and other buildings during and following repair, maintenance, remodeling, and other activities which disturb Zonolite Attic Insulation.

    c.    Training, equipment, funding, and other assistance necessary to contain and control asbestos hazards from undisturbed Zonolite Attic Insulation so as to ensure a safe environment in homes and other buildings during normal anticipated use.

6.    A judgment in favor of the Class and against Defendants, jointly and severally, in an amount to be determined at the time of trial to compensate Class members for damages suffered;

7.    An award of punitive damages against Defendants to punish and deter like conduct by others;

8.    An award of attorneys' fees and costs of suit as allowed by law; and

9.    For such other relief as the Court may deem just and equitable.

DATED this 24th day of March, 2000.

22

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES. 22

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

SPOKANE\WLG\1\WSCLIENT DAWN\LIBBY\PLEADINGS\ZONOLITE PROD LIAB COMPLAINT DOC 32400

LUKINS & ANNIS, P.S.

By

Darrell W. Scott, WSBA# 20041
Michael G. Black, WSBA #19218
Mischelle R. Fulgham, WSBA #22210
Tonya R. Hanson, WSBA #29398
LUKINS & ANNIS, P.S.
1600 Washington Trust Financial Cntr
717 W Sprague Ave.
Spokane, WA 99201-0466
Telephone: (509) 455-9555
Facsimile: (509) 747-2323

Elizabeth J. Cabraser, CSB # 083151
Richard M. Heimann, CSB # 063607
Donald C. Arbitblit, CSB # 122744
Fabrice N. Vincent, CSB # 160780
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Edward J. Westbrook
Robert M. Turkewitz
Edward B. Cottingham, Jr.
Frederick J. Jekel
Christy Gruenloh
NESS MOTLEY LOADHOLT RICHARDSON
& POOLE
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9440

Steven J. Toll
Tamara J. Driscoll, MSBA # 4498
COHEN, MILSTEIN, HAUSFELD & TOLL,
P.L.L.C.
999 Third Avenue, Suite 3600
Seattle, WA 98104
Telephone: (206) 521-0080
Facsimile: (206) 521-0166

23

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES: 23

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99201-0466
(509) 455-9555

SPOKANE\...DW\S\CLIENT\DWS\LIBBY\PLEADINGS\ZONOLITE PROD LIAB COMPLAINT.DOC V2400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Richard S. Lewis
COHEN, MILSTEIN, HAUSFELD & TOLL
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3934
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Jon L. Heberling
Roger M. Sullivan
Allan M. McGarvey
McGARVEY, HEBERLING, SULLIVAN &
McGARVEY, P.C.
745 South Main
Kalispell, MT 59901
Telephone: (406) 752-5566
Facsimile: (406) 752-7124

Attorneys for Plaintiff

24

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES  24

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE ORGANIZATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA  99201-0466
(509) 455-9555

SPOKANE: VOL.22 A:\CLIENT DWS\LIBBY\PLEADINGS\ZONOLITE PROD LIAB COMPLAINT DOC V2.600