# Exhibit C

02/08/01  15:49 FAX 509 458 339⁰    PERKINS COIE    → JAMES RESTIVO    ☒005/044

COPY
ORIGINAL FILED
FEB 08 2001
SUPERIOR COURT
SPOKANE COUNTY WA

RECEIVED
FEB 08 2001
PAINE, HAMBLEN,
COFFIN, BROOKE & MILLER

RECEIVED
FEB 08 2001
LUKINS & ANNIS, P.S.

THE HONORABLE KATHLEEN M. O'CONNOR

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SPOKANE COUNTY

| | |
|---|---|
| MARCO BARBANTI, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>W. R. GRACE & COMPANY-CONN (a Connecticut corporation); W. R. GRACE & COMPANY (a Delaware corporation); W. R. GRACE & CO., a/k/a GRACE, an association of business entities; and WILLIAM V. CULVER, resident of the State of Washington,<br><br>Defendants. | NO. 00201756-6<br><br>THE GRACE DEFENDANTS' MOTION TO POSTPONE PUBLICATION OF CLASS NOTICE PENDING DETERMINATION OF CLASS DEFINITION AND APPELLATE REVIEW OF CLASS CERTIFICATION ORDER<br><br>MOTION NO. 16 |

    Defendants W.R. Grace & Company-Conn, W.R. Grace & Company, and William V. Culver (hereinafter "the Grace defendants") respectfully move the Court for an order postponing the publication of class notice pending (1) this Court's decision on Grace's *Motion to Modify the Class Definition (Motion No. 14)*; and (2) appellate review of this Court's *Order Granting Plaintiff's Motion for Class Certification Pursuant to CR 23(b)(2) (Motion No. 1)*. This motion is based on CR 23(d) and RCW 2.28.010, and it is supported by the accompanying memorandum of law.

MOTION TO POSTPONE PUBLICATION OF CLASS
NOTICE (MOTION NO. 16) - 1
[/SL010330408.DOC]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

DATED: February 8, 2001.

PERKINS COIE LLP

By /s/ V. L. Woolston Jr.
V. L. Woolston Jr., WSBA #9453
Rocco N. Treppiedi, WSBA #9137
Todd W. Rosencrans, WSBA #26551

Attorneys for defendants W.R. Grace & Company-Conn, W.R. Grace & Company, and William V. Culver

MOTION TO POSTPONE PUBLICATION OF CLASS
NOTICE (MOTION NO. 16)- 2
[/SL010330402.DOC]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 8, 2001, a true and correct copy of the foregoing THE GRACE DEFENDANTS' MOTION TO POSTPONE PUBLICATION OF CLASS NOTICE PENDING DETERMINATION OF CLASS DEFINITION AND APPELLATE REVIEW OF CLASS CERTIFICATION ORDER was delivered to the following counsel:

Darrell Scott  
Lukins & Annis LLP  
1600 Washington Trust Financial Ctr.  
717 West Sprague Avenue  
Spokane, WA 99204

Donald Stone  
Paine, Hamblen, Coffin, Brooke  
  & Miller, LLP  
1200 Washington Trust Financial Ctr.  
717 West Sprague Avenue  
Spokane, WA 99204

_____  
Renee R. Stewart

MOTION TO POSTPONE PUBLICATION OF CLASS  
NOTICE - 3  
MOTION NO. 16  
[/DOCUMENT.01.DOC]

PERKINS COIE LLP  
1201 Third Avenue, Suite 4800  
Seattle, Washington 98101-3099  
(206) 583-8888

02/08/01 15:49 FAX 509 458 3399    PERKINS COIE    → JAMES RESTIVO    ☒008/044

RECEIVED
FEB 0 8 2001
PAINE, HAMBLEN,
COFFIN, BROOKE & MILLER

RECEIVED
FEB 0 8 2001
LUKINS & ANNIS, P.S.

