# EXHIBIT A

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | | **W. R. GRACE & CO. ZAI PROOF OF CLAIM FORM** |
|---|---|---|
| W. R. Grace & Co., et al. | Case No. 01-1139 | |
| **NOTE:** Use this form ~~only~~ if you have a ZAI Claim against any of the Debtors.  The ZAI Bar Date ~~does not include~~ includes  claims affecting property located ~~outside of~~ in Canada and the United States ~~or any.~~  The ZAI Bar Date does not include claims relating to personal injury. | | |
| Name of Creditor (The injured person or other entity to whom the Debtor(s) owe money or property): | | THIS SPACE IS FOR COURT USE ONLY |
| Name and address where notices should be sent:<br><br><br>Telephone Number: | | |
| 1. **Building Information:**<br><br>a. **Address of the building that contains ZAI:**<br><br>_____<br><br>b. **Approximate date the building was constructed:**<br><br>_____<br><br>c. **Approximate date ZAI was installed in the building:**<br><br>_____<br><br>d. **Location within building where ZAI is located:**<br><br>_____<br><br>e. **What is your legal interest in the building (i.e., own or lease)?**<br><br>_____<br><br>f. **Date of removal of ZAI (if applicable):**<br><br>_____<br><br>**\*\*\*Attach any backup documents to this form that are related to these questions.** | THIS SPACE INTENTIONALLY LEFT BLANK | |
| 2. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | | This Space is for Court Use Only |
| Date: | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): | |

**GENERAL INSTRUCTIONS FOR COMPLETING THE W. R. GRACE & CO.
ZAI PROOF OF CLAIM**

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

**THE ZAI BAR DATE, AS DEFINED HEREIN, APPLIES ONLY TO ZAI CLAIMS, AS DEFINED BELOW.**

**The ZAI Bar Date applies only to ZAI Claims. It does not apply to ~~claims regarding property located outside of the United States or~~ any claims relating to personal injury.**

**– GENERAL DEFINITIONS –**

*"ZAI Bar Date"* is _____, the date set by the Court as the date by which all persons and entities who have ZAI Claims against the Debtors must file proofs of claim or be forever barred from asserting any such claims against the Debtors.

*"Debtors"* are the persons, corporations, or other entities listed below that have filed voluntary petitions for bankruptcy, and *"Debtor"* is any one of them, individually.

*"Creditor"* is any person, corporation, or other entity to whom the debtor owed a debt on the date the bankruptcy case was filed.

*"Petition Date"* is April 2, 2001, the date on which the Debtors each filed voluntary petitions for bankruptcy under Chapter 11 of Title 11 of the United States Code.

*"ZAI POC" or "ZAI Proof of Claim"* is the W. R. Grace & Co. ZAI Proof of Claim which must be submitted by you on or before the ZAI Bar Date. It is the form that tells the bankruptcy court about your ZAI Claim. This form must be filed with the Claims Processing Agent as described below.

**– THE DEBTORS –**

The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc.), Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**–DEFINITION OF ZONOLITE ATTIC INSULATION OR "ZAI" CLAIM –**

The Debtors have created a ZAI Proof of Claim form for ZAI Claims. Such claims are defined as follows:

*"Zonolite Attic Insulation Claims"* or *"ZAI Claims"* are claims that relate to the cost of removal, diminution of property value or economic loss allegedly caused by Zonolite Attic Insulation manufactured by the Debtors and installed in buildings that are located in the United States of America. Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, creating a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and whether such claim, debt, obligation or liability is in the nature of or sounding in tort, contract, warranty or any other theory of law or

equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way marketed by one of the Debtors -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages.  Zonolite Attic Insulation is a loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos.  It was sold from the 1920/1930s to 1984.  Zonolite may have a glittery granular appearance.  The granules are shaped like a small nugget and expanded like an accordion and may have a silvery, gold translucent or brownish cast.  After years in the attic, however, the granules may darken to black or gray.  Zonolite may be found underneath subsequently installed insulation of other types such as rolled fiberglass insulation.  ZAI Claims do not include claims regarding property located outside of~~in~~ the United States or~~and Canada, but do not include~~ any claims relating to personal injury.

