IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 18325 |
| | ) | Hearing Date: April 22, 2008 at 11:30 a.m. |

**DEBTORS' OBJECTION TO ZAI CLAIMANTS' MOTION FOR DISMISSAL OF AN INDIVIDUAL ZAI CLAIM OR FOR A RULE 54(b) DETERMINATION**

Having been denied leave to appeal by the District Court, the ZAI Claimants now request that this Court assist them in their continuing attempt to appeal the ZAI Opinion by either (1) dismissing a ZAI claim or (2) making a Rule 54(b) determination with respect to a claim affected by the ZAI Opinion. Remarkably, the ZAI Claimants try to justify their extraordinary request by rehashing the same arguments that the District Court considered and *rejected*. Thus, the ZAI Claimants' motion is a step backwards when, in light of the recent agreement in principle regarding Grace's asbestos personal injury claims, these Chapter 11 cases should move forward to closure without delay. As the District Court ruled in denying the ZAI Claimants' motion for leave to appeal (and their subsequent motion to reconsider), no "exceptional circumstances" exist for allowing an appeal of the ZAI Opinion. *See In re W.R. Grace*, 2007 WL 1074094, *2 (D. Del. 2007). The ZAI Claimants could not demonstrate a compelling reason for allowing an appeal then, and they cannot now. Because the District Court has already ruled on these issues, the ZAI Claimants' request should be rejected out of hand.

While the ZAI Claimants spend the majority of their motion attempting to justify an appeal of the ZAI Opinion, they give short shrift to the relief they actually request from this Court. They fail to explain the basis upon which they request this Court to dismiss a ZAI claim. Nor do they demonstrate Rule 54(b)'s requirements of (1) a final adjudication of one or more

claims, and (2) no just reason to delay an appeal. Accordingly, the ZAI Claimants' motion should be denied.

I. **THE DISTRICT COURT CONSIDERED AND REJECTED THE ARGUMENTS THE ZAI CLAIMANTS NOW PRESENT TO THIS COURT.**

Essentially, the ZAI Claimants argue two points in their effort to convince this Court to counter the District Court's rulings denying their request for leave to appeal the ZAI Opinion. *First*, the ZAI Claimants' argue that an appeal should be granted because they believe that the ZAI Opinion impedes their ability to settle their claims. (Motion at 6-8). In denying the ZAI Claimants' motion for leave to appeal, the District Court held that this argument "certainly falls short of exceptional circumstances to warrant review of an interlocutory order." *In re W.R. Grace*, 2007 WL 1074094, at *1.

The ZAI Claimants' related argument that an "appellate awakening" is needed to "bring Grace around" (Motion at 10) with respect to recognizing the value of the ZAI claims merely assumes what is at issue: the number and value of the ZAI claims.[1] The need to determine the number and value of the ZAI claims is precisely the reason why Grace has sought a ZAI Bar Date. This is particularly important given the fact that there is *no* history of judgments or settlements arising from ZAI claims.

*Second*, the ZAI Claimants argue that there is the "possibility of upsetting a confirmed plan if appeal is delayed." (Motion at 15). Again, this argument was made by the ZAI Claimants in their failed attempt to appeal the ZAI Opinion. *See, e.g.*, 3/5/07 Hr'g Tr. at 61:1-8, 64:1-7 (D.

---

[1] The fact that Grace may have lost unrelated appeals involving traditional property damage claims from time to time (Motion at 12) has no bearing on the merits of an appeal of the ZAI Opinion. Nor is there any basis for the ZAI Claimants' argument that Grace only moves forward with settlement when it loses on appeal. (Motion at 9-10). While the ZAI Claimants cite 6 examples of instances where "Grace failed to settle pending appellate review," (Motion at 9) they neglect to mention the various instances where Grace settled in the absence of an appeal. In fact, Grace has identified 35 traditional asbestos property damage claims and lawsuits that it settled with the ZAI Claimants' lead counsel, Edward Westbrook, without appellate review.

Del. Case No. 07-005, Dkt. No. 10); ZAI Claimants' Motion for Reconsideration of March 26, 2007 Order at 6-8 (D. Del. Case No. 07-005, Dkt. No. 13). The ZAI Claimants still fail to come to grips with the fact that the same argument can be made by any claimant with a grossly inflated view of the merits and scope of its claim.

