## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al., | Case No. 01-1139 (JKF) |
| Debtors. | Jointly Administered<br>**Re: Docket Nos. 18461, 18462 and 18471**<br><br>**Hearing Date: 4/22/08 at 11:30 a.m. EDT**<br>**Objection Deadline: 4/15/08** |

### OBJECTION OF HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE ATTORNEY GENERAL OF CANADA TO EXPEDITED MOTION OF THE ZAI CLAIMANTS TO LIFT STAY AND RETURN ZAI TO THE TORT SYSTEM

Her Majesty the Queen in Right of Canada as represented by the Attorney General of Canada (the "Crown"), by and through its undersigned counsel, hereby files this Objection to the ZAI Claimants' Expedited Motion of the ZAI Claimants to Lift Stay and Return ZAI to the Tort System ("ZAI Claimants' Lift Stay Motion"), and in support of this Objection states as follows:

#### Background and Introduction

1.      On April 7, 2008, the ZAI Claimants filed with the Court the ZAI Claimants' expedited Lift Stay Motion in order to return ZAI litigation back to the state tort system.

2.      On March 18, 2002, the Court ruled that before addressing the issues of a ZAI bar date and notice program or a ZAI class claim, it would conduct a "science trial" to determine whether ZAI is harmful. Such determination would also inform the parties as to what type of notice to send to potential claimants:

> THE COURT:... in this issue where there has been no test of the scientific side by way of an adjudication before this bankruptcy was filed, the debtor should know whether it is subject to liability on that score, and so should the creditor. And I think that piece out to be determined before we alarm a lot of potential people

who have Zonolite in their attics that there may or may not be some detriment as it turns out. [1]

3.    On December 14, 2006, the Court issued its ZAI Science Trial Opinion.  In its Opinion, the Court determined that the scientific evidence did not demonstrate that the presence of ZAI in the home creates an unreasonable risk of harm.[2]

4.    The Crown objects to the ZAI Claimants' Lift Stay Motion to the extent the proposed relief does not deal with Canadian ZAI Claims.  ZAI Claims against Canada and against the Debtors, including Canada's claims against the Debtors, have been stayed by order to the Canadian Courts until at least October 1, 2008.


## PART I – CANADIAN ZAI CLAIMS

5.    There are currently ten class actions which have been filed across Canada concerning ZAI in which the Crown has been sued.  W.R. Grace and or its affiliated companies are co-defendants with the Crown in all but the first of these class actions which are as follows:

- Viviane Brosseau et al v. Attorney General of Canada, Superior Court of Quebec, District of Montréal, 500-06-000286-050;

- Dextras et al v. Attorney General of Canada, W.R. Grace & Co. et al, Superior Court of Quebec, District of Montréal, 500-06-000258-042;

- Raven Thundersky et Rebecca Bruce v. Attorney General of Canada, W.R. Grace & Co., Court of Queen's Bench of Manitoba;

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Federal Court, Saskatchewan;

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Court of Queen's Bench of Saskatchewan;

---

[1] 3/18/02 Hrg. Tr. At 87 [Dkt. No. 1912]
[2] See Memorandum Opinion, dated 12/14/06 [Docket No. 14014.]

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Court of Queen's Bench of Alberta;

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Supreme Court of British Colombia;

- Merv Nordick et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Province of Quebec, District of Hull;

- Ernest Spencer et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Court of Queen's Bench of Manitoba; and

- Ernest Spencer et al. v. Attorney General of Canada, W.R. Grace & Co. et al, Ontario Superior Court of Justice.

6.      In the aforementioned class actions, the petitioners seek to represent all Canadians who have suffered past or will suffer future property damage and personal injury due to exposure to Zonolite Attic Insulation.

7.      An action has also been instituted by the Province of Manitoba, *Her Majesty The Queen in the Right of the Province of Manitoba v. Attorney General of Canada, W.R. Grace & Co. et al*, Court of Queen's Bench of Manitoba. The Province of Manitoba has sued the Crown and the manufacturer of Zonolite for the cost of insured health services paid or to be paid to the named plaintiffs in Thundersky and all other persons determined to be class members in the Thundersky case.

8.      The basic allegation in the various class actions pending in Canada is that the manufacturer (W.R. Grace) created and distributed an insulation product named Zonolite which contained asbestos and was therefore inherently dangerous.  The Crown's alleged wrongdoing is said to be that it permitted the distribution and sale of Zonolite.  Nevertheless, the Crown denies owing any duty of care whatsoever toward any one who had purchased Zonolite.

9.      On November 14, 2005 as a result of the commencement of the class action proceedings in Canada, Grace sought from and was granted an order pursuant to s. 18.6(4) of the

*Companies' Creditors Arrangement Act* (the "CCAA") *In the Matter of S. 18.6 of the Companies' Creditors Arrangement Act, R.S.C. 1984, c. C-36, As Amended and In the Matter of Grace Canada, Inc.,* Court File 01-CL-4081, (the "CCAA proceeding") by the Ontario Superior Court of Justice (Commercial List), acting as an ancillary court, giving effect in Canada to the stay of proceedings granted by the US Court, staying proceedings and prohibiting the commencement or continuation of any asbestos related suits against Grace and Canada without further order of the CCAA court.

10.    On or about February 9, 2006, the Canadian CCAA court, appointed Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins, LLP to act as representative counsel on behalf of all persons who have, or at any time in the future may have, a claim arising out of or in any way connected to damages of loss suffered, directly or indirectly, from the manufacture, sale or distribution of ZAI products in Canada (the "Canadian ZAI Claimants").

11.    The Canadian ZAI Claimants have filed claims, retained US counsel, and otherwise participated in the bankruptcy proceedings pending in this Court.

12.    In the event that the Crown and the manufacturers are held jointly and severally liable to the Canadian ZAI Claimants, the Crown seeks contribution and indemnification from the manufacturers who are liable, including the Debtors W.R. Grace et al. (the "Crown claims"). The Crown has filed claims in these US proceedings in respect the Crown claims.

13.    In addition to the Crown's claims for contribution and indemnification it has direct claims against the Debtor in respect of costs incurred to seal attics and otherwise remediate ZAI installed in Crown owned properties in homes build on military bases and Native reserves.

4

## PART II – THE CROWN'S OBJECTION

14.    The present motion before the Court is objectionable to the extent that the proposed relief seems to draw a distinction between Canadian ZAI claims and US ZAI claims in order to permit only US Claims to return to the "tort system".    Any US Order purporting to lift the stay in relation to Canadian claims would nevertheless have to be given effect in Canada by the Canadian CCAA court that issued the stay of proceedings.

15.    On March 26, 2008, the Canadian CCAA Court entered two orders extending the stay period to October 1, 2008.  Copies of the Canadian CCAA Court orders are attached hereto as Exhibit A.

WHEREFORE, the Crown respectfully requests that this Court deny the ZAI Claimants' Lift Stay Motion to the extent it excludes Canadian Claims; and that the Court grant such other and further relief as it deems just and proper.

Dated:  April 14, 2008                             Respectfully submitted,

**Womble Carlyle Sandridge & Rice, PLLC**

By:    _Kevin J. Mangan_

Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801
Ph: (302) 252-4363
Fax: (302) 661-7728

Counsel for Her Majesty the Queen in Right
of Canada as represented by the Attorney
General of Canada