IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., et al., | : | Case No. 01-01139 (JKF) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Objection Deadline: April 14, 2008 at 4:00 p.m.** |
| | : | **Hearing Date: April 21, 2008 at 12:00 p.m.** |
| | : | |
| | : | Re: Docket No. 18459 |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO THE DEBTORS'
MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE APPOINTMENT
OF DIANE M. WELSH AS MEDIATOR FOR THE SPEIGHTS & RUNYAN
<u>PROPERTY DAMAGE CLAIMS</u>**

The United States Trustee, by and through her counsel, hereby files the following Limited Objection to the Debtor's Motion for Entry of an Order Authorizing the Appointment of Diane M. Welsh as Mediator For the Speights & Runyan Property Damage Claims (the 'Motion"), and in support thereof represents as follows:

**<u>Background</u>**

1.   Kelly Beaudin Stapleton is the United States Trustee ("UST") for this District.

2.   Pursuant to 28 U.S.C. § 586, the UST is charged with monitoring applications filed under section 327 of the Bankruptcy Code and, whenever the UST deems it to be appropriate, filing with the court comments with respect to the approval of such applications. *See* 28 U.S.C. § 586(a)(3)(H). This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest);

1

*Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

      3.      Pursuant to 11 U.S.C. § 307, the UST has standing to be heard with regard to the above-referenced Limited Objection.

      4.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

      5.      Numerous committees representing various constituents have been appointed in this case. On April 13, 2001, the UST appointed the Official Committee of Unsecured Creditors (the "Creditors Committee"). Also on April 13, 2001, the UST appointed the Official Committee of Asbestos Personal Injury Claimants (the "PI Committee") and the Official Committee of Asbestos Property Damage Claimants (the "PD Committee"). On June 18, 2001, the UST appointed the Official Committee of Equity Holders (the "Equity Committee"). Finally, on May 24, 2004, the Court appointed David Austern as the Future Claimants Representative (the "FCR").

      6.      By the Motion, the Debtors request that this Court enter an Order appointing Diane M. Welsh as the mediator (referred to as the "Mediator") for the Speights & Runyan asbestos property damage claims. On behalf of numerous asbestos property damage claimants, Speights and Runyan ("S&R") filed various asbestos property damage claims against the Debtors. The Debtors objected to many of those claims and those objections remain pending. The Debtors and S&R are seeking to conduct mediation in order to facilitate settlement of those claim objections.

**Grounds/Basis for Relief**

7. Section 327 (a) of the Bankruptcy Code provides:

> The trustee, with the court's approval, may employ one or more attorneys, accountants. . .or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327 (a).

8. The UST has no objection to the appointment of the Mediator. The UST files this Limited Objection because of two issues. First, the Motion provides no mechanism for party in interest review and Court approval of the Mediator's fees and expenses. Because the Mediator is being employed by the estate pursuant to section 327(a) of the Bankruptcy Code, there must be a corresponding review and approval of compensation and costs. As has been done in other instances in this case where a mediator has been appointed, the following modified fee approval procedure should be ordered: the Mediator would serve monthly written billing statements on the UST and the other major constituents in the case; those parties would have a certain time to object; and either objections would be heard by the Court or the Mediator would be paid her compensation and costs.[1] Such a procedure is necessary to stay consistent with the retention provisions of section 327(a), and the subsequent fee approval provisions of section 330.

9. The second issue deals with the indemnification provisions as set out in the Motion. There should be a specific carve-out from indemnification for the Mediator's willful misconduct or

---

[1] For example, on March 9, 2006, this Court entered an order approving the appointment of a Plan Mediator. In that Order, a substantially similar fee review procedure was implemented. The UST would support a similar order being entered for this Motion.

3

gross negligence. Such a carve-out is consistent with Third Circuit law relating to indemnification for professionals in bankruptcy. *See In re PWS Holding Corporation,* 228 F.3d 224 (3rd Cir. 2000).

WHEREFORE the UST requests that this Court issue an order consistent with this Limited Objection and/or granting such other relief as this Court deems appropriate, fair and just.

>Respectfully submitted,
>
>KELLY BEAUDIN STAPLETON
>United States Trustee, Region Three
>
>
>BY*:*   */s/ David M. Klauder*
>     David M. Klauder
>     Trial Attorney
>     Office of the United States Trustee
>     J. Caleb Boggs Federal Building
>     844 King Street, Suite 2207, Lockbox 35
>     Wilmington, DE 19801
>     (302) 573-6491
>     (302) 573-6497 fax machine

Dated: April 14, 2008