IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>W.R. GRACE & CO., *et al.*,<br><br>Debtors. | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 01-01139 (JKF) <br> ) Jointly Administered <br> ) <br> ) |

**MOTION OF THE CANADIAN ZAI CLAIMANTS TO SHORTEN NOTICE FOR EXPEDITED CONSIDERATION OF THEIR MOTION FOR <u>RELIEF FROM THE AUTOMATIC STAY</u>**

The Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants"), by and through their undersigned counsel, hereby seek an order shortening and limiting notice and granting expedited consideration of their Motion for Relief from the Automatic Stay (the "Relief Motion"), filed simultaneously herewith. In support of this request for shortened notice and expedited consideration, the Canadian ZAI Claimants respectfully state as follows:

1. At the status conference on February 22, 2008, this Court requested that the Debtors and ZAI Claimants file their competing requests for relief with respect to the treatment of the ZAI claims so that the proposals could be addressed at the Debtors' Omnibus Hearing in these cases in April, 2008.

2. Accordingly, pursuant to this Court's Omnibus Scheduling Order, on March 18, 2008, the ZAI Claimants filed their Motion for Dismissal of an Individual ZAI Claim or for a Rule 54(b) Determination to Permit Appellate Review of the ZAI Opinion (D.I. 18325), Motion for Order to Show Cause Why Court Appointed Expert Witness Should Not Be Designated (D.I.

18326) and Motion for Order Recognizing and Permitting Filing of a Washington Class Proof of Claim. (D.I. 18323) (collectively, the "American ZAI Motions")

3. Likewise, the Debtors filed their Motion for an Order (A) Establishing a Proof of Claim Bar Date for Zonolite Attic Insulation Claims, and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program (D.I. 18328) (the "Bar Date Motion") on March 18, 2008, and Amendment on April 10, 2008 ("Amendment") [Docket No. 18495].

4. This Court has established a separate ZAI Hearing for these motions, and they are now scheduled to be heard on April 22, 2008 at 11:30 a.m.

5. On April 7, 2008, counsel for the Canadian ZAI Claimants first learned about the settlement between the Debtors and the asbestos personal injury claimants, which liability the Debtors have repeatedly described as the primary issue in these bankruptcy cases.

6. On April 10, 2008, when Debtors filed the Amendment to the Bar Date Motion, was the first time Debtors sought to address Canadian ZAI claims.

7. Given this resolution of their personal injury liabilities, and the fact that the Debtors have described the ZAI Claims as insignificant with respect to their bankruptcy filings, resolution of the Canadian ZAI liabilities should be returned to the Canada court system. This alternative would avoid further procedural delay of the Debtors' bankruptcy cases with respect to a group of claimants holding, as characterized by the Debtors, "relatively insignificant claims."

8. The American ZAI Claimants filed their Relief Motion on April 7, 2008. The American ZAI Claimants seek expedited consideration of the Relief Motion so that it can be heard in connection with the other pending motions relating to the ZAI Claims on April 22,

2008. Hearing the Relief Motion at the same time as the other motions would promote judicial efficiency and would be more convenient to the Court and the parties.

9. In addition, while granting shortened notice would limit the notice provided under the Court's extended noticing time frames applicable in this case, it would not cause substantial prejudicial to the Debtors. Delaware Local Rule 9006-1 requires a minimum of 15 days' notice before hearing on motions for relief from stay, when the affected parties are being served by hand delivery or overnight mail. Debtors are being served with this motion by hand delivery and overnight mail. Under these circumstances, they are receiving 7 days notice. All other parties on the service list are being served by regular mail. To the extent that any prejudice regarding the shortened notice is claimed by any party, it can be addressed by permitting a response to be filed beyond the standard 5-day response deadline prior to the hearing.

WHEREFORE, for the foregoing reasons, the Canadian ZAI Claimants respectfully request that the attached order shortening and limiting notice be entered and the Motion for Relief from Stay filed by the ZAI Claimants be heard on an expedited basis at the April 22, 2008 hearing.

[Remainder of Page Intentionally Left Blank]

Dated: April 15, 2008  /s/Daniel K. Hogan
Daniel K. Hogan (DE Bar No. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656.7540
Facsimile: (302) 656.7599
E-Mail: dkhogan@dkhogan.com

-and-

**LAUZON BÉLANGER, INC**.
Yves Lauzon
Michel Bélanger
286, rue St-Paul Quest, Bureau 100
Montreal Quebec
Telephone: (514) 844-7403
ylauzon@lauzonbelanger.qc.ca
mbelanger@lauzonbelanger.qc.ca

**SCARFONE HAWKINS LLP**
Matthew G. Moloci
David Thompson
One James Street South, 14th Floor
P.O. Box 926, Depot 1
Hamilton, Ontario
Canada L8N 3P9
Telephone: (905) 523-1333
moloci@shlaw.ca
thompson@shlaw.ca