IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: | ) Chapter 11 |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-01139 (JKF) |
|  | ) Jointly Administered |
| Debtors. |  |

**EXPEDITED MOTION OF THE CANADIAN ZAI CLAIMANTS FOR
RELIEF FROM THE AUTOMATIC STAY**

The Canadian ZAI Claimants, by and through their undersigned counsel, hereby moves the Court for an order lifting the automatic stay imposed in this case by § 362(a) of Title 11, United States Code, and states the following in support of their motion:

**INTRODUCTION**

1. In April 2001, W. R. Grace & Co. and several of its affiliates ("Grace") filed voluntary petitions for protection under Chapter 11 of the United States Bankruptcy Code.

2. Grace has maintained that the personal injury litigation was the sole reason it sought bankruptcy protection.

3. On April 7, 2008, Grace announced that it has resolved its problem with the asbestos personal injury claimants.

**BACKGROUND FOR CANADIAN ZAI CLAIMANTS**

4. Zonolite attic insulation was extensively utilized in Canadian home building during the period of time from approximately 1940 to the 1970s.

5.  W.R. Grace and Co. and several of its affiliates (the "U.S. Debtors") created and distributed zonolite for use in Canadian homes.

6.  On April 2, 2001, U.S. Debtors filed voluntary petitions for protection under Chapter 11 of the United States Bankruptcy Code (The "U.S. Proceedings") and have been granted a temporary restraining order by this Court providing for certain injunctive relief in favor of the U.S. Debtors as well as certain other third parties (the "Affiliated Entities").

7.  Two days later Grace Canada, Inc. ("Grace Canada"), a Canadian affiliated entity of U.S. Debtors, was granted an order (the "Initial CCAA order") pursuant to Section 18.6(4) of the Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice (the "CCAA Court") which, among other things, provided for a stay of proceedings against the commencement or continuation of any asbestos-related suits against Grace Canada. See copy of Order attached as **Exhibit 1**.

8.  On November 14, 2005 as the result of a number of proposed class action proceedings (the "Proposed Class Actions") commenced in Canada against certain of the U.S. Debtors, Grace Canada, Affiliated Entities and other parties including the Attorney General of Canada (Her Majesty the Queen in Right of Canada) (the "Crown"), the CCAA Court granted an order recognizing the injunctive relief provided for by this Court and giving effect to it in Canada and implementing a limited stay of proceedings with respect to the Crown. See copy of Order attached as **Exhibit 2**.

9.  On November 14, 2005, the CCAA Court also considered a request for an extension of the stay contained in the initial order in light of the Proposed Class Actions. The Honorable Justice Farley indicated that cooperation and coordination between the CCAA Court and the Court was needed, that there had been recognition in the U.S. Bankruptcy Court that Canadian proceedings

would be governed by Canadian substantive law, that the insolvency adjudicative proceedings presented an efficient process, but that the extension of the stay not affect the ability of the Plaintiffs in the Proposed Class Actions from returning to the CCAA Court if they felt there was "foot dragging or other elements of prejudice". *See Footnote No. 13 to Exhibit 2*.

10. In January 2006, Grace Canada made application with the CCAA Court for the appointment of two law firms, Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP, as representative counsel ("Representative Counsel"), in the CCAA Court proceedings on behalf of all Canadian ZAI Claimants.[1]

11. On February 9, 2006, the CCAA Court entered an order on Grace Canada's application for the appointment of Representative Counsel. As part of that order, Representative Counsel was empowered to, among other things, appear before the U.S. Court in the context of the Chapter 11 cases and to negotiate on behalf of Canadian Claimants with Grace Canada, the Crown, the U.S. Debtors, the Affiliated Entities and any other person or entity. See copy of Order attached as **Exhibit 3**.

## THERE IS CAUSE FOR THE COURT TO GRANT RELIEF FROM THE STAY

12. Grace is clearly on record that it never intended to handle the ZAI litigation by declaring bankruptcy. As Grace's national counsel told the District Court during the hearing on ZAI's Motion for Interlocutory Appeal of the ZAI Order:

> ZAI was not the reason the Chapter 11 case was filed. They make it seem like they're the big guys in the room, they're not the reason the

---

[1] Representative Counsel was appointed to represent the interest of all Canadian ZAI Claimants (both personal injury and property damage).

3

>   case is filed...The liability that drove the filing of this Chapter 11 was
>   personal injury liability. From beginning to end, that's what it was.[2]

13.     Grace represented to the District Court that ZAI was not even an important aspect of the bankruptcy proceeding:

>   ZAI has not been the focal point of the proceedings. In fact, the only
>   reason they even got on the screen was that early on in the case when
>   everybody else was talking about personal injury, they came in with
>   a request to certify a – they came in with a request to actually revive
>   their pre-Chapter 11 class action litigation.[3]

14.     Grace also represented to the District Court that ZAI was not an important component for the bankruptcy resolution:

>   ZAI has not moved the needle for case resolution, nor can it, and
>   what do I mean by that? The big boys are the personal injury guys.
>   ZAI has no control over those folks. They assert that the liabilities
>   in the case are enormous, that they own W.R. Grace. They are the
>   ones who are driving this negotiation, and they always will. That is
>   a fact of the matter in the case.[4]

15.     Grace then told the District Court that ZAI could not be important in the case unless ZAI reversed the Science Trial proceedings, got a class certified, convinced the Court of Appeals to affirm the class certification, and went through other hurdles. As Grace's counsel summarized:

>   They would have to go through all of those hurdles to be able to belly
>   up to the table as people who really count, as folks who are going to
>   actually affect the outcome of the case.

---

[2] Transcript March 5, 2007, Hearing at 48-49. Attach. 1.

[3] Id. at 49.

[4] Id. at 50.

> Nobody believes that that is true. Nobody believed it was true even before this [science trial] opinion came out, because they have to do all of those different things before they count.[5]

16. Grace's representations to the Court make it clear that Grace does not believe that ZAI was a significant threat to the company before bankruptcy, and certainly did not become a threat in bankruptcy. Clearly, Grace should have no concern about the Canadian ZAI Claimants being returned to CCAA Court for resolution of the Canadian ZAI claims.

17. By returning the Canadian ZAI Claimants to the CCAA Court, it would allow the Canadian ZAI Claimants to "get out of the way" of the reorganization and the Court can focus its energies on speeding Grace's confirmation.

18. While the Canadian ZAI Claimants have the greatest respect for the Court's abilities, they believe that principle of federalism favor decisions on Canadian claims by Canadian Courts whenever possible. In fact, the Supreme Court recently ruled that when bankruptcy courts must address a state law issue, they must decide it the same way the controlling state court would. Travelers Cas. & Sur. Co. Of America v. Pacific Gas & Elec. Co., 127 S. Ct. 1199 (2007).

19. The PI resolution gives this Court an opportunity to simplify the bankruptcy by returning the ZAI issues to the courts from which they came and allowing normal litigation to resume. If this occurs, there will be no need for this Court to worry about class certification or bar dates. Consequently, the appeals from class certification that Grace fears would delay it reorganization will never occur. Lifting the stay will thus speed Grace's reorganization.

---

[5] Id. at 52.

20.     Grace's PI-induced bankruptcy filing halted the Canadian ZAI litigation and has held Canadian ZAI captive for seven years while Grace sorted out its PI problem. Now that the PI is resolved, the reason for holding ZAI has evaporated and ZAI asks to go home.[6]

Therefore, for all the foregoing reasons, now that the personal injury situation has been resolved, it makes eminent sense to release the Canadian ZAI litigation to the Canadian Court system and let it be resolved where it began. Accordingly, the Canadian ZAI Claimants respectfully move that the Court lift the litigation stay on the Canadian ZAI litigation and let it proceed to resolution in the Canadian Court.

[Remainder of Page Intentionally Left Blank]

---

[6] The Canadian ZAI Claimants tried numerous ways to interest Grace in settlement within the bankruptcy, including mediation and creative resolution vehicles, but they have been unsuccessful in convincing Grace that ZAI liability is real. Accordingly, the Canadian Claimants reluctantly believe that only if the ZAI litigation is allowed to mature in the Canadian Court system will its realistic value be determined.

Dated: April 15, 2008                    */s/Daniel K. Hogan*
                                         Daniel K. Hogan (DE Bar No. 2814)
                                         **THE HOGAN FIRM**
                                         1311 Delaware Avenue
                                         Wilmington, Delaware 19806
                                         Telephone: (302) 656.7540
                                         Facsimile: (302) 656.7599
                                         E-Mail: dkhogan@dkhogan.com

                    -and-

                                         **LAUZON BÉLANGER, INC**.
                                         Yves Lauzon
                                         Michel Bélanger
                                         286, rue St-Paul Quest, Bureau 100
                                         Montreal Quebec
                                         Telephone: (514) 844-7403
                                         ylauzon@lauzonbelanger.qc.ca
                                         mbelanger@lauzonbelanger.qc.ca

                                         **SCARFONE HAWKINS LLP**
                                         Matthew G. Moloci
                                         David Thompson
                                         One James Street South, 14th Floor
                                         P.O. Box 926, Depot 1
                                         Hamilton, Ontario
                                         Canada L8N 3P9
                                         Telephone: (905) 523-1333
                                         moloci@shlaw.ca
                                         thompson@shlaw.ca

## **SUMMARY OF EXHIBITS**

**Exhibit 1** CCAA Court Order pursuant to Section 18.6(4) of the Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice which provided for a stay of asbestos-related suits against Grace Canada, dated April 4, 2001.

**Exhibit 2** CCAA Court Order recognizing injunctive relief provided by the U.S. Bankruptcy Court for the District of Delaware and giving effect to it in Canada and implementing a limited stay of proceedings with respect to Her Majesty the Queen in Right of Canada, dated November 15, 2005.

**Exhibit 3** CCAA Court Order for the appointment of Representative Counsel, dated February 9, 2006.