## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Hearing Date:  April 22, 2008 @ 11:30 a.m.** |
| | ) | |
| | ) | **Re: D.I. 18325** |

## ZAI CLAIMANTS' REPLY IN SUPPORT OF THEIR MOTION FOR DISMISSAL OF AN INDIVIDUAL ZAI CLAIM OR FOR A RULE 54(B) DETERMINATION TO PERMIT APPELLATE REVIEW OF THE ZAI OPINION

Grace's opposition makes three critical errors.  First, it confuses the standards for appeal of an interlocutory order with the ZAI Claimants' request that the Court enter a final order expunging a ZAI claim that may be appealed as a matter of right.  Second, Grace incorrectly argues it is necessary for the Court to dismiss all ZAI claims to permit the appeal of one claim.  Third, Grace relies on an overly restrictive reading of Rule 54(b).

If Grace has its way, this bankruptcy will have a confirmed reorganization plan before any appellate court has ever spoken on ZAI issues.  The straightforward way to avoid this injustice is to expunge a single ZAI claim that can be appealed as a matter of right without invoking Rule 54(b).  Walsh Trucking Co., Inc. v. Ins. Co. of N. Am., 838 F.2d 698 (3d Cir. 1988).  Grace expresses confusion as to how a claim can be dismissed.[1]  The ZAI Claimants will identify a claim that does not have asbestos air levels in the home exceeding the OSHA PEL, does not have air levels that would support a "doubling dose" of disease, and does not have an epidemiological study demonstrating an excess risk of asbestos disease from ZAI.  These are the principal bases on which the Court held there was no "unreasonable risk of harm." (ZAI Op. at

---

[1] Debtors' Objection to ZAI Claimants' Motion for Dismissal of an Individual ZAI Claim or for a Rule 54(b) Determination at 3. (Dkt. No. 19498). ["Grace's Appeal Response"].

34-37, 46, 52-53). An appeal can test the validity of these findings as the foundation for
resolution of the "core issues," as Grace has described them.[2]

Grace understandably fears an appeal. In response to the ZAI Claimants' recounting of
Grace's abysmal appellate record, Grace concedes that it has lost appeals "from time to time."[3]
Likewise, Grace fails to refute the ZAI Claimants' argument that Grace only becomes realistic
about settlement after appellate guidance.[4] As the ZAI Claimants explained, they do not contend
that because Grace lost almost all its traditional asbestos property damage appeals, it would
necessarily lose a ZAI appeal. But appellate guidance did have a salutary effect on Grace's
initial intransigence in the asbestos property damage litigation. Without appellate review,
Grace's stance on ZAI will remain immovable. It will continue to cite this Court's statement that
the ZAI Opinion "may prove to be fatal to the property damage claims,"[5] while trying to prevent
the ZAI Claimants from testing that Opinion on appeal.

Grace is content to continue to treat the ZAI Order as functionally final, but procedurally
interlocutory. Its recent pleadings illustrate this schizophrenic approach. In opposing the ZAI
Claimants' motion to have the Barbanti class recognized, Grace asserts that there is no need for
the Barbanti class because the ZAI Opinion has already decided the core ZAI issues:

"The core issues relating to ZAI have now been decided by this Court . . . ."[6]

. . .

---

[2] Debtors' Brief in Opposition to ZAI Claimants' Motion for an Order Recognizing and Permitting Filing of a Washington Class Proof of Claim at 1. (Dkt. No.18494). ["Grace's Barbanti Response"].

[3] Grace's Appeal Response at 2, n.1.

[4] Grace is reduced to arguing that it settled a number of cases with ZAI lead counsel "without appellate review." Id. Grace has forgotten its history. In fact, Grace reneged on its first settlement with ZAI counsel and only paid after losing its appeal of an order requiring it to honor the settlement. Greenville Co. Sch. Dist. v. U.S. Gypsum, Co., et al, No. 85-2169 (4th Cir. Oct. 5, 1987). Attach. A. And only after Grace lost City of Greenville v. W.R. Grace & Co., 827 F.2d 975 (4th Cir. 1987) and a number of other appeals, as recounted in the ZAI Claimants' motion, did it become realistic about its property damage litigation and start settling cases generally.

[5] ZAI Op. at 53.

[6] Grace's Barbanti Response at 1.

"The Barbanti claimants' substantive assertions were disproved by this Court's finding [concerning risk]."[7]

. . .

**"Allowing A Class Proof of Claim Makes No Sense Where The Core Issue Has Been Resolved."**[8]

. . .

"[T]his Court has ruled that ZAI in homes is not hazardous."[9]

. . .

"Given the finding that ZAI does not pose an unreasonable risk of harm, the stakes of any individual claimant are less than modest."[10]

If Grace is correct that "the core issue has been resolved," then justice surely demands that the ZAI Claimants be permitted to test that resolution with a timely appeal. Yet in response to this motion, Grace argues that the ZAI Opinion is interlocutory and currently affects no claims.[11] By this linguistic sleight of hand, Grace attempts to freeze the ZAI Claimants in place, unable to get appellate review of the ZAI Opinion, while using that Opinion to undermine ZAI class certification and thwart any realistic ZAI resolution.

The Third Circuit has ruled that, "in the bankruptcy context the concept of finality should be viewed functionally." Metro Transp. Co. v. North Star Reinsurance Co., 912 F.2d 672, 677 (3d Cir. 1990). With the proposed personal injury settlement at hand, it makes eminent sense to permit a ZAI appeal now. The Third Circuit supports appeal of important issues pre-confirmation:

> Bankruptcy cases frequently involve protracted proceedings with many parties. To avoid the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory.[12]

---

[7] Id. at 2.

[8] Id. at 15 (emphasis in original).

[9] Id. at 17.

[10] Id. at 20.

[11] Grace's Appeal Response at 5-6.

[12] Walsh Trucking Co., Inc. v. Ins. Co. of N. Am., 838 F.2d 698, 701 (3d Cir. 1988).

To facilitate that review, the Claimants propose to appeal one claim expunged pursuant to the ZAI Opinion. In attempting to prevent appeal of a test case, Grace argues "cherry-picking a single ZAI claim now for disallowance would not serve any useful purpose." [13] Perhaps it would not serve a useful purpose for Grace, but it certainly would serve a useful purpose for the ends of justice to clarify the status of ZAI in this bankruptcy. If the ZAI Opinion is flawed in some respect, this Court would certainly want to know before going through an entire confirmation process. Expunging a claim allows an appeal without any Rule 54(b) complications.

Grace's Rule 54(b) discussion is similarly off-base. Citing a 1958 case, Grace asserts that Rule 54(b) should be used only "in the infrequent harsh case."[14] But recent cases have noted:

> with the advent of complex litigation involving numerous parties and claims this standard is no longer "workable." Courts should not restrict the use of Rule 54(b) to cases which are "unusual, exceptional, or extraordinary" but should instead be guided by the "interest of sound judicial administration."

Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 270, 272 (S.D.N.Y. 1995) (internal citations omitted). The modern view is that the rule should balance "the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006). The ZAI situation tips that balance decidedly toward an appeal. In a particularly relevant comment, the Second Circuit has noted, "We might well add asbestos litigation . . . to further extend the list

---

[13] Grace's Appeal Response at 3. The Third Circuit has recognized that a test case can efficiently address an issue without having all potential claimants involved. Bogus v. Am. Speech & Hearing Ass'n, 582 F.2d 277, 290 (3d Cir. 1978).

[14] Grace's Appeal Response at 4. In any event, the ZAI situation does present an unusual situation with potentially harsh results if appellate review is prevented.

of intricate disputes which . . .cry out for flexibility in granting partial final judgments under Rule 54(b)." Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1094-95 (2d Cir. 1992).

Grace's contention that the district court's denial of interlocutory appeal dooms a Rule 54(b) certification[15] is also contrary to precedent. See Metro Transp. Co. v. North Star Reinsurance Co., 912 F.2d 672 (3d Cir. 1990) [denying interlocutory appeal under §1292(b) in a bankruptcy case, but accepting certification under Rule 54(b)]. In that case, the Third Circuit noted, "in the bankruptcy context the concept of finality should be viewed functionally" (Id. at 677), and "we have consistently considered finality in a more pragmatic and less technical way in bankruptcy cases than in other situations." Id. at 676.

Under these precedents, whatever unusual circumstances may be necessary to invoke Rule 54(b) are present here. Unlike the situation a year ago when Grace was arguing it needed to direct its energies to resolving its personal injury problem, ZAI is the major remaining issue in this bankruptcy and the unreviewed ZAI Opinion has assumed center stage. It makes eminent sense to get appellate review of that opinion now, rather than post-confirmation.

Dated: April 15, 2008
     Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 428-8191

-- and --

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott
926 W. Sprague Avenue
Chronicle Building, Suite 680
Spokane, Washington 99201
Telephone: (509) 455-3966

---

[15] Grace's Appeal Response at 5.

-- and --

RICHARDSON, PATRICK,
WESTBROOK  & BRICKMAN, LLC
Edward J. Westbrook
Robert M. Turkewitz
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina  29464
Telephone:  (843) 727-6500

*Special Counsel for ZAI Claimants*