## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: W.R. GRACE & CO., et al.,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 01-01139 (JKF)<br>) (Jointly Administered)<br>)<br>) **Hearing Date: April 22, 2008 @ 11:30 a.m.**<br>)<br>) **Re: D.I. 18323 and 18324** |

### REPLY TO DEBTORS' OPPOSITION TO ZAI CLAIMANTS' MOTION FOR ORDER RECOGNIZING AND PERMITTING FILING OF A WASHINGTON CLASS PROOF OF CLAIM

The Washington Class Representatives' motion does not call upon this Court to re-litigate the class certification issues previously determined by the Washington certifying court, nor does the motion call upon this Court to determine whether the class claim is meritorious. At issue is whether the appointed agents of a certified class will be permitted to file a class proof of claim seeking unified and indivisible programmatic relief for homeowners in Washington.

Recognition of the certified Washington class action and of the proof of claim filed on behalf of that class is not only appropriate, it serves an important purpose in these bankruptcy proceedings. A class proof of claim permits Grace's liabilities to an unknown, unknowing, and deceived community, to be collectively determined and sensibly resolved. A class proof of claim holds prospect for securing meaningful, equitable, programmatic benefits for ZAI homeowners, avoiding further and future property contamination and human exposure, while providing for homeowner assistance when and if ZAI removal or abatement becomes necessary. The Washington class claim, further, provides a blueprint for resolution of ZAI claims in other jurisdictions and for securing finality in a context where litigation would otherwise persist for years, both inside and outside of bankruptcy. Grace presses the Court to deny Washington Class

-1-

Representatives' standing to even advance their claim, denying representation to tens-of-thousands of homeowners. Grace cynically proposes that the unknowing (and now unrepresented) should be made to individually discover ZAI, investigate whether their circumstances give rise to a present at-law claim, and then file a proof of claim under penalty of a deadline that purports to extinguish legal rights, discovered or not. Remarkably, Grace projects that this plan will avoid protracted appeals and improve the prospects of a consensual plan. In opposing recognition of the certified Washington Class, Grace advances a collection of largely non-germane arguments. Grace's arguments may be treated in turn.

### I. "Class Certification was Not Final"

Judge Kathleen O'Connor, consistent with clear Washington authority, unconditionally certified a non-opt out CR 23(b)(2) class action, correctly finding that the relief sought was equitable in character. Grace retorts that the class certification order was "not final."

Characterizing a Court's order of certification as "not final" is meaningless. An order of class certification is intrinsically provisional and subject to reconsideration during the course of the litigation. *See* Annotated Manual for Complex Litigation (4th ed. 2007) §21.28; *See also In re Unisys Savings Plan Litig.*, 1997 WL 230789 (E.D.Pa. 1997); *Cook v. Rockwell Intern. Corp.*, 181 F.R.D. 473 (D. Colo., 1998). Recognition of a class claim within the bankruptcy context is not dependent on the class claim having been litigated to "final" judgment. *In re Craft*, 321 B.R. 189, 196-198 & n.14 (Bankr. N.D. Tex. 2005).

### II. Grace was Engaged in an Appeal

Grace misstates that an "appeal" was in progress at the time of its filing. Washington's civil rules do not afford an automatic right of appeal of class certification orders. Interlocutory orders are subject to a motion to the Court of Appeals by which a party may seek to appeal. At

the time of its bankruptcy filing, Grace was only seeking to appeal.

A motion seeking discretionary review is of no consequence as to the effect or continuing authority of the underlying order. For the same reason, Grace's motion is immaterial to Marco Barbanti's or Ralph Busch's current standing as representatives of a pending Washington class or to their ability to file a claim on behalf of the class they represent. A copy of the Second Amended Proof of Claim of Marco Barbanti and Ralph Busch on behalf of Washington State Class (Zonolite Attic Insulation) is attached hereto as Exhibit A, for reference.

The Washington Class Representatives have full confidence in the correctness of Judge Kathleen O'Connor's Order of certification. They invite this Court to lift stay to permit the Washington Court of Appeals to address Grace's motion for discretionary review, including its erroneous view that Washington law is now somehow less favorable toward certification.

### III. Class Notice was not Published

Next, Grace attempts to call into question the underlying Washington Class Action by noting that class notice was not published. Equitable class actions, such as the Washington Class Action, do not involve publication or sending of a class notice. This is because efforts to secure equitable remedies generally applicable to a class do not implicate a right to opt out of the litigation or a prospect of securing the same relief individually.

Notices to the Class, however, are permitted within such actions. The Washington Class Representatives in this regard, sought publication of a notice throughout Washington that communicated to class members that ZAI was potentially contaminated with asbestos and that a certified class action was pending to secure benefits for ZAI homeowners. The certifying Court agreed that, while a notice was not required, it would have utility in engaging class members in this action affecting their rights.

Grace strenuously and unsuccessfully fought the issuance of this discretionary notice. Thereafter, Grace engaged in various tactics to delay issuance of the notice, while covertly preparing its bankruptcy filing papers. Grace, now transformed, finds great significance in the notice and complains that it was not published.

While notice to Washington homeowners had practical utility in advising most homeowners, for the first time, that ZAI may be contaminated with asbestos, issuance of the notice was prerequisite to nothing. Issuance was not a prerequisite to the Court's order of certification. It was not a prerequisite to appointment of representatives of the class. It played no role in determining the scope of the class (as would be true of a class certified under CR 23(b)(3)).

That Grace was successful at forestalling issuance of a notice to Washington class members, rather than detracting from the importance of a Washington Class Proof of Claim, gives additional cause for recognizing that class claim, since class members remain largely unknowing and individually incapable of participating in these bankruptcy proceedings. Class Representatives would welcome this Court lifting of the stay to permit Class Representatives to issue the Washington notice to its class members.

### IV. "The Core Issues Are Already Decided"

To date, Grace has unfortunately been successful at dissuading the Court from its stated mission of next determining whether and how the Court's partial summary judgment order affects the underlying ZAI claims. Dkt. 14014, Mem. Op. and Dkt. 14015, Order, filed 12/14/05. Grace now attempts to fill this legal void by unilaterally declaring that the Court has already decided all core issues unfavorably for Washington class members and thus a class is no longer necessary. Grace advances this bold proposition without a single appeal to the actual substantive

state law governing the Washington class claims.

Grace does not attempt to reconcile this stance with its proposal that the estate engage in an expensive notice campaign directed at individuals who, according to Grace, the Court has already determined have no claim. Grace does not attempt to reconcile the weight it afforded the Court's "non final" pretrial order with Grace's dismissiveness of the Washington certification order as merely "non final." Nor does Grace pause to explain how the conclusion it advances here is consistent with Grace's resistance to actual dismissal of a ZAI claim, so as to permit immediate appeal of the Court's partial summary judgment order.

The Court's order of partial summary judgment correctly recites that the next logical and important stage in the Science Trial proceedings is to determine the impact of the Court's order on the underlying ZAI claims. ZAI claimants, again, encourage the Court to take the "ZAI Science Trial" to its next logical step by entertaining briefing and conducting hearings to gauge the implications of the Court's ruling on ZAI claims under controlling substantive state laws.

## V. "Relief Sought is Not Injunction"

Grace demeans the substantial efforts committed by the Washington Court in determining whether the Washington Class Action was properly certified as an equitable class action under CR 23(b)(2). Grace mischaracterizes the Court as having merely "accept[ed] the plaintiffs assertion that equitable relief is the primary purpose . . ." Grace Opposition Brief at 3.

The weight of legal argument and authority before Judge Kathleen O'Connor, in fact, concerned the equitable nature of the class action and the appropriateness of its certification under CR 23(b)(2). The trial court was ultimately afforded over 100 pages of briefing on class certification, as well as 30 pages of initial briefing from plaintiffs on injunctive relief, together with 254 pages of exhibits with respect to class certification briefing, and an additional 489 pages

of exhibits in connection with plaintiffs' initial Motion for Preliminary Injunction. The Court's memorandum opinion, following consideration of this wealth of materials, expressly found that the relief sought was equitable in character. Its order of certification included an express finding: "That the action brought by plaintiff is equitable in character and is properly certified under Civil Rule 23(b)(2)." *See* Appendix A to ZAI Claimants' Memorandum in support of this Motion. The proper procedure for challenging the certifying court's ruling, as Grace has already pointed out, is motion for discretionary review to the Washington Court of Appeals. Class Representatives welcome a lifting of stay to permit appellate scrutiny of Grace's allegation that the certifying court glibly accepted plaintiff's assertions or that Washington law is now, somehow, less favorable to Class Representatives.

## VI. <u>CONCLUSION</u>

At issue is the right of duly appointed class agents to file a proof of claim on behalf of the class they represent, and to do so where class members individually are not capable of representing their own interest, and where the relief sought is not capable of assertion on an individual basis. Closing the courthouse doors to the appointed representatives of Washington homeowners and to the claims advanced through those representatives would make resolution of ZAI claims in the foreseeable future a practical and legal impossibility.

Dated: April 15, 2008
Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

/s/ William D. Sullivan

William D. Sullivan (2820)
Elihu E. Allinson, III (3476)
4 East 8th Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 428-8191

-- and --

-7-

        THE SCOTT LAW GROUP, P.S.
        Darrell W. Scott
        926 W. Sprague Avenue
        Chronicle Building, Suite 680
        Spokane, Washington 99201
        Telephone: (509) 455-3966

        -- and --

        RICHARDSON, PATRICK, WESTBROOK
         & BRICKMAN, LLC
        Edward J. Westbrook
        Robert M. Turkewitz
        1037 Chuck Dawley Blvd., Bldg. A
        Mt. Pleasant, South Carolina 29464
        Telephone: (843) 727-6500

        *Special Counsel for ZAI Claimants*