# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                  )        Chapter 11
                                        )
W.R. GRACE & CO., et al.                )        Bankruptcy No. 01-01139 (JFK)
                                        )
            Debtors.                    )        (Jointly Administered)
                                        )

## SECOND AMENDED PROOF OF CLAIM OF
## MARCO BARBANTI AND RALPH BUSCH ON BEHALF OF
## WASHINGTON STATE CLASS (ZONOLITE ATTIC INSULATION)

Pursuant to 11 U.S.C. § 501, Creditors, Washington State Certified Class, by and through

their appointed representatives, Marco Barbanti and Ralph Busch, hereby file the following

amended Zonolite Attic Insulation class claim. Debtors dispute this claim.

*Name and Address of Claimant:* Claimant consists of the following Class, certified by the
Spokane Superior Court, State of Washington, on December 19, 2000, Cause No. 00201756-
6 (*see* attached Amended Class Action Complaint for Injunctive Relief and Damages):

> "All owners or occupiers of real property located in the state of Washington
> in which Zonolite Attic Insulation has been installed." (*See* attached Order
> Granting Plaintiff's Motion for Class Certification Pursuant to CR 23(b)(2))

This Proof of Claim is submitted by Claimants' duly appointed representatives and agents:

> Class Representative Marco Barbanti (*see* attached Order Granting Plaintiff's Motion
>     for Class Certification Pursuant to CR 23(b)(2))
> Class Representative Ralph Busch (*see* attached Court Order (1) Denying Motion to
>     Modify Class Definition and (2) Directing Plaintiff's Counsel to Amend
>     Complaint to Add Additional Class Representative)
> c/o Darrell Scott, Esq., Class Counsel
> The Scott Law Group, P.S.
> 926 W. Sprague Avenue, Suite 680
> Spokane, WA 99201
> 509-455-3966
> 509-455-3906 (fax)

1

*Basis of Claim:* The bases for the class claim are set forth in the Class Action Complaint, which bases include product liability and unfair and deceptive business practices in respect of debtor's product, Zonolite Attic Insulation. (*See* attached Amended Class Action Complaint for Injunctive Relief and Damages)

*Debtors Against Whom The Claim Is Being Asserted:* W.R. Grace & Company—Conn (a *Connecticut* corporation); W.R. Grace & Company (a Delaware corporation); W.R. Grace & Co., a/k/a Grace, an association of business entities.

*Date Debt Was Incurred:* Debtor's indebtedness arising out of conduct generally occurring through the period 1928 to present.

*If Court Judgment, Date Obtained:* This certified class claim remains pending and no court judgment has yet been entered.

*Total Amount of Claim at Time Case Filed:* This class claim is presently unliquidated.

*Secured Claim/Unsecured Priority Claim:* This class claim is unsecured.

*Supporting Documents:* Documents supporting the class claim are too voluminous to attach. Documents supporting the class claim include business records preserved by the debtor in the W.R. Grace document depository as well as exhibits and witness depositions previously generated and/or made available by or to the Debtor in connection with the matter of *Barbanti v. W.R. Grace* and in connection with "Science Trial" proceedings conducted in the above-captioned bankruptcy matter. Documents pertinent to the class status of this claim and appointment of Marco Barbanti and Ralph Busch as representatives and agents of the Class with respect to this class claim include: Amended Class Action Complaint for Injunctive Relief and Damages; Order Granting Plaintiff's Motion for Class Certification Pursuant to CR 23(b)(2); and Court Order (1) Denying Motion to Modify Class Definition and (2) Directing Plaintiff's Counsel to Amend Complaint to Add Additional Class Representative: *Marco Barbanti and Ralph Busch, individually and on behalf of a class of all others similarly situated v. W.R. Grace & Company-Conn (a Connecticut corporation); W.R. Grace & Company (a Delaware corporation); W.R. Grace & Co., a/k/a Grace, an association of business entities; Sealed Air Corporation (a Delaware corporation); and William V. Culver, resident of the State of Washington.*

Dated: March 28, 2008

MARCO BARBANTI
Individually and as Class Representative

2

RALPH BUSCH
Individually and as Class Representative

THE SCOTT LAW GROUP, P.S.

Darrell W. Scott, Class Counsel
926 W. Sprague Avenue
Chronicle Building, Suite 680
Spokane, Washington 99201
Telephone: (509) 455-3966

-- and --

RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC
Edward J. Westbrook
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina 29464
Telephone: (843) 727-6500

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: W.R. GRACE & CO., et al., | ) | CHAPTER 11 |
| | ) | |
| | ) | BANKRUPTCY NO. 01-01139 (JKF) |
| DEBTORS. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

**TABLE OF CONTENTS OF ATACHMENTS TO**

**SECOND AMENDED PROOF OF CLAIM OF
MARCO BARBANTI AND RALPH BUSCH ON BEHALF OF
WASHINGTON STATE CLASS (ZONOLITE ATTIC INSULATION)**

Attachment No.    Description

A    Amended Class Action Complaint for Injunctive Relief and Damages filed
March 30, 2001, in *Barbanti v. W.R. Grace*, Spokane Superior Court Cause
No. 00-2-01756-6

B    Order Granting Plaintiff's Motion for Class Certification Pursuant to CR
23(b)(2) filed December 19, 2000, in *Barbanti v. W.R. Grace*, Spokane
Superior Court Cause No. 00-2-01756-6

C    Court Order (1) Denying Motion to Modify Class Definition and (2) Directing
Plaintiff's Counsel to Amend Complaint to Add Additional Class
Representative filed March 30, 2001, in *Barbanti v. W.R. Grace*, Spokane
Superior Court Cause No. 00-2-01756-6

-1-

Attachment "A" to Second Amended Proof of Claim of Marco
Barbanti and Ralph Busch
(Amended Complaint)

1
2
3
4
5
6

7          SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

8    MARCO BARBANTI and RALPH BUSCH,
     individually and on behalf of a class of all others
9    similarly situated,                                      NO. 00-201756-6

10                            Plaintiff,              AMENDED CLASS ACTION COMPLAINT
                                                     FOR INJUNCTIVE RELIEF AND
11       v.                                          DAMAGES

12   W.R. GRACE & COMPANY-CONN  (a
     Connecticut corporation); W.R. GRACE &
13   COMPANY(a Delaware corporation); W.R.
     GRACE & CO., a/k/a GRACE, an association of
14   business entities; SEALED AIR
     CORPORATION (a Delaware corporation); and
15   WILLIAM V. CULVER, resident of the State of
     Washington,
16
                              Defendants.
17

18                              I.    INTRODUCTION
19
20       1.1    Defendants manufactured in Washington and sold throughout Washington Zonolite

21   Attic Insulation knowing that this product contained dangerous levels of readily loftable tremolite

22   and other forms of asbestos (hereinafter "asbestos").  Defendants concealed the dangerous

23   character of Zonolite Attic Insulation from consumers, public officials, and the general public.  In

24   the aftermath of this wrongdoing, the proposed plaintiff Class of owners and occupiers of real

25   property throughout Washington remain unaware of substantial dangers to themselves and their
26

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES:  1

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICES CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
\\SPOKANE1\VOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC SPOKANE, WA  99201-0466
(509) 455-9555

1  properties posed by the presence of Zonolite Attic Insulation in their homes.  Class members

2  remain unaware of important safeguards necessary to forestall future exposure to hazardous levels

3  of asbestos contained in Zonolite Attic Insulation.  Class members, further, must restrict their use

4  and enjoyment of their real property, while implementing appropriate operations and maintenance

5  practices to protect the health and safety of themselves and the general public.

6

7       1.2    This action seeks preliminary and final injunctive and equitable relief, as well as

8  compensatory relief, in order to advance public health and safety in Washington and to compensate

9  Washington property owners for harm suffered.

10

11  **II.    PARTIES**

12

13       2.1    Plaintiff, Marco Barbanti, is a resident of Spokane, Washington, and owner of real

14  property in which Zonolite Attic Insulation has been installed located in Spokane County,

15  Washington.  Marco Barbanti is prepared to serve as representative of a Class of all others

16  similarly situated.

17       2.2    Plaintiff, Ralph Busch, is a resident of Spokane, Washington, and owner of real

18  property in which Zonolite Attic Insulation has been installed located in Spokane County,

19  Washington.  Ralph Busch is prepared to serve as representative of a Class of all others similarly

20  situated.

21

22       2.3    Defendant, W.R. Grace & Company-Conn (hereinafter "Grace Connecticut"), is a

23  corporation organized and existing under the laws of the State of Connecticut, with its principal

24  place of business in Columbia, Maryland.  At all times relevant to facts alleged in this Complaint,

25  Grace Connecticut, or its predecessor in interest, was engaged in the business of manufacturing,

26

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 2

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
\\SPOKANE\IVOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC SPOKANE, WASHINGTON 99201-0466
(509) 455-9555

marketing, distributing, and selling Zonolite Attic Insulation throughout the United States, including Spokane County, Washington.

2.4    Defendant, W.R. Grace & Company (Delaware) (hereinafter "Grace Delaware"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Columbia, Maryland. Grace Delaware is an alter ego of Grace Connecticut and co-conspirator with Grace Connecticut and W. R. Grace & Company in unfair and deceptive business activities causing injury to property interests of Class members. At times relevant to facts alleged in this Complaint, Grace Delaware was, de facto, a manufacturer and seller of Zonolite Attic Insulation throughout the United States, including Spokane County, Washington.

2.5    Defendant, W. R. Grace & Co., a/k/a Grace, (hereinafter "the Grace Association"), is a closely knit association of corporations, holding companies, trusts, conglomerates, and other legal entities acting on behalf of and conspiring with one another and commonly acting under the alias "Grace." The Grace Association includes, but is not limited to, Grace Holding, Inc., a Delaware corporation; W.R. Grace and Company, a New York corporation; Grace Delaware; Grace Connecticut; Sealed Air Corporation, a Delaware corporation; and the subsidiaries and parents of each. Members of the Grace Association are co-conspirators with one another in unfair and deceptive business activities causing injury to the property interests of Class members. At all times relevant to facts alleged in this Complaint, the Grace Association, or its predecessor in interest, was, de facto, a manufacturer and seller of Zonolite Attic Insulation throughout the United States, including Spokane County, Washington.

2.6    Defendant, Sealed Air Corporation (hereinafter "Sealed Air"), is a Delaware corporation and successor to assets and liabilities of W.R. Grace & Company (Delaware). Sealed

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 3

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
\\SPOKANE\\VOL2\DWS\CLIENT DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT DOC.WPD/4/4/   99201-0446
(509) 455-9555

1  Air's principal place of business is Saddle Brook, New Jersey. Sealed Air is an alter ego of and co-

2  conspirator with above-named defendants in unfair and deceptive business activities causing injury

3  to the property interests of Class members. Sealed Air was created in an attempt to fraudulently

4  shield the assets of the above-named defendants from anticipated liability for asbestos claims,

5
   including the claims asserted in this Complaint. Sealed Air does business in the State of
6
   Washington, including Spokane County.
7

8      2.7    Grace Connecticut, Grace Delaware, the Grace Association, and Sealed Air are

9  hereafter collectively referred to as "Grace."

10     2.8    William V. Culver ("Culver") is a resident of the State of Washington. At times

11  material to facts alleged in this Complaint, Culver was President of and member of the Board of

12  Directors of Vermiculite-Northwest Inc., a Washington Corporation that manufactured Zonolite

13
    Attic Insulation in the Pacific Northwest at vermiculite expansion plants, including its plant in
14
15  Spokane, Washington. Further, at times material to facts alleged in this Complaint, Culver was

16  Northwest District Sales Manager for Grace, and in that capacity sold Zonolite Attic Insulation

17  throughout the State of Washington, including Spokane County.

18

19                     III.    JURISDICTION AND VENUE

20     3.1    This Court has subject matter jurisdiction over this civil action.
21
22     3.2    This Court has personal jurisdiction over each of the parties.

23     3.3    Venue in this matter is proper in Spokane County, State of Washington.

24

25

26

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 4

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
\\SPOKANE1\VOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOE SPOKANE, WA99201-0466
(509) 455-9555

## IV.    FACTS

4.1     Defendants are manufacturers, distributors, and sellers of Zonolite Attic Insulation.

4.2     Zonolite Attic Insulation is chiefly composed of expanded vermiculite ore.

4.3     The predominant source of vermiculite ore used by Grace in the production of Zonolite Attic Insulation was Grace's vermiculite mine located on Zonolite Mountain, near Libby, Montana.

4.4     Grace transported vermiculite ore from Zonolite Mountain to expansion plants throughout the United States for purposes of manufacturing the finished insulation product, Zonolite Attic Insulation.

4.5     Among those plants to which Libby vermiculite ore was shipped was the Vermiculite-Northwest, Inc., expansion plant located in Spokane, Washington, approximately eight blocks from the Spokane County Courthouse.

4.6     At times material to allegations made in this Complaint, Culver was President of Vermiculite-Northwest, Inc., and member of Vermiculite-Northwest, Inc.'s, Board of Directors. Culver manufactured and sold Zonolite Attic Insulation.

4.7     At times material to allegations made in this Complaint, Culver was Northwest District Sales Manager for Grace. In that capacity, Culver sold Zonolite Attic Insulation throughout the State of Washington, including Spokane County.

4.8     Zonolite Attic Insulation manufactured, distributed, and sold by Defendants was purchased and installed in attics of thousands of homes, businesses, and other properties located throughout the State of Washington.

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 5

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
\\SPOKANE1\VOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT 00142.DOC    SPOKANE, WA 99201-0466
(509) 455-9555

4.9     Plaintiff, Marco Barbanti, is an owner of real property located two blocks from the Spokane County Courthouse in which Zonolite Attic Insulation manufactured and sold by Defendants was installed, which insulation was manufactured from vermiculite ore originating from Grace's Libby, Montana, mine.

4.10    Plaintiff, Ralph Busch, is an owner of real property located in Spokane, Washington, in which Zonolite Attic Insulation manufactured and sold by Defendants was installed by his predecessor in interest, which insulation was manufactured from vermiculite ore originating from Grace's Libby, Montana, mine.  Ralph Busch and his predecessor in interest, like all other class members, are foreseeable victims of Grace defendants' uniform unfair and deceptive business practices detailed in this Complaint, causing present injury to the business and property interests of Ralph Busch and all other members of the Class.

4.11    Zonolite Attic Insulation manufactured by Defendants from Libby vermiculite ore is contaminated with asbestos, including tremolite, a rare and exceedingly deadly form of asbestos.

4.12    Zonolite Attic Insulation is a loose-fill type insulation.  Asbestos contained in Zonolite Attic Insulation takes the form of microscopic dust that is readily suspended, re-suspended, and lofted into the air upon the slightest disturbance of Zonolite Attic Insulation. Once suspended, asbestos fibers maintain their fog-like airborne status for extended periods of time, are readily transported by natural air currents, and represent a continuing source of exposure.

4.13    Tremolite asbestos itself consists of sharp, microscopic needle-like fibers that are readily inhaled and easily pierce and lodge in the lining of the lungs.  The lungs are unable to remove tremolite asbestos that penetrates the lung tissue, and fibers are not washed out of the lung tissue by blood.  As a result, the assaulted lung areas become inflamed, in time heavily scarred, and

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 6

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE WA 99201-0466
(509) 455-9555

\\SPOKANE1\VOL2\DWS\CLIENT.DWS\LIBBYWA\ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC

ultimately fail to function. For persons inflicted with this slow and lingering disease process, it becomes increasingly difficult to breathe. Ultimately, the person suffocates.

4.14    Asbestos is a virtually indestructible substance. There is no known safe level of exposure to asbestos.

4.15    Asbestos is a known human carcinogen. Inhalation of asbestos fibers, either through chronic exposure or one-time heavy exposure, can lead to mesothelioma (a diffuse cancer which spreads over the lung lining surface), lung cancer, asbestosis, and other pulmonary diseases that are progressive and often fatal.

4.16    Disturbance of Zonolite Attic Insulation exposes individuals to heavy doses of airborne asbestos sufficient to cause mesothelioma, lung cancer, asbestosis, and other serious pulmonary diseases.

4.17    At all times material to allegations made in this Complaint, Defendants had actual knowledge that Zonolite Attic Insulation manufactured from Libby, Montana, vermiculite was dangerously contaminated with asbestos.

4.18    At all times material to allegations made in this Complaint, Defendants had actual knowledge that exposure to Zonolite Attic Insulation in the ordinary use of that product, exposed users to dangerous levels of asbestos dust.

4.19    Zonolite Attic Insulation manufactured by Defendants has caused asbestos contamination to real property in which that product has been installed.

4.20    Individuals engaged in ordinary activities commonly associated with property ownership disturb Zonolite Attic Insulation, lofting dangerous levels of asbestos into the air they breathe. Such activities include use of attic spaces for storage of personal belongings, home

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 7

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
\\SPOKANE\WOL2\DWS\CLIENT.DWS\.188\YWA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC SPOKANE, WA 99201-0466
(509) 455-9555

1  maintenance activities that involve accessing attic space, home remodeling, installing or replacing

2  of electrical fixtures, upgrading of attic insulation, and use of attic spaces by children for play.

3      4.21    Asbestos dust contained in Zonolite Attic Insulation can readily migrate from attic

4  spaces into living spaces in homes, constituting a present threat to persons occupying those homes.

5      4.22    Individuals engaged in their ordinary use and enjoyment of their real property in

6  which Zonolite Attic Insulation is installed are exposed to levels of asbestos threatening to their

7

8  health and safety.

9      4.23    Persons who own and/or reside in homes insulated with Zonolite Attic Insulation are

10  unaware that Zonolite Attic Insulation contains dangerous levels of asbestos and are unaware of the

11  health risks associated with asbestos.

12      4.24    Persons who own and/or reside in homes insulated with Zonolite Attic Insulation are

13

14  unaware that disturbing of Zonolite Attic Insulation exposes individuals to dangerous levels of

15  asbestos.

16      4.25    Persons who own and/or reside in homes insulated with Zonolite Attic Insulation are

17  unaware that Zonolite Attic Insulation has contaminated their real property.

18      4.26    Persons who own and/or reside in homes insulated with Zonolite Attic Insulation are

19

20  unaware that prudence requires limitation of activities so as to avoid exposure to asbestos dust

21  contained in Zonolite Attic Insulation.

22      4.27    While consumers remain largely unaware of the substantial dangers posed by

23  Zonolite Attic Insulation, Defendants were aware of, and engaged in an intentional pattern and

24  practice of concealing, the dangers associated with Zonolite Attic Insulation.

25

26

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 8

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

\\SPOKANE\\VOL2\\DWS\\CLIENT.DWS\\LIBBY\\WA ZONOLITE INSULATION\\PLEADINGS\\AMENDED ZONOLITE PROD LIAB COMPLT.DOC

4.28    From approximately 1930 until 1963, Zonolite Company operated the vermiculite mining and processing plant on Zonolite Mountain.  Grace acquired the Libby vermiculite mine from Zonolite Company in 1963.  Grace had actual knowledge at the time of its purchase that the vermiculate ore from Zonolite Mountain used to manufacture Zonolite Attic Insulation was heavily contaminated with tremolite asbestos.  Grace was aware of reliable estimates that ore originating from Zonolite Mountain regularly contained in excess of 20% asbestos.

4.29    At all times material to facts alleged in this Complaint, Defendants had actual knowledge that asbestos was extraordinarily dangerous and that exposure to even minuscule levels of asbestos causes potentially fatal diseases, including asbestosis, lung cancer, and mesothelioma.

4.30    Grace was aware of secret medical tests by Zonolite Company that demonstrated that a substantial portion of Zonolite Company's workforce had contracted lung diseases as a result of asbestos contained in the vermiculite used to manufacture Zonolite Attic Insulation.

4.31    In the 1970's, Defendants conducted internal tests confirming high incidents of lung disease among workers exposed to vermiculite used in the manufacture of Zonolite Attic Insulation.

4.32    Despite actual knowledge of the health risks associated with Zonolite Attic Insulation, Defendants continued to aggressively manufacture, promote, distribute, and sell Zonolite Attic Insulation, while concealing and/or failing to disclose the substantial risks of disease associated with asbestos exposure.

4.33    Grace conducted secret animal tests that demonstrated an association between tremolite asbestos and mesothelioma.  Despite these findings confirmed by its own tests, Grace

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 9

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

\\SPOKANE\\VOL2\\DWS\\CLIENT.DWS\\LIBBY\\WA ZONOLITE INSULATION\\PLEADINGS\\AMENDED ZONOLITE PROD LIAB COMPLT.DOC

1  publicly denied the existence of a relationship between tremolite asbestos exposure and

2  mesothelioma.

3       4.34    Despite knowledge of the unreasonable risks to human health, Defendants

4  intentionally chose to not warn the public of health risks associated with Zonolite Attic Insulation.

5  Defendants' decision to conceal from the public such health risks was predicated on Defendants'

6  calculation of the financial reward to Defendants should the public be kept uninformed.

7

8       4.35    Until Grace withdrew Zonolite Attic Insulation from the market in 1984, Defendants

9  affirmatively and actively engaged in steps to conceal the toxicity and dangers of Zonolite Attic

10 Insulation from the public and from government agencies charged with police powers to protect

11 public health and safety.

12      4.36    In 1970, state and federal officials cited various plants belonging to Grace for

13 excessive asbestos exposure levels, and advised Grace that it should provide warning labels on

14 Zonolite Attic Insulation because of the presence of dangerous asbestos dust.  Among the plants for

15 which such warnings were recommended was the Vermiculite-Northwest, Inc., plant located in

16 Spokane, Washington.  Defendants refused to place such warning labels on Zonolite Attic

17 Insulation and misleadingly represented that Zonolite Attic Insulation was safe and did not contain

18

19 asbestos.

20      4.37    Grace falsely and/or misleadingly represented to government officials that Zonolite

21 Attic Insulation had been treated with a binder (a substance that would prevent deadly tremolite

22 fibers from being released into the air) while, in fact, no such binder had been successfully

23 developed or applied to Defendants' Zonolite Attic Insulation product.

24

25

26

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 10

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
\\SPOKANE\\VOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC SPOKANE, WA  99201-0466
(509) 456-3353

4.38    Grace failed to test adequately or properly the use of a binder in preventing hazardous exposure to asbestos.

4.39    Although Defendants publicly represented that Zonolite Attic Insulation posed no health hazard, internal Grace memoranda demonstrate that Grace knew that Zonolite Attic Insulation posed an unreasonable risk to human health and that Grace anticipated that government agencies would eventually ban Zonolite Attic Insulation entirely.

4.40    As early as 1977, Grace drafted a press release, stating that it was "sufficiently concerned about the entire issue of asbestos and associated health hazards to discontinue this product [Zonolite Attic Insulation]." Despite Grace's actual knowledge that Zonolite Attic Insulation posed a substantial hazard to the consuming public, Grace determined to withhold this important press release, to conceal the health hazards associated with Zonolite Attic Insulation, and to continue to aggressively sell Zonolite Attic Insulation for an additional seven years.

4.41    Defendants had superior knowledge, as compared with the consuming public and government enforcement agencies, with respect to the health dangers posed by Zonolite Attic Insulation, but concealed their knowledge of the health dangers associated with their product because they believed that asbestos contained in Zonolite Attic Insulation would go undetected.

4.42    As a proximate result of Defendants' conduct, there is a present, compelling, and immediate need to provide appropriate warnings to the public of the health dangers associated with Zonolite Attic Insulation. Necessary warnings include:

4.42.1    Warning that Zonolite Attic Insulation contains tremolite, an especially dangerous form of asbestos, and that persons should avoid exposure to Zonolite Attic Insulation.

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 11

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
\\SPOKANE1\VOL2\DOWS\CLIENT.DWS\LIBBYWA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC SPOKANE, WA 99201-0466
(509) 455-9555

1    4.42.2  Warning that disturbing of Zonolite Attic Insulation exposes individuals to

2    hazardous levels of asbestos.

3    4.42.3  Warning that persons should not enter or use attic spaces in properties

4    believed to contain Zonolite Attic Insulation, together with advisories on how to identify

5    Zonolite Attic Insulation.

6    4.42.4  Warning that tests should be conducted on properties where Zonolite Attic

7    Insulation has been disturbed and that disturbance poses a threat that asbestos may have

8    been transported to living spaces of that property.

9    4.42.5  Warning that property owners and occupants where Zonolite Attic Insulation

10    has been installed should not engage in remodeling or other activities that involve the

11    disturbance of Zonolite Attic Insulation until an asbestos containment plan has been

12    established by qualified asbestos abatement personnel.

13    4.43    As a direct and proximate result of Defendants' conduct, real properties of Plaintiff

14    and Class members have been contaminated with asbestos, requiring the development of, and

15    implementation of, an appropriate operations and maintenance program to limit further exposure to

16    dangerous levels of asbestos.

17    4.44    As a direct and proximate result of Defendants' conduct, Plaintiff and Class

18    members will incur substantial costs of property remediation, restoration, and asbestos abatement.

19    4.45    As a direct and proximate result of Defendants' conduct, owners of real property in

20    which Zonolite Attic Insulation has been installed have been interfered with in their use and quiet

21    enjoyment of their real property.

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 12

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
\\SPOKANE1\VOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC SPOKANE, WASHINGTON  99201-0466
(509) 455-9555

4.46    Plaintiff and members of the Class possess property interests in claims against various Grace defendants for harms arising out of conduct asserted in this Complaint.

4.47    Grace defendants, in the course of their trade and business, engaged in unfair and deceptive business practices for purposes of causing injury to the property interests of Plaintiff and Class members, including fraudulently shielding the assets of one another for purposes of evading asbestos liability.

4.48    Grace defendants' unfair and deceptive business practices have proximately caused injury to Plaintiff and members of the Class in their property, including injury to their property interests in claims asserted in this Complaint.

## V.    CLASS ACTION ALLEGATIONS

5.1    Plaintiff brings this action as a class action for injunctive, equitable, and monetary relief pursuant to Civil Rule 23(b)(1)(A), 23(b)(2) and 23(b)(3) on behalf of himself and a defined class of similarly situated individuals. The Class is defined as: All owners or occupiers of real property located in the State of Washington in which Zonolite Attic Insulation has been installed.

5.2    The members of the Class are so numerous that their joinder is impracticable.

5.3    There are questions of law and fact common to the Class. Members of the Class share a well-defined community of interest in the questions of law and fact that affect members of the Class, which questions predominate over questions solely affecting individual members. Illustrative common issues of law and fact include, but are not limited to:

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 13

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
WSPOKANE\\VOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC SPOKANE WA 99201-0466
(509) 455-9555

5.3.1    Whether Zonolite Attic Insulation designed, manufactured, and sold by Defendants is not reasonably safe in its design and/or manufacture in that it contains dangerous levels of readily airborne asbestos.

5.3.2    Whether Defendants failed to provide adequate warnings in connection with Zonolite Attic Insulation.

5.3.3    Whether asbestos, contained in Zonolite Attic Insulation and installed in homes throughout Washington, constitutes a present threat to public health and safety.

5.3.4    Whether Zonolite Attic Insulation installed in homes across Washington constitutes a present threat to health and safety in that owners and occupants engaged in their ordinary use and enjoyment of their properties, will be exposed to dangerous levels of asbestos.

5.3.5    Whether owners and occupiers of properties in which Zonolite Attic Insulation are installed are unaware of, or unappreciative of, dangers posed by this product, unaware of safeguards that must be taken to avoid harmful exposure to asbestos, unaware of operations and maintenance practices appropriate to properties where Zonolite Attic Insulation is installed, and unaware of the necessity to, and prudent means by which to, engage in such activities as testing, remediation, removal, or abatement.

5.3.6    Whether Defendants concealed from consumers and government agencies responsible for public health, material information concerning the health hazards associated with Zonolite Attic Insulation.

5.3.7    Whether Defendants' public announcements, statements, or representations concerning Zonolite Attic Insulation were untrue, deceptive, or misleading.

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 14

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
\\SPOKANE1\VOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC.SERVER  99201-6466
(509) 455-9555

5.3.8   Whether Defendants' public announcements, statements, or representations with respect to Zonolite Attic Insulation had a capacity to deceive a substantial portion of the consuming public.

5.3.9   Whether Grace's uniform practices of representing Zonolite Attic Insulation as asbestos free and safe constitute unfair or deceptive business practices.

5.3.10   Whether preliminary injunctive relief is warranted, including warnings to the public regarding Zonolite Attic Insulation.

5.3.11   Whether members of the Class have suffered harm to their property interests in that the presence of Zonolite Attic Insulation requires property owners and property occupants to restrict their use and quiet enjoyment of their property.

5.3.12   Whether Defendants' conduct with respect to Zonolite Attic Insulation warrants exemplary damages.

5.4   The claims of Plaintiff arise from the same events and course of conduct by Defendants that give rise to the claims of the other Class members. Plaintiff is a member of the Class he seeks to represent and possesses the same interests and has suffered the same injuries as other Class members, making Plaintiff's claims typical of the claims of the Class generally.

5.5   Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in complex class actions and products liability litigation.

5.6   Class certification is appropriate pursuant to Civil Rule 23(b)(1)(A) because prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Grace.

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
\\SPOKANE\IVOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.INDE.BRD\WN. 99201-0444
(509) 455-9555

5.7    Class certification is appropriate pursuant to Civil Rule 23(b)(2) because Defendants have acted, or refused to act, on grounds generally applicable to the Class, in that Defendants have concealed and failed to disclose hazards associated with Zonolite Attic Insulation, rendering millions of homeowners unaware of present dangers in their homes and causing harms and hardship to those who do learn of this present danger. Defendants' common course of conduct makes appropriate preliminary and final injunctive and declarative relief.

5.8    Class certification is appropriate pursuant to Civil Rule 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and class-wide adjudication of Class members' claims is superior to other available methods for the fair and efficient adjudication of this controversy.

## VI.    CLAIMS FOR RELIEF

6.1    Plaintiff hereby asserts each and every cause of action and remedy at law or in equity supported by facts alleged in this Complaint. Plaintiff's causes of action and remedies at law and in equity include, but are not limited to, each of the following:

## VII.    PRODUCT LIABILITY

7.1    Zonolite Attic Insulation is not reasonably safe in design and not reasonably safe in its manufacture in that it contains readily-loftable asbestos, exposing owners and occupiers of property to unreasonable dangers of injury and damage, proximately causing harm to Plaintiff and Class members. Harms suffered include, but are not limited to, contamination of real and personal property, costs of testing, costs of property remediation, costs of tremolite containment, costs of

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 16

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
\\SPOKANE\IVOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAS COMPLT.DOC   SPOKANE, WA  99201-0466
(509) 455-9555

1  asbestos abatement, and costs and hardship resulting from reasonable effort to avert harm,

2  including interference with Class members' use and enjoyment of real property.

3    7.2    Zonolite Attic Insulation manufactured by Defendants is defective in its design and

4  formulation in that it poses dangers beyond that contemplated by an ordinary consumer, which

5  dangers proximately caused harm to Plaintiff and Class members. Harms include, but are not

6  limited to, contamination of real and personal property, costs of testing, costs of property

7  remediation, costs of asbestos containment, costs of asbestos abatement, and costs and hardship

8  
9  resulting from reasonable effort to avert harm, including interference with Class members' use and

10  enjoyment of real property.

11    7.3    Zonolite Attic Insulation was not accompanied by appropriate or adequate warnings

12  and not accompanied by appropriate or adequate instructions concerning the safe use, handling, or

13  installation of the product, proximately causing harm to Plaintiff and Class members. Harms

14  suffered include, but are not limited to, contamination of real and personal property, costs of

15  testing, costs of property remediation, costs of asbestos containment, costs of asbestos abatement,

16  
17  and costs and hardship resulting from reasonable effort to avert harm, including interference with

18  Class members' use and enjoyment of real property.

19    7.4    Zonolite Attic Insulation manufactured by Defendants was defective due to

20  inadequate post-marketing warnings and/or instructions in that Defendants acquired actual

21  knowledge of risks to health posed by Zonolite Attic Insulation, but failed to provide adequate

22  warnings to users, consumers, or the public, proximately causing harm to Plaintiff and Class

23  members. Harms suffered include, but are not limited to, contamination of real and personal

24  property, costs of testing, costs of property remediation, costs of asbestos containment, costs of

25  
26  

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 17

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
\\SPOKANE\WOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC#0699/A, WP8140444
(509) 455-9555

asbestos abatement, and costs and hardship resulting from reasonable effort to avert harm, including interference with Class members' use and enjoyment of real property.

7.5     Defendants had a duty to exercise reasonable care in the manufacture, testing, distribution, and sale of Zonolite Attic Insulation, including a duty to ensure that its product did not pose unreasonable risk of harm to consumers and users.

7.6     Defendants failed to exercise reasonable care in the manufacture, testing, distribution, and sale of Zonolite Attic Insulation, proximately causing harm to Plaintiff and members of the Class. Harms suffered include, but are not limited to, contamination of real and personal property, costs of testing, costs of property remediation, costs of asbestos containment, costs of asbestos abatement, and costs and hardship resulting from reasonable effort to avert harm, including interference with Class members' use and enjoyment of real property.

## VIII.   UNFAIR AND DECEPTIVE BUSINESS PRACTICES

8.1     Defendants engaged in a uniform practice of issuing material misrepresentations of fact regarding the safety of Zonolite Attic Insulation and tremolite, including misrepresentations to consumers, governmental officials, and the general public. Standardized misrepresentations include, but are not limited to, the misrepresentation that tremolite is not hazardous, that Zonolite Attic Insulation is safe, and that Zonolite Attic Insulation is a "non-asbestos product."

8.2     Defendants knew, or are appropriately charged with knowledge, that Zonolite Attic Insulation poses substantial and unreasonable risks to human health and that asbestos contained in Zonolite Attic Insulation is a cause of potentially fatal diseases including asbestosis, lung cancer, and mesothelioma.

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WASHINGTON 99201-0466
(509) 455-9555

8.3     Defendants knew that its representations regarding Zonolite Attic Insulation and tremolite were untrue and/or recklessly or negligently made such representations without regard to their truth or falsity.

8.4     Defendants made the aforementioned misrepresentations with the intent to deceive and to induce the general public and members of the Class to purchase and use Zonolite Attic Insulation.

8.5     Class members and the general consuming public reasonably and justifiably relied upon the truth and completeness of Defendants' representations.  In the exercise of reasonable diligence, Class members and the general public could not have discovered the defects and hazards of Zonolite Attic Insulation concealed by Defendants.

8.6     Defendants, with the intent to sell Zonolite Attic Insulation and to induce the public to purchase this product, published, disseminated, and placed before the public, standardized announcements, statements, and representations that contained untrue, deceptive, and misleading claims about the safety and character of Zonolite Attic Insulation.

8.7     Defendants' untrue, deceptive, and misleading representations had a tendency to deceive, or capacity to mislead, a substantial portion of the purchasing public.

8.8     Defendants' unfair and deceptive acts and practices impacted the public interest in that it has exposed the public to substantial risks to health and safety.

8.9     Grace defendants, in the course of their business and trade, engaged in unfair and deceptive business practices in an effort to fraudulently conceal the assets of one another so as to evade anticipated asbestos liability, including anticipated liability arising out of Defendants'

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
\\SPOKANE\IVOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC SPOKANE, WA 99201-0466
(509) 455-9555

manufacture, distribution, and sale of Zonolite Attic Insulation, causing injury to Plaintiff and members of the Class in their property.

8.10    Those unfair and deceptive business practices that involved fraudulent transfer and concealment of Grace assets include, but are not limited to, the following:

8.10.1  With an intent of defrauding asbestos creditors, including Class members, Grace defendants stripped the original, unified, and liable W.R. Grace corporate entity of its principal assets through a complex series of transactions involving creation of wholly controlled corporate entities, transfers between corporate entities, mergers, stock transfers, distributions to stock holders, and corporate name changes.

8.10.2  Included in these unfair, deceptive and fraudulent transfers were Grace defendants' transfer of its substantial packaging business component to a specially created, separately named, and wholly controlled "Grace" corporate entity, subsequent acquisition through merger, of a company "Sealed Air," the surviving company remaining a controlled "Grace" company, and subsequent change of corporate names from "Grace" to "Sealed Air," being the present defendant Sealed Air, all for purposes of fraudulently concealing Grace defendants' assets from Class members.

8.10.3  This transaction rendered Grace insolvent, unable to pay its debts as they matured, and constituted a fraudulent transfer and conveyance.

8.11    Class members have suffered injury to their business and/or property as a direct and proximate result of the unfair, misleading, and deceptive trade practices of Defendants.  Losses suffered include, but are not limited to, contamination of real and personal property, costs of testing, costs property remediation, costs of asbestos containment, costs of asbestos abatement, and

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 20

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
\\SPOKANE1\VOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC SPOKANE, WA 99201-0466
(509) 455-9555

1  costs and hardship resulting from reasonable effort to avert harm, including interference with Class

2  members' use and enjoyment of real property.

3

4

## IX.    INJUNCTIVE RELIEF

5

6  9.1    Plaintiff and members of the Class have no complete, speedy, or adequate remedy at

7  law with respect to present and continuing dangers to public health and safety posed by

8  Defendants' product.

9  9.2    Absent preliminary and final injunctive relief, Plaintiff, Class members, and the

10  public at large, will suffer irreparable injury, including:

11  9.2.1    Unknowing exposure to hazardous levels of asbestos.

12  9.2.2    Risks of contracting serious and commonly fatal diseases caused by

13  exposure to asbestos.

14

15  9.2.3    Unknowing and inadvertent contamination of real and personal property

16  with hazardous levels of asbestos.

17  9.2.4    Risks of engaging in ordinary uses of real property that spread dangerous

18  levels of asbestos and expose persons to hazardous levels of asbestos.

19  9.3    Plaintiff and Class members are entitled to preliminary and final injunctive relief

20  appropriate to safeguarding the public and themselves from exposure to Defendants' product.

21

22

23  ## X.    PRAYER FOR RELIEF

24  WHEREFORE, Plaintiff requests that this Court enter an order, decree, and judgment in

25  favor of the Class and against Defendants, and each of them, as follows:

26

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 21

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
\\SPOKANE\IVOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC SPOKANE, WA  99201-0466
(509) 455-9555

1.      An order certifying this action as a class action, or appropriate subclasses or issues thereof pursuant to Civil Rule 23(c)(4), appointing named Plaintiff as a Class Representative, and designating undersigned counsel as counsel for the Class;

2.      Interim and final orders establishing a Defendant-funded Court-supervised identification program which, through use of Defendants' records, sales records, publication, and other means, will identify homes and buildings containing Zonolite Attic Insulation, together with a testing program to verify the suspected existence of Zonolite Attic Insulation in homes and other buildings.

3.      Interim and final orders establishing a Defendant-funded Court-supervised notification program that issues timely and pertinent warnings and information to property owners, public and private health agencies, and members of the building trades, including:

    a.    Warning that Zonolite Attic Insulation contains asbestos and that persons should avoid exposure to Zonolite Attic Insulation.

    b.    Pertinent advisories regarding how to locate and identify Zonolite Attic Insulation.

    c.    Warning that disturbance of Zonolite Attic Insulation exposes individuals to hazardous levels of asbestos.

    d.    Warning that persons should not enter areas containing Zonolite Attic Insulation without taking appropriate safety precautions.

    e.    Warning that tests should be conducted on properties where Zonolite Attic Insulation has been disturbed or where asbestos dust from Zonolite Attic Insulation may have been transported into living spaces.

    f.    Warning that property owners and occupants should not engage in remodeling or other building activities that risk disturbance of Zonolite Attic Insulation, and that such remodeling and building activities should be performed only by qualified personnel and in accordance with an asbestos containment plan.

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 22

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
\\SPOKANE\\VOL2\\DWS\\CLIENT DWS\\JBBY\\WA ZONOLITE INSULATION\\PLEADINGS\\AMENDED ZONOLITE PROD LIAB COMPLT.DOC SPOKANE, WA  99204-0466
(509) 455-9555

4.      A final order establishing a Defendant-funded Court-supervised health and safety research and education trust, which conducts pertinent research and disseminates relevant findings to Class members, to public and private health agencies, to professional building trades associations, and to property owners, the missions of the trust to include development of a specialized operations and maintenance program that sets forth safety procedures and remediation techniques appropriate to Zonolite Attic Insulation contamination.

5.      A final order establishing a Defendant-funded Court-supervised remediation and containment program and fund, which will provide to Class members:

   a.     Information, techniques, procedures, and protocols for safe containment of the asbestos hazards during anticipated activities of repair, remodeling, storage, or other use of attic space, venting ceiling fans, etc.

   b.     Training, equipment, funding, and other assistance necessary to ensure a safe environment in homes and other buildings during and following repair, maintenance, remodeling, and other activities which disturb Zonolite Attic Insulation.

   c.     Training, equipment, funding, and other assistance necessary to contain and control asbestos hazards from undisturbed Zonolite Attic Insulation so as to ensure a safe environment in homes and other buildings during normal anticipated use.

6.      A judgment in favor of the Class and against Defendants, jointly and severally, in an amount to be determined at the time of trial to compensate Class members for damages suffered;

7.      An award of punitive damages against Defendants to punish and deter like conduct by others;

8.      An award of attorneys' fees and costs of suit as allowed by law; and

9.      For such other relief as the Court may deem just and equitable.

DATED this 29th day of March, 2001.

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 23

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
\\SPOKANE\\VOL2\\DWS\\CLIENT.DW\\LIBBY\\WA ZONOLITE INSULATION\\PLEADINGS\\AMENDED ZONOLITE PROD LIAB COMPLT.DOC SPOKANE, WA  99204-0466
(509) 455-9555

1    LUKINS & ANNIS, P.S.

2    By

3    Darrell W. Scott, WSBA# 20241

4    Michael G. Black, WSBA #19218
     Tonya R. Hanson, WSBA #29398

5    LUKINS & ANNIS, P.S.
     1600 Washington Trust Financial Cntr

6    717 W Sprague Ave.
     Spokane, WA  99201-0466

7    Telephone: (509) 455-9555
     Facsimile: (509) 747-2323

8
     Elizabeth J. Cabraser, CSB # 083151

9    Fabrice N. Vincent, CSB # 160780
     LIEFF, CABRASER, HEIMANN &

10   BERNSTEIN, LLP
     Embarcadero Center West, 30th Floor

11   275 Battery Street
     San Francisco, CA  94111

12   Telephone:  (415) 956-1000
     Facsimile:  (415) 956-1008

13
     Edward J. Westbrook

14   Robert M. Turkewitz
     NESS MOTLEY LOADHOLT RICHARDSON

15   & POOLE
     28 Bridgeside Blvd.

16   P.O. Box 1792
     Mt. Pleasant, SC  29465

17   Telephone:  (843) 216-9000
     Facsimile:  (843) 216-9440

18
     Steven J. Toll

19   Tamara J. Driscoll, MSBA # 4498
     COHEN, MILSTEIN, HAUSFELD & TOLL,

20   P.L.L.C.
     999 Third Avenue, Suite 3600

21   Seattle, WA  98104
     Telephone:  (206) 521-0080

22   Facsimile:  (206) 521-0166

23   Richard S. Lewis
     COHEN, MILSTEIN, HAUSFELD & TOLL

24   1100 New York Ave., N.W.
     West Tower, Suite 500

25   Washington, D.C. 20005-3934
     Telephone:  (202) 408-4600

26   Facsimile:  (202) 408-4699

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 24

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WASHINGTON  99201-0466
(509) 455-9555

\\SPOKANE\IVOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC #09/09, 99201-8466

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Jon L. Heberling
Roger M. Sullivan
Allan M. McGarvey
McGARVEY, HEBERLING, SULLIVAN &
McGARVEY, P.C.
745 South Main
Kalispell, MT 59901
Telephone: (406) 752-5566
Facsimile: (406) 752-7124

Attorneys for Plaintiffs

AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES: 25

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99201-0466
(509) 455-9555

W:\SPOKANE\IVOL2\DWS\CLIENT.DWS\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\AMENDED ZONOLITE PROD LIAB COMPLT.DOC

## CERTIFICATE OF SERVICE

I, Samantha Batorson, do hereby certify that on the 29th day of March, 2001, the foregoing document was delivered to the following persons in the manner indicated:

| | |
|---|---|
| Mr. V.L. Woolston Jr.<br>Mr. Thomas L. Boeder<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101-3099<br>Facsimile: (206) 583-8500 | VIA REGULAR MAIL [ ]<br>VIA FEDERAL EXPRESS [ X ]<br>VIA HAND DELIVERY [ ]<br>VIA FACSIMILE [ X ] |
| Mr. Rocco Treppiedi<br>Perkins Coie LLP<br>221 N. Wall Street, Suite 600<br>Spokane, WA 99201 | VIA REGULAR MAIL [ ]<br>VIA FEDERAL EXPRESS [ ]<br>VIA HAND DELIVERY [ X ]<br>VIA FACSIMILE [ ] |
| Donald G. Stone<br>David L. Broom<br>Curtis L. Shoemaker<br>Paine, Hamblen, Coffin, Brooke, & Miller LLP<br>717 West Sprague Avenue, Suite 1200<br>Spokane, WA 99201 | VIA REGULAR MAIL [ ]<br>VIA FEDERAL EXPRESS [ ]<br>VIA HAND DELIVERY [ X ]<br>VIA FACSIMILE [ ] |

EXECUTED this 29th day of March, 2001, at Spokane, Washington.

Samantha Batorson

Attachment "B" to Second Amended Proof of Claim of Marco
Barbanti and Ralph Busch
(Order Granting Class Certification)

COPY

ORIGINAL FILED.

**DEC 1 9 2000**

SUPERIOR COURT
SPOKANE COUNTY, WA

1

2

3

4                                                                                    1-

5

6

7                    SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

8     MARCO BARBANTI, individually and on
      behalf of a class of all others similarly situated,
9
                                                        NO. 00-2-01756-6
                              Plaintiff,
10
                                                        CLASS ACTION
11          v.

12    W.R. GRACE & COMPANY-CONN (a                      ORDER GRANTING PLAINTIFF'S
      Connecticut corporation); W.R. GRACE &            MOTION FOR CLASS CERTIFICATION
13    COMPANY (a Delaware corporation); W.R.            PURSUANT TO CR 23(b)(2)
      GRACE & CO., a/k/a GRACE, an association of
14    business entities; SEALED AIR
      CORPORATION (a Delaware corporation); and
15    WILLIAM V. CULVER, resident of the State of       **Motion No. 1**
      Washington,
16
17                            Defendants.

18

19                                         1. BASIS

20          THIS MATTER came before the Court for hearing on the 21st day of September, 2000, on

21    Plaintiffs' Motion for Class Certification. All parties were represented by counsel.

            In deciding the Motion, the Court considered the oral argument of counsel together with the
22
      documents identified in the attached Memorandum Decision.
23

24                                       2. FINDINGS

25          This Court issued its written Memorandum Decision on this matter on November 28, 2000,

26    and the Court hereby adopts its findings and ruling issued on that date. The Memorandum

      ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
      CERTIFICATION PURSUANT TO CR 23(b)(2): 1
      (Motion No. 1)

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
16th WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99201-0466
(509) 455-9555

H:\WP\CLIENT.DW\LIBBY\WA ZONOLITE INSULATION\PLEADINGS\ORDERCLASSCERT.DOC 12/19/00

1  Decision is attached to this Order and fully incorporated herein by reference.  In particular, the

2  Court expressly finds:

3      1).  That the numerosity requirement has been met based on the evidence presented;

4      2).  That named plaintiff's claims present questions of law and fact common to the class;

5      3).  That the claims of the above-named plaintiff are typical of the claims of the class he

   seeks to represent;

6      4).  That named plaintiff and his counsel can fairly and adequately represent the interests of

7   the class; and

8      5).  That the action brought by plaintiff is equitable in character and is properly certified

9   under Civil Rule 23(b)(2).

10

                                3.  ORDER

11      THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion is Granted and that this

12  action may be maintained as a class action pursuant to CR 23 and its subdivision CR 23(b)(2) with

13  respect to the claims asserted in the Class Action Complaint against W. R. Grace & Company-

14  Conn., W. R. Grace & Company, W. R. Grace & Co., a/k/a Grace, an association of business

15  entities, Sealed Air Corporation, and William V. Culver.  (The Court has not made a finding as to

16  the existence or non-existence of the entity sued as "W.R. Grace & Co. a/k/a Grace, an association

    of business entities").

17      The Class shall be composed of and defined as:  All owners or occupiers of real property

18  located in the state of Washington in which Zonolite Attic Insulation has been installed.

19      DONE IN OPEN COURT this _9th_ day of _December_ , 2000.

20

21                          **KATHLEEN M. O'CONNOR**

22                          _____
                            KATHLEEN M. O'CONNOR
23                          JUDGE

24

25

26

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION PURSUANT TO CR 23(b)(2): 2
(Motion No. 1)

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

J:\DWS\CLIENT.DWS\LISSBY\WA ZONOLITE INSULATION\PLEADINGS\ORDER\ORDER.CLASSCERT.DOC 12/19AB

1

Presented by:

2  LUKINS & ANNIS, P.S.

3

4  By: _____

5      DARRELL W. SCOTT, WSBA # 20241
       Attorneys for Plaintiff

6  Approved as to Form and Notice
   Of Presentment Waived:

7

8  PERKINS, COIE, LLP

9

10  By: Approved telephonically by V.L. Woolston 12/19/00
        V. L. Woolston, Jr., WSBA #9453

11      Rocco N. Treppiedi, WSBA #9137

12      Attorneys for Defendants Grace

13

    PAINE, HAMBLEN, COFFIN, BROOKE & MILLER

14

15

16  By: Approved telephonically by David Broom 12/19/00
        Donald G. Stone, WSBA #7547

17      David L. Broom, WSBA #02096

18      Attorneys for Defendants Sealed Air Corporation

19

20

21

22

23

24

25

26

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION PURSUANT TO CR 23(b)(2):  3
(Motion No. 1)

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99201-0466
(509) 455-9555

J:\OWPX\CLIENT.DW2L\J0BYX\WA ZONOLITE INSULATION\PLEADING\ORDERCLASSCERT.DOC 12/19/00

1       SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

2

3    MARCO BARBANTI, ETAL,                    )
                                              )    Case No.: No. 00-2-01756-6
4              Plaintiff,                     )
                                              )
5    vs.                                      )    MEMORANDUM DECISION (MOTION #1)
                                              )
6    W. R. GRACE & CO. ETAL,                  )
                                              )
7              Defendant                      )
                                              )

8

9       This matter came before the court for oral argument on September 21, 2000, on

10   Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2). The following pleadings were

11   considered by the court:

12   1.  Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2)

13   2.  Brief in Support of Class Certification

14   3.  Declaration of Kristy L. Bergland

15   4.  Declaration of Richard S. Lewis

16   5.  Declaration of Allan M. McGarvey

17   6.  Affidavit of Darrell W. Scott

18   7.  Declaration of Fabrice Vincent

19   8.  Declaration of Edward J. Westbrook

20   9.  Plaintiffs' Supplemental Submission in Support of Class Certification

21   10. Declaration of Fabrice N. Vincent and attachments thereto

22   11. Grace Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification Pursuant

23       to CR 23(b)(2) and 23(b)(3)

24   12. Declaration of Rocco N. Treppiedi and attachments thereto

25



MEMORANDUM DECISION (MOT. #1): 1

1   13. Affidavit of Donald J. Hurst (submitted by Plaintiffs in support of the application for

2       Preliminary Injunction and submitted by Defendants' in support of their opposition to

3       Plaintiff's Class Certification motion) and attachments thereto

4   14. Defendant Sealed Air Corporation's Joinder in Grace's Argument and Brief in Opposition to

5       Plaintiffs' Motion for Class Certification Pursuant to CR 23(b)(2) and 23(b)(3)

6   15. Plaintiffs' Reply in Support of Motion for Class Certification.

7

8                                   **STATEMENT OF FACTS**

9           Plaintiff Barbanti brings this action on behalf of a purported class of all owners and

10   occupiers of real property located in the State of Washington in which Zonolite Attic Insulation

11   has been installed. Defendants' are alleged to be the manufacturers of this product. The claims

12   asserted include product liability claims under the Washington Products Liability Act (WPLA),

13   RCW 7.72 and violations of the Consumer Protection Act (CPA), RCW 19.86.

14           Plaintiffs' are seeking injunctive relief as well as compensation for property damage

15   suffered by class members. Plaintiffs are not seeking compensatory damages for any illness a

16   class member may have contracted as a result of exposure to Zonolite Attic Insulation nor are

17   they seeking to establish a medical-monitoring regime.

18

19                                       **DISCUSSION**

20           In Washington the process of class certification is governed Civil Rule CR 23. At the

21   outset the plaintiffs must demonstrate that they meet the four requirements of CR 23(a):

22                   One or more members of a class may sue or be sued as representative

23                   parties on behalf of all only if (1) the class is so numerous that joinder

24                   of all members is impractical; (2) there are questions of law or fact

25                   common to the class; (3) the claims or defenses of the representative


MEMORANDUM DECISION (MOT. #1): 2

1    parties are typical of the claims or defenses of the class, and (4) the

2    representative parties will fairly and adequately protect the interests

3    of the class.

4    Subsection one is known as "numerosity". The only evidence presented with respect to

5    this section was plaintiffs' reference to a 1985 EPA publication which estimated Zonolite was

6    installed in 900,000 homes between 1974 and 1984. From that number plaintiffs' estimate at

7    least 18,800 Washington homes may contain this insulation. Plaintiffs' argue this is a

8    conservative number as this product was on the market for many years. The defendants' did not

9    challenge this number. The numerosity requirement has been met.

10    Subsection two is known as "commonality" and requires evidence questions of law or

11    fact common to the class. Plaintiffs' focus on a common course of conduct by the defendants

12    towards all potential class members i.e., a pattern of alleged misrepresentations in advertising the

13    product, failure to warn, etc. as meeting this requirement.

14    Also, plaintiffs' seek equitable relief for the class as a whole in the areas of warnings,

15    education, and remediation, not individual relief. Plaintiffs' do acknowledge in their

16    supplemental brief that there maybe some potential class members who are already aware of the

17    alleged problems with Zonolite Attic Insulation and have expended money to remove the

18    insulation. The injunctive relief suggested by the plaintiffs would include a defendant-funded

19    remediation program where, presumably, class members would apply for funds to remove the

20    insulation.

21    However, plaintiffs assert the fact there may be some compensation for remediation does

22    not detract from the nexus of common facts particularly with respect to the liability issues, I

23    agree. The issue of monetary damages is more properly considered in connection with the

24    analysis of whether CR 23(b)(1) or (2) or CR 23(b)(3) applies, not to commonality. The

25    commonality requirement has been met.

MEMORANDUM DECISION (MOT. #1): 3

1    Subsection three is "typicality". Does the plaintiff's complaint arise from the same

2    conduct on the part of the defendant that other putative class members may have experienced? It

3    does. Are there any unique defenses applicable to the plaintiff which would unduly prolong

4    prosecution of the case from the perspective of putative class members?   There does not appear

5    to be. A number of cases have been cited which stand for the proposition that " . . . challenging

6    the same unlawful conduct that affects both the named plaintiff and the rest of the putative class

7    usually satisfies the typicality requirement, despite disparities in individual factual scenarios."

8    *Cullen v. Whitman Med. Corp.*, 188 F.R.D.226, 230 (E.D. Pa. 1999). The typicality requirement

9    has been met.

10    Subsection four is the adequacy of representation and refers to both the class counsel and

11    the class representative(s).  Class counsel are very experienced in class action litigation and

12    defendants have not taken issue with plaintiffs' counsels' ability to provide adequate legal

13    representation.  Rather the focus is whether Mr. Barbanti, as class representative, can adequately

14    represent the class.

15    Defendants' assert Mr. Barbanti is an inadequate class representative because: (1) he has

16    a conflict of interest with putative class members because he alleged only limited statutory

17    claims; (2) he does not have a claim under the CPA; (3) he is engaging in "claim splitting"; (4)

18    he lacks standing to request injunctive relief because he knew Zonolite contained asbestos before

19    he began the lawsuit; and (5) he lacks credibility.

20    Plaintiff responds that a class representative is not required to assert every possible claim

21    and some claims are not suitable for a class action resolution.  This is particularly true of

22    personal injury claims.  In a class action, the concept of "claim splitting" is less of a concern than

23    it would be in an individual action.  It can be more efficient to manage some issues in a class

24    action setting, i.e. liability issues, and this will not preclude individual litigation of other claims,

25    i.e. personal injury claims.


MEMORANDUM DECISION (MOT. #1): 4

1    With respect to the "standing" argument, this court is not aware of any Washington

2   jurisdictional authority which would prohibit the court from granting plaintiffs' requested relief

3   of a warning to the public simply because Mr. Barbanti knew Zonolite may have contained

4   asbestos.

5    The issue of Mr. Barbanti's credibility was raised in connection with his personal

6   response to the discovery of Zonolite Attic Insulation in some of his properties and his alleged

7   failure to inspect all of his properties or timely warn his tenants. This fact issue has yet to be

8   adjudicated by the court and, if true, has not precluded the plaintiffs from pressing for the

9   hearing of the Motion for Preliminary Injunction.

10    The adequacy of representation has been met.

11    After finding the initial four requirements of CR 23(a) have been met, the court next turns

12   to the applicability of CR 23(b)(1) or (2) and/or CR 23(b)(3). Plaintiffs' assert as they are

13   primarily requesting injunctive relief, CR 23(b)(2) is appropriate. Defendants' allege that the

14   primary purpose of this litigation is monetary, i.e. to compensate persons who  remove Zonolite

15   Attic Insulation.

16    Plaintiffs' complaint indicates it is seeking injunctive relief and other equitable remedies

17   including a notification program, development of safety procedures and remediation techniques.

18   In it's Supplemental Submission plaintiffs' characterize as "incidental" requests for damages

19   some class members may make for expenses already incurred to remove Zonolite. It also

20   acknowledges that there may be damage claims if they are successful in obtaining equitable

21   relief.

22    The question is what is the primary purpose of the litigation. This court accepts the

23   plaintiffs' assertion that equitable relief is the primary purpose although monetary damage claims

24   would not be unexpected if plaintiffs prevail. The purpose of class action litigation is to allow

25   individuals, who have common causes of action, to pool their resources and pursue legal relief

MEMORANDUM DECISION (MOT. #1): 5

1   which would otherwise be unavailable due to the cost of litigation and the individual amount of

2   damages involved.

3        It is also a benefit to both plaintiffs and defendants that putative class members litigate

4   the class issues in one proceeding to avoid inconsistent adjudications. Defendants have raised

5   the concern that legal actions involving Zonolite are relatively new and there is no "track record"

6   of court decisions as a reason for finding class certification is premature. That position flies

7   squarely in the face of CR 23(b)(1)(A) which recognizes that in cases affecting substantial

8   numbers of persons, defendants should not be subjected to inconsistent standards of conduct

9   imposed by multiple court decisions.

10        Finally, defendants rightly point out that asbestos is heavily regulated by federal agencies

11   and Zonolite is under review by the EPA. Arguably, the resources of a federal regulatory agency

12   are greater than a state superior court and this court has considered that fact. However, federal

13   regulation does not preclude class litigation or preempt the court's ability to take jurisdiction.

14        Therefore, the plaintiff' Motion for Class Certification under CR 26(b)(2) is granted. Ms.

15   Scott, please prepare the appropriate order, secure lead counsels' signatures and/or note the order

16   for presentment.

17        Dated this 28th day of November, 2000.

18

19

20                   KATHLEEN M. O'CONNOR
                SUPERIOR COURT JUDGE

21

22

23

24

25

MEMORANDUM DECISION (MOT. #1): 6

Attachment "C" to Second Amended Proof of Claim of Marco
Barbanti and Ralph Busch
(Order Adding Class Representative)

**FILED**

**MAR 3 0 2001**

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

1
2
3
4
5
6
7            SUPERIOR COURT OF THE STATE OF WASHINGTON
8                        FOR SPOKANE COUNTY
9
10   MARCO BARBANTI, individually and on
11   behalf of a class of all others similarly situated,      NO. 00201756-6
12
13                     Plaintiffs,                 COURT ORDER (1) DENYING MOTION
14                                                 TO MODIFY CLASS DEFINITION AND
15         v.                                      (2) DIRECTING PLAINTIFF'S COUNSEL
16                                                 TO AMEND COMPLAINT TO ADD
17                                                 ADDITIONAL CLASS
18   W.R. GRACE & COMPANY-CONN (a                  REPRESENTATIVE
19   Connecticut corporation); W.R. GRACE &
20   COMPANY (a Delaware corporation);
21   W.R. GRACE & CO., aka GRACE, an
22   association of business entities; SEALED AIR   MOTION NO. 14
23   CORPORATION (a Delaware corporation);
24   and WILLIAM V. CULVER, resident of the
25   State of Washington,
26
27
28                     Defendants.
29
30
31
32         This matter came before the Court for hearing on the 9th day of February, 2001, on the
33
34   Grace defendants' Motion to Modify the Class Definition.  All parties were represented by
35
36   counsel.
37
38         In deciding the motion, the Court considered the oral argument of counsel, together
39
40   with the following pleadings and exhibits thereto:
41
42         1.     Motion to Modify Class Definition, filed January 4, 2001.
43
44         2.     Plaintiffs' Opposition to Defendants' Motion to Modify Class Definition, filed
45
46   January 17, 2001.
47


COURT ORDER DENYING MOTION TO
MODIFY CLASS DEFINITION AND
DIRECTING PLAINTIFF'S COUNSEL - 1                    PERKINS COIE LLP
[12757-0072/SL010430.208]                       1201 Third Avenue, Suite 4800
                                                Seattle, Washington 98101-3099
                                                        (206) 583-8888

3.     Sealed Air Corporation's Joinder in Grace Defendants' Motion to Modify Class Definition, filed January 23, 2001.

4.     Reply Brief in Support of Motion to Modify Class Definition, filed February 7, 2001.

**ORDER**

Based on its consideration of the foregoing submissions and authorities, the Court hereby orders as follows:

(1)     The Motion to Modify the Class Definition is DENIED; and

(2)     Plaintiff's counsel is directed to amend the complaint herein to add Mr. Ralph Busch as an additional class representative.

Dated this 29th day of March, 2001.

HONORABLE KATHLEEN M. O'CONNOR

Presented by:

By: _____

V.L. Woolston, Jr., WSBA #9453
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone (206) 583-8888

Rocco N. Treppiedi, WSBA #9137
Brian M. Werst, WSBA #28457
Perkins Coie LLP
221 N. Wall Street, Suite 600
Spokane, WA 99201
Telephone: (509) 624-2212

COURT ORDER DENYING MOTION TO
MODIFY CLASS DEFINITION AND
DIRECTING PLAINTIFF'S COUNSEL - 2
[12757-0072/SL010430.208]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

Attorneys for Defendant W. R. GRACE & COMPANY-CONN
(a Connecticut corporation); W.R. GRACE & COMPANY
(a Delaware corporation); and WILLIAM V. CULVER


AGREED AS TO FORM;
NOTICE OF PRESENTMENT WAIVED:

LUKINS & ANNIS


By: Approved telephonically by Darrell W. Scott 3/29/01
      Darrell W. Scott, WSBA #20241
Attorneys for Plaintiff Marco Barbanti

PAINE HAMBLEN COFFIN
BROOKE & MILLER LLP


By: Approved telephonically by David L. Broom 3/29/01
      Donald G. Stone, WSBA #7547
      David L. Broom, WSBA #02096
Attorneys for Defendant
Sealed Air Corporation

COURT ORDER DENYING MOTION TO
MODIFY CLASS DEFINITION AND
DIRECTING PLAINTIFF'S COUNSEL - 3
[12757-0072/SL010430.208]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888