IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Re: Docket Nos. 18328, 18943, 18497 |
| ) | |
| ) | Hearing Date: April 22, 2008 at 11:30 a.m. |
| | Agenda Item No. 1 |

**DEBTORS' REPLY BRIEF IN SUPPORT OF MOTION FOR AN ORDER (A) ESTABLISHING A PROOF OF CLAIM BAR DATE FOR ZONOLITE ATTIC INSULATION CLAIMS, AND (B) APPROVING THE RELATED PROOF OF CLAIM FORM, BAR DATE NOTICES, AND NOTICE PROGRAM[1]**

While the ZAI Claimants and PD Committee propose various alternative approaches to the Court that at times even conflict with each other, it is clear that a bar date for ZAI claims is the most effective way to move the ZAI Claims forward.

A bar date for ZAI claims is essential for confirmation of a plan of reorganization and closure of these bankruptcy cases. A bar date will bring forward the potential ZAI claims. The parties need to identify the claims against the Debtors to "give life" to the ZAI Science Trial opinion and give reality to the funding for potential meritorious ZAI claims.

The ZAI Claimants' and PD Committee's Objections are simply their final efforts to do anything other than what has always made sense in these cases and makes even more sense now that there is an agreement-in-principle for personal injury claims -- to use the procedures uniquely available in bankruptcy to bring closure to other asbestos litigation against Grace. Only

---

[1] The Debtors are filing this one consolidated reply of ten pages in lieu of separate replies of no more than five pages each in response to the ZAI Claimants' and the Official Committee of Asbestos Property Damage Claimants' separate Objections (Dkt. Nos. 18493, 18497 respectively) to the Debtors' Bar Date Motion.

a bar date in connection with the ZAI Science Trial opinion can bring meaning to the potential ZAI claims and lead to closure under a confirmable plan of reorganization.

## ARGUMENT

### I.  A BAR DATE IS NECESSARY REGARDLESS OF WHETHER AN ESTIMATION IS UNDERTAKEN.

#### A.  A Roadmap For Estimation Is Premature At This Time.

There is no need to determine the precise contours of the estimation process now, as argued by the PD Committee.[2] The necessary contours will become clear as a result of the information gained once a bar date is set and the magnitude of the claims has been determined.

#### B.  The PD Committee's Argument Against Estimation For Allowance Is Contrary to the Bankruptcy Code.

The PD Committee argues that the Debtors do not "provide any authority whatsoever for the proposition that ZAI claims can be estimated in the aggregate for purposes of allowance of such claims -- as opposed to feasibility."[3] To the contrary, the authority for estimation for the purposes of allowance is precisely contemplated under the Bankruptcy Code: "There *shall* be estimated for purpose of allowance . . . any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." 11 U.S.C. § 502(c)(1) (emphasis added); *see also Al Tech Specialty Steel Corp. v. Allegheny Int'l Credit Corp.*, 104 F.3d 601, 606 (3rd Cir. 1997) ("§ 502(c) of the Bankruptcy Code specifically provides for estimation for purposes of allowance.").

The PD Committee appears to confuse the jurisdictional limits of a bankruptcy court to estimate personal injury claims for allowance purposes with the Code's clear language

---

[2] *See* PD Committee Objection at 3, ¶ 3.

[3] *Id.* at 1-2.

permitting this Court to estimate non-personal injury claims for the purpose of allowance. ZAI claims are not personal injury claims; thus, there is no question that this Court has the authority to estimate such claims in the aggregate for the purpose of allowance.

Furthermore, the PD Committee's reliance on this Court's observation at a November 2005 hearing that proofs of claim were unnecessary to estimate personal injury claims in the aggregate, had nothing to do with estimation for allowance purposes.[4] The issue there arose in the context of colloquy between the Court and counsel regarding the asbestos personal injury claims and an estimation process related to sizing an asbestos personal injury trust and feasibility of a plan.[5] Here, the Debtors are not talking about sizing a trust for ZAI claims and deferring claims allowance to a trust. Here, the Debtors intend to resolve ZAI claims in the traditional bankruptcy way with a bar date and claims estimation process.

### C. The Appointment of Experts For An Estimation In The Absence of a Bar Date Will Serve No Purpose.

The ZAI Claimants' and PD Committee's argument for expert testimony in the absence of the bar date[6] makes no sense. In the absence of a bar date, any purported expert will not be able to testify with any degree of scientific certainty as to the number of *claims*, but rather, will only be able to opine on the number of *buildings*. The number of homes is not relevant to resolving the ZAI claims. As the PD process taught us, buildings do not equal claims and are not sustainable claimants. After a bar date is set, if an estimation is to be undertaken, expert testimony may have more meaning in light of the data received through the bar date process. But

---

[4] *Id.* at 4; ¶ 5.

[5] 11/14/05 Tr. at 139-143 [Dkt. No. 11563].

[6] PD Committee Objection at 3, ¶ 4; ZAI Claimants' Objection at 3. *See also* ZAI Claimants' Motion for Order to Show Cause Why Expert Witness Should Not Be Designated [Dkt. No. 18326] and Memorandum in Support [Dkt. No. 18327].

expert testimony in and of itself is not a substitute for a bar date that will determine the number and nature of the ZAI claims.

II. **APPEALS, IF ANY, SHOULD BE TAKEN ONLY AFTER A BAR DATE HAS BEEN SET AND ESTIMATION HAS BEEN CONDUCTED.**

The PD Committee's rhetoric regarding the supposed need for an immediate appeal does not solve the procedural defects of the ZAI Claimants' proposal to enter judgment or explain how or why the District Court's prior denial of the attempt at an interlocutory appeal should be ignored. *See In re W.R. Grace*, 2007 WL 1074094 (D. Del. 2007). Instead, if appeals are to be taken, they should be taken after a bar date is set, claims are filed, and the claims are estimated. First, the bar date may well eliminate the need for any appeals, as has been the case for other non-ZAI claims against the Debtors. More than 4,000 PD claims were filed against Grace pursuant to a Bar Date, and the vast majority of them have been resolved, without appeals (and without class certification). A bar date was also effective at resolving the majority of non-asbestos claims facing Grace, with very few appeals. Second, it is not until the estimation of the claims that the Debtors will apply the ZAI Science Trial opinion. Only after estimation might there be issues which may be the proper subject of appeal.

III. **CLASS CERTIFICATION IS NOT A LOGICAL OR PREFERRED PROCESS FOR ZAI CLAIMS ON THE RECORD IN THIS BANKRUPTCY.**

   A. **Class Proceedings Would Be More Disruptive Than A Bar Date.**

Class certification proceedings should *not* precede a notice and bar date program.[7] The ZAI Claimants would have this Court undertake a class certification analysis in a factual

---

[7] ZAI Claimants' Objection at 5-10. ZAI Claimants suggest that Grace's challenge to the *Anderson Memorial* class proof of claim, filed after the PD claims bar date, somehow supports their position that certification should precede a bar date. ZAI Claimants' Objection at 6. But Speights & Runyan waited two and a half years after the PD claims bar date to seek class treatment. *See* Motion of Anderson Memorial Hospital For Class Certification, dated Oct. 21, 2005 [Dkt. No. 10014]. That is not the situation here.

vacuum. The logical approach is to establish a bar date, collect information about the number and nature of the claims, and then consider whether class treatment is appropriate in light of this information.[8] *See In re American Reserve Co.*, 840 F.2d 487, 493-94 (7th Cir. 1988); *In re First Interregional Equity Corp.*, 227 B.R. 358, 364-65 (Bankr. D. N.J. 1998). Using a bar date process, without class certification, has facilitated resolution of the settlement amount needed to fund a trust for personal injury claims. In addition, approximately 95% of the property damage claims have been resolved without class certification and pursuant to a bar date.

ZAI Claimants' argument ignores the unique procedural posture of the ZAI claims. This Court has found that ZAI does not pose an unreasonable risk of harm.[9] With the results of the ZAI Science Trial, there is no need for class certification, let alone pre-bar date class certification.[10] And, the relatively small value of each ZAI claim militates *against* class certification. *See, e.g., In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 376 (Bankr. S.D. N.Y. 1997) ("Small claims make bad class claims and should not be allowed."); *American Reserve*, 840 F.2d at 492; *In re Commonpoint Mortgage*, 283 B.R. 469, 480 (Bankr. W.D. Mich. 2002).

The ZAI Claimants also belabor the "problem of potentially disrupting the bar date process with class motions after the bar date had been set."[11] They cite numerous cases for the

---

[8] ZAI Claimants assert that "[f]rom its inception, the ZAI litigation has been class-based litigation." ZAI Claimants' Objection at 8. This is misleading. Of the eight putative ZAI class actions filed against Grace, only one, *Barbanti*, was certified, and that certification was on appeal when Grace filed for bankruptcy. *See* Debtors' Brief In Opposition to ZAI Claimants' Motion For an Order Recognizing and Permitting Filing of a Washington Class Proof of Claim [Dkt. No. 18494].

[9] Memorandum Opinion Resolving Motion For Partial Summary Judgment, Cross Motions For Summary Judgment, and Scheduling A Status Conference at 17, 51-52 [Dkt. No. 14014].

[10] 3/18/2002 Tr. at 64 ("If [Grace] is successful on the scientific side . . . it doesn't matter how many potential people are out there, they're not going to be a class.") [Dkt. No. 1912].

[11] ZAI Claimants' Objection at 5.

unremarkable proposition that, in some circumstances, courts reject post-bar date class proofs of claim.[12] But here, it is the class process, not a bar date, that would be disruptive. *See Woodward & Lothrop Holdings.*, 205 B.R. at 376 (noting that "a bankruptcy case can proceed no faster than its slowest matter" and "a class action may 'gum up the works' because until complete, the bankruptcy court cannot determine the entitlement of the other creditors."). In particular, there is nothing in a class process that will permit the Court and the parties to determine the key information respecting ZAI that is required to obtain closure, namely, the number and nature of the claims. A class process without that information will only lead to further litigation based on speculative and unsubstantiated views as to the relevant facts.

### B.    Class Actions Are Disfavored In Bankruptcies And Mass Torts.

Contrary to ZAI Claimants' assertion[13] class actions *are* disfavored in bankruptcy courts. *See, e.g., In re Sacred Heart Hosp. of Norristown*, 177 B.R. 16, 22 (E.D. Pa. 1995) (class certification should be used "sparingly" in bankruptcy cases).[14] This Court has already recognized that certification of an opt-out class is "fraught with peril in the bankruptcy context."[15] The opinions cited by the ZAI Claimants about how bankruptcy courts have certified class actions "in a wide variety of matters"[16] are inapposite. Those cases deal with financial

---

[12] *Id.* at 6-7.

[13] *Id.* at 11-12.

[14] *See also American Reserve*, 840 F.2d at 493 (class certification may be "less desirable in bankruptcy than in ordinary civil litigation"); *In re FirstPlus Financial, Inc.*, 248 B.R. 60, 73 (Bankr. N.D. Tex. 2000) ("In the bankruptcy context, class actions should be rare.").

[15] 7/5/2007 Tr. at 46 [Dkt. No. 16422].

[16] ZAI Claimants' Objection at 12.

issues, where—unlike here—damages are relatively easy to ascertain and calculate.[17] In contrast, ZAI claims implicate claimant-specific damages, like other mass tort actions for which class certification is inappropriate. *See Castano v. American Tobacco Co.*, 84 F.3d 734, 746 (5th Cir. 1996) ("[H]istorically, certification of mass tort litigation classes has been disfavored."); *In re Phone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1294 (7th Cir. 1995) ("Most federal courts, however, refuse to permit the use of the class-action device in mass-tort cases, even asbestos cases.").

### C. Class Action Notices Provide No Greater Due Process Rights Than A Well-Articulated And Well-Executed Bar Date Notice Program.

ZAI Claimants argue that ZAI class certification is necessary to resolve purported "serious due process problems inherent in Grace's bar date proposal."[18] The PD Committee also alleges, without any evidence in support, that the Debtors' notice program is "materially defective."[19] This is nonsense. Debtors' bar date program satisfies due process requirements.

The proposed notices are written in simple, easy-to-understand English.[20] The proposed notice program provides for mailed notices to each known holder of a ZAI claim and even asks

---

[17] *See, e.g., In re Talbert*, 347 B.R. 804, 811 (Bankr. E.D. La. 2005) (class of persons whose contributions to employee benefit plan were not transmitted to the plan's administrative server); *In re United Companies Financial Corp.*, 276 B.R. 368, 371 (Bankr. D. Del. 2002) (class of persons who were solicited by an unregistered mortgage broker, paid a broker fee, and signed a loan agreement); *In re Coggin*, 155 B.R. 934, 937 (Bankr. E.D. N.C. 1993) (class of persons having revolving charge accounts with retailer).

[18] ZAI Claimants' Objection at 13-16.

[19] PD Committee Objection at 1. *See also* PD Committee Objection at 5, n.4 (making unsubstantiated allegations that the notice program does not comply with due process, underestimates costs, and does not clearly inform putative claimants of their claims). Debtors have submitted two notice programs to the Court -- one for U.S. claims and one for Canadian claims. The programs were developed by a recognized expert in the field for bar date and class action notices who has developed the bar date notice programs in these cases in the past, and who submitted affidavits in support of these ZAI programs. The PD Committee submitted no evidence to contradict the Debtors' notice expert, but rather made bald assertions that have no support.

[20] Debtors' Motion for an Order (A) Establishing A Proof of Claim Bar Date for Zonolite Attic Insulation Claims, and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program at 20 and Exhibit B [Dkt. No. 18328].

that the Court approve a process whereby counsel for ZAI Claimants turnover additional information regarding potential known claimants so additional known individuals be provided direct notice.[21] Furthermore, the publication notice would appear in wide variety of print, broadcast and electronic media in the United States and Canada with estimated reach to be more than 90% of all adults over 35 years old.[22]

Most importantly, the notice program proposed here for ZAI claims is *substantially similar* to the notice program previously approved by this Court in the context of the PD claims.[23] Just as with PD claims, the Debtors propose to mail actual notice to all known claimants. For unknown claimants, the Debtors are using the same notice expert they employed to implement the PD program, and they are using the same media vehicles to reach unknown ZAI claimants as they did to reach unknown PD claimants. Additionally, the Debtors are expanding upon the program by adding media sources such as television, which was not used in the PD program, so that notice will be as broad as possible. The reach of the approved PD program was also substantially the same as that proposed here: for the PD program, reach for the U.S. claimants was estimated at approximately 90% and reach for the Canadian claimants was approximately 80%.[24] Here, the reach is estimated at approximately 90% for both U.S. and Canadian ZAI claimants. There simply is no reason that this notice program is not as good as, if not better than, the previously approved and successfully executed PD notice program.

---

[21] *Id.* at 20.

[22] *Id.* at 13-14, 21 and Exhibit C.

[23] *See Revised Bar Date Notice Plan, Proof of Claim Forms and Related Material,* dated April 12, 2002 [Dkt. No. 1926].

[24] *Id.,* Exhibit A at 19, 22.

Notwithstanding the magnitude of the Debtors' proposed notice program, ZAI Claimants argue that class notice is superior to a bar date notice, for which they misleadingly rely on a snippet from *In re First Interregional Equity Corp.*, 227 B.R. 358 (Bankr. D. N.J. 1988).[25] In another portion of the opinion, however, Judge Gambardella explained that "if the putative unnamed class members have clearly received actual or constructive notice of the bankruptcy case and the bar date, denial of the implementation of the class proof of claim device appears advisable." *Id.* at 371 (quoting *Sacred Heart*, 177 B.R at 22). Likewise, ZAI Claimants point to *In re Livaditis*, 122 B.R. 339 (Bankr. N.D. Ill. 1990), as a case where the court preferred a class action to a bar date notice program, without mentioning that in *Livaditis*, a class had been certified pre-petition, class members had been notified pre-petition, a final judgment was entered in favor of the class after a jury trial, and the class plaintiffs were "Spanish-speaking" and had "come to rely on class representatives to assert their interests with regard to Debtor." *Id.* at 333, 337, 339. This, of course, is not the situation here. Simply put, class actions do not afford superior notice, because "any notice that can be given in a class action can also be given in a bankruptcy case." *In re Computer Learning Centers, Inc.*, 344 B.R. 79, 93 (E.D. Va. 2006).

---

[25] ZAI Claimants' Objection at 13.

## **CONCLUSION**

For the foregoing reasons and the reasons set forth in Debtors' Motion, the Debtors respectfully request that this Court enter an order that: (i) sets a binding ZAI Bar Date; (ii) approves the Debtors' proposed ZAI Proof of Claim, General Instructions for Completing the ZAI Proof of Claim, and ZAI Bar Date Notices, and (iii) approves the Debtors' proposed ZAI Bar Date Notice Program.

Dated: April 15, 2008

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Lisa G. Esayian
Deanna D. Boll
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL & JONES P.C.

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession