IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al. | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket No. 18462 |
| | ) Hearing Date: April 22, 2008 at 11:30 a.m. |
| | Agenda Item No. 5 |

## DEBTORS' OBJECTION TO ZAI CLAIMANTS' MOTION TO LIFT STAY

This brief responds to the latest salvo in the ZAI Claimants' scattershot effort to avoid doing what has always made sense and makes even clearer sense now given the agreement-in-principle on asbestos PI claims — to wit, to use the procedures uniquely available in bankruptcy to bring closure to other asbestos litigation against Grace. Those procedures are (1) a bar date for ZAI claims to identify the actual ZAI claimants, versus the unnamed, unidentifiable and theoretical claimants hypothesized by ZAI counsel; and (2) an estimation for allowance purposes of claims filed in response to the bar date. That this course is the only one that makes sense is dictated by a handful of basic facts regarding the ZAI claims:

1. The ZAI litigation prior to Grace's Chapter 11 filing was immature, dispersed in different courts, and had no track record of success. The one class certification order was on appeal.

2. The proposal to continue the ZAI litigation outside of this Chapter 11 case was made and rejected by Judge Farnan seven years ago.[1]

3. The central allegation in the ZAI litigation has been litigated before this Court on the merits and has been found to be fatally flawed.

---

[1] See Motion and Memorandum in Support of Motion for Relief from the Automatic Stay of Paul Price, Individually and as Proposed Class Representative in In re: Zonolite Attic Insulation Products Liability Litigation, MDL 1376 [Docket Nos. 149 and 152]; 5/3/01 Hr'g Tr. at 58:6-8 (oral order denying motion for relief from stay); Order Confirming Oral Order of May 3, 2001, Denying Motion for Relief From Stay [Dkt. No. 2106].

4. The goal of the ZAI proceedings should be to bring closure to the litigation, not to extirpate and cast aside rulings that have been made and return to the *status quo ante*, seven years ago. That goal is underscored by the just announced agreement-in-principle with the asbestos PI claimants, an agreement that now provides the promise of overall case resolution, an economic need to define any liability for ZAI, and the framework for doing so.

5. That framework provided in the agreement-in-principle with the asbestos PI claimants is a bar date and subsequent estimation for allowance purposes of the ZAI claims.

The ZAI Claimants' various proposals all go in the opposite direction. Not only do they not move this case forward to resolution, they seek to blink away all that has been done. Three of the proposals are addressed in three responsive briefs filed by Grace last week. Specifically:

1. The proposal to appoint an expert who would opine as to the number of potential ZAI claimants (Dkt. No. 18326): This would perpetuate a controversy (over the number of claimants) rather than resolve it with actual facts, *i.e.*, the identities of who files in response to the bar date;

2. The proposal to dismiss a ZAI claim or enter judgment under Rule 54(b) (Dkt. No. 18325): Not only is this procedurally defective, but it replows the path already taken unsuccessfully by the ZAI Claimants in their request for an interlocutory appeal of the decision on the science trial, which was denied; and

3. The proposal to accept the certification of the Washington Class (Dkt. No. 18323): This class was erroneously certified pre-petition, the appeal of the certification was pending at the time of the bankruptcy filing, and the deployment of a state court class now would lead to protracted class certification litigation, rather than resolution of the ZAI claims.

The fourth and final proposal, addressed here, articulates clearly the outrageous theme that carries through all of the proposals — that we should all pretend that this bankruptcy never occurred and revive the litigation pending seven years ago. This idea was rejected at the outset of the case and for good reason. Those reasons now have multiplied. The hard and expensive work done on the ZAI science trial should not be cast aside, the special procedures ready at hand in bankruptcy should not be waved away, and the delicately balanced prospect of a plan of reorganization agreed by the debtor, the FCR, the asbestos PI claimants and equity should not be jeopardized.

## Argument

A.   **The ZAI Claimants' Arguments Fail to Establish Cause for Relief from the Automatic Stay.**

The ZAI Claimants make three cursory arguments in their motion to lift the automatic stay, each failing to set forth any cause why the ZAI Claimants should be granted preferential treatment over other claimants in these cases.[2]

*First*, the ZAI Claimants argue that the stay should be lifted because Grace filed for bankruptcy due to asbestos PI claims, not ZAI claims (Motion at 1-3). However, the same could be said for the thousands of other claims that are stayed. Courts have recognized that, in mass tort cases, there is a critical need to stay all collateral litigation to allow debtors an opportunity to develop comprehensive litigation and reorganization plans:

> The purpose of this section [362] by its various subsections is to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor.

*In re A.H. Robins Co., v. Piccinin*, 788 F.2d 994, 998 (4th Cir. 1986); *see also In re Johns-Manville Corp.*, 57 B.R. 680, 685 (Bank. S.D.N.Y. 1986) ("[T]he automatic stay is a crucial Congressionally-mandated tool necessary to the larger goal of rendering a total disposition of all claims in a reorganization proceeding."). Thus, contrary to the ZAI Claimants' proposition, this Court has denied numerous lift stay requests regarding non-asbestos claims in these Chapter 11

---

2   As this Court is aware, the purpose of the automatic stay is to:
>   prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor.

*Borman v. Raymark Indus., Inc.*, 946 F.2d 1031, 1036 (3d Cir. 1991) (citing *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982)).

cases. Allowing the ZAI litigation to proceed in uncoordinated proceedings across various courts would require Grace to divert its attention from the critical issue at hand: confirming a plan of reorganization and exiting Chapter 11. This is exactly what the automatic stay was designed to prevent.

The ZAI Claimants' argument ignores the fact that the goal of Chapter 11 is to provide a comprehensive plan of reorganization, not a piecemeal resolution of only those specific claims that primarily drove the debtor into bankruptcy. The path envisioned by the ZAI Claimants, in which only the most significant liability is addressed in a Chapter 11 case, would necessarily lead to tremendous inefficiencies and the potential for multiple bankruptcy filings by debtors. In contrast, the system actually contemplated by the Bankruptcy Code provides for the highly efficient resolution of more than just Grace's asbestos PI claims. In addition to Grace's asbestos PI claims, countless other claims (including the vast majority of the 4,000 PD claims) have been resolved in these Chapter 11 cases. There is no reason for not allowing the Chapter 11 process to continue with respect to the ZAI claims.

*Second*, the ZAI Claimants argue that allowing them to pursue their litigation in state courts will "simplify the bankruptcy" because there will be one less issue for the Court to address (Motion at 3). This argument, however, can be made by any claimant seeking relief from the automatic stay. Nor does lifting the stay in this instance simplify the bankruptcy because Grace would still need to deal with the ZAI claims in a different forum and without any of the bankruptcy mechanisms available for the orderly and efficient resolution of claims. Accordingly, the purported "simplicity" espoused by the ZAI Claimants, in requesting that Grace address ZAI claims in separate state proceedings, comes at Grace's expense and disregards the very purpose of Chapter 11.

Rather than "simplifying" the bankruptcy, lifting the automatic stay will only complicate matters and unnecessarily delay the resolution of these Chapter 11 cases. The ZAI Claimants' "simplicity" argument is based upon the erroneous assumption that ZAI claims can be removed from these Chapter 11 cases without having any impact on Grace's reorganization. The facts belie this assumption. For instance, removing the ZAI claims from the bankruptcy case impacts the agreement-in-principle with the asbestos PI claimants, which calls for a very specific treatment of ZAI claims:

> Unless the Plan Proponents agree otherwise as to the treatment of ZAI Claims, the court shall estimate, for purposes of allowance and distribution, any liability on account of ZAI Claims prior to or in connection with the confirmation of the Plan. ZAI Claims shall be paid 100% of their allowed amount up to the amount of the court's estimate.

Term Sheet for Resolution of Asbestos Personal Injury Claims, Section I.B.10. There is no room in this agreement (or this bankruptcy case in general) for taking back all that has been accomplished in this case and replacing it with dispersed, uncontrolled litigation. The ZAI Claimants' request can only undermine the progress already made in these cases and would entangle Grace — their management, other key personnel and legal counsel — in unnecessary litigation precisely when Grace and the creditors committees embark on the development of a new plan of reorganization.

*Third*, the ZAI Claimants argue that general "principles of federalism" support lifting the automatic stay because their claims are based on state law (Motion at 3). But most claims in bankruptcy cases are based on state law. Section 362 would be essentially meaningless — particularly in mass tort cases — if courts lifted the automatic stay merely because a claim is

based upon state law.[3] Thus, as with all of the ZAI Claimants' attempted justifications, this argument seeks to prove too much.

### B. The ZAI Claimants Have Not Even Attempted to Establish the Factors Considered by Courts in Determining Whether Cause Exists to Lift the Automatic Stay.

It is telling that, despite requesting that the automatic stay be lifted, the ZAI Claimants never address any of the factors considered by courts in determining whether to grant such relief. Pursuant to section 362(d) of the Bankruptcy Code, a movant must demonstrate sufficient cause to justify the lifting or modification of the automatic stay. Although the Bankruptcy Code does not define what constitutes "cause" for lifting the automatic stay, "courts generally consider the policies underlying the automatic stay [and] . . . the competing interests of the debtor and the movant." *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993). Delaware courts consider the following three factors in balancing the competing interests of the parties:

(i) whether any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit;

(ii) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and

(iii) the probability of the creditor prevailing on the merits.

*Id.* The ZAI Claimants have failed to address, much less demonstrate, any of these factors.

### 1. Lifting the Automatic Stay Will Substantially Prejudice Grace

The most important factor in determining whether to grant relief from the automatic stay to allow litigation to proceed against a debtor in another forum is the effect of such litigation on

---

[3] The ZAI Claimants cite *Travelers Cas. & Sur. Co. of Am v. Pacific Gas & Elec. Co.*, 127 S.Ct. 1199 (2007) for the proposition that "when bankruptcy courts must address a state law issue, they must decide it the same way the controlling state court would." (Motion at 3). However, *Travelers* says nothing of the sort. It merely stands for the unremarkable proposition that federal courts apply substantive state law when deciding claims based on state law. *See Travelers*, 127 S.Ct. at 1204-05. Because this Court will apply substantive state law with respect to ZAI claims, the ZAI Claimants' purported federalism concerns are unfounded.

the administration of the estate. *See In re Curtis*, 40 B.R. 795, 806 (Bankr. D. Utah 1984); *In re Penn-Dixie Indus., Inc.*, 6 B.R. 832, 836 (Bankr. S.D.N.Y. 1980). Lifting the automatic stay to allow the ZAI Claimants to proceed with ZAI litigation in state courts would impose substantial prejudice upon Grace and impede administration of the estate. The very purpose of Grace filing for Chapter 11 was "to address in a single forum and under uniform rules the thousands of asbestos claims it faced."[4] Removing the ZAI claims from resolution in the bankruptcy case would significantly prejudice Grace by undermining that purpose and interfering with the orderly rehabilitation of its estate. The ZAI Claimants have not demonstrated otherwise.

Granting the ZAI Claimants' request for the same relief that they sought and were denied seven years ago would be a significant step backwards at a time when these cases should move towards closure. The ZAI Claimants request that this Court allow them to ignore the existence of this bankruptcy and everything that has happened in it. In particular, it is clear that the ZAI Claimants want to ignore this Court's ZAI Opinion. The ZAI Claimants seek to re-argue the very issues addressed by this Court in state courts across the country. Simply put, because the ZAI Claimants disagree with the ZAI Opinion, they want to impede resolution of this bankruptcy case so that they can have a "do-over" in state courts. Accordingly, lifting the automatic stay would impose upon Grace the significant hardship of (1) defending against piecemeal state litigation during a critical time in its reorganization, and (2) requiring Grace to unnecessarily expend resources re-litigating issues already resolved in the bankruptcy case.

Ignoring the harm to Grace in lifting the stay, the ZAI Claimants argue that the stay should be lifted because Grace believes their claims to be "relatively insignificant" in

---

[4] Memorandum Opinion Denying Motion of the State of Montana for Relief from the Automatic Stay [Dkt. No. 15197] at 5.

comparison to the asbestos PI claims.[5] Once again, the ZAI Claimants try to have it both ways: they argue that the stay should be lifted because Grace believes that their claims are insignificant, while arguing that this Court should assist them in appealing the ZAI Opinion because they think that their claims are significant. Even if their claims are insignificant in comparison to the asbestos PI claims, that does not justify relief from the stay. Compared to asbestos PI claims, every other class of claims can be considered "insignificant." Yet, allowing all of those "insignificant" claims to proceed with litigation would clearly bog down this reorganization, contrary to the purpose of Section 362. Regardless of how the ZAI Claimants characterize the significance of their claims, the fact remains that allowing the ZAI litigation to proceed in state courts would be an unnecessary distraction at a critical time in Grace's reorganization.

### 2. The Balance of Hardships Weighs Significantly Against Lifting the Automatic Stay

The ZAI Claimants "bear[] the heavy and possibly insurmountable burden of proving that the balance of hardships tip significantly in favor of granting relief." Memorandum Opinion [Dkt. No. 15197] at 6 (quoting *In re Micro Design, Inc.*, 120 B.R. 363, 369 (E.D. Pa. 1990)). As demonstrated above, lifting the automatic stay would impose substantial hardships upon the bankruptcy case at a critical time. It is not Grace's interests alone that are at issue. Far from it. The interests of all of the following constituencies lie in the direction of prompt resolution:

- settled PD claimants;
- PI claimants;
- future demand holders;
- settled or resolved non-asbestos claimants;

---

[5] Motion of the ZAI Claimants to Shorten Notice and for Expedited Consideration of their Motion to Lift Stay and Return ZAI to the Tort System [Dkt. No. 18461] at 2.

- the United States Government and certain state agencies, for environmental clean-up costs; and

- equity holders.

In contrast, the ZAI Claimants have not alleged, much less demonstrated, *any* hardship in having their claims resolved in these Chapter 11 cases.[6]

### 3. The ZAI Claimants Have Not (and Cannot) Demonstrate a Likelihood of Success on the Merits

The ZAI Claimants cannot demonstrate a likelihood of success on the merits. First, the ZAI Opinion demonstrated that their claims may be fatally flawed. Second, there is *no* history of judgments or settlements arising from ZAI claims. Finally, the likelihood of success on the merits cannot be demonstrated because, until there is a ZAI bar date, the number of claims and causes of action alleged by ZAI Claimants cannot be known.

---

[6] At most, the ZAI Claimants claim "frustration as the ZAI litigation has become entangled in the complex procedures resulting from Grace's asbestos personal injury problem." (Motion at 1). Mere frustration with the complexities of a chapter 11 case is not reason enough to lift the automatic stay. More importantly, the source of the ZAI Claimants' alleged frustration has been resolved by the agreement-in-principle with the asbestos PI claimants. Thus, the next step should be to move forward in resolving the ZAI claims in these Chapter 11 cases.

**Conclusion**

This motion is yet another attempt by the ZAI Claimants to make an end-run around the bankruptcy process. For the foregoing reasons, the ZAI Claimants' request that this Court lift the automatic stay to allow ZAI litigation to proceed in state courts should be denied.

Dated: April 15, 2008

KIRKLAND & ELLIS LLP
David M. Bernick
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI, STANG, ZIEHL, & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

91100-001\DOCS_DE:136770.1