IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) |
| Debtors. | ) (Jointly Administered) |

**THIRD QUARTERLY APPLICATION OF FRAGOMEN, DEL REY, BERNSEN & LOEWY, LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS IMMIGRATION COUNSEL TO THE DEBTORS FOR THE PERIOD FROM JANUARY 1, 2008 TO MARCH 31, 2008**

| | |
|---|---|
| Name of Applicant: | Fragomen, Del Rey, Bernsen & Loewy, LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | April 2, 2007 |
| Period of which Compensation and Reimbursement is Sought: | January 1, 2008 to March 31, 2008 |
| Amount of compensation Sought as Actual, Reasonable and Necessary: | $28,300.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $2,578.00 |
| This is a: ____ monthly    _X_ interim    ____ final application. | |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| March 2008 | 01/01/2008 - 01/31/2008 | $14,950.00 | $967.00 | | |
| March 2008 | 02/01/2008 - 02/29/2008 | $6,250.00 | $448.00 | | |
| April 2008 | 03/01/2008 - 03/31/2008 | $7,100.00 | $1,163.00 | | |
| USD/Totals for W.R. Grace & CO. | | $28,300.00 | $2,578.00 | $0.00 | $0.00 |

WHEREFORE, Fragomen, Del Rey, Bernsen & Loewy, LLP respectfully requests that, for the period January 1, 2008 through March 31, 2008, an interim allowance of compensation in the amount of $28,300.00, and actual and necessary expenses in the amount of $2,578.00, for a total allowance of $30,878.00, or one hundred percent (100%) of all compensation and expense reimbursement requested for the period January 1, 2008 through March 31, 2008 (the "interim Period).

Dated: April 15, 2008.

FRAGOMEN, DEL REY, BERNSEN & LOEWY LLP

_____
Scott E. Bettridge, Esq. (GA Bar No. 055854)
Partner
One Alhambra Plaza, Suite 600
Coral Gables, Florida 33134
(305) 774-5800

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**THIRD QUARTERLY APPLICATION OF FRAGOMEN, DEL REY, BERNSEN & LOEWY, LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS IMMIGRATION COUNSEL TO THE DEBTORS FOR THE PERIOD FROM JANUARY 1, 2008 THROUGH MARCH 31, 2008**

Pursuant to sections 330 and 331 of title 11 of the United Sates Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules'), and the Court's "Amended Administrative Order Under 11 U.S. Sections 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002 (the "Amended

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Administrative Order"), amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001, the law firm of Fragomen, Del Rey, Bernsen & Loewy, LLP (FDBL) hereby files this Third Quarterly Application of Fragomen, Del Rey, Bernsen & Loewy, LLP for Compensation and for Reimbursement of Expenses for January 1, 2008 through March 31, 2008 (the "Third Quarterly Fee Application").

By this Third Quarterly Fee Application FDBL seeks the interim allowance of compensation in the amount of $28,300.00 and reimbursement of actual and necessary expenses in the amount of $2,578.00, for a total of $30,878.00, or one hundred percent (100%) of all compensation and expense reimbursement requested, for the period January 1, 2008 through March 31, 2008 (the "Interim Period"). In support of this Third Quarterly Fee Application, FDBL respectfully represents as follows:

## Background

1. On April 2, 2001, each of the Debtor's (collectively the" Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. Since the Petition Date, the U.S. Trustee has appointed the following creditors committees: Official Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injury Claimants,

and Official Committee of Asbestos Property Damage Claimants (collectively, the "Committees"). No trustee has been appointed in Debtor's Chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2).

3. On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be consolidated for procedure purposes only and administered jointly.

4. By this Court's order dated May 3, 2001, Debtors were authorized to retain FDBL as their counsel, effective as of the respective petition dates, with regard to the filing and prosecution of their Chapter 11 cases, and all related matters (the "Retention Order"). The Retention Order authorized Debtors to compensate FDBL for services related to immigration and nationality law and to be reimbursed for actual and necessary out-of-pocket expense that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, all applicable local rules and orders of this Court.

5. On May 3, 2001, the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. That order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professionals request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eight percent (80%) of the fees requested and one hundred percent (100%) of the expenses requested, subject to the filing and

approval of interim and final fee applications of the professional. The professional is also to file a quarterly interim fee application.

### Requested Relief

6. By this Third Quarterly Fee Application, FDBL requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by FDBL from January 1, 2008 through March 31, 2008.[2] As stated above, the full scope of the services provided and the related expenses incurred are fully described in the attached Exhibits.

7. At all relevant times, FDBL has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy code and has not represented or held an interest adverse to the interest of the Debtors.

8. All services for which compensation is requested by FDBL were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

9. During the Interim Period, FDBL has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases. There is no agreement or understanding between FDBL and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these cases.

10. The professional services and related expenses for which FDBL requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in

---

[2] FDBL reserves its right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee application.

connection with these cases in the discharge of FDBL's professional responsibilities as attorneys for Debtors in their U.S. and international immigration and nationality law related cases. FDBL's services have been necessary and beneficial to Debtors and their employees, and other parties in interest.

WHEREFORE, FDBL respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of January 1, 2008 through March 31, 2008, an allowance be made to FDBL in the sum of $28,300.00 as compensation for reasonable and necessary professional services rendered to Debtors in the sum of $2,578.00 for reimbursement of actual and necessary costs and expenses incurred, for a total of $30,878.00, that Debtors be authorized and directed to pay to FDBL the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: April 15, 2008.

FRAGOMEN, DEL REY, BERNSEN & LOEWY, LLP

_____
Scott E. Bettridge (Bar No. 0055854)
Partner
One Alhambra Plaza, Suite 600
Coral Gables, Florida 33134
Telephone: (305) 774-5800
Facsimile: (305) 774-6666

VERIFICATION

STATE OF FLORIDA           :
                           :
COUNTY OF MIAMI-DADE:

Scott E. Bettridge, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Fragomen, Del Rey, Bernsen & Loewy, LLP (FDBL).

b) I am familiar with many of the legal services rendered by FDBL, as counsel to the Debtors, and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of FDBL.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the "Amended Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members", signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

_____
Scott E. Bettridge, Esq.

SWORN AND SUBSCRIBED
before me this 17 day of April, 2008.

_____
Notary Public
My Commission Expires: 12/5/08

DAWN M. NELSON
MY COMMISSION # DD 377111
EXPIRES: December 5, 2008
Bonded Thru Budget Notary Services