IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Re Docket No. 18110 |
| | ) | 4/21/08 Agenda No. 8 |

## ORDER AUTHORIZING AGREEMENT

Upon consideration of the *"Motion of the Debtors for Entry of an Order Authorizing Liability Transfer Agreement for Certain Environmental Liabilities and Properties"* (the "Motion"); and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby

ORDERED that the Motion is granted; and it is further

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or the Agreement.

K&E 12557406.10

ORDERED that the Debtors are authorized to enter into the Agreement attached hereto as Exhibit 1; and it is further

ORDERED that the Debtors are authorized to enter into the Trust Agreement; and it is further

ORDERED that the Debtors are authorized to perform their respective obligations under the Agreement; and it is further

ORDERED that the Debtors are authorized to transfer the Properties to ELT; and it is further

ORDERED that any contrary language or provisions in the Motion, the Agreement or the Trust Agreement notwithstanding, this Order and the proposed transactions approved by it do not relieve the Debtors of any liability or other obligations: (i) under the *Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters*, dated December 7, 2007 and filed with the Bankruptcy Court at docket number 17670; (ii) under any existing settlements, stipulations, administrative or judicial orders, consent decrees, or judgments entered into with the States of Florida, Georgia, Kentucky, Massachusetts, Missouri, New York, Puerto Rico, South Carolina, and Tennessee, or (iii) under Environmental Laws that the Debtors have to any federal, state or local governmental entities with regards to the properties being transferred under this Order; and it is further

ORDERED, that notwithstanding any other language or provisions in this Order, the obligations and responsibilities of ELT and the other Transferee Parties under the Agreement, ~~including but not limited to those outlined in paragraphs 2.1 and 2.3 of the Agreement~~ are not altered; and it is further

ORDERED that the written cost sharing agreement dated November 26, 1990, among W.R. Grace & Co.-Conn. ("Grace"), UniFirst Corporation ("UniFirst"), and Beatrice Company (the "Cost Sharing Agreement") with respect to the Debtors' rights and obligations related to the Central Area Remedial Investigation/Feasibility Study, is deemed to be an Assignable Contract as defined by the Agreement. The Cost Sharing Agreement and the Debtors' underlying rights and obligations will be assigned and transferred to ELT pursuant to the terms of the Agreement. In addition, ELT has agreed, with UniFirst's approval, to honor the informal cost-sharing arrangement between Grace and UniFirst with respect to annual off-site groundwater sampling conducted for each of them by a common sampling contractor and testing laboratory; and it is further

ORDERED that, notwithstanding the provisions of paragraph 4.3(b) of the Agreement whereby, among other things, the *Ground Lease and Environmental Indemnity Agreement* (the "Ground Lease") dated September 14, 2005 between Grace, as Landlord, and Owensboro Specialty Polymers LLC, as Tenant, relating to the Owensboro, KY property shall be assigned as permitted by Section 13 of the Ground Lease, Grace shall remain primarily liable for the performance of all obligations of Landlord under the Ground Lease, and such liabilities shall be unaffected by the assignment ; and it is further

ORDERED that, notwithstanding any other provision in this Order, the Agreement does not relieve the Debtors of any liability or other obligations pursuant to the *Settlement Agreement* dated June 21, 1999, between the Debtors and Hampshire Chemical Corp. ("Hampshire"). With respect to Proof of Claim No. 13934 filed by Hampshire, such Proof of Claim is not being adjudicated by this Order and will be addressed separately by the Debtors. The Debtors and

3

Hampshire preserve all rights and defenses with respect to Proof of Claim No. 13934; and it is further

ORDERED that, notwithstanding any other provision in this Order, with respect to any claim(s) of ICI Americas, Inc. ("ICI") filed in these bankruptcy cases (including without limitation Proof of Claim No. 13961), (i) the alleged liability of the Debtors related to the ICI property formerly leased by the Debtors is not subject to the Agreement; and (ii) Proof of Claim No. 13961 is not being adjudicated by this Order and will be addressed separately by the Debtors, and the Debtors and ICI preserve all rights and defenses with respect to such Proof of Claim; and it is further

ORDERED that notwithstanding any contrary language or provision in the Motion, the Agreement or the Trust Agreement, ELT shall be obligated to deposit the principal amount of Eleven Million Dollars ($11 Million) into the Trust established to secure performance of ELT's and the other Transferee Parties' obligations under the Agreement and the amounts deposited shall consist of: (i) the Initial Payment made by ELT after Closing and within one hundred and eighty (180) days of the Effective Date in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000); and (ii) that portion of sales proceeds pursuant to Article 3 of the Agreement that ELT is obligated to deposit into the Trust upon the sale of the Properties; but the $11 Million required to be deposited by ELT shall not include earnings on the funds in the Trust and notwithstanding those earnings, ELT is still obligated to deposit the principal amount of $11 Million into the Trust pursuant to the Agreement. The earnings on the funds in the Trust shall remain in the Trust and shall also secure the performance of ELT's and the other Transferee Parties' obligations under the Agreement; and it is further

4

ORDERED that the Debtors are authorized to take whatever other actions may be necessary to consummate the transactions contemplated by the Agreement; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

ORDERED that this Order is effective immediately upon its entry.

Dated: __4/21__, 2008

_____
Honorable Judith K. Fitzgerald
U. S. Bankruptcy Judge