# Exhibit B

**PiperJaffray**®

150 East 42nd Street, 35th Floor, New York, NY 10017
Tel: 212 284-9400 | Toll Free: 888 819-6131
Piper Jaffray & Co. Since 1895. Member SIPC and NYSE.

April 1, 2008

David T. Austern
Claims Resolution Management Corporation
3110 Fairview Park Drive
Suite 200
Falls Church, VA 22042-0683

Dear Mr. Austern:

    As you know, by letter dated February 16, 2006 (the "Retention Letter"), you, in your capacity as the Court appointed representative for future asbestos claimants (the "Futures Representative") to W.R. Grace & Co. (together with its subsidiaries and affiliates, the "Company"), retained Piper Jaffray & Co. ("Piper Jaffray" or "we" or "us"), to act as your exclusive financial advisor in connection with the proposed restructuring of the Company and implementation of a trust as contemplated by Section 524(g) of the Bankruptcy Code (the "Transaction").[1]

    You acknowledge that Piper Jaffray has given you prompt notice that Joseph J. Radecki, Jr. has ceased to be employed by Piper Jaffray effective as of March 2, 2008. Piper Jaffray acknowledges that, on March 28, 2008, effective as of March 2, 2008, we have engaged Joseph J. Radecki, Jr. (through Tre Angeli LLC) as an independent contractor to assist our investment banking team for several engagements, including the representation of the Futures Representative.

    Based upon the facts set forth in the preceding paragraph, you have agreed that you will not exercise your right to terminate Piper Jaffray's engagement as a result of Mr. Radecki ceasing to be employed by Piper Jaffray as of March 2, 2008, as permitted by the Retention Letter. Piper Jaffray acknowledges that (1) you may terminate our engagement if Mr. Radecki ceases to serve as an independent contractor to Piper Jaffray to work on this engagement; and (2) you retain all rights to terminate our engagement in the future, including, without limitation upon written notice as set forth in the Retention Letter.

---

[1] Capitalized terms used but not defined in this letter shall have the same meanings as in the Retention Letter.

In full payment for services rendered and to be rendered hereunder and under the Retention Letter by Piper Jaffray, Piper Jaffray shall be paid in cash by the Company a Monthly Fee of $100,000.00 payable monthly in arrears beginning on March 1, 2008 until the effective date of a plan of reorganization or termination of the Retention Letter, whichever occurs first. Both we and you again acknowledge that the compensation set forth above is based upon our mutual understanding of the proposed Transaction and the scope of Piper Jaffray's engagement, and is subject to further modification by mutual agreement, subject to Bankruptcy Court approval, if a material change occurs in the anticipated level of effort required of Piper Jaffray prior to the effective date of a plan of reorganization. The Monthly Fees to be paid to Piper Jaffray pursuant to the terms of the Retention Letter and this letter shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and are not subject to any other standard of review, under section 330 of the Bankruptcy Code or otherwise.

You will undertake to apply to the Bankruptcy Court, which has jurisdiction over the Company's Chapter 11 bankruptcy proceedings, for authorization to modify the terms and conditions of the Retention Letter in accordance with the terms and conditions of this letter. Subject to approval of the terms and conditions hereof, Piper Jaffray agrees to accept as compensation for the services that Piper Jaffray renders pursuant to the terms hereof and the Retention Letter such sums as may be allowed by the Bankruptcy Court for professional services and for reimbursement of reasonable and necessary expenses. Except as the paragraphs titled "Fees and Expenses" and "Term" of the Retention Letter is modified by this letter, all provisions of the Retention Letter shall remain operative and in full force and effect.

Please sign and return one copy of this letter to the undersigned to indicate your acceptance of the terms set forth herein, whereupon this letter and your acceptance shall constitute a binding agreement between the parties hereto, subject to approval of the Bankruptcy Court.

Sincerely,

PIPER JAFFRAY & CO.

By: _____
Jonathan Brownstein
Principal

Accepted and Agreed:

_____
David T. Austern, Futures Representative
Dated: April 18, 2008