# Exhibit D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| W.R. GRACE & CO., et al. | ) Case No. 01-1139 (JKF) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) |

**DECLARATION OF JOSEPH J. RADECKI, JR. UNDER
FED. R. BANKR. P. 2014, 2016 AND 5002 IN SUPPORT OF THE
APPLICATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS'
REPRESENTATIVE, FOR AUTHORIZATION TO MODIFY THE
EMPLOYMENT OF PIPER JAFFRAY & CO. AS FINANCIAL
ADVISOR TO THE FUTURE CLAIMANTS' REPRESENTATIVE**

I, Joseph J. Radecki, Jr., state:

1.  I am the sole and managing member of Tre Angeli LLC ("Tre Angeli"), a Connecticut limited liability company, which maintains offices at Six Landmark Square, Suite 406, Stamford, Connecticut 06901. This declaration is submitted pursuant to Fed. R. Bankr. P. 2014, 2016 and 5002, in support of the Application of David T. Austern, Future Claimants' Representative, for Authorization to Modify the Employment of Piper Jaffray & Co. ("PJC") as Financial Advisor to the Future Claimants' Representative (the "Application"), filed by David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants in the above-captioned cases (the "FCR" or "Mr. Austern").[1]

2.  Except as otherwise provided below, the facts set forth in this declaration are based upon my personal knowledge, upon records maintained by Tre Angeli or by me in the ordinary course of business.

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Application.

3. On March 1, 2006, the FCR filed an application for authorization to employ PJC as his financial advisor in the above-captioned cases, effective as of February 13, 2006 (the "Retention Application"). The terms of PJC's employment were mutually agreed upon by letter dated February 16, 2006 (the "Retention Agreement"), a copy of which was filed with the Retention Application.

4. By Order entered on May 8, 2006, the Court authorized the FCR to retain and employ PJC pursuant to the terms set forth in the Retention Agreement.

5. Pursuant to the Retention Agreement, I, along with other professionals at PJC, had primary responsibility for providing financial advisory services to the FCR. The Retention Agreement also provides that if I cease to be employed by PJC, PJC shall give prompt notice to the FCR and the FCR has the right to terminate the Retention Agreement immediately.

6. Effective as of March 2, 2008, I ceased to be employed by PJC.

7. The FCR and PJC desire to continue with my services in these cases as an independent contractor. Accordingly, on March 28, 2008, effective as of March 2, 2008 and continuing until August 29, 2008, PJC engaged Tre Angeli as an independent contractor to provide my services to assist PJC's investment banking team for several engagements, including the above-captioned cases, pursuant to the terms and conditions set forth in the Agreement for Services of Independent Contractor ("Independent Contractor Agreement"), a copy of which is attached to the Application as Exhibit A.

8. I have provided financial advice to the FCR in these cases since 2004 when I was a Managing Director of CIBC World Markets Corp. As a result of my experience in these cases and in other asbestos bankruptcy cases, particularly as financial advisor to future claimants' representatives in such cases, I am very familiar with these cases, and with the concerns and

issues important to the Future Claimants' Representative and to asbestos personal injury claimants who may assert claims or demands in the future.

9. The FCR and PJC have requested that I continue to render the following services, as an independent contractor for PJC, effective March 2, 2008, in connection with these cases:

   a. assist the FCR in analyzing and reviewing the acts, conduct, assets, liabilities and financial condition of the Debtors;

   b. advise the FCR with respect to a proposed restructuring of the Debtors and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code including analyzing, negotiating and effecting a plan of reorganization or recapitalization for the Debtors, and, to the extent necessary, performing valuation analyses on the Debtors and their assets;

   c. evaluate the financial effect of the implementation of any plan of reorganization upon the assets or securities of the Debtors; and

   d. any other tasks as mutually agreed upon by PJC and the FCR.

Subject to the Court's approval of the Application, and subject to the terms of the Independent Contractor Agreement, I am willing to perform the services described above.

## Disinterestedness of Tre Angeli

10. In order to prepare this declaration, I have taken various steps to determine whether any conflict of interest exists that would preclude Tre Angeli from serving as an independent contractor to PJC to provide financial advisory services to the FCR. In connection therewith, I reviewed Tre Angeli's business records to determine, among other things, (i) whether Tre Angeli already represents any other client in connection with the proposed new matter, (ii) whether Tre Angeli already represents any other client in a capacity that may be adverse to the proposed client, or where the proposed representation might be adverse to the interests of such other client, and (iii) whether Tre Angeli has any connections with the Debtors, their creditors and other parties identified to me as parties in interest.

3

11. Based upon the review of the business records, as set forth above, I have confirmed that there are no matters in which Tre Angeli is, or I am, involved relating to these cases.

12. Tre Angeli and I have business associations with, professional and social relationships with, or interests adverse to, creditors or parties in interest, or their attorneys, accountants or advisors; as far as I have been able to ascertain, none of these associations, relationships, or interests have any connection with these cases. As part of our practice, Tre Angeli and I provide services in cases, proceedings and transactions throughout the United States involving many different parties, and work together with many different parties, which may include creditors or parties in interest, or attorneys, accountants or other professional firms or advisors who may represent creditors or parties in interest in these cases.

13. Pursuant to the Independent Contractor Agreement, Tre Angeli will not provide any investment banking or financial advisory services with respect to the above-captioned cases on behalf of any entity other than PJC.

14. I am not related to any United States District Judge or United States Bankruptcy Judge for the District of Delaware or to the United States Trustee for this district or to any known employee of his office.

15. To the best of my knowledge, except as otherwise set forth herein, neither Tre Angeli nor I (a) hold or represent any interest adverse to the FCR on the matters upon which Tre Angeli is, or I am, serving as an independent contractor to PJC, or (b) have any connection with the Debtors, creditors, any other party in interest, their respective attorneys and retained professionals, the United States Trustee or any person employed in his office (to the extent identified to me).

4

\* \* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: April 21, 2008

_____
Joseph J. Radecki, Jr.

5