IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| W.R. GRACE & CO., et al. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | Objection Deadline: June 6, 2008 at 4:00 p.m. |
| ) | Hearing: June 23, 2008 at 1:00 p.m. |

**FIFTEENTH QUARTERLY INTERIM FEE APPLICATION OF
DAVID T. AUSTERN, FUTURE CLAIMANTS REPRESENTATIVE,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD OF OCTOBER 1, 2007 THROUGH DECEMBER 31, 2007**

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Code"), and this Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (collectively, the "Administrative Order"), David T. Austern, the Future Claimants Representative ("FCR") hereby submits this fifteenth quarterly interim application (the "Fifteenth Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period of October 1, 2007 through December 31, 2007 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period.

By this Fifteenth Quarterly Fee Application the FCR seeks the interim allowance of compensation in the amount of $20,500.00 and reimbursement of actual and necessary expenses in the amount of $1,557.27 for a total of $22,057.27, or 100% of all compensation and expense reimbursement requested, for the period October 1, 2007 through December 31, 2007 (the "Interim Period"). In support of this Fifteenth Quarterly Interim Application, the FCR respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

### Background

2. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By an Order entered September 27, 2004, the Court appointed the FCR for the above captioned cases effective as of May 24, 2004.

### Monthly Fee Applications Covered Herein

4. The FCR filed his Thirty-Seventh Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses for the Period October 1-31, 2007 (the "Thirty-Seventh Monthly") on November 30, 2007 requesting $11,840.00 (80% of $14,800.00) in fees and expenses in the amount of $1,557.27 [Docket No. 17496]. The deadline to file objections expired on December 20, 2007, no objections

were filed and the FCR filed a Certificate of No Objection on December 21, 2007 [Docket No. 17678]. The Thirty-Fourth Monthly is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

5. The FCR did not incur any fees or expenses in these cases during the month of November 2007 and accordingly no monthly interim fee application was filed for this time period.

6. The FCR field his Thirty-Eighth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses for the Period December 1-31, 2007 (the "Thirty-Eighth Monthly") on February 13, 2008 requesting $4,560.00 (80% of $5,700.00) in fees and no expenses [Docket No. 18039]. The deadline to file objections expired on March 4, 2008, no objections were filed and the FCR filed a Certificate of No Objection on March 7, 2008 [Docket No. 18245]. The Thirty-Eighth Monthly is attached hereto as <u>Exhibit B</u> and incorporated herein by reference.

7. The Thirty-Seventh and Thirty-Eighth Monthly Fee Applications covered by this Fifteenth Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by the FCR during the Interim Period as well as other detailed information to be included in fee applications.

## **Requested Relief**

8. By this Fifteenth Quarterly Application, the FCR requests that the Court approve the interim allowance of compensation for professionals services rendered and the reimbursement of actual and necessary expenses incurred by the FCR from October 1,

2007 through December 31, 2007. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Thirty-Seventh and Thirty-Eighth Monthly fee applications attached hereto as Exhibit A (October) and B (December).

9. At all relevant times, the FCR has been an disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of future asbestos claimants.

10. All services for which compensation is requested by the FCR were performed in his capacity as FCR and not on behalf of any Debtor, committee, creditor, or other person.

11. Other than the Debtors' obligation to pay fees and expenses allowed by this Court, the FCR has received no payment and no promise for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Debtors' cases. There is no agreement or understanding between the FCR and any other person for the sharing of compensation to be received for services rendered in these cases.

WHEREFORE, the FCR respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period October 1, 2007 through December 31, 2007, an allowance be made to the FCR in the sum of $20,500.00 as compensation for reasonable and necessary professional services rendered and

expenses in the amount of $1,557.27 for a total of $22,057.27, that the Debtors be authorized and directed to pay to FCR the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

                              Respectfully submitted,

                              David T. Austern, Future Claimants Representative
                              Claims Resolution Management Corporation
                              3110 Fairview Park Drive, Suite 200
                              Falls Church, VA  22042-0683
                              (703) 205-0835

Dated: April 18, 2008