THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | **(Jointly Administered)** |
| Debtors. | ) | Objection Date: June 6, 2008 at 4:00 p.m. |
| | ) | Hearing Date: June 23, 2008 at 1:00 p.m. |

**EIGHTH QUARTERLY INTERIM FEE APPLICATION OF
PIPER JAFFRAY & CO., AS FINANCIAL ADVISOR TO
DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE,
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR
THE PERIOD OF OCTOBER 1, 2007 THROUGH DECEMBER 31, 2007**

Pursuant to 328(a) U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Retention Order (as defined herein), and this Court's Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Procedures"), Piper Jaffray & Co. ("PJC") hereby submits this eighth quarterly interim application (the "Eighth Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to the future claimants' representative of W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period of October 1, 2007 through December 31, 2007 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period. In support of this Eighth Quarterly Interim Application, PJC respectfully represents as follows:

### I. Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334.

## II. Background

2. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By an Order dated May 24, 2004, the Court appointed David T. Austern as the Legal Representative for Future Asbestos Claimants (the "FCR") for the above captioned cases. The same Order authorizes the FCR to employ professionals under the provision applicable to employment of professionals by an official committee (Section 1103 of the bankruptcy code). On March 1, 2006, the FCR applied to this Court for an order authorizing the retention of PJC pursuant to an engagement agreement dated February 16, 2006 (the "Engagement Agreement") as his financial advisor. On May 8, 2006 this Court entered an order (the "Retention Order") authorizing the FCR to employ PJC as financial advisor effective nunc pro tunc as of February 13, 2006 pursuant to the terms of the Engagement Agreement.

## III. Summary of Services Rendered

4. The financial services provided to the FCR by PJC during this period included but was not limited to:

(a) Conducting due diligence and advising the FCR with respect to the specialty chemicals industry in which the Debtors operate;

(b) Conducting due diligence and advising the FCR with respect to the financial condition of the Debtors' businesses;

(c) Conducting due diligence and advising the FCR with respect to the operations of the Debtors' businesses;

(d) Advising the FCR with respect to a proposed restructuring and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code including analyzing, negotiating and effecting a plan of reorganization or recapitalization for the Debtors;

(e) Familiarizing itself to the extent appropriate with, and advising the FCR with respect to, the Court docket and the numerous motions and orders filed in connection with this case, as well as attending court hearings either in person or by telephone;

(f) Reviewing and analyzing potential acquisitions and divestitures;

(g) Performing valuation analyses on the Debtors and their assets; and

(h) Reviewing and analyzing various claims and other liabilities of the Debtors.

### IV. **PJC's Request for Compensation and Expense Reimbursement**

5. Pursuant to the Procedures, professionals may request monthly compensation and the reimbursement of expenses incurred. The notice parties listed in the Procedures may object to such a request. If no notice party objects to a professional's request within twenty (20) days after the date of service of the request, the applicable professional may submit to this Court a certification of no objection whereupon the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested.

6. Furthermore, and also pursuant to the Procedures, professionals are to file with this Court and serve upon the notice parties a quarterly request for interim approval and allowance of the monthly fee applications filed during the quarter. If this Court grants the relief requested in these quarterly requests, the Debtors are authorized and directed to pay 100% of the

fees and expenses requested in the monthly fee applications for the applicable quarter (less amounts previously paid as a result of monthly fee applications).

7. With this Eighth Quarterly Interim Application, PJC seeks interim allowance of compensation in the amount of $300,000.00 representing three monthly fees for October 1, 2007 through December 31, 2007.

8. During the Eighth Interim Period, PJC has recorded expenses in the amount of $972.48. The actual and necessary costs and expenses for which PJC seeks reimbursement include the following:

    a.    *Meals* -- PJC charges clients for meals eaten while attending meetings, due diligence, court hearings, etc. The charge to the client is actual cost, without a premium.

    b.    *Telephone* -- PJC charges clients for mobile telephone charges. Necessary mobile phone usage is reimbursed to professionals submitting an appropriate bill.

    c.    *Electronic Data Services & Research* -- It is PJC's practice to use financial market research in providing financial advisory services. This primarily consists of research reports on public companies and market/industry reports issued by investment banks other than PJC as well as other research services. The charge to the client is actual cost, without a premium.

### V. <u>Relief Requested</u>

9. With this Eighth Quarterly Interim Application, PJC requests that this Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred during the Interim Period.

10. Except for the Debtors' promise to pay compensation and reimbursement as allowed by the Court, and such compensation and reimbursement which has been or may be paid pursuant to the Procedures, PJC has received no payment and no promise for payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with this case.

11. Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, during the Eighth Interim Period, PJC has not shared and has not agreed to share (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with this case.

WHEREFORE, for all these reasons, PJC respectfully requests that the Court allow PJC the sum of $300,000.00 in fees and expenses of $972.48 for a total compensation of $300,972.48 for the period October 1, 2007 through December 31, 2007, that such sums be authorized for payment, and that the Court grant such other and further relief as is just and proper.

Dated: April 21, 2008

Respectfully submitted,
PIPER JAFFRAY & CO.

By: _____

Jason Solganick
150 East 42nd Street, 35th Floor
New York, New York 10017
(212) 284-9586
Financial Advisor to David T. Austern
Future Claimants' Representative