IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

| | |
|---|---|
| STATE OF NEW YORK ) | |
| ) ss: | |
| COUNTY OF NEW YORK ) | |

**TWENTY-THIRD SUPPLEMENTAL AFFIDAVIT OF DISINTERESTEDNESS
UNDER 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014**

Theodore L. Freedman, being duly sworn, deposes and says:

1.  I am a partner in the firm of Kirkland & Ellis LLP ("K&E"), Citigroup Center, 153 East 53rd Street, New York, New York 10022. I am authorized to make this affidavit on K&E's behalf.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. On April 2, 2001 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition (collectively, the "Cases") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et. seq. ("Chapter 11").

3. On April 2, 2001, K&E filed an application to be retained as Debtors' counsel in the Cases (the "Application"). By this Court's order, dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Cases and all related matters. K&E has filed the following affidavits in support of the Application:

- Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession, filed April 2, 2001 (the "Original Affidavit");

- First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 17, 2001 (the "First Supplement");

- Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 2, 2001 (the "Second Supplement");

- Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed July 25, 2001 (the "Third Supplement");

- Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed September 13, 2001 (the "Fourth Supplement");

- Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed October 24, 2001 (the "Fifth Supplement");

- Sixth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed November 13, 2001 (the "Sixth Supplement");

- Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 11, 2002 (the Seventh Supplement");

- Eighth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 23, 2002 (the "Eighth Supplement");

- Ninth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed July 19, 2002 (the "Ninth Supplement");

- Tenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr P. 2014, filed September 18, 2002 (the "Tenth Supplement");

- Eleventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed March 11, 2003 (the "Eleventh Supplement");

- Twelfth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 filed September 20, 2004, and the Amendment to the Twelfth Supplement, filed December 2, 2004, (the "Twelfth Supplement");

- Thirteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed February 10, 2005 (the "Thirteenth Supplement");

- Fourteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed June 14, 2005 (the "Fourteenth Supplement");

- Fifteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed December 12, 2005 (the "Fifteenth Supplement";

- Sixteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed March 20, 2006 (the "Sixteenth Supplement";

- Seventeenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 17, 2006 (the "Seventeenth Supplement";

- Eighteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed May 22, 2006 (the "Eighteenth Supplement";

K&E 12429040.3

- Nineteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed June 23, 2006 (the "Nineteenth Supplement"); and

- Twentieth Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed October 23, 2006 (the "Twentieth Supplement"); and

- Twenty-First Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed April 9, 2007 (the "Twenty-First Supplement,"); and

- Twenty-Second Supplemental Affidavit of Disinterestedness Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, filed October 31, 2007, and together with the Original Affidavit, the First Supplement, the Second Supplement, the Third Supplement, the Fourth Supplement, the Fifth Supplement, the Sixth Supplement, the Seventh Supplement, the Eighth Supplement, the Ninth Supplement, the Tenth Supplement, the Eleventh Supplement, the Twelfth Supplement and Amendment to Twelfth Supplement, the Thirteenth Supplement, the Fourteenth Supplement, the Fifteenth Supplement, the Sixteenth Supplement, the Seventeenth Supplement, the Eighteenth Supplement, the Nineteenth Supplement, the Twentieth Supplement, and the Twenty-First Supplement, collectively, the "Prior Affidavits").

4. I submit this Twenty-Third Supplemental Affidavit (the "Twenty-Third Supplement") to provide additional disclosure required under Fed. R. Bankr. P. 2014(a) and Fed. R. Bankr. P. 2016(b). Unless otherwise stated in this Twenty-Third Supplement, I have personal knowledge of the facts set forth herein.

5. None of the additional representations described herein are materially adverse to the interests of the Debtors' estates.

6. As stated in the Prior Affidavits, K&E continues to learn of parties who have or may have had relationships to the Debtors. Thereafter, as is reasonably practicable, K&E will file additional supplemental affidavits as required by Fed. R. Bankr. P. 2014(a) as K&E learns of such parties and K&E conducts a conflicts search of such parties.

4

K&E 12429040.3

## Specific Disclosures

*Updated Conflict Review*

7. Additional parties that were identified and searched in K&E's electronic database of clients and entities with other connections to K&E are listed on **Exhibit A** to this Twenty-Third Supplement.

8. **Exhibit B**[2] lists the client connections found as a result of K&E's conflicts searches of the entities listed on **Exhibit A**.

9. In addition, **Exhibit B** includes the client connections found as a result of an updated conflicts search of parties previously searched.

10. As disclosed below and on the attached exhibits, K&E represents certain of the Debtors' creditors, equity security holders, customers and/or other parties in interest in matters unrelated to the Debtors and the Cases. None of the representations described herein or in **Exhibit B** are materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders thereof.

11. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither K&E nor any partner, of counsel or associate thereof have any connection with the Debtors, their creditors or any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the

---

[2] On **Exhibit B**, the term "current client" means a client for whom time was posted in the 12 months before the date of this Twenty-Third Supplement. On **Exhibit B**, the term "former client" means a client for whom time was posted between 36 and 12 months before the date of this Twenty-Third Supplement. On **Exhibit B**, the term "closed client" means a client for whom time was posted in the 36 months before the date of this Twenty-Third Supplement, but the client representation has been closed. As a general matter, K&E discloses connections with former clients or closed clients for whom time was posted in the last 36 months, but does not disclose connections if time was billed more than 36 months before the date of this Twenty-Third Supplement.

5

United States Trustee, except as disclosed or otherwise described below, in the Prior Affidavits or in the Application.

*1% Clients*

12. In each Prior Affidavit, K&E disclosed the names of those parties-in-interest in the Cases which, as clients of K&E, represented more than 1% of K&E's fee receipts for the respective twelve-month periods.

13. With the exception of (a) General Motors Corporation, and its various subsidiaries and affiliates (collectively, "General Motors"), (b) Morgan Stanley and its various subsidiaries (collectively, "Morgan Stanley"), (c) BP, plc and its various subsidiaries (collectively, "BP"), and Dow Chemical Company and its various subsidiaries and affiliates (collectively, "Dow Chemical"), no client listed on **Exhibit B** or on the Prior Affidavits represents more than 1% of K&E's fee receipts for the twelve-month period ending February 29, 2008.[3]

*K&E Partner Investments*

14. Additionally, certain current and former partners of K&E invest in mutual funds, individual equities and other securities and make any other number of investments personally. Likewise, certain current and former partners of K&E may voluntarily choose to invest in certain blind-pool investment funds. These blind-pool investment funds fall into two categories: "private equity fund" investments, where the investment pool invests capital in certain private equity funds that are K&E clients; and "direct" investment funds, where the investment pool invests directly in equity or debt of certain portfolio companies of K&E private equity clients.

---

[3] For the twelve-month period ending February 29, 2008, (a) General Motors represented 2.25% of K&E's fee receipts; (b) Morgan Stanley represented 1.38 % of K&E's fee receipts; (c) BP represented 1.60% of K&E's fee receipts, and (d) Dow Chemical represented 1.13% of K&E's fee receipts.

These blind-pool investment funds are organized as limited partnerships that are managed by certain K&E partners who are also limited partners. Such blind-pool investment funds are not managed or otherwise controlled by K&E. Moreover, once the money is invested by such blind-pool investment fund, the investment generally is not controlled by the limited partnership that manages the applicable blind-pool investment fund, other than the right to withdraw from the investment in accordance with governing rules. Participation in blind-pool investment funds is wholly voluntary, and not all current and former partners of K&E participate. Generally, investments in blind-pool investment funds have, historically, not exceeded a 1% stake involving any company's debt or equity.

### Disclosure of New K&E Employee Connections

15. Arabella Hinton, an antitrust and competition associate started working in K&E's London office on November 12, 2007. Before joining K&E, Ms. Hinton worked as an associate and trainee solicitor at Orrick, Herrington & Sutcliffe, and worked as a trainee solicitor at Couder Brothers, and represented the following parties in various matters unrelated to the Debtors: John Crane Inc., Borg Warner Inc., Citigroup Inc., Nomura Holding, and Tyco Holdings (UK) Ltd., Sun Chemicals, Occidental and the Boeing Company (collectively, the "Screened Parties"). Certain of the Screened Parties are either adverse parties and creditors, or the subsidiaries or affiliates of a creditor or a claims objectee in these Cases. Orrick, Herrington & Sutcliff is also counsel to David Austern, the Future Claimant's Representative in these Cases. Out of an abundance of caution, K&E has instituted formal screening procedures to screen Ms. Hinton from any contact with K&E's representation of the Debtors.

16. Samuel Gates Williamson, a litigation partner, started working in K&E's Washington Office, on February 11, 2008. Prior to joining K&E, Mr. Williamson worked as an Assistant United States Attorney at the United States' Attorney's Office for the Middle District

of Tennessee and as an Assistant United States Attorney at the United States Attorney's Office for the Southern District of New York (March 2002-September 2004). From September 2001 to March 2002, Mr. Williamson worked as an associate at Covington & Burling, and represented Bank of America Prime Brokerage and Bank of America Securities, where the underlying nature of the matter with Bank of America Securities is unknown. Both the United States Attorney's Office and Bank of America are an adverse parties in the Cases. Although his work at the United States Attorney's Office did not involve the Debtors, out of an abundance of caution, K&E has instituted formal screening procedures to screen Mr. Williamson from any contact with K&E's representation of the Debtors.

17. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 5/14, 2008

*Theodore L. Freedman*
Theodore L. Freedman
Kirkland & Ellis LLP
153 E. 53rd Street
New York, New York 10022
Telephone: (212) 446-4934
Facsimile: (212) 446-4900

Subscribed and sworn to before me
this 14th day of May, 2008.

_____
Notary Public
My Commission Expires: October 19, 2010

BECKY HERNANDEZ
Notary Public, State Of New York
No. 01HE6014791
Qualified In Bronx County
Commission Expires October 19, 20 10