IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., et al., | : | Case No. 01-01139 (JKF) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Objection Deadline: May 16, 2008 at 4:00 p.m.** |
| | : | **Hearing Date: June 2, 2008 at 1:00 p.m.** |
| | : | |
| | : | **Re: Docket No. 18599** |

**ACTING UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE, FOR AUTHORIZATION TO MODIFY THE EMPLOYMENT OF PIPER JAFFRAY & CO. AS FINANCIAL ADVISOR TO THE FUTURE CLAIMANTS' REPRESENTATIVE**

The Acting United States Trustee, by and through her counsel, hereby files the following objection to the Application of David T. Austern, the Future Claimants' Representative, for authorization to modify the employment of his financial advisor, Piper Jaffray & Co. (the "Application"), and represents as follows:

**Background**

1.  Roberta A. DeAngelis is the Acting United States Trustee ("UST") for this District.

2.  Pursuant to 28 U.S.C. § 586, the UST is charged with monitoring applications filed under section 327 of the Bankruptcy Code and, whenever the UST deems it to be appropriate, filing with the court comments with respect to the approval of such applications. *See* 28 U.S.C. § 586(a)(3)(H). This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest);

1

*Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard with regard to this Objection.

4. On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases (collectively, the Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

5. Numerous committees representing various constituents have been appointed in this case. On April 13, 2001, the UST appointed the Official Committee of Unsecured Creditors (the "Creditors Committee"). Also on April 13, 2001, the UST appointed the Official Committee of Asbestos Personal Injury Claimants (the "PI Committee") and the Official Committee of Asbestos Property Damage Claimants (the "PD Committee"). On June 18, 2001, the UST appointed the Official Committee of Equity Holders (the "Equity Committee"). Finally, on May 24, 2004, the Court appointed David Austern as the Future Claimants Representative (the "FCR").

6. On May 8, 2006, the Court entered an order authorizing the FCR to retain and employ Piper Jaffray & Co. ("PJC") as his financial advisor. According to the Application, Joseph J. Radecki, Jr. and other professionals at PJC had primary responsibility for providing financial advisory services to the FCR. It is represented that Mr. Radecki ceased to be employed by PJC in March 2008.

7. In the Application, the FCR seeks modification of PJC's retention to allow Mr. Radecki to continue to provide services to the FCR despite Mr. Radecki's new employment. Mr. Radecki is now employed at Tre Angeli LLC ("Tre Angeli"). According to the Application, effective March 2, 2008 and continuing until August 29, 2008, PJC engaged Tre Angeli as an independent contractor so that Mr. Radecki can assist PJC in this engagement.

### Grounds/Basis for Relief

8. The UST objects to the Application because it constitutes an improper fee sharing arrangement in violation of 11 U.S.C. § 504. It would be permissible for the FCR to separately retain either Mr. Radecki or Tre Angeli, but the independent contractor relationship as proposed in the Application is beyond what is permissible under the Bankruptcy Code.

9. Section 504 prohibits the sharing of compensation. The only exception under the statute is a rather obvious one: that members, partners and regular associates in a professional association, corporation, or partnership can share compensation with other members, partners and regular associates in that same professional association, corporation, or partnership. There are no other exceptions within section 504.

10. Courts in this District have strictly construed section 504 in the context of subcontracting and independent contracting arrangements. *See In re AcandS, Inc.*, 297 B.R. 395, 404-05 (Bankr. D. Del. 2003); *In re United Companies Financial Corp.*, 241 B.R. 521, 528 (Bankr. D. Del. 1999). In *United Companies*, Judge Walrath found that Ernst & Young could not subcontract work pursuant to section 504 to an affiliated company unless the affiliated company filed a separate retention application. The court stated that the requirements of section 327(a) cannot be avoided by entering into "subcontracting" arrangements, which would eviscerate the protections of section

327(a). *Id.*

11.     Those same principles apply in this case. While the FCR is being forthright in disclosing the independent contracting arrangement and his belief that there will be no extra cost to the estate, the bottom line is that the Bankruptcy Code prohibits an independent contracting arrangement such as this, no matter how much information is disclosed. It is also immaterial that the cost to the estate, in the form of the monthly fee, will not increase because it is not necessary to find that the independent contractor arrangement compromised the policies behind section 504. *See In re Peterson*, 2004 WL 1895201, *4 (Bankr. D. Idaho).

12.     The one exception set out in section 504 is not applicable here. Neither Tre Angeli nor Mr. Radecki can be classified as a "member", "partner" or "regular associate" of PJC. Therefore, in order to continue to secure the services of Mr. Radecki, the FCR must employ Tre Angeli.

13.     It is also questionable why PJC needs to remain employed and be paid a $100,000 monthly fee. Because of the purported importance of Mr. Radecki's expertise, the necessity for the FCR to keep PJC employed seems to have diminished. There is no reason provided why the FCR does not terminate the retention of PJC and hire Tre Angeli. That situation would solve the section 504 problem and prevent the use of two financial advisory firms. In any event, it remains the UST's position that section 504 prevents approval of the modification of PJC's retention that is proposed in the Application.

WHEREFORE the UST requests that this Court issue an order denying the Application and/or granting such other relief as this Court deems appropriate, fair and just.

    Respectfully submitted,

    ROBERTA A. DEANGELIS
    Acting United States Trustee, Region Three

BY:   */s/ David M. Klauder*
    David M. Klauder
    Trial Attorney
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491
    (302) 573-6497 fax machine

Dated: May 16, 2008