**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| | ) |
| **IN RE:** | ) **Chapter 11** |
| | ) |
| **W.R. GRACE & CO.,** *et al.*, | ) **Case No. 01-01139 (JKF)** |
| | ) **Jointly Administered** |
| | ) **Re: Docket Nos. 18325, 18421, 18484, 18520 and** |
| **Debtors.** | ) **18594** |
| | ) |
| | ) **Hearing Date: June 2, 2008, @ 1:00 p.m. Eastern** |
| | ) **In Pittsburgh, PA** |
| | ) |

**OBJECTION OF CANADIAN ZAI CLAIMANTS' TO ZAI CLAIMANTS' MOTION**
**FOR DISMISSAL OF AN INDIVIDUAL ZAI CLAIM OR FOR A RULE 54(B)**
**DETERMINATION TO PERMIT APPELLATE REVIEW OF THE ZAI OPINION**

COMES NOW, Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants"),

by and through its undersigned counsel, and hereby files this Objection to ZAI Claimants' motion

for Dismissal of an Individual ZAI Claim or for a Rule 54(B) Determination to permit Appellate

Review of the ZAI Opinion ("ZAI Dismissal Motion"), and in support of this Objection states as

follows:

**BACKGROUND**

1.      On March 18, 2008, American ZAI Claimants filed with the Court the ZAI Dismissal

Motion in which the ZAI Claimants requested dismissal of an individual ZAI Claim or for a

determination pursuant to Bankruptcy Rule 54(b) to permit appellate review of the ZAI Opinion

[Docket No. 18325].

2.      On April 9, 2008, Her Majesty the Queen in Right of Canada as represented by the

Attorney General of Canada (the "Crown"), filed an Objection to ZAI Claimants Motion for

Dismissal of an Individual ZAI Claim or for a Rule 54(b) Determination to Permit Appellate Review

of the ZAI Opinion on the grounds that it did not include Canadian ZAI Claims [Docket No. 18484].

**HISTORY OF CANADIAN ZAI**

3.      Zonolite attic insulation was extensively utilized in Canadian home building during the period of time from approximately 1940 to the 1980s.

4.      W.R. Grace and Co. and several of its affiliates (the "U.S. Debtors") created and distributed zonolite for use in Canadian homes.  The Crown's alleged wrongdoings include 1) that it promoted the distribution and sale of Zonolite in Canada; 2) that it failed in its duty to warn Canadian citizens of the dangers of Zonolite; and 3) that it failed to remediate the Zonolite once it learned of the dangers caused by exposure to Zonolite.

5.      On April 2, 2001, U.S. Debtors filed voluntary petitions for protection under Chapter 11 of the United States Bankruptcy Code (The "U.S. Proceedings") and have been granted a temporary restraining order by this Court providing for certain injunctive relief in favor of the U.S. Debtors as well as certain other third parties (the "Affiliated Entities").

6.      Two days later Grace Canada, Inc. ("Grace Canada"), a Canadian affiliated entity of U.S. Debtors, was granted an order (the "Initial CCAA order") pursuant to Section 18.6(4) of the Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice (the "CCAA Court") which, among other things, provided for a stay of proceedings against the commence-ment or continuation of any asbestos-related suits against Grace Canada. See copy of Order attached as **Exhibit 1**.

7.      On November 14, 2005 as the result of a number of proposed class action proceedings (the "Proposed Class Actions") commenced in Canada against certain U.S. Debtors, Grace Canada, Affiliated Entities and other parties including the Attorney General of Canada (Her Majesty the Queen in Right of Canada) (the "Crown"), the CCAA Court granted an order recognizing the injunctive relief provided for by this Court and giving effect to it in Canada and

implementing a limited stay of proceedings with respect to the Crown. See copy of Order

attached as **Exhibit 2**.

8.      On November 14, 2005, the CCAA Court also considered a request for an

extension of the stay contained in the initial order in light of the Proposed Class Actions. The

Honorable Justice Farley indicated that cooperation and coordination between the CCAA Court

and the Court was needed, that there had been recognition in the U.S. Bankruptcy Court that

Canadian proceedings would be governed by Canadian substantive law, that the insolvency

adjudicative proceedings presented an efficient process, but that the extension of the stay not

affect the ability of the Plaintiffs in the Proposed Class Actions from returning to the CCAA

Court if they felt there was "foot dragging or other elements of prejudice". *See Footnote No. 13*

*to Exhibit 2*.

9.      In January 2006, Grace Canada made application with the CCAA Court for the

appointment of two law firms, Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP, as

representative counsel ("Representative Counsel"), in the CCAA Court proceedings on behalf of

all Canadian ZAI Claimants.[1]

10.     On February 9, 2006, the CCAA Court entered an order on Grace Canada's

application for the appointment of Representative Counsel. As part of that order, Representative

Counsel was empowered to, among other things, appear before the U.S. Court in the context of

the Chapter 11 cases and to negotiate on behalf of Canadian Claimants with Grace Canada, the

Crown, the U.S. Debtors, the Affiliated Entities and any other person or entity. See copy of

Order attached as **Exhibit 3.**

---

[1] Representative Counsel was appointed to represent the interest of all Canadian ZAI Claimants (both personal injury and property damage).

11.     Representative Counsel has actively monitored these proceedings since their appointment by the CCAA Court in an effort to advance the interests of Canadian ZAI Claimants.

12.     On December 14, 2006 this Court issued a Memorandum Opinion on this issue of whether or not the presence of ZAI in the home creates an unreasonable risk of harm. Canadian ZAI claimants were not represented or heard at the Science Trial which led to the Memorandum Opinion.

## ARGUMENT

13.     The ZAI Dismissal Motion does not address the right of Canadian ZAI Claimants. The Crown objected on the grounds that the present motion "excludes similarly situated claims arising in Canada."

14.     Grace has intended to and has in fact treated Canadian ZAI Claimants as a separate class of claimants.  The Amended Joint Plan of Reorganization filed by the U.S. Debtors dated January 15, 2005, expressly provided that Canadian Claims would be adjudicated in Canada, under a Canadian Litigation Procedure by a Canadian Court.

15.     Until it received the objection of the Crown, Canadian ZAI Claimants were operating under the assumption that the ZAI Dismissal Motion was intended only to apply to American claimants since the materials are clear on their face in that regard.  The Crown now takes the position throughout its objection that Canadian claimants should be included.

16.     Contrary to the Crown's assertions, counsel for the American ZAI Claimants, Mr. Edward Westbrook, does not represent Canadian ZAI Claimants

17.    Since its appointment by the CCAA Court in 2006, Representative Counsel has engaged in extensive negotiations with Grace Canada, representatives of the U.S. Debtors, and the Crown, in an attempt to fashion a Canadian Litigation Procedure to be presided over by a Canadian Court for the determination of Canadian ZAI claims.[2]

18.    Representative Counsel has actively monitored these proceedings since their appointment by the CCAA Court in an effort to advance the interests of Canadian ZAI Claimants.

19.    Canadian ZAI Claimants were not represented at the Science Trial, fully completed by this court on October 18, 2004, which led to Judge Fitzgerald's Memorandum Opinion of December 14, 2006.  In fact, Representative Counsel for Canadian ZAI Claimants had not been appointed as such by the CCAA Court until February 8, 2006. Furthermore, Representative Counsel were appointed as representatives of all Canadian ZAI Claimants (both property damage and personal injury), thus creating an inherent conflict between this class of claimants and American ZAI PD Claimants, American ZAI PI Claimants, American Asbestos PI Claims and American ZAI PD Claims.

20.    The CCAA Court should be consulted by this Court as it appointed Representative Counsel in Canada at the suggestion and instance of the Debtor.

21.    There are special known groups in Canada, the interests of whom need to be considered, including Aboriginal claimants and claimants who resided in homes built and/or owned by the Canadian Federal Government. These include Department of National Defense

---

[2] Representative Counsel sought to structure a litigation procedure consistent with the proposed Amended Joint Plan of Reorganization filed by Debtors on January 15, 2005 [Docket No.7560].

employees.  The Canadian Federal Government has remediated many of the homes through removal of ZAI and/or sealing of the ZAI so as to avoid risk of harm to occupants and others. Some of the Canadian ZAI claimants live in remote areas, in particular certain groups of Aboriginal persons, and any notice program must be fashioned to recognize Canada's unique geography and demographic structure to ensure that notice be effective.  This is best determined by the CCAA Court which has extensive experience in dealing with these issues.

22.     There are specific personal injury claimants in Canada in the form of, at a minimum, the Bruce and Thundersky families who have suffered a terrible tragedy as a result of their exposure to ZAI.  Groups such as these claimants have distinct and separate claims against the Canadian Federal Government and it would therefore be very dangerous, and highly prejudicial to such claimants, to lump Canadian claimants in with American claimants to be treated in the same fashion without recognizing the separate and distinct claims. See Affidavit of Raven Thundersky attached as **Exhibit 4**.

**WHEREFORE**, for the reasons set forth in the Objection, the Canadian ZAI Claimants respectfully request that this Court deny the relief sought by the ZAI Claimants, and grant such other and further relief to which this Court deems appropriate.


[Remainder of Page Intentionally Left Blank]

Dated: May 16, 2008

/s/Daniel K. Hogan
Daniel K. Hogan (DE Bar No. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656.7540
Facsimile: (302) 656.7599
E-Mail: dkhogan@dkhogan.com

-and-

**LAUZON BÉLANGER, INC**.
Yves Lauzon
Michel Bélanger
286, rue St-Paul Quest, Bureau 100
Montreal Quebec
Telephone: (514) 844-7403
ylauzon@lauzonbelanger.qc.ca
mbelanger@lauzonbelanger.qc.ca

**SCARFONE HAWKINS LLP**
Matthew G. Moloci
David Thompson
One James Street South, 14th Floor
P.O. Box 926, Depot 1
Hamilton, Ontario
Canada L8N 3P9
Telephone: (905) 523-1333
moloci@shlaw.ca
thompson@shlaw.ca

## SUMMARY OF EXHIBITS

**Exhibit 1**    CCAA Court Order pursuant to Section 18.6(4) of the Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice which provided for a stay of asbestos-related suits against Grace Canada, dated April 4, 2001.

**Exhibit 2**    CCAA Court Order recognizing injunctive relief provided by the U.S. Bankruptcy Court for the District of Delaware and giving effect to it in Canada and implementing a limited stay of proceedings with respect to Her Majesty the Queen in Right of Canada, dated November 15, 2005.

**Exhibit 3**    CCAA Court Order for the appointment of Representative Counsel, dated February 8, 2006.

**Exhibit 4**    Affidavit of Raven Thundersky, sworn March 29, 2005.