IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 18523 |
| | ) | Hearing Date: June 2, 2008 at 1:00 p.m.. |
| | ) | Agenda Item No. 18 |

### DEBTORS' OBJECTION TO THE CANADIAN ZAI CLAIMANTS' MOTION TO LIFT THE AUTOMATIC STAY

The Expedited Motion of the Canadian ZAI Claimants for Relief from the Automatic Stay repeats verbatim the arguments in the U.S. ZAI Claimants' motion to lift the automatic stay.[1] Accordingly, the Canadian ZAI Claimants' "me too" motion should be denied for the same reasons articulated in the Debtors' Objection to ZAI Claimants' Motion to Lift Stay [Dkt. No. 18531] (a copy of which is attached hereto). *First*, lifting the automatic stay would impose substantial hardships upon this bankruptcy case at a critical time. *Second*, in contrast, the Canadian ZAI Claimants have not alleged, much less demonstrated, *any* hardship in having their claims resolved in these Chapter 11 cases. *Third*, the Canadian ZAI Claimants cannot demonstrate a likelihood of success on the merits because, among other things, there was no ZAI litigation in Canada prior to the Debtors' Chapter 11 filing.

In considering the U.S. ZAI Claimants' lift-stay motion, this Court rejected the very arguments the Canadian ZAI Claimants now repeat:

> But it does seem to me that Mr. Bernick is quite correct about one thing: The Bankruptcy Code is not necessarily a thing of beauty in all respects. But in this

---

[1] *See* Expedited Motion of the ZAI Claimants to Lift Stay and Return ZAI to the Tort System [Dkt. No. 18462].

particular regard, it works. And, folks, you're here. Your motions for relief from stay are going nowhere. You're not getting relieved from the premises of this Court. You are here for a reason. The automatic stay is for the benefit of this estate. You're going to stay here through this estate, you're going to resolve these issues in this Court. So, that's the way it's going to be.

4/22/08 Hr'g Tr. at 32:4-13. The Canadian ZAI Claimants have not alleged, much less demonstrated, any reason why their request should not similarly be denied.

### Conclusion

For the foregoing reasons, the Canadian ZAI Claimants' request that this Court lift the automatic stay to allow ZAI litigation to proceed in Canadian courts should be denied.

Dated: May 16, 2008

KIRKLAND & ELLIS LLP
David M. Bernick
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession