# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT-OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors | ) | |
| | ) | |

## DEBTORS' FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO MIAN REALTY, LLC

Pursuant to Fed. R. Bankr. P. 7034, Fed. R. Civ. P. 34, and Local Rule 7026-1, the above-

captioned debtors and debtors in possession (collectively, "Grace"), by their undersigned

attorneys, request that Mian Realty, LLC ("Mian") provide a copy of each document requested

herein to Grace within thirty (30) days of the date of service of this request or serve a written

response upon Grace within the same time period stating, with respect to the documents

requested for production, that the documents will be produced to Grace for inspection and

copying at the convenience of Grace.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Local Rules. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1. "All" means "any and all."

2. "And" and "or" encompass both "and" and "or."

3. "Any" means "any and all."

4. "Communication" means the transmittal of information by any means.

5. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

6. "Contaminant" shall include, but not be limited to, any hazardous substance as defined by the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601 et seq. or other pollutants.

7. "Document" and "Documents" include all documents that are within the scope of the Federal Rules of Civil Procedure, and includes all written, recorded, electronic, graphic, or photographic matter, however produced or reproduced, and includes, without limiting the generality of the foregoing, all computer records, photographs, data, drawings, mail, charts, graphs, electronic mail ("email"), compilations, letters, notes, memoranda, ledgers, journals, minutes, books, drafts, telephone slips, expense accounts, time sheets, telegrams, cables, microfilm, prints, publications, recordings, transcriptions, affidavits, bills, receipts, checks, invoices, video tapes, DVDs, compact discs, motion pictures, audio tapes, books, pamphlets, and

contracts. A draft or non-identical copy is a separate document within the meaning of the term "document."

8.     "F Sharp Screw Parcel" is defined as the property located at 40 Haynes Street, Somerville, New Jersey, referred to on local tax maps at Block 50, Lots 3, 13, and 14, and shall include any dwellings, buildings, well or other improvements thereon, and any contents thereof, and any soil, sub-soil, surface water, groundwater or other natural elements on, in or under such real property.

9.     "Grace" includes W. R. Grace & Co., any predecessors, divisions, departments, offices, and subsidiaries thereof, and any of its members, agents, investigators, contractors, consultants, attorneys, officers, representatives, and any other person or persons acting on behalf of Grace.

10.     "Identify" (with respect to persons) means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

11.     "Identify" (with respect to documents) means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

12.     "Including" means "including but not limited to."

13.    "Litgo litigation" refers to the Civil Case No. 06-2891 currently pending in the United States District Court for the District of New Jersey filed by Litgo New Jersey, Inc. and Sheldon Goldstein, Plaintiffs, against, Lisa Jackson, in her official capacity as the Commissioner of the New Jersey Department of Environmental Protection, State of New Jersey, New Jersey Department of Environmental Protection, United States of America, United State Department of the Army, United States Department of the Air Force, United States Department of the Navy, Alfred, Sanzari Enterprises, Mian, and Kirby Avenue Realty Holdings, L.L.C., Defendants.

14.    "Person" is defined as any natural person or any business, legal or governmental entity, or association.

15.    The "Mian Property" is defined as the property located at 6 Kirby Avenue, Somerville, New Jersey, referred to on local tax maps as Block 1, Lot 4.02, and shall include any dwellings, buildings, well or other improvements thereon, and any contents thereof, and any soil, sub-soil, surface water, groundwater or other natural elements on, in or under such real property.

16.    "Release" shall mean any discharge, spill, leak, escape or other discharge to the air, soil, sub-soil, surface water, groundwater or other natural element.

17.    "Statements" shall include affidavits, declarations, reports, submissions to the court, or any other form of formal or informal written document, including summaries of oral communications associated with the litigation.

18.    "Surrounding Properties" means any property within one mile of the Mian Property.

19.    "You," and "Your," include Balil A. Mian, Shakila M. Mian, Mian, any predecessors thereto, its divisions, departments, agencies, or offices; the individual that is responding to these Document Requests on behalf of Mian; and any of their respective

commissioners, employees, agents, investigators, contractors, consultants, attorneys, officers, representatives, and any other person or persons acting on behalf of Mian, Balil A. Mian, or Shakila M. Mian.

20.     The "50 Kirby Avenue Parcel" means the property located at 50 Kirby Avenue, Somerville, New Jersey, referred to on local tax maps as Block 1, Lot 4.02 and shall include any dwellings, buildings, well or other improvements thereon, and any contents thereof, and any soil, sub-soil, surface water, groundwater or other natural elements on, in or under such real property.

21.     The present tense includes the past and future tenses.

22.     The singular includes the plural, and the plural includes the singular.

23.     Words in the masculine, feminine or neuter form shall include each of the other genders.

24.     If requested documents are maintained in a file, the file folder is included in the request for production of those documents.


## INSTRUCTIONS

1.     If, in responding to this Request for Production, You encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.     Whenever You are asked to identify or produce a document which is deemed by You to be properly withheld from production for inspection or copying:

A.     If You are withholding the document under claim of privilege (including but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and in accordance with Fed. R. Bankr. P. 7026, including the type of document,

the general subject matter of the document, the date of the document, and such other information

as is sufficient to identify the document, including, where appropriate, the author, addressee,

custodian, and any other recipient of the document, and where not apparent, the relationship of

the author, addressee, custodian, and any other recipient to each other, in a manner that, without

revealing the information claimed to be protected, will enable Grace to assess the applicability of

the privilege or protection claimed by You; or

    B.  If You are withholding the document for any reason other than an

objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify

as to each document and, in addition to the information requested in ¶ 2.A above, please state the

reason for withholding the document.

    3.  When a document contains both privileged and non-privileged material, the non-

privileged material must be disclosed to the fullest extent possible without thereby disclosing the

privileged material.  If a privilege is asserted with regard to part of the material contained in a

document, You must clearly indicate the portions as to which the privilege is claimed.  When a

document has been redacted or altered in any fashion, identify as to each document the reason

for the redaction or alteration, the date of the redaction or alternation, and the person performing

the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

    4.  It is intended that this Request will not solicit any material protected either by the

attorney/client privilege or by the work product doctrine which was created by, or developed by,

counsel for the responding party after the date on which this litigation was commenced.  If any

Request is susceptible of a construction which calls for the production of such material, that

material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) and in

accordance with Fed. R. Bankr. P. 7026 will be required as to such material.

5.      If production of any requested document is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

6.      If production of any requested electronically stored information is objected to pursuant to Fed. R. Civ. P. 26(2)(B) and in accordance with Fed. R. Bankr. P. 7026 on the basis that it is not reasonably accessible because of undue burden or cost, state the objection with particularity, not in conclusory or boilerplate language, including specification of facts that support Your contention that the requested electronically stored information is not "reasonably accessible."

7.      Each Document Request is a continuing discovery request that must be updated or supplemented to the extent required by Fed. R. Civ. P. 26(e) and in accordance with Fed. R. Bankr. P. 7026.

8.      Reference to particular types of Documents or facts is not intended to change or waive any definition set forth in Section I above.

9.      Respond to each Document Request.  If Your response to a specific Document Request is "none" or "unknown," please write "none" or "unknown" as Your response and explain what efforts You made to investigate and respond to the Document Request.

10.      Produce any Documents existing in a native electronic format, particularly data or measurements, in such format as well as in hard copy or scanned copy.


## DOCUMENT REQUESTS

1.      All Documents related to, relied on, identified in, or referred to in your Answers to Interrogatories.

2.      All Documents identified as being in your counsel's possession in the Initial Disclosures of Defendant, Mian, filed by you on March 4, 2008 in the Litgo litigation.

3.      All Documents included in, produced pursuant to, or relating to discovery requests or responses between or among you and any other parties to the Litgo litigation.

4.      All Documents (including, but not limited to, correspondence, notes, agreements, memoranda, or other documentation) that summarize, memorialize, describe or in any way relate to any communication, agreement, or contract between you and Grace, or any predecessor, subsidiary, or affiliate of those persons.

5.      All Documents in any way related to environmental conditions or contamination on the Mian Property, the 50 Kirby Avenue Parcel, the F Sharp Screw Parcel, and the Surrounding Properties (including, but not limited to, communications with present or former tenants, neighboring property owners or occupiers, business associates, insurance providers, employees, or any other person).

6.      All Documents (including, but not limited to, correspondence, notifications, reports, sampling results or other documentation) involving the New Jersey Department of Environmental Protection, or any other federal, state, or local environmental regulatory entity relating in any way to the Mian Property, the 50 Kirby Avenue Parcel, the F Sharp Screw Parcel, or the Surrounding Properties.

7.      All Documents related to any person's environmental investigatory activities on the Mian Property (including, but not limited to, access requests, access agreements, technical reports, sampling results, boring logs, elevations, correspondence, data, aerial maps, photographs, analyses, or other reports).

8.    All Documents related to the disposal of waste or the filling of land at the Mian Property, the 50 Kirby Avenue Parcel, the F Sharp Screw Parcel, or the Surrounding Properties during any time period.

9.    All Documents related to the release or discharge of any pollutant or contaminant at the Mian Property, the 50 Kirby Avenue Parcel, the F Sharp Screw Parcel, or the Surrounding Properties during any time period.

10.    All Documents related in any way to maintenance, construction, landscaping, remodeling, improving, dredging, filling, and/or demolition that has occurred on the Mian Property at any time period (including, but not limited to, reports, invoices, proposals, photographs, maps, drawings, schematics, diagrams, blueprints, or other documentation).

Dated:  May 16, 2007

KIRKLAND & ELLIS
David M. Bernick, P.C.
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, & JONES LLP


_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of May, 2008, I served the foregoing

Debtors' First Request for Production of Documents to Mian by Federal Express, postage pre-

paid, upon the following counsel of record:

*Attorneys for Mian Realty, LLC*

Richard D. Trenk
Henry M. Karwowski
Trent, DiPasquale, Webster, Della Fera & Sodono, P.C.
347 Mt. Pleasant Avenue, Suite 300
West Orange, NJ 07052
Tel : 973-243-8600
Fax : 973-243-8677

and

Patrick J. Reilley
Cole, Schotz, Meisel, Forman & Leonard, PA
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Tel: 302-295-4888
Fax: 302-652-3117

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors | ) | |
| | ) | |

## DEBTORS' FIRST SET OF INTERROGATORIES PROPOUNDED TO MIAN REALTY, LLC

Pursuant to Fed. R. Bankr. P. 7033, Fed. R. Civ. P. 33, and Local Rule 7026-1, the above-captioned debtors and debtors in possession (collectively, "Grace"), by their undersigned attorneys, propound these Interrogatories, to which Mian Realty, LLC ("Mian"), shall respond separately and fully, in writing and under oath, within thirty (30) days, in accordance with the Definitions and Instructions set forth hereinafter.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

# I. DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and the Local Rules. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1.     "All" means "any and all."

2.     "And" and "or" encompass both "and" and "or."

3.     "Any" means "any and all."

4.     "Communication" means the transmittal of information by any means.

5.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

6.     "Contaminant" shall include, but not be limited to, any hazardous substance as defined by the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601 et seq. or other pollutants.

7.     "Document" and "Documents" include all documents that are within the scope of the Federal Rules of Civil Procedure, and includes all written, recorded, electronic, graphic, or photographic matter, however produced or reproduced, and includes, without limiting the generality of the foregoing, all computer records, photographs, data, drawings, mail, charts, graphs, electronic mail ("email"), compilations, letters, notes, memoranda, ledgers, journals, minutes, books, drafts, telephone slips, expense accounts, time sheets, telegrams, cables, microfilm, prints, publications, recordings, transcriptions, affidavits, bills, receipts, checks, invoices, video tapes, DVDs, compact discs, motion pictures, audio tapes, books, pamphlets, and

contracts.  A draft or non-identical copy is a separate document within the meaning of the term "document."

8.      "F Sharp Screw Parcel" is defined as the property located at 40 Haynes Street, Somerville, New Jersey, referred to on local tax maps at Block 50, Lots 3, 13, and 14, and shall include any dwellings, buildings, well or other improvements thereon, and any contents thereof, and any soil, sub-soil, surface water, groundwater or other natural elements on, in or under such real property.

9.      "Grace" includes W. R. Grace & Co., any predecessors, divisions, departments, offices, and subsidiaries thereof, and any of its members, agents, investigators, contractors, consultants, attorneys, officers, representatives, and any other person or persons acting on behalf of W. R. Grace.

10.     "Identify" (with respect to persons) means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment.  If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided.  Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

11.     "Identify" (with respect to documents) means to state the:  (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

12.     "Including" means "including but not limited to."

13.     "Litgo litigation" refers to the Civil Case No. 06-2891 currently pending in the United States District Court for the District of New Jersey filed by Litgo New Jersey, Inc. and Sheldon Goldstein, Plaintiffs, against, Lisa Jackson, in her official capacity as the Commissioner of the New Jersey Department of Environmental Protection, State of New Jersey, New Jersey Department of Environmental Protection, United States of America, United State Department of the Army, United States Department of the Air Force, United States Department of the Navy, Alfred, Sanzari Enterprises, Mian, and Kirby Avenue Realty Holdings, L.L.C., Defendants.

14.     "Mian Property" is defined as the property located at 6 Kirby Avenue, Somerville, New Jersey, referred to on local tax maps as Block 1, Lot 4.02, and shall include any dwellings, buildings, well or other improvements thereon, and any contents thereof, and any soil, sub-soil, surface water, groundwater or other natural elements on, in or under such real property.

15.     "Person" is defined as any natural person or any business, legal or governmental entity, or association.

16.     "Release" shall mean any discharge, spill, leak, escape or other discharge to the air, soil, sub-soil, surface water, groundwater or other natural element.

17.     "Statements" shall include affidavits, declarations, reports, submissions to the court, or any other form of formal or informal written document, including summaries of oral communications associated with the litigation.

18.     "Surrounding Properties" means any property within one mile of the Mian Property.

19.     "You," and "Your," include Balil A. Mian, Shakila M. Mian, Mian, any predecessors thereto, its divisions, departments, agencies, or offices; the individual that is responding to these Document Requests on behalf of Mian; and any of their respective

commissioners, employees, agents, investigators, contractors, consultants, attorneys, officers, representatives, and any other person or persons acting on behalf of Mian, Balil A. Mian, or Shakila M. Mian.

20.     The "50 Kirby Avenue Parcel" means the property located at 50 Kirby Avenue, Somerville, New Jersey, referred to on local tax maps as Block 1, Lot 4.02 and shall include any dwellings, buildings, well or other improvements thereon, and any contents thereof, and any soil, sub-soil, surface water, groundwater or other natural elements on, in or under such real property.

21.     The present tense includes the past and future tenses.

22.     The singular includes the plural, and the plural includes the singular.

23.     Words in the masculine, feminine or neuter form shall include each of the other genders.

## II.  INSTRUCTIONS

1.     These Definitions and Instructions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys.  It is intended that the following Interrogatories will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.  If any Interrogatory is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) and in accordance with Fed. R. Bankr. P. 7026 be required as to such material.

2.      If, in responding to an Interrogatory, you encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3.      Pursuant to Fed. R. Civ. P. 26(b)(5) and in accordance with Fed. R. Bankr. P. 7026, where a claim of privilege is asserted in objecting to any Interrogatory or part thereof, and information is not provided on the basis of such assertion:

      A.      In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

      B.      The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

      (1)      For oral communications:

      a.      the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

      b.      the date and place of the communication; and

      c.      the general subject matter of the communication.

      (2)      For documents:

      a.      the type of document,

      b.      the general subject matter of the document,

      c.      the date of the document, and

    d.      such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

4.      When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, you must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

5.      If production of any requested information is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

6.      If production of any requested electronically stored information is objected to pursuant to Fed. R. Civ. P. 26 (2)(B) and in accordance with Fed. R. Bankr. P. 7026 on the basis that it is not reasonably accessible because of undue burden or cost, state the objection with particularity, not in conclusory or boilerplate language, including specification of facts that support your contention that the requested electronically stored information is not "reasonably accessible."

7.      Each Interrogatory is a continuing discovery request that must be updated or supplemented to the extent required by Fed. R. Civ. P. 26(e) and in accordance with Fed. R. Bankr. P. 7026.

8.      The plural includes the singular, and the singular includes the plural.

9.      Reference to particular types of Documents or facts is not intended to change or waive any Definition set forth in Section I above.

10.     Respond to each Interrogatory.  If your response to a specific Interrogatory is "none' or "unknown," please write "none" or "unknown" as your response and explain what efforts you made to investigate and respond to the Interrogatory.

11.     If you elect to specify and produce business records in answer to any Interrogatory, the specifications shall be in sufficient detail to permit Grace to locate and identify, as readily as you can, the business records from which the answer may be ascertained.

12.     Produce any documents existing in a native electronic format, particularly data or measurements, in such format as well as in hard copy or scanned copy.

### III.  **INTERROGATORIES**

INTERROGATORY NO. 1.  Identify and describe all facts that support the allegation in paragraph eight (8) of your draft Third Party Complaint that Grace and/or its predecessor-in-title undertook activities on the Mian Property which resulted in the "disposal" of hazardous substances at that site.  Identify the dates of any such disposal.

INTERROGATORY NO. 2.  What basis do you have for any assertion that the Mian Property, or any portion thereof, is a sanitary landfill facility as defined by the New Jersey Administrative Code, Title 7, Chapter 1I, subchapter 1.5?

INTERROGATORY NO. 3.  Identify and describe any facts that support any allegation that Grace had knowledge that the Mian Property or any portion thereof had been used as a landfill.

INTERROGATORY NO. 4.  Identify and describe in detail any and all monitoring wells on the Mian Property, including the dates of installation, dates of sampling of wells, any person on whose behalf the sampling was performed, and any sampling results derived from the monitoring wells on the Mian Property.

INTERROGATORY NO. 5.  Identify and describe in detail all incidents (including the date of such incidents) in which you learned of the presence of any contaminant or pollutant on the Mian Property and describe what, if anything, you did in response.

INTERROGATORY NO. 6.  Are you aware of any excavation or remediation occurring on the southeast portion of the F Sharp Screw Parcel in 2000 or any other time period?  If so, describe what you learned or observed about the excavation or remediation, the approximate date of the incident, and describe what actions, if any, you took in response

INTERROGATORY NO. 7.  Were you ever notified, directly or indirectly, by the New Jersey Department of Environmental Protection or any other person that pollution from the F Sharp Screw Parcel might or may have emanated or contaminated the Mian Property?  If so, identify the date of such notification and describe the substance of the notification.

INTERROGATORY NO. 8.  Identify and describe all written, verbal, or visual notification that you received (including, but not limited to, notification through news media) of Grace's bankruptcy.  Identify the date and describe the substance of the notification received.

INTERROGATORY NO. 9.  If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in this action, identify and

describe all such documents or other tangible things, and identify all persons having possession, custody, or control of them.

INTERROGATORY NO. 10.  Identify all persons who have knowledge regarding the matters covered in each Interrogatory or Document Request, or assisted in preparing each response thereto.

Dated: May 16, 2008

KIRKLAND & ELLIS
David M. Bernick, P.C.
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, & JONES LLP

_____

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of May, 2008, I served the foregoing

Debtors' First Set of Interrogatories to Mian by Federal Express, postage pre-paid, upon the

following counsel of record:

*Attorneys for Mian Realty, L.L.C.*

Richard D. Trenk
Henry M. Karwowski
Trent, DiPasquale, Webster, Della Fera & Sodono, P.C.
347 Mt. Pleasant Avenue, Suite 300
West Orange, NJ 07052
Tel :  973-243-8600
Fax :  973-243-8677

and

Patrick J. Reilley
Cole, Schotz, Meisel, Forman & Leonard, PA
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Tel:  302-295-4888
Fax:  302-652-3117

_____