# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING THE FEE APPLICATION OF
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.,
FOR THE TWENTY-SEVENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Baker Donelson Bearman Caldwell & Berkowitz, P.C., for the Twenty-Seventh Interim Period (the "Application").

## BACKGROUND

1. Baker Donelson Bearman Caldwell & Berkowitz, P. C. ("Baker Donelson"), was retained as advisor for legislative affairs to the Debtors. In the Application, Baker Donelson seeks approval of fees totaling $90,000.00 and costs totaling $30,187.11 for its services from October 1, 2007 through December 31, 2007 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines

for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Baker Donelson, and received a response from Baker Donelson, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.  We note that by Court order dated June 16, 2004, the Debtors were authorized to retain Baker Donelson to advise the Debtors, their counsel, and their Board of Directors with respect to legislative affairs and current pending and future legislative affairs ("Legislative Affairs Services") and such other related services as the Debtors may deem necessary or desirable, effective as of April, 2001 (the "Retention Order"). The Retention Order authorizes Debtors to compensate Baker Donelson on a flat rate in the amount of $17,000.00 per month for services rendered plus reimbursement of actual and necessary expenses incurred by Baker Donelson. The Debtors, on or about January, 24, 2005 filed a motion seeking authorization to modify and expand the scope of services provided by Baker Donelson. Specifically, the motion sought the approval of retention of Baker Donelson to assist Debtors in connection with the Debtors' business operations in China and with respect to the Chinese governmental authorities at the national, provincial and local levels ("China Assistance Services"). The expanded scope of work of Baker Donelson was approved by order entered on March 15, 2005, effective January 1, 2005 ("Order Modifying and

Expanding Services"). Compensation of Baker Donelson for the China Assistance Services was approved on a flat rate in the amount of $35,000.00 per month for services rendered, plus reimbursement of actual and necessary expenses incurred by Baker Donelson. The Order Modifying and Expanding Services also increased the flat rate for compensation for Legislative Affairs Services to an amount of $20,000.00 per month effective March, 2005 for services rendered plus reimbursement of actual and necessary expenses incurred by Baker Donelson. Pursuant to Order entered on February 23, 2006, *nunc pro tunc* to October 1, 2005, the China Assistance Services continue. Under this Order, the Debtor agreed as compensation to Baker Donelson to pay a fixed basic retainer fee of $10,000.00 each month plus reimbursement of expenses with the provision for compensation to Baker Donelson in an additional amount not to exceed $10,000.00 each month (which would be in addition to the basic retention fee specified above) for additional services the Debtor may request in China. Thus, for the present, Baker Donelson is authorized by the aforementioned orders to charge fees of $30,000.00 per month. We note that Baker Donelson's fees did not exceed $30,000.00 per month during any month in the Application Period. Thus, we have no objection to Baker Donelson's fees on that basis.

4. We note that Baker Donelson lists 126.00 hours for services rendered during the Application Period. This computes to an effective hourly rate of $714.29.

Specific Time and Expense Entries

5. In our initial report, we noted the following air fare charges for which more information was needed:

   Oct. 9, 2007   $7,591.85[1]
   Oct. 21, 2007   $7,595.85[2]
   Nov. 9, 2007   $11,893.35[3]
   Nov. 17, 2007   $11,893.35[4]

Paragraph II.E.1.of the Guidelines provides in part: "Factors relevant to a determination that the expense is proper include the following: 1. Whether the expense is reasonable and economical. For example, first class and other luxurious travel mode or accommodations will normally be objectionable." In response to our inquiry, Baker Donelson provided the following information concerning these charges:

> October Trip – W.R. Grace was charged $3,796. 92 which is 25% of the airfare.
>
> - October 9 , 2007- Departure (Washington/ Dulles)-Destination – (Beijing) One way- First Class; total cost of fare - $7,591.85
>
> - October 21, 2007 – Departure (Beijing) Destination- (Washington/Dulles) One way- First Class; total cost of fare - $7,595.85
>
> November trip- W.R. Grace was charged $17,670.69. which is 72% percent of the airfare. On this trip, Ms. McEntee was working for Grace exclusively. We will note the following entries on the report:
>
> C November 9, 2007 – Departure (Washington /Dulles) – Destination – (Beijing) One way – First Class; total cost of fare - $11, 893.35
>
> C November 17, 2007 – Departure (Beijing) – Destination - (Washington/Dulles) One Way– First Class; total cost of fare - $11, 893.35

---

[1] W.R. Grace was billed for 25% of this charge.

[2] W.R. Grace was billed for 25% of this charge.

[3] W.R. Grace was billed for approximately 72% of this charge.

[4] W.R. Grace was billed for approximately 72% of this charge.

**FEE AUDITOR'S FINAL REPORT** - Page 4
wrg FR Baker 27Q 10-12.07.wpd

In most instances, a first class air fare is at least triple the cost of a coach class fare. We maintain that the Estate should not be put to the added expense of providing first class flights for its professionals. Based upon our review of comparable air fares, it appears that refundable, economy class tickets from Washington-Dulles to Beijing and from Beijing to Washington-Dulles can be purchased for less than $3,100.00. Thus, we recommend the following reductions:

| | |
|---|---|
| $7,591.85 for Washington-Dulles to Beijing | Reduce by 25% of $4,491.85, or $1,122.96 |
| $7,595.85 for Beijing to Washington-Dulles | Reduce by 25% of $4,495.85, or $1,123.96 |
| $11,893.35 for Washington-Dulles to Beijing | Reduce by 72% of $8,793.35, or $6,331.21 |
| $11,893.35 for Beijing to Washington-Dulles | Reduce by 72% of $8,793.35, or $6,331.21 |

Thus, for all items in this paragraph, we recommend a reduction of $14,909.34 in expenses.

6.     In our initial report, we noted the following lodging charges for which more information was needed:

| | |
|---|---|
| $486.54 | Oct. 10, 2007[5] |
| $486.54 | Oct. 11, 2007 |
| $486.54 | Oct. 12, 2007 |
| $486.54 | Oct. 13, 2007 |
| $486.54 | Oct. 14, 2007 |
| $486.54 | Oct. 15, 2007 |
| $486.54 | Oct. 16, 2007 |
| $486.54 | Oct. 17, 2007 |
| $486.54 | Oct. 18, 2007 |
| $486.54 | Oct. 19, 2007 |
| $486.54 | Oct. 20, 2007 |
| $324.25 | Nov. 10, 2007 |
| $324.25 | Nov. 11, 2007 |

---

[5] W.R. Grace was billed for approximately 50% of the charges from October 10-20, 2007.

    $324.25                    Nov. 12, 2007
    $324.25                    Nov. 13, 2007
    $324.25                    Nov. 14, 2007
    $324.25                    Nov. 15, 2007
    $324.25                    Nov. 16, 2007

We note that these charges were for Ms. McEntee's two trips to China. In response to our inquiry, Baker Donelson provided the following information concerning these charges:

| | | |
|---|---|---|
| $486.54 | October 10, 2007 - | St. Regis Hotel in Beijing (15% tax charge) |
| $486.54 | October 11, 2007 | St. Regis Hotel in Beijing (15% tax charge) |
| $486.54. | October 12, 2007 | St. Regis Hotel in Beijing (15% tax charge) |
| $486.54. | October 13, 2007 | St. Regis Hotel in Beijing (15% tax charge) |
| $486.54 | October 14, 2007 | St. Regis Hotel in Beijing (15% tax charge) |
| $486.54 | October 15, 2007 | St. Regis Hotel in Beijing (15% tax charge) |
| $486.54 | October 16, 2007 | St. Regis Hotel in Beijing (15% tax charge) |
| $486.54 | October 17, 2007 | St. Regis Hotel in Beijing (15% tax charge) |
| $486.54 | October 18, 2007 | St. Regis Hotel in Beijing (15% tax charge) |
| $486.54 | October 19, 2007 | St. Regis Hotel in Beijing (15% tax charge) |
| $486.54 | October 20, 2007 | St. Regis Hotel in Beijing (15% tax charge) |
| $324.25 | November 10, 2007 | China World Hotel (15% tax charge) |
| $324.25 | November 11, 2007 | China World Hotel (15% tax charge) |
| $324.25 | November 12, 2007 | China World Hotel (15% tax charge) |
| $324.25 | November 13, 2007 | China World Hotel (15% tax charge) |
| $324.25 | November 14, 2007 | China World Hotel (15% tax charge) |
| $324.25 | November 15, 2007 | China World Hotel (15% tax charge) |

$324.25   November 16, 2007   China World Hotel (15% tax charge)

It appears to us the one can obtain more than satisfactory lodging in Beijing for $350.00 per night, plus taxes. Accordingly, we accept Baker Donelson's response with respect to the November 10-16, 2007 charges. With respect to the charges for October 10-20, 2007, for which the room rate was $423.00 per night, we recommend of a reduction of 50%[6] of $73.00, or $36.50, for each of the 11 charges. Thus, for all items in this paragraph, we recommend a reduction of $401.50 in expenses.

7.  In our initial report, we noted the following meal charges which, in the absence of additional information, appeared excessive:

Breakfast:
| Oct. 12 | 37.84 |
| Oct. 13 | 37.84 |
| Oct. 14 | 37.84 |
| Oct. 15 | 37.84 |
| Oct. 16 | 29.11 |
| Oct. 17 | 37.84 |
| Oct. 18 | 37.84 |
| Oct. 19 | 37.84 |
| Oct. 20 | 37.84 |

Lunch:
| Oct. 13 | 43.84 |
| Oct. 18 | 30.01 |
| Nov. 16 | 29.94 |

Dinner:
| Oct. 11 | 80.67 |
| Oct. 12 | 119.97 |
| Oct. 13 | 101.78 |
| Oct. 14 | 84.58 |
| Oct. 15 | 118.81 |
| Oct. 16 | 79.65 |
| Oct. 17 | 88.97 |
| Oct. 19 | 178.11 |
| Oct. 20 | 129.73 |

---

[6] W.R. Grace was billed for approximately 50% of the October 10-20, 2007 charges.

Case 01-01139-AMC    Doc 18742    Filed 05/19/08    Page 8 of 10

 

    Nov. 10                      79.44
    Nov. 13                      57.89

It appears to us that one person can dine satisfactorily for $15 for breakfast, $25 for lunch, and $50 for dinner. Thus, we asked Baker Donelson to explain why reimbursement for these charges should not be reduced. Baker Donelson responded as follows:

> Breakfast
> Oct. 12, 13,14,15,17,18,19,20- $37.84 - All were breakfast meetings with 3 diners
> October 16 – $29.11 - 2 diners
>
> Lunch
> October 13 - $43.84 - 2 diners
> October 18 - $30.01- 1 diner includes tip
> November 16 - $29.94 - 1 diner includes tip
>
> Dinner
> October 11 - $80.67 - 2 diners
> October 12 - $119.97 - 3 diners
> October 13 - $101.78 - 2 diners
> October 14 - $84.58 - 2 diners
> October 15 - $118.81 - 3 diners
> October 16 - $79.65- 2 diners
> October 17 - $88.97- 2 diners
> October 19 - $178.11- 3 diners
> October 20 - $129.73 -3 diners
> November 10 - $79.44 - 2 diners
> November 13 - $57.89 -1 diner

We accept Baker Donelson's response with respect to all of the charges except the following:

> Lunch
> October 18 - $30.01- 1 diner includes tip      Reduce by $5.01
> November 16 - $29.94 - 1 diner includes tip    Reduce by $4.94
>
> Dinner
> October 13 - $101.78 - 2 diners             Reduce by $1.78
> October 19 - $178.11- 3 diners             Reduce by $28.11
> November 13 - $57.89 -1 diner              Reduce by $7.89

Thus, for all items in this paragraph, we recommend a reduction of $47.73 in expenses.

## CONCLUSION

8.  Thus, we recommend approval of $90,000.00 in fees and $14,828.54 in expenses ($30,187.11 minus $15,358.57) for Baker Donelson's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 19th day of May, 2008.

_____
Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**
E. Franklin Childress, Jr.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
David M. Bernick
Janet S. Baer
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801