**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF REED SMITH LLP**
**FOR THE TWENTY-SEVENTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Reed Smith LLP for the Twenty-Seventh Interim Period (the "Application").

**BACKGROUND**

1. Reed Smith LLP ("Reed Smith") was retained as special asbestos products liability defense counsel to the Debtors. In the Application, Reed Smith seeks approval of fees totaling $1,101,601.50 and expenses totaling $91,839.69 for its services from October 1, 2007 through December 31, 2007 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses

**FEE AUDITOR'S FINAL REPORT** - Page 1
wrg FR Reed Smith 27Q 10-12.07.wpd

Filed Under 11 U.S.C. §330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Reed Smith, and received a response from Reed Smith, portions of which response are quoted herein.

## DISCUSSION

3. We note that on or about August 26, 2002, the Court entered an order approving a total budget for the ZAI Science Trial of $1.5 million in fees and $500,000 in expenses for the debtor, as well as $1.5 million in fees and $500,000.00 in expenses for ZAI counsel. On July 28, 2003, the Court entered an order increasing the budget by $950,000 per side for additional attorney fees and expenses. On September 27, 2004, the Court entered an order further increasing the litigation budget in the ZAI Science Trial by $750,000.00 per side for additional attorneys' fees and expenses. We note that the ZAI-related fees and expenses of Reed Smith, combined with those of Kirkland & Ellis LLP, have not exceeded the budget limits set by the Court, and we have no objection to Reed Smith's fees on that basis.

4. In our initial report, we noted the following time entries in which the total time billed exceeded the time recorded in parentheses:

   a.  10/22/07   Fennessy   4.20   Review and assess prior V. Roggli depositions in preparation of deposition memorandum for A. Klapper (2.7); meeting with J. Ash regarding assessment of issues fro deposition memorandum (.5).

Although 4.20 hours are billed, the time recorded in parentheses totals only 3.20 hours. Thus, there appears to be an overcharge of $240.00.

>   b.   11/29/07   Muha   7.30   Prepare for (2.1) and attend (3.1) meeting regarding asbestos claims; continue research and analysis of case law re: same (1.6); review memoranda from J. Restivo re: same (0.3).

> Although 7.30 hours are billed, the time recorded in parentheses totals only 7.10 hours. Thus, there appears to be an overcharge of $70.00.

Thus, we asked Reed Smith to review its records and advise whether or not it agreed that fee adjustments were warranted in these instances. Reed Smith responded as follows:

> In Paragraph 4 of the Initial Report, the Fee Auditor noted two instances in which the overall time entry appears to be greater than the itemized entries described in the accompanying fee detail. First, on October 22, 2007, an entry for Nathan R. Fennessy is listed as totaling 4.2 hours, whereas the accompanying itemized detail adds up to only 3.2 hours. Due to a clerical error, the itemized detail is incorrect. The corrected itemized detail should read as follows:
>
>> Review and assess prior V. Roggli depositions in preparation of deposition memorandum for A. Klapper (3.7); meeting with J. Ash regarding assessment of issues for deposition memorandum (0.5).
>
> The total time incurred for this task was 4.2 hours, as indicated on the October 2007 fee application, and no reduction in fees therefore should be recommended by the Fee Auditor.
>
> In the second instance noted by the Fee Auditor in Paragraph 4 of the Initial Report, a November 29, 2007 entry for Andrew J. Muha is listed as totaling 7.3 hours, whereas the accompanying itemized detail adds up to only 7.1 hours. Again, due to a clerical error, the itemized detail is incorrect. The corrected itemized detail should read as follows:
>
>> Prepare for (2.1) and attend (3.1) meeting regarding asbestos claims; continue research and analysis of case law re: same (1.8); review memorandum from J. Restivo re: same (0.3).
>
> The total time incurred for this task was 7.3 hours, as indicated on the November 2007 fee application, and no reduction in fees therefore should be recommended by the Fee Auditor.

We accept Reed Smith's response and have no objection to these fees.

5.  In our initial report, we noted the following hotel charge which appeared excessive:

    456.00    10/10/07    Lodging - - Vendor: Douglas E. Cameron Travel to Wash DC for deposition preparation and deposition of R. Lee 10/3-10/4/07 - - One night stay at JW Marriott ($399 per night plus tax).

It appears to us that one can ordinarily obtain satisfactory lodging in Washington, DC, for $300.00 per night, plus taxes. Thus, we asked Reed Smith to explain why reimbursement for this charge should not be reduced. Reed Smith responded as follows:

> The hotel charge in question consisted of payment of the room rate ($399 per night) plus various taxes (totaling $57). Mr. Cameron's selection of this hotel was guided by two primary factors: first, it was the hotel selected by the Debtor's in-house counsel, Richard Finke, who was also in Washington, D.C. to observe and participate in the preparation for and deposition of Dr. Richard Lee; and second, upon research by Mr. Cameron's assistant and the firm's travel staff, there were no other lodgings available in the vicinity of the deposition at a less expensive rate. Given these factors, Mr. Cameron thought it best to stay in the same place as Mr. Finke, close to the deposition site, rather than seek accommodations elsewhere and potentially incur additional time and expenses traveling to and from meetings with Mr. Finke, meetings with the witness, and the deposition.
>
> As such, Reed Smith believes that no reduction should be recommended with respect to Mr. Cameron's hotel charge relating to his October 3, 2007 stay in Washington, D.C. for the deposition of Dr. Richard Lee.

We accept Reed Smith's response and, under these circumstances, have no objection to this expense.

## CONCLUSION

6.  Thus, we recommend approval of $1,101,601.50 in fees and $91,839.69 in expenses for Reed Smith's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

325 N. St. Paul, Suite 1275
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 21st day of May, 2008.

_____
Warren H. Smith

# SERVICE LIST
## Notice Parties

**The Applicant**
Kurt F. Gwynne
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
435 Sixth Avenue
Pittsburgh, PA 15219

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801