IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Re: Docket Nos. 18328, 18485, 18493, |
| | ) | 18495, 18497, 18519, 18529, 18595 |
| | ) | June 2, 2008 Agenda Item No. 13 |

## NOTICE REGARDING DEBTORS' AMENDED ZAI BAR DATE EXHIBITS

On March 18, 2008, the Debtors filed a Motion for an Order (A) Establishing a Proof of Claim Bar Date for Zonolite Attic Insulation Claims, and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program {"Bar Date Motion") [Dkt. No. 18328]. The Debtors received an objection to the Bar Date Motion from Her Majesty the Queen in Right of Canada (the "Crown"), seeking that the Bar Date Motion be amended to include ZAI Claims

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

located in Canada.[2] In response, the Debtors filed an Amendment to the Bar Date Motion to include ZAI Claims in Canada, and the Debtors submitted a draft notice program specifically designed to reach Canadian claimants.[3] The group known as the Canadian ZAI Claimants thereafter filed leave to file a late objection to the Debtors' Bar Date Motion,[4] and the Debtors' filed a Reply to the Bar Date Motion.[5]

A hearing was held on April 22, 2008, at which time the Court deferred ruling on the Bar Date Motion and instructed the parties to attempt to mediate the ZAI issues. The Court instructed the parties that the Bar Date Motion would be heard on June 2, 2008, if the mediation proved to be unsuccessful. The mediation took place and was unsuccessful; therefore, the Bar Date Motion is proceeding before this Court as scheduled.

This notice provides the parties and the Court with modified exhibits regarding the publication notices and the notice program related to a ZAI bar date. The documents attached hereto are as follows:

---

[2] Objection to Debtors' Motion for an Order (A) Establishing a Proof of Claim Bar Date for Zonolite Attic Insulation Claims, and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program, dated April 9, 2008 [Dkt. No. 18485]. The PD Committee also filed a timely objection to the Debtors' Bar Date Motion on April 10, 2008 [Dkt. No. 18497].

[3] Debtors' Amendment to Debtors' Motion for an Order (A) Establishing a Proof of Claim Bar Date for Zonolite Attic Insulation Claims, and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program, dated April 10, 2008 [Dkt. No. 18495].

[4] Canadian ZAI Claimants' Motion for Leave to File Late Objection to Debtors' Motion for an Order (A) Establishing a Proof of Claim Bar Date for Zonolite Attic Insulation Claims, and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program, dated April 15, 2008 [Dkt. No. 18519]; Order Granting Leave dated April 23, 2008 [Dkt. No. 18595].

[5] Debtors' Reply to Debtors' Motion for an Order (A) Establishing a Proof of Claim Bar Date for Zonolite Attic Insulation Claims, and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program, dated April 15, 2008 [Dkt. No. 18529].

2

A. **Exhibit A:** Exhibit A provides clean and blacklined versions of the proof of claim form and instructions for completing same. No changes have been made to the proof of claim form since the version last filed with the Court; however, the instructions have been modified to make clear that ZAI Claims are claims located in the United States *and* Canada. The instructions were also modified to make clear that the claim forms may be completed in English, French, or Inuktitut (as described more fully in part C below). This corrected version of the instructions has not been previously circulated to the parties, but is intended to correct an omitted reference to Canada and to provide potential claimants in Canada to fill out the claim form in their native language.

B. **Exhibit B:** Exhibit B provides clean and blacklined versions of the notices of the bar date. The notice for known claimants has been corrected to account for the same omitted reference to Canada and the ability to fill out proof of claim forms in French and Inuktitut in addition to English as described in Exhibit A above. The notice for known claimants and the publication notices have also been revised to make clearer that homeowners who either have a claim or who may in the future have a ZAI claim must file a proof of claim by the bar date in order to preserve their legal rights against the Debtors. This language has not been previously circulated to the parties, but is intended to make the message clearer regarding who is subject to the bar date.

C. **Exhibit C:** Exhibit C provides a new, supplemental notice to the Canadian notice program. It is designed to address objections raised by the Canadian ZAI Claimants that Aboriginal persons in Canada need notice more specifically tailored to them than that notice the Debtors previously provided for Canadian claimants. In addition, while not specified in the notice program, the Debtors have represented to the Crown and the Canadian ZAI Claimants that

3

they will make the proof of claim forms, along with instructions for completing the proof of claim forms, available in English, French, and Inuktitut, with persons able to complete the proofs of claim in any of these three languages.[6] This accommodation is designed to make it easier for claimants to complete a proof of claim form if their native language is French or Inukitut (the native language of Inuit persons, which is the Aboriginal group most likely to not also speak and understand English). This program has been circulated to the Crown and to the Canadian ZAI Claimants (minus the attached cost spreadsheet). Neither the Crown nor the Canadian ZAI Claimants have objected to the publication program in terms of unknown Aboriginal persons.[7]

**D.**     **Exhibit D:** Exhibit D provides clean and blacklined versions of the form of proposed Order. The revised form of Order (the "Revised Order") makes the corrections regarding the omitted reference to Canada as described in Exhibits A and B above. The Revised Order also makes clear that the proof of claim form will be available in English, French, and Inukitut, and claimants can complete the form in any of these three languages as described in Exhibit C above.

---

[6]  The proof of claim, instructions to the proof of claim, and various notices of the bar date have not yet been translated into French or Inukitut; however, they will be translated shortly and made available as indicated herein and in the notice materials at Exhibit C if a bar date is approved by this Court.

[7]  The Canadian ZAI Claimants, however, continue to object to the notice program as it relates to potential known claimants, and believe there is a category of claimants whose addresses are known by the Crown and who should be provided actual notice of any bar date. The Crown has indicated to the parties that it does not have the data that the Canadian ZAI Claimants believe it has. The Debtors will provide actual notice to any claimants whose addresses are made available to them. Accordingly, the Debtors believe that their notice program for known and unknown claimants is adequate to afford putative claimants with due process.

The Debtors respectfully request that the Court enter the Revised Order, substantially in the form attached hereto as **Exhibit D**, granting the Bar Date Motion.

Dated: May 23, 2008

> Respectfully submitted,
>
> KIRKLAND & ELLIS LLP
> David M. Bernick, P.C.
> Theodore L. Freedman
> Janet S. Baer
> Deanna D. Boll
> 200 East Randolph Drive
> Chicago, Illinois 60601
> Telephone: (312) 861-2000
>
> and
>
> REED SMITH LLP
> James J. Restivo
> Douglas E. Cameron
> 435 Sixth Avenue
> Pittsburgh, PA 15219
> Telephone: (412) 288-3131
>
> and
>
> /s/ [signature]
> ──────────────────────────
> PACHULSKI STANG ZIEHL & JONES LLP
> Laura Davis Jones (#2436)
> James E. O'Neill (#4240)
> Timothy P. Cairns (#4228)
> 919 North Market Street, 17th Floor
> P. O. Box 8705
> Wilmington, Delaware 19899-8705
> Telephone: (302) 652-4100
>
> Co-Counsel for the Debtors and Debtors in Possession