**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S INITIAL REPORT REGARDING**
**FEE APPLICATION OF LAWSON LUNDELL LLP**
**FOR THE TWENTY-SIXTH INTERIM PERIOD**

THIS REPORT HAS **NOT** BEEN FILED WITH THE COURT. YOUR RESPONSE SHOULD BE SENT TO US, IN ELECTRONIC FORMAT, NO LATER THAN **15 DAYS** FROM RECEIPT OF THIS REPORT, SO THAT WE CAN TIMELY FILE A FINAL REPORT WITH THE COURT.

This is the initial report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Interim Fee Application of Lawson Lundell LLP for the Twenty-Sixth Interim Period</u>

### BACKGROUND

1.     Lawson Lundell LLP ("Lawson") was retained as an ordinary course professional ("OCP") to provide legal services to the Debtors and Debtors-in-Possession in Canada. In the Application, Lawson seeks approval of fees totaling $59,369.99[1] in excess of its $50,000.00 OCP cap for its services from August 1, 2007 through August 31, 2007.[2] Lawson seeks no expenses. This

---

[1]All amounts are in USD.

[2]The total amount sought in Lawson's August 2007 monthly invoice was $109,369.99, of which $98,603.83 were fees, $3,863.89 were expenses, and the remaining $6,902.27 were SST, or British Columbia Social Services Taxes. Lawson has received $50,000.00 from debtors in payment of the invoice, which sum was applied first to expenses and taxes, with the remainder

is the first fee application filed by Lawson in the case.

2.     In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

## DISCUSSION

### General Issues

3.     We note that as of this date, we have not received a quarterly interim fee application from Lawson for the Twenty-Sixth Interim Period. The Twenty-Sixth Interim Period covers July through September 2007. This report was prepared from Lawson's August 2007 monthly invoice. Please send us Lawson's quarterly fee application as soon as it is filed, as without it we cannot recommend approval of Lawson's fees and expenses.

4.     Please provide us with a copy of Lawson's OCP order or the date upon which it was entered by the Court so that we may review same.

### Specific Time and Expense Entries

---

applied to fees.

FEE AUDITOR'S INITIAL REPORT - Page 2
wrg IR Lawson 26Q 7-9.07.wpd

5.    We note the following time entries which appear to include non-working travel:

| 08/30/07 | RLH | 16.5 | Preparing for deposition of Professor Irvine; numerous e-mails to and from and telephone conferences with D. Cameron and T. Rea; **traveling to Atlanta for the deposition.** |

| 08/31/07 | RLH | 16.0 | Preparing for and conducting deposition of Professor Irvine in Atlanta; numerous e-mails from and to D. Cameron and T. Rea regarding same; **traveling from Atlanta to Vancouver.** |

Local Rule 2016-2(d)(viii) provides: "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates." Please delineate the amount of time devoted to non-working travel and advise whether the required 50% discount was applied to this time.

6.    We note that Lawson billed a total of $1,178.40 (or $1,225.97 USD) for document reproduction. Under Local Rule 2016-2(e)(iii), the current limit on in-house photocopying charges is $0.10 per page. Please advise as to Lawson's per page charge for photocopying. If it is in excess of $0.10 USD per page, please indicate the number of pages copied and whether Lawson would agree to an expense reduction to bring the firm into compliance with the Local Rule.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1270
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 21st day of April, 2008.

_____
Warren H. Smith

**SERVICE LIST**
<u>Notice Parties</u>

**The Applicant**
Rodney L. Hayley
LAWSON LUNDELL LLP
1600 Cathedral Place
925 West Georgia Street
Vancouver, BC V6C 3L2, Canada