IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | Chapter 11 |
| | ) | |
| In re: | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| W. R. GRACE & CO., et al., | ) | |
| | ) | **Re:  Docket No. 18328** |
| Debtors. | ) | |
| | ) | Hearing Date: May 30, 2008 at _____.m. |
| | ) | Objection Deadline:  May 29, 2008 at 4:00 p.m. |
| _____ | ) | |

**MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS FOR PARTIAL CONTINUANCE OF JUNE 2, 2008 HEARING ON MOTION OF THE DEBTORS FOR AN ORDER (A) ESTABLISHING A PROOF OF CLAIM BAR DATE FOR ZONOLITE ATTIC INSULATION CLAIMS, AND (B) APPROVING THE RELATED PROOF OF CLAIM FORM, BAR DATE NOTICES, AND NOTICE PROGRAM**

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), through its undersigned counsel, hereby files this Motion (the "Motion") For Partial Continuance of the June 2, 2008 Hearing (the "Hearing")on the Motion of the Debtors for an Order (A) Establishing a Proof of Claim Bar Date for Zonolite Attic Insulation Claims ("ZAI Claims"), and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program (the "Bar Date Motion").  In support hereof, the PD Committee respectfully submits as follows.

Preliminary Statement

The PD Committee has previously objected to the Bar Date Motion on various grounds as it simply fails to explain how the establishment of a bar date advances the process of estimating ZAI Claims.  Instead, the PD Committee urges that an appeal of the ZAI Science Trial Opinion should be the first order of business.

A cornerstone of the Bar Date Motion is Grace's proposal for providing notice of the requested ZAI Claims bar date.  By its objection to the Bar Date Motion, the PD Committee has also complained that the proposed notice program is generally not reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of a ZAI Claims bar date, or to educate the unwary and unknowing holders of ZAI Claims, or to motivate holders of ZAI Claims to file proofs of claim.  The PD Committee has further objected to the proposed notice program as it is fraught with specific deficiencies, including, without limitation, that it likely underestimates the actual cost to implement the program; the notice itself carries the ZAI Science Trial Opinion to the extreme by depicting ZAI as harmless; the notice is largely written in legalese and not likely to clearly inform or motivate ZAI claimants; and, the notice fails to even allude to the fact that an estimation process is intended by the Debtors to precede the determination of objections to any filed proofs of claim and that recoveries in respect of ZAI Claims will be limited by the outcome of the estimation.

Thus, as it stands, the Hearing will address two fundamental issues: whether a bar date for ZAI Claims should be established, and if so, whether and how meaningfully effective notice of such bar date should be given.  While the PD Committee is prepared to proceed with the first issue, by this Motion, the PD Committee respectfully seeks to continue consideration of the notice issue.[1]

---

[1] The need for a continuance of the notice issue is heightened by the fact that the notice program is ever-evolving, including significant changes in the characterization of "ZAI Claims."  Indeed, on Friday, May 23, 2008, after business hours on a holiday weekend, the Debtors filed their *Notice Regarding Debtors' Amended ZAI Bar Date Exhibits* [D.E. 18784].  Attached to that Notice are clean and blacklined versions of, among other documents, the proposed ZAI proof of claim form and the proposed form of notices of the bar date, none of which were previously shared by the Debtors with the PD Committee or any other party in interest.

There are at least two reasons why the Hearing on notice issues should be continued: *First*, the Hearing is presently scheduled as an omnibus hearing.  Since the inception of this case we have abided by the Court's rule that testimonial evidence may not be adduced at an omnibus hearing.  The PD Committee has the absolute right and would wish to cross-examine Grace's notice expert, Katherine Kinsella, in respect of the notice program she designed for Grace.

*Second*, the PD Committee wishes to adduce the testimony of its own notice expert(s) in rebuttal of Ms. Kinsella's report and testimony at the Hearing, however, the Committee's testifying notice expert, Todd Hilsee, has left Hilsoft Communications, and is no longer available to the PD Committee.  Thus, the PD Committee requires additional time to transition to a new testifying expert.

Accordingly, there is ample good reason and cause for the Court to direct a continuance of the Hearing to the extent of the Court's consideration of a ZAI Claims bar date notice program.

<u>Discussion</u>

1.      By its objection to the Bar Date Motion, the PD Committee has urged that the interests of holders of ZAI Claims not be marginalized in the Debtors' predictable rush to emerge from chapter 11 now that the personal injury estimation is apparently behind it.  The grounds for the PD Committee's objection to the Bar Date Motion are several fold:    *Firstly*, the Bar Date Motion suffers from <u>numerous substantive deficiencies</u> to the extent it seeks the establishment of a ZAI Claims bar date.  For example, as proposed by Grace, the purpose of the bar date is to facilitate an eventual hodgepodge aggregate estimation of ZAI Claims *for* allowance/disallowance purposes,

but there is simply no authority for such a process.  Moreover, while Grace urges the Court to establish a ZAI Claims bar date to facilitate such an estimation, it wishes to put off until after the proposed bar date a full definition of the estimation process to be employed or the threshold question of whether the same is even permissible.  Given the time and expense that a bar date entails, Grace's "ready, fire, aim" approach defies logic and good case management.  Without any meaningful illumination of the estimation process Grace has in mind, Grace nonetheless proposes that whatever the estimation method is and whatever the estimation result is, Grace's aggregate liability to holders of allowed ZAI Claims will never exceed the estimated amount regardless of whether individual ZAI Claims are subsequently allowed in a greater aggregate amount.  To the extent we have gotten any explication of the processes Grace envisions, it appears clear that Grace would intend to use the Court's interlocutory ZAI Science Trial Opinion as the prism through which all ZAI Claims will be evaluated for both estimation and allowance purposes.

2.    In response to the foregoing substantive deficiencies with the establishment of a ZAI Claims bar date,  the PD Committee proposes a more logical and orderly approach.   Specifically, first and foremost, the PD Committee urges that the Court facilitate an appeal of the ZAI Science Trial Opinion.  By its objection, the PD Committee submits that until the vitality of the ZAI Science Trial Opinion is known, a bar date scheme and the development of an estimation process for ZAI Claims are nonsensical and wasteful.

3.    *Secondly*, the PD Committee's objection to the Bar Date Motion complains that the ZAI Claims bar date notice program which Grace proposes to use if a bar date is

established suffers from a plethora of deficiencies on two levels.   As a threshold matter, the form of proposed notice is facially defective as it is dangerously turgid, misleading and internally inconsistent.  For example, the PD Committee complains that the proposed notice itself carries the ZAI Science Trial Opinion to the extreme by depicting ZAI as harmless and suited to being handled by homeowners; the notice is largely written in legalese and not likely to clearly inform or motivate ZAI claimants; the notice requires claimants to seek information from other sources which are likewise difficult to comprehend; and, the notice fails to even allude to the fact that an estimation process is intended by the Debtors to precede the determination of objections to any filed proofs of claim and that ZAI claimants' recoveries will be limited by the outcome of the estimation. In short, the proposed notice both fails to fully inform holders of ZAI Claims and erects numerous and significant barriers to the meaningful participation of holders of ZAI Claims.

        4.        On yet another level, the PD Committee complains that the systemic flaw in Grace's proposed notice program is that it is not merely intended to reach holders of ZAI Claims who are as yet unknown to the estate, but it also purports to reach homeowners who simply are unknowing of the fact that they may have ZAI Claims.   The unknown versus unknowing dichotomy presents a huge challenge for the Court in fashioning either a bar date or a program of notice of a bar date.  Indeed, even if we embark on a line by line exposition of the proposed notice and address each of the PD Committee's concerns in that regard, we still will be left with legitimate concerns that the proposed notice will not be meaningful to unknowing holders of ZAI Claims, so as to

motivate unknowing homeowners to determine if they might have ZAI in their homes, conclude whether they have a ZAI Claim,[2] and then actually file a proof of claim.

5.      As a consequence of the foregoing, the PD Committee requires a continuance and posits that such relief will actually advance the Court's consideration. Firstly, rescheduling the Hearing on the notice issues will facilitate the use of testimonial evidence that the Court has not permitted the parties to adduce at omnibus hearings in this bankruptcy case.   In this regard, the PD Committee wishes to cross-examine Ms. Kinsella about her expert report and proposed notice program.

6.      Secondly, until recently, the PD Committee principally relied upon Todd Hilsee, formerly of Hilsoft Communications, as its testifying expert on bar date notice issues; however, Mr. Hilsee recently left Hilsoft and is no longer able to provide such services to the PD Committee.  Hilsoft has assigned others within its employ to assist and advise the PD Committee; however, the PD Committee requires a brief opportunity to determine whether any of those assigned can serve as testifying experts in this matter.

7.      The PD Committee sought an agreement from the Debtors to the relief requested herein, but the Debtors refused to agree to such relief.

WHEREFORE, the PD Committee respectfully requests that (a) the Court proceed with the hearing on the Bar Date Motion on June 2, 2008, limited, however, to the issue of whether a bar date for ZAI Claims should be established, (b) if the Court concludes that a bar date is appropriate, that it continue further hearing on approval of a program   to provide notice of the ZAI Claims bar date to (i) enable the PD Committee to

---

[2] The PD Committee wholeheartedly concurs with the Canadian ZAI Claimants that until there is a determination of what comprises a ZAI Claim, any notice program puts the proverbial cart before the horse cannot withstand criticism.

cross-examine Grace's notice expert, Katherine Kinsella; and (ii) allow sufficient time for the PD Committee to present expert rebuttal testimony in respect of Ms. Kinsella's report and testimony, and (c) the Court grant such other and further relief as it deems just and appropriate.          .

Dated: May 27, 2008

Respectfully submitted,

BILZIN SUMBERG BAENA
PRICE & AXELROD LLP
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131-2336
Telephone:  (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)
Matthew I. Kramer (Admitted Pro Hac Vice)

FERRY, JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware  19899
Telephone:  (302) 575-1555


By:/s/ Theodore J. Tacconelli
        Michael B. Joseph (No. 392)
        Theodore J. Tacconelli (No. 2678)

Counsel for the Official Committee of Asbestos
Property Damage Claimants