**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**EMERGENCY MOTION TO SHORTEN NOTICE AND
REQUEST FOR EXPEDITED HEARING**

The Official Committee of Property Damage Claimants (the "Committee"), by and through its undersigned counsel, respectfully moves (the "Motion to Shorten Notice") this Court, pursuant to Del. Bankr. LR 9006-1(e), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 102 of Title 11 of the United States Code (the "Bankruptcy Code"), for an Order shortening the notice period with respect to the *Motion Of The Official Committee Of Asbestos Property Damage Claimants For Partial Continuance of June 2, 2008 Hearing On Motion of the Debtors For An Order (A) Establishing A Proof Of Claim Bar Date For Zonolite Attic Insulation Claims, and (B) Approving the Related Proof Of Claim Form, Bar Date Notices, and Notice Program* (the "Motion for a Partial Continuance"), filed on May 27, 2008, and for leave from this Court's *Second Amended Order Establishing Case Management Procedures and Hearing Schedule* (Docket No. 14028), dated December 14, 2006 (the "Scheduling Order") and setting a telephonic hearing on May 30, 2008, so that the

MIAMI 1563633.1  7481715537

Motion for a Partial Continuance may be heard prior to the June 2, 2008 omnibus hearing (the "June 2 Omnibus Hearing") scheduled in the above-referenced bankruptcy cases.

Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Similarly, Del. Bankr. LR 9006-1(e) provides in pertinent part that "[n]o motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."

Pursuant to the Scheduling Order, motions to be heard at the June 2, 2008 omnibus hearing were to be filed on or before April 28, 2008.  See Scheduling Order.  Objections to the Motion were to be filed on or before May 16, 2008.

Accordingly, the Committee files this Motion to Shorten Notice seeking an Order of this Court for leave from the Scheduling Order and shortening the notice period prescribed by Del. Bankr. LR 9006-1(c) to allow the Motion for a Partial Continuance to be heard in advance of the June 2 Omnibus Hearing.  The Committee also respectfully requests that the Court establish May 29 at 4:00 p.m. as the deadline to object to the Motion for a Partial Continuance.

## CAUSE EXISTS TO GRANT THE MOTION TO SHORTEN NOTICE

As stated in the Motion for a Partial Continuance, the Committee intends to cross-examine the Debtors' notice expert, Katherine Kinsella, with regards to her expert report and proposed notice program.  The June 2 Omnibus Hearing is presently scheduled as an omnibus hearing.  Since the inception of these cases, we have abided by the Court's rule that testimonial evidence may not be adduced at an omnibus hearing.  The Committee has

the absolute right and would wish to cross-examine Ms. Kinsella in respect of the notice program and her report.[1]

Further, the Committee wishes to adduce the testimony of its own notice expert(s) in rebuttal of Ms. Kinsella's report and testimony. However, the Committee's testifying notice expert, Todd Hilsee, has left Hilsoft Communications, and is no longer available to the Committee. Thus, the Committee requires additional time to transition to a new testifying expert.

The Committee sought an agreement from the Debtors to the relief requested herein, but the Debtors refused to agree to such relief.

Thus, for the reasons set forth above and in the Motion for a Partial Continuance, sufficient grounds exists to consider the Motion for a Partial Continuance on an expedited basis.

---

[1] The need for a continuance of the notice issue is heightened by the fact that the notice program is ever-evolving, including significant changes in the characterization of "ZAI Claims." Indeed, on Friday, May 23, 2008, after business hours on a holiday weekend, the Debtors filed their *Notice Regarding Debtors' Amended ZAI Bar Date Exhibits* [D.E. 18784]. Attached to that Notice are clean and blacklined versions of, among other documents, the proposed ZAI proof of claim form and the proposed form of notices of the bar date, none of which were previously shared by the Debtors with the PD Committee or any other party in interest.

WHEREFORE, the PD Committee respectfully requests the entry of an order (a) setting a telephonic hearing on the Motion for a Partial Continuance for May 30, 2008, (b) establishing a deadline of May 29, 2008 at 4:00 p.m. for parties in interest to object to the Motion for a Partial Continuance and (c) such other and further relief as is just and proper.

Dated: May 27, 2008

FERRY, JOSEPH & PEARCE, P.A.

/s/ Theodore J. Tacconelli
Theodore J. Tacconelli (No.2678)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555
Local Counsel for the Official Committee of
Asbestos Property Damage Claimants

-and-

Scott L. Baena, Esq. (admitted pro hac vice)
Jay M. Sakalo, Esq. (admitted pro hac vice)
Matthew I. Kramer, Esq. (admitted pro hac vice)
Bilzin Sumberg Baena Price & Axelrod LLP
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-2336
(305) 374-7580

Counsel for the Official Committee of
Asbestos Property Damage Claimants

MIAMI 1563633.1 7481715537