# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF LEXECON LLC
## FOR THE TWENTY-SEVENTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Lexecon LLC for the Twenty-Seventh Interim Period (the "Application").

### BACKGROUND

1. Lexecon LLC ("Lexecon") was retained as asbestos claims consultants to the Official Committee of Equity Security Holders. In the Application, Lexecon seeks approval of fees totaling $274,974.93 and expenses totaling $1,843.69 for its services from October 1, 2007 through December 31, 2007 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under

11 U.S.C. §330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Lexecon, and received a response from Lexecon, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3. We note for informational purposes that Economist James J. Heckman billed 65.50 hours in the Application at the hourly rate of $1,800.00. In *In re USG Corporation,* Case No. 01-2094 (JKF), Transcript of Proceedings, July 19, 2004, p. 14, the Honorable Judith K. Fitzgerald asked that we call to the Court's attention any instance in which a professional's rate reaches $1000.00 per hour,[1] and thus we are complying with the Court's request.

### Specific Time and Expense Entries

4. In our initial report, we noted that included in Lexecon's fee total for November 2007 was a charge of $19,971.43 described as "use of computer capability charge." This appeared to be office overhead. Thus, we asked Lexecon to explain the nature of this charge and why it should be reimbursed by the estate. Lexecon provided the following response:

> **Computer capability charge:** Lexecon provides economic analysis of complex business issues in antitrust, damages, financial markets and other litigation as well as in connection with general business consulting. The economic analysis for some clients requires an empirical analysis of large datasets which Lexecon professionals perform using an IBM mainframe computer, analytic software, data conversion tools,

---

[1] We noted this issue in our review of Lexecon's Twenty-Sixth Interim Fee Application and were advised by Lexecon that Dr. Heckman had won a Nobel Prize for economics.

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Lexecon 27Q 10-12.07 v2.wpd

> technical know-how and the assistance of seven technology staff whose time is typically not billed.
>
> The use of computer capability charge is the fee Lexecon charges for these services which are integral to Lexecon's data analysis. The use of computer capability charge is not included in Lexecon's standard hourly rate structure which is used for hours charged to the Debtor and other clients.
>
> The requirement to analyze large amounts of data is not required on all of Lexecon's engagements. Lexecon's standard practice is to separately charge the use of computer capability fee to those clients that use the data analysis services. In connection with Lexecon's work for the estate, Lexecon's work to date includes the preparation of complex databases derived from multiple data files; estimation of numerous regression models based on over half a million individual records and numerous explanatory variables; and the derivation of estimates of potential pending and future liabilities for thousands of actual and potential claimants for a large number of potential scenarios.
>
> In addition to the fee only being charged only to those clients using the service, the charge is measured by the actual amount of CPU time, connect time, and other functions used by a client. Clients not utilizing the data analysis service are not charged for use of the service.

In response to a follow-up inquiry, Lexecon advised that there was no time billed in the Application for its personnel in connection with the foregoing charges. Thus, although this charge is billed in the fee section of Lexecon's Application, it is more in the nature of an expense. We note from Lexecon's website[2] that Lexecon is a wholly owned subsidiary of FTI Consulting, Inc. We are familiar with the billing practices of FTI, as well as those of other asbestos claims consultants in the Delaware cases, and we not aware of any such consultant that charges fees for use of their in-house computer systems. Thus, it does not appear to us that this practice is customary. Moreover, neither the Application nor the supplemental information Lexecon has given us carries Lexecon's burden of demonstrating that these in-house expenses are being charged at Lexecon's cost. According to

---

[2]<http://www.compasslexecon.com/about_us/Pages/default.aspx>

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR Lexecon 27Q 10-12.07 v2.wpd

Paragraph II.E.6. of the U.S. Trustee Guidelines, one of the factors in determining whether an expense is proper is whether the "applicant can demonstrate that the amount requested for expenses incurred in-house reflect the actual cost of such expenses to the applicant." Lexecon states that it measures the cost of these services by the "actual amount of CPU time, connect time, and other functions used by a client." These computer usage fees are unlike computer-assisted research, where a bill from a third-party vendor is generated and can be easily reviewed. Thus, while we do not dispute that Lexecon is able to track the use of its computers to a specific client, the factors it mentions may or may not have anything to do with the actual cost of the services. Even trackable expenses can only be charged to the bankruptcy estate at the cost to the attorney or law firm. Such items cannot be used as a profit center. *See In re Ginji Corp.*, 117 B.R. 983, 995 (Bankr.D.Nev. 1990). Thus, because Lexecon has not supplied any verifiable method of determining whether these services have any relation to Lexecon's actual costs, we must recommend the disallowance of these changes, for a reduction of $19,971.43 in fees.

5.  In our initial report, we noted an expense of $139.36 described only as "working meals." In response to our inquiry, Lexecon provided the following information concerning this charge:

> The $139.96 charge was for a Saturday lunch for at least five individuals including outside counsel who were meeting to prepare for a deposition ($122.81) and one dinner meal ($16.55).

We accept Lexecon's response and have no objection to this expense.

## CONCLUSION

6.  Thus, we recommend approval of $255,003.50 in fees ($274,974.93 minus $19,971.43) and $1,843.69 in expenses for Lexecon's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

325 N. St. Paul, Suite 1275
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 28th day of May, 2008.

_____
Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
Mark Zumbach
Lexecon
332 South Michigan Avenue
Suite 1300
Chicago, IL 60604

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801