IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**SUMMARY OF THE TWENTY SEVENTH QUARTERLY INTERIM VERIFIED APPLICATION OF NELSON MULLINS RILEY & SCARBOROUGH, L.L.P. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM OCTOBER 1, 2007 THROUGH DECEMBER 31, 2007**

| | |
|---|---|
| Name of Applicant: | **Nelson Mullins Riley & Scarborough, L.L.P.** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **July 19, 2001** |
| Period for which compensation and reimbursement is sought: | **October 1, 2007 through December 30, 2007** |
| Amount of Compensation sought as actual, reasonable, and necessary: | **$918.00 for the period** |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | **$44.60 for the period** |

This is a ___ monthly  x  interim  ____ final application.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**The total time expended for the preparation of this application is approximately
2.80 hours, and the corresponding estimated compensation *that will be requested in a future
application* is approximately $344.00**

Prior fee applications:

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| October 17, 2001 | July 19, 2001 – July 31, 2001 | $28,316.50 | $234.68 | $22,653.20 | $234.68 |
| October 17, 2001 | August 1, 2001- August 31, 2001 | $69,119.50 | $1,196.84 | $55,295.60 | $1,196.84 |
| October 17, 2001 | May 1, 2001- June 30, 2001 | $113,762.50 | $2,155.05 | $91,010.00 | $2,155.05 |
| December 19, 2001 | October 1, 2001- October 31, 2001 | $67,906.50 | $1,348.82 | $54,325.20 | $1,348.82 |
| January 23, 2002 | November 1, 2001- November 30, 2001 | $26,792.00 | $168.41 | $21,433.60 | $168.41 |
| February 26, 2002 | December 1, 2001- December 31, 2001 | $24,895.00 | $673.51 | $19,916.00 | $673.51 |
| May 1, 2002 | January 1, 2002- January 31, 2002 | $21,009.00 | $147.52 | $16,807.20 | $147.52 |
| June 18, 2002 | February 1, 2002- February 28, 2002 | $24,897.00 | $122.30 | $19,917.60 | $122.30 |
| June 18, 2002 | March 1, 2002 – March 31, 2002 | $17,003.00 | $52.22 | $13,602.40 | $52.22 |
| June 25, 2002 | September 1, 2001- September 30, 2001 | $31,625.50 | $488.83 | $25,300.40 | $488.83 |
| June 25, 2002 | April 1, 2002-April 30, 2002 | $17,827.00 | $345.71 | $14,261.60 | $345.71 |
| June 26, 2002 | January 1, 2002- March 31, 2002 | $62,909.00 | $322.04 | $62,909.00 | $322.04 |
| July 2, 2002 | May 1, 2002-May 31, 2002 | $27,070.00 | $177.64 | $21,656.00 | $177.64 |
| August 14, 2002 | June 1, 2002 – June 30, 2002 | $15,496.50 | $178.39 | $12,397.20 | $178.39 |
| August 29, 2002 | July 1, 2002 – July 31, 2002 | $18,481.50 | $225.82 | $14,785.20 | $225.82 |
| September 3, 2002 | July 19, 2001 – September 30, 2001 | $129,061.50 | $1,920.35 | $129,061.50 | $1,920.35 |
| September 3, 2002 | October 1, 2001 – December 31, 2001 | $119,593.50 | $2,190.74 | $119,593.50 | $2,190.74 |
| September 20, 2002 | April 1, 2002 – June 30, 2002 | $60,393.50 | $701.74 | $55,739.00 | $701.74 |
| October 8, 2002 | August 1, 2002 – August 31, 2002 | $10,363.00 | $169.79 | $8,290.40 | $169.79 |
| October 30, 2002 | September 1, 2002- September 30, 2002 | $11,114.00 | $221.89 | $8,891.20 | $221.89 |
| November 27, 2002 | July 1, 2002 – September 30, 2002 | $39,958.50 | $615.50 | $35,771.00 | $615.50 |
| December 11, | October 1, 2002- | $8,498.50 | $75.28 | $6,798.80 | $75.28 |

2

| | | | | | |
|---|---|---|---|---|---|
| 2002 | October 31, 2002 | | | | |
| December 26, 2002 | November 1, 2002-November 30, 2002 | $4,241.00 | $117.29 | $3,392.80 | $117.29 |
| February 6, 2003 | December 1, 2002 – December 31, 2002 | $9,298.50 | $97.20 | $7,438.80 | $97.20 |
| March 4, 2003 | January 1, 2003-January 31, 2003 | $6,026.50 | $24.91 | $4,821.20 | $24.91 |
| March 27, 2003 | February 1-February 28, 2003 | $5,473.50 | $52.58 | $4,378.80 | $52.58 |
| April 8, 2003 | October 1, 2002-December 31, 2002 | $22,038.00 | $289.77 | $22,038.00 | $289.77 |
| May 9, 2003 | March 1, 2003-March 31, 2003 | $5,424.00 | $64.16 | $4,339.20 | $64.16 |
| September 9, 2003 | January 1, 2003 – March 31, 2003 | $16,924.00 | $141.65 | $16,924.00 | $146.65 |
| August 22, 2003 | April 1, 2003-April 30, 2003 | $7,868.00 | $64.88 | $6294.40 | $64.88 |
| September 9, 2003 | May 1, 2003 – May 31, 2003 | $8143.50 | $88.14 | $6,514.80 | $88.14 |
| September 5, 2003 | June 1, 2003 – June 30, 2003 | $17,705.00 | $291.20 | $14,164.00 | $291.20 |
| September 9, 2003 | April 1, 2003 – June 30, 2003 | $33,716.05 | $444.22 | $33,716.05 | $444.22 |
| September 6, 2003 | July 1, 2003 – July 31, 2003 | $36,321.00 | $241.39 | $29,056.80 | $241.39 |
| March 4, 2004 | August 1, 2003 – August 31, 2003 | $27,487.00 | $932.61 | $21,989.60 | $932.61 |
| March 4, 2004 | September 1, 2003 –September 31, 2003 | $38,442.00 | $139.47 | $30,753.60 | $139.47 |
| February 25, 2004 | July 1, 2003 – September 31, 2003 | $102,250.00 | $1,313.47 | $102,250.00 | $1,313.47 |
| March 8, 2004 | October 1, 2003 – October 31, 2003 | $9,723.50 | $154.31 | $7,656.00 | $154.31 |
| March 8, 2004 | November 1, 2003 – November 30, 2003 | $5,845.00 | $119.01 | $4676.00 | $119.01 |
| March 8, 2004 | December 1, 2003 – December 31, 2003 | $4465.50 | $ 4.08 | $3572.40 | $4.08 |
| March 10, 2004 | October 1, 2003-December 31, 2003 | $19,668.00 | $277.40 | $19,968.00 | $277.40 |
| May 12, 2004 | January 1, 2004-January 31, 2004 | $16,534.50 | $1,260.61 | $13,227.60 | $1,260.61 |
| May 12, 2004 | February 1, 2004-February 28, 2004 | $9,591.50 | $32.50 | $7,673.20 | $32.50 |
| May 12, 2004 | March 1, 2004 – March 31, 2004 | $6,325.50 | $105.67 | $5,060.40 | $105.67 |
| June 7, 2004 | January 1, 2004 – March 31, 2004 | $32,451.50 | $1,398.78 | $32,451.50 | $1,398.78 |
| June 7, 2004 | April 1, 2004 – April 30, 2004 | $6,062.00 | $20.78 | $4,849.60 | $20.78 |
| July 6, 2004 | May 1, 2004 – May 31, 2004 | $12,927.00 | $67.97 | $10,341.60 | $67.97 |

| August 12, 2004 | June 1, 2004 – June 30, 2004 | $12,228.00 | $372.90 | $9,782.40 | $372.90 |
| August 17, 2004 | April 1, 2004- June 30, 2004 | $31,217.00 | $461.65 | $31,217.00 | $461.65 |
| September 7, 2004 | July 1, 2004 – July 31, 2004 | $19,020.00 | $216.31 | $15,216.00 | $216.31 |
| September 24, 2004 | August 1, 2004 – August 31, 2004 | $3,945.50 | $89.18 | $3,156.40 | $89.18 |
| October 22, 2004 | September 1, 2004- September 30, 2004 | $9,741.50 | $284.46 | $7,793.20 | $284.46 |
| October 28, 2004 | July 1, 2004- September 30, 2004 | $32,707.00 | $589.95 | $32,707.00 | $589.95 |
| December 1, 2004 | October 1, 2004- October 31, 2004 | $20,570.50 | $76.25 | $16,456.40 | $76.25 |
| December 17, 2004 | November 1, 2004- November 31, 2004 | $5,993.00 | $32.75 | $4,794.40 | $32.75 |
| February 17, 2005 | December 1, 2004- December 31, 2004 | $3,397.50 | $24.51 | $2,718.00 | $24.51 |
| March 8, 2005 | January 1, 2005 – January 31, 2005 | $7,343.50 | $34.10 | $5,874.80 | $34.10 |
| March 16, 2005 | October 1, 2004 – December 31, 2004 | $29,961.00 | $133.51 | $29,961.00 | $133.51 |
| April 15, 2005 | February 1, 2005 – February 28, 2005 | $4,948.50 | $40.40 | $3,958.80 | $40.40 |
| May 10, 2005 | March 1, 2005 – March 31, 2005 | $6,494.00 | $71.74 | $5,195.20 | $71.74 |
| June 7, 2005 | April 1, 2005 – April 30, 2005 | $4,754.50 | $38.87 | $3,803.60 | $38.87 |
| July 7, 2005 | May 1, 2005 – May 31, 2005 | $9,725.00 | $84.96 | $7,780.00 | $84.96 |
| August 1, 2005 | June 1, 2005 – June 30, 2005 | $5,182.00 | $1.80 | $4,145.60 | $1.80 |
| August 8, 2005 | April 1, 2005 – June 30, 2005 | $19,661.50 | $125.63 | $19,661.50 | $125.63 |
| August 20, 2005 | July 1, 2005 – July 31, 2005 | $10,155.00 | $15.27 | $8,124.00 | $15.27 |
| October 12, 2005 | August 1, 2005 – August 31, 2005 | $9,440.00 | $54.18 | $7,552.00 | $54.18 |
| November 4, 2005 | September 1, 2005 – September 30, 2005 | $2,772.00 | $14.03 | $2,217.60 | $14.03 |
| November 23, 2005 | July 1, 2005 – September 30, 2005 | $22,367.00 | $83.48 | $22,367.00 | $83.48 |
| December 16, 2005 | October 1, 2005 – October 31, 2005 | $4,735.50 | $27.51 | $3,788.40 | $27.51 |
| March 10, 2006 | November 1, 2005 – November 30, 2005 | $1,819.50 | $24.02 | $1,455.60 | $24.02 |
| March 27, 2006 | December 1, 2005 – December 31, 2005 | $7,582.50 | $26.28 | $6,066.00 | $26.28 |
| April 20, 2006 | October 1, 2005 – December 31, 2005 | $14,137.50 | $77.81 | $14,137.50 | $77.81 |
| April 20, 2006 | January 1, 2006 – January 31, 2006 | $8,997.00 | $58.95 | $7,197.60 | $58.95 |

| April 20, 2006 | February 1, 2006 – February 28, 2006 | $7,574.50 | $127.34 | $6,059.60 | $127.34 |
|---|---|---|---|---|---|
| April 27, 2006 | March 1, 2006 – March 31, 2006 | $6,120.50 | $11.93 | $4,896.40 | $11.93 |
| June 8, 2006 | April 1, 2006 – April 30, 2006 | $4,012.50 | $185.69 | $3,210.00 | $185.69 |
| June 9, 2006 | January 1, 2006 – March 31, 2006 | $22,692.00 | $198.22 | $22,692.00 | $198.22 |
| July 10, 2006 | May 1, 2006 – May 31, 2006 | $18,733.50 | $116.00 | $14,986.80 | $116.00 |
| August 2, 2006 | June 1, 2006 – June 30, 2006 | $1,459.00 | $9,179.83 | $1,167.20 | $9,179.83 |
| September 29, 2006 | April 1, 2006 – June 30, 2006 | $24,205.00 | $9,481.52 | $24,205.00 | $9,481.52 |
| September 11, 2006 | July 1, 2006 – July 31, 2006 | $834.00 | $25.85 | $667.20 | $25.85 |
| October 18, 2006 | August 1, 2006 – August 31, 2006 | $1,023.50 | $12.25 | $818.80 | $12.25 |
| October 30, 2006 | September 1, 2006 – September 30, 2006 | $519.50 | $0 | $415.60 | $0 |
| November 22, 2006 | July 1, 2006 – September 30, 2006 | $2,377.00 | $38.10 | $2,377.00 | $38.10 |
| November 22, 2006 | October 1, 2006 – October 31, 2006 | $415.00 | $12.30 | $332.00 | $12.30 |
| December 27, 2006 | November 1, 2006 – November 30, 2006 | $744.00 | $51.47 | $595.20 | $51.47 |
| February 12, 2007 | December 1, 2006 – December 31, 2006 | $1,229.00 | $5.00 | $983.20 | $5.00 |
| March 7, 2007 | October 1, 2006 – December 31, 2006 | $2,388.00 | $68.77 | $2,388.00 | $68.77 |
| March 2, 2007 | January 1, 2007 – January 31, 2007 | $3,260.00 | $54.65 | $2,608.00 | $54.65 |
| March 23, 2007 | February 1, 2007 – February 28, 2007 | $2,977.50 | $1,858.98 | $2,382.00 | $1,858.98 |
| April 24, 2007 | March 1, 2007 – March 31, 2007 | $3,069.00 | $941.40 | $2,455.20 | $941.40 |
| May 14, 2007 | January 1, 2007 – March 31, 2007 | $9,306.50 | $2,855.03 | $9,306.50 | $2,855.03 |
| May 25, 2007 | April 1, 2007 – April 30, 2007 | $430.00 | $92.00 | $344.00 | $92.00 |
| June 20, 2007 | May 1, 2007 – May 31, 2007 | $863.50 | $22.11 | $690.80 | $22.11 |
| July 11, 2007 | June 1, 2007 – June 30, 2007 | $663.00 | $12.38 | $530.40 | $12.38 |
| July 23, 2007 | April 1, 2007 – June 30, 2007 | $1956.50 | $126.49 | $1956.50 | $126.49 |
| August 23, 2007 | July 1, 2007-July 31, 2007 | $786.50 | $26.41 | $629.20 | $26.41 |
| September 24, 2007 | August 1, 2007 – August 31, 2007 | $423.00 | $14.10 | $338.40 | $14.10 |
| January 2, 2008 | September 1, 2007- September 30.277 | $396.00 | $12.94 | $316.80 | $12.94 |

| January 2, 2008 | November 1, 2007 – November 30.2007 | $176.00 | $44.60 | $140.80 | $44.60 |
| January 9, 2008 | July 1, 2007 – September 30, 2007 | $1,605.50 | $53.45 | Pending | Pending |
| January 22, 2008 | December 1, 2007– December 31, 2007 | $742.00 | $0.00 | $593.60 | $0.00 |
| February 22, 2008 | January 1, 2008- January 31, 2008 | $1,607.00 | $0.00 | $1,285.60 | $0.00 |
| March 25, 2008 | February 1, 2008- February 29, 2008 | $8,386.00 | $14.25 | Pending | Pending |

The Nelson Mullins Riley & Scarborough, L.L.P. attorneys who rendered professional services in these cases during the Fee Period are:

| Name of Professional Person | Position with the applicant | Number of years as an attorney | Department | Hourly billing rate | Total billed hours | Total compen-sation |
|---|---|---|---|---|---|---|
| Betsy J. Burn | Associate | 7 years | Bankruptcy | $230.00 | .50 | $115.00 |

Grand Total for Fees: $115.00
Blended Rate:         $230.00

The Nelson Mullins Riley & Scarborough, L.L.P. paraprofessionals who rendered professional services in these cases during the Fee Period are:

| Brook A. Wright | Project Assistant | 8 months | Bankruptcy | $110.00 | 7.30 | $803.00 |
|---|---|---|---|---|---|---|

Grand Total for Fees:    $803.00
Blended Rate:            $110.00

| Matter Number | Matter | Total Hours | Total Fees Requested |
|---|---|---|---|
| 02399/06091 | Fee Applications | 7.8 | $918.00 |
| TOTAL | | 7.8 | $918.00 |

6

**Expense Summary**

| Description | Amount |
|:---:|:---:|
| Telephone | $.20 |
| Other Services - Pacer | $44.40 |
| **Total** | **$44.60** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139(JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**TWENTY SEVENTH QUARTERLY INTERIM VERIFIED APPLICATION OF
NELSON MULLINS RILEY & SCARBOROUGH, LLP
FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT
OF EXPENSES AS SPECIAL COUNSEL TO W.R. GRACE & CO., ET AL.,
FOR THE INTERIM PERIOD FROM
OCTOBER 1, 2007 THROUGH DECEMBER 31, 2007**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Amended Order") and Del. Bankr. LR 2016-2, the law firm of Nelson

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc, CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Mullins Riley & Scarborough, L.L.P. ("NMRS"), special litigation, environmental, and real estate counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $918.00 for the reasonable and necessary legal services NMRS has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that NMRS has incurred in the amount of $44.60, for the interim quarterly period from October 1, 2007 through December 31, 2007 (the "Fee Period"). In support of this Application, NMRS respectfully states as follows:

## BACKGROUND

### Retention of NMRS

1.     On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the office of the United States Trustee appointed (i) a committee of unsecured creditors in the Chapter 11 Cases (the "Creditors' Committee"), (ii) a committee of asbestos personal injury claimants (the "Asbestos Personal Injury Committee") and (iii) a committee of asbestos property damage claimants (the "Asbestos Property Damage Committee"). On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders (the "Equity Security Holders' Committee", collectively with the Creditors' Committee, the Asbestos Personal Injury Committee and the Asbestos Property Damage Committee, the "Committees").

2.      By this Court's Order dated July 19, 2001, the Debtors were authorized to

retain NMRS as their special counsel with regard to environmental and litigation matters (the

"Retention Order").   An Amended Retention Order (the "Amended Retention Order") was

entered on August 23, 2004.   The Amended Retention Order authorized the Debtors to retain

NMRS for certain real estate matters.   The Retention Order and Amended Retention Order

authorizes the Debtors to compensate NMRS at hourly rates charged by NMRS for services of

this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred,

subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure, all applicable local rules and orders of this Court.

## Monthly Interim Fee Applications Covered Herein

3.      Pursuant to the procedures set forth in the Amended Order,

professionals may apply for monthly compensation and reimbursement (each such application, a

"Monthly Fee Application"), and the notice parties listed in the Amended Order may object to

such request. If no notice party objects to a professional's Monthly Fee Application within twenty

(20) days after the date of service of the Monthly Fee Application, the applicable professional

may submit to the Court a certification of no objection whereupon the Debtors are authorized to

pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses

requested.

4.      Furthermore, and also pursuant to the Amended Order, professionals are

to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for

interim Court approval and allowance of the Monthly Fee Applications filed during the quarter

covered by that Quarterly Fee Application. If the Court grants the relief requested by the

Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100%

3

of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

      5.     This is the Twenty Seventh Quarterly Fee Application for compensation for services rendered that NMRS has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, which covers the Fee Period of October 1, 2007 through December 31, 2007 (the "Twenty Seventh Quarterly Fee Application").

      6.     NMRS has mailed for filing the following Monthly Fee Applications for interim compensation during this Fee Period:

      a. Nelson Mullins Riley & Scarborough L.L.P. did not provide services to W. R. Grace & Co., et al., for the first interim period from October 1, 2007 through October 31, 2007. No application was filed for that period.

      b. Second verified application for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the second interim period from November 1, 2007 through November 31, 2007, filed on January 2, 2008 (the "November 2007 Fee Application") attached hereto as Exhibit A. The Certificate of No Objection was filed on January 23, 2008. The Debtors have been approved to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

      c. Third verified application of Nelson Mullins Riley & Scarborough L.L.P. for compensation for services and reimbursement of expenses as bankruptcy counsel to W. R. Grace & Co., et al., for the third interim monthly period from December 1, 2007 through

4

December 31, 2007, filed on January 22, 2008 (the "December 2007 Fee Application") attached

hereto as Exhibit B. The Certificate of No Objection was filed on February 12, 2008. The

Debtors have been approved to pay interim compensation and reimbursement of 80% of the fees

and 100% of the expenses requested.

7.    Nelson Mullins Riley & Scarborough L.L.P. has advised and represented the

Debtors in connection with environmental, litigation, and real estate matters.

**Previous Quarterly Fee Applications**

8.    Nelson Mullins Riley & Scarborough L.L.P. has previously filed the

following Quarterly Fee Applications:

a.  First Quarterly Interim Verified Application of Nelson Mullins Riley &

Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special

Counsel to W. R. Grace & Co., et al., for the Fourth[2] Interim Period from January 1, 2002

through March 31, 2002, filed June 26, 2002 (the "First Quarterly Fee Application") and

approved by the Court on October 9, 2002.

b.  Second Quarterly Interim Verified Application of Nelson Mullins Riley

& Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as

Special Counsel to W. R. Grace & Co., et al., for the Second Interim Period from July 19, 2001

through September 30, 2001, filed September 3, 2002 and approved by the Court on November

25, 2002.

---

[2] This was the first quarterly application filed by NMRS, but it actually covered the Fourth Interim Period. NMRS mistakenly titled it the "First Interim" when filed. Thus, NMRS' Fourth, Fifth, & Sixth Quarterly Verified Applications were also misnamed. NMRS' Fourth actually covered the Fifth Interim Period. NMRS' Fifth Quarterly covered the Sixth Interim Period. NMRS' Sixth Quarterly covered the Seventh Interim Period. The numbering was corrected as of the Eighth Interim Period, per Warren H. Smith & Associates P.C. Therefore, there is no Application titled the "Seventh Quarterly Interim Verified Application" for NMRS.

c.  Third Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Third Interim Period from October 2, 2001 through December 31, 2001, filed September 3, 2002 and approved by the Court on November 25, 2002.

d.  Fourth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Fifth Interim Period from April 1, 2002 through June 30, 2002, filed September 30, 2002 and approved by the Court on November 25, 2002.

e.  Fifth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Sixth Interim Period from July 1, 2002 through September 30, 2002, filed November 27, 2002 and approved by the Court on March 14, 2003.

f.  Sixth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Seventh Interim Period from October 1, 2002 through December 31, 2002, filed April 8, 2003 and approved by the Court on July 28, 2003.

g.  Eighth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Eighth Interim Period from January 1, 2003 through March 31, 2003, filed September 9, 2003 and approved by the Court on September 22, 2003.

h.  Ninth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Ninth Interim Period from April 1, 2003 through June 20, 2003, filed September 9, 2003 and approved by the Court on December 15, 2003.

i.  Tenth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W. R. Grace & Co., et al., for the Tenth Interim Period from July 1, 2003 through September 30, 2003, filed February 25, 2004 and approved by the Court on April 26, 2004.

j.  Eleventh Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Eleventh Interim Period from October 1, 2003 through December 31, 2003, filed March 10, 2004 and approved by the Court on June 16, 2004.

k.  Twelfth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Twelfth Interim Period from January 1, 2004 through March 31, 2004, filed June 7, 2004 and approved by Court on September 27, 2004.

l.  Thirteenth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Thirteenth Interim Period from April 1, 2004 through June 30, 2004, filed August 17, 2004 and approved by Court on January 26, 2005.

m.  Fourteenth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as

7

Special Counsel to W.R. Grace & Co., et al., for the Fourteenth Interim Period from July 1, 2004 through September 30, 2004, filed October 28, 2004, and approved by the Court on March 22, 2005.

n.      Fifteenth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Fifteenth Interim Period from October 1, 2004 through December 31, 2004, filed on March 16, 2005, and approved by the Court on June 29, 2005.

o.      Sixteenth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Sixteenth Interim Period from January 1, 2005 through March 31, 2005, filed on June 15, 2005, and approved by the Court on September 27, 2005.

p.      Seventeenth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Seventeenth Interim Period from April 1, 2005 through June 30, 2005, filed on August 8, 2005, and approved by the Court on December 19, 2005.

q.      Eighteenth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Seventeenth Interim Period from July 1, 2005 through September 30, 2005, filed on November 23, 2005, and approved by the Court on March 27, 2006.

r.    Nineteenth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Nineteenth Interim Period from October 1, 2005 through December 31, 2005, filed on April 20, 2006, and approved by the Court on June 16, 2006.

s.    Twentieth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Twentieth Interim Period from January 1, 2006 through March 30, 2006, filed on June 9, 2006, and approved by the Court on September 26, 2006.

t.    Twenty First Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Twenty First Interim Period from April 1, 2006 – June 30, 2006, filed on September 29, 2006, and approved by the Court on December 19, 2006.

u.    Twenty Second Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Twenty Second Interim Period from July 1, 2006 – September 30, 2006, filed on November 22, 2006, and approved by the Court on March 30, 2007.

v. Twenty Third Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Twenty Third Interim Period from October

9

1, 2006 – December 31, 2006, filed on March 7, 2007, and approved by the Court on June 20, 2007.

w.     Twenty Fourth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Twenty Fourth Interim Period from January 1, 2007 – March 31, 2007, filed on May 14, 2007, and approved by the Court on September 25, 2007

x.     Twenty Fifth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Twenty Fifth Interim Period from April 1, 2007 – June 31, 2007, filed on July 23, 2007, and approved by the Court on December 13, 2007

y.     Twenty Sixth Quarterly Interim Verified Application of Nelson Mullins Riley & Scarborough L.L.P. for Compensation for Services and Reimbursements of Expenses as Special Counsel to W.R. Grace & Co., et al., for the Twenty Sixth Interim Period from July 1, 2007 – September 30, 2007, filed on January 9, 2008, the certificate of no objection has not been filed. Upon filing the Certificate of No Objection, the Debtors will be authorized to pay interim compensation and reimbursement of 100% of the fees and 100% of the expenses requested

9.     There have been no objections filed with respect to the Quarterly Applications. The Debtors have filed certificates of no objection with respect to all filed Fee Applications related to the previously filed Monthly Interim Applications, and the Court has entered Orders approving all previous Quarterly Fee Applications.  The Debtors have paid or will pay 100% of

10

the compensation requested for fees and 100% reimbursement of the expenses for all previously approved interim periods.

## REQUESTED RELIEF

10.     By this Twenty Seventh Quarterly Fee Application, NMRS requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by NMRS for the Fee Period, which is from October 1, 2007 through December 31, 2007 as detailed in the Applications, less any amounts previously paid to NMRS pursuant to the Applications and the procedures set forth in the Amended Order.   As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A and B.

11.     NMRS may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. NMRS disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.  NMRS will update the Affidavits when necessary and when NMRS becomes aware of material new information.

## REPRESENTATION

12.     NMRS believes that the Application is in compliance with the requirements of Del. Bankr. LR 2016-2.

13.     Nelson Mullins Riley & Scarborough L.L.P. performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

11

14.    Pursuant to Fed. R. Bankr. P. 2016(b), NMRS has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of NMRS, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, NMRS respectfully requests that the Court enter an order, providing (a) that, for the Fee Period, October 1, 2007 through December 31, 2007, an administrative allowance be made to Nelson Mullins Riley & Scarborough L.L.P in the sum of (i) $918.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $44.60 for reimbursement of actual and necessary costs and expenses incurred, for a total of $962.60 (b) that the Debtors be authorized and directed to pay to NMRS the outstanding amount of such sums less any sums previously paid to NMRS pursuant to the Applications and the procedures set forth in the Amended Order and (c) that this Court grant such further relief as is equitable and just.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP

By: _____
Bernard F. Hawkins, Jr. (SC Fed. Bar No. 5310)
1320 Main Street, 17th Floor
Columbia, South Carolina, 29201
Telephone:  803-255-9581
Facsimile:  803-255-9089

Dated: 5/27/08

12