**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO. *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Related to Dkt. Nos. 18271, 18570 |
| | ) | Hearing Date:  June 2, 2008 |

**STATEMENT OF EVEREST REINSURANCE COMPANY AND MT. McKINLEY INSURANCE COMPANY REGARDING DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING SETTLEMENT AGREEMENT REGARDING THE LIBBY ASBESTOS SITE**

Everest Reinsurance Company (f/k/a Prudential Reinsurance Company) ("Everest") and Mt. McKinley Insurance Company (f/k/a Gibraltar Casualty Company) ("MMIC"), parties in interest, hereby submit this statement regarding the Motion Of Debtors For Entry Of An Order Authorizing Settlement Agreement Resolving The United States' Proofs Of Claim Regarding The Libby, Montana Asbestos Site And Authorizing Payment Of The Claim (the "Settlement Motion," Dkt. No. 18271), and the United States' Joinder In Debtors' Motion For Entry Of An Order Authorizing Settlement Agreement Regarding The Libby Asbestos Site (Dkt. No. 18570).

Everest and MMIC respectfully submit that they take no position on the Settlement Motion.  This Statement is filed to provide notice that Everest and MMIC vigorously object to any suggestion that their lack of formal objection to the Motion, or other challenge to contest this Court's approval of the Settlement under Bankruptcy Rule 9019, in any way impacts issues concerning insurance coverage for the Settlement under any policies issued by Everest or MMIC.  Moreover, Everest and MMIC are parties to a comprehensive, Settlement Agreement

- 1 -

with Grace which, among other things, "cancel[s] . . . any and all coverage for Asbestos-Related Claims," which are broadly defined as, *inter alia*, "claims and lawsuits . . . alleging . . . damages for injury or damage to buildings and property allegedly caused by asbestos or asbestos-containing materials."

On or about April 17 and April 21, 2008 – after the April 4, 2008 deadline for objecting to the Motion had passed – Grace purported to tender the Settlement to Everest and MMIC for coverage, asserting that Everest's and MMIC's lack of objection to the Motion somehow constituted consent by them to the Settlement. Everest and MMIC respectfully submit that Grace entered into the Settlement and filed the Settlement Motion on its own and at its own expense, without the input, involvement, notice to, or consent of Everest and MMIC. Grace further failed to provide any notice to Everest and MMIC before the filing of the Settlement Motion that it might be seeking insurance coverage for the Settlement.

Finally, Everest and MMIC assert that whether the Court should approve the Settlement under Bankruptcy Rule 9019 for bankruptcy purposes is irrelevant to any determination of whether Grace has insurance coverage for the Settlement, and the lack of any objection by Everest or Mt. McKinley to the Motion is not equivalent to, and cannot properly be not be construed as, "consent" by Everest or MMIC to the Settlement itself.

Dated: May 29, 2008                               Respectfully submitted,

                                               */s/ Brian L. Kasprzak*
                                        Brian L. Kasprzak (No. 3846)
                                        MARKS, O'NEILL, O'BRIEN AND COURTNEY
                                        913 North Market Street, Suite 800
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 658-6538
                                        Facsimile: (302) 658-6537

- 3 -

Mark D. Plevin
Leslie A. Epley
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Attorneys for Everest Reinsurance Company (f/k/a Prudential Reinsurance Company) and Mt. McKinley Insurance Company (f/k/a Gibraltar Casualty Company)

5794508