**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-01139 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related to:  Doc. No. 10014, Motion of |
| | ) | Anderson Memorial Hospital for Class |
| | ) | Certification |
| | ) | |
| | ) | |

**MEMORANDUM OPINION**[1]

Before the court is the Motion of Anderson Memorial Hospital ("Anderson Memorial")

for Class Certification.  The definition of the class requested in this case specifically excludes

schools, colleges, government buildings and claimants represented by other counsel.  (Transcript

of 7/5/07 at 176, 11, Doc. No. 16422.)  Specifically, the motion states:

> Anderson seeks to certify an opt-out class action on behalf of itself
> and the class of other property owners whose buildings were, are
> or will be contaminated with asbestos fibers released from
> asbestos-containing surfacing materials for which the Debtors are
> legally responsible including, but not limited to, those claims
> identified in Exhibit A.[2]  The class would explicitly exclude any
> building for which a property damage claim is currently pending in
> this bankruptcy not listed on Exhibit A.

---

[1]This Memorandum Opinion constitutes the court's findings of fact and conclusions of
law.

[2]The reference is to Exhibit A to Doc. No. 10014, Motion of Anderson Memorial
Hospital for Class Certification.

Motion of Anderson Memorial Hospital for Class Certification, Doc. No. 10014, at 2.[3]  The requested class is to be an opt-out class and includes South Carolina building owners and non-South Carolina claimants whose buildings are allegedly contaminated with asbestos.

For the reasons which follow, we find that  Anderson Memorial has not satisfied the numerosity requirement of Fed.R.Civ.P. 23(a), made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7023(a), and we will deny the motion.

**Background**

The Debtors ("Grace") were involved in the manufacture of asbestos-containing surfacing treatment from 1938 through 1978.  On December 23, 1992, Anderson Memorial, represented by Speights & Runyan ("S&R"), filed a class action in a South Carolina state court against Grace and a number of other former manufacturers of asbestos-containing surfacing materials on behalf of certain building owners (hereafter "Anderson Memorial building owners").  In 1994, the South Carolina Circuit Court issued an order striking out-of-state class members from the Anderson Memorial Complaint based upon the South Carolina "Door Closing Statute."  Thereafter, the South Carolina action proceeded only as to in-state buildings.

On February 9, 2001, in state court in South Carolina, S&R filed an "Emergency Petition For a Rule to Show Cause Why a Conditional Class Should Not Be Certified Against W.R. Grace."  The South Carolina court granted S&R's petition for emergency relief *ex parte*,

---

[3]Motion of Anderson Memorial Hospital for Class Certification, Doc. 10014, at 2.  The introductory paragraph of the motion asks for certification of "a class action on behalf of [Anderson Memorial Hospital] and other similarly situated property owners whose buildings contain or used to contain the asbestos-containing surfacing materials for which the Debtors are responsible including many of those for which Anderson, through its counsel, have filed proofs of claim for in this bankruptcy."  *Id.* at 1.

conditionally certifying the South Carolina class.  In granting the petition, the court rejected any

notion that a final certification was inevitable, and clarified that the action had no precedential

value as to what the court would ultimately find, had absolutely no influential value, and was

issued only under exigent circumstances.[4]

Grace filed a voluntary petition in bankruptcy in this court on April 2, 2001.  In a letter to

counsel dated May 7, 2001, the South Carolina judge directed counsel for Anderson Memorial

Hospital to draft an order to provide for certification of a class only as to three remaining

defendants and not as to Grace due to the bankruptcy stay applicable to Grace.  Doc. No. 13186,

Appendix in Further Support of Debtors' Opposition to Anderson Memorial's Motion for Class

Certification, at Tab 5.  The South Carolina court entered a final Order of Certification on June

29, 2001, which did not include Grace.  *Id*. at Tab 6.  Thus, there is no pre- or postpetition

Anderson Memorial class certified as to Grace.  Moreover, the class, as certified against three

other defendants by the state court, applies only to buildings within the State of South Carolina.

On April 22, 2002, the Bankruptcy Court approved an extensive Notice Program and set

March 31, 2003, as the bar date for asbestos property damage claims.  No one appealed the

order.  In June of 2002, the Asbestos Property Damage Committee (hereafter "PD Committee"),

of which Daniel Speights of S&R is a member and co-chairman, filed a motion seeking

abatement of the requirement in the Bar Date Notice that counsel of record for asbestos property

damage  claimants either (1) certify that they notified their clients of the bar date by transmitting

to them the proof of claim package or (2) give names and addresses to Grace so Grace could

notify them directly.  *See* Doc. Nos. 2269, 2274.  After a hearing, and over Grace's objection, the

---

[4]The exigency apparently was the imminent filing of Grace's bankruptcy.

PD Committee's request was granted.  *See* Order at Doc. No. 2745.  *See also* Doc. No. 2394,

Agenda for July 22, 2002; Doc. No. 2469 (docket notation of hearing held July 22, 2002);

Transcript of 7/22/02 hearing, Doc. No. 2503, at 98-105.

Over 4,000 individual property damage claims were filed before the expiration of the bar

date.  S&R filed approximately 3,000 of those claims. These 3,000 claims included two class

proofs of claim.[5]  *See, e.g.*, Transcript of January 26, 2006, Doc. No. 11707 at 59-60.  As a result

S&R's withdrawal of claims, this court's expungement of other claims, S&R's lack of authority

to file claims on behalf of certain claimants, *see Mission Towers v. W.R. Grace*, 2007 WL

4333817 at *1 (D. Del. 2007), and the definition of "class" provided by Anderson Memorial

which excluded schools, colleges, certain governmental buildings and claimants represented by

counsel other than S&R, only that of Anderson Memorial, is for a South Carolina building.  Doc.

No. 16540 at 6.[6]

**Rule 23(a)**

To obtain class certification the claimant must meet the elements of Fed.R.Civ.P. 23(a)

and (b), made applicable to bankruptcy cases by Fed.R.Bankr.P. 7023.  Rule 23(a) requires (1)

numerosity, (2) commonality, (3) typicality, and (4) adequate representation as prerequisites to a

class action.  If the requirements of Rule 23(a) are met, the claimant must meet one of the Rule

---

[5]At a hearing in February of 2002 this court directed that before any class proofs of claim were filed a motion to certify a class had to be filed.  Transcript of 2/25/02, Doc. No. 1793, at 104, 107-08.  Although Daniel Speights of S&R was present in court, *see id.* at 101, S&R filed two class proofs of claim, 9911 and 9914, on behalf of "worldwide" and "statewide" Anderson Memorial building owners.  The motion to certify a class was not filed until October of 2005, over two and a half years past the bar date.   Doc. No. 10014.

[6]Various orders and docket entries provide the history and details of withdrawals and expungement.  *See generally* Doc. Nos. 10961, 11025, 11080, 11245, 16422, 16540.

4

23(b) standard  before a class can be certified.  With respect to Rule 23(a), we address only

numerosity as we find that to be dispositive.[7]  Anderson Memorial failed to meet the

requirements of Rule 23.

Numerosity requires a finding that a class representative be appointed only if joinder of

all members of the class would be impracticable.  *In re First Interregional Equity Corp.,* 227

B.R. 358, 367 (Bankr.D.N.J. 1998); Fed.R.Civ.P. 23; Fed.R.Bankr.P. 9023.  "Impracticability

does not mean impossibility but only the difficulty or inconvenience of joining all members of

the class."  *Id.* at 367-68, *quoting  Zinberg v. Washington Bancorp, Inc.,* 138 F.R.D. 397, 406

(D.N.J. 1990).  In this case, the property damage claim creditor universe is known because the

notice of the bar date was so extensive (over 8700 property damage claimants were served and

international publication notice was made)[8] there are not enough claims left to constitute a

numerous base in the first place.  Of the approximately 3,000 claims originally filed by S&R

only 158[9] remained when these matters were briefed in August of 2007, over 80 of them were

not part of the putative class, and only one was a South Carolina claim.  *See* Debtors' Post-

Hearing Brief in Opposition to Anderson Memorial's Class Certification Motion, Doc. No.

---

[7]Adequate representation is not at issue with respect to the class certification motion. With respect to commonality and typicality, we note that in the statute of limitations context S&R on behalf of its claimants has repeatedly asserted that until there is actual appreciable injury the statute of limitations does not begin to run.  Assuming, without deciding, that the proposition is correct, for such a determination, essentially a building by building analysis would have to be made which weighs against a finding of common issues of fact.

[8]In addition to the known property damage claimants, actual notice went to approximately "200,000 known asbestos claimants."  *Mission Towers v. W.R. Grace*, 2007 WL 4333817 at *1 (D. Del. 2007).

[9]This number has since been reduced substantially by additional disallowance proceedings and by settlements which have been approved or of which the court has been advised and that are in the process of documentation.

16540, at 17-18.  If we follow the lead of the South Carolina court which limited class

certification to South Carolina buildings, there would be only one claimant.  This court cannot

conclude that one claim satisfies the numerosity requirement.  Even at 158 claims, the number is

certainly manageable in a bankruptcy context.

Although the Anderson Memorial  motion seeks to expand the class beyond buildings

located in South Carolina (provided that the claimants do not have other counsel or do not

involve government, schools or college buildings), we have been presented with no persuasive

authority or argument to show (1) how the bar date can or ought to be by-passed in this case so

that claimants who did not file a proof of claim by the bar date of March 31, 2003, could now

participate in a class proof of claim, a motion for which was filed over two years[10] after the bar

---

[10]We note it is now approximately five years after the bar date.  We also note Anderson
Memorial's argument that the motion to certify could not be filed until Debtors objected to the
claim.  *See In re Charter Co.,* 876 F.2d, 866, 874 (11th Cir. 1989), *cert. dismissed* 496 U.S. 944
(1990).   In the context of this case, however, we find that argument to be wholly devoid of
merit.  At a hearing in 2002 the necessity of and requirement for a class action was debated at
length.   In an effort to address the issue in a timely manner which would advance the bankruptcy
case,  the court ordered a motion to certify the class to be filed.  *See* note 5, *supra.  See also*
Transcript of 2/25/02, Doc. No. 1793.  There is no time requirement stated within which Rule 23
must be invoked in a bankruptcy context.   *In re Charter Co.,* 876 F.2d at 894.  The court is
clearly able to set forth a process by which to adjudicate disputed issues and did so in this case.
Therefore, even if Grace had not filed an objection to claim, this court, in controlling its docket
and attempting to orchestrate an orderly process, ordered such a motion to be filed if anyone
intended to file a class proof of claim.
    We also note that there was no basis in this case for Anderson Memorial to assume that
Debtors would accept the class proof of claim, a factor which distinguishes this case from *In re
Charter Co.*  876 F.2d at 876 and n.13.  Initially Attorney Speights said  a motion to certify a
class did not need to be filed because the class had been certified against Grace in the South
Carolina action.  Transcript of 2/25/02, Doc. No. 1793, at 53.  He also said that he would not be
filing a class claim.  *Id.* at 54.  Later at that same hearing, *id.*  at 97-98, this court directed that a
motion to certify a class be filed which would obviate the need to examine whether a class was
certified in state court.  This court agreed with other courts that individual proofs of claim do not
need to be filed before a class proof of claim can be filed, thus overruling Grace's request for

(continued...)

date and three years after the court ordered a motion to be filed; (2) why the extensive notice procedures already utilized in the case are insufficient or would be substantially enhanced by a class certification and notice process; or (3) why any  remaining claims cannot be timely adjudicated through the property damage case management process already established and working in this case.   Absent persuasive analysis on these points, with which we have not been provided, and given the resolution of several thousand property damage claims without a class claim, we do not find a basis for numerosity.  We find that the numerosity requirement is not met and class certification is not warranted under Rule 23(a).

**Rule 23(b)**

Notwithstanding the fact that Rule 23(a) elements were not established by Anderson Memorial, we will address Rule 23(b) requirements in order to further illustrate the impropriety and inadvisability of certifying a class in this case.  If Rule 23(a) is met, the claimant must also establish that one of the three elements of Rule 23(b) be met.  Rule 23(b) provides:

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>     (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>         (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

---

[10](...continued)
such a requirement,  but directed that a motion to file a class proof of claim had to be filed.  *See* Transcript of 2/25/02, Doc. No. 1793, at 99-111.  *See also In re First Interregional Equity Corp.*, 227 B.R. 358, 371 (Bankr.D.N.J. 1998)(court held that a requirement that a class be limited to those who had filed individual claims was "illogical and contrary to most important class action policy considerations")(citations omitted).  This order on the record occurred eleven  months before the March 2003 bar date.  No motion was filed until October of 2005, despite the fact that Attorney Speights was in the courtroom when the oral order requiring the motion was issued.

(B) adjudications with respect to individual members of the
class which would as a practical matter be dispositive of the
interests of the other members not parties to the adjudications or
substantially impair or impede their ability to protect their
interests; or

(2) the party opposing the class has acted or refused to act on
grounds generally applicable to the class, thereby making
appropriate final injunctive relief or corresponding declaratory
relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to
the members of the class predominate over any questions affecting
only individual members, and that a class action is superior to
other available methods for the fair and efficient adjudication of
the controversy.  The matters pertinent to the findings include:  (A)
the interest of members of the class in individually controlling the
prosecution or defense of separate actions; (B) the extent and
nature of any litigation concerning the controversy already
commenced by or against members of the class; (C) the
desirability or undesirability of concentrating the litigation of the
claims in the particular forum; (D) the difficulties likely to be
encountered in the management of a class action.

That is, the claimant must show either that (1) prosecution of separate actions by or against

individual class members would create a risk of inconsistent adjudications which would establish

incompatible standards of conduct for the opposing party or which would be dispositive of the

interests of nonparties or would impair or impede the nonparties' ability to protect their interests,

(2) that the party opposing the class has acted or refused to act in a way "generally applicable to

the class" so that final relief with respect to the class as a whole is appropriate, or (3) the court

finds that questions of law or fact common to the class members predominate over questions

affecting only individual members <u>and</u> that a class action is a superior method for the "fair and

efficient adjudication of the controversy."

Regarding factors (1) and (2), there has been no showing of a risk of inconsistent

adjudications or that adjudications with respect to individual class members would be dispositive

8

of the interests of other claimants nor has Grace engaged in conduct in this case  that would make class relief appropriate.  There have been objections to claims which have been vigorously contested and claimants' rights have not been affected by the absence of a class action mechanism.

Thus, the only relevant criterion is factor (3), whether a class action is a superior method for "the fair and efficient adjudication of the controversy" with respect to the claims sought to be included in the class action.  *See In re Kaiser Group Intern., Inc.,* 278 B.R. 58, 67 (Bankr.D.Del. 2002).  We find that it is not.

Anderson Memorial asserts that common issues exist such as whether (1) asbestos-containing surfacing materials are hazardous, (2) asbestos fibers are released under foreseeable uses, (3) Grace tested for fiber release potential, and (4) duties to building owners were owed or breached.  A class action format is not conducive to resolution of issues such as whether a Grace product is in place in any claimant's building or whether a specific state's statute of limitations has run[11] inasmuch as those questions cannot be resolved without reference to each claim or to smaller sets of claims.  Furthermore, a class action is not a superior method of resolving the claims objections in this case.  In fact, claims objections have been and continue to be addressed on a claimant-by-claimant basis or in smaller groups of claims with related issues or facts, and

---

[11]The statute of limitations issues are *sub judice* regarding numerous claims and have been adjudicated or otherwise resolved as to others.

few remain to be decided.[12]  Furthermore, the ultimate issue before us with respect to this motion

cannot be decided in a vacuum; i.e., without reference to the bar date.

Most of the claims, including the S&R claims, have already been addressed either by a

ruling by this or an appellate court, by settlement, or by S&R withdrawing claims.  Others are

pending decision by this court.[13] As to unfiled claims, the class action process sought by

Anderson Memorial would operate to negate the bar date.  A class action would provide certain

claimants with the opportunity to file late claims despite the bar date[14] and without having to

establish excusable neglect pursuant to *Pioneer Inv. Services Co. v. Brunswick Associates Ltd.*

*Partnership*, 507 U.S. 380 (1993), and  would nullify the notice program which entailed

substantial effort and expense.  Under the notice program actual notice was given to known

---

[12]In its motion Anderson Memorial asserted that a class action is a superior method
because Grace failed to give individual notice of the bar date to claimants which it knew had
Grace asbestos-containing products in their buildings.  This was addressed (and rejected) by the
District Court for the District of Delaware in *Mission Towers v. Grace*, 2007 WL 43332817
(D.Del. 2007).

[13]The exact number changes as matters are resolved.  Recently, the court has been
advised that additional property damage  claims have settled.  Still others remain in mediation or
are to be scheduled for mediation.

[14]The District Court for the District of Delaware found the notice program sufficient and
stated that a debtor does not have to "search out each conceivable or possible creditor and urge
that person or entity to make a claim against it."  *Mission Towers v. Grace*, 2007 WL 43332817
(D.Del. 2007), *quoting Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995), *cert. denied*
517 U.S. 1137 (1996).  Certifying a class in this instance would have the effect of overriding the
decision of the District Court in *Mission Towers v. Grace* where the court noted that counsel for
claimants, including S&R, had the responsibility for notifying their clients of the bar date and
had the responsibility for notifying Grace of additional creditors known to counsel but not to
Grace. *Mission Towers, supra,* at *8.

property damage claimants and publication notice was extensive.  *See Mission Towers v. Grace*, 2007 WL 4333817 (D.Del. 2007)(court found notice under the notice program sufficient).[15]

Additionally, the motion for class certification proposes an opt-out election which, although required to satisfy due process concerns where individual damages are involved, would defeat the purpose of certifying  a class in the context of this case.  That is, a claimant who did not file a timely claim but who would be a member of the class if certified could opt out of the class and then assert an independent late claim, thereby effecting another end run around the bar date.  In that respect, class certification would adversely affect the bankruptcy proceedings by permitting those who missed the bar date and who received at least publication notice to interpose claims into this case, without establishing the excusable neglect standard expressed in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993).  *See generally In re Musicland Holding Corp.*, 362 B.R. 644 (Bankr.S.D.N.Y.2007).  Furthermore,

---

[15]*See also* Doc. No. 1665, Debtors' Revised Motion as to All Non-Asbestos Claims, Asbestos Property Damage and ZAI Claims for Entry of Case Management Order, Establishment of a Bar Date, Approval of the Proof of Claim Forms and of the Notice Program.  That motion laid out the terms of the Notice Program and provided, with respect to unknown claimants, that notice would be provided to them in the following ways:

> by publication notice . . . . Upon entry of the Bar Date Order, Debtors will implement a comprehensive publication notice program that will include providing notice to areas where claims have arisen or where potential claimants may now be located including:  (i) the entire United States of America; (ii) Canada; (iii) Guam; (iv) Puerto Rico; and (v) the U.S. Virgin Islands.  Publication notice will be disseminated using the following forms: (a) newspapers; (b) magazines; (c) trade and professional publications; (d) television (network and cable); and (e) web sites.

*See* Doc. No. 1960, Claims Bar Date Notice Order dated April 22, 2002.  The Notice Program that was approved did not include television ads.

certifying the class as a world-wide class would substantially alter the South Carolina state court order which excluded non-South Carolina claims.

We also note that certifying a class could result in inclusion of claims that S&R has been adjudicated to have had no authority to file. *Mission Towers v. Grace*, 2007 WL 4333817 (D.Del. 2007).

Finally, certification of the class would needlessly prolong this case which was filed nearly seven years ago and which has been hard fought every step of the way by all constituent bodies. The remaining property damage claims that were timely filed and subject to objections are pending before this court for resolution and decisions will issue in the near future. The property damage issues have been litigated since 2002, starting with the bar date notice litigation, and it is time to put them to rest in the most efficient way possible. In this case, that course is not through a class proof of claim process which was sought in an untimely fashion despite a direct order of this court, which would defeat the bar date, to the detriment of the Debtors' estates and all other creditors, and which would effectively authorize S&R to file claims on behalf of those for whom it was determined to have had no authority. *Mission Towers v. Grace*, 2007 WL 4333817 (D.Del. 2007),

An appropriate order will be entered.*

DATE: May 29, 2008

_____

Judith K. Fitzgerald
United States Bankruptcy Judge

*jmd*

* In the event the following list does not include all who should receive notice, Debtors shall serve the additional parties in interest.

12

cc:    David M. Bernick
Janet S. Baer
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601

Laura Davis Jones
James E. O'Neill
Pachulski Stang Ziehl & Jones
919 North Market Street, 17th Floor
PO Box 8705
Wilmington, DE  19899-8705

James J. Restivo
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

Derrick C. Tay
Ogilvy Renault LLP
Suite 3800, PO Box 84
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario, CANADA
M5J 2Z4

Daniel A. Speights
Speights & Runyan
200 Jackson Avenue East
Hampton, SC  29924

Richard Levy, Jr.
Prior Cashman LLP
410 Park Avenue
New York, NY  10022-4441

Sander L. Esserman
Van J. Hooker
Stutzman Bromberg Esserman & Plifka PC
2323 Bryan Street, Suite 2200
Dallas, TX  75201

Christopher D. Loizides
Loizides & Associates
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE  19801

Adam G. Landis
Kerri K. Mumford
919 Market Street, Suite 600
PO Box 2087
Wilmington, DE  19801

Daniel C. Cohn
Christopher M. Candon
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA  02110

Mark R. Hurford
Marla R. Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE  19801

Elihu Inselbuch
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152-3500

Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Peter Van N. Rockwood
Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Evelyn J. Meltzer
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE  19899-1709

Edward C. Toole, Jr.
Thomas A. Spratt, Jr.
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103

Edward B. Rosenthal
Rosenthal, Monhait, & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE  19899-1070

Daniel M. Glosband
Brian H. Mukherjee
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

Elizabeth DeCristofaro
Ford Marrin Esposito Witneyer
    & Gleser, L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY  10005-1875

Ian Connor Bifferato
Garvan F. McDaniel
800 North King Street, First Floor
Wilmington, DE  19801

Carl J. Pernicone
Wilson, Elser, Moskowitz, Edelman
    & Dicker LLP
150 East 42nd Street
New York, NY  10017-5639

Jeffrey C. Wisler
Marc J. Phillips
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington, DE  19899

John C. Phillips, Jr.
Philips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19801

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE  19806

Francis J. Monaco, Jr.
Kevin J. Mangan
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

Roger Frankel
Richard H. Wyron
Orrick Harrington & Sutcliffe LLP
The Washington Harbour
3050 K Street, NW
Washington, DC  20007-5135

John C. Phillips
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

Philip Bentley
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

Michael J. Hanners
Silver Pearlman, LLP
3102 Oak Lawn Avenue, Suite 400
Dallas, TX  75219-6403

Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, PO Box 8705
Dallas, TX  75219

Peter Van N. Rockwood
Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Road
Baltimore, MD  21214

William S. Katchen
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ  07102-3889

Scott Wert
Foster & Sear, LLP
524 E. Lamar Blvd., Suite 200
Arlington, TX  76011

Colin D. Moore
Provost & Humphrey Law Firm, L.L.P.
490 Park Street
Beaumont, TX  77701

Scott Baena
Bilzin Sumberg Dunn Baena Price
    & Axelrodi LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL  33131

Frederick Jekel
Motley Rice LLC
28 Bridge side Blvd.
PO Box 1792
Mt. Pleasant, SC  29465

Lewis Kroger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Mark Shelnitz
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD  21044

Ellen W. Slights
Assistant U.S. Attorney
The Nemours Building
1007 Orange Street, Suite 700
PO Box 2046
Wilmington, DE  19899

Steven Kortanek
Klehr, Harrison, Harvey, Branzburg &
    Ellers, LLP
919 North Market Street, Suite 1000
Wilmington, DE  19801

Teresa K. D. Currier
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

Michael R. Lastowski
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

Jeffrey L. Glazer
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020-1182

Theodore J. Tacconelli
Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street, Suite 904
PO Box 1351
Wilmington, DE  19899

U.S. Trustee
844 King Street
Suite 2313
Wilmington, DE  19801

1                IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF DELAWARE

_____
                                                    )
In re:                                              )        Chapter 11
                                                    )
W. R. GRACE & CO., et al.,                          )        Case No. 01-01139
                                                    )        Jointly Administered
                        Debtors.                    )
                                                    )        Related to: DN 10014, 11245, 11547, 16540
                                                    )
_____)

## ORDER OF COURT DENYING WITH PREJUDICE MOTION OF
## ANDERSON MEMORIAL HOSPITAL FOR CLASS CERTIFICATION

    **AND NOW**, this 29th day of May,  2008, for the reasons stated in the foregoing

Memorandum Opinion, it is hereby **ORDERED** that the Motion of Anderson Memorial Hospital

for Class Certification is **DENIED with prejudice**.

    It is **FURTHER ORDERED** that in the event the following list does not include all who

should receive notice of the entry of the foregoing Memorandum Opinion an this Order,  Debtors

shall serve the additional parties in interest.


                                        _Judith K. Fitzgerald_                    **jmd**
                                        Judith K. Fitzgerald
                                        United States Bankruptcy Judge


cc:    David M. Bernick
       Janet S. Baer
       Kirkland & Ellis LLP
       200 East Randolph Drive
       Chicago, IL  60601


1

Laura Davis Jones
James E. O'Neill
Pachulski Stang Ziehl & Jones
919 North Market Street, 17th Floor
PO Box 8705
Wilmington, DE  19899-8705

James J. Restivo
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA  15219

Derrick C. Tay
Ogilvy Renault LLP
Suite 3800, PO Box 84
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario, CANADA
M5J 2Z4

Daniel A. Speights
Speights & Runyan
200 Jackson Avenue East
Hampton, SC  29924

Richard Levy, Jr.
Prior Cashman LLP
410 Park Avenue
New York, NY  10022-4441

Sander L. Esserman
Van J. Hooker
Stutzman Bromberg Esserman & Plifka PC
2323 Bryan Street, Suite 2200
Dallas, TX  75201

Christopher D. Loizides
Loizides & Associates
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmington, DE  19801

Adam G. Landis
Kerri K. Mumford
919 Market Street, Suite 600
PO Box 2087
Wilmington, DE  19801

Daniel C. Cohn
Christopher M. Candon
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA  02110

Mark R. Hurford
Marla R. Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE  19801

Elihu Inselbuch
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152-3500

Lewis Kruger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Peter Van N. Rockwood
Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Evelyn J. Meltzer
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE  19899-1709

Edward C. Toole, Jr.
Thomas A. Spratt, Jr.
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103

Edward B. Rosenthal
Rosenthal, Monhait, & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE  19899-1070

Daniel M. Glosband
Brian H. Mukherjee
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

Elizabeth DeCristofaro
Ford Marrin Esposito Witneyer
    & Gleser, L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY  10005-1875

Ian Connor Bifferato
Garvan F. McDaniel
800 North King Street, First Floor
Wilmington, DE  19801

Carl J. Pernicone
Wilson, Elser, Moskowitz, Edelman
    & Dicker LLP
150 East 42nd Street
New York, NY  10017-5639

Jeffrey C. Wisler
Marc J. Phillips
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington, DE  19899

John C. Phillips, Jr.

Philips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19801

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE  19806

Francis J. Monaco, Jr.
Kevin J. Mangan
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

Roger Frankel
Richard H. Wyron
Orrick Harrington & Sutcliffe LLP
The Washington Harbour
3050 K Street, NW
Washington, DC  20007-5135

John C. Phillips
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

Philip Bentley
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

Michael J. Hanners
Silver Pearlman, LLP
3102 Oak Lawn Avenue, Suite 400
Dallas, TX  75219-6403

Russell W. Budd
Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, PO Box 8705
Dallas, TX  75219

Peter Van N. Rockwood

Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Paul M. Matheny
The Law Offices of Peter G. Angelos, P.C.
5905 Harford Road
Baltimore, MD  21214

William S. Katchen
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ  07102-3889

Scott Wert
Foster & Sear, LLP
524 E. Lamar Blvd., Suite 200
Arlington, TX  76011

Colin D. Moore
Provost & Humphrey Law Firm, L.L.P.
490 Park Street
Beaumont, TX  77701

Scott Baena
Bilzin Sumberg Dunn Baena Price
    & Axelrodi LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL  33131

Frederick Jekel
Motley Rice LLC
28 Bridge side Blvd.
PO Box 1792
Mt. Pleasant, SC  29465

Lewis Kroger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Mark Shelnitz
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD  21044

Ellen W. Slights
Assistant U.S. Attorney
The Nemours Building
1007 Orange Street, Suite 700
PO Box 2046
Wilmington, DE  19899

Steven Kortanek
Klehr, Harrison, Harvey, Branzburg &
    Ellers, LLP
919 North Market Street, Suite 1000
Wilmington, DE  19801

Teresa K. D. Currier
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

Michael R. Lastowski
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

Jeffrey L. Glazer
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020-1182

Theodore J. Tacconelli
Michael B. Joseph
Ferry & Joseph, P.A.
824 Market Street, Suite 904
PO Box 1351
Wilmington, DE  19899

U.S. Trustee
844 King Street
Suite 2313
Wilmington, DE  19801