IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket Nos. 18328, 18495, 18497, |
| | ) | 18595, 18792, 18808 |
| | ) | 6/2/08 Agenda #14 |

### DEBTORS' RESPONSE TO PD COMMITTEE'S REQUEST FOR EVIDENTIARY HEARING ON ZAI BAR DATE NOTICE PROGRAM

The Court rightfully denied the PD Committee's untimely motion for a partial continuance of the hearing on the Debtors' ZAI bar date request. In denying that motion, the Court further indicated that "The Motion to approve the related proof of claim form… will be discussed and objections will be heard. *If an evidentiary hearing is needed, one will be*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street,lzi.c., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch Nest Coal Company, H-G Coal Company.

K&E 12868542.6

*scheduled during the motion hearing* (emphasis added)." [Docket No. 18808] But, under none of the circumstances present here is the PD Committee entitled to -- nor do they need -- an evidentiary hearing on any issue related to the ZAI bar date request at this late date. Their request is nothing more than a flimsy delay tactic aimed at derailing the Debtors' chapter 11 plan process and must not be countenanced.

Now that the Debtors have reached a consensus with the majority of their creditors, deliberate progress toward a prompt confirmation hearing is the paramount concern for most of the constituencies and should be the priority for the case as a whole. Those constituencies include PI Claimants, the Future Claimants' Representative, all but 76 traditional PD Claimants, Equity and (save for the outstanding issue of the appropriate post-petition interest rate), the general unsecured creditors. The PD Committee's suggestion of the need for an evidentiary hearing regarding the Debtors' publication notice program, purportedly brought on behalf of the PD Claimants as a whole should be rejected decisively. *First,* the proposed bar date and notice program has in substance, been in existence and subject to analysis for literally *seven years*. *Second,* the Debtors' most recent request for approval of a ZAI bar date and notice program was made over *nine weeks* ago. In that time, the PD Committee never filed a counter affidavit to the Debtors' expert respecting matters particular to the Debtors' program, nor did they request discovery. And, when the Debtors' motion was initially argued on April 22, 2008, the PD Committee never suggested the need for cross examination, the need to obtain a new notice expert or the need to prepare a rebuttal report. Indeed, to date the PD Committee has never objected to the program itself, although they have raised some questions about the form of

2

the notice. *Third,* the June 2 hearing on this continued matter was set at the April 22 hearing, over *five weeks ago.* No timely effort was made in those five weeks to engage the Debtors in a discussion on discovery or cross examination of the Debtors' expert. No discovery was commenced. No motion to continue the hearing was made by the ZAI Claimants themselves.[2]

As the Debtors' and the other parties to its agreement in principle to settle its PI liability [e.g. the PI Committee, the FCR and Equity] have stated publicly, the payment of the Debtor's putative liability on account of ZAI claims should be resolved through an estimation of those claims for purposes of both allowance and distribution. The Bar Date for ZAI Claims is a necessary first step in that process. While the Debtor's willingly participated in the mediation respecting ZAI Claims directed by the Court, that mediation has proved unsuccessful. Accordingly, it is critical to allow the bar date to proceed. The ZAI Claimants know this and it is obvious that the PD Committee has agreed to act as their proxy to delay the process in order to extract concessions that will further their recovery under a plan, regardless of whether those concessions are warranted by the facts as revealed by this Court's findings in its ZAI science opinion. This attempt to gain leverage through delay must not be permitted by the Court.

Finally, counsel for the PD Committee is conflicted in this case and should not be permitted to proceed on behalf of ZAI Claimants. The PD Committee consists of both traditional PD Claimants and ZAI Claimants. In this situation, especially with the great majority of

---

[2] Late day on May 28, 2008, the Canadian ZAI Claimants filed a copycat joinder to the PD Committee's motion. For the reasons articulated herein with respect to the Debtors' bar date request, the Canadian Claimants' request should likewise be denied.

3

traditional PD Claims resolved, progress toward a prompt confirmation of the Debtors' chapter 11 Plan (as contemplated by the recent term sheet) is in the best interest of the settled PD Claimants. Clearly, the PD Committee, purportedly on behalf of ZAI Claimants, is seeking to slow down or derail that process. This puts counsel in an impossible conflict. In fact, PD counsel recognized this conflict in 2002 in the context of the ZAI Science Trial where special counsel had to be appointed. The ZAI Claimants are more than adequately represented by their own counsel, and they are the only parties that should be permitted to speak for ZAI Claimants in this case.

## ARGUMENT

A. <u>The Suggested Need for an Evidentiary Hearing is Without Merit</u>.

The proposed ZAI bar date and notice program is a program which, in substance, has been in existence and subject to analysis for literally *seven years*. The most recent request was made over *nine weeks* ago. It was filed on March 18, 2008, objections were due and filed on April 5, 2008 and a hearing was held on the request on April 22, 2008. The PD Committee's only "objection" to the notice program was a bald assertion regarding its cost.

The PD Committee did not file a counter-affidavit to that of the Debtors' notice expert. They did not request discovery. Neither in their objection nor at the April 22, 2008 hearing, did they suggest the need for cross examination of the Debtors' expert, the need to obtain a new notice expert or have their notice expert prepare a rebuttal report. Indeed, the PD Committee gives the misleading impression that they just discovered recently that their former notice expert, Todd Hilsee, is no longer available to testify in this case and that others need to be

4

brought up to speed to address these issues. However, it has been public knowledge since at least January 17, 2008 that Mr. Hilsee resigned from Epiq Systems, the parent company of Hilsoft Notifications and was going to be unavailable to work in the same capacity as he was previously permitted to do for the Committee. (See e-mail from Todd Hilsee dated January 17, 2008 attached hereto as Exhibit A.) Thus, the PD Committee's 11th hour suggestion of the need for a new expert is highly disingenuous.

Furthermore, the current hearing on this matter of June 2 was set by the Court at the April 22, 2008 hearing, over *five weeks ago*. At that time, while the Court ordered an immediate Mediation on ZAI to take place, it clearly ordered that in the event that the Mediation was unsuccessful, the hearing on the bar date request would move forward on June 2. The Mediation took place on May 12, 2008 and all parties acknowledged at the conclusion of that session that the Mediation was unsuccessful. No timely effort was made in the five weeks between April 22, 2008 and May 27, 2008 to engage the Debtors in a discussion with respect to discovery or the need for cross examination of the Debtors' expert. No discovery was commenced. No motion to continue the hearing was made by the ZAI Claimants themselves. No mention was made of the potential of a rebuttal expert report or the need for additional time to obtain that report.

B. The Request Finds No Support In Any Record Fact.

The PD Committee's suggestion that they need to cross examine the Debtors' notice expert finds no support in any record facts in this case. The Debtors first requested a bar date for ZAI in June, 2001. In support of that first request, the Debtors hired their notice expert,

Kathy Kinsella and presented a publication notice program from Ms. Kinsella. After this Court was appointed to these cases, in February 2002, the Debtors renewed their request for a ZAI bar date and notice program. In December 2004, in conjunction with filing their first Chapter 11 Plan, the Debtors renewed the request again. And, the most recent request was made in March, 2008, again accompanied by a Kinsella notice program. At no time did the PD Committee object to the publication program itself, other than to question its cost and suggest Canada be included, which is was. The only objections the PD Committee made to the bar date program related to the form and substance of the proposed notices themselves.

In 2002, when the Court approved the bar date and notice program for traditional PD claims and non asbestos claims, it approved the publication notice program which in form is very similar to the program now suggested for ZAI. At that time, the Court reviewed and addressed, without the need for testimony, all of the PD Committee's objections to the form of the notices and the form of the proof of claim.

The PD Committee's suggestion that it needs to cross examine Ms. Kinsella, does not indicate what kind of evidence the PD Committee expects it will need to elicit through such cross examination. Beyond again suggesting that the Debtors "underestimate" the program's costs, the only other objections addressed go to the form of the notices, suggesting without any detail that the notices are in "legalese," are not likely to "motivate" the claimants to file claims and do not disclose the Debtors' intention to seek estimation of the claims, once filed. Just at it did in 2002, the Court can address the form and content of the notices without an evidentiary hearing. No cross examination or rebuttal report is required for that process.

6

C.  Delaying Commencement of the Bar Date Program
Will Be Harmful to the Estate.

Delaying the entry of the Bar Date Order and commencement of the bar date notice program, will only serve to limit the time available between the bar date and confirmation of the chapter 11 Plan. Such delay will likely be used by the PD Committee or ZAI Claimants to bootstrap arguments that the Court does not have the time to implement the vital options now available to the Debtors' estates and the Court for disposition of the ZAI Claims. This delay tactic and attempt at leverage must not be permitted by the Court.

D.  It is Inappropriate for the PD Committee To Address ZAI Issues.

Finally, the PD Committee is conflicted in this case and should not be permitted to proceed on behalf of ZAI Claimants. The PD Committee consists of both traditional PD Claimants and ZAI Claimants. In this situation, especially with the great majority of traditional PD Claims resolved, progress toward a prompt confirmation of the Debtors chapter 11 Plan, as contemplated by the recent term sheet agreed to by the PI Committee, FCR and Equity, is in the best interest of the settled PD Claimants as well. It calls for the payment of those claims in full pursuant to the terms of the PD settlement agreements.

In the context of the ZAI Bar Date, the PD Committee is apparently purporting to act on behalf of ZAI Claimants, despite the fact that the ZAI Claimants have their own counsel. And, in so the PD Committee is clearly seeking to slow down or derail the Debtors' plan process. These actions put the PD Committee's counsel at odds with a great majority of its constituency - the settled PD Claimants. PD Committee counsel itself recognized in 2002 in the context of the ZAI Science trial, that it could not represent ZAI Claimants: "We don't believe as a matter of

K&E 12868542.6

law we can represent the individual interests of claimants." (Tr. of Proc. July 22, 2002 at p. 36). Likewise, PD Committee counsel acknowledged that it lacked the expertise to represent ZAI Claimants: "…we ordinarily would be involved in a fight like this, but because of its very, very unique and specialized nature, we're not because of competent counsel that's available." (Tr. of Proc. April 22, 2002 at p. 43). That has not changed. The PD Committee still is conflicted from representing the interests of the ZAI Claimants and is also incompetent to do so. The ZAI Claimants are more than adequately represented by their own counsel. That counsel is the only party that should be permitted to speak for ZAI Claimant in this case.

*[Remainder of Page Intentionally Left Blank]*

8

K&E 12868542.6

## CONCLUSION

For all of the forgoing reasons, the Court should deny the request for an evidentiary hearing with respect to the Debtors' bar date notice program, enter the requested bar date order and approve the Debtors' notice program.

Dated: May 29, 2008

        KIRKLAND & ELLIS LLP
        David M. Bernick, P.C.
        Janet S. Baer
        200 East Randolph Drive
        Chicago, Illinois 60601
        (312) 861-2000

        and

        PACHULSKI STANG ZIEHL & JONES LLP

        /s/ *signature*
        Laura Davis Jones (Bar No. 2436)
        James E. O'Neill (Bar No. 4042)
        Timothy P. Cairns (Bar No. 4228)
        919 North Market Street, 17th Floor
        P.O. Box 8705
        Wilmington, Delaware 19899-8705 (Courier 19801)
        Telephone: (302) 652-4100
        Facsimile: (302) 652-4400

        Co- counsel for the Debtors

K&E 12868542.6