**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING**
**FEE APPLICATION OF LAWSON LUNDELL LLP**
**FOR THE TWENTY-SIXTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Interim Fee Application of Lawson Lundell LLP for the Twenty-Sixth Interim Period (the "Application").

**BACKGROUND**

1.     Lawson Lundell LLP ("Lawson Lundell") was retained as an ordinary course professional ("OCP") to provide legal services to the Debtors and Debtors-in-Possession in Canada. In the Application, Lawson Lundell seeks approval of fees totaling $58,553.10[1] in excess of its $50,000.00 OCP cap for its services from July 1, 2007 through September 30, 2007 (the "Application Period").[2] This is the first fee application filed by Lawson Lundell in the case.

----

[1]All amounts are in USD.

[2]The total amount initially invoiced by Lawson Lundell, and reviewed by us, was $109,369.99, of which $98,603.83 were fees, $3,863.89 were expenses, and the remaining $6,902.27 were SST, or British Columbia Social Services Taxes. In response to our Initial Report, Lawson Lundell reduced its expenses by $816.89 in order to comply with Local Rule 2016-2(e)(iii) which limits in-house photocopy charges to $0.10 per page. Thus, prior to filing its quarterly Application, Lawson Lundell reduced the total amount charged to $108,553.10, of which $98,603.83 are fees,

2.       In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2006, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served an initial report on Lawson Lundell, and received a response from Lawson Lundell, portions of which response are quoted herein.

## DISCUSSION

3.       In our initial report, we noted the following time entries which appeared to include non-working travel:

| | | | |
|---|---|---|---|
| 08/30/07 | RLH | 16.5 | Preparing for deposition of Professor Irvine; numerous e-mails to and from and telephone conferences with D. Cameron and T. Rea; **traveling to Atlanta for the deposition.** |
| 08/31/07 | RLH | 16.0 | Preparing for and conducting deposition of Professor Irvine in Atlanta; numerous e-mails from and to D. Cameron and T. Rea regarding same; **traveling from Atlanta to Vancouver.** |

Local Rule 2016-2(d)(viii) provides: "Travel time during which no work is performed shall be

_____

$3,047.00 are expenses, and $6,902.27 are SST, or British Columbia Social Services Taxes. Lawson Lundell was paid $50,000.00 of this amount pursuant to the terms of its OCP order, and now submits its Application for payment of the remaining $58,553.10, all of which Lawson designates as fees.

separately described and may be billed at no more than 50% of regular hourly rates." Thus, we asked Lawson Lundell to delineate the amount of time devoted to non-working travel and advise whether the required 50% discount was applied to this time. Lawson Lundell provided the following response:

> The only travel that is reflected on the August Account involves travel to depositions in Winnipeg, Manitoba, Canada, and Atlanta, Georgia. During each of these trips, I spent the entire travel time preparing for the depositions, which I was asked to conduct at the last minute because Grace's Pittsburgh counsel was suddenly unavailable. Indeed, the two days that you referred to in the Initial Report, on which I recorded 16.5 and 16.0 hours respectively, were actually much longer and busier than those charges would suggest; I actually carried out critically important legal work involving 22 hours on the first day and 20.5 on the second, but did not bill the entire time as a courtesy to WR Grace, a valued client of mine since 1987. . .

We assume that at least a small portion of travel time is devoted to boarding, ticketing, waiting in line, and other such activities during which it is impossible to work. And we would ordinarily recommend that at least a portion of this time be reduced by 50%. However, based upon Lawson Lundell's statement that it had already reduced the time worked on these two days by 11 hours prior to billing, we accept Lawson Lundell's response and have no objection to these fees.[3]

## CONCLUSION

4.     Thus, we recommend approval of $98,603.83 in fees, $3,047.00 in expenses, and $6,902.27 in British Columbia Social Services Taxes, for a total of $108,553.10,[4] for Lawson Lundell's services for the Application Period.

---

[3]We would, however, expect Lawson Lundell to separately list its non-working travel time in any future fee applications.

[4]We note that Lawson Lundell has already received payment of $50,000.00 of this amount pursuant to the terms of its OCP Order. *See* Footnote 2.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
       Warren H. Smith
       Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1270
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 6th day of June, 2008.

_____
       Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
Rodney L. Hayley
LAWSON LUNDELL LLP
1600 Cathedral Place
925 West Georgia Street
Vancouver, BC V6C 3L2, Canada

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801