IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | ) (Jointly Administered) |
| | ) Related Dkt. Nos. 11919, 12378, 18599, 18727 |
| Debtors. | ) |
| | ) Hearing Date: July 21, 2008 @ 1:00 p.m. |

**AMENDMENT TO FUTURE CLAIMANTS' REPRESENTATIVE'S APPLICATION FOR AUTHORIZATION TO MODIFY THE EMPLOYMENT OF PIPER JAFFRAY & CO. AS FINANCIAL ADVISOR TO THE FUTURE CLAIMANTS' REPRESENTATIVE**

On April 23, 2008, David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants (the "Future Claimants' Representative" or "FCR") filed an application (the "Application") for authorization to modify the employment of Piper Jaffray & Co. ("PJC") as his financial advisor to the FCR. (Dkt. No. 18599). The United States Trustee ("UST") objected to the Application and the independent contractor arrangement reflected therein as violative of 11 U.S.C. § 504. (Dkt. No. 18727). No other parties objected to the Application. A hearing on the Application and the UST's objection was scheduled for the June 2, 2008 omnibus hearing, at which time the parties asked the Court to continue the Application to the June 23, 2008 omnibus hearing.

**Background**

Since his appointment as the FCR in 2004, the FCR has, with this Court's approval, retained Joseph J. Radecki, Jr. ("Mr. Radecki") and his team as the FCR's financial advisors. In 2004, Mr. Radecki and his colleagues were employed by CIBC World Markets ("CIBC"); at that time, the FCR retained CIBC as his financial advisory firm. In February 2006, Mr. Radecki and his team joined PJC; at that time, the FCR, with Court approval, terminated CIBC and retained

PJC, so as to continue to utilize the advisory services of Mr. Radecki. The FCR's retention agreement with PJC (the "PJC Retention Agreement"), like his retention agreement with CIBC, provided that if Mr. Radecki ceased to be employed by PJC, PJC would give prompt notice to the FCR and the FCR would have the right to terminate PJC's retention. Effective as of March 2, 2008, Mr. Radecki ceased to be employed by PJC; the other professionals advising the FCR and working with Mr. Radecki, however, remain at PJC.

Given the complex issues that have arisen and will continue to arise in these cases, including developing a plan of reorganization, the FCR needs the continued financial advisory services of Mr. Radecki and the other professionals who have worked on this matter for the FCR since 2004. Therefore, as discussed above, on April 23, 2008, the FCR filed an Application seeking authorization to modify the terms of PJC's employment, which modification continued PJC's engagement pursuant to the PJC Retention Agreement, as modified by letter agreement dated April 1, 2008, and reflected that PJC had entered into an independent contractor arrangement with Mr. Radecki to assure his advisory services would be available to the FCR in these cases. (Dkt. No. 18599). The United States Trustee objected to the FCR's Application and the independent contractor arrangement reflected therein as violative of 11 U.S.C. § 504. No other party objected to the Application.

## Amendment to the Application[1]

The FCR engaged in discussions with the United States Trustee to resolve his objection, and as a result of those discussions, has agreed, in consultation with PJC and Mr. Radecki, to retain and employ PJC and Mr. Radecki (through his new company, Tre Angeli LLC ("Tre Angeli"), of which Mr. Radecki is the sole professional) as co-financial advisors in these cases,

---

[1] In support of the Amendment, the FCR relies upon the Supplemental Declaration of Jonathan Brownstein, a principal in the Financial Restructuring Group of PJC, a copy of which is attached hereto as Exhibit 1.

2

pursuant to separate retention agreements rather than the independent contractor agreement originally filed with the Court as an exhibit to the Application. Accordingly, the FCR and PJC have modified the PJC Retention Agreement pursuant to a new letter agreement dated May 30, 2008, a copy of which is attached hereto as Exhibit 2 (the "Modified PJC Retention Agreement").[2] In addition, contemporaneously with the filing of this Amendment, the FCR is filing an application to retain and employ Tre Angeli as his co-financial advisor in these cases.

Pursuant to the Modified PJC Retention Agreement, effective as of March 1, 2008, if authorized by this Court, PJC will continue to act as the FCR's financial advisor in these cases (along with Tre Angeli), to render the same services as set forth in the original PJC Retention Agreement, for a cash fee to PJC of $50,000.00 per month, payable monthly in arrears. Subject to Court approval, the monthly fee will continue until the effective date of a plan of reorganization or termination of the PJC Retention Agreement, as modified, whichever occurs first. Pursuant to the Order appointing the FCR, compensation, including professional fees and reimbursement of expenses, shall be payable to the FCR and his professionals from the Debtors' estates subject to approval by the Court and subject to the Administrative Compensation Order. In addition, the PJC Retention Agreement, as modified, provides for reimbursement of PJC's reasonable out-of-pocket expenses incurred in connection with the provision of services thereunder.

The proposed engagement terms pursuant to the Modified PJC Retention Agreement and the retention agreement with Tre Angeli are the same, in the aggregate, as the terms of the original PJC engagement prior to March 1, 2008. PJC was to be compensated at the rate of $100,000.00 per month, subject to the Court's approval and the established administrative

---

[2] The May 30, 2008 letter agreement supersedes and replaces the letter agreement dated April 1, 2008, which was filed as Exhibit B to the Application.

process for filing, reviewing and paying fee applications.  Under the new proposed arrangement, PJC will receive $50,000.00 per month, and Tre Angeli will receive $50,000.00 per month, and both will file fee applications which will be subject to the Court's approval and the established administrative processes.  Thus, there will be no adverse economic impact upon the Debtors from this new arrangement.

Both PJC and Tre Angeli have agreed to work together to avoid duplication of effort and expenses.  Since the relevant professionals have already worked together on these cases for over four years, the FCR believes they should be able to avoid duplication in this new arrangement in the same fashion as they did when they were under a single roof.

Accordingly, the FCR submits this amendment to the Application seeking authorization to modify the terms of PJC's employment as described above and respectfully requests that the Court enter the amended order, substantially in the form attached hereto as Exhibit 3, (1) granting the Application, (2) authorizing the FCR to modify the terms of PJC's employment as his co-financial advisor, effective as of March 1, 2008, in these chapter 11 cases pursuant to sections 328 and 1103(a) of the Bankruptcy Code, in accordance with the terms set forth in the Application, as amended, and (3) granting such other and further relief as is just and proper.

[SIGNATURE FOLLOWS ON NEXT PAGE]

Dated:  June 9, 2008                                Respectfully submitted,

Roger Frankel, admitted *pro hac vice*
Richard H. Wyron, admitted *pro hac vice*
Debra L. Felder, admitted *pro hac vice*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, DC 20005
(202) 339-8400

and

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

*Bankruptcy Counsel to David T. Austern,
Future Claimants' Representative*