# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| W.R. GRACE & CO., <u>et al</u>. ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

**SUPPLEMENTAL DECLARATION OF JONATHAN BROWNSTEIN UNDER FED. R. BANKR. P. 2014, 2016 AND 5002 IN SUPPORT OF THE APPLICATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE, FOR AUTHORIZATION TO MODIFY THE EMPLOYMENT OF PIPER JAFFRAY & CO. AS FINANCIAL ADVISOR TO THE FUTURE CLAIMANTS REPRESENTATIVE**

I, Jonathan Brownstein, state:

1. I am a principal in the Financial Restructuring Group of Piper Jaffray & Co. ("PJC"), which maintains offices at 150 East 42nd Street, 35th Floor, New York, NY 10017. This supplemental declaration is submitted pursuant to Fed. R. Bankr. P. 2014, 2016 and 5002, in support of the Amendment to Future Claimants' Representative's Application (the "Application") for Authorization to Modify the Employment of Piper Jaffray & Co. as Financial Advisor to the Future Claimants' Representative (the "Amendment"), filed by David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants in the above-captioned cases (the "FCR" or "Mr. Austern").[1]

2. Except as otherwise provided below, the facts set forth in this declaration are based upon my personal knowledge, upon records maintained by PJC in the ordinary course of its business, which have been reviewed by me and/or by other employees of PJC at my direction, or upon information known by other employees of PJC and conveyed to me.

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Application.

3. I understand that the United States Trustee ("UST") objected to the Application and the independent contractor arrangement reflected therein as violative of 11 U.S.C. § 504.

4. To resolve the UST's objection, PJC agreed to modify the terms of its continued employment pursuant to a modified letter agreement dated May 30, 2008 (the "Modified PJC Retention Agreement"), which is attached to the Amendment as Exhibit 1. The Modified PJC Retention Agreement supersedes and replaces the modified letter agreement dated April 1, 2008 (attached as Exhibit B to the Application) and the independent contractor agreement described therein (attached as Exhibit A to the Application) with respect to these cases.

5. Pursuant to the Modified PJC Retention Agreement, effective as of March 1, 2008, if authorized by this Court, PJC (along with Tre Angeli) will continue to act as the FCR's financial advisor in these cases for a cash fee to PJC of $50,000.00 per month, payable monthly in arrears. Subject to Court approval, the monthly fee will continue until the effective date of a plan of reorganization or termination of the PJC Retention Agreement, as modified, whichever occurs first. In addition, the PJC Retention Agreement, as modified, provides for reimbursement of PJC's reasonable out-of-pocket expenses incurred in connection with the provision of services thereunder.

6. PJC has agreed to work together with Tre Angeli to avoid duplication of effort and expenses.

7. Other than as set forth in the PJC Retention Agreement, as modified, no other arrangement or additional fees are proposed between the FCR and PJC for compensation to be paid in the above-captioned cases.

8. To the best of my knowledge, other than as set forth in the PJC Retention Agreement, as modified, no promises have been received by PJC nor any officer, director or

employee thereof as to payment or compensation in connection with the above-captioned cases other than in accordance with applicable provisions of the Bankruptcy Code.

9. Other than as set forth in the Application, PJC has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

10. PJC has agreed to continue to invoice for these expenses in a manner and at rates consistent with charges made generally to PJC's other clients. Both PJC and the FCR recognize and acknowledge that the compensation proposed has been accepted by all parties based on their understanding of the proposed transaction. The fees to be paid to PJC pursuant to the terms of the PJC Retention Agreement, as modified, are subject to the standard of review provided in section 328(a) of the Bankruptcy Code and are not subject to any other standard of review under section 330 of the Bankruptcy Code or otherwise, provided, however, that the FCR may, on a monthly basis, confer with PJC whether any adjustment shall be made in the monthly fee based on PJC's activity level for such month.

\* \* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: June 6, 2008

_____
Jonathan Brownstein