**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

_____
                                          )
**In re:**                                ) **Chapter 11**
                                          ) **Case No. 01-1139 (JKF)**
**W.R. GRACE & CO., et al.,**             ) **(Jointly Administered)**
                                          )
                                          ) **Objection Deadline: July 3, 2008 @ 4:00 p.m.**
             **Debtors.**                 ) **Hearing Date: July 21, 2008 @ 1:00 p.m.**
_____)

**APPLICATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS'
REPRESENTATIVE, FOR AUTHORIZATION TO EMPLOY
TRE ANGELI LLC AS CO-FINANCIAL ADVISOR TO THE
FUTURE CLAIMANTS' REPRESENTATIVE**

David T. Austern, the Court-appointed legal representative for future asbestos claimants against the above-captioned Debtors (the "Future Claimants' Representative" or "FCR"), hereby submits this application (the "Application") for the entry of an Order, pursuant to sections 328 and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the retention and employment of Tre Angeli LLC ("Tre Angeli") as co-financial advisor to the Future Claimants' Representative. In support of this Application, the Future Claimants' Representative relies upon the Declaration of Joseph J. Radecki, Jr. (the "Radecki Declaration"), the sole and managing member of Tre Angeli, attached to this Application as Exhibit A, and further respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory basis for the relief requested herein is section 1103(a) of the Bankruptcy Code.

**Background**

A.    **The Debtors' Chapter 11 Cases and the Appointment of the FCR**

2.    On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. and 61 affiliated entities (collectively, the "Debtors") each filed a petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing in the management of their respective businesses and possession of their respective properties as debtors in possession.

3.    By Order dated May 24, 2004, the Court appointed the FCR for these jointly administered cases. (Dkt. No. 5645). That Order authorizes the FCR to employ professionals, subject to Court approval.

B.    **The Court's Prior Approval of the FCR's Financial Advisor**

4.    By Order dated September 27, 2004, the Court authorized the FCR to retain Mr. Radecki and his team as the FCR's financial advisor in these cases. (Dkt. No. 6479). At that time, Mr. Radecki and his colleagues were employed by CIBC World Markets ("CIBC").

5.    In February 2006, Mr. Radecki and his team resigned from CIBC and joined PJC. At that time, the FCR, with Court approval, terminated CIBC and retained PJC as his financial advisor pursuant to an Order entered on May 8, 2006. (Dkt. No. 12378).

6.    The terms of PJC's employment were mutually agreed upon by letter dated February 16, 2006 (the "PJC Retention Agreement").[1] Pursuant to the PJC Retention

---

[1]    The PJC Retention Agreement was modified by letter dated April 1, 2008, as described in the FCR's application to modify the terms of PJC's employment (Dkt. No. 18599), which letter has been superseded and replaced by a letter dated May 30, 2008 between the FCR and PJC. As described herein, contemporaneously with the filing of this Application, the FCR is filing an amendment to the PJC application (amending Dkt. No. 18599) to modify the terms of PJC's engagement pursuant to the May 30, 2008 letter.

Agreement, Mr. Radecki, a managing director of PJC, and other professionals at PJC had primary responsibility for providing financial advisory services to the FCR. The PJC Retention Agreement also provides that if Mr. Radecki ceases to be employed by PJC, PJC shall give prompt notice to the FCR and the FCR has the right to terminate the PJC Retention Agreement immediately by giving notice to PJC.

C. **Mr. Radecki's Work as Financial Advisor to the FCR**

7. The FCR was advised that Mr. Radecki resigned as a managing director of PJC, effective as of March 2, 2008, and joined Tre Angeli, a limited liability company formed approximately four years ago in which Mr. Radecki is the sole member and employee. Notwithstanding his withdrawal as a managing director of PJC and his employment by Tre Angeli, subject to this Court's approval, Mr. Radecki has continued to function as the senior financial advisor to the FCR, with the active and necessary support of various professionals and other employees of PJC.

8. After Mr. Radecki's resignation from PJC, Tre Angeli and PJC entered into an independent contractor arrangement dated March 28, 2008. That arrangement was designated to form a partnership of sorts consisting of Tre Angeli and PJC for the purpose of rendering financial advisory services to the FCR so that the work being performed for the FCR by Mr. Radecki and the other professionals still employed at PJC would continue uninterrupted.

D. **The FCR's Application to Modify PJC's Existing Retention**

9. Given the complex issues that have arisen and will continue to arise in these cases, including developing a plan of reorganization, the FCR needs the continued financial advisory services of Mr. Radecki and the other professionals who have worked on this matter for the FCR since 2004.

3

10. Accordingly, on April 23, 2008, the FCR filed an application with the Court seeking authority to modify the terms of PJC's original retention pursuant to the independent contractor arrangement. (Dkt. No. 18599). The United States Trustee objected to the application and the independent contractor arrangement reflected therein as violative of 11 U.S.C. § 504. No other parties objected to the application.

11. The FCR engaged in discussions with the United States Trustee to resolve his objection, and as a result of those discussions, has agreed, in consultation with PJC and Mr. Radecki, to retain and employ PJC and Mr. Radecki (through his new company, Tre Angeli, of which Mr. Radecki is the sole professional) as co-financial advisors, pursuant to separate retention agreements rather than the independent contractor agreement originally filed with the Court as part of the application.

12. Contemporaneously with the filing of this Application, the FCR is filing an amendment to the PJC application to modify the terms of PJC's retention pursuant to a modified retention agreement rather than the independent contractor arrangement.

### Relief Requested

13. By this Application, the FCR respectfully requests entry of an order authorizing the retention and employment of Tre Angeli, effective as of March 3, 2008, in these chapter 11 cases, to provide financial advice to the FCR, in coordination with PJC, on the matters described below pursuant to the terms set forth in the retention letter dated May 30, 2008 between the FCR and Tre Angeli (the "Retention Agreement"), a copy of which is attached to the Radecki Declaration as Exhibit 1.[2] Tre Angeli will be collaborating and working together with PJC as the FCR's co-financial advisors and will not be duplicating the efforts or work product of PJC.

---

[2] The Retention Agreement supersedes and replaces the Independent Contractor Agreement between PJC and Tre Angeli in connection with Mr. Radecki's services to the FCR in these cases.

4

**Basis for Relief Requested**

14. Given the complex issues that continue to arise in these cases, the FCR continues to require experienced financial advisors to assist him.

15. Mr. Radecki (along with other professionals at PJC) has provided financial advice to the FCR in these cases since 2004. As a result of his numerous years of experience in these cases as well as in other asbestos bankruptcy cases, he is very familiar with these cases, and with the concerns and issues important to the FCR and to asbestos personal injury claimants who may assert claims or demands in the future.

16. The core team of other professionals who have worked with Mr. Radecki on this engagement since 2004 remain with PJC. Accordingly, the FCR desires to continue the engagement of Mr. Radecki (through Tre Angeli), as well as the continued services of PJC, and believes that Mr. Radecki's continued services with respect to the matters described below are essential to the FCR's role in these cases.

**Services to be Rendered**

17. Subject to the approval of this Court, as set forth in the Retention Agreement, Mr. Radecki (through Tre Angeli) will render services to the FCR (in coordination with PJC to avoid duplication of effort and expenses) as follows:

    a) assist the FCR in analyzing and reviewing the acts, conduct, assets, liabilities and financial condition of the Debtors;

    b) advise the FCR with respect to a proposed restructuring of the Debtors and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code including analyzing, negotiating and effecting a plan of reorganization or recapitalization for the Debtors, and, to the extent necessary, performing valuation analyses on the Debtors and their assets;

    c) evaluate the financial effect of the implementation of any plan of reorganization upon the assets or securities of the Debtors; and

   d) any other tasks as mutually agreed upon by Tre Angeli and the FCR.

  18. The continuation of these above-listed services are necessary and essential to the FCR given the complicated financial issues presented in these cases. Accordingly, it is necessary that the FCR continue with the services of Mr. Radecki (through Tre Angeli).

  19. Tre Angeli and Mr. Radecki have indicated a willingness to act on behalf of, and render such services to, the FCR, upon the terms set forth herein.

  20. The FCR expects Mr. Radecki and PJC to coordinate their work to avoid any duplication of effort or expenses. The FCR believes that employing Mr. Radecki (through Tre Angeli) as his co-financial advisor (along with PJC) as set forth herein will provide the FCR with advice, assistance and information in a cost effective manner in those areas in which Mr. Radecki has particular knowledge and expertise.

**Disclosure Concerning Connections
Between Tre Angeli and Parties in Interest**

  21. To the best of the Future Claimants' Representative's knowledge, except as otherwise set forth herein and in the accompanying Radecki Declaration, Tre Angeli does not have any connection with the Future Claimants' Representative, the Debtors, their affiliates, creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Based upon the information provided to him, the FCR believes Tre Angeli does not represent any other entity having an adverse interest in connection with these cases, is disinterested, and does not represent or hold an interest adverse to the interests of the Future Claimants' Representative with respect to the matters on which Tre Angeli is to be employed.

**Professional Compensation**

22.     Tre Angeli and the Future Claimants' Representative entered into a Retention Agreement, effective as of March 3, 2008, pursuant to which Tre Angeli will act as the Future Claimants' Representative's co-financial advisor if authorized by this Court. Pursuant to the May 24, 2004 Order appointing the FCR, compensation, including professional fees and reimbursement of expenses, shall be payable to the Future Claimants' Representative and his professionals from the Debtors' estates subject to approval by the Court and subject to the Administrative Compensation Order.[3] The terms and conditions of Tre Angeli's retention are set forth in the Retention Agreement attached as Exhibit 1 to the Radecki Declaration.

23.     Tre Angeli intends to apply for compensation for professional services rendered in connection with these cases, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, including the Administrative Compensation Order. Tre Angeli has agreed to accept as compensation such sums as may be allowed by the Court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses.

24.     Pursuant to the Retention Agreement, Tre Angeli agreed to perform the requested services, effective as of March 3, 2008, for a cash fee of $50,000.00 per month, payable monthly in arrears. In addition, the Retention Agreement provides for reimbursement of reasonable out-of-pocket expenses incurred in connection with the provision of services thereunder. Such expenses include, but are not limited to, reasonable fees and expenses of its legal counsel, travel

---

[3]     "Administrative Compensation Order" refers to the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, entered April 17, 2002 (Dkt. No. 1949), as may be further amended by the Court.

and lodging expenses, word processing charges, messenger and duplicating services, facsimile expenses and other customary expenditures.

25. Tre Angeli has agreed to invoice for these expenses in a manner and at rates consistent with charges made generally to Tre Angeli's other clients. Both Tre Angeli and the FCR recognize and acknowledge that the compensation proposed has been accepted by all parties based on their understanding of the proposed transaction. The fees to be paid to Tre Angeli pursuant to the terms of the Retention Agreement are subject to the standard of review provided in section 328(a) of the Bankruptcy Code and are not subject to any other standard of review, under section 330 of the Bankruptcy Code or otherwise, provided, however, that the FCR may, on a monthly basis, confer with Tre Angeli whether any adjustment shall be made in the monthly fee based on Tre Angeli's activity level for such month.

26. Other than as set forth herein, no arrangement is proposed between the FCR and Tre Angeli for compensation to be paid in these cases.

27. The Future Claimants' Representative has been advised by Tre Angeli that it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

28. Pursuant to the Retention Agreement, Tre Angeli requires that the Debtors agree to indemnify and hold harmless Tre Angeli and the "Indemnified Parties" as defined in Annex A to the Retention Agreement. *See* Radecki Declaration, Exh. 1. The indemnification procedures are in substantially the same form as the indemnification provision approved by the United States Court of Appeals for the Third Circuit in In re United Artists Company, et al., 315 F.3d 217, 233 (3d Cir. 2003). Furthermore, the indemnification provisions are identical to the provisions approved by the Court in connection with the FCR's prior employment of PJC.

29.  The proposed engagement terms of Tre Angeli and PJC are the same, in the aggregate, as the terms of the original PJC engagement prior to March 1, 2008. PJC was to be compensated at the rate of $100,000.00 per month, subject to the Court's approval and the established administrative process for filing, reviewing and paying fee applications. Under the new proposed arrangement, PJC will receive $50,000.00 per month, and Tre Angeli will receive $50,000.00 per month, and both will file fee applications which will be subject to the Court's approval and the established administrative processes. Thus, there will be no adverse economic impact upon the Debtors from this new arrangement.

### Request for Nunc Pro Tunc Authorization

30.  For the reasons set forth herein, issues which require the FCR's review and input have arisen and continue to arise in these cases, and the FCR continues to require Mr. Radecki's assistance. In order to avoid delaying this proceeding and the exercise of his duties as the Future Claimants' Representative, the FCR asked Tre Angeli to continue to work on these cases after Mr. Radecki ceased to be employed by PJC as of March 2, 2008, contingent upon the Court's approval of this Application. Given the need for financial advisory services, the FCR respectfully asks that the employment of Tre Angeli be authorized effective as of March 3, 2008.

### No Prior Request

31.  No prior application for the relief requested herein has been made to this or any other Court.

### Notice

32.  Notice of the Application and the requested relief has been provided to (i) counsel and co-counsel for the Debtors, (ii) the Office of the United States Trustee, (iii) counsel for the Official Committees appointed in these cases, as follows: Unsecured Creditors, Asbestos

Property Damage Claimants, Asbestos Personal Injury Claimants, and Equity Holders, (iv) the Fee Auditor, and (v) any party who has entered its appearance in these cases pursuant to Bankruptcy Rule 2002. Accordingly, the Future Claimants' Representative believes that such notice of the Application is appropriate and sufficient.

## Conclusion

**WHEREFORE**, the Future Claimants' Representative respectfully requests that the Court enter an order substantially in the form attached hereto (1) granting this Application, (2) authorizing the Future Claimants' Representative to retain and employ Tre Angeli as his co-financial advisor, effective as of March 3, 2008, in these chapter 11 cases pursuant to sections 328 and 1103(a) of the Bankruptcy Code, in accordance with the terms set forth in this Application, and (3) granting such other and further relief as is appropriate.

Dated: June 9, 2008

Respectfully submitted,

Roger Frankel, admitted *pro hac vice*
Richard H. Wyron, admitted *pro hac vice*
Debra L. Felder, admitted *pro hac vice*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, DC 20005
(202) 339-8400

and

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

*Bankruptcy Counsel to David T. Austern,
Future Claimants' Representative*