# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| W.R. GRACE & CO., <u>et al.</u>, ) | **Case No. 01-1139 (JKF)** |
| ) | **(Jointly Administered)** |
| ) | |
| **Debtors.** ) | |

**DECLARATION OF JOSEPH J. RADECKI, JR. UNDER**
**FED. R. BANKR. P. 2014, 2016 AND 5002 IN SUPPORT OF THE**
**APPLICATION OF DAVID T. AUSTERN, FUTURE CLAIMANTS'**
**REPRESENTATIVE, FOR AUTHORIZATION TO EMPLOY**
**TRE ANGELI LLC AS CO-FINANCIAL ADVISOR TO THE**
**FUTURE CLAIMANTS' REPRESENTATIVE**

I, Joseph J. Radecki, Jr., state:

1.  I am the sole and managing member of Tre Angeli LLC ("Tre Angeli"), a Connecticut limited liability company, which maintains offices at Six Landmark Square, Suite 406, Stamford, Connecticut 06901. This declaration is submitted pursuant to Fed. R. Bankr. P. 2014, 2016 and 5002, in support of the Application of David T. Austern, Future Claimants' Representative, for Authorization to Employ Tre Angeli LLC as Co-Financial Advisor to the Future Claimants' Representative (the "Application"), filed by David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants in the above-captioned cases (the "FCR" or "Mr. Austern").[1]

2.  Except as otherwise provided below, the facts set forth in this declaration are based upon my personal knowledge, upon records maintained by Tre Angeli or by me in the ordinary course of business.

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Application.

**Piper Jaffray & Co.'s Employment as Financial Advisor to the FCR**

3.      By Order dated September 27, 2004, the Court authorized the FCR to retain me and my team as his financial advisor in these cases. At that time, my colleagues and I were employed by CIBC World Markets ("CIBC").

4.      In February 2006, I, along with my team, resigned from CIBC and joined PJC. At that time, the FCR, with Court approval, terminated CIBC and retained PJC as his financial advisor pursuant to an Order entered on May 8, 2006.

5.      The terms of PJC's employment were mutually agreed upon by letter dated February 16, 2006 (the "PJC Retention Agreement").[2] Pursuant to the PJC Retention Agreement, I, and other professionals at PJC, had primary responsibility for providing financial advisory services to the FCR. The PJC Retention Agreement also provides that if I cease to be employed by PJC, PJC shall give prompt notice to the FCR and the FCR has the right to terminate the PJC Retention Agreement immediately by giving notice to PJC.

**My Work as Financial Advisor to the FCR**

6.      I advised the FCR that I resigned as a managing director of PJC, effective as of March 2, 2008, and joined Tre Angeli, a limited liability company formed approximately four years ago in which I am the sole member and employee. Notwithstanding my withdrawal as a managing director of PJC and my employment by Tre Angeli, subject to this Court's approval, I have continued to function as the senior financial advisor to the FCR, with the active and necessary support of various professionals and other employees of PJC.

---

[2]     The PJC Retention Agreement was modified by letter dated April 1, 2008, as described in the FCR's application to modify the terms of PJC's employment (Dkt. No. 18599), which letter has been superseded and replaced by a letter dated May 30, 2008 between the FCR and PJC. As described herein, contemporaneously with the filing of this Application, the FCR is filing an amendment to the PJC application (amending Dkt. No. 18599) to modify the terms of PJC's engagement pursuant to the May 30, 2008 letter.

7.　　After my resignation from PJC, Tre Angeli and PJC entered into an independent contractor arrangement dated March 28, 2008.  That arrangement was designated to form a partnership of sorts consisting of Tre Angeli and PJC for the purpose of rendering financial advisory services to the FCR so that the work being performed for the FCR by me and the other professionals still employed at PJC would continue uninterrupted.

8.　　Given the complex issues that have arisen and will continue to arise in these cases, including developing a plan of reorganization, the FCR has indicated a need for continuing my financial advisory services, along with the other professionals who have worked on this matter for the FCR since 2004.

9.　　I understand that on April 23, 2008, the FCR filed an application with the Court seeking authority to modify the terms of PJC's original retention pursuant to the independent contractor arrangement.  The United States Trustee objected to the application and the independent contractor arrangement reflected therein as violative of 11 U.S.C. § 504.  No other parties objected to the application.

10.　　I also understand that the FCR engaged in discussions with the United States Trustee to resolve his objection, and as a result of those discussions, has agreed, in consultation with PJC and me, to retain and employ PJC and me (through my new company, Tre Angeli, of which I am the sole professional) as co-financial advisors, pursuant to separate retention agreements rather than the independent contractor agreement originally filed with the Court as part of the application.

**Tre Angeli's Qualifications and the Scope of Tre Angeli's Retention**

11.　　The FCR desires to continue with my services (through my new firm, Tre Angeli) in these cases as his co-financial advisor, effective as of March 3, 2008, pursuant to the terms and conditions set forth in the retention agreement ("Retention Agreement"), a copy of which is

3

attached hereto as Exhibit 1. Tre Angeli will be collaborating and working together with PJC as the FCR's co-financial advisors and will not be duplicating the efforts or work product of PJC.

12. I (along with other professionals at PJC) have provided financial advice to the FCR in these cases since 2004. As a result of my numerous years of experience in these cases as well as in other asbestos bankruptcy cases, I am very familiar with these cases, and with the concerns and issues important to the FCR and to asbestos personal injury claimants who may assert claims or demands in the future.

13. The core team of other professionals who have worked with me on this engagement since 2004 remain with PJC. Accordingly, the FCR desires to continue the engagement of me (through Tre Angeli), as well as the continued services of PJC, and believes that my continued services with respect to the matters described below are essential to the FCR's role in these cases.

14. The FCR has requested that I continue to render the following services (in coordination with PJC to avoid duplication of effort and expenses), effective as of March 3, 2008, in connection with these cases:

    a. assist the FCR in analyzing and reviewing the acts, conduct, assets, liabilities and financial condition of the Debtors;

    b. advise the FCR with respect to a proposed restructuring of the Debtors and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code including analyzing, negotiating and effecting a plan of reorganization or recapitalization for the Debtors, and, to the extent necessary, performing valuation analyses on the Debtors and their assets;

    c. evaluate the financial effect of the implementation of any plan of reorganization upon the assets or securities of the Debtors; and

    d. any other tasks as mutually agreed upon by Tre Angeli and the FCR.

Subject to the Court's approval of the Application, I am willing to perform the services described above.

4

**Disinterestedness of Tre Angeli**

15. In order to prepare this declaration, I have taken various steps to determine whether any conflict of interest exists that would preclude Tre Angeli from serving as co-financial advisor and providing financial advisory services to the FCR. In connection therewith, I reviewed Tre Angeli's business records to determine, among other things, (i) whether Tre Angeli already represents any other client in connection with the proposed new matter, (ii) whether Tre Angeli already represents any other client in a capacity that may be adverse to the proposed client, or where the proposed representation might be adverse to the interests of such other client, and (iii) whether Tre Angeli has any connections with the Debtors, their creditors and other parties identified to me as parties in interest.

16. Based upon the review of the business records, as set forth above, I have confirmed that there are no matters in which Tre Angeli is, or I am, involved relating to these cases.

17. Tre Angeli and I have business associations with, professional and social relationships with, or interests adverse to, creditors or parties in interest, or their attorneys, accountants or advisors; as far as I have been able to ascertain, none of these associations, relationships, or interests have any connection with these cases. As part of our practice, Tre Angeli and I provide services in cases, proceedings and transactions throughout the United States involving many different parties, and work together with many different parties, which may include creditors or parties in interest, or attorneys, accountants or other professional firms or advisors who may represent creditors or parties in interest in these cases.

18. I am not related to any United States District Judge or United States Bankruptcy Judge for the District of Delaware or to the United States Trustee for this district or to any known employee of his office.

19. To the best of my knowledge, except as otherwise set forth herein, neither Tre Angeli nor I (a) hold or represent any interest adverse to the FCR on the matters upon which Tre Angeli is to be retained or (b) have any connection with the Debtors, creditors, any other party in interest, their respective attorneys and retained professionals, the United States Trustee or any person employed in his office (to the extent identified to me).

## Professional Compensation

20. Tre Angeli and the Future Claimants' Representative entered into a Retention Agreement, effective as of March 3, 2008, pursuant to which Tre Angeli will act as the Future Claimants' Representative's co-financial advisor if authorized by this Court. Pursuant to the May 24, 2004 Order appointing the FCR, compensation, including professional fees and reimbursement of expenses, shall be payable to the Future Claimants' Representative and his professionals from the Debtors' estates subject to approval by the Court and subject to the Administrative Compensation Order. The terms and conditions of Tre Angeli's retention are set forth in the Retention Agreement attached as Exhibit 1 to the Radecki Declaration.

21. Tre Angeli intends to apply for compensation for professional services rendered in connection with these cases, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court, including the Administrative Compensation Order. Tre Angeli has agreed to accept as compensation such sums as may be allowed by the Court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses.

22. Pursuant to the Retention Agreement, Tre Angeli agreed to perform the requested services, effective as of March 3, 2008, for a cash fee of $50,000.00 per month, payable monthly in arrears. In addition, the Retention Agreement provides for reimbursement of reasonable out-of-pocket expenses incurred in connection with the provision of services thereunder. Such

expenses include, but are not limited to, reasonable fees and expenses of its legal counsel, travel and lodging expenses, word processing charges, messenger and duplicating services, facsimile expenses and other customary expenditures.

23.  Tre Angeli has agreed to invoice for these expenses in a manner and at rates consistent with charges made generally to Tre Angeli's other clients. Both Tre Angeli and the FCR recognize and acknowledge that the compensation proposed has been accepted by all parties based on their understanding of the proposed transaction. The fees to be paid to Tre Angeli pursuant to the terms of the Retention Agreement are subject to the standard of review provided in section 328(a) of the Bankruptcy Code and are not subject to any other standard of review, under section 330 of the Bankruptcy Code or otherwise, provided, however, that the FCR may, on a monthly basis, confer with Tre Angeli whether any adjustment shall be made in the monthly fee based on Tre Angeli's activity level for such month.

24.  Other than as set forth herein, no arrangement is proposed between the FCR and Tre Angeli for compensation to be paid in these cases.

25.  Tre Angeli has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

26.  Pursuant to the Retention Agreement, Tre Angeli requires that the Debtors agree to indemnify and hold harmless Tre Angeli and the "Indemnified Parties" as defined in Annex A to the Retention Agreement. The indemnification provisions are identical to the provisions approved by the Court in connection with the FCR's prior employment of PJC.

\* \* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: June 6, 2008

/Joseph J. Radecki, Jr.