# Exhibit 1

**CONFIDENTIAL**

May 30, 2008

David T. Austern
Claims Resolution Management Corporation
3110 Fairview Park Drive, Suite 200
Falls Church, VA 22042-0683

Dear Mr. Austern:

This letter confirms the agreement (the "Agreement") between David T. Austern, the Court appointed representative for future asbestos claimants (the **"Future Representative" or "you"**) to W.R. Grace & Co. (together with its subsidiaries and affiliates, the "Company"), and Tre Angeli LLC (**"Tre Angeli" or "we" or "us"**) to engage us, subject to Bankruptcy Court approval, as your co-financial advisor, effective as of March 3, 2008, in connection with a proposed restructuring of the Company and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code (the "Transaction"). The Future Representative will undertake to apply to the Bankruptcy Court, which has jurisdiction over the Company's chapter 11 bankruptcy proceedings, for authorization to employ Tre Angeli in accordance with the terms and conditions of this Agreement, with this Agreement attached as an exhibit to such application. Subject to the terms and conditions hereof, we agree to accept as compensation for the services that we render pursuant to the terms hereof such sums as may be allowed by the Bankruptcy Court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses. This Agreement supersedes and replaces the Independent Contractor Agreement, effective as of March 28, 2008, between Piper Jaffray & Co. ("Piper Jaffray") and Tre Angeli with respect to the Company's chapter 11 bankruptcy proceedings.

Notwithstanding anything to the contrary contained in this letter agreement: (a) Tre Angeli makes no representations or warranties about the Company's ability to (1) successfully improve its operations, (ii) maintain sufficient liquidity to operate its business or (iii) successfully complete a transaction, and (b) Tre Angeli makes no representation, warranty or commitment to underwrite, place or purchase any securities or provide any form of financing to the Company.

SERVICES

Subject to approval of the Bankruptcy Court, the Future Representative hereby retains Tre Angeli as the co-financial advisor to the Future Representative in connection with the Transaction. We agree to provide the following services during the term of our engagement:

1

- assist the Future Representative in analyzing and reviewing the acts, conduct, assets, liabilities and financial condition of the Company;

- familiarize ourselves to the extent appropriate with the operation of the Company's businesses, advise the Future Representative with respect to a proposed restructuring of the Company and implementation of a trust as contemplated under Section 524(g) of the Bankruptcy Code including analyzing, negotiating and effecting a plan of reorganization or recapitalization for the Company, and, to the extent necessary, performing valuation analyses on the Company and its assets;

- evaluate the financial effect of the implementation of any plan of reorganization upon the assets or securities of the Company; and

- any other tasks as mutually agreed upon by Tre Angeli and the Future Representative.

It is expressly understood that Tre Angeli is working for and will take direction solely from the Future Representative and will share any work product with the Company only with the permission of the Future Representative.

We understand that you are also seeking Bankruptcy Court approval to continue to engage Piper Jaffray, effective as of March 1, 2008, to act as your co-financial advisor in the Company's chapter 11 bankruptcy proceedings to provide the services described in the retention letter between you and Piper Jaffray, dated February 16, 2006, as modified by letter agreement dated May 30, 2008, and to work with us in this engagement. Tre Angeli and Piper Jaffray will coordinate our work to avoid any duplication of effort.

In rendering its services to the Future Representative hereunder, Tre Angeli is not assuming any responsibility for the Company's underlying business decision to pursue any business strategy or to effect or not to effect any Transaction.

## FEES AND EXPENSES

In full payment for services rendered and to be rendered hereunder by Tre Angeli, the Company shall pay to Tre Angeli, in cash, subject to Bankruptcy Court approval, a fee of $50,000.00 per month, payable monthly in arrears (the "Monthly Fee").

Both Tre Angeli and the Future Representative recognize and acknowledge that the compensation proposed has been accepted by all parties based on their understanding of the proposed Transaction. The Monthly Fee to be paid to Tre Angeli pursuant to the terms of this letter agreement shall be subject to the standard of review provided in Section 328(a) of the Bankruptcy Code and is not subject to any other standard of review, under section 330 of the Bankruptcy Code or otherwise, provided, however, that the Future Representative may, on a monthly basis, confer with Tre Angeli whether any

2

adjustment shall be made in the Monthly Fee based on Tre Angeli's activity level for such month.

Subject to Bankruptcy Court approval, the Company shall periodically reimburse Tre Angeli promptly when invoiced for all of our reasonable out-of-pocket expenses, including, without limitation, reasonable fees and disbursements of counsel, travel and lodging expenses, word processing charges, messenger and duplicating services, and database, courier and communication costs, and other customary expenditures in connection with the performance of our services hereunder, regardless of whether or not a Transaction occurs. Upon termination of this letter agreement or completion of a Transaction, subject to Bankruptcy Court approval, the Company shall pay promptly in cash any unreimbursed expenses that have accrued as of such date. Tre Angeli and Piper Jaffray will coordinate our work to avoid any duplication of out-of-pocket expenses.

This reimbursement obligation is in addition to the reimbursement of fees and expenses set forth below relating to attendance by us at proceedings or to indemnification and contribution as contemplated elsewhere in this agreement.

To the extent our personnel assist in, or provide testimony in trial or deposition for any action, suit or proceeding relating to a Transaction or our engagement hereunder after the consummation of a Transaction or termination of our engagement hereunder, subject to Bankruptcy Court approval, the Company shall pay Tre Angeli a per diem charge, together with reimbursement of all out-of-pocket expenses and disbursements, for the services of such officers in an amount to be mutually agreed upon by the Future Representative and Tre Angeli prior to such assistance.

## TERM

The term of this agreement shall commence on March 3, 2008 and terminate 30 days from the date on which the Future Representative or Tre Angeli, as the case may be, receives written notice from the other of termination of this engagement. Tre Angeli may resign at any time and the Future Representative may terminate Tre Angeli's services at any time, each by giving written notice to the other. If terminated, Tre Angeli shall be entitled to receive any fees for any monthly period which are due and owing Tre Angeli upon the effective date of termination; however, such amounts will be prorated for any incomplete monthly period of service, and Tre Angeli will be entitled to reimbursement for out-of-pocket expenses as described herein, subject to Bankruptcy Court approval. Termination of Tre Angeli's engagement hereunder shall not affect or impair the Company's continuing obligation to indemnify Tre Angeli and certain related persons as provided in the Indemnification and Contribution Section below and Annex A and the Other Matters Relating To Our Engagement Section below.

## LIABILITY FOR FEES AND EXPENSES

Subject to approval by the Bankruptcy Court, the Company shall be solely responsible for the payment of compensation and reimbursement of expenses to Tre Angeli under

this Agreement. The Future Representative shall not be liable for the payment of any compensation or reimbursement of any expenses to Tre Angeli hereunder.

### INDEMNIFICATION AND CONTRIBUTION

Subject to Bankruptcy Court approval, in addition to the payment of fees and reimbursement of expenses provided for above, and regardless if any Transaction is consummated, the Company shall agree to indemnify Tre Angeli with regard to the matters contemplated herein, as set forth in Annex A, attached hereto, which is hereby incorporated into this agreement by reference and made a part of this agreement as if fully set forth herein. Such indemnification shall survive any termination, expiration or completion of this agreement.

### DISCLOSURE OF ADVICE AND INFORMATION

Except as required by law, this Agreement and the services, information and advice to be provided by Tre Angeli hereunder is for the confidential use of the Future Representative and shall not be disclosed to third parties without Tre Angeli's written permission, except that Tre Angeli may disclose such information and advice to Piper Jaffray in its capacity as your co-financial advisor in the Company's chapter 11 bankruptcy proceedings.

The Future Representative shall use its reasonable best efforts to have the Company furnish to Tre Angeli such information as Tre Angeli requests for purposes of performing services under this letter engagement (the "Information"). The Future Representative will use his reasonable best efforts to have the Company agree and represent that all Information relating to the Company furnished to Tre Angeli will be accurate and complete in all material respects at the time provided, and that, if the Company is aware of any Information becoming materially inaccurate, incomplete or misleading during the engagement hereunder, the Company will promptly advise Tre Angeli. The Future Representative recognizes and confirms that Tre Angeli assumes no responsibility for the accuracy and completeness of the Information and will be using and relying upon the Information (and information available from generally recognized public sources) without assuming responsibility for independent verification or independent evaluation of any of the assets or liabilities of the Company.

You agree that we may place advertisements in mailings and financial and other newspapers and journals at our expense describing our services to you for any publicly announced or completed Transaction.

### OTHER MATTERS RELATING TO OUR ENGAGEMENT

You acknowledge that you have retained us solely to provide the services set forth in this Agreement. In rendering such services, we will act as an independent contractor, and not as an agent or otherwise, and we owe our duties arising out of this engagement solely to the Future Representative. You acknowledge that nothing in this Agreement is intended to create duties to the Company's creditors or securityholders or any third party in connection with our engagement hereunder, all of which are expressly waived,

and we and you specifically disclaim the creation of any fiduciary relationship between, or the imposition of any fiduciary duties on, any party. No one other than the Future Representative is authorized to rely upon the engagement of Tre Angeli hereunder or any statements, advice, opinions or conduct by Tre Angeli. The Future Representative further acknowledges that Tre Angeli may perform certain of the services described herein through one or more of its affiliates and any such affiliates shall be entitled to the benefit of this Agreement.

The Future Representative agrees that any reference to Tre Angeli, as financial advisor in any release or communication or materials distributed, is subject to our prior written approval, unless such release or communication is required by law or regulation. If Tre Angeli resigns prior to the dissemination of any such release, communication or material, no reference shall be made therein to Tre Angeli.

The Future Representative represents and warrants that, subject to Bankruptcy Court approval, it has all requisite power and authority, and all necessary authorizations, to enter into and carry out the terms and provisions of this Agreement and the execution, delivery and performance of this Agreement does not breach or conflict with any agreement, document or instrument to which it is a party or bound.

The Future Representative represents and warrants to Tre Angeli that there are no brokers, representatives or other persons which have an interest in compensation due to Tre Angeli from any transaction contemplated herein or which would otherwise be due any fee, commission or remuneration upon consummation of any Transaction.

The Future Representative agrees and acknowledges that Tre Angeli and its affiliates shall have no obligation to disclose any information acquired in connection with various investment banking, commercial banking and financial advisory relationships with, or services for, other clients and customers, to the Company or to use such information in connection with any transaction contemplated by this letter agreement.

You acknowledge that we are not an advisor as to legal, tax, accounting or regulatory matters in any jurisdiction. You should consult with your own advisors concerning such matters and are responsible for making your own independent investigation and appraisal of the transactions contemplated by this agreement, and we have no responsibility or liability to you with respect such matters.

*MISCELLANEOUS*

This Agreement shall be governed by and construed in accordance with the laws of New York, without regard to its conflict of law principles. You and we hereby waive all right to trial by jury in any action, proceeding, or counterclaim (whether based upon contract, tort or otherwise) in connection with any dispute arising out of this agreement or any matters contemplated by this agreement. This Agreement embodies the entire agreement and understanding between you and us and supersedes all prior agreements and understandings relating to the subject matter of this Agreement. This Agreement may be executed in any number of counterparts. The invalidity or

5

unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect. This Agreement is solely for the benefit of you and us, and no other person (other than the Indemnified Persons set forth in Annex A hereto) shall acquire or have any rights by virtue of this Agreement.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

If this letter correctly sets forth the understanding between us, please so indicate by signing on the designated space below and returning a signed copy to us.

Sincerely,

TRE ANGELI LLC

By _____
Name: Joseph J. Radecki, Jr.
Title: Sole Member

Agreed to as of the date first above written:

Future Representative of W.R. Grace & Co.

By _____
Name: David T. Austern
Title: Future Representative

## Annex A to Engagement Letter

(A)  In consideration of Tre Angeli's agreement to act on behalf of the Future Representative, notwithstanding any limitations set forth herein, subject to approval by the Bankruptcy Court, the Company agrees to indemnify and hold harmless Tre Angeli and its affiliates and their representative present and former directors, officers, employees, agents and controlling persons within the meaning of section 15 of the Securities Act of 1933, as amended (each such person, including Tre Angeli, an "Indemnified Party" and collectively the "Indemnified Parties") to the fullest extent permitted by law from and against any losses, claims, damages and liabilities, joint or several (collectively, the "Damages"), to which such Indemnified Party may become subject in connection with or otherwise relating to or arising from (i) any transaction or matter in any way relating to or referred to in this letter agreement or arising out of the matters contemplated by this letter agreement or the engagement of or performance of services or any involvement or alleged involvement in a Transaction (as defined in this letter agreement) by Tre Angeli thereunder or (ii) an untrue statement or an alleged untrue statement of a material fact or the omission or alleged omission to state a material fact necessary in order to make a statement not misleading in light of the circumstances under which it was made, and will reimburse each Indemnified Party for all fees and expenses (including the fees and expenses of counsel) (collectively, "Expenses") as incurred, subject to the provisions of paragraph (D), below, in connection with investigating, preparing, pursuing or defending any threatened or pending claim, action, proceeding or investigation (collectively, the "Proceedings") arising therefrom, whether or not such Indemnified Party is a formal party to such Proceeding; provided, that the Company will not be liable to any such Indemnified Party to the extent that any Damages are found in a final non-appealable judgment by a court of competent jurisdiction to have resulted solely from the bad faith, gross negligence or willful malfeasance of the Indemnified Party seeking indemnification hereunder or any breach by Tre Angeli of this letter agreement.  The Company also agrees that no Indemnified Party will have any liability (whether direct or indirect, in contract, tort or otherwise) to the Company or any person asserting claims on behalf of the Company arising out of or in connection with any transactions contemplated by this letter agreement or the engagement of or performance of services by any Indemnified Party thereunder except to the extent that any Damages are found in a final non-appealable judgment by a court of competent jurisdiction to have resulted solely from the bad faith, gross negligence or willful malfeasance of the Indemnified Party or any breach of Tre Angeli of this letter agreement.

(B)  If for any reason other than in accordance with this letter agreement, the foregoing indemnity is unavailable to an Indemnified Party in respect of any Damages (including all Expenses incurred) referred to herein or insufficient to

1

hold an Indemnified Party harmless, then the Company agrees that in lieu of indemnifying such Indemnified Party, the Company shall contribute to the amount paid or payable by such Indemnified Party as a result of such Damages (including all Expenses incurred) (i) in such proportion as is appropriate to reflect the relative benefits to the Company and/or its stockholders on the one hand, and of the Indemnified Party on the other hand, from the services rendered under this letter agreement or (ii) if the allocation provided by clause (i) above is not permitted by applicable by law, in such proportion as is appropriate to reflect not only the relative benefits referred to in clause (i) above but also the relative fault of the Company on the one hand and of the Indemnified Party on the other.  The Company agrees that for purposes of this paragraph the relative benefits to the Company and/or its stockholders and Tre Angeli in connection with the matters covered by this letter agreement will be deemed to be in the same proportion that the total value paid or received or to be paid or received by the Company and/or its stockholders in connection with the transactions contemplated by this letter agreement, whether or not consummated, bears to the fees paid to Tre Angeli under this letter agreement; provided, that in no event will the total contribution of all Indemnified Parties to all such Damages exceed the amount of fees actually received and retained by Tre Angeli under this letter agreement (excluding any amounts received by Tre Angeli as reimbursement of expenses).  Relative fault shall be determined by reference to, among other things, whether any alleged untrue statement or omission or any alleged conduct relates to information provided by the Company or other conduct by the Company (or its employees or other agents) on the one hand, or by Tre Angeli, on the other hand.

(C)   The Company agrees not to enter into any waiver, release or settlement of any Proceeding (whether or not Tre Angeli or any other Indemnified Party is a formal party to such Proceeding) in respect of which indemnification may be sought hereunder without the prior written consent of Tre Angeli (which consent will not be unreasonably withheld), unless such waiver, release or settlement (i) includes an unconditional release of Tre Angeli and each Indemnified Party from all liability arising out of such Proceeding and (ii) does not contain any factual or legal admission by or with respect to any Indemnified Party or any adverse statement with respect to the character, professionalism, expertise or reputation of any Indemnified Party or any action or inaction of any Indemnified Party.  In the event that a cause of action is asserted against an Indemnified Party arising out of or relating to the performance of his, her or its duties as financial advisor to the Future Representative, the Indemnified Party shall have the right to choose its own counsel.

(D)   If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Company's chapter 11 bankruptcy cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing

2

the Company's chapter 11 bankruptcy cases, Tre Angeli believes that it is entitled to the payment of any amounts by the Company on account of the Company's indemnification, contribution and/or reimbursement obligations under this letter agreement or arising out of the matters contemplated by this letter agreement or the engagement of or performance of services by an Indemnified Party thereunder, including without limitation, the advancement of defense costs, Tre Angeli must file an application therefore with the Bankruptcy Court, and the Company may not pay any such amounts to Tre Angeli before the entry of an order by the Bankruptcy Court approving payment. This paragraph is intended only to specify the period of time under which the Bankruptcy Court shall have jurisdiction over any request for fees and expenses by Tre Angeli for indemnification, contribution or reimbursement and not to limit the duration of the Company's obligation to indemnify Tre Angeli.

(E) The indemnity, reimbursement and contribution obligations of the Company hereunder will be in addition to any liability which the Company may have at common law or otherwise to any Indemnified Party and will be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of the Company or an Indemnified Party. The provisions of this Annex will survive the modification or termination of this letter agreement.