IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket Nos. 18821 |

## ANDERSON MEMORIAL HOSPITAL'S
## APPLICATION FOR APPEAL OF ORDER DENYING
## CLASS CERTIFICATION UNDER FED. R. BANKR. P. 7023

Anderson Memorial Hospital, through counsel, respectfully makes this application pursuant to Rules 7023, 8003 and 9014 Fed. R. Bankr. P and 28 U.S.C. § 158(a) for an appeal of the Court's May 29, 2008 Order Denying Anderson Memorial Hospital's Motion for Class Certification [Order Attached as Exhibit 1]. This motion for Leave to Appeal accompanies Anderson's Notice of Appeal filed pursuant to Rule 8001(a), FRBP. Although the underlying Order appealed from denies Anderson's motion for class certification *with prejudice*, Anderson files this motion in the event that the Court concludes that the underlying order is interlocutory in nature. Anderson anticipates filing its designation of the record pursuant to Rule 8006, FRBP regarding both the Notice of Appeal and this Motion within the ten (10) days.

### I.    INTRODUCTION AND SUMMARY

1.    The Bankruptcy Court denied Anderson's motion for class certification on the basis that Anderson had not meet the numerosity requirement of Rule 23(a), FRCP and said it would not consider other elements of Rule 23(a) because that issue was dispositive. The Court also held that the elements of Rule 23(b) had not been met.

2.    This case satisfies all three principles that this Circuit has identified to guide appellate courts in considering whether to grant or deny permission to appeal an order denying

class certification. First, the effect of the bankruptcy court's order denying class certification is tantamount to the dismissal with prejudice of the property damage claims of hundreds to thousands of absent class members who were known by the Debtors, but to whom the Debtors did not provide actual notice of the bankruptcy. The bankruptcy court's denial of class certification more than five years after the bar date effectively terminates the litigation and forecloses any chance of presenting in this bankruptcy case a property damage claim for hundreds to thousands of absent class members. Second, class certification avoids potentially ruinous liability for the Debtors. Indeed, the reorganized Debtors may be subject to suit by untold numbers of individual plaintiffs post-confirmation because, although known by the Debtors, they were not provided with actual notice of the bankruptcy filing. Third, this appeal presents novel questions of law that have not been previously considered by this Circuit, and review of the Bankruptcy Court's Order Denying Class Certification will provide the appellate courts the opportunity to determine the place of class action procedure in the bankruptcy courts of this circuit and clarify for litigants the thorny procedural issues surrounding the filing of a class claim, all of which are at issue in this case. Moreover, the bankruptcy court's foreclosure of these claims is based upon the alleged oral order to seek permission to file a class proof of claim that was followed by additional hearings at which the court and the debtors made additional comments inconsistent with the alleged oral order and ultimately entered a written bar order that contained no such requirement. All of these factors, coupled with the fact that a plan confirmation hearing has been scheduled for January of 2009, create a possibility that the bankruptcy court's Order effectively dismissing a class consisting of hundreds to thousands of asbestos property damage claims will not be reviewable unless it is done now.

3. Anderson Memorial Hospital, on its own behalf, and on behalf of the claimants it represents, has been attempting to determine the validity of property damage claims against the Debtors for fifteen years. These efforts are now at risk as the result of the entry of the order denying class certification. Accordingly, the United States District Court for the District of Delaware should exercise its discretion to allow this appeal, even if it is considered interlocutory.

4. All of these factors, coupled with the fact that a plan confirmation hearing has been scheduled for January 2009, dictate an early appellate review of these important issues so that the legal position of Anderson and the members of the class can be established before the confirmation hearing. Absent immediate appellate review, these class claimants may be deprived of their rights to participate in plan confirmation and ultimately to vote on whether the proposed plan of reorganization should be accepted or rejected.

## II. BASIS OF APPLICATION

5. This motion is made pursuant to Rule 23(f), FRCP which is made applicable to these proceedings by Rules 7023 and 9014, FRPB. Rule 23(f) provides that

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit court clerk within 10 days after the order is entered. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

6. Under 28 U.S.C. §158(a)(3), this district court is vested with appellate jurisdiction over the bankruptcy court.

7. To the extent that the Bankruptcy Court's Order Denying Class Certification may be considered interlocutory, a decision to allow an appeal from an order granting or denying class certification is within the sole discretion of the reviewing court. *Advisory Committee Notes, 1998 Amendments to Rule 23, Subdivision (f)*. The Committee went on to note that

permission would most likely be granted where the "certification turns on a novel or unsettled question of law, or when, as a practical matter, the decision on certification is likely dispositive of the litigation." *Id.* This circuit has identified three important, but not exhaustive, principles upon which appellate courts should be guided in considering whether to grant or deny permission to appeal:

> (1) when denial of certification effectively terminates the litigation because the value of each plaintiff's claim is outweighed by the costs of stand-alone litigation; (2) when class certification places inordinate or hydraulic pressure on defendants to settle, avoiding the risk, however small, of potentially ruinous liability; and (3) when an appeal implicates novel or unsettled questions of law

*Newton v. Merrill Lynch, Pierce, Fenner & Smith*, 259 F.3d 154 (3d Cir. 2001).

### III.     BACKGROUND

8.     On December 23, 1992, Anderson Memorial Hospital, with Speights & Runyan as class counsel, filed a class action against Debtors and a number of other former manufacturers of asbestos-containing surfacing materials on behalf of

> all persons, corporations, partnerships, unincorporated associations or other entities which own in whole or in part any building which contains asbestos-containing surfacing materials.

[Dk. 10001, at Exhibit G].[1] The parties litigated the putative class action in State and Federal Court for over eight years prior to Grace's Chapter 11 Petition. Among the contested issues were federal removal jurisdiction, proper venue over the action, numerous discovery matters, and several motions to dismiss and/or motions for summary judgment. Included in these matters was a motion by the defendants to strike all reference to non-South Carolina class members from the complaint based upon the South Carolina "Door Closing Statute." (S.C.Code Anno. §15-5-150).

---

[1] The Anderson Class excluded (1) any public and private elementary school within the Class Action; (2) any public and private college or university within the Class Action; (3) any commercial building leased in any part to the United States Government on or after May 30, 1986; or (4) any building owned by Federal or State Government.

[Id. at 2-13]. After a hearing on this motion, the South Carolina court issued an order striking out-of-state class members from the Anderson Complaint [Id.]. In 1995, the Court denied reconsideration of that order. [Id.]. Because that order did not conclude the case, it was not immediately appealable under South Carolina law. [Id.]. Anderson could only reserve its position for appeal at the conclusion of the case before the circuit court. [Id. at 13].

9.   After the South Carolina court entered its door-closing order, Anderson moved for class certification of the state class in 1998. [Dk. 10001, p. 7]. The South Carolina circuit court (based upon Grace's bankruptcy threat) entered an *ex parte* order conditionally certifying a state-wide asbestos property-damage action against the Debtors on February 9, 2001. [Id. at Exhibit H]. At the time the February 9, 2001 Order was entered, Anderson's class certification motion had been pending for over three (3) years and the parties were five (5) months removed from a two day evidentiary hearing on class certification. [Id. at 7-10]. Resolution of the certification motion had been substantially delayed by the Debtors' repeated requests to amend the class certification scheduling order and its requests for briefing after the hearing. [Id. at p. 9]. Debtors were subsequently provided the opportunity to fully brief the propriety of the certification order and were given a hearing as well. [Id.]. At the close of briefing and after the hearing, the South Carolina circuit court kept the certification order in effect, and subsequently issued a lengthy certification order granting class certification to Anderson for a South Carolina class as to the remaining co-defendants. [Id.][2] Debtors filed their Chapter 11 petition on April 2, 2001 before any notice to the class could issue.

---

2 The Anderson class has been specifically recognized as appropriate in the plans of reorganization in three other asbestos bankruptcies presided over by Judge Fitzgerald. *See, In Re: Federal-Mogul Global, Inc.*, Debtors, Chapter 11, Case No. 01-10578 (JKF) (Bnkrtcy.D.Del); *In Re: U.S. Mineral Products Company*, Chapter 11, Case No. 01-2471-JKF (Bnkrtcy.D.Del); *In Re: USG Corporation, et al.*, Debtors, Chapter 11, Case No. 01-2094-JKF (Bnkrtcy.D.Del.).

080609164715.DOC                                    5

10. Shortly after Debtors filed their bankruptcy petition, Debtors sought a Case Management Order which imposed a bar date. [Dk. 586]. On February 12, 2002, the Debtors filed a Revised Case Management Motion providing for the disposition of all asbestos property damage claims [Dk. 1664]. As a foundation to its proposed resolution of property damage claims, the Debtors renewed their request for a "Bar Date" for the filing of present claims for damage caused by products manufactured by Debtors. [Id. at 3]. In this motion, the Debtors proposed a "Notice Program," which essentially provided for notice by publication without any direct notice to unrepresented building owners who could be reasonably identified through the Debtors' records.[3] [Id]. The Debtors' initial proposed Bar Date Notice prohibited class proofs of claim and sought to inform claimants in the notice that they **could not rely on class actions** to protect their rights in the bankruptcy. Specifically, the Debtors included the following (with emphasis in the original):

> 7. **CLASS ACTION PROOFS OF CLAIM**
>
> Several class action lawsuits . . . involving Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, or other claims have been initiated against the Debtors. Certification of classes have been requested and/or occurred in the following matters: . . .(10) *Anderson Memorial Hospital, et al. v. W.R. Grace & Co.*, Case No. 92-CP-25-279 (Ct of Common Pleas, Hampton Co. S.C.) . . .
>
> **If you are a member of any of the classes which hold Claims against the Debtors, including but not limited to the classes referred to in the Class Actions outlined above, you must file an INDIVIDUAL proof of claim before the applicable Bar Date if you intend to assert a claim. Please take notice that class proofs of claim will not be allowed and you may not rely on any such class proof of claim. Unless you file an individual proof of claim before the applicable Bar Date, you will be forever barred from asserting a claim against the Debtors.**

---

3 Unlike the Grace notice, Judge Newsome required direct notice to building owners who could be identified from the Debtors' records in three asbestos bankruptcies. *In Re: Federal-Mogul Global, Inc.*, Debtors, Chapter 11, Case No. 01-10578 (JKF) (Bnkrtcy.D.Del); *In Re: U.S. Mineral Products Company*, Chapter 11, Case No. 01-2471-JKF (Bnkrtcy.D.Del); *In Re: USG Corporation, et al.*, Debtors, Chapter 11, Case No. 01-2094-JKF (Bnkrtcy.D.Del.).

[Dk. 1664, p. 7].

11.    Three days later, the Debtors filed their Brief Regarding Bar Date and Class Notice. [Dk. 1677]. In this brief, the Debtors argued that "class certification can and should be dealt with down the road, after the claims have come in." [Id., pp. 1-4]. Debtors also argued that the Third Circuit had not had the opportunity to address and should not adopt *In re: American Reserve*, , 840 F.2d 487, n. 3 (7th Cir.1987). [Id.]. Counsel for the Debtors further argued that:

> A class representative cannot possibly comply with Rule 2019 since **many class members are unidentified and may be unidentifiable.** Rule 3001(b) permits "authorized" agents to file proofs of claim on behalf of creditors, but **a self-appointed class representative is not an authorized agent. In order to comply with Rule 3001(b), a class representative would have to obtain authorization from each individual class member, thus precluding filings on behalf of unidentified claimants.** Further, Rule 3003(c)(2) allows a debtor's creditor to participate in voting and distribution of estate assets only where that creditor has filed a proof of claim. This "stringent requirement" is simply not satisfied where a class representative files a proof of claim on behalf of absent class members.

[Id., p. 5].

12.    Finally, Debtors argued that even if the Court should follow *In re: American Reserve*, "a bar date would still need to be set and a class proof of claim filed." [Id., p. 4]. As explained by Debtors' counsel:

> A claims bar date had been set and the time for filing such claims had passed before the court addressed the class issues in <u>American Reserve</u>, 71 B.R. 32, 33 (N.D. Ill. 1987). **The purported class claimants had filed a timely proof of claim in the bankruptcy case on behalf of themselves and all other policyholders of the debtor.**

[Id., pp. 7-8].

13.    Significantly, the Debtors did not argue that a claimant needed the permission of the Court to file a class proof of claim. [Id.].

14. On February 25, 2002, the Court conducted its first hearing on the Debtors' Revised Motion for Case Management Order. The Court stated early on that it wanted to send out a property damage Bar Notice, and that it would decide later how to deal with the asbestos property damage claims once it got the basic information from the proofs of claim. [Dk. 1793, pp. 60-61]. After entertaining extensive arguments on the Debtors' proposed proof of claim form and notice program, the bankruptcy court sent the Debtors and the Asbestos Property Damage Committee back to the drawing board to work out differences and report back at the March omnibus hearing. [Id., p. 91].

15. Near the end of the February hearing, the Property Damage Committee's counsel (Mr. Baena) pointed out that the Debtors' proposed Proof of Claim was not designed to be used for a class proof of claim. [Id., p. 96]. Of course, at that time, Debtors' proposed Bar Date Notice prohibited class proofs of claim altogether. [Dk. 1664]. The bankruptcy court agreed and noted that "it seems to me that the process that Judge Gambardella followed" in *In re: First Interregional* "makes good sense" and is a "very efficient process. [Dk. 1793, p. 97]. The bankruptcy court went on to say that she had a "call into Judge Gambardella to ask how it actually worked, because at the moment I don't know that. I'm only reading it from the case." [Id., p. 98]. The Court explained that – without "making rulings," and "just talking in general terms" – "I think there is some benefit to using that class process," and it "may be appropriate in this case." [Id., pp. 97-98]. The Court then addressed the issue of how absent class members could be included in the bankruptcy proceedings:

> The issue that she addressed, and in fact other Courts have addressed, is whether you need to file an individual proof of claim either in addition to or in lieu of the class claim. She, and most of the other Courts that looked at this issue, decided you do not need the individual claims if you permit the class proof of claim, because in some senses it's duplicative. In other senses it essentially wipes out the class action aspects of the proof of claim

> form. I'm inclined to think that's probably right. **But I'm not sure in every given case that you don't also need either an individual claim form or an identification of the Claimant.** In her case she did not need to get into the individual proof of claim form because attached to the class group was a list of all the putative claim holders. And she found that that was sufficient.
>
> So that's what I think we need to do. We need to figure out how to get appropriate notices out. Then we need to figure out who the putative class members are. And then we need a list. Somewhere or other the Debtor needs a list of who the putative class members are. And it's gonna be important for both estimation and actual damage issues if we get that far.

[Id., pp. 97-98] (emphasis supplied).

16. Earlier during the hearing, Anderson's counsel, who was present as a member of the Property Damage Committee, briefly explained that Anderson was the representative of a certified class action on behalf of Property Damage Claimants. [Id., pp. 53-54]. During its discussion of *In re: Interregional*, the Court asked about the Anderson class, and the following exchange occurred.

> THE COURT: But who are the Claimants? I don't care about the number of buildings. Who are the Claimants? In that case, for example, are they all public buildings owned by the State of South Carolina?
>
> MR. SPEIGHTS: No. They are all private buildings, commercial buildings, houses, churches, schools who opted out of the school's class, and colleges who opted out. It's every type of building except Government buildings.
>
> MR. BERNICK: There's an issue there about how many of them were settled. But Mr. Speights just made my case, which is that even if you had a large group of claims, you'd still have to know all about all those -- how many of those people have what type of buildings, and are they really gonna step forward at the end of the day and seek to have their particular claims recovered out of the class.
>
> * * *
>
> THE COURT: **I think you can do it in several ways. But the way that Judge Gambardella looked at this issue was to say that attach -- at some point, yes. Somebody has the burden of coming forward to**

>**identify the Claimants and, in this instance I think, the building involved in the damages asserted. I agree with that. The question is, do you do it by individual proof of claim forms? Do you permit a class proof of claim form and have the representatives of the class adopt the burden of identifying the class members?**
>
>MR. BERNICK: No, that's what's very, very different.
>
>THE COURT: That's what she did.
>
>MR. BERNICK: But, no, what she did was a little bit different. What she did was to say, "I'm gonna let this case proceed as a class." And it actually had it defined under a people. And we're going to have them identify the Claimants. **We're gonna go through class discovery --**
>
>THE COURT: **Right**.

[Id., pp. 101-102] (emphasis supplied).

17.   At the end of hearing, the bankruptcy court announced it would follow the *Interregional* case, which adopted *American Reserve* in all respects: it permitted class proofs of claim; and it permitted a putative class representative to seek certification of a class that included persons who did not file individual claims by the Bar Date.[4] The bankruptcy court had said that it was "probably right" that individual claims were unnecessary if class proofs of claim were permitted, but that it was "not sure in every given case that you don't "**also**" need either an individual claim form or an identification of the claimant." [Id., pp. 98-99]. The court also said that the Debtors "need a list of who the putative class members are." [Id., p. 99]. The bankruptcy court also said that class representatives probably needed to supply individual claim forms identifying class members or a list of class members as a part of class claim. [Id., p. 98]. Finally, the bankruptcy court agreed with Debtors that the building owners who were absent class members could be identified through discovery after the claims had been filed and the bar date had passed. [Id., p. 102].

---

[4] *In Re First Interregional Equity Corp.*, 227 B.R. 358, 367 (D. N.J. 1998).

18.     While the bankruptcy court initially said that it wanted a motion filed to determine whether a class proof of claim is appropriate, [Id., pp. 107-108], the bankruptcy court also agreed with Mr. Baena, counsel for the Property Damage Committee, that the potential class representatives needed specific notice if the court where to impose such a requirement. Id., pp. 107-109]. More importantly, the Debtors consistently opposed any requirement that class claimants seek permission to file a class proof of claim, [Id., pp. 104-105, 108-109; March 13, 2002 Letter from David Bernick to the Honorable Judith K. Fitzgerald], and after taking this position over the course of subsequent hearings and communications to the court, the bankruptcy court ultimately placed no such requirement in its final order on the Debtors' revised motion dated February 12, 2002. [Dk. 1963]. Accordingly, at the urging of the Debtors, the court apparently changed its mind on this point in subsequent hearings. [Id.]. More importantly, the bankruptcy court never gave or required any notice to class representatives that they would be required to seek permission to file class proof of claims (as it said it would if that was its ruling). [Dk. 1793, pp. 107-109]. Most importantly, the bankruptcy court deleted the prohibition on class proof of claims and the requirement that class members would have to file individual claims and could not rely upon class actions to preserve their claims in its final bar date order and bar date notice. [Dk. 1960; Dk. 1963].

19.     Following the February 25, 2002 hearing, the Zonolite Attic Insulation Claimants, perhaps out of an abundance of caution, filed a motion seeking permission to file a class proof of claim. [March 13, 2002 Letter from David Bernick to the Honorable Judith K. Fitzgerald]. Although unknown to Anderson or its counsel at the time, the Debtors' counsel immediately and strongly reacted with a letter to the Court in which it urged the Court to follow *American Reserve* and *Interregional* and not require permission to file class proofs of claim. [I]. Furthermore, the

Debtors took the absolute position that, "Rule 23 is not even applicable until claims are filed **and objected to.**" [Id.].[5]

20. On March 18, 2002, the Court conducted a second hearing on the Debtors' Revised Case Management Order Motion. The Court immediately told the parties that while it had not focused on the class proof of claim motion (which had just been filed and was not set for hearing that day), with respect to the Zonolite Attic Insulation issues, it almost had to decide whether the class of proof claim concept is viable." [Dk. 1912, pp. 53-130]. It was during this discussion that Debtors, aided by the PI Committee, convinced the Court that a claimant did not need permission to file a class proof of claim. [Id., pp. 126-128].

21. Ten days before the April Omnibus Hearing, the Debtors filed their revised Bar Date Notice Plan, Proof of Claim Forms and Related Materials ("Final Bar Date Package"). [Dk. 1926]. The Bar Date Notice in this final package omitted Paragraph 7 ("**CLASS PROOFS OF CLAIM**") from the previous proposed Bar Date Notice. [Dk. 1960]. The final notice proposed by the debtors (and ultimately signed by the bankruptcy court) did not prohibit filing class proof of claims and did not notify property damage claimants that they could not rely on a class proof of claim. [Dk. 1960; Dk. 1963]. Given the events of the prior hearings, this maneuver was tantamount to an admission by the Debtors that a class representative could file a class proof of claim and that absent class members could rely upon a class proof of claim.

---

[5] As recently as February 25, 2008, Debtors' counsel has taken this same position, urging the bankruptcy court that

> The Debtors' views with respect to class certification haven't changed [since 2002]. Indeed, they've been underscored by Your Honor's determination. But under any set of circumstances, under the rules, Rule 23 doesn't get brought, doesn't, can't be brought to bear until there's a contested matter, and until therefore, there are claims as to which there is an objection. We're not going to have a contest with respect to which there can be class certification. And that's very clear under the *American Reserve* decision, and under the rules.

[Dk. 18233, pp. 24-25].

22. After the close of the April 26, 2002 omnibus hearing, the bankruptcy court entered the order adopting the language in the bar notice proposed by the Debtors. [Dk. 1963]. The bar date was set for March 31, 2003. Anderson filed two class proofs of claim: one for the certified pre-petition class action including South Carolina buildings, and one for the putative class action encompassed by its original class action complaint. [See, Proof of Claim Nos. 9911 and 9914 (w/ attachments)].

23. It was not until September 1, 2005 that the Debtors filed objections to these two class proofs of claim. [Dk. 9311; Dk. 9315].

24. Within weeks of receiving the Debtors' claim objections, on October 21, 2005 Anderson filed a Motion for Class Certification under Rules 9014 and 7023, FRBP seeking to certify an asbestos property damage class. [Dk. 10014]. Anderson's Motion for Class Certification of two classes (the pre-petition certified state class and the non-South Carolina putative class) was argued July 5, 2007. [Dk. 16422]. During this period, the Debtors announced that they had reached a settlement with the Bodily Injury constituencies that would result in a revised plan of reorganization. [Debtors' Press Release, April 7, 2008]. The bankruptcy court has scheduled a plan confirmation hearing on the Debtors' revised plan of reorganization for January of 2009. The complexity of the issues is perhaps indicative of the fact that this motion remained under advisement for almost a year before the bankruptcy court denied class certification by order entered on May 29, 2008. [Dk. 18821].

IV. **QUESTIONS PRESENTED FROM BANKRUPTCY COURT'S ORDER**

25. There are two primary compelling questions for review flowing from the bankruptcy court's order denying class certification:

(1) Whether it was error for the bankruptcy court to limit its consideration of numerosity to only those claimants who had independently filed their own proofs of claim prior to the bar date; and

(2) Whether it was error for the bankruptcy court to find in 2008 that it had, on February 25, 2002, orally ordered property damage claimants to seek permission to file class proofs of claim in advance of the bar date when examination entire record before the court in 2002 including the bar order itself does not support such a finding.

26. There is substantial authority to suggest that the bankruptcy court's limitation of potential class members to those who had independently filed individual claims pursuant to the bar notice is error. Indeed, the bankruptcy court acknowledged the holding in *In re: First Interregional Equity Corp.*, 227 B.R. 358, 371 (Bankr.D.N.J. 1998) that a requirement that a class be limited to those who had filed individual claim was "illogical and contrary to most important class action policy considerations." *See also, In re: American Reserve*, 840 F.2d 487 (7th Cir. 1987) (allowing class proof of claim on behalf of class members who did not file individual claims); *In re: Charter Company*, 876 F.2d 866 (11th Cir. 1989) (same).

27. The bankruptcy court attempts to side-step this legal principle by finding that it specifically ordered that class claimants file a motion seeking permission to file a class proof of claim in advance of the bar date. [Order, n. 7]. However, examination of the whole record establishes that this finding is severely flawed. This finding, which is based upon an exchange made by the bankruptcy court at a February 26, 2002 omnibus hearing[6] ignores:

(1) that the bankruptcy courts' statements were made shortly after the court had stated that it was "talking in general terms" and "without making any rulings," [Dk. 1793, pp. 97-98];

(2) the bankruptcy court later acknowledged that if it was to require a motion seeking permission to file class proofs of claim would be required, that class representatives were entitled to receive notice of that fact [Id., pp. 107-109];

---

6 The statements cited by the bankruptcy court are on pages 99-111 of the transcript. [Dk. 1793].

080609164715.DOC                    14

(3) the bankruptcy court never gave or approved a notice that permission to file a class proof of claim would be required [Dk. 1960; Dk. 1963];

(4) the Debtors consistently argued to the bankruptcy court that a motion seeking permission to file a class proof of claim was unnecessary and unsupported by the case law and bankruptcy rules [Dk. 1793, pp. 104-105, 108-109; March 13, 2002 Letter of David Bernick to the Honorable Judith K. Fitzgerald; Dk. 1912, pp. 126-128; Dk. 18233, pp. 24-25]; and

(5) the bar notice finally proposed by the Debtors and approved by the bankruptcy court two months and several hearings later conspicuously removed the language that prohibited class proofs of claim and specifically attempted to notify class members that they could not rely on class claims. [Dk. 1960; Dk. 1963].

### V. ANDERSON'S PETITION FOR PERMISSION TO APPEAL SHOULD BE GRANTED

28.     This circuit has identified three primary criteria for consideration of whether an appeal under Rule 23(f), FRCP should be granted:

> (1) when denial of certification effectively terminates the litigation because the value of each plaintiff's claim is outweighed by the costs of stand-alone litigation; (2) when class certification places inordinate or hydraulic pressure on defendants to settle, avoiding the risk, however small, of potentially ruinous liability; and (3) when an appeal implicates novel or unsettled questions of law

*Newton v. Merrill Lynch, Pierce, Fenner & Smith*, 259 F.3d 154 (3d Cir. 2001). Of these three, the first and third are clearly implicated in this instance.

29.     First, the real and practical effect of the bankruptcy court's order denying class certification is tantamount to the dismissal with prejudice of property damage claims of hundreds to thousands of absent class members who relied upon the Anderson class action and did not file individual proofs of claim in the Grace Bankruptcy. By finding that only claimants who independently filed their own proofs of claim prior to the bar date, can be counted as potential class members, the bankruptcy court has effectively excluded and dismissed absent class members from pursuing an asbestos property damage claim against the Debtor. Because this

purports to terminate all rights of those class members or at least those who have been provided appropriate notice to satisfy due process requirements to participate in the Grace bankruptcy, this appeal should be heard.

30.   Second, class certification in this case would avoid potentially ruinous liability for the Debtors because the members of the purported class who did not receive actual notice of this bankruptcy case will hold claims that are not subject to any discharge obtained by the Debtor.

31.   Additionally, as is clear from the record presented in this case, the Third Circuit has yet to consider the important procedural and substantive questions that have previously been decided by a number of other circuits regarding class proofs of claim in bankruptcy. This circuit has yet to formally adopt or reject the reasoning of *In re: American Reserve*, 840 F.2d 487 (7th Cir. 1987), and its progeny.[7] Moreover, if the law in this circuit is to be that class actions are allowed in bankruptcy procedure, then this appeal would present a great opportunity to set forth the rules and procedures under which the class proof of claim may be filed. Such questions include, but are not limited to

>   (1) will the third circuit allow class proofs of claim like the seventh, eleventh, ninth, and first circuits, or will it follow the tenth circuit and find that class claims are not allowed in bankruptcy? *Compare, In re: American Reserve*, 840 F.2d 487 (7th Cir. 1987) (allowing class proofs of claim in bankruptcy) *with, In re: Standard Metals Co.*, 817 F.2d 625 (10th Cir.), *van's on other grounds*, 839 F.2d 1383 (10th Cir. 1987) (class proofs of claim not allowed in bankruptcy).

>   (2) in spite of the absence of any bankruptcy rule to this effect, can a bankruptcy court require class representatives to request permission to file a class proof of claim in advance of the bar date? *Compare*, Dk. 1793, pp. 107-109 with *In re: Charter Co.*, 876 F.2d 866 (11th Cir., 1989), *In re: First Interregional Equity Corp.*, 227 B.R. 358, 367 (D.N.J. 1998) and Rule 9014, FRBP (requiring a "contested matter" or "claim objection" before Rule 7023, FRBP becomes applicable to bankruptcy case).

---

7 *See, In re: Charter Co.*, 876 F.2d 866 (11th Cir. 1989); *In re: Birting Fisheries*, 92 F.3d 939 (9th Cir. 1996); *In re: Trebol Motors Dist. Corp.*, 220 B.R. 500 (BAP 1st Cir. 1998).

(3) if a bankruptcy court can impose such a requirement, is it required to give written notice of that requirement to all potential class representatives in advance? *See*, Dk. 1793, pp. 107-109; *see also* 11 U.S.C. §523(a)(3) and *Clemton v. Jones,* 72 F.3d 341 (3d Cir. 1995).

(4) must such a requirement be clearly stated in the notice of the bar order? [Id.].

(5) if such a requirement is not permissible or is improperly noticed, at what stage of the bankruptcy proceedings must a creditor claimant seek to invoke Rule 7023, FRBP? *Compare In re: Charter Co., with In re: Sacred Heart,* 177 B.R. 16, (E.D.Pa. 1995).

(6) Can Rule 7023, FRBP be invoked to require a class claimant to file a motion for class certification even though there has been no objection to a class action creditor's claim? *Id.*

All of these procedural and substantive issues present themselves for adjudication of this appeal.

## VI.   CONCLUSION

32. Anderson Memorial Hospital respectfully requests that permission to appeal Judge Fitzgerald's May 29, 2008 Order be granted to insure that the absent class members Anderson sought to represent have the opportunity to appeal what is in effect a final judgment against them and also to obtain a definitive ruling from the appellate courts of the third circuit on the propriety and appropriate procedures for pursuing a class action in bankruptcy court.

DATED: June 9, 2008

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
E-mail:    loizides@loizides.com

- and -

                    Daniel A. Speights (SC Fed. ID No. 4252)
                    Marion C. Fairey, Jr. (SC Fed ID No. 6101)
                    SPEIGHTS & RUNYAN
                    200 Jackson Avenue East
                    Post Office Box 685
                    Hampton, SC  29924
                    Telephone:    (803) 943-4444
                    Facsimile: (803) 943-4599

                    *Counsel for Anderson Memorial Hospital*