# EXHIBIT A

## Proof of Claim for 1998 Credit Agreement

# WR Grace

Bankruptcy Form 10
Index Sheet

SR00000559

| Claim Number: | 00009168 | Receive Date: | 03/28/2003 |

## Multiple Claim Reference

Claim Number _____

- ☐ MMPOC — Medical Monitoring Claim Form
- ☐ PDPOC — Property Damage
- ☐ NAPO — Non-Asbestos Claim Form
- ☐ Amended

Claim Number _____

- ☐ MMPOC — Medical Monitoring Claim Form
- ☐ PDPOC — Property Damage
- ☐ NAPO — Non-Asbestos Claim Form
- ☐ Amended

## Attorney Information

Firm Number:                           Firm Name:

Attorney Number:                       Attorney Name:

Zip Code:

Cover Letter Location Number:

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☒ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |

| Other | ☐ Non-Standard Form | |
|---|---|---|
| | ☐ Amended | |
| | ☐ Post-Deadline Postmark Date | |

Box/Batch: WRBF0037/WRBF0148                           Document Number: WRBF007396

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | | **GRACE NON-ASBESTOS PROOF OF CLAIM FORM** |
|---|---|---|
| Name of Debtor.[1] W.R. Grace & Co.-CONN. and each of the Guarantors and additional borrowers listed on the attached Schedule I | Case Number 01-01139 (JKF) (Jointly Administered) | |

**NOTE:** Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. Those claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

| | | |
|---|---|---|
| Name of Creditor (The person or other entity to whom the Debtor owes money or property):<br><br>JPMorgan Chase Bank<br>As Administrative Agent for the Credit Agreement dated as of May 14, 1998 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case. | THIS SPACE IS FOR COURT USE ONLY |
| Name and address where notices should be sent:<br><br>270 Park Avenue<br>New York, New York 10017<br>Attention: Thomas F. Maher | ☐ Check box if the address differs from the address on the envelope sent to you by the court. | |
| Account or other number by which creditor identifies Debtor:<br>Not Applicable | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated: _____ | |

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:
W.R. Grace & Co.-CONN. and each of the Guarantors and additional borrowers listed on Schedule 1 to the attached

| 1.  Basis for Claim | | |
|---|---|---|
| ☐ Goods sold<br>☐ Services performed<br>☐ Environmental liability<br>☒ Money loaned<br>☐ Non-asbestos personal injury/wrongful death<br>☐ Taxes<br>☐ Other_____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br><br>Your SS #: _____<br>Unpaid compensation for services performed<br>from _____ to _____ (date) | |

| 2.  Date debt was incurred: Various, including March 15, 2001. | 3.  If court judgment, date obtained: |
|---|---|

**4.  Total Amount of Claim at Time Case Filed:**    $ See attached

If all or part of your claim is secured or entitled to priority, also complete Item 5 below.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5.  Classification of Claim.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

| | |
|---|---|
| ☐ **SECURED CLAIM** (check this box if your claim is secured by collateral, including a right of setoff.)<br><br>Brief Description of Collateral:<br><br>☐ Real Estate     ☐ Other (Describe briefly)<br>_____<br>Amount of arrearage and other charges at time case filed included in secured claim above, if any: $_____<br>Attach evidence of perfection of security interest<br><br>☒ **UNSECURED NONPRIORITY CLAIM**<br>A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim. | ☐ **UNSECURED PRIORITY CLAIM** - Specify the priority of the claim.<br><br>☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___). |

| | This Space is for Court Use Only |
|---|---|
| 6.  **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. | |
| 7.  **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. | |
| 8.  **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | |

| Date<br>March 27, 2003 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>JPMORGAN CHASE BANK,<br>AS ADMINISTRATIVE AGENT<br><br>Thomas F. Maher, Managing Director | WR Grace    BF.37.148.7396<br>**00009168**<br>SR=559 |
|---|---|---|

**REC'D MAR 2 8 2003**

[1]    See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and other names used by the Debtors.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO., et al.;** | ) | **Case No. 01-01139 (JFK)** |
| | ) | **Jointly Administered** |
| **Debtors** | ) | |
| | ) | |
| | ) | |

### MASTER PROOF OF CLAIM OF JPMORGAN CHASE BANK, IN ITS CAPACITY AS AGENT FOR THE CLAIMANTS UNDER THE CREDIT AGREEMENT DATED AS OF MAY 14, 1998, IDENTIFIED HEREIN

1.    The undersigned, Thomas F. Maher, whose business and mailing address is 270 Park Avenue, New York, New York 10017, is a Managing Director of JPMorgan Chase Bank (formerly known as The Chase Manhattan Bank; "JPMorgan Chase"), a banking corporation formed and existing under the laws of the State of New York, with offices at 270 Park Avenue, New York, New York 10017.  JPMorgan Chase is the administrative agent (in such capacity, the "Agent") for itself and the other banks and financial institutions (collectively, the "Lenders"; together with the Agent, the "Claimants") from time to time parties to the Credit Agreement, dated as of May 14, 1998 (as amended, supplemented or otherwise modified prior to the Petition Date referenced below, the "Credit Agreement"), among W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), ("W.R. Grace"), W.R. Grace & Co.–CONN., the Lenders party to the Credit Agreement, the Agent and Chase Securities, Inc., as Arranger.  Pursuant to the "Claims Bar Date Notice Order" entered by the Bankruptcy Court on April 25, 2002 and the "Order as to all Non-Asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Dates, (II) Approving Proof of Claim Forms, and (III) Approving Notice Program" entered by the Bankruptcy Court on April 25, 2002, the Agent has been authorized to file this master proof of claim (this "Master Proof of Claim") on behalf of all of the Claimants.

2.  The Agent is filing this Master Proof of Claim in order to set forth the

aggregate claims of each Claimant as of April 2, 2001 (the "Petition Date") against (a) W.R.

Grace & Co.-CONN., (b) W.R. Grace and W.R. Grace & Co.-CONN. as guarantors (together,

the "Guarantors"), and (c) to the extent that any of them are Additional Borrowers under the

Credit Agreement, each entity set forth on Schedule I hereto (collectively with W.R. Grace &

Co.-CONN. and the Guarantors, the "Debtors"),  arising under or in connection with the loans,

extensions of credit and other financial accommodations made by the Claimants to the Debtors

under or pursuant to the Credit Agreement.  All such loans, extensions of credit and other

financial accommodations, and all fees and other amounts owing under, or in connection with,

the Credit Agreement are hereinafter referred to as the "Pre-Petition Obligations".

3.  (a) The Debtors were, as of the Petition Date, and still are indebted (or liable)

(i) to the Claimants as set forth on Schedule II hereto in respect of loans made by the Claimants

to the Debtors under the Credit Agreement in the aggregate principal amount as of February 11,

2003 of not less than $250,000,000 (the "Total Principal Amount") and (ii) to each Lender in an

amount not less than the sum of the amounts set forth opposite such Lender's name on Schedule

II hereto under the heading "Principal Outstanding", plus in each case (A) interest thereon (in

amounts determined at the rates set forth in the Credit Agreement) accrued and unpaid as of the

Petition Date and accrued and accruing subsequent to the Petition Date and (B) facility and other

fees (in amounts determined at the rates set forth in the Credit Agreement) accrued and unpaid as

of the Petition Date and accrued and accruing subsequent to the Petition Date, and for such

additional amounts as described in paragraphs 3(c), 3(d) and 6 below.

(b) The amount of the Claimants' claims against the Debtors on account of

interest accrued as of the Petition Date and accruing subsequent to the Petition Date on the Total

Principal Amount (including interest accrued and accruing in respect of any drawing under the letters of credit), and any fees payable under the Credit Agreement, shall be reduced by the amount, if any, of such interest and fees paid to the Claimants after the Petition Date.

(c) The Debtors are also indebted (or liable) to the Claimants for fees and costs and expenses, including attorneys' fees, incurred before or after the Petition Date to the extent provided in the Credit Agreement.

(d) The Guarantors were, as of the Petition Date, and still are, liable to the Claimants for the repayment of the Pre-Petition Obligations, including without limitation the amounts set forth in paragraphs 3(a) through 3(c) above and paragraph 6 below.

4. The consideration for the indebtedness owing to the Claimants (or ground of liability) described in this Master Proof of Claim is the loans, extensions of credit and other financial accommodations made by the Claimants pursuant to, or in connection with, the Credit Agreement.

5. By reason of the foregoing, the Debtors are indebted (a) to the Claimants as set forth on Schedule II hereto in the aggregate principal amount as of February 11, 2003 of not less than $250,000,000 in respect of loans made under the Credit Agreement plus (i) interest thereon (in amounts determined at the rates set forth in the Credit Agreement) accrued and unpaid as of the Petition Date and accrued and accruing subsequent to the Petition Date and (ii) facility and other fees (in amounts to be determined at the rates set forth in the Credit Agreement and the other Loan Documents) accrued and unpaid as of the Petition Date and accrued and accruing subsequent to the Petition Date and (b) to each Lender in an amount not less than the sum of the amounts set forth opposite such Lender's name on Schedule II hereto under the headings entitled "Principal Amount", plus in each case (i) interest thereon (in amounts

4

determined at the rates set forth in the Credit Agreement) accrued and unpaid as of the Petition

Date and accrued and accruing subsequent to the Petition Date and (ii) facility and other fees (in

amounts determined at the rates set forth in the Credit Agreement) accrued and unpaid as of the

Petition Date and accrued and accruing subsequent to the Petition Date.  Estimated pre-petition

interest and facility fees are shown as amounts not less than those set forth under columns

bearing those titles on Schedule II hereto.

      6.  In addition to the amounts claimed above, the Debtors are also liable to the

Claimants and for such fees, indemnities, and costs and expenses as have accrued or have been

incurred before or after the Petition Date and thereafter accrue or are incurred to the extent set

forth in the Credit Agreement.  In this regard, the Debtors are obligated pursuant to the Credit

Agreement to reimburse each Claimant for all of its costs and expenses, including attorneys' fees

and disbursements, incurred in connection with, among other things, any Debtor's defaults under

the Credit Agreement.  This Master Proof of Claim is without prejudice to the right of the

Claimants to claim such fees and other expenses as administrative expenses of these cases

pursuant to Section 503(b) of Title 11 of the United States Code (the "Bankruptcy Code").

      7.  Annexed hereto as Exhibit A is an index of the principal documents upon

which this Master Proof of Claim is based.  Because of their voluminous nature, the Agent has

not annexed hereto as separate exhibits copies of such documents.  Rather, the Agent will

provide copies upon the reasonable written request delivered to counsel for the Agent made by

any party in interest in these cases.

      8.  The claims set forth in this Master Proof of Claim are not subject to any valid

set-off or counterclaim, except to the extent of any rights of set-off in favor of any Claimant

which existed as at the petition date.

9.   No judgment has been rendered on the claims set forth in this Master Proof of Claim.

10. The amount of all payments on the claims set forth in this Master Proof of Claim has been credited and deducted for the purpose of making this Master Proof of Claim.

11. The Agent reserves the right to amend and/ or supplement this Master Proof of Claim and each of the Schedules and Exhibits hereto at any time and in any manner, including without limitation, to reflect a change in the holders or the allocation of the claims of the Claimants set forth on Schedule II hereto resulting from any transfer of such claims. Each Claimant reserves the right to file additional proofs of claim for additional claims which may be based on the same or additional documents. Each Claimant further reserves the right to file proofs of claim for administrative expenses or other claims entitled to priority.

12. The Agent also files this Master Proof of Claim on behalf of any creditor or class of creditors whose claims are subordinate to the claims of the Claimants (collectively, the "Subordinated Claims") and the Agent, on behalf of the Claimants, hereby asserts additional claims against the Debtors in the amount of any such Subordinated Claims. The Claimants hereby assert their right to enforce, and claim all benefits accorded by, any and all subordination provisions which exist in respect of the Subordinated Claims. The Agent also reserves the right to amend or supplement this Master Proof of Claim as may be necessary or appropriate to preserve the benefits of such Subordinated Claims or to further protect the rights and remedies of the Claimants with respect to any such Subordinated Claims.

13. This Master Proof of Claim is filed to protect the Claimants from potential forfeiture of their claims. The filing of this Master Proof of Claim shall not constitute: (a) a consent by the Claimants to the jurisdiction of this Court with respect to the subject matter of the

6

claims set forth in this Master Proof of Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in these cases against or otherwise involving any Claimant, (b) a waiver of the right of the Claimants to trial by jury in any proceedings so triable in these cases or any controversy or proceedings related to these cases or (c) an election of remedies.

14. All notices concerning this Master Proof of Claim shall be sent to:

> JPMORGAN CHASE BANK,
> as Administrative Agent
> 270 Park Avenue
> New York, New York  10017
> Attn:  Thomas F. Maher
>
> with a copy to:
>
> SIMPSON THACHER & BARTLETT
> Attorneys for JPMorgan Chase Bank
> 425 Lexington Avenue
> New York, New York  10017
> Attn:  Peter Pantaleo, Esq.
>       Richard W. Douglas, Esq.

SCHEDULE I

**Guarantors**

W.R. Grace & Co.
W.R. Grace & Co.-CONN.

**Additional Borrowers**

A-I Bit & Tool Co., Inc.
Alewife Boston Ltd.
Alewife Land Corporation
Amicon, Inc.
CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.)
CCHP, Inc.
Coalgrace, Inc.
Coalgrace II, Inc.
Creative Food 'N Fun Company
Darex Puerto Rico, Inc.
Del Taco Restaurants, Inc.
Dewey and Almy, LLC (f/k/a Dewey and Almy Company)
Ecarg, Inc.
Five Alewife Boston Ltd.,
GC Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.)
GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.)
GEC Management Corporation
GN Holdings, Inc.
GPC Thomasville Corp.
Gloucester New Communities Company, Inc.
Grace A-B Inc.
Grace A-B II Inc.
Grace Chemical Company of Cuba
Grace Culinary Systems, Inc.
Grace Drilling Company
Grace Energy Corporation
Grace Environmental, Inc.
Grace Europe, Inc.
Grace H-G Inc.
Grace H-G II Inc.
Grace Hotel Services Corporation
Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.)
Grace Offshore Company
Grace PAR Corporation
Grace Petroleum Libya Incorporated
Grace Tarpon Investors, Inc.
Grace Ventures Corp.
Grace Washington, Inc.

W.R. Grace Capital Corporation
W.R. Grace Land Corporation
Gracoal, Inc.
Gracoal II, Inc.
Guanica-Caribe Land Development Corporation
Hanover Square Corporation
Homco International, Inc.
Kootenai Development Company
LB Realty, Inc.
Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos
    Management, Inc.)
Monolith Enterprises, Incorporated
Monroe Street, Inc.
MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation)
MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.)
MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.)
Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating
    Corp., Emerson & Cuming, Inc.)
Southern Oil, Resin & Fiberglass, Inc.
Water Street Corporation
Axial Basin Ranch Company
CC Partners (f/k/a Cross Country Staffing)
Hayden-Gulch West Coal Company
H-G Coal Company

SCHEDULE II

CLAIMANTS

| Credit Agreement dated as of May 14, 1988, Holdings as of March 11, 2003 | | | | |
|---|---|---|---|---|
| Claimant | Principal Amount ($) | Estimated Pre-petition Interest ($) | Estimated Pre-petition Facility Fees ($) | Pre-Petition Total |
| Bank of Nova Scotia | 14,705,882.35 | 86,219.77 | 1,531.00 | 14,793,633.12 |
| Bear Stearns & Co. Inc. | 31,342,502.62 | 183,759.35 | 3,263.01 | 31,529,524.98 |
| Cypress Management Partnership | 2,000,000.00 | 11,725.89 | 208.22 | 2,011,934.10 |
| D.K. Acquisition Partners, L.P. | 81,835,674.50 | 479,798.02 | 8,519.75 | 82,323,992.26 |
| Deutsche Bank Trust Company Americas | 21,705,882.44 | 127,260.38 | 2,259.76 | 21,835,402.58 |
| Dresdner Bank AG | 14,705,882.35 | 86,219.77 | 1,531.00 | 14,793,633.12 |
| Goldman Sachs Credit Partners L.P. | 5,294,118.23 | 31,039.12 | 551.16 | 5,325,708.51 |
| JPMorgan Chase | 34,705,882.36 | 203,478.66 | 3,613.16 | 34,912,974.18 |
| King Street Capital, L.P. | 38,998,292.80 | 228,644.83 | 4,060.03 | 39,230,997.66 |
| Morgan Stanley Emerging Markets, Inc. | 4,705,882.35 | 27,590.33 | 489.92 | 4,733,962.60 |
| **Total** | **250,000,000.00** | **1,465,736.12** | **26,027.00** | **251,491,763.12** |

EXHIBIT A

Principal Documents

CREDIT AGREEMENT

1.  The Credit Agreement dated as of May 14, 1998, among W.R. Grace, W.R. Grace & Co.-CONN., the Lenders party thereto, the Agent and Chase Securities, Inc, as Arranger.

OTHER

2.  "Claims Bar Date Notice Order" entered by the Bankruptcy Court on April 25, 2002.

3.  "Order as to all Non-Asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Dates, (II) Approving Proof of Claim Forms, and (III) Approving Notice Program" entered by the Bankruptcy Court on April 25, 2002.