# EXHIBIT 1

Court File No. 01-CL-4081

## SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

| | | |
|---|---|---|
| THE HONOURABLE | ) | WEDNESDAY, THE 4TH DAY OF |
| | ) | |
| MR. JUSTICE FARLEY | ) | APRIL, 2001. |



IN THE MATTER OF S. 18.6 OF THE *COMPANIES'* *CREDITORS ARRANGEMENT ACT,* R.S.C. 1985, c. C-36, AS AMENDED

**AND IN THE MATTER OF GRACE CANADA, INC.**

## INITIAL ORDER

**THIS MOTION** made by the Applicant Grace Canada, Inc. for an Order substantially in the form attached to the Application Record herein was heard this day, at 393 University Avenue, Toronto, Ontario.

**ON READING** the Notice of Application, the Affidavit of Pierre Le Bourdais sworn April 3, 2001 (the "Le Bourdais Affidavit") and upon being advised that no other person who might be interested in these proceedings was served with the Notice of Application herein.

<u>SERVICE</u>

1.        **THIS COURT ORDERS** that the time for service of the Notice of Application and the Affidavit in support of this Application be and it is hereby abridged such that the Application is properly returnable today, and, further, that any

requirement for service of the Notice of Application and of the Application Record upon any interested party is hereby dispensed with.

## RECOGNITION OF THE U.S. PROCEEDINGS

2.        **THIS COURT ORDERS AND DECLARES** that the proceedings commenced by the Applicant's United States corporate parent and certain other related corporations in the United States for protection under Chapter 11 of the United States Bankruptcy Code in connection with asbestos claims (the "U.S. Proceedings") be and hereby is recognized as a "foreign proceeding" for purposes of Section 18.6 of the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c.C-36, as amended, (the "CCAA").

## APPLICATION

3.        **THIS COURT ORDERS AND DECLARES** that the Applicant is a company which is entitled to relief pursuant to s. 18.6 of the CCAA.

## PROTECTION FROM ASBESTOS PROCEEDINGS

4.        **THIS COURT ORDERS** that until and including October 1, 2001, or such later date as the Court may order (the "Stay Period"), no suit, action, enforcement process, extra-judicial proceeding or other proceeding relating to, arising out of or in any way connected to damages or loss suffered, directly or indirectly, from asbestos, asbestos contamination or asbestos related diseases ("Asbestos Proceedings") against or in respect of the Applicant, its directors, officers or employees or any property of the Applicant, wheresoever located, and whether held by the Applicant in whole or in part, directly or indirectly, as principal or nominee, beneficially or otherwise shall be

- 3 -

commenced, and any Asbestos Proceedings against or in respect of the Applicant, its directors, officers or employees or the Applicant's Property already commenced be and are hereby stayed and suspended.

5.        **THIS COURT ORDERS** that during the Stay Period, the right of any person, firm, corporation, governmental authority or other entity to assert, enforce or exercise any right, option or remedy arising by law, by virtue of any agreement or by any other means, as a result of the making or filing of these proceedings, the U.S. Proceedings or any allegation made in these proceedings or the U.S. Proceedings be and is hereby restrained.

## REPORT AND EXTENSION OF STAY

6.        As part of any application by the Applicant for an extension of the Stay Period:

   (a)    the Applicant shall appoint Pierre Le Bourdais, or such other senior officer as it deems appropriate from time to time, as an information officer (the "Information Officer");

   (b)    the Information Officer shall deliver to the Court a report at least once every three (3) months outlining the status of the U.S. Proceedings, the development of any process for dealing with asbestos claims and such other information as the Information Officer believes to be material (the "Information Reports"); and

   (c)    the Applicant and the Information Officer shall incur no liability or obligation as a result of the appointment of the Information Officer or the

- 4 -

fulfilment of the duties of the Information Officer in carrying out the provisions of this Order and no action or other proceedings shall be commenced against the Applicant or Information Officer as an result of or relating in any way to the appointment of the Information Officer or the fulfilment of the duties of the Information Officer, except with prior leave of this Court and upon further order securing the solicitor and his own client costs of the Information Officer and the Applicant in connection with any such action or proceeding.

## SERVICE AND NOTICE

7.         **THIS COURT ORDERS** that the Applicant shall, within fifteen (15) business days of the date of entry of this Order, publish a notice of this Order in substantially the form attached as Schedule "A" hereto on two separate days in the Globe & Mail (National Edition) and the National Post.

8.         **THIS COURT ORDERS** that the Applicant be at liberty to serve this Order, any other orders in these proceedings, all other proceedings, notices and documents by prepaid ordinary mail, courier, personal delivery or electronic transmission to any interested party at their addresses as last shown on the records of the Applicant and that any such service or notice by courier, personal delivery or electronic transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

5

## MISCELLANEOUS

9.      **THIS COURT ORDERS** that notwithstanding anything else contained herein, the Applicant may, by written consent of its counsel of record herein, agree to waive any of the protections provided to it herein.

10.      **THIS COURT ORDERS** that the Applicant may, from time to time, apply to this Court for directions in the discharge of its powers and duties hereunder or in respect of the proper execution of this Order.

11.      **THIS COURT ORDERS** that, notwithstanding any other provision of this Order, any interested person may apply to this Court to vary or rescind this order or seek other relief upon ten (10) days' notice to the Applicant and to any other party likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

12.      **THIS COURT ORDERS AND REQUESTS** the aid and recognition of any court or any judicial, regulatory or administrative body in any province or territory of Canada (including the assistance of any court in Canada pursuant to Section 17 of the CCAA) and the Federal Court of Canada and any judicial, regulatory or administrative tribunal or other court constituted pursuant to the Parliament of Canada or the legislature of any province and any court or any judicial, regulatory or administrative body of the United States and the states or other subdivisions of the United States and of any other nation or state to act in aid of and to be complementary to this Court in carrying out the terms of this Order.

S:\Client\4226(1)\application record\initial.order.apr4.01.sel.wpd

APR 0 4 2001

**J. PERSAUD**
REGISTRAR, ONTARIO COURT (GEN. DIV.)
GREFFIER ADJOINT, COUR DE L'ONTARIO (DIV. GEN.)

SCHEDULE "A"

---

NOTICE

---

RE:     IN THE MATTER OF S. 18.6 OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,* R.S.C. 1985, c. C-36, AS AMENDED (the "CCAA")

AND IN THE MATTER OF GRACE CANADA, INC.


   **PLEASE TAKE NOTICE** that this notice is being published pursuant to an Order of the Superior Court of Justice of Ontario made April 4, 2001. The corporate parent of Grace Canada, Inc. and certain other affiliated corporations in the United States have filed for protection in the United States under Chapter 11 of the Bankruptcy Code to seek, as the result of recent, sharp increases in the number of asbestos claims which have seriously threatened the Grace Enterprise's long term health, protection from mass asbestos claims to which they are or may become subject. Grace Canada, Inc. itself has not filed under Chapter 11 but has sought and obtained an interim order under Section 18.6 of the CCAA affording it a stay against asbestos claims in Canada. Further application may be made to the Court by Grace Canada, Inc. to ensure fair and equal access for Canadians with asbestos claims against Grace Canada, Inc. to the process established in the United States. Representations may also be made by parties who would prefer to purse their remedies in Canada.

   Persons who wish to be a party to the Canadian proceedings or to receive a copy of the order or any further information should contact counsel for Grace Canada, Inc., Derrick C. Tay at Meighen Demers LLP (Telephone 416.340.6032 and Fax 416.977.5239).

   DATED this                    day of                    , 2001 at Toronto, Canada


S:\Client\4226\1\application record\sched.a.notice.apr.01.sef.wpd

7.

Court File No. 01-CL-4081

'HE MATTER OF S. 18.6 of THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF GRACE CANADA, INC.

SUPERIOR COURT OF JUSTICE
COMMERCIAL LIST
PROCEEDINGS COMMENCED AT TORONTO

INITIAL ORDER

MEIGHEN DEMERS LLP
Barristers & Solicitors
Suite 1100, Box 11
Merrill Lynch Canada Tower
Sun Life Centre
200 King Street West
Toronto, Ontario M5H 3T4

DERRICK C. TAY
LSUC No. 21152A
Tel: 416.340.6032
Fax: 416.340.5900

Solicitors for the Applicant