**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **IN RE:**<br><br>**W.R. GRACE & CO.,** *et al.***,**<br><br>                              **Debtors.** | )<br>) **Chapter 11**<br>)<br>) **Case No. 01-01139 (JKF)**<br>) **Jointly Administered**<br>) **Re: Docket Nos.**<br>)<br>) **Objection Deadline: July 3, 2008**<br>) **Hearing Date:  July 21, 2008 @ 2:00 p.m. ET**<br>) |

**ORDER TO ESTABLISH A PROTOCOL
FOR CROSS-BORDER COMMUNICATIONS**

Upon the motion (the "Motion") of the Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants") requesting that this Court enter an Order to Establish a Protocol for Cross-Border Communications Between the United States Bankruptcy Court, District of Delaware, ("U.S. Court") and the Ontario Superior Court of Justice ("CCAA Court") as outlined in the Motion, it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that Debtors' counsel and Representative Counsel create the framework for a Protocol regarding cross-border communications between the U.S. Court and the CCAA Court enabling the two proceedings to coordinate and resolve issues affecting both proceedings; and it is further

**ORDERED**, that the Protocol shall provide the framework for the delegation by the U.S. Court to the CCAA Court of certain discovery issues that are distinctly Canadian.  Specifically, the delegation of discovery regarding the disclosure from the Attorney General of Canada (Her Majesty the Queen in Right of Canada) (the "Crown") of certain governmental documents and databases within the possession and control of the Crown; and it is further

**ORDERED**, that within ten (10) business days after this Court's entry of this Order, the Debtors' counsel and Representative Counsel will file the Protocol and serve a copy upon all parties on the 2002 Service List (the "Notice Parties"); and it is further

**ORDERED**, that the Notice Parties will have through and including _____, 2008, at ____:____ ___.m., Eastern Time (the "Objection Deadline") to file objections to the Protocol. All Objections must be in writing and filed with this Court and served on Debtors' Counsel and Representative Counsel so that they are received by the Objection Deadline; and it is further

**ORDERED**, that if any Objections are properly filed and served by the Objection Deadline, a hearing to consider the final approval of the Protocol will be conducted on _____, 2008, at ____:____ ___.m., Eastern Time, before the Honorable Judith K. Fitzgerald; and it is further

**ORDERED**, that if no Objections are properly filed and served by the Objection Deadline, (a) Representative Counsel shall file a certificate of no objection in accordance with the rules of this Court and a proposed order approving the Protocol on a final basis, and (b) this Court may enter an order approving the Protocol on a final basis without further notice or a hearing; and it is further

**ORDERED**, that, notwithstanding the foregoing, the Protocol shall not become effective in accordance with its terms on a final basis unless and until the Protocol is approved by entry of an order, as applicable, by the CCAA Court.

Dated: _____, 2008

                                                              Judge Judith K. Fitzgerald