# EXHIBIT A

STIPULATION

DOCS_DE:138118.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., *et al.*[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |

## STIPULATION RESOLVING CLAIMS OF
## MONTANA DEPARTMENT OF ENVIRONMENTAL QUALITY

This Stipulation is entered into this _20_th day of May 2008, between the above-captioned debtors (collectively, the "Debtors") and the State of Montana Department of Environmental Quality ("MDEQ").

WHEREAS, on April 2, 2001 the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food ⁋N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 12799947.1

WHEREAS, on April 22, 2002 this Court issued its Bar Date Order which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims.

WHEREAS, MDEQ timely filed Proof of Claim No. 6100 against the Debtors with respect to the Libby Asbestos Site (or "Libby Site," as defined in Paragraph 1.a. herein) in Libby, MT.

WHEREAS, on May 20, 2003 MDEQ filed three virtually identical amended Proofs of Claim against the Debtors with respect to the Libby Site, described as follows:

| Claim No. | Amount | Priority | Basis |
| --- | --- | --- | --- |
| 15296 | $8,510,022.16 | Unsecured, Non-Priority | Clean-Up Costs |
| 15297 | $8,510,022.16 | Unsecured, Non-Priority | Clean-Up Costs |
| 15298 | $8,510,022.16 | Unsecured, Non-Priority | Clean-Up Costs |

WHEREAS, pursuant to an Order entered on May 24, 2004 [Docket No.5646] this Court expunged Proof of Claim No. 6100 as duplicated and superseded by Proofs of Claim Nos. 15296, 15297, and 15298.

WHEREAS, pursuant to an Order entered on April 17, 2007 [Docket No. 15218] this Court approved a stipulation between Debtors and MDEQ resolving certain claims. Specifically, claim numbers 15297 and 15298 were disallowed and expunged and claim number 15296 remained in the claims register as outlined in the stipulation attached to the order as Exhibit 1. The terms of the order and stipulation [Docket No. 15218] are incorporated herein.

WHEREAS, on November 14, 2007 MDEQ filed an amended Proof of Claim ("MDEQ's Claim") against the Debtors with respect to the Libby Site, described as follows:

| **Claim No.** | **Amount** | **Priority** | **Basis** |
| --- | --- | --- | --- |
| 18496 | $55,010,022.16 | Unsecured, Non-Priority | Clean-Up Costs |

WHEREAS, the United States on behalf of the Environmental Protection Agency ("EPA") and Debtors have proposed a settlement of EPA's claims at the Site that would, among other things, allocate $11 million and the earnings on that amount towards operation and maintenance expenses at the Site, which covers some of the costs set forth in MDEQ's Proof of Claim.

WHEREAS, on January 13, 2005 the Debtors filed an Amended Joint Plan of Reorganization under which allowed general unsecured claims shall be paid in full, 85% in cash and 15% in stock of the Reorganized Debtors (the "Proposed Plan");

WHEREAS, the Debtors and MDEQ have agreed to settle MDEQ's Claim, with the exception of Operable Unit 3 as described below, on the terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the terms and conditions contained herein, the Debtors and MDEQ hereby stipulate and agree as follows:

1. Whenever the terms listed below are used in this Stipulation, the following definitions shall apply:

   a. "Libby Asbestos Site" or "Libby Site" shall mean the Zonolite Mine and all areas (including any structure, soil, air, water, sediment, or receptor) in and near Lincoln County, Montana, that have been contaminated by natural or human caused migration of hazardous substances and/or pollutants or contaminants from the Zonolite Mine. For purposes of this Stipulation, the Libby Site shall not include Operable Unit 3.

   b. "Operable Unit 3" shall mean property in or around the Zonolite Mine owned by W. R. Grace or Grace-owned subsidiaries (excluding Operable Unit 2) and any area (including any structure, soil, air, water, sediment or receptor) impacted by the release and/or release and subsequent migration of hazardous substances and/or pollutants or contaminants from such property, including, but not limited to, the mine property, the

3

Kootenai River and the sediments therein, Rainey Creek, Rainey Creek Road, and areas in which tree bark is contaminated with such hazardous substances and/or pollutants or contaminants.

c.   "CECRA" shall mean the Montana Comprehensive Environmental Cleanup and Responsibility Act, §§ 75-10-701 et seq., MCA.

d.   "CERCLA" shall mean the Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 USC § 9601 et seq.

2. MDEQ's Claim, Claim Number 18496, shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $5,167,000. Except as to claims relating to Operable Unit 3, which are specifically reserved herein, the remaining portions of MDEQ's Claim are resolved. Claims reserved for Operable Unit 3 include, without limitation, any liability of Debtors for injunctive relief, administrative order enforcement, cost recovery, and liability for damages for injury to, destruction of, or loss of natural resources under CERCLA or CECRA. MDEQ's Claim No. 15296 shall hereby be disallowed and expunged.

3. MDEQ shall not be entitled to pre-petition or post-petition interest on MDEQ's Claim allowed herein with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan"). MDEQ's Claim shall be paid in the same manner as all other similarly situated general unsecured claims pursuant to the "Plan" except with respect to the payment of interest as described herein.

4. Upon approval of this Stipulation by the Bankruptcy Court, the Debtors shall direct their Claims Agent, Rust Consulting, Inc. ("Claims Agent"), to mark the Claims Register to reflect that Claim No. 18496 shall be allowed as outlined herein.

5. MDEQ will place and maintain any distributions received by MDEQ on account of its allowed claim set forth in Paragraph 2 in a State special revenue fund, as provided for in § 17-2-

4

102(1)(b)(i), MCA, to be known as the "Libby Asbestos Site State Cost Account." MDEQ shall use the funds in this account, together with all interest and earnings thereon, only for the State's CERCLA cost share requirements, including operation and maintenance expenses, or other costs related to asbestos at the Site.

6. MDEQ agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition or post-petition claims against the Debtors for past, present and future costs of investigation, remediation, monitoring, and maintenance at the Libby Site (except for Operable Unit 3) under the Montana Comprehensive Environmental Cleanup and Responsibility Act, §§ 75-10-701 et seq., MCA, (CECRA) and the Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 USC § 9601 et seq. (CERCLA).

7. MDEQ and the State of Montana reserve, and this Stipulation is without prejudice to, all rights, claims, and causes of action they have or may in the future have against Debtors with respect to all matters not expressly included in the foregoing Paragraph 6.

8. Debtors release and agree not to assert any claims or causes of action against the State of Montana, including any of its departments, agencies, instrumentalities, contractors or employees, with respect to the Libby Site, including but not limited to any claims for reimbursement, contribution, cost recovery or damages under CECRA, CERCLA, or any other provision of law. This release does not cover and Debtors expressly reserve all claims relating to Operable Unit 3.

9. In the event that this Stipulation becomes null and void for any reason, then the preceding Paragraphs shall not apply, and MDEQ's Claim shall be deemed fully reinstated, subject, however, to Debtor's defenses, counterclaims and offsets, if any, and credits for payments MDEQ has received, if any. Neither this Stipulation nor its nullification pursuant to its

terms shall create a right that does not presently exist for MDEQ or any other party to file additional claims with respect to these matters, nor waive any defense that the Debtors may have against such claims.

10. The Debtors shall take whatever additional action, if any, is necessary to insure that MDEQ's Claim No. 18496 is allowed as outlined herein.

11. This Stipulation shall be subject to a thirty (30) day public comment period, which may take place concurrent with the judicial approval process described herein. MDEQ reserves the right to withdraw or withhold its consent to this Stipulation if the public comments received disclose facts or considerations that indicate that this Stipulation is inappropriate, improper, or inadequate. At the conclusion of the public comment period, the State will provide the Court with copies of any public comments and its responses thereto.

12. Entry into this Stipulation is contingent upon the Settlement Agreement between the United States, on behalf of the Environmental Protection Agency and other federal agencies, and Grace regarding the Libby Asbestos Site ("Libby Settlement Agreement")(which is attached as Exhibit A. to Docket No. 18271 filed on March 12, 2008) being approved by the Bankruptcy Court and Grace complying with the payment obligations under the Libby Settlement Agreement. This Stipulation shall be null and void if the Bankruptcy Court does not approve the Libby Settlement Agreement or if Grace does not pay to the United States the sum specified in the Libby Settlement Agreement.

13. Notwithstanding the foregoing, this Stipulation and the Debtors' signature hereon shall not become effective and binding until the Bankruptcy Court has entered an Order approving it. The Debtors shall promptly seek approval of this Stipulation under Bankruptcy Rule 9019 or other applicable provisions of the Bankruptcy Code.

14. In the event this Stipulation does not become effective as outlined in Paragraphs 10, 11, and 12 above prior to December 31, 2008, this Stipulation shall be null and void unless otherwise mutually agreed by the parties.

Montana Department of Environmental Quality

By: _____
for Richard H. Opper
Director

Date: May 20, 2008

W. R. Grace & Co., et al. ("Debtors")

By: _____
William M. Corcoran
Vice-President
Public and Regulatory Affairs

Date: 5/22/08

Approved for Legal Content:

By: _____
William B. Kirley
DEQ Counsel

Date: 5-20-08

7