IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | ) ) ) ) | Chapter 11 |
| W. R. GRACE & CO., et al., | ) ) | Case No. 01-01139 (JKF) |
| Debtors. | ) ) | (Jointly Administered) |
| _____ | ) ) ) ) | **Re: Docket No. 18877**<br><br>**Hearing Date:  June 23, 2008** |

**RESPONSE OF BILZIN SUMBERG BAENA PRICE & AXELROD LLP TO FEE AUDITOR'S FINAL REPORT FOR THE TWENTY-SEVENTH INTERIM PERIOD**

Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg"), counsel to the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") hereby files this response (the "Response") to Fee Auditor's Final Report for the Twenty-Seventh Period (the "Final Report"). In support hereof, Bilzin Sumberg states:

**Preliminary Statement**

In the Final Report, Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor (the "Fee Auditor"), recommends a reduction of $5,115.20 in actual out-of-pockets paid by Bilzin Sumberg and requested in Bilzin Sumberg's Interim Fee Application for the Twenty-Seventh Period (the "Fee Application"). For the reasons set forth below, each of the out-of-pocket expense entries at issue should be allowed in full.[1]

---

[1] In its response to the Fee Auditor's initial report, Bilzin Sumberg agreed that $101 of expenses at issue should be reduced from the Bilzin Sumberg's request for the period covered by the Fee Application. In addition, Bilzin does not object to the recommended reduction of $22 set forth in paragraph 5 of the Final Report.

MIAMI 1579965.1 7481715537
6/18/08 9:41 AM

**Hotel Charges**

1.  The Fee Auditor recommends a $1,237 reduction of expenses related to hotel charges based on the Fee Auditor's determination that the hotel charges exceed the maximum caps allowed by the Fee Auditor. See Final Report, ¶3. Bilzin Sumberg and the Fee Auditor have resolved the dispute regarding two of the hotel expenses at issue in the aggregate amount of $458[2] and, thus, $779 of hotel charges remain in dispute.

2.  Since as early as January 1, 2005, the Fee Auditor has faithfully imposed the following caps for lodging expenses, with rare exception: (a) $350 per night in New York City; (b) $300 per night in Washington, D.C.; and (c) $250 "in most other locales." Clearly, however, in the 3 ½ years that have since passed, the times have changed. For example, on January 1, 2005, the price of a gallon of regular gasoline was $1.75, compared to a current-day price that exceeds $4.00 per gallon.[3] Bilzin Sumberg submits that the Fee Auditor's caps for hotel charges are no longer realistic in comparison to rates actually charged in major metropolitan areas. A review of the actual expenses incurred by Bilzin Sumberg amply demonstrates that point.

3.  As the Court is well aware, a multitude of depositions were taken during the fall of 2007 in connection with the asbestos personal injury estimation proceeding. Bilzin Sumberg, as counsel to the PD Committee, attended each of the depositions, but in the most judicious manner possible. Whenever feasible, Bilzin Sumberg attended the depositions telephonically. However, there were a number of instances that telephonic participation was simply not practical and, thus, Bilzin Sumberg attorneys appeared at the depositions in person. All of the hotel

---

[2] The Fee Auditor has agreed to waive his recommendation to reduce the hotel charges incurred on October 3, 2007 by Messrs. Baena and Sakalo.
[3] See http://www.eia.doe.gov/oil_gas/petroleum/data_publications/wrgp/mogas_history.html (last visited June 17, 2008).

charges that remain at issue were actual, out-of-pocket expenses incurred by Bilzin Sumberg during October and November of 2007 for attendance at the depositions.

4. In connection with the in-person appearances, Bilzin Sumberg attorneys spent 3 nights in Washington, D.C., each of which was spent at the same business-class JW Marriott located nearby the Debtors' counsel's office. The hotel was chosen because (a) of its proximity to counsel's office where the depositions were conducted and (b) it was the lowest price business-level hotel nearby such office. The charge for two of the nights was $399/night and the charge for the third night was $489.

5. Bilzin Sumberg attorneys also spent 2 nights in New York City. The charge for one night at the Westin (in midtown) was $499 and for one night at the Hudson Hotel was $469. Lastly, Bilzin Sumberg attorneys spent one night in Chicago at the Hyatt Regency at a rate of $299 and one night in Westlake Village, California at the Four Seasons (the location of the deposition) at a rate of $325. Again, all of these business-class hotels[4] were chosen because of their proximity to the location of the deposition, with the exception of the Hudson Hotel, which was chosen because on that particular evening, it was approximately $150 less than any other business-class hotel in New York City that was within walking distance of the deposition.

6. In each of the foregoing instances, the hotel room was reserved at the lowest price available and was booked at the earliest possible time once the depositions were set. Moreover, with the exception of the Four Seasons, which is explained in footnote 3 below, all of the hotels were business-class hotels that would not be considered excessive by any reasonable standard.

7. Bilzin Sumberg submits that it is entirely reasonable to select business-hotels while traveling in connection with these cases. Indeed, it is often the case that Bilzin Sumberg

---

[4] Bilzin Sumberg recognizes that the Four Seasons is considered a luxury hotel and not a business-class hotel. However, Bilzin Sumberg elected to stay at the hotel because it was the location of the deposition and was no more costly than any business-level hotel within a reasonable distance to the Four Seasons.

attorneys utilize their hotel rooms and facilities as a work space while they are away from the office, including frequent use of business centers and other available benefits offered at business-class hotels. The actual charges paid by Bilzin Sumberg for business-class hotels in major metropolitan areas (primarily New York City, Washington D.C. and Chicago) demonstrate that the Fee Auditor's capped hotel rates, although consistently applied, unfairly penalize Bilzin Sumberg for actual expenses incurred.[5]

**Airfare Charges**

8.      The Fee Auditor recommends a $3,856.20 reduction of expenses related to airfare charges based on the Fee Auditor's "research" that tickets could be purchased for the trips in dispute at lower prices. See Final Report, ¶4.

9.      Bilzin Sumberg disagrees with each of the Fee Auditor's recommended reductions related to airfare charges. Each fare in question was booked for travel that was required by these cases, either for attendance at in-person meetings, omnibus hearings or the aforementioned depositions related to the asbestos personal injury estimation proceeding. Moreover, Bilzin Sumberg booked the lowest available fully refundable coach ticket within the window of times that the attorneys needed to depart and return to Miami (or another city, as necessary). In certain instances, the fares were booked as "A" class first-class tickets because those fares were _less expensive_ than fully refundable coach tickets. At all times, the tickets were booked with as much advance notice as possible in order to obtain the lowest available fare.

10.     Nevertheless, the Fee Auditor, without any support or backup, states that based upon his "research," tickets for the trips in question can be purchased at lower prices and recommends a reduction for each of the trips in question. We are not disputing that the Fee

---

[5] Indeed, as further evidence that the caps are no longer sufficient, after the last omnibus hearing on June 2, 2008, Messrs. Baena and Sakalo were unable to make their return flight to Miami. As a result, they checked into the Westin Convention Center Hotel in Pittsburgh near the Courthouse and were charged $360 for the night per room.

4

Auditor may have located fares today that are less expensive than the actual fares Bilzin Sumberg paid for in October and November of 2007.  However, the Fee Auditor has ignored the reality of booking airline travel in real-time, during peak travel season and the limited available window of time to depart and return.

11.     The Fee Auditor's comparison of the cost of a purchasing a ticket today for the trips at issue, with the actual fares charged by the airlines when the trips were booked is both unfair and imprecise.  Anyone who has suffered through the travails of booking airline tickets knows that the prices have wide disparities depending on the time of the year the trip is booked and, in particular, the time of day for the flight.  Indeed, in our experience, departures that occur early in the morning and early in the evening are frequently the most costly flights.  However, those are the flights that we ordinarily must take in order to timely arrive for hearings or meetings.

12.     It does not appear that the Fee Auditor took into account any of the foregoing differences in airfare costs.  Instead, the Fee Auditor looked at the charges in a vacuum and ignored the foregoing variables.

### Conclusion

Bilzin Sumberg seeks reimbursement for its actual, reasonable out-of-pocket expenses incurred in connection with these cases and objects to the Fee Auditor's recommendations in the Final Report to reduce the actual out-of-pocket expenses requested in the Fee Application by $5,115.20.  Bilzin Sumberg has agreed to a reduction of $123.50.  However, the recommended reductions for hotel and airfare charges ignore reality.  The Fee Auditor's caps on hotel charges bear no resemblance to actual costs for business-level hotels in major metropolitan areas. Moreover, the imprecision of the Fee Auditor's analysis of airfare charges ignores the actual

5

costs incurred for the lowest available ticket at the time.  For these reasons, the Fee Auditor's recommended reductions should not be accepted by the Court.

**WHEREFORE**, the Bilzin respectfully requests that the Court hear and consider this Response, deny the recommendations of the Fee Auditor that were not otherwise agreed to, and for such other relief that the Court deems appropriate.

Wilmington, Delaware
Dated: June 18, 2008                         Respectfully submitted,

BILZIN SUMBERG BAENA
   PRICE & AXELROD LLP
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-2336
Telephone:  (305) 374-7580

Scott L. Baena (Admitted Pro Hac Vice)
Jay M. Sakalo (Admitted Pro Hac Vice)

and

FERRY JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
Telephone:  (302) 575-1555

By: /s/ Theodore J. Tacconelli
    Theodore J. Tacconelli
    (Del. Bar No. 2678)

CO-COUNSEL FOR THE OFFICIAL
COMMITTEE OF ASBESTOS PROPERTY
DAMAGE CLAIMANTS