**IN THE UNITED STATES BANKRUPTY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*[1], | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. 18895** |

**STATEMENT OF ISSUES PRESENTED ON APPEAL**

Pursuant to Fed. R. Bankr. P. Rule 8006, Anderson Memorial Hospital respectfully submits its Statement of Issues Presented on Appeal.

**Statement of Issues to Be Presented**

A. Whether the Bankruptcy Court erred in refusing to recognize the pre-petition Certification Order of the South Carolina Circuit Court, entered after nine years of pre-petition litigation, which certified a statewide class of asbestos property damage claimants against W.R. Grace & Co.

[1] The Debtors consist of the following 62 entities: W. R Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgracc, Inc., Coalgracc II, Ins., Creative Food `N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp, Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe. Inc., Grace H-G Inc., Grace H-G II Inc,, Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Ins., MICA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Curving, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

B. Whether the Bankruptcy Court erred in refusing to recognize the class proofs of claim filed by Anderson Memorial Hospital.

C. Whether the Bankruptcy Court erred in retrospectively finding that the Court had ordered class representatives to seek permission prior to filing a class proof of claim where there is no support for such a requirement in law or the bankruptcy rules and where the written orders of the court and subsequent hearings clearly demonstrate that no such requirement was ever made part of a Court Order.

D. Whether the Bankruptcy Court erred in denying class certification without ruling on the admissibility of evidence of numerosity or allowing that evidence to be proffered by Appellants.

E. Whether the Bankruptcy Court erred in finding on the one hand that it would be unreasonable to require debtors' to mail direct notice of the bar date for filing asbestos property damage claims to the address of all buildings containing the Debtors' asbestos-containing products, while on the other hand, refusing to allow the class representative to conduct discovery regarding the debtor's knowledge of its own sales records and ability to provide direct notice.

F. Whether the Bankruptcy Court erred in finding that the only class members who could be considered under the numerosity requirement of Rule 23, F.R.C.P where those who had filed an authorized individual proof of claim prior to the bar date.

DATED: June 19, 2008

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

- and -

Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed ID No. 6101)
SPEIGHTS & RUNYAN
200 Jackson Avenue East
Post Office Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

*Counsel for Anderson Memorial Hospital*