IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## STIPULATION RESOLVING CLAIM OF
## FAIR HARBOR CAPITAL, LLC

This stipulation ("Stipulation") is entered into this _____ day of June 2008, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and Fair Harbor Capital, LLC, as Assignee of Novigen Sciences Inc D/B/A Exponent Inc ("Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, the Debtors scheduled Claimant as having a claim in the amount of $1,528.52 on or about June 1, 2001 (the "Scheduled Claim").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, on September 18, 2001, the Bankruptcy Court entered the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding* (Docket No. 936) (the "Settlement Order"), allowing the Debtors to, among other things, settle claims in an amount that does not exceed $50,000, without further action by the Bankruptcy Court.

**WHEREAS**, on April 22, 2002, the Bankruptcy Court issued its *Order as to all Non-asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice Program* (the "Bar Date Order"), which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims (Docket No. 1963).

**WHEREAS**, on or about October 3, 2005, Claimant filed a proof of claim against the Debtors asserting an unsecured nonpriority claim in the amount of $3,161.05 ("Claim No. 17592" and together with the Scheduled Claim, the "Claims").

**WHEREAS**, on or about December 12, 2006 the Court entered the *Order Granting Relief Sought In Debtors' Nineteenth Omnibus Objection To Claims (Non-Substantive)* in which Claim No. 17592 was disallowed and expunged on the basis of Late Filed Claims (Docket No. 14070).

**WHEREAS**, the Debtors and Claimant have agreed to settle the Claims on the terms and conditions set fort herein.

**NOW, THEREFORE**, after a thorough review of the Claims, discussion and negotiations, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. Claim No. 17592 shall be allowed as an unsecured, pre-petition, non-priority claim in the amount of $1,528.52. Claim No. 17592 shall be paid in the same manner as all other similarly situated General Unsecured Claim pursuant to the Plan.

2. Upon execution of this Stipulation by all parties, the Debtors shall direct their Claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that Claim No. 17592 shall be allowed as outlined herein and that the Scheduled Claim shall be disallowed.

3. Claimant, solely in its role as Assignee of Novigen Sciences Inc D/B/A Exponent Inc. and not as it relates to other claims to which it has taken assignment, agrees that it is forever bared, estopped, and enjoined from asserting any additional claim against the Debtors other than enforcement of the obligations of the Debtors set forth in this Stipulation.

4. The Debtors shall take whatever additional action, if any, is necessary to make sure that Claim No. 17592 is allowed as outlined herein.

5. Pursuant to the Settlement Order, upon execution of this Stipulation by the parties, the Stipulation shall be binding on all parties including the Debtors.

6. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterpart and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon

3

their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Chapter 11 cases.

7. This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to matters set forth herein.

8. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

Dated: June 26, 2008

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Lori Sinanyan
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

Dated: 6/24, 2008

FAIR HARBOR CAPITAL, LLC ASSIGNEE OF NOVIGEN SCIENCES INC D/B/A EXPONENT INC.

Fredric Glass   Victor Kno...
Fair Harbor Capital, LLC
875 Avenue of the Americas, Suite 2305
New York, NY 10001

4