IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Docket No. 18930** |
| | | **7/21/08 Agenda Item No. 17** |

### DEBTORS' RESPONSE TO CANADIAN ZAI PD CLAIMANTS' PROTOCOL MOTION

The Debtors have no objection to the Canadian ZAI PD Claimants' suggestion

that a protocol may be appropriate for communications between this Court and the Canadian

CCAA Court from time to time in these cases. However, with respect to the specific issues

raised in the Canadian' ZAI PD Claimants' Motion, no protocol is necessary. As part of the

anticipated bar date notice program for Canadian ZAI PD Claims, the Canadian ZAI PD

Claimants have requested the Debtors provide actual notice to certain parties allegedly known to

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the Crown. The Canadian ZAI PD Claimants have served discovery requests on the Crown in Canada for such information. The Crown has indicated a willingness to provide certain of the information requested, but has indicated that in order to do so, it requires an Order of Court waiving the Canadian privacy protections that otherwise may be relevant to some of the information being provided. The Debtors agree with Canadian ZAI PD Claimants that the CCAA Court is the appropriate Court to issue whatever order may be necessary to address the privacy concerns raised by the Crown. As a result, no protocol is required to address these issues. With respect to any other cross-boarder issues that may arise as these cases proceed, to the extent necessary, the Debtors certainly are willing to negotiate the appropriate protocol with the Claimants and the Crown.

In further response to the Canadian ZAI PD Claimants' Motion, the Debtors respectfully state as follows:

## ARGUMENT

1.      Recently, the Debtors and the Canadian ZAI PD Claimants (the "Claimants") announced to the Court that they had reached an agreement in principal regarding Canadian ZAI PD Claims (the "Claims") and how those claims will be treated in the Debtors anticipated revised Chapter 11 Plan.

2.      Pursuant to the agreement in principal, which is still being finalized, the parties anticipate that a bar date will be set and a bar date notice program, similar to that approved by this Court for the U.S. ZAI PD Claims, will be implemented. Alternatively, in the event that the settlement in principal is not effectuated, the Debtors will seek entry of an order from this Court setting a Canadian ZAI PD bar date.

2

3.     The Claimants have requested that as part of the Canadian ZAI PD bar date notice program, the Debtors send actual notice to certain parties allegedly known to the Crown who may have ZAI in their homes or have otherwise indicated that they may be Claimants. In this respect, the Debtors and the Claimants have had several conversations with the Crown regarding the type of information the Crown may possess regarding potential Claimants. As a result of those conversations, the Debtors understand that the Crown has the following information about potential Claimants which, if provided to the Debtors, the Debtors are agreeable to use to provide actual notice of the Canadian ZAI PD bar date:

(a)     names and addresses from the EnerGuide Program or EnerGuide for Houses Retrofit Incentive Program database whose dwellings are listed as containing vermiculite attic insulation;

(b)     names and addresses of fourteen (14) parties who have been identified as participants in the Canadian Home Insulation Program that indicated that ZAI was installed in their dwelling; and

(c)     names and addresses of Band Officials which are used as points of contact for providing notice of Canada's First Nations peoples.

4.     The Crown has indicated that they are willing to supply the above information to the Debtors and the ZAI Claimants, but with respect to items (a) and (b) above, Canadian privacy laws require a Court Order before such information can be turned over by the Crown.

3

5.      The Debtors agree with Claimants that the CCAA Court is the appropriate Court to order the turnover of the above referenced information by the Crown and address the privacy issues. Thus, no protocol order by this Court is necessary.

6.      Likewise, the Debtors agree with Claimants that once finalized, the agreement in principal referred to above must be approved by the CCAA Court and this Court. Throughout the course of these chapter 11 cases and the CCAA proceeding, the Debtors have on numerous occasions, as outlined in Claimants' motion, obtained orders from this Court for which they have sought and received recognition by the CCAA Court. Thus, again, no protocol is necessary to effectuate this procedure as such procedure is already in place and functioning well.

7.      As a result, while the Debtors have no objection to the Claimants' request for a protocol between this Court and the CCAA Court, the Debtors currently see no need for entry of any order establishing a formal protocol as the issues presently pending are already subject to an agreed upon protocol.

*[Remainder of Page Intentionally Left Blank]*

4

WHEREFORE, the Debtors respectfully request that the Court deny the Claimants'

Motion at this time.

Dated: July 3, 2008

<div style="margin-left:40%">

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

REED SMITH LLP
James Restivo
Douglas Cameron
436 6th Ave.
Pittsburgh, PA 15219
(412) 288-3122

and

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in
Possession

</div>

5