IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | Re: Docket No. 18627 |
| | | 6/23/2008 Agenda Item No. 4 |

### ORDER LIFTING OCP TOTAL EXPENDITURE CAP FOR ERNST & YOUNG LLP AND PERMITTING RETENTION OF FEES PAID

This matter came before the Court on the *Motion Of The Debtors For An Order Allowing Ernst & Young LLP To Retain Fees Earned And Paid In These Chapter 11 Cases In Excess Of The OCP Total Expenditure Cap* (the "Motion);[2] the Court having reviewed the Motion; and upon consideration of the Motion; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was adequate under the circumstances; and the Court having determined that the relief requested in the Motion, as modified herein, is in the best interests of the Debtors, their estates and creditors;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted, as modified herein.

2. Notwithstanding the requirements of the OCP Orders, E&Y is permitted to continue to be retained by the Debtors as an OCP, providing the same types of OCP services that E&Y has provided to the Debtors prior to the date hereof, despite E&Y having exceeded the Total Expenditure Cap, and the Debtors shall not be required to seek retention of E&Y under Section 327(a) of the Bankruptcy Code solely as a result of E&Y's fees and expenses having exceeded the Total Expenditure Cap.

3. E&Y is permitted to retain any and all Excess Fees, and any and all other fees and expenses, the Debtors paid to E&Y for E&Y's services to the Debtors as an OCP.

4. E&Y is not required to file a fee application in accordance with the Court's Interim Compensation Procedures to retain payment of the Excess Fees or any other fees incurred by E&Y as an OCP in these Chapter 11 Cases.

5. Both the Total Expenditure Cap and the monthly cap on OCP fees for any given professional are lifted as to E&Y for its services to the Debtors as an OCP, to the extent that E&Y continues to provide the same types of OCP services that E&Y has provided to the Debtors prior to the date hereof, for the duration of these Chapter 11 Cases.

6.  Within 30 days after the date of entry of this Order, E&Y shall file an updated disclosure affidavit, certifying that E&Y still does not and will not represent or hold any material interest adverse to the Debtors or their estates with respect to the matters on which E&Y is employed by the Debtors, *i.e.*, the OCP services provided by E&Y.

7.  Except as otherwise expressly provided herein, the terms of the OCP Orders shall remain in full force and effect.

8.  This Order shall be effective upon its entry.

9.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: July 10, 2008

*Judith K. Fitzgerald*
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge