IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W.R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 JKF |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  |  | RE: 18933 & 19088 |

**ORDER EXPANDING THE SCOPE OF RETENTION AND EMPLOYMENT
OF REED SMITH LLP AS COUNSEL TO THE DEBTORS**

UPON THE APPLICATION (the "Application") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seeking entry of any order under Section 327(e) of title 11 of the United States Code (as amended, the "Bankruptcy Code") which expands the scope of the Debtors' employment and retention of Reed Smith LLP ("Reed Smith") to include the matters set forth in the Application; and it appearing that the relief requested is in the best interests of the Debtors' estates and their creditors and other parties in interest; and in appearing that this is a core matter under 28 U.S.C. § 157; and it appearing that Reed Smith does not represent any interest adverse to the Debtors or their estates with respect to the matters on

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey & Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II, Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

which Reed Smith is to be employed; and it appearing that the terms and conditions of Reed Smith's employment as further described in the Application are reasonable; and adequate notice having been given of the Application; and good and sufficient cause existing to grant the Application;

**NOW, THEREFORE, IT IS HEREBY:**

ORDERED, that the Application is GRANTED; and it is further

ORDERED, that pursuant to Section 327(e) of the Bankruptcy Code, the retention and employment of Reed Smith as counsel to the Debtors in this matter is hereby expanded to include the work described in the Application, and such expansion is approved nunc pro tunc to the petition date of the above-captioned bankruptcy proceedings; and it is further

ORDERED, that Reed Smith shall be compensated for its expanded scope of employment (as it has in the past in its capacity as Special Asbestos Products Liability Defense Counsel to the Debtors) under Sections 330 and 331 of the Bankruptcy Code and any Orders of this Court concerning compensation of professionals in these cases, and in accordance with the terms set forth in the Application, and shall be reimbursed for all allowed necessary, actual and reasonable expenses; and it is further

ORDERED, that the allowed fees and expenses of Reed Smith shall be an administrative expense of the Debtors' Estates; and it is further

ORDERED, that nothing in this Order shall reverse or limit Judge Farnan's Order dated July 19, 2001 authorizing the retention and employment of Reed Smith LLP as Special Asbestos Product Liability Defense Counsel for the Debtors; but rather, that this Order shall only supplement and expand the scope of of the July 19, 2001 Order and the matters addressed thereby; and it is further

ORDERED, that this Order shall become effective immediately upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: July 17, 2008

Judith K. Fitzgerald
United States Bankruptcy Judge   SAJ