IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: August 25, 2008 @ 4:00 p.m. ET** |
| | ) | **Hearing Date: September 2, 2008 @ 2:00 p.m. ET** |
| | ) | |
| | ) | **Related to Docket Nos. 13406 and 15156** |

**CLAIMANT STATE OF CALIFORNIA, DEPARTMENT
OF GENERAL SERVICES' MOTION FOR LEAVE TO
FILE THE EXPERT REPORT OF DR. WILLIAM E. LONGO**

Claimant State of California, Department of General Services ("DGS") respectfully submits this motion requesting leave of Court to file the expert report (the "Report") of Dr. William E. Longo of Materials Analytical Services, Inc. in connection with the adjudication of Debtors' "lack of hazard" gateway objection to DGS' property damage claims. A true copy of the Report is attached hereto as Exhibit A.

**Dr. Longo's Report**

1. Dr. Longo is an industrial hygienist with extensive experience in dealing with asbestos-related issues. In March 2008, DGS retained Dr. Longo to review the analyses of dust samples collected from the buildings the subject of DGS' property damage claims that were performed by another one of DGS' experts, Dr. Tim Vander Wood of MVA Scientific Consultants (who testified in April 2007 as an expert at a "product identification" hearing that resulted in this Court's orders overruling Debtors' "product identification" objection).

2. Through reliable and accepted scientific method of dust sampling (ASTM Method D5755-03), Dr. Vander Wood examined the settled dust samples to assess, among other things, their asbestos concentration levels, fiber sizes, and source of the dust. Dr. Vander Wood

concluded that the dust samples contain asbestos at elevated levels and that the source of the dust's constituents is Debtors' asbestos-containing products.

3. Dr. Longo reviewed Dr. Vander Wood's data and concluded that Debtors' asbestos-containing products have caused contamination in the buildings, many of which Dr. Longo characterizes as severe. Dr. Longo opines that the potential for significant exposure to respirable airborne asbestos fibers to individuals who disturb Debtors' asbestos surface dust caused by the in-place surface treatment materials exist under conditions that exist in DGS' buildings. His conclusions are supported by past studies and review of published and unpublished data.

4. Dr. Longo has previously issued expert reports on contamination issues in a number of asbestos cases, including in this proceeding against Debtors. In this proceeding, Dr. Longo has issued reports on behalf of numerous other claimants, including on the reliability of dust sampling methods and the presence of inhalation risk posed by disturbing asbestos surface dust caused by in-place surface treatment.

### **Pertinent Procedural Background**

5. The most recent case management order for the adjudication of Debtors' gateway objections to property damage claims was entered on October 13, 2006 (Docket No. 13406) (the "CMO"). That CMO provided deadlines relating to Debtors' three gateway objections – (a) lack of product identification, (b) expiration of the statute of limitations, and (c) lack of hazard.

6. As to DGS, the Court held the trial on the product identification-based objections on April 23-24, 2007 (Docket Nos. 15470 and 15471). On June 13, 2007, the Court entered an order overruling Debtors' product identification-based objections to DGS' claims (Docket No. 16039), which was subsequently amended on August 29, 2007 (Docket No. 16682).

7. As for the statute of limitations-based objections, Debtors filed motions for summary judgment against numerous claims, including against all sixteen of DGS' claims (Docket Nos. 14592, 14593, 14594, 14595, 14596, 14597, 14598 and 14599). DGS opposed the motion (Docket No. 14919), and the Court held oral argument on April 9, 2007 (Docket No. 15229). This motion is presently *sub judice*.

8. In light of the pendency of the summary judgment motions, the Court stayed all deadlines in the CMO applicable to the statute of limitations-based objections (Docket No. 15156). Moreover, at the April 19, 2007 hearing, the Court also stayed all deadlines relating to the lack of hazard objection (Docket No. 15272), including the trial dates of May 30 and 31, 2007.

9. Prior the Court's stay of certain deadlines in the CMO, Debtors and DGS exchanged various information, including the report of another one of DGS' experts, Franco Seif of Clark Seif Clark, on January 16, 2007 (Docket No. 14362), who was deposed by Debtors on March 26, 2007.

10. On June 12, 2007, Debtors filed a motion for leave to belatedly file the expert report of Dr. Elizabeth Anderson relating to Debtors' lack of hazard objection (Docket No. 16026). Given the lack of any scheduling order applicable to the hazard trial and in the spirit of cooperation, DGS did not object to this motion; nor did any other interested party. On July 24, 2007, the Court granted Debtors' motion (Docket No. 16367).

11. Given the late filing of Dr. Anderson's report, DGS has not yet submitted any rebuttal expert report or deposed Dr. Anderson. At the July 2007 omnibus hearing, the Court recognized claimants' right to submit rebuttal expert reports and stated that it would visit the issue of the deadline by which claimants must file any such reports at a later time. See

Transcript of the 7/23/07 Omnibus Hearing at pp. 132-35 (Docket No. 16445). Additional discovery (such as the deposition of Dr. Anderson) or motions that have not yet been addressed by the Court were thus clearly contemplated as to unresolved property damage claims.

12. On October 16, 2007, DGS sought leave to file an expert report by Dr. Vander Wood pertaining to the lack of hazard objection. See Docket No. 17074. Debtors did not object. See Docket Nos. 17323 and 17385. By order dated November 26, 2007, the Court granted the motion. See Docket No. 17432.

13. DGS now seeks leave of Court to file the expert report of Dr. Longo, which connects Dr. Vander Wood's analyses and data with his abundant expertise in industrial hygiene area to establish the presence of health hazards in the buildings posed by the dust settled on surfaces in the buildings.

## DGS' Motion Should Be Granted

14. DGS' motion for leave should be granted because, in addition to the lack of any prejudice to Debtors, Dr. Longo's report addresses a significant issue relating to the hazard objection that would be helpful to the Court at any trial.

15. At trial that has not yet been scheduled, the Court will likely address the issue of whether the asbestos-containing products pose a health hazard to the buildings' occupants or workers. Besides linking the dust samples to products manufactured by Debtors, Dr. Vander Wood's analysis of settled dust samples determined that the samples had elevated asbestos concentration levels. Dr. Longo's report reviews the analysis and data to opine whether such elevated asbestos concentration levels is capable of posing a health risk to the buildings' occupants or workers if the dust is re-suspended into the air through routine activities, which he will opine is possible based on his experience and studies, and thus inhaled by people.

16. Given the significance of the Report's findings and lack of any prejudice to Debtors, the Court should grant the motion. Presently, no deadlines applicable to or trial dates for the lack of hazard objection have been set.

17. Moreover, further discovery on the hazard objection is probable and will be re-opened at a later time. Because Debtors have belatedly submitted Dr. Anderson's report (Docket No. 16026), her deposition needs to be scheduled and Debtors may wish to depose Dr. Vander Wood. Neither DGS nor Debtors has exchanged any rebuttal reports to the reports issued by Dr. Anderson (or Dr. Vander Wood), to which report the Court stated that it would permit claimants to rebut at a later undetermined time.

18. Because of the present lack of a scheduling order governing the lack of hazard objection, Debtors' summary judgment motions that are presently *sub judice*, exchanges of additional expert reports by Debtors and DGS after the deadline to exchange hazard-related expert reports, which necessitate further discovery and possible motions), any "heard" trial is unlikely to proceed for at least several months. Debtors will therefore have ample time to prepare any rebuttal reports or to depose Dr. Longo, with whom Debtors already have substantial experience and familiarity with his opinions, which substantively mirror those he issued in the reports he issued for other property damage claimants and in other cases involving Debtors.

## **Conclusion**

For the foregoing reasons, Claimant State of California, Department of General Services respectfully requests the Court to grant it leave to file the expert report of Dr. William E. Longo.

Dated: July 17, 2007  
Wilmington, Delaware

Respectfully submitted,

/s/ Leslie C. Heilman
_____
Tobey M. Daluz, Esq. (No. 3939)  
Leslie C. Heilman, Esq. (No. 4716)  
BALLARD SPAHR ANDREWS & INGERSOLL, LLP  
919 North Market Street, 12th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 252-4465  
Facsimile: (302) 252-4466  
Email: daluzt@ballardspahr.com  
         heilmanl@ballardspahr.com

-and-

HAHN & HESSEN LLP  
Steven J. Mandelsberg, Esq.  
Christina J. Kang, Esq.  
488 Madison Avenue  
New York, New York 10022  
Telephone: (212) 478-7200  
Facsimile: (212) 478-7400  
Email: smandelsberg@hahnhessen.com  
         ckang@hahnhessen.com

Counsel for Claimant  
State of California, Dep't of General Services