IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### DEBTORS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO LEWIS KRUGER

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7026, 7033, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, W.R. Grace & Co., *et al.* (collectively, "Grace"), the Debtors in the above captioned Chapter 11 proceedings, hereby direct Lewis Kruger to produce the documents described below for inspection and copying at the offices of the Kirkland & Ellis LLP, 153 East 53rd Street, New York, New York 10022, on or before August 5, 2008, or at such other time and place as may be ordered by the Court or agreed to by counsel.

### DEFINITIONS

For the purposes of the Document Requests, and with respect to each document and item of property requested:

1. The word "and" includes "or" and "or" includes "and." The word "any" is also used in the inclusive sense, such that "any" means "any and/or all.

2. "Communication" or "communications" include, without limitation, any oral communication, whether transmitted in meetings, by telephone, telegraph, telex, cable, tape recordings, voice mail, or otherwise, and all written communications, including communications by email or other internet based communications systems.

3. "Document" is defined as broadly as permitted under Rule 34 of the Federal Rules of Civil Procedure, and includes all materials and things, in whatever form recorded or maintained, subject to production under that Rule.

4. "Grace" shall mean and include any of the following entities, either individually or collectively: W. R. Grace & Co. (fi'k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (£'kIa Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (fi'k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (fi'k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (fi'k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G IT Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (£'kIa Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal IT, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (£'kIa GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (fi'kla Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (£'k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (£'k/a British Nursing Association, Inc.), Remedium Group, Inc. (£'k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (fi'kla Cross Country Staffing), HaydenGulch West Coal Company, H-G Coal Company.

5. The "Kruger Declaration" means the July 10, 2008 Declaration Of Lewis Kruger In Support Of The Official Committee of Unsecured Creditors' Response To Debtors' Objection To The Unsecured Claims Asserted Under The Debtors' Credit Agreements Dated As Of May 14, 1998 And May 5, 1999.

6. "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way legally, logically or factually connected with the subject matter discussed in a request.

## INSTRUCTIONS

1. Each request set forth herein refers to all documents and property in your custody, control, and possession, as well as documents and property in the custody, control and possession of your counsel, representatives, agents, servants, employees, investigators or consultants.

2. To the extent that you object to any part of the following requests (or definitions and instructions applicable thereto), produce the documents responsive to that part of the request to which you do not object, and state specifically each ground upon which the objection is made.

3. If an objection is made pursuant to a claim of privilege with respect to any documents or property requested, which objection causes you to withhold a document from production or inspection, then, in addition to the documents and written answers produced in response to these requests, for each such document withheld from production or inspection and copying, state the nature and basis of the privilege claimed, provide a description of the document (including the date, number of pages and attachments, the author(s), any addressee(s), and any other recipients, the title(s) and affiliation of all authors, addressees, and recipients, and the present custodian), and describe the subject matter of the document to which such claim of privilege relates.

4. These requests are continuing to the full extent required and/or permitted under the Federal Rules of Civil Procedure, so as to require supplementary production when you obtain knowledge and access to, or custody, possession, or control of any documents not previously produced which are responsive to one or more of these requests.

## DOCUMENTS REQUESTED

1. All documents or communications relating to the January 12, 2005 letter agreement referred to in paragraph 2 of the Kruger Declaration.

2. All documents or communications relating to the February 27, 2006 letter agreement referred to in paragraph 4 of the Kruger Declaration.

3. All documents relating to the communications between Debtors and the Creditors' Committee referred to in paragraph 5 of the Kruger Declaration.

4. All documents relating to the April 7, 2008, Term Sheet referred to in paragraph 6 of the Kruger Declaration.

Dated: July 22, 2008

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

and

PACHULSKI, STANG, ZIEHL, & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession