IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:  )  <br>  )  <br> W.R. GRACE & CO., et al.,  )  <br>  )  <br>  )  <br> Debtors.  )  <br>  ) | **Chapter 11**  <br> **Case No. 01-01139 (JKF)**  <br> **(Jointly Administered)**  <br>  <br> Related Dkt. No. 18884 & 19054 |

### ORDER AUTHORIZING MODIFICATION OF THE RETENTION AND EMPLOYMENT OF PIPER JAFFRAY & CO. AS CO-FINANCIAL ADVISOR TO DAVID T. AUSTERN, FUTURE CLAIMANTS' REPRESENTATIVE

Upon the application, as amended, (the "Application") of David T. Austern, Future Claimants' Representative ("Future Claimants' Representative") in the above-captioned chapter 11 cases of W.R. Grace & Co. and its affiliates (collectively, the "Debtors"), seeking entry of an Order pursuant to sections 328 and 1103(a) of the Bankruptcy Code authorizing the Future Claimants' Representative to modify the employment and retention of Piper Jaffray & Co. ("PJC") as co-financial advisor to the Future Claimants' Representative; and the Court having reviewed the Application and the declarations of Jonathan Brownstein pursuant to Federal Rule of Bankruptcy Procedure 2014, 2016 and 5002 in support of the Application; and it appearing that the relief requested is in the best interest of the Future Claimants' Representative and the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it further appearing that notice of the Application was good and sufficient under the particular circumstances and that no other or further notice need be given and upon the record herein; and it further appearing that the terms and conditions of PJC's employment, as modified, and as further described in the Application are reasonable and necessary; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application be, and it hereby is, approved;

2. Pursuant to sections 328 and 1103(a) of the Bankruptcy Code and the May 24, 2004 Order appointing David T. Austern as the Future Claimants' Representative (Bankr. Dkt. No. 5645), the Future Claimants' Representative be, and he hereby is, authorized to employ and retain PJC as co-financial advisor, upon the terms, and to perform the services, set forth in the Application, so long as David T. Austern serves as the legal representative for individuals who may assert asbestos-related personal injury claims and/or demands in the future against the Debtors;

3. The indemnification provisions set forth in the PJC Retention Agreement, as modified, between the Future Claimants' Representative and PJC, are incorporated by reference and are hereby approved;

4. PJC shall be compensated in accordance with the terms of the Modified PJC Retention Agreement and section 328(a) of the Bankruptcy Code, subject to the procedures set forth in the Bankruptcy Code, Bankruptcy Rules and the Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court, including the Administrative Compensation Order(s) entered in these cases; and

5. The fees and expenses of PJC allowed by the Court shall be an administrative expense of the Debtors' estates.

Dated: July 29, 2008

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge