**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>**W.R. GRACE & CO.,** *et al.*,<br><br>Debtors. | )<br>) **Chapter 11**<br>)<br>) Case No. 01-01139 (JKF)<br>) Jointly Administered<br>)<br>) Re: Docket Nos. 18930, 19042 & 19050<br>)<br>) July 21, 2008 Agenda Item No. 17<br>) |

**CERTIFICATION OF COUNSEL REGARDING REVISED ORDER ESTABLISHING A PROTOCOL FOR CROSS-BORDER COMMUNICATIONS**

1. On June 16, 2008, Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants") filed a *Motion for an Order to Establish a Protocol for Cross-Border Communication Between the United States Bankruptcy Court and the CCAA* [Docket No. 18930](the "Motion for Protocol") requesting that this Court enter an Order to Establish a Protocol for Cross-Border Communications Between the United States Bankruptcy Court, District of Delaware, ("U.S. Court") and the Ontario Superior Court of Justice ("CCAA Court"). Attached to the Motion for Protocol was a proposed form of order granting the Motion for Protocol ( the "Original Order").

2. On July 3, 2008, the Her Majesty the Queen in Right of Canada as Represented By the Attorney General of Canada (the "Crown") filed a Response To Canadian ZAI PD Claimants' Protocol Motion [Docket No. 19042]("Crown's Response"). The Crown's Response objected to the creation of a protocol for cross-border communications between this Court and the CCAA court. The Crown however did not object and in fact is agreeable and consents to the immediate order from this Court requesting the aid of the Canadian CCAA court to make an

order under section 8(2)(c) of the federal *Privacy Act,* R.S.C. 1985, c. P-21 in respect of whether to compel the release of certain documents relevant to the identification of Canadian homes containing ZAI and vermiculite attic insulation generally ("VAI") in these bankruptcy proceedings despite the fact that the documents contain personal information, the release of which is not permitted except pursuant to a court order made under the *Privacy Act.*

3. On July 3, 2008, the Debtors filed Debtors' Response To Canadian ZAI PD Claimants' Protocol Motion [Docket No. 19050]("Debtors' Response").  The Debtors' Response stated that Debtors agreed with Canadian ZAI Claimants that the CCAA Court is the appropriate Court to order the turnover of the information sought from the Crown and to address the privacy issues raised by the Crown.  However, the Debtors stated that no protocol was necessary.

4. At the July 21, 2008, Omnibus hearing, the above mentioned parties argued the merits of the need for the creation of a protocol for Cross-border communications between this Court and the CCAA court.  As a result of the arguments and indications from the Court, the Canadian ZAI Claimants have prepared the attached proposed order that replaces the Original Order and that reflects the various positions of the parties as well as the Court's instructions at the hearing.  Both the Debtors as well as the Crown have reviewed the attached proposed order.

5. The Canadian ZAI Claimants respectfully request that the Court enter the Order attached hereto.

Dated:  July 31, 2008
/s/Daniel K. Hogan
Daniel K. Hogan (DE Bar No. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656.7540
Facsimile: (302) 656.7599
E-Mail: dkhogan@dkhogan.com

-and-

**LAUZON BÉLANGER, INC**.
Yves Lauzon
Michel Bélanger
286, rue St-Paul Quest, Bureau 100
Montreal Quebec
Telephone: (514) 844-7403
ylauzon@lauzonbelanger.qc.ca
mbelanger@lauzonbelanger.qc.ca

**SCARFONE HAWKINS LLP**
Matthew G. Moloci
David Thompson
One James Street South, 14th Floor
P.O. Box 926, Depot 1
Hamilton, Ontario
Canada L8N 3P9
Telephone: (905) 523-1333
moloci@shlaw.ca
thompson@shlaw.ca