IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Reply Deadline: August 20, 2008 at 4:00 p.m. ET** |
| | ) | **Hearing Date: September 2, 2008 at 1:00 p.m. ET** |
| | ) | |
| | | **Regarding Docket Nos. 13406, 15156, 19101, 19105, and 19266** |

## REPLY OF CLAIMANT STATE OF CALIFORNIA, DEPARTMENT OF GENERAL SERVICES, TO DEBTORS' RESPONSE TO MOTION FOR LEAVE TO FILE EXPERT REPORT OF DR. WILLIAM E. LONGO

Claimant State of California, Department of General Services ("DGS"), respectfully submits this reply to Debtors' response to DGS's motion requesting leave of Court to file the expert report of Dr. William E. Longo of Materials Analytical Services, Inc. (the "Motion") in connection with the adjudication of Debtors' "lack of hazard" gateway objection to DGS's property damage claims. Even though Debtors do not object to the Motion, DGS is compelled to file this Reply to respond to Debtors' gratuitous misrepresentations, unrelated to the Motion (but evidently intended to influence the Court in connection with Debtors' *sub judice* summary judgment motion based on statute of limitations grounds) about deposition testimony given by one of DGS's experts.

### Debtors' Misleading References to Deposition Testimony of DGS's "Hazard" Issue Expert Should Not Be Considered

After stating that they have no objection to the Motion on the grounds that service of Dr. Longo would be untimely (while reserving their right to later object to the report on other grounds), Debtors refer to the March 26, 2007 deposition testimony of another one of DGS' experts on *hazard*-related (and not statute of limitations) issues, Franco Seif. On January 11,

2007, Mr. Seif issued a written report of his visual inspection of seven of the sixteen buildings identified in DGS' property damage proofs of claim (the "DGS Claims").

Debtors' references to Mr. Seif's deposition testimony is grossly misleading for at least three reasons.

First, in injecting Mr. Seif's testimony, Debtors now appear to concede, as DGS argued in its March 19, 2007 Opposition to the summary judgment motion (Docket No. 14919), that the applicable statute of limitations does not begin to run until the property is "contaminated." This concession is fatal to Debtors' summary judgment motion because the sole basis for its application as to DGS was the unsuccessful effort over seventeen years ago to obtain U.S. Supreme Court leave to file a complaint on behalf of twenty-nine states against Debtors and more than twenty-five other companies, and that this filing supposedly bound DGS based upon principles of judicial admission and estoppel. Debtors never contended in their motion that any of DGS' buildings were actually contaminated at that time. Nor did they advance this theory or cite to Mr. Seif's deposition testimony at the oral argument on the summary judgment motion held on April 9, 2007 – two weeks *after* Mr. Seif's deposition. If Mr. Seif's testimony so conclusively proved that contamination occurred beyond the statute of limitations period, why have Debtors waited *16 months* to bring this purported detrimental testimony to the Court's attention?

Second, Debtors have grossly misrepresented the nature and context of Mr. Seif's deposition testimony (of which Debtors chose to attach to its motion in misleading excerpts, rather than in its entirety). Contrary to Debtors' fanciful account, Mr. Seif did not testify that the asbestos contamination in DGS's buildings occurred more than 30 years ago. Instead, Mr. Seif testified that he had no personal knowledge of the date on which contamination occurred (nor did

his expert report opine or address the subject), and merely speculated – in response to Debtors' objected-to questions that elicited such guesswork – that certain environmental factors (i.e., vibration, maintenance, and HVAC system) *could* cause the materials to erode. See Dep. Trans., pp. 52, 62 (Exhibit "A" annexed hereto).

Third, Debtors have obscured applicable law regarding when an asbestos property damage claim accrues for statute of limitation purposes. In order for a property damage claim to accrue and start the statute of limitations running, the property must have actually been contaminated; determinations as to contamination must be made on a building-by-building basis. See, e.g., San Francisco Unified School Dist. v. W.R. Grace & Co., 37 Cal. App. 4th 1318, 1335-36. Nothing in Mr. Seif's testimony, even if it can be properly considered by the Court, establishes that DGS's buildings were contaminated beyond the applicable statute of limitations period.

## Conclusion

For these reasons, DGS respectfully requests that the Court grant its motion for leave to file Dr. Longo's expert report and disregard the gratuitous misrepresentations in Debtors' response, in which Debtors state that they do not object to the Motion.

Dated: August 19, 2008            Respectfully submitted,

/s/ Leslie C. Heilman
Tobey M. Daluz, Esq. (No. 3939)
Leslie C. Heilman, Esq. (No. 4716)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: daluzt@ballardspahr.com
       heilmanl@ballardspahr.com

-and-

HAHN & HESSEN LLP
Steven J. Mandelsberg, Esq.
Christina J. Kang, Esq.
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Email:  smandelsberg@hahnhessen.com
            ckang@hahnhessen.com

Attorneys for Claimant State of California,
Department of General Services