IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## DECLARATION OF MARK A. SHELNITZ IN SUPPORT OF DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE AND NON-SUBSTANTIVE)

I, Mark A. Shelnitz, hereby declare that the following is true to the best of my knowledge, information and belief:

1.  I am the Vice President, General Counsel, and Secretary of W. R. Grace & Co., which has offices located at 7500 Grace Drive, Columbia, Maryland 21044. I submit this declaration (the "Declaration") in support of the Twenty-Fifth Omnibus Objection to Claims (the "Twenty-Fifth Omnibus Objection").

2.  I am responsible for overseeing the claims review and objection process in these cases. In that capacity, I have reviewed the Twenty-Fifth Omnibus Objection and am, directly or through the Debtors' personnel, attorneys, and Bankruptcy Management Corporation, the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Debtors' claims consultant, familiar with the information contained therein and in the exhibits annexed thereto.

3. Upon information and belief, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

4. To date, more that 15,000 Proofs of Claim have been filed against the Debtors in these cases by holders of non-personal injury claims.

5. Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these cases. These claims were carefully reviewed and analyzed by appropriate personnel, and, in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims, which are the subject of the Twenty-Fifth Omnibus Objection. Based on these efforts, the Debtors have determined that the claims listed in the Twenty-Fifth Omnibus Objection should be disallowed and expunged, amended, reclassified, or reduced, as indicated in the Twenty-Fifth Omnibus Objection.

6. To the best of my knowledge and belief, I have determined that the No Liability Claims against the Debtors listed on <u>Exhibit A</u> of the Twenty-Fifth Omnibus Objection are unenforceable against the Debtors or their property under any agreement or applicable law. In particular, the Debtors' review of their Books and Records indicates that they have no liability for these claims because either (a) the claims have been satisfied or (b) the Debtors' Books and Records show no liability on the claims.

7. To the best of my knowledge and belief, I have determined that the Insufficient Documentation Claims against the Debtors listed on <u>Exhibit B</u> of the Twenty-Fifth Omnibus

Objection are unenforceable against the Debtors or their property under any agreement or applicable law. Claimants filing such claims have failed to file the requisite documentation in support of their claims and, as such, the Debtors cannot determine the validity of these claims.

8. To the best of my knowledge and belief, I have determined that the Amended Claim against the Debtors listed on Exhibit C of the Twenty-Fifth Omnibus Objection has been superseded by an amended claim filed subsequent to such claim. The more recent of the claimants' claims against the Debtors will remain on the claims registry after the corresponding Amended Claim is expunged.

9. To the best of my knowledge and belief, I have determined that the Reduce and Allow Claims against the Debtors listed on Exhibit D of the Twenty-Fifth Omnibus Objection are filed for amounts that differ from the amounts reflected on the Debtors' books and records. In evaluating the Reduce and Allow Claims, the Debtors have thoroughly reviewed their Books and Records and the proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the amount of each claim is overstated for the reasons set forth on Exhibit D.

10. To the best of my knowledge and belief, I have determined that the Reclassify Claims against the Debtors listed on Exhibit E of the Twenty-Fifth Omnibus Objection are filed with the wrong classification, as there is no basis for the secured or priority status. Thus, the claims listed on Exhibit E should be reclassified as general unsecured claims.

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

*Mark A. Shelnitz*
Mark A. Shelnitz
Vice President, General Counsel and Secretary

Subscribed and sworn to before me
This 25th day of August, 2008.

*Diane Z. Armstrong*

NOTARY PUBLIC, State of __MARYLAND__
My Commission Expires: 09/18/2012



DIANE Z. ARMSTRONG
Notary Public, State of Maryland
County of Howard
My Commission Expires September 18, 2012