IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Responses Due: September 12, 2008 at 4:00 p.m.
Hearing Date: September 29, 2008 at 10 00 a.m.

## DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION
## TO CLAIMS (SUBSTANTIVE AND NON-SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel of record, file this Twenty-Sixth Omnibus Objection to Claims (the "Twenty-Sixth Omnibus Objection") and, in support thereof, state the following:

### Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 502, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:139521.1

"Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

## Background

3. On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## Claims Bar Date

4. By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). In the fall of 2006, the Court also set a bar date for asbestos personal injury litigation claims pending as of the chapter 11 petition date. No bar date has been established for claims related to Zonolite Attic Insulation.

## The Objection And Request For Relief

5. By this Twenty-Sixth Omnibus Objection, the Debtors seek disallowance or reduction and allowance of the claims set forth on Exhibits A and B attached hereto[2] because: (i) it is duplicative of another claim filed in these cases (Exhibit A) (the "Duplicate Claim"); or (ii) it is a

---

[2] The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. Unless otherwise stated, the inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

91100-001\DOCS_DE:139521.1

claim which should be reduced and allowed in the modified amount for the reasons set forth on the applicable exhibit (Exhibit B) (the "Modified Claims").

### The Duplicate Claim

6. The Debtors object to the Duplicate Claim listed in Exhibit A attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code because the Duplicate Claim is duplicative of proof of claim #15326. Proof of claim #15326 expressly amends the Duplicate Claim. Therefore, the Duplicate Claim set forth on Exhibit A should be disallowed and expunged for all purposes.

### The Modified Claims

7. The Debtors object to the Modified Claims listed on Exhibit B attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code because the Debtors' books and records reflect that these claims should be allowed in the modified claim amount for the reasons set forth in Exhibit B. Therefore, the Modified Claims should be reduced and allowed in the modified amount set forth in Exhibit B.

### Separate Contested Matters

8. If a response is filed regarding any claim listed in the Twenty-Sixth Omnibus Objection and the Debtors are unable to resolve such response, the corresponding claim and the objection by the Debtors thereto asserted in the Twenty-Sixth Omnibus Objection shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Twenty-Sixth Omnibus Objection shall be deemed a separate order with respect to each claim.

91100-001\DOCS_DE:139521.1

## Responses to Omnibus Objections

9. To contest an objection, a claimant must file and serve a written response to this Twenty-Sixth Omnibus Objection (a "Response"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on **September 12, 2008**, at the following addresses:

> Pachulski, Stang, Ziehl, & Jones LLP
> 919 North Market Street, 17th Floor
> P. O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Attn: James E. O'Neill
>
> Co-Counsel for the Debtors

10. Every Response to this Twenty-Sixth Omnibus Objection must contain at a minimum the following:

(a) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Twenty-Sixth Omnibus Objection to which the Response is directed;

(b) the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

(c) the specific factual basis and supporting legal argument upon which the party will rely in opposing the Twenty-Sixth Omnibus Objection;

(d) any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

(e) the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

11. If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reducing, or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

### Replies to Responses

12. The Debtors may, at their option, file and serve a reply to a claimant's Response.

### Reservation

13. The Debtors hereby reserve the right to object in the future to any of the claims listed in this Twenty-Sixth Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Twenty-Sixth Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

14. Notwithstanding anything contained in this Twenty-Sixth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Twenty-Sixth Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

### Notice

15. The Debtors will serve copies of this Twenty-Sixth Omnibus Objection (with all exhibits) on the affected claimants, the Office of the United States Trustee and on all parties that

have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

16. The Debtors submit that notice of this Twenty-Sixth Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

17. No previous request for the specific relief set forth herein has been made to this or any other court.

### Compliance With Rule 3007-1

18. This Twenty-Sixth Omnibus Objection and related exhibits attached hereto comply with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware except Rule 3007-1(e)(i)(A). Because of the importance of dealing with the remaining open claims in a timely manner, the Debtors have combined objections to both substantive and non-substantive claims into this one objection. The Debtors submit that this effort reduces the administrative cost to object to the claims in this Twenty-Sixth Omnibus Objection, and is in the best interests of the estates and creditors. To the extent required, the Debtors hereby concurrently seek leave from Local Rule 3007-1(e)(i)(A) to permit a combined omnibus objection that includes both substantive and non-substantive claims..

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing and expunging each of the claims more fully described in this Twenty-Sixth Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: August 25, 2008

PACHULSKI STANG ZIEHL & JONES LLP

*[signature]*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession