UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| **SEA CONTAINERS LTD. et al.,** | ) | Case No. 06-11156 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**FEE AUDITOR'S FINAL REPORT REGARDING
INTERIM FEE APPLICATION OF
HOULIHAN, LOKEY, HOWARD & ZUKIN CAPITAL, INC.,
FOR THE SIXTH INTERIM PERIOD**

  This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Fee Application of Houlihan, Lokey, Howard & Zukin Capital, Inc., for the Sixth Interim Period</u> (the "Application").

**BACKGROUND**

  1. Houlihan, Lokey, Howard & Zukin Capital, Inc. ("Houlihan Lokey"), was retained as Financial Advisor to the Official Committee of Unsecured Creditors (the "Committee"). In the Application, Houlihan Lokey seeks approval of fees totaling $450,000.00 and costs totaling $52,805.67 for its services from January 1, 2008, through March 31, 2008 (the "Application Period").

  2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2008, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30,

1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served on Houlihan Lokey an initial report based on our review, and received a response from Houlihan Lokey, portions of which response are quoted herein.

## DISCUSSION

3.	The order approving the Committee's retention of Houlihan Lokey (the "Retention Order"), entered on February 13, 2007, exempts Houlihan Lokey from the usual requirements regarding time records under Local Rule 2016. Instead, (1) for work performed before entry of the Retention Order, Houlihan Lokey may "present summary time descriptions of those services provided on behalf of the Official Committee and the individuals who provided professional services on behalf of the Official Committee" and (2) for work performed after entry of the Retention Order, Houlihan Lokey the usual standards are relaxed to allow "time records in half-hour increments in connection with the services to be rendered pursuant to the Engagement Letter".

4.	In our initial report, we noted that we interpret the requirement that Houlihan Lokey maintain "time records in half-hour increments in connection with the services to be rendered pursuant to the Engagement Letter" as requiring time records that include the following: (1) the date on which the work was performed; (2) a specific description of the work performed rather than a reference to a broad category like the five categories used in the Application; (3) the length of time (in half-hour increments) spent on the activity; and (4) the name of the professional performing the work. While time records meeting these requirements were not included in the Application, such records were provided to us for review in connection with the preparation of our initial report.

5. The Application reflects that Houlihan Lokey spent a total of 1,028.50 hours on this matter during this Application Period. Based on the requested compensation of $450,000, Houlihan Lokey's effective hourly rate is thus $437.53, an increase from the prior period's $345.70.

6. In our initial report, we noted that the Application requests reimbursement for four working lunches without explaining the basis for the transfer to the estate of an expense normally borne by the firm or the professional himself:

| | | | | | |
|---|---|---|---|---|---|
| Todd Hanson | 1/14/08 | Lunch | $ | 7.17 | |
| Todd Hanson | 1/20/08 | Lunch | $ | 25.00 | |
| Todd Hanson | 1/21/08 | Lunch | $ | 30.15 | |
| Manuel Martinez-Fidalgo | 1/16/08 | Lunch | $ | 302.37 | Brasserie - meal with clients |

For each of these charges, we asked Houlihan Lokey to provide further explanation and it responded as follows:

> Todd Hanson 1/14/08 $7.17 Travel Meal
> Todd Hanson 1/20/08 $25.00 Lunch consumed while working on Sea Containers
> Todd Hanson 1/21/08 $30.15 Lunch consumed while working on Sea Containers
> Manuel Martinez-Fidalgo 1/16/08 $302.37 Brasserie - Meal with Clients - Peter Marshall, Tom Bannister Follow-Up to Committee Meeting

We accept the explanation regarding the first expense item listed above. Regarding the second and third items, however, we believe the issue is whether there is a basis for transferring to the estate a cost that would ordinarily be borne by a professional as part of his personal overhead. Houlihan Lokey has not demonstrated such a basis for these two charges, and we accordingly recommend a reduction of $55.15 for these two charges. Regarding the fourth charge, for a lunch in New York, we apply a standard that caps reasonable lunch charges at $45 per person, or $167.37 less than the amount of the charge. Accordingly, for the items above we recommend a reduction of $222.52 in expenses.

7.      Additionally, in our initial report, we noted a lunch charge that exceeds $45 per person, which we consider a reasonable limit on lunch charges (in New York) billed to the estate:

| Manuel Martinez-Fidalgo | 1/14/08 | | | Lunch | $ 285.75 | Loews Regency Hotel - with clients |
|---|---|---|---|---|---|---|

We asked Houlihan Lokey to provide further explanation and it responded as follows:

> Manuel Martinez-Fidalgo 1/14/08 $285.75 Loews Regency Hotel - Dinner Peter Marshall, Barry Russell, Tom Bannister - Prep for following days meeting

In view of the revised description of this meal as a dinner for four in New York, we apply a standard that caps reasonable charges at $65 per person. Accordingly, we recommend a reduction of $25.75 in expenses.

8.      Additionally, in our initial report, we noted that a working-lunch charge was submitted for a day on which the professional in question did not record any time devoted to this matter:

| Todd Hanson | 1/20/08 | | | Lunch | $ 25.00 | |
|---|---|---|---|---|---|---|

We asked Houlihan Lokey to explain this charge. Houlihan Lokey provided the following response:

> Todd Hanson 1/20/08 $25.00 Lunch consumed while working on Sea Containers - Oversight in time reporting.

We appreciate this response, but in addition to the oversight in regard to time recording, there is a further issue as to whether there is a basis for transferring to the estate a cost that would ordinarily be borne by a professional as part of his personal overhead. Houlihan Lokey has not demonstrated such a basis in this instance, and we accordingly recommend a reduction of $25.00 in expenses.

9.      In our initial report, we noted several lodging charges for which we would request more detail:

| Professional | Date | Room Rate | Tax | Comments |
|---|---|---|---|---|

Case 01-01139-AMC    Doc 19398    Filed 08/27/08    Page 5 of 14

| Todd Hanson | 1/14/08 | $ | 600.00 | 83.75 | | $ | 683.75 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Manuel Martinez-Fidalgo | 1/14/08 | $ | 1,000.50 | 142.88 | | $ | 1,143.38 |
| Peter Marshall | 1/14/08 | $ | 986.00 | 142.88 | | $ | 142.88 |
| Todd Hanson | 1/15/08 | $ | 600.00 | 83.75 | | $ | 683.75 |
| Todd Hanson | 2/20/08 | | 590.00 | 82.41 | | $ | 672.41 |

For each such charge, we asked Houlihan Lokey to provide further explanation and it responded as follows:

> Todd Hanson 1/14/08 $600 The Peninsula Hotel, 700 Fifth Avenue, NY
> Todd Hanson 1/15/08 $600 The Peninsula Hotel, 700 Fifth Avenue, NY
> Peter Marshall 1/14/08 $986 Lowes Regency Hotel, 540 Park Avenue, NY
> Manuel Martinez-Fidalgo 1/14/08 $1,000.50 Lowes Regency Hotel, 540 Park Avenue, NY
> included laundry service while traveling - $14.50
> Todd Hanson 2/20/08 $590 The Peninsula Hotel, 700 Fifth Avenue, NY

Each of these charges exceeds our "trigger rate" of $450 per night in New York City, and further analysis of the reasonableness of these charges is thus required. Referring to the hotel ratings at Expedia.com, we find that the Loew's Regency receives a 4.5-star rating, and the Peninsula receives a 5-star rating. Each therefore qualifies as a luxury hotel under our interpretation of Guideline II.E.1, which states that "first class and other luxurious travel mode or accommodations will normally be objectionable". Accordingly, we recommend a reduction of each nightly room charge to $450, for a reduction of $1,526.50 in expenses.

10.   In our initial report, we noted one instance in which the same professional billed two dinners on the same date:

| Joshua LeBrun | 2/2/08 | | | Dinner | $ | 42.56 | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Joshua LeBrun | 2/2/08 | | | Dinner | $ | 30.56 | |

We asked Houlihan Lokey to explain these charges. Houlihan Lokey responded that the first item was a typo, and the "[a]mount should have been $12.56 and allocated as a lunch charge." We appreciate this response and recommend a reduction of $30.00 in expenses.

11.   In our initial report, we noted $1,117.06 in cell phone charges billed to the estate:

**FEE AUDITOR'S FINAL REPORT** - Page 5
sc FR Houlihan 6Q 1-3.08.wpd

| Joshua LeBrun | 1/12/08 | $ | 88.63 | AT&T Blackberry |
| Joshua LeBrun | 1/12/08 | $ | 88.63 | AT&T |
| Joshua LeBrun | 2/29/08 | $ | 65.00 | AT&T Blackberry |
| Joshua LeBrun | 2/29/08 | $ | 95.00 | AT&T |
| Manuel Martinez-Fidalgo | 3/3/08 | $ | 515.99 | Orange Mobile Bill |
| Peter Marshall | 2/29/08 | $ | 173.81 | Vodafone Mobile Bill |
| Joshua LeBrun | 3/31/08 | $ | 50.00 | AT&T Blackberry |
| Joshua LeBrun | 2/29/08 | $ | 40.00 | AT&T |

Ordinarily, cell phone charges are considered non-reimbursable overhead charges. We asked Houlihan Lokey to provide further explanation and it responded as follows:

> Cell phone charges are allocated to client where staff is making or receiving calls on their personal cell phone for client related discussions. This also includes calling into or receiving conference calls when traveling.

We appreciate this response but we interpret it as stating that these are allocated charges, rather than actual charges, and allocated charges are not properly reimbursable. Accordingly, we recommend a reduction of $1,117.06 in expenses.

12.    In evaluating overtime meal charges, we recognize the general practice of expensing overtime meals for employees who work past 8:00 p.m. For days on which a worker spent at least 10 hours on this matter, it seems reasonable to assume that the worker worked until 8:00 p.m. and that the overtime meal was necessary in view of the exigencies of the matter. However, among the overtime meal charges for the Application Period, we noted a number of charges for days on which the professional in question recorded less than 10 hours of time. See Exhibit A. We asked Houlihan Lokey to provide further explanation and it responded as follows:

> In any given day, we work on multiple engagements, with each requiring substantial time. Our firm policy is that overtime meals are only expensed in the event that an employee works 10 or more hours in a day in the aggregate. As a result, there are occasions when overtime meals are expensed to this client for which 10 or more hours were not devoted solely to this account.

We appreciate this response and acknowledge the possibility that on some days firm professionals might devote a substantial part of a 10-hour day to this matter yet charge dinner to another client. Nonetheless, we cannot recommend allowance of meal expenses charged to this estate except where a majority, *i.e.*, more than five hours, was devoted to this matter.  Reviewing Exhibit A, we see that $1,269.16 of the expenses are for professionals who recorded five hours or less on this matter on the day indicated.  Accordingly, we recommend a reduction of $1,269.16 in expenses.

13. In our initial report, we noted two ground transportation charges for what appear to be late-night taxis home:

| Manuel Martinez-Fidalgo | 1/11/08 | £20.00 | 1.996 | LDN | $ 39.93 | 1 taxi from office to home |
|---|---|---|---|---|---|---|
| Manuel Martinez-Fidalgo | 2/12/08 | 24.84 | 1.9964065 | LDN | $ 49.59 | 1 taxi from office to home >9.00pm |

The time records, however, reflect that Mr. Martinez-Fidalgo worked just 2.5 hours on this matter on each date in question.  We asked Houlihan Lokey to provide further explanation and it responded as follows:

> Note that in London most time receipts do not include date, hence, the date of the expense may or may not correspond to the actual date in the expense report and therefore the expense may correspond to a day in which more than 2.5 hrs were allocated. also, note that due to error, not all hours were included in the timesheet.

We appreciate this response, but neither the receipt nor Houlihan Lokey's response provides a basis for concluding that these expenses are appropriately billed to the estate.  We note that the burden of proof is on the applicant, and that burden has not been carried in this instance.  We accordingly recommend a reduction of $89.52 in expenses.

14. In our initial report, we noted two inadequately detailed ground transportation charges:

| Manuel Martinez-Fidalgo | 2/15/08 | 12.00 | 1.9964065 | LDN | $ 23.96 | 1 taxi - destination not stated |
|---|---|---|---|---|---|---|
| Manuel Martinez-Fidalgo | 2/15/08 | 10.00 | 1.9964065 | LDN | $ 19.96 | 1 taxi - destination not stated |

We asked Houlihan Lokey to provide further explanation and it responded that the first trip was between the office and the professional's home and the second trip was between Bingham and the SCL House. We appreciate this response and have no objection to these items.

15. In our initial report, we noted one ground transportation expense entry that lumps together several trips:

| Manuel Martinez-Fidalgo | 2/20/08 | 40.64 | 1.9964065 | NY | $ 81.13 | 3 taxis -New York |
|---|---|---|---|---|---|---|

We asked Houlihan Lokey to provide further explanation and it responded that the "[p]urpose of the trip to NY was various SCL meetings where we traveled from hotel to meetings and back to hotel." We appreciate this response and have no objection to these items.

## CONCLUSION

16. Thus we recommend approval of fees totaling $450,000.00 and expenses totaling $48,500.16 ($52,805.67 minus $4,305.51) for Houlihan Lokey's services from January 1, 2008, through March 31, 2008.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050
     Mark W. Steirer
     Texas State Bar No. 19139600

325 N. St. Paul Street, Suite 1250
Republic Center
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served via First-Class United States mail to the attached service list on this 27th day of August 2008.

_____
Warren H. Smith

## SERVICE LIST

**The Applicant**
Christopher R. DiMauro
Houlihan Lokey Howard & Zukin Capital, Inc.
1930 Century Park West
Los Angeles, CA 90067

**Counsel to the Debtors**
Robert S. Brady, Esq.
Edwin J. Harron, Esq.
Edmon L. Morton, Esq.
Sean T. Greecher, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**Counsel to the Debtors**
Larry J. Nyhan, Esq.
James F. Conlan, Esq.
Jeffrey E. Bjork, Esq.
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603

**Special Bermuda Counsel to the Debtors**
Jennifer Y. Fraser
Appleby Hunter Bailhache
Canon's Court
22 Victoria Street
Hamilton HM 12
Bermuda

**Special Counsel to the Debtors**
Jeffrey Boxer, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005

**Human Resources Consultants to the Debtors**
David E. Brown
Company Secretary
Collinson Grant Limited
Ryecroft, Aviary Road
Worsley, Manchester M28 2WF
United Kingdom

**Special Conflicts and Litigation Counsel for the Debtors**
David L. Eaton, Esq.
David A. Agay, Esq.
Adam C. McNeely, Esq.
Kirkland & Ellis LLP
200 East Randolph Dr.
Chicago, IL 60601

Yosef J. Riemer, Esq.
Galia Messika, Esq.
Kirkland & Ellis, LLP
153 East 53rd St.
New York, NY 10022

**Special Counsel for General Foreign Legal Matters to the Debtors**
Mark J. Douglas
Beaufort House
Tenth Floor
15 St. Botolph Street
London EC3A 7EE
England

**Counsel to the Official Committee of Unsecured Creditors**
William H. Sudell, Jr., Esq.
Derek C. Abbott, Esq.
Thomas F. Driscoll III, Esq.
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

**Counsel to the Official Committee of Unsecured Creditors**
David B. Stratton, Esq.
Evelyn J. Meltzer, Esq.
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE 19801

**Counsel for the Official Committee of Unsecured Creditors**
Marc Abrams
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019

**Counsel to the Official Committee of Unsecured Creditors**
Scott Seamon
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022

**Financial Advisor to the Official Committee of Unsecured Creditors**
Christopher R. DiMauro
Houlihan Lokey Howard & Zukin Capital, Inc.
1930 Century Park West
Los Angeles, CA 90067

**Financial Advisor to the Official Committee of Unsecured Creditors**
Gary Squires, Esq.
Kroll Limited
10 Fleet Place
London, EC4M 7RB
United Kingdom

**Bermuda Counsel to the Official Committee of Unsecured Creditors**
David W. Cooke, Esq.
R. J. Mayor, Esq.
Conyers Dill & Pearman
Clarendon House
2 Church Street, P.O. Box HM 666
Hamilton, HM CX,
Bermuda

**United States Trustee**
David L. Buchbinder, Esq.
Office of the United States Trustee
844 N. King Street, Room 2207
Lock Box 35
Wilmington, DE 19801

Exhibit A

| Professional | Date | Meal | Amount | Comments | Hours |
|---|---|---|---|---|---|
| Joshua LeBrun | 1/4/08 | Dinner | $ 37.27 | | 4.0 |
| Joshua LeBrun | 1/7/08 | Dinner | $ 21.22 | | 5.5 |
| Joshua LeBrun | 1/8/08 | Dinner | $ 9.37 | | 3.5 |
| Joshua LeBrun | 1/9/08 | Dinner | $ 10.23 | | 2.0 |
| Joshua LeBrun | 1/10/08 | Dinner | $ 30.64 | | 2.5 |
| Joshua LeBrun | 1/29/08 | Dinner | $ 26.77 | | 2.5 |
| Joshua LeBrun | 1/30/08 | Dinner | $ 15.60 | | 0 |
| Joshua LeBrun | 1/31/08 | Dinner | $ 20.26 | | 2.5 |
| Joshua LeBrun | 2/2/08 | Dinner | $ 42.56 | | 0 |
| Joshua LeBrun | 2/2/08 | Dinner | $ 30.56 | | 0 |
| Joshua LeBrun | 2/3/08 | Dinner | $ 29.95 | | 0 |
| Joshua LeBrun | 2/4/08 | Dinner | $ 44.69 | | 0 |
| Joshua LeBrun | 2/6/08 | Dinner | $ 18.46 | | 6.5 |
| Joshua LeBrun | 2/7/08 | Dinner | $ 27.27 | | 1.0 |
| Joshua LeBrun | 2/8/08 | Dinner | $ 42.00 | | 2.0 |
| Joshua LeBrun | 2/9/08 | Dinner | $ 45.80 | | 0 |
| Joshua LeBrun | 2/10/08 | Dinner | $ 37.48 | | 0 |
| Joshua LeBrun | 2/11/08 | Dinner | $ 12.76 | | 2.5 |
| Joshua LeBrun | 2/12/08 | Dinner | $ 18.95 | | 0.5 |
| Joshua LeBrun | 2/13/08 | Dinner | $ 22.33 | | 0.5 |
| Joshua LeBrun | 2/15/08 | Dinner | $ 12.00 | | 0 |
| Joshua LeBrun | 2/16/08 | Dinner | $ 14.06 | | 0 |
| Joshua LeBrun | 2/17/08 | Dinner | $ 11.10 | | 0 |
| Joshua LeBrun | 2/18/08 | Dinner | $ 9.19 | | 6.0 |
| Joshua LeBrun | 2/19/08 | Dinner | $ 21.45 | | 8.5 |
| Joshua LeBrun | 2/20/08 | Dinner | $ 40.00 | | 8.5 |
| Joshua LeBrun | 2/23/08 | Dinner | $ 44.02 | | 2.0 |
| Joshua LeBrun | 2/24/08 | Dinner | $ 50.00 | | 0 |
| Joshua LeBrun | 2/25/08 | Dinner | $ 25.07 | | 3.5 |
| Joshua LeBrun | 2/26/08 | Dinner | $ 21.71 | | 2.0 |
| Joshua LeBrun | 2/27/08 | Dinner | $ 11.92 | | 2.0 |
| Joshua LeBrun | 2/28/08 | Dinner | $ 19.45 | | **7.0** |
| Joshua LeBrun | 3/1/08 | Dinner | $ 50.00 | Updated comparable company analysis - Potential Valuation | 4.5 |
| Joshua LeBrun | 3/2/08 | Dinner | $ 20.59 | Reviewed committee presentations, Analysed and reviewed quarterly and yearly materials from comps - Potential Valuation | 5.0 |
| Joshua LeBrun | 3/3/08 | Dinner | $ 15.60 | SCL Update Call, Updated comparable company analysis- Potential Valuation | 7.0 |
| Joshua LeBrun | 3/4/08 | Dinner | $ 40.00 | Received, saved and reviewed discovery items, Updated bond and equity pricing, Reveiwed legal filings - Maintenance of up-to-date information for potential presentation | 3.5 |

| Joshua LeBrun | 3/5/08 | Dinner | $ | 36.49 | Updated comparable company analysis - Potential Valuation | 6.5 |
| Joshua LeBrun | 3/6/08 | Dinner | $ | 14.31 | Updated Bond and Equity Pricing, Received and analyzed updated GESEACO Plan - Potential Valuation | 6.0 |
| Joshua LeBrun | 3/7/08 | Dinner | $ | 31.39 | Checked legal documents and screened for relevant information - Maintenance of up-to-date information for potential presentation | 2.0 |
| Joshua LeBrun | 3/9/08 | Dinner | $ | 15.06 | Reviewed and worked on updated GESEACO business plan model - Potential Valuation | 7.0 |
| Joshua LeBrun | 3/10/08 | Dinner | $ | 24.89 | Updated Bond and Equity Pricing, Updated new GESEACO business plan model - Potential Valuation | 6.0 |
| Joshua LeBrun | 3/12/08 | Dinner | $ | 40.00 | Reviewed SEC materials, Updated PACER filings - Maintenance of up-to-date information for potential presentation | 2.0 |
| Joshua LeBrun | 3/13/08 | Dinner | $ | 20.07 | SCL Committee conference call , Reviewed materials from company -Maintenance of up-to-date information for potential presentation | 4.0 |
| Joshua LeBrun | 3/14/08 | Dinner | $ | 35.35 | Updated Bond and Equity Pricing, printed and reviewed boardbook - Maintenance  information for analysis of debtors liquidity | 3.5 |
| Joshua LeBrun | 3/15/08 | Dinner | $ | 10.50 | Updated PACER filings for the week and sent to deal team members, Reviewed POR proposals - Preparation for POR calls | 3.5 |
| Joshua LeBrun | 3/16/08 | Dinner | $ | 13.02 | Reviewed analyzed and summarized plan materials - Preparation for POR calls | 4.0 |
| Joshua LeBrun | 3/17/08 | Dinner | $ | 35.64 | Updated Bond and Equity Pricing, Checked legal documents and screened for relevant information - Maintenance of up-to-date information for potential presentation | 1.0 |
| Joshua LeBrun | 3/18/08 | Dinner | $ | 23.82 | Downloaded and gained access to FTI Database, Saved and reviewed pension material - Potential Valuation | 5.5 |
| Joshua LeBrun | 3/19/08 | Dinner | $ | 21.58 | SCL Update Call, Received, saved and reviewed discovery items, Drafted asset sale summaries - Maintenance of up-to-date information for potential presentation | 5.0 |

| Joshua LeBrun | 3/20/08 | Dinner | $ | 12.98 | Continued working to gain access to FTI database, Pension discussion with team - Potential Valuation | 3.5 |
| Joshua LeBrun | 3/21/08 | Dinner | $ | 40.00 | Updated Bond and Equity Pricing, Checked legal documents and screened for relevant information - Maintenance of up-to-date information for potential presentation | 2.5 |
| Joshua LeBrun | 3/22/08 | Dinner | $ | 11.90 | Reviewed Seacastle filing, Completed comparable company analysis -Potential Valuation | 5.5 |
| Joshua LeBrun | 3/23/08 | Dinner | $ | 50.00 | Reviewed company filings, Read and reviewed material sent from company regarding plan of reorganization -Preparation for POR calls | 4.5 |
| Joshua LeBrun | 3/24/08 | Dinner | $ | 15.60 | Updated bond and equity pricing, reviewed legal materials, reviewed old presentations - Potential Presentation to Committee | 2.0 |
| Joshua LeBrun | 3/25/08 | Dinner | $ | 8.61 | Updated bond and equity pricing, Reviewed PwC model and compared to GES model - Potential Valuation | 3.5 |
| Joshua LeBrun | 3/26/08 | Dinner | $ | 25.84 | Updated Bond and Equity Pricing, Searched for Tallink information in the docket - Maintenance of up-to-date information for potential presentation | 4.5 |
| Joshua LeBrun | 3/27/08 | Dinner | $ | 46.00 | SCL Update call, Drafted asset disposal email to committee - Keep committee informed of Debtor situation | 4.5 |
| Joshua LeBrun | 3/28/08 | Dinner | $ | 20.30 | SCL Committee call with Mercer, Updated pricing, Reviewed relevant container news - Potential Presentation | 1.0 |
| Joshua LeBrun | 3/29/08 | Dinner | $ | 18.71 | Worked on fee applications | 4.0 |
| Joshua LeBrun | 3/30/08 | Dinner | $ | 50.00 | Worked on fee applications | 5.5 |
| Joshua LeBrun | 3/31/08 | Dinner | $ | 19.61 | Updated Bond and Equity Pricing, Checked legal documents and screened for relevant information - Maintenance of up-to-date information for potential presentation | **4.5** |