# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Re: Docket No. 19252** and Doc. No. 19436

## ORDER APPROVING CONFIDENTIALITY STIPULATION

Upon consideration of the *Confidentiality Stipulation* attached hereto as <u>Exhibit 1</u>

(the "Stipulation") and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1.    The Confidentiality Stipulation and all of its terms are approved.

2.    This Court shall retain jurisdiction to hear and determine all matters

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

arising from or in connection with the implementation, enforcement and interpretation of this

Order.

Dated: _____September 3_____, 2008

_____Judith K. Fitzgerald_____

The Honorable Judith K. Fitzgerald    mab
United States Bankruptcy Court Judge

# EXHIBIT 1

EXECUTION VERSION

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## CONFIDENTIALITY STIPULATION AND [PROPOSED] ORDER

WHEREAS, the above-captioned debtors in possession (the "Debtors"), certain lenders under the Pre-Petition Bank Credit Facilities, the Official Committee of Unsecured Creditors of W.R. Grace & Co, *et al.* and JPMorgan Chase Bank, N.A. (the "Parties" or, singly, a "Party"), recognize that discovery in the above-captioned bankruptcy proceedings (the "Case") may require the production, and use of documents, information and other materials that contain information deemed confidential, proprietary or otherwise inappropriate for public disclosure; and

WHEREAS, the Parties desire to be protected against potential and unreasonable annoyance, disadvantage, financial loss, hardships and substantial prejudice that may result from unauthorized disclosure of matters deemed confidential or proprietary, otherwise inappropriate for public disclosure by any of the Parties; and

WHEREAS, the Parties agree that the ends of justice will be served by the entry of an order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7026 of the Federal Rules of Bankruptcy Procedure, setting forth

EXECUTION VERSION

procedures and rules governing the discovery, use and disclosure of documents, information and other materials;

NOW THEREFORE, IT IS HEREBY STIPULATED AMONG THE PARTIES AND ORDERED, that the following terms shall govern the disclosure and use of all documents, information and materials produced or given by any Party, in response to any discovery request or other request for information in the course of discovery in this Case, including but not limited to answers to requests for admissions, answers to interrogatories, deposition testimony, documents and things made available by request under Fed.R.Civ.P. 34 (made applicable to these proceedings by Fed.R.Bankr.P. 7034), together with all information contained or reflected or depicted therein, and all copies, excerpts or summaries thereof (collectively, "Discovery Materials"):

1.     A Party producing or providing Discovery Materials (the "Disclosing Party") may in good faith designate as CONFIDENTIAL any such materials or portions thereof that contain or constitute confidential business, proprietary or otherwise sensitive business information ("CONFIDENTIAL MATERIAL") by stamping or labeling such Discovery Materials containing CONFIDENTIAL MATERIAL with the legend "CONFIDENTIAL," Such stamping or labeling shall be done in a manner as determined by the producing party which, where practicable, identifies specifically those portions asserted to be CONFIDENTIAL MATERIAL, whether by specific page, section, or file, or any portion thereof.

2.     If disclosure of a confidential document or confidential information by any person or entity that has access to CONFIDENTIAL MATERIAL under this Order and/or to any employees, officers or agents of such persons or entities poses a reasonable risk of appreciable competitive harm to the Disclosing Party, and provided that such information constitutes

material covered by Federal Rule 26(c)(1)(G), then the documents or information may be classified as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such material, hereinafter referred to as "ATTORNEYS' EYES ONLY," shall be treated as CONFIDENTIAL MATERIAL except as indicated in paragraphs 7, 12 and 18.

      3.    For transcripts of depositions or other testimony, a CONFIDENTIAL designation may be made by (a) submission of transcripts with each page, or portion thereof, to which the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation applies stamped or labeled with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," (b) identifying in a writing sent to all counsel the page and line numbers corresponding to the portions of identified transcripts to which the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation applies within seven (7) days following receipt of the deposition transcript, (c) designating portions of the testimony as CONFIDENTIAL or ATTORNEYS EYES ONLY at the time the testimony is adduced, or (d) a combination of these methods. If counsel for a Party deponent has a good faith belief that a significant portion of the testimony will constitute or contain CONFIDENTIAL MATERIAL, counsel may request on the record of the deposition or other testimony that the entire transcript or a portion thereof be labeled and treated as CONFIDENTIAL. All transcripts and exhibits from depositions taken in the Action shall be deemed Confidential Material from the date of each such deposition until seven days after the receipt by counsel for the Parties of the transcript and exhibits. No party shall be deemed to have violated this Order if after seven days, but prior to notification of any later designation, such deposition transcripts and exhibits have been disclosed or used in a manner inconsistent with the later designation.

4.      In its responses to interrogatories and requests for admission, or any other written responses to discovery requests, the responding Party shall designate the specific response, or portion thereof, that contains CONFIDENTIAL MATERIAL by stamping or labeling each such response, or portion thereof, with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

5.      Acceptance by a Party of discovery material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a concession that any such discovery material is appropriately so designated. If, subsequent to the acceptance of the discovery material so designated, a recipient of material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" wishes the Bankruptcy Court to rule upon a claim of confidentiality, the receiving Party may seek, by motion and upon notice, such determination. Before any Party makes such a motion, however, the Parties shall first try to resolve the dispute on an informal basis. Thereafter, in the event that such a motion is ultimately filed by the receiving Party:

a.      the burden of establishing that the discovery material at issue was appropriately designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be on the designating entity; and

b.      all designated documents and material shall be deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL and treated by the Parties as CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL under this Order until the dispute is resolved by the Bankruptcy Court.

6.      Unless otherwise agreed to by all of the Parties, CONFIDENTIAL MATERIAL shall be maintained in confidence solely for use in connection with this proceeding,

EXECUTION VERSION

and shall not be used in any way for any other purpose, and shall not be disclosed to any person except:

   a. counsel of record to each of the Parties, in-house counsel for the Parties, and any legal assistants, clerical, secretarial or other support staff or services operating under the supervision or instruction of such counsel;

   b. officers, partners or employees of a Party with whom counsel for that Party determines it is necessary or desirable to confer for purposes of this proceeding;

   c. the liability insurer, if any, of any Party to the extent it is reasonably necessary to do so;

   d. persons giving or anticipated to give trial or deposition testimony in connection with this Case, provided that such disclosure is made during such testimony or in preparing therefor, and is reasonably necessary to the prosecution or defense of this Case;

   e. testimonial and non-testimonial experts and, as necessary, such persons' staff, consulted by counsel in connection with this Case to the extent necessary for such experts to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Case ("Retained Experts"); and

   f. the Bankruptcy Court (including any appellate court), persons employed by the Bankruptcy Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this Case, or any appeal therefrom.

EXECUTION VERSION

7.      Discovery materials designated "ATTORNEYS' EYES ONLY" shall be maintained in confidence solely for use in connection with this Case, and shall not be used in any way for any other purpose, and shall not be disclosed to any person except:

a.      the Bankruptcy Court, persons employed by the Bankruptcy Court or stenographers transcribing the testimony or argument at a hearing, proceeding or deposition in this Case or any appeal therefrom;

b.      counsel of record to each of the parties (including in-house counsel) and such counsel's clerical, paralegal and secretarial staff; and

c.      trial or deposition witnesses during testimony, provided that counsel representing a designating entity objecting to the use of ATTORNEYS' EYES ONLY MATERIAL with a deponent may (a) designate the portion of the deposition as ATTORNEYS' EYES ONLY MATERIAL, or (b) state on the record that (i) the witness is a business competitor of the entity that has designated the material as ATTORNEYS' EYES ONLY and (ii) the disclosure of such material would meet the test of paragraph 2 above, preclude counsel from using the material and seek a protective order from the Bankruptcy Court. Nothing, herein, however, shall permit counsel to object or otherwise attempt to restrict use at deposition of ATTORNEYS' EYES ONLY MATERIAL when (a) the deponent is a current employee of the entity, or an affiliate of the entity, that produced the ATTORNEYS' EYES ONLY MATERIAL; (b) the deponent is a current employee of any Party; or (c) the ATTORNEYS' EYES ONLY MATERIAL reflects a communication and the deponent participated in that communication; and

      d.     testimonial and non-testimonial experts and, as necessary, such persons' staff, consulted by counsel in connection with this Case to the extent necessary for such experts to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Case, provided that the Disclosing Party is given five (5) business days advance notice of a Party's intention to share such ATTORNEYS' EYES ONLY MATERIAL with the expert.  Within such five (5) business days period, the Disclosing Party must, upon written notice to counsel of record to the Party seeking to disclose the protected materials, object to the disclosure of such ATTORNEYS' EYES ONLY MATERIAL.  Before the Disclosing Party makes a motion to the Bankruptcy Court seeking a protective order, the Parties shall first try to resolve the dispute on an informal basis.  If no agreement is reached, the Disclosing Party has an additional five (5) business days to seek a protective order, by motion and upon notice, with the Bankruptcy Court barring the disclosure.  The Party seeking to disclose ATTORNEYS' EYES ONLY MATERIAL shall not make the requested disclosure of the Disclosing Party's ATTORNEYS' EYES ONLY MATERIAL until the Bankruptcy Court rules on the Disclosing Party's objection.

      8.     All persons to be given access to CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL shall be provided with a copy of this Order, and shall execute the Declaration annexed hereto, before access to such material is granted.  Counsel for the Party giving access to the material shall retain the original signed Declarations until 30 days after final termination of this Case and all available appellate remedies have been exhausted.

      9.     No person permitted to have access to CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL under Paragraph 6 hereof shall disclose any portion

thereof or any information contained therein to another person unless such other person is also permitted access in accordance with Paragraph 6 hereof. Each person to whom CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL is disclosed pursuant to this Order shall be advised that such CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL is being disclosed pursuant to, and subject to the terms of, this Order.

> 10.    Nothing herein shall prohibit any Party from:

> a    using, referring to, or reciting from CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL at any trial or hearing in this Case, subject to additional protective orders that may be entered relating thereto; provided further, that counsel shall confer to develop recommendations for such reasonable measures as may be necessary to protect any CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL used, referred to or recited in open court in this Case or any appeal therefrom; and provided further, that such use, reference or recitation in such open court Cases shall not deprive CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL of its status as such;

> b.    including such CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL contained in such materials with any papers filed in this Case (including any appeal therefrom), provided that such CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL is filed under seal pursuant to Paragraph 10 hereof or submitted to the Bankruptcy Court for in camera inspection;

> c..    seeking further, greater or lesser protection from the Bankruptcy Court on no less than seven (7) business days' notice to the counsel of record for all

Parties with respect to the use of any CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL; or

        d.      requiring the Party producing or giving such CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL to justify under Fed.R.Civ.P. 26(c) the need for the protection of this Order with respect to all or any portion thereof.

        11.     If CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL is presented or included in any paper to be filed in this Case, such paper must be filed under seal and kept under seal until further order of the Bankruptcy Court.  When feasible, only the portions of such papers including or disclosing CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL shall be filed under seal.  Before they are filed in this Case, any papers including or disclosing CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL shall be placed in sealed envelopes or other sealed containers on which there shall be endorsed:

        a.      the words "CONFIDENTIAL MATERIAL;

        b.      the caption of this Case;

        c.      an indication of the nature of the contents; and

        d.      a statement in the following form:  "This envelope [or container] is sealed pursuant to Court order and contains CONFIDENTIAL MATERIAL and/or non-public information and is not to be opened or the contents thereof to be displayed or revealed except by Court order or pursuant to stipulation of all Parties."

        12.     This Order (a) shall not apply to any material or information obtained or possessed by any Party otherwise than through discovery in this Case, even if the same material or information was designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and (b)

shall not be construed to affect or restrict any Party's treatment of its own documents or information in any way.

13.     An inadvertent failure to designate particular Discovery Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time of production shall not operate to waive a Disclosing Party's right to later designate particular material as such.  No party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation.  Once such designation has been made, however, the relevant documents or materials shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with this Order; provided, however, that if the Discovery Material that was inadvertently not designated is, at the time of the later designation, filed with a court on the public record, the party or nonparty that failed to make the designation may move for appropriate relief.  If an inadvertently omitted CONFIDENTIAL or ATTORNEYS' EYES ONLY designation is first claimed during the course of a deposition, hearing, or other court proceeding, then the subject discovery material may be used throughout the deposition, hearing, or proceeding as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

14.     Inadvertent production of any Discovery Material that a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Material"), shall not be deemed to constitute a waiver of any privilege.  A Party may request the return of any Inadvertently Produced Material.  A request for the return of Inadvertently Produced Material shall identify the Discovery Material inadvertently produced and the basis for withholding such

Discovery Material from production. If a Party requests the return, pursuant to this paragraph, of any Inadvertently Produced Material then in the custody of another Party, then such Discovery Material (and all copies thereof) shall be immediately returned to the requesting Party. The Party returning such Discovery Material may then move the Bankruptcy Court, on notice, for an order compelling production of the material, but said Party shall not assert as a ground for entering such an order the fact or circumstance of inadvertent production.

15.    If CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL in the possession of any Party is subpoenaed or is subject to any ostensibly compulsory process by any court, administrative, or legislative body, or any other person purporting to have authority to subpoena such materials or information, then the party to whom the subpoena is directed shall give written notice of the subpoena (including delivery of a copy thereof) to the counsel of record of the Disclosing Party by hand delivery or facsimile not less than ten (10) business days prior to the time when production of the information is requested by the subpoena. In the event that the subpoena or other compulsory process purports to require production of such Confidential documents or information derived therefrom on less than ten business days' notice, the party to whom the subpoena is directed shall give telephonic notice of the receipt of such subpoena as soon as reasonably practical, and forthwith deliver by hand or facsimile a written notice thereof, to the counsel of record. Absent a court order to the contrary, or written confirmation from the party serving the subpoena that the party to whom the subpoena is directed need not comply therewith, the party to whom the subpoena is directed may comply therewith. In any event, if CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL is delivered or disclosed in accordance with compulsory process despite prompt application for a protective order, then such delivery or disclosure shall not alter its designation and treatment as

**EXECUTION VERSION**

CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL for purposes of this Order unless and until the Bankruptcy Court otherwise directs.

16.    Any notice to a Party required by this Order may be given by providing at least seven (7) days written notice directed to that Party's counsel of record in this Case unless otherwise set forth herein. Any act by a Party required by this Order may be performed by that Party's counsel of record in this Case.

17.    Within thirty (30) days after the termination of this Case and all appellate remedies have been exhausted, all CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL and all copies thereof, and all originals and copies of excerpts, summaries or other material derived therefrom, shall be returned to counsel or record for the Disclosing Party. In lieu of return, the Disclosing Party may, at its option, instruct any Party in possession of CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL to certify in writing that the same has been destroyed. Notwithstanding the foregoing, no Party shall be required to return or destroy any: (a) excerpts, summaries or other derivative from CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL that would otherwise be protected from disclosure pursuant to the work product doctrine, attorney-client privilege, or other applicable privilege, or (b) CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL included in papers filed in this Case (including any appellate phases) as to which the seal has been lifted.

18.    Neither the termination of this Case, nor the termination of employment of any person who has had access to CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL by virtue of such employment, shall relieve any person from the obligation to maintain the confidentiality of such information.

19.    Nothing herein shall preclude any Party from using or disseminating any CONFIDENTIAL MATERIALS produced or given by such Party, or from waiving its own CONFIDENTIAL designations, or from waiving any provision of this Order made for such Party's benefit.

20.    The acquiescence by any Party to this Order shall not be deemed a waiver of any objection or recognized privilege that may be asserted as to discovery and admissibility.

21.    This Order shall be effective upon execution by the Parties or their attorneys, and any signatory thereto.  Failure of all parties to the Case to execute this Order shall not have any effect on the duties and obligations of the executing parties, except that executing parties shall not share any CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL with any non-executing party without the prior written consent of the Disclosing Party, and except as set forth herein.

22.    At the conclusion of this Case, the provisions of this Order shall continue to be binding upon all parties, persons or entities who are subject to its terms, and the United States Bankruptcy Court for the District of Delaware shall retain jurisdiction over the parties and the subject matter for the purpose of enforcing this Order.

23.    This Order may be executed in counterparts, each of which shall be deemed to be an original, and all of such counterparts taken together shall be deemed to constitute one and the same instrument.  Facsimile signature shall be accepted as originals for all purposes under this Order.

DATED:  August 29, 2008.

**EXECUTION VERSION**

**KIRKLAND & ELLIS LLP**

David M. Bernick, P.C.
Eric F. Leon
153 East 53rd Street
New York, NY 10022

– and –

**PACHULSKI STANG ZIEHL & JONES LLP**

Laura Davis Jones
James O'Neill
Kathleen P. Makowski
Timothy P. Cairns
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-9705

Gina Brandt, Esquire
Gillian N. Brown, Esquire
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA  90067-4100

*Attorneys for Debtors and Debtors in Possession*

**DUANE MORRIS LLP**

Michael R. Lastowski, Esq. (DE I.D. No. 3892)
1100 North Market Street, Suite 1200
Wilmington, DE 19801

William S. Katchen, Esquire (Admitted in NJ Only)
One Riverfront Plaza
Newark, New Jersey 07102

– and –

EXECUTION VERSION

**KIRKLAND & ELLIS LLP**

---

David M. Bernick, P.C.
Eric F. Leon
153 East 53rd Street
New York, NY 10022

- and –

**PACHULSKI STANG ZIEHL & JONES LLP**

*[signature]*

---

Laura Davis Jones
James O'Neill
Kathleen P. Makowski
Timothy P. Cairns
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-9705

Gina Brandt, Esquire
Gillian N. Brown, Esquire
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA  90067-4100

*Attorneys for Debtors and Debtors in Possession*

**DUANE MORRIS LLP**

---

Michael R. Lastowski, Esq. (DE I.D. No. 3892)
1100 North Market Street, Suite 1200
Wilmington, DE 19801

William S. Katchen, Esquire (Admitted in NJ Only)
One Riverfront Plaza
Newark, New Jersey 07102

- and –

EXECUTION VERSION

KIRKLAND & ELLIS LLP

---

David M. Bernick, P.C.
Eric F. Leon
153 East 53rd Street
New York, NY 10022

- and —

PACHULSKI STANG ZIEHL & JONES LLP

---

Laura Davis Jones
James O'Neill
Kathleen P. Makowski
Timothy P. Cairns
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-9705

Gina Brandt, Esquire
Gillian N. Brown, Esquire
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067-4100

*Attorneys for Debtors and Debtors in Possession*

DUANE MORRIS LLP

---

Michael R. Lastowski, Esq. (DE I.D. No. 3892)
1100 North Market Street, Suite 1200
Wilmington, DE 19801

William S. Katchen, Esquire (Admitted in NJ Only)
One Riverfront Plaza
Newark, New Jersey 07102

- and —

EXECUTION VERSION

STROOCK & STROOCK & LAVAN LLP

Lewis Kruger, Esquire
Kenneth Pasquale
180 Maiden Lane
New York, New York 10038-4982919 N.

*Co-Counsel for the Official Committee of
Unsecured Creditors of
W. R. Grace & Co., et al.*

LANDIS RATH & COBB LLP

Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
James S. Green (No. 4406)
919 Market Street, Suite 600
Wilmington, DE 19801

– and –

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Stephen J. Shimshak
Andrew N. Rosenberg
Maragaret A. Phillips
1285 Avenue of the Americas
New York, NY 10019-6064

*Counsel to the Bank Lenders*

EXECUTION VERSION

**STROOCK & STROOCK & LAVAN LLP**

Lewis Kruger, Esquire
Kenneth Pasquale
180 Maiden Lane
New York, New York 10038-4982919 N.

*Co-Counsel for the Official Committee of*
*Unsecured Creditors of*
*W. R. Grace & Co., et al.*

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
James S. Green (No. 4406)
919 Market Street, Suite 600
Wilmington, DE 19801

- and -

**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**
Stephen J. Shimshak
Andrew N. Rosenberg
Maragaret A. Phillips
1285 Avenue of the Americas
New York, NY 10019-6064

*Counsel to the Bank Lenders*

EXECUTION VERSION

BUCHANAN INGERSOLL & ROONEY PC

Teresa K.D. Currier (No. 3080)
The Brandywine Building
1000 West Street, 14th Floor
Wilmington, DE 19801

- and –

KRAMER LEVIN NAFTALIS & FRANKEL
LLP
Philip Bentley
Douglas H. Mannal
Keith Martorana
1177 Avenue of the Americas
New York, New York 10036

*Counsel to the Official Committee of
Equity Holders*

SIMPSON THACHER & BARTLETT LLP

William T. Russell, Jr.
Kenneth S. Ziman
Marissa A. Piropato
425 Lexington Avenue
New York, N.Y. 10017-3954

*Attorneys for JPMorgan Chase Bank, as Agent*

EXECUTION VERSION

BUCHANAN INGERSOLL & ROONEY PC

_____

Teresa K.D. Currier (No. 3080)
The Brandywine Building
1000 West Street, 14th Floor
Wilmington, DE  19801

- and –

KRAMER LEVIN NAFTALIS & FRANKEL
LLP
Philip Bentley
Douglas H. Mannal
Keith Martorana
1177 Avenue of the Americas
New York, New York  10036

*Counsel to the Official Committee of
Equity Holders*

SIMPSON THACHER & BARTLETT LLP

_____
William T. Russell, Jr.
Kenneth S. Ziman
Marissa A. Piropato
425 Lexington Avenue
New York, N.Y. 10017-3954

*Attorneys for JPMorgan Chase Bank, as Agent*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:                                    )   Chapter 11
                                          )
W.R. Grace & Co., *et al.*,               )   Case No. 01-01139 (JKF)
                                          )   (Jointly Administered)
                        Debtors.          )


## DECLARATION UNDERTAKING DUTY OF CONFIDENTIALITY


I, _____, declare:

1.      I have been asked by [receiving Party] through its counsel to inspect certain Discovery Materials that are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within the terms of the attached Confidentiality Order (the "Order").

2.      I have read the Order and understand it, and I agree to be bound by it in the same way that [receiving Party] and its counsel are bound.

3.      I understand that the Order prohibits the unauthorized disclosure or use of CONFIDENTIAL MATERIALS and/or ATTORNEYS' EYES ONLY MATERIAL.

4.      I hereby submit to the jurisdiction of the United States Bankruptcy Court for the District of Delaware for the purpose of enforcing the terms of this Order.


Dated: _____


                                    _____
                                    Signature of Declarant

        Typed/Printed Name of Declarant:    _____