# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**Responses Due: September 12, 2008 at 4:00 p.m.**
**Hearing Date: September 29, 2008 at 10:00 a.m.**

## NOTICE OF DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE AND NON-SUBSTANTIVE)

On or about August 25, 2008, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Debtors' Twenty-Sixth Omnibus Objection to Claims (Substantive and Non-Substantive)* (the "Objection") with the United States Bankruptcy Court for the District of Delaware. The Debtors will serve copies of the Objection (with all Exhibits) on (1) the Office of the United States Trustee; (2) each of the official committees in these Chapter 11 Cases; (3) any claimant with a claim subject to the Objection; and (4) all parties who

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc.), Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:132066.1

have requested notice pursuant to Bankruptcy Rule 2002.  Responses to the relief requested in the Objection, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern time) on **September 12, 2008**.

If you file a response to the Objection, at the same time, you must also serve a copy of the response upon the following parties:  (i) co-counsel for the Debtors, Christopher T. Greco, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, New York 10022, and James E. O'Neill, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE  19899-8705 (Courier 19801); (ii) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY  10038-4982, and Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE  19801-1246; (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL  33131, and Michael B. Joseph, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE  19899; (iv) counsel to the Official Committee of Personal Injury Claimants, Peter Van L. Lockwood, Caplin & Drysdale, Chartered, One Thomas Circle, N.W., Washington, DC 20005, and Mark T. Hurford, Campbell & Levine, LLC, 800 N. King Street, Suite 300, Wilmington, DE  19801; (v) counsel to the Official Committee of Equity Holders, Gary Becker, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY  10022, and Teresa K.D. Currier, Buchanan, Ingersoll & Rooney, P.C., 1000 West Street, Suite 1410, P.O. Box 1397, Wilmington, DE  19899-1397; (vi) counsel to the Future Claimants' Representative, Richard H. Wyron, Orrick, Herrington & Sutcliffe, LLP, 3050 K Street, NW,

91100-001\DOCS_DE:132066.1                              2

Suite 300, Washington, DC 20007, and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A.,

1200 North Broom Street, Wilmington, DE 19806; and (vii) the Office of the United States

Trustee, Attn: David Klauder, 844 N. King Street, Wilmington, DE 19801.

Any response should contain the following:

A.  a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

B.  the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

C.  the specific factual basis and supporting legal argument upon which the party will rely in opposing the Objection;

D.  any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

E.  the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

If you file a response to the Objection, you should be prepared to argue that

response at the September 29, 2007 hearing (the "Claims Hearing") unless you reach an

agreement with the Debtors' counsel to continue or resolve your matter. You need not respond

to the Objection or appear at the Claims Hearing if you do not object to the relief requested in the

Objection. If you do not timely file and serve a response to the Objection, the relief requested in

the Objection may be granted without further notice to you. Failure to timely file a response to

the Objection shall be deemed (i) a waiver of your right to respond to the Objection and (ii) your

consent to the relief requested in the Objection respecting your claim.

IF NO RESPONSES ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE OBJECTION WILL BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT THE UNITED STATES BANKRUPTCY COURT, 824 MARKET STREET, WILMINGTON, DELAWARE ON **SEPTEMBER 29, 2008 AT 10:00 A.M.** PREVAILING EASTERN TIME.

[Remainder of Page Intentionally Left Blank]

The Debtors reserve the right to file and serve a reply to a claimant's response. **If you have any questions regarding your claim(s) you should contact BMC at (888) 909-0100. If you have any questions regarding the Objection, please call Christopher T. Greco at (212) 446-4800.**

Dated: August 25th, 2008

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for Debtors and Debtors in Possession

5

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Responses Due: September 12, 2008 at 4:00 p.m.**
**Hearing Date: September 29, 2008 at 10 00 a.m.**

## DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE AND NON-SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel of record, file this Twenty-Sixth Omnibus Objection to Claims (the "Twenty-Sixth Omnibus Objection") and, in support thereof, state the following:

### Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 502, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the

---

1   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

"Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

## Background

3.  On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## Claims Bar Date

4.  By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). In the fall of 2006, the Court also set a bar date for asbestos personal injury litigation claims pending as of the chapter 11 petition date. No bar date has been established for claims related to Zonolite Attic Insulation.

## The Objection And Request For Relief

5.  By this Twenty-Sixth Omnibus Objection, the Debtors seek disallowance or reduction and allowance of the claims set forth on Exhibits A and B attached hereto[2] because: (i) it is duplicative of another claim filed in these cases (Exhibit A) (the "Duplicate Claim"); or (ii) it is a

---

[2]    The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. Unless otherwise stated, the inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

91100-001\DOCS_DE:139521.1

claim which should be reduced and allowed in the modified amount for the reasons set forth on the applicable exhibit (Exhibit B) (the "Modified Claims").

## The Duplicate Claim

6. The Debtors object to the Duplicate Claim listed in <u>Exhibit A</u> attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code because the Duplicate Claim is duplicative of proof of claim #15326. Proof of claim #15326 expressly amends the Duplicate Claim. Therefore, the Duplicate Claim set forth on <u>Exhibit A</u> should be disallowed and expunged for all purposes.

## The Modified Claims

7. The Debtors object to the Modified Claims listed on <u>Exhibit B</u> attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code because the Debtors' books and records reflect that these claims should be allowed in the modified claim amount for the reasons set forth in <u>Exhibit B</u>. Therefore, the Modified Claims should be reduced and allowed in the modified amount set forth in <u>Exhibit B</u>.

## Separate Contested Matters

8. If a response is filed regarding any claim listed in the Twenty-Sixth Omnibus Objection and the Debtors are unable to resolve such response, the corresponding claim and the objection by the Debtors thereto asserted in the Twenty-Sixth Omnibus Objection shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Twenty-Sixth Omnibus Objection shall be deemed a separate order with respect to each claim.

## Responses to Omnibus Objections

9.  To contest an objection, a claimant must file and serve a written response to this Twenty-Sixth Omnibus Objection (a "Response"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware:  824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on **September 12, 2008**, at the following addresses:

> Pachulski, Stang, Ziehl, & Jones LLP
> 919 North Market Street, 17th Floor
> P. O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Attn: James E. O'Neill
>
> Co-Counsel for the Debtors

10. Every Response to this Twenty-Sixth Omnibus Objection must contain at a minimum the following:

(a)    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Twenty-Sixth Omnibus Objection to which the Response is directed;

(b)    the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

(c)    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Twenty-Sixth Omnibus Objection;

(d)    any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

(e)     the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

11. If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reducing, or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

## Replies to Responses

12. The Debtors may, at their option, file and serve a reply to a claimant's Response.

## Reservation

13. The Debtors hereby reserve the right to object in the future to any of the claims listed in this Twenty-Sixth Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Twenty-Sixth Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

14. Notwithstanding anything contained in this Twenty-Sixth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Twenty-Sixth Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## Notice

15. The Debtors will serve copies of this Twenty-Sixth Omnibus Objection (with all exhibits) on the affected claimants, the Office of the United States Trustee and on all parties that

5

have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

16. The Debtors submit that notice of this Twenty-Sixth Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

## No Previous Request

17. No previous request for the specific relief set forth herein has been made to this or any other court.

## Compliance With Rule 3007-1

18. This Twenty-Sixth Omnibus Objection and related exhibits attached hereto comply with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware except Rule 3007-1(e)(i)(A). Because of the importance of dealing with the remaining open claims in a timely manner, the Debtors have combined objections to both substantive and non-substantive claims into this one objection. The Debtors submit that this effort reduces the administrative cost to object to the claims in this Twenty-Sixth Omnibus Objection, and is in the best interests of the estates and creditors. To the extent required, the Debtors hereby concurrently seek leave from Local Rule 3007-1(e)(i)(A) to permit a combined omnibus objection that includes both substantive and non-substantive claims..

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing and expunging each of the claims more fully described in this Twenty-Sixth Omnibus Objection and/or listed on the exhibits attached hereto.

Dated: August 25 2008

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

7

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## DECLARATION OF MARK A SHELNITZ IN SUPPORT OF DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

I, Mark A. Shelnitz, hereby declare that the following is true to the best of my knowledge, information and belief:

1.      I am the Vice President, General Counsel, and Secretary of W. R. Grace & Co., which has offices located at 7500 Grace Drive, Columbia, Maryland 21044. I submit this declaration (the "Declaration") in support of the Twenty-Sixth Omnibus Objection (the "Twenty-Sixth Omnibus Objection").[2]

2.      I am responsible for overseeing the claims review and objection process in these cases. In that capacity, I have reviewed the Twenty-Sixth Omnibus Objection and am, directly or through the Debtors' personnel, attorneys, and Bankruptcy Management Corporation, the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Twenty-Sixth Omnibus Objection.

Debtors' claims consultant, familiar with the information contained therein and in the exhibits annexed thereto.

3.      Upon information and belief, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

4.      To date, more that 15,000 Proofs of Claim have been filed against the Debtors in these cases by holders of non-personal injury claims.

5.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these cases. These claims were carefully reviewed and analyzed by appropriate personnel, and, in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims, which are the subject of the Twenty-Sixth Omnibus Objection. Based on these efforts, the Debtors have determined that the claims listed in the Twenty-Sixth Omnibus Objection should be disallowed and expunged as indicated in the Twenty-Sixth Omnibus Objection.

6.      To the best of my knowledge and belief, I have determined that the Duplicate Claim listed on Exhibit A of the Twenty-Sixth Omnibus Objection has been amended and is duplicative of another claim filed in these cases.

7.      To the best of my knowledge and belief, I have determined that the Modified Claims listed on Exhibit B of the Twenty-Sixth Omnibus Objection should be reduced and allowed in the modified amount and for the reasons listed on Exhibit C based on the Debtors' books and records.

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

Mark A. Shelnitz
Vice President, General Counsel and Secretary

Subscribed and sworn to before me
This 25th day of August, 2008.

Diane Z. Armstrong

NOTARY PUBLIC, State of **MARYLAND**
My Commission Expires: 09/18/2012



DIANE Z. ARMSTRONG
Notary Public, State of Maryland
County of Howard
My Commission Expires September 18, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## ORDER GRANTING RELIEF SOUGHT IN DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

Upon the Twenty-Sixth Omnibus Objection to Claims (Substantive) (the "Twenty-Sixth Omnibus Objection") filed by the above captioned debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order expunging and disallowing or reducing, as appropriate, certain claims (collectively, the "Claims" and, each a "Claim"); and no previous application having been made, and upon consideration of the matters set forth herein; and due and proper notice of the Twenty-Sixth Omnibus Objection having been given, it is hereby

ORDERED that except as hereinafter stated, the relief sought in the Twenty-Sixth Omnibus Objection is granted to the extent not inconsistent with the language herein and with the Exhibit attached hereto; and it is further

ORDERED that the Objection to the Duplicate Claim listed on Exhibit A to this Order is sustained and the Duplicate Claim is disallowed and expunged for all purposes; and it is further

ORDERED that the Objection to the Modified Claims listed on Exhibit B to this Order is sustained and the Modified Claims are reduced and allowed in the amounts and for the reasons reflected on Exhibit B; and it is further

ORDERED that pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in a contested matter by Rule 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the Disputed Claims

objected to in the Twenty-Sixth Omnibus Objection as to which relief is entered by this Court, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that, this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2008

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

# EXHIBIT A

# DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

## Exhibit A – Duplicate Claim

| Claimant | Duplicate Claim To Be Expunged | Remaining Claim | Amount | Reason For Proposed Disallowance |
|---|---|---|---|---|
| Dow Corning Corporation | 1740 | 15326 | $16,094.40 | Amended by and duplicative of Proof of Claim #15326[1] |

---

[1] Proof of Claim #15326 is also objected to on Exhibit C attached hereto.

91100-001\DOCS_DE:139521.1

# EXHIBIT B

*DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)*

<u>Exhibit B – Claims To Be Reduced and Allowed</u>

| <u>Claimant</u> | <u>POC #</u> | <u>Priority</u> | <u>Amount of Claim</u> | <u>Modified Claim Amount</u> | <u>Reason For Proposed Modification</u> |
|---|---|---|---|---|---|
| Dow Corning Corporation | 15326 | Unsecured | $16,173.80 | $16,094.40 | Claimant asserts amounts due on account of the sale of certain equipment plus interest and attorney fees. The Modified Claim Amount reflects the total amount due under the invoice for the sale of the equipment only according to the Debtors' books and records. |
| General Motors Acceptance Corporation | 81 | Unsecured | $11,177.72 | $3,322.60 | Claimant asserts amounts due on account of a lease of a motor vehicle. The vehicle underlying the lease was returned to the claimant. The Modified Claim Amount reflects the remaining prepetition amounts due under the lease according to the Debtors' books and records. |