# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket No. 19369 |

Hearing Date: September 29, 2008 at 10:00 a.m.
Responses Due: September 12, 2008 at 4:00 p.m.

## AMENDED[2] NOTICE OF DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE AND NON-SUBSTANTIVE)

On or about August 26, 2008, the above-captioned debtors and debtors in

possession (the "Debtors") filed the *Amended Debtors' Twenty-Fifth Omnibus Objection to*

*Claims (Substantive and Non-Substantive)* (the "Objection") with the United States Bankruptcy

Court for the District of Delaware. The Debtors will serve copies of the Objection (with all

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] The Amended Twenty-Fifth Omnibus Objection attached hereto replaces and supercedes in its entirety the Twenty-Fifth Omnibus Objection filed at Docket No. 19369.

91100-001\DOCS_DE:139958.1

Date 8·26·08

Docket # 19378

Page 4 of 48

Exhibits) on (1) the Office of the United States Trustee; (2) each of the official committees in these Chapter 11 Cases; (3) any claimant with a claim subject to the Objection; and (4) all parties who have requested notice pursuant to Bankruptcy Rule 2002. Responses to the relief requested in the Objection, if any, must be in writing and be filed with the Bankruptcy Court no later than 4:00 p.m. (prevailing Eastern time) on **September 12, 2008**.

If you file a response to the Objection, at the same time, you must also serve a copy of the response upon the following parties: (i) co-counsel for the Debtors, Christopher T. Greco, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, New York 10022, and James E. O'Neill, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801); (ii) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-4982, and Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246; (iii) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131, and Michael B. Joseph, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899; (iv) counsel to the Official Committee of Personal Injury Claimants, Peter Van L. Lockwood, Caplin & Drysdale, Chartered, One Thomas Circle, N.W., Washington, DC 20005, and Mark T. Hurford, Campbell & Levine, LLC, 800 N. King Street, Suite 300, Wilmington, DE 19801; (v) counsel to the Official Committee of Equity Holders, Gary Becker, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022, and Teresa K.D. Currier, Buchanan, Ingersoll & Rooney, P.C., 1000 West Street,

2

Suite 1410, P.O. Box 1397, Wilmington, DE 19899-1397; (vi) counsel to the Future Claimants'

Representative, Richard H. Wyron, Orrick, Herrington & Sutcliffe, LLP, 3050 K Street, NW,

Suite 300, Washington, DC 20007, and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A.,

1200 North Broom Street, Wilmington, DE 19806; and (vii) the Office of the United States

Trustee, Attn: David Klauder, 844 N. King Street, Wilmington, DE 19801.

Any response should contain the following:

A. a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

B. the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

C. the specific factual basis and supporting legal argument upon which the party will rely in opposing the Objection;

D. any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim;

E. the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

If you file a response to the Objection, you should be prepared to argue that

response at the September 29, 2008 hearing (the "Claims Hearing") unless you reach an

agreement with the Debtors' counsel to continue or resolve your matter. You need not respond

to the Objection or appear at the Claims Hearing if you do not object to the relief requested in the

Objection. If you do not timely file and serve a response to the Objection, the relief requested in

the Objection may be granted without further notice to you. Failure to timely file a response to

the Objection shall be deemed (i) a waiver of your right to respond to the Objection and (ii) your consent to the relief requested in the Objection respecting your claim.

IF NO RESPONSES ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.

IN THE EVENT THAT ANY OBJECTION OR RESPONSE IS FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, A HEARING ON THE OBJECTION WILL BE HELD BEFORE THE HONORABLE JUDITH K. FITZGERALD AT THE UNITED STATES BANKRUPTCY COURT, 824 MARKET STREET, WILMINGTON, DELAWARE ON **SEPTEMBER 29, 2008 AT 10:00 A.M.** PREVAILING EASTERN TIME.

[Remainder of Page Intentionally Left Blank]

91100-001\DOCS_DE:139958.1

The Debtors reserve the right to file and serve a reply to a claimant's response.  **If**
**you have any questions regarding your claim(s) you should contact BMC at (888) 909-0100.**
**If you have any questions regarding the Objection, please call Christopher T. Greco at**
**(212) 446-4800.**

Dated:  August 26, 2008

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

and

KIRKLAND & ELLIS LLP
David M. Bernick P.C.
Janet S. Baer
Christopher T. Greco
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile:  (312) 861-2200

Co-Counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 19369 |

**Hearing Date: September 29, 2008 at 10:00 a.m.**
**Responses Due: September 12, 2008 at 4:00 p.m.**

## AMENDED DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE AND NON-SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel of record, file this Twenty-Fifth Omnibus Objection to Claims (the "Twenty-Fifth Omnibus Objection") and, in support thereof, state the following:

### Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory bases for relief requested herein are 11 U.S.C. §§ 105(a) and 502, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the

---

1    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

"Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

## Background

3.   On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## Claims Bar Date

4.   By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims (the "Bar Date"). In the fall of 2006, the Court set a bar date for asbestos personal injury litigation claims pending as of the chapter 11 petition date. In the summer of 2008, the Court also set a bar date for all persons or entities with Zonolite Attic Insulation claims ("ZAI Claims").

## The Objection And Request For Relief

5.   By this Twenty-Fifth Omnibus Objection, the Debtors seek disallowance, reduction, or reclassification, as appropriate, of the claims set forth in the exhibits attached hereto[2] for the reasons described herein and in such exhibits:

---

[2]   The classification of the claims set forth on the exhibits is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. Unless otherwise stated, the inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

(a)     Each claim set forth as "No Liability" in <u>Exhibit A</u> attached hereto is a claim for which the Debtors have no liability according to their books and records (the "No Liability Claims") and for which the Debtors seek expungement of the claim;

(b)     Each claim set forth as "Insufficient Documentation" in <u>Exhibit B</u> attached hereto is a claim that has been filed with insufficient documentation to provide the Debtors with sufficient supporting information to validate such claim (the "Insufficient Documentation Claims") and for which the Debtors seek expungement of the claim;

(c)     Each claim set forth as "Amended" in <u>Exhibit C</u> attached hereto is a claim that have been superseded by an amended claim filed subsequently to such original claim (the "Amended Claim");

(d)     Each claim set forth as "Reduce and Allow" in <u>Exhibit D</u> attached hereto is a claim that should be reduced and allowed in the reduced amount stated in <u>Exhibit D</u> (the "Reduce and Allow Claims").

(e)     Each claim set forth as "Reclassify" in <u>Exhibit E</u> attached hereto is a claim that should be reclassified (but not allowed) (the "Reclassify Claims").

(f)     The claims set forth as "Tax Claims" in <u>Exhibit F</u> attached hereto are claims that should be disallowed and expunged, reduced and allowed, or reclassified and allowed in the status and amount stated on <u>Exhibit F</u> (the "Tax Claims").

### <u>The No Liability Claims</u>

6. The Debtors object to the No Liability Claims listed on <u>Exhibit A</u> attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code, because these are claims which are not enforceable against the Debtors or their property under any agreement or applicable law. In particular, the Debtors' review of their books and records indicates that they have no liability for

3

these claims because either (a) the claims have been satisfied or (b) the Debtors' books and records show no liability on the claims. Therefore, the No Liability Claims set forth on <u>Exhibit A</u> should be disallowed and expunged for all purposes.

<u>**Insufficient Documentation Claims**</u>

7. The Debtors object to the Insufficient Documentation Claims listed on <u>Exhibit B</u> attached hereto pursuant to section 502(b)(1) of the Bankruptcy Code and Bankruptcy Rule 3001(c). Claimants filing such claims have failed to file the requisite documentation in support of their claims and thus have failed to comply with Bankruptcy Rule 3001(c). Bankruptcy Rule 3001(c) requires in pertinent part: "When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim." Since the supporting documentation attached to the proofs of claim was not sufficient to allow the Debtors to determine the validity of the Insufficient Documentation Claims, the Insufficient Documentation Claims set forth on <u>Exhibit B</u> should be disallowed and expunged for all purposes.

<u>**The Amended Claim**</u>

8. The Debtors object to the Amended Claim because this claim has been superseded by an amended claim filed subsequent to such claim. Therefore, the Amended Claim listed on <u>Exhibit C</u> should be disallowed and expunged for all purposes.

9. If the Debtors' objection to the Amended Claim is sustained, the claim listed as "surviving claim" (the "Surviving Amended Claim") on <u>Exhibit C</u> will remain on the claims registry subject to the Debtors' right to object to the Surviving Amended Claim in the future on any grounds allowed under applicable law. Claimants holding Amended Claim will suffer no prejudice by having their Amended Claim disallowed and expunged, because the Surviving

4

Amended Claim, the more recent of the claimants' claims against the Debtors, will remain on the claims registry after the corresponding Amended Claim is expunged.

### The Reduce and Allow Claims

10. The Debtors object to the Reduce and Allow Claims pursuant to section 502(b)(1) of the Bankruptcy Code because these claims are filed for amounts that differ from the amounts reflected on the Debtors' books and records. In evaluating the Reduce and Allow Claims, the Debtors have thoroughly reviewed their books and records and proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the amount of each claim is overstated. The amount of each claim listed on Exhibit D is overstated due to the reasons set forth on Exhibit D. Accordingly, the Debtors object to the Reduce and Allow Claims and request that the Reduce and Allow Claims be reduced to and allowed in the amounts set forth on Exhibit D.

### The Reclassify Claims

11. The Debtors object to the Reclassify Claims pursuant to sections 502(b)(1) and 506 of the Bankruptcy Code because these claims are filed with the wrong classification. In evaluating the Reclassify Claims, the Debtors have thoroughly reviewed their books and records and the proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the classification and amount of each claim requires modification. The claims listed on Exhibit E have no basis for secured or priority status and should be reclassified as general unsecured claims, but not allowed. The Debtors are still reviewing the merits of these claims and thus reserve all of their rights to object to the Reclassify Claims on any grounds. Accordingly, the Debtors object to the Reclassify Claims and request that the Reclassify Claims be reclassified, but not allowed, as set forth on Exhibit E.

5

## The Tax Claims

12. The Debtors object to the Tax Claims listed on <u>Exhibit F</u> pursuant to section 506 of the Bankruptcy Code because these are claims where: (a) the Debtors have no liability; (b) there is insufficient documentation to allow the Debtors to determine the validity of the claim; (c) there is no basis for administrative status and the claim should be reclassified and allowed as a general unsecured claim; or (d) the claim should be reduced and allowed in the amount specified. In evaluating the Tax Claims, the Debtors have thoroughly reviewed their books and records and the proofs of claim, as well as the supporting documentation provided by the claimants, and have determined that the claims listed on <u>Exhibit F</u> should be disallowed and expunged, reclassified and allowed, or reduced and allowed in the status and amount stated on <u>Exhibit F</u>.

## Separate Contested Matters

13. If a response is filed regarding any claim listed in the Twenty-Fifth Omnibus Objection and the Debtors are unable to resolve such response, the corresponding claim and the objection by the Debtors thereto asserted in the Twenty-Fifth Omnibus Objection shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Twenty-Fifth Omnibus Objection shall be deemed a separate order with respect to each claim.

## Responses to Omnibus Objections

14. To contest an objection, a claimant must file and serve a written response to this Twenty-Fifth Omnibus Objection (a "Response"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware:  824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) on **September 12, 2008**, at the following addresses:

6

Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Attn: Christopher T. Greco

-and-

Pachulski, Stang, Ziehl, & Jones LLP
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Attn: James E. O'Neill

Co-Counsel for the Debtors

15. Every Response to this Twenty-Fifth Omnibus Objection must contain at a minimum the following:

(a)    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Twenty-Fifth Omnibus Objection to which the Response is directed;

(b)    the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

(c)    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Twenty-Fifth Omnibus Objection;

(d)    any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

(e)    the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and

7

who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

16. If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reducing, reclassifying, or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

## Replies to Responses

17. The Debtors may, at their option, file and serve a reply to a claimant's Response.

## Reservation

18. The Debtors hereby reserve the right to object in the future to any of the claims listed in this Twenty-Fifth Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Twenty-Fifth Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

19. Notwithstanding anything contained in this Twenty-Fifth Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Twenty-Fifth Omnibus Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## Notice

20. The Debtors will serve copies of this Twenty-Fifth Omnibus Objection (with all exhibits) on the Office of the United States Trustee and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002 (the "2002 List").

8

21. Bankruptcy Management Corporation, the Debtors' reconciliation agent, will serve a copy of the Twenty-Fifth Omnibus Objection and the exhibits thereto upon those creditors that have filed claims that are affected by the Twenty-Fifth Omnibus Objection.

22. The Debtors submit that notice of this Twenty-Fifth Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

23. No previous request for the specific relief set forth herein has been made to this or any other court.

### Compliance With Local Rule 3007-1

24. This Twenty-Fifth Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, except for Rule 3007-1(e)(i)(A).  Because of the importance of dealing with the remaining open claims in a timely manner, the Debtors have combined objections to both substantive and non-substantive claims into this one objection.  The Debtors submit that this effort reduces the administrative cost to object to the claims in this Twenty-Fifth Omnibus Objection, and is in the best interests of the estates and creditors.  To the extent required, the Debtors hereby concurrently seek leave from Local Rule 3007-1(e)(i)(A) to permit a combined omnibus objection that includes both substantive and non-substantive claims.

9

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing, expunging, reclassifying (but not allowing) and/or reducing, as appropriate, each of the claims more fully described in this Twenty-Fifth Omnibus Objection and/or listed on the exhibits attached hereto.

Dated:  August 26, 2008

Respectfully submitted,

KIRKLAND & ELLIS LLP
Janet S. Baer
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
(302) 652-4100

Co-Counsel for Debtors and Debtors in Possession

10

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### DECLARATION OF MARK A. SHELNITZ IN SUPPORT OF DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE AND NON-SUBSTANTIVE)

I, Mark A. Shelnitz, hereby declare that the following is true to the best of my knowledge, information and belief:

1.     I am the Vice President, General Counsel, and Secretary of W. R. Grace & Co., which has offices located at 7500 Grace Drive, Columbia, Maryland  21044.  I submit this declaration (the "Declaration") in support of the Twenty-Fifth Omnibus Objection to Claims (the "Twenty-Fifth Omnibus Objection").

2.     I am responsible for overseeing the claims review and objection process in these cases.  In that capacity, I have reviewed the Twenty-Fifth Omnibus Objection and am, directly or through the Debtors' personnel, attorneys, and Bankruptcy Management Corporation, the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Debtors' claims consultant, familiar with the information contained therein and in the exhibits annexed thereto.

3.    Upon information and belief, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

4.    To date, more that 15,000 Proofs of Claim have been filed against the Debtors in these cases by holders of non-personal injury claims.

5.    Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these cases. These claims were carefully reviewed and analyzed by appropriate personnel, and, in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims, which are the subject of the Twenty-Fifth Omnibus Objection. Based on these efforts, the Debtors have determined that the claims listed in the Twenty-Fifth Omnibus Objection should be disallowed and expunged, amended, reclassified, or reduced, as indicated in the Twenty-Fifth Omnibus Objection.

6.    To the best of my knowledge and belief, I have determined that the No Liability Claims against the Debtors listed on Exhibit A of the Twenty-Fifth Omnibus Objection are unenforceable against the Debtors or their property under any agreement or applicable law. In particular, the Debtors' review of their Books and Records indicates that they have no liability for these claims because either (a) the claims have been satisfied or (b) the Debtors' Books and Records show no liability on the claims.

7._    To the best of my knowledge and belief, I have determined that the Insufficient Documentation Claims against the Debtors listed on Exhibit B of the Twenty-Fifth Omnibus

12

Objection are unenforceable against the Debtors or their property under any agreement or applicable law. Claimants filing such claims have failed to file the requisite documentation in support of their claims and, as such, the Debtors cannot determine the validity of these claims.

8.    To the best of my knowledge and belief, I have determined that the Amended Claim against the Debtors listed on Exhibit C of the Twenty-Fifth Omnibus Objection has been superseded by an amended claim filed subsequent to such claim. The more recent of the claimants' claims against the Debtors will remain on the claims registry after the corresponding Amended Claim is expunged.

9.    To the best of my knowledge and belief, I have determined that the Reduce and Allow Claims against the Debtors listed on Exhibit D of the Twenty-Fifth Omnibus Objection are filed for amounts that differ from the amounts reflected on the Debtors' Books and Records. In evaluating the Reduce and Allow Claims, the Debtors have thoroughly reviewed their Books and Records and the proofs of claim, as well as the supporting documentation provided by each claimant, and have determined that the amount of each claim is overstated for the reasons set forth on Exhibit D.

10.    To the best of my knowledge and belief, I have determined that the Reclassify Claims against the Debtors listed on Exhibit E of the Twenty-Fifth Omnibus Objection are filed with the wrong classification, as there is no basis for the secured or priority status. Thus, the claims listed on Exhibit E should be reclassified, but not allowed, as general unsecured claims.

13

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

_Mark A. Shelnitz_
Mark A. Shelnitz
Vice President, General Counsel and Secretary

Subscribed and sworn to before me
This 25th day of August, 2008.

_Diane Z. Armstrong_

NOTARY PUBLIC, State of __MARYLAND__
My Commission Expires: 09/18/2012



**DIANE Z. ARMSTRONG**
Notary Public, State of Maryland
County of Howard
My Commission Expires September 18, 2012



14

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## DECLARATION OF DAVID NAKASHIGE IN SUPPORT OF DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE AND NON-SUBSTANTIVE)

I, David Nakashige, hereby declare that the following is true to the best of my knowledge, information and belief:

(a)     I am Senior Tax Manager at W. R. Grace & Co., which has offices located at 5400 Broken Sound Boulevard, N.W. Suite 300, Boca Raton, Florida  33487.  I submit this declaration (the "Declaration") in support of the Debtors' Twenty-Fifth Omnibus Objection to Claims (the "Twenty-Fifth Omnibus Objection").

(b)     I am responsible for reviewing, analyzing and objecting to tax claims filed against the Debtors in these Chapter 11 cases.  In that capacity, I have reviewed the Twenty-Fifth Omnibus Objection and am, directly or through the Debtors'

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

personnel, attorneys, and Bankruptcy Management Corporation, the Debtors' claims consultant, familiar with the information contained therein and in Exhibit F annexed thereto.

(c)     Upon information and belief, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and respective amounts owed to their creditors.

(d)     To date, more that 15,000 Proofs of Claim have been filed against the Debtors in these Chapter 11 cases by holders of non-personal injury claims.  Of these, approximately 200 Proofs of Claim were filed relating to tax claims (the "Tax Claims").

(e)     Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the Tax Claims filed in these Chapter 11 cases.  These Tax Claims were carefully reviewed and analyzed by appropriate personnel, and, in some cases, the Debtors' professional advisors, resulting in the identification of objectionable claims, which are the subject of the Twenty-Fifth Omnibus Objection.  Based on these efforts, the Debtors have determined that the claims listed in Exhibit F to the Twenty-Fifth Omnibus Objection are claims where: (a) the Debtors have no liability; (b) there is insufficient documentation to allow the Debtors to determine the validity of the claim; (c) there is no basis for administrative status and the claim should be reclassified and allowed as a general unsecured claim; or (d) the claim should be reduced and allowed in the amount specified.

The information contained in this Declaration is true and correct to the best of my knowledge and belief.

_____
David Nakashige
Senior Tax Manager, W. R. Grace & Co.


Subscribed and sworn to before me
This 23 day of August, 2008

_____

NOTARY PUBLIC, State of  FLORIDA
My Commission Expires: 05/24/2011

MARILYN J. NARDUCCI
Commission DD 658062
Expires May 24, 2011
Bonded Thru Troy Fain Insurance 800-385-7019

# EXHIBIT A

In re: W.R. GRACE & CO., et al
OMNIBUS 25: EXHIBIT A - NO LIABILITY CLAIMS

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 1 | ADXY MANAGEMENT TRUST PAVIA & HARCOURT LLP C/O ANTHONY S CANNATELLA, ESQ 600 MADISON AVE NEW YORK, NY 10022 | 01-01140 W.R. GRACE & CO.-CONN. | 14074 | $5,958.90 | (U) | DEBTORS' BOOKS AND RECORDS SHOW NO CURRENT LIABILITY FOR THIS CLAIM. |
| 2 | CENTRAL PUGET SOUND REGIONAL TRANSIT AUT C/O DESMOND BROWN GENERAL COUNSEL 401 S JACKSON ST SEATTLE, WA 98104 | 01-01140 W.R. GRACE & CO.-CONN. | 9123 | $87,960.60 | (U) | A REVIEW OF THE DEBTORS' RECORDS AND INFORMATION SHOWS NO BASIS FOR LIABILITY AND THE DOCUMENTS THAT WERE PROVIDED BY THE CLAIMANT WERE INSUFFICIENT TO ESTABLISH A BASIS OF LIABILITY. |
| 3 | CIT COMMUNICATION FINANCE CORPORATION BANKRUPTCY DEPT 650 CIT DR LIVINGSTON, NJ 07039 | 01-01139 W.R. GRACE & CO. | 870 | $767,925.39 | (U) | DEBTORS' BOOKS AND RECORDS SHOW NO LIABILITY FOR THIS CLAIM BECAUSE DEBTORS CONTINUED TO PAY ALL LEASES AS SCHEDULED AND THERE ARE NO OUTSTANDING AMOUNTS ON DEBTORS' BOOKS. |
| 4 | DILLINGHAM-MANSON JOINT VENTURE MANSON CONSTRUCTION ATTN PRESIDENT 5209 E MARGINAL WAY S SEATTLE, WA 98124 | 01-01140 W.R. GRACE & CO.-CONN. | 14050 | UNKNOWN | (U) | BRIDGE RELATED TO CLAIM HAS BEEN REPAIRED PURSUANT TO SETTLEMENT TO WHICH THE DEBTORS ARE NOT A PARTY; DEBTORS HAVE NO LIABILITY UNDER THE SETTLEMENT AGREEMENT. |
| 5 | DILLINGHAM-MANSON JOINT VENTURE MANSON CONSTRUCTION ATTN PRESIDENT 5209 E MARGINAL WAY S SEATTLE, WA 98124 | 01-01139 W.R. GRACE & CO. | 14051 | UNKNOWN | (U) | BRIDGE RELATED TO CLAIM HAS BEEN REPAIRED PURSUANT TO SETTLEMENT TO WHICH THE DEBTORS ARE NOT A PARTY; DEBTORS HAVE NO LIABILITY UNDER THE SETTLEMENT AGREEMENT. |
| 6 | FIUS INC C/O WILLIAM W ERHART ESQ 300 DELAWARE AVE STE 1130 PO BOX 234 WILMINGTON, DE 19899 | 01-01140 W.R. GRACE & CO.-CONN. | 1640 | $83,088.00 | (U) | A REVIEW OF THE DEBTORS' RECORDS AND INFORMATION SHOWS NO BASIS FOR LIABILITY AND THE DOCUMENTS THAT WERE PROVIDED BY THE CLAIMANT AND THE DOCUMENTS THAT WERE INSUFFICIENT TO ESTABLISH A BASIS OF LIABILITY. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**(A) - Administrative
(P) - Priority

(S) - Secured
(U) - Unsecured

Page 1 of 4

8/22/2008 10:12:02 AM

In re: W.R. GRACE & CO., et al

## OMNIBUS 25: EXHIBIT A - NO LIABILITY CLAIMS

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 7 | GLOBAL HEALTH SCIENCES CREDITOR TRUST<br>C/O DAVID F HERCY ESQ<br>BELL BOYD & LLOYD LLC<br>70 W MADISON ST<br>STE 3300<br>CHICAGO, IL 60602-4207 | 01-01139    13935<br>W.R. GRACE & CO. | | $33,372.00 | (U) | DEBTORS HAVE NO LIABILITY FOR THIS PREFERENCE CLAIM BASED UPON DEFENSES THERETO, INCLUDING THAT THE ALLEGED PREFERENTIAL PAYMENTS WERE MADE IN THE ORDINARY COURSE OF BUSINESS. |
| 8 | GRAU, JAMES AND ANNA<br>C/O RICHARD L FERRELL ESQ<br>425 WALNUT ST STE 1800<br>CINCINNATI, OH 45202 | 01-01140    9688<br>W.R. GRACE & CO.-<br>CONN. | | $800,000.00 | (U) | A REVIEW OF THE DEBTORS' RECORDS AND INFORMATION SHOWS NO BASIS FOR LIABILITY AND THE DOCUMENTS THAT WERE PROVIDED BY THE CLAIMANT WERE INSUFFICIENT TO ESTABLISH A BASIS OF LIABILITY. |
| 9 | HARY GRAU & SONS INC<br>C/O RICHARD L FERRELL ESQ<br>TAFT STETTINIUS & HOLLISTER LLP<br>425 WALNUT ST STE 1800<br>CINCINNATI, OH 45202 | 01-01140    9687<br>W.R. GRACE & CO.-<br>CONN. | | $500,000.00 | (U) | A REVIEW OF THE DEBTOR'S RECORDS AND INFORMATION SHOWS NO BASIS FOR LIABILITY AND THE DOCUMENTS THAT WERE PROVIDED BY THE CLAIMANT WERE INSUFFICIENT TO ESTABLISH A BASIS OF LIABILITY. |
| 10 | HELMS, BRENDA S<br>307 W EMERALD<br>IOWA PARK, TX 76367 | 01-01140    601<br>W.R. GRACE & CO.-<br>CONN. | | $1,227,370.00 | (U) | DEBTORS HAVE NO LIABILITY FOR THIS CLAIM. |
| 11 | LEREW, JOHN<br>0044 HIGH MEADOW DR<br>DILLON, CO 80435 | 01-01140    399<br>W.R. GRACE & CO.-<br>CONN. | | $15,000.00 | (U) | DEBTORS' BOOKS AND RECORDS SHOW NO LIABILITY FOR THIS CLAIM. |
| 12 | MUNOZ, GLORIA<br>C/O ANTHONY S PETRU ESQ<br>HILDEBRAND MCLEOD AND NELSON INC<br>350 FRANK H OGAWA PLAZA 4TH FLR<br>OAKLAND, CA 94612-2006 | 01-01140    1959<br>W.R. GRACE & CO.-<br>CONN. | | $100,000.00 | (U) | DEBTORS HAVE NO LIABILITY FOR THIS CLAIM. |
| 13 | NATURAL RES & ENV PROT CABINET, COMMONWEALTH OF KY<br>FIFTH FLR, CAPITAL PLAZA TOWER<br>FRANKFORT, KY 40601 | 01-01139    7046<br>W.R. GRACE & CO. | | $2,141,935.00 | (U) | A REVIEW OF THE DEBTORS' RECORDS AND INFORMATION SHOWS NO BASIS FOR LIABILITY AND THE DOCUMENTS THAT WERE PROVIDED BY THE CLAIMANT WERE INSUFFICIENT TO ESTABLISH A BASIS OF LIABILITY. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**\*\*(A) - Administrative**     **\*\*(P) - Priority**     **(S) - Secured**     **(U) - Unsecured**

**In re: W.R. GRACE & CO., et al**

**OMNIBUS 25: EXHIBIT A - NO LIABILITY CLAIMS**

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 14 | OIL STEERING COMM MEMBER COMPANIES & USEPA<br>C/O ALLAN H HOROWITZ ESQ<br>NOSSAMAN GUNTHER KNOX & ELLIOTT LLP<br>445 S FIGUEROA ST 31ST FL<br>LOS ANGELES, CA 90071 | 01-11194<br>REMEDIUM GROUP, INC. | 1981 | UNKNOWN | (U) | THIS CLAIM IS FILED AGAINST THE WRONG DEBTOR AND IS A DUPLICATE OF CLAIM 1958. |
| 15 | OLDCASTLE APG NORTHEAST INC<br>D/B/A FOSTER-SOUTHERN<br>46 SPRING ST<br>HOLBROOK, MA 02343 | 01-01140<br>W.R. GRACE & CO.-<br>CONN. | 12943 | $8,000,000.00 | (U) | THE UNDERLYING LITIGATION FOR THIS CLAIM HAS BEEN RESOLVED; DEBTORS HAVE NO LIABILITY FOR THIS CLAIM. |
| 16 | OLDCASTLE APG NORTHEAST INC<br>D/B/A FOSTER-SOUTHERN<br>46 SPRING ST<br>HOLBROOK, MA 02343 | 01-01140<br>W.R. GRACE & CO.-<br>CONN. | 12944 | $200,000.00 | (P) | THE UNDERLYING LITIGATION FOR THIS CLAIM HAS BEEN RESOLVED; DEBTORS HAVE NO LIABILITY FOR THIS CLAIM. |
| 17 | PICKENS, JOHN T<br>8489 GREENVILLE AVE #105<br>DALLAS, TX 75231-2411 | 01-01139<br>W.R. GRACE & CO. | 175 | $39,900.00 | (U) | DEBTORS' BOOKS AND RECORDS SHOW NO LIABILITY FOR THIS CLAIM. |
| 18 | RODRIGUEZ, YESSINIA<br>93-1/2 MT PLEASANT AVE 1ST FL<br>NEWARK, NJ 07104 | 01-01139<br>W.R. GRACE & CO. | 709 | $50,000.00<br>$50,000.00 | (P)<br>(U) | THIS CLAIM HAS BEEN SETTLED AND PAID; DEBTORS HAVE NO LIABILITY. |
| 19 | ROWE, RICHARD C<br>C/O STEPHEN R TETRO<br>233 S WACKER DR STE 9800<br>CHICAGO, IL 60606 | 01-01140<br>W.R. GRACE & CO.-<br>CONN. | 14037 | UNKNOWN | (U) | A REVIEW OF THE DEBTORS' RECORDS AND INFORMATION SHOWS NO BASIS FOR LIABILITY AND THE DOCUMENTS THAT WERE PROVIDED BY THE CLAIMANT WERE INSUFFICIENT TO ESTABLISH A BASIS OF LIABILITY. |
| 20 | ROWE, RICHARD C<br>PO BOX 27184<br>MEMPHIS, TN 38127 | 01-01140<br>W.R. GRACE & CO.-<br>CONN. | 1841 | UNKNOWN | (S) | A REVIEW OF THE DEBTORS' RECORDS AND INFORMATION SHOWS NO BASIS FOR LIABILITY AND THE DOCUMENTS THAT WERE PROVIDED BY THE CLAIMANT WERE INSUFFICIENT TO ESTABLISH A BASIS OF LIABILITY. |
| 21 | URS CORPORATION SUCCESSOR TO RADIAN INTL<br>ATTN: MICHAEL A STEUER ESQ<br>130 ROBIN HILL RD<br>SANTA BARBARA, CA 93117 | 01-01139<br>W.R. GRACE & CO. | 2359 | $398,677.95 | (U) | THIS CLAIM WAS AMENDED BY CLAIM 15469 WHICH WAS REDUCED AND ALLOWED PURSUANT TO COURT ORDER (DKT.NO.14071); DEBTORS HAVE NO LIABILITY FOR THIS CLAIM. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which this objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**"(A) - Administrative   (P) - Priority   (S) - Secured   (U) - Unsecured**

8/22/2008 10:12:08 AM

In re: W.R. GRACE & CO., et al
OMNIBUS 25: EXHIBIT A - NO LIABILITY CLAIMS

| Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|
| 22 | WESCONN CO INC C/O WILLIAM W ERHART ESQ 300 DELAWARE AVE STE 1130 PO BOX 234 WILMINGTON, DE 19899 | 01-01140  1639 W.R. GRACE & CO - CONN. | $395,091.00 | (U) | A REVIEW OF THE DEBTORS' RECORDS AND INFORMATION SHOWS NO BASIS FOR LIABILITY AND THE DOCUMENTS THAT WERE PROVIDED BY THE CLAIMANT WERE INSUFFICIENT TO ESTABLISH A BASIS OF LIABILITY. |
| 23 | WHC REALTY CORP C/O MICHAEL S SCHREIBER ESQ ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK PC 1345 AVE OF THE AMERICAS 31ST FL NEW YORK, NY 10105 | 01-01139  297 W.R. GRACE & CO. | $119,116.05 | (U) | THIS CLAIM WAS A CONTINGENT CLAIM FOR THE GUARANTY OF A LEASE THAT EXPIRED ON 12/31/07. DEBTORS HAVE NO LIABILITY ON THIS CLAIM BECAUSE THE LEASE HAS EXPIRED. |
| 24 | WRIGHT, JIM 215 ROCK LEDGE DR GLENWOOD SPRINGS, CO 81601 | 01-01140  603 W.R. GRACE & CO - CONN. | $851,678.00 | (P) (U) | DEBTORS HAVE NO LIABILITY FOR THIS CLAIM. |
| | | Totals: | $901,678.00  (P) $15,065,394.89  (U) | | . |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**(A) - Administrative**
(P) - Priority

(S) - Secured
(U) - Unsecured

8/22/2008 10:12:10 AM

# EXHIBIT B

## In re: W.R. GRACE & CO., et al

## OMNIBUS 25: EXHIBIT B - INSUFFICIENT DOCUMENTATION CLAIMS

| | Creditor Name / Address | Case Number | Claim Number | Total Claim Dollars* | Claim Class** | Reason For Proposed Disallowance |
|---|---|---|---|---|---|---|
| 1 | MRE PRP GROUP ATTN: JOHN J LITTLE ESQ LITTLE PEDERSON & FRANKHAUSER 901 MAIN ST, SUITE 4100 DALLAS, TX 75202 | 01-01139 W.R. GRACE & CO. | 7033 | UNKNOWN | (U) | INSUFFICIENT DOCUMENTATION ATTACHED TO SUPPORT CLAIM. |
| 2 | THE BURLINGTON NORTHERN & SANTA FE RAILW 920 SE QUINCY ATTN FINANCIAL SERVICES TOPEKA, KS 66612 | 01-01139 W.R. GRACE & CO. | 12842 | $8,700.00 | (U) | INSUFFICIENT DOCUMENTATION ATTACHED TO SUPPORT CLAIM. |
| | | | Totals: | $8,700.00 | (U) | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**(A) - Administrative      (S) - Secured
(P) - Priority              (U) - Unsecured

8/22/2008 8:20:00 AM

# EXHIBIT C

## In re: W.R. GRACE & CO., et al

### OMNIBUS 25: EXHIBIT C - AMENDED CLAIM

| Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** | Creditor Name and Address | Case No | Claim Number | Total Claim Dollars* | Claim Class** |
|---|---|---|---|---|---|---|---|---|---|
| 1 BP EXPLORATION & OIL INC DBA BP PRODUCTS NA INC ATTN: RE SCHRAG TOLEDO REFINERY PO BOX 696 TOLEDO, OH 43697-0696 | 01-01140 | 6356 | $3,900,000.00 | (U) | LONGACRE MASTER FUND LTD RE: BP PRODUCTS NORTH AMERICA INC ATTN VLADIMIR JELISAVCIC 810 7TH AVE FL 33 NEW YORK NY 10019 | 01-01139 | 18497 | $211,246.10 | (U) |

**Total Claims Expunged:** 1    **Total Dollars Expunged:** $3,900,000.00

---

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

The classification of the claims set forth herein is the classification asserted on the filed proof of claim. The Debtors include such classification for the purpose of identifying the claim to which the objection applies. The inclusion of the classification shall not constitute an acknowledgement by the Debtors that such classification is correct or appropriate.

**\*\*(A) - Administrative**
**(P) - Priority**

**(S) - Secured**
**(U) - Unsecured**

Page 1 of 1

# EXHIBIT D

## In re: W.R. GRACE & CO., et al
## OMNIBUS 25: EXHIBIT D - REDUCE & ALLOW CLAIMS

| | Creditor Name / Address | Claim Number | Total Claim Dollars*Class** | | Modified Claim Amount* | Claim Class** | Reason For Modification |
|---|---|---|---|---|---|---|---|
| 1 | AKZO NOBEL SURFACE CHEMISTRY LLC<br>C/O BOB WAREHAM<br>RT 6 & TABLER RD<br>PO BOX 310<br>MORRIS, IL 60450 | 3344 | $123,500.00 | (U) | $7,015.07 | (U) | REDUCTION IS DUE TO A STIPULATION WITH CONTINENTAL CASUALTY COMPANY ('CNA'). APPROVED BY COURT ORDER (DKT. NO. 16912) WHERE CNA PAID THE CLAIM AND THE REDUCED AMOUNT OF THIS CLAIM OF $7,015.07 IS FOR THE DEDUCTIBLE AMOUNT OWED BY THE DEBTORS. |
| 2 | BROWARD COUNTY DEP OF FINANCE<br>REVENUE COLLECTION DIVISION<br>GOVERNMENTAL CENTER ANNEX<br>115 S ANDREWS AVE<br>FT LAUDERDALE, FL 33301 | 885 | $7,470.66 | (S) | $1,751.95 | (S) | REDUCTION IS DUE TO PAYMENT OF $5,029.99 FOR 2001 REAL ESTATE TAXES. REMAINING ALLOWED PORTION OF CLAIM IS FOR PERSONAL PROPERTY TAX OF $1,751.95. |
| 3 | FIRST CHEMICAL TEXAS LP<br>PO BOX 1607<br>BAYTOWN, TX 77520 | 585 | $159,096.00 | (U) | $8,616.83 | (U) | REDUCTION IS DUE TO A STIPULATION WITH CONTINENTAL CASUALTY COMPANY ('CNA'). APPROVED BY COURT ORDER (DKT. NO. 16912) WHERE CNA PAID THE CLAIM AND THE REDUCED AMOUNT OF THIS CLAIM OF $8,616.83 IS FOR THE DEDUCTIBLE AMOUNT OWED BY THE DEBTORS. |
| | | Totals: | $7,470.66<br>$288,596.00 | (S)<br>(U) | $1,751.95<br>$15,631.90 | (S)<br>(U) | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

8/22/2008 10:12:37 AM

# EXHIBIT E

## In re: W.R. GRACE & CO., et al
## OMNIBUS 25: EXHIBIT E - RECLASSIFY CLAIMS

| | Creditor Name / Address | Claim Number | Total Claim Dollars*Class** | Claim Class** | Modified Claim Amount** Class** | Claim Class** | Reason For Modification |
|---|---|---|---|---|---|---|---|
| 1 | NOVAK SITE PDRA PRP GROUP<br>C/O RICHARD G PLACEY ESQ<br>MONTGOMERY MCCRACKEN WALKER & RHOADS LLP<br>300 DELAWARE AVE, SUITE 750<br>WILMINGTON, DE 19801 | 6054 | $121,810.29 | (P) | | (P)<br>(U) | NO BASIS FOR PRIORITY CLAIM - SHOULD BE<br>RECLASSIFIED AS UNSECURED. |
| 2 | ONE BEACON AMERICA INSURANCE COMPANY<br>DRINKER BIDDLE & REATH LLP<br>DAVID P PRIMACK<br>1100 N MARKET ST, STE 1000<br>WILMINGTON, DE 19801-1254 | 15593 | UNKNOWN<br>UNKNOWN | (S)<br>(U) | | (S)<br>(U) | NO BASIS FOR SECURED CLAIM - SHOULD BE<br>RECLASSIFIED AS UNSECURED. |
| 3 | SEXTON INSURANCE COMPANY<br>DRINKER BIDDLE & REATH LLP<br>DAVID P PRIMACK<br>1100 N MARKET ST, STE 1000<br>WILMINGTON, DE 19801-1254 | 15531 | UNKNOWN<br>UNKNOWN | (S)<br>(U) | | (S)<br>(U) | NO BASIS FOR SECURED CLAIM - SHOULD BE<br>RECLASSIFIED AS UNSECURED. |
| | | Totals: | $121,810.29 | (P) | | (S)<br>(P)<br>(U) | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative      (S) - Secured
(P) - Priority              (U) - Unsecured

8/22/2008 11:54:19 AM

# EXHIBIT F

In re: W.R. GRACE & CO., et al
OMNIBUS 25: EXHIBIT F - TAX CLAIMS

| | Creditor Name / Address | Claim Number | Total Claim Dollars*Class** | Claim Class** | Modified Claim Amount** | Claim Class** | Reason For Modification |
|---|---|---|---|---|---|---|---|
| | **No Liability** | | | | | | |
| 1 | CITY OF MILWAUKEE CITY TREASURER #1583 200 E WELLS ST - ROOM 103 MILWAUKEE, WI 53202 | 14727 | $7,701.95 | (U) | | | NO CURRENT LIABILITY BECAUSE THIS CLAIM HAS BEEN PAID ON 6/20/08 IN AMOUNT OF $15,673.47, CK. #00473537. |
| 2 | DEPT OF THE TREASURY-INTRNAL REVENUE 31 HOPKINS PLAZA ROOM 1150 BALTIMORE, MD 21201 | 813 | $246,000,000.00 | (P) | | | NO CURRENT LIABILITY. CLAIM SHOULD HAVE BEEN EXPUNGED PURSUANT TO COURT ORDER (DKT. NO. 18355) IN CONNECTION WITH TWENTY-THIRD OMNIBUS CLAIMS OBJECTION (DKT. NO. 16069). |
| 3 | JEFFERSON COUNTY TAX COLLECTOR ATTN: JACK WILLIAMS 716 RICHARD ARRINGTON JR BLVD N ROOM 160 COURTHOUSE BRIMINGHAM, AL 35203 | 841 | $4,435.56 | (P) | | | NO CURRENT LIABILITY BECAUSE THIS CLAIM HAS BEEN PAID ON 6/27/08 IN AMOUNT OF $7,908.79, CK. # 00473334. |
| 4 | PA DEPT OF REVENUE BUREAU OF COMPLIANCE DEPT 280946 HARRISBURG, PA 17128-0946 | 318 | $3,576.00 $32,964.32 $2,023.60 | (S) (P) (U) | | | DEBTORS' BOOKS AND RECORDS SHOW NO LIABILITY FOR THIS CLAIM. |
| 5 | PA DEPT OF REVENUE BUREAU OF COMPLIANCE DEPT 280946 HARRISBURG, PA 17128-0946 | 407 | $2,703.00 $25,479.99 $266.00 | (S) (P) (U) | | | DEBTORS' BOOKS AND RECORDS SHOW NO LIABILITY FOR THIS CLAIM. |
| 6 | TENNESSEE DEPT OF REVENUE C/O ATTORNEY GENERAL P.O. BOX 20207 NASHVILLE, TN 37202-4015 | 17762 | $7,457.44 | (A) | | | DEBTORS' BOOKS AND RECORDS SHOW NO LIABILITY FOR THIS CLAIM. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative
(P) - Priority

(S) - Secured
(U) - Unsecured

8/25/2008 9:01:53 AM

*Page 40 of 48*

# In re: W.R. GRACE & CO., et al
## OMNIBUS 26: EXHIBIT F - TAX CLAIMS

### Insufficient Documentation

| | Creditor Name / Address | Claim Number | Total Claim Dollars*/Class** | | Modified Claim Amount/Class* | Claim Reason For Modification |
|---|---|---|---|---|---|---|
| 1 | INDIANA DEPARTMENT OF REVENUE<br>100 N SENATE AVE<br>BANKRUPTCY SECTION ROOM N-203<br>INDIANAPOLIS, IN 46204 | 15355 | $403,130.64 (P)<br>$40,348.43 (U) | | | INSUFFICIENT DOCUMENTATION ATTACHED TO SUPPORT CLAIM. |
| 2 | INDIANA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION ROOM N020 BANKRUPTCY SECTION<br>100 N SENATE AVE<br>INDIANAPOLIS, IN 46204-2253 | 15369 | $9,619.24 (A) | | | INSUFFICIENT DOCUMENTATION ATTACHED TO SUPPORT CLAIM. |
| 3 | MAINE BUREAU OF REVENUE SERVICES<br>BUREAU OF REVENUE SERVICES<br>ATTN: JOANNE PARKER<br>24 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0024 | 182 | BLANK (U) | | | INSUFFICIENT DOCUMENTATION ATTACHED TO SUPPORT CLAIM. |
| 4 | MAINE BUREAU OF REVENUE SERVICES<br>ATTN: JOANNE PARKER<br>24 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0024 | 183 | BLANK (U) | | | INSUFFICIENT DOCUMENTATION ATTACHED TO SUPPORT CLAIM. |
| 5 | MAINE BUREAU OF REVENUE SERVICES<br>24 STATE HOUSE STATION<br>ATTN: JOANNE PARKER<br>AUGUSTA, ME 04333-0024 | 184 | BLANK (U) | | | INSUFFICIENT DOCUMENTATION ATTACHED TO SUPPORT CLAIM. |
| 6 | MAINE BUREAU OF REVENUE SERVICES<br>ATTN: JOANNE PARKER<br>24 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0024 | 185 | BLANK (U) | | | INSUFFICIENT DOCUMENTATION ATTACHED TO SUPPORT CLAIM. |
| 7 | MAINE BUREAU OF REVENUE SERVICES<br>ATTN: JOANNE PARKER<br>24 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0024 | 186 | BLANK (U) | | | INSUFFICIENT DOCUMENTATION ATTACHED TO SUPPORT CLAIM. |
| 8 | NEW YORK STATE DEPT OF TAXATION & FINANCE<br>BANKRUPTCY SECTION<br>PO BOX 5300<br>ALBANY, NY 12205-0300 | 2701 | $60,779.80 (S)<br>$2,330.97 (P)<br>$262.50 (U) | | | INSUFFICIENT DOCUMENTATION ATTACHED TO SUPPORT CLAIM. |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative    (S) - Secured
(P) - Priority    (U) - Unsecured

## In re: W.R. GRACE & CO., et al
## OMNIBUS 25: EXHIBIT F - TAX CLAIMS

| Creditor Name / Address | Claim Number | Total Claim Dollars*/Class** | | Modified Claim Amount*/Class** | Claim Reason For Modification |
|---|---|---|---|---|---|

**Reduce and Allow**

| 1 | MISSOURI DEPARTMENT OF REVENUE<br>BOX 475<br>JEFFERSON CITY, MO 65105 | 17719 | $43,337.71 | (U) | $15,234.00 | (U) | (U) DEBTORS' BOOKS AND RECORDS SHOW THAT THE ONLY LIABILITY FOR THIS CLAIM IS $15,234.00. THEREFORE, THE CLAIM SHOULD BE ALLOWED IN THE AMOUNT OF $15,234.00. |

**Reclassify and Allow**

| 1 | STATE OF NEW JERSEY DIVISION OF TAXATION<br>P O BOX 245<br>TRENTON, NJ 08695<br>USA | 17055 | $771.82 | (A) | $771.82 | (U) | (U) NO BASIS FOR ADMINISTRATIVE CLAIM - SHOULD BE RECLASSIFIED AS UNSECURED AND ALLOWED IN THE AMOUNT OF $771.82 |

| Totals: | | $67,058.80 | (S) | $16,005.82 | (U) |
| | | $17,848.50 | (A) | | |
| | | $246,468,341.48 | (P) | | |
| | | $83,940.19 | (U) | | |

*Plus, in certain instances, additional contingencies, unliquidated amounts, interest, penalties and/or fees.

**(A) - Administrative
(P) - Priority

(S) - Secured
(U) - Unsecured

8/25/2008 9:01:57 AM

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### ORDER GRANTING RELIEF SOUGHT IN DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE AND NON-SUBSTANTIVE)

Upon the Twenty-Fifth Omnibus Objection to Claims (Substantive and Non-Substantive) (the "Twenty-Fifth Omnibus Objection") filed by the above captioned debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order disallowing and expunging, amending, reclassifying or reducing, as appropriate, certain claims (collectively, the "Claims" and, each a "Claim"); and no previous application having been made, and upon consideration of the matters set forth herein; and due and proper notice of the Twenty-Fifth Omnibus Objection having been given, it is hereby

ORDERED that, except as hereinafter stated, the relief sought in the Twenty-Fifth Omnibus Objection is granted to the extent not inconsistent with the language herein and with the Exhibits attached hereto; and it is further

ORDERED that the Debtors are granted relief from Local Rule 3007-1(e)(i)(a) to include objections to both substantive and non-substantive claims in the Twenty-Fifth Omnibus Objection; and it is further

ORDERED that, the Objection to the Claims listed on Exhibit A to this Order is sustained, and the Claims listed on Exhibit A under the heading "No Liability" are disallowed and expunged for all purposes; and it is further

91100-001\DOCS_DE:139954.2

ORDERED that, the Objection to the Claims listed on Exhibit B to this Order is sustained, and the Claims listed on Exhibit B under the heading "Insufficient Documentation" are expunged and disallowed for all purposes; and it is further

ORDERED that, the Objection to the Claim listed on Exhibit C to this Order under the heading "Amended" is sustained, and the Claim listed on Exhibit C under the heading "Claim To Be Expunged" is disallowed and expunged for all purposes; and it is further

ORDERED that, the Objection to each of the Claims listed on Exhibit D to this Order under the heading "Reduce and Allow" is sustained, and each of the Claims listed on Exhibit D is allowed in the status and amount stated on Exhibit D; and it is further

ORDERED that, the Objection to each of the Claims listed on Exhibit E to this Order under the heading "Reclassify" is sustained, and each of the Claims listed on Exhibit E is reclassified (but not allowed) in the status and amount stated on Exhibit E; and it is further

ORDERED that, the Objection to each of the Claims listed on Exhibit F to this Order under the heading "Tax Claims" is sustained, and each of the Claims listed on Exhibit F is disallowed and expunged, reclassified and allowed, or reduced and allowed in the status and amount stated on Exhibit F; and it is further

ORDERED that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in the contested matter by Rule 7054 and 9014 of the Federal Rules of Bankruptcy Procedure, the Court hereby directs entry of a final judgment with respect to the Claims objected to in the Twenty-Fifth Omnibus Objection as to which relief is entered by this Court, the Court having determined that there is no just reason for delay in the entry of judgment on these matters; and it is further

ORDERED that, this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2008

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge