**EXHIBIT 5**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-1139 (JKF) |
| Debtors. | (Jointly Administered) |

**THE OFFICIAL COMMITTEE OF EQUITY HOLDERS'
RESPONSES AND OBJECTIONS TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF W.R. GRACE & CO.'S AND
BANK LENDER GROUP'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure and Rules 26 and 33 of the Federal Rules of Civil Procedure, the Official Committee of Equity Holders (the "Equity Committee") hereby responds to the First Set of Interrogatories to the Equity Committee (the "Interrogatories") propounded by the Official Committee of Unsecured Creditors of W.R. Grace & Co. (the "Creditors' Committee") and certain lenders under the Prepetition Bank Credit Facilities'[1] (the "Bank Lender Group").

**GENERAL OBJECTIONS**

1. The Equity Committee objects to the Interrogatories, including, without limitation, the instructions and definitions therein, to the extent that they purport to impose on the Equity Committee obligations beyond those imposed by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

2. The Equity Committee objects to the Interrogatories to the extent that they seek information already available to the Creditors' Committee and/or the Bank Lender Group,

---

[1] All capitalized terms not defined herein have the meanings ascribed to such terms in the Interrogatories.

KL2 2569485.3

available from public, court, or agency records, or otherwise in the public domain and accessible to all parties.

3. The Equity Committee objects to the Interrogatories to the extent that they seek information that is not within the Equity Committee's possession, control or custody.

4. The Equity Committee objects to the Interrogatories to the extent that they seek identification and disclosure of information that is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

5. The Equity Committee objects to the Interrogatories to the extent that they are unreasonably cumulative and duplicative.

6. The Equity Committee objects to the Interrogatories to the extent that they are oppressive, overbroad and unduly burdensome.

7. The Equity Committee objects to the Interrogatories to the extent that they purport to require identification and disclosure of documents and information that were prepared in anticipation of litigation, constitute attorney work product, disclosure, mental impressions, conclusions, opinions or legal theories of any attorney for or other representative of the Equity Committee, contain privileged attorney-client communications, or are otherwise protected from disclosure under applicable privileges, laws or rules. The Equity Committee hereby claims such privileges and protections to the extent implicated by each interrogatory and excludes privileged and protected information from its responses to the Interrogatories.

8. The Equity Committee objects to the Interrogatories to extent that they seek confidential or proprietary information. The Equity Committee will provide any such information upon entry of a protective order.

KL2 2569485.3

9. Inadvertent disclosure of information which is confidential, privileged or was prepared in anticipation of litigation shall not constitute a waiver of any privilege or of any other ground for objection to discovery of such information or of the Equity Committee's right to object to the use of such information.

10. These responses to the Interrogatories shall not be construed in any way as an admission that any definition provided by the Creditors' Committee and/or the Bank Lender Group is either factually correct or legally binding upon the Equity Committee, or as a waiver of any of the Equity Committee's objections, including but not limited to:

(a) objections regarding the discoverability, admissibility, relevancy and materiality of the interrogatory responses and their subject matter;

(b) all rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings; and

(c) all rights to object on any ground to any further interrogatory requests involved or related to the subject matter of the interrogatory.

11. The Equity Committee reserves the right to supplement these responses pursuant to the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and/or the orders of the Court.

12. The Equity Committee's Specific Responses and Objections to the individual interrogatories shall be deemed to incorporate, and shall not be deemed a waiver of, these General Objections.

## SPECIFIC RESPONSES AND OBJECTIONS

### Interrogatory No. 1:

Identify the person or persons answering these Discovery Requests on behalf of the Equity Committee.

**Response To Interrogatory No. 1:**

Subject to and without waiver of the General Objections, the Equity Committee responds that the following individuals are answering these Discovery Requests on behalf of the Equity Committee:

(a)  Richard J. ("Ted") Weschler

    1.  Business Address and Telephone Number:

    Peninsula Capital, L.P.
    404B East Main Street, 2nd Floor
    Charlottesville, VA 22902
    (434) 297-0816

    2.  Present Employer and Job Title:

    Managing Member of Peninsula Capital Appreciation LLC, the General Partner of Peninsula Capital Partners, LP.

(b)  Philip Bentley, Esq. and Douglas Mannal, Esq.

    1.  Business Address and Telephone Number:

    Kramer Levin Naftalis & Frankel LLP
    1177 Avenue of the Americas
    New York, New York 10036
    (212) 715-9100

    2.  Present Employer:

    Kramer Levin Naftalis & Frankel LLP

**Interrogatory No. 2:**

Identify all members of the Equity Committee and those professionals retained to represent the Equity Committee who have knowledge of the facts which relate to the allegations of the Objection, the Response, the Creditors Committee's Response, and the Equity Committee's Joinder.

**Response To Interrogatory No. 2:**

Subject to and without waiver of the General Objections, the Equity Committee responds that the following individuals have knowledge concerning certain facts which relate to the

4

allegations of the Objection, the Response, the Creditors Committee's Response, and the Equity Committee's Joinder: See response to Interrogatory No. 1.

**Interrogatory No. 3:**

If it is your contention that any of the Bank Agent or Lenders have committed any inequitable act or wrongdoing, or engaged in inequitable conduct, during the process of formulating a plan of reorganization or during the pendency of the Debtors' Bankruptcy Case, identify all facts (and persons with knowledge of such facts) supporting each such alleged inequitable act or wrongdoing, or inequitable conduct, by the Bank Agent or Lenders.

**Response To Interrogatory No. 3:**

Subject to and without waiver of the General Objections, the Equity Committee states that it is not presently a contention of the Equity Committee that any of the Bank Agent or Lenders have committed any inequitable act or wrongdoing, or engaged in inequitable conduct, during the process of formulating a plan of reorganization or during the pendency of the Debtors' Bankruptcy Case.

**Interrogatory No. 4:**

Identify and describe the actions or positions (and persons with knowledge of such actions or positions) by any of the Bank Agent or Lenders on which the Equity Committee relied in reaching the Proposed Asbestos Settlement and the February Letter Agreement.

**Response To Interrogatory No. 4:**

Subject to and without waiver of the General Objections, the Equity Committee states as follows:

    (i)    In reaching the Proposed Asbestos Settlement, the Equity Committee relied on the representations and agreements of the Creditors' Committee contained in (A) the Amended Joint Plan of Reorganization filed with the Bankruptcy Court and dated January 13, 2005 (the "January 13, 2005 Plan"), (B) the letter agreement dated January 12, 2005 between the

5

KL2 2569485.3

Creditors' Committee and the Debtors (the "<u>January 2005 Letter Agreement</u>"), and (C) the February Letter Agreement.

(ii) In reaching the February Letter Agreement, the Equity Committee relied on the representations and agreements of the Creditors' Committee contained in (A) the January 13, 2005 Plan, and (B) the January 2005 Letter Agreement.

(iii) The Equity Committee lacks knowledge and information sufficient to determine the extent to which the Bank Agent or Lenders participated in the representations and agreements of the Creditors' Committee described above in sections (i) and (ii) of this response. As a result, the Equity Committee cannot, at this time, state the extent to which it relied on the actions of the Bank Agent or Lenders in reaching the Proposed Asbestos Settlement and/or the February Letter Agreement.

(iv) The following individuals have knowledge concerning certain facts which relate to the foregoing responses: See response to Interrogatory No. 1.

**Interrogatory No. 5:**

Identify and describe the distribution or recovery the Debtors' equity holders expect to receive or retain under the plan of reorganization to be filed embodying the Term Sheet.

**Response To Interrogatory No. 5:**

Subject to and without waiver of the General Objections, the Equity Committee states as follows: The Equity Committee cannot speak to the expectations of the equity holders generally. Under any plan of reorganization to be filed embodying the Term Sheet (the "<u>Proposed Plan</u>"), the Equity Committee expects equity holders to retain their prepetition equity interests in W.R. Grace & Co., subject to (i) the issuance of a warrant to purchase 10 million shares of common

6

stock of reorganized W.R. Grace & Co. to the WRG Asbestos Trust (as contemplated in the Proposed Plan), and (ii) the issuance of W.R. Grace & Co. common stock to secure the guaranties made by W.R. Grace & Co. on the deferred payment obligations of W.R. Grace & Co.-Conn. to the WRG Asbestos Trust (as contemplated in the Proposed Plan).

**Interrogatory No. 6:**

Identify each person who has been consulted as an expert in anticipation of litigation or preparation for the Hearing, whether or not that person is expected to be called as a witness by you at the Hearing or trial and, as to each person, identify and describe all disclosures required by Federal Rule 26.

**Response To Interrogatory No. 6:**

Subject to and without waiver of the General Objections, the Equity Committee states that it has not consulted any persons as experts in connection with the Hearing.

**Interrogatory No. 7:**

If it is your contention that any of the Bank Agent or Lenders accepted the Negotiated Bank Debt Interest, as part of the Proposed 2005 Agreement or the February Letter Agreement or otherwise, identify and describe all facts that support such contention.

**Response To Interrogatory No. 7:**

Subject to and without waiver of the General Objections, the Equity Committee states that (i) the Equity Committee contends that the Creditors' Committee accepted the Negotiated Bank Debt Interest Rate, and that the following documents support this contention: (A) the January 13, 2005 Plan, and (B) the January 2005 Letter Agreement; and (ii) the Equity Committee lacks knowledge and information sufficient to determine the extent to which the Bank Agent or Lenders participated in the representations and agreements of the Creditors' Committee described above in section (i) of this response. As a result, the Equity Committee cannot, at this time, identify and describe all facts supporting any contention that the Bank Agent or Lenders accepted the Negotiated Bank Debt Interest.

**Interrogatory No. 8:**

Identify and describe all facts (and persons with knowledge of such facts) that support your contention of paragraph 9 of the Equity Committee's Joinder that the Equity Committee has made significant concessions in agreeing to the Proposed Asbestos Settlement.

**Response To Interrogatory No. 8:**

Subject to and without waiver of the General Objections, the Equity Committee states as follows: The Equity Committee believes that, as set forth in the estimation briefs and other documents filed by the Debtors and the Equity Committee in connection with the litigation (the "Estimation Litigation") regarding the extent of the Debtors' liability related to asbestos personal injury claims (the "Asbestos PI Claims"), including all expert reports, had the amount of the Asbestos PI Claims been determined by final judgment of the Court, the distributions on account of the Asbestos PI Claims would have been significantly less than the distributions on account of such claims contemplated by the Proposed Asbestos Settlement. The persons with knowledge of the facts which relate to the foregoing response to this interrogatory include the witnesses who testified for the Debtors or were named in the Debtors' witness lists in connection with the Estimation Litigation, as well as counsel for the Debtors and the Equity Committee.

**Interrogatory No. 9:**

Identify and describe all facts (and persons with knowledge of such facts) that support your contention of paragraph 9 of the Equity Committee's Joinder that "equity holders would receive significantly greater distributions if the asbestos claim estimation process were litigated to conclusion."

**Response To Interrogatory No. 9:**

Subject to and without waiver of the General Objections, the Equity Committee states as follows: See response to Interrogatory No. 8.

**Interrogatory No. 10:**

Identify and describe all facts (and persons with knowledge of such facts) relating to or supporting your phrase "[e]ven if the Debtors were shown to be solvent, a fact not established,

equitable principles would require that this Court reject any demands for payment of postpetition interest at the default rate" referenced in numbered paragraph 15 of the Equity Committee's Joinder.

**Response To Interrogatory No. 10:**

Subject to and without waiver of the General Objections, the Equity Committee states as follows: As explained in the Objection and the Equity Committee's Joinder (the "Joinder"), solvency of the Debtors has not been established as a matter of law or fact by the Court. Moreover, as discussed in paragraph 17 of the Joinder, the Lenders are benefitted by the Proposed Asbestos Settlement in that they receive certainty that their claims will be paid in full, with postpetition interest paid at the Negotiated Bank Interest Rate; it would be inequitable for the Lenders to receive such benefits without bearing any of the commensurate burdens of the Proposed Asbestos Settlement. Further, as discussed in paragraph 18 of the Joinder, the Lenders' demand for postpetition interest at the default rate has placed the Proposed Asbestos Settlement in jeopardy, as the Equity Committee has the right (and will exercise such right) to withdraw from the Term Sheet if interest is awarded to the Lenders in any amount exceeding the Negotiated Bank Interest Rate. Under these circumstances, equity demands that the court reject payment of interest to the Lenders at the default rate. The persons with knowledge of the facts which relate to the foregoing response include Richard J. Weschler, Philip Bentley and Douglas Mannal.

9

Dated:  Wilmington, Delaware
        August 13, 2008

        **BUCHANAN INGERSOLL & ROONEY PC**

        By: _/s/ Teresa K.D. Currier_
        Teresa K.D. Currier (No. 3080)
        1000 West Street, Suite 1410
        Wilmington, DE 19801
        (302) 552-4200

        -and-

        **KRAMER LEVIN NAFTALIS & FRANKEL LLP**

        Philip Bentley, Esq.
        Douglas H. Mannal, Esq.
        1177 Avenue of the Americas
        New York, New York 10036
        (212) 715-9100

        Counsel to the Official Committee of
        Equity Holders

13/08 '08 19:16 FAX 353 61 363355    DROMOLAND CASTLE    ☑001
08/13/2008  09:23    4342209321         PENINSULA              PAGE  1*

## DECLARATION

RICHARD J. WESCHLER, declares under the penalty of perjury that the following is true and correct:

I am the Chairman of the OFFICIAL COMMITTEE OF EQUITY HOLDERS (the "Equity Committee"). I have read the foregoing **RESPONSES AND OBJECTIONS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W.R. GRACE & CO.'S AND BANK LENDER GROUP'S FIRST SET OF INTERROGATORIES** and, based upon information provided to me by counsel, declare on behalf of the Equity Committee that the responses are accurate.

I declare under penalty of perjury that the foregoing is true and correct.

_____
RICHARD J. WESCHLER
CHAIRMAN

11

KL2 2564485.3