IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| W.R. Grace & Co., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |
| | Ref. No. 19478 |

**MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT
REQUIREMENT FOR PRE-TRIAL MEMORANDUM OF
THE BANK LENDER GROUP IN OPPOSITION TO THE DEBTORS'
OBJECTION TO CLAIMS ASSERTED UNDER THE DEBTORS'
CREDIT AGREEMENTS DATED AS OF MAY 14, 1998 AND MAY 5, 1999**

Certain lenders under the Pre-Petition Bank Credit Facilities[1] (collectively, the "Bank Claimants")[2], by and through their undersigned counsel, hereby move this Court (the "Motion") for entry of an order, pursuant to Rule 7007-2 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the filing of the *Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors'*

---

[1] The Pre-Petition Bank Credit Facilities include (i) that certain Credit Agreement, dated May 14, 1998, among the W.R. Grace & Co. (the "Company"), W.R. Grace & Co.-Conn, The Chase Manhattan Bank, as Administrative Agent, Chase Securities Inc., as arranger, and certain Banks party thereto (the "1998 Credit Agreement"), and (ii) that certain 364-Day Credit Agreement, dated May 5, 1999, among the Company, W.R. Grace & Co.-Conn, Bank of America National Trust Savings Assoc., as documentation agent, The Chase Manhattan Bank, as administrative agent, Chase Securities Inc., as book manager, and certain Banks party thereto (as amended, the "1999 Credit Agreement"), together with the 1998 Credit Agreement, the "Credit Agreements").

[2] The Bank Claimants include (i) Anchorage Advisors, LLC; (ii) Avenue Capital Group; (iii) Bass Companies; (iv) Caspian Capital Advisors, LLC; (v) Catalyst Investment Management Co., LLC; (vi) Citigroup Special Situations; (vii) Intermarket Corp.; (viii) JD Capital Management, LLC; (ix) JP Morgan Chase, N.A. Credit Trading Group; (x) Lehman Brothers Inc.; (xi) Loeb Partners Corporation; (xii) MSD Capital, L.P.; (xiii) Murray Capital Management, Inc; (xiv) Normandy Hill Capital, L.P.; (xv) Ore Hill Partners, LLC; (xvi) P. Schoenfeld Asset Management, LLC; and (xvii) Restoration Capital Management, LLC. The Bank Claimants together with all holders of claims under the Credit Agreements, including the previous holders of such claims are collectively referred to as the "Bank Lenders."

*Objection to Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999* (the "Pre-Trial Memorandum"). In support of this Motion, the Bank Claimants represent as follows:

1. Although neither the Case Management Order controlling these cases nor the Court's chambers procedures provide express limitations on the length of memoranda of law or briefs, the Local Rule governing length of opening and answering briefs possibly applies. Therefore, out of an abundance of caution, the Bank Claimants file this Motion seeking relief from this page limitation.

2. Local Rule 7007-2(a)(iv) provides that "[w]ithout leave of Court, no opening or answering brief shall exceed forty (40) pages ... exclusive of any tables of contents and citations." Del. Bankr. L.R. 7007-2. *See also* General Chambers Procedures dated April 3, 2006 at 2, ¶ 2(a)(vi) (providing that Del. Bankr. L. R. 7007-2(a)(iv) applies to briefs filed in connection with motions). The body of the Pre-Trial Memorandum is 48 pages in length.

3. The Bank Claimants respectfully submit that allowing the Pre-Trial Memorandum to exceed the forty (40) page limitation prescribed by Local Rule 7007-2 and the General Chambers Procedures is reasonable and appropriate under the circumstances given the material sums at issue, the complexity of the issues involved and the importance of this dispute in connection with the Grace plan process. Moreover, the Pre-Trial Memorandum is far more encompassing than a routine opening, answering, or reply brief. This document serves to provide the Court with a pre-trial brief in which all of the Bank Claimants' evidence and arguments are included supporting their opposition to the Debtors' Objection to the Bank Lenders' Proofs of Claim.

4.  The Bank Claimants have used their best efforts to keep the Pre-Trial Memorandum concise, but cannot provide this Court with the facts and argument appropriate for the full and fair adjudication of the issues involved within the 40-page limit. The Bank Claimants submit that the circumstances here warrant the relief requested herein.

WHEREFORE, the Bank Claimants respectfully request that this Court enter an order, in the form annexed hereto, (i) granting the Bank Claimants leave to file the Pre-Trial Memorandum in excess of the page limitations imposed by Local Rule 7007-2 and the General Chambers Procedures and (ii) grant the Bank Claimants such other and further relief as this Court deems just and proper.

Dated: Wilmington, Delaware
September 5, 2008

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
J. Landon Ellis (No. 4852)
919 Market Street, Suite 600
Post Office Box 2087
Wilmington, Delaware 19899
Telephone: (302) 467-4400
Telecopier: (302) 467-4450

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Stephen J. Shimshak
Andrew N. Rosenberg
Margaret A. Phillips
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Telecopier: (212) 757-3990

*Attorneys for The Bank Lender Group*