**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES, LLP
FOR THE TWENTY-EIGHTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Twenty-Eighth Interim Fee Application of Pachulski Stang Ziehl & Jones, LLP (the "Application").

**BACKGROUND**

1.    Pachulski Stang Ziehl & Jones, LLP ("Pachulski"), was retained as counsel to the Debtors.  In the Application, Pachulski seeks approval of fees totaling $166,477.50 and expenses totaling $107,272.88 for its services from January 1, 2008 through March 31, 2008 (the "Application Period").

2.    In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2008, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in

the United States Bankruptcy Court for the District of Delaware, the United States District Court for

the District of Delaware, and the Third Circuit Court of Appeals.  We served an initial report on

Pachulski, and received a response from Pachulski, portions of which response are quoted herein.

## DISCUSSION

3.    In our initial report, we noted that Timekeepers MLO and CAK, billing at hourly rates

of $190.00 and $185.00, respectively, spent 8.60 hours for $1,628.50 in fees on work which appeared

to be filing.  On the issue of adjusting rates downward, we find persuasive the opinion expressed by

the Honorable Judith K. Fitzgerald in *In re USG Corporation*, Case No. 01-2094 (JKF), Transcript

of Proceedings, August 29, 2005, pp. 49-52, wherein the Court opined that $160.00 per hour for file

maintenance, even if performed electronically, was too high, and that $60.00 to $100.00 per hour for

this service was more appropriate.[1]  We have been consistent in recommending that filing be billed

at no more than $80.00 per hour.  Thus, we asked Pachulski to explain why this time should not be

compensated at a reduced hourly rate.[2]  Pachulski responded as follows:

> As you noted in your initial report, similar time entries were questioned for the same
> timekeepers for the 27th period.  The descriptions these time keeepers were using

---

[1]Nevertheless, the Court agreed to allow the applicant to present evidence in support of its
$160.00 hourly rate at a later date. *See* Transcript, *supra,* at p. 52.

[2]We inquired of Pachulski concerning this issue in our initial report for the Twenty-Seventh
Interim Period and were provided the following response:

> These time entries actually involve more duties than just organizing documents to
> a file.  It also includes: review daily filing of pleadings and verify service
> regarding same, check pleadings for critical dates or deadlines, and maintain
> shadow files regarding fee applications and CNOs in order to track dates for filing
> CNOs.  The description is an abbreviated version of what duties I am actually
> completing.

really did not correspond to what they were doing.  It's the same issue on the 28th. MLO is a paralegal that works on the case and her time is spent reviewing, revising and finalizing pleadings and documents for filing with the Court and service on appropriate parties.  CAK is a paralegal that works primarily on our fee applications. She does drafting, review and editing of the bills and fee applications.  I have worked with both individuals to more accurately record their time and I think the problem should clear up going forward.

We believe the time is appropriately billed at the rates we charged.

We understand from the response that Timekeeper MLO's time entries for "organize documents to file" refer to organization of documents for filing with the court–not the office's internal files.  Thus, we accept Pachulski's response with respect to Timekeeper MLO's time entries.  However, the response does not establish to our satisfaction that Timekeeper CAK's time entries for "maintain document control" were for fee application preparation.  Thus, we recommend Timekeeper CAK's time be reduced to $80.00 per hour, for a reduction of $115.50 in fees.

## CONCLUSION

4.      Thus, we recommend approval of $166,362.00 in fees ($166,477.50 minus $115.50) and $107,272.88 in expenses for Pachulski's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:                                   

      Warren H. Smith
      Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 15th day of September, 2008.

                  Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
James E. O'Neill
Laura Davis Jones
Pachulski Stang Ziehl & Jones, LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801