## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W. R. GRACE & CO., et al., | Case No. 01-01139 (JKF) (Jointly Administered) |
| Debtors. | **Hearing Date: September 29, 2008 at 10:00 a.m. (ET)** |
| | **Ref. Nos. 18922, 19073, 19476 and 19478** |

### BANK LENDER GROUP'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEBTORS' TRIAL BRIEF IN SUPPORT OF OBJECTION

Certain lenders under the Credit Agreements[1] (the "Bank Claimants"), by and through their undersigned counsel, request this Court grant the Bank Claimants authority to file a sur-reply (the "Reply")[2] to the Debtors' Trial Brief in Support of Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements, dated September 5, 2008 [D.I. 19476] (the "Trial Brief").  In support of their motion, the Bank Claimants respectfully represent as follows:

### Procedural Posture

1.    On June 13, 2008, Grace filed its Objection to the Bank Lenders' Proofs of Claim for an order seeking to disallow the Bank Lenders' Proofs of Claim to the extent they seek post-petition interest at the default interest rate under the Credit Agreements.

2.    On July 11, 2008, the Creditors' Committee and the Bank Lenders filed responses to the Objection [D.I. 19072, 19073].

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors' Objection to Claims Asserted Under the Credit Agreements [D.I. 19478].

[2] A copy of the Reply is attached hereto as Exhibit A.

3.    As of September 5, 2008, by agreement and order of the Court dated August 29,

2008 [D.I. 19417], the parties submitted their trial briefs [D.I. 19476 through 19487].

### Request for Relief

4.    The Bank Claimants seek authority to file this Reply solely to advise this Court of

the correct holding of the decision of the Court of Appeals for the Third Circuit in Solow v. PPI

Enter. (U.S.), Inc. (In re PPI Enter., Inc.), 324 F.3d 197 (3d. Cir. 2003) cited for the first time in

the Trial Brief.  Misreading PPI, Grace states that the exceptions to post-petition interest are:

> not only limited to solvent debtor cases, they are also limited to those creditors
> whose claims are "*impaired*."  Indeed, the best interests test of section 1129(a)(7)
> expressly applies only to "each impaired class of claims or interests." . . . And the
> same restriction applies to the 'fair and equitable' test of §1129(b). ". . .
> '*Unimpaired*' creditors have no such rights."  Solow v. PPI Enter. (U.S.), Inc. (In
> re PPI Enter., Inc.), 324 F.3d 197, 205, n.14. (3d. Cir. 2003).

(Trial Brief at ¶ 48) (emphasis added).

5.    Grace goes on to state that "the Lenders are not impaired as a matter of law, and

thus the exceptions found in section 1129 do not apply."  Id.  Thus, Grace would have this Court

believe that as a matter of Third Circuit law, a creditor receives full payment and is not

"impaired" for purposes of voting on a plan if such plan seeks to solely pay a creditor the

allowed pre-petition amount of its claim in full, but excluding any post-petition interest—even

where such debtor is solvent.  This is not what the Third Circuit held in PPI.

6.    While that decision dealt with determining the allowed amount of a claim subject

to section 502(b)(6), it also held that a creditor was *impaired* if a chapter 11 plan failed to pay

such creditor post-petition interest *in addition* to the "allowed" pre-petition amount of its claim.

PPI Enter., 324 F.3d at 207.[3]  In its analysis, the PPI Court first focused on the repeal of section

---

[3] Notably, the plan confirmed in PPI paid the complaining creditor post-petition interest in addition to the allowed
amount of such creditor's claim as reduced by applicable law under section 502(b)(6) of the Bankruptcy Code.

672.001-22013

1124(3) of the Bankruptcy Code,[4] it recalled that "before 1994, section 1124(3) specified that a creditor receiving full payment of an "allowed claim" was not impaired," and that the bankruptcy court in New Valley Corp., 168 B.R. 73 (Bankr. D.N.J. 1994) had held that section "section 1124(3) allowed a solvent debtor to pay the "allowed" claims of unsecured creditors in full, excluding post-petition interest, without risking impairment." Id. at 205. The Third Circuit went on to expressly uphold and agree with the lower bankruptcy court's conclusion that that in repealing section 1124(3):

> Congress merely intended to eliminate the anomalous result created by the New Valley decision . . . *It intended that to be unimpaired, the claim must receive postpetition interest.* PPI Enters., 228 B.R., 339, 352 (Bankr. D.Del. 1998); see also In re Rocha, 179 B.R. 305, 307 n. 1 (Bankr.M.D.Fla.1995) ("[A] solvent debtor must now pay post-petition and pre-confirmation interest on a claim to have a class considered 'unimpaired.' Section 1124(3) has been deleted in its entirety, which had previously allowed a class of creditors to be considered 'unimpaired' without paying interest on the claim.")

PPI Enter., 324 F.3d at 206 (emphasis added). It also agreed that a cash payment equal to the allowed pre-petition amount of the claim but without postpetition interest "could not qualify for nonimpairment under section 1124(1) because the failure to pay postpetition interest does not leave unaltered the contractual or legal rights of the claim." Id. at 207.

7.    Remarkably, Grace's citation to "n.14" as the holding of PPI (Trial Brief at ¶ 48) concerns a footnote in PPI referencing the Congressionally overturned holding of New Valley. As the Third Circuit points out, Congress' motivation in deleting section 1124(3) was to overturn the New Valley decision which denied unsecured creditors the right to receive post-petition

---

[4] The language of the now repealed section 1124(3) provided as follows: "[e]xcept as provided in section 1123(a)(4) of this title, a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan -(3) provides that, on the effective date of the plan, the holder of such claim or interest receives, on account of such claim or interest, cash equal to -(A) with respect to a claim, the allowed amount of such claim . . . ." 11 U.S.C. 1124(3) (repealed).

interest and "preclude this unfair result in the future."[5]  Thus, Grace—which does not even mention New Valley in its brief—advances the rejected proposition articulated in New Valley as binding authority in the Third Circuit for determining whether a creditor is impaired for purposes of voting on a plan.  The legislative history is unequivocal—New Valley is not the law anywhere.  Accordingly, Grace's conclusion that "the Lenders are not impaired as a matter of law, and thus the exceptions found in section 1129 do not apply" (Trial Brief at ¶ 48) is incorrect as a matter of law in the Third Circuit and every other Circuit as well.

**Conclusion**

8.      In making its decision, this Court should have the benefit of the correct holding of the Third Circuit in PPI—a creditor is impaired if a plan fails to pay that creditor post-petition interest, in addition to paying the "allowed" amount of the creditor's claim.

9.      Finally, the Bank Claimants submit that no undue prejudice or delay would result from granting leave to file the Reply.

---

[5] Id. at 206 citing H.R.Rep. No. 103-835, at 47-48 (1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3356-57.

WHEREFORE, the Bank Claimants respectfully request that this Court enter an Order[6] granting the Bank Claimants leave to file the Reply and such other and further relief as this Court deems just and appropriate.

Dated:  September 15, 2008
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
J. Landon Ellis (No. 4852)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, Delaware  19899
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Stephen J. Shimshak
Andrew N. Rosenberg
Margaret A. Phillips
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for The Bank Lender Group*

---

[6] A proposed form of order is attached hereto as Exhibit B.