# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> W. R. GRACE & CO., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 01-01139 (JKF) <br> (Jointly Administered) <br><br> Hearing Date: September 29, 2008 at 10:00 a.m. (ET) <br><br> Ref. Nos. 18922, 19073, 19476 and 19478 |

## BANK LENDER GROUP'S SUR-REPLY
## TO DEBTORS' TRIAL BRIEF IN SUPPORT OF OBJECTION

Certain lenders under the Credit Agreements[1] (the "Bank Claimants"), by and through their undersigned counsel, hereby file this sur-reply (the "Reply") to the Debtors' Trial Brief in Support of Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements, dated September 5, 2008 [D.I. 19476] (the "Trial Brief"). In support of this Reply, the Bank Claimants respectfully represent as follows:

1. In its Trial Brief, Grace has misstated the holding of the Third Circuit Court of Appeals in Solow v. PPI Enter. (U.S.), Inc. (In re PPI Enter., Inc.) 324 F.3d 197 (3d. Cir. 2003), and this Reply seeks to correct that misstatement. Citing PPI for the first time, Grace maintains that under the rule of that decision the exceptions against post-petition interest are:

> not only limited to solvent debtor cases, they are also limited to those creditors whose claims are "*impaired*." Indeed, the best interests test of section 1129(a)(7) expressly applies only to "each impaired class of claims or interests." . . . And the same restriction applies to the 'fair and equitable' test of §1129(b). ". . . '*Unimpaired*' creditors have no such rights." Solow v. PPI Enter. (U.S.), Inc. (In re PPI Enter., Inc.), 324 F.3d 197, 205, n.14. (3d. Cir. 2003).

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors' Objection to Claims Asserted Under the Credit Agreements [D.I. 19478].

672.001-22014

(Trial Brief at ¶ 48) (emphasis added). Grace goes on to say that "the Lenders are not impaired as a matter of law, and thus the exceptions found in section 1129 do not apply." Id. According to Grace, a creditor receiving full payment is not "impaired" for purposes of voting on a plan if the plan seeks solely to pay a creditor the allowed pre-petition amount of its claim in full, but excluding any post-petition interest—even where such debtor is solvent.

2. This is not the holding of PPI.[2] That decision held that a creditor was *impaired* if a chapter 11 plan failed to pay the creditor post-petition interest *in addition* to the "allowed" pre-petition amount of its claim. PPI Enter., 324 F.3d at 207.[3] First focusing on the repeal of section 1124(3) of the Bankruptcy Code,[4] the PPI Court recalled that

---

[2] PPI concerned whether a plan improperly classified a landlord's allowed claim as "unimpaired" where the plan proposed to pay the full amount of the "allowed" claim as reduced by section 502(b)(6) plus post-petition interest on the allowed claim. The creditor contended that his claim was impaired by operation of section 506(b). PPI Enter. 324 F.3d at 203-204. The Third Circuit rejected this "impairment by statute" argument. Grace argues by analogy that the Bank Lenders' allowed claims are similarly capped by section 502(b)(2). Section 502(b) claim allowance is unrelated to section 1129(b)'s "fair and equitable" test (referred to as the "fair and equitable" test.)

Section 1129(b)(2) states in relevant part: "For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class *includes* the following requirements: . . ." (emphasis added). Congress added the word "includes" to the preamble of the specific elements listed in section 1129(b)(2) to broaden its scope beyond those elements. Section 102 of the Bankruptcy Code makes clear that the words "includes" and "including" are not limiting. 11 U.S.C. § 102(3). Thus, the "condition that a plan be fair and equitable" in section 1129(b)(1) is "not limited" by the list of requirements enumerated in section 1129(b)(2).

While the requirements set forth in section 1129(b)(2) provide the minimum necessary for the "fair and equitable" test, courts and commentators concur that section 1129(b)(2) does not identify all of the requirements for finding that a plan is "fair and equitable." See 7 Collier on Bankruptcy, ¶1129.05[1] (15th ed. rev. 1998) ("That this preamble [to section 1129(b)(2)] is non-exclusive is demonstrated by both the legislative history and by Congress' use of 'includes,' a term that is expressly non-exclusive under the Code's internal definitions." (footnotes omitted)); FSLIC v. D&F Constr. Inc. (In re D&F Constr., Inc.), 856 F.2d 673, 675 (5th Cir. 1989) ("Section 1129(b)(2) sets minimal standards plans must meet. However, it is not to be interpreted as requiring that every plan not prohibited be approved. A court must consider the entire plan in the context of the rights of the creditors under state law and the particular facts and circumstances when determining whether a plan is 'fair and equitable.' "); In re Trevarrow Lanes, 183 B.R. 475, 492 (Bankr. E.D.Mich. 1995) ("The list of requirements set forth in § 1129(b)(2) which are essential for a finding that the plan is 'fair and equitable' is not exhaustive.")

[3] Notably, the plan confirmed in PPI paid the complaining creditor post-petition interest in addition to the allowed amount of such creditor's claim as reduced by applicable law under section 502(b)(6) of the Bankruptcy Code.

[4] The language of the now repealed section 1124(3) provided as follows: "[e]xcept as provided in section 1123(a)(4) of this title, a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan -(3) provides that, on the effective date of the plan, the holder of such claim

2

672.001-22014

"before 1994, section 1124(3) specified that a creditor receiving full payment of an "allowed claim" was not impaired," and that the bankruptcy court in New Valley Corp., 168 B.R. 73 (Bankr. D.N.J. 1994) had held that section "section 1124(3) allowed a solvent debtor to pay the "allowed" claims of unsecured creditors in full, excluding post-petition interest, without risking impairment." Id. at 205. The Third Circuit went on to uphold and agree with the lower bankruptcy court's conclusion that in repealing section 1124(3):

> Congress merely intended to eliminate the anomalous result created by the New Valley decision . . . *It intended that to be unimpaired, the claim must receive postpetition interest.* PPI Enters., 228 B.R., 339, 352 (Bankr. D.Del. 1998); see also In re Rocha, 179 B.R. 305, 307 n. 1 (Bankr.M.D.Fla.1995) ("[A] solvent debtor must now pay post-petition and pre-confirmation interest on a claim to have a class considered 'unimpaired.' Section 1124(3) has been deleted in its entirety, which had previously allowed a class of creditors to be considered 'unimpaired' without paying interest on the claim.")

PPI Enter., 324 F.3d at 206 (emphasis added). It also agreed that a cash payment equal to the allowed pre-petition amount of the claim, but without postpetition interest, "could not qualify for nonimpairment under section 1124(1) because the failure to pay postpetition interest does not leave unaltered the contractual or legal rights of the claim." Id. at 207.

3.   Remarkably, Grace's citation to "n.14" as the holding of PPI (Trial Brief at ¶ 48) concerns a footnote in PPI referencing the Congressionally overturned holding of New Valley. As the Third Circuit points out, Congress' motivation in deleting section 1124(3) was to overturn the New Valley decision which denied unsecured creditors the right to receive post-petition interest and "preclude this unfair result in the future."[5] Thus, Grace—which does not even mention New Valley in its Trial Brief—advances the rejected proposition articulated in New Valley as the binding authority in the Third Circuit for

---

or interest receives, on account of such claim or interest, cash equal to -(A) with respect to a claim, the allowed amount of such claim . . . ." 11 U.S.C. 1124(3) (repealed).

[5] Id. at 206 citing H.R.Rep. No. 103-835, at 47-48 (1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3356-57.

3

672.001-22014

determining whether a creditor is impaired for purposes of voting on a plan. The legislative history is unequivocal—<u>New Valley</u> is not the law anywhere. Accordingly, Grace's conclusion that "the Lenders are not impaired as a matter of law, and thus the exceptions found in section 1129 do not apply" (Trial Brief at ¶ 48) is incorrect as a matter of law in the Third Circuit and every other Circuit as well.

Dated: September 15, 2008
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Adam G. Landis*

Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
J. Landon Ellis (No. 4852)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, Delaware 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Stephen J. Shimshak
Andrew N. Rosenberg
Margaret A. Phillips
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for The Bank Lender Group*