IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: October 3, 2008 at 4:00 p.m..**
**Hearing Date: October 20, 2008 at 1:00 p.m.**

## DEBTORS' MOTION FOR AN ORDER (A) ESTABLISHING A PROOF OF CLAIM BAR DATE FOR CANADIAN ZONOLITE ATTIC INSULATION PROPERTY DAMAGE CLAIMS, AND (B) APPROVING THE RELATED PROOF OF CLAIM FORM, BAR DATE NOTICES, AND NOTICE PROGRAM

### INTRODUCTION

As the Court is aware, a bar date has already been set for the filing of U.S. Zonolite Attic Insulation ("ZAI") Claims. Canadian ("CDN") ZAI Claims were carved out of the U.S. ZAI PD Bar date pending settlement negotiations between the Debtors and Grace Canada, Inc., on the one hand, and the Canadian ZAI Claimants through Representative Counsel on the other hand.[1] On June 2, 2008, at a hearing on the Debtors' ZAI PD Bar Date Motion [Dkt. No. 18328], the parties announced that a settlement-in-principle had been reached between the Debtors and Representative Counsel; however, the parties asked that the Canadian ZAI Claims be carved out from any U.S. ZAI Bar Date Order at that time to allow the parties time to finalize the terms of the settlement and to negotiate the content and scope of the notice program. In addition, the additional time was designed to allow the parties to also negotiate with Her

---

[1]    On February 8, 2006, Lauzon Belanger S.E.N.C.R.L. and Scarfone Hawkins LLP were appointed to serve as "Representative Counsel" by the Canadian Court to represent the interests of all holders of ZAI Claims in Canada (the "Canadian ZAI Claimants"). Representative Counsel has participated in these U.S. Chapter 11 Cases.

Majesty the Queen in Right of Canada (the "Crown"), and potentially incorporate the Crown, and Canadian ZAI Claims against the Crown, into the global settlement and bar date process.[2]

On September 2, 2008, the parties announced at a hearing before this Court, that the Canadian ZAI Minutes of Settlement (the "Minutes") had been finalized and executed.[3]  The purpose of the Minutes is to achieve a full and final resolution of all CDN ZAI PD Claims against the Debtors and Grace Canada, Inc.  CDN ZAI PI Claims will be channeled to the U.S. asbestos personal injury trust to be established pursuant to section 524(g) of the Bankruptcy Code as part of the Debtors' plan of reorganization.  CDN ZAI PD Claims will be paid by a trust or "CDN ZAI PD Claims Fund" established in Canada pursuant to a claims procedure developed by the Representative Counsel and the administrator of the CDN ZAI PD Claims Fund.  A condition to funding the CDN ZAI PD Claims Fund is that a bar date be set for the filing of CDN ZAI PD Claims, and that this Court enter an Order approving the CDN ZAI PD Claims bar date and notice program.  Thereafter, the parties will seek to have such Order recognized in the Canadian Court.

Therefore, the Debtors seek to set a bar date for the CDN ZAI PD Claims against the Debtors.[4]  The Debtors and Representative Counsel have been working together on the bar date materials.  As of the date of this Motion, Representative Counsel is still reviewing these materials, and the parties will file amended bar date documents, if necessary, to reflect any

---

[2]    While negotiations continued over many months, as of this date, no settlement has been reached with the Crown.

[3]    A copy of the Minutes is attached at **Exhibit A**.  Concurrently herewith, Grace Canada, Inc. is filing a motion in the Canadian Court to have the Minutes approved.  A copy of the notice of motion setting a hearing for September 30, 2008 in the Canadian Court is attached at **Exhibit B**.

[4]    All CDN ZAI PD Claims against the Crown are preserved.

2

agreed-to modifications. Accordingly, the Debtors respectfully request that this Motion be granted, and the claim form, notices, and notice program approved.

### RELIEF REQUESTED

The Debtors request an order pursuant to Bankruptcy Rule 3003(c)(2) (i) approving the proof of claim form attached hereto as Exhibit C (the "CDN ZAI PD Proof of Claim"); (ii) approving the notices and the publication notice program of the CDN ZAI PD Bar Date attached hereto at Exhibit D and Exhibit E respectively; and (iii) establishing a bar date by which any person or entity who fails to complete and file a CDN ZAI PD Proof of Claim shall be forever barred from asserting any property-related claim based on ZAI (a "CDN ZAI PD Claim")[5] against any of the Debtors, notwithstanding that such person or entity may later discover facts in addition to, or different from, those which the person or entity knows or believes to be true as of the CDN ZAI PD Bar Date, including, without limitation, that there is ZAI present in a building owned or occupied by such person or entity.

---

[5]    CDN ZAI PD Claims are defined in the General Instructions for Completing the CDN ZAI PD Proof of Claim as past, present, and future claims cognizable under Canadian law that relate to the cost of removal, diminution of property value or economic loss allegedly caused by Zonolite Attic Insulation manufactured by the Debtors and installed in buildings that are located in Canada. CDN ZAI PD Claims are those past, present, and future claims cognizable under Canadian law against, or any debt, obligation or liability of, one or more of the Debtors and Grace Canada, Inc. creating a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and whether such claim, debt, obligation or liability is in the nature of or sounding in tort, contract, warranty or any other theory of law or equity, relating to or arising by reason of, directly or indirectly, property damage, including, but not limited to, diminution in the value thereof, or environmental damage or economic loss caused or allegedly caused, directly or indirectly, by the Zonolite Attic Insulation sold, supplied, produced, specified, selected, distributed or in any way marketed by one of the Debtors or their predecessors or former subsidiaries and affiliates -- and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors or their predecessors or former subsidiaries and affiliates, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages. Zonolite Attic Insulation is a loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos. It was sold from the 1920/1930s to 1984. Zonolite may have a glittery granular appearance. The granules are shaped like a small nugget and expanded like an accordion and may have a silvery, gold translucent or brownish cast. After years in the attic, however, the granules may darken to black or gray. Zonolite may be found underneath subsequently installed insulation of other types such as rolled fiberglass insulation. **CDN ZAI PD Claims relate only to property located in Canada, and do not include any claims relating to personal injury.**

3

The Debtors request that the CDN ZAI PD Bar Date be 180 days after substantial completion of the notice program, as required under the Minutes. The notice program is expected to be substantially complete by February 28, 2009. Thus, the Debtors seek August 31, 2009 as the bar date for CDN ZAI PD Claims assuming this Court orders a bar date be set at the hearing on October 20, 2008. Entry of a CDN ZAI PD Bar Date Order would also require the Debtors to (i) mail the CDN ZAI PD Bar Date Notice Package to all known holders of CDN ZAI PD Claims and their counsel, and any other potential holders of CDN ZAI PD Claims whose addresses are provided by the Crown.

## ARGUMENT

### A.    The Court Should Set a Bar Date for CDN ZAI PD Claims.

1.    As indicated above, the Minutes require that a bar date be set by this Court for the filing of all CDN ZAI PD Claims as a condition to the settlement between the Debtors and the Representative Counsel and as a condition to funding under such settlement.

2.    The Minutes provide that on the Effective Date, the Debtors shall contribute (CDN$6,500,000) to the CDN ZAI PD Claims Fund for the payment of qualified CDN ZAI PD Claims and other fees and expenses. The administrator of the CDN ZAI PD Claims Fund intends to use the bar date results to define the universe of the CDN ZAI PD Claims, and to use the information provided on the CDN ZAI PD Proof of Claim Forms as part of the evidence to determine whether a CDN ZAI PD Claim should qualify as an allowed claim against the CDN ZAI PD Claims Fund. *See also* Exhibit A hereto.

3.    This settlement is critical to resolving all of the CDN ZAI Claims through the Debtors' plan of reorganization. The bar date for CDN ZAI PD Claims is integral to that

4

settlement, and is supported by the Debtors and Representative Counsel.  Accordingly, the Court

should set a bar date for the CDN ZAI PD Claims.

**B.      The Court Should Approve the CDN ZAI PD Proof of Claim and General Instructions for Completing the CDN ZAI PD Proof of Claim.**

4.      The Debtors seek this Court's approval of the CDN ZAI PD Proof of Claim and

General Instructions for Completing the CDN ZAI PD Proof of Claim (copies of which are

included at <u>Exhibit C</u>).  The CDN ZAI PD Proof of Claim and related instructions are modeled

after the Official Bankruptcy Form 10 ("Form 10").  It is a one-page form, just like Form 10.

However, the CDN ZAI PD Proof Claim Form has been tailored so that it only requests

information relevant to CDN ZAI PD Claims.  It is virtually identical in content to the proof of

claim form already approved by this Court for the U.S. ZAI Claims by order dated June 17,

2008.[6]

5.      Specifically, the CDN ZAI PD Proof of Claim Form asks the Claimant to provide

the following, critical information with respect to the property for which the CDN ZAI PD Claim

is being asserted:

- The address of the building that allegedly contains ZAI;
- The approximate date the building was constructed;
- The approximate date the ZAI was installed in the building, if known;
- The area within the building where the ZAI is located;
- The claimant's legal interest in the building;
- The date of removal of ZAI (if applicable); and

---

[6]    Order (A) Establishing October 31, 2008 As The Proof of Claim Bar Date For Zonolite Attic Insulation Claims and (B) Approving the Related Proof of Claims Form, Bar Date Notices, and Notice Program, dated June 17, 2008 (the "June 2008 ZAI Bar Date Order") [Dkt. No. 18934].

- The date of containment of ZAI (*i.e.*, remediation of a type without removal) (if applicable).

6.      The information requested in each of these questions is critical in order for the administrator of the CDN ZAI PD Claims Fund to ascertain the general basis of the asserted CDN ZAI PD Claim and make a meaningful estimate of the number of potentially valid claims to be paid by the CDN ZAI PD Claims Fund.

7.      This information should be readily available to every Claimant, who should be able to complete this section (and the entire CDN ZAI PD Proof of Claim) in a minimal amount of time and with minimal burden.  Similarly, it will not be onerous for CDN ZAI PD Claimants to provide any supporting documentation they may have in their possession or control.  In addition, the Debtors are not asking holders of CDN ZAI PD Claims to provide any physical sample of ZAI.  The administrator of the CDN ZAI PD Claims Fund may seek holders of CDN ZAI PD Claimants to provide such samples at a later time.

**C.      The Court Should Approve the CDN ZAI PD Bar Date Notice and CDN ZAI PD Bar Date Notice Program.**

8.      The Debtors also seek the Court's approval of the CDN ZAI PD Bar Date Notices (*see* Exhibit D), and the CDN ZAI PD Bar Date Notice Program, including the CDN ZAI PD Publication Notice Program (*see* Exhibit E).  The CDN ZAI PD Bar Date Notices have been designed to alert known CDN ZAI PD Claimants and their counsel as well as unknown CDN ZAI PD Claimants of (i) the procedures necessary to file a CDN ZAI PD Proof of Claim by the bar date and (ii) the consequences of failing to properly file.

9.      To the fullest extent practicable, the CDN ZAI PD Bar Date Notices are written in simple, colloquial English (and will be properly translated to French and/or Inuktitut as the case may be), and they are easy to understand.  The notices will serve to alert potential CDN ZAI PD Claimants of (i) the CDN ZAI PD Bar Date, (ii) the procedures necessary to file a CDN ZAI PD

6

Proof of Claim, (iii) the consequences of failing to file a CDN ZAI PD Proof of Claim by the

CDN ZAI PD Bar Date, and (iv) how to determine if they have a CDN ZAI PD Claim. These

notices are similar to the notices previously approved by the Court on June 17, 2008 for U.S.

ZAI Claims, and by the Court for the March 2003 Bar Date for Non-Asbestos, Asbestos PD and

Medical Monitoring Claims.[7]

    10.    Specifically, the Debtors propose to mail, via first-class mail, a CDN ZAI PD Bar

Date Notice Package to each known CDN ZAI PD Claimant and his or her counsel of record,

along with any potential holders of CDN ZAI PD Claims whose names and addresses are

provided to the Debtors or Representative Counsel by the Crown. The CDN ZAI PD Bar Date

Notice Package contains (i) a CDN ZAI PD Proof of Claim Form, (ii) General Instructions for

Completing the CDN ZAI PD Proof of Claim Form, and (iii) a Notice of CDN ZAI PD Bar Date.

    11.    In addition, the Debtors also seek this Court's approval of the manner and scope

of the publication notice program for the CDN ZAI PD Bar Date (the "CDN ZAI PD Bar Date

Notice Program").

    12. The CDN ZAI PD Bar Date Notice Program employs three primary methods for

providing notice: (a) direct notice by mail to all known holders of CDN ZAI PD Claims and their

counsel of record, (b) broad nationally published notice through the use of Canadian paid media

vehicles, and (c) notice through additional media vehicles.

    13.    Notice must "(1) be reasonably calculated, under all the circumstances, to apprise

interested parties of the pendency of the action; (2) afford [interested parties] an opportunity to

---

    [7]    *See In re W.R. Grace & Co, et al,* Case No. 01-01139 (JKF), Order Establishing March 31, 2003 as the Bar
Date for Filing Non-Asbestos Claims, Property Damage Claims and Medical Monitoring Claims (Bankr. D. Del.
April 22, 2002) (the "March 2003 Bar Date Order") [Dkt. No. 1963].

7

present their objections; (3) be of such a nature as reasonably to convey the required information; and (4) afford a reasonable time for those interested to make their appearance." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

14.     In this case, the CDN ZAI PD Bar Date Notice Program is in keeping with *Mullane*. *See* Exhibit E (indicating that the reach of the target putative holders of CDN ZAI PD Claims will be over 85%, and the program will involve television ads, print publications, the Internet, and direct notice mailings to known claimants). Print and television notices will be disseminated throughout Canada in English and French, with a piece of the notice program also dedicated to Aboriginal persons with notice appearing in print and television notices in the native language of Inuktitut.

15.     More specifically, the CDN ZAI PD Notice Program was developed by the Debtors in conjunction with their notice expert, Kinsella/Novak Communications, LLC. The CDN ZAI PD Notice Program targets adults 35 years of age and older ("Adults 35+") and homeowners in Canada. The plan calls for multiple notices: (i) in 2 national consumer magazines, with 1 magazine appearing in both French and English, (ii) in 2 national newspapers as well as 22 newspapers in the 10 provinces, including the 4 largest French language newspapers in Canada, (iii) on network and cable television in English and French; (iv) 4 national Aboriginal magazines; (v) 3 local, regional newspapers designed to reach Aboriginal persons; and (vi) television spots on APTN, a national Aboriginal network that broadcasts throughout Canada. In addition, banners will appear across a wide variety of internet sites in order to provide supplemental reach to the print and television activity. Also, a press release would be sent to major national print and electronic outlets, and notice will be sent to several "do-it-yourself" publications whose subscribers may be CDN ZAI PD Claimants. Information

8

would also be provided on Grace's website. The reach for this program is estimated to be over

85% for all Adults 35+ , which includes, but is not limited to, homeowners in Canada. *See*

Exhibit E at 19; *see also* Declaration of Katherine Kinsella at ¶¶10 and 13, attached hereto at

Exhibit F.

16.     The overall cost of the publication notice program is estimated to be

approximately US $800,000. The CDN ZAI PD Bar Date Notice Program is explained in greater

detail in Exhibit E.

17.     Courts have developed general guidelines for the content of a bar date notice.

Such bar date notice must include notice of (i) the bar date, (ii) any impending hearings affecting

claims covered under the bar date, so that the notice recipients can take steps to safeguard their

interest, (iii) information on the effects of not filing a proof of claim by the bar date, and (iv)

information on who must file a claim. *In re Amdura Corp.,* 170 B.R. 445, 452 (D. Colo. 1994);

*In re Keene Corp.*, 188 B.R. 903, 908 (Bankr. S.D.N.Y. 1995).

18.     The CDN ZAI PD Bar Date Notice satisfies each of these guidelines. In this

respect, the CDN ZAI PD Bar Date Notice Package clearly (i) identifies the CDN ZAI PD Bar

Date, (ii) states that parties who wish to assert a CDN ZAI PD Claim against the CDN ZAI PD

Claims Fund must file a ZAI Proof of Claim before the CDN ZAI PD Bar Date, or they will

forever be barred from asserting such claim on account of the Debtors and receiving funds from

the CDN ZAI PD Claims Fund, and (iii) provides detailed definitions so that parties can ascertain

whether their claim is a "CDN ZAI PD Claim." *See* Exhibit C.

19.     To determine the adequacy of notice given to a creditor, bankruptcy law

distinguishes between "known" and "unknown" creditors. *See Chemetron Corp. v. Jones (In re*

*Chemetron Corp.)*, 72 F.3d 341, 345 (3d Cir. 1995). As the Third Circuit in *Chemetron*

9

explained, "[k]nown creditors must be provided with actual written notice of a debtor's

bankruptcy filing and bar Claims date. For unknown Claimants, notification by publication will

generally suffice." *Id.* at 346 (citations omitted). A "known" creditor is one whose identity is

either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Professional*

*Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose

"interests are either conjectural or future or, although they could be discovered upon

investigation, do not in due course of business come to knowledge [of the debtor]." *Chemetron,*

72 F.3d at 346 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

20.      In defining the efforts required to identify "known" creditors, the Third Circuit

stated:

> Precedent demonstrates that what is required is not a vast, open-
> ended investigation . . .The requisite search instead focuses on the
> debtor's own books and records.   Efforts beyond a careful
> examination of these documents are generally not required.  Only
> those Claimants who are identifiable through a diligent search are
> 'reasonably ascertainable' and hence 'known' creditors.

*Chemetron*, 72 F.3d at 346-47 (citations omitted).  As for the particular efforts a debtor must

exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date

'depends upon the facts and circumstances of a given case.'" *In re The Grand Union Co.*, 204

B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Bullock v. Oppenheim, Appel, Dixon & Co. (In re*

*Robintech), 493 U.S. 811 (1989)).

21.      The parties named as plaintiffs in the pre-petition lawsuits that were filed in

Canada are "known" to the Debtors within the guidelines of *Chemetron*.  Parties whose

addresses are known by Representative Counsel are "known" within these guidelines as well,

along with parties "known" by the Crown to the extent such names and addresses are provided to

the Debtors or Representative Counsel.  In addition, parties who already filed ZAI POC's for

10

property located in Canada in these Chapter 11 Cases are also known to the Debtors.

Accordingly, the Debtors will mail a copy of the CDN ZAI PD Bar Date Notice Package to each

of these parties, as well as their respective attorneys of record. However, there are other parties

that the Debtors understand may assert CDN ZAI PD Claims against the Debtors' estates, and

the Debtors do not know who they are. Therefore, the CDN ZAI PD Bar Date Notice Program

contains an extensive procedure for providing publication notice to these "unknown" parties.

22.    In reviewing requests to approve publication-notice programs, some courts

require debtors to provide greater specificity than merely identifying the media that the debtors

expect to use. For example, in *In re Eagle-Picher*, 137 B.R. 679, 682 (Bankr. S.D. Ohio 1992),

the court ordered the debtors to prepare a "specific detailed program of notice by publication,"

including such elements as: the identification of media to be used; "explanation [of] why such

media are to be [used] and why other media are not to be [used]; the frequency of any

publication and/or broadcast;" and a program of publication notice "based on real lead times for

the particular media involved as to when the program is to begin." *Id.* Accordingly, this

information is provided in Exhibit E.

23.    In providing notice in this case to unknown asbestos property damage claimants

and other unknown claimants, this Court approved a publication program that was very similar to

the CDN ZAI PD Bar Date Notice Program. Specifically, on April 22, 2002, the Court entered

the March 2003 Bar Date Order, which established March 31, 2003 as the last date for filing

proofs of claim for all pre-petition Claims relating to (1) Asbestos PD Claims (excluding ZAI

Claims), (2) non-Asbestos Claims (including all governmental Claims), and (3) Asbestos

11

Medical Monitoring Claims.[8]  In addition, this Court approved a very similar notice program for

the U.S. ZAI Claims by order dated June 17, 2008.[9]  The proposed CDN ZAI PD Bar Date

Notice Program is substantially similar to these notice programs, and should likewise be

approved.

24.    The proposed publication notice program for the CDN ZAI PD Bar Date (i) is

designed to reach a similar percentage of relevant recipients as the March 2003 Bar Date notice

program and the June 2008 Bar Date notice program; and (ii) more than satisfies the standards

enumerated in *Eagle-Picher*.  The Debtors have identified specific publications and the periods

during which the CDN ZAI PD Bar Date Publication Notices will be run.  The Debtors' notice

expert has determined that the proposed publication notice program will ensure, with high degree

of probability, that a vast majority of potential holders of a CDN ZAI PD Claim will have a

reasonable opportunity to file a CDN ZAI PD Proof of Claim before the CDN ZAI PD Bar Date.

## NOTICE

25.    Notice of this Motion has been given to: (i) Representative Counsel, (ii) the

Crown; (iii) the Office of the United States Trustee, (iv) counsel to the debtor-in-possession

lenders, (v) counsel to the agent for the Debtors' pre-petition lenders, (vi) counsel to all official

committees appointed by the United States Trustee, (vii) counsel to known holders of CDN ZAI

PD Claims, and (viii) all those parties that requested service and notice of papers in accordance

with Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that

no further notice is required.

.

---

[8]    The March 2003 Bar Date did not include Asbestos PI Claims or ZAI Claims.

[9]    *See* June 2008 ZAI Bar Date Order.

12

## NO PRIOR REQUEST

26.     No prior motion for the relief requested herein has been made to this or any other Court other than as previously described herein.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order that: (i) sets a CDN ZAI PD Bar Date, (ii) approves the Debtors' proposed CDN ZAI PD Proof of Claim, General Instructions for Completing the CDN ZAI PD Proof of Claim, and CDN ZAI PD Bar Date Notices, and (iii) approves the Debtors' proposed CDN ZAI PD Bar Date Notice Program. A form of proposed order is attached hereto as Exhibit G.

Dated: September 15, 2008

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Janet S. Baer
Deanna D. Boll
153 East 53rd Street
New York, NY 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900


OGILVY RENAULT LLP
Derrick C. Tay
Orestes Pasparakis
Barristers & Solicitors
Suite 3800, P.O. Box 84
Royal Bank Plaza, South Tower
200 Bay Street
Toronto, Ontario M5J 2Z4
Telephone:    (416) 216-4832
Facsimile:    (416) 216-3930

13

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 4638)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400


Co-counsel for the Debtors and Debtors in Possession

14