## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## SUMMARY OF FIRST QUARTERLY INTERIM VERIFIED APPLICATION OF MORRISON & FOERSTER LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS ORDINARY COURSE PROFESSIONAL FOR THE INTERIM PERIOD FROM APRIL 1, 2007 THROUGH JUNE 30, 2007

| | |
|---|---|
| Name of Applicant: | **Morrison & Foerster LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **Retained as an Ordinary Course Professional, April 13, 2001[2]** |
| Period for which compensation and reimbursement is sought: | **April 1, 2007 through June 30, 2007** |

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]   On April 13, 2001, Morrison & Foerster LLP ("Morrison & Foerster") was retained by the Debtors as an ordinary course professional ("OCP") in the Chapter 11 Cases to provide legal services regarding our representation of the Debtors in state tax litigation. On May 8, 2001 Morrison & Foerster filed its affidavit of disinterestedness to support its retention as an OCP. See Docket No. 11490. No objections were filed to Morrison & Foerster's retention. Thus, Morrison & Foerster is employed, and continues to be employed, as an OCP in these Chapter 11 Cases.

Amount of Compensation sought as actual,
reasonable, and necessary:                          **$163,083.75**

Amount of Expense Reimbursement sought as
actual, reasonable and necessary:                   **$81,785.02**

This is a: __ monthly  **x** quarterly application.

Previous fee applications:

| Date Filed | Period Covered | Fees | Expenses | Total | Expected Standard OCP Payment | Excess OCP Fees and Expenses |
|---|---|---|---|---|---|---|
| September ___, 2008 | 4/1 – 4/30/07 | $125,907.50 | $51,357.46 | $177,264.96 | <$50,000> | $127,264.96 |
| September ___, 2008 | 5/1 – 5/31/07 | $37,176.25 | 130,427.56 | $167,603.81 | <$50,000> | $117,603.81 |

Morrison & Foerster LLP ("Morrison & Foerster") has not filed certificates of no objection with the Court with respect to the Monthly Fee Applications for April and May 2007 because the objection deadlines will expire within 20 days from the filing of this application. The hearing for the Quarterly Application for the interim period October 1, 2007 through December 31, 2007, has been scheduled for September 29, 2008.

The Morrison & Foerster attorneys who rendered professional services during the Fee Period in excess of the monthly cap for OCP, are[3]

| Name of Professional Person | Position with the Applicant and Year Admitted | Hourly Billing Rate[4] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Irwin M. Slomka | Partner, 1980 | $600.00 | 198.75 | $118,170.00 |
| Paul H. Frankel | Partner, 1961 | $725.00 | 64.75 | $44,913.75 |
| **Totals for Attorneys** | | | **263.5** | **$163,083.75** |

**Grand Total for Fees**     $163,083.75[5]
**Total Hours**              263.5
**Blended Rate:**            $618.91

---

[3]    Any capitalized terms not defined herein have the meaning ascribed to them in the First Quarterly Interim Verified Application of Morrison & Foerster for Compensation for Services and Reimbursement of Expenses as Ordinary Course Professional for April 1, 2007 through June 30, 2007.

[4] Travel time during which no client work was conducted was billed at half this rate.

## EXPENSE SUMMARY

| Service Description | Amount |
|---|---|
| Travel Expense | $ 4,395.85 |
| Photocopies | $ 475.20 |
| Long Distance Telephone | $126.85 |
| Fax | $ 242.00 |
| Air Freight | $ 137.06 |
| On-line Research - LEXIS | $ 14.66 |
| Messenger Service | $ 30.90 |
| Local Attorney Fees - MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C. | $ 37,573.28 |
| Expert and Consultant Fees | $137,502.47 |
| Local Attorney Fees – BANCROFT SUSA & GALLOWAY | $ 884.00 |
| Miscellaneous Disbursement – COMMONWEALTH OF MASSACHUSETTS | $ 402.75 |
| **Grand Total For Expenses** | **$181,785.02** |
| **Expected Normal Course OCP Compensation** | **<$100,000>** |
| **Balance of Expenses Sought in Application** | **$81,785.02** |

ny-806651

---

[5] The difference between total fee application amount ($163,083.75) and the amount based on hours worked ($163,130.00) is attributable to rounding down the fee application amount to conform to hourly billing increment requirements applicable to Chapter 11 bankruptcy matters.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## FIRST VERIFIED APPLICATION OF MORRISON & FOERSTER LLP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS ORDINARY COURSE PROFESSIONAL FOR THE INTERIM PERIOD FROM APRIL 1, 2007 THROUGH JUNE 30, 2007

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the

"Bankruptcy Code"), Fed. R. Bank. P. 2016, the Retention Order (as defined below), the

Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

Compensation and Reimbursement of Professionals and Official Committee Members (the

"Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a)

and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of

Expenses for Professionals and Official Committee Members (the "Amended Interim

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Compensation Order") and Del.Bank.LR 2016-2, and the Order Granting Leave in Accordance with the Orders Authorizing the Debtors to Employ and Compensate Ordinary Course Professionals As It Pertains to Morrison & Foerster LLP dated May 3, 2007, Morrison & Foerster LLP ("Morrison & Foerster LLP"), as ordinary course professional for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation for the amount $163,083.75 for the reasonable and necessary legal services Morrison & Foerster has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that Morrison & Foerster has incurred in the amount of $81,785.02 (the "Fee Application"), in each case for the period from April 1, 2007 through June 30, 2007 (the "Fee Period"). In support of this Fee Application, Morrison & Foerster respectfully states as follows:

## BACKGROUND

### Retention of Morrison & Foerster

1.     On April 13, 2001, Morrison & Foerster was retained by the Debtors as an ordinary course professional ("OCP") in the Chapter 11 Cases to provide legal services regarding our representation of the Debtors in state tax litigation. On May 8, 2001, Morrison & Foerster filed its affidavit of disinterestedness to support its retention as an OCP. See Docket No. 11490. No objections were filed to Morrison & Foerster's retention. Thus, Morrison & Foerster is employed, and continues to be employed, as an OCP in these Chapter 11 Cases.

2.     On September 24, 2007, this Court entered its Order Granting Leave in Accordance with the Orders Authorizing the Debtors to Employ and Compensate Ordinary Course Professionals As It Pertains to Morrison & Foerster LLP.

**Monthly Interim Fee Application Covered Herein**

3.    Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order may object to such request. If no notice part objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.    Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.    This Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the Fee Application for compensation for services rendered that, Morrison & Foerster LLP has filed pursuant to the Order Granting Leave in Accordance with the Orders Authorizing the Debtors to Employ and Compensate Ordinary Course Professionals As It

3

Pertains to Morrison & Foerster LLP, dated May 3, 2007, and covers the Fee Period of April 1, 2007 through June 30, 2007.

6.    Morrison & Foerster has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

> a.    Summary Application of Morrison & Foerster LLP as Ordinary Course Professional for Allowance of Fees in Excess of OCP Monthly Fee Cap for April 2007 (the "April Fee Application") attached hereto as Exhibit A; and
>
> b.    Summary Application of Morrison & Foerster LLP as Ordinary Course Professional for Allowance of Fees in Excess of OCP Monthly Fee Cap for May 2007 (the "May Fee Application") attached hereto as Exhibit B.

7.    The April and May Fee Applications have not been filed since the objection deadline has not expired.

8.    Morrison & Foerster has advised and represented the Debtors in connection with state tax litigation during the period covered by the Fee Application.

**Previous Quarterly Fee Applications**

9.    Morrison & Foerster has not previously filed Quarterly Fee Applications.

**Requested Relief**

10.    By this Fee Application, Morrison & Foerster requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Morrison & Foerster for the Fee Period as detailed in the Applications, less any amounts previously paid to Morrison & Foerster pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order.  As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through B.

4

**Disinterestedness**

11.    On May 8, 2001, Morrison & Foerster filed its affidavit of disinterestedness to support its retention as an OCP. See Docket No. 11490. No objections were filed to Morrison & Foerster's retention. Morrison & Foerster does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

## REPRESENTATIONS

12.    Morrison & Foerster believes that the Fee Application complies with the requirements of Del.Bank.LR 2016-2 and the Amended Interim Compensation Order.

13.    Morrison & Foerster performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

14.    During the Fee Period, Morrison & Foerster has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Interim Compensation Order.

15.    Pursuant to Fed. R. Bank. P. 2016(b), Morrison & Foerster has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another part or person other than with the partners, counsel and associates of Morrison & Foerster, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

### [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, Morrison & Foerster respectfully requests that the Court enter an order

providing that (a) for the Fee Period, April 1, 2006, through April 30, 2006 and May 1, 2006

through May 31, 2007, an administrative allowance be made to Morrison & Foerster in the sum

of (i) $163,083.75 as compensation for reasonable and necessary professional services rendered

to the Debtors and (ii) $81,785.02 for reimbursement of actual and necessary costs and expenses

incurred, for a total of $244,868.77; (b) the Debtors be authorized and directed to pay to

Morrison & Foerster the outstanding amount of such sums less any sums previously paid to

Morrison & Foerster pursuant to the Applications and the procedures set forth in the Amended

Interim Compensation Order and (c) this Court grant such further relief as is equitable and just.

Dated: September ___, 2008
      Wilmington, Delaware

                                    Respectfully submitted,

                                      MORRISON & FOERSTER, LLP

                                      By Paul H Frankl

                                      1290 Avenue of the Americas
                                      New York, New York 10104-0050
                                      (212) 468-8000

ny-808841

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## VERIFICATION

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) | ss. |
| CITY AND COUNTY OF NEW YORK | ) | |

Paul H. Frankel, after being duly sworn according to law, deposes and says:

1.    I am a senior partner with the applicant law firm Morrison & Foerster LLP ("Morrison & Foerster"), and am admitted to practice before the courts of the following states:  New York on January 17, 1983; New Jersey on September 26, 1966; and Virginia on June 5, 1961.

2.    I have personally performed many of the legal services rendered by Morrison & Foerster as counsel to the above-captioned debtors and debtors in possession (the "Debtors"), and I am

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

familiar with the other work performed on behalf of the Debtors by the lawyers of Morrison &

Foerster.

3.  I have reviewed the foregoing Application, and the facts set forth therein are true and

correct to the best of my knowledge, information and belief. Moreover, I have reviewed the

Local Bankruptcy Rules for the District of Delaware and submit that the Application

substantially complies with such rules.

_Paul H Frankel_

_____
Paul H. Frankel

SWORN AND SUBSCRIBED
before me this 15th day of September, 2008

_Florence Smith_

_____
Notary Public
My Commission Expires:

FLORENCE SMITH
NOTARY PUBLIC, State of New York
No. 31-4776853
Qualified in New York County
Commission Expires June 30, 20_11_