IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | ) Chapter 11 <br> ) <br> ) Case No. 01-01139(JKF) <br> W.R. GRACE & CO., *et al.*, ) (Jointly Administered) <br> ) <br> Debtors. ) Docket No. 19369 <br> ) <br> ) CLAIMANT GLORIA MUNOZ'S <br> ) RESPONSE TO DEBTORS' TWENTY- <br> ) FIFTH OMNIBUS OBJECTION TO <br> ) CLAIMS (SUBSTANTIVE AND NON- <br> ) SUBSTANTIVE) <br> ) <br> ) Case No. 01-01140 <br> ) Claim No. 1595 <br> ) |
| GLORIA MUNOZ, <br><br> Plaintiff/Claimant, <br><br> vs. <br><br> W.R. GRACE & CO, - CONN., a corporation, C.C. FRIAL, PEDRO GONZALES "PETE," J.C. GONZALES "JOE," and DOES I through XX, inclusive, <br><br> Defendants | ) IN THE SUPERIOR COURT OF THE <br> ) STATE OF CALIFORNIA FOR THE <br> ) COUNTY OF ALAMEDA <br> ) <br> ) CASE NO. 810748-2 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Hearing Date: September 29, 2008 at 10:00 a.m.

**CREDITOR GLORIA MUNOZ'S RESPONSE TO DEBTORS' TWENTY-FIFTH OMNIBUS
OBJECTION TO CLAIMS (SUBSTANTIVE AND NON-SUBSTANTIVE)
AND MEMORANDUM IN SUPPORT OF THEREOF**

TO: All parties required to be served objections to Debtors W.R. GRACE & COMPANY's, *et al.*,

("Debtors") Amended Notice, GLORIA MUNOZ hereby files and serves the following response and

objection:

# I
# INTRODUCTION

At this time, GLORIA MUNOZ[1] objects to having her pending employment discrimination claim disallowed and expunged, as requested by Debtors. This claim has not been satisfied and is currently stayed in the Alameda County Superior Court of the State of California, Case No. 810748-2, pending resolution of Debtors' bankruptcy case. Debtors' claim that "their books and records indicates that they have no liability" for Ms. Munoz's claim is completely baseless and asserted without regard to the record.

Ms. Munoz has stated that the amount of her claim is in excess of $100,000.00. The factual basis of Ms. Munoz's employment discrimination claim is set forth below, brought under the California Fair Employment and Housing Act, Government Code Section 12900 *et seq.* Supporting documentation will be based on Ms. Munoz's declaration, discovery documents obtained to date, Ms. Munoz's deposition testimony, and the records on file in the California Superior Court. However, the total amount of general and special damages is unknown at this time as discovery was interrupted by W.R. Grace's chapter 11 bankruptcy filing. Ms. Munoz has an estimated past wage loss of $136,000.00. Plaintiff is in the process of obtaining information on her Worker's Compensation lien and other special damages. Assuming that Ms. Munoz prevails, she is also entitled to attorney's fees.

# II
# BACKGROUND

Ms. Munoz' lawsuit arises out of employment discrimination charges dually filed with the Department of Fair Employment and Housing ("DFEH"), in 1998, and the Equal Employment and Opportunity Commission ("EEOC"). Following the issuance of a right to sue letter by the DFEH, plaintiff GLORIA MUNOZ filed and served a lawsuit against her employer W. R. GRACE and

employees PEDRO "PETE" GONZALES, J. C. GONZALES, AND C. FRIAL, in 1999. The causes of action against defendant W. R. GRACE are for sexual harassment, intentional infliction of emotional distress, disparate treatment on the basis of sex, failure to maintain an environment free from harassment, retaliation and negligent infliction of emotional distress.

The sexual harassment occurred between 1995 and 1998 at the W. R. Grace plant in San Leandro, California. It is alleged that management was repeatedly told about the sexual harassment, but did little or nothing to stop it. This matter was in the midst of litigation in the California Superior Court when defendant, W.R. Grace, filed for chapter 11 bankruptcy in 2001. Thereafter, the California Superior Court in Alameda County stayed Ms. Munoz's discrimination action until such time as the bankruptcy case closed.

### III
### *MUNOZ V. W.R. GRACE, ET AL.,* IS STILL IN LITIGATION, AND THERE ARE TRIABLE ISSUES OF FACT REGARDING LIABILITY AND DAMAGES ISSUES

Ms. Munoz filed her employment discrimination case under the California Fair Employment and Housing Act, Government Code Section 12900 *et seq.* (hereinafter, "FEHA") in Alameda County Superior Court, in California. This matter has *not* been dismissed.

There is ample evidence that W.R. Grace's San Leandro plant involved in this lawsuit has a history of employment discrimination against women. In 1976, the Contract Compliance Branch of the U.S. Energy Research and Development Administration in Oakland noted the absence of female employees in production jobs and recommended remedial affirmative action at the San Leandro plant. W. R. GRACE failed to take effective measures to cure this disparity in its production work force in the late '70s, throughout the '80s and '90s.

---

[1] Ms. Munoz has since adopted her husband's last name, "Santos." In the interest of consistency, her maiden name will continue to be used in these matters.

3

In 1993 plaintiff was dispatched to W. R. GRACE from the hiring hall and terminated a few days short of her probation period for no legitimate reason. A male was hired a several weeks later. Plaintiff filed a sex discrimination grievance and was reinstated in 1995 pursuant to an agreement with then plant manager Bud Lafferty, union business agent Roberto Flotte and plaintiff.

Then, in 1996, a female hiring hall referral was dispatched to W. R. GRACE and was denied employment. Again, in 1997, two female referrals were dispatched to the San Leandro plant with a male; only the male was hired. Consequently, in 1998, the EEOC filed a lawsuit in the U.S. District Court against W. R. GRACE for employment discrimination practices at its San Leandro plant. The lawsuit was settled by the EEOC and two intervenors in 1999. (See Declaration of Anthony S. Petru.)

The pattern of discrimination against women workers in the Production Department appears to be continuing. In responses to Special Interrogatories, defendant states that of the eight women dispatched from the hiring hall in the 12 years before 1999, only plaintiff was hired—of course, under protest. In December 1998, the union at the San Leandro plant was decertified. The current composition of the Production Department work force is unknown.

Plaintiff has alleged disparate treatment on account of her sex, in the terms and conditions of her employment: i.e., different rate of pay, less vacation time, less desirable jobs or assignments than male employees. (See Declaration of Gloria Munoz Santos.) As the only female in the Production Department, plaintiff was subjected to a hostile and abusive work environment.

Throughout her employment at the San Leandro plant, plaintiff was also subjected to sexual harassment by certain employees at the plant, with management's knowledge, and was forced to work in a hostile environment. The sexual harassment consisted of repeated graphic sexual comments and propositions, fondling, unwanted touchings and threats made in a sexual context by employee-

defendants PETE GONZALES and JOE GONZALES (they are not related). On at least one occasion, Office Supervisor C. C. FRIAL joined them in one of their offensive sexual conversations about penises, in front of plaintiff. Defendant FRIAL knew that his and the co-workers' conduct was inappropriate. (See Declaration of Gloria Munoz Santos.)

The unlawful employment practices complained of occurred at defendant W. R. GRACE's San Leandro facility located at 2140 Davis Street, in Alameda County, in the State of California. (See Declaration of Gloria Munoz Santos.)

The Production Department, where Ms. Munoz worked, was comprised of approximately 15 employees or less when Ms. Munoz was employed there. The jobs in this department—which involve mixing large batches of chemical solvents and materials, and preparing them for shipping—paid relatively well for those with limited high school or college educations. There was limited turnover.

Plaintiff had to go on disability leave as a result of the emotional and mental stress, and severe clinical depression, caused by the discrimination and sexual harassment and assaults at work. She was being treated with therapy and medication. Since working at W. R. GRACE, plaintiff developed migraine headaches as a result of the events at work; she takes medication to ameliorate the excruciating pain. (See Declaration of Gloria Munoz Santos.)

Plaintiff's last day at work was the end of August 1998. (See Declaration of Gloria Munoz Santos.)

Discovery was incomplete when defendant W.R. Grace declared bankruptcy, and has not proceeded since that time, 2001. Additional discovery will need to be conducted on liability and damages issues.

. . .

. . .

## III
## DAMAGES

### A. Injuries:

Because of the sexual harassment, Ms. Munoz suffered extreme mental and emotional distress. She received psychiatric treatment. She manifested symptoms of a sexually assaulted victim: she was afraid of talking to men and she has recurrent nightmares about the sexual abuse she suffered at the plant. During her employment at W. R. Grace, plaintiff developed debilitating migraine headaches and accompanying bouts of nausea as a direct result of the discrimination and harassment at work; these symptoms, among others, continue to this day. Ms. Munoz was on disability leave since August 28, 1998. Between 1998 and 2002, Ms. Munoz received counseling for the emotional distressed caused by the sexual harassment she suffered at W. R. Grace. Ms. Munoz periodically takes medication for the migraine headaches which first manifested at the time the sexual harassment began, and continue to date.

### B. Wage Loss:

Plaintiff went on disability leave August 28, 1998. At the time plaintiff went on disability, she was earning approximately $34,000 per year, with benefits. On a straight line basis, Ms. Munoz has an estimated four years of wage loss at $136,000. Ms. Munoz is currently working as a comprehensive prenatal health worker at Tri City Health Center in Fremont, California. (Declaration of Gloria Munoz Santos) At this time, plaintiff does not have information on the wage rates and raises at the W.R. Grace plant where she was previously employed. Future wage loss is unknown at this time. Further discover may be needed.

### C. Other Special Damages:

Plaintiff seeks recovery for past and future co-payments for doctors' appointments and medication, and approximately $1,200 for out-of-pocket costs to family members and friends whom she

had to pay to takeover her father's care—e.g., driving him to and from dialysis treatment, providing his meals, cleaning house—when she was debilitated by the migraine headaches. Plaintiff was her father's primary caretaker and lived with him before his death. She also seeks recovery for those days she could not work as a result of the migraines, and received no pay. Plaintiff will also seek attorney's fees.

### D.    Lien Holders:

Plaintiff filed a Workers' Compensation claim some time in September or October of 1998. Other lien holders are unknown at this time. Discovery is continuing.

### E.    Non-Economic Damages:

Plaintiff claims general damages and extreme mental and emotional distress, and related injuries such as migraines and nausea, according to proof.

## IV
## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Bankruptcy Court deny Debtors' request to disallow and expunge plaintiff's employment discrimination action as it has not been satisfied or dismissed from the California Superior Court, County of Alameda.

DATED: 9/17/08

HILDEBRAND, McLEOD & NELSON, INC.

By: _____
ANTHONY S. PETRU, ESQ.
Attorneys for Plaintiff/Claimant
GLORIA MUNOZ

**PROOF OF SERVICE**
*In re: W.R. Grace & Co., et al. (Debtors)*
*U.S. Bankruptcy Court, District of Delaware, Case No. 01-01139 (JKF)*

I, TULOA SANCHEZ, hereby declare that I am a citizen of the United States and am over the age of eighteen (18) and am not a party to the above-entitled action. I am employed in the County of Alameda, California and my business address is Hildebrand, McLeod & Nelson, LLP, 350 Frank H. Ogawa Plaza, 4th Floor, Oakland, CA 94612-2006.

On **September 17, 2008**, I served the foregoing document(s) entitled:

**CLAIMANT GLORIA MUNOZ'S RESPONSE TO DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE AND NON-SUBSTANTIVE)**

by placing ___ the original, _X_ a true copy thereof, enclosed in a sealed envelope addressed as follows:

*(SEE PROOF OF SERVICE LIST ATTACHED)*

_X_ **BY MAIL:** I caused such envelope(s) or package(s) to be deposited in the mail at Oakland, California with postage thereon fully prepaid. I am readily familiar with our firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, in the ordinary course of business. The above sealed envelope(s) or package(s) was placed for collection and mailing on the above date following ordinary business practice.

____ **BY PERSONAL SERVICE:** I caused such envelope(s) containing a true copy thereof to be hand delivered to the parties listed.

____ **BY OVERNIGHT DELIVERY:** I caused such envelope(s) or package(s) designated by **Federal Express** with delivery fees paid or provided and;

____ deposited such envelope(s) or package(s) in a facility regularly maintained by the **Federal Express** courier;

____ delivered such envelope(s) or packages to an authorized courier or driver authorized by **Federal Express** carrier to receive documents.

____ **BY FACSIMILE:** On _____ at _____a.m./p.m., by use of facsimile machine telephone number 510-465-7023, I served a true copy of the above-entitled document(s) on the parties in said action by transmitting by facsimile machine to the numbers as set forth above. I caused the machine to print a transmission record of the transmission, a copy of which is attached to this Declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **September 17, 2008**, at Oakland, California.

_____
TULOA SANCHEZ

## PROOF OF SERVICE LIST
*In re: W.R. Grace & Co., et al. (Debtors)*
*U.S. Bankruptcy Court, District of Delaware, Case No. 01-01139 (JKF)*

| | |
|---|---|
| Kari E. Levine, Esq.<br>SEYFARTH SHAW<br>560 Mission Street, Suite 3100<br>San Francisco, California 94105-2930<br>(Fax: 1-415-397-8549) | *Representing: Debtor, W.R. Grace re Munoz vs. W.R. Grace, California Superior, Alameda County, Case No. 810748-2* |
| Christopher T. Greco, Esq.<br>KIRKLAND & ELLIS LLP<br>Citigroup Center<br>153 East 53rd Street, Suite 39<br>New York, NY 10022<br>(Fax: 1 212-446-4900) | *Co-counsel Representing: Debtors W.R. GRACE & CO, et al.* |
| James E. O'Neill, Esq.<br>PACHULSKI, STANG, ZIEHL & JONES, LLP<br>919 N. Market Street, Suite 17<br>P. O. Box 8705<br>Wilmington, DE 19899-8705 (courier 19801)<br>(Fax: 1-302-652-4400) | *Co-counsel Representing: Debtors W.R. GRACE & CO, et al.* |
| Scott L Baena, Esq.<br>BILZIN-SUMBERG<br>First Union Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, FL 33131<br>(Fax: 1-305-374-7593) | *Representing: Official Committee of Property Damage Claimants* |
| Michael B. Joseph, Esq.<br>FERRY & JOSEPH, P.A.<br>824 Market Street, Suite 904<br>P. O. Box 1351<br>Wilmington, DE 19899<br>(Fax: 1-302-575-1714) | *Representing: Official Committee of Property Damage Claimants* |
| Peter Van N. Lockwood, Esq.<br>CAPLIN & DRYSDALE, CHARTERED<br>One Thomas Circle, N.W.<br>Washington, DC 20005<br>(Fax: 1-202-429-3301) | *Representing: Official Committee of Personal Injury Claimants* |
| Mart T. Huford, Esq.<br>CAMPBELL & LEVINE, LLC<br>800 N. King Street, Suite 300<br>Wilmington, DE 19801<br>(Fax: 1-302-426-9947) | *Representing: Official Committee of Personal Injury Claimants* |

## PROOF OF SERVICE LIST (cont'd)
*In re: W.R. Grace & Co., et al. (Debtors)*
*U.S. Bankruptcy Court, District of Delaware, Case No. 01-01139 (JKF)*

| | |
|---|---|
| Lewis Kruger, Esq.<br>STROOCK & STROOCK & LAVAN<br>180 Maiden Lane<br>New York, NY 10038-4982<br>(Fax: 1-212-806-5430) | *Representing: Official Committee of Unsecured Creditors* |
| Michael R. Lastowski, Esq.<br>DUANE, MORRIS & HECKSCHER, LLP<br>1100 N. Market Street, Suite 1200<br>Wilmington, DE 19801-1246<br>(1-302-657-4901) | *Representing: Official Committee of Unsecured Creditors* |
| Teresa K.D. Currier, Esq.<br>BUCHANAN, INGERSOLL & ROONEY, P.C.<br>1000 West Street, Suite 1410<br>P.O. Box 1397<br>Wilmington, DE 19899-1397<br>(Fax: 1-302-552-4295) | *Representing: Official Committee of Equity Holders* |
| Gary Becker, Esq.<br>KRAMER, LEVINE, NAFTALIS & FRANKEL LLP<br>919 Third Avenue<br>New York, NY 10022 | *Representing: Official Committee of Equity Holders* |
| Richard H. Wyron, Esq.<br>ORRICK, HERRINGTON & SUTCLIFFE, LLP<br>Columbia Center<br>1152 15th Street, N.W.<br>Washington, D.C. 20005-1706<br>(Fax: 1-202-339-8500) | *Representing: Future Claimants' Representative* |
| John C. Phillips, Jr., Esq.<br>PHILLIPS, GOLDMAN & SPENCE, P.A.<br>1200 N. Broom Street<br>Wilmington, DE 19806<br>(Fax: 1-302-655-4210) | *Representing: Future Claimants' Representative* |
| David Klauder, Esq.<br>Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>Suite 2207, Lockbox 35<br>844 N. King Street<br>Wilmington, DE 19801<br>1-302-573-6491<br>1-302-573-6497 (fax) | *Representing: Office of the United States Trustee* |

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732