IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., <u>et al.</u>,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**SUPPLEMENTAL DECLARATION OF ANNE E. MORAN IN CONNECTION WITH THE DEBTORS' EMPLOYMENT OF <u>STEPTOE & JOHNSON LLP AS SPECIAL TAX COUNSEL TO DEBTORS</u>**

DISTRICT OF COLUMBIA )ss.

I, Anne E. Moran, being duly sworn, state as follows:

1. I am an attorney at law and a member of the bar of the District of Columbia. I am a partner of the law firm of Steptoe & Johnson, LLP ("Steptoe"), which maintains an office for the practice of law at 1330 Connecticut Avenue, N.W., Washington, DC 20036. I make this Supplemental Affidavit to describe subsequent measures taken by Steptoe to comply with 11 U.S.C. §101(14), which defines and construes the term "disinterested persons".

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a. Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MA Holdings Corp. (f/k/a/ Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a/ Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.  On November 2, 2001 the Debtors filed their application (Docket No. 1072) (the "Application") for entry of an order authorizing the retention of Steptoe as special tax counsel for the Debtors in all matters relating to the Debtors' corporate-owned life insurance policies. On January 28, 2002, this Court entered an order approving the Application (the "Retention Order") (Docket No. 1617).

3.  On January 17, 2006 Debtors filed: (1) Notice of Motion of the Debtors for the Entry of an Order Expanding the Scope of the Employment of Steptoe & Johnson LLP as Special Counsel to the Debtors (the "Notice"); and (2) Motion of the Debtors for the Entry of an Order Expanding the Scope of the Employment of Steptoe & Johnson LLP as Special Counsel to the Debtors (the "Motion"). On February 21, 2006 this Court entered an order granting the Motion authorizing the debtors to expand the scope of employment of Steptoe as special counsel to include tax law and tax litigation matters.

4.  The Debtors have employed the law firms of Kirkland & Ellis LLP ("Kirkland") and Pachulski, Stang, Ziehl, Young & Jones Weintraub to serve as bankruptcy and reorganization counsel to the Debtors. Steptoe will not serve as general bankruptcy and reorganization counsel to the Debtors. Steptoe, however, has served and will continue to serve as special counsel with respect to tax law and tax litigation matters to the Debtors.

5.  In response to a request by Kirkland to update relationship checks for over 5,000 entities that Kirkland has advised Steptoe have some relationship to the Debtors' bankruptcy matter, Steptoe caused an extensive search of those entities to be made in its conflicts database. The details of the results are set forth and attached as Exhibits 1 through 6.

6.  In summary:

*Exhibit 1*:  The entities and/or one of their affiliated entities listed in *Exhibit 1* are adverse to Steptoe in one or more matters. None of these matters are related to the Debtors' bankruptcy.

*Exhibit 2*:  The entities and/or one of their affiliated entities listed in *Exhibit 2* are clients of Steptoe in one or more matters. None of these matters are related to the Debtors' bankruptcy.

*Exhibit 3*:  The entities and/or one of their affiliated entities listed in *Exhibit 3* are both clients and adversaries in one or more matters. None of these matters are related to the Debtors' bankruptcy.

*Exhibit 4*:  The individuals listed in *Exhibit 4* may be adverse to a Steptoe client in one or more matters that are unrelated to the Debtors' bankruptcy. There is insufficient information to confirm that they are the same individuals.

*Exhibit 5:*   The individuals listed in *Exhibit 5* may be clients in one or more Steptoe matters that are unrelated to the Debtors' bankruptcy. There is insufficient information available to Steptoe or to Kirkland to confirm that they are the same individuals.

*Exhibit 6*:   Steptoe is a client of the law firms listed in *Exhibit 6*. These matters are unrelated to the Debtors' bankruptcy.

6.   With respect to all of the entities and individuals listed in Exhibits 1 through 6, Steptoe does not represent or hold any interest adverse to the Debtors or to the bankruptcy estates with respect to the tax matters on which Steptoe has advised or will advise the Debtors. Steptoe does not have any direct dealing with any of the listed entities or individuals, to the best of my knowledge and belief, that are related in any way to the Debtors' bankruptcy. Any apparent conflicts that may exist are in matters unrelated to the Debtors' bankruptcy. While it is conceivable that there may be instances in which the various entities or individuals identified in Exhibits 1 through 6 will be affected, for better or for worse, by the implementation of tax strategies pursuant to tax-related advice rendered by Steptoe, the advice rendered by Steptoe will ultimately be in the best interests of the Debtors and the bankruptcy estates. The Debtors have been advised of the results of the relationship checks and have waived any conflict of interest and agree not to disqualify Steptoe from any of its current representations in matters unrelated to the Debtors' bankruptcy.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___September 16___, 2008.

_____
Anne E. Moran