# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |

## STIPULATION RESOLVING CLAIM OF
## NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET,
## COMMONWEALTH OF KENTUCKY (CLAIM NO. 7046)

This stipulation ("Stipulation") is entered into this _11th_ day of September 2008, between

W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and the Energy and

Environment Cabinet, formerly known as the Natural Resources and Environmental Protection

Cabinet, Commonwealth of Kentucky ("Claimant").

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 13307456.5

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, on September 18, 2001, the Bankruptcy Court entered the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding* [Docket No. 936] (the "Settlement Order"), allowing the Debtors to, among other things, settle claims in an amount that does not exceed $50,000, without further action by the Bankruptcy Court.

WHEREAS, on April 22, 2002, the Bankruptcy Court issued its *Order as to all Non-asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice Program* (the "Bar Date Order"), which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims. [Docket No. 1963].

WHEREAS, on or about March 27, 2003, Claimant filed a proof of claim ("Claim No. 7046") against the Debtors asserting an unsecured nonpriority claim in the amount of $2,141,935.00 arising from environmental response costs at Grace's former facility in Wilder, KY.

WHEREAS, on or about August 25, 2008, the Debtors filed an objection to Claim No. 7046 [Docket No. 19378] in which the Debtors sought to disallow and expunge the claim on the basis of no liability.

2

**WHEREAS,** the Debtors and Claimant have agreed to settle Claim No. 7046 on the terms and conditions set forth herein.

**NOW, THEREFORE,** after a thorough review of Claim No. 7046, discussion and negotiations, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. Claim No. 7046 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $21,958.89. Claimant shall not be entitled to pre-petition or post-petition interest on Claim No. 7046 with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan"). Claim No. 7046 shall be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to the Plan (except with respect to the payment of interest as described above).

2. Upon execution of this Stipulation by all parties, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that Claim No. 7046 shall be allowed as outlined herein.

3. The Debtors shall take whatever additional action, if any, is necessary to make sure that Claim No. 7046 is allowed as outlined herein.

4. Pursuant to the Settlement Order, upon execution of this Stipulation by the parties, the Stipulation shall be binding on all parties including the Debtors.

5. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures.

3

K&E 13307456.5

This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

6.    This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to matters set forth herein.

7.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

Energy and Environment Cabinet
Commonwealth of Kentucky

By: _Kevin Welch_
Kevin Welch
Attorney
Office of Legal Services
6th Floor
Capital Plaza Tower
Frankfort, KY 40601

Counsel for Claimant

W. R. Grace & Co., et al.

By: _Janet S. Baer_
Janet S. Baer
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL 60601

and

Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899-8705

Co-Counsel for the Debtors and
Debtors in Possession

Date: _9-11-08_

Date: _9-11-08_

4

K&E 13307456.5