# **EXHIBIT 1**

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

### STIPULATION RESOLVING CLAIM OF
### THE INTERNAL REVENUE SERVICE

This Stipulation is entered into this _11_ day of September 2008, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors"), and the Internal Revenue Service (the "Service").

**WHEREAS,** on or about April 2, 2001 (the "Petition Date"), the Debtors, including W. R. Grace & Co.-Conn. ("Grace-Conn."), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' bankruptcy

---

[1]  The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 13336792.3

cases are pending as case numbers 01-1139 (JKF) through 01-1200 (JKF) (the "Bankruptcy Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**WHEREAS,** on April 2, 2001 the Bankruptcy Court issued an Order consolidating the Bankruptcy Cases for administrative purposes only under Case No. 01-1139 (JKF) (the "Jointly Administered Bankruptcy Case").

**WHEREAS,** on April 22, 2002, the Bankruptcy Court issued its Bar Date Order [Docket No. 1963], which established March 31, 2003 as the bar date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.  The Bar Date Order required claimants to file a separate claim in each of the Bankruptcy Cases for such claim to be effective and asserted against each of the Debtors.

**WHEREAS,** on or about September 28, 2001, the Service filed 2 claims; on or about June 13, 2002, the Service filed an additional 50 claims, including claim 813 against Ecarg, Inc. in the amount of $246,000,000.00; and on or about August 28, 2002, the Service filed an additional claim (collectively, the "Service Claims") against the Debtors in the Bankruptcy Cases.

**WHEREAS,** on June 18, 2007, the Debtors filed the Twenty-Third Omnibus Objection to Certain IRS Claims (Substantive) (Dkt. No. 16069) (the "Twenty-Third Omnibus Objection"), which included claim 813 (Exhibit A to the Twenty-Third Omnibus Objection).

**WHEREAS,** on July 20, 2007, the Debtors and the Service entered into a Stipulation Resolving Certain of the Claims of the Internal Revenue Service (Exhibit A to Dkt. No. 16366) (the "Stipulation"), which purported to resolve duplicate claims asserted by the Service against

2

the Debtors, including claim 813, but that claim was inadvertently omitted from paragraph 2 of the Stipulation.

WHEREAS, on July 23, 2007, the Court signed an Order Disallowing and Expunging Certain Claims and Reducing Certain Other Claims of the Internal Revenue Service (Dkt. No. 16366) (the "Order"), which subsequently omitted claim 813 from paragraph (a) of the Order.

WHEREAS, on August 25, 2008, the Debtors filed the Amended Twenty-Fifth Omnibus Objection to Claims (Substantive and Non-Substantive) (Dkt. No. 19378), which included claim 813 on the basis of no liability because the parties intended to resolve that claim under the Stipulation, which would have resulted in the Claim being expunged by the Order.

WHEREAS, the parties hereto have agreed to enter into this Stipulation solely to afford the Debtors the administrative convenience of minimizing duplicative claims and to correct the inadvertent omission of claim 813 from the Stipulation and Order.

NOW, THEREFORE, for good and valuable consideration received, the parties hereby stipulate and agree as follows:

1.    Subject to the provisions of the following two sentences of this Section 1, claim number 813 (the "Disallowed Claim") shall be disallowed and expunged from the claims register for all purposes.  Notwithstanding any other provision of this Stipulation, in the event that (a) any plan of reorganization or liquidation is filed in these Bankruptcy Cases that does not provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), (b) voting on any plan of reorganization or liquidation in these Bankruptcy Cases is ordered to be conducted on a separate debtor rather than a consolidated basis, (c) any plan of reorganization or liquidation confirmed by final order(s) of the Bankruptcy Court in these Bankruptcy Cases does not provide for the substantive consolidation of the

Bankruptcy Cases (for purposes of distribution on account of allowed claims), or (d) any plan of reorganization or liquidation confirmed by final order(s) of the Bankruptcy Court in these Bankruptcy Cases that provides for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims) does not become effective, then the Disallowed Claim shall be automatically reinstated *ab initio* without the need for any further action on the part of any party or Bankruptcy Court intervention. In the event the Bankruptcy Cases or any of them are dismissed or converted to cases under chapter 7 of the Bankruptcy Code, the Disallowed Claim related to any such converted or dismissed Bankruptcy Cases shall be automatically reinstated *ab initio* without the need for any further action on the part of any party or Bankruptcy Court intervention. In the event the Debtors default under the terms of any confirmed plan of reorganization, the Disallowed Claim shall be automatically reinstated *ab initio* without the need for any further action on the part of any party or Bankruptcy Court intervention.

2.      The Debtors expressly reserve any and every objection that they now have or may have in the future to the substance of the Disallowed Claim to the extent it is reinstated as described in Section 1 above.

3.      Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

4

K&E 13336792.3

4.   The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the claims register to reflect the disallowance and expungement of claim number 813 for all purposes to the extent provided herein.

5.   Nothing in this Stipulation shall affect any of the Service Claims other than the Disallowed Claim.

6.   The parties shall take whatever additional action, if any, is necessary to implement the terms and conditions of this Stipulation.

**STIPULATED AND AGREED:**

**THE INTERNAL REVENUE SERVICE**

By: _____
   One of Its Attorneys

Daniel J. Healy
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC  20044
(202) 305-3402

**W. R. GRACE & CO., et al.**

By: _____
   One of Their Attorneys

Janet S. Baer
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

<u>and</u>

Laura Davis Jones
Pachulski, Stang, Ziehl, Young, Jones &
Weintraub PC
919 North Market Street, 16th Floor
P. O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors
in Possession

Date: September 11, 2008

5

K&E 13336792.3