IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

[Proposed] Hearing Date: October 20, 2008 at 1:00 pm.
[Proposed] Response Deadline: October 10, 2008 at 4:00 p.m.

## APPLICATION OF THE DEBTORS, PURSUANT TO 11 U.S.C. §§ 105, 524(g)(4)(B)(i) AND 1109, FOR ENTRY OF AN ORDER APPOINTING ALEXANDER M. SANDERS, JR. AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby seek entry of an order, substantially in the form of Exhibit A attached hereto, pursuant to sections 105, 524(g)(4)(B)(i) and 1109 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), appointing Alexander M. Sanders, Jr. as the legal representative (the "Asbestos PD Future Claimants' Representative") for future asbestos-related property damage claimants and holders of demands as the term is defined in section 524(g)(5) (including future claimants and holders of demands in the United States alleging property damage related to

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Zonolite Attic Insulation ("ZAI")), if any, in connection with these chapter 11 cases. In support of this application (the "Application"), the Debtors state as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Application is proper under 28 U.S.C. § 1408.

2. The statutory predicates for this Application are sections 105, 524(g)(4)(B)(i) and 1109 of the Bankruptcy Code.

## General Background

3. On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for administrative purposes only. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. A number of committees and representatives have been formed in these chapter 11 cases. The Official Committee of Unsecured Creditors was formed on April 13, 2001 when the United States Trustee issued and filed an amended notice of its appointment (Dkt. No. 94). The Official Committee of Asbestos Personal Injury Claimants (the "Asbestos PI Committee") was formed on April 13, 2001 when the United States Trustee issued and filed a notice of its appointment (Dkt. No. 95). The Official Committee of Asbestos Property Damage Claimants (the "Asbestos PD Committee") was formed on May 11, 2001 when the United States Trustee issued and filed an amended notice of its appointment (Dkt. No. 252). The Official Committee of Equity Security Holders (the "Equity Committee") was formed on June 18, 2001 when the United States Trustee issued and filed a notice of its appointment (Dkt. No. 532). Finally, on

2

May 24, 2004, the Bankruptcy Court entered an order appointing David T. Austern as the legal representative for future asbestos personal injury claimants (the "<u>Asbestos PI Future Claimants' Representative</u>") (Dkt. No. 5645).

### Asbestos Property Damage Claims Against the Debtors[2]

5. The Debtors are engaged in specialty chemicals and materials businesses. The Debtors' first significant involvement in the manufacture and sale of asbestos-containing products began in 1963, when one of their divisions purchased the business and assets of Zonolite Company ("<u>Zonolite</u>").

6. Zonolite purchased asbestos from commercial suppliers and incorporated it into certain building products. It also mined and processed vermiculite from its mines in South Carolina and near Libby, Montana. The vermiculite product from the Libby mine contained small amounts of asbestos. The Debtors ended U.S. sales of asbestos-added products in 1973 and Canadian sales of such products in 1976. The Libby facility was closed in 1990.

7. Traditional asbestos-related property damage claims have been asserted against the Debtors, which generally seek payment for the cost of removing or containing asbestos in buildings. On the Petition Date, there were eight traditional asbestos property damage lawsuits pending against the Debtors. However, approximately 4,300 additional asbestos property damage claims were filed with the Court before the March 2003 bar date relating to such claims.

8. In 2005, the Debtors filed omnibus non-substantive and substantive objections to almost all of these asbestos property damage claims on a number of different grounds, including lack of authority from the claimants at the time the claims were filed, superseded or duplicative

---

[2] A more detailed description of the Debtors' asbestos liability is set forth in the Debtors' Disclosure Statement filed with the Court on September 19, 2008 (Dkt. No. 19581).

91100-001\DOCS_DE:140839.1

claims, lack of product identification, statute of limitations and lack of proof of hazard. As of June 30, 2008, approximately 193 of these asbestos property damage claims remained on the official claims docket as unsettled. Since June 30, 2008, the Debtors have announced settlements in principle for a majority of these active non-settled asbestos property damage claims.

9.  In addition to traditional property damage claims, ZAI asbestos-related property damage claims have been asserted against the Debtors. These claims generally seek payment for removal of the attic insulation because of its alleged asbestos content. Prior to the Petition Date, nine lawsuits (one of which has since been dismissed) styled as class actions were filed in various jurisdictions in the United States on behalf of owners of homes allegedly containing ZAI. Beginning in 2004, lawsuits were also filed in Canada alleging the presence of ZAI in homes. On June 2, 2008, the Bankruptcy Court ordered a bar date of October 31, 2008 for all U.S. ZAI property damage claims.

10.  This Application seeks the appointment of an Asbestos PD Future Claimants' Representative on behalf of future traditional asbestos-related property damage claimants and holders of demands (if any) and future U.S. ZAI property damage claimants and holders of demands (if any) but not Canadian ZAI property damage claimants or holders of demands (if any). This Application does not seek the appointment of a representative for Canadian ZAI property damage claims, which will be addressed pursuant to the "CDN ZAI Minutes of Settlement" included as an exhibit to the Plan.

### The Plan and the Debtors' Request for a Future Asbestos PD Claimants' Representative

11.  On September 19, 2008, the Debtors, along with the Asbestos PI Committee, the Asbestos PI Future Claimants' Representative and the Equity Committee (collectively with the

Debtors, the "Plan Proponents"), filed a joint plan of reorganization (the "Plan") and the Debtors' disclosure statement related thereto (Dkt. Nos. 19579, 19581).

12. The Plan provides that all holders of future property damage claims and demands, if any, (excluding Canadian ZAI property damage claimants) (the "Asbestos PD Claims") are in a separate class - Class 7. The Plan further provides that each holder of an Asbestos PD Claim that is allowed as of the Plan's effective date pursuant to a settlement agreement, stipulation, order or other agreement shall be paid the allowed amount of such claim in cash, in full, pursuant to the terms of the respective settlement agreement, stipulation, order or other agreement by an asbestos property damage trust ("Asbestos PD Trust") that will be created pursuant to section 524(g) of the Bankruptcy Code. The Plan also provides that each holder of an Asbestos PD Claim that is unresolved prior to the Plan's effective date shall be allowed, if at all, pursuant to a case management order entered by the Court which will set forth procedures for determining the allowance or disallowance of the unresolved claims. The Plan explicitly provides for the entry of a channeling injunction pursuant to section 524(g) of the Bankruptcy Code to implement the treatment of Asbestos PD Claims set forth in the Plan. As a result, the Plan specifies that the sole recourse of a holder of an Asbestos PD Claim or a future demand (if any) shall be to the Asbestos PD Trust.

### Relief Requested

13. In order to implement the treatment of Asbestos PD Claims under the Plan, the Debtors respectfully request that the Court enter an order appointing Alexander M. Sanders, Jr. as the Asbestos PD Future Claimants' Representative pursuant to 11 U.S.C. § 524(g)(4)(B)(i).

### Basis for Relief

14. Section 524(g) contemplates that if a channeling injunction is to be issued in connection with a discharge that seeks to channel future asbestos-related claims and demands to

a section 524(g) trust that a legal representative be appointed for the purpose of protecting the rights of persons who might subsequently assert such asbestos-related claims or demands. *See* 11 U.S.C. § 524(g)(4)(B)(i) and 524(g)(5).

15.   The Plan provides for a channeling injunction for Asbestos PD Claims and future asbestos-related property damage demands (if any). Accordingly, the Debtors now seek the appointment of an Asbestos PD Future Claimants' Representative to represent such future asbestos-related property damage claimants (if any).

16.   In connection with this request, the Debtors note that the Plan provides that the inclusion of demands as Asbestos PD Claims and US ZAI PD Claims (as defined in the Plan) and any reference to demands related to Asbestos PD Claims or US ZAI PD claims in the Plan does not constitute an admission by the Debtors and the other Plan Proponents that an entity which did not have an allowable US ZAI PD claim or other Asbestos PD Claim against the Debtors as of the Plan's effective date could assert a valid claim against the Asbestos PD Trust contemplated under the Plan, and all rights and defenses to the allowance of such a claim by the Asbestos PD Trust are expressly reserved pursuant to the Plan. Likewise, this Application shall not constitute an admission by the Debtors that future asbestos-related property damage demands could exist, and the Debtors reserve all of their rights thereto consistent with their reservation of rights in the Plan.

### Qualifications of Alexander M. Sanders, Jr.

17.   The Debtors submit that Alexander M. Sanders, Jr. ("Judge Sanders") is well qualified to serve as the Asbestos PD Future Claimants' Representative. Judge Sanders is currently a Shareholder in the law firm of Sanders & Nettles, LLC in Columbia, South Carolina.

18.   Judge Sanders is the former Chief Judge on the South Carolina Court of Appeals and former Acting Associate Justice on the South Carolina Supreme Court. Prior to his service

on the bench, Judge Sanders was a Member of the South Carolina House of Representatives and a Member of the South Carolina Senate. Judge Sanders was also a candidate for the United States Senate in the State of South Carolina.

19. Judge Sanders currently serves on the boards of directors of various entities, including Armstrong World Industries, Inc. Other entities where Judge Sanders serves or has served on the board of directors include the National Judicial College, the National Center for Courts and the Media, The Nature Conservancy, The Huntington Society, the American Bar Association Judicial Division, the Spoleto Festival, the National Bank of South Carolina and the South Carolina Board of Advisors on Consumer Credit. A copy of Judge Sanders' curriculum vitae is attached hereto as Exhibit B.

### Disinterestedness

20. To the best of the Debtors' knowledge, Judge Sanders (i) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and holds no interest adverse to the Debtors or their estates for the matters for which he would be employed; and (ii) has no connection to the Debtors, their creditors, or their related parties herein. The Debtors have attached as Exhibit C to this Application a Verified Statement from Judge Sanders.

### Terms of Retention

21. The Debtors request an order appointing Alexander M. Sanders, Jr. as Asbestos PD Future Claimants' Representative under the following terms, which are consistent with the terms by which the Court approved the appointment of the Asbestos PI Future Claimants' Representative (Dkt. No. 5645):

    a.    Standing. The Asbestos PD Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to the Debtors' chapter 11 cases, and shall have, *inter alia*, the powers and duties

7

of a committee, which powers and duties may be modified by order of the Court at any time during these cases.

b. <u>Engagement of Professionals</u>. The Asbestos PD Future Claimants' Representative may employ attorneys, and other professionals, consistent with sections 327 and 1103 of the Bankruptcy Code, subject to prior approval of this Court and pursuant to the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (the "<u>Administrative Compensation Order</u>") (Dkt. No. 1949) entered by this Court.

c. <u>Compensation</u>. Compensation, including professional fees and reimbursement of expenses, shall be payable to the Asbestos PD Future Claimants' Representative and his professionals from the Debtors' estates, in accordance with the terms and conditions negotiated by the appointed Asbestos PD Future Claimants' Representative and the Debtors, subject to approval by this Court and subject to the Administrative Compensation Order.

d. <u>Liability Indemnity of Asbestos PD Future Claimants' Representative</u>. The Asbestos PD Future Claimants' Representative shall not be liable for any damages, or have any obligations other than as prescribed by orders of this Court; *provided, however*, that the Asbestos PD Future Claimants' Representative may be liable for damages caused by his willful misconduct or gross negligence. The Asbestos PD Future Claimants' Representative shall not be liable to any person as a result of any action or omission taken or made by the Asbestos PD Future Claimants' Representative in good faith. The Debtors shall indemnify, defend and hold the Asbestos PD Future Claimants' Representative and his agents and professionals harmless

from any claims by any party against the Asbestos PD Future Claimants' Representative arising out of or relating to the performance of his duties as Asbestos PD Future Claimants' Representative, *provided, however*, that the Asbestos PD Future Claimants' Representative (and his agents and professionals), shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Asbestos PD Future Claimants' Representative is liable upon such claim as a result of willful misconduct or gross negligence. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these chapter 11 cases, the Asbestos PD Future Claimants' Representative believes that he is entitled to payment for any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under an order approving this Application, including without limitation the advancement of defense costs, the Asbestos PD Future Claimants' Representative must file an application therefore in this Court, and the Debtors may not pay any such amounts to the Asbestos PD Future Claimants' Representative before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Asbestos PD Future Claimants' Representative for indemnification, contribution or reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the Asbestos PD Future Claimants' Representative. In the event that a cause of action is asserted against the Asbestos PD Future Claimants' Representative arising out of or relating to the performance of his duties as Asbestos PD Future Claimants' Representative, the Asbestos PD Future Claimants' Representative shall have the right to choose his own counsel.

e. <u>Right to Receive Notices</u>. The Asbestos PD Future Claimants' Representative and his counsel shall be entitled to receive all notices and pleadings which are served upon the official committees and their respective counsel pursuant to any and all orders entered in these chapter 11 cases, including, without limitation, (i) the Administrative Compensation Order, and (ii) any and all orders authorizing the Debtors to obtain postpetition financing.

## Notice

22. Notice of this Application has been given to: (i) the United States Trustee, (ii) counsel to the Debtors' postpetition lenders, (iii) counsel to each of the official committees, (iv) counsel to the Asbestos PI Future Claimants' Representative and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bankr. P. 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>: (a) appointing Alexander M. Sanders, Jr. to serve as the Asbestos PD Future Claimants' Representative for future asbestos-related property damage claimants and holders of demands (including future United States claimants and holders of demands alleging property damage relating to ZAI), if any, in accordance with the terms and conditions set forth herein and (b) granting the Debtors such other and further relief as the Court may deem proper.

Dated: September 24, 2008
      Wilmington, Delaware

Respectfully submitted,

KIRKLAND & ELLIS
David M. Bernick, P.C.
Theodore L. Freedman
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL JONES LLP

*[signature]* (#3648)
Laura Davis Jones (Bar No. 2436)
Jamie E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession