**EXHIBIT C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |

### VERIFIED STATEMENT OF ALEXANDER M. SANDERS, JR. PURSUANT TO BANKRUPTCY RULE 2014(A)

Pursuant to Bankruptcy Rule 2014(a), Alexander M. Sanders, Jr. submits the following verified statement:

1.   I have substantial experience in handling asbestos-related claims and issues, as well as other mass tort and product liability matters.

2.   In particular, I currently serve on the Board of Directors of Armstrong World Industries, Inc. Additionally, I serve or have served on the Board of Directors of the National Judicial College, the National Center for Courts and the Media, The Nature Conservancy, The

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Huntington Society, the American Bar Association Judicial Division, the Spoleto Festival, the National Bank of South Carolina and the South Carolina Board of Advisors on Consumer Credit.

3. I have reviewed the schedule of interested parties provided to me by the Debtors.

4. At the present time, I am not affiliated with or representing any person or entity with claims against, or any other interest in, the Debtors' estates.

5. To the best of my knowledge, I do not have any interest adverse to the Debtors or any potential future asbestos-related property damage claimants.

6. Accordingly, I do not believe that serving as the Asbestos PD Future Claimants' Representative presents a conflict of interest.

7. No agreement or understanding exists between me and any other person for the sharing of compensation received or to be received for services rendered by me in connection with this proceeding.

8. I have not received compensation in this case, nor has an agreement been made as to compensation to be paid except as set forth in the Application and as outlined below.

9. I have agreed to charge a rate of $350.00 per hour for my time spent plus reimbursement of expenses.

10. I have reviewed the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 entered by the Bankruptcy Court, and I agree to comply with the provisions thereof and with any other

orders that may be entered by the Bankruptcy Court with respect to the compensation of professionals in these cases.

[The remainder of this page has been left blank intentionally]

Dated: September 22, 2008

_____
ALEXANDER M. SANDERS, JR.

Sworn to before me this
22 day of September, 2008

_____
Notary Public

Through 1-1 2015