THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S SCHEDULING ORDER AND TO SHORTEN NOTICE PERIOD ON DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. §§ 105,524(G)(4)(B)(I) AND 1109, FOR ENTRY OF AN ORDER APPOINTING ALEXANDER M. SANDERS, JR. AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS**

The Debtors hereby move this Court pursuant to Del. Bankr. L.R. 9006-1(e), Rule 9006(c) of the Bankruptcy Rules and section 102 of the Bankruptcy Code, for leave from this Court's Scheduling Order and to shorten the notice period with respect to its *Application Of The Debtors Pursuant To 11 U.S.C. §§ 105, 524(g)(4)(B)(i) and 1109, For Entry Of An Order Appointing Alexander M. Sanders, Jr. As Legal Representative For Future Asbestos Property*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*Damage Claimants* (the "<u>Application</u>"), so that the Application may be heard at the Court's October 20, 2008 Omnibus hearing and setting the Objection Deadline on the Application for October 10, 2008. In support of this Application, the Debtors respectfully represent as follows:

1. On September 19, 2008, the Debtors, along with the Asbestos PI Committee, the Asbestos PI Future Claimants' Representative and the Equity Committee (collectively with the Debtors, the "<u>Plan Proponents</u>"), filed a joint plan of reorganization (the "<u>Plan</u>") and the Debtors' disclosure statement related thereto (Dkt. Nos. 19579, 19581).

2. The Plan provides that all holders of future property damage claims and demands, if any, (excluding Canadian ZAI property damage claimants) (the "<u>Asbestos PD Claims</u>") are in a separate class - Class 7. The Plan provides that each holder of an Asbestos PD Claim that is allowed as of the Plan's effective date pursuant to a settlement agreement, stipulation, order or other agreement shall be paid the allowed amount of such claim in cash, in full, pursuant to the terms of the respective settlement agreement, stipulation, order or other agreement by an asbestos property damage trust ("<u>Asbestos PD Trust</u>") that will be created pursuant to section 524(g) of the Bankruptcy Code. The Plan also provides that each holder of an Asbestos PD Claim that is unresolved prior to the Plan's effective date shall be allowed, if at all, pursuant to a case management order entered by the Court which will set forth procedures for determining the allowance or disallowance of the unresolved claims. The Plan explicitly provides for the entry of a channeling injunction pursuant to section 524(g) of the Bankruptcy Code to implement the treatment of Asbestos PD Claims set forth in the Plan. As a result, the Plan specifies that the sole recourse of a holder of an Asbestos PD Claim or a future demand (if any) shall be to the Asbestos PD Trust.

2

3. Section 524(g) contemplates that if a channeling injunction is to be issued in connection with a discharge that seeks to channel future asbestos-related claims and demands to a section 524(g) trust that a legal representative be appointed for the purpose of protecting the rights of persons who might subsequently assert such asbestos-related claims or demands. *See* 11 U.S.C. § 524(g)(4)(B)(i) and 524(g)(5).

4. Accordingly, the Debtors now seek the appointment of an Asbestos PD Future Claimants' Representative to represent such future asbestos-related property damage claimants and holders of demands (if any) through the Application.

5. The Debtors believe that it is critical to have the Application heard at the Court's October 20, 2008 hearing because the approval of the Application is a necessary step toward the eventual confirmation of the Plan. Furthermore, the Debtors believe that it is important to have the legal representative for the future Asbestos PD Claims in place prior to the disclosure statement hearing on October 27, 2008.

6. Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Similarly, Del.Bankr.LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion specifying the exigencies justifying shortened notice."

7. Accordingly, the Debtors file this motion seeking an Order of this Court for leave of the Scheduling Order and shortening the notice period prescribed by Del. Bankr. LR 9006-1(c) to enable the Debtors to have the Application heard at the Court's October 20, 2008 hearing.

3

The Debtors also respectfully request that the Court establish October 10, 2008 as the deadline to object to the Application.

8. Given the nature of the relief requested, the Debtors respectfully submit that the limited notice described above is appropriate, as is leave from the Scheduling Order.

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Debtors leave from the Scheduling Order, (ii) shortening the notice period with respect to the Application, (iii) setting the Objection deadline on the Application for October 10, 2008 and (iv) setting the Application, if such a hearing is necessary, for October 20, 2008.

Dated:  September 24, 2008

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, IL  60601
312/861-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400

Co-Counsel for the Debtors and Debtors in Possession

91100-001\DOCS_DE:140844.1