IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors | ) | |
| | | **Re: Docket No. 19588** |

## AMENDED NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON SEPTEMBER 29, 2008, AT 10:00 A.M. BEFORE THE HONORABLE JUDITH K. FITZGERALD IN WILMINGTON, DELAWARE

PARTIES WISHING TO PARTICIPATE TELEPHONICALLY MUST MAKE ARRANGEMENTS THROUGH COURTCALL BY TELEPHONE (866-582-6878) OR FACSIMILE (866-533-2946), NO LATER THAN NOON ON THURSDAY, SEPTEMBER 25, 2008 AND OTHERWISE COMPLY WITH THE *AMENDED ORDER ESTABLISHING CASE MANAGEMENT PROCEDURES AND HEARING SCHEDULE* [DOCKET NO. 7709]

## CONTINUED MATTERS

1. Debtors' Objection to Claim Filed By Massachusetts Department of Revenue [Filed: 1/28/08] (Docket No. 17905)

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Related Documents:

a.  [Signed] Order Regarding Relief Sought in Debtors' Objection to Claim Filed By Massachusetts Department of Revenue [Filed: 9/2/08] (Docket No. 19435)

Response Deadline: April 13, 2007, at 4:00 p.m.

Responses Received:

a.  Response in Opposition By Commissioner of Massachusetts Department of Revenue to Debtors' Objection to the Claim Filed By Massachusetts Department of Revenue [Filed: 4/13/07] (Docket No. 15170)

Status: This matter is continued to October 20, 2008, at 1:00 p.m.

## QUARTERLY FEE APPLICATIONS

2.  Twenty-Eighth Quarterly Interim Applications of Counsel to the Debtors, the Statutory Committees, and the Future Claimants' Representative for Compensation for Services Rendered and Reimbursement of Expenses for the Period January 1, 2008 through March 31, 2008.

    Related Documents:

    a.  Certification of Counsel Regarding Twenty-Eighth Quarter Project Category Summary **[Filed: 9/25/08] (Docket No. 19618)**

    b.  Certification of Counsel Regarding Order Approving Quarterly Fee Applications for the Twenty-Eighth Period **[Filed: 9/25/08] (Docket No. 19619)**

    Status: This matter will go forward.

## UNCONTESTED MATTERS

3.  Motion of Debtors for Entry of an Order Approving Settlement Agreement with the Town of Acton Resolving Tax Abatement Petitions and Addressing Sewer Betterment Assessments [Filed: 8/25/08] (Docket No. 19371)

    Related Documents:

    a.  [Proposed] Order Approving Settlement Agreement with the Town of Acton Resolving Tax Abatement Petitions and Addressing Sewer Betterment Assessments [Filed: 8/25/08] (Docket No. 19371, Exhibit B)

    b.  Certification of No Objection Regarding Motion of Debtors for Entry of an Order Approving Settlement Agreement with the Town of Acton Resolving Tax Abatement Petitions and Addressing Sewer Betterment Assessments [Filed: 9/22/08] (Docket No. 19585)

    Response Deadline: September 12, 2008, at 4:00 p.m.

Responses Received: None as of the date of this Notice of Agenda.

Status: No parties have objected to the relief requested in the Motion. Accordingly, the Debtors have filed a certificate of no objection and respectfully request the entry of the order attached to the Motion.

4.     Motion for an Order Authorizing the Debtors to Acquire Limited Liability Company Interest in GR 2008 LLC [Filed: 8/25/08] (Docket No. 19373)

    Related Documents:

    a.     [Proposed] Order Authorizing the Debtors to Acquire Limited Liability Company Interest in GR 2008 LLC [Filed: 8/25/08] (Docket No. 19373)

    b.     Notice of Amended Exhibit A to Motion for an Order Authorizing the Debtors to Acquire Limited Liability Company Interest in GR 2008 LLC [Filed: 9/16/08] (Docket No. 19543)

    c.     Certification of No Objection Regarding Motion for an Order Authorizing the Debtors to Acquire Limited Liability Company Interest in GR 2008 LLC [Filed: 9/22/08] (Docket No. 19587)

    Response Deadline: September 12, 2008, at 4:00 p.m.

    Responses Received: None as of the date of this Notice of Agenda.

    Status: No parties have objected to the relief requested in the Motion. Accordingly, the Debtors have filed a certificate of no objection and respectfully request the entry of the order attached to the Motion.

**CLAIM OBJECTIONS**

5.     Amended Debtors' Twenty-Fifth Omnibus Objection to Claims (Substantive and Non-Substantive) [Filed: 8/26/08] (Docket No. 19378)

    Related Documents:

    a.     Debtors' Twenty-Fifth Omnibus Objection to Claims (Substantive and Non-Substantive) [Filed: 8/25/08] (Docket No. 19369)

    b.     [Proposed] Order Granting Relief Sought in Debtors' Twenty-Fifth Omnibus Objection to Claims (Substantive and Non-Substantive) [Filed: 8/26/08] (Docket No. 19378)

    c.     [Signed] Order Approving Stipulation Resolving Claim of Natural Resources and Environmental Protection Cabinet, Commonwealth of Kentucky (Claim No. 7046) [Filed: 9/19/08] (Docket No. 19565)

    d.     [Signed] Order Approving Stipulation Resolving Claim of the Internal Revenue Service (Claim No. 813) [Filed: 9/19/08] (Docket No. 19566)

Response Deadline: September 12, 2008, at 4:00 p.m. *(extended until September 26, 2008 for A/N)*

Responses Received:

a. Response of Seaton Insurance Company to Debtors' Amended Twenty-Fifth Omnibus Objection to Claims (Substantive and Non-Substantive) [Filed: 9/4/08] (Docket No. 19461)

b. Response By New York State Department of Taxation and Finance to Debtors' Twenty Fifth Omnibus Objection to Claims [Filed: 9/5/08] (Docket No. 19469)

c. Response of Commonwealth of Pennsylvania, Department of Revenue to Debtor's Twenty-Fifth Omnibus Objection to Claims [Filed: 9/11/08] (Docket No. 19523)

d. Missouri Department of Revenue's Response to Debtors' Twenty-Fifth Omnibus Objection to Claims [Filed: 9/11/08] (Docket No. 19524)

e. Indiana Department of Revenue's (IDR) Response to Objection to Claim [Filed: 9/17/08] (Docket No. 19554)

f. Creditor Gloria Munoz's Response to Debtors' Twenty-Fifth Omnibus Objection to Claims (Substantive and Non-Substantive) and Memorandum in Support of Thereof [Filed: 9/17/08] (Docket No. 19557)

Status: This matter will go forward with respect to uncontested claim objections only and will be continued with respect to all responding claimants and claim numbers 603, 1641, 3344, 9123, 12943, 12944 and 14037.

6. Debtors' Twenty-Sixth Omnibus Objection to Claims (Substantive and Non-Substantive) [Filed: 8/25/08] (Docket No. 19370)

Related Documents:

a. [Proposed] Order Granting Relief Sought in Debtors' Twenty-Sixth Omnibus Objection to Claims (Substantive) [Filed: 8/25/08] (Docket No. 19370)

b. **Certification of No Objection Regarding Debtors' Twenty-Sixth Omnibus Objection to Claims (Substantive and Non-Substantive) [Filed: 9/26/08] (Docket No. 19627)**

Response Deadline: September 12, 2008, at 4:00 p.m.

Responses Received: None as of the date of this Notice of Agenda.

**Status: No parties have objected to the relief requested in the Claim Objection. Accordingly, the Debtors have filed a certificate of no objection and respectfully request the entry of the order attached to the Claim Objection.**

## CONTESTED MATTERS (Status Conferences)

7. Motion of The Scotts Company Pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024 for Relief to the Extent Necessary from the Modified Preliminary Injunction Order Dated January 22, 2002 and/or the Automatic Stay [Filed: 11/15/04] (Docket No. 323) *W. R. Grace & Co., et al. v. Margaret Chakarian, et al. and John Does 1 - 1000 [Adv. Pro. No. 01-771]*.

    Response Deadline: December 15, 2004 at 4:00 p.m.

    Responses Received:

    a. Objection of Maryland Casualty Company to Motion of the Scotts Company Pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024 for Relief to the Extent Necessary from the Modified Preliminary Injunction Order Dated January 22, 2002 and/or the Automatic Stay [Filed: 2/11/05] (Adv. Pro. No. 01-771, Docket No. 355)

    b. Response of One Beacon America Insurance Company and Seaton Insurance Company to the Motion of the Scotts Company Pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024 for Relief to the Extent Necessary From the Modified Preliminary Injunction Order Dated January 22, 2002 and/or the Automatic Stay [Filed: 2/11/05] (Adv. Pro. No. 04-55083, Docket No. 14)

    c. Objection of Continental Casualty Company and Boston Old Colony Insurance Company to the Scotts Company's Motion Seeking Relief From the Automatic Stay and the Modified Preliminary Junction Order Dated January 22, 2002 [Filed: 2/18/05] (Adv. Pro. No. 01-771, Docket No. 356)

    Status: A status conference will go forward on this matter.

8. Motion of the City of Charleston, South Carolina for Relief from the Automatic Stay [Filed: 12/21/08] (Docket No. 17685)

    Related Documents:

    a. [Proposed] Order Granting Motion of City of Charleston, South Carolina for Relief From the Automatic Stay [Filed: 12/21/07] (Docket No. 17685)

    Response Deadline: January 11, 2008, at 4:00 p.m.

    Responses Received:

    a. Debtors' Objection to the Motion of the City of Charleston, South Carolina for Relief From the Automatic Stay [Filed: 1/11/08] (Docket No. 17807)

    Status: A status conference will go forward on this matter.

**MATTERS RELATING TO ASBESTOS PD CLAIMS**

9. Status Report on Asbestos Property Damage Claims and Mediation

   Related Documents:

   a. Settlement Judge's Report [Filed: 5/23/08] (Docket No. 18779)

   b. **Certification of Counsel for Claimant State of California, Department of General Services Regarding the Status Conference on Property Damage Claims (Item 9 on Notice of Agenda for the September 29, 2008 Hearing) [Filed: 9/25/08] (Docket No. 19617)**

   Status: A status conference will go forward on this matter.

10. Amended Motion of Debtors for Entry of an Order Authorizing the Settlement of an Asbestos Property Damage Claim Filed By Jameson Memorial Hospital Represented By Speights & Runyan [Filed: 8/25/08] (Docket No. 19372)

    Related Documents:

    a. Motion of Debtors for Entry of an Order Authorizing the Settlement of an Asbestos Property Damage Claim Filed By Jameson memorial Hospital Represented By Speights & Runyan [Filed: 8/19/08] (Docket No. 19341)

    b. [Proposed] Order Authorizing the Settlement of an Asbestos Property Damage Claim Filed By Jameson Memorial Hospital Represented By Speights & Runyan [Filed: 8/19/08] (Docket No. 19372, Exhibit B)

    c. Certification of No Objection Regarding Amended Motion of Debtors for Entry of an Order Authorizing the Settlement of an Asbestos Property Damage Claim Filed By Jameson Memorial Hospital Represented By Speights & Runyan [Filed: 9/22/08] (Docket No. 19586)

    Response Deadline: September 12, 2008, at 4:00 p.m.

    Responses Received: None as of the date of this Notice of Agenda.

    Status: No parties have objected to the relief requested in the Motion. Accordingly, the Debtors have filed a certificate of no objection and respectfully request the entry of the order attached to the Motion.

**CREDIT AGREEMENT TRIAL**

11. Debtors' Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 6/13/08] (Docket No. 18922)

    Related Documents:

    a. The Official Committee of Equity Holders' Joinder to Debtors' Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 7/3/08] (Docket No. 19051)

b.  [Signed] Order Regarding Debtors' Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 8/29/08] (Docket No. 19417)

c.  [Signed] Order Approving Confidentiality Stipulation [Filed: 9/3/08] (Docket No. 19445)

d.  **[Signed] Order Limiting Argument Time [Filed: 9/25/08] (Docket No. 19616)**

Response Deadline: July 3, 2008, at 4:00 p.m. *(extended until July 11, 2008 for Ad Hoc Committee, Agent for the Lenders and the Official Committee of Unsecured Creditors)*

Responses Received:

a.  Response of the Official Committee of Unsecured Creditors to Debtors' Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 7/11/08] (Docket No. 19072)

b.  Response of the Bank Lender Group in Opposition to the Debtors' Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 7/11/08] (Docket No. 19073)

c.  Joinder of JP Morgan Chase Bank, N.A. in the Response of the Bank Lender Group in Opposition to the Debtors' Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 7/11/08] (Docket No. 19074)

Declarations in Support of Debtors' Objection:

a.  Declaration of Robert M. Tarola in Support of Debtors' Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 8/15/08] (Docket No. 19323)

b.  Declaration of Mark A. Shelnitz in Support of Debtors' Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 8/15/08] (Docket No. 19324)

c.  Declaration of Pamela D. Zilly in Support in Support of Debtors' Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 8/15/08] (Docket No. 19325)

Declaration/Affidavit in Support of Opposition:

a.  Affidavit of Charles O. Freedgood of JPMorgan Chase Bank, N.A., in its Capacity as Administrative Agent Under the Pre-Petition Bank Credit Facilities, in Support of the Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 8/15/08] (Docket No. 19322)

b.  Declaration of Edwin N. Ordway, Jr. in Support of the Response of the Official Committee of Unsecured Creditors' Objection to Debtors' Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 8/15/08] (Docket No. 19321)

Debtors' Trial Briefing:

a. Debtors' Trial Brief in Support of Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/5/08] (Docket No. 19476)

Opposition Trial Briefing:

a. Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors' Objection to Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/6/08] (Docket No. 19478)

   i. Compendium of Exhibits to Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors' Objection to Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 (Exhibit 1) [Filed: 9/6/08] (Docket No. 19479)

   ii. Exhibits 2 Through 8 of the Compendium of Exhibits to Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors' Objection to Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/6/08] (Docket No. 19480)

   iii. Exhibit 9 of the Compendium of Exhibits to Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors' Objection to Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/6/08] (Docket No. 19481)

   iv. Exhibits 10 Through 15 of the Compendium of Exhibits to Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors' Objection to Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/6/08] (Docket No. 19482)

   v. Exhibits 16 Through 19 of the Compendium of Exhibits to Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors' Objection to Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/6/08] (Docket No. 19483)

   vi. Exhibits 20 Through 22 of the Compendium of Exhibits to Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors' Objection to Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/6/08] (Docket No. 19484)

   vii. Exhibit 23 of the Compendium of Exhibits to Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors' Objection to Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/6/08] (Docket No. 19487)

b.  Motion for Leave to Exceed the Page Limit Requirement for Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors' Objection to Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/6/08] (Docket No. 19486)

   i.  [Proposed] Order Approving Motion for Leave to Exceed the Page Limit Requirement for Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors' Objection to Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/6/08] (Docket No. 19486)

c.  Joinder of the Official Committee of Unsecured Creditors in the Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors' Objection to Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/5/08] (Docket No. 19477)

d.  Joinder of JPMorgan Chase Bank, N.A. in the Pre-Trial Memorandum of the Bank Lender Group in Opposition to the Debtors' Objection to Claims Asserted Under the Debtors' Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/6/08] (Docket No. 19485)

Additional Briefing:

a.  Bank Lender Group's Sur-Reply to Debtors' Trial Brief in Support of Objection [Filed: 9/15/08] (Docket No. 19538)

   (i)  Bank Lender Group's Motion for Leave to File a Sur-Reply to Debtors' Trial Brief in Support of Objection [Filed: 9/15/08] (Docket No. 19539)

   (ii) **[Signed] Order Granting Bank Lender Group's Motion for Leave to File a Sur-Reply to Debtors' Trial Brief in Support of Objection [Filed: 9/24/08] (Docket No. 19601)**

b.  Debtors' Motion to Strike the Bank Lender Group's Sur-Reply or, in the Alternative, Motion for Leave to File Sur-Reply in Support of Debtors' Objection to the Unsecured Claims Asserted Under the Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/19/08] (Docket No. 19574)

   (i)  [Proposed] Order (I) Granting Debtors' Motion to Strike Bank Lender Group's Sur-Reply; or in the Alternative (II) Granting Debtors' Motion for Leave to File Sur-Reply in Support of Debtors' Objection to the Unsecured Claims Asserted Under the Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/19/08] (Docket No. 19574)

   (ii) **[Signed] Modified Order Granting Debtors' Motion for Leave to File Sur-Reply in Support of Debtors' Objection to the Unsecured Claims Asserted Under the Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/24/08] (Docket No. 19602)**

c.  **Debtors' Motion to Strike the Bank Lender Group's Sur-Reply or, in the Alternative, Motion for Leave to File Debtors' Sur-Reply in Support of Debtors' Objection to the Unsecured Claims Asserted Under the Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/25/08] (Docket No. 19609)**

    d.    [Corrected] Debtors' Motion to Strike the Bank Lender Group's Sur-Reply or, in the Alternative, Motion for Leave to File Debtors' Sur-Reply in Support of Debtors' Objection to the Unsecured Claims Asserted Under the Credit Agreements Dated as of May 14, 1998 and May 5, 1999 [Filed: 9/25/08] (Docket No. 19622)

Status: This matter will go forward.

Dated: September 26, 2008

    KIRKLAND & ELLIS LLP
    David M. Bernick, P.C.
    Janet S. Baer
    200 East Randolph Drive
    Chicago, IL 60601
    Telephone: (312) 861-2000
    Facsimile: (312) 861-2200

    -and-

    PACHULSKI STANG ZIEHL & JONES LLP

    /s/ Laura Davis Jones

    Laura Davis Jones (Bar No. 2436)
    James E. O'Neill (Bar No. 4042)
    Kathleen P. Makowski (Bar No. 3648)
    Timothy P. Cairns (Bar No. 4228)
    919 North Market Street, 17th Floor
    Wilmington, DE 19801
    Telephone: (302) 652-4100
    Facsimile: (302) 652-4400

    Co-Counsel for the Debtors and Debtors in Possession