IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | Re: Docket No. [19630] |
| | ) | [_____] Agenda Item [_____] |
| | ) | |
| | ) | |

**ORDER APPROVING DISCLOSURE STATEMENT,
SOLICITATION AND CONFIRMATION PROCEDURES,
CONFIRMATION SCHEDULE AND RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors seeking entry of an order (i) approving the Debtors' Disclosure Statement (the "Disclosure Statement") for the *Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co, et al.*, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of September

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Motion.

*19, 2008* (as it may be amended and including all exhibits and supplements thereto, the "Plan") and notice of the Disclosure Statement Hearing, (ii) approving Voting Procedures with respect to solicitation and tabulation of votes on the Plan, (iii) approving the forms of Ballots and Master Ballots, (iv) approving the form of Non-Voting Class Notice, (v) approving the Confirmation Hearing Notice and (vi) establishing certain dates and deadlines in relation to confirmation of the Plan; and the Court having held a hearing on the Motion and the adequacy of the Disclosure Statement (the "Hearing") and having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein:

THE COURT HEREBY FINDS THAT:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Adequate notice of the Motion and the Hearing, made in the manner described in the Motion, including the form of the Disclosure Statement Hearing Notice annexed to the Motion, was sufficient and appropriate under the circumstances and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

D. The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

E. The Disclosure Statement complies with Bankruptcy Rule 3016 and describes in specific and conspicuous language all acts to be enjoined by, and identifies the

entities subject to, all Plan injunctions against conduct not otherwise enjoined under the Bankruptcy Code.

F.  The Voting Procedures attached hereto as <u>Exhibit A</u> (the "Voting Procedures") provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the Bankruptcy Rules.

G.  The Ballots and Master Ballots attached hereto collectively as <u>Exhibit B</u> are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these chapter 11 cases, and are appropriate for each class of claims and interests entitled under the Plan to vote to accept or reject the Plan.

H.  Ballots need not be provided to claims in classes that are designated as unimpaired under the Plan or to parties that are not entitled to vote on the Plan. The form of Notice of Non-Voting Class Status attached hereto as <u>Exhibit C</u> is adequate and sufficient notice to be sent to Holders of Claims in unimpaired classes who are not entitled to vote on the Plan.

I.  Pursuant to Bankruptcy Rule 3017(d), sufficient cause exists to set the Record Date at a date other than the date the order approving the Disclosure Statement is entered.

J.  In accordance with Bankruptcy Rule 3017(e), the procedures set forth in the Voting Procedures for transmitting Solicitation Packages to beneficial holders of stock of the Debtors are adequate.

K.  The contents of the Solicitation Packages, as set forth in the Voting Procedures, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

L. The combination of direct and published notice of the Plan and Confirmation Hearing, as set forth in both the Motion and the Voting Procedures, and the form of the Confirmation Hearing Notice attached hereto as <u>Exhibit D</u> are adequate and sufficient and satisfy the requirements of due process with respect to all known and unknown creditors of the Debtors.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Disclosure Statement is APPROVED.

*Confirmation Hearing:*

3. A hearing (the "Confirmation Hearing") to consider confirmation of the Plan will commence on the [_____], 2009, at [_]:[_] a.m., prevailing Eastern time, before the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, at the United States Bankruptcy Court, Western District of Pennsylvania, 5414 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.

4. The Confirmation Hearing may be continued from time to time by announcing such continuance in open court and providing written notice to parties that have filed Voting Motions or objections to confirmation of the Plan.

*Plan Objection Deadline:*

5. The deadline to file objections to confirmation of the Plan (the "Plan Objection Deadline") is 4:00 p.m., prevailing Eastern time on [_____], 2008.

6. All objections to confirmation of the Plan must be served in a manner so that they are <u>actually received</u> on or before 4:00 p.m., prevailing Eastern time, on the Plan Objection Deadline by (a) counsel to the Debtors, (b) counsel to each of the statutory committees appointed in these chapter 11 cases, (c) counsel to each of the future claimants' representatives

appointed in these chapter 11 cases, (d) counsel to Sealed Air Corporation and Cryovac, Inc., (e) counsel to Fresenius, and (f) the United States Trustee (collectively, the "Notice Parties"). The addresses for service upon the Notice Parties are included in Section 11.11 of the Plan, except for the United States Trustee, which shall be served at the following address:

> **Office of the United States Trustee**
> Attn: David Klauder, Esq.
> 844 King Street, Suite 2313
> Wilmington, Delaware 19801

7. All objections to the Plan shall (a) state with particularity the legal and factual grounds for such objection, (b) provide, where applicable, the specific text, if any, that the objecting party believes to be appropriate to insert into the Plan, and (c) describe the nature and amount of the objector's Claim or Equity Interest.

8. Objections not timely filed and served in accordance with the provisions of this Confirmation Procedures Order shall not be heard and shall be overruled.

9. The Debtors and the Plan Proponents are authorized to file an omnibus reply (the "Omnibus Reply Brief in Support of Confirmation") to any timely filed objection(s) and/or supplemental brief in support of confirmation on or before the date which is seven (7) calendar days before the Confirmation Hearing, which shall be served by electronic or facsimile transmission or overnight mail on the same date upon the relevant objecting parties and the Notice Parties.

10. The Debtors are authorized to file the Plan Supplement described in the Plan on or before the date which is ten (10) calendar days before the Confirmation Hearing, and shall serve the Plan Supplement on the Notice Parties.

*Voting Deadline*:

11. All Ballots or Master Ballots accepting or rejecting the Plan must be received by BMC Group, Inc. (the "Voting Agent") by 4:00 p.m., prevailing Eastern time, no later than _____, 2008 (the "Voting Deadline"), at the following address:

| **By U.S. Mail:** | **By Courier:** |
|---|---|
| BMC Group, Inc.<br>Attn: W. R. Grace Voting Agent<br>P.O. Box 2007<br>Chanhassen, MN 55317-2007 | BMC Group, Inc.<br>Attn: W. R. Grace Voting Agent<br>17850 Lake Drive East<br>Chanhassen, MN 55317 |

*Form and Manner of Confirmation Hearing and Solicitation Packages Notice:*

12. The Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit D, is hereby approved. The Debtors shall mail the Confirmation Hearing Notice on or before a date that is not less than 25 calendar days before the Plan Objection Deadline on the parties described in the Motion.

13. Not less than 25 calendar days before the Plan Objection Deadline, the Debtors shall publish the Confirmation Hearing Notice (as may be reasonably modified to accommodate publication size limitations) once in each of the following publications (a) the weekday edition of the national editions of *USA Today, The Wall Street Journal* and *The New York Times*, (b) Andrews's Asbestos Litigation Reporter and Mealey's Litigation Report: Asbestos, (c) the Sunday newspaper supplements *Parade* magazine and *USA Weekend* magazine, (d) *Newsweek, TV Guide, Sports Illustrated* and *U.S. News and World Report* and (e) appropriate Canadian publications consistent with the Debtors' previous noticing programs in Canada (or comparable publications, as determined by the Debtors' notice consultant).

*Voting Record Date:*

14. Pursuant to Bankruptcy Rules 3017(d) and 3018(a), the record date for purposes of determining which creditors are entitled to vote on the Plan shall be the date which is two (2) business days following the date on which this Court enters this Order approving the Disclosure Statement (the "Voting Record Date"). The Debtors shall specify the Voting Record Date in the Confirmation Hearing Notice. Only Holders of Claims and Equity Interests as of the Voting Record Date shall be entitled to vote to accept or reject the Plan.

15. With respect to a Claim transferred after the applicable proof of claim has been filed, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of such Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(c) have been completed by the Voting Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

*Voting Procedures:*

16. The Voting Procedures attached hereto as <u>Exhibit A</u> are APPROVED, including the special procedures relating to the solicitation and tabulation of Asbestos PI Claims.

17. Not more than fifteen (15) calendar days after the date on which this Court enters this Confirmation Procedures Order (the "Solicitation Date"), the Debtors shall mail the Solicitation Packages, which shall consist of copies of: (i) the Confirmation Hearing Notice; (ii) this Confirmation Procedures Order without exhibits; (iii) the Disclosure Statement, (iv) the Exhibit Book (with the Plan attached as an Exhibit therein); (v) the Voting Procedures; (vi) one or more applicable Ballots and/or Master Ballots, together with voting instructions and information relative to the return of the Ballots or Master Ballots; and (vii) pre-addressed return

envelopes, to the parties entitled to vote on the Plan pursuant to the Voting Procedures. The Debtors shall also cause the Plan, Disclosure Statement, Confirmation Hearing Notice, Exhibit Book and this Confirmation Procedures Order (with all exhibits) to be posted on their website at www.grace.com and the website maintained by the Voting Agent at www.bmcgroup.com/wrgrace.

18. To avoid duplication and reduce expenses, Claimants who have more than one Claim shall receive only one Solicitation Package, but shall receive one Ballot for each different Claim. Each Claim held by a particular creditor as a result of such Claim having been transferred to such creditor by another creditor (or former creditor), either before or after the Petition Date, constitutes a separate Claim.

19. If a Claimant has filed proofs of claim against more than one Debtor for the same debt obligation, the Claimant shall receive only a single Ballot with respect to that obligation and the corresponding vote shall count as a single vote, whether or not the Claimant submits multiple Ballots. Ballots solicited and tabulated pursuant to this paragraph may be used to confirm the Plan only if the Court orders limited substantive consolidation of the Debtors' estates as the Plan requests.

20. On or before the Solicitation Distribution Date, the Debtors shall mail or cause to be mailed copies of this Confirmation Procedures Order (without exhibits), the Confirmation Hearing Notice, together with the Notice of Non-Voting Class Status, to all Holders of Claims or Equity Interests in Classes which are not entitled to vote to accept or reject the Plan.

21. On or before the Solicitation Distribution Date, the Debtors shall mail or cause to be mailed copies of this Confirmation Procedures Order (without exhibits) and the

Confirmation Hearing Notice to all parties requesting notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 who are not otherwise Holders of Claims or Interests in Classes that are entitled to vote to accept or reject the Plan.

22. The Debtors are excused from re-mailing Solicitation Packages or Notices, as the case may be, to those entities whose addresses differ from the addresses in the claims register or the Debtors' records as of the Voting Record Date, or whose Solicitation Packages or Confirmation Hearing Notices are returned for any other reason not the fault of the Debtors.

*Form of Ballots and Notice of Non-Voting Class Status*:

23. The Ballots and Master Ballots, substantially in the forms collectively attached to this Confirmation Procedures Order as Exhibit B, are hereby APPROVED.

24. All votes to accept or reject the Plan must be cast by using the appropriate Ballot and Master Ballot.

25. The Notice of Non-Voting Class Status, substantially in the form attached to this Confirmation Procedures Order as Exhibit C, is hereby APPROVED.

*Voting Motions:*

26. Any holder of a Claim that seeks to challenge the amount of its Claim for voting purposes may file a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting (a "Voting Motion"). A Voting Motion must be filed on or before the twentieth (20) day before the Voting Deadline, and must be accompanied by a declaration by an appropriate representative of a moving party (i) indicating how such party intends to vote on the Plan and (ii) certifying the proposed amount and classification of the applicable Claim. As to any Holder of a Claim filing a Voting Motion, such Holder's vote shall not be counted other than as already provided in the Voting Procedures

unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing.

27. The Debtors are authorized to correct and to otherwise make non-substantive changes to the Voting Procedures, Ballots, Master Ballots and other notices approved by this Confirmation Procedures Order without further order of the Court before they are mailed to parties in interest, including changes to correct typographical, grammatical and/or formatting errors or omissions and to conform the Voting Procedures, Ballots, Master Ballots and other notices to any modifications to the Plan and/or Disclosure Statement.

28. The Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

29. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Confirmation Procedures Order.

Dated: October 1, 2008

Judith K. Fitzgerald
———————————————
Honorable Judith K. Fitzgerald
SAJ