**Exhibit F**

**Confirmation Hearing Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO., et al.**[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |

## NOTICE OF CONFIRMATION HEARING PURSUANT TO SECTION 1125 OF THE UNITED STATES BANKRUPTCY CODE FOR THE JOINT PLAN OF REORGANIZATION OF W.R. GRACE & CO., ET AL.

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. On September 19, 2008, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of September 19, 2008* (as it may further be amended or supplemented, the "Plan") and (ii) the Disclosure Statement, pursuant to section 1125 of the Bankruptcy Code, for the Plan (as amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement").[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

2. On [   ], 2008, after notice and a hearing, pursuant to section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Disclosure Statement Order") (a) approving the Disclosure Statement as providing adequate information for Holders of Claims and Equity Interests to make a decision as to whether to accept or reject the Plan, (b) approving certain procedures (the "Voting Procedures") for the Debtors to solicit and tabulate votes to accept or reject the Plan and (c) scheduling certain dates in connection with Plan confirmation.

3. Pursuant to the Disclosure Statement Order, the Bankruptcy Court established the deadline by which votes to accept or reject the Plan must be <u>actually received</u> by BMC Group, Inc. (the "Voting Agent") as [   ], 2008 at [   ] [ ].m. (prevailing Eastern time) (the "Voting Deadline").

4. A hearing (the "Confirmation Hearing") will be held before the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of Pennsylvania, 5414 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219 on [   ] at [   ] [ ].m. (prevailing Eastern time), to consider the entry of an order, among other things, confirming the Plan under section 1129 of the Bankruptcy Code.

5. **The Plan proposes injunctions under sections 524(g) and 105 of the Bankruptcy Code, applicable to all persons and entities, that result in the permanent channeling of (a) all Asbestos PI Claims against the Debtors and various other entities (including the Asbestos Protected Parties) to an Asbestos PI Trust, (b) all Asbestos PD Claims against the Debtors and various other entities (including the Asbestos Protected Parties) to an Asbestos PD Trust and (c) all CDN ZAI PD Claims against the Debtors and various other entities (including the Asbestos Protected Parties) to the CDN ZAI PD Claims Fund, all as more specifically described in the Plan. The Plan also proposes an injunction applicable to all persons and entities that enjoins all Successor Claims against the Asbestos Protected Parties based on or arising from, in whole or in part, directly or indirectly, the Cryovac Transaction or the Fresenius Transaction, as more specifically described in the Plan. These injunctions provide the Debtors and the other identified parties in the Plan with a release from further liability on account of the claims covered by the particular injunctions. You should read the Plan and the Disclosure Statement for a more complete discussion of how such injunctions will operate and affect your rights.**

6. In accordance with the Disclosure Statement Order and the Voting Procedures Order, certain materials (the "Solicitation Package"), including a copy of the Disclosure Statement and Plan, have been provided with this Notice for Holders of Claims and Equity Interests in impaired classes under the Plan and for Holders of Claims in Class 7 under the Plan.[3] The Plan, Disclosure Statement and related documents are also available via the internet on the Debtors' website at www.wrgrace.com and on Voting Agent's website at

---

[3] Contents of the Solicitation Package are described in the Voting Procedures Motion.

www.bmcgroup.com/wrgrace. If you did not receive a Solicitation Package, but wish to receive one, you should send a written request by U.S. Mail to BMC Group, Inc., Attn: W. R. Grace Voting Agent, P.O. Box 913, El Segundo, CA 90245-0913. Creditors and Equity Interest Holders who are entitled to vote on the Plan should receive ballots and instructions for voting in their Solicitation Package. Creditors who are Holders of Claims that are not entitled to vote on the Plan should receive only this Notice.

7. If a Holder a Claim is not entitled to vote under the Voting Procedures or disagrees with the amount of its claim for voting purposes, such Holder may file a motion with the Bankruptcy Court, pursuant to Bankruptcy Rule 3018(a) and the Voting Procedures, requesting temporary allowance of such claim in an amount which the Bankruptcy Court deems proper solely for the purpose of casting a vote to accept or reject the Plan (a "Voting Motion"). **All Voting Motions must be filed and served in accordance with the Voting Procedures by the date that is 20 days before the Voting Deadline.** If counsel has filed a Voting Motion, it shall submit a copy of the motion along with a completed Ballot to the Voting Agent. The Ballot will be counted in an amount other than as provided in the Voting Procedures only if the Voting Motion is granted and in the amount ordered by the Bankruptcy Court.

8. To be counted, a Ballot (or Master ballot) to accept or reject the Plan must be actually received by the Voting Agent by the Voting Deadline as follows:

| **By U.S. Mail:** | **By Courier:** |
|---|---|
| BMC Group, Inc. | BMC Group, Inc. |
| Attn: W. R. Grace Voting Agent | Attn: W. R. Grace Voting Agent |
| P.O. Box 2007 | 17850 Lake Drive East |
| Chanhassen, MN 55317-2007 | Chanhassen, MN 55317 |

**The Voting Deadline is [        ], 2008.**

9. Responses and objections, if any, to the confirmation of the Plan or any other of the relief sought by the Debtors in connection with confirmation of the Plan, must: (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection to the Plan and, if practicable, proposed modification to the Plan that would resolve such objection; (iv) conform to the Bankruptcy Rules and the Local Rules; and (v) be filed, together with proof of service, with the Bankruptcy Court and served in a manner so as to be received by [              ], 2008 at 4:00 p.m. (prevailing Eastern Time), on (a) counsel to the Debtors, (b) counsel to each of the statutory committees appointed in these chapter 11 cases, (c) counsel to each of the future claimants' representatives appointed in these chapter 11 cases, (d) counsel to Sealed Air Corporation and Cryovac, Inc., (e) counsel to Fresenius, and (f) the United States Trustee, whose addresses are set forth in Section 11.11 of the Plan, except for the United States Trustee, who shall be served at: Office of the United States Trustee, Attn: David Klauder, Esq., 844 King Street, Suite 2313, Wilmington, Delaware 19801.

3

Exhibit F

**ANY OBJECTION TO THE CONFIRMATION OF THE PLAN THAT IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN SHALL NOT BE CONSIDERED.**

10. The Confirmation Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by an announcement in the Bankruptcy Court of such adjournment at the Confirmation Hearing or any continued hearing.

Dated: _____, 2008

**KIRKLAND & ELLIS LLP**
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

--and--

**KIRKLAND & ELLIS LLP**
Theodore L. Freedman
Deanna D. Boll
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800

--and--

**PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB, PC**

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession