# EXHIBIT A

# SETTLEMENT AGREEMENT

# EXHIBIT A

# AGREEMENT

This Agreement (the "Agreement") is made on this 14th day of July, 2008, by, between and among the following parties on behalf of themselves and their respective successors and assigns:

- The Town of Acton (the "Town" or "Acton"), a Massachusetts municipal corporation, having its principal office at Town Hall, 472 Main Street, Acton MA 01720, "), acting by and through its Town Manager (the "TM") and its Board of Selectmen (the "BOS" or the "Selectmen") pursuant to their respective authorities under the Charter and Bylaws of the Town, the Massachusetts General Laws and applicable special legislation, regulations promulgated pursuant thereto, and all acts in addition thereto and in amendment thereof and every other power and authority them thereto enabling; and

- W.R. Grace & Co. - Conn. ("Grace"), a Connecticut corporation with a principal place of business at 7500 Grace Drive, Columbia, MD, 21044, acting by and through its duly authorized Senior Vice President.

# RECITALS

WHEREAS Grace owns real property in the Town consisting of thirteen separately assessed parcels (collectively "Grace's Acton Property" or the "Grace Acton Property"), for which the Town has assessed the following total real estate taxes for the following fiscal years based on the following total valuations and tax rates:

| Fiscal Year | Last Due Date | Total Assessed | Tax Rate | Annual Tax |
|---|---|---|---|---|
| 2008 | 5/1/2008 | $6,622,200 | 15.39 | $101,915.66 |
| 2007 | 5/1/2007 | $6,622,200 | 14.62 | $ 96,816.56 |
| 2006 | 5/1/2006 | $6,928,700 | 14.58 | $101,020.45 |
| 2005 | 5/1/2005 | $6,248,000 | 13.81 | $ 86,284.88 |
| 2004 | 5/1/2004 | $6,248,000 | 14.03 | $ 87,659.44 |
| | | Tax Totals | | $$473,696.99 |

{A0061779-2}

WHEREAS Grace has paid its real estate taxes on a current basis (as required by Massachusetts law as a prerequisite to seeking an abatement).

WHEREAS Grace has filed with the Massachusetts Appellate Tax Board ("ATB") real estate tax abatement petitions for Fiscal Year 2004 (ATB Nos. 276727-276739), Fiscal Year 2005 (ATB Nos. 278332-278344), Fiscal Year 2006 (ATB Nos. 285923-285935) and Fiscal Year 2007 (ATB Nos. 292714-292726), and Fiscal Year 2008 (ATB Nos. 296679, 296680, 296681, 296682, 296683, 296684, 296685, 296686, 296687, 296688, 296689, 296690 and 296691) (collectively "Tax Abatement Petitions").

WHEREAS the ATB has set the trial for July 15 through July 17, 2008, and has indicated that no further continuances will be allowed.

WHEREAS in addition to real estate taxes, the Town has assessed the following sewer betterments based on the following number of sewer betterment units ("SBUs) on the following parcels of the Grace Acton Property:

| MAP | LOT | ACRES | SBUs | BETTERMENT |
|---|---|---|---|---|
| H3 | 251 | 8.110 | 17.66 | $217,421.44 |
| H4 | 142 | 1.420 | 0.00 | 0.00 |
| H4 | 150 | 2.700 | 0.00 | 0.00 |
| H4 | 151-1 | 0.391 | 0.00 | 0.00 |
| H4 | 159 | 0.258 | 0.00 | 0.00 |
| H4 | 160 | 0.630 | 0.00 | 0.00 |
| I3 | 4 | 9.110 | 18.85 | $232,072.15 |
| I3 | 135 | 2.990 | 2.60 | $32,009.95 |
| I4 | 1 | 4.040 | 0.00 | 0.00 |
| I4 | 5 | 130.000 | 254.83 | $3,137,344.64 |
| I4 | 2 | 24.250 | 0.00 | 0.00 |
| I4 | 6 | 0.283 | 0.62 | $7,633.14 |
| I4 | 7 | 1.350 | 2.94 | $36,195.87 |
| Total | | 185.532 | 297.5 | $3,662,677.19 |

WHEREAS Grace has filed with the BOS a timely petition for an abatement of the sewer betterment assessments of the Grace Acton Property ("Sewer Betterment Abatement Petition").

WHEREAS the BOS constructively denied the Sewer Betterment Abatement Petition, and Grace timely filed an appeal with the Middlesex Superior Court. See *W.R. Grace & Co.-Conn. v Lauren Rosenzweig, et al.* Middlesex Superior Court C. A. No. MICV-2006-01587 ("Superior Court Action"). The parties' Joint Motion to Stay that appeal was allowed on May 17, 2006.

WHEREAS Grace has not paid all of its betterment bills as they have come due, and as of 6/30/08 Grace has not paid the Town a total of $449,061.58 of Delinquent Betterments and Committed Interest and the additional amount of $88,863.54 in statutory interest. For Grace to come current on its sewer betterment payments as of 6/30/08, Grace would need to pay the Town a total of $ 537,925.12.

WHEREAS the parties now desire, without any admission of fact, law or liability, to settle their differences with respect to the Tax Abatement Petitions on the terms set forth below.

NOW THEREFORE, for adequate consideration the receipt and sufficiency of which are hereby acknowledged, the parties to this Agreement on behalf of themselves and their respective successors and assigns covenant and agree as follows:

A. **PRECONDITION TO AGREEMENT TAKING EFFECT**

The parties recognize that Grace is a Chapter 11 debtor in certain affiliated Chapter 11 cases pending in the United States Bankruptcy Court for the District of Delaware, identified as Case Nos. 01-1139 through 01-1200 (JKF) (Jointly

{A0461792.}3

Administered). Accordingly, this Agreement shall not take effect unless and until the United States Bankruptcy Court in those cases shall have entered an order which provides the following: (i) approval of this Agreement and Grace's rights and obligations under this Agreement, fully and unconditionally; (ii) that this Agreement shall be binding upon any trustee appointed with respect to Grace's estates; (iii) that this Agreement shall survive confirmation of any plan of reorganization, any conversion of the cases to chapter 7, or any dismissal, and (iv) that Grace's obligations hereunder are immediately payable as outlined in this Agreement and entitled to administrative expense priority under Section 503(b) of the Bankruptcy Code.

The Effective Date of this Agreement shall be the date upon which that order entered by the United States Bankruptcy Court becomes final ("Final Approval"), which shall be the next business day after the time to appeal the order shall have expired without any appeal having been filed with respect to the order and without any stay of the order pending appeal.

In the event that (a) the Final Approval has not occurred within four (4) months after full execution of this Agreement or such further time as the parties may agree or (b) the United States Bankruptcy Court disapproves, or declines to approve fully and unconditionally, all payments and other obligations by Grace to the Town required under this Agreement, or (c) the United States Bankruptcy Court takes any other action or issues any other order that would reduce or diminish the benefits of the Town or Grace under this Agreement, then upon written notice by the Town to Grace or by Grace to the Town sent within thirty (30) days after the occurrence of (a), (b) or (c) hereinabove, this Agreement shall be null and void without further recourse of the parties hereto, it being

the intent of the parties that the Town's and Grace's rights and obligations under this Agreement shall survive Grace's bankruptcy fully and unconditionally.

**B.   RESOLUTION OF TAX ASSESSMENT ISSUES**

   **1.   Withdrawal of Tax Abatement Petitions**

For Fiscal Years 2004, 2005, 2006, 2007 and 2008 the total real estate tax assessments on the Grace Acton Property shall be as follows (allocated among the parcels of Grace's Acton Property proportionally to the original assessments):

| Fiscal Year | Last Due Date | Total Assessed | Tax Rate | Annual Tax |
|---|---|---|---|---|
| 2008 | 5/1/2008 | $4,000,000 | 15.39 | $61560 |
| 2007 | 5/1/2007 | $4,000,000 | 14.62 | $58480 |
| 2006 | 5/1/2006 | $4,000,000 | 14.58 | $58320 |
| 2005 | 5/1/2005 | $4,000,000 | 13.81 | $55240 |
| 2004 | 5/1/2004 | $4,000,000 | 14.03 | $56120 |
|  |  | Tax Totals |  | $289,720 |

Therefore, as of 6/30/08, the amount of taxes and interest to be refunded to Grace ("Grace Refund") would be as follows:

| Tax Reduction | Interest to 6/30/08 | Amount Owed to Grace |
|---|---|---|
| $183,976.99 | $32,654.01 | $216,631.00 |

Within 30 days after the Effective Date of this Agreement Grace shall withdraw the Tax Abatement Petitions and the Town shall revise the assessments as provided herein and pay to Grace the amount of the Grace Refund adjusted for additional interest from 6/30/08 in the appropriate per diem amount.

   **2.   Future Tax Assessments**

Grace covenants and agrees for a period of five years from the Effective Date of this Agreement not to petition for any tax abatement concerning the Grace Acton Property so long as

the dollar amount of the "Annual Tax" on the Grace Acton Property does not exceed the previous fiscal year's assessment by more than three percent. In the event the Annual Tax on the Grace Acton Property exceeds that amount, Grace reserves the right to petition for an abatement of that reassessment of the Grace Acton Property (including both the amount up to three percent and the amount in excess of three percent).

Notwithstanding the provisions of the foregoing paragraph, the parties acknowledge and agree that, if, as and when the Grace Acton Property is developed, the Town reserves the right to reassess the property for tax purposes and Grace reserves the right to petition for an abatement of that reassessment.

C.  **SEWER BETTERMENT PAYMENTS**

Grace has elected, and the BOS acknowledges Grace's election, to apportion the sewer betterment assessment in the amount of $3,662,677.19 so that it is payable with interest over 101 quarterly instalments, commencing on 11/1/2005 and concluding on 11/1/2030, as follows:

| Map/Parcel | Number of Payments | Amount of Payment | Total Payments |
|---|---|---|---|
| H3-251 | 101 | $2,420.47 | $244,467.47 |
| I3-135 | 101 | 370.39 | 37,409.39 |
| I3-4 | 101 | 2,587.13 | 261,300.13 |
| I4-5 | 101 | 34,927.87 | 3,527,714.87 |
| I4-6 | 101 | 93.31 | 9,424.31 |
| I4-7 | 101 | 424.61 | 42,885.61 |
| Total | 101 | $40,823.78 | $4,123,201.78 |

Within 30 days after the Effective Date of this Agreement, to come current on its sewer betterment payments as of 6/30/08, Grace will pay the Town a total of $537,925.12 together with per diem interest in the amount of $172.26 from 6/30/08 to the time of payment. Thereafter, Grace shall pay in a timely manner (on or before August 1, November 1, February 1 and May 1 of each year) the apportioned quarterly sewer betterment payments on the bettered parcels of the

Grace Acton Property.

All such sewer betterment payments shall be without prejudice, limitation or effect to the Superior Court Action. Without limiting the foregoing, the Town acknowledges that the Superior Court Action was timely and procedurally properly commenced and that Grace's failure to make any sewer betterment payments prior or subsequent thereto, and Grace's agreement hereunder to bring current and make sewer betterment payments during the pendency of the Superior Court Action, shall not be a defense or in any way bar or limit Grace's rights to seek abatement of the sewer betterments in the Superior Court Action. If the sewer betterments are reduced as a result of a final resolution of the Superior Court Action, the remaining quarterly payments shall be adjusted to be consistent with the abatement awarded and a refund shall be given to Grace for any and all prior excess sewer betterment payments (including all committed interest and interest on late payments paid thereon) together with any statutory interest thereon (all of the aforesaid individually and collectively referred to as "Excess Payments"), within 30 days of the final resolution thereof.

Within thirty days of the Effective Date of this Agreement, the parties shall jointly move the Middlesex Superior Court to lift the stay of the Superior Court Action and remand the Sewer Betterment Abatement Petition to the BOS, which shall within 60 days of remand open a hearing on the Sewer Betterment Abatement Petition and render a decision thereon within 45 days after the close of said hearing, or within such further times as the parties may agree. Said decision shall then be the subject of the Superior Court Action, the Superior Court retaining jurisdiction irrespective of the remand to the BOS.

Without prejudice, limitation or effect to the Superior Court Action, Grace acknowledges

that:

- Pursuant to Chapter 340 of the Acts of 2000 and G.L. c. 80, § 13, the unpaid balance of the assessments shall bear interest from the thirtieth day after assessments were committed to the collector at the rate of 1.55% per cent per annum;

- By choosing to apportion the assessment over time, pursuant to Massachusetts General Laws Chapter 80, Section 12, a lien shall exist against the parcels of the Grace Acton Property listed as bettered in Table 1 for the unpaid portion of the sewer betterment assessment for that parcel plus interest and other charges as allowed by law;

- Apportioned assessments will be added to the quarterly tax bill for Grace's Acton Property in accordance with applicable law; and

- Grace shall pay the annual user fees for its sewer usage, calculated in accordance with Section D.10.6 of the Town's Sewer Assessment Bylaw.

D. **ACTIONS REQUIRED BY OTHERS**

The parties shall jointly request any and all necessary approvals or other orders required from the United States Bankruptcy Court to approve fully and unconditionally, without reduction or setoff, all payments and other obligations by Grace to the Town and *vice versa* required hereunder.

E. **NOTICES**

All notices to be given pursuant to this Agreement shall be in writing and shall be deemed given when delivered by hand or when mailed by certified or registered mail, postage prepaid, return receipt requested, to the parties hereto at the addresses set forth below, or to such other place as a party (or its successor, assign, nominee, affiliate and designee) may from time to time designate by written notice:

Grace:

> W.R. Grace & Co. - Conn.
> 7500 Grace Drive
> Columbia, MD, 21044

{A0012703}8

Attn: Director of Real Estate

With a copy to:

Louis Levine, Esq.
D'Agostine, Levine, Parra & Netburn
268 Main Street
P.O. Box 2223
Acton, MA 01720

<u>Town of Acton</u>:

Town Manager
Town of Acton
472 Main Street
Acton, Massachusetts 01720

With a copy to:

Stephen D. Anderson
ANDERSON & KREIGER LLP
43 Thorndike Street
Cambridge MA 02141-1764

## F. <u>BINDING EFFECT OF AGREEMENT</u>

This Agreement shall be binding on the parties hereto and their respective heirs, executors, administrators, members, successors, assigns, nominees, affiliates and designees.

Either party will, at any time upon fifteen (15) business days prior written notice from the other, execute, acknowledge and deliver to the other a statement in writing (i) certifying that this Agreement is unmodified and in full force and effect (or, if modified, stating the nature of such modification and certifying this Agreement, as so modified, is in full force and effect) and (ii) acknowledging that there are not, to such party's knowledge, any uncured defaults on the part of the other party hereunder, or specifying such defaults if any are claimed. Any such statement may be conclusively relied upon by any prospective purchaser or encumbrancer of the Grace

Acton Property. The requested party's failure to deliver such a statement within such time will be conclusively relied upon by the requesting party that (i) this Agreement is in full force and effect, without modification except as may be properly represented by the requesting party, and (ii) there are no uncured defaults in either party's performance.

G.  **MISCELLANEOUS**

    a.  **Governing Law.**

This Agreement and the rights and obligations of the parties hereunder shall in all respects be construed as a Massachusetts contract and shall be governed by, and construed and enforced in accordance with, the laws of the Commonwealth of Massachusetts.

    b.  **Authority.**

Each individual signing this Agreement warrants and represents that he or they are authorized to do so. Grace shall execute and append hereto a Certificate in a form mutually acceptable to Town Counsel and Grace counsel attesting to the authority of its signatory hereto

    c.  **No Waiver.**

Failure of any party to this Agreement to avail itself or any of the terms, covenants and conditions of this Agreement for a period of time or at any time or times, shall not be construed or deemed to be a waiver of any of its rights hereunder.

    d.  **Amendments.**

Except as set forth in this Agreement, no change, amendment modification, cancellation or termination of this Agreement hereof, or any part of this Agreement shall be valid unless all parties to this Agreement consent thereto in writing. An extension of any deadline set forth in this Agreement shall be effective if signed either by (a) the parties hereto, or (b) their respective counsel identified in the notice section hereof.

{A0961275.1} 10

e. <u>Counterparts</u>.

This Agreement may be executed in several counterparts and all counterparts so executed shall constitute one Agreement which shall be binding on all of the parties hereto.

f. <u>Entire Agreement</u>.

This Agreement embodies the entire Agreement and understanding between the parties hereto with respect to the subject matter hereof and supersedes all prior agreements and understandings between the parties hereto relating to such subject matter.

g. <u>No Admission</u>

This Agreement is made for settlement purposes only. It does not constitute an admission by any party hereto for any purpose. Except to enforce its provisions, this Agreement shall not be admissible in any court or administrative action for any other purpose. Without limitation, upon remand to the BOS and thereafter, in the event of a trial or appeal of the Superior Court Action, or any other judicial or administrative proceeding in which Grace seeks an abatement of the amount of the sewer betterments, the tax assessed value of the Grace Acton Property set forth in Section B.1 of this Agreement and Grace's agreements relative to sewer betterment payments set forth in Section C of this Agreement, shall not be admissible nor relied upon by any expert witness or party. Except as otherwise set forth in this Agreement, the parties fully reserve their legal and equitable rights.

h. <u>Enforcement</u>

Prior to bringing any action for breach of this Agreement, the party initiating the enforcement action, shall have first (a) notified the other party of the claims for enforcement, (b) offered the other party a reasonable time, not to exceed 45 days, to cure the alleged breach of the

Agreement, and (c) offered to participate in non-binding mediation in an effort to resolve those claims. Except to enforce the provisions of this Agreement, this provision shall not apply to any other actions or proceedings, including without limitation, the Superior Court Action or the Tax Abatement Petitions.

i. <u>Force Majeur</u>

Any delay or temporary failure to perform under this Agreement shall not constitute a breach hereof if the delay or temporary failure to perform is caused by and remains necessary as a result of an act of God, war, revolution, terrorist actions or threats, hijacking, bombing, threatened or rebellion, insurrection, or civil strife.

j. <u>Survival Provision</u>

The provisions of this Agreement shall survive Grace's bankruptcy proceedings and shall survive the closing of each conveyance or acquisition contemplated by or resulting from this Agreement.

IN WITNESS WHEREOF, the undersigned has caused this Agreement to be executed under seal on the date(s) set forth below.

                                                Acton Board of Selectmen
                                                acting as the Selectmen and the
                                                Sewer Commissioners of the Town of Acton

_____
Lauren Rosenzweig, Chairman

_____
Paulina Knibbe, Vice Chairman

_____
Andrew Magee, Clerk

_____
Peter Berry, Member

_____
Terra Friedrichs, Member

## ACKNOWLEDGEMENT

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF MIDDLESEX

On this ___ day of _____, 2008, before me, the undersigned Notary Public, personally appeared each of the foregoing named members of the Board of Selectmen of the Town of Acton, acting as the Sewer Commissioners of the Town of Acton, proved to me through satisfactory evidence of identification, which was: examination of _____, to be the persons whose names are signed on the preceding document, and acknowledged to me that each signed it voluntarily for its stated purpose as the foregoing named members of the Board of Selectmen of the Town of Acton, acting as the Sewer Commissioners of the Town of Acton, a municipal corporation.

_____
Signature of Notary Public

_____
Printed name of Notary

Place Notary Seal and/or Stamp Above        My Commission Expires_____

Town Manager,

_____
Steven L. Ledoux

## ACKNOWLEDGEMENT

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF MIDDLESEX

On this ___ day of _____, 2008, before me, the undersigned Notary Public, personally appeared each of the foregoing Steven L. Ledoux, proved to me through satisfactory evidence of identification, which was: examination of _____, to be the person whose name is signed on the preceding document, and acknowledged to me that he signed it voluntarily for its stated purpose as the foregoing named Temporary Town Manager of the Town of Acton, a municipal corporation.

_____
Signature of Notary Public

_____
Printed name of Notary

Place Notary Seal and/or Stamp Above        My Commission Expires_____

W.R. GRACE & CO. -- CONN.

_____
Name: W. Brian McGowan
Position: Senior Vice President

STATE OF ~~MASSACHUSETTS~~ Maryland
COUNTY OF ~~MIDDLESEX~~ Anne Arundel } ss.

On this 15 day of July, 2008, before me, the undersigned Notary Public, personally appeared W. Brian McGowan, proved to me through satisfactory evidence of identity, which was Brian McGowan, to be the Senior Vice President of W.R. Grace &Co, - Conn., and the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose and with full authority to do so on behalf of the corporation.

_____
Signature of Notary Public

Printed name: [CHERYL A. HINELY, Notary Public, Anne Arundel Co., MD, My Commission Exp: May 1, 2010]

My Commission _____

Place Notary Seal and/or Stamp Above

{A0612763}14