IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>W.R. Grace & Co., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br><br>Ref. No. 19662 |

**LIBBY CLAIMANTS' MOTION (A) FOR RECONSIDERATION
OF ORDER GRANTING DEBTORS LEAVE FROM SCHEDULING
ORDER AND SHORTENING NOTICE OF MOTION TO APPROVE
DISCLOSURE STATEMENT, SOLICITATION AND CONFIRMATION
PROCEDURES, CONFIRMATION SCHEDULE AND RELATED RELIEF
AND (B) TO SET A DEADLINE FOR OBJECTIONS TO AND DATE FOR
HEARING ON APPROVAL OF DISCLOSURE STATEMENT**

Claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move that this Court (a) reconsider its Order for Leave from Scheduling Order and to Shorten Notice Period on Motion of the Debtors for an Order Approving Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief (the "Order") [D.I. 19662], and (b) consistent with the Case Management Order, set a deadline for objections to approval of the Disclosure Statement no earlier than November 7, 2008 and a hearing date no earlier than November 24, 2008. As grounds therefor, the Libby Claimants state:

1.  On September 19, 2008, Grace, along with the Official Committee of Asbestos Personal Injury Claimants (the "PI Committee"), the Asbestos Future Claimants' Representative and the Equity Committee (collectively, the "Plan Proponents"), filed an incomplete joint plan of reorganization (the "Plan") along with a related and similarly incomplete disclosure statement

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 18664], as it may be amended and restated from time to time.

393.001-22316.doc

(the "Disclosure Statement"). On September 25, 2008, Grace filed the Motion of the Debtors for an Order Approving Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief (the "Approval Motion") [D.I. 19620], together with the Debtors' Motion for Leave from Scheduling Order and to Shorten Notice Period on Motion of the Debtors for an Order Approving Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief (the "Motion to Shorten") [D.I. 19621]. The Approval Motion and the Motion to Shorten proposed an objection deadline contrary to Rule 2002(b) of the Federal Rules of Bankruptcy Procedure and this Court's Order Establishing Case Management Procedures and Hearing Schedule (the "Case Management Order"). In sum, Grace sought to have the most important set of pleadings filed in this seven-and-a-half year bankruptcy case heard on an expedited basis. This Court approved the request on October 1, 2008.

2. The Plan and related documents do not reflect an agreement with the Libby Claimants on how their claims should be treated. Although nominally represented by the PI Committee, the Libby Claimants' interests and concerns have not been fairly addressed in the Plan. To the contrary, the other members of the PI Committee have joined with the Debtors in proposing a Plan and related trust agreement and trust distribution procedures that have been crafted so as to satisfy other asbestos claimants while leaving the Libby Claimants with no assurance of a fair distribution. The Libby Claimants intend to oppose the Plan.

3. This Chapter 11 case is among the largest and most complex ever handled by this Court. The proposed Disclosure Statement consists of 146 single-spaced pages. The proposed Plan consists of 104 single-spaced pages, accompanied by an exhibit book consisting of hundreds of pages more. Although the PI Committee is a co-proponent of the Plan, counsel to the Libby Claimants was not permitted to review advance drafts of the Plan or the Disclosure

Statement. Libby Claimants' counsel will not have a meaningful opportunity to review these documents and prepare any appropriate objections to approval of the Disclosure Statement if the deadline for objections remains set for October 17, 2008.

4. Furthermore, the Plan and Disclosure Statement as filed with this Court do not reflect the terms of the Chapter 11 plan that the proponents of the Plan intend to ask this Court to confirm. Numerous exhibits are missing, including an exhibit listing parties that will be protected by the proposed channeling injunction—a fundamental matter in an asbestos Chapter 11 case. Moreover, there has been an indication that other significant agreements have been reached that are not reflected in the Plan and Disclosure Statement as filed. The proponents of the Plan will need to file one or more significant amendments or exhibits to the Plan, which they apparently contemplate springing on the other parties and this Court at the last minute. The proponents of the Plan should be required to file a complete and final version of the Plan and Disclosure Statement before a deadline for objections is set.[2]

5. Fed. R. Bankr. P. 2002(b)(1) requires not less than 25 days' notice of the deadline to object to a Disclosure Statement. This 25-day period, which applies to all Chapter 11 cases, does not satisfy the requirements of due process in a large and complex case such as this one. Fed R. Bankr. P. 9006 permits reduction or enlargement of time periods "for cause shown." The Motion to Shorten does not even attempt to articulate cause to shorten the objection deadline for the Disclosure Statement. Grace simply states in conclusory fashion: "The Debtors believe that it is critical to have the [Approval Motion] heard at the Court's October 27, 2008 hearing because approval of the Motion is a necessary step toward the eventual confirmation of the Plan." While it is certainly true that approval of a disclosure statement is a necessary step toward

---

[2] The Libby Claimants acknowledge that technical and non-material amendments may be required as the process unfolds. However, it would be an abuse of the process for the Plan Proponents to propose material amendments without adequate opportunity for the Libby Claimants to respond.

3

393.001-22316.doc

confirming a plan, this does not supply cause to shorten the time for objections to the Disclosure Statement. Indeed, for the reasons set forth above, the Libby Claimants have shown cause for the objection period to be enlarged and the hearing held at an appropriate time thereafter.

6. Over the course of this case, this Court has required adherence to the Case Management Order with few exceptions. Under the Case Management Order, the Approval Motion should be scheduled for the November 24, 2008 hearing, with an objection deadline of November 7, 2008. The time periods provided in the Case Management Order provide a fair opportunity for the Libby Claimants and other parties to address the Approval Motion.[3] Accordingly, the Libby Claimants ask this Court to reconsider the Order and, upon reconsideration, to set an objection deadline for the Approval Motion no earlier than November 7, 2008 and a hearing on the Approval Motion no earlier than November 24, 2008.

WHEREFORE, the Libby Claimants respectfully request that this Court enter an order (i) reconsidering the Order; (ii) set an objection deadline for the Approval Motion no earlier than November 24, 2008; and (iii) grant such other and further relief that is just and proper.

Dated: October 2, 2008  
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_/s/ Kerri Mumford_  
Adam G. Landis (No. 3407)  
Kerri K. Mumford (No. 4186)  
919 Market Street, Suite 600  
P.O. Box 2087  
Wilmington, DE 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450  
Email: landis@lrclaw.com  
       mumford@lrclaw.com

- and -

---

[3] The same will not the case with plan confirmation. Since substantial discovery will be necessary, time periods in excess of those provided by the Case Management Order will be required.

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for the Libby Claimants*

393.001-22316.doc