IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br><br>**Ref. No. 19709** |

**MOTION OF LIBBY CLAIMANTS FOR LEAVE FROM THIS COURT'S
CASE MANAGEMENT ORDER FOR SHORTENED NOTICE
AND EXPEDITED CONSIDERATION OF SECOND MOTION (A) FOR
RECONSIDERATION OF ORDER SHORTENING NOTICE OF MOTION TO
APPROVE DISCLOSURE STATEMENT AND RELATED RELIEF AND (B) TO SET A
REASONABLE DEADLINE FOR OBJECTIONS TO AND DATE FOR
HEARING ON APPROVAL OF DISCLOSURE STATEMENT**

Claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move for entry of an order under Del. Bankr. L.R. 9006-1(e), Fed. R. Bankr. P. 9006(c), and Section 102 of the Bankruptcy Code, for leave of this Court's Case Management Order, so that the notice period for the Libby Claimants' Second Motion (A) For Reconsideration of Order Granting Debtors Leave From Scheduling Order and Shortening Notice of Motion to Approve Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief and (B) To Set a Reasonable Deadline For Objections to and Date For Hearing on Approval of Disclosure Statement ("Motion to Reconsider") [D.I. 19709] be shortened to permit expedited consideration. In support of this Motion, the Libby Claimants state:

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 18664], as it may be amended and restated from time to time.

393.001-22386.doc

1. On September 19, 2008, Grace, along with the Official Committee of Asbestos Personal Injury Claimants, the Asbestos Future Claimants' Representative and the Equity Committee, filed an incomplete joint plan of reorganization (the "Plan") along with a related and similarly incomplete disclosure statement (the "Disclosure Statement"). On September 25, 2008, Grace filed the Motion of the Debtors for an Order Approving Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief (the "Approval Motion") [D.I. 19620], together with the Debtors' Motion for Leave from Scheduling Order and to Shorten Notice Period on Motion of the Debtors for an Order Approving Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief (the "Motion to Shorten") [D.I. 19621]. The Approval Motion and the Motion to Shorten proposed an objection deadline contrary to Fed. R. Bankr. P. 2002(b) and this Court's Case Management Order. In sum, Grace sought to have the most important set of pleadings filed in this seven-and-a-half year bankruptcy case heard on an expedited basis. This Court approved the request on October 1, 2008, thereby establishing October 17, 2008 as the objection deadline for the Disclosure Statement and the Approval Motion and setting October 27, 2008 as the date for hearing on the Approval Motion.

2. Contemporaneously herewith, the Libby Claimants filed the Motion to Reconsider, establishing that Grace failed even to attempt to identify cause, as required by Fed. R. Bankr. P. 9006(c), to shorten the objection deadline for the Disclosure Statement and Approval Motion. In so doing, the Libby Claimants articulated several reasons for enlarging the objection period beyond October 17, 2008 and setting the hearing at an appropriate time thereafter.

393.001-22386.doc

3.  Shortened notice and expedited consideration of the Motion to Reconsider is necessary in light of the impending October 17th objection deadline for the Disclosure Statement and Approval Motion. The Motion to Reconsider should be decided sufficiently in advance of the deadline so as to provide the Libby Claimants and other parties adequate time to review and consider the Disclosure Statement and Approval Motion and to prepare any appropriate objections. Accordingly, the Libby Claimants seek an order of this Court for leave from the Case Management Order to shorten the notice period prescribed by Del. Bankr. LR 9006-1(c) to enable the Libby Claimants to have the Motion to Reconsider heard on an expedited basis. The Libby Claimants respectfully request that the Court set a telephonic hearing to consider the Motion to Reconsider at its earliest convenience.

4.  Given the nature of the relief requested, the Libby Claimants respectfully submit that the limited notice described above is appropriate, as is leave from the Case Management Order.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

WHEREFORE, the Libby Claimants respectfully request then entry of an order (i) granting the Libby Claimants leave from the Case Management Order, (ii) shortening the notice period with respect to the Motion to Reconsider, (iii) setting a telephonic hearing on the Motion to Reconsider at the Court's earliest convenience.

Dated: October 7, 2008

LANDIS RATH & COBB LLP

*/s/ Kerri Mumford*

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
COHN WHITESELL & GOLDBERG LLP
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for the Libby Claimants*

4

393.001-22386.doc