## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Proposed Hearing Date: 10/27/08 at 9:00 am |
| | § | Proposed Objection Deadline: 10/20/08, 4:00 p.m. ET |

**APPLICATION PURSUANT TO SECTIONS 105, 327, 524(g) AND 1109 OF THE BANKRUPTCY CODE FOR ORDER AUTHORIZING RETENTION *NUNC PRO TUNC* OF ALAN B. RICH, ESQ. AS COUNSEL TO HON. ALEXANDER M. SANDERS, JR., PROPOSED LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS**

TO THE HONORABLE JUDGE OF SAID COURT:

The Hon. Alexander Sanders, Jr., Proposed Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands (the "PDFCR"), submits this application (the "Application") pursuant to Sections 105, 327, 524(g) and 1109 of the Bankruptcy Code, for entry of an order authorizing him to retain and employ Alan B. Rich, Esq. ("Rich") as his counsel *nunc pro tunc* to September 29, 2008. In support of this Application, the PDFCR relies on the Declaration of Alan B. Rich attached hereto as Exhibit A. In further support of this Application, the Proposed PDFCR respectfully states as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408.

2.      The statutory bases for the relief requested by this Application are Sections 105, 327 524(g)(4)(B)(i) and 1109 of the Bankruptcy Code.

**Brief Background Summary**

3.      On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankptcy Code.  These chapter 11 cases were consolidated for administrative purposes only.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors have continued to operate their businesses and manage their properties as debtors in possession.

4.       A number of committees and representatives have been formed and appointed in these cases.  The Official Committee of Unsecured Creditors was formed by the United States Trustee on April 13, 2001.  (Dkt. No. 94).  The Official Committee of Asbestos Personal Injury Claimants (the "Asbestos PI Committee") was formed on April 13, 2001.  (Dkt. No. 95).  The Official Committee of Asbestos Propert Damage Claimants (the "Asbestos PD Committee") was formed on May 11, 2001.  (Dkt. No. 252).  The Offcial Committee of Equity Security Holders (the "Equity Committee") was formed on June 18, 2001.  (Dkt. No. 532).  On May 24, 2004, this Court entered an order appointing David T. Austem as the legal representative for future asbestos personal injury claimants (the "PIFCR") (Dkt. No. 5645).

5.      The Debtors filed an Application seeking the appointment of the PDFCR on September 24, 2008.  The Motion will be heard on shortened notice on October 20, 2008.  The Debtors' Application seeks the appointment of Judge Alexander Sanders, Jr. as the Representative on behalf of future traditional asbestos-related property damage claimants and holders of demands (if any) and future U.S. ZAI property damage claimants and holders of

demands (if any) but not Canadian ZAI propert damage claimants or holders of demands (if any).

6.      This Application to employ Mr. Rich as counsel to the Proposed PDFCR is being filed by the Proposed PDFCR now, prior to the hearing on his appointment, because the Debtors have also, on shortened notice, proposed a Disclosure Statement and documents ancillary thereto having an objection deadline of October 17, 2008, three days prior to the hearing on Judge Sanders' appointment as PDFCR.

## Relief Requested and Basis Therefor

7.      The Proposed PDFCR selected Mr. Rich to serve as his counsel because he has an excellent reputation in the field of debtors' and creditors' rights, specifically in the area of asbestos-related bankruptcies, and because Mr. Rich is already familiar with the Debtors, this case, and the Debtors' business and operations, having formerly been a shareholder of the Baron & Budd law firm and having been the attorney there primarily responsible for monitoring this case and having participated in several contested matters herein.[1] Mr. Rich has also had extensive experience serving on various asbestos bankruptcies' Asbestos Claimants' Committees and Trust Advisory Committees.  For these and other reasons, the Proposed PDFCR believes that Mr. Rich well qualified to serve as his counsel in these Chapter 11 cases.

8.      If the Proposed PDFCR's appointment is approved by this Court, and if this Application is thereafter also approved, Mr. Rich will advise and represent the PDFCR with respect to all matters that may arise in the context of these cases, including, but not limited to preparation of all necessary motions, answers, orders, reports, and other legal papers in

---

[1] Mr. Rich left Baron & Budd in September of 2007.

connection with the PDFCR's duties in these cases, providing advice and counsel with respect to the PDFCR's powers and duties, providing any needed filings and courtroom representation with respect to matters related to the Disclosure Statement, Confirmation and Consummation of the Plan, and negotiations and settlements (if any) with the Debtors and other constituencies related to the Plan.

9.       Mr. Rich has informed the Proposed PDFCR that he currently represents no creditors of the Debtors, or affiliates of such creditors.  He has further informed the Proposed PDFCR that he will not represent any person in connection with any matter adverse to the PDFCR.  Additionally, Mr. Rich has advised the PDFCR that if he should discover that he represents any additional entities or persons connected with the PDFCR, the Debtor, its creditors, or other parties in interest in the Chapter 11 Case, he will promptly and fully disclose to this Court the nature of any such representation.

10.      Realizing that should this Court confirm a Plan of Reorganization that establishes a Section 524(g) Trust for future Property Damage and ZAI claims, that Trust will have limited resources, in order to conserve Trust assets (and the Debtors' assets as well prior to confirmation, and perhaps after confirmation as well if no Trust is funded), the Proposed PDFCR also respectfully requests that Mr. Rich be permitted to represent him *pro hac vice*, without the requirement of Local Counsel.

11.      In light of the foregoing, the Proposed PDFCR respectfully submits that it is in the best interests of the Bankruptcy Estate, the Debtors' creditors and all other parties in interest that he be authorized to employ and retain Mr. Rich to serve as his counsel in the Chapter 11 Case, and that his retention be effective as of September 29, 2008, the date he agreed to represent me.

12.    The PDFCR understands that Mr. Rich intends to bill for services rendered at his

normal hourly rates for matters of this kind, and to request reimbursement of actual expenses

incurred, all as more fully reflected in the Declaration of Alan B. Rich attached hereto as

Exhibit A.

**Notice**

13.    Notice of this Application has been given to: (i) the Debtors, (ii) the United States

Trustee, (iii) counsel to the Debtors' postpetition lenders, (iv) counsel to each of the official

committees, (iv) counsel to the Asbestos PI Future Claimants' Representative and (v) all those

parties that requested service and notice of papers in accordance with Fed R. Bank. P. 2002. In

light of the nature of the relief requested, the Proposed PDFCR submits that no further notice is

required.

Respectfully Submitted,

Alexander M. Sanders, Jr.
Proposed Legal Representative for
Future Asbestos-Related Property
Damage Claimants and Holders of Demands

96 Broad Street, Suite 107
Charleston, SC 29401
(843) 853-6115

-5-

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |

**DECLARATION OF ALAN B. RICH AND DISCLOSURE STATEMENT
SUBMITTED PURSUANT TO BANKRUPTCY CODE SECTION 329(a)
AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(3) AND 2016**

Alan B. Rich, declares as follows:

1.      I am an attorney at law admitted to practice in the States of Texas and Illinois, as well as in the United States District Courts for the Northern, Southern, Eastern and Western Districts of Texas, and am a member of the trial bar of the Northern District of Illinois.  I am over 18 years of age and have personal knowledge of the facts set forth herein, which facts are true and correct.  I have filed an application for admission to this Court *pro hac vice* in order to represent Alexander M. Sanders, Jr., the Proposed Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands (the "PDFCR") of the Debtors in these cases (the "Chapter 11 Cases").  I have agreed to represent the PDFCR in connection with the Chapter 11 Cases.

2.      This Declaration is submitted in support of the PDFCR's "Application Pursuant to Sections 105, 327, 524(g) and 1107 of the Bankruptcy Code for Order Authorizing Retention *Nunc Pro Tunc* of Alan B. Rich, Esq. as Counsel to Hon. Alexander Sanders, Jr., Proposed Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands," and for the purpose of fulfilling the disclosure requirements of Section 329(a) of the

-1-

Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

3.      I do not represent any clients or interests that are adverse or potentially adverse

to the PDFCR.  I do not represent any creditors of the Debtors or parties in interest in this case.

While previously employed by Baron & Budd, P.C., I formerly represented clients of that firm

(and those of the Silber Pearlman, LLP and LeBlanc & Waddell, LLP) and the firms themselves

in these Chapter 11 Cases in certain matters, which representation and which matters have all

been concluded.[1]  Since March of 2008, I have had a contractual *of counsel* relationship with the

firm of Frank/Gecker, LLP, although none of the matters which are the subject of that

arrangement are related to any asbestos-related bankruptcy matter or are adverse or potentially

adverse to the Debtors or the PDFCR.[2]  I also represent the Trust Advisory Committee of the

Swan Asbestos and Silica Settlement Trust.  Individual members of that Committee have clients

who may be creditors of the Debtors.  I do not represent the Members of the Swan TAC in their

individual capacities, but solely in their capacities as TAC members, nor do I represent any of the

---

[1] Those firms' clients may have claims against the Debtors, as well as claims against debtors in many other asbestos-related bankruptcy cases pending in this District and others.  I do not, however, represent any of these individuals in any pending matters.  I left the Baron & Budd firm in September of 2007.

[2] Frank/Gecker, LLP, separate from and unrelated to my *of counsel* contractual relationship with that firm, has represented Campbell-Cherry-Harrison- Davis-Dove, P.C., Heard Robins Grace Lubel L.L.P. and The Eaves Law Firm is this case, although I am informed by Mr. Frank that the subject matters of that representation has concluded.  The Frank/Gecker firm also represents committees, TAC's, Trusts, responsible persons or is special counsel in a number of other asbestos-related pending or closed bankruptcies in this District (*In re Combustion Engineering, Inc.; In re ABB Lummus Global Inc.; In re The Flintkote Co.; In re Kaiser Aluminum Corp.*), and in others (*In re Artra Group, Inc.* (N.D. Ill.); *In re Plibrico Company* (N.D. Ill.); *In re Brauer Supply Co.* (E.D. Mo.); *In re CFB Liquidating Corp. f/k/a Chicago Fire Brick Co.* (N.D. Cal.)), and in an anticipated confidential pre-packaged bankruptcy, although those representations are, again, separate from and unrelated to my contractual *of counsel* relationship with that firm.

TAC Members' clients in this or any other matter.

    4.    I do not and will not represent any person in connection with any matter adverse to the PDFCR.  Furthermore, should I discover during the pendency of the Chapter 11 Cases or thereafter for so long as I represent the PDFCR, that I represent, in unrelated matters, any entity or person that has an interest adverse to the PDFCR, I will promptly disclose to this Court and the PDFCR the nature of such representation.

    5.    I do not, to the best of my knowledge, have any connections[3] with the United States Trustee or with any person employed in the Office of the United States Trustee.

    6.    I do not hold any equity or debt security of the Debtors, and have never been a director, officer, or employee of the Debtor.  I am not a creditor of the Debtors.

    7.    I have not provided legal advice to an investment banker in connection with the offer, sale, or issuance of a security of the Debtors.

    8.    I generally charge an hourly rate for my services and seek reimbursement of direct charges incurred on behalf of my clients.  My hourly rate for matters of this nature is $575 per hour.  My rate is adjusted from time-to-time to reflect changes in inflation and other factors.  Any such adjustments will be disclosed to this Court as and when they occur.

    9.    I have not agreed to share with any other person the compensation to be paid to me pursuant to the engagement to represent the PDFCR in connection with the Chapter 11 Cases.

---

[3] To the extent that it qualifies as a legally relevant "connection," Frances Gecker a partner of Frank/Gecker, LLP, a firm with which I have a contractual *of counsel* relationship (*see* footnote 2), serves as a trustee on the panel of chapter 7 trustees for the Northern District of Illinois, and I represent her in certain adversary proceedings (unrelated to these Cases) in her capacity as Chapter 11 trustee in the Northern District of Illinois.

10.    I believe that I am a "disinterested person" within the meaning of 11 U.S.C. §§ 101(14) and 327(a), as modified by 11 U.S.C. § 1107(b).  Should I discover any facts bearing on this Declaration or on my representation of the PDFCR, this Declaration will be supplemented and those facts will be fully disclosed to this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Dallas, Texas

Dated:  October 13, 2008.

_____
Alan B. Rich