# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

IN RE:

W.R. Grace & Co., *et al.*             Chapter 11

        Debtors.              Bankruptcy No. 01-1139-JKF
                                           (Jointly Administered)

                                           **Related to Doc. No. 14584, Motion for Summary Judgment With Respect to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims on Bases of Statute of Limitations, Laches and Assumption of Risk filed on behalf of Macerich Fresno Limited Partnership**

## MEMORANDUM OPINION[1]

The matter before the court is a motion for summary judgment filed on behalf of Macerich Fresno Limited Partnership ("Macerich") with respect to Debtors' Fifteenth Omnibus Objection to Claim, Doc. No. 9315.[2]

Debtors manufactured and sold a variety of asbestos-containing materials ("ACM") from 1963 to 1973. For a short time in 1987 Macerich held a limited ownership interest in Fresno Fashion Fair Mall ("Mall") located in Fresno, California, which interest it disposed of

---

[1] This Memorandum Opinion constitutes the court's findings of fact and conclusions of law.

[2] Debtors' response to Macerich's motion for summary judgment includes a request for affirmative relief styled as a cross-motion for summary judgment on behalf of Debtors. *See* Doc. No. 14897. Requests for affirmative relief cannot be combined with a response to a motion. No notice of an objection or hearing date was provided for such a "cross-motion." Therefore, we address only Macerich's motion for summary judgment. We note, however, that even if we were to consider Debtors' response as a cross-motion for summary judgment the outcome would be the same.

1

in 1988. However, Macerich continued to manage the Mall from 1988 and bought the Mall in 1996.[3] Macerich conducted two surveys, one in 1988 and another in 1996, which identified the presence of ACM in the Mall. Both surveys revealed that spray-applied fireproofing on structural beams throughout the Mall contained asbestos, that it was in "adequate condition"[4] and the presence of asbestos fibers in the air remained below regulatory limits. Macerich was aware that, over time, sprayed on ACM would lose adhesion and, as noted *infra*, this occurred. Neither the 1988 or the 1996 survey indicated that conditions required abatement. However, Macerich recognized that subsequent new leases might require it to conduct renovations that would require asbestos abatement. As a result, over the years, Macerich alleges that it has expended substantial sums of money and staff time to comply with regulations governing asbestos abatement. Macerich filed a proof of claim on March 31, 2003, and amended it on July 15, 2003. Doc. No. 14586, Declaration in Support of Motion for Summary Judgment with Respect to the Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims on Bases of Statute of Limitations, Laches and Assumption of Risk, at ¶ 14.

Debtors objected to Macerich's claim on the basis that it is barred by the statute of limitations.[5] Macerich seeks summary judgment in its favor, asserting that because the 1988 and 1996 surveys did not indicate that the condition of the asbestos presented a problem at the

---

[3] As of the date the pleadings were filed with respect to this dispute, Macerich was still managing the Mall property and remained the owner.

[4] Doc. No. 14585, Memorandum of Law in Support of Motion for Summary Judgment.

[5] Debtors also asserted that Macerich's claim is barred by the doctrines of assumption of risk and laches. Because we decide the matter on the basis of the statute of limitations, we do not address the other theories.

time, it did not have actual knowledge of its property damage claim. Macerich asserts that potential danger from asbestos is insufficient to commence the running of the statute of limitations, inasmuch as under California law it is knowledge of <u>damage</u> that starts the statute running. We find that Macerich knew it had damages as early as 1988 - it knew that asbestos fibers were in the air, although within regulatory levels, that it would have to expend sums to abate it, and in fact has incurred expense to remediate the asbestos, apparently on a continuing basis, at least since 1996 when it bought the Mall.

Aladdin Ghafari is the Senior Environmental Project Manager for The Macerich Management Company. He filed a Declaration in support of Macerich's motion for summary judgment, Doc. No. 14586, in which he stated that he is responsible for compliance with environmental laws. He averred that the "[t]he 1988 Survey indicated that there was some delamination of the fireproofing" on structural beams in the East Wing of the Mall. Delamination is the splitting apart into layers. Doc. No. 14586 at ¶ 5. *See* http://dictionary.com. This means that the adhesion is inadequate and response action is required. *Cf.* 11 U.S.C. §2643 (requiring promulgation of regulations defining appropriate response action in schools when circumstances exist in which friable ACM or its covering is, *inter alia*, delaminated). Mr. Ghafari also acknowledged that asbestos fibers existed in the air in the Mall, albeit below regulatory levels. Doc. No. 14586 at ¶ 5. Based on the Surveys and the information contained in Mr. Ghafari's affidavit, it is clear that Macerich knew it had a claim at the latest in 1996.

In support of its argument that the statute of limitations on its claims has not run, Macerich relies in part on *San Francisco Unified School Dist. v. W.R. Grace & Co.*, 37

Cal.App.4th 1318 (Cal.App.1.Dist. 1995)(hereafter "*SFUSD*"). That case held that in California the statute of limitations does not begin to run until damage has occurred. However, the California court also recognized that "[t]he common law rule that a cause of action accrued on the date of injury has been modified by the discovery rule." *Id.* at 1326. That is, the statute begins to run when plaintiff "suspects or should suspect hat his or her injury was caused by wrongdoing - when the plaintiff has notice of information or circumstances that would put a reasonable person on inquiry." *Id.* The court examined what constitutes "damage" for purposes of strict liability and negligence and concluded that if the plaintiff knows of the injury, or could reasonably be expected to discover its existence, the statute begins to run. *Id.* at 1332. The court in *SFUSD* held that contamination by friable asbestos is the injury that constitutes the appreciable harm that must exist before the limitations period commences. *Id.* at 1335. Mr. Ghafari admitted that as early as 1988 there was delamination of the fireproofing in the Mall and asbestos fibers were present. We therefore find that the statutes of limitations has run with respect to Macerich's claims.

We note that Macerich has argued that the limitations period for nuisance claims has not run. In Macerich's view, each time it renovates a leased space a separate cause of action arises. Each such instance constitutes interference with its property ownership and has required changes in its management practices. Macerich contends that this constitutes a nuisance which will continue as long as asbestos is present in the Mall.

In *City of San Diego v. U.S. Gypsum Co.*, 30 Cal.App.4th 575 (Cal.App. 2 Dist. 1994), the City argued that its damages constituted a continuing nuisance which occurred with each significant release of asbestos fibers or dust. The court rejected this argument finding that the

4

cause of action in reality concerned a defective product. The court noted that the City "essentially pleaded a products liability action, *id.* at 585, and that there was no California decision permitting recovery for a defective product, asbestos in that case, under a nuisance theory. The court explained that "all courts that have considered this question have rejected a nuisance claim as a theory of recovery for asbestos contamination." *Id.* at 586. This court reviewed state court cases decided since *City of San Diego* was decided and has found no change in this conclusion under similar circumstances.[6]

Delaware's and California's statutes of limitations are both three years. 10 Del.Code §8121; 2 Cal.C.Civ.Pro. §338. As to its state's residents, Delaware law requires application of the limitations period where the claim arose, unless Delaware's period is shorter. 10 Del.C. §8121.[7] W.R. Grace is a Delaware corporation. *See, e.g.*, Adv. 01-771, Doc. No. 1, at

---

[6]The decision in *Northridge Co. v. W.R. Grace & Co.*, 556 N.W.2d 345 (Wis.App. 1996), would appear to contradict the conclusion. However, that case was decided under Wisconsin law and is inapplicable here. In *Chemical Bank v. Stahl*, 679 N.Y.S.2d 386 (N.Y.A.D. 1 Dept., 1998), the court rejected the landlord's claim for public nuisance finding that it was for damages for economic loss caused by breach of contract to remedy asbestos contamination and not for property damage that was independent of the failure to fulfill the contractual obligation. In the matter before us, Macerich seeks compensation for costs it incurs when it renovates its property.

[7]Section 8121 of the Delaware Code provides:
> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply.

5

6, ¶ 15. California's statute of limitations for damage to real property is also three years. Cal. Code. Civ. Pro. §338(b).[8] Macerich's claims are time barred.

An appropriate order will be entered.

DATE: October 10, 2008

_Judith K. Fitzgerald_    jmd
Judith K. Fitzgerald
United States Bankruptcy Judge

---

[8]Chapter 3 of the California Code of Civil Procedure is titled "The Time of commencing Actions Other Than for the Recovery of Real Property." Section 338 is titled "Three years" and provides, in relevant part:
> Within three years: . . . (b) An action for trespass upon or injury to real property [must be commenced].