**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |

**MOTION FOR LEAVE FROM THIS COURT'S SCHEDULING
ORDER AND TO SHORTEN NOTICE PERIOD ON THE MOTION OF
ALEXANDER M. SANDERS, JR. PROPOSED LEGAL REPRESENTATIVE
FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS
AND HOLDERS OF DEMANDS FOR ORDER AUTHORIZING
RETENTION *NUNC PRO TUNC* OF ALAN B. RICH, ESQ. AS COUNSEL**

TO THE HONORABLE JUDGE OF SAID COURT:

Alexander M. Sanders, Jr. Proposed Legal Representative For Future Asbestos-related

Property Damage Claimants And Holders of Demands ("PDFCR") hereby moves this Court

pursuant to Del. Bankr. L.R. 9006-1(e), Rule 9006( c) of the Bankruptcy Rules and 11 U.S.C.

§102, for leave from this Court's Scheduling Order and to shorten the notice period with respect

to his "Application Pursuant to Sections 105, 327, 524(g) and 1109 of the Bankruptcy Code for

Order Authorizing Retention Nunc Pro Tunc of Alan B. Rich, Esq. As Counsel to Hon.

Alexander M. Sanders, Jr., Proposed Legal Representative for Future Asbestos-Related

Property Damage Claimants and Holders of Demands" (the "Application"), so that the

Application may be heard on this Court's October 27, 2008 docket, and setting the Objection

Deadline on the Application for October 20,2008.  In support of this Application, the PDFCR

respectfully represents as follows:

1.      On September 19, 2008, the Debtors, along with the Asbestos PI Committee, the

Asbestos PI Future Claimants' Representative and the Equity Committee (collectively with the

Debtors, the "Plan Proponents"), filed a joint plan of reorganization (the "Plan") and the

Debtors' disclosure statement related thereto (D.t. Nos. 19579, 19581).

2.      The Plan provides that all holders of future property damage claims and demands, if any, (excluding Canadian ZAG property damage claimants) (the "Asbestos P.D. Claims") are in a separate class - Class 7.  The Plan provides that each holder of an Asbestos P.D. Claim that is allowed as of the Plan's effective date pursuant to a settlement agreement, stipulation, order or other agreement shall be paid the allowed amount of such claim in cash, in full, pursuant to the terms of the respective settlement agreement, stipulation, order or other agreement by an asbestos property damage trust ("Asbestos P.D. Trust") that will be created pursuant to section 524(g) of the Bankruptcy Code.  The Plan also provides that each holder of an Asbestos P.D. Claim that is unresolved prior to the Plan's effective date shall be allowed, if at all, pursuant to a case management order entered by the Court which will set forth procedures for determining the allowance or disallowance of the unresolved claims.  The Plan explicitly provides for the entry of a channeling injunction pursuant to section 524(g) of the Bankruptcy Code to implement the treatment of Asbestos P.D. Claims set forth in the Plan.  As a result, the Plan specifies that the sole recourse of a holder of an Asbestos P.D. Claim or a future demand shall be to the Asbestos P.D. Trust.

3.      Section 524(g) required that if a channeling injunction is to be issued in connection with a discharge that seeks to channel future asbestos-related claims and demands to a section 524(g) trust, a legal representative be appointed for the purpose of protecting the rights of persons who might subsequently assert such asbestos-related claims or demands.  See 11 U.S.C. § 524(g)(4)(B)(I) and 524(g)(5).  Accordingly, the Debtors have sought the appointment of the movant, Alexander M. Sanders, Jr., as the Asbestos PD Future Claimants'

Representative to represent such future asbestos-related propert damage claimants and holders of demands.

4.      Judge Sanders, as PDFCR, requires and is entitled to retain professionals, including legal counsel, to represent and advice him in his role as PDFCR. Consequently, he has filed his "Application Pursuant to Sections 105, 327, 524(g) and 1109 of the Bankruptcy Code for Order Authorizing Retention Nunc Pro Tunc of Alan B. Rich, Esq. As Counsel to Hon. Alexander M. Sanders, Jr., Proposed Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands."

5.      The PDFCR believes that it is critical to have his Application heard at the Court's October 27, 2008 hearing because the approval of the Application is a necessary step toward the eventual confirmation of the Plan. Furthermore, the PDFCR believes that it is important to have counsel in place at the disclosure statement hearing on October 27, 2008.

6.      Bankruptcy Rule 9006( c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Similarly, Del. Bank. LR 9006-1(e) provides in part that "no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bank. P. except by Order of the Court, on written motion specifying the exigencies justifying shortened notice."

7.      Accordingly, Judge Sanders files this motion seeking an Order of this Court for leave of the Scheduling Order and shortening the notice period prescribed by Del. Bank. LR 9006-l(c) to enable the PDFCR to be represented by counsel at the Disclosure Statement Hearing on October 27, 2008. The Debtors also respectfully request that the Court establish October 10,

2008 as the deadline to object to the Application.

8.      Given the nature of the relief requested, the PDFCR respectfully submits that the limited notice described above is appropriate, as is leave from the Scheduling Order.

WHEREFORE, Alexander M. Sanders, Jr., as Proposed PDFCR respectfully requests the entry of an Order (i) granting him leave from the Scheduling Order, (ii) shortening the notice period with respect to the Application, (iii) setting the Objection deadline on the Application for October 20, 2008 and (iv) setting the Application, if such a hearing is necessary, for October 27, 2008.

Respectfully Submitted,


            /s/ Alan  B. Rich
Alan B. Rich, Esq.
Texas Bar No. 16842350
1201 Main Street, Suite 1910, LB 201
Dallas, Texas 75202
(214) 532-4437
arich@alanrichlaw.com

PROPOSED COUNSEL FOR
ALEXANDER M. SANDERS, JR.,
PROPOSED  LEGAL REPRESENTATIVE
FOR FUTURE ASBESTOS-RELATED
PROPERTY DAMAGE CLAIMANTS
AND HOLDERS OF DEMANDS

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October, 2008, this document was served through the ECF system on all parties who have requested notice through the ECF system.

            /s/ Alan  B. Rich