# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO., *et al.*,**[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |

### SUPPLEMENTAL VERIFIED STATEMENT OF ALEXANDER M. SANDERS, JR. PURSUANT TO BANKRUPTCY RULE 2014(A)

On September 24, 2008, the Debtors filed an *Application for Entry of an Order Appointing Alexander M. Sanders, Jr. as Legal Representative for Future Asbestos-Related Property Damage Claimants* (the "Application") (Dkt. No. 19605). Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I submitted a verified statement attached to the Application as Exhibit C (the "Verified Statement"). (Dkt. No. 19605 - Exhibit C) This supplemental verified statement (the "Supplemental Verified Statement") is being filed to supplement the disclosure

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

provided to the Court in the Verified Statement. In this Supplemental Verified Statement, I represent as follows:

1. On September 6, 2000, I was called to testify on behalf of Daniel A. Speights ("Speights") of the law firm of Speights & Runyon at a class certification hearing in a South Carolina state court in a case involving W. R. Grace & Co. ("Grace") (*State of South Carolina, County of Hampton, In the Court of Common Pleas, Civil Action No. 92-CP-25-279, Anderson Memorial Hospital, on behalf of itself and others similarly situated, Plaintiffs v. W. R. Grace & Company, et al.*).

2. It is my understanding that Speights currently represents certain property damage claimants in these chapter 11 cases, including Anderson Memorial Hospital, a member of the Official Committee of the Asbestos Property Damage Claimants.

3. The purpose of my testimony was to support Speights' appointment as class representative in response to a challenge by Grace to the adequacy of Speights' representation of claimants in that case. The hearing transcript of my testimony is currently under seal.

4. The substance of my testimony was that I had known Speights for approximately 28 years, that I knew him to be a competent lawyer and an ethical practitioner, and that I believed he would adequately represent the class.

5. At the present time, I am not affiliated with or representing any person or entity with claims against, or any other interest in, the Debtors' estates.

6. Accordingly, I maintain that my serving as the Asbestos PD Future Claimants' Representative does not present a conflict of interest.

Dated: October 13, 2008

_____
ALEXANDER M. SANDERS, JR.

Sworn to before me this
13 day of October, 2008

_____
Notary Public

Through 1-1-2015