Case 01-01139-AMC   Doc 19777   Filed 10/17/08   Page 1 of 3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: 10/17/08 @ 4:00 p.m.** |
| Debtors. | ) | **Hearing Date: 10/27/08 @ 9:00 a.m. (Pittsburgh, PA)** |

### OBJECTION OF MARYLAND CASUALTY COMPANY TO THE DEBTORS' DISCLOSURE STATEMENT FOR THE JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS [D.I. 19581]

Maryland Casualty Company, ("MCC"), by and through its undersigned counsel, hereby submits this Objection to the *Debtors' Disclosure Statement for the Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of September 19, 2008* [D.I. 19581] ("Disclosure Statement") as follows:

1.  MCC and W.R. Grace & Co. ("Grace") are parties to certain settlement agreements ("Agreements") relating to certain insurance contracts ("Contracts") which, subject to their terms and conditions, may have been called upon in response to certain Asbestos Claims[1] against Grace. The Agreements address, *inter alia*, claims asserted against MCC by third-parties for alleged bodily injuries from the exposure to asbestos, alleged loss resulting from the presence of asbestos in buildings, and alleged contamination from Grace operations. The Agreements require Grace to defend and indemnify MCC for any such claims asserted against MCC.

---

[1] Capitalized terms not defined herein shall have the meaning provided in the Disclosure Statement.

2. The Disclosure Statement, as filed, fails to include copies of Exhibit 5 (Asbestos Insurance Policy Schedule) and Exhibit 6 (Asbestos Insurance Transfer Agreement) thereto. These exhibits are critical components of the Joint Plan's proposed treatment of MCC. Therefore, the Disclosure Statement fails to fully and clearly provide MCC with the information necessary to make an informed decision on the Joint Plan, and MCC hereby objects to the Disclosure Statement on the basis that it fails to satisfy the requirements of section 1125 of the Bankruptcy Code. *See e.g., Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corporation,* 337 F.3d 314, 322 (3d Cir. 2003).

3. MCC expressly reserves all of its rights, including: (i) its right to raise objections relating to Exhibits 5 and 6, if and when filed; (ii) its right to object to any amended disclosure statement and/or amended proposed plan of reorganization on any grounds; and (iii) all of its rights and claims under the Contracts and the Agreements. Additionally, because the Disclosure Statement is being presented for approval on shortened notice, MCC expressly reserves its right to: (i) raise other and further objections to the Disclosure Statement; and (ii) join any specific objection(s) by others to the Disclosure Statement, or any portion thereof as appropriate.

Dated: October 17, 2008

CONNOLLY BOVE LODGE & HUTZ LLP

_____
Jeffrey C. Wisler, Esquire (#2795)
Marc J. Phillips (#4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile
Counsel for Maryland Casualty Company

and

OF COUNSEL:
Edward J. Longosz, II
Laura G. Stover
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, DC  20006
(202) 659-6600 Telephone
(202) 659-6699 Facsimile

#641279