IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO.,  et al., | : | Case No. 01-01139 (JKF) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Objection Deadline: October 17, 2008 at 4:00 p.m.** |
| | : | **Hearing Date: October 27 , 2008 at 9:00 a.m.** |
| | : | |
| | : | **Re: Docket No. 19581** |

**UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTORS' DISCLOSURE STATEMENT FOR THE JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS DATES AS OF SEPTEMBER 19, 2008**

The Acting United States Trustee, by and through her counsel, hereby files the following objection to the Debtors' Disclosure Statement for the Joint Plan of Reorganization (the "Disclosure Statement"), and represents as follows:

**Introduction**

1.      Roberta A. DeAngelis is the Acting United States Trustee ("UST") for this District.

2.      Pursuant to 28 U.S.C. § 586 and in furtherance of her case supervisory responsibilities, the UST has standing to raise and be heard on issues set forth in the Motion pursuant to 11 U.S.C. §307 and 28 U.S.C. §586(a).  This duty is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond

1

mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

## Background

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases (collectively, the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.      Numerous committees representing various constituents have been appointed in this case.  On April 13, 2001, the UST appointed the Official Committee of Unsecured Creditors (the "Creditors Committee"). Also on April 13, 2001, the UST appointed the Official Committee of Asbestos Personal Injury Claimants (the 'PI Committee) and the Official Committee of Asbestos Property Damage Claimants (the "PD Committee").  On June 18, 2001, the UST appointed the Official Committee of Equity Holders (the "Equity Committee').  Finally, on May 24, 2004, the Court appointed David Austern as the Future Claimants Representative (the "FCR").

5.      On September 19, 2008, the Debtors filed the Disclosure Statement related to the Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, and The Official Committee of Equity Security Holders Dated as of September 19, 2008 (the "Plan").

6.      On September 25, 2008, the Debtors filed their Motion For an Order Approving

Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief (the "Solicitation Procedures Motion").

## **Relevant Law**

7.     Section 1125 of the Bankruptcy Code governs the necessity and adequacy of disclosure statements.  Solicitation of votes is prohibited prior to court approval of a written disclosure statement, after notice and a hearing, which contains "adequate information." *See* 11 U.S.C. § 1125(b).

8.     Adequate information is defined as being:

> "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a reasonable hypothetical investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan."

11 U.S.C. § 1125(a)(1).

9.     "Investor typical of holders of claims or interests of the relevant class" is defined in section 1125 as being an investor having

> (A) a claim or interest of the relevant class;
> (B) such a relationship with the debtor as the holders of other claims or interests of such class generally have; and
> (C) such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have.

11 U.S.C. § 1125(a)(2).

10.     The disclosure statement requirement of section 1125 is "crucial to the effective functioning of the federal bankruptcy system[;] . . . the importance of full and honest disclosure cannot be overstated." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362

(3d Cir. 1996) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank* (*In re Oneida Motor Freight, Inc.*), 848 F.2d 414 (3d Cir. 1988)).

11.     "Adequate information" under section 1125 is "determined by the facts and circumstances of each case." *See Oneida*, 848 F.2d at 417 (citing H.R. Rep. No. 595, 97th Cong., 2d Sess. 266 (1977)).  The "adequate information" requirement is designed to help creditors in their negotiations with Debtors over the plan. *See Century Glove, Inc. v. First American Bank*, 860 F.2d 94 (3d Cir. 1988).

**Basis for Relief Requested**

12.     The UST objects to the Disclosure Statement as follows:

(a)     Section 4.8.8.7 of the Disclosure Statement contains the section titled "Specific Releases by Holders of Claims and Equity Interests."  That section provides for relief that is inappropriate under Third Circuit Law.   Specifically, that section provides that each holder of a claim that **who votes in favor of the Plan or receives or retain any property under the Plan** shall unconditionally release a number of parties. Moreover, the proposed Ballots attached to the Solicitation Procedures Motion do not provide holders of claims or interests the ability to separately withhold their consent to the release whether or not they vote to accept the Plan. The relevant law allows a claimant the ability to separately vote for a release. *See In re Continental Airlines*, 203 F.3d 203, 214 (3d Cir. 2000); *In re Zenith Electronics*, 241 B.R. 92, 111 (Bankr. D. Del. 1999) (providing that releases of third-party claims cannot be accomplished without "the affirmative agreement of the creditor affected**.")**.  The

Disclosure Statement, and if necessary the Plan, should be amended to provide the right to vote against providing these releases.[1]

(b)    The Disclosure Statement does not contain much relevant information related to the current dispute between the Debtors and certain unsecured creditors over the amount of interest to be paid on their claims.  A description of that dispute would certainly constitute adequate information, but would also provide a basis for the Debtors' determination that the general unsecured claims (Class 9) are unimpaired and deemed to have voted to accept the Plan.  Obviously, a decision on the impairment of the general unsecured claims would need to be made prior to approval of the Disclosure Statement to allow such claimants to vote on the Plan if necessary.  For disclosure purposes, a description of the dispute and its consequences on the estate and the implementation of the Plan is necessary and appropriate.

(c)    The Disclosure Statement fails to provide a statement regarding the filing of operating reports and the payment of quarterly fees pursuant to 28 U.S.C. §1930(a)(6) for both pre-and post-confirmation reports and fees.  It should be specifically noted that all pre-confirmation quarterly fees owed must be paid on the Effective Date of the Plan and that the Debtors, or the reorganized entity, has the continuing obligation to file reports and pay quarterly fees until an order is entered closing these cases.  This becomes especially important in this case as the Debtors are seeking through the Plan a limited substantive consolidation.  Such a provision

---

[1] The UST reserves her right to object at the time of confirmation to the validity of all provisions related to the releases, discharge, injunctions and exculpations as any such objection would properly constitute confirmation objections, not disclosure objections.

should not affect the Debtors' obligations to file operating reports and pay quarterly fees in each open case.

WHEREFORE, the United States Trustee respectfully requests this Court issue a ruling commensurate with the above referenced objection, and award such other relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

ROBERTA A. DEANGELIS
Acting United States Trustee


BY:     /s/ David M. Klauder
        David M. Klauder
        Trial Attorney
        Office of the United States Trustee
        833 Chestnut Street, Suite 500
        Philadelphia, PA 19107
Dated: October 17, 2007          Telephone:  (215) 597-4411
        Facsimile:   (215) 597-5795