IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., et al., | : | Case No. 01-01139 (JKF) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Objection Deadline: October 17, 2008 at 4:00 p.m.** |
| | : | **Hearing Date: October 27, 2008 at 9:00 a.m.** |
| | : | |
| | : | **Re: Docket No. 19620** |

**ACTING UNITED STATES TRUSTEE'S OBJECTION TO MOTION OF THE
DEBTORS FOR AN ORDER APPROVING DISCLOSURE
STATEMENT, SOLICITATION AND CONFIRMATION PROCEDURES,
<u>CONFIRMATION SCHEDULE AND RELATED RELIEF</u>**

The Acting United States Trustee, by and through her counsel, hereby files the following

objection to the Motion of the Debtors For an Order Approving  Disclosure Statement (the

"Disclosure Statement"), Solicitation and Confirmation Procedures (the "Solicitation Procedures"),

Confirmation Schedule and Related Relief, and represents as follows:

<u>**Introduction**</u>

1.      Roberta A. DeAngelis is the Acting United States Trustee ("UST") for this District.

2.      Pursuant to 28 U.S.C. § 586 and in furtherance of her case supervisory

responsibilities, the UST has standing to raise and be heard on issues set forth in the Motion

pursuant to 11 U.S.C. §307 and 28 U.S.C. §586(a).  This duty is part of the UST's overarching

responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United*

*States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d

Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond

mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.),* 898 F.2d 498, 500

1

(6th Cir. 1990) (describing the UST as a "watchdog").

**Background**

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases (collectively, the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.      Numerous committees representing various constituents have been appointed in this case.  On April 13, 2001, the UST appointed the Official Committee of Unsecured Creditors (the "Creditors Committee"). Also on April 13, 2001, the UST appointed the Official Committee of Asbestos Personal Injury Claimants (the 'PI Committee) and the Official Committee of Asbestos Property Damage Claimants (the "PD Committee").  On June 18, 2001, the UST appointed the Official Committee of Equity Holders (the "Equity Committee').  Finally, on May 24, 2004, the Court appointed David Austern as the Future Claimants Representative (the "FCR").

5.      On September 19, 2008, the Debtors filed the Disclosure Statement related to the Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, and The Official Committee of Equity Security Holders Dated as of September 19, 2008 (the "Plan").

6.      On September 25, 2008, the Debtors filed this Motion, which seeks approval of the Disclosure Statement and the Solicitation Procedures.

2

## **Basis for Relief Requested**

7.     As noted in the UST's Objection to the Disclosure Statement, the third-party releases as set out in section 4.8.8.7 of the Disclosure Statement are overbroad and not appropriate under Third Circuit law.  The issue is relevant to the Solicitation Procedures because it affects the Ballots that are used for voting purposes.  Each Ballot should contain a separate section that allows a creditor to opt-in to the third-party release provisions in the Plan.  In other words, each holder of a claim or equity interest who submits a ballot must separately check a box that provides for the release contemplated in section 4.8.8.7 of the Disclosure Statement.  The proposed Ballots are not appropriate without the opt-in feature.  *See In re Continental Airlines*, 203 F.3d 203, 214 (3d Cir. 2000); *In re Zenith Electronics*, 241 B.R. 92, 111 (Bankr. D. Del. 1999).

8.     While the Solicitation Procedures allows holders of claims to file motions under Bankruptcy Rule 3018(a) to temporarily allow their claim for voting purposes, these provisions are not specific as to the procedure and time line for having such a matter adjudicated by the Court. Specifically, there must be enough time before the Voting Deadline to allow a claimant to file a Rule 3018(a) motion and for that motion to be heard by the Court.  As currently proposed in the Solicitation Procedures, claimants may not have enough time for their Rule 3018(a) motions to be heard by the Court prior to the Voting Deadline.

WHEREFORE, the Acting United States Trustee respectfully requests this Court issue a ruling commensurate with the above referenced objection, and award such other relief as this Court deems appropriate under the circumstances.

<div style="margin-left: 40%;">

Respectfully submitted,

ROBERTA A. DEANGELIS
Acting United States Trustee

</div>

BY:     <u>/s/ David M. Klauder</u>
          David M. Klauder
          Trial Attorney
          Office of the United States Trustee
          833 Chestnut Street, Suite 500
          Philadelphia, PA 19107

Dated: <u>October 17, 2007</u>     Telephone: (215) 597-4411
          Facsimile:  (215) 597-5795