## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | Case No. 01-01139 JKF |
| W.R. Grace & Co., *et al.* | : | (Jointly Administered) |
| | : | **Docket Reference No. 19581** |
| Debtors. | : | **Hearing Date:  Oct 27, 2008 at 9:00 p.m.** |

### JOINT OBECTION OF SEATON INSURANCE COMPANY
### AND ONEBEACON AMERICA INSURANCE COMPANY TO
### DEBTORS' PROPOSED DISCLOSURE STATEMENT

Seaton Insurance Company as successor-in-interest to Unigard Security Insurance

Company, formerly known as Unigard Mutual Insurance Company ("Seaton") and OneBeacon

America Insurance Company as successor-in-interest to Commercial Union Insurance Company

and American Employers' Insurance Company ("OneBeacon" and collectively with Seaton, the

"Insurers"), by and through their undersigned counsel, hereby object to Debtors' proposed

Disclosure Statement ("Disclosure Statement") (Docket No. 19581) and to Debtors' motion for

an order approving the same (Docket No. 19621).

### Background

    1.     On February 14, 2005, Seaton filed Claim Nos. 15530 to 15591, consisting of one

claim against each of the Debtors herein.  These claims are based on settlement agreements,

containing contractual indemnity provisions, signed by W.R. Grace & Co. and/or W.R. Grace &

Co. – Conn. on behalf of themselves and each of the other Debtors herein ("Seaton Contractual

Indemnity Claims").

    2.     On February 14, 2005, OneBeacon filed Claim Nos. 15592 to 15653, consisting

of one claim against each of the Debtors herein.  These claims are based on Settlement

Agreements, containing contractual indemnity provisions, signed by W.R. Grace & Co. and/or

W.R. Grace & Co. – Conn. on behalf of themselves and each of the other Debtors herein ("OneBeacon Contractual Indemnity Claims").

3.      Seaton's proofs of claim were determined to be timely filed by the Stipulation and Order Regarding Proofs of Claim of Seaton Insurance Company entered on September 27, 2005 (Docket No. 9159).

4.      OneBeacon's proofs of claims were determined to be timely filed by the Stipulation and Order Regarding Proofs of Claim of OneBeacon America Insurance Company entered on September 27, 2005 (Docket No. 9158).

5.      Pursuant to a Stipulation between Debtors and Seaton and OneBeacon, which was approved by the Court on May 3, 2007 (D.I. 15503) and subject to the terms of the Stipulation, Seaton agreed that its claim number 15553 would remain as its sole claim against the Debtors or the Debtors' bankruptcy estate(s), and OneBeacon agreed that its claim number 15593 would remain as its sole claim against the Debtors or the Debtors' bankruptcy estate(s).

### Objection

6.      Insurers object to the entry of an order finding that the Disclosure Statement contains adequate information because the Disclosure Statement fails to provide information critical to Insurers' review and analysis of the Plan.

7.      Section 1125(b) of the Bankruptcy Code provides, in pertinent part:

> "[a]n acceptance or rejection of a plan may not be solicited …
> unless, at the time of or before such solicitation, there is
> transmitted … the plan or a summary of the plan and a written
> disclosure statement approved, after notice and a hearing by the
> court as containing adequate information."

See 11 U.S.C. § 1125(b).

8.      "Adequate information" is defined in section 1125(a)(1) of the Bankruptcy Code as:

"information of a kind, and in sufficient detail, as far as reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan."

See 11 U.S.C. § 1125(a)(1).

9.    Disclosure is "[o]ne of the fundamental policies underlying the Chapter 11 reorganization process...." *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170 (S.D. Ohio 1988). The determination of what constitutes adequate disclosure must be made on a case by case basis, but at a minimum, it must provide creditors with sufficient information to enable them to decide whether they should accept or reject a proposed plan. *In re Ferretti*, 128 B.R. 16, 18 (Bankr. D.N.H. 1991). "These disclosure requirements are crucial to the effective functioning of the federal bankruptcy system. Because creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and honest disclosure cannot be overstated." *Ryan Operations G.P. v. Santiam-Mid-West Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996).

10.    Here, the Debtors' Disclosure Statement should not be approved because it fails to provide adequate information to enable Insurers to make an informed judgment about the Plan. It does not permit the Insurers to determine how the Seaton Contractual Indemnity Claims and OneBeacon Contractual Indemnity Claims will be treated under the Plan and Plan Documents, and whether they are impaired.

11.    Proposed language to be inserted into the Disclosure Statement to resolve this issue is as follows: *"Notwithstanding anything else in this Disclosure Statement, the Plan, or Plan Documents to the contrary, the rights of Seaton Insurance Company ("Seaton") and OneBeacon America Insurance Company ("OneBeacon") are not affected in any way by the*

- 3 -

*Plan or Plan Documents, and the Claims asserted against the Debtors by Seaton and*

*OneBeacon are not impaired in any way by the Plan or Plan Documents."*

12.    Equally important, the Debtors have not yet filed either Exhibit 5 (Asbestos

Insurance Policy Schedule) or Exhibit 6 (Asbestos Insurance Transfer Agreement) to the Exhibit

Book.  Without these exhibits, Insurers cannot determine how they are to be treated under the

Plan – namely, whether each will be deemed a "Settled Asbestos Insurance Company" with

respect to each of their "Asbestos Insurance Policies" and, therefore, an "Asbestos Protected

Party" with respect to each such "Asbestos Insurance Policy."  Without Exhibits 5 and 6, the

information provided in the Disclosure Statement and Plan is wholly inadequate.

WHEREFORE Insurers respectfully request that this Court deny Debtors' motion for an

order approving the Disclosure Statement.

Dated: October 17, 2008

/s/ David P. Primack
Warren T. Pratt (DE Bar I.D. #4334)
David P. Primack (DE Bar I.D. #4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE  19801-1243
Telephone: (302) 467-4200
Facsimile:  (302) 467-4201

- and -

Michael F. Brown (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757