IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | : | Case No. 01-1139 (JKF) |
| | : | (Jointly Administered) |
| Debtors. | : | **Re: D.I. No. 19581** |

**OBJECTION OF BNSF RAILWAY COMPANY TO DEBTORS' DISCLOSURE STATEMENT FOR THE JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS DATED AS OF SEPTEMBER 19, 2008**

BNSF Railway Company and its predecessors, the Great Northern Railway Company, the Burlington Northern Railroad Company, and The Burlington Northern & Santa Fe Railway Company (collectively, "BNSF") through its undersigned counsel, hereby objects (the "Objection") to the above-captioned debtors' (the "Debtors") Disclosure Statement For The Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co., *et al.*, The Official Committee Of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, And The Official Committee Of Equity Security Holders Dated As Of September 19, 2008 (D.I. 19581) (the "Disclosure Statement"), and in support hereof, BNSF respectfully states as follows:

## Background

1. On April 2, 2001 (the "Petition Date") the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"). The Debtors are presently operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

#10183553 v2

2.  BNSF and the Debtors, through their respective predecessors, are parties to certain contracts (the "Pre-Petition Contracts") pursuant to which the Debtors have generally agreed to indemnify BNSF for any and all liability relating to the operation of the Debtors' mine in Lincoln County, Montana. In connection with the Pre-Petition Contracts, the Debtors were obligated to obtain policies of insurance naming BNSF as the insured. BNSF believes that the Debtors did in fact obtain such policies.

3.  None of the Pre-Petition Contracts between BNSF and the Debtors have been assumed or rejected by the Debtors to date.

4.  Post-petition, BNSF was named as a defendant in hundreds of asbestos-related personal injury actions relating to its rail transportation of vermiculite derived from the Debtors' operations at the Libby mine in Montana (the "Montana Actions"). Additionally, BNSF was named as a defendant in four similar actions that were initiated prior to the Petition Date.

5.  The Debtors are not named as parties-defendant in the Montana Actions because the automatic stay was in place when the Libby plaintiffs filed suit.

6.  On September 19, 2008, the Debtors filed their Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co., *et al.*, The Official Committee Of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, And The Official Committee Of Equity Security Holders Dated As Of September 19, 2008 (the "Joint Plan") [Docket No. 19579] and accompanying Disclosure Statement.

**Argument**

7.  The Disclosure Statement cannot be approved because it does not contain "adequate information" as required by section 1125 of the Bankruptcy Code.

#10183553 v2

8. "Asbestos PI Claim" is broadly defined in the Disclosure Statement and Joint Plan to include claims (including cross-claims, contribution claims, subrogation claims, reimbursement claims, or indemnity claims) that are "based on, or arising out of, resulting from, or attributable to, directly or indirectly" personal injuries or other damages cause, based on, arising from or attributable to, directly or indirectly, acts or omissions of the "Debtors ... or any other Entity for whose products or operations any of the Debtors allegedly has liability or is otherwise liable". Joint Plan at pp. 10-11.

9. Given this broad definition, the Joint Plan may include claims asserted against BNSF by the plaintiffs in the Montana Actions as such claims are claims involving personal injury or damage based on acts of an Entity (BNSF) for whose operations the Debtors have liability pursuant to the Pre-Petition Contracts.

10. However, BNSF is not included among the list of "Non-Debtor Affiliates" in Exhibit 16 in the Exhibit Book to the Joint Plan and; therefore, appears not to be included as a beneficiary of the section 524(g) channeling injunction.

11. The Disclosure Statement does not clearly explain the effect of the Joint Plan on claims asserted by plaintiffs in the Montana Actions against BNSF.

12. BNSF proposes that language be included in the Disclosure Statement that explains that *BNSF and any person or Entity that has asserted or will in the future assert a claim against BNSF relating to BNSF's transportation of vermiculite relating to the Debtors' operations at the Libby Mine shall have an allowed claim in Class 6 for any and all injuries, losses or damage set forth in such claim.*

13. Additionally, to the extent that the Joint Plan Proponents intend to treat BNSF's claims as Asbestos PI Claims or Indirect PI Trust Claims, they must disclose their basis as to why BNSF's claims, which result from claims asserted against BNSF post-petition and from liability that for the most part has yet to be imposed upon BNSF, are not claims that

#10183553 v2

accrued post-petition against the reorganized debtor and are not subject to discharge in the Joint Plan. In prior proceedings, BNSF has asserted that it holds post-petition, post-confirmation, common law indemnity claims against the Debtors. Such claims are post-confirmation claims as set forth in <u>Avellino & Bienes v. M. Frenville Co., Inc. (In re M. Frenville Co., Inc.)</u>, 744 F.2d 332, 337-38 (3d Cir. 1984).

14. BNSF proposes that language be added to the Disclosure Statement to the effect that *Notwithstanding anything in the Plan or Disclosure Statement to the contrary, to the extent that BNSF holds common law indemnification, contribution or other state-law claims arising post-confirmation, such claims are not discharged, released or otherwise adversely affected by the Joint Plan or confirmation thereof.*

15. There is also inadequate information concerning the effect of the Asbestos Insurance Entity Injunction on claims that BNSF may have against certain insurers resulting from any direct liability that BNSF may have to plaintiffs in the Montana Action. The Disclosure Statement is silent as to BNSF's rights to coverage under certain of the Debtors' insurance policies. BNSF was not a party to the settlement agreement between the Debtors and their insurers pursuant to which the insurers purportedly paid the policy limits to the Debtors in exchange for a release. BNSF has rights under certain of the Debtors' insurance policies for coverage and defense of liabilities that may be asserted against and imposed on BNSF as a result of its relationship with the Debtors and, in particular, with the Debtors' operations at the vermiculite mine in Libby, Montana.

16. BNSF proposes that language be inserted in the Disclosure Statement to the effect that *notwithstanding anything in the Joint Plan or Disclosure Statement to the contrary, BNSF's existing rights to coverage and defense under the Debtors' insurance policies shall not be discharged, released or otherwise adversely affected by any provision of the Joint Plan or confirmation thereof.*

-5-

WHEREFORE, BNSF respectfully requests that the Court deny approval of the Disclosure Statement absent modification to address the deficiencies noted herein.

| | |
|---|---|
| Dated: October 17, 2008<br>Wilmington, DE | PEPPER HAMILTON LLP<br><br>/s/ Evelyn J. Meltzer<br>Evelyn J. Meltzer (No. 4581)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>P.O. Box 1709<br>Wilmington, DE  19899-1709<br>(302) 777-6500<br><br>*Counsel to BNSF Railway Company* |
| OF COUNSEL:<br>Edward C. Toole Jr.<br>Anne Marie Aaronson<br>PEPPER HAMILTON LLP<br>3000 Two Logan Square<br>18th & Arch Streets<br>Philadelphia, PA 19103 | |

#10183553 v2

## CERTIFICATE OF SERVICE

I, Evelyn J. Meltzer, do hereby certify that on the 17th day of October, 2008, I did serve the foregoing Objection Of BNSF Railway Company To Debtors' Disclosure Statement For The Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co., et al., The Official Committee Of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, And The Official Committee Of Equity Security Holders Dated As Of September 19, 2008, by causing a true and correct copy thereof to be served upon the attached service list via electronic mail and United States mail, first class, postage pre-paid.

/s/ Evelyn J. Meltzer
Evelyn J. Meltzer (DE No. 4581)

#10183553 v2

David M. Bernick, P. C.
Janet S. Baer, Esquire
Kirkland & Ellis
200 E. Randolph Drive
Chicago, IL 60601
E-mail: dbernick@kirkland.com; jbaer@kirkland.com

Theodore L. Freedman, Esquire
Deanna D. Boll, Esquire
Craig A. Bruens, Esquire
Kirkland & Ellis LLP
Citigroup Center, 153 E. 53rd Street
New York, NY 10022
E-mail: tfreedman@kirkland.com;
dboll@kirkland.com; cbruens@kirkland.com

Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Timothy Cairns, Esquire
Pachulski Ziehl Stang Ziehl Young Jones
919 N. Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899
E-mail: ljones@pszyj.com; jo'neill@pszyj.com;
tcairns@pszyjw.com

David Klauder, Esquire
Office of the United States Trustee
844 King Street
Suite 2207
Wilmington, DE 19801
E-mail: David.Klauder@usdoj.gov

Peter Van N. Lockwood, Esquire
Ronald Reinsel, Esquire
Jeffrey Liesemer, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005
E-mail: pvnl@capdale.com; rer@capdale.com;
jal@capdale.com

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500
E-mail: ei@capdalec.com

Marla R. Eskin, Esquire
Mark T. Hurford, Esquire
Campbell & Levine, LLC
800 King Street, Suite 300
Wilmington, DE 19801
E-mail: meskin@camlev.com; mhurford@camlev.com;
cl@camlev.com

Roger Frankel, Esquire
Richard H. Wyron, Esquire
Debra L. Felder, Esquire
Orrick, Herrington & Sutcliffe LIP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706
E-mail: rfrankel@orrick.com; rwyron@orrick.com;
dfelder@orrick.com

John C. Phillips, Jr., Esquire
Phillips Goldman & Spence, PA
1200 North Broom Street
Wilmington, DE 19806
E-mail: jcp@pgslaw.com

Philip Bentley, Esquire
Douglas Mannal, Esquire
Kramer Levine Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
E-mail: pbentley@kramerlevine.com;
dmannal@kramerlevine.com

Teresa D. Currier, Esquire
Buchanan, Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19899-1397
E-mail: teresa.currier@bipc.com