UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

_____
                                    )
In re                               )    Chapter 11
                                    )
W.R. GRACE & CO., *et al.*,         )    Case No. 01-01139 (JKF)
                                    )
            Debtors.                )    (Jointly Administered)
_____)    Regarding D.I. 19581 and 19582


**OBJECTION OF CENTURY INDEMNITY COMPANY ET AL. TO
DEBTORS' DISCLOSURE STATEMENT FOR THE JOINT PLAN OF
REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE
OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS'
REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY
HOLDERS DATED AS OF SEPTEMBER 19, 2008**

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, as successor to CIGNA Specialty Insurance Company, formerly known as California Union Insurance Company; Pacific Employers Insurance Company; Century Indemnity Company of Hartford, Connecticut by and through Cravens, Dargan & Company Pacific Coast (with respect to policy no. C1Z426249); and Central National Insurance Company of Omaha, with respect to policies issued through Cravens, Dargan Pacific Coast, as Managing General Agent (and possibly other ACE USA-related companies) (collectively, "Insurers"), by their attorneys, object to the motion (the "Motion") for approval of Debtors' Disclosure Statement For The Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co., Et Al., The Official Committee Of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, And The Official Committee Of Equity Security Holders Dated As Of September 19, 2008 (the "Disclosure

Statement"),[1] as follows:

## Introduction

1. On or about April 2, 2001 (the "Petition Date"), Debtors filed their Voluntary Petitions for Relief under Chapter 11 of the United States Bankruptcy Code.

2. Prior to the Petition Date, Insurers issued one or more insurance policies (collectively the "Policies") to Debtors.

3. In 1994 and 1998, Insurers entered into certain settlement agreements with Debtors pursuant to which Debtors released Insurers from their obligations to provide coverage under the Policies for asbestos related claims (the "Settlements").

4. Insurers have certain continuing rights (the "Contractual Rights") and Debtors have certain continuing obligations (the "Contractual Obligations") under the Policies and/or the Settlements.

5. Through the Motion, Debtors seek approval of the Disclosure Statement without first providing Insurers or other parties in interest with basic information which is necessary for Insurers to determine whether the Plan prejudices their rights under the Settlements and/or the Policies.

6. Because it fails to provide basic and meaningful information and/or acknowledges Insurers' rights under the Settlements, the Disclosure Statement fails to provide "adequate information" as required by section 1125 of the Bankruptcy Code and should not be approved.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Disclosure Statement.

**Objections To Approval Of Disclosure Statement**

7.    Section 1125 of the Bankruptcy Code requires that the Disclosure Statement provide "adequate information," defined as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

11 U.S.C. § 1125(a)(1).

8.    The determination of what constitutes adequate information is within the discretion of the bankruptcy court. *See In re Cardinal Congregate I,* 121 B.R. 760, 764-65 (Bankr. S.D. Ohio 1990). A disclosure statement, however, must contain all material information relating to the risks posed to creditors and equity holders under the proposed plan of reorganization. *See In re Unichem*, 72 B.R. 95 (Bankr. N.D. Ill. 1987).

**The Disclosure Statement Should Not Be Approved Because It Fails To Provide Adequate Information About The Policies And The Settlements**

9.    The Plan proposes to channel all Asbestos PI Claims against the Debtors to the Asbestos PI Trust. *See* DS at p. 18.[2]

10.    Debtors proposed to fund the Asbestos PI Trust, in part, with proceeds of the Asbestos Insurance Policies identified on Plan Exhibit 5. *See* DS at pp. 19-20.

11.    According to the Plan, Debtors' rights in the Asbestos Insurance Policies are to be transferred to the Asbestos PI Trust pursuant to the terms of the Asbestos Insurance Transfer Agreement. *See* DS at p. 88.

---

[2]  All citations made herein to specific pages of the Disclosure Statement shall be designated as "DS at p." followed by the specific page number.

-3-

12. The Disclosure Statement describes in general terms, that, as a result of various settlement agreements with their insurers, virtually all of Debtors' primary insurance coverage otherwise available to pay Asbestos PI Claims has been exhausted. *See* DS at pp. 42-43.

13. The Disclosure Statement further provides that, as a result of yet other settlements, a portion of Debtors' excess coverage otherwise available to pay Asbestos PI Claims has been exhausted. *See* DS at pp. 42-43.

14. According to the Disclosure Statement, the amount of unexhausted insurance coverage still available to the Debtors under the Asbestos Insurance Policies is approximately $917 million. *See* DS at pp. 42-44.

15. Of the coverage still available, a portion is allegedly available to Debtors under policies that are subject to no settlement agreement, and a portion is allegedly available under policies that are subject to partially-funded settlement agreements. *See* DS at pp. 42-43.

16. The Plan appears to treat those insurers whose policies are exhausted or who have fully satisfied their obligations under their settlement agreements with Debtors as Settled Asbestos Insurance Companies and Asbestos Protected Parties entitled to the protection of the permanent Asbestos PI Channeling Injunction. *See* DS at pp. 42-43; definition of Asbestos Protected Party, Plan at § 1.1.42; definition of Settled Asbestos Insurance Company, Plan at § 1.1.183.

17. As Asbestos Insurance Entities that have fully satisfied their obligation to Debtors under the Settlements, Insurers are entitled to be treated as Settled Asbestos Insurance Companies and Asbestos Protected Parties under the Plan.

18. As of the deadline for filing objections to the Disclosure Statement, Plan Exhibit 5 (which is to identify the Asbestos Insurance Policies and Asbestos Insurance Settlement Agreements) has not yet been filed with the Court.

19. Without the opportunity to review Plan Exhibit 5, Insurers cannot determine if the Plan will preserve their rights under the Settlements by treating them as an Settled Asbestos Insurance Companies and Asbestos Protected Parties.

20. As a result, the Disclosure Statement fails to provide adequate information regarding the Plan's treatment of Insurers' rights under the Plan and cannot be approved.

## **Reservation Of Rights**

21. Insurers expressly reserve, and do not waive, all of their rights, defenses, limitations and/or exclusions in connection with the Contractual Rights, Contractual Obligations, applicable law or otherwise. Insurers further reserve all rights to assert any and all such rights, defenses, limitations and/or exclusions in any appropriate manner or forum whatsoever (including, without limitation, any of their rights to have any non-core matter relating to the interpretation of their Contractual Rights and the Debtors' Contractual Obligations adjudicated by the United States District Court). Nothing contained in these Objections shall be deemed to expand any coverage that may otherwise be available under any insurance policies or any rights to payment under settlements.

22. Insurers further reserve all of their rights to raise the issues contained in these Objections and any other related issues in any procedurally appropriate contested matter and/or adversary proceeding including, without limitation, objections to confirmation of the Plan and a separate adversary proceeding requesting any declaratory and/or injunctive relief with respect to any Contractual Rights that may be adversely affected by confirmation of the Plan.

23. Insurers further reserve all of their rights to object to any claim for coverage under any policies and/or any claim for payment under any settlement agreements, to seek declaratory and/or injunctive relief to the extent that treatment of the Contractual Rights, Contractual Obligations and/or confirmation of the Plan violates any terms or conditions of any policies and/or settlements or gives rise to any defenses on behalf of Insurers.

24. Nothing in these Objections shall be construed as an acknowledgment that any policies or pre-petition settlement agreements cover or otherwise apply to any claims, losses or damages on account of any claims or otherwise, or that any such claims or causes of action are eligible for payment. Insurers reserve the right to seek an adjudication that the Debtors, individually or collectively, have waived or forfeited any available coverage under any policies or settlements.

25. Finally, Insurers reserve their right to amend, modify or supplement these Objections in response to, or as a result of, the filing of the Plan Documents by the Debtors or any other plan proponent, any discovery being conducted in connection with confirmation of the Plan, and/or any submission in connection with the Plan or this bankruptcy case filed by any party-in-interest. Insurers also reserve the right to adopt any other objections to approval of the Disclosure Statement filed by any party.

## **Conclusion**

26.     For the reasons set forth above, the Disclosure Statement fails to provide adequate information regarding the proposed treatment of Insurers' rights under the Plan and should not be approved.

Dated:  October 17, 2008

/s/ Marc S. Casarino
Marc S. Casarino (Bar No. 3613)
White and Williams LLP
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Telephone:  (302) 467-4520
Telecopier:  (302) 467-4550
E-Mail:  casarinom@whiteandwilliams.com

and

Joseph G. Gibbons
(Member of the PA Bar)
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
Telephone:  (215) 864-7000
Telecopier:  (215) 864-7123
E-Mail: gibbonsj@whiteandwilliams.com

Attorneys for Century Indemnity
Company, et al.