# EXHIBIT A

### 2.6.2 Libby Vermiculite

From 1963 to 1990, Grace owned and operated a mining and manufacturing facility in Libby, Montana at which it produced vermiculite. Vermiculite is a mineral that expands into popcorn-like, low-density pieces when heated. This exfoliated or expanded vermiculite is lightweight and fire-resistant, and thus can be used for insulation, fireproofing, potting soil and other applications. Vermiculite is itself an inert mineral that is not a form of asbestos and has no known toxic properties. However, vermiculite ore from the Libby mine contained numerous secondary minerals, including a form of asbestos consisting of asbestiform amphiboles.[1] Amphibole asbestos is far more deadly than the more common chrysotile asbestos. The long, needle-like amphibole asbestos fibers can easily become embedded in the lungs and cause a highly progressive form of asbestos pleural disease, which is often fatal. The claimants injured by exposure to asbestos from Grace's operations in Libby (the "Libby Claimants")[2] assert that the raw ore was 21-26% asbestos, and that whenever vermiculite was moved in the course of Grace's operations (as in blasting, trucking, or processing), clouds of dust formed which, according to the Libby Claimants, were variously analyzed to contain 28%, 40%, or even 70% asbestos.

The Libby facility milled the mined ore into a concentrate through a crushing, screening, washing and flotation separation process that removed most impurities, including the amphibole. After milling, the vermiculite concentrate contained 1-3% and generally less than 1% asbestos. At Grace's "expansion plants" throughout the country, the concentrate was passed through furnaces at temperatures approaching 2,000 degrees Fahrenheit, which resulted in the further reduction of asbestos content. The expanded vermiculite – with the asbestos content that was typically a fraction of 1% - was bagged and sold under the Zonolite trademark.

From the 1950s forward, including after Grace acquired the mine in 1963, the State of Montana, Division of Disease Control, performed industrial hygiene inspections that repeatedly resulted in reports finding asbestos levels far in excess of the standard, with the dry mill air samples averaging over 30 fibers/cc from 1968-1974. The Libby Claimants claim that a Grace in-house study in 1965 showed 20% of the workforce had asbestosis. But according to the Libby Claimants, State recommendations were not followed, and the workers were not told of the inspection reports, studies or the asbestos hazard until 1979. The Libby Claimants assert that over the years, as inspections continued, the State repeatedly objected to poor progress on dust control, and that steps taken to address the problem were inadequate and known by Grace to be so. According to the Libby Claimants, the Libby operation remained hazardous to its workers and the

---

[1] Asbestiform amphibole impurities in vermiculite are atypical and not characteristic of most vermiculite deposits. Grace believes that the amount of impurities is related to the extreme depth of the ore deposit in Libby. Most vermiculite deposits – such as those at Grace's Enoree, South Carolina mine – are relatively shallow.

[2] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 18664], as it may be amended and restated from time to time.

community until after it was shut down in 1990. In 1999, a Libby jury found that Grace intentionally and maliciously injured workers, and awarded punitive damages.

### 2.6.2.1 Personal Injury Claims from Libby Operations

Over 1,500 Libby residents – workers at the Libby mine, their families, and townspeople who had the misfortune to breathe the dust-laden air – have been diagnosed with Libby amphibole asbestos disease. The Libby Claimants assert that over 200 people have died of this disease and others are approaching the end stage of the disease. According to the Libby Claimants, there is no question concerning exposure to Grace's asbestos or Grace's responsibility for the Libby Claimants' injury. Grace admitted to the Court of Appeals for the Ninth Circuit that "[t]here is no question, and Grace does not deny, that workplace conditions at the Libby mill . . . were dangerous, and tragically caused or contributed to disease and/or death as a result of asbestos exposure." The Libby Claimants assert that workers and residents of Libby who suffer from Libby amphibole asbestos disease are entitled to fair compensation from Grace.