IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | *10/20/08 Agenda #10* |
| Debtors. | ) | (Jointly Administered) |
| | ) | *Related Docket No. 19540* |

ORDER (A) ESTABLISHING AUGUST 31, 2009 AS THE PROOF OF CLAIM BAR DATE FOR CANADIAN ZONOLITE ATTIC INSULATION PROPERTY DAMAGE CLAIMS AND (B) APPROVING THE RELATED PROOF OF CLAIM FORM, BAR DATE NOTICES, AND NOTICE PROGRAM

Upon the Debtors' motion seeking entry of an order (a) establishing a proof of claim bar date for Canadian Zonolite Attic Insulation Property Damage Claims ("CDN ZAI PD Claims")[2] and (b) approving the related proof of claim form, bar date notices, and notice program (the "Motion"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Terms not defined herein shall have the meaning ascribed to them in the Motion.

K&E 13373657.1

pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation, consideration of all objections to the Motion and arguments from counsel, and sufficient cause appearing therefore, it is hereby

ORDERED that the relief requested in the Motion is granted to the extent set forth herein, and it is further

ORDERED that August 31, 2009 at 5:00 p.m. (prevailing Eastern Time), shall be the CDN ZAI PD Claims Bar Date, which shall be the last date and time by which the CDN ZAI PD Proof of Claim Form on account of a CDN ZAI PD Claim must be filed or the holder of such CDN ZAI PD Claim shall be forever barred from asserting such CDN ZAI PD Claim against the Debtors; and it is further

ORDERED that the term "CDN ZAI PD Claim" shall be defined as set forth in the bar date documents attached hereto at Exhibit A and Exhibit B; and it is further

ORDERED that the Debtors shall:

(1) mail via first-class United States mail, within thirty (30) days of entry of this Order, a copy of the CDN ZAI PD Bar Date Notice Package,[3] to (i) all known Holders of CDN ZAI PD Claims and their counsel of record, (ii) the Office of the United States Trustee; (iii) counsel to the official committees appointed in these Chapter 11 Cases; and (iv) all those parties that have requested service and notice of papers in accordance with Bankruptcy Rule 2002;

(2) mail via first-class United States mail, within thirty (30) days of receipt of names and addresses of potential other known putative claimants provided by the Crown, a copy of the CDN ZAI PD Bar Date Notice Package to all such claimants; and

---

[3] The CDM ZAI PD Bar Date Notice Package consists of the Cover Letter to Potential Known CDN ZAI PD Claimants, CDN ZAI PD Proof of Claim Form, the General Instructions for Completing the CDN ZAI PD Proof of Claim, and the Notice of the Last Day to File a Claim Concerning CDN ZAI PD Claims.

2

K&E 13373657.1

(3) complete the publication notice and third-party mailings that are outlined in the CDN ZAI PD Bar Date Notice Program by February 28, 2009; and it is further

ORDERED that the form and use of the CDN ZAI PD Proof of Claim Form and the General Instructions for Completing the CDN ZAI PD Proof of Claim Form, annexed hereto at Exhibit A, are approved; and it is further

ORDERED that the CDN ZAI PD Bar Date Notices, annexed hereto at Exhibit B, are approved; and it is further

ORDERED that inclusion of the Cover Letter in the Bar Date Notice Package, in the form annexed hereto at Exhibit C, is approved; and it is further

ORDERED that the CDN ZAI PD Bar Date Notice Program, annexed hereto at Exhibit D, is approved and shall constitute adequate notice of the CDN ZAI PD Bar Date to all known and unknown CDN ZAI PD Claimants in Canada; and it is further

ORDERED that the CDN ZAI PD Proof of Claim must be completed and signed by individual holders of CDN ZAI PD Claims or their authorized agents; and it is further

ORDERED that notwithstanding any term, provision, or notice to the contrary, if a person or entity holds a CDN ZAI PD Claim against more than one of the Debtors, such person or entity need not file a separate CDN ZAI PD Proof of Claim against each of the applicable Debtors in order to comply with the requirements of this Order and to preserve such person's or entity's CDN ZAI PD Claim, the timely filing of only one CDN ZAI PD Proof of Claim being sufficient and proper for purposes of this Order; and it is further

ORDERED that holders of CDN ZAI PD Claims are not required to submit any physical samples of ZAI with the CDN ZAI PD Proof of Claim, however, nothing in this Order prohibits any other person or entity from seeking samples in the future as part of the submission

3

of a CDN ZAI PD Claim to the CDN ZAI PD Claims Fund established in Canada; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Pittsburgh, Pennsylvania
Dated: 10/20, 2008

*Judith K. Fitzgerald*
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge