IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket: 19676 |

10/20/08 Agenda #13

## AMENDED AND RESTATED ORDER APPROVING SETTLEMENT AGREEMENT WITH THE TOWN OF ACTON RESOLVING TAX ABATEMENT PETITIONS AND ADDRESSING SEWER BETTERMENT ASSESSMENTS

Upon consideration of the Motion of Debtors For Entry of an Order Approving Settlement Agreement with the Town of Acton Resolving Tax Abatement Petitions and Addressing Sewer Betterment Assessments (the "Motion"); and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or the Settlement Agreement.

ORDERED that this Order amends and restates in its entirety, and therefore supersedes, this Court's Order entered on October 1, 2008, with respect to the Motion;

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors[3] are authorized to enter into the Settlement Agreement; and it is further

ORDERED that the Debtors are authorized to perform their respective obligations under the Settlement Agreement; and it is further

ORDERED that the Debtors are authorized to make the payments in the sums provided for in the Settlement Agreement; and it is further

ORDERED that (i) the Settlement Agreement and Grace's rights and obligations under the Agreement are hereby approved fully and unconditionally; (ii) the Settlement Agreement shall be binding upon any trustee appointed with respect to Grace's estates; (iii) the Settlement Agreement shall survive confirmation of any plan of reorganization, any conversion of the cases to chapter 7, or any dismissal, and (iv) Grace's obligations under the Settlement Agreement are immediately payable as outlined in the Settlement Agreement and entitled to administrative expense priority under Section 503(b) of the Bankruptcy Code without further application or Order of this Court notwithstanding anything in any plan of reorganization or order confirming a plan with respect to the Debtors; and it is further

ORDERED that the terms of the Settlement Agreement shall not be amended, modified, or altered by any Plan of Reorganization confirmed with respect to one or more of the

Debtors unless such amendment, modification, or alteration is required as a matter of law to enable the Plan to comply with Title 11 of the United States Code; and it is further

ORDERED that if the Settlement Agreement is amended, modified, or altered by a Plan of Reorganization under the limited circumstances permitted by the immediately preceding paragraph, the Town shall have the right, but not the obligation, to declare the Settlement Agreement void prospectively by delivering written notice to the Debtors of same, and upon delivery of such notice, the Town and the Debtors shall enjoy all rights they enjoyed prior to entry of this Order but giving credit for any performance made by either party under the Settlement Agreement that occurred before the Town declared it void; and it is further

ORDERED that the Debtors are authorized to take whatever other actions may be necessary to consummate the transactions contemplated by the Settlement Agreement; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

ORDERED that this Order is effective immediately upon its entry.

Dated: 10/20, 2008

_____
Honorable Judith K. Fitzgerald
U. S. Bankruptcy Judge