IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.[1] | ) | Case No.  01-01139 (JFK) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

THIRTEENTH QUARTERLY INTERIM APPLICATION OF
BEVERIDGE & DIAMOND, P.C.
FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES
AS COUNSEL TO THE DEBTORS FOR THE
PERIOD FROM APRIL 1, 2008 THROUGH JUNE 30, 2008

| | |
|---|---|
| Name of Applicant: | Beveridge & Diamond, P.C. |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | May 12, 2005 |
| Period for which Compensation and Reimbursement is Sought: | April 1, 2008 through June 30, 2008 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $77,219.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $1,458.81 |

This is a: _____ monthly    ___XX___ interim    _____ final application.

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn, A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cunning, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

PRIOR APPLICATIONS FILED:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 12/05 | 5/1/05 – 6/30/05 | $50,985.00 | $478.64 | $50,985.00 | $478.64 |
| 12/05 | 7/1/05 – 9/30/05 | $98,856.25 | $2,247.55 | $98,856.25 | $2,247.55 |
| 4/06 | 10/1/05 -- 12/31/05 | $65,800.00 | $1,703.05 | $65,800.00 | $1,703.05 |
| 9/06 | 1/1/06 -- 3/31/06 | $38,671.25 | $ 400.22 | $38,671.25 | $400.22 |
| 10/06 | 4/1/06 -- 6/30/06 | $52,058.75 | $869.44 | $52,058.75 | $869.44 |
| 12/06 | 7/1/07-9/30/06 | $26,108.75 | $433.35 | $26,108.75 | $433.35 |
| 5/07 | 10/1/06 - 12/31/06 | $97,555.00 | $973.91 | $97,555.00 | $973.91 |
| 7/2/07 | 1/1/07 - 3/31/07 | $121,845.00 | $786.17 | $121,845.00 | $786.17 |
| 10/11/07 | 4/1/07 - 6/30/07 | $75,283.75 | $1,036.96 | $75,283.75 | $1,036.96 |
| 12/7/07 | 7/1/07-9/30/07 | $80,522.50 | $, 1,128.12 | $79,547.50 | $1,128.12 |
| 6/2/08 | 10/1/07 – 12/31/07 | $21,087.50 | $1,045.60 | Pending | Pending |
| 6/23/08 | 1/1/08 – 3/31/08 | $ 25,800 | $ 155.54 | Pending | Pending |

B&D PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Pamela D. Marks | Of Counsel; Joined Firm 1997; Member of MD Bar since 1986 | $400.00 | 51.70 | $20,680.00 |
| Aaron H. Goldberg | Principal; Joined Firm 1987; Member of DC Bar since 1985. | $475.00 | 3.80 | $1,805.00 |
| Sarah E. Albert | Associate; Joined Firm 2006; Member of MD Bar since 2005. | $260.00 | 168.10 | $43,706.00 |
| Jonathon R. Metcalfe | Litigation Support Analyst | $190.00 | 8.70 | $1,653.00 |
| Ann Constantine | Paralegal | $175.00 | 2.00 | $350.00 |
| Tracy Horch | Paralegal | $175.00 | 35.00 | $6,125.00 |
| Teia Hendricks | Paralegal | $175.00 | 6.00 | $1,050.00 |
| Lindsey Kiddoo | Summer Associate | $185.00 | 10.00 | $1,850.00 |

Total Fees:         $77,219.00
Total Hours:         285.30
Blended Rate:       $271.00

2

## TASK CODE SUMMARY

| Project Category | Total Hours | Total Fees Requested |
|---|---|---|
| Litigation and Litigation Consulting | 285.30 | $77,219.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[2] | Total Expense |
|---|---|---|
| Long Distance Telephone | Verizon | $4.40 |
| Duplicating | | $203.50 |
| Commercial Duplicating | | $76.80 |
| Lexis/Nexis Court Link | Lexis Nexis | $42.30 |
| Postage | | $17.48 |
| Travel Expenses | Parking, mileage, etc. | $32.15 |
| Air/Train Fare | Amtrak tickets (2 people to travel to and from Newark, NJ to review documents at DEP. Due to the nature of the document review, we were limited in our choice of trains). | $1010.00 |
| Travel Meals | Meals for 2 people during travel to Newark, NJ | $32.18 |
| Client Meeting Meals | Meeting with L. Duff (Grace), P. Marks, and S. Albert | $40.00 |

Total Expenses:  $1,458.81

---

[2] B&D may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JFK) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

THIRTEENTH QUARTERLY INTERIM APPLICATION OF
BEVERIDGE & DIAMOND, P.C.
FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES
AS COUNSEL TO THE DEBTORS FOR THE
PERIOD FROM APRIL 1, 2008 THROUGH JUNE 30, 2008

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

the Court's "Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing

Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and

Official Committee Members," signed April 17, 2002 (the "Amended Administrative Order"),

amending the Court's "Administrative Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn, A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Compensation and Reimbursement of Expenses of Professionals," entered May 3, 2001, the law

firm of Beveridge & Diamond, P.C. ("B&D") hereby files this Thirteenth Quarterly Interim

Application of Beveridge & Diamond, P.C. for Compensation and for Reimbursement of

Expenses for April 1, 2008 through June 30, 2008 (the "Thirteenth Quarterly Fee Application").

By this Thirteenth Quarterly Fee Application, B&D seeks the interim allowance of

compensation in the amount of $77,219.00 and reimbursement of actual and necessary expenses

in the amount of $1,458.81 for a total of $78,677.81, or one hundred percent (100%) of all

compensation and expense reimbursement requested, for the period April 1, 2008 through

June 30, 2008 (the "Interim Period"). In support of this Thirteenth Quarterly Fee Application,

B&D respectfully represents as follows:

### Background

1. On April 2, 2001, each of the Debtors (collectively, the "Debtors") filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtors are continuing to

operate their businesses and manage their properties and assets as debtors in possession. Since

the Petition Date, the U.S. Trustee has appointed the following creditors' committees: Official

Committee of Unsecured Creditors, Official Committee of Asbestos Personal Injury Claimants,

and Official Committee of Asbestos Property Damage Claimants (collectively, the

"Committees"). No trustee has been appointed in Debtors' Chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On April 2, 2001, the Court entered its order that Debtors' chapter 11 cases be

consolidated for procedural purposes only and administered jointly.

2

4. By this Court's order dated May 3, 2001, Debtors were authorized to retain B&D as their counsel, effective as of the respective petition dates, with regard to the filing and prosecution of their Chapter 11 cases, and all related matters (the "Retention Order"). The Retention Order authorizes Debtors to compensate B&D at B&D's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5. On May 3, 2001, the Court entered an Administrative Order establishing procedures for interim compensation and reimbursement of expenses of professionals. That order was amended by the Amended Administrative Order, signed on April 17, 2002. Pursuant to the procedures set forth in the Administrative Order and the Amended Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and one hundred percent (100%) of the expenses requested, subject to the filing and approval of interim and final fee applications of the professional. The professional is also to file a quarterly interim fee application.

### Monthly Fee Applications Covered Herein

6. Prior to the filing of this Thirteenth Quarterly Fee Application, the April 1, 2008 through June 30, 2008 monthly fee applications of B&D had been filed with the Court pursuant to the Administrative Order and Amended Administrative Order. The April 1, 2008 through June 30, 2008 monthly applications are the subject of this Thirteenth Quarterly Fee Application.

7.  On or about June 23, 2008, B&D filed the Thirtieth Monthly application of Beveridge

& Diamond, P.C. for Compensation for Services Rendered and Reimbursement of Expenses as

Counsel to the Debtors for the Period from April 1, 2008 through April 30, 2008 (the "Thirtieth

Monthly," Docket No. 18983), requesting $5,358.00 in fees and $54.14 in expenses. No

objections were received with respect to the Thirtieth Monthly, and a certificate of no objection

was filed on July 15, 2008 (Docket No. 19094). The Thirtieth Monthly is attached hereto as

Attachment 1.

8.  On or about July 21, 2008, B&D filed the Thirty-First Monthly application of

Beveridge & Diamond, P.C. for Compensation for Services Rendered and Reimbursement of

Expenses as Counsel to the Debtors for the Period from May 1, 2008 through May 31, 2008 (the

"Thirty-First Monthly," Docket No. 19115), requesting $32,068.00 in fees and $19.86 in

expenses. No objections were received with respect to the Thirty-First Monthly, and a certificate

of no objection was filed on August 12, 2008 (Docket No. 19286). The Thirty-First Monthly is

attached hereto as Attachment 2.

9.  On or about September 3, 2008, B&D filed the Thirty-Second Monthly

application of Beveridge & Diamond, P.C. for Compensation for Services Rendered and

Reimbursement of Expenses as Counsel to the Debtors for the Period from June 1, 2008 through

June 30, 2008 (the "Thirty-Second Monthly," Docket No. 19447), requesting $39,793.00 in fees

and $1,384.81 in expenses. No objections were received with respect to the Thirty-Second

Monthly, and a certificate of no objection was filed on September 24, 2008 (Docket No. 19607).

The Thirty-Second Monthly is attached hereto as Attachment 3.

**Requested Relief**

10. By this Thirteenth Quarterly Fee Application, B&D requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by B&D from April 1, 2008 through June 30, 2008.[2]

11. At all relevant times, B&D has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of Debtors.

12. All services for which compensation is requested by B&D were performed for or on behalf of Debtors and not on behalf of any committee, creditor, or other person.

13. During the Interim Period, B&D has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with Debtors' cases. There is no agreement or understanding between B&D and any other person, other than members of the Firm, for the sharing of compensation to be received for services rendered in these cases.

14. The professional services and related expenses for which B&D requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of B&D's professional responsibilities as attorneys for Debtors in their chapter 11 cases. B&D's services have been necessary and beneficial to Debtors and their estates, creditors, and other parties in interest.

---

[2] B&D reserves its right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant fee application.

WHEREFORE, B&D respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of April 1, 2008 through June 30, 2008, an allowance be made to B&D in the sum of $77,219.00 as compensation for reasonable and necessary professional services rendered to Debtors and in the sum of $1,458.81 for reimbursement of actual and necessary costs and expenses incurred, for a total of $78,677.81, that Debtors be authorized and directed to pay to B&D the outstanding amount of such sums; and for such other and further relief as this Court deems proper.

Dated: October  /7  , 2008           BEVERIDGE & DIAMOND, P. C.


                                     Pamela D. Marks
                                     201 N. Charles Street
                                     Suite 2210
                                     Baltimore, MD 21201
                                     Telephone:  (410) 230-1315
                                     Facsimile:  (410) 230-1389

                                     Counsel for Debtors and
                                     Debtors in Possession

## VERIFICATION

Pamela D. Marks, after being duly sworn according to law, deposes and says:

a)  I am an attorney with the applicant law firm Beveridge & Diamond, P.C..

b)  I have personally performed many of the legal services rendered by Beveridge & Diamond, P.C. as counsel to the Debtors and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers and paraprofessionals of B&D.

c)  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del.Bankr.LR 2016-2 and the "Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members," signed April 17, 2002, and submit that the Application substantially complies with such Rule and Order.

Pamela D. Marks

SWORN AND SUBSCRIBED
before me this  17th day of October, 2007.

Notary Public
My Commission Expires:  May 27, 2009