IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| Debtors. | ) | Hearing Date: 10/27/08 @ 9:00 a.m. (Pittsburgh, PA) |

**REPLY OF MARYLAND CASUALTY COMPANY TO CERTAIN OBJECTIONS TO THE DEBTORS' DISCLOSURE STATEMENT FOR THE JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEEOF EQUITY SECURITY HOLDERS [D.I. 19581]**

On October 17, 2008, Maryland Casualty Company ("MCC") filed its objection[1] to the *Debtors' Disclosure Statement for the Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of September 19, 2008* ("Disclosure Statement"). On or about that same date, approximately 20 other parties also filed objections (collectively, the "Objections") to the Disclosure Statement.[2] MCC hereby replies to certain of the Objections as set forth below.

    1.    <u>Libby Objection</u>.[3]  The additional proposed language set forth in Exhibit A to the Libby Objection is inappropriate for inclusion in the Disclosure Statement as it is disputed by both MCC and Grace. MCC therefore objects to its inclusion in the Disclosure Statement. Further, contrary to the allegations in the Libby Objection: (i) MCC was neither directly nor

---

[1] *Objection of Maryland Casualty Company to the Debtors' Disclosure Statement for the Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos Future Claimants' Representative, and the Official Committee of Equity Security Holders* [D.I. 19777] ("MCC Objection").

[2] Capitalized terms not defined herein shall have the same meaning as defined in the MCC Objection.

indirectly "responsible for failing to protect the workers and [Libby] community from Grace's asbestos;[4]" and (ii) the Libby Claimants' rights, if any, are subject to the Settlement Agreements between Grace and MCC.[5]

2. <u>BNSF Objection</u>.[6] MCC hereby objects to the proposed language set forth in paragraph 16 of the BNSF Objection as directly contrary to the clear language of the Disclosure Statement and Plan. Further, contrary to the allegations in the BNSF Objection, BNSF has no rights to coverage under any policies issued by MCC to Grace. Finally, BNSF's rights, if any, are subject to the Settlement Agreements between Grace and MCC.

3. <u>Scotts Objection</u>.[7] MCC objects to the proposed language set forth in paragraph 32 of the Scotts Objection as directly contrary to the clear language of the Disclosure Statement and Plan. Further, contrary to the allegations in the Scotts Objection, Scotts has no rights to coverage under any policies issued by MCC to Grace. Finally, Scotts' rights, if any, are subject to the Settlement Agreements between Grace and MCC.

4. <u>Joinder</u>. MCC hereby joins the Objections to the extent that they correctly object to: (i) the proposed filing of the Plan Supplement <u>after</u> the Plan objection and voting deadlines have passed; and (ii) the filing of or amendment to any Plan Documents after the Disclosure Statement Hearing without requiring Court approval of such Plan Documents under 11 U.S.C. § 1125.

5. MCC expressly reserves all of its rights as set forth in the MCC Objection.

---

[3] Libby *Claimants' Objection to Debtors' Disclosure Statement for Joint Plan of Reorganization and Approval Motion* [D.I. 19803] ("Libby Objection").
[4] *See, Libby Objection*, page 8.
[5] *See, Libby Objection*, page 36, 37.
[6] *Objection Of BNSF Railway Company To Debtors' Disclosure Statement For The Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co., Et Al., The Official Committee Of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, And The Official Committee Of Equity Security Holders Dated As Of September 19, 2008* [D.I. 19784] ("BNSF Objection").

Dated: October 23, 2008

CONNOLLY BOVE LODGE & HUTZ LLP

_____
Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile
Counsel for Maryland Casualty Company

OF COUNSEL:
Edward J. Longosz, II
Laura G. Stover
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, DC 20006
(202) 659-6600 Telephone
(202) 659-6699 Facsimile

#642450

---

[7] *Objection Of The Scotts Company LLC And Certain Of Its Related Entities To The Motion Of The Debtors For An Order Approving Disclosure Statement, Solicitation And Confirmation Procedures, Confirmation Schedule And Related Relief* [D.I. 19772] ("Scotts Objection").