**Exhibit B**

**Disclosure Statement Objection Chart**

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| **DISCLOSURE STATEMENT OBJECTIONS FILED BY NON-INSURERS** | | | | |
| 1. | ***The Official Committee of Unsecured Creditors*** <br><br> ***(Docket No. 19779)*** <br><br> STROOCK & STROOCK & LAVAN LLP <br> Lewis Kruger, Esq. <br> Kenneth Pasquale, Esq. <br> (212) 806-5400 Telephone <br> (212) 806-6006 Facsimile <br> lkruger@stroock.com <br> kpasquale@stroock.com <br> - and - <br> DUANE MORRIS LLP <br> Michael R. Lastowski, Esq. <br> Richard W. Riley, Esq <br> (302) 657-4942 Telephone <br> (302) 657-4901 Facsimile <br> mlastowski@duanemorris.com <br> rrily@duanemorris.com | Failure to include any statements regarding the Creditors' Committee's positions on the Plan, the treatment of Class 9 Claims, or the bank default litigation that is pending.  (Pages 21-23, 36). | Debtors agree to include Creditor Committee proposal to the Preliminary Statement on page 12 of Disclosure Statement, which would add the following language: <br><br> "The Unsecured Creditors' Committee is not a co-proponent of the Plan.  For a more detailed discussion of the Unsecured Creditors' Committee's objections to the treatment of Class 9 Claims, see the discussion in Section 4.3.1.9" <br><br> Plan Proponents agree to amend the Plan to include a procedure similar to that proposed by the Creditors' Committee and modeled from the *USG Corp.* chapter 11 case, whereby holders of Class 9 Claims (other than lender claims which are the subject of the default interest litigation ("Lender Claims") can come forward and seek additional post-petition interest and have this Court adjudicate such determination if they disagree with the post-petition interest provided pursuant to the Plan. <br><br> With respect to discussion in the Disclosure Statement of the litigation involving the holders of the Lender Claims, the Creditors' Committee asked, and the Debtors agree, that Section 1.2.6 of the Disclosure Statement be amended to disclose that the Creditors' Committee and certain holders of Lender Claims are engaged in litigation with the Debtors over post-petition default interest. | Partially resolved. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| 2. | *The Official Committee of Unsecured Creditors* *(Docket No. 19779)* | Section 2.9.3.1 and 2.9.3.5 of the Disclosure Statement fail to provide that holders of Class 9 Claims (other than Lender Claims) can come forward to prove they are entitled to post-petition interest at rates other than 4.19% or the contractual non-default rate.  (Pages 23, 28-29). | The Plan Proponents agree to amend the Plan and Disclosure Statement to include procedures, similar to those implemented in the *USG Corp.* chapter 11 case, for holders of Class 9 Claims (other than Lender Claims) to assert a claim for additional post-petition interest if there is a dispute as to the amount of post-petition interest being paid under the Plan. | Resolved pending final language. |
| 3. | *The Official Committee of Unsecured Creditors* *(Docket No. 19779)* | Section 2.9.3.1 of the Disclosure Statement is incomplete and inaccurate regarding statements related to JPMorgan.  (Page 24). | Section 2.9.3.1 of the Disclosure Statement will be revised to read as follows: "By letter dated April 21, 2008, certain holders (the "Objecting Lenders") of claims outstanding under the Debtors' Pre-petition Credit Facilities (the "Lender Claims") demanded payment on the Lender Claims to include post-petition interest at 100% of the contractual default rate, compounded quarterly, plus facility fees and other fees due and attorneys' fees and costs.  On June 13, 2008, the Debtors filed an objection to the Lender Claims seeking an order from the Bankruptcy Court that post-petition interest at the contract default rate need not be paid in connection with Lender Claims (Dkt. No. 18922).  The Objecting Lenders and the Unsecured Creditors' Committee, joined by JPMorgan Chase Bank N.A. ("JPMorgan"), in its capacity as agent for all pre-petition lenders (the "Lenders"), responded to and opposed the Debtors' claim objection.  (Dkt. Nos. 19072, 19073, and 19074).  The matter was heard by the Court on September 29, 2008 and the Court's ruling is pending.  For a more detailed discussion of this litigation, *see infra* section 3.2.8.4 (Certain Post- | Resolved. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| | | | Petition Litigation Matters; Bank Claim Default Interest Litigation.)." | |
| 4. | *The Official Committee of Unsecured Creditors* *(Docket No. 19779)* | Failure to provide any information regarding the composition of the Creditors' Committee or the asbestos claims consultant hired by the Creditors' Committee.  (Pages 24-25). | Disclosure Statement will be revised to include the following language: "As originally appointed, the Unsecured Creditors' Committee was comprised of nine members: (i) J.P. Morgan Chase & Co., (ii) Wachovia Bank NA, (iii) Bank of America, (iv) First Union National Bank, (v) ABN Amro Bank N.V., (vi) The Bank of New York, as indenture trustee, (vii) Bankers Trust Co, as indenture trustee, (viii) Sealed Air Corp., and (ix) Zhagrus Environmental Inc. During the course of the chapter 11 cases, certain members of the Unsecured Creditors' Committee resigned, one new entity was appointed and then resigned and certain members merged.  The Committee currently has three members (i) J.P. Morgan Chase, (ii) Wachovia Bank, f/k/a First Union National Bank, and (iii) Sealed Air Corp." "Navigant Consulting, Inc. f/k/a Chambers Associates was employed as the asbestos issues expert for the Unsecured Creditors' Committee." | Resolved. |
| 5. | *The Official Committee of Unsecured Creditors* *(Docket No. 19779)* | Section 3.2.8 of the Plan describes post-petition litigation, but fails to discuss the default interest litigation.  (Pages 25-27). | A new Section 3.2.8.4  will be added to the Disclosure Statement that describes the default interest litigation. | Resolved pending final language. |
| 6. | *The Official Committee of Unsecured Creditors* *(Docket No. 19779)* | Section 4.3.1.9 of the Disclosure Statement should be supplemented to reflect the Committee's position regarding the treatment of General Unsecured Claims.  (Pages 27-28). | See #1 above. | Pending. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|-----|-----------------|--------------------|----------------------------------------|--------|
| 7. | *The Official Committee of Unsecured Creditors* <br><br> *(Docket No. 19779)* | Failure to disclose process by which a holder of a Class 9 Claim with an existing contract that provides for payment of interest at a contractual non-default interest rate is to provide documentation to the Debtors or Reorganized Debtors supporting its contractual interest rate. (Pages 28-29). | Plan Proponents will amend the Plan to establish a process, and the Disclosure Statement will be amended to describe that process. | Resolved pending final language. |
| 8. | *The Official Committee of Unsecured Creditors* <br><br> *(Docket No. 19779)* | Failure to disclose that the Debtors seek unlimited and unnoticed extensions of their time to object to claims. (Page 29). | Debtors intend to file a list of claims for which they have no objection, and propose to amend the Plan to provide that requests for extensions of the objection deadline may only be obtained upon notice to claimants whose claims are still pending resolution. | Resolved pending final language. |
| 9. | *The Official Committee of Unsecured Creditors* <br><br> *(Docket No. 19779)* | Failure to disclose that the Plan does not provide for the establishment of a cash reserve for allowed Class 9 Claims. (Pages 35-36). | Debtors are reviewing this issue. | Pending. |
| 10. | *The Official Committee of Unsecured Creditors* <br><br> *(Docket No. 19779)* | Inadequate discussion of the risk factors to the Plan if the Court finds that Debtors must pay the Lenders post-petition default interest. (Pages 40-41). | Creditors' Committee suggested, and the Debtors agreed, to add a cross reference in Section 2.9.3.1 of the Disclosure Statement to the new proposed Section 3.2.8.4 as follows: <br><br> "For a more detailed discussion of the Lender Claims Default Interest Litigation *see supra* section 3.2.8.4 (Certain Post-Petition Litigation Matters; Lender Claims Default Interest Litigation)." | Resolved. |
| 11. | *The Official Committee of Unsecured Creditors* <br><br> *(Docket No. 19779)* | Inadequate information to be able to determine the principal and interest components by category of each type of Class 9 liability, other than the Lender Claims. The Class 9 Estimated Claims Amount from the Claims Table should be able to be reconciled to the Total Class 9 Allowed Claim Amount in Section 4.3.1.9 of the Disclosure Statement. Footnote 9 to the Claims Table provides that $826.3 million Class 9 claims will be paid on the Effective Date, but does not disclose which liabilities to which that attaches. (Pages 41-42). | Debtors are reviewing this issue. | Pending. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| 12. | **The Official Committee of Asbestos Property Damage Claimants**<br><br>**(Docket No. 19800)**<br><br>BILZIN SUMBERG BAENA PRICE & AXELROD LLP<br>Scott L. Baena, Esq.<br>Jay M. Sakalo, Esq.<br>Matthew I. Kramer, Esq.<br>(305) 374-7580 Telephone<br><br>- and -<br>FERRY, JOSEPH & PEARCE, P.A.<br>Michael B. Joseph, Esq.<br>Theodore J. Tacconelli, Esq.<br>(302) 575-1555 Telephone<br>mjoseph@ferryjoseph.com<br>ttacconelli@ferryjoseph.com | Inadequate information in Exhibit Book: Asbestos PD Trust Agreement, Asbestos PD Note, Asbestos PD Case Management Order not included, so Committee reserves right to object after addition to Exhibit Book.  (Paragraphs 1-2). | Plan Proponents agree that the terms of these documents must be provided prior to approval of the Disclosure Statement. | Pending. |
| 13. | **United States Trustee**<br><br>**(Docket No. 19781)**<br><br>Roberta A. Deangelis<br>Acting United States Trustee<br>- and -<br>OFFICE OF THE UNITED STATES TRUSTEE<br>David M. Klauder<br>Trial Attorney<br>(215) 597-4411 Telephone<br>(215) 597-5795 Facsimile<br>(302) 573-6539 (DE)<br>david.klauder@usdoj.gov | Inadequate information regarding current dispute between the Debtors and certain unsecured creditors over amount of post-petition interest to be paid on their claims, and a decision on the impairment of the general unsecured claims would need to be made prior to approval of the Disclosure Statement to allow such claimants to vote if necessary.  (Paragraph 12(b)). | See #1 above. | Partially resolved. |
| 14. | **United States Trustee**<br><br>**(Docket No. 19781)** | Inadequate information regarding filing of operating reports and payment of quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) for both pre and post-confirmation fees.  (Paragraph 12(c)). | The Debtors will revise the Disclosure Statement to make clear that all pre-confirmation quarterly fees owed will be paid on the Effective Date of the Plan and | Resolved pending final language. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|-----|-----------------|--------------------|----------------------------------------|--------|
| | | | thereafter the Reorganized Debtors will file operating reports and pay quarterly fees pursuant to 29 U.S.C. § 1930(a)(6) until an order is entered closing the Chapter 11 case. | |
| 15. | ***Bank of America, Morgan Stanley Senior Funding and Tempo Master Fund LP.***<br><br>***(Docket No. 19792)***<br><br>KATTEN MUCHIN ROSENMAN LLP<br>Noah Heller, Esq.<br>Merritt A. Pardini, Esq.<br>(212) 940-6539 Telephone<br>(212) 894-5671 Facsimile<br>noah.heller@kattenlaw.com<br>merritt.pardini@kattenlaw.com<br><br>- and -<br>RICHARDS, LAYTON & FINGER, P.A.<br>Mark D. Collins, Esq.<br>Jason M. Madron, Esq.<br>Dana L. Reynolds, Esq.<br>(302) 651-7700 Telephone<br>(302) 651-7701 Facsimile<br>collins@rlf.com<br>madron@rlf.com | Inadequate information with regard to the treatment of Morgan Stanley's and Tempo's Claims under Class 6 --Disclosure Statement does not provide any pertinent information that would allow them to evaluate their position and quantify their expected loss.  (Paragraphs 39-42). | Debtors will amend the Disclosure Statement to provide appropriate additional disclosures. | Pending. |
| 16. | ***Longacre Master Fund, LTD. (Longacre)***<br><br>***(Docket No. 19761)***<br><br>PEPPER HAMILTON LLP<br>David M. Fournier, Esq.<br>James C. Carignan , Esq.<br>(302) 777-6500 Telephone<br>(302) 421-8390 Facsimile<br>fournierd@pepperlaw.com<br>carignanj@pepperlaw.com<br><br>- and -<br>Robert S. Hertzberg, Esq.<br>(313) 259-7110 Telephone | Disclosure Statement lacks information regarding the post-petition interest payments that are to be made to Unsecured Creditors that have already reached settlement with the Debtors providing for interest inconsistent with that which is proposed by the Plan. (Paragraphs 22-23). | Plan Proponents are considering revisions to the Plan and Disclosure Statement to clarify the treatment of certain Class 9 claims and providing a mechanism for the holders of claims in Class 9 to challenge the post-petition interest rate provided to them under the Plan.<br><br>See #1 above. | Pending. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| | (313) 259-7926 Facsimile hertzbergr@pepperlaw.com | | | |
| 17. | *Her Majesty the Queen in Right of Canada as represented by The Attorney General of Canada*<br><br>*(Docket No. 19791)*<br><br>WOMBLE CARLYLE SANDRIDGE & RICE, PLLC<br>Francis A. Monaco, Jr. Esq.<br>Kevin J. Mangan, Esq.<br>Matthew P. Ward, Esq.<br>(302) 252-4320 Telephone<br>(302) 252-4330 Facsimile<br>fmonaco@wcsr.com<br>kmangan@wcsr.com<br>maward@wcsr.com | Failure to disclose that the Crown's claims for contribution and indemnification for PI and breach of fiduciary duty were not settled pursuant to CDN ZAI Minutes of Settlement. Section 2.8 of the Disclosure Statement describes and discusses the Debtors' ongoing litigation matters, but not this litigation with the Crown; thus, a new Section 2.8.6 should be added to describe the Crown's contribution and indemnification claims for personal injury and breach of fiduciary duty, and should affirmatively state that the Crown believes such claims have not been settled. Should also clarify in what class the Crown's fiduciary duty claims exist. (Paragraphs 19-21). | On October 17, 2008, the Canadian Court approved the Canadian Minutes of Settlement and on October 23, 2008, the Canadian Court issued its Endorsement outlining its approval of the Minutes of Statement. Pursuant to the Endorsement and section 13(b)(iii) of the Minutes, the Grace Parties are released from all claims and causes of action asserted against them, including, any claims or causes of action asserted against the Grace Parties as a result of the CDN ZAI Claims advanced by CCAA Representative Counsel against the Crown as a result of which the Crown is or may become entitled to contribution or indemnity from the Grace Parties. While the Crown asserted in the Canadian Court that the Court lacked jurisdiction to settle those claims, the Canadian Court found it had such jurisdiction. Thus, the Disclosure Statement is adequate. | Objection should be overruled. |
| 18. | *Her Majesty the Queen*<br><br>*(Docket No. 19791)* | Failure to disclose the potential shortfall of any holder of an Indirect PI Trust Claim regarding their payment on a claim for which they seek contribution and indemnification. (Paragraph 32). | The Crown requests the disclosure of information about a hypothetical situation. The Debtors do not believe such disclosure is required. | Objection should be overruled. |
| 19. | *ERISA Plaintiffs*<br><br>*(Docket No. 19785)*<br><br>LOWENSTEIN SANDLER PC<br>Michael S. Etkin, Esq.<br>Ira M. Levee, Esq.<br>(973) 597-2500 Telephone<br>(973) 597-2481 Facsimile<br>metkin@lowenstein.com<br>ilevee@lowenstein.com | The description of the ERISA litigation is inaccurate re (i) motion to dismiss the *Siamis* action; and (ii) should add date for consolidation; and (iii) reference to "Section 8.6.6" of the Plan -- no section 8.6.6 of the Plan exists. (Paragraphs 12-14). | The Disclosure Statement will be revised to address the three "inaccuracies" as requested in Section 3.2.8.1 | Resolved pending final language. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| | GILMAN & PASTOR, LLP<br>David Pastor<br>(791) 231-7850 Telephone<br>(791) 231-7840 Facsimile<br>- and -<br>SCHIFFRIN BARROWAY TOPAZ & KESSLER LLP<br>Joseph H. Meltzer, Esq.<br>Katherine Bornstein, Esq.<br>(610) 667-7706 Telephone<br>(610) 667-7056 Facsimile<br>jmeltzer@sbtklaw.com<br>kbornstein@sbtklaw.com | | | |
| 20. | *The Scotts Company LLC*<br><br>*(Docket No. 19772)*<br>RICHARDS, LAYTON & FINGER, P.A.<br>Robert J. Stearn, Jr. Esq.<br>Cory D. Kandestin, Esq.<br>(302) 651-7700 Telephone<br>(302) 651-7701 Facsimile<br>stearn@rlf.com<br>kandestin@rlf.com<br><br>- and -<br>VORYS, SATER, SEYMOUR and PEASE LLP<br>Robert J. Sidman Esq.<br>Tiffany Strelow Cobb, Esq.<br>(614) 464-6400 Telephone<br><br>(614) 719-4663 Facsimile<br><br>rjsidman@vorys.com<br><br>tscobb@vorys.com | Failure to adequately disclose how Scotts' Claims or Declaratory Judgment Action is affected by the Plan and whether the Plan treats Scotts' claims as Indirect PI Trust Claims.  (Paragraphs 24-25). | The Debtors will supplement the discussion in the Disclosure Statement of Indirect Trust Claims to clarify that Scott's potential indemnification and contribution claims against the Debtors would be Indirect  PI Trust Claims.<br><br>Scott's proposed language is unacceptable and Debtors do not believe any further disclosure is required. | Pending. |
| 21. | *The Scotts Company LLC*<br><br>*(Docket No. 19772)* | Failure to disclose why Scotts' Claims, if Indirect PI Trust Claims, are not state law common law claims that accrue post-confirmation and not subject to discharge.  (Paragraph 27). | Scott's proposed language is unacceptable and Debtors do not believe any further disclosure is required. | Objection should be overruled. |

## W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|-----|-----------------|--------------------|----------------------------------------|--------|
| | | | | |
| 22. | *The Scotts Company LLC* (*Docket No. 19772*) | Inadequate information concerning effect that the injunction and release provisions will have on the Declaratory Judgment Action and Scotts Claims.  (Paragraph 29). | See # 20 above. | Pending. |
| 23. | *The Scotts Company LLC* (*Docket No. 19772*) | Disclosure Statement fails to disclose how the TDP may affect the Declaratory Judgment Action and Scotts' Claims.  (Paragraph 30). | See # 20 above. | Pending. |
| 24. | *The Scotts Company LLC* (*Docket No. 19772*) | Disclosure Statement fails to disclose how Scotts' rights under Grace insurance policies are protected if all insurance is used to fund the PI Trust.  (Paragraph 32). | The Plan on its face only purports to transfer the Debtors' insurance rights, not any alleged rights Scotts may have.  Scotts' Disclosure Statement objection is misplaced and the language it proposes is incorrect and/or unnecessary. | Objection should be overruled. |
| 25. | *BNSF Railway Company* (*Docket No. 19784*) PEPPER HAMILTON LLP Evelyn J. Meltzer, Esq. (302) 777-6500 - and - Edward C. Toole Jr., Esq. Anne Marie Aaronson, Esq. meltzere@pepperlaw.com toolee@pepperlaw.com aaronsona@pepperlaw.com | Failure to clearly explain effect of Plan on claims asserted by plaintiffs in Montana action against BNSF.  (Paragraph 11). | Debtors will amend the Disclosure Statement to provide appropriate additional disclosures. | Pending. |
| 26. | *BNSF Railway Company* (*Docket No. 19784*) | If the BNSF claims are Asbestos PI Claims or Indirect PI Trust Claims, then the Debtors must disclose why claims that have not yet accrued post-petition are not being treated as post-confirmation claims not subject to discharge.  (Paragraph 13). | BNSF's proposed language is unacceptable and Debtors do not believe any further disclosure is required. | Objection should be overruled. |
| 27. | *BNSF Railway Company* (*Docket No. 19784*) | Disclosure Statement is silent as to BNSF's rights to coverage under certain of the Debtors' insurance policies.  (Paragraphs 15-16). | The Plan on its face only purports to transfer the Debtors' Insurance rights, not any alleged rights BNSF may have.  The Disclosure Statement objection is misplaced | Objection should be overruled. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|-----|-----------------|--------------------|-----------------------------------------|--------|
| | | | and the language proposed by BNSF is incorrect and/or unnecessary. | |
| 28. | **_The State Of Montana_**<br><br>**_(Docket No. 19795)_**<br><br>WOMBLE CARLYLE SANDRIDGE & RICE, PLLC<br>Francis A. Monaco, Jr. Esq.<br>Kevin J. Mangan, Esq.<br>Matthew P. Ward, Esq.<br>(302) 252-4320 Telephone<br>(302) 252-4330 Facsimile<br>fmonaco@wcsr.com<br>kmangan@wcsr.com<br>maward@wcsr.com | Failure to provide critical exhibits, including the Asbestos PD Trust Agreement and the Asbestos PD Note.  (Paragraph 19). | See #12 above. | Pending. |
| 29. | **_The State Of Montana_**<br><br>**_(Docket No. 19795)_** | Failure to include the Initial Payment Percentage as defined by the TDP.  (Paragraph 20). | A revised TDP which will address this objection will be filed with the Court before the conclusion of the Disclosure Statement hearing. | Pending. |
| 30. | **_Libby Claimants_**<br><br>**_(Docket No. 19803)_**<br><br>LANDIS RATH & COBB LLP<br>Adam G. Landis, Esq.<br>Rebecca L. Butcher, Esq.<br>Kerri K. Mumford, Esq.<br>(302) 467-4400 Telephone<br>(302) 467-4450 Facsimile<br>landis@lrclaw.com<br>butcher@lrclaw.com<br>mumford@lrclaw.com<br><br>- and -<br>COHN WHITESELL & GOLDBERG LLP<br>Daniel C. Cohn, Esq.<br>Christopher M. Candon, Esq.<br>(617) 951-2505 Telephone | Plan Proponents have allegedly chosen to "conceal" the Initial Payment Percentage.  (Page 23). | See #29 above. | Pending. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|-----|-----------------|--------------------|-----------------------------------------|--------|
| | (617) 951-0679 Facsimile cohn@cwg11.com candon@cwg11.com | | | |
| 31. | *Libby Claimants (Docket No. 19803)* | Disclosure Statement does not disclose nature and amount of Asbestos PI claims expected to seek or obtain designation as Extraordinary Claims. (Page 34). | Debtors do not believe the Disclosure Statement is required to disclose the nature and amount of PI claims expected to seek or obtain designation as Extraordinary Claims. | Objection should be overruled. |
| 32. | *Libby Claimants (Docket No. 19803)* | Disclosure Statement violates requirements of due process of law because it (i) does not provide adequate time to object, (ii) lacks basic information necessary for a meaningful response, and (iii) allows the Plan Proponents to modify the Plan without further disclosure.  (Pages 38-41). | Debtors complied with BR 2002(b) which Congress has determined is adequate time to object. (See Debtors' Consolidated Response to Objections filed herewith.)  Disclosure Statement complies with requirements of 1125.  Plan Proponents will amend the Plan to make clear that the Plan Proponents may alter Plan Documents as provided for therein, so long as the Plan itself is not altered, amended, or modified in any way that is not in accordance with § 1127(b) of the Bankruptcy Code. | Objection should be overruled. |
| 33. | *Libby Claimants (Docket No. 19803)* | Disclosure Statement fails to provide basic information about PI Claims  such as: (i) how many Asbestos PI claims are projected, (ii) what types are projected, (iii) how much the Trust expects to pay PI Claims, (iv) Initial Payment Percentage, (v) when claims will be paid, (vi) process to pay; (vii) which insurers are protected by the channeling injunction and what consideration they are paying for such injunction; (viii) how many judgments are  outstanding and unpaid; (ix) how many settlements are outstanding and unpaid; (x) wrongful death claims; (xi) requests for punitive damages.  (Pages 39, 42). | Debtors do not believe the Disclosure Statement is required to disclose the information outlined in these Objections. | Objection should be overruled. |
| 34. | *Libby Claimants* | Exhibit 5 outlining the Settled Asbestos Insurance Companies is missing (Page 40), and the Disclosure Statement fails to accurately and completely describe Asbestos Insurance Rights - especially those related to premises/completed operations coverage. (Pages 45-46). | Exhibit 5 is being filed concurrently herewith.  The Plan and Disclosure Statement state that all of the Debtors' Asbestos Insurance Rights are being transferred to the PI Trust.  No further disclosure in this respect is necessary. | Objection should be overruled. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| 35. | *Libby Claimants* | Disclosure Statement fails to provide details regarding PI claims to be paid including (i) which claims are eligible for payment, (ii) values of assets that will fund the Trust; (iii) liquidated amount of each claim to be paid; (iv) payment percentage; (v) projected sources and uses of Trust assets and (vi) risk of trust insolvency. (Page 43). | Debtors do not believe the Disclosure Statement is required to disclose the information outlined in these Objections. | Objection should be overruled. |
| 36. | *Libby Claimants* | Provides no explanation for how the Asbestos PI claims will be liquidated by the Asbestos PI Trust (Pages 44-45). | The TDP provides this information in understandable and adequate detail. | Objection should be overruled. |
| 37. | *Libby Claimants* | Scope and effect of Injunction, Releases and Exculpations needs to be clearly explained, including affect on independent claims against certain third parties and effect of Plan on pending <u>Chakarian</u> adversary proceeding.  (Pages 46-48). | The Plan and Disclosure Statement contain adequate information with respect to the Injunctions, Releases and Exculpation clauses.<br><br>Debtors will amend the Disclosure Statement to provide appropriate additional disclosures regarding the <u>Chakarian</u> adversary proceedings. | Pending. |
| 38. | *Libby Claimants*<br><br>*(Docket No. 19803)* | Failure to disclose how ZAI claims will be treated.  (Page 48). | The PD CMO term sheet, which will address this issue, will be filed prior to the conclusion of the Disclosure Statement hearing. | Pending. |
| 39. | *Libby Claimants* | Disclosure Statement does not contain enough description regarding Libby, Montana.  (Page 48). | The Debtors will amend the Disclosure Statement to provide appropriate additional disclosures. | Pending |
| 40. | *Kaneb Pipeline Operating Partnership & Support Terminal Services, Inc. (Kaneb & STS)*<br><br>*(Docket No. 19770)*<br>SMITH, KATZENSTEIN & FURLOW LLP<br>Kathleen M. Miller, Esq.<br>Etta R. Wolfe, Esq.<br>(302) 652-8400 Telephone<br>(302) 652-8405 Facsimile | Failure to adequately identify the "modified preliminary injunction" affecting the currently stayed litigation between Grace & Kaneb or described the underlying stayed litigation accurately.  (Paragraph 4); objects to certain language in the Disclosure Statement used to describe the State Court Action and certain facts regarding that action. (Paragraph 4). | The Debtors have prepared language amending section 2.8.3.1 and 2.8.3.4 of the Disclosure Statement to address the request for corrections and additional disclosure.<br><br>Counsel for Kaneb is considering such language. | Pending. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|-----|-----------------|--------------------|-----------------------------------------|--------|
| | kmiller@skfdelaware.com<br>- and -<br>FULBRIGHT & JAWORSKI L.L.P.<br>Steve A. Peirce, Esq.<br>(210) 224-5575 Telephone<br>(210) 270-7205 Facsimile<br>speirce@fulbright.com | | | |
| 41. | *(Kaneb & STS)*<br><br>*(Docket No. 19770)* | Failure to adequately disclose whether Kaneb will be allowed to pursue its currently stayed litigation with Grace over a pre-petition merger upon Plan confirmation or whether Grace intends to prosecute its appeal.  (Paragraph 4). | See #40 above. | Pending. |
| 42. | *(Kaneb & STS)*<br><br>*(Docket No. 19770)* | Failure to provide Exhibit 19 which the Disclosure Statement describes as a list of currently pending claims or causes of action brought or anticipated to be brought by one or more of the Debtors. (Paragraph 4). | Plan Proponents agree this Exhibit must be provided before the final Disclosure Statement is approved. | Pending. |
| 43. | *(Kaneb & STS)*<br><br>*(Docket No. 19770)* | Failure to adequately identify (1) what "former businesses" were bought by Samson Hydrocarbons and (2) how the $8 million of liability under the indemnity agreement between Grace & Samson Hydrocarbons was calculated.  (Paragraph 6). | See #40 above.<br><br>Section 2.8.3.4 is adequate.  The Debtors are not required to discuss and outline the basis for each and every claim asserted against them. | Objection should be overruled. |
| 44. | *(Kaneb & STS)*<br><br>*(Docket No. 19770)* | Disclosure Statement and Plan do not adequately describe what aspects of the litigation described in Disclosure Statement section 2.8.3.1 will be barred by the discharge.  (Paragraph 7). | See #40 above. | Pending. |
| 45. | *(Kaneb & STS)*<br><br>*(Docket No. 19770)* | Failure to include Exhibit 5 (Asbestos Insurance Policy Schedule) and Exhibit 6 (Asbestos Insurance Transfer Agreement) and to identify whether insurance that may exist for the Otis Pipeline and Macon Georgia sites is being transferred to the PI Trust.  (Paragraph 8). | Exhibit 5 is being filed concurrently herewith.  Exhibit 6 will be filed before the conclusion of the Disclosure Statement hearing.<br><br>As outlined in the Plan definitions, the only insurance being transferred to the PI Trust is asbestos-related insurance. | Resolved as to Exhibit 5. Pending as to Exhibit 6. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
|  DISCLOSURE STATEMENT OBJECTIONS FILED BY INSURERS  (SEE ALSO INSURANCE-RELATED DISCLOSURE OBJECTIONS BY NON-INSURERS AT 24, 27, 34 AND 45 ABOVE | | | | |
| 46. | *Maryland Casualty Company*<br><br>*(Docket No. 19777)*<br><br>CONNOLLY BOVE LODGE & HUTZ LLP<br>Jeffrey Wisler, Esq.<br>Marc J. Phillips, Esq.<br>(302) 658-9141.Telephone<br>(302) 658-0380 Facsimile<br>jwisler@cblh.com<br>mphillips@cblh.com<br>- and -<br>ECKERT SEAMANS CHERIN & MELLOTT, LLC<br>Edward J. Longosz, II, Esq.<br>Laura G. Stover, Esq.<br>(202) 659-6600 Telephone<br>(202) 659-6699 Facsimile<br>elongosz@eckertseamans.com<br>lstover@eckertseamans.com | Failure to include Exhibit 5 (Asbestos Insurance Policy Schedule) and Exhibit 6 (Asbestos Insurance Transfer Agreement).  (Paragraph 2). | Exhibit 5 is being filed herewith.  Exhibit 6 will be filed before the conclusion of the Disclosure Statement hearing. | Resolved as to Exhibit 5. Pending as to Exhibit 6. |
| 47. | *Continental Casualty Company, (CNA Companies)*<br><br>*(Docket No. 19780)*<br><br>ROSENTHAL, MONHAIT, & GODDESS<br>Edward B. Rosenthal, Esq.<br>(302) 656-4433 Telephone<br>(302) 658-7567 Facsimile<br>GOODWIN PROCTER LLP<br>Daniel M. Glosband, Esq.<br>Brian H. Mukherjee, Esq.<br>(617) 570-1000 Telephone<br>(617) 523-1231 Facsimile<br>dglosband@goodwinprocter.com<br>bmukherjee@goodwinprocter.com<br><br>- and - | Failure to provide information concerning the Asbestos Insurance Policy Schedule, the Asbestos Insurance Transfer Agreement or the Cooperation Agreement.  (Paragraphs 10-13). | See #46 above. | Resolved as to Exhibit 5. Pending regarding the other exhibits. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| | FORD MARRIN ESPOSITO WITMEYER & GLESER, LLP Elizabeth DeCristofaro, Esq. (212) 269-4900 Telephone (212) 344-4294 Facsimile emdecristofaro@fmew.com | | | |
| 48. | ***Continental Casualty Company, (CNA Companies)*** ***(Docket No. 19780)*** | Fails to disclose information concerning insurance neutrality.  Need to know if the injunction under 8.2 of the Plan would prevent insurers who submit Indirect PI Trust Claims for contribution or indemnity to the Asbestos PI Trust, or who became involved in coverage litigation with the Trust, from exercising their rights under state law to take discovery of the Debtors.  (Paragraph 20). | Plan Proponents do not believe anything in the Plan impairs the insurers' rights to take such discovery, and the Debtors do not believe that the Disclosure Statement is unclear on this, so no revisions made.  *See also* Debtors' Consolidated Response to Objections filed herewith. | Objection should be overruled. |
| 49. | ***Continental Casualty Company, (CNA Companies)*** ***(Docket No. 19780)*** | Fails to disclose that amounts recoverable by the Asbestos PI Trust or on account of Asbestos PI Claims against CNA or other insurers may be lessened as a result of insurance neutrality provisions and the insurers' preservation and assertion of Asbestos Insurance Coverage Defenses.  (Paragraph 25). | The Debtors will add language to section 2.10.2.4 of the Disclosure Statement stating that the insurers have raised various contentions regarding the Plan's impact on the recoverability of insurance proceeds and regarding the insurers' defenses to their coverage obligations and that the Plan Proponents dispute such contentions. | Pending. |
| 50. | ***Continental Casualty Company, (CNA Companies)*** ***(Docket No. 19780)*** | TDP directly conflicts with the Plan's direction that all claims within Class 6 will be neither allowed nor disallowed (Paragraph 7). Disclosure should be clear if claims are being disallowed under section 502(e) or subordinated to other claims under 509(c). (Paragraph 16). | The Plan Proponents will propose language for the Plan, TDP and Disclosure Statement to address the ambiguity with respect to allowance of such claims and section 502(e). | Pending. |
| 51. | ***Zurich Insurance Company and Zurich International*** ***(Docket No. 19789)*** CONNOLLY BOVE LODGE & HUTZ LLP Jeffrey C. Wisler, Esq. Marc J. Phillips, Esq. | Failure to include Exhibit 5 (Asbestos Insurance Policy Schedule) and Exhibit 6 (Asbestos Insurance Transfer Agreement).  (Paragraph 2). | See #46 above. | Resolved as to Exhibit 5. Pending as to Exhibit 6. |

## W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| | (302) 658-9141 Telephone<br>(302) 658-0380 Facsimile<br>jwisler@cblh.com<br>mphillips@cblh.com<br><br>- and -<br><br>WILEY REIN LLP<br>Richard A. Ifft<br>(202) 719-7000 Telephone<br>(202) 719-7049 Facsimile<br>rifft@wileyrein.com | | | |
| 52. | ***Century Indemnity Company et al.***<br><br>***(Docket No. 19788)***<br><br>WHITE AND WILLIAMS LLP<br>Marc S. Casarino<br>(302) 467-4520 Telephone<br>(302) 467-4550 Facsimile<br>casarinom@whiteandwilliams.com<br><br>-and-<br><br>Joseph Gibbons (same firm)<br>(Philadelphia office)<br>(215) 864-7000 Telephone<br>(215) 864-7123 Facsimile<br>gibbonsj@whiteandwilliams.com | Failure to include Exhibit 5 (Asbestos Insurance Policy Schedule) and Exhibit 6 (Asbestos Insurance Transfer Agreement). (Paragraphs 10-12). | See #46 above. | Resolved as to Exhibit 5. Pending as to Exhibit 6. |
| 53. | ***Seaton Insurance Company***<br><br>***(Docket No. 19783)***<br><br>DRINKER BIDDLE & REATH LLP<br>Warren T. Oratt, Esq.<br>David P. Primack, Esq.<br>(302) 467-4200 Telephone<br>(302) 467-4201 Facsimile<br>david.primack@dbr.com | Inadequate information as to how Seaton and OneBeacon contractual indemnity claims will be treated under the Plan. (Paragraphs 10-11). | The Debtors will amend the Disclosure Statement to provide appropriate additional disclosures. | Pending. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| | - and -<br><br>Michael F. Brown, Esq.<br>(215) 988-2700 Telephone<br>(215) 988-2757 Facsimile<br>michael.brown@dbr.com | | | |
| 54. | *Seaton Insurance Company*<br><br>*(Docket No. 19783)* | Inadequate information in Exhibit Book: Asbestos Insurance Policy Schedule and Asbestos Insurance Transfer Agreement not included, so parties cannot tell each will be deemed an Settled Asbestos Insurance Company with respect to each such Asbestos Insurance Policy.  (Paragraph 12). | See #46 above. | Resolved as to Exhibit 5. Pending as to Exhibit 6. |
| 55. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)*<br><br>*(Docket No. 19787)*<br><br>STEVENS & LEE, P.C.<br>John D. Demmy<br>(302) 425-3308 Telephone<br>(610) 371-8515 Facsimile<br>jdd@stevenslee.com<br><br>-and-<br><br>Leonard P. Goldberger<br>Marnie E. simon<br>(215) 751-2864/2885 Telephone (Philly office)<br>(610) 371-7376/8505 Facsimile<br>lpg@stevenslee.com<br>mes@stevenslee.com | Fails to disclose whether the Asbestos PI Trust will apply proceeds from Asbestos Insurance Settlement Agreements, or from other settlements, prior to seeking insurance proceeds from non-settled insurance companies.  (Paragraphs 6-7). | This objection requests the Debtors to address hypothetical questions regarding future actions of the Trustee of the PI Trust. The Debtors do not believe the Disclosure Statement requires them to address such hypothetical future actions. | Objection should be overruled. |
| 56. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company* | Asbestos Insurance Policy Schedule and Asbestos Insurance Transfer Agreement and Cooperation Agreement not provided, but necessary, and TDP and Asbestos PI Trust Agreement require more | The Asbestos Insurance Policy Schedule (Exhibit 5) has been filed in conjunction herewith.  The Debtors will file the | Objection should be |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|-----|-----------------|--------------------|-----------------------------------------|--------|
| | *(FFIC)*<br><br>*(Docket No. 19787)* | detail on the insurance provisions. (Paragraphs 8-9). | remaining documents prior to the conclusion of the Disclosure Statement hearing. No further disclosure on the insurance provisions is required. | overruled. |
| 57. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company*<br>*(FFIC)*<br><br>*(Docket No. 19787)* | Disclosure Statement does not describe how non-settled insurance companies will be affected and what rights are being assigned, if any, to the Asbestos PI Trust, as well as what contractual rights will be voided, enjoined or suspended. (Paragraph 10). Disclosure Statement does not disclose that exclusion of non-settled insurers from claim liquidation process may diminish recoveries by holders of Asbestos PI Claims from the Asbestos PI Trust. (Paragraph 11). | Debtors believe the Disclosure Statement provides adequate disclosure regarding the insurance rights. See #49 above re the remaining objections outlined herein. | Pending. |
| 58. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company*<br>*(FFIC)*<br><br>*(Docket No. 19787)* | Disclosure Statement fails to disclose procedures to be employed by the Asbestos PI Trust to recover proceeds from those insurance companies that have not entered into Asbestos Insurance Settlement Agreements (Paragraph 13). | See # 55 above. | Objection should be overruled. |
| 59. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company*<br>*(FFIC)*<br><br>*(Docket No. 19787)* | Fails to disclose whether Asbestos PI Trust will apply proceeds from Asbestos Insurance Settlement Agreements prior to seeking insurance proceeds from non-settled insurance companies. (Paragraphs 16-17). | See # 55 above. | Objection should be overruled. |
| 60. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company*<br>*(FFIC)*<br><br>*(Docket No. 19787)* | Fails to disclose why Debtors are agreeing to fund and have a trust pay non-meritorious claims. (Paragraphs 19-22). | Disclosure Statement discusses why the Debtors entered into the Asbestos PI settlement, and TDP provides mechanisms so that non-meritorious claims are not paid. No revisions necessary. | Objection should be overruled. |
| 61. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company*<br>*(FFIC)*<br><br>*(Docket No. 19787)* | Fails to disclose that alleged artificial confidentiality of TDP settlements will adversely affect non-settled insurers and promote the payment of non-meritorious Claims to the detriment of legitimate Claimants. (Paragraphs 23-25). | Debtors will amend the Disclosure Statement to provide appropriate additional disclosures regarding this contention which the Debtors dispute. | Pending. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| 62. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)* <br><br> *(Docket No. 19787)* | Fails to disclose the effect of any substantive consolidation on claims made under the non-settled insurer policies.  (Paragraph 29). | The Disclosure Statement at Section 4.7.14 describes substantive consolidation and it is clear that substantive consolidation is for Plan purposes only.  Substantive consolidation does not expand coverage obligations or force insurers to assume liability on behalf of non-consolidated debtors that they did not originally contract to cover, and substantive consolidation does not create more than one Claim against the Debtors. | Objection should be overruled. |
| 63. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)* <br><br> *(Docket No. 19787)* | Fails to disclose material risks that alleged insurance coverage may not be available for Asbestos PI Claims because of the Plan's violations of FFIC's contractual rights and/or releases of Debtors' reciprocal contractual obligations.  (Paragraphs 15; 30-31). | See #49 above. | Pending. |
| 64. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)* <br><br> *(Docket No. 19787)* | Fails to disclose how Asbestos Insurance Rights will be transferred to the Asbestos PI Trust, and how Asbestos Insurance Entities will be part of the process by which Asbestos PI Claims will be evaluated, liquidated, and satisfied.  (Paragraph 34). | The Asbestos Insurance Transfer Agreement will be filed shortly, and will answer the transfer question. <br><br> Debtors do not believe any further disclosure is required regarding the Asbestos Insurance Rights. | Objection should be overruled. |
| 65. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)* <br><br> *(Docket No. 19787)* | Disclosure Statement does not disclose that Plan may vitiate coverage by violating FFIC's right to associate in the defense, investigation and settlement of Asbestos PI Claims and other Claims.  (Paragraph 32-38). | See #49 above. | Pending. |
| 66. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)* <br><br> *(Docket No. 19787)* | Disclosure Statement does not disclose that Plan may vitiate alleged coverage by violating Debtors' continuing duty to cooperate with FFIC in the defense and investigation of Asbestos PI Claims. (Paragraphs 39-44). | See #49 above. | Pending. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|-----|-----------------|--------------------|----------------------------------------|--------|
| 67. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)* <br><br> *(Docket No. 19787)* | Disclosure Statement does not disclose that Plan may vitiate alleged coverage by violating any anti-assignment restrictions in the insurance policies.  (Paragraphs 45-48). | See #49 above. | Pending. |
| 68. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)* <br><br> *(Docket No. 19787)* | Disclosure Statement does not disclose that Plan may vitiate alleged coverage because it constitutes a voluntary settlement to which FFIC did not consent.  (Paragraph 49). | See #49 above. | Pending. |
| 69. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)* <br><br> *(Docket No. 19787)* | Disclosure Statement does not disclose that Plan may vitiate alleged coverage by violating FFIC's rights to performance of Debtors' other contractual obligations.  (Paragraphs 50-51). | See #49 above. | Pending. |
| **PLAN CONFIRMATION OBJECTIONS FILED BY NON-INSURERS** | | | | |
| 70. | *The Official Committee of Unsecured Creditors* <br><br> *(Docket No. 19779)* | Plan is unconfirmable because it fails to solicit creditors in class 9 to vote on the Plan when such creditors are impaired.  These creditors are impaired because they are (1) denied their contractual interest rates and (2) not assured of payment on the Effective Date.  (Pages 6-15). | Plan objection; however, see #1 above. | Partially resolved. |
| 71. | *The Official Committee of Unsecured Creditors* <br><br> *(Docket No. 19779)* | Plan is unconfirmable because it violates the absolute priority rule by allowing equity to retain interest and failing to pay class 9 creditors in full, including their default interest rate.  (Pages 15-19). | Plan objection; however, see #1 above. | Partially resolved. |
| 72. | *The Official Committee of Unsecured Creditors* <br><br> *(Docket No. 19779)* | Plan is unconfirmable because it allows the Plan Proponents to amend, modify or supplement the Plan even after the Plan has been substantially consummated, and contrary to § 1127(b) of the Bankruptcy Code.  (Pages 30-31). | Plan Proponents will amend Plan to make clear that the Plan Proponents may alter Plan Documents as provided for therein, so long as the Plan itself is not altered, amended, or modified in any way that is not in accordance with § 1127(b) of the Bankruptcy Code. | Resolved pending final language. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| 73. | **The Official Committee of Unsecured Creditors** <br><br> *(Docket No. 19779)* | Plan is unconfirmable because the form and manner of objecting to the claims of current or former employees provides inadequate notice. (Pages 31-32). | Debtors will revise the Solicitation materials to provide individualized, clear notice to employees related to the deemed objection set forth in Plan. | Resolved pending final language. |
| 74. | **The Official Committee of Unsecured Creditors** <br><br> *(Docket No. 19779)* | Plan is unconfirmable because withholding distributions on Claims to which the Debtors have no objection raises questions about whether the Plan has been proposed in good faith. (Page 33). | See #8 above. | Resolved pending final language. |
| 75. | **The Official Committee of Unsecured Creditors** <br><br> *(Docket No. 19779)* | Failure to disclose that the Plan could result in a substantial delay in the Reorganized Debtors making distributions to class 9 claims because the Plan provides that no Distributions shall be made with respect to all or any portion of any Disputed Claim pending the entire resolution of such claim. (Page 31). Appears that Debtors can delay making a Distribution to Class 9 by simply refusing to acknowledge prior to the Effective Date that they have no objection to the allowance of a Class 9 Claim. A schedule identifying those Class 9 Claims to which the Debtors will not object should be added as an exhibit to the Disclosure Statement. And, to the extent the post-petition interest rate is disputed, it should not delay payment on the undisputed portion of the Claim. (Pages 32-34). | Plan Proponents will amend the Plan to address this issue. | Pending. |
| 76. | **The Official Committee of Unsecured Creditors** <br><br> *(Docket No. 19779)* | Plan is unconfirmable because it includes an order disallowing any claim not allowed by the Bankruptcy Code, but the Bankruptcy Code requires an affirmative objection. (Pages 36-37). | Plan Proponents will amend the Plan to address this issue. | Pending. |
| 77. | **The Official Committee of Unsecured Creditors** <br><br> *(Docket No. 19779)* | Plan is unconfirmable because it includes overly broad releases for "any third parties," which may enjoin parties even if they are not holders of claims or equity interests from bringing suits they may have against non-debtor parties. (Pages 37-38.) | Confirmation objection. Plan Proponents will amend the Plan to remove the reference in Section 8.8.8 to "any third parties." | Resolved pending amendment. |
| 78. | **The Official Committee of Unsecured Creditors** <br><br> *(Docket No. 19779)* | Section 9.1 of the Plan does not include procedures relating to the Debtors' assumption and rejection of executory contracts and unexpired leases. Doesn't provide for a cure of a default on assumed executory contracts by the Effective Date. There is no process described by which the Debtors will provide notice to non-debtor parties to executory contracts and unexpired leases that the Debtors intend to assume such agreement, and stating the cure amount, if | Plan Proponents will amend Plan language to provide for a process regarding notice of the cure amounts and the opportunity to object to the assumption of an agreement. | Resolved pending final language. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| | | any. There also appears to be no ability of a non-debtor party to object to the proposed assumption of its agreement. (Pages 38-39). | | |
| 79. | *The Official Committee of Unsecured Creditors* *(Docket No. 19779)* | Treatment of Creditors' Committee is significantly different from other committees in Section 11.7 of the Plan, and Creditors' Committee should remain in existence and have standing to act post-Effective Date with respect to the bank claims default interest litigation and any other litigation that may concern the payment of default interest to other Class 9 Claims with contractual default interest rate provisions. (Pages 39-40). | Plan Proponents will amend the Plan to afford the Creditors' Committee with the same rights as the other committees in Section 11.7. | Resolved pending final language. |
| 80. | *Tempo Master Fund LP, Bank of America, N.A., Morgan Stanley Senior Funding, Inc.* *(Docket No. 19792)* | The Plan provides for improper discriminatory treatment for Morgan Stanley's and Tempo's unsecured claims. (Paragraphs 23-26). | Confirmation Objection. | Objection should be overruled. |
| 81. | *Tempo Master Fund LP, Bank of America, N.A., Morgan Stanley Senior Funding, Inc.* *(Docket No. 19792)* | The Plan improperly classifies dissimilar claims in the same class. (Paragraphs 27-31). | Confirmation Objection. | Objection should be overruled. |
| 82. | *Longacre Master Fund, LTD. (Longacre)* *(Docket No. 19761)* | The Plan is not fair and equitable because it violates the absolute priority rule, which requires that Longacre receive the full amount of its allowed claim and the non-default contract rate of interest before equity can retain any value. (Paragraphs 13-17). | See #1 above. | Partially resolved. |
| 83. | *Longacre Master Fund, LTD. (Longacre)* *(Docket No. 19761)* | The Plan is unconfirmable because it does not provide the same treatment for claims in the same class by artificially limiting the interest payments of one group of unsecured creditors while providing the non-default contract interest rate for another group of unsecured creditors in class 9. (Paragraphs 19-21). | See #1 above. | Partially resolved. |
| 84. | *Bank Lender Group:(i) Anchorage Advisors, LLC; (ii) Avenue Capital Group; (iii) Bass Companies; (iv) Caspian Capital Advisors, LLC; (v)* | Improperly classified as unimpaired when members of Class 9 are impaired under the Plan. (Paragraphs 12-21). Reargues the default interest arguments of the Bank Lender Group. (Paragraphs 22-26). | See #1, 5 and 13 above. | Partially resolved. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| | *Catalyst Investment Management Co., LLC; (vi) Citigroup Special* (*The Bank Lender Group*)<br><br>*(Docket No. 19786)*<br><br>LANDIS RATH & COBB LLP<br>Adam G. Landis, Esq.<br>Richard S. Cobb, Esq.<br>J. Landon Ellis, Esq.<br>(302) 467-4400 Telephone<br>(302) 467-4450 Facsimile<br>landis@lrclaw.com<br>cobb@lrclaw.com<br><br>- and -<br><br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>Stephan J. Shimshak, Esq.<br>Andrew N. Rosenberg, Esq.<br>Margaret A. Phillips, Esq.<br>(212) 373-3000 Telephone<br>(212) 757-3990 Facsimile<br>sshimshak@paulweiss.com<br>arosenberg@paulweiss.com<br>mphillips@paulweiss.com | | | |
| 85. | *Her Majesty the Queen in Right of Canada as represented by The Attorney General of Canada*<br><br>*(Docket No. 19791)* | Crown's contribution and indemnification claims are not the type that should be subject to Section 524(g).  Crown also believes that its claims may not even be claims that are subject to discharge under the definition of "claim" in Section 101(5).  (Paragraphs 34-36). | See #17 above.  The Crown's contribution and indemnification claims have been resolved in the Minutes of Settlement. | Objection should be overruled. |
| 86. | *Her Majesty the Queen.*<br><br>*(Docket No. 19791)* | The Plan violates the absolute priority rule. The Crown's claims are impaired yet claims that are junior in priority are unimpaired. (Paragraphs 22-28). | Confirmation objection.  See Debtors' Consolidated Response to Objections filed herewith. | Objection should be overruled. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| 87. | *ERISA Plaintiffs* <br><br> *(Docket No. 19785)* | Releases in Section 8.8.7 and 8.8.8 of the Plan are too broad. (Paragraphs 15-24). ERISA Plaintiffs are entitled to same or substantially similar carve out as the enforcement of governmental police and regulatory power. (Paragraph 25). | Confirmation objection. <br><br> The Disclosure Statement in Section 3.2.8.1 explains that any valid pre-petition claims of the ERISA plaintiffs against the Debtors will be treated as Class 9 claims and any valid post-petition claims will be treated as Administrative Expense Claims. | Objection should be overruled. |
| 88. | *ERISA Plaintiffs* <br><br> *(Docket No. 19785)* | Plan Supplement needs to be made available prior to the objection deadline to confirmation so parties in interest have a sufficient opportunity to review the Plan Supplement prior to the deadline for filing an objection. (Paragraphs 27-31). | Plan Proponents will amend the Plan and Disclosure Statement to provide that the Plan Supplement will be filed 10 days prior to the Confirmation Objection deadline. | Resolved pending final judgment. |
| 89. | *The State Of Montana* <br><br> *(Docket No. 19795)* | Failure to disclose that the Plan violates the absolute priority rule and the prohibition against unfair discrimination because class 6 is an impaired class while other classes of the same priority or junior priority are unimpaired. The Disclosure Statement should either disclose the potential violation or bring the Plan to compliance. (Paragraphs 12-18). | Confirmation objection. | Objection should be overruled. |
| 90. | *The State Of Montana* <br><br> *(Docket No. 19795)* | The medical criteria set forth in the TDP are inappropriate, and the Disclosure Statement should disclose Montana's position on this issue. (Paragraph 28). | Confirmation objection. | Objection should be overruled. |
| 91. | *The State Of Montana* <br><br> *(Docket No. 19795)* | The Disclosure Statement should be revised to disclose that Montana disputes the classification of its claims. Montana's claims are not subject to the 524(g) channeling injunction because they are for contribution and indemnification and not personal injury, wrongful death or property damage claims. Also, Montana's claims are actually post-confirmation claims against the Reorganized Debtor and not subject to the automatic stay because no right to payment has arisen. (Paragraphs 21-24). | Confirmation objection. The Debtors will consider appropriate amendments to the Disclosure Statement to set forth Montana's position. | Objection should be overruled. |
| 92. | *The State Of Montana* <br><br> *(Docket No. 19795)* | Failure to disclose that the Plan is not proposed in good faith because Montana was not included in the negotiations leading up to the Asbestos PI Settlement. The Disclosure Statement should be revised to reflect this dispute. (Paragraphs 25-27). | Confirmation Objection. | Objection should be overruled. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| 93. | *Libby Claimants* | TDP is deficient and discriminatory in several ways: (i) values do not reflect historic Libby tort values (Pages 15-16); (ii) exclude legitimate Libby disease criteria (Page 27); (iii) fail to add certain elements to the diagnosis criteria  (Page 27); (iv) require most Libby victims to have to resort to individual review (Page 33); (v) panel has unfettered discretion re qualifications for Extraordinary Claims (Page 34); (v) timing of payments works to Libby claimants disadvantage.  (Page 35). | Confirmation Objection | Objection should be overruled. |
| 94. | *Libby Claimants* | Plan deprives the Libby Claimants of the Benefit of Premises Insurance coverage.  (Pages 36-37) | Confirmation Objection | Objection should be overruled. |
| 95. | *Libby Claimants*<br><br>*(Docket No. 19803)* | The Plan is unconfirmable because it violates the Bankruptcy Code's policy of equal distribution in providing Asbestos PI Claimants a higher percentage of the tort system value of their claims than provided to the Libby Claimants.  (Pages 50-57). | Confirmation Objection | Objection should be overruled. |
| 96. | *Libby Claimants*<br><br>*(Docket No. 19803)* | The Plan is unconfirmable because it places the Libby Claimants in a class with claims with different legal liability and insurance rights. (Pages 57-65). | Confirmation Objection | Objection should be overruled. |
| 97. | *Libby Claimants*<br><br>*(Docket No. 19803)* | The Plan is unconfirmable because it provides different treatment for claims in the same class in that it (1) pays different amounts based on the disease, (2) pays the Libby Claimants only a fraction of the tort system value of their claims, (3) provides different payment terms for claims based on jury verdicts, later-allowed claims, damages claims, and wrongful death claims, and (4) deprives the Libby Claimants of their more valuable insurance rights, which are premises claims and not subject to a cap.  (Pages 65-76). | Confirmation Objection | Objection should be overruled. |
| 98. | *Libby Claimants*<br><br>*(Docket No. 19803)* | The Plan is unconfirmable because it denies Libby Claimants their right to trial by jury because the TDP limits jury verdicts to the maximum value determined by the TDP.  (Pages 76-79). | Confirmation Objection | Objection should be overruled. |
| 99. | *Libby Claimants*<br><br>*(Docket No. 19803)* | The Plan is unconfirmable because it violates the Libby Claimants' right to have their claims allowed in accordance with applicable non-bankruptcy law, which provides that the valid amount of a personal | Confirmation Objection | Objection should be |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| | | injury claim is the amount provided by a final judgment obtained through the tort system.  (Page 80). | | overruled. |
| 100. | *Libby Claimants* <br><br> *(Docket No. 19803)* | The Plan is unconfirmable because it provides impermissibly broad injunctions, releases and exculpations by (1) protecting third parties from claims outside the permissible four categories set forth in Section 524(g), (2) protecting third parties who have not provided a substantial financial contribution to the Trust, (3) impermissibly deeming claimants who receive a distribution under the Plan to have provided a release, (4) impermissibly enjoining the Libby Claimants pursuit of insurance coverage to which they do not compete with any other Claimants, and (5) impermissibly enjoining the Libby Claimants even though the Plan is not fair or equitable to the Libby Claimants.  (Pages 80-90). | Confirmation Objection | Objection should be overruled. |
| 101. | *Libby Claimants* <br><br> *(Docket No. 19803)* | The Plan is unconfirmable because it improperly usurps the Court's ability to modify or dissolve preliminary injunctions and attempts to freeze the <u>Chakarian</u> Injunction.   (Pages 90-91). | Confirmation Objection | Objection should be overruled. |
| 102. | *Libby Claimants* <br><br> *(Docket No. 19803)* | The Plan is unconfirmable because it improperly disallows punitive damages claims and wrongful death claims.  (Pages 91-96). | Confirmation Objection | Objection should be overruled. |
| 103. | *(Kaneb & STS)* <br> *(Docket No. 19770)* | The Plan is unconfirmable because it provides broader injunctions, releases, and discharges than allowed under sections 1141 and 524(g) of the Bankruptcy Code.   (Pages 5-6). | Confirmation Objection | Objection should be overruled. |
| 104. | *(Kaneb & STS)* <br> *(Docket No. 19770)* | Plan section 8.1 provides broader discharge then allowed by Code, especially re the Texas Litigation and insurance coverage in connection with the Cape Cod/Otis Pipeline and the Macon, Georgia site should not be barred by the discharge injunction.  (Paragraph 7). | Confirmation Objection.  See also #40 above. | Objection should be overruled. |
| **PLAN CONFIRMATION OBJECTIONS FILED BY INSURERS** | | | | |
| 105. | *Continental Casualty Company,* *(CNA Companies)* | Insurance neutrality language is not as broad or neutral as what the Court had previously approved in this case in the 2019 Order. | Confirmation Objection | Objection should be |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|-----|-----------------|--------------------|----------------------------------------|--------|
|  | *(Docket No. 19780)* | (Paragraph 21).  Res judicata and collateral estoppel references indicate the Plan is not insurance neutral.  (Paragraphs 22-23). |  | overruled. |
| 106. | *Continental Casualty Company, (CNA Companies)* <br><br> *(Docket No. 19780)* | Claims classified in Class 6 are likely to receive different recoveries in violation of Section 1123(a)(4) of the Bankruptcy Code.  (Paragraph 29). | Confirmation Objection | Objection should be overruled. |
| 107. | *Continental Casualty Company, (CNA Companies)* <br><br> *(Docket No. 19780)* | Plan is unconfirmable because it does not provide adequate means for implementation in failing to explain whether a non-settling insurance company who enters into a post-confirmation settlement agreement may obtain the benefits of the 524(g) channeling injunction.  (Paragraphs 31-32). | Plan Proponents will amend the Plan's definition of Settled Asbestos Insurance Company to address this issue by stating that in order to receive 524(g) treatment, insurers must enter into settlements sufficiently comprehensive to warrant § 524(g) treatment by a date certain which will be specifically identified in the amendment. | Pending. |
| 108. | *Continental Casualty Company, (CNA Companies)* <br><br> *(Docket No. 19780)* | Failure to provide adequate information concerning the application of section 502(e) and 509(c) to certain claims in class 6 and whether the Plan contemplates disallowance or subordinating contingent claims (Paragraphs 14-18).  Also, if the TDP contemplates rejection or subordination of demands by applying 502(e) or 509(b), it would directly conflict with section 524(g) of the Bankruptcy Code, destroy insurance neutrality, and materially affect the state court rights of CNA and other insurers.  (Paragraph 17). | See #50 above. | Pending. |
| 109. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)* <br><br> *(Docket No. 19787)* | Plan is not insurance neutral.  (Paragraph 12). | Confirmation Objection | Objection should be overruled. |
| 110. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)* <br><br> *(Docket No. 19787)* | The Plan subjects non-settling insurers to possible obligations from the TDP's unreasonable claim allowance criteria.  (Paragraphs 26-28). | Confirmation Objection | Objection should be overruled. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|-----|-----------------|--------------------|-----------------------------------------|--------|
| 111. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)* <br><br> *(Docket No. 19787)* | Plan does not provide FFIC with a right to object to the allowance of claims under Section 502(a) of the Bankruptcy Code. (Paragraph 36). | Confirmation Objection | Objection should be overruled. |
| 112. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)* <br><br> *(Docket No. 19787)* | Plan is not fair and equitable to FFIC. (Paragraphs 54-56). | Confirmation Objection | Objection should be overruled. |
| 113. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)* <br><br> *(Docket No. 19787)* | Plan improperly seeks to re-write the insurance policies. (Paragraph 59). | Confirmation Objection | Objection should be overruled. |
| 114. | *Riunione Adriatica di Sicurta, Fireman's Fund Insurance Company (FFIC)* <br><br> *(Docket No. 19787)* | The Plan violates the jurisdictional limitations of 28 U.S.C. § 157 because it improperly attempts to confer jurisdiction upon the Bankruptcy Court for non-core matters that may involve adjudication of FFIC's rights and obligations under the Policies. (Paragraph 60). | Confirmation Objection | Objection should be overruled. |
| **SOLICITATION/CONFIRMATION HEARING SCHEDULING OBJECTIONS** | | | | |
| 115. | *Official Committee of Unsecured Creditors* | Did not file separate objection to the solicitation motion, but argued in its disclosure statement objection that Class 9 is impaired; thus, it should be allowed to vote on the Plan. (Pages 14-15). <br><br> Also, the Committee argues that the heading on the Non-Voting Class Status Notice fails to prominently display that this pleading is also noticing the Debtors' objections to all Claims asserted by current and former employees other than Employee Benefit Claims. (Page 31 of Disclosure Statement Objection). In addition, the Non-Voting Class Status Notice contains no specificity as to the nature of the Debtors' specific objection to any of the claimants affected. To the extent the objection constitutes an "omnibus objection", the | See #70 and 73 above. | Partially resolved. |

## W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|-----|-----------------|--------------------|----------------------------------------|--------|
| | | Local Rules require that the objection include an exhibit identifying the name of each claimant, the claim number for each claimant, the claim amount, and the reason in sufficient detail why the claim should be disallowed.  Local Rules also require that an objection based on substantive grounds include all substantive objections to such claim.  (Pages 31-32). | | |
| 116. | *United States Trustee*<br><br>*(Docket No. 19782)* | Provisions for temporary allowance of claims in Solicitation Procedures are not specific as to procedure and time line. (Paragraph 8). | Debtors are considering revisions to the Voting Procedures to provide this timeline. | Pending. |
| 117. | *United States Trustee* | Each Ballot should contain a separate section that allows a creditor to opt-in to the third-party release provisions in the Plan.  (Paragraph 7). | Debtors propose no change. | Objection should be overruled |
| 118. | *Longacre Master Fund, LTD. (Longacre)*<br><br>*(Docket No. 19761)*<br>PEPPER HAMILTON LLP<br>David M. Fournier, Esq.<br>James C. Carignan , Esq.<br>(302) 777-6500 Telephone<br>(302) 421-8390 Facsimile<br>fournierd@pepperlaw.com<br>carignanj@pepperlaw.com<br>- and -<br>Robert S. Hertzberg, Esq.<br>(313) 259-7110 Telephone<br>(313) 259-7926 Facsimile<br>hertzbergr@pepperlaw.com | Did not file separate objection to solicitation motion, but argued in its disclosure statement objection that failure to provide Longacre the right to vote on the Plan even though the treatment of Unsecured Creditors under the Plan renders these claims impaired is improper. (Paragraphs 8-9). | Confirmation Objection. See Consolidated Response to Objections filed herewith. | Objection should be overruled. |
| 119. | *Her Majesty the Queen in Right of Canada as represented by The Attorney General of Canada*<br><br>*(Docket No. 19791)* | Did not file separate objection to solicitation motion, but argued in its disclosure statement objection that Crown's contribution and indemnity claims should be included in Class 9 and as such, the Crown should be the party solicited to vote, not the CCAA Representative Counsel.  In any event, it should be able to vote its claim even if it is in Class 8.  (Paragraphs 40-42). | See #17 above. | Objection should be overruled. |

## W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| 120. | *Her Majesty the Queen* <br><br> *(Docket No. 19791)* | There is no basis for Indirect PI Trust Claim valuation of $1.00, even if only for voting purposes. (Paragraph 42). | See Debtors' Consolidated Response to Objections filed herewith. | Objection should be overruled. |
| 121. | *ERISA Plaintiffs* <br><br> *(Docket No. 19785)* | Plan Supplement must be made available before Objection Deadline. (Paragraphs 27-31). | Plan Proponents will amend Plan to provide that the Plan Supplement will be provided before the Confirmation Objection Deadline. | Resolved pending final language. |
| 122. | *The State Of Montana* <br><br> *(Docket No. 19795)* | Did not file separate objection to the solicitation motion, but argued in its disclosure statement objection that the Debtors have provided no basis to estimate, for voting purposes, the Indirect PI Trust Claims at $1.00 per claim.  (Paragraph 29). | Debtors propose no change.  See Debtors' Consolidated Response to Objections filed herewith. | Objection should be overruled. |
| **JOINDERS TO OTHER OBJECTIONS** | | | | |
| 123. | *Zurich Insurance Company and Zurich International* <br><br> *(Docket No. 19789)* | Zurich joins, to the extent applicable, the objection filed on behalf of CNA Companies.  (Paragraph 3). | See #47-50 and 105-108 above. | See #47-50 and 105-108 above. |
| 124. | *JPMorgan Chase, N.A As Administrative Agent* <br><br> *(Docket No. 19790)* <br><br> LANDIS RATH & COBB LLP <br> Adam G. Landis, Esq. <br> Richard S. Cobb, Esq. <br> James S. Green, Jr., Esq. <br> (302) 467-4400 Telephone <br> (302) 467-4450 Facsimile <br> landis@lrclaw.com <br> cobb@lrclaw.com <br> green@lrclaw.com <br><br><br> - and - <br> SIMPSON THACHER & BARTLETT LLP <br> Peter V. Pantaleo, Esq. | JPMorgan joins in the objection of the Bank Lender Group. | See #84 above. | Partially resolved. |

## W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|---|---|---|---|---|
| | William T. Russell, Jr., Esq.<br>Marissa A. Piropato, Esq.<br>(212) 455-2000 Telephone<br>(212) 455-2502 Facsimile<br>ppantaleo@stblaw.com<br>wrussell@stblaw.com<br>mpiropato@stblaw.com | | | |
| 125. | *Federal Insurance Company*<br><br>*(Docket No. 19793)*<br><br>COZEN O'CONNOR<br>Jeffrey R. Waxman, Esq.<br>(302) 295-2000 Telephone<br>(302) 295-2013 Facsimile<br>jwaxman@cozen.com<br><br>- and -<br>William P. Shelly, Esq.<br>Jacob C. Cohen, Esq.<br>(215) 665-2000 Telephone<br>(215) 665-2013 Facsimile | Federal Insurance Company joins in the objection of the CNA Companies and the objection of Fireman's Fund Insurance Company. | See #47-50, 55-69 and 105-114 above. | See #47-50, 55-69 and 105-114 above. |
| 126. | *Arrowood Indemnity Company f/k/a Royal Indemnity Company*<br><br>*(Docket No. 19801)*<br>*(Docket No. 19824*<br><br>BIFFERATO GENTILOTTI, LLC<br>Garvan F. McDaniel, Esq.<br>(302) 254-5396 Telephone<br>gmcdaniel@bglawde.com<br><br>-and-<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP<br>Carl J. Pernicone, Esq.<br>(212) 490-3000 Telephone<br>carl.pernicone@wilsonelsner.com | Arrowood joins CNA and Fireman's Fund et al. objections and reservations of rights.  (Paragraph 3).<br><br>Arrowood joins Maryland Casualty Company's Objection. | See #47-50, 55-69 and 105-114 above. | See #47-50, 55-69 and 105-114 above. |
| 127. | *Continental Casualty Company,* *(CNA Companies)* | CNA indicates that it joins in Fireman's Fund objection.  (Paragraph | See #55-69 and 109-114 above. | See #55-69 and 109-114 |

## W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status |
|-----|-----------------|--------------------|-----------------------------------------|--------|
|     | *(Docket No. 19780)* | 33). |  | above. |