## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Re: Docket Nos. 19727, 19728 and 19765 |
| | ) | |

## DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD ON APPEAL AND STATEMENT OF ISSUES PRESENTED ON APPEAL

Pursuant to Fed. R. Bankr. P. Rule 8006, Claimant, State of California, Department of General Services (the "State"), respectfully submits its Designation Of Items To Be Included In Record On Appeal and Statement Of Issues Presented On Appeal:

### DESIGNATION OF ITEMS TO BE INCUDED IN RECORD ON APPEAL

| Item No. | Docket No. | Date | Description |
|---|---|---|---|
| 1. | 19728 | 10.10.08 | Order of Court granting Debtors' motion for summary judgment and sustaining Debtors' objection to State's sixteen property damage claims based on statute of limitations |

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Ins., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Egarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II, Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

| Item No. | Docket No. | Date | Description |
|---|---|---|---|
| 2. | 19727 | 10.10.08 | Memorandum Opinion granting Debtors' motion for summary judgment and sustaining Debtors' objection to State's sixteen property damage claims based on statute of limitations |
| 3. | 19765 | 10.16.08 | Notice of Appeal filed by the State from the Order of Court granting Debtors' motion for summary judgment and sustaining Debtors' objection to State's sixteen property damage claims based on statute of limitations |
| 4. | N/A | 3.28.03 | State's sixteen Proofs of Claim (Claim Nos. 10648, 10649, 10650, 10651, 10652, 10653, 10654, 10655, 10656, 10657, 10658, 10659, 10660, 10661, 10662, and 14411), including all addenda and supporting documentation submitted with the Proofs of Claim |
| 5. | 9315 | 9.1.05 | Debtors' Fifteenth Omnibus Objection (Substantive) To Property Damage Claims, including all exhibits |
| 6. | 10835 | 10.24.05 | Claimant State of California, Department of General Services' Response To Debtors' Fifteenth Omnibus Objection (Substantive) To Asbestos Property Damage Claims, including all exhibits |
| 7. | 11234 | 11.30.05 | Supplement To Claimant State of California, Department of General Services' Response To Debtors' Fifteen Omnibus Objection (Substantive) To Asbestos Property Damage Claims, including all exhibits |
| 8. | 11428 | 12.22.05 | Debtors' Reply In Support Of Their Fifteenth Omnibus Objection (Substantive) To Asbestos Property Damage Claims |
| 9. | 11619 | 1.19.06 | Claimant, State Of California, Department Of General Services' Sur-reply To Debtors' Fifteenth Omnibus Objection (Substantive) To Asbestos Property Damage Claims |
| 10. | 14592 | 2.16.07 | Debtors' "Road Map" Of Summary Judgment Motions To Expunge Various Asbestos Property Damage Claims, including all exhibits |
| 11. | 14594 | 2.16.07 | Debtors' Motion And Memorandum For An Order Pursuant To F.R.B.P. 7056 Disallowing And Expunging One Hundred Nine (109) California Asbestos Property Damage Claims Barred By The Statute Of Limitations, including all exhibits |

| Item No. | Docket No. | Date | Description |
|---|---|---|---|
| 12. | 14919 | 3.19.07 | Claimant State of California, Department of General Services, Opposition To Debtors' Motion For An Order Pursuant To F.R.B.P. 7056 Disallowing And Expunging Claimant's Sixteen (16) Claims Among One Hundred Nine (109) California Asbestos Property Damage Claims Allegedly Barred By The Statute Of Limitations |
| 13. | 14920 | 3.19.07 | Declaration Of Claimant's Counsel Steven J. Mandelsberg In Opposition To Debtors' Motion For An Order Pursuant To F.R.B.P. 7056 Disallowing And Expunging Claimant's Sixteen (16) Claims Among One Hundred Nine (109) California Asbestos Property Damage Claims Allegedly Barred By The Statute Of Limitations, including all exhibits |
| 14. | 14966 | 3.23.07 | Debtors' Reply In Further Support Of Their Motion For An Order Pursuant To F.R.B.P. 7056 Disallowing And Expunging One Hundred Nine (109) Time-Barred California Asbestos Claims |
| 15. | 15229 | 4.18.07 | Transcript of Hearing held on April 9, 2007 on Debtors' motion under F.R.B.P. 7056 for an order disallowing and expunging one hundred nine (109) California asbestos property damage claims based on statute of limitations |
| 16. | N/A | 1.29.90 | Motion For Leave To File Complaint in the proceeding entitled, *Alabama et al. v. W.R. Grace & Co. et al.*, proposed Complaint and Brief In Support Of Motion For Leave To File Complaint |
| 17. | N/A | 5.14.90 | U.S. Supreme Court Opinion denying motion for leave to file a complaint in the proceeding entitled, *Alabama et al. v. W.R. Grace & Co. et al.* |
| 18. | 19742 | 10.10.08 | Bankruptcy Court's Memorandum Opinion denying Macerich Fresno Limited Partnership's motion for summary judgment on statute of limitations, laches and assumption of risk, and sustaining Debtors' objection to the claim on statute of limitations grounds |
| 19. | 19743 | 10.10.08 | Bankruptcy Court's Order denying Macerich Fresno Limited Partnership's motion for summary judgment on statute of limitations, laches and assumption of risk, and sustaining Debtors' objection to the claim on statute of limitations grounds |

## STATEMENT OF ISSUES PRESENTED ON APPEAL

1. Did the Bankruptcy Court err in granting Debtors' motion for summary judgment against the State and sustaining the Debtors' objections to the State's sixteen asbestos property damage claims on the grounds that each of those claims were barred by the California statute of limitations?

2. Did the Bankruptcy Court err in determining when the statute of limitations for an asbestos property damage claim begins to run under California law and in applying that statute of limitations to the State's sixteen asbestos property damage claims?

3. Did the Bankruptcy Court err in determining when the statute of limitations for an asbestos property damage claim begins to run under Delaware law and in applying that statute of limitations to the State's sixteen asbestos property damage claims?

4. Did the Bankruptcy Court err in finding that a motion filed in 1989 by the State and 28 other states, as *parens patriae*, in the United States Supreme Court that sought equitable restitution under the Public Assistance Doctrine to address the national crisis presented by the presence of asbestos-containing materials in public buildings (the "Motion"), and that did not in any way identify or name any of such buildings or quantify any relief sought, established as a matter of law that the statute of limitations for each of the State's sixteen asbestos property damage claims began to run by 1990?

5. Did the Bankruptcy Court err in determining that the Debtors had met their burden of proof on a motion for summary judgment as to their contention that the State's sixteen asbestos property damage claims alleged injuries "identical" to those alleged in the Motion and therefore established that the statute of limitations as to each of those sixteen claims began to run by 1990.

6. Did the Bankruptcy Court, as an alternative ground for granting summary judgment, err in the application of the Delaware "borrowing statute"?

7. Did the Bankruptcy Court err in failing to recognize sovereign immunity that a governmental entity might enjoy against statute of limitations defenses provided under Delaware law?

8. Did the Bankruptcy Court, in granting summary judgment, err in failing to properly apply the doctrines of judicial estoppel and judicial admission?

9. Did the Bankruptcy Court, to the extent relied upon as an alternative ground in granting summary judgment, improperly consider a proof of claim filed by the State in the Johns-Manville bankruptcy proceeding?

Dated: October 27, 2008
Wilmington, Delaware

/s/ Leslie C. Heilman
Tobey Marie Daluz, Esq. (No. 3939)
Leslie C. Heilman, Esq. (No. 4716)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: daluzt@ballardspahr.com
      heilmanl@ballardspahr.com

-and-

HAHN & HESSEN LLP
Steven J. Mandelsberg, Esq. (admitted *pro hac*)
John P. McCahey, Esq. (admitted *pro hac*)
Christina J. Kang, Esq. (admitted *pro hac*)
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Email: smandelsberg@hahnhessen.com
      jmccahey@hahnhessen.com
      ckang@hahnhessen.com

Counsel for Claimant
State of California, Dep't of General Services