UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In Re: W.R. GRACE & CO., et al.,          )          CHAPTER 11
                                          )
                                          )          BANKRUPTCY NO. 01-01139 (JKF)
                              DEBTORS.    )          (Jointly Administered)
                                          )

## ZAI CLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES ZONOLITE CLAIMANTS MOTION FOR CLASS CERTIFICATION

RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC
Edward J. Westbrook
Robert M. Turkewitz
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina 29464
Telephone: (843) 727-6500

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott
926 W. Sprague Avenue
Chronicle Building, Suite 680
Spokane, Washington 99201
Telephone: (509) 455-3966

SULLIVAN HAZELTINE ALLINSON LLC
William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 428-8191

Dated: October 29, 2008

# TABLE OF CONTENTS

*I. INTRODUCTION* _____ *1*

*II. BACKGROUND* _____ *1*

*III. ARGUMENTS* _____ *4*

**A.   U.S. ZAI CLAIMS ARE BEST MANAGED COLLECTIVELY THROUGH DESIGNATED REPRESENTATIVES AND DESIGNATED COUNSEL, PURSUANT TO FED. R. CIV. P. 23** _____ **4**

1.   Class Members Are So Numerous That Their Joinder for Purposes of Individual Participation in Post-Confirmation Contested Claims Proceedings is Impracticable. _____ 6

2.   Claims of U.S. ZAI Claimants Present Common Questions Of Law And Fact. _____ 7

3.   The Claims of Representative U.S. ZAI Claimants Are Typical of The Claims of Other Class Members. _____ 7

4.   The Proposed Representative U.S. ZAI Claimants Will Fairly and Adequately Protect the Interests of the Class. _____ 9

**B.   U.S. ZAI CLAIMS MAY BE PROPERLY CERTIFIED UNDER FED. R. CIV. P. 23(b)(3).** _____ **9**

1.   Common Questions Predominate. _____ 10

2.   Adjudication through Representative Claimants and Representative Counsel is the Superior Method for the Fair and Efficient Adjudication of U.S. ZAI Claims. _____ 12

**C.   U.S. ZAI CLAIMS ARE ALSO MAINTAINABLE AS CLASS ACTIONS UNDER RULE 23(B)(2)** _____ **18**

*IV. CONCLUSION* _____ *19*

i

# TABLE OF AUTHORITIES

## CASES

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ...................................................... 5, 9, 13

*Central Wesleyan College v. W.R. Grace & Co.*, 143 F.R.D. 628 (D.S.C. 1992), *aff'd*, 6 F.3d 177
    (4th Cir. 1993)............................................................................................................ 11, 12

*Day v. NLO*, 851 F.Supp. 869 (S.D. Ohio 1994) ......................................................................... 18

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974)..................................................................... 5

*General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147 (1982) ..................................... 8

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)..................................................... passim

*Hill v. Western Elec. Co., Inc.*, 672 F.2d 381 (4th Cir. 1982)........................................................ 9

*Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912 (3d Cir. 1992)..................................... 8

*In re Agent Orange Prods. Liability Litig.*, 818 F.2d 145 (2d Cir. 1987)....................................... 7

*In re American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988) ............................................. 5, 13, 16

*In re Asbestos School Litig.*, 104 F.R.D. 422, 431-434, (E.D. Pa. 1984) *aff'd in part and vacated
    in part*, remanded *In re School Asbestos Litig.*, 789 F.2d 996 (3d Cir. 1986) *cert. denied*,
    *Celotex Corp. v. School Dist. of Lancaster*, 479 U.S. 852 (1986)................................ 10, 11, 12

*In re Badger Mountain Irrigation Dist. Sec. Litig.*, 143 F.R.D. 693 (W.D. Wash. 1992)............ 10

*In re Birting Fisheries, Inc.*, 92 F.3d 939 (9th Cir. 1996) ................................................................ 5

*In re Charter Co.*, 876 F.2d 866, 871 (11th Cir. 1989)................................................................... 6

*In re First Interregional Equity Corp.*, 227 B.R. 358 (Bankr. D.N.J. 1998) .................................. 6

*In Re Prudential Ins. Co. America Sales Practice Litig.*, 148 F.3d 283 (3d Cir. 1998) ........... 7, 10

*In re Whittaker*, 882 F.2d 791 (3d Cir. 1989) ................................................................................. 5

*In re Zenith Laboratories. Inc.*, 104 B.R. 569 (D.N.J. 1989) .................................................... 6, 13

*Jenkins v. Raymark Indus. Inc.*, 782 F.2d 468 (5th Cir. 1986) ..................................................... 11

*Johnston v. HBO Film Management, Inc.*, 265 F.3d 178 (3d Cir. 2001).......................... 7, 8, 9, 12

*Linney v. Cellular Alaska*, 151 F.3d 1234 (9th Cir. 1998)............................................................ 18

*Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997) ....................................................... 13

*Probe v. State Teachers Retirement*, 780 F.2d 776 (9th Cir. 1986)............................................... 18

*Rodriguez v. Carlson*, 166 F.R.D. 465 (E.D. Wash. 1996)....................................................... 6, 10

*Stewart v. Abraham*, 275 F.3d 220 (3d Cir. 2001).................................................................. 6, 7, 8

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996) ................................................ 14

## OTHER AUTHORITIES

5 Newberg on Class Actions (3d ed. 1992), § 20.01, at 20-2 .......................................................... 5

## RULES

Fed. R. Bankr. P. 7023 ...................................................................................................................... 5

Fed. R. Bankr. P. 9011(a)................................................................................................................ 13

Fed. R. Bankr. P. 9014...................................................................................................................... 4

Fed. R. Civ. P. 11 ........................................................................................................................... 13

Fed. R. Civ. P. 23 ...................................................................................................................... 4, 5, 6

Fed. R. Civ. P. 23(a) .................................................................................................................... 5, 18

Fed. R. Civ. P. 23(a)(1) ............................................................................................... 6

Fed. R. Civ. P. 23(a)(2) ............................................................................................... 7

Fed. R. Civ. P. 23(a)(3) ............................................................................................... 7

Fed. R. Civ. P. 23(a)(4) ............................................................................................... 8

Fed. R. Civ. P. 23(b) ................................................................................................... 5

Fed. R. Civ. P. 23(b)(2) ......................................................................................... 18, 19

Fed. R. Civ. P. 23(b)(3) ......................................................................................... passim

Fed. R. Civ. P. 23(b)(3)(A)-(D) ................................................................................. 12

## I. **INTRODUCTION**

W.R. Grace's proposed Plan of Reorganization categorizes United States ZAI claims ("U.S. ZAI claims") as Class 7 Asbestos PD Claims. The Plan characterizes U.S. ZAI claims as "unresolved" and proposes an unspecified post-confirmation litigation procedure to determine the allowance of U.S. ZAI claims [Plan p. 43]. The Plan proposes, in that regard, that the Court enter a case management order at the time of confirmation of the Plan setting forth appropriate procedures for determining the allowance or disallowance of U.S. ZAI claims. Allowed U.S. ZAI claims would be paid in cash and in full by the Asbestos PD Trust, as funded by the reorganized debtor. [Plan p. 43].

Litigation regarding the allowance or disallowance of U.S. ZAI would be simplified, expedited, and rendered more just by proceeding on a collective basis through representative ZAI claimants and appointed class counsel. Collective treatment also fosters the potential of a negotiated resolution of U.S. ZAI claims. This Court should secure these benefits by certifying a U.S. ZAI class, including such state sub-classes as the Court may deem appropriate, by appointing representatives of that class, and by appointing class counsel.

## II. **BACKGROUND**

As anticipated, homeowners capable of responding to Grace's ZAI bar date notice have proven to be only a small fraction of U.S. ZAI homeowners. Nonetheless, something in excess of ten thousand individual U.S. ZAI proofs of claim have been filed, predominantly by individual homeowners who lack legal representation. Governmental estimates of homes in the United States containing ZAI were recently confirmed to number in the millions. (Statement of Stephen J. Nesbitt, Assistant Inspector General for Investigations Office of Inspector General, U.S.

-1-

Environmental Protection Agency, Before the Committee on Environmental and Public Works,
United States Senate, September 25, 2008: "The risk is not limited to Libby. EPA estimates that
there may be anywhere from 15 to 52 million homes nationwide that contain ZAI.")   The recent
appointment, at Grace's request, of a futures representative for PD claims, including U.S. ZAI
claims, and its efforts to channel all U.S. ZAI claims into a 524g trust, are testaments that many
U.S. ZAI homeowners remain unknown and unknowing.

These circumstances should come as no surprise. ZAI was not represented to be
asbestos-containing. Asbestos contamination of ZAI is a recent public discovery. The product
itself is typically hidden from homeowners behind ceilings or walls or beneath other insulation,
and often first discovered when a homeowner conducts remodeling or repair work in an area
where ZAI is found. Litigation of a continuing flow of thousands of U.S. ZAI claims through
post-confirmation allowance proceedings, therefore, poses a potentially daunting challenge for
this Court. This Court should press into service class procedures to aid in the prompt and orderly
resolution of ZAI claims.

In this regard, the Washington ZAI class representative Marco Barbanti, lead plaintiff in
the certified Washington class, has filed a class proof of claim on behalf of the Washington class
he represents, and on behalf of a proposed class of U.S. ZAI homeowners. Martha Szufnarowski,
executrix of the estate of John Szufnarowski, a lead plaintiff in ZAI multi-district litigation
pending in federal court in Massachusetts, has filed a tandem proof of claim on behalf of the
same proposed U.S. ZAI class.

In aid of class-based collective resolution of U.S. ZAI claims, several ZAI homeowners
prepared to serve as class representative have also stepped forward, each filing a class proof of

-2-

claim on behalf of fellow ZAI homeowners within their respective states. State class proofs of claim have been submitted for each of the principal states in which ZAI was distributed[1]:

Proposed Illinois ZAI Class – through representative Jay Norco

Proposed Michigan ZAI Class – through representative Aili Koski

Proposed Pennsylvania ZAI Class – through representatives Bruce Lishman and James Carpella

Proposed New York ZAI Class – through representative Daniel Kwas

Proposed Massachusetts ZAI Class – through representative William Proposki

Proposed Minnesota ZAI Class – through representative Nancy Longley

Proposed Wisconsin ZAI Class – through representative Craig Stapel

Proposed Ohio ZAI Class – through representative Laura Lee

Proposed Montana ZAI Class – through representative Judie DeBock

Proposed California ZAI Class – through representative Dan Quickert

Proposed New Jersey ZAI Class – through representative Nancy Webster

Proposed Connecticut ZAI Class – through representative Murray Helfand

Proposed Indiana ZAI Class – through representative Robert Reid

Proposed Oregon ZAI Class – through representative Karen Kettlety

Proposed Missouri ZAI Class – through representative Anthony Simpson

Proposed Maine ZAI Class – through representative Robert Mitchell

Proposed Kentucky ZAI Class – through representative William Hanrahan

Proposed Virginia ZAI Class – through representative Clarke Russ

Proposed Idaho ZAI Class – through representative Peggy White

---

1 Class Proof of Claim forms are attached as Appendix "A."

Proposed Colorado ZAI Class – through representative Kathy Thompson

Proposed Vermont ZAI Class – through representatives James Surwilo and John Brabant

Proposed Rhode Island Class – through representative David Bliss

Resolution of U.S. ZAI claims through designated class representatives and designated class counsel, pursuant to Fed. R. Civ. P. 23, secures legal representation for and permits meaningful participation of U.S. ZAI claimants in post-confirmation contested claims proceedings. It thereby secures finality for Grace and other creditor constituencies as to U.S. ZAI claims. It further achieves significant judicial efficiency by streamlining the management of thousands of ZAI claims and by facilitating the orderly resolution of core legal and factual issues underlying the allowance of ZAI claims. It also aids the Court in carrying out its responsibilities by affording the Court with counsel to whom it can turn, and on whom it can rely, in respect of the representation of U.S. ZAI claimants' interests.

This Court, pursuant to Fed. R. Civ. P. 23, should provide for the collective defense and resolution of U.S. ZAI claims by certifying a class of U.S. ZAI claimants, and such state sub-classes as may be deemed advisable, by appointing appropriate representative claimants and by appointing class counsel to represent the common legal interests of U.S. ZAI claimants.

## III. ARGUMENTS

## A.   U.S. ZAI CLAIMS ARE BEST MANAGED COLLECTIVELY THROUGH DESIGNATED REPRESENTATIVES AND DESIGNATED COUNSEL, PURSUANT TO FED. R. CIV. P. 23

Bankruptcy proceedings, in their nature, are class-like. Bankruptcies aggregate claims against a debtor into a single forum and provide for the treatment of claims of similar types in a similar way. The class-like features of bankruptcy, however, do not automatically extend to the filing or defense of a creditor's claim. The bankruptcy rules, however, explicitly permit the

-4-

extension of class procedures to such matters. Rule 9014, in this regard, permits the application

of Rule 7023 (which itself incorporates Fed. R. Civ. P. 23) to any contested matter, including

contested claim proceedings. *See In re American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988).

Class certification orders of bankruptcy courts have been frequently upheld by appellate courts.

*See In re Whittaker*, 882 F.2d 791, 793, n.1 (3d Cir. 1989) (declining to review bankruptcy

court's class certification); *see also In re Birting Fisheries, Inc.*, 92 F.3d 939, 939-940 (9th Cir.

1996) ("we conclude that the bankruptcy code should be construed to allow class claims," noting

that "[t]hree circuits have previously considered the question and all have construed the code as

we do.").

Bankruptcy courts avail themselves of Federal Rule 23 because the rule serves the same

salutary purposes inside bankruptcy that it does outside bankruptcy. It gives collective voice to

claimants whose rights cannot be meaningfully represented on an individual basis. It assists the

Court in its burden of managing numerous claims having common legal or factual bases.

Appropriate class treatment of bankruptcy claims, it has been observed, "can provide a single

adjudication for many people as well as conserve judicial resources." 5 Newberg on Class

Actions (3d ed. 1992), § 20.01, at 20-2.

Resolution of U.S. ZAI claims is best achieved through designation of representative

claimants and designation of representative counsel appointed to represent the legal interests of

U.S. ZAI claimants as a whole. This is accomplished through Fed. R. Civ. P. 23. Certification

under Fed. R. Civ. P. 23 is appropriate where the proposed representatives have established all of

the conditions of Rule 23(a) and one of the conditions of 23(b). *See Amchem Products, Inc. v.

Windsor*, 521 U.S. 591, 611 (1997); *see also*, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-

178, (1974). U.S. ZAI claims readily satisfy these elements.

1.      Class Members Are So Numerous That Their Joinder for Purposes of Individual
        Participation in Post-Confirmation Contested Claims Proceedings is
        Impracticable.

Rule 23 requires that members of the class be so numerous that their joinder in the

litigation is impracticable. *See* Fed. R. Civ. P. 23(a)(1). In order to meet this numerosity

requirement:

> [P]laintiffs need not show that the number of class members is so
> large that it would be impossible to join all of them; impractica-
> bility does not mean impossibility . . . . [I]n addition to the mere
> number of plaintiffs, such factors as "geographical dispersion,
> degree of sophistication, and class members' reluctance to sue
> individually" are considered in determining the impracticability of
> joinder.

*Rodriguez v. Carlson*, 166 F.R.D. 465, 471 (E.D. Wash. 1996) (citations omitted). Generally,

where the potential number of plaintiffs exceeds 40, the numerosity test of Rule 23(a)(1) has

been met. *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001).

In excess of ten thousand individual ZAI homeowners have filed proofs of claim, to date.

Considering this figure alone, the numerosity test is satisfied. Further, Grace's position that a

class claim, if recognized, would involve only ZAI claimants who also file individual proofs of

claims had been discredited. This view has been declared "illogical and contrary to important

class action policy considerations." *In re First Interregional Equity Corp.*, 227 B.R. 358, 371

(Bankr. D.N.J. 1998) (quoting *In re Charter Co.*, 876 F.2d 866, 871 (11th Cir. 1989)). As one

court observed, requiring individual proofs of claim "effectively requires the small claimant to

'opt in.' Perhaps this perspective reflects the view that the debtor's assets are to be conserved for

larger creditors. This policy, however, is utterly without support in the Code or its legislative

history." *In re Zenith Laboratories. Inc.*, 104 B.R. 569, 664 (D.N.J. 1989).

The lack of sophistication of U.S. ZAI creditors also supports a finding that the numerosity test is satisfied. U.S. ZAI claimants are ordinary homeowners, primarily without current legal representation, whose claims are of such monetary value that it would be impossible, as a practical matter, for them to individually participate in contested claim proceedings.

2.      Claims of U.S. ZAI Claimants Present Common Questions Of Law And Fact.

Rule 23(a)(2) requires that there be "questions of law or fact common to the members of the class." Fed. R. Civ. P. 23(a)(2). The commonality requirement is satisfied if the claims of the proposed representatives share at least one question of fact or law with the grievances of the prospective class. *Johnston v. HBO Film Management, Inc.*, 265 F.3d 178, 184 (3d Cir. 2001); *See also In Re Prudential Ins. Co. America Sales Practice Litig.*, 148 F.3d 283, 310 (3d Cir. 1998). A single common issue may satisfy this requirement. *See In re "Agent Orange" Prods. Liab. Litig.*, 818 F.2d 145, 167 (2d Cir. 1987). Fed. R. Civ. P. 23(b)(3). The concepts of "commonality" and "typicality" tend to merge in Courts' class action analyses. *Stewart v. Abraham*, 275 F.3d at 227. Fuller discussion of the common legal and factual issues underlying the claims of each U.S. ZAI claimant, therefore, is here reserved for discussion below. It is sufficient, for present purposes, to note that any one of the common legal and factual issues identified below would readily satisfy the commonality test of Fed. R. Civ. P. 23(a)(2).

3.      The Claims of Representative U.S. ZAI Claimants Are Typical of The Claims of Other Class Members.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality inquiry "centers on whether the interests of the named plaintiffs align with the interests of the absent members." *Stewart v. Abraham*, 275 F.3d at 227. A plaintiff's claims will be deemed typical if "they are

-7-

reasonably co-extensive with those of absent class members." *Hanlon v. Chrysler Corp.*, 150

F.3d 1011, 1020 (9th Cir. 1998); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 923

(3d Cir. 1992) (holding claims to be typical when the same event or practice or course of conduct

that gives rise to the claims of other class members is based on the same legal theory). A

representative plaintiff is typical of the class where there is a "nexus" between the plaintiff's

injury and the injuries suffered by the class members; such a nexus will be found where the

named plaintiff's claims stems from the same event, practice, or course of conduct that forms the

basis of the class claims and is based on the same legal or remedial theory. *See General

Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 (1982).

Factual differences, of course, may always be found between class members. However,

"[f]actual differences will not render a claim atypical if the claim arises from the same event or

practice or course of conduct that gives rise to the claims of the [absent] class members, and if it

is based on the same legal theory." *Hoxworth v. Blinder, Robinson & Co., Inc.,* 980 F.2d at 923,

quoted in *Stewart v. Abraham*, 275 F.3d at 227-28. So long as "the claims of the named

plaintiffs and putative class members involve the same conduct by the defendant, typicality is

established regardless of factual differences." *Johnston v. HBO*, 265 F.3d at 184.

Proposed representatives Marco Barbanti and the Estate of John Szufnarowski, like all

other U.S. ZAI claimants, have advanced property damage claims involving asbestos-

contaminated ZAI found in their homes. The proposed representatives are members of the U.S.

ZAI creditor class that they seek to represent. Their claims arise from the same events and

course of conduct, and are based on the same legal theories as other U.S. ZAI claimants. The

typicality requirement, therefore, is satisfied.

-8-

4.      The Proposed Representative U.S. ZAI Claimants Will Fairly and Adequately
        Protect the Interests of the Class.

Rule 23(a)(4) states that the representative plaintiff must "fairly and adequately protect

the interests of the class." Fed. R. Civ. P. 23(a)(4). The purpose of the adequacy of the

representation requirement is to ensure that the class representatives and their counsel will be

diligent and capable in protecting the interests of class members. *See Hill v. Western Elec. Co.,*

*Inc.*, 672 F.2d 381, 389 n.3 (4th Cir. 1982). To determine whether this criterion has been met,

courts look at two factors: (1) whether the named plaintiffs' counsel is competent to represent

the class; and (2) whether there exists any conflict of interest between the named plaintiffs and

the rest of the class. *See Hanlon*, 150 F.3d at 1020; *see also Johnston v. HBO,* 265 F.3d at 185.

The proposed representatives have manifestly demonstrated their adequacy to serve as

class representatives. Marco Barbanti and the Estate of John Szufnarowski have diligently

demonstrated their commitment to U.S. ZAI claimants by having commenced pre-petition class-

based litigation on behalf of U.S. homeowners and by having now pursued those claims through

several years of bankruptcy proceedings, including "science trial" proceedings.

Proposed class counsel have extensive experience managing class litigation, possess the

resources to actively and vigorously represent U.S. ZAI claimants, and have demonstrated their

preparedness to represent those interests through seven years of Grace bankruptcy proceedings.

**B.      U.S. ZAI CLAIMS MAY BE PROPERLY CERTIFIED UNDER
         FED. R. CIV. P. 23(b)(3).**

To certify a class under Rule 23(b)(3), a court must find that:

> [t]he questions of law or fact common to the members of the class
> predominate over any questions affecting only individual members,
> and the class action is superior to other available methods for the
> fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3). Both criteria are met in this case.

1.     Common Questions Predominate. The predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. In analyzing whether common questions predominate, the Court must evaluate whether proving the elements of the plaintiffs' claims can be accomplished through common questions or whether proof will be overwhelmed by issues affecting only individuals. *Hanlon*, 150 F.3d at 1022.

The predominance inquiry "focuses on the relationship between the common and individual issues. 'When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis'." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (citations and quotations omitted); *see also In re Prudential Insurance Co. of America Sales Practices Litig.*, 148 F.3d at 314-15 (certifying nationwide consumer fraud class); *In re Badger Mountain Irrigation Dist. Sec. Litig.*, 143 F.R.D. 693, 697 (W.D. Wash. 1992) ("[w]here plaintiffs allege a common course of wrongdoing based on the same misrepresentations, individual issues of reliance do not preclude certification of the class."); *Rodriguez v. Carlson,* 166 F.R.D. 465, 479 (E.D. Wash. 1996) (any individual issues regarding damages were overshadowed by the "predominant common questions of liability.")

The *Asbestos School* decision is instructive on the issue of the propriety of class certification of asbestos claims under 23(b)(3), the court having approved certification of asbestos property damage claims on behalf of schools contaminated with asbestos nationwide, pursuant to rule 23(b)(3). *In re Asbestos School Litig.*, 104 F.R.D. 422, 431-434, (E.D. Pa. 1984) *aff'd in part and vacated in part*, remanded *In re School Asbestos Litig.*, 789 F.2d 996 (3d Cir. 1986) (affirming 23(b)(3) certification of monetary damages claims and vacating certification of

-10-

23(b)(1)(b) limited fund class) *cert. denied, Celotex Corp. v. School Dist. of Lancaster*, 479 U.S.

852 (1986). In certifying the class claims of schools nationwide under Rule 23(b)(3), the district

court considered whether common questions of law or fact predominated with regard to the

alleged violations of law. The court held:

> These claims, as noted, arise out of the same common nucleus of operative facts
> relating to defendants' conduct and the nature of asbestos products. Common
> questions relating to the hazards of asbestos, the knowledge of the defendants of the
> hazards, industry policies and practices and defendants' failure to warn and to test
> are at the core of all the damage claims for relief, and will dominate other issues at
> trial, regardless of how defendants' conduct is characterized in terms of a specific
> tort.

*Asbestos School*, 104 F.R.D. at 432[2;] *accord School Asbestos*, 789 F.2d at 1008 ("Experience

shows that in the asbestos litigation arena redundant evidence is the rule rather than the

exception."); *See also Jenkins v. Raymark Indus. Inc.*, 782 F.2d 468 (5th Cir. 1986) (upholding

Rule 23(b)(3) class certification of asbestos personal injury claims of almost one thousand

individuals).

Similarly, the Court in *Central Wesleyan* certified a class action proceeding for resolution

of common issues involved in the damages claims of colleges and universities nationwide

seeking to recover costs of asbestos remediation. *Central Wesleyan College v. W.R. Grace &

Co.*, 143 F.R.D. 628, 643 (D.S.C. 1992), *aff'd*, 6 F.3d 177 (4th Cir. 1993).

In the present case, disputed issues common to all U.S. ZAI claimants would predominate

proceedings regarding the allowance of U.S. ZAI claims. These disputed core common issues

include:

> 1. Whether U.S. ZAI claimants are bound by this Court's "Science Trial"
>    pretrial ruling;

---

2 The *Asbestos School* case required Rule 23(b)(3) certification of the plaintiffs' claims for money damages, rather
than 23(b)(2) certification of injunctive relief claims, because the plaintiffs had already been ordered by Congress to
remediate their asbestos contamination. *Asbestos School*, 104 F.R.D. at 425; *School Asbestos*, 789 F.2d at 1008. As
a result, the district court certified the monetary damages claims under 23(b)(3) and denied 23(b)(2) certification of
"incidental" claims for injunctive relief, rulings upheld on appeal. *Asbestos School*, 104 F.R.D. at 425; *School
Asbestos*, 789 F.2d at 1008-11.

2.    Whether a finding that ZAI does not pose an "unreasonable risk of harm" absolves Grace of liability under all legal theories;

3.    Whether this Court's "unreasonable risk of harm" ruling has applicability under the substantive state strict liability laws governing the allowance of ZAI claims;

4.    Whether Grace has independent liability to ZAI claimants because ZAI is defective under a risk/utility test;

5.    Whether Grace has independent liability to ZAI claimants because ZAI fails the consumer expectation test;

6.    Whether Grace has liability to ZAI claimants because Grace was negligent in its manufacture and sale of ZAI;

7.    Whether Grace has liability to ZAI claimants because Grace engaged in unfair or deceptive business practices in its marketing and sale of ZAI;

8.    Whether ZAI losses are "economic" and whether such losses are recoverable under state negligence laws, under state consumer protection law, under state strict liability laws.

Common issues present a "significant aspect" of the determination of allowance of U.S.

ZAI claims. These issues can be resolved for all members of the U.S. ZAI class in a single

adjudication. Indeed, unlike *School Asbestos* and *Central Wesleyan,* which involved numerous

defendants and products, ZAI involves a single manufacturer and product. In important respects,

ZAI claims are even more amenable to certification than claims at issue in those cases. There is,

therefore, clear justification for handling the allowance of U.S. ZAI claims on a representative,

rather than on an individual basis, pursuant to Rule 23(b)(3).

2.    Adjudication through Representative Claimants and Representative Counsel is the Superior Method for the Fair and Efficient Adjudication of U.S. ZAI Claims.

This case also satisfies the second element of Rule 23(b)(3): that collective class

proceedings be "superior to other available methods for the fair and efficient adjudication of the

controversy." Fed. R. Civ. P. 23(b)(3). To assist in determining whether the class action

mechanism is superior, courts consider the following nonexclusive list of factors: (1) the interest

of members of the class in individually controlling the prosecution or defense of separate action

(2) the extent and nature of any litigation concerning the controversy already commenced by or

against members of the class; (3) the desirability of concentrating the litigation of the claims in

the particular forum; and (4) the difficulties likely to be encountered in the management of a

class action. Fed. R. Civ. P. 23(b)(3)(A)-(D); *Johnston v. HBO*, 265 F.3d at 186.

Factors affecting the fair and efficient adjudication of claims weigh heavily in favor of

collective representative litigation. This is particularly so because the individual homeowner, as

a practical matter, is incapable of advancing or defending the allowance of his or her ZAI claim.

As this nation's highest court has remarked:

> While the text of Rule 23(b)(3) does not exclude from certification
> cases in which individual damages run high, the Advisory Committee
> had dominantly in mind vindication of "the rights of groups of people
> who individually would be without effective strength to bring their
> opponents into court at all." . . . As concisely recalled in a recent
> Seventh Circuit opinion:
>
> > "The policy at the very core of the class action mechanism is to
> > overcome the problem that small recoveries do not provide the
> > incentive for any individual to bring a solo action prosecuting his
> > or her rights."

*Amchem Prods. Inc. v. Windsor*, 521 U.S. at 617 (*quoting Mace v. Van Ru Credit Corp.*, 109

F.3d 338, 344 (7th Cir. 1997); *see also Hanlon v. Chrysler*, 150 F.3d 1011 (9th Cir. 1998).

This same reasoning animates the court's use of class procedures within bankruptcy. As

the Court noted in *In re Zenith Laboratories*: "Since there are significant opportunity costs

associated with identifying and investigating claims and since many potential litigants with small

claims are unaware of the full scope of their rights in bankruptcy, the class action may be the

only practical means of permitting small claims to be brought. . . ." *In re Zenith Laboratories, Inc.,* 104 B.R. at 662-63.

The court in *In re American Reserve* similarly reasoned:

[T]he opportunity costs of the time needed to investigate and decide whether to file may be substantial, especially because Bankruptcy Rule 9011(a) (a parallel to Fed. R. Civ. P. 11) requires every claimant to investigate the facts and do necessary legal research before filing. The combination of contingent claims (which many people may not identify as something they are entitled to pursue) and the effort needed to decide whether to pursue an identified claim means that for many small claims, it is class actions or nothing.

*In re American Reserve Corp.*, 840 F.2d at 489.

The cost of removing ZAI from a home typically runs between $5 and $7.50 per square foot. The monetary value of a U.S. ZAI claim, therefore, may be roughly placed at $5,000 to $7,500 per home. The limited monetary value of an individual homeowners' claim assures that the great majority of ZAI claims will lie dormant, absent recognition of a court-appointed representatives' authority to file a proof of claim on behalf of such homeowners. Because costs of prosecution exceed expected individual recoveries, the "negative value" of individually pursued ZAI claims assures that ZAI homeowners who do file a claim will be incapable of engaging Grace in contested proceedings over the allowance of the claim they filed.

Where claimants, as a practical matter, cannot litigate their claims on an individual basis, the "superiority" test is satisfied. *Hanlon*, 150 F.3d at 1023. The superiority test, therefore, is fully satisfied in this respect alone.

"Superiority" is also demonstrated where class-wide litigation of common issues will reduce litigation costs and otherwise promote greater efficiency. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). The numbers of U.S. ZAI claims are so large that individual contested claim proceedings would present this Court with severe case management

-14-

challenges. The Court would have to oversee various efforts by thousands of unrepresented ZAI claimants to participate in allowance proceedings. The Court would be called upon to somehow synchronize and reconcile ongoing proceedings involving thousands of pending U.S. ZAI claimants with potentially hundreds-of-thousands of emergent unrepresented ZAI claims that arise post-confirmation.

Representative litigation, by contrast, achieves participation through appointed representative creditors and appointed counsel. It avoids problems of coordination and reconciliation because class members are collectively represented, with the court's determinations binding each member of the class. It similarly avoids the management difficulties associated with individual claims that emerge at various stages of the proceedings by affording all claimants with present representation authorized to advance the rights of the class.

The wisdom, indeed necessity, for class certification is now apparent. The bar date notice has generated more than 10,000 claims with the vast majority of claimants unrepresented by counsel. History and practical experience teach that these claims can only be handled fairly and efficiently through a class.

With respect to history, the Court will recall that over 4,000 traditional property damage claims were filed in response to that bar date notice. Virtually all of those claimants were represented by a small number of experienced property damage counsel. Nevertheless, it has taken over four years, millions of dollars in lawyer time, and countless hours of judicial time to wade through the objections, responses, motions, briefing and hearings that today still leave several hundred of those claims unresolved. With the ZAI claims already numbering more than twice the traditional property damage claims, simple mathematics forecasts many years to resolve these claims on an individual basis.

Some might forecast that ZAI claims can be resolved more quickly than traditional property damage claims because they are simpler. But this ignores the facts. ZAI claims are, in fact, more complicated to resolve on a claim-by-claim basis than traditional property damage claims. Traditional property damage claims have as a guidepost years of precedent with specific application to their facts. The ZAI claims do not. Traditional property damage claims were litigated for over twenty years before bankruptcy, and their value per square foot of installed material had been roughly determined for settlement purposes. Not so for ZAI claims. And while a value for one traditional property damage client may be instructive to a lawyer with his next such client, a value for one unrepresented ZAI homeowner is unlikely to carry the same persuasive force with the next unrepresented homeowner.

To the extent the argument that ZAI claims could be resolved more expeditiously is a cover for the real argument that ZAI homeowners will not fight as hard as traditional property damage claims, fundamental principles of justice are implicated. There is obviously a gross inequality of legal talent between the unrepresented homeowner and the debtor represented by first-class teams of lawyers. Perhaps the Debtor can indeed discourage large numbers of homeowners from pursuing their claims by attempting to file an imposing gauntlet of omnibus objections. But that is precisely what should not be permitted to happen. Such an inequality of representation permits the process, not the merits, to dictate the outcome. This imbalance is precisely why class certification is needed. As the Seventh Circuit in *In Re American Reserve* has noted, the fact that an individual homeowner may lack the practical ability to proceed with a relatively small individual claim is a strong argument for collective representation. 840 F.2d at 489.

Even if the jurisprudential balance did not tip so heavily in favor of class certification, the

-16-

practical balance certainly does. The Debtor has announced its plan to settle the ZAI claims that are filed, or litigate them through an objection process. If it is true to its word, and is going to first attempt to settle these claims, it will have to negotiate, at the outset, with 10,000 mostly unrepresented claimants. Assuming conservatively that the Debtor's team of lawyers can review an individual claim, decide if it should be resolved, contact the individual homeowner, negotiate with the homeowner, reach resolution with the homeowner, prepare settlement papers for the homeowner, transmit those papers to the homeowner, obtain a release from the homeowner, file the motion to approve the settlement with the homeowner, and supply the homeowner a settlement check in an average of just three to five hours per claim, that will mean an aggregate 30,000 - 50,000 hours would be spent resolving these claims if all goes smoothly. Debtor's national bankruptcy counsel charges $375 - $755 for its attorneys and $185 - $195 for its paralegals. Picking a fee in the mid-point, ($400 per hour), this would result in a total expenditure of $12 – 20 million in legal fees, before any money is paid to the claimants.

An exponentially larger expenditure of legal time would be necessary if the Debtor decides to fight each of the 10,000 claims individually. Some of that time will undoubtedly be spent in filing objections to claims and dealing with the befuddled homeowners who will come forward wanting to know what the objection is all about, much less how to respond to it.[3] And

---

3 A recent example illustrates some of the problems the Debtor and this Court will face without collective treatment of ZAI claims. On October 17, 2008, the United State Trustee and Rust Consulting received a five-page handwritten document from Ernest Joe (Jay-Cee) Crosby, Senior. (Appendix "B" hereto)  This document attached a handwritten reproduction of a ZAI Proof of Claim form. Mr. Crosby, Senior represented he was unable to get access to a copier, apparently because he is in prison. In his cover letter, Mr. Crosby, Senior states that he had asked several law firms to send him proof of claim forms "For any and all asbestos companies & Asbestos Trusts that they represent, so far I (we) am being ignored; Why? Can you correct this problem, Sir? Thank you and GOD BLESS ..." The attached ZAI claim form attempts to cover "Senior's Homes – Different and homes being remodeled or rebuilt before 1982 ...", describes the location where the ZAI is installed as, "attics of Senior's homes, if being worked on: on floor & other" and notes that some of the ZAI has been removed with "some still in attics". Attached to this ZAI claim form is a "Request to Keep Seniors' Cases Open & Active", wherein Mr. Crosby, Senior also attempts to bring to the Court's attention the problems his relatives (described as the "Seniors in North Georgia"), are having with claims

-17-

much more time will be spent as the Debtor faces extended legal challenges to the absence of

class proceeding that would have expeditiously resolved the claims of thousands of modest,

unrepresented bankruptcy claimants. Those challenges would demand the time of appellate

courts and many years.

Contrast this with the Court's and Debtor's ability deal with appointed counsel having

substantial experience with ZAI, substantial practical experience in collectively resolving the

claims of thousands of individuals, who understand the strengths and weaknesses of ZAI claims,

and who can negotiate realistically for the claimants. The interest of justice, the interest of

claimants, and indeed the interest of the debtor, would be better served by avoiding the needless

expenditure of millions of dollars of debtor's money on attorney fees necessary to individually

contest thousands of small claims, and by committing those resources, instead, to collective

resolution and payment of meritorious claims.

The superior method for the fair and efficient adjudication of U.S. ZAI claims is

certification of a U.S. ZAI class, appointment of appropriate representatives and class counsel,

and adoption of a case management order that guides ZAI claims toward collective resolution.


**C.     U.S. ZAI Claims Are Also Maintainable As Class Actions Under Rule 23(b)(2)**

Rule 23(b)(2 provides that class certification is also appropriate where the elements of

Fed. R. Civ. P. 23(a) are satisfied and "The party opposing the class has acted or refused to act on

grounds generally applicable to the class, thereby making appropriate final injunctive relief or

---

because they "cannot read, cannot write, have "no one" to help them at this time." This is due to the fact that the
leader of this extended family, (Mr. Crosby Senior), is in prison and they cannot get legal counsel.

While this one of ten thousand ZAI claims and related documentation might be dismissed as a crackpot's missive, it
may very well be something more legitimate. But with no counsel to represent ZAI claimants collectively, the truth

corresponding declaratory relief with respect to the class as a whole; . . ." Fed. R. Civ.

P. 23(b)(2).   Rule 23(b)(2), in short, is reserved primarily for class actions that seek injunctive or

equitable relief.  *Day v. NLO*, 851 F.Supp. 869, 885 (S.D. Ohio 1994).  Under this subsection,

certification is appropriate where the class seeks injunctive relief affecting the class as a whole.

*See Linney v. Cellular Alaska*, 151 F.3d 1234, 1240 n.3 (9th Cir. 1998); *Probe v. State Teachers

Retirement*, 780 F.2d 776, 780 (9th Cir. 1986).

Unified, programmatic, equitable remedies best serve the interests of U.S. ZAI

homeowners:  an ongoing notification program that insures homeowners are aware of asbestos-

contamination of ZAI; an education program that advises homeowners how to manage ZAI in

place and what to do if it must be disturbed; and a remediation program that pays for the cost of

removal, when removal becomes appropriate.   This Court, following the lead of the Washington

court, may certify a class pursuant to Rule 23(b)(2) aimed at securing this equitable relief.

## IV.  **CONCLUSION**

The unique circumstances of unresolved U.S. ZAI claims warrant adoption of class

procedures to insure the orderly resolution of those claims.  Plaintiffs respectfully request that

this Court certify a U.S. ZAI class and such state subclasses as the Court may deem advisable,

appoint appropriate representatives of that class/subclasses, and appoint class counsel to

represent the interest of that class/subclasses.

---

will be hard to discern.  As it stands now, it will be the Debtor's obligation to deal with these thousands of individual situations.

Date:  October 29, 2008
       Wilmington, DE

SULLIVAN · HAZELTINE · ALLINSON LLC

William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE  19801
Tel: (302) 428-8191
Fax: (302) 428-8195

-- and --

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott
926 W. Sprague Avenue
Chronicle Building, Suite 680
Spokane, Washington  99201
Telephone:  (509) 455-3966

-- and --

RICHARDSON, PATRICK, WESTBROOK  &
BRICKMAN, LLC
Edward J. Westbrook
Robert M. Turkewitz
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina  29464
Telephone:  (843) 727-6500

*Counsel for ZAI Claimants*

-20-