IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**SUMMARY OF THE QUARTERLY VERIFIED FEE APPLICATION
OF CASNER & EDWARDS, LLP FOR COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION
COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE THIRTIETH INTERIM PERIOD
FROM JULY 1, 2008 THROUGH SEPTEMBER 30, 2008**

| | |
|---|---|
| Name of Applicant: | **Casner & Edwards, LLP** |
| Authorized to Provide Professional Services to: | **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession** |
| Date of Retention: | **September 18, 2001, effective as of September 18, 2001** |
| Period for which compensation and reimbursement is sought: | **July 1, 2008 through September 30, 2008** |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical,Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food>N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., GuanicaCaribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc. Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.


Amount of Compensation sought as actual, reasonable, and necessary: **$195,029.00**

Amount of Expense Reimbursement sought as actual, reasonable, and necessary: **$42,628.85**

This is a: __ monthly  X quarterly application.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 8/29/08 | 07/01/08 through 07/31/08 | $50,486.50 | $12,335.32 | No objections served on counsel | No objections served on counsel |
| 10/1/08 | 08/01/08 through 08/31/08 | $22,687.00 | $16,557.87[2] | No objections served on counsel | No objections served on counsel |
| 10/31/08 | 09/01/08 through 09/30/08 | $121,855.50 | $13,735.66 | Pending | Pending |
| TOTAL FOR INTERIM PERIOD | | $195,029.00 | $42,628.85 | | |

Counsel to Debtors and Debtors-in-Possession have filed certificates of no objection with the Court with respect to the Applications for July and August 2008 because no objections were filed with the Court within the objection period.

The Casner attorneys and paraprofessionals who rendered professional services in these cases during the Interim Fee Period are[3]:

---

[2] Due to a clerical error in Summaries of the Eighty-Third and Eighty-Fourth Monthly Applications of Casner & Edwards, LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to Debtors the total expenses for this period were erroneously reported as $18,149.60; the error has been corrected here.

[3] Any capitalized terms not defined herein have the meaning ascribed to them in the Quarterly Verified Fee Application of Casner & Edwards, LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to W. R. Grace & Co., et al. for the Twenty-Ninth Interim Period from April 1, 2008 through June 30, 2008.

| Name of Professional Person | Position with the applicant | Number of years in the position | Department | Hourly billing rates (July/Aug. & Sept.) | Total billed hours for the Interim Period | Total compensation for the Interim Period |
|---|---|---|---|---|---|---|
| Robert A. Murphy | Senior Counsel | 42 | Litigation | $295.00/$320.00 | 23.60 | $7,362.00 |
| Robert A. Murphy | Senior Counsel | 42 | Litigation | No Charge | 0.20 | $0.00 |
| Donna M. Brewer | Partner | 25 | Litigation | $260.00/$280.00 | 10.80 | $2,868.00 |
| Matthew T. Murphy | Associate | 21 | Litigation | $255.00/$275.00 | 304.20 | $80,993.00 |
| Angela R. Anderson | Paralegal | 25 | Litigation | $110.00/$120.00 | 322.20 | $37,548.00 |
| Kristina da Fonseca | Temporary Paralegal | --- | Litigation | $120.00 | 55.50 | $6,660.00 |
| Jeremy McHugh | Temporary Paralegal | --- | Litigation | $120.00 | 56.00 | $6,720.00 |
| Joseph Palazzo | Temporary Paralegal | --- | Litigation | $120.00 | 56.80 | $6,816.00 |
| Richard Knapp | Temporary Paralegal | --- | Litigation | $120.00 | 52.80 | $6,336.00 |
| Brian Benestad | Temporary Paralegal | --- | Litigation | $120.00 | 55.50 | $6,660.00 |
| Inessa Karen | Temporary Paralegal | --- | Litigation | $120.00 | 54.00 | $6,480.00 |
| Cynthia Kopka | Temporary Paralegal | --- | Litigation | $120.00 | 54.40 | $6,528.00 |
| Jared Tanz | Temporary Paralegal | --- | Litigation | $120.00 | 55.00 | $6,600.00 |
| Jehan Allen | Temporary Paralegal | --- | Litigation | $120.00 | 56.65 | $6,798.00 |
| Nancy Leon | Temporary Paralegal | --- | Litigation | $120.00 | 55.50 | $6,660.00 |
| TOTALS | | | | | 1,213.15 | $195,029.00 |

**Total Fees: $195,029.00**

## EXPENSE SUMMARY

| Expense Category | Expenses for the Interim Period | ZAI Trial Expenses for the Interim Period |
|---|---|---|
| Excess Postage | $1.51 | $0.00 |
| Federal Express | $355.94 | $0.00 |
| Travel | $773.00 | $0.00 |
| Professional Services | $4,150.00 | $0.00 |
| Outside Photocopying | $270.99 | $0.00 |
| Photocopying ($0.10/page) | $134.40 | $0.00 |
| Rent Reimbursement | $36,498.81 | $0.00 |
| Miscellaneous | $444.20 | $0.00 |
| SUBTOTALS | $42,628.85 | $ 0.00 |

**Total Expenses: $42,628.85**

## CUMULATIVE COMPENSATION SUMMARY BY PROJECT CATEGORY

| Project Category | Total Hours for the Interim Period | Total Hours from the Petition Date | Total Compensation for the Interim Period | Total Compensation from the Petition Date |
|---|---|---|---|---|
| Litigation and Litigation Consulting | 1,204.10 | 30,241.50 | $192,248.50 | $3,138,582.50 |
| Fee Applications, Applicant | 9.05 | 344.55 | $2,780.50 | $78,496.50 |
| ZAI Science Trial | 0.00 | 1,454.80 | $0.00 | $169,754.50 |
| Expenses | N/A | N/A | $42,628.85 | $1,202,977.57 |
| ZAI Science Trial Expenses | N/A | N/A | $0.00 | $9,399.59 |
| TOTALS | 1,213.15 | 32,040.85 | $237,657.85 | $4,599,210.66 |

4

Dated: November 5, 2008

CASNER & EDWARDS, LLP

*/s/ Robert A. Murphy*

Robert A. Murphy (BBO #363700)
303 Congress Street
Boston, MA 02210
(617) 426-5900

Special Litigation Counsel

52000.57/448698

5

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**QUARTERLY VERIFIED FEE APPLICATION
OF CASNER & EDWARDS, LLP FOR COMPENSATION
FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS
SPECIAL LITIGATION COUNSEL TO W. R. GRACE & CO., ET AL.,
FOR THE THIRTIETH INTERIM PERIOD FROM
JULY 1, 2008 THROUGH SEPTEMBER 30, 2008**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Revised Compensation Procedures") and Del.Bankr.LR 2016-2, the law

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food>N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., GuanicaCaribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

firm of Casner & Edwards, LLP ("Applicant" or "Casner"), Special Litigation Counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $195,029.00 for the reasonable and necessary legal services Casner has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that Casner incurred in the amount of $42,628.85 (the "Quarterly Fee Application"), for the thirtieth interim period from July 1, 2008 through September 30, 2008 (the "Interim Fee Period"). In support of this Application, Casner respectfully states as follows:

## Background

### Retention of Casner

1. On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. By this Court's order dated September 18, 2001, the Debtors were authorized to retain Casner as Special Litigation Counsel, effective as of the Petition Date (the "Retention Order"). The Retention Order authorizes the Debtors to compensate Casner at Casner's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and all applicable local rules and orders of this Court. On April 19, 2002, this Court entered the Revised Compensation Procedures, pursuant to which this Fee Application is being filed.

**Monthly Fee Applications Covered Herein**

3. Pursuant to the procedures set forth in the Revised Compensation Procedures, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Revised Compensation Procedures may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certificate of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4. Furthermore, and also pursuant to the Revised Compensation Procedures, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5. This is the twenty-eighth Quarterly Fee Application for compensation for services rendered that Casner has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, which covers the thirtieth Interim Fee Period of July 1, 2008 through September 30, 2008, encompassing the months of July through September 2008.

3

6. Casner has filed the following Monthly Fee Applications for interim compensation during this Interim Fee Period:

1. Summary of the Eighty-Second Monthly Application of Casner & Edwards, LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to Debtors for the Period from July 1, 2008 through July 31, 2008, filed August 29, 2008, (the "July Fee Application") attached hereto as Exhibit A.

2. Summary of the Eighty-third Monthly Application of Casner & Edwards, LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to Debtors for the Period from August 1, 2008 through August 31, 2008, filed October 1, 2008, (the "August Fee Application") attached hereto as Exhibit B.

3. Summary of the Eighty-Fourth Application of Casner & Edwards, LLP for Compensation for Services and Reimbursement of Expenses as Special Litigation Counsel to Debtors for the Period from September 1, 2008 through September 30, 2008, filed October 31, 2008, (the "September Fee Application") attached hereto as Exhibit C (collectively, the July Application, the August Application and the September Application are the "Applications").

7. Casner has not filed any other Quarterly Fee Applications or Monthly Fee Applications during this Interim Fee Period. The periods for objecting to the fees and expense reimbursement requested in the July and August Fee Applications have passed without any objection being filed, whereupon the Debtors filed certificates of no objection with the Court for the July Fee Application and the August Fee Application, but Debtors have not yet paid. The period for objecting to the fees and expense reimbursement requested in the September Fee Application has not yet expired.

8. Casner has advised and represented the Debtors in connection with litigation strategy, in particular, asbestos bodily injury litigation and with respect to the maintenance and operation of the Debtors' document repository and any future production of documents from the

4

repository to plaintiffs. Casner has performed various professional services that are described in the Applications.

**Requested Relief**

9.   By this twenty-eighth Quarterly Fee Application, Casner requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Casner for the thirtieth Interim Fee Period, which is from July 1, 2008 through September 30, 2008, as detailed in the Applications, less any amounts previously paid to Casner pursuant to the Applications and the procedures set forth in the Revised Compensation Procedures.[2] As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

**Disinterestedness**

10.   As disclosed in the Affidavit of Robert A. Murphy in Support of the Application of the Debtors to employ Casner & Edwards, LLP as Special Litigation Counsel to the Debtors, (the "Murphy Affidavit"), filed August 13, 2001, Casner does not hold or represent any interest adverse to the estates, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

11.   Casner may in the past have represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. Casner disclosed in the Murphy Affidavit its connections to parties-in-interest that

---

[2] Casner reserves the right to seek at a later date compensation for services rendered and reimbursement for expenses incurred during the July 1, 2008 through September 30, 2008 period that are not otherwise included in the relevant Applications.

5

it has been able to ascertain using its reasonable efforts. Casner will update the Murphy Affidavit when necessary and when Casner becomes aware of any material new information.

**Representations**

12. Casner believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

13. Casner performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

14. Casner has not received payment for any of the services performed and expenses incurred that are presented in the Application.

15. Pursuant to Fed. R. Bank. P. 2016(b), Casner has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Casner, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

16. Although every effort has been made to include all fees and expenses from the Interim Fee Period in the Application, some fees and expenses from the Interim Fee Period might not be included in the Application due to accounting and processing delays. Casner reserves the right to make further application to the Court for allowance of fees and expenses for the Interim Fee Period not included herein.

WHEREFORE, Casner respectfully requests that the Court enter an order providing (a) that, for the Interim Fee Period July 1, 2008 through September 30, 2008, an administrative allowance be made to Casner in the sum of (i) $195,029.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) in the sum of $42,628.85 for reimbursement of actual and necessary costs and expenses incurred, for a total of $237,657.85, (b)

that the Debtors be authorized and directed to pay to Casner the outstanding amount of such sums less any sums previously paid to Casner pursuant to the Applications and the procedures set forth in the Revised Compensation Procedures and (c) that this Court grant such further relief as is equitable and just.

Dated:  November  5 , 2008

CASNER & EDWARDS, LLP

*Robert A. Murphy*
Robert A. Murphy (BBO #363700)
303 Congress Street
Boston, MA  02210
(617) 426-5900

Special Litigation Counsel

52000.57/448698

7

## VERIFICATION PURSUANT TO DEL.BANKR.LR. 2016-2(f) AND 28 U.S.C. §1746(2)

I, Robert A. Murphy, Esquire, verify as follows:

1. I am Senior Counsel with the applicant firm, Casner & Edwards, LLP ("Casner") and have been admitted to the Bar of the Commonwealth of Massachusetts since 1966. Casner has rendered professional services in these Chapter 11 cases as Special Litigation Counsel.

2. I have read the foregoing application of Casner for compensation and reimbursement of expenses (the "Twenty-Eighth Quarterly Fee Application"). To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the facts set forth in the foregoing Twenty-Eighth Quarterly Fee Application are true and correct and materially comply with the applicable orders, rules, guidelines and requirements as set forth by the Bankruptcy Code, Local Rule 2016-2, the Federal Rules of Bankruptcy Procedure, this Bankruptcy Court and the Executive Office for the United States Trustees.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: November 5, 2008

_____
Robert A. Murphy

52000.57/448698.1