IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: <br><br> W. R. GRACE & CO., et al., <br><br> Debtors. <br><br> _____ | ) Chapter 11 <br> ) <br> ) Case No. 01-01139 (JKF) <br> ) (Jointly Administered) <br> ) <br> ) **Re: Docket Nos. 19581, 19620, 19800** <br> ) <br> ) **Hearing Date: October 27, 2008 at 9:00 a.m.** <br> ) **Agenda Item Nos. 1 & 2** <br> ) <br> ) |

**SUPPLEMENTAL LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO MOTION OF THE DEBTORS FOR AN ORDER APPROVING DISCLOSURE STATEMENT, SOLICITATION AND CONFIRMATION PROCEDURES, CONFIRMATION <u>SCHEDULE, AND RELATED RELIEF</u>**

The Official Committee of Asbestos Property Damage Claimants (the "PD Committee"), through its undersigned counsel, hereby files this Supplemental Limited Objection (the "Supplemental Limited Objection") to the Motion of the Debtors for an Order Approving Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule, and Related Relief (the "Motion"). In support hereof, the PD Committee respectfully submits as follows:

1. On September 19, 2008, the Debtors filed their Joint Plan of Reorganization [Dkt. No. 19579] (the "Plan") and accompanying Disclosure Statement for the Plan [Dkt. No. 19581] (the "Disclosure Statement"). While the Debtors contemporaneously filed a book containing Plan exhibits [Dkt. No. 19580] (the "Exhibit Book"), the Exhibit Book failed to contain many exhibits critical to the PD Committee's understanding of the Plan, including the treatment of unresolved asbestos property damage claims and ZAI claims (the "Property Damage Exhibits"). The Property Damage

Exhibits include, but are not limited, to the Asbestos PD Trust Agreement, and the Asbestos PD Note (each as defined in the Plan).

2. As a result of the Debtors' failure to provide the Property Damage Exhibits, the PD Committee timely filed its Limited Objection (the "Limited Objection") to the Motion, to preserve all of the PD Committee's rights and objections to the Motion and the Disclosure Statement and all rights of the PD Committee to object to confirmation of the Plan.

3. At the conclusion of the October 27, 2008 hearing on the Disclosure Statement, counsel for the Debtors recommended to the Court that when the Court resumes hearing on the Disclosure Statement on November 13, 2008, it should consider any objections to the Disclosure Statement concerning asbestos property damage. The Court agreed and set November 10, 2008 as the deadline for the Debtors to file the Property Damage Exhibits and for parties in interest to raise their objections to the Disclosure Statement concerning asbestos property. Of course, it was understood and anticipated that the Debtors would provide all of the Property Damage Exhibits to parties in interest, including, without limitation, the PD Committee and asbestos property damage claimants, sufficiently before the November 10 deadline to facilitate consideration and the filing of objections by the deadline.

4. Since the October 27, 2008 hearing, the PD Committee has not been furnished with any of the Property Damage Exhibits. Thus, the PD Committee---and all other parties in interest, for that matter---is in the same position as when it filed the Limited Objection. The Debtors have failed to provide complete illumination, let alone adequate information, of the manner in which they propose to treat asbestos property

damage claims under the Plan and the PD Committee is therefore unable to comment on or object to the Disclosure Statement by November 10, 2008, or argue about objections to the Disclosure Statement as it concerns property claims on November 13, 2008.

WHEREFORE, the PD Committee respectfully requests that the Court sustain this Supplemental Limited Objection and defer the time it allocated on November 13, 2008 for asbestos property damage issues, condition any relief in respect of the Motion and approval of the Disclosure Statement subject to the PD Committee's rights to review and consider the omitted Property Damage Exhibits and such other and further relief as the Court deems just and appropriate.

Dated: November 7, 2008

        Respectfully submitted,

        BILZIN SUMBERG BAENA
        PRICE & AXELROD LLP
        2500 Wachovia Financial Center
        200 South Biscayne Boulevard
        Miami, Florida 33131-2336
        Telephone: (305) 374-7580

        Scott L. Baena (Admitted Pro Hac Vice)
        Jay M. Sakalo (Admitted Pro Hac Vice)
        Matthew I. Kramer (Admitted Pro Hac Vice)

        -and-

        FERRY, JOSEPH & PEARCE, P.A.
        824 Market Street, Suite 904
        P.O. Box 1351
        Wilmington, Delaware 19899
        Telephone: (302) 575-1555

        By: /s/ Theodore J. Tacconelli
          Theodore J. Tacconelli (No. 2678)

        Counsel for the Official Committee of
        Asbestos Property Damage Claimants