## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF REED SMITH LLP
### FOR THE TWENTY-NINTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Reed Smith LLP for the Twenty-Ninth Interim Period (the "Application").

### BACKGROUND

1.      Reed Smith LLP ("Reed Smith") was retained as special asbestos products liability defense counsel to the Debtors.  In the Application, Reed Smith seeks approval of fees totaling $758,230.50 and expenses totaling $32,094.17 for its services from April 1, 2008 through June 30, 2008 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2008, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, Issued

January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Reed Smith, and received a response from Reed Smith, portions of which response are quoted herein.

## DISCUSSION

### General Issues

3.      We note that on or about August 26, 2002, the Court entered an order approving a total budget for the ZAI Science Trial of $1.5 million in fees and $500,000 in expenses for the debtor, as well as $1.5 million in fees and $500,000.00 in expenses for ZAI counsel. On July 28, 2003, the Court entered an order increasing the budget by $950,000 per side for additional attorney fees and expenses. On September 27, 2004, the Court entered an order further increasing the litigation budget in the ZAI Science Trial by $750,000.00 per side for additional attorneys' fees and expenses. We note that the ZAI-related fees and expenses of Reed Smith, combined with those of Kirkland & Ellis LLP, have not exceeded the budget limits set by the Court, and we have no objection to Reed Smith's fees on that basis.

### Specific Expense Entries

4.      In our initial report, we noted the following air fare charge for which more information was needed:

> 1,014.95        04/21/08        Air Travel Expense – Vendor: Antony B. Klapper
> Trip to Pittsburgh for cross prep of expert 4/6/08 –
> Travel from WDC to PGH and return trip.

In response to our inquiry, Reed Smith provided the following information concerning this charge:

. . .  This charge included (1) a round-trip, coach class flight between Washington, D.C. and Pittsburgh, leaving Washington on April 6, 2008 and returning on April 8, 2008 (for a cost of $697.00), and (2) a one-way, coach class flight from Pittsburgh to Washington, D.C. on April 6, 2008 (for a cost of $317.95).  Attorney Klapper originally reserved the round-trip flight in order to attend hearings in the Bankruptcy Court on April 7 and 8, 2008, as well as to attend preparation meetings on April 6. Upon arriving in Pittsburgh on April 6, however, he learned of the impending settlement reached in the bankruptcy proceeding, and because the settlement eliminated the need for his presence at the hearing, he made arrangements to return to Washington on the evening of April 6.  Because his return ticket purchased for April 8 was non-refundable, he was required to purchase a new ticket for his return travel on April 6.

. . . Due to a clerical error, Reed Smith mistakenly submitted the charges for both the round-trip ticket and the one-way return ticket for reimbursement to the Debtors. The return trip portion of the roundtrip ticket (one-half of that ticket, equaling $348.50) should not have been billed to the Debtors.  Therefore, Reed Smith shall not contest a reduction of its fees of $348.50.

We appreciate Reed Smith's response and recommend a reduction of $348.50 in expenses.

5.      In our initial report, we noted the following meal charge which appeared excessive:

| | | |
|---|---|---|
| 602.75 | 05/14/08 | Meal Expense – James J. Restivo, Jr.  W. R. Grace mediation in Philadelphia (4/23-4/24/08) – Two dinners for four persons (eight dinners total) during mediation in PHL. |

It appears to us that one can dine satisfactorily in most locales for $55 for dinner.  Thus, we asked

Reed Smith to explain why reimbursement for this charge should not be reduced.  Reed Smith

responded as follows:

. . . This charge reflects two separate dinners that took place in Philadelphia, during the course of the court-ordered mediation relating to certain unsettled asbestos property damage claims pending against the Debtors. The first dinner (on April 23, 2008) was attended by five people, while the second dinner (on April 24, 2008) was attended by four people.   The diners included Reed Smith attorneys and a representative from W.R. Grace, and both dinners involved meetings, discussions and analysis of issues and strategy relating to the mediation.

. . . Reed Smith erred in noting in its Fee Application that the charges reflected a total

of eight (8), rather than nine (9), dinners.  Given the presence of nine (9) diners in total, the average cost of each meal was approximately $67; Reed Smith believes that this charge is reasonable and not unduly excessive given the Fee Auditor's general guidelines for meals, which impose caps of $65 for dinners in London and New York and $55 for dinners elsewhere.  Nevertheless, Reed Smith will not contest a reduction in its fees of $107.75, which is the difference between the $602.75 amount charged for the nine (9) dinners in the Fee Application and the value of the nine (9) dinners at the Fee Auditor's capped value of $55 (which totals $495).

We appreciate Reed Smith's response and recommend a reduction of $107.75 in expenses.

## CONCLUSION

6.    Thus, we recommend approval of $758,230.50 in fees and $31,637.92 in expenses

($32,094.17 minus $456.25) for Reed Smith's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
      Warren H. Smith
      Texas State Bar No. 18757050

325 N. St. Paul, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 7th day of November, 2008.


_____
Warren H. Smith

# SERVICE LIST
Notice Parties

**The Applicant**
Kurt F. Gwynne
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

James J. Restivo, Jr.
Lawrence E. Flatley
Douglas E. Cameron
435 Sixth Avenue
Pittsburgh, PA 15219

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801