IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W. R. GRACE & CO., et al., | § | Case No. 01-01139 (JKF) |
| | § | |
| *Debtors.* | § | Jointly Administered |
| | § | |
| | § | Hearing Date: 11/13/2008 at 2:00 pm |
| | § | Objection Deadline: 11/10/08, 4:00 p.m. ET |

**PRELIMINARY OBJECTION OF ALEXANDER M. SANDERS, JR., PROPERTY DAMAGE FUTURE CLAIMS REPRESENTATIVE FUTURE PROPERTY DAMAGE CLAIMANTS TO MOTION OF THE DEBTORS FOR AN ORDER APPROVING DISCLOSURE STATEMENT, SOLICITATION CONFIRMATION PROCEDURES, CONFIRMATION SCHEDULE, AND RELATED RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

Alexander M. Sanders, Jr., the Representative of Future Property Damage Claimants (the "PD FCR") files this, his Preliminary Objection to the Motion of the Debtors for an Order Approving Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule, and Related Relief (the "Motion"), and for which would show as follows:

1.      On September 19, 2008, the Debtors filed their Joint Plan of Reorganization [Dkt. No. 19579] (the "Plan") and Disclosure Statement for the Plan [Dkt. No. 19581] (the "Disclosure Statement").  The Debtors also filed an incomplete set of Plan exhibits [Dkt. No. 19580] (the "Exhibit Book").

2.      On October 20, 2008, the same day that Disclosure Statement objections were due, this Court signed an Order appointing the PD FCR.  [Dkt. No. 19818]  On October 27, 2008, this Court convened the Disclosure Statement hearing.  At the conclusion of that hearing, it was decided that the Disclosure Statement hearing would resume on November 13 and 14.  It

was also agreed at that time that any objections which the PD FCR had to the Disclosure Statement would be due on November 10, 2008. The following are the current, Preliminary Objections of the PD FCR.

3.      Neither the Exhibit Book nor any subsequent amendment to it contains several of the exhibits that are essential to the PD FCR's ability to understand and assess the import of the Plan as it relates to future property damage claimants, including ZAI claimants. Among the absent, critical, exhibits are the Asbestos PD Trust Agreement, the Asbestos PD Note, the Asbestos PD Case Management Order and the Share Issuance Agreement (each as defined in the Plan).

5.      Because key exhibits to the Plan are missing, the Disclosure Statement lacks adequate information to allow an informed judgment about the Plan as mandated by Section 1125 of the Bankruptcy Code.

6.      Since many Plan exhibits critical to the ability of the PD FCR to make a judgment as to the merits of the Plan are missing, the PD FCR hereby reserves his rights to lodge further objections to the Motion and the Disclosure Statement after being given sufficient time to consider all missing Plan exhibits and further reserves all of his rights to object to confirmation of the Plan.

WHEREFORE, the PD FCR respectfully prays that the Court sustain these Objections, and not approve any disclosure statement until such time as the PD FCR has had sufficient opportunity to receive, review and assess all Plan-related documents which may affect the treatment of future property damage claimants, and that the Court grant him all other and further relief to which he is justly entitled.

Respectfully Submitted,

_/s/ Alan B. Rich_
Alan B. Rich, Esq.
Texas Bar No. 16842350
1201 Main Street, Suite 1910, LB 201
Dallas, Texas 75202
(214) 532-4437
arich@alanrichlaw.com

COUNSEL FOR ALEXANDER M. SANDERS, JR., LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2008, this document was served through the ECF system on all parties who have requested notice through the ECF system.

_/s/ Alan B. Rich_