**IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO.,** *et. al.*, | ) | **Case No. 01-01139 (JKF)** |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | **Objection Deadline: November 26, 2008** |
| | ) | **Hearing Date: December 15, 2008 @ 2:00 p.m.** |

**FIRST AND FINAL APPLICATION OF CANADIAN ZAI CLAIMANTS PURSUANT TO 11 U.S.C. §§ 503(b)(3)(D) AND (b)(4) FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES INCURRED IN MAKING SUBSTANTIAL CONTRIBUTION**

| | |
|---|---|
| Name of Applicant: | Representative Counsel to Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants) |
| Professional Services of: | The Hogan Firm, Attorneys at Law |
| Date of Retention: | June 22, 2006 |
| Period for which compensation and reimbursement is sought: | June 22, 2006, through August 31, 2008 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 321,109.00 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $ 11,566.90 |

This is a First and Final Application.

**Fee Detail by Professional for the Period of June 22, 2006 through August 31, 2008:**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Fees |
|---|---|---|---|---|
| Daniel K. Hogan | President. Member DE bar since 1990 | $350.00 | 880.60 | $ 308,210.00 |
| Karen E. Harvey | Paralegal - since 1996 | $190.00 | 62.60 | $ 11,894.00 |
| Gillian L. Andrews | Paralegal - since 2006 | $125.00 | 6.90 | $ 862.50 |
| Messenger | | $ 75.00 | 1.90 | $ 142.50 |
| **Grand Total** | | | **952.00** | **$ 321,109.00** |
| Blended Rate | | | | $ 337.30 |
| Blended Rate (excluding paralegal time): | | | | $ 350.00 |

**Cumulative Compensation by Matter Description for the Period of June 22, 2006, through August 31, 2008:**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| **Asbestos Issues** | 11.80 | 4,130.00 |
| **Case Administration** | 747.80 | 250,148.00 |
| **Hearings** | 119.00 | 41,650.00 |
| Meetings | 73.40 | 25,181.00 |
| **TOTAL** | **952.00** | **321,109.00** |

**Expense Summary for the Period of June 22, 2006, through August 31, 2008**

| Expense | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopies | In-House | $ 1,472.20 |
| Long Distance Telephone Calls | Verizon | $ 706.14 |
| Court Telephonic Appearance | CourtCall | $ 431.05 |
| Airline Tickets | U.S. Airways | $ 276.00 |
| Copy & Serve | Parcels, Inc. | $ 1,305.86 |
| Copy & Serve | IKON Office Solutions | $ 5,778.27 |
| Postage | U.S. Postal Service | $ 31.20 |
| Reproduction & Shipping | Reed Smith, LLP | $ 1,033.50 |
| Shipping | UPS | $ 183.80 |
| Filing Fees [Relief Motion] | U.S. Bankruptcy Court | $ 150.00 |
| CM/ECF - Document charges | U.S. Bankruptcy Court | $ 198.88 |
| **TOTAL** | | **$ 11,566.90** |

[Remainder of Page Intentionally Left Blank]

**IN THE UNITED STATE BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et. al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objection Deadline: November 26, 2008 |
| | ) | Hearing Date: December 15, 2008 @ 2:00 p.m. |
| | ) | |

**FIRST AND FINAL APPLICATION OF CANADIAN ZAI CLAIMANTS PURSUANT TO 11 U.S.C. §§ 503(b)(3)(D) AND (b)(4) FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES INCURRED IN MAKING SUBSTANTIAL CONTRIBUTION**

Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP as Representative Counsel ("Representative Counsel") to Canadian Zonolite Attic Insulation Claimants ("Canadian ZAI Claimants"), hereby submits this application for compensation for professional services rendered and reimbursement of expenses (the "Application"), and moves the Court for entry of an order authorizing reimbursement of its reasonable attorneys fees and expenses incurred in making a substantial contribution to the estate of W. R. Grace and its affiliated Debtors and Debtors in Possession (the "Debtors") and to the reorganization process pursuant to 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4) of title 11 of the United States Code (the "Bankruptcy Code"). In support of this Application, Representative Counsel respectfully represents as follows:

**I. INTRODUCTION**

1. Representative Counsel was duly appointed by the Ontario Superior Court of Justice (the "CCAA Court") to represent the interests of Canadian ZAI claimants, both for property damage and personal injury claims in this proceeding. Representative Counsel retained

4

The Hogan Firm (hereinafter referred to as "Hogan") to represent the interests of Canadian ZAI Claimants in this proceeding. Representative Counsel and Hogan have played a substantial and critical role in the Debtors' formulation of the plan of reorganization as it relates to the treatment of the claims asserted by Canadian ZAI Claimants. Representative Counsel was responsible for negotiating the Minutes of Settlement (the "Minutes of Settlement") with the Debtors that resolved the treatment of all Canadian ZAI claims and that created a separate class for Canadian ZAI PD claims within the plan[1]. A true and correct copy of the Minutes of Settlement is attached hereto as **Exhibit A.**

2.      Pursuant to the terms of the Minutes of Settlement, Debtors agreed to support, to the fullest extent permitted by law, a one time fee application by Representative Counsel to be filed in the U.S. Court for the approval and payment of Representative Counsel's reasonable attorney's fees and expenses incurred up to the date of the Settlement, August 31, 2008, in connection with the Chapter 11 cases provided that no request shall exceed the amount of $350,000.00. (See paragraph 14 of the Minutes of Settlement.)

3.      On October 17, 2008, The Honorable Justice Morawetz, of the CCAA Court, released an Endorsement approving The Minutes of Settlement and confirming, in Paragraph 79, that "Counsel to Grace also submitted that Representative Counsel have been continuously active and diligent in both the U.S. and Canadian proceedings and Grace is of the view that it is appropriate that a portion of the funds paid under the settlement go towards compensation of Representative Counsel's fees." A true and correct copy of the Endorsement is attached hereto as **Exhibit B**.

---

[1] The Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et. al. The Official Committee of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, and The Official Committee of Equity Security Holders, filed September 19, 2008, Docket No. 19579.

4.      Representative Counsel rendered a substantial contribution to these Chapter 11 cases within the meaning of section 503(b) of the Bankruptcy Code. The Court should therefore allow Representative Counsel's reasonable fees and expenses as administrative expense claims under sections 503(b)(3) and (b)(4) of the Bankruptcy Code.

5.      By this Application, Representative Counsel seeks the Court approval of, and seeks reimbursement of, $321,109.00 for professional fees and actual and necessary expenses in the amount of $11,566.90 for a total of $332,675.90 (the "Requested Amount") for the period from June 22, 2006, through August 31, 2008 (the "Final Period"). Representative Counsel respectfully submits that the Requested Amount is reasonable and should be approved.

6.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and this matter constitute a core proceeding pursuant to 28 U.S.C. §§ 157(b). Venue for this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a). The statutory predicates for the relief sought herein is 11 U.S.C. § 503(b).

## II. BACKGROUND

7.      On April 2, 2001, U.S. Debtors filed voluntary petitions for protection under Chapter 11 of the United States Bankruptcy Code (The "U.S. Proceedings") and were granted a temporary restraining order by this Court providing for certain injunctive relief in favor of the U.S. Debtors as well as certain other third parties (the "Affiliated Entities").

8.      Two days later Grace Canada, Inc. ("Grace Canada"), a Canadian affiliated entity of U.S. Debtors, was granted an order (the "Initial CCAA order") pursuant to Section 18.6(4) of the Companies' Creditors Arrangement Act in the Ontario Superior Court of Justice which,

among other things, provided for a stay of proceedings against the commencement or continuation of any asbestos-related suits against Grace Canada.

9. The Debtors have continued operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

10. On November 14, 2005 as the result of a number of proposed class action proceedings (the "Proposed Class Actions") commenced in Canada against certain of the U.S. Debtors, Grace Canada, Affiliated Entities and other parties, including the Attorney General of Canada (Her Majesty the Queen in Right of Canada) (the "Crown"), the CCAA Court granted an order recognizing the injunctive relief provided for by this Court and giving effect to it in Canada and implementing a limited stay of proceedings with respect to the Crown. See copy of Order attached as **Exhibit C**.

11. On November 14, 2005, the CCAA Court also considered a request for an extension of the stay contained in the initial order in light of the Proposed Class Actions. The Honorable Justice Farley indicated that cooperation and coordination between the CCAA Court and the Court was needed, that there had been recognition in the U.S. Bankruptcy Court that Canadian proceedings would be governed by Canadian substantive law, and that the insolvency adjudicative proceedings presented an efficient process, but that the extension of the stay not affect the ability of the Plaintiffs in the Proposed Class Actions from returning to the CCAA Court if they felt there was "foot dragging or other elements of prejudice." *See Footnote No. 13 to* Exhibit C.

12. In January 2006, Grace Canada made application with the CCAA Court for the appointment of two law firms, Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP, as

among other things, provided for a stay of proceedings against the commencement or continuation of any asbestos-related suits against Grace Canada.

9. The Debtors have continued operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

10. On November 14, 2005 as the result of a number of proposed class action proceedings (the "Proposed Class Actions") commenced in Canada against certain of the U.S. Debtors, Grace Canada, Affiliated Entities and other parties, including the Attorney General of Canada (Her Majesty the Queen in Right of Canada) (the "Crown"), the CCAA Court granted an order recognizing the injunctive relief provided for by this Court and giving effect to it in Canada and implementing a limited stay of proceedings with respect to the Crown. See copy of Order attached as **Exhibit C**.

11. On November 14, 2005, the CCAA Court also considered a request for an extension of the stay contained in the initial order in light of the Proposed Class Actions. The Honorable Justice Farley indicated that cooperation and coordination between the CCAA Court and the Court was needed, that there had been recognition in the U.S. Bankruptcy Court that Canadian proceedings would be governed by Canadian substantive law, and that the insolvency adjudicative proceedings presented an efficient process, but that the extension of the stay not affect the ability of the Plaintiffs in the Proposed Class Actions from returning to the CCAA Court if they felt there was "foot dragging or other elements of prejudice." *See Footnote No. 13 to* Exhibit C.

12. In January 2006, Grace Canada made application with the CCAA Court for the appointment of two law firms, Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP, as

Representative Counsel in the CCAA Court proceedings on behalf of all Canadian ZAI Claimants[2].

13. On February 9, 2006, the CCAA Court entered an Order appointing Lauzon Bélanger S.E.N.C.R.L. and Scarfone Hawkins LLP as Representative Counsel, and declaring that Representative Counsel shall have the power, among others, to appear or have an agent appear before the U.S. Court in the context of the Debtors Chapter 11 cases, and to negotiate on behalf of the Canadian ZAI Claimants with Grace Canada, the Debtors, and The Crown. See copy of Order attached as **Exhibit D**.

14. On or about June 22, 2006, Representative Counsel retained Hogan to represent The Canadian ZAI Claimants' interests within the context of these proceedings.

15. Since its appointment by the CCAA Court in 2006, Representative Counsel has engaged in extensive negotiations with Grace Canada, representatives of the U.S. Debtors, and the Crown, in an attempt to fashion a comprehensive resolution of all Canadian ZAI personal injury claims and property damage claims.

16. Representative Counsel has actively monitored these proceedings since their appointment by the CCAA Court in an effort to advance the interests of Canadian ZAI Claimants. Representative Counsel has filed a motion with the CCAA seeking instruction from that Court on the issues of development of a Canadian litigation procedure to deal with claims advanced by Canadian ZAI claimants consistent with the Debtors first proposed plan of reorganization. The motion also sought directions from the CCAA as to the effect of the Science Trial memorandum

---

[2] Representative Counsel was appointed to represent the interest of all Canadian ZAI Claimants (both personal injury and property damage).

opinion on Canadian ZAI Claimants. The motion raised notice issues with the CCAA and affirmatively sought documentary discovery of records and information in the possession and control of the Crown for the purpose of aiding and enhancing a direct notice program.

17. In this proceeding, Representative Counsel filed the following pleadings and/or applications:

| Docket No. | Event Name | Filed |
|---|---|---|
| 12725 | Notice of Appearance | 06/28/2006 |
| 12751 | Response Limited Response to Debtors' Motion for A Scheduling Order Regarding Certain of the Debtors' Fifteenth Omnibus Objections to PD Claims (Substantive) | 07/07/2006 |
| 18519 | Motion for Leave to File an Objection to Debtors' Amendment to Motion for Order (A) Establishing a Proof of Claim Bar Date for Zonolite Attic Insulation Claims and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program. | 04/15/2008 |
| 18520 | Motion for Leave to File an Objection to ZAI Claimants' Motion for Dismissal of an Individual ZAI Claim or For Rule 54(b) Determination to Permit Appellate Review of the ZAI Opinion | 04/15/2008 |
| 18522 | Motion to Shorten Time/Notice for Expedited Consideration of Their Motion for Relief From The Automatic Stay (B) | 04/15/2008 |
| 18523 | Motion of the Canadian ZAI Claimants for an Order lifting the Automatic Stay Imposed By § 362(a) of Title 11 | 04/15/2008 |

| | | |
|---|---|---|
| 18728 | Objection to ZAI Claimants' Motion for Dismissal of an Individual ZAI Claim or for a Rule 54(b) Determination to Permit Appellate Review of The ZAI Opinion | 05/16/2008 |
| 18731 | Objection to Debtors' Amendment to Motion for An Order (A) Establishing a Proof of Claim Bar Date for Zonolite Attic Insulation Claims and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program | 05/16/2008 |
| 18807 | Joinder of The Canadian ZAI Claimants in the Motion of The Official Committee of Asbestos Property Damage Claimants for Partial Continuance of June 2, 2008, Hearing on Motion of the Debtors for an Order (A) Establishing a Proof of Claim Bar Date for Zonolite Attic Insulation Claims, and (B) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program | 05/28/2008 |
| 18930 | Motion to Authorize/for an Order to Establish a Protocol for Cross-Border Communication Between the United States Bankruptcy Court and the CCAA Court | 06/16/2008 |
| 19208 | Certification of Counsel Regarding Revised Order Establishing A Protocol For Cross-Border Communications | 07/31/2008 |

18.    Additionally, Representative Counsel and Hogan attended and actively participated in the mediation conference which was held on May 12, 2008. Although the mediation did not result in a settlement of the pending ZAI Claims issues, it aided in post-mediation settlement negotiations.

19. As set forth below, Representative Counsel's success in negotiating the Minutes of Settlement, which provides for a significant recovery to Canadian ZAI Claimants and which allows for a consensual Plan, constitutes a substantial contribution under § 503(b)(3)(D) of the Bankruptcy Code.

20. The possibility of protracted litigation regarding the nature and extent of ZAI claims, both Canadian and American, complicated Plan negotiations. Because of the unknown number of Canadian ZAI claimants and the lack of certainty in respect of the nature and value of the claims pursuant to Canadian laws, Representative Counsel played a critical role in negotiating the Plan. In fact, Representative Counsel's support of the Plan is a critical element of the Minutes of Settlement. Without Representative Counsel's involvement and support for the development of the Plan, the confirmation process would be further delayed by a prolonged battle concerning the estimate and valuation of these claims. To avoid a longer delay in the Debtors' emergence from bankruptcy, a delay in distributions to creditors and equity holders and significant additional administrative costs, Representative Counsel worked with Grace Canada and other constituencies to create and negotiate a plan that contained a separate class for Canadian ZAI PD claims.

21. Representative Counsel's support for the Plan and Representative Counsel's diplomatic negotiations through these cases, substantially assisted the Debtors' reorganization process. Hogan's analyses, advice and assistance to Representative Counsel in negotiations were a key component to garnering the necessary elements within the Minutes of Settlement.

22. After seven years in bankruptcy, numerous iterations of a reorganization plan, and significant litigation, Representative Counsel, in tandem with Grace Canada, the U.S. Debtors, and the Affiliated Entities, worked tirelessly to negotiate a global Canadian ZAI claims settlement. Representative Counsel, with the assistance of Hogan, was intimately involved in the development

and drafting of many of the key documents which led to the creation of a separate class of Canadian ZAI PD claims within the Debtors' Plan.

23. To support Grace's Plan, the Representative Counsel, on behalf of the Canadian ZAI Claimants, agreed to be bound by the terms of the Minutes of Settlement which includes a full and final resolution of all claims against the Grace Parties recognizing that a fully consensual resolution would provide the most fruitful outcome for the Canadian ZAI Claimants.

24. The services rendered by Hogan in facilitating the Representative Counsel's significant involvement in the successful negotiations were both necessary and beneficial to the Debtors' estates. Representative Counsel seeks allowance and payment of the attorneys fees and expenses, pursuant to § 503(b) of the Bankruptcy Code, incurred in making a substantial contribution to these Chapter 11 cases.

25. In agreeing to reimburse Representative Counsel's legal fees paid to Hogan, the Debtors recognized that Representative Counsel's contribution to the Chapter 11 Cases was "substantial" within the meaning of section 503(b) of the Bankruptcy Code. Indeed, it is fair to say that Representative Counsel served as one of the prime architects and facilitators for Minutes of Settlement which is incorporated by reference into the Plan.

## RELIEF REQUESTED

26. Pursuant to the terms of the Minutes of Settlement and §§ 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code, Representative Counsel seeks an order allowing as administrative expenses, in recognition of Representative Counsel's substantial contributions in these Chapter 11 cases, the aggregate amount of $332,675.90 comprised of: (i) professional fees in the amount of $321,109.00 and expenses in the amount of $11,566.90 incurred by Representative Counsel during the Compensation Period.

**LEGAL BASIS**

27. Section 503(b) of the Bankruptcy Code provides, in relevant part, that after notice and a hearing, there shall be allowed administrative expenses of the estate with respect to "the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by … a creditor, …in making a substantial contribution in a case under chapter 9 or 11 of this title." 11 U.S.C. 503(b)(3)(D). 11 U.S.C. 503(b)(4) further provides that:

> reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under…paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant[.]

28. The Debtors have already acknowledged that Representative Counsel made a substantial contribution to these cases by agreeing to be bound by the terms of the Minutes of Settlement and supporting, to the fullest extent permitted by law, a one time fee application by Representative Counsel for the approval and payment of its reasonable fees and expenses incurred up to the date of the Minutes of Settlement in connection with the Chapter 11 cases provided that no request shall exceed the amount of US$350,000.00.

29. The record makes clear that Representative Counsel and its professionals indeed made a "substantial contribution" to the Debtors' reorganization with the meaning of the section 503(b) of the Bankruptcy Code.

30. As this Court has explained, sections 503(b)(3)(D) and 503(b)(4) permit payment, as an administrative expense, of the expenses of a creditor, including reasonable and necessary attorney's fees incurred, where a substantial contribution has been made to a reorganization. In re Columbia Gas System, Inc., 224 B.R. 540 (Bankr., D. Del. 1998); see also Buckhead America, 161 B.R. 11 (Bankr. D. Del. 1993). The Third Circuit explicitly recognized this rule in stating:

> The services engaged by creditors, creditor committees and other parties interested in a reorganization are presumed to be incurred for the benefit of the engaging party and are reimbursable if, but only if, the services "directly and materially contributed" to the reorganization.

Lebron v. Mechem Financial Inc., 27 F.3d 937, 943 (3d Cir. 1994).

31. Pursuant to § 503(b)(4) of the Bankruptcy Code, compensation is authorized even where the services rendered by the attorney were primarily for its clients, if such services transcend such self-protection and extend to the entire bankruptcy estate. Lebron, 27 F.3d at 944. Although the Bankruptcy Code does not define the term "substantial contribution," courts have considered whether the "efforts of the applicant resulted in an actual and demonstrable benefit to the debtor's estate and the creditors." Lebron, 27 F.3d at 944 (quoting In re Lister, 846 f.2d 55, 57 (10th Cir. 1988). In determining whether services constitute a substantial contribution and are therefore compensable, courts consider services that "foster and enhance, rather than retard or interrupt the progress of the reorganization." Lebron, 27 F.3d at 944 (quoting Consolidated Bancshares, Inc., 785 F.2d 1249, 1253 (5th Cir. 1986)).

32. In particular, "substantial contribution" fee requests have been granted where "the creditor took and active role in facilitating the negotiation and successful confirmation of the plan." In re Granite Partners, L.P., et al., 213 B.R. 440, 446 (Bankr. S.D.N.Y. 1997) (citing, among other cases, In re Baldwin-United Corp., 79 B.R. 321, 339 (Bankr. S.D. Ohio 1987) (creditor's counsel acted as voice of reason in otherwise contentious case); In re Richton Int'l Corp., 15 B.R. 854, 856 (Bankr. S.D.N.Y. 1981) (creditor's lawyer "facilitated the progress of these cases and … substantially aided the formulation and adoption of the Plan of Reorganization").

**ARGUMENT**

A. **Representative Counsel Made Substantial Contributions to the Debtors' Reorganization in Facilitating the Negotiations between the Representative Counsel and Other Members of the Settlement Party and Aiding the Implementation of the Minutes of Settlement**

33.     Applying the above standards, Representative Counsel unquestionably made a substantial contribution to these Chapter 11 Cases, including the facilitation of the proposals and negotiations and drafting certain key documents, including numerous iterations of the Minutes of Settlement.

34.     Indeed, Representative Counsel was the catalyst in the filing of all documents in the United States Bankruptcy Court, District of Delaware, on behalf of the Canadian ZAI Claimants. Specifically, Hogan was primarily responsible in the preparation and electronic filing of many pleadings, including, but not limited to, the Motion for Cross-Border Protocol and Motion for Relief, and the review and fine-tuning of substantial portions of numerous other documents.

35.     Representative Counsel's activities prior to the negotiation of the Minutes of Settlement helped to highlight many of the unresolved issues in the Chapter 11 cases, including the Canadian ZAI personal injury estimation issues.  As set forth in the pleadings filed with this Court, the Debtors' Plan was destined to be contested. However, working hand-in-hand with the Debtor, Representative Counsel, with Hogan's assistance, spearheaded the negotiations for the Minutes of Settlement.

B. **The Requested Expenses Are Allowable As Administrative Expenses**

36.     As described in the annexed certification of Daniel K. Hogan of The Hogan Firm, which is attached hereto as **Exhibit E**, and in light of all of the above, Representative Counsel seeks allowance of reimbursement for certain fees and disbursements.

### i. Requested Fee Reimbursement

37. The Hogan Firm's attorneys, paralegals and employees billed Representative Counsel $321,109.00 in fees, encompassing a total of 952.00 hours for services reimbursable pursuant to section 503(b)(3)(D) and 503 (b)(4) of the Bankruptcy Code. Accordingly, Representative Counsel paid, and seeks reimbursement of, total fees in the amount of $321,109.00.

38. A detailed description and breakdown of all of the services provided to Representative Counsel by The Hogan Firm during the Compensation Period is set forth in The Hogan Firm's History Bill attached hereto as **Exhibits F-1 through Exhibit F-4**.

39. Representative Counsel seeks reimbursement of Hogan's customary fees at rates which are comparable to those charged by law firms of similar expertise in their respective relevant market.

### ii. Request Expense Reimbursement

40. In addition, during the Compensation Period, Representative Counsel, by and through Hogan, incurred actual out-of-pocket expenses in connection with the rendition of the foregoing professional services in the sum of $11,566.90.

41. Accordingly, Representative Counsel seeks reimbursement of $11,566.90 in expenses and disbursements as an administrative claim.

42. A description and breakdown of the expenses incurred by Representative Counsel, by and through Hogan, during the Compensation Period are set forth in The Hogan Firm's History Bill. See attached Exhibit F-4.

43. The disbursements and expenses have been incurred in accordance with Hogan's normal practice of charging clients for expenses clearly related to and required by particular matters. Hogan's billing rates do not include charges for photocopying, telephone toll charges, computerized research, travel expenses, postage and certain other office services, because the needs of each client

for such services differ. Hogan charged $.20 per page for in-house photocopying services. With respect to outside copying and delivery services, long distance charges, postage, travel fees, conference fees and court fees, Hogan charges the actual cost from the vendor. Hogan does not charge for incoming or outgoing facsimiles.

44. No agreement or understanding exists between Hogan and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

45. Hogan has reviewed the requirements set forth in Delaware Local Rule 2016-2, entitled "Motion for Compensation and Reimbursement of Expenses," and believes that this application for allowance of compensation and reimbursement of expenses complies with the rules set forth therein.

46. No prior application has been made in this or in any other Court for the relief requested herein.

## SUMMARY OF EXHIBITS

| | |
|---|---|
| Exhibit A | Canadian ZAI Minutes of Settlement |
| Exhibit B | October 7, 2008, Ontario Superior Court of Justice, Endorsement approving The Minutes of Settlement |
| Exhibit C | November 14, 2005, CCAA Court Order |
| Exhibit D | February 9, 2006, CCAA Court Order for Appointment of Representative Counsel |
| Exhibit E | Certification of Daniel K. Hogan, Esquire |
| Exhibit F1-F4 | The Hogan Firm's History Bill for June 22, 2006, through August 31, 2008 |

17

## **CONCLUSION**

WHEREFORE, Representative Counsel, on behalf of Canadian ZAI Claimants, respectfully requests that this Court (i) enter an order, in a form substantially similar to the one attached hereto, granting this Application, allowing as administrative expenses the legal fees and expenses incurred by Representative Counsel pursuant to section 503(b)(3)(d) and 503(b)(4) of the Bankruptcy Code, and directing the Debtors to reimburse Representative Counsel the legal fees and expenses, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: November 10, 2008                     */s/Daniel K. Hogan*
                                             Daniel K. Hogan (DE Bar #2814)
                                             **THE HOGAN FIRM**
                                             1311 Delaware Avenue
                                             Wilmington, Delaware 19806
                                             Telephone: 302.656.7540
                                             Facsimile: 302.656.7599
                                             E-mail: dkhogan@dkhogan.com