## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Case No. 01-01139 (JKF) |
| | : | |
| W. R. GRACE & CO., et al., | : | Jointly Administered |
| | : | |
| Debtors. | : | Chapter 11 |
| | : | |
| | : | |

### SUPPLEMENTAL JOINT OBJECTION OF BANK OF AMERICA, N.A., AND MORGAN STANLEY SENIOR FUNDING, INC. TO DISCLOSURE STATEMENT TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION

Bank of America, N.A. ("BofA") and Morgan Stanley Senior Funding, Inc. ("Morgan Stanley," and with BofA the "Objectors"), by and through their respective undersigned counsel, respectfully submit this limited supplemental objection (the "Supplemental Objection") in further support of their joint objection to approval of the Debtors' disclosure statement (as amended, the "Amended Disclosure Statement"). In further support of this Supplemental Objection,[1] the Objectors respectfully state as follows:

### SUPPLEMENTAL OBJECTION

1. By their Joint Objection, the Objectors noted that the Disclosure Statement did not include sufficiently detailed information to permit the Objectors to understand or fairly evaluate the treatment of their claims, including but not limited to the extent to which their claims will be impaired if the Plan is approved as proposed. At the October 27 hearing, the Debtors agreed to provide additional disclosures and resume consideration of these matters at the November 14 hearing. The Debtors' subsequent disclosures do not remedy the fundamental

---

[1] The Objectors incorporate by reference their *Joint Objection of Bank of America, N.A., Morgan Stanley Senior Funding, Inc. and Tempo Master Fund LP to Approval of Disclosure Statement Regarding Joint Plan of Reorganization in Respect of the Debtors, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative and the Official Committee of Equity Security Holders* [Dkt. No. 19792] (the "Joint Objection"). Subsequent to the filing of the Joint Objection, Tempo Master Fund LP transferred its claim to Morgan Stanley. Terms not otherwise defined herein shall have the meaning accorded to such terms in the Joint Objection.

defects which negate the Objectors' ability to fairly understand the Plan's treatment of their claims. Accordingly, for the reasons set forth in their Joint Objection and those briefly summarized below,[2] the Objectors respectfully submit that the Amended Disclosure Statement should not be approved.

2. <u>First</u>, while the Debtors have amended the Disclosure Statement to specifically include their *conclusion* that the Objectors' claims are Indirect PI Trust Claims (<u>see</u> Amended Disclosure Statement, § 3.2.5.2), the Amended Disclosure Statement does not include *any* information upon which that conclusion is based. This omission is particularly glaring in light of the classification of similarly situated creditors under the Debtors' pre-petition credit facility in Class 9, even though the Debtors admit that they used funds drawn under their pre-petition credit facility in part to satisfy asbestos personal injury settlements in the normal and ordinary course of their business operations. <u>See</u> W R Grace Co., Form 10-Q, Filed May 15, 2001, pp. I-20, I-21 ("The net borrowing against the credit facilities and life insurance policies was used primarily to fund the business acquisitions, asbestos payments, and working capital requirements.").

3. <u>Second</u>, the Debtors still accord the Objectors a single vote in the amount of $1.00. <u>See</u> Amended Voting Procedures, § 3(b)(2) ("Each Holder of an Indirect PI Trust Claim will have a single vote in the amount, for voting purposes only, of $1.00, which does not constitute an allowance of such Claims for purposes of distribution and is without prejudice to the rights of the Holders of such claims or the Asbestos PI Trust in any other context."). The Debtors admitted, however, at the October 17 hearing that the proposed valuation of Indirect PI Trust Claims at $1.00 for voting purposes was intended only to address "indirect claims which are not liquidated" and are "contingent." <u>See</u> Transcript of October 27, 2008 Hearing before the

---

[2] The Court indicated at the October 27 hearing that it did not require (or encourage) the submission of lengthy additional objections. Accordingly, the Objectors intend herein to only briefly summarize certain of their concerns and otherwise fully reserve their rights.

Honorable Judith K. Fitzgerald, pp. 238:24-239:3. The Objectors' claims *are* liquidated and *not* contingent; indeed, this Court entered an Order allowing the Objectors' claims (which currently are allowed in the amount of approximately $16.5 million). See Order Authorizing Settlement with Bank of America, N.A. and Granting Certain Related Relief [Dkt. No. 11081]. As neither the Amended Disclosure Statement or Amended Voting Procedures explain the basis or cite to any legal authority for this continuing, fundamental error with respect to the voting rights attendant to the Objectors' claims, and the Objectors' claims plainly do *not* come within the class of contingent, unliquidated, Indirect PI Trust Claims arguably appropriately valued at $1.00 for voting purposes, the Amended Disclosure Statement should not be approved.

4. Third, the Amended Disclosure Statement still provides that the Objectors' claims are neither "Allowed" or "Disallowed." See Amended Disclosure Statement, p. 16. However, the Amended Disclosure Statement also fails to provide adequate information to understand either the legal or practical effect of this treatment, especially in light of this Court's previous Order approving and allowing the Objectors' claims.

5. Fourth, the Amended Disclosure Statement still does not provide adequate information sufficient to understand how the Objectors' claims will be treated under the TDP. As noted above, the Objectors' claims already have been allowed pursuant to Order of this Court. However, the Amended Disclosure Statement appears to describe a process under which the Objectors will be required to satisfy *additional* conditions to the "allowance" of their claims under the TDP. For example, the Amended Disclosure Statement appears to provide that the Objectors will be required to establish that:

> (i) they have "paid in full the liability and obligation of the Asbestos PI Trust to the individual claimant to whom the Asbestos

3

RLF1-3339315-1

> PI Trust would otherwise have had a liability or obligation under the TDP (the 'Direct Claimant')" (see Amended Disclosure Statement, § 3.2.5.2);
>
> (ii) the "Direct Claimant" and the Objectors have "forever and fully released the Asbestos PI Trust from all liability to the Direct Claimant" (id.); and
>
> (iii) the "claim is not otherwise barred by a statute of limitation or repose *or by other applicable law*."

See id. (emphasis supplied). At the same time, however, with regard to the Objectors' claims the Debtors do not provide any information as to (i) how the Asbestos PI Trust "would otherwise have had a liability or obligation under the TDP"; (ii) the legal or factual basis for the Debtors' attempt to impose the additional precondition to "allowance" of their claims that the Objectors provide a release from the "Direct Claimants," third parties who are unknown to the Objectors, with whom the Objectors are not in privity and over whom the Objectors have no control; and (iii) whether the Debtors actually intend to bestow upon the Asbestos PI Trust the right to contest the Objectors' $16.5 million Court-allowed claim on the grounds that the Objectors have not demonstrated that such claim is not otherwise barred by unidentified "applicable law." See id. Moreover, it is not clear whether the Objectors are required to prove these additional conditions to the "satisfaction of the Trustees," and, if so, whether the Objectors are consigned to the time-consuming and expensive ADR and litigation procedures set forth in the TDP if the "Trustees" refuse to give effect to this Court's Order approving and allowing the Objectors' claims. See TDP, § 5.6. It is plain that these procedures were not developed and cannot reasonably apply to claims such as those of the Objectors which have been liquidated and allowed by a final order of

this Court. Absent additional information, the Objectors, as well as others in Class 6 affected by the treatment of the Objectors' claims, simply cannot fairly evaluate whether to vote for the Plan.

6. <u>Fifth</u>, the Debtors still have not identified the Initial Payment Percentage under the TDP, the likely total recovery or the timing of payments to the Objectors. <u>See</u> TDP. These omissions are remarkable. In the absence of the foregoing information, the Objectors have no basis whatsoever to understand the actual effect of the proposed Plan on their claims. Of itself, the Plan Proponents' failure to identify the Initial Payment Percentage is sufficient to find that the Amended Disclosure Statement should not be approved. Moreover, the Amended Disclosure Statement and TDP also do not provide adequate information to the Objectors to evaluate the apparent limitation on distributions on Indirect PI Trust Claims to amounts to which the underlying Direct Claimant might otherwise be entitled. <u>See</u> TDP, § 5.6, p. 36. Does such a limitation apply to the Objectors' claim, and if so, in what way? The Objectors simply cannot tell from the information currently set forth in the Amended Disclosure Statement and TDP.

7. <u>Finally</u>, the Plan still provides that "[a]ll Asbestos PI Claims shall be resolved in accordance with the terms, provisions and procedures of the Asbestos PI Trust Agreement and the TDP." <u>See</u> First Amended Plan, § 3.1.6(b)(i). The Debtors, however, have not filed a revised form of the TDP. Accordingly, the Objectors have no basis to know which if any of the proposed amendments to the Plan and Disclosure Statement actually will be incorporated into the TDP and, if so, in what manner. For this reason as well, the Amended Disclosure Statement does not provide adequate information and should not be approved.

## RESERVATION OF RIGHTS

8. The Objectors expressly reserve, and do not waive, their right to object to any further proposed modifications to the Disclosure Statement, whether proposed by the Plan

Proponents or any other party, and expressly reserve any and all objections they may have to confirmation of the Plan. Nothing contained in this Objection constitutes a waiver of any of the Objectors' rights including, but not limited to, those relating to their respective rights under the Letters of Credit, any of their rights to have any non-core matter relating to the interpretation of their contractual rights and the Debtors' or Reorganized Debtors' contractual obligations adjudicated by the United States District Court. The Objectors reserve their right to amend, modify, or supplement the objections made in this Supplemental Objection in response to, or as a result of, any discovery being conducted in connection with confirmation of the Plan and/or any submission in connection with the Plan or this case filed by any party-in-interest.

## CONCLUSION

WHEREFORE, the Objectors respectfully request that this Court enter an order denying approval of the Amended Disclosure Statement under section 1125 of the Bankruptcy Code and granting the Objectors such other and further relief as is just and proper.

| | |
|---|---|
| Dated: November 10, 2008 | Dated: November 10, 2008 |
| *(signature)* | *(signature)* |
| Noah Heller, Esq.<br>Merritt A. Pardini, Esq.<br>KATTEN MUCHIN ROSENMAN LLP<br>575 Madison Avenue<br>New York, New York 10022<br>Telephone: (212) 940-6539<br>Facsimile: (212) 894-5671 | Mark D. Collins (No. 2981)<br>Marcos A. Ramos (No. 4450)<br>RICHARDS LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701 |
| *Attorneys for Morgan Stanley Senior Funding, Inc.* | *Attorneys for Bank of America, N.A.* |