**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 01-1139 (JKF)<br><br>Jointly Administered<br><br>Re: Docket Nos. 19581, 19620, 19795, and 19848<br><br>Hearing Date: 11/13/08 at 2:00 p.m. (Eastern)<br>Objection Deadline: 11/10/08 |

**SUPPLEMENTAL OBJECTION OF THE STATE OF MONTANA TO (I) THE DEBTORS' DISCLOSURE STATEMENT FOR THE JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W. R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS AND (II) THE MOTION OF THE DEBTORS FOR AN ORDER APPROVING DISCLOSURE STATEMENT, SOLICITATION AND CONFIRMATION PROCEDURES, CONFIRMATION SCHEDULE AND RELATED RELIEF**

---

[1] The Debtors are the following entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), ECARG, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc. E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

The State of Montana ("Montana"), by and through its undersigned counsel, hereby asserts its supplemental objection (the "Supplemental Objection") to the Debtors' Disclosure Statement for the Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of September 19, 2008 (Docket No. 19581) (the "Original Disclosure Statement") and to the Motion of the Debtors for an Order Approving Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief (Docket No. 19620) (the "Solicitation Motion"), as such documents have been further revised by the Debtors. In support of this Supplemental Objection, Montana states as follows:

## BACKGROUND AND INTRODUCTION

1. On October 17, 2008, Montana filed its original objection to the Disclosure Statement and the Solicitation Motion (Docket No. 19795) (the "Original Objection").[2] A description of the factual and procedural background of Montana's claims and this dispute is set forth in the Original Objection, which is incorporated herein by reference.

2. On October 23, 2008, the Debtors filed their reply to the Original Objection (Docket No. 19848).

3. On October 27, 2008, the Court conducted a hearing with respect to the Disclosure Statement and the Solicitation Motion.

4. On November 5, 2008, the Debtors circulated drafts of a Disclosure Statement for the First Amended Joint Plan of Reorganization (the "Amended Disclosure Statement") as well

---

[2] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Original Objection.

2

as amended voting procedures in connection with the Solicitation Motion (the "Amended Voting Procedures").

## SUPPLEMENTAL OBJECTION

### I. THE AMENDED DISCLOSURE STATEMENT SHOULD BE MODIFIED IN CERTAIN RESPECTS.

#### A. The Amended Disclosure Statement Fails To Provide Critical Exhibits.

5. As set forth in the Original Objection, the Original Disclosure Statement and the Exhibit Book omitted certain critical exhibits that a hypothetical investor would find necessary to evaluate its options. Montana still has not received these critical documents (including, without limitation, the Asbestos PD Trust Agreement and the Asbestos PD Note) that a hypothetical investor in the class holding Asbestos PD Claims would need to consider. Additionally, although the Trust Distribution Procedures were included in the Exhibit Book, the Debtors still have not disclosed the Initial Payment Percentage, as set forth in the Original Objection. The Amended Disclosure Statement should not be approved until those exhibits have been disseminated and this percentage has been disclosed.

#### B. The Amended Disclosure Statement Should Be Revised In Certain Respects Regarding The Proposed Classification Of Montana's Claims.

6. In the Original Objection, Montana maintained that the Original Disclosure Statement should be revised to disclose that Montana disputes the classification of its claims. Specifically, the Original Disclosure Statement stated that under the Plan, Montana's indemnification and contribution claims would be treated as Indirect PI Trust Claims, which are a subset of the Class 6 Asbestos PI Claims channeled to the Asbestos PI Trust purportedly pursuant to Bankruptcy Code section 524(g). See Original Objection ¶ 21. Montana maintained that its claims for indemnification and contribution are not of the type that are subject to

3

Bankruptcy Code section 524(g) and may not even be claims that are subject to the automatic stay or that are capable of being discharged by the Plan. See id. ¶¶ 22-23.

7. In the Amended Disclosure Statement, the Debtors have disclosed that certain parties (including Montana) dispute the classification of their claims. See Amended Disclosure Statement § 3.2.5.2. However, in the next to last paragraph of that section, the Debtors have omitted to include Montana in the list of claimants that have raised such a dispute. See id.; see also Original Objection ¶¶ 22-23. Therefore, Montana requests that the Court require the Debtors to amend the Amended Disclosure Statement to include Montana within the list of claimants disputing the classification of their claims in the next to last paragraph of that section.[3]

8. Montana further requests the Court to require the Debtors to explain why an Indirect Claimant must secure a release from a Direct Claimant as a prerequisite to payment of its claim, as set forth in that section. See Amended Disclosure Statement § 3.2.5.2.

## II. THE SOLICITATION MOTION SHOULD BE MODIFIED IN CERTAIN RESPECTS.

### A. The Amended Voting Procedures Do Not Reflect This Court's Ruling At The October 27 Hearing.

9. Paragraph 7(b) of the Amended Voting Procedures, entitled "Distribution of Solicitation Packages -- To Holders of General Unsecured Claims (Provisional Vote)", contains the following language:

> If the Debtors determine that a proof of claim filed against the Debtors is not a Class 9 General Unsecured Claim, then the Debtors shall not be required to serve a Solicitation Package to the Holder of such Claim, unless the Holder of such Claim is otherwise entitled to receive a Solicitation Package under these Voting Procedures, and instead shall serve upon the Claimant a Confirmation Hearing Notice and a Notice of Non-Voting Class Status.

Amended Voting Procedures ¶ 7(b).

---

[3] Section 3.2.5.2 of the Amended Disclosure Statement also refers to "Voting Motions". As set forth more fully below, see infra Part II.B., Montana maintains that it should not be required to file a "Voting Motion" under Bankruptcy Rule 3018(a) with respect to the classification of its claims.

4

10. Montana maintains that this language is directly contradictory to the Court's ruling during the October 27, 2008 hearing. At that hearing the Court required the Debtors to send solicitation packages to those claiming to hold Class 9 General Unsecured Claims (putting aside the issue of impairment), and the Court advised that it would then make the determination as to whether those votes should be counted as either Class 6 or Class 9 votes. Specifically, the Court stated as follows:

> THE COURT: [T]hese ballots are simply going to have to be counted two ways. That is the way that the debtor wants them counted <u>and the way that the objecting parties want them counted</u> . . . .
>
> THE COURT: [W]hat I'm going to order the debtor to do is simply as to anybody who's objecting to classification reserve this to a plan issue, simply put the votes -- and send the ballots out the way the debtor plans to send them out, but then have the ballot agent count them two ways and have the debtor do the solicitation -- I'm sorry -- the ballot summary two ways, the way the debtor wants it done <u>and then the way the objecting party wants it done</u> . . . .
>
> THE COURT: So I want the ballots counted both ways and a ballot summary prepared both ways, and that will be true for anybody who's raising classification issues, because it's just not something I can deal with now . . . .
>
> THE COURT: [W]hat I want for purposes of the ballots is to have the votes counted the way the debtor is proposing to classify the claims, however that works out in the ultimate disclosure statement and ballots. And then I also want them, to the extent there is still an objection, that on November 14th, to the classification, I also want the ballot summaries recounted, so it's done twice, for any objecting party, <u>so I will have two forms of ballot summaries, the debtors' way and the objecting parties' way</u>. That way I'll see whether it even makes a difference.

Transcript of October 27, 2008 Hearing, at pp. 151-56 (excerpts attached hereto as Exhibit A) (emphases added).

11. At the conclusion of the Court's ruling, counsel for the Debtors even agreed that Montana would receive a Class 9 ballot. Specifically, the Debtors' counsel had the following exchange with Montana's counsel:

5

> MR. MONACO: . . . [W]e would expect to receive a ballot for a Class 9 claim.
>
> MR. FREEDMAN: . . . We will submit them a ballot and count it two ways as the Court has instructed . . . .

<u>Id.</u> at p. 156.

12. Therefore, Montana maintains that this language contained in the Amended Voting Procedures is inconsistent with the Court's ruling.

**B.     The Amended Voting Procedures Improperly Require Claimants To File A Motion Under Bankruptcy Rule 3018 To Alter Their Classification.**

13. Also inconsistent with the Court's ruling on October 27, 2008 is the Debtors' attempt to put the burden on claimants seeking classification as Class 9 General Unsecured Claims to file a motion pursuant to Bankruptcy Rule 3018(a) seeking such classification. <u>See</u> Amended Voting Procedures ¶ 10(f)(i) ("Any Holder of a Claim that seeks to challenge the amount <u>and/or classification</u> of its Claim for voting purposes may file a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in an amount <u>and/or classification</u> requested for purposes of voting." (emphases added)).

14. Requiring parties to file such motions, in disregard of the Court's October 27 ruling, would improperly hamper this Court with the disposition of a multitude of such motions. <u>See</u> Transcript of October 27, 2008 Hearing, at p. 151 (excerpts attached hereto as Exhibit A) ("I agree with you all, they are really plan confirmation issues."); <u>id.</u> at p. 152 ("THE COURT: [W]hat I'm going to order the debtor to do is simply as to anybody who's objecting to classification reserve this to a plan issue."). Even apart from the Court's October 27 ruling, there is no legal basis for requiring parties to file such motions. Bankruptcy Rule 3018(a) does not address classification issues, which issues are more properly reserved for confirmation, but rather addresses only estimated amounts for voting purposes. <u>See</u> Fed. R. Bankr. P. 3018(a) ("Notwithstanding objection to a claim or interest, the court after notice and hearing may

temporarily allow the claim or interest in an <u>amount</u> which the court deems proper for the purpose of accepting or rejecting a plan." (emphasis added)). The Debtors' attempt to place the burden on claimants and to pre-judge issues that are more appropriately left for confirmation is improper.

**C.    The Claims Estimation In The Solicitation Motion Should Be Explained.**

15.    The Solicitation Motion provides that indemnification claims will be estimated, for purposes of voting on the Plan, at $1.00 each. <u>See</u> Solicitation Motion ¶ 28(A)(II). In the Original Objection, Montana maintained that the Debtors failed to provide in the Solicitation Motion any basis for an estimation, even for voting purposes, at such a nominal amount. <u>See</u> Original Objection ¶ 29. In the Amended Voting Procedures, the Debtors still have failed to provide such an explanation. Montana continues to maintain that the Debtors should be required to provide such an explanation. During the October 27, 2008 hearing, the Debtors' counsel agreed on the record to make this change to the Disclosure Statement. <u>See</u> Transcript of October 27, 2008 Hearing, at p. 240 (excerpts attached hereto as Exhibit A) ("MR. FREEDMAN: Your Honor, that's fine. We will put appropriate disclosure of that kind into the disclosure statement.").

**RESERVATION OF RIGHTS**

16.    Montana reserves all rights to raise additional arguments to the Amended Disclosure Statement and/or the Solicitation Motion either at or prior to any hearing with respect to such matters. Montana further reserves all rights to raise arguments regarding the confirmation of the Plan, or any amended plan, at or prior to any hearing with respect to such matters.

WHEREFORE, Montana respectfully requests that this Court sustain the Original Objection and the Supplemental Objection, and limit any relief granted with respect to the Amended Disclosure Statement and the Solicitation Motion as set forth herein; and that the Court grant such other and further relief as it deems just and proper.

Dated: November 10, 2008           Respectfully submitted,

**Womble Carlyle Sandridge & Rice, PLLC**

By:    /s/ Matthew P. Ward
      Francis A. Monaco, Jr. (#2078)
      Kevin J. Mangan (#3810)
      Matthew P. Ward (#4471)
      222 Delaware Avenue, Suite 1501
      Wilmington, DE 19801
      Ph: (302) 252-4320
      Fax: (302) 252-4330

      Counsel for the State of Montana