UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN RE:                        .    Case No.  01-1139 (JKF)
                              .
W.R. GRACE & CO.,             .
et al.,                       .    USX Tower - 54th Floor
                              .    600 Grant Street
                              .    Pittsburgh, PA 15219
              Debtors.        .
                              .    October 27, 2008
. . . . . . . . . . . . . . . .    9:06 a.m.


TRANSCRIPT OF HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtors:          Kirkland & Ellis, LLP
                          By:  DAVID BERNICK, ESQ.
                               BARBARA HARDING, ESQ.
                               JANET BAER, ESQ.
                               LISA ESAYIAN, ESQ.
                               CRAIG BRUENS, ESQ.
                               BRIAN STANSBURY, ESQ.
                               SAL BIANCA, ESQ.
                               RAINA JONES, ESQ.
                               HENRY THOMPSON, ESQ.
                               SCOTT McMILLAN, ESQ.
                          200 East Randolph Drive
                          Chicago, IL  60601


For the Debtors:          Kirkland & Ellis, LLP
                          By:  THEODORE FREEDMAN, ESQ.
                               CHRISTOPHER GRECO, ESQ.
                          Citigroup Center, 153 East 53rd St.
                          New York, NY  10022


Audio Operator:           Janet Heller

Proceedings recorded by electronic sound recording, transcript
          produced by transcription service.

_____

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@optonline.net

(609)586-2311     Fax No. (609) 587-3599

**APPEARANCES (CONT'D):**

| | |
|---|---|
| For the Asbestos<br>Creditors Committee: | Caplin & Drysdale, Chartered<br>By:  PETER LOCKWOOD, ESQ.<br>      NATHAN FINCH, ESQ.<br>One Thomas Circle, NW<br>Washington, D.C.  20005 |
| | Caplin & Drysdale, Chartered<br>By:  ELIHU INSELBUCH, ESQ.<br>375 Park Avenue, #3505<br>New York, NY  10152 |
| For the Debtors: | ARPC<br>By:  AMY BROCKMAN, ESQ. |
| For W.R. Grace: | W.R. Grace<br>By:  MARK SHELNITZ, ESQ.<br>      JAY HUGHES, ESQ.<br>      WILLIAM CORCORAN, ESQ.<br>7500 Grace Drive<br>Columbia, MD  21044 |
| For the Equity<br>Committee: | Kramer Levin Naftalis & Frankel<br>By:  GREGORY HOROWITZ, ESQ.<br>919 Third Avenue<br>New York, NY  10022 |
| For the<br>Unsecured Creditors'<br>Committee: | Stroock & Stroock & Lavan<br>By:  KENNETH PASQUALE, ESQ.<br>      ARLENE KRIEGER, ESQ.<br>180 Maiden Lane<br>New York, NY  10038-4982 |
| For the Property<br>Damage Committee: | Bilzin Sumberg Baena Price &<br>   Axelrod LLP<br>By:  MATTHEW KRAMER, ESQ.<br>      SCOTT BAENA, ESQ.<br>      JAY SAKALO, ESQ.<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, FL  33131 |

J&J COURT TRANSCRIBERS, INC.

**APPEARANCES (CONT'D):**

For the Ad Hoc
Committee of Equity
Sec. Holders:

Dewey & LeBoeuf, LLP
By:  JENNIFER WHITENER, ESQ.
125 West 55th Street
New York, NY  10019


For the Future
Claimants
Representatives:

Orrick, Herrington & Sutcliffe
  LLP
By:  ROGER FRANKEL, ESQ.
     RICHARD WYRON, ESQ.
     ANTHONY KIM, ESQ.
     RAYMOND MULLADY, ESQ.
     JOHN ANSBRO, ESQ.
Washington Harbour
3050 K Street, N.W.
Washington, D.C.  20007


For Committee of
Asbestos Personal
Injury Claimants:

Campbell & Levine
By:  MARK T. HURFORD, ESQ.
800 North King Street
Suite 300
Wilmington, DE  19701


For Maryland Casualty:

Connelly Bove Lodge & Hutz, LLP
By:  JEFFREY WISLER, ESQ.
The Nemours Building
1007 North Orange Street
Wilmington, DE  19899


For Maryland Casualty:

Eckert Seamans Cherin & Mellott, LLC
By:  EDWARD LONGOSZ, II, ESQ.
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C.  20006


STB
By:  STERLING MARSHALL, ESQ.


For Sealed Air:

Skadden, Arps, Slate, Meagher & Flom,
  LLP
By:  MARK CHEHI, ESQ.
     DAVID TURETSKY, ESQ.
One Rodney Square
Wilmington, DE  19801

**APPEARANCES (CONT'D):**

| | |
|---|---|
| Co-Counsel to Libby Claimants: | Cohn, Whitesell & Goldberg, LLP<br>By:  DANIEL C. COHN, ESQ.<br>101 Arch Street<br>Boston, MA  02110 |
| For Libby Claimants: | Landis Rath & Cobb, LLP<br>By:  RICHARD S. COBB, ESQ.<br>    KERRI KING MUMFORD, ESQ.<br>919 Market Street<br>Wilmington, DE  19801 |
| For Sealed Air: | NERA Economic Consulting<br>By:  STEPHANIE PLANCICH<br>1166 Avenue of the Americas<br>28th Floor<br>New York, NY  10036 |
| For W.R. Grace: | NERA<br>By:  ELENA ZAPRYANOVA<br>    LINDA SHEN |
| For Serengeti: | Vinson & Elkins, LLP<br>By:  ARI BERMAN, ESQ.<br>Trammell Crow Center<br>2001 Ross Avenue, Suite 3700<br>Dallas, TX  75201 |
| For Serengeti: | By:  BILLAL SIKANDER |
| For Silver Point Capital: | Silver Point Capital<br>By:  JOHN KU<br>    SERGEI FILIPOV, ESQ. |
| For the Debtors: | Pachulski, Stang, Ziehl &Jones<br>By:  JAMES O'NEILL, ESQ.<br>919 North Market Street<br>17th Floor<br>Wilmington, DE  19899-8705 |
| For the Unsecured Creditors' Committee: | Strook & Strook & Lavan<br>By:  LEWIS KRUGER, ESQ.<br>180 Maiden Lane<br>New York, NY 10038 |

**J&J COURT TRANSCRIBERS, INC.**

**APPEARANCES (CONT'D):**

| | |
|---|---|
| For Ad Hoc Committee: | Weil, Gotshal & Manges<br>By:  M. JARRAD WRIGHT, ESQ.<br>1300 Eye Street NW, Suite 900<br>Washington, D.C.  20005 |
| For Official Committee<br>of Equity Holders: | Kramer Levin Naftalis & Frankel<br> LLP<br>By:  DOUG MANNAL, ESQ.<br>919 Third Avenue<br>New York, NY  10022 |
| For Continental<br>Casualty Company: | Ford, Marrin, Esposito,<br>Witmeyer & Gleser, LLP<br>By:  ELIZABETH DeCRISTOFARO, ESQ.<br>Wall Street Plaza, 23rd Floor<br>New York, NY  10005-1875 |
| For Official Committee<br>of Asbestos Property<br>Damage Claimants: | Dies & Hile, LLP<br>By:  MARTIN DIES, ESQ.<br>1601 Rio Grande, Suite 330<br>Austin, TX  78701<br><br>ELIZABETH DEVINE, ESQ. |
| For Various Claimant<br>Firms: | Stutzman, Bromberg, Esserman & Plifka<br>By:  DAVID J. PARSONS, ESQ.<br>     VAN J. HOOKER, ESQ.<br>     SANDER L. ESSERMAN, ESQ.<br>2323 Bryan Street<br>Suite 2200<br>Dallas, TX  75201 |
| For Fireman's Fund: | Stevens & Lee, P.C.<br>By:  JOHN DEMMY, ESQ.<br>     DAVID R. BEANE, ESQ.<br>1105 North Market Street, 7th Fl.<br>Wilmington, DE  19801 |
| For Owens-Illinois: | McCarter & English<br>By:  DANIEL SILVER, ESQ.<br>Renaissance Centre, 405 N. King St.<br>Wilmington, DE  19801 |

**J&J COURT TRANSCRIBERS, INC.**

**APPEARANCES (CONT'D):**

| | |
|---|---|
| For Asbestos Property<br>Damage Claimants: | Scott Law Group<br>By:  DARRELL SCOTT, ESQ.<br>1001 East Main Street, Suite 500<br>Sevierville, TN  37864 |
| For National Union Fire<br>Insurance Co.: | Zeichner Ellman & Krause, LLP<br>By:  MATTHEW RUSSELL, ESQ.<br>     ROBERT GUTTMANN, ESQ.<br>     MICHAEL DAVIS, ESQ.<br>575 Lexington Avenue<br>New York, NY  10022 |
| For the Future<br>Claimants<br>Representatives: | Orrick, Herrington & Sutcliffe,<br>  LLP<br>By:  DEBRA FELDER, ESQ.<br>     JOSHUA CUTLER, ESQ.<br>Washington Harbour<br>3050 K Street, N.W.<br>Washington, D.C.  20007 For |
| For Federal Insurance<br>Company: | Cozen O'Connor<br>By:  JEFFREY WAXMAN, ESQ.<br>Chase Manhattan Centre<br>1201 North Market Street<br>Wilmington, DE  19801 |
| For Federal Insurance<br>Company: | Cozen O'Connor<br>By:  JACOB C. COHN, ESQ.<br>1900 Market Street<br>Philadelphia, PA  19103 |
| For Allstate Insurance: | Cuyler Burk, LLP<br>By:  ANDREW CRAIG, ESQ.<br>Parsippany Corporate Center<br>Four Century Drive<br>Parsippany, NJ  07054 |
| For W.R. Grace: | W.R. Grace<br>By: WILLIAM CORCORAN, ESQ.<br>7500 Grace Drive<br>Columbia, MD  21044 |

J&J COURT TRANSCRIBERS, INC.

**APPEARANCES (CONT'D):**

| | |
|---|---|
| For W.R. Grace: | Kirkland & Ellis, LLP<br>By:  ELLEN AHERN, ESQ.<br>200 East Randolph Drive<br>Chicago, IL  60601 |
| | Kirkland & Ellis, LLP<br>By:  DAVID MENDELSON, ESQ.<br>6555 Fifteenth Street, N.W.<br>Washington, DC  20005 |
| For State of Montana<br>Department of<br>Environmental Quality: | Womble Carlyle Sandridge & Rice<br>By:  FRANCIS MONACO, ESQ.<br>222 Delaware Avenue<br>Suite 1501<br>Wilmington, DE  19801 |
| For State of Montana: | Christensen, Moore, Cockrell<br>By:  DALE R. COCKRELL, ESQ. |
| For Official Committee<br>of Asbestos Personal<br>Injury Claimants: | Anderson Kill & Olick<br>By:  ROBERT M. HORKOVICH, ESQ.<br>1251 Avenue of the Americas<br>New York, NY  10020-1186 |
| For W.R. Grace: | Cohn Whitesell & Goldberg, LLP<br>By:  NATHAN SOUCY, ESQ.<br>101 Arch Street<br>Boston, MA  02110 |
| For CNA: | Goodwin Procter, LLP<br>By:  DANIEL GLOSBAND, ESQ.<br>     BRIAN MURKHERJEE, ESQ.<br>Exchange Place<br>Boston, MA  02109-2881 |
| For Grace Certain<br>Cancer Claimants: | Montgomery, McCracken, Walker &<br>Rhoads, LLP<br>By:  NATALIE D. RAMSEY, ESQ.<br>300 Delaware Avenue, Ste. 750<br>Wilmington, DE  19801 |
| For David T. Austern,<br>the Future Claimants'<br>Representative: | Phillips, Goldman & Spence, P.A.<br>By:  JOHN C. PHILLIPS, ESQ.<br>1200 North Broom Street<br>Wilmington, DE  19806 |
| | Tre Angeli, LLC<br>By:  JOSEPH RADECKI, ESQ. |

**J&J COURT TRANSCRIBERS, INC.**

**APPEARANCES (CONT'D):**

| | |
|---|---|
| For David T. Austern: | Piper Jaffray & Co.<br>By:  JONATHAN BROWNSTEIN, ESQ. |
| For W.R. Grace: | Pachulski, Stang, Ziehl & Jones, LLP<br>By:  TIMOTHY P. CAIRNS, ESQ.<br>919 North Market Street<br>17th Floor<br>Wilmington, DE  19899-8705 |
| For the Asbestos<br>Creditors' Committee: | Caplin & Drysdale, Chartered<br>By:  WALTER SLOCOMBE, ESQ.<br>     BERNARD BAILOR, ESQ.<br>     JEANNA RICKARDS, ESQ.<br>     JAMES WEHNER, ESQ.<br>     LESLIE KELLEHER, ESQ.<br>One Thomas Circle, NW<br>Washington, D.C.  20005 |
| For the Asbestos<br>Creditors' Committee: | Ferry Joseph & Pearce, P.A.<br>By:  THEODORE TACCONELLI, ESQ.<br>824 Market Street, Suite 19899<br>Wilmington, DE  19899 |
| For Ford, Marrin,<br>Esposito, Witmeyer<br>& Gleser: | Ford, Marrin, Esposito, Witmeyer &<br>  Gleser<br>By:  SHAYNE SPENCER, ESQ.<br>Wall Street Plaza<br>New York, NY  10005 |
| For Pepsi: | Butler Rubin Salfarelli & Boyd, LLP<br>By:  KIRK T. HARTLEY, ESQ.<br>70 West Madison Street<br>Suite 1800<br>Chicago, IL  60602 |
| For Official Committee<br>of Unsecured Creditors: | Duane Morris, LLP<br>By:  MICHAEL LASTOWSKI, ESQ.<br>1100 North Market Street, Suite 1200<br>Wilmington, DE  19801-1246 |
| For Official Committee<br>of Asbestos Property<br>Damage Claimants: | Brandi Law Firm<br>By: THOMAS BRANDI, ESQ.<br>     TERENCE D. EDWARDS, ESQ.<br>44 Montgomery St., Suite 1050<br>San Francisco, CA  94104 |

**J&J COURT TRANSCRIBERS, INC.**

9

**APPEARANCES (CONT'D):**

```
For the State of CA,      Hahn & Hessen, LLP
Dept. of Gen. Services:   By:  CHRISTINA J. KANG, ESQ.
                          488 Madison Avenue, 14th Fl.
                          New York, NY  10022

For Baron & Budd,         Hogan Firm Attorneys at Law
et al.:                   By:  DANIEL K. HOGAN, ESQ.
                          1311 Delaware Avenue
                          Wilmington, DE  19801

For the PD Committee:     Speights & Runyan
                          By:  DANIEL SPEIGHTS, ESQ.
                               ALAN RUNYAN, ESQ.
                               MARION FAIREY, ESQ.
                          200 Jackson Avenue, East
                          Hampton, SC  29924

For Royal Insurance:      Wilson Elser Moskowitz Edelman
                           & Dicker, LLP
                          By:  CATHERINE CHEN, ESQ.
                               150 East 42nd Street
                               New York, NY  10017

For David T. Austern:     Piper Jaffray & Co.
                          By:  JASON SOLGANICK

For Scott Company:        Vorys, Sater, Seymour & Pease, LLP
                          By:  TIFFANY COBB, ESQ.
                          52 East Gay Street
                          Columbus, OH  43216

For London Market         Mendes & Mount, LLP
Companies:                By:  ALEXANDER MUELLER, ESQ.
                          750 Seventh Avenue
                          New York, NY  10019-6829

For Official Committee    LECG
of Asbestos Property      By:  ALAN MADIAN, ESQ.
Claimants:
```

**J&J COURT TRANSCRIBERS, INC.**

**APPEARANCES (CONT'D):**

| | |
|---|---|
| For Official Committee of Asbestos Property Claimants: | Richardson Patrick Westbrook & Brickman, P.C.<br>By:  EDWARD J. WESTBROOK, ESQ.<br>174 East Bay Street<br>Charleston, SC  29401 |
| | Hamilton, Rabinovitz & Alshuler<br>By:  JOSHUA KATZ, ESQ.<br>        FRANCINE RABINOVITZ, ESQ. |
| | Conway Del Genio, Gries & Co, LLC<br>By:  GREGORY BOYER, ESQ.<br>Lieff, Cabraser, Heinmann & Bernstein<br>By:  ELIZABETH J. CABRASER, ESQ. |
| | Pryor Cashman LLP<br>By:  RICHARD LEVY, ESQ. |
| | Riker, Danzig, Scherer, Hyland & Perretti, LLP<br>By:  CURTIS PLAZA, ESQ.<br>One Speedwell Avenue<br>P.O. Box 1981<br>Morristown, NJ  07962 |
| For Avenue Capital Group: | CHELSEA CLINTON, ESQ. |
| For W.R. Grace: | WILLIAM SPARKS, ESQ. |
| For Ivory Investment: | Ivory Investment<br>By:  DHANANJAY PATWARDHAN |
| For Linden Advisors: | Linden Advisors, LP<br>By:  CRAIG GILBERT |
| For O'Conner: | O'Conner<br>By:  JOHN R. WOLLEN |
| For Credit Suisse First Boston: | Credit Suisse First Boston<br>By:  TIM McARDLE |

**J&J COURT TRANSCRIBERS, INC.**

**APPEARANCES (CONT'D):**

| | |
|---|---|
| For King Street<br>Capital Management,<br>LLC: | King Street Capital Management, LLC<br>By:  KIM CHRISTENSEN, ESQ. |
| For the Blackstone<br>Group: | The Blackstone Group<br>By:  JOHN O'CONNELL |
| For Dune Capital Mgmt: | Dune Capital Management<br>By:  GUY BARON |
| For Anchorage Advisors: | Anchorage Advisors<br>By:  JONATHAN LEWINSOHN |
| For Lehman Brothers: | Lehman Brothers<br>By:  ANDREW CHAN |
| For Caxton Associates: | Caxton Associates, LLC<br>By:  JAMES RIEGER |
| For Dow Jones<br>News Wires: | Dow Jones News Wires<br>By:  PEG BRICKLEY |
| For Citadel Investment<br>Group: | Citadel Investment Group<br>By:  ASHOK VASVANI |
| For Durham Asset<br>Management: | Durham Asset Management<br>By:  JEFFREY A. ROSENKRANZ |
| For Murray Capital<br>Management | Murray Capital Management, Inc.<br>By:  MARTI MURRAY |
| For Korn Capital, LLC: | Korn Capital, LLC<br>By:  STEPHANIE KWONG |
| For Levin Capital<br>Strategies: | JOHN P. MACKIN, ESQ. |
| For Morgan Stanley<br>Senior Funding, Inc.: | Katten, Muchin, Rosenman LLP<br>By:  NOAH HELLER, ESQ.<br>        MERRITT PARDINI, ESQ.<br>        JEFF FRIEDMAN, ESQ. |

**J&J COURT TRANSCRIBERS, INC.**

**APPEARANCES (CONT'D):**

For Irwin H. Zandman:    Irwin H. Zandman
    By:  IRWIN H. ZANDMAN

For Venor Capital:    MICHAEL SCOTT, ESQ.
    Washington, DC

For Asbestos Claimants:    Brayton Purcell, LLP
    By:  CHRISTINA SKUBIC, ESQ.
    222 Rush Landing Road
    Novato, CA  94948

For Halycon Asset
Management LLC:    Halcyon Asset Management, LLC
    By:  JOHN GREENE

For The Scotts Co.:    Vorys, Sater, Seymour and Pease,
      LLP
    By:  MATTHEW DAIKER, ESQ.
    52 East Gay Street
    P.O. Box 1008
    Columbus, OH  43216

For Private Investors:    WILLIAM M. WAGNER

For Bank of New York:    ANDREW HAIN, ESQ.

For WR Grace
Shareholder:    Tocqueville Asset Management
    By:  PETER SHAWN

For Everest Reinsurance  Crowell & Moring, LLP
Co. & McKinley Ins. Co.:  By:  MARK D. PLEVIN, ESQ.
        LESLIE A. EPLEY, ESQ.
        LESLIE DAVIS, ESQ.
    1001 Pennsylvania Avenue, NW
    Washington, DC  20004

For Everest Reinsurance  Marks, O'Neill, O'Brien &
Co. & McKinley Ins. Co.:  Courtney, P.C.
    By:  JOHN D. MATTEY, ESQ.
    BRIAN KASPRZAK, ESQ.
    913 North Market St., Suite 800
    Wilmington, DE  19801

**J&J COURT TRANSCRIBERS, INC.**

**APPEARANCES (CONT'D):**

| | |
|---|---|
| For ERISA: | Lowenstein Sandler PC<br>By:  IRA LEVEE, ESQ.<br>    MICHAEL ETKIN, ESQ. |
| For Equity Committee: | RICHARD WESCHLER, ESQ. |
| For Kaneb Pipe Line<br>Operating Partnership: | Fulbright & Jaworski<br>By: STEVE PEIRCE, ESQ. |
| For Laura Hammond: | Dune Capital Management<br>By:  LAURA HAMMOND |
| For Her Majesty the<br>Queen in Right of<br>Canada: | Office of the Attorney General<br>By:  JACQUELINE DAIS-VISCA, ESQ. |
| For Creditors'<br>Claimants: | Reaud Morgan & Quinn LLP<br>By:  CHRIS PORTNER, ESQ. |
| For Bank of America: | Richards, Layton & Finger, P.A.<br>By:  MARCOS A. RAMOS, ESQ.<br>One Rodney Square<br>920 N. King Street<br>P.O. Box 551<br>Wilmington, DE 19899 |
| For Travelers Ins. Co. | Simpson, Thacher & Bartlett, LLP<br>By:  ELISA ALCABES, ESQ.<br>425 Lexington Avenue<br>New York, NY  10017 |
| For BNSF: | Pepper Hamilton<br>By:  ANNE HARANSON, ESQ. |
| For PD/FCR: | ALAN RICH, ESQ. |
| For Loan Maker/<br>Long Acre: | Pepper Hamilton<br>By:  DENNIS VERY, ESQ. |
| For the U.S. Trustee: | JOSEPH FORNARI, ESQ. |

**J&J COURT TRANSCRIBERS, INC.**

**APPEARANCES (CONT'D):**

For Seaton Ins. Co.:        Drinker Biddle & Reath LLP
                            By:  MICHAEL F. BROWN, ESQ.
                            One Logan Square
                            18th & Cherry Streets
                            Philadelphia, PA  19103


For Oil Indemnity:          Wilson, Elser, Moskowitz, Edelman
                            & Dicker, LLP
                            By: CARL PERNICONE, ESQ.
                            New York, NY 10019

1   sure that it was 16 and a half.

2        MR. BERNICK:  Sure.  The question is now who takes

3   the risk of the difference.  We didn't pay Reaud, Morgan, and

4   Quinn.  Somebody else took on responsibility.  The bonding

5   company took on responsibility for paying Reaud, Morgan, and

6   Quinn's client.  At that point Reaud, Morgan, and Quinn may

7   have gotten off pretty well, gotten through pretty well,

8   because they got paid 100-cent dollars on their settled claim.

9   That doesn't make the debtor responsible for the fact that

10  Reaud, Morgan, and Quinn got paid that amount of money.

11       THE COURT:  So basically what you're saying is that

12  the nature of the stipulation doesn't extend to the nature of

13  the claim.  It simply --

14       MR. BERNICK:  That's correct.  I mean the stipulation

15  is what it is.  It's the same kind of stipulation that we

16  entered into with property damage claimants.  That we are going

17  to say they -- their claim will be allowed in a certain amount.

18  There's then this further step, well, does that claim get then

19  paid 100-cent dollars with respect to that allowed amount.

20  That second step of the negotiation took place in connection

21  with the property damage claimants as part of the settlement.

22  They said we want to get paid that under the plan.  So, in

23  fact, that negotiation took place, and it had this result.

24       That hasn't taken place with respect to Bank of

25  America.  All that happened with respect to Bank of America is

**J&J COURT TRANSCRIBERS, INC.**

1  that there was an agreement that would be the allowed amount.

2  There was not the second stage of the discussion, which is how

3  much of that allowed amount actually gets paid.  That hasn't

4  taken place.  So I think that this again is a confirmation

5  issue.  It's not a voting issue, and it's a little bit more

6  complex and perhaps somewhat factually oriented than we can

7  resolve here today.  And I think that that's where the current

8  state of play is.  Right now there's no record before the Court

9  even --

10          THE COURT:  Yes, I think --

11          MR. BERNICK:  -- about all the circumstances

12  surrounding that stipulation.

13          THE COURT:  I think what's going to have to do with

14  -- be done with respect to these various voting issues is that

15  these ballots are simply going to have to be counted two ways.

16  That is the way that the debtor wants them counted and the way

17  that the objecting parties want them counted.  And then we'll

18  see what happens, because at the moment I'm not sure I can

19  decide any of these legal issues that are encompassed within

20  this litigation issues, because it appears that there are some

21  potential legal issues.  And I agree with you all, they are

22  really plan confirmation issues, and I can't, based on this

23  non-evidentiary record, decide the underlying legal issues.  I

24  don't have the facts to be able to understand how the law

25  applies to them.  I don't think the law is that complicated,

J&J COURT TRANSCRIBERS, INC.

1  but the facts certainly are.  So I think that's the issue.

2          From what I'm hearing from the debtors, to the extent

3  that the underlying liability on which the claim evolves is, in

4  fact, a tort liability, it's probability correctly classified,

5  but I don't have a clue as to what the original financial

6  transaction between the debtor and your client was and how that

7  plays out in a 524(g) context.  It's going to take a brief.

8          MR. RAMOS:  Your Honor, we'll be guided by those

9  statements.  Obviously, I want to put on the record I disagree

10 with the description of counsel of the negotiations regarding

11 the settlement stipulation and what was not -- what was and

12 what was not done.  I'm sure his statements will come as a

13 great surprise to my client.  We'll reserve all of our other

14 rights, and we'll pursue discussions with the plan proponents

15 and get back to Your Honor with regards to the legal issues.

16         THE COURT:  All right.  I think that would be

17 helpful.  So I think we'll just reserve this to a plan issue,

18 and what I'm going to order the debtor to do is simply as to

19 anybody who's objecting to classification reserve this to a

20 plan issue, simply put the votes -- and send the ballots out

21 the way the debtor plans to send them out, but then have the

22 ballot agent count them two ways and have the debtor do the

23 solicitation -- I'm sorry -- the ballot summary two ways, the

24 way the debtor wants it done and then the way the objecting

25 party wants it done.  We'll see whether -- it may not even make

1  a difference in the long run, so there's no sense worrying

2  about it.  If it ends up not making a difference, then there's

3  no sense making a difference with respect to this Bank of

4  America issue.

5       With respect to the Zonolite issue, the Libby

6  claimants issue, that too I think is going to end up being a

7  legal issue that I agree, Mr. Lockwood, I don't have the

8  underlying facts at this point to know whether the form of

9  asbestos is or isn't different, whether the type of disease is

10 or isn't different.  Those types of things, to know whether or

11 not they're a separate classification, even possible, I can't

12 make on the basis of this record.

13      What I can say on the basis of this record is that

14 the debtor has the absolute right for purposes of

15 classification to put similarly class -- similarly situated

16 claims into the same class, and if the debtor has chosen to do

17 that, that is an appropriate classification.  From what I am

18 hearing, it sounds as though these are similarly situated

19 claims.  Are they identical?  Probably not.  I don't know that

20 any two claims are ever identical, particularly when they're

21 personal injury claims.

22      I think the Supreme Court, as you pointed out

23 earlier, in the non-bankruptcy context went even so far as to

24 say that in class action litigation.  That in which the --

25 probably the reason we have asbestos bankruptcies is, because

**J&J COURT TRANSCRIBERS, INC.**

154

1  the Supreme Court said that in non-bankruptcy asbestos-related

2  class litigation.  So I don't think that comes as any surprise

3  to anyone, but these do seem to be similarly situated, but I'm

4  not going to make findings about that.  If it's a

5  classification issue for plan confirmation purposes, I'll deal

6  with it then.  So I want the ballots counted both ways and a

7  ballot summary prepared both ways, and that will be true for

8  anybody who's raising classification issues, because it's just

9  not something I can deal with now.  Mr. Monaco.

10         MR. MONACO:  Thank you, Your Honor.  Again for the

11  record, Frank Monaco for the State of Montana.  I just want

12  more of a point of clarification from the debtor's counsel.  I

13  thought Mr. Freedman said at the beginning of his presentation

14  and has indicated at Page 24 of their chart that's attached to

15  their reply to the disclosure statement objections that they

16  were going to work on language that would reflect Montana's

17  concerns with respect to classification.  And if that's the

18  case, there's no sense having to say anything more.  We can

19  discuss it, and if we can't resolve it, I guess we'll come back

20  on the 14th.  And I just wanted to see if that is correct.

21         MR. FREEDMAN:  Yes, Your Honor, we did indicate that

22  we will talk with the State of Montana about appropriate

23  disclosure on that issue.

24         THE COURT:  Okay.  That's all, because Mr. Bernick's

25  presentation seemed to indicate that we were going to argue

**J&J COURT TRANSCRIBERS, INC.**

155

1  this, and if we're going to -- they're going to consider

2  language and be heard at the 14th, then we don't have to get

3  into it now.

4            THE COURT:  Okay.

5            MR. MONACO:  Your Honor, one other thing to sort of

6  move the --

7            MR. BERNICK:  Just to be clear, that is true with

8  respect to the disclosure statement language.  That's true with

9  respect to the disclosure statement language.  We're not going

10 to be talking about on the 14th the classification for ultimate

11 plan purposes.  That is, as Your Honor has indicated, to get

12 the vote, we'll just go get the vote, and then they'll be

13 counted two ways.  I don't know what -- if you're speaking to

14 that issue, or if you're speaking, Mr. Monaco, to the question

15 of the disclosure statement.

16            THE COURT:  No, I -- let me make -- in the event that

17 I confused the record, let me try to clarify it.  Mr. Freedman

18 is going to talk to you, Mr. Monaco, about working out language

19 in the disclosure statement about the classification issue.

20 Correct, Mr. Freedman?

21            MR. FREEDMAN:  Yes.

22            THE COURT:  Okay.  What I was attempting to do was

23 say that what I want for purposes of the ballots is to have the

24 votes counted the way the debtor is proposing to classify the

25 claims, however that works out in the ultimate disclosure

**J&J COURT TRANSCRIBERS, INC.**

1   statement and ballots.  And then I also want them, to the

2   extent there is still an objection, that on November 14th, to

3   the classification, I also want the ballot summaries recounted,

4   so it's done twice, for any objecting party, so I will have two

5   forms of ballot summaries, the debtors' way and the objecting

6   parties' way.  That way I'll see whether it even makes a

7   difference.  It may not make a difference.

8           MR. MONACO:  That's fine.  I just want the record to

9   be clear.  We -- to the extent that we have suffered a loss in

10  our contribution indemnification claims prior to confirmation,

11  it's our position that it's a Class 9 general unsecured claim,

12  so we would expect to receive a ballot for a Class 9 claim.

13          MR. FREEDMAN:  We have not in any way agreed to that.

14  We will submit them a ballot and count it two ways as the Court

15  has instructed, but we have not in any way agreed to anything

16  that suggests that they submitted a loss under the contribution

17  indemnification claim.  It should be classified as anything

18  other than asbestos, period.

19          MR. MONACO:  I'm not asking them to agree to that

20  today, Your Honor.  I'm just saying we -- if -- it's understood

21  our rights are reserved on that point.

22          THE COURT:  Everybody's rights are preserved, because

23  it's not something I think I can --

24          MR. MONACO:  Right.

25          THE COURT:  -- straighten out at the disclosure

**J&J COURT TRANSCRIBERS, INC.**

157

1  statement hearing.

2              MR. MONACO:  Okay.  And, Your Honor, just --

3              THE COURT:  But make sure you brief it, folks,

4  because --

5              MR. MONACO:  We will, Your Honor.

6              THE COURT:  Okay.

7              MR. BERNICK:  For confirmation.

8              THE COURT:  For confirmation, yes.

9              MR. MONACO:  Yes, we intend to do so, Your Honor.

10 One thing just to move the process along.  I note Mr. Bernick's

11 Category Number 5 on his chart.

12             THE COURT:  Yes.

13             MR. MONACO:  Well, the Crown's objection has been

14 moot, and Montana's not going to pursue the good faith issue,

15 so I think we could dispense with that and move on --

16             THE COURT:  All right.  Thank you.

17             MR. MONACO:  -- to the next one.

18             THE COURT:  Are we done with Number 4 before I mark

19 number 5, good faith, as moot?  Okay.  Number 4 we're done

20 with.  Let me make a note, so I know what I've said about

21 Number 4, please.

22                        (Pause)

23             THE COURT:  I know we said we were going to break at

24 four.  I'm not sure how close to the end you are.  Do you want

25 to push through and not take a lunch, so you get done or --

**J&J COURT TRANSCRIBERS, INC.**

238

1  require some discussion in my estimation.

2          The first one which was raised by the Creditors'

3  Committee at 115 in <u>Longacre</u> at 118 has to do with a

4  solicitation of Class 9, and as the Court now understands,

5  we've agreed to a provisional solicitation for that.  So we

6  will provide for those procedures, and the Court will see what

7  we've done on the 14th.

8          The second one, the U.S. Trustee in Section 116 has

9  said that the debtors ought to provide for procedures in the

10  solicitation context for creditors to come forward and get

11  provisional allowance of their claims under Rule 3018.  We will

12  so provide and work with the U.S. Trustee in terms of the

13  language.  But we'll provide for that kind of a procedure, so

14  that creditors know what they have to do in order to be

15  temporarily allowed for voting purposes.

16          The Court has already instructed us with respect to

17  the U.S. Trustee's objection Number 117 relating to the opt-in

18  provision, and that we understand will be deferred until the

19  14th, and we understand that Court's comments so far with

20  respect to that.

21          The next one was raised both by the Crown, which has

22  now withdrawn its objections, and by the State of Montana, and

23  that has to do with the provision in the solicitation

24  procedures that indirect claims which are not liquidated should

25  be valued at one dollar.  That is a common practice in these

**J&J COURT TRANSCRIBERS, INC.**

239

1  cases.  We're talking about contingent claims that actually

2  under the Bankruptcy Code at this stage would be disallowed

3  pursuant to Section 502(e) I believe.

4          In any event, we're providing for them to have the

5  right to vote.  I don't believe that when they think about it,

6  they will actually want to put a liquidated amount on to the

7  amount of their contingent future liability, so it seemed to us

8  that the one dollar procedure was more than appropriate.  And,

9  as I said, that seems to be the practice in all of the cases

10 that we've canvassed when we were constructing these

11 procedures.

12         So we'd urge the Court to approve that particular

13 provision and overrule the objections filed with respect to

14 that.  And maybe I could stop here and let Mr. Monaco, if he's

15 still in the courtroom, speak to that issue if he wants to.

16         THE COURT:  Mr. Monaco.

17         MR. MONACO:  For the record, Frank Monaco for the

18 State of Montana.  Your Honor, our point was more of a

19 disclosure statement objection as opposed to the solicitation.

20 I think our point is that explanation should be put in the

21 disclosure statement.  The debtor has a statement at Pages 24

22 and 25 of its omnibus response.  I think if they will put --

23 agree to put that explanation in an appropriate place in the

24 disclosure statement, we're done.  We're not the only ones with

25 a CI claim that's been valued at one dollar, and so there's

**J&J COURT TRANSCRIBERS, INC.**

240

1  probably other parties in interest who would be interested in

2  how they arrived at that.

3          THE COURT:  Oh, okay.

4          MR. FREEDMAN:  Your Honor, that's fine.  We will put

5  appropriate disclosure of that kind into the disclosure

6  statement.  And then, lastly, we have the now withdrawn issues

7  with -- that the Crown raised about having the Canadian

8  representative vote their claim.  That's 119.  That's no longer

9  on the table.  So, Your Honor, I believe, unless one of my

10 colleagues tells me that I've missed something, that we have

11 completely covered all of the objections that were filed to the

12 disclosure statement and the solicitation motion and got the

13 Court's thoughts and rulings and everything that we needed.

14         THE COURT:  Okay, so the solicitation package you

15 still can't get done though until the 14th because of this

16 issue with the U.S. Trustee that's deferred until then?

17         MR. FREEDMAN:  Your Honor, that's correct.

18         THE COURT:  Correct.  Okay.

19         MR. FREEDMAN:  Plus we have to construct the

20 provisional vote --

21         THE COURT:  Yes, for the Class 9.

22         MR. FREEDMAN:  -- for Class 9, and we're also going

23 to want to perhaps put in a disclosure that may even go into

24 the solicitation on the USG procedures.  It's not clear how

25 that's going to fit in.

                    J&J COURT TRANSCRIBERS, INC.

1           THE COURT:  Okay.  Mr. Pasquale.

2           MR. PASQUALE:  Thank you, Your Honor.  Just a point

3   of process.  I mean we understand -- at least my understanding

4   is we're going to see at some point between now and the 14th an

5   amended disclosure statement.  There are -- I mean none of our

6   issues are resolved, as I stand here today, although I'm very

7   happy with the progress we've been making.  I'm not sure what

8   happens next.  Does the Court expect a supplemental objection

9   to the extent language is not agreeable?  We're going to have

10  to have a process to address any remaining issues.  I hope

11  there are none.

12          THE COURT:  I think I do need just -- I don't think a

13  supplemental.  I actually think I need a new round of

14  objection, if there are any, to the new disclosure statement,

15  because I think the ones that have been addressed today are

16  basically hopefully going to be moot, and we should just scrap

17  what's here and start over with a new document, I think.

18          MR. PASQUALE:  So we'll just need to talk about the

19  schedule for that, Your Honor.

20          THE COURT:  I think.

21          MR. BERNICK:  Yes, Judge, and I -- I'm not the master

22  of this by any stretch of the imagination, but I think that the

23  key thing we're down to a series of provisions, and I think

24  that what we need to do is to think through a process that

25  maximizes the amount of time that we have among the various

**J&J COURT TRANSCRIBERS, INC.**