# EXHIBIT A

**to First and Final Fee Application of
Canadian ZAI Claimants**

**Exhibit D**

**<u>Canadian Minutes of Settlement</u>**

Court File No. 01-CL-4081

**ONTARIO**

**SUPERIOR COURT OF JUSTICE**

**COMMERCIAL LIST**

IN THE MATTER OF S. 18.6 OF THE *COMPANIES'*
*CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-
36, AS AMENDED

**AND IN THE MATTER OF GRACE CANADA, INC.**

## CDN ZAI MINUTES OF SETTLEMENT

**OVERVIEW**

1.  The Parties to these Minutes of Settlement ("**Minutes**") agree to be bound by the
    following terms.

2.  Capitalized terms used herein and not otherwise defined have the meaning
    ascribed to them in Appendix A.

**BACKGROUND AND PURPOSE**

3.  Certain of the Grace Parties have been named as defendants in the actions
    listed in Appendix B (the "**Actions**") in which the plaintiffs therein seek damages
    for, *inter alia*, CDN ZAI Claims.

4.  Pursuant to an Order of the CCAA Court dated November 15, 2005, the Modified
    Preliminary Injunction of the U.S. Court was recognized in Canada and the
    Actions were stayed.

5.    Pursuant to an Order of the CCAA Court made on February 8, 2006, Lauzon
      Belanger S.E.N.C.R.L. and Scarfone Hawkins LLP were appointed as CCAA
      Representative Counsel to represent the interests of, *inter alia,* CDN ZAI
      Claimants in Canada and, as such, have the authority to enter into the Minutes
      on behalf of CDN ZAI Claimants.

6.    The purpose of the Minutes is to achieve and conclude a full and final resolution
      of all CDN ZAI Claims against the Grace Parties.

**NO ADMISSION OF LIABILITY**

7.    Grace and Grace Canada in agreeing to the Minutes, do not admit liability of any
      kind in relation to CDN ZAI Claims.  The Parties acknowledge that Grace and
      Grace Canada are entering into these Minutes for settlement purposes only and
      that nothing in the Minutes constitutes an admission by the Grace Parties that
      they have any liability under Canadian or US law on account of the presence of
      or exposure to ZAI or that any person with ZAI in a home in Canada has any
      valid claim against the Grace Parties under Canadian or US law.  By entering
      into the Settlement, Grace and Grace Canada are not waiving any of their
      defences to liability.  The Parties further acknowledge that none of the Grace
      Parties who are not signatories hereto have waived any of their defences to
      liability.

8.    The CCAA Representative Counsel, on behalf of the CDN ZAI Claimants, agrees
      that it will not publicly disparage, impugn or malign the acts or omissions of any

of the other Parties or the Grace Parties who are not signatories hereto with respect to CDN ZAI Claims.

**TERMS OF SETTLEMENT WITH GRACE PARTIES**

9.   On the Effective Date (as that term shall be defined in the Plan), Grace shall contribute the amount of six million five hundred thousand Canadian dollars (CDN$6,500,000) less any amounts that have been paid by Grace pursuant to the Fee Order (the "**Grace Funds**") to the CDN ZAI PD Claims Fund.

10.  Grace shall provide in its Plan for the creation of a separate class of CDN ZAI PD Claims and for the establishment of the CDN ZAI PD Claims Fund, which shall administer and make payments in respect of CDN ZAI PD Claims in accordance with the terms of this Settlement.

11.  Grace shall provide in its Plan that any CDN ZAI PI Claimant shall be entitled to file his or her claim against the Asbestos Trust to be created for asbestos personal injury claims pursuant to the Plan, the Trust Agreement and the TDP and shall be entitled to payments as provided thereunder.  CDN ZAI PI Claimants shall be entitled to the same rights to recover legal fees and expenses as part of their claims against the Asbestos Trust established for payment of Asbestos PI Claims (as defined in the Plan) pursuant to the Plan as all other Asbestos PI Claimants.

12.  Pursuant to the Canadian Settlement Approval, CCAA Representative Counsel shall vote, on behalf of CDN ZAI Claimants, in favour of Grace's Plan incorporating this Settlement.

**CANADIAN SETTLEMENT APPROVAL**

13.     Upon execution of the Minutes, Grace shall as soon as reasonably practicable:

    (a)     advise the U.S. Court of this Settlement; and

    (b)     bring a motion in the CCAA Court for the Canadian Settlement Approval which shall,

        (i)     approve the Settlement;

        (ii)     authorize CCAA Representative Counsel to vote as proxy and power of attorney for CDN ZAI Claimants on the Plan;

        (iii)     order, on the Effective Date (as such term shall be defined in the Plan), (A) releases in favour of the Grace Parties from the CDN ZAI Claimants of all claims and causes of action of any kind whatsoever relating to CDN ZAI Claims including, without limitation, any claims or causes of actions asserted against the Grace Parties as a result of the CDN ZAI Claims advanced by CCAA Representative Counsel against the Crown as a result of which the Crown is or may become entitled to contribution or indemnity from the Grace Parties; (B) the discharge and extinguishment of all CDN ZAI Claims against the Grace Parties (collectively, the "**Releases**"); and (C) a stay of the Actions until the Actions are amended to remove the Grace Parties as named defendants as provided for herein;

(iv)   order that all CDN ZAI Claims, whether present or future, suffered directly or indirectly, from the manufacture, sale, or distribution of ZAI products in Canada, against the Crown are not released or in any way affected by the terms of this Settlement, except to the extent released in Section 13(b)(iii) above.  For greater certainty, nothing contained in these Minutes shall serve to discharge, extinguish or release CDN ZAI Claims asserted against the Crown and which claims seek to establish and apportion independent and/or several liability against the Crown; and

(v)   address other matters required in order to implement the Settlement.

14.   Provided that the Canadian Settlement Approval is obtained, Grace agrees that it will support, to the fullest extent permitted by law, a one time fee application by U.S. counsel to CCAA Representative Counsel to the U.S. Court for the approval and payment of its reasonable attorney's fees and expenses incurred up to the date of these Minutes in connection with the Chapter 11 cases provided that no request shall exceed the amount of US$350,000.  In the event that the U.S. Court grants an Order  (the "**Fee Order**") approving such application, any amounts paid by Grace to U.S. counsel to CCAA Representative Counsel shall be deducted from the amount payable pursuant to paragraph 20(a) herein.

15.   In the event that either the Canadian Settlement Approval or the U.S. Confirmation Order is not obtained, this Settlement will be considered to be null and void.

**CONDITIONS OF FUNDING**

*Grace Conditions to Funding*

16.    The Grace Parties' obligation to contribute the Grace Funds is subject to the following conditions (the "**Grace Funding Conditions**"):

    (a)    The Canadian Settlement Approval shall have been obtained;

    (b)    The U.S. Court shall have granted an Order approving the CDN ZAI PD Claims Notice Program on the terms set out herein, which shall, *inter alia,* provide for the CDN ZAI PD Claims Bar Date, which Order shall have been recognized by the CCAA Court;

    (c)    The Plan shall incorporate the terms of this Settlement and such other matters required to implement the Settlement and shall include, in particular, the discharge and extinguishment of all CDN ZAI Claims against the Grace Parties;

    (d)    CCAA Representative Counsel shall have voted in favour of the Plan; and

    (e)    all conditions of Plan implementation being satisfied, including the issuance of: (i) a Final Order (as such term shall be defined in the Plan) approving confirmation of the Plan (the "**U.S. Confirmation Order**"); and (ii) an Order of the CCAA Court (and the time for any appeal with respect to such Order shall have expired and no appeal shall be pending or outstanding) recognizing and implementing the U.S. Confirmation Order in Canada.

17.    Upon payment of the Grace Funds:

(a)    All CDN ZAI Claims against the Grace Parties shall be forever disallowed
       and expunged;

(b)    CCAA Representative Counsel shall cause the Actions to be amended
       such that no CDN ZAI Claims are asserted against the Grace Parties as
       named defendants; and

(c)    CDN ZAI Claimants shall no longer have recourse in respect of CDN ZAI
       PD Claims against the Grace Parties, but shall have recourse only to the
       CDN ZAI PD Claims Fund.  Thereafter none of the Grace Parties shall
       have any liability for the CDN ZAI Claims whatsoever, and, for greater
       certainty, no CDN ZAI Claimant shall have any further recourse against
       any of the Grace Parties.

18.    In the event that (a) the U.S. Confirmation Order is not granted prior October 31,
       2009; or (b) the Plan, as confirmed, does not reflect the terms of this Settlement,
       then this Settlement shall be considered null and void.

**PRESERVATION OF CDN ZAI CLAIMS AGAINST THE CROWN**

19.    All CDN ZAI Claims, whether present or future, suffered directly or indirectly,
       from the manufacture, sale, or distribution of ZAI products in Canada, against the
       Crown are not released or in any way affected by the terms of this Settlement,
       except to the extent released in Section 13(b)(iii) above.  For greater certainty,
       nothing contained in these Minutes shall serve to discharge, extinguish or

release CDN ZAI Claims asserted against the Crown and which claims seek to establish and apportion independent and/or several liability against the Crown.

## USE OF FUNDS IN THE CDN ZAI PD CLAIMS FUND

20.    The CDN ZAI PD Claims Fund shall be used for the following purposes and the funds shall be distributed as follows:

(a)    On the Effective Date, two million Canadian dollars (CDN$2,000,000) less any amounts paid by Grace pursuant to a Fee Order, shall be paid to CCAA Representative Counsel in respect of legal fees and disbursements;

(b)    On the Effective Date, two hundred fifty thousand Canadian dollars (CDN$250,000) shall be set aside by the Fund to pay CCAA Representative Counsel in respect of future legal fees and disbursements incurred for the purposes of carrying out their duties in respect of the CDN ZAI PD Claims Notice Program and the CDN ZAI PD Claims Procedure, which legal fees and disbursements shall be paid upon application to and approval by the CCAA Court;

(c)    The Fund shall be authorized to pay a Claims Administrator up to eight hundred fifty thousand Canadian dollars (CDN$850,000) for fees and disbursements incurred for the purposes of administering the CDN ZAI PD Claims Procedure and the Fund;

(d)    The Fund shall be authorized to pay up to one hundred fifty thousand Canadian dollars (CDN$150,000) to a qualified expert to be jointly

selected by CCAA Representative Counsel and the Claims Administrator to provide expert and consulting services to assist in establishing procedures for the identification of ZAI, remedial measures that might be undertaken by a CDN ZAI PD Claimant and the development of the CDN ZAI PD Claims Procedure (the "**Qualified Expert**"); and

(e)     The remainder of the monies in the Fund plus interest earned therein and any monies not used for the purposes outlined in sections (b)-(d) above, shall be available to be distributed to the holders of Allowed CDN ZAI PD Claims in full and complete satisfaction and payment of their CDN ZAI PD Claims.

**CDN ZAI PD CLAIMS NOTICE AND BAR DATE PROGRAM**

21.     As an integral part of this Settlement, CCAA Representative Counsel shall agree to the broad-based media CDN ZAI PD Claims Notice Program, with certain further modifications to be made as agreed to by the Parties to outline the terms of this Settlement.  Grace shall bear the costs of the CDN ZAI PD Claims Notice Program.

22.     Under the CDN ZAI PD Claims Notice Program, all CDN ZAI PD Claimants seeking to preserve or pursue CDN ZAI PD Claims will be required to file a proof of claim on or before a CDN ZAI PD Claims Bar Date.

23.     Only those CDN ZAI PD Claimants who file a proof of claim by the CDN ZAI PD Claims Bar Date (the "**Timely CDN ZAI PD Claims**") shall be entitled to seek

compensation from the Fund, which entitlement shall be determined in accordance with the CDN ZAI PD Claims Procedure.

24. Any CDN ZAI PD Claim that is not a Timely CDN ZAI PD Claim shall be forever barred and expunged.

25. The Parties agree that the order of the U.S. Court approving the CDN ZAI PD Claims Notice Program will provide for a CDN ZAI PD Bar Date that is not earlier than 180 days following substantial completion of the CDN ZAI PD Claims Notice Program.

26. The Parties shall cooperate in their efforts to finalize the form and content of the CDN ZAI PD Claims Notice Program, in accordance with the terms of the Settlement, to allow Grace to submit a motion for the approval of the Notice Program to the U.S. Court within 30 days of the execution of these Minutes by all Parties. CCAA Representative Counsel shall support this motion as well as any motion before the CCAA Court to recognize and implement the CDN ZAI PD Claims Notice Program in Canada.

27. CCAA Representative Counsel shall be entitled to seek the Information Orders in accordance with the *Privacy Act* and if such Orders are granted and the Crown provides the Information, Grace shall use the Information to provide actual and direct notice to the extent possible as a result of the disclosure of the Information as well as any other Canadian homes known or believed to contain ZAI in the possession of CCAA Representative Counsel.

28.    Grace shall not oppose any motions for the Information Orders or related relief
       sought by CCAA Representative Counsel against the Crown.

**CDN ZAI PD CLAIMS PROCEDURE**

29.    CCAA Representative Counsel and the Claims Administrator shall develop and
       implement the CDN ZAI PD Claims Procedure.   The CDN ZAI PD Claims
       Procedure shall include the following:

       (a)    CDN ZAI PD Claims shall be submitted initially through the proof of claim
              form that is part of the CDN ZAI PD Claims Notice Program.  The Fund
              may then require CDN ZAI PD Claimants with Timely CDN ZAI PD Claims
              to submit a further questionnaire, a sample of the insulation that forms the
              basis of the claim or other necessary information in order to determine
              whether such claim should be allowed and paid by the Fund.

       (b)    In order to qualify as an Allowed CDN ZAI PD Claim, a CDN ZAI PD
              Claimant must prove on a summary basis that:

              (i)    the dwelling unit for which the CDN ZAI PD Claimant is making a
                     Claim was or is insulated with ZAI;

              (ii)   the CDN ZAI PD Claimant undertook measures and incurred or
                     assumed costs to identify and prove the existence of ZAI, and to
                     remediate the dwelling unit to avoid possible adverse effects to
                     occupants and others of exposure to ZAI;

(iii)    the CDN ZAI PD Claimant incurred or assumed the costs of identifying ZAI and/or the costs of other measures undertaken to remediate the dwelling unit to avoid possible adverse effects of exposure to ZAI; and

(iv)    any other criteria as agreed upon by the CCAA Representative Counsel and the Claims Administrator, with the benefit of advice and consultation from the Qualified Expert as necessary, have been met.

(c)    Each CDN ZAI PD Claim shall be categorized, administered, quantified and paid, if applicable, through the CDN ZAI PD Claims Procedure as follows:

(i)    Category I – NO ZAI AND/OR NO REMEDIAL MEASURES -- NO COMPENSATION – the CDN ZAI PD Claimant fails to prove the existence of ZAI and/or fails to prove that costs were incurred or assumed to identify and/or fails to prove that costs were incurred or assumed to remediate the dwelling unit to avoid possible adverse effects to occupants and others of exposure to ZAI.  All Category I claims will be disallowed by the Claims Administrator. Category I claims shall be disallowed in full;

(ii)    Category II – ZAI IDENTIFICATION AND MINOR REMEDIAL MEASURES – 50% OF THE COSTS OF REMEDIAL MEASURES UP TO CDN $300.00 – the CDN ZAI PD Claimant proves the

Error! Unknown document property name.

existence of ZAI, proves that costs were incurred or assumed to
identify and prove the existence of ZAI, and proves that costs were
incurred or assumed for minor remedial measures undertaken to
the dwelling unit to avoid possible risks of exposure to ZAI to
occupants and others;

(iii)    Category III -- ZAI IDENTIFICATION AND MAJOR REMEDIAL
MEASURES – 50% OF THE COSTS OF REMEDIAL MEASURES
UP TO CDN$600.00 – the CDN ZAI PD Claimant proves the
existence of ZAI, proves that costs were incurred or assumed to
identify and prove the existence of ZAI, and proves that costs were
incurred or assumed for major remedial measures undertaken to
remediate the dwelling unit to avoid possible adverse effects of
exposure to ZAI to occupants and others;

(d)    The CCAA Representative Counsel and the Claims Administrator shall act
reasonably, in consultation with the Qualified Expert as necessary, to
establish and agree upon such other criteria to determine what is
necessary to satisfy and establish an Allowed CDN ZAI PD Claim,
including, but not limited to establishing specific criteria to determine what
constitutes minor or major remedial measures.

30.   Payments on Allowed CDN ZAI PD Claims shall be as provided for in paragraph 29 above. However:

(a)   in the event the Fund does not have enough monies to pay the maximum amount recoverable for Allowed CDN ZAI PD Claims, each CDN ZAI PD Claim shall be paid based upon a pro-rated distribution of each claim in relation to all Allowed CDN ZAI PD Claims made against the CDN ZAI PD Claims Fund. For greater certainty, aside from the Grace Funds, under no circumstances shall the Grace Parties have an obligation to contribute further monies to the Fund; and

(b)   if the Fund is not exhausted after the administration of the CDN ZAI PD Claims Procedure is complete, such funds shall be used:

(i)   first, to make a further allowance to holders of Allowed CDN ZAI PD Claims on a pro rata basis up to the maximum amount of the Allowed ZAI PD Claim; and

(ii)   thereafter, if the Fund has not been exhausted as a result of the further allowance in 29(b)(i), for such charitable or education purposes as the Claims Administrator, in consultation with CCAA Representative Counsel, deems appropriate.

31.   Each of the Parties acknowledges and agrees that this Settlement is subject only to the conditions outlined herein and is not subject to or conditional upon a settlement of any claims related to ZAI outside of Canada being reached by the Grace Parties nor shall the terms of it be affected by any such settlement.

**W. R. GRACE & CO. on its own behalf and on behalf of the other debtors in possession in the Chapter 11 cases**

Per: _Mark A. Shelnitz_

Name:  Mark A. Shelnitz

Title:  VP, Gen. Counsel & Secretary

Per: _____

Name:

Title:


**GRACE CANADA, INC.**

Per: _W B McGowan_

Name: W. Brian McGowan

Title:  President

Per: _____

Name:

Title:


**SCARFONE HAWKINS LLP on its own behalf and, in its capacity as representative counsel, on behalf all holders of CDN ZAI Claims**

Per: _____

Name:

Title:

Per: _____

Name:

Title:

**W. R. GRACE & CO. on its own behalf
and on behalf of the other debtors in
possession in the Chapter 11 cases**

Per: _____

       Name:

       Title:

Per: _____

       Name:

       Title:

**GRACE CANADA, INC.**

Per: _____

       Name:

       Title:

Per: _____

       Name:

       Title:

**SCARFONE HAWKINS LLP on its own
behalf and, in its capacity as
representative counsel, on behalf all
holders of CDN ZAI Claims**

Per: _____

       Name: *Matthew G. Moloci*   *September 1, 2008*

       Title: *Partner*

Per: _____

       Name:

       Title:

**LAUZON BELANGER S.E.N.C.R.L. on its own behalf and, in its capacity as representative counsel, on behalf all holders of CDN ZAI Claims**

Per: _____

Name: CAREEN HANNOUCHE

Title: LAWYER            AUGUST 31, 2008

Per: _____

Name:

Title:

# APPENDIX A

# DEFINED TERMS

"**Actions**" has the meaning ascribed to it in paragraph 3;

"**Allowed CDN ZAI PD Claims**" means a Timely CDN ZAI PD Claims allowed by the Claims Administrator pursuant to the CDN ZAI PD Claims Procedure;

"**Canadian Settlement Approval**" means the Order of the CCAA Court as described in paragraph 13(b) and all appeal periods of such Order shall have expired and no appeal shall be pending or outstanding;

"**CCAA Court**" means the Ontario Superior Court of Justice;

"**CCAA Representative Counsel**" means Lauzon Belanger S.E.N.C.R.L. and Scarfone Hawkins LLP in their capacity as representative counsel to the Canadian ZAI Claimants pursuant to an Order of the CCAA Court made on February 8, 2006;

"**CCAA Representative Counsel's Claims**" means the Chapter 11 claims of the CCAA Representative Counsel, identified as claims nos. 17754, 17753 and 17764 filed on April 7, 2006 against the Chapter 11 estates of Grace;

"**CDN ZAI Claimants**" means CDN ZAI PD Claimants and CDN ZAI PI Claimants.

"**CDN ZAI Claims**" means Canadian ZAI PI Claims and Canadian ZAI PD Claims.

"**CDN ZAI PD Claimants**" means a holder of a CDN ZAI PD Claim;

"**CDN ZAI PD Claims**" means claims arising out of or in any way connected to property damages arising, directly or indirectly, from the manufacture, sale or distribution of ZAI in Canada as more particularly defined in the Plan and includes, without limitation all past, present and future claims against the Grace Parties described in or arising from the Actions, including any ZAI PD Claims asserted or to be asserted by the Crown;

"**CDN ZAI PD Claims Bar Date**" means the date set out in the CDN ZAI PD Claims Notice Program by which CDN ZAI PD Claims must be filed in order to qualify as Timely CDN PD Claims or else be forever barred and extinguished;

"**CDN ZAI PD Claims Fund**" or the "**Fund**" means the fund to be established for the administration, adjudication and distribution of funds with respect to CDN ZAI PD Claims;

"**CDN ZAI PD Claims Notice Program**" means the broad-based media program for CDN ZAI PD Claims currently contained within the Bar Date and Notice program Grace filed with the Bankruptcy Court on March 18, 2008 [Docket No. 18328] as amended on April 10, 2008 [Docket No. 18495] and May 23, 2008 [Docket No. 18784];

"**CDN ZAI PD Claims Procedure**" means procedures established by the Claims Administrator and the CCAA Representative Counsel for the Fund to review, administer, adjudicate and pay Allowed CDN ZAI PD Claims as appropriate;

"**CDN ZAI PI Claimants**" means holders of CDN ZAI PI Claims;

"**CDN ZAI PI Claims**" means claims arising out of or in any way connected to personal injuries arising, directly or indirectly, from the manufacture, sale or distribution of ZAI in Canada and as more particularly defined in the Plan and includes, without limitation, all past, present and future claims against the Grace Parties described in or arising from the Actions set out in Appendix B;

"**Claimant**" means a holder of a CDN ZAI PD Claim or a CDN ZAI PI Claim as the case may be;

"**Claims Administrator**" means a person appointed by CCAA Representative Counsel and approved by the U.S. Court to administer the Fund in accordance with this Settlement and any subsequent Fund administration agreement or other related document;

"**Crown**" means the Attorney General of Canada (Her Majesty the Queen in Right of Canada);

"**Crown's ZAI PD Claims**" means the Chapter 11 claims of the Crown, identified as claim nos. 17613 and 17656 filed by the Crown against the Chapter 11 estates of Grace on January 30 and 31, 2006;

"**Fee Order**" shall have the meaning ascribed to it in paragraph 14;

"**Grace Canada**" means Grace Canada, Inc.

"**Grace Funding Conditions**" has the meaning ascribed to it in paragraph 16;

"**Grace Funds**" has the meaning ascribed to it in paragraph 9;

"**Grace Parties**" means Grace, Sealed Air (Canada) Co./CIE, Sealed Air Corporation, Cryovac, Inc. and Grace Canada and each of their parent corporations, subsidiary corporations, joint ventures, affiliates, sister corporations, and any and all of their past, present, and future agents, servants, officers, directors, employees, predecessors, successors, assigns, heirs, executors, administrators, legal representatives, beneficiaries and insurers;

"**Grace**" means W. R. Grace & Co. and its 61 U.S. subsidiaries filed under the Chapter 11 cases;

"**Information Orders**" means one or more orders of the CCAA Court, the U.S. Court or another court of competent jurisdiction enabling or directing the Crown to disclose the Information;

"**Information**" means:

(a)     the addresses from the EnerGuide Program or EnerGuide for Houses Retrofit Incentive Program database whose dwellings are listed as containing vermiculite attic insulation;

(b)     the addresses of the fourteen (14) parties who have been identified as participants in the Canadian Home Insulation Program that indicated that ZAI was installed in their dwelling; and

(c)     the names and addresses of Band Officials which are used as points of contact for providing notice of Canada's First Nations peoples; and

(d)     other relevant information about the location of ZAI in homes in Canada.

"**Modified Preliminary Injunction**" means the Order granted to Grace on January 22, 2002, that provided injunctive relief to affiliated entities;

"**Parties**" means CCAA Representative Counsel, Grace and Grace Canada;

"**Plan**" means Grace's plan of reorganization under Chapter 11 of the Bankruptcy Code to be prepared and filed in Grace's Chapter 11 cases;

"**Qualified Expert**" has the meaning ascribed to it in paragraph 20(d);

"**Releases**" has the meaning ascribed to it in paragraph 13(b)(iii)

"**Settlement**" means the terms of settlement set out in the Minutes;

"**Timely CDN ZAI PD Claims**" has the meaning ascribed to it in paragraph 23;

"**U.S. Confirmation Order**" has the meaning ascribed to in paragraph 16(e);

"**U.S. Court**" means the United States Bankruptcy Court for the District of Delaware;

"**ZAI**" means Zonolite Attic Insulation, which is loose-fill, non-roll vermiculite home attic insulation, which may contain naturally occurring asbestos manufactured and sold by the Grace Parties and installed in homes and buildings that are located in Canada.

# APPENDIX B

## LIST OF ACTIONS IN CANADA

1.  Association des Consommateurs pour la Qualité dans la Construction,

    Viviane BROSSEAU & Léontine ROBERGE-TURGEON v. Attorney General of Canada; Superior Court of Québec; court no. 500-06-000286-050

2.  NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.; Federal Court of Canada; court no. T-1503-05

3.  THUNDERSKY, Raven and BRUCE, Rebecca v. the Attorney General of Canada, W.R. Grace & Co. et al.; Manitoba Queen's Bench; court no. CI04-01-39818

4.  Association des Consommateurs pour la Qualité dans la Construction etJean-Charles DEXTRAS v. Grace Canada Inc. and Attorney General of Canada; Superior Court of Québec; court no. 500-06-000258-042

5.  NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.; Superior Court of Québec; court no. 550-06-000020-058

6.  NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co. et al.;Saskatchewan Queen's Bench; court no. 696-2005

7.  NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co et al.; Alberta Queen's Bench; court no. 0501-07100

8.  NORDICK, Merv et al v. Attorney General of Canada, W.R. Grace & Co et al.; B.C. Queen's Bench; court no. L-052352

9.  SPENCER, Ernest et al. v. Attorney General of Canada, W.R. Grace & Co et al.; Ontario Superior Court of Justice; court no. 5-CV-32367

10. SPENCER, Ernest et al. v. Attorney General of Canada, W.R. Grace & Co et al.; Manitoba Queen's Bench; court no. C1-05-01-44628

11. Her Majesty in Right of the Province of Manitoba v. Attorney General of Canada, W.R. Grace & Co et al.; Manitoba Queen's Bench; court no. C1-05-01-41069