IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 01-01139 (JKF) |
| W.R. Grace & Co., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## ANDERSON MEMORIAL HOSPITAL'S STATUS REPORT
## RE CLASS PROOFS OF CLAIM (#9911 and #9914)

At the direction of the Court, Anderson Memorial Hospital ("Anderson"), by and through its counsel, Speights & Runyan ("S&R"), provides the following Status Report:

**I.  Before The Bar Date**

Before the bar date, this Court told Anderson and others that when it came to class proofs of claim, it would follow Judge Gambardella's opinion in In re Interregional Equity Corp., 227 B.R. 358 (D.N.J.1998). [Bankr. Doc. No. 1793, 2/25/02, Tr. at 97]. The Court explained to Anderson and others that Judge Gambardella and "most of the other Courts that looked at this issue, decided you do not need the individual claims if you permit the class proof of claim," but that it was "not sure in every given case that you don't also need either an individual claim form or an identification of the Claimant." [Id. at 97-98]. The Court also observed that in Judge Gambardella's case, "**she did not need to get into the individual proof of claim form because attached to the class group was a list of all the putative claim holders. And she found that that was sufficient.**" [Id. (emphasis supplied)].[1]

---

[1] At this same hearing, this Court indicated that a claimant would need permission to file a class proof of claim. However, the Court later reversed itself at the next two hearings, and did not include the prohibition on class claims which Grace originally proposed. [Appeal D.I. 9; Contrast Bankr. Doc. No. 1664 ¶ 7 with Bankr. Doc. No. 1963].

Judge Gambardella also specifically ruled that a class would not be limited to "those individual claimants who had filed individual proofs of claim within the bar date." In re Interregional Equity Corp., 227 B.R. 358 (D.N.J. 1998). Judge Gambardella cited a number of cases in support of that holding, including In re Charter Co., 876 F.2d 866, 871 (11th Cir. 1989) and In re: American Reserve, 840 F.2d 487, 492 (7th Cir.1987). Recently, Grace has conceded (in the District Court) that class certification is not limited to claimants who file individual proofs of claim within the bar date if the class representative attaches a list of the putative claim holders to its proof of claim.

## II.    The Class Proofs of Claim

Anderson then and now agrees with "most courts" that all it had to do was to file a class proof of claim. Anderson did just that. In fact, Anderson filed three proofs of claim: a "worldwide" class proof of claim (#9911) [TAB A]; a statewide class proof of claim (#9914) [TAB B]; and an individual proof of claim (#11008) [TAB C]. Grace has represented in its proposed Plan of Reorganization ("Plan") that all three claims remain active. [Bankr. Doc. No. 19580, 9/19/08, Ex. 21 at 6].

Anderson also did what this Court observed would avoid the question altogether by doing what the class representative did in Judge Gambardella's case, to wit: Anderson attached a list of over 3000 putative claimants (including 121 South Carolina claimants) to its worldwide class proof of claim form. [TAB A]. Anderson also attached an affidavit to its statewide class proof of claim identifying hundreds of shipments of Grace's asbestos products to South Carolina. [TAB B]. Anderson later supplemented both class claims as a matter of right before Grace objected to the claims; the index alone for the supplementation of the worldwide class proof of claim consisted of

2

835 pages, and the index alone for the statewide class proof of claim consisted of 104 pages. [TABS D and E (cover letters serving indices); Bankr. Doc. Nos. 11267, 10293, 10/22/05 (indices later filed as a part of Anderson's Response to Grace's 15th Omnibus Objection)].

## III. Grace's Objections To The Class Proofs Of Claim

On September 1, 2005, Grace filed objections to Anderson's class proofs of claim as follows:

### A. 13th Omnibus Objection

Grace specifically challenged S&R's authority to file both class claims on the ground that its "authority to file is allegedly based on 3 South Carolina pleadings from 2001," and that those "South Carolina orders are null and void, have no legal effect, and do not provide Speights with authority to file these claims." [Bank. Doc. No. 9311, 09/01/05 at 3, Exhibit K].

This Court heard Grace's authority objections on October 31, 2005. The Court recognized that the class proofs of claim were not before it that day and told S&R that "filing a class proof of claim, it would seem would eliminate the need to file the individuals." [Bankr. Doc. No. 11025, 10/31/05 at 50]. This Court later entered an Order disallowing and expunging certain Anderson based claims, but it did not expunge or dismiss the class proofs of claim. [Bank. Doc. No. 11080, 11/15/05].

**As of this date, this Court has never addressed Grace's authority objections to the two class proofs of claim.**

### B. 15th Omnibus Objection

Grace also filed substantive objections to both class proofs of claim as follows:

#### 1. Worldwide Class (#9911)

C-1(a) Missing Basic Property Address Info

        C-1(e)  Proofs of Claim Asserting Claims for Multiple Properties on a Single Proof of Claim
        C-2     Did not attach Requested Docs
        C-3(c)  No supporting PID Documentation/name generic substance product or product line manufactured by Grace and other companies besides Grace
        C-3(e)  No supporting documentation relating to PID
        D-2     Barred by Statute of Limitations (Constructive Notice)
        D-6     Barred by Laches
        E-1     Provided no measurement of relevant asbestos levels

**2.    Statewide Class (#9914)**

        C-1(a)  Missing Basic Property Address Info
        C-1(e)  Proofs of Claim Asserting Claims for Multiple Properties on a Single Proof of Claim
        C-2     Did not attach Requested Docs
        C-3(c)  No supporting PID Documentation/name generic substance product or product line manufactured by Grace and other companies besides Grace
        C-3(e)  No supporting documentation relating to PID
        D-1(b)  Acoustical plaster claims after 1969
        D-2     Barred by Statute of Limitations (Constructive Notice)
        D-6     Barred by Laches
        E-1     Provided no measurement of relevant asbestos levels
        F-2     Asserted owner first learned of asbestos in 2003

[Bank. Doc. No. 9315, 09/01/05].

**As of this date, the Court has never addressed Grace's substantive objections to Anderson's class proofs of claim.**

**IV.    Grace's Objections to Individual Claims**

Because Anderson attached a list to its class proof of claim, it did not need to do anything else to comply with the Court's procedure. Consistent with this Court's 2002 statement that it was "not sure in every given case that you don't also need either an individual claim form or an identification," however, S&R took another (unnecessary) step and also filed individual claims

4

which identified the same putative members.

Over three years after the bar date, Grace filed its 13th Omnibus Objection challenging S&R's authority to file absent class members' claims. [Bankr. Doc. No. 9311, 09/01/05]. On October 31, 2005, this Court heard Grace's authority objections. As noted above, the Court recognized that the class proofs of claim were not before it that day and told S&R that "filing a class proof of claim, it would seem would eliminate the need to file the individuals." [Bankr. Doc. No. 11025, 10/31/05 at 50]. After S&R tried to explain that "consistent with what we were advised," it "did it both ways," the Court said that "the reality is we don't need both." [Id. at 51]. As the Court later explained:

> [I] see a distinction between the possible authority to file a class proof of claim and the authority to file individual claims. As to the class proof, for purposes of this discussion right now, I'm just going to accept the proposition that as a putative class representative, you have authority to file those claims because I don't want to deal with that right now in this context. What I am concerned about is where the authority to file the individual claims is because even if you can act as an agent, even if you have the authority to file putative claims on behalf of a class, filing an individual claim is a much different thing. [Id. at 56].

After this Court assured S&R that, "I am willing to deal, as I said, right now with the class issues in the context in the motion to certify the class," S&R told the Court that it had no problem in light of the Court's present thinking to simply "withdraw those claims without prejudice to their rights in the event that Your Honor certifies a putative class action." [Id. at 56, 71]. After all, S&R always had been of the opinion that filing the class claim was sufficient, plus it had filed the list that the Court had said was in compliance with Judge Gambardella's ruling that it said it would follow. Thereafter, S&R agreed to various Orders withdrawing and expunging individual claims on behalf of the absent class members with the knowledge that it would be without prejudice to those claimants if the Court certified a class action.

Grace has continued to pound Anderson's counsel for filing what it calls "unauthorized claims." As shown above, however, Anderson did exactly what this Court suggested that it do, and in any event, the dismissal of the individual claims has nothing whatsoever to do with the class proofs of claim or the class certification issue.

## V. Anderson's Certification Motion

As Grace recognized at the most recent hearing, Anderson could not seek certification until there was a contested proceeding with the filing of the objections. In re Charter Co., 876 F.2d 866 (11th Cir. 1989). Anderson filed its Motion for Class Certification On October 21, 2005. [Bank. Doc. No. 10014, 10/21/05]. Earlier this year, this Court denied certification, holding that only claimants who filed individual proofs of claim could be considered for numerosity purposes. [Bankr. Doc. No. 18821, 5/29/08]. However, it has never ruled on Grace's objections to the class proofs of claim. When Anderson brought this to the Court's attention at the October 20, 2008 hearing, the Court's immediate observation was that "the order probably should have expunged the claims, not just denied class certification. If, in fact, they stand – if, in fact, they stand for anything more than just the Anderson individual claim, then they should have been stricken at the time class certification was denied." [Bankr. Doc. No. 19891, 10/20/08, Tr. at 20].

Respectfully submitted:

_____
Christopher D. Loizides (#3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

6

SPEIGHTS & RUNYAN
Daniel A. Speights (SC Fed. ID No. 4252)
Marion C. Fairey, Jr. (SC Fed ID No. 6101)
200 Jackson Avenue, East
Post Office Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

November 10, 2008