# TAB B

# 9914

# W.R. GRACE & CO.
# ASBESTOS PROPERTY DAMAGE
# PROOF OF CLAIM FORM

*The United States Bankruptcy Court for the District of Delaware*
*In re: W.R. Grace & Co., et al., Debtors, Case No. 01-01139 (JKF)*
*(Jointly Administered)*

## SUBMIT COMPLETED CLAIMS TO:

Claims Processing Agent
Re: W.R. Grace & Co. Bankruptcy
PO Box 1620
Faribault, MN 55021-1620

For a complete list of the Debtors in this case, please see "The Debtors" section of the *General Instructions for Completing Proof of Claim Forms*. The Debtors in this case are collectively referred to in this document as "Grace".

If you have a current claim against Grace for property damage allegedly resulting from asbestos from a Grace product *(other than Zonolite Attic Insulation)*, THIS ASBESTOS PROPERTY DAMAGE PROOF OF CLAIM FORM MUST BE RECEIVED ON OR BEFORE 4:00 P.M. EASTERN TIME ON MARCH 31, 2003, or you will be forever barred from asserting or receiving payment for your claim.

PremierView™ forms by NCS Pearson  MW239276-2   654321   Printed in U.S.A.

## PART 1: CLAIMING PARTY INFORMATION

NAME:

**ANDERSON MEMORIAL HOSPITAL (SEE ATTACHED)**

*Name of individual claimant (first, middle and last name) or business claimant*

SOCIAL SECURITY NUMBER (Individual Claimants):     F.E.I.N. (Business Claimants)

*(last four digits of SSN)*

Other names by which claiming party has been known (such as maiden name or married name):

*First*     *MI*     *Last*

*First*     *MI*     *Last*

**GENDER:** ☐ MALE   ☐ FEMALE

**Mailing Address:**

*Street Address*

*City*     *State (Province)*     *Zip Code (Postal Code)*

*Country*

## PART 2: ATTORNEY INFORMATION

The claiming party's attorney, if any (You do not need an attorney to file this form):

Law Firm Name:

**SPEIGHTS & RUNYAN**

Name of Attorney:

**AMANDA**   **G**   **STEINMEYER**
*First*     *MI*     *Last*

Mailing Address:

**P O BOX 685 - 200 JACKSON AVENUE EAST**
*Street Address*

**HAMPTON**     **SC**   **29924**
*City*     *State (Province)*   *Zip Code (Postal Code)*

Telephone:

**(803) 943-4444**
*Area Code*

REC'D MAR 31 2003

9276101     **SERIAL #**

# PART 3: PROPERTY INFORMATION

## A. Real Property For Which A Claim Is Being Asserted

1. What is the address of the real property for which a claim is being asserted (referred to herein as "the property")?

   VARIOUS LOCATIONS
   *Street Address*

   STATEWIDE                                    SC
   *City*                                       *State*        *Zip Code*
                                                *(Province)*   *(Postal Code)*
   UNITED STATES
   *Country*

2. Are you completing an Asbestos Property Damage Proof of Claim Form for any other real property other than the one listed at "1" above?
   ☒ Yes    ☐ No

3. Do you currently own the property listed in Question 1, above?
   ☒ Yes    ☐ No

4. When did you purchase the property?   ☐☐ - ☐☐ - ☐☐☐☐   VARIOUS
   *Month   Day   Year*

5. What is the property used for (check all that apply)
   ☐ Owner occupied residence
   ☐ Residential rental
   ☒ Commercial
   ☐ Industrial    Specify: _____
   ☐ Other         Specify: _____

6. How many floors does the property have?   ☐☐☐   VARIOUS

7. What is the approximate square footage of the property?   ☐☐☐☐☐☐☐   VARIOUS

8. When was the property built?
   ☒ Before 1969
   ☒ 1969 - 1973
   ☐ After 1973

9. What is the structural support of the property?
   ☒ Wood frame
   ☒ Structural concrete
   ☒ Brick
   ☒ Steel beam/girder
   ☐ Other    Specify: _____

10. Have you or has someone on your behalf completed any interior renovations on the property which affected any asbestos on the property?
    ☒ Yes    ☐ No

9 2 7 6 1 0 2                                                           SERIAL #

## A. Real Property For Which A Claim Is Being Asserted (continued)

If yes, please specify the dates and description of such renovations.

| Year | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |
|---|---|---|
| Year | Description | |
| Year | Description | |

11. To the best of your knowledge, have any other interior renovations been completed on the property during any other period of time which affected any asbestos on the property?

    ☒ Yes    ☐ No

    If yes, please specify the dates and descriptions of such renovations.

| Year | Description | MULTIPLE RENOVATIONS OVER VARIOUS YEARS |
|---|---|---|
| Year | Description | |
| Year | Description | |

## B. Claim Category

12. For which category are you making a claim on the property?

    ☒ Category 1: Allegation with respect to asbestos from a Grace product in the property
    ☐ Category 2: Allegation with respect to one of Grace's vermiculite mining, milling or processing operations

- If you checked Category 1 in question 12, complete section C.
- If you checked Category 2 in question 12, complete section D.

## C. Category 1 Claim: Allegation With Respect To Asbestos From A Grace Product In The Property

13. For what alleged asbestos-containing product(s) are you making a claim?

    ☐ Monokote-3 fireproofing insulation
    ☒ Other    Specify: SEE ATTACHED

    (For a list of the brand names under which Grace manufactured products that may have contained commercially added asbestos, see Exhibit 2 to the Claims Bar Date Notice provided with this Proof of Claim Form.)

14. When did you or someone on your behalf install the asbestos containing product(s) in the property?

    Year    ☒ I did not install the product(s)

15. If you or someone on your behalf did not install the asbestos containing product(s), to the best of your knowledge, when was/were the product(s) installed?

    Year    ☒ Don't know.

9276103    SERIAL #

16. Do you have documentation relating to the purchase and/or installation of the product in the property?

    ☐ Yes    ☒ No

    If Yes, attach all such documents. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

    If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

17. If you do not have any such documents, explain why not and indicate who may have possession or control of such documents with respect to the property.

    ```
    SEE ATTACHED
    ```

18. When did you first know of the presence of asbestos in the property of the Grace product for which you are making this claim?

    `2 0 0 3`
    Year

    Please attach all documents relating or referring to the presence of asbestos in the property for which you are making this claim. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

    If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

19. How did you first learn of the presence of asbestos in the property of the Grace product for which you are making this claim?

    ```
    SEE ATTACHED
    ```

20. When did you first learn that the Grace product for which you are making this claim contained asbestos?

    `2 0 0 3`
    Year

21. How did you first learn that the Grace product for which you are making the claim contained asbestos?

    ```
    SEE ATTACHED
    ```

22. Have you or someone on your behalf made an effort to remove, contain and/or abate the Grace product for which you are making this claim?

    ☒ Yes    ☐ No

    If Yes, attach all documents relating or referring to such efforts. If the documents are too voluminous to attach, attach a summary of the documents indicating the name of each document, date of each document, a brief description of the document, the location of the document, and who has possession and control of the document.

    If you provide a summary of documents rather than the documents themselves, you are required to consent to the production and release of those documents to Grace upon Grace's further request.

23. If you do not have any such documents, explain why not and indicate who may have possession and control of such documents with respect to the property.

    ```
    SEE ATTACHED
    ```

24. If you or someone on your behalf did not make an effort to remove, contain and/or abate the Grace product(s) for which you are making a claim, to the best of your knowledge, did anyone else make such an effort?

    ☒ Yes    ☐ No

9276104                                                    SERIAL #

25. If you responded Yes to question 22. or 24. and you have not supplied documents, please specify the dates and descriptions of any such efforts.

| Year | Description |
|---|---|
|  | SEE ATTACHED |
|  |  |
|  |  |

26. Have you or anyone on your behalf ever conducted any testing or sampling for the presence of asbestos or other particulates in the property?

[X] Yes    ☐ No    If Yes, Attach All Documents Related To Any Testing Of The Property.

27. If you responded Yes to question 26., but you have not provided documents, indicate who may have possession or control of such testing documents or where such documents may be located.

SEE ATTACHED

28. If you or someone on your behalf did not conduct any testing or sampling for the presence of asbestos or other particulates on the property, to the best of your knowledge, did anyone else conduct such testing or sampling with respect to the property?

☐ Yes    ☐ No    NOT APPLICABLE

29. If you responded Yes to question 26. or 28. and you have not supplied related documents, please describe when and by whom and the type of testing and/or sampling (e.g. air, bulk and dust sampling).

| Year | | |
|---|---|---|
|  | Company/Individual | VARIOUS YEARS, NUMEROUS SAMPLES |
|  | Type of testing: |  |
|  | Company/Individual |  |
|  | Type of testing: |  |
|  | Company/Individual |  |
|  | Type of testing: |  |

30. Has the Grace product or products for which you are making this claim ever been modified and/or disturbed?

[X] Yes    ☐ No

31. If yes, specify when and in what manner the Grace product or products was modified and/or disturbed?

| Year | Description |
|---|---|
|  | AFFECTED BY NUMEROUS CUSTODIAL AND MAINTENANCE ACTIVITIES AND RENOVATIONS. |
|  |  |
|  |  |

9276105          SERIAL #

# PART 4: ASBESTOS LITIGATION AND CLAIMS

## A. INTRODUCTION

1. Has any asbestos-related property damage lawsuit or claim been filed against Grace on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No
   ☒ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

2. Has any asbestos-related property damage lawsuit or claim been filed against any other party on behalf of this claiming party relating to the property for which you are making this claim?

   ☐ No
   ☒ Yes – lawsuit
   ☐ Yes – non-lawsuit claim (other than a workers' compensation claim)

   *If an asbestos-related property damage lawsuit has been filed by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section B, below.*

   *If an asbestos-related property damage non-lawsuit claim has been made by or on behalf of this claiming party relating to the property for which you are making a claim, complete Section C. on the following page.*

## B. LAWSUITS

1. Please provide the following information about each asbestos-related property damage lawsuit which has been filed relating to the property for which you are making this claim or attach a copy of the face page of each complaint filed.

   a. Caption: ANDERSON MEMORIAL HOSPITAL, ON BEHALF OF ITSELF & OTHERS SIMILARLY SITUATED V. W.R. GRACE & COMPANY ET AL

   b. Court where suit originally filed: HAMPTON SC
      *County/State*
      Docket No.: 92CP25279

   c. Date filed: 12-23-1992
      *Month  Day  Year*

   ---

   a. Caption:

   b. Court where suit originally filed:
      *County/State*
      Docket No.:

   c. Date filed:
      *Month  Day  Year*

   ---

   a. Caption:

   b. Court where suit originally filed:
      *County/State*
      Docket No.:

   c. Date filed:
      *Month  Day  Year*

   (Attach additional pages if necessary.)

9276109                                                                    SERIAL #

## C. NON-LAWSUIT CLAIMS

1. If the claiming party has made any claims relating to the property for which you are making a claim (including administrative claims) against anyone, that was not filed with a court of law, please provide the following information for each claim:

   a. Description of claim: _____

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      *Month   Day   Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other _____
      *Name of Entity*

   ---

   a. Description of claim: _____

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      *Month   Day   Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other _____
      *Name of Entity*

   ---

   a. Description of claim: _____

   b. Date submitted: ☐☐ - ☐☐ - ☐☐☐☐
      *Month   Day   Year*

   c. Name of entity to whom claim was submitted:
      ☐ Grace
      ☐ Other _____
      *Name of Entity*

## PART 5: SIGNATURE PAGE

All claims must be signed by the claiming party.

I have reviewed the information submitted on this proof of claim form and all documents submitted in support of my claim. I declare, under penalty of perjury,* that the above statements are true, correct, and not misleading.

CONSENT TO RELEASE OF RECORDS AND INFORMATION: To the extent that I have produced a summary rather than the documents themselves as requested above or indicated who has possession and control of certain documents, I hereby authorize and request that all other parties with custody of any documents or information concerning my property damage or the information contained in this Form, upon the reasonable request of Grace or Grace's representative, with a copy to the claiming party, disclose any and all records to Grace or to Grace's representative.

*[Signature]*   03 - 30 - 2003
SIGNATURE OF CLAIMANT  AMANDA G. STEINMEYER   *Month Day Year*

*The penalty for presenting a fraudulent claim is a fine up to $500,000.00 or imprisonment up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

9276110   SERIAL #

Copyright © 2002 NCS Pearson, Inc. All rights reserved.

### Response to PART-1- NAME:

ANDERSON MEMORIAL HOSPITAL ON BEHALF OF ALL BUILDINGS ENCOMPASSED IN ITS CERTIFIED CLASS ACTION.

### Response to Question 13 (Specify):

SURFACE TREATMENT, INCLUDING BUT NOT LIMITED TO FIREPROOFING, ACOUSTICAL PLASTER, TEXTURE, MASONRY FILL, OR OTHER ASBESTOS-CONTAING PRODUCTS.

**Response to Question 17:** The Claimant understands Question 16 to ask for the existence of historical documents demonstrating that Grace's asbestos-containing product was purchased and/or installed in the property. As indicated in its response, the Claimant does not know of any such specific documents at this time. The Claimant assumes that there would have been a large number of original construction documents, including drawings and specifications, which, if not destroyed in the ordinary course of business, might possibly be found at a number of storage facilities, including those under the control of various persons involved with the design and construction of the property and the sale and installation of products in the property. In addition, this claim is based upon an assertion that debtors manufactured or sold products containing asbestos that are or were present in this property and/or all other theories of liability that are allowed by law including but not limited to conspiracy and fraudulent transfer. Moreover, Claimant believes Grace itself may be in control of supporting documentation, or other supporting information, regarding whom Grace or their salesmen sold their products to, and Claimant may need documentation or discovery from Grace on this issue. Claimant does not waive any rights, but is willing to discuss this matter with Grace if it believes Claimant's response is insufficient.

**Response to Question 19:** Refer to Question 17 Response.

**Response to Question 21:** Refer to Question 17 Response.

**Response to Question 23:** Taken literally, Question 22 seeks all documents relating to not only the removal, enclosure and encapsulation, but operations and maintenance documents which attempt to contain contamination from Grace's product. There is insufficient time to locate all such documents that might be called for in Question 22. To the extent that such documents have not been destroyed in the ordinary course of business, they may exist in the files or dead storage of many persons involved with such projects. Before undertaking an effort of this magnitude, Claimant would like to work with Grace to understand exactly what it is that Grace is seeking and whether Claimant can easily accommodate that request.

**Response to Question 27:** As Claimant understands Question 26, Grace seeks all documents of every kind and description not only related to the testing or sampling for the presence of asbestos, including samples taken during any abatement projects, as well as all samples related to any other particulates, including, by way of example only, all silicates, lead dust and other metal dust, beta glucans, etc. Such documents, to the extent they exist, may not

only be in the possession of Claimant, but a number of third party contractors and/or consultants as well. Before undertaking the search for all of these documents, Claimant wishes to discuss this matter with Grace and obtain a clarification.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HAMPTON ) | |
| Anderson Memorial Hospital ) | Case No. 92-CP-25-279 |
| Plaintiffs, ) | **AFFIDAVIT:** |
| v. ) | **Marion C. Fairey, Jr.** |
| W. R. Grace & Co., et al. ) | |
| Defendants ) | |

AFTER BEING DULY SWORN, THE AFFIANT DEPOSES AS FOLLOWS:

1. I am at least eighteen years of age and competent to testify as to the matters contained herein. I am employed by the law firm of Speights & Runyan, and have served as counsel for the Plaintiffs in the above-referenced case.

2. The factual information included in this affidavit is based upon my personal knowledge from reviewing documents produced by W. R. Grace & Co., transcripts of legal proceedings and other publically available documents.

3. W. R. Grace manufactured at least 20 products from 1945 to 1973 which it admits are surfacing materials that contained commercially added asbestos. 55 F.R. 5144 (Notice Published by Environmental Protection Agency pursuant to the 1988 Asbestos Information Act). Grace also marketed a product called Zonolite Masonry Fill which is not listed in its Asbestos Information Act disclosure.

4. I have personally examined those billing or invoice registers from Grace's Construction Products Division that have been produced by W. R. Grace at its document repository in Boston, Massachusetts. These seven boxes of billing registers cover every state in the United

States. Billing registers and invoice registers are reports indicating the amount of Grace products sold by Grace during a given month. In 1970, these reports indicated the customer name, product and amount sold, as well as the plant where the product was produced and shipped. By no later than March of 1971, these reports also indicated the state in which the customer resided.

5. Grace's billing registers are not complete. Those produced only cover 35 months total, which are made up of 12 months in 1970, 10 months in 1971, 1 month in 1972, and 12 months in 1973.[1] These records represent only 20% of the time period Grace sold asbestos-containing fireproofing; 13 % of the time Grace sold asbestos-containing textures; and 14% of the time Grace sold asbestos-containing vermiculite, including vermiculite masonry fill.

6. Grace's billing registers are duplicative. The registers themselves report on sales in two different formats. In reviewing these records, I was aware that some records were duplicative and purposefully attempted to count shipments and customers only once. I have re-checked these records for accuracy, and have gathered those (including those months with duplicate reports) pertaining to South Carolina shipments and plants.

7. During the period of time covered by the billing registers, Grace made shipments of asbestos-containing surfacing material to 172 customers in South Carolina. These customers were mostly supply houses who would sell Grace's products to contractors or end-users. In some instances, Grace shipped asbestos-containing products directly to contractors who may have used the shipment on numerous jobs, or who may have used multiple shipments on one job.

8. During the 35 months covered by the billing registers, Grace made 749 shipments

---

[1] Grace claims that it ceased marketing asbestos-containing products at issue in this case in July of 1973. However, review of the billing registers indicate sales of asbestos-containing masonry fill through 1973. The EPA has reported that such sales continued through 1984.

2

of asbestos-containing surfacing material to South Carolina customers.[2] Of these shipments, 489 were asbestos-containing masonry fill, 91 were asbestos-containing fireproofing and 74 were asbestos-containing ceiling textures. Making the assumption that Grace's shipping rate was twice as high during this 35 month period as it was during the entire balance of time during which they manufactured and sold these products, it can be estimated that Grace made 1746 shipments of masonry fill, 339 shipments of attic insulation, 227 shipments of fireproofing and 284 shipments of ceiling textures into South Carolina during the time they manufactured those products.

9. The billing registers reflect more shipments of asbestos-containing fireproofing to more customers in South Carolina than are evidenced by Grace's invoices. For instance, Grace's invoices indicate 4 shipments of asbestos-containing fireproofing to Byar's Machine Co. in 1973. The billing register for the same time period reflects 9 such shipments to Byar's Machine Co. in 1973. In all, Grace's invoices reflect 110 shipments of fireproofing. During the 35 month period covered by the billing register, invoices reflect 68 shipments of asbestos-containing fireproofing and no shipments of asbestos-containing ceiling textures into South Carolina. The billing registers reflect 91 shipments of fireproofing and 74 shipments of ceiling textures during that period.

FURTHER, THE AFFIANT SAYETH NOT.

---

[2] Since the records from 1970 did not indicate the State to which the product was shipped, I only included customers identified from that year for which there was a reasonable degree of certainty that they were located in South Carolina. Information used in making that judgment included (1) excluding customers such as Augusta Builders, but including customers such as Moultrie Concrete Products; (2) including customers where later entries in the billing register indicate they are located in South Carolina; and (3) including only shipments made from Grace's South Carolina plant. Of all shipments identified, there are 104 made from Grace's South Carolina plant to 64 customers for which there is no State code. By contrast, there are 646 shipments of asbestos-containing products to 109 customers with a South Carolina customer code.

3

_____
Marion C. Fairey, Jr.

Sworn to before me this

28th day of March, 2003

_____
Rhonda L. Bowers
Notary Public for the State of South Carolina
My commission expires: 3/5/99

4