# Exhibit F

## Confirmation Hearing Notice (Blackline)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |

NOTICE OF CONFIRMATION HEARING ~~PURSUANT~~AND IMPORTANT
DEADLINES IN RELATION TO
~~SECTION 1125 OF THE UNITED STATES BANKRUPTCY CODE FOR
THE~~THE FIRST AMENDED JOINT
PLAN OF REORGANIZATION OF W. R. GRACE & CO., ET AL.

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.  On ~~September 19,~~November ___, 2008, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed (i) the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of* ~~September 19,~~November ___, 2008 (as it may ~~further~~ be amended or supplemented, the "Plan") and (ii) the Disclosure Statement, pursuant to section 1125 of the Bankruptcy Code, for the Plan (~~as~~

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

amended from time to time and including all exhibits and supplements thereto, the "Disclosure Statement").[2]

2.  On [   ], 2008, after notice and a hearing, pursuant to section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Disclosure Statement Confirmation Procedures Order") (ai) approving the Disclosure Statement as providing adequate information for Holders of Claims and Equity Interests to make a decision as to whether to accept or reject the Plan, (bii) approving certain procedures (the "Voting Procedures") for the Debtors to solicit and tabulate votes to accept or reject the Plan and (ciii) scheduling certain dates in connection with Plan confirmation.

3.  Pursuant to the Disclosure Statement Order, the Bankruptcy Court established the deadline by which votes to accept or reject the Plan must be actually received by BMC Group, Inc. (the "Voting Agent") as [   ], 2008 2009 at [   ] [ ].m. (prevailing Eastern time) (the "Voting Deadline").

4.  A hearing (the "Confirmation Hearing") will be held before the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern Western District of Pennsylvania, 5414 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219 on [   ], 2009 at [   ] [ ].m. (prevailing Eastern time), to consider the entry of an order, among other things, confirming the Plan under section 1129 of the Bankruptcy Code.

5.  **INJUNCTIONS:  The Plan proposes injunctions under sections 524(g) and 105 of the Bankruptcy Code, applicable to all persons and entities, that result in the permanent channeling of (ai) all Asbestos PI Claims against the Debtors and various other entities (including the Asbestos Protected Parties) to an Asbestos PI Trust, (bii) all Asbestos PD Claims against the Debtors and various other entities (including the Asbestos Protected Parties) to an Asbestos PD Trust and (ciii) all CDN ZAI PD Claims against the Debtors and various other entities (including the Asbestos Protected Parties) to the CDN ZAI PD Claims Fund, all as more specifically described in the Plan.  The Plan also proposes an injunction applicable to all persons and entities that enjoins all Successor Claims against the Asbestos Protected Parties based on or arising from, in whole or in part, directly or indirectly, the Cryovac Transaction or the Fresenius Transaction, as more specifically described in the Plan.  These injunctions provide enjoin all persons and entities from bringing _claims covered by the particular injunctions_ against the Debtors and the other identified parties in the Plan with a release from further liability on account of the _claims covered by the particular injunctions_.  You should read the Plan and the Disclosure Statement for a more complete discussion of how such injunctions will operate and affect your rights.**

6.  **SPECIFIC RELEASES BY HOLDERS OF CLAIMS OR EQUITY INTERESTS:  As more fully provided for in Section 8.8.7 of the Plan, each Holder of a**

---

[2]  Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

<u>Claim or Equity Interest who votes in favor of the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents. In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.</u>

<u>**7.**     The Plan constitutes a motion to assume certain executory contracts and unexpired leases as of the Effective Date and provides for the rejection of certain other executory contracts and unexpired leases as of the Effective Date. Section 9.1 of the Plan sets forth (i) the treatment of executory contracts and unexpired leases under the Plan, (ii) the procedures relating to assumption of executory contracts and unexpired leases under the Plan, including procedures and deadlines for counterparties to assert or object to any cure amount that may be owing in relation to the assumption of an executory contract or unexpired lease, and (iii) the procedures for filing proofs of claim arising from any contract that will be rejected under the Plan. Counterparties to executory contracts or unexpired leases should receive separate notice of these procedures and may obtain a copy of that notice as described in Paragraph 8 below.</u>

<u>**8.**     Section 3.1.9(b) of the Plan provides for the payment of post-petition interest to Holders of General Unsecured Claims and provides procedures for such Holders to (i) assert an entitlement to post-petition interest in a different amount than provided for in the Plan (a "Post-Petition Interest Determination Notice") or (ii) identify a non-default contract rate of interest to which the Holder is entitled under the Plan (a "Notice of Non-Default Contract Rate of Interest"). A Post-Petition Interest Determination must comply with the requirements of Section 3.1.9(d) of the Plan and be filed with the Bankruptcy Court on or before            ,      . A Notice of Non-Default Contract Rate of Interest must comply with the requirements of Section 3.1.9(e) of the Plan and be received by the Voting Agent (at the address listed in Paragraph 10) on or before            ,      . Holders of General Unsecured Claims should receive separate notice of these procedures and obtain a copy of that notice as described in Paragraph 9 below.</u>

**<u>9.</u>**     6.     In accordance with the ~~Disclosure Statement Order and the Voting~~<u>Confirmation</u> Procedures Order, certain materials (the "Solicitation Package"), including a copy of the Disclosure Statement and Plan, have been provided with this Notice ~~for~~<u>to</u> Holders

3                                                                                   <u>Exhibit F</u>

of Claims and Equity Interests in impaired classes under the Plan and ~~for~~to Holders of Claims in ~~Class 7 under the Plan.~~³**Classes 7 and 9 under the Plan.³ In addition, the Confirmation Procedures Order authorized the Debtors to distribute (i) a notice to counterparties to executory contracts and unexpired leases describing the treatment of executory contracts and unexpired leases under the Plan, and (ii) a notice to Holders of Class 9 General Unsecured Claims describing the Plan's provisions with respect to the payment of post-petition interest in relation to General Unsecured Claims.** The Plan, Disclosure Statement and related documents **and notices** are also available via the internet on the Debtors' website at www.wrgrace.com and on Voting Agent's website at www.bmcgroup.com/wrgrace. If you did not receive a Solicitation Package, but wish to receive one, you should send a written request by U.S. Mail to BMC Group, Inc., Attn: W. R. Grace Voting Agent, P.O. Box 913, El Segundo, CA 90245-0913. Creditors and Equity Interest Holders who are entitled to vote on the Plan should receive ~~b~~**B**allots and instructions for voting in their Solicitation Package. Creditors who are Holders of Claims that are not entitled to vote on the Plan should receive only this Notice.

**10.**   ~~7.~~ If a Holder a Claim is not entitled to vote under the Voting Procedures or disagrees with the amount of its ~~e~~**C**laim for voting purposes, such Holder may file a motion with the Bankruptcy Court, pursuant to Bankruptcy Rule 3018(a) and **Section 10(f)(i) of** the Voting Procedures, requesting temporary allowance of such ~~e~~**C**laim in an amount which the Bankruptcy Court deems proper solely for the purpose of casting a vote to accept or reject the Plan (a "Voting Motion"). **All Voting Motions must be filed and served in accordance with the Voting Procedures** ~~by the date that is 20 days~~**on or** **before the Voting Deadline.** If ~~counsel has filed a Voting Motion, it shall submit a copy of the motion along with a completed Ballot to the Voting Agent. The Ballot will be counted in an amount other than as provided in the Voting Procedures only if the Voting Motion is granted and in the amount ordered by the Bankruptcy Court~~**a Holder of a Claim intends to pursue an objection to confirmation of the Plan on the grounds that such Holder's Claim is not properly classified, such Holder may request a Ballot from the Voting Agent for provisional voting under a different Class and may vote to accept or reject the Plan by filing a Disputed Classification Declaration on or before the Voting Deadline pursuant to Section 10(f)(ii) of the Voting Procedures**.

**11.**   ~~8. To~~**Subject to the provisions for filing a Voting Motion or Disputed Classification Declaration, to** be counted, a Ballot (or Master ~~b~~**B**allot) to accept or reject the Plan must be actually received by the Voting Agent by the Voting Deadline as follows:

---

³ Contents of the Solicitation Package are described in the Voting Procedures ~~Motion~~.

| **By U.S. Mail:** | **By Courier:** |
|---|---|
| BMC Group, Inc. | BMC Group, Inc. |
| Attn: W. R. Grace Voting Agent | Attn: W. R. Grace Voting Agent |
| P.O. Box 2007 | 17850 Lake Drive East |
| Chanhassen, MN 55317-2007 | Chanhassen, MN 55317 |

**The Voting Deadline is [_____], ~~2008~~2009.**

**12.** ~~9.~~ Responses and objections, if any, to the confirmation of the Plan or any ~~other of the~~ relief sought by the Debtors in connection with confirmation of the Plan, must: (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection to the Plan and, if practicable, proposed modification to the Plan that would resolve such objection; (iv) conform to the Bankruptcy Rules and the Local Rules; and (v) be filed, together with proof of service, with the Bankruptcy Court and served in a manner so as to be received by [_____], 2008 at 4:00 p.m. (prevailing Eastern Time), on (a) counsel to the Debtors, (b) counsel to each of the statutory committees appointed in these chapter 11 cases, (c) counsel to each of the future claimants' representatives appointed in these chapter 11 cases, (d) counsel to Sealed Air Corporation and Cryovac, Inc., (e) counsel to Fresenius, and (f) the United States Trustee, whose addresses are set forth in Section 11.11 of the Plan, except for the United States Trustee, who shall be served at: Office of the United States Trustee, Attn: David Klauder, Esq., 844 King Street, Suite ~~2313~~ 2207, Wilmington, Delaware 19801.

**ANY OBJECTION TO THE CONFIRMATION OF THE PLAN THAT IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN SHALL NOT BE CONSIDERED.**

**13.** ~~10.~~ The Confirmation Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by an announcement in the Bankruptcy Court of such adjournment at the Confirmation Hearing or any continued hearing.

Dated: _____, 2008

~~**KIRKLAND & ELLIS LLP**~~
~~David M. Bernick, P.C.~~
~~Janet S. Baer~~
~~200 East Randolph Drive~~
~~Chicago, IL 60601~~
~~Telephone: (312) 861-2000~~
~~Facsimile: (312) 861-2200~~

~~-and-~~

~~**KIRKLAND & ELLIS LLP**~~
~~Theodore L. Freedman~~
~~Deanna D. Boll~~

5                                                                                     Exhibit F

~~153 East 53rd Street~~
~~New York, New York 10022~~
~~Telephone: (212) 446-4800~~

~~–and–~~

~~**PACHULSKI, STANG, ZIEHL, YOUNG,**~~
~~**JONES & WEINTRAUB, PC**~~

~~Laura Davis Jones (Bar No. 2436)~~
~~James E. O'Neill (Bar No. 4042)~~
~~Timothy P. Cairns (Bar No. 4228)~~
~~919 North Market Street, 16th Floor~~
~~P.O. Box 8705~~
~~Wilmington, Delaware 19899-8705 (Courier 19801)~~
~~Telephone: (302) 652-4100~~

| | |
|---|---|
| <u>**KIRKLAND & ELLIS LLP**</u><br><u>**David M. Bernick, P.C.**</u><br><u>Theodore L. Freedman</u><br><u>Janet S. Baer</u><br><u>Deanna D. Boll</u><br><u>Craig A. Bruens</u><br><u>153 East 53rd Street</u><br><u>New York, New York 10022</u><br><u>Telephone: (212) 446-4800</u> | <u>**PACHULSKI STANG ZIEHL & JONES**</u><br><u>**LLP**</u><br><u>Laura Davis Jones (Bar No. 2436)</u><br><u>James E. O'Neill (Bar No. 4042)</u><br><u>Timothy P. Cairns (Bar No. 4228)</u><br><u>919 North Market Street, 17th Floor</u><br><u>P.O. Box 8705</u><br><u>Wilmington, Delaware 19899-8705</u><br><u>Telephone: (302) 652-4100</u> |

Co-Counsel for the Debtors and Debtors in Possession

Document comparison done by Workshare DeltaView on Monday, November 10, 2008 9:14:26 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://NYDMS/LEGAL/13260561/6 |
| Document 2 | interwovenSite://NYDMS/LEGAL/13260561/8 |
| Rendering set | Basic K&E |

| Legend: |
|---|
| **Insertion** |
| ~~Deletion~~ |
| *~~Moved from~~* |
| *Moved to* |
| Style change |
| Format change |
| ~~Moved deletion~~ |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Redline Summary: | | |
|---|---|---|
| No. | Change | Text |
| 1-2 | Change | "K&E 13260561.6" changed to "K&E 13260561.8" |
| 3-4 | Change | "K&E 13260561.6" changed to "K&E 13260561.8" |
| 5-6 | Change | "NOTICE OF CONFIRMATION HEARING PURSUANT TO" changed to "NOTICE OF CONFIRMATION...DEADLINES IN RELATION TO" |
| 7-8 | Change | "TO SECTION 1125 OF THE...CODE FOR THE JOINT" changed to "TO THE FIRST AMENDED JOINT" |
| 9 | Change | "JOINT PLAN OF REORGANIZATION OF W." changed to "JOINT PLAN OF REORGANIZATION OF W." |
| 10-11 | Change | "1.    On September 19, 2008,...above-captioned debtors" changed to "1.    On November __, 2008,...above-captioned debtors" |

| 12 | Change | "(collectively, the "Debtors") filed the" **changed to** "(collectively, the "Debtors") filed (i) the" |
|---|---|---|
| 13 | Change | "the Joint Plan of Reorganization under" **changed to** "the First Amended Joint...of Reorganization under" |
| 14-15 | Change | "Equity Security Holders...19, 2008 (as it may" **changed to** "Equity Security Holders...__, 2008 (as it may" |
| 16 | Change | "2008 (as it may further...or supplemented, the" **changed to** "2008 (as it may be amended or supplemented, the" |
| 17 | Change | "Bankruptcy Code, for the...Statement").2" **changed to** "Bankruptcy Code, for the...Statement").2" |
| 18-19 | Change | "Court") entered an order...Statement Order") (" **changed to** "Court") entered an order...Procedures Order") (" |
| 20-21 | Change | "Order") (a) approving the Disclosure Statement" **changed to** "Order") (i) approving the Disclosure Statement" |
| 22-23 | Change | "to accept or reject the...certain procedures (the" **changed to** "to accept or reject the...certain procedures (the" |
| 24-25 | Change | "accept or reject the Plan...dates in connection" **changed to** "accept or reject the Plan...dates in connection" |
| 26-27 | Change | ""Voting Agent") as [   ...].m. (prevailing Eastern" **changed to** ""Voting Agent") as [   ...].m. (prevailing Eastern" |
| 28-29 | Change | "United States Bankruptcy...of Pennsylvania, 5414" **changed to** "United States Bankruptcy...of Pennsylvania, 5414" |
| 30 | Change | "Street, Pittsburgh, PA...   ] [ ].m. (prevailing" **changed to** "Street, Pittsburgh, PA...   ] [ ].m. (prevailing" |
| 31 | Change | "5.     The Plan proposes injunctions under" **changed to** "5.     INJUNCTIONS: The Plan...injunctions under" |
| 32-33 | Change | "in the permanent...PI Claims against" **changed to** |

|       |           |                                                                                                                                              |
|-------|-----------|----------------------------------------------------------------------------------------------------------------------------------------------|
|       |           | "in the permanent...PI Claims against"                                                                                                       |
| 34-35 | Change    | "Parties) to an Asbestos...PD Claims against" changed to "Parties) to an Asbestos...PD Claims against"                                       |
| 36-37 | Change    | "Parties) to an Asbestos...ZAI PD Claims against" changed to "Parties) to an Asbestos...ZAI PD Claims against"                               |
| 38-39 | Change    | "in the Plan.  These injunctions provide" changed to "in the Plan.  These...entities from bringing"                                          |
| 40    | Moved to  | claims covered by the particular injunctions                                                                                                 |
| 41    | Change    | "the Debtors and the other identified" changed to "against the Debtors and the other identified"                                             |
| 42    | Deletion  | other identified parties...on account of the                                                                                                 |
| 43    | Change    | "claims covered by the...should read the Plan and" changed to ".  You should read the Plan and"                                              |
| 44-45 | Insertion | 6.   SPECIFIC RELEASES BY...the preceding sentence.                                                                                          |
| 46-47 | Insertion | 7.   The Plan constitutes a...in Paragraph 8 below.                                                                                          |
| 48-49 | Insertion | 8.   Section 3.1.9(b) of...in Paragraph 9 below.                                                                                             |
| 50    | Change    | "In accordance with the" changed to "6. In accordance with the"                                                                              |
| 51-52 | Change    | "In accordance with the...Order, certain materials" changed to "In accordance with the...Order, certain materials"                           |
| 53-54 | Change    | "been provided with this...and Equity Interests" changed to "been provided with this...and Equity Interests"                                 |
| 55-56 | Change    | "impaired classes under...for Holders of Claims in" changed to "impaired classes under...to Holders of Claims in"                            |
| 57-58 | Change    | "Holders of Claims in Class 7 under the Plan.[3]" changed to "Holders of Claims in...7 and 9 under the Plan.[3]"                             |
| 59    | Change    | "described in the Voting Procedures Motion." changed to "described in the Voting Procedures."                                                |
| 60    | Change    | "The Plan, Disclosure Statement and" changed to                                                                                              |

|  |  | "In addition, the...Disclosure Statement and" |
|---|---|---|
| 61 | Change | "Statement and related...via the internet" changed to "Statement and related...via the internet" |
| 62-63 | Change | "vote on the Plan should receive ballots" changed to "vote on the Plan should receive Ballots" |
| 64 | Change | "If a Holder a Claim is not entitled" changed to "7. If a Holder a Claim is not entitled" |
| 65-66 | Change | "disagrees with the amount of its claim" changed to "disagrees with the amount of its Claim" |
| 67 | Change | "to Bankruptcy Rule...Procedures, requesting" changed to "to Bankruptcy Rule...Procedures, requesting" |
| 68-69 | Change | "requesting temporary allowance of such claim" changed to "requesting temporary allowance of such Claim" |
| 70-71 | Change | "accordance with the...the Voting Deadline.  If" changed to "accordance with the...the Voting Deadline.  If" |
| 72-73 | Change | "before the Voting...by the Bankruptcy Court." changed to "before the Voting...the Voting Procedures." |
| 74-75 | Change | "be counted, a Ballot (or Master" changed to "8. ToSubject to the...a Ballot (or Master" |
| 76-77 | Change | "be counted, a Ballot (or Master ballot" changed to "be counted, a Ballot (or Master Ballot" |
| 78 | Change | "BMC Group, Inc." changed to "BMC Group, Inc." |
| 79 | Change | "By Courier:" changed to "By Courier:" |
| 80-81 | Change | "Voting Deadline is [          ], 2008." changed to "Voting Deadline is [          ], 2009." |
| 82 | Change | "Responses and objections, if any," changed to "9. Responses and objections, if any," |
| 83 | Change | "confirmation of the Plan...sought by the Debtors in" changed to "confirmation of the Plan...sought by the Debtors in" |
| 84-85 | Change | "Klauder, Esq., 844 King...Delaware 19801." changed to "Klauder, Esq., 844 King...Delaware 19801." |
| 86 | Change | "The Confirmation Hearing may be" changed to "10. The Confirmation Hearing may be" |

| 87 | Deletion | KIRKLAND & ELLIS LLP...P.C.<br>Janet S. Baer |
|---|---|---|
| 88 | Deletion | 200 East Randolph Drive...(312) 861-2200 |
| 89 | Deletion | --and-- |
| 90 | Deletion | KIRKLAND & ELLIS LLP<br>Theodore L. Freedman |
| 91 | Deletion | Deanna D. Boll |
| 92 | Deletion | 153 East 53rd Street |
| 93 | Deletion | New York, New York 10022 |
| 94 | Deletion | Telephone: (212) 446-4800 |
| 95 | Deletion | --and-- |
| 96 | Deletion | PACHULSKI, STANG, ZIEHL, YOUNG, |
| 97 | Deletion | JONES & WEINTRAUB, PC<br><br>...16th Floor<br>P.O. Box 8705 |
| 98 | Deletion | Wilmington, Delaware... (302) 652-4100 |
| 99 | Insertion | KIRKLAND & ELLIS LLP...(212) 446-4800 |
| 100 | Insertion | PACHULSKI STANG ZIEHL & JONES LLP |
| 101 | Insertion | Laura Davis Jones (Bar... (302) 652-4100 |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 47 |
| Deletions | 52 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 101 |