## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF BUCHANAN INGERSOLL & ROONEY PC
### FOR THE TWENTY-NINTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Quarterly Fee Application of Buchanan Ingersoll & Rooney PC for the Twenty-Ninth Interim Period (the "Application").

### BACKGROUND

1.      Buchanan Ingersoll & Rooney PC  ("Buchanan") was retained as co-counsel to the Official Committee of Equity Holders.  In the Application, Buchanan seeks approval of fees totaling $60,943.00 and expenses totaling $101.20 for its services from April 1, 2008 through June 30, 2008 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2008, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in

the United States Bankruptcy Court for the District of Delaware, the United States District Court for

the District of Delaware, and the Third Circuit Court of Appeals.  We served an initial report on

Buchanan, and received a response from Buchanan, portions of which response are quoted herein.

### DISCUSSION

3.      In our initial report, we noted that during the current Application Period, Buchanan

billed 24.70 hours, for total fees of $5,478.50, on matters pertaining to its fee application preparation.

Cumulatively, over the term of Buchanan's involvement in the case, we calculate Buchanan's total

fees for fee application preparation at $113,815.00.[1]  A chart reflecting Buchanan's total fees and

fees for fee application preparation is attached as Exhibit "A."  This computes to 8% of the total fees

billed by Buchanan in the case to date.  Although the Court has not set a defined limit on fees for fee

application preparation in this case, such fees must still be reasonable under Section 330 of the

Bankruptcy Code.  A number of courts, including this one, have established 5% of the total fees

billed as a guideline for reasonableness for such fees.  Thus, we asked Buchanan to explain why the

amount of its fees devoted to fee application preparation should be considered reasonable, and to

explain any special factors which it believes merit consideration on this issue.  Buchanan provided

the following response:

> 1. First of all, I appreciate your observations regarding the costs incurred by
> BIR during the most recent interim fee period, and over the life of the case.  BIR
> wishes to comply with both the letter and spirit of the rules and customs surrounding
> fee applications in this District, and accordingly BIR will make any adjustments
> required if the Fee Auditor continues to press objections after reviewing this written

---

[1]We were careful to exclude from our calculations time spent by Buchanan on the fee
applications of other firms.

response.

2.  The Fee Auditor focuses on the fact that the amount of time BIR has spent on its own fee applications is high <u>based solely on the fact</u> that this component of the BIR fees has now reached a level exceeding five percent (5%) of total BIR fees in the case.  The Fee Auditor does not seem to be asserting that the paralegal and attorney time spent on any one BIR fee application, or for any monthly period, is excessive in and of itself, but rather only as compared to the level of BIR fees as a whole.  (If, indeed, the Fee Auditor is raising issues with fee application costs in and of themselves for this period, BIR will be happy to consider a specific reduction.)

3.  This observation about the BIR fees comes late in the case; as the Fee Auditor has approved each of BIR's fee applications as presented, except for one minor adjustment for copying costs recently.  Granted, the Fee Auditor is charged with reviewing all fees and expenses at the end of the case, but it is notable in this instance that the Fee Auditor has never before raised any issue with the amount of time BIR spent on its fee applications.

4.  And yet the total fee application number has slowly crept up until it exceeds five percent (5%) of total BIR fees in this case.  How has that happened?  There is a simple explanation for it:  The reason that BIR's fees for fee application preparation now exceed five percent of total fees is because BIR has voluntarily limited its role as Delaware counsel to the Equity Committee so that it incurs relatively little in overall fees now that the Equity Committee is a plan proponent, now that the case is coming to an end .

5.  At this stage of the case, BIR has only one attorney and one paralegal working on this case. If BIR had staffed the engagement differently--perhaps adding an associate or another partner --the amount of time both lawyers would have spent reviewing pleadings and staying abreast of the case would have raised overall fees higher, and most likely would have resulted in the amount of fees for fee application preparation to be measurably lower <u>as a percentage of total fees</u>, but not as an absolute number.  In fact, under this hypothetical, overall fees charged by BIR to the estate would have been higher.

6.  BIR fulfilled its role as Delaware counsel and minimized fees charged to the estate, as any retained professional should mindfully do.  Because BIR acted responsibly in minimizing its overall fees for the waning days of this case, it now faces the argument that it has spent relatively too much in fee application preparation time.

7.  BIR is willing to cut its fee application time, if that is the Court's wish.  But for a strictly local counsel role like the one filled by BIR in this case, and in light

>of the overall staffing of the case, BIR respectfully requests the Fee Auditor to allow
>BIR's fee preparation component to stand.

We understand and appreciate Buchanan's response, but do not believe Buchanan's fees for fee application matters to be entirely reasonable.  We note as an example the current Application in which $5,478.50 of the total fees of $60,943.00, or 9%, were billed for matters pertaining to Buchanan's fee applications.  We understand that not all of the $5,478.50 in fees billed for fee application preparation were for the current Application, but that a portion of these fees were incurred in preparing the application immediately preceding this one.  Accordingly, we typically calculate the percentage of fees devoted to fee application preparation on a cumulative basis so that we can obtain a more accurate total.  Five percent of the total fees billed by Buchanan in this case would be $72,369.15.  However, Buchanan's cumulative fees for fee application preparation over the course of the case are $113,815.00, and thus exceed 5% of Buchanan's total fees by $41,445.85. Nevertheless, we note that Buchanan's total fees billed over the course of the case have been relatively small compared with other applicants, causing its fee application preparation fees to comprise a larger than normal percentage of the total.  Buchanan's fees have exceeded $50,000.00 in just over one-half of the 27 quarterly application periods in which Buchanan has filed an application.[2]  We also note that 86% of the fees for fee application preparation in the current Application were billed by a paraprofessional with a relatively low hourly rates of $175.  Finally, because there is no set limit in the fee auditor order for this case on fees billed for fee application preparation, we understand that some applicants may not be aware of what is normally accepted as

---

[2]In some Delaware cases in which a 5% fee application preparation cap is adopted, an exception to the cap is made for applicants with fees of less than $50,000.00.

reasonable for this project category. Thus, while we believe that some reduction is appropriate here, we do not believe that it would be appropriate to recommend disallowance of all of Buchanan's fees for fee application preparation in excess of 5% of the total fees which Buchanan has billed in the case to date.  Five percent of the fees billed in the current Application is $3,047.15.  Buchanan's fee application preparation fees in the current Application are $5,478.50, and thus exceed the 5% marker by $2,431.35.  In view of the foregoing factors, rather than recommending a reduction of $2,431.35, we recommend a reduction of one-half this amount, for a reduction of $1,215.68 in fees.

## CONCLUSION

4.    Thus, we recommend approval of $59,727.32 in fees ($60,943.00 minus $1,215.68) and $101.20 in expenses for Buchanan's services for the Application period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
        Warren H. Smith
        Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 7th day of November, 2008.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Teresa K. D. Currier
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
Wilmington, DE 19801

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

**United States Trustee**
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801