IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Bankruptcy Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Re: Docket No. 19987** |

## DEBTORS' STATUS REPORT REGARDING ANDERSON MEMORIAL HOSPITAL'S CLASS PROOFS OF CLAIM (#9911 AND #9914)

Anderson Memorial's "status report" regarding its "statewide" and "worldwide" proofs of claim sidesteps the key question that the Court directed the parties to answer: whether Anderson Memorial Hospital is the only building identified in the class claims for which a claim remains alive, or, put another way, whether all the other buildings identified in the two class proofs of claim have been addressed by orders of this Court. The answer is: The only live individual claims identified in the class proofs of claim are: (i) Anderson Memorial Hospital itself; and (ii) fifty-five Canadian claims identified in Anderson's "worldwide" proof of claim remain, fifty-four of which are the subject of the Debtors' pending Canadian limitations motion, to be heard on Monday, November 24.

In light of the status of the Canadian claims and the District Court's November 13 denial of Anderson's latest attempted appeal of class certification denial, it is even clearer that, as Grace proposed at the October 27 hearing:

(1)     The class proofs of claim (Nos. 9911 and 9914) should be categorized as "inactive" and Exhibit 21 to Grace's Disclosure Statement should be revised accordingly; and

(2)     Anderson Memorial's claim on its own behalf (No. 11008) remains active.

## I.    Facts

On or about March 31, 2003, Anderson Memorial's counsel Speights & Runyan ("S&R")

filed approximately 3,000 claims in response to the Notice Program and Bar Date, including: (1)

individual claims on behalf of so-called *Anderson Memorial* out-of-state claimants and on behalf

of so-called *Anderson Memorial* in-state claimants; (2) an individual claim on behalf of

Anderson Memorial Hospital (No. 11008); and (3) two purported class proofs of claim (Nos.

9911 and 9914), which describe the property(ies) for which claims were being asserted as

"Various Locations Worldwide" and "Various Locations Statewide." The "Worldwide" proof of

claim attached an extensive list of individual buildings in the United States (including buildings

in South Carolina and in other states) and Canada. The "South Carolina" proof of claim attached

information about Grace product sales in South Carolina but not a list of individual buildings.

In September 2005, Grace objected to S&R's lack of authority from individual claimants

to file the thousands of so-called *Anderson Memorial* claims. (Dkt. Nos. 8640 and 9311). In

October 2005, S&R withdrew approximately 1,500 of these claims. Also in October 2005, this

Court determined that S&R lacked authority to file individual claims on behalf of purported

*Anderson Memorial* class claimants, ordering S&R to withdraw additional South Carolina and

non-South Carolina *Anderson Memorial* claims and expunging these claims. (Dkt. Nos. 10961,

11025 (10/31/05 Hrg. Tr. at 90) and 11080).

With the withdrawal and expungement of these so-called *Anderson Memorial* proofs of

claim, litigation proceeded with respect to the remaining S&R claims. From 2006 through 2008,

through motion practice, withdrawals, expungements and settlements, all of S&R's remaining

individual Asbestos PD proofs of claim against the Debtors have been resolved, save for: (i)

Claim No. 11008 -- Anderson Memorial's individual claim, with no class component; and (ii) 55

Canadian claims, 54 of which are subject to the Debtors' pending summary judgment motion regarding Canadian limitations periods.

The 54 Canadian claims that have not yet been expunged and are subject to the Debtors' pending limitations motion were specifically identified and encompassed within S&R's Anderson Memorial "Worldwide" class proof of claim, as shown on the last twelve pages of the list of buildings attached to that proof of claim. These twelve pages -- titled "Canada" -- are attached hereto as Exhibit A. A list of the 55 remaining Canadian claims is attached hereto at Exhibit B.

As to the two Anderson class proofs of claim, this Court denied class certification on May 29, 2008. (Dkt. No. 18821). Since then, Anderson has vigorously pursued appeals -- all denied. Anderson filed a Motion for Leave to Appeal to the District Court. (Dist Ct. Case No. 08-118), which the District Court denied. *In re W.R. Grace*, 2008 WL 4234339 (D. Del. Sept. 4, 2008). The District Court also has denied Anderson's motion reconsider the denial of leave to appeal, or, in the alternative, to certify the matter to the Third Circuit. (Dist. Ct. Case No. 08-118, 11/10/08 Memorandum Opinion and Order, Dkt. No. 15).

## II.    Argument

As Grace's counsel articulated at the October 27 hearing, the appropriate way to treat Anderson's two class claims is for the Debtor to amend Exhibit 21 (Schedule of Unresolved Asbestos PD Claims) to its proposed Disclosure Statement to state that the Anderson Memorial "statewide" and "worldwide" proofs of claim are inactive and held in suspense. This is the correct result because class certification was denied, appeals have thus far been denied, and the Canadian claims are fully briefed and will soon be resolved.

**A.     With Class Certification Denied, The Class Proofs of Claim Have No Substance Unless Individual Claims Remain.**

Rule 23 does not change substantive or procedural bankruptcy law and does not create claims. Thus, when a proof of claim is filed on behalf of a representative and a putative class and the class certification request is denied, there is no reason why the purported proof of claim must undergo the further step of being expunged. As Grace's counsel explained "[T]he second two proofs of claim purport to have Anderson be a representative. That part of those claims is purely a request . . . There's nothing that says it is a class claim. It has to be certified before it is a class claim, and those have not been certified. And the certification aspects of those claims are inactive and in suspense until there's a final order such that if there is to be an appeal on final order of the class certification motion, then that would become timely." 10/27/08 Tr. at 270-71.

Despite Anderson's fondness for stretching the bounds of these precedents, neither *American Reserve* nor *First Interregional* stands for the proposition that a class proof of claim has some meaning beyond the identified individual claimants. *American Reserve* did not hold that the filing of a class proof of claim changes substantive or procedural bankruptcy law and did not authorize bankruptcy courts to certify classes of claimants who did not file claims by the Bar Date. *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988). The *In re First Interregional Equity Corp.* court ruled that the class certification entered after the Bar Date would not be limited to "those individual claimants who had filed individual proofs of claim within the bar date." 227 B.R. 358, 371 (D.N.J. 1998). However, as the District Court found in its November 13 Memorandum Opinion, "In *Interregional*, the putative class was precisely defined and the causal chain was clear. The present case lacks such clarity. Grace sold to thousands of customers over a period of decades. Many of those buildings have since changed hands." Dist. Ct. Case No. 08-118, 11/13/08 Mem Op. at 21-22.

## III.    Conclusion

The Court should do as Grace suggested at the October 27 hearing:  enter an order,

substantially in the form of the attached proposed Order, stating that the Anderson Memorial

statewide and worldwide proofs of claim Nos. 9911 and 9914 are inactive and held in suspense.


Dated:  November 20, 2008          KIRKLAND & ELLIS LLP
David M. Bernick
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in
Possession