# EXHIBIT B

# AFFIDAVIT OF VICKI B. FINKELSTEIN

**LEWIS AND ROCA LLP — LAWYERS**

One South Church Avenue Suite 700
Tucson, Arizona 85701-1611
Telephone: (520) 622-2090

D. Douglas Metcalf, State Bar No. 017377
Direct Dial: 520 629-4404
Direct Fax: 520 879-4733
EMail: Doug_Metcalf@LRLaw.com

Attorneys for Intervenor/Defendant
W.R. Grace & Co.-Conn.

## SUPERIOR COURT OF ARIZONA
## COUNTY OF MARICOPA

| | |
|---|---|
| FIRST LIBERTY NATIONAL BANK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ARI-ZONOLITE CO., an Illinois ) <br> corporation, ) <br> ) <br> Defendant. ) | No. CV2008-006088 <br><br> **AFFIDAVIT OF VICKI B. FINKELSTEIN** <br><br> (Assigned to the Honorable Barbara Hammer) |

STATE OF MARYLAND )
                  ) ss.
COUNTY OF HOWARD  )

I, Vicki B. Finkelstein, being first duly sworn, upon my oath, depose and state as follows:

1. I make this affidavit based on my own personal knowledge and upon my review of the business records of W.R. Grace & Co.-Conn. (hereafter "W.R. Grace").

2. I am Director of Real Estate and Senior Real Estate Counsel for W.R. Grace.

3. W.R. Grace is a corporation organized under the laws of the State of Connecticut.

4. W.R. Grace's worldwide corporate headquarters is located at 7500 Grace Drive, Columbia, Maryland.

5. W.R. Grace is registered to do business in Arizona.

6. The registered agent for W.R. Grace in Arizona is Prentice-Hall Corp. System, 2338 W. Royal Palm Road, Suite J, Phoenix, Arizona.

247983.1

LEWIS AND ROCA LLP
LAWYERS

7. W.R. Grace is a manufacturing company that produces specialty chemicals, materials and formulation technologies, as well as specialty construction materials, systems and services that strengthen, enhance and protect structures.

8. W.R. Grace has manufacturing facilities in many states and foreign countries.

9. Among other facilities, W.R. Grace has a manufacturing facility in Phoenix, Arizona.

10. W.R. Grace's Phoenix facility is located at 4220 W. Glenrosa, Glendale, Arizona 85018 and has been assigned tax parcel number 107-02-065B (hereafter "the Property"). The Maricopa County Assessor lists the property address as 4637 N. 42nd Street, Phoenix, Arizona. This is the same property. Glenrosa Street borders the property to the south and 42nd Avenue borders the Property to the east.

11. W.R. Grace is the owner of the Property.

12. W.R. Grace uses the Property to manufacture vermiculite. The Property has a sign on it indicating that it is a W.R. Grace facility.

13. Prior to 1966, the Property was owned by Ari-Zonolite Co., an Illinois corporation doing business in Arizona ("Ari-Zonolite"). In August of 1966, W.R. Grace purchased the stock of Ari-Zonolite.

14. On December 31, 1974, Ari-Zonolite filed Articles of Dissolution with the State of Illinois and all of its assets were acquired by W.R. Grace. On this same day, Ari-Zonolite executed a warranty deed, a copy of which is attached hereto as Exhibit A, transferring the Property from Ari-Zonolite to W.R. Grace.

15. From 1974 until 2001, W.R. Grace continued to operate its manufacturing plant on the Property and paid all taxes with respect to the Property as they came due. During this time, the tax bills for the Property were mailed to "W R Grace & Company, P.O. Box 122283, Fort Worth, TX 76121."

16. On April 2, 2001 (the "Petition Date"), W.R. Grace filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

247983.1

LEWIS
AND
ROCA
—LLP—
LAWYERS

1  W.R. Grace continues to operate its businesses and manage its properties as a debtor in
2  possession.
3      17.  On April 25, 2001, W.R. Grace provided notice of its bankruptcy filings to
4  Maricopa County by sending the Maricopa County Treasurer two Notices of
5  Commencement of the Chapter 11 Cases. The Notices of Commencement of the Chapter
6  11 Cases were addressed to "Maricopa County Treasurer, Attn: Doug Todd, Treasurer, W.
7  Jefferson St. - Rm. 100, Phoenix, AZ 85003-2199" and "Maricopa County Treasurer, P.O.
8  Box 78574, Phoenix, AZ 85062-8574," a copy of which is attached hereto as Exhibit B.
9      18.  As a result of the commencement of its Chapter 11 Cases, W.R. Grace did
10  not pay the prepetition real property taxes with respect to the Property for the first quarter
11  of 2001 (the "Prepetition Taxes").
12      19.  According to the online records from the Maricopa County Treasurer, the
13  total real property taxes levied again the Property for 2001 was $19,397.80.
14      20.  The first installment of the real property tax for 2001 was $9,698.90. W.R.
15  Grace paid one-half of that amount, or $4,849.45, to reflect the fact that three months
16  worth of taxes were Prepetition Taxes. W.R. Grace paid the second installment of the
17  2001 real property tax in the amount of $9,698.90. Thus, W.R. Grace paid three-fourths of
18  the total taxes due on the Property for 2001.
19      21.  On February 10, 2003, without W.R. Grace's knowledge, Maricopa County
20  allegedly sold a tax lien for the pre-petition portion of the 2001 taxes on the Property to
21  First Liberty National Bank, through its agent, the Mooring Tax Asset Group (the "Tax
22  Lien").
23      22.  According to the Maricopa County Treasurer, First Liberty National Bank
24  purchased the 2001 tax lien on the Property for $5,237.40. This represented one-half of
25  the amount of the first installment of tax for 2001 ($4,849.45) plus interest.
26      23.  On April 13, 2006, over three years after the purported sale of the Tax Lien
27  to First Liberty, W.R. Grace received a letter from Thomas Burke of the Mooring Tax
28  Asset Group, on behalf of First Liberty (the "April 2006 Letter"). The April 2006 Letter, a

3

247983.1

Case 01-01139-AMC   Doc 20127-2   Filed 11/24/08   Page 5 of 7



copy of which is attached hereto as Exhibit C, was addressed to "W.R. Grace & Company, P.O. Box 122283, Fort Worth, TX 76121." The April 2006 Letter stated that on February 10, 2003, First Liberty purchased the Tax Lien on the Property and that, in accordance with Arizona law, if the owner of the Property has not paid the taxes within three years of the sale, the tax lien holder may foreclose on the property.

24. In response to the April 2006 Letter, a tax administrator for W.R. Grace spoke with a representative from the Mooring Tax Group about the matter. The Mooring Tax Group representative told the W.R. Grace tax administrator to contact Maricopa County. Thereafter, the W.R. Grace contacted Maricopa County regarding the purported sale of the Tax Lien. W.R. Grace was reassured by the Maricopa County Treasurer's Office that W.R. Grace's account was "flagged" showing it was in chapter 11 and that no tax lien would be executed.

25. Despite this assurance, on December 1, 2006, W.R. Grace received a Notice of Intent to File Foreclosure Action ("Notice") from Maricopa County, a copy of which is attached hereto as Exhibit D. The Notice listed "W.R. Grace & Company, P.O. Box 3247, Lake Charles, LA 70602" as the "Property Owner." W.R. Grace responded to this Notice by having its bankruptcy counsel send a letter to Maricopa County, dated December 21, 2006, stating that any foreclosure action would be in violation of the automatic stay and demanding that all foreclosure actions be ceased immediately. A copy of the December 2006 Letter is attached hereto as Exhibit E.

26. On September 24, 2007, a representative W.R. Grace had a telephone conversation with Maricopa County regarding the status of the Tax Lien on the Property. W.R. Grace was notified that the Property was listed in the county records as being "under litigation" but that there was no mention of bankruptcy proceedings in the county records. W.R. Grace again notified Maricopa County of its Chapter 11 Cases, and followed-up its phone conversation with a letter dated September 24, 2007 advising Maricopa County of the Chapter 11 Cases and that it would be a violation of the automatic stay to conduct any action with respect to the Property.

4

247983.1

LEWIS AND ROCA LLP — LAWYERS

27. On March 17, 2008, First Liberty filed a Summons and Complaint in the Superior Court (No. CV-2008-006088) to quiet title to the Property and seeking a declaration from the Superior Court that the owner had not redeemed the Property in the time period required under state law and therefore the owners would be forever barred from having or claiming any right or title adverse to First Liberty (the "Quiet Title Action").

28. Despite the fact that W.R. Grace has maintained an operating plant at the Property throughout the events described in this affidavit, First Liberty contends that they were unable to find a statutory agent for Ari-Zonolite and therefore used service of process by publication as the only means of noticing the owner regarding the Quiet Title Action.

29. On September 24, 2008, again without notifying W.R. Grace, and despite having received all postpetition tax payments from W.R. Grace during the Chapter 11 Cases and having communicated with W.R. Grace several times during the course of the Chapter 11 Cases, Maricopa County allegedly issued a treasurer's deed to First Liberty, pursuant to that default judgment. A copy of the treasurer's deed is attached hereto behind Ex. F.

30. On October 30, 2008, W.R. Grace received two copies of a letter from Michael J. Doyle, counsel for First Liberty, notifying W.R. Grace about the Quiet Title Action and the basis for their foreclosure on the Property. One copy of the letter was addressed to "Ari-zonolite Co., c/o Terry Puglisi, Esq., 7500 Grace Dr., Columbia, MD 21044-4009." This is the address of W.R. Grace's corporate headquarters in Columbia, Maryland. The second copy of the letter was addressed to Ari-zonolite Co., 4220 W. Glenrosa, Glendale, Arizona 85019." This is the address of the Property. Copies of these letters are attached hereto behind Ex. G. The receipt of these letters is the first time that W.R. Grace became aware of the foreclosure actions of First Liberty.

31. On November 13, 2008, W.R. Grace's counsel sent a letter to Mr. Doyle in response to the October 30, 2008 letter. In this letter, W.R. Grace explained that the Quiet Title Action was in violation of the automatic stay and that W.R. Grace would be taking

LEWIS AND ROCA LLP — LAWYERS

appropriate legal action to challenge First Liberty's position in the Quiet Title Action. A copy of the letter is attached hereto as Ex. H.

Executed this ___24___ day of November, 2008.

_____
Vicki B. Finkelstein

SUBSCRIBED AND SWORN TO before me this 24 day of November, 2008.

_____
Notary Public

My commission expires:
6-21-11

CANDACE L. WALKER
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires June 21, 2011

COPY of the foregoing
mailed this _____ day of
November, 2008, to:

Michael J. Doyle
Gary T. Doyle
Baumann, Kelly, Doyle, Paytas & Bernstein, P.A.
2929 North 44th Street, Suite 120
Phoenix, Arizona 85018
Attorneys for Plaintiff

6

247983.1