THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: December 5, 2008 at 4:00 p.m. (requested)**

**Hearing Date: December 15, 2008 at 1:00 p.m. (requested)**

**DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S SCHEDULING ORDER AND TO SHORTEN NOTICE PERIOD ON DEBTORS' MOTION FOR ENTRY OF AN ORDER DECLARING AS VOID *AB INITIO* ANY AND ALL ACTIONS TAKEN BY MARICOPA COUNTY, ARIZONA, FIRST LIBERTY NATIONAL BANK AND MARICOPA COUNTY SUPERIOR COURT WITH RESPECT TO DEBTORS' REAL PROPERTY IN MARICOPA COUNTY**

The Debtors hereby move this Court pursuant to Del. Bankr. L.R. 9006-1(e), Rule

9006(c) of the Bankruptcy Rules and section 102 of the Bankruptcy Code, for leave from this

Court's Scheduling Order and to shorten the notice period with respect to its "*Motion of Debtors*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*For Entry of an Order Declaring as Void Ab Initio Any and All Actions Taken by Maricopa County, Arizona, First Liberty National Bank and Maricopa County Superior Court with respect to Debtors' Real Property in Maricopa County*" (the "Motion"), so that the Motion may be heard at the Court's December 15, 2008 Omnibus hearing and setting the Objection Deadline on the Motion for December 5, 2008. In support of this Motion, the Debtors respectfully represent as follows:

1.      In early November of 2008, the Debtors received a letter, dated October 30, 2008, addressed to "Ari-zonolite Co., c/o Terry Puglisi, Esq., 7500 Grace Dr., Columbia, MD 21044-4009," from Michael J. Doyle, counsel for First Liberty. The letter notified the Debtors about a Quiet Title Action and subsequent foreclosure that had been executed, without the Debtors' knowledge, against the Debtors' property in Maricopa County Arizona. Prior to this time, the Debtors were unaware of any foreclosure action with respect to their property in Maricopa County.

2.      In response to this letter and to the actions that have taken with respect to the Debtors' property, the Debtors are filing the Motion in order to prevent harm to their estates through the purported sale and foreclosure of their property.

3.      The Debtors believe that it is critical to have the Motion heard at the Court's December 15, 2008 hearing in order to promptly reassert their ownership of the property and in order to prevent any potential interference with the Debtors' use of the property. The Debtors currently operate a plant on the property and would suffer severe damages if their use of the plant was interrupted by the purported buyer of the property.

2

4.       Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Similarly, Del.Bankr.LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion specifying the exigencies justifying shortened notice."

5.       Accordingly, the Debtors file this motion seeking an Order of this Court for leave of the Scheduling Order and shortening the notice period prescribed by Del. Bankr. LR 9006-1(c) to enable the Debtors to have the Motion heard at the Court's December 15, 2008 hearing. The Debtors also respectfully request that the Court establish December 5, 2008 as the deadline to object to the Motion.

6.       Given the nature of the relief requested, the Debtors respectfully submit that the limited notice described above is appropriate, as is leave from the Scheduling Order.

*[Remainder of Page Intentionally Left Blank]*

3

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Debtors leave from the Scheduling Order, (ii) shortening the notice period with respect to the Motion, (iii) setting the objection deadline on the Motion for December 5, 2008 and (iv) scheduling the Motion for a hearing December 15, 2008.

Dated:  November 24, 2008                        Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, IL  60601
312/861-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400

Co-Counsel for the Debtors and Debtors in Possession

4