IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et. al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-1139 (JKF)<br>Jointly Administered<br><br>Objection deadline: 12/16/2008 at 4:00 p.m. |

**FORTY-SEVENTH MONTHLY FEE APPLICATION OF
PROTIVITI INC. AS DEBTORS' SARBANES OXLEY
COMPLIANCE ADVISORS FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
OCTOBER 2008**

| | |
|---|---|
| Name of Applicant: | Protiviti Inc. |
| Authorized to Provide Services to: | Debtors |
| Date of Retention: | Order dated November 17, 2003, *nunc pro tunc* to June 30, 2003 |
| Period for which compensation and reimbursement is sought: | October 1 through October 31st, 2008<br><br>**Note:** This Forty-Seventh Fee Application of Protiviti Inc. also includes time and expenses from prior periods. |
| Amount of Compensation sought as actual, reasonable and necessary | $47,982.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | $1,694.19 |
| This is a(n):  X interim | ___ Final application |

Prior applications:    None.

Local Form 102
(Page 1 of 3 Pages)

## TIMEKEEPER SUMMARY

**Sarbanes-Oxley Compliance Services**

| Name of Professional | Position of the Applicant / Number of Years Experience in Profession | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Samuel Isichei | Senior Consultant  10 years | $175 | 104.0 | $18,200.00 |
|  |  | Sub-Total | 104.0 | $18,200.00 |

**Information Security Assessment**

| Name of Professional | Position of the Applicant / Number of Years Experience in Profession | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laliberte, Scott | Managing Director  14 years | $165 | 11.0 | $ 1,815.00 |
| Hendrixson, Marie | Managing Director  20 years | $165 | 2.5 | $ 412.50 |
| Hawkins, Ray | Associate Director  15 years | $165 | 42.5 | $ 7,012.50 |
| Foret, Steve | Senior Consultant  5 years | $165 | 124.5 | $ 20,542.50 |
|  |  | Sub-Total | 180.5 | $ 29,782.50 |

|  |  | Total | 284.5 | $ 47,982.50 |
|---|---|---|---|---|

Local Form 102

(Page 2 of 3 Pages)

## COMPENSATION BY PROJECT CATEGORY

| Project Category (Examples) | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis and Recovery | 0 | 0 |
| Asset Disposition | 0 | 0 |
| Business Operations | 0 | 0 |
| Case Administration | 0 | 0 |
| Claims Administration and Objections | 0 | 0 |
| Employee Benefits/Pension | 0 | 0 |
| Retention of Professionals | 0 | 0 |
| Fee Applications | 0 | 0 |
| Fee Application Objections | 0 | 0 |
| Financing | 0 | 0 |
| Security Issues | 0 | 0 |
| Litigation | 0 | 0 |
| Plan and Disclosure Statement | 0 | 0 |
| Relief from Stay Proceedings | 0 | 0 |
| Other (Explain)<br>• Sarbanes Oxley Compliance Services | 104.0 | $18,200.00 |
| Other (Explain)<br>• Information Security Assessment | 180.5 | $29,782.50 |
| Accounting/Auditing | 0 | 0 |
| Business Analysis | 0 | 0 |
| Corporate Finance | 0 | 0 |
| Data Analysis | 0 | 0 |
| **Total** | **284.50** | **$47,982.50** |

Local Form 102
(Page 3 of 3 Pages)

## EXPENSE SUMMARY

**Sarbanes-Oxley Compliance Services**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Transportation | N/A | $0 |
| Lodging | N/A | $0 |
| Sundry | N/A | $0 |
| Business Meals / Entertainment | N/A | $0 |
| Technology Usage/Knowledge Capital | N/A | $364.00 |
| **Sub-Total Expenses** | | **$364.00** |

**Information Security Assessment**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Transportation | N/A | $579.03 |
| Lodging | N/A | $506.16 |
| Sundry | N/A | $245.00 |
| Business Meals / Entertainment | N/A | $0 |
| Technology Usage/Knowledge Capital | N/A | $0 |
| **Sub-Total Expenses** | | **$1,330.19** |

| **Total Expenses** | | **$1,694.19** |
|---|---|---|

3

Fee Application Certification

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et. al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-1139 (JKF)<br>Jointly Administered<br><br>Objection deadline: 12/16/2008 at 4:00 p.m. |

### CERTIFICATION OF MARIE HENDRIXSON

I, Marie Hendrixson, hereby certify that:

1. I am a managing director with Protiviti Inc. ("Protiviti"). Protiviti was retained by W.R. Grace & Co. and the other above-captioned debtors (collectively, the "Debtors") as Sarbanes Oxley Compliance Advisors for the Debtors pursuant to Section 327(a) of Title 11 of the United States Code, 11 U.S.C. § 101 and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure. The nature and scope of Protiviti's services are described in the *Monthly Fee Application of Protiviti Inc., Sarbanes Oxley Compliance Advisors for the Debtors, For Allowance of Compensation and Reimbursement of Expenses for October 2008* (the "Application"), which is being submitted contemporaneously with this Certification to this Court. This Certification is made in support of the Application and in compliance with the *Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures/or Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* (the "Amended Administrative Order").

2. I have read the Application and I certify as follows:

    (a) The expenses for which reimbursement is requested by Protiviti in the Application are reasonable and were necessary and incidental to the services performed by and for the Debtors.

    (b) To the best of my knowledge, information, and belief, formed after

4

Fee Application Certification

reasonable inquiry, except as expressly stated to the contrary, the Application complies with the mandatory provisions set forth in the Amended Administrative Order.

(c) To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Administrative Procedures Guidelines.

(d) The fees and disbursements for which reimbursement is sought in this Application are billed at rates and in accordance with practices customarily employed by Protiviti and generally accepted by the clients of Protiviti.

(e) Protiviti does not make a profit on the expenses for which it seeks reimbursement in the Application.

(f) In charging for a particular service, Protiviti does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay.

(g) In seeking reimbursement for a service, which Protiviti justifiably purchased from a third party, Protiviti requests reimbursement only for the actual amount billed to Protiviti by the third party vendor and paid by Protiviti to such vendor.

*Marie T Hendrixson*
Marie Hendrixson

Dated: 11/25/08

Philadelphia, PA