IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF BMC GROUP
FOR THE TWENTY-NINTH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Quarterly Fee Application of BMC Group for the Twenty-Ninth Interim Period (the "Application").

**BACKGROUND**

1. BMC Group ("BMC") was retained as Claims Reconciliation and Solicitation Consultant to the Debtors. In the Application, BMC seeks approval of fees totaling $93,500.50 and expenses totaling $7,155.50 for its services from April 1, 2008 through June 30, 2008 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2008, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on BMC, and received a response from BMC, portions of which response are quoted herein.

## DISCUSSION

3.  In our initial report, we noted that during the Application Period, BMC billed 36.40 hours, for total fees of $7,644.00, on matters pertaining to its fee application preparation. In our final report for the previous interim period, we addressed BMC's cumulative charges for fee application preparation over the course of the case and recommended a fee reduction on this issue.[1] The fees billed for fee application preparation during the current Application Period are much less the period immediately preceding this one. Nevertheless, they still comprise approximately 8% of the total fees sought by BMC during the current Application Period. Although the Court has not set a defined limit on fees for fee application preparation in this case, such fees must still be reasonable under Section 330 of the Bankruptcy Code. A number of courts, including this court, in other cases, have established 5% of the total fees billed as a guideline for reasonableness of such fees. Thus, we asked BMC to explain why the amount of BMC's fee application preparation fees should be considered reasonable, and to explain any special factors meriting our consideration on this issue. BMC responded as follows:

> BMC agrees that the Fee Examiner addressed this issue in its final report for the previous interim period and recommended a fee reduction; however, BMC did not understand this to be a final recommendation for preparation of all of its fee

---

[1] *See* Fee Auditor's Final Report Regarding Fee Application of BMC Group for the Twenty-Eighth Interim Period, at ¶ 3.

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR BMC 29Q 4-6.08.wpd

applications. In its explanation for the reasonableness of the fee charges, BMC does not expend the time in its normal business billing practices categorizing its billing in the detail required/requested by counsel in this case, so it is necessary for BMC's staff to expend the time reviewing and analyzing the billing entries, and categorizing those entries as requested by counsel.

Rather than continue to incur fees each quarter responding to the Fee Examiner's Report about its charges for preparation of fee applications, BMC suggests that on a going-forward basis, following the guidelines established by the Court, BMC will agree to voluntarily reduce, on an interim basis, the fees requested in the Fee Application category to not less than 5% for each quarter. Since the 5% is calculated on the cumulative total, at the end of the case, should BMC's final cumulative total be under the 5% guideline, then BMC will request that the Court allow the voluntary reductions in an amount to bring BMC's fees in the Fee Application category to 5% of the final cumulative total.

Thus, for the 29th Interim Period, BMC will agree to a voluntary reduction, on an interim basis, of the fees requested in the category for preparation of fee applications, of 2.65% or $2,480.50 in fees, and requests that the Court allow the remaining $91,020.00 in fees for the 29th Interim Period.

We appreciate BMC's response, and recommend a reduction of $2,969.00[2] in fees.

## CONCLUSION

4.      Thus, we recommend approval of $90,531.50 in fees ($93,500.50 minus $2,969.00) and

$7,155.50 in expenses for BMC's services for the Application Period.

---

[2]BMC subsequently corrected the amount of its agreed reduction to $2,969.00, as that amount equals the overage from 5% of BMC's fee application fees for the Application Period.

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR BMC 29Q 4-6.08.wpd

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1250
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 1st day of December, 2008.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Myrtle H. John
Martha Araki
BMC Group
600 1st Avenue, Suite 300
Seattle, Washington 98104

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801