IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF CAPLIN & DRYSDALE, CHARTERED,
FOR THE TWENTY-NINTH INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Caplin & Drysdale, Chartered, for the Twenty-Ninth Interim Period (the "Application").

BACKGROUND

1. Caplin & Drysdale, Chartered ("Caplin & Drysdale"), was retained as national counsel to the Official Committee of Asbestos Personal Injury Claimants. In the Application, Caplin & Drysdale seeks approval of fees totaling $514,116.50 and expenses totaling $361,108.55 for its services from April 1, 2008 through June 30, 2008 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2008, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, Issued

January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Caplin & Drysdale, and received a response from Caplin & Drysdale, portions of which response are quoted herein.

## DISCUSSION

3. In our initial report, we noted the following meal charge which appeared excessive:

395.34    NDF; Travel expenses to Pittsburgh for estimation trial on 3/30-4/1 for meals (dinner on 3/30 with EI @141.00, dinner with WBS, EI on 3/31 @234.34)

It appears to us that one can dine satisfactorily in most locales for $55 for dinner. Thus, we asked Caplin & Drysdale to explain why reimbursement of this charge should not be reduced accordingly. Caplin & Drysdale responded as follows:

> You inquire . . . regarding meal expenses incurred by Caplin & Drysdale attorney Nathan D. Finch for dinners in Pittsburgh, PA on the above-referenced dates. Both these meals were purchased in downtown Pittsburgh after 6 p.m., when more reasonably-priced eating establishments had closed for the evening.

We do not believe the response provides us with a sufficient reason to deviate from the relatively generous dinner guideline of $55 per person. Thus, we recommend that reimbursement for the 3/30 dinner charge for two be reduced to $110.00, and that reimbursement for the 3/31 dinner charge for three be reduced to $165.00, for a total reduction of $100.34 in expenses.

4. In our initial report, we noted the following meal charge for which more information was needed:

| NDF | Travel Expenses to NY for post-settlement meetings on 4/15-16 for meals | 04/17/2008 | 133.66 |

It appears to us that one can dine satisfactorily in New York City for $35 for breakfast, $45 for lunch, and $65 for dinner. In response to our inquiry, Caplin & Drysdale provided the following information concerning this charge:

> You inquire . . . regarding meal expenses incurred by Caplin & Drysdale attorney Nathan D. Finch for meal costs in New York City on the above-referenced date. Mr. Finch's meal expenses were as follows:
>
> Late night dinner (12:30 a.m.):   $61.30
> Breakfast:                        $4.00
> Lunch:                            $68.36
>
> Mr. Finch dined alone regarding each of these meals. We would note, however, that late night meal service costs at New York City hotels are considerably higher even than meal service costs at those hotels during normal dining hours.

We accept Caplin & Drysdale's response with respect to the dinner and breakfast charges, but recommend that reimbursement for the lunch charge be reduced to $45.00, for a reduction of $23.36 in expenses.

5. In our initial report, we noted the following hotel charges for which more information was needed:

| EI; Travel to Washington, DC for settlement meeting at Kirkland & Ellis on 4/2 for Willard Intercontinental Hotel | 04/11/2008 | 777.46 |
| Waters & Kraus; Travel expenses for Peter Kraus to attend his deposition in DC 3/3-4 for the Ritz Carlton Hotel | 04/17/2008 | 788.26 |
| Business Card   Omni Hotel in Pittsburgh during trial on 3/18 ($10,757.02) on 4/7 ($7096.93) and on 4/14 ($1618.57) | 5/8/2008 | 19,472.52 |
| JAL; Travel expenses to NYC for meetings w/Kirkland & Ellis re draft plan & term sheets on 6/10-11 for the Marriott NY East Side Hotel | 6/24/2008 | 807.33 |

It appears to us that one can obtain satisfactory lodging in New York City for $450 per night, in Washington, DC, for $350 per night, and in Pittsburgh for $300 per night, excluding taxes. In response to our inquiry, Caplin & Drysdale provided the following information concerning these charges and provided us with a copy of the itemized bill for the charge of $19,472.52, which we reviewed:

| | |
|---|---|
| Elihu Inselbuch, travel to Washington, DC for settlement meeting at Kirkland & Ellis on 4/2/08: Willard Intercontinental Hotel | $777.46 (1 night @ $679; Rm. Tax $98.46) |
| Waters & Kraus; Travel expenses for Peter Kraus to attend his deposition in Washington D.C. on 3/3-4/08: Ritz Carlton Hotel | $788.26 (1 night @ $599.00; Occ. Tax $86.86; Laundry/Valet $11.63; Meal (Lunch) $90.77. |
| Business Card: Hotel expenses in Pittsburgh, PA during trial, on 3/18/08 ($10,757.02), 4/7/08 ($7096.93) and 4/14/08 ($1618.57) | $19,472.52 (Itemizations attached as Exhibit A): |
| Jeffrey A. Liesemer, Travel to NYC for meetings w/Kirkland & Ellis re draft plan & term sheets on 6/10-11/08 for the Marriott NY East Side Hotel | $807.33 (1 night @ rm. $709.00; Rm. Tax $59.38; NYC Tax. $35.45; Occ. $3.50) |

We accept Caplin & Drysdale's response with respect to the $19,472.52 charge at the Omni Hotel in Pittsburgh, as well as the $807.33 charge at the Marriott NY East Side Hotel. Even though the room rate at the Marriott exceeds our trigger rate for New York City, the Marriott is not classified as a luxury hotel.[1] However, the Willard Intercontinental and the Ritz Carlton are both classified as luxury hotels, and thus we apply our Washington, DC, trigger rate of $350.00[2] to gauge the

---

[1] We currently define a luxury hotel as one that is classified as four and one-half or five stars on the Expedia internet website.

[2] We note that the Willard Intercontinental in Washington, DC, is a four and one-half star hotel. There are four Ritz-Carlton hotels in the Washington, DC, area, and they are classified as either four and one-half or five-star hotels. Consistent with our Letter to the Court dated July 14, 2008,

reasonableness of these hotel stays. Based upon the $350.00 trigger rate, we recommend the following reductions:

    $679.00 for one night in Washington, DC        Reduce by $329.00

    $599.00 for one night in Washington, DC        Reduce by $249.00

In addition, we recommend that reimbursement for Mr. Kraus' $90.77 lunch charge be reduced by $55.77. Thus, for all items in this paragraph, we recommend a reduction of $633.77 in expenses.

    6.    In our initial report, we noted the following business class fare:

    1,285.00    4/21/2008  NDF 4/9 travel to Chicago (business class fare 1285.00)

According to Paragraph E of the U.S. Trustee Guidelines: "Factors relevant to a determination that the expense is proper include the following: 1. Whether the expense is reasonable and economical. For example, first class and other luxurious travel mode or accommodations will normally be objectionable..." In most instances, a business class air fare is at least double the cost of a coach class fare, and we maintain that the Estate should not be put to the added expense of providing business class flights for its professionals. In this particular instance, a non-stop, fully refundable, economy class, round-trip ticket from Washington, DC, to Chicago, can be purchased with only a few days' notice for $658.00 on two major airlines. Thus, we asked Caplin & Drysdale whether it would agree to a reduced reimbursement for this charge. Caplin & Drysdale responded as follows:

> The tickets for Mr. Finch's trip to Chicago on April 9 were purchased on April 8, the day before travel. Therefore, Caplin & Drysdale paid full price for Mr. Finch's round trip ticket. Although Mr. Finch flew first class, the amount charged to the Debtors' estates -- $1,285.00 – was the amount of coach fare, paid at full price, for that date (first class fare was $2,085.00). The round-trip ticket was purchased at the last minute due to developments in the case – i.e., an imminent settlement – that had not

---

we obtained these ratings from the Expedia internet website.

**FEE AUDITOR'S FINAL REPORT** - Page 5
wrg FR Caplin 29Q 4-6.08.wpd

    been anticipated to occur as soon and as suddenly as they did.  For these reasons, we do not believe that our reimbursement for this charge should be reduced.

We have determined that our price information for a refundable economy class ticket is valid even for tickets purchased the day prior to the flight.[3]  Thus, we recommend a reduction of $627.00 in expenses.

## CONCLUSION

    7.    Thus, we recommend approval of $514,116.50 in fees and $359,724.08 in expenses ($361,108.55 minus $1,384.47) for Caplin & Drysdale's services for the Application Period.

    Respectfully submitted,

    **WARREN H. SMITH & ASSOCIATES, P.C.**

By: _/s/ Warren H. Smith_
    Warren H. Smith
    Texas State Bar No. 18757050

    325 N. St. Paul, Suite 1250
    Dallas, Texas  75201
    214-698-3868
    214-722-0081 (fax)
    whsmith@whsmithlaw.com

    **FEE AUDITOR**

---

[3] We have found there to be a large price difference between a "full-fare" economy class ticket and a fully refundable economy class ticket, the latter being the price we use in our research.

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 3rd day of December, 2008.

_____
Warren H. Smith

## SERVICE LIST
<u>Notice Parties</u>

**The Applicant**
Elihu Inselbuch
Rita Tobin
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
David M. Bernick
Janet S. Baer
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James E. O'Neill
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

**Counsel to the Official Committee of Personal Injury Claimants**
Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Lockbox 35, Room 2207
Wilmington, DE 19801