IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered  *Re DN 20186* |
| | ) ~~*Initial*~~ | |

## CASE MANAGEMENT ORDER
## RELATED TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION

The following schedule shall govern the deadlines and hearings with respect to confirmation of the First Amended Joint Plan of Reorganization, as amended (the "Plan"), jointly submitted by the Debtors together with the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Equity Security Holders, and the Asbestos PI Future Claimants' Representative (collectively the "Plan Proponents"):

1. The hearing with respect to confirmation of the Plan shall take place in two phases. The first phase shall address confirmation issues raised by and specific to, the Debtors' insurers, the Debtors' lenders under the Pre-Petition Credit Facilities[1] and parties classified under the Plan as Holders of Indirect PI or PD Trust Claims. The second phase shall address the objections of the Libby Claimants and any other confirmation objections not addressed in Phase I.

2. Phase I of the Confirmation Hearing shall take place on April 6-8, 2009. Phase II of the Confirmation Hearing shall take place on June 22-25, 2009 and, if necessary for closing statements, July 20-21, 2009. A pretrial conference for Phase II issues shall occur on June 1, 2009 in Delaware as part of the Debtors' Omnibus Hearing.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

*P.N. 20188*

*(2) The Court will address the Insurers' request for additional language as drafted in the Order attached to their objection (in their paragraph 4 on p. 3 of the Order) at the Dec. 15, 2008 hearing. This Initial Order is entered so that discovery deadlines are established, without prejudice to modification as required to address said request.*

DOCS_DE:142655.1

3. The discovery scheduled for Phases I and II shall be as follows:

| Discovery Item | Phase I Commencement | Phase I Conclusion | Phase II Commencement | Phase II Conclusion |
|---|---|---|---|---|
| Preliminary Objections | | 12/22/08 *or* 1/5/09[2] | | 12/22/08 |
| Written Fact Discovery served (except re Feasibility) | | 12/22/08 *or* 1/5/09 | | 1/23/09 |
| Other Fact Discovery (except re Feasibility) | 12/22/08 | 2/16/09 *or* 3/2/09 | 12/22/08 | 4/15/09 |
| Plan Proponents' Designation of Phase I Issues | | 12/29/08 *or* 1/13/09 | | |
| Expert Reports (except re Feasibility) | | 12/31/08 *or* 1/15/09 | | 12/31/08 |
| Response to Designation of Phase I Issues | | 1/5/09 *or* 1/20/09 | | |
| Supplemental Expert Reports (except re Feasibility) | | 1/21/09 *or* 2/3/09 | | 2/13/09 |
| Expert Depositions (except re Feasibility) | 1/22/09 | 2/12/09 *or* 2/26/09 | 1/22/09 | 4/15/09 |
| Preliminary Witness Lists | | 2/2/09 *or* 2/16/09 | | 1/14/09 |
| Final Witness lists | | 3/2/09 | | 4/15/09 |
| Final Plan Objections (except re Feasibility) | | 3/16/09 | | 3/16/09 |
| Trial Briefs – Objectors (except re Feasibility) | | 3/16/09 | | 5/8/09 |
| Trial Briefs - Plan Proponents (except re Feasibility) | | 3/30/09 | | 5/28/09 |
| Exchange of Exhibits | | 14 days before hearing | | 14 days before hearing |
| Written Fact Discovery served re Feasibility | | | | 4/15/09 |
| Other Fact Discovery re Feasibility | | | 4/15/09 | 5/31/09 |
| Expert Reports re Feasibility | | | | 5/2/09 |
| Supplemental Expert Reports re Feasibility | | | | 5/11/09 |

---

[2] The dates in italics shall apply only to the Debtors' insurers and The Scotts Company LLC.

2

| Expert Depositions re Feasibility | | | | 6/1/09 |
|---|---|---|---|---|
| Trial Briefs/Final Plan Objections re: Feasibility only (Plan Proponents and Objectors) | | | | 14 days prior to hearing (no more than 10 pages) |
| Binders due to Court | | 14 days prior to hearing. | | 14 days prior to hearing |

4. Preliminary objections shall be in bullet point form and shall be the Plan Objectors' reasonable efforts to attempt to list the anticipated objections but they will be without prejudice to the inclusion of new objections after completion of discovery.

5. Simultaneously with the service of the expert reports, the parties shall also serve other interested parties with all documents on which the expert relies in forming his or her opinion which are not publicly available (e.g., medical journal articles). Draft reports prepared in connection with this case are not discoverable, but nothing in this Order limits or is intended to limit the use of any material, however obtained, for examination or cross examination of fact or expert witnesses at trial.

6. The various witness lists to be filed shall separately identify those witnesses anticipated to be called with respect to Libby issues.

7. All parties, including the Libby claimants, the Plan Proponents and the insurers, shall work together to expeditiously complete the production of documents and other discovery materials.

8. The insurers shall use their best efforts to coordinate their discovery and pre-trial efforts to the extent possible.

9. Any person named on the final witness disclosure list whose identity was not previously disclosed by the party in interest calling that witness as having knowledge or

information relevant to this dispute, may be deposed by other parties in interest thereafter, but in no event later than 30 days after the final witness lists are filed.

10. In exchanging exhibits, all parties shall exchange copies of (or, when appropriate, make available for inspection) all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the corresponding Confirmation Hearing. Each proposed exhibit shall be pre-marked for identification.

11. The attorneys representing the Asbestos PI Committee, the attorneys representing one or more members of the Asbestos PI Committee, and other attorneys representing one or more Asbestos PI Claimants shall not be precluded from testifying at the Confirmation Hearing by reason of representing such Committee, members, or Claimants.

12. The Confirmation Hearing and other hearings outlined herein shall take place on the dates outlined herein before the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, in her Courtroom in the United States Bankruptcy Court for the Western District of Pennsylvania, 5464 U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219 *except for* the June 1, 2009 pretrial conference on Phase II which will take place in Delaware at the Debtors' Omnibus Hearing, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware.

13. This CMO and the deadlines outlined herein shall not apply to issues with respect to Asbestos PD matters. The parties shall enter into a separate case management order with respect to Asbestos PD matters once the Asbestos PD documents called for in the Plan have been filed.

14. Various insurers have asked for access to Grace's historical claims database. Grace has no objection in principle to this request but is concerned about privacy and

confidentiality interests of the claimants. Grace will report to the Court on these matters at the December 15, 2008 Omnibus Hearing.

15. All parties preserve all rights and objections. This includes the right to seek supplements to this CMO in order to address additional concerns. Such supplements may be appropriate to address, without limitation: discovery regarding solvency, additional document discovery regarding new witnesses, advance identification of objections to exhibits, the responsibilities of the PI Committee and individual PI lawyers to respond to discovery, and the allocation of cost burdens associated with discovery of x-rays. Issues with respect to the responsibilities of the PI Committee and individual PI lawyers to respond to discovery in respect of the Libby Claimants' objections shall be heard on January 14, 2009 at 9:00 a.m. unless an agreement is reached by the parties before then. The Libby Claimants shall file a Motion with respect to these issues on or before December 29, 2008 and Responses to such Motion shall be filed on or before January 7, 2009.

16. All rights are reserved also to seek modifications of the deadlines set forth in this CMO. The parties and the Court recognize that the pretrial process is complicated and some dates may have to change as further developments occur.

17. Counsel for the Debtors shall immediately serve a copy of this Order on all parties listed on the current service list and any other parties in interest and file a certificate of service with the Clerk of the Bankruptcy Court within five (5) days hereof.

**ORDERED** this 5 day of December, 2008.

_____
Judith K. Fitzgerald
United States Bankruptcy Judge