THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.,* | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**THE BANK OF NEW YORK MELLON'S *LIMITED*
OBJECTION TO DEBTOR'S MOTION FOR ENTRY
OF AN ORDER AUTHORIZING SALE OF DEBTORS' LIMITED
PARTNERSHIP INTERESTS IN COLOWYO COAL COMPANY L.P.**

The Bank of New York Mellon, in its capacity as Trustee (the "Trustee")[1] under that certain Trust Indenture, dated December 6, 1994 (the "Trust Indenture") among the Trustee, Colowyo Coal Funding Corp. ("Colowyo Funding") and Colowyo Coal Company, L.P. ("Colowyo"), providing for this issuance of bonds thereunder to holders of the bonds (the "Holders") objects on a limited basis to the Motion (the "Sale Motion") of the above-referenced Debtors, W.R. Grace & Co., *et al.* (the "Debtors") for Entry of an Order Authorizing the Sale of the Debtors' Limited Partnership Interest in Colowyo to putative purchaser Rio Tinto White Horse Company ("Rio Tinto"). As a basis for its limited objection, the Trustee respectfully states as follows:

**BASIS FOR LIMITED OBJECTION**

1.  The Debtors filed the Sale Motion on or about November 5, 2008.

---

[1] The Bank of New York Mellon is successor in interest by asset acquisition to the rights and interests of The Chase Manhattan Bank (National Association), the original trustee under the Trust Indenture.

12243008.3

2. Prior to the commencement of this bankruptcy case, and part and parcel of the Debtor's acquiring the LP Interests, the Debtors entered into a certain Grace Trustee Undertaking Agreement (the "Grace Undertaking") of even date with the Trust Indenture.

3. Pursuant to the Grace Undertaking, the Debtors agreed to indemnify and hold harmless the Trustee and the Holders against any liens placed on certain coal contract receivables in connection with the Trust Indenture. Specifically, Section 3(a) of the Grace Undertaking provides:

> [The Debtors agree] to indemnify and hold the Trustee, for the benefit of the Holders, harmless from and against any Lien[2] on any of the Collateral that is placed on such Collateral by a creditor of [the Debtor], the Grace Partners or any Affiliates thereof to secure any obligation of [the Debtors], the Grace Partners or any affiliate thereof to such creditor . . . .

4. In addition, the Grace Undertaking obligates the Debtors to supply business interruption insurance for the benefit of the Trustee and the Holders.

5. As first drafted, the proposed Order on the Sale Motion (the "Proposed Order") and the agreement of sale (the "Sale Agreement") do not effectively dispose of all of the relevant liens against the Collateral by the Debtors' creditors unless those creditors received effective notice of Motion. Nor do the Sale Motion and Proposed Order provide that Rio Tinto, as the putative purchaser of the Debtor's interest in Colowyo, shall assume all of the Debtors' obligations, as required by the Grace Undertaking in Sections 5 and 7 thereof, and specifically those obligations to indemnify and hold harmless the Trustee and the Holders, as expressly set forth in the Grace Undertaking and to provide business interruption insurance in accordance with the terms of thereof.

---

[2] Any capitalized terms used but not defined in this Motion shall have the meaning ascribed thereto in the Undertaking or Trust Indenture as appropriate.

6.  Rio Tinto and the Debtors have requested the Trustee to take certain actions with respect to the Grace Undertaking in connection with the Sale Agreement that is the subject of the Proposed Order and the hearing scheduled on the Sale Motion for December 15, 2008.

7.  The Trustee is unable to take the requested action in accordance with the terms of the Grace Undertaking without certain modifications to the Sale Agreement and the Proposed Order that will address certain technical issues in the Grace Undertaking in connection with the proposed sale.

8.  The Trustee, Rio Tinto and W.R. Grace have reached an agreement in principal regarding what steps must be taken to permit the Trustee's cooperation to achieve the goals of the proposed 363 Sale. The parties are actively negotiating the necessary revision to both the Sale Agreement and the Proposed Order but have been unable, and are unlikely to be able, to finalize acceptable drafts of these documents prior to the Court-imposed December 5, 2008 objection deadline to Sale Motion.

9.  Accordingly, the Trustee hereby objects on a limited basis merely to preserve its rights in the unlikely event that Rio Tinto, W.R. Grace and the Trustee are unable to reach a satisfactory consensual agreement on the language of the Proposed Order. As set forth above, the Trustee opposes the Debtors' proposed sale to Rio Tinto pending revisions to the Proposed Order that effectively resolve the Trustee's concerns.

WHEREFORE, the Trustee respectfully Objects on a Limited basis to the Sale Motion and respectfully requests that the Court:

    (i)    set the matter for hearing on December 15, 2008 as set forth in the Sale Motion and Notice; and

    (ii)    Grant the Trustee such other relief as the Court deems just and proper.

Respectfully submitted by,

THE BANK OF NEW YORK MELLON,

By its counsel

  /s/ Lee Harrington
Mark N. Berman
Lee Harrington (DE # 4046)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Tel:  617.345.1000
Fax:  617.345.1300
Email:  mberman@nixonpeabody.com
Email: lharrington@nixonpeabody.com

Date: December 5, 2008

## CERTIFICATE OF SERVICE

    I, Lee Harrington, hereby certify that on the 5th day of December, 2008, I caused to be served a true copy of *The Bank of New York Mellon's Limited Objection to the Debtors' Sale Motion* on all parties entitled to notice in this case by first class and/or electronic mail:

                                                  /s/ Lee Harrington
                                                  Lee Harrington

12243008.3