**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., *et al.* | : | Case No. 01-01139 JKF |
| | : | |
| Debtors. | : | (Jointly Administered) |

Docket Reference No. 19581
Hearing Date: Dec. 15, 2008 at 1:00 p.m.

**SUPPLEMENT TO THE JOINT OBECTION OF SEATON INSURANCE
COMPANY AND ONEBEACON AMERICA INSURANCE
COMPANY TO DEBTORS' PROPOSED DISCLOSURE STATEMENT**

Seaton Insurance Company as successor-in-interest to Unigard Security Insurance Company, formerly known as Unigard Mutual Insurance Company ("Seaton") and OneBeacon America Insurance Company as successor-in-interest to Commercial Union Insurance Company and American Employers' Insurance Company ("OneBeacon"), by and through their undersigned counsel, hereby submit this Supplemental Brief in support of their objections to Debtors' proposed Disclosure Statement, as amended to date ("Disclosure Statement") (Dkt. No. 19581) and to Debtors' motion for an order approving the same (Dkt. No. 19621).

**Background**

    A.    <u>The Seaton and OneBeacon Settlement Agreements</u>

    1.    Seaton's and OneBeacon's predecessors-in-interest, Unigard and Commercial Union respectively, issued various liability insurance policies to the W.R. Grace & Co. In the 1990s, they resolved their respective coverage obligations to Grace through various settlement agreements pursuant to which Commercial Union paid Grace a *nine figure* sum and Unigard paid Grace an *eight figure* sum.[1]

---

[1] The settlement agreements are confidential and, therefore, are not attached hereto.

2.      In exchange for these large settlement payments, Grace agreed to – among other things – indemnify Commercial Union and Unigard against third-party claims based upon the policies that were resolved under the settlement agreements.  The scope of Grace's contractual indemnity obligations to Commercial Union and Unigard, and now OneBeacon and Seaton as their successors, is broad.  By way of example, one settlement agreement between Grace and Commercial Union provides, in part, as follows:

> From and after the Effective Date [*i.e.*, of the settlement agreement], Grace shall, at its own expense, defend Commercial Union and shall indemnify and hold Commercial Union harmless *against any and all liability, loss, costs or expenses*, imposed upon Commercial Union as a result of any Claims that are asserted, initiated or continued by any person or entity against Commercial Union and that are based upon the Policies.

(emphasis added).  This contractual indemnity provision obligates Grace to pay OneBeacon for any and all costs and expenses that OneBeacon incurs in defending against claims brought by third parties based on the policies, as well as liability, if any, that OneBeacon is found to have to such third parties based on the policies.

B.      The Scotts Adversary Proceeding

3.      On September 2, 2004, The Scotts Company ("Scotts"), a former vermiculite customer of the Debtors, filed an adversary proceeding in the Bankruptcy Court against the Debtors and certain of the Debtors' insurance carriers seeking declaratory relief with respect to its alleged entitlement to coverage under Debtor's liability insurance policies.  OneBeacon and Seaton were among the Grace insurers sued by Scotts.  (*See* Dkt. No. 1, Adv. No. 04-55083).

4.      Scotts alleges that beginning in about 1960 and for some 40 years thereafter, it purchased vermiculite from Grace for resale to customers.  It also alleges that most of the vermiculite that Grace sold to it from the early 1960s until 1980 came from Grace's mine in Libby, Montana ("Libby").  Scotts goes on to allege that the Libby vermiculite that Grace sold to

it may have contained asbestos. Scotts further alleges that approximately 4,192 individuals have asserted asbestos-related claims against it arising out of Grace vermiculite that Scotts allegedly sold. (*See* Dkt. No. 1, Adv. No. 04-55083).

5. In the adversary proceeding, Scotts seeks coverage under Grace's liability policies as a purported "vendor" of Grace products. The Commercial Union and Unigard policies that were resolved under the settlements reached with Grace in the 1990s are among the policies under which Scotts claims this "vendor" coverage. (*See* Dkt. No. 1, Adv. No. 04-55083).

6. At Grace's request, this Court stayed the Scotts adversary proceeding soon after it was filed. (*See* proposed Disclosure Statement for First Amended Joint Plan).

    C.    Classification and Treatment of Seaton's and OneBeacon's Contractual Indemnity Claims

7. Needless to say, the Scotts Adversary Proceeding triggers Grace's contractual indemnity obligations to OneBeacon and Seaton.

8. So, how are the OneBeacon and Seaton contractual indemnity claims against Grace classified and treated under the Amended Joint Plan? Grace says the claims – in their entirety – are classified as "Indirect PI Trust Claims." As for treatment, Grace says it will receive a discharge from these claims, that the claims will be enjoined, channeled to the Asbestos PI Trust, and resolved pursuant to the Trust Distribution Procedures ("TDP") – specifically, pursuant to § 5.6 of the TDP.

9. But, simply saying it, does not make it so. Section 5.6 of the TDP sets forth no mechanism to resolve, much less pay, some or all of the components of the contractual indemnity claims that OneBeacon and Seaton, not to mention most other settled insurers, have against Grace. For example, the TDP have no mechanism to pay the legal fees and costs that OneBeacon and Seaton will incur defending against Scotts' claims for coverage in the Adversary

Proceeding, even though Grace has a contractual obligation to pay those fees and costs. Likewise, although it should not, if Scotts were to prevail with its coverage claims against OneBeacon and Seaton, the TDP contain no mechanism to resolve or pay some or all of what OneBeacon and Seaton might incur by way of coverage liability and for which Grace has ultimate responsibility.[2]  In that regard, the contractual indemnity claims are simply channeled into a "black hole," thereby leaving Seaton and OneBeacon with no apparent recourse.

10. Apparently, the Debtors, on the one hand, and the Asbestos PI Committee and Asbestos PI Future Claimants' Representative, on the other, disagree with each other on how the Seaton and OneBeacon contractual indemnity claims against Grace will be treated under *their* Amended Joint Plan. The Debtors say that the claims are Indirect PI Trust Claims that are channeled in their entirety to the Asbestos PI Trust. It is not clear what position the Asbestos PI Committee and Asbestos PI Future Claimants' Representative take on the subject, but rather only that they disagree with the Debtors.

11. It is because of this apparent fundamental disagreement between the Plan Proponents that the actual treatment of the Seaton and OneBeacon's contractual indemnity claims remains a mystery. It is also presumably why the Debtors have been unable, or unwilling, to reach a resolution of the Seaton and OneBeacon Disclosure Statement Objections, which were filed back on October 17, 2008.

12. To make matters worse, the Amended Joint Plan and Disclosure Statement are wholly unclear as to how much protection, if any, a "Settled Asbestos Insurance Company" such as OneBeacon or Seaton will actually obtain under the "Asbestos PI Channeling Injunction"

---

[2] To resolve this objection, OneBeacon and Seaton asked the Debtors to add language making it clear that there was no mechanism in the TDP to pay for some or all of the OneBeacon and Seaton contractual indemnity claims. Grace refused to add the language to its Disclosure Statement.

against claims brought by third parties for coverage, such as those already asserted by Scotts in its Adversary Proceeding.  (*See* Ex. "A" (diagram depicting claims flow)).[3]  The Debtors appear to be sending one signal to the Settled Asbestos Insurance Companies (*i.e.*, don't worry, you are protected against third party claims), and an entirely different message to Scotts (*i.e.*, don't worry, you will be able to sue the settled insurers).

13. Equally important, although the Debtors have now filed Exhibit 5 (Asbestos Insurance Policy Schedule) to the Exhibit Book, the description of Seaton's policies in Exhibit 5 is both inaccurate, as well as vague and ambiguous.  Exhibit 5 is what controls the scope of a settled insurer's "Settled Asbestos Insurance Company" status.  To the extent that it remains unclear, so too does the scope of § 524(g) protection that a "Settled Asbestos Insurance Company" will receive under the Amended Joint Plan.

14. From the standpoint of Settled Asbestos Insurance Companies – like OneBeacon and Seaton – there are two fundamental and interrelated disclosures that must be included in the proposed Disclosure Statement.  The first concerns the scope of the § 524(g) protection they will receive under the Amended Joint Plan.  The second concerns how their contractual indemnity claims against Grace will be treated should the protection afforded them under § 524(g) be less than complete.  The proposed Disclosure Statement still fails to adequately address either issue.

---

[3] This diagram simply depicts claims that have been, or may be, asserted by Scotts.  OneBeacon and Seaton do not concede that any such claims ultimately have any merit, or that they are even properly asserted.  At argument on December 15, 2008, counsel for OneBeacon and Seaton will explain this diagram in greater detail.

- 6 -

WHEREFORE, OneBeacon and Seaton respectfully request that this Court deny Debtors' motion for an order approving the Disclosure Statement.

| | |
|---|---|
| Dated: December 5, 2008 | /s/ David P. Primack |

                                                              Warren T. Pratt (DE Bar I.D. #4334)
David P. Primack (DE Bar I.D. #4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1243
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

- and -

Michael F. Brown (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

Counsel for OneBeacon America Insurance Company and Seaton Insurance Company