# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br><br>Related Docket Nos. 19581, 19620<br><br>Proposed Hearing Date: December 15, 2008 @ 2:00 p.m. (EST)<br><br>Proposed Response Deadline: December 13, 2008 @ 4:00 p.m. (EST)<br><br>Proposed Reply Deadline: December 14, 2008 @ 2:30 p.m. (EST) |

## MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

Arrowood Indemnity Company f/k/a Royal Indemnity Company, Federal Insurance Company, Continental Casualty Company, Maryland Casualty Company, Zurich Insurance Company, Zurich International Ltd., Government Employees Insurance Co., Columbia Insurance Company f/k/a Republic Insurance Company (the "Insurers"), by and through their undersigned counsel, hereby moves this Court for an order authorizing the entry of the Confidentiality Order attached hereto as Exhibit 1 (the "Motion for Entry of Confidentiality Order"). In support hereof, the Insurers respectfully represents as follows:

### PRELIMINARY STATEMENT

The relief sought by the moving parties is simple, straightforward and should not be controversial. The Plan Proponents have asked the Court to enter what everyone agrees is an aggressive schedule for discovery and confirmation proceedings. Under the Plan Proponents' proposal, the bulk of the parties are assigned to a "Phase I" track which has expert reports due

NY1:1763538.4

two weeks after the New Years holiday and the completion of all discovery and briefing of plan objections shortly thereafter. It is simply impossible for this schedule to work -- let alone comply with basic notions of due process -- unless the Plan Proponents are in a position to produce documents before expert reports are due.

The Debtors flagged alleged confidentiality concerns as a potential problem at the last case conference on November 24. The proposed confidentiality order is intended to clear this road block and put all parties-in-interest on an equal footing before discovery commences. This is a fair, reasonable and efficient way to resolve this issue. Importantly, the Insurers are not asking for the seal to be removed from those documents filed under seal or the prior protective orders to be lifted. Rather, the proposed confidentiality order memorializes the insurers' agreement to be bound by the terms of all prior protective orders and in particular the confidentiality provisions of those orders. The proposed confidentiality order also adopts most of the terms of a confidentiality agreement that the Debtors proposed to insurers to cover documents in their possession. In short, the Insurers are simply asking to be treated the same as the other parties to this case who have long had access to these same documents.

The Plan Proponents have had access to the pleadings that were filed under seal and the other documents that have been withheld on confidentiality concerns for many months. These documents concern the claims and demands that are at the heart of this case. The Insurers will be prejudiced and their rights to due process impaired if we now proceed into contested confirmation proceedings with some parties having access to the full pleading record and others not. All parties will also benefit if the insurers are promptly given access to documents that could assist the parties in evaluating settlement before litigation commences over the plan.

Finally, the limited relief sought is consistent with and supported by the teachings of the

Third Circuit. There is a strong judicially recognized presumption in favor of public access to documents in bankruptcy cases. The presumption is even stronger in this Circuit that parties-in-interest to a bankruptcy case must be given the same and equal access to pleadings and documents in a case. While there are factors that guide a court in deciding with how to exercise its discretion in crafting confidentiality orders, courts sealing documents have an affirmative obligation to consider less restrictive alternatives. The proposed confidentiality order is a less restrictive alternative to the current blanket bar.

## ARGUMENT

### POINT I.

#### THE COURT HAS AUTHORITY TO EXTEND ACCESS TO THE SEALED DOCUMENTS BY ENTRY OF THE PROPOSED CONFIDENTIALITY ORDER

The Court has the authority to enter the proposed Confidentiality Order and to extend the terms of the prior Protective Orders[1] to include the insurers. *See Nixon v. Warner Communications*, 435 U.S. 589, 598 (1982). Bankruptcy courts have discretion in determining the scope and manner of such protective orders under the Federal Rule of Bankruptcy Procedure. Under R. Bankr. P. 9018, a bankruptcy court "may make any order which justice requires" to tailor an existing protective order to allow other parties in interest access to documents otherwise protected from public exposure.

While there are factors that guide a court in deciding how to exercise its discretion, *See In re Hemple*, 295 B.R. 200 at 202 (Bankr. D. Vt. 2003) (listing a non-exhaustive list of ten factors), courts sealing documents have an affirmative obligation to consider less restrictive

---

[1] The prior Protective Orders include: (1) Protective Relating to Production of Records, dated June 5, 2006; (2) Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire, dated December 22, 2006; (3) Modified Order Establishing the Non-Waiver of Privileged Contained in Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of Such Answers, dated July 10, 2007; and (4) Agreed Supplemental Order Regarding Modified Order Establishing the Non-Waiver of Privileged Contained in Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of such Answers, dated September 24, 2007.

alternatives. *See, e.g., In re Epic Associates V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985) ("[l]ess restrictive alternatives to the closure order must be considered and rejected.") (citation omitted). *Cf. In re Northstar Energy, Inc.*, No. 03-62542, 2004 WL 2251855, *3-4 (Bankr. E.D. Tex. Sept. 13, 2004) (sealing documents, but allowing access after party enters into confidentially agreement in order to "insure that the protection provided is particularly crafted for the circumstances presented").

No claimant or plaintiffs' attorney – nor anyone else – has suggested that the Insurers or any other parties would improperly use the sealed documents if they were disclosed to them. The Insurers are not a competitor of the asbestos law firms and there is no reason to believe that it would misuse any information contained in the sealed documents.

### POINT II.

#### THE SEALED DOCUMENTS ARE PRESUMPTIVELY ACCESSIBLE TO PARTIES TO THESE PROCEEDINGS ON COMMON LAW AND CONSTITUTIONAL GROUNDS

There is also a strong judicially recognized presumption in favor of public access to documents in bankruptcy cases. The presumption is even stronger that the parties-in-interest in a bankruptcy case should be given the same access to documents used in the case.

**A.    The sealed documents are subject to the settled presumption that court documents should be available to all parties in interest.**

The Supreme Court has recognized the right "to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597 (1978). This right is "beyond dispute" in this Circuit. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 161 (3d Cir. 1993) (recognizing the "existence of this right, which antedates the Constitution and which is applicable in both criminal and civil cases, is now 'beyond dispute'"); *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988) (the existence of [the public's

common law right of access to judicial proceedings and records] 'is beyond dispute'") (internal citations omitted); *Copley Press, Inc. v. Peregrine Sys. (In re Peregrine Sys.)*, 311 B.R. 679, 687 (D. Del. 2004) (same).[2]

The right is broad in scope and covers any "judicial record." *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d. Cir. 2001). Third Circuit courts have applied the common law right to a variety of judicial proceedings. *See, e.g., Republic of Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653, 660 (3d Cir. 1991). They have also extended it to a broad range of documents. *See, e.g., Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 782 (3d Cir. 1994) (settlement agreement deemed a judicial record); *Leucadia*, 998 F.2d at 161-64 (there is a the common law public right of access envisions a "pervasive common law right 'to inspect and copy public records and documents, including judicial records and documents.' . . . [And there is a] presumptive right of public access to all of the material filed in connection with non-discovery pretrial motions, whether those motions are case dispositive or not") (internal citations omitted).

The party seeking to prevent public access has to carry a "heavy" burden. *Miller*, 16 F.3d at 551. It must show a "clearly defined and serious injury." *Goldstein*, 260 F.3d at 194 ("specificity is essential"). The Third Circuit has expressly held that "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id*. It specifically instructed that before taking the "unusual step" of sealing judicial records, the court "should have articulated the compelling countervailing interests to be protected, made specific findings on the record concerning the effects of disclosure, and provided an opportunity for interested third

---

[2]   *See also U.S. v. David Chang*, D.C. No. 99-cr-00726-2 (3d Cir. Sept 20, 2002) ("we recognize a long-standing and strong presumption of the right to inspect and copy judicial records... bald, unsupported assertions simply fail to overcome the strong presumption of openness that attaches to judicial documents."); *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) ("our strong presumption of openness does not permit the routine closing of judicial records to the public") (internal citations omitted).

parties to be heard." *Miller*. 16 F.3d at 551.

Continuing to bar the Insurers from access to documents filed in this case runs well afoul of this rule. No "specific examples or articulated reasoning" have been presented that might be suffered by anyone if the sealed documents were to made accessible to the insurers. In *Goldstein*, the Third Circuit found that the district court abused its discretion because it did not (i) provide a clear reason for why it sealed documents, (ii) recognize presumption of access, and (iii) determine whether documents were the type of information to be protected or whether there was a clearly defined injury to be prevented. *Goldstein*, 260 F.3d at 198.

Moreover, continuing to bar the Insurers access without giving any consideration to the specific contents or details of any given disclosure. This contradicts the teaching that the decision to seal must be made case by case. *El Vocero de P.R. v. Puerto Rico*, 508 U.S. 147, 151 (1993) (fair trial rights must be addressed on a "case-by-case basis"); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 608 (1982) ("the circumstances of the particular case may affect the significance of the interest"); *U.S. v. Schlette*, 842 F.2d 1547, 1583 (9th Cir. 1988) ("confidentiality . . . must be assessed on a case-by-case basis"). The burden is especially heavy where a party seeks to overcome the presumption for an entire class of documents, as the Court did here by sealing **all** 2019 Statements, regardless of their content. *Goldstein*, 260 F.3d at 194 ("sealing order warranted exceptional scrutiny because the district court had sealed the entire record").

**B.     The Bankruptcy Court has an obligation to consider less restrictive alternatives to sealing such as the insurers' proposed confidentiality order.**

As noted above, courts sealing documents have an obligation to consider less restrictive alternatives. *See, e.g., Epic*, 54 B.R. at 450 ("[l]ess restrictive alternatives to the closure order must be considered and rejected.") (citation omitted). *Cf. In re Northstar Energy, Inc.*, No. 03-

62542, 2004 WL 2251855, *3-4 (Bankr. E.D. Tex. Sept. 13, 2004) (sealing documents, but allowing access after party enters into confidentially agreement in order to "insure that the protection provided is particularly crafted for the circumstances presented").

The proposed Confidentiality Order is a less restrictive alternative to barring an entire class of parties in interest from access to documents already in the possession of the Plan Proponents. No one has suggested that the Insurers would improperly use the sealed documents if they were disclosed to them.

## POINT III.

### THE PARTIES TO THIS CASE HAVE A PRACTICAL NEED FOR THE SEALED RECORDS.

There is no real question that the Insurers are entitled to this information. As a threshold matter, the Debtors indisputably have common law and contractual obligations to provide their insurers with all information in their possession concerning the claims and demands that may implicate Grace's policies. Claim information held by a policyholder could not conceivably be deemed as falling within one of the exceptions to Section 107 that allow for "confidential" treatment. Nor could a claimant maintain that claim documents shared with Grace should be kept from Grace's insurer. There is no precedent for these distinctions.

Moreover, the requested information is vitally important to the confirmation hearing because it may have a direct bearing on both the good faith and the fairness of the plan and a host of other issues. The Debtors strenuously contested the merits of the claims at issue for years. They then reached an agreement with the claimants that allows equity to be paid in exchange for among other things the claimants being allowed to draft claim allowance procedures that allow the very claims that the Debtors' contended for years lacked merit. The nature and extent of the claims at issue also raise a host of issues about the indemnity agreements between the Debtors

and certain of the insurers. It is unfair and prejudicial to foreclose the Insurers from having access to information related to these issues that is already in the possession of the Plan Proponents.

Additionally, but for the purported concern over the prior protective orders, the Insurers would be entitled to the information in the sealed pleadings and other documents through discovery in the confirmation proceedings under rule Fed. R. Civ. P. 26 made applicable to these cases Bankruptcy Rule 9014. *See, e.g., Corestates Bank, NA. v. Huls America, Inc.*, 176 F.3d 187, 201 (3d Cir. 1999). It is familiar law that discovery rules are liberally interpreted. *See, e.g., Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999) ("the federal rules allow broad and liberal discovery") (citation omitted). The documents sought for production must simply be relevant to the subject matter of the contest. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (construing relevancy as "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case") (citation omitted).

The sealed pleadings and other documents themselves need not be deemed admissible. *See id.* at 351 (information sought only needs to be reasonably calculated to lead to discovery of admissible evidence) (citation omitted). As the withheld documents concern the claims and demands at the heart of this case, they are clearly relevant to confirmation. It simply makes no sense to deny the moving insurers access to material relevant information that it would otherwise be entitled to obtain through discovery.

Finally, if the Plan Proponents are allowed access to the seal pleadings and other documents, the Insurers should be, too. *See American President Lines v. Hartford Fire Ins. Co.*, 55 F.R.D. 61, 61 (E.D. Pa. 1971) (once documents are made available to one party, documents

must be made available to all parties). Because the Insurers and the Plan Proponents may adverse interests in the confirmation proceeding, the moving insurers will be prejudiced if they do not receive the same access to information that its adversary will obtain.

This prejudice is particularly acute given that the Debtor has capitulated to the demands of the asbestos claimants both before and throughout this Chapter 11 case, culminating in the current proposed plan of reorganization, which is conditioned on the adoption of claims allowance procedures drafted by the claimants.

## **CONCLUSION**

For the foregoing reasons, the Insurers respectfully request that this Court enter the proposed Confidentiality Order.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

BIFFERATO GENTILOTTI, LLC

By:   /s/ Garvan F. McDaniel
   Ian Connor Bifferato, Esq. (#3273)
   Garvan F. McDaniel, Esq. (#4167)
   800 King Street, First Floor
   Wilmington, Delaware 19801
   Tel: (302) 254-5396

   - and -

   Carl J. Pernicone, Esq.
   WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
   150 East 42nd Street
   New York, New York 10017-5639
   Tel: (212) 490-3000

   - and -

   Tancred Schiavoni, Esq.
   Gary Svirsky, Esq.
   O'MELVENY & MYERS LLP
   7 Times Square
   New York, New York
   Tel: (212) 326-2267

   *Counsel for Arrowood Indemnity
   Company, f/k/a Royal Indemnity Company*


COZEN O'CONNOR

By:   /s/ Jeffrey R. Waxman
   Jeffrey R. Waxman (No. 4159)
   1201 N. Market Street, Suite 1400
   Wilmington, DE 19801
   Tel: (302) 295-2000
   Fax: (302) 295-2013

   -and -

William P. Shelley (PA ID 40875)
Jacob C. Cohn (PA ID 54139)
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-2000
Fax: (215) 665-2013

*Counsel for Federal Insurance Company*


By.   /s/ Warren T. Pratt
    Warren T. Pratt (#4334)
    David P. Primack (#4449)
    DRINKER BIDDLE & REATH LLP
    1100 N. Market Street, Suite 1000
    Wilmington, DE 19801-1243
    Tel: (302) 467-4200
    Fax: (302) 467-4201

    -and-

    Michael F. Brown, Esq.
    Jeffrey M. Boerger, Esq.
    DRINKER BIDDLE & REATH LLP
    One Logan Square
    18th & Cherry Streets
    Philadelphia, PA 19103-6996
    Tel: (215) 988-6996
    Fax: (215) 988-2757

    *Counsel for Government Employees*
    *Insurance Co. and Columbia Insurance*
    *Company f/k/a Republic Insurance*
    *Company*



CONNOLLY BOVE LODGE &
HUTZ LLP

By:   /s/ Jeffrey C. Wisler
    Jeffrey C. Wisler (#2795)
    Marc J. Phillips (#4445)
    1220 Market Street
    P.O. Box 2207
    Wilmington, DE 19899
    Tel: (302) 658-9141

Fax: (302) 658-0380

OF COUNSEL:

By:   /s/ Laura G. Stover
    Edward J. Longosz, II
    Laura G. Stover
    Eckert Seamans Cherin & Mellott, LLC
    1747 Pennsylvania Avenue, N.W.,
    Suite 1200
    Washington, DC 20006
    Tel: (202) 659-6600
    Fax: (202) 659-6699


Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 719-7170
Fax: (202) 719-7049

*Attorneys for Zurich Insurance Company, Zurich International (Bermuda) Ltd., and Maryland Casualty Company*