# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br><br>Related Docket Nos. 19581, 19620<br><br>**CONFIDENTIALITY STIPULATION AND CONSENT ORDER** |

  This Confidentiality Stipulation and Order (this "Stipulation and Order") is made among the above-captioned debtors and debtors-in-possession (the "**Debtors**"), on the one hand, and and such other insurers as appear as signatories to this Stipulation and Order below (the "**Insurers**"), on the other hand;

  WHEREAS, the Debtors have requested that the Court enter a Case Management Order setting certain deadlines for discovery in connection with a Confirmation Hearing;

  WHEREAS, the Insurers have sought the production to them by a date certain prior to the commencement of fact depositions and the submission of expert reports of certain documents and information previously produced to the Plan Proponents in connection with the estimation proceedings including (i) the claim databases that the Debtors maintain for asbestos bodily injury claims that have been historically asserted, and are currently pending, against the Debtors, (ii) the policy registers and such other documents that Grace used to record the exhaustion of underlying coverage, and (iii) unredacted copies of the expert reports, pleadings, declarations, deposition and trial testimony, and exhibits filed in connection with the personal injury

NY1:1763538.4

estimation proceeding in this case (collectively, the "**Requested Information**").[3]

WHEREAS, this Confidentiality Stipulation and Order is intended to facilitate and ensure the prompt production of the Requested Information;

NOW THEREFORE the Debtors and Insurers stipulate and agree as follows:

1. On April 2, 2001 (the "**Petition Date**"), W. R. Grace & Co., and certain of its subsidiaries and affiliates (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, which cases are being administered jointly under Case No. 01-01139 (the "**Chapter 11 Cases**") by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). Subject to the terms and conditions of this Stipulation and Order ("**Stipulation and Order**"), the Debtors, in response to discovery requests or disclosure under the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") desire to furnish the Insurers with the Requested Information, including information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations, studies and other documents prepared by the Debtors or their representatives, advisors or agents that the Debtors' contend is confidential ("**Confidential Information**"). The Debtors shall furnish to the Insurers all Requested Information and other Confidential Information in their possession, subject to the terms and conditions of this Stipulation and Order on or before twenty calender days before the Insurers are to submit expert reports in connection with Plan confirmation discovery unless otherwise agreed in writing by the Debtor or directed by the Court. As used herein, the terms "**you**" and "**your**" refer to counsel for the Insurers and the Insurers listed on Appendix A.

---

[3] Such request for production is without waiver of or prejudice to any Insurer's ability to seek additional information through written discovery

NY1:1763538.4                                                2

2. All Confidential Information furnished, disclosed, or made known to you in any manner, (1) including in written form, orally or through any electronic, facsimile or computer-related communication, (2) and whether intentionally or unintentionally, shall be used by you solely and exclusively in connection with the Chapter 11 Cases and shall be kept confidential by you, and shall not, without the Debtors' prior written consent, be disclosed by you, or by your advisors, agents, representatives or employees, to any other person or entity, except that all Confidential Information disclosed by the Debtors pursuant to the terms of this Stipulation and Order may be used by the Insurers in any coverage litigation subject to the terms of confidentiality as set forth herein, and shall be without prejudice to the Insurers' right to seek production of the Confidential Information through subsequent discovery in any coverage action. Further, the parties understand that some of the Confidential Information that may be furnished or disclosed to you by the Debtors has been produced in these Chapter 11 Cases pursuant to stipulations or Court Orders and the Debtors contend is of the highest confidentiality and you are being permitted to review it solely because you are significant parties in interest in the Chapter 11 Cases and the Debtors are not waiving and specifically are preserving the confidential or privileged nature of this information. Notwithstanding the foregoing, Confidential Information may be disclosed by you, without complying with the provisions or paragraph 4 or 5 hereof, to (a) any counsel, consultants, accountants, experts, auditors, examiners, financial advisors, or other agents or professionals who are working on the Chapter 11 Cases for the Insurer, and (in each case) need to know such information and have entered into a confidentiality agreement with the Debtors for which you have received a written acknowledgment or copy of such executed agreement; and (b) any other person or entity that enters into a confidentiality agreement with the Debtors substantially in the form of this Agreement for which you have received a written

acknowledgment or copy of such executed agreement. You represent that each person identified above to whom you provide this Confidential Information pursuant to this Agreement will be advised in writing (i) of the terms of this Agreement, (ii) that upon receipt of any Confidential Information such party shall be deemed bound by the terms of this Agreement, and (iii) of such party's obligations concerning the confidentiality of all such Confidential Information and the proper use thereof. In addition, you agree that prior to providing Confidential Information to any person who has not executed a copy of this Agreement, such person shall execute an acknowledgement in form and substance acceptable to the Debtors indicating that such person has read this Agreement and agrees to be bound by its terms. We suggest adding the following language (preferably, to the end of paragraph 2): "Nothing in this Stipulation and Order shall restrict or otherwise impair an Insurer's rights to seek discovery of the Confidential Information in another proceeding."

3. Notwithstanding anything to the contrary in this Agreement, "Confidential Information" shall not include any information or portions of information (including information that otherwise would constitute Confidential Information) that: (a) is or becomes generally available to the public other than through actions by you; (b) is or becomes available to you on a nonconfidential basis from a source, other than the Debtors, an official committee appointed in the Chapter 11 Cases that you believe, after reasonable inquiry (including of the Debtors), is not prohibited from disclosing such information to you by a contractual, legal or fiduciary obligation; (c) is or has been directly included in a Filing (as defined below) by a person (other than Insurer) with the Bankruptcy Court or any other court, administrative body or tribunal whose records are open to public inspections, except such information as has been filed under seal; or (d) can be demonstrated by written evidence was in the possession prior to its disclosure

by the Debtors. Upon your request, the Debtors will advise you whether they believe that any information provided to you does or does not constitute Confidential Information.

4. The Debtors shall designate as "Confidential" or "Restricted" or otherwise identify in writing any material, documents or writings which are intended to be subject to this Agreement and identify or otherwise designate in writing with or prior to disclosure or within three (3) days of disclosure of such Oral Confidential Information or other non-written Confidential Information. "**Oral Confidential Information**" shall mean: any written Confidential Information that is discussed or presented orally. The Debtors shall use reasonable efforts not to designate publicly available or other non-confidential and nonproprietary information as "Confidential" or Oral Confidential Information.

5. Confidential Information also may be disclosed by you if you become legally compelled (by deposition, interrogatory, request for documents, subpoena, civil investigative demand or similar process) to do so; *provided that* you provide the Debtors with prompt prior written notice of your intention to disclose Confidential Information, which notice must be received by the Debtors and their counsel not less than fifteen (15) business days prior to such disclosure, so that the Debtors may seek a protective order or other appropriate remedy and/or waive compliance with the terms of this Agreement with respect to the proposed disclosure. If a protective order or other remedy is not obtained by the time you are required to comply with such disclosure requests, and you are advised to do so by in-house or outside counsel, you may comply with such requests, *provided that* you use reasonable efforts to disclose only such limited portion of the Confidential Information as is covered by such request.

6. Without limiting the generality of any provision of this Agreement, if you determine that it is necessary to disclose or to make reference to Confidential Information in a

motion, pleading or other document filed with the Bankruptcy Court in these Chapter 11 Cases (a "**Filing**") prior to such Filing, you shall move the Bankruptcy Court, or other court of competent jurisdiction, to make such Filing under seal or through some comparable protective mechanism. Upon disclosing Confidential Information in accordance with the procedures specified above, you shall provide prompt written notice of such disclosure to the Debtors and their counsel, which notice must be received within one day of such Filing. Except as provided in paragraphs 4, and 5, Confidential Information shall not be disclosed absent the express written consent of the Debtors. If you or the Debtors seek a protective order or other remedy in accordance with this Agreement, you agree that you will not disclose Confidential Information until the matter has been resolved by the Bankruptcy Court or other court of competent jurisdiction.

7.  It is agreed that no failure or delay by the Debtors in exercising any right, power or privilege hereunder following entry into this Stipulation and Order shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or future exercise thereof or the exercise of any other right, power or privilege hereunder. Nothing contained herein shall restrict the use by the Debtors of Confidential Information or limit or preclude the Debtors from raising objections to the production or disclosure of information or documents. Nothing contained herein shall prohibit you from requesting the production or disclosure of information or documents in accordance with the Federal Rules or Civil Procedure, provided, however, that this Stipulation and Order shall apply with respect to any such requests(s) and disclosure(s). Further, nothing contained herein shall prohibit you from seeking relief in the Bankruptcy Court and/or raising objections from the designation of document as Confidential Information in the Cases. This Stipulation and Order is without prejudice to your right to seek

production of documents designated as Confidential Information through subsequent discovery in the coverage action.

8. You hereby acknowledge that you are aware that United States securities laws may prohibit certain persons who have material nonpublic information concerning a company from purchasing or selling securities of such company, or from communicating such confidential information to any other person under circumstances in which it is reasonably foreseeable that such person is likely to purchase or sell securities, and that you will not use any Confidential Information in contravention of the Securities and Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder (collectively, the "**1934 Act**"), including Rule 10b-5 under the 1934 Act. You acknowledge that, by reason of your receipt of the Confidential Information, you may become subject to a prohibition or other limitation on the purchase or sale of securities of the Debtors; provided, however, if Confidential Information is conveyed to an Insurers' counsel only and not the Insurer or such information is screened from those making investment decisions, an Insurer may not become subject to any prohibition or other limitation on the purchase or sale of securities of the Debtors.

9. Neither the Debtors nor any of their representatives make any representation or warranty as to the accuracy or completeness of any Confidential Information. You further agree that neither the Debtors nor any of their representatives will have any liability to you or any of your representatives resulting from the use of the Confidential Information by you.

10. The term "**person**" as used in this Agreement shall be interpreted broadly to include any corporation, company, limited liability company, partnership, joint venture, union, government agency, political subdivision or individual.

11.    Money damages will not be a sufficient remedy for any breach of this Agreement by you and that the Debtors would be irreparably harmed in the event of such a breach. Accordingly, in addition to any other remedies to which they may be entitled at law or in equity, the Debtors shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of this Agreement (regardless of whether damages may or may not be readily quantifiable and without posting a bond or other security).

12.    This Agreement shall be governed by, and construed in accordance with, the laws of the State of Delaware without giving effect to the otherwise applicable principles of law as to conflicts or choice of law of such state.

13.    Each party hereto hereby: (a) irrevocably and unconditionally agrees that the Bankruptcy Court shall have exclusive jurisdiction with respect to any issues, actions, suits or proceedings arising out of or relating to this Stipulation and Order during such time as any of the Debtors shall be subject to the jurisdiction of the Bankruptcy Court; (b) irrevocably and unconditionally waives any objection to the laying of venue in the Bankruptcy Court with respect to any action, suit or proceeding arising out oft this Stipulation and Order during such time; and (c) agrees that service of any process, summons, notice or document by facsimile (confirmed by mail), overnight courier service, registered or certified mail (postage prepaid) or by hand delivery, addressed as provided in paragraph 14 below or to such other addresses as may be thereafter designated in writing by such party to the other parties, shall be effective service of process for any action, suit or proceeding brought against the party in any court with respect to this Stipulation and Order.

14.    This Stipulation and Order may be executed in counterparts, each of which shall be deemed to be an original, and all of such counterparts taken together shall be deemed to

constitute one and the same instrument. The parties agree that facsimile signatures shall be accepted as originals for all purposes under this Stipulation and Order.

15. Except as otherwise provided herein, all notices and other communications to the Debtors or you required or permitted under this Stipulation and Order shall be in writing and shall become effective when delivered by facsimile (confirmed by mail), overnight courier service, registered or certified mail (postage prepaid) or hand delivery. This Stipulation and Order shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns. This Stipulation and Order may not be assigned by you without the prior written consent of the Debtors, which consent shall be granted or not according to the Debtors' sole discretion. There are no third-party beneficiaries of this Stipulation and Order. As used herein, the word "**or**" shall not be construed as exclusive.

16. The Debtors contend that certain of the Requested Information may be subject to one of the following four previously entered Protective Orders:

- Protective Order Relating to Production of Records, dated June 5, 2006;

- Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire, dated December 22, 2006;

- Modified Order Establishing the Non-Waiver of Privileged Contained in Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of Such Answers, dated July 10, 2007; and

- Agreed Supplemental Order Regarding Modified Order Establishing the Non-Waiver of Privileged Contained in Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of such Answers, dated September 24, 2007.

17. Subject to the execution of a document attesting to their agreement to be bound by the confidentiality terms of these prior orders, the Requested Information covered by these prior orders shall be produced by the Debtors to the consenting Insurers. The attorneys and experts for Insurers shall not disclose or otherwise provide access to information covered by these prior

orders to any other person or entity not expressly permitted access to the information by the prior orders absent an order of the Court. Such information may be used in respect to the confirmation proceedings in these Chapter 11 cases subject to the confidentiality provisions of this Stipulation and Order.

19. Subject to the last sentence of the introductory paragraph to this Stipulation and Order, this Stipulation and Order represents the entire agreement of the parties hereto with respect to the subject matter hereof, and any amendment, supplement or modification hereto, or any waiver of the rights and obligations hereunder, must be in writing and signed on behalf of the parties hereto.

19. The Debtors may further provide the Insurers with copies of the 2019 statements submitted by counsel for the Libby claimants based on the showing that the Libby claimants objected during the Disclosure Statement hearing to the treatment of the insurers under the Plan and for other good cause.

20. If any provision of this Stipulation and Order shall be determined to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of the Stipulation and Order shall not be affected or impaired thereby.

[Remainder of Page Left Intentional Blank]

IN WITNESS WHEREOF, the Parties, by their duly authorized representatives, have caused this Agreement to be duly executed as of the date set forth with the respective signatures below:

Dated: December 5, 2008

                                  BIFFERATO GENTILOTTI, LLC

By:   /s/ Garvan F. McDaniel
      Ian Connor Bifferato, Esq. (#3273)
      Garvan F. McDaniel, Esq. (#4167)
      800 King Street, First Floor
      Wilmington, Delaware 19801
      Tel: (302) 254-5396

- and -

Carl J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10017-5639
Tel: (212) 490-3000

- and -

Tancred Schiavoni, Esq.
Gary Svirsky, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York
Tel: (212) 326-2267

*Counsel for Arrowood Indemnity Company, f/k/a Royal Indemnity Company*

COZEN O'CONNOR

By:   /s/ Jeffrey R. Waxman
Jeffrey R. Waxman (No. 4159)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 295-2000
Fax: (302) 295-2013

-and -

William P. Shelley (PA ID 40875)
Jacob C. Cohn (PA ID 54139)
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-2000
Fax: (215) 665-2013

*Counsel for Federal Insurance Company*


By.   /s/ Warren T. Pratt
Warren T. Pratt (#4334)
David P. Primack (#4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1243
Tel: (302) 467-4200
Fax: (302) 467-4201

-and-

Michael F. Brown, Esq.
Jeffrey M. Boerger, Esq.
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Tel: (215) 988-6996
Fax: (215) 988-2757

*Counsel for Government Employees Insurance Co. and Columbia Insurance Company f/k/a Republic Insurance Company*

CONNOLLY BOVE LODGE &
HUTZ LLP

By: /s/ Jeffrey C. Wisler
Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
1220 Market Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Fax: (302) 658-0380

OF COUNSEL:

By: /s/ Laura G. Stover
Edward J. Longosz, II
Laura G. Stover
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.,
Suite 1200
Washington, DC 20006
Tel: (202) 659-6600
Fax: (202) 659-6699


Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 719-7170
Fax: (202) 719-7049

*Attorneys for Zurich Insurance Company, Zurich International (Bermuda) Ltd., and Maryland Casualty Company*

**ORDERED** this _____ day of December 2008.

_____
Judith K. Fitzgerald, Chief Judge
United States Bankruptcy Judge