IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: Docket Nos. 20212, 20213** |
| | ) | **12/15/2008 Agenda Item No. 15** |

## DEBTORS' RESPONSE TO INSURERS' MOTION FOR ENTRY OF CONFIDENTIALITY ORDER AND DEBTORS' REVISED ORDER

The Debtors support the Insurers' request for entry of a confidentiality stipulation and order and the shortening of the time to hear the Insurers' motion for its entry. However, the Debtors do not agree on the form of stipulation and order submitted by the Insurers and herewith as <u>Exhibit A</u> file their slightly revised version of the stipulation and order. A blackline of the Debtors' revised stipulation and order is attached as <u>Exhibit B</u> which compares the Debtors'

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

version to the version filed by the Insurers. The Debtors' version contains a few significant changes to address certain issues outlined herein. The issues and changes are as follows:

1.  The Insurers' have made very broad document requests of the Debtors, including the request for ALL un-filed expert reports and depositions transcripts as well as un-redacted copies of certain filed expert reports and pleadings from the asbestos personal injury estimation proceedings. The parties to the estimation proceedings filed over 80 different expert reports and took at least 33 expert depositions. The pleadings filed under seal or in redacted form contain hundreds of exhibits. Through the meet and confer process, the Insurers' have somewhat narrowed their document request. The second Whereas clause of the Debtors' version of the stipulation and order reflects the somewhat narrower request.

2.  The Insurers have requested that the documents be produced 20 days before the Insures are to submit expert reports in connection with the chapter 11 plan confirmation process as outlined in the Case Management Order entered by the Court on December 5, 2008 (Docket No. 20204). The Debtors do not believe the discovery requested by the Insurers and the confirmation process outlined by the Case Management Order should be tied together. The Debtors' chapter 11 plan is insurance neutral. Insurance coverage litigation, if any, will take place separate and apart from the plan. The Insurers do not need the information in their discovery requests to formulate confirmation objections or obtain confirmation expert reports. The discovery requested by the Insurers may relate to the scope of the Insurers' coverage and may be needed in order for the Insurers to respond to the recent demands made on them by the Asbestos Personal Injury Committee. As a result, in paragraph 1 of the revised stipulation, the Debtors have simply provided that the discovery shall be produced no later than 5 days after entry of the stipulation and order.

3.  A significant amount of the information requested by the Insurers is work product of the other Plan Proponents. As a result, the stipulation has been revised throughout to reflect the Plan Proponents' participation and input into the discovery process.

4.  Paragraphs 7, 8, 13, 14 and 17 have been modified or added to the stipulation to address some of the mechanics of production and use of the Confidential Information.

5.  The request for the Libby 2019 statements in paragraph 23 has been broadened to include the other Plan Proponents as additional parties entitled to the information.

6.  The Debtors have not had a chance to discuss the most recent version of the stipulation with the Insurers and anticipate that many of the issues outlined above may be resolved prior to the hearing on this matter requested to be held on December 15, 2008. However, in order to provide as much notice as possible of the Debtors' request for entry of the revised stipulation, the Debtors have filed and served this response and revised stipulation on the Insurers, interested parties to previous protective orders and the Court at this time.

*[Remainder of page intentionally left blank]*

Wherefore, the Debtors requested entry of the version of Confidentiality Stipulation and Protective Order attached hereto as <u>Exhibit A</u>.

Dated: December 8, 2008

                                     KIRKLAND & ELLIS LLP
                                     David M. Bernick, P.C.
                                     Janet S. Baer
                                     200 East Randolph Drive
                                     Chicago, IL  60601
                                     Telephone:  (312) 861-2000
                                     Facsimile:  (312) 861-2200

                                     -and-

                                     PACHULSKI STANG ZIEHL & JONES LLP

                                     /s/ James E. O'Neill
                                     Laura Davis Jones (Bar No. 2436)
                                     James E. O'Neill (Bar No. 4042)
                                     Kathleen P. Makowski (Bar No. 3648)
                                     Timothy P. Cairns (Bar No. 4228)
                                     919 North Market Street, 17th Floor
                                     Wilmington, DE  19801
                                     Telephone:  (302) 652-4100
                                     Facsimile:  (302) 652-4400

                                     Co-Counsel for the Debtors and Debtors in Possession