# **<u>Exhibit A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket Nos. 19581, 19620, 20212, 20213 |
| | ) | |
| | ) | December 15, 2008 Agenda No. 15 |
| | ) | |

## CONFIDENTIALITY STIPULATION AND CONSENT ORDER

This Confidentiality Stipulation and Order (this "**Stipulation and Order**") is made among the above-captioned debtors and debtors-in-possession (the "**Debtors**"), on the one hand, and Arrowood Indemnity Company, f/k/a Royal Indemnity Company and such other insurers as appear as signatories to this Stipulation and Order below (the "**Insurers**"), on the other hand;

WHEREAS, on November 25, 2008, the Insurers served the Debtors with a request for the production of documents (the "**Document Request**"). The Document Request seeks, among other things, the production of certain documents and information previously produced to the Plan Proponents[1] in connection with the estimation proceedings in these cases, including (i) the claim databases that the Debtors maintain for asbestos bodily injury claims that have been historically asserted, and are currently pending, against the Debtors, (ii) the policy registers and such other documents that Grace used to record the exhaustion of underlying coverage, (iii) unredacted copies of the expert reports, pleadings, declarations, deposition and trial testimony, and

---

[1] "Plan Proponents" means, collectively, the Debtors, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders.

K&E 13828094.3

exhibits filed in connection with the personal injury estimation proceeding in these cases; and (iv) any and all data bases that may exist identifying Libby claimants.[2]

WHEREAS, the Plan Proponents and the Insurers have had several conversations about the Document Requests to resolve issues with respect to both the scope of the Document Requests as well as the confidential nature of certain of the information covered by the Document Requests. As a result of those conversations, the Insurers have focused and initially narrowed the scope of request number (iii), which is outlined in the immediately preceding Whereas clause, to information from the estimation proceeding consisting of copies of the un-redacted and un-sealed and/or un-filed estimation pleadings and reports, declarations and depositions of the general estimation experts (collectively with the requests outlined in (i), (ii) and (iv) above, the "**Requested Information**.")

WHEREAS, this Stipulation and Order is intended to facilitate and ensure the prompt production of the Requested Information;

NOW THEREFORE the Debtors and Insurers stipulate and agree as follows:

1. On April 2, 2001 (the "**Petition Date**"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, which cases are being administered jointly under Case No. 01-01139 (the "**Chapter 11 Cases**") by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). Subject to the terms and conditions of this Stipulation and Order, the Debtors, in response to the Discovery Request (or any additional written discovery request that may be served by the Insurers) or disclosure under the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), desire to furnish

---

[2] Such request for production is without waiver of or prejudice to any Insurer's ability to seek additional information through written discovery.

2

the Insurers with the Requested Information, which the Debtors and other Plan Proponents contend is confidential ("**Confidential Information**"). The Debtors shall furnish to the Insurers the Requested Information, subject to the terms and conditions of this Stipulation and Order as soon as possible but in no event later than 5 days after entry of this Stipulation and Order unless otherwise agreed in writing by the parties hereto or directed by the Court. As used herein, the terms "**you**" and "**your**" refer to counsel for the Insurers and the Insurers listed on Appendix A.

2. All Confidential Information furnished, disclosed, or made known to you in any manner, (1) including in written form, orally or through any electronic, facsimile or computer-related communication, (2) and whether intentionally or unintentionally, shall be used by you solely and exclusively in connection with the Chapter 11 Cases and shall be kept confidential by you, and shall not, without the Plan Proponents' prior written consent, be disclosed, distributed, published or otherwise made available by you, or by your advisors, agents, representatives or employees, to any other person or entity, and shall be without prejudice to the Insurers' right to seek production of the Confidential Information through subsequent discovery in any coverage action. Further, the parties understand that some of the Confidential Information that may be furnished or disclosed to you by the Debtors has been previously produced in these Chapter 11 Cases pursuant to stipulations or court orders, and the Debtors and other Plan Proponents contend the Confidential Information is of the highest confidentiality. Those prior court orders, include but are not limited to those outlined in paragraph 20 below. This Stipulation and Order does not waive and specifically reserves all of the Plan Proponents' rights with respect to the confidential, proprietary, or privileged nature of the Confidential Information. The Confidential Information, however, may be disclosed by you, without complying with the provisions of paragraph 4 or 5 hereof, to any counsel, consultants, accountants, experts, auditors, examiners,

K&E 13828094.3

financial advisors, or other agents or professionals who are working on the Chapter 11 Cases for the Insurers, and (in each case) need to know such information and have entered into a confidentiality agreement with the Plan Proponents for which you have received a written acknowledgment or copy of such executed agreement. You represent that each person identified above to whom you provide this Confidential Information pursuant to this Stipulation and Order will be advised in writing (i) of the terms of this Stipulation and Order, (ii) that upon receipt of any Confidential Information such party shall be deemed bound by the terms of this Stipulation and Order, and (iii) of such party's obligations concerning the confidentiality of all such Confidential Information and the proper use thereof. You agree that prior to providing Confidential Information to any such person who has not executed a copy of this Stipulation and Order, such person shall execute an acknowledgement in form and substance acceptable to the Plan Proponents indicating that such person has read this Stipulation and Order and agrees to be bound by its terms.

3. Notwithstanding anything to the contrary in this Stipulation and Order, "Confidential Information" shall not include any information or portions of information (including information that otherwise would constitute Confidential Information) that: (a) is or becomes generally available to the public other than through actions by you; (b) is or becomes available to you on a non-confidential basis from a source, other than from the Plan Proponents, that you believe, after reasonable inquiry (including of the Plan Proponents), is not prohibited from disclosing such information to you by a contractual, legal or fiduciary obligation; (c) is or has been directly included in a Filing (as defined below), other than in a Filing made by an Insurer, with the Bankruptcy Court or any other court, administrative body or tribunal whose records are open to public inspections, except such information as has been filed under seal; or

K&E 13828094.3

(d) can be demonstrated by written evidence was in the possession of the Insurers prior to its disclosure by the Debtors. Upon your request, the Plan Proponents will advise you whether they believe that any information provided to you does or does not constitute Confidential Information.

4. The Debtors shall designate as "Confidential" or "Restricted" or otherwise identify in writing any material, documents or writings which are intended to be subject to this Stipulation and Order and identify or otherwise designate in writing with or prior to disclosure or within three (3) days of disclosure of such Oral Confidential Information or other non-written Confidential Information. **"Oral Confidential Information"** shall mean: any written Confidential Information that is discussed or presented orally. The Debtors shall use reasonable efforts not to designate publicly available or other non-confidential and non-proprietary information as "Confidential" or Oral Confidential Information.

5. Confidential Information also may be disclosed by you if you become legally compelled (by deposition, interrogatory, request for documents, subpoena, civil investigative demand or similar process) to do so; *provided that* you provide the Plan Proponents with prompt prior written notice of your intention to disclose Confidential Information, which notice must be received by the Plan Proponents and their counsel not less than fifteen (15) business days prior to such disclosure, so that the Plan Proponents may seek a protective order or other appropriate remedy and/or waive compliance with the terms of this Stipulation and Order with respect to the proposed disclosure. If a protective order or other remedy is not obtained by the time you are required to comply with such disclosure requests, and you are advised to do so by in-house or outside counsel, you may comply with such requests, *provided that* you use reasonable efforts to disclose only such limited portion of the Confidential Information as is covered by such request.

6. Without limiting the generality of any provision of this Stipulation and Order, if you determine that it is necessary to disclose or to make reference to Confidential Information in a motion, pleading or other document filed with the Bankruptcy Court in these Chapter 11 Cases (a "**Filing**"), prior to such Filing, you shall move the Bankruptcy Court, or other court of competent jurisdiction, to make such Filing under seal or through some comparable protective mechanism. Upon disclosing Confidential Information in accordance with the procedures specified in this paragraph, you shall provide prompt written notice of such disclosure to the Plan Proponents and their counsel, which notice must be received within one day of such Filing. Except as provided in paragraphs 4, and 5, Confidential Information shall not be disclosed absent the express written consent of the Plan Proponents. If you or one or more of the Plan Proponents seek a protective order or other remedy in accordance with this Stipulation and Order, you agree that you will not disclose Confidential Information until the matter has been resolved by the Bankruptcy Court or other court of competent jurisdiction.

7. In the event any party wishes to use or refer to Confidential Information at a deposition, the Plan Proponents may compel all persons other than the deponent, court reporter, and other parties already permitted access to the Confidential Information to be excused from the deposition during the time that the Confidential Information is being disclosed or discussed. Any deposition transcript containing Confidential Information shall also be designated confidential and the portions thereof containing such Confidential Information shall be subject to the provisions of this Stipulation and Order.

8. Before trial, argument or any hearing in open court, the Insurers shall negotiate in good faith with counsel for the Plan Proponents to seek agreement on the handling of Confidential Information so as to provide protection against public disclosure of such

K&E 13828094.3

Confidential Information. If no agreement is reached, the parties shall submit alternate proposals to the court for consideration and determination prior to trial, argument or hearing.

9. It is agreed that no failure or delay by any of the Plan Proponents in exercising any right, power or privilege hereunder following entry into this Stipulation and Order shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or future exercise thereof or the exercise of any other right, power or privilege hereunder. Nothing contained herein shall restrict the use by the Plan Proponents of Confidential Information or limit or preclude the Plan Proponents from raising objections to the production or disclosure of information or documents. Nothing contained herein shall prohibit you from requesting the production or disclosure of information or documents in accordance with the Federal Rules or Civil Procedure, *provided, however*, that this Stipulation and Order shall apply with respect to any such requests(s) and disclosure(s). Further, nothing contained herein shall prohibit you from seeking relief in the Bankruptcy Court and/or from raising objections to the designation of documents as Confidential Information in the Chapter 11 Cases.

10. You hereby acknowledge that you are aware that United States securities laws may prohibit certain persons who have material nonpublic information concerning a company from purchasing or selling securities of such company, or from communicating such confidential information to any other person under circumstances in which it is reasonably foreseeable that such person is likely to purchase or sell securities, and that you will not use any Confidential Information in contravention of the Securities and Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder (collectively, the "**1934 Act**"), including Rule 10b-5 under the 1934 Act. You acknowledge that, by reason of your receipt of the Confidential

Information, you may become subject to a prohibition or other limitation on the purchase or sale of securities of the Debtors.

11. Neither the Plan Proponents nor any of their respective representatives make any representation or warranty as to the accuracy or completeness of any Confidential Information. You further agree that neither the Plan Proponents nor any of their respective representatives will have any liability to you or any of your representatives resulting from the use of the Confidential Information by you.

12. The term "**person**," as used in this Stipulation and Order, shall be interpreted broadly to include, but is not limited to, any corporation, company, limited liability company, partnership, joint venture, union, government agency, political subdivision or individual.

13. After the earlier of (a) a plan of reorganization for the Debtors is confirmed and any appellate proceedings with respect to confirmation of such plan have concluded and (b) these Chapter 11 Cases are closed, all persons who received access to the Confidential Information shall surrender all such Confirmation Information to counsel for the Debtors, including all copies, extracts, notes and summaries made or containing information therefrom, and shall confirm in writing their compliance with this obligation; *provided, however*, that any such materials that contain attorney work product may be destroyed rather than returned. If such materials are destroyed, counsel responsible for the destruction shall confirm in writing that destruction has taken place. Notwithstanding the return or destruction of all Confidential Information, you will continue to be bound by your obligations of confidentiality pursuant to this Stipulation and Order.

K&E 13828094.3

14. Neither the closing of the Chapter 11 Cases nor the termination of employment of any person who has access to Confidential Information shall relieve such person from his or her obligations of confidentiality pursuant to this Stipulation and Order.

15. You hereby acknowledge that money damages will not be a sufficient remedy for any breach of this Stipulation and Order by you and that the Plan Proponents and/or their respective representatives would be irreparably harmed in the event of such a breach. Accordingly, in addition to any other remedies to which they may be entitled at law or in equity, the Plan Proponents and/or their respective representatives shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of this Stipulation and Order (regardless of whether damages may or may not be readily quantifiable and without posting a bond or other security).

16. This Stipulation and Order shall be governed by, and construed in accordance with, the laws of the State of Delaware without giving effect to the otherwise applicable principles of law as to conflicts or choice of law of such state.

17. Each party hereto hereby: (a) irrevocably and unconditionally agrees that the Bankruptcy Court shall have exclusive jurisdiction with respect to any issues, actions, suits or proceedings arising out of or relating to this Stipulation and Order during such time as any of the Debtors shall be subject to the jurisdiction of the Bankruptcy Court; (b) irrevocably and unconditionally waives any objection to the laying of venue in the Bankruptcy Court with respect to any action, suit or proceeding arising out of this Stipulation and Order during such time; and (c) agrees that any notice, service of process, summons, or other document or communication required or permitted pursuant to this Stipulation and Order shall be in writing and shall become effective service of process for any action, suit or proceeding brought against the party in any

K&E 13828094.3

court when delivered by facsimile (confirmed by mail), overnight courier service, registered or certified mail (postage prepaid) or by hand delivery to the parties at the addresses listed on Appendix A or B, as applicable, or to such other addresses as may be thereafter designated in writing by such party to the other parties.

18. This Stipulation and Order may be executed in counterparts, each of which shall be deemed to be an original, and all of such counterparts taken together shall be deemed to constitute one and the same instrument. The parties agree that facsimile signatures shall be accepted as originals for all purposes under this Stipulation and Order.

19. This Stipulation and Order shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns. This Stipulation and Order may not be assigned by you without the prior written consent of the Plan Proponents, which consent shall be granted or not according to the Plan Proponents' sole discretion. The Plan Proponents and their respective representatives not parties hereto are third-party beneficiaries of this Stipulation and Order. As used herein, the word "**or**" shall not be construed as exclusive.

20. Certain of the Requested Information may be subject to one or more of the following previously entered Protective Orders:

(i) Protective Order Relating to Production of Medical Records, dated June 5, 2006 (Docket No. 12608);

(ii) Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire, dated December 22, 2006 (Docket No. 14149);

(iii) Modified Order Establishing the Non-Waiver of Privilege Contained in Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of Such Answers, dated July 10, 2007 (Docket No. 16259);

(iv) Protective Order (re Claims Resolution Management Corporation) dated July 10, 2007 (Docket No. 16258);

K&E 13828094.3

(v) Consent Order Concerning Confidentiality of Documents and Information to Be Produced by Expert Witnesses for Future Claimants' Representative, dated September 13, 2007 (Docket No. 16820);

(vi) Protective Order (re Claims Processing Facility, Inc.) dated September 17, 2007 (Docket No. 16826);

(vii) Agreed Supplemental Order Regarding Modified Order Establishing the Non-Waiver of Privilege Contained in Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of such Answers, dated September 24, 2007 (Docket No. 16918).

21. Subject to the execution of this Stipulation and Order or a document attesting to the Insurers' agreement to be bound by this Stipulation and Order, the Requested Information covered by these prior orders shall be produced by the Debtors to the consenting Insurers pursuant to the terms of this Stipulation and Order. The attorneys and experts for Insurers shall not disclose or otherwise provide access to information covered by these prior orders to any other person or entity not expressly permitted access to the information by the prior orders absent further order of the Court. Such information may be used only in respect to the confirmation proceedings in these Chapter 11 Cases subject to the confidentiality provisions of this Stipulation and Order.

22. This Stipulation and Order represents the entire agreement of the parties hereto with respect to the subject matter hereof, and any amendment, supplement or modification hereto, or any waiver of the rights and obligations hereunder, must be in writing and signed on behalf of the parties hereto.

23. In order to respond to the Document Requests, the Debtors may provide the Insurers with copies of the 2019 statements submitted by counsel for the Libby claimants in these cases based on the showing in conjunction with the entry of this Stipulation and Order that the Insurers have show good cause for obtaining the 2019 statements as a result of the Libby claimants' having raised in their objections to the Debtors' disclosure statement, the treatment of

11

the Insurers under the currently proposed chapter 11 plan. For similar reasons related to disclosure statement and confirmation issues, the Debtors may also provide such 2019 statements to the other Plan Proponents.

24. If any provision of this Stipulation and Order shall be determined to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of the Stipulation and Order shall not be affected or impaired thereby.

K&E 13828094.3

IN WITNESS WHEREOF, the parties, by their duly authorized representatives, have caused this Stipulation and Order to be duly executed as of the date set forth with the respective signatures below:

Dated: December __, 2008

Respectfully submitted,                                            BIFFERATO & GENTILOTTI, LLC

_____          By:    _____
Counsel for Debtors and Debtors                          Ian Connor Bifferato, Esq. (#3273)
and Debtors-in-Possession                                Garvan F. McDaniel, Esq. (#4167)
Kirkland & Ellis LLP                                     WILSON, ELSER, MOSKOWITZ,
Citigroup Center                                         EDELMAN & DICKER LLP
153 East 53rd Street                                     800 King Street, First Floor
New York, NY 10022                                       Wilmington, Delaware 19801
Attn: David M. Bernick                                   Telephone:   (302) 254-5396
       Theodore L. Freedman
Telephone    (212) 446-4800                                          and
Facsimile:   (212) 446-4900

                                                   Carl J. Pernicone, Esq.
                                                   150 East 42nd Street
                                                   New York, New York 10017-5639
                                                   (212) 490-3000

                                                     and

                                                 Tancred Schiavoni, Esq.
                                                 Gary Svirsky, Esq.
                                                 O'MELVENY & MYERS LLP
                                                 7 Times Square
                                                 New York, New York
                                                 Telephone:   (212) 326-2267

                                                 *Counsel for Arrowood Indemnity Company,*
                                                 *f/k/a Royal Indemnity Company*


                                                 GOODWIN PROCTER LLP
                                                 Daniel M. Glosband (*pro hac vice*)
                                                 Brian H. Mukherjee (*pro hac vice*)
                                                 Goodwin Procter LLP
                                                 Exchange Place

Boston, Massachusetts 02109
Telephone: (617) 570-1000
facsimile: (617) 523-1231

-- and --

FORD MARRIN ESPOSITO WITMEYER &
GLESER, L.L.P.
Elizabeth DeCristofaro (*pro hac vice*)
Wall Street Plaza, 23rd Floor
New York, New York 10005-1875
Telephone: (212) 269-4900
FACSIMILE: (212) 344-4294

*Counsel for Continental Casualty Company,
Transportation Insurance Company
and their American insurance affiliates*

COZEN O'CONNOR
Jeffrey R. Waxman (No. 4159)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
(302) 295-2000 Telephone
(302) 295-2013 Facsimile

--and --

William P. Shelley (PA ID 40875)
Jacob C. Cohn (PA ID 54139)
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000 Telephone
(215) 665-2013 Facsimile

*Counsel for Federal Insurance Company*

14

**ORDERED** this \_\_\_\_\_ day of December 2008.

_____
Judith K. Fitzgerald, Chief Judge
United States Bankruptcy Judge

15

## **APPENDIX A**

[Insert name/addresses of Insurers]

K&E 13828094.3

## APPENDIX B

| | |
|---|---|
| **If to the Debtors only:** | Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, NY 10022<br>Attn: David M. Bernick<br>       Theodore L. Freedman<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>and<br><br>Pachulski, Stang, Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Attn: Laura Davis Jones<br>       James E. O'Neill<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400 |
| **If to the Plan Proponents (including the Debtors):** | Caplin & Drysdale, Chartered<br>One Thomas Circle, NW, Suite 1100<br>Washington, DC 20005<br>Attn: Peter Lockwood<br>       Ronald Reinsel<br>Telephone: (202) 862-5000<br>Facsimile: (202) 862-3301<br><br>and<br><br>Caplin & Drysdale, Chartered<br>375 Park Avenue, 35th Floor<br>New York, NY 10152<br>Attn: Elihu Inselbuch<br>Telephone: (212) 319-7125<br>Facsimile: (212) 644-6755<br><br>*Counsel to the Official Committee of Asbestos Personal Injury Claimants* |

17

Orrick, Herrington & Sutcliffe LLP
1152 15th Street, NW
Washington, DC 20005
Attn: Roger Frankel
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel to the Asbestos PI Future Claimants' Representative*

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Attn: Phillip Bentley
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel to the Official Committee of Equity Security Holders*