**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | **Proposed Hearing Date: 1/26/09 at 9:00 am** |
| | § | **Proposed Objection Deadline: 1/9/09, 4:00 p.m. ET** |

**APPLICATION PURSUANT TO SECTIONS 105, 327, 524(g) AND 1109
OF THE BANKRUPTCY CODE FOR ORDER AUTHORIZING RETENTION
*NUNC PRO TUNC* OF R. KARL HILL, ESQ. AS LOCAL COUNSEL TO
HON. ALEXANDER M. SANDERS, JR., PROPOSED LEGAL
REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY
<u>DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

The Hon. Alexander M. Sanders, Jr., Legal Representative for Future Asbestos-Related

Property Damage Claimants and Holders of Demands (the "PDFCR"), submits this application

(the "Application") pursuant to Sections 105, 327, 524(g) and 1109 of the Bankruptcy Code, for

entry of an order authorizing him to retain and employ R. Karl Hill, Esq. and his firm, Seitz, Van

Ogtrop & Green, PA ("Hill") as his local counsel *nunc pro tunc* to December 1, 2008.  In support

of this Application, the PDFCR relies on the Declaration of R. Karl Hill attached hereto as

Exhibit A.  In further support of this Application, the PDFCR respectfully states as follows:

**<u>Jurisdiction and Venue</u>**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334(b).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this

proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408.

2.      The statutory bases for the relief requested by this Application are Sections 105, 327 524(g)(4)(B)(i) and 1109 of the Bankruptcy Code.

### Brief Background Summary

3.      On April 2, 2001 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases were consolidated for administrative purposes only.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors have continued to operate their businesses and manage their properties as debtors in possession.

4.       A number of committees and representatives have been formed and appointed in these cases.  The Official Committee of Unsecured Creditors was formed by the United States Trustee on April 13, 2001.  (Dkt. No. 94).  The Official Committee of Asbestos Personal Injury Claimants (the "Asbestos PI Committee") was formed on April 13, 2001.  (Dkt. No. 95).  The Official Committee of Asbestos Propert Damage Claimants (the "Asbestos PD Committee") was formed on May 11, 2001.  (Dkt. No. 252).  The Official Committee of Equity Security Holders (the "Equity Committee") was formed on June 18, 2001.  (Dkt. No. 532).  On May 24, 2004, this Court entered an order appointing David T. Austem as the legal representative for future asbestos personal injury claimants (the "PIFCR") (Dkt. No. 5645).

5.      The PDFCR was appointed by this Court on October 20, 2008.

### Relief Requested and Basis Therefor

6.      The PDFCR has selected Mr. Hill and his firm to serve as his local counsel as required by the local rules of this Court.  Mr. Hill and his firm were selected because they enjoy an excellent reputation in local bankruptcy practice.  For these and other reasons, the PDFCR

believes that Mr. Hill and his firm are well qualified to serve as his local counsel in these Chapter 11 cases.

7.    If this Application is approved, Mr. Hill will advise and represent the PDFCR with respect to all matters that may arise in the context of these cases and which require local Delaware counsel.

8.    Mr. Hill has informed the PDFCR that he and his firm currently represent no creditors of the Debtors, or affiliates of such creditors.  He has further informed the PDFCR that they will not represent any person in connection with any matter adverse to the PDFCR. Additionally, Mr. Hill has advised the PDFCR that if he should discover that he or his firm represent any additional entities or persons connected with the PDFCR, the Debtor, its creditors, or other parties in interest in the Chapter 11 Case, he will promptly and fully disclose to this Court the nature of any such representation.

9.    In light of the foregoing, the PDFCR respectfully submits that it is in the best interests of the Bankruptcy Estate, the Debtors' creditors and all other parties in interest that he be authorized to employ and retain Mr. Hill and his firm to serve as his local counsel in the Chapter 11 Case, and that his retention be effective as of December 1, 2008, the date he agreed to represent me.

10.    The PDFCR understands that Mr. Hill intends to bill for services rendered at his normal hourly rates for matters of this kind, and to request reimbursement of actual expenses incurred, all as more fully reflected in the Declaration of R. Karl Hill attached hereto as Exhibit A.

**Notice**

11.     Notice of this Application has been given to: (i) the Debtors, (ii) the United States Trustee, (iii) counsel to the Debtors' postpetition lenders, (iv) counsel to each of the official committees, (iv) counsel to the Asbestos PI Future Claimants' Representative and (v) all those parties that requested service and notice of papers in accordance with Fed R. Bank. P. 2002.  In light of the nature of the relief requested, the Proposed PDFCR submits that no further notice is required.

Respectfully Submitted,

_____

Alan B. Rich, Esq.
Texas Bar No. 16842350
1201 Main Street, Suite 1910, LB 201
Dallas, Texas 75202
(214) 532-4437
arich@alanrichlaw.com

ATTORNEY FOR HON. ALEXANDER
M. SANDERS, JR., FUTURE PROPERTY
DAMAGE CLAIMS REPRESENTATIVE

**CERTIFICATE OF SERVICE**

I certify that on the 9th day of December, this document was served through the ECF system on all persons who have requested notice through the ECF system.

_____

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., _et al._, | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**DECLARATION OF R. KARL HILL AND DISCLOSURE STATEMENT SUBMITTED
PURSUANT TO BANKRUPTCY CODE SECTION 327(a) AND FEDERAL RULES OF
BANKRUPTCY PROCEDURE 2014(3) AND 2016**

R. Karl Hill, declares as follows:

1.      I am an attorney at law admitted to practice in the State of Delaware, as well as in the United States District Court for the District of Delaware, and the United States Court of Appeals for the Third Circuit.  I am over 18 years of age and have personal knowledge of the facts set forth herein, which facts are true and correct.  An application to this Court will be filed in order for me to represent Alexander M. Sanders, Jr., the Proposed Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands (the "PDFCR") of the Debtors in these cases (the "Chapter 11 Cases").  I along with my law firm, Seitz, Van Ogtrop & Green, P.A.; have agreed to represent the PDFCR as local counsel in connection with the Chapter 11 Cases.

2.      This Declaration is submitted in support of the PDFCR's "Application Pursuant to Sections 327 and 1107 of the Bankruptcy Code for Order Authorizing Retention _Nunc Pro Tunc_ of R. Karl Hill, Esq. and his law firm Seitz, Van Ogtrop & Green, P.A. as Counsel to Hon. Alexander Sanders, Jr., Proposed Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands," and for the purpose of fulfilling the disclosure requirements of Section 329(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and

68073 v1

2016(b).

3.      I do not represent any clients or interests that are adverse or potentially adverse to the PDFCR.  I do presently not represent any creditors of the Debtors or parties in interest in this case.

4.      I do not and will not represent any person in connection with any matter adverse to the PDFCR.  Furthermore, should I discover during the pendency of the Chapter 11 Cases or thereafter for so long as I represent the PDFCR, that I represent, in unrelated matters, any entity or person that has an interest adverse to the PDFCR, I will promptly disclose to this Court and the PDFCR the nature of such representation.

5.      I do not, to the best of my knowledge, have any connections with the United States Trustee or with any person employed in the Office of the United States Trustee.

6.      I do not hold any equity or debt security of the Debtors, and have never been a director, officer, or employee of the Debtor. I am not a creditor of the Debtors.

7.      I have not provided legal advice to an investment banker in connection with the offer, sale, or issuance of a security of the Debtors.

8.      I generally charge an hourly rates for my services and seek reimbursement of direct charges incurred on behalf of my clients.  My hourly rate for matters of this nature is $350.00 per hour.  My rate is adjusted from time-to-time to reflect changes in inflation and other factors. Any such adjustment will be disclosed to this Court as and when they occur.

9.      I have not agreed to share with any other person the compensation to be paid to me pursuant to the engagement to represent the PDFCR in connection with the Chapter 11 Cases.

10.      I believe that I am a "disinterested person" within the meaning of 11 U.S.C. §§ 101(14) and 327(a), as modified by 11 U.S.C. § 1107(b).  Should I discover any facts bearing on

this Declaration or on my representation of the PDFCR, this Declaration will be supplemented

and those facts will be fully disclosed to this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Wilmington, Delaware
Dated:  December 2, 2008

_____
R. Karl Hill (DE 2747)

68073 v1