IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | * | |
| W.R. GRACE & CO., et al., | * | Chapter 11 |
| Debtor. | * | Case No. 01-01139 (JKF)<br>(Jointly Administered) |
| | * | Related Docket Nos. 19581, 19620, 20212 |
| | * | Hearing Date:   December 15, 2008 @ 1:00 p.m. (EST)<br>Obj. Deadline:   December 13, 2008 @ 4:00 p.m. (EST) |

------------------------------------------------------x

## LIMITED JOINDER OF CONTINENTAL CASUALTY COMPANY TO MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

Continental Casualty Company ("CCC") hereby joins the *Motion for Entry of Confidentiality Order* (the "Motion") (Docket No. 20212) for entry of the Confidentiality Stipulation and Consent Order attached as Exhibit 1 to the Motion (the "Stipulation and Order"), subject to the proposed modifications to the Stipulation and Order set forth herein. As explained in the Motion, the entry of the Stipulation and Order will facilitate, in the least burdensome way possible, the Insurers'[1] access to materials necessary for them to determine their course of action under the Debtors' proposed Case Management Order, and to attempt to resolve the Insurers' issues with the Plan Proponents. The expeditious entry of the Stipulation and Order will allow the Debtors to provide the Insurers with materials that the Debtors have already represented that they are willing to provide, subject to the need for confidentiality. CCC states as follows:

1. Paragraph 2 of the Stipulation and Order provides that each professional or other party engaged by an Insurer in connection with the Chapter 11 Cases who utilizes Confidential

---

[1] Capitalized terms not otherwise defined herein shall have the meanings as ascribed in the Motion or the Stipulation and Order, as the case may be.

Information must first enter into a confidentiality agreement directly with the Debtors. This provision should be modified to instead provide that such professional or other party engaged by an Insurer be required to execute an undertaking or similar agreement with the respective Insurer to abide by the terms of the Stipulation and Order. This arrangement is customary with this type of confidentiality agreement and CCC believes that it will be less burdensome on all parties involved, including the Debtors.

2. The last sentence of Paragraph 2 of the Stipulation and Order should be deleted in part, as it reflects a scrivener's error. The corrected sentence should read in its entirety as follows: "Nothing in this Stipulation and Order shall restrict or otherwise impair an Insurer's rights to seek discovery of the Confidential Information in another proceeding."

3. Paragraph 17 of the Stipulation and Order should be modified to provide that (i) execution of the Stipulation and Order shall automatically constitute an agreement to be bound by the Protective Orders, and (ii) that Requested Information covered by the Protective Orders shall be produced to those parties who execute the Stipulation and Order.

WHEREFORE, for all of the foregoing reasons, CCC respectfully requests that this Court enter the Stipulation and Order attached as Exhibit 1 to the Motion, as modified in the manner discussed above, and grant such other or further relief that is just and proper.

Dated: December 9, 2008

Respectfully Submitted,

ROSENTHAL, MONHAIT, & GODDESS, P.A.

Edward B. Rosenthal (Del. Bar No. 3131)
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, Delaware 19899-1070
(302) 656-4433

-and-

GOODWIN PROCTER LLP
Daniel M. Glosband (pro hac vice)
Brian H. Mukherjee (pro hac vice)
Exchange Place
Boston, MA 02109
(617) 570-1930

-and-

FORD MARRIN ESPOSITO WITMEYER
 & GLESER, L.L.P.
Elizabeth DeCristofaro (pro hac vice)
Wall Street Plaza, 23rd Floor
New York, New York 10005-1875
(212) 269-4900

*Counsel for Continental Casualty Company*