IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: ) | Chapter 11 |
| ) |  |
| W.R. GRACE & CO., *et al.*, ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| ) |  |
| Debtors. ) | Related to Docket No. 20212 |
| ) | Hrg. Date: December 15, 2008 |
| ) | Objection Deadline: Noon on |
| ) | December 14, 2006 |
| ) |  |

**LIMITED OBJECTION OF VARIOUS LAW FIRMS REPRESENTING ASBESTOS PERSONAL INJURY CLAIMANTS TO INSURERS' MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

Various Law Firms Representing Asbestos Personal Injury Claimants (collectively, "Law Firms"),[1] file their Limited Objection to the Motion for Entry of Confidentiality Order (the "Objection" and the "Motion" respectively) filed by the certain of the Debtor's liability insurers (the "Insurers").[2]. Respondents would respectfully show the Court as follows:

The Insurers filed the Motion as an adjunct to discovery requests filed against the Debtor in connection with the upcoming confirmation hearing. They seek access to various items of evidence that are or may be subject to confidentiality

---

[1] Each of the following law firms is a Respondent and, together, the following firms comprise the Respondents: Baron & Budd, P.C; Foster & Sear, L.L.P.; Hissey, Kientz & Herron, P.L.L.C.; The Law Offices of Peter G. Angelos, A Professional Corporation; David Lipman, P.A.; Provost & Umphrey, L.L.P.; Weitz & Luxenberg P.C.; Wilentz, Goldman & Spitzer, P.A.; and Williams Kherkher Law Firm L.L.P.

[2] The Insurers are Arrowood Indemnity Company f/k/a/ Royal Indemnity Company, Federal Insurance Company, Maryland Casualty Company, Zurich Insurance

or protective orders entered by this Court.  In order to gain access to this evidence, the Insurers propose to have this Court enter a further, blanket confidentiality order permitting them to have access to documents kept under seal and withheld on confidentiality grounds, and extending the scope of previously entered confidentiality orders to cover themselves.  The Debtor has, with certain proposed modifications, indicated a willingness to support this approach as a means of moving the confirmation process along.  The Law Firms strenuously resist this easing of confidentiality protections imposed by this Court over a year ago insofar as this would permit the Insurers to have access to information they provided to Debtors and other parties to the estimation proceeding under a guarantee of confidentiality.  In the Confidentiality Stipulation and Consent Order ("Confidentiality Order") accompanying the Motion, the Insurers have sought four classes of information:

> (i) the claims databases that the Debtors maintain for asbestos bodily injury claims that have been historically asserted and are currently pending, against the Debtors, (ii) the policy registers and such other documents that Grace used to record the exhaustion of underlying coverage, (iii) unredacted copies of the expert reports, pleadings, declarations, deposition and trial testimony, and exhibits filed in connection with the personal injury estimation proceeding in this cases; and (iv) any and all databases that may exist identifying Libby Claimants.

Confidentiality Order at 1-2.  Agreeing to be bound by confidentiality provisions contained in the Confidentiality Order, the Insurers note that "certain of the

---

Company, Zurich International Ltd., Government Employees Insurance Co., and Columbia Insurance Company f/k/a Republic Insurance Company.

information may be subject to one or more of the previously entered Protective Orders." Id. at ¶20.  Three of the eight enumerated Protective Orders cover information provided by the Law Firms under hard-fought and tightly constrained protective orders, ensuring that each entity who was allowed access to the information provided actually needed that information for the estimation proceeding in this case.  The orders are:

- Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire (Docket No. 14149).

- Modified Order Establishing the Non-Waiver of Privilege Contained in Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of Such Answers (Docket No. 16259).

- Agreed Supplemental Order Regarding Modified Order Establishing the Non-Waiver of Privilege Contained in Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of Such Answers (Docket No. 16918).

Given the enumeration of these Protective Orders (collectively, the "PI Protective Orders"), it is reasonable to assume to that the Insurers seek access to some of the information covered under these orders.  Such information includes confidential settlement data and information subject to work product privilege objections, some of which goes to the very heart of the manner in which the Law Firms conduct the representation of their clients.

As the Debtors note in their Response to Insurers' Motion for Entry of Confidentiality Order (the "Debtors' Response"), the Chapter 11 plan currently before the Court in this case is insurance neutral:

> The Debtors' chapter 11 plan is insurance neutral. Insurance coverage litigation, if any, will take place separate and apart from the plan. The Insurers do not need the information in their discovery requests to formulate confirmation objections or obtain confirmation expert reports. The discovery requested by the Insurers may relate to the scope of the Insurers coverage and may be needed in order for the Insurers to respond to the recent demands made on them by the Asbestos Personal Injury Committee.

Debtors' Response at 2. While it is certainly the Debtors' prerogative to address their own confidentiality interests by way of a protective order, the information covered by the Insurers' discovery requests may well include information that the Law Firms consider highly confidential and have only provided to the Debtor under the stringent confidentiality orders outlined above. The Law Firms do not and will not accede to this discovery request and challenge the Insurers to bear their burden of proving standing to object to the Debtors' insurance neutral plan of reorganization before they may obtain confidential information provided by the Law Firms. If, as the Debtor contends (and as the Law Firms concur), this discovery is not required for confirmation objection purposes, the Insurers are premature in even seeking access to such evidence.

When the Debtors sought the information covered by the PI Protective Orders, the Law Firms fought them tooth and nail, and ultimately agreed to provide the information only under the strictest confidentiality protections. The Law Firms

Page 4

certainly do not choose to do so to the Insurers. This Court could, perfectly legitimately, deny the Insurers access to any of the evidence they seek on the grounds that the discovery they have served is premature and irrelevant to the issue before the Court – confirmation of the Debtors' plan. The Debtors appear willing to provide evidence in which they have a confidentiality interest to the Insurers under the auspices of the Confidentiality Order. They may not give up the interest in confidentiality that properly belongs to the Law Firms. To the extent this Court chooses to permit the Insurers to receive the discovery they seek under the terms of the Confidentiality Order, the Law Firms urge that information in which they have an overriding confidentiality interest continue to be protected, and that the PI Protective Orders remain unchanged and in full force and effect. This Court should also enter an order prohibiting the Debtors from disclosing to the Insurers the Law Firms' confidential information.

WHEREFORE, for the foregoing reasons, the Law Firms pray that this Court decline to approve the Confidentiality Order to the extent it permits the Insurers to access information in which the Law Firms have a confidentiality interest, order that the PI Protective Orders continue in full force and effect, enter an order prohibiting the Debtors from disclosing information in which the Law Firms have an interest in continued confidentiality and that the Law Firms be afforded such other relief as to which they may be entitled.

| | |
|---|---|
| Dated: December 10, 2008 | Sander L. Esserman |
| | David J. Parsons |

**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

**COUNSEL FOR VARIOUS LAW FIRMS REPRESENTING PERSONAL INJURY CLAIMANTS**

/s/ Daniel K. Hogan
Daniel K. Hogan (ID no. 2814)
**THE HOGAN FIRM**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
E-mail: dkhogan@dkhogan.com

**LOCAL COUNSEL FOR FOR VARIOUS LAW FIRMS REPRESENTING PERSONAL INJURY CLAIMANTS**