IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Chapter 11 |
| W. R. GRACE & CO.., et al., | Case No. 01-1139 (JKF) |
| | Jointly Administered |
| Debtors. / | |

**PRELIMINARY OBJECTION OF THE MICHIGAN DEPARTMENT OF TREASURY TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION FOR W.R. GRACE & CO, AND ITS AFFILIATES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

The State of Michigan, Department of Treasury, through its attorneys, Michael A. Cox, Attorney General and Deborah Benedict Waldmeir, Assistant Attorney General, files this preliminary objection to the Joint Plan of Reorganization and Disclosure Statement of W.R. Grace & Co. and its affiliates pursuant to the Initial Case Management Order related to the First Amended Joint Plan of Reorganization entered December 5, 2008:

1. The debtors filed their petition for bankruptcy under Chapter 11 of the Bankruptcy Code on April 2, 2001.

2. The business activities of the debtors resulted in liabilities to Treasury for single business taxes pursuant to 1975 PA 228.

3. Treasury filed priority and general unsecured tax claims against debtor W.R. Grace & Co - Conn in the respective amounts of $67,199.66 and $37,217.76 for unpaid single business taxes.

4.  Treasury has the following preliminary objections to debtors' Plan of Reorganization:

- In Section 2.1.2, the proposed interest rate for priority tax claims is 4.19%. Pursuant to 11 USC 1129(a)(9)(C) interest on priority tax claims must be paid at a rate determined by "the prevailing market rate for a loan of a term equal to the payout period, with due consideration of the quality of the security and the risk of subsequent default." See *In re Camino Real Landscape Maintenance Contractors*, 818 F2d 1503 (9th Cir. 1987). The Department of Treasury's interest rate for delinquent taxpayers is 6.0% as of January 1, 2009.

- To the extent the release in Section 8.8.7 is an attempt to discharge the liabilities of an officer of the Debtors it violates 11 USC 524(e) as this Honorable Court cannot discharge the liabilities of a non-debtor. *Resorts Int'l, Inc v Lowenschuss*, 67 F3d 1394, 1401 (9th Cir 1995), *cert. denied*, 517 US 1243 (1996); *Union Carbide Corp v Newboles*, 686 F2d 593 (7th Cir. 1982).

- The exclusive jurisdiction provisions in Article 10 are too broad. The plan does not provide creditors with notice and cure periods and exercise of state law remedies in the event of a default. Tax creditors should not have to return to bankruptcy court to enforce the plan payment requirements.

- Exculpation provisions under Article 11.8 should not apply to any violation of state statutes, including tax laws, pursuant to 28 USC 959 and 28 USC 960. We request that the last sentence of Article 11.8 be amended to include "police, regulatory, and taxing powers".

2

5. Unless the Plan defects discussed above are cured, the State of Michigan Department of Treasury requests that confirmation be denied and that it have such other relief to which it may be entitled.

Respectfully submitted,

Michael A. Cox
Attorney General

/s/Deborah Benedict Waldmeir
Deborah Benedict Waldmeir (P60869)
Assistant Attorney General
3030 W. Grand Blvd
Ste 10-200
Detroit, MI 48202
Telephone: (313) 456-0140
Fax: (313) 456-0141

Dated: December 11, 2008