## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 01-1139 (JKF)<br><br>Jointly Administered<br><br>Re:  Docket No.  20212, 20213<br>Hearing Date:  12/15/08 at 1:00 p.m. (Eastern)<br>Agenda Item No. 15 |

### JOINDER TO MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

The State of Montana ("Montana"), by and through its undersigned counsel, hereby joins the Motion for Entry of Confidentiality Order (Docket No. 20212) (the "Motion"), and requests that it be afforded the same relief as requested to be provided to the Insurers (as defined below) as set forth therein, and in support, states as follows:

---

[1] The Debtors are the following entities:  W.R. Grace & Co. (f/k/a Grace Specialty Chemicals Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), ECARG, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc. E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company (collectively, the "Debtors").

1

**BACKGROUND AND INTRODUCTION**

1. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession.

2. On December 5, 2008, Arrowood Indemnity Company f/k/a Royal Indemnity Company, Federal Insurance Company, Continental Casualty Company, Maryland Casualty Company, Zurich Insurance Company, Zurich International Ltd., Government Employees Insurance Co., and Columbia Insurance Company f/k/a Republic Insurance Company (collectively, the "Insurers") filed the Motion. By the Motion, the Insurers have requested, among other things, that the Court approve a Confidentiality Stipulation and Consent Order (the "Insurer Confidentiality Order")[2] that was attached as Exhibit 1 to the Motion.

3. Pursuant to the Insurer Confidentiality Order, the Debtors have agreed to produce to the Insurers, on or before twenty calendar days before the Insurers are to submit expert reports in connection with Plan confirmation discovery, certain documents and information previously produced to the Plan Proponents in connection with the estimation proceedings, including claims databases, policy registers, and unredacted copies of expert reports, pleadings, declarations, deposition and trial testimony, and exhibits (collectively, as defined more fully in the Insurer Confidentiality Order, the "Requested Information"), as well as other Confidential Information (as defined in the Insurer Confidentiality Order). See Insurer Confidentiality Order ¶ 1. The Insurer Confidentiality Order further provides that the Debtors may provide the Insurers with copies of the 2019 statements submitted by counsel for the Libby claimants (such 2019

---

[2] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Insurer Confidentiality Order.

WCSR 4034038v3

statements, together with the Requested Information and the Confidential Information as defined in the Insurer Confidentiality Order, collectively, the "Insurer Information"). See id. ¶ 19.

4. On December 11, 2008, counsel for the Debtors circulated an additional proposed form of confidentiality order (the "Libby Confidentiality Order") that was supported by certain persons who have identified themselves as claimants purportedly injured by alleged exposure to asbestos from the Debtors' operations in Lincoln County, Montana (collectively, the "Libby Claimants"). While the Libby Confidentiality Order is largely similar to the Insurer Confidentiality Order, the Libby Confidentiality Order further provides for the Debtors to produce to the Libby Claimants, no later than five days after entry of the order, certain documents and information previously produced to the Plan Proponents in connection with the estimation proceedings in these cases, including images of the Personal Injury Questionnaires filed by asbestos personal injury claimants, and the database from Rust Consulting that recorded the objective information contained on such questionnaires and the filed asbestos personal injury proof of claims (collectively, the "Libby Information"). See Libby Confidentiality Order ¶ 1.

## BACKGROUND AND INTRODUCTION

5. Montana joins in the relief requested by the Insurers, and joins the Insurers and the Libby Claimants in their requests for the production of the Insurer Information and the Libby Information. As with the Insurers and the Libby Claimants, Montana too has previously requested certain of such Insurer Information and Libby Information from the Debtors. However, to date Montana's efforts to obtain such information from the Debtors have not been successful. Therefore, Montana requests that the Insurer Information and the Libby Information be produced to Montana on the same terms as set forth in the Insurer Confidentiality Order and the Libby Confidentiality Order.

WCSR 4034038v3

6.     Montana has filed multiple objections to the Debtors' disclosure statement, has been active in the confirmation proceedings, and intends to assert objections to the Debtors' plan of reorganization, including on the grounds that the plan is infeasible because Montana has a claim for indemnification against the reorganized Debtors that is not dischargeable in these chapter 11 proceedings; Montana acknowledges that the Debtors argue that Montana's indemnification claim against them is dischargeable in these chapter 11 proceedings.  Montana maintains that the production of the Insurer Information and the Libby Information to Montana is necessary in order to allow Montana the ability to frame and prosecute such objections.

7.     Montana agrees to abide by the same terms and restrictions governing the production of the Insurer Information that are set forth in the Insurer Confidentiality Order with respect to the Insurers, as well as the production of the Libby Information that are set forth in the Libby Confidentiality Order with respect to the Libby Claimants.[3]  Therefore, Montana maintains that no prejudice would be caused to the Debtors or third parties by the production of such information to Montana.

8.     For these reasons, to the extent that the Court approves the production of the Insurer Information to the Insurers and/or the Libby Information to the Libby Claimants on the terms set forth in the Insurer Confidentiality Order and the Libby Confidentiality Order, Montana requests that the Court further require the Debtors to produce such information to Montana on the same terms.

**RESERVATION OF RIGHTS**

9.     Montana reserves all rights to raise additional arguments in support of the Motion and its joinder thereto either at or prior to any hearing with respect to such matters.

---

[3]     The Debtors have filed the Debtors' Response to Insurers' Motion for Entry of Confidentiality Order and Debtors' Revised Order on December 8, 2008 (Docket No. 20221).  Montana is likewise agreeable to be bound by the terms set forth in the Debtors' Revised order.

4

WHEREFORE, for the reasons set forth in the Motion, Montana respectfully requests (i) that the Court grant the Motion, (ii) that any order granting the Motion provide that any information to be provided to the Insurers or the Libby Claimants shall also be provided to Montana on the same terms and restrictions, and (iii) that the Court grant Montana such further relief as is just and proper.

Dated:  December 12, 2008                    Respectfully submitted,

**Womble Carlyle Sandridge & Rice, PLLC**

By:     /s/ Matthew P. Ward
       Francis A. Monaco, Jr. (#2078)
       Kevin J. Mangan (#3810)
       Matthew P. Ward (#4471)
       222 Delaware Avenue, Suite 1501
       Wilmington, DE  19801
       Ph: (302) 252-4320
       Fax: (302) 252-4330

       Counsel for the State of Montana