## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                        )     Chapter 11
                                              )
W.R. Grace & Co., et al.,                     )     Case No. 01-01139 (JKF)
                                              )     (Jointly Administered)
                                              )
          Debtors.                            )     **Re: D.I. 20275**

### NOTICE OF FILING

**PLEASE TAKE NOTICE** that on December 15, 2008, the U.S. ZAI Claimants filed a

*Motion to Approve Class Settlement and Certification of the U.S. ZAI Claimants* (D.I. 20275)

(the "Motion"). The ZAI Class Settlement Agreement (the "Agreement") attached as Appendix

A to the Memorandum in Support of Motion, was signed only by counsel to the U.S. ZAI

Claimants. A fully executed copy of the Agreement including the signature of the Debtor, W. R.

Grace & Co., is attached hereto as Exhibit A.

Dated: December 16, 2008                   SULLIVAN · HAZELTINE · ALLINSON LLC
       Wilmington, Delaware

                                           _____
                                           William D. Sullivan (No. 2820)
                                           William A. Hazeltine (No. 3294)
                                           Elihu E. Allinson, III (No. 3476)
                                           4 East 8th Street, Suite 400
                                           Wilmington, DE 19801
                                           Tel: (302) 428-8191
                                           Fax: (302) 428-8195

                                           -- and --

                                           THE SCOTT LAW GROUP, P.S.
                                           Darrell W. Scott
                                           926 W. Sprague Avenue
                                           Chronicle Building, Suite 680
                                           Spokane, WA 99201
                                           Telephone: (509) 455-3966

                                           -- and --

RICHARDSON, PATRICK,
WESTBROOK  & BRICKMAN, LLC
Edward J. Westbrook
Robert M. Turkewitz
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC 29464
Telephone:  (843) 727-6500

*Special Counsel for ZAI Claimants*

# Exhibit A

## CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement ("Settlement Agreement") is made and entered into this *15th* day of December 2008, by and between W. R. Grace & Co., a Delaware corporation, on behalf of itself and its subsidiaries and affiliates that are debtors in the Chapter 11 Cases (collectively, "W. R. Grace"), and U.S. ZAI claimants Marco Barbanti and Ralph Busch, each individually and as proposed representatives of the Class acting by and through their undersigned counsel.

## DEFINITIONS

As used herein, the following terms shall have the meanings specified below:

a.    "Agreement" or "Settlement Agreement" means this Class Settlement Agreement

b.    "Asbestos Property Damage Futures Representative" means Alexander M. Sanders, Jr. (or any Bankruptcy Court-appointed successor), appointed as the legal representative for future asbestos-related property damage (including property damage related to ZAI) claimants in the Chapter 11 Cases.

c.    "Bankruptcy Code" means title 11 of the United States Code.

d.    "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

e.    "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure.

f.    "Chapter 11 Cases" means the chapter 11 cases for W. R. Grace & Co. and certain of its subsidiaries in the Bankruptcy Court and jointly administered under Case No. 01-1139 (JKF).

g.    "Class" means all holders of U.S. ZAI Claims that were filed with the Bankruptcy Court on or before the U.S. ZAI Bar Date.

1

h.    "Debtors" means W. R. Grace & Co. and all other debtors that filed voluntary petitions under the Bankruptcy Code and are part of the Chapter 11 Cases.

i.    "Equity Committee" means the official committee of equity security holders appointed in the Chapter 11 Cases.

j.    "Memorandum of Agreement" means the "Term Sheet For Resolution of U.S. Zonolite Attic Insulation Claims" entered into by the Debtors, the Equity Committee, the Asbestos Property Damage Futures Representative, and Class Counsel on or about November 21, 2008.

k.    "Class Representatives" means Marco Barbanti and Ralph Busch.

l.    "Parties" means W. R. Grace & Co., Class Representatives, and the proposed Class as defined herein.

m.    "Person" includes, without limitation, any individual, corporation, partnership, firm, association or other entity.

n.    "Class Counsel" means Edward J. Westbrook, Esq., Darrell W. Scott, Esq., and Elizabeth Cabraser, Esq.

o.    "Plan" means the Joint Plan of Reorganization of the Debtors, the Equity Committee, the Asbestos Personal Injury Future Claimants' Representative and the Official Committee of Asbestos Personal Injury Claimants, as may be further amended or modified.

p.    "U.S. ZAI Bar Date" means October 31, 2008.

q.    "U.S. ZAI Claim" mean any "Zonolite Attic Insulation Claim" as defined in the General Instructions For Completing the W. R. Grace & Co. ZAI Proof of Claim, attached to the Certification of Counsel Regarding Order (a) Establishing October 31, 2008 as the Proof of

2

Claim Bar Date for Zonolite Attic Insulation Claims and (b) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program. Dkt. No. 18920 (June 13, 2008).

    r.      "ZAI" means Zonolite Attic Insulation regardless of the brand name under which it was sold.

### RECITALS

WHEREAS Class Representatives, through Class Counsel, commenced a class action on March 24, 2000 (Barbanti v. W. R. Grace & Co. – Conn., No. 00201756-6 (Wash. Sup.)) in the Superior Court for Spokane County, Washington, on behalf of a class of ZAI homeowners in Washington State; and

WHEREAS the Superior Court of Spokane County issued an order on December 12, 2000, certifying the Barbanti class for purposes of seeking injunctive relief, which W. R. Grace sought to appeal through a Notice for Discretionary Review that remains pending; and

WHEREAS Class Counsel commenced on April 14, 2000, a proposed class action in the United States District Court of Montana (Price v. W. R. Grace, et al, Case No. CV-00-71-M-DWM) on behalf of ZAI homeowners throughout the United States, other than those residing in Washington State; and

WHEREAS other proposed ZAI class actions were filed against W. R. Grace in various federal district courts; and

WHEREAS all federal ZAI actions were referred by the Judicial Panel on Multi-District Litigation to the District of Massachusetts (In re Zonolite Attic Insulation Products Liability Litigation, MDL Dist. No. 1376 (D.MA)) and undersigned counsel brought a motion for class certification as to a master ZAI complaint in those MDL proceedings; and

3

WHEREAS W. R. Grace commenced the Chapter 11 Cases by filing voluntary petitions on April 2, 2001, which automatically stayed further prosecution of civil actions in respect of ZAI; and

WHEREAS Class Counsel engaged themselves in the Chapter 11 Cases on behalf of ZAI claimants and continuously pressed for a collective resolution of ZAI claims through recognition of a ZAI class; and

WHEREAS Class Counsel filed a motion for class certification of ZAI claims in the bankruptcy court in November 2001, which was dismissed without prejudice; and

WHEREAS Class Counsel filed a motion requesting that the Bankruptcy Court recognize the Barbanti class for the purpose of permitting the filing of a ZAI class proof of claim in March, 2008 (Dkt. No. 18323); and

WHEREAS W. R. Grace opposed that motion and the matter remains under consideration by the Bankruptcy Court; and

WHEREAS Class Representatives and Class Counsel have filed purported nationwide and statewide ZAI class proofs of claim on or before the U.S. ZAI Bar Date; and

WHEREAS Class Counsel filed a motion for class certification on October 29, 2008 on behalf of all holders of U.S. ZAI Claims who timely filed such claims on or before the U.S. ZAI Bar Date (Dkt. No. 19910); and

WHEREAS over 16,000 individual members of the proposed Class have timely filed ZAI proofs of claim on or before the U.S. ZAI Bar Date; and

WHEREAS issues pertaining to the merit and value of the U.S. ZAI Claims remain matters of significant dispute and their timely resolution poses significant challenges to W. R. Grace's reorganization; and

4

WHEREAS W. R. Grace has denied and continues to deny all allegations of wrongdoing, violations of law and breaches of duty in respect of ZAI and has asserted and continues to assert that: (1) the U.S. ZAI Claims have no substance in fact or law; (2) it has meritorious defenses to such claims; (3) it has affirmative defenses; (4) no ZAI class, other than the Class addressed herein, should be certified; (5) the Barbanti class should not be recognized by the Bankruptcy Court; and (6) the U.S. ZAI Claims should be disallowed; and

WHEREAS the parties are desirous of settling and resolving the U.S. ZAI Claims as a Class and have engaged in protracted, arms length, and ultimately productive settlement negotiations directed toward that end; and

WHEREAS W. R. Grace and the Class, through Class Counsel, have successfully negotiated the settlement described herein, which resolves all U.S. ZAI Claims of the Class and permits the Debtors to advance toward reorganization without further liability to the Class; and

WHEREAS W. R. Grace, while continuing to deny any liability in respect of U.S. ZAI Claims, has agreed to enter into this Settlement Agreement to avoid, among other things, the expense, burdens, and uncertainties of further protracted ZAI litigation, and to secure for itself total and final peace and protection from the U.S. ZAI Claims of the Class; and

WHEREAS Class Counsel, in the course of this and similar litigation, including the Barbanti case, have conducted exhaustive discovery and investigations into the facts underlying the U.S. ZAI Claims, have made a thorough examination of the legal principles applicable to the holders of U.S. ZAI Claims within the Class, have litigated certain of these issues with W. R. Grace, both prior to and during the Chapter 11 Cases, and have concluded, based on their extensive and now mature experience with ZAI, that a class settlement with W. R. Grace in the

amount and terms hereinafter set forth is fair, reasonable and adequate, and is in the best interest of the Class; and

WHEREAS W. R. Grace and the Class have concluded that a settlement in the amount and on the terms hereinafter set forth is fair, reasonable and adequate, and is in the best interests of the Class, W. R. Grace and the bankruptcy estates of the Debtors.

NOW, THEREFORE, in consideration of the covenants and agreement set forth herein the Parties agree to a Settlement as follows:

## TERMS AND CONDITIONS OF CLASS SETTLEMENT

1.    <u>Class</u>.    This Settlement is made between W. R. Grace and the Class, which consists of holders of U.S. ZAI Claims filed with the Bankruptcy Court on or before the U.S. ZAI Bar Date.

2.    <u>Class Representatives</u>.    The Class Representatives are Marco Barbanti and Ralph Busch.

3.    <u>Class Counsel</u>.    Class Counsel are Edward J. Westbrook, Esq., Darrell W. Scott, Esq., and Elizabeth Cabraser, Esq.

4.    <u>Class Settlement</u>.    The Class settlement benefits, pertinent financial terms, claims payment conditions, and other principal terms of this Class Settlement are as set forth in the Memorandum of Agreement. The Memorandum of Agreement is attached hereto as Exhibit A and is incorporated as if fully set forth herein. Class members' entitlements shall be governed by the procedures, terms, and conditions set forth in the Plan, which shall incorporate the Memorandum of Agreement and this Settlement.

5.    <u>Class Costs and Fees</u>.    Class Counsel may seek from the Bankruptcy Court an award of attorney fees, not to exceed 25% of the W. R. Grace non-contingent payment

obligations described in the Memorandum of Agreement, together with reimbursement of costs. Class Counsel's application for attorney fees or costs will be considered separately from the Bankruptcy Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement.

6.    <u>Submission to the Bankruptcy Court</u>.  The Class Representatives shall move for an Order of the Bankruptcy Court:

> (a)    certifying the proposed Class, appointing the proposed Class Representatives, and appointing Class Counsel;
>
> (b)    preliminarily approving the Settlement for purposes of Fed. R. Civ. P. 23, subject to approval of the Settlement in connection with the Plan;
>
> (c)    providing for direct notice to individual members of the Class, at W. R. Grace's expense, of the preliminary approval of the Settlement, of the hearing on final approval of the Settlement, of Class members' opt-out rights in relation to the Settlement, and of other matters as required by Fed. R. Civ. P. 23; and
>
> (d)    scheduling a hearing to make a final determination of whether the Settlement should be given final approval, which hearing shall occur in connection with the confirmation of the Plan.

7.    <u>Settlement Conditions</u>.  This Settlement is subject to the following conditions and shall have no force and effect unless and until all of such conditions have been satisfied:

> (a)    the US ZAI Class being certified by the Bankruptcy Court and upheld upon appeal if necessary;

7

         (b)     the confirmation by the Bankruptcy Court of the Plan incorporating the terms of the Settlement; and

         (c)     the occurrence of the Effective Date of the confirmed Plan incorporating the terms of the Settlement.

8.    <u>W. R. Grace's Sole Liability</u>.  W. R. Grace's sole liability under this Settlement Agreement shall be set forth in the Plan incorporating the terms of the Memorandum of Agreement, including all documents contemplated thereby.

9.    <u>Inclusion of the Settlement Agreement in the Plan</u>.  W. R. Grace agrees to incorporate the terms of this Settlement Agreement and the Memorandum of Agreement in the Plan.

10.    <u>Plan Support</u>.  The Class Representatives shall, on behalf of the Class, support, in a manner not inconsistent with (i) their fiduciary duties to the Class or (ii) the Bankruptcy Code, including section 1125 of the Bankruptcy Code, W. R. Grace's Plan so long as such Plan incorporates and is not inconsistent with this Settlement Agreement.

11.    <u>ZAI Litigation Suspended</u>.  All pending litigation and proceedings regarding U.S. ZAI Claims, except with respect to the certification of the Class and preliminary approval of this Settlement Agreement, are hereby suspended, with all deadlines relating thereto tolled, and all parties reserve their rights concerning such claims.

12.    <u>Prior Class Proofs of Claim</u>.  The Class shall be the only class with respect to U.S. ZAI Claim and no prior class proofs of claim shall be recognized. All such prior class proofs of claim filed by Class Counsel are hereby withdrawn.

## REPRESENTATION AND WARRANTIES

13.    Good Faith and Fairness.  Each of the parties represents and warrants that: (a) this Settlement Agreement is entered into in good faith; (b) no conflicts of interest exists on its part; and (c) in its opinion, the Settlement Agreement represents a fair resolution of the claims resolved herein.

14.    Authority.  Subject to the entry of orders of the Bankruptcy Court certifying the Class, approving the appointment of Class Counsel, approving W. R. Grace's entry into the Settlement Agreement and approving the Plan incorporating this Settlement Agreement, each party: (a) represents and warrants that it has taken the action necessary to secure the consent of all persons or entities necessary to authorize the execution of this Settlement Agreement and related documents necessary to fulfill the terms and conditions of this Agreement; and (b) is fully authorized to enter into and execute this Settlement Agreement.

15.    No Prior Assignments of Claims or Claims Objections.  The parties represent and warrant to each other and acknowledge that each has not assigned or transferred to any third party any claim or right the other may have respecting any claims or any claims objections.

16.    Cooperation by the Parties.  In seeking preliminary and final approval of this Settlement Agreement and its consummation, the parties: (a) shall act in good faith and use their reasonable best efforts to seek and support approval of this Settlement Agreement; and (b) shall not act or fail to act in a manner that will deprive the other party of the benefits of the bargains embodied in this Settlement Agreement.

## MISCELLANEOUS

17.    Governing Law.  Except to the extent governed by the Bankruptcy Code, this Settlement Agreement shall be construed in accordance with, and all disputes hereunder shall be

9

governed by, the internal laws of the State of Delaware. Any disputes, controversies, or claims arising out of this Settlement Agreement shall be determined exclusively by the Bankruptcy Court, which retains jurisdiction for those purposes. This Settlement Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any one Party.

## USE OF THIS AGREEMENT

18.    Limitations on Use and Effect of this Agreement. Except in such proceedings as may be necessary to effectuate or enforce the provisions of this Settlement Agreement, neither this Agreement, the settlement provided for herein (whether or not ultimately consummated or performed), nor any actions taken by either Party pursuant to or in connection with this Agreement, to negotiate, effectuate, consummate or carry out this Agreement, or to prosecute the motion for certification of the Class, shall be used, construed, offered or received by any person or entity in any action or proceeding in the Chapter 11 Cases or in any forum for any purpose whatsoever.

## BINDING EFFECT

19.    Agreement Supersedes All Prior Agreements and Understandings; Amendments. With the exception of the Memorandum of Agreement, which is expressly incorporated herein as an essential component of this Settlement Agreement, this Agreement supersedes all prior agreements or understandings, written or oral, among W. R. Grace and the Class relating to the U.S. ZAI Claims, and incorporates the Parties' entire understanding of this settlement. This Settlement Agreement may be amended or supplemented only by a written instrument signed by both of the Parties.

10

20.     Binding Agreement. This Agreement shall be binding upon and inure to the benefit of each of the Parties, and their respective affiliates, successors, trustees, administrators and assigns, and all other persons acting on behalf of or at the direction or control of a Party, and any trustee that may be appointed for the Debtors under the Bankruptcy Code. This Agreement shall be binding upon the reorganized Debtors, any asbestos property damage trust, the ZAI trustee, and any paying agent under the Plan incorporating this Agreement, as contemplated by the Memorandum of Understanding, and all persons acting on behalf of or at the direction or control of each such entity, on and as of the Effective Date of the Plan.

21.     No Effect Upon Certain Rights of Claimants Against Other Parties Liable for ZAI Claims. Nothing in this Agreement shall bar, or shall be deemed or construed to limit in any respect, the rights of members of the Class to seek recovery from any person or entity other than the Debtors or any Asbestos Protected Party (as defined in the Plan) who has or may have any legal liability or responsibility with respect to ZAI in the structures underlying the U.S. ZAI Claims, so long as in seeking such recovery a Class member does not trigger or cause any contingent or indemnity claim to be triggered against the Debtors.

22.     Counterparts. This Settlement Agreement may be executed in counterparts, all of which constitute a single, entire agreement.

11

December ___, 2008

W. R. GRACE & CO., et al
DEBTORS AND DEBTORS IN
POSSESSION:

THE ZONOLITE ATTIC INSULATION
CLASS, By Their Counsel:

_____

_____

Edward J. Westbrook, Esq.
Richardson, Patrick, Westbrook & Brickman
1037 Chuck Dawley Blvd., Building A
Mount Pleasant, SC 29464
Phone: (843) 727-6513

-and-

_____

Darrell W. Scott, Esq.
The Scott Law Group, PS
926 W. Sprague Avenue
Chronicle Building, Suite 583
Spokane, WA 99201
Phone: (509) 455-3966

-and-

_____

Elizabeth J. Cabraser, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA 94111-3339
Phone: (415) 956-1000

12

December ___, 2008.

W. R. GRACE & CO., et al
DEBTORS AND DEBTORS IN
POSSESSION:

THE ZONOLITE ATTIC INSULATION
CLASS, By Their Counsel:

_____

*Edward J. Westbrook*

Edward J. Westbrook, Esq.
Richardson, Patrick, Westbrook & Brickman
1037 Chuck Dawley Blvd., Building A
Mount Pleasant, SC  29464
Phone:  (843) 727-6513

-and-

*Darrell W. Scott*

Darrell W. Scott, Esq.
The Scott Law Group, PS
926 W. Sprague Avenue
Chronicle Building, Suite 583
Spokane, WA  99201
Phone:  (509) 455-3966

-and-

*Elizabeth J. Cabraser*

Elizabeth J. Cabraser, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA  94111-3339
Phone:  (415) 956-1000

12

December 15, 2008

W. R. GRACE & CO., et al
DEBTORS AND DEBTORS IN
POSSESSION:

THE ZONOLITE ATTIC INSULATION
CLASS, By Their Counsel:

_Richard C. Finke_
Richard C. Finke
Assistant General Counsel
  -Litigation
W. R. Grace + Co.

_____
Edward J. Westbrook, Esq.
Richardson, Patrick, Westbrook & Brickman
1037 Chuck Dawley Blvd., Building A
Mount Pleasant, SC 29464
Phone: (843) 727-6513

-and-

_____
Darrell W. Scott, Esq.
The Scott Law Group, PS
926 W. Sprague Avenue
Chronicle Building, Suite 583
Spokane, WA 99201
Phone: (509) 455-3966

-and-

_____
Elizabeth J. Cabraser, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA 94111-3339
Phone: (415) 956-1000

12

# ATTACHMENT A

**W. R. GRACE & CO., et al.,**
**CASE NO. 01-1139 (JFK)**

## TERM SHEET FOR RESOLUTION OF
## U.S. ZONOLITE ATTIC INSULATION CLAIMS

This Term Sheet sets forth certain of the principal terms and conditions under which the Debtors, the Equity Committee of Security Holders, the ZAI Claimants' Special Counsel and Putative Class Counsel, and the Legal Representative for future asbestos-related property damage claimants ("PD FCR") in the above-captioned Chapter 11 cases are prepared to resolve all U.S. Zonolite Attic Insulation ("ZAI") property damage claims and demands, if any, including without limitation all asbestos-related ZAI property damage claims pending in the U.S. at the filing of the Chapter 11 cases and those asserted subsequent thereto, including all such claims for attic insulation containing Libby vermiculite regardless of the brand name under which it was sold (collectively, "ZAI Claims"). This Term Sheet has been produced for settlement purposes only and is subject to the provisions of Rule 408 of the Federal Rules of Evidence.

I.    **Treatment of Claims**

A.  **Asbestos PD Trust--Funding**

All U.S. ZAI Claims will be channeled to a trust (the "Asbestos PD Trust") that will be established in accordance with Section 524(g) of the United States Bankruptcy Code. The Asbestos PD Trust will pay U.S. ZAI Claims from ZAI Trust Assets in accordance with the Asbestos PD Trust Agreement and ZAI Trust Distribution Procedures ("ZAI TDP") established in connection with a confirmed plan of reorganization ("Plan"). The Asbestos PD Trust will have a separate ZAI Trustee who will administer the ZAI Trust Assets, the ZAI claims process, the ZAI educational program and all related ZAI matters. The ZAI Trust Assets will not be commingled with any other assets in the Asbestos PD Trust. The ZAI Trustee and any successor will be chosen by the ZAI Trust Advisory Committee.

1.  **Funding of Asbestos PD Trust at Emergence:** On the Effective Date of the Plan, the Asbestos PD Trust shall receive $30 million in ZAI Trust Assets in cash, plus, if the Effective Date occurs after March 31, 2009, interest from April 1, 2009 to the Effective Date accrued at the same rate applicable to the Debtors' senior exit financing.

2.  **Deferred Payment Obligations:** The Reorganized Grace shall make an additional payment of $30 million in ZAI Trust Assets in cash to the Asbestos PD Trust on the third anniversary of the Effective Date. No interest shall accrue on this obligation prior to the payment due date.

3.  **Deferred Contingent Payment Obligations:** Commencing on the fifth anniversary of the Effective Date, the Reorganized Grace shall make one or more contingent cash payments to the ZAI Trust Assets in the Asbestos PD Trust over the ensuing 20-year period as follows: up to but no more than ten annual payments of $8 million, each due only in the event the Asbestos PD Trust's ZAI assets fall below $10 million in value during the year preceding an anniversary of the Effective Date. Any such payments that become due shall be

payable on an anniversary of the Effective Date. For greater clarity, the obligation to make any one contingent $8 million payment does not trigger any obligation to make any additional contingent payments.

4. **Security for Deferred Payment Obligations:** The deferred contingent payment obligations shall be subordinate to any bank debt or bonds outstanding and shall be guaranteed by the Reorganized Grace or any successor ultimate parent entity of the Reorganized Grace. Such guaranty shall be secured by an obligation of the Reorganized Grace to issue to the Asbestos PD Trust, in the event the second $30 million payment is not timely made or a contingent payment obligation becomes fixed but is not satisfied, the number of shares of Reorganized Grace common stock which, when added to the number of shares of common stock issued and outstanding as of the Effective Date, shall constitute 50.1% of the voting shares of the Reorganized Grace as of the Effective Date. Such security obligation shall be in the same form as the obligation to issue such shares which the Debtors have previously agreed to with the Asbestos PI Trust, and such obligation shall include an inter-creditor agreement and appropriate cross-default provisions consistent with the rights of the Asbestos PI Trust.

5. **Residual Funds:** If the Asbestos PD Trust ceases to exist in accordance with the terms of the Asbestos PD Trust Agreement, any funds or assets remaining in the Asbestos PD Trust at its expiration shall be paid over in full to the Asbestos PI Trust, which amount if paid during the first 25 years after the Effective Date shall be treated as an offset against the amount owed by the Reorganized Grace to the PI Trust.

6. **Section 524(g):** The Asbestos PD Trust and the ZAI TDP shall be structured so as to satisfy the requirements of Section 524(g) and permit issuance of a channeling injunction with respect to ZAI Claims.

7. **Term of Trust:** Subject to earlier dissolution following the 20th anniversary of the Trust based on a lack of claim filings for a 24-month period following said anniversary, or for other reasons as provided for in the Asbestos PD Trust Agreement, the Trust shall continue in existence for the payment of U.S. ZAI Claims until the later of: (a) 25 years following the effective date; or (b) when the Trust has paid out all of the ZAI Trust Assets following the final deferred contingent payment.

## B. Asbestos PD Trust--Claims Payments

1. For ZAI remedial action taken before the date on which the ZAI TDP is approved and published on the Trust website, the ZAI TDP shall require, among other things, that to qualify for payment from the Asbestos PD Trust, a claimant must submit:

2

a.  the following documentary or other evidence sufficient to demonstrate that ZAI is or was installed in the structure which is the subject of the claim:

    (1)  a receipt or invoice reflecting the purchase of ZAI for the structure; or

    (2)  an affidavit from a claimant who timely filed a U.S. ZAI Proof of Claim and who has direct personal knowledge of events surrounding the installation of ZAI in the structure: (i) attesting that ZAI was installed in the structure; and (ii) attesting to facts establishing his or her direct personal knowledge; or

    (3)  a ZAI bag, portion of a ZAI bag, or photograph of a ZAI bag in the structure, with an affidavit from the homeowner or abatement contractor verifying that the bag was found in the structure's attic or other area in question; or

    (4)  a certification that vermiculite attic insulation was present in the structure, attested to by a licensed or certified asbestos abatement contractor who removed vermiculite from the structure; or

    (5)  a sample of the vermiculite attic insulation (minimum 2 tbsps. of material) with an affidavit by the homeowner or contractor that the insulation came from the structure in question; or

    (6)  before and after photographs of the attic or other area in question depicting the presence of and removal of vermiculite attic insulation accompanied by an affidavit by the homeowner or contractor verifying that the material depicted in the photographs was vermiculite that was present in that structure; or

    (7)  a laboratory report showing the presence of vermiculite in an attic insulation sample taken from the structure.

b.  the following documentary evidence to establish the funds expended by the Claimant to remove, abate or contain ZAI:

    (1)  (i) a copy of the contract or invoice specifying the cost of removing, abating or containing ZAI, and (ii) cancelled checks or credit card statements reflecting payment of the specific cost of removing, abating or containing ZAI; or

    (2)  where any payment by the Asbestos PD Trust will be made directly to the contractor which removed, abated or contained ZAI, (i) cancelled checks or credit card

3

statements reflecting payment of the applicable non-reimbursable portion of the specific cost for removal, abatement or containment of ZAI, consistent with section B.1.b.(1), (ii) a copy of the contract or invoice for such work, and (iii) a certification from the contractor that the work reflected in such contract or invoice was performed to completion.

c.   an affidavit establishing that the Claimant is an owner or tenant of the structure.

2.   For ZAI remedial action taken after the date on which the ZAI TDP is approved and published on the Trust website, and providing that the testing procedure described below is implemented, a claimant, in addition to establishing its costs under B.1.b., and property interest under B.1.c, must comply with B.1.a.(1) or B.1.a.(3), or the following:

  a.   If the ZAI Trustee and Reorganized Grace agree that there exists a feasible, reliable and economical test to distinguish ZAI from non-ZAI vermiculite attic insulation, a claimant must submit a sample of the vermiculite attic insulation (of a size to be determined) either to a laboratory approved by the Trust to conduct such a test or as otherwise directed by the Trust. The Trust will pay for the claimant's remedial action pursuant to the TDP unless the material is determined not to be ZAI. The cost of the test will be paid by the Trust and will not reduce a claimant's recovery.

  b.   If the procedure in B.2.a is implemented, and the ZAI Trustee and Reorganized Grace agree after two years of experience with the test that the benefits of such a testing program are insufficient to justify its continued use, the Trust may discontinue the testing requirement of B.2.a and the procedure set forth in B.1 will be reinstated for all claimants.

  c.   In the event the ZAI Trustee and Reorganized Grace disagree on the determinations in B.2.a or B.2.b, the parties shall submit such disagreement to the alternative dispute resolution set forth in the TDP for resolution.

3.   If the testing procedure outlined in B.2.a is not implemented, then a claimant must comply with any of the criteria in B.1 for ZAI remedial action taken after the date the ZAI TDP is approved and published on the Trust website.

4.   Subject to Paragraph B.5., claims that qualify for payment from the Asbestos PD Trust in accordance with the ZAI TDP shall be paid 55% of the claimed amount, but in no event shall the Asbestos PD Trust pay more than 55% of $7,500 (the latter figure is hereafter referred to as the "Maximum Claim Amount") on any claim; *provided, however,* that (a) commencing on the fifth anniversary of the Effective Date, the Maximum Claim Amount

4

shall be increased by the increase in the Consumer Price Index for the preceding 12 months, and (b) the Maximum Claim Amount shall be increased every year thereafter on the anniversary of the Effective Date by the increase in the Consumer Price Index for the 12 months immediately preceding each such anniversary date.

5.   The Asbestos PD Trust shall only pay claims that are in compliance with the requirements of this Term Sheet, the Plan, the ZAI TDP and any Trust claim form. Notwithstanding the foregoing, the Trust may liquidate and pay up to 5 claims per year that in the ZAI Trustee's discretion qualify as Extraordinary Claims, but in no event shall the ZAI Trustee pay more than $100,000 cumulatively in any year with respect to such Extraordinary Claims. In addition, the Trust may pay up to $25,000 each to the two class representatives in the Barbanti class action (Barbanti and Busch) in recognition of the time, effort and commitment those individuals expended in the ZAI litigation and thereby contributed to the resolution embodied in this Term Sheet.

## C.  Asbestos PD Trust—Educational Program

1.   The Trust in its discretion may pay up to $2 million over the first three years after the Effective Date, and up to $500,000 for each three-year period thereafter, to fund an educational program about ZAI.

2.   Initially, the content of any Asbestos PD Trust education program must be consistent with published EPA guidance concerning ZAI and with the Debtors ZAI bar date notice program in these Chapter 11 cases; provided, however, that the educational program's content shall reflect any material scientific or regulatory changes or developments that pertain to ZAI, in terms and in manner of publication acceptable to the Reorganized Grace. In the event the Trust and the Reorganized Grace disagree on any matter set forth in this paragraph, the parties shall submit such disagreement to an alternative dispute resolution procedure for resolution.

## D.  Asbestos PD Trust—Reorganized Grace's Audit Rights

1.   The Reorganized Grace shall have the right to conduct annual audits of the books, records and claim processing procedures of the Asbestos PD Trust to:

   a.   examine the sufficiency of the documentary and other evidence submitted by any claimant relating to the installation of ZAI in the house or other building which is the subject of a claim and the ZAI-related costs incurred by said claimant; and

   b.   confirm that Asbestos PD Trust expenditures have complied with the terms of this Term Sheet, the Plan, the Asbestos PD Trust Agreement and the ZAI TDP;

provided, however, that in the event of unusual claiming and/or payment activity, the Reorganized Grace may, upon reasonable notice to the Asbestos PD Trust, conduct audits in addition to its annual audit.

2. To the extent the ZAI Trustee and the Reorganized Grace determine that one or more payments made by the Asbestos PD Trust to U.S. ZAI Claimants were made in violation of the terms of this Term Sheet, the Plan, the Asbestos PD Trust Agreement or the ZAI TDP:

   a. the amounts of such Trust payments shall be added to the ZAI Trust Assets for purposes of calculating the $10 million trigger relating to deferred contingent payment obligations; and

   b. the Trust shall review its claim review and payment procedures.

   In the event the Trust and the Reorganized Grace disagree over whether one or more payments were made in violation of this Term Sheet, the Plan, the Asbestos PD Trust Agreement or the ZAI TDP, the parties shall submit such disagreement to an alternative dispute resolution procedure for resolution.

3. To the extent any noncompliant payments were made as the result of fraudulent conduct on the part of a contractor, claimant or other person, the ZAI Trustee shall notify the Bankruptcy Court and the United States Attorney for the District of Delaware of such fraud and shall provide all information those entities may request in connection with any investigation, civil proceedings or criminal proceedings. The Trust may also initiate litigation against the responsible party or parties to recover such noncompliant payments.

4. The Asbestos PD Trust shall file with the Bankruptcy Court an annual report containing its financial statements audited by independent registered public accountants.

5. In administering the ZAI aspects of the Asbestos PD Trust, including ZAI Claims and the ZAI educational program, the ZAI Trustee will be advised by a ZAI Trust Advisory Committee ("ZTAC") consisting of Edward J. Westbrook, Darrell W. Scott and Hon. Alexander M. Sanders, Jr. Successor ZTAC members will be chosen by the existing ZTAC. Reorganized Grace will have the right to have a non-voting representative attend ZTAC meetings and make reasonable requests for financial information in addition to that provided in annual reports. Reorganized Grace's initial representative will be Richard C. Finke, whose successor will be chosen by Reorganized Grace.

II. **Binding Effect.** The parties shall use their best efforts to incorporate the terms of this Term Sheet into a plan of reorganization to be filed with the Bankruptcy Court as soon as possible.

6

**III.    Confidentiality.**  The Parties shall treat all negotiations regarding this Term Sheet as confidential. Neither the contents nor the existence of this Term Sheet shall be disclosed by any party, either orally or in writing, except to its directors, officers, employees, legal counsel, financial advisors, accountants and clients on a confidential basis until the Debtors have issued a press release announcing the terms and conditions contained herein or have announced the terms hereof to the Bankruptcy Court. Notwithstanding the foregoing, the parties agree that this Term Sheet or the terms of this Term Sheet may be disclosed to the Official Committee of Personal Injury Claimants and the Official Committee of Asbestos Property Damage Claimants. The Debtors will provide ZAI Claimants Special Counsel with an opportunity to review any press release relating to this Term Sheet prior to its issuance.

**IV.    Class Action Treatment**

The parties agree to seek and support: (1) Bankruptcy Court certification, pursuant to Rule 23(b)(3), of a U.S. ZAI Settlement Class composed of individuals who timely filed a U.S. ZAI Proof of Claim; (2) the appointment of Edward J. Westbrook, Esq., Darrell W. Scott, Esq. and Elizabeth Cabraser, Esq. as class counsel for that class; (3) the appointment of appropriate class representatives as may be proposed by class counsel; (4) preliminary and final approval of a U.S. ZAI Class Settlement under the terms contained in the Term Sheet For Resolution Of U.S. Zonolite Attic Insulation Claims; (5) the issuance of appropriate notice to class members, at Debtors' expense, of preliminary class settlement approval, class member's opt-out rights, and hearing on final class settlement approval; and (6) a Common Fund Fee Award and Expense Recovery Award to class counsel to be paid from Debtors' non-contingent settlement payments.

AGREED TO AND ACCEPTED BY:
Dated:  November 21, 2008

**THE DEBTORS:**
W. R. GRACE & CO., on behalf of itself and its subsidiaries and affiliates that are Debtors in the Chapter 11 cases

By:    _____
Name:
Title:

**THE EQUITY COMMITTEE OF SECURITY HOLDERS**

By:    _____
Name: R. Ted Weschler
Title:    Chair of the Committee

7

III.   **Confidentiality.** The Parties shall treat all negotiations regarding this Term Sheet as confidential. Neither the contents nor the existence of this Term Sheet shall be disclosed by any party, either orally or in writing, except to its directors, officers, employees, legal counsel, financial advisors, accountants and clients on a confidential basis until the Debtors have issued a press release announcing the terms and conditions contained herein or have announced the terms hereof to the Bankruptcy Court. Notwithstanding the foregoing, the parties agree that this Term Sheet or the terms of this Term Sheet may be disclosed to the Official Committee of Personal Injury Claimants and the Official Committee of Asbestos Property Damage Claimants. The Debtors will provide ZAI Claimants Special Counsel with an opportunity to review any press release relating to this Term Sheet prior to its issuance.

IV.   **Class Action Treatment**

The parties agree to seek and support: (1) Bankruptcy Court certification, pursuant to Rule 23(b)(3), of a U.S. ZAI Settlement Class composed of individuals who timely filed a U.S. ZAI Proof of Claim; (2) the appointment of Edward J. Westbrook, Esq., Darrell W. Scott, Esq. and Elizabeth Cabraser, Esq. as class counsel for that class; (3) the appointment of appropriate class representatives as may be proposed by class counsel; (4) preliminary and final approval of a U.S. ZAI Class Settlement under the terms contained in the Term Sheet For Resolution Of U.S. Zonolite Attic Insulation Claims; (5) the issuance of appropriate notice to class members, at Debtors' expense, of preliminary class settlement approval, class member's opt-out rights, and hearing on final class settlement approval; and (6) a Common Fund Fee Award and Expense Recovery Award to class counsel to be paid from Debtors' non-contingent settlement payments.

AGREED TO AND ACCEPTED BY:
Dated:  November 21, 2008

**THE DEBTORS:**
W. R. GRACE & CO., on behalf of itself and its subsidiaries and affiliates that are Debtors in the Chapter 11 cases

By:   _Mark A. Shelnitz_
Name:   Mark A. Shelnitz
Title:   VP, General Counsel + Secretary

**THE EQUITY COMMITTEE OF SECURITY HOLDERS**

By:   _[signature]_
Name: R. Ted Weschler

Title:    Chair of the Committee

**ZAI CLAIMANTS SPECIAL COUNSEL AND PUTATIVE CLASS COUNSEL:**
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC

By:
Name: Edward Westbrook

**ZAI CLAIMANTS SPECIAL COUNSEL AND PUTATIVE CLASS COUNSEL:**
THE SCOTT LAW GROUP, P.S.

By:
Name: Darrell W. Scott

**THE ASBESTOS PROPERTY DAMAGE FUTURE CLAIMANTS REPRESENTATIVE:**
Alan B. Rich, Esq., on behalf of and in his capacity as counsel to the PD FCR

By:    _____
Name:  Alan B. Rich

8

**ZAI CLAIMANTS SPECIAL COUNSEL AND PUTATIVE CLASS COUNSEL:**
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC

By:    _____
Name: Edward Westbrook

**ZAI CLAIMANTS SPECIAL COUNSEL AND PUTATIVE CLASS COUNSEL:**
THE SCOTT LAW GROUP, P.S.

By:    _____
Name:  Darrell W. Scott

**THE ASBESTOS PROPERTY DAMAGE FUTURE CLAIMANTS REPRESENTATIVE:**
Alan B. Rich, Esq., on behalf of and in his capacity as counsel to the PD FCR

By:
Name: Alan B. Rich

8