IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Re: Docket No. 19985 |
| | ) | 12/15/2008 Agenda Item No. 6 |

## REVISED ORDER AUTHORIZING THE SALE OF DEBTORS' LIMITED PARTNERSHIP INTERESTS IN COLOWYO COAL COMPANY L.P.

Upon consideration of the *Debtors' Motion for an Order Authorizing the Sale of Debtors' Limited Partnership Interests in Colowyo Coal Company L.P.* (the "Motion"); and due and proper notice of the Motion having been given; based upon the representations made in the Motion and attachments, the Certificate of Service and Certificate of Counsel filed by the Debtors, all objections to the Motion having been withdrawn, the Court being fully advised in

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the premises and it appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, the Court hereby finds as follows:

1. A sound business reason exists for the proposed transaction;

2. The consideration to be paid by the Rio Tinto Parties (as defined in the Sale Agreement) is fair and reasonable; and

3. The proposed transaction has been proposed and negotiated in good faith; and adequate and reasonable notice of the Motion and the proposed transaction has been provided to all creditors and equity security holders of the debtors (including but not limited to all the holders of the Bonds and all creditors who hold a lien upon or interest in the Limited Partnership Interests (as defined in the Sale Agreement) to be transferred to the Purchaser pursuant to the Sale Agreement, as amended by Amendment No. 1 to Limited Partnership Interest Purchase & Sale Agreement (collectively hereafter referred to as the "Sale Agreement").

WHEREFORE, IT IS HEREBY

ORDERED that the Motion is granted; and it is further

ORDERED that the entry of the Debtors into the Sale Agreement is hereby approved and the Debtors are hereby authorized to enter into the Transaction Documents (as defined in the Sale Agreement) and sell the LP Interests substantially upon the terms and conditions set forth in the Sale Agreement, and to perform any and all acts that are necessary or useful to implement the Sale Agreement; and it is further

ORDERED that effective as of the Closing Date (as defined in the Sale Agreement), the Grace Trustee Undertaking Agreement dated as of December 6, 1994 (the "Undertaking

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Agreement") be and is hereby assumed and assigned by the Debtors under section 365 of the Bankruptcy Code and all of the rights and obligations thereunder, other than Grace's obligation under Section 3(a) thereof, be and are hereby assigned, as of the Closing Date, to one of the Rio Tinto Parties (or an Affiliate (as defined in the Sale Agreement)) who shall perform the Debtors' responsibilities under the Undertaking Agreement, other than the Debtors' obligations under Section 3(a) thereof, from and after the Closing Date; and it is further

ORDERED that Section 3(a) of the Undertaking Agreement is not and will not be assigned to any of the Rio Tinto Parties (or any Affiliate thereof) and will remain an obligation of the Debtors which under section 363(f) of the Bankruptcy Code will attach to the proceeds of sale as outlined herein; and it is further

ORDERED that, in connection with memorializing the assumption by the Debtors and assignment of the Undertaking Agreement as and to the extent contemplated by this Order, The Bank of New York Mellon, as Trustee (the "Trustee") of the Bonds issued by Colowyo Funding Corp. under that certain Trust Indenture, dated as of December 6, 1994, is hereby directed to execute an Assignment and Assumption of Insurance Undertaking, substantially in the form attached as Exhibit C to the Sale Agreement (the "Insurance Undertaking Assignment"), to be effective as of the Closing Date; and it is further

ORDERED that the Purchaser shall acquire the LP Interests free and clear of any Encumbrances (as defined in the Sale Agreement) and any liens that are currently existing on the LP Interests including the "Grace Liens" (as such term is defined in the Undertaking Agreement), shall attach to the proceeds of the sale pursuant to section 363(f) of the Bankruptcy Code; and it is further

ORDERED that the Trustee is hereby directed to execute and deliver such other documents, including a Supplemental Indenture, as are determined by the Trustee and KCCC to be reasonably necessary to consummate the transactions described in the Sale Agreement and the other Transaction Documents; and it is further

ORDERED that no person or entity shall make and the Trustee shall be and hereby is held harmless from any and all claims, debts, demands, liabilities or the like of any of the holders of the Bonds or any other person or entity which claims debts, demands, liabilities or the like which arise out of or are related in any way to the Trustee's actions taken or not taken in compliance with this Order, including without limitation, its execution and delivery of any and all documents executed or accepted by the Trustee in order to effectuate the transactions contemplated by the Sale Agreement, including but not limited to, any Supplemental Indenture, the Insurance Undertaking Assignment, and any and all other related documents as are determined by the Trustee together with the Debtors and the Purchaser as necessary to effectuate the transactions contemplated by the Sale Agreement and the Transaction Documents and that any and all such claims debts, demands, liabilities or the like are prohibited as of and after the date of this Order; and it is further

ORDERED that, upon the execution of the Insurance Undertaking Assignment by Rio Tinto, Debtors and Trustee, the Insurance Undertaking Assignment will be enforceable by the Trustee against Rio Tinto and the Debtors, respectively as set forth in the Insurance Undertaking Assignment, and this Court shall retain jurisdiction to interpret and enforce the provisions of this Order, and, further, to hear and determine any and all disputes between and among the Debtors, Rio Tinto, and/or the Trustee, as the case may be, and any non-Debtor party to the Insurance Undertaking Assignment as it relates to the enforceability of the Insurance Undertaking

Assignment or this Order; provided, however that in the event the Court abstains from exercising, or declines to exercise, such jurisdiction, or is without jurisdiction with respect to the Insurance Undertaking Assignment or this Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter; and it is further

ORDERED that the Debtors are authorized to take whatever other actions may be necessary to consummate the transactions contemplated by the Motion; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

ORDERED that this Order is effective immediately upon its entry.

Dated: December 17, 2008

*Judith K. Fitzgerald*
Honorable Judith K. Fitzgerald
U.S. Bankruptcy Judge