# Exhibit 3

FF Draft 12.11.08

## EXHIBIT C TO PURCHASE AGREEMENT

### ASSIGNMENT AND ASSUMPTION
### OF
### INSURANCE UNDERTAKING

THIS ASSIGNMENT AND ASSUMPTION OF INSURANCE UNDERTAKING (this "Agreement") is entered into as of December [•], 2008 by and among W. R. Grace & Co.-Conn., a Connecticut corporation ("Grace"), Rio Tinto America, Inc., a Delaware corporation ("Rio Tinto") and The Bank of New York Mellon, a New York banking corporation, as successor in business to JP Morgan Chase Bank N.A. (formerly The Chase Manhattan Bank (National Association)) (the "Trustee"), in connection with the closing of the transactions contemplated by that certain Limited Partnership Interest Purchase & Sale Agreement entered into as of November 7, 2008, as amended (the "Purchase Agreement"), by and among Grace, Gracoal, Inc. and Gracoal II, Inc., each a wholly owned subsidiary of Grace (together, the "Grace Partners"), as Sellers, and Rio Tinto, Kennecott Colorado Coal Company ("Kennecott"), Colowyo Coal Company L.P., a Delaware limited partnership ("Colowyo L.P.") and Rio Tinto White Horse Company, as Purchaser. Grace, Rio Tinto and the Trustee are sometimes referred to individually as a "Party" and collectively as the "Parties". Capitalized terms used not defined herein shall have the meanings given to them in the Purchase Agreement.

### BACKGROUND

A. On December 6, 1994, pursuant to the terms and conditions of, and among other transactions contemplated by, that certain Acquisition Agreement (the "Acquisition Transaction") by and among Grace, successor, by assignment, to W.R. Grace & Co., the Grace Partners, Kennecott, Rio Tinto, successor, by assignment, to RTZ America Inc., and Colowyo L.P., Kennecott acquired the sole general partnership interest in Colowyo L.P. and the Grace Partners retained limited partnership interests in Colowyo L.P (the "Limited Partnership Interests").

B. In connection with the Acquisition Transaction, (i) Colowyo Coal Funding Corp. ("CC Funding"), a Delaware corporation and a wholly-owned subsidiary of Colowyo L.P., as agent for Colowyo L.P., offered and sold certain 9.56% Coal Contract Receivable Collateralized Bonds and 10.19% Coal Contract Receivable Collateralized Bonds (collectively, the "Bonds") pursuant to the Trust Indenture, dated December 6, 1994 (the "Indenture"), among CC Funding, Colowyo L.P and the Trustee (as successor in business to The Chase Manhattan Bank National Association); and (ii) Grace and the Trustee entered into the Grace Trustee Undertaking Agreement, dated December 6, 1994 (the "Original Undertaking") by which Grace committed certain undertakings to the Trustee, for the benefit of the holders of the Bonds.

C. Pursuant to the Sale Order issued by the Bankruptcy Court on December [15], 2008, which became a Final Order on December [•], 2008, approving the sale of the Limited Partnership Interests pursuant to the Purchase Agreement, the Court ordered that, effective as of the Closing, all of Grace's rights and obligations in and under the Original Undertaking, except for the obligations of Grace under Section 3(a) thereof, are assigned to and assumed by a Rio Tinto Party (or an Affiliate), and the Court further ordered that Rio Tinto, Grace and the Trustee execute this Agreement in connection with the Closing in order to memorialize such assignment and assumption in the manner and to the extent so ordered by the Court.

D. In connection with closing of the Purchase Agreement and the assignment and assumption of the Original Undertaking in accordance with and to the extent provided in the Final Order,

-1-

71467764

FF Draft 12.11.08

the Trustee, Rio Tinto and Grace desire to amend the Original Undertaking to be effective from and after the date hereof.

NOW, THEREFORE, for and in consideration of the foregoing premises and the mutual covenants and promises contained herein and in the Purchase Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    Assignment and Assumption . Grace does hereby assign, convey and otherwise transfer to Rio Tinto all rights of Grace under the Original Undertaking, and Rio Tinto does hereby assume and agree to perform, satisfy and discharge all obligations of Grace under the Original Undertaking to the extent arising from and after date hereof, excluding, however, all obligations of Grace under Section 3(a) of the Original Undertaking, whether arising before or after the date hereof, none of which shall be assumed by Rio Tinto and all of which shall remain obligations of Grace as contemplated by the Purchase Agreement and the Final Order.

2.    Technical Amendments to the Original Undertaking. The Trustee, Rio Tinto and Grace, in accordance with the Final Order hereby agree that the Original Undertaking, as assigned and assumed hereby, shall be amended as set forth in this Section 2 (as so assigned, assumed and amended hereby, the "Rio Tinto Undertaking"), effective as of the date hereof:

(a)  All references in the Original Undertaking to "Grace" are hereby deleted and replaced with "Rio Tinto";

(b)  Section 3 of the Original Undertaking is hereby amended by deleting in its entirety the text of Section 3(a) therein and replacing it with the following text: "Intentionally Omitted.";

(c)  The first sentence of Section 4(a) of the Original Undertaking is hereby amended by deleting the phrase "State of New York" and replacing it with "State of Delaware";

(d)  Section 6 of the Original Undertaking is hereby amended to reflect the following notice addresses for the Trustee and Rio Tinto:

| Trustee: | Rio Tinto: | |
|---|---|---|
| The Bank of New York Mellon<br>101 Barclay Street<br>New York, NY 10286<br>Attn: [•]<br>FAX: [•] | c/o Rio Tinto<br>4700 Daybreak Parkway<br>South Jordan, UT 84095<br>Attn: Legal Department<br>FAX: (801) 204-2892 | with a copy to:<br>Fried, Frank, Harris, Shriver &<br>Jacobson LLP<br>One New York Plaza<br>New York, NY 10004-1980<br>Attn: Paul Reinstein, Esq.<br>FAX : (212) 859-4000 |

; and

(e)  Section 11 of the Original Undertaking is hereby amended by deleting the phrase "State of Colorado" and replacing it with "State of New York".

3.    Rio Tinto Representations. Rio Tinto hereby represents to the Trustee, as of the date hereof, that (a) the representations and warranties of Rio Tinto set forth in Section 4 of the Rio Tinto Undertaking (as amended by Section 2 above) are true and correct in all material respects; and (b) as of the date hereof, Rio Tinto is an entity which has total assets, computed in accordance with generally

-2-

FF Draft 12.11.08

accepted accounting principles, of at least $1,000,000,000. Rio Tinto further represents to the Trustee that this Agreement has been duly authorized, executed and delivered by Rio Tinto and constitutes the valid and binding obligation of Rio Tinto enforceable against it in accordance with its terms, except as enforcement thereof may be limited by bankruptcy, insolvency, reorganization or other similar laws affecting enforcement of creditors rights generally, except as enforcement thereof is subject to general principles of equity (regardless of whether enforcement is considered in a proceeding in equity or at law), and except as enforcement thereof may be limited by federal or state securities laws or public policy.

4.     Additional Rights and Obligations. Grace and Rio Tinto agree and acknowledge that this Agreement is being entered into pursuant to and subject to the terms and conditions set forth in the Purchase Agreement and that the execution and delivery of this Agreement shall not alter, impair or diminish any of the rights or obligations of any of the Parties to the Purchase Agreement as set forth therein.

5.     Further Assurances. Each of the Parties hereto agrees to cooperate from and after the date hereof with respect to all of the matters described herein, and to execute such further assignments, releases, assumptions, notifications and other documents as may be reasonably requested for the purpose of giving effect to, or evidencing or giving notice of, the transactions contemplated by this Agreement.

6.     Binding Effect. This Agreement, and all the terms and provisions hereof, shall be binding upon, and shall inure to the benefit of, the Parties hereto and their respective successors and permitted assigns.

7.     Governing Law. This Agreement shall be governed by and construed in accordance with the domestic laws of the State of New York, without giving effect to any choice or conflict of law provision or rule (whether of the State of New York or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of New York.

8.     Notices. All notices and other communications required or permitted under this Agreement shall be in writing and will be effectively delivered when delivered (a) by hand, (b) by facsimile providing confirmation of transmission, (c) by registered or certified mail, postage prepaid, return receipt requested or (d) by a nationally recognized overnight courier providing proof of delivery. All communications shall be addressed to the Parties to be notified as set forth below or at such other address as such Party may designate by ten (10) days' advanced written notice to the other Parties.

| If to Grace: | If to Rio Tinto: | If to the Trustee: |
|---|---|---|
| c/o W. R. Grace & Co.-Conn.<br>7500 Grace Drive<br>Columbia, Maryland 21044<br>Attention: Corporate Secretary<br>Fax:   (410) 531-4545 | c/o Rio Tinto<br>4700 Daybreak Parkway<br>South Jordan, Utah 84095<br>Attention: Legal Department<br>Fax:   (801) 204-2892 | The Bank of New York Mellon<br>101 Barclay Street<br>New York, NY 10286<br>Attn: [●]<br>FAX: [●] |

9.     Execution in Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed and original, but all of which shall constitute one and the same instrument.

10.     Entire Agreement. This Agreement, constitutes the entire agreement between the Parties relative to the specific subject matter hereof. Any previous agreement among the Parties relative to the specific subject matter hereof is superseded by this Agreement.

-3-

FF Draft 12.11.08

*[Remainder of Page Intentionally Blank]*

FF Draft 12.11.08

IN WITNESS WHEREOF, the Grace, Rio Tinto and the Trustee have caused this
Agreement to be executed by their duly authorized representatives upon the date first herein written.

RIO TINTO AMERICA, INC.,
a Delaware corporation

By:_____
Name:
Title:

W.R. GRACE & CO.-CONN.,
a Connecticut corporation

By:_____
Name:
Title:

THE BANK OF NEW YORK MELLON, a
New York banking corporation, as Trustee

By:
Name:
Title:

-5-