IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., *et al.*, ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Related Docket Nos. 19581, 19620, 20212, |
| ) | 20213 |
| ) | |
| ) | December 15, 2008 Agenda No. 15 |

## PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

This matter, having come before the Court at hearings on December 15 and 17, 2008, whereby McGarvey, Heberling, Sullivan, McGarvey, P.C., Lewis, Slovak & Kovacich, P.C., Cohn Whitesell & Goldberg LLP, and Landis Rath & Cobb LLP, counsel for the Libby Claimants[1] ("**Libby Counsel**") sought entry of a Confidentiality Order, the Court having heard the arguments of Libby Counsel, Debtors and parties to previous protective orders listed in paragraph 20 herein (the "PI counsel"), and being otherwise fully advised in the premises, hereby finds and orders as follows:

1. Libby Counsel has requested the Debtors and the asbestos personal injury committee produce certain documents in conjunction with the confirmation of the Debtors' chapter 11 plan ("**Document Request**"). The Document Request seeks, among other things, the

---

[1] "Libby Claimants" means those claimants who have identified themselves as claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana as outlined by Libby Counsel in their 2019 statements filed in these cases.

K&E 13828094.6

production of certain documents and information previously produced to the Plan Proponents[2] in connection with the estimation proceedings in these cases, including (i) the claim databases that the Debtors maintain for asbestos bodily injury claims that have been historically asserted, and are currently pending, against the Debtors (the Debtors' Case Management System data base); (ii) images of the Personal Injury Questionnaires ("**PIQ**") filed by asbestos personal injury claimants; and (iii) the data base from Rust Consulting which recorded the objective information contained on the PIQ's and the filed asbestos personal injury proof of claims ("**POC**") ("**Requested Information**").[3]

2.  The Plan Proponents, Libby Counsel and PI Counsel have had several conversations about the Document Request to resolve certain issues with respect to both the scope of the Document Request as well as the nature of certain of the information covered by the Document Request that the Debtors and other Plan Proponents contend is confidential (the "Confidential Information"). As a result of those conversations, Debtors have agreed to produce, subject to entry of this Protective Order, the claim databases that the Debtors maintain for asbestos bodily injury claims that have been historically asserted, and are currently pending, against the Debtors (the Debtors' Case Management System data base).

3.  All Confidential Information furnished, disclosed, or made known to Libby Counsel in any manner, (1) including in written form, orally or through any electronic, facsimile or computer-related communication, (2) and whether intentionally or unintentionally, shall be

---

[2] "Plan Proponents" means, collectively, the Debtors, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders.

[3] Such request for production and this Protective Order are without waiver of or prejudice of the Libby Counsel's ability to seek additional information through written discovery *or opposing parties ability to oppose requests for*

2

K&E 13828094.6

used by Libby Counsel solely and exclusively in connection with the Chapter 11 Cases and shall be kept confidential by Libby Counsel, and shall not, without the Plan Proponents' prior written consent, be disclosed, distributed, published or otherwise made available by Libby Counsel or their advisors, agents, representatives or employees, to any other person or entity except as expressly provided herein. Further, the parties understand that some of the Confidential Information that may be furnished or disclosed to Libby Counsel by the Debtors has been previously produced in these Chapter 11 Cases pursuant to stipulations or court orders, and the Debtors, other Plan Proponents and PI counsel contend the Confidential Information is of the highest confidentiality. Those prior court orders, include but are not limited to those outlined in paragraph 20 below. This Protective Order does not waive and specifically reserves all of the Plan Proponents' and PI counsels' rights with respect to the confidential, proprietary, or privileged nature of the Confidential Information. The Confidential Information, however, may be disclosed by Libby Counsel, without complying with the provisions of paragraph 5 or 6 hereof, to any counsel, consultants, accountants, experts, auditors, examiners, financial advisors, or other agents or professionals who are working on the Chapter 11 Cases for the Libby Counsel, and (in each case) need to know such information and have entered into a confidentiality agreement with Libby Counsel for the benefit of the Plan Proponents for which Libby Counsel have received a written acknowledgment or copy of such executed agreement. Libby Counsel shall advise in writing each person identified above to whom they provide this Confidential Information pursuant to this Protective Order (i) of the terms of this Protective Order, (ii) that upon receipt of any Confidential Information such party shall be deemed bound by the terms of this Protective Order, and (iii) of such party's obligations concerning the confidentiality of all such Confidential Information and the proper use thereof. Prior to providing Confidential

Information to any such person who is not specifically addressed in this Protective Order, such person shall execute an acknowledgement in form and substance acceptable to the Plan Proponents indicating that such person has read this Protective Order and agrees to be bound by its terms, *provided, however,* that Libby Counsel shall not be obligated to disclose the recipients of such information except to the extent ordered by the Court in the event that there appears to have been a breach of confidentiality by a recipient of such information.

4. Notwithstanding anything to the contrary in this Protective Order, "Confidential Information" shall not include any information or portions of information (including information that otherwise would constitute Confidential Information) that: (a) is or becomes generally available to the public other than through actions by Libby Counsel; (b) is or becomes available to Libby Counsel on a non-confidential basis from a source, other than from the Plan Proponents, that Libby Counsel believe, after reasonable inquiry (including of the Plan Proponents), is not prohibited from disclosing such information to Libby Counsel by a contractual, legal or fiduciary obligation; (c) is or has been directly included in a Filing (as defined below), other than in a Filing made by Libby Counsel in breach of their obligation of confidentiality, with the Bankruptcy Court or any other court, administrative body or tribunal whose records are open to public inspections, except such information as has been filed under seal; or (d) can be demonstrated by written evidence was in the possession of Libby Counsel prior to its disclosure by the Debtors. Upon Libby Counsel's request, the Plan Proponents will advise Libby Counsel whether they believe that any information provided to Libby Counsel does or does not constitute Confidential Information.

5. The Debtors shall designate as "Confidential" or "Restricted" or otherwise identify in writing any material, documents or writings which are intended to be subject to this

K&E 13828094.6

Protective Order and identify or otherwise designate in writing with or prior to disclosure or within three (3) days of disclosure of such Oral Confidential Information or other non-written Confidential Information. **<u>Oral Confidential Information</u>** shall mean: Confidential Information presented orally, including in the oral presentation or discussion of any written Confidential Information. The Debtors shall use reasonable efforts not to designate publicly available or other non-confidential and non-proprietary information as "Confidential" or Oral Confidential Information. The Debtors, however, shall not produce information previously protected by the protective orders outlined in paragraph 20 below or any other such orders with respect to (i) personal claimant identifying information (names and social security numbers); (ii) information that may contain or cite to law firm interrogatories previously provided in the estimation proceedings; and/or (iii) information with respect to claimant settlements with defendants other than the Debtors, under this Protective Order or otherwise and shall redact that information from any Confidential Information otherwise being produced pursuant to this Protective Order.

6. Confidential Information also may be disclosed by Libby Counsel if they become legally compelled (by deposition, interrogatory, request for documents, subpoena, civil investigative demand or similar process) to do so; *provided that* Libby Counsel provide the Plan Proponents with prompt prior written notice of their intention to disclose Confidential Information, which notice must be received by the Plan Proponents and their counsel not less than fifteen (15) business days prior to such disclosure, so that the Plan Proponents may seek a protective order or other appropriate remedy and/or waive compliance with the terms of this Protective Order with respect to the proposed disclosure. If a protective order or other remedy is not obtained by the time Libby Counsel are required to comply with such disclosure requests,

and Libby Counsel are advised to do so by in-house or outside counsel, they may comply with such requests, *provided that* Libby Counsel use reasonable efforts to disclose only such limited portion of the Confidential Information as is covered by such request.

7. Without limiting the generality of any provision of this Protective Order, if Libby Counsel determine that it is necessary to disclose or to make reference to Confidential Information in a motion, pleading or other document filed with the Bankruptcy Court in these Chapter 11 Cases (a "**Filing**"), prior to such Filing, Libby Counsel shall move the Bankruptcy Court, or other court of competent jurisdiction, to make such Filing under seal or through some comparable protective mechanism. Upon disclosing Confidential Information in accordance with the procedures specified in this paragraph, Libby Counsel shall provide prompt written notice of such disclosure to the Plan Proponents and their counsel and PI counsel, which notice must be received within one day of such Filing. Except as provided in paragraphs 7 and 8, Confidential Information shall not be disclosed absent the express written consent of the Plan Proponents and PI counsel. If Libby Counsel or one or more of the Plan Proponents or PI counsel seek a protective order or other remedy in accordance with this Protective Order, Libby Counsel agree that they will not disclose Confidential Information until the matter has been resolved by the Bankruptcy Court or other court of competent jurisdiction.

8. In the event any party wishes to use or refer to Confidential Information at a deposition, the Plan Proponents may compel all persons other than the deponent, court reporter, and other parties already permitted access to the Confidential Information to be excused from the deposition during the time that the Confidential Information is being disclosed or discussed. Any deposition transcript containing Confidential Information shall also be designated

K&E 13828094.6

confidential and the portions thereof containing such Confidential Information shall be subject to the provisions of this Protective Order.

9. Before trial, argument or any hearing in open court, Libby Counsel shall negotiate in good faith with counsel for the Plan Proponents to seek agreement on the handling of Confidential Information so as to provide protection against public disclosure of such Confidential Information. If no agreement is reached, the parties shall submit alternate proposals to the court for consideration and determination prior to trial, argument or hearing.

10. It is agreed that no failure or delay by any of the Plan Proponents or PI counsel in exercising any right, power or privilege hereunder following entry into this Protective Order shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or future exercise thereof or the exercise of any other right, power or privilege hereunder. Nothing contained herein shall restrict the use by the Plan Proponents of Confidential Information or limit or preclude the Plan Proponents from raising objections to the production or disclosure of information or documents. Nothing contained herein shall prohibit Libby Counsel or opposing parties from opposing from requesting the production or disclosure of Confidential Information in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure or any state rules of civil procedure in connection with these Chapter 11 Cases or in any other legal proceeding, *provided, however*, that this Protective Order shall apply with respect to any such requests(s) and disclosure(s) in these Chapter 11 Cases or any related proceeding in this Court, and *further provided* that in the case of any other legal proceeding, Libby Counsel shall either (at the Debtors' election) file a motion or assent to a motion filed by the Debtors seeking entry in such proceeding of a court order similar to this Protective Order. Further, nothing contained herein

7

shall prohibit Libby Counsel from seeking relief in the Bankruptcy Court and/or from raising objections to the designation of documents as Confidential Information in the Chapter 11 Cases.

11. United States securities laws may prohibit certain persons who have material nonpublic information concerning a company from purchasing or selling securities of such company, or from communicating such confidential information to any other person under circumstances in which it is reasonably foreseeable that such person is likely to purchase or sell securities. The Libby Counsel will not use any Confidential Information in contravention of the Securities and Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder (collectively, the "**1934 Act**"), including Rule 10b-5 under the 1934 Act. By reason of Libby Counsel's receipt of the Confidential Information, the Libby Counsel may become subject to a prohibition or other limitation on the purchase or sale of securities of the Debtors.

12. The Plan Proponents, their respective representatives and PI counsel do not make any representation or warranty as to the accuracy or completeness of any Confidential Information. The Plan Proponents, their respective representatives and PI counsel will not have any liability to Libby Counsel or any of their representatives resulting from the use of the Confidential Information by them.

13. The term "**person**," as used in this Protective Order, shall be interpreted broadly to include, but is not limited to, any corporation, company, limited liability company, partnership, joint venture, union, government agency, political subdivision or individual.

14. After the earlier of (a) a plan of reorganization for the Debtors is confirmed and any appellate proceedings with respect to confirmation of such plan have concluded and (b) these Chapter 11 Cases are closed, all persons who received access to the Confidential Information shall surrender all such Confidential Information to counsel for the Debtors, including all copies,

K&E 13828094.6

extracts, notes and summaries made or containing information therefrom, and shall confirm in writing their compliance with this obligation; *provided, however*, that any such materials that contain attorney work product may be destroyed rather than returned. If such materials are destroyed, counsel responsible for the destruction shall confirm in writing that destruction has taken place. Notwithstanding the return or destruction of all Confidential Information, the Libby Counsel will continue to be bound by their obligations of confidentiality pursuant to this Protective Order.

15. Neither the closing of the Chapter 11 Cases nor the termination of employment of any person who has access to Confidential Information shall relieve such person from his or her obligations of confidentiality pursuant to this Protective Order.

16. Money damages will not be a sufficient remedy for any breach of this Protective Order by Libby Counsel and the Plan Proponents and/or their respective representatives would be irreparably harmed in the event of such a breach. Accordingly, in addition to any other remedies to which they may be entitled at law or in equity, the Plan Proponents and/or their respective representatives shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of this Protective Order (regardless of whether damages may or may not be readily quantifiable and without posting a bond or other security).

17. This Protective Order shall be governed by, and construed in accordance with, the laws of the State of Delaware without giving effect to the otherwise applicable principles of law as to conflicts or choice of law of such state.

18. The Bankruptcy Court shall have exclusive jurisdiction with respect to any issues, actions, suits or proceedings arising out of or relating to this Protective Order during such time as any of the Debtors shall be subject to the jurisdiction of the Bankruptcy Court. Any objection to

the laying of venue in the Bankruptcy Court with respect to any action, suit or proceeding arising out of this Protective Order during such time are hereby overruled. Any notice, service of process, summons, or other document or communication required or permitted pursuant to this Protective Order shall be in writing and shall become effective service of process for any action, suit or proceeding brought against the party in any court when delivered by facsimile (confirmed by mail), overnight courier service, registered or certified mail (postage prepaid) or by hand delivery to the parties at the addresses listed on Appendix A or B, as applicable, or to such other addresses as may be thereafter designated in writing by such party to the other parties.

19. This Protective Order shall be binding upon and inure to the benefit of the parties listed on Appendix A and B hereto and their respective successors and assigns. The Plan Proponents and their respective representatives not parties hereto are third-party beneficiaries of this Protective Order.

20. Certain of the Requested Information may be subject to one or more of the following previously entered Protective Orders:

(i) Protective Order Relating to Production of Medical Records, dated June 5, 2006 (Docket No. 12608);

(ii) Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire, dated December 22, 2006 (Docket No. 14149);

(iii) Modified Order Establishing the Non-Waiver of Privilege Contained in Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of Such Answers, dated July 10, 2007 (Docket No. 16259);

(iv) Protective Order (re Claims Resolution Management Corporation) dated July 10, 2007 (Docket No. 16258);

(v) Consent Order Concerning Confidentiality of Documents and Information to Be Produced by Expert Witnesses for Future Claimants' Representative, dated September 13, 2007 (Docket No. 16820);

K&E 13828094.6

(vi) Protective Order (re Claims Processing Facility, Inc.) dated September 17, 2007 (Docket No. 16826);

(vii) Agreed Supplemental Order Regarding Modified Order Establishing the Non-Waiver of Privilege Contained in Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of such Answers, dated September 24, 2007 (Docket No. 16918).

21. Subject to entry of this Protective Order or a document attesting to the Libby Counsel's agreement to be bound by this Protective Order, the Confidential Information covered by these prior orders shall be produced by the Debtors to the Libby Counsel pursuant to the terms of this Protective Order. Except as expressly provided herein, Libby Counsel shall not disclose or otherwise provide access to information covered by these prior orders to any other person or entity not expressly permitted access to the information by the prior orders absent further order of the Court. Such information may be used only in respect to the confirmation proceedings in these Chapter 11 Cases subject to the confidentiality provisions of this Protective Order.

22. This Protective Order represents the entire order with respect to the subject matter hereof, and any amendment, supplement or modification hereto, or any waiver of the rights and obligations hereunder, must be in writing and signed on behalf of the parties hereto.

Dated: December 17, 2008

_____
Judith K. Fitzgerald,
United States Bankruptcy Judge

11

K&E 13828094.6

# **APPENDIX A**

Counsel for the Libby Claimants

Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA 02110
Attn:   Daniel C. Cohn
        Christopher M. Candon
Telephone:   (617) 951-2505
Facsimile:   (617) 951-0679

and

McGarvey, Heberling, Sullivan &
  McGarvey, P.C.
745 South Main
Kalispell, MT 59901
Attn:   Jon L. Heberling
Telephone:   (406) 752-5566
Facsimile:   (406) 752-7124

and

Lewis, Slovak & Kovacich, P.C.
725 Third Avenue North
Great Falls, MT 59401
Attn:   Tom L. Lewis
Telephone:   (406) 761-5595
Facsimile:   (406) 761-5805

and

Landis Rath & Cobb LLP
919 Market Street, Suite 1800
P.O. Box 2087
Wilmington, DE 19801
Attn:   Adam G. Landis
        Kerri K. Mumford
Telephone:   (302) 467-4400
Facsimile:   (302) 467-4450

## **APPENDIX B**

| | |
|---|---|
| **If to the Debtors only:** | Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, NY 10022<br>Attn: David M. Bernick<br>   Theodore L. Freedman<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>and<br><br>Pachulski, Stang, Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Attn: Laura Davis Jones<br>   James E. O'Neill<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400 |
| **If to the Plan Proponents (including the Debtors):** | Caplin & Drysdale, Chartered<br>One Thomas Circle, NW, Suite 1100<br>Washington, DC 20005<br>Attn: Peter Lockwood<br>   Ronald Reinsel<br>Telephone: (202) 862-5000<br>Facsimile: (202) 862-3301<br><br>and<br><br>Caplin & Drysdale, Chartered<br>375 Park Avenue, 35th Floor<br>New York, NY 10152<br>Attn: Elihu Inselbuch<br>Telephone: (212) 319-7125<br>Facsimile: (212) 644-6755<br><br>*Counsel to the Official Committee of Asbestos Personal Injury Claimants* |

K&E 13828094.6

|  |  |
|---|---|
|  | Orrick, Herrington & Sutcliffe LLP<br>1152 15th Street, NW<br>Washington, DC 20005<br>Attn: Roger Frankel<br>Telephone: (202) 339-8400<br>Facsimile: (202) 339-8500<br><br>*Counsel to the Asbestos PI Future Claimants' Representative*<br><br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attn: Phillip Bentley<br>Telephone: (212) 715-9100<br>Facsimile: (212) 715-8000<br><br>*Counsel to the Official Committee of Equity Security Holders* |
| **If to PI Counsel:** | Sandy Esserman<br>Stutzman, Bromberg, Esserman & Plifka<br>2323 Bryan Street, Suite 2200<br>Dallas, TX 75201-2689<br>Telephone:    (214) 969-4910<br>Facsimile:     (214) 969-4999<br><br>*Counsel to Certain PI Law Firms*<br><br>Natalie Ramsey<br>Montgomery McCracken Walker & Rhoads, LLP<br>123 South Broad Street, Suite 2538<br>Philadelphia, PA 19109<br>Telephone:    (215) 772-7354<br><br>John Herrick<br>Motley Rice LLC<br>28 Bridgeside Blvd.<br>P.O. Box 1792<br>Mount Pleasant, SC 29465<br>Telephone:    (843) 216-9000<br>Facsimile:     (843) 216-9450 |

K&E 13828094.6