IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Related Docket Nos. 19581, 19620, 20212, 20213 |
| | ) | |
| | ) | |
| | ) | December 15, 2008 Agenda No. 15 |
| | ) | |

## PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

This matter, having come before the Court on the motion of certain insurers for entry of a

Confidentiality Order and the production of certain requested documents, responses and

objections having been filed by the Debtors and several law firms that were parties to previous

protective orders listed in paragraph 22 herein and identified on Appendix C hereto (the "**PI**

**Counsel**"), the Court having heard the arguments of counsel and being otherwise fully advised in

the premises, hereby overrules certain objections and hereby finds and orders as follows:

1.      On November 25, 2008, Arrowood Indemnity Company f/k/a Royal Indemnity

Company, Federal Insurance Company, and Continental Casualty Company and Transportation

Insurance Company and their American insurance affiliates served the Debtors with a request for

the production of documents (the "**Document Request**"). The Document Request seeks, among

other things, the production of certain documents and information previously produced by or to

the Plan Proponents[1] in connection with the estimation proceedings in these cases, including (i)

---

[1] "Plan Proponents" means, collectively, the Debtors, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders.

the claim databases that the Debtors maintain for asbestos bodily injury claims that have been historically asserted, and are currently pending, against the Debtors, (ii) the policy registers and such other documents that Grace used to record the exhaustion of underlying coverage, (iii) un-redacted copies of the expert reports, pleadings, declarations, deposition and trial testimony, and exhibits filed in connection with the personal injury estimation proceeding in these cases; and (iv) any and all data bases that may exist identifying Libby claimants.[2]

2.      Thereafter, Government Employees Insurance Co., Columbia Insurance Company f/k/a Republic Insurance Company, Zurich Insurance Company, Zurich International (Bermuda), Ltd., Maryland Casualty Company, Fireman's Fund Insurance Company, Allianz S.p.A. f/k/a Riunione Adriatica Di Sicurta and Allstate Insurance Company (collectively, with those insurers named in paragraph 1. above the "Insurers") and the State of Montana ("Montana") joined in the Document Request and/or the request for entry of a confidentiality order.

3.      The Plan Proponents, the Insurers and PI Counsel have had several conversations about the Document Request to resolve issues with respect to both the scope of the Document Request as well as the confidential nature of certain of the information covered by the Document Request.  As a result of those conversations, Debtors have agreed to produce the following documents:

(i)      Subject to Debtors' entry of this Protective Order, Debtors' historical Case Management System data base and Debtors' insurance policy registers and related information regarding underlying insurance coverage; and

(ii)     A virtual data room to which the Insurers and Montana will be provided access to all non-confidential expert reports, deposition transcripts,

---

[2]    Such request for production and this Protective Order are without waiver of or prejudice to any Insurer's or Montana's ability to seek information through written discovery.

2

exhibits used at trial, trial demonstratives and the trial transcripts for the asbestos personal injury estimation proceedings.

4.      Except as provided in paragraph 7 herein, the Debtors will also produce to the Insurers and Montana, on a rolling basis, on or before December 31, 2008, the unredacted and/or sealed/confidential expert reports, deposition transcripts, pleadings and trial exhibits (the "Confidential Information") pursuant to the terms and limitations of this Protective Order unless otherwise agreed in writing by the Plan Proponents, the Insurers, Montana and the PI Counsel or directed by the Court.

5.      All Confidential Information furnished, disclosed, or made known to the Insurers or Montana in any manner, (1) including in written form, orally or through any electronic, facsimile or computer-related communication, (2) and whether intentionally or unintentionally, shall be used by the Insurers or Montana solely and exclusively in connection with the Chapter 11 Cases and shall be kept confidential by the Insurers and Montana, and shall not, without the Plan Proponents' prior written consent, be disclosed, distributed, published or otherwise made available by the Insurers or Montana or their advisors, agents, representatives or employees, to any other person or entity, and shall be without prejudice to the Insurers' or Montana's right to seek production of the Confidential Information through subsequent discovery in any coverage action or other action. Further, the parties understand that some of the Confidential Information that may be furnished or disclosed to the Insurers or Montana by the Debtors has been previously produced in these Chapter 11 Cases pursuant to stipulations or court orders, and the Debtors, other Plan Proponents and PI Counsel contend the Confidential Information is of the highest confidentiality. Those prior court orders, include but are not limited to those outlined in paragraph 22 below. This Protective Order does not waive and specifically reserves all of the Plan Proponents' and PI Counsels' rights with respect to the confidential, proprietary, or

3

privileged nature of the Confidential Information. The Confidential Information, however, may be disclosed by the Insurers or Montana, without complying with the provisions of paragraph 7 or 8 hereof, to any counsel, consultants, accountants, experts, auditors, examiners, financial advisors, or other agents or professionals who are working on the Chapter 11 Cases for the Insurers or Montana, and (in each case) need to know such information and have furnished such acknowledgement of this Protective Order as provided for at the last sentence of this paragraph 5. The Insurers and Montana shall advise in writing each person identified above to whom they provide this Confidential Information pursuant to this Protective Order (i) of the terms of this Protective Order, (ii) that upon receipt of any Confidential Information such party shall be deemed bound by the terms of this Protective Order, and (iii) of such party's obligations concerning the confidentiality of all such Confidential Information and the proper use thereof. Prior to providing Confidential Information to the Insurers or Montana or their counsel, consultants, accountants, experts, auditors, examiners, financial advisors, or other agents or professionals who are working on the chapter 11 cases for the Insurers or Montana and (in each case) need to know such information, such person shall execute an acknowledgement, in form and substance acceptable to the Plan Proponents indicating that such person has read this Protective Order and agrees to be bound by its terms.

6.      Notwithstanding anything to the contrary in this Protective Order, "Confidential Information" shall not include any information or portions of information (including information that otherwise would constitute Confidential Information) that:  (a) is or becomes generally available to the public other than through actions by the Insurers or Montana; (b) is or becomes available to the Insurers or Montana on a non-confidential basis from a source, other than from the Plan Proponents, that the Insurers or Montana believe, after reasonable inquiry (including of

4

the Plan Proponents), is not prohibited from disclosing such information to the Insurer or Montana by a contractual, legal or fiduciary obligation; (c) is or has been directly included in a Filing (as defined below), other than in a Filing made by an Insurer or Montana, with the Bankruptcy Court or any other court, administrative body or tribunal whose records are open to public inspections, except such information as has been filed under seal; or (d) can be demonstrated by written evidence was in the possession of the Insurers or Montana prior to its disclosure by the Debtors and was not otherwise subject to any contractual, legal or fiduciary obligation of confidentiality.  Upon the Insurers' or Montana's request, the Plan Proponents will advise the Insurers or Montana whether they believe that any information provided to the Insurers or Montana does or does not constitute Confidential Information.

7.      The Debtors shall designate as "Confidential" or "Restricted" or otherwise identify in writing any material, documents or writings which are intended to be subject to this Protective Order and identify or otherwise designate in writing with or prior to disclosure or within three (3) days of disclosure of such Oral Confidential Information or other non-written Confidential Information.  **"Oral Confidential Information"** shall mean:  any written Confidential Information that is discussed or presented orally.  The Debtors shall use reasonable efforts not to designate publicly available or other non-confidential and non-proprietary information as "Confidential" or Oral Confidential Information.  The Debtors, however, shall not produce information previously protected by the protective orders outlined in paragraph 22 below or any other such orders with respect to (i) personal claimant identifying information ( names and social security numbers); (ii) information that may contain or cite to law firm interrogatories previously provided in the estimation proceedings; and/or (iii) information with respect to non-Grace exposure or claimant settlements with defendants other than the Debtors,

under this Protective Order or otherwise and shall redact that information from any Confidential Information otherwise being produced pursuant to this Protective Order.

8.      Confidential Information also may be disclosed by the Insurers or Montana if they become legally compelled (by deposition, interrogatory, request for documents, subpoena, civil investigative demand or similar process) to do so; *provided that* the Insurers or Montana provide the Plan Proponents with prompt prior written notice of their intention to disclose Confidential Information, which notice must be received by the Plan Proponents and their counsel not less than fifteen (15) business days prior to such disclosure, so that the Plan Proponents may seek a protective order or other appropriate remedy and/or waive compliance with the terms of this Protective Order with respect to the proposed disclosure.  If a protective order or other remedy is not obtained by the time the Insurers or Montana are required to comply with such disclosure requests, and the Insurers or Montana are advised to do so by in-house or outside counsel, they may comply with such requests, *provided that* the Insurers or Montana use reasonable efforts to disclose only such limited portion of the Confidential Information as is covered by such request.

9.      Without limiting the generality of any provision of this Protective Order, if the Insurers or Montana determine that it is necessary to disclose or to make reference to Confidential Information in a motion, pleading or other document filed with the Bankruptcy Court in these Chapter 11 Cases (a "**Filing**"), prior to such Filing, the Insurers or Montana shall move the Bankruptcy Court, or other court of competent jurisdiction, to make such Filing under seal or through some comparable protective mechanism.   Upon disclosing Confidential Information in accordance with the procedures specified in this paragraph, the Insurers or Montana shall provide prompt written notice of such disclosure to the Plan Proponents and their counsel and PI Counsel, which notice must be received within one day of such Filing.  Except as

K&E 13828094.7

provided in paragraphs 7 and 8, Confidential Information shall not be disclosed absent the express written consent of the Plan Proponents and PI Counsel. If the Insurers or Montana or one or more of the Plan Proponents or PI Counsel seek a protective order or other remedy in accordance with this Protective Order, the Insurers or Montana agree that they will not disclose Confidential Information until the matter has been resolved by the Bankruptcy Court or other court of competent jurisdiction.

10.    In the event any party wishes to use or refer to Confidential Information at a deposition, the Plan Proponents may compel all persons other than the deponent, court reporter, and other parties already permitted access to the Confidential Information to be excused from the deposition during the time that the Confidential Information is being disclosed or discussed. Any deposition transcript containing Confidential Information shall also be designated confidential and the portions thereof containing such Confidential Information shall be subject to the provisions of this Protective Order.

11.    Before trial, argument or any hearing in open court, the Insurers or Montana shall negotiate in good faith with counsel for the Plan Proponents and PI Counsel to seek agreement on the handling of Confidential Information so as to provide protection against public disclosure of such Confidential Information. If no agreement is reached, the parties shall submit alternate proposals to the court for consideration and determination prior to trial, argument or hearing.

12.    It is agreed that no failure or delay by any of the Plan Proponents or PI Counsel in exercising any right, power or privilege hereunder following entry into this Protective Order shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or future exercise thereof or the exercise of any other right, power or privilege hereunder. Nothing contained herein shall restrict the use by the Plan Proponents of Confidential

7

Information or limit or preclude the Plan Proponents from raising objections to the production or disclosure of information or documents. Nothing contained herein shall prohibit the Insurers or Montana from requesting the production or disclosure of information or documents in accordance with the Federal Rules or Civil Procedure, *provided, however*, that this Protective Order shall apply with respect to any such requests(s) and disclosure(s).[3]   Further, nothing contained herein shall prohibit the Insurers or Montana from seeking relief in the Bankruptcy Court and/or from raising objections to the designation of documents as Confidential Information in the Chapter 11 Cases.

13.    United States securities laws may prohibit certain persons who have material nonpublic information concerning a company from purchasing or selling securities of such company, or from communicating such confidential information to any other person under circumstances in which it is reasonably foreseeable that such person is likely to purchase or sell securities. The Insurers and Montana will not use any Confidential Information in contravention of the Securities and Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder (collectively, the "**1934 Act**"), including Rule 10b-5 under the 1934 Act. By reason of the Insurers' or Montana's receipt of the Confidential Information, the Insurers or Montana may become subject to a prohibition or other limitation on the purchase or sale of securities of the Debtors, provided, however, any such prohibitions, if any, shall apply only to those persons with knowledge of the information and shall not be generally imputed to any entity..

---

[3]    The rights of the PI Counsel and all other persons to object to or otherwise oppose any such discovery are also unaffected by this Protective Order.

K&E 13828094.7

14.     The Plan Proponents, their respective representatives and PI Counsel do not make any representation or warranty as to the accuracy or completeness of any Confidential Information.  The Plan Proponents, their respective representatives and PI Counsel will not have any liability to the Insurers, Montana or any of their representatives resulting from the use of the Confidential Information by them.

15.     The term "**person**," as used in this Protective Order, shall be interpreted broadly to include, but is not limited to, any corporation, company, limited liability company, partnership, joint venture, union, government agency, political subdivision or individual.

16.     After the earlier of (a) a plan of reorganization for the Debtors is confirmed and any appellate proceedings with respect to confirmation of such plan have concluded and (b) these Chapter 11 Cases are closed, all persons who received access to the Confidential Information shall surrender all such Confidential Information to counsel for the Debtors, including all copies, extracts, notes and summaries made or containing information therefrom, and shall confirm in writing their compliance with this obligation; *provided, however*, that any such materials that contain attorney work product may be destroyed rather than returned.  If such materials are destroyed, counsel responsible for the destruction shall confirm in writing that destruction has taken place.  Notwithstanding the return or destruction of all Confidential Information, the Insurers and Montana will continue to be bound by their obligations of confidentiality pursuant to this Protective Order.

17.     Neither the closing of the Chapter 11 Cases nor the termination of employment of any person who has access to Confidential Information shall relieve such person from his or her obligations of confidentiality pursuant to this Protective Order.

K&E 13828094 7

18.   Money damages will not be a sufficient remedy for any breach of this Protective Order by the Insurers or Montana and the Plan Proponents and/or their respective representatives would be irreparably harmed in the event of such a breach. Accordingly, in addition to any other remedies to which they may be entitled at law or in equity, the Plan Proponents and/or their respective representatives shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of this Protective Order (regardless of whether damages may or may not be readily quantifiable and without posting a bond or other security).

19.   This Protective Order shall be governed by, and construed in accordance with, the laws of the State of Delaware without giving effect to the otherwise applicable principles of law as to conflicts or choice of law of such state.

20.   The Bankruptcy Court shall have exclusive jurisdiction with respect to any issues, actions, suits or proceedings arising out of or relating to this Protective Order during such time as any of the Debtors shall be subject to the jurisdiction of the Bankruptcy Court. Any objection to the laying of venue in the Bankruptcy Court with respect to any action, suit or proceeding arising out of this Protective Order during such time are hereby overruled. Any notice, service of process, summons, or other document or communication required or permitted pursuant to this Protective Order shall be in writing and shall become effective service of process for any action, suit or proceeding brought against the party in any court when delivered by facsimile (confirmed by mail), overnight courier service, registered or certified mail (postage prepaid) or by hand delivery to the parties at the addresses listed on Appendix A or B, as applicable, or to such other addresses as may be thereafter designated in writing by such party to the other parties.

21.   This Protective Order shall be binding upon and inure to the benefit of the parties listed on Appendix A and B hereto and their respective successors and assigns. The Plan

K&E 13828094.7

Proponents and their respective representatives not parties hereto are third-party beneficiaries of this Protective Order.

22.    Certain of the Requested Information may be subject to one or more of the following previously entered Protective Orders:

(i)    Protective Order Relating to Production of Medical Records, dated June 5, 2006 (Docket No. 12608);

(ii)    Order Regarding Motions to Compel Claimants to Respond to the W.R. Grace & Co. Asbestos Personal Injury Questionnaire, dated December 22, 2006 (Docket No. 14149);

(iii)    Modified Order Establishing the Non-Waiver of Privilege Contained in Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of Such Answers, dated July 10, 2007 (Docket No. 16259);

(iv)    Protective Order (re Claims Resolution Management Corporation) dated July 10, 2007 (Docket No. 16258);

(v)    Consent Order Concerning Confidentiality of Documents and Information to Be Produced by Expert Witnesses for Future Claimants' Representative, dated September 13, 2007 (Docket No. 16820);

(vi)    Protective Order (re Claims Processing Facility, Inc.) dated September 17, 2007 (Docket No. 16826);

(vii)    Agreed Supplemental Order Regarding Modified Order Establishing the Non-Waiver of Privilege Contained in Answers to the Debtors' Interrogatories and the Sealing and Confidentiality of such Answers, dated September 24, 2007 (Docket No. 16918).

23.    Subject to entry of this Protective Order or a document attesting to the Insurers' or Montana's agreement to be bound by this Protective Order, the Confidential Information covered by these prior orders shall be produced by the Debtors to the Insurers *and Montana* pursuant to the terms of this Protective Order. The Insurers and Montana and each of their respective attorneys, experts, advisors, agents and representatives shall not disclose or otherwise provide access to information covered by these prior orders to any other person or entity not expressly permitted access to the information by the prior orders absent further order of the Court. Such information may be used

11

only in respect to the confirmation proceedings in these Chapter 11 Cases subject to the confidentiality provisions of this Protective Order.

24.    This Protective Order represents the entire order with respect to the subject matter hereof, and any amendment, supplement or modification hereto, or any waiver of the rights and obligations hereunder, must be in writing and signed on behalf of the parties hereto.

25.    In order to respond to the Document Requests, the Debtors will also provide the Insurers and Montana with copies of the 2019 statements submitted by counsel for the Libby claimants in these cases based on the showing in conjunction with the entry of this Protective Order that the Insurers have show good cause for obtaining the 2019 statements as a result of the Libby claimants' having raised in their objections to the Debtors' disclosure statement, the treatment of the Insurers under the currently proposed chapter 11 plan. For similar reasons related to disclosure statement and confirmation issues, the Debtors may also provide such 2019 statements to the other Plan Proponents.

Dated: December 17, 2008

_Judith K. Fitzgerald_
Judith K. Fitzgerald,
United States Bankruptcy Judge

12

K&E 13828094.7

## APPENDIX A

BIFFERATO & GENTILOTTI, LLC
Ian Connor Bifferato, Esq. (#3273)
Garvan F. McDaniel, Esq. (#4167)
800 King Street, First Floor
Wilmington, Delaware 19801
Telephone:    (302) 254-5396

and

WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
Carl J. Pernicone, Esq.
150 East 42nd Street
New York, New York 10017-5639
Telephone:    (212) 490-3000

and

O'MELVENY & MYERS LLP
Tancred Schiavoni, Esq.
Gary Svirsky, Esq.
7 Times Square
New York, New York
Telephone:    (212) 326-2267

*Counsel for Arrowood Indemnity Company,
f/k/a Royal Indemnity Company*

GOODWIN PROCTER LLP
Daniel M. Glosband (*pro hac vice*)
Brian H. Mukherjee (*pro hac vice*)
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109
Telephone:    (617) 570-1000
Facsimile:    (617) 523-1231

-- and --

FORD MARRIN ESPOSITO WITMEYER &
GLESER, L.L.P.
Elizabeth DeCristofaro (*pro hac vice*)
Wall Street Plaza, 23rd Floor

New York, New York 10005-1875
Telephone:      (212) 269-4900
Facsimile:      (212) 344-4294

*Counsel for Continental Casualty Company,*
*Transportation Insurance Company*
*and their American insurance affiliates*

COZEN O'CONNOR
Jeffrey R. Waxman (No. 4159)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone:      (302) 295-2000
Facsimile:      (302) 295-2013

--and --

William P. Shelley (PA ID 40875)
Jacob C. Cohn (PA ID 54139)
1900 Market Street
Philadelphia, PA 19103
Telephone:      (215) 665-2000
Facsimile:      (215) 665-2013

*Counsel for Federal Insurance Company*

STEVENS & LEE, P.C.
John D. Demmy (DE Bar No. 2802)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone:      (302) 425-3308
Facsimile:      (610) 371-8515
E-Mail: jdd@stevenslee.com

and

Leonard P. Goldberger
Marnie E. Simon
(Member PA Bar)
1818 Market Street, 29th Floor
Philadelphia, PA 19103-1702
Telephone:      (215) 751-2864/2885
Facsimile:      (610) 371-7376/8505
Email: lpg@stevenslee.com
Email: mes@stevenslee.com

14

*Counsel for Fireman's Fund Insurance
Company and Allianz S.p.A., f/k/a Riunione
Adriatica Di Sicurta*

WHITE & WILLIAMS, LLP
JAMES S. YODER, ESQ. (DE #2643)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899
Telephone:     (302) 467-4524

and

CUYLER BURK, P.C.
Stefano Calogero Esq.
Andrew K. Craig, Esq.
Parsippany Corporate Center
Four Century Drive
Parsippany, NJ  07054

*Counsel for Allstate Insurance Company*

CONNOLLY BOVE LODGE & HUTZ LLP
Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
1220 Market Street
P.O. Box 2207
Wilmington, DE 19899
Telephone:     (302) 658-9141
Facsimile:     (302) 658-0380

Of Counsel:
ECKERT SEAMANS CHERIN & MELLOTT,
LLC
Edward J. Longosz, II
Laura G. Stover
1747 Pennsylvania Avenue, N.W.,
Suite 1200
Washington, DC  20006
Telephone:     (202) 659-6600
Facsimile:     (202) 659-6699

WILEY REIN LLP
Richard A. Ifft
Karalee C. Morell
1776 K Street, N.W.

15

Washington, D.C. 20006
Telephone:     (202) 719-7170
Facsimile:     (202) 719-7049

*Counsel for Zurich Insurance Company, Zurich International (Bermuda) Ltd., and Maryland Casualty Company*

DRINKER, BIDDLE & REATH, LLP
Warren T. Pratt (DE Bar I.D. #4334)
David P. Primack (DE Bar I.D. #4449)
1100 N. Market Street, Suite 1000
Wilmington, DE  19801-1243
Telephone:     (302) 467-4200
Facsimile:     (302) 467-4201

and

DRINKER, BIDDLE & REATH LLP
Michael F. Brown
Jeffrey M. Boerger
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103-6996
Telephone:     (215) 988-2700
Facsimile:     (215) 988-2757

*Counsel for Government Employees Insurance Company and Columbia Insurance Company f/k/a Republic Insurance Company*

WOMBLE CARLYLE SANDRIDGE & RICE
Francis A. Monaco, Jr.
Kevin J. Mangan
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801
Telephone:     (302) 252-4340
Facsimile:     (302) 661-7729

*Counsel for the State of Montana*

16

## APPENDIX B

**If to the Debtors only:**

Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
Attn:  David M. Bernick
       Theodore L. Freedman
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

and

Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Attn:  Laura Davis Jones
       James E. O'Neill
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

**If to the Plan Proponents
(including the Debtors):**

Caplin & Drysdale, Chartered
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Attn:  Peter Lockwood
       Ronald Reinsel
Telephone:  (202) 862-5000
Facsimile:  (202) 862-3301

and

Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152
Attn:  Elihu Inselbuch
Telephone:  (212) 319-7125
Facsimile:  (212) 644-6755

*Counsel to the Official Committee of Asbestos
Personal Injury Claimants*

Orrick, Herrington & Sutcliffe LLP

K&E 13828094.7

1152 15th Street, NW
Washington, DC 20005
Attn:  Roger Frankel
Telephone:  (202) 339-8400
Facsimile:  (202) 339-8500

*Counsel to the Asbestos PI Future Claimants'
Representative*

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Attn:  Phillip Bentley
Telephone:  (212) 715-9100
Facsimile:  (212) 715-8000

*Counsel to the Official Committee of Equity
Security Holders*

**If to PI Counsel:**

Sandy Esserman
Stutzman, Bromberg, Esserman & Plifka
2323 Bryan Street, Suite 2200
Dallas, TX  75201-2689
Telephone:     (214) 969-4910
Facsimile:     (214) 969-4999

*Counsel to Certain PI Law Firms*

Natalie Ramsey
Montgomery McCracken Walker & Rhoads,
LLP
123 South Broad Street, Suite 2538
Philadelphia, PA  19109
Telephone:     (215) 772-7354

John Herrick
Motley Rice LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC  29465
Telephone:     (843) 216-9000
Facsimile:     (843) 216-9450

18

## APPENDIX C

1.   Baron & Budd, P.C.

2.   Foster & Sear, L.L.P.

3.   Hissey, Kientz & Herron, P.L.L.C.

4.   The Law Offices of Peter G. Angelos, A Professional Corporation

5.   David Lipman, P.A.

6.   Provost & Umphrey, L.L.P.

7.   Weitz & Luxenberg P.C.

8.   Wilentz, Goldman & Spitzer, P.A.

9.   Williams Kherkher Law Firm L.L.P.

10.  Kazan, McClain, Abrams, Fernandez, Lyons, Farrise & Greenwood, A Professional Law Corporation

11.  Waters & Krauss, LLP

12.  Paul and Hanley

13.  Early Ludwick & Sweeney

14.  Harowitz & Tigerman

15.  The Wartnick Law Firm

16.  Early & Strauss

17.  Motley Rice LLC

18.  Stutzman, Bromberg, Esserman & Plifka

19.  Montgomery McCracken Walker & Rhoads, LLP

K&E 13828094 7