1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AIKEN SCHENK HAWKINS & RICCIARDI P.C.**
**4742 North 24th Street, Suite 100**
**Phoenix, Arizona 85016-4859**
**Telephone: (602) 248-8203**
**Facsimile: (602) 248-8840**
**E-Mail: **@hs-law.com**

**Barbara Lee Caldwell – SBN 003246**
Attorneys for Maricopa County Treasurer

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

In re:

W.R. GRACE & CO., et al.,

Debtors.

Chapter 11

Case No. 01-1139 (JKF)
Jointly Administered

## MARICOPA COUNTY'S RESPONSE TO MOTION FOR ENTRY OF AN ORDER DECLARING AS VOID AB INITIO ANY AND ALL ACTIONS TAKEN BY MARICOPA COUNTY, ARIZONA, FIRST LIBERTY NATIONAL BANK AND MARICOPA COUNTY SUPERIOR COURT WITH RESPECT TO DEBTOR'S REAL PROPERTY IN MARICOPA COUNTY

Maricopa County, by and through its attorney undersigned, responds to the motion filed by debtor regarding a tax lien sale of real estate taxes owed by debtor in Maricopa County, Arizona.

The debtor has requested damages against Maricopa County for a willful violation of the automatic stay. In response, Maricopa County did not willfully violate the automatic stay in the within matter. Any violation of the stay was unintentional.

First, the property at issue herein, parcel #165-02-065B, was never in the name of the debtor until 2007 and in 2008 it returned to the name of the former owner, Ari-Zonolite, as evidenced by Exhibit 1 attached hereto and by this reference made a part hereof.

When a bankruptcy is filed and notice is given to Maricopa County, the only way of determining outstanding taxes due by the debtor is by name unless the parcel number of the real estate owned by debtor is supplied. If the property is not in the name of the debtor, Maricopa County would have no way of determining ownership. The debtor has provided a copy of a deed executed from Ari Zonolite to W. R. Grace, however, that deed was never recorded in Maricopa County so no change of ownership was available to the Maricopa County Treasurer.

*A.R.S. Sec. 33-411* provides for the recording of documents in Arizona. Section A. of said statute recites that "no instrument affecting real property gives notice of its contents to subsequent purchasers or encumbrance holders for valuable consideration without notice, unless recorded as provided by law in the office of the county recorder of the county in which the property is located". The failure of the debtor to record the deed from Ari-Zonolite to W. R. Grace contributed to the issues involved in this matter. If the deed had been recorded, there would, in all likelihood, never have been an issue as to the tax lien sale and the subsequent foreclosure. The debtor must have been aware that real estate taxes were due on the real property located in Arizona and also must have been aware that no tax claim was filed by Maricopa County. Tax claims are filed by the Maricopa County Treasurer in all bankruptcy cases when notices are received affecting property that it can identify. However, if the real property belonging to the debtor is not in the name of the debtor, proper notice of ownership for notice purposes is not received. In the within case, while Maricopa County received the initial notice of the bankruptcy, it was unable to locate property in the name of the debtor and did not file a claim herein. The sale of the tax lien was not intentional.

Debtor alleges taxes were paid by debtor in this matter. However, payment of taxes and tax bills having been sent to an address different than the listed owner does not give the Maricopa County Treasurer notice of change of owner. Taxes are paid by title companies,

2

mortgage companies, and various other entities that are not owners of the property, therefore, payments by debtor on said property would not be an indication of ownership unless the change of ownership deed was recorded in Maricopa County. The recorded documents are reviewed by the Maricopa County Assessor's Office and the Maricopa County Treasurer changes its records of ownership from the County Assessor's records. In this case, no deed was recorded so ownership records were not changed by the Maricopa County Treasurer's Office.

It is not disputed that the debtor sent a notice of bankruptcy, however, as hereinabove set forth, if the real property of the debtor is not in the debtor's name, no claim would have been filed because no tax information would have been found. The documents attached to debtor's motion indicate that information was obtained by the debtor that the property had been flagged. It is the usual procedure that the properties that are in bankruptcy and that the Treasurer's Office is aware are in bankruptcy are flagged. This is not a statutory obligation for the Treasurer, but a method of trying to insure that no tax lien sales or other action is taken on properties involved in bankruptcy.

In this case, a Notice of Lis Pendens had been filed and possibly that would have been the reason that the debtor, or debtor's representative, was advised that the property was in litigation.

The undersigned is unable to respond to the allegations regarding contact with First Liberty Bank and its' counsel because Maricopa County was not a party to those conversations or correspondence.

The debtors have requested punitive damages against Maricopa County. There is an Arizona statute, as well as Federal statutes, that preclude punitive damages against the government, states and municipalities. Several cases have addressed this issue. In *Mitchell v. Dupnik, 75 F3d 517 (9th Cir. 1996),* the Court held that although a municipality could be

3

liable for compensatory damages, it is immune from punitive damages. See also *City of Newport v. Fact Concerts, Inc. 453 U.S. 2247 (S. Ct. 1981).*

In *Baker v. Runyon, 114 F3d 668 (7th Cir. 1997),* the Court held that punitive damages when awarded against governmental entities do not serve their intended deterrent purpose. Awarding punitive damages against a governmental agency punishes only the taxpayers and the Court reversed the trial court regarding punitive damages.

Punitive damages against governmental agencies including states, counties and cities have been addressed in other cases. In *Shore v. County of Mohave, State of Arizona, 644 F2d 1320 (9th Cir. 1981),* the Court held in reversing punitive damages that the state cannot be held liable for punitive damages in the absence of specific statutory authorization for a punitive damage award. The Court further held that the reasons for not allowing awards of punitive damages against the State also apply to Counties.

Finally, in *Dunleavy v. County of Delaware, 279 F3d 219 (3rd Cir. 2002),* the Court held that unless Congress clearly provides otherwise, local governmental entities are immune from punitive damage awards. The Court stated that in order to subject municipalities to punitive damages, a statute must expressly provide for such an award against a municipality. Here, as in those cases, there is no specific statutory authority for a punitive damage award and therefore that portion of the Motion filed by the debtor should be dismissed. Arizona has a statute prohibiting an award of punitive or exemplary damages against a public entity or employee. *A.R.S. Sec. 12-840.04* provides that neither a public entity nor public employee acting within the scope of employment is liable for punitive or exemplary damages.

No damage has been caused to the debtor herein by the sale of the tax lien and subsequent foreclosure, because no further transactions regarding said real property have been taken by the tax lien purchaser, First Liberty Bank. The real property has not physically been transferred, the operation of business by debtor has not been interrupted or

4

impeded and the tax lien sale result can be resolved.  The debtor has asked for compensatory damages but has recited no specific damages that would result in compensatory damages and punitive damages.  This is especially true in view of the fact that Maricopa County is willing to take any necessary action to remedy the unintentional tax lien sale.

The debtor has not requested damages against the tax lien purchaser, First Liberty Bank, even though it appears that actual notice was given to First Liberty Bank prior to the completion of the foreclosure action according to the exhibits attached to debtors' motion.

It is respectfully requested that the Court deny the debtors request for compensatory and punitive damages against Maricopa County and permit Maricopa County to take the necessary action to remedy the unintentional tax lien sale and restore the title of the real property relating to Parcel #107-02-065B to the debtor.

DATED this 19 day of December, 2008.

AIKEN SCHENK HAWKINS & RICCIARDI P.C.

By _____
Barbara Lee Caldwell
4742 North 24th Street
Suite 100
Phoenix, Arizona 85016
Attorneys for Maricopa County
Treasurer

COPY of the foregoing mailed
this 19 day of December, 2008, to:

David M. Bernick, P.C.
Janet S. Baer
KIRKLAND & ELLLIS LLP
200 East Randolph Drive
Chicago, IL  60601

Laura Davis Jones
James E. O'Neill
PACHULSKI STANG ZIEHL & JONES LLP
P.O. Box 8705
Wilmington, Delaware 19899-8705

TB_2008_10702065B

## PARCEL/ACCOUNT # 107-02-065B 2

Verify the property description on the back of this statement to make certain you are paying on the correct parcel. The Treasurer's Office is not responsible for payments to incorrect parcels.

**www.treasurer.maricopa.gov**
**(602) 506-8511**

Charles "Hos" Hoskins
**MARICOPA COUNTY TREASURER**
301 W JEFFERSON ST — Room 100
PHOENIX, AZ 85003—2199

Sign up for

**Parcel Watch**

and receive tax bill notifications via email
www.treasurer.maricopa.gov

2171  2641  ********AUTO**MIXED AADC 852
ARI-ZONOLITE CO
TERRY PUGLISI
7500 GRACE DR
COLUMBIA, MD  21044-4009

**MARICOPA COUNTY 2008 PROPERTY TAX STATEMENT**

So we can provide you with more of the information you want regarding your property taxes...

**Tax information is now on the other side** →

### Your 2008 Property Tax Summary for Parcel # 107-02-065B 2

(627713=PRTCNTL)

|  | 2007 | Ratio | Assessed | 2008 | Ratio | Assessed |
|---|---|---|---|---|---|---|
| Limited Value (Primary) | 908,731 | .240 | 218,097 | 1,054,771 | .230 | 242,599 |
| Full Cash Value (Secondary) | 992,265 | .240 | 238,146 | 1,168,304 | .230 | 268,711 |

| | |
|---|---|
| Total Delinquent Taxes Now Due | **$11,943.39** |
| Total 2008 Assessed Taxes | **$27,153.34** |

### Definitions

**Primary Limited Value** ....... Legislatively established value based on a mathematical formula that limits the valuation increase in any given year.

**PRI** ................................... Taxes on Limited Value for the maintenance and operation of State, County, Cities, School Districts and Community College Districts.

**Full Cash Value** ................ Assessor's estimate of true market value.

**SEC** .................................. Taxes on Full Cash Value, but used to fund bonds, overrides, and certain special districts.

**Special Districts** .............. Limited purpose taxing districts such as Flood Control, Fire, Irrigation, etc.

**School Bonds** ................... Voter approved borrowing for education.

**Overrides** ......................... Permission to exceed spending limitations.

**State Aid** .......................... Primary property tax credit for owner-occupied homes. The amount is reimbursed to School Districts from the State.

### Find the answers to FAQ (Frequently Asked Questions) at www.treasurer.maricopa.gov

### Payments

**First half tax is due 10/1/08.** Interest penalty after 5pm on 11/3/08.

**Second half tax is due 3/1/09.** Interest penalty after 5pm on 5/1/09.

For tax amounts more than $100, if the entire amount is paid in full by 12/31/08, no interest is charged.

Full year taxes of $100 or less must be paid in full by 11/3/08.

Interest on late payments is 16% per year (ARS § 42-18053).

**Pay with E-Check:** Contact your bank or visit our web site. No service fees when paid using the Treasurer's Office website.

**Pay by credit card:** Third-party service fees apply. Visit our web site.

**Pay by check:** Mailed payments must be postmarked on or before the due date. Your cancelled check is your receipt. Legal payment exists when the check has cleared your bank. A $25 fee will be assessed for returned checks. Use enclosed envelope and payment coupon and write your parcel number on your check. U.S. funds only.

**Pay in person:** Current year taxes can be paid in person, using check or cash, at any Bank of America branch in Arizona.

# EXHIBIT 1

ዞ2205ዓ02በ20ፐ29ዓ2ፍ2ETO00ʰʰEE2ፐ2200በፐፐዐ00000በ205ዐ220ᠮᠨ

**THIS PARCEL HAS DELINQUENT TAXES FOR THE FOLLOWING YEAR/S: 2001.**
**THE TOTAL AMOUNT DUE IS REFLECTED ON THE PAYMENT COUPON BELOW.**

| PRIMARY LIMITED VALUES (PRI) | | | |
|---|---|---|---|
| TYPE | LIMITED | RATIO | ASSESSED |
| Land/Building | 718,082 | .230 | 165,159 |
| Personal Property | 336,689 | .230 | 77,440 |
| Exemption | | | 0 |
| Primary Total | 1,054,771 | .230 | 242,599 |

AREA CODE: 681300

| SECONDARY FULL CASH VALUES (SEC) | | | |
|---|---|---|---|
| TYPE | FULL CASH | RATIO | ASSESSED |
| Land/Building | 831,615 | .230 | 191,271 |
| Personal Property | 336,689 | .230 | 77,440 |
| Exemption | | | 0 |
| Secondary Total | 1,168,304 | .230 | 268,711 |

SPECIAL DISTRICT (VALUE/ACRES/SQ FT) = ASSESSED     DIST #

**PARCEL/ACCOUNT # 107-02-065B 2**

Property Address: 4637 N 42ND AV

LEGAL DESCRIPTION  SEC/LOT 6  TWN/BLK  RNG/TR
SANTA FE-PHOENIX INDUSTRIAL 1 S 200' OF TH PT
CHECK YOUR DEED FOR COMPLETE LEGAL DESCRIPTION.

Property address is provided by the Maricopa County Assessor's Office

**Own several properties?**
Bulk payments may be your answer. Visit www.treasurer.maricopa.gov to learn more about making payments on-line.

**Learn how your tax dollars are spent!**
More detailed information is available at www.treasurer.maricopa.gov. View your tax bill online, and find information about how your property taxes are allocated.

**View a map of delinquent parcels**
Check your property on our new map! The map highlights properties that are behind in their taxes. It will also help you check to see if there are any "orphan" parcels associated with your real estate. Visit www.treasurer.maricopa.gov.

| | | Rate/100 | 2007 Amount | 2008 Amount | Change |
|---|---|---|---|---|---|
| ALHAMBRA ELEMENTARY | PRI | .9609 | 1,873.01 | 2,331.14 | +24.4% ↑ |
| ALHAMBRA ELEMENTARY BONDS | SEC | .9030 | 2,600.08 | 2,426.46 | -6.6% ↓ |
| ALHAMBRA ELEMENTARY OVERRIDES | SEC | 1.6441 | 4,605.03 | 4,417.87 | -4.0% ↓ |
| PHOENIX HIGH SCHOOL | PRI | 2.4582 | 5,992.00 | 5,963.59 | -0.4% ↓ |
| PHOENIX HIGH SCHOOL BONDS | SEC | .3351 | 845.90 | 900.45 | +6.4% ↑ |
| PHOENIX HIGH SCHOOL OVERRIDES | SEC | .2708 | 749.45 | 727.67 | -2.9% ↓ |
| COMMUNITY COLLEGE DIST | PRI | .7752 | 1,798.43 | 1,880.62 | +4.5% ↑ |
| COMMUNITY COLLEGE DIST BONDS | SEC | .1634 | 360.55 | 439.07 | +21.7% ↑ |
| EDUCATION EQUALIZATION | PRI | .0000 | 0.00 | 0.00 | 0.0% |
| **TOTAL FOR SCHOOLS / EDUCATION** | | | **18,824.45** | **19,086.87** | |
| CITY OF PHOENIX | PRI | .7608 | 1,753.94 | 1,845.69 | +5.2% ↑ |
| VOTER-APPROVED CITY BONDS | SEC | 1.0592 | 2,419.09 | 2,846.18 | +17.6% ↑ |
| **TOTAL FOR CITY OF PHOENIX** | | | **4,173.03** | **4,691.87** | |
| GENERAL COUNTY FUND | PRI | 1.0327 | 2,409.10 | 2,505.32 | +3.9% ↑ |
| **TOTAL FOR GENERAL COUNTY** | | | **2,409.10** | **2,505.32** | |
| FLOOD CONTROL OF MARICOPA CTY | SEC | .1367 | 270.92 | 261.46 | -3.4% ↓ |
| CENTRAL AZ WATER CONSV DIST | SEC | .1000 | 238.14 | 268.72 | +12.8% ↑ |
| FIRE DISTRICT ASSISTANCE TAX | SEC | .0053 | 12.62 | 14.24 | +12.8% ↑ |
| COUNTY LIBRARY | SEC | .0353 | 93.12 | 94.86 | +1.8% ↑ |
| COUNTY HEALTH CARE DISTRICT | SEC | .0856 | 222.68 | 230.00 | +3.2% ↑ |
| **TOTAL FOR SPECIAL DISTRICTS** | | | **837.48** | **869.28** | |
| **Grand Total** | | | | | |

PRIOR PAST DUE AMOUNT CALL (602) 506-8511.

DETACH AND RETURN WITH PAYMENT

**TOTAL DUE PAYMENT STUB**
**DUE OCTOBER 1, 2008**
**ADDITIONAL INTEREST ACCRUES**
**AFTER OCTOBER 31, 2008**

ARI-ZONOLITE CO

MAKE CHANGES TO MAILING ADDRESS BELOW
OR GO TO http://treasurer.maricopa.gov

MAKE CHECK PAYABLE TO:

**Maricopa County Treasurer**
**P O Box 52133**
**Phoenix, AZ 85072-2133**

**PARCEL/ACCOUNT # 107-02-065B 2**

PRINT THE ABOVE PARCEL / ACCOUNT NUMBER ON YOUR CHECK

**U.S. FUNDS ONLY**

| TOTAL | $ | 39,096.73 |
|---|---|---|

**PAYMENT MUST BE MADE BY CASHIER'S CHECK OR MONEY ORDER.**