## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
|  | ) |  |
| **W. R. GRACE & CO., et al.,** | ) | **Case No. 01-01139 (JKF)** |
|  | ) | **(Jointly Administered)** |
|  | ) |  |
| **Debtors.** | ) | **Hearing Dates: June 22-25, 2009** |
|  | ) | Re: Docket Nos. 19579, 19988, 20121 and 20204 |

## PRELIMINARY OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS, DATED NOVEMBER 10, 2008

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of W.R. Grace & Co., et al. (the "Debtors") by and through its undersigned counsel, sets forth as follows its list of preliminary objections to the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of the Debtors, The Official Committee of Asbestos Personal Injury Claimants (the "Asbestos PI Committee"), the Asbestos PI Future Claimants' Representative (the "FCR") and The Official Committee of Equity Security Holders (the "Equity Committee", and collectively with the Debtors, the Asbestos PI Committee and the FCR, the "Plan Proponents") dated November 10, 2008 (the "First Amended Plan"), pursuant to paragraphs 3 and 4 of the Initial Case Management Order Related To The First Amended Plan of Reorganization dated December 5, 2008 [Docket No. 20204] (the "CMO").

### Background

On September 19, 2008, the Debtors filed a Disclosure Statement for the Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code filed by the Plan Proponents (the

"Disclosure Statement") along with the Joint Plan also dated September 19, 2008.  On September 25, 2008, the Debtors filed a motion (the "DS Approval Motion") seeking the entry of an order approving, among other things, the Disclosure Statement.  On October 17, 2008, the Creditors' Committee filed an objection[1] to the DS Approval Motion in which it also raised a number of plan confirmation issues [Docket No. 19779] (the "Committee's DS Objection").  The Debtors filed a consolidated response on October 23, 2008[2] to the objections to the Disclosure Statement including, as Exhibit B thereto, a chart reflecting the objections filed and the Debtors' positions thereon.

Thereafter, on November 10, 2008, the Debtors filed a revised Disclosure Statement Objection Chart, a blackline form of the First Amended Plan reflecting the changes made to the Joint Plan first filed in September 2008 and a blackline form of the Disclosure Statement for the Amended Joint Plan.[3]  As of the date hereof, the Disclosure Statement has not been finalized or approved for distribution to holders of claims and interests entitled to vote on the First Amended Plan.  The CMO issued by the Court following a hearing on November 24, 2008, established, among other things, that the confirmation hearing would occur in two phases and the discovery schedule for each of those phases.

---

[1]   Objection of The Official Committee of Unsecured Creditors to The Debtors' Motion For An Order Approving Debtors' Disclosure Statement for The Joint Plan of Reorganization Dated As of September 19, 2008, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief [Docket No. 19779].

[2]   The Debtors' Consolidated Response to Objections to Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief [Docket No. 19848].

[3]   Notice of Filing of Amendment to Disclosure Statement Objection Chart, Blackline of Plan of Reorganization and Blackline of Disclosure Statement [Docket No. 19988].

2

**Preliminary Objections**

- *The First Amended Plan Incorrectly Designates Class 9 (General Unsecured) Claims As Not Impaired And Therefore Cannot Be Confirmed* - See First Amended Plan at 45, § 3.1.9. Section 1124(1) of the Bankruptcy Code provides that a class of claims is impaired under a plan unless the plan leaves unaltered the legal, equitable and contractual rights to which the holder of each claim of such class is entitled. Class 9 is impaired because each claim within Class 9 is not being paid in full, in cash, including with post-petition interest at the applicable default rate to which each such claim is entitled. Accordingly, as a result of such impairment, the vote that is being provisionally solicited of Class 9 should be counted for all purposes in connection with the Plan. See Committee's DS Objection, 8-13.

- *The First Amended Plan is Not Fair and Equitable As Required by 11 U.S.C. § 1129(b) And Violates The Absolute Priority Rule.* The Plan fails to satisfy the fair and equitable standard of 11 U.S.C. § 1129(b). As a class senior to the classes of equity, Class 9 claims must be paid in full before equity can receive or retain any property. The First Amended Plan violates this requirement and the absolute priority rule because the Plan does not provide for post-petition interest at the applicable default rate to be paid to unsecured creditors in Class 9, although the Plan improperly provides for the Debtors' equity holders to retain substantial value as a result of the settlement among the Plan Proponents. See Committee's DS Objection, 15-19.

- *The First Amended Plan Does Not Provide for A Sufficient Post-Effective Date Role For The Committee.* The First Amended Plan cannot be confirmed because it improperly provides for dissolution of the Creditors' Committee notwithstanding the possibility that significant litigation will be pending after the Plan's Effective Date, in which the Creditors' Committee is a party, concerning the Bank Lenders' entitlement to post-petition interest at the applicable default rate and the Creditors' Committee's participation in negotiations with respect to prior proposed plans of reorganization.

- *Feasibility.* To be eligible for confirmation, the First Amended Plan must meet the feasibility requirements of 11 U.S.C. § 1129(a)(11). The First Amended Plan will not be feasible in the event that exit financing is not available to the Plan Proponents, is available on unreasonable terms, or on terms substantially different than those upon which the First Amended Plan is premised. In addition, the First Amended Plan fails to meet the feasibility requirements, as it does not provide for the establishment and maintenance of a cash reserve to ensure that Class 9 Claims will be paid in full, including post-petition interest at the applicable default rate when such claims become allowed.

## RESERVATION OF RIGHTS

The Creditors' Committee expressly reserves all of its rights to further object to confirmation of the First Amended Plan on any and all grounds, including those set forth herein, after the completion of discovery with respect to the First Amended Plan and any party's objections thereto.

Dated: December 22, 2008

Respectfully submitted:

**STROOCK & STROOCK & LAVAN LLP**

Lewis Kruger
Kenneth Pasquale
(Members of the Firm)
180 Maiden Lane
New York, New York 10038-4982
Tel: (212) 806-5400
Fax: (212) 806-6006

and

**DUANE MORRIS LLP**

Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
William S. Katchen
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801-1246
Tel: (302) 657-4942
Fax: (302) 657-4901

Counsel for the Official Committee
of Unsecured Creditors

4