### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

### BNSF'S PRELIMINARY OBJECTIONS TO
### CONFIRMATION OF FIRST AMENDED JOINT PLAN OF REORGANIZATION

BNSF Railway Company and its predecessors, the Great Northern Railway Company, the Burlington Northern Railroad Company, and The Burlington Northern & Santa Fe Railway Company (collectively, "BNSF") object to confirmation of the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., *et al.*, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos Personal Injury Future Claimants' Representative and the Official Committee of Equity Security Holders dated December 19, 2008 (the "Amended Plan"), and state as follows:

1.    In accordance with the Initial Case Management Order Related to the First Amended Joint Plan of Reorganization (the "CMO"),  BNSF submits these preliminary objections to confirmation of the Amended Plan, without prejudice to BNSF's rights to supplement, modify, withdraw or add to such objections on or prior to March 16, 2009, the deadline for submitting final objections:

- The Amended Plan:
  - improperly classifies BNSF's contribution and indemnity rights as Indirect PI Trust Claims,
  - improperly channels such rights to the Asbestos PI Trust, and

o    improperly seeks to enjoin BNSF from pursuing such claims as

general unsecured claims, administrative expense claims or

otherwise.

- The Section 524(g) injunction must extend to derivative claims asserted

against BNSF, because any act to recover on such claims against BNSF

would constitute an indirect attempt to collect, recover or receive payment

with respect to a claim or demand that, under the Amended Plan, is to be

paid in whole or in part by the Asbestos PI Trust.  11 U.S.C. §

524(g)(1)(B).  In *In re Combustion Engineering, Inc.*, 391 F.3d 190, 233

(3d Cir. 2005) the Court of Appeals stated:

> The Bankruptcy Court entered a channeling
> injunction under § 524(g) in favor of
> Combustion Engineering and also in favor
> of Basic and Lummus for their derivative
> asbestos-related claims. The court correctly
> found that § 524(g) did not authorize a
> channeling injunction over the independent,
> non-derivative third-party actions against
> non-debtors Basic and Lummus.

This distinguishes derivative claims (as asserted by claimants in the first

instance against BNSF), from independent, non-derivative claims as

proscribed by *Combustion Engineering.*

- The Amended Plan impermissibly seeks to extend the channeling

injunction to actions by BNSF against any Asbestos Insurance Entity,

including Settled Asbestos Insurance Companies, including direct

contractual claims by BNSF as a named insured, additional assured, or

otherwise.  BNSF's contractual rights to seek payment from any Asbestos

Insurance Entity, including Settled Asbestos Insurance Companies, whether related to derivative or independent claims asserted against BNSF, cannot be abrogated by the Amended Plan. The Asbestos Insurance Entities (who are non-debtors) are not entitled to the benefits of Section 524(g) for such direct, contractual claims held by BNSF, a non-debtor. *See* 11 U.S.C. § 524(g)(4)(A); *Combustion Engineering,* 391 F. 3d at 233-38.

- The Amended Plan cannot channel BNSF's indemnification and/or contribution rights to the Asbestos PI Trust, because such rights are not the type of claim that are subject to Section 524(g). Specifically, the injunction that is implemented by Section 524(g) addresses only the liabilities of a debtor that, as of the petition date, was named as a defendant in personal injury, wrongful death or property damage actions. 11 U.S.C. § 524(g)(2)(B)(i)(I).

- The Amended Plan is unconfirmable because it improperly classifies BNSF's claims in a class with claims that are not substantially similar in violation of Section 1122(a) of the Bankruptcy Code.

- The Amended Plan is unconfirmable because it provides different treatment to claims in the same class.

- The Amended Plan is unconfirmable in that it discriminates unfairly and is not fair and equitable with respect to Class 6. Furthermore, if Class 6 votes to reject the Amended Plan, the Amended Plan violates the Absolute Priority Rule, in the holders of Asbestos PD Claims and General

Unsecured Claims will receive payment in full, and the rights of holders of

Equity Interests are unimpaired.

- To the extent that the Amended Plan may channel any rights to

  contribution or indemnity held by BNSF to the Asbestos PI Trust, the

  Trust Distribution Procedures must be amended to fully protect such

  indemnification and/or contribution rights.

WHEREFORE, BNSF respectfully requests that this Court deny confirmation of the

Amended Plan.  BNSF also requests all other relief to which it shows itself justly entitled.

Dated: December 22, 2008
Wilmington, DE

PEPPER HAMILTON LLP

/s/ Evelyn J. Meltzer
Evelyn J. Meltzer (DE 4581)
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE 19899-1709
Tel: (302) 777-6500
Fax: (302) 777-6511

Of Counsel:

Edward C. Toole, Jr.
Linda J. Casey
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
Tel: (215) 981-4000/ Fax: (215) 981-4750


Counsel for BNSF Railway Company