**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al*.<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br><br>(Jointly Administered)<br><br>Hearing Date:  TBD<br>Preliminary Objection Deadline:  December 22, 2008<br><br>Re: Docket Entry No.  20204 |

**ERISA PLAINTIFFS' PRELIMINARY OBJECTION
TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W. R. GRACE
& CO., INC., ET AL, THE OFFICIAL COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE
CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL
<u>COMMITTEE OF EQUITY SECURTY HOLDERS</u>**

Keri Evans, Timothy Whips and Mark Siamis (the "ERISA Plaintiffs"), participants in the W. R. Grace & Co. Savings & Investment Plan (the "S&I Plan"), on behalf of themselves, the S&I Plan, and a class of all others similarly situated, hereby submit their preliminary objection (the "Objection") to the confirmation of the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., Inc., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders (the "Plan"),[1] pursuant to the Initial Case Management Order Related to the First Amended Joint Plan of Reorganization, and states the following:

---

[1] Capitalized terms shall have the meanings ascribed to them in the Plan unless otherwise defined herein.

**BACKGROUND**

1. On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. ("Grace" or the "Debtor") and its affiliated entities (together with Grace, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code with this Court.

2. On December 19, 2005, Evans and Whips filed the First Amended Complaint[2] for Violations of the Employee Retirement Income Security Act of 1974, in the United States District Court for the District of Massachusetts (the "District Court"), Civil Action No. 04-11380 (WGY) (the "ERISA Litigation"), alleging on behalf of themselves, the S&I Plan, and all persons who were participants in or beneficiaries of the S&I Plan at any time between July 1, 1999 and April 19, 2004 (the "Class Period)[3] and whose accounts included investments in Grace stock (the "Class"), breach of fiduciary duties under ERISA by certain non-debtors (the "Non-Debtor Defendants"), including, *inter alia*, Grace's directors, Grace's Investment and Benefit Committee and its members, Grace's Administrative Committee and its members, and Grace's Investment Manager, in connection with the S&I Plan.

3. On December 6, 2006, the District Court dismissed the *Evans* action on the ground that the plaintiffs in *Evans* lacked standing.

4. On July 18, 2008, the United States Court of Appeals for the First Circuit vacated the District Court's order dismissing the *Evans* action and remanded the matter to the District Court where it is presently proceeding against the Non-Debtor Defendants.

5. In February 2008, a similar action, the *Siamis* action, was filed in the District Court asserting the same claims as the *Evans* action. A motion to dismiss the *Siamis* action is pending in the District Court. The *Siamis* action and the *Evans* action were consolidated on August 20, 2008.

---

[2] An initial complaint was filed in June 2004.
[3] The ERISA Plaintiffs reserved the right to amend the Class Period subject to discovery.

-3-

**PRELIMINARY OBJECTION**

- To the extent any objection raised in the ERISA Plaintiffs' Disclosure Statement Objection (Docket Entry No. 19785, incorporated herein by reference) was deemed an objection to confirmation of the Plan and was not resolved, Lead Plaintiffs incorporate such objections herein. Furthermore, to the extent the ERISA Plaintiffs or any member of the putative Class is impacted in any way by the contents of any supplements or amendments to the Plan, which may be subsequently filed, the ERISA Plaintiffs reserve their right to object.

- The Plan provides improper releases and injunctions that may impact the ERISA Plaintiffs' claims against the Non-Debtor Defendants.

- The Plan release and injunction language is broad and ambiguous, *see* Plan, § 8.8.7, such that it may be interpreted to release the claims of the ERISA Plaintiffs against the Non-Debtor Defendants, thereby enjoining and/or prohibiting the ERISA Plaintiffs from asserting claims in the ERISA Litigation against such non-Debtors.

- The Plan should include the following or substantially similar language:

    > Nothing in the Plan or in any order confirming the Plan shall affect, release, enjoin or impact in any way the prosecution of the claims asserted, or to be asserted, against any non-Debtor, including the non-Debtor Defendants in the ERISA Litigation.

| | |
|---|---|
| Dated:  December 22, 2008 | Respectfully submitted, |

**LOWENSTEIN SANDLER PC**

/s/ Ira M. Levee
Michael S. Etkin (ME-0570)
Ira M. Levee (IL-9958)
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel for the ERISA Plaintiffs*

    -and-

**GILMAN & PASTOR, LLP**
David Pastor, Esq.
999 Broadway, Suite 500
Sagur, Massachusetts 01906
(791) 231-7850 (Telephone)
(781) 231-7840 (Facsimile)

**SCHIFFRIN BARROWAY TOPAZ & KESSLER LLP**
Joseph H. Meltzer, Esq.
Katherine Bornstein, Esq.
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706 (Telephone)
(610) 667-7056 (Facsimile)

*Co- Counsel for the ERISA Plaintiffs*