IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., et al., | : | Case No. 01-01139 (JKF) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Re: Docket No. 20121** |

**ACTING UNITED STATES TRUSTEE'S PRELIMINARY OBJECTION TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

The Acting United States Trustee, by and through her counsel, hereby files the following Preliminary Objection to the First Amended Joint Plan of Reorganization (the "Plan"), and represents as follows:

**Introduction**

1. Roberta A. DeAngelis is the Acting United States Trustee ("UST") for this District.

2. Pursuant to 28 U.S.C. § 586 and in furtherance of her case supervisory responsibilities, the UST has standing to raise and be heard on issues set forth in the Motion pursuant to 11 U.S.C. §307 and 28 U.S.C. §586(a). This duty is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

**Background**

3. On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. Numerous committees representing various constituents have been appointed in this case. On April 13, 2001, the UST appointed the Official Committee of Unsecured Creditors (the "Creditors Committee"). Also on April 13, 2001, the UST appointed the Official Committee of Asbestos Personal Injury Claimants (the "PI Committee") and the Official Committee of Asbestos Property Damage Claimants (the "PD Committee"). On June 18, 2001, the UST appointed the Official Committee of Equity Holders (the "Equity Committee'). Finally, on May 24, 2004, the Court appointed David Austern as the Future Claimants Representative (the "FCR").

5. On September 19, 2008, the Debtors filed their Disclosure Statement and Plan. The Plan is filed jointly by the Debtors, the PI Committee, the FCR and the Equity Committee (the "Plan Proponents").

6. A number of hearings on the Disclosure Statement have been held by the Court. The Court has effectively approved the Disclosure Statement after numerous changes and modifications were made to both the Disclosure Statement and Plan. Pursuant to the Case Management Order for confirmation, preliminary objections, which are without prejudice to final objections, were to be filed by December 22, 2008.

**Preliminary Objections**

7.  The UST notes the following preliminary objections, in summary form, to the Plan[1]:

- Releases, Injunctions & Discharge: Article 8 of the Plan contains various provisions regarding releases, channeling injunctions for personal injury and property damage claims, injunctions for general claims, and the discharge of the Debtors. While the UST worked with the Debtors during the Disclosure Statement process to address numerous concerns, the UST is still assessing the legal justification at confirmation for all of these provisions. As such, the UST asserts a preliminary objection to the various release and injunction provisions set out in Article 8 of the Plan, including that such provisions are in violation of relevant Third Circuit law and 11 U.S.C. § 524(g).

- Exculpation: Section 11.8 of the Plan contains a broad exculpation clause that may not be appropriate under relevant Third Circuit law. *See In re PWS Holding Corp.*, 228 F.3d 224, 246-47 (3d Cir. 2000).

- Deemed Consolidation: Section 7.14 of the Plan contains provisions that the Debtors are deemed consolidated for Plan purposes only. The UST asserts that the deemed consolidation provision may be problematic under the Third Circuit's substantive consolidation precedent. *See In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005).

- Feasibility and Absolute Priority Rule: The Plan may not be feasible and may violate the absolute priority rule.

---

[1] The UST has made a good faith effort to address the issues with the Plan at this early stage of the confirmation process. The UST reserves her right to modify, add or supplement this Preliminary Objection prior to the final objections to the Plan.

WHEREFORE, the United States Trustee respectfully requests this Court issue a ruling commensurate with the above referenced objection, and award such other relief as this Court deems appropriate under the circumstances.

                                            Respectfully submitted,

                                            ROBERTA A. DEANGELIS
                                            Acting United States Trustee

                                  BY:     */s/ David M. Klauder*
                                            David M. Klauder
                                            Trial Attorney
                                            Office of the United States Trustee
                                            833 Chestnut Street, Suite 500
                                            Philadelphia, PA 19107

Dated: <u>December 22, 2008</u>          Telephone:  (215) 597-4411
                                            Facsimile:   (215) 597-5795