IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) <br> Jointly Administered |
| Debtors. | Ref. Nos. 19803 & 20204 |

## LIBBY CLAIMANTS' PRELIMINARY OBJECTIONS TO FIRST AMENDED JOINT CHAPTER 11 PLAN

In accordance with the Case Management Order Related to the First Amended Joint Plan of Reorganization [D.I. 20204] (the "Case Management Order"), claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby submit the following preliminary objections to the First Amended Joint Plan of Reorganization and any subsequent Chapter 11 plan that does not address to the Libby Claimants' satisfaction the objections set forth below (the "Plan"), incorporating by reference the Libby Claimants' Objection to Debtors' Disclosure Statement for Joint Plan of Reorganization and Approval Motion [D.I. 19803] (the "Disclosure Statement Objection"):

- The Plan violates the Bankruptcy Code's requirement of equal distribution, as set forth in In re Combustion Engineering, 391 F.3d 190, 239 (3d Cir. 2004) because the Plan and the related TDP and Asbestos PI Trust discriminate against the Libby Claimants on numerous grounds, including:

    - The TDP excludes legitimate claims of Libby Claimants ("Libby Claims") by creating disease criteria that are not consistent with standard medical practice.[2]

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 19927], as it may be amended and restated from time to time.

[2] Disclosure Statement Objection, pp. 26-33.

- o The TDP excludes legitimate Libby Claims by requiring the blunting of the costophrenic angle as a criterion for disease level.[3]

- o The TDP excludes legitimate Libby Claims by requiring a minimum 3mm pleural thickening as a criterion for disease level.[4]

- o The TDP excludes legitimate Libby Claims by requiring pleural thickening coverage of over 25% as a criterion for disease level.[5]

- o The TDP excludes legitimate Libby Claims by not permitting the use of DLCO to establish severity and impairment of asbestos related disease.[6]

- o The TDP excludes legitimate Libby Claims by requiring an FEV1/FVC ratio over 65 as a criterion for disease level.

- o Because the TDP's Extraordinary Claims multiplier is subject to the discretion of the trustees and the Extraordinary Claims Panel, including in their interpretation of the eligibility requirement that a claimant have "little likelihood of a substantial recovery elsewhere," the Extraordinary Claims multiplier is illusory to the Libby Claimants – the most deserving of extraordinary treatment under the Plan.[7]

- o The TDP is not permitted, let alone required, to liquidate Libby Claims for Mesothelioma, Lung Cancer, Severe Disabling Pleural Disease, Pleural Disease (Impaired), or Pleural Disease (Unimpaired) at their tort system value.[8]

- o The TDP discriminates against the Libby Claimants because Libby Claims are not liquidated in accordance with their tort system value while other Asbestos PI Claims are liquidated at or above their tort system value.[9]

---

[3] Disclosure Statement Objection, p. 28.
[4] Disclosure Statement Objection, p. 29.
[5] Disclosure Statement Objection, pp. 29-30.
[6] Disclosure Statement Objection, pp. 30-32.
[7] Disclosure Statement Objection, pp. 33-34.
[8] Disclosure Statement Objection, p. 35.
[9] Disclosure Statement Objection, pp. 15-37, 52-57.

2

393.001-23593.doc

- In violation of Section 1122(a) of the Bankruptcy Code, the Plan places the Libby Claimants in a class with claims that are not substantially similar.[10]

    - The Libby Claimants' rights against Grace require them to be separately classified.[11]

    - The Libby Claimants' rights against insurers require the Libby Claims to be separately classified.[12]

- In violation of Section 1123(a)(4) of the Bankruptcy Code, the Plan provides different treatment to claims of the same class in the following respects:

    - The Plan provides different treatment of claims in the allowance/liquidation process.[13]

    - The Plan provides different payment terms for claims based on jury verdicts.[14]

    - The Plan provides different payment terms to later-allowed claims.[15]

    - The Plan provides different treatment of punitive damages claims.[16]

    - The Plan provides different treatment of wrongful death claims.[17]

    - The Plan takes away the insurance rights of the Libby Claimants for premises coverage, which are different and more valuable than the insurance rights of other Asbestos PI Claimants based on products coverage.[18]

- In violation of the U.S. Constitution, the Montana Constitution, and 28 U.S.C. § 1411(a), the Plan denies the Libby Claimants their right to trial by jury by (a) capping the liquidated amount of Asbestos PI Claims at the Maximum Value of the particular claim even if the claimant obtains a jury verdict in a greater amount, and (b) providing delayed and riskier payment terms for claims based on jury verdicts.[19]

---

[10] Disclosure Statement Objection, pp. 57-65.
[11] Disclosure Statement Objection, pp. 59-60.
[12] Disclosure Statement Objection, pp. 60-64.
[13] Disclosure Statement Objection, pp. 67-71.
[14] Disclosure Statement Objection, p. 71.
[15] Disclosure Statement Objection, pp. 71-74.
[16] Disclosure Statement Objection, p. 74.
[17] Disclosure Statement Objection, pp. 74-75.
[18] Disclosure Statement Objection, pp. 75-76.
[19] Disclosure Statement Objection, pp. 76-79.

3

393.001-23593.doc

- In violation of the Bankruptcy Code and Supreme Court caselaw, the Plan violates the Libby Claimants' right to have their claims allowed in accordance with applicable nonbankruptcy law:

    - The Plan fails to allow Libby Claims at the same value as would be provided by the tort system under nonbankruptcy law.[20]

    - The Plan categorically disallows wrongful death claims.[21]

    - The Plan categorically disallows punitive damages claims.[22]

- In violation of Section 524(g) of the Bankruptcy Code, the Plan provides for injunctions that:

    - Protect the Settled Asbestos Insurance Companies even though they are making no financial contribution to the Asbestos PI Trust, let alone the substantial financial contribution required by law.[23]

    - Bar the Libby Claimants' pursuit of insurance coverage as to which they do not compete with each other or any other claimant.[24]

    - Enjoin the Libby Claimants even though the Plan is not fair and equitable to the Libby Claimants.[25]

- The Plan improperly usurps the Court's function to modify or dissolve preliminary injunctions.[26]

- In violation of Section 1127(a)(7) of the Bankruptcy Code, the Plan provides less to some or all of the Libby Claimants than they would receive if the Debtors were liquidated under Chapter 7.

---

[20] Disclosure Statement Objection, p. 80.
[21] Disclosure Statement Objection, pp. 91-93.
[22] Disclosure Statement Objection, pp. 94-97.
[23] Disclosure Statement Objection, pp. 80-81, 86-87.
[24] Disclosure Statement Objection, pp. 87-89.
[25] Disclosure Statement Objection, pp. 89-90.
[26] Disclosure Statement Objection, pp. 90-91.

393.001-23593.doc

As set forth in paragraph 4 of the Case Management Order, the Libby Claimants reserve all rights to make additional objections to the Plan upon completion of discovery.

Dated: December 22, 2008  
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_/s/ Kerri Mumford_

Adam G. Landis (No. 3407)  
Kerri K. Mumford (No. 4186)  
919 Market Street, Suite 1800  
Wilmington, DE 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn  
Christopher M. Candon  
**COHN WHITESELL & GOLDBERG LLP**  
101 Arch Street  
Boston, MA 02110  
Telephone: (617) 951-2505  
Facsimile: (617) 951-0679

*Counsel for the Libby Claimants*