IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>**Ref. Nos. 19579, 19581 & 20204** |

## PRELIMINARY OBJECTION OF BANK LENDER GROUP TO CONFIRMATION OF FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Pursuant to the Bankruptcy Court's Initial Case Management Order, dated December 5, 2008 [Dkt. No. 20204], certain lenders under the Prepetition Bank Credit Facilities[1] (the "Bank Lender Group"),[2] by their undersigned counsel, hereby file this preliminary objection (the "Preliminary Objection") to the confirmation of the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan") filed by the above-captioned debtors ("Grace") along with the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of

---

[1] The Prepetition Bank Credit Facilities include (i) that certain Credit Agreement, dated May 14, 1998, among the W.R. Grace & Co. (the "Company"), W.R. Grace & Co.-Conn, The Chase Manhattan Bank, as Administrative Agent, Chase Securities Inc., as arranger, and certain Banks party thereto (the "1998 Credit Agreement"), and (ii) that certain 364-Day Credit Agreement, dated May 5, 1999, among the Company, W.R. Grace & Co.-Conn, Bank of America National Trust Savings Assoc., as documentation agent, The Chase Manhattan Bank, as administrative agent, Chase Securities Inc., as book manager, and certain Banks party thereto (as amended, the "1999 Credit Agreement", together with the 1998 Credit Agreement, the "Credit Agreements"). The Credit Agreements are attached as Exs. A and B to the Affidavit of Charles O. Freedgood of JPMorgan Chase Bank, N.A., filed August 15, 2008 [Dkt No. 19332].

[2] The Bank Lender Group includes (i) Anchorage Advisors, LLC; (ii) Avenue Capital Group; (iii) Babson Capital Management LLC; (iv) Bass Companies; (v) Caspian Capital Advisors, LLC; (vi) Catalyst Investment Management Co., LLC; (vii) Cetus Capital, LLC, (viii) DE Shaw Laminar Portfolios, LLC; (ix) Intermarket Corp.; (x) JD Capital Management, LLC; (xi) JP Morgan Chase, N.A. Credit Trading Group; (xii) Loeb Partners Corporation; (xiii) MSD Capital, L.P.; (xiv) Normandy Hill Capital, L.P.; (xv) Ore Hill Partners, LLC; (xvi) P. Schoenfeld Asset Management, LLC; (xvii) Restoration Capital Management, LLC; and (xviii) Royal Bank of Scotland, PLC. The Bank Lender Group, together with all holders of claims under the Credit Agreements, including the previous holders of such claims, are collectively referred to as the "Bank Lenders."

672.001-23583.doc

Equity (together with Grace, the "Plan Proponents"),[3] and in support thereof, respectfully represent as follows:

## Preliminary Statement

1. Similar to Grace's objection to the Bank Lenders' proofs of claim (the "Objection") [Dkt. No. 18922], the requirement that the Bank Lenders file this Preliminary Objection is premature in that as of the date of this objection, Grace has not finalized its disclosure statement and this Court has not approved it. Thus, the Bank Lenders and parties find themselves filing preliminary objections to a *draft* plan described by a *draft* disclosure statement.

## Background

2. On September 19, 2008, the Plan Proponents filed a disclosure statement for the Plan (the "Disclosure Statement") [Dkt. No.19581]. On September 25, 2008, Grace filed a Motion for Entry of an order approving the Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief. [Dkt. No. 19260]. In response to numerous objections, on November 21, 2008 and again on December 19, 2009, the Plan Proponents filed blacklines of an amended Disclosure Statement along with exhibits, including the Plan.

3. As of the date hereof, this Court has not entered an order approving the Disclosure Statement.

---

[3] Grace filed blacklines of the amended Disclosure Statement and exhibits including the amended Plan on November 21, 2008 [Dkt No. 20121], and further amendments on December 19, 2008 [Dkt No. 20304].

2

672.001-23583.doc

## Preliminary Objections

- The Plan fails to satisfy the requirements of section 1129 of the Bankruptcy Code, including section 1129(a)(1), which requires that a plan "comply with applicable provisions of this title."

- The Plan violates section 1124(1) of the Bankruptcy Code by improperly classifying the Bank Lenders, along with all other Class 9 claimants, as "unimpaired." *See* Plan at 45, §3.1.9. The Plan impairs the Bank Lenders' claims because it alters the Bank Lenders' legal, equitable and contractual rights by, among other reasons, failing to pay the Bank Lenders in full, in cash, including with post-petition interest at the contract rate set forth in the Credit Agreements, and failing to assure payment of the Bank Lenders' claims in full on or about the effective date of the Plan.

- The Plan violates the absolute priority rule and the "fair and equitable" requirement of section 1129(b) of the Bankruptcy Code because it provides for Grace's equity interest holders to retain value without first providing payment in full to more senior creditors, including the Bank Lenders.[4] *See* Plan at §§ 3.1.9, 3.1.10, and 3.1.11.

- The Plan violates the best interests of creditors test of section 1129(a)(7), which requires the payment of interest on allowed claims at the legal rate before equity holders retain any interest.

- The Plan is not feasible and thus violates section 1129(a)(11) of the Bankruptcy Code. It fails to satisfy section 1129(a)(11) because it does not provide for the establishment and maintenance of a cash reserve to ensure that Grace will pay all disputed Class 9 claims (including those of the Bank Lenders), in full, including post-petition interest at the contract rate, upon the allowance of such claims. In addition, Grace has failed to establish that it will obtain sufficient financing to effectuate the Plan. As a result, the Plan will violate section 1129(a)(11) if exit financing is unavailable to the Plan Proponents, only available on unreasonable terms, or only available on terms substantially different than those upon which the Plan Proponents premise the Plan.

- The Plan violates section 1129(a)(3) because the Plan Proponents did not propose it in good faith.

---

[4] The Bank Lender Group believes that the voting report that Grace or the Plan Proponents must file will establish that at least one impaired class—Class 9— voted to reject the Plan. As such, the Plan Proponents must satisfy the requirements of section 1129(b) of the Bankruptcy Code.

3

### Reservation of Rights

4.  The Bank Lender Group repeats and expressly reserves its right to object further to confirmation of the Plan on any and all grounds, including those set forth herein. In addition, the Bank Lender Group expressly reserves the right to brief and supplement the foregoing objections and any of the Bank Lenders' additional objections to the Plan (as amended from time to time).

Dated: December 22, 2008
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Richard S. Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Stephen J. Shimshak
Andrew N. Rosenberg
Margaret A. Phillips
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for The Bank Lender Group*

672.001-23583.doc