IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et al.*, | : | Case No. 01-1139 (JKF) |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Hearing date: June 1, 1009 |
| | : | |
| | : | Re: D.I. Nos. 19579 and 20204 |

**PRELIMINARY OBJECTION OF LONGACRE MASTER FUND, LTD. TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS DATED NOVEMBER 10, 2008**

Longacre Master Fund, Ltd. ("Longacre"), by and through its undersigned counsel, sets forth below its list of preliminary objections to the First Amended Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co., *et al.*, The Official Committee Of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, And The Official Committee Of Equity Security Holders Dated As Of November 10, 2008 (the "Amended Plan"), and states as follows:

1. In accordance with the Initial Case Management Order Related to the First Amended Plan of Reorganization dated December 5, 2008 [Docket No. 20204] (the "CMO"), Longacre submits these preliminary objections to confirmation of the Amended Plan, without prejudice to Longacre's rights to supplement, modify, withdraw or add to such objections. The Amended Plan:

   a. Incorrectly designates Class 9 (General Unsecured) claims as Not Impaired, and therefore cannot be confirmed. Class 9 is impaired because each claim within Class 9 is not being paid in full, in cash, including with post-petition interest at the applicable default rate to which each such

#10382972 v1

claim is contractually entitled.

b.   Is not fair and equitable as required by 11 U.S.C. § 1129(b) and violates the absolute priority rule. as a class senior to the classes of equity, Class 9 Claims must be paid in full before equity can receive or retain any property. The Amended Plan violates this requirement and the absolute priority rule because the Plan does not provide for post-petition interest at the applicable default rate to which holders of Class 9 Claims are entitled under the documents governing their claims, which equity holders nonetheless retain substantial value under the Amended Plan on account of their equity interests.

c.   Fails to treat similarly situated creditors equally, with regard to the treatment proposed for holders of Class 9 Claims.

WHEREFORE, Longacre respectfully requests that the Court deny confirmation of the Amended Plan, and grant Longacre such other and further relief as may be just.

Dated: December 22, 2008
Wilmington, DE

PEPPER HAMILTON LLP

/s/ David M. Fournier
David M. Fournier (No. 2812)
James C. Carignan
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE  19801
(302) 777-6500

and

PEPPER HAMILTON LLP
Robert S. Hertzberg, Esq.
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157
(313) 259-7110

*Counsel to Longacre Master Fund, Ltd.*

-2-

#10382972 v1