## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |
| | **Hearing Date: January 14, 2009 at 9:00 a.m.** |
| | **Response Deadline: January 7, 2009** |
| | **Ref. No. 20204** |

### LIBBY CLAIMANTS' MOTION TO COMPEL DEBTORS TO RESPOND TO LIBBY CLAIMANTS' DOCUMENT REQUEST

The claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move to compel the Debtors to respond to the Libby Claimants' First Request for Production of Documents by Debtors in Conjunction with Plan Confirmation.  In support of this Motion, the Libby Claimants state:

During the negotiations of the Case Management Order Related to the First Amended Joint Plan of Reorganization [D.I. 20204] (the "Case Management Order"), the Libby Claimants requested the Debtors and the asbestos personal injury committee produce certain documents in conjunction with the confirmation of the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders, and exhibits thereto, as such plan and exhibits may be amended from time to time (the "Plan").  Specifically, the Libby Claimants requested the

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 19927], as it may be amended and restated from time to time.

production of documents and information previously produced to the Plan Proponents[2] in connection with the estimation proceedings in these cases, including (i) the claim databases that the Debtors maintain for asbestos bodily injury claims that have been historically asserted, and are currently pending, against the Debtors (the Debtors' Case Management System database (the "CMS Database")); (ii) images of the Personal Injury Questionnaires ("PIQ") filed by asbestos personal injury claimants; and (iii) the database from Rust Consulting (the "Rust Consulting Database") which recorded the objective information contained on the PIQ's and the filed asbestos personal injury proof of claims ("POC").

The Plan Proponents, counsel to the Libby Claimants and parties to previous protective orders ("PI Counsel") held several conversations about the initial document request to resolve certain issues with respect to both the scope of the request as well as the nature of certain of the information covered that the Debtors and PI Counsel contend is confidential.  As a result of those conversations, and in the interest of keeping the discovery process moving, the Libby Claimants, the Debtors, and the PI Counsel agreed, subject to the entry of a protective order (the "Protective Order"), that the Debtors would produce only the first item of the Libby Claimants' request (the CMS Database) on an immediate basis.  Because of confidentiality concerns and notice to asbestos personal injury claimants, the parties agreed that a process would be proposed to the Court with respect to the Libby Claimants' request for the Debtors' production of the PIQ's, POC's and the Rust Consulting Database.  The process would assure that the production of the PIQ's, POC's and Rust Consulting Database, pursuant to the terms of the Protective Order, would be deemed appropriate upon notice to counsel for asbestos personal injury claimants.

---

[2] "Plan Proponents" means, collectively, the Debtors, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders.

On December 17, 2008, a telephonic hearing was held before the Court.  At that hearing, the Court entered the Protective Order,[3] pursuant to which the Debtors produced the CMS Database to counsel for the Libby Claimants.  In addition, the Court set December 29th as the deadline for the Libby Claimants to file a motion to compel production of the PIQ's, POC's and Rust Consulting Database, January 7th as the response deadline, and January 14th as the hearing date to consider the matter.

On December 19, 2008, as a procedural step to the agreed upon process, the Libby Claimants served the Libby Claimants' First Request for Production of Documents by Debtors in Conjunction with Plan Confirmation Interrogatories on the Asbestos PI Committee (the "Document Request").  By the Document Request, the Libby Claimants formally sought production of the PIQ's, POC's and the Rust Consulting Database from the Debtors.  A copy of the Document Request is attached hereto as Exhibit A.

On December 26, 2008, the Debtors responded by objecting to the Document Request on confidentiality and relevance grounds.  With respect to confidentiality, the agreed upon process is intended to allow interested parties the opportunity to be heard on the production of the PIQ's, POC's and Rust Consulting Database.[4]

With respect to relevance, given the broad parameters afforded discovery, the information sought in the Document Request has clear and unequivocal relevance to the issues raised by the Plan.  It is axiomatic that pretrial discovery is "accorded a broad and liberal treatment."  Hickman v. Taylor, 328 U.S. 495, 507 (1947); In re Madden, 151 F.3d 125, 128 (3d Cir. 1998).  Thus, "although delineating the boundaries of appropriate discovery can be challenging and difficult, discovery will be permitted 'unless it is clear that the information

---

[3] Protective Order Regarding Confidential Information [D.I. 20286].
[4] Counsel to the Debtors has provided a comprehensive service list of counsel to asbestos personal injury claimants. This Motion is being served on the regular service list and these additional parties.

393.001-23667.doc

sought can have no possible bearing upon the subject matter of the action.'" Marshall v. Electric Hose & Rubber Co., 68 F.R.D. 287, 295 (D. Del. 1975) (citing La Chemise Lacoste v. Alligator Co., 60 F.R.D. 164, 171 (D. Del. 1973)). The Debtors, Asbestos PI Committee, and other plan proponents have suggested that the Libby Claims are the same as the rest of the asbestos personal injury claims asserted or to be asserted against the Debtors. To properly respond to this claim, the Libby Claimants are entitled to understand the full extent of the asbestos personal injury claims against the Debtors. In addition, in the Debtors' response to the Document Request, they acknowledge "they may themselves need to use some of the data from the estimation in the Confirmation proceedings." Courts afford considerable latitude in discovery in order to ensure that the case proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman, 329 U.S. at 501. The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." United States v. Procter & Gamble, 356 U.S. 677, 683 (1958). Accordingly, the Libby Claimants should not be in a position where the Debtors can selectively utilize data without being required to provide the Libby Claimants with equal access.

4

393.001-23667.doc

WHEREFORE, the Libby Claimants respectfully request that this Court (i) enter an order granting this Motion; and (ii) grant such other and further relief as this Court may deem just and proper.

Dated: December 29, 2008
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_(signature)_

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

_Counsel for the Libby Claimants_

393.001-23667.doc