IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br><br>Hearing Date: January 14, 2009 at 9:00 a.m.<br>Response Deadline: January 7, 2009<br><br>Ref. No. 20204 |

## LIBBY CLAIMANTS' MOTION TO COMPEL ASBESTOS PI COMMITTEE TO RESPOND TO LIBBY CLAIMANTS' INTERROGATORIES

In accordance with the procedure set forth in the Case Management Order Related to the First Amended Joint Plan of Reorganization [D.I. 20204], claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move to compel the Official Committee of Asbestos Personal Injury Claimants (the "Asbestos PI Committee") to respond to the Libby Claimants' Second Interrogatories Propounded Upon Asbestos PI Committee (the "Interrogatories"). In support of this Motion, the Libby Claimants state:

### Background

On December 23, 2008, the Libby Claimants served the Interrogatories on the Asbestos PI Committee. By the Interrogatories, the Libby Claimants seek responses to questions concerning the nature of asbestos personal injury claims against the Debtors in relation to the proposed medical criteria set forth in the Trust Distribution Procedures (the "TDP"). The

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 19927], as it may be amended and restated from time to time.

393.001-23666.doc

Interrogatories request that the Asbestos PI Committee respond to the questions based on its knowledge, defining "knowledge" as:

> "Knowledge" refers to the knowledge of the Asbestos PI Committee upon inquiry of all of its professionals and its members (including members' counsel).

A copy of the Interrogatories is attached hereto as Exhibit A.

On December 24, 2008, counsel to the Asbestos PI Committee informed counsel to the Libby Claimants that:

> [The Asbestos PI Committee] will answer the interrogatories based on the knowledge of the committee or its counsel and professionals (to the extent that such answers are not work product or otherwise exempt from discovery), but will not answer the interrogatories based on whatever knowledge each law firm that represents a committee member may possess.

The Libby Claimants are entitled to complete responses to the Interrogatories. The Asbestos PI Committee's unwillingness to fully respond to the Interrogatories cannot be justified. The information sought by the Interrogatories is relevant and necessary to the Chapter 11 plan confirmation proceedings, and an order requiring complete responses by the Asbestos PI Committee is appropriate. Accordingly, the Libby Claimants respectfully request that the Court require the Asbestos PI Committee to timely respond to the Interrogatories, and that such responses be based on its knowledge upon inquiry of all of its professionals and its members, including members' counsel.

### Argument

The requested information is necessary for the Libby Claimants to properly develop their objections to the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee

of Equity Security Holders dated December 19, 2008, and exhibits thereto, as such plan and exhibits may be amended from time to time (the "Plan"). As set forth in greater detail in the Libby Claimants' Preliminary Objections to First Amended Joint Chapter 11 Plan [D.I. 20313] and the Libby Claimants' Objection to Debtors' Disclosure Statement for Joint Plan of Reorganization and Approval Motion [D.I. 19803] (the "Disclosure Statement Objection"), the Plan falls far short of meeting the Third Circuit's requirement for equality of distribution. In re Combustion Engineering, 391 F.3d 190, 239 (3d Cir. 2004), quoting Begier v. IRS, 496 U.S. 53, 58 (1990) ("Equality of distribution among creditors is a central policy of the Bankruptcy Code."). The TDP has been designed to liquidate asbestos personal injury claims other than the claims of Libby Claimants ("Libby Claims") at their value in the tort system. For Libby Claims, however, the TDP will result in liquidation at far less than tort system value.

The pitifully inadequate compensation that the Libby Claimants are slated to receive under the Plan results from discrimination against the Libby Claimants in the medical criteria and other terms of the TDP. The announced goal of the TDP is to pay all claimants "as equivalent a share as possible of the value of their claims based on historical values for substantially similar claims in the tort system."[2] Presumably this goal has been achieved for asbestos personal injury claimants other than the Libby Claimants. For the Libby Claimants, however, the TDP does not even attempt to meet this goal.

Before the Petition Date, Libby Claimants obtained verdicts and settlements from the Debtors ranging from an average of $271,170 for unimpaired victims of nonmalignant pleural

---

[2] TDP § 2.1.

3

393.001-23666.doc

disease to $550,200 for impaired victims of nonmalignant disease.[3] These amounts are higher than for other asbestos personal injury claims, not only because of the greater severity of nonmalignant asbestos disease in Libby but also because the Libby Claimants' disease unquestionably resulted from the Debtors' asbestos.

The Plan purports to pay asbestos personal injury claimants on a *pro rata* basis based on their value in the tort system. Yet as to the Libby Claims, the Plan will pay on the basis of a fraction of tort system value. For example, most Libby Claimants with severe pleural disease—meaning that they are not just impaired (lung function of 80%) but severely impaired (lung function of 65%)—will be paid based on an allowed claim of from $2,500 to $20,000, compared with the established prepetition tort system value of $550,200 for impaired nonmalignant Libby Claims. Other Libby Claims are the subject of similar discrimination, as set forth in detail in the Disclosure Statement Objection (pp. 52-57).

At the heart of the discrimination against the Libby Claimants are the TDP's disease criteria. The disease criteria are not consistent with standard medical practice and are arbitrarily designed to exclude even Libby Claimants who have died or are going to die of nonmalignant asbestos disease. The Interrogatories are designed to gather data concerning whether there are other asbestos personal injury claimants who meet the criteria for Severe Disabling Pleural Disease (Disease Level IV-B) or who would qualify if medically appropriate criteria were used.

Given the broad parameters afforded discovery, the information sought in the Interrogatories has clear and unequivocal relevance to the issues raised by the Plan. It is

---

[3] See page 16 of the Disclosure Statement Objection. The figures for historic verdicts and settlements have been adjusted to bring forward prepetition figures to current value. This is a necessary step to provide an apples-to-apples comparison between the Libby Claimants' verdict/settlement record and the Scheduled Values used in the TDP. The adjustment factor, which was developed by the Asbestos PI Committee's experts, is the same factor the Asbestos PI Committee used to establish the Scheduled Values under the TDP. The Asbestos PI Committee claims that the Scheduled Values reflect Grace's prepetition verdict/settlement history of Asbestos PI Claims converted to current values through use of the adjustment factor.

4

393.001-23666.doc

axiomatic that pretrial discovery is "accorded a broad and liberal treatment." Hickman v. Taylor, 328 U.S. 495, 507 (1947); In re Madden, 151 F.3d 125, 128 (3d Cir. 1998). Thus, "although delineating the boundaries of appropriate discovery can be challenging and difficult, discovery will be permitted 'unless it is clear that the information sought can have no possible bearing upon the subject matter of the action.'" Marshall v. Electric Hose & Rubber Co., 68 F.R.D. 287, 295 (D. Del. 1975) (citing La Chemise Lacoste v. Alligator Co., 60 F.R.D. 164, 171 (D. Del. 1973)). The Debtors, Asbestos PI Committee, and other plan proponents have suggested that the Libby Claims are the same as the rest of the asbestos personal injury claims asserted or to be asserted against the Debtors. To properly respond to this claim, the Libby Claimants are entitled to understand the full extent of the asbestos personal injury claims against the Debtors.

The Asbestos PI Committee is best suited and capable of responding to the Interrogatories. Courts afford considerable latitude in discovery in order to ensure that the case proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman, 329 U.S. at 501. The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." United States v. Procter & Gamble, 356 U.S. 677, 683 (1958). Accordingly, the Libby Claimants should not be in a position where the Asbestos PI Committee can selectively utilize data provided by its members without being required to provide the Libby Claimants comprehensive access to medical data concerning the asbestos personal injury claimants.

393.001-23666.doc

WHEREFORE, the Libby Claimants respectfully request that this Court (i) enter an order granting this Motion; and (ii) grant such other and further relief as this Court may deem just and proper.

Dated: December 29, 2008
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Kerri Mumford

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for the Libby Claimants*