# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF)<br>Jointly Administered |
| Debtors. | |

## LIBBY CLAIMANTS' SECOND INTERROGATORIES
## PROPOUNDED UPON ASBESTOS PI COMMITTEE

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 33, made applicable hereto by Federal Rule of Bankruptcy Procedure 9014, the Libby Claimants hereby request that the Asbestos PI Committee serve upon Daniel C. Cohn at the offices of Cohn Whitesell & Goldberg LLP, 101 Arch Street, Boston, Massachusetts 02110, within 30 days of service hereof, in writing and under oath, a response to the following interrogatories.

## DEFINITIONS

A.  The "Libby Claimants" shall mean the claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants").[1]

B.  "Resolved claims" means asbestos personal injury claims against the Debtors that were liquidated, either by verdict or by settlement, before April 2, 2001.

C.  "Pending litigation claims" means asbestos personal injury claims against the Debtors for which suit was filed against the Debtors prior to April 2, 2001.

D.  "Other claims" means all asbestos personal injury claims against the Debtors that are not resolved claims or pending litigation claims.

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 19927], as it may be amended and restated from time to time.

393.001-23622.doc

E.  "Claims" means resolved claims, pending litigation claims and other claims. "Claimants" means holders of claims, except that in the case of a claim that has been transferred (including by operation of law), the claimant shall mean the person in whose favor the claim first arose.

F.  "Knowledge" refers to the knowledge of the Asbestos PI Committee upon inquiry of all of its professionals and its members (including members' counsel).

G.  To "identify," in the case of any claim or claimant, means to list the name of the claimant, the last four digits of his or her social security number, the lawyer (if any) representing him or her in relation to such claim. In the case of a request to identify claims based on specified medical criteria, (a) in the case of a resolved claim, the answer should be based on the claimant's medical condition as of the trial or settlement of the claim (or, if earlier, the claimant's death) and (b) in the case of pending litigation claims and other claims, the answer should be based on the claimant's current medical condition (or, if the claimant has died, the time of death). When asked to identify any claim or claimant, please provide nine lists:

(1)  resolved claims;

(2)  pending litigation claims;

(3)  other claims;

(4)  resolved claims as to which the claimant is deceased;

(5)  pending litigation claims as to which the claimant is deceased;

(6)  other claims as to which the claimant is deceased;

(7)  resolved claims as to which the claimant is deceased, with asbestos related disease as a significant contributing factor in the death per the death certificate;

393.001-23622.doc

(8) pending litigation claims as to which the claimant is deceased, with asbestos related disease as a significant contributing factor in the death per the death certificate; and

(9) other claims as to which the claimant is deceased, with asbestos related disease as a significant contributing factor in the death per the death certificate.

All terms not otherwise defined herein shall have the same meaning as in the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated December 19, 2008, and exhibits thereto, as such plan and exhibits may be amended from time to time. Without limiting the duty to supplement the responses to these interrogatories imposed by the applicable rules, such duty shall apply to any response that becomes incorrect by reason of an amendment to such plan or any exhibit thereto.

## INTERROGATORIES

1. How many claims do you have knowledge of?

2. Please identify all computerized databases or other compilations of data concerning claims, of which you have knowledge.

3. Please identify all claims, of which you have knowledge, that qualify as claims for "severe disabling pleural disease" (level 4B) under the TDP.

4. a. Please identify all claimants, of whom you have knowledge, diagnosed with unilateral or bilateral asbestos-related disease (ARD) per the American Thoracic Society (2004) Official Statement criteria, who have diffuse pleural thickening (DPT) identified on a chest x-ray or CT report. For avoidance of doubt, otherwise stated, the definition of DPT for purposes of this interrogatory does not include any requirement of "at least extent '2'" and "at least width 'a'" per the TDP.

393.001-23622.doc

    b.    Please identify all claimants with DPT identified in your response to Interrogatory 4a above who also, to your knowledge, had an ILO score of 1/0 or less.

5.    Regarding the requirement that a claimant have "blunting of the costophrenic angle" in order to qualify as a claim for "severe disabling pleural disease" (level 4B) under the TDP:

    a.    Does a claimant need to have bilateral blunting to qualify, or will unilateral blunting suffice?

    b.    For claimants with DPT as identified in your response to Interrogatory 4a above, please identify those who, to your knowledge, meet the blunting requirement (as clarified by your response to Interrogatory 5a).

    c.    For claimants with DPT and an ILO score of 1/0 or less as identified in your response to Interrogatory 4b above, please identify those who, to your knowledge, meet the blunting requirement (as clarified by your response to Interrogatory 5a).

    d.    Please identify any computerized databases or other compilations of data concerning claimants' medical criteria specified in Interrogatory 5b and 5c above (excluding raw data in the form of chest x-ray reports)?

6.    Regarding the requirement that a claimant have "bilateral non-malignant asbestos-related disease" in order to qualify as a claim for "severe disabling pleural disease (level 4B) under the TDP:

    a.    For claimants with DPT as identified in your response to Interrogatory 4a above, please identify those who, to your knowledge, have unilateral non-malignant ARD.

    b.    For claimants with DPT and an ILO score of 1/0 or less as identified in your response to Interrogatory 4b above, please identify those who, to your knowledge, have unilateral non-malignant ARD.

393.001-23622.doc

  c.  Please identify any computerized databases or other compilations of data concerning claimants' medical criteria specified in Interrogatory 6a and 6b above (excluding raw data in the form of chest x-ray reports).

7. Regarding the requirement that a claimant have "at least width 'a'" for DPT -- as defined by ILO (2000), p.7, as "a minimum width of 3mm" -- in order to qualify as a claim for "severe disabling pleural disease" (level 4B) under the TDP:

  a.  Does a claimant need to have bilateral "widths 'a'" in order to qualify, or will unilateral "width 'a'" suffice?

  b.  For claimants with DPT as identified in your response to Interrogatory 4a above, please identify those who, to your knowledge, meet the "width 'a'" requirement (as clarified by your response to Interrogatory 7a).

  c.  For claimants with DPT and an ILO score of 1/0 or less as identified in your response to Interrogatory 4b above, please identify those who, to your knowledge, meet the "width 'a'" requirement (as clarified by your response to Interrogatory 7a).

  d.  Please identify any computerized databases or other compilations of data concerning claimants' medical criteria specified in Interrogatory 7b and 7c above (excluding raw data in the form of chest x-ray reports).

8. Regarding the requirement that a claimant have "at least extent '2'" for DPT -- as defined by ILO (2000), p.7, as "total length exceeding 1/4 and up to 1/2 of the projection of the lateral chest wall" – in order to qualify as a claim for "severe disabling pleural disease" (level 4B) under the TDP:

  a.  Does a claimant need to have bilateral "extent '2'" in order to qualify, or will unilateral "extent '2'" suffice?

5

 b. For claimants with DPT as identified in your response to Interrogatory 4a above, please identify those who, to your knowledge, meet the "extent '2'" requirement (as clarified by your response to Interrogatory 8a)?

 c. For claimants with DPT and an ILO score of 1/0 or above as identified in your response to Interrogatory 4b above, please identify those who, to your knowledge, meet the "extent '2'" requirement (as clarified by your response to Interrogatory 8a)?

 d. Please identify any computerized databases or other compilations of data concerning claimants' medical criteria specified in Interrogatory 8b and 8c above (excluding raw data in the form of chest x-ray reports).

9. Regarding the requirement that a claimant have FVC or TLC under 65% in order to qualify as a claim for "severe disabling pleural disease" (level 4B) under the TDP:

 a. For claimants with DPT as identified in your response to Interrogatory 4a above, please identify those who, to your knowledge, have FVC or TLC less than 65%.

 b. For claimants with DPT and an ILO score of 1/0 or less as identified in your response to Interrogatory 4b above, please identify those who, to your knowledge, have FVC or TLC less than 65%.

 c. Please identify any computerized databases or other compilations of data concerning claimants' medical criteria specified in Interrogatory 9a and 9b above (excluding raw data in the form of chest x-ray reports).

10. Regarding the omission of diffusing capacity (DLCO) as an alternative lung function requirement to FVC and TLC in the medical criteria for "severe disabling pleural disease" (level 4B) under the TDP:

   a. For claimants with DPT as identified in your response to Interrogatory 4a above, please identify those who, to your knowledge, have DLCO less than 65%.

   b. For claimants with DPT and an ILO score of 1/0 or less as identified in your response to Interrogatory 4b above, please identify those who, to your knowledge, have DLCO less than 65%.

   c. For claimants with DLCO of less than 65% as identified in your response to Interrogatory 10a above, please identify those who, to your knowledge, do not have either FVC or TLC less than 65%.

   d. For claimants with DLCO of less than 65% as identified in your response to Interrogatory 10b above, please identify those who, to your knowledge, do not have either FVC or TLC less than 65%.

   e. Please identify any computerized databases or other compilations of data concerning claimants' medical criteria specified in Interrogatory 10a, 10b, 10c and 10d above (excluding raw data in the form of chest x-ray reports).

11. Regarding the requirement that a claimant have an "FEV1/FVC ratio greater than 65%" in order to qualify as a claim for "severe disabling pleural disease" (level 4B) under the TDP:

   a. For claimants with DPT as identified in your response to Interrogatory 4a above, please identify those who, to your knowledge, have an FEV1/FVC ratio greater than 65%.

    b.    For claimants with DPT and an ILO score of 1/0 or less as identified in your response to Interrogatory 4b above, please identify those who, to your knowledge, have an FEV1/FVC ratio greater than 65%.

    c.    Please identify any computerized databases or other compilations of data concerning claimants' medical criteria specified in Interrogatory 11a and 11b above (excluding raw data in the form of chest x-ray reports).

12.    Regarding DLCO and obstructive defect:

    a.    For claimants with DPT as identified in your response to Interrogatory 4a above, please identify those who, to your knowledge, have a DLCO under 65, an FEV1/FVC ratio over 65, and an RV over 120.

    b.    For claimants with DPT and an ILO score of 1/0 or less as identified in your response to Interrogatory 4b above, please identify those who, to your knowledge, have a DLCO under 65, an FEV1/FVC ratio over 65, and an RV over 120.

13.    Identify all lay (non expert) witnesses for the confirmation hearing, and provide a statement of facts to which the witness may testify.

14.    Identify all expert witnesses for the confirmation hearing, and provide a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or their information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years; the compensation to be paid for the study and testimony; any listing of any other cases in which the witness has

testified as an expert at trial or by deposition within the preceding four years.

Dated: December 23, 2008
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_/s/ Kerri Mumford_
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for the Libby Claimants*