## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
                                        :
In re:                                  :
                                        :  Chapter 11
                                        :
W.R. GRACE & CO., et al.,               :  Case No. 01-01139 (JKF)
                                        :  Jointly Administered
                                        :
                         Debtors.       :
-------------------------------------------------------------x
```

### TRAVELERS CASUALTY AND SURETY COMPANY'S PRELIMINARY
### BULLET POINT OBJECTIONS TO CONFIRMATION
### OF FIRST AMENDED JOINT PLAN OF REORGANIZATION

In accordance with Paragraph 3 of the Case Management Order Related to the First

Amended Joint Plan of Reorganization entered by this Court on December 5, 2008 (the "CMO"),

Travelers Casualty and Surety Company, formerly known as The Aetna Casualty and Surety

Company, ("Travelers") hereby sets forth in summary, bullet point form the principal objections

that they may assert in opposition to confirmation of the First Amended Joint Plan of

Reorganization Under Chapter 11 of the Bankruptcy Code (the "Joint Plan") of W.R. Grace &

Co. et al. (the "Debtors"), the Official Committee of Asbestos Personal Injury Claimants, the

Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security

Holders Dated December 19, 2009 (collectively, the "Plan Proponents") (dkt. no. 19579).[1]

### FACTUAL BACKGROUND

1.      On February 20, 1992 and May 22, 1996, Travelers and the Debtors entered into

settlement agreements (respectively, the "1992 Agreement" and the "1996 Agreement" and

together, the "Prepetition Agreements") pursuant to which Travelers has made and/or has agreed

---

[1]     All capitalized terms not otherwise defined herein shall have the respective meanings set
forth in the Joint Plan.

to make payments in accordance with the terms and conditions of the Prepetition Agreements for, *inter alia*: (a) the expense associated with the legal defense of claims filed against the Debtors by asbestos personal injury claimants; and (b) indemnity related to such claims. Travelers has at all times fully complied with all terms and conditions of the Prepetition Agreements, including, without limitation, by meeting its payment obligations as set forth therein.[2]

2.      Pursuant to the Prepetition Agreements, the Debtors agreed to indemnify Travelers against claims by third parties arising under the insurance policies issued by Travelers. Thus, the Debtors owe certain indemnification obligations to Travelers.

3.      In March 2003, Travelers filed a proof of claim in this case, which asserts in relevant part that:

> Travelers holds claims, which are presently unliquidated and contingent as of this date, for any and all rights to payment, rights to receive performance, actions, defenses, setoff and/or recoupments arising from, related to, or in connection with any and all of the Debtors' duties and obligations under the terms of the [Prepetition] Agreements, *including without limitation the right to be indemnified by the Debtors as set forth in the [Prepetition] Agreements*.

*See* March 28, 2003 Proof of Claim Addendum at ¶ 4 (attached hereto as Ex. A) (emphasis added).[3]

---

[2]      The Prepetition Agreements contain confidentiality provisions.  Respectfully, Travelers shall make the Prepetition Agreements available for the Court's review if so requested.

[3]      Travelers filed two proofs of claim in this case – one against W.R. Grace & Co. and another against W.R. Grace & Co.– Conn. – which were duplicative in all respects except the name of the Debtor.  By stipulation, Travelers and Grace agreed to expunge the proof of claim against W.R. Grace & Co. as duplicative, while retaining the claim against W.R. Grace & Co.– Conn.  *See* Order Disallowing and Expunging Certain Claim of Travelers Casualty and Surety Company (Apr. 2, 2007) (dkt. no. 15076).

4.    To date, no claim has been asserted that would cause Travelers to seek indemnification from the Debtors under the Prepetition Agreements.  One or more claims may be made against Travelers in the future that will trigger the Debtors' indemnification obligations.

## PRELIMINARY BULLET POINT OBJECTIONS

5.    The Amended Joint Plan fails to satisfy the requirements for confirmation set forth in Section 1129(a) of the United States Bankruptcy Code, in the following respects:

- The Joint Plan defines any indemnification claim by Travelers under the Prepetition Agreements as an "Indirect PI Trust Claim," which will be paid initially at 25% to 35% of its value.  *See* Trust Distribution Procedures ("TDPs") at § 4.2 (setting Initial Payment Percentage as "between 25% and 35%").

- Pursuant to the Joint Plan, if Travelers is sued post-confirmation by a third-party, the Joint Plan provides for Travelers to recover, if at all, only a portion of any defense and indemnity costs incurred by Travelers.  This violates the Prepetition Agreements, which grant Travelers the right to recover such costs in full.

- The TDPs contain no provisions specifically addressing how the Asbestos PI Trust will resolve indemnification claims under prepetition settlement agreements with the Debtors' insurers, including the Prepetition Agreements, and therefore contain no provisions confirming that the Asbestos PI Trust will abide by the Prepetition Agreements in resolving any indemnification claims by Travelers.

- By failing to provide for the payment of Travelers indemnification claims in full pursuant to the terms of the Prepetition Agreements, the Joint Plan has the effect of altering the terms of the Prepetition Agreements in violation of Section 1129(a).

- The Joint Plan cannot be confirmed because it fails to satisfy Section 1129(a)(1) of the Bankruptcy Code, which requires that a plan "compl[y] with the applicable provisions of this title."  *See* 11 U.S.C. § 1129(a)(1).  Specifically, the Joint Plan fails to comply with Sections 365(a) and (f) (setting forth requirements regarding the treatment of executory contracts) and/or Section 541 (addressing property of the estate).  *See* 11 U.S.C. §§ 365, 541.  The Debtors' unilateral alteration of the indemnification provisions in the Prepetition Agreements violates the terms of and/or principles underlying Sections 365(a), 365(f) and 541 of the Bankruptcy Code.  *Id.*

- If the Prepetition Agreements are treated as executory contracts, they must be assumed and assigned in accordance with their respective terms.  *Cinicola v. Scharffenberger*, 248 F.3d 110, 119 (3d Cir. 2001) ("If the trustee meets the assumption requirements under § 365, it must assume the executory contract

entirely."); *L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000) ("Once the trustee satisfies these requirements it may assume the contract or lease, but it must do so in its entirety."). If the Prepetition Agreements are transferred and assigned to the Asbestos PI Trust as non-executory contracts, the Debtors and Asbestos PI Trust are precluded from unilaterally modifying them. *See e.g., Medtronic AVE Inc. v. Advanced Cardiovascular Sys.*, 247 F.3d 44, 60 (3d Cir. 2001) ("An assignment does not modify the terms of the underlying contract.").

- The Joint Plan also cannot be confirmed because it fails to satisfy Section 1129(a)(3) of the Bankruptcy Code, which requires that the "plan has been proposed in good faith and not by any means forbidden by law." *See* 11 U.S.C. § 1129(a)(3). Specifically, the Joint Plan provides for the transfer of the Prepetition Agreements to the Asbestos PI Trust but classifies Travelers' indemnification claims under the Prepetition Agreements as Indirect PI Trust Claims, which the Asbestos PI Trust will pay, if at all, at cents on the dollar. This effective assignment of the Prepetition Agreements to the Asbestos PI Trust without the assumption by the Asbestos PI Trust of all of the Debtors' obligations under the Prepetition Agreements has the effect of stripping Travelers of its contractual rights under the Prepetition Agreements – a result that is forbidden by law. *See, e.g., Integrated Solutions, Inc. v. Service Support Specialties, Inc.*, 124 F.3d 487, 495 (3d Cir. 1997) ("the estate succeeds only to the nature and the rights of the property interest that the debtor possessed pre-petition").

- The Joint Plan also cannot be confirmed because it fails to satisfy Section 1129(a)(7) of the Bankruptcy Code, requiring that each holder of a claim in an impaired class must receive "property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date." *See* 11 U.S.C. § 1129(a)(7)(A)(ii).

- The Debtors should be required to honor the indemnity obligations set forth in the Prepetition Agreements in full by making it clear that the Asbestos PI Trust will perform and pay such obligations in full.

- The Joint Plan is otherwise illegal and fundamentally unfair.

- Travelers reserves its right to supplement these Preliminary Objections as contemplated by the CMO.

Dated: December 31, 2008
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Robert J. Dehney (Bar No. 3578)
Ann C. Cordo (Bar No. 4817)
1201 N. Market Street
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Email:  rdehney@mnat.com; acordo@mnat.com

- and -

SIMPSON THACHER & BARTLETT LLP
Mary Beth Forshaw
Elisa Alcabes
425 Lexington Avenue
New York, New York  10017-3954
Telephone: (212) 455-2000
Email:  mforshaw@stblaw.com

*Attorneys for Travelers Casualty and Surety Company*