**Exhibit A**



Michael J. Eisele
Associate General Counsel
Travelers Property Casualty Corp.
Environmental Litigation Group
One Tower Square
Hartford, Connecticut 06183
(860) 954-8908
(860) 954-0359  [fax]
meisele@travelers.com

<u>By Overnight Delivery</u>

March 28, 2003

Rust Consulting, Inc.
Claims Processing Agent
201 S. Lyndale Avenue
Faribault, Minnesota 55021

     Re:   W.R. Grace & Co. – Conn.  Bankruptcy

Dear Sir/Madam:

    I enclose a Proof-of-Claim form for filing in the W.R. Grace & Co. bankruptcy proceedings.  Kindly acknowledge receipt of this form by date-stamping the enclosed copy and returning it to us in the enclosed envelope.

Very Truly Yours,

Michael J. Eisele

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF Delaware | | **GRACE NON-ASBESTOS PROOF OF CLAIM FORM** |
|---|---|---|

Name of Debtor:[1] W.R. GRACE & CO. - CONN.    Case Number 01 - 1179

NOTE: Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. Those claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

Name of Creditor (The person or other entity to whom the Debtor owes money or property):

TRAVELERS CASUALTY AND SURETY COMPANY

Name and address where notices should be sent:

SEE ADDENDUM

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies Debtor:    N/A

Check here ☐ replaces
if this claim ☐ amends a previously filed claim, dated: _____

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:
W.R. GRACE & CO. - CONN.

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Environmental liability
☐ Money loaned
☐ Non-asbestos personal injury/wrongful death
☐ Taxes
☒ Other CONTRACTS (SEE ADDENDUM)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)

Your SS #: _____ _____ _____
Unpaid compensation for services performed
from _____ to _____     (date)

**2. Date debt was incurred:** PRIOR TO BANKRUPTCY (SEE ADDENDUM)

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**     $ UNLIQUIDATED (SEE ADDENDUM)

If all or part of your claim is secured or entitled to priority, also complete Item 5 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Classification of Claim.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)

Brief Description of Collateral:

☐ Real Estate     ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any: $_____

Attach evidence of perfection of security interest

☒ UNSECURED NONPRIORITY CLAIM

A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.

☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a(_____).

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

This Space is for Court Use Only

**7. Supporting Documents:** _Attach copies of supporting documents_, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Acknowledgement:** Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self-addressed envelope and copy of this proof of claim form.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 3/28/03 | _(signature)_ W. Hud    3/28/03 |
| | William A Gresham    2nd V.P. |

[1] See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and "other names" used by the Debtors.

## ADDENDUM TO PROOF OF CLAIM OF
## TRAVELERS CASUALTY AND SURETY COMPANY

### (DEBTORS – W.R. GRACE & CO. – CONN. and W.R. GRACE & CO.)

1.      All notices and other pleadings relating to this Proof of Claim should be

addressed as follows:

> Michael J. Eisele, Esq.
> Travelers Property Casualty Corp.
> Environmental Litigation Group
> One Tower Square
> Hartford, CT 06183

> and

> Mary Beth Forshaw, Esq.
> Simpson Thacher & Bartlett
> 425 Lexington Avenue
> New York, NY 10017

2.      Travelers Casualty and Surety Company and/or its affiliates ("Travelers")

are alleged to have issued certain liability insurance policies listed on the attached Schedule A, as

well as other policies, that may apply to certain Debtors ("Alleged Policies"). The Alleged

Policies themselves are voluminous and, therefore, are not attached. Copies of policy-related

documentation in Travelers' possession may be made available upon request.

### Debtors' Indemnity Obligations

3.      Travelers has entered into certain settlement agreements with the Debtors,

including without limitation an agreement dated February 20, 1992 and an agreement dated May

22, 1996 (collectively, "Agreements"), pursuant to which Travelers has made payments in

connection with claims against the Debtors for asbestos-related bodily injury and property

damage. Copies of these Agreements are not attached because they are subject to confidentiality provisions. The Agreements are available upon request by the Debtors.

4. Travelers holds claims, which are presently unliquidated and contingent as of this date, for any and all rights to payment, rights to receive performance, actions, defenses, setoff and/or recoupments arising from, related to, or in connection with any and all of the Debtors' duties and obligations under the terms of the Agreements, including without limitation the right to be indemnified by the Debtors as set forth in the Agreements.

5. In addition, to the extent other settlement agreements have been executed between Travelers and the Debtors, Travelers may hold claims, which are presently unliquidated and contingent as of this date, for any and all rights to payment, rights to receive performance, actions, defenses, setoff and/or recoupments arising from, related to, or in connection with any and all of the Debtors' duties and obligations under the terms of such settlement agreements, including without limitation the right to be indemnified by the Debtors as may be set forth in such agreements. Travelers reserves its right to amend this Proof of Claim to the extent such claims are determined to exist.

**Debtors' Retrospective Premium Obligations**

6. Some of the Alleged Policies may be loss sensitive, meaning that premium payments may reflect the actual experience of the insured. If so, the insured makes an initial payment at the commencement of the policy period. Actual premiums due are then determined by actual losses and expenses and reimbursement of deductible amounts, subject to (i) maximum and minimum limits and (ii) loss limitations or deductible amounts which set a ceiling for the amount of each loss arising out of a single occurrence that may be incorporated into the premium calculation.

7.     The Debtors' obligations under the Alleged Policies may be subject to adjustment because, among other things, certain obligations may be affected by the Debtor's claims and loss experience. It is premature to calculate the total amount of Travelers' claim, if any, under the Alleged Policies. Travelers reserves its right to amend this Proof of Claim to the extent such claims are determined to exist.

## Debtors' Contribution Obligations

8.     Travelers may have claims for contribution, including without limitation equitable claims, which are presently unliquidated and contingent as of this date, arising in connection with any payments that may be made on account of claims asserted against the Debtors.

## Subrogation Claims

9.     Travelers may have subrogation claims against the Debtors based upon payments that Travelers makes to or on behalf of other policyholders pursuant to general liability policies issued to those policyholders under which the policyholders have been provided coverage for claims. The claims asserted against the Debtors may involve claims and liabilities for which other policyholders have been or ultimately may be held to be responsible. To the extent that Travelers makes a payment for claims for which the other policyholders are liable, Travelers would have a subrogation claim against the Debtor in that amount.

10.     The relevant documents supporting Travelers contingent subrogation claims include all insurance policies issued to those policyholders for which Travelers makes defense and/or indemnity payments for claims and all insurance policies covering those policyholders for which it claims coverage for its liabilities. Travelers reserves its right to amend this Proof of Claim to the extent such claims are determined to exist.

3

**Debtors' Deductible Obligations**

11.    Travelers may hold claims against the Debtors based on the Debtors' non-payment of deductible obligations owed to Travelers under the Alleged Policies. Travelers reserves its right to amend this Proof of Claim to the extent such claims are determined to exist. Travelers further reserves its right to seek an adjustment in the amount of this claim, its right to seek an appropriate setoff and/or recoupment, and all other rights to which it may be entitled.

**Reservation Of Rights**

12.    Travelers reserves its right to amend, update or modify this Proof of Claim as it becomes known, fixed and liquidated, and/or for other lawful purposes. Travelers claims and asserts any rights of setoff and/or recoupment to which it may be entitled, including without limitation rights to setoff and/or recoupment based on the Debtors' indemnity obligations, retrospective premium obligations, contribution obligations, subrogation obligations, deductible obligations, and any additional obligations owed to Travelers under any of the Alleged Policies. To the extent that Travelers may have rights against other related Debtors of which it is not presently aware, or such other related Debtors claim rights to, or an interest in, the Alleged Policies, this Proof of Claim should be deemed filed in each such separate case.

13.    Travelers reserves the right to assert separate requests for payment of administrative expense priority claims under 11 U.S.C. § 503(a) against the Debtor if such claims arise in any coverage or other litigation or if such claims are otherwise warranted.

14.    The filing of this Proof of Claim shall not constitute or be construed as an admission by Travelers of any liability or an election by Travelers of any remedy. This Proof of Claim is filed without prejudice to the filing by Travelers of additional proofs of claim with respect to any other liability or indebtedness of the Debtors. The filing of this Proof of Claim is

not: (i) a waiver or release of Travelers' rights against any person, entity or property, including without limitation its rights under guaranties; (ii) a consent by Travelers to the jurisdiction of this Court with respect to the subject-matter of this claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving Travelers; (iii) a waiver of the right to trial by jury, to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court with respect to the subject-matter of this claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving Travelers; (iv) a consent to a jury trial being conducted by the Bankruptcy Judge; (v) an election of remedies, including without limitation a waiver of its rights to seek substantive consolidation with one or more entities; or (vi) a waiver of any past, present or future defaults or events of defaults. Travelers specifically reserves all of its procedural and substantive rights and defenses.

## SCHEDULE A

### POLICY NUMBER

1.   01 XN 150 WCA
2.   01 XN 607 WCA
3.   01 XN 608 WCA
4.   01 XN 1400 WCA
5.   01 XN 1422 WCA
6.   01 XN 1846 WCA
7.   01 XN 1847 WCA
8.   01 XN 2306 WCA
9.   01 XN 2669 WCA
10.  01 XN 4270 WCA
11.  01 XN 5233 WCA
12.  01 XN 5234 WCA
13.  01 XN 5235 WCA