IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | )    **Chapter 11** |
| | ) |
| **W. R. GRACE & CO., et al.,** | )    **Case No. 01-01139 (JKF)** |
| | )    **(Jointly Administered)** |
| | ) |
| **Debtors.** | )    **Hearing Dates: TBD** |
| |       **Re: Docket Nos. 20204 and 20379** |

## RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE PLAN PROPONENTS' DESIGNATION OF CONFIRMATION ISSUES

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of W.R.

Grace & Co., et al. (the "Debtors") by and through its undersigned counsel, sets forth its

response to the Plan Proponents' Designation of Confirmation Issues dated December 29, 2008

(the "Designation") [Docket No. 20379], pursuant to paragraphs 1 and 3 of the Initial Case

Management Order Related To The First Amended Plan Of Reorganization dated December 5,

2008 [Docket No. 20204] (the "CMO").

### Background

Paragraphs 3 and 4 of the CMO required Plan Objectors[1] to file their preliminary

objections to confirmation of the Plan Proponents' First Amended Plan of Reorganization,

whether they are confirmation issues to be addressed in Phase I or in Phase II of the

Confirmation Hearing, no later than December 22, 2008.  Pursuant to paragraphs 3 and 4 of the

CMO, the Creditors' Committee filed its Preliminary Objection.[2]

---

[1]    A term used but not defined in the CMO.

[2]    Preliminary Objection of the Official Committee of Unsecured Creditors To The First Amended Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co., Et Al., The Official

The Designation identifies "[i]mpairment of Class 9 creditors" as an issue proposed to be addressed in Phase I of the Confirmation Hearing. No other issues identified in the Designation relate to Class 9 or the claims in that class. The creditors in Class 9, however, include holders of bank debt claims under the Pre-Petition Credit Facilities, as well as the holders of non-bank debt claims (the "Other Unsecured Creditors"). The purpose of the Designation as it related to Class 9 was to have the Plan Proponents specifically articulate what confirmation issue or issues *"raised by and specific to the Debtors' lenders under the Pre-Petition Credit Facilities"*[3] the Plan Proponents wanted to have addressed in Phase I. This information is necessary so that the Creditors' Committee, creditors holding claims in Class 9, as well as the Court, will know for certain what is to be addressed in each of the Confirmation Hearing phases and which of the various deadlines in the CMO are applicable to each confirmation issue.

## Argument - The Designation Is Somewhat Ambiguous

It appears from the Designation that the Plan Proponents are proposing the issue of impairment be addressed in Phase I and that other issues relating to Class 9 and the claims therein be addressed in Phase II, including the application of the fair and equitable standard and the absolute priority rule under section 1129(b) of the Bankruptcy Code.

What is not clear from the Designation, however, is whether the Plan Proponents' identification of "impairment of Class 9 creditors" is the issue of impairment solely with respect to the claims of the Debtors' bank debt holders (which would be consistent with the CMO), or

---

Committee Of Asbestos Personal Injury Claimants, The Asbestos PI Futures Claimants' Representatives, And The Official Committee of Equity Holders, Dated November 10, 2008 [Docket No. 20308].

[3]  Paragraph 1 of the CMO states in relevant part that "The first phase [with respect to confirmation of the Plan] shall address confirmation issues raised by and specific to, ... the Debtors' lenders under the Pre-Petition Credit Facilities .... "

whether the Plan Proponents seek to expand Phase I issues to include impairment of Class 9 in addition to those pertaining to the claims of the bank lenders. If the latter, the Creditors' Committee objects to the Designation because the Plan Proponents would now be seeking to address confirmation issues in Phase I beyond those expressly provided for by the CMO.

Although the Creditors' Committee's advisors are evaluating whether the revised treatment accorded in the First Amended Plan to the claims held by Other Unsecured Creditors in Class 9 leaves such claims unimpaired, the Creditors' Committee, relying upon the CMO, fully expected all impairment issues other than those specific to the bank debt holder claims to be addressed in Phase II. Accordingly, because additional discovery is not necessary with respect to the bank debt claims, the Creditors' Committee allowed the Phase I written discovery deadline to pass without serving any demands upon the Debtors. However, the Creditors' Committee is contemplating whether discovery is necessary with respect to the possible impairment of Other Unsecured Creditors, the deadline for which is January 23, 2009. As a result, the Creditors' Committee will be prejudiced if the Plan Propenents are now permitted to expand the scope of the Phase I confirmation issues *after* the deadline expired for serving discovery relating to Phase I issues.

3

## Conclusion

The Creditors' Committee respectfully requests that the Court limit Class 9 related Phase

I issues to the issue of impairment as *raised by and specific to* the bank debt holders and grant

such other and further relief as is just and proper.

Dated:  January 5, 2009
       Wilmington, Delaware

 

Respectfully submitted:

**STROOCK & STROOCK & LAVAN LLP**

Lewis Kruger
Kenneth Pasquale
(Members of the Firm)
180 Maiden Lane
New York, New York  10038-4982
Tel: (212) 806-5400
Fax: (212) 806-6006

and

**DUANE MORRIS LLP**

*Michael R. Lastowski*
Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
William S. Katchen
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801-1246
Tel: (302) 657-4942
Fax: (302) 657-4901

Counsel for the Official Committee
of Unsecured Creditors

4