## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**PRELIMINARY OBJECTIONS OF ALLSTATE INSURANCE COMPANY TO THE FIRST AMENDED PLAN OF REORGANIZATION**

Allstate Insurance Company, solely as successor in interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company ("Insurer"), by and through its undersigned counsel, hereby submits its Preliminary Objections to the First Amended Joint Plan of Reorganization (the "First Amended Plan"), and states as follows:

### Background

1. Insurer issued a number of excess liability insurance policies to W.R. Grace and Co. ("Grace") covering policy years ranging from the mid-1970's through the early 1980's.

2. Eight Insurer policies are subject to releases of coverage in consideration for payments that were made by Insurer in accordance with the terms of a Settlement Agreement that became effective on June 7, 1994.[1]  All of those policies are included by the Plan Proponents as "Asbestos Insurance Policies" identified as the subject of an "Asbestos Insurance Settlement Agreement" in Exhibit 5 of the Exhibit Book to the First Amended Plan.

---

[1] The Settlement Agreement is subject to the terms of a confidentiality provision and accordingly is not being included as an exhibit hereto.

PHLDMS1 4956184v.1

3. Pursuant to the terms of the 1994 Settlement Agreement, Grace is obligated to indemnify Insurer against any liability, loss, cost or expense (with certain specified exceptions) arising from claims by any third party that are based upon the aforesaid policies and that arise out of Products/Completed Operations Hazard Claims. Such third party claims are defined in the First Amended Plan as "Indirect PI Trust Claims" and are channeled to the Asbestos PI Trust to the extent Insurer is an "Asbestos Protected Party". In addition, any indemnification claim by Insurer against Grace pursuant to the settlement agreement is considered an Indirect PI Trust Claim and is likewise channeled to the Asbestos PI Trust. All Indirect PI Trust Claims are to be resolved in accordance with the Trust Distribution Procedures. Grace is to receive a discharge from those claims.

4. Seven additional policies issued by Insurer to Grace are the subject of a Settlement Agreement that became effective on February 9, 1996.[2] ("1996 Settlement Agreement") (collectively the "Settlement Agreements"). They are not subject to the release described above. The payments from those policies that may arise from the 1996 Settlement Agreement are also assigned to the Asbestos PI Trust. As to these policies, Insurer is not considered a "Settled Asbestos Insurance Company" and receives no protection from the proposed Asbestos PI Channeling Injunction despite the fact that the policies meet the standards for 524(g) protection. Any potential recourse Insurer might have against Grace in the event third-party claims are asserted against Insurer directly would, however, constitute an Indirect PI Trust Claim and be channeled to the Asbestos

---

[2] The Settlement Agreement is subject to the terms of a confidentiality provision and accordingly is not being included as an exhibit hereto.

PI Trust. The specific remedy Insurer would have against the Asbestos PI Trust is unclear, however.

**Preliminary Objections to the First Amended Plan**

A.      The First Amended Plan fails to comply with the applicable provisions of the bankruptcy code and therefore fails to comply with 11 U.S.C. §1129(a)(1) and (a)(3).

B.      Insofar as it purports to alter Insurer's rights under the policies and Settlement Agreements, the First Amended Plan has not been proposed in good faith and contains terms forbidden by law, and therefore fails to comply with 11 U.S.C. §1129(a)(3).

C.      To the extent the First Amended Plan's "insurance neutrality" provisions deviate from applicable law, the First Amended Plan fails to comply with 11 U.S.C. §1129)(a)(1) and (a)(3).

D.      Insurer joins in the preliminary objections of all other insurers to the extent not already identified above.

Insurer reserves its right to make final objections to plan confirmation that are not set forth above or that vary from those set forth above.

                                        Respectfully submitted,

Dated: JANUARY 5, 2009
       Wilmington, Delaware             White & Williams, LLP

                                By:     _____
                                        JAMES S. YODER, ESQ. (DE #2643)
                                        824 N. Market Street, Suite 902
                                        P.O. Box 709
                                        Wilmington, DE 19899
                                        (302) 467-4524

PHLDMS1 4956184v.1

-and-

Stefano Calogero Esq.
Andrew K. Craig, Esq.
CUYLER BURK, P.C.
Parsippany Corporate Center
Four Century Drive
Parsippany, NJ 07054

PHLDMS1 4956184v.1