IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**PRELIMINARY OBJECTION OF ZURICH INSURANCE COMPANY, ZURICH INTERNATIONAL (BERMUDA) LTD., AND MARYLAND CASUALTY COMPANY TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

In accordance with paragraph 4 of the *Initial Case Management Order Related to the First Amended Joint Plan of Reorganization* [D.I. 20204] ("Initial CMO") dated December 5, 2008, Zurich Insurance Company, Zurich International (Bermuda) Ltd. (jointly, "Zurich"), and Maryland Casualty Company ("MCC"), by and through their undersigned counsel, hereby submit that one or both of MCC and Zurich anticipate that they may raise one or more of the following objections ("Preliminary Objections") to confirmation of the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos Future Claimants' Representative, and the Official Committee of Equity Security Holders* ("Joint Plan"):

1. The Joint Plan is not "insurance neutral" as to non-settling insurance companies because, *inter alia*, it impairs contractual rights, provides for overpayment of meritorious claims, and provides for payment of non-meritorious claims.

2. Claims asserted by MCC against the Debtors may include claims that should be separately classified from Class 6 Claims and should be given treatment

at least as favorable as Class 9 Claims.

3. The Joint Plan does not provide for the fair (if any) treatment of indemnity claims that may arise and/or be liquidated after the Effective Date of the Joint Plan.

4. Under the Joint Plan, the Asbestos PI Channeling Injunction fully enjoins all third parties, including the Libby Claimants, Scotts and BNSF, from prosecuting, etc., any Asbestos PI Claim against MCC in any capacity. However, to the extent that this protection is reduced or otherwise altered by this Court, the Joint Plan's treatment of claims filed by MCC is inadequate.

In accordance with the Initial CMO, these Preliminary Objections are submitted without prejudice to (i) the assertion of these Preliminary Objections and/or any new objections in a final plan objection ("Final Objection"), and (ii) the omission of one or more of the Preliminary Objections in the Final Objection.

Dated: January 5, 2009
Wilmington, Delaware

CONNOLLY BOVE LODGE & HUTZ LLP

_____
Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile

OF COUNSEL:
Edward J. Longosz, II
Laura G. Stover
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.,
Suite 1200
Washington, DC 20006
(202) 659-6600 Telephone
(202) 659-6699 Facsimile

Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C. 20006
(202) 719-7170 Telephone
(202) 719-7049 Facsimile

Attorneys for MCC Zurich Insurance Company,
Zurich International (Bermuda) Ltd. and
Maryland Casualty Company

#653010v2