IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., et al., | : | Case No. 01-1139 (JKF) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |

## AXA BELGIUM'S PRELIMINARY OBJECTIONS TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION

In accordance with the Initial Case Management Order Related to the First Amended Joint Plan of Reorganization dated September 19, 2008, as amended, AXA Belgium, as Successor to Royale Belge SA, ("AXA Belgium"), a party in interest in the captioned proceeding, sets forth below its "bullet point" preliminary objections to the confirmation of the First Amended Joint Plan of Reorganization (the "Plan"), and respectfully states as follows:

PRELIMINARY STATEMENT

As part of the Plan, the Asbestos Insurance Transfer Agreement "irrevocably transfers, conveys, and grants to the Asbestos PI Trust all of their Asbestos Insurance Rights, including, without limitation, any and all rights to Proceeds." Asbestos Insurance Transfer Agreement, §1(a). See also Plan §7.7.2(d)(ii). The Agreement does not transfer from the insured to the Asbestos PI Trust any of the insured's obligations under any insurance policies; nor does the Plan definition of "Asbestos Insurance Rights" include any obligations on the part of the insured. See Plan §1.1.12. In spite of this broad transfer of "Asbestos Insurance Rights," the Agreement alleges that "[t]he Transfer is not an assignment of any insurance policy." Asbestos Insurance Transfer Agreement, §1(a).

The Agreement also states, in §3(a)(i), that "[a]ll insurance policies that the Insurance Contributors have reason to believe potentially or actually provide insurance coverage for Asbestos PI Claims are listed and described accurately on the attached Schedule \_\_\_\_." The Schedule to the Agreement alleges that "AG Belge de 1830" issued two policies: AVB102 (77-78) and AVB124 (78-79) and "Royale Belge S.A." issued three policies: AVB102, AVB124 and 1251427 (84-85). These policies, among others listed on the Schedule, are subject to the sweeping and irreversible transfer of Asbestos Insurance Rights.

The Plan further provides "Asbestos Insurance Entities shall be bound by the Court's findings and conclusions that, under the Bankruptcy Code, the transfer of all rights under the Asbestos Insurance Transfer Agreement is valid and enforceable against each Asbestos Insurance Entity notwithstanding any anti-assignment provision in or incorporated into any Asbestos Insurance Policy." Plan §7.15(g).

## "BULLET POINT" PLAN OBJECTIONS

- As an initial matter, the policies that Grace alleges were issued by AG Belge and Royale Belge are listed incorrectly and are not described accurately on the schedule. For instance, two policies, AVB102 and AVB124, appear to be incorrectly listed twice on Schedule 1 of the Asbestos Insurance Transfer Agreement. Consequently, the limits of these policies may also be incorrectly scheduled. Further, AXA Belgium is unaware of a policy numbered "1251427" and notes that coverage details remain unconfirmed for this alleged policy and the others above. AXA Belgium reserves its right to further raise objections with regard to these alleged policies.

- In claiming that the policies allegedly issued by AG Belge and Royale Belge "potentially or actually provide insurance coverage for Asbestos PI Claims," the Asbestos Insurance Transfer Agreement has presumed that these policies do in fact provide insurance coverage for Asbestos PI Claims, doing away with a fundamental defense that AXA Belgium would be entitled to assert in any coverage dispute over asbestos-related claims.

- Further, the Agreement irrevocably transfers all of the insured's Asbestos Insurance Rights, and none of its obligations, under the policies allegedly issued by Royale Belge. Thus, the Agreement strips AXA Belgium of several contractual rights, including, but not limited to, its ability to control and/or participate in the defense and settlement of the claims for which the Asbestos PI Trust will seek payment; its right to ensure that its policies pay only covered claims; and its expectation that the insured fulfill its duty to provide notice and cooperate with and assist its insurers. Put another way, the protections and privileges to which AXA Belgium would be entitled in the context of litigation in the tort system are not preserved under the Plan.

- Thus, the creation of the Trust and the transfer of insurance-related "rights" to it has two dire consequences for AXA Belgium. First, it replaces the policyholder with the Trust, an entity that has no contractual relationship with Royale Belge and second, it ensures that the Trust will have none of the policyholder's contractual duties under the insurance policies yet vests in the Trust the exclusive authority to contest, litigate and settle claims using proceeds from these policies.

- The Plan's assignment of insurance is not valid and enforceable under the Bankruptcy Code as a matter of law. Permitting the proposed assignment would violate AXA

Belgium's contractual rights by assigning rights to the aforementioned policies to the Trust without AXA Belgium's consent.

- For these same reasons, the Plan is not insurer-neutral. For instance, even though the Plan's purported "insurance neutrality" provisions may preserve certain coverage defenses, the Plan nonetheless strips AXA Belgium of its contractual rights to control and/or participate in the defense of those claims *before* such claims are settled and allowed.

## JOINDER & RESERVATION OF RIGHTS

AXA Belgium hereby incorporates by reference and joins in other insurers' objections to the Plan. AXA Belgium also hereby reserves the right to incorporate by reference, and adopt as its own, any reservations of rights stated by any other insurer or any other party. AXA Belgium also joins in discovery requests that have been previously served, as applicable to AXA Belgium, including those served by other insurers in this matter.

This summary of AXA Belgium's objections is being submitted prior to the completion of Plan-related discovery. Accordingly, AXA Belgium reserves all rights to amend, modify, add to, supplement, or delete from these objections in any way based on information learned during discovery or otherwise prior to the close of the Confirmation Hearing. Moreover, this initial statement sets forth AXA Belgium's objections in summary form without full factual or legal support, which will be submitted to the Court at such time as is required by the case management order.

## CONCLUSION

WHEREFORE, AXA Belgium respectfully requests that the Court deny confirmation of the Plan and grant such further relief as is just and proper.

Dated: January 5, 2009

                                        Respectfully submitted,

                                        JOHN SHEEHAN SPADARO, LLC

                                        /s/ John S. Spadaro
                                        John S. Spadaro (No. 3155)
                                        724 Yorklyn Road, Suite 375
                                        Hockessin, DE 19707
                                        Telephone: (302) 235-7745
                                        Facsimile: (302) 235-2536
                                        jspadaro@johnsheehanspadaro.com

                                        Counsel for AXA Belgium

*Of Counsel:*
Eileen T. McCabe
Anna R. Newsom
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, NY 10019
Telephone: (212)261-8254
Facsimile: (212)261-8750

2411
675950.1 Objections Draft 2008-12-30  12/30/2008 11:22 AM