IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139(JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | RE: D.I. No. 20379 |

**BNSF RAILWAY COMPANY'S OBJECTION TO PLAN PROPONENTS'
DESIGNATION OF CONFIRMATION ISSUES**

BNSF Railway Company and its predecessors, the Great Northern Railway Company, the Burlington Northern Railroad Company, and The Burlington Northern & Santa Fe Railway Company (collectively, "BNSF") object to the Plan Proponents' Designation of Confirmation Issues (the "Designation"), and state as follows:

1.  The Initial Case Management Order Related to the First Amended Joint Plan of Reorganization (the "CMO") provided that the "first phase [of the confirmation hearing] shall address issued raised by and specific to, the Debtors' insurers, the Debtors' lenders under the Pre-Petition Credit Facilities and parties classified under the Plan as Holders of Indirect PI or PD Trust Claims." (Footnote omitted).

2.  The CMO further provided that the Plan Proponents must designate Phase I issues on or before December 29, 2008. Parties, including BNSF, must object to such designation on or before January 5, 2009. However, the Plan Proponents have until January 13, 2009 to designate Phase I issues to the extent that they relate to the Debtors' insurers or The Scotts Company LLC ("Scotts"), and the insurers and Scotts have until January 20, 2009 to object to the designation.

3. BNSF is classified under the Plan as a Holder of Indirect PI or PD Trust Claims. The Scotts Company LLC is also classified under the Plan as a Holder of Indirect PI or PD Trust Claims.

4. On December 29, the Plan Proponents filed their Designation of Phase I issues, designating only two issues as Phase I issues:

    i. Impairment of Class 9 claims; and

    ii. Insurance neutrality.

5. BNSF filed an objection to confirmation of the plan, and "raised [issues] . . . specific to . . . parties classified under the Plan as Holders of Indirect PI or PD Trust Claims, including, without limitation, that:

- The Amended Plan:
    - improperly classifies BNSF's contribution and indemnity rights as Indirect PI Trust Claims,
    - improperly channels such rights to the Asbestos PI Trust, and
    - improperly seeks to enjoin BNSF from pursuing such claims as general unsecured claims, administrative expense claims or otherwise.
- The Section 524(g) injunction must extend to derivative claims asserted against BNSF.
- The Amended Plan impermissibly seeks to extend the channeling injunction to actions by BNSF against any Asbestos Insurance Entity, including Settled Asbestos Insurance Companies, including direct

contractual claims by BNSF as a named insured, additional assured, or otherwise.

- The Amended Plan cannot channel BNSF's indemnification and/or contribution rights to the Asbestos PI Trust, because such rights are not the type of claim that are subject to Section 524(g).

- The Amended Plan is unconfirmable because it improperly classifies BNSF's claims in a class with claims that are not substantially similar in violation of Section 1122(a) of the Bankruptcy Code.

- To the extent that the Amended Plan may channel any rights to contribution or indemnity held by BNSF to the Asbestos PI Trust, the Trust Distribution Procedures must be amended to fully protect such indemnification and/or contribution rights.

6. These objections raised by BNSF (as well as any additional objections raised in its Final Plan Objections, due on or before March 16, 2009) should be heard during Phase I of the confirmation hearing, pursuant to the CMO.

7. In addition, objections raised by the insurers and Scotts that are the same as, similar to, or related to the objections raised by BNSF should likewise be designated as Phase I issues. In any event, such objections should be heard in the same Phase, and BNSF reserves the right to object to any future designation by the Plan Proponents' to the extent the Plan Proponents seek to designate related objections raised by the insurers or Scotts in a different Phase than the objections raised by BNSF.

WHEREFORE, BNSF respectfully requests that this Court require that its objections be designated Phase I objections, along with identical, similar or related objections raised by the insurers and/or Scotts. BNSF also requests all other relief to which it shows itself justly entitled.

Dated: January 5, 2009  
Wilmington, DE

PEPPER HAMILTON LLP

/s/ Evelyn J. Meltzer  
Evelyn J. Meltzer (DE 4581)  
Hercules Plaza, Suite 5100  
1313 Market Street  
PO Box 1709  
Wilmington, DE 19899-1709  
Tel: (302) 777-6500  
Fax: (302) 777-6511

Of Counsel:

Edward C. Toole, Jr.  
Linda J. Casey  
PEPPER HAMILTON LLP  
3000 Two Logan Square  
18th & Arch Streets  
Philadelphia, PA 19103  
Tel: (215) 981-4000/ Fax: (215) 981-4750

Counsel for BNSF Railway Company