IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., *et al.* | : | Case No. 01-01139 JKF |
| | : | |
| Debtors. | : | **Docket Reference Nos. 19579 and 20204** |

**PRELIMINARY OBJECTIONS OF SEATON INSURANCE COMPANY
AND ONEBEACON AMERICA INSURANCE COMPANY TO
CONFIRMATION OF AMENDED JOINT PLAN OF REORGANIZATION**

Seaton Insurance Company ("Seaton") and OneBeacon America Insurance Company ("OneBeacon") (together, "Claimants") – who are creditors holding contractual indemnification claims under prepetition insurance settlement agreements with the Debtors – submit the following preliminary objections to confirmation of the Joint Plan of Reorganization proposed by the Debtors, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders, as amended from time to time (the "Plan"):

- With respect to Claimants' contractual indemnification claims, the Plan violates the Fifth Amendment of the U.S. Constitution by depriving Claimants of their property, increasing their burdens, and impairing their rights without due process of law.

- The Plan violates Bankruptcy Code § 524(g) by improperly channeling Claimants' contractual indemnity claims to the Asbestos PI Trust.

- Depending on the terms of various Plan Documents not yet filed, the Plan may not comply with Bankruptcy Code § 524(g) in other respects, including but not limited to the trust funding requirements of § 524(g)(2)(B)(i)(II) and (III).

- The Plan violates Bankruptcy Code § 1122(a) by improperly classifying

Claimants' contractual indemnity claims as Class 6 Asbestos PI Claims.

- The Plan violates Bankruptcy Code §§ 1123(a)(4) and 1129(a)(7) in that there is no adequate mechanism for allowance or payment of the type of Indirect PI Trust Claims that the Plan Proponents contend are held by Claimants; nor do such claims receive the same treatment as other Class 6 Asbestos PI Claims.

- The Plan has not been proposed in good faith in violation of Bankruptcy Code § 1129(a)(3) because, *inter alia*, the Plan Proponents have (i) improperly classified Claimants' contractual indemnity claims as Asbestos PI Claims, specifically Indirect PI Trust Claims and (ii) provided no adequate mechanism for the allowance or payment of such claims in the event that the Asbestos PI Channeling Injunction provides Claimants with less than full protection against third-party claims that give rise to Claimants' contractual indemnity claims.

- Exhibit 5 of the Exhibit Book, entitled "Revised Schedule of Settled Asbestos Insurance Companies," which governs the scope of a Settled Asbestos Insurance Company's protection as an Asbestos Protected Party, is inaccurate, vague, and ambiguous with respect to certain Asbestos Insurance Policies referred to therein and, therefore, may render the scope of the protection afforded by the Asbestos PI Channeling Injunction less than adequate.

- The Plan violates the absolute priority rule and the "fair and equitable" standard of Bankruptcy Code § 1129(b) because it provides for Grace's equity interest holders to retain value without first providing payment in full to creditors, including Claimants.

- The Plan may not satisfy the feasibility requirements of Bankruptcy Code

- 3 -

§ 1129(a)(11).

- If Claimants' prepetition settlement agreements are deemed executory, the Plan violates, *inter alia*, Bankruptcy Code § 365 insofar as it purports to alter Debtors' contractual indemnity obligations to Claimants.

- The Plan violates Bankruptcy Code § 1129(a)(5)(A)(ii) in that the Trust Advisory Committee ("TAC") is in a position to control the Asbestos PI Trust, which is a successor to the Debtors with respect to Asbestos Insurance Rights, and the appointment of the members of the TAC is not consistent with the interest of creditors or with public policy.

[Intentionally Blank]

Claimants reserve the right to supplement these preliminary objections in due course and hereby join in the preliminary objections of other parties to confirmation of the Plan, to the extent pertinent (although Claimants take no position here concerning the validity or amount of any claim that other parties may have asserted against the Debtors, or any question of insurance coverage relating to policies issued by other insurers).

Dated:  January 5, 2009

Respectfully submitted,

*/s/ David P. Primack*

_____
Warren T. Pratt (4334)
David P. Primack (4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE  19801-1254
Telephone:  302-467-4200

Michael F. Brown
Jeffrey M. Boerger
DRINKER BIDDLE & REATH LLP
One Logan Square
Philadelphia, PA  19103-6996
Telephone:  215-988-2700

Counsel for Claimants
Seaton Insurance Company and
OneBeacon America Insurance Company