IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., *et al.* | : | Case No. 01-01139 JKF |
| | : | |
| Debtors. | : | **Docket Reference Nos. 19579 and 20204** |

**PRELIMINARY OBJECTIONS OF COLUMBIA INSURANCE COMPANY
AND GOVERNMENT EMPLOYEES INSURANCE CO. TO
CONFIRMATION OF AMENDED JOINT PLAN OF REORGANIZATION**

Columbia Insurance Company, f/k/a Republic Insurance Company ("Columbia") and Government Employees Insurance Co. ("GEICO") (together, the "Insurers") submit the following preliminary objections to confirmation of the Joint Plan of Reorganization proposed by the Debtors, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders, as amended from time to time (the "Plan"):

- The Plan violates the Fifth Amendment of the U.S. Constitution by depriving Insurers of their property, increasing their burdens, and impairing their rights without due process of law.

- The Plan has not been proposed in good faith as required by Bankruptcy Code § 1129(a)(3) to the extent that the Plan impairs the Insurers' rights including, but not limited to, claims handling rights under Asbestos Insurance Policies issued by the Insurers.

- The Plan improperly permits the assignment or transfer of Asbestos Insurance Rights in violation of applicable non-bankruptcy law and the anti-assignment provisions of Asbestos Insurance Policies issued by the Insurers.

- The Plan improperly excludes the Insurers from the process of evaluating, defending against, and settling Asbestos PI Claims.

- The Plan improperly releases, and enjoins the Insurers from enforcing, the insured parties' contractual obligations to cooperate with the Insurers in the investigation, defense, and settlement of claims.

- Depending on the terms of various Plan Documents that the Plan Proponents have not yet been filed, the Plan may not comply with Bankruptcy Code § 524(g), including but not limited to the trust funding requirements of § 524(g)(2)(B)(i)(II) and (III), which provides the statutory framework for the Asbestos PI Channeling Injunction which is crafted so as to enjoin the Insurers, among others, from pursuing Asbestos PI Claims.

- The Plan violates Bankruptcy Code § 1129(a)(5)(A)(ii) in that the Trust Advisory Committee ("TAC") is in a position to control the Asbestos PI Trust, which is a successor to the Debtors with respect to Asbestos Insurance Rights, and the appointment of the members of the TAC is not consistent with the interest of creditors or with public policy.

- Section 7.15 of the Plan, entitled "Insurance Neutrality" fails to achieve adequate insurance neutrality.

- Section 7.7 of the Plan requires the Court to make or issue improper and/or unsupported findings, conclusions, orders, and decrees.

- The Plan also violates Bankruptcy Code § 1129(a) in other respects and is otherwise fundamentally unfair and inequitable to Asbestos Insurance Entities, including the Insurers.

The Insurers reserve the right to supplement these preliminary objections in due course and hereby join in the objections of other parties to confirmation of the Plan, to the extent pertinent (while taking no position here concerning any question of insurance coverage relating to policies issued by other insurers).

Dated: January 5, 2009

Respectfully submitted,

/s/ David P. Primack

_____

Warren T. Pratt (4334)
David P. Primack (4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
Telephone: 302-467-4200

*Of Counsel:*

Michael F. Brown
Jeffrey M. Boerger
DRINKER BIDDLE & REATH LLP
One Logan Square
Philadelphia, PA 19103-6996
Telephone: 215-988-2700

Counsel for Columbia and GEICO