**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., *et al.*, | : | Jointly Administered |
| | : | |
| | : | **Hearing Date: January 14, 2009, at 9:00 a.m.** |
| Debtors-in-possession. | : | **Response Deadline: January 7, 2009** |
| | : | **Related Nos. 20204, 20378** |
| | | **January 14, 2008 Agenda Item Number 4** |

**RESPONSE OF THE OFFICIAL COMMITTEE
OF ASBESTOS PERSONAL INJURY CLAIMANTS TO LIBBY CLAIMANTS'
MOTION TO COMPEL DEBTORS TO RESPOND TO DOCUMENT REQUESTS**

The Official Committee of Asbestos Personal Injury Claimants ("**ACC**"), by and through its undersigned counsel, hereby responds as follows to the "Libby Claimants' Motion to Compel Debtors to Respond to Libby Claimants' Document Request" ("**Motion**"), which was filed by the Libby Claimants on December 29, 2008:

**DISCUSSION**

Through their discovery requests, the Libby Claimants seek detailed information about non-Libby asbestos claims in an effort to prove that *their* claims are "discriminated against" under the proposed TDP. By a protective order entered recently by this Court, the Libby Claimants were given access to the Debtors' historical claims database. But the Libby Claimants want more. By their Motion, the Libby Claimants seek to compel the Debtors to produce the following three items developed in the estimation case: (1) All images of the PI questionnaires that had been submitted by asbestos personal injury claimants ("**PIQ Images**"); (2) all images of the proofs of claim filed by asbestos personal injury claimants (**"POC Images"**); and (3) the Rust Consulting database containing the data drawn from such questionnaires and proofs of claim ("**Rust Database**").

As a threshold matter, the Libby Claimants have not shown how their discovery demands regarding non-Libby claims are relevant to their assertion that the TDP "discriminates against" them. Whether the TDP provides unequal treatment of the Libby claims has more to do with what the TDP itself provides, rather than the settlement/verdict histories and the medical data pertaining to the non-Libby claims. The TDP entitles all asbestos personal injury claimants to the same payment percentage and procedural devices for having their claims reviewed, evaluated, and settled, or otherwise liquidated by the Grace 524(g) trust. For these reasons, the TDP does not treat the Libby Claimants disparately in violation of the equal treatment provisions contained in Bankruptcy Code §§ 524(g) and 1123(a)(4). Yet, instead of addressing the TDP's provisions directly, the Libby Claimants insist on launching an ambitious discovery foray into the realm of the non-Libby claims. As noted, the Libby Claimants have not shown how their requested discovery concerning the non-Libby claims will translate into evidence supporting their (unavailing) assertion that the TDP discriminates against them.

Nevertheless, as a means of seeking accommodation and minimizing discovery disputes, the ACC hereby submits that it does not oppose the Libby Claimants' requests to obtain the PIQ Images, the POC Images, and the Rust Database, *provided* those materials are in the hands of Grace or its agent, Rust Consulting, and would be produced by either of them.[1] However, to the extent these materials are protected under previously-entered confidentiality orders, it bears emphasis that those orders were entered for the benefit of individual claimants and the attorneys

---

[1] The ACC would oppose any attempt to obtain these materials, or portions thereof, from individual asbestos personal injury claimants, either through formal discovery or through efforts to, in effect, replicate the PI questionnaire process from the estimation proceeding. The Libby Claimants are essentially attempting the latter approach through their second set of interrogatories to the ACC.

representing them. The ACC cannot waive the protections contained in these orders, which are not for its benefit and which it has no authority to waive in the first place.

Respectfully submitted,

| **CAPLIN & DRYSDALE, CHARTERED** | **CAMPBELL & LEVINE, LLC** |
|---|---|
| Elihu Inselbuch | |
| 375 Park Avenue, 35th Floor | |
| New York, NY 10152-3500 | |
| Telephone: (212) 319-7125 | /s/ Mark T. Hurford |
| Telefax: (212) 644-6755 | Marla R. Eskin (No. 2989) |
| | Mark T. Hurford (No. 3299) |
| Peter Van N. Lockwood | 800 N. King Street, Suite 300 |
| Nathan D. Finch | Wilmington, DE 19801 |
| Jeffrey A. Liesemer | Telephone: (302) 426-1900 |
| One Thomas Circle, N.W. | Telefax: (302) 426-9947 |
| Washington, D.C. 20005 | |
| Telephone: (202) 862-5000 | |
| Telefax: (202) 429-3301 | |

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*

Dated: January 7, 2009