## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| W.R. GRACE & CO., *et al.*, | ) Case No. 01-1139 (JKF) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket No. 20275 |
| | ) January 13, 2009 Agenda Item # 1 |

## CERTIFICATE OF COUNSEL RE STIPULATIONS WITHDRAWING OBJECTIONS TO MOTION FOR PRELIMINARY APPROVAL OF ZAI CLASS SETTLEMENT AND AMENDMENTS TO THE NOTICE, CLASS SETTLEMENT AGREEMENT AND PROPOSED ORDER

1.    On December 15, 2008, the ZAI claimants filed their Motion for Order of Preliminary Approval of Class Settlement Agreement and Certification of the U.S. ZAI Class. (Docket No. 20275).  Attached to the Motion were the proposed Notice to all holders of U.S. ZAI claims and the ZAI Class Settlement Agreement between the Debtors and the U.S. ZAI claimants.

2.    The parties received two objections to the Motion - one from the United States which had filed ZAI Claims for certain Forest Service facilities, and one by the law firm of Lukins & Annis to preserve any interest it may have in any attorneys fees that may be awarded in connection with the ZAI Class settlement.  In addition, the parties received a request from Sealed Air Corporation to revise the Settlement Agreement to explicitly describe the 524(g) channeling injunction as it relates to the ZAI Settlement Agreement and Claims.

3.    Under the current version of the Settlement Agreement, the United States' ZAI Claims for certain Forest Service facilities would be included in the class definition.  The United States objected that pursuant to 28 U.S.C. § 516, its claims can only be litigated by the Justice Department and not as part of a class represented by private counsel.  As a result, the parties have entered into a Stipulation with the United States, attached here to as Exhibit 1,

whereby the United States has agreed to withdraw its objection if the Settlement Agreement and

Notice are revised to eliminate its claims from the class definition.

    4.    Attached hereto as Exhibits 2 and 3 are slightly revised versions of the

Notice and Settlement Agreement. In order to accommodate the United States' request, the

Class definition in the Notice and Settlement Agreement has been amended to read as follows

(changes in italics):

Class means all holders of U.S. ZAI Claims that were filed with the Bankruptcy Court on or before the U.S. ZAI Bar Date, *except the United States for its ZAI claims filed on behalf of the United States Forest Service*.

    5.    In order to accommodate the request of Sealed Air, the parties have agreed

to amend the definition of "Plan" in the Settlement Agreement. That revised definition,

(definition o.) in the Settlement Agreement, has been amended to read as follow (changes in

italics):

"Plan" means the Joint Plan of Reorganization of the Debtors, the Equity Committee, the Asbestos Personal Injury Future Claimants' Representative and the Official Committee of Asbestos Personal Injury Claimants, as may be further amended or modified. *The Plan shall be in form and substance acceptable to Grace and the other Plan Proponents and shall provide, among other things, that pursuant to Section 524(g) of the Bankruptcy Code ("Section 524(g)") all current and future US ZAI Claims and demands ( as that term is defined in Section 524(g)) shall, effective on the Effective Date of the Plan, be channeled to a trust for payment, and that all holders of current and future US ZAI Claims and demands shall be enjoined as provided in Article 8 of the Plan from asserting such claims against an "Asbestos Protected Party" as defined in Section 1.142 of the Plan.*

    6.    The parties have also entered into a Stipulation with Lukins & Annis

whereby Lukins & Annis has agreed to withdraw its objection in exchange for an agreement by

Class Counsel to seek no ruling or order from the Court at this time with respect to the

entitlement to fees and costs resulting from legal work which benefited the ZAI class of

claimants, and all parties reserve all rights they may have concerning such attorneys fees. A copy

of the Stipulation with Lukins & Annis is attached hereto as Exhibit 4.

2

7.     The parties have also slightly amended the Notice at paragraph 16. to decouple the timing of proceedings on the Motion, Notice and Settlement Agreement from the Plan timetable. As a result, the parties may proceed to obtain approval of the adequacy, fairness and reasonableness of the Settlement Agreement on a timetable that may be separate from the confirmation of the Plan.

8.     Finally, the parties have revised the proposed Order previously supplied to the Court to take into account the withdrawal of all objections to the Motion, to reflect the change in the Class definition, and to articulate compliance with the applicable Rule 23 requirements. The revised Order is attached hereto as Exhibit 5. While W.R. Grace does not agree with all of the Order's proposed findings and does not waive its right to contest class certification in the event the Plan is not confirmed, it is not asserting any objection at this time to the provisional certification sought in the Motion. The ZAI Claimants agree that Grace is not waiving its rights.

9.     Accordingly, the ZAI Claimants hereby request that the Court grant their Motion for entry of the attached Order: (i) preliminarily approving the Settlement Agreement as revised in Exhibit 2 herein; (ii) provisionally certifying the U.S. ZAI Class and appointing proposed class representatives and class counsel; and (iii) directing that the Notice, as revised and attached hereto as Exhibit 3, be sent to individual class members.

SULLIVAN · HAZELTINE · ALLINSON LLC

*S.S. Allinson III*

William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Tel: 302/428-8191
Fax: 302/428-8195

--and--

3

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott
926 W. Sprague Avenue
Chronicle Building, Suite 680
Spokane, WA 99201
Telephone:  509/455-3966

--and--

RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC
Edward J. Westbrook
Robert M. Turkewitz
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC  29464
Telephone:  843/727-6500

*Special Counsel for ZAI Claimants*

4