**Exhibit 3**

## CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement ("Settlement Agreement") is made and entered into this ___ day of December 2008, by and between W. R. Grace & Co., a Delaware corporation, on behalf of itself and its subsidiaries and affiliates that are debtors in the Chapter 11 Cases (collectively, "W. R. Grace"), and U.S. ZAI claimants Marco Barbanti and Ralph Busch, each individually and as proposed representatives of the Class acting by and through their undersigned counsel.

## DEFINITIONS

As used herein, the following terms shall have the meanings specified below:

a. "Agreement" or "Settlement Agreement" means this Class Settlement Agreement

b. "Asbestos Property Damage Futures Representative" means Alexander M. Sanders, Jr. (or any Bankruptcy Court-appointed successor), appointed as the legal representative for future asbestos-related property damage (including property damage related to ZAI) claimants in the Chapter 11 Cases.

c. "Bankruptcy Code" means title 11 of the United States Code.

d. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

e. "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure.

f. "Chapter 11 Cases" means the chapter 11 cases for W. R. Grace & Co. and certain of its subsidiaries in the Bankruptcy Court and jointly administered under Case No. 01-1139 (JKF).

1

g. "Class" means all holders of U.S. ZAI Claims that were filed with the Bankruptcy Court on or before the U.S. ZAI Bar Date, except the United States for its ZAI claims filed on behalf of the United States Forest Service.

h. "Debtors" means W. R. Grace & Co. and all other debtors that filed voluntary petitions under the Bankruptcy Code and are part of the Chapter 11 Cases.

i. "Equity Committee" means the official committee of equity security holders appointed in the Chapter 11 Cases.

j. "Memorandum of Agreement" means the "Term Sheet For Resolution of U.S. Zonolite Attic Insulation Claims" entered into by the Debtors, the Equity Committee, the Asbestos Property Damage Futures Representative, and Class Counsel on or about November 21, 2008.

k. "Class Representatives" means Marco Barbanti and Ralph Busch.

l. "Parties" means W. R. Grace & Co., Class Representatives, and the proposed Class as defined herein.

m. "Person" includes, without limitation, any individual, corporation, partnership, firm, association or other entity.

n. "Class Counsel" means Edward J. Westbrook, Esq., Darrell W. Scott, Esq., and Elizabeth Cabraser, Esq.

o. "Plan" means the Joint Plan of Reorganization of the Debtors, the Equity Committee, the Asbestos Personal Injury Future Claimants' Representative and the Official Committee of Asbestos Personal Injury Claimants, as may be further amended or modified. The Plan shall be in form and substance acceptable to Grace and the other Plan Proponents and shall provide, among other things, that pursuant to Section 524(g) of the Bankruptcy Code ("Section

524(g)") all current and future US ZAI Claims and demands (as that term is defined in Section 524(g)) shall, effective on the Effective Date of the Plan, be channeled to a trust for payment, and that all holders of current and future US ZAI Claims and demands shall be enjoined as provided in Article 8 of the Plan from asserting such claims against any "Asbestos Protected Party" as defined in the Section 1.1.42 of the Plan.

p. "U.S. ZAI Bar Date" means October 31, 2008.

q. "U.S. ZAI Claim" mean any "Zonolite Attic Insulation Claim" as defined in the General Instructions For Completing the W. R. Grace & Co. ZAI Proof of Claim, attached to the Certification of Counsel Regarding Order (a) Establishing October 31, 2008 as the Proof of Claim Bar Date for Zonolite Attic Insulation Claims and (b) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program. Dkt. No. 18920 (June 13, 2008).

r. "ZAI" means Zonolite Attic Insulation regardless of the brand name under which it was sold.

## RECITALS

WHEREAS Class Representatives, through Class Counsel, commenced a class action on March 24, 2000 (Barbanti v. W. R. Grace & Co. – Conn., No. 00201756-6 (Wash. Sup.)) in the Superior Court for Spokane County, Washington, on behalf of a class of ZAI homeowners in Washington State; and

WHEREAS the Superior Court of Spokane County issued an order on December 12, 2000, certifying the Barbanti class for purposes of seeking injunctive relief, which W. R. Grace sought to appeal through a Notice for Discretionary Review that remains pending; and

WHEREAS Class Counsel commenced on April 14, 2000, a proposed class action in the United States District Court of Montana (Price v. W. R. Grace, et al, Case No. CV-00-71-M-

DWM) on behalf of ZAI homeowners throughout the United States, other than those residing in Washington State; and

WHEREAS other proposed ZAI class actions were filed against W. R. Grace in various federal district courts; and

WHEREAS all federal ZAI actions were referred by the Judicial Panel on Multi-District Litigation to the District of Massachusetts (In re Zonolite Attic Insulation Products Liability Litigation, MDL Dist. No. 1376 (D.MA)) and undersigned counsel brought a motion for class certification as to a master ZAI complaint in those MDL proceedings; and

WHEREAS W. R. Grace commenced the Chapter 11 Cases by filing voluntary petitions on April 2, 2001, which automatically stayed further prosecution of civil actions in respect of ZAI; and

WHEREAS Class Counsel engaged themselves in the Chapter 11 Cases on behalf of ZAI claimants and continuously pressed for a collective resolution of ZAI claims through recognition of a ZAI class; and

WHEREAS Class Counsel filed a motion for class certification of ZAI claims in the bankruptcy court in November 2001, which was dismissed without prejudice; and

WHEREAS Class Counsel filed a motion requesting that the Bankruptcy Court recognize the Barbanti class for the purpose of permitting the filing of a ZAI class proof of claim in March, 2008 (Dkt. No. 18323); and

WHEREAS W. R. Grace opposed that motion and the matter remains under consideration by the Bankruptcy Court; and

WHEREAS Class Representatives and Class Counsel have filed purported nationwide and statewide ZAI class proofs of claim on or before the U.S. ZAI Bar Date; and

WHEREAS Class Counsel filed a motion for class certification on October 29, 2008 on behalf of all holders of U.S. ZAI Claims who timely filed such claims on or before the U.S. ZAI Bar Date (Dkt. No. 19910); and

WHEREAS over 16,000 individual members of the proposed Class have timely filed ZAI proofs of claim on or before the U.S. ZAI Bar Date; and

WHEREAS issues pertaining to the merit and value of the U.S. ZAI Claims remain matters of significant dispute and their timely resolution poses significant challenges to W. R. Grace's reorganization; and

WHEREAS W. R. Grace has denied and continues to deny all allegations of wrongdoing, violations of law and breaches of duty in respect of ZAI and has asserted and continues to assert that: (1) the U.S. ZAI Claims have no substance in fact or law; (2) it has meritorious defenses to such claims; (3) it has affirmative defenses; (4) no ZAI class, other than the Class addressed herein, should be certified; (5) the Barbanti class should not be recognized by the Bankruptcy Court; and (6) the U.S. ZAI Claims should be disallowed; and

WHEREAS the parties are desirous of settling and resolving the U.S. ZAI Claims as a Class and have engaged in protracted, arms length, and ultimately productive settlement negotiations directed toward that end; and

WHEREAS W. R. Grace and the Class, through Class Counsel, have successfully negotiated the settlement described herein, which resolves all U.S. ZAI Claims of the Class and permits the Debtors to advance toward reorganization without further liability to the Class; and

WHEREAS W. R. Grace, while continuing to deny any liability in respect of U.S. ZAI Claims, has agreed to enter into this Settlement Agreement to avoid, among other things, the

expense, burdens, and uncertainties of further protracted ZAI litigation, and to secure for itself total and final peace and protection from the U.S. ZAI Claims of the Class; and

WHEREAS Class Counsel, in the course of this and similar litigation, including the Barbanti case, have conducted exhaustive discovery and investigations into the facts underlying the U.S. ZAI Claims, have made a thorough examination of the legal principles applicable to the holders of U.S. ZAI Claims within the Class, have litigated certain of these issues with W. R. Grace, both prior to and during the Chapter 11 Cases, and have concluded, based on their extensive and now mature experience with ZAI, that a class settlement with W. R. Grace in the amount and terms hereinafter set forth is fair, reasonable and adequate, and is in the best interest of the Class; and

WHEREAS W. R. Grace and the Class have concluded that a settlement in the amount and on the terms hereinafter set forth is fair, reasonable and adequate, and is in the best interests of the Class, W. R. Grace and the bankruptcy estates of the Debtors.

NOW, THEREFORE, in consideration of the covenants and agreement set forth herein the Parties agree to a Settlement as follows:

## TERMS AND CONDITIONS OF CLASS SETTLEMENT

1. <u>Class</u>. This Settlement is made between W. R. Grace and the Class, which consists of holders of U.S. ZAI Claims filed with the Bankruptcy Court on or before the U.S. ZAI Bar Date.

2. <u>Class Representatives</u>. The Class Representatives are Marco Barbanti and Ralph Busch.

3. <u>Class Counsel</u>. Class Counsel are Edward J. Westbrook, Esq., Darrell W. Scott, Esq., and Elizabeth Cabraser, Esq.

4. <u>Class Settlement</u>. The Class settlement benefits, pertinent financial terms, claims payment conditions, and other principal terms of this Class Settlement are as set forth in the Memorandum of Agreement. The Memorandum of Agreement is attached hereto as Exhibit A and is incorporated as if fully set forth herein. Class members' entitlements shall be governed by the procedures, terms, and conditions set forth in the Plan, which shall incorporate the Memorandum of Agreement and this Settlement.

5. <u>Class Costs and Fees</u>. Class Counsel may seek from the Bankruptcy Court an award of attorney fees, not to exceed 25% of the W. R. Grace non-contingent payment obligations described in the Memorandum of Agreement, together with reimbursement of costs. Class Counsel's application for attorney fees or costs will be considered separately from the Bankruptcy Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement.

6. <u>Submission to the Bankruptcy Court</u>. The Class Representatives shall move for an Order of the Bankruptcy Court:

    (a) certifying the proposed Class, appointing the proposed Class Representatives, and appointing Class Counsel;

    (b) preliminarily approving the Settlement for purposes of Fed. R. Civ. P. 23, subject to approval of the Settlement in connection with the Plan;

    (c) providing for direct notice to individual members of the Class, at W. R. Grace's expense, of the preliminary approval of the Settlement, of the hearing on final approval of the Settlement, of Class members' opt-out rights in relation to the Settlement, and of other matters as required by Fed. R. Civ. P. 23; and

    (d)    scheduling a hearing to make a final determination of whether the Settlement should be given final approval, which hearing shall occur in connection with the confirmation of the Plan.

7.    <u>Settlement Conditions</u>. This Settlement is subject to the following conditions and shall have no force and effect unless and until all of such conditions have been satisfied:

    (a)    the US ZAI Class being certified by the Bankruptcy Court and upheld upon appeal if necessary;

    (b)    the confirmation by the Bankruptcy Court of the Plan incorporating the terms of the Settlement; and

    (c)    the occurrence of the Effective Date of the confirmed Plan incorporating the terms of the Settlement.

8.    <u>W. R. Grace's Sole Liability</u>. W. R. Grace's sole liability under this Settlement Agreement shall be set forth in the Plan incorporating the terms of the Memorandum of Agreement, including all documents contemplated thereby.

9.    <u>Inclusion of the Settlement Agreement in the Plan</u>. W. R. Grace agrees to incorporate the terms of this Settlement Agreement and the Memorandum of Agreement in the Plan.

10.    <u>Plan Support</u>. The Class Representatives shall, on behalf of the Class, support, in a manner not inconsistent with (i) their fiduciary duties to the Class or (ii) the Bankruptcy Code, including section 1125 of the Bankruptcy Code, W. R. Grace's Plan so long as such Plan incorporates and is not inconsistent with this Settlement Agreement.

11.    <u>ZAI Litigation Suspended</u>. All pending litigation and proceedings regarding U.S. ZAI Claims, except with respect to the certification of the Class and preliminary approval of this

Settlement Agreement, are hereby suspended, with all deadlines relating thereto tolled, and all parties reserve their rights concerning such claims.

12. <u>Prior Class Proofs of Claim</u>.  The Class shall be the only class with respect to U.S. ZAI Claims and no prior class proofs of claim shall be recognized.  All such prior class proofs of claim filed by Class Counsel are hereby withdrawn.

## **REPRESENTATION AND WARRANTIES**

13. <u>Good Faith and Fairness</u>.  Each of the parties represents and warrants that: (a) this Settlement Agreement is entered into in good faith; (b) no conflicts of interest exists on its part; and (c) in its opinion, the Settlement Agreement represents a fair resolution of the claims resolved herein.

14. <u>Authority</u>.  Subject to the entry of orders of the Bankruptcy Court certifying the Class, approving the appointment of Class Counsel, approving W. R. Grace's entry into the Settlement Agreement and approving the Plan incorporating this Settlement Agreement, each party: (a) represents and warrants that it has taken the action necessary to secure the consent of all persons or entities necessary to authorize the execution of this Settlement Agreement and related documents necessary to fulfill the terms and conditions of this Agreement; and (b) is fully authorized to enter into and execute this Settlement Agreement.

15. <u>No Prior Assignments of Claims or Claims Objections</u>.  The parties represent and warrant to each other and acknowledge that each has not assigned or transferred to any third party any claim or right the other may have respecting any claims or any claims objections.

16. <u>Cooperation by the Parties</u>.  In seeking preliminary and final approval of this Settlement Agreement and its consummation, the parties: (a) shall act in good faith and use their reasonable best efforts to seek and support approval of this Settlement Agreement; and (b) shall

9

not act or fail to act in a manner that will deprive the other party of the benefits of the bargains embodied in this Settlement Agreement.

## MISCELLANEOUS

17. <u>Governing Law</u>.  Except to the extent governed by the Bankruptcy Code, this Settlement Agreement shall be construed in accordance with, and all disputes hereunder shall be governed by, the internal laws of the State of Delaware.  Any disputes, controversies, or claims arising out of this Settlement Agreement shall be determined exclusively by the Bankruptcy Court, which retains jurisdiction for those purposes.  This Settlement Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any one Party.

## USE OF THIS AGREEMENT

18. <u>Limitations on Use and Effect of this Agreement</u>.  Except in such proceedings as may be necessary to effectuate or enforce the provisions of this Settlement Agreement, neither this Agreement, the settlement provided for herein (whether or not ultimately consummated or performed), nor any actions taken by either Party pursuant to or in connection with this Agreement, to negotiate, effectuate, consummate or carry out this Agreement, or to prosecute the motion for certification of the Class, shall be used, construed, offered or received by any person or entity in any action or proceeding in the Chapter 11 Cases or in any forum for any purpose whatsoever.

## BINDING EFFECT

19. <u>Agreement Supersedes All Prior Agreements and Understandings; Amendments</u>.  With the exception of the Memorandum of Agreement, which is expressly incorporated herein as an essential component of this Settlement Agreement, this Agreement supersedes all prior

agreements or understandings, written or oral, among W. R. Grace and the Class relating to the U.S. ZAI Claims, and incorporates the Parties' entire understanding of this settlement. This Settlement Agreement may be amended or supplemented only by a written instrument signed by both of the Parties.

20. **Binding Agreement**. This Agreement shall be binding upon and inure to the benefit of each of the Parties, and their respective affiliates, successors, trustees, administrators and assigns, and all other persons acting on behalf of or at the direction or control of a Party, and any trustee that may be appointed for the Debtors under the Bankruptcy Code. This Agreement shall be binding upon the reorganized Debtors, any asbestos property damage trust, the ZAI trustee, and any paying agent under the Plan incorporating this Agreement, as contemplated by the Memorandum of Understanding, and all persons acting on behalf of or at the direction or control of each such entity, on and as of the Effective Date of the Plan.

21. **No Effect Upon Certain Rights of Claimants Against Other Parties Liable for ZAI Claims**. Nothing in this Agreement shall bar, or shall be deemed or construed to limit in any respect, the rights of members of the Class to seek recovery from any person or entity other than the Debtors or any Asbestos Protected Party (as defined in the Plan) who has or may have any legal liability or responsibility with respect to ZAI in the structures underlying the U.S. ZAI Claims, so long as in seeking such recovery a Class member does not trigger or cause any contingent or indemnity claim to be triggered against the Debtors.

22. **Counterparts**. This Settlement Agreement may be executed in counterparts, all of which constitute a single, entire agreement.

December ___, 2008

| | |
|---|---|
| W. R. GRACE & CO., et al<br>DEBTORS AND DEBTORS IN<br>POSSESSION: | THE ZONOLITE ATTIC INSULATION<br>CLASS, By Their Counsel: |

_____

*[signature]*
Edward J. Westbrook, Esq.
Richardson, Patrick, Westbrook & Brickman
1037 Chuck Dawley Blvd., Building A
Mount Pleasant, SC 29464
Phone: (843) 727-6513

-and-

*[signature]*
Darrell W. Scott, Esq.
The Scott Law Group, PS
926 W. Sprague Avenue
Chronicle Building, Suite 583
Spokane, WA 99201
Phone: (509) 455-3966

-and-

*[signature]*
Elizabeth J. Cabraser, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA 94111-3339
Phone: (415) 956-1000

12

December 15, 2008

| | |
|---|---|
| W. R. GRACE & CO., et al<br>DEBTORS AND DEBTORS IN<br>POSSESSION: | THE ZONOLITE ATTIC INSULATION<br>CLASS, By Their Counsel: |

*Richard C. Finke*

Richard C. Finke
Assistant General Counsel
— Litigation
W. R. Grace + Co.

_____

Edward J. Westbrook, Esq.
Richardson, Patrick, Westbrook & Brickman
1037 Chuck Dawley Blvd., Building A
Mount Pleasant, SC 29464
Phone: (843) 727-6513

-and-

_____

Darrell W. Scott, Esq.
The Scott Law Group, PS
926 W. Sprague Avenue
Chronicle Building, Suite 583
Spokane, WA 99201
Phone: (509) 455-3966

-and-

_____

Elizabeth J. Cabraser, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA 94111-3339
Phone: (415) 956-1000

12