**Exhibit 5**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | ORDER |

This matter came before the Court on motion of the U.S. ZAI Claimants for an order: (1) provisionally certifying a U.S. ZAI Class pursuant to Fed. R. Bankr. P. 7023 and Federal Rule of Civil Procedure 23; (2) appointing representatives and counsel for the U.S. ZAI Class; (3) preliminarily approving a U.S. ZAI Class Settlement; and (4) approving a form of notice to be sent to U.S. ZAI Class members. There is no objection to the motion.[1] Upon consideration of the pleadings and record in this case, the Court grants the motion in its entirety.

In that regard, the Court finds that the requirements of Rule 23 for certification of the proposed U.S. ZAI Class have been met.

With respect to Rule 23(a)(1), the Court finds that U.S. ZAI Class members number in excess of 16,000. Class members are predominantly individual residential property owners having claims of modest economic value. Joinder and individual participation of this large community of claimants is impractical.

With respect to Rule 23(a)(2), the Court finds that multiple questions of law and fact are common to members of the class. Questions common to class members' claims include the extent of asbestos contamination in ZAI, the risks posed by asbestos contamination of ZAI, and whether Debtors' ZAI marketing and sales practices could result in liability to class members.

---

[1] Two objections originally filed to the motion by the United States and the law firm of Lukins & Annis, P.S. respectively, have been withdrawn by stipulation.

1

With respect to Rule 23(a)(3), the Court finds that the claims of the proposed Class Representatives, Marco Barbanti and Ralph Busch, are typical of the claims of the Class. These Class Representatives, like all other Class members, have advanced property damage claims arising out of alleged asbestos contamination of ZAI on their properties. Class Representatives' claims and Class members' claims arise from the same events and course of conduct and are based on the same legal theories.

With respect to Rule 23(a)(4), the Court finds that the proposed Class Representatives and Class Counsel will fairly and adequately protect the interests of the Class. Class Counsel are highly competent, possess extensive experience in asbestos and class action litigation, and have demonstrated this competence before the Court. The Court further determines that there is no conflict of interest between the named plaintiffs and the remainder of the Class that would disqualify them from serving as class representatives.

Further, the Court finds that the requirements of Rule 23(b)(3) are met. Questions of law or fact common to class members predominate over any questions affecting individual members. Common core factual and legal issues present a significant aspect of any determination of Grace's liability to U.S. ZAI claimants. These issues include a determine as to whether and the extent to which ZAI is contaminated with asbestos; whether and the extent to which ZAI poses a risk when installed in properties; and whether Debtor's marketing and sales practices could constitute unfair, misleading, or deceptive business practices.

The Court determines that the class action is a superior method for fairly and efficiently adjudicating this controversy. In this regard, the Court finds that Class members do not have a strong interest in individually controlling prosecution of their claims. Indeed, it would be cost-prohibitive for the vast majority of Class members to defend their claims in the bankruptcy court

and otherwise navigate a complicated objection process. Individual adjudication of these claims would present this Court with severe management difficulties and involve unacceptable redundancies, while class treatment offers significant judicial efficiencies. Accordingly, the Court certifies the following Class pursuant to Rules 23(a) and 23(b)(3):

> All holders of U.S. ZAI claims that were filed with the Bankruptcy Court on or before the U.S. ZAI Bar Date, except the United States for its ZAI claims filed on behalf of the United States Forest Service.[2]

Marco Barbanti and Ralph Busch are appointed as Class Representatives. Edward J. Westbrook, Esq., Darrell Scott, Esq., and Elizabeth Cabraser, Esq. are appointed as Class Counsel.

The Court has reviewed the proposed form of notice to Class members.[3] The Court approves the notice, determines that direct notice by first class mail to Class members is the best notice practicable, and orders that such notice be sent within ten (10) days of the date of this Order.

Finally, the Court has considered the proposed U.S. ZAI Class Settlement and determined that it satisfies the standards for preliminary approval. The terms of the proposed settlement are within the range of reasonableness and contain no obvious deficiencies that would cause the Court to deny preliminary approval. The Court is convinced that the U.S. ZAI Class Settlement was the product of extensive, arms-length negotiations and involved experienced and well informed constituencies.

The stage of the proceedings also favors preliminary approval of the proposed U.S. ZAI Class Settlement. The Court and the principal negotiating parties have been substantially

---

[2] In response to an objection by the United States that its interests can only be represented by the Department of Justice, the parties agreed to modify the originally proposed class definition by excepting the United States Forest Services' ZAI claims. The Court finds this modification appropriate.

[3] The parties have supplied a slightly revised notice that takes account of the exemption of the United States from the class definition. This version will be sent to class members.

engaged in matters relating to ZAI claims for several years. The negotiating parties have had the benefit of significant discovery, as well as the Court's rulings in connection with the Science Trial summary judgment motions and other ZAI motions. In light of the circumstances of this case, the difficulties encountered and likely to be encountered in further prosecution of the ZAI claims, the scientific and other controversies surrounding ZAI, and the difficulties of proof that would likely face ZAI Claimants, the Court finds that the proposed settlement is well within the range of possible approval and should be submitted to the Class for comment.

Therefore, it is hereby Ordered, Adjudged, and Decreed that:

1. The U.S. ZAI Class is provisionally certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3);

2. Marco Barbanti and Ralph Busch are appointed as Class Representative of the U.S. ZAI Class;

3. Edward J. Westbrook, of Richardson, Patrick, Westbrook & Brickman; Darrell W. Scott, of The Scott Law Group, P.S.; and Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein, LLP, are appointed as Class Counsel for the U.S. ZAI Class;

4. The U.S. ZAI Class Settlement is preliminarily approved;

5. The notice to U.S. ZAI Class members is approved and shall be sent to all U.S. ZAI Class Members by first class mail within ten days of the entry of this order

6. A hearing on final approval of the U.S. ZAI Class Settlement shall be held on _____ at _____.

IT IS SO ORDERED, this ____ day of _____ 2009.

                                                                                    _____
                                                                                    Hon. Judith K. Fitzgerald

5

                              United States Bankruptcy Judge