IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., *et al.,* | : | Case No. 01-01139-JKF |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | Related Docket No. 20380 |

**RESPONSE AND OBJECTION OF KAZAN, MCCLAIN, ABRAMS, FERNANDEZ, LYONS, FARRISE & GREENWOOD, A PROFESSIONAL LAW CORPORATION TO LIBBY CLAIMANTS' MOTION TO COMPEL ASBESTOS PI COMMITTEE TO RESPOND TO LIBBY CLAIMANTS' INTERROGATORIES**

Kazan, McClain, Abrams, Fernandez, Lyons, Farrise & Greenwood, A Professional Law Corporation ("Kazan McClain") and Roberta Jeffery, Esquire ("Jeffery"), by and through its attorneys Montgomery, McCracken, Walker & Rhoads, LLP, responds and objects to the Libby Claimants' Motion to Compel Asbestos PI Committee to Respond to Libby Claimants' Interrogatories (the Libby Claimants' "Motion"), and states:

**I.   Background**

1.   On December 23, 2008, the Libby Claimants served a set of Second Interrogatories Propounded Upon Asbestos PI Committee ("The Interrogatories"). On December 29, 2007, the Libby Claimants followed up with their Motion.

2.   The Interrogatories seek numerous broad categories of information within the "knowledge" of the Committee. The Interrogatories define "knowledge" to mean "the knowledge of the Asbestos PI Committee upon inquiry of all of its professionals and its members (including members' counsel)." Interrogatories at p.2 (emphasis added).

2384158v1

3.	Kazan McClain represents Jeffery, who is a member of the Committee. Consequently, the Interrogatories effectively purport to require the Committee to obtain discovery, on the Libby Claimants' behalves, from both Kazan McClain and Jeffery.

## II.	Analysis

4.	In essence, the Libby Claimants are seeking discovery from Jeffery and Kazan McClain via discovery requests served not upon Kazan McClain, but upon an unrelated third party. Seeking discovery in this manner is utterly unsupportable under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

5.	Importantly, the Committee is neither an agent nor any other type of surrogate for either Jeffery or Kazan McClain. In addition, it does not represent Kazan McClain in any way, and represents Jeffery only as a general fiduciary for the creditor body. This much is black letter bankruptcy law. See, e.g., In re Kensington Int'l Ltd., 368 F.3d 289, 315 (3d Cir. 2004) ("'Counsel for the creditors' committee do not represent any individual creditor's interest in this case; they are retained to represent the entire unsecured creditor class.' So while the Committee had a duty to represent the collective interests of the unsecured creditors, it did not have the authority to bind each individual creditor. This stands in stark contrast to the attorney-client relationship . . . .") (quoting In re Levy, 54 B.R. 805, 807 (Bankr. S.D.N.Y. 1985)).

6.	The Committee has no power to legally bind Jeffery or Kazan McClain, has no power to respond to discovery on Jeffery's or Kazan McClain's behalves, and certainly has no authority to search through Kazan McClain's business and proprietary records in order to produce such information to a third party.

2384158v1

7.    When one party seeks discovery from another, the party seeking discovery must serve its requests on the other. The party seeking discovery cannot serve its requests on a third party, and then demand that the third party act as private investigator to obtain the requested information. On the contrary, under our system of jurisprudence, a party must serve its discovery requests directly upon the party from whom it seeks the information in question.

8.    This gross procedural, and indeed logical, defect aside, even if the Libby Claimants had properly served their Interrogatories on Jeffery and/or Kazan McClain, the Interrogatories are vastly overbroad, intrusive, and burdensome. They seek information that appears largely irrelevant to the Libby Claimants' Plan objection, call for expert opinion, and intrude into material covered by the work product doctrine and by the attorney-client privilege.

9.    Because the Libby Claimants have not served their discovery requests on Jeffery and/or Kazan McClain, because the Committee is not Jeffery's or Kazan McClain's individual agent in discovery (or any other) matters, and because the Committee (even if it were willing to do so) has no authority to bind individual creditors or act as the Libby Claimants' own private investigator, Jeffery and Kazan McClain will not at present set out detailed substantive objections to the Interrogatories, but are compelled to bring to the Court's attention this improper and offensive definition.

10.   Jeffery and Kazan McClain incorporate by reference all of the objections that the Committee and the Various Law Firms make in their oppositions to the Libby Claimants' Motion. Jeffery and Kazan McClain reserve all of their respective rights to object to the Interrogatories on any ground should the Libby Claimants at any point in the future seek discovery from Kazan McClain through a proper procedural channel.

WHEREFORE, Jeffery and Kazan McClain respectfully request that the Court enter an Order denying the Libby Claimants' Motion in full with prejudice.

Dated: January 7, 2009

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

By: /s/ Laurie A. Krepto
Laurie A. Krepto, Esquire (4109)
1105 North Market Street, Suite 1500
Wilmington, DE 19801
(302) 504-7800
(302) 504-7820 (facsimile)

and

Natalie D. Ramsey, Esquire (PA only)
Simon E. Fraser, Esquire (PA only)
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
(215) 772-7620 (facsimile)

Attorneys for Kazan, McClain, Abrams, Fernandez, Lyons, Farrise & Greenwood, A Professional Law Corporation and for Roberta Jeffery, Esquire