IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., et al., ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| Debtors. ) | |
| | Re. Docket No. 20378 |
| | Jan. 13-14, 2009 Hearing Agenda #4 |

**DEBTORS' RESPONSE TO LIBBY CLAIMANTS'
MOTION TO COMPEL DEBTORS TO RESPOND TO LIBBY CLAIMANT'S
DOCUMENT REQUESTS**

The Libby Claimants have moved this Court to compel the Debtors to produce three broad categories of voluminous data from the asbestos personal injury estimation proceedings: (i) all images of personal injury questionnaires ("PIQ's"); (ii) all images of personal injury proofs of claim ("POC's"); and (iii) the Rust database which recorded the objective data contained on the PIQ's and POC's. The Debtors object to these requests for two reasons:

First, the Debtors do not control the requested data and do not have the power to produce it without the entry of an order from the Court directing its production and providing the appropriate confidentiality protections. The data requested is subject to numerous Protective Orders in the estimation proceedings. Counsel for personal injury claimants have voiced strong objections to both (i) the wholesale production of such data to the Libby Claimants or any other parties; and (ii) the use of such data for any purposes outside of the estimation proceedings.

Second, the Libby Claimants' have not even attempted to establish a foundation for their current Discovery Requests. They are not proper requests under the Bankruptcy Rules due to their lack of focus and absence of any relevance to the confirmation proceedings. The requests as currently drafted are extremely broad, implicating over four million pages of hard copy data and an extensive database. No showing has been made under Bankruptcy Rule 7026

K&E 13938569.1

or otherwise that the broad discovery requested is relevant to the confirmation proceedings or reasonably calculated to lead to the discovery of admissible evidence.

Having stated these objections, Grace nonetheless acknowledges that some of the information contained within the Libby Claimants' broad discovery requests may well be relevant to the confirmation proceedings. Indeed, the Debtors believe that they may themselves need to use some of the data from the estimation for the Confirmation proceedings. The Debtors are in communication with PI counsel to reach an agreement on the use of certain of that data in the confirmation proceedings. The Debtors encourage the Libby Claimants to do the same. Given the confidentiality of much of the medical and other personal claimant information at issue, it is particularly important that the requests be focused on the relevant confirmation issues before this information is disseminated beyond the confines of the existing Protective Orders.

For these reasons, the Court should decline to compel compliance with the Discovery Requests as presently structured. The Libby Claimants should be directed to submit

*[Remainder of Page Intentionally Left Blank]*

K&E 13938569.1

more specific, targeted requests that focus on relevant issues to the confirmation proceedings.

Dated: January 7, 2009

> KIRKLAND & ELLIS LLP
> David M. Bernick, P.C.
> Janet S. Baer
> 200 East Randolph Drive
> Chicago, IL 60601
> Telephone: (312) 861-2000
> Facsimile: (312) 861-2200
>
> -and-
>
> PACHULSKI STANG ZIEHL & JONES LLP
>
> /s/ James E. O'Neill
> Laura Davis Jones (Bar No. 2436)
> James E. O'Neill (Bar No. 4042)
> Kathleen P. Makowski (Bar No. 3648)
> Timothy P. Cairns (Bar No. 4228)
> 919 North Market Street, 17th Floor
> Wilmington, DE 19801
> Telephone: (302) 652-4100
> Facsimile: (302) 652-4400
>
> Co-Counsel for the Debtors and Debtors in Possession

3

K&E 13938569.1