**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF ANDERSON KILL & OLICK, P.C.
FOR THE THIRTIETH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee

auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of Anderson

Kill & Olick, P.C., for the Thirtieth Interim Period (the "Application").

**BACKGROUND**

1.      Anderson Kill & Olick, P.C. ("AKO"), was retained as special insurance counsel to the

official committee of asbestos personal injury claimants.  In the Application, AKO seeks approval

of fees totaling $449,116.00 and expenses totaling $2,897.32 for its services from July 1 1, 2008

through September 30, 2008 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained

herein, we reviewed in detail the Application in its entirety, including each of the time and expense

entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule

2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware,

Amended Effective February 1, 2008, and the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, Issued

January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent

established in the United States Bankruptcy Court for the District of Delaware, the United States

District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served an

initial report on AKO, and received a response from AKO, portions of which response are quoted

herein.

## DISCUSSION

### General Issues

3.      In our initial report, we noted that it appeared from AKO's expense detail that it billed its

in-house photocopies at $0.25 per page during the months of July and August 2008.  Local Rule

2016-2(e)(iii) limits in-house copying charges to $0.10 per page.[1]  Thus, we asked AKO regarding

this issue, and AKO responded as follows:

> July 1-31, 2008:
> | | |
> |---|---|
> | Originally Billed: | $307.75 |
> | Should be: | $123.10 |
> | **AKO Reduction of:** | **$184.65** |
>
> August 1-30, 2008:
> | | |
> |---|---|
> | Originally Billed: | $62.75 |
> | Should be: | $25.10 |
> | **AKO Reduction of:** | **$37.65** |

We appreciate AKO's response and recommend a reduction of $222.30 in expenses.

### Specific Time and Expense Entries

4.      In our initial report, we noted the following time entries in which there was a discrepancy

---

[1]The rule reads as follows:  "The motion shall state the requested rate for copying charges (which shall not exceed $.10 per page), computer-assisted legal research charges (which shall not be more than the actual cost) and outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)."

between the total time billed and the time recorded in parentheses:

| 07/11/08 | Scott's claim (2.00).  Assignment of insurance (1.00). Confer with Jeff Posner (1.00). Conference call regarding C. N. A. coverage (1.00).   Prepare for same (.50).  Follow-up (.50). | RMH | 7.00 | $5,530.00 |
|---|---|---|---|---|
| | Time recorded in parentheses and resulting fees: | | 6.00 | $4,740.00 |
| | Overcharge: | | 1.00 | $790.00 |

| 07/30/08 | Analysis of settlement agreements re: "Coverage in Place" payment and other issues (4.10); analysis of selected insurance policies re: stub periods and repetition of limits in multi-year policies (2.80). | GFF | 7.20 | $2,124.00 |
|---|---|---|---|---|
| | Time recorded in parentheses and resulting fees: | | 6.90 | $2,035.50 |
| | Overcharge: | | 0.30 | $88.50 |

Thus, we asked AKO whether or not it agreed that fee adjustments were warranted in these instances.

AKO responded as follows:

> ... (W)e agree with you that there are discrepancies, however, after investigating we have discovered that they were all mathematical errors.  We have made the appropriate adjustments on (Response) Exhibit A (attached hereto).

After reviewing these adjustments, we accept AKO's response and have no objection to these fees.

5.      In our initial report, we noted the following time entry which appeared to include non-working travel:

| 07/14/08 | Travel to and from Washington, D.C. for meeting regarding settlement with major domestic insurance company. | RMH | 4.00 | $3,160.00 |
|---|---|---|---|---|

Pursuant to Local Rule 2016-2(d)(viii): "Travel time during which no work is performed shall be

separately described and may be billed at no more than 50% of regular hourly rates." Thus, we asked

AKO whether the required 50% discount had been applied to this time.  AKO responded as follows:

> ... (T)his entry was given the incorrect Activity Code and should be transferred to W019 Travel (Non-Working).  Further, it is Mr. Horkovich's general practice to only bill for half his travel time.  For example, although the 4 hours were billed at his then-current rate, he only billed for *half of the hours* it took to travel to and from Washington, DC.  For clarity, we will attempt to have this noted on future bills.

While we understand AKO's response, we note that in the absence of any unusual delays (none being mentioned), a trip from New York to Washington, D.C. and back should take no more that four hours, and thus one-half the non-working travel time for the trip in question would have been closer to two hours, rather than four.  This would also be consistent with the time entries for AKO professionals' previous trips to and from Washington, D.C. in this and other cases.[2]  Thus, we recommend a reduction of $1,580.00 in fees.

## CONCLUSION

6.        In summary, we recommend approval of $447,536.00 in fees ($449,116.00 minus $1,580.00) and $2,675.02 in expenses ($2,897.32 minus $222.30) for AKO's services for the Application Period.

---

[2]We note the following time entry billed in this case for September 26, 2007:

| 09/26/07 | Travel to and from D.C. (billed at 50%) | W019 | RMH | 2.00 |
|----------|------------------------------------------|------|-----|------|

We note that, AKO professionals, including Mr. Horkovich, billed similar time entries for trips to and from Washington, D.C., in the *Federal-Mogul* bankruptcy.  *See* Fee Auditor's Final Report Regarding Anderson Kill & Olick, P.C. for the Seventh Interim Period, ¶ 7; Fee Auditor's Final Report Regarding Anderson Kill & Olick, P.C. for the Ninth Interim Period, ¶ 6; Fee Auditor's Final Report Regarding Anderson Kill & Olick, P.C., for the Twelfth Interim Period, ¶ 5; and Fee Auditor's Final Report Regarding Anderson Kill & Olick, P.C. for the Twenty-Second Interim Period, ¶ 5.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
       Warren H. Smith
       Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 9th day of January, 2009.

_____
       Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Robert M. Horkovich
Robert Y. Chung
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

**RESPONSE EXHIBIT A**

**Prior omissions and any Changes are in blue and bolded.**

| 07/28/08 | Scott's claim (2.00).  Assignment of insurance (1.00).  Confer with Jeff Posner (1.00). Conference call regarding C.N.A. coverage (1.00). Prepare for same **(1.50)**.  Follow-up (.50). | RMH | 7.00 | $5,530.00 |
|---|---|---|---|---|
| | **1.50 figure was incorrectly entered as ".50"** | | | |

| 07/30/08 | Analysis of settlement agreements re:  "Coverage in Place" payment and other issues **(4.40)**; analysis of selected insurance policies re: stub periods and repetition of limits in multi-year policies (2.80). | GFF | 7.20 | $2,124.00 |
|---|---|---|---|---|
| | **4.40 figure was incorrectly entered as "4.10"** | | | |