IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W. R. GRACE & CO., et al., | Case No. 01-01139 (JKF) (Jointly Administered) |
| Debtors. | Ref. Nos. 20204, 20339 and 20513 |

## OBJECTION OF BANK LENDER GROUP
## TO PLAN PROPONENTS' PROPOSED AMENDMENTS
## TO CASE MANAGEMENT ORDER

Certain lenders under the Prepetition Bank Credit Facilities[1] (the "Bank Lender Group"),[2] by their undersigned counsel, object to the proposed Second Amended Case Management Order, filed on January 13, 2009 ("Amended CMO") [Dkt. No. 20513] through which Grace seeks once again to delay the confirmation process and its emergence from chapter 11. By this Objection, the Bank Lender Group respectfully represents as follows:

---

[1] The Prepetition Bank Credit Facilities include (i) that certain Credit Agreement, dated May 14, 1998, among the W.R. Grace & Co. (the "Company"), W.R. Grace & Co.-Conn, The Chase Manhattan Bank, as Administrative Agent, Chase Securities Inc., as arranger, and certain Banks party thereto (the "1998 Credit Agreement"), and (ii) that certain 364-Day Credit Agreement, dated May 5, 1999, among the Company, W.R. Grace & Co.-Conn, Bank of America National Trust Savings Assoc., as documentation agent, The Chase Manhattan Bank, as administrative agent, Chase Securities Inc., as book manager, and certain Banks party thereto (as amended, the "1999 Credit Agreement", together with the 1998 Credit Agreement, the "Credit Agreements"). The Credit Agreements are attached as Exs. A and B to the Affidavit of Charles O. Freedgood of JPMorgan Chase Bank, N.A., filed August 15, 2008 [Dkt No. 19332].

[2] The Bank Claimants include (i) Anchorage Advisors, LLC; (ii) Avenue Capital Group; (iii) Babson Capital Management LLC; (iv) Bass Companies; (v) Caspian Capital Advisors, LLC; (vi) Catalyst Investment Management Co., LLC; (vii) Cetus Capital, LLC, (viii) DE Shaw Laminar Portfolios, LLC; (ix) Intermarket Corp.; (x) JD Capital Management, LLC; (xi) JP Morgan Chase, N.A. Credit Trading Group; (xii) Loeb Partners Corporation; (xiii) MSD Capital, L.P.; (xiv) Normandy Hill Capital, L.P.; (xv) Ore Hill Partners, LLC; (xvi) P. Schoenfeld Asset Management, LLC; (xvii) Restoration Capital Management, LLC; and (xviii) Royal Bank of Scotland, PLC. The Bank Lender Group, together with all holders of claims under the Credit Agreements, including the previous holders of such claims, are collectively referred to as the "Bank Lenders."

**Background**

1. On June 13, 2008, Grace objected to the proof of claims submitted on behalf of the Bank Lenders in connection with the Credit Agreements. The parties have completed briefing and argument on the objection and they await this Court's ruling.

2. On September 19, 2008, the Plan Proponents (comprised of Grace, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity) filed the Disclosure Statement [Dkt. No.19579] for their First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Dkt. No.19579].

3. On September 25, 2008, Grace filed a Motion for Entry of an order approving the Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief. [Dkt. No. 19260]. This Court has not yet approved the Disclosure Statement.

4. On December 5, 2008, this Court entered the Initial Case Management Order, which governs the schedule for the confirmation hearings ("CMO") [Dkt. No. 20204]. Paragraphs 3 and 4 of the CMO required parties in interest to file preliminary objections to confirmation of the First Amended Plan no later than December 22, 2008. In accordance with the CMO, a number of parties, including the Bank Lender Group, filed preliminary objections on December 22, 2008.[3] Several of the preliminary objections questioned the First Amended Plan's feasibility, and a number noted the absence of any proposed exit financing. See Dkt. No. [20305, 20308, 20312, 20315].

---

[3] Dkt Nos. 20305, 20306, 20307, 20308, 20309, 20310, 20311, 20312, 20313, 20315, 20317, and 20324.

5. The CMO currently provides that Phase I of the confirmation hearing will begin in April 2009, with Phase II of the confirmation hearing beginning in June 2009.

6. On December 23, 2008, Grace filed a Certificate of Counsel Re First Amended Case Management Order Related to the First Amended Joint Plan of Reorganization [Dkt No. 20339] which sought to amend the CMO in accordance with Exhibit A attached thereto. The proposed amended CMO submitted on December 23, 2008 was not approved or entered by the Court. On January 8, 2009, Grace's counsel announced their intention to amend the CMO to "push back" the schedule for 60 days so that Phase I will begin in June 2009 and Phase II will begin in early September 2009. Subsequently, Grace filed the proposed Amended CMO.

## **Objection**

7. The Bank Lender Group objects to the proposed Amended CMO. These cases have been pending for 7 years, 10 months and counting. What has happened to Grace's urgent pleas that this Court expedite the confirmation process so that it can emerge from chapter 11?

8. A bit of history: Grace previously made the following statements in connection with (a) advising this Court of the proposed schedule for emergence from chapter 11, (b) urging this Court to impose an expedited litigation and discovery schedule in response to the Bank Lender Group's argument that the objection to the Bank Lender's claims were premature and unripe, and (c) urging this Court to punish the Bank Lender Group for insisting on the Bank Lenders' legal rights:

> "Obviously a lot of work has to be done to make this agreement in principle into a plan of reorganization, but the company hopes very much and *I know that the folks who have agreed to the term sheet thus far hope very much to have Grace out of chapter 11 by the end of the year. It may spill over to the beginning part*

*of next year."* D. Bernick, counsel for Grace. Transcript of Hearing, April 7, 2008, at pp. 10-11, ln. 24-25, 1-4 (emphasis supplied).

" . . .the Lenders' demand is *inherently in conflict with the proposed resolution of these cases*. In that resolution, *all constituencies have agreed to stand down from the litigation process*." Objection dated June 13, 2008, at ¶ 4. (emphasis supplied)

" . . . because the Lenders' exorbitant demand is *inequitable*, and *immediately threatens the Proposed Asbestos Settlement, this Objection ensued."* Id. at ¶ 18 (emphasis supplied).

*"The Debtors' chapter 11 cases are nearing a critical juncture*. After years of litigating the Debtors' solvency in relation to the estimation of the Asbestos PI Claims, *the Debtors are poised to proceed with the Proposed Asbestos Settlement and emerge from chapter 11. The Lenders' most recent demand, however, threatens to derail this process.* Although the Lenders may argue that this Objection should be heard at confirmation of a plan based upon the Proposed Asbestos Settlement, the fact of the matter is that any effort to move forward with a plan without resolving this issue would only *invite unnecessary delay and expense and threaten the closure which now is at hand"* Id. at ¶ 44 (emphasis supplied).

*"There is an overriding need to schedule this matter, have it heard, have it resolved*, if it can't be resolved on a consensual basis because this is, in fact, a condition and predicate for the plan." D. Bernick, counsel for Grace. Transcript of Hearing, June 23, 2008, at p. 72, ln 15-18 (emphasis supplied).

"We'd like to get time in September and then *we would resist the idea that they can postpone now their time to respond to our brief."* D. Bernick, counsel for Grace. Id. at p. 73, ln 20-22 (emphasis supplied).

"There was also some discussion about pinning down any discovery that would be required in connection with the hearing because we were concerned that any such discovery might yet be effective[ly] deferring the hearing. *Obviously, you know from the debtor that we're very, very anxious to get this matter resolved."* D. Bernick, counsel for Grace. Transcript of Hearing, July 21, 2008, at p. 67, ln 6-11 (emphasis supplied).

"That is exactly what we were concerned about last time when we talked about the schedule and we had the very active discussion that I know your Honor will recall concerning the schedule is *that this matter starts to slide and it can't slide . . . ."* D. Bernick, counsel for Grace. Id. at pp. 77-78, ln 25, 1-4 (emphasis supplied).

***"This blunt proposal to set the chapter 11 case back two years*** at the behest of those who just decided to come on the scene and rewrite history still cannot get the Lenders more than what the anticipated plan will provide. ***Indeed, it should earn them less.*** Grace's Trial Brief in Support of Objection dated September 5, 2008, at ¶ 5 (emphasis supplied).

9. There is a simple explanation for Grace's inability to bring these cases to a close: its apparent inability to obtain exit financing. Without exit financing, the confirmation process for the First Amended Plan will drag out indefinitely. By seeking further delays, Grace has made its intentions clear. It would prefer to languish in chapter 11 until it can exit *and* preserve value for its current shareholders—despite the reality that its creditors, including personal injury claimants (who have waited almost eight years without receiving a dime) must continue to wait, with no real end in sight.

10. For the foregoing reasons, the Bank Lender Group hereby objects to the proposed CMO that seeks to extend the confirmation process by 60 days.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

### Reservation of Rights

11. The Bank Lender Group expressly reserves all of its rights, including its right to file a plan in its own right or with other constituents, or to seek the conversion of these chapter 11 cases to chapter 7.

Dated: January 13, 2009
      Wilmington, Delaware

LANDIS RATH & COBB LLP

_____
Richard S. Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Stephen J. Shimshak
Andrew N. Rosenberg
Margaret A. Phillips
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for The Bank Lender Group*