**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: ) <br> ) <br> W.R. GRACE & CO., et al., ) <br> ) <br> Debtors. ) <br> ) | **Chapter 11** <br> **Case No. 01-01139 (JKF)** <br> **(Jointly Administered)** <br> Objection Deadline: March 13, 2009 at 4:00 p.m. <br> Hearing: April 1, 2009 at 10:30 a.m. |

**EIGHTEENTH QUARTERLY INTERIM FEE APPLICATION OF
DAVID T. AUSTERN, ASBESTOS PI FUTURE CLAIMANTS
REPRESENTATIVE, FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD OF JULY 1, 2008 THROUGH SEPTEMBER 30, 2008**

Pursuant to 11 U.S.C. §§ 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Code"), and this Court's Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, signed April 17, 2002, amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Allowance and Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals, entered May 3, 2001 (collectively, the "Administrative Order"), David T. Austern, the Asbestos PI Future Claimants Representative ("FCR"), hereby submits this eighteenth quarterly interim application (the "Eighteenth Quarterly Interim Application") for an allowance of (i) compensation for professional services rendered to W.R. Grace & Co. and its affiliates (collectively, the "Debtors") for the period of July 1, 2008 through September 30, 2008 (the "Interim Period"), and (ii) the reimbursement of expenses incurred during the same period.

By this Eighteenth Quarterly Fee Application the FCR seeks the interim allowance of compensation in the amount of $16,750.00 and reimbursement of actual and necessary expenses in the amount of $2,203.00 for a total of $18,953.00, or 100% of all compensation and expense reimbursement requested, for the period July 1, 2008 through September 30, 2008.  In support of this Eighteenth Quarterly Interim Application, the FCR respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

### Background

2. On April 2, 2001 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. By an Order entered September 27, 2004, the Court appointed the FCR for the above captioned cases effective as of May 24, 2004.

### Monthly Fee Applications Covered Herein

4. The FCR filed his Forty-Fifth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses for the Period July 1-31, 2008 (the "Forty-Fifth Monthly") on September 23, 2008 requesting $4,160.00 (80% of $5,200.00) in fees and $32.00 in expenses [Dkt. No. 19597].  The deadline to file objections expired on October 13, 2008, no objections were filed and the FCR filed a Certificate of No Objection on October 14, 2008 [Dkt. No. 19748].

5. The FCR filed his Forty-Sixth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses for the Period August 1-31, 2008 (the "Forty-Sixth Monthly") on November 6, 2008 requesting $2,160 (80% of $2,700.00) in fees and no expenses [Dkt. No. 19952]. The deadline to file objections expired on November 26, 2008, no objections were filed and the FCR filed a Certificate of No Objection on November 28, 2008 [Dkt. No. 20155].

6. The FCR filed his Forty-Seventh Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses for the Period September 1-30, 2008 (the "Forty-Seventh Monthly") on November 6, 2008 requesting $7,080.00 (80% of $8,850.00) in fees and $2,171.00[1] in expenses [Dkt. No.19953]. The deadline to file objections expired on November 26, 2008, no objections were filed and the FCR filed a Certification of No Objection on November 28, 2008 [Dkt. No. 20156].

7. The Forty-Fifth, Forty-Sixth, and Forty-Seventh Monthly fee applications covered by this Eighteenth Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by the FCR during the Interim Period as well as other detailed information to be included in fee applications.

## Requested Relief

8. By this Eighteenth Quarterly Application, the FCR requests that the Court approve the interim allowance of compensation for professionals services rendered and

---

[1] Please note that there was a minor mathematical error in the total expense amount requested in the Forty-Seventh Monthly Fee Application for September 1-30, 2008. An $11.00 parking charge was inadvertently not included therein, thus, the total expense amount is $2,171.00 not $2,160.00.

-3-

the reimbursement of actual and necessary expenses incurred by the FCR from July 1, 2008 through September 30, 2008.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Forty-Fifth, Forty-Sixth, and Forty-Seventh Monthly fee applications and which have been filed with the Court as referenced above.

9. At all relevant times, the FCR has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of future asbestos claimants.

10. All services for which compensation is requested by the FCR were performed in his capacity as FCR and not on behalf of any Debtor, committee, creditor, or other person.

11. Other than the Debtors' obligation to pay fees and expenses allowed by this Court, the FCR has received no payment and no promise for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Debtors' cases.  There is no agreement or understanding between the FCR and any other person for the sharing of compensation to be received for services rendered in these cases.

WHEREFORE, the FCR respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period July 1, 2008 through September 30, 2008, an allowance be made to the FCR in the sum of $16,750.00 as compensation for reasonable and necessary professional services rendered and expenses in the amount of $2,203.00 for a total of $18,953.00, that the Debtors be authorized and directed to pay to FCR the outstanding amount of such sums, and for such other and further relief as this Court may deem just and proper.

                                  Respectfully submitted,

                                  */S/ DAVID T. AUSTERN*
                                  David T. Austern, Future Claimants Representative
                                  Claims Resolution Management Corporation
                                  3110 Fairview Park Drive, Suite 200
                                  Falls Church, VA  22042-0683
                                  (703) 205-0835

Dated: January 12, 2009