# **ATTACHMENT 2**

# (Notice)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### NOTICE OF CLASS CERTIFICATION AND PROPOSED SETTLEMENT WITH W.R. GRACE & CO. AND AFFILIATED DEBTORS

**TO:    ALL HOLDERS OF ZONOLITE ATTIC INSULATION CLAIMS IN THE UNITED STATES (US ZAI CLAIMS)**

This Notice is being issued pursuant to an Order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and Rule 23 of the Federal Rules of Civil Procedure. The purpose of this Notice is to inform you of: (1) the certification of a class action (the "Class") of holders of US ZAI Claims (defined below); (2) a proposed settlement by the Class with W. R. Grace & Co. and its affiliated debtor companies (collectively, the "Debtors" or "W. R. Grace"); (3) your right to exclude yourself from the Class; (4) your right, if you do not exclude yourself from the Class, to comment on the proposed settlement, and (5) a hearing scheduled for April 1, 2009 at 10:30 a.m. at the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, DE 19801, to consider approval of the proposed settlement. You are being informed of these matters so that you may make appropriate decisions concerning the steps you may wish to take concerning your claim.

**PLEASE READ THIS NOTICE CAREFULLY IN ITS ENTIRETY. YOUR LEGAL RIGHTS MAY BE AFFECTED BY THESE LEGAL PROCEEDINGS AND THE PROPOSED SETTLEMENT WHICH IS DISCUSSED HEREIN.**

1

## I.    BRIEF SUMMARY OF THE LITIGATION

1. On April 2, 2001, each of the Debtors commenced a chapter 11 case by filing a voluntary petition in the Bankruptcy Court.

2. At the time the Debtors commenced their chapter 11 cases, there were pending a number of lawsuits asserting property damage and other injuries from Zonolite Attic Insulation ("ZAI") installed in homes and other structures. The commencement of the chapter 11 cases stayed all such litigation.

3. ZAI is expanded vermiculite formerly sold by W. R. Grace and predecessor companies under several trade names. The claimants in the ZAI litigation allege that ZAI can release asbestos fibers into the home environment, contaminating the structure and endangering the health of those who may come in contact with ZAI. The ZAI Claimants assert that W. R. Grace should bear the costs of inspection, testing, identification, analysis, repair and remediation of the ZAI. The ZAI legal claims include negligence, strict liability, breach of warranty, misrepresentation and equitable remedies. W. R. Grace denies any liability for any ZAI claim and has asserted numerous defenses to those claims.

4. Beginning in November 2001, counsel for certain ZAI claimants (the "ZAI Claimants") sought to have all claims relating to ZAI in the United States ("US ZAI Claims") treated in a class action. On October 29, 2008, counsel for the ZAI Claimants filed a motion for class certification on behalf of US ZAI Claimants.

5. The sending of this Notice is not to be construed as an expression of any Opinion by the Bankruptcy Court about the merits of any claim or defenses. The foregoing is only a summary of the contentions of the ZAI Claimants and W. R. Grace. The pleadings and other records of this litigation more fully reflect the respective contentions of the parties. You or your counsel may review the pleadings and other papers filed with the Office of the Clerk of Court,

2

United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801.

## II. CLASS CERTIFICATION AND OPT-OUT RIGHTS

6. This Court has appointed Class Counsel and certified a Class in the Debtors' chapter 11 cases under Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Class consists of all holders of US ZAI Claims that were filed on or before the ZAI bar date established by the Bankruptcy Court of October 31, 2008 (the "ZAI Bar Date"), except the United States for its ZAI claims filed on behalf of the United States Forest Service.

7. This class certification does not imply a conclusion that any entity within the Class was injured as a result of ZAI. This class certification applies to all claims for damages and equitable relief by members of the Class, whether now existing or which may arise in the future concerning asbestos property damage from ZAI installed in any building owned or rented by a Class member, or any alleged contamination ZAI may have created or will create. If you properly filed a US ZAI Claim with the Bankruptcy Court on or before the ZAI Bar Date, you are automatically a member of the Class unless you exclude yourself from the Class by following the opt-out procedures in this Notice.

8. Any member of the Class who does not wish to remain a Class member may be excluded from the Class by requesting exclusion through the attached Request for Exclusion. If you exclude yourself from the Class, you will not be a member of the Class and will not be represented by Class Counsel. If you choose, you may enter an appearance in this matter through an attorney of your choice, but you will be responsible for compensation to that attorney. If you remain a Class member, you will not be responsible for any fees or costs of Class Counsel, who will apply to the Bankruptcy Court for fees and costs out of the fund created for the class. If you desire to exclude yourself from the Class, you must send the attached Request for Exclusion

3

form to the Claims Agent appointed in the Debtors' chapter 11 cases at the address contained on the form by March 23, 2009.

9. IF YOU WISH TO REMAIN A MEMBER OF THE CLASS AND SHARE IN THE CLASS SETTLEMENT BENEFITS AS DISCUSSED HEREIN, YOU NEED DO NOTHING AT THIS TIME. YOU WILL BE NOTIFIED WHEN THE CLASS SETTLEMENT HAS BEEN FINALLY APPROVED AND INCORPORATED INTO A CONFIRMED GRACE REORGANIZATION PLAN.

### III.    PROPOSED CLASS SETTLEMENT

10. On November 21, 2008, counsel for the ZAI Claimants, acting on behalf of a proposed class of US ZAI claimants, entered into a Term Sheet for Resolution of U.S. Zonolite Attic Insulation Claims with W. R. Grace. ZAI Claimants thereafter entered into a Class Settlement Agreement on December 15th, 2008 (the "Settlement"), which incorporate the provisions of the Term Sheet. A copy of the Settlement is enclosed with this Notice. The Settlement is designed to be incorporated into W. R. Grace's chapter 11 plan of reorganization (the "Plan"), which if approved by the Bankruptcy Court will provide benefits for all Class members including a monetary benefit to those Class members who undertake ZAI remedial action.

11. In summary, the Settlement provides that, W. R. Grace will create a Trust under section 524(g) of the Bankruptcy Code with an expected life of at least twenty-five (25) years. The Trust will be funded by two non-contingent payments - an initial payment of $30 million on the effective date of the Plan, followed by an additional $30 million on the third anniversary of the Plan's effective date. Depending on the pace at which this initial funding is used for Trust claims and operations, W. R. Grace has agreed to make additional, contingent payments to the Trust beginning on the fifth anniversary of the Plan's effective date of up to $80 million over the

following twenty (20) years. A ZAI Trustee will administer the Trust funds which will be used for: (1) a comprehensive ZAI educational program for homeowners and others who may encounter ZAI; (2) reimbursement for ZAI remedial action of 55% of a claimant's approved remediation costs up to a maximum reimbursement of $4,125 (55% of a $7,500 expenditure); and (3) Trust operation expenses and attorneys' fees and costs. To qualify for reimbursement from the Trust, a claimant will be required to document the existence of ZAI in the structure and the costs of remedial action undertaken. Under certain limited circumstances, the ZAI Trustee may reimburse a Claimant above the $7,500 expenditure ceiling.

12. This is only a summary of the important provisions of the Settlement. If you have questions concerning the Class certification, the Settlement, or the effect of these developments on your claim, you should contact Class Counsel at the address listed in this Notice.

13. By entering into this Settlement, W. R. Grace does not admit responsibility for any US ZAI Claim. W. R. Grace expressly denies liability to the ZAI Claimants and the Class for any US ZAI Claims. The proposed Settlement is not to be construed as an admission of liability on the part of W. R. Grace.

14. The Court has certified the Class, granted preliminary approval to the Settlement and approved the sending of this Notice to the Class. This Notice is not an expression of any opinion by the Court about the merits of the Settlement or whether it will be finally approved as part of the Plan. The purpose of this Notice is to inform you about the Class certification, the proposed Settlement and of the rights you have with respect to them.

15. Each member of the Class who does not exclude itself is entitled to be heard with respect to the proposed Settlement described in this Notice. Members of the Class will share the benefits of the Settlement described herein only if it is approved by the Court in connection with confirmation of the Plan and the Plan becomes effective.

16. A hearing to determine the adequacy, fairness and reasonableness of the Settlement will be held on **April 1, 2009 at 10:30 a.m. (prevailing Eastern time)** at the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, DE 19801. The approval hearing, once commenced may be adjourned from time to time by the Court, without further notice.

17. At the approval hearing, any member of the Class may appear in person or by counsel and be heard to the extent allowed by the Court in support of or in opposition to the fairness, reasonableness and adequacy of the settlement. However, no class member will be heard in support of or in opposition to the settlement, and no paper or briefs submitted by any such party will be accepted or considered by the Court unless, by March 13, 2009, such class member: (1) files with the Clerk of Court, United States Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington Delaware 19801, notice of its intention to appear, together with a statement that indicates the basis for its support or opposition; and (2) serves copies thereof, and copies of any other papers or briefs it files with the Court, upon Class Counsel who have been appointed by the Court:

| | | |
|---|---|---|
| Edward J. Westbrook, Esq. | Darrell W. Scott, Esq. | Elizabeth Cabraser, Esq. |
| Richardson Patrick Westbrook | The Scott Law Group, PS | Lieff, Cabraser, Heimann |
| & Brickman | 926 W. Sprague Avenue | & Bernstein, L.L.P. |
| P. O. Box 1007 | Chronicle Building, Ste. 583 | Embarcadero Center West |
| Mount Pleasant, SC 29465 | Spokane, WA 99201 | 275 Battery Street, 30th Floor |
| | | San Francisco, CA 94111 |

and on counsel for W.R. Grace:

| | |
|---|---|
| Kirkland & Ellis LLP | Kirkland & Ellis LLP |
| David M. Bernick, P.C. | Theodore L. Freedman |
| Janet S. Baer | Deanna D. Boll |
| 200 East Randolph Drive | Craig A. Bruens |
| Chicago, Illinois 60601 | 153 East 53rd Street |
| | New York, New York 10022 |

18. Class Counsel recommend final approval of the Settlement described herein as fair and reasonable and in the best interests of the members of the Class, in view of: (1) the risks and costs of continuing litigation involving US ZAI Claims against W. R. Grace; (2) the substantial and valuable benefits that will accrue under the terms of the Settlement to the Class; and (3) the favorable sum of the Settlement in light of the risks and uncertainties facing the ZAI Claimants and W. R. Grace.

19. If the Settlement is approved as part of W. R. Grace's Plan, the settlement funds will be paid pursuant to the Plan to a Trust created in compliance with § 524(g) of the Bankruptcy Code. The funds will be maintained in full, subject only to such deductions or expenditures as are expressly provided for in the Plan and trust agreement provided for in the Plan, or otherwise as ordered by the Bankruptcy Court. The Settlement contemplates that the ZAI Trustee who will administer the settlement funds will operate under a trust agreement and trust distribution procedures that will carry out the purpose and intent of the Settlement to provide a fair and efficient program for education concerning ZAI in homes and financial assistance for ZAI remedial action.

20. Notice is expressly given that, subject to judicial approval, the settlement funds may be disbursed in part to Class Counsel for their efforts in creating the settlement fund in an amount of up to 25% of the non-contingent payment by W. R. Grace to the Trust. Subject to

7

Bankruptcy Court approval, Class Counsel may also be paid from the settlement fund for their unreimbursed out-of-pocket ZAI litigation costs.

21. The Plan and its incorporation of the Settlement provides that all members of the Class will be forever barred from instituting, maintaining, or prosecuting against W. R. Grace or any other Asbestos Protected Party (as defined in the Plan) any of the claims asserted or which could have been asserted in the ZAI litigation. Class members shall be deemed to have forever released, relieved and discharged W. R. Grace, its predecessors and successors, past and present assigns, representatives, subsidiaries, divisions, affiliates, receivers, parents, shareholders, partnerships and partners, and all of their officers, directors, agents, employees, insurers and attorneys, both past, present and future from any and all manner of claims, demands, rights, or causes of action, past, present or future, known or unknown arising from ZAI property damage, that the members of the Class, individually and collectively, had, now have, or hereinafter can, shall, or may have against W. R. Grace.

22. This summary of certain aspects of the litigation, the Class certification and the proposed Settlement is not intended, and should not be construed, as a complete statement on these matters. The pleadings and orders regarding the US ZAI Claims, the Class certification and the proposed Settlement are on file with the Clerk of Court and are also available for inspection and copying of the offices of Class Counsel.

**IF YOU HAVE QUESTIONS CONCERNING ANYTHING IN THIS NOTICE, YOU SHOULD CONTACT YOUR LEGAL COUNSEL OR CLASS COUNSEL. DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

Dated: January 15, 2009

                                                      Clerk of Court
                                                      The United States Bankruptcy Court
                                                      District of Delaware

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## US ZAI CLAIMANT REQUEST FOR EXCLUSION

The undersigned ZAI Claimant hereby requests to be excluded from the US ZAI class action.

_____
Claimant Name

_____
Street or P. O. Box

_____
City, State  Zip Code

_____                    _____
Date                                                                   Signature


**Mail form to:** Clerk of Court
US Bankruptcy Court
c/o Rust Consulting
Re:  W.R. Grace & Co. Bankruptcy
P. O. Box 1620
Faribault, MN  55021-1620


**THIS FORM MUST BE RECEIVED AT THE ABOVE ADDRESS BY
MARCH 23, 2009 TO BE VALID.**

9