THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Related Docket Nos. 19813 and 20124** |
| | ) | |

**Objection Deadline: February 6, 2009 at 4:00 p.m.**
**Hearing Date: February 23, 2009 at 10:30 a.m.**

### DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING THE THIRD AMENDMENT TO THE SALE OF DEBTORS' REAL PROPERTY IN SAN LEANDRO, CALIFORNIA TO ALCO IRON & METAL CO.

The Debtors hereby request entry of an order approving their execution of a Third Amendment to Real Property Purchase and Sale Agreement and Escrow Instructions (the "Third Amendment") between the Debtors and ALCO Iron & Metal Co. (the "Buyer") for the purchase and sale of certain real property located in San Leandro, California, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this motion is proper under 28 U.S.C. § 1408.

2. The statutory predicates for this Motion are section 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

3. On October 20, 2008, the Debtors filed their *Motion of Debtors for Entry of an Order Authorizing the Sale of Certain Assets to Alco Iron & Metal Co.* (the "Original Motion") (Docket No. 19813) whereby the Debtors sought to sell their former operating facility located at 2140 Davis Street, San Leandro, CA 94577 (the "Property").

4. On November 21, 2008, the Debtors filed a Certification of Counsel Regarding Revised Order Authorizing Sale of Certain Assets to Alco Iron & Metal Co. (the "Certification of Counsel") and a Revised Order Authorizing the Sale of Certain Assets to Alco Iron & Metal Co. (the "Revised Order") (Docket No. 20116). The Revised Order reflected a Second Amendment to the Original Agreement whereby the parties agreed to, among other things a $200,000 reduction in the purchase price of the Property because the Buyer intended to remove transite found on the exterior of the buildings at the Property.

5. On November 24, 2008, the Court entered the Revised Order (Docket No. 20124) authorizing the sale of the Property and approving the Second Amendment. The Revised Order contained language stating: "ORDERED that the Debtors are authorized to take whatever other actions may be necessary to consummate the transactions contemplated by the Agreement and the Second Amendment."

6. On December 18, 2008, the Debtors and the Buyer entered into a Third Amendment to Real Property Purchase and Sale Agreement and Escrow Instructions (the "Third Amendment"). A copy of the Third Amendment is attached hereto as <u>Exhibit B</u>.

7. The Third Amendment, among other things, reduced the purchase price of the Property by $75,000.00 (to the sum of $6,225,000.00) to account for one-year of lost lease revenues to the Buyer due to the elimination of the previously anticipated lease-back of a portion of the Property to the Debtors. Instead of a lease-back, the Buyer granted the Debtors a license to use the Property to perform final work related to its removal of certain tanks and equipment and related environmental remediation of the Property. The Third Amendment also revised the residual contamination clause in the Original Agreement, in accordance with changes recommended by counsel to the Unsecured Creditors' Committees at the time they reviewed the Second Amendment.

8. The Debtors believe that the Third Amendment is a non-material change to the sale agreement because it effectively has no financial impact on the sale and is consistent with its authority under the Revised Order. As a result, the Debtors proceeded to close the sale on December 30, 2008 without prior Bankruptcy Court approval of the Third Amendment. The Buyer, however, has requested, out of an abundance of caution, that the Debtors seek post-closing approval of the Third Amendment.

**RELIEF REQUESTED**

9. By this Motion, the Debtors seek entry of an order, post-closing, approving their previous execution of the Third Amendment pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

**BASIS FOR RELIEF**

10. The Debtors bring this Motion under sections 105(a) and 363(b)(1) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code "permits the court to issue any order that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). Section 363(b) of the Bankruptcy Code provides, in relevant part, that "the trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1).

11. The basis for relief under sections 105(a) and 363(b) of the Bankruptcy Code that this Court relied upon in granting the Original Motion are described in detail in the Original Motion and are hereby incorporated by reference.

**Application of the Standards for Approval of a Sale to the Facts of This Case**

12. The Third Amendment results in three minor changes to the sale agreement. First, the Third Amendment reduces the purchase price for the property by $75,000.00 to $6,225,000.00. Second, the Third Amendment eliminates the lease-back provision in the Original Agreement. Third, the Third Amendment revises the residual contamination clause in the Original Agreement.

13. The reduction in purchase price will have no effect on the Debtors' estates. The reduction of $75,000 simply takes the place of the $75,000 that the Debtors would have had to pay under the previous lease-back arrangement which has now been replaced by a short-term license.

14. The residual contamination clause does not result in any material change in the responsibilities of the Debtors with respect to any environmental contamination that may be

discovered on the Property in the future, and in fact reflects the changes recommended by counsel to the Unsecured Creditors' Committee.

15.    Because the Third Amendment results in no material change regarding the sale and is consistent with the authority provided to the Debtors in the Revised Order, the Debtors do not believe that approval is necessary for the Debtors to have executed the Third Amendment. However, to allay the concerns of the Buyer and out of an abundance of caution, the Debtors are hereby seeking authorization, post-closing, to enter into the Third Amendment.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit A, approving, post-closing, the Debtors' execution of the Third Amendment pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 and granting such other and further relief as is just and proper..

Dated: January 16, 2009

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(302) 652-4100
Co-Counsel for the Debtors and Debtors in Possession