# EXHIBIT K3

Amended Final Judgment

NO. 97-05135

| | | |
|---|---|---|
| GRACE ENERGY CORPORATION | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| KANEB PIPE LINE OPERATING | § | |
| PARTNERSHIP, L.P. and | § | |
| SUPPORT TERMINAL SERVICES, INC. | § | 191st JUDICIAL DISTRICT |

## AMENDED FINAL JUDGMENT

On May 8, 2000, came on to be heard the above-entitled and numbered cause. Plaintiff Grace Energy Corporation ('Grace") and Defendants Kaneb Pipe Line Operating Partnership, L.P. ("Kaneb") and Support Terminal Services, Inc. ("STS") appeared by and through their representatives and attorneys and announced ready for trial. A jury having been previously demanded, a jury consisting of twelve qualified jurors was duly empaneled and the case proceeded to trial.

At the conclusion of all the evidence, the Court submitted the questions of fact in the case to the jury which returned a verdict on May 19, 2000, which verdict is incorporated by reference herein. The Court thereafter heard the parties' post-verdict motions and issued a ruling thereupon by letter dated June 15, 2000 as supplemented by letter dated July 17, 2000. Based upon the Court's rulings both before and after trial and the jury's verdict, the Court found that a judgment should be entered as set forth in the Final Judgment dated July 17, 2000. By timely motion to modify, Plaintiff requested modification of the amount of attorneys' fees awarded and the compounding of postjudgment interest. The Court finds that those requests should be granted, and issues this amended final judgment, supplanting the prior final judgment, accordingly. Except as specifically granted herein, Defendant's Motion for New Trial, Defendant's Motion to Modify, Correct or

AMENDED FINAL JUDGMENT                                                                                      Page 1

Reform, Plaintiff's Motion to Modify Judgment, Plaintiff's Motion for New Trial and Plaintiff's Second Motion to Disregard are denied. Accordingly,

IT IS ORDERED, ADJUDGED AND DECREED that the previous summary judgment orders signed by the Court including, but not limited to the Order of Partial Summary Judgment signed July 2, 1999, are now made final by this judgment and incorporated by reference herein;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court declares that Grace does not owe indemnity to Kaneb and STS for any liabilities related to the Otis Pipeline[1];

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Grace is awarded its attorneys' fees (the reasonableness and necessity of which was stipulated to by the parties) as follows: (1) through trial: $1,764,286; (2) in the event of an appeal to the Dallas Court of Appeals in which Grace is ultimately successful, an additional $200,000; (3) in the event a petition for review is filed in the Texas Supreme Court and Grace is ultimately successful, an additional $25,000; and (4) in the event the petition for review is granted, but Grace is ultimately successful, an additional $25,000.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, except to the extent specifically set forth herein or in orders incorporated herein, Grace takes nothing from Kaneb and STS on its claims asserted herein, and Kaneb and STS take nothing from Grace on their counterclaims asserted herein.

---

[1] The term "Otis Pipeline" refers to a 4" steel pipeline of approximately 11.2 miles in length stretching from the former Standard Transmission terminal near the Cape Cod Canal in the town of Sandwich, Massachusetts to the Otis Air Force Base.

AMENDED FINAL JUDGMENT                                                            Page 2

All sums awarded herein shall bear interest at the rate of ten percent per annum, compounded annually, from the date of judgment until paid. All writs and processes for enforcement and collection of this judgment shall be issued.

All costs are taxed against Kaneb and STS. All relief not expressly granted herein or in orders incorporated herein is denied.

Signed this 30th day of August, 2000.

The counsel or party receiving this order from the court is responsible for serving it promptly on all other counsel of record and pro se parties.

_____
JUDGE PRESIDING