# EXHIBIT K12



CNA Plaza
Chicago, Illinois 60685

INSURANCE IS PROVIDED BY THE COMPANY DESIGNATED BELOW
(A stock insurance company, herein called the company)

- [x] Continental Casualty Company
- [ ] National Fire Insurance Company of Hartford
- [ ] American Casualty Company of Reading, Pa.
- [ ] Transportation Insurance Company
- [ ] Transcontinental Insurance Company
- [ ] Valley Forge Insurance Company

## COMMERCIAL CASUALTY POLICY

DECLARATIONS                                                  POLICY NO. CCP 2483440

ITEM 1.  NAMED INSURED:    W. R. GRACE & CO. AND/OR ANY SUBSIDIARY,
                           ORGANIZATION, OR COMPANY, INCLUDING SUB-
                           SIDIARIES OF A SUBSIDIARY COMPANY, OWNED,
                           CONTROLLED OR COMING UNDER THE ACTIVE
                           MANAGEMENT OF W. R. GRACE & CO.

         ADDRESS:           1114 AVENUE OF THE AMERICAS
                            NEW YORK, NEW YORK

ITEM 2.  POLICY PERIOD: JUNE 30, 1983 UNTIL CANCELED
                        12:01 A.M. STANDARD TIME AT THE ADDRESS
                        OF THE NAMED INSURED AS STATED HEREIN.

ITEM 3.  THE LIMIT OF THE COMPANY'S LIABILITY AGAINST EACH SUCH COVERAGE
         SHALL BE AS STATED HEREIN, SUBJECT TO ALL THE TERMS OF THE
         POLICY HAVING REFERENCE THERETO.

ITEM 4.  BUSINESS OF THE NAMED INSURED:  CONGLOMERATE

| COVERAGES | | LIMITS OF LIABILITY | ADVANCE PREMIUM |
|---|---|---|---|
| A. | PERSONAL INJURY LIABILITY OTHER THAN AUTOMOBILE | $1,000,000. EACH OCCURRENCE | INCLUDED |
| B. | PROPERTY DAMAGE LIABILITY OTHER THAN AUTOMOBILE | $1,000,000. EACH OCCURRENCE | INCLUDED |

FOR PRODUCTS LIABILITY AND/OR COMPLETED OPERATIONS, AN AGGREGATE LIMIT OF
$4,000,000. COMBINED FOR COVERAGE A-B APPLIES ANNUALLY.

| | | | |
|---|---|---|---|
| C. | PERSONAL INJURY LIABILITY AUTOMOBILE | $1,000,000. EACH OCCURRENCE | INCLUDED |
| D. | PROPERTY DAMAGE LIABILITY AUTOMOBILE | $1,000,000. EACH OCCURRENCE | INCLUDED |
| E. | ADVERTISERS LIABILITY | $ 500,000. EACH OFFENSE | INCLUDED |

ITEM 5.  AUDIT PERIOD:  ANNUAL

COUNTERSIGNED BY _Harriet Ryan_
                              LICENSED RESIDENT AGENT

G-35838-A (1)

GEC 030188

CONTINENTAL CASUALTY COMPANY
(A STOCK INSURANCE COMPANY, HEREIN CALLED THE COMPANY)
HOME OFFICE - CHICAGO, ILLINOIS

AGREES WITH W. R. GRACE & CO., IN CONSIDERATION OF THE PAYMENT OF THE PREMIUM, IN RELIANCE UPON THE STATEMENTS IN THE DECLARATIONS MADE A PART HEREOF AND SUBJECT TO ALL THE TERMS OF THE POLICY:

INSURING AGREEMENT

THE COMPANY WILL PAY ON BEHALF OF THE INSURED ALL SUMS WHICH THE INSURED SHALL BECOME LEGALLY OBLIGATED TO PAY AS DAMAGES INCLUDING LIABILITY ASSUMED UNDER CONTRACT BECAUSE OF:

I.  COVERAGE A - PERSONAL INJURY LIABILITY, OTHER THAN AUTOMOBILE
    COVERAGE B - PROPERTY DAMAGE LIABILITY, OTHER THAN AUTOMOBILE
    COVERAGE C - PERSONAL INJURY LIABILITY, AUTOMOBILE
    COVERAGE D - PROPERTY DAMAGE LIABILITY, AUTOMOBILE
    COVERAGE E - ADVERTISERS LIABILITY

    TO WHICH THIS INSURANCE APPLIES, CAUSED BY AN OCCURRENCE AND THE COMPANY SHALL HAVE THE RIGHT AND DUTY TO DEFEND ANY SUIT AGAINST THE INSURED SEEKING DAMAGES ON ACCOUNT OF SUCH PERSONAL INJURY OR PROPERTY DAMAGE OR ADVERTISERS LIABILITY, EVEN IF ANY OF THE ALLEGATIONS OF THE SUIT ARE GROUNDLESS, FALSE OR FRAUDULENT AND MAY MAKE SUCH INVESTIGATION AND SETTLEMENT OF ANY CLAIM OR SUIT AS IT DEEMS EXPEDIENT.

EXCLUSIONS

THIS INSURANCE DOES NOT APPLY:

(A) EXCEPT WITH RESPECT TO OPERATIONS PERFORMED BY INDEPENDENT CONTRACTORS AND EXCEPT WITH RESPECT TO LIABILITY ASSUMED BY THE INSURED UNDER A CONTRACT AS DEFINED HEREIN, TO PERSONAL INJURY OR PROPERTY DAMAGE ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OPERATION, USE, LOADING OR UNLOADING OF ANY AIRCRAFT OWNED OR OPERATED BY OR RENTED TO OR LOANED TO THE NAMED INSURED;

(B) TO ANY OBLIGATION TO WHICH THE INSURED OR ANY CARRIER AS HIS INSURER MAY BE HELD LIABLE UNDER ANY WORKERS' COMPENSATION, UNEMPLOYMENT COMPENSATION OR DISABILITY BENEFITS LAW, OR UNDER ANY SIMILAR LAW;

(C) UNDER COVERAGE A AND C TO BODILY INJURY TO ANY EMPLOYEE OF THE INSURED ARISING OUT OF AND IN THE COURSE OF HIS EMPLOYMENT BY THE INSURED; BUT THIS EXCLUSION DOES NOT APPLY TO (1) LIABILITY OF OTHERS ASSUMED BY THE INSURED UNDER CONTRACT OR (2) CLAIMS BROUGHT BY AN EMPLOYEE AGAINST A FELLOW EMPLOYEE WHO IS COVERED AS AN INSURED UNDER THIS POLICY;

-1-

   (III) DEMONSTRATION, INSTALLATION, SERVICING OR REPAIR OPERATIONS, EXCEPT SUCH OPERATIONS PERFORMED AT THE VENDOR'S PREMISES IN CONNECTION WITH THE SALE OF THE PRODUCT, OR

   (IV) PRODUCTS WHICH AFTER DISTRIBUTION OR SALE BY THE NAMED INSURED HAVE BEEN LABELED OR RELABELED OR USED AS A CONTAINER, PART OR INGREDIENT OF ANY OTHER THING OR SUBSTANCE BY OR FOR THE VENDOR.

  (2) THE INSURANCE DOES NOT APPLY TO ANY PERSON OR ORGANIZATION, AS INSURED, FROM WHOM THE NAMED INSURED HAS ACQUIRED SUCH PRODUCTS OR ANY INGREDIENT, PART OR CONTAINER, ENTERING INTO, ACCOMPANYING OR CONTAINING SUCH PRODUCTS.

(F) EMPLOYEE ORGANIZATIONS OF THE NAMED INSURED'S EMPLOYEES OTHER THAN LABOR UNIONS BUT THIS INSURANCE WILL BE EXCESS OVER AND WILL NOT CONTRIBUTE IF ANY OTHER VALID AND COLLECTIBLE INSURANCE IS AVAILABLE TO SUCH ORGANIZATIONS.

(G) ANY JOINT VENTURE, CO-VENTURE, JOINT LEASE, JOINT OPERATING AGREEMENT OR PARTNERSHIP (HEREINAFTER CALLED "JOINT VENTURE") IN WHICH THE NAMED INSURED HAS AN INTEREST, BUT ONLY WITH RESPECT TO THE LIABILITY OF THE NAMED INSURED AS A MEMBER OR PARTNER THEREOF: EXCEPT, HOWEVER, THAT IF THE NAMED INSURED IS REQUIRED BY CONTRACT OR AGREEMENT TO PROVIDE DIRECT, PRIMARY INSURANCE FOR SUCH JOINT VENTURE, THE TERM "INSURED" SHALL INCLUDE SUCH JOINT VENTURE AND ANY MEMBER, PARTNER OR CO-VENTURER THEREOF, BUT ONLY WITH RESPECT TO HIS LIABILITY AS SUCH. THE JOINT VENTURE SHALL CEASE TO BE AN INSURED EFFECTIVE ON THE DAY THE NAMED INSURED CEASES TO DIRECTLY OR INDIRECTLY MAINTAIN AN INTEREST IN SUCH JOINT VENTURE WITH RESPECT TO ACTS OR OMISSIONS OF THE JOINT VENTURE TAKING PLACE AFTER SUCH DATE.

IV. **LIMITS OF LIABILITY**

REGARDLESS OF THE NUMBER OF (1) INSUREDS UNDER THIS POLICY, (2) PERSONS OR ORGANIZATIONS WHO SUSTAIN PERSONAL INJURY OR PROPERTY DAMAGE, (3) CLAIMS MADE OR SUITS BROUGHT ON ACCOUNT OF PERSONAL INJURY OR PROPERTY DAMAGE, OR ADVERTISERS LIABILITY OR (4) AUTOMOBILES TO WHICH THIS POLICY APPLIES, THE COMPANY'S LIABILITY IS LIMITED AS FOLLOWS:

 THE TOTAL LIABILITY OF THE COMPANY FOR ALL DAMAGES INCLUDING FOR CARE AND LOSS OF SERVICES BECAUSE OF PERSONAL INJURY LIABILITY SUSTAINED BY ONE OR MORE PERSONS AS THE RESULT OF ANY ONE OCCURRENCE SHALL NOT EXCEED THE LIMIT OF PERSONAL INJURY LIABILITY STATED IN THE DECLARATIONS AS APPLICABLE TO "EACH OCCURRENCE".

GEC 030193

G-35838-A (2)

THE TOTAL LIABILITY OF THE COMPANY FOR ALL DAMAGES BECAUSE OF ALL PROPERTY DAMAGE SUSTAINED BY ONE OR MORE PERSONS OR ORGANIZATIONS AS THE RESULT OF ANY ONE OCCURRENCE SHALL NOT EXCEED THE LIMIT OF PROPERTY DAMAGE LIABILITY STATED IN THE DECLARATIONS AS APPLICABLE TO "EACH OCCURRENCE".

SUBJECT TO THE ABOVE PROVISIONS RESPECTING "EACH OCCURRENCE", THE LIMITS OF PERSONAL INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY STATED IN THE DECLARATIONS AS "AGGREGATE" ARE RESPECTIVELY THE TOTAL LIABILITY OF THE COMPANY FOR ALL DAMAGES BECAUSE OF PERSONAL INJURY AND PROPERTY DAMAGE INCLUDED WITHIN THE COMPLETED OPERATIONS AND THE PRODUCTS HAZARDS.

THE TOTAL LIABILITY OF THE COMPANY FOR ALL DAMAGES BECAUSE OF ADVERTISERS LIABILITY SUSTAINED BY ONE OR MORE PERSONS OR ORGANIZATIONS AS THE RESULT OF ANY ONE OFFENSE SHALL NOT EXCEED THE LIMIT OF ADVERTISERS LIABILITY STATED IN THE DECLARATIONS AS APPLICABLE TO "EACH OFFENSE".

FOR THE PURPOSE OF DETERMINING THE LIMIT OF THE COMPANY'S LIABILITY, ALL PERSONAL INJURY AND PROPERTY DAMAGE ARISING OUT OF CONTINUOUS OR REPEATED EXPOSURE TO SUBSTANTIALLY THE SAME GENERAL CONDITIONS SHALL BE CONSIDERED AS ARISING OUT OF ONE OCCURRENCE.

INASMUCH AS THIS POLICY IS WRITTEN TO COVER MORE THAN ONE INSURED, IT IS UNDERSTOOD AND AGREED THAT ALL OF THE TERMS AND CONDITIONS, INSURING AGREEMENT AND ENDORSEMENTS WITH THE EXCEPTION OF LIMITS OF LIABILITY SHALL OPERATE IN THE SAME MANNER AS IF THERE WERE A SEPARATE POLICY OF INSURANCE COVERING EACH INSURED.

V.  DEDUCTIBLES:

THE COMPANY'S OBLIGATION FOR ALL COVERAGES CONTAINED IN THE POLICY SHALL BE COMPUTED BY SUBTRACTING FROM THE AMOUNT OF DAMAGES, OR THE "EACH OCCURRENCE" OR "EACH CLAIM" LIMIT OF LIABILITY, WHICHEVER IS LESS, $500,000. SINGLE LIMIT FOR ALL COVERAGE AND ALLOCATED CLAIM EXPENSE COMBINED.

SUBJECT TO THE CONDITIONS OF CLAIM SERVICE AGREEMENT 475 4775, THE COMPANY MAY PAY ANY PART OF OR ALL OF THE DEDUCTIBLE AMOUNT TO EFFECT SETTLEMENT OF ANY CLAIM OR SUIT, AND UPON NOTIFICATION OF THE ACTION TAKEN, THE NAMED INSURED SHALL PROMPTLY REIMBURSE THE COMPANY FOR SUCH PART OF THE DEDUCTIBLE AMOUNT AS HAS BEEN PAID BY THE COMPANY.

WITH RESPECT TO THE AUTOMOBILE PHYSICAL DAMAGE INSURANCE, THE APPLICATION OF THIS DEDUCTIBLE SHALL BE IN ADDITION TO AND IN EXCESS OF ANY OTHER SUB-DEDUCTIBLE CONTAINED IN THE POLICY.

ANY CLAIM PAID UNDER THE DEDUCTIBLE AMOUNT UNDER THE PROVISIONS OF CLAIM SERVICE AGREEMENT 475 4475, SHALL APPLY TOWARD THE SATISFACTION OF THE AGGREGATE LIMITS OF LIABILITY OF THIS POLICY WHERE APPLICABLE.

VI. POLICY TERRITORY:

THIS INSURANCE APPLIES TO PERSONAL INJURY OR PROPERTY DAMAGE WHICH OCCURS ANYWHERE IN THE WORLD DURING THE POLICY PERIOD; PROVIDED HOWEVER, SUCH INSURANCE SHALL NOT APPLY TO DAMAGES FOR PERSONAL INJURY OR PROPERTY DAMAGE ARISING FROM OPERATIONS CONDUCTED, OR PRODUCTS ORIGINATING, OUTSIDE OF THE UNITED STATES OF AMERICA, ITS TERRITORIES OR POSSESSIONS, THE PANAMA CANAL ZONE, THE REPUBLIC OF PANAMA, OR CANADA, UNLESS THE ORIGINAL CLAIM IS MADE OR SUIT IS BROUGHT WITHIN THE UNITED STATES OF AMERICA, ITS TERRITORIES OR POSSESSIONS, OR CANADA.

IF CLAIM IS MADE OR SUIT IS BROUGHT ELSEWHERE THAN WITHIN THE UNITED STATES OF AMERICA, ITS TERRITORIES OR POSSESSIONS OR CANADA, THE COMPANY SHALL HAVE THE RIGHT BUT NOT THE DUTY TO INVESTIGATE AND SETTLE SUCH CLAIMS AND DEFEND SUCH SUITS.

IN ANY CASE IN WHICH THE COMPANY ELECTS NOT TO INVESTIGATE, SETTLE OR DEFEND, THE INSURED, UNDER THE SUPERVISION OF THE COMPANY, SHALL MAKE OR CAUSE TO BE MADE SUCH INVESTIGATION AND DEFENSE AS ARE REASONABLY NECESSARY AND, SUBJECT TO PRIOR AUTHORIZATION BY THE COMPANY, WILL EFFECT TO THE EXTENT POSSIBLE SUCH SETTLEMENT OR SETTLEMENTS AS THE COMPANY AND THE INSURED DEEM PRUDENT. THE COMPANY SHALL REIMBURSE THE INSURED FOR THE REASONABLE COSTS OF SUCH INVESTIGATION, SETTLEMENT OR DEFENSE.

## SUPPLEMENTARY PAYMENTS

THE COMPANY WILL PAY IN ADDITION TO THE APPLICABLE LIMIT OF LIABILITY:

(A) ALL EXPENSES INCURRED BY THE COMPANY, ALL COSTS TAXED AGAINST THE INSURED IN ANY SUIT DEFENDED BY THE COMPANY AND ALL INTEREST ON THE ENTIRE AMOUNT OF ANY JUDGMENT THEREIN WHICH ACCRUES AFTER ENTRY OF THE JUDGMENT AND BEFORE THE COMPANY HAS PAID OR TENDERED OR DEPOSITED IN COURT THAT PART OF THE JUDGMENT WHICH DOES NOT EXCEED THE LIMIT OF THE COMPANY'S LIABILITY THEREON;

(B) PREMIUMS ON APPEAL BONDS REQUIRED IN ANY SUCH SUIT, PREMIUMS ON BONDS TO RELEASE ATTACHMENTS IN ANY SUCH SUIT FOR AN AMOUNT NOT IN EXCESS OF THE APPLICABLE LIMIT OF LIABILITY OF THIS POLICY, AND THE COST OF BAIL BONDS REQUIRED OF THE INSURED BECAUSE OF ACCIDENT OR TRAFFIC LAW VIOLATION ARISING OUT OF THE USE OF ANY VEHICLE TO WHICH THIS POLICY APPLIES, NOT TO EXCEED $250 PER BAIL BOND, BUT THE COMPANY SHALL HAVE NO OBLIGATION TO APPLY FOR OR FURNISH ANY SUCH BONDS;

(C) REASONABLE EXPENSE INCURRED BY THE INSURED, IN CONNECTION WITH BODILY INJURY TO WHICH THIS INSURANCE APPLIES, FOR SUCH IMMEDIATE MEDICAL AND SURGICAL RELIEF TO OTHERS AS SHALL BE IMPERATIVE AT THE TIME OF THE OCCURRENCE;

(D) REASONABLE EXPENSES INCURRED BY THE INSURED INCLUDING ACTUAL LOSS OF EARNINGS OR SALARY NOT TO EXCEED $100 PER PERSON PER DAY IN ASSISTING THE COMPANY IN THE INVESTIGATION OR DEFENSE OF ANY CLAIM OR SUIT.

-7-

INJURY OR DAMAGE WITH RESPECT TO WHICH INSURANCE IS AFFORDED UNDER THIS POLICY; AND THE INSURED SHALL ATTEND HEARINGS AND TRIALS AND ASSIST IN SECURING AND GIVING EVIDENCE AND OBTAINING THE ATTENDANCE OF WITNESSES. THE INSURED SHALL NOT, EXCEPT AT HIS OWN COST, VOLUNTARILY MAKE PAYMENT, ASSUME ANY OBLIGATION OR INCUR ANY EXPENSE OTHER THAN FOR SUCH IMMEDIATE MEDICAL AND SURGICAL RELIEF TO OTHERS AT THE TIME OF THE ACCIDENT.

5. <u>ACTION AGAINST THE COMPANY</u>

NO ACTION SHALL LIE AGAINST THE COMPANY UNLESS, AS A CONDITION PRECEDENT THERETO, THERE WOULD HAVE BEEN FULL COMPLIANCE WITH ALL OF THE TERMS OF THIS POLICY, NOR UNTIL THE AMOUNT OF THE INSURED'S OBLIGATION TO PAY SHALL HAVE BEEN FINALLY DETERMINED EITHER BY JUDGMENT AGAINST THE INSURED AFTER ACTUAL TRIAL OR BY WRITTEN AGREEMENT OF THE INSURED, THE CLAIMANT AND THE COMPANY.

ANY PERSON OR ORGANIZATION OR THE LEGAL REPRESENTATIVE THEREOF WHO HAS SECURED SUCH JUDGMENT OR WRITTEN AGREEMENT SHALL THEREAFTER BE ENTITLED TO RECOVER UNDER THIS POLICY TO THE EXTENT OF THE INSURANCE AFFORDED BY THIS POLICY. NO PERSON OR ORGANIZATION SHALL HAVE ANY RIGHT UNDER THIS POLICY TO JOIN THE COMPANY AS A PARTY TO ANY ACTION AGAINST THE INSURED TO DETERMINE THE INSURED'S LIABILITY. BANKRUPTCY OR INSOLVENCY OF THE INSURED OR OF THE INSURED'S ESTATE SHALL NOT RELIEVE THE COMPANY OF ANY OF ITS OBLIGATIONS HEREUNDER.

6. <u>OTHER INSURANCE</u>

THE INSURANCE AFFORDED BY THIS POLICY IS PRIMARY INSURANCE, EXCEPT WHEN STATED TO APPLY IN EXCESS OR CONTINGENT UPON THE ABSENCE OF OTHER IN-SURANCE. WHEN THIS INSURANCE IS PRIMARY AND THE INSURED HAS OTHER INSURANCE WHICH IS STATED TO BE APPLICABLE TO THE LOSS ON AN EXCESS OR CONTINGENT BASIS, THE AMOUNT OF THE COMPANY'S LIABILITY UNDER THIS POLICY SHALL NOT BE REDUCED BY THE EXISTENCE OF SUCH OTHER INSURANCE. WITH RESPECT TO A HIRED AUTOMOBILE OR NON-OWNED AUTOMOBILE, THIS INSURANCE SHALL BE EXCESS INSURANCE OVER ANY OTHER VALID AND COLLECTIBLE INSURANCE AVAILABLE TO THE INSURED.

THIS INSURANCE WILL BE EXCESS OF ANY OTHER VALID AND COLLECTIBLE INSURANCE WHICH IS AVAILABLE TO ANY INSURED HEREUNDER UNDER THE TERMS OF ANY CONTRACT ENTERED INTO BY THE NAMED INSURED OR ANY PARTNER, DIRECTOR, EXECUTIVE OFFICER OR EMPLOYEE THEREOF AND SUCH OTHER INSURANCE IS STATED TO BE PRIMARY.

IF ANY INSURER AFFORDING OTHER INSURANCE TO THE NAMED INSURED DENIES PRIMARY LIABILITY UNDER ITS POLICY, THE COMPANY WILL RESPOND UNDER THIS POLICY AS THOUGH SUCH OTHER INSURANCE WERE NOT AVAILABLE. THEREAFTER, THE COMPANY SHALL BE SUBROGATED TO ALL RIGHTS OF THE INSURED TO SUCH OTHER INSURANCE AND THE INSURED SHALL DO NOTHING TO PREJUDICE SUCH RIGHTS.

-12-

GEC 030200

G-35838-A (2)

IT IS AGREED THAT THE LIMITS OF LIABILITY ARE AMENDED AS FOLLOWS:

| COVERAGE | | LIMIT | AGGREGATE |
|---|---|---|---|
| A. | PERSONAL INJURY LIABILITY OTHER THAN AUTOMOBILE | $3,000,000. EACH OCCURRENCE | $10,000,000. BODILY INJURY AND PROPERTY DAMAGE COMBINED PER PRODUCTS AND COMPLETED OPERATIONS |
| B. | PROPERTY DAMAGE LIABILITY OTHER THAN AUTOMOBILE INCLUDING CARE, CUSTODY AND CONTROL | $3,000,000. EACH OCCURRENCE | |
| C. D. | PERSONAL INJURY AND PROPERTY DAMAGE LIABILITY AUTOMOBILE | $3,000,000. COMBINED SINGLE LIMIT EACH OCCURRENCE | — |
| E. | ADVERTISERS LIABILITY | $1,000,000. EACH OFFENSE | — |
| | ELECTRONIC DATA (DATA) PROCESSORS ERRORS AND OMISSIONS | $1,000,000. EACH OCCURRENCE | $2,000,000. |
| | EMPLOYEE BENEFITS LIABILITY | $1,000,000. EACH CLAIM | $2,000,000. |

This endorsement is a part of your policy and takes effect on the effective date of your policy, unless another effective date is shown below.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 29 | CCP 248 3440 | W. R. GRACE & CO. | 6-30-85 |



HDF

All the Commitments You Make®

Countersigned by _____
                          Authorized Representative

GEC 030259

G-39543-A

AMENDATORY ENDORSEMENT
LIMITS OF LIABIILTY

IT IS AGREED THAT THE LIMITS OF LIABILITY ARE AMENDED AS FOLLOWS:

| COVERAGE | | LIMIT | AGGREGATE |
|---|---|---|---|
| A. | PERSONAL INJURY LIABILITY OTHER THAN AUTOMOBILE | $3,000,000. EACH OCCURRENCE | $12,000,000. PERSONAL INJURY AND PROPERTY DAMAGE COMBINED FOR PRODUCTS AND COMPLETED OPERATIONS |
| B. | PROPERTY DAMAGE LIABILITY OTHER THAN AUTOMOBILE INCLUDING CARE, CUSTODY AND CONTROL | $3,000,000 EACH OCCURRENCE | |
| C. D. | PERSONAL INJURY AND PROPERTY DAMAGE LIABILITY AUTOMOBILE | $3,000,000. COMBINED SINGLE LIMIT EACH OCCURRENCE | |
| E. | ADVERTISERS LIABILITY | $3,000,000. EACH OFFENSE | |
| | ELECTRONIC DATA PROCESSORS ERRORS AND OMISSIONS | $2,000,000. EACH OCCURRENCE | $3,000,000. |
| | EMPLOYEE BENEFITS LIABILITY | $1,000,000. EACH CLAIM | $2,000,000. |

THIS ENDORSEMENT REPLACES AND SUPERSEDES ENDORSEMENT NO. 37.

his endorsement is part of your policy and takes effect on the effective date of your policy,
nless another effective date is shown below.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy |
|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO                                  EFFECTIVE DATE OF THIS ENDORSEMENT |
| REVISED 37 | CCP 248 3440 | W.R. GRACE & CO.                                  6-30-86 |

1-1° ˜8
NA
or ... The Commitments You Make

GEC 030272

Countersigned by _____
Authorized Representative

SW/035975/A:M51C7M10.DOC         G-39543A

AMENDATORY ENDORSEMENT
LIMITS OF LIABIILTY

IT IS AGREED THAT THE LIMITS OF LIABILITY ARE AMENDED AS FOLLOWS:

| COVERAGE | | LIMIT | AGGREGATE |
|---|---|---|---|
| A. & B. | PERSONAL INJURY & PROPERTY DAMAGE LIABILITY OTHER THAN AUTOMOBILE | $7,500,000. COMBINED SINGLE LIMIT EACH OCCURRENCE | $12,000,000. INJURY AND PROPERTY DAMAGE COMBINED FOR PRODUCTS AND COMPLETED OPERATIONS |
| C. D. | PERSONAL INJURY AND PROPERTY DAMAGE LIABILITY AUTOMOBILE | $7,500,000. COMBINED SINGLE LIMIT EACH OCCURRENCE | |
| E. | ADVERTISERS LIABILITY | $7,500,000. EACH OFFENSE | |
| F. | ELECTRONIC DATA PROCESSORS ERRORS AND OMISSIONS | $7,500,000. EACH OCCURRENCE | $7,500,000. |
| | EMPLOYEE BENEFITS LIABILITY | $7,500,000. EACH CLAIM | $7,500,000. |

his endorsement is part of your policy and takes effect on the effective date of your policy,
nless another effective date is shown below.

| Must Be Completed | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 41 | CCP 248 3440 | W.R. GRACE & CO. | 6-30-87 |

-2'
NA
or All The Commitments You Make

GEC 030281

Countersigned by _____
Authorized Representative

AV/035975/A:M51C7M10.TXT    G-39543A

# EXHIBIT K13

VOL. V, TAB 1
00304.15

## MARSH & McLENNAN
INCORPORATED

70 Pine Street, New York, New York 10005 / 943-2...

### OFFICE COPY OF CONFIRMATION AND BINDER

No. 8201

Date October 3, 1968

Mr. C. F. Krauter
Insurance Manager
W. R. Grace & Co.
7 Hanover Square
New York, New York

Insured  W. R. Grace & Co. etal

| Companies, Policy Numbers, Amounts and Signatures | AMOUNT | RATE OR PREMIUM | EFFECTIVE | EXP |
|---|---|---|---|---|
| | P/R $140,000.00 | | 10/20/68 | 6/... |

American Employers Ins. Co.
Umbrella Liability

To: J. Bullock

To: _____
Franz Ohlandt

Binding $5,000,000 excess of Primary Insurance or $25,000 Self-Insured Retention where Primary Insurance is not available.

Policy Form - Same as Expiring
Policy No. A1S-8220-001

Sales 1967 - $1,088,000,000 U.S.A. and Canada
      1968 -  1,400,000,000   "     "    "
      1969 -  1,700,000,000   "     "    "
      1970 -  2,000,000,000   "     "    "

Policy to be adjusted if sales exceed $3,500,000,000 or major acquisitions at option of Insured - Flat premium may be negotiated.

Bind coverage as expiring for Charterer's Liability, Vessel "Hope" and Fidelity Coverage.

☐ Reporting Form
☐ Forms herewith
☐ Forms to come
☐ Use Company forms
— Copies and original

This Binder is Subject to the Terms of the Usual Form of Policy issued to Provide the Type of Insurance Described, Except as Noted.

MARSH & McLENNAN, Incorporated
70 Pine St. New York  N.Y.

By    William C. Hall

FORM 13 39

WRG  0152

GEC 024585

WRG Policies
03055

POLICY [illegible]

1,215 A

(A Stock insurance company, herein called the Company)

Agrees with the Insured, named in the Declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the Declarations and subject to the limits of liability, exclusions, conditions and all other terms of this policy:

## INSURING AGREEMENTS

I. COVERAGES: To indemnify the Insured for all sums which the Insured shall be obligated to pay by reason of the liability imposed upon him by law or liability assumed by him under contract or agreement for damages, and expenses, all as included in the definition of "ultimate net loss", because of:

(a) personal injuries, as hereinafter defined;

(b) property damage, as hereinafter defined;

(c) advertising liability, as hereinafter defined.

II. DEFINITIONS:

1. Insured.

   **PRODUCERS COPY**

   The unqualified word "Insured" includes the Named Insured and also includes:

   (a) except with respect to liability arising out of the ownership, operation, maintenance, use, loading and unloading of automobiles, aircraft and watercraft, any officer, director, stockholder, or employee of the Named Insured, while acting within the scope of his duties as such, and any organization or proprietor with respect to real estate management for the Named Insured. If the Named Insured is a partnership, any partner therein but only with respect to his liability as such;

   (b) any other person or organization who is an additional Insured under any underlying policy of insurance subject to all the limitations upon coverage under such policy other than the limits of the underlying insurer's liability;

ES0122-1

(c) With respect to any automobile owned by the Named Insured or hired for use by or on behalf of the Named Insured, or to any aircraft hired for use by or on behalf of the Named Insured, any person while using such automobile or such aircraft and any person or organization legally responsible for the use thereof, provided the actual use thereof is with the permission of the Named Insured. The insurance afforded by this sub-division (c), with respect to any person or organization other than the Named Insured does not apply -

1. to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any occurrence arising out of the operation thereof;

2. to (i) any manufacturer of aircraft engines or component parts of aircraft, or aviation accessories, or (ii) any aircraft sales or service or repair organization, or (iii) any seller of aircraft supplies, accessories, equipment or component parts of aircraft or (iv) any airport or hangar operator or (v) the respective employees or agents of any of the aforementioned with respect to any occurrence arising out of the operations of any of the aforementioned;

3. with respect to any hired automobile or aircraft, to the owner or lessee thereof, other than the Named Insured, or any employee of such owner or lessee.

Except with respect to sub-paragraph 2 hereof, this sub-division (c) shall not apply if it restricts the insurance granted under sub-division (b) above.

(d) any person, organization, trustee or estate other than as described in sub-division (a), (b) and (c) hereof and other than as excluded in sub-paragraphs 1, 2 and 3 of sub-division (c) hereof, to the extent that and for such limits of liability as the Named Insured has agreed in writing prior to the happening of any occurrence covered hereunder to provide insurance for such interests, but only with respect to operations performed by or on behalf of the Named Insured; provided, however, in no event shall such insurance exceed the insurance otherwise provided under this policy, including the applicable limits of liability of this policy.

-2-

00367

3. SPECIAL CONDI... ...   ...

As regards ... 
Occupational D... ... ... ... of the 
Insured, this poli... ... ... ... ... ... ...
terms or conditions , except as regards the premium, the 
amount and limits of ... ... ... ... ... ... respecting 
"other insurance" and ... ... ... ... ... , if any) as are 
contained in or as may be ... ... the policies of Underlying 
Insurances set forth in the ... ... ... prior to the 
happening of an occurrence for ... ... ... ... is made hereunder.

4. LIMITS OF LIABILITY.

   The Company shall only be liable for ultimate net loss in excess of either:

   (a) except as provided in sub-paragraph (b) hereof, the applicable limits of liability of the policies of underlying insurance set forth in Item 3 of the Declarations; or

   (b) as respects each occurrence not covered by such underlying insurance, or where each occurrence is covered by such underlying insurance but in recoverable amounts less than the Underlying Limits set forth in Item 4 of the Declarations, the amount of ultimate net loss set forth in the Declarations as "Underlying Limits",

   but in no event shall the Company be liable for an amount in excess of the applicable limit of liability set forth in Item 5 of the Declarations.

   The limit of liability stated in Item 5 of the Declarations as applicable to "each occurrence" is the total limit of the Company's liability under this policy for ultimate net loss as a result of any one occurrence. Subject to the limit of liability set forth in Item 5 of the Declarations with respect to "each occurrence", the limit of liability so set forth as "aggregate" shall be the total limit of the Company's liability under this policy for ultimate net loss:

   (1) because of all personal injury and property damage during each consecutive twelve months of the policy period, arising out of the Products-Completed Operations Hazards, and

   (2) because of all personal injury during each consecutive twelve months of the policy period sustained from Occupational Disease by any employee of the Insured.

   In the event of reduction or exhaustion of the aggregate limits of liability under the policies of underlying insurance by reason of losses paid thereunder, this policy shall:

-6-

WRG Policies
03064

GEC 024594

00371

DECLARATION

POLICY NO. GL1 DF 414040          A227

ITEM 1. NAMED INSURED:

W. R. Grace & Co. and Subsidiaries, Associated,
Affiliated Companies owned and/or controlled and/or
managed Companies as now or hereafter constituted.

ADDRESS:

7 Hanover Square
New York, New York 10005

ITEM 2. POLICY PERIOD:

From June 30, 1971 to June 30, 1974
12:01 A.M. Standard Time at the address
of the Named Insured as stated herein

ITEM 3. UNDERLYING INSURANCE:

(See Attached)

ITEM 4. UNDERLYING LIMITS:

$100,000.00 United States, its territories, possessions,
and Canada
$250,000.00 Foreign

ITEM 5. LIMITS OF LIABILITY - ULTIMATE NET LOSS:

$5,000,000.00 each occurrence
$5,000,000.00 aggregate

ITEM 6. PREMIUM:

$435,000.00 Minimum and Deposit
Adjustable at expiration at a rate of .075 per
$1,000. of Gross Sales in the United States and
Canada.

Countersigned_____
                Authorized Agent

-12-

WRG Policies
03068

GEC 024598

# EXHIBIT K14

## THE HOME INSURANCE COMPANY
### DAILY REPORT

00403

| RENEWING OR IN LIEU OF | RATE OF COMM | SUBJECT TO AUDIT | | HEC— 9 91 99 45 |
|---|---|---|---|---|
| HEC 9304605 | 10 % | YES ☐ | NO ☒ | |

| CO. | ACCT. ID CODE | TRANS. CODE | STAT. STATE | REINSURANCE OR TAX LOCATION | MAJOR LINE CODE | SUB. LINE | RATE OF COMMISSION | STATISTICAL PREMIUM | IF PAID ON INSTALLMENTS | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | MONTH & YR. | COLL. PREMIUM |
| A | 07 | | | | 771 | 7 7 | 0 | | | |

THE HOME INSURANCE COMPANY
EXCESS LIABILITY POLICY

INS

COLLECTION PREM.

KEY PUNCH

**ITEM 1. Insured's Name and Mailing Address**

W. R. Grace & Co., Etal
(See Endorsement #1)
3 Hanover Square
New York, New York

METROPOLITAN OFFICE, NEW YORK
Producer

Marsh & McLennan Inc.

| 3 | ☐ | 50167 | 081 | |
|---|---|---|---|---|
| Years | Control | Producer No. | OPC | State Loc. |

6-30-71        6-30-74
Inception (Mo. Day Yr.)   Expiration (Mo. Day Yr.)
12:01 AM    Standard Time at the address of the Named Insured as stated herein

**ITEM 2. PRIMARY OR UNDERLYING INSURANCE — DESCRIPTION OF COVERAGE**

$5,000,000.00 each occurrence and in the aggregate where applicable Umbrella Liability as provided by American Employers Insurance Company Policy Number (To Be Advised) excess of Underlying Policies as per schedule on file with the company.

**ITEM 3. EXCESS COVERAGE AFFORDED BY THIS POLICY**

$5,000,000.00 each occurrence and in the aggregate where applicable Umbrella Liability following the terms and conditions of the underlying policies described in Item 2 above and excess of the limits set forth in Item 2 above.

**ITEM 4. PREMIUM**

$60,000.00

In Witness Whereof, the said THE HOME INSURANCE COMPANY, NEW YORK has caused these Presents to be signed by its President and attested by its Secretary, in the City of New York, and this policy is made and accepted upon the above express conditions, but shall not be valid unless countersigned by a duly Authorized Representative of the Company at place of issue.

_____ Secretary            _____ President

COUNTERSIGNED BY AUTHORIZED REPRESENTATIVE

Senior Vice President        DATE 7-1-71 hg

AGENT'S OR BROKER'S COPY

GEC 024630

WRG Policies
03100

00404

## EXCESS LIABILITY POLICY

## THE HOME INSURANCE COMPANY
### New York, New York

(Hereinafter called the Company)

Agrees with the Insured named in the schedule made a part hereof, in consideration of the payment of the premium and subject to all of the terms of this Policy, as follows:

As respects accidents or occurrences, whichever is applicable, taking place during the period of the Policy, the Company agrees to afford the Insured such additional insurance as the issuers of the Underlying Coverage specified in the schedule would afford the Insured by increasing the underlying limit from the limit(s) set forth under Item 2 of the Declarations to the limit(s) set forth under Items 2 and 3 of the Declarations combined provided that it is expressly agreed that liability shall attach to the Company:

(a) only after the issuers of the Underlying Coverage have paid or have been held liable to pay the full amount of the said underlying limit, and

(b) only as respects such additional amounts in excess thereof as would be payable by the issuers of the Underlying Coverage if the said underlying limit were amended as aforesaid, and

(c) in no greater amount than the limit(s) set forth under Item 3 of the Declarations ultimate net loss as respects each accident or occurrence, whichever is applicable, taking place during the period of this Policy—Subject to the limit(s) set forth under Item 3 of the Declarations ultimate net loss in the aggregate where applicable for each annual period during the currency of this Policy.

### DEFINITIONS

1. **Ultimate Net Loss.** The words "ultimate net loss" shall be understood to mean the amount payable in settlement of the liability of the Insured after making deductions for all recoveries and for other valid and collectible insurances, excepting however the policy(ies) of the Primary Insurer(s), and shall exclude all expenses and Costs.

2. **Costs.** The word "costs" shall be understood to mean interest accruing after entry of judgment, investigation, adjustment and legal expenses (excluding, however, all office expenses of the Insured, all expenses for salaried employees of the Insured and general retainer fees for counsel normally paid by the Insured).

### CONDITIONS

1. **MAINTENANCE OF UNDERLYING INSURANCE.** It is a condition of this Policy that the Underlying Coverage be maintained in full effect during the period of this Policy except for the reduction of the aggregate limits contained therein solely by payment of claims for accidents or occurrences, whichever is applicable, which take place during the period of this Policy. If the Underlying Coverage is terminated during the period of the Policy the effective date of termination of the said Underlying Coverage shall be the end of the period of this Policy.

   This Policy is subject to the same warranties, terms and conditions (except as otherwise provided herein) as are contained in or as may be added to the Underlying Coverage prior to the happening of an accident or occurrence, whichever is applicable, for which claim is made hereunder.

2. **PREMIUM.** The Insured shall pay premium to the Company as specified in the schedule.

   If the Insured terminates this Policy, earned premium shall be computed in accordance with the customary short rate table and procedure. If the Company terminates this Policy, earned premium shall be computed pro rata.

3. **NOTIFICATION OF CLAIMS.** The Insured upon knowledge of any accident or occurrence, whichever is applicable, likely to give rise to a claim hereunder shall give immediate written notice thereof to the Company.

4. **ASSISTANCE AND CO-OPERATION.** The Company shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Insured but the Company shall have the right and shall be given the opportunity to associate with the Insured or the Insured's underlying insurers, or both, in the defense and control of any claim, suit or proceeding relative to an occurrence where the claim or suit involves or appears reasonably likely to involve the Company, in which event the Insured and the Company shall co-operate in all things in the defense of such claim, suit or proceeding.

5. **TERMINATION.** The Insured may terminate this Policy at any time by giving to the Company 30 days' previous notice. The Company may terminate this Policy at any time by giving to the Insured 30 days' previous notice. Any such notice shall be sent by registered mail and shall state the date upon which termination shall become effective. The effective date of termination shall be the end of the period of this Policy.

In Witness Whereof, the Company has caused this Policy to be executed and attested; but this Policy shall not be valid unless countersigned on this Declaration page by a duly authorized representative of the Company.

00405

NON-PREMIUM ENDORSEMENT                                    Endorsement No.1

Issued by –
☒ THE HOME INSURANCE COMPANY   ☐ THE HOME INDEMNITY COMPANY

| POLICY NUMBER | NAMED INSURED |
|---|---|
| HEC 9919945 | W. R. Grace & Co., Etal |

| EFFECTIVE DATE AND TIME OF ENDORSEMENT | DATE PREPARED |
|---|---|
| 6-30-71 | 7-1-71 |

| PRODUCER | PRODUCER NO. —OFC |
|---|---|
| Marsh & McLennan Inc. | 50167-081 |

It is agreed that this policy is hereby amended as indicated. All other terms and conditions of this policy remain unchanged.

In consideration of the premium charged, it is agreed and understood that Insured's Name as stated in Item #1 of the Declarations is amended to read as follows:

W. R. Grace & Co. and/or Subsidiary, Associated Affiliated Companies owned and/or controlled and/or managed companies as now or hereafter constituted.

SIGNATURE OF AUTHORIZED REPRESENTATIVE

WRG Policies
03102

GEC 024632