# EXHIBIT K15

## INSURANCE COMPANY OF NORTH AMERICA, PHILADELPHIA, PENNSYLVANIA

7/15 BR

Attached to and hereby made a part of
Certificate of Excess Insurance No. XCP 37 45

**DECLARATIONS**

New York-505 Marsh & McLennan Inc. Renewing XBC 18 34 - 380094 (H)

**Item 1.**
Name of
Insured —

W.R. GRACE & COMPANY

**Item 2.**
Address —  7 Hanover Square, New York, N.Y.

**Item 3. Certificate Term** — From: June 30, 1971
To:  June 30, 1974
12.01 A.M., standard time at the address of the insured as stated in Item 2 above.

**Item 4. Primary Insurance** —

| Primary Carriers | Policy Numbers | Policy Periods |
|---|---|---|
| 1) Maryland Casulty Co. | Various on file | 6/30/70-71 |
| 2) Employers Group | with company | & renewal thereof |
| 3) Home Ins. Co. | | |

**Item 5. Description of Primary Insurance** —

See Endorsement #2 Attached

**Item 6. Description of Excess Insurance** — Comprehensive General Liability and Automobile
Liability
$10,000,000. each occurrence, Bodily Injury Liability or Property Damage
Liability or both combined, $10,000,000. aggregate where applicable
excess of Item 5 above

**Item 7. Premium** —

| Estimated Policy Period Sales | Rate per $1000 Sales | Total Advance Premium |
|---|---|---|
| $6,465,510,000. | .0116 | $75,000.00 |

Policy Period Minimum Premium $75,000.00

**Item 8.** attached hereto and made a part hereof:
No. 1 — Nuclear Energy Liability Exclusion Endorsement (Form LC-1012)
No. 2 Premium Computation Endt.    No.5 Data Processing Exclusion
No. 3 Description of primary insurance    No. 6 LC1441
No. 4 Architects & Engineers Errors & Omissions Endt.

GEC 024639

WRG Policies
03109

cot

## DESCRIPTION OF PRIMARY INSURANCE ENDORSEMENT NO. 3

Comprehensive General Liability and Automobile Liability

| Bodily Injury Liability Automobile | | Property Damage Liability Automobile | |
|---|---|---|---|
| 250,000 | each person | $1,000,000. | each occurrence |
| ,000,000 | each occurrence | Property Damage Liability | |
| Bodily Injury Liability | | Except Automobile | |
| Except Automobile | | $1,000,000. | each occurrence |
| $250,000 | each person | $1,000,000 | aggregate premises-operations |
| $1,000,000 | each occurrence | | |
| $1,000,000 | aggregate products | $1,000,000 | aggregate protective |
| | | $1,000,000 | aggregate products |
| | | $1,000,000 | aggregate contractual |

2) Comprehensive General Liability and Automobile Liability $5,000,000. each occurrence Bodily Injury Liability or Property Damage Liability or both combined $5,000,000. aggregate where applicable, excess of Item (1) above.

3) Comprehensive General Liability and Automobile Liability $5,000,000. each occurrence Bodily Injury Liability or Property Damage Liability or both combined, $5000,000. aggregate where applicable, excess of Item (1) and Item (2).

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated.

| Effective Date | | Part of Policy No. |
|---|---|---|
| JUNE 30, 1971 | at the hour specified in the policy. | XCP 37 45 |
| Issued to W.R. GRACE, & COMPANY | | |

Authorized Agent

*Charles K. Cox*
President

t valid unless countersigned by a duly authorized agent of the
SURANCE COMPANY OF NORTH AMERICA

C-1660

200M 11-69 PTD. IN U.S.A.

GEC 024642

WRG Policies
03112

# EXHIBIT K16

Marsh & McLennan          10%       00421        8-2  -73  X   RENEWAL OF _____

# EXCESS THIRD PARTY
# LIABILITY POLICY

## CNA/insurance

INSURANCE IS PROVIDED BY THE COMPANY DESIGNATED BELOW
a stock insurance company, herein called the company-
Continental Center 310 S. Michigan Ave Chicago Ill 60604

### DECLARATIONS

| PRODUCER · NO. | BRANCH | PREFIX | POLICY NUMBER |
|---|---|---|---|
| 035975 | 030 | RDX | 893-68-33 |

NAMED INSURED & ADDRESS: (Number & Street, Town, County & State)

W.R. Grace & Co., Etal. and as
Per Endorsement No. 1
1114 Avenue of the Americas
New York, New York   10036

☒ CONTINENTAL CASUALTY COMPANY
☐ NATIONAL FIRE INSURANCE COMPANY of Hartford
☐ AMERICAN CASUALTY COMPANY of Reading, Pa.
☐ TRANSPORTATION INSURANCE COMPANY
☐ TRANSCONTINENTAL INSURANCE COMPANY
☐ VALLEY FORGE INSURANCE COMPANY

Policy Period: (hereinafter called "this policy period")
8-9-73      To: 6-30-74

12:01 A.M., STANDARD TIME
AT THE ADDRESS OF THE IN-
SURED AS STATED HEREIN.

### COPY OF THE EXCESS THIRD PARTY LIABILITY POLICY FORM G-40219-A

3. Schedule of Underlying Insurance: Insurer and Policy Number
1st Layer-Commercial Union      $5,000,000
2nd Layer-Home Insurance        $5,000,000

4. Limits of Liability: The limit of the Company's liability shall be as stated herein, subject to all the terms of this policy having reference thereto.

| COLUMN I | IN EXCESS OF | COLUMN II | COLUMN III | |
|---|---|---|---|---|
| Company Limits | | Underlying Limits | Total Limits | Coverage |
| $ | Each Person | $ | $ | A. Bodily Injury |
| $ | Each Occurrence | $ | $ | Automobile |
| $ | Each Person | $ | $ | B. Bodily Injury |
| $ | Each Occurrence | $ | $ | Except Automobile |
| $ | Aggregate | $ | $ | |
| $ | Each Occurrence | $ | $ | C. Property Damage Automobile |
| $ | Each Occurrence | $ | $ | D. Property Damage |
| $ | Aggregate | $ | $ | Except Automobile |
| $ | Each Occurrence | $ | $ | E. Combined Single Limit Bodily |
| $ | Aggregate | $ | $ | Injury and Property Damage |
| $10,000,000 each occurrence | | $10,000,000 | $20,000,000 | F. Other |
| $10,000,000 aggregate | | $10,000,000 | $20,000,000 | |

5. Premium Computation

| Premium Basis | Estimated Exposure | Rate | Estimated Premium |
|---|---|---|---|
| Sales | To Be Determined Subject to Audit | .0116 Per $1000 Sales | Pro Rata 22,250 |

Deposit Premium:   $ 22,250   on effective date of policy
$ _____
$ _____

Audit Period __Annual__ _____

Minimum Premium:   $ 25,000   Annual
$ 22,250   Policy term

Forms numbers of Endorsement attached
at issuance include: G-40284-B

Countersigned by _____

Authorized Agent

G-40219-A

COPY        GEC 024648        WRG Policies
03118

00422

11334

## Named Insured

It is agreed that the Named Insured is as follows:

W.R. Grace & Co. and/or Subsidiary, Associated,
affiliated Companies owned and/or controlled
and/or managed Companies as now or hereafter
constituted.

This endorsement forms a part of and is for attachment to the following described policy issued by the CNA/INSURANCE company designated therein, takes effect on the effective date of said policy, unless another effective date is shown below, at the hour stated in said policy, and expires concurrently with said policy.

| Plant Fm Computer ? | | Complete Only When This Endorsement Is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| IDENTIFICATION | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF THIS ENDORSEMENT |
| 1 | RDX 8958958 | | |

GEC 024649

WRG Policies
03119

Countersigned by _____

_____
Authorized Agent

# EXHIBIT K17

# Mutual Insurance Company

Seattle, Washington 98101

**MUTUAL COMPANY**
THIS POLICY IS NON-ASSESSABLE

DECLARATIONS

| | | |
|---|---|---|
| Item 1. Named Insured | : | W. R. GRACE AND COMPANY, INC., ET AL |
| P. O. Address | : | 114 AVENUE OF THE AMERICAS<br>NEW YORK, NEW YORK |
| Policy Number | : | 1-2517 |

17885

00464

---

### POLICY PROVISIONS — PART A

SEE PART "B".

ALLEN, MILLER and ASSOCIATES, INC.

Assignment of this Policy shall not be valid except with the written consent of this Company.

This Policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this Policy, together with such other provisions, stipulations, and agreements as may be added hereto, as provided in this Policy.

Unless otherwise provided herein, this Policy may be cancelled on the customary short rate basis by the Assured at any time by written notice or surrender of this Policy to the Company. This policy may also be cancelled, with or without the return or tender of the unearned premium, by the Company, or by the Underwriting Managers in its behalf, by delivering to the Assured or by sending to the Assured by regular mail, at the Assured's address as shown herein, not less than 10 days' written notice stating when the cancellation shall be effective, and in such case Insurers shall refund the unearned premium less the earned portion thereof on demand, subject always to the retention by Insurers herein of any minimum premium stipulated herein (or retention thereof previously agreed upon) in the event of cancellation either by Insurers or Assured.

Not withstanding anything to the contrary contained herein and in consideration of the premium for which this insurance is written, it is understood and agreed that whenever an additional or return premium of $2.00 or less becomes due from or to the Assured on account of the adjustment of a deposit premium, or of on alteration in coverage or rate during the term or for any other reason, the collection of such premium from the Assured will be waived or the return of such premium to the Assured will not be made, as the case may be.

In Witness Whereof, the Company has caused this Policy to be executed and attested, but this Policy shall not be valid unless countersigned by a duly authorized representative of the Company.

SECRETARY

Signed:   JULY 22, 1974

Robert Hindman
PRESIDENT

ALLEN, MILLER & ASSOCIATES, INC.
Underwriting Managers

By

Authorized Representative

THIS EDITION AND ETC. USA.

GEC 024722

WRG Policies
03188

00465

DECLARATIONS

POLICY NUMBER: 1-2517

ITEM 1. NAMED INSURED:

W. R. GRACE & CO. AND/OR SUBSIDIARY, ASSOCIATED, AFFILIATED COMPANIES OR OWNED AND CONTROLLED AND/OR MANAGED COMPANIES AS NOW OR HEREAFTER CONSTITUTED.

ADDRESS:

1114 AVENUE OF THE AMERICAS, NEW YORK, NEW YORK

ITEM 2. POLICY PERIOD:

FROM JUNE 30, 1974 TO JUNE 30, 1977
12:01 A.M. STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN

ITEM 3. UNDERLYING INSURANCE

(SEE ATTACHED)

ITEM 4. UNDERLYING LIMITS:

$100,000.00 UNITED STATES, ITS TERRITORIES, POSSESSIONS, AND CANADA
$250,000.00 FOREIGN

ITEM 5. LIMITS OF LIABILITY - ULTIMATE NET LOSS:

$10,000,000.00 EACH OCCURRENCE
$10,000,000.00 AGGREGATE

ITEM 6. PREMIUM: $590,000.

ALLEN, MILLER & ASSOCIATES, INC.
Underwriting Managers

BY: _George Willong_

* to be AMENDED

GEC 024723

WRG Policies
03189

00471

X 345

(K) TO LIABILITY ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OPERATION, USE, LOADING OR UNLOADING OF ANY AIRCRAFT; PROVIDED, HOWEVER, THIS EXCLUSION SHALL NOT APPLY TO LIABILITY OF THE NAMED INSURED FOR AIRCRAFT NOT OWNED BY SUCH INSURED.

## CONDITIONS

1.  PREMIUM.

    THE PREMIUM FOR THIS POLICY SHALL BE AS STATED ON THE DECLARATIONS PAGE.

2.  INSPECTION AND AUDIT.

    THE COMPANY SHALL BE PERMITTED TO INSPECT THE INSURED'S PREMISES, OPERATIONS, AND ELEVATORS AND TO EXAMINE AND AUDIT THE INSURED'S BOOKS AND RECORDS AT ANY TIME DURING THE POLICY PERIOD AND ANY EXTENSION THEREOF AND WITHIN THREE YEARS AFTER THE FINAL TERMINA-TION OF THIS POLICY, AS FAR AS THEY RELATE TO THE PREMIUM BASIS OR THE SUBJECT MATTER OF THIS INSURANCE.

3.  SPECIAL CONDITIONS APPLICABLE TO OCCUPATIONAL DISEASE.

    AS REGARDS PERSONAL INJURY (FATAL OR NON-FATAL) BY OCCUPATIONAL DISEASE SUSTAINED BY ANY EMPLOYEE OF THE INSURED, THIS POLICY IS SUBJECT TO THE SAME WARRANTIES, TERMS OR CONDITIONS (EXCEPT AS REGARDS THE PREMIUM, THE AMOUNT AND LIMITS OF LIABILITY, ANY CONDITION RESPECTING "OTHER INSURANCE" AND THE RENEWAL AGREEMENT, IF ANY) AS ARE CONTAINED IN OR AS MAY BE ADDED TO THE POLICIES OF UNDERLYING INSURANCES SET FORTH IN THE DECLARATIONS PRIOR TO THE HAPPENING OF AN OCCURRENCE FOR WHICH CLAIM IS MADE HEREUNDER.

4.  LIMITS OF LIABILITY.

    THE COMPANY SHALL ONLY BE LIABLE FOR ULTIMATE NET LOSS IN EXCESS OF EITHER:

    (A) EXCEPT AS PROVIDED IN SUB-PARAGRAPH (B) HEREOF, THE APPLI-CABLE LIMITS OF LIABILITY OF THE POLICIES OF UNDERLYING INSURANCE SET FORTH IN ITEM 3 OF THE DECLARATIONS; OR

    (B) AS RESPECTS EACH OCCURRENCE NOT COVERED BY SUCH UNDERLYING INSURANCE, OR WHERE EACH OCCURRENCE IS COVERED BY SUCH UNDER-LYING INSURANCE BUT IN RECOVERABLE AMOUNTS LESS THAN THE UNDERLYING LIMITS SET FORTH IN ITEM 4 OF THE DECLARATIONS, THE AMOUNT OF ULTIMATE NET LOSS SET FORTH IN THE DECLARATIONS AS "UNDERLYING LIMITS",

    BUT IN NO EVENT SHALL THE COMPANY BE LIABLE FOR AN AMOUNT IN EXCESS OF THE APPLICABLE LIMIT OF LIABILITY SET FORTH IN ITEM 5 OF THE DECLARATIONS.

    THE LIMIT OF LIABILITY STATED IN ITEM 5 OF THE DECLARATIONS AS APPLICABLE TO "EACH OCCURRENCE" IS THE TOTAL LIMIT OF THE COMPANY'S LIABILITY UNDER THIS POLICY FOR ULTIMATE NET LOSS AS A RESULT OF ANY ONE OCCURRENCE. SUBJECT TO THE LIMIT OF LIABILITY SET FORTH IN ITEM 5 OF THE DECLARATIONS WITH RESPECT TO "EACH OCCURRENCE", THE LIMIT OF LIABILITY SO SET FORTH AS "AGGREGATE" SHALL BE THE TOTAL LIMIT OF THE COMPANY'S LIABILITY UNDER THIS POLICY FOR UL-TIMATE NET LOSS:

    (1) BECAUSE OF ALL PERSONAL INJURY AND PROPERTY DAMAGE DURING EACH CONSECUTIVE TWELVE MONTHS OF THE POLICY PERIOD, ARISING OUT OF THE PRODUCTS-COMPLETED OPERATIONS HAZARDS, AND

00472

11346

(2) BECAUSE OF ALL PERSONAL INJURY DURING EACH CONSECUTIVE TWELVE
MONTHS OF THE POLICY PERIOD SUSTAINED FROM OCCUPATIONAL
DISEASE BY ANY EMPLOYEE OF THE INSURED.

IN THE EVENT OF REDUCTION OR EXHAUSTION OF THE AGGREGATE LIMITS
OF LIABILITY UNDER THE POLICIES OF UNDERLYING INSURANCE BY REASON
OF LOSSES PAID THEREUNDER, THIS POLICY SHALL:

(1) IN THE EVENT OF REDUCTION, PAY THE EXCESS OF THE REDUCED
UNDERLYING INSURANCE, AND

(2) IN THE EVENT OF EXHAUSTION, CONTINUE IN FORCE AS UNDERLYING
INSURANCE,

BUT NOTHING IN THIS PARAGRAPH SHALL OPERATE TO INCREASE THE LIMITS
OF THE COMPANY'S LIABILITY.

IN THE EVENT OF REDUCTION OR EXHAUSTION OF THE AGGREGATE LIMIT
OR LIMITS DESIGNATED IN THE UNDERLYING POLICY OR POLICIES SOLELY
BY PAYMENT OF LOSSES IN RESPECT TO ACCIDENTS OR OCCURRENCES DURING
THE PERIOD OF SUCH UNDERLYING POLICY OR POLICIES, IT IS HEREBY
UNDERSTOOD AND AGREED THAT SUCH INSURANCE AS IS AFFORDED BY THIS
POLICY SHALL APPLY IN EXCESS OF THE REDUCED UNDERLYING LIMIT OR,
IF SUCH LIMIT IS EXHAUSTED, SHALL APPLY AS UNDERLYING INSURANCE,
NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE TERMS AND CONDI-
TIONS OF THIS POLICY.

5.  SEVERABILITY OF INTERESTS.

THE TERM "THE INSURED" IS USED SEVERALLY AND NOT COLLECTIVELY, BUT
THE INCLUSION HEREIN OF MORE THAN ONE INSURED SHALL NOT OPERATE
TO INCREASE THE LIMITS OF THE COMPANY'S LIABILITY.  IF MORE THAN
ONE INSURED IS NAMED IN ITEM 1 OF THE DECLARATIONS, IT IS AGREED
THAT THE LIMITS OF THE COMPANY'S LIABILITY SHALL NOT APPLY SEPARATELY
TO EACH SUCH INSURED.

6.  NOTICE OF OCCURRENCE.

WHEN AN OCCURRENCE TAKES PLACE WHICH, IN THE OPINION OF THE INSURED,
INVOLVES OR MAY INVOLVE LIABILITY ON THE PART OF THE COMPANY,
PROMPT WRITTEN NOTICE SHALL BE GIVEN BY OR ON BEHALF OF THE
INSURED TO THE COMPANY OR ANY OF ITS AUTHORIZED REPRESENTATIVES.
SUCH NOTICE SHALL CONTAIN PARTICULARS SUFFICIENT TO IDENTIFY
THE INSURED AND ALSO REASONABLY OBTAINABLE INFORMATION RESPECTING
THE TIME, PLACE AND CIRCUMSTANCES OF THE OCCURRENCE.  FAILURE
TO SO NOTIFY THE COMPANY OF ANY OCCURRENCE WHICH AT THE TIME
OF ITS HAPPENING DID NOT APPEAR TO INVOLVE THIS POLICY BUT WHICH,
AT A LATER DATE, WOULD APPEAR TO GIVE RISE TO A CLAIM HEREUNDER
SHALL NOT PREJUDICE SUCH CLAIM PROVIDED SUCH NOTICE IS THEN GIVEN.
IT SHALL BE AGREED THAT AWARENESS OF CLAIM BY THE CORPORATE RISK
MANAGEMENT DEPARTMENT OF THE INSURED SHALL BE THE SAME AS NOTICE
GIVEN THE COMPANY.

7.  ASSISTANCE AND COOPERATION OF THE INSURED.

THE COMPANY SHALL NOT BE CALLED UPON TO ASSUME CHARGE OF THE
SETTLEMENT OR DEFENSE OF ANY CLAIM MADE, SUIT BROUGHT OR PROCEEDING
INSTITUTED AGAINST THE INSURED BUT THE COMPANY SHALL HAVE THE
RIGHT AND SHALL BE GIVEN THE OPPORTUNITY TO ASSOCIATE WITH THE
INSURED OR THE INSURED'S UNDERLYING INSURERS, OR BOTH, IN THE
DEFENSE AND CONTROL OF ANY CLAIM, SUIT OR PROCEEDING RELATIVE TO
AN OCCURRENCE WHERE THE CLAIM OR SUIT INVOLVES OR APPEARS REASONABLY
LIKELY TO INVOLVE THE COMPANY IN WHICH EVENT THE INSURED AND THE
COMPANY SHALL COOPERATE IN ALL THINGS IN THE DEFENSE OF SUCH
CLAIM, SUIT OR PROCEEDING.

WRG Policies
03196