# EXHIBIT K21

00720

NUMBER
5175-0444

RENEWS
NEW

# NEW HAMPSHIRE INSURANCE COMPANY

MANCHESTER                                      NEW HAMPSHIRE

## C. V. STARR & CO.
### UNDERWRITING MANAGERS

SAN FRANCISCO    SEATTLE    LOS ANGELES    PORTLAND

THE INSURANCE CO. OF THE STATE OF NEW HAMPSHIRE, A STOCK COMPANY, (HEREINAFTER CALLED THE COMPANY) IN CONSIDERATION OF THE PAYMENT OF THE PREMIUM AND OF THE STATEMENTS CONTAINED IN THE DECLARATIONS AND SUBJECT TO THE LIMITS OF LIABILITY, EXCLUSIONS, CONDITIONS AND OTHER TERMS OF THIS POLICY: DOES HEREBY INSURE

| AMOUNT | RATE | PREMIUM |
|--------|------|---------|
| $1   0,000. PART | | $ 26,000.00 |
| $4,000,000. EXCESS | | $ |
| $1,000,000. EXCESS | | $ |
| UNDERLYING | | $ |
| | | |
| | | |
| | | |
| | Total | $ 26,000.00 |

**Assured:**  W. R. GRACE & CO., ET AL

**Address:**  GRACE PLAZA, 1114 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036

**Policy Period from**   JUNE 30, 1975 TO JUNE 30, 1976
both days at 12:01 A.M.          (Standard Time) at the location(s) of the risk(s) insured and in accord with the terms and conditions of the form(s) attached.

**Amount:**  $1,000,000. PART OF
$4,000,000. EXCESS OF
$1,000,000. EXCESS OF UNDERLYING

**Coverage:**  EXCESS UMBRELLA LIABILITY

GEC 025025

**Assignment of this Policy** shall not be valid except with the written consent of this Company

This Policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this Policy, together with such other provisions, stipulations, and agreements as may be added hereto, as provided in this Policy.

Unless otherwise provided herein, this Policy may be cancelled on the customary short rate basis by the Assured at any time by written notice or surrender of this Policy to the Company. This policy may also be cancelled, with or without the return or tender of the unearned premium, by the company, or by the Underwriting Managers in its behalf, by delivering to the Assured or by sending to the Assured by regular mail, at the Assured's address as shown herein, not less than 10 days' written notice stating when the cancellation shall be effective, and in such case Insurers shall refund the paid premium less the earned portion thereof on demand, subject always to the retention by Insurers hereon of any minimum premium stipulated herein or proportion thereof previously agreed upon in the event of cancellation either by Insurers or Assured.

Not withstanding anything to the contrary contained herein and in consideration of the premium for which this insurance is written, it is understood and agreed that whenever an additional or return premium of $2.00 or less becomes due from or to the Assured on account of the adjustment of deposit premium, or of an alteration in coverage or rate during the term or for any other reason, the collection of such premium from the Assured will be waived or the return of such premium to the Assured will not be made, as the case may be.

In Witness Whereof, the Company has caused this Policy to be executed and attested, but this Policy shall not be valid unless countersigned by a authorized representative of the Company.

*Ellis S. Perrigo*
Secretary

WRG Policies
03489

*Lamun C Hall*
President

C. V. STARR & CO.

00721

# EXCESS UMBRELLA POLICY –

GEC 025026

Nam( Assured: As stated in Item 1 of the Declarations forming a part hereof

and/or subsidiary, associated, affiliated companies or owned and controlled companies as now or hereafter constituted and of which prompt notice has been given to the Company.

## DECLARATIONS

ITEM 1.  NAMED ASSURED  **W. R. GRACE & CO., ET AL**

ITEM 2.  Underlying Umbrella Policies:  NORTHBROOK INSURANCE COMPANY

ITEM 3.  Underlying Umbrella limits
(Insuring Agreement II):  $1,000,000.

ITEM )Underlying Umbrella Aggregate Limits
(Insuring Agreement II):  $1,000,000.

ITEM 5.  Limit of Liability
(Insuring Agreement II):  $1,000,000. PART OF $4,000,000.

ITEM 6.  Aggregate Limit of Liability
(Insuring Agreement II):  $1,000,000. PART OF $4,000,000.

ITEM 7.  Notice of Occurrence (Conditions 4) to:-  C. V. STARR & CO.
206 SANSOME STREET, SAN FRANCISCO, CA. 94104

## INSURING AGREEMENTS

**I.  COVERAGE**

The Company hereby agrees, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability.

(a)  imposed upon the Assured by law.

or

(b)  assumed under contract or agreement by the Named Assured and/or any officer, director, stockholder, partner or employee of the Named Assured and/or any officer, director, stockholder, partner or employee of the Named Assured, while acting in his capacity as such.

for damages, direct or consequential and expenses on account of:-

(i)  Personal injuries, including death at any time resulting therefrom.
(ii)  Property Damage
(iii)  Advertising liability.

caused by or arising out of each occurrence happening anywhere in the World, and arising out of the hazards covered by and as defined in the Underlying Umbrella Policies stated in Item 2 of the Declarations and issued by Underwriters at Lloyd's, London, and certain Insurance Companies (hereinafter called the ''Underlying Umbrella Insurers'').

**II.  LIMIT OF LIABILITY - UNDERLYING LIMITS**

It is expressly agreed that liability shall attach to the Company only after the Underlying Umbrella Insurers have paid or have been held liable to pay the full amount of their respective ultimate net loss liability as follows:-

| | |
|---|---|
| $ (as stated in Item 3 of the Declarations) | ultimate net loss in respect of each occurrence, but |
| $ (as stated in Item 4 of the Declarations) | in the aggregate for each annual period during the currency of this Policy separately in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured. |

and the Company shall then be liable to pay only the excess thereof up to a further

| | |
|---|---|
| $ (as stated in Item 5 of the Declarations) | ultimate net loss in all in respect of each occurrence- subject to a limit of |
| $ (as stated in Item 6 of the Declarations) | in the aggregate for each annual period during the currency of this Policy separately in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured. |

Attached to and forming part of Policy No. 5175-0444

Issued to: W. R. GRACE & CO., ET AL

Dated:  DECEMBER 1, 1975

NEW HAMPSHIRE INSURANCE COMPANY

C. V. STARR & COMPANY

WRG Policies
03490

Underwriting Managers

By _____

# EXHIBIT K22

# THE CENTRAL NATIONAL
## INSURANCE COMPANY OF OMAHA

VII, 4

CNU 12-33-83

A Capital Stock Company

COMM. 15%

OMAHA, NEBRASKA

NEW
Renewal of Number

#21040-79
MARSH & MC LENNAN
1221 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK, 10020

### DECLARATIONS

Item 1. Named insured and address (No., Street, Town, County, State)

The named insured is: Individual ☐   Corporation ☒   Partnership ☐

W. R. GRACE & COMPANY, ET AL (PER END. # 1)
1114 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK

Item 2. Policy Period:

FROM **JUNE 30, 1975**   TO   **JUNE 30, 1976**

12:01 A.M., standard time at the address of the named assured as stated herein.

CRAVENS, DARGAN & COMPA:
PACIFIC COAST
INSURANCE COMPANY UNDERWRITING MANAGE
234 BUSH STREET
SAN FRANCISCO, CALIFORNIA 94104
3540 WILSHIRE BLVD.
LOS ANGELES, CALIF. 90005

| | | | |
|---|---|---|---|
| 3. Premium: $ **26,000.00** | | 5. Occurrence Limit: $ **PER END. # 3** | |
| 4. Retained Limit: $ **NOT APPLICABLE** | | 6. Aggregate Limit: $ **PER END. # 3** | |

7. Schedule of Underlying Insurance Policies:

| TYPE OF POLICY | LIMITS OF LIABILITY | INSURER |
|---|---|---|
| UMBRELLA LIABILITY | $1,000,000.00 OCCURRENCE<br>$1,000,000.00 AGGREGATE | NORTHBROOK INS. CO. |

Form Numbers of Endorsements Forming Part of Policy at Issue:

ENDORSEMENTS NOS. 1, 2 & 3

Countersigned:   APRIL 16TH, 1976 BP/JS/es   at

LOS ANGELES, CALIFORNIA
CRAVENS, DARGAN & CO.

By

Authorized Representative

GEC 025032

WRG Policies
03496



## I. COVERAGE

The Company hereby agrees, subject to the limitations, terms nd conditions hereinafter mentioned, to indemnify the Insured for all sums which the Insured shall be obligated to pay by reason of the liability,

⬤ imposed upon the Insured by law.

(b) assumed under contract or agreement by the Named Insured and/or any officer, director, stockholder, partner, or employee of the Named Insured and/or any officer, director, stockholder, partner or employee of the Named Insured, while acting in his capacity as such,

for damages, direct or consequential and expenses on account of:—
   (i) Personal injuries, including death at any time resulting therefrom,
   (ii) Property Damage,
   (iii) Advertising liability,

caused by or arising out of each occurrence happening anywhere in the world, and arising out of the hazards covered by and as defined in the Underlying Umbrella Policies stated in Item 7 of the Declarations.

## II. LIMIT OF LIABILITY — UNDERLYING LIMITS

It is expressly agreed that liability shall attach to the Com-

pany only after the Underlying Umbrella Insurers have been held liable to pay the full amount of their respective ultimate net loss liability as follows:—

$ (as stated in Item 3 of the Declarations)   ultimate net loss in respect of each occurrence, but

$ (as stated in Item 4 of the Declarations)   in the aggregate for each annual period during the currency of this Policy separately in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Insured.

and the Company shall then be liable to pay only the excess thereof up to a further

$ (as stated in Item 5 of the Declarations)   ultimate net loss in all in respect of each occurrence — subject to a limit of

$ (as stated in Item 6 of the Declarations)   in the aggregate for each annual period during the currency of this Policy separately in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Insured.

# CONDITIONS

## PRIOR INSURANCE AND NON-CUMULATION OF LIABILITY -

It is agreed that if any loss covered hereunder is also covered whole or in part under any other excess Policy issued to the Insured prior to the inception date hereof the limit of liability herein stated in Items 5 and 6 of the Declarations shall be reduced by any amounts due to the Insured on account of such loss under such prior insurance.

Subject to the foregoing paragraph and to all the other terms and conditions of this Policy in the event that personal injury or property damage arising out of an occurrence covered hereunder is continuing at the time of termination of this Policy the Company will continue to protect the Insured for liability in respect of such personal injury or property damage without payment of additional premium.

## 2. MAINTENANCE OF UNDERLYING UMBRELLA INSURANCE -

This Policy is subject to the same terms, definitions, exclusions and conditions (except as regards the premium, the amount and limits of liability and except as otherwise provided herein) as are contained in or as may be added to the Underlying Umbrella Policies stated in Item 2 of the Declarations prior to the happening of an occurrence for which claim is made hereunder.

It is a condition of this Policy that the Underlying Umbrella Policies shall be maintained in full effect during the currency hereof except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this Policy or by the operation of Condition C of the Underlying Umbrella Policies.

## 3. CANCELLATION -

This Policy may be cancelled by the Named Insured or by the Company or their representatives by mailing written notice to the

other party stating when, not less than thirty (30) days thereafter, cancellation shall be effective. The mailing of notice as aforesaid by the Company or their representative to the Named Insured at the address shown in this Policy shall be sufficient proof of notice, and the Insurance under this Policy shall end on the effective date and hour of cancellation stated in the notice. Delivery of such written notice either by the Named Insured or by the Company or their representative shall be equivalent to mailing.

If this Policy shall be cancelled by the Named Insured the Company shall retain the customary short rate proportion of the premium for the period this Policy has been in force. If this Policy shall be cancelled by the Company, the Company shall retain the pro rata proportion of the premium for the period this Policy has been in force. Notice of cancellation by the Company shall be effective even though the Company makes no payment or tender of return premium.

## 4. NOTICE OF OCCURRENCE -

Whenever the Insured has information from which they may reasonably conclude that an occurrence covered hereunder involves injuries or damage which, in the event that the Insured shall be held liable, is likely to involve this Policy, notice shall be sent as stated in Item 7 of the Declarations as soon as practicable, provided however, that failure to give notice of any occurrence which at the time of its happening did not appear to involve this Policy but which, at a later date, would appear to give rise to claim hereunder, shall not prejudice such claim.

## 5. OTHER INSURANCE -

If other valid and collectible insurance with any other Insurer is available to the Insured covering a loss also covered by this Policy, other than Insurance that is in excess of the Insurance afforded by this Policy the Insurance afforded by this Policy shall be in excess of and shall not contribute with such other insurance.

Frank J. Barrett
Secretary

M. K. Olson
President

WRG Policies
03497

IT IS HEREBY AGREED THAT UNDER DECLARATIONS - ITEM NO. 1. - NAMED INSURED
OF THE POLICY IS TO READ AS FOLLOWS:

W. R. GRACE & COMPANY AND/OR
SUBSIDIARY, ASSOCIATED, AFFILIATED COMPANIES AND/OR
ORGANIZATIONS, OWNED, CONTROLLED AND/OR MANAGED COMPANIES
AS NOW OR HEREINAFTER CONSTITUTED.


IT IS FURTHER AGREED THAT THE INCLUSION OF THE ABOVE SHALL NOT OPERATE TO
INCREASE THE LIMIT OF THE COMPANY'S LIABILITY HEREUNDER.

Nothing herein contained shall vary, alter, waive or extend any of the terms, representations, conditions or agreements of the
other than as above stated.
To be attached to and forming a part of Policy No. ........... CNU 12-33-83 ........... of the ...........

CENTRAL NATIONAL INS. CO. OF OMAHA

issued to ....... W. R. GRACE & COMPANY, ET AL ........... CRAVENS, DARGAN & CO.
Section No. .......1..                        6-30-75
Endorsement No. ............ Effective...........

GEC 025034

WRG Policies
03498

Fu· oua  ɔc(ɔ)ʑ  ɪʊ=/)/            ɢᴇɴᴇʀᴀⱢ ᴇɴᴅᴏʀꜱᴇᴍᴇɴᴛ

IT IS HEREBY AGREED THAT UNDER INSURING AGREEMENT II: LIMIT OF LIABILITY –
UNDERLYING LIMITS, WHEREVER ITEM 3 AND ITEM 4 APPEARS, IT IS AMENDED TO
READ ITEM 7.

Nothing herein contained shall vary, alter, waive or extend any of the terms, representations, conditions or agreements of the po
other than as above stated.

To be attached to and forming a part of Policy No. _____ CNU 12-33-83 _____ of the _____

CENTRAL NATIONAL INS. CO. OF OMAHA

Issued to _____ W. R. GRACE & COMPANY, ET AL _____                CRAVENS, DARGAN & CO.

Section No. _____

Endorsement No. __2__ Effective _____ 6-30-75 _____

GEC 025035

WRG Policies
03499

FU-60d SC(25M 10-75)          GENERAL ENDORSEMENT

IT IS HEREBY AGREED THAT DECLARATIONS, ITEM 5 AND ITEM 6 ARE TO READ
AS FOLLOWS:

5.   OCCURRENCE LIMIT: $1,000,000.00 PART OF
     $4,000,000.00 EXCESS OF UNDERLYING

6.   AGGREGATE LIMIT: $1,000,000.00 PART OF
     $4,000,000.00 EXCESS OF UNDERLYING.

Nothing herein contained shall vary, alter, waive or extend any of the terms, representations, conditions or agreements of the poli
other than as above stated.

To be attached to and forming a part of Policy No. _____ CNU 12-33-83 _____ of the _____

CENTRAL NATIONAL INS. CO. OF OMAHA

Issued to_____ W. R. GRACE & COMPANY, ET AL

Section No. _____ 3                                          CRAVENS, DARGAN & CO.

Endorsement No. _____ Effective_____ 6-30-75 _____ Agt

GEC 025036

WRG Policies
03500

**EXHIBIT K23**

07/21/95   09:16   FAX 1 212 825 0790
JUL-20-95 10:56 FROM: ADMIRAL INS.          ID: 609 428 3390          PAGE   2
☑002/007

*Mike Caputo 2/3/82*

Replacing ..... NEW

# ADMIRAL INSURANCE COMPANY

A TEXAS STOCK COMPANY
(herein called "ADMIRAL")

**CERTIFICATE OF EXCESS INSURANCE**

Σ CX 0369

## DECLARATIONS

NAMED INSURED   W.R. Grace & Co.
                Refer to Endorsement #1
MAILING         1114 Avenue of the Americas
ADDRESS         New York, NY. 10038

*See claims File*

PRODUCER'S NAME AND ADDRESS
AVRECO, INC.
222 West Jackson Blvd.
Chicago, IL. 60606

PRODUCER CODE 232-A    COMMISSION   70 %
POLICY PERIOD FROM 6/30/73

**6/30/76**

Item 1. PRIMARY INSURANCE

| Primary Carrier(s) | Policy Number(s) | Policy Period(s) |
|---|---|---|
| Northbrook Ins. Co. | X/3/A | 8/30/73-6/30/76 |

**CANCELLED**
6/30/76

Item 2. DESCRIPTION OF PRIMARY INSURANCE

**Umbrella Liability**

$1,000,000 each occurrence (and in the aggregate where applicable)

Item 3. DESCRIPTION OF EXCESS INSURANCE

**Excess-Umbrella Liability**

$500,000 (12.5%) quota-share of $1000,000 each occurrence (and in
the aggregate where applicable) excess of limits of liability as
described in Item 2.

Item 4. PREMIUM   $3,000 - 
                  $13,533 Minimum and Deposit
                  1st Anniversary (6/30/76):  $13,536.88 /q....
                  2nd Anniversary (6/30/77):  $13,536.00 /q...

Countersigned On: **September 23, 1975**

At: Haddonfield, New Jersey 08033

**JERSEY/INTERNATIONAL, INC.**
Underwriting Managers

By

COMPANY COPY

GEC 025038

07/21/95   09:16   FAX 1 212 825 0790                                ☒003/007

JUL-20-95 10:57 FROM: ADMIRAL INS.                ID: 609 428 3390          PAGE   3

... a contract or excess insurance by ADMIRAL to the party(s) named in the declarations (hereafter referred to as the "insured")

A.  WHEREAS, the primary insurers have issued to the insured policies of insurance listed in Item 1 (Primary Insurance) of the declarations (which policies, including renewals or replacements thereof on the same basis, are herein called the primary insurance) which are providing the insurance described in Item 2 (Description of Primary Insurance) of the declarations.

B.  NOW, this Certificate is to indemnify the insured in accordance with the applicable insuring agreements, exclusions and conditions of the primary insurance for excess loss as specified in Item 3 (Description of Excess Insurance) of the declarations.

C.  The insurance afforded by this Certificate shall follow that of the primary insurance except: (1) anything in this certificate or the primary insurance to the contrary notwithstanding, ADMIRAL shall not be obligated to assume charge of the settlement or defense of any claim or suit brought or proceeding instituted against the insured, but ADMIRAL shall have the right and be given the opportunity to associate with the insured in the defense or control of any claim, suit or proceeding which appears reasonably likely to involve ADMIRAL, in which event the insured and ADMIRAL shall cooperate in all things in the defense or control of such claim, suit or proceeding, but no obligation shall be incurred on behalf of ADMIRAL without its consent being first obtained, however, in the event that the amount of the excess loss becomes certain either through trial court judgment or agreement among the insured, the claimant and ADMIRAL, then, the insured may pay the amount of excess loss to the claimant to effect settlement and, upon submission of due proof thereof, ADMIRAL will indemnify the insured for such payment, or, ADMIRAL will, upon request of the insured, pay such amount to the claimant on behalf of the insured; (3) the insurance afforded by this Certificate shall not apply to any expenses for which insurance is pro-

This Certificate does not apply—

2.  Under any Liability Coverage, to bodily injury or property damage:

    (1) with respect to which an insured under the Certificate is also an insured under a nuclear energy liability Certificate issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, or Nuclear Insurance Association of Canada, or would be an insured under any such Certificate but for its termination upon exhaustion of its limit of liability, or

    (2) resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the insured is, or had this Certificate not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization;

b.  Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization;

c.  Under any Liability Coverage, to bodily injury or property damage resulting from the hazardous properties of nuclear material, if

    (1) the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an insured, or (b) has been discharged or dispersed therefrom;

    (2) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured, or

    (3) the bodily injury or property damage arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions, or Canada, this exclusion (3) applies only to property damage to such nuclear facility and any property thereat;

vided in the primary insurance; (3) where amended by endorsement attached hereto.

D.  The premium for this Certificate is the amount stated in Item 4 of the declarations and is payable upon delivery of this certificate.

E.  ADMIRAL shall be furnished with copies of the primary insurance and all endorsements thereto which in any manner affect this excess insurance as soon as practicable

F.  This Certificate may be canceled by the insured by surrender thereof to ADMIRAL's authorized representative, or by mailing to ADMIRAL's authorized representative written notice stating when thereafter such cancellation shall be effective; it being agreed, however, that in the event of cancellation or termination of the primary insurance, this Certificate, to the extent of such cancellation or termination, shall cease to apply at the same time without notice to the insured This Certificate may be canceled by ADMIRAL by mailing to the first Named Insured at the address shown herein written notice stating when, not less than 30 days thereafter, such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient notice and the effective date of cancellation stated in the notice shall become the end of the term of this Certificate. Delivery of such written notice either by the insured or by ADMIRAL shall be equivalent to mailing.

G.  If the period of the primary insurance is not concurrent with the term of this Certificate, it is agreed that for the purpose of determining ADMIRAL's liability for loss in excess of the aggregate limits where applicable, of the primary insurance, only loss happening during the term of this Certificate shall be included.

## NUCLEAR ENERGY LIABILITY EXCLUSION

d.  As used in this Exclusion:

    (1) "Hazardous properties" include radioactive, toxic, or explosive properties;

    (2) "Nuclear material" means source material, special nuclear material or byproduct material;

    (3) "Source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

    (4) "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

    (5) "Waste" means any waste material (a) containing byproduct material and (b) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (6), (a) or (b) thereof;

    (6) "Nuclear facility" means (a) any nuclear reactor, (b) any equipment or device designed or used for (i) separating the isotopes of uranium or plutonium, (ii) processing or utilizing spent fuel, or (iii) handling, processing, or packaging waste; (c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235; (d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste; and (e) includes the site on which any of the foregoing is located, all operations conducted on such site, and all premises used for such operations;

    (7) "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

    (8) "Property damage" includes all forms of radioactive contamination of property.

## SERVICE OF SUIT
### (Not Applicable in Texas or New Jersey)

It is agreed that in the event of the failure of ADMIRAL to pay any amount claimed to be due hereunder, ADMIRAL, at the request of the insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America in Canada and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and with the practice of such Court.

It is further agreed that service of process in such suit may be made upon DONALD H. CARLSON, President of ADMIRAL, or his nominee at JERSEY/INTERNATIONAL INC., Underwriting Managers, 56 Hadden Avenue, P.O. Box 850, Haddonfield, New Jersey 08033 and that in any suit instituted against any one of them upon this policy, ADMIRAL will abide by the final decision of such Court or by the final decision of the Appellate Court in the event of an appeal.

The above named is authorized and directed to accept service of process on behalf of ADMIRAL in any such suit and/or upon the request of the insured to give a written undertaking to the insured that it or they will enter a general appearance upon ADMIRAL's behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States of America or province of Canada, which makes provision therefore, ADMIRAL hereby designates the Superintendent, Commissioner or Director of Insurance or other officer specified by that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured or any beneficiary hereunder arising out of this contract of insurance, and hereby designate the above-named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

IN WITNESS WHEREOF, the ADMIRAL INSURANCE COMPANY has caused this Certificate to be signed by its President and Secretary, but this Certificate shall not be valid unless countersigned on the declarations page by a duly authorized representative of ADMIRAL.

_William R. Sedden_                                         _[signature]_

GEC 025039

07/21/95    09:17  FAX 1 212 825 0790
JUL-20-95 18:58 FROM: ADMIRAL INS.

ID: 609 428 3390

☑004/007
PAGE  4

Mike Caputo 2/3/82

**ADMIRAL** ★★★ **INSURANCE COMPANY**
A TEXAS STOCK COMPANY
(herein called "ADMIRAL")

ENDORSEMENT
NO. ....**2**....... TO POLICY NO. .**3E3** ..0369....

EFFECTIVE DATE......**6/30/73** .........

NAMED
INSURED ... **W.R. Grace & Co.**

**NAMED INSURED**

W.R. Grace & Co. and/or subsidiary organizations,
associated, affiliated companies owned, controlled
and/or managed companies as now or hereafter con-
stituted.

BY  *Frederick H. Brown*
                    Authorized Representative

PRODUCER COPY #2

GEC 025040

No. 34077

# COVER NOTE

## C. T. BOWRING & CO. (INSURANCE) LTD.

Telegraphic Address :
Bowrinsur, London, Telex 886321
Telephone : 01-283 3100

P.O. Box 145, The Bowring Building, Tower Place, London, EC3P 3BE

This is to certify that we have effected Coverage as follows:-

10th November 19 75

| | |
|---|---|
| TYPE | EXCESS UMBRELLA LIABILITY. |
| FORM | WORDING AS UNDERLYING AS FAR AS APPLICABLE AMENDMENTS IF ANY TO BE AGREED BY LEADING UNDERWRITER. |
| ASSURED | W.R. GRACE AND COMPANY ET AL and/or as underlying. |
| PERIOD | 36 months at 30th June, 1975. |
| INTEREST | Umbrella Liability as underlying including Products Recall and Architects Errors and Omissions. |
| INSURED | 12.50% of<br>$4,000,000 Combined Single Limit Personal Injury and Property Damage each and every occurrence<br>excess of<br>$1,000,000 Combined Single Limit Personal Injury and Property Damage each and every occurrence<br>which in turn excess of Primary Insurance<br>or A)  $100,000 in respect losses not covered by primary in respect U.S.A/Canadian operations<br>or B)  Foreign operations excess $250,000 self insured retention or primary insurances whichever the greater. |
| SITUATION | Worldwide. |
| CONDITIONS | Aggregates as Underlying.<br>4% Tax Clause (if applicable) - Service of Suit Clause (U.S.A.)<br>Accidental Seepage and Pollution Clause as underlying. |
| PREMIUM | 12.50% of $312,000 three years (payable 1/3rd per annum) adjustable annually at .042%Gross Sales for U.S.A. and Canada only. |
| INFORMATION | See Annual Report.<br>Coverage excludes Products Recall and Architects Errors and Omissions. |
| Hereon | 100% ADMIRAL INSURANCE COMPANY. |

GEC 025044

Messrs. Marsh & McLennan, Inc.,
1221 Avenue of Americas,
New York,
N.Y. 10020,
U.S.A.

C. T. BOWRING & CO. (INSURANCE) LTD.

J H Sullivan

DEPARTMENTAL MANAGER

N.B.-Please examine the above carefully, and if incorrect or if you do not accept
the security please advise us immediately.

Form A.9.103/1
No. 34077

**COPY
COVER NOTE**

C. T. BOWRING & CO. (INSURANCE) LTD.

Telegraphic Address :
Bowinsur, London, Telex 886221
Telephone : 01-283 3100

P.O. Box 145, The Bowring Building, Tower Place, London, EC3P 3BE

:613

10th November                 75
_____ 19 ___

This is to certify that we have effected Coverage as follows:-
EXCESS UMBRELLA LIABILITY.

WORDING AS UNDERLYING AS FAR AS APPLICABLE AMENDMENTS IF ANY TO BE
AGREED BY LEADING UNDERWRITER.

**ASSURED**        W.R. GRACE AND COMPANY ET AL and/or as underlying.        00734

**PERIOD**         36 months at 30th June, 1975.

**INTEREST**       Umbrella Liability as underlying including Products Recall and
Architects Errors and Omissions.

**SUM INSURED**    12.50% of
$4,000,000 Combined Single Limit Personal Injury and Property
Damage each and every occurrence
excess of
$1,000,000 Combined Single Limit Personal Injury and Property
Damage each and every occurrence
which in turn excess of Primary Insurance
or A)  $100,000 in respect losses not covered by primary in respect
U.S.A./Canadian operations
or B)  Foreign operations excess $250,000 self insured retention or
primary insurances whichever the greater.

**SITUATION**      Worldwide.

**CONDITIONS**     Aggregates as Underlying.
4% Tax Clause (if applicable) - Service of Suit Clause (U.S.A.).
Accidental Seepage and Pollution Clause as underlying.

**PREMIUM**        12.50% of $312,000 three years (payable 1/3rd per annum) adjustable
annually at .0425%Gross Sales for U.S.A. and Canada only.

**INFORMATION**    See Annual Report.
Coverage excludes Products Recall and Architects Errors and Omissions.

**Hereon**         100% ADMIRAL INSURANCE COMPANY.


Messrs. Marsh & McLennan, Inc.,
1221 Avenue of Americas,
New York,
N.Y. 10020,
U.S.A.

C. T. BOWRING & CO. (INSURANCE) LTD.

N.B.-Please examine the above carefully, and if incorrect or if you do not accept
the security please advise us immediately.

GEC 025045

DEPARTMENTAL MANAGER