**EXHIBIT K31**

00660

PRUDENTIAL REINSURANCE COMPANY

HOME OFFICE:
213 Washington Street
Newark, New Jersey  07101

EXCESS LIABILITY POLICY

POLICY NO.:  DXC 901145

PRIOR NO.:  New

BROKER:  Marsh & McLennan
1221 Avenue of the Americas
New York, New York  10020

Code: _____  Comm. 7.5%

## DECLARATIONS

Item 1. Insured's Name and Address
W.R. Grace & ~~Company~~ CO. AND/OR SUBSIDIARY, ASSOCIATED AFFILIATED
Grace Plaza  COMPANIES AND/OR ORGANIZATIONS OWNED CONTROLLED
1114 Avenue of the Americas - New York, New York  10036   AND/OR MANAGED COMPANIES AS NOW OR HEREINAFTER CONSTITUTED.

Item 2. Policy Period - From:  June 30, 1976   TO:  June 30, 1977
(12:01 A.M. Standard Time at the address of the Named Insured as stated herein.)

Item 3. Coverage/Limits of Liability
This policy covers only with respect to those coverages indicated below, and shall apply only as excess of the Underlying Limits and then only up to the amount of the Excess Limits, shown below:

| COVERAGE | UNDERLYING LIMITS | PRUDENTIAL REINSURANCE EXCESS LIMITS |
|---|---|---|
| Excess Liability Including Architects and Engineers Errors and Omissions Coverage. | $5,000,000 each occurrence and annual aggregate as applicable, excess of various underlying primaries or Self Insured Retention. | $1,000,000 being 20% part of $5,000,000 each occurrence and annual aggregate excess of underlying limits. |

Item 4. Premium:

A) Deposits:   $30,600.00

B) Annual Minimum:  $1,000.

Premium Basis:  Adjustable at rate of $.0405 per ~~$1,000,000~~ Sales.
Rate:

Item 5. Schedule of Underlying Insurance:
Lloyds' London Policy CN35446 and Northbrook Insurance Company No. #63-002-046 and various primary policies totalling underlying limits.

October 4, 1976
DATE

JJV:djz

AUTHORIZED SIGNATURE

GEC 025401

**EXHIBIT K32**

00341  VOL. 9  TL-34

# Prudential Reinsurance Company

HOME OFFICE:
213 Washington Street
Newark, New Jersey 07101

**Excess Liability Policy**

Policy No.: **DRC DX 0250**

Prior No.: **New**

Broker: **Marsh & McLennan**
         **1221 Avenue of the Americas**
         **New York, NY 10020**

Code: **7½%**

## DECLARATIONS

Item 1. Insured's Name and Address:

W. R. Grace & Company et al
Grace Plaza, 1114 Avenue of the Americas
New York, NY 10036

Item 2. Policy Period - From: **June 30, 1977**   To: **June 30, 1978**
(12:01 A.M. Standard Time at the address of the Named Insured as stated herein)

Item 3. Coverage/Limits of Liability.
This policy covers with respect to those coverages indicated below, and shall apply only as excess of the Underlying Limits and then only up to the amount of the PRUDENTIAL REINSURANCE EXCESS LIMITS shown below:

| COVERAGE | UNDERLYING LIMITS | PRUDENTIAL REINSURANCE EXCESS LIMITS |
|---|---|---|
| Excess Umbrella Liability | $10,000,000 each occurrence and annual aggregate where applicable, excess of various underlying primaries | $5,000,000 each occurrence and annual aggregate where applicable excess of underlying limits |

Item 4. Premium:

A) Deposit: **$164,325.00**        B) Annual Minimum:

Premium Basis: **Flat charge**
Rate:

Item 5. Schedule of Underlying Insurance:

Lloyd's, London Umbrella Liability Policy No. (CX) 35446 and various excess and primary policies totaling underlying limits.

June 7, 1977

00049

-2-

4. Policy Provision X, INSOLVENCY, is hereby added:

The insolvency or bankruptcy of the named insured shall not release the Company from the payment of damages for injury sustained or loss occasioned during the life of and within the coverage of the policy.

5. Policy Provision XI, UNSATISFIED JUDGMENTS, is hereby added:

If a judgment against the insured or his personal representative in an action brought to recover damages for an injury sustained or for loss or damage to property occasioned during the life of the policy shall remain unsatisfied at the expiration of 30 days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the Company, then an action may, except during a stay or limited stay of execution against the insured on such judgment, be maintained against the Company under the terms of this policy for the amount of such judgment not exceeding the amount of the applicable limit of coverage under this policy.

Name of Insured **W. R. Grace & Company et.al**    Endorsement **#1**

Broker: **Marsh & McLennan**    Effective Date **6/7/77**

*[signature]*
Authorized Signature

GEC 025739

WRG Policies
04236

**EXHIBIT K33**



7.7 DD/6 31
Vol. 9, TAB E

# Lloyd's Policy

**Whereas** the Assured named in the Schedule herein has paid the premium specified in the Schedule to the Underwriting Members of Lloyd's who have hereunto subscribed their Names (hereinafter called 'the Underwriters'),

**Now We the Underwriters** hereby agree to insure against loss, damage or liability to the extent and in the manner hereinafter provided.

If the Assured shall make any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this Policy shall become void and all claim hereunder shall be forfeited.

**Now know Ye** that We the Underwriters, Members of the Syndicates whose definitive numbers in the after-mentioned List of Underwriting Members of Lloyd's are set out in the attached Table, hereby bind ourselves each for his own part and not one for another, our Heirs, Executors and Administrators and in respect of his due proportion only, to pay or make good to the Assured or to the Assured's Executors or Administrators or to indemnify him or them against all such loss, damage or liability as herein provided, after such loss, damage or liability is proved and the due proportion for which each of Us, the Underwriters, is liable shall be ascertained by reference to his share, as shown in the said List, of the Amount, Percentage or Proportion of the total sum insured hereunder which is in the Table set opposite the definitive number of the Syndicate of which such Underwriter is a Member AND FURTHER THAT the List of Underwriting Members of Lloyd's referred to above shows their respective Syndicates and Shares therein, is deemed to be incorporated in and to form part of this Policy, bears the number specified in the attached Table and is available for inspection at Lloyd's Policy Signing Office by the Assured or his or their representatives and a true copy of the material parts of the said List certified by the General Manager of Lloyd's Policy Signing Office will be furnished to the Assured on application.

**In Witness** whereof the General Manager of Lloyd's Policy Signing Office has subscribed his Name on behalf of each of Us.

*[signature]*

LLOYD'S POLICY SIGNING OFFICE,
*General Manager*

GEC 025740

EMBOSSMENT
LLOYD'S
POLICY SIGNING
OFFICE
EMBOSSMENT
APPEARS HERE
ON ORIGINAL
DOCUMENT

**J(A)** NMA 2002 (11.4.74)
Form approved by Lloyd's Underwriters' Non-Marine Association.
Printed by Lloyd's of London Printing Services Ltd.

WRG Policies
04237

## EXCESS UMBRELLA POLICY (LONDON 1971)

NAMED ASSURED: As stated in Item 1 of the Declarations forming a part hereof and/or subsidiary, associated, affiliated companies or owned and controlled companies as now or hereafter constituted and of which prompt notice has been given to Underwriters. (Hereinafter called the "Named Assured").

### INSURING AGREEMENTS:

I. COVERAGE –

Underwriters hereby agree, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability:–

    (a)   imposed upon the Assured by law,

or (b)   assumed under contract or agreement by the Named Assured and/or any officer, director, stockholder, partner or employee of the Named Assured, while acting in his capacity as such,

for damages on account of:–

    (i)   Personal Injuries
    (ii)   Property Damage
    (iii)  Advertising Liability

caused by or arising out of each occurrence happening anywhere in the world, and arising out of the hazards covered by and as defined in the Underlying Umbrella Policies stated in Item 2 of the Declarations and issued by the Insurers as specified thereunder (hereinafter called the "Underlying Umbrella Insurers").

II. LIMIT OF LIABILITY –

It is expressly agreed that liability shall attach to the Underwriters only after the Underlying Umbrella Insurers have paid or have been held liable to pay the full amount of their respective ultimate net loss liability as follows:–

    $ (as stated in Item 3 of the Declarations)    ultimate net loss in respect of each occurrence, but

    $ (as stated in Item 4 of the Declarations)    in the aggregate for each annual period during the currency of this

GEC 025743

WRG Policies
04240

and the Underwriters shall then be liable to pay only the excess thereof up to a further

$ (as stated in Item 5 of the Declarations) ultimate net loss in all in respect of each occurrence - subject to a limit of

$ (as stated in Item 6 of the Declarations) in the aggregate for each annual period during the currency of this Policy, separately in respect of Products Liability and in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured and in respect of any other hazard subject to an aggregate limit in the Underlying Umbrella Policies.

## CONDITIONS:

1. PRIOR INSURANCE AND NON CUMULATION OF LIABILITY -

   It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued to the Assured prior to the inception date hereof the limit of liability hereon as stated in Items 5 and 6 of the Declarations shall be reduced by any amounts due to the Assured on account of such loss under such prior insurance.

2. MAINTENANCE OF UNDERLYING UMBRELLA INSURANCE -

   This Policy is subject to the same terms, definitions, exclusions and conditions (except as regards the premium, the amount and limits of liability and except as otherwise provided herein) as are contained in or as may be added to the Underlying Umbrella Policies stated in Item 2 of the Declarations prior to the happening of an occurrence for which claim is made hereunder. Should, however, any alteration be made in the premium for the Underlying Umbrella Policies during the currency of this Policy Underwriters reserve the right to adjust the premium hereon accordingly.

   It is a condition of this Policy that the Underlying Umbrella Policies shall be maintained in full effect during the Policy period without reduction of coverage or limits except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this Policy or by the operation of Condition C. of the Underlying Umbrella Policies.

3. CANCELLATION -

   This Policy may be cancelled by the Named Assured or by the Underwriters or their representatives by sending by registered mail notice to the other party stating when, not less than sixty(60)days thereafter, cancellation shall be effective. The mailing of

GEC 025744

WRG Policies
04241

<u>EXCESS UMBRELLA POLICY (LONDON 1971)</u>

NAMED ASSURED: As stated in Item 1 of the Declarations forming a part hereof

and/or subsidiary, associated, affiliated companies or owned and controlled companies as now or hereafter constituted and of which prompt notice has been given to Underwriters. (Hereinafter called the "Named Assured").

INSURING AGREEMENTS:

I. COVERAGE –

Underwriters hereby agree, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability:–

(a) imposed upon the Assured by law,

or (b) assumed under contract or agreement by the Named Assured and/or any officer, director, stockholder, partner or employee of the Named Assured, while acting in his capacity as such,

for damages on account of:–

(i) Personal Injuries
(ii) Property Damage
(iii) Advertising Liability

caused by or arising out of each occurrence happening anywhere in the world, and arising out of the hazards covered by and as defined in the Underlying Umbrella Policies stated in Item 2 of the Declarations and issued by the Insurers as specified thereunder (hereinafter called the "Underlying Umbrella Insurers").

II. LIMIT OF LIABILITY –

It is expressly agreed that liability shall attach to the Underwriters only after the Underlying Umbrella Insurers have paid or have been held liable to pay the full amount of their respective ultimate net loss liability as follows:–

$ (as stated in Item 3 of the Declarations)    ultimate net loss in respect of each occurrence, but

$ (as stated in Item 4    in the aggregate for each annual

GEC 025752

WRG Policies
04249

and the Underwriters shall then be liable to pay only the excess thereof up to a further

$ (as stated in Item 5 of the Declarations)   ultimate net loss in all in respect of each occurrence – subject to a limit of

$ (as stated in Item 6 of the Declarations)   in the aggregate for each annual period during the currency of this Policy, separately in respect of Products Liability and in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured and in respect of any other hazard subject to an aggregate limit in the Underlying Umbrella Policies.

## CONDITIONS:

1. **PRIOR INSURANCE AND NON CUMULATION OF LIABILITY** –

   It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued to the Assured prior to the inception date hereof the limit of liability hereon as stated in Items 5 and 6 of the Declarations shall be reduced by any amounts due to the Assured on account of such loss under such prior insurance.

2. **MAINTENANCE OF UNDERLYING UMBRELLA INSURANCE** –

   This Policy is subject to the same terms, definitions, exclusions and conditions (except as regards the premium, the amount and limits of liability and except as otherwise provided herein) as are contained in or as may be added to the Underlying Umbrella Policies stated in Item 2 of the Declarations prior to the happening of an occurrence for which claim is made hereunder. Should, however, any alteration be made in the premium for the Underlying Umbrella Policies during the currency of this Policy Underwriters reserve the right to adjust the premium hereon accordingly.

   It is a condition of this Policy that the Underlying Umbrella Policies shall be maintained in full effect during the Policy period without reduction of coverage or limits except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this Policy or by the operation of Condition C. of the Underlying Umbrella Policies.

3. **CANCELLATION** –

   This Policy may be cancelled by the Named Assured or by the Underwriters or their representatives by sending by registered mail notice to the other party stating when not

**C.T. BOWRING & CO. (INSURANCE) LTD.**
Lloyd's Brokers
AMERICAN NON-MARINE DIVISION

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

P.O. BOX 145,
THE BOWRING BUILDING,
TOWER PLACE,
LONDON. EC3P 3BE
(Registered Office)

TELEPHONE: 01-283 3100
TELEGRAMS: BOWINSUR
LONDON EC3
TELEX: 882191
Registered No. 76170 London

Please always quote this No. PY005277

Date 16th August, 1977

VAT No. 244 2517 79

In accordance with your instructions we have arranged cover as follows:

| | |
|---|---|
| **TYPE** | EXCESS UMBRELLA LIABILITY |
| **FORM** | Short Umbrella Excess Form as agreed by Underwriters. |
| **ASSURED** | W.R. GRACE AND CO ET AL AND/OR SUBSIDIARY, ASSOCIATED, AFFILIATED COMPANIES, OWNED CONTROLLED AND/OR MANAGED COMPANIES AS NOW OR HEREINAFTER CONSTITUTED. |
| **PERIOD** | 12 months at 30th June 1977 |
| **INTEREST** | COVERAGE IN RESPECT OF ALL OF THE ASSURED'S OPERATIONS |
| **SUM INSURED** | 80% of $10,000,000 each occurrence (aggregate Products & O.D.) excess of $15,000,000 each occurrence (aggregate Products & O.D.) which in turn excess of underlying as applicable |
| **CONDITIONS** | Seepage & Pollution Clauses as Underlying<br>Service of Suit Clause (U.S.A.)<br>4% Federal Excise Tax (if applicable)<br>60 Days Cancellation Clause<br><br>Special conditions, warranties, clauses and exclusions to follow underlying umbrella. |
| **PREMIUM** | 80% of Minimum and Deposit $200,000 per annum adjustable at expiry at 0.048%o Gross Sales.<br><br>Less 4% Federal Tax |
| **INFORMATION** | As over |

Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

C.T. BOWRING & CO. (INSURANCE) LTD.

Director

GEC 025759

WRG Policies
04256

Commission to you 10%

# Bowring

**C.T. BOWRING & CO. (INSURANCE) LTD.**
Lloyd's Brokers
AMERICAN NON-MARINE DIVISION

P.O. BOX 145,
THE BOWRING BUILDING,
TOWER PLACE,
LONDON, EC3P 3BE
(Registered Office)

TELEPHONE: 01-283 3100
TELEGRAMS: BOWINSUR LONDON EC3
TELEX: 882191
Registered No. 76170 London

Please examine this document carefully and advise us immediately if it is incorrect or does not meet your requirements.

Please always quote this No. **PY005277**

Date **16th August, 1977**

VAT No. 244 2517 79

In accordance with your instructions we have arranged cover as follows:

**TYPE** — EXCESS UMBRELLA LIABILITY

**FORM** — Short Umbrella Excess Form as agreed by Underwriters.

**ASSURED** — W.R. GRACE AND CO ET AL AND/OR SUBSIDIARY, ASSOCIATED, AFFILIATED COMPANIES, OWNED CONTROLLED AND/OR MANAGED COMPANIES AS NOW OR HEREINAFTER CONSTITUTED.

**PERIOD** — 12 months at 30th June 1977

**INTEREST** — COVERAGE IN RESPECT OF ALL OF THE ASSURED'S OPERATIONS

**SUM INSURED** — 80% of $10,000,000 each occurrence (aggregate Products & O.D.) excess of
$15,000,000 each occurrence (aggregate Products & O.D.)
which in turn excess of underlying as applicable

**CONDITIONS** — Seepage & Pollution Clauses as Underlying
Service of Suit Clause (U.S.A.)
4% Federal Excise Tax (if applicable)
60 Days Cancellation Clause

Special conditions, warranties, clauses and exclusions to follow underlying umbrella.

**PREMIUM** — 80% of Minimum and Deposit $200,000 per annum adjustable at expiry at 0.048%o Gross Sales.

**INFORMATION** — As over

Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

C.T. BOWRING & CO. (INSURANCE) LTD.

*Director*

GEC 025761

WRG Policies
04258

| | | | | |
|---|---|---|---|---|
| | This endorsement, ctive | 30th June 1977 | | forms a part of |
| policy No. 5506339 | Issued to | W.R. Grace and Company | | |
| by | Lexington Insurance Company | | | |
| | Incorporated in the U.S.A. in 1965 | | | |
| | Liability of Shareholders Limited | | | |

It is hereby understood and agreed that Section 1 (c) Excess Insurance shall read as follows:-

$914,400.00 being 11.43% of 80% of $10,000,000 each occurrence (aggregate Products and Occupational Disease)

Excess of:

$15,000,000 each occurrence (aggregate Products and Occupational Disease)

Which Is In Turn Excess Of:

Underlying Insurance.

All other terms and conditions remain unchanged.

Dated in London: 26th April, 1978.

K.J. Peacock  Authorised Representative

1902301

GEC 025768              WRG Policies
                        04265



As used in this exclusion:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear materials" means source material, special nuclear material or by-product material;

"source material", "special nuclear material" and "by-product material have the meaning given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid which has been used or exposed to radiation or a nuclear reactor;

"waste" means any waste material (1) containing by-product material and (2) resulting from the operation by any person or organization of any nuclear facility included with the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a) any nuclear reactor;

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing the spent fuel, or (3) handling, processing or packaging waste, or

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission is a self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

(c) to any liability of the Insured due to war, invasion, acts of foreign enemies, hostilities, (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction or damage to property by or under the order of any government or public or local authority.

### III LIMITS OF LIABILITY

Regardless of the number of Insureds under this policy, persons or organizations who sustain injury or damage or claims made or suits brought covered hereby, the Company's limit of liability for loss excess of the Underlying Insurance shall be limited to the amount stated in Section I (c) of the Declarations as applicable to "each occurrence" or "each claim"; provided, however, that the Company's liability shall be further limited to the amount stated in Section I (c) of the Declarations stated as "aggregate" with respect to loss excess of the Underlying Insurance which occurs during each annual period while this policy is in force.

### IV INSURED'S DUTIES

The Insured named in the Declarations hereby agrees to promptly furnish the Company with a copy of the Underlying Policy and all endorsements thereto which in any way effect this excess insurance. Written notice of any loss likely to give rise to a claim hereunder shall be given to the Company by or on behalf of the Insured named in the Declarations containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances of the loss.

### V SETTLEMENT AND DEFENSE

Anything in the Underlying Insurance to the contrary notwithstanding, the Company shall not be obligated to assume charge of the settlement or defense of any claim or suit brought or proceeding instituted against the Insured, but the Company, at its option but not being required to, shall have the right and be given the opportunity to associate with the Insured in the defense or control of any claim, suit or proceeding which appears reasonably likely to involve the Company, in which event the Insured and the Company shall cooperate in all things in the defense or control of such claim, suit or proceeding. In the event costs are incurred by the Company with respect to such claim, suit or proceeding the Company shall pay its incurred costs and such expenses incurred by the Insured with the approval of the Company.

### VI MAINTENANCE OF UNDERLYING INSURANCE

is a condition of this policy that the Underlying Insurance be maintained in full effect during the period of this policy except for reduction of any aggregate limit contained therein solely by payment of claims for losses which take place during the term of this cy. Failure of the Insured to comply with the foregoing shall not invalidate this policy but in event of such failure, the Company all only be liable to the same extent as it would have been had the Insured so maintained such Underlying Insurance except if the Underlying Policy or renewal thereof on the same basis is cancelled or expires without being renewed prior to the end of the policy period of this policy, as shown in the Declarations hereof, the effective date of termination of the Underlying Policy shall also be the end of the policy period of this policy.

GEC 025774

WRG Policies
04271