# EXHIBIT K34

LEXINGTON INSURANCE COMPANY
Wilmington, Delaware
(A Stock Insurance Company)
Administrative Offices: 100 Summer Street, Boston, Massachusetts

IY, 6                    09976

| | | | |
|---|---|---|---|
| Named Insured | W.R. Grace and Company | Policy No.: | 55 63 39 |
| Address: | New York, New York. | Renewal of No.: | 55 34 93 |

## DECLARATIONS — FOLLOWING FORM EXCESS LIABILITY POLICY

### SECTION 1 — EXCESS INSURANCE

(a) Policy Period:   12 months
    From:   30th June 1977        To:        30th June 1978
    12:01 a.m. Standard Time at the Address of the Insured stated herein.

(b) Coverage:   Excess Umbrella Liability

(c) Limits of Liability:   As per endorsement one

(d) Premium:   $18,288.00
    Minimum Premium: $18,288.00     Rating Base: Gross Sales   Rate: 11.43% of 50% of
    Audit Period:   At anniversary                                    $.045/$1000

### SECTION 2 — UNDERLYING INSURANCE

(a) Underlying Policy:   Northbrook              Coverage:      Umbrella Liability
                         Insurance Company
    Policy No.:   To be advised
    Policy Limit: $1,000,000
    Policy Period:   To be advised

(b) Total limits of all underlying insurance including the underlying policy in excess of which this policy
    applies:     As per endorsement one

Endorsements Made Part of this Policy:     No.1.

Countersigned On: _____ 26th April, 1978. _____
at Boston, Massachusetts 02110
    London, England.                                By: _____
                                                        Authorized Representative
                                                        L. J. Peacock.

GEC 025776

WRG Policies
04273

This endorsement, ctive          20th June 1977                   forms a part of

policy No.   5506339        Issued to     W.R. Grace and Company

by        Lexington Insurance Company                                        00981
          Incorporated in the U.S.A. in 1965
          Liability of Shareholders Limited

It is hereby understood and agreed that Section 1 (c) Excess Insurance shall read
as follows:-

$914,400.00 being 11.43% of 80% of $10,000,000 each occurrence (aggregate
Products and Occupational Disease)

Excess of:

$15,000,000 each occurrence (aggregate Products and Occupational Disease)

Which Is In Turn Excess Of:

Underlying Insurance.


All other terms and conditions remain unchanged.


Dated in London:   26th April, 1978.



                                              K.J. Peacock    Authorised Representative

1902301

GEC 025781

WRG Policies
04278



00983

As used in this exclusion:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear materials" means source material, special nuclear material or by-product material;

"source material", "special nuclear material" and "by-product material have the meaning given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid which has been used or exposed to radiation or a nuclear reactor;

"waste" means any waste material (1) containing by-product material and (2) resulting from the operation by any person or organization of any nuclear facility included with the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a) any nuclear reactor;

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing the spent fuel, or (3) handling, processing or packaging waste, or

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission is a self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

(c) to any liability of the Insured due to war, invasion, acts of foreign enemies, hostilities, (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction or damage to property by or under the order of any government or public or local authority.

### III  LIMITS OF LIABILITY

Regardless of the number of Insureds under this policy, persons or organizations who sustain injury or damage or claims made or its brought covered hereby, the Company's limit of liability for loss excess of the Underlying Insurance shall be limited to the amount stated in Section I (c) of the Declarations as applicable to "each occurrence" or "each claim"; provided, however, that the Company's liability shall be further limited to the amount stated in Section I (c) of the Declarations stated as "aggregate" with respect to loss excess of the Underlying Insurance which occurs during each annual period while this policy is in force.

### IV  INSURED'S DUTIES

The Insured named in the Declarations hereby agrees to promptly furnish the Company with a copy of the Underlying Policy and all endorsements thereto which in any way effect this excess insurance. Written notice of any loss likely to give rise to a claim hereunder shall be given to the Company by or on behalf of the Insured named in the Declarations containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances of the loss.

### V  SETTLEMENT AND DEFENSE

Anything in the Underlying Insurance to the contrary notwithstanding, the Company shall not be obligated to assume charge of the settlement or defense of any claim or suit brought or proceeding instituted against the Insured, but the Company, at its option but not being required to, shall have the right and be given the opportunity to associate with the Insured in the defense or control of any claim, suit or proceeding which appears reasonably likely to involve the Company, in which event the Insured and the Company shall cooperate in all things in the defense or control of such claim, suit or proceeding. In the event costs are incurred by the Company with respect to such claim, suit or proceeding the Company shall pay its incurred costs and such expenses incurred by the Insured with the approval of the Company.

### VI  MAINTENANCE OF UNDERLYING INSURANCE

It is a condition of this policy that the Underlying Insurance be maintained in full effect during the period of this policy except for reduction of any aggregate limit contained therein solely by payment of claims for losses which take place during the term of this policy. Failure of the Insured to comply with the foregoing shall not invalidate this policy but in event of such failure, the Company shall only be liable to the same extent as it would have been had the Insured so maintained such Underlying Insurance except if the Underlying Policy or renewal thereof on the same basis is cancelled or expires without being renewed prior to the end of the policy period of this policy, as shown in the Declarations hereof, the effective date of termination of the Underlying Policy shall also be the end of the policy period of this policy.

WRG Policies
04280

# EXHIBIT K35

VOL 4  TAB 7

09985

# Prudential Reinsurance Company

HOME OFFICE.
213 Washington Street
Newark, New Jersey 07101

## Excess Liability Policy

Policy No.: **DXL DX 0251**

Prior No.: **New**

Broker: **Marsh & McLennan**
_____ **1221 Avenue of the Americas**
_____ **New York, NY 10020**
Code: _____ **744**

## DECLARATIONS

Item 1. Insured's Name and Address:

**W. R. Grace & Company et al**
**Grace Plaza, 1114 Avenue of the Americas**
**New York, NY 10036**

Item 2. Policy Period - From: **June 30, 1977**          To: **June 30, 1978**
(12:01 A.M. Standard Time at the address of the Named Insured as stated herein)

Item 3. Coverage/Limits of Liability:
This policy covers with respect to those coverages indicated below, and shall apply only as excess of the Underlying Limits and then only up to the amount of the PRUDENTIAL REINSURANCE EXCESS LIMITS shown below:

| COVERAGE | UNDERLYING LIMITS | PRUDENTIAL REINSURANCE EXCESS LIMITS |
|---|---|---|
| **Excess Umbrella Liability** | **$15,000,000 each occurrence and annual aggregate where applicable, excess of various underlying primaries** | **$2,000,000 being 20% part of $10,000,000 each occurrence and annual aggregate where applicable excess of underlying limits** |

Item 4.   Premium:

A) Deposit: **$40,000**                        B) Annual Minimum:

Premium Basis: **Flat charge**
Rate:

Item 5.   Schedule of Underlying Insurance:

**Lloyd's, London Umbrella Liability Policy No. (CX) 35446 and various excess and primary policies totaling underlying limits.**

_____ **June 7, 1977** _____

GEC 025785

WRG Policies
04282

# EXHIBIT K36

VOL. X TAB-1

# Lloyd's Policy

A/C: W.R.GRACE AND CO.



Lloyd's, London

J(A)

GEC 026137

WRG Policies
04626

A-3202

**C.T. BOWRING & CO. (INSURANCE) LTD.**
Lloyd's Brokers
AMERICAN NON-MARINE DIVISION

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

| | | |
|---|---|---|
| P.O. BOX 145, | TELEPHONE: 01-283 3100 | |
| THE BOWRING BUILDING, | TELEGRAMS: BOWINSUR | Please always quote this No. ___ FY07147S |
| TOWER PLACE, | LONDON EC3 | |
| LONDON, EC3P 3BE | TELEX: 882191 | Date ___ 24th July, 1972 |
| (Registered Office) | Registered No. 78170 London | VAT No. 244 2517 79 |

In accordance with your instructions we have arranged cover as follows:

| | |
|---|---|
| TYPE | EXCESS UMBRELLA LIABILITY. |
| FORM | SHORT UMBRELLA EXCESS FORM TO BE AGREED BY UNDERWRITERS |
| ASSURED | W.R.GRACE AND CO. ET AL AND/OR SUBSIDIARY, ASSOCIATED, AFFILIATED COMPANIES, OWNED CONTROLLED AND/OR MANAGED AS NOW OR HEREINAFTER CONSTITUED. |
| PERIOD | 12 MONTHS AT 30TH JUNE, 1973. |
| INTEREST | COVERAGE IN RESPECT OF ALL THE ASSURED'S OPERATIONS. |
| SUM INSURED | 60% of<br>$15,000,000 EACH OCCURRENCE (AGGREGATE PRODUCTS AND OCCUPATIONAL DISEASE)<br>EXCESS OF<br>$10,000,000 EACH OCCURRENCE (AGGREGATES PRODUCTS AND OCCUPATIONAL DISEASE)<br>WHICH IN TURN EXCESS OF UNDERLYING AS APPLICABLE. |
| SITUATION | |
| CONDITIONS | SEEPAGE AND POLLUTION CLAUSES AS UNDERLYING.<br>SERVICE OF SUIT CLAUSE (U.S.A.)<br>4% TAX CLAUSE (IF APPLICABLE).<br>60 DAYS CANCELLATION CLAUSE.<br><br>SPECIAL CONDITIONS, WARRANTIES, CLAUSES AND EXCLUSIONS TO FOLLOW UNDERLYING UMBRELLA. |
| PREMIUM | 60% OF MINIMUM & DEPOSIT $364,000 ADJUSTABLE AT 8.2¢% GROSS SALES<br><br>Less 4% FEDERAL EXCISE TAX |
| INFORMATION | As over |

For the Attention of: Messrs. M. Gould/T. Hassalla/T. Clarke,
Marsh & McLennan, Inc,                          C.T. BOWRING & CO. (INSURANCE) LTD.
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.
Commission to you 10%

GEC 026138

WRG Policies
04627

A-3203

**C. T. BOWRING & CO. (INSURANCE) LTD.**
Lloyd's Brokers
AMERICAN NON-MARINE DIVISION

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

P.O. BOX 145,
THE BOWRING BUILDING,
TOWER PLACE,
LONDON, EC3P 3BE
(Registered Office)

TELEPHONE: 01-283 3100
TELEGRAMS: BOWINSUR
          LONDON EC3
TELEX: 882191
Registered No. 76170 London

Please always
quote this No.   PY071478

Date   24th July, 1978

VAT No. 244 2517 79

In accordance with your instructions we have arranged cover as follows:

| | |
|---|---|
| **TYPE** | EXCESS UMBRELLA LIABILITY. |
| **FORM** | SHORT UMBRELLA EXCESS FORM TO BE AGREED BY UNDERWRITERS |
| **ASSURED** | W.R.GRACE AND CO. ET AL AND/OR SUBSIDIARY, ASSOCIATED, AFFILIATED COMPANIES, OWNED CONTROLLED AND/OR MANAGED AS NOW OR HEREINAFTER CONSTITUED. |
| **PERIOD** | 12 MONTHS AT 30TH JUNE, 1978. |
| **INTEREST** | COVERAGE IN RESPECT OF ALL THE ASSURED'S OPERATIONS. |
| **SUM INSURED** | 60% of $15,000,000 EACH OCCURRENCE (AGGREGATE PRODUCTS AND OCCUPATIONAL DISEASE) EXCESS OF $10,000,000 EACH OCCURRENCE (AGGREGATES PRODUCTS AND OCCUPATIONAL DISEASE) WHICH IN TURN EXCESS OF UNDERLYING AS APPLICABLE. |
| **SITUATION** | |
| **CONDITIONS** | SEEPAGE AND POLLUTION CLAUSES AS UNDERLYING. SERVICE OF SUIT CLAUSE (U.S.A.) 4% TAX CLAUSE (IF APPLICABLE). 60 DAYS CANCELLATION CLAUSE. |
| | SPECIAL CONDITIONS, WARRANTIES, CLAUSES AND EXCLUSIONS TO FOLLOW UNDERLYING UMBRELLA. |
| **PREMIUM** | 60% OF MINIMUM & DEPOSIT $364,000 ADJUSTABLE AT 8.20¢%o GROSS SALES |
| **INFORMATION** | As over |

For the Attention of: Messrs. M. Gould/F. Massalla/T. Clarke,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

C. T. BOWRING & CO. (INSURANCE) LTD.

Direc:

GEC 026140

WRG Policies
04629

A-3205

As used in this exclusion:

"hazardous properties" include radioactive, toxic or explosive properties;;

"nuclear materials" means source material, special nuclear material or by-product material;

"source material", "special nuclear material" and "by-product material have the meaning given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid which has been used or exposed to radiation or a nuclear reactor;

"waste" means any waste material (1) containing by-product material and (2) resulting from the operation by any person or organization of any nuclear facility included with the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a) any nuclear reactor;

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing the spent fuel, or (3) handling, processing or packaging waste, or

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission is a self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

(c) to any liability of the insured due to war, invasion, acts of foreign enemies, hostilities, (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction or damage to property by or under the order of any government or public or local authority.

## III LIMITS OF LIABILITY

Regardless of the number of insureds under this policy, persons or organizations who sustain injury or damage or claims made or suits brought covered hereby, the Company's limit of liability for loss excess of the Underlying Insurance shall be limited to the amount stated in Section I (c) of the Declarations as applicable to "each occurrence" or "each claim"; provided, however, that the Company's liability shall be further limited to the amount stated in Section I (c) of the Declarations stated as "aggregate" with respect to loss excess of the Underlying Insurance which occurs during each annual period while this policy is in force.

## IV INSURED'S DUTIES

The insured named in the Declarations hereby agrees to promptly furnish the Company with a copy of the Underlying Policy and all endorsements thereto which in any way effect this excess insurance. Written notice of any loss likely to give rise to a claim hereunder shall be given to the Company by or on behalf of the insured named in the Declarations containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances of the loss.

## V SETTLEMENT AND DEFENSE

Anything in the Underlying Insurance to the contrary notwithstanding, the Company shall not be obligated to assume charge of the settlement or defense of any claim or suit brought or proceeding instituted against the insured, but the Company, at its option but not being required to, shall have the right and be given the opportunity to associate with the insured in the defense or control of any claim, suit or proceeding which appears reasonably likely to involve the Company, in which event the insured and the Company shall cooperate in all things in the defense or control of such claim, suit or proceeding. In the event costs are incurred by the Company with respect to such claim, suit or proceeding the Company shall pay its incurred costs and such expenses incurred by the insured with the approval of the Company.

## VI MAINTENANCE OF UNDERLYING INSURANCE

It is a condition of this policy that the Underlying Insurance be maintained in full effect during the period of this policy except for the reduction of any aggregate limit contained therein solely by payment of claims for losses which take place during the term of this policy. Failure of the insured to comply with the foregoing shall not invalidate this policy but in event of such failure, the Company shall only be liable to the same extent as it would have been had the insured so maintained such Underlying Insurance except if the Underlying Policy or renewal thereof on the same basis is cancelled or expires without being renewed prior to the end of the policy period of this policy, as shown in the Declarations hereof, the effective date of termination of the Underlying Policy shall also be the end of the policy period of this policy.

GEC 026144

WRG Policies
04633

A-3209

(A Stock Insurance Company)
Administrative Offices: 100 Summer Street, Boston, Massachusetts
Incorporated in the U.S.A. in 1965
Liability of Shareholders Limited

Named Insured: J.R. Grace and Company          Policy No. : ~~5512445~~

Address:       New York                        Renewal of No.: ~~5506339~~


### DECLARATIONS — FOLLOWING FORM EXCESS LIABILITY POLICY

---

**SECTION I — EXCESS INSURANCE**

(a) Policy Period: From:  30th June, 1978        To: 30th June, 1979
    (at 12.01 a.m. Standard Time     at the address of the Insured stated herein)

(b) Coverage:  Excess Umbrella Liability

(c) Limits of Liability: $773,100 being 8.59% of 60% of $15,000,000 each occurrence
                         and in the aggregate for Products and Occupational Disease

(d) Premium:  Deposit: $18,760.56        Exposure Type  :  Gross Sales
    Premium   Minimum: $18,760.56        Adjustable Rate:  8.59% of 60% of
                                                           $.082 per $1000

                                         Audit Period   :  At Expiry

---

**SECTION II — UNDERLYING INSURANCE**

(a) Underlying Policy No:  To be advised

    Issued By: Various Insurance Companies

    Covering:  Umbrella Liability

    Limits of Liability: $5,000,000

    Period: 30th June, 1978        To:        30th June, 1979

(b) Total limits of all underlying insurance including the underlying policy in excess of which
    this policy applies: $10,000,000 each occurrence and in the aggregate for
                         Products and Occupational Disease which in turn Excess of
                         Underlyings as applicable.

---

Endorsements Made Part of this Policy:


Countersigned in London, England.

on       11th August, 1978                  By
                                               K. Authorised Representative

GEC 026146

WRG Policies
04635
A-3211

ATTACHING TO AND FORMING PART OF POLICY NO. 78DD1417C

DECLARATIONS

ITEM 1.   (a)   Named Assured:-        W.R.GRACE & CO. and/or Subsidiary,Associated
                                       Affiliated Companies,Owned Controlled and/or Managed Companies
                                       or hereinafter Constituted
          (b)   Address of Named Assured:-   1114 Avenue of the Americas,
                                             New York,
                                             N.Y.10038.

ITEM 2.   (a)   Underlying Umbrella Policies:-  76DD1595 .

          (b)   Underlying Umbrella Insurers:-

                Lloyds of London & Various Insurance Companies


ITEM 3.   Underlying Umbrella Limits
          (Insuring Agreement II):-                          $ 10,000,000


ITEM 4.   Underlying Umbrella Aggregate Limits
          (Insuring Agreement II):-                          $ 10,000,000


ITEM 5.   Limit of Liability
          (Insuring Agreement II):-                          $ 15,000,000


ITEM 6.   Aggregate Limit of Liability
          (Insuring Agreement II):-                          $ 15,000,000


ITEM 7.   Policy Period:-
          30th June 1978 to 30th June 1979
          both days at 12.01 A.M.Local Standard Time.

ITEM 8.   Notice of Occurrence (Condition 4) to:-

          Marsh & McLennan.Inc.,
          1221 Avenue of the Americas,
          New York,
          N.Y.10020. U.S.A.

ITEM 9:   Service of Process (Condition 6) upon:-

          Messrs Mendes & Mount.
          3 Park Avenue,
          New York,
          N.Y.10016. U.S.A.

WRG Policies
04642
A-3218

Date...25th.September..1979.....

Policy No. .78DD1417C..............

# THE  SCHEDULE

The Insured
**W.R.GRACE AND CO.AND/OR SUBSIDIARY,ASSICIATED,AFFILIATED COMPANIES,OWNED
CONTROLLED AND/OR MANAGED COMPANIES AS NOW OR HEREINAFTER CONSTITUTED.
1114 Avenue of the Americas,
New York. N.Y.10038.**

Premium    U.S.$5,634.72.

Sum Insured    **2.58% of 60% of $15,000,000 each occurrence (Aggregate Products and
Occupational Disease)
excess of
$10,000,000 each occurrence (Aggregate Products and Occupational Disea
which in turn excess of Underlying as applicable.**

The Interest Insured
**Coverage in respect of All The Assureds Operations.**

U.S.A.

### 4% TAX CLAUSE

Notice is hereby given that the Underwriters have agreed to allow for the purpose of paying the Federal Excise Tax 4% of the premium payable hereon to the extent such premium is subject to Federal Excise Tax.

It is understood and agreed that in the event of any return of premium becoming due hereunder the Underwriters will deduct 4% from the amount of the return and the Assured or his agent should take steps to recover the Tax from the U.S. Government.

19/5/66
N.M.A. 1546

Insured Perils    **Excess Umbrella Liability.**

Period of Insurance

From    **30th June 1978**                    To    **30th June 1979**
**both days at 12.01 A.M.Local Standard Time.**
and for such further period or periods as may be mutually agreed.

## COINSURANCE CLAUSE

It is warranted that this Policy shall run concurrently with and be subject to the same terms
provisions, and limitations as are contained in Policy No.   **78DD1417C**
issued by **Lloyds of London and Various British Companies** covering the identical subjec
matter and risk.

**DJB/sc**

GEC 026158

WRG Policies
04647
A-322

and the Underwriters shall then be liable to pay only the excess thereof up to a further

$ (as stated in Item 5 of the Declarations)    ultimate net loss in all in respect of each occurrence – subject to a limit of

$ (as stated in Item 6 of the Declarations)    in the aggregate for each annual period during the currency of this Policy, separately in respect of Products Liability and in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured and in respect of any other hazard subject to an aggregate limit in the Underlying Umbrella Policies.

## CONDITIONS:

1.    PRIOR INSURANCE AND NON CUMULATION OF LIABILITY –

It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued to the Assured prior to the inception date hereof the limit of liability hereon as stated in Items 5 and 6 of the Declarations shall be reduced by any amounts due to the Assured on account of such loss under such prior insurance.

2.    MAINTENANCE OF UNDERLYING UMBRELLA INSURANCE –

This Policy is subject to the same terms, definitions, exclusions and conditions (except as regards the premium, the amount and limits of liability and except as otherwise provided herein) as are contained in or as may be added to the Underlying Umbrella Policies stated in Item 2 of the Declarations prior to the happening of an occurrence for which claim is made hereunder.    Should, however, any alteration be made in the premium for the Underlying Umbrella Policies during the currency of this Policy Underwriters reserve the right to adjust the premium hereon accordingly.

It is a condition of this Policy that the Underlying Umbrella Policies shall be maintained in full effect during the Policy period without reduction of coverage or limits except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this Policy or by the operation of Condition C. of the Underlying Umbrella Policies.

3.    CANCELLATION –

This Policy may be cancelled by the Named Assured or by the Underwriters or their representatives by sending by registered mail notice to the other

WRG Policies
04655

A-3231

ATTACHING TO AND FORMING PART OF POLICY NO. 78DD1417C

DECLARATIONS

ITEM 1.  (a)  Named Assured:-      W.R.GRACE & CO. and/or Subsidiary, Associate
                         Affiliated Companies Owned Controlled and/or Managed Companies
                         or hereinafter constituted
         (b)  Address of Named Assured:-  1114 Avenue of the Americas,
                                          New York,
                                          N.Y.10038.

ITEM 2.  (a)  Underlying Umbrella Policies:-1.76DD1594C
                                           2.Not Known

         (b)  Underlying Umbrella Insurers:-

              Lloyds of London & Various Insurance Companies


ITEM 3.  Underlying Umbrella Limits
         (Insuring Agreement II):-                          $ 10,000,000


ITEM 4.  Underlying Umbrella Aggregate Limits
         (Insuring Agreement II):-                          $ 10,000,000


ITEM 5.  Limit of Liability
         (Insuring Agreement II):-                          $ 15,000,000


ITEM 6.  Aggregate Limit of Liability
         (Insuring Agreement II):-                          $ 15,000,000


ITEM 7.  Policy Period:-
         30th June 1978 to 30th June 1979
         both days at 12.01 A.M.Local Standard Time.

ITEM 8.  Notice of Occurrence (Condition 4) to:-

         Marsh & McLennan.Inc.,
         1221 Avenue of the Americas,
         New York,
         N.Y.10020. U.S.A.

ITEM 9:  Service of Process (Condition 6) upon:-

         Messrs Mendes & Mount.
         3 Park Avenue,
         New York,
         N.Y.10016. U.S.A.


GEC 026168

WRG Policies
04657

A-3233

# EXHIBIT K37

Wilmington, Delaware

X, 5

(A Stock Insurance Company)

_ 01248

Administrative Offices: 100 Summer Street, Boston, Massachusetts

Incorporated in the U.S.A. in 1965

Liability of Shareholders Limited

Named Insured: W.R. Grace and Company     Policy No. : ~~5512442~~

Address:     New York     Renewal of No.: ~~5506339~~

## DECLARATIONS — FOLLOWING FORM EXCESS LIABILITY POLICY

### SECTION I — EXCESS INSURANCE

(a)  Policy Period: From:    30th June, 1973    To: 30th June, 1979
(at   12.01 a.m. Standard Time    at the address of the Insured stated herein)

(b).  Coverage:   Excess Umbrella Liability

(c)  Limits of Liability: $773,100 being 8.59% of 60% of $15,000,000 each occurrence
and in the aggregate for Products and Occupational Disease

(d)  Premium:    Deposit: $18,760.56     Exposure Type :   Gross Sales
Premium    Minimum: $18,760.56     Adjustable Rate:   8.59% of 60% of
$.082 per $1000

Audit Period :   At Expiry

### SECTION II — UNDERLYING INSURANCE

(a)  Underlying Policy No:   To be advised

Issued By: Various Insurance Companies

Covering:   Umbrella Liability

Limits of Liability:   $5,000,000

Period: 30th June, 1978     To:     30th June, 1979

(b)  Total limits of all underlying insurance including the underlying policy in excess of which
this policy applies: $10,000,000 each occurrence and in the aggregate for
Products and Occupational Disease which in turn Excess of
Underlyings as applicable.

Endorsements Made Part of this Policy:

GEC 026179

Countersigned in London, England.

on     11th August, 1973       By   K. Authorised Representative

WRG Policies
04668

# EXHIBIT K38

01258    X  TAB

RENEWS

NUMBER
6176-0491

Members Of
NEW HAMPSHIRE

□ **GRANITE STATE INSURANCE COMPANY**
□ **NEW HAMPSHIRE INSURANCE COMPANY**
MANCHESTER. NEW HAMPSHIRE

## C. V. STARR & CO.
### UNDERWRITING MANAGERS

SAN FRANCISCO    SEATTLE    LOS ANGELES    PORTLAND    CHICAGO

## DECLARATIONS

1. **Assured:** W.R. GRACE & CO., ET AL
AS MORE FULLY DESCRIBED IN UNDERLYING POLICY/IES

   **Address:** 1114 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10038

2. **Policy Period: From** JUNE 30, 1978 TO JUNE 30, 1979
both days at 12:01 A.M. (Standard Time) at the location(s) of the risk(s) insured and in accord with the terms and conditions of the form(s) attached

3. **Amount:** $ 5,000,000. PART OF
$15,000,000. EXCESS OF
$10,000,000.

4. **Coverage:** EXCESS UMBRELLA LIABILITY

   Premium: A) Provisional or deposit premium    $   121,333.00

     B) Minimum Premium    $   121,333.00

     C) Basis of Adjustment (Rate)    PRO RATA OF $0.082 OF $1,000. GROSS REVENUES

     D) Audit Period    ANNUAL

Assignment of this Policy shall not be valid except with the written consent of this Company.

This Policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this Policy, together with such other provisions, stipulations, and agreements as may be added hereto, as provided in this Policy.

Unless otherwise provided herein, this Policy may be cancelled on the customary short rate basis by the Assured at any time by written notice or by surrender of this Policy to the Company. This Policy may also be cancelled, with or without the return or tender of the unearned premium, by the Company or by the Underwriting Managers in its behalf, by delivering to the Assured or by sending to the Assured by regular mail, at the Assured's address as shown herein, not less than 30 days written notice stating when the cancellation shall be effective, and in such case Insurers shall refund the paid premium less the earned portion thereof on demand, subject always to the retention by Insurers hereon of any minimum premium stipulated herein (or proportion thereof previously agreed upon) in the event of cancellation either by Insurers or Assured.

Not withstanding anything to the contrary contained herein and in consideration of the premium for which this insurance is written, it is understood and agreed that whenever an additional or return premium of $10.00 or less becomes due from or to the Assured on account of the adjustment of a deposit premium, or of an alteration in coverage or rate during the term or for any other reason, the collection of such premium from the Assured will be waived or the return of such premium to the Assured will not be made, as the case may be.

In Witness Whereof, the Company has caused this Policy to be executed and attested, but this Policy shall not be valid unless countersigned by a duly authorized representative of the Company.

JL. 23, 1979 DH/SS/CM-54A *Secretary*

C. V. STARR & CO.    *President*
UNDERWRITING MANAGERS

Countersigned              By _____
CVS 1114

BROKER'S COPY

GEC 026189       WRG Policies
04677

A-2284

EXCESS UMBRELLA POLICY                                    01259

Named Assured: As stated in Item 1 of the Declarations forming a part hereof

and/or subsidiary, associated, affiliated companies or owned and controlled companies as now or hereafter constituted and of which prompt notice has been given to the Company.

## SCHEDULE

| | | |
|---|---|---|
| ITEM 1. | NAMED ASSURED | W.R. GRACE & CO., ET AL |
| ITEM 2. | Underlying Umbrella Policies: | THREE WRITTERS AT LLOYD'S, LONDON AND/OR VARIOUS BRITISH COMPANIES |
| ITEM 3. | Underlying Umbrella limits (Insuring Agreement II): | $10,000,000. |
| ITEM 4. | Underlying Umbrella Aggregate Limits (Insuring Agreement III): | $10,000,000. |
| ITEM 5. | Limit of Liability (Insuring Agreement II): | $ 5,000,000. PART OF $15,000,000. |
| ITEM 6. | Aggregate Limit of Liability (Insuring Agreement III): | $ 5,000,000. PART OF $15,000,000. |
| ITEM 7. | Notice of Occurrence (Conditions 4) to: | C.V. Starr & Co. THREE EMBARCADERO CENTER SAN FRANCISCO, CA 94111 |

## INSURING AGREEMENTS

### I. COVERAGE

The Company hereby agrees, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability

(a) imposed upon the Assured by law,

(b) assumed under contract or agreement by the Named Assured and/or any officer, director, stockholder, partner or employee of the Named Assured while acting in his capacity as such,

for damages, direct or consequential and expenses on account of:

(i) Personal injuries, including death at any time resulting therefrom,

(ii) Property damage,

(iii) Advertising liability,

caused by or arising out of each occurrence happening anywhere in the World, and arising out of the hazards covered by and as defined in the Underlying Umbrella Policies stated in Item 2 of the Declarations, (hereinafter called the "Underlying Umbrella Insurers").

Attached to and forming part of Policy No.   6178-0491

Issued to:   W.R. GRACE & CO., ET AL

d:   AUG. 23, 1976  DW/SS/cw-61

22310 Rev. 1-75

### II. LIMIT OF LIABILITY - UNDERLYING LIMITS

It is expressly agreed that liability shall attach to the Company only after the Underlying Umbrella Insurers have paid or have been held liable to pay the full amount of their respective ultimate net loss liability as follows:-

$ (as stated in Item 3 of the Declarations)   Ultimate net loss in respect of each occurrence, but

$ (as stated in Item 4 of the Declarations)   in the aggregate for each annual period during the currency of this Policy separately in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured.

and the Company shall then be liable to pay only the excess thereof up to a further

$ (as stated in Item 5 of the Declarations)   ultimate net loss in all in respect of each occurrence subject to a limit of

$ (as stated in Item 6 of the Declarations)   in the aggregate for each annual period during the currency of this Policy separately, in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured.

☐ GRANITE STATE INSURANCE COMPANY

☐ NEW HAMPSHIRE INSURANCE COMPANY

**C.V. STARR & COMPANY**
**Underwriting Managers**

By.............................................................................

GEC 026191

WRG Policies
04679

A-2285