# EXHIBIT K48

| BROKER | CODE NO. | LOC. | KIND | POOL | COM. |
|---|---|---|---|---|---|
| MARSH & ‥LENNAN, INC. | | | | | 7-5% |
| 1221 AVENUE OF THE AMERICAS | | 01959 | | NUMBER | |
| NEW YORK, NEW YORK 10020 | | | | 6480-5013 | |

RENEWS
6179-1383



# ☒ GRANITE STATE INSURANCE COMPANY
# ☐ NEW HAMPSHIRE INSURANCE COMPANY

## PACIFIC STARR of NEW YORK, INC.
UNDERWRITING MANAGERS
NEW YORK

### DECLARATIONS

1. Assured: W. R. GRACE & CO., ET AL
   (AS MORE FULLY DESCRIBED IN THE UNDERLYING POLICY/IES)

   Address: 1114 AVENUE OF THE AMERICAS
   NEW YORK, NEW YORK 10038

2. Policy Period: From JUNE 30, 1980 TO JUNE 30, 1981
   both days at 12:01 A.M. (Standard Time) at the location(s) of the risk(s) insured and in accord with the terms and conditions of the form(s) attached.

3. Amount:
   $ 4,000,000.00   PART OF
   $20,000,000.00   EXCESS OF
   $ 5,000,000.00   EXCESS OF UNDERLYING

4. Coverage: EXCESS UMBRELLA LIABILITY

5. Premium:
   A) Provisional or deposit premium   $ 94,000.00
   B) Minimum Premium                  $ 94,000.00
   C) Basis of Adjustment (Rate)       PRO-RATA OF $0.083 PER $1,000.00 GROSS REVENUE
   D) Audit Period                     ANNUAL
   E) Currency: U.S. Dollars

Assignment of this Policy shall not be valid except with the written consent of this Company.

This Policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this Policy, together with such other provisions, stipulations, and agreements as may be added hereto, as provided in this Policy.

Unless otherwise provided herein, this Policy may be cancelled on the customary short rate basis by the Assured at any time by written notice or by surrender of this Policy to the Company. This Policy may also be cancelled, with or without the return or tender of the unearned premium, by the Company or by the Underwriting Managers in its behalf, by delivering to the Assured or by sending to the Assured by regular mail, at the Assured's address as shown herein, not less than 30 days written notice stating when the cancellation shall be effective, and in such case Insurers shall refund the paid premium less the earned portion thereof on demand, subject always to the retention by Insurers hereon of any minimum premium stipulated herein (or proportion thereof previously agreed upon) in the event of cancellation either by Insurers or Assured.

Not withstanding anything to the contrary contained herein and in consideration of the premium for which this insurance is written, it is understood and agreed that whenever an additional or return premium of $10.00 or less becomes due from or to the Assured on account of the adjustment of a deposit premium, or of an alteration in coverage or rate during the term or for any other reason, the collection of such premium from the Assured will be waived or the return of such premium to the Assured will not be made, as the case may be.

In Witness Whereof, the Company has caused this Policy to be executed and attested, but this Policy shall not be valid unless countersigned by a duly authorized representative of the Company.

_____ Secretary    GEC 027050    _____ President

PACIFIC STARR OF NEW YORK, INC.
UNDERWRITING MANAGERS

Countersigned  AUGUST 11, 1980 JT/CG/vel
1114 PSNY

By _____

WRG Policies
05528

## II. LIMIT OF LIABILITY - UNDERLYING LIMITS

It is expressly agreed that liability shall attach to the Company only after the Underlying Umbrella Insurers have paid or have been held liable to pay the full amount of their respective ultimate net loss liability as follows:-

$ (as stated in Item 3 of the Declarations) — Ultimate net loss in respect of each occurrence, but

$ (as stated in Item 4 of the Declarations) — in the aggregate for each annual period during the currency of this Policy separately in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured.

and the Company shall then be liable to pay only the excess thereof up to a further

$ (as stated in Item 5 of the Declarations). — ultimate net loss in all in respect of each occurrence-subject to a limit of

$ (as stated in Item 6 of the Declarations) — in the aggregate for each annual period during the currency of this Policy separately, in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured.

## CONDITIONS

### 1. PRIOR INSURANCE AND NON CUMULATION OF LIABILITY.

It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued to the Assured prior to the inception date hereof the limit of liability hereon as stated in Items 5 and 6 of the Schedule shall be reduced by any amounts due to the Assured on account of such loss under such prior insurance.

Subject to the foregoing paragraph, and to all the other terms and conditions of of this Policy, in the event that Personal Injury or Property Damage arising out of an occurrence covered hereunder is continuing at the time of termination of this Policy the Company will continue to protect the Assured for liability in respect to such Personal Injury or Property Damage without payment of additional premium.

### 2. MAINTENANCE OF UNDERLYING UMBRELLA INSURANCE-

This Policy is subject to the same terms, definitions, exclusions and conditions (except as regards the premium, the amount and limits of liability and except as otherwise provided herein) as are contained in or as may be added to the Underlying Umbrella Policies stated in Item 2 of the Schedule prior to the happening of an occurrence for which claim is made hereunder.

It is a condition of this Policy that the Underlying Umbrella Policies shall be maintained in full effect during the currency hereof, except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this Policy or by the operation of the Prior Insurance and Non Cumulation of Liability Condition of the Underlying Umbrella Policies.

### 3. CANCELLATION-

This Policy may be cancelled by the Named Assured or by the Company or their representative by mailing written notice to the other party stating when, not less than thirty (30) days (ten [10] days for non-payment of premium) thereafter, cancellation shall be effective. The mailing of notice as aforesaid by the Company or their representative to the Named Assured at the address shown in this Policy shall be sufficient proof of notice and the Insurance under this Policy shall end on the effective date and hour of cancellation stated in the notice. Delivery of such written notice either by the Named Assured or by the Company or their representative shall be equivalent to mailing.

If this Policy shall be cancelled by the Named Assured the Company shall retain the customary short rate proportion of the premium for the period this Policy has been in force. If this Policy shall be cancelled by the Company the Company shall retain the pro rata proportion of the premium for the period this Policy has been in force. Notice of cancellation by the Company shall be effective even though the Company makes no payment or tender of return premium.

### 4. NOTICE OF OCCURRENCE-

Whenever the Assured has information from which they may reasonably conclude that an occurrence covered hereunder involves injuries or damage which in the event that the Assured shall be held liable, is likely to involve this Policy, notice shall be sent as stated in Item 7 of the Schedule as soon as practicable, provided however, that failure to give notice of any occurrence which at the time of its happening did not appear to involve this Policy, but which, at a later date, would appear to give rise to claims hereunder, shall not prejudice such claim.

### 5. OTHER INSURANCE-

If other valid and collectible insurance with any other Insurer is available to the Assured covering a loss also covered by this Policy, other than Insurance that is in excess of the Insurance afforded by this Policy, the Insurance afforded by this Policy shall be in excess of and shall not contribute with such other insurance.

# EXHIBIT K49

01968

 **Northbrook
Excess and Surplus
Insurance Company
Northbrook, Illinois**

# Declarations

Renewal of No. __63   005 793__                                              __63   006 854__
                                                                              Policy Number

Item 1. Named Insured:   W. R. Grace and Company

Item 2. Address:   1114 Avenue of the Americas
                   New York, New York 10036

Item 3. Policy Period:   From: June 30, 1980    To: June 30, 1981
                         12:01 A.M. Standard Time at the address of the Named Insured as stated herein

Item 4. Coverage:   Excess Umbrella Liability

Item 5. Limits of Liability:   $3,750,000. any one occurrence and in the aggregate part of $20,000,000. any one occurrence and in the aggregate (where applicable) excess of $5,000,000. any one occurrence and in the aggregate (where applicable) excess of Primary

Item 6. Premium:   Advance: $88,125.00        Annual Minimum: $88,125.00
                   Rate:    $0.01566 per $1,000. Sales

If the Policy Period is more than one year and the premium is to be paid in installments, Premium is payable on:

__Not Applicable__       __Not Applicable__       __Not Applicable__
Effective Date            1st Anniversary          2nd Anniversary

In the event of cancellation by the Named Insured, NORTHBROOK shall receive and retain not less than as the policy minimum premium.

RU __72-2__ (Jacket)
Countersignature Date    July 16, 19 80                   _____
                                                          Authorized Representative

01970

**B. Maintenance of Underlying Umbrella Insurance**

This policy is subject to the same terms, definitions (except for those terms defined in paragraph III), exclusions and conditions (except as regards the premium, the amount and limits of liability and except as otherwise provided herein) as are contained in or as may be added to the Underlying Umbrella Policies listed in Section I. Coverage, prior to the happening of an occurrence for which claim is made under this policy. Any exclusion or restriction of coverage applicable to any Underlying Umbrella Policy shall also apply to this policy regardless of whether such exclusion or restriction applies to all underlying policies.

**C.** It is a condition of this policy that the Underlying Umbrella Policies or renewals or replacements thereof not more restrictive in coverage, shall be maintained in full effect during the currency of this policy, except for any reduction in the aggregate limit or limits contained therein solely by payment of claims in respect of occurrences happening during the period of this policy. Failure of the Insured to comply with the foregoing shall not invalidate this policy but in the event of such failure, NORTHBROOK shall only be liable to the same extent as if the Insured had complied with this condition.

The Named Insured shall give notice to NORTHBROOK as soon as practicable of any exhaustion of aggregate limits of any underlying policy.

**D. Premium**

The premium for this policy shall be computed on the basis stated in the Declarations. The advance premium stated in the Declarations, unless otherwise specified, is an estimated premium only. The earned premium shall be computed upon termination of this policy, or at the end of each twelve month period if the policy is written for a three year term. If the earned premium is more than the advance premium paid, the Insured shall pay the excess to NORTHBROOK. If less, NORTHBROOK shall return the difference, subject to the annual minimum premium for each twelve months of the policy period and the policy minimum premium as stated in the Declarations. See Description of Terms Used as Premium Basis.

**E. Inspection and Audit**

NORTHBROOK may inspect the Insured's property and operations and audit the Insured's books and records at any time at NORTHBROOK'S option during the policy period and within three years after the final termination of this policy. These actions are solely for NORTHBROOK'S benefit and they shall not be a representation that the Insured's property and operations are safe, healthful or are in compliance with any law, rule or regulation.

**F. Notice of Occurrence**

When there is an occurrence which may result in a claim under this policy, the Insured shall notify NORTHBROOK at its Home Office address in writing as soon as possible, giving particulars sufficient to identify the Insured and available information on time, place, and circumstances of the occurrence. The Insured will also send NORTHBROOK any legal papers that relate to the occurrence.

**G. Suit Against NORTHBROOK**

No action shall lie against NORTHBROOK unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and NORTHBROOK. Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join NORTHBROOK as a codefendant in any action against the Insured to determine the Insured's liability, nor shall NORTHBROOK be impleaded by the Insured or the Insured's Legal Representative. Bankruptcy or insolvency of the Insured shall not relieve NORTHBROOK of any of its obligations hereunder.

**H. Other Insurance**

Except as respects coverage written specifically as contributing insurance with this policy or to apply excess of this policy, this policy shall be excess insurance over any other insurance available to the Insured with respect to an occurrence covered hereunder.

**I. Subrogation**

In the event of any payment under this policy, NORTHBROOK shall be subrogated to all of the Insured's rights of recovery against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights.

The amount recovered as subrogation shall be apportioned in the inverse order of payment of ultimate net loss to the extent of the actual payment. The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries.

**J. Changes**

This policy must be endorsed in writing to change any of its provisions.

**K. Assignment**

Assignment of interest under this policy shall not bind NORTHBROOK unless its consent is endorsed hereon.

**L. Cancellation**

This policy may be cancelled by the Insured by surrender thereof to NORTHBROOK or by mailing to NORTHBROOK written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by NORTHBROOK by mailing to the Insured at the address shown in this policy or last known address written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. However, if NORTHBROOK cancels the policy because the Insured has failed to pay a premium when due, this policy may be cancelled by NORTHBROOK by mailing a written notice of cancellation to the Insured stating when, not less than ten (10) days thereafter, such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date of the cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the Insured or by NORTHBROOK shall be equivalent to mailing.

If the Insured cancels, earned premiums shall be computed in accordance with the customary short rate table and procedure. If NORTHBROOK cancels, earned premium shall be computed pro rata. Premium adjustment may be made at the time cancellation is effected and, if not then made, shall be made as soon as practicable after cancellation becomes effective. NORTHBROOK'S check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the Insured.

**M. Sole Agent Clause**

If there is more than one Named Insured hereunder, the Named Insured first named in Item 1 of the Declarations shall be deemed to be the agent for all Named Insureds with respect to notice of cancellation, payment of return premium, payment of unabsorbed premium deposit refunds (dividends) and in all other matters pertaining to this insurance.

GEC 027061

WRG Policies
05539

# EXHIBIT K50

XII, 7

**TRANSIT CASUALTY COMPANY**
LOS ANGELES, CALIFORNIA
ST. LOUIS, MISSOURI
(A stock insurance company, herein called the company)

# Declarations—Excess Umbrella Policy

Policy Number: SCU 955-565   Renewal of No. NEW

Item 1. Named Insured:    W. R. GRACE & COMPANY

Item 2. Address:    1114 Avenue of the Americas
New York, New York   10036

Item 3. Policy Period:   From: June 30, 1980   To: June 30, 1981
12:01 A.M. Standard Time at the address of the Named Insured as stated herein

Item 4. Limits of Liability:   $1,000,000. each occurrence and/or in the aggregate part of $20,000,000. excess of $5,000,000. excess of underlying.

Item 5. Premium:   Advance: $23,500.   Annual Minimum: $23,500.

Rate:   5% of $.0835   Premium Basis:   Per $1,000. of Sales

**When used as a premium basis:**
1. "**admissions**" means the total number of persons, other than employees of the named insured, admitted to the event insured or to events conducted on the premises whether on paid admission tickets, complimentary tickets or passes;
2. "**cost**" means the total cost to the named insured with respect to operations performed for the named insured during the policy period by independent contractors of all work let or sub-let in connection with each specific project, including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or subcontractor, including all fees, allowances, bonuses or commissions made, paid or due;
3. "**receipts**" means the gross amount of money charged by the named insured for such operations by the named insured or by others during the policy period as are rated on a receipts basis other than receipts from telecasting, broadcasting or motion pictures, and includes taxes, other than taxes which the named insured collects as a separate item and remits directly to a governmental division;
4. "**remuneration**" means the entire remuneration earned during the policy period by proprietors and by all employees of the named insured, other than chauffeurs (except operators of mobile equipment) and aircraft pilots and co-pilots, subject to any overtime earnings or limitation of remuneration rule applicable in accordance with the manuals in use by the company;
5. "**sales**" means the gross amount of money charged by the named insured or by others trading under his name for all goods and products sold or distributed during the policy period and charged during the policy period for installation, servicing or repair, and includes taxes, other than taxes which the named insured and such others collect as a separate item and remit directly to a governmental division.

Countersignature Date   July 14, 19 80   Authorized Representative

T.V. 9810 A

GEC 027064   WRG Policies
05542

TRANSIT CASUALTY COMPANY
LOS ANGELES, CALIFORNIA
ST. LOUIS, MISSOURI
(A stock insurance company, herein called the company)

# Excess Umbrella Coverage—Insuring Agreements

### 1. Coverage

The Company hereby agrees, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Insured for all sums which the Insured shall be obliged to pay by reason of the liability imposed upon the Insured by law, or assumed under contract or agreement by the Insured for damages, direct or consequential and expenses on account of:

(a) Personal Injuries, including death at any time resulting therefrom.

(b) Property Damage.

(c) Advertising Liability,

caused by or arising out of each occurrence happening anywhere in the world, and arising out of the hazards covered by and as defined in the Underlying Umbrella Policies stated below and issued by the "Underlying Umbrella Insurers".

**UNDERLYING UMBRELLA INSURERS AND POLICY NUMBER:**

| Carrier | Limits |
|---|---|
| Underwriters At Lloyd's London & British Ins. Cos. (80%) Cover Note No.: PY 107779 | $5,000,000. each occurrence and/or in the aggregate excess of primary insurances. |
| Northbrook Excess & Surplus Insurance Co. (20%) | |

### 2. Limit of Liability — Underlying Limits

It is expressly agreed that liability shall attach to the Company only after the Underlying Umbrella Insurers have paid or have been held liable to pay the full amount of their respective ultimate net loss liability as follows:

(a) $ 5,000,000.   ultimate net loss in respect of each occurrence, but

(b) $ 5,000,000.   in the aggregate for each annual period during the currency of this Policy separately in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employee of the Insured

and the Company shall then be liable to pay only the excess thereof up to a further

(c) $ 1,000,000. P/O $20,000,000.   ultimate net loss in all in respect of each occurrence — subject to a limit of

(d) $ 1,000,000. P/O $20,000,000.   in the aggregate for each annual period during the currency of this policy, separately in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employes of the Insured.

7/14/80
T.V. 9812 A
mcc

GEC 027065

WRG Policies
05543

## Conditions

Transit Casualty (herein after called the Company) agrees with the Named Insured, named in the Declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the Declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy;

The Insuring Agreements and any Special Provisions are contained in the separate Coverage Form or Forms issued to complete this policy.

I. **Premium Computation:** The deposit premium stated in the Declarations is an advance premium only unless otherwise specified. Upon termination of this policy, the earned premium shall be computed in accordance with the rates and minimum premium applicable to this insurance as stated in the Declarations. If the earned premium thus computed exceeds the advance premium paid, the Named Insured shall pay the excess to the Company; if less, the Company shall return to the Named Insured the unearned portion paid by such Named Insured. The Named Insured shall maintain records of the information necessary for premium computation on the basis stated in the Declarations and shall send copies of such records to the Company at the end of the policy period, as the Company may direct.

II. **Inspection and Audit:** The Company shall be permitted but not obligated to inspect the Insured's property and operations at any time. Neither the Company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the Named Insured or others, to determine or warrant that such property or operations are safe.

The Company may examine and audit the Insured's books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

III. **Action Against Company:** No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the Claimant and the Company. Bankruptcy or insolvency of the Insured or his estate shall not relieve the Company of any of its obligations hereunder.

IV. **Subrogation:** In the event of any payment under this policy, the Company shall be subrogated to all the Insured's rights of recovery thereof against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

V. **Changes:** Notice to or knowledge possessed by any person shall not effect a waiver or change in any part of this policy or estop the Company from asserting any rights under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part hereof, signed by an authorized representative of the Company.

VI. **Assignment:** Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon; if, however, the Insured shall be adjudged bankrupt or insolvent, this policy shall cover the Insured's legal representative as Insured; provided that notice of cancellation addressed to the Named Insured named in the Declarations and mailed to the address shown in this policy shall be sufficient notice to effect cancellation of this policy.

VII. **Cancellation:** This policy may be canceled by the NAMED INSURED by surrender thereof to the COMPANY or any of its authorized agents, or by mailing to the COMPANY written notice stating when thereafter such cancellation shall be effective. This policy may be canceled by the COMPANY by mailing to the NAMED INSURED at the address shown in this policy written notice stating when, not less than thirty (30) days thereafter, (except in the instance of non-payment of premium to the COMPANY not less than ten (10) days thereafter), such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficent notice and the effective date of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the NAMED INSURED or by the COMPANY shall be equivalent to mailing. If the NAMED INSURED cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the COMPANY cancels, earned premium shall be computed pro rata.

Premium adjustment may be made at the time cancellation is effected or as soon as practicable thereafter. The check of the COMPANY or its representative, mailed or delivered, shall be sufficient tender of any refund due the NAMED INSURED. If this policy insures more than one NAMED INSURED, cancellation may be effected by the first of such NAMED INSUREDS for the account of all INSUREDS: and notice of cancellation by the COMPANY to such first NAMED INSURED shall be notice to all INSUREDS. Payment of any unearned premium to such first NAMED INSURED shall be for the account of all interests therein.

VIII. **Terms of Policy Conformed to Statute:** Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes.

IN WITNESS WHEREOF, the Company has caused this policy to be signed by its Secretary and President and countersigned on the Declarations page by an authorized representative.

*[signature]*
Secretary

*[signature]*
President

GEC 027068

WRG Policies
05546

# EXHIBIT K51

| BROKER | CODE NO. | LOC. | KIND | POOL | COM. |
|---|---|---|---|---|---|
| MARSH & McLENNAN, INC. 1221 AVENUE OF THE AMERICAS NEW YORK, NEW YORK 10020 | 02231 | VOL. 3 | TA3 5 | | 10% |

RENEWS 6480-5013

NUMBER 6481- 5220



# ☒ GRANITE STATE INSURANCE COMPANY
# ☐ NEW HAMPSHIRE INSURANCE COMPANY

## PACIFIC STARR of NEW YORK, INC.
### UNDERWRITING MANAGERS
### NEW YORK

### DECLARATIONS

1. **Assured:** W. R. GRACE & CO., ET AL
   (AS MORE FULLY DESCRIBED IN THE UNDERLYING POLICY/IES)

   **Address:** 1114 AVENUE OF THE AMERICAS
   NEW YORK, NEW YORK 10038

2. **Policy Period:** From JUNE 30, 1981 TO JUNE 30, 1982
   both days at 12:01 A.M. (Standard Time) at the location(s) of the risk(s) insured and in accord with the terms and conditions of the form(s) attached.

3. **Amount:** $ 4,000,000. PART OF
   $20,000,000. EXCESS OF
   $ 5,000,000. EXCESS OF UNDERLYING

4. **Coverage:** EXCESS UMBRELLA LIABILITY

5. **Premium:**
   A) Provisional or deposit premium    $ 80,000.00
   B) Minimum Premium    $ 80,000.00
   C) Basis of Adjustment (Rate) ADJ. $.0677/1,000.00 SALES
   D) Audit Period    ANNUALLY
   E) Currency: U.S. Dollars

Assignment of this Policy shall not be valid except with the written consent of this Company.

This Policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this Policy, together with such other provisions, stipulations, and agreements as may be added hereto, as provided in this Policy.

Unless otherwise provided herein, this Policy may be cancelled on the customary short rate basis by the Assured at any time by written notice or by surrender of this Policy to the Company. This Policy may also be cancelled, with or without the return or tender of the unearned premium, by the Company or by the Underwriting Managers in its behalf, by delivering to the Assured or by sending to the Assured by regular mail, at the Assured's address as shown herein, not less than 30 days written notice stating when the cancellation shall be effective, and in such case Insurers shall refund the paid premium less the earned portion thereof on demand, subject always to the retention by Insurers hereon of any minimum premium stipulated herein (or proportion thereof previously agreed upon) in the event of cancellation either by Insurers or Assured.

Not withstanding anything to the contrary contained herein and in consideration of the premium for which this insurance is written, it is understood and agreed that whenever an additional or return premium of $10.00 or less becomes due from or to the Assured on account of the adjustment of a deposit premium, or of an alteration in coverage or rate during the term or for any other reason, the collection of such premium from the Assured will be waived or the return of such premium to the Assured will not be made, as the case may be.

In Witness Whereof, the Company has caused this Policy to be executed and attested, but this Policy shall not be valid unless countersigned by a duly authorized representative of the Company.

_signature_ Secretary

Countersigned AUGUST 17, 1981    JT/LM/ya
1114 PSNY

_signature_ President

PACIFIC STARR OF NEW YORK, INC.
UNDERWRITING MANAGERS

By _signature_

BROKER'S COPY

GEC 027464

WRG Policies
05930

## 4. LIMIT OF LIABILITY - UNDERLYING LIMITS

It is expressly agreed that liability shall attach to the Company only after the Underlying Umbrella Insurers have paid or have been held liable to pay the full amount of their respective ultimate net loss liability as follows:-

| | |
|---|---|
| $ (as stated in Item 3 of the Declarations) | Ultimate net loss in respect of each occurrence, but |
| $ (as stated in Item 4 of the Declarations) | in the aggregate for each annual period during the currency of this Policy separately in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured. |

and the Company shall then be liable to pay only the excess thereof up to a further

| | |
|---|---|
| $ (as stated in Item 5 of the Declarations) | ultimate net loss in all in respect of each occurrence-subject to a limit of |
| $ (as stated in Item 6 of the Declarations) | in the aggregate for each annual period during the currency of this Policy separately, in respect of Products Liability and separately in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured. |

## CONDITIONS

### 1. PRIOR INSURANCE AND NON CUMULATION OF LIABILITY-

It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued to the Assured prior to the inception date hereof the limit of liability hereon as stated in Items 5 and 6 of the Schedule shall be reduced by any amounts due to the Assured on account of such loss under such prior insurance.

Subject to the foregoing paragraph, and to all the other terms and conditions of of this Policy, in the event that Personal Injury or Property Damage arising out of an occurrence covered hereunder is continuing at the time of termination of this Policy the Company will continue to protect the Assured for liability in respect to such Personal Injury or Property Damage without payment of additional premium.

### 2. MAINTENANCE OF UNDERLYING UMBRELLA INSURANCE-

This Policy is subject to the same terms, definitions, exclusions and conditions (except as regards the premium, the amount and limits of liability and except as otherwise provided herein) as are contained in or as may be added to the Underlying Umbrella Policies stated in Item 2 of the Schedule prior to the happening of an occurrence for which claim is made hereunder.

It is a condition of this Policy that the Underlying Umbrella Policies shall be maintained in full effect during the currency hereof, except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this Policy or by the operation of the Prior Insurance and Non Cumulation of Liability Condition of the Underlying Umbrella Policies.

### 3. CANCELLATION-

This Policy may be cancelled by the Named Assured or by the Company or their representative by mailing written notice to the other party stating when, not less than thirty (30) days (ten (10) days for non-payment of premium) thereafter, cancellation shall be effective. The mailing of notice as aforesaid by the Company or their representative to the Named Assured at the address shown in this Policy shall be sufficient proof of notice and the Insurance under this Policy shall end on the effective date and hour of cancellation stated in the notice. Delivery of such written notice either by the Named Assured or by the Company or their representative shall be equivalent to mailing.

If this Policy shall be cancelled by the Named Assured the Company shall retain the customary short rate proportion of the premium for the period this Policy has been in force. If this Policy shall be cancelled by the Company the Company shall retain the pro rata proportion of the premium for the period this Policy has been in force. Notice of cancellation by the Company shall be effective even though the Company makes no payment or tender of return premium.

### 4. NOTICE OF OCCURRENCE-

Whenever the Assured has information from which they may reasonably conclude that an occurrence covered hereunder involves injuries or damage which in the event that the Assured shall be held liable, is likely to involve this Policy, notice shall be sent as stated in Item 7 of the Schedule as soon as practicable, provided however, that failure to give notice of any occurrence which at the time of its happening did not appear to involve this Policy, but which, at a later date, would appear to give rise to claims hereunder, shall not prejudice such claim.

### 5. OTHER INSURANCE-

If other valid and collectible insurance with any other insurer is available to the Assured covering a loss also covered by this Policy, other than insurance that is in excess of the Insurance afforded by this Policy, the Insurance afforded by this Policy shall be in excess of and shall not contribute with such other insurance.