## IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | Case No. 01-01139 (JKF) |
| W. R. GRACE and CO., *et al.*[1], | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Objection Deadline:  February 18, 2009 |
| | : | Hearing Date:  June 29, 2009 |

## FEE DETAIL FOR DAY PITNEY LLP'S
## THIRTY-FIRST QUARTERLY APPLICATION FOR THE PERIOD
## FROM OCTOBER 1, 2008 THROUGH DECEMBER 31, 2008

---

[1] The Debtors consist of the following 62 entities: W. R. Grace and Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace and Co.-Conn., A-1 Bit and Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., EandC Liquidating Corp., Emerson and Cuming, Inc.), Southern Oil, Resin and Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PITNEY, HARDIN, KIPP & SZUCH LLP AS SPECIAL COUNSEL TO THE DEBTORS

Upon the application (the "Application") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seeking entry of an order under sections 327(e) and 328(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the Debtors to employ and retain Pitney, Hardin, Kipp & Szuch LLP ("PHKS") as special counsel for the Debtors with respect to the specified matters set forth in the Application; and upon the Affidavit of Anthony J. Marchetta submitted in support of the Application; and it appearing that the relief requested is in the best interest of the Debtors' estates and their creditors and other parties in interest; and it appearing that this is a core matter under 28 U.S.C. § 157; and

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey & Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

332

it appearing that PHKS does not represent any interest adverse to the Debtors or their estates with respect to the matters on which PHKS is to be employed, and meets all requirements for retention set forth in the Bankruptcy Code; and it appearing that the terms and conditions of PHKS's employment as further described in the Application are reasonable; and adequate notice having been given of the Application; and good and sufficient cause existing to grant the Application;

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Application is GRANTED; and it is further

ORDERED that, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the retention and employment of PHKS as special counsel to the Debtors for the purposes set forth in the Application is hereby approved, nunc pro tunc to the petition date of the above-captioned proceedings; and it is further

ORDERED that PHKS shall be compensated under sections 330 and 331 of the Bankruptcy Code and any further or other Orders of this Court concerning compensation of professionals in these cases, and in accordance with the terms set forth in the Application and the Affidavit of Anthony J. Marchetta in support of the Application, and shall be reimbursed for all allowed necessary, actual and reasonable expenses; and it is further

ORDERED that the allowed fees and expenses of PHKS shall be an administrative expense of the Debtors' estates; and it is further.

ORDERED that this Order shall become effective immediately upon its entry; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _May 30_, 2001

JUDGE

# EXHIBIT B

## EXHIBIT B

### FEES FOR THE FEE PERIOD OCTOBER 1, 2008 THROUGH DECEMBER 31, 2008[2]

### FEES FOR THE FEE PERIOD OCTOBER 1, 2008 THROUGH OCTOBER 31, 2008

Client: 482910 W.R. GRACE & CO.
Matter: 065656 WEJA, INC.

| | | | |
|---|---|---|---|
| 09/26/08 | Address settlement payment issues and memo to client on same. | | |
| 14 | W. Hatfield | 0.3 | 120.00 |
| 09/26/08 | Address checks and letter to client on settlement payments. | | |
| 14 | W. Hatfield | 0.5 | 200.00 |
| 09/29/08 | Address Shell payment issues. | | |
| 14 | W. Hatfield | 0.1 | 40.00 |
| 09/30/08 | Address NYS filing issues. | | |
| 14 | W. Hatfield | 0.2 | 80.00 |
| 10/01/08 | Follow up regarding final settlement payment. | | |
| 14 | A. Marchetta | 0.3 | 186.00 |
| 10/01/08 | Call with Shell counsel on payment status and memo on same. | | |
| 14 | W. Hatfield | 0.4 | 160.00 |
| 10/02/08 | Memos with Sunoco counsel on stipulation. | | |
| 14 | W. Hatfield | 0.2 | 80.00 |
| 10/03/08 | Review and edit draft Sunoco stipulation of dismissal and forward to counsel. | | |
| 14 | W. Hatfield | 0.5 | 200.00 |
| 10/08/08 | Address stipulation of dismissal. | | |
| 14 | W. Hatfield | 0.4 | 160.00 |
| 10/09/08 | Address stipulations for dismissal of other defendants. | | |
| 14 | W. Hatfield | 0.3 | 120.00 |
| 10/09/08 | Prepare stipulations of dismissal and enclosure letters for Shell, Weja/Teisch and Sunrich/GEI. | | |

---

[2] Legend for Day Pitney LLP's fees:
3 = Litigation, category 15
18 = Fee Application (Applicant), category 11
14 = Case Administration, category 4

| | | | |
|---|---|---|---|
| 3 | C. Otero | 0.3 | 109.50 |
| 10/13/08 14 | Letter to client with Shell settlement payment. W. Hatfield | 0.3 | 120.00 |
| 10/14/08 14 | Review and revise draft stipulations of dismissal and cover letters for Shell, Richard/Sunrich/GE 440 and Weja/Teich. W. Hatfield | 0.4 | 160.00 |
| 10/20/08 14 | Address issues on stipulation with Weja for NYS matter. W. Hatfield | 0.3 | 120.00 |
| 10/20/08 14 | Address NYS filing status issues. W. Hatfield | 0.2 | 80.00 |
| 10/20/08 3 | Review/Analysis Order regarding withdrawal of special proceeding. J. Borg | 0.1 | 40.50 |
| 10/20/08 3 | Telephone conference with F. Biehl regarding Order regarding withdrawal of special proceeding. J. Borg | 0.1 | 40.50 |
| 10/20/08 3 | Preparation of numerous correspondence to W. Hatfield regarding Order regarding withdrawal of special proceeding. J. Borg | 0.1 | 40.50 |
| 10/20/08 3 | Review/Analysis numerous correspondence from W. Hatfield and U. Tarsio regarding Order regarding withdrawal of special proceeding. J. Borg | 0.1 | 40.50 |
| 10/21/08 14 | Memos with Shell counsel on stipulation of dismissal status. W. Hatfield | 0.2 | 80.00 |
| 10/22/08 14 | Attention to Stipulation of Discontinuance of New York action. R. Rose | 0.1 | 49.50 |
| 10/22/08 3 | Preparation of correspondence to F. Biehl regarding Stipulation of Discontinuance and Order withdrawing petition. J. Borg | 0.3 | 121.50 |
| 10/27/08 14 | Address Weja request for filings in NYS. W. Hatfield | 0.4 | 160.00 |
| 10/27/08 34 | Review/Analysis correspondence from F. Biehl regarding satisfaction of judgment. J. Borg | 0.2 | 81.00 |

3

| 10/27/08 | Preparation of satisfaction of judgment. | | |
|---|---|---|---|
| 3 | J. Borg | 0.3 | 121.50 |

| 10/27/08 | Preparation of numerous correspondence to W. Hatfield regarding satisfaction of judgment. | | |
|---|---|---|---|
| 3 | J. Borg | 0.6 | 243.00 |

| 10/27/08 | Preparation of correspondence to R. Gottilla regarding satisfaction of judgment. | | |
|---|---|---|---|
| 3 | J. Borg | 0.1 | 40.50 |

| 10/27/08 | Review/Analysis numerous correspondence from W. Hatfield regarding satisfaction of judgment. | | |
|---|---|---|---|
| 3 | J. Borg | 0.4 | 162.00 |

| 10/27/08 | Review/Analysis correspondence from R. Gottilla regarding satisfaction of judgment. | | |
|---|---|---|---|
| 3 | J. Borg | 0.1 | 40.50 |

| 10/27/08 | Review/Analysis file regarding preparation of satisfaction of judgment | | |
|---|---|---|---|
| 3 | J. Borg. | 0.2 | 81.00 |

FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| R. Rose | 14 | 0.1 | 495.00 | 49.50 |
| A. Marchetta | 14 | 0.3 | 620.00 | 186.00 |
| W. Hatfield | 14 | 4.7 | 400.00 | 1,880.00 |
| J. Borg | 3 | 2.6 | 405.00 | 1,053.00 |
| C. Otero | 3 | 0.3 | 365.00 | 109.50 |
| TOTAL | | 8.0 | | 3,278.00 |

Client: 482910 W.R. GRACE & CO.
Matter: 095992 CHAPTER 11 ADMINISTRATION

| 10/16/08 | Draft Quarterly fee application for the 30th interim period. | | |
|---|---|---|---|
| 18 | K. Piper | 1.1 | 368.50 |

| 10/16/08 | Draft fee application for September 2008. | | |
|---|---|---|---|
| 18 | K. Piper | 1.6 | 536.00 |

| 10/17/08 | Review and revise DP's September, 2008 Fee Application; review and revise DP's quarterly Fee Application, for July, 2008 through September, 2008. | | |
|---|---|---|---|

4

83136813A01012209

| 18 | S. Zuber | 0.5 | 240.00 |
|---|---|---|---|

| 10/27/08 | Attention to revisions to September 2008 fee application. | | |
|---|---|---|---|
| 18 | K. Piper | 0.6 | 201.00 |

| 10/27/08 | Attention to revisions to Quarterly fee application for the 30th interim period. | | |
|---|---|---|---|
| 18 | K. Piper | 0.6 | 201.00 |

| 10/28/08 | Attention to filing monthly fee application for September 2008. | | |
|---|---|---|---|
| 18 | K. Piper | 0.1 | 33.50 |

| 10/29/08 | Attention to filing quarterly fee application. | | |
|---|---|---|---|
| 18 | K. Piper | 0.1 | 33.50 |

### FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| S. Zuber | 18 | 0.5 | 480.00 | 240.00 |
| K. Piper | 18 | 4.1 | 335.00 | 1,373.50 |
| TOTAL | | 4.6 | | 1,613.50 |

Client: 482910 W.R. GRACE & CO.
Matter: 114715 NJDEP V. W.R. GRACE ET AL.

| 10/01/08 | Work on status letter to Judge Bongiovanni and conference with B. Moffitt regarding telephone call with DEP regarding same. | | |
|---|---|---|---|
| 14 | A. Marchetta | 0.4 | 248.00 |

| 10/01/08 | Review portions of Plan and Disclosure Statement. | | |
|---|---|---|---|
| 14 | S. Zuber | 0.5 | 240.00 |

| 10/01/08 | Telephone call with D.A.G. Dickinson re comments on status letter to Judge Bongiovanni and finalize and serve letter. | | |
|---|---|---|---|
| 3 | B. Moffitt | 0.2 | 80.00 |

| 10/02/08 | Follow up regarding letter to Magistrate Judge. | | |
|---|---|---|---|
| 14 | A. Marchetta | 0.3 | 186.00 |

| 10/02/08 | Review e-mails re mediation and forward notice to R. Senftleben. | | |
|---|---|---|---|
| 3 | B. Moffitt | 0.2 | 80.00 |

| 10/06/08 | Emails and follow-up with B. Moffitt regarding information requested by client. | | |
|---|---|---|---|
| 14 | A. Marchetta | 0.6 | 372.00 |

5

| 10/06/08 | Review and respond to inquiry from J. Hughes and forward documents re same; work with A. Marchetta re same. | | |
|---|---|---|---|
| 3 | B. Moffitt | 1.1 | 440.00 |
| 10/07/08 | Follow-up with B. Moffitt regarding information for client. | | |
| 14 | A. Marchetta | 0.5 | 310.00 |
| 10/07/08 | Review and respond to inquiry from J. Hughes and review documents re same; work with S. Parker re same. | | |
| 3 | B. Moffitt | 1.6 | 640.00 |
| 10/07/08 | Conducted searches, reviewed file documents and worked with B. Moffitt to respond to request from J. Hughes. | | |
| 14 | S. Parker | 1.9 | 285.00 |
| 10/07/08 | Review records pursuant to the request from J. Hughes. | | |
| 14 | D. Florence | 1.9 | 266.00 |
| 10/08/08 | Follow-up on information requested by client and check data base regarding records. | | |
| 14 | A. Marchetta | 0.4 | 248.00 |
| 10/08/08 | Call with client on status of reports and new requirements. | | |
| 14 | W. Hatfield | 0.4 | 160.00 |
| 10/08/08 | Forward documents requested by J. Hughes. | | |
| 3 | B. Moffitt | 0.2 | 80.00 |
| 10/08/08 | Compilation and organization of documents in response to request from J. Hughes for documents. | | |
| 14 | S. Parker | 0.3 | 45.00 |
| 10/09/08 | Call with client; call with URS on reports and status; discuss standards and rule; call with URS and client on matter and discuss strategy. | | |
| 14 | W. Hatfield | 1.3 | 520.00 |
| 10/13/08 | Review memo from URS on issues; memo in reply; review response from URS. | | |
| 14 | W. Hatfield | 0.4 | 160.00 |
| 10/14/08 | Telephone calls and follow up regarding information. | | |
| 14 | A. Marchetta | 0.6 | 372.00 |
| 10/21/08 | Emails and follow up with B. Moffitt regarding report. | | |
| 14 | A. Marchetta | 0.5 | 310.00 |

6

| 10/21/08 | Review report and respond to W. Sparks re same. | | |
| 3 | B. Moffitt | 0.3 | 120.00 |

| 10/31/08 | Conducted searches of USDC-NJ docket and reviewed same to determine status of same as requested by B. Moffitt. | | |
| 14 | S. Parker | 0.2 | 30.00 |

### FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| A. Marchetta | 14 | 3.3 | 620.00 | 2,046.00 |
| S. Zuber | 14 | 0.5 | 480.00 | 240.00 |
| W. Hatfield | 14 | 2.1 | 400.00 | 840.00 |
| B. Moffitt | 3 | 3.6 | 400.00 | 1,440.00 |
| D. Florence | 14 | 1.9 | 140.00 | 266.00 |
| S. Parker | 14 | 2.4 | 150.00 | 360.00 |
| TOTAL | | 13.8 | | 5,192.00 |

### FEES FOR THE FEE PERIOD NOVEMBER 1, 2008 THROUGH NOVEMBER 30, 2008

Client: 482910 W.R. GRACE & CO.
Matter: 095992 CHAPTER 11 ADMINISTRATION

| 11/24/08 | Attention to drafting October 2008 fee application. | | |
| 18 | K. Piper | 2.2 | 737.00 |

| 11/25/08 | Review and revise DP's October, 2008 fee application. | | |
| 18 | S. Zuber | 0.3 | 144.00 |

### FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| S. Zuber | 18 | 0.3 | 480.00 | 144.00 |
| K. Piper | 18 | 2.2 | 335.00 | 737.00 |
| TOTAL | | 2.5 | | 881.00 |

Client: 482910 W.R. GRACE & CO.
Matter: 114715 NJDEP V. W.R. GRACE ET AL.

| 11/05/08 | Follow up regarding mediation attendees and handling of same. | | |
| 14 | A. Marchetta | 0.5 | 310.00 |

| 11/05/08 | Preparation for second mediation session with Third Circuit Judge Cowen; work with A. Marchetta and S. Parker re same. | | |
| 3 | B. Moffitt | 2.3 | 920.00 |

7

| 11/05/08 3 | Review ATSDR report. B. Moffitt | 0.6 | 240.00 |
|---|---|---|---|
| 11/05/08 14 | Compilation and organization of materials needed by A. Marchetta in preparation for upcoming court appearance. S. Parker | 0.9 | 135.00 |
| 11/06/08 14 | Prepare information regarding mediation. A. Marchetta | 0.7 | 434.00 |
| 11/10/08 14 | Telephone call with client; telephone calls with B. Moffitt and follow up regarding preparation for mediation; arrangements regarding same. A. Marchetta | 1.5 | 930.00 |
| 11/10/08 3 | Review ATSDR report and prepare summary re same; telephone call with A. Marchetta re same. B. Moffitt | 0.7 | 280.00 |
| 11/11/08 14 | Telephone calls with co-counsel and B. Moffitt regarding information to mediator; prepare information for mediation. A. Marchetta | 1.3 | 806.00 |
| 11/11/08 3 | Continued preparation for Third Circuit mediation session; work with A. Marchetta re: same. B. Moffitt | 0.2 | 80.00 |
| 11/12/08 3 | Confer with A. Marchetta and B. Moffitt regarding indemnification; follow up with A. Marchetta regarding same. S. Zuber | 0.6 | 288.00 |
| 11/12/08 14 | Continued preparation for mediation and attend mediation; meeting with client regarding same and strategy for same. A. Marchetta | 7.0 | 4,340.00 |
| 11/12/08 14 | Prepare for mediation and conference with B. Moffitt regarding information for mediation. A. Marchetta | 1.0 | 620.00 |
| 11/12/08 3 | Telephone calls with A. Marchetta and S. Zuber re responding to inquiries by Third Circuit Judge Cowen at mediation session and follow up re same. B. Moffitt | 0.6 | 240.00 |
| 11/13/08 | Telephone call from court and follow up regarding requested letter; telephone call with R. Gilson; telephone call with client and follow up with B. Moffitt regarding same; draft statement as part of settlement. | | |

8

| | | | |
|---|---|---|---|
| 14 | A. Marchetta | 1.7 | 1,054.00 |
| 11/13/08 | Telephone call from Judge Bongiovanni's clerk re submitting status letter and work with A. Marchetta re: drafting same. | | |
| 3 | B. Moffitt | 0.4 | 160.00 |
| 11/13/08 | Telephone conference with Assistant Attorney General Gilson re settlement and draft requested statement re same; review file re same and work with A. Marchetta Re: same | | |
| 3 | B. Moffitt | 0.9 | 360.00 |
| 11/14/08 | Telephone calls and work on statement to accompany settlement; conference with B. Moffitt regarding same and forward to client and co-counsel. | | |
| 14 | A. Marchetta | 1.5 | 930.00 |
| 11/14/08 | Continued preparation of statement in follow up to call with Assistant Attorney General Gilson; review file re same and work with A. Marchetta Re: same. | | |
| 3 | B. Moffitt | 1.2 | 480.00 |
| 11/14/08 | Preparation of e-mail to D.A.G. Dickinson re letter update to court and telephone call with D.A.G. Dickinson re same; finalize and submit letter. | | |
| 3 | B. Moffitt | 0.2 | 80.00 |
| 11/15/08 | Follow up on information for client and to co-counsel. | | |
| 14 | A. Marchetta | 0.5 | 310.00 |
| 11/17/08 | E-mails and follow up with attorneys and client regarding statement and changes to same. | | |
| 14 | A. Marchetta | 1.5 | 930.00 |
| 11/17/08 | Review e-mails re proposed statement. | | |
| 3 | B. Moffitt | 0.1 | 40.00 |
| 11/17/08 | Searched regarding compilation of information on current status of investigation. | | |
| 14 | S. Parker | 0.3 | 45.00 |
| 11/19/08 | Follow up regarding email to Gilson on settlement and letter to Judge Bongiovanni. | | |
| 14 | A. Marchetta | 0.8 | 496.00 |
| 11/19/08 | Review notice re new deadline to provide status update to Judge Bongiovanni and forward same to co-defendants' counsel. | | |
| 3 | B. Moffitt | 0.2 | 80.00 |

9

| 11/20/08 14 | Telephone calls and emails regarding settlement. A. Marchetta | 0.4 | 248.00 |

| 11/21/08 14 | Telephone client and follow-up emails regarding settlement negotiations. A. Marchetta | 0.8 | 496.00 |

| 11/21/08 3 | Draft e-mail to Assistant Attorney General Gilson; work with A. Marchetta re same. B. Moffitt | 0.3 | 120.00 |

| 11/24/08 14 | Fax to Judge Cowen and follow-up regarding response from State. A. Marchetta | 0.3 | 186.00 |

| 11/24/08 3 | Preparation of facsimile cover sheet to Third Judge Cowen forwarding settlement negotiations update. B. Moffitt | 0.2 | 80.00 |

### FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| A. Marchetta | 14 | 19.5 | 620.00 | 12,090.00 |
| S. Zuber | 3 | 0.6 | 480.00 | 288.00 |
| B. Moffitt | 3 | 7.9 | 400.00 | 3,160.00 |
| S. Parker | 14 | 1.2 | 150.00 | 180.00 |
| TOTAL | | 29.2 | | 15,718.00 |

## FEES FOR THE FEE PERIOD DECEMBER 1, 2008 THROUGH DECEMBER 30, 2008

Client: 482910 W.R. GRACE & CO.
Matter: 095992 CHAPTER 11 ADMINISTRATION

| 12/01/08 18 | Revise fee application for October 2008 and attention to filing same. K. Piper | 0.5 | 167.50 |

| 12/08/08 18 | Attention to fee auditor's report regarding 29th interim period. K. Piper | 0.3 | 100.50 |

| 12/22/08 18 | Draft November 2008 fee application. K. Piper | 2.0 | 670.00 |

| 12/23/08 18 | Attention to fee total for November 2008 fee application. K. Piper | 0.4 | 134.00 |

| 12/29/08 14 | Review regarding information for audit letter. A. Marchetta | 0.5 | 310.00 |

10

| | | | |
|---|---|---|---|
| 12/30/08 | Work on audit request letter; Request workload report re same. | | |
| 14 | D. Florence | 0.2 | 28.00 |

FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| A. Marchetta | 14 | 0.5 | 620.00 | 310.00 |
| K. Piper | 18 | 3.2 | 335.00 | 1,072.00 |
| D. Florence | 14 | 0.2 | 140.00 | 28.00 |
| TOTAL | | 3.9 | | 1,410.00 |

Client: 482910 W.R. GRACE & CO.
Matter: 065656 WEJA, INC.

| | | | |
|---|---|---|---|
| 11/04/08 | Letters to defense counsel with filed copies of stipulation of dismissal | | |
| 14 | W. Hatfield | 0.4 | 160.00 |

FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| W. Hatfield | 14 | 0.4 | 400.00 | 160.00 |
| TOTAL | | 0.4 | | 160.00 |

Client: 482910 W.R. GRACE & CO.
Matter: 114715 NJDEP V. W.R. GRACE ET AL.

| | | | |
|---|---|---|---|
| 12/01/08 | Follow up regarding call to R. Gilson. | | |
| 14 | A. Marchetta | 0.4 | 248.00 |
| 12/03/08 | Follow up regarding language. | | |
| 14 | A. Marchetta | 0.4 | 248.00 |
| 12/04/08 | Telephone call with R. Gilson. | | |
| 14 | A. Marchetta | 0.5 | 310.00 |
| 12/05/08 | Telephone call with Deputy Attorney General and follow up with mediator; work with B. Moffitt regarding same. | | |
| 14 | A. Marchetta | 0.8 | 496.00 |
| 12/05/08 | Telephone call with A. Marchetta re inquiry from Third Circuit Mediator J. Torregrossa, prepare response to Court and review e-mail re communications with Assistant Attorney General Gilson. | | |
| 3 | B. Moffitt | 0.6 | 240.00 |

11

| 12/06/08 14 | E-mails regarding negotiations. | | |
|---|---|---|---|
| | A. Marchetta | 0.4 | 248.00 |

| 12/08/08 14 | Telephone calls regarding information request from client. | | |
|---|---|---|---|
| | A. Marchetta | 0.3 | 186.00 |

| 12/10/08 14 | Follow up regarding dismissal notice from court. | | |
|---|---|---|---|
| | A. Marchetta | 0.4 | 248.00 |

| 12/10/08 3 | Review notice of dismissal of district court case pending outcome of appeals and mediation. | | |
|---|---|---|---|
| | B. Moffitt | 0.1 | 40.00 |

| 12/11/08 14 | E-mails and telephone calls regarding follow up to dismissal order by Judge Cooper. | | |
|---|---|---|---|
| | A. Marchetta | 0.5 | 310.00 |

| 12/11/08 3 | Review Order dismissing New Jersey action and prepare e-mails to A. Marchetta, client and co-defendants' counsel re same and telephone call with A. Marchetta re same. | | |
|---|---|---|---|
| | B. Moffitt | 0.4 | 160.00 |

| 12/18/08 14 | E-mails and follow up regarding requested information for client; e-mail regarding same. | | |
|---|---|---|---|
| | A. Marchetta | 0.5 | 310.00 |

| 12/18/08 3 | Review research and prepare summary as requested by client; work with A. Marchetta and S. Parker re same. | | |
|---|---|---|---|
| | B. Moffitt | 0.8 | 320.00 |

| 12/18/08 14 | Searched regarding compilation of information as requested by B. Moffitt. | | |
|---|---|---|---|
| | S. Parker | 1.6 | 240.00 |

| 12/18/08 14 | Research request from A. Marchetta. | | |
|---|---|---|---|
| | J. von Schrader | 0.6 | 63.00 |

| 12/30/08 14 | Follow up regarding mediation. | | |
|---|---|---|---|
| | A. Marchetta | 0.5 | 310.00 |

### FEE SUMMARY - SORTED BY TIMEKEEPER

| Timekeeper | TASK CODE | HOURS | RATE | FEE |
|---|---|---|---|---|
| A. Marchetta | 14 | 4.7 | 620.00 | 2,914.00 |
| B. Moffitt | 3 | 1.9 | 400.00 | 760.00 |
| S. Parker | 14 | 1.6 | 150.00 | 240.00 |
| J. von Schrader | 14 | 0.6 | 105.00 | 63.00 |

12

|        |     |          |
|--------|-----|----------|
| TOTAL  | 8.8 | 3,977.00 |

13

# EXHIBIT C

## EXHIBIT C

### EXPENSES FOR THE FEE PERIOD
### OCTOBER 1, 2008 THROUGH DECEMBER 31, 2008[3]

### EXPENSES FOR THE FEE PERIOD
### OCTOBER 1, 2008 THROUGH OCTOBER 31, 2008

Engagement Costs -- NJDEP V. W.R. GRACE ET AL.

| | | |
|---|---|---|
| Photocopying | | 95.20 |
| | Matter Total Engagement Cost | 95.20 |

### EXPENSES FOR THE FEE PERIOD
### NOVEMBER 1, 2008 THROUGH NOVEMBER 30, 2008

Engagement Costs – NJDEP v. W.R. Grace et al.

| | | | |
|---|---|---|---|
| 10/08/08 | UPS SERVICES | | 18.43 |
| 11/12/08 | TRAVEL EXPENSES | | 99.73 |
| | Photocopying | | 8.20 |
| | | Matter Total Engagement Cost | 126.36 |

### EXPENSES FOR THE FEE PERIOD
### DECEMBER 1, 2008 THROUGH DECEMBER 30, 2008

Engagement Costs – Chapter 11 Administration

| | | |
|---|---|---|
| Computer Legal Research | | 92.55 |
| | Matter Total Engagement Cost | 92.55 |

Engagement Costs – Weja, Inc.

| | | | |
|---|---|---|---|
| 10/13/08 | UPS EXPENSES | | 29.90 |
| | | Matter Total Engagement Cost | 29.90 |

---

[3] Several of these expenses are set forth in greater detail in the previously filed monthly fee applications.

14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re:* | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO., *et al.*,[1] | : | Case No. 01-01139 (JKF) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Objection Deadline: February 18, 2009 |
| | : | Hearing Date:  June 29, 2009 |

**VERIFIED APPLICATION OF DAY PITNEY LLP FOR COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO W.
R. GRACE & CO., *ET AL.*, FOR THE INTERIM PERIOD
OCTOBER 1, 2008 THROUGH DECEMBER 31, 2008**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the "Retention Order" (as defined

below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures

for Interim Compensation and Reimbursement of Professionals and Official Committee

Members (the "Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Day

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.
R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB
Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N
Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy
Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners
I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN
Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B
II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy
Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel
Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace
Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc.,
Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation,
Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation,
Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a
GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe
Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-
BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a
Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin
& Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country
Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Pitney LLP ("Day Pitney"), special counsel and ordinary course professional[2] for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in their Chapter 11 cases, hereby applies for an order approving: (i) compensation in the amount of $32,229.50 for the reasonable and necessary legal services Day Pitney has rendered to the Debtors, which amount includes 80% of the fees already approved from prior monthly fee applications; and (ii) reimbursement in the amount of $344.01 for the actual and necessary expenses that Day Pitney incurred, which amount was previously paid in accordance with prior fee applications, in representing the Debtors (the "Application"), during the period from October 1, 2008 through December 31, 2008 (the "Fee Period"). In support of this Application, Day Pitney respectfully represents as follows:

### Retention of and Continuing Disinterestedness of Day Pitney

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of Title 11, United States Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 12, 2001, the office of the United States Trustee appointed:   (i) a committee of unsecured creditors in the Chapter 11 Cases; (ii) a committee of asbestos personal injury claimants; and (iii) a committee of asbestos property damage claimants. On June 18, 2001, the office of the United States Trustee appointed a committee of equity security holders.

---

[2] Through and including the August 2001 application, Day Pitney's fee requests have related only to three (3) matters for which Day Pitney was retained as special counsel to the Debtors. Following discussions with the Office of the United States Trustee and counsel for Debtors, going forward Day Pitney will include in its fee applications all matters in which Day Pitney represents the Debtors either as special counsel or an ordinary course professional.

83136824A01012209

2.    By this Court's order dated May 30, 2001 (the Retention Order), the Debtors were authorized to retain Day Pitney as special counsel, effective as of the Petition Date, with regard to the following three (3) matters, more particularly described in the application filed in support of such retention:  (a) *In re Intercat, Inc.*; (b) *Maryland Cas. v. W. R. Grace & Co., et al.*; and (c) *Gloucester New Communities Company, Inc. v. Del Monte Corporation, et al.*

3.    The Retention Order authorizes the Debtors to compensate Day Pitney at Day Pitney's hourly rates, which are being charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules, and orders of this Court.  A copy of the Retention Order is attached hereto as **Exhibit "A."**

As disclosed in the Affidavit of Anthony J. Marchetta in Support of Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of Pitney, Hardin, Kipp & Szuch LLP as Special Counsel to the Debtors (the "Marchetta Affidavit"), Day Pitney does not hold or represent any interest adverse to the Debtors' estates with respect to the matters on which Day Pitney is to be employed.

4.    Day Pitney may have in the past represented, may currently represent, and likely in the future will represent, parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases.  Day Pitney disclosed in the Marchetta Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.  Day Pitney will update the Marchetta Affidavit when necessary and when Day Pitney becomes aware of material new information.

3

5.    Day Pitney performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

6.    Day Pitney has received payments applied for and authorized under the Interim Compensation Order.

7.    Pursuant to Fed. R. Bank. P. 2016(b), Day Pitney has not shared, nor has agreed to share:  (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Day Pitney; or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.  This is the thirty-first quarterly application for interim compensation for services rendered that Day Pitney has filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

<u>**Reasonable and Necessary Services Rendered by Day Pitney**</u>

8.    Day Pitney submits this Application pursuant to the Retention Order seeking approval of:  (a) compensation in the amount of $32,339.50 for the reasonable and necessary legal services Day Pitney has rendered as special counsel to the Debtors in this Chapter 11 case during the Fee Period, which amount includes 80% of the fees already approved from prior monthly fee applications; and (b) reimbursement in the amount of $344.01 for the actual and necessary expenses that Day Pitney incurred in the rendition of required professional services on behalf of the Debtors, which amount has been paid in accordance with prior fee applications.

9.    Day Pitney has maintained detailed records of the time expended in rendering the professional services performed on behalf of the Debtors in this case.  Such time

records were generated contemporaneously with the performance of the professional services described therein and in the ordinary course of Day Pitney's practice. The individual time records were recorded by the attorney or legal assistant who rendered the particular services described. Annexed hereto as **Exhibit "B"** is a copy of the actual time records maintained by Day Pitney for services rendered during the Fee Period.

10.    Day Pitney also maintains records of all necessary expenses and disbursements (collectively, the "Expenses") incurred by Day Pitney in connection with the performance of its services. Attached hereto as **Exhibit "C"** is a complete breakdown of all the Expenses incurred during the Fee Period.

11.    Bankruptcy Code Section 330 authorizes bankruptcy courts to award professionals employed by the Debtors under Bankruptcy Code Section 327 "reasonable compensation" for actual and necessary services rendered to the Debtors by such professionals. Under Bankruptcy Code section 330, the reasonableness of the compensation sought by a professional is determined by consideration of the nature, extent and value of such services, taking into account, *inter alia*, the following: (a) the time spent on such services; (b) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the task; and (c) the cost of comparable services for non-bankruptcy cases.

12.    Day Pitney respectfully submits that the professional services which it has rendered and the Expenses that it has incurred on behalf of the Debtors were necessary and have resulted in substantial benefits to the Debtors. Set forth below is a summary of the services provided by Day Pitney to the Debtors during the Fee Period. Based upon an analysis of each of

5

the foregoing, Day Pitney respectfully submits that the compensation sought in this Application is reasonable.

**Services Rendered**

13.     During the Fee Period, Day Pitney rendered professional legal services, on an hourly basis, to the Debtors in connection with the following matters: *Chapter 11 Administration; Weja, Inc.;* and *NJDEP v. W.R. Grace et al.* Day Pitney respectfully submits that the time entries on Exhibit "B" adequately describe the services rendered on those matters.

14.     A detailed summary of the engagement costs incurred for each of the above-noted matters is set forth in Exhibit "C."

**Representations**

15.     Day Pitney believes that the Application is in compliance with the requirements of Del.Bankr.LR 2016-2.

16.     Although every effort has been made to include all fees and expenses from the Fee Period in the Application, some fees and expenses from the Fee Period might not be included in the Application due to accounting and processing delays. Day Pitney reserves the right to make further application to the Court for allowance of fees and expenses for the Fee Period not included herein.

17.     In summary, by this Application, Day Pitney requests approval for compensation of fees and expenses in the total amount of $32,573.51 consisting of:   (a) $32,229.50 for reasonable and necessary professional services rendered during the Fee Period, which amount includes 80% of the fees already approved from prior monthly fee applications; and (b) $344.01 for actual and necessary costs and expenses, which amount has already been approved from prior fee applications.

6

83136824A01012209

WHEREFORE, Day Pitney respectfully requests that the Court approve an award to Day Pitney of 100% of the reasonable and necessary professional services Day Pitney has rendered to the Debtors during the Fee Period, including the 80% already received on an interim basis by way of monthly fee applications and 100% reimbursement of the actual and necessary costs and expenses incurred by Day Pitney during the Fee Period. Day Pitney respectfully requests further that all awarded fees and expenses be paid as administrative expenses of the Debtors' estates and that this Court grant such further relief as is equitable and just.

Florham Park, New Jersey
Dated:  January 29, 2009

Respectfully submitted,
DAY PITNEY LLP

Anthony J. Marchetta, Esq.
(Mail) P. O. Box 1945
Morristown, NJ 07962-1945
(Delivery) 200 Campus Drive
Florham Park, NJ 07932-0950

7