**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | |
| | ) | |
| | ) | |

**EXHIBIT 25 TO EXHIBIT BOOK**
**CASE MANAGEMENT ORDER FOR CLASS 7A ASBESTOS PD CLAIMS**

**EXHIBIT 25**

Attached.

---

[1] The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., *et al.* ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |

**CASE MANAGEMENT ORDER FOR
<u>CLASS 7A ASBESTOS PD CLAIMS</u>**

This Case Management Order provides procedures for the resolution of all Class 7A Asbestos PD Claims other than Class 7A Asbestos PD Claims that have been Allowed pursuant to PD Settlement Agreements.[1]

I. The procedures with respect to Class 7A Asbestos PD Claims filed prior to the March 2003 Bar Date shall be as follows:

    A. Unresolved Asbestos PD Claims as of the Effective Date will be adjudicated in accordance with the Amended Order Setting Deadlines Regarding Objections to Asbestos Property Damages Claims, entered by the Bankruptcy Court on _____, 2009 (Dkt. No. ____) ("<u>Amended Order</u>") and attached hereto as Exhibit A.

    B. With respect to any and all Class 7A Asbestos PD Claims which were filed as of the March 2003 Bar Date and have been disallowed and expunged by the Bankruptcy Court and for which the claimants have filed appeals, which appeals are pending as of the Effective Date:

        2. The appeals shall proceed to completion.

---

[1] Capitalized terms used in this Case Management Order and not otherwise defined shall have the meanings assigned to them in the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February __, 2009.

        3.        The Anderson Memorial class claims (Nos. 09911 and 09914) shall remain inactive unless and until there is a final, appealable order with respect to the Anderson Memorial individual claim (No. 011008).

        4.        Claims for which appeals are successful, resulting in reversal of the Bankruptcy Court order(s) disallowing and expunging the claims, shall be subject to the procedures set forth in Section II.C through II.E below.

II.    The procedures with respect to Class 7A Asbestos PD Claims filed after the Effective Date shall be as follows:

    A.    **Proof of Claim:**

        1.        A claimant will file a claim with the Asbestos PD Trust on a proof of claim form that requests the same information requested on the court-approved Asbestos PD Proof of Claim form used in connection with the March 2003 Bar Date and also requests the following information:

                (A)    Did the claimant own the property on the March 2003 Bar Date? If not, who owned the property on the March 2003 Bar Date?

                (B)    Provide an estimate of the total square footage of Grace asbestos-containing product installed in the building.

                (C)    When did the claimant first learn of W. R. Grace's bankruptcy cases?

                (D)    Identify all newspapers and magazines to which the claimant has subscribed.

                (E)    Has the claimant ever been in contact with an attorney regarding W. R. Grace asbestos claims? If so, when?

                (F)    What is the dollar amount of the claimant's claim

        2.        The proof of claim forms shall be maintained by a claims processing agent and shall be promptly provided to Reorganized Grace.

        3.        Class action claims shall not be permitted.

    B.    **Discharge and Authority:**

        1.        Within 60 days of receipt of a proof of claim, Reorganized Grace will request any additional information it believes is necessary to evaluate (a) whether the claim has been discharged because it is a claim that should have been filed by the March 2003 Bar Date and/or (b) if the proof of

        claim was filed by an attorney, not an individual claimant, whether the attorney had authority to file the claim.

    2. Within 60 days of receiving such request(s) from Reorganized Grace, the claimants shall provide to Reorganized Grace the requested information.

    3. Within 120 days of receipt of such information from the claimant, Reorganized Grace shall file in the Bankruptcy Court any motion to expunge the claim based on discharge of the claim and/or lack of authority. The motion shall be heard and decided under the appropriate governing Bankruptcy Court rules and procedures.

**C. Pre-Trial Litigation:** Any claims that have not been discharged and for which authority has been determined shall be referred to the Bankruptcy Court for pre-trial proceedings under the appropriate Federal Rules of Civil Procedure.

    1. Within 30 days of the Bankruptcy Court's determination that the claim has not been discharged and has been authorized (if authority was litigated), the claimant shall file a complaint in the District Court and shall attach the proof of claim as an exhibit.

    2. Within 30 days, Reorganized Grace shall file a responsive pleading.

    3. The Bankruptcy Court shall then adjudicate a summary judgment phase under the applicable Federal Rules. Reorganized Grace and the claimant may seek discovery under the Federal Rules and file summary judgment motions. The Bankruptcy Court shall have full ability to employ Rules 16 and 42 and *Daubert* proceedings.

    4. At the conclusion of the pre-trial phase, absent agreement of the parties, the Bankruptcy Court shall certify that the pre-trial proceedings have been concluded.

**D. Settlement and ADR:**

    1. Nothing in this Case Management Order shall prevent the parties from engaging in settlement discussions at any time.

    2. Following the conclusion of the pre-trial proceedings, there shall be a specific time period for settlement and alternative dispute resolution. Absent other agreement between Reorganized Grace and the claimant, this period shall be six months.

    3. Reorganized Grace and the claimant may request information that would assist in resolving the claim through settlement or ADR.

**E.** **Trial:**

    1.    For claims that are not resolved through settlement or ADR, the reference to the Bankruptcy Court is withdrawn and the claims shall proceed to trial in the District Court.

    2.    All appropriate Federal Rules of Civil Procedure shall apply.

**ORDERED** this ___ day of _____, 2009

                                                                                 _____
                                                                                 Honorable Judith K. Fitzgerald
                                                                                 United States Bankruptcy Judge

**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. GRACE & CO., et al.** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| **Debtors.** | ) | |
| | ) | |
| | ) | |

### AMENDED ORDER SETTING VARIOUS DEADLINES REGARDING <u>ASBESTOS PROPERTY DAMAGE CLAIMS</u>

On October 13, 2006, the Court entered a revised Scheduling Order (Docket No. 13406) to adjudicate Debtors' 15th Omnibus Objections (Substantive) to the nearly 4000 Asbestos Property Damage Claims that had been filed against Debtors in these proceedings. Most of those Asbestos Property Damage Claims have since been resolved. Of the nearly 4000 Asbestos Property Damage Claims initially filed, there remain 37 Asbestos Property Damage Claims that, as of this date, have not been resolved. A list of the unresolved Asbestos Property Damage Claims is attached to this Order as Exhibit A. With respect to these Asbestos Property Damage Claims, the Court hereby enters this revised Scheduling Order.

WHEREFORE, IT IS HEREBY ORDERED THAT:

1. On or about February 16, 2007, Debtors filed Debtors' Motion and Memorandum for an Order Pursuant to F.R.B.P. 7056 Disallowing and Expunging Eighty-Eight (88) Time-Barred Canadian Asbestos Property Damage Claims (Docket No. 14597) which covers what now amount to 35 of the Asbestos Property Damage claims listed on Exhibit A for properties located in Canada.