# Exhibit F

## Confirmation Hearing Notice (Blackline)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO., *et al.*[1]** | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |

**NOTICE OF CONFIRMATION HEARING AND IMPORTANT DEADLINES IN RELATION TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF W. R. GRACE & CO., ET AL.**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. ~~On November __, 2008, the~~**The** above-captioned debtors and debtors in possession (collectively, the "Debtors") **have** filed (i) the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of ~~November __, 2008~~**February 3, 2009*** (as it may be amended or supplemented, the "Plan") and (ii) the Disclosure Statement, pursuant to section 1125 of the Bankruptcy Code, for the Plan (the "Disclosure Statement").[2]

2. **APPROVAL OF DISCLOSURE STATEMENT:** On [ ], ~~2008,~~**2009,** after notice and a hearing, pursuant to section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), the United States Bankruptcy Court for the District of

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Mo nroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

Delaware (the "Bankruptcy Court") entered an order (the "Confirmation Procedures Order") (i) approving the Disclosure Statement as providing adequate information for Holders of Claims and Equity Interests to make a decision as to whether to accept or reject the Plan, (ii) approving certain procedures (the "Voting Procedures") for the Debtors to solicit and tabulate votes to accept or reject the Plan and (iii) scheduling certain dates in connection with Plan confirmation.

3. **VOTING DEADLINE:** Pursuant to the Confirmation Procedures Order, the Bankruptcy Court established the deadline by which votes to accept or reject the Plan must be actually received by BMC Group, Inc. (the "Voting Agent") as **[ ],May 20, 2009 at [ ] [ ]4:00 p.m. (prevailing Eastern time)** (the "Voting Deadline"). *Subject to the provisions for filing a Voting Motion or Disputed Classification Declaration* **(as described in Paragraph 10 below)**, *to be counted, a Ballot (or Master Ballot) to accept or reject the Plan must be actually received by the Voting Agent* **on or before** *the Voting Deadline as follows*:

**By U.S. Mail:**
**BMC Group, Inc.**
**Attn: W. R. Grace Voting Agent**
**P.O. Box 2007**
**Chanhassen, MN 55317-2007**

**By Courier:**
**BMC Group, Inc.**
**Attn: W. R. Grace Voting Agent**
**17850 Lake Drive East**
**Chanhassen, MN 55317**

4. ACONFIRMATION HEARING: **As set forth in the Bankruptcy Court's *Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization*, dated January 29, 2009 (the "CMO"), a** hearing (the "Confirmation Hearing") will be held*to consider the entry of an order confirming the Plan under section 1129 of the Bankruptcy Code* **will take place in two phases. Phase I shall address (i) whether the Plan improperly affects the rights of the Debtors' insurers (in their capacity as insurers, but not creditors); (ii) the standing of the Debtors' insurers (in their capacity as insurers, but not creditors) to litigate confirmation objections that do not involve insurance issues covered by item (i); and (iii) the confirmation objections raised on behalf of and specific to lenders under the Pre-Petition Credit Facilities and other Class 9 creditors with respect to impairment. Phase II shall address the objections of (i) parties classified under the Plan as Holders of Indirect PI or PD Trust Claims (including insurers as Holders of Indirect PI or PD Trust Claims with respect to such Claims); (ii) the objections of the Libby Claimants and (iii) any other confirmation objections not addressed and resolved in Phase I. Each Phase of the Confirmation Hearing shall take place** before the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, at the United States Bankruptcy Court, Western District of Pennsylvania, 5414 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219 **on [ ], 2009 at [ ] [ ].m. (prevailing Eastern time)**, *to consider the entry of an order*, among other things, *confirming the Plan under section 1129 of the Bankruptcy Code.***15219. Phase I of the Confirmation Hearing shall take place on June 22-25, 2009 commencing at 9:00 a.m. (prevailing Eastern time) and Phase II of the Confirmation Hearing shall take place on September 8-11, 2009 commencing at 9:00 a.m. (prevailing Eastern time), except that the September 8, 2009 hearing shall commence at 11:00 a.m (prevailing Eastern time).**

5. **INJUNCTIONS: The Plan proposes injunctions under sections 524(g) and 105 of the Bankruptcy Code, applicable to all persons and entities, that result in the permanent channeling of (i) all Asbestos PI Claims against the Debtors and various other**

**entities (including the Asbestos Protected Parties) to an Asbestos PI Trust, (ii) all Asbestos PD Claims against the Debtors and various other entities (including the Asbestos Protected Parties) to an Asbestos PD Trust and (iii) all CDN ZAI PD Claims against the Debtors and various other entities (including the Asbestos Protected Parties) to the CDN ZAI PD Claims Fund, all as more specifically described in the Plan. The Plan also proposes an injunction applicable to all persons and entities that enjoins all Successor Claims against the Asbestos Protected Parties based on or arising from, in whole or in part, directly or indirectly, the Cryovac Transaction or the Fresenius Transaction, as more specifically described in the Plan. These injunctions enjoin all persons and entities from bringing claims covered by the particular injunctions against the Debtors and the other identified parties in the Plan. You should read the Plan and the Disclosure Statement for a more complete discussion of how such injunctions will operate and affect your rights.**

6. **SPECIFIC RELEASES BY HOLDERS OF CLAIMS OR EQUITY INTERESTS: As more fully provided for in Section 8.8.7 of the Plan, each Holder of a Claim or Equity Interest who votes in favor of the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents. In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.**

7. **EXECUTORY CONTRACTS:** The Plan constitutes a motion to assume certain executory contracts and unexpired leases as of the Effective Date and provides for the rejection of certain other executory contracts and unexpired leases as of the Effective Date. Section 9.1 of the Plan sets forth (i) the treatment of executory contracts and unexpired leases under the Plan, (ii) the procedures relating to assumption of executory contracts and unexpired leases under the Plan, including procedures and deadlines for counterparties to assert or object to any cure amount that may be owing in relation to the assumption of an executory contract or unexpired lease, and (iii) the procedures for filing proofs of claim arising from any contract that will be rejected under the Plan. Counterparties to executory contracts or unexpired leases should receive separate notice of these procedures and may obtain a copy of that notice as described in Paragraph 9 below.

8. **POST-PETITION INTEREST:** Section 3.1.9(b) of the Plan provides for the payment of post-petition interest to Holders of General Unsecured Claims and provides procedures for such Holders to (i) assert an entitlement to post-petition interest in a different amount than provided for in the Plan (a "Post-Petition Interest Determination Notice") or (ii) identify a non-default contract rate of interest to which the Holder is entitled under the Plan (a "Notice of Non-Default Contract Rate of Interest"). A Post-Petition Interest Determination **Notice** must comply with the requirements of Section 3.1.9(d) of the Plan and be filed with the Bankruptcy Court **on or before ________, _____.the Voting Deadline of May 20, 2009.** A Notice of Non-Default Contract Rate of Interest must comply with the requirements of Section 3.1.9(e) of the Plan and be received by the Voting Agent (at the address listed in Paragraph 109) **on or before _________, ______.the Voting Deadline of May 20, 2009.** Holders of General Unsecured Claims should receive separate notice of these procedures and obtain a copy of that notice as described in Paragraph 9 below.

9. **SOLICITATION PACKAGES:** In accordance with the Confirmation Procedures Order, certain materials (the "Solicitation Package"), including a copy of the Disclosure Statement**, Plan** and Plan, have been**Voting Procedures, are being** provided with this Notice to Holders of Claims and Equity Interests in impaired classes under the Plan and to Holders of Claims in Classes 7**A** and 9 under the Plan.[3] In addition, the Confirmation Procedures Order authorizeds the Debtors to distribute (i) a notice to counterparties to executory contracts and unexpired leases describing the treatment of executory contracts and unexpired leases under the Plan, and (ii) a notice to Holders of Class 9 General Unsecured Claims regarding the Plan's procedures with respect to the payment of post-petition interest in relation to General Unsecured Claims. The Plan, Disclosure Statement, Voting Procedures and related documents and notices are also available via the internet on the Debtors' website at www.wrgrace.com and on **the** Voting Agent's website at www.bmcgroup.com/wrgrace. If you did not receive a Solicitation Package, but wish to receive one, you should send a written request by U.S. Mail to BMC Group, Inc., Attn: W. R. Grace Voting Agent, P.O. Box 913, El Segundo, CA 90245-0913.**0913 or call the Voting Agent at (888) 909-0100.** Creditors and Equity Interest Holders who are entitled to vote on the Plan should receive Ballots and instructions for voting in their Solicitation Package. Creditors who are Holders of Claims that are not entitled to vote on the Plan will not receive a Solicitation Package.

10. **VOTING MOTIONS AND DISPUTED CLASSIFICATION DECLARATIONS:** If a Holder a Claim is not entitled to vote under the Voting Procedures or disagrees with the amount of its Claim for voting purposes, such Holder may file a motion with the Bankruptcy Court, pursuant to Bankruptcy Rule 3018(a) and Section 10(f)(i) of the Voting Procedures, requesting temporary allowance of such Claim in an amount which the Bankruptcy Court deems proper solely for the purpose of casting a vote to accept or reject the Plan (a "Voting Motion"). **All Voting Motions must be filed and served in accordance with the Voting Procedures on or before the Voting Deadline. of May 20, 2009.** If a Holder of a Claim intends to pursue an objection to confirmation of the Plan on the grounds that such Holder's Claim is not properly classified, such Holder may request a Ballot from the Voting Agent for provisional voting under a different Class and may vote to accept or reject the Plan by filing **with the Bankruptcy Court** a Disputed Classification Declaration **on or before the**

[3] Contents of the Solicitation Package are described in the Voting Procedures.

**Voting Deadline of May 20, 2009** pursuant to Section 10(f)(ii) of the Voting Procedures. The Voting Procedures may be obtained from the Voting Agent pursuant as described in Paragraph 9 above.

~~11. *Subject to the provisions for filing a Voting Motion or Disputed Classification Declaration, to be counted, a Ballot (or Master Ballot) to accept or reject the Plan must be actually received by the Voting Agent* by *the Voting Deadline as follows*:~~

| ~~**By U.S. Mail:**~~ | ~~**By Courier:**~~ |
|---|---|
| ~~BMC Group, Inc.~~ | ~~BMC Group, Inc.~~ |
| ~~Attn: W. R. Grace Voting Agent~~ | ~~Attn: W. R. Grace Voting Agent~~ |
| ~~P.O. Box 2007~~ | ~~17850 Lake Drive East~~ |
| ~~Chanhassen, MN 55317-2007~~ | ~~Chanhassen, MN 55317~~ |

~~**The Voting Deadline is [_______], 2009.**~~

**11.** ~~12.~~ **OBJECTION DEADLINE:** Responses and objections, if any, to the confirmation of the Plan or any relief sought by the Debtors in connection with confirmation of the Plan, must: (i) be in writing; (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection to the Plan and, if practicable, proposed modification to the Plan that would resolve such objection; (iv) conform to the Bankruptcy Rules and the Local Rules; and (v) be filed, together with proof of service, with the Bankruptcy Court and served in a manner so as to be received by ~~[_____________], 2008~~**May 20, 2009 at 4:00 p.m. (prevailing Eastern Time)**~~,~~ on (a) counsel to the Debtors, (b) counsel to each of the statutory committees appointed in these chapter 11 cases, (c) counsel to each of the future claimants' representatives appointed in these chapter 11 cases, (d) counsel to Sealed Air Corporation and Cryovac, Inc., (e) counsel to Fresenius, and (f) the United States Trustee, whose addresses are set forth in Section 11.11 of the Plan, except for the United States Trustee, who shall be served at: Office of the United States Trustee, Attn: David Klauder, Esq., 844 King Street, Suite 2207, Wilmington, Delaware 19801.

**ANY OBJECTION TO THE CONFIRMATION OF THE PLAN THAT IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN SHALL NOT BE CONSIDERED.**

**12.** ~~13.~~ The Confirmation Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by an announcement in the Bankruptcy Court of such adjournment at the Confirmation Hearing or any continued hearing.

Dated: ________________, ~~2008~~**2009**

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Janet S. Baer
Deanna D. Boll
Craig A. Bruens
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800

PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Telephone: (302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

Document comparison done by Workshare DeltaView on Tuesday, February 03, 2009 4:36:40 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://KEDMS/LEGAL/13260561/9 |
| Document 2 | interwovenSite://KEDMS/LEGAL/13260561/10 |
| Rendering set | Basic K&E |

| Legend: | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| ~~*Moved from*~~ | |
| *Moved to* | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

**Redline Summary:**

| No. | Change | Text |
|---|---|---|
| 1-2 | Change | "K&E 13260561.9" changed to "K&E 13260561.10" |
| 3-4 | Change | "K&E 13260561.9" changed to "K&E 13260561.10" |
| 5-6 | Change | "1. On November __, 2008,...debtors and debtors" changed to "1. The above-captioned debtors and debtors" |
| 7 | Change | "possession (collectively,...the First Amended Joint" changed to "possession (collectively,...the First Amended Joint" |
| 8-9 | Change | "Equity Security Holders...amended or supplemented," changed to "Equity Security Holders...amended or supplemented," |
| 10 | Change | "2. On [ ]," changed to "2. APPROVAL OF DISCLOSURE... On [ ]," |
| 11-12 | Change | "On [ ], 2008, after...and a hearing, pursuant" changed to "On [ ], 2009, after...and a |

| | | |
|---|---|---|
| | | hearing, pursuant" |
| 13 | Change | "3. Pursuant to the Confirmation Procedures" changed to "3. VOTING DEADLINE: ...Confirmation Procedures" |
| 14-15 | Change | "Group, Inc. (the "Voting...as [ ], 2009 at" changed to "Group, Inc. (the "Voting...as May 20, 2009 at" |
| 16-17 | Change | "2009 at [ ] [ ].m....Eastern time) (the" changed to "2009 at 4:00 p.m. (prevailing Eastern time) (the" |
| 18 | Moved to | time) (the "Voting...Declaration |
| 19 | Insertion | (as described in Paragraph 10 below) |
| 20 | Moved to | , to be counted, a Ballot...by the Voting Agent |
| 21 | Insertion | on or before |
| 22 | Moved to | the Voting Deadline as follows |
| 23 | Insertion | : |
| 24 | Insertion | By U.S. Mail:<br>BMC Group,...MN 55317-2007 |
| 25 | Insertion | By Courier:<br>BMC Group,...Chanhassen, MN 55317 |
| 26-27 | Change | "4. A hearing (the "Confirmation Hearing")" changed to "4. CONFIRMATION HEARING: ..."Confirmation Hearing")" |
| 28 | Deletion | hearing (the "Confirmation Hearing") will be held |
| 29-30 | Moved to | to consider the entry of...of the Bankruptcy Code |
| 31 | Change | "before the Honorable Judith K." changed to "will take place in two...the Honorable Judith K." |
| 32 | Deletion | 600 Grant Street,...Eastern time), |
| 33 | Moved from | to consider the entry of an order |
| 34 | Deletion | , among other things, |
| 35 | Moved from | confirming the Plan under...of the Bankruptcy Code |
| 36-37 | Change | "." changed to "15219. Phase I of the...Eastern time)." |
| 38 | Change | "7. The Plan constitutes a motion to" changed to "7. EXECUTORY CONTRACTS: |

| | | |
|---|---|---|
| | | ...constitutes a motion to" |
| 39 | Change | "8. Section 3.1.9(b) of the Plan provides" changed to "8. POST-PETITION...of the Plan provides" |
| 40 | Change | "Post-Petition Interest...with the requirements" changed to "Post-Petition Interest...with the requirements" |
| 41-42 | Change | "the Bankruptcy Court on...of Non-Default Contract" changed to "the Bankruptcy Court on...of Non-Default Contract" |
| 43-44 | Change | "the address listed in Paragraph 10) on or before" changed to "the address listed in Paragraph 9) on or before" |
| 45-46 | Change | ") on or before ________,...General Unsecured Claims" changed to ") on or before the Voting...General Unsecured Claims" |
| 47 | Change | "9. In accordance with the Confirmation" changed to "9. SOLICITATION PACKAGES:...with the Confirmation" |
| 48 | Change | "copy of the Disclosure Statement and" changed to "copy of the Disclosure Statement, Plan and" |
| 49-50 | Change | "and Plan, have been...this Notice to Holders" changed to "and Voting Procedures,...this Notice to Holders" |
| 51 | Change | "to Holders of Claims in...7 and 9 under the Plan.[3]" changed to "to Holders of Claims in...and 9 under the Plan.[3]" |
| 52-53 | Change | "Confirmation Procedures Order authorized" changed to "Confirmation Procedures Order authorizes" |
| 54 | Change | "website at www.wrgrace.com and on Voting Agent" changed to "website at...and on the Voting Agent" |
| 55-56 | Change | "P.O. Box 913, El Segundo,...and Equity Interest" changed to "P.O. Box 913, El Segundo,...and Equity Interest" |
| 57 | Change | "10. If a Holder a Claim is not entitled" changed to "10. VOTING MOTIONS AND...a Claim is not entitled" |

| | | |
|---|---|---|
| 58-59 | Change | "on or before the Voting...of a Claim intends" changed to "on or before the Voting...of a Claim intends" |
| 60 | Change | "accept or reject the Plan...Declaration" changed to "accept or reject the Plan...Declaration" |
| 61 | Change | "on or before the Voting...to Section 10(f)(ii) of" changed to "on or before the Voting...to Section 10(f)(ii) of" |
| 62 | Deletion | 11. |
| 63-64 | Moved from | Subject to the provisions...by the Voting Agent |
| 65 | Deletion | by |
| 66 | Moved from | the Voting Deadline as follows |
| 67 | Deletion | : |
| 68 | Deletion | By U.S. Mail:<br>BMC Group,...MN 55317-2007 |
| 69 | Deletion | By Courier:<br>BMC Group,...Chanhassen, MN 55317 |
| 70 | Deletion | The Voting Deadline is [ ], 2009. |
| 71-72 | Change | "Responses and objections, if any," changed to "12. OBJECTION DEADLINE: ...and objections, if any," |
| 73-74 | Change | "manner so as to be...p.m. (prevailing Eastern" changed to "manner so as to be...p.m. (prevailing Eastern" |
| 75 | Change | "4:00 p.m. (prevailing...counsel to the Debtors," changed to "4:00 p.m. (prevailing...counsel to the Debtors," |
| 76 | Change | "The Confirmation Hearing may be" changed to "13. The Confirmation Hearing may be" |
| 77-78 | Change | "Dated: ________________, 2008" changed to "Dated: ________________, 2009" |

| **Statistics:** | |
|---|---|
| | Count |
| Insertions | 38 |
| Deletions | 30 |
| Moved from | 5 |
| Moved to | 5 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 78 |