**Exhibit J**

**Notice of Procedures Relating to Payment of
Post-Petition Interest on General Unsecured Claims (Blackline)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | Jointly Administered |
| **Debtors.** | ) | |

**NOTICE OF PROCEDURES RELATING TO PAYMENT**
**OF POST-PETITION INTEREST ON GENERAL UNSECURED CLAIMS**

~~On November __, 2008, the~~**The** above-captioned debtors and debtors in possession (collectively, the "Debtors") **have** filed the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of* ~~November __, 2008~~**February 3, 2009** (as it may be amended or supplemented, the "Plan") and a Disclosure Statement with respect to the Plan (as it may be amended or supplemented, the "Disclosure Statement") pursuant to section 1125 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").[2]

On [_____], ~~2008,~~**2009,** the Bankruptcy Court entered an order (the "Confirmation Procedures Order") that, among other things, approved the Disclosure Statement as containing adequate information, as required under section 1125(a) of the Bankruptcy Code, and authorized the Debtors to solicit votes to accept or reject the Plan.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

The Disclosure Statement, Confirmation Procedures Order, Plan and other related documents and materials may be obtained from the Debtors' voting and claims reconciliation agent, BMC Corp., Inc., (i) at its website at www.bmcgroup.com/wrgrace, (ii) by writing to: BMC Group, Inc., Attn:  W. R. Grace Voting Agent, P.O. Box 913, El Segundo, CA 90245-0913, (iii) by calling (888) 909-0100 or (iv) by emailing wrgrace@bmcgroup.com.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE OR MIGHT BE THE HOLDER OF A CLASS 9 GENERAL UNSECURED CLAIM IN ORDER TO INFORM YOU OF CERTAIN PROCEDURES AND DEADLINES IN THE PLAN WITH REGARD TO THE TREATMENT OF CLASS 9 CLAIMS.  THIS NOTICE SUMMARIZES CERTAIN PLAN PROVISIONS, BUT YOU SHOULD REVIEW THE PLAN AND DISCLOSURE STATEMENT FULLY TO UNDERSTAND HOW YOUR RIGHTS MAY BE AFFECTED.**

### Plan Treatment of General Unsecured Claims

Under Section 3.1.9(b) of the Plan, as summarized below, each Holder of a Class 9 General Unsecured Claim shall be paid the Allowed Amount of its Allowed General Unsecured Claim plus post-petition interest on such Claim either (i) in Cash in full on the later of (A) the Effective Date or (B) the date such General Unsecured Claim becomes an Allowed General Unsecured Claim, or (ii) on such other less favorable terms as have been agreed upon by the Holder of an Allowed General Unsecured Claim and the Debtors or the Reorganized Debtors.  Subject to Section 3.1.9(d) of the Plan, post-petition interest on Allowed General Unsecured Claims shall be calculated as follows (i) either:

(A) for General Unsecured Claims arising from the Pre-petition Credit Facilities, post-petition interest shall be calculated at the rate of 6.09% from the Petition Date through December 31, 2005 and thereafter at floating prime, in each case compounded quarterly through the Effective Date;

(B) for General Unsecured Claims arising from Environmental Claims that include a liquidated amount for post-petition or future cleanup liability, post-petition interest shall be calculated at the rate of 4.19% from the date of any order allowing the Environmental Claim in such liquidated amount, compounded annually through the Effective Date or the date of payment of such General Unsecured Claim if it becomes an Allowed Claim after the Effective Date;

(C) for General Unsecured Claims arising from an existing contract that specifies payment of interest at a non-default rate of interest, post-petition interest shall be calculated at the non-default rate of interest provided in such contract from the Petition Date, compounded annually through the Effective Date or the date of payment of the General Unsecured Claim if it becomes an Allowed Claim after the Effective Date; or

(D) for all other General Unsecured Claims, post-petition interest shall be calculated at the rate of 4.19% from the Petition Date, compounded annually through the Effective Date or the date of payment of such General Unsecured Claim if it becomes an Allowed Claim after the Effective Date; or

(ii) on such other less favorable terms as have been agreed upon by the Holder of an Allowed General Unsecured Claim and the Debtors or Reorganized Debtors, including an agreement whereby no

post-petition interest is paid on the Claim or post-petition interest begins to accrue on the Claim on a date other than the Petition Date.

## Procedures for Resolving Post-Petition Interest Disputes

Section 3.1.9(d) of the Plan provides for the following procedures for a Holder of a General Unsecured Claim to dispute the post-petition interest treatment under the Plan:

i. If any Holder of a General Unsecured Claim, other than a Holder of a General Unsecured Claim arising from the Pre-petition Credit Facilities (which Claims are subject to a pending objection and litigation concerning the amount of post-petition interest) believes that it is entitled to post-petition interest at a rate or calculation other than the treatment set forth in Section 3.1.9(b) of the Plan, such Holder may File with the Bankruptcy Court a "Post-Petition Interest Determination Notice" by no later than the deadline established by the Bankruptcy Court for Claimants to vote to accept or reject the Plan, which is **[Month Day, Year],May 20, 2009,** as set forth in the Confirmation Procedures Order.

ii. Any Post-petition Interest Determination Notice that is Filed shall (A) identify the Claim and the requested rate of post-petition interest applicable to such Claim and (B) attach documentation supporting the payment of such rate of interest for the Claim. **Failure to timely File a Post-Petition Interest Determination Notice with the required information and supporting documentation will be deemed an agreement to accept the post-petition interest treatment provided for in Section 3.1.9(b) of the Plan.**

iii. The Debtors or Reorganized Debtors, as applicable, may dispute any Post-Petition Interest Determination Notice by Filing an objection thereto by no later than 60 days after the Effective Date. In objecting to a Post-Petition Interest Determination Notice, the Debtors or Reorganized Debtors may assert that the Holder of the General Unsecured Claim that Filed the Post-Petition Interest Determination Notice is entitled to no post-petition interest under applicable law or an amount of post-petition interest less than the amount provided for in Section 3.1.9(b) of the Plan. If the Debtors or Reorganized Debtors object to a Post-Petition Interest Determination Notice, then they shall also assert any and all objections that they may have to the underlying General Unsecured Claim within the same objection notwithstanding the time to file such other objections set forth in Section 5.1 of the Plan. All Post-Petition Interest Determination Notices not resolved by stipulation or certificate of no objection shall be resolved in the Bankruptcy Court as claims allowance litigation, subject to the same bankruptcy rules and procedures that would have applied had the litigation been conducted before the Effective Date.

## Procedures for Determining Non-Default Contract Rate of Interest

Section 3.1.9(e) of the Plan provides for the following procedures for a Holder of a General Unsecured Claim to substantiate the existence of a non-default contract rate of interest applicable to such Claim as contemplated by Section 3.1.9(b) of the Plan:

i. Any Holder of a General Unsecured Claim, other than a Holder of a General Unsecured Claim arising from the Pre-petition Credit Facilities, who does not dispute the manner in which post-petition interest shall be calculated as provided for in Section 3.1.9(b) of the Plan, but who wishes to substantiate the existence of an existing contract that specifies payment of interest at a non-default rate of interest as contemplated by Section 3.1.9(b)(i)(C), shall submit an "Notice of Non-Default Contract Rate of Interest" to the Debtors' voting and

claims reconciliation agent, BMC Group, Inc (at the address listed below), by no later than the deadline established by the Bankruptcy Court for Claimants to vote to accept or reject the Plan, which is **[Month Day, Year]**,**May 20, 2009,** as set forth in the Confirmation Procedures Order.

| **By U.S. Mail:** | **By Courier:** |
|---|---|
| BMC Group, Inc. | BMC Group, Inc. |
| Attn: W. R. Grace Voting Agent | Attn: W. R. Grace Voting Agent |
| P.O. Box 2007 | 17850 Lake Drive East |
| Chanhassen, MN 55317-2007 | Chanhassen, MN 55317 |

ii. Any Notice of Non-Default Contract Rate of Interest shall (A) identify the Claim and the non-default contractual rate of interest applicable to such Claim, (B) attach a copy of the contract relating to such Claim and (C) be signed by the Holder of the Claim or its authorized representative under penalty of perjury. A Notice of Non-Default Contract Rate of Interest does not need to be Filed with the Bankruptcy Court. **Failure by a Holder or its representative to timely submit a Notice of Non-Default Contract Rate of Interest will be deemed an admission that no non-default contract rate of interest exists with respect to such Holder's General Unsecured Claim, and said Holder of the General Unsecured Claim shall receive interest as set forth in Section 3.1.9(b)(i)(D) of the Plan (provided that the Holder of the General Unsecured Claim has not Filed a Post-Petition Interest Determination Notice).**

iii. At any time before the Effective Date, the Debtors may dispute any Notice of Non-Default Contract Rate of Interest by serving a written objection upon the Holder of a General Unsecured Claim who has submitted a Notice of Non-Default Contract Rate of Interest. If a resolution is not reached between the parties, the Holder of the General Unsecured Claim may request a hearing before the Bankruptcy Court to resolve the objection to its Notice of Non-Default Contract Rate of Interest, *provided, however,* that such request must be made no later than 60 days after the Effective Date and that the only issue to be determined by the Bankruptcy Court at such a hearing shall be the appropriate amount of non-default contract interest with respect to the General Unsecured Claim, which shall be paid on the Post-Effective Distribution Date in relation to a Final Order making such determination. If the Debtors do not dispute a Notice of Non-Default Contract Rate of Interest by serving a written objection upon the Holder of a General Unsecured Claim who has submitted a Notice of Non-Default Contract Rate of Interest, then the interest rate contained in the Notice of Non-Default Contract Rate of Interest shall govern and be paid.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT FOR MORE INFORMATION.**

Dated: _____, 2008**2009**

| KIRKLAND & ELLIS LLP | PACHULSKI STANG ZIEHL & JONES LLP |
|---|---|
| David M. Bernick, P.C. | Laura Davis Jones (Bar No. 2436) |
| Theodore L. Freedman | James E. O'Neill (Bar No. 4042) |
| Janet S. Baer | Timothy P. Cairns (Bar No. 4228) |
| Deanna D. Boll | 919 North Market Street, 17th Floor |
| Craig A. Bruens | P.O. Box 8705 |
| 153 East 53rd Street | Wilmington, Delaware 19899-8705 |
| New York, New York 10022 | Telephone: (302) 652-4100 |

Telephone: (212) 446-4800

Co-Counsel for the Debtors and Debtors in Possession

Document comparison done by Workshare DeltaView on Tuesday, February 03, 2009 5:07:20 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://KEDMS/LEGAL/13618863/4 |
| Document 2 | interwovenSite://KEDMS/LEGAL/13618863/5 |
| Rendering set | Basic K&E |

| Legend: | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| *Moved from* | |
| *Moved to* | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Redline Summary: | | |
|---|---|---|
| No. | Change | Text |
| 1-2 | Change | "K&E 13618863.4" changed to "K&E 13618863.5" |
| 3-4 | Change | "On November __, 2008, the...debtors and debtors" changed to "The above-captioned debtors and debtors" |
| 5 | Change | "possession (collectively,...First Amended Joint Plan" changed to "possession (collectively,...First Amended Joint Plan" |
| 6-7 | Change | "Equity Security Holders...amended or supplemented," changed to "Equity Security Holders...amended or supplemented," |
| 8-9 | Change | "On [_____], 2008, the...Court entered an" changed to "On [_____], 2009, the...Court entered an" |
| 10-11 | Change | "accept or reject the...in the Confirmation" changed to "accept or reject the...in the Confirmation" |

| 12-13 | Change | "accept or reject the...in the Confirmation" changed to "accept or reject the...in the Confirmation" |
| 14-15 | Change | "Dated: _____, 2008" changed to "Dated: _____, 2009" |

| **Statistics:** | |
|---|---:|
| | Count |
| Insertions | 8 |
| Deletions | 7 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 15 |