## APPENDIX A - VERIFICATION OF EDMOND LANDRY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., <u>et al.</u>,[1] | ) | Case No. **01-1139 (JKF)** |
| | ) | Jointly Administered |
| Debtors. | ) | |

Edmond Landry, after being duly sworn according to law, deposes and says:

      a)      I am a partner with the applicant accounting firm of Deloitte & Touche LLP.

      b)      I have personal knowledge of Deloitte & Touche LLP's retention to provide the

Expanded Scope Services to the Debtors in these Chapter 11 cases, and have been informed of

Deloitte & Touche LLP's retention to provide the Customs and Advisory Services to the

Debtors in these Chapter 11 cases.

      c)      I have reviewed the foregoing Application and the facts set forth therein are true

and correct to the best of my knowledge, information and belief.  Moreover, I have been

informed of the requirements of Del.Bankr.LR 2016-2 and the 'Amended Administrative Order

Under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

and Reimbursement of Expenses for Professionals and Official Committee Members', signed

April 17, 2002, and submit that the Application complies with such Rule and Order, as

modified by the Expanded Scope Order or as otherwise describe in the Application.

Edmond Landry, Partner

Enterprise Risk Management Services and
Crisis Risk Management Services
providers to the Debtors during the
Interim period of June 1, 2007 through March 31, 2008,
and Customs and Advisory Services
providers to the Debtors during the Monthly Periods
of July 1, 2004 through July 31, 2004,
and August 1, 2004 through August 31, 2004

SWORN AND SUBSCRIBED
before me this 22nd day of January 2009.

Notary Public
My Commission Expires:

-17-

## APPENDIX B – INITIAL RETENTION ORDER

**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Re: Docket No. 3715 and 6/17/03 Agenda Item No. 2**

**ORDER PURSUANT TO 11 U.S.C. §§ 327(A) AND 328(A) AND
FED. R. BANKR. P. 2014(A), 2016 AND 5002 AUTHORIZING THE
EMPLOYMENT AND RETENTION OF DELOITTE & TOUCHE LLP
AS CUSTOMS SERVICES PROVIDERS, AND TAX AND COMPENSATION
ADVISORS TO THE DEBTORS _NUNC PRO TUNC_ TO FEBRUARY 4, 2003**

Upon consideration of the application (the "Application")[2] of the above captioned

debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing

the Debtors to employ and retain Deloitte & Touche LLP ("Deloitte") as customs services

providers, and tax and compensation advisors to the Debtors _nunc pro tunc_ to February 4, 2003,

and upon the affidavit of Larry D. Ishol (the "Affidavit"); and the Court being satisfied, based on

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  Capitalized terms not defined herein shall have the same meaning as in the Application.

the representations made in the Application and Affidavit, that Deloitte represents no interest

adverse to the Debtors' estates with respect to the matters upon which they are to be engaged,

that Deloitte is a "disinterested person" as that term is defined under section 104(14) of title 11

of the United States Code (as amended, the "Bankruptcy Code"), as modified by section 1107(b)

of the Bankruptcy Code, and that the employment of Deloitte is necessary and would be in the

best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that this

proceeding is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that this Court

has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; and after due

deliberation and sufficient cause appearing therefore, it is

       ORDERED that the Application is granted as modified herein; and it is further

       ORDERED that the Debtors are authorized to employ and retain Deloitte as

customs services providers, and tax and compensation advisors on the terms set forth in the

Application *nunc pro tunc* to February 4, 2003; and it is further

       ORDERED that Deloitte will provide such customs services and tax and

compensation advisory services as Deloitte and the Debtors shall deem appropriate and feasible

in order to advise the Debtors in the course of the Chapter 11 Cases, including but not limited to

the following:

1.    customs procedures review and compliance services, including without limitation, services pertaining to assisting the Debtors with the upcoming Focused Assessment to be conducted by the United States Customs Service (the "Customs Services") as set forth more fully in the engagement letter dated April 14, 2003 entered into between the Debtors and Deloitte and attached to the Affidavit as Exhibit A (the "Customs Engagement Letter");

2.    tax advisory services, including without limitation, services pertaining to assisting the Debtors by consulting on various corporate and sales tax issues, and in reviewing and analyzing the tax implications of various inter-company transactions (the "Tax Services") as set forth more fully in the engagement letter dated April 8, 2003 entered into between the

DOCS_DE:73318.1                 2

Debtors and Deloitte attached to the Affidavit as Exhibit B (the "Tax Engagement Letter"); and

3. compensation and benefits services, including without limitation, services pertaining to assisting the Debtors in reviewing and analyzing their current employee retention and incentive programs, and in developing new employee retention and incentive programs (the "Compensation Services") as set forth more fully in the engagement letter dated March 14, 2003 entered into between the Debtors and Deloitte attached to the Affidavit as Exhibit C (the Compensation Engagement Letter"); and it is further

ORDERED that the indemnification provisions of the Customs Engagement Letter and the Compensation Engagement Letter (collectively, the "Engagement Letters") are approved subject to the following:

(a) subject to the provisions of subparagraph (c) infra, the Debtors are authorized to indemnify, and shall indemnify Deloitte, in accordance with the Engagement Letters for any claim arising from, related to, or in connection with the Customs Services or the Compensation Services, but not for any claim arising from, related to, or in connection with Deloitte's postpetition performance of any services, other than the Custom Services or the Compensation Services, unless such other postpetition services and indemnification thereof are approved by the Court;

(b) notwithstanding any provisions of the Engagement Letters to the contrary, the Debtors shall have no obligation to indemnify Deloitte, or provide contribution or reimbursement to Deloitte, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen solely from Deloitte's gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to Deloitte's gross negligence or willful misconduct, but determined by the Court, after notice and a hearing, to be claim or expense for which Deloitte should not receive indemnity, contribution or reimbursement under terms of the Engagement Letters as modified; and

(c)    if, before the earlier of (i) the entry of an order confirming a plan under chapter 11 of the Bankruptcy Code (that Order having become a final order no longer subject to appeal), or (ii) the entry of an order closing this chapter 11 case, Deloitte believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Letters (as modified by this Order), including without limitation the advancement of defense costs, Deloitte must file an application thereof in this Court, and the Debtors may not pay any such amounts to Deloitte before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Deloitte for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Deloitte; and it is further

ORDERED that (a) paragraph H of the General Business Terms of the Customs Engagement Letter, (b) paragraph 6(b) of the General Business Terms of the Compensation Engagement Letter, and (c) paragraph J of the General Business Terms of the Tax Engagement Letter (applicable to the provision of the Tax Services, which services are not subject to the Debtors' indemnification obligations set forth above) shall be null and void to the extent the claims, liabilities or expenses referred to in such paragraphs arise during the pendency of these chapter 11 cases; and it is further

ORDERED that Deloitte may render customs service and tax and compensation advisory service related support deemed appropriate and necessary to the benefits of the Debtors' estates; and it is further

ORDERED that Deloitte shall be compensated for services provided and reimbursed for expenses incurred in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court, including without limitation, (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (together, the "Administrative Order"); and it is further

ORDERED that, notwithstanding anything to the contrary herein or in the Application, the Affidavit or the Administrative Order, Deloitte's fees shall be subject to the approval of the Court under a reasonableness standard upon proper application by Deloitte in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, including, without limitation, the Administrative Order; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: ___6/17___, 2003

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

## APPENDIX C – EXPANDED SCOPE ORDER

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Related Docket Nos. 17691 , 17848 |

**ORDER AUTHORIZING THE DEBTORS' SECOND APPLICATION REQUESTING
THE APPROVAL OF AN ORDER AUTHORIZING THE FURTHER EXPANSION OF
THE SCOPE OF SERVICES TO BE PROVIDED BY DELOITTE & TOUCHE LLP TO
THE DEBTORS TO INCLUDE CERTAIN ENTERPRISE RISK MANAGEMENT
SERVICES AND CRISIS MANAGEMENT PLANNING SERVICES**

Upon consideration of the second application (the "Second Application")[2] of the

above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seeking entry of

an order authorizing the expansion of the scope of services to be provided by Deloitte & Touche

LLP ("Deloitte & Touche") to the Debtors to include certain Enterprise Risk Management

Services and Crisis Management Planning Services; and upon the Affidavit of Edmund Landry

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners 1, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    Capitalized terms not defined herein shall have the same meaning as in the Application.

(the "Landry Affidavit"); and the Court being satisfied, based on the representations made in the Application and Landry Affidavit, that Deloitte & Touche represent no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that Deloitte & Touche is a "disinterested person" as that term is defined under section 104(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), and that the employment of Deloitte & Touche is necessary and would be in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted; and it is further

ORDERED that the Debtors are authorized to further expand the scope of services provided by Deloitte & Touche to serve the Debtors in these Chapter 11 cases by providing certain enterprise risk management services (the "Enterprise Risk Management Services") and certain crisis management planning services (the "Crisis Management Planning Services") in accordance with the terms of the Second Application, the Landry Affidavit, the Enterprise Risk Management Services Engagement Letter and the Crisis Management Planning Services Engagement Letter; and it is further

ORDERED that with respect to the Expanded Scope Services performed by Deloitte & Touche under the Enterprise Risk Management Services Engagement Letter and the Crisis Management Planning Services Engagement Letter during the pendency of these Chapter 11 cases, paragraphs 6(a) and 6(c) of the General Business Terms attached to such engagement letters shall be deemed to be null and void; and it is further

2

9110-001\DOCS_DE:133830.1

ORDERED that Deloitte & Touche shall be relieved of the requirements to provide daily activity descriptions of its personnel providing Expanded Scope Services and instead shall provide daily time records of its personnel reflecting the number of hours devoted by such personnel to the discrete categories of tasks comprising Expanded Scope Services of part of its monthly fee statements and interim and final fee applications; and it is further

ORDERED that, other than the exceptions detailed herein, Deloitte & Touche shall be compensated for services provided and reimbursed for expenses incurred in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court, including without limitation, (a) the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated May 3, 2001, effective as of April 2, 2001 and (b) the Amended Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members, dated April 17, 2002 (together, the "Administrative Order"); and it is further

ORDERED that, notwithstanding anything to the contrary herein or in the Second Application, the Landry Affidavit or the Administrative Order, Deloitte & Touche's fees shall be subject to the approval of the Court under a reasonableness standard upon proper application by Deloitte & Touche in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, including, without limitation, the Administrative Order; and it is further

3

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _January 24_, 2008

_Judith K. Fitzgerald_

The Honorable Judith K. Fitzgerald
United Stated Bankruptcy Judge    SAJ

4