## Exhibit B

## Partial Summary Judgment Order

NO. 97-05135

| | | |
|---|---|---|
| GRACE ENERGY CORPORATION | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| KANEB PIPE LINE OPERATING | § | DALLAS COUNTY, TEXAS |
| PARTNERSHIP, L.P.; SUPPORT | § | |
| TERMINAL SERVICES, INC.; and | § | |
| SUPPORT TERMINALS OPERATING | § | |
| PARTNERSHIP, L.P., | § | 191ST JUDICIAL DISTRICT |

## PARTIAL SUMMARY JUDGMENT

Having considered the motion for partial summary judgment regarding Northeast Petroleum filed by Plaintiff Grace Energy Corporation ("GEC"), the motion for partial summary judgment regarding transfer of Otis Pipeline liability filed by GEC, the responses, additional briefing, the pleadings, the summary judgment evidence and the law, the Court finds that they should be granted. Further, having considered GEC's Motion for Partial Summary Judgment and No Evidence Summary Judgment on Merger Agreement Issues, and Defendants' Motion for Summary Judgment and Brief in Support, the responses, additional briefing, the summary judgment evidence, the pleadings, and the law, the Court is of the opinion that same should be granted in part. It is therefore ORDERED and ADJUDICATED that

   a.  The Otis Pipeline (a 4" steel pipeline of approximately 12 miles in length stretching from the former Standard Transmission terminal facility near the Cape Cod Canal in the Town of Sandwich, Massachusetts to the Otis Air Force Base) was not conveyed to the Northeast Petroleum Corporation of Cape Cod, Inc. in 1976.

   b.  The Otis Pipeline assets and liabilities, if any, were conveyed to Standard Transpipe Corp. ("STP") in 1978.

EXHIBIT C

c. Under the STS Agreement and Plan of Merger ("Merger Agreement") STP was merged into Support Terminal Services, Inc. which then merged into NSTS, Inc., a wholly owned subsidiary of Kaneb Pipeline Operating Partnership, L.P. ("Kaneb"). NSTS, Inc. changed its name to Support Terminal Services, Inc. ("STS"), which is a defendant in this lawsuit. Thus, in effect, GEC sold STP to Defendant Kaneb. Under the Merger Agreement, STP's liability, if any, for the Otis Pipeline became that of Defendant STS. The Otis Pipeline was an asset that was transferred, ultimately, to STS. The environmental exposure, during the time the pipeline was part of the Grace companies, was clearly a liability of STP that could be and was transferred to STS. Defendant STS, therefore, is a proper party to this case.

d. As part of the Merger Agreement Kaneb made certain promises of indemnification, discussed more fully below; therefore, Kaneb is a proper defendant. Support Terminals Operating Partnership, L.P. ("STOP") is not a proper defendant on the allegations here.

e. There is a fact issue as to whether GEC breached the environmental representations and warranties under the Merger Agreement. There is a fact issue as to what GEC knew with respect to potential Otis Pipeline liabilities and, therefore, whether GEC was in breach of Section 6.11 of the Merger Agreement. If the jury finds facts supporting such a breach, then: (1) GEC would not be entitled to indemnity under the plain language of Section 13.02, because the effect of a breach is to nullify any ability of GEC to obtain indemnification from Kaneb for the Otis pipeline liabilities; and (2) Kaneb, assuming compliance with the notice and time conditions in the Merger Agreement (*see, e.g.,* 13.03b), would be entitled to indemnification for amounts it actually pays in connection with the Otis Pipeline liabilities in the amount of 60% of the excess of $100,000 up to the cap in the Merger Agreement. On the other hand, if the jury finds facts demonstrating no breach, then: (1) GEC would be entitled to indemnity from Kaneb and STS under 13.02; and (2) Kaneb would not be entitled to indemnity from GEC for any Otis Pipeline liabilities.

f. There is a fact issue whether Kaneb gave timely and adequate notice to GEC of Kaneb's assertion that GEC breached the environmental representations and warranties under the Merger Agreement. If Kaneb did not give timely and adequate notice to GEC, then Kaneb is not entitled to indemnity from GEC for any Otis Pipeline liabilities. If Kaneb did give timely and adequate notice to GEC, and if GEC breached Section 6.11 of the Merger Agreement, then Kaneb would be entitled to indemnity from GEC for amounts Kaneb actually pays in excess of $100,000 in connection with Otis

Pipeline liabilities, with GEC paying 60% of such excess amounts up to the cap amount in the Merger Agreement.

Signed this 2nd day of July, 1999.

_____
JUDGE PRESIDING

AGREED AS TO FORM:

MILLS ★PRESBY AND ASSOCIATES, L.L.P.

By:_____
Ellen A. Presby
SBN 16249600
Jonathan M. Spigel
SBN 18934760
5910 North Central Expressway
Dallas, Texas 75206-5142
(214) 265-9265
(214) 265-9257 Fax

ATTORNEYS FOR DEFENDANTS KANEB PIPE LINE OPERATING PARTNERSHIP, L.P., SUPPORT TERMINAL SERVICES, INC., AND SUPPORT TERMINALS OPERATING PARTNERSHIP, L.P.

CRADY, JEWETT & McCULLEY, L.L.P.

By:_____
Ross Spence
SBN 18918400
909 Fannin Street, Suite 1400
Houston, Texas 77010-1006
(713) 739-7007
(713) 739-8403 (Fax)

PARTIAL SUMMARY JUDGMENT – Page 3
W:\CLNTDCS\G639\01\pldg044 Summary Judgment.wpd

COWLES & THOMPSON, P.C.
John M. Pease
SBN 15698050
4000 First RepublicBank Plaza
901 Main Street
Dallas, Texas 75202
(214) 672-2000
(214) 672-2020 Fax

ATTORNEYS FOR PLAINTIFF,
GRACE ENERGY CORPORATION