IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| W.R. GRACE & CO., *et al.*, ) | Chapter 11 |
| ) | |
| Debtor ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| ) | |
| ) | Objection Deadline: February 10, 2009 at 4:00 p.m. |
| ) | (extended by consent of the parties) |
| ) | Hearing Date: February 23, 2009 at 10:30 a.m. |
| ) | |
| ) | Related Docket No. 20538 |

**RESPONSE AND OBJECTION OF CONTINENTAL CASUALTY COMPANY TO MOTION OF KANEB PIPE LINE OPERATING PARTNERSHIP, L.P. AND SUPPORT TERMINAL SERVICES FOR AN ORDER MODIFYING THE AUTOMATIC STAY**

Continental Casualty Company ("CCC") responds and objects to the Motion of Kaneb Pipe Line Operating Partnership, L.P. and Support Terminal Services (collectively referred to as "Kaneb") and states as follows;

1. CCC has no knowledge as to the claims of Kaneb against the Debtor or the basis of its right to pursue an appeal against the Debtors, and makes no response to those claims. CCC, however, is one of the insurers of the Debtor whom Kaneb is seeking on this motion to pursue for coverage. Specifically, Kaneb states that it seeks to pursue coverage, *inter alia*, under three CCC primary insurance policies issued to the Debtors that were the subject of a May 30, 1997 settlement agreement with the Debtors. In that agreement, the Debtors released and indemnified CCC for the type of property damage claims asserted by Kaneb. Subsequently, in a Settlement Agreement expressly approved by this Court in 2004, the Debtors further and expressly released CCC from claims arising from this particular site.[1] CCC has advised the Debtors' counsel of its demand for indemnification under its settlement agreement.

---

[1] CCC does not agree with Kaneb's contentions as to the availability of coverage under its policies, and reserves all rights with respect to all of the policy terms. Also, CCC notes that the Debtors maintain that Kaneb has no rights in any event under any excess policies.

LIBC/3506821.2

2. Based on the releases and indemnification given to CCC on the primary policies by the Debtors, Kaneb would have no rights under these policies were it to obtain a judgment against Grace, nominally or otherwise. Conversely, because of CCC's rights to be indemnified, any claim against CCC would be a claim against the Debtors and would implicate property of the estate. Given the long history of litigation involving the Debtor's insurance, it is likely that other insurance coverage Kaneb seeks to pursue is similarly subject to such claims of settlement and indemnification owed by the Debtors.

3. CCC does not have sufficient information to assess any claims by Kaneb as to whether it succeeded to any rights of the Debtor under the Debtors' policies and reserves its rights to contest such assertion. To the extent that Kaneb asserts any claims that are not subject to the several different settlement agreements between CCC and the Debtor, such claims are the subject of a declaratory judgment action pending in the United States District Court for the Southern District of New York, brought by CCC prior to the Debtor's Petition for bankruptcy and presently stayed. The rights to such claims and to pursue coverage under the CCC policies are purportedly assigned to the proposed Asbestos Personal Injury Trust, with the pending litigation to be resumed post-confirmation, whether with the Debtors or with the Trust. When and if that coverage litigation is allowed to proceed, if this claim is not otherwise resolved, then it can be asserted in that context.

4. It would be chaotic and counter-productive to allow a separate coverage action to proceed at this time on the very same policies that are at issue in an already pending coverage action, and which are asserted to be transferred to the Asbestos PI Trust. Also, the Debtor would unavoidably be involved in the coverage litigation concerning the terms and implications of its transaction with Kaneb and that involvement would adversely affect its ability to accomplish its reorganization.

5. Kaneb's request for relief from stay to pursue insurance coverage, including policies that have been settled and as to which the Debtors have indemnified CCC and that are already at issue in a separate coverage action, should be denied. Until such time as the coverage

2

matter is resolved, the Debtors should reserve amounts sufficient ultimately to cover the insurers' contractual rights to indemnification for Kaneb's claims.

Dated: February 10, 2009

        Respectfully Submitted,

        ROSENTHAL, MONHAIT, & GODDESS, P.A.

        Edward B. Rosenthal (#3131)
        919 Market Street
        Mellon Bank Center, Suite 1401
        Wilmington, Delaware 19899-1070
        (302) 656-4433

        -and-

        GOODWIN PROCTER LLP
        Daniel M. Glosband (pro hac vice)
        Brian H. Mukherjee (pro hac vice pending)
        Exchange Place
        Boston, MA 02109
        (617) 570-1930

        -and-

        FORD MARRIN ESPOSITO WITMEYER
         & GLESER, L.L.P.
        Elizabeth DeCristofaro (pro hac vice)
        Wall Street Plaza, 23rd Floor
        New York, New York 10005-1875
        (212) 269-4900

        *Counsel for Continental Casualty Company*

LIBC/3506821.2