W. R. Grace & Co. et al.
District of Delaware, Bankruptcy Case No. 01-01139
Exhibit A
Stipulation Resolving Claims of the NL Industries, Inc.

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | 6/23/08 Agenda No. 1 |
| | | Related Docket Nos. 13415 and 13846 |

**STIPULATION RESOLVING THE CLAIMS OF THE NL INDUSTRIES, INC.**

This Stipulation is entered into this _10th_ day of ~~December 2008~~ _February 2009_, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors"), and the NL Industries, Inc. ("NL").

**WHEREAS,** on or about April 2, 2001 (the "Petition Date"), the Debtors, including W. R. Grace & Co. ("Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn."), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' bankruptcy cases are pending as case numbers 01-01139 (JKF)

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

through 01-01200 (JKF) (the "Bankruptcy Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**WHEREAS**, on April 2, 2001, the Bankruptcy Court issued an Order consolidating the Bankruptcy Cases for administrative purposes only under Case No. 01-1139 (JKF) (the "Jointly Administered Bankruptcy Case").

**WHEREAS**, on September 18, 2001, the Bankruptcy Court entered the Amended Order Authorizing and Approving an Omnibus Procedure for Settling Cretin Claims and Causes of Action brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding [Docket No. 936] (the "Settlement Order"), allowing the Debtors to, among other things, settle claims in amounts that exceed $50,000 but do not exceed $1,000,000 upon twenty (20) days negative notice to the Negative Notice Parties (as defined in the Settlement Order").

**WHEREAS**, on April 22, 2002, the Bankruptcy Court issued its Bar Date Order [Docket No. 1963], which established March 31, 2003 as the bar date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims. The Bar Date Order required claimants to file a separate claim in each of the Bankruptcy Cases for such claim to be effective and asserted against each of the Debtors.

**WHEREAS**, on or about January 1, 2003, NL filed three claims (collectively, the "NL Claims") against the Debtors as specified herein:

| Name of Creditor | Against which Debtor entities | Proof of Claim Nos. | Quantity of Claims | Amount of Claim |
|---|---|---|---|---|
| NL Industries, Inc. | 01-01185 | 2625 | 1 | unknown (Unsecured) |
| NL Industries, Inc | 01-01194 | 2626 | 1 | unknown (Unsecured) |
| NL Industries, Inc | 01-01139 | 2627 | 1 | unknown (Unsecured) |

**WHEREAS,** on or about October 10, 2006, as part of their Eighteenth Omnibus Objection [Docket No. 13415], the Debtors objected to the NL Claims on the basis that the Debtors had no liability or the NL Claims were unliquidated and should be expunged.

**WHEREAS,** the parties hereto have agreed to enter into this Stipulation,

**NOW, THEREFORE,** for good and valuable consideration received, the parties hereby stipulate and agree as follows:

1. Subject to the provisions of paragraph 2 below, Claim Number 2627 shall be allowed as a general unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $100,000.00. Claim No. 2627 shall be paid in the same manner as all other similarly situated general unsecured claims pursuant to the chapter 11 plan or plans confirmed in the Bankruptcy Cases provided, however, that to the extent that general unsecured claims are entitled to interest under any plan filed in the Bankruptcy Cases, the Claimant shall not be entitled to interest on Claim No. 2627 with respect to any period prior to July 16, 2007.

2. Subject to the provisions of the following two sentences of this paragraph, claims numbered 2625 and 2626 shall be disallowed and expunged for all purposes (the "Disallowed Claims"). Notwithstanding any other provision of this Stipulation, in the event that (a) any plan of reorganization or liquidation is filed in these Bankruptcy Cases that does not provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), (b) voting on any plan of reorganization or liquidation in these Bankruptcy Cases is ordered to be conducted on a separate debtor rather than a consolidated basis, (c) any plan of reorganization or liquidation confirmed by final order(s) of the Bankruptcy Court in

these Bankruptcy Cases does not provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), or (d) any plan of reorganization or liquidation confirmed by final order(s) of the Bankruptcy Court in these Bankruptcy Cases that provides for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims) does not become effective, then the applicable Disallowed Claims shall be automatically reinstated *ab initio* without the need for any further action on the part of any party or Bankruptcy Court intervention and this settlement shall be null and void.. In the event the Bankruptcy Cases or any of them are dismissed or converted to cases under chapter 7 of the Bankruptcy Code, each and every one of the Disallowed Claims related to any such converted or dismissed Bankruptcy Cases shall be automatically reinstated *ab initio* without the need for any further action on the part of any party or Bankruptcy Court intervention and this settlement shall be null and void.

3.  The Debtors expressly reserve any and every objection that they now have or may have in the future to any of the Disallowed Claims and to Claim No. 2627 in the event that the Disallowed Claims are reinstated as described above.

4.  Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their

respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

    5.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the claims register to reflect the following:

    a.    claims numbered 2625 and 2626 shall be disallowed and expunged to the extent provided herein; and

    b.    claim number 2627 is allowed as a general unsecured claim in the amount of $100,000.00.

    6.    The parties shall take whatever additional action, if any, is necessary to make sure that the NL Claims are treated as outlined herein.

**STIPULATED AND AGREED:**

| NL INDUSTRIES, INC. | W. R. GRACE & CO., et al. |
|---|---|
| By: _[signature]_ | By: _[signature]_ |
| John V. Piorella (Bar No. 4330) | Laura Davis Jones (Bar No. 2436) |
| Archer & Greiner P.C. | James E. O'Neill (Bar No. 4042) |
| 300 Delaware Avenue | Timothy P. Cairns (Bar No. 4228) |
| Suite 1370 | Pachulski, Stang, Ziehl, & Jones LLP |
| Wilmington, DE 19801 | 919 North Market Street, 17th Floor |
| Phone: 302-777-4350 | P. O. Box 8705 |
| Fax: 302-777-4352 | Wilmington, DE 19899-8705 |
|  | (302) 652-4100 |
| Counsel for **NL INDUSTRIES, INC.** | Co-Counsel for the Debtors and Debtors in Possession |