## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: March 13, 2009 |
| | ) | Hearing Date: April 1, 2009 at 10:30 a.m. |

### APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER
### AUTHORIZING THE RETENTION AND EMPLOYMENT OF THE
### LAW OFFICES OF JANET S. BAER, P.C. AS CO-COUNSEL TO THE DEBTORS

The Debtors hereby submit this application (the "Application") for the entry of an order authorizing and approving the retention of The Law Offices of Janet S. Baer, P.C. as their bankruptcy co-counsel *nunc pro tunc* to February 11, 2009. The facts and circumstances supporting the Application are set forth in the affidavit of Janet S. Baer (the "Baer Affidavit"), filed contemporaneously herewith as Exhibit A. In further support of this Application, the Debtors respectfully represent as follows:

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**Jurisdiction**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

**Background**

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.      The Debtors have employed the law firms of Kirkland & Ellis LLP ("K&E") and Pachulski Stang Ziehl & Jones LLP ("PSZJ") to serve as bankruptcy and reorganization counsel to the Debtors. Janet S. Baer is a former partner at K&E in its corporate restructuring department. From the Petition Date through February 10, 2009, Ms. Baer worked on these Chapter 11 Cases as one of the lead restructuring lawyers in the cases. Effective February 10, 2009, Ms. Baer resigned from K&E and formed her own law corporation, The Law Offices of Janet S. Baer, P.C. ("JSB").

## Relief Requested

5.      By this Application, the Debtors respectfully request the entry of an order

pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016,

and Local Bankruptcy Rules 2014-1 and 2016-1, authorizing them to employ and retain JSB as

co-counsel in connection with the prosecution of these Chapter 11 Cases and to perform the

specific legal services as described herein and consistent with  the terms of that certain

engagement letter dated as of February 11, 2009 (the "Engagement Letter"), attached hereto and

incorporated herein as Exhibit B.

## JSB's Qualifications

6.      The Debtors request the retention of JSB as co-counsel to advise and represent

them in connection with the prosecution of these Chapter 11 Cases due to both Ms. Baer's vast

experience in advising companies in such matters and her particular knowledge of the Debtors'

businesses and operations as a result of having provided services to the Debtors since the

inception of these cases.  Because of Ms. Baer's longstanding representation of the Debtors in

such matters, Ms. Baer has intimate knowledge of the Debtors' Chapter 11 Cases and the players

involved in these cases.

7.      The Debtors desire to retain JSB as its co-counsel in order to maintain continuity

in the services being provided to the Debtors.  In effect, there will be virtually no change in the

Debtors' representation if JSB is retained as co-counsel, and the Debtors, their estates and all

parties in interest would not be unduly prejudiced by the time and expense necessary to replicate

Ms. Baer's ready familiarity with the intricacies of the Debtors' business operations and issues

involving the Chapter 11 Cases.

8.      The Debtors believe that both the business interruption and the costs that would

be involved in educating other counsel at this stage of the Chapter 11 Cases would be extremely

harmful to the Debtors and their estates. As such, the Debtors submit that JSB is well qualified and uniquely able to provide the specialized legal advice sought by the Debtors during these Chapter 11 Cases. Thus, JSB's retention as co-counsel is in the best interest of the Debtors and their estates.

### Scope Of Proposed Retention

9.    As set forth in further detail in the Engagement Letter and in the Baer Affidavit, and subject to approval of this Court, the Debtors request the employment and retention of JSB to render, but shall not be limited to, the following professional services:

(a)    advise the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

(b)    advise the Debtors on the conduct of these Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

(c)    attend meetings and negotiate with representatives of the creditors and other parties in interest;

(d)    prosecute actions on the Debtors' behalf, defend actions commenced against the Debtors and represent the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

(e)    prepare pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, orders, reports and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

(f)    advise the Debtors in connection with any potential sale of assets;

(g)    appear before the Court and any other courts, including appellate courts, to represent the interests of the Debtors' estates;

(h)    assist the Debtors in obtaining approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

(i)    perform all other necessary or appropriate legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof, (ii) analyzing the validity of liens against

the Debtors and (iii) advising the Debtors on transactional and litigation matters.

10.    The Debtors, K&E, PSZJ and JSB have discussed a division of responsibilities regarding representation of the Debtors and will make every effort to avoid and/or minimize duplication of services in these Chapter 11 Cases. The Debtors believe that the services that JSB will provide will be complementary to, rather than duplicative of, the services to be performed by K&E and PSZJ.

### No Adverse Interest

11.    To the best of the Debtors' knowledge, and based upon the Baer Affidavit, JSB is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and does not represent or hold any interest adverse to the Debtors or their estates. Further, to the best of the Debtors' knowledge, JSB does not have any connection with any creditors or other parties in interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees.

### Compensation

12.    In accordance with section 330 of the Bankruptcy Code and any applicable orders of the Court, the Debtors propose to compensate JSB on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by JSB. The above matters will primarily be handled by one attorney of JSB, Janet S. Baer, whose current standard hourly rate is $625.00 per hour.

13.    Other attorneys or paralegals may from time to time serve the Debtors with respect to the matters described in this Application. JSB's current attorney billing rates range from $350.00 to $625.00 per hour, depending upon the seniority and expertise of the attorney involved. For paralegals, JSB's rates range from $80.00 to $175.00 per hour.

14.    As set forth in the Baer Affidavit, the hourly rates described above are subject to periodic adjustment to reflect economic and other conditions.  Other attorneys or paralegals may from time to time serve the Debtors in the matters for which JSB retention is sought.  JSB's rates are set at a level designed to compensate JSB fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is JSB's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime.  JSB will charge the Debtor for these expenses in a manner and at rates consistent with charges generally made to JSB's other clients.  JSB believes that is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

15.    Moreover, pursuant to Bankruptcy Rule 2016(b), JSB has not shared, nor agreed to share any compensation that it has received or may receive with another party or person, other than with the associates, contract attorneys or paraprofessionals that may be associated with JSB, or (b) any compensation another person or party has received or may receive.

16.    JSB will submit interim and final applications for compensation in accordance with sections 330 and 331 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of this Court and such other and further orders of the Court.

## Basis for Relief

17.    Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court

approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under [the Bankruptcy Code].

11 U.S.C. § 327(a).

18.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

F.R.B.P. 2014.

19.    Local Bankruptcy Rule 2014-1 states:

> Any entity seeking approval of employment of a professional person ... shall file with the Court a motion, a supporting affidavit or verified statement of the professional person and a proposed order for approval. Promptly after learning of any additional material information relating to such employment (such as potential or actual conflicts of interest), the professional employed or to be employed shall file and serve a supplemental affidavit setting forth the additional information.

Del. Bankr. L.R. 2014-1.

20.    Based on the foregoing, the Debtors submit that they have satisfied the

requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules to

support entry of an order authorizing the Debtors to employ and retain JSB as co-counsel in these

Chapter 11 Cases.

DOCS_DE:144920.1

**Conclusion**

21.     For the reasons set forth above and in the Baer Affidavit, the Debtors believe that

JSB is well qualified to provide the requested services to the Debtors' in light of Ms. Baer's

intimate knowledge of the Debtors' businesses and affairs and her expertise in the field of

bankruptcy services described herein.  The Debtors further believe that the engagement of JSB is

essential to the Debtors' successful reorganization and that the retention of JSB is necessary and

in the best interest of the Debtors and their estates.

**No Prior Request**

22.     No prior application for the relief requested herein has been made to this or any

other Court.

**Notice**

23.     Notice of this Application has been given to: (i) the Office of the United States

Trustee, (ii) the debtor-in-possession lenders, (iii) counsel to Chase Manhattan Bank as agent to

prepetition lenders, (iv) counsel to the official committees appointed by the United States Trustee

and the Future Claimants Representative, and (v) all those parties that requested service and

notice of papers in accordance with Bankruptcy Rule 2002.  In light of the nature of the relief

requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an Order,

substantially in the form attached hereto, authorizing the retention and employment of JSB as

co-counsel for the Debtors and granting such other and further relief as is just and proper.

DOCS_DE:144920.1

Wilmington, Delaware
Dated: February 12, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
Theodore L. Freedman
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
(212) 446-4800

-and-

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession