# Exhibit A

## Baer Affidavit

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. |

AFFIDAVIT OF JANET S. BAER IN SUPPORT OF
THE APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF THE
LAW OFFICES OF JANET S. BAER, P.C. AS CO COUNSEL TO THE DEBTORS

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | ss: |
| COUNTY OF COOK | ) | |

JANET S. BAER, being duly sworn, deposes and says:

1. I am the sole shareholder in the Law Office of Janet S. Baer, P.C. ("JSB"), with offices at 70 West Madison Street, Suite 2100, Chicago, Illinois, 60602. I am a duly licensed and practicing attorney in the State of Illinois. I am admitted to practice in the United States

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 14177122.2

District Courts for the District of Illinois; in the United States Courts of Appeals for the Third and Seventh Circuits; and am currently admitted *pro hac vice* in this Court. I am in good standing in all of the states and courts to which I have been admitted. There are no disciplinary proceedings pending against me in any jurisdiction.

2.      I submit this declaration in support of the Application[2] of the Debtors, for the entry of an order pursuant to sections 329 and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, authorizing the Debtors to retain JSB as co-counsel to the Debtors in connection with their Chapter 11 Cases. Unless otherwise stated in this affidavit, I have personal knowledge of the facts set forth herein. To the best of my knowledge based upon the inquiries described below, the following statements are true.

### JSB's Qualifications

3.      I have represented debtors, creditors' committees, secured and unsecured creditors, and asset purchasers in major chapter 11 cases in various jurisdictions in the United States for the past twenty-five years. The Debtors have employed the law firms of Kirkland & Ellis LLP ("K&E") and Pachulski Stang Ziehl & Jones LLP ("PSZJ") to serve as bankruptcy and reorganization counsel to the Debtors. I was a partner at K&E from February 2001 through February 2009 and I have worked on these Chapter 11 Cases since the Petition Date.

4.      Effective February 10, 2009, I resigned from K&E and formed my own law corporation, The Law Offices of Janet S. Baer, P.C. ("JSB"). The Debtors have requested the retention of JSB as co-counsel to advise and represent them in connection with the prosecution of these Chapter 11 Cases due to both my vast experience in advising companies in such matters

---

[2]  All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

2

and my particular knowledge of the Debtors' businesses and operations as a result of having provided services to the Debtors in the past. Because of my longstanding representation of the Debtors in such matters, I have intimate knowledge of the Debtors' Chapter 11 Cases and the players involved in these cases.

### Scope of Proposed Retention

5.    As set forth in further detail below and in the Engagement Letter, a copy of which is annexed to the Application as <u>Exhibit B</u>, and subject to approval of this Court, the Debtors request the employment and retention of JSB to render, but shall not be limited to, the following professional services:

(a) advise the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

(b) advise the Debtors on the conduct of these Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

(c) attend meetings and negotiate with representatives of the creditors and other parties in interest;

(d) prosecute actions on the Debtors' behalf, defend actions commenced against the Debtors and represent the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

(e) prepare pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, orders, reports and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

(f) advise the Debtors in connection with any potential sale of assets;

(g) appear before the Court and any other courts, including appellate courts, to represent the interests of the Debtors' estates;

(h) assist the Debtors in obtaining approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

(i) perform all other necessary or appropriate legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including (i) analyzing the Debtors' leases and contracts and the assumption and

assignment or rejection thereof, (ii) analyzing the validity of liens against the Debtors and (iii) advising the Debtors on transactional and litigation matters.

6. I have discussed with the Debtors, K&E and PSZJ, a division of responsibilities regarding representation of the Debtors and will make every effort to avoid and/or minimize duplication of services in these Chapter 11 Cases. The Debtors believe that the services that JSB will provide will be complementary to, rather than duplicative of, the services to be performed by K&E and PSZJ.

### No Adverse Interest

7. JSB a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and does not represent or hold any interest adverse to the Debtors or their estates. JSB does not have any connection with any creditors or other parties in interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees.

8. Based on the conflicts search conducted to date from a list obtained from the Debtors of all individuals entities that may be parties-in-interest in these Chapter 11 Cases, to the best of my knowledge, neither I, JSB, nor any shareholder, associate, or of counsel thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or any other parties in interest, the Debtors' respective attorneys and accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware.

### Compensation

9. In accordance with section 330 of the Bankruptcy Code and any applicable orders of the Court, the Debtors propose to compensate JSB on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by JSB.

The above matters will primarily be handled by one attorney of JSB, me, whose current standard hourly rate is $625.00 per hour.

10. Other attorneys or paralegals may from time to time serve the Debtors with respect to the matters described in this Application. JSB's current attorney billing rates range from $350.00 to $625.00 per hour, depending upon the seniority and expertise of the attorney involved. For paralegals, JSB's rates range from $80.00 to $175.00 per hour.

11. The hourly rates described above are subject to periodic adjustment to reflect economic and other conditions. Other attorneys or paralegals may from time to time serve the Debtors in the matters for which JSB retention is sought. JSB's rates are set at a level designed to compensate JSB fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is JSB's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. JSB will charge the Debtor for these expenses in a manner and at rates consistent with charges generally made to JSB's other clients. JSB believes that is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients.

12. Moreover, pursuant to Bankruptcy Rule 2016(b), JSB has not shared, nor agreed to share any compensation that it has received or may receive with another party or person, other

than with the associates, contract attorneys and paraprofessionals who may be associated with JSB, or (b) any compensation another person or party has received or may receive.

13.  JSB will submit interim and final applications for compensation in accordance with Sections 330 and 331 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of this Court and such other and further orders of the Court.

14.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of February, 2009.

_____
Janet S. Baer

Sworn to and subscribed before me this 12th day of February, 2009

_____
Notary Public
My Commission expires: _____

OFFICIAL SEAL
TRACY A RODRIGUEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/18/10

6

K&E 14177122.2