IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF THE LAW OFFICES OF JANET S. BAER, P.C. AS CO-COUNSEL TO THE DEBTORS**

Upon the application (the "Application")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to retain and employ The Law Offices of Janet S. Baer, P.C. ("JSB") as co-counsel to the Debtors, *nunc pro tunc* to February 11, 2009, pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

and other parties-in-interest; the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the Application and the Baer Affidavit in support thereof; the Court being satisfied based on the representations made in the Application and Baer Affidavit that (a) JSB does not hold or represent an interest adverse to the Debtors' estates, and (b) JSB is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and Local Bankruptcy Rule 2014-1; and it appearing that notice of this Application and opportunity for a hearing on this Application was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1. The Application is granted.

2. The Debtors are authorized to employ and retain JSB as their co-counsel in accordance with the terms and conditions set forth in the Application and in the Engagement Letter *nunc pro tunc* to February 11, 2009.

3. JSB is authorized to render professional services to the Debtors as described in the Application and the Engagement Letter that may include, but shall not be limited to, the following services:

    (a) advise the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

    (b) advise the Debtors on the conduct of these Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

    (c) attend meetings and negotiate with representatives of the creditors and other parties in interest;

(d) prosecute actions on the Debtors' behalf, defend actions commenced against the Debtors and represent the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

(e) prepare pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, orders, reports and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

(f) advise the Debtors in connection with any potential sale of assets;

(g) appear before the Court and any other courts, including appellate courts, to represent the interests of the Debtors' estates;

(h) assist the Debtors in obtaining approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

(i) perform all other necessary or appropriate legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof, (ii) analyzing the validity of liens against the Debtors and (iii) advising the Debtors on transactional and litigation matters.

4. JSB shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

5. The Debtors and JSB are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: _____, 2009
Wilmington, Delaware

_____
United States Bankruptcy Judge