## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                  )    CHAPTER 11
                                        )
                                        )    Case No. 01-01139 (JKF)
W.R. GRACE & CO., *et al.*,             )    (Jointly Administered)
                                        )
                                        )    **Objection Deadline: February 25, 2009 @ 4:00 P.M.**
                    Debtors.            )    **Hearing Date:  April 1, 2009 @ 10:30 A.M.**
                                        )
_____     )    **Re: Docket No. 20622**

## ANDERSON MEMORIAL HOSPITAL'S MOTION
## FOR RELIEF FROM  OR RECONSIDERATION OF SECOND AMENDED
## CASE MANAGEMENT ORDER RELATED TO THE FIRST AMENDED
## JOINT PLAN OF REORGANIZATION, OR ALTERNATIVELY, FOR
## ENLARGEMENT OF TIME TO SERVE DISCOVERY

Anderson Memorial Hospital ("Anderson"), an interested party in the above-captioned
bankruptcy proceeding, moves for relief from the initial deadline for service of written fact
discovery, or alternatively, for an enlargement of time within which to serve such discovery,
pursuant to Fed.R.Bankr.P. 9006(b), and in support states as follows:

1.    On January 29, 2009, the Court entered its *Second Amended Case Management
Order Related to the First Amended Joint Plan of Reorganization* ("Second CMO") (D.E.
20622).  That Order, *inter alia*, sets a deadline for members of the "PD Constituency" (which
includes all holders of Asbestos PD Claims) to serve written fact discovery in preparation for
confirmation by February 13, 2009.

2.    It does not appear that there was any motion filed by the Debtors seeking the
entry of an order setting deadlines for propounding discovery.  Rather, it appears that the entry of
the Second CMO, and in particular, the setting of deadlines applicable to the "PD Constituency,"
came about as a result of hearings conducted by the Court on January 14 and 26, 2009 and
various "Certificates of Counsel" filed by Debtors' counsel.

3.    The Second CMO in Paragraph 16 directs the Debtors to serve copies of the order on all interested parties immediately and to file a certificate of service within five days of its entry. Anderson's counsel was not served with the Second CMO and it does not appear from the docket that any certificate of service has been filed. Anderson reserves the right to seek further appropriate relief when it is served with the order.

4.    Anderson is the holder of an asbestos property damage claim against the Debtors, and as such is a member of the "PD Constituency" as defined in the Second CMO.

5.    The final version of the Debtors' First Amended Joint Plan of Reorganization was only filed with the Court on February 3, 2009 – only ten days before the Second CMO's deadline for serving written discovery.

5.    Anderson recently engaged the law firms of Kozyak Tropin & Throckmorton, P.A. and Stichter Reidel Blaine & Prosser, P.A. to serve as bankruptcy co-counsel to the Speights & Runyan law firm with respect to this bankruptcy proceeding. Their Notice of Appearance was filed on February 6, 2009.

6.    Anderson respectfully submits that the February 13, 2009 deadline for propounding written discovery with respect to confirmation (other than with respect to feasibility), whose very applicability to the PD Constituency was only first proposed less than 30 days ago, does not afford Anderson a meaningful opportunity to review the Plan and Disclosure Statement, evaluate potential written discovery to be sought, and formulate and propound such discovery, particularly in light of Anderson's recent engagement of co-counsel with respect to this bankruptcy proceeding.

7.    Accordingly, Anderson requests that the Court either amend the Second CMO or grant Anderson relief from the Second CMO with respect to the deadline for written discovery, or alternatively, enlarge the time for Anderson to serve written discovery in connection with the

Plan and Disclosure Statement, for a period of at least 20 days, pursuant to Fed.R.Bankr.P. 9006(b). Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specific period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

8.      In light of the foregoing, Anderson respectfully submits that there is "cause" for enlarging the time period for it serve written discovery for 20 days. Anderson does not believe that the Debtors or any other party will be prejudiced by the requested extension.

**WHEREFORE**, Anderson requests that the Court amend or grant relief from the Second CMO, or alternatively, enlarge the time period for Anderson to propound written non-feasibility discovery for at least 20 days from February 13, 2009.

DATED: February 13, 2009

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:      (302) 654-0248
Facsimile:      (302) 654-0728
Email:          loizides@loizides.com

-          and –

Daniel A. Speights
Marion C. Fairey, Jr.
SPEIGHTS & RUNYAN
200 Jackson Avenue East
Post Office Box 685
Hampton, SC 29924
Telephone:     (803) 943-4444
Facsimile:     (803) 943-4599

-           and-

John W. Kozyak
David L. Rosendorf
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, FL  33134
Telephone:     (305) 372-1800
Facsimile:     (305) 372-3508