**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Objection Deadline:  3/9/09 |
| | ) | Hearing Date: June 29, 2009 at 10:30 a.m. |

**THIRTY-FIRST QUARTERLY INTERIM VERIFIED APPLICATION OF
KIRKLAND & ELLIS LLP FOR COMPENSATION FOR SERVICES AND
REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL
TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD
FROM OCTOBER 1, 2008 THROUGH DECEMBER 31, 2008**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined

below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures

for Interim Compensation and Reimbursement of Professionals and Official Committee

Members (the "Interim Compensation Order"), the Amended Administrative Order under

11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of Kirkland & Ellis LLP ("Kirkland & Ellis" or "K&E"), bankruptcy counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $7,741,360.50 for the reasonable and necessary legal services K&E has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that K&E has incurred in the amount of $1,290,505.69 (the "Thirty-First Quarterly Fee Application"), in each case for the interim quarterly period from October 1, 2008, through December 31, 2008 (the "Fee Period"). In support of this Thirty-First Quarterly Fee Application, K&E respectfully states as follows:

## BACKGROUND

### Retention of Kirkland & Ellis

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      By this Court's order dated May 3, 2001, the Debtors were authorized to retain K&E as their counsel, effective as of the Petition Date, with regard to the filing and prosecution of the Chapter 11 Cases and all related matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it

2

incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

**Monthly Interim Fee Applications Covered Herein**

3.      Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.      Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.      This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the Thirty-First Fee Application for compensation for

3

services rendered that K&E has filed with the Bankruptcy Court in connection with the Chapter

11 Cases, and covers the Fee Period of October 1, 2008, through December 31, 2008.

      6.    K&E has filed the following Monthly Fee Applications for interim

compensation during this Fee Period:

      a.    Summary Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from October 1, 2008, through October 31, 2008, filed December 1, 2008, (the "October Fee Application") attached hereto as Exhibit A;

      b.    Summary Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from November 1, 2008, through November 30, 2008, filed December 29, 2008, (the "November Fee Application") attached hereto as Exhibit B; and

      c.    Summary Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from December 1, 2008, through December 31, 2008, filed January 29, 2009, (the "December Fee Application") attached hereto as Exhibit C (collectively, the October Fee Application, the November Fee Application and the December Fee Application are the "Applications").

      7.    The periods for objecting to the fees and expense reimbursement requested

in the October and November Fee Applications passed without any objections being filed,

whereupon the Debtors filed certificates of no objection with the Court and have either paid or

will pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses

requested. The deadline for objecting to the December Fee Application has not passed yet.

      8.    K&E has advised and represented the Debtors in connection with the

operation of their businesses and other matters arising in the performance of their duties as a

debtors-in-possession during the period covered by the Thirty-First Quarterly Fee Application.

Furthermore, K&E has prepared various pleadings, motions and other papers submitted to this

Court for consideration, has appeared before this Court during hearings regarding these cases and

has performed various other professional services that are described in the Applications.

**Previous Quarterly Fee Applications**

9.    K&E has previously filed the following Quarterly Fee Applications:

a.    First Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from April 2, 2001 through June 30, 2001, filed August 2, 2001, (the "First Quarterly Fee Application");

b.    Second Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from July 1, 2001 through September 30, 2001, filed November 7, 2001, (the "Second Quarterly Fee Application");

c.    Third Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from October 1, 2001 through December 31, 2001, filed February 7, 2002, (the "Third Quarterly Fee Application ");

d.    Fourth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W. R. Grace & Co., et al., for the Interim Period from January 1, 2002 through March 31, 2002, filed June 10, 2002 (the "Fourth Quarterly Fee Application");

e.    Fifth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from April 1, 2002 through June 30, 2002, filed September 30, 2002 (the "Fifth Quarterly Fee Application");

f.    Sixth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from July 1, 2002 through September 30, 2002, filed November 27, 2002 (the "Sixth Quarterly Fee Application");

g.      Seventh Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from October 1, 2002 through December 31, 2002, filed March 4, 2003 (the "Seventh Quarterly Fee Application");

h.      Eighth Quarterly Interim Verified Application of Kirkland & Ellis for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from January 1, 2003 through March 31, 2003, filed May 15, 2003 (the "Eighth Quarterly Fee Application");

i.      Ninth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from April 1, 2003 through June 30, 2003, filed August 27, 2003 (the "Ninth Quarterly Fee Application");

j.      Tenth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from July 1, 2003 through September 30, 2003, filed November 18, 2003 (the "Tenth Quarterly Fee Application");

k.      Eleventh Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from October 1, 2003 through December 31, 2003, filed February 11, 2004 (the "Eleventh Quarterly Fee Application");

l.      Twelfth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from January 1, 2004 through March 31, 2004, filed May 17, 2004 (the "Twelfth Quarterly Fee Application");

m.      Thirteenth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from April 1, 2004 through June 30, 2004, filed October 6, 2004 (the "Thirteenth Quarterly Fee Application");

n.      Fourteenth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from July 1, 2004 through September 30, 2004, filed November 17, 2004 (the "Fourteenth Quarterly Fee Application");

K&E 14233436.2

o.      Fifteenth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from October 1, 2004 through December 31, 2004, filed February 14, 2005 (the "Fifteenth Quarterly Fee Application");

p.      Sixteenth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from January 1, 2005 through March 31, 2005, filed June 15, 2005 (the "Sixteenth Quarterly Fee Application");

q.      Seventeenth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from April 1, 2005 through June 30, 2005, filed August 8, 2005 (the "Seventeenth Quarterly Fee Application");

r.      Eighteenth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from July 1, 2005 through September 30, 2005, filed October 28, 2005 (the "Eighteenth Quarterly Fee Application");

s.      Nineteenth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from October 1, 2005 through December 31, 2005, filed February 14, 2006 (the "Nineteenth Quarterly Fee Application");

t.      Twentieth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from January 1, 2006 through March 31, 2006, filed May 15, 2006 (the "Twentieth Quarterly Fee Application");

u.      Twenty-First Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from April 1, 2006 through June 30, 2006, filed August 14, 2006 (the "Twenty-First Quarterly Fee Application");

K&E 14233436.2

v.     Twenty-Second Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from July 1, 2006 through September 30, 2006, filed November 14, 2006 (the "Twenty-Second Quarterly Fee Application");

w.    Twenty-Third Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from October 1, 2006 through December 31, 2006, filed February 14, 2007 (the "Twenty-Third Quarterly Fee Application");

x.     Twenty-Fourth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from January 1, 2007 through March 31, 2007, filed May 15, 2007 (the "Twenty-Fourth Quarterly Fee Application");

y.     Twenty-Fifth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from April 1, 2007 through June 30, 2007, filed August 14, 2007 (the "Twenty-Fifth Quarterly Fee Application");

z.     Twenty-Sixth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from July 1, 2007 through September 30, 2007, filed November 14, 2007 (the "Twenty-Sixth Quarterly Fee Application");

aa.    Twenty-Seventh Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from October 1, 2007 through December 31, 2007, filed February 14, 2008 (the "Twenty-Seventh Quarterly Fee Application");

bb.    Twenty-Eighth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from January 1, 2008 through March 31, 2008, filed May 15, 2008 (the "Twenty-Eighth Quarterly Fee Application");

cc.    Twenty-Ninth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from April 1, 2008 through June 30, 2008, filed August 14, 2008 (the "Twenty-Ninth Quarterly Fee Application"); and

K&E 14233436.2

    dd.    Thirtieth Quarterly Interim Verified Application of Kirkland & Ellis LLP for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel for W.R. Grace & Co., et al., for the Interim Period from July 1, 2008 through September 30, 2008, filed November 14, 2008 (the "Thirtieth Quarterly Fee Application") (collectively, the First through Thirtieth Quarterly Fee Applications are the "Quarterly Applications").

10.    There have been no objections filed with respect to the Quarterly Applications. The hearing for Quarterly Application for the interim period July 1, 2008 through September 30, 2008, has been scheduled for April 1, 2009. The hearing for the Quarterly Application for the interim period October 1, 2008 through December 31, 2008, has been scheduled for June 29, 2009. The Debtors have filed certificates of no objection with respect to each of the three monthly Fee Applications related to each of the above-listed Quarterly Applications and have paid, or will pay, in each case, 100% of the compensation requested for fees and reimbursed 100% of the expenses requested in the First through Thirtieth Quarterly Fee Applications (less certain fees and expenses disallowed by the Court). The First, Second, Third and Fifth Quarterly Fee Applications were heard on November 25, 2002, and orders were entered on November 29, 2002, granting interim compensation and reimbursement for the First, Second, Third and Fifth Quarterly Fee Applications. The Fourth Quarterly Fee Application was heard on August 26, 2002, and an order was entered on October 9, 2002, granting interim compensation and reimbursement of expenses requested in the Fourth Quarterly Fee Application. An order was entered on March 14, 2003, granting interim compensation and reimbursement of expenses requested in the Sixth Quarterly Fee Application. The Seventh Quarterly Fee Application was heard on June 17, 2003, and an order was entered on July 28, 2003, granting interim compensation and reimbursement of expenses requested in the Seventh Quarterly Fee Application. The Eighth Quarterly Fee Application was heard on September 22, 2003, and an order was entered on September 22, 2003, granting interim compensation and reimbursement of

9

expenses requested in the Eighth Quarterly Fee Application.    The Ninth Quarterly Fee Application was heard on December 15, 2003, and an order was entered on December 15, 2003[2], granting interim compensation and reimbursement of expenses requested in the Ninth Quarterly Fee Application. The Tenth Quarterly Fee Application was heard on March 22, 2004, and an order was entered on April 26, 2004 granting interim compensation and reimbursement of expenses requested in the Tenth Quarterly Fee Application.  An order was entered on June 16, 2004, granting interim compensation and reimbursement of expenses requested in The Eleventh Quarterly Fee Application.  The Twelfth Quarterly Fee Application was heard on September 27, 2004, and an order was entered on September 27, 2004 granting interim compensation and reimbursement of expenses requested in the Twelfth Quarterly Fee Application.  The Thirteenth Quarterly Fee Application was heard on December 20, 2004, and an order was entered on January 26, 2005 granting interim compensation and reimbursement of expenses requested in the Thirteenth Quarterly Fee Application.  The Fourteenth Quarterly Fee Application was heard on March 21, 2005, and an order was entered on March 22, 2005 granting interim compensation and reimbursement of expenses requested in the Fourteenth Quarterly Fee Application.    The Fifteenth Quarterly Fee Application was heard on June 27, 2005, and an order was entered on June 29, 2005 granting interim compensation and reimbursement of expenses requested in the Fifteenth Quarterly Fee Application.  The Sixteenth Quarterly Fee Application was heard on September 26, 2005, and an order was entered on September 26, 2005 granting interim compensation and reimbursement of expenses requested in the Sixteenth Quarterly Fee Application. The Seventeenth Quarterly Fee Application was heard on December 19, 2005, and

---

[2]    An amended order correcting certain information on the Exhibit was entered on December 19, 2003.

10

an order was entered on December 19, 2005, granting interim compensation and reimbursement of expenses requested in the Seventeenth Quarterly Fee Application. The Eighteenth Quarterly Fee Application was heard on March 27, 2006, and an order was entered on March 27, 2006, granting interim compensation and reimbursement of expenses requested in the Eighteenth Quarterly Fee Application. An order was entered on June 16, 2006, granting interim compensation and reimbursement of expenses requested in the Nineteenth Quarterly Fee Application. The Twentieth Quarterly Fee Application was heard on September 25, 2006, and an order was entered on September 25, 2006, granting interim compensation and reimbursement of expenses requested in the Twentieth Quarterly Fee Application. The Twenty-First Quarterly Fee Application was heard on December 18, 2006, and an order was entered on December 18, 2006, granting interim compensation and reimbursement of expenses requested in the Twenty-First Quarterly Fee Application. An order was entered on March 30, 2007, and an amended order was entered on May 3, 2007, granting interim compensation and reimbursement of expenses requested in the Twenty-Second Quarterly Fee Application. An order was entered on June 20, 2007, granting interim compensation and reimbursement of expenses requested in the Twenty-Third Quarterly Fee Application. The Twenty-Fourth Quarterly Fee Application was heard on September 24, 2007, and an order was entered on September 24, 2007, granting interim compensation and reimbursement of expenses requested in the Twenty-Fourth Quarterly Fee Application. An order was entered on December 13, 2007, granting interim compensation and reimbursement of expenses requested in the Twenty-Fifth Quarterly Fee Application. An order was entered on March 12, 2008, granting interim compensation and reimbursement of expenses requested in the Twenty-Sixth Quarterly Fee Application. The Twenty-Seventh Quarterly Fee Application was heard on June 23, 2008, and an order was entered on June 23, 2008, granting

11

interim compensation and reimbursement of expenses requested in the Twenty-Seventh Quarterly Fee Application. The Twenty-Eighth Quarterly Fee Application was heard on September 29, 2008, and an order was entered on October 1, 2008, granting interim compensation and reimbursement of expenses requested in the Twenty-Eighth Quarterly Fee Application. The Twenty-Ninth Quarterly Fee Application was heard on December 15, 2008, and an order was entered on December 17, 2008, granting interim compensation and reimbursement of expenses requested in the Twenty-Ninth Quarterly Fee Application.

**Requested Relief**

11.    By this Thirty-First Quarterly Fee Application, K&E requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by K&E for the Fee Period as detailed in the Applications, less any amounts previously paid to K&E pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order. As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as Exhibits A through C.

**Disinterestedness**

12.    As disclosed in the following affidavits:

a.    Affidavit of James H.M. Sprayregen in Support of Application for Order Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing the Employment and Retention of Kirkland & Ellis as Attorneys for the Debtors and Debtors in Possession (the "Original Affidavit"), filed April 2, 2001;

b.    First Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "First Supplement"), filed April 17, 2001;

c.    Second Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Second Supplement"), filed May 2, 2001;

12

d.      Third Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Third Supplement"), filed July 24, 2001;

e.      Fourth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fourth Supplement"), filed September 13, 2001;

f.      Fifth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Fifth Supplement"), filed October 24, 2001;

g.      Sixth Supplemental Affidavit of James H.M. Sprayregen under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Sixth Supplement"), filed November 13, 2001;

h.      Seventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Seventh Supplement"), filed April 11, 2002;

i.      Eighth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed R. Bankr. P. 2014 (the "Eighth Supplement"), filed May 23, 2002;

j.      Ninth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. § 327(a) and Fed R. Bankr. P. 2014 (the "Ninth Supplement"), filed July 19, 2002;

k.      Tenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Tenth Supplement"), filed September 18, 2002;

l.      Eleventh Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Eleventh Supplement"), filed March 11, 2003;

m.      Twelfth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C Section 327(a) and Fed. R. Bankr. P. 2014 (the "Twelfth Supplement"), filed September 20, 2004;

n.      Amendment to the Twelfth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C Section 327(a) and Fed. R. Bankr. P. 2014 (the "Amended Twelfth Supplement"), filed December 2, 2004;

o.      Thirteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C Section 327(a) and Fed. R. Bankr. P. 2014 (the "Thirteenth Supplement"), filed February 10, 2005;

13

p.      Fourteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C Section 327(a) and Fed. R. Bankr. P. 2014 (the "Fourteenth Supplement"), filed June 14, 2005;

q.      Fifteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Fifteenth Supplement"), filed December 12, 2005;

r.      Sixteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Sixteenth Supplement"), filed March 20, 2006;

s.      Seventeenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Seventeenth Supplement"), filed April 17, 2006;

t.      Eighteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Eighteenth Supplemental"), filed May 22, 2006;

u.      Nineteenth Supplemental Affidavit of James H.M. Sprayregen Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Nineteenth Supplemental"), filed June 23, 2006;

v.      Twentieth Supplemental Affidavit of Richard M. Cieri Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Twentieth Supplemental"), filed October 23, 2006;

w.      Twenty-First Supplemental Affidavit of Theodore L. Freedman Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Twenty-First Supplemental"), filed April 9, 2007;

x.      Twenty-Second Supplemental Affidavit of Theodore L. Freedman Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Twenty-Second Supplemental"), filed November 1, 2007;

y.      Twenty-Third Supplemental Affidavit of Theodore L. Freedman Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Twenty-Third Supplemental"), filed May 14, 2008;

z.      Twenty-Fourth Supplemental Affidavit of Theodore L. Freedman Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Twenty-Fourth Supplemental"), filed June 13, 2008; and

14

aa.     Twenty-Fifth Supplemental Affidavit of Theodore L. Freedman Under 11 U.S.C. Section 327(a) and Fed. R. Bankr. P. 2014 (the "Twenty-Fifth Supplemental") (collectively, the Original Affidavit and the First through Twenty-Fifth Supplements are the "Affidavits"), filed January 29, 2009.

K&E does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

13.     K&E may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. K&E disclosed in the Affidavits its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts. K&E will update the Affidavits when necessary and when K&E becomes aware of material new information.

## REPRESENTATIONS

14.     K&E believes that the Thirty-First Quarterly Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

15.     K&E performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

16.     During the Fee Period, K&E has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Interim Compensation Order.

15

17.    Pursuant to Fed. R. Bank. P. 2016(b), K&E has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of K&E, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

16

WHEREFORE, K&E respectfully requests that the Court enter an order providing that (a) for the Fee Period, October 1, 2008, through December 31, 2008, an administrative allowance be made to K&E in the sum of (i) $7,741,360.50 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $1,290,505.69 for reimbursement of actual and necessary costs and expenses incurred, for a total of $9,031,866.19; (b) the Debtors be authorized and directed to pay to K&E the outstanding amount of such sums less any sums previously paid to K&E pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order and (c) this Court grant such further relief as is equitable and just.

Wilmington, Delaware
Dated: February 16, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP


Theodore L. Freedman
David M. Bernick, P.C.
153 East 53rd Street
New York, NY 10022
(212) 446-4800

17

K&E 14233436.2