# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | ) Chapter 11 |
| | ) |
| **W. R. GRACE & CO.,** *et al.,* | ) Case No. 01-1139 (JKF) |
| | ) Jointly Administered |
| | ) |
| **Debtors.** | ) Re: Docket No. 20278 |
| | ) |

## DEBTORS' OPPOSITION TO ANDERSON MEMORIAL HOSPITAL'S MOTION FOR ENLARGEMENT OF TIME TO SERVE DISCOVERY

Anderson Memorial Hospital's request for a 20-day extension of the February 13, 2009 deadline to propound written discovery related to plan confirmation should be denied.[1] Anderson's counsel has had the Debtors' proposed PD Case Management Order since late October and thus has had more than three months to react to it and develop discovery requests. In addition, by the time Anderson filed its motion for an extension in lieu of serving discovery, it had multiple opportunities, over a period of at least 35 days, to comment on the discovery deadline before it was finalized, and said nothing. Now that the deadline has been approved by the Court, and has passed, it is too late to complain.

1. As set forth in the Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization (the "CMO") (Dkt. 20622), the deadline for the service of written discovery was February 13, 2009. Anderson missed that deadline and, as it concedes in

---

[1] In light of recent discussions with the PD FCR, Debtors are attempting to contact counsel for Anderson to discuss a possible limited extension of the written discovery deadline. Because counsel for Anderson has not yet responded, Debtors are filing this response to preserve their rights. In the event that the parties are able to reach an agreement, Anderson's motion will be moot.

K&E 13416316.1

its motion, is not entitled to relief unless it establishes "cause" for an extension. (Fed. R. Bankr. P. 9006(b); Dkt. 20278 at ¶ 7) Here, Anderson cannot establish cause.

2. For months, Anderson has had everything it needed to formulate and propound its written discovery. Anderson complains that it received the final version of Debtors' First Amended Joint Plan of Reorganization on February 3, 2009, and therefore had insufficient time to "evaluate potential written discovery to be sought." (Dkt. 20278 at ¶¶ 5-6). But this is misleading—Debtors filed and served the initial version of the Plan more than five months ago, on September 19, 2008. (Dkt. 19579) Moreover, on October 29, 2008, counsel for Debtors circulated a draft of the CMO for Asbestos Property Damage Claims to counsel for Anderson and others. (Exhibit A)

3. To be sure, Anderson had ample opportunity to object to the February 13, 2009 written discovery deadline before it was approved by the Court. Debtors provided Anderson's counsel with multiple drafts of the CMO containing the deadline at issue (or an earlier proposed deadline), and Anderson's counsel attended multiple hearings where the CMO was under discussion. Yet Anderson remained silent:

- **January 9, 2009.** Counsel for Debtors circulated an e-mail to Anderson's counsel and others that attached a draft confirmation CMO including the discovery deadlines. (Exhibit B) In the draft, the proposed deadline for the service of written fact discovery was January 23, 2009—more than 20 days earlier that the deadline that Anderson now seeks to avoid. Recipients of the draft were requested to "[p]lease review and provide me your comments." Anderson's counsel provided no comments.

- **January 13, 2009.** Debtors filed a certificate of counsel attaching an amended version of the CMO. (Dkt. 20513) The proposed written discovery deadline was still January 23, 2009. This document was served on Anderson's counsel. They provided no comments.

- **January 14, 2009.** Anderson's counsel appeared telephonically at a hearing where the proposed CMO was discussed. (Exhibit C) They said nothing regarding the CMO.

- **January 21, 2009.** Debtors filed another certificate of counsel attaching a further amended version of the CMO. (Dkt. 20551) The proposed written discovery deadline was changed to February 13, 2009, the current deadline. This document was served on Anderson's counsel. (Exhibit D) They remained silent, and still did not object to the discovery deadline.

- **January 26, 2009.** Anderson's counsel appeared telephonically at another hearing where the proposed CMO was discussed. (Exhibit E) Once again, they did not challenge the discovery deadline.

4.  After an extensive review and comment process, the Court entered the CMO on January 29, 2009. (Dkt. 20622) Anderson's counsel, continuing their pattern of silence, did not seek an extension of the discovery deadline at this time. Remarkably, Anderson claims that it "was not served with the second CMO." (Dkt. 20278 at ¶ 3) This is false. On January 30, 2009, Debtors served the second CMO on Anderson's counsel. The certificate of service is attached as Exhibit F.

5.  Both the Debtors and the PD Future Claimants' Representative served their discovery requests in accordance with the deadline, and there is no reason why Anderson could not have done the same. Anderson's motion for an extension should be denied.

Dated: February 20, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
Michael T. Dierkes
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400

Co-Counsel for the Debtors and Debtors in Possession

4

K&E 13416316.1