# Exhibit F



Digital Legal Services, LLC

1001 N. Jefferson Street
Suite 100
(302) 888-2060
(302) 888-2042 – fax

File

Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C.

*Mail Instruction Sheet*

**Paralegal:** Patty

**Form Completed by:**

**Case Name:** Grace

**Matter Number:** 91100.001

**Today's Date:** 1/30/09 **Send Date:** 1/30/09

***Hand Delivery:*** 42

***1st Class Mail:*** 204

***Foreign 1st Class:*** 4

***Express Mail:***

***Certified Mail:***

***FedEx/DHL:***

***# of Documents*** 5

**Document Descriptions**

2pgs. (1) 1. Hasselu Affidavit

2.

7pgs (2) 3. D's 30th quarterly Report of Settlements

4.

4 (3) 5. D's 30th quarterly Report of Asset Sales

6.

7.

7 (4) 8. MO

13 Originals 250 Copies 8250 Total Copies

13 (5) Foley Dec. Fee App.

**Operator's Signature** SW



| | # of envelopes | Postage per envelope | Total $ |
|---|---|---|---|
| Zone 1-3 | 204 | $1.17 | $238.68 |
| Zone 4 | | | |
| Zone 5 | | | |
| Zone 6 | | | |
| Zone 7 | | | |
| Zone 8 | | | |
| Canada | 4 | $1.46 | $15.84 |
| Overseas | | | |
| Total: | 208 | | $244.52 |

*Hand Delivery*
(Counsel to American Employers Insurance Co, Employers Commercial Union n/k/a OneBeacon America Insurance Co and Unigard Insurance Co)
David P. Primack, Esquire
Drinker Biddle & Reath LLP
1100 North Market Street
Suite 1000
Wilmington, DE 19801-1254

*Hand Delivery*
(Counsel to U.S. Fire Insurance Company)
Ian Connor Bifferato, Esquire
Joseph K. Koury, Esquire
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899

*Hand Delivery*
(Counsel to Anderson Memorial Hospital)
Christopher D. Loizides, Esquire
Loizides & Associates
Legal Arts Bldg.
1225 King Street, Suite 800
Wilmingotn, DE 19801

*Hand Delivery*
(Counsel to PacifiCorp)
Richard S. Cobb, Esquire
Megan N. Harper, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801

*Hand Delivery*
(Counsel to CNA Financial Corporation)
Carmella P. Keener, Esquire
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070

*Hand Delivery*
(Counsel to State of California, Dept. of General Svcs)
Tobey M. Daluz, Esquire
Leslie C. Heilman, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Sealed Air Corporation)
Mark S. Chehi, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

*Hand Delivery*
(Counsel to Zonolite Attic Litigation Plaintiffs and Gamma Holding, NV)
William D. Sullivan, Esquire
4 E. 8th Street, Suite 400
Wilmington, DE 19801

*Hand Delivery*
(Attorneys for PPG Industries, Inc.)
William M. Aukamp, Esquire
Archer & Greiner
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801

*Hand Delivery*
)
Robert Jacobs, Esquire
Maria Rosoff Eskin
Jacobs & Crumplar, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899

*First Class Mail*
(Comptroller of Public Accounts of the State of Texas)
Kay D. Brock, Esquire
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

*First Class Mail*
(Counsel to Anderson Memorial Hospital)
Daniel A. Speights, Esquire
Speights & Runyan
200 Jackson Avenue, East
P.O. Box 685
Hampton, SC 29924

*First Class Mail*
)
General Motors Acceptance Corporation
P.O. Box 5055
Troy, MI 48007-5055

*First Class Mail*
)
Donna J. Petrone, Esquire
ExxonMobil Chemical Company
Law Department – Bankruptcy
13501 Katy Freeway, Room W1-562
Houston, TX 77079-1398

*First Class Mail*
(Counsel to Potash Corp.)
David W. Wirt, Esquire
Winston & Strawn
35 West Wacker Drive
Chicago, IL 60601

*First Class Mail*
(Counsel for Reaud, Morgan & Quinn, Inc. and Environmental Litigation Group, PC)
Sander L. Esserman, Esquire
Robert T. Brousseau, Esquire
Van J. Hooker, Esquire
Stutzman Bromberg, Esserman & Plifka PC
2323 Bryan Street, Suite 2200
Dallas, TX 75201

*First Class Mail*
(Counsel to Huntsman Corporation)
Randall A. Rios
Floyd, Isgur, Rios & Wahrlich, P.C.
700 Louisiana, Suite 4600
Houston, TX 77002

*First Class Mail*
(Zonolite Attic Litigation Plaintiffs)
Elizabeth J. Cabraser, Esquire
Lieff, Cabraser, Heimann & Bernstein, LLP
Embacadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111

*First Class Mail*
(Zonolite Attic Litigation Plaintiffs)
Thomas M. Sobol, Esquire
Hagens Berman LLP
One Main Street, 4th Floor
Cambridge, Massachusetts 02142

*First Class Mail*
(Zonolite Attic Litigation Plaintiffs)
Robert M. Fishman, Esquire
Shaw Gussis Domanskis Fishman & Glantz
321 N. Clark Street
Suite 800
Chicago, Illinois 60610

*First Class Mail*
)
Edward H. Tillinghast, III, Esquire
Sheppard, Mullin, Richter & Hampton LLP
Twenty-fourth Floor, 30 Rockefeller Plaza
New York, NY 10112

*First Class Mail*
(Counsel to Marco Barbanti)
Darrell W. Scott
The Scott Law Group
926 W. Sprague Ave., Suite 680
Spokane, WA 99201-5071

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | **Re: Docket No.** 20606, 20204, 20186, 19579, 19581 |
| | | **1/26/09 Agenda Item No.: 5** |

**SECOND AMENDED CASE MANAGEMENT ORDER RELATED TO THE FIRST <u>AMENDED JOINT PLAN OF REORGANIZATION</u>**

The following second amended schedule shall govern the deadlines and hearings with respect to approval of the First Amended Disclosure Statement, as amended ("Disclosure Statement") and confirmation of the First Amended Joint Plan of Reorganization, as amended (the "Plan"), jointly submitted by the Debtors together with the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Equity Security Holders, and the Asbestos PI Future Claimants' Representative (collectively the "Plan Proponents"):

1. The Debtors shall file the final First Amended Disclosure Statement and Plan by February 3, 2009. Final Objections to the Disclosure Statement shall be filed by February 20, 2009. The proposed final form of the Disclosure Statement to be considered for approval at the Final Disclosure Statement hearing shall be filed along with the related Plan by February 27, 2009. The Final Disclosure Statement hearing shall be March 9 and 10, 2009.

2. The hearing with respect to confirmation of the Plan shall take place in two phases. The first phase shall address (i) whether the Plan improperly affects the rights of Debtors' insurers (in their capacity as insurers, but not creditors); (ii) the standing of the Debtors' insurers (in their capacity as insurers, but not creditors) to litigate confirmation objections that do not involve insurance issues covered by section (i) herein; and (iii) the confirmation objections

raised on behalf of and specific to lenders under the Pre-Petition Credit Facilities[1] and other Class 9 creditors with respect to impairment. The second phase shall address the objections of: (i) parties classified under the Plan as Holders of Indirect PI or PD Trust Claims (including insurers as Holders of Indirect PI or PD Trust Claims with respect to such Claims); (ii) the objections of the Libby Claimants and (iii) any other confirmation objections not addressed and resolved in Phase I.

3. Phase I of the Confirmation Hearing shall take place on June 22-25, 2009. Phase II of the Confirmation Hearing shall take place on September 8-11, 2009. A pretrial conference for Phase II issues and a hearing regarding other confirmation issues, if needed, shall take place on July 20-21, 2009.

4. The discovery schedule for Phases I and II shall be as follows:

| Discovery Item | Phase I Commencement | Phase I Conclusion | Phase II Commence-ment | Phase II Conclusion |
|---|---|---|---|---|
| Preliminary Objections | | Completed | | Completed |
| Written Fact Discovery served (except re Feasibility) | | Completed | | 1/23/09 for all parties except for PD Constituency[2] and Plan Proponents discovery in respect of PD Constituency which are due 2/13/09 |
| Written Fact Discovery re other (non-lender) Class 9 creditors with respect to Impairment | | 2/6/09 | | |

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

[2] "PD Constituency" shall mean holders of Asbestos PD Claims, the Asbestos PD FCR and the Official Committee of Asbestos Property Damage Claimants.

| Discovery Item | Phase I Commencement | Phase I Conclusion | Phase II Commence-ment | Phase II Conclusion |
|---|---|---|---|---|
| Written Fact Discovery responses due | | Documents to be produced on a rolling basis. Final responses due 60 days after receipt | | Documents to be produced on a rolling basis. Final responses due 60 days after receipt except responses to and by PD Constituency which are due 30 days after receipt. |
| Insurers and Scotts' responses to Designation of Phase I Issues | | 2/20/09 | | n.a. |
| Other Fact Discovery (except re Feasibility) | 2/23/09 | 5/4/09 | 2/23/09 | 6/15/09 |
| Plan Proponents' Designation of Phase I Issues | | Completed | | n.a. |
| Expert Reports (except re Feasibility) | | 3/16/09 | | Completed except for Insurers, Scotts, Montana, BNSF, PD Constituency and Plan Proponents' Reports in respect of PD Constituency which are due 3/16/09 |
| Preliminary Witness Lists | | 3/13/09 | | 3/13/09 |
| Final Witness lists | | 5/15/09 | | 6/15/09 |

| Discovery Item | Phase I Commencement | Phase I Conclusion | Phase II Commence-ment | Phase II Conclusion |
|---|---|---|---|---|
| Supplemental Expert Reports (except re Feasibility) | | 4/13/09 | | 3/16/09 for all parties who filed initial reports. 4/13/09 for Insurers, Scotts, Montana, BNSF, PD Constituency and Plan Proponents in respect of PD Constituency |
| Rebuttal Expert Reports (except re Feasibility) | | 5/15/09 | | 4/6/09 re Libby issues<br>5/15/09 re all other Phase II issues |
| Sur-Rebuttal Expert Reports re Libby issues | | | | 5/20/09 |
| Final Plan Objections (except re Feasibility) | | 5/15/09 | | 5/20/09 |
| Expert Depositions (except re Feasibility) | 4/13/09 | 5/18/09 | 2/16/09 | 6/15/09 |
| Trial Briefs -- Objectors<br>(except re Feasibility) | | 5/18/09 | | 7/13/09 |
| Trial Briefs - Plan Proponents<br>(except re Feasibility) | | 5/29/09 | | 8/7/09 |
| Exchange of Exhibits | | 6/8/09 | | 8/25/09 |
| Written Fact Discovery served re Feasibility | | | | 6/15/09 |
| Expert Reports re Feasibility | | | | 7/24/09 |
| Other Fact Discovery re Feasibility | | | 6/15/09 | 7/31/09 |
| Supplemental or Rebuttal Expert Reports re Feasibility | | | | 8/7/09 |
| Expert Depositions re Feasibility | | | | 8/21/09 |
| Trial Briefs/Final Plan Objections re: Feasibility only<br>(Plan Proponents and Objectors) | | | | 8/25/09 (no more than 10 pages) |

| Discovery Item | Phase I Commencement | Phase I Conclusion | Phase II Commence-ment | Phase II Conclusion |
|---|---|---|---|---|
| Binders due to Court | | 6/8/09 | | 8/25/09 |

5. Preliminary objections will be without prejudice to the inclusion of new objections after completion of discovery.

6. Simultaneously with the service of the expert reports, the parties shall also serve other interested parties with all documents on which the expert relies in forming his or her opinion which are not publicly available (e.g., medical journal articles). Draft reports prepared in connection with this case are not discoverable, but nothing in this Order limits or is intended to limit the use of any material, however obtained, for examination or cross examination of fact or expert witnesses at trial.

7. The various witness lists to be filed shall separately identify those witnesses anticipated to be called with respect to Libby issues.

8. All parties, including the Libby claimants, the Plan Proponents and the insurers, shall work together to expeditiously complete the production of documents and other discovery materials.

9. The insurers shall use their best efforts to coordinate their discovery and pre-trial efforts to the extent possible.

10. Any person named on the final witness disclosure list whose identity was not previously disclosed by the party in interest calling that witness as having knowledge or information relevant to this dispute, may be deposed by other parties in interest thereafter, but in no event later than 30 days after the final witness lists are filed. Any person named on the final witness list to testify with respect to feasibility issues may be deposed consistent with the schedule provided above for feasibility discovery.

11. In exchanging exhibits, all parties shall exchange copies of (or, when appropriate, make available for inspection) all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the corresponding Confirmation Hearing. Each proposed exhibit shall be pre-marked for identification.

12. The attorneys representing the Asbestos PI Committee, the attorneys representing one or more members of the Asbestos PI Committee, and other attorneys representing one or more Asbestos PI Claimants shall not be precluded from testifying at the Confirmation Hearing by reason of representing such Committee, members, or Claimants.

13. All hearings outlined herein shall take place on the dates outlined herein before the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, in her Courtroom in the United States Bankruptcy Court for the Western District of Pennsylvania, 5464 U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219, beginning at 9:00 a.m. except for the Hearing on September 8, 2009 which shall begin at 11:00 a.m.

14. All parties preserve all rights and objections. This includes the right to seek supplements to this CMO in order to address additional concerns. Such supplements may be appropriate to address, without limitation: discovery regarding solvency, additional document discovery regarding new witnesses, advance identification of objections to exhibits, the responsibilities of the PI Committee and individual PI lawyers to respond to discovery, and the allocation of cost burdens associated with discovery of x-rays.

15. All rights are reserved also to seek modifications of the deadlines set forth in this CMO. The parties and the Court recognize that the pretrial process is complicated and some dates may have to change as further developments occur.

16. Counsel for the Debtors shall immediately serve a copy of this Order on all parties listed on the current service list and any other parties in interest and file a certificate of service with the Clerk of the Bankruptcy Court within five (5) days hereof.

**ORDERED** this 29th day of January, 2009.

Judith K. Fitzgerald
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge