IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W. R. GRACE & CO., et al., | § | Case No. 01-01139 (JKF) |
| | § | |
| *Debtors.* | § | Jointly Administered |

**OBJECTION OF THE PD FCR TO THE DISCLOSURE STATEMENT
FOR THE FIRST AMENDED JOINT PLAN OF REORGANIZATION**

TO THE HONORABLE JUDGE OF SAID COURT:

The Hon. Alexander M. Sanders, Jr., the Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands (the "PD FCR"), files his Objections to the Disclosure Statement for the First Amended Joint Plan of Reorganization of the Debtors, as follows:

1. All Objections made herein are without prejudice to the rights of the PD FCR to make Plan objections, whether or not they are related to the Disclosure Statement objections made herein.

2. The following provisions of the Disclosure Statement are objected to since they do not provide the average person with information that is sufficient to make an informed choice about how to cast a vote with respect to the First Amended Joint Plan of Reorganization:

    A. Section 2.8.1.4 does not give sufficient information about the status of the litigation in question in order to know whether such litigation will affect the operations, rights or obligations of the Asbestos PD Trust;

    B. With respect to Class 7B Asbestos PD Claims, the blanket reservation to the Plan Proponents in Section 4.3.1.7 of the Disclosure Statement of all

THE PD FCR'S OBJECTIONS TO THE DISCLOSURE STATEMENT
TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION – Page 1

        rights and defenses to US ZAI Claims is inconsistent with the ZAI TDP, thus rendering Section 4.3.1.7 of the Disclosure Statement inaccurate;

C.    Section 4.5.1 of the Disclosure Statement states, in effect, that with the exception of Asbestos PI Claims, US ZAI PD Claims and CDN ZAI PD Claims, the Reorganized Debtors have at least 180-days to make objections to claims. A similar process is disclosed with regard to the filing of an exhibit listed undisputed claims. This provision, however, conflicts with the description of how non-ZAI Asbestos PD Claims are addressed under other provisions of the Plan and the Asbestos PD CMO. It is believed therefore that all Asbestos PD Claims were intended to be excepted from the provisions of Section 5.1 of the Plan, and this ambiguity in the Disclosure Statement should be corrected.

D.    The term "Unresolved Asbestos PD Claims" is ambiguous with respect to how an Asbestos PD Claim filed after the bar date but not listed in Exhibit 21 to the Plan is to be treated under the Plan.

E.    Section 4.7.1.3 of the Disclosure Statement should include the Asbestos PD Trust (along with the Asbestos PI Trust) as the parties who have the benefit of precedence in the share issuance obligations, since otherwise the Disclosure Statement's description will conflict with the terms of the Share Issuance Agreement.

      F.      The descriptions of the content and workings of the Transactional Documents to be executed in conjunction with the Plan and Effective Date, specifically Sections 5.1, 5.2, 5.3, 5.4, 5.5, 5.6, 5.7 and 5.8 of the Disclosure Statement, are inadequate in that they omit material information concerning the terms of those agreements, also rendering the present descriptions misleading.

      G.      Section 4.11 of the Disclosure Statement sets forth Section 11.3.1 of the First Amended Joint Plan. This provision of the Plan is ambiguous. Section 11.3.1 begins by excluding Asbestos PD Trust Causes of Action from those that are retained by the Reorganized Debtor. However, the last portion of that provision goes on to say that the Reorganized Debtor retains causes of action and defenses against holders of Asbestos PD Claims. It is believed that the last portion of the provision should not reference "holders of Asbestos PD Claims," and the Disclosure Statement should be modified accordingly.

WHEREFORE, the PD FCR respectfully prays that after hearing hereon, the Plan Proponents' Disclosure Statement be disapproved unless the objections set forth herein are cured, and that he receive all other and further relief to which he is justly entitled.

Respectfully Submitted,

*[signature]*

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1201 Main Street, Suite 1910, LB 201
Dallas, Texas 75202
(214) 532-4437
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER M. SANDERS, JR., LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS

## CERTIFICATE OF SERVICE

I certify that on the 20th day of February, 2009, this document was served by electronic mail to counsel for the Debtors, the Asbestos PI Trust, the Asbestos PI FCR and the Equity Committee, as well as all other special notice parties, and to all other parties through the ECF System.

*[signature]*

_____