UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Hearing Date: March 9-10, 2009 at 9:00 a.m. EST |
| | ) | Objection Deadline: February 20, 2009 at 4:00 p.m. EST |
| | ) | |

**OBJECTIONS OF THE UNITED STATES OF AMERICA
TO DEBTORS' FIRST AMENDED DISCLOSURE STATEMENT**

The United States of America, through the Department of Justice (the "United States"), hereby objects pursuant to Fed. R. Bank. P. 3017(a) to the Debtors' First Amended Disclosure Statement, dated February 3, 2009 (the "Disclosure Statement," or "D.S."), and in support states as follows:

**BACKGROUND**

Jury selection began on February 19, 2009 in the criminal case of United States v. W.R. Grace ("Grace") et al.  Grace owned and operated a vermiculite mine in Lincoln County, Montana, from 1963 through 1990. Vermiculite was used in the production of consumer products such as attic insulation and potting soils, as well as spray-on fireproofing for steel beams. The vermiculite from this mine was contaminated with a particularly friable and toxic form of asbestos.

On June 26, 2006, a grand jury returned an eight-count superseding indictment charging W.R. Grace and seven of its corporate officials[1] with conspiracy to violate the Clean Air Act, 42 U.S.C. § 7413(c)(5)(A) ("CAA"), and to defraud government agencies, including the

---

[1] One of the corporate officials has since passed away.

Environmental Protection Agency ("EPA"); knowing endangerment under the CAA; and obstruction of justice. The indictment alleges that, in the late 1970s, the company confirmed the toxicity and friability of the asbestos in its vermiculite through internal studies, which it failed to disclose. It further alleges that, despite knowledge of the hazardous asbestos contamination, Grace continued to mine, manufacture, process and sell its asbestos-contaminated vermiculite products, thereby endangering its workers, the community of Libby, its industrial customers, and consumers.  Grace distributed asbestos-contaminated vermiculite to the community for a variety of uses, including surfacing a junior high school and a high school running track.  The indictment states that, after the mine shut down in 1990, the company sold its contaminated mine properties to local buyers without informing them of the asbestos contamination. The indictment further states that, in 1999, when the EPA inquired about conditions in Lincoln County under 42 U.S.C. § 9604(e), Grace provided incomplete and misleading responses, interfering with the EPA's cleanup efforts.

As a result of Grace's alleged criminal conduct, a number of Lincoln County residents have been exposed to hazardous levels of asbestos.  Some now suffer from asbestos-related diseases, including mesothelioma and asbestosis.  The government expects that many more will develop asbestos-related diseases, which have long latency periods, in the coming years. Numerous people have died from these conditions, and more deaths are likely to occur.

The United States anticipates that, if convictions are obtained in the criminal case against Grace, the government will seek a fine under the Alternative Fines Act, 18 U.S.C. § 3571(d), as well as a criminal restitution payment.  The United States has estimated the corporate fine to be $280 million.  The restitution payments may add up to more than $1 billion.

## THE DISCLOSURE STATEMENT DOES NOT PROVIDE ADEQUATE INFORMATION UNDER 11 U.S.C. § 1125 RELEVANT TO THE PENDING FEDERAL CRIMINAL CASE.

1.      A disclosure statement cannot be approved unless it contains adequate information in sufficient detail that would allow a hypothetical reasonable investor to make an informed judgment about the plan.  11 U.S.C. §§ 1125(a)(1), (b).  See, e.g., In re Metrocraft Publishing Services, Inc., 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984); In re Stanley Hotel, 13 B.R. 926, 929 (Bankr. Col. 1981).  Adequate information regarding the plan "is necessarily predicated on knowledge of the assets and liabilities being dealt with and on factually supported expectations as to the future course of the business."  11 U.S.C. § 1125, Historical and Revision Notes (quoting Notes of Committee on the Judiciary, Sen. Rep. No. 95-989 (1978)).  Adequate information includes "what contingencies there are to [an unsecured creditor's] getting its distribution."  7 Lawrence P. King, Collier on Bankruptcy ("Collier") ¶ 1125.02[1], at 1125-9 (15th ed. rev. 1999) (citations omitted).  A disclosure statement should include "information relevant to the risks being taken by the creditors and interest holders."  Id. at ¶ 1125.02[2],  at 1125-10 (citations omitted).

2.      The information contained in the Disclosure Statement is not an accurate or a complete presentation of the facts and law needed for a creditor to make an informed decision about whether to accept or reject the plan.

3.      While the Disclosure Statement does disclose the existence and procedural status of the pending federal criminal case against Grace (D.S. ¶ 3.2.8.3, pp. 64-65 and ¶ 9.6.2, pp. 152-53), the Disclosure Statement does not state that any criminal fine or restitution ordered by the United States District Court for the District of Montana will be non-dischargeable pursuant to 18

U.S.C. § 3613(e) and (f).[2]  See, e.g., In re Adelphia Communications Corp., 327 B.R. 143, 161 (Bankr. S.D.N.Y.), on reconsideration 327 B.R. 175 (Bankr. S.D.N.Y. 2005).

4. The Disclosure Statement also fails to disclose how Debtors will pay any non-dischargeable criminal fine and restitution.

5. Although the Disclosure Statement discloses the possibility that Grace, if convicted, may have to pay a criminal fine of $280 million and restitution, creditors have a right to be informed of the total approximate amount of restitution and the non-dischargeable nature of these contingent, unliquidated liabilities, and to be informed of the United States' right to obtain a lien against Debtors' property to satisfy these claims under the U.S. Criminal Code.  See 18 U.S.C. §§ 3613, 3664(m)(1)(A).[3]

## CONCLUSION

For all the foregoing reasons, the Court should deny approval of the Debtors' First Amended Disclosure Statement.

Date: February 20, 2009

---

[2]  18 U.S.C. § 3613(e) provides:

**Discharge of debt inapplicable.** -- No discharge of debts in a proceeding pursuant to any chapter of title 11, United States Code, shall discharge liability to pay a fine pursuant to this section, and a lien filed as prescribed by this section shall not be voided in a bankruptcy proceeding.

18 U.S.C. § 3613(f) provides, in relevant part:

**Applicability to order of restitution.** -- In accordance with section 3664 (m)(1) (A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.

[3]  Pursuant to 18 U.S.C. §§ 3613(c), (e) and (f), a criminal fine or restitution imposed by the United States creates "a lien in favor of the United States on all property and rights to property of the person fined . . . ."  The lien "arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under [18 U.S.C. § 3613(b)]." 18 U.S.C. § 3613(c).

**MICHAEL F. HERTZ**
Acting Assistant Attorney General

**DAVID C. WEISS**
Acting United States Attorney

**ELLEN W. SLIGHTS**
Assistant United States Attorney

 /s/ Seth B. Shapiro
**J. CHRISTOPHER KOHN**
**TRACY J. WHITAKER**
**SETH B. SHAPIRO**
U.S. Department of Justice-Civil Division
Commercial Litigation Branch
P.O. Box 875
Ben Franklin Station
Washington, DC 20044
Tel:  (202) 514-7164
Fax: (202) 307-0494

**Attorneys for the United States of America, Through the United States Department of Justice**