IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### ANDERSON MEMORIAL HOSPITAL'S OBJECTIONS TO DEBTORS' DISCLOSURE STATEMENT FOR THE FIRST AMENDED JOINT PLAN OF REORGANIZATION

Anderson Memorial Hospital ("Anderson"), a creditor and interested party in the above-captioned bankruptcy case, individually and on behalf of the class it represents, objects to the approval of the *Debtors' Disclosure Statement for the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 3, 2009* ("Disclosure Statement", D.E. 20668). Anderson respectfully submits that the Disclosure Statement in several respects fails to contain "adequate information" to enable a hypothetical investor typical of the holders of claims to make an informed judgment about the plan, as is required by § 1125 of the Bankruptcy Code.

### Background

1.  The Debtors first filed a Plan and Disclosure Statement on September 19, 2008 (D.E. 19579, 19581). However, the Plan and Disclosure Statement that were filed failed to contain many of the key materials that would be essential to understanding the impact of the Plan on Asbestos PD Claims, the treatment of such claims under the Plan, and the mechanics for such treatment.

2. After several months, the Debtors were ordered to file a complete Plan and Disclosure Statement by February 3, 2009, including the exhibits relevant to the treatment of Asbestos PD Claims.

3. On February 3, 2009, the Debtors filed the Disclosure Statement, together with their First Amended Joint Plan of Reorganization (D.E. 20666), together with exhibits. The extremely voluminous exhibits to the Disclosure Statement include, *inter alia*, the Plan, the Asbestos PI Trust Agreement, the Asbestos PD Trust Agreement, the Asbestos PI Deferred Payment Agreement, the Class 7A Asbestos PD Deferred Payment Agreement, the Class 7B Asbestos PD Deferred Payment Agreement, the Grace PI Guaranty, the Grace PD Guarantee Agreement for Class 7A, the Grace PD Guarantee Agreement for Class 7B, the Share Issuance Agreement, the Warrant, the Plan Registration Rights Agreement, and the Asbestos PI/PD Inter-Creditor Agreement, the Case Management Order for Class 7A Asbestos PD Claims, and the ZAI Trust Distribution Procedures.

4. The February 20, 2009 deadline imposed by the Court for objections to the Disclosure Statement has given parties in interest slightly more than two weeks to review, digest, and analyze these thousands of pages of complex documents, evaluate whether the Disclosure Statement contains adequate information for purposes of 11 U.S.C. § 1125, and formulate appropriate objections.

## Objections

5. Pursuant to 11 U.S.C. § 1125, a disclosure statement filed in conjunction with a plan of reorganization is required to contain "adequate information," i.e., "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the

potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan." A disclosure statement which is merely a "superficial outline rather than a means for providing detailed information such that a hypothetical reasonable investor may make an informed judgment about the plan" does not meet the requirements of 11 U.S.C. § 1125 and cannot be approved. In re Medley, 58 B.R. 255, 256 (Bankr. E.D. Mo. 1986). A disclosure statement which "is illusory and contains many contingencies which are not clearly spelled out" likewise fails to satisfy the requirements for approval. In re Unichem Corp., 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987).

6. The Disclosure Statement filed here fails in several material respects to provide "adequate information" as required by § 1125.

7. The Disclosure Statement contains no description of the procedures by which Unresolved PD Claims will be resolved and paid, instead only making reference to the PD CMO (see p. 8, 85, 93). This reference, without further explanation, fails to give such claimants a meaningful understanding of how their claims will be dealt with post-confirmation and the processes and procedures for allowance and disallowance, and payment.

8. The Disclosure Statement, in stating the estimated amount of allowed PD Claims, refers only to the $93 million in approved PD settlements and $19 million in preliminary settlements, with no mention or estimate of Unresolved PD Claims or a statement of how their allowance would affect the total amount of PD Claims, and whether if allowed the funds proposed to be designated for the PD Trust would be sufficient to pay PD Claims in full (see p. 8, 23).

9. The Disclosure Statement contains no description of the estimated magnitude of future PD Claims, including how their allowance would affect the sufficiency of the funds designated for the PD Trust.

10. In the Disclosure Statement's description of various PD litigation, including the Anderson class certification motion and the disallowance of certain claims filed by the Speights & Runyan firm, there is no description of the amount of the claims at issue or the consequences of reversal of either of those decisions (see p. 22-24).

11. The Disclosure Statement contains no meaningful description of the scope of the prospective Anderson class (see p. 23).

12. The Disclosure Statement fails to indicate whether interest will be paid on allowed PD Claims (though it does indicate that interest will be paid on General Unsecured Claims and specifies the rate of interest) (see pp. 87-88).

13. The Disclosure Statement contains no meaningful description of the transactional documents which are at the heart of the Plan and the provisions for payment of PD Claims, including without limitation the Class 7A Asbestos PD Deferred Payment Agreement, the Grace Guaranty Agreements, the Share Issuance Agreement, and the Asbestos PI/PD Inter-Creditor Agreement, including the terms and conditions of payment under the various agreements, the status of Grace's obligations in relation to its other obligations, and the consequences and remedies upon default by Grace.

14. For instance, the description of the Deferred Payment Agreement contains no explanation of what other obligations the Deferred Payment Agreement is subordinated to, what would constitute events of default thereunder, and what the remedies are upon default. There is no clear explanation of how to determine the amount of Section 524(g) Shares that should be

issued under the Inter-Creditor Agreement and the Share Issuance Agreement in the event of a default.

15.     This is undoubtedly a complex Plan with transactional documents that contemplate multiple 524(g) trusts which have been pledged overlapping collateral (i.e., the Section 524(g) Shares), and given the novelty and complexity of the distribution mechanics, holders of Unresolved PD Claims should be provided a meaningful, clear summary of the proposed distribution mechanics so as to be able to make an informed judgment about the Plan.

16.     The Disclosure Statement fails to address the treatment of the holders of US ZAI Claims who opt out of the US ZAI Settlement. Indeed, there is no discussion whatsoever of the possibility that the holders of ZAI Claims may elect to opt out of the settlement. The Disclosure Statement should clearly explain the opt-out mechanics under the US ZAI Settlement and the consequences of opting out, including a description of how such opt-out claims will be dealt with under the Plan.

17.     The Disclosure Statement states that Section 11.8 of the Plan provides for exculpation of the Reorganized Debtors, the Debtors, and several other parties (including their "Representatives", which includes attorneys and other professionals) are exculpated from any liability to any Entity for any act or omission in connection with or arising out of the Chapter 11 cases, but fails to describe the consideration provided by each such exculpated party for obtaining such release and exculpation.

18.     For the foregoing reasons, Anderson submits that the Disclosure Statement does not contain adequate information and consequently should not be approved.

19.     Anderson reserves all rights to object to the Debtors' Plan on any and all grounds.

**WHEREFORE**, Anderson respectfully requests that the Court deny approval of the Disclosure Statement and grant Anderson such other and further relief as the Court deems appropriate.

DATED: February 20, 2009

/s/ _____
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:   (302) 654-0248
Facsimile:   (302) 654-0728
Email:       loizides@loizides.com

- and –

Daniel A. Speights
C. Alan Runyan
SPEIGHTS & RUNYAN
200 Jackson Avenue East
Post Office Box 685
Hampton, SC 29924
Telephone:   (803) 943-4444
Facsimile:   (803) 943-4599

- and-

John W. Kozyak
David L. Rosendorf
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134
Telephone:   (305) 372-1800
Facsimile:   (305) 372-3508