IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | * | |
| W.R. GRACE & CO., et al., | * | Chapter 11 |
| Debtor. | * | Case No. 01-01139 (JKF) <br> (Jointly Administered) |
| . | * | Related Docket Nos. 20622, 20379 |

--------------------------------------------------------x

### LIMITED RESPONSE OF CNA COMPANIES TO
### PLAN PROPONENTS' DESIGNATION OF PHASE I CONFIRMATION ISSUES

Continental Casualty Company and Continental Insurance Company, on their behalf and on behalf of their predecessor companies, affiliates and subsidiaries which issued insurance policies to the Debtors (individually or collectively "CNA"), as insurer and creditor of the Debtors, pursuant to the Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization (the "CMO") [Docket No. 20622] hereby submits its limited response to Plan Proponents' Designation of Confirmation Issues ("Plan Proponents' Designation") [Docket No. 20379] and states as follows:

1. Paragraph 2 of the CMO provides that Phase I of Plan confirmation shall address *inter alia* "(i) whether the Plan improperly affects the rights of Debtors' insurers (in their capacity as insurers, but not creditors); [and] (ii) the standing of the Debtors' insurers (in their capacity as insurers, but not creditors) to litigate confirmation objections that do not involve insurance issues covered by section (i) herein...." CNA objects to the Plan

Proponents' Designation of Phase I issues to the extent such designation is inconsistent with ¶ 2 of the CMO.

2. The CMO requires that CNA respond to Plan Proponents' Designation as to Phase I issues only. Plan Proponents, however, have additionally designated certain issues as Phase II confirmation issues. Pursuant to ¶ 2 of the CMO, Phase II "shall address the objections of: (i) parties classified under the Plan as Holders of Indirect PI or PD Trust Claims (including insurers as Holders of Indirect PI or PD Trust Claims with respect to such Claims); (ii) the objections of the Libby Claimants and (iii) any other confirmation objections not addressed and resolved in Phase I." Out of an abundance of caution, CNA objects to the Plan Proponents' Designation of Phase II issues to the extent such designation is inconsistent with ¶ 2 of the CMO.

*Remainder of this page left intentionally blank.*

Respectfully submitted,

ROSENTHAL, MONHAIT & GODDESS, P.A.

By: /s/
Edward B. Rosenthal (*Bar No. 3131*)
P.O. Box 1070
Wilmington, Delaware 19899
Telephone: (302) 656-4433x6
FACSIMILE: (302) 658-7567

GOODWIN PROCTER LLP
Daniel M. Glosband (*pro hac vice*)
Brian H. Mukherjee (*pro hac vice*)
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109
Telephone: (617) 570-1000
facsimile: (617) 523-1231

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.
Elizabeth DeCristofaro (*pro hac vice*)
Wall Street Plaza, 23rd Floor
New York, New York 10005-1875
Telephone: (212) 269-4900
FACSIMILE: (212) 344-4294

WILDMAN, HARROLD, ALLEN & DIXON LLP
Jonathan W. Young
Jeff Chang
225 West Wacker Drive
Chicago, Illinois 60606-1229
Telephone: (312) 201-2662
FACSIMILE: (312) 416-4524

*Counsel for Continental Casualty Company, Transportation Insurance Company and their American insurance affiliates*

Dated: February 20, 2009

LIBA/1970831.1

3