# EXHIBIT 2

## AGREEMENT

Agreement, dated as of ~~October~~ November 26 DCM, 1990 among W.R. Grace & Co. - Conn. ("Grace"), a Connecticut corporation, UniFirst Corporation ("UniFirst"), a Massachusetts corporation, and Beatrice Company ("Beatrice"), a Delaware corporation.

### WITNESSETH

WHEREAS, Grace owns certain real property and buildings thereon located at 369 Washington Street, Woburn, Massachusetts (the "Grace Property"); and

WHEREAS, UniFirst owns certain real property and buildings thereon located at 15 Olympia Avenue, Woburn, Massachusetts (the "UniFirst Property"); and

WHEREAS, Beatrice at one time owned certain real property known as the Wildwood Property in Woburn, Massachusetts (the "Wildwood Property") currently owned by Wildwood Conservation Corp. whose principal shareholder is John J. Riley, and previously owned by John J. Riley Co.; and

WHEREAS, New England Plastics Corporation ("NEP") owns certain real property and buildings thereon located at 310 Salem Street, Woburn, Massachusetts (the "NEP Property").

WHEREAS, the Grace Property, the UniFirst Property, the Wildwood Property, and the NEP Property are located within the

Wells G & H Superfund Site in east Woburn, Massachusetts (the "Site"), and they, along with other properties, are denoted "Source Area Properties" in a certain Consent Decree relating to such Site (the "Consent Decree") to be entered into by the parties hereto and other persons with the United States of America and the Commonwealth of Massachusetts (the "Government Parties") and lodged with the United States District Court for the District of Massachusetts; and

WHEREAS, the Consent Decree provides in Schedule A thereto that Grace, UniFirst, Beatrice and others have certain obligations to perform and liabilities for the performance of various portions of the work to be conducted at specified Source Area Properties; and

WHEREAS, Grace, UniFirst and Beatrice have agreed under the Consent Decree, together with others, to be jointly and severally liable for that portion of the work related to the Central Area Remedial Investigation/Feasibility Study ("RI/FS"); and

WHEREAS, Grace, UniFirst and Beatrice wish to provide for their mutual rights and obligations among themselves with respect to the Consent Decree;

NOW, THEREFORE, for valuable consideration, Grace, UniFirst and Beatrice hereby agree as follows:

1. Except as otherwise hereinafter provided, each of Grace, UniFirst and Beatrice, for and on behalf of itself, its successors and assigns, hereby releases, remises, and forever discharges the other parties to this Agreement, their parents, subsidiaries, affiliates and successors, and the officers, directors and employees of all of them, of and from all claims and causes of action whatsoever which each of them may have against the other parties to this Agreement arising out of Covered Matters as defined in Paragraph 77 of the Consent Decree. Grace and UniFirst also release remise and forever discharge Wildwood Conservation Corp., John J. Riley Co., and John J. Riley to the same extent they have done so for Beatrice. Beatrice also releases, remises, and forever discharges NEP to the same extent it has done so for Grace and UniFirst. Nothing herein shall limit, restrict, release, waive or otherwise impair the rights of the parties to this Agreement to enforce their rights pursuant to this Agreement.

2. With respect to that portion of the RI/FS required to be performed by Grace, UniFirst and Beatrice pursuant to Schedule A:

a. Grace and UniFirst shall perform and assume liability for that portion of such RI/FS, including deliverables relating thereto, which is to be performed on, or which relates to, the East side of the Aberjona River; and Grace and UniFirst hereby jointly agree to indemnify, defend and hold Beatrice harmless from and against any and all liability, loss, costs, damages, obligations, penalties, judgments, attorneys' fees, and experts' fees, and expenses of whatever kind or nature, whether resulting from a judicial proceeding at law or in equity or an administrative proceeding or otherwise, which Beatrice shall or may sustain, incur or suffer or be required to pay by reason of or as a consequence of its agreement to obligate itself under the Consent Decree with respect to that portion of such RI/FS, including deliverables relating thereto, which is to be performed on, or which relates to, the East side of the Aberjona River.

b. Beatrice shall perform and assume liability for that portion of such RI/FS, including deliverables relating thereto, which is to be performed on, or which relates to, the West side of the Aberjona River; and Beatrice hereby agrees to indemnify, defend and hold Grace and UniFirst harmless from and against any and all liability, loss, costs, damages, obligations, penalties, judgments, attorneys' fees, and experts' fees, and expenses of whatever kind or nature, whether resulting from a judicial proceeding at law or in equity or an

administrative proceeding or otherwise, which Grace and UniFirst or either of them shall or may sustain, incur or suffer or be required to pay by reason of or as a consequence of their agreement to obligate themselves under the Consent Decree with respect to that portion of such RI/FS, including deliverables relating thereto, which is to be performed on, or which relates to, the West side of the Aberjona River.

    c.    Notwithstanding the foregoing:

        i.    Oversight costs for the RI/FS for the Central Area incurred by the Government Parties and allocated by them to the parties to this Agreement, shall be allocated in three equal shares among the parties to this Agreement, and each party hereto shall pay its one-third share thereof in a timely manner in accordance with the provisions of the Consent Decree relating to oversight costs and agrees to indemnify and hold harmless every other party to this Agreement for all costs and damages, including reasonable attorneys' fees, they incur arising from a failure to pay in a timely manner its share of such oversight costs.

        ii.    Each party to this Agreement shall bear its own costs associated with the preparation of any joint reports required to be submitted to the Government Parties with respect to the RI/FS for the Central Area.

    3.    Within thirty days of lodging of the Consent Decree, Beatrice shall pay into an escrow account $1,550,000 and Grace

and UniFirst shall together pay $1,100,000 to the same escrow account for payment of Response Costs incurred by the United States pursuant to Section XVII, Paragraph 46 of the Consent Decree. Within thirty days of lodging of the Consent Decree, Beatrice shall pay $8,097.83 and Grace and UniFirst shall together pay $8,097.83 into the same escrow account for reimbursement of the Commonwealth's Response Action Costs pursuant to Section XVII, Paragraph 46 of the Consent Decree. The escrow holder shall be instructed to make payments upon the entry of the Consent Decree in accordance with Paragraph 46.

4. Nothing in this Agreement is intended to operate, and it shall not be deemed to operate, for the benefit of any person other than Grace, UniFirst and Beatrice. Without limiting the generality of the foregoing, this Agreement shall not confer upon any other party to the Consent Decree any rights whatsoever, and it shall not be deemed to affect or alter in any way the rights or obligations of the parties hereto with respect to other parties to the Consent Decree.

5. Nothing in this Agreement shall have any effect upon the respective rights and obligations of Grace, UniFirst and Beatrice, whether as among themselves or otherwise, except regarding their mutual obligations as among themselves with respect to the Consent Decree as and to the extent herein provided. Without limiting the generality of the foregoing, this Agreement shall have no effect upon the respective rights

and obligations of and among Grace, UniFirst and Beatrice under any other written agreement heretofore or hereafter entered into among the parties to this Agreement and relating to the Site.

6. This Agreement is a settlement of disputed matters and shall not operate as, nor be construed to be or contain, an admission of any fact or liability by any party. Neither this Agreement nor any action taken hereunder shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing of any nature on the part of any party.

7. This Agreement has been signed in counterpart and each counterpart shall be deemed an original.

8. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts.

FROM W.R. GRACE LEGAL SERVICES          (THU) 8.20' 98 10:09/ST. 10:07/NO. 4260960144 P 10

IN WITNESS WHEREOF the parties have executed this Agreement as a contract under seal on the date first written above.

BEATRICE COMPANY

By: _____
Title: V.P.

W.R. GRACE & CO. - CONN.

By: _____
Title: Sr. V.P.

UNIFIRST CORPORATION

By: _____
Title: Vice Chairman

XP2779/u

8