## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W. R. Grace & Co., et al.,** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | |

## TABLE OF CONTENTS OF ATTACHMENTS TO
## ZAI CLAIMANTS' MEMORANDUM IN SUPPORT OF MOTION FOR FINAL
## APPROVAL OF THE U.S. ZAI CLASS SETTLEMENT

ATTACH. NO.        DESCRIPTION

1        January 16, 2009 Order granting preliminary approval to the U.S. ZAI
         Class Settlement

2        Sample notice package

3        In re W. R. Grace & Co., No. 06-689 (E.D. Pa. March 5, 2007) Transcript
         (Pages 10-11)

# ATTACHMENT 1

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Related to Doc. 20275, 20529

**ORDER** RE REVISED ORDER & NOTICE RE ZAI MOTION FOR PRELIMINARY APPROVAL OF ZAI CLASS SETTLEMENT & PROVISIONAL CLASS CERTIFICATION

This matter came before the Court on motion of the U.S. ZAI Claimants for an order: (1) provisionally certifying a U.S. ZAI Class pursuant to Fed. R. Bankr. P. 7023 and Federal Rule of Civil Procedure 23; (2) appointing representatives and counsel for the U.S. ZAI Class; (3) preliminarily approving a U.S. ZAI Class Settlement; and (4) approving a form of notice to be sent to U.S. ZAI Class members. There is no objection to the motion.[1] Upon consideration of the pleadings and record in this case, the Court grants the motion in its entirety.

In that regard, the Court finds that the requirements of Rule 23 for certification of the proposed U.S. ZAI Class have been met.

With respect to Rule 23(a)(1), the Court finds that U.S. ZAI Class members number in excess of 16,000. Class members are predominantly individual residential property owners having claims of modest economic value. Joinder and individual participation of this large community of claimants is impractical.

With respect to Rule 23(a)(2), the Court finds that multiple questions of law and fact are common to members of the class. Questions common to class members' claims include the extent of asbestos contamination in ZAI, the risks posed by asbestos contamination of ZAI, and whether Debtors' ZAI marketing and sales practices could result in liability to class members.

---

[1] Two objections originally filed to the motion by the United States and the law firm of Lukins & Annis, P.S. respectively, have been withdrawn by stipulation.

1

With respect to Rule 23(a)(3), the Court finds that the claims of the proposed Class Representatives, Marco Barbanti and Ralph Busch, are typical of the claims of the Class. These Class Representatives, like all other Class members, have advanced property damage claims arising out of alleged asbestos contamination of ZAI on their properties. Class Representatives' claims and Class members' claims arise from the same events and course of conduct and are based on the same legal theories.

With respect to Rule 23(a)(4), the Court finds that the proposed Class Representatives and Class Counsel will fairly and adequately protect the interests of the Class. Class Counsel are highly competent, possess extensive experience in asbestos and class action litigation, and have demonstrated this competence before the Court. The Court further determines that there is no conflict of interest between the named plaintiffs and the remainder of the Class that would disqualify them from serving as class representatives.

Further, the Court finds that the requirements of Rule 23(b)(3) are met. Questions of law or fact common to class members predominate over any questions affecting individual members. Common core factual and legal issues present a significant aspect of any determination of Grace's liability to U.S. ZAI claimants. These issues include a determination as to whether and the extent to which ZAI is contaminated with asbestos; whether and the extent to which ZAI poses a risk when installed in properties; and whether Debtor's marketing and sales practices could constitute unfair, misleading, or deceptive business practices.

The Court determines that the class action is a superior method for fairly and efficiently adjudicating this controversy. In this regard, the Court finds that Class members do not have a strong interest in individually controlling prosecution of their claims. Indeed, it would be cost-prohibitive for the vast majority of Class members to defend their claims in the bankruptcy court and otherwise navigate a complicated objection process. Individual adjudication of these claims

2

would present this Court with severe management difficulties and involve unacceptable redundancies, while class treatment offers significant judicial efficiencies. Accordingly, the Court certifies the following Class pursuant to Rules 23(a) and 23(b)(3):

> All holders of U.S. ZAI claims that were filed with the Bankruptcy Court on or before the U.S. ZAI Bar Date, except the United States for its ZAI claims filed on behalf of the United States Forest Service.[2]

Marco Barbanti and Ralph Busch are appointed as Class Representatives. Edward J. Westbrook, Esq., Darrell Scott, Esq., and Elizabeth Cabraser, Esq. are appointed as Class Counsel.

The Court has reviewed the proposed form of notice to Class members.[3] The Court approves the notice, determines that direct notice by first class mail to Class members is the best notice practicable, and orders that such notice be sent within ten (10) days of the date of this Order.

Finally, the Court has considered the proposed U.S. ZAI Class Settlement and determined that it satisfies the standards for preliminary approval. The terms of the proposed settlement are within the range of reasonableness and contain no obvious deficiencies that would cause the Court to deny preliminary approval. The Court is convinced that the U.S. ZAI Class Settlement was the product of extensive, arms-length negotiations and involved experienced and well informed constituencies.

The stage of the proceedings also favors preliminary approval of the proposed U.S. ZAI Class Settlement. The Court and the principal negotiating parties have been substantially engaged in matters relating to ZAI claims for several years. The negotiating parties have had the benefit of significant discovery, as well as the Court's rulings in connection with the Science

---

[2] In response to an objection by the United States that its interests can only be represented by the Department of Justice, the parties agreed to modify the originally proposed class definition by excepting the United States Forest Services' ZAI claims. The Court finds this modification appropriate.

[3] The parties have supplied a slightly revised notice that takes account of the exemption of the United States from the class definition. This version will be sent to class members.

Trial summary judgment motions and other ZAI motions.   In light of the circumstances of this case, the difficulties encountered and likely to be encountered in further prosecution of the ZAI claims, the scientific and other controversies surrounding ZAI, and the difficulties of proof that would likely face ZAI Claimants, the Court finds that the proposed settlement is well within the range of possible approval and should be submitted to the Class for comment.

Therefore, it is hereby Ordered, Adjudged, and Decreed that:

1. The U.S. ZAI Class is provisionally certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3);

2. Marco Barbanti and Ralph Busch are appointed as Class Representatives of the U.S. ZAI Class;

3. Edward J. Westbrook, of Richardson, Patrick, Westbrook & Brickman; Darrell W. Scott, of The Scott Law Group, P.S.; and Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein, LLP, are appointed as Class Counsel for the U.S. ZAI Class;

4. The U.S. ZAI Class Settlement is preliminarily approved;

5. The notice to U.S. ZAI Class members is approved and shall be sent to all U.S. ZAI Class Members by first class mail within twenty days of the entry of this order;

6. A hearing on final approval of the U.S. ZAI Class Settlement shall be held at 10:30 a.m. on April 1, 2009 at the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, DE 19801.

IT IS SO ORDERED, this __16th__ day of January 2009.

_Judith K. Fitzgerald_
Hon: Judith K. Fitzgerald
United States Bankruptcy Judge                 rmab

4

# ATTACHMENT 2

PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE
PAID
Rust Consulting, Inc.

011/2013059 - 001076

RUST CONSULTING, INC.
CLAIMS PROCESSING AGENT
RE: W. R. GRACE & CO. BANKRUPTCY
PO BOX 1620
FARIBAULT MN 55021-1620

0112013059 - 001076
**AUTO**5-DIGIT 29464
JEFF HULL
RICHARDSON PATRICK WESTBROOK & BRICKMAN
1037 CHUCK DAWLEY BLVD BLDG A
MT PLEASANT SC 29464-4190

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **W.R. Grace & Co., et al.,** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | **NOTICE OF CLASS CERTIFICATION** |
| | ) | **AND PROPOSED SETTLEMENT** |
| | ) | **WITH W. R. GRACE & CO. AND** |
| | ) | **AFFILIATED DEBTORS** |

**TO:   ALL HOLDERS OF ZONOLITE ATTIC INSULATION CLAIMS IN THE UNITED STATES (US ZAI CLAIMS)**

This Notice is being issued pursuant to an Order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and Rule 23 of the Federal Rules of Civil Procedure. The purpose of this Notice is to inform you of: (1) the certification of a class action (the "Class") of holders of US ZAI Claims (defined below); (2) a proposed settlement by the Class with W. R. Grace & Co. and its affiliated debtor companies (collectively, the "Debtors" or "W. R. Grace"); (3) your right to exclude yourself from the Class; (4) your right, if you do not exclude yourself from the Class, to comment on the proposed settlement, and (5) a hearing scheduled for April 1, 2009 at 10:30 a.m. at the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, DE 19801, to consider approval of the proposed settlement. You are being informed of these matters so that you may make appropriate decisions concerning the steps you may wish to take concerning your claim.

**PLEASE READ THIS NOTICE CAREFULLY IN ITS ENTIRETY. YOUR LEGAL RIGHTS MAY BE AFFECTED BY THESE LEGAL PROCEEDINGS AND THE PROPOSED SETTLEMENT WHICH IS DISCUSSED HEREIN.**

1

## I.    BRIEF SUMMARY OF THE LITIGATION

1.      On April 2, 2001, each of the Debtors commenced a chapter 11 case by filing a voluntary petition in the Bankruptcy Court.

2.      At the time the Debtors commenced their chapter 11 cases, there were pending a number of lawsuits asserting property damage and other injuries from Zonolite Attic Insulation ("ZAI") installed in homes and other structures. The commencement of the chapter 11 cases stayed all such litigation.

3.      ZAI is expanded vermiculite formerly sold by W. R. Grace and predecessor companies under several trade names. The claimants in the ZAI litigation allege that ZAI can release asbestos fibers into the home environment, contaminating the structure and endangering the health of those who may come in contact with ZAI. The ZAI Claimants assert that W. R. Grace should bear the costs of inspection, testing, identification, analysis, repair and remediation of the ZAI. The ZAI legal claims include negligence, strict liability, breach of warranty, misrepresentation and equitable remedies. W. R. Grace denies any liability for any ZAI claim and has asserted numerous defenses to those claims.

4.      Beginning in November 2001, counsel for certain ZAI claimants (the "ZAI Claimants") sought to have all claims relating to ZAI in the United States ("US ZAI Claims") treated in a class action. On October 29, 2008, counsel for the ZAI Claimants filed a motion for class certification on behalf of US ZAI Claimants.

5.      The sending of this Notice is not to be construed as an expression of any Opinion by the Bankruptcy Court about the merits of any claim or defenses. The foregoing is only a summary of the contentions of the ZAI Claimants and W. R. Grace. The pleadings and other records of this litigation more fully reflect the respective contentions of the parties. You or your counsel may review the pleadings and other papers filed with the Office of the Clerk of Court,

2

United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor,

Wilmington, Delaware 19801.

## II.    CLASS CERTIFICATION AND OPT-OUT RIGHTS

6.    This Court has appointed Class Counsel and certified a Class in the Debtors'

chapter 11 cases under Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Class consists

of all holders of US ZAI Claims that were filed on or before the ZAI bar date established by the

Bankruptcy Court of October 31, 2008 (the "ZAI Bar Date"), except the United States for its ZAI

claims filed on behalf of the United States Forest Service.

7.    This class certification does not imply a conclusion that any entity within the

Class was injured as a result of ZAI. This class certification applies to all claims for damages

and equitable relief by members of the Class, whether now existing or which may arise in the

future concerning asbestos property damage from ZAI installed in any building owned or rented

by a Class member, or any alleged contamination ZAI may have created or will create. If you

properly filed a US ZAI Claim with the Bankruptcy Court on or before the ZAI Bar Date, you

are automatically a member of the Class unless you exclude yourself from the Class by following

the opt-out procedures in this Notice.

8.    Any member of the Class who does not wish to remain a Class member may be

excluded from the Class by requesting exclusion through the attached Request for Exclusion. If

you exclude yourself from the Class, you will not be a member of the Class and will not be

represented by Class Counsel. If you choose, you may enter an appearance in this matter

through an attorney of your choice, but you will be responsible for compensation to that attorney.

If you remain a Class member, you will not be responsible for any fees or costs of Class Counsel,

who will apply to the Bankruptcy Court for fees and costs out of the fund created for the class. If

you desire to exclude yourself from the Class, you must send the attached Request for Exclusion

3

form to the Claims Agent appointed in the Debtors' chapter 11 cases at the address contained on the form by March 23, 2009.

9.    IF YOU WISH TO REMAIN A MEMBER OF THE CLASS AND SHARE IN THE CLASS SETTLEMENT BENEFITS AS DISCUSSED HEREIN, YOU NEED DO NOTHING AT THIS TIME.  YOU WILL BE NOTIFIED WHEN THE CLASS SETTLEMENT HAS BEEN FINALLY APPROVED AND INCORPORATED INTO A CONFIRMED GRACE REORGANIZATION PLAN.

### III.    PROPOSED CLASS SETTLEMENT

10.    On November 21, 2008, counsel for the ZAI Claimants, acting on behalf of a proposed class of US ZAI claimants, entered into a Term Sheet for Resolution of U.S. Zonolite Attic Insulation Claims with W. R. Grace.  ZAI Claimants thereafter entered into a Class Settlement Agreement on December 15th, 2008 (the "Settlement"), which incorporate the provisions of the Term Sheet.  A copy of the Settlement is enclosed with this Notice.  The Settlement is designed to be incorporated into W. R. Grace's chapter 11 plan of reorganization (the "Plan"), which if approved by the Bankruptcy Court will provide benefits for all Class members including a monetary benefit to those Class members who undertake ZAI remedial action.

11.    In summary, the Settlement provides that, W. R. Grace will create a Trust under section 524(g) of the Bankruptcy Code with an expected life of at least twenty-five (25) years. The Trust will be funded by two non-contingent payments - an initial payment of $30 million on the effective date of the Plan, followed by an additional $30 million on the third anniversary of the Plan's effective date.  Depending on the pace at which this initial funding is used for Trust claims and operations, W. R. Grace has agreed to make additional, contingent payments to the Trust beginning on the fifth anniversary of the Plan's effective date of up to $80 million over the

4

following twenty (20) years. A ZAI Trustee will administer the Trust funds which will be used for: (1) a comprehensive ZAI educational program for homeowners and others who may encounter ZAI; (2) reimbursement for ZAI remedial action of 55% of a claimant's approved remediation costs up to a maximum reimbursement of $4,125 (55% of a $7,500 expenditure); and (3) Trust operation expenses and attorneys' fees and costs. To qualify for reimbursement from the Trust, a claimant will be required to document the existence of ZAI in the structure and the costs of remedial action undertaken. Under certain limited circumstances, the ZAI Trustee may reimburse a Claimant above the $7,500 expenditure ceiling.

12.     This is only a summary of the important provisions of the Settlement. If you have questions concerning the Class certification, the Settlement, or the effect of these developments on your claim, you should contact Class Counsel at the address listed in this Notice.

13.     By entering into this Settlement, W. R. Grace does not admit responsibility for any US ZAI Claim. W. R. Grace expressly denies liability to the ZAI Claimants and the Class for any US ZAI Claims. The proposed Settlement is not to be construed as an admission of liability on the part of W. R. Grace.

14.     The Court has certified the Class, granted preliminary approval to the Settlement and approved the sending of this Notice to the Class. This Notice is not an expression of any opinion by the Court about the merits of the Settlement or whether it will be finally approved as part of the Plan. The purpose of this Notice is to inform you about the Class certification, the proposed Settlement and of the rights you have with respect to them.

15.     Each member of the Class who does not exclude itself is entitled to be heard with respect to the proposed Settlement described in this Notice. Members of the Class will share the benefits of the Settlement described herein only if it is approved by the Court in connection with confirmation of the Plan and the Plan becomes effective.

5

16.    A hearing to determine the adequacy, fairness and reasonableness of the Settlement will be held on **April 1, 2009 at 10:30 a.m. (prevailing Eastern time)** at the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, DE 19801. The approval hearing, once commenced may be adjourned from time to time by the Court, without further notice.

17.    At the approval hearing, any member of the Class may appear in person or by counsel and be heard to the extent allowed by the Court in support of or in opposition to the fairness, reasonableness and adequacy of the settlement. However, no class member will be heard in support of or in opposition to the settlement, and no paper or briefs submitted by any such party will be accepted or considered by the Court unless, by March 13, 2009, such class member: (1) files with the Clerk of Court, United States Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington Delaware 19801, notice of its intention to appear, together with a statement that indicates the basis for its support or opposition; and (2) serves copies thereof, and copies of any other papers or briefs it files with the Court, upon Class Counsel who have been appointed by the Court:

| | | |
|---|---|---|
| Edward J. Westbrook, Esq. | Darrell W. Scott, Esq. | Elizabeth Cabraser, Esq. |
| Richardson Patrick Westbrook | The Scott Law Group, PS | Lieff, Cabraser, Heimann |
| & Brickman | 926 W. Sprague Avenue | & Bernstein, L.L.P. |
| P. O. Box 1007 | Chronicle Building, Ste. 583 | Embarcadero Center West |
| Mount Pleasant, SC  29465 | Spokane, WA  99201 | 275 Battery Street, 30th Floor |
| | | San Francisco, CA 94111 |

and on counsel for W.R. Grace:

Kirkland & Ellis LLP
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601

Kirkland & Ellis LLP
Theodore L. Freedman
Deanna D. Boll
Craig A. Bruens
153 East 53rd Street
New York, New York 10022

18.    Class Counsel recommend final approval of the Settlement described herein as fair and reasonable and in the best interests of the members of the Class, in view of: (1) the risks and costs of continuing litigation involving US ZAI Claims against W. R. Grace; (2) the substantial and valuable benefits that will accrue under the terms of the Settlement to the Class; and (3) the favorable sum of the Settlement in light of the risks and uncertainties facing the ZAI Claimants and W. R. Grace.

19.    If the Settlement is approved as part of W. R. Grace's Plan, the settlement funds will be paid pursuant to the Plan to a Trust created in compliance with § 524(g) of the Bankruptcy Code. The funds will be maintained in full, subject only to such deductions or expenditures as are expressly provided for in the Plan and trust agreement provided for in the Plan, or otherwise as ordered by the Bankruptcy Court. The Settlement contemplates that the ZAI Trustee who will administer the settlement funds will operate under a trust agreement and trust distribution procedures that will carry out the purpose and intent of the Settlement to provide a fair and efficient program for education concerning ZAI in homes and financial assistance for ZAI remedial action.

20.    Notice is expressly given that, subject to judicial approval, the settlement funds may be disbursed in part to Class Counsel for their efforts in creating the settlement fund in an amount of up to 25% of the non-contingent payment by W. R. Grace to the Trust. Subject to

7

Bankruptcy Court approval, Class Counsel may also be paid from the settlement fund for their unreimbursed out-of-pocket ZAI litigation costs.

21.     The Plan and its incorporation of the Settlement provides that all members of the Class will be forever barred from instituting, maintaining, or prosecuting against W. R. Grace or any other Asbestos Protected Party (as defined in the Plan) any of the claims asserted or which could have been asserted in the ZAI litigation. Class members shall be deemed to have forever released, relieved and discharged W. R. Grace, its predecessors and successors, past and present assigns, representatives, subsidiaries, divisions, affiliates, receivers, parents, shareholders, partnerships and partners, and all of their officers, directors, agents, employees, insurers and attorneys, both past, present and future from any and all manner of claims, demands, rights, or causes of action, past, present or future, known or unknown arising from ZAI property damage, that the members of the Class, individually and collectively, had, now have, or hereinafter can, shall, or may have against W. R. Grace.

22.     This summary of certain aspects of the litigation, the Class certification and the proposed Settlement is not intended, and should not be construed, as a complete statement on these matters. The pleadings and orders regarding the US ZAI Claims, the Class certification and the proposed Settlement are on file with the Clerk of Court and are also available for inspection and copying at the offices of Class Counsel.

**IF YOU HAVE QUESTIONS CONCERNING ANYTHING IN THIS NOTICE, YOU SHOULD CONTACT YOUR LEGAL COUNSEL OR CLASS COUNSEL. DO NOT CONTACT THE COURT O R THE CLERK'S OFFICE FOR INFORMATION.**

Dated: January 15, 2009

> Clerk of Court
> The United States Bankruptcy Court
> District of Delaware

8

## CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement ("Settlement Agreement") is made and entered into this
___ day of December 2008, by and between W. R. Grace & Co., a Delaware corporation, on
behalf of itself and its subsidiaries and affiliates that are debtors in the Chapter 11 Cases
(collectively, "W. R. Grace"), and U.S. ZAI claimants Marco Barbanti and Ralph Busch, each
individually and as proposed representatives of the Class acting by and through their undersigned
counsel.

## DEFINITIONS

As used herein, the following terms shall have the meanings specified below:

a.      "Agreement" or "Settlement Agreement" means this Class Settlement Agreement

b.      "Asbestos Property Damage Futures Representative" means Alexander M.
Sanders, Jr. (or any Bankruptcy Court-appointed successor), appointed as the legal representative
for future asbestos-related property damage (including property damage related to ZAI)
claimants in the Chapter 11 Cases.

c.      "Bankruptcy Code" means title 11 of the United States Code.

d.      "Bankruptcy Court" means the United States Bankruptcy Court for the District of
Delaware.

e.      "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure.

f.      "Chapter 11 Cases" means the chapter 11 cases for W. R. Grace & Co. and certain
of its subsidiaries in the Bankruptcy Court and jointly administered under Case No. 01-1139
(JKF).

1

g.      "Class" means all holders of U.S. ZAI Claims that were filed with the Bankruptcy Court on or before the U.S. ZAI Bar Date, except the United States for its ZAI claims filed on behalf of the United States Forest Service.

h.      "Debtors" means W. R. Grace & Co. and all other debtors that filed voluntary petitions under the Bankruptcy Code and are part of the Chapter 11 Cases.

i.      "Equity Committee" means the official committee of equity security holders appointed in the Chapter 11 Cases.

j.      "Memorandum of Agreement" means the "Term Sheet For Resolution of U.S. Zonolite Attic Insulation Claims" entered into by the Debtors, the Equity Committee, the Asbestos Property Damage Futures Representative, and Class Counsel on or about November 21, 2008.

k.      "Class Representatives" means Marco Barbanti and Ralph Busch.

l.      "Parties" means W. R. Grace & Co., Class Representatives, and the proposed Class as defined herein.

m.      "Person" includes, without limitation, any individual, corporation, partnership, firm, association or other entity.

n.      "Class Counsel" means Edward J. Westbrook, Esq., Darrell W. Scott, Esq., and Elizabeth Cabraser, Esq.

o.      "Plan" means the Joint Plan of Reorganization of the Debtors, the Equity Committee, the Asbestos Personal Injury Future Claimants' Representative and the Official Committee of Asbestos Personal Injury Claimants, as may be further amended or modified. The Plan shall be in form and substance acceptable to Grace and the other Plan Proponents and shall provide, among other things, that pursuant to Section 524(g) of the Bankruptcy Code ("Section

2

524(g)") all current and future US ZAI Claims and demands (as that term is defined in Section 524(g)) shall, effective on the Effective Date of the Plan, be channeled to a trust for payment, and that all holders of current and future US ZAI Claims and demands shall be enjoined as provided in Article 8 of the Plan from asserting such claims against any "Asbestos Protected Party" as defined in the Section 1.1.42 of the Plan.

      p.    "U.S. ZAI Bar Date" means October 31, 2008.

      q.    "U.S. ZAI Claim" mean any "Zonolite Attic Insulation Claim" as defined in the General Instructions For Completing the W. R. Grace & Co. ZAI Proof of Claim, attached to the Certification of Counsel Regarding Order (a) Establishing October 31, 2008 as the Proof of Claim Bar Date for Zonolite Attic Insulation Claims and (b) Approving the Related Proof of Claim Form, Bar Date Notices, and Notice Program. Dkt. No. 18920 (June 13, 2008).

      r.    "ZAI" means Zonolite Attic Insulation regardless of the brand name under which it was sold.

<b><u>RECITALS</u></b>

WHEREAS Class Representatives, through Class Counsel, commenced a class action on March 24, 2000 (Barbanti v. W. R. Grace & Co. – Conn., No. 00201756-6 (Wash. Sup.)) in the Superior Court for Spokane County, Washington, on behalf of a class of ZAI homeowners in Washington State; and

WHEREAS the Superior Court of Spokane County issued an order on December 12, 2000, certifying the Barbanti class for purposes of seeking injunctive relief, which W. R. Grace sought to appeal through a Notice for Discretionary Review that remains pending; and

WHEREAS Class Counsel commenced on April 14, 2000, a proposed class action in the United States District Court of Montana (Price v. W. R. Grace, et al, Case No. CV-00-71-M-

DWM) on behalf of ZAI homeowners throughout the United States, other than those residing in Washington State; and

WHEREAS other proposed ZAI class actions were filed against W. R. Grace in various federal district courts; and

WHEREAS all federal ZAI actions were referred by the Judicial Panel on Multi-District Litigation to the District of Massachusetts (In re Zonolite Attic Insulation Products Liability Litigation, MDL Dist. No. 1376 (D.MA)) and undersigned counsel brought a motion for class certification as to a master ZAI complaint in those MDL proceedings; and

WHEREAS W. R. Grace commenced the Chapter 11 Cases by filing voluntary petitions on April 2, 2001, which automatically stayed further prosecution of civil actions in respect of ZAI; and

WHEREAS Class Counsel engaged themselves in the Chapter 11 Cases on behalf of ZAI claimants and continuously pressed for a collective resolution of ZAI claims through recognition of a ZAI class; and

WHEREAS Class Counsel filed a motion for class certification of ZAI claims in the bankruptcy court in November 2001, which was dismissed without prejudice; and

WHEREAS Class Counsel filed a motion requesting that the Bankruptcy Court recognize the Barbanti class for the purpose of permitting the filing of a ZAI class proof of claim in March, 2008 (Dkt. No. 18323); and

WHEREAS W. R. Grace opposed that motion and the matter remains under consideration by the Bankruptcy Court; and

WHEREAS Class Representatives and Class Counsel have filed purported nationwide and statewide ZAI class proofs of claim on or before the U.S. ZAI Bar Date; and

WHEREAS Class Counsel filed a motion for class certification on October 29, 2008 on behalf of all holders of U.S. ZAI Claims who timely filed such claims on or before the U.S. ZAI Bar Date (Dkt. No. 19910); and

WHEREAS over 16,000 individual members of the proposed Class have timely filed ZAI proofs of claim on or before the U.S. ZAI Bar Date; and

WHEREAS issues pertaining to the merit and value of the U.S. ZAI Claims remain matters of significant dispute and their timely resolution poses significant challenges to W. R. Grace's reorganization; and

WHEREAS W. R. Grace has denied and continues to deny all allegations of wrongdoing, violations of law and breaches of duty in respect of ZAI and has asserted and continues to assert that: (1) the U.S. ZAI Claims have no substance in fact or law; (2) it has meritorious defenses to such claims; (3) it has affirmative defenses; (4) no ZAI class, other than the Class addressed herein, should be certified; (5) the Barbanti class should not be recognized by the Bankruptcy Court; and (6) the U.S. ZAI Claims should be disallowed; and

WHEREAS the parties are desirous of settling and resolving the U.S. ZAI Claims as a Class and have engaged in protracted, arms length, and ultimately productive settlement negotiations directed toward that end; and

WHEREAS W. R. Grace and the Class, through Class Counsel, have successfully negotiated the settlement described herein, which resolves all U.S. ZAI Claims of the Class and permits the Debtors to advance toward reorganization without further liability to the Class; and

WHEREAS W. R. Grace, while continuing to deny any liability in respect of U.S. ZAI Claims, has agreed to enter into this Settlement Agreement to avoid, among other things, the

expense, burdens, and uncertainties of further protracted ZAI litigation, and to secure for itself total and final peace and protection from the U.S. ZAI Claims of the Class; and

WHEREAS Class Counsel, in the course of this and similar litigation, including the Barbanti case, have conducted exhaustive discovery and investigations into the facts underlying the U.S. ZAI Claims, have made a thorough examination of the legal principles applicable to the holders of U.S. ZAI Claims within the Class, have litigated certain of these issues with W. R. Grace, both prior to and during the Chapter 11 Cases, and have concluded, based on their extensive and now mature experience with ZAI, that a class settlement with W. R. Grace in the amount and terms hereinafter set forth is fair, reasonable and adequate, and is in the best interest of the Class; and

WHEREAS W. R. Grace and the Class have concluded that a settlement in the amount and on the terms hereinafter set forth is fair, reasonable and adequate, and is in the best interests of the Class, W. R. Grace and the bankruptcy estates of the Debtors.

NOW, THEREFORE, in consideration of the covenants and agreement set forth herein the Parties agree to a Settlement as follows:

## TERMS AND CONDITIONS OF CLASS SETTLEMENT

1.    Class.    This Settlement is made between W. R. Grace and the Class, which consists of holders of U.S. ZAI Claims filed with the Bankruptcy Court on or before the U.S. ZAI Bar Date.

2.    Class Representatives.    The Class Representatives are Marco Barbanti and Ralph Busch.

3.    Class Counsel.    Class Counsel are Edward J. Westbrook, Esq., Darrell W. Scott, Esq., and Elizabeth Cabraser, Esq.

6

4.    <u>Class Settlement</u>.  The Class settlement benefits, pertinent financial terms, claims payment conditions, and other principal terms of this Class Settlement are as set forth in the Memorandum of Agreement.  The Memorandum of Agreement is attached hereto as Exhibit A and is incorporated as if fully set forth herein.  Class members' entitlements shall be governed by the procedures, terms, and conditions set forth in the Plan, which shall incorporate the Memorandum of Agreement and this Settlement.

5.    <u>Class Costs and Fees</u>.  Class Counsel may seek from the Bankruptcy Court an award of attorney fees, not to exceed 25% of the W. R. Grace non-contingent payment obligations described in the Memorandum of Agreement, together with reimbursement of costs. Class Counsel's application for attorney fees or costs will be considered separately from the Bankruptcy Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement.

6.    <u>Submission to the Bankruptcy Court</u>.  The Class Representatives shall move for an Order of the Bankruptcy Court:

> (a)    certifying the proposed Class, appointing the proposed Class Representatives, and appointing Class Counsel;
>
> (b)    preliminarily approving the Settlement for purposes of Fed. R. Civ. P. 23, subject to approval of the Settlement in connection with the Plan;
>
> (c)    providing for direct notice to individual members of the Class, at W. R. Grace's expense, of the preliminary approval of the Settlement, of the hearing on final approval of the Settlement, of Class members' opt-out rights in relation to the Settlement, and of other matters as required by Fed. R. Civ. P. 23; and

7

(d)    scheduling a hearing to make a final determination of whether the Settlement should be given final approval, which hearing shall occur in connection with the confirmation of the Plan.

7.    <u>Settlement Conditions</u>. This Settlement is subject to the following conditions and shall have no force and effect unless and until all of such conditions have been satisfied:

(a)    the US ZAI Class being certified by the Bankruptcy Court and upheld upon appeal if necessary;

(b)    the confirmation by the Bankruptcy Court of the Plan incorporating the terms of the Settlement; and

(c)    the occurrence of the Effective Date of the confirmed Plan incorporating the terms of the Settlement.

8.    <u>W. R. Grace's Sole Liability</u>. W. R. Grace's sole liability under this Settlement Agreement shall be set forth in the Plan incorporating the terms of the Memorandum of Agreement, including all documents contemplated thereby.

9.    <u>Inclusion of the Settlement Agreement in the Plan</u>. W. R. Grace agrees to incorporate the terms of this Settlement Agreement and the Memorandum of Agreement in the Plan.

10.    <u>Plan Support</u>. The Class Representatives shall, on behalf of the Class, support, in a manner not inconsistent with (i) their fiduciary duties to the Class or (ii) the Bankruptcy Code, including section 1125 of the Bankruptcy Code, W. R. Grace's Plan so long as such Plan incorporates and is not inconsistent with this Settlement Agreement.

11.    <u>ZAI Litigation Suspended</u>. All pending litigation and proceedings regarding U.S. ZAI Claims, except with respect to the certification of the Class and preliminary approval of this

8

Settlement Agreement, are hereby suspended, with all deadlines relating thereto tolled, and all parties reserve their rights concerning such claims.

12.    Prior Class Proofs of Claim. The Class shall be the only class with respect to U.S. ZAI Claims and no prior class proofs of claim shall be recognized. All such prior class proofs of claim filed by Class Counsel are hereby withdrawn.

## REPRESENTATION AND WARRANTIES

13.    Good Faith and Fairness. Each of the parties represents and warrants that: (a) this Settlement Agreement is entered into in good faith; (b) no conflicts of interest exists on its part; and (c) in its opinion, the Settlement Agreement represents a fair resolution of the claims resolved herein.

14.    Authority. Subject to the entry of orders of the Bankruptcy Court certifying the Class, approving the appointment of Class Counsel, approving W. R. Grace's entry into the Settlement Agreement and approving the Plan incorporating this Settlement Agreement, each party: (a) represents and warrants that it has taken the action necessary to secure the consent of all persons or entities necessary to authorize the execution of this Settlement Agreement and related documents necessary to fulfill the terms and conditions of this Agreement; and (b) is fully authorized to enter into and execute this Settlement Agreement.

15.    No Prior Assignments of Claims or Claims Objections. The parties represent and warrant to each other and acknowledge that each has not assigned or transferred to any third party any claim or right the other may have respecting any claims or any claims objections.

16.    Cooperation by the Parties. In seeking preliminary and final approval of this Settlement Agreement and its consummation, the parties: (a) shall act in good faith and use their reasonable best efforts to seek and support approval of this Settlement Agreement; and (b) shall

9

not act or fail to act in a manner that will deprive the other party of the benefits of the bargains embodied in this Settlement Agreement.

## MISCELLANEOUS

17.    <u>Governing Law</u>.  Except to the extent governed by the Bankruptcy Code, this Settlement Agreement shall be construed in accordance with, and all disputes hereunder shall be governed by, the internal laws of the State of Delaware.  Any disputes, controversies, or claims arising out of this Settlement Agreement shall be determined exclusively by the Bankruptcy Court, which retains jurisdiction for those purposes.   This Settlement Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any one Party.

## USE OF THIS AGREEMENT

18.    <u>Limitations on Use and Effect of this Agreement</u>.  Except in such proceedings as may be necessary to effectuate or enforce the provisions of this Settlement Agreement, neither this Agreement, the settlement provided for herein (whether or not ultimately consummated or performed), nor any actions taken by either Party pursuant to or in connection with this Agreement, to negotiate, effectuate, consummate or carry out this Agreement, or to prosecute the motion for certification of the Class, shall be used, construed, offered or received by any person or entity in any action or proceeding in the Chapter 11 Cases or in any forum for any purpose whatsoever.

## BINDING EFFECT

19.    <u>Agreement Supersedes All Prior Agreements and Understandings; Amendments</u>. With the exception of the Memorandum of Agreement, which is expressly incorporated herein as an essential component of this Settlement Agreement, this Agreement supersedes all prior

10

agreements or understandings, written or oral, among W. R. Grace and the Class relating to the U.S. ZAI Claims, and incorporates the Parties' entire understanding of this settlement. This Settlement Agreement may be amended or supplemented only by a written instrument signed by both of the Parties.

20.     <u>Binding Agreement</u>.   This Agreement shall be binding upon and inure to the benefit of each of the Parties, and their respective affiliates, successors, trustees, administrators and assigns, and all other persons acting on behalf of or at the direction or control of a Party, and any trustee that may be appointed for the Debtors under the Bankruptcy Code. This Agreement shall be binding upon the reorganized Debtors, any asbestos property damage trust, the ZAI trustee, and any paying agent under the Plan incorporating this Agreement, as contemplated by the Memorandum of Understanding, and all persons acting on behalf of or at the direction or control of each such entity, on and as of the Effective Date of the Plan.

21.     <u>No Effect Upon Certain Rights of Claimants Against Other Parties Liable for ZAI Claims</u>.   Nothing in this Agreement shall bar, or shall be deemed or construed to limit in any respect, the rights of members of the Class to seek recovery from any person or entity other than the Debtors or any Asbestos Protected Party (as defined in the Plan) who has or may have any legal liability or responsibility with respect to ZAI in the structures underlying the U.S. ZAI Claims, so long as in seeking such recovery a Class member does not trigger or cause any contingent or indemnity claim to be triggered against the Debtors.

22.     <u>Counterparts</u>.   This Settlement Agreement may be executed in counterparts, all of which constitute a single, entire agreement.

11

December ___, 2008

W. R. GRACE & CO., et al
DEBTORS AND DEBTORS IN
POSSESSION:

_____

THE ZONOLITE ATTIC INSULATION
CLASS, By Their Counsel

Edward J. Westbrook, Esq.
Richardson, Patrick, Westbrook & Brickman
1037 Chuck Dawley Blvd., Building A
Mount Pleasant, SC 29464
Phone: (843) 727-6513

Darrell W. Scott, Esq.
The Scott Law Group, PS
926 W. Sprague Avenue
Chancella Building, Suite 583
Spokane, WA 99201
Phone: (509) 455-3966

Elizabeth J. Cabraser, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA 94111-3339
Phone: (415) 956-1000

12

December _15_, 2008

W. R. GRACE & CO., et al
DEBTORS AND DEBTORS IN
POSSESSION:

_Richard C. Finke_

Richard C. Finke
Assistant General Counsel
—Litigation
W. R. Grace + Co.

THE ZONOLITE ATTIC INSULATION
CLASS, By Their Counsel:

Edward J. Westbrook, Esq.
Richardson, Patrick, Westbrook & Brickman
1037 Chuck Dawley Blvd., Building A
Mount Pleasant, SC 29464
Phone: (843) 727-6513

-and-

Darrell W. Scott, Esq.
The Scott Law Group, PS
926 W. Sprague Avenue
Chronicle Building, Suite 583
Spokane, WA 99201
Phone: (509) 455-3966

-and-

Elizabeth J. Cabraser, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA 94111-3339
Phone: (415) 956-1000

12

# ATTACHMENT A

**W. R. GRACE & CO., et al.,**
**CASE NO. 01-1139 (JFK)**

TERM SHEET FOR RESOLUTION OF
U.S. ZONOLITE ATTIC INSULATION CLAIMS

This Term Sheet sets forth certain of the principal terms and conditions under which the Debtors, the Equity Committee of Security Holders, the ZAI Claimants' Special Counsel and Putative Class Counsel, and the Legal Representative for future asbestos-related property damage claimants ("PD FCR") in the above-captioned Chapter 11 cases are prepared to resolve all U.S. Zonolite Attic Insulation ("ZAI") property damage claims and demands, if any, including without limitation all asbestos-related ZAI property damage claims pending in the U.S. at the filing of the Chapter 11 cases and those asserted subsequent thereto, including all such claims for attic insulation containing Libby vermiculite regardless of the brand name under which it was sold (collectively, "ZAI Claims"). This Term Sheet has been produced for settlement purposes only and is subject to the provisions of Rule 408 of the Federal Rules of Evidence.

I.  **Treatment of Claims**

A.  **Asbestos PD Trust–Funding**

All U.S. ZAI Claims will be channeled to a trust (the "Asbestos PD Trust") that will be established in accordance with Section 524(g) of the United States Bankruptcy Code. The Asbestos PD Trust will pay U.S. ZAI Claims from ZAI Trust Assets in accordance with the Asbestos PD Trust Agreement and ZAI Trust Distribution Procedures ("ZAI TDP") established in connection with a confirmed plan of reorganization ("Plan"). The Asbestos PD Trust will have a separate ZAI Trustee who will administer the ZAI Trust Assets, the ZAI claims process, the ZAI educational program and all related ZAI matters. The ZAI Trust Assets will not be commingled with any other assets in the Asbestos PD Trust. The ZAI Trustee and any successor will be chosen by the ZAI Trust Advisory Committee.

1.  **Funding of Asbestos PD Trust at Emergence:** On the Effective Date of the Plan, the Asbestos PD Trust shall receive $30 million in ZAI Trust Assets in cash, plus, if the Effective Date occurs after March 31, 2009, interest from April 1, 2009 to the Effective Date accrued at the same rate applicable to the Debtors' senior exit financing.

2.  **Deferred Payment Obligations:** The Reorganized Grace shall make an additional payment of $30 million in ZAI Trust Assets in cash to the Asbestos PD Trust on the third anniversary of the Effective Date. No interest shall accrue on this obligation prior to the payment due date.

3.  **Deferred Contingent Payment Obligations:** Commencing on the 5th anniversary of the Effective Date, the Reorganized Grace shall make one or more contingent cash payments to the ZAI Trust Assets in the Asbestos PD Trust over the ensuing 20-year period as follows: up to but no more than ten annual payments of $8 million, each due only in the event the Asbestos PD Trust's ZAI assets fall below $10 million in value during the year preceding an anniversary of the Effective Date. Any such payments that become due shall be

payable on an anniversary of the Effective Date.  For greater clarity, the obligation to make any one contingent $5 million payment does not trigger any obligation to make any additional contingent payments.

4. **Security for Deferred Payment Obligations:**  The deferred contingent payment obligations shall be subordinate to any bank debt or bonds outstanding and shall be guaranteed by the Reorganized Grace or any successor ultimate parent entity of the Reorganized Grace.  Such guaranty shall be secured by an obligation of the Reorganized Grace to issue to the Asbestos PD Trust, in the event the second $30 million payment is not timely made or a contingent payment obligation becomes fixed but is not satisfied, the number of shares of Reorganized Grace common stock which, when added to the number of shares of common stock issued and outstanding as of the Effective Date, shall constitute 50.1% of the voting shares of the Reorganized Grace as of the Effective Date.  Such security obligation shall be in the same form as the obligation to issue such shares which the Debtors have previously agreed to with the Asbestos PI Trust, and such obligation shall include an inter-creditor agreement and appropriate cross-default provisions consistent with the rights of the Asbestos PI Trust.

5. **Residual Funds:**  If the Asbestos PD Trust ceases to exist in accordance with the terms of the Asbestos PD Trust Agreement, any funds or assets remaining in the Asbestos PD Trust at its expiration shall be paid over in full to the Asbestos PI Trust, which amount if paid during the first 25 years after the Effective Date shall be treated as an offset against the amount owed by the Reorganized Grace to the PI Trust.

6. **Section 524(g):**  The Asbestos PD Trust and the ZAI TDP shall be structured so as to satisfy the requirements of Section 524(g) and permit issuance of a channeling injunction with respect to ZAI Claims.

7. **Term of Trust:**  Subject to earlier dissolution following the 20th anniversary of the Trust based on a lack of claim filings for a 24-month period following said anniversary, or for other reasons as provided for in the Asbestos PD Trust Agreement, the Trust shall continue in existence for the payment of U.S. ZAI Claims until the later of: (a) 25 years following the effective date; or (b) when the Trust has paid out all of the ZAI Trust Assets following the final deferred contingent payment.

B. **Asbestos PD Trust–Claims Payments**

1. For ZAI remedial action taken before the date on which the ZAI TDP is approved and published on the Trust website, the ZAI TDP shall require, among other things, that to qualify for payment from the Asbestos PD Trust, a claimant must submit:

2

a.  the following documentary or other evidence sufficient to demonstrate that ZAI is or was installed in the structure which is the subject of the claim:

    (1)  a receipt or invoice reflecting the purchase of ZAI for the structure; or

    (2)  an affidavit from a claimant who timely filed a U.S. ZAI Proof of Claim and who has direct personal knowledge of events surrounding the installation of ZAI in the structure: (i) attesting that ZAI was installed in the structure; and (ii) attesting to facts establishing his or her direct personal knowledge; or

    (3)  a ZAI bag, portion of a ZAI bag, or photograph of a ZAI bag in the structure, with an affidavit from the homeowner or abatement contractor verifying that the bag was found in the structure's attic or other area in question; or

    (4)  a certification that vermiculite attic insulation was present in the structure, attested to by a licensed or certified asbestos abatement contractor who removed vermiculite from the structure; or

    (5)  a sample of the vermiculite attic insulation (minimum 2 tbsps. of material) with an affidavit by the homeowner or contractor that the insulation came from the structure in question; or

    (6)  before and after photographs of the attic or other area in question depicting the presence of and removal of vermiculite attic insulation accompanied by an affidavit by the homeowner or contractor verifying that the material depicted in the photographs was vermiculite that was present in that structure; or

    (7)  a laboratory report showing the presence of vermiculite in an attic insulation sample taken from the structure.

b.  the following documentary evidence to establish the funds expended by the Claimant to remove, abate or contain ZAI:

    (1)  (i) a copy of the contract or invoice specifying the cost of removing, abating or containing ZAI, and (ii) cancelled checks or credit card statements reflecting payment of the specific cost of removing, abating or containing ZAI; or

    (2)  where any payment by the Asbestos PD Trust will be made directly to the contractor which removed, abated or contained ZAI, (i) cancelled checks or credit card

3

statements reflecting payment of the applicable non-
reimbursable portion of the specific cost for removal,
abatement or containment of ZAI, consistent with section
B.1.b.(1), (ii) a copy of the contract or invoice for such
work, and (iii) a certification from the contractor that the
work reflected in such contract or invoice was performed
to completion.

   c.   an affidavit establishing that the Claimant is an owner or tenant of
the structure.

   2.   For ZAI remedial action taken after the date on which the ZAI TDP
is approved and published on the Trust website, and providing
that the testing procedure described below is implemented, a
claimant, in addition to establishing its costs under B.1.b., and
property interest under B.1.c, must comply with B.1.a.(1) or
B.1.a.(3), or the following:

      a.   If the ZAI Trustee and Reorganized Grace agree that there
exists a feasible, reliable and economical test to distinguish
ZAI from non-ZAI vermiculite attic insulation, a claimant
must submit a sample of the vermiculite attic insulation (of
a size to be determined) either to a laboratory approved by
the Trust to conduct such a test or as otherwise directed by
the Trust.  The Trust will pay for the claimant's remedial
action pursuant to the TDP unless the material is
determined not to be ZAI.  The cost of the test will be paid
by the Trust and will not reduce a claimant's recovery.

      b.   If the procedure in B.2.a is implemented, and the ZAI
Trustee and Reorganized Grace agree after two years of
experience with the test that the benefits of such a testing
program are insufficient to justify its continued use, the
Trust may discontinue the testing requirement of B.2.a and
the procedure set forth in B.1 will be reinstated for all
claimants.

      c.   In the event the ZAI Trustee and Reorganized Grace
disagree on the determinations in B.2.a or B.2.b, the
parties shall submit such disagreement to the alternative
dispute resolution set forth in the TDP for resolution.

   3.   If the testing procedure outlined in B.2.a is not implemented, then
a claimant must comply with any of the criteria in B.1 for ZAI
remedial action taken after the date the ZAI TDP is approved and
published on the Trust website.

   4.   Subject to Paragraph B.5., claims that qualify for payment from
the Asbestos PD Trust in accordance with the ZAI TDP shall be
paid 55% of the claimed amount, but in no event shall the
Asbestos PD Trust pay more than 55% of $7,500 (the latter figure
is hereafter referred to as the "Maximum Claim Amount") on any
claim; provided, however, that (a) commencing on the fifth
anniversary of the Effective Date, the Maximum Claim Amount

4

shall be increased by the increase in the Consumer Price Index for the preceding 12 months, and (b) the Maximum Claim Amount shall be increased every year thereafter on the anniversary of the Effective Date by the increase in the Consumer Price Index for the 12 months immediately preceding each such anniversary date.

5. The Asbestos PD Trust shall only pay claims that are in compliance with the requirements of this Term Sheet, the Plan, the ZAI TDP and any Trust claim form. Notwithstanding the foregoing, the Trust may liquidate and pay up to 5 claims per year that in the ZAI Trustee's discretion qualify as Extraordinary Claims, but in no event shall the ZAI Trustee pay more than $100,000 cumulatively in any year with respect to such Extraordinary Claims. In addition, the Trust may pay up to $25,000 each to the two class representatives in the Barbanti class action (Barbanti and Busch) in recognition of the time, effort and commitment those individuals expended in the ZAI litigation and thereby contributed to the resolution embodied in this Term Sheet.

C.   Asbestos PD Trust—Educational Program

1. The Trust in its discretion may pay up to $2 million over the first three years after the Effective Date, and up to $500,000 for each three-year period thereafter, to fund an educational program about ZAI.

2. Initially, the content of any Asbestos PD Trust education program must be consistent with published EPA guidance concerning ZAI and with the Debtors ZAI bar date notice program in these Chapter 11 cases; provided, however, that the educational program's content shall reflect any material scientific or regulatory changes or developments that pertain to ZAI, in terms and in manner of publication acceptable to the Reorganized Grace. In the event the Trust and the Reorganized Grace disagree on any matter set forth in this paragraph, the parties shall submit such disagreement to an alternative dispute resolution procedure for resolution.

D.   Asbestos PD Trust—Reorganized Grace's Audit Rights

1. The Reorganized Grace shall have the right to conduct annual audits of the books, records and claim processing procedures of the Asbestos PD Trust to:

a.   examine the sufficiency of the documentary and other evidence submitted by any claimant relating to the installation of ZAI in the house or other building which is the subject of a claim and the ZAI-related costs incurred by said claimant; and

b.   confirm that Asbestos PD Trust expenditures have complied with the terms of this Term Sheet, the Plan, the Asbestos PD Trust Agreement and the ZAI TDP;

provided, however, that in the event of unusual claiming and/or payment activity, the Reorganized Grace may, upon reasonable notice to the Asbestos PD Trust, conduct audits in addition to its annual audit.

2.  To the extent the ZAI Trustee and the Reorganized Grace determine that one or more payments made by the Asbestos PD Trust to U.S. ZAI Claimants were made in violation of the terms of this Term Sheet, the Plan, the Asbestos PD Trust Agreement or the ZAI TDP:

    a.  the amounts of such Trust payments shall be added to the ZAI Trust Assets for purposes of calculating the $10 million trigger relating to deferred contingent payment obligations; and

    b.  the Trust shall review its claim review and payment procedures.

    In the event the Trust and the Reorganized Grace disagree over whether one or more payments were made in violation of this Term Sheet, the Plan, the Asbestos PD Trust Agreement or the ZAI TDP, the parties shall submit such disagreement to an alternative dispute resolution procedure for resolution.

3.  To the extent any noncompliant payments were made as the result of fraudulent conduct on the part of a contractor, claimant or other person, the ZAI Trustee shall notify the Bankruptcy Court and the United States Attorney for the District of Delaware of such fraud and shall provide all information those entities may request in connection with any investigation, civil proceedings or criminal proceedings. The Trust may also initiate litigation against the responsible party or parties to recover such noncompliant payments.

4.  The Asbestos PD Trust shall file with the Bankruptcy Court an annual report containing its financial statements audited by independent registered public accountants.

5.  In administering the ZAI aspects of the Asbestos PD Trust, including ZAI Claims and the ZAI educational program, the ZAI Trustee will be advised by a ZAI Trust Advisory Committee ("ZTAC") consisting of Edward J. Westbrook, Darrell W. Scott and Hon. Alexander M. Sanders, Jr.  Successor ZTAC members will be chosen by the existing ZTAC.  Reorganized Grace will have the right to have a non-voting representative attend ZTAC meetings and make reasonable requests for financial information in addition to that provided in annual reports.  Reorganized Grace's initial representative will be Richard C. Finke, whose successor will be chosen by Reorganized Grace.

II.  **Binding Effect.**  The parties shall use their best efforts to incorporate the terms of this Term Sheet into a plan of reorganization to be filed with the Bankruptcy Court as soon as possible.

III.  **Confidentiality.** The Parties shall treat all negotiations regarding this Term Sheet as confidential. Neither the contents nor the existence of this Term Sheet shall be disclosed by any party, either orally or in writing, except to its directors, officers, employees, legal counsel, financial advisors, accountants and clients on a confidential basis until the Debtors have issued a press release announcing the terms and conditions contained herein or have announced the terms hereof to the Bankruptcy Court. Notwithstanding the foregoing, the parties agree that this Term Sheet or the terms of this Term Sheet may be disclosed to the Official Committee of Personal Injury Claimants and the Official Committee of Asbestos Property Damage Claimants. The Debtors will provide ZAI Claimants Special Counsel with an opportunity to review any press release relating to this Term Sheet prior to its issuance.

IV.  **Class Action Treatment**

The parties agree to seek and support: (1) Bankruptcy Court certification, pursuant to Rule 23(b)(3), of a U.S. ZAI Settlement Class composed of individuals who timely filed a U.S. ZAI Proof of Claim; (2) the appointment of Edward J. Westbrook, Esq., Darrell W. Scott, Esq. and Elizabeth Cabraser, Esq. as class counsel for that class; (3) the appointment of appropriate class representatives as may be proposed by class counsel; (4) preliminary and final approval of a U.S. ZAI Class Settlement under the terms contained in the Term Sheet For Resolution Of U.S. Zonolite Attic Insulation Claims; (5) the issuance of appropriate notice to class members, at Debtors' expense, of preliminary class settlement approval, class member's opt-out rights, and hearing on final class settlement approval; and (6) a Common Fund Fee Award and Expense Recovery Award to class counsel to be paid from Debtors' non-contingent settlement payments.

AGREED TO AND ACCEPTED BY:
Dated:  November 21, 2008

**THE DEBTORS:**
W. R. GRACE & CO., on behalf of itself and its subsidiaries and affiliates that are Debtors in the Chapter 11 cases

By:  _____
Name:
Title:

**THE EQUITY COMMITTEE OF SECURITY HOLDERS**

By:  _____
Name:  R. Ted Weschler
Title:   Chair of the Committee

7

III.  **Confidentiality.**  The Parties shall treat all negotiations regarding this Term Sheet as confidential. Neither the contents nor the existence of this Term Sheet shall be disclosed by any party, either orally or in writing, except to its directors, officers, employees, legal counsel, financial advisors, accountants and clients on a confidential basis until the Debtors have issued a press release announcing the terms and conditions contained herein or have announced the terms hereof to the Bankruptcy Court. Notwithstanding the foregoing, the parties agree that this Term Sheet or the terms of this Term Sheet may be disclosed to the Official Committee of Personal Injury Claimants and the Official Committee of Asbestos Property Damage Claimants. The Debtors will provide ZAI Claimants Special Counsel with an opportunity to review any press release relating to this Term Sheet prior to its issuance.

IV.  **Class Action Treatment**

The parties agree to seek and support: (1) Bankruptcy Court certification, pursuant to Rule 23(b)(3), of a U.S. ZAI Settlement Class composed of individuals who timely filed a U.S. ZAI Proof of Claim; (2) the appointment of Edward J. Westbrook, Esq., Darrell W. Scott, Esq. and Elizabeth Cabraser, Esq. as class counsel for that class; (3) the appointment of appropriate class representatives as may be proposed by class counsel; (4) preliminary and final approval of a U.S. ZAI Class Settlement under the terms contained in the Term Sheet For Resolution Of U.S. Zonolite Attic Insulation Claims; (5) the issuance of appropriate notice to class members, at Debtors' expense, of preliminary class settlement approval, class member's opt-out rights, and hearing on final class settlement approval; and (6) a Common Fund Fee Award and Expense Recovery Award to class counsel to be paid from Debtors' non-contingent settlement payments.

**AGREED TO AND ACCEPTED BY:**
Dated:  November 21, 2008

**THE DEBTORS:**
W. R. GRACE & CO., on behalf of itself and its subsidiaries and affiliates that are Debtors in the Chapter 11 cases

By: _Mark a. Shelnitz_
Name: Mark A. Shelnitz
Title: VP, General Counsel + Secretary

**THE EQUITY COMMITTEE OF SECURITY HOLDERS**

By: _____
Name: R. Ted Weschler

7

Title:    Chair of the Committee

ZAI CLAIMANTS SPECIAL COUNSEL AND PUTATIVE CLASS COUNSEL:
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC

By: _____
Name: Edward Westbrook

ZAI CLAIMANTS SPECIAL COUNSEL AND PUTATIVE CLASS COUNSEL:
THE SCOTT LAW GROUP, P.S.

By: _____
Name: Darrell W. Scott

THE ASBESTOS PROPERTY DAMAGE FUTURE CLAIMANTS REPRESENTATIVE:
Alan B. Rich, Esq., on behalf of and in his capacity as counsel to the PD FCR


By: _____
Name: Alan B. Rich

8

ZAI CLAIMANTS SPECIAL COUNSEL AND PUTATIVE CLASS COUNSEL:
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC

By: _____
Name: Edward Westbrook

ZAI CLAIMANTS SPECIAL COUNSEL AND PUTATIVE CLASS COUNSEL:
THE SCOTT LAW GROUP, P.S.

By: _____
Name:  Darrell W. Scott

THE ASBESTOS PROPERTY DAMAGE FUTURE CLAIMANTS REPRESENTATIVE:
Alan B. Rich, Esq., on behalf of and in his capacity as counsel to the PD FCR

By: _____
Name:  Alan B. Rich

8

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. Grace & Co., <u>et al.</u>,** | ) | **Case No. 01-01139 (JKF)** |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | |

### US ZAI CLAIMANT REQUEST FOR EXCLUSION

The undersigned ZAI Claimant hereby requests to be excluded from the US ZAI class action.

_____
Claimant Name

_____
Street or P. O. Box

_____
City, State  Zip Code

_____        _____
Date                                            Signature

**Mail form to: Clerk of Court**
                **US Bankruptcy Court**
                **c/o Rust Consulting**
                **Re:  W.R. Grace & Co. Bankruptcy**
                **P. O. Box 1620**
                **Faribault, MN  55021-1620**

### THIS FORM MUST BE RECEIVED AT THE ABOVE ADDRESS BY
### MARCH 23, 2009 TO BE VALID.

ATTACHMENT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

— — —

IN RE:                               : CIVIL ACTION NO. 06-689
                                     :
                                     :
                                     :
                                     :
                                     :
                                     :
                                     :
                                     : Philadelphia, Pennsylvania
W.R. GRACE & COMPANY,                : March 5, 2007
et al.                               : 4:02 p.m.

— — —

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE RONALD L. BUCKWALTER
UNITED STATES DISTRICT JUDGE

— — —

APPEARANCES:

For the Debtor:          DAVID M. BERNICK, ESQUIRE
W.R. Grace               Kirkland & Ellis LLP
& Co., et al:            Citigroup Center
                         153 East 53rd Street
                         New York, NY   10022


For the                  EDWARD J. WESTBROOK, ESQUIRE
ZAI Claimants:           Richardson, Patrick,
                         Westbrook, Brinkman, LLC
                         1037 Chuck Dawley Boulevard
                         Building A
                         P.O. Box 1007
                         Mount Pleasant, SC   29464

on Grace, because it is trying to reorganize, because
they have been six years at, but they talk about the
burden.  They will have to file one brief, and come to
oral argument, if the Court so desires.

Your Honor, we do not think that, that is
such a burden on the debtor, or is going to so
interfere with the bankruptcy process, that it carries
much weight, if at all, against the damage that will be
done.   Not, simply to the ZAI claimants, but to the
whole process of reorganization.

If we go ahead based on this order, and
claims are either dismissed by the Bankruptcy Court, or
Mr. Bernick, who is pronounced, and Grace who is
pronounced, the ZAI claims now, may be essentially
worth nothing.

If they negotiate a plan with other
creditors, divvy up the pie, and leave the ZAI
claimants out, a claim which could be worth millions or
billions, then we go and we have to have an appeal.
Afterwards, we undo the whole thing.

THE COURT:   Well, of course that is true,
except that many times you get a decision against you,
and a partial summary judgment motion, or something is
clearly interlocutory, and then you proceed to attempt
to resolve the case in light of that existing opinion.

It still can be resolved because the other side knows they might not necessarily be on firm ground on that point, and it still permits negotiations to go forward.

I do know exactly why piecemeal appeals like this are just not normally a good thing.  You start out with that, in my mind, and it is not a good idea to piecemeal this, when you could perhaps continue to negotiate down there, even in the face of a ruling you do not like.

MR. WESTBROOK:   Your Honor, I agree with you that, that is a normal course.   In this particular circumstance, though, Grace has already announced that these claims "may not be worth anything at all told Your Honor at the exclusivity hearing."

THE COURT:   Yes.

MR. WESTBROOK:   These are claims which may very well be multi-billion dollar claims.   Your Honor, with the ZAI opinion standing, the caesium (4:12:05) between the claims we legitimately believe are worth, and what Grace will value them at, is going to make it almost impossible to reach any kind of a resolution, or certainly, one that gives us any kind of fair shake in this bankruptcy.

Your Honor, the order is so wrong on the law.