**<u>Exhibit C: Voting Procedures</u>**

## W. R. GRACE & CO. ET AL.
## VOTING PROCEDURES

The following procedures (the "**Voting Procedures**") govern the distribution of solicitation materials with respect to the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (as it may be amended, supplemented or modified, the "**Plan**"), the return of Ballots and Master Ballots for purposes of voting to accept or reject the Plan, and the tabulation of such votes with respect to same.

The Voting Procedures set forth in this document are supplemented by the instructions accompanying the Ballots and Master Ballots that will be included in the Solicitation Packages. Capitalized terms used herein shall have the meanings set forth in Section 13 hereof or, if not defined herein, in the Plan.

1.    **Publication Notice:**

    a.    **General Publication Notice**:  The Debtors will cause the Confirmation Hearing Notice (in a format modified for publication) to be published once in the following publications on a date not less than twenty-five (25) calendar days before the Plan Objection Deadline: the weekday edition of the national editions of *USA Today, The Wall Street Journal*, and *The New York Times.*

    b.    **Additional Publication Notice**:  The Debtors will cause the Publication Notice to be published once in the following publications on a date not less than twenty-five (25) calendar days before the Plan Objection Deadline or as soon as possible thereafter: (a) Andrews's Asbestos Litigation Reporter and Mealey's Litigation Report: Asbestos, (b) the Sunday newspaper supplements *Parade* magazine and *USA Weekend* magazine, (c) *Newsweek*, *TV Guide*, *Sports Illustrated* and *U.S. News and World Report*, and (d) appropriate Canadian publications consistent with the Debtors' previous noticing programs in Canada (or comparable publications, as determined by the Debtors' notice consultant).

1                                                   Exhibit C

2.      **Distribution of Solicitation Packages - Generally:**[1]

a.      **Determination of Holders of Record:**  Except as otherwise provided for herein, appropriate Solicitation Packages will be served upon the Entity that holds a Claim or Equity Interest entitled to vote as of the Voting Record Date, and the Debtors will have no obligation to cause a Solicitation Package to be served upon any subsequent Holder of such Claim (as may be evidenced by any notice of assignment of such Claim entered on the Bankruptcy Court's docket or that only becomes effective after the Voting Record Date or otherwise) or Equity Interest.

b.      **Solicitation Date:**  On or before the date that is fourteen (14) calendar days following the date on which the Bankruptcy Court enters the Disclosure Statement Order, the Voting Agent will cause Solicitation Packages to be distributed to all known Holders of Claims and Equity Interests who are entitled to vote pursuant to these Voting Procedures.

c.      **Claims Against Multiple Debtors:**  Holders of Claims that are eligible to vote and that filed identical Claims against multiple Debtors shall be entitled to receive only one Solicitation Package and one Ballot on account of such identical Claims.

d.      **Obtaining Additional Copies:**  Copies of the Plan, Disclosure Statement, Exhibit Book and the Disclosure Statement Order (with referenced exhibits) are available on the Debtors' website at www.grace.com and the website maintained by the Voting Agent at www.bmcgroup.com/wrgrace.  Parties in interest may also request copies by (i) sending an email to wrgrace@bmcgroup.com, (ii) sending a written request to the Voting Agent at:  BMC Group, Inc., Attn:  W. R. Grace Voting Agent, P.O. Box 913, El Segundo, CA 90245-0913 or (iii) by calling the Voting Agent at (888) 909-0100.

e.      **Exception for Undeliverable Addresses:**  Notwithstanding any provision in these Voting Procedures to the contrary, the Voting Agent shall not be required to mail a Solicitation Package to any Entity from which the notice of the Bankruptcy Court hearing to approve the Disclosure Statement was returned as undeliverable by the postal service, unless the Debtors or the Voting Agent are provided with an accurate address for such Entity before the Voting Record Date.

f.      **Parties to Executory Contracts and Unexpired Leases:**  Each Entity that is listed on the Debtors' Schedules of Executory Contracts or is otherwise known to be a party to an executory contract or an unexpired lease with a Debtor, irrespective of whether, pursuant to section 365 of the Bankruptcy Code, such contract or lease is, in fact, an "executory contract" or "unexpired lease," will not receive a Solicitation Package on account of the contract or lease, but shall be

---

[1]     See Sections 3, 4, 5, 6 and 7 of these Voting Procedures, which govern the manner in which Solicitation Packages are to be distributed with respect to Holders of Asbestos PI Claims, Holders of Equity Interests in the Parent, Holders of Asbestos PD Claims, Holders of CDN ZAI PD Claims and Holders of General Unsecured Claims, respectively.

Exhibit C

sent, on or before the Solicitation Date, a Confirmation Hearing Notice and a Notice to Counterparties to Executory Contracts and Unexpired Leases.

g.  **Form of Solicitation Materials:**  The Debtors, in their discretion, may distribute copies of the Plan, Disclosure Statement and Exhibit Book in the Solicitation Packages in CD-ROM format rather than in paper format, *provided, however*, that all other materials in the Solicitation Packages, including all Ballots or Master Ballots, and all other notices to Holders of Claims or Equity Interests are provided in paper format.  Additionally, any party may request and obtain at the Debtors' expense a paper copy of any document sent in a Solicitation Package in CD-ROM format from the Voting Agent using the contact information listed in Section 2(d) above.

3.  **Distribution of Solicitation Packages To, and Special Procedures for, Holders of Class 6 Asbestos PI Claims:**

a.  **Distribution of Solicitation Packages.**  The Voting Agent will cause Solicitation Packages to be served with respect to Holders of Asbestos PI Claims as follows:

    i.  **To Attorneys Representing Individual Holders of Asbestos PI Claims:**

        (A)  A single Solicitation Package will be served upon each attorney known by the Debtors (based on the Debtors' records and any list of attorneys furnished to the Debtors on or before the entry of the Disclosure Statement Order) to represent or potentially to represent individuals who may hold or assert Asbestos PI Claims. ***Solicitation Packages will <u>not</u> be served upon the individual Holders of Asbestos PI Claims, except (I) where an individual Holder of an Asbestos PI Claim requests a Solicitation Package in accordance with these Voting Procedures, (II) where a proof of claim with respect to an Asbestos PI Claim is signed and filed by an individual Holder of an Asbestos PI Claim, rather than the Holder's attorney, prior to the Voting Record Date or (III) where an attorney timely advises the Voting Agent, pursuant to Section 3(a)(i)(B) below, of the names and addresses of individuals who hold or may assert Asbestos PI Claims who should receive their own Solicitation Packages.***

        (B)  If an attorney who receives a Solicitation Package either (I) is unable to certify with respect to any Holder of an Asbestos PI Claim represented by such attorney that such attorney has the authority to vote on the Plan on behalf of such Holder (*see* Section 3(c)(ii) below) or (II) wishes any Holder of an Asbestos PI Claim represented by such attorney to cast his or her own Ballot on the Plan, such attorney shall, no later than twenty-one (21) days after the Solicitation Date, furnish the Voting Agent with the name, address and last four digits of the social security number of each

3

Exhibit C

K&E 13254000.25

such Holder, together with any cover letter which said attorney may wish to transmit to the Holders so designated, which the Voting Agent shall include with the Solicitation Package to be transmitted to said Holders.

(C)     Attorneys who wish their clients to receive Solicitation Packages for informational purposes (without a Ballot) must provide such clients' names, addresses and the last four digits of their social security numbers, together with a cover letter from such attorney to be included with the Solicitation Packages, no later than twenty-one (21) days after the Solicitation Date.

ii.     **To Individuals Who Hold or Assert Asbestos PI Claims:**

(A)     **Transmittal by the Voting Agent.**  If either (I) an individual who holds or asserts an Asbestos PI Claim requests a Solicitation Package either by written notice to the Voting Agent and provides a mailing address therewith, or (II) an attorney who represents or purports to represent the Holder of an Asbestos PI Claim furnishes names and addresses of individuals in accordance with Section 3(a)(i)(B) hereof to the Voting Agent, then the Voting Agent will cause a Solicitation Package to be mailed, together with a Ballot, directly to each such individual who holds or asserts such Asbestos PI Claim(s) within seven (7) days after receiving such request.  In addition, if an individual who holds or asserts an Asbestos PI Claim signs and files (or has already filed) a proof of Asbestos PI Claim prior to the Voting Record Date and is not known by the Debtors to be represented by counsel who will receive a Solicitation Package pursuant to Section 3(a)(i)(A) above, then the Voting Agent will cause a Solicitation Package, together with an appropriate Ballot, to be mailed directly to each such individual on or before the Solicitation Date.

(B)     **Transmittal by an Attorney.**  An attorney may choose to transmit Solicitation Packages to his or her clients directly.  If an attorney chooses to do so, such attorney must, no later than twenty-one (21) days after the Solicitation Date, furnish a written request to the Voting Agent for a specified amount of Solicitation Packages and individual Ballots, which will be provided to such attorney within seven (7) days after receipt of such written request.  The Debtors will reimburse such attorney for the actual postage incurred by the attorney.   Attorneys seeking reimbursement shall submit reasonable evidence of postage expenses incurred in order to obtain such reimbursement.

iii.     **To Holders of Indirect PI Trust Claims:**  The Voting Agent will cause a Solicitation Package to be served upon each Holder of an Indirect PI Trust

K&E 13254000.25

Claim as identified by the Debtors based on their records and review of the Claims filed on or before the March 2003 Bar Date and the Schedules of Liabilities (the "**Schedules**") filed by the Debtors with the Bankruptcy Court, provided that the Indirect PI Trust Claim has not yet been withdrawn, disallowed or expunged by an order of the Bankruptcy Court entered on or before the Voting Record Date.

b.    **Calculation of Votes With Respect to Asbestos PI Claims**

    i.    **Individual Holders of Asbestos PI Claims.** Each Holder of an Asbestos PI Claim (other than an Indirect PI Trust Claim, discussed in Section 3(b)(ii) below) will have a single vote on the Plan in an amount based upon the type of disease that forms the basis for such Holder's asserted Asbestos PI Claim. The amount of an Asbestos PI Claim, to be used solely for purposes of voting to accept or reject the Plan, is as follows:

    (A)    If the basis for the Asbestos PI Claim is alleged to be **"MESOTHELIOMA"** (**Disease Level VIII**) (according to the criteria set forth in the TDP, which criteria will be described in the instructions on the Ballot), then each Holder of an Asbestos PI Claim of the type shall vote his or her Asbestos PI Claim in an amount equal to the scheduled value for "Mesothelioma" in the TDP (which scheduled value will be set forth in the instructions to the Ballot). **Claim amount for voting purposes only: $180,000.**

    (B)    If the basis for the Asbestos PI Claim is alleged to be **"LUNG CANCER 1"** (**Disease Level VII**) (according to the criteria set forth in the TDP, which criteria will be described in the instructions on the Ballot), then each Holder of an Asbestos PI Claim of the type shall vote his or her Asbestos PI Claim in an amount equal to the scheduled value for "Lung Cancer 1" in the TDP (which scheduled value will be set forth in the instructions to the Ballot). **Claim amount for voting purposes only: $42,000.**

    (C)    If the basis for the Asbestos PI Claim is alleged to be **"LUNG CANCER 2"** (**Disease Level VI**) (according to the criteria set forth in the TDP, which criteria will be described in the instructions on the Ballot), then each Holder of an Asbestos PI Claim of the type shall vote his or her Asbestos PI Claim in an amount equal to the scheduled value for "Lung Cancer 2" in the TDP (which average value will be set forth in the instructions to the Ballot). **Claim amount for voting purposes only: $14,000.**

    (D)    If the basis for the Asbestos PI Claim is alleged to be **"OTHER CANCER"** (**Disease Level V**) (according to the criteria set forth in the TDP, which criteria will be described in the instructions on the Ballot), then each Holder of an Asbestos PI Claim of the type

Exhibit C

shall vote his or her Asbestos PI Claim in an amount equal to the scheduled value for "Other Cancer" in the TDP (which scheduled value will be set forth in the instructions to the Ballot). **Claim amount for voting purposes only: $20,000.**

(E)     If the basis for the Asbestos PI Claim is alleged to be **"SEVERE ASBESTOSIS"** (**Disease Level IV-A**) (according to the criteria set forth in the TDP, which criteria will be described in the instructions on the Ballot), then each Holder of an Asbestos PI Claim of the type shall vote his or her Asbestos PI Claim in an amount equal to the scheduled value for "Severe Asbestosis" in the TDP (which scheduled value will be set forth in the instructions to the Ballot). **Claim amount for voting purposes only: $50,000.**

(F)     If the basis for the Asbestos PI Claim is alleged to be **"SEVERE DISABLING PLEURAL DISEASE"** (**Disease Level IV-B**) (according to the criteria set forth in the TDP, which criteria will be described in the instructions on the Ballot), then each Holder of an Asbestos PI Claim of the type shall vote his or her Asbestos PI Claim in an amount equal to the scheduled value for "Severe Disabling Pleural Disease" in the TDP (which scheduled value will be set forth in the instructions to the Ballot). **Claim amount for voting purposes only: $50,000.**

(G)     If the basis for the Asbestos PI Claim is alleged to be **"ASBESTOSIS/PLEURAL DISEASE"** (**Disease Level III**) (according to the criteria set forth in the TDP, which criteria will be described in the instructions on the Ballot), then each Holder of an Asbestos PI Claim of the type shall vote his or her Asbestos PI Claim in an amount equal to the scheduled value for "Asbestosis/Pleural Disease" in the TDP (which scheduled value will be set forth in the instructions to the Ballot). **Claim amount for voting purposes only: $7,500.**

(H)     If the basis for the Asbestos PI Claim is alleged to be **"ASBESTOSIS/PLEURAL DISEASE"** (**Disease Level II**) (according to the criteria set forth in the TDP, which criteria will be described in the instructions on the Ballot), then each Holder of an Asbestos PI Claim of the type shall vote his or her Asbestos PI Claim in an amount equal to the scheduled value for "Asbestosis/Pleural Disease" in the TDP (which scheduled value will be set forth in the instructions to the Ballot). **Claim amount for voting purposes only: $2,500.**

(I)     If the basis for the Asbestos PI Claim is alleged to be **"OTHER ASBESTOS DISEASE"** (**Disease Level I**) (according to the criteria set forth in the TDP, which criteria will be described in the

Exhibit C

instructions on the Ballot), then each Holder of an Asbestos PI Claim of the type shall vote his or her Asbestos PI Claim in an amount equal to the scheduled value for "Other Asbestos Disease" in the TDP (which scheduled value will be set forth in the instructions to the Ballot). **Claim amount for voting purposes only: $300.**

*The designation of the disease level by the Holder of an Asbestos PI Claim or his or her attorney and the value assigned to the Holder's claim will <u>not</u> be binding upon the Holder, the Debtors, the Asbestos PI Trust or any other Entity for any purpose other than confirming the Plan.*

Only one (1) disease level may be selected for each Holder of an Asbestos PI Claim. In the event more than one (1) disease level is selected by or on behalf of a Holder of an Asbestos PI Claim, the Voting Agent shall count solely the selected disease level with the highest value for voting purposes. In the event a Ballot or Master Ballot fails to indicate the disease level of a Holder of an Asbestos PI Claim, the vote of the Holder of such Asbestos PI Claim shall be counted for voting purposes only in the amount of $1.00.

ii.     **Indirect PI Trust Claims.** Each Holder of an Indirect PI Trust Claim that is unliquidated and/or contingent will have a single vote in the amount, for voting purposes only, of $1.00, which does not constitute an allowance of such Claim for purposes of distribution. However, if the Holder's Claim has been allowed in a liquidated amount, the Holder shall be entitled to vote the allowed liquidated amount of such Claim. This provision is without prejudice to the rights of the Holders of such Claims or the Asbestos PI Trust in any other context.

iii.    **Required Certifications Regarding Compensable Claim.** No vote for or against the Plan by or on behalf of a Holder of an Asbestos PI Claim (other than an Indirect PI Trust Claim) shall be counted by the Voting Agent unless the Ballot or Master Ballot reflecting such vote is submitted to the Voting Agent with written certifications, in the form contained on the Ballot and/or Master Ballot, which certifications shall be under penalty of perjury. Individual Ballots shall contain a certification that (A) the Holder of such Asbestos PI Claim has experienced exposure to an asbestos-containing material or product with respect to which the Debtors have legal liability, and (B) the Holder of such Asbestos PI Claim has the disease level asserted on such Holder's Ballot, based on medical records or similar documentation in the possession of the party/parties specified on the Ballot. Master Ballots shall contain the certifications set forth in Section 3(c)(ii) below.

c.      **Completion and Return of Master Ballots by Attorneys for Holders of Asbestos PI Claims.** Attorneys who represent individual Holders of Asbestos PI

K&E 13254000.25

Claims shall be permitted to cast Ballots for such Holders, but only to the extent such attorneys have the authority under applicable bankruptcy or non-bankruptcy law to do so, and so certify in the manner set forth herein and on the Master Ballots respecting Asbestos PI Claims. Each attorney voting on behalf of the individuals he or she represents who hold or assert Asbestos PI Claims shall complete a Master Ballot, which will set forth the votes cast by such attorney on behalf of any such clients. The following procedures will govern the completion and return of a Master Ballot.

i.    **Summarizing Votes on the Master Ballot:**

(A)    The Master Ballot shall contain the following options for voting, one of which shall be marked by the attorney:

(I)    "**ALL** of the individuals listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 6 Asbestos PI Claims, **ACCEPT** the Plan."

(II)    "**ALL** of the individuals listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 6 Asbestos PI Claims, **REJECT** the Plan."

(III)    "**SOME** of the individuals listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 6 Asbestos PI Claims, **ACCEPT** the Plan, while other individuals on the Exhibit accompanying this Master Ballot **REJECT** the Plan."

(B)    The attorney completing the Master Ballot also will have to complete a summary of votes on the Plan for each disease level of Asbestos PI Claims for which the attorney is voting on the Plan, substantially in the form below:

| Disease Level | Votes <u>Accepting</u> the Plan | Votes <u>Rejecting</u> the Plan | Total Votes |
|---|---|---|---|
| Mesothelioma (Level VIII) | | | |
| Lung Cancer 1 (Level VII) | | | |
| Lung Cancer 2 (Level VI) | | | |
| Other Cancer (Level V) | | | |
| Severe Asbestosis (Level IV-A) | | | |
| Severe Disabling Pleural Disease | | | |

8                                                      <u>Exhibit C</u>

| | | | |
|---|---|---|---|
| (Level IV-B) | | | |
| Asbestosis/Pleural Disease (Level III) | | | |
| Asbestosis/Pleural Disease (Level II) | | | |
| Other Asbestos Disease (Level I) | | | |
| **Total Votes** | | | |

ii. **Certification by Attorney of Authority to Vote and Related Issues:**

(A)    The Master Ballot will contain certifications, which shall be under penalty of perjury pursuant to 28 U.S.C. § 1746, to be completed by the attorney preparing and signing the Master Ballot pursuant to which such attorney will certify that he or she (I) has the authority under applicable bankruptcy or non-bankruptcy law to cast a Ballot on the Plan on behalf of the Holders of each of the Asbestos PI Claims listed on the exhibit to the Master Ballot, and (II) has the authority to represent the disease category indicated with respect to each Holder of an Asbestos PI Claim listed on the exhibit attached to the Master Ballot, which disease category is true and correct.

(B)    If the attorney is unable to make such certifications on behalf of any Holder of an Asbestos PI Claim whom he or she represents, the attorney may *not* cast a vote on behalf of such claimant and *must* timely send the information relating to the names and addresses of its clients for whom he or she may not vote to the Voting Agent in accordance with Section 3(a)(i)(B) of these Voting Procedures.

iii. **Summary Sheet Exhibit to the Master Ballot:**

(A)    Each attorney shall prepare an electronic list on a CD-ROM, which list should be in Excel™ or a comparable application, as an Exhibit to the Master Ballot.  The Exhibit should include each of the following fields (in the order listed):  (I) the last four digits of the Social Security number of the Claimant; (II) the last name of the Claimant; (III) the first name of the Claimant; (IV) the street address of the Claimant; (V) the town of residence of the Claimant; (VI) the state of residence of the Claimant; (VII) the zip code of the Claimant's residence; (VIII) the disease level of the Claimant; and (IX) whether the Claimant votes to accept or reject the Plan.  A sample template is set forth below and may also be downloaded in Excel™ format from the Voting Agent's website at www.bmcgroup.com/wrgrace.  ***If an attorney certifies that he/she does not have access to Excel™or a comparable application and***

9                                                        Exhibit C

*represents fewer than 100 Holders of Asbestos PI Claims, then the attorney may provide the Exhibit in hard copy.*

Sample Exhibit

| Last Four Digits of Soc. Sec. No. | Last Name | First Name | Street Address | Town | State | Zip Code | Disease Level | Accept or Reject |
|---|---|---|---|---|---|---|---|---|
| 1234 | Smith | John | Any Street | Town | State | 12345 | VIII - Mesothelioma | Accept |

(B)    In the event of any discrepancy between the information contained in a Master Ballot and the summary of votes, as required by Section 3(c)(i) hereof, and the information contained in the Exhibit to the Master Ballot described above, the Exhibit to the Master Ballot shall control.

(C)    The CD-ROM Exhibit required under Section 3(c)(iii)(A) above must be enclosed with the Master Ballot, and the completed Master Ballot and Exhibit must be returned to the Voting Agent in accordance with Sections 9(d) and (e) of these Voting Procedures.

**4.    Distribution of Solicitation Packages -- To Holders of Class 10 Parent Common Stock.**

a.    **Equity Interests:**  Except as otherwise provided herein, the following procedures shall apply to solicitation with respect to the Holders of Parent Common Stock:

i.    **List of Record Holders:** Pursuant to Bankruptcy Rules 1007(i) and 3017(e), within three (3) business days after the Voting Record Date, the Transfer Agent shall provide to the Voting Agent (A) a copy of the list of the names, addresses, and holdings of the Holders of Parent Common Stock as of the Voting Record Date in an electronic file, and (B) such other information as the Voting Agent deems reasonable and necessary to perform its duties hereunder.  The Voting Agent shall use such list and other information only for purposes consistent with these Voting Procedures.

ii.    **Determination of Number of Beneficial Owners:**  As soon as practicable after the entry of the Disclosure Statement Order, the Voting Agent shall attempt to contact the institutional Holders of record of Parent Common Stock or their agent to ascertain the number of beneficial owners of such Parent Common Stock holding through such Nominees.

iii.    **Distribution to Record Holders Other than Nominees:**  The Voting Agent will cause a Solicitation Package to be served upon each registered

Exhibit C

record Holder (other than Nominees), as of the Voting Record Date, of any Parent Common Stock.

iv.   **Distribution to Nominees**:  For Parent Common Stock, the Voting Agent will cause Solicitation Packages to be served upon each Nominee in sufficient numbers estimated to allow dissemination of Solicitation Packages to each of the beneficial owners of Parent Common Stock for which it serves with instructions to each Nominee to contact the Voting Agent for additional sets of Solicitation Packages, if necessary, and promptly (within five (5) business days after receipt of the Solicitation Packages) distribute the Solicitation Packages to the beneficial owners for which it serves.  Upon request by a Nominee, the Voting Agent shall send any such Entity a Solicitation Package.

(A)   **Nominees' Options for Obtaining Votes**:  Nominees shall have two options for obtaining votes of beneficial owners of Parent Common Stock, consistent with customary practices for obtaining votes of securities held in street name.

(I)   The Nominee may "prevalidate" the individual Ballot contained in the Solicitation Package and send it to the beneficial owner of Parent Common Stock for voting within five (5) business days after the receipt by such Nominee of the Solicitation Package.  The beneficial owner shall then complete and return the "prevalidated" individual Ballot directly to the Voting Agent in the return envelope to be provided in the Solicitation Package.  A Nominee "prevalidates" a beneficial owner's Ballot by completing and executing the beneficial owner's Ballot (except items 2 and 3) in accordance with the instructions provided and by indicating thereon the name of the beneficial owner, the Nominee's name and DTC Participant No., the amount of Parent Common Stock held by the Nominee on behalf of the beneficial owner, and the appropriate account numbers through which the beneficial owner's holdings are derived; or

(II)   The Nominee may forward the Solicitation Package to the beneficial owner of the Parent Common Stock for voting along with a return envelope provided by and addressed to the Nominee.  The beneficial owner shall then complete and return the individual Ballot to the Nominee.  In such case, the Nominee shall summarize the votes of its respective beneficial owners on a Master Ballot, which shall be provided to the Nominee separately by the Voting Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master

Ballot to the Voting Agent. *The Nominee shall advise the beneficial owners to return their individual Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Voting Agent so that the Master Ballot is ACTUALLY RECEIVED by the Voting Agent by the Voting Deadline.*

(B)    **Reimbursement of Expenses:**  The Debtors may, upon written request, and without application to or Order of the Bankruptcy Court, reimburse the Transfer Agent, Nominees, or any of their agents, for reasonable, actual, and necessary out-of-pocket expenses incurred in performing the tasks described above.

5.    **Distribution of Solicitation Packages To, and Special Procedures for, Class 7 Asbestos PD Claims:**

a.    **Distribution of Solicitation Packages:**  The Voting Agent will cause Solicitation Packages to be served with respect to Holders of Class 7 Asbestos PD Claims as follows:

i.    **Class 7A Asbestos PD Claims:**  Except as otherwise provided for in Section 5(b) below, the Voting Agent will cause a Solicitation Package to be served upon each Holder of a Class 7A Asbestos PD Claim (including Indirect PD Trust Claims) who has filed a proof of such claim with the Bankruptcy Court on or before the March 2003 Bar Date, which has not been withdrawn by the Holder or disallowed or expunged by order of the Bankruptcy Court entered on or before the Voting Record Date.   The Voting Agent will cause a Notice of Non-Voting Claim Status to be served upon Holders of Class 7A Asbestos PD Claims that were not timely filed on or before the March 2003 Bar Date unless such claims have already been expunged or disallowed by order of the Bankruptcy Court entered on or before the Voting Record Date.

ii.    **Class 7B Asbestos PD Claims:**  Except as otherwise provided for in Section 5(b) below, the Voting Agent will cause a Solicitation Package to be served upon (A) each Holder of a Class 7B Asbestos PD Claim who has filed a proof of such claim with the Bankruptcy Court on or before the US ZAI Bar Date, which has not been withdrawn by the Holder or disallowed or expunged by order of the Bankruptcy Court entered on or before the Voting Record Date, and (B) the US ZAI Class Representatives (through service upon US ZAI Class Counsel).  The Voting Agent will cause a Notice of Non-Voting Claim Status to be served upon Holders of Class 7B Asbestos PD Claims that were not timely filed on or before the US ZAI Bar Date unless such claims have already been expunged or disallowed by order of the Bankruptcy Court entered on or before the Voting Record Date.

b.    **Distribution of Master Ballots to Attorneys Representing Individual Holders of Class 7 Asbestos PD Claims:**  A single Solicitation Package with a Master Ballot for Class 7A Asbestos PD Claims or Class 7B Asbestos PD Claims will be served upon each attorney known by the Debtors (based on the proofs of claim filed by the March 2003 Bar Date or the US ZAI Bar Date) to represent multiple Holders of Class 7A Asbestos PD Claims or Class 7B Asbestos PD Claims.  If an attorney is known to represent multiple Holders of both Class 7A Asbestos PD Claims and Class 7B Asbestos PD Claims, the attorney shall receive a Master Ballot for each subclass.  *Solicitation Packages will **not** be served upon the Holders of Class 7 Asbestos PD Claims, except (i) where a Holder of a Class 7 Asbestos PD Claim requests a Solicitation Package in accordance with these Voting Procedures, (ii) where a proof of claim with respect to a Class 7 Asbestos PD Claim is signed and filed by the Holder, rather than the Holder's attorney, prior to the March 2003 Bar Date or the US ZAI Bar Date, as applicable, or (iii) where an attorney timely advises the Voting Agent, pursuant to Section 5(b)(i) below, of the names and addresses of individuals who hold Class 7 Asbestos PD Claims who should receive their own Solicitation Packages.*

i.    If an attorney who receives a Solicitation Package either (A) is unable to certify with respect to any Holder of a Class 7 Asbestos PD Claim represented by such attorney that such attorney has the authority to vote on the Plan on behalf of such Holder (*see* Section 5(c)(ii) below) or (B) wishes any Holder of a Class 7 Asbestos PD Claim represented by such attorney to cast his or her own Ballot on the Plan, such attorney shall, no later than twenty-one (21) days after the Solicitation Date, furnish the Voting Agent with the name, address and copy of the proof of claim filed by or on behalf of such Holder, together with any cover letter which said attorney may wish to transmit to the Holders so designated, which the Voting Agent shall include with the Solicitation Package to be transmitted to said Holders.

ii.    Attorneys who wish their clients to receive Solicitation Packages for informational purposes (without a Ballot) must provide such clients' names, addresses and the last four digits of their social security numbers or tax identification numbers, together with a cover letter from such attorney to be included with the Solicitation Packages, no later than twenty-one (21) days after the Solicitation Date.

c.    **Distribution of Ballots to Individual Holders of Class 7 Asbestos PD Claims:**

i.    **Transmittal by the Voting Agent.**  If an attorney who represents the Holder of a Class 7 Asbestos PD Claim furnishes the names and addresses of individuals or entities in accordance with Section 5(b)(i) hereof to the Voting Agent, then the Voting Agent will cause a Solicitation Package to be mailed, together with a Ballot, directly to each such individual or entity who holds or asserts such Asbestos PD Claim(s) within seven (7) days after receiving such request.

<u>Exhibit C</u>

K&E 13254000.25

ii.      **Transmittal by an Attorney.**   An attorney may choose to transmit Solicitation Packages to his or her clients directly.  If an attorney chooses to do so, such attorney must, no later than twenty-one (21) days after the Solicitation Date, furnish a written request to the Voting Agent for a specified amount of Solicitation Packages and individual Ballots, which will be provided to such attorney within seven (7) days after receipt of such written request.  The Debtors will reimburse such attorney for the actual postage incurred by the attorney.  Attorneys seeking reimbursement shall submit reasonable evidence of postage expenses incurred in order to obtain such reimbursement.

d.      **Completion and Return of Master Ballots by Attorneys for Holders of Class 7 Asbestos PD Claims.**  Attorneys who represent and have filed proofs of claims for multiple Holders of Class 7 Asbestos PD Claims shall be permitted to cast Ballots for such Holders, but only to the extent such attorneys have the authority under applicable bankruptcy or non-bankruptcy law to do so, and so certify in the manner set forth herein and on the Master Ballots respecting such claims.  Each attorney voting on behalf of the individuals or entities who he or she represents who have filed Class 7 Asbestos PD Claims shall complete a Master Ballot, which will set forth the votes cast by such attorney on behalf of any such clients.   The following procedures will govern the completion and return of a Master Ballot:

i.      **Summarizing Votes on the Class 7A Master Ballot:**

(A)      The Master Ballot for Class 7A Asbestos PD Claims shall contain the following options for voting, one of which shall be marked by the attorney:

(I)      "**ALL** of the individuals or entities listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 7A Asbestos PD Claims, **ACCEPT** the Plan."

(II)      "**ALL** of the individuals or entities listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 7A Asbestos PD Claims, **REJECT** the Plan."

(III)      "**SOME** of the individuals or entities listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 7A Asbestos PD Claims, **ACCEPT** the Plan, while other individuals or entities on the Exhibit accompanying this Master Ballot **REJECT** the Plan."

(B)      The attorney completing the Master Ballot also will have to complete a summary of votes on the Plan for the Holders of Class 7A Asbestos PD Claims for which the attorney is voting on the Plan.  The summary shall state as follows:

| Holders of Class 7A Asbestos PD Claims Voting to **Accept** the Plan | Holders of Class 7A Asbestos PD Claims Voting to **Reject** the Plan |
|---|---|
|  |  |

ii.     **Summarizing Votes on the Class 7B Master Ballot:**

(A)     The Master Ballot for Class 7B Asbestos PD Claims shall contain the following options for voting, one of which shall be marked by the attorney:

(I)     "**ALL** of the individuals or entities listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 7B Asbestos PD Claims, **ACCEPT** the Plan."

(II)     "**ALL** of the individuals or entities listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 7B Asbestos PD Claims, **REJECT** the Plan."

(III)     "**SOME** of the individuals or entities listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 7B Asbestos PD Claims, **ACCEPT** the Plan, while other individuals or entities on the Exhibit accompanying this Master Ballot **REJECT** the Plan."

(B)     The attorney completing the Master Ballot also will have to complete a summary of votes on the Plan for the Holders of Class 7B Asbestos PD Claims for which the attorney is voting on the Plan.  The summary shall state as follows:

| Holders of Class 7B Asbestos PD Claims Voting to **Accept** the Plan | Holders of Class 7B Asbestos PD Claims Voting to **Reject** the Plan |
|---|---|
|  |  |

iii.     **Certification by Attorney of Authority to Vote and Related Issues:**

(A)     The Master Ballot will contain certifications, which shall be under penalty of perjury pursuant to 28 U.S.C. § 1746, to be completed by the attorney preparing and signing the Master Ballot pursuant to which such attorney will certify that he or she has the authority under applicable bankruptcy or non-bankruptcy law to cast a Ballot on the Plan on behalf of the Holders of each of the Class 7A Asbestos PD Claims or Class 7B Asbestos PD Claims listed on the exhibit to the Master Ballot.

<u>Exhibit C</u>

(B)     If the attorney is unable to make such certification on behalf of any Holder of a Class 7A Asbestos PD Claim or Class 7B Asbestos PD Claim whom he or she represents, the attorney may *not* cast a vote on behalf of such claimant and *must* timely send the information relating to the names and addresses of its clients for whom he or she may not vote to the Voting Agent in accordance with Section 5(b)(i)(A) of these Voting Procedures.

iv.     **Summary Sheet Exhibit to the Master Ballot:**

(A)     Each attorney shall prepare an electronic list on a CD-ROM, which list should be in Excel™ or a comparable application, as an Exhibit to the Master Ballot.  The Exhibit should include each of the following fields (in the order listed):  (I) the proof of claim number of each Claimant's claim (to be completed by the Voting Agent); (II) the last name of the Claimant; (III) the first name of the Claimant; (IV) the street address of the Claimant; (V) the town of residence of the Claimant; (VI) the state of residence of the Claimant; (VII) the zip code of the Claimant's residence; and (VIII) whether the Claimant votes to accept or reject the Plan.  A sample template is set forth below and may also be downloaded in Excel™ format from the Voting Agent's website at www.bmcgroup.com/wrgrace.  ***If an attorney certifies that he/she does not have access to Excel™ or a comparable application <u>and</u> represents fewer than 100 Holders of Asbestos PD Claims, then the attorney may provide the Exhibit in hard copy.***

<u>Sample Exhibit</u>

| Proof of Claim No. | Last Name | First Name | Street Address | Town | State | Zip Code | Accept or Reject |
|---|---|---|---|---|---|---|---|
| 1234 | Smith | John | Any Street | Town | State | 12345 | Accept |

(B)     In the event of any discrepancy between the information contained in a Master Ballot and the summary of votes, as required by Section 5(c)(i) hereof, and the information contained in the Exhibit to the Master Ballot described above, the Exhibit to the Master Ballot shall control.

(C)     The CD-ROM Exhibit required under Section 5(d)(iv)(A) above must be enclosed with the Master Ballot, and the completed Master Ballot and Exhibit must be returned to the Voting Agent in accordance with Sections 9(d) and (e) of these Voting Procedures.

16                                          <u>Exhibit C</u>

6.  **Distribution of Solicitation Packages -- Holders of Class 8 Canadian ZAI PD Claims:**

   a.   Under applicable Canadian law, the CCAA Representative Counsel has been empowered and authorized to vote to accept or reject the Plan on behalf of the Class 8 CDN ZAI PD Claims in accordance with the Minutes of Settlement of Canadian ZAI Claims.  Accordingly, the Voting Agent will cause a Solicitation Package to be served only upon the CCAA Representative Counsel.

7.  **Distribution of Solicitation Packages -- To Holders of Class 9 General Unsecured Claims (Provisional Vote):**

   a.   **Scheduled Claims**:  Except as otherwise provided herein, the Voting Agent will cause a Solicitation Package to be served upon each Holder of a General Unsecured Claim against the Debtors that is listed in the Schedules as of the Voting Record Date with a Claim in excess of $0.00 other than Claims designated in the Schedules as contingent, unliquidated and/or disputed, *provided, however*, that each Holder of a General Unsecured Claim that is otherwise entitled to receive a Solicitation Package pursuant to this Section and is also entitled to receive a Solicitation Package pursuant to Section 7(b) below shall be entitled to receive only one Solicitation Package.

   b.   **Filed Claims**:  Except as otherwise provided herein, the Voting Agent will cause a Solicitation Package to be served upon each Holder of a General Unsecured Claim that is represented by a proof of claim filed against the Debtors that (i) has not been withdrawn, disallowed or expunged by an order of the Bankruptcy Court entered on or before the Voting Record Date and (ii) is not the subject of a pending objection as of the Voting Record Date.  If the Debtors determine that a proof of claim filed against the Debtors is not a Class 9 General Unsecured Claim, then the Debtors shall not be required to serve a Solicitation Package to the Holder of such Claim, unless the Holder of such Claim is otherwise entitled to receive a Solicitation Package under these Voting Procedures, and instead shall serve upon the Claimant a Confirmation Hearing Notice and a Notice of Non-Voting Class Status.  The Voting Agent will send to Holders of General Unsecured Claims that are subject to a pending objection as of the Voting Record Date a Confirmation Hearing Notice and a Notice of Non-Voting Claim Status.

   c.   **Bank Claims**:  The Administrative Agent shall make the register of Lenders maintained pursuant to each of the Pre-petition Credit Facilities available to the Voting Agent as an agent of the Debtors.  Following receipt of the register of Lenders, the Voting Agent will cause a Solicitation Package (including an appropriate Ballot) to be served upon each Lender holding a General Unsecured Claim arising from the Pre-petition Credit Facilities as of the Voting Record Date.

Exhibit C

8.    **Distribution of Solicitation Packages -- To Other Parties:**

    a.    The Voting Agent will cause a Solicitation Package to be served upon (i) the Securities and Exchange Commission, (ii) the Office of the United States Trustee for the District of Delaware, (iii) the Internal Revenue Service, (iv) the attorneys for each official committee appointed in the Debtors' chapter 11 cases, (v) the attorneys for the Asbestos PI Future Claimants' Representative, (vi) the attorneys for the Asbestos PD Future Claimants' Representative, (vii) the attorneys for the agent for the Debtors' pre-petition bank lenders, (viii) the attorneys for the agent for the Debtors' postpetition bank lenders, and (ix) each party that filed a notice of appearance with the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 2002.

9.    **Return of Ballots:**

    a.    **Claimants that Are Entitled to Vote:**

        i.    Each Holder of an Asbestos PI Claim (other than an Indirect PI Trust Claim) is entitled to vote to accept or reject the Plan.

        ii.    Each Holder of an Indirect PI Trust Claim that has not been disallowed or expunged by order of the Bankruptcy Court entered on or before the Record Date is entitled to vote to accept or reject the Plan.  With respect to any Indirect PI Trust Claim that has been transferred after the applicable proof of claim has been filed, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of such Indirect PI Trust Claim only if (X) all actions necessary to the transfer of the Indirect PI Trust Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (Y) the transferee files by the Voting Record Date (I) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (II) a sworn statement of the transferor supporting the validity of the transfer.

        iii.    Each Holder of an Asbestos PD Claim is entitled to vote to accept or reject the Plan as follows:

            (A)    **Class 7A Asbestos PD Claims**:  Each Holder of a Class 7A Asbestos PD Claim that is being solicited pursuant to these Voting Procedures is entitled to vote to accept or reject the Plan <u>solely</u> to the extent required by section 524(g) of the Bankruptcy Code.

            (B)    **Class 7B Asbestos PD Claims**:

                (I)    Each Holder of a Class 7B Asbestos PD Claim who timely filed a proof of its claim on or before the US ZAI Bar Date that has not been withdrawn or expunged or disallowed by order of the Court as of the Voting Record Date is entitled

18                                                    <u>Exhibit C</u>

> to vote to accept or reject the Plan under both sections 524(g) and 1126(c) of the Bankruptcy Code.

> (II)    The US ZAI Class Representatives are entitled to vote to accept or reject the Plan for purposes of both sections 524(g) and 1126(c) of the Bankruptcy Code on behalf of each Holder of a Class 7B Asbestos PD Claim in the US ZAI Rule 23 Class who does not individually vote to accept or reject the Plan.

iv.    The CCAA Representative Counsel shall be entitled to vote to accept or reject the Plan on behalf of all Holders of Canadian ZAI PD Claims in the manner and to the extent provided in the Minutes of Settlement of Canadian ZAI Claims and the Canadian Settlement Approval Order.

v.    Each Holder of a General Unsecured Claim that is being solicited pursuant to these Voting Procedures shall be entitled to vote to accept or reject the Plan on a provisional basis. Such votes will be given effect only if it is determined that Class 9 is an impaired Class under section 1124 of the Bankruptcy Code. If it is determined that Class 9 is unimpaired, then Class 9 will be deemed to accept the Plan and any and all Ballots cast by Holders of General Unsecured Claims will be disregarded for all purposes.

b.    **Equity Interests that Are Entitled to Vote:**  Each Holder of Parent Common Stock as of the Voting Record Date is entitled to vote to accept or reject the Plan.

c.    **Authority to Complete and Execute Ballots:**  If a Ballot or Master Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or any other Entity acting in a fiduciary or representative capacity, such person must indicate such capacity when signing. The authority of the signatory of each Ballot or Master Ballot to complete and execute the Ballot or Master Ballot shall be presumed, but each such signatory shall certify under penalty of perjury, by executing the Ballot or Master Ballot, that he or she has such authority and shall provide evidence of such authority upon request of the Voting Agent**.**

d.    **Place to Send Completed Ballots and Master Ballots:**

i.    **Voting Agent:**  All Ballots and Master Ballots should be returned by mail, hand-delivery or overnight courier to the Voting Agent as follows:

| **By U.S. Mail:** | **By Courier:** |
|---|---|
| BMC Group, Inc. | BMC Group, Inc. |
| Attn: W. R. Grace Voting Agent | Attn: W. R. Grace Voting Agent |
| P.O. Box 2007 | 17850 Lake Drive East |
| Chanhassen, MN 55317-2007 | Chanhassen, MN 55317 |

<u>Exhibit C</u>

e. **Deadline for Receiving Completed Ballots and Master Ballots:**

    i.    All Ballots and Master Ballots must be ***actually received*** by the Voting Agent by the Voting Deadline. <u>The Voting Agent will NOT accept Ballots or Master Ballots submitted by facsimile or electronic transmission.</u> If any Ballot or Master Ballot is received by the Voting Agent after the Voting Deadline, the vote(s) recorded on that Ballot or Master Ballot will not be counted for purposes of voting on the Plan.

    ii.    The Voting Agent will date and stamp all Ballots and Master Ballots when received. In addition, the Voting Agent will retain a copy of such Ballots and Master Ballots for a period of one (1) year after the Effective Date of the Plan, unless otherwise instructed by the Debtors, in writing, or otherwise ordered by the Bankruptcy Court.

10. **Tabulation of Ballots - Determination of Amount of Claims and Equity Interests Voted:**

    a.    **Asbestos PI Claims:** The amount of Asbestos PI Claims for purposes of voting to accept or reject the Plan shall be calculated as provided in Section 3(b) of these Voting Procedures.

    b.    **Asbestos PD Claims:**

    i.    <u>Class 7A Asbestos PD Claims</u>: The Debtors are soliciting the votes of Holders of Class 7A Asbestos PD Claims <u>solely</u> to the extent required by section 524(g) of the Bankruptcy Code. Each Class 7A Asbestos PD Claim that (A) has been filed with the Bankruptcy Court on or before the March 2008 Bar Date and (B) has not been withdrawn by the Holder or disallowed or expunged by order of the Bankruptcy Court entered on or before the Voting Record Date, shall be entitled to one vote for purposes of acceptance or rejection of the Plan under section 524(g) of the Bankruptcy Code.

    ii.    <u>Class 7B Asbestos PD Claims</u>: The Debtors are soliciting the votes of Holders of Class 7B Asbestos PD Claims for purposes of both section 524(g) and 1126 of the Bankruptcy Code. Each Class 7B Asbestos PD Claim that (A) has been filed with the Bankruptcy Court on or before the US ZAI Bar Date and (B) has not been withdrawn by the Holder or disallowed or expunged by order of the Bankruptcy Court entered on or before the Voting Record Date, shall be entitled to one vote for purposes of acceptance or rejection of the Plan under section 524(g) of the Bankruptcy Code. In addition, each Holder of a Class 7B Asbestos PD Claim shall be entitled to one vote in the amount of $1.00 on account of its Claim for purposes of section 1126 of the Bankruptcy Code, which does not constitute an allowance of such Claim for purposes of distribution and

<u>Exhibit C</u>

is without prejudice to the rights of the Holder of such Claim, the Asbestos PD Trust, the Debtors or the Reorganized Debtors in any other context.

iii.    <u>US ZAI Class Representatives</u>:  For purpose of both sections 524(g) and 1126 of the Bankruptcy Code, the US ZAI Class Representatives shall be entitled to vote the US ZAI PD Claims of all of the members of the US ZAI Rule 23 Class who do not individually vote to accept or reject the Plan.

iv.    <u>Tabulation for Purposes of Sections 524(g) and 1126 of the Bankruptcy Code</u>:  The Debtors shall add the votes from Holders of Asbestos PD Claims in Class 7A and Class 7B together for purposes of determining acceptance or rejection of the Plan by Class 7 pursuant to section 524(g) of the Bankruptcy Code.  The Debtors shall tabulate the votes of the Holders of Class 7B Asbestos PD Claims separately for purposes of determining acceptance or rejection of the Plan by Class 7B pursuant to section 1126(c) of the Bankruptcy Code.

c.    **Equity Interests:**  Each registered holder or beneficial owner of Parent Common Stock is entitled to a vote equal to the number of registered holder's or beneficial owner's shares of Parent Common Stock as of the Voting Record Date. With respect to the tabulation of Ballots and Master Ballots for Equity Interests in the Parent, for purposes of voting, the amount to be used to tabulate acceptance or rejection of the Plan is as follows (in order of priority):

i.    Votes cast by beneficial owners holding Parent Common Stock through a Nominee will be applied against the positions held by such entities as of the Voting Record Date, as evidenced by the record and depository listings.  Votes submitted by a Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, will not be counted in excess of the Record Amount of Parent Common Stock held by such Nominee.

ii.    To the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or prevalidated Ballots, the Voting Agent will attempt to resolve the conflict or overvote prior to the preparation of the vote certification.

iii.    To the extent that overvotes on a Master Ballot or on prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Nominee's position in Parent Common Stock.

iv.    Multiple Master Ballots may be completed by a single Nominee and delivered to the Voting Agent.  Votes reflected by multiple Master Ballots will be counted, except to the extent that they are duplicative of other

Master Ballots. If two or more Master Ballots are inconsistent, the latest otherwise valid Master Ballot received prior to the Voting Deadline will, to the extent of any such inconsistency, supersede and revoke any prior Master Ballot.

v.  For purposes of tabulating votes, each registered holder or beneficial holder of Parent Common Stock will be deemed to have voted the full amount of its holdings relating to Parent Common Stock.

d.  **Canadian ZAI PD Claims:**  The aggregate value of Class 8 CDN ZAI PD Claims for voting purposes will be $6,500,000, which represents the payment to the CDN ZAI PD Claims Fund pursuant to the CDN ZAI Minutes of Settlement.

e.  **General Unsecured Claims:**  If it is determined that Class 9 General Unsecured Claims is impaired pursuant to section 1124 of the Bankruptcy Code, then the amount to be used to tabulate acceptance or rejection of the Plan will be as follows (in order of priority):

i.  If (A) prior to the Voting Deadline, a Claim has been allowed fully or partially , whether for all purposes or for voting purposes only, pursuant to a Bankruptcy Court order or Bankruptcy Court-approved procedures, (B) prior to the Voting Deadline, the Debtors and the Holder of a Claim File a stipulation agreeing to fully or partially allow such Claim for voting purposes only and no objection to such allowance is received by the Debtors within seven (7) calendar days after service by first-class mail of notice of such agreement to the parties upon whom notice is required, or (C) after the Voting Deadline, the Bankruptcy Court enters an order allowing a Claim for voting purposes only in response to a timely Filed Voting Motion, the amount allowed thereunder.

ii.  The liquidated amount specified in a proof of claim timely Filed in accordance with the March 2003 Bar Date Order, so long as such Claim has not been disallowed or expunged by the Bankruptcy Court and is not the subject of an objection pending as of the Voting Record Date, *provided*, *however*, that the Holders of Claims arising from the Pre-petition Credit Facilities shall be entitled to vote such Claims, subject to the limitation in Section 10(e)(vi) below, notwithstanding the pending objection to post-petition interest payable in relation to such Claims.

iii.  The amount of the Claim listed in the Schedules as liquidated, undisputed and noncontingent.

iv.  If a Claim is recorded in the Schedules or on a proof of claim as unliquidated, contingent and/or disputed only in part, the Holder of the Claim shall be entitled to vote that portion of the Claim that is liquidated, noncontingent and undisputed in the liquidated, noncontingent and

22                                                          Exhibit C

undisputed amount, subject to any limitations set forth herein and unless otherwise ordered by the Bankruptcy Court.

v.    If a proof of claim has been timely filed in accordance with the March 2003 Bar Date Order and such Claim is wholly unliquidated or contingent, the Claim amount, for voting purposes only, shall be $1.00, so long as such Claim has not been disallowed or expunged by the Bankruptcy Court and is not the subject of an objection pending as of the Voting Record Date.

vi.    With respect to (i) through (v) above, any amount of post-petition interest that may be payable with respect to a Claim under the Plan shall not be included for purposes of tabulating votes to accept or reject the Plan.

f.    **Voting Motions and Classification Objections.**

i.    Any Holder of a Claim who seeks to challenge the amount of its Claim for voting purposes may file a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in an amount requested for purposes of voting (a "**Voting Motion**").

(A)    A Voting Motion must be filed on or before the Voting Deadline.

(B)    A Voting Motion must be accompanied by a declaration by an appropriate representative of the moving party that (I) attaches a completed Ballot indicating how such party intends to vote on the Plan, (II) certifies the proposed voting amount of the applicable Claim and (III) attaches any evidence in support of the proposed voting amount of such Claim.

(C)    As to any Holder of a Claim who Files a Voting Motion, such Holder's vote shall not be counted other than as provided in these Voting Procedures unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing. The hearing on a timely Filed Voting Motion may take place after the Voting Deadline.

(D)    A Holder of a Claim who timely Files a Voting Motion with a properly completed declaration as required above does not need to submit a Ballot to the Voting Agent.

ii.    Any Holder of a Claim who intends to pursue an objection to confirmation of the Plan on the grounds that such Holder's Claim is not properly classified may request a Ballot from the Voting Agent for provisional voting under a different Class and may vote to accept or reject the Plan pursuant to the following procedures:

Exhibit C

(A)    The objecting Claimant must File a declaration with the Bankruptcy Court (a "**Disputed Classification Declaration**") on or before the Voting Deadline, which attaches (I) the Claimant's completed original Ballot indicating the Claimant's vote if the Debtors' classification of the Claim at issue is upheld and (II) the Claimant's completed provisional Ballot indicating the Claimant's vote if it prevails on its classification objection.

(B)    The Disputed Classification Declaration also must summarize the basis for the Claimant's classification objection.

(C)    If the objecting Claimant also disputes the amount of its Claim for voting purposes, the Claimant must File a Voting Motion pursuant to Section 10(f)(i) of these Voting Procedures in addition to Filing a Disputed Classification Declaration.

(D)    Unless otherwise ordered by the Bankruptcy Court, the Debtors shall report to the Bankruptcy Court in connection with the Confirmation Hearing the tabulation of votes for all Claims for which a Disputed Classification Declaration has been Filed using both (I) the original classification of the Claims that are subject to Disputed Classification Declarations and (II) a provisional classification reflecting the requests in the Disputed Classification Declarations.

(E)    A Claimant who Files a Disputed Classification Declaration must File its objection to the Plan and its classification of such Claimant's Claims on or before the Plan Objection Deadline.

**11.    Tabulation of Votes -- Ballots Excluded:**

A Ballot or Master Ballot will not be counted if any of the following, without limitation, applies to such Ballot or Master Ballot:

a.    The Holder submitting the Ballot or Master Ballot is not entitled to vote pursuant to Sections 9(a) and (b) hereof.

b.    The Ballot or Master Ballot is not ***actually received*** by the Voting Agent in the manner set forth in Sections 9(d) and (e) hereof by the Voting Deadline.

c.    The Ballot or Master Ballot is returned to the Voting Agent indicating acceptance or rejection of the Plan but is unsigned.

d.    The Ballot or Master Ballot is received after the Voting Deadline, regardless of when it is postmarked.

e.    The Ballot or Master Ballot is illegible or contains insufficient information to permit the identification of the Claimant or Equity Interest Holder.

<u>Exhibit C</u>

f.      The Ballot or Master Ballot is transmitted to the Voting Agent by facsimile or other electronic means.

g.      The Ballot or Master Ballot is submitted in a form that is not appropriate for such Claim or Equity Interest.

h.      A Ballot or Master Ballot that is not completed and/or lacks an original signature.

**12.    Tabulation of Votes -- General Voting Procedures and Standard Assumptions:**

In addition to the foregoing, the following voting procedures and standard assumptions will be used in tabulating Ballots and Master Ballots:

a.      A Creditor or Equity Interest Holder may not split his, her, or its vote with respect to each of its Claims or Equity Interests.  Accordingly, (i) each Creditor or Equity Interest Holder shall have a vote within a particular class for each Claim or Equity Interest held by such Holder as of the Voting Record Date, (ii) the full amount of such Holder's Claim or Equity Interest (calculated in accordance with these procedures) within a particular class shall be deemed to have been voted either to accept or reject a Plan, and (iii) any Ballot submitted by or on behalf of a particular Claim or Equity Interest that partially rejects and partially accepts the Plan shall not be counted.

b.      The Voting Agent, in its discretion, may contact voters to cure any defects in a Ballot or Master Ballot.

c.      Subject to Section 12(d) hereof, if multiple Ballots or Master Ballots are received on or prior to the Voting Deadline on account of the same Claim or Equity Interest, in the absence of contrary information establishing which Holder held such Claim or Equity Interest as of the Voting Record Date, the last valid Ballot or Master Ballot that is received by the Voting Agent prior to the Voting Deadline will be the Ballot or Master Ballot that is counted.  In the event multiple conflicting Ballots or Master Ballots are received on account of the same claim or interest on the same day, such Ballots or Master Ballots will be disregarded.

d.      If multiple Ballots are received prior to the Voting Deadline from a Holder of a Claim or Equity Interest _and_ someone purporting to be his, her, or its attorney or agent, the Ballot received from the Holder of the Claim or Equity Interest will be the Ballot that is counted, and the vote of the purported attorney or agent will not be counted.

e.      There shall be a rebuttable presumption that any Holder of a Claim or Equity Interest who submits a properly completed superseding Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such Holder's acceptance or rejection of the Plan.

<u>Exhibit C</u>

f.      A Ballot that is completed, but on which the Claimant or Equity Interest Holder did not note whether to accept or reject the Plan, shall not be counted as a vote to accept or reject the Plan.

g.      Separate proofs of claim filed against multiple Debtors on account of the same underlying debt obligation shall be deemed, collectively, to be one Claim for voting purposes.

h.      Single proofs of claim filed against multiple Debtors (*e.g.*, proofs of claim filed against "W. R. Grace & Co., *et al.*") shall be deemed to be one Claim for voting purposes.

i.      Where a Holder of a Claim or Equity Interest chooses to both accept and reject the Plan on the same Ballot, such Ballot shall not be counted as a vote to accept or reject the Plan.

## 13.   Definitions:

a.      "**Administrative Agent**" means JPMorgan Chase Bank in its capacity as administrative agent under each of the Pre-petition Credit Facilities.

b.      "**Bankruptcy Court**" means the United States Bankruptcy Court for the District of Delaware.

c.      "**Class 7A Asbestos PD Claims**" means all Asbestos PD Claims other than US ZAI PD Claims.

d.      "**Class 7B Asbestos PD Claims**" means all US ZAI PD Claims.

e.      "**Confirmation Hearing**" means the hearing on the confirmation of the Plan, as such hearing may be adjourned from time to time.

f.      "**Confirmation Hearing Notice**" means a notice of, *inter alia*, (i) approval of the Disclosure Statement and scheduling of the Confirmation Hearing, and (ii) the deadlines for voting on, and filing objections to confirmation of, the Plan, in substantially the form approved by the Bankruptcy Court in the Confirmation Procedures Order.

g.      "**Disclosure Statement**" means the disclosure statement in connection with the Plan, as approved by the Bankruptcy Court in the Disclosure Statement Order.

h.      "**Disclosure Statement Order**" means the order of the Bankruptcy Court approving the adequacy of the Disclosure Statement.[2]

---

[2]   The Bankruptcy Court may approve the Disclosure Statement as part of the Confirmation Procedures Order, rather than by separate order, in which case references to the Disclosure Statement Order shall mean the Confirmation Procedures Order.

Exhibit C

i.      **"Disputed Classification Declaration"** shall have the meaning set forth in Section 10(f) hereof.

j.      "**Lenders**" means the lenders under each of the Pre-petition Credit Facilities.

k.      **"March 2003 Bar Date"** means the bar date set by order of the Bankruptcy Court fixing March 31, 2003 as the deadline for filing certain proofs of claim, including Indirect PI Trust Claims, against the Debtors' estates.

l.      **"Master Ballot"** means a Ballot (i) filed on behalf of one or more Holders of Asbestos PI Claims or Asbestos PD Claims in accordance with the procedures set forth in Sections 3 or 5 of these Voting Procedures or (ii) filed on behalf of one or more beneficial owners of Parent Common Stock in accordance with the procedures set forth in Section 4 of these Voting Procedures.

m.      **"Nominees"** means institutional Holders of record of Equity Interests who hold Equity Interests in "street name" on behalf of beneficial owners or the agents or intermediaries of such Holders who otherwise represent such beneficial owners.

n.      **"Notice of Non-Voting Claim Status"** means a notice to be sent to (i) Holders of Class 9 General Unsecured Claims that are subject to an objection pending as of the Voting Record Date, (ii) Holders of Class 7A Asbestos PD Claims that were not filed on or before the March 2003 Bar Date unless such claims have already been expunged or disallowed by order of the Bankruptcy Court entered on or before the Voting Record Date and (iii) Holders of Class 7B Asbestos PD Claims that were not filed on or before the US ZAI Bar Date unless such claims have already been expunged or disallowed by order of the Bankruptcy Court entered on or before the Voting Record Date, in each case in the form approved by the Bankruptcy Court in the Confirmation Procedures Order.

o.      **"Notice of Non-Voting Class Status"** means a notice to be sent to Holders of Claims represented by proofs of claim Filed with the Bankruptcy Court that the Debtors have determined are within the unimpaired Classes of Claims who are not entitled to vote to accept or reject the Plan in the form approved by the Bankruptcy Court in the Confirmation Procedures Order.

p.      **"Notice to Counterparties to Executory Contracts and Unexpired Leases"** means a notice to be sent to counterparties to executory contracts and unexpired leases describing the treatment of executory contracts and unexpired leases under the Plan substantially in the form approved by the Bankruptcy Court in the Confirmation Procedures Order.

q.      **"Plan Objection Deadline"** means <u>4:00 p.m. (prevailing Eastern time), on May 20, 2009</u>, as the date established by the Bankruptcy Court to be the deadline for the filing of objections to confirmation of the Plan as provided in the *Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization* entered by the Bankruptcy Court on January 29, 2009.

       <u>Exhibit C</u>

r.      **"Publication Notice"** means a published notice of (i) approval of the Disclosure Statement and scheduling of the Confirmation Hearing, (ii) the deadlines for voting on, and filing objections to confirmation of, the Plan, and (iii) the procedures for Holders of Claims or Interests to obtain a Solicitation Package, substantially in the form approved by the Bankruptcy Court in the Confirmation Procedures Order.

s.      **"Record Amount"** means the amount shown on the records of the Nominees (as confirmed by record and depository listings) as of the Voting Record Date.

t.      **"Solicitation Date"** means the date specified in Section 2(b) of these Voting Procedures.

u.      **"Solicitation Package"** means, and will consist of, all of the following:

   i.      Confirmation Hearing Notice.

   ii.     Disclosure Statement Order (without exhibits).

   iii.    Disclosure Statement.

   iv.     Exhibit Book (with the Plan attached as an Exhibit therein).

   v.      The Voting Procedures.

   vi.     One or more applicable Ballots and/or Master Ballots, together with voting instructions and information relative to the return of the Ballots or Master Ballots.

   vii.    Pre-addressed return envelope(s).

   viii.   Any other materials ordered by the Court to be included.

v.      **"Transfer Agent"** means the transfer agent for the Parent Common Stock.

w.      **"US ZAI Bar Date"** means the bar date set by order of the Bankruptcy Court fixing October 31, 2008 as the deadline for filing proofs of claim relating to US ZAI PD Claims against the Debtors' estates.

**x.**      **"US ZAI Class Certification Order"** means the order of the Bankruptcy Court dated January 16, 2009 provisionally certifying the US ZAI Rule 23 Class and approving the US ZAI Class Representatives and the US ZAI Class Counsel.

y.      **"US ZAI Class Counsel"** means Edward J. Westbrook, Esq., Darrell W. Scott, Esq., and Elizabeth Cabraser, Esq. as counsel to the US ZAI Rule 23 Class as approved pursuant to the US ZAI Class Certification Order.

<u>Exhibit C</u>

z.  **"US ZAI Class Representatives"** means Marco Barbanti and Ralph Busch as the representatives of the US ZAI Rule 23 Class appointed pursuant to the US ZAI Class Certification Order.

aa.  **"US ZAI Rule 23 Class"** means the class comprised of all Holders of US ZAI PD Claims that were filed on or before the US ZAI Bar Date, except the United States in relation to is US ZAI PD Claims filed on behalf of the United States Forest Service, as provisionally certified by the US ZAI Class Certification Order in accordance with Rule 23 of the Federal Rules of Civil Procedures.

bb.  **"Voting Agent"** means BMC Group, Inc.

cc.  **"Voting Deadline"** means 4:00 p.m. (prevailing Eastern time), on May 20, 2009, as the date established by the Bankruptcy Court to be the deadline for the Voting Agent to receive Ballots and Master Ballots on the Plan.

dd.  **"Voting Motion"** shall have the meaning set forth in Section 10(f) hereof.

ee.  **"Voting Record Date"** means the date that is two (2) Business Days after the entry of the Disclosure Statement Order.

Exhibit C