# Exhibit D: Forms of Ballots and Master Ballots

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | |
| | ) | MASTER BALLOT FOR ACCEPTING |
| | ) | OR REJECTING JOINT PLAN OF |
| | ) | REORGANIZATION UNDER CHAPTER 11 |
| | ) | OF THE BANKRUPTCY CODE |

**Class 6**
**Asbestos PI Claims**

### VOTING INSTRUCTIONS AND MASTER BALLOT
### FOR HOLDERS OF CLASS 6 ASBESTOS PI CLAIMS

W. R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") are soliciting votes to accept or reject the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (as it may be amended or supplemented, the "Plan") described in the accompanying

---

[1]   The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,  CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Exhibit D-1

Disclosure Statement (the "Disclosure Statement") from the Holders of certain impaired Claims against, and Equity Interests, in the Debtors.

On [_____, ___], 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order approving, among other things, (i) the Disclosure Statement as providing adequate information for Holders of Claims against, or Equity Interests in, the Debtors to make a decision as to whether to accept or reject the Plan and (ii) certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures contain important information regarding the balloting process and are included in the Solicitation Package accompanying these instructions and the Master Ballot annexed hereto. Please read the Plan, the Disclosure Statement and the Voting Procedures before submitting the Master Ballot. Capitalized terms not defined herein shall have the meaning ascribed to them in the Voting Procedures and the Plan.

The accompanying Master Ballot is to be used only by counsel for individual Holders of Class 6 Asbestos PI Claims to cast votes on behalf of such individual Holders of Class 6 Asbestos PI Claims to accept or reject the Plan.

**Please read and follow the attached instructions carefully. Complete, sign and date the accompanying Master Ballot and promptly return it to the Debtors' court-approved Voting Agent as follows:**

| **By U.S. Mail:** | **By Courier:** |
|---|---|
| BMC Group, Inc. | BMC Group, Inc. |
| Attn: W. R. Grace Voting Agent | Attn: W. R. Grace Voting Agent |
| P.O. Box 2007 | 17850 Lake Drive East |
| Chanhassen, MN 55317-2007 | Chanhassen, MN 55317 |

**The Master Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "Voting Deadline"). Facsimiles and electronic submissions will NOT be accepted.**

*Please note that the Plan can be confirmed by the Bankruptcy Court and thereby made binding on all Holders of Class 6 Asbestos PI Claims, including the creation of a trust pursuant to section 524(g) of the Bankruptcy Code and the channeling of all Asbestos PI Claims to such trust, if the Plan satisfies the following requirements: (i) it is accepted by the Holders of two-thirds in amount of the Class 6 Asbestos PI Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures; (ii) it is accepted by at least three-fourths in number of the Class 6 Asbestos PI Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures; and (iii) it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.*

Exhibit D-1

**SPECIFIC RELEASES BY HOLDERS
OF CLAIMS OR EQUITY INTERESTS**

**Please take notice that, as more fully provided for in Section 8.8.7 of the Plan, each Holder of a Claim or Equity Interest who votes in favor of the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents. In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.**

If you have questions about the Master Ballot, if you did not receive a copy of the Disclosure Statement, Plan, Exhibit Book or Voting Procedures, or if you received these documents in CD-ROM format and desire to obtain paper copies, you may contact the Voting Agent at (888) 909-0100. Copies of the Plan and related documents are also available on the Debtors' website at www.grace.com and at the website maintained by the Voting Agent at www.bmcgroup.com/wrgrace.

[The remainder of this page is left blank intentionally]

## MASTER BALLOT

The Debtors are soliciting your clients' votes on the Plan, described in and annexed as Exhibit 1 to the Exhibit Book accompanying the Disclosure Statement and this Master Ballot.  Please review the Plan and Disclosure Statement carefully before you complete this Master Ballot.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.**      **TABULATION OF VOTES WITH RESPECT TO THE PLAN.**  The undersigned certifies that:

❐         **ALL** of the individuals listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 6 Asbestos PI Claims, **ACCEPT** the Plan.

❐         **ALL** of the individuals listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 6 Asbestos PI Claims, **REJECT** the Plan.

❐         **SOME** of the individuals listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 6 Asbestos PI Claims, **ACCEPT** the Plan while other individuals on the Exhibit accompanying this Master Ballot **REJECT** the Plan.

**Please note that each Holder of an Asbestos PI Claim that votes to accept the Plan will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.**

**Item 2.**      **SUMMARY OF VOTES BY DISEASE LEVEL.**  Please summarize the votes of the Holders of Asbestos PI Claims for whom you are voting, according to disease level, on the table below:

| Disease Level | Votes **Accepting** the Plan | Votes **Rejecting** the Plan | Total Votes |
|---|---|---|---|
| Mesothelioma (Level VIII) | | | |
| Lung Cancer 1 (Level VII) | | | |
| Lung Cancer 2 (Level VI) | | | |
| Other Cancer (Level V) | | | |
| Severe Asbestosis (Level IV-A) | | | |
| Severe Disabling Pleural Disease (Level IV-B) | | | |
| Asbestosis/Pleural Disease (Level III) | | | |
| Asbestosis/Pleural Disease (Level II) | | | |
| Other Asbestos Disease (Level I) | | | |
| **Total Votes** | | | |

Exhibit D-1

**Item 3.    REQUIRED EXHIBIT: LIST OF HOLDERS OF ASBESTOS PI CLAIMS REPRESENTED BY ATTORNEY.**  You must include as an exhibit to this Master Ballot (the "Exhibit") an electronic list on a CD-ROM, which list should be in Excel™ or a comparable application and should be in substantially the same format as the table below.  A sample template for the Exhibit may be obtained from the Voting Agent's website at www.bmcgroup.com/wrgrace.  *If you (a) certify that you do not have access to Excel™ or a comparable application and (b) represent fewer than 100 Holders of Asbestos PI Claims, then you may provide the Exhibit in hard copy.*  If you have any technical questions or need to arrange for special delivery of your Exhibit, please contact the Voting Agent at (888) 909-0100.

| Last Four Digits of Soc. Sec. No. | Last Name | First Name | Street Address | Town | State | Zip Code | Disease Level | Accept or Reject |
|---|---|---|---|---|---|---|---|---|
| 1234 | Smith | John | Any Street | Town | State | 12345 | Mesothelioma | Accept |

**Item 4.    CERTIFICATIONS OF AUTHORITY TO VOTE.**  The undersigned certifies, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following statements are true and correct:

- I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto.

- Each of the individuals set forth on the Exhibit (a) has the disease level asserted on the Exhibit based on medical records or similar documentation in my possession or in the claimant's possession (or his/her medical practitioner) and (b) has authorized me to represent the disease level for each such individual.

- I have the full power and authority to vote and accept or reject the Plan with respect to and on behalf of the Holders of Asbestos PI Claims set forth on the Exhibit through the execution and filing of this Master Ballot with the Voting Agent.

- I acknowledge that I am obligated to furnish the Voting Agent, no later than 21 days after the Solicitation Date (as defined in the Voting Procedures), with the names and addresses of all holders of Asbestos PI Claims for whom I represent but do not have the authority to accept or reject the Plan.


Signature of Attorney:            _____

Name of Attorney:                _____

Name of Law Firm:               _____

Street Address:                 _____

K&E 13302562.12

City, State, and Zip Code:                    _____

Telephone Number:                              _____

Email Address:                                      _____

Date:                                                      _____

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, IF YOU RECEIVED COPIES OF THESE MATERIALS IN CD-ROM FORMAT AND DESIRE TO OBTAIN PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., TOLL-FREE AT (888) 909-0100.**

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT WWW.GRACE.COM AND THE VOTING AGENT'S WEBSITE AT WWW.BMCGROUP.COM/WRGRACE.**

Exhibit D-1

K&E 13302562.12

### INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

1. This Master Ballot is submitted to you in connection with the solicitation of votes on the Plan from individual Holders of Asbestos PI Claims.   PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.

2. This Master Ballot is to be used by counsel who represent, and are authorized to vote to accept or reject the Plan on behalf of, one or more Holders of Asbestos PI Claims.  You may be required to provide evidence of your authorization by Holders of Asbestos PI Claims to vote to accept or reject the Plan.

3. Complete the Master Ballot by providing all the information requested and sign, date and return the Master Ballot by mail, overnight courier or personal delivery to BMC Group, Inc. (the "Voting Agent") as follows:

**By U.S. Mail:**                                    **By Courier:**

BMC Group, Inc.                                    BMC Group, Inc.
Attn:  W. R. Grace Voting Agent          Attn:  W. R. Grace Voting Agent
P.O. Box 2007                                       17850 Lake Drive East
Chanhassen, MN 55317-2007             Chanhassen, MN 55317

> **This Master Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "Voting Deadline").   Facsimiles and electronic submissions will NOT be accepted.**

4. Multiple Master Ballots may be completed and delivered to the Voting Agent.  Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest dated Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, govern unless otherwise ordered by the Bankruptcy Court.  If more than one Master Ballot is submitted and the later Master Ballot(s) supplement(s), rather than supersede(s), earlier Master Ballot(s), please mark the subsequent Master Ballot(s) as "Supplement" and clearly mark which of those votes reflected thereon are additional votes.  If two or more Master Ballots are received from separate counsel, each of whom purports to represent the same Holder of an Asbestos PI Claim, the vote by such Holder will be counted only once based upon the later of the Master Ballots that has been properly executed, which shall be deemed to supersede any earlier vote with respect to the same Holder of an Asbestos PI Claim, even if such earlier vote was submitted by separate counsel.

5. In the space provided in Item 1, please check the appropriate box to indicate acceptances and/or rejections of the Plan by the Holders of Asbestos PI Claims on whose behalf you are authorized to vote.  If all the individuals set forth on the Exhibit required in Item 3 have voted in the same manner (*i.e.*, all such individuals have voted either to accept or reject the Plan), please check one of the first two boxes in Item 1.  If some of the

individuals set forth on the Exhibit required in Item 3 have voted to accept the Plan, while other individuals have voted to reject the Plan, please check the last box in Item 1. **Please note that each Holder of an Asbestos PI Claim that votes to accept the Plan will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.**

6.    Item 2 requires you to summarize the votes on the Plan according to disease level. The applicable disease levels are set forth in paragraph 11 below.

7.    Please note that Item 3 of the Master Ballot requires that you prepare a list (the "Exhibit"), which must be submitted with the Master Ballot, setting forth each Holder of an Asbestos PI Claim that you represent and on whose behalf you are authorized to vote on the Plan under applicable bankruptcy and/or non-bankruptcy law. The Exhibit must be in Excel™ or a comparable electronic format on a CD-ROM. If you (a) certify that you do not have access to Excel™ or a comparable application and (b) represent fewer than 100 holders of Asbestos PI Claims, then you may provide the Exhibit in hard copy. If you have any technical questions or need to arrange for special delivery of your Exhibit, please contact the Voting Agent at wrgrace@bmcgroup.com or (888) 909-0100.

8.    The Exhibit should list all Holders of Asbestos PI Claims on whose behalf you are voting, and for each such Holder, the Exhibit should include each of the following fields (in the order listed):  (a) the last four digits of the Social Security number of the Claimant; (b) the last name of the Claimant; (c) the first name of the Claimant; (d) the street address of the Claimant; (e) the town of residence of the Claimant; (f) the state of residence of the Claimant; (g) the zip code of the Claimant's residence; (h) the disease level of the Claimant; and (i) whether the Claimant votes to accept or reject the Plan. Please ensure that columns on the Exhibit are no greater than 45 characters wide. For your convenience, a sample template is set forth below and may also be downloaded in Excel™ format from the Voting Agent's website at www.bmcgroup.com/wrgrace.

| Last Four Digits of Soc. Sec. No. | Last Name | First Name | Street Address | Town | State | Zip Code | Disease Level | Accept or Reject |
|---|---|---|---|---|---|---|---|---|
| 1234 | Smith | John | Any Street | Town | State | 12345 | Mesothelioma | Accept |

9.    Each Holder of an Asbestos PI Claim that votes must vote his or her entire claim to accept or reject the Plan and may not split such vote. Accordingly, any vote of a Holder of an Asbestos PI Claim who attempts partially to reject and partially to accept the Plan will not be counted. Furthermore, for purposes of computing the Master Ballot vote, each voting individual Holder of an Asbestos PI Claim shall be deemed to have voted the full amount of his or her Asbestos PI Claim according to the disease level specified for such Claim.

10.    If this Master Ballot is signed and timely sent to the Voting Agent, but does not designate either acceptance or rejection of the Plan for any particular individual listed on the Exhibit, then the Voting Agent may either contact the party submitting the Master Ballot

in order to cure the defect or the votes of such individuals shall not be counted as either an acceptance or rejection of the Plan.

11.     The Exhibit must assign a disease level for each Asbestos PI Claim listed on the Exhibit. If you believe that a Client holds an Asbestos PI Claim as defined in the Plan, but does not meet the medical and exposure criteria for any of the disease levels, such Asbestos PI Claim will be counted for voting purposes only in the amount of $1.00 and you are not required to identify a disease level on the Exhibit.  The disease levels, along with their corresponding amount and medical and exposure criteria for voting purposes only, are as follows:

     i.     *Mesothelioma (Level VIII).*  Requires: (1) Diagnosis of mesothelioma; and (2) Grace Exposure.[1]  **Claim amount for voting purposes only: $180,000.**

     ii.     *Lung Cancer 1 (Level VII).*  Requires: (1) Diagnosis of a primary lung cancer plus evidence of an underlying Bilateral Asbestos-Related Nonmalignant Disease[2] (2) six months Grace Exposure, (3) for claimants

---

[1]  **"Grace Exposure"** means (i) meaningful and credible exposure, which occurred prior to December 31, 1982, to (a) any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by Grace (or any past or present Grace affiliate, or any of the predecessors of Grace or any of their past or present affiliates, or any other entity for whose products or operations Grace allegedly has liability or is otherwise liable) or (b) asbestos-containing winchite asbestos or asbestos-containing vermiculite mined, milled or processed by Grace (or any past or present Grace affiliate, or any of the predecessors of Grace or any of their past or present affiliates, or any other entity for whose products or operations Grace allegedly has liability or is otherwise liable) or (ii) meaningful and credible exposure which occurred prior to the Effective Date to (a) asbestos, asbestos-containing winchite asbestos or unexpanded asbestos-containing vermiculite ore in Lincoln County, Montana, or (b) asbestos, asbestos-containing winchite asbestos or asbestos-containing vermiculite ore from Lincoln County, Montana during transport or use prior to the completion of a finished product at an expansion plant.

[2]  Evidence of **"Bilateral Asbestos-Related Nonmalignant Disease,"** for purposes of meeting the criteria for establishing Disease Levels I, II, III, V, and VII, means either (i) a chest X-ray read by a qualified B reader of 1/0 or higher on the ILO scale or (ii) (x) a chest X-ray read by a qualified B reader or other Qualified Physician, (y) a CT scan read by a Qualified Physician, or (z) pathology, in each case showing either bilateral interstitial fibrosis, bilateral pleural plaques, bilateral pleural thickening, or bilateral pleural calcification.  Evidence submitted to demonstrate (i) or (ii) above must be in the form of a written report stating the results (*e.g.*, an ILO report, a written radiology report or a pathology report).  Solely for asbestos claims filed against Grace or another defendant in the tort system prior to the Petition Date, if an ILO reading is not available, either (i) a chest X-ray or a CT scan read by a Qualified Physician, or (ii) pathology, in each case showing bilateral interstitial fibrosis, bilateral pleural plaques, bilateral pleural thickening, or bilateral pleural calcification consistent with or compatible with a diagnosis of asbestos-related disease, shall be evidence of a Bilateral Asbestos-Related Nonmalignant Disease for purposes of meeting the presumptive medical requirements of Disease Levels I, II, III, V and VII.  Pathological proof of asbestosis may be based on the pathological grading system for asbestosis described in the Special Issue of the Archives of Pathology and Laboratory Medicine, "Asbestos-associated Diseases," Vol. 106, No. 11, App. 3 (October 8, 1982).  As used above, a "Qualified Physician" is a physician who is board-certified (or in the case of Canadian Claims or Foreign Claims, a physician who is certified or qualified under comparable medical standards or criteria of the jurisdiction in question) in one or more relevant specialized fields of medicine such as pulmonology, radiology, internal medicine or occupational medicine; provided, however, that the requirement for board certification for voting

K&E 13302562.12

whose Grace Exposure is not described in clause (ii) of the definition of Grace Exposure, Significant Occupational Exposure[3] to asbestos, and (4) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the lung cancer in question. **Claim amount for voting purposes only: $42,000.**

iii.    *Lung Cancer 2 (Level VI).*  Requires: (1) Diagnosis of a primary lung cancer; (2) Grace Exposure, and (3) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the lung cancer in question.  Lung Cancer 2 (Level VI) claims are claims that do not meet the more stringent medical and/or exposure requirements of Lung Cancer 1 (Level VII) claims.  **Claim amount for voting purposes only: $14,000.**

iv.    *Other Cancer (Level V).*  Requires: (1) Diagnosis of a primary colo-rectal, laryngeal, esophageal, pharyngeal, or stomach cancer, plus evidence of an underlying Bilateral Asbestos-Related Nonmalignant Disease, (2) six months Grace Exposure, (3) for claimants whose Grace Exposure is not described in clause (ii) of the definition of Grace Exposure, Significant Occupational Exposure to asbestos, and (4) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the other cancer in question.  **Claim amount for voting purposes only: $20,000.**

v.    *Severe Asbestosis (Level IV-A).*  Requires: (1) Diagnosis of asbestosis with ILO of 2/1 or greater, or asbestosis determined by pathological evidence of asbestos, plus (a) TLC less than 65%, or (b) FVC less than 65% and FEV1/FVC ratio greater than 65%, (2) six months Grace Exposure, (3) for claimants whose Grace Exposure is not described in clause (ii) of the definition of Grace Exposure, Significant Occupational Exposure to asbestos, and (4) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the pulmonary disease in question. **Claim amount for voting purposes only: $50,000.**

vi.    *Severe Disabling Pleural Disease (Level IV-B).*  Requires: (1) Diagnosis of diffuse pleural thickening of at least extent "2" and at least width "a" as one component of a bilateral non-malignant asbestos related disease based

---

purposes shall not apply to otherwise qualified physicians whose X-ray and/or CT scan readings are submitted for deceased Holders of Asbestos PI Claims.

[3]    **"Significant Occupational Exposure"** means employment for a cumulative period of at least five (5) years with a minimum of two (2) years prior to December 31, 1982, in an industry and an occupation in which the claimant (a) handled raw asbestos fibers on a regular basis; (b) fabricated asbestos-containing products so that the claimant in the fabrication process was exposed on a regular basis to raw asbestos fibers; (c) altered, repaired or otherwise worked with an asbestos-containing product such that the claimant was exposed on a regular basis to asbestos fibers; or (d) was employed in an industry and occupation such that the claimant worked on a regular basis in close proximity to workers engaged in the activities described in (a), (b) and/or (c).

Exhibit D-1

on definitions as set forth in the 2000 revision of the ILO classification[4], plus (a) TLC less than 65%, or (b) FVC less than 65% and FEV1/FVC ratio greater than 65%, (2) six months Grace Exposure, (3) for claimants whose Grace Exposure is not described in clause (ii) of the definition of Grace Exposure, Significant Occupational Exposure to asbestos and (4) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the pulmonary disease in question. **Claim amount for voting purposes only: $50,000.**

vii.  *Asbestosis/Pleural Disease (Level III).*  Requires: (1) Diagnosis of Bilateral Asbestos-Related Nonmalignant Disease, plus (a) TLC less than 80%, or (b) FVC less than 80% and FEV1/FVC ratio greater than or equal to 65%, and (2) six months Grace Exposure, (3) for claimants whose Grace Exposure is not described in clause (ii) of the definition of Grace Exposure, Significant Occupational Exposure to asbestos, and (4) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the pulmonary disease in question. **Claim amount for voting purposes only: $7,500.**

viii. *Asbestosis/Pleural Disease (Level II).*  Requires: (1) Diagnosis of a Bilateral Asbestos-Related Nonmalignant Disease, and (2) six months Grace Exposure, and (3) for claimants whose Grace Exposure is not described in clause (ii) of the definition of Grace Exposure, five years cumulative occupational exposure to asbestos. **Claim amount for voting purposes only: $2,500.**

ix.  *Other Asbestos Disease (Level I).*  Requires: (1) Diagnosis of a Bilateral Asbestos-Related Nonmalignant Disease or an asbestos-related malignancy other than mesothelioma, and (2) Grace Exposure. **Claim amount for voting purposes only: $300.**

12. For purposes of voting to accept or reject the Plan, each Asbestos PI Claim **shall be counted in the amount set forth above that corresponds to the disease level for each such Claim,** which is solely for voting purposes and does not constitute an allowance of such Claims for purposes of distribution under the Asbestos PI Trust and is without prejudice to the rights of your clients or the Debtors and the Asbestos PI Trust in any other context.

13. If no disease level is indicated for an Asbestos PI Claim, the Voting Agent shall treat the affected vote as not meeting the criteria for any disease level and such Claim shall be

---

[4]  The definitions of *diffuse pleural thickening, extent* and *width* must come from the 2000 ILO Classification for Pneumoconiosis.  The 2000 ILO classification restricts diffuse pleural thickening to cases where there is associated blunting of the costophrenic angle; this is a change from the prior versions of the ILO classification. Use of this category must require adherence to the 2000 classification:  International Labour Office (ILO). *Guidelines for the Use of the ILO International Classification of Radiographs of Pneumoconioses, Revised Edition 2000* (Occupational Safety and Health Series, No. 22). International Labour Office: Geneva, 2002.

K&E 13302562.12

counted, for voting purposes only, in the amount of $1.00.  If more than one disease level is selected for an Asbestos PI Claim, the Voting Agent shall count the affected vote in the amount corresponding to the disease level with the highest scheduled amount.

14.    Any vote on behalf of a Holder of an Asbestos PI Claim submitted without inclusion of the name and last four digits of the social security number of such Holder will <u>not</u> be counted.

15.    Item 4 contains certain required certifications, under penalty of perjury pursuant to 28 U.S.C. § 1746, which you are making by signing and returning the Master Ballot, including certifications that (a) to the extent that a disease level is identified, the disease level for each individual as set forth on the Exhibit to the Master Ballot is true and correct based on medical records or similar documentation in such individual's possession (or his/her medical practitioner) and (b) you are authorized, under applicable law, to represent the required disease level for each individual and to vote such individual's claim to accept or reject the Plan as indicated on the Exhibit.  Please ensure that you have read and understood the certifications prior to signing the Master Ballot and the certifications are correct for each Asbestos PI Claim voted on the Master Ballot.

16.    The Master Ballot does not constitute and will not be deemed a proof of Claim or Equity Interest or an assertion of a Claim or Equity Interest.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., TOLL-FREE AT (888) 909-0100.**

<u>Exhibit D-1</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.**, *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | BALLOT FOR ACCEPTING OR |
| | ) | REJECTING JOINT PLAN OF |
| | ) | REORGANIZATION UNDER CHAPTER |
| | ) | 11 OF THE BANKRUPTCY CODE |

**Class 6**
**Asbestos PI Claims**

### VOTING INSTRUCTIONS AND BALLOT FOR
### INDIVIDUAL HOLDERS OF CLASS 6 ASBESTOS PI CLAIMS

W. R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") are soliciting votes to accept or reject the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (as it may be amended or supplemented, the "Plan") described in the accompanying Disclosure Statement (the "Disclosure Statement") from the Holders of certain impaired Claims against, and Equity Interests in, the Debtors.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Exhibit D-2

K&E 13302511.12

On [_____,___], 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order approving, among other things, (i) the Disclosure Statement as providing adequate information for Holders of Claims against, or Equity Interests in, the Debtors to make a decision as to whether to accept or reject the Plan and (ii) certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures contain important information regarding the balloting process and are included in the Solicitation Package accompanying this Ballot. Please read the Plan, the Disclosure Statement and the Voting Procedures before submitting your Ballot. Capitalized terms not defined herein shall have the meaning ascribed to them in the Voting Procedures and the Plan.

The accompanying Ballot is to be used for voting by Holders of Class 6 Asbestos PI Claims (other than Indirect PI Trust Claims) only. You have received the Ballot either because you do not have an attorney, the Debtors are unaware of your attorney, or because your attorney has requested that you be sent the Ballot directly. In order for your vote to be counted, your Ballot must be properly completed, signed, and returned by mail, hand delivery or overnight courier to the Debtors' court-approved Voting Agent:

| **By U.S. Mail:** | **By Courier:** |
|---|---|
| BMC Group, Inc. | BMC Group, Inc. |
| Attn: W. R. Grace Voting Agent | Attn: W. R. Grace Voting Agent |
| P.O. Box 2007 | 17850 Lake Drive East |
| Chanhassen, MN 55317-2007 | Chanhassen, MN 55317 |

**Your Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "Voting Deadline"). Facsimiles and electronic submissions will NOT be accepted.**

If you are represented by an attorney and want your attorney to vote your Claim on a Master Ballot, you should arrange with your attorney to vote on your behalf well in advance of the Voting Deadline. **If you are not certain whether your attorney is voting with respect to your Claim, you should contact your attorney.**

*Please note that the Plan can be confirmed by the Bankruptcy Court and thereby made binding on all Holders of Class 6 Asbestos PI Claims, including the creation of a trust pursuant to section 524(g) of the Bankruptcy Code and the channeling of all Asbestos PI Claims to such trust, if the Plan satisfies the following requirements: (i) it is accepted by the Holders of two-thirds in amount of the Class 6 Asbestos PI Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures; (ii) it is accepted by at least three-fourths in number of the Class 6 Asbestos PI Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures; and (iii) it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.*

Exhibit D-2

K&E 13302511.12

**SPECIFIC RELEASES BY HOLDERS
OF CLAIMS OR EQUITY INTERESTS**

**Please take notice that, as more fully provided for in Section 8.8.7 of the Plan, each Holder of a Claim or Equity Interest who votes in favor of the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents. In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.**

If you have questions about your Ballot, if you did not receive a copy of the Disclosure Statement, Plan, Exhibit Book or Voting Procedures, or if you received these documents in CD-ROM format and desire to obtain paper copies, you may contact the Voting Agent at (888) 909-0100. Copies of the Plan and related documents are also available on the Debtors' website at www.grace.com and at the website maintained by the Voting Agent at www.bmcgroup.com/wrgrace.

**VOTING INFORMATION AND INSTRUCTIONS
FOR COMPLETING THE BALLOT**

The accompanying Ballot is for voting purposes only and does not constitute and shall not be deemed to be a proof of claim or interest or an admission by the Debtors of the validity or amount of a claim.

**Please follow these instructions to complete your Ballot:**

1. **Read the Plan, the Disclosure Statement, the Voting Procedures and these instructions.**

2. **(Item 1) Claimant's Name and Address.**

Please fill in the address information requested. Claimants in the United States should include street address, city, state, ZIP Code, telephone number and MUST provide the last four digits of their Social Security number. This section should include only the Claimant's

3                                                                    Exhibit D-2

information and not information of the authorized agent.  Any authorized representative must provide his/her address and contact information as required by Item 5.  If the Claimant is deceased, the Claimant's address information need not be completed, provided that all other information is completed, including the last four digits of the Claimant's Social Security number.

3.      **(Item 2)  Vote to accept or reject the Plan by marking an "X" in the box that corresponds to your choice.  Please note that, if you vote to accept the Plan, you will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.**

4.      **(Item 3)   Disease Level.   This is the amount of your Claim for voting purposes only.**

Pursuant to the Voting Procedures, your Asbestos PI Claim will be counted solely for purposes of voting to accept or reject the Plan in an amount corresponding to the disease level you designate on the Ballot, which is solely for voting purposes and does not constitute an allowance of such Claim for purposes of distribution under the Trust Distribution Procedures and is without prejudice to your rights or the rights of the Debtors and/or the Asbestos PI Trust in any other context.

The following are the asbestos-related disease levels that appear on the Ballot:

i.      *Mesothelioma (Level VIII).*  Requires: (1) Diagnosis of mesothelioma; and (2) Grace Exposure[2].   **Claim amount for voting purposes only: $180,000.**

ii.     *Lung Cancer 1 (Level VII).*  Requires: (1) Diagnosis of a primary lung cancer plus evidence of an underlying Bilateral Asbestos-Related Nonmalignant Disease[3] (2) six months Grace Exposure, (3) for claimants

---

[2]    **"Grace Exposure"** means (i) meaningful and credible exposure, which occurred prior to December 31, 1982, to (a) any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by Grace (or any past or present Grace affiliate, or any of the predecessors of Grace or any of their past or present affiliates, or any other entity for whose products or operations Grace allegedly has liability or is otherwise liable) or (b) asbestos-containing winchite asbestos or asbestos-containing vermiculite mined, milled or processed by Grace (or any past or present Grace affiliate, or any of the predecessors of Grace or any of their past or present affiliates, or any other entity for whose products or operations Grace allegedly has liability or is otherwise liable) or (ii) meaningful and credible exposure which occurred prior to the Effective Date to (a) asbestos, asbestos-containing winchite asbestos or unexpanded asbestos-containing vermiculite ore in Lincoln County, Montana, or (b) asbestos, asbestos-containing winchite asbestos or asbestos-containing vermiculite ore from Lincoln County, Montana during transport or use prior to the completion of a finished product at an expansion plant.

[3]    Evidence of **"Bilateral Asbestos-Related Nonmalignant Disease,"** for purposes of meeting the criteria for establishing Disease Levels I, II, III, V, and VII, means either (i) a chest X-ray read by a qualified B reader of 1/0 or higher on the ILO scale or (ii)(x) a chest X-ray read by a manufactured B reader or other Qualified Physician, (y) a CT scan read by a Qualified Physician, or (z) pathology, in each case showing either bilateral interstitial fibrosis, bilateral pleural plaques, bilateral pleural thickening, or bilateral pleural calcification.  Evidence submitted to demonstrate (i) or (ii) above must be in the form of a written report stating the results (*e.g.*, an ILO report, a written radiology report or a pathology report).  Solely for asbestos claims filed against Grace or

4

whose Grace Exposure is not described in clause (ii) of the definition of Grace Exposure, Significant Occupational Exposure[4] to asbestos, and (4) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the lung cancer in question. **Claim amount for voting purposes only: $42,000.**

iii.   *Lung Cancer 2 (Level VI).*   Requires: (1) Diagnosis of a primary lung cancer; (2) Grace Exposure, and (3) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the lung cancer in question. Lung Cancer 2 (Level VI) claims are claims that do not meet the more stringent medical and/or exposure requirements of Lung Cancer 1 (Level VII) claims. **Claim amount for voting purposes only: $14,000.**

iv.   *Other Cancer (Level V).*   Requires: (1) Diagnosis of a primary colo-rectal, laryngeal, esophageal, pharyngeal, or stomach cancer, plus evidence of an underlying Bilateral Asbestos-Related Nonmalignant Disease, (2) six months Grace Exposure, (3) for claimants whose Grace Exposure is not described in clause (ii) of the definition of Grace Exposure, Significant Occupational Exposure to asbestos, and (4) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the other cancer in question. **Claim amount for voting purposes only: $20,000.**

v.   *Severe Asbestosis (Level IV-A).*   Requires: (1) Diagnosis of asbestosis with ILO of 2/1 or greater, or asbestosis determined by pathological evidence of asbestos, plus (a) TLC less than 65%, or (b) FVC less than 65% and

---

another defendant in the tort system prior to the Petition Date, if an ILO reading is not available, either (i) a chest X-ray or a CT scan read by a Qualified Physician, or (ii) pathology, in each case showing bilateral interstitial fibrosis, bilateral pleural plaques, bilateral pleural thickening, or bilateral pleural calcification consistent with or compatible with a diagnosis of asbestos-related disease, shall be evidence of a Bilateral Asbestos-Related Nonmalignant Disease for purposes of meeting the presumptive medical requirements of Disease Levels I, II, III, V and VII. Pathological proof of asbestosis may be based on the pathological grading system for asbestosis described in the Special Issue of the Archives of Pathology and Laboratory Medicine, "Asbestos-associated Diseases," Vol. 106, No. 11, App. 3 (October 8, 1982). A "Qualified Physician" is a physician who is board-certified (or in the case of Canadian Claims or Foreign Claims, a physician who is certified or qualified under comparable medical standards or criteria of the jurisdiction in question) in one or more relevant specialized fields of medicine such as pulmonology, radiology, internal medicine or occupational medicine; provided, however, that the requirement for board certification in these Voting Procedures shall not apply to otherwise qualified physicians whose X-ray and/or CT scan readings are submitted for deceased holders of PI Trust Claims.

[4]   **"Significant Occupational Exposure"** means employment for a cumulative period of at least five (5) years with a minimum of two (2) years prior to December 31, 1982, in an industry and an occupation in which the claimant (a) handled raw asbestos fibers on a regular basis; (b) fabricated asbestos-containing products so that the claimant in the fabrication process was exposed on a regular basis to raw asbestos fibers; (c) altered, repaired or otherwise worked with an asbestos-containing product such that the claimant was exposed on a regular basis to asbestos fibers; or (d) was employed in an industry and occupation such that the claimant worked on a regular basis in close proximity to workers engaged in the activities described in (a), (b) and/or (c).

K&E 13302511.12

FEV1/FVC ratio greater than 65%, (2) six months Grace Exposure, (3) for claimants whose Grace Exposure is not described in clause (ii) of the definition of Grace Exposure, Significant Occupational Exposure to asbestos, and (4) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the pulmonary disease in question. **Claim amount for voting purposes only: $50,000.**

vi.    *Severe Disabling Pleural Disease (Level IV-B).* Requires: (1) Diagnosis of diffuse pleural thickening of at least extent "2" and at least width "a" as one component of a bilateral non-malignant asbestos related disease based on definitions as set forth in the 2000 revision of the ILO classification[5], plus (a) TLC less than 65%, or (b) FVC less than 65% and FEV1/FVC ratio greater than 65%, (2) six months Grace Exposure, (3) for claimants whose Grace Exposure is not described in clause (ii) of the definition of Grace Exposure, Significant Occupational Exposure to asbestos and (4) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the pulmonary disease in question. **Claim amount for voting purposes only: $50,000.**

vii.   *Asbestosis/Pleural Disease (Level III).* Requires: (1) Diagnosis of Bilateral Asbestos-Related Nonmalignant Disease, plus (a) TLC less than 80%, or (b) FVC less than 80% and FEV1/FVC ratio greater than or equal to 65%, and (2) six months Grace Exposure, (3) for claimants whose Grace Exposure is not described in clause (ii) of the definition of Grace Exposure, Significant Occupational Exposure to asbestos, and (4) supporting medical documentation establishing asbestos exposure as a contributing factor in causing the pulmonary disease in question. **Claim amount for voting purposes only: $7,500.**

viii.  *Asbestosis/Pleural Disease (Level II).* Requires: (1) Diagnosis of a Bilateral Asbestos-Related Nonmalignant Disease, and (2) six months Grace Exposure, and (3) for claimants whose Grace Exposure is not described in clause (ii) of the definition of Grace Exposure, five years cumulative occupational exposure to asbestos. **Claim amount for voting purposes only: $2,500.**

ix.    *Other Asbestos Disease (Level I.).* Requires: (1) Diagnosis of a Bilateral Asbestos-Related Nonmalignant Disease or an asbestos-related malignancy other than mesothelioma, and (2) Grace Exposure. **Claim amount for voting purposes only: $300.**

---

[5]    The definitions of *diffuse pleural thickening, extent* and *width* must come from the 2000 ILO Classification for Pneumoconiosis. The 2000 ILO classification restricts diffuse pleural thickening to cases where there is associated blunting of the costophrenic angle; this is a change from the prior versions of the ILO classification. Use of this category must require adherence to the 2000 classification: International Labour Office (ILO). *Guidelines for the Use of the ILO International Classification of Radiographs of Pneumoconioses, Revised Edition 2000* (Occupational Safety and Health Series, No. 22). International Labour Office: Geneva, 2002.

Exhibit D-2

If you do not check one of the disease levels for your claim in Item 3, your claim will be counted - solely for voting purposes - in the amount of $1.00.

Failure to provide other information requested on the Ballot may result in your Ballot not being counted.

**5.      (Item 4)  Acknowledgment and Certification.**

The claimant, the claimant's personal representative or, if applicable, the claimant's attorney, must certify certain information on the Ballot.  Please read the certifications below and ensure that the information on the Ballot meets the requirements in the those certifications.

By signing the Ballot, you make the following certifications under penalty of perjury pursuant to 28 U.S.C. § 1746.

- "I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto."

- "I am/the Claimant is the Holder of an Asbestos PI Claim, as defined in the Plan, as of the Voting Record Date or has the full power and authority, under applicable law, to vote to accept or reject the Plan on behalf of such Holder of such an Asbestos PI Claim on the Voting Record Date;"

- "I have/The Claimant has been exposed to an asbestos-containing product or material with the result that the claimant has an Asbestos PI Claim (as defined in the Plan) for which the Debtors have legal liability."

- "I have/The Claimant has the Disease Level asserted in Item 3 of this Ballot based on medical records or similar documentation in the possession of the signatory or in the possession of the Claimant's attorney or physician;" and

- "I have/He/She has full power and authority to vote to accept or reject the Plan on behalf of the Claimant."

**6.      (Item 5)  Sign and date the Ballot.  Unsigned Ballots will NOT be counted.  In addition, any Ballot that is completed by an authorized representative, rather than the Claimant, must contain the information requested for the authorized representative in Item 5 (name, title, address and phone number).**

**7.      Return the Ballot in the envelope provided.  The Ballot must be RECEIVED by the Voting Agent by the Voting Deadline or it will NOT be counted. Facsimiles and electronic submissions will NOT be accepted.**

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, IF YOU RECEIVED COPIES OF THESE MATERIALS IN CD-ROM FORMAT AND DESIRE TO OBTAIN PAPER COPIES, OR IF YOU NEED**

Exhibit D-2

**ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., TOLL-FREE AT (888) 909-0100.**

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT WWW.GRACE.COM AND THE VOTING AGENT'S WEBSITE AT WWW.BMCGROUP.COM/WRGRACE.**

[Remainder of page left blank intentionally]

Exhibit D-2

K&E 13302511.12

## BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

| | |
|---|---|
| *In re W. R. Grace & Co., et al.* <br> Case No. 01-01139 (JFK) | **Class 6 Asbestos PI Claims** |

**Please read the instructions accompanying this Ballot before completing the Ballot.  Print Clearly.**

**Item 1.** **Claimant's Name and Address:**

Name

Street Address

City, State and ZIP Code (US)

Telephone Number

Last Four Digits of Social Security Number (US Claimants Only)

**Item 2.** **VOTE ON THE PLAN**.  The undersigned, as a Holder of (or representative of a Holder of) an Asbestos PI Claim against the Debtors hereby votes <u>all</u> of such Claim to (check one box only):

❒ ACCEPT the Plan

❒ REJECT the Plan

**Please note:  If you vote to accept the Plan, you will be deemed to have given the specific releases set forth in Section 8.8.7 of the Plan.**

**Item 3.** **DISEASE LEVEL (check ONE only):**

❒ *Mesothelioma (Level VIII).*

❒ *Lung Cancer 1 (Level VII)*.

❒ *Lung Cancer 2 (Level VI)*.

❒ *Other Cancer (Level V)*

❒ *Severe Asbestosis (Level IV-A)*

❒ *Severe Disabling Pleural Disease (Level IV-B)*

❒ *Asbestosis/Pleural Disease (Level III)*

❒ *Asbestosis/Pleural Disease (Level II)*

❒ *Other Asbestos Disease (Level I)*

K&E 13302511.12

<u>Exhibit D-2</u>

**Item 4.        ACKNOWLEDGEMENTS AND CERTIFICATIONS.**

By signing and returning this Ballot, you acknowledge receipt of a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto.

The signatory also certifies under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

(i)        I am/the Claimant is the Holder of an Asbestos PI Claim, as defined in the Plan, as of the Voting Record Date or has the full power and authority, under applicable law, to vote to accept or reject the Plan on behalf of such Holder of such an Asbestos PI Claim on the Voting Record Date;

(ii)       I have/The Claimant has been exposed to an asbestos-containing product or material with the result that the claimant has an Asbestos PI Claim (as defined in the Plan) for which the Debtors have legal liability;

(iii)      I have/The Claimant has the Disease Level asserted in Item 3 of this Ballot based on medical records or similar documentation in the possession of the signatory or in the possession of the Claimant's attorney or physician; and

(iv)      I have/He/She has full power and authority to vote to accept or reject the Plan on behalf of the Claimant.

**Item 5.        SIGNATURE AND DATE:**


Signature of Claimant or Authorized Agent                                                    Date

Information for Authorized Agent (if applicable)


Name and Title

Street Address

City, State and ZIP Code (US)

Telephone Number

**YOU <u>MUST</u> COMPLETE ITEM 5 IN ORDER TO VOTE ON THE PLAN**

<u>DO NOT INCLUDE MEDICAL RECORDS WITH THIS BALLOT.</u>
<u>MEDICAL RECORDS CANNOT BE RETURNED BY THE VOTING AGENT.</u>

K&E 13302511.12

<u>Exhibit D-2</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | BALLOT FOR ACCEPTING OR |
| | ) | REJECTING JOINT PLAN OF |
| | ) | REORGANIZATION UNDER CHAPTER |
| | ) | 11 OF THE BANKRUPTCY CODE |

**Class 6**
**Asbestos PI Claims (Indirect PI Trust Claims)**

## VOTING INSTRUCTIONS AND BALLOT FOR HOLDERS OF
## INDIRECT PI TRUST CLAIMS WITHIN CLASS 6 ASBESTOS PI CLAIMS

W. R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") are soliciting votes to accept or reject the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (as it may be amended or supplemented, the "Plan") described in the accompanying Disclosure Statement (the "Disclosure Statement") from the Holders of certain impaired Claims against, and Equity Interests in, the Debtors.

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,  CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Exhibit D-3

On [_____, ___], 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order approving, among other things, (i) the Disclosure Statement as providing adequate information for Holders of Claims against, or Equity Interests in, the Debtors to make a decision as to whether to accept or reject the Plan and (ii) certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures contain important information regarding the balloting process and are included in the Solicitation Package accompanying this Ballot. Please read the Plan, the Disclosure Statement and the Voting Procedures before submitting your Ballot. Capitalized terms not defined herein shall have the meaning ascribed to them in the Voting Procedures and the Plan.

The accompanying Ballot is to be used only for voting by Holders of Indirect PI Trust Claims, which are included within the Plan's definition of Asbestos PI Claims. You have received the Ballot either because you have filed with the Bankruptcy Court an Indirect PI Trust Claim or have been identified by the Debtors on their schedules of liabilities as a Holder of an Indirect PI Trust Claim.

In order for your vote to be counted, your Ballot must be properly completed, signed, and returned by mail, hand delivery or overnight courier to the Debtors' court-approved Voting Agent as follows:

**By U.S. Mail:**

BMC Group, Inc.
Attn: W. R. Grace Voting Agent
P.O. Box 2007
Chanhassen, MN 55317-2007

**By Courier:**

BMC Group, Inc.
Attn: W. R. Grace Voting Agent
17850 Lake Drive East
Chanhassen, MN 55317

---

**Your Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "Voting Deadline"). Facsimiles and electronic submissions will NOT be accepted.**

---

*Please note that the Plan can be confirmed by the Bankruptcy Court and thereby made binding on you, including the creation of a trust pursuant to section 524(g) of the Bankruptcy Code and the channeling of all Asbestos PI Claims, including Indirect PI Trust Claims, to such trust, if the Plan satisfies the following requirements: (i) it is accepted by the Holders of two-thirds in amount of the Class 6 Asbestos PI Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures; (ii) it is accepted by at least three-fourths in number of the Class 6 Asbestos PI Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures; and (iii) it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.*

K&E 13304194.12

<u>Exhibit D-3</u>

**SPECIFIC RELEASES BY HOLDERS
OF CLAIMS OR EQUITY INTERESTS**

**Please take notice that, as more fully provided for in Section 8.8.7 of the Plan, each Holder of a Claim or Equity Interest who votes in favor of the Plan under the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents.  In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.**

If you have questions about your Ballot, if you did not receive a copy of the Disclosure Statement, Plan, Exhibit Book or Voting Procedures, or if you received these documents in CD-ROM format and desire to obtain paper copies, you may contact the Voting Agent at (888) 909-0100.  Copies of the Plan and related documents are also available on the Debtors' website at www.grace.com and at the website maintained by the Voting Agent at www.bmcgroup.com/wrgrace.

**VOTING INFORMATION AND INSTRUCTIONS
FOR COMPLETING THE BALLOT**

The accompanying Ballot is for voting purposes only and does not constitute and shall not be deemed to be a proof of claim or interest or an admission by the Debtors of the validity or amount of a claim.

**Please follow these instructions to complete your Ballot:**

1.     **Read the Plan, the Disclosure Statement, the Voting Procedures and these instructions.**

2.     **(Item 1)  This is the amount of your Claim for voting purposes only.**
       Pursuant to the Voting Procedures, if your Indirect PI Trust Claim is unliquidated and/or contingent, then it will be counted in the amount of $1.00 for purposes of voting to accept or reject the Plan, which does not constitute an allowance of such Claim for purposes of distribution under the Asbestos PI Trust Distribution

Procedures.  If your Indirect PI Trust Claim has been allowed in a liquidated amount, you will be entitled to vote the allowed liquidated amount of such Claim. The amount of your Indirect PI Trust Claim for voting purposes is without prejudice to your rights or the rights of the Debtors and the Asbestos PI Trust in any other context.  If you disagree with the amount of your Indirect PI Trust Claim for voting purposes, you may file a Voting Motion with the Bankruptcy Court in accordance with and subject to the deadline established in Section 10(f)(i) of the Voting Procedures.  If you disagree with the classification of your Indirect PI Trust Claim, you may follow the procedures in Section 10(f)(ii) of the Voting Procedures.

3.    **(Item 2)  Vote to accept or reject the Plan by marking an "X" in the box that corresponds to your choice.  <u>Please note that, if you vote to accept the Plan, you will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.</u>**

4.    **(Item 3)   Print telephone number, name of signatory (if different than Claimant) and title of agent, if applicable.**

5.    **(Item 4)  By signing the Ballot, you make the following certifications:**

- "I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto."

- "I was the Holder of an Indirect PI Trust Claim, as defined in the Plan, as of the Voting Record Date or I have the authority, under applicable law, to vote to accept or reject the Plan on behalf of a Holder of an Indirect PI Trust Claim as of the Voting Record Date."

6.    **(Item 5)  Sign and date the Ballot.  Unsigned Ballots will NOT be counted.**

7.    **(Item 6)  If the mailing address to which your Ballot was sent is incorrect, supply corrected address information.**

8.    **Return the Ballot in the envelope provided.  The Ballot must be RECEIVED by the Voting Agent by the Voting Deadline or it will NOT be counted. Facsimiles and electronic submissions will NOT be accepted.**

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, IF YOU RECEIVED COPIES OF THESE MATERIALS IN CD-ROM FORMAT AND DESIRE TO OBTAIN PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., TOLL-FREE AT (888) 909-0100.**

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT WWW.GRACE.COM AND THE VOTING AGENT'S WEBSITE AT WWW.BMCGROUP.COM/WRGRACE.**

[Remainder of page left blank intentionally]

**BALLOT**

**PLEASE COMPLETE THE FOLLOWING:**

| [Name & Address] | *In re W. R. Grace & Co., et al.*<br>Case No. 01-01139 (JFK)<br><br>**Class 6 Asbestos PI Claims**<br>**(Indirect PI Trust Claims)** |
|---|---|

**Please read the instructions accompanying this Ballot before completing the Ballot. Print Clearly.**

| Item 1. | **PRINCIPAL AMOUNT OF INDIRECT PI TRUST CLAIM.** Amount of your claim for voting purposes only: $1.00. |
|---|---|

| Item 2. | **VOTE ON THE PLAN**. The undersigned Holder of the Indirect PI Trust Claim in the amount set forth in Item 1 hereby votes <u>all</u> of its Claim to (check one box only): |
|---|---|

❐    ACCEPT the Plan

❐    REJECT the Plan

**Please note:  If you vote to accept the Plan, you will be deemed to have given the specific releases set forth in Section 8.8.7 of the Plan.**

| Item 3. | **TELEPHONE NUMBER / AUTHORIZATION** |
|---|---|

Telephone Number:

Name of Signatory (if different from claimant):

If by Authorized Agent, Title or Agent:

| Item 4. | **ACKNOWLEDGEMENTS AND CERTIFICATIONS.** By signing and returning this Ballot, you make the following acknowledgements and certifications: |
|---|---|
| (i) | I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto; and |
| (ii) | I was the Holder of an Indirect PI Trust Claim, as defined in the Plan, as of the Voting Record Date or I have the authority, under applicable law, to vote to accept or reject the Plan on behalf of a Holder of an Indirect PI Trust Claim as of the Voting Record Date. |

| Item 5. | **SIGNATURE AND DATE:** |
|---|---|

Signature of Claimant or Authorized Agent                                                    Date

**Item 6.  ADDRESS CORRECTIONS, IF ANY (PRINT CLEARLY)**

Name

Address 1

Address 2

City, State and ZIP Code (US)

<u>Exhibit D-3</u>

K&E 13304194.12

Exhibit D-3

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.**, *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | |
| | ) | MASTER BALLOT FOR ACCEPTING |
| | ) | OR REJECTING JOINT PLAN OF |
| | ) | REORGANIZATION UNDER CHAPTER 11 |
| | ) | OF THE BANKRUPTCY CODE |

**Class 7A**
**Asbestos PD Claims (except for US ZAI PD Claims)**

## VOTING INSTRUCTIONS AND MASTER BALLOT
## FOR HOLDERS OF CLASS 7A ASBESTOS PD CLAIMS

W. R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") are soliciting votes to accept or reject the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (as it may be amended or supplemented, the "Plan") described in the accompanying Disclosure Statement (the "Disclosure Statement") from the Holders of certain impaired Claims

---

[1]   The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,  CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Exhibit D-4

against the Debtors.  In addition, the Debtors have agreed to solicit the votes of the unimpaired Holders of Asbestos PD Claims in Class 7A (i.e., Asbestos PD Claims except for US ZAI PD Claims) to accept or reject the Plan <u>solely</u> for purposes of section 524(g) of the Bankruptcy Code.

On [_____,___], 2009, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order approving, among other things, (i) the Disclosure Statement as providing adequate information for Holders of Claims against, or Equity Interests in, the Debtors to make a decision as to whether to accept or reject the Plan and (ii) certain procedures (the "<u>Voting Procedures</u>") for the solicitation and tabulation of votes to accept or reject the Plan.  The Voting Procedures contain important information regarding the balloting process and are included in the Solicitation Package accompanying these instructions and the Master Ballot annexed hereto.  Please read the Plan, the Disclosure Statement and the Voting Procedures before submitting the Master Ballot.  Capitalized terms not defined herein shall have the meaning ascribed to them in the Voting Procedures and the Plan.

The accompanying Master Ballot is to be used only by counsel for such Holders of Class 7A Asbestos PD Claims to cast votes on behalf of such Holders of Class 7A Asbestos PD Claims to accept or reject the Plan <u>solely</u> for purposes of section 524(g) of the Bankruptcy Code to the extent such Holders of Class 7A Asbestos PD Claims are entitled to vote pursuant to the Voting Procedures.

**Please read and follow the attached instructions carefully.  Complete, sign and date the accompanying Master Ballot and promptly return it to the Debtors' court-approved Voting Agent as follows:**

<u>**By U.S. Mail:**</u>                                    <u>**By Courier:**</u>

BMC Group, Inc.                               BMC Group, Inc.
Attn:  W. R. Grace Voting Agent       Attn:  W. R. Grace Voting Agent
P.O. Box 2007                                    17850 Lake Drive East
Chanhassen, MN 55317-2007            Chanhassen, MN 55317

---

**The Master Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "<u>Voting Deadline</u>").  Facsimiles and electronic submissions will NOT be accepted.**

---

*Please note that the Plan can be confirmed by the Bankruptcy Court and thereby made binding on you, including the creation of a trust pursuant to section 524(g) of the Bankruptcy Code and the channeling of all Asbestos PD Claims, including Asbestos PD Claims in Class 7A and US ZAI PD Claims in Class 7B, to such trust, if the Plan (i) is accepted by the Holders of at least three-fourths in number of the Class 7 Asbestos PD Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures; and (ii) it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan and those Holders who*

<u>Exhibit D-4</u>

*are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.*

---

### SPECIFIC RELEASES BY HOLDERS
### OF CLAIMS OR EQUITY INTERESTS

**Please take notice that, as more fully provided for in Section 8.8.7 of the Plan, each Holder of a Claim or Equity Interest who votes in favor of the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents. In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.**

---

If you have questions about the Master Ballot, if you did not receive a copy of the Disclosure Statement, Plan, Exhibit Book or Voting Procedures, or if you received these documents in CD-ROM format and desire to obtain paper copies, you may contact the Voting Agent at (888) 909-0100. Copies of the Plan and related documents are also available on the Debtors' website at www.grace.com and at the website maintained by the Voting Agent at www.bmcgroup.com/wrgrace.

[The remainder of this page is left blank intentionally]

## MASTER BALLOT

For purposes of section 524(g) of the Bankruptcy Code, the Debtors are soliciting your clients' votes on the Plan described in and annexed as Exhibit 1 to the Exhibit Book accompanying the Disclosure Statement and this Master Ballot. Please review the Plan and Disclosure Statement carefully before you complete this Master Ballot.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.    TABULATION OF VOTES WITH RESPECT TO THE PLAN.** The undersigned certifies that:

❏    **ALL** of the individuals or entities listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 7A Asbestos PD Claims, **ACCEPT** the Plan.

❏    **ALL** of the individuals or entities listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 7A Asbestos PD Claims, **REJECT** the Plan.

❏    **SOME** of the individuals or entities listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 7A Asbestos PD Claims, **ACCEPT** the Plan while other individuals or entities on the Exhibit accompanying this Master Ballot **REJECT** the Plan.

**Please note that each Holder of a Class 7A Asbestos PD Claim that votes to accept the Plan will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.**

**Item 2.    SUMMARY OF VOTES.** Please summarize the votes of the Holders of Class 7A Asbestos PD Claims for whom you are voting on the table below:

| Number of Holders of Class 7A Asbestos PD Claims Voting to <u>Accept</u> the Plan | Number of Holders of Class 7A Asbestos PD Claims Voting to <u>Reject</u> the Plan |
|---|---|
|  |  |

**Item 3.    REQUIRED EXHIBIT: LIST OF HOLDERS OF ASBESTOS PD CLAIMS REPRESENTED BY ATTORNEY.** You must include as an exhibit to this Master Ballot (the "<u>Exhibit</u>") an electronic list on a CD-ROM, which list should be in Excel™ or a comparable application and should be in substantially the same format as the table below. A sample template for the Exhibit may be obtained from the Voting Agent's website at www.bmcgroup.com/wrgrace. *If you (a) certify that you do not have access to Excel™ or a comparable application and (b) represent fewer than 100 Holders of Asbestos PD Claims, then you may provide the Exhibit in hard copy.* If you have any technical questions or need to arrange for special delivery of your Exhibit, please contact the Voting Agent at (888) 909-0100.

| Proof of Claim No. | Last Name | First Name | Street Address | Town | State | Zip Code | Accept or Reject |
|---|---|---|---|---|---|---|---|
| 1234 | Smith | John | Any Street | Town | State | 12345 | Accept |

**Item 4.** **CERTIFICATIONS OF AUTHORITY TO VOTE.**  The undersigned certifies, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following statements are true and correct:

- I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto.

- Each of the individuals or entities set forth on the Exhibit was the Holder of a Class 7A Asbestos PD Claim, as defined in the Plan, as of the Voting Record Date.

- I have the full power and authority to vote and accept or reject the Plan with respect to and on behalf of the Holders of Class 7A Asbestos PD Claims set forth on the Exhibit through the execution and filing of this Master Ballot with the Voting Agent.

- I acknowledge that I am obligated to furnish the Voting Agent, no later than 21 days after the Solicitation Date (as defined in the Voting Procedures), with the names and addresses of all Holders of Class 7A Asbestos PD Claims for whom I filed a proof of Claim and represent but do not have the authority to accept or reject the Plan.

Signature of Attorney:                    _____

Name of Attorney:                         _____

Name of Law Firm:                         _____

Street Address:                           _____

City, State, and Zip Code:                _____

Telephone Number:                         _____

Email Address:                            _____

Date:                                     _____

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, IF YOU RECEIVED COPIES OF THESE MATERIALS IN CD-ROM FORMAT AND DESIRE TO OBTAIN PAPER COPIES, OR**

K&E 13626351.4

Exhibit D-4

**IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., TOLL-FREE AT (888) 909-0100.**

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT WWW.GRACE.COM AND THE VOTING AGENT'S WEBSITE AT WWW.BMCGROUP.COM/WRGRACE.**

[Remainder of page left blank intentionally]

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

1.      This Master Ballot is submitted to you in connection with the solicitation of votes on the Plan from Holders of Class 7A Asbestos PD Claims <u>solely</u> to the extent required by section 524(g) of the Bankruptcy Code.   PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.

2.      This Master Ballot is to be used by counsel who represent, and are authorized to vote to accept or reject the Plan on behalf of one or more Holders of Class 7A Asbestos PD Claims.  You may be required to provide evidence of your authorization by Holders of Class 7A Asbestos PD Claims to vote to accept or reject the Plan.

3.      Complete the Master Ballot by providing all the information requested and sign, date and return the Master Ballot by mail, overnight courier or personal delivery to BMC Group, Inc. (the "<u>Voting Agent</u>") as follows:

<u>**By U.S. Mail**</u>:                                 <u>**By Courier**</u>:

BMC Group, Inc.                             BMC Group, Inc.
Attn:  W. R. Grace Voting Agent             Attn:  W. R. Grace Voting Agent
P.O. Box 2007                               17850 Lake Drive East
Chanhassen, MN 55317-2007                   Chanhassen, MN 55317

> **This Master Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "<u>Voting Deadline</u>").   Facsimiles and electronic submissions will NOT be accepted.**

4.      Multiple Master Ballots may be completed and delivered to the Voting Agent.  Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest dated Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, govern unless otherwise ordered by the Bankruptcy Court.  If more than one Master Ballot is submitted and the later Master Ballot(s) supplement(s), rather than supersede(s), earlier Master Ballot(s), please mark the subsequent Master Ballot(s) as "Supplement" and clearly mark which of those votes reflected thereon are additional votes.  If two or more Master Ballots are received from separate counsel, each of whom purports to represent the same Holder of a Class 7A Asbestos PD Claim, the vote by such Holder will be counted only once based upon the later of the Master Ballots that has been properly executed, which shall be deemed to supersede any earlier vote with respect to the same Holder of a Class 7A Asbestos PD Claim, even if such earlier vote was submitted by separate counsel.

5.      In the space provided in Item 1, please check the appropriate box to indicate acceptances and/or rejections of the Plan by the Holders of Class 7A Asbestos PD Claims on whose behalf you are authorized to vote.  If all the individuals set forth on the Exhibit required in Item 3 have voted in the same manner (*i.e.*, all such individuals have voted either to

accept or reject the Plan), please check one of the first two boxes in Item 1.  If some of the individuals set forth on the Exhibit required in Item 3 have voted to accept the Plan, while other individuals have voted to reject the Plan, please check the last box in Item 1.  **Please note that each Holder of a Class 7A Asbestos PD Claim that votes to accept the Plan will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.**

6.      Item 2 requires you to summarize the votes on the Plan.

7.      Please note that Item 3 of the Master Ballot requires that you prepare a list (the "Exhibit"), which must be submitted with the Master Ballot, setting forth each Holder of an Asbestos PD Claim that you represent and on whose behalf you are authorized to vote on the Plan under applicable bankruptcy and/or non-bankruptcy law.  The Exhibit must be in Excel™ or a comparable electronic format on a CD-ROM.  If you (a) certify that you do not have access to Excel™ or a comparable application and (b) represent fewer than 100 holders of Asbestos PD Claims, then you may provide the Exhibit in hard copy.  If you have any technical questions or need to arrange for special delivery of your Exhibit, please contact the Voting Agent at wrgrace@bmcgroup.com or (888) 909-0100.

8.      The Exhibit should include each of the following fields (in the order listed):  (a) the proof of claim number of each Claimant's claim (to be completed by the Voting Agent); (b) the last name of the Claimant; (c) the first name of the Claimant; (d) the street address of the Claimant; (e) the town of residence of the Claimant; (f) the state of residence of the Claimant; (g) the zip code of the Claimant's residence; and (h) whether the Claimant votes to accept or reject the Plan.  Please ensure that columns on the Exhibit are no greater than 45 characters wide.  For your convenience, a sample template is set forth below and may also be downloaded in Excel™ format from the Voting Agent's website at www.bmcgroup.com/wrgrace.

| Proof of Claim No. | Last Name | First Name | Street Address | Town | State | Zip Code | Accept or Reject |
|---|---|---|---|---|---|---|---|
| 1234 | Smith | John | Any Street | Town | State | 12345 | Accept |

9.      Each Holder of a Class 7A Asbestos PD Claim shall be entitled to only one vote with respect to its Class 7A Asbestos PD Claim.

10.     If this Master Ballot is signed and timely sent to the Voting Agent, but does not designate either acceptance or rejection of the Plan for any particular individual listed on the Exhibit, then the Voting Agent may either contact the party submitting the Master Ballot in order to cure the defect or the votes of such individuals shall not be counted as either an acceptance or rejection of the Plan.

11.     Item 4 contains certain required certifications, under penalty of perjury pursuant to 28 U.S.C. § 1746, which you are making by signing and returning the Master Ballot, including certifications that (a) each of the individuals or entities set forth on the Exhibit to the Master Ballot was the Holder of a Class 7A Asbestos PD Claim, as defined in the

Plan, as of the Voting Record Date, for which the Debtors have legal liability, and (b) you are authorized, under applicable bankruptcy or non-bankruptcy law, to cast a Ballot on the Plan on behalf of the Holders of each of the Class 7A Asbestos PD Claims listed on the exhibit to the Master Ballot.  Please ensure that you have read and understood the certifications prior to signing the Master Ballot and the certifications are correct for each Class 7A Asbestos PD Claim voted on the Master Ballot.  If you are unable to make such certification on behalf of any Holder of a Class 7A Asbestos PD Claim whom you represent, you may *not* cast a vote on behalf of such claimant and *must* timely send the information relating to the names and addresses of your clients for whom you may not vote to the Voting Agent in accordance with section 5(b)(i)(A) of the Voting Procedures.

12.    The Master Ballot does not constitute and will not be deemed a proof of Claim or Equity Interest or an assertion of a Claim or Equity Interest.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, IF YOU RECEIVED COPIES OF THESE MATERIALS IN CD-ROM FORMAT AND DESIRE TO OBTAIN PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., TOLL-FREE AT (888) 909-0100.**

K&E 13626351.4

Exhibit D-4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.**, *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | BALLOT FOR ACCEPTING OR |
| | ) | REJECTING JOINT PLAN OF |
| | ) | REORGANIZATION UNDER CHAPTER |
| | ) | 11 OF THE BANKRUPTCY CODE |

**Class 7A**
**Asbestos PD Claims (except for US ZAI PD Claims)**

## VOTING INSTRUCTIONS AND BALLOT FOR
## HOLDERS OF CLASS 7A ASBESTOS PD CLAIMS

W. R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") are soliciting votes to accept or reject the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (as it may be amended or supplemented, the "Plan") described in the accompanying Disclosure Statement (the "Disclosure Statement") from the Holders of certain impaired Claims against, and Equity Interests in, the Debtors. In addition, the Debtors have agreed to solicit the

---

[1]     The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,  CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

votes of the unimpaired Holders of Asbestos PD Claims in Class 7A (i.e., Asbestos PD Claims except for US ZAI PD Claims) to accept or reject the Plan <u>solely</u> for purposes of section 524(g) of the Bankruptcy Code.

On [_____, ___], 2009, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order approving, among other things, (i) the Disclosure Statement as providing adequate information for Holders of Claims against, or Equity Interests in, the Debtors to make a decision as to whether to accept or reject the Plan and (ii) certain procedures (the "<u>Voting Procedures</u>") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures contain important information regarding the balloting process and are included in the Solicitation Package accompanying your Ballot. Please read the Plan, the Disclosure Statement and the Voting Procedures before submitting your Ballot. Capitalized terms not defined herein shall have the meaning ascribed to them in the Voting Procedures and the Plan.

The accompanying Ballot is to be used only for voting by Holders of Class 7A Asbestos PD Claims <u>solely</u> for purposes of section 524(g) of the Bankruptcy Code to the extent such Holders of Class 7A Asbestos PD Claims are entitled to vote pursuant to the Voting Procedures. You have received the Ballot because you have filed a Class 7A Asbestos PD Claim with the Bankruptcy Court.

In order for your vote to be counted, your Ballot must be properly completed, signed, and returned by mail, hand delivery or overnight courier to the Debtors' court-approved Voting Agent as follows:

| <u>**By U.S. Mail**</u>: | <u>**By Courier**</u>: |
|---|---|
| BMC Group, Inc. | BMC Group, Inc. |
| Attn: W. R. Grace Voting Agent | Attn: W. R. Grace Voting Agent |
| P.O. Box 2007 | 17850 Lake Drive East |
| Chanhassen, MN 55317-2007 | Chanhassen, MN 55317 |

**Your Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "<u>Voting Deadline</u>"). Facsimiles and electronic submissions will NOT be accepted.**

*Please note that the Plan can be confirmed by the Bankruptcy Court and thereby made binding on you, including the creation of a trust pursuant to section 524(g) of the Bankruptcy Code and the channeling of all Class 7 Asbestos PD Claims, including Asbestos PD Claims in Class 7A and US ZAI PD Claims in Class 7B, if the Plan (i) is accepted by the Holders of at least three-fourths in number of the Class 7 Asbestos PD Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures; and (ii) it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.*

<u>Exhibit D-5</u>

K&E 13765339.4

---

**SPECIFIC RELEASES BY HOLDERS**
**OF CLAIMS OR EQUITY INTERESTS**

**Please take notice that, as more fully provided for in Section 8.8.7 of the Plan, each Holder of a Claim or Equity Interest who votes in favor of the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents. In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.**

---

If you have questions about your Ballot, if you did not receive a copy of the Disclosure Statement, Plan, Exhibit Book or Voting Procedures, or if you received these documents in CD-ROM format and desire to obtain paper copies, you may contact the Voting Agent at (888) 909-0100. Copies of the Plan and related documents are also available on the Debtors' website at www.grace.com and at the website maintained by the Voting Agent at www.bmcgroup.com/wrgrace.

**VOTING INFORMATION AND INSTRUCTIONS**
**FOR COMPLETING THE BALLOT**

The accompanying Ballot is for voting purposes only and does not constitute and shall not be deemed to be a proof of claim or interest or an admission by the Debtors of the validity or amount of a claim.

**Please follow these instructions to complete your Ballot:**

1. **Read the Plan, the Disclosure Statement, the Voting Procedures and these instructions.**

2. **(Item 1) Vote to accept or reject the Plan by marking an "X" in the box that corresponds to your choice. Please note that, if you vote to accept the Plan, you will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.**

Exhibit D-5

3.      **(Item 2) Print telephone number, name of signatory (if different than Claimant) and title of agent, if applicable.**

4.      **(Item 3) By signing the Ballot, you make the following certifications:**

- "I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto."

- "I was the Holder of a Class 7A Asbestos PD Claim as of the Voting Record Date or I have the authority, under applicable law, to vote to accept or reject the Plan on behalf of a Holder of a Class 7A Asbestos PD Claim as of the Voting Record Date."

5.      **(Item 4) Sign and date the Ballot. Unsigned Ballots will NOT be counted.**

6.      **(Item 5) If the mailing address to which your Ballot was sent is incorrect, supply corrected address information.**

7.      **Return the Ballot in the envelope provided. The Ballot must be RECEIVED by the Voting Agent by the Voting Deadline or it will NOT be counted. Facsimiles and electronic submissions will NOT be accepted.**

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, IF YOU RECEIVED COPIES OF THESE MATERIALS IN CD-ROM FORMAT AND DESIRE TO OBTAIN PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., TOLL-FREE AT (888) 909-0100.**

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT WWW.GRACE.COM AND THE VOTING AGENT'S WEBSITE AT WWW.BMCGROUP.COM/WRGRACE.**

[Remainder of page left blank intentionally]

**BALLOT**

**PLEASE COMPLETE THE FOLLOWING:**

| [Name & Address] | *In re W. R. Grace & Co., et al.*<br>Case No. 01-01139 (JFK)<br><br>**Class 7A Asbestos PD Claims** |
|---|---|

**Please read the instructions accompanying this Ballot before completing the Ballot.  Print Clearly.**

| Item 1. | **VOTE ON THE PLAN**.  The undersigned Holder of an Asbestos PD Claim hereby votes its Claim to (check one box only): |
|---|---|
| ❐ | ACCEPT the Plan |
| ❐ | REJECT the Plan |

**Please note:  If you vote to accept the Plan, you will be deemed to have given the specific releases set forth in Section 8.8.7 of the Plan.**

| Item 2. | **TELEPHONE NUMBER / AUTHORIZATION** |
|---|---|

Telephone Number:

Name of Signatory (if different from claimant):

If by Authorized Agent, Title or Agent:

| Item 3. | **ACKNOWLEDGEMENTS AND CERTIFICATIONS.**  By signing and returning this Ballot, you make the following acknowledgements and certifications: |
|---|---|
| (i) | I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto; and |
| (ii) | I was the Holder of a Class 7A Asbestos PD Claim as of the Voting Record Date or I have the authority, under applicable law, to vote to accept or reject the Plan on behalf of a Holder of a Class 7A Asbestos PD Claim as of the Voting Record Date. |

| Item 4. | **SIGNATURE AND DATE:** |
|---|---|

| Signature of Claimant or Authorized Agent | Date |
|---|---|

**Item 5.  ADDRESS CORRECTIONS, IF ANY (PRINT CLEARLY)**

Name

Address 1

Address 2

City, State and ZIP Code (US)

K&E 13765339.4

Exhibit D-5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.**, *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | |
| | ) | MASTER BALLOT FOR ACCEPTING |
| | ) | OR REJECTING JOINT PLAN OF |
| | ) | REORGANIZATION UNDER CHAPTER 11 |
| | ) | OF THE BANKRUPTCY CODE |

**Class 7B**
**Asbestos PD Claims (US ZAI PD Claims)**

**VOTING INSTRUCTIONS AND MASTER BALLOT FOR**
**HOLDERS OF CLASS 7B ASBESTOS PD CLAIMS (US ZAI PD CLAIMS)**

W. R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") are soliciting votes to accept or reject the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (as it may be amended or supplemented, the "Plan") described in the accompanying

---

[1]   The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife  Boston Ltd., Alewife Land Corporation, Amicon, Inc.,  CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Disclosure Statement (the "<u>Disclosure Statement</u>") from the Holders of certain impaired Claims against, and Equity Interests in, the Debtors.

On [_____, ___], 2009, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order approving, among other things, (i) the Disclosure Statement as providing adequate information for Holders of Claims against, or Equity Interests in, the Debtors to make a decision as to whether to accept or reject the Plan and (ii) certain procedures (the "<u>Voting Procedures</u>") for the solicitation and tabulation of votes to accept or reject the Plan.  The Voting Procedures contain important information regarding the balloting process and are included in the Solicitation Package accompanying these instructions and the Master Ballot annexed hereto.  Please read the Plan, the Disclosure Statement and the Voting Procedures before submitting the Master Ballot.  Capitalized terms not defined herein shall have the meaning ascribed to them in the Voting Procedures and the Plan.

## RELATIONSHIP OF THE PLAN TO THE
## PENDING U.S. ZAI CLASS SETTLEMENT

On January 16, 2009, the Bankruptcy Court entered an order provisionally certifying the US ZAI Rule 23 Class and appointing the US ZAI Class Representatives in relation thereto.  The Bankruptcy Court also approved on a preliminary basis a proposed ZAI class settlement between the Debtors and the US ZAI Rule 23 Class (the "<u>ZAI Class Settlement</u>") pending a final approval hearing on April 1, 2009.  You should receive a separate notice relating to the US ZAI Rule 23 Class, the ZAI Class Settlement and the appointment of the US ZAI Class Representatives.

The Plan incorporates the terms of the ZAI Class Settlement and makes it applicable to all US ZAI PD Claims, regardless of whether or not such claims are held by members of the US ZAI Rule 23 Class.  The accompanying Master Ballot is to be used only by counsel for Holders of Class 7B Asbestos PD Claims (i.e., US ZAI PD Claims) to cast votes on behalf of such Holders of Class 7B Asbestos PD Claims to accept or reject the Plan for purposes of sections 524(g) and 1126 of the Bankruptcy Code.  You have received the Master Ballot because you are counsel to one or more Holders of Class 7B Asbestos PD Claims that were filed with the Bankruptcy Court on or before the US ZAI Bar Date.

Pursuant to the Voting Procedures, the US ZAI Class Representatives are authorized to vote to accept or reject the Plan on behalf of all members of the US ZAI Rule 23 Class who do not individually vote to accept or reject the Plan.  **<u>If your clients are members of the US ZAI Rule 23 Class and would like for the US ZAI Class Representatives to vote their Class 7B Asbestos PD Claims on their behalf in relation to the Plan, you do not need to return the enclosed Master Ballot or take any other action</u>**.  If your clients have opted out of the US ZAI Rule 23 Class or do not want the US ZAI Class Representatives to vote their Class 7B Asbestos PD Claims on their behalf, you may vote to accept or reject the Plan on behalf of your clients by properly completing, signing and returning your Master Ballot by mail, hand delivery or overnight courier to the Debtors' court-approved Voting Agent as follows:

<u>Exhibit D-6</u>

**By U.S. Mail:**

BMC Group, Inc.
Attn:  W. R. Grace Voting Agent
P.O. Box 2007
Chanhassen, MN 55317-2007

**By Courier:**

BMC Group, Inc.
Attn:  W. R. Grace Voting Agent
17850 Lake Drive East
Chanhassen, MN 55317

---

**The Master Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "Voting Deadline").  Facsimiles and electronic submissions will NOT be accepted.**

---

*Please note that the Plan can be confirmed by the Bankruptcy Court and thereby made binding on you, including the creation of a trust pursuant to section 524(g) of the Bankruptcy Code and the channeling of all Class 7 Asbestos PD Claims, including Asbestos PD Claims in Class 7A and US ZAI PD Claims in Class 7B, to such trust, if the Plan (i) is accepted by the Holders of two-thirds in amount and one-half in number of the Class 7B Asbestos PD Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures; (ii) is accepted by the Holders of at least three-fourths in number of the Class 7 Asbestos PD Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures; and (iii) otherwise satisfies the requirements of section 1129 of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.*

---

**SPECIFIC RELEASES BY HOLDERS
OF CLAIMS OR EQUITY INTERESTS**

**Please take notice that, as more fully provided for in Section 8.8.7 of the Plan, each Holder of a Claim or Equity Interest who votes in favor of the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents.  In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.**

---

If you have questions about the Master Ballot, if you did not receive a copy of the Disclosure Statement, Plan, Exhibit Book or Voting Procedures, or if you received these documents in CD-ROM format and desire to obtain paper copies, you may contact the Voting Agent at (888) 909-0100.  Copies of the Plan and related documents are also available on the Debtors' website at www.grace.com and at the website maintained by the Voting Agent at www.bmcgroup.com/wrgrace.

[The remainder of this page is left blank intentionally]

Exhibit D-6

## <u>MASTER BALLOT</u>

For purposes of section 524(g) of the Bankruptcy Code, the Debtors are soliciting your clients' votes on the Plan described in and annexed as Exhibit 1 to the Exhibit Book accompanying the Disclosure Statement and this Master Ballot.  Please review the Plan and Disclosure Statement carefully before you complete this Master Ballot.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.      TABULATION OF VOTES WITH RESPECT TO THE PLAN.**  The undersigned certifies that:

❒      **ALL** of the individuals or entities listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 7B Asbestos PD Claims, **ACCEPT** the Plan.

❒      **ALL** of the individuals or entities listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 7B Asbestos PD Claims, **REJECT** the Plan.

❒      **SOME** of the individuals or entities listed on the Exhibit accompanying this Master Ballot, all of whom are Holders of Class 7B Asbestos PD Claims, **ACCEPT** the Plan while other individuals or entities on the Exhibit accompanying this Master Ballot **REJECT** the Plan.

**<u>Please note that each Holder of an Asbestos PD Claim that votes to accept the Plan will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.</u>**

**Item 2.      SUMMARY OF VOTES**.  Please summarize the votes of the Holders of Class 7B Asbestos PD Claims for whom you are voting on the table below:

| **Number of Holders of Class 7B Asbestos PD Claims Voting to <u>Accept</u> the Plan** | **Number of Holders of Class 7B Asbestos PD Claims Voting to <u>Reject</u> the Plan** |
|---|---|
|  |  |

Pursuant to the Voting Procedures, each US ZAI PD Claim in Class 7B will be counted in the amount of $1.00 for purposes of voting to accept or reject the Plan, which does not constitute an allowance of such Claim for purposes of distribution under the US ZAI PD TDP.  The amount of each US ZAI PD Claim for voting purposes is without prejudice to the rights of each Holder of a US ZAI PD Claim or the rights of the Debtors, Reorganized Debtors and the Asbestos PD Trust in any other context.  If you disagree with the amount assigned to the US ZAI PD Claims for voting purposes, you may file a Voting Motion with the Bankruptcy Court in accordance with and subject to the deadline established in Section 10(f)(i) of the Voting Procedures.

**Item 3.** **REQUIRED EXHIBIT: LIST OF HOLDERS OF US ZAI PD CLAIMS REPRESENTED BY ATTORNEY.** You must include as an exhibit to this Master Ballot (the "Exhibit") an electronic list on a CD-ROM, which list should be in Excel™ or a comparable application and should be in substantially the same format as the table below. A sample template for the Exhibit may be obtained from the Voting Agent's website at www.bmcgroup.com/wrgrace. *If you (a) certify that you do not have access to Excel™ or a comparable application and (b) represent fewer than 100 Holders of US ZAI PD Claims, then you may provide the Exhibit in hard copy.* If you have any technical questions or need to arrange for special delivery of your Exhibit, please contact the Voting Agent at (888) 909-0100.

| Proof of Claim No. | Last Name | First Name | Street Address | Town | State | Zip Code | Accept or Reject |
|---|---|---|---|---|---|---|---|
| 1234 | Smith | John | Any Street | Town | State | 12345 | Accept |

**Item 4.** **CERTIFICATIONS OF AUTHORITY TO VOTE.** The undersigned certifies, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following statements are true and correct:

- I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto.

- Each of the individuals or entities set forth on the Exhibit was the Holder of a US ZAI PD Claim in Class 7B, as defined in the Plan, as of the Voting Record Date.

- I have the full power and authority to vote and accept or reject the Plan with respect to and on behalf of the Holders of US ZAI PD Claims in Class 7B set forth on the Exhibit through the execution and filing of this Master Ballot with the Voting Agent.

- I acknowledge that I am obligated to furnish the Voting Agent, no later than 21 days after the Solicitation Date (as defined in the Voting Procedures), with the names and addresses of all Holders of US ZAI PD Claims in Class 7B for whom I filed a proof of Claim and represent but do not have the authority to accept or reject the Plan.


Signature of Attorney:             _____

Name of Attorney:               _____

Name of Law Firm:              _____

Street Address:                _____

City, State, and Zip Code:          _____

K&E 13626714.6

<u>Exhibit D-6</u>

Telephone Number:         _____

Email Address:         _____

Date:         _____

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, IF YOU RECEIVED COPIES OF THESE MATERIALS IN CD-ROM FORMAT AND DESIRE TO OBTAIN PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., TOLL-FREE AT (888) 909-0100.**

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT WWW.GRACE.COM AND THE VOTING AGENT'S WEBSITE AT WWW.BMCGROUP.COM/WRGRACE.**

[Remainder of page left blank intentionally]

Exhibit D-6

K&E 13626714.6

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

1.      This Master Ballot is submitted to you in connection with the solicitation of votes on the Plan from Holders of Class 7B Asbestos PD Claims (i.e., US ZAI PD Claims).  PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.

2.      This Master Ballot is to be used by counsel who represent, and are authorized to vote to accept or reject the Plan on behalf of one or more Holders of US ZAI PD Claims.  You may be required to provide evidence of your authorization by Holders of US ZAI PD Claims to vote to accept or reject the Plan.

3.      Complete the Master Ballot by providing all the information requested and sign, date and return the Master Ballot by mail, overnight courier or personal delivery to BMC Group, Inc. (the "<u>Voting Agent</u>") as follows:

| <u>By U.S. Mail</u>: | <u>By Courier</u>: |
|---|---|
| BMC Group, Inc. | BMC Group, Inc. |
| Attn:  W. R. Grace Voting Agent | Attn:  W. R. Grace Voting Agent |
| P.O. Box 2007 | 17850 Lake Drive East |
| Chanhassen, MN 55317-2007 | Chanhassen, MN 55317 |

> **This Master Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "<u>Voting Deadline</u>").  Facsimiles and electronic submissions will NOT be accepted.**

4.      Multiple Master Ballots may be completed and delivered to the Voting Agent.  Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest dated Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, govern unless otherwise ordered by the Bankruptcy Court.  If more than one Master Ballot is submitted and the later Master Ballot(s) supplement(s), rather than supersede(s), earlier Master Ballot(s), please mark the subsequent Master Ballot(s) as "Supplement" and clearly mark which of those votes reflected thereon are additional votes.  If two or more Master Ballots are received from separate counsel, each of whom purports to represent the same Holder of a USA ZAI PD Claim, the vote by such Holder will be counted only once based upon the later of the Master Ballots that has been properly executed, which shall be deemed to supersede any earlier vote with respect to the same Holder of a US ZAI PD Claim, even if such earlier vote was submitted by separate counsel.

5.      In the space provided in Item 1, please check the appropriate box to indicate acceptances and/or rejections of the Plan by the Holders of US ZAI PD Claims on whose behalf you are authorized to vote.  If all the individuals set forth on the Exhibit required in Item 3 have voted in the same manner (i.e., all such individuals have voted either to accept or reject the Plan), please check one of the first two boxes in Item 1.  If some of the

individuals set forth on the Exhibit required in Item 3 have voted to accept the Plan, while other individuals have voted to reject the Plan, please check the last box in Item 1. **Please note that each Holder of an Asbestos PD Claim that votes to accept the Plan will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.**

6.    Item 2 requires you to summarize the votes on the Plan and also summarizes the Voting Procedures with respect to the amount of US ZAI PD Claims for voting purposes.

7.    Please note that Item 3 of the Master Ballot requires that you prepare a list (the "Exhibit"), which must be submitted with the Master Ballot, setting forth each Holder of a US ZAI PD Claim that you represent and on whose behalf you are authorized to vote on the Plan under applicable bankruptcy and/or non-bankruptcy law.  The Exhibit must be in Excel™ or a comparable electronic format on a CD-ROM.  If you (a) certify that you do not have access to Excel™ or a comparable application and (b) represent fewer than 100 holders of US ZAI PD Claims, then you may provide the Exhibit in hard copy.  If you have any technical questions or need to arrange for special delivery of your Exhibit, please contact the Voting Agent at wrgrace@bmcgroup.com or (888) 909-0100.

8.    The Exhibit should include each of the following fields (in the order listed):  (a) the proof of claim number of each Claimant's claim (to be completed by the Voting Agent); (b) the last name of the Claimant; (c) the first name of the Claimant; (d) the street address of the Claimant; (e) the town of residence of the Claimant; (f) the state of residence of the Claimant; (g) the zip code of the Claimant's residence; and (h) whether the Claimant votes to accept or reject the Plan.  Please ensure that columns on the Exhibit are no greater than 45 characters wide.  For your convenience, a sample template is set forth below and may also be downloaded in Excel™ format from the Voting Agent's website at www.bmcgroup.com/wrgrace.

| Proof of Claim No. | Last Name | First Name | Street Address | Town | State | Zip Code | Accept or Reject |
|---|---|---|---|---|---|---|---|
| 1234 | Smith | John | Any Street | Town | State | 12345 | Accept |

9.    Each Holder of a US ZAI PD Claim shall be entitled to only one vote with respect to its US ZAI PD Claim.

10.   If this Master Ballot is signed and timely sent to the Voting Agent, but does not designate either acceptance or rejection of the Plan for any particular individual listed on the Exhibit, then the Voting Agent may either contact the party submitting the Master Ballot in order to cure the defect or the votes of such individuals shall not be counted as either an acceptance or rejection of the Plan.

11.   Item 4 contains certain required certifications, under penalty of perjury pursuant to 28 U.S.C. § 1746, which you are making by signing and returning the Master Ballot, including certifications that (a) each of the individuals or entities set forth on the Exhibit to the Master Ballot was the Holder of a US ZAI PD Claim, as defined in the Plan, as of the Voting Record Date, for which the Debtors have legal liability, and (b) you are

authorized, under applicable bankruptcy or non-bankruptcy law, to cast a Ballot on the Plan on behalf of the Holders of each of the US ZAI PD Claims listed on the exhibit to the Master Ballot.  Please ensure that you have read and understood the certifications prior to signing the Master Ballot and the certifications are correct for each US ZAI PD Claim voted on the Master Ballot.  If you are unable to make such certification on behalf of any Holder of a US ZAI PD Claim whom you represent, you may *not* cast a vote on behalf of such claimant and *must* timely send the information relating to the names and addresses of your clients for whom you may not vote to the Voting Agent in accordance with section 5(b)(i)(A) of the Voting Procedures.

12.    The Master Ballot does not constitute and will not be deemed a proof of Claim or Equity Interest or an assertion of a Claim or Equity Interest.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, IF YOU RECEIVED COPIES OF THESE MATERIALS IN CD-ROM FORMAT AND DESIRE TO OBTAIN PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., TOLL-FREE AT (888) 909-0100.**

Exhibit D-6

K&E 13626714.6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | BALLOT FOR ACCEPTING OR |
| | ) | REJECTING JOINT PLAN OF |
| | ) | REORGANIZATION UNDER CHAPTER |
| | ) | 11 OF THE BANKRUPTCY CODE |

**Class 7B**
**Asbestos PD Claims (US ZAI PD Claims)**

### VOTING INSTRUCTIONS AND BALLOT FOR HOLDERS
### OF CLASS 7B ASBESTOS PD CLAIMS (US ZAI PD CLAIMS)

W. R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") are soliciting votes to accept or reject the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (as it may be amended or supplemented, the "Plan") described in the accompanying Disclosure Statement (the "Disclosure Statement") from the Holders of certain impaired Claims against, and Equity Interests in, the Debtors.

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,  CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Exhibit D-7

On [_____,___], 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order approving, among other things, (i) the Disclosure Statement as providing adequate information for Holders of Claims against, or Equity Interests in, the Debtors to make a decision as to whether to accept or reject the Plan and (ii) certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures contain important information regarding the balloting process and are included in the Solicitation Package accompanying your Ballot. Please read the Plan, the Disclosure Statement and the Voting Procedures before submitting your Ballot. Capitalized terms not defined herein shall have the meaning ascribed to them in the Voting Procedures and the Plan.

## RELATIONSHIP OF THE PLAN TO THE
## PENDING U.S. ZAI CLASS SETTLEMENT

On January 16, 2009, the Bankruptcy Court entered an order provisionally certifying the US ZAI Rule 23 Class and appointing the US ZAI Class Representatives in relation thereto. The Bankruptcy Court also approved on a preliminary basis a proposed ZAI class settlement between the Debtors and the US ZAI Rule 23 Class (the "ZAI Class Settlement") pending a final approval hearing on April 1, 2009. You should receive a separate notice relating to the US ZAI Rule 23 Class, the ZAI Class Settlement and the appointment of the US ZAI Class Representatives.

The Plan incorporates the terms of the ZAI Class Settlement and makes it applicable to all US ZAI PD Claims, regardless of whether or not such claims are held by members of the US ZAI Rule 23 Class. The accompanying Ballot is to be used for voting on the Plan by Holders of Class 7B Asbestos Claims (i.e., US ZAI PD Claims). You have received the Ballot because you have filed a US ZAI PD Claim with the Bankruptcy Court on or before the US ZAI Bar Date.

Pursuant to the Voting Procedures, the US ZAI Class Representatives are authorized to vote to accept or reject the Plan on behalf of all members of the US ZAI Rule 23 Class who do not individually vote to accept or reject the Plan. **If you are a member of the US ZAI Rule 23 Class and would like for the US ZAI Class Representatives to vote your US ZAI PD Claim on your behalf in relation to the Plan, you do not need to return the enclosed Ballot or take any other action**. If you have opted out of the US ZAI Rule 23 Class or do not want the US ZAI Class Representatives to vote your US ZAI PD Claim on your behalf, you may vote to accept or reject the Plan by properly completing, signing and returning your Ballot by mail, hand delivery or overnight courier to the Debtors' court-approved Voting Agent as follows:

| By U.S. Mail: | By Courier: |
|---|---|
| BMC Group, Inc. | BMC Group, Inc. |
| Attn: W. R. Grace Voting Agent | Attn: W. R. Grace Voting Agent |
| P.O. Box 2007 | 17850 Lake Drive East |
| Chanhassen, MN 55317-2007 | Chanhassen, MN 55317 |

---

**Your Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "Voting Deadline"). Facsimiles and electronic submissions will NOT be accepted.**

---

Exhibit D-7

Please note that the Plan can be confirmed by the Bankruptcy Court and thereby made binding on you, including the creation of a trust pursuant to section 524(g) of the Bankruptcy Code and the channeling of all Class 7 Asbestos PD Claims, including Asbestos PD Claims in Class 7A and US ZAI PD Claims in Class 7B, to such trust, if the Plan (i) is accepted by the Holders of two-thirds in amount and one-half in number of the Class 7B Asbestos PD Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures; (ii) is accepted by the Holders of at least three-fourths in number of the Class 7 Asbestos PD Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures; and (iii) it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

---

**SPECIFIC RELEASES BY HOLDERS
OF CLAIMS OR EQUITY INTERESTS**

**Please take notice that, as more fully provided for in Section 8.8.7 of the Plan, each Holder of a Claim or Equity Interest who votes in favor of the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents. In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.**

---

If you have questions about your Ballot, if you did not receive a copy of the Disclosure Statement, Plan, Exhibit Book or Voting Procedures, or if you received these documents in CD-ROM format and desire to obtain paper copies, you may contact the Voting Agent at (888) 909-0100. Copies of the Plan and related documents are also available on the Debtors' website at www.grace.com and at the website maintained by the Voting Agent at www.bmcgroup.com/wrgrace.

K&E 13626565.5

**VOTING INFORMATION AND INSTRUCTIONS
FOR COMPLETING THE BALLOT**

The accompanying Ballot is for voting purposes only and does not constitute and shall not be deemed to be a proof of claim or interest or an admission by the Debtors of the validity or amount of a claim.

**Please follow these instructions to complete your Ballot:**

1.   **Read the Plan, the Disclosure Statement, the Voting Procedures and these instructions.**

2.   **(Item 1)  This is the amount of your Claim for voting purposes only.**  Pursuant to the Voting Procedures, each US ZAI PD Claim in Class 7B will be counted in the amount of $1.00 for purposes of voting to accept or reject the Plan, which does not constitute an allowance of such Claim for purposes of distribution under the US ZAI PD TDP.  The amount of your US ZAI PD Claim for voting purposes is without prejudice to your rights or the rights of the Debtors, Reorganized Debtors and the Asbestos PD Trust in any other context.  If you disagree with the amount of your US ZAI PD Claim for voting purposes, you may file a Voting Motion with the Bankruptcy Court in accordance with and subject to the deadline established in Section 10(f)(i) of the Voting Procedures.

3.   **(Item 2)  Vote to accept or reject the Plan by marking an "X" in the box that corresponds to your choice.  <u>Please note that, if you vote to accept the Plan, you will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.</u>**

4.   **(Item 3)  Print telephone number, name of signatory (if different than Claimant) and title of agent, if applicable.**

5.   **(Item 4)  By signing the Ballot, you make the following certifications:**

   • "I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto."

   • "I was the Holder of a US ZAI PD Claim in Class 7B as of the Voting Record Date or I have the authority, under applicable law, to vote to accept or reject the Plan on behalf of a Holder of a US ZAI PD Claim in Class 7B as of the Voting Record Date."

6.   **(Item 5)  Sign and date the Ballot.  Unsigned Ballots will NOT be counted.**

7.   **(Item 6)  If the mailing address to which your Ballot was sent is incorrect, supply corrected address information.**

K&E 13626565.5  Exhibit D-7

8.      Return the Ballot in the envelope provided.  The Ballot must be RECEIVED by the Voting Agent by the Voting Deadline or it will NOT be counted. Facsimiles and electronic submissions will NOT be accepted.

IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, IF YOU RECEIVED COPIES OF THESE MATERIALS IN CD-ROM FORMAT AND DESIRE TO OBTAIN PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., TOLL-FREE AT (888) 909-0100.

COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT WWW.GRACE.COM AND THE VOTING AGENT'S WEBSITE AT WWW.BMCGROUP.COM/WRGRACE.

[Remainder of page left blank intentionally]

**BALLOT**

**PLEASE COMPLETE THE FOLLOWING:**

| [Name & Address] | *In re W. R. Grace & Co., et al.*<br>Case No. 01-01139 (JFK)<br><br>**Class 7B Asbestos PD Claims (US ZAI PD Claims)** |
|---|---|

**Please read the instructions accompanying this Ballot before completing the Ballot.  Print Clearly.**

| Item 1. | **PRINCIPAL AMOUNT OF US ZAI PD CLAIM.**  Amount of your claim for voting purposes only: <u>$1.00</u>. |
|---|---|

| Item 2. | **VOTE ON THE PLAN**.  The undersigned Holder of a US ZAI PD Claim hereby votes its Claim to (check one box only): |
|---|---|
| ❐ | ACCEPT the Plan |
| ❐ | REJECT the Plan |

**Please note:  If you vote to accept the Plan, you will be deemed to have given the specific releases set forth in Section 8.8.7 of the Plan.**

| Item 3. | **TELEPHONE NUMBER / AUTHORIZATION** |
|---|---|

Telephone Number:

Name of Signatory (if different from claimant):

If by Authorized Agent, Title or Agent:

| Item 4. | **ACKNOWLEDGEMENTS AND CERTIFICATIONS.**  By signing and returning this Ballot, you make the following acknowledgements and certifications: |
|---|---|
| (i) | I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto; and |
| (ii) | I was the Holder of a US ZAI PD Claim in Class 7B as of the Voting Record Date or I have the authority, under applicable law, to vote to accept or reject the Plan on behalf of a Holder of a US ZAI PD Claim in Class 7B as of the Voting Record Date. |

| Item 5. | **SIGNATURE AND DATE:** |
|---|---|

Signature of Claimant or Authorized Agent                                        Date

**Item 6.  ADDRESS CORRECTIONS, IF ANY (PRINT CLEARLY)**

Name

Address 1

Address 2

City, State and ZIP Code (US)

<u>Exhibit D-7</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.**, *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | BALLOT FOR ACCEPTING OR |
| | ) | REJECTING JOINT PLAN OF |
| | ) | REORGANIZATION UNDER CHAPTER |
| | ) | 11 OF THE BANKRUPTCY CODE |

**Class 7B**
**Asbestos PD Claims (US ZAI PD Claims)**

### VOTING INSTRUCTIONS AND BALLOT FOR
### US ZAI CLASS REPRESENTATIVES WITH
### RESPECT TO CLASS 7B ASBESTOS PD CLAIMS

W. R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") are soliciting votes to accept or reject the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (as it may be amended or supplemented, the "Plan") described in the accompanying

---

[1]   The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,  CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

Exhibit D-8

Disclosure Statement (the "<u>Disclosure Statement</u>") from the Holders of certain impaired Claims against, and Equity Interests in, the Debtors.

On [_____, ___], 2009, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order approving, among other things, (i) the Disclosure Statement as providing adequate information for Holders of Claims against, or Equity Interests in, the Debtors to make a decision as to whether to accept or reject the Plan and (ii) certain procedures (the "<u>Voting Procedures</u>") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures contain important information regarding the balloting process and are included in the Solicitation Package accompanying this Ballot. Please read the Plan, the Disclosure Statement and the Voting Procedures before submitting your Ballot. Capitalized terms not defined herein shall have the meaning ascribed to them in the Voting Procedures and the Plan.

The accompanying Ballot is to be used for voting by the US ZAI Class Representatives with respect to Class 7B Asbestos PD Claims held by members of the US ZAI Rule 23 Class who do not individually vote to accept or reject the Plan. In order for your vote on behalf of all Holders of Class 7B Asbestos PD Claims in the US ZAI Rule 23 Class who do not individually vote to accept or reject the Plan to be counted, your Ballot must be properly completed, signed, and returned by mail, hand delivery or overnight courier to the Debtors' court-approved Voting Agent as follows:

<table>
<tr><td><b><u>By U.S. Mail</u></b><b>:</b></td><td><b><u>By Courier</u></b><b>:</b></td></tr>
<tr><td>BMC Group, Inc.<br>Attn:  W. R. Grace Voting Agent<br>P.O. Box 2007<br>Chanhassen, MN 55317-2007</td><td>BMC Group, Inc.<br>Attn:  W. R. Grace Voting Agent<br>17850 Lake Drive East<br>Chanhassen, MN 55317</td></tr>
</table>

<b>Your Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "<u>Voting Deadline</u>").   Facsimiles and electronic submissions will NOT be accepted.</b>

*Please note that the Plan can be confirmed by the Bankruptcy Court and thereby made binding on you and the US ZAI PD Class, including the creation of a trust pursuant to section 524(g) of the Bankruptcy Code and the channeling of all Class 7 Asbestos PD Claims, including Asbestos PD Claims in Class 7A and US ZAI PD Claims in Class 7B, to such trust, if the Plan (i) is accepted by the Holders of two-thirds in amount and one-half in number of the Class 7B Asbestos PD Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures; (ii) is accepted by the Holders of at least three-fourths in number of the Class 7 Asbestos PD Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures; and (iii) it otherwise satisfies the requirements of section 1129 of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.*

<u>Exhibit D-8</u>

**SPECIFIC RELEASES BY HOLDERS
OF CLAIMS OR EQUITY INTERESTS**

**Please take notice that, as more fully provided for in Section 8.8.7 of the Plan, each Holder of a Claim or Equity Interest who votes in favor of the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents.  In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.**

If you have questions about the Ballot, if you did not receive a copy of the Disclosure Statement, Plan, Exhibit Book or Voting Procedures, or if you received these documents in CD-ROM format and desire to obtain paper copies, you may contact the Voting Agent at (888) 909-0100.  Copies of the Plan and related documents are also available on the Debtors' website at www.grace.com and at the website maintained by the Voting Agent at www.bmcgroup.com/wrgrace.

### VOTING INFORMATION AND INSTRUCTIONS
### FOR COMPLETING THE BALLOT

The accompanying Ballot is for voting purposes only and does not constitute and shall not be deemed to be a proof of claim or interest or an admission by the Debtors of the validity or amount of a claim.

**Please follow these instructions to complete the Ballot:**

1. **Read the Plan, the Disclosure Statement, the Voting Procedures and these instructions.**

2. **(Item 1)  Description of amount of each Class 7B Asbestos PD Claim and number of Holders of Class 7B Asbestos PD Claims for which this Ballot will apply.**

3.  **(Item 2)  Vote to accept or reject the Plan on behalf of the Holders of the Class 7B Asbestos PD Claims who are members of the US ZAI Rule 23 Class and who do not individually vote to accept or reject the Plan by marking an "X" in the box that corresponds to your choice.  <u>Please note that each Holder of a Claim that votes to accept the Plan will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.</u>**

4.  **(Item 3)  Read, sign and date the Ballot.  An unsigned Ballot will NOT be counted.  By signing the Ballot, you make the following certifications:**

    - I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto.

    - I have the full power and authority to vote and accept or reject the Plan on behalf of all of the Holders of Class 7B Asbestos PD Claims who are members of the US ZAI Rule 23 Class and who do not individually vote to accept or reject the Plan.

5.  **Return the Ballot in the envelope provided.  The Ballot must be RECEIVED by the Voting Agent by the Voting Deadline or it will NOT be counted.  Facsimiles and electronic submissions will NOT be accepted.**

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, IF YOU RECEIVED COPIES OF THESE MATERIALS IN CD-ROM FORMAT AND DESIRE TO OBTAIN PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., TOLL-FREE AT (888) 909-0100.**

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT WWW.GRACE.COM AND THE VOTING AGENT'S WEBSITE AT WWW.BMCGROUP.COM/WRGRACE.**

[The remainder of this page has been left blank intentionally]

<u>Exhibit D-8</u>

## BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

Item 1.    **AMOUNT AND NUMBER OF HOLDERS OF US ZAI PD CLAIMS FOR WHICH THIS BALLOT APPLIES.**  Based upon the Voting Procedures, each US ZAI PD CLAIM that is entitled to vote shall be counted in the amount of $1.00.  This Ballot is being cast on behalf of all Holders of US ZAI PD Claims who are members of the US ZAI Rule 23 Class and who do not individually vote for or against the Plan.

Item 2.    **VOTE ON THE PLAN**.  The undersigned hereby votes to:

Check one box:                ❐        Accept the Plan

                             ❐        Reject the Plan

**Please note:  If you vote to accept the Plan, you will be deemed to have given the specific releases set forth in Section 8.8.7 of the Plan on behalf of all Holders of US ZAI PD Claims on behalf of whom you are voting.**

Item 3.    **ACKNOWLEDGEMENTS AND CERTIFICATIONS.**  By returning this Ballot, the undersigned acknowledges that they have been provided with a copy of the Plan, the Disclosure Statement, Exhibit Book, the Voting Procedures, and all exhibits thereto.  The undersigned also certifies that they have full power and authority to vote and accept or reject the Plan with respect to and on behalf of all of the Holders of US ZAI PD Claims in Class 7B who are members of the US ZAI Rule 23 Class and who do not individually vote for or against the Plan.

                        **Marco Baranti and Ralph Busch, as US ZAI Class Representatives for the US ZAI Rule 23 Class**

Signatures:            _____

                      _____

K&E 14093683.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.**, *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | BALLOT FOR ACCEPTING OR |
| | ) | REJECTING JOINT PLAN OF |
| | ) | REORGANIZATION UNDER CHAPTER |
| | ) | 11 OF THE BANKRUPTCY CODE |

**Class 8**
**CDN ZAI PD Claims**

### VOTING INSTRUCTIONS AND BALLOT
### FOR CLASS 8 CDN ZAI PD CLAIMS

W. R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") are soliciting votes to accept or reject the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (as it may be amended or supplemented, the "Plan") described in the accompanying Disclosure Statement (the "Disclosure Statement") from the Holders of certain impaired Claims against, and Equity Interests in, the Debtors.

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,  CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Exhibit D-9

On [_____, ___], 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order approving, among other things, (i) the Disclosure Statement as providing adequate information for Holders of Claims against, or Equity Interests in, the Debtors to make a decision as to whether to accept or reject the Plan and (ii) certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures contain important information regarding the balloting process and are included in the Solicitation Package accompanying this Ballot. Please read the Plan, the Disclosure Statement and the Voting Procedures before submitting your Ballot. Capitalized terms not defined herein shall have the meaning ascribed to them in the Voting Procedures and the Plan.

The accompanying Ballot is to be used for voting with respect to Class 8 CDN ZAI PD Claims only. In order for your vote on behalf of all Holders of Class 8 CDN ZAI PD Claims to be counted, your Ballot must be properly completed, signed, and returned by mail, hand delivery or overnight courier to the Debtors' court-approved Voting Agent as follows:

**By U.S. Mail:**

BMC Group, Inc.
Attn: W. R. Grace Voting Agent
P.O. Box 2007
Chanhassen, MN 55317-2007

**By Courier:**

BMC Group, Inc.
Attn: W. R. Grace Voting Agent
17850 Lake Drive East
Chanhassen, MN 55317

**Your Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "Voting Deadline"). Facsimiles and electronic submissions will NOT be accepted.**

*Please note that the Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by each class that is entitled to vote. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of section 1129 (a) and (b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against, and Equity Interests in, the Debtors (including those Holders who abstain from voting on or reject the Plan and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.*

**SPECIFIC RELEASES BY HOLDERS
OF CLAIMS OR EQUITY INTERESTS**

**Please take notice that, as more fully provided for in Section 8.8.7 of the Plan, each Holder of a Claim or Equity Interest who votes in favor of the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of**

Exhibit D-9

any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents.  In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.

If you have questions about the Ballot, if you did not receive a copy of the Disclosure Statement, Plan, Exhibit Book or Voting Procedures, or if you received these documents in CD-ROM format and desire to obtain paper copies, you may contact the Voting Agent at (888) 909-0100.  Copies of the Plan and related documents are also available on the Debtors' website at www.grace.com and at the website maintained by the Voting Agent at www.bmcgroup.com/wrgrace.

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

The accompanying Ballot is for voting purposes only and does not constitute and shall not be deemed to be a proof of claim or interest or an admission by the Debtors of the validity or amount of a claim.

**Please follow these instructions to complete the Ballot:**

1. **Read the Plan, the Disclosure Statement, the Voting Procedures and these instructions.**

2. **(Item 1)  This is the amount of the Class 8 CDN ZAI PD Claims for voting purposes only.**

3. **(Item 2)  Vote to accept or reject the Plan on behalf of the Class 8 CDN ZAI PD Claims by marking an "X" in the box that corresponds to your choice.  <u>Please note that each Holder of a Claim that votes to accept the Plan will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.</u>**

4. **(Item 3)  Read, sign and date the Ballot.  An unsigned Ballot will NOT be counted.  By signing the Ballot, you make the following certifications:**

   - I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto.

<u>Exhibit D-9</u>

- I have the full power and authority to vote and accept or reject the Plan on behalf of all of the Holders of Class 8 CDN ZAI PD Claims.

5. **Return the Ballot in the envelope provided.  The Ballot must be RECEIVED by the Voting Agent by the Voting Deadline or it will NOT be counted.  Facsimiles and electronic submissions will NOT be accepted.**

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, IF YOU RECEIVED COPIES OF THESE MATERIALS IN CD-ROM FORMAT AND DESIRE TO OBTAIN PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., TOLL-FREE AT (888) 909-0100.**

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT WWW.GRACE.COM AND THE VOTING AGENT'S WEBSITE AT WWW.BMCGROUP.COM/WRGRACE.**

[The remainder of this page has been left blank intentionally]

K&E 13296153.10

## BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.**    **AMOUNT OF CDN ZAI PD CLAIMS.**  Based upon the payment to be made to the Canadian ZAI PD claims fund pursuant to the CDN ZAI Minutes of Settlement, the aggregate amount of CDN ZAI PD Claims for voting purposes is:

> $6,500,000.00

**Item 2.**    **VOTE ON THE PLAN**.  The undersigned hereby votes to:

Check one box:                ❑        Accept the Plan

                                         ❑        Reject the Plan

**Please note:  If you vote to accept the Plan, you will be deemed to have given the specific releases set forth in Section 8.8.7 of the Plan on behalf of all Holders of CDN ZAI PD Claims in Class 8.**

**Item 3.**    **ACKNOWLEDGEMENTS AND CERTIFICATIONS.**  By returning this Ballot, the undersigned acknowledges that it has been provided with a copy of the Plan, the Disclosure Statement, Exhibit Book, the Voting Procedures, and all exhibits thereto. The undersigned also certifies that he/she has full power and authority to vote and accept or reject the Plan with respect to and on behalf of all of the Holders of CDN ZAI PD Claims in Class 8.

**LAUZON BELANGER S.E.N.C.R.L. in its capacity as representative counsel, on behalf of all Holders of CDN ZAI PD Claims**

Signature:                      _____

Title:                             _____

Street Address:             _____

City, State, and Zip Code:    _____

Telephone Number:        _____

Date:                            _____

Exhibit D-9

**PROVISIONAL**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | BALLOT FOR ACCEPTING OR |
| | ) | REJECTING JOINT PLAN OF |
| | ) | REORGANIZATION UNDER CHAPTER |
| | ) | 11 OF THE BANKRUPTCY CODE |

**Class 9**
**General Unsecured Claims**

## VOTING INSTRUCTIONS AND BALLOT FOR HOLDERS OF
## CLASS 9 GENERAL UNSECURED CLAIMS

W. R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") are soliciting votes to accept or reject the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (as it may be amended or supplemented, the "Plan") described in the accompanying Disclosure Statement (the "Disclosure Statement") from the Holders of certain impaired Claims against, and Equity Interests in, the Debtors.

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,  CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**PROVISIONAL**

On [_____, ___], 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order approving, among other things, (i) the Disclosure Statement as providing adequate information for Holders of Claims against, or Equity Interests in, the Debtors to make a decision as to whether to accept or reject the Plan and (ii) certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan. The Voting Procedures contain important information regarding the balloting process and are included in the Solicitation Package accompanying this Ballot. Please read the Plan, the Disclosure Statement and the Voting Procedures before submitting your Ballot. Capitalized terms not defined herein shall have the meaning ascribed to them in the Voting Procedures and the Plan.

The accompanying Ballot is to be used only for provisional voting by Holders of General Unsecured Claims. You have received the Ballot either because you have filed with the Bankruptcy Court a General Unsecured Claim or have been identified by the Debtors on their schedules of liabilities as a Holder of a General Unsecured Claim. Please note that the Plan provides that Class 9 General Unsecured Claims are unimpaired, but the Debtors have agreed to solicit the votes of Holders of General Unsecured Claims on a provisional basis. The provisionally solicited votes of the Holders of General Unsecured Claims shall not be used to determine acceptance or rejection of the Plan by the Class unless it is determined that Class 9 is impaired. If it is determined that Class 9 is unimpaired, then Class 9 will be deemed to accept the Plan and any and all Ballots cast by Holders of General Unsecured Claims will be disregarded for all purposes.

In order for your vote to be counted (if it is determined that Class 9 is impaired), your Ballot must be properly completed, signed, and returned by mail, hand delivery or overnight courier to the Debtors' court-approved Voting Agent as follows:

| **By U.S. Mail:** | **By Courier:** |
|---|---|
| BMC Group, Inc. | BMC Group, Inc. |
| Attn: W. R. Grace Voting Agent | Attn: W. R. Grace Voting Agent |
| P.O. Box 2007 | 17850 Lake Drive East |
| Chanhassen, MN 55317-2007 | Chanhassen, MN 55317 |

**Your Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "Voting Deadline"). Facsimiles and electronic submissions will NOT be accepted.**

*Please note that the Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by each class that is entitled to vote. In the event that the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of section 1129(a) and (b) of the Bankruptcy Code. If it is determined that Class 9 General Unsecured Claims is impaired pursuant to section 1124 of the Bankruptcy Code, then the Plan will be accepted by Class 9 General Unsecured Claims if it is accepted by (i) the Holders of at least two-thirds in amount of the Class 9 General Unsecured Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting*

K&E 13599219.8

Exhibit D-10

**PROVISIONAL**

*Procedures; and (ii) the Holders of at least one-half in number of the Class 9 General Unsecured Claims for which votes to accept or reject the Plan were cast and counted pursuant to the Voting Procedures. If it is determined that Class 9 is unimpaired, then Class 9 will be deemed to accept the Plan and any and all Ballots cast by Holders of General Unsecured Claims will be disregarded for all purposes. If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.*

---

**SPECIFIC RELEASES BY HOLDERS
OF CLAIMS OR EQUITY INTERESTS**

**Please take notice that, as more fully provided for in Section 8.8.7 of the Plan, each Holder of a Claim or Equity Interest who votes in favor of the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents. In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.**

---

If you have questions about your Ballot, if you did not receive a copy of the Disclosure Statement, Plan, Exhibit Book or Voting Procedures, or if you received these documents in CD-ROM format and desire to obtain paper copies, you may contact the Voting Agent at (888) 909-0100. Copies of the Plan and related documents are also available on the Debtors' website at www.grace.com and at the website maintained by the Voting Agent at www.bmcgroup.com/wrgrace.

**VOTING INFORMATION AND INSTRUCTIONS
FOR COMPLETING THE BALLOT**

The accompanying Ballot is for voting purposes only and does not constitute and shall not be deemed to be a proof of claim or interest or an admission by the Debtors of the validity or amount of a claim.

Exhibit D-10

**\*\*PROVISIONAL\*\***

**Please follow these instructions to complete your Ballot:**

1.    **Read the Plan, the Disclosure Statement, the Voting Procedures and these instructions.**

2.    **(Item 1)  This is the amount of your Claim for voting purposes only.**

3.    **(Item 2)  Vote to accept or reject the Plan by marking an "X" in the box that corresponds to your choice.  <u>Please note that, if you vote to accept the Plan, you will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.</u>**

4.    **(Item 3)   Print telephone number, name of signatory (if different than Claimant) and title of agent, if applicable.**

5.    **(Item 4)  By signing the Ballot, you make the following certifications:**

   - "I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto."

   - "I was the Holder of a General Unsecured Claim, as defined in the Plan, as of the Voting Record Date or I have the authority, under applicable law, to vote to accept or reject the Plan on behalf of a Holder of a General Unsecured Claim as of the Voting Record Date."

6.    **(Item 5)  Sign and date the Ballot.  Unsigned Ballots will NOT be counted.**

7.    **(Item 6)  If the mailing address to which your Ballot was sent is incorrect, supply corrected address information.**

8.    **Return the Ballot in the envelope provided.  The Ballot must be RECEIVED by the Voting Agent by the Voting Deadline or it will NOT be counted.  Facsimiles and electronic submissions will NOT be accepted.**

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, IF YOU RECEIVED COPIES OF THESE MATERIALS IN CD-ROM FORMAT AND DESIRE TO OBTAIN PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., TOLL-FREE AT (888) 909-0100.**

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT  WWW.GRACE.COM  AND THE VOTING AGENT'S WEBSITE AT WWW.BMCGROUP.COM/WRGRACE.**

[Remainder of page left blank intentionally]

## **PROVISIONAL**

### BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

| [Name & Address] | *In re W. R. Grace & Co., et al.*<br>Case No. 01-01139 (JFK)<br><br>**Class 9 General Unsecured Claims** |
|---|---|

| **Please read the instructions accompanying this Ballot before completing the Ballot.  Print Clearly.** | |
|---|---|

| **Item 1.** | **PRINCIPAL AMOUNT OF GENERAL UNSECURED CLAIM.**  The undersigned certifies that as of _____, 2008 (the "<u>Voting Record Date</u>"), the undersigned was the Holder, or had the authority to vote for the Holder, of a General Unsecured Claim in the amount set forth below.<br><br>Amount of your claim for voting purposes only: $ _____ . |
|---|---|

| **Item 2.** | **VOTE ON THE PLAN**.  The undersigned Holder of the General Unsecured Claim in the amount set forth in Item 1 hereby votes <u>all</u> of its Claim to (check one box only): |
|---|---|
| ❏ | ACCEPT the Plan |
| ❏ | REJECT the Plan |

**Please note:  If you vote to accept the Plan, you will be deemed to have given the specific releases set forth in Section 8.8.7 of the Plan.**

| **Item 3.** | **TELEPHONE NUMBER / AUTHORIZATION** |
|---|---|

Telephone Number:

Name of Signatory (if different from claimant):

If by Authorized Agent, Title or Agent:

| **Item 4.** | **ACKNOWLEDGEMENTS AND CERTIFICATIONS.**  By signing and returning this Ballot, you make the following acknowledgements and certifications: |
|---|---|
| (i) | I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto; and |
| (ii) | I was the Holder of a General Unsecured Claim, as defined in the Plan, as of the Voting Record Date or I have the authority, under applicable law, to vote to accept or reject the Plan on behalf of a Holder of a General Unsecured Claim as of the Voting Record Date. |

| **Item 5.** | **SIGNATURE AND DATE:** |
|---|---|

| Signature of Claimant or Authorized Agent | Date |
|---|---|

| **Item 6.  ADDRESS CORRECTIONS, IF ANY (PRINT CLEARLY)** | |
|---|---|

Name

Address 1

Address 2

City, State and ZIP Code (US)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO., et al.**[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | MASTER BALLOT FOR ACCEPTING OR |
| | ) | REJECTING JOINT PLAN OF |
| | ) | REORGANIZATION UNDER CHAPTER 11 |
| | ) | OF THE BANKRUPTCY CODE |

**Class 10**
**Equity Interests in the Parent**

## MASTER BALLOT AND VOTING INSTRUCTIONS FOR CLASS 10
## EQUITY INTERESTS OF W. R. GRACE & CO. (CUSIP # 38388F108)

W. R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") are soliciting votes to accept or reject the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (as it may be amended or supplemented, the "Plan") described in the accompanying Disclosure Statement (the "Disclosure Statement") from the Holders of certain impaired Claims against, and Equity Interests in, the Debtors.

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,  CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

On **[_____, ___]**, 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order approving, among other things, (i) the Disclosure Statement as providing adequate information for Holders of Claims against, or Equity Interests in, the Debtors to make a decision as to whether to accept or reject the Plan and (ii) certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan.  The Voting Procedures contain important information regarding the balloting process and are included in the Solicitation Package accompanying this Ballot.  Please read the Plan, the Disclosure Statement and the Voting Procedures before submitting your Ballot.  Capitalized terms not defined herein shall have the meaning ascribed to them in the Voting Procedures and the Plan.

The accompanying Master Ballot for the Class 10 Equity Interests in W. R. Grace & Co. (the "Equity Interests in the Parent") represented by common stock (the "Parent Common Stock") may not be used for any purpose other than for casting votes to accept or reject the Plan. The Master Ballot is to be used by you as a broker, bank or other nominee (each of the foregoing a "Nominee"), or as the proxy Holder of a Nominee or beneficial owner of Equity Securities.

**Please read and follow the attached instructions carefully.  Complete, sign and date the Master Ballot and promptly return it to the Debtors' court-approved Voting Agent as follows:**

<u>**By U.S. Mail**</u>:

BMC Group, Inc.
Attn:  W. R. Grace Voting Agent
P.O. Box 2007
Chanhassen, MN 55317-2007

<u>**By Courier**</u>:

BMC Group, Inc.
Attn:  W. R. Grace Voting Agent
17850 Lake Drive East
Chanhassen, MN 55317

**The Master Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "Voting Deadline").  Facsimiles and electronic submissions will NOT be accepted.**

*Please note that the Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by each class that is entitled to vote.  In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of section 1129 (a) and (b) of the Bankruptcy Code.  The Plan will be accepted by Class 10 Equity Interests if it is accepted by the Holders of two-thirds in amount of Equity Interests in Class 10 voting on the Plan.  If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.*

K&E 13281871.9

<u>Exhibit D-11</u>

**SPECIFIC RELEASES BY HOLDERS
OF CLAIMS OR EQUITY INTERESTS**

**Please take notice that, as more fully provided for in Section 8.8.7 of the Plan, each Holder of a Claim or Equity Interest who votes in favor of the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents.  In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.**

If you have questions about the Master Ballot, or if you did not receive a copy of the Disclosure Statement, Plan, Exhibit Book or Voting Procedures, you may contact the Voting Agent at (888) 909-0100.  Copies of the Plan and related documents are also available on the Debtors' website at www.grace.com and at the website maintained by the Voting Agent at www.bmcgroup.com/wrgrace.

[The remainder of this page is left blank intentionally]

## MASTER BALLOT

The Debtors are soliciting your customers' votes on the Plan, described in and annexed as Exhibit 1 to the Exhibit Book accompanying the Disclosure Statement and this Master Ballot. Please review the Plan and Disclosure Statement carefully before you complete this Master Ballot.

**PLEASE COMPLETE THE FOLLOWING:**

Item 1.    **CERTIFICATIONS OF AUTHORITY TO VOTE.**  The undersigned certifies that as of the Voting Record Date, the undersigned (please check one box):

☐         Is a broker, bank, or other nominee for the beneficial owners of the aggregate number of shares of Parent Common Stock listed in Item 1 of the beneficial owner's Class 10 Ballot, and is the Holder of such securities, or

☐         Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered Holder of the number of securities listed in Item 1 of the beneficial owner's Class 10 Ballot, or

☐         Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered Holder of the number of securities listed in Item 1 of the beneficial owner's Class 10 Ballot, and accordingly has full power and authority to vote to accept or reject the Plan on behalf of the beneficial owners of the Equity Interests in the Parent listed in Item 1 of the beneficial owner's Class 10 Ballot.

Item 2.    **TABULATION OF VOTES WITH RESPECT TO THE PLAN.**  Please note that each beneficial owner of the Parent Common Stock that votes must vote its entire interest to accept or reject the Plan and may not split such vote.  Accordingly, for purposes of tabulating the vote, each voting beneficial owner should be deemed to have voted the full amount of its Parent Common Stock as of [_____], 2009 (the "Voting Record Date"), as shown by your records. A Ballot received from a beneficial owner that partially accepts and partially rejects the Plan will not be counted.

The undersigned transmits the following votes of beneficial owners in respect of their Parent Common Stock, and certifies that the following beneficial owners of the Parent Common Stock, as identified by their respective customer account numbers set forth below, are beneficial owners of such securities as of the Voting Record Date and have delivered to the undersigned, as Nominee, Ballots casting such votes. Indicate in the appropriate column the total number of shares voted for each account, or attach such information to this Master Ballot in the form of the following table:

DTC Participant No. _____

| Your Customer Account Number for Each Beneficial Owner of Voting Parent Common Stock | Number of Shares of Parent Common Stock Voted to Accept or Reject the Plan* | |
|---|---|---|
| | ACCEPT | REJECT |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| TOTALS: | | |

\*        In order to vote on the Plan, the beneficial owner must have checked a box in item 2 to ACCEPT or REJECT the Plan on the Class 10 Ballot.  If the beneficial owner did not check a box in item 2 on the Class 10 Ballot, please do not enter any vote in this column.

**Please note that each Holder of an Equity Interest that votes to accept the Plan will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.**

**Item 3.        CERTIFICATION AS TO TRANSCRIPTION OF INFORMATION FROM ITEM 3 AS TO PARENT COMMON STOCK VOTED THROUGH OTHER BALLOTS BY BENEFICIAL OWNERS.**        The undersigned certifies that the undersigned has transcribed into the following table the information, if any, provided by the beneficial owners in Item 3 of the Class 10 Ballot, identifying any other Class 10 Equity Interests for which such beneficial owners have submitted other Ballots other than to the undersigned.

<u>Exhibit D-11</u>

K&E 13281871.9

| Your Customer Account Number For Each Beneficial Owner Who Completed Item 3 of the Class 10 Ballot | TRANSCRIBE FROM ITEM 3 OF THE CLASS 10 BALLOT | | |
|---|---|---|---|
| | Account Number | Name of Holder | Number of Shares of Other Class 10 Interests Voted |
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |

**Item 4.    OTHER CERTIFICATIONS.**    By signing this Master Ballot, the undersigned certifies as follows:

1)    Each beneficial owner of Parent Common Stock whose vote is being transmitted by this Master Ballot has been provided with a copy of the Plan, the Disclosure Statement and the Voting Procedures, including all exhibits thereto.

2)    A record of the Ballots received from each beneficial owner will remain on file with the undersigned (and be subject to inspection by the Bankruptcy Court) until one year after the Voting Deadline, unless otherwise instructed in writing by the Debtors or otherwise ordered by the Bankruptcy Court.

DTC Participant No.                                    _____

Name of the Broker, Bank, or other Nominee:    _____

Name of Proxy Holder or Agent for Broker,
Bank, or other Nominee (if applicable):            _____

Signature:                                                 _____

By (Print name of signatory):                       _____

Title:                                                         _____

Street Address:                                          _____

K&E 13281871.9                                                        <u>Exhibit D-11</u>

City, State, and Zip Code: _____

Telephone Number: _____

Date: _____

Exhibit D-11

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

**VOTING DEADLINE/VOTING AGENT:**

**The Voting Deadline is 4:00 p.m., prevailing Eastern time, on May 20, 2009.** To have the vote of the beneficial owners for whom you act as Nominee count, you must complete, sign, and return this Master Ballot so that it is received by the Voting Agent before the Voting Deadline. The address for the Voting Agent is:

<table>
<tr><td><u>**By U.S. Mail**</u>:</td><td><u>**By Courier**</u>:</td></tr>
<tr><td>BMC Group, Inc.<br>Attn: W. R. Grace Voting Agent<br>P.O. Box 2007<br>Chanhassen, MN 55317-2007</td><td>BMC Group, Inc.<br>Attn: W. R. Grace Voting Agent<br>17850 Lake Drive East<br>Chanhassen, MN 55317</td></tr>
</table>

**HOW TO VOTE:**

If you are both the owner and the beneficial owner of any Equity Interests you wish to vote such Equity Interests, you may complete, execute, and return to the Voting Agent <u>either</u> a Class 10 Ballot or this Master Ballot.

**If you are transmitting the votes of any beneficial owners of Parent Common Stock other than yourself, you may <u>either</u>:**

Complete and execute the Class 10 Ballot (other than Items 2 and 3) and deliver to the beneficial owner of such "prevalidated" Class 10 Ballot, along with the Plan, the Disclosure Statement and the Voting Procedures, return envelopes addressed to the Voting Agent, and other materials requested to be forwarded. The beneficial owner should complete Items 2 and 3 of that Ballot and return the completed Ballot directly to the Voting Agent so that it will be received before the Voting Deadline;

**OR**

For any Class 10 Ballots you do not "prevalidate":

Deliver the Class 10 Ballot to the beneficial owner, along with the Plan, the Disclosure Statement, the Voting Procedures and all exhibits thereto, a postage-paid return envelope addressed to you, and other materials requested to be forwarded, and take the necessary action to enable such beneficial owner to complete and execute such Class 10 Ballot voting to accept or reject the Plan, and return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline; and

With respect to all Class 10 Ballots returned to you, you must properly complete the Master Ballot as follows:

a.      Check the appropriate box in Item 1 on the Master Ballot;

<u>Exhibit D-11</u>

b.      Indicate the votes to accept or reject the Plan in Item 2 of the Master Ballot, as transmitted to you by the beneficial owners of Parent Common Stock. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of such beneficial owner and the assigned number). **IMPORTANT: EACH BENEFICIAL OWNER MUST VOTE <u>ALL</u> HIS, HER, OR ITS PARENT COMMON STOCK <u>EITHER</u> TO ACCEPT OR REJECT THE PLAN, AND MAY NOT SPLIT THEIR VOTES. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT HIS/HER/ITS VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.** Any Ballot or Master Ballot that is signed, dated, and timely received, but does not indicate acceptance or rejection of the Plan, will not be counted for purposes of voting on the Plan;

**<u>Please note that each Holder of an Equity Interest that votes to accept the Plan will be deemed to have granted the releases described in Section 8.8.7 of the Plan.</u>**

c.      Review the certifications in Item 4 of the Master Ballot;

d.      Sign and date the Master Ballot, and provide the remaining information requested;

e.      If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable item of the Master Ballot to which you are responding;

f.      Contact the Voting Agent if you need any additional information; and

g.      Return the completed, executed Master Ballot so as to be <u>received</u> by the Voting Agent before the Voting Deadline.

**If you return a Master Ballot, please retain in your files each completed, executed Class 10 Ballot returned to you by a beneficial owner for one year from the Voting Deadline (or as modified in writing by the Debtors or an order of the Bankruptcy Court).**

**If you elect to "prevalidate" Ballots, please maintain a list of those beneficial owners as of the Voting Record Date to whom Ballots were sent for one year from the Voting Deadline (or as modified in writing by the Debtors or an order of the Bankruptcy Court).**

This Master Ballot is *not* a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. Neither the Debtors nor the Voting Agent will accept delivery of any such certificates surrendered together with this Master Ballot.

No Ballot or Master Ballot shall constitute or be deemed a proof of claim or equity interest or an assertion of claim or equity interest.

<u>Exhibit D-11</u>

K&E 13281871.9

No fees, commissions, or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan.  The Debtors will, however, reimburse you for customary mailing and reasonable handling expenses incurred by you in forwarding the Ballots and other enclosed materials to the beneficial owners of Equity Securities held by you as a nominee or in a fiduciary capacity.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL CONSTITUTE AUTHORITY FOR YOU OR ANY OTHER PERSON TO ACT AS THE AGENT OF W. R. GRACE & CO. OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, OR VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, BMC GROUP, INC., AT (888) 909-0100.**

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT WWW.GRACE.COM AND THE VOTING AGENT'S WEBSITE AT WWW.BMCGROUP.COM/WRGRACE.**

K&E 13281871.9

Exhibit D-11

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.**, *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | BALLOT FOR ACCEPTING OR |
| | ) | REJECTING JOINT PLAN OF |
| | ) | REORGANIZATION UNDER CHAPTER |
| | ) | 11 OF THE BANKRUPTCY CODE |

**Class 10**
**Equity Interests in the Parent**

### VOTING INSTRUCTIONS AND BALLOT FOR HOLDERS OF
### CLASS 10 EQUITY INTERESTS OF W. R. GRACE & CO. (CUSIP # 38388F108)

W. R. Grace & Co. and its affiliated debtors and debtors in possession (collectively, the "Debtors") are soliciting votes to accept or reject the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (as it may be amended or supplemented, the "Plan") described in the accompanying Disclosure Statement (the "Disclosure Statement") from the Holders of certain impaired Claims against, and Equity Interests in, the Debtors.

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc.,  CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 13281841.9

On [_____,___], 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order approving, among other things, (i) the Disclosure Statement as providing adequate information for Holders of Claims against, or Equity Interests in, the Debtors to make a decision as to whether to accept or reject the Plan and (ii) certain procedures (the "Voting Procedures") for the solicitation and tabulation of votes to accept or reject the Plan.  The Voting Procedures contain important information regarding the balloting process and are included in the Solicitation Package accompanying this Ballot.  Please read the Plan, the Disclosure Statement and the Voting Procedures before submitting your Ballot.  Capitalized terms not defined herein shall have the meaning ascribed to them in the Voting Procedures and the Plan.

The accompanying Ballot is to used only for voting by Holders of Class 10 Equity Interests in W. R. Grace & Co. ("Equity Interests in the Parent") in such Holders' capacity as a beneficial Holder or a registered Holder of common stock interests in W. R. Grace & Co. (the "Parent Common Stock" ).  In order for your vote to be counted, your Ballot must be properly completed, signed, and returned by mail, hand delivery or overnight courier to the Debtors' court-approved Voting Agent (unless you are directed to return the Ballot to your Nominee, Bank or Broker as described below) as follows:

|  |  |
|---|---|
| **By U.S. Mail:** | **By Courier:** |
| BMC Group, Inc. | BMC Group, Inc. |
| Attn:  W. R. Grace Voting Agent | Attn:  W. R. Grace Voting Agent |
| P.O. Box 2007 | 17850 Lake Drive East |
| Chanhassen, MN 55317-2007 | Chanhassen, MN 55317 |

**Your Ballot must be RECEIVED by the Voting Agent no later than 4:00 p.m., prevailing Eastern time, on May 20, 2009 (the "Voting Deadline").  Facsimiles and electronic submissions will NOT be accepted.**

**IF THE ENCLOSED RETURN ENVELOPE IS ADDRESSED TO YOUR NOMINEE, BANK, OR BROKER, RETURN YOUR COMPLETED BALLOT TO SUCH PARTY (RATHER THAN TO THE VOTING AGENT) IN ENOUGH TIME FOR THE NOMINEE, BANK, OR BROKER TO RECEIVE YOUR BALLOT AND TRANSMIT YOUR VOTE ON A MASTER BALLOT BEFORE THE VOTING DEADLINE.**

*Please note that the Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by each Class that is entitled to vote.  In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of section 1129 (a) and (b) of the Bankruptcy Code.  The Plan will be accepted by Class 10 Equity Interests if it is accepted by the Holders of two-thirds in amount of Equity Interests in Class 10 voting on the Plan.  If the Plan is confirmed by the Bankruptcy Court, all Holders of Claims against and Equity Interests in the Debtors (including those Holders who abstain from voting on or reject the Plan and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.*

K&E 13281841.9

Exhibit D-12

---

**SPECIFIC RELEASES BY HOLDERS**
**OF CLAIMS OR EQUITY INTERESTS**

**Please take notice that, as more fully provided for in Section 8.8.7 of the Plan, each Holder of a Claim or Equity Interest who votes in favor of the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents. In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.**

---

If you have questions about your Ballot, if you did not receive a copy of the Disclosure Statement, Plan, Exhibit Book or Voting Procedures, or if you received these documents in CD-ROM format and desire to obtain paper copies, you may contact the Voting Agent at (888) 909-0100. Copies of the Plan and related documents are also available on the Debtors' website at http://www.grace.com and at the website maintained by the Voting Agent at http://www.bmcgroup.com/wrgrace.

**VOTING INFORMATION AND INSTRUCTIONS**
**FOR COMPLETING THE BALLOT**

The accompanying Ballot is for voting purposes only and does not constitute and shall not be deemed to be a proof of claim or interest or an admission by the Debtors of the validity or amount of a claim.

**Please follow these instructions to complete your Ballot:**

1. **Read the Plan, the Disclosure Statement, the Voting Procedures and these instructions.**

2. **(Item 1)  This is the amount of your Parent Common Stock for voting purposes only.**

3.      **(Item 2)  Vote to accept or reject the Plan by marking an "X" in the box that corresponds to your choice.  <u>Please note that, if you vote to accept the Plan, you will be deemed to have granted the releases set forth in Section 8.8.7 of the Plan.</u>**

4.      **(Item 3)  By returning the Ballot, you certify that (a) the Ballot is the only Ballot submitted for your Parent Common Stock, except for any Parent Common Stock that you identify in the table in this Item 3, and that (b) all other Ballots for such Parent Common Stock identified above (if applicable) indicate the same vote to accept or reject the Plan that you have indicated in Item 2.**

5.      **(Item 4)  By signing and returning the Ballot, you acknowledge and certify that:**

- I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto.

- I am a beneficial owner or registered owner of Parent Common Stock as indicated below in Item 1.

- I have the full power and authority to vote and accept or reject the Plan as the beneficial owner or registered owner of Parent Common Stock listed on the Ballot.

6.      **Return the Ballot in the envelope provided.  The Ballot must be RECEIVED by the Voting Agent by the Voting Deadline or it will NOT be counted. Facsimiles and electronic submissions will NOT be accepted.**

7.      **You must vote <u>all</u> Class 10 Equity Interests that you beneficially hold either to accept or reject the Plan, and you may NOT split your vote.**

8.      **Do NOT return any securities with this Ballot.**

**IF YOU HAVE ANY QUESTIONS REGARDING YOUR BALLOT, IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT, PLAN, EXHIBIT BOOK OR VOTING PROCEDURES, IF YOU RECEIVED COPIES OF THESE MATERIALS IN CD-ROM FORMAT AND DESIRE TO OBTAIN PAPER COPIES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, BMC GROUP, INC., TOLL-FREE AT (888) 909-0100.**

**COPIES OF THE PLAN, DISCLOSURE STATEMENT, EXHIBIT BOOK AND VOTING PROCEDURES (AND ALL EXHIBITS THERETO) ARE ALSO AVAILABLE ON THE DEBTORS' WEBSITE AT WWW.GRACE.COM AND THE VOTING AGENT'S WEBSITE AT WWW.BMCGROUP.COM/WRGRACE.**

[The remainder of this page is left blank intentionally]

Exhibit D-12

K&E 13281841.9

# BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

| (Name & Address) | *In re W. R. Grace & Co., et al.*<br>Case No. 01-01139 (JFK)<br><br>**Class 10 Equity Interests in the Parent** |
|---|---|

**Please read the instructions accompanying this Ballot before completing the Ballot.  Print Clearly.**

| Item 1. | **SHARES OF PARENT COMMON STOCK VOTED.**  The undersigned certifies that as of [_____], 2009 (the "<u>Voting Record Date</u>"), the undersigned was either the beneficial owner or the registered owner of shares of Parent Common Stock in the total number of shares set forth below.  If your Parent Common Stock is held by a nominee, bank, or broker on your behalf and you do not know the amount, please contact your nominee, bank, or broker immediately.<br><br>**Shares of Parent Common Stock:**_____ |
|---|---|

| Item 2. | **VOTE ON THE PLAN.**  The beneficial owner or registered owner of Parent Common Stock in the number set forth in Item 1 (the "<u>Class 10 Equity Holder</u>") hereby votes to (CHECK ONE ONLY): |
|---|---|
| ❐ | ACCEPT the Plan |
| ❐ | REJECT the Plan |

**Please note:  If you vote to accept the Plan, you will be deemed to have given the specific releases set forth in Section 8.8.7 of the Plan.**

| Item 3. | **IDENTIFY ALL OTHER CLASS 10 EQUITY INTERESTS VOTED.**  By returning this Ballot, the Class 10 Equity Holder certifies that (a) this Ballot is the only Ballot submitted for the Class 10 Equity Interests held by such Class 10 Equity Holder, except for the Class 10 Equity Interests identified in the following table, and (b) all other Ballots for Class 10 Equity Interests submitted by the Class 10 Equity Holder (if applicable) indicate the same vote to accept or reject the Plan that the Class 10 Equity Holder has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary). |
|---|---|

| **Account Number** | **Name of Holder** | **Number of Other Class 10 Equity Interests voted** |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

<u>Exhibit D-12</u>

K&E 13281841.9

| | |
|---|---|
| **Item 4.** | **ACKNOWLEDGEMENTS AND CERTIFICATIONS.** By signing and returning this Ballot, you make the following acknowledgements and certifications: |
| (i) | I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures and the exhibits thereto; |
| (ii) | I am a beneficial owner or registered owner of Parent Common Stock listed above in Item 1; and |
| (iii) | I have the full power and authority to vote and accept or reject the Plan as the beneficial owner or registered owner of the Parent Common Stock listed above in Item 1. |
| **Item 5.** | **SIGNATURE AND DATE:** |

Signature of Claimant or Authorized Agent                                            Date

| | |
|---|---|
| **Item 6.** | **ADDRESS CORRECTIONS, IF ANY (PRINT CLEARLY)** |

Name

Address 1

Address 2

City, State and ZIP Code (US)

7

K&E 13281841.9