**Exhibit E: Form of Notice of Non-Voting Status**

Case 01-01139-AMC    Doc 20864-4    Filed 02/27/09    Page 1 of 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |

**NOTICE OF NON-VOTING STATUS WITH
RESPECT TO UNIMPAIRED CLASSES DEEMED
TO ACCEPT JOINT PLAN OF REORGANIZATION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (as it may be amended or supplemented, the "Plan") and a Disclosure Statement with respect to the Plan (as it may be amended or supplemented, the "Disclosure Statement") pursuant to section 1125 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").[2]

On [_____], 2009, the Bankruptcy Court entered an order that, among other things, approved the Disclosure Statement as containing adequate information, as required under section 1125(a) of the Bankruptcy Code, and authorized the Debtors to solicit votes to accept or reject the Plan.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

1                                                                                                          Exhibit E

The Disclosure Statement, Disclosure Statement Order, Plan and other related documents and materials may be obtained from the Debtors' Voting Agent, BMC Group, Inc. (a) at its website at www.bmcgroup.com/wrgrace, (b) by writing to: BMC Group, Inc., Attn: W. R. Grace Voting Agent, P.O. Box 913, El Segundo, CA 90245-0913, (c) by calling (888) 909-0100 or (d) by emailing wrgrace@bmcgroup.com.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE OR MIGHT BE THE HOLDER OF ONE OR MORE CLAIMS OR EQUITY INTERESTS WITHIN THE FOLLOWING UNIMPAIRED CLASSES UNDER THE PLAN:**[3]

| Class | Claims and Equity Interests |
|---|---|
| 1 | Priority Claims |
| 2 | Secured Claims |
| 3 | Employee Benefit Claims |
| 4 | Workers' Compensation Claims |
| 5 | Intercompany Claims |
| 11 | Equity Interests in the Debtors other than the Parent |

**UNDER THE TERMS OF THE PLAN, AS SUMMARIZED BELOW, SUCH CLASSES OF CLAIMS AGAINST AND EQUITY INTERESTS IN THE DEBTORS ARE NOT IMPAIRED UNDER SECTION 1124 OF THE BANKRUPTCY CODE AND, THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE (i) DEEMED TO HAVE ACCEPTED THE PLAN, AND (ii) NOT ENTITLED TO VOTE ON THE PLAN. ACCORDINGLY, THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.**

Class 1 Priority Claims: If your Claim is in Class 1 (Priority Claims), you shall be paid the Allowed Amount of your Allowed Priority Claim plus interest at 4.19% from the Petition Date, compounded annually, or if pursuant to an existing contract, interest at the non-default contract rate, at the option of the Reorganized Debtors either (a) in Cash, in full, in the Allowed Amount of your Claim on the later of (i) the Effective Date or as soon as practicable thereafter or (ii) the date such Allowed Priority Claim Becomes an Allowed Priority Claim or as soon as practicable thereafter or (b) upon such other less favorable terms as may be agreed upon by the Holder of an Allowed Priority Claim.

Class 2 Secured Claims: If your Claim is in Class 2 (Secured Claims), you shall be paid the Allowed amount of your Allowed non-priority Secured Claim plus interest at 4.19% from the Petition Date, compounded annually, or if pursuant to an existing contract, interest at the non-

---

[3] The Plan also classifies Class 9 General Unsecured Claims as unimpaired, but the Debtors have agreed to provisionally solicit the votes of Holders of Class 9 General Unsecured Claims. The provisionally solicited votes of the Holders of General Unsecured Claims will not be given effect or used to determine acceptance or rejection of the Plan by the Class unless it is determined that Class 9 is impaired. If it is determined that Class 9 is unimpaired, then Class 9 will be deemed to accept the Plan and any and all Ballots cast by Holders of General Unsecured Claims will be disregarded for all purposes. In addition, the Plan classifies Class 7A Asbestos PD Claims as unimpaired, but the Debtors are soliciting votes for the Holders of Class 7A Asbestos PD Claims solely for purposes of section 524(g) of the Bankruptcy Code.

default contract rate, at the option of the Reorganized Debtors either (a) in Cash, in full, on the later of (i) the Effective Date or as soon as practicable thereafter, (ii) the date such Secured Claim becomes an Allowed Secured Claim, or as soon as practicable thereafter, (b) upon such other less favorable terms as may be agreed upon by the Holder of an Allowed Secured Claim, (c) by the surrender to the Holder or Holders of any Allowed Secured Claim of the property securing such Secured Claim, or (d) notwithstanding any contractual provision or applicable law that entitles the Holder of a Secured Claim to demand or receive payment thereof prior to the stated maturity from and after the occurrence of a default, by reinstatement in accordance with Bankruptcy Code section 1124(2)(A)-(D).

Class 3 Employee Benefit Claims:  If your Claim is in Class 3 (Employee Benefit Claims), your Claim shall be reinstated and paid pursuant to the written benefit plan or plans that the Debtors intend to continue pursuant to Section 9.3.1 of the Plan, subject to the terms and conditions of such plans.  Thus, the Plan leaves unaltered, your legal, equitable, and contractual rights with respect to your Claim.[4]

Class 4 Workers' Compensation Claims:  If your Claim is in Class 4 (Workers' Compensation Claims), your Claim shall be unaltered by the Plan, and your legal, equitable, and contractual rights with respect to your Claim will pass-through to the Reorganized Debtors.

Class 5 Intercompany Claims:  If your Claim is in Class 5 (Intercompany Claims) your Claim shall be unaltered by the Plan, and your legal, equitable, and contractual rights with respect to your claim will pass-through to the Reorganized Debtors.

Class 11 Equity Interests in Debtors other than the Parent.  If your Equity Interest is in Class 11, the Plan leaves unaltered the legal, equitable and contractual rights to which such Equity Interest in the Debtors other than the Parent entitles the Holder of such Equity Interest.

**SPECIFIC RELEASES BY HOLDERS
OF CLAIMS OR EQUITY INTERESTS**

**Please take notice that, as more fully provided for in Section 8.8.7 of the Plan, each Holder of a Claim or Equity Interest who votes in favor of the Plan shall be deemed to have unconditionally released the Asbestos Protected Parties, the Unsecured Creditors' Committee, the Asbestos PI Committee, the Asbestos PD Committee, the Equity Committee, the Asbestos PI FCR and the Asbestos PD FCR, and each party's Representatives, as of the Effective Date, from any and all Claims, SA Claims, SA Damages, obligations, rights, suits, damages, causes of action, remedies, and liabilities of any nature whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereinafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtors or the Reorganized Debtors, their operations on or before the**

---

[4] The Debtors are distributing this Notice to all persons who filed proofs of claim asserting a right to payment of employee benefits.  Receipt of this Notice, however, does not constitute an admission by the Debtors that they agree with the benefits alleged to be owing in each proof of claim.  The Debtors are reviewing all such proofs of claim and reserve their right to object to any proof of claim that is not a valid Employee Benefits Claim.

> **Effective Date, their respective property, the Chapter 11 Cases, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents. In addition to the foregoing, each Holder of a Claim or Equity Interest who receives or retains any property under this Plan shall also be deemed to unconditionally release the Fresenius Indemnified Parties to the same extent as the release in the preceding sentence.**

If you have any questions about the status or classification of any of your Claims or Equity Interests, you should contact the Voting Agent in accordance with the above instructions.

Dated: _____, 2009

| | |
|---|---|
| KIRKLAND & ELLIS LLP | PACHULSKI STANG ZIEHL & JONES LLP |
| David M. Bernick, P.C. | Laura Davis Jones (Bar No. 2436) |
| Janet S. Baer | James E. O'Neill (Bar No. 4042) |
| 200 East Randolph Drive | Timothy P. Cairns (Bar No. 4228) |
| Chicago, IL 60601 | 919 North Market Street, 17th Floor |
| Telephone: (312) 861-2000 | P.O. Box 8705 |
| Facsimile: (312) 861-2200 | Wilmington, Delaware 19899-8705 |
| | Telephone: (302) 652-4100 |

--and--

KIRKLAND & ELLIS LLP
Theodore L. Freedman
Deanna D. Boll
Craig A. Bruens
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800

Co-Counsel for the Debtors and Debtors in Possession

4                                                                                            Exhibit E

K&E 13302574.9