# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART  (2/27/09)

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status/Ruling |
|---|---|---|---|---|
| | **DISCLOSURE STATEMENT OBJECTIONS** | | | |
| 1. | *The Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders and Demands ("Asbestos PD FCR")*<br><br>*(Docket No. 20783)*<br><br>LAW OFFICES OF ALAN B. RICH<br>Alan B. Rich, Esq.<br>1201 Main Street, Suite 1910, LB 201<br>Dallas, TX 75202<br>(214) 532-4437<br><br>arich@alanrichlaw.com | 1. Section 2.8.1.4 of the DS does not give sufficient information regarding the Minnesota class action litigation described therein. (¶ 2A).<br><br>2. Debtors' reservation of rights regarding future PD claims should be revised in Section 4.3.1.7 of the DS and the corresponding plan section. (¶ 2B).<br><br>3. Sections 5.1 of the Plan and 4.5.1 of DS should be revised to exclude all PD Claims from claims objection process. (¶ 2C).<br><br>4. The term "Unresolved Asbestos PD Claims" is ambiguous with respect to how Asbestos PD Claims filed after the bar date but not listed in Exhibit 21 to the Plan are treated under the Plan. (¶ 2D).<br><br>5. Section 4.7.1.3 of the DS should include the Asbestos PD Trust (along with the Asbestos PI Trust) as the parties for benefit under the Share Issuance Agreement. (¶ 2E).<br><br>6. The descriptions of the transactional documents in Sections 5.1 through 5.8 of the DS need more detail. (¶ 2F).<br><br>7. Section 4.11 of the DS and Section 11.3.1 of the Plan need to be amended to make clear that causes of action related to Asbestos PD Claims are not retained by the Reorganized Debtors. (¶ 2G). | 1. Section 2.8.1.4 has been revised to provide greater detail regarding the Minnesota class action litigation.<br><br>2. Section 4.3.1.7 of the DS and Section 3.1.7(b)(ii)(B) of the Plan have been revised to make clear that notwithstanding the Debtors' legal position respecting Demands related to US ZAI PD Demands, and all rights and defenses to the allowance of such claims by the Asbestos PD Trust shall be treated as provided for in the ZAI TDP.<br><br>3. Section 5.1 of the Plan and Section 4.5.1 of the DS have been revised to make clear that the rights of the Reorganized Debtors to object to certain claims does not apply to Asbestos PI Claims, Asbestos PD Claims (except as provided for in the Asbestos PD Trust Agreement), and CDN ZAI PD Claims.<br><br>4. Definition No. 215 in the Plan, "Unresolved Asbestos PD Claims" was revised, a new term "Unresolved Asbestos PD Bar Date Claims" was added at definition no. 214 in the Plan, and Exhibit 21 to the Plan was revised, and the description of such claims was revised in Section 4.3.1.7 of the DS.<br><br>5. Section 4.7.1.3 of the DS was revised to include the Asbestos PD Trust.<br><br>6. Article 5 of the DS was substantially revised to provide greater description of the transactional documents that relate to the Plan.<br><br>7. Section 4.11 of the DS and former Section | All objections have been resolved with counsel for the Asbestos PD FCR. |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART  (2/27/09)

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status/Ruling |
|---|---|---|---|---|
| | | | 11.3.1 of the Plan (now section 11.4.1 of the Plan) have been revised to make clear that causes of action related to Asbestos PD Claims are not retained by the Reorganized Debtors. | |
| 2. | *Maryland Casualty Company* (*Docket No. 20800*)  CONNOLLY BOVE LODGE & HUTZ LLP  Jeffrey Wisler, Esq.  Marc J. Phillips, Esq.  The Nemours Bldg.  1007 N. Orange Street  P.O. Box 2207  Wilmington, DE 19899  (302) 658-9141  jwisler@cblh.com | The PI TDP either fails to provide for all of MCC's claims or provides ambiguous treatment thereof. | Section 5.13 of the PI TDP was revised to include common law indemnification as requested by MCC.  MCC further requested that the section be revised to also include common law contribution rights.  The Plan Proponents did not make such further revision as they believe that common law contribution rights are already covered by Section 5.6 of the PI TDP, and Section 5.13 of the PI TDP only pertains to indemnification rights. | |
| 3. | *Unifirst Corporation* (*Docket No. 20790*)  GOODWIN PROCTER  Michael J. Pappone, Esq.  Gregory A. Bibler, Esq.  53 State Street  Boston, MA 02109-2881  (617) 570-1000  mpappone@goodwinprocter.com  PEPPER HAMILTON LLP  David M. Fournier, Esq.  Hercules Plaza, Suite 5100  1313 Market Street  P.O. Box 1709  Wilmington, DE 19899  (302) 777-6500  fournierd@pepperlaw.com | 1.  Sections 2.8.2 of DS and 3.1.9(c) of the Plan should be amended to clarify that Debtors' responsibilities with respect to the Woburn site will be preserved and any liability that the Debtors may have for environmental conditions in the Central Area shall not be discharged, regardless of whether such responsibilities and liabilities are enforced directly by the EPA or indirectly, in response to such EPA action, by other potentially responsible parties like Unifirst.  2.  Sections 4.9 of the DS and 9.1 of the Plan should be amended to make clear that the Cost Sharing Agreement is an executory contract to be assumed by the Reorganized Debtors on the Effective Date, and will not be designated on the list | 1.  Section 2.8.2 of the DS was revised to clarify issues regarding the Woburn site and the Cost Sharing Agreement.  Section 3.1.9(c) of the Plan was not revised as the Debtors believe the revision more appropriately should be made in the DS rather than the Plan.  Section 3.1.9(c) of the Plan merely states that the Debtors' obligations under the Multi-Site Settlement Agreement approved by the Bankruptcy Court on June 3, 2008 (Dkt. No. 18847) constitute Claims in Class 9, except for those obligations specifically identified therein as Allowed Administrative Expense Claims, and further incorporates the Multi-Site Settlement Agreement into the Plan.  2.  Section 9.1 of the Plan and Section 2.8.2 of the DS were amended to further address the Cost Sharing Agreement. | |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART  (2/27/09)

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status/Ruling |
|---|---|---|---|---|
| | | set forth in Exhibit 18 as being subject to rejection. | | |
| 4. | *Anderson Memorial Hospital*<br>*(Docket No. 20788)*<br><br>LOIZIDES, P.A.<br>Christopher D. Loizides<br>1225 King Street, Suite 800<br>Wilmington, DE 19801<br>(302) 654-0248<br>loizides@loizides.com<br><br>SPEIGHTS & RUNYAN<br>Daniel A. Speights<br>C. Alan Runyan<br>200 Jackson Avenue East<br>P.O. Box 685<br>Hampton, SC 29924<br>(803) 943-4444<br>dspeights@speightsrunyan.com | 1. DS contains no description of the procedures by which the Unresolved PD Claims will be paid. (¶ 7).<br><br>2. DS, pp. 8. 23, does not estimate the dollar amount of Unresolved PD Claims or give a statement regarding how their allowance would affect the total amount of PD Claims, and whether if allowed the funds for the PD Trust will be sufficient to pay PD Claims in full.  (¶ 8).<br><br>3. DS contains no description of the estimated magnitude of future PD claims, including how their allowance would affect the sufficiency of funds in the PD Trust. (¶ 9).<br><br>4. DS, pp. 22-24, description of PD litigation, including the Anderson class certification motion and the disallowance of Speights & Runyan claims is inadequate in that there is no description of the amount of the claims at issue or the consequence of reversal of the decisions.  (¶ 10).<br><br>5. DS, p. 23, contains no meaningful description of the scope of the prospective Anderson class.  (¶ 11).<br><br>6. DS, pp. 87-88, fails to interest if interest will be paid on allowed PD Claims.  (¶ 12).<br><br>7. DS contains no meaningful description | 1. Section 4.3.1.7 of the DS has been revised to describe in detail the procedures by which Unresolved PD Claims will be paid.<br><br>2. In footnote 7 to the DS, along with Section 2.7.2 of the DS, the Debtors make clear that they contest their liability for Unresolved PD Claims, thus, they do not estimate an amount for any liability on account of such Claims and Demands.<br><br>3. *See* No. 2 above.<br><br>4. Section 2.7.2 of the DS was revised to provide a more detailed description of the Anderson class certification motion and Anderson Memorial claims.  Also, Section 2.7.2 makes clear that these claims, along with all other Unresolved Asbestos PD Claims, are channeled to the Asbestos PD Trust, and if Allowed, they will be paid the Allowed Amount of such Asbestos PD Claims in full.<br><br>5. *See* No. 4 above.<br><br>6. DS chart on page 8 and Section 4.3.1.6 of the DS make clear that no interest will be paid on account of Asbestos PD Claims unless provided for in a PD Settlement Agreement.<br><br>7. Article 5 of the DS relating to transaction documents has been significantly revised to | |

# W. R. GRACE DISCLOSURE STATEMENT OBJECTION CHART  (2/27/09)

| No. | Objecting Party | Basis of Objection | Response/Suggested Corrective Language | Status/Ruling |
|---|---|---|---|---|
| | | of the transactional documents, including the terms and conditions of payment under the various PD agreements in the event of a default. (¶¶ 13-15).<br><br>8. DS fails to address the treatment of the US ZAI Claimants who opt out of the US ZAI Settlement. (¶ 16).<br><br>9. DS fails to describe the consideration provided by each exculpated party pursuant to 11.8 of the Plan. (¶ 17). | provide more detail regarding such documents and how they operate under the Plan.<br><br>8. Section 2.7.3 of the DS was revised to address the treatment of US ZAI Claimants who opt out of the US ZAI Settlement.<br><br>9. The Plan Proponents added a discussion in Section 4.11 of the DS to describe the purpose of the exculpation provisions in the Plan. The DS does not describe what each and every exculpated party provided as consideration under the Plan, and the Plan Proponents believe such discussion is not necessary under applicable Third Circuit law. | |
| 5. | *The United States of America, through the Dept. of Justice*<br><br>*(Docket No. 20786)*<br><br>SETH B. SHAPIRO<br>U.S. Dept. of Justice -- Civil Division<br>Commercial Litigation Branch<br>P.O. Box 875<br>Ben Franklin Station<br>Washington, DC 20044<br>(202) 514-7164 | 1. DS does not state that any criminal fine or restitution ordered by the US District Ct of Montana will be non-dischargeable, and fails to disclose how the Debtors will pay non-dischargeable criminal fines and restitution.<br><br>2. DS also needs to mention that the U.S. has a right to obtain a lien against the Debtors' property under the U.S. Criminal Code. | It is acknowledged by the DOJ in its objection that the DS discloses the existence and procedural status of the pending federal criminal case against Grace, and the DS discloses the possibility that Grace, if convicted, may have to pay a criminal fine of $280 million.<br><br>The Plan Proponents do not believe that any changes are necessary, and they have not made any of the changes proposed by the DOJ. | |