IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING
EXPENSE APPLICATION OF THE OFFICIAL COMMITTEE OF
ASBESTOS CLAIMANTS FOR THE THIRTIETH INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Expense Application of the Official Committee of Asbestos Claimants for the Thirtieth Interim Period (the "Application").

**BACKGROUND**

1. The Official Committee of Asbestos Personal Injury Claimants (the "Committee") was formed on April 12, 2001 to represent the interests of the asbestos personal injury claimants in these cases. The Committee seeks approval of expenses totaling $21,670.01 for its services from July 1, 2008 through September 30, 2008 (the "Application Period"). All of the expenses were incurred by Committee Member, Motley Rice, LLC.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2008, and the United States Trustee Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on the Committee, and received a response from the Committee, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report, we noted the following air fare charges which appeared excessive:

| 9/2/08 | Airfare from Charleston, SC to Teterboro, NJ for last minute meetings | $5,440.00 |
|---|---|---|
|  | Airfare from Teterboro, NJ to Charleston, SC for last minute meetings | $4,800.00 |
| 9/15/08 | Airfare from Charleston, SC to Washington D.C. for last minute meetings | $7,040.00 |

It appeared from the expense detail that these flights were on private jets. Thus, we asked the Committee to explain why reimbursement for these charges should not be reduced to the price of an economy class fare on a commercial airliner. The Committee provided the following response:

> The Fee Auditor has objected to our expenses for the period of September 2008 which included some private air travel. At the time we submitted our expenses, we also submitted statements from the Equity Committee and the Future Claimants Representative's Counsel to explain these charges. While normal air travel would consist of charges for commercial air service, Motley Rice LLC was requested to attend meetings where its attendance was deemed vital to the successful negotiation of a resolution of the Plan, and the Equity Committee and Future Claimants Representative requested that Motley Rice attend these meetings at the last minute. The only way to attend them was to travel by private air. It should be noted that each of these meetings resulted in the successful negotiation of either (a) a Plan or (b) substantial progress toward the resolution of other creditors' claims in this

> bankruptcy. Attendance at these meetings would have been impossible in the absence of the private air travel. As it relates to the travel from Charleston, SC to Washington, DC, it should be noted that it was not only Motley Rice but representatives of the Property Damage Committee who were traveling. Other than the statements by the other constituents in the case, there is nothing further we can provide to the Fee Auditor to explain the nature of these charges. These charges were fair and reasonable and necessary for the purpose of this bankruptcy. While it would be troubling if the expenses were not approved, we have, out of an abundance of caution, attached the Expedia charges for commercial airfare for these last minute trips.

We have attached as Exhibit "A" copies of the email from counsel for the Future Claimants' Representative and the letter from the Equity Committee referenced above. In response to our follow-up inquiry, Mr. Joseph F. Rice of the Committee provided the following additional information:

> There were no flights in the day that allowed me to live up to commitments that I previously made in Charleston in my law practice and still make the schedule that the Debtor and Creditors Committee set without using private air travel.

And regarding the Charleston to Washington, DC trip:

> Ed Westbrook flew with me for the Property Damage Committee meeting. The purpose of the meeting was for Ed and the head of the Equity Committee (Ted Weschler) to discuss their issues and get on the same page concerning the Zonolite problems.

> The $7,040 charge was the round trip charge. Ed Westbrook was also on the return flight from Washington DC. We did not spend the night, which was a savings of approximately $1,000 for two rooms and another partial day of meals or per diem.

According to Paragraph II.E.1. of the U.S. Trustee Guidelines: "Factors relevant to a determination that the expense is proper include the following: 1. Whether the expense is reasonable and economical. For example, first class and other luxurious travel mode will normally be objectionable..." In addition, Section 330(a)(1)(B) only allows reimbursement of "necessary" expenses. While we understand the Committee's response, we do not believe the Committee has

carried its burden of proving these expenses to be necessary or economical. The other professionals in these cases must frequently make last-minute trips, and all manage to do so on commercial airlines. The Committee has not demonstrated that there were no commercial flights available, only that to have taken a commercial flight would have required the Committee member to rearrange his other commitments. Thus, it appears to us that reimbursement for these expenses should be reduced to the price of a commercial airline ticket. The Committee has provided us with information from the Expedia website concerning the price of last minute, economy class tickets from Charleston, South Carolina to New York (LaGuardia), and from Charleston, South Carolina, to Washington, DC (Reagan). Based upon this information, it appears that a round trip, economy class fare from Charleston to New York (LaGuardia) can be purchased with little or no advance notice for $1,877.00. Similarly, a round trip, economy class fare from Charleston to Washington, DC (Reagan) can be purchased for $1,684.00. Thus, we recommend that reimbursement for the September 2, 2008 flights from Charleston to New York to Charleston be reduced from $10,240.00 to $1,877.00, for a reduction of $8,363.00. We also recommend that reimbursement for the September 15, 2008 flight for two people from Charleston to Washington, DC, to Charleston be reduced from $7,040.00 to $3,368.00, for a reduction of $3,672.00. Thus, for these flights we recommend a total reduction of $12,035.00 in expenses.

## CONCLUSION

4.    In summary, we recommend approval of $9,635.01 in expenses ($21,670.01 minus $12,035.00) for the Committee's services for the Application Period, all of which are for the services of Motley Rice, LLC.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
     Warren H. Smith
     Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1250
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 6th day of February, 2009.

_____
Warren H. Smith

## SERVICE LIST
Notice Parties

**Counsel for Applicant**
Kathleen Campbell Davis
Campbell & Levine, LLC
800 North King Street
Suite 300
Wilmington, DE 19899

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Deanna Boll
David M. Bernick, P.C.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K. D. Currier
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801