```
              IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF DELAWARE

IN RE:                         )    Case No. 01-01139 (JKF)
                               )
                               )
W.R. GRACE and COMPANY         )    Chapter 11
et al.,                        )
                               )    Courtroom 5
                               )    824 Market Street
         Debtors.              )    Wilmington, Delaware
                               )
                               )    February 23, 2009
                               )    10:32 a.m.


                  TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JUDITH K. FITZGERALD
               UNITED STATES BANKRUPTCY JUDGE


TELEPHONIC APPEARANCES:

For Debtor:                    Law Offices of Janet Baer
                               BY:  JANET BAER, ESQ.
                               70 W. Madison, Suite 2100
                               Chicago, IL  60602
                               (312)641-2162

                               Pachulski, Stang, Ziehl, Young
                               Jones & Weintraub P.C.
                               BY:  JAMES E. O'NEILL, ESQ.
                               16th Floor, 919 Market Street
                               P.O. Box 8705
                               Wilmington, DE 19899-8705
                               (302)652-4100

For Movants Kaneb:             Fulbright & Jaworski
                               BY:  TOBY GERBER, ESQ.
                               2200 Ross Avenue, Suite 2800
                               Dallas, TX 75201-2784
                               (214) 855-8000

Transcription Service:         DIAZ DATA SERVICES
                               331 Schuylkill Street
                               Harrisburg, Pennsylvania 17110
                               (717) 233-6664


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

TELEPHONIC APPEARANCES:
(Continued)

For Official Committee
Of Asbestos Property Damage
Claimants:                          Speights & Runyan
                                    BY:  DANIEL SPEIGHTS
                                    200 Jackson Avenue East
                                    Hampton, SC  29924
                                    (803) 943-4444

1   WILMINGTON, DELAWARE, THURSDAY, FEBRUARY 23, 2009, 10:32 A.M.

2           THE COURT:  This is the matter of W.R. Grace,

3   bankruptcy number 01-1139.  I have a list of participants by

4   phone:  Walter Slocombe, Daniel Cohn, Ira Levee, Robert

5   Horkovich, Peter Lockwood, Ari Berman, Douglas Mannal,

6   Christopher Candon, Douglas Cameron, James Restivo, Rebecca

7   Zubaty, Janet Baer, Jennifer Whitener, Arlene Krieger, Jason

8   Solganick, Theodore Tacconelli, James O'Neill, Daniel Glosband,

9   Robert Gilbert, Darrell Scott, Marc Lewinstein, David Forer,

10  Daniel Speights, Jay Sakao, Matthew Kramer, John Phillips,

11  Theodore Freedman, Richard Levy, Christopher Grace, Marion

12  Fairey, Jacob Cohn, Andrew Craig, Sander Esserman, Elizabeth

13  Cabraser, Jeffrey Boerger, David Bernick, Margaret Phillips,

14  Elizabeth DeCristofaro, John Demmy, Debra Felder, Shayne

15  Spencer, David Parsons, Michael Brown, Katharine Mayer, Scott

16  Baena, Richard Wyron, Roger Frankel, Peg Brickley, Alexander

17  Thain, Tiffany Cobb, Richard Cobb, David Turetsky, Lewis

18  Kruger, Alan Rich, Toby Gerber, Alex Mueller, Terence Edwards,

19  Jeffrey Wisler, Joseph Gibbons, Carl Pernicone, Elizabeth

20  Devine, Steve Peirce, William Sparks, Lisa Esaylan, Tom Borger,

21  Kathleen Miller, Marti Murray, Natalie Ramsey, Brian Bresnahan,

22  Laura Stover, David Rosenbort, Thomas Brandi, David Fournier,

23  Martin Dies, Alan Runyan, Francis Monaco, Mark Hurford, James

24  Green, Michael Lastowski, Daniel Hogan, Linda Casey, Michael

25  Pappone, Edward Westbrook, Jeff Waxman, Brian Mukherjee,

1   Jonathan Guy, Garvan McDaniel, Christina Kang, Joseph Radecki,

2   Jeffrey Liesemer, and Richard Riley.

3          That's all.  And there's one person here in Court,

4   ma'am, will you put your name on the record for me, please.

5          MS. YU:  My name is Elizabeth Yu.  I'm with the U.S.

6   Department of Justice.

7          THE COURT:  Thank you.  Ms. Baer?

8          MS. BAER:  Yes, Your Honor.  Good morning.  Janet

9   Baer on behalf of W.R. Grace.  One administrative matter, Your

10  Honor, as you may or may not know, I have left Kirkland &

11  Ellis.  I have an application on file to employ me in my new

12  firm, that application is set to be heard on April 1st.  The

13  debtor would like me to still proceed with your permission,

14  Your Honor.

15         THE COURT:  That's fine.  I don't see how you're

16  going to have any conflicts unless something in your new firm

17  has created one?

18         MS. BAER:  No, Your Honor.  Not at all.

19         THE COURT:  All right.  Yes, that's fine for today.

20  Does anyone have an objection?

21         All right.  I'm hearing no objection.  You can

22  proceed for today and I'll deal with your application when I

23  see it, Ms. Baer.

24         Ms. Baer, I have one issue too that I'd like to

25  raise before you run through the agenda, and that's with

1  respect to item 3.  Item 3 is the motion of Wendy McLain for

2  permission to file a late claim, and the agenda indicates that

3  the claimant is not pursuing the matter, but I don't have

4  anything of record that indicates it's either withdrawn or

5  stayed or I'm not sure what's happening.  I need something

6  filed of record to deal with agenda item number 3.

7           MS. BAER:  Your Honor, Mr. Westbrook dealt with this

8  matter and served papers on Ms. McLain.  He then received a

9  response back from Mister -- Ms. McLain after he explained the

10 situation with the ZAI settlement, and that response indicated

11 she would not be pursuing the matter.  I thought that that had

12 been filed with the Court, but as I look at the agenda today I

13 don't see that.  I can certainly speak to Mr. Westbrook about

14 making sure that that indication from the movant, that she's

15 withdrawing the matter and not pursuing the matter, get filed.

16 Would Your Honor like some sort of an order?

17          THE COURT:  I think that would be appropriate, so

18 that I can terminate this motion on the Court's records.

19          MS. BAER:  Your Honor, I'll work with Mr. Westbrook

20 to do the appropriate order and we'll submit it to Your Honor.

21          THE COURT:  All right.  Thank you.

22          MR. WESTBROOK:  Your Honor, this is Ed Westbrook.

23 Good morning, yes.  Ms. Baer is correct, we did file a response

24 to the letter requested and informed me the Court we had been

25 in communication with Ms. McLain and she had, in fact, in light

1  of the settlement -- class settlement decided not to pursue the

2  matter.  So we'll work with Ms. Baer and get a formal order to

3  the Court.

4              THE COURT:  Okay.  Thank you.

5              MS. BAER:  Thank you.

6              Your Honor, agenda items 1 and 2 are claim-related

7  matters and once again, those will be continued to the next

8  omnibus hearing on April 1st.

9              THE COURT:  All right.

10             MS. BAER:  Agenda item number 4, Your Honor, you

11 have already entered the order on this matter, so that has been

12 resolved.

13             THE COURT:  Okay.

14             MS. BAER:  Agenda item number 5, Your Honor, the

15 motion of Kaneb Pipe Line Operating Partnership to lift the

16 automatic stay.  Your Honor, we have been in contact with

17 Kaneb, they are going to need some discovery, and so what we

18 have agreed, Your Honor, is that the final hearing on this

19 motion will be held on April 1st.  In the meantime, we've

20 agreed with Kaneb that any exhibits that the parties wish to

21 submit for the hearing that have not already been attached to

22 their pleadings would be exchanged and submitted to the Court

23 on March 25th.  If Your Honor will permit them, the debtors

24 have no objection to Kaneb filing a five page reply, and they

25 had asked us whether or not March 23rd would be acceptable.  I

1   will certainly let them take that up with you, but I just

2   wanted to recite what the debtor had agreed to.

3            THE COURT:  All right.

4            MS. BAER:  With respect to the production of

5   documents.  The debtors served production requests on Kaneb.

6   The insurers -- a couple of the insurers also served document

7   production requests on Kaneb.  On behalf of the debtor, we

8   agreed to a very short extension of the time for Kaneb to

9   respond and that date was February -- is February 27th.  And

10  then finally, Your Honor, what the -- what Kaneb really needs

11  is they need, and have requested copies of, certain insurance

12  settlement agreements that may affect their situation.  The

13  debtors did not have an objection to those being produced,

14  however there are confidentiality restrictions in those

15  settlement agreements.

16           The debtors are currently working with various

17  objectors, many of the insurers, as well as Kaneb and a few

18  others, to prepare a protective order that will be acceptable

19  to all, so that the insurance settlement agreements as well as

20  insurance policies can be produced to parties who are parties

21  participating in the confirmation, as well as to Kaneb with

22  respect to this motion to lift stay.  We hope that that

23  protective order will be agreed to by all the parties, at which

24  point we will submit it on a certification of counsel to the

25  Court, and ask for the Court to enter it.  It's very much our

1  hope that that will be done in the next week or so, and that

2  will then take care of getting Kaneb the settlement agreements,

3  which they have requested.  So, Your Honor, based on that the

4  debtors have agreed with Kaneb, as well as with the insurers

5  who filed objections to this matter, to continue this matter

6  for hearing on April 1st.

7       THE COURT:  All right.  When you say final hearing,

8  are you talking an evidentiary hearing?

9       MS. BAER:  No, Your Honor.  We're talking about a

10  final argument on the motion.  We do know, and I spoke with

11  Kaneb, about whether or not they would need to put on evidence,

12  and I pointed out to them that if that is the case then we

13  cannot do that on April 1st.  I will let Kaneb's counsel

14  address where he is on that situation.

15       THE COURT:  All right.

16       MR. GERBER:  Your Honor, Toby Gerber of Fulbright &

17  Jaworski on behalf of Kaneb and Support Terminal Services, Inc.

18  who are the movants under this item number 5 on your agenda

19  today.

20       Ms. Baer, I think, generally correctly states our

21  agreement.  We are anxious to see the insurance settlements

22  that apparently have been kept confidential up to this time.

23  We will work with the debtor and the insurance companies to try

24  and work out a confidentiality order with respect to production

25  of those.  Those will be critical, once we see those, it may be

1  that we will need less of the Court's time and may be able to

2  proceed in other jurisdictions without bothering the Court any

3  further.

4          We have also agreed, just to clarify, with respect

5  to the discovery issues, we've agreed we will respond to the

6  discovery request that has been made, but we will also continue

7  to meet and confer about discovery in hopes that we can

8  voluntarily exchange all the exhibits and evidentiary matters,

9  so that we won't have to have an evidentiary hearing on April

10 1st.  If that changes, of course, we'll notify the Court as

11 soon as possible, and if necessary, request a date in which you

12 would be conducting evidentiary hearings to finally hear this

13 matter, but I think as Ms. Baer pointed out, we're all hopeful

14 that this can be done on April 1st if necessary simply by

15 argument and without production of witnesses.

16         THE COURT:  Okay.  So in the event that you do need

17 an evidentiary hearing, you'll put it on on April 1st anyway so

18 we can discuss dates?

19         MR. GERBER:  I think that would be fine, Your Honor.

20 We do need a time, I guess, for April 1st and then if you could

21 let us know when your next evidentiary hearing is or we could

22 check with chambers.

23         THE COURT:  Well, the time on April 1st would be

24 just Grace's normal omnibus time, which is 10:30.  So it will

25 just be continued to the Grace Omnibus Agenda for whatever

1   comes up.  To the extent that you need an evidentiary hearing,

2   I think I'll wait until April 1st to find out from you that

3   that's the case, Mr. Gerber, because I'd like to know how much

4   time you're going to need for trial and what the issues will

5   be.  Right now I'm not -- I think until the discovery is done,

6   it's a little difficult to know what the answer to that

7   question may be.

8           MR. GERBER:  I agree, Your Honor.  Thank you.

9           THE COURT:  Okay.  So this item will simply be

10  continued -- this is number 5, is simply continued until April

11  1 for now.

12          MS. BAER:  Thank you, Your Honor.

13          THE COURT:  Oh, wait.  With respect to the issue

14  about submitting a five page reply, that's fine.  And March

15  23rd is an acceptable date.  What was the issue about March

16  25th, I'm sorry?

17          MS. BAER:  March 25th was the date that the parties

18  agreed that any additional exhibits that need to be exchanged,

19  and that will be relied upon in the argument, would be

20  exchanged and also submitted to the Court.

21          THE COURT:  All right.  That's fine.

22          MR. GERBER:  Your Honor, let me -- Toby Gerber again

23  on behalf of the movants.  We've had objections, not only from

24  the debtors, but also from two other objections, one from two

25  of the insurance companies and one from yet a third insurance

1   company.  We may need to have -- we haven't completely decided

2   whether or not we need to respond to those, but we would ask

3   permission for one additional five page response to the

4   collectively to the insurance companies objections, if

5   necessary.

6           THE COURT:  All right.  That's fine.

7           MR. GERBER:  Thank you, Your Honor.

8           THE COURT:  So you want a 10 -- essentially a 10

9   page reply?

10          MR. GERBER:  Yeah, that will be fine.

11          THE COURT:  All right.  One -- let me make a note.

12  Okay.  Anyone from the insurance companies want to be heard,

13  please?  Any objection to what I've done with respect to this?

14          MR. BROWN:  Your Honor, this is Michael Brown.

15  That's fine on behalf of Seaton and One Beacon.

16          THE COURT:  All right.  Okay, thank you.  Ms. Baer?

17          MS. BAER:  Thank you, Your Honor.  Your Honor,

18  agenda items 6 and 7 are simply status on the disclosure

19  statement and solicitation materials.  We filed the -- I guess

20  the second-to-last final disclosure statement on February 3rd.

21  We have received a couple of objections, we're working through

22  those objections in anticipation of trying to resolve all of

23  those and filing the final-final disclosure statement on the

24  date that the Judge had in -- the date that you had indicated

25  we need to do, which is this coming Friday, February 27th.  The

1  hearing on the disclosure statement is March 9th and 10th, and

2  we anticipate proceeding along those lines at that time.

3          THE COURT:  Okay.  I'm sorry, what was the date for

4  the disclosure statement hearing, Ms. Baer?

5          MS. BAER:  The disclosure statement hearings are

6  currently set for March 9th and 10th.

7          THE COURT:  All right.  Okay.  Anybody have anything

8  else to report on 6 and 7?  Okay.  Ms. Baer?

9          MS. BAER:  Your Honor, that takes us to the last

10  item on the agenda, which is Anderson Memorial Hospital's

11  motion for relief from the case management order, in order to

12  have additional time to serve discovery.  Your Honor, we filed

13  -- the debtors filed an objection to that motion.  Subsequent

14  to that objection, we spoke with Mr. Speights, as well as with

15  counsel for the future claimants' representative for property

16  damage.  Based on some adjustments that we have made to the

17  case management order for property damage claims and some

18  related adjustments to the disclosure statement and plan, we

19  agreed with Mr. Speights that, on behalf of Anderson Memorial,

20  he could now have until March 13th to serve his written

21  discovery with respect to the confirmation matters.  And so,

22  Your Honor, I believe that with respect to this motion of Mr.

23  Speights, it is essentially moot and therefore should be either

24  withdrawn or denied as moot.

25          THE COURT:  All right.  Is this going to fit into

1  the case management order?

2           MS. BAER:  Your Honor, the schedule works fine.  The

3  property damage related matters are all going to be addressed

4  in phase two of the confirmation hearings, so the receipt of

5  this written discovery late, we can still deal with that and

6  get everything done we need to do with respect to the case

7  management order.

8           THE COURT:  So this won't push back any of the other

9  timeframes in the case management order?

10          MS. BAER:  No, Your Honor.

11          THE COURT:  Okay.  Mr. Speights?

12          MR. SPEIGHTS:  Your Honor, Ms. Baer has correctly

13 represented the understanding we reached about when we serve

14 discovery.  I'm not -- I need to discuss with Ms. Baer how to

15 deal with the order on the motion.  I do have an outstanding

16 question for her about service, but I'm confident we can work

17 that out.

18          THE COURT:  Sir, I'm sorry, Mr. Speights, you have

19 an outstanding issue about service?

20          MR. SPEIGHTS:  Well, there was an issue about

21 whether we were actually served and the order had required that

22 the debtors file a certificate of service indicating service on

23 it.  I would request that the debtors go ahead and do that and

24 I think that will then moot the motion, if they will go ahead

25 and serve the certificate of service, but there may be some

1 other way to deal with that and I'll be glad to discuss that

2 with Ms. Baer after the hearing.

3          THE COURT:  All right.  Ms. Baer, has the debtor not

4 filed the certificate of service?

5          MS. BAER:  Your Honor, it's my understanding from

6 our Delaware counsel, who I believe is on the line, that the

7 service was made, but the certificate of service as of last

8 week when we had checked, had actually not been filed on the

9 record.  I don't know if Mr. O'Neill is on the phone today?

10          MR. O'NEILL:  Your Honor, James O'Neill.  I am on

11 the phone, and Ms. Baer is correct.  The service was made,

12 however the certificate of service hasn't been filed yet, but

13 we can go ahead and file the certificate of service.

14          THE COURT:  Okay.  Well, yes, I think it should get

15 filed.

16          MR. O'NEILL:  We'll do that, Your Honor.

17          THE COURT:  Okay.  So, Mr. Speights, you want this

18 motion continued until April?

19          MR. SPEIGHTS:  Well --

20          THE COURT:  I'm not sure -- based on the fact that

21 the underlying relief has been granted, I'm not sure what the

22 issue is?

23          MR. SPEIGHTS:  I'm not sure that there ever will be

24 an issue, Your Honor, but let me just say this distinctly.  We

25 have no record that it was served on us.  I certainly don't

1    question Mr. O'Neill's credibility in the least, but we have no

2    record of that.  So as to the -- if other issues arise under

3    this order, I don't want to waive that until I've actually seen

4    the certificate of service and discussed the matter with Ms.

5    Baer or Mr. O'Neill.  You could dismiss the motion without

6    prejudice and that would solve my problem or we may discuss it

7    with Ms. Baer and Mr. O'Neill and deal with it that way.

8            MS. BAER:  Your Honor --

9            MR. SPEIGHTS:  Or you could continue it to April.  I

10   don't care which of those avenues the Court would find the most

11   convenient.

12           THE COURT:  Well, Mr. Speights, the debtor, though,

13   attached the copies of the documents that established that

14   drafts were sent by e-mail and Mr. Loazides (phonetic) was

15   actually served by hand delivery with the motion -- or with the

16   CMO itself.  I mean, that's attached as one of the debtor's

17   exhibits.

18           MR. SPEIGHTS:  Your Honor --

19           THE COURT:  And there are e-notices that are also

20   sent.

21           MR. SPEIGHTS:  And that was all done on Friday

22   pursuant to Your Honor's order providing for an emergency

23   hearing, and I understand that.  And if in fact we were served,

24   then this motion can be dismissed, but prior to receiving that

25   we had investigated and we did not see service and there was no

1  certificate of service on file.  And I just don't -- I just

2  want to look into that and I think that by discussing with Ms.

3  Baer and Mr. O'Neill we can resolve that issue, but I'm not in

4  a position to say today, this morning, that we were served with

5  that order.

6          MS. BAER:  Your Honor, I completely object.  You

7  know, this is the slippery slope of making an agreement with

8  Mr. Speights.  He has this document, this CMO, 10 different

9  ways from Sunday.  Whether or not a certificate of service is

10 on file that indicates that, the fact of the matter is, there

11 is tremendous proof that he was served.  We've agreed now to

12 give him almost 30 additional days to file his discovery, which

13 frankly is outrageous that we've even agreed to that, but we

14 agreed to do that to be reasonable here.  This motion is over.

15 It's done, it's moot, it should be dismissed.  It should not be

16 continued and Mr. Speights should not be able to now sit on the

17 Court phone and say, "Oh, by the way, well, we don't want to

18 have to necessarily be bound by this document until we can

19 verify that it was, in fact, served."  That is just outrageous,

20 given the additional time we've given him here and how many

21 different ways he has seen this CMO.

22         THE COURT:  Well, this -- the documents are filed on

23 the Court record.  And Mr. Loazides -- my staff checked, and I

24 looked at the documents that the debtor filed, I did not go

25 back in and check the website, but my staff did.  And Mr.

1  Loazides is on all of the CMO filings and Mr. Speights is on

2  the e-mail filings on the certificate of service that were

3  filed, although this most recent one has not been.  So I'm a

4  little hard-pressed to see how there was not service.  Either -

5  - and in some instances both people are on the notices.

6           So, Mr. Speights, I'm a little confused.  There --

7  Mr. Loazides is marked on the attachment as having been hand

8  delivered.  So, yes, Mr. O'Neill, I want that filed today,

9  please, the certificate of service.  And if, in fact, Mr.

10  Loazides or Mr. Speights is not listed on the certificate of

11  service, then you can re-raise this issue, Mr. Speights at that

12  time, but at this point I have no reason to believe there is no

13  service because everything else has been served and the

14  documents are of record in the Court file.  And as a matter of

15  record with respect to this motion, the documents are attached

16  to the motion, even though the certificate of service is not

17  filed.  So Mr. O'Neill, please, get the certificate of service

18  filed today.

19           MR. O'NEILL:  We will do that, Your Honor.

20           THE COURT:  All right.  Mr. Speights, I'm marking

21  this as moot, but I'm marking it moot without prejudice if, in

22  fact, there is no indication on the service of service that you

23  or local counsel were not served.  Let me say that

24  affirmatively.  If the -- I think I mixed up the words.  If the

25  certificate of service does not establish that you or local

1  counsel were served, then you may re-raise this issue.

2            MR. SPEIGHTS:  Thank you, Your Honor.

3            THE COURT:  Okay.  Ms. Baer?

4            MS. BAER:  Your Honor, that concludes the agenda.

5            THE COURT:  All right.  Do you want to submit an

6  order, Ms. Baer, that simply memorializes the agreement you

7  have with Mr. Speights as to when the written discovery is due,

8  that is March 13th.  I want it documented on the record and

9  indicate that the rest of the matter is moot, but again without

10 prejudice in the event the certificate of service establishes

11 that there was no service.

12           MS. BAER:  Your Honor, you know, I need to address

13 that with the Court.  I'm certain that there's no issue here,

14 but even if the certificate of service didn't say that the

15 final signed order was signed we are here in court today, and

16 we are here in court with Mr. Speights having seen this order

17 for a very long time now.  Your Honor, I don't want him re-

18 raising this issue.

19           THE COURT:  Well, all right, let's raise it now.

20 What other issues are there?  Because this discovery order was

21 heavily negotiated, Mr. Speights either you or one of your --

22 I'm not sure if they're partners or associates, but a member of

23 your firm and/or local counsel have been present at every

24 hearing at which this has been addressed.  So I'm not sure what

25 other issues at this point there are with respect to this

1    order.

2              To the extent that the written discovery deadline is

3    being continued, all of the other dates are pretty far in the

4    future.  So what other issues are there?  Let's address them

5    now.

6              MR. SPEIGHTS:  Well, Your Honor, if we need to get

7    into it -- and, again, if we were served, we were served and we

8    don't need get into it, but to the extent we need to get into

9    it, the confirmation CMO was not even applicable to property

10   damage claimants until a hearing on January 14 when Mr. Sakalow

11   (phonetic) was arguing at a hearing in Pittsburgh that property

12   damage committee had not been served with all of the P.D.

13   documents.  At that point you directed the debtor that they had

14   to serve their documents before you were going to establish a

15   schedule.  At that point, a break was taken in the proceeding,

16   the debtors returned to court, and said something to the effect

17   from the transcript I read several days ago that they would go

18   ahead and serve all the P.D. documents, but they wanted the

19   confirmation CMO to then be applied to property damage as well

20   with the various deadlines and then some discussion was held

21   among the parties.

22             Now I give you that background only because this

23   particular confirmation CMO was not at issue to property damage

24   claimants until it became of issue during a hearing when the

25   committee was trying to get the debtor to file documents.  Now

Case 01-01139-AMC    Doc 20936    Filed 03/09/09    Page 20 of 31

1  I got an email from Ms. Baer -- oh, at that point, Your Honor,

2  Your Honor ruled during that hearing that these deadlines would

3  apply and apply to property damage and I got an email from Ms.

4  Baer saying that this order confirms the rulings made by the

5  Court and Your Honor entered the order and directed that a

6  certificate of service be filed within five days of the order.

7  That's the background on everything.

8          Now when I got the debtor's brief on Friday

9  afternoon, I checked again.  We have no record of there being

10  actual service of this order after it was entered, but that

11  could be our mistake, it could be a mistake of the mail, who

12  knows.  And my understanding was, upon checking, that Mr.

13  Loazides had not been served with the order.  Again, that could

14  be a mistake on his part or the mail or hand delivery or

15  anything else.  If --

16          THE COURT:  Well, Mr. Speights --

17          MR. SPEIGHTS:  -- we were served, I have no

18  problem --

19          THE COURT:  Mr. Speights, let me interrupt because

20  my clerk is looking at the docket right now, and Docket Number

21  20622 is the second amended CMO, and Mr. Loazides is listed as

22  having received the ECF Notice as local -- and he is local

23  counsel.  She has it open, she's looking at it here in the

24  courtroom now.

25          MR. SPEIGHTS:  Well, apparently that -- you know,

1    I'm not as computer -- not familiar with the procedures there,

2    Your Honor, but apparently this is a third way that service

3    could have been effectuated.  In Your Honor's view that because

4    it was filed of record and he subscribes to whatever electronic

5    services, I believe you are suggesting that that -- in some way

6    he was served by that.  Is that what Your Honor is saying?  I'm

7    sorry, but I'm --

8              THE COURT:  Yes.  Yes, of course.  That's what the

9    CMO requires.  The parties who get service electronically are

10   served electronically.  The debtor's required to serve parties

11   who are not on the electronic notice system, but all counsel of

12   record in this case are getting electronic notice and Mr.

13   Loazides is one and he is on that notice, that Docket Number

14   20622.

15             MR. SPEIGHTS:  And I thought, Your Honor, that Ms.

16   Baer's position was that he had been -- that a copy had been

17   hand delivered or had been served on Mr. Loazides by hand

18   delivery.

19             THE COURT:  There is an indication of something, but

20   I don't know if I'm going to find it immediately here that was

21   submitted by the debtors as part of their materials in response

22   to your motion that established that Mr. Loazides had received

23   a hand delivered copy.  But I -- as I said, I don't know

24   whether as I'm sitting here on the bench I'm going to be able

25   to put my finger on it.  Perhaps somebody else who's -- they're

1  looking at the pleadings will be able to refer to that.

2          MR. SPEIGHTS:  And, Your Honor, if the certificate

3  of service that they're going to file reflects that he was

4  served by hand delivery --

5          THE COURT:  He doesn't need it by hand delivery.  He

6  got it electronically.

7          MR. SPEIGHTS:  But I want to -- if I could get to

8  that point, Your Honor, because again I wasn't prepared to

9  argue this today, but the immediate problem was the time on the

10 interrogatories, but if in fact he was not served by hand

11 delivery, I believe what Your Honor is saying -- and I'm not

12 arguing with Your Honor, but is that we should have local

13 counsel examine every pleading that's filed electronically and

14 determine deadlines from it and not -- and take that as service

15 of the pleading itself.  And if that's the case, I will

16 certainly have that discussion with local counsel, because that

17 would be a quite broad mandate to him, but I understand if

18 that's what the Court is saying, we have no choice but to have

19 him do it.

20         THE COURT:  But there are rules in place in the

21 District here as to why you have local counsel.  And the

22 purpose is to transmit -- one of the purposes is to transmit

23 any order that's relevant, or any order, to appropriate

24 counsel.  So when he receives it, and there is an order that

25 applies to you, yes I expect that he's either going to read it

1    or send it to you.  Of course, that's the reason you have local

2    counsel.

3            MR. SPEIGHTS:  But that requires him to read

4    everything that's filed in this case.

5            THE COURT:  Well, then if -- I mean, I don't know

6    that that's the case, Mr. Speights, but if that's what has to

7    happen, then that's what has to happen.  That's why you have

8    local counsel.  That's the decision that I think you folks have

9    to work out.  That's not a decision that this Court's

10    undertaking, but when it's something like a case management

11    order that applies to the plan confirmation, I would think that

12    that's something that you would want to read.

13            MR. SPEIGHTS:  Well, I understand, Your Honor.  And

14    my understanding was that the matters that we should read would

15    be served on both local counsel and on me so we would not miss

16    anything appropriate.  Anderson has filed a notice of

17    appearance in the case and Mr. Loazides is local in the case.

18    I did not understand, and I apologize if I misperceived

19    something in the rules, but I did not understand that local

20    counsel was required to read every pleading filed in the Grace

21    case to determine if it might apply to Anderson and then have a

22    response to it.

23            THE COURT:  Well, the local Delaware rule that is

24    applicable, which I believe is 5005, says that when you sign up

25    to be an ECF user, you are agreeing to electronic notices and

1  that's the procedure that's been followed in this case since

2  the outset.  This is not a new case, Mr. Speights, and this is

3  the process that's been going on since the outset in this case.

4  So -- and if you are on the ECF list, Mr. Speights, if you've

5  entered an appearance on the ECF list, then you should be

6  getting that service too.

7           MR. SPEIGHTS:  I have not, Your Honor.

8           THE COURT:  So -- well, then if you want direct

9  notice then all you need to do is enter an appearance on the

10  ECF list and you'll get it too.  Otherwise, that's the reason

11  why you've got local counsel.

12           Okay.  In any event, it seems to me that the docket

13  establishes that there was service, at least electronically.

14  And, Ms. Baer, if you can point me to what I was referring to

15  with respect to the hand delivery, if you have it there, that

16  will be fine, if not then I'll just have to rely on the fact

17  that I know I saw something that established hand delivery

18  service.

19           MS. BAER:  Your Honor, I don't have it in front of

20  me.  I believe it's attached to the pleading, which frankly I

21  don't have in front of me because I didn't expect this argument

22  to come up today either.  I thought we had resolved this entire

23  matter.  But, Your Honor, my recollection is that what was

24  provided to you showed at least hand delivery of the case

25  management order CMO when it was sent to you on the 27th.  I

1   would ask if Mr. O'Neill has it in front of him, perhaps he can

2   point us to whether there was something else, but I think that

3   may be what you were looking at.

4           MR. O'NEILL:  I do, Your Honor.  This is James

5   O'Neill and it's our response to Mr. Speights' motion, which is

6   Response A to Number 8.  There's an exhibit, which is Exhibit

7   F, which is our -- it should be the very last thing in your

8   binder, I believe it's the very last thing in my binder and it

9   is the Exhibit F to our response.  And that is our internal

10  sheet that we use for the service and about -- this is -- this

11  internal sheet includes service of a number of items which went

12  out that day to the same -- all served on the same people on

13  the same list and three pages in is the page from the

14  certificate of the -- well, actually from the service list,

15  which indicates that Mr. Loazides was served via hand delivery.

16  And on the fourth page in is the page from the service list,

17  which shows that Mr. Speights was served via first class mail.

18  I'm not sure if Your Honor is able to locate that in the

19  binder.

20          THE COURT:  I think that the supplements that were

21  received came in in a separate batch and --

22          MR. O'NEILL:  Okay.

23          THE COURT:  -- F is not in my binder at the moment

24  and that's the reason that I'm not finding it.  I go up to E,

25  but I don't go through F.

1          MR. O'NEILL:  Okay.  There is an attachment to the

2   response that we filed and it's Exhibit F, which is the -- as I

3   mentioned, the pages from the service list.

4          THE COURT:  All right.  Once again, my law clerk has

5   located it on the ECF docket, however, Exhibit F and it is on

6   Page 3 showing that service by hand delivery on Mr. Loazides.

7   I can't see it over her shoulder on her computer.

8          So, okay, I'm going back to what I said earlier.

9   And the service list indicate -- not the service list, pardon

10  me, the hand delivery notice also indicates that Mr. Loazides

11  is counsel to Anderson Memorial Hospital as well.  So, I'm

12  going -- all right, I'm going back to what I said earlier.  I

13  don't see that there's going to be an issue regarding service

14  based on the fact that the Court's examination of the documents

15  that are attached on the docket indicate that service has been

16  made, but I do want the certificate of service.  If there is

17  some indication that there is a problem, then I will determine

18  whether to revisit it.

19         And now I'm looking at the fourth page on the docket

20  and it also shows that Mr. Speights was served by first class

21  mail and it also says that Mr. Speights' firm is counsel to

22  Anderson Memorial Hospital.  That's listed immediately above

23  Mr. Speights' name on the first class mail statement.

24         All right.  So, Ms. Baer, I'll take an order that

25  says that Mr. Speights' written discovery is due March 13th.

1  The rest of the CMO remains in effect for him as well as the

2  other property damage plaintiffs and the rest of this motion is

3  moot.

4          MS. BAER:  Thank you, Your Honor.  I will do so.

5          THE COURT:  All right.  Anything else on the agenda?

6          MS. BAER:  No, Your Honor.  That concludes the

7  agenda.

8          THE COURT:  All right.  We're adjourned.

9      (Whereupon at 11:07 a.m., the hearing was adjourned)

10                        CERTIFICATION

11      I  certify  that  the  foregoing  is  a  correct

12  transcript  from  the  electronic  sound  recording  of  the

13  proceedings in the above entitled matter.

14

15

16  _____     March 1, 2009

17  Stephanie McMeel

18  AAERT Cert. No. 452

19  Certified Court Transcriptionist

20

21

22

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**a.m**(3) 1:14  3:1  27:9

**able**(5) 9:1  16:16  21:24  22:1  25:18

**about**(11) 5:13  8:9  8:11  9:7  10:14  10:15
13:13  13:16  13:19  13:20  25:10

**above**(2) 26:22  27:13
**acceptable**(3) 6:25  7:18  10:15
**actual**(1) 20:10
**actually**(5) 13:21  14:8  15:3  15:15  25:14
**additional**(5) 10:18  11:3  12:12  16:12  16:24
**address**(3) 8:14  18:12  19:4
**addressed**(2) 13:3  18:24
**adjourned**(2) 27:8  27:9
**adjustments**(2) 12:16  12:18
**administrativ**(1) 4:9
**aert**(1) 27:18
**affect**(1) 7:12
**affirmatively**(1) 17:24
**after**(3) 5:9  14:2  20:10
**afternoon**(1) 20:9
**again**(8) 6:7  10:22  18:9  19:7  20:9  20:13
22:8  26:4

**agenda**(14) 4:25  5:2  5:6  5:12  6:6  6:10
6:14  8:18  9:25  11:18  12:10  18:4  27:5
27:7
**ago**(1) 19:17
**agree**(1) 10:8
**agreed**(13) 6:18  6:20  7:2  7:8  7:23  8:4  9:4
9:5  10:18  12:19  16:11  16:13  16:14

**agreeing**(1) 23:25
**agreement**(3) 8:21  16:7  18:6
**agreements**(4) 7:12  7:15  7:19  8:2
**ahead**(3) 4:13  13:24  14:13  19:18
**alan**(2) 3:18  3:23
**alex**(1) 3:18
**alexander**(1) 3:16
**all**(38) 4:3  4:18  4:19  4:21  5:21  6:9  7:3
7:19  7:23  8:7  8:15  9:8  9:13  10:21  11:4
11:11  11:16  11:22  12:7  12:25  13:3  14:5
15:21  17:1  17:20  18:5  18:19  19:3  19:12
19:18  21:11  24:9  25:12  26:4  26:12  26:24
27:5  27:8
**almost**(1) 16:12
**along**(1) 12:2
**already**(1) 6:21
**also**(9) 7:6  9:4  9:6  10:20  10:24  15:19
26:10  26:20  26:21

**although**(1) 17:3
**amended**(1) 20:21
**among**(1) 19:21
**and/or**(1) 18:23
**anderson**(6) 12:10  12:19  23:16  23:21
26:11  26:22
**andrew**(1) 3:12
**answer**(1) 10:6
**anticipate**(1) 12:2
**anticipation**(1) 11:22
**anxious**(1) 8:21
**any**(9) 4:16  6:20  9:2  10:18  11:13  13:8
22:23  22:23  24:12

**anybody**(1) 12:7
**anyone**(2) 4:20  11:12
**anything**(5) 5:4  12:7  20:15  23:16  27:5
**anyway**(1) 9:17
**apologize**(1) 23:18
**apparently**(3) 8:22  20:25  21:2
**appearance**(3) 23:17  24:5  24:9
**appearances**(2) 1:20  2:1
**applicable**(1) 19:9  23:24
**application**(3) 4:11  4:12  4:22
**applied**(1) 19:7
**applies**(2) 22:25  23:11
**apply**(3) 20:3  20:3  23:21
**appropriate**(4) 5:17  5:20  22:23  23:16

**april**(14) 4:12  6:8  6:19  8:6  8:13  9:9  9:14
9:17  9:20  9:23  10:2  10:10  14:18  15:9

**argue**(1) 22:9
**arguing**(2) 19:11  22:12
**argument**(4) 8:10  9:15  10:19  24:21
**ari**(1) 3:5
**arise**(1) 15:2
**arlene**(1) 3:7
**asbestos**(1) 2:5
**ask**(3) 7:25  11:2  25:1
**asked**(1) 6:25
**associates**(1) 18:22
**attached**(6) 6:21  15:13  15:16  17:15  24:20
26:15

**attachment**(2) 17:7  26:1
**automatic**(1) 6:16
**avenue**(2) 1:38  2:8
**avenues**(1) 15:10
**back**(5) 5:9  13:8  16:25  26:8  26:12
**background**(2) 19:22  20:7
**baena**(1) 3:16
**baer**(52) 1:22  1:23  3:7  4:7  4:8  4:9  4:18
4:23  4:24  5:7  5:19  5:23  6:2  6:5  6:10  6:16
7:4  8:9  8:20  9:13  10:12  10:17  11:16
11:17  12:4  12:5  12:8  12:9  13:2  13:10
13:12  13:14  14:2  14:3  14:5  14:11  15:5
15:7  15:8  16:3  16:6  18:3  18:4  18:6  18:12
20:1  20:4  24:14  24:19  24:24  26:24  27:6

**baer's**(1) 21:16
**bankruptcy**(3) 1:1  1:18  3:3
**based**(4) 8:3  12:16  14:20  26:14
**batch**(1) 25:21
**beacon**(1) 11:15
**became**(1) 19:24
**because**(9) 10:3  17:13  18:20  19:22  20:19
21:3  22:8  22:16  24:21
**before**(3) 1:17  4:25  19:14
**behalf**(6) 4:9  7:7  8:17  10:23  11:15  12:19
**believe**(8) 12:22  14:6  17:12  21:5  22:11
23:24  24:20  25:8
**bench**(1) 21:24
**berman**(1) 3:5
**bernick**(1) 3:13
**binder**(4) 25:8  25:8  25:19  25:23
**boerger**(1) 3:13
**borger**(1) 3:20
**both**(2) 17:5  23:15
**bothering**(1) 9:2
**bound**(1) 16:18
**box**(1) 1:32
**brandi**(1) 3:22
**break**(1) 19:15
**bresnahan**(1) 3:21
**brian**(2) 3:21  3:25
**brickley**(1) 3:16
**brief**(1) 20:8
**broad**(1) 22:17
**brown**(3) 3:15  11:14  11:14
**cabraser**(1) 3:13
**came**(1) 25:21
**cameron**(1) 3:6
**candon**(1) 3:6
**cannot**(1) 8:13
**can't**(1) 26:7
**care**(2) 8:2  15:10
**carl**(1) 3:19
**case**(20) 1:4  8:12  10:3  12:11  12:17  13:1
13:6  13:9  21:12  22:15  23:4  23:6  23:10
23:17  23:17  23:21  24:1  24:2  24:3  24:24
**casey**(1) 3:24
**cert**(1) 27:18
**certain**(2) 7:11  18:13
**certainly**(4) 5:13  7:1  14:25  22:16

**certificate**(21) 13:22  13:25  14:4  14:7
14:12  14:13  15:4  16:1  16:9  17:2  17:9
17:10  17:16  17:17  17:25  18:10  18:14  20:6
22:2  25:14  26:16

**certification**(2) 7:24  27:10
**certified**(1) 27:19
**certify**(1) 27:11
**chambers**(1) 9:22
**changes**(1) 9:10
**chapter**(1) 1:7
**check**(2) 9:22  16:25
**checked**(3) 14:8  16:23  20:9
**checking**(1) 20:12
**chicago**(1) 1:25
**choice**(1) 22:18
**christina**(1) 4:1
**christopher**(2) 3:6  3:11
**claim**(1) 5:2
**claim-related**(1) 6:6
**claimant**(1) 5:3
**claimants**(2) 3:6  19:10  19:24
**claimants'**(1) 3:16
**claims**(1) 12:17
**clarify**(1) 9:4
**class**(4) 6:1  25:17  26:20  26:23
**clerk**(2) 20:20  26:4
**cmo**(11) 15:16  16:8  16:21  17:1  19:9  19:19
19:23  20:21  21:9  24:25  27:1

**cobb**(2) 3:17  3:17
**cohn**(2) 3:4  3:12
**collectively**(1) 11:4
**come**(1) 24:22
**comes**(1) 10:1
**coming**(1) 11:25
**committee**(3) 2:4  19:12  19:25
**communication**(1) 5:25
**companies**(4) 8:23  10:25  11:4  11:12
**company**(2) 1:7  11:1
**completely**(2) 11:1  16:6
**computer**(2) 21:1  26:7
**concludes**(2) 18:4  27:6
**conducting**(1) 9:12
**confer**(1) 9:7
**confident**(1) 13:16
**confidentiall**(1) 8:22
**confidentiality**(7) 7:14  8:24
19:19  19:23  23:11
**confirms**(1) 20:4
**conflicts**(1) 4:16
**confused**(1) 17:6
**contact**(1) 6:16
**continue**(3) 8:5  9:6  15:9
**continued**(8) 2:2  6:7  9:25  10:10  10:10
14:18  16:16  19:3
**convenient**(1) 15:11
**copies**(2) 7:11  15:13
**copy**(2) 21:16  21:23
**correct**(3) 5:23  14:11  27:11
**correctly**(2) 8:20  13:12
**counsel**(20) 7:24  8:13  12:15  14:6  17:23
18:1  18:23  20:23  21:11  22:13  22:16  22:22
22:24  23:2  23:8  23:15  23:20  24:11  26:11
26:21
**couple**(2) 7:6  11:21
**course**(3) 9:10  21:8  23:1

**court**(74) 1:1  3:2  4:3  4:7  4:15  4:19  5:12
5:17  5:21  5:24  6:3  6:4  6:9  6:13  6:22  7:3
7:25  7:25  8:7  8:15  9:2  9:10  9:16  9:22
10:9  10:13  10:20  10:21  11:6  11:8  11:11
11:16  12:3  12:7  12:25  13:8  13:11  13:18
14:3  14:14  14:17  14:20  15:10  15:12  15:19
16:17  16:22  16:23  17:14  17:20  18:3  18:5
18:13  18:15  18:16  18:19  20:3  20:5  20:16
20:19  21:8  21:19  22:5  22:18  22:20  23:5
23:23  24:8  25:20  25:23  26:4  27:5  27:8
27:19

**courtroom**(1) 20:24
**court's**(4) 5:18  9:1  23:9  26:14
**craig**(1) 3:12
**created**(1) 4:17
**credibility**(1) 15:1
**critical**(1) 8:25
**currently**(2) 7:16  12:6
**dallas**(1) 1:39
**damage**(10) 2:5  12:16  12:17  13:3  19:10
19:12  19:19  19:23  20:3  27:2

**daniel**(5) 2:7  3:4  3:8  3:10  3:24
**darrell**(1) 3:9
**data**(1) 1:42
**date**(7) 7:9  9:11  10:15  10:17  11:24  11:24
12:3

**dates**(2) 9:18  19:3
**david**(6) 3:9  3:13  3:15  3:17  3:22  3:22
**day**(1) 25:12
**days**(3) 16:12  19:17  20:6
**deadline**(1) 19:2
**deadlines**(3) 19:20  20:2  22:14
**deal**(6) 4:22  5:6  13:5  13:15  14:1  15:7
**dealt**(1) 5:7
**debra**(1) 3:14
**debtor**(10) 1:22  4:13  7:2  7:7  8:23  14:3
15:12  16:24  19:13  19:25

**debtors**(12) 1:11  6:23  7:5  7:13  7:16  8:4
10:24  12:13  13:22  13:23  19:16  21:21

**debtor's**(3) 15:16  20:8  21:10
**decided**(2) 6:1  11:1
**decision**(2) 23:8  23:9
**decristofaro**(1) 3:14
**delaware**(5) 1:2  1:11  3:1  14:6  23:23
**delivered**(3) 17:8  21:17  21:23
**delivery**(12) 15:15  20:14  21:18  22:4  22:5
22:11  24:15  24:17  24:24  25:15  26:6  26:10

**demmy**(1) 3:14
**denied**(1) 12:24
**department**(1) 4:6
**determine**(3) 22:14  23:21  26:17
**devine**(1) 3:20
**diaz**(1) 1:42
**didn't**(2) 18:14  24:21
**dies**(1) 3:23
**different**(2) 16:8  16:21
**difficult**(1) 10:6
**direct**(1) 24:8
**directed**(2) 19:13  20:5
**disclosure**(7) 11:18  11:20  11:23  12:1  12:4
12:5  12:18

**discovery**(14) 6:17  9:5  9:6  9:7  10:5  12:12
12:21  13:13  13:14  16:12  18:7  18:20  19:2
26:25
**discuss**(4) 9:18  13:14  14:1  15:6
**discussed**(1) 15:4
**discussing**(1) 16:2
**discussion**(2) 19:20  22:16
**dismiss**(1) 15:5
**dismissed**(2) 15:24  16:15
**distinctly**(1) 14:24
**district**(2) 1:2  22:21

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **docket**(7) 20:20  20:20  21:13  24:12  26:5 26:15  26:19 | | **file**(11) 4:11  5:2  5:23  13:22  14:13  16:1 16:10  16:12  17:14  19:25  22:3 | | **having**(3) 17:7  18:16  20:22 | | **jason**(1) 3:7 | |
| | | | | **hear**(1) 9:17 | | **jaworski**(2) 1:36  8:17 | |
| **document**(3) 7:6  16:8  16:18 | | | | **heard**(2) 4:12  11:12 | | **jay**(1) 3:10 | |
| | | **filed**(24) 5:6  5:12  5:15  8:5  11:19  12:12 | | **hearing**(21) 4:21  6:8  6:18  6:21  8:6  8:7 | | **jeff**(1) 3:25 | |
| **documented**(1) 18:8 | | 12:13  14:14  14:12  14:15  16:22  16:24 | | 8:8  9:9  9:17  9:21  10:1  12:1  12:4  14:2 | | **jeffrey**(3) 3:13  3:19  4:2 | |
| **documents**(11) 7:5  15:13  16:22  16:24 | | 17:3  17:8  17:17  17:18  20:6  21:4  22:13 | | 15:23  18:24  19:10  19:11  19:24  20:2  27:9 | | **jennifer**(1) 3:7 | |
| 17:14  17:15  19:13  19:14  19:18  19:25 | | 23:4  23:16  23:20  26:2 | | | | **jkt**(1) 1:4 | |
| 26:14 | | | | **hearings**(3) 9:12  12:5  13:4 | | **john**(2) 3:10  3:14 | |
| **doesn't**(1) 22:5 | | **filing**(2) 6:24  11:23 | | **heavily**(1) 18:21 | | **jonathan**(1) 4:1 | |
| **don't**(3) 21:20  21:23  23:5 | | **filings**(2) 17:1  17:2 | | **held**(2) 6:19  19:20 | | **jones**(1) 1:29 | |
| **don't**(15) 4:15  5:3  5:13  14:9  14:25  15:3 | | **final**(5) 6:18  8:7  8:10  11:20  18:15 | | **her**(3) 13:16  26:7  26:7 | | **joseph**(2) 3:19  4:1 | |
| 15:10  16:1  16:17  18:17  19:8  24:19  24:21 | | **final-final**(1) 11:23 | | **he's**(1) 22:25 | | **judge**(2) 1:18  11:24 | |
| 25:25  26:13 | | **finally**(2) 7:10  9:12 | | **him**(8) 6:12  16:20  18:17  22:17  22:19 | | **judith**(1) 1:17 | |
| | | **find**(3) 10:2  15:10  21:20 | | 23:3  25:1  27:1 | | **jurisdictions**(1) 9:2 | |
| **douglas**(2) 3:5  3:6 | | **finding**(1) 25:24 | | | | **just**(9) 7:1  9:4  9:24  9:25  14:24  16:1  16:1 | |
| **drafts**(1) 15:14 | | **fine**(10) 4:15  4:19  9:19  10:14  10:21  11:6 | | **his**(3) 12:20  16:12  20:14 | | 16:19  24:16 | |
| **due**(2) 18:7  26:25 | | 11:10  11:15  13:2  24:16 | | **hogan**(1) 3:24 | |
| **during**(2) 19:24  20:2 | | | | **honor**(64) 4:8  4:10  4:14  4:18  5:7  5:16 | | **justice**(1) 4:6 | |
| **e-mail**(2) 15:14  17:2 | | **finger**(1) 21:25 | | 5:19  5:20  5:22  6:6  6:10  6:14  6:16  6:18 | | **kaneh**(15) 1:36  6:15  6:17  6:20  6:24  7:5 | |
| **e-notices**(1) 15:19 | | **firm**(4) 4:12  4:16  18:23  26:21 | | 6:23  7:10  8:3  8:9  8:16  9:19  10:8  10:12 | | 7:7  7:8  7:10  7:17  7:21  8:2  8:4  8:11  8:17 | |
| **earlier**(2) 26:8  26:12 | | **first**(3) 5:17  26:20  26:23 | | 10:22  11:7  11:14  11:17  11:17  12:9  12:12 | | |
| **east**(1) 2:8 | | **fit**(1) 12:25 | | 12:22  13:2  13:10  13:21  14:5  14:10  14:16 | | **kaneb's**(1) 8:13 | |
| **ecf**(10) 20:22  23:25  24:4  24:5  24:10  26:5 | | **fitzgerald**(1) 1:17 | | 14:24  15:8  15:18  16:6  17:19  18:2  18:4 | | **kang**(1) 4:1 | |
| **edward**(1) 3:25 | | **five**(4) 6:24  10:14  11:3  20:6 | | 18:12  18:17  19:6  20:1  20:2  20:5  21:2 | | **katharine**(1) 3:15 | |
| **edwards**(1) 3:18 | | **floor**(1) 1:31 | | 21:6  21:15  22:22  22:22  22:11  22:12  23:13 | | **kathleen**(1) 3:21 | |
| **effect**(2) 19:16  27:1 | | **folks**(1) 23:8 | | 24:7  24:19  24:23  25:4  25:18  27:4  27:6 | | **kept**(1) 8:22 | |
| **effectuated**(1) 21:3 | | **followed**(1) 24:1 | | | | **kirkland**(1) 4:10 | |
| **either**(6) 5:4  12:23  17:4  18:21  22:25  24:2 | | **foregoing**(1) 27:11 | | **honorable**(1) 1:17 | | **know**(13) 4:10  8:10  9:21  10:3  10:6  14:9 | |
| **electronic**(6) 1:47  21:4  21:11  21:12  23:25 | | **forer**(1) 3:9 | | **honor's**(2) 15:22  21:3 | | 16:7  18:12  20:25  21:20  21:23  23:5  24:17 | |
| 27:12 | | **formal**(1) 6:2 | | **hope**(2) 7:22  8:1 | | |
| | | **fournier**(1) 3:22 | | **hopeful**(1) 9:13 | | **knows**(1) 20:12 | |
| **electronically**(5) 21:9  21:10  22:6  22:13 | | **fourth**(2) 25:16  26:19 | | **hopes**(1) 9:7 | | **kramer**(1) 3:10 | |
| 24:13 | | **francis**(1) 3:23 | | **horkovich**(1) 3:5 | | **krieger**(1) 3:7 | |
| | | **frankel**(1) 3:16 | | **hospital**(2) 26:11  26:22 | | **kruger**(1) 3:18 | |
| **elizabeth**(4) 3:12  3:14  3:19  4:5 | | **frankly**(2) 16:13  24:20 | | **hospital's**(1) 12:10 | | **last**(4) 12:9  14:7  25:7  25:8 | |
| **ellis**(1) 4:11 | | **freedman**(1) 3:11 | | **however**(5) 7:14  14:12  26:5 | | **lastowski**(1) 3:24 | |
| **else**(6) 12:8  17:13  20:15  21:25  25:2  27:5 | | **friday**(3) 11:25  15:21  20:8 | | **hurford**(1) 3:23 | | **late**(2) 5:2  13:5 | |
| **email**(2) 20:1  20:3 | | **front**(3) 24:19  24:21  25:1 | | **immediate**(1) 22:9 | | **laura**(1) 3:22 | |
| **emergency**(1) 15:22 | | **fulbright**(2) 1:36  8:16 | | **immediately**(2) 21:20  26:22 | | **law**(2) 1:22  26:4 | |
| **employ**(1) 4:11 | | **further**(1) 9:3 | | **inc**(1) 8:17 | | **least**(3) 15:1  24:13  24:24 | |
| **enter**(2) 7:25  24:9 | | **future**(2) 12:15  19:4 | | **includes**(1) 25:11 | | **left**(1) 4:10 | |
| **entered**(4) 6:11  20:5  20:10  24:5 | | **garvan**(1) 4:1 | | **indicate**(3) 18:9  26:9  26:15 | | **less**(1) 9:1 | |
| **entire**(1) 24:22 | | **generally**(1) 8:20 | | **indicated**(2) 5:10  11:24 | | **let**(8) 7:1  8:13  9:21  10:22  11:11  14:24 | |
| **entitled**(1) 27:13 | | **gerber**(11) 1:37  3:18  8:16  8:16  9:19  10:3 | | **indicates**(5) 5:2  5:4  16:10  25:15  26:10 | | 17:23  20:19 | |
| **esaylan**(1) 3:20 | | 10:8  10:22  10:22  11:7  11:10 | | **indicating**(1) 13:22 | | |
| **esq**(3) 1:23  1:30  1:37 | | | | **indication**(4) 5:14  17:22  21:19  26:17 | | **letter**(1) 5:24 | |
| **esserman**(1) 3:12 | | **get**(12) 5:15  6:2  13:6  14:14  17:17  19:6 | | **informed**(1) 5:24 | | **let's**(2) 18:19  19:4 | |
| **establish**(2) 17:25  19:14 | | 19:8  19:8  19:25  21:9  22:7  24:10 | | **instances**(1) 17:5 | | **levee**(1) 3:4 | |
| **established**(5) 15:13  21:22  24:17 | | **getting**(3) 8:2  21:12  24:6 | | **insurance**(9) 7:11  7:19  7:20  8:21  8:23 | | **levy**(1) 3:11 | |
| **establishes**(2) 18:10  24:13 | | **gibbons**(1) 3:19 | | 10:25  10:25  11:4  11:12 | | **lewinstein**(1) 3:9 | |
| **even**(4) 16:13  17:16  18:14  19:9 | | **gilbert**(1) 3:9 | | | | **lewis**(1) 3:17 | |
| **event**(3) 9:16  18:10  24:12 | | **give**(2) 16:12  19:22 | | **insurers**(4) 7:6  7:6  7:17  8:4 | | **liesemer**(1) 4:2 | |
| **ever**(1) 14:23 | | **given**(2) 16:20  16:20 | | **internal**(2) 25:9  25:11 | | **lift**(2) 6:15  7:22 | |
| **every**(3) 18:23  22:13  23:20 | | **glad**(1) 14:1 | | **interrogatories**(1) 22:10 | | **light**(1) 5:25 | |
| **everything**(4) 13:6  17:13  20:7  23:4 | | **glosband**(1) 3:8 | | **interrupt**(1) 20:19 | | **like**(5) 4:13  4:24  5:16  10:3  23:10 | |
| **evidence**(1) 8:11 | | **going**(15) 4:16  6:17  10:4  12:25  13:3  19:14 | | **into**(5) 12:25  16:2  19:7  19:8  19:8 | | **linda**(1) 3:24 | |
| **evidentiary**(7) 8:8  9:8  9:9  9:12  9:17  9:21 | | 21:20  21:24  22:3  22:25  24:3  26:8  26:12 | | **investigated**(1) 15:25 | | **line**(2) 6:15  14:6 | |
| 10:1 | | 26:12  26:13 | | **ira**(1) 3:4 | | **lines**(1) 12:2 | |
| | | | | **issue**(15) 4:24  10:13  10:15  13:19  13:20 | | **lisa**(1) 3:20 | |
| **examination**(1) 26:14 | | **good**(2) 4:8  5:23 | | 14:22  14:24  16:3  17:11  18:1  18:13  18:18 | | **list**(10) 3:3  24:4  24:5  24:10  25:13  25:14 | |
| **examine**(1) 22:13 | | **got**(5) 20:1  20:3  20:8  22:6  24:11 | | 19:23  19:24  26:13 | | 25:16  26:3  26:9  26:9 | |
| **exchange**(1) 9:8 | | **grace**(6) 1:7  3:2  3:11  4:9  9:25  23:20 | | **issues**(6) 9:5  10:4  15:2  18:20  18:25  19:4 | | |
| **exchanged**(3) 6:22  10:18  10:20 | | **grace's**(1) 9:24 | | **item**(8) 5:1  5:1  5:6  6:10  6:14  8:18  10:9 | | **listed**(3) 17:10  20:21  26:22 | |
| **exhibit**(5) 25:6  25:6  25:9  26:2  26:5 | | **granted**(1) 14:21 | | 12:10 | | **little**(3) 10:6  17:4  17:6 | |
| **exhibits**(4) 6:20  9:8  10:18  15:17 | | **green**(1) 3:24 | | | | **loazides**(14) 15:14  16:23  17:1  17:7  17:10 | |
| **expect**(2) 22:25  24:21 | | **guess**(2) 9:20  11:19 | | **items**(3) 6:6  11:18  25:11 | | 20:13  20:21  21:13  21:17  21:22  23:17 | |
| **explained**(1) 5:9 | | **guy**(1) 4:1 | | **itself**(2) 15:16  22:15 | | 25:15  26:6  26:10 | |
| **extension**(1) 7:8 | | **hampton**(1) 2:9 | | **it's**(11) 5:4  7:25  10:6  14:5  16:15  16:15 | | |
| **extent**(3) 10:1  19:2  19:8 | | **hand**(15) 15:15  17:7  20:14  21:17  21:17 | | 23:10  24:20  25:5  25:8  26:2 | | **local**(15) 17:23  17:25  18:23  20:22  20:22 | |
| **fact**(10) 5:25  14:20  15:23  16:10  16:19 | | 21:23  22:4  22:10  24:15  24:17  24:24 | | | | 22:12  22:16  22:21  23:1  23:8  23:15  23:17 | |
| 17:9  17:22  22:10  24:16  26:14 | | 25:15  26:6  26:10 | | **i'd**(2) 4:24  10:3 | | 23:19  23:23  24:11 | |
| | | | | **i'll**(6) 4:22  5:19  10:2  14:1  24:16  26:24 | | |
| **fairey**(1) 3:12 | | **happen**(2) 23:7  23:7 | | **i've**(2) 11:13  15:3 | | **locate**(1) 25:18 | |
| **familiar**(1) 21:1 | | **happening**(1) 5:5 | | **jackson**(1) 2:8 | | **located**(1) 26:5 | |
| **far**(1) 19:3 | | **hard-pressed**(1) 17:4 | | **jacob**(1) 3:3 | | **lockwood**(1) 3:5 | |
| **february**(6) 1:13  3:1  7:9  7:9  11:20  11:25 | | **harrisburg**(1) 1:44 | | **james**(6) 1:30  3:6  3:8  3:23  14:10  25:4 | | **long**(1) 18:17 | |
| **felder**(1) 3:14 | | **hasn't**(1) 14:12 | | **janet**(4) 1:22  1:23  3:7  4:8 | | **look**(2) 5:12  16:2 | |
| **few**(1) 7:17 | | **haven't**(1) 11:1 | | **january**(1) 19:10 | | **looked**(1) 16:24 | |
| | | | | | | **looking**(5) 20:20  20:23  22:1  25:3  26:19 | |

| Word | Page:Line |
|------|-----------|
| **made**(6) 9:6 12:16 14:7 14:11 20:4 26:16 | |
| **madison**(1) 1:24 | |
| **mail**(5) 20:11 20:14 25:17 26:21 26:23 | |
| **make**(1) 11:11 | |
| **making**(2) 5:14 16:7 | |
| **management**(7) 12:11 12:17 13:1 13:7 13:9 23:10 24:25 | |
| **mandate**(1) 22:17 | |
| **manna**(1) 3:5 | |
| **many**(2) 7:17 16:20 | |
| **marc**(1) 3:9 | |
| **march**(11) 6:23 6:25 10:14 10:15 10:17 12:1 12:6 12:20 18:8 26:25 27:16 | |
| **margaret**(1) 3:13 | |
| **marion**(1) 3:11 | |
| **mark**(1) 3:23 | |
| **marked**(1) 17:7 | |
| **market**(2) 1:10 1:31 | |
| **marking**(2) 17:20 17:21 | |
| **marti**(1) 3:21 | |
| **martin**(1) 3:23 | |
| **materials**(2) 11:19 21:21 | |
| **matter**(18) 3:2 4:9 5:3 5:8 5:11 5:15 5:15 6:2 6:11 8:5 8:5 9:13 15:4 16:10 17:4 18:9 24:23 27:13 | |
| **matters**(5) 6:7 9:8 12:21 13:3 23:14 | |
| **matthew**(1) 3:10 | |
| **mayer**(1) 3:15 | |
| **ma'am**(1) 4:4 | |
| **mcdaniel**(1) 4:1 | |
| **mclain**(4) 5:1 5:8 5:9 5:25 | |
| **mcmeek**(1) 27:17 | |
| **mean**(2) 15:16 23:5 | |
| **meantime**(1) 6:19 | |
| **meet**(1) 9:7 | |
| **member**(1) 18:22 | |
| **memorial**(4) 12:10 12:19 26:11 26:22 | |
| **memorializes**(1) 18:6 | |
| **mentioned**(1) 26:3 | |
| **michael**(4) 3:15 3:24 3:24 11:14 | |
| **might**(1) 23:21 | |
| **miller**(1) 3:21 | |
| **misperceived**(1) 23:18 | |
| **miss**(1) 23:15 | |
| **mistake**(3) 20:11 20:11 20:14 | |
| **mister**(1) 5:9 | |
| **mixed**(1) 17:24 | |
| **moment**(1) 25:23 | |
| **monaco**(1) 3:23 | |
| **moot**(8) 12:23 12:24 13:24 16:15 17:21 17:21 18:9 27:3 | |
| **morning**(4) 3:8 5:23 16:4 | |
| **most**(2) 15:10 17:3 | |
| **motion**(21) 5:1 5:18 6:15 6:19 7:22 8:10 12:11 12:13 12:22 13:15 13:24 14:18 15:5 15:15 15:24 16:14 17:15 17:16 21:22 25:2 27:2 | |
| **movant**(1) 5:14 | |
| **movants**(3) 1:36 8:18 10:23 | |
| **much**(2) 7:25 10:3 | |
| **mueller**(1) 3:18 | |
| **mukherjee**(1) 3:25 | |
| **murray**(1) 3:21 | |
| **name**(3) 4:4 4:5 26:23 | |
| **natalie**(1) 3:21 | |
| **necessarily**(1) 16:18 | |
| **necessary**(3) 9:11 9:14 11:5 | |
| **need**(17) 5:5 6:17 7:11 8:11 9:1 9:16 9:20 10:1 10:4 10:18 11:1 11:2 11:25 13:6 13:14 18:12 19:6 19:8 19:8 22:5 24:9 | |
| **needs**(1) 7:10 | |
| **negotiated**(1) 18:21 | |
| **new**(3) 4:11 4:16 24:2 | |

| Word | Page:Line |
|------|-----------|
| **next**(3) 6:7 8:1 9:21 | |
| **normal**(1) 9:24 | |
| **note**(1) 11:11 | |
| **notice**(7) 20:22 21:11 21:12 21:13 23:16 24:9 26:10 | |
| **notices**(2) 17:5 23:25 | |
| **notify**(1) 9:10 | |
| **now**(14) 10:5 10:11 12:20 16:11 16:16 18:17 18:19 19:5 19:22 19:25 20:8 20:20 20:24 26:19 | |
| **number**(10) 3:3 5:6 6:10 6:14 8:18 10:10 20:20 21:13 25:6 25:11 | |
| **o'neill**(6) 14:10 14:16 17:19 25:4 25:22 26:1 | |
| **object**(1) 16:6 | |
| **objection**(4) 4:20 4:21 6:24 7:13 11:13 12:13 12:14 | |
| **objections**(6) 8:5 10:23 10:24 11:4 11:21 11:22 | |
| **objectors**(1) 7:17 | |
| **offices**(1) 1:22 | |
| **official**(1) 2:4 | |
| **okay**(17) 6:4 6:13 9:16 10:9 11:12 11:16 12:3 12:7 12:8 13:11 14:14 14:17 18:3 24:12 25:22 26:1 26:8 | |
| **omnibus**(3) 6:8 9:24 9:25 | |
| **once**(1) 8:7 8:25 26:4 | |
| **one**(14) 4:3 4:9 4:17 4:24 10:24 10:25 11:3 11:11 11:15 15:16 17:3 18:21 21:13 22:22 | |
| **only**(1) 10:23 19:22 | |
| **open**(1) 20:23 | |
| **operating**(1) 6:15 | |
| **order**(34) 5:16 5:20 6:2 6:11 7:18 7:23 8:24 12:11 12:11 12:17 13:7 13:9 13:15 13:21 15:3 15:22 16:5 18:6 18:15 18:16 18:20 19:1 20:4 20:5 20:6 20:10 20:13 22:23 22:23 22:24 23:11 24:25 26:24 | |
| **other**(10) 9:2 10:24 13:8 14:1 15:2 18:20 18:25 19:3 19:4 27:2 | |
| **others**(1) 7:18 | |
| **otherwise**(1) 24:10 | |
| **our**(8) 7:25 8:20 14:6 20:11 25:5 25:7 25:9 25:9 | |
| **out**(7) 8:12 8:24 9:13 10:2 13:17 23:9 25:12 | |
| **outrageous**(2) 16:13 16:19 | |
| **outset**(2) 24:2 24:3 | |
| **outstanding**(2) 13:15 13:19 | |
| **over**(2) 16:14 26:7 | |
| **o'neill**(11) 1:30 3:8 14:9 14:10 15:5 15:7 16:3 17:8 17:17 25:1 25:5 | |
| **o'neill's**(1) 15:1 | |
| **p.c**(1) 1:29 | |
| **p.d**(2) 19:12 19:18 | |
| **p.o**(1) 1:32 | |
| **pachulski**(1) 1:28 | |
| **page**(9) 6:24 10:14 11:3 11:9 25:13 25:16 25:16 26:6 26:19 | |
| **pages**(2) 25:13 26:3 | |
| **papers**(1) 5:8 | |
| **pappone**(1) 3:25 | |
| **pardon**(1) 26:9 | |
| **parsons**(1) 3:15 | |
| **part**(2) 20:14 21:21 | |
| **participants**(1) 3:3 | |
| **participating**(1) 7:21 | |

| Word | Page:Line |
|------|-----------|
| **particular**(1) 19:23 | |
| **parties**(8) 6:20 7:20 7:20 7:23 10:17 19:21 21:9 21:10 | |
| **partners**(1) 18:22 | |
| **partnership**(1) 6:15 | |
| **peg**(1) 3:16 | |
| **peirce**(1) 3:20 | |
| **pennsylvania**(1) 1:44 | |
| **people**(2) 17:5 25:12 | |
| **perhaps**(2) 21:25 25:1 | |
| **permission**(3) 4:13 5:2 11:3 | |
| **permit**(1) 6:23 | |
| **pernicone**(1) 3:19 | |
| **person**(1) 4:3 | |
| **peter**(1) 3:5 | |
| **phase**(1) 13:4 | |
| **phillips**(2) 3:10 3:13 | |
| **phone**(4) 3:4 14:9 14:11 16:17 | |
| **phonetic**(2) 15:14 19:11 | |
| **pipe**(1) 6:15 | |
| **pittsburgh**(1) 19:11 | |
| **place**(1) 22:20 | |
| **plaintiffs**(1) 27:2 | |
| **plan**(2) 13:8 23:11 | |
| **pleading**(4) 22:13 22:15 23:20 24:20 | |
| **pleadings**(2) 6:22 22:1 | |
| **please**(4) 4:4 11:13 17:9 17:17 | |
| **point**(9) 7:24 17:12 18:25 19:13 19:15 20:1 22:8 24:14 25:2 | |
| **pointed**(2) 8:12 9:13 | |
| **policies**(1) 7:20 | |
| **position**(2) 16:4 21:16 | |
| **possible**(1) 9:11 | |
| **prejudice**(3) 15:6 17:21 18:10 | |
| **prepare**(1) 7:18 | |
| **prepared**(1) 22:8 | |
| **present**(1) 18:23 | |
| **pretty**(1) 19:3 | |
| **prior**(1) 15:24 | |
| **problem**(4) 15:6 20:18 22:9 26:17 | |
| **procedure**(1) 24:1 | |
| **procedures**(1) 21:1 | |
| **proceed**(3) 4:13 4:22 9:2 | |
| **proceeding**(2) 12:2 19:15 | |
| **proceedings**(3) 1:16 1:47 27:13 | |
| **process**(1) 24:3 | |
| **produced**(1) 1:48 7:13 7:20 | |
| **production**(5) 7:4 7:5 7:7 8:24 9:15 | |
| **proof**(1) 6:11 | |
| **property**(10) 2:5 12:15 12:17 13:3 19:9 19:11 19:19 19:23 20:3 27:2 | |
| **protective**(2) 7:18 7:23 | |
| **provided**(1) 24:24 | |
| **providing**(1) 15:22 | |
| **purpose**(1) 22:22 | |
| **purposes**(1) 22:22 | |
| **pursuant**(1) 15:22 | |
| **pursue**(1) 6:1 | |
| **pursuing**(3) 5:3 5:11 5:15 | |
| **push**(1) 13:8 | |
| **put**(4) 4:4 8:11 9:17 21:25 | |
| **question**(3) 10:7 13:16 15:1 | |
| **quite**(1) 22:17 | |
| **radecki**(1) 4:1 | |
| **raise**(4) 4:25 18:19 | |
| **raising**(1) 18:18 | |
| **ramsey**(1) 3:21 | |
| **re-raise**(2) 17:11 18:1 | |
| **reached**(1) 13:13 | |
| **read**(6) 19:17 22:25 23:3 23:12 23:14 24:23 | |
| **really**(1) 7:10 | |
| **reason**(4) 17:12 23:1 24:10 25:24 | |
| **reasonable**(1) 16:14 | |
| **rebecca**(1) 3:6 | |
| **receipt**(1) 13:4 | |

| Word | Page:Line |
|------|-----------|
| **received**(5) 5:8 11:21 20:22 21:22 25:21 | |
| **receives**(1) 22:24 | |
| **receiving**(1) 15:24 | |
| **recent**(1) 17:3 | |
| **recite**(1) 7:2 | |
| **recollection**(1) 24:23 | |
| **record**(13) 4:4 5:4 5:6 14:9 14:25 15:2 16:23 17:14 17:15 18:8 20:9 21:4 21:12 | |
| **recorded**(1) 1:47 | |
| **recording**(2) 1:47 27:12 | |
| **records**(1) 5:18 | |
| **refer**(1) 22:1 | |
| **referring**(1) 24:14 | |
| **reflects**(1) 22:3 | |
| **regarding**(1) 26:13 | |
| **related**(2) 12:18 13:3 | |
| **relevant**(1) 22:23 | |
| **relied**(1) 10:19 | |
| **relief**(2) 12:11 14:21 | |
| **rely**(1) 24:16 | |
| **remains**(1) 27:1 | |
| **reply**(3) 6:24 10:14 11:9 | |
| **report**(1) 12:8 | |
| **representative**(1) 12:15 | |
| **represented**(1) 13:13 | |
| **request**(3) 9:6 9:11 13:21 | |
| **requested**(1) 5:24 7:11 8:3 | |
| **requests**(2) 7:5 7:7 | |
| **required**(3) 13:21 21:10 23:20 | |
| **requires**(2) 21:9 23:3 | |
| **resolve**(2) 11:22 16:3 | |
| **resolved**(2) 6:12 24:22 | |
| **respect**(13) 5:1 7:4 7:22 8:24 9:4 10:13 11:13 12:21 12:22 13:6 17:15 18:25 24:15 | |
| **respond**(3) 7:9 9:5 11:2 | |
| **response**(10) 5:9 5:10 5:23 11:3 21:21 23:22 25:5 25:6 25:9 26:2 | |
| **rest**(3) 18:9 27:1 27:2 | |
| **restivo**(1) 3:6 | |
| **restrictions**(1) 7:14 | |
| **returned**(1) 19:16 | |
| **revisit**(1) 26:18 | |
| **rich**(1) 3:18 | |
| **richard**(4) 3:11 3:16 3:17 4:2 | |
| **right**(24) 4:19 4:21 5:21 6:9 7:3 8:7 8:15 10:5 10:21 11:6 11:11 11:16 12:7 12:25 14:3 17:20 18:5 18:19 20:20 26:4 26:12 26:24 27:5 27:8 | |
| **riley**(1) 4:2 | |
| **robert**(1) 3:4 3:9 | |
| **roger**(1) 3:16 | |
| **rosenbort**(1) 3:22 | |
| **ross**(1) 1:38 | |
| **rule**(1) 23:23 | |
| **ruled**(1) 20:2 | |
| **rules**(2) 22:20 23:19 | |
| **rulings**(1) 20:4 | |
| **run**(1) 4:25 | |
| **runyan**(2) 2:6 3:23 | |
| **said**(4) 19:16 21:23 26:8 26:12 | |
| **sakalow**(1) 19:10 | |
| **sakao**(1) 3:10 | |
| **same**(3) 25:12 25:12 25:13 | |
| **sander**(1) 3:12 | |
| **say**(6) 8:7 14:24 16:4 16:17 17:23 18:14 | |
| **saying**(4) 20:4 21:6 22:11 22:18 | |
| **says**(3) 23:24 26:21 26:25 | |
| **schedule**(1) 13:2 19:15 | |
| **schuylkill**(1) 1:43 | |
| **scott**(2) 3:9 3:15 | |
| **seaton**(1) 11:15 | |
| **second**(1) 20:21 | |
| **second-to-last**(1) 11:20 | |
| **seems**(1) 24:12 | |
| **send**(1) 23:1 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| sent(3) 15:14  15:20  24:25 | | statement(8) 11:19  11:20  11:23  12:1  12:4 | | turetsky(1) 3:17 | | without(5) 9:2  9:15  15:5  17:21  18:9 | |
| separate(1) 25:21 | | 12:5  12:18  26:23 | | two(3) 10:24  10:24  13:4 | | witnesses(1) 9:15 | |
| serve(7) 12:12  12:20  13:13  13:25  19:14 | | | | u.s(1) 4:5 | | won't(2) 9:9  13:8 | |
| 19:18  21:10 | | states(3) 1:1  1:18  8:20 | | under(2) 8:18  15:2 | | words(1) 17:24 | |
| | | status(1) 11:18 | | underlying(1) 14:21 | | work(6) 5:19  6:2  8:23  8:24  13:16  23:9 | |
| served(27) 5:8  7:5  7:6  13:21  14:25  15:15 | | stay(2) 6:16  7:22 | | understand(5) 15:23  22:17  23:13  23:18 | | working(2) 7:16  11:21 | |
| 15:23  16:4  16:11  17:13  17:23  18:1  19:7 | | stayed(1) 5:5 | | 23:19 | | works(1) 13:2 | |
| 19:7  19:12  20:13  20:17  21:6  21:10  21:17 | | stephanie(1) 27:17 | | | | would(23) 4:13  5:11  5:16  5:17  6:22  6:25 | |
| 22:4  22:10  23:15  25:12  25:15  25:17  26:26 | | steve(1) 3:20 | | understanding(4) 13:13  14:5  20:12  23:14 | | 8:11  9:12  9:19  9:23  10:19  11:2  13:23 | |
| | | still(2) 4:13  13:5 | | undertaking(1) 23:10 | | 15:6  15:10  19:17  20:2  22:17  23:11  23:12 | |
| served."(1) 16:19 | | stover(1) 3:22 | | united(2) 1:1  1:18 | | 23:14  23:15  25:1 | |
| service(50) 1:42  1:48  13:16  13:19  13:22 | | street(3) 1:10  1:31  1:43 | | unless(1) 4:16 | | | |
| 13:22  13:25  14:4  14:7  14:7  14:11  14:12 | | submit(4) 5:20  6:21  7:24  18:5 | | until(9) 10:2  10:5  10:10  12:20  14:18  15:3 | | written(5) 12:20  13:5  18:7  19:2  26:25 | |
| 14:13  15:4  15:25  16:1  16:9  17:2  17:4 | | submitted(3) 6:22  10:20  21:21 | | 16:18  19:10  19:24 | | wyron(1) 3:16 | |
| 17:9  17:11  17:13  17:16  17:17  17:22  17:23 | | submitting(1) 10:14 | | | | yeah(1) 11:10 | |
| 17:25  18:10  18:11  18:14  20:6  20:10  21:2 | | subscribes(1) 21:4 | | upon(2) 10:19  20:12 | | yet(2) 10:25  14:12 | |
| 21:9  22:3  22:14  24:6  24:13  24:18  25:10 | | subsequent(1) 12:13 | | use(1) 25:10 | | young(1) 3:25 | |
| 25:11  25:14  25:16  26:3  26:6  26:9  26:9 | | suggesting(1) 21:5 | | user(1) 23:25 | | you'll(2) 9:17  24:10 | |
| 26:13  26:15  26:16 | | suite(1) 1:24  1:38 | | various(2) 7:16  19:20 | | you're(2) 4:15  10:4 | |
| | | sunday(1) 16:9 | | verify(1) 16:19 | | you've(2) 24:4  24:11 | |
| services(3) 1:42  8:17  21:5 | | supplements(1) 25:20 | | via(2) 25:15  25:17 | | zai(1) 5:10 | |
| set(2) 4:12  12:6 | | support(1) 8:17 | | view(1) 21:3 | | ziehl(1) 1:28 | |
| settlement(7) 5:10  6:1  6:1  7:12  7:15  7:19 | | sure(8) 5:5  5:14  14:20  14:21  14:23  18:22 | | voluntarily(1) 9:8 | | zubaty(1) 3:7 | |
| 8:2 | | 18:24  25:18 | | w.r(3) 1:7  3:2  4:9 | | | |
| | | | | wait(2) 10:2  10:13 | | | |
| settlements(1) 8:21 | | system(1) 21:11 | | waive(1) 15:3 | | | |
| several(1) 19:17 | | tacconelli(1) 3:8 | | walter(1) 3:4 | | | |
| shayne(1) 3:14 | | take(4) 7:1  8:2  22:14  26:24 | | want(14) 11:8  11:12  14:17  15:3  16:2 | | | |
| sheet(2) 25:10  25:11 | | taken(1) 19:15 | | 16:17  17:8  18:5  18:8  18:17  22:7  23:12 | | | |
| she's(2) 5:14  20:23 | | takes(1) 12:9 | | 24:8  26:16 | | | |
| short(1) 7:8 | | talking(2) 8:8  8:9 | | wanted(2) 7:2  19:18 | | | |
| should(9) 12:23  14:14  16:15  16:15  16:16 | | telephonic(2) 1:20  2:1 | | wasn't(1) 22:8 | | | |
| 22:12  23:14  24:5  25:7 | | terence(1) 3:18 | | waxman(1) 3:25 | | | |
| | | terminal(1) 8:17 | | way(5) 14:1  15:7  16:17  21:2  21:5 | | | |
| shoulder(1) 26:7 | | terminate(1) 5:18 | | ways(2) 16:9  16:21 | | | |
| showed(1) 24:24 | | thain(1) 3:17 | | website(1) 16:25 | | | |
| showing(1) 26:6 | | thank(11) 4:7  5:21  6:4  6:5  10:8  10:12 | | week(2) 8:1  14:8 | | | |
| shows(2) 25:17  26:20 | | 11:7  11:16  11:17  18:2  27:4 | | weintraub(1) 1:29 | | | |
| sign(1) 23:24 | | | | well(24) 7:17  7:19  7:21  8:4  9:23  12:14 | | | |
| signed(2) 18:15  18:15 | | that's(31) 4:3  4:15  4:19  4:25  10:3  10:16 | | 13:20  14:14  14:19  15:12  16:17  16:22 | | | |
| simply(5) 9:14  10:9  10:10  11:18  18:6 | | 10:21  11:6  11:15  15:16  20:7  21:8  22:13 | | 18:19  19:6  19:19  20:16  20:25  23:5  23:13 | | | |
| since(2) 24:1  24:3 | | 22:15  22:18  22:23  23:1  23:4  23:6  23:6 | | 23:23  24:8  25:14  26:11  27:1 | | | |
| sir(1) 13:18 | | 23:7  23:7  23:8  23:9  23:12  24:1  24:1  24:3 | | | | | |
| sit(1) 16:16 | | 24:10  25:24  26:22 | | wendy(1) 5:1 | | | |
| sitting(1) 21:24 | | | | went(1) 25:11 | | | |
| situation(3) 5:10  7:12  8:14 | | their(4) 6:22  7:12  19:14  21:21 | | were(13) 13:21  15:14  15:23  16:4  17:2 | | | |
| slippery(1) 16:7 | | theodore(2) 3:8  3:11 | | 17:23  18:1  19:7  19:7  19:14  20:17  25:3 | | | |
| slocombe(1) 3:4 | | therefore(1) 12:23 | | 25:20 | | | |
| slope(1) 16:7 | | there's(4) 4:3  18:13  25:6  26:13 | | westbrook(6) 3:25  5:7  5:13  5:19  5:22  5:22 | | | |
| solganick(1) 3:8 | | they're(3) 18:22  21:25  22:3 | | we'll(4) 5:20  6:2  9:10  14:16 | | | |
| solicitation(1) 11:19 | | thing(2) 25:7  25:8 | | we're(4) 8:9  9:13  11:21  27:8 | | | |
| solve(1) 15:6 | | think(14) 5:17  8:20  9:13  9:19  10:2  10:5 | | we've(6) 6:19  9:5  10:23  16:11  16:13  16:20 | | | |
| some(9) 5:16  6:17  12:16  12:17  13:25  17:5 | | 13:24  14:14  16:2  17:24  23:8  23:11  25:2 | | what(24) 6:17  7:2  7:10  7:10  10:4  10:6 | | | |
| 19:20  21:5  26:17 | | 25:20 | | 10:15  11:13  12:3  14:21  18:20  18:24  19:4 | | | |
| | | third(2) 10:25  21:2 | | 21:6  21:8  22:11  22:18  23:6  23:7  24:14 | | | |
| somebody(1) 21:25 | | thomas(1) 3:22 | | 24:23  25:3  26:8  26:12 | | | |
| something(9) 4:16  5:5  19:16  21:19  23:10 | | though(2) 15:12  17:16 | | | | | |
| 23:12  23:19  24:17  25:2 | | thought(3) 5:11  21:15  24:22 | | whatever(2) 9:25  21:4 | | | |
| | | three(1) 25:13 | | what's(1) 5:5 | | | |
| soon(1) 9:11 | | through(3) 4:25  11:21  25:25 | | whereupon(1) 27:9 | | | |
| sorry(4) 10:16  12:3  13:18  21:7 | | thursday(1) 3:1 | | whether(8) 6:25  8:11  11:2  13:21  16:9 | | | |
| sort(1) 5:16 | | tiffany(1) 3:17 | | 21:24  25:2  26:18 | | | |
| sound(2) 1:47  27:12 | | time(13) 7:8  8:22  9:1  9:20  9:23  9:24  10:4 | | | | | |
| sparks(1) 3:20 | | 12:2  12:12  16:20  17:12  18:17  22:9 | | whitener(1) 3:7 | | | |
| speak(1) 5:13 | | | | who(7) 7:20  8:5  8:18  14:6  20:11  21:9 | | | |
| speights(44) 2:6  2:7  3:10  12:14  12:19 | | timeframes(1) 13:9 | | who's(1) 21:25 | | | |
| 12:23  13:11  13:12  13:18  13:20  14:17 | | toby(1) 1:37  3:18  8:16  10:22 | | why(3) 22:21  23:7  24:11 | | | |
| 14:19  14:23  15:9  15:12  15:18  15:21  16:8 | | today(1) 4:19  4:22  5:12  8:12  8:19  14:9  16:4 | | will(30) 4:4  6:7  6:19  6:23  7:1  7:18  7:23 | | | |
| 16:16  17:1  17:6  17:10  17:11  17:20  18:2 | | 17:8  17:18  18:15  22:9  24:22 | | 7:24  8:1  8:2  8:13  8:23  8:25  9:1  9:5  9:6 | | | |
| 18:7  18:16  18:21  19:6  20:16  20:17  20:19 | | | | 9:24  10:4  10:9  10:9  11:10  13:24  13:24 | | | |
| 20:25  21:15  22:2  22:7  23:3  23:6  23:13 | | tom(1) 3:20 | | 14:23  17:19  22:1  22:15  24:16  26:17  27:4 | | | |
| 24:2  24:4  24:7  25:17  26:20 | | transcript(4) 1:16  1:48  19:17  27:12 | | | | | |
| | | transcription(2) 1:42  1:48 | | william(1) 3:20 | | | |
| speights'(1) 25:5  26:21  26:23  26:25 | | transcriptionist(1) 27:19 | | wilmington(3) 1:11  1:33  3:1 | | | |
| spencer(1) 3:15 | | transmit(2) 22:22  22:22 | | wish(1) 6:20 | | | |
| spoke(2) 8:10  12:14 | | tremendous(1) 16:11 | | wisler(1) 3:19 | | | |
| staff(2) 16:23  16:25 | | trial(1) 10:4 | | withdrawing(1) 5:15 | | | |
| stang(1) 1:28 | | try(1) 8:23 | | withdrawn(2) 5:4  12:24 | | | |
| | | trying(2) 11:22  19:25 | | within(1) 20:6 | | | |