# EXHIBIT C

# AMTRAK STIPULATION

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

### STIPULATION RESOLVING CLAIMS OF

### THE NATIONAL RAILROAD PASSENGER CORPORATION

This stipulation ("Stipulation") is entered into this 29th day of October, 2008, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and the National Railroad Passenger Corporation ("Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 13013788.4

**WHEREAS**, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

**WHEREAS**, on March 31, 2003, the Claimant filed Proofs of Claim against the Debtors with respect to the Hamilton Township Site, in Trenton, New Jersey described as follows:

| Claim No. | Amount | Priority | Basis |
|---|---|---|---|
| 11320 | Unspecified | Unsecured, Non-Priority | Response costs |
| 11321 | Unspecified | Unsecured, Non-Priority | Response costs |

**WHEREAS**, Proof of Claim number 11321 was expunged by that certain "First Order Granting Relief in Debtors' Fifteenth Omnibus Objection to Claims (Substantive") entered on November 10, 2005 at Docket No. 11033;

**WHEREAS**, the Debtors and the United States of America have agreed to settle their Claims on the terms and conditions set forth in that certain *Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters* (the "Settlement Agreement") (Exhibit A to Docket No. 18847) dated May 14, 2008, which was approved by this Court by its *Order Authorizing Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters* (Docket No. 18847) on June 2, 2008, and

**WHEREAS**, pursuant to paragraph 4.B of the Settlement Agreement, Claimant is a PRP Group/Entity which is entitled to receive payments or distributions from the Debtors if by the effective date of the Debtors' Plan of Reorganization the Claimant agrees in writing that all liabilities and obligations for the site that have been or ever could be asserted by the PRP Group/Entity (or any of its individual members where the PRP Group/Entity is a group of

potentially responsible parties) against the Debtors are discharged and satisfied by the Allowed Claim provided for in the Settlement Agreement,

**WHEREAS**, the Claimant has agreed to accept the terms of the above-referenced Settlement Agreement, as amended by the parties on June 25, 2008 in an email from Charles S. Warren (attorney for Claimant) to James Freeman (United States Department of Justice), which provides that the Claimant shall have Allowed General Unsecured Claims in the amounts set forth in Paragraph 4.A.27 of the Settlement Agreement, in full settlement and satisfaction of its claims against the Debtors,

**NOW, THEREFORE**, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. The above-referenced Claim No. 11320 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $1,452,029.34. This allowed Claim No. 11320 shall be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to the confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan"), except with respect to the payment of interest as described herein. All other amounts outlined in or related to Claim No. 11320 relating to the Hamilton Township Site shall hereby be disallowed and expunged, except as may otherwise be provided herein.

2. In the event that the confirmed Plan of Reorganization provides for the payment of interest on allowed prepetition general unsecured claims, Claimant shall be entitled to such interest on Claim No. 11320 as provided in Paragraph 20 of the Settlement Agreement. The rate of interest shall be the rate provided under the confirmed chapter 11 plan for similarly situated general unsecured creditors and which shall begin to accrue from and after August 20, 2007.

Interest shall continue to accrue, for the same duration as provided for other Allowed General Unsecured Claims in accordance with the terms of the Plan of Reorganization.

3. Upon execution of this Stipulation by all parties, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that Claim No. 11320 referenced above shall be allowed as outlined herein.

4. Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition claims against the Debtors with respect to any costs relating to the Hamilton Township Site other than enforcement of the obligations of the Debtors set forth in this Stipulation.

5. The parties shall take whatever additional action, if any, is necessary to make sure that the specified Claim No. 11320 is allowed as outlined herein.

6. Notwithstanding the foregoing, this Stipulation and the Debtors' signature hereon shall not become effective and binding until entry of a separate order of the Bankruptcy Court upon a motion of the Debtors served upon the necessary parties-in-interest in accordance with the Bankruptcy Code and the Bankruptcy Rules. Upon execution of this Stipulation by the parties, the Debtors shall promptly prepare and file the motion and serve it upon the necessary parties-in-interest.

7. Pursuant to the Settlement Order, upon execution of this Stipulation by the parties, the Stipulation shall be binding on all parties including the Debtors.

8. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This

Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

9. This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to matters set forth herein.

10. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

| The National Railroad Passenger Corporation ("Claimant") | W. R. Grace & Co., et al. ("Debtors") |
|---|---|
| By: _____<br>Charles S. Warren<br>Counsel for Claimant | By: _____<br>William M. Corcoran<br>Vice President<br>Public and Regulatory Affairs |
| Date: 10/23/08 | Date: 10/29/08 |