W. R. Grace & Co. et al.
District of Delaware, Bankruptcy Case No. 01-01139
Exhibit C
Stipulation Resolving Claim of Los Angeles County MTA

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

### STIPULATION RESOLVING CLAIM OF

### LOS ANGELES COUNTY METROPOLITAN TRANSIT AUTHORITY

This stipulation ("Stipulation") is entered into this 9th day of October, 2008, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and Hain Capital Holdings, Ltd., as successor to Los Angeles County Metropolitan Transit Authority, ("Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 13013774.4

**WHEREAS**, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims.

**WHEREAS**, on September 23, 2002, the Los Angeles County Metropolitan Transit Authority filed a Proof of Claim against the Debtors with respect to the Harrington Tools Site, in Los Angeles described as follows:

| Claim No. | Amount | Priority | Basis |
|---|---|---|---|
| 2087 | Estimated at $200,000 to $300,000 | Unsecured, Non-Priority | Environmental Response Costs |

**WHEREAS**, the Debtors and the United States of America have agreed to settle their Claims on the terms and conditions set forth in that certain *Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters* (the "Settlement Agreement") (Exhibit A to Docket No. 18847) dated May 14, 2008, which was approved by this Court by its *Order Authorizing Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters* (Docket No. 18847) on June 2, 2008,

**WHEREAS**, pursuant to paragraph 4.B of the Settlement Agreement, the Los Angeles Metropolitan County Transit Authority is a PRP Group/Entity which is entitled to receive payments or distributions from the Debtors if by the effective date of the Debtors' Plan of Reorganization the Los Angeles County Metropolitan Transit Authority agrees in writing that all liabilities and obligations for the site that have been or ever could be asserted by the PRP Group/Entity (or any of its individual members where the PRP Group/Entity is a group of potentially responsible parties) against the Debtors are discharged and satisfied by the Allowed Claim provided for in the Settlement Agreement,

**WHEREAS**, the Los Angeles Metropolitan County Transit Authority sold its claim to Claimant in a transaction documented in the Notice of Transfer of Claim dated June 12, 2008 at Docket No. 18912, appended hereto as Exhibit A;

**WHEREAS**, the Claimant has agreed to accept the terms of the above-referenced Settlement Agreement, which provides that the Claimant shall have Allowed General Unsecured Claims in the amounts set forth in Paragraph 4.A of the Settlement Agreement, in full settlement and satisfaction of its own claims against the Debtors,

**NOW, THEREFORE**, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. The above-referenced Claim No. 2087 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $893,781.83. This allowed Claim No. 2087 shall be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to the confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan"), except with respect to the payment of interest as described herein. All other amounts outlined in or related to Claim No. 2087 relating to the Harrington Tools Site shall hereby be disallowed and expunged, except as may otherwise be provided herein.

2. In the event that the confirmed Plan of Reorganization provides for the payment of interest on allowed prepetition general unsecured claims, Claimant shall be entitled to such interest on Claim No. 2087 as provided in Paragraph 20 of the Settlement Agreement. The rate of interest shall be the rate provided under the confirmed chapter 11 plan for similarly situated general unsecured creditors and shall begin to accrue from and after May 9, 2006. Interest shall continue to accrue, for the same duration as provided for other Allowed General Unsecured Claims in accordance with the terms of the Plan of Reorganization.

3. Upon execution of this Stipulation by all parties, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that Claim No. 2087 referenced above shall be allowed as outlined herein.

4. Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional pre-petition claims against the Debtors with respect to any costs relating to the Harrington Tools Site other than enforcement of the obligations of the Debtors set forth in this Stipulation.

5. The parties shall take whatever additional action, if any, is necessary to make sure that the specified Claim No. 2087 is allowed as outlined herein.

6. Notwithstanding the foregoing, this Stipulation and the Debtors' signature hereon shall not become effective and binding until the Debtors have filed and served the Notice of Settlement provided for in paragraph (f.) of the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding*, dated September 18, 2001 (the "Negative Notice") and the time periods provided for therein have passed without objection or any objection that was made has been resolved or overruled by the Court. Upon execution of this Stipulation by the parties, the Debtors shall promptly prepare and file the Negative Notice.

7. Pursuant to the Settlement Order, upon execution of this Stipulation by the parties, the Stipulation shall be binding upon all parties including the Debtors.

8. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties

8. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

9. This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to matters set forth herein.

10. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

Hain Capital Holdings, Ltd.
(Successor to "Claimant")

By: _____
Robert Koltai
Manager

Date: 10-7-08

W. R. Grace & Co., et al.
("Debtors")

By: _____
William M. Corcoran
Vice President
Public and Regulatory Affairs

Date: October 9, 2008

EXHIBIT A

# United States Bankruptcy Court

### District of Delaware

In re: **W.R. GRACE & CO.**   Case No.: 01-01139

Court ID (Court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| **Hain Capital Holdings, Ltd** | **Los Angeles County Metropolitan Transportation Authority** |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent<br>Hain Capital Holdings, Ltd<br>301 Route 17, 6th Floor<br>Rutherford, NJ 07070<br>Attn: Ganna Liberchuk<br>Phone: (201) 896 - 6100<br>Last Four Digits of Acct #: _____ | Court Record Address of Transferor<br>(Court Use Only)<br><br><br><br><br><br>Last Four Digits of Acct. #: _____ |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of Transferor<br><br>Los Angeles County Metropolitan<br>Transportation Authority<br>One Gateway Plaza<br>Los Angeles, CA 90012 |

Court Claim # (if known):
Allowed Claim Amount:   $893,781.83
Date Claim Filed:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ Ganna Liberchuk_____   Date: 6/12/08
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

~~DEADLINE TO OBJECT TO TRANSFER~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                         _____
                                       **CLERK OF THE COURT**

## EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **Los Angeles County Metropolitan Transportation Authority** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to Hain Capital Holdings, Ltd. ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) in the amount of **$893,781.83** associated with proof of claim number **2087** against W. R. Grace & Co. (the "Debtor"), Chapter 11 Case No. 01-01139 United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 12 day of June 2008.

| | |
|---|---|
| **LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY** | **HAIN CAPITAL HOLDINGS, LTD.** By Koltai & Company Advisors, LLC |
| By: *Michelle Caldwell* Name: Michelle Caldwell Title: Executive Officer, Office of Mgmt & Budget | By: *[signature]* Name: Title: Robert Koltai Manager |