IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Related Dkt. Nos. 11919, 12378, 18884, |
| ) | 19190, 19525 |

**SECOND SUPPLEMENTAL DECLARATION OF JASON SOLGANICK UNDER
FED. R. BANKR. P. 2014 AND 5002 IN SUPPORT OF APPLICATION
FOR AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF
PIPER JAFFRAY & CO. AS FINANCIAL ADVISOR TO DAVID T. AUSTERN,
<u>ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE</u>**

I, JASON SOLGANICK, state:

1. I am a Principal in the Financial Restructuring Group of Piper Jaffray & Co. ("PJC"), which maintains offices at 150 East 42nd Street, 35th Floor, New York, NY 10017. PJC is the co-financial advisor, along with Tre Angeli LLC, to David T. Austern, the Asbestos PI Future Claimants' Representative appointed by the Court in the above-captioned cases (the "FCR"), pursuant to Orders entered on May 8, 2006 and July 29, 2008.

2. On June 9, 2008, Jonathan Brownstein submitted a declaration pursuant to Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Rules") in support of the Application of the FCR seeking the entry of an Order authorizing the modification of the retention and employment of PJC as his co-financial advisor. On September 11, 2008, Jonathan Bronstein submitted a supplemental declaration pursuant to the Rules in support of the Application.

3. Except as is otherwise provided below, the facts set forth in this declaration are based upon my personal knowledge or upon records maintained by PJC in the ordinary course of its business which have been reviewed by me.

4. I make this Second Supplemental Declaration out of an abundance of caution, and not because I believe the matters set forth herein are within the scope of Rules 2014 or 5002.

5. On March 10, 2009, the Debtors filed a Motion of Debtors for Entry of an Order Approving Stipulations resolving Proofs of Claims of Certain PRP Groups/Entities Pursuant to the EPA Multi-Site Agreement (the "Motion"). Upon review of the Motion, I became aware for the first time that American Premier Underwriters, Inc. ("APU") had filed a claim against the Debtors in March 2003, which claim was filed before PJC became employed in these Chapter 11 cases.

7. In 2003 and 2004, while employed as an Associate at a previous employer, I provided certain financial advisory services to APU. The services provided to APU were completely unrelated to these Chapter 11 cases.

8. To the best of my knowledge, PJC continues to be a "disinterested person" as that term is defined in Section 101 (14) of Title 11 of the United States Code.

9. PJC will use reasonable efforts to identify any additional relevant fact or relationship not previously disclosed. If any such fact or relationship is discovered, PJC will, as soon as reasonably practicable, file additional supplemental declarations with the Court.

\* \* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

*Jason Solganick*

Executed on March 12, 2009

3