IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Re: Docket #20842 |
| | ) | |

### ANDERSON MEMORIAL HOSPITAL'S LIMITED OBJECTION TO ZAI CLAIMANTS' MOTION FOR ORDER OF FINAL APPROVAL OF THE U.S. ZAI CLASS SETTLEMENT, AND MOTION TO DEFER AND CONSOLIDATE WITH CONFIRMATION

Anderson Memorial Hospital, on behalf of itself and on behalf of all buildings encompassed in its certified statewide class action ("Anderson"), submits this limited objection to the ZAI Claimants' Motion for Order of Final Approval of the U.S. ZAI Class Settlement. Anderson has opted out of the settlement and accordingly does not intend to express objections to the fairness, reasonableness and adequacy of the settlement. However, Anderson respectfully submits that (1) the Motion and proposed settlement do not appropriately address the treatment of opt-out claimants; and consequently, (2) consideration of the U.S. ZAI Class Settlement should be deferred and consolidated with the hearing on confirmation of the Debtors' Plan of Reorganization. In support, Anderson states:

#### Background

Prior to the Debtors' petition date, Anderson had filed what is believed to be the first ZAI-related complaint against Grace in the nation, when its class action complaint in a South Carolina state court action was amended in approximately 1998 to include ZAI and other products. The inclusion of ZAI in the Anderson state-wide class action was litigated and argued prior to bankruptcy; the order conditionally certifying the class in the South Carolina state court

action included did so based on Anderson's description, and the final certification order (entered post-petition) specifically included attic insulation claims. Anderson has filed a proof of claim based upon the ZAI claims asserted in the South Carolina state court class action, and no objection has been filed to that claim. Anderson has submitted a request to be excluded from the U.S. ZAI Class Action Settlement.

Anderson was not involved in the litigation of the U.S. ZAI Class Action matters, nor the negotiation of the U.S. ZAI Class Action Settlement. Indeed, when the U.S. ZAI Class Action Settlement was negotiated, both Anderson and the Property Damage Committee and its representatives and counsel were excluded from the negotiations. The U.S. ZAI Class, as originally described, specifically excluded Anderson. It was made clear that the "Science Trial," as described in the Motion, would not be binding upon any other ZAI claimant. That "Science Trial," which the Movants state "played a significant role in laying the foundation for the ultimate settlement of ZAI claims," resulted in a determination by the Court that the asbestos levels in ZAI product did not lead to an "unreasonable" risk of harm. The U.S. ZAI Class Action Settlement, assuming it is fully funded, will only permit claimants who are members of the class to recover a fraction of their claims. Pursuant to the Debtors' proposed Plan of Reorganization, other Property Damage claims are entitled to be paid in full (without interest).

The U.S. ZAI Class Action Settlement purports to preserve the right of claimants to opt out of the settlement. At page 14 of the Motion, the movants represent that "Class members have been afforded an opportunity to opt-out of the U.S. ZAI class if they believe that their legal interests are best served by representing themselves in these bankruptcy proceedings on an individual basis." The footnote to that sentence notes that "less than 100" claimants have already returned opt-out forms. The Notice of Class Certification and Proposed Settlement, in Paragraph

8, likewise states that "Any member of the Class who does not wish to remain a Class member may be excluded from the Class by requesting exclusion through the attached Request for Exclusion." The Notice further indicates in Paragraph 15 that "Each member of the Class *who does not exclude itself* is entitled to be heard with respect to the proposed Settlement described in this Notice" (presumably intending to imply that claimants who *do* opt out are *not* entitled to be heard).

The problem, however, is that the Plan of Reorganization proposed by the Debtors makes no distinction in the treatment of U.S. ZAI Claimants who are members of the Class, and those who seek to opt out. Under the Plan, ZAI Claimants who opt out nonetheless look to the same pot of funds for repayment, are subject to the same processes of review for their claims, and indeed are treated entirely identically to the ZAI Claimants who are members of the class. As now clarified in the Disclosure Statement, Section 2.7.3., "Notwithstanding a decision by a Holder of a US ZAI PD Claim to opt out of the class for purposes of the US ZAI Settlement, such Claimant remains a member of Class 7B for purposes of the Plan and will be treated as such." The clarification of the treatment of opt-out claimants was something which Anderson had to seek by way of objection to the Disclosure Statement, and it was never in any way explained or even acknowledged, until the amendments to the Disclosure Statement requested by Anderson were made, that the intention is treat ZAI opt-outs in exactly the same manner as the class claims.[1]

### Discussion

Anderson finds itself in something of a bind. It has opted out of the U.S. ZAI Class Action Settlement. As such, it would normally have no need to make objection to fairness,

---

[1] To the extent any of the matters described in this "Background" section are subject to any factual dispute, Anderson would respectfully request an evidentiary hearing.

reasonableness or adequacy of the settlement. Indeed, the Notice specifically contemplates that opt-outs may not be heard with respect to the Settlement. However, as a result of the clarifications to the Disclosure Statement and Plan made in response to Anderson's objections, it would appear that the opportunity to "opt out" of the U.S. ZAI Class Action Settlement is illusory, since the proposed treatment of claims is identical whether one opts out or remains within the class. As such, Anderson must make this limited objection to the settlement, in that the settlement together with the Plan effectively eliminate the ability to opt out of the class. Very simply, Anderson suggests that in order to provide for a meaningful "opt out," claimants who opt out must not be limited to the same recovery and procedures afforded to the class, but must be entitled so seek full recovery of their claims (as other Property Damage claimants may). To the extent the U.S. ZAI Class Action Settlement is in effect a *sub rosa* mandatory class, the standards for approval would be substantially different and have not been addressed or even briefed in the Motion. See, e.g., Ortiz v. Fibreboard Corp., 527 U.S. 815 (1999); In re School Asbestos Litigation, 789 F.2d 996 (3d Cir. 1986).

Because Anderson's concerns arise as a result of the provisions of the Plan of Reorganization that deal with opt-outs, Anderson respectfully submits that final approval of the U.S. ZAI Class Action Settlement should be deferred and should be consolidated with the hearing on confirmation of the Debtors' Plan. It is clear that the settlement under any circumstances is still contingent on and only effective upon a Plan being confirmed and becoming effective (the Notice expressly acknowledges that "Members of the Class will share the benefits of the Settlement described herein only if it is approved by the Court in connection with confirmation of the Plan and the Plan becomes effective"), and indeed that statement in the

Notice would itself appear to be inconsistent with the notion of conferring final approval of the settlement now, in advance of confirmation.

**WHEREFORE**, Anderson respectfully requests that the Court defer consideration of final approval of the U.S. ZAI Class Action Settlement and consolidate the matter with the hearing on confirmation of the Debtors' Plan of Reorganization.

DATED: March 13, 2009

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:   (302) 654-0248
Facsimile:    (302) 654-0728
Email:         loizides@loizides.com

- and –

Daniel A. Speights
C. Alan Runyan
SPEIGHTS & RUNYAN
200 Jackson Avenue East
Post Office Box 685
Hampton, SC 29924
Telephone:   (803) 943-4444
Facsimile:    (803) 943-4599

- and-

John W. Kozyak
David L. Rosendorf
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134
Telephone:   (305) 372-1800
Facsimile:    (305) 372-3508