IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| W.R. GRACE & CO., *et al.*, ) | Chapter 11 |
| ) | |
| Debtor ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| ) | |
| ) | Objection Deadline: March 13, 2009 at 4:00 p.m. |
| ) | Hearing Date: April 1, 2009 at 10:30 a.m. |
| ) | |
| ) | Related Docket No. 20846 |

**RESPONSE AND OBJECTION OF CONTINENTAL CASUALTY COMPANY TO MOTION OF KANEB PIPE LINE OPERATING PARTNERSHIP, L.P. AND SUPPORT TERMINAL SERVICES FOR AN ORDER MODIFYING THE AUTOMATIC STAY**

Continental Casualty Company ("CCC") responds and objects to the Motion of Kaneb Pipe Line Operating Partnership, L.P. and Support Terminal Services (collectively referred to as "Kaneb") and states as follows:

1.  This is the second motion by Kaneb with respect to its claims arising out of alleged long term environmental contamination, for which it claims that one of the Debtors is responsible. (Kaneb previously made a motion with respect to its claims arising out of the Otis Pipeline site, which is scheduled to be heard at the same time as this motion. In addressing those issues at the prior hearing on Kaneb's first motion, Kaneb did not disclose to the Court or to the parties that it was going to follow with a virtually identical motion on another claim – as to which there have been no documents or other discovery provided.) The motion apparently results from Kaneb's inaction with respect to its Proof of Claim with respect to the Georgia site. (That Proof of Claim is attached at Ex. A).[1] Having had its claim expunged by this Court, Kaneb now seeks instead to attempt to pursue coverage against the Debtors' policies.

---

[1] Due to the size of Kaneb's Proof of Claim, CCC's Opposition to the Kaneb's Motion with Exhibit 1 has been filed and served electronically, while CCC's opposition without Exhibit 1 has also been served as indicated on the accompanying Certificate of Service. Any party requiring a hard copy of Kaneb's Proof of Claim may request one from CCC's undersigned counsel.

LIBC/3506821.2

2. Kaneb's motion asserts that claims against the Debtors' policies will not implicate the Debtors or their estates. However, Kaneb fails to acknowledge that it has been advised by certain of the Debtors' insurers that its claims against the Debtors' policies have triggered contractual indemnification claims in favor of the insurers against the Debtors arising from settlement agreements, which in turn resulted from over a decade of coverage litigation between the Debtors and their insurers. As CCC previously stated, because of CCC's claims of indemnity against the Debtors, any claim against CCC by Kaneb with respect to the Georgia site would be a claim against the Debtors and would implicate property of the estate. On that basis, the Court should deny Kaneb's present motion. (CCC also refers the Court to the Debtors' Objection to Motion of Kaneb Pipe Line Operating Partnership, L.P. and Support Terminal services, Inc., for an Order Modifying the Automatic Stay, docket no. 20703, and the Response and Objection of Continental Casualty Company to Motion of Kaneb Pipe Line Operating Partnership, L.P. and Support Terminal Services for an Oder Modifying the Automatic Stay, docket no. 20704).

3. CCC again notes – to the extent that there are any matters that are not subject to settlement agreements with the Debtors[2] - that there is already a separate coverage action pending that involves the very same policies against which Kaneb claims, and any remaining rights under those policies are asserted to be transferred to the Asbestos PI Trust. (CCC refers the Court to the Debtors' Disclosure Statement, p. 41 and p. 103-04, docket no. 20873). The Debtors, and/or to the extent the ACC or FCR may assert rights to the policies, may be affected by coverage interpretations in any litigation involving those policies. Moreover, the Debtors would unavoidably be involved in the coverage litigation concerning the terms and implications of its transaction with Kaneb, and that involvement would adversely affect their ability to reorganize.

---

[2] CCC disputes any claim that the matters asserted herein are not covered by prior settlement agreements with the Debtors, and have notified the Debtors of CCC's claim for indemnification. CCC also does not agree with Kaneb's contentions as to the availability of coverage under its policies, and reserves all rights with respect to all of the policy terms. CCC also notes that one of the matters at issue in the pending coverage action with the Debtors is whether prior settlement agreements with the Debtors preclude any remaining claims.

LIBC/3506821.2

4.  Kaneb's request for relief from stay to pursue coverage as to which the Debtors have indemnified CCC, which involves policies that are already at issue in a separate coverage action, accordingly should be denied. Additionally, as noted in CCC's prior objection, until such time as the coverage matter is resolved, the Debtors should reserve amounts sufficient to cover the insurers' contractual rights to indemnification for Kaneb's claims.

Dated: March 13, 2009

                              Respectfully Submitted,

                              ROSENTHAL, MONHAIT, & GODDESS, P.A.

                              Edward B. Rosenthal (#3131)
                              919 Market Street
                              Mellon Bank Center, Suite 1401
                              Wilmington, Delaware 19899-1070
                              (302) 656-4433

                                  -and-

                              GOODWIN PROCTER LLP
                              Daniel M. Glosband (pro hac vice)
                              Brian H. Mukherjee (pro hac vice)
                              Exchange Place
                              Boston, MA 02109
                              (617) 570-1930

                                  -and-

                              FORD MARRIN ESPOSITO WITMEYER
                                & GLESER, L.L.P.
                              Elizabeth DeCristofaro (pro hac vice)
                              Wall Street Plaza, 23rd Floor
                              New York, New York 10005-1875
                              (212) 269-4900

                              *Counsel for Continental Casualty Company*

LIBC/3506821.2