W. R. Grace & Co. et al.
District of Delaware, Bankruptcy Case No. 01-01139
Exhibit A
Stipulation Resolving Claims of Steeler, Inc.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** ) | Chapter 11 |
| ) | |
| **W. R. GRACE & CO.,** *et al.*[1] ) | Case No. 01-01139 (JKF) |
| ) | Jointly Administered |
| **Debtors.** ) | |

## STIPULATION RESOLVING CLAIMS OF
## STEELER, INC. (CLAIM NOS. 4697 and 17093)

This stipulation ("Stipulation") is entered into this 15th day of January 2009, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and Steeler, Inc. ("Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on April 22, 2002, the Bankruptcy Court issued its *Order as to all Non-asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I)*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 13602859.3

*Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice Program* (the "Bar Date Order"), which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims. [Docket No. 1963].

WHEREAS, on or about March 21, 2003, Claimant filed a proof of claim ("Claim No. 4697") against the Debtors asserting unspecified damages arising from environmental remediation related to the Newark, CA site.

WHEREAS, on or about July 11, 2005, in order to supplement Claim No. 4697, Claimant filed a proof of claim ("Claim No. 17093") against the Debtors asserting liquidated damages in the amount of $63,421.38 arising from the same environmental remediation.

WHEREAS, on or about September 1, 2005, the Debtors filed their Fifteenth Omnibus Objection to Claims in which the Debtors sought to disallow and expunge Claim No. 4697.

WHEREAS, on or about October 21, 2005, after discovering that although Claim No. 4697 was filed on asbestos property damage claim form, Claim No. 4697 was not a traditional asbestos property damage claim but instead was an environmental claim, the Debtors and the Claimant entered into a stipulation withdrawing the Debtors' objection to Claim No. 4697 and reclassifying Claim No. 4697 as an environmental unsecured claim.

WHEREAS, the Debtors and Claimant have now agreed to settle Claim No. 4697 and Claim No. 17093 on the terms and conditions set forth herein.

NOW, THEREFORE, after a thorough review of Claim No. 4697 and Claim No. 17093, discussion and negotiations, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. Claim No. 4697 shall be disallowed and expunged for all purposes.

2.  Claim No. 17093 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $63,421.38. Claimant shall not be entitled to pre-petition or post-petition interest on Claim No. 17093 with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan"). Claim No. 17093 shall be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to the Plan (except with respect to the payment of interest as described above).

3.  Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional claims against the Debtors other than enforcement of the obligations of the Debtors set forth in this Stipulation.

4.  The Debtors shall take whatever additional action, if any, is necessary to make sure that Claim No. 4697 is disallowed and expunged for all purposes and that Claim No. 17093 is allowed as outlined herein.

5.  Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

6.  This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to matters set forth herein.

7. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

Steelex, Inc.

By: _____
Counsel for Claimant
Charles J. Brown, III (DE 3368)
Archer & Greiner, P.C.
300 Delaware Avenue
Suite 1370
Wilmington, DE 19801
Telephone: (302) 777-4350

W. R. Grace & Co., et al.

By: _____

Janet S. Baer
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL 60601

and

Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899-8705

Co-Counsel for the Debtors and
Debtors in Possession

Date: _____

Date: Jan. 15, 2009