IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Bankruptcy Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |

Objection Deadline: April 10, 2009 at 4:00 p.m
Hearing Date: April 27, 2009 at 10:30 a.m

**DEBTORS' OBJECTION TO ANDERSON MEMORIAL HOSPITAL'S ZONOLITE ATTIC INSULATION CLASS PROOF OF CLAIM**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby object to Zonolite Attic Insulation ("ZAI") Claim Number 17909 (the "Claim"), filed by Anderson Memorial Hospital ("Anderson") on behalf of "all buildings encompassed in its Certified Class Action (Statewide)." The Debtors request that the Court enter an Order disallowing this claim, as set forth below. In support of this Objection, the Debtors state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  The statutory basis for the relief requested herein is section 502 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

## Background and Introduction

3.  On April 2, 2001, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Now, almost eight years later, these bankruptcy cases are nearing completion. In particular, on March 9, 2009, this Court approved the Debtors' Disclosure Statement respecting their First Amended Joint Plan of Reorganization ("Plan") and authorized the Debtors to commence soliciting acceptance of the Plan. The Plan sets forth a comprehensive settlement of all of the Debtors' liabilities, including asbestos personal injury claims, most asbestos property damage claims, and ZAI claims (which are also part of a preliminarily approved class settlement (Dkt. 20535)).

4.  Now, after all of these years and after this significant progress, in a transparent attempt to obtain leverage and derail the Plan, the law firm of Speights & Runyan ("Speights") is pressing a ZAI class proof of claim that it filed improperly, without the Court's permission, on October 31, 2008 (Claim No. 17909), attached hereto as Exhibit A. The putative class representative is Anderson, which took the same role with respect to two property damage class proofs of claim that Speights filed earlier. Anderson's ZAI claim asserts that it is filed "on behalf of all buildings encompassed in its Certified Class Action (Statewide)."

5.  Like Anderson's property damage class proofs of claim, which both this Court and the District Court rejected, its ZAI class proof of claim is baseless and should be

disallowed and expunged. Contrary to Speights' suggestion, there is *no* Anderson class certified as to Grace. Nor is there any reason to certify such a class now. This Court has already preliminarily approved a nationwide class settlement for ZAI claims. There is no reason to certify a South Carolina statewide class, and doing so would only create confusion and disrupt the Plan process that is nearing completion.

6.  Even Anderson does not seem to take its claim seriously. Aside from stating that ZAI is present at "various locations" in South Carolina, Anderson answered *none* of the questions on the claim form. And the only documents that Anderson attached to the form are invoices and billing registers reflecting sales of various Grace products to construction companies in South Carolina. Anderson offered no evidence that ZAI, a vermiculite product primarily used in home attic insulation, was ever installed in its hospital or any other specific buildings. Its claim should be disallowed and expunged.

## Objections and Requested Relief

7.  By this Objection, the Debtors seek disallowance of the Claim pursuant to section 502(b)(1) of the Bankruptcy Code, because the Claim does not state any legal basis on which the Debtors have any liability to the claimant.

### Improper Class Claim

8.  This Court has already rejected an attempt on Anderson's part to obtain certification of a class of property damage claimants. In 2005, Anderson sought class certification based on the existence of a purported class certified pre-petition in South Carolina state court. This Court reviewed the record in the South Carolina proceedings and found,

DOCS_DE:146038.1


correctly, that "there is *no* pre- or postpetition Anderson Memorial class certified as to Grace."[2] (Dkt. 18821 at 3) (emphasis added) After also noting that Anderson's claims were filed without its permission (*Id.* at 4 n.5), the Court denied Anderson's bid for class certification on the merits, holding that as to unfiled claims, a class action would "operate to nullify the bar date." (*Id.* at 10) The Court added that class certification would "needlessly prolong" these bankruptcy proceedings. (*Id.* at 2) On September 4, 2008, the District Court for the District of Delaware denied Anderson's motion for leave to appeal. (Dkt. 19491 at 5)

9.   Like its earlier property damage class claims, Anderson's ZAI class claim is founded on the false assertion that an Anderson class was certified against Grace. Also like its earlier property damage class claims, Anderson's ZAI class claim was filed without the Court's permission. At a February 25, 2002 hearing where Speights was present, the Court ordered that for both traditional property damage claims and ZAI claims, counsel must file an "appropriate motion" before filing a class proof of claim. (2/25/2002 Tr. at 3, 107-110) (Dkt. 1793) Despite being chastised by the Court for not doing so with respect to its property damage class claims (Dkt. 18821 at 4 n.5), Anderson again flouted the Court's directive with respect to its ZAI class claim.

10.   Even putting these problems aside, Anderson's second bid at class certification is even less appropriate than its first. This Court has *already* preliminarily approved a ZAI settlement class that encompasses "[a]ll holders of U.S. ZAI claims that were filed with

---

[2] The South Carolina court, acting *ex parte*, conditionally certified a statewide class against three other defendants not including Grace. The court "rejected any notion that a final certification was inevitable, and clarified that the action had no precedential value as to what the court would ultimately find, had absolutely no influential value, and was issued only under exigent circumstances." (Dkt. 18821 at 3) Even if a class was certified pre-petition, this Court could reject the proof of claim. *See, e.g., In re Ephedra Prod. Liab. Litig.*, 329 B.R. 1, 5 (S.D. N.Y. 2005) ("Even class actions that were certified prior to the filing for bankruptcy may . . . be disallowed.").

_DOCS_DE:146038.1

the Bankruptcy Court on or before the U.S. ZAI Bar Date." (Dkt. 20535 at 3) The Court concluded that the terms of the settlement are "within the range of reasonableness" and that "the U.S. ZAI Class Settlement was the product of extensive, arms-length negotiations and involved experienced as well as informed constituencies." (*Id.*) Notably, Anderson never objected to the preliminarily approved ZAI settlement class.

11. Anderson's proposed South Carolina class has no potential upside, but a significant downside. In light of the preliminarily approved nationwide settlement class and the Plan itself, Anderson's proposed South Carolina class is redundant and would not promote efficiency. Under the ZAI Trust Distribution Procedures, each claimant has to submit an individual claim with claim-specific evidence. (Dkt. 20666 Exhibit 33 at ¶¶ 5.2, 5.4, 6.2) If there are legitimate claimants in South Carolina, they will have an opportunity to file their claims regardless of whether Anderson's class is certified. In the end, Anderson's proposed class would only create disruption, not only to the ZAI settlement class, but also to the much larger Plan confirmation scenario, including the complex asbestos claim resolution structure embedded in the Plan.

12. Clearly, Anderson's class claim has no legitimate purpose and should not be permitted to go forward. *See, e.g., In re Musicland Holding Corp.*, 362 B.R. 644, 657 (Bankr. S.D. N.Y. 2007) (denying class certification); *In re Computer Learning Centers, Inc.*, 344 B.R. 79, 94 (Bankr. E.D. Va. 2006) (denying motion to file class proof of claim); *In re Firstplus Financial, Inc.*, 248 B.R. 60, 73 (Bankr. N.D. Tex. 2000) ("In the bankruptcy context, class actions should be rare.").

_DOCS_DE:146038.1

### Not a Class 7B Asbestos Claim

13. There is simply no basis to conclude from Anderson's ZAI claim that Anderson has a US ZAI PD Claim, as defined in the Plan, which falls within the group of Class 7B Asbestos PD Claims, as defined in the Plan. In particular, Class 7B, under the Plan, consists of claims on account of the presence of ZAI. Anderson is a hospital, whereas ZAI was primarily used in homes. The Anderson ZAI claim is devoid of any indication that this home product, ZAI, is present in Anderson Memorial Hospital. In addition, there is no indication that it is present in premises owned by any other claimant in the putative class that the Anderson claim purports to represent.

### Incomplete Claim Form

14. The Debtors also object to the Claim because the corresponding claim form is facially incomplete. The Court-approved ZAI claim form is designed to elicit the most basic information about a claim. It instructs claimants to "[b]e sure all items are answered on the claim form." (Exhibit A) Yet aside from stating that ZAI is present at "various locations" in South Carolina, Anderson answered *none* of these questions.

15. Specifically, Anderson did not provide responses to the questions seeking: the approximate date the building was constructed, the approximate date ZAI was installed in the building, the location within the building where ZAI is located, the claimant's legal interest in the building, and the date of removal of ZAI.

16. Because Anderson's claim form is devoid of any information regarding its claim, the Debtors cannot evaluate the Claim and it should be disallowed and expunged.

### Insufficient Supporting Documentation

17. The Debtors object to the Claim because it provides insufficient supporting documentation. The claim form's instructions emphasize that "[t]he claimant *must* attach copies of any and all available supporting documents." (Exhibit B) (emphasis in original) The documents provided by Anderson do not support its claim.

18. The Claim should be disallowed because Anderson did not attach a single document showing that ZAI was installed in any of its buildings or any of the properties of the putative class members. Anderson only provided invoices and billing registers reflecting sales of various Grace products to construction companies. These materials do not satisfy Anderson's burden of proving product identification.

### Other Defenses

19. There are pending motions to approve a class settlement of the ZAI claims and the First Amended Plan, which also constitutes a settlement of the ZAI claims. Nothing herein is intended to affect these settlements. Notwithstanding this, Debtors object to the Claim for the following reasons:

20. The Debtors assert that the Claim fails to state a claim upon which relief may be granted.

21. The Debtors object to the Claim because it does not, and cannot, establish that ZAI poses an unreasonable risk of harm.

22. Upon information and belief, the Debtors assert that the Claim is barred by the applicable statute of limitation and/or statute of repose.

23. Upon information and belief, the Debtors assert that the Claim is barred by the doctrine of laches.

_DOCS_DE:146038.1

24. To the extent that the Debtors were on notice of any alleged hazard for which claimant seeks relief, which Debtors deny, claimant also had, or reasonably should have had, such notice and is, therefore, barred from recovery.

25. To the extent that ZAI was used or installed as set forth in the Claim, the Claim is barred because the ZAI manufactured and sold by the Debtors at the time of sale conformed to the state-of-the-art applicable to such products at the time of the sale.

26. To the extent that ZAI was used or installed as set forth in the Claim, the Claim is barred because the ZAI manufactured and sold by the Debtors at the time of sale complied with applicable codes, standards or regulations.

27. To the extent that claimant has sustained any damages, which Debtors deny, such damages constitute only economic loss which is not recoverable in negligence or strict liability.

28. To the extent that claimant has sustained any damages, which Debtors deny, such damages were the proximate and direct result of the acts of third parties unknown to Debtors and over whom Debtors have and had no control.

29. To the extent that claimant has sustained any damage, which Debtors deny, such damages were the result of the sole and contributory negligence of claimant and/or its agents, and any recovery should be precluded by the negligence of claimant.

30. To the extent that claimant has sustained any damage, which Debtors deny, such damages resulted from the comparative fault of claimant and/or its agents, which fault is greater than any fault of Debtors, and any recovery should be precluded or reduced accordingly.

DOCS_DE:146038.1

31.     To the extent that claimant has incurred damages, which Debtors deny, claimant has failed to mitigate such damages.

32.     Claimant is not entitled to recover for damages which may or may not be incurred in the future.

33.     The Debtors reserve the right to file additional objections to the Claim.

## Notice

34.     Notice of this Objection has been given to: (i) the United States Trustee, (ii) counsel to the ZAI claimants, (iii) counsel to all official committees appointed by the United States Trustee, as well as the future claims representatives for asbestos personal injury and property damage claims, and (iv) counsel for Anderson.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, (i) disallowing the Claim and (ii) granting such other relief as the Court deems just and proper.

Dated: March 13, 2009

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
Michael T. Dierkes
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

Theodore L. Freedman
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone: (212) 446 - 4800
Facsimile: (212) 446 - 4900

and

PACHULSKI STANG ZIEHL & JONES LLP

/s/James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession