**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: | Chapter 11 |
| W. R. GRACE & CO., *et al.*,<br>　　　　　　　　　Debtors | Bankruptcy No. 01-01139 (JKF)<br>Jointly Administered |

# DECLARATION OF DENISE NEUMANN MARTIN

I, Denise Neumann Martin, declare as follows:

I am a Senior Vice President of NERA Economic Consulting ("NERA").  If called as a witness, I could and would testify competently to the following:

## I.   EXECUTIVE SUMMARY

I was asked by counsel for W. R. Grace & Co. ("Grace" or "the Company") to assess the following:

1. Whether Grace is likely to be subject to substantial future demands for payment arising out of the same or similar conduct or events that allegedly gave rise to:

   a. Property damage claims that are covered by Class 7B under Grace's bankruptcy plan (namely, asbestos-related property damage claims in the United States related to Zonolite Attic Insulation ("ZAI"));

   b. Property damage claims that are covered by Class 8 (namely, asbestos-related property damage claims in Canada related to ZAI);

   c. Property damage claims that are covered by Class 7A (namely, asbestos-related property damage claims related to all other products of the Company not covered in Class 7B or Class 8).

2. Whether the actual amounts, numbers, and timing of such future demands can or cannot be determined.

To reach an opinion on these issues, I reviewed: (i) estimates of the number of buildings and homes that may contain a Grace asbestos-containing product; (ii) data on Grace's Class 7A, Class 7B and Class 8 property damage claims both historically and at the time of the relevant bar dates; and (iii) information on the asbestos-related property damage claims received by other defendants.  Based on my review of these data, as well as my training and experience with forecasting, I concluded the following:

1. Grace is likely to be subject to substantial future property damage demands similar to those covered under Class 7A, Class 7B and Class 8.

2. The amounts, numbers and timing of such future demands are indeterminate.  More specifically, any estimates of the amounts, numbers and timing would likely rely on historical data, as well as assumptions about the future, both of which would introduce risk and uncertainty into the forecast.

1

a. Indeterminate factors with respect to the use of Grace's historical data include uncertainties with respect to (i) the number of buildings or homes containing Grace asbestos-containing products (which, in turn, depends on the amount of product sold; the amount installed versus remaining in inventory or used for other purposes; the amount used per building; and the amount which has been removed); and (ii) the number of buildings that have been involved in historical cases (which often involve more than one building).

b. Indeterminate factors with respect to the forecasting assumptions are the likelihood that one of these buildings would give rise to a demand, as well as the timing and amount of such a demand (which may depend on a variety of factors including whether the owner has already been made aware of the asbestos-containing product or would be expected to become aware in the future and, if so, when; whether the owner has already been made aware of the ability to assert a demand or would be expected to become aware in the future and, if so, when; whether the owner is or would be expected to be concerned about the presence of the product in the building were it known; the results and timing of a cost/benefit analysis conducted by a building owner or the owner's attorney with respect to asserting a demand; the jurisdiction in which a demand would be asserted; and the attorney who would represent the building owner).

## II.    QUALIFICATIONS

I am a Senior Vice President of NERA Economic Consulting ("NERA"). NERA was established in 1961 and now employs over 600 people in 20 offices worldwide. Our Mass Torts and Product Liability Valuation practice dates back to the 1970s and includes a research staff of about 50 professionals with economics, finance and mathematics degrees.

I earned my B.A. degree *magna cum laude* in Economics and French from Wellesley College and my Master's and Ph.D. degrees, both in Economics, from Harvard University. I have taken undergraduate and graduate courses in statistics and economic forecasting. At Harvard, I taught classes in economics at both the graduate and undergraduate level. At NERA, within the area of mass torts and product liability valuation, I have analyzed claims data for over 70 defendants, including both personal injury and property damage claims. As a result of these analyses, I am familiar with the drivers of claiming activity and with the inputs, methodology and assumptions necessary to forecast that activity.

My curriculum vita, including recent publications and testimony, is attached as Exhibit 1.

2

## III.    MATERIALS REVIEWED

In preparing this declaration, I reviewed the following:

1.  List of historical Class 7A and Class 7B claim filings;

2.  Databases of Class 7A and Class 7B claims generated pursuant to the Grace bankruptcy proceedings;

3.  Grace's historical SEC filings, including Form 10Ks, which contained information, *e.g.*, on historical Class 7A, 7B and 8 claims;

4.  SEC Form 10K filings for fiscal years 2005-2007 for other companies that included the terms "asbestos" and "property damage" in close proximity in those filings;

5.  News articles on number of homes and buildings potentially containing ZAI and Monokote from *Factiva;*

6.  Paper by Michel Camus and Claude Montmarquette, "Zonolite in Canadian Homes: Where Do We Stand?" June 30, 2006, on number of buildings in Canada containing ZAI;

7.  Pleadings and Decisions submitted in these Chapter 11 cases:

    a.  "Memorandum Opinion," *In Re: W. R. Grace & Co., et al.*, Bankruptcy No. 01-01139 (JKF), dated December 14, 2006;

    b.  "Corrected Zonolite Attic Insulation Claimants' Memorandum in Support of Motion for Partial Summary Judgment," *In Re: W. R. Grace & Co., et al.*, Bankruptcy No. 01-01139 (JKF), dated July 7, 2003;

8.  Bankruptcy information obtained from Grace's website, www.graceclaims.com;

9.  Annual Value of New Private and Public Construction Put in Place obtained from "*Historical Statistics of the United States, Colonial Times to 1970*", Bureau of the Census, 1975, for years 1940 through 1969 and Annual Value of Construction Put in Place in the United States obtained from the Bureau of the Census, 1970 through 1973;

10. Consumer Price Index obtained from the Bureau of Labor Statistics;

11. US Nonresidential Building Frame Data obtained from The McGraw-Hill Companies, Inc.; and

12. Information on Grace's asbestos-containing products from Exhibit 2 of the March 31, 2003 Bar Date Notice, obtained from counsel.

## IV.    GRACE IS LIKELY TO BE SUBJECT TO SUBSTANTIAL FUTURE PROPERTY DAMAGE DEMANDS

To date, Grace has received over 20,000 claims alleging asbestos-related property damage from ZAI and other products.  Given this historical activity, as well as estimates of the number of buildings involved and the property damage claims experience of other defendants, I conclude that Grace is likely to be subject to substantial future property damage demands for payment arising out of the same or similar conduct or events that gave rise to the ZAI and other property damage claims.

### A. ZAI (Classes 7B and 8)

Grace manufactured and sold ZAI from the 1920s/1930s through 1984.[1]  ZAI is a vermiculite-containing attic insulation, which may contain trace amounts of naturally occurring asbestos.

The United States Environmental Protection Agency ("EPA") has estimated that between 15 million and 52 million homes across the United States may contain ZAI.[2]  In Bankruptcy Court filings, Class 7B claimants estimated a range of homes containing ZAI at 3 million to 30 million and estimated specifically that over the approximate 15-year period, 1969 through 1984, ZAI may have been purchased and installed in as many as 4.5 million homes in the United States.[3,4]  In addition, a report commissioned by the Canadian government estimates that 358,000 Canadian homes contain vermiculite attic insulation, of which 242,000 contain ZAI.[5]

---

[1]    See www.graceclaims.com.  The same insulation product was also sold under (but may not be limited to) the brand names:  Attic Fill, House Fill, Home Insulation, Zonolite Insulating fill, Econofil, Quieselle Insulating Fill, Sears Micro Fill, Ward's Mineral Fill, Wickes Attic Insulation, Cashaway Attic Insulation, Attic Plus, Unifil and Micro Pellets Attic Insulation.

[2]    See "Montana Superfund Site Cleanup – Stephen J. Nesbitt," *Congressional Testimony by CQ Transcriptions,* September 25, 2008.  Stephen Nesbitt was the Assistant Inspector General for Investigations, Office of Inspector General United States Environmental Protection Agency.

[3]    See "Memorandum Opinion," *In Re:  W. R. Grace & Co., et al.,* Bankruptcy No. 01-01139 (JKF) December 14, 2006, pp. 3-4.

[4]    See "Corrected Zonolite Attic Insulation Claimants' Memorandum in Support of Motion for Partial Summary Judgment," *In Re:  W. R. Grace & Co., et al.,* Bankruptcy No. 01-01139 (JKF), July 7, 2003, p.12.

[5]    See Camus, Michel and Claude Montmarquette, "Zonolite in Canadian Homes:  Where Do We Stand?" June 30, 2006.

According to Grace's 2007 10K, plaintiffs in the Canadian property damage cases have claimed that ZAI was installed in millions of homes.[6]

According to Grace's 2004 10K, as of December 31, 2004, Grace had received eleven lawsuits in the United States related to its former attic insulation product, all of which were filed as class actions.[7]  The first lawsuit was a class action filed in February 2000 on behalf of all owners of homes containing ZAI in the United States.[8]  The other lawsuits were filed in various federal and state courts and all asserted similar claims.  During the bankruptcy, Grace received 17,956 Proof of Claim forms relating to Class 7B claims in the United States.[9,10]

According to Grace's 2007 10K, the Company also had received ten asbestos-related property damage lawsuits related to ZAI that were filed as class actions in Canada.[11]  The bar date for the Class 8 claims in Canada is August 31, 2009.[12]

In the United States, these historical claims and claims filed during the bankruptcy were not concentrated in the hands of a few attorneys or in a few jurisdictions.  Instead, they involved a variety of law firms, as well as many individual building owners and were filed in all 50 states. (See Exhibits 2 and 3 for a summary of Proof of Claim forms filed during the bankruptcy by law firm and state, respectively.)

To date, then, Grace has been named in approximately 18,000 Class 7B claims compared with EPA estimates that as many as 52 million houses may contain or have contained ZAI.  In addition, Grace has received ten asbestos-related property damage lawsuits that were filed as class actions in Canada compared to the Canadian government's estimate that 242,000 Canadian

---

[6]  See Grace 2007 10K dated February 29, 2008, p. F-22.

[7]  According to Grace's 2004 10K filing, as of December 31, 2004, the company had nine lawsuits relating to its former ZAI product and eight relating to a number of former asbestos-containing products, two of which also allegedly involved the ZAI product.  See Grace 2004 SEC Form 10K, p. 14.

[8]  *Ibid.*

[9]  Based on a database of ZAI claims filed during the bankruptcy received from Rust Consulting.

[10]  In the Company's 2008 10K filing, Grace reported that approximately 16,200 United States ZAI property damage claims were filed prior to the October 31, 2008 bar date and, as of December 31, 2008, an additional 1,755 United States ZAI property damage claims were filed for a total of approximately 17,955 claims.

[11]  See Grace 2007 10K dated February 29, 2008, p. F-22.

[12]  See www.graceclaims.com.

homes contained ZAI. Thus, the Company has received claims for just a fraction of potential future demands.

### B. Monokote and Other Non-ZAI Products (Class 7A)

In the late 1950s, Grace introduced a spray-on fireproofing product, Monokote, which was used in steel frame buildings and contained asbestos.[13]  The last sale of the asbestos-containing version of this product occurred in 1973 in the United States.[14]  According to one source, the total number of new steel-frame construction projects in the United States during the 1970 to 1973 period was just over 45,000, or an average of approximately 11,300 building projects per year.[15]  Assuming these construction projects in the late 1950s and the 1960s tracked new construction in the United States more generally, more than 140,000 steel-frame building projects are estimated to have occurred over the period from 1959 through 1973.[16]

In addition, beginning in the 1940s until approximately 1973, Grace sold asbestos-containing acoustical plaster and textured coatings that were applied in schools, churches, auditoriums, theaters and in small quantities in high rise buildings (*e.g.*, in main lobbies and elevator bays).  According to one source, the total number of construction projects involving these types of buildings in the United States during the 1967 to 1973 period was just over 90,000, or an average of approximately 12,900 buildings per year.[17]  Assuming the construction projects for these buildings in the 1940 to the late 1960s tracked new construction in the United States more generally, more than 324,000 construction projects involving the types of buildings in which acoustical plaster would have been used are estimated to have occurred over the period from 1940 through 1973.[18]

---

[13]  See information on Grace's asbestos-containing products from Exhibit 2 of the March 31, 2003 Bar Date Notice.

[14]  *Ibid.*

[15]  Based on data from The McGraw-Hill Companies that includes newly constructed buildings and additions.

[16]  Estimates of steel-frame construction projects were determined beginning with the 1970 figure provided by The McGraw-Hill Companies and backcasting prior years assuming the annual growth of steel-frame building projects occurred at the same rate as the annual rate of change in the value of construction put in place over the period 1959 through 1970.

[17]  Based on data obtained from The McGraw-Hill Companies that includes newly constructed buildings, additions and alterations.

[18]  Estimates of construction projects involving acoustical plaster (including schools, churches, auditoriums, theaters and high rise buildings) were determined beginning with the 1967 figure provided by The McGraw-Hill

The Bankruptcy Court established a March 31, 2003 bar date for the filing of asbestos-related property damage claims for Class 7A. Prior to the bankruptcy filing date, Grace had received at least 370 asbestos property damage cases, which involved thousands of buildings.[19] Grace received another 4,003 asbestos property damage claims filed during the bankruptcy.[20]

Here again, these historical claims and claims filed during the bankruptcy were brought by many attorneys and building owners, in many jurisdictions. Exhibits 4 and 5 report claims filed during the bankruptcy by law firm and in all 50 states.

To date, then, Grace has received far fewer Class 7A claims than the estimated 140,000 steel-frame building projects that occurred from 1959 through 1973 (the period during which Monokote was manufactured and sold) and the estimated 324,000 school, church, auditorium, theater and other high rise building projects in which acoustical plaster and textured coatings would have been used from 1940 through 1973 (the period during which Grace's spray-on acoustical insulation and textured coatings were manufactured and sold). Here again, then, the Company has received claims for just a fraction of the potential future demands.

## C. Asbestos-Related Property Damage Claims Against Other Defendants

To assess whether asbestos-related property damage claims continue to be a risk for companies, we searched SEC Form 10K filings for fiscal years ending in 2005 through 2007 for the terms "asbestos" and "property damage" in close proximity to one another.[21] We then reviewed each electronic "hit" manually to determine if the discussion concerned asbestos-related property damage claims. We found that over this three-year period, 14 companies in addition to Grace warned that they have had or expect to have asbestos-related property damage

---

Companies and backcasting prior years assuming the annual growth in such buildings occurred at the same rate as the annual rate of change in the value of construction put in place over the period 1940 through 1967.

[19] See Grace 2000 10K (p. 11) for the number of historical cases filed; see also, Grace 2007 10K (p. F22), in which the Company reported two additional property damage cases as of the bankruptcy filing date, with a total of "380 asbestos-related property damage cases (which involved thousands of buildings)," including 8 related to ZAI.

[20] Data obtained from counsel; each claim represents a separate building. Grace reports a slightly higher number in its 2007 10K (p. F22): "Approximately 4,035 additional property damage claims were filed prior to the March 31, 2003 claims bar date established by the Bankruptcy Court."

[21] More specifically, the electronic search required that the word "asbestos" occur within 50 words of the phrase "property damage."

claims in the future.[22] Another 38 warned of the risk that they may have asbestos-related property damage liabilities in the future.

Thus, over 50 companies raise the prospect of asbestos-related property damage demands in their recent SEC filings. (See Exhibit 6.)

## V.    THE AMOUNTS, NUMBERS AND TIMING OF FUTURE PROPERTY DAMAGE DEMANDS AGAINST GRACE ARE INDETERMINATE

As with any forecast of claiming activity, the amounts, numbers and timing of future property damage demands against Grace are indeterminate. A statistical estimate of such future demands would rely on historical data and forecasting assumptions, both of which introduce risk and uncertainty into the forecast. More specifically, the factors rendering any estimate of the amounts, numbers and timing of Grace's future demands indeterminate include:

1.  The number of buildings potentially containing a Grace asbestos-containing product is not known. Estimates of the number of affected buildings range from a low of one million to a high of over 50 million. However, the true number depends on a number of factors, including:

    a.  The amount of Grace asbestos-containing buildings products sold;

    b.  The amount of the asbestos-containing products actually installed in buildings, rather than remaining in inventory or used for other purposes;

    c.  The amount of the asbestos-containing products used per building, which depends on the type of building (*e.g.*, individual home vs. multi-family home vs. commercial), as well as other factors; and

    d.  The number of buildings from which the asbestos-containing products have since been removed.

2.  The frequency with which the potentially affected buildings might generate a future demand, as well as the timing and amount of that demand, is also not known. The amounts, numbers, and timing of future demands depend on a number of factors, including:

    a.  Whether the building owner is aware of or would be expected to become aware of the asbestos-containing product and, if so, when, which may, in turn, be affected by factors such as (i) the date of installation/whether the current owner installed the insulation; (ii) whether the building has been renovated or a renovation is planned

---

[22]    The exhibit also lists Sealed Air Corporation, which is a co-defendant in the Bankruptcy.

and, if so, when; (iii) whether the building has been sold or a sale is planned and, if so, when; (iv) whether the Grace insulation is installed under other insulation; and (v) the state where the building was constructed and the activity of the attorneys in that state;

b.  Whether the building owner has already been made aware of the ability to assert a demand or would be expected to become aware in the future and, if so, when;

c.  Whether the building owner is concerned about the asbestos-containing product or would be expected to be concerned were it known;

d.  Whether the building owner or the owner's attorney determines that a cost/benefit analysis weighs in favor of asserting a demand, which is affected by the amount the building owner expects to recover and the expectation of costs that will be incurred in proving up the case, and the timing of such a determination;

e.  How the cost/benefit analysis mentioned above is affected by whether the building owner is barred from bringing a claim by the Bankruptcy Bar Date or by the applicable statute of limitations and/or statute of repose; and

f.  The jurisdiction in which the demand would be asserted and the attorney who would represent the building owner.

Because of these uncertainties, the amounts, numbers and timing of future demands against the Company are indeterminate.

_____
Denise Neumann Martin

_____
3/13/05
Date

9

# Exhibit 1

# DENISE NEUMANN MARTIN
## SENIOR VICE PRESIDENT

## Education

**Harvard University**
Ph.D., Economics, 1991
M.A., Economics, 1988

**Wellesley College**
B.A., *magna cum laude*, Economics and French, 1985
Honors: Phi Beta Kappa

## Professional Experience

2001-
**NERA Economic Consulting**
Senior Vice President
Responsible for economic analysis and testimony in the areas of mass torts and product liability valuation, securities-related litigation and labor economics.

2002-     Board of Directors

1998-2000     Vice President

1994-1997     Senior Consultant

1991-1993     Senior Analyst

1986-1990
**Harvard University**
Teaching Fellow, Department of Economics
Taught courses in Microeconomics and Industrial Organization at the graduate and undergraduate levels. Assisted senior honors candidates with theses. Awarded Danforth Prize in Teaching.

1986-1990     Research Associate, Department of Economics
Projects included an investigation of the timing of international horizontal mergers, an evaluation of the effect of generic entry into the pharmaceutical market, and a comparison of technical efficiency across countries.

Denise Neumann Martin

**Urban Systems Research and Engineering/Economica, Inc.**
1987-1988    Economic Consultant
Consulted on all aspects of government agency projects, including proposals and the design of survey instruments. Provided economic forecasts and technical support.

**Federal Reserve Bank of New York**
1985-1986    Assistant Economist, International Financial Markets
Analyzed Eurobond markets, interest rate swap markets, and US commercial banks' balance sheets.

## Testimony (4 years)

Declaration and Deposition Testimony in the United States District Court, District of Oregon, *In Robbin Moore et al. v. Wa- Mart Stores, Inc.,* 2008/2009.

Affidavit, Second Affidavit and Expert Report In the Commonwealth of Massachusetts, Middlesex, ss. Superior Court Department, in *Atlanta International Insurance Co., et al., v. A.W. Chesterton Company,* 2008.

Affidavit, In the United States District Court for the Southern District of Texas, Galveston Division- *In Re Stacie Adcox, et al., v. Wal-Mart Stores, Inc.,* 2008.

Expert Report and Deposition Testimony, In the Chancery Court for Sullivan County at Bristol, Tennessee in the matter of *In Re: King Pharmaceuticals, Inc., Derivative Litigation,* 2008.

Affidavit and Expert Report, In the United States District Court Northern District of California, Oakland Division- *In Re Wal-Mart Stores, Inc. Wage and Hour Litigation,* 2008.

Affidavit, In the Superior Court of the State of California County of Marin, in the matter of *Overstock.com, Inc. et al., v. Gradient Analytics, Inc., et al.,* 2008.

Affidavit, In the Circuit Court for Washington County in the State of Florida, in the matter of *In Re Debra Oulette et al. v. Wal-Mart Stores, Inc.,* 2007.

Declaration, Supplemental Declaration and Deposition Testimony before the United States District Court, Northern District of California, *In Re Wal-Mart Stores, Inc. Wage and Hour Litigation,* 2007.

Declaration "*Civil Action No. G-04-633*" on appropriate sample size required to address case certification issues, 2007.

Affidavit and Rebuttal Affidavit, In the United States District Court Southern District of Florida, in *Jerry Lowry v. Andrx Corporation,* 2007.

Denise Neumann Martin

Affidavit and Deposition Testimony, In the Ontario Superior Court of Justice in *Marvin Neil Silver and Cliff Cohen v. IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler and Francis T. Joyce*, 2007/2008.

Expert Report, In the District Court of Jefferson County – Texas in *E.I. Du Pont de Nemours and Company v. Travelers Casualty and Surety Company f/k/a Aetna Casualty and Surety Company, et al.*, 2006.

Testimony and Deposition Testimony, In the United States Bankruptcy Court for the Western District of Pennsylvania in the matter of *In Re Global Industrial Technologies, Inc., et al.*, 2006.

Expert Report and Deposition Testimony before the United States District Court Southern District of New York for the defendant in the matter of *In Re NTL Securities Litigation*; *Gordon Partners, et al v. George S. Blumenthal, et al.*, 2006.

Report, Second Report and Testimony before the Superior Court of the Commonwealth of Massachusetts, Middlesex County, in the matter of *In Re Salvas, et al. v. Wal-Mart Stores, Inc., et al.*, 2006.

Expert Report and Testimony, In the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania Civil Trial Division for the defendant in the matter of *Hummel v. Wal-Mart Stores, Inc. et al.*, 2006.

Rebuttal Report and Second Rebuttal Report before the United States District Court, Northern District of Texas, Dallas Division for the defendant in the matter of *In Re Ryan, et al. v. Flowserve Corporation, et al.*, 2006.

Testimony, In the Superior Court of the State of California in and for the County of Alameda Unlimited Jurisdiction for the defendant in the matter of *In Re: Andrea Savaglio, et al., v. Wal-Mart Stores, Inc., et al.*, Injunction Trial, 2006.

Declaration before the United States Bankruptcy Court for the District of New Jersey in the matter of *In Re G-I Holdings, Inc. et al.*, 2005.

Expert Report before the United States Bankruptcy Court for the District of New Jersey in the matter of *In Re G-I Holdings, Inc., et al. v. Ruddles A. Bennett, Jr., et al.*, 2005.

Testimony before the Senate Judiciary Committee Hearing on *Recent Developments in Assessing Future Asbestos Claims Under the FAIR Act*, on analysis that predicted the proposed national trust would quickly go bankrupt, 2005.

Rebuttal Report and Testimony, In the Superior Court of the State of California in and for the County of Alameda Unlimited Jurisdiction for defendant in the matter of *In Re Andrea Savaglio, et al., v. Wal-Mart Stores, Inc., et al., Litigation*, 2005.

Denise Neumann Martin

Declaration before the United States District Court of the District of Delaware on behalf of USG Corporation, et al. in the matter of *In Re USG Corporation, et al., v. Official Committee of Asbestos Personal Injury Claimants, et al.*, 2005.

Declaration before the United States District Court for the Southern District of Texas, Houston in the matter of *In Re Dynegy, Inc. Securities Litigation*, 2005.

Affidavit and Supplemental Affidavit before the United States District Court, District of Massachusetts in the matter of *In Re PolyMedica Securities Litigation*, 2004.

## Publications and Presentations (10 years)

"Forecasting Product Liability by Understanding the Driving Forces," (co-author) published in *The International Comparative Legal Guide to Product Liability*, 2006.

"Clearing Uninjured Plaintiffs from the Tort System: The Road to a Solution," (co-author), *Legal Backgrounder*, Washington Legal Foundation, Vol. 18, No. 31, 2003.

"Trends in Securities Litigation and the Impact of the PSLRA," (co-author), *Class Actions & Derivative Suits*, American Bar Association Litigation Section, Vol. 9, No. 3, Summer 1999.

"Recent Trends V: What Explains Filings and Settlements in Shareholder Class Actions?" (co-author), 1998.

January 2009

**Exhibit 2**
**Counts of Class 7B Property Damage Claims Filed During the Bankruptcy**
**By Submitting Law Firm**

| Submitting Law Firm | Count |
|---|---|
| (1) | (2) |
| ALAN J PRANSKY ATTORNEY AT LAW | 1 |
| ARNALL GOLDEN GREGORY LLP | 1 |
| BAKER & MCKENZIE LLP | 1 |
| BAYLARD BILLINGTON DEMPSEY AND JENSEN PC | 1 |
| BENOS AND ASSOCIATES ATTORNEYS AT LAW | 1 |
| BILLER SACHS REITO & ZITO ATTORNEYS AT LAW | 1 |
| BOERNER & GOLDSMITH LAW FIRM PC | 1 |
| BOND SCHOENECK & KING PLLC | 1 |
| BOYD & KARVER ATTORNEYS & COUNSELORS AT LAW | 1 |
| BRIAN T KNIGHT ATTORNEY AT LAW | 1 |
| BRODIGAN AND GARDINER LLP | 1 |
| BURNS WHITE & HICKTON ATTORNEYS AT LAW | 114 |
| CACINO VAUGHAN LAW OFFICES LTD | 1 |
| CAREY AND ASSOCIATES ATTORNEY AT LAW | 1 |
| CARUSO LAW OFFICES PC | 3 |
| CASCINO VAUGHAN LAW OFFICES LTD | 415 |
| CASCINO VAUGHN LAW OFFICES LTD | 7 |
| CASON EDGETT MAHAN & LUTJEN LLC | 2 |
| CHARLES P SUMMERALL IV ATTORNEY AT LAW | 1 |
| COOGAN SMITH MCGAHAN LORINTZ JACOBI & SHANLEY LLP | 1 |
| DAGGER JOHNSTON MILLER OGILVIE & HAMPSON LLP ATTORNEYS AT LAW | 1 |
| DAKIN & BENELLI PC ATTORNEYS & COUNSELLORS AT LAW | 1 |
| DANIEL H HAIRE ATTORNEY AT LAW | 1 |
| DAVID H DAVIES ATTORNEY AT LAW | 1 |
| DAY MEEKER LAMPING SCHLEGEL & SALAZAR | 1 |
| DINSMORE & SHOHL LLP | 1 |
| DONALD G KARPOWICH ATTORNEY AT LAW PC | 2 |
| E KENDALL STOCK ATTORNEY AT LAW | 1 |
| ELDON J WINKEL ATTORNEY AT LAW | 1 |
| ELSAESSER JARZABEK ANDERSON MORKS ELLIOTT AND MCH | 1 |
| EMBRY AND NEUSNER | 34 |
| FEDERIC C REED ATTORNEY PC | 1 |
| FREDERC C REED ATTORNEY PC | 1 |
| FREDERIC C REED ATTORNEY PC | 1 |
| GLENN F KEEGAN ATTORNEY AT LAW | 1 |
| GLICKMAN AND GLICKMAN | 1 |
| GRAYDON W DIMKOFF | 1 |
| GREGORY D OSHEA ATTORNEY AT LAW | 1 |
| GRIFFIN LAW OFFICES | 1 |
| GTDA LLP | 1 |
| HALL AND HOLLAND ATTORNEYS AT LAW | 1 |
| HANES SCHIPFER COOPER GRABER GUILLOZET & DETLING LTD | 1 |
| HARLIN PARKER ATTORNEYS AT LAW | 1 |
| HARTLEY AND OBRIEN PLLC | 12 |
| HOENE & WORRELL PA | 1 |
| HOLMAN CAHILL GARRETT IVES OLIVER & ANDERSON PLLC | 1 |
| JOHN C LANE ATTORNEY AT LAW | 1 |
| JOHN W PLETA PC ATTORNEY AT LAW | 1 |

**Exhibit 2**
**Counts of Class 7B Property Damage Claims Filed During the Bankruptcy**
**By Submitting Law Firm**

| Submitting Law Firm | Count |
|---|---|
| (1) | (2) |
| JOHNSON AND TAYLOR ATTORNEYS AT LAW | 1 |
| JON L WILLIAMS ATTORNEY AT LAW | 2 |
| KONCILJA & KONCILJA | 1 |
| LAITSCH AND BRANTMEIER LLC | 1 |
| LAW OFFICE OF NEAL C SWENSEN | 1 |
| LAW OFFICE OF ROBERT C WITHINGTON | 2 |
| LAW OFFICE OF STEVEN PITTS PA | 1 |
| LAW OFFICES MCCULLOUGH AND MCCULLOUGH PLLC | 1 |
| LAW OFFICES OF JEFFRY STANTON BECKER PLLC | 1 |
| LAW OFFICES OF JOSEPH E BOWMAN | 3 |
| LAW OFFICES OF PETERSON PETERSON & SHORS PC | 1 |
| LAW OFFICES OF RICHARD E PREBICH | 1 |
| LAW OFFICES OF ROBERT L FILA, ESQUIRE | 1 |
| LAW OFFICES OF SIDNER SVOBODA SCHILKE THOMSEN HOLTORF BOGGY AND NICK | 1 |
| LEGAL INVESTIGATION BUREAU | 1 |
| LEO T MCGONIGAL ATTORNEY AT LAW | 1 |
| LIEFF CABRASER HEIMANN & BERNSTEIN LLP | 1 |
| LISA M NAGLINS ATTORNEY AT LAW | 1 |
| LOCHER AND LOCHER ATTORNEYS AT LAW | 1 |
| LOWELL H BECRAFT JR ATTORNEY AT LAW | 1 |
| MACGREGOR & MACGREGOR LLP | 1 |
| MACGREGOR AND MACGREGOR LLP | 1 |
| MARCUS K MCGARR PA ATTORNEY AT LAW | 1 |
| MARK F UPHUS ATTORNEY AT LAW | 1 |
| MASSUCCO LAW OFFICES PC | 1 |
| MAY SIMPSON & STROTE | 1 |
| MCQUAIDE BLASKO ATTORNEYS AT LAW | 1 |
| MICHAEL BEST & FRIEDRICH | 1 |
| MOROCCO MOROCCO & SPECHT PC ATTORNEYS AT LAW | 1 |
| NISSENBAUM LAW OFFICES | 1 |
| OLIVERIO & MARCACCIO LLP | 1 |
| OWLETT & LEWIS PC | 1 |
| PATTEN WORNOM HATTEN & DIAMONSTEIN LC | 1 |
| PETER K MOTTI ATTORNEY AT LAW | 1 |
| PFEITER LAW FIRM PA | 1 |
| PLUMMER & JACKSON ATTORNEYS AT LAW | 1 |
| PRE-PAID LEGAL SERVICES INC AND SUBSIDIARIES | 1 |
| RANDALL & DANSKIN PS ATTORNEYS AND COUNSELORS | 1 |
| RAYSA & ZIMMERMANN LLC | 1 |
| RESERVITZ LAW OFFICES | 1 |
| RICHARD B HENRY ATTORNEY AT LAW | 1 |
| RICHARD MORRIS ATTORNEY AT LAW | 1 |
| RICHARDSON PATRICK WESTBROOK & BRICKMAN LLC | 2 |
| RICHARDSON PATRICK/THE SCOTT LAW GROUP | 1,519 |
| ROBERT E DICKEY JR ATTORNEY AT LAW | 1 |
| ROBERT W GREEN ATTORNEY AT LAW | 2 |
| SHANNON LAW FIRM PLLC | 67 |
| SHAULL & SHAULL | 1 |

**Exhibit 2**
**Counts of Class 7B Property Damage Claims Filed During the Bankruptcy**
**By Submitting Law Firm**

| Submitting Law Firm | Count |
|---|---|
| (1) | (2) |
| SHERMAN AMES III ATTORNEY AT LAW | 1 |
| SIEBEN POLK LAW FIRM | 1 |
| SMITH-WEISS SHEPARD & DURMER ATTORNEYS | 1 |
| SOLAN & SOLAN PS | 2 |
| SPEIGHTS & RUNYAN | 1 |
| STEINBERG LAW FIRM PS | 1 |
| STEPHEN J BESERES ATTORNEY AT LAW | 1 |
| SUPERIOR LAW | 1 |
| THE CALWELL PRACTICE PLLC | 107 |
| THE DISABILITY AND ELDER LAW FIRM | 1 |
| THE LEVENSTEN LAW FIRM | 11 |
| THE MANN FIRM | 1 |
| THE SCOTT LAW GROUP | 4 |
| THE SCOTT LAW GROUP PS | 18 |
| THOMAS M GEIGER ATTORNEY AT LAW | 2 |
| UAW LEGAL SERVICES PLANS | 2 |
| UAW-CHRYSLER LLC LEGAL SERVICES PLAN | 1 |
| UAW-GM LEGAL SERVICES PLAN | 1 |
| US TRUST BANK OF AMERICA | 1 |
| VICTOR F VALGENTI ATTORNEY AT LAW | 1 |
| WATSON FARLEY & WILLIAMS NEW YORK LLP | 1 |
| WAYNE LEWIS LESSER ESQ | 1 |
| WHITNEY LAW OFFICE | 1 |
| WHITNEY LAW OFFICE MARK C WHITNEY ATTORNEY AT LAW | 1 |
| WILLIAM G DANSIE ATTORNEY AT LAW | 1 |
| WITHERSPOON KELLEY DAVENPORT AND TOOLE | 1 |
| No Submitting Law Firm [1] | 15,524 |
| **Total** | **17,956** |

**Notes and Sources:**

Data received from RUST Consulting, Inc. on November 13, 2008 and includes information on 17,956 proof of claim forms.

[1] Eight proof of claim forms do not include information in the field "Submitting_Firm" but include the name of a law firm in the field "Firm_Name". For seven of these proof of claim forms Scott Law Group is listed in the field "Firm_Name" and for one of these forms Richardson Patrick Westbrook & Brickman is listed.

**Exhibit 3**
**Counts of Class 7B Property Damage Claims**
**Filed During the Bankruptcy**
**By Building State** [1]

| State | Count |
|:-----:|:-----:|
| (1) | (2) |
| AK | 39 |
| AL | 107 |
| AR | 47 |
| AZ | 151 |
| CA | 530 |
| CO | 217 |
| CT | 395 |
| DC | 10 |
| DE | 17 |
| FL | 167 |
| GA | 128 |
| HI | 1 |
| IA | 402 |
| ID | 346 |
| IL | 941 |
| IN | 409 |
| KS | 114 |
| KY | 74 |
| LA | 64 |
| MA | 942 |
| MD | 166 |
| ME | 186 |
| MI | 1,170 |
| MN | 935 |
| MO | 417 |
| MS | 133 |
| MT | 1,127 |
| NC | 105 |
| ND | 132 |
| NE | 150 |
| NH | 167 |
| NJ | 281 |
| NM | 20 |
| NV | 19 |
| NY | 953 |
| OH | 758 |
| OK | 68 |
| OR | 279 |
| PA | 1,203 |

**Exhibit 3**

**Counts of Class 7B Property Damage Claims**

**Filed During the Bankruptcy**

**By Building State** [1]

| State | Count |
|-------|-------|
| (1)   | (2)   |
| RI    | 91    |
| SC    | 923   |
| SD    | 98    |
| TN    | 64    |
| TX    | 147   |
| UT    | 112   |
| VA    | 122   |
| VT    | 153   |
| WA    | 1,505 |
| WI    | 1,132 |
| WV    | 176   |
| WY    | 52    |
| Others [2] | 1 |
| Missing | 10  |
| **Total** | **17,956** |

**Notes and Sources:**

Data received from RUST Consulting, Inc. on November 13, 2008 and includes information on 17,956 proof of claim forms.

[1] If the building state is not provided on a proof of claim form, it is assumed to be the same as the claimant state. There are 1,385 proof of claim forms without the building state, and 10 without both the building state and the claimant state.

[2] Includes a claim from Virgin Islands.

**Exhibit 4**
**Counts of Class 7A Property Damage Claims Filed During the Bankruptcy**
**By Law Firm and Counsel State**

| Firm Name | Counsel State | Count |
|---|---|---|
| (1) | (2) | (3) |
| Amtrak Law Department | DC | 2 |
| Anderson & Kreiger Llp | MA | 2 |
| Baggett McCall Burgess Watson & Gaughan | LA | 29 |
| Beard & Sutherland | LA | 17 |
| Beckett & Webber PC | IL | 1 |
| Biersdorf & Associates PA | MN | 54 |
| Blank Rome LLP | PA | 2 |
| Bowman George Scheb Toale Robinson | FL | 1 |
| Clark Wilson Barristers & Solicitors | BC | 4 |
| Clinton L Blain Attorney At Law | CA | 1 |
| County Of Sonoma Office Of County Counsel | CA | 1 |
| Daniel A Schwartzman | NY | 1 |
| Dean & Fulkerson PC | MI | 4 |
| Dies & Hile LLP | TX | 162 |
| Division Of Facilities Mgmt | KS | 1 |
| Environmental Attorneys Group Llc | AL | 1 |
| Evans & Mullinix PA | KS | 5 |
| Federated Legal Department | CA | 2 |
| Frank R Saia, JD | MA | 1 |
| Grant & Barrow | LA | 29 |
| Gray Plant Mooty | MN | 9 |
| Hahn & Hessen, LLP | NY | 16 |
| Hammonds & Sills Quad | LA | 24 |
| Humphrey Farrington & Mcclain | MO | 1 |
| John L Holmes Attorney At Law | CA | 1 |
| John S Dull | IN | 3 |
| Law Department City Of Philadelphia One Parkway | PA | 2 |
| Levenfeld Pearlstein | IL | 1 |
| Lewis & Slovak PC | MT | 52 |
| Lukins & Annis PS | WA | 2 |
| McCarter and English, LLP | DE | 56 |
| Mcgarvey Heberling Sullivan | MT | 2 |
| Mcgarvey Heberling Sullivan & Allen McGarvey | MT | 1 |
| McGarvey Heberling Sullivan & McGarvey PC | MT | 4 |
| McNeal & Douglas LLC | AL | 1 |
| Minnesota Attorney General Office | MN | 1 |
| Mintz Levin Cohn Ferris Glovsky And Popeo PC | MA | 1 |
| Morgan Lewis & Bockius | PA | 1 |
| Motley Rice LLC | SC | 23 |
| Nathan E Jones | CA | 1 |
| Nutter Mcclennen & Fish LLP | MA | 2 |
| Obermayer Rebmann Maxwell & Hippel, LLP | DE; PA | 1 |
| Office Of County Counsel | CA | 1 |
| Office Of The Attorney General & Reporter Bankruptcy Division | TN | 1 |

**Exhibit 4**
**Counts of Class 7A Property Damage Claims Filed During the Bankruptcy**
**By Law Firm and Counsel State**

| Firm Name | Counsel State | Count |
|---|---|---|
| (1) | (2) | (3) |
| Phelps Kasten Ruyle Burns & Sims PC | IL | 1 |
| Phillip K Fife | CA | 1 |
| Pillsbury Winthrop LLP | CA | 1 |
| Piper Rudnick LLP | DC | 39 |
| Richard H Chasen | CA | 12 |
| Richardson Patrick Westbrook & Brickman LLC | SC | 2 |
| Rider Bennett Egan & Arundel | MN | 1 |
| Riker Danzig Scherer Hyland & PC | NJ | 9 |
| Robins, Kaplan, Miller, Ciresi, LLP | CA | 2 |
| Rotatori Bender Gragel Stoper & Alexander Co LPA | OH | 1 |
| Rotatori, Bender, Gragel, Stoper and Alexander Co., L.P.A. | OH | 1 |
| Rubin And Rudman LLP | MA | 1 |
| Saint Louis County Counselor Office | MO | 2 |
| Shatz Schwartz And Fentin PC | MA | 1 |
| Speights & Runyan | SC | 2,975 |
| Speights & Runyun; Avrum J Rosen | NY | 1 |
| Spiller McProud | CA | 1 |
| State Of Delaware Dept Of Justice Attorney General | DE | 6 |
| The Burlington Northern And Santa Fe Railway | TX | 118 |
| The Scott Law Group | WA | 2 |
| Thompson & Knight LLP | TX | 1 |
| Tranter & Meier | KY | 1 |
| Tucker Arensberg PC | PA | 1 |
| Viacom Inc | PA | 2 |
| William W Odom Jr | MS | 1 |
| No Counsel Specified | | 293 |
| **Total** | | **4,003** |

**Notes and Sources:**
Data obtained from the excel spreadsheet labeled "Grace PD full database sent 02 27 2009.csv", received
from counsel on February 27, 2009.

**Exhibit 5**
**Counts of Class 7A Property Damage Claims**
**Filed During the Bankruptcy**
**By Location of Property**

| State/Location | Count |
| --- | --- |
| (1) | (2) |

*United States:*

| | |
| --- | --- |
| AK | 3 |
| AL | 12 |
| AR | 69 |
| AZ | 49 |
| CA | 1,523 |
| CO | 20 |
| CT | 35 |
| DC | 12 |
| DE | 7 |
| FL | 31 |
| GA | 14 |
| HI | 3 |
| IA | 14 |
| ID | 2 |
| IL | 64 |
| IN | 20 |
| KS | 24 |
| KY | 3 |
| LA | 149 |
| MA | 44 |
| MD | 26 |
| ME | 6 |
| MI | 34 |
| MN | 114 |
| MO | 39 |
| MS | 12 |
| MT | 100 |
| NC | 32 |
| ND | 24 |
| NE | 25 |
| NH | 5 |
| NJ | 49 |
| NM | 3 |
| NV | 14 |
| NY | 222 |
| OH | 64 |
| OK | 33 |
| OR | 50 |
| PA | 92 |
| PR | 3 |
| RI | 7 |

**Exhibit 5**
**Counts of Class 7A Property Damage Claims**
**Filed During the Bankruptcy**
**By Location of Property**

| State/Location (1) | Count (2) |
|---|---|
| SC | 66 |
| SD | 13 |
| TN | 25 |
| TX | 41 |
| UT | 1 |
| VA | 103 |
| VT | 6 |
| WA | 65 |
| WI | 21 |
| WV | 16 |
| WY | 3 |
| **U.S. Subtotal** | **3,412** |
| *Canada:* | |
| AB | 164 |
| BC | 104 |
| MB | 3 |
| NL | 5 |
| NS | 3 |
| ON | 87 |
| QC | 65 |
| SK | 8 |
| **Canada Subtotal** | **439** |
| *Other:* | |
| London | 1 |
| N/A [1] | 151 |
| **Other Subtotal** | **152** |
| **Total** | **4,003** |

**Notes and Sources:**
Data obtained from the excel spreadsheet
labeled "Grace PD full database sent 02 27
2009.csv", received from counsel on
February 27, 2009.
[1] Includes all claims with "N/A" listed as
the "State of Property". The country
where these buildings are located is unknown.

**Exhibit 6**

**Summary of SEC 10K Disclosures of Asbestos-Related Property Damage Liability**

---

**Company**

---

*I. Companies that Report they Have Had or Will Have Asbestos-Related Property Damage Liability in the Future*

AMERICAN BILTRITE INC
ARMSTRONG WORLD INDUSTRIES INC
BUILDING MATERIALS CORP OF AMERICA
CONGOLEUM CORP
FEDERAL MOGUL CORP
HEXION SPECIALTY CHEMICALS, INC.
KAISER VENTURES LLC
OWENS CORNING
OWENS ILLINOIS
PPG INDUSTRIES INC
QUAKER CHEMICAL CORP
SEALED AIR CORP/DE
SMITH A O CORP
SOLUTIA INC
USG CORP
W R GRACE & CO

*II. Companies that Report there May be Asbestos-Related Property Damage Liability*

AMREIT
BEHRINGER HARVARD MID TERM VALUE ENHANCEMENT FUND I LP
BEHRINGER HARVARD OPPORTUNITY REIT I, INC
BEHRINGER HARVARD REIT I INC
BEHRINGER HARVARD SHORT TERM OPPORTUNITY FUND I LP
CBL & ASSOCIATES PROPERTIES INC
CENTURY REALTY TRUST
CNL HOTELS & RESORTS, INC
CNL RETIREMENT PROPERTIES INC
COLUMBIA EQUITY TRUST, INC
CORNERSTONE GROWTH & INCOME REIT, INC
CORNERSTONE REALTY FUND INC
CRESCENT REAL ESTATE EQUITIES CO
CRESCENT REAL ESTATE EQUITIES LTD PARTNERSHIP
EDUCATION REALTY TRUST, INC
EQUITY ONE, INC.
FEDERAL REALTY INVESTMENT TRUST
FELCOR LODGING LP
FELCOR LODGING TRUST INC
FLORIDA ROCK INDUSTRIES INC
GRUBB & ELLIS APARTMENT REIT, INC
GRUBB & ELLIS CO
GRUBB & ELLIS HEALTHCARE REIT, INC
GTJ REIT, Inc.
INLAND AMERICAN REAL ESTATE TRUST, INC

**Exhibit 6**

**Summary of SEC 10K Disclosures of Asbestos-Related Property Damage Liability**

| Company |
| --- |
| KBS REAL ESTATE INVESTMENT TRUST, INC |
| LANDWIN REIT INC |
| MACK CALI REALTY CORP |
| MACK CALI REALTY L P |
| NEWMARKET CORP |
| ORANGE REIT, INC |
| PALADIN REALTY INCOME PROPERTIES INC |
| PIEDMONT OFFICE REALTY TRUST, INC |
| REIT AMERICAS, INC. |
| SHOPOFF PROPERTIES TRUST, INC |
| WELLS REAL ESTATE INVESTMENT TRUST II INC |
| WHITESTONE REIT |
| WINSTON HOTELS INC |

**Notes and Sources:**

Data obtained from 10K Wizard using the search terms "asbestos" and "property damage". The search required that "asbestos" occur within 50 words of "property damage".

A company's disclosure type was determined by reviewing the content of the relevant SEC 10K filing. Excludes filings for all companies whose primary business is insurance.