IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**AFFIDAVIT OF DISINTERESTEDNESS OF BARBARA M. MELBY IN SUPPORT OF MORGAN, LEWIS & BOCKIUS LLP'S RETENTION AS AN <u>ORDINARY COURSE PROFESSIONAL</u>**

| | |
|---|---|
| STATE OF PENNSYLVANIA | ) |
| | )  ss: |
| COUNTY OF PHILADELPHIA | ) |

Barbara M. Melby, being duly sworn, upon her oath, deposes and says:

1.      I am a partner with Morgan, Lewis & Bockius LLP ("<u>Morgan Lewis</u>" or the "<u>Firm</u>"), having an office located at 1701 Market Street, Philadelphia, PA 19103-2921.

2.      The above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") have requested that Morgan Lewis represent and advise them in connection with a business/information technology outsourcing transaction with IBM. Morgan Lewis has consented to provide such services. The Debtors and Morgan Lewis believe that, for purposes of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

this engagement, Morgan Lewis is an ordinary course professional under the following orders of this Court: (a) Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business, dated May 3, 2001, dkt. entry no. 197; (b) Amended Order Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business, dated December 10, 2002, dkt. entry no. 3126; (c) Second Amended Order Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Businesses, dated July 25, 2006, dkt. entry no. 12855; and (d) Third Amended Order Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Businesses, dated September 25, 2007, dkt. entry no. 16913 (collectively, the "Ordinary Course Professionals Orders"). A copy of the letter agreement that Morgan Lewis and the Debtors intend to have govern their relationship is attached as Exhibit 1 to this Affidavit.

3. In the ordinary course of business, Morgan Lewis maintains a database for the purpose of performing "conflicts checks". The Firm's database contains information regarding its present and past representations. Attorneys working under my supervision reviewed the search results generated by the aforementioned database for each of the Debtors, as well as certain parties-in-interest in these chapter 11 cases, to determine any connections Morgan Lewis has with such entities.

4. Morgan Lewis does not hold any interest adverse to the Debtors or their estates with respect to the matter for which Morgan Lewis has been retained.

5. Morgan Lewis has been employed by IBM in the ordinary course of its business. Accordingly, Morgan Lewis has performed services in the past and may perform

services in the future for IBM, or affiliates thereof, in matters unrelated to these chapter 11 cases. The Debtors have consented to Morgan Lewis continuing to represent IBM in matters unrelated to their chapter 11 cases. Further, IBM has consented to Morgan Lewis representing the Debtors in connection with this transaction and, if applicable, in future litigation arising therefrom.

6. Additionally, the Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for other persons or entities that are parties-in-interest in the Debtors' chapter 11 cases.

7. As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties-in-interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates with respect to the matter on which Morgan Lewis is being retained by the Debtors.

8. Neither I nor any principal or partner of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

9. Neither I nor any principal or partner of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

10. The Debtors do not owe the Firm compensation, fees or expenses for any prepetition services.

11. The Firm has read the Ordinary Course Professionals Orders and understands the limitations on compensation allowed to be paid to an ordinary course professional without an order of this Court.

12. Morgan Lewis intends to apply directly to the Debtors for compensation for professional services rendered in accordance with the Ordinary Course Professionals Orders. Further, Morgan Lewis understands that pursuant to the Ordinary Course Professionals Orders, services rendered to the Debtors resulting in fees in excess of $50,000 per month, will require entry of an order of this Court authorizing such higher amount.

13. Morgan Lewis also understands that pursuant to the Ordinary Course Professionals Orders, the Firm may not provide services to the Debtors resulting in fees and expenses that exceed $1,200,000 in the aggregate during the pendency of the chapter 11 cases without obtaining an order of this Court authorizing such higher amount.

14. The Firm is conducting further inquiries regarding its retention by any significant creditors of the Debtors and/or certain other parties-in-interest to these chapter 11 cases. Upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Executed on March 13, 2009.

_____
Barbara M. Melby

Sworn to and subscribed before me
this 13TH day of MARCH, 2009

_____
Notary Public
My Commission expires: 8/20/2012

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PATRICIA M. BOSAK, Notary Public
City of Philadelphia, Phila. County
My Commission Expires August 20, 2012

DB1/62554128.3