COPY
ORIGINAL FILED
FEB 08 2001
SUPERIOR COURT
SPOKANE COUNTY, WA

THE HONORABLE KATHLEEN M. O'CONNOR

# SUPERIOR COURT OF THE STATE OF WASHINGTON
# FOR SPOKANE COUNTY

| | |
|---|---|
| MARCO BARBANTI, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>W.R. GRACE & COMPANY-CONN (a Connecticut corporation); W.R. GRACE & COMPANY (a Delaware corporation); W.R. GRACE & CO., aka GRACE, an association of business entities; SEALED AIR CORPORATION (a Delaware corporation); and WILLIAM V. CULVER, resident of the State of Washington,<br><br>Defendants. | NO. 00201756-6<br><br>MEMORANDUM SUPPORTING THE GRACE DEFENDANTS' MOTION TO POSTPONE PUBLICATION OF CLASS NOTICE PENDING DETERMINATION OF CLASS DEFINITION AND APPELLATE REVIEW OF CLASS CERTIFICATION ORDER<br><br>MOTION NO. 16 |

Defendants W.R. Grace & Company-Conn, W.R. Grace & Company and William V. Culver (hereinafter "the Grace defendants"), respectfully submit this memorandum in support of their *Motion To Postpone Publication of Class Notice Pending Determination of Class Definition and Appellate Review of Class Certification Order*.

MEMO SUPPORTING MOTION TO POSTPONE
PUBLICATION OF CLASS NOTICE (MOTION NO. 16)– 1
[/SL010320560.DOC]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

## I.    PROCEDURAL BACKGROUND

By order dated December 19, 2000, the Court certified this case as a class action under CR 23(b)(2). See *Order Granting Plaintiff's Motion for Class Certification Pursuant to CR 23(b)(2) (Motion No. 1)* (hereinafter "*Class Certification Order*"). By order dated January 29, 2001, the Court denied plaintiff's request for a preliminary injunction and issuance of an emergency warning notice regarding the alleged hazards of Zonolite Attic Insulation (ZAI). See *Court Order (1) Denying Motion for Preliminary Injunction; (2) Denying Motion for Emergency Notice; and (3) Directing that the Parties Submit a Neutral Class Notice Pursuant to CR 23(d)(2) (Motion No. 2)* (hereinafter "*Order Denying Injunction*").

Although this Court has recognized that no notice is required in a CR 23(b)(2) class action, it nonetheless indicated in its *Order Denying Injunction* that it will exercise its discretion under CR 23(d)(2) to issue a *neutral* class action notice in this case to inform potential class members of the pendency of the action, the identity of the parties, and the nature of the claims and defenses being asserted. As contemplated in the Court's *Order Denying Injunction*, the parties have each submitted to the Court a proposed form of class notice, and the Court is scheduled to hear oral argument regarding these proposals on February 9, 2001. The Court is also scheduled to hear oral argument that day on the Grace defendants' *Motion To Modify Class Definition (Motion No. 14)* (hereinafter, "*Motion to Modify*").

On January 17, 2001, the Grace defendants filed a timely notice for discretionary review of the *Class Certification Order*. Grace's *Motion for Discretionary Review* is scheduled for hearing in the Washington Court of Appeals, Division III, on March 13, 2001, at 10:00 a.m.

MEMO SUPPORTING MOTION TO POSTPONE
PUBLICATION OF CLASS NOTICE (MOTION NO. 16)–2
[/SL010320560.DOC]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

## II. SUMMARY OF GROUNDS FOR RELIEF SOUGHT

The Grace defendants respectfully request that this Court postpone publication of class notice in this matter pending (1) its decision on Grace's *Motion to Modify* and (2) appellate review of the *Class Certification Order*. The Grace defendants are not seeking to postpone or stay any other activity in this action. All other proceedings in the case—including finalizing the content of the notice and the design of the notice plan, merits discovery, and all other routine pre-trial activities—can continue unabated while this Court evaluates the appropriateness of the plaintiff's class definition and the Court of Appeals decides whether it will accept interlocutory review of the *Class Certification Order*. Postponing the publication of class notice pending appellate review will not delay the proceedings before this Court in any way. Moreover, because notice is not required in a CR 23(b)(2) class action, postponing the publication of an initial class notice in this case will not prejudice the named plaintiff or any absent class member.

By contrast, if class notice is published prior to appellate review of the *Class Certification Order*, and the Court of Appeals later reverses or modifies that *Order*, the defendants will suffer irreparable harm, and the cost of the litigation will have been needlessly increased for all concerned. A short delay while (1) this Court considers the appropriateness of plaintiff's class definition, and (2) the Court of Appeals decides whether to review the *Class Certification Order*, may well save the parties, the Court and thousands of Washington citizens from experiencing the costly consequences that would flow from a premature or improvident class notice. This Court should postpone publication of class notice to give itself

MEMO SUPPORTING MOTION TO POSTPONE
PUBLICATION OF CLASS NOTICE (MOTION NO. 16)- 3
[SEAL01012705A9.DOC]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099

02/08/01 15:51 FAX 509 458 3390    PERKINS COIE    → AMES RESTIVO    ☒011/044

time to re-evaluate the class definition and to give the Court of Appeals an opportunity to decide whether interlocutory appellate review is appropriate.[1]

### III.  ARGUMENT AND AUTHORITIES

**A.  This Court Has the Authority to Postpone Publication of Class Notice Pending Appellate Review of the Class Certification Decision.**

Pursuant to CR 23(d), and its inherent power to control its own docket, this Court undoubtedly has the authority to postpone publication of class notice pending its resolution of Grace's *Motion to Modify* and appellate review of the *Class Certification Order*. The decision to provide notice to a CR 23(b)(2) class is itself a matter of discretion vested in trial courts by CR 23(d). Subsection (d) of CR 23 is a catch-all management tool that is concerned with "the fair and efficient conduct of the action." 3A Lewis H. Orland, Karl B. Tegland, WASHINGTON PRACTICE: RULES PRACTICE, CR 23, 566 (4th ed. 1992). Among other things, CR 23(d) authorizes trial courts to "make appropriate orders . . . determining the course of proceedings," and to provide notice to class members "in such manner as the court may direct." CR 23(d)(1) and (d)(2). Because the decision to provide notice to a (b)(2) class is discretionary, it follows that the *timing* of the publication of that notice is also within the trial court's broad discretion to manage class actions under CR 23(d). See WASHINGTON PRACTICE supra at 566 (CR 23(d) "does not require notice at any stage, but rather calls attention to its availability and invokes the court's discretion.").

---

[1] If the Court of Appeals declines to undertake interlocutory review of the *Class Certification Order*, then the class notice (which will have been finalized in the interim) can issue forthwith. If the Court of Appeals accepts review, then it will be particularly important that a class action notice *not* be published until appellate review is complete.

MEMO SUPPORTING MOTION TO POSTPONE
PUBLICATION OF CLASS NOTICE (MOTION NO. 16)—4
[/SL010320560.DOC]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

Further, RCW 2.28.010(3) extends to every Washington court the authority "[t]o provide for the orderly conduct of proceedings before it." It is well-settled that the ability to stay proceedings is incidental to a court's inherent power to control its own docket. See, e.g., Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); State v. Decker, 68 Wn. App. 246, 248 (1992) (noting that the trial court granted the defendant's motion to stay proceedings pending discretionary appellate review); Mentor v. Nelson, 31 Wn. App. 615, 620 (1982) (trial courts possess the inherent power to stay proceedings). As other courts have recognized, the power to stay proceedings pending appellate review of a class certification decision falls comfortably within a trial court's inherent authority to control its own proceedings. See, e.g., The National Asbestos Workers Medical Fund v. Philip Morris, Inc., 2000 U.S. Dist. LEXIS 13910 (E.D.N.Y., Sept. 26, 2000) (staying case pending interlocutory appeal of class certification decision); Castano v. The American Tobacco Co., 162 F.R.D. 112, 117-118 (E.D. La. 1995) (same).

Since this Court could rightly stay the entire case pending appellate review of its class certification decision, it follows *a fortiori* that the Court has the power to merely postpone the publication of the initial class notice, while allowing all other aspects of the case to proceed in the ordinary course. As explained below, the irreparable harm that would flow from premature or improvident publication of class notice militates strongly in favor of postponing such publication until the Court has ruled on Grace's *Motion to Modify* and the Court of Appeals has decided whether it will undertake interlocutory review of the *Class Certification Order*.

MEMO SUPPORTING MOTION TO POSTPONE
PUBLICATION OF CLASS NOTICE (MOTION NO. 16)- 5
[/SL010320560.DOC]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

### B. The Balance of Hardships And The Efficient Conduct of This Case Favor Postponement of Class Notice Pending Appellate Review of the Class Certification Decision.

A short delay in publishing class notice pending appellate review will promote the efficient conduct of this case and will not prejudice plaintiff or the absent class members in any way. By contrast, premature class notice may cause irreparable damage to the defendants, and potentially thousands of innocent Washington citizens, should the Court of Appeals decide to modify or decertify the class.

#### 1. Postponing class notice will not prejudice plaintiff or the absent class members, and will not delay proceedings in this case.

Postponing publication of class notice pending appellate review of the class certification decision will not harm plaintiff or the absent class members in any way. First, as this Court has already determined, there is no public health "emergency" that justifies the issuance of an emergency warning notice under CR 65. *Order Denying Injunction*, p. 4, lines 7-10. Second, because a CR 23(b)(2) class action is "mandatory" in nature, class members cannot withdraw or "opt out" of the class. For that reason, no class notice is even required in this type of class action. Thus, a short delay in the publication of a class notice (that is entirely discretionary) will not prejudice the position of any absent class member.

To the contrary, postponing the publication of an initial class notice may save significant costs under the circumstances of this case. In order to reach class members throughout Washington, plaintiff's counsel proposes extensive advertising through mass media, including newspapers and national magazines, and the establishment of an internet web site. Plaintiff's counsel has estimated that it will cost $136,088.00 to implement their Revised Notice Plan. If class notice is published in the fashion plaintiffs have requested, and subsequently the Court of Appeals concludes that the class was erroneously certified, or that

MEMO SUPPORTING MOTION TO POSTPONE
PUBLICATION OF CLASS NOTICE (MOTION NO. 16)- 6
[/SL010320560.DOC]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

02/08/01 15:52 FAX 509 458 3399    PERKINS COIE    → JAMES RESTIVO    ☒014/044

the class definition is overbroad or otherwise defective, then the entire cost of the initial publication will have been wasted and an *additional notice* will have to be issued to retract the inaccurate information conveyed in the initial notice.[2] The cost of publishing the retraction notice would presumably duplicate the wasted cost of the original notification.

Finally, postponing the publication of class notice pending appellate review of the class certification decision will not delay the orderly progress of this case in the trial court. All aspects of discovery and trial preparation before this Court can proceed unabated.

2. **A premature and/or improvident class notice will prejudice the defendants in this litigation, impair the defendants' rights in similar proceedings in other courts, and prejudice or confuse innocent property owners.**

Premature class notice would result in severe hardship to the defendants and potentially to the owners (or prospective owners) of homes in which ZAI has been installed, both in Washington and around the nation. The Grace defendants contend that ZAI poses no health hazard to the general public or to the persons who reside in houses where it has been installed. As the Court noted in denying plaintiff's motion for an emergency warning notice, it is premature to assume that ZAI presents a hazard to anyone. See *Order Denying Injunction*, p. 4, lines 7-10. Through its publication on the internet and in widely-read newspapers and magazines, however, the proposed class notice will reach millions of people around the nation. No matter how "neutral" the notification language, many readers will be caused to question the safety of ZAI based solely on the recitation of the plaintiff's allegations or, worse, they will simply *assume*, based on the mere pendency of the litigation, that ZAI must pose some

---

[2] Even a widely published retraction would not undo the collateral damage resulting from the publication of an erroneous class notice.

MEMO SUPPORTING MOTION TO POSTPONE
PUBLICATION OF CLASS NOTICE (MOTION NO. 16)- 7
[/SL010320560.DOC]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

sort of a hazard. The notice will inevitably impact the defendants' reputations and their goodwill *regardless of the outcome of the ongoing appellate process*. It will be impossible to rectify this damage after it has been done. There will be no way for the defendants to "unring the bell" if the Court of Appeals later modifies or decertifies the class.

Publication of an erroneous class notice would also needlessly and unfairly impair Grace's ability to defend itself in this litigation *and* in similar ZAI litigation pending in other state and federal courts around the country. If class notice is published prior to appellate review in this case, it is inevitable that thousands of prospective jurors, in Washington and elsewhere, will see and be influenced by the unproven allegations recited in the notice. If it turns out that class certification was erroneous, and class notice was unnecessary, Grace's right to a fair and impartial jury in all of these cases will have been needlessly prejudiced.

Finally, the publication of class notice prior to appellate review may also adversely and unfairly impact the public's perception of the value of homes containing ZAI, with serious consequences for the owners and prospective owners of those homes. Once a property owner is put on notice that his or her property contains an allegedly dangerous building component, state and local reporting requirements may be triggered. The required disclosures could affect property values, *even though the plaintiff's allegations in this case remain disputed and unproved*. Should the Court of Appeals modify or decertify the class, the damage to these innocent third parties will be irreparable. Postponing the publication of class notice pending appellate review of the *Class Certification Order* will avoid all of these potential harms.

## IV. CONCLUSION

For the foregoing reasons, the Grace defendants respectfully request that this Court postpone publication of class notice pending (1) its decision on Grace's *Motion to Modify* and (2) appellate review of the *Class Certification Order*.

MEMO SUPPORTING MOTION TO POSTPONE
PUBLICATION OF CLASS NOTICE (MOTION NO. 16)- 8
[/SL010320560.DOC]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

Respectfully submitted this 8th day of February, 2001.

PERKINS COIE LLP

By: _____
Rocco N. Treppiedi, WSBA #9137
V. L. Woolston, Jr., WSBA #9455
Todd W. Rosencrans, WSBA #26551
Attorneys for Defendants W.R. Grace &
Company-Conn, W.R. Grace & Company,
and William Culver

MEMO SUPPORTING MOTION TO POSTPONE
PUBLICATION OF CLASS NOTICE (MOTION NO. 16)- 9
[SL010320560.DOC]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 8, 2001, a true and correct copy of the foregoing MEMORANDUM SUPPORTING THE GRACE DEFENDANTS' MOTION TO POSTPONE PUBLICATION OF CLASS NOTICE PENDING DETERMINATION OF CLASS DEFINITION AND APPELLATE REVIEW OF CLASS CERTIFICATION ORDER was delivered to the following counsel:

| | |
|---|---|
| Darrell Scott<br>Lukins & Annis LLP<br>1600 Washington Trust Financial Ctr.<br>717 West Sprague Avenue<br>Spokane, WA 99204 | Donald Stone<br>Paine, Hamblen, Coffin, Brooke<br>  & Miller, LLP<br>1200 Washington Trust Financial Ctr.<br>717 West Sprague Avenue<br>Spokane, WA 99204 |

_Renee R. Stewart_
Renee R. Stewart

MEMO SUPPORTING MOTION TO
POSTPONE PUBLICATION OF CLASS
NOTICE (MOTION NO. 16)– 10
[/SL010320560.DOC]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888