**The ZAI Bar Date for filing ZAI Claims is _____ , at 5:00 P.M. Eastern Time.**

*Be sure to date the claim and place the original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form.  Please type or print name of individual under the signature.  Be sure all items are answered on the claim form.  If not applicable, insert "Not Applicable".*

**RETURN ZAI PROOF OF CLAIM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:**

|  |  |  |
|---|---|---|
| **By Mail:** | | **By Hand Delivery:** |
| Rust Consulting, Inc. | | Rust Consulting, Inc. |
| Claims Processing Agent | **Or** | Claims Processing Agent |
| Re:  W. R. Grace & Co. Bankruptcy | | Re:  W. R. Grace & Co. Bankruptcy |
| P.O. Box 1620 | | 201 S. Lyndale Ave. |
| Faribault, MN  55021-1620 | | Faribault, MN 55021 |

**– SPECIFIC INSTRUCTIONS FOR COMPLETING THE ZAI PROOF OF CLAIM –**

1.  The ZAI Proof of Claim must be completed by individual holders of ZAI Claims.  If a class claim was filed on your behalf, you must still file a ZAI Proof of Claim.  However, if you assert claims against more than one Debtor, you do not need to file a separate ZAI Proof of Claim against each applicable Debtor.  The Debtors' Chapter 11 Plan currently contemplates a consolidation of the Debtors for Plan purposes whereby claims will be paid by the consolidated Debtors' estates.  If consolidation for Plan purposes is not ultimately allowed by the Court, you will have the opportunity to assert your claim against the applicable Debtor or Debtors.

2.  Please read the ZAI Proof of Claim carefully and fill it in completely and accurately.

3.  Print legibly.  Your claim may be disallowed if it cannot be read and understood.

4.  The ZAI Proof of Claim must be completed in English.

5.  Attach additional pages if more space is required to complete the ZAI Proof of Claim.

6.  To obtain verification that your proof of claim was received by the claims agent, include a copy of the completed form and a self-addressed, postage prepaid return envelope when you file the ZAI Proof of Claim with Rust Consulting, Inc.

7.  The claimant *must* attach copies of any and all available supporting documents.

8.  To be considered timely filed, the ZAI Proof of Claim must be actually received by Rust Consulting, Inc. by _____ , at 5:00 p.m. prevailing Eastern Time.

**– EFFECT OF FAILING TO PROPERLY FILE A ZAI PROOF OF CLAIM –**

Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity who fails to complete and file a ZAI Proof of Claim by the ZAI Bar Date on account of such ZAI Claim shall be forever barred, estopped and enjoined from (a) asserting the ZAI Claim against any of the Debtors, or (b) receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of the ZAI Claim, notwithstanding that such person or entity may later discover facts in

2

addition to, or different from, those which that entity knows or believes to be true as of the ZAI Bar Date, and without regard to the subsequent discovery or existence of such different or additional facts.

3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.,**[1] | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |
| | ) | |
| | ) | |

## NOTICE OF LAST DAY TO FILE A CLAIM CONCERNING ZONOLITE ATTIC INSULATION ("ZAI")[2]

> This is a notice of the last day to file proofs of claim in the chapter 11 case of W. R. Grace & Co. and its related debtors for claims concerning Zonolite Attic Insulation. Zonolite Attic Insulation is a loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos. It was sold from the 1920/1930s to 1984. Zonolite may have a glittery granular appearance. The granules are shaped like a small nugget and expanded like an accordion and may have a silvery, gold translucent or brownish cast. After years in the attic, however, the granules may darken to black or gray. Zonolite may be found underneath subsequently installed insulation of other types such as rolled fiberglass insulation. ZAI generally looks like this:

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    Capitalized terms not defined herein are described in the General Instructions for Completing the W. R. Grace & Co. ZAI Proof of Claim Form.



PLEASE TAKE NOTICE THAT on _____, 2008 the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of W. R. Grace & Co. and certain of its affiliates (collectively, the "Debtors" or "Grace"), entered a ZAI Bar Date Order in the above-referenced bankruptcy cases.

The Court has established _____, **2008** at 5:00 P.M. Eastern Time (the "ZAI Bar Date") as the last date and time for all persons and entities including without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit who have ZAI Claims (as defined herein) against any of the Debtors or their predecessors-in-interest, to file a ZAI Proof of Claim.

1.    WHO MUST FILE A ZAI PROOF OF CLAIM:

You MUST file a ZAI Proof of Claim if you have a ZAI Claim.  A ZAI Claim is defined as:

Claims that relate to the cost of removal, diminution of property value or economic loss allegedly caused by Zonolite Attic Insulation manufactured by the Debtors and installed in buildings that are located in the United States of America.  Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, creating a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and whether such claim, debt, obligation or liability is in the nature of or sounding in tort, contract, warranty or any other theory of law or equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way marketed by one of the Debtors -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. Zonolite Attic Insulation is a loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos.  It was sold from the 1920/1930s to 1984.  Zonolite may have a glittery granular appearance.  The granules are shaped like a small nugget and expanded

2

like an accordion and may have a silvery, gold translucent or brownish cast. After years in the attic, however, the granules may darken to black or gray. Zonolite may be found underneath subsequently installed insulation of other types such as rolled fiberglass insulation. For purposes of the ZAI Bar Date, the defined term "Zonolite Attic Insulation Claim" ~~does not include~~**includes** claims regarding property located ~~outside of~~**in** the United States ~~or~~**and Canada, but does not include** any claims relating to personal injury.

You MUST file your ZAI Proof of Claim, on or before the ZAI Bar Date of _____, 2008.

**IN THE EVENT THAT PRIOR TO THE ZAI BAR DATE, YOU FILED A PROOF OF CLAIM FOR A ZAI CLAIM USING OFFICIAL FORM 10 OR ANY OTHER PROOF OF CLAIM FORM, YOU MUST REFILE YOUR CLAIM ON THE SPECIALIZED, COURT-APPROVED ZAI PROOF OF CLAIM FORM ON, OR BEFORE, THE ZAI BAR DATE OR YOUR CLAIM SHALL BE BARRED AND DISALLOWED. IF A CLASS PROOF OF CLAIM WAS FILED ON YOUR BEHALF, YOU MUST STILL FILE AN INDIVIDUAL CLAIM ON THE SPECIALIZED, COURT-APPROVED ZAI PROOF OF CLAIM FORM ON, OR BEFORE, THE ZAI BAR DATE OR YOUR CLAIM SHALL BE BARRED AND DISALLOWED.**

In the event that prior to the ZAI Bar Date you filed a proof of claim for any claim in these cases that you may have **other than** your ZAI Claim, you do **not** need to refile your other non-ZAI Claims.

Under Section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means, among other things, (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.     WHO DOES <u>NOT</u> NEED TO FILE A PROOF OF CLAIM

    (a)     The ZAI Bar Date, and the need to file a ZAI Proof of Claim, applies only to holders of ZAI Claims. You do not need to file a proof of claim if you have ~~claims affecting property located outside of the United States or~~ any claims relating to personal injury.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU HAVE A ZAI CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE YOU HAVE SUCH A CLAIM.**

3.     WHEN AND WHERE TO FILE

To file a claim, do the following:

3

(a)    File your claim by completing a ZAI Proof of Claim, a copy of which is attached hereto.

(b)    For additional copies of the ZAI Proof of Claim:

- Contact Rust Consulting, Inc., the Claims Processing Agent, toll-free at 1-877-465-4817, 9:00 a.m. - 5:00 p.m., Eastern Time, Monday through Friday.  Claimants will not be charged for this call.

- Visit the Grace chapter 11 website at www.graceclaims.com to obtain a ZAI Proof of Claim and/or General Instructions for Completing the W. R. Grace & Co. ZAI Proof of Claim.

(c)    ZAI Proofs of Claim must be mailed or hand-delivered so as to be received on or before the ZAI Bar Date at the following address:

If mailed, to:

> Rust Consulting, Inc.
> Claims Processing Agent
> Re:  W. R. Grace & Co. Bankruptcy
> P.O. Box 1620
> Faribault, MN  55021-1620

If hand delivered, to:

> Rust Consulting, Inc.
> Claims Processing Agent
> Re:  W. R. Grace & Co. Bankruptcy
> 201 S. Lyndale Ave.
> Faribault, MN  55021

(between the hours of 9:00 a.m. and 5:00 p.m., Eastern Time, on business days).

ZAI Proofs of Claim will be deemed filed only when they have been actually received by the Claims Processing Agent.  ZAI Proofs of Claim that are submitted by facsimile, telecopy or other electronic transmission will **not** be accepted and will **not** be deemed filed.  If you are returning your ZAI Proof of Claim by mail, allow sufficient mailing time so that the document is received on or before the ZAI Bar Date.  ZAI Proofs of Claim that are postmarked before that date, but are received thereafter, will be considered late.

(d)    ZAI Proofs of Claim must be signed by the claimant or the party submitting the document on behalf of the claimant.

(e)    Do not file or send copies of the ZAI Proof of Claim to the Debtors, counsel for the Debtors, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of

Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel.

(f)    Upon receipt of your claim, the Claims Processing Agent will send an acknowledgment card with the appropriate claim number noted thereon.

4.    WHAT TO FILE

(a)    To file an ZAI Claim, you must use the court-ordered ZAI Proof of Claim, which is supplied with this notice. Attach any supporting or backup documents that relate to the questions asked on the ZAI Proof of Claim.

(b)    Your ZAI Proof of Claim must be written in English.

5.    CLAIMS AGAINST MULTIPLE DEBTORS/OTHER NAMES

If you assert claims against more than one Debtor, you do not need to file a separate ZAI Proof of Claim against each applicable Debtor. The Debtors' Chapter 11 Plan currently contemplates a consolidation of the Debtors for Plan purposes whereby claims will be paid by the consolidated Debtors' estates. If consolidation for Plan purposes is not ultimately allowed by the Court, you will have the opportunity to assert your claim against the applicable Debtor or Debtors.

6.    EFFECT OF NOT PROPERLY FILING A ZAI PROOF OF CLAIM

ANY HOLDER OF A ZAI CLAIM IS REQUIRED TO FILE A PROOF OF CLAIM ON THE COURT-APPROVED PROOF OF CLAIM FORM. ANY SUCH HOLDER WHO FAILS TO FILE HIS OR HER PROOF OF CLAIM ON OR BEFORE THE ZAI BAR DATE, **SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY OF THE DEBTORS OR THEIR PREDECESSORS-IN-INTEREST, INSURANCE CARRIERS OR THEIR PROPERTY OR ESTATES. IF ANY SUCH CLAIMS ARE SO BARRED, EACH OF THE DEBTORS AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ALL INDEBTEDNESS AND LIABILITIES WITH RESPECT TO SUCH CLAIMS AND THE HOLDERS OF SUCH CLAIMS SHALL NOT BE ENTITLED TO RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIMS OR REGARDING THESE CHAPTER 11 CASES.

7.    QUESTIONS REGARDING COMPLETION OF PROOF OF CLAIM FORM

If you have any questions concerning whether or not you need to file a ZAI Proof of
Claim, then you should consult your attorney.  If you have questions concerning how to
complete a ZAI Proof of Claim or for additional information regarding this notice or to obtain a
ZAI Proof of Claim, contact the Claims Processing Agent toll-free at 1-877-465-4817 between
9:00 a.m. and 5:00 p.m. (Eastern Time), Monday through Friday, or write to the Claims
Processing Agent at the address outlined herein.  You may also request a ZAI Proof of Claim via
Grace's chapter 11 website, at www.graceclaims.com.

BY ORDER OF THE COURT

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

6

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (A) ESTABLISHING PROOF OF CLAIM BAR DATE FOR ZONOLITE ATTIC INSULATION CLAIMS AND (B) APPROVING THE RELATED PROOF OF CLAIM FORM, BAR DATE NOTICES, AND NOTICE PROGRAM

Upon the Debtors' motion seeking entry of an order (a) establishing a proof of claim bar date for Zonolite Attic Insulation Claims and (b) approving the related proof of claim form, bar date notices, and notice program (the "Motion"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion having been given; and it appearing that no other notice need

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

be given; and after due deliberation, consideration of all objections to the Motion and arguments from counsel, and sufficient cause appearing therefore, it is hereby

ORDERED that the relief requested in the Motion is granted; and it is further

ORDERED that _____ at 5:00 p.m. (prevailing Eastern Time), which is one hundred forty (140) days after the entry of this Order, shall be the ZAI Claims Bar Date, which shall be the last date and time by which those parties who believe that they hold ZAI Claims against any of the Debtors must complete and file the ZAI Proof of Claim Form on account of such ZAI Claims or be forever barred from asserting such ZAI Claims against the Debtors, notwithstanding that such person or entity may later discover facts in addition to, or different from, those which the person or entity knows or believes to be true as of the ZAI Bar Date, including, without limitation, that there is ZAI present in a building owned or occupied by such person or entity; and it is further

ORDERED that, for purposes of this Order, the term "ZAI Claim" shall be defined as claims that relate to the cost of removal, diminution of property value or economic loss allegedly caused by Zonolite Attic Insulation manufactured by the Debtors and installed in buildings that are located in the United States of America. Zonolite Attic Insulation Claims are those claims against, or any debt, obligation or liability of, one or more of the Debtors, creating a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and whether such claim, debt, obligation or liability is in the nature of or sounding in tort, contract, warranty or any other theory of law or equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or

2

indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected,

distributed or in any way marketed by one of the Debtors -- and arising or allegedly arising,

directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not

limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages.

Zonolite Attic Insulation is a loose-fill, non-roll vermiculite home attic insulation, which may

contain naturally occurring asbestos. It was sold from the 1920/1930s to 1984. Zonolite may

have a glittery granular appearance. The granules are shaped like a small nugget and expanded

like an accordion and may have a silvery, gold translucent or brownish cast. After years in the

attic, however, the granules may darken to black or gray. Zonolite may be found underneath

subsequently installed insulation of other types such as rolled fiberglass insulation. ZAI Claims

do not include claims regarding property located outside of **in** the United States or**and Canada,**

**but do not include** any claims relating to personal injury; and it is further

ORDERED that the Debtors shall:

(1)    mail via first-class United States mail, within thirty (30) days of entry of this Order, a copy of the ZAI Bar Date Notice Package,[2] to (i) all known Holders of ZAI Claims and their counsel of record, (ii) the Office of the United States Trustee; (iii) counsel to the official committees appointed in these Chapter 11 Cases; and (iv) all those parties that have requested service and notice of papers in accordance with Bankruptcy Rule 2002;

(2)    mail via first-class United States mail, within thirty (30) days of receipt of counsel's client lists or other known putative claimant lists, a copy of the ZAI Bar Date Notice Package to all such claimants; and

(3)    complete the publication notice and third-party mailings that are outlined in the ZAI Bar Date Notice Program within ninety (90) days of entry of this Order; and it is further

---

[2]    The ZAI Bar Date Notice Package consists of the ZAI Proof of Claim Form, the General Instructions for Completing the ZAI Proof of Claim, and the Notice of the Last Day to File a Claim Concerning Zonolite Attic Insulation.

3

ORDERED that counsel who have participated in the ZAI Bar Date proceedings turn over to the Debtors, within thirty (30) days of entry of this Order, any address lists of additional individuals known to them who may have ZAI present in their homes or buildings so that the Debtors can mail ZAI Bar Date Notice Packages to such individuals; and it is further

ORDERED that the form and use of the ZAI Proof of Claim Form and the General Instructions for Completing the ZAI Proof of Claim Form, annexed to the Motion at Exhibit A, are approved; and it is further

ORDERED that the Bar Date Notices, annexed to the Motion at Exhibit B, are approved; and it is further

ORDERED that the ZAI Bar Date Notice Program, which is described in Exhibit C to the Motion, is approved and shall constitute adequate notice of the ZAI Bar Date to all known and unknown ZAI Claimants; and it is further

ORDERED that the ZAI Proof of Claim must be completed and signed by individual holders of ZAI Claims or their authorized agents; and it is further

ORDERED that class claims are not authorized and will not be deemed valid if submitted pursuant to the ZAI Bar Date; and it is further

ORDERED that notwithstanding any term, provision, or notice to the contrary, if a person or entity holds a ZAI Claim against more than one of the Debtors, such person or entity need not file a separate ZAI Proof of Claim against each of the applicable Debtors in order to comply with the requirements of this Order and to preserve such person's or entity's ZAI Claim, the timely filing of only one ZAI Proof of Claim being sufficient and proper for purposes of this Order; and it is further

4

ORDERED that holders of ZAI Claims are not required to submit any physical samples of ZAI with the ZAI Proof of Claim, however, nothing in this Order prohibits that Debtors from seeking such relief from this Court in the future should it be determined that samples are necessary to inform subsequent proceedings in these Chapter 11 Cases; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Pittsburgh, Pennsylvania
Dated:_____, 2008

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

5