## II.   THE ZAI CLAIMANTS HAVE PROVIDED NO BASIS FOR DISMISSING A SINGLE CLAIM

The one paragraph the ZAI Claimants devote to their request that the Court deny a single ZAI claim (Motion at 12-13) does not even begin to suggest how the Court can grant their request. The ZAI Opinion addressed the issue of "what science demonstrates with regard to whether ZAI creates an unreasonable risk of harm." *In re W.R. Grace & Co.*, 355 B.R. 462, 466 (Bank. D. Del. 2006). To grant the ZAI Claimants' request, the Court would need to enter a *new* opinion articulating the basis upon which it is dismissing a claim. Thus, the ZAI Claimants' request raises two important questions: what claim is to be dismissed and on what basis? Are the ZAI Claimants asking this Court to dismiss a ZAI claim on the sole basis of the ZAI Opinion? Rather than answer these questions, the ZAI Claimants merely state that they will identify a "suitable claim" to be dismissed. (Motion at 1 n.1). Of course, this begs the question of what is a "suitable claim."

Moreover, cherry-picking a single ZAI claim now for disallowance would not serve any useful purpose. Until all the claims are before this Court, and the theories asserted in those claims are considered, the appropriate application of the ZAI Opinion cannot be determined. The ZAI Claimants appear to suggest that, for purposes of obtaining appellate review, this Court should treat the ZAI Opinion as fatal to all causes of action as to one ZAI claim, while simultaneously arguing that the ZAI Opinion is not fatal to some of their causes of action and the viability of their claims still needs to be determined (Motion at 2-6). If the ZAI Claimants

concede that the ZAI Opinion is fatal to all of their causes of action and this Court enters an order to that effect, then the ZAI Opinion would be a final judgment. But, by requesting that this Court dismiss a single claim on the basis of the ZAI Opinion, the ZAI Claimants are trying to have finality and non-finality at the same time. They cannot have it both ways.

### III.   THE ZAI CLAIMANTS CANNOT DEMONSTRATE THE REQUIREMENTS FOR RULE 54(B) RELIEF

Rule 54(b) relief is an extraordinary request. *See Panichella v. Penn. R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958) (holding that "54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel" and "[t]he power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case'"); *Grieco v. New Jersey Dept. of Educ.*, 2008 WL 170041, *1 (D. N.J. 2008 ) ("Rule 54(b) orders are extraordinary and 'should not be entered routinely or as a courtesy or accommodation to counsel.'") (quoting *Panichella*, 252 F.2d at 455); *Schemmer v. ChartONE, Inc.*, 2007 WL 2344751, *3 (N.D. Ohio 2007) ("The Sixth Circuit has mandated that certification under Rule 54(b) be a rare and extraordinary event, available only in unique situations where the moving party illustrates that, but for the certification, he would suffer some extreme hardship."); *In re Walnut Equip. Leasing Co.*, 2000 WL 1780341, *4 (Bank. E.D. Pa. 2000) ("[I]t is clear that a Rule 54(b) order is not lightly granted.").

Yet, the ZAI Claimants seek to justify such relief in the absence of extraordinary circumstances. The ZAI Claimants repeatedly argue that appellate guidance is needed to inform the parties "about the realistic merit of the ZAI claims" (Motion at 1-2). This argument, however, can be made anytime a court enters an order that may impact the viability of a claim. The ZAI Claimants also argue that they should be given a timely appeal rather than being required to wait until after plan confirmation (Mot. at 13). The same can be said for any pre-

confirmation interlocutory order entered in a Chapter 11 case. Just as the District Court determined that there was no extraordinary reason for granting a permissive appeal, there is no extraordinary reason for granting Rule 54(b) relief.

Moreover, certifying a final decision under Rule 54(b) requires this Court to find that: (1) there has been a final judgment on the merits, *i.e.*, an ultimate disposition on a cognizable claim for relief; and (2) there is "no just reason for delay." *See Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) ("A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, *i.e.*, an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'"); *Roberson v. Pelosi*, 2001 WL 541117, *2 (E.D. Pa. 2001) ("In determining whether to certify an otherwise non-appealable order for appellate review under Rule 54(b), a district court must find that: (1) the judgment is 'final;' and (2) there is no just reason for delay."). The ZAI Claimants cannot demonstrate either of these requirements.

### A.  The ZAI Opinion is Not a Final Judgment.

Rule 54(b) only applies to cases where there is a final judgment regarding one or more claims in a multiple claims action.[2] Although the ZAI Claimants acknowledge this finality

---

[2] *See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenflurammine) Prods. Liab.*, 401 F.3d 143, 163 (3d Cir. 2005) ("Although a district court has discretion in certifying a judgment for appeal under Rule 54(b), the district court cannot, in its exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of [28 U.S.C.] § 1291."); *Trs. of Chicago Truck Drivers v. Cent. Trans., Inc.*, 935 F.2d 114, 116 (7th Cir.1991) (although Rule 54(b) "allows immediate appeal of separate disputes comprised within a larger litigation [,] ... [i]t does not, however, allow appeal ... when the district court will revisit the issues."); *Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1153 (3d Cir. 1990) ("The multiple party aspect of Rule 54(b) applies only if the district court's judgment disposes of all of the rights or liabilities of one or more of the parties."); *In re Aetna Indus., Inc.*, 340 B.R. 252, 264 (Bank. D. Del. 2006) ("To certify the judgment as final under Rule 54(b), the court must make certain determinations. A court must 'first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'") (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).

requirement (Motion at 14), they do not even attempt to argue that the ZAI Order is final in any respect. This is not surprising because the District Court has already held that the ZAI Opinion is not a final order. *In re W.R. Grace*, 2007 WL 1074094, at *1 ("Because the order is interlocutory, the appeal has been filed pursuant to 28 U.S.C. § 158(a)(3) and Fed.R.Bankr.P. 8003."). Thus, Rule 54(b) is not applicable because the ZAI Opinion is not a final judgment with respect to any claim.

### B.    The ZAI Claimants Cannot Demonstrate that there is "No Just Reason for Delay."

The ZAI Claimants also cannot demonstrate that there is "no just reason for delay." In determining whether there is a just reason for delay under Rule 54(b), courts consider the following factors:

- the relationship between the adjudicated and unadjudicated claims;

- the possibility that the need for review might or might not be mooted by future developments in the district court;

- the possibility that the reviewing court might be obliged to consider the same issue a second time;

- the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and

- miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Invest. Grp.*, 455 F.3d at 203. These factors squarely weigh against the ZAI Claimants' request.

Noticeably absent from the ZAI Claimants' motion is any discussion of "the relationship between the adjudicated and unadjudicated claims," or "the possibility that the reviewing court might be obligated to consider the issue a second time." *Id.* **First**, until the Court knows what ZAI claims are filed and what causes of action they allege, the relationship between any

6

adjudicated claim and the unadjudicated claims cannot be known. ***Second***, granting Rule 54(b) relief could result in duplicative appeals of the same issues. The ZAI Opinion could be reviewed once on appeal in connection with the claim subject to the Rule 54(b) ruling and then again in the context of the ZAI Opinion's application to other claims. Only by having all of the claims before the Court, can the application of the ZAI Opinion be addressed in a manner avoiding duplicative review.

The miscellaneous factors considered by courts also weigh against the ZAI Claimants' Rule 54(b) request. The ZAI Claimants request that this Court find there to be "no just reason for delay" despite the fact that they have, themselves, delayed seeking Rule 54(b) relief. The ZAI Claimants could have sought Rule 54(b) relief when the ZAI Opinion was entered on December 14, 2006. Instead, they opted to seek an interlocutory appeal from the District Court. The District Court denied their appeal on March 26, 2007. Only now — a year after their failed appeal and almost a year and a half after the ZAI Opinion was issued — have the ZAI Claimants requested that this Court find there to be "no just reason for delay."

Finally, far from presenting "no just reason for delay," an immediate appeal of the ZAI Opinion will only result in an unnecessary distraction at a critical time in the Chapter 11 process. As a result of Grace's recent agreement with the Asbestos PI Claimants, the plan confirmation process will be moving forward. It is vital that the number and value of ZAI claims be determined so that a feasible plan can be confirmed.

## Conclusion

For the foregoing reasons, the ZAI Claimants' request that this Court either (1) dismiss a ZAI claim or (2) make a Rule 54(b) determination with respect to a claim affected by the ZAI Opinion should be denied.

Dated: April 10, 2008

KIRKLAND & ELLIS LLP
David M. Bernick
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

REED SMITH LLP
James J. Restivo
Douglas E. Cameron
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession