**EXHIBIT 1**

W. R. Grace & Co.          T 410.531.4075
7500 Grace Drive          F 410.531.4783
Columbia, MD 21044        E scott.whittier@grace.com
                          W grace.com

Scott B. Whittier
Corporate Counsel

March 9, 2009

Barbara Murphy Melby
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Re: Terms of Engagement for IT Outsourcing Matter

Dear Barbara:



As we have discussed, we are pleased to offer your firm (hereinafter, "Morgan Lewis" or "you") the opportunity to be engaged as outside counsel to W. R. Grace & Co.-Conn. ("Grace") to handle the work described below and in the attached Morgan Lewis Fee Proposal (the "Proposal"). The purpose of this letter is to set forth the proposed terms upon which your firm agrees to represent Grace.

1.    **Scope of Services**

Grace proposes to engage you to advise Grace and perform the work described in the Proposal in connection with Grace's proposed IT Outsourcing transaction (the "Services"). This engagement letter does not engage you to represent Grace in any other matter not described herein. You will provide the legal services that, in your professional judgment, are appropriate for this matter in accordance with the Proposal and all applicable legal and ethical standards. Grace will be reasonably available to confer with you upon request, will provide you with such documents and information as it may possess relating to the matter, will disclose all facts and circumstances of which we are aware that may bear upon your provision of the Services, will promptly pay your fees in accordance with the terms herein, and will otherwise assist your efforts as you reasonably request.

2.    **Staffing**

You have identified John Funk as the partner who will be responsible for the quality and timeliness of the Services, and for all communications with Grace. You may assign tasks among other partners, associates and support staff in a manner commensurate with the level of expertise required, provided that Grace is informed of decisions on a routine basis.

2

You will keep Grace apprised of all material developments in connection with the provision of the Services. A copy of all correspondence in the performance of the Services should be forwarded to Grace either using e-mail or in hard copy.

During the course of this engagement, I will have primary responsibility for working with you on behalf of Grace. Steve Ahern and Eric Eller also will have authority to communicate to you whatever approvals may be required for decisions affecting Grace's interests. There may be times when you will need to obtain information from Grace, i.e., documents or information from past and/or current employees. All requests for access to documents, employees, or other information shall be made to me. At the conclusion of Services, all documents obtained from Grace's files shall be returned to Grace, unless otherwise agreed by me.

3.    **Fee Arrangements**

(a)    **Legal Fees.** We have agreed to a fixed fee amount as set forth in the Proposal, subject to the terms and limitations stated therein. Should work be billed at hourly rates for any reason, the applicable rates are provided in the Proposal. Grace will not pay for any services not specified herein or otherwise agreed in writing, including the following: secretarial or clerical services, whether or not rendered during or outside normal office hours or on an overtime basis; overhead charges, commissions, administrative fees or mark-ups on lawyer or para-professional services; file room or database management charges; and temporary employment agency fees or commissions.

Any additional or supplemental agreements regarding fees, or for any services in addition to the Services, must be set forth in writing and signed by Grace. In the absence of such a supplementary engagement letter signed by Grace, Grace shall be under no obligation to pay, and you expressly waive any claim to, any fees for any such additional services.

(b)    **Costs, Expenses and Disbursements**. Grace will reimburse you for certain out-of-pocket costs or expenses actually incurred and reasonably necessary for completing the Services. More particularly, Grace will reimburse you in accordance with the following guidelines, but in all cases, without any mark-ups on the actual costs to you whatsoever:

(i)    Couriers, Photocopying and Facsimile. For all couriers, messengers, photocopying and facsimile charges, you shall provide Grace with a schedule of your rates, or those of the service providers you use, and shall charge Grace only at the rates shown on such schedule.

3

GRACE

(ii) <u>Computer-Related Expenses</u>. On-line computerized research and research services involving any charges over $500 per month will require the prior approval of Grace.

(iii) <u>Travel</u>. Grace will reimburse you for reasonably necessary expenses in connection with out-of-town travel, subject to the travel expenses that are part of the fixed fee stated in the Proposal. Unless otherwise expressly approved by Grace in advance, Grace will only reimburse for coach class travel. All related travel expenses, i.e., lodging and meals, must be reasonable under the circumstances. You will advance all such travel expenses and submit bills for reimbursement.

(iv) <u>Filing Fees</u>. Grace will reimburse properly incurred filing fees and other similar costs.

(v) <u>Telephone</u>. Grace will reimburse for long-distance telephone service at the actual expense incurred by you.

(vi) <u>Staff expenses</u>. Grace shall not be charged for and will not pay for local travel or meals of your staff, regardless of the hours during which such expenses were incurred.

## C.   **Billing Arrangements**

We have agreed that you will bill Grace in five monthly installments – the first four equal to $50,000 per month, and the fifth equal to $35,000. Expenses will be billed along with the fifth installment and, if necessary, thereafter. You may bill the first installment upon the commencement of the Services.

You shall submit bills monthly to me, and Grace shall pay all accurate and complete bills within thirty (30) days of receipt. You may, to the extent permitted by law, impose a late fee at a rate of 1% per month on past due amounts. All bills shall include a clear statement describing the services rendered each day for which the bill is submitted, and be accompanied by a detailed statement describing the services performed by each person working on Grace's matters within your firm in connection with the services described in such bill.

Reimbursable expenses included on each bill should be broken down by the categories used in Section B, above. You will maintain backup documentation for all expenses at all times during this engagement, and for a period of six years thereafter, for Grace's review as Grace may require. In the event that you forward invoices for certain expenses to be paid directly by Grace, such invoices shall be accompanied by any additional backup documentation and a letter explaining the purpose of such expense.

4

Grace reserves the right to audit your bills or to employ an auditing or other firm to do so. You will promptly, upon Grace's request, make available, in connection with any such audit, any such documents that may be reasonably necessary to enable a meaningful audit to be performed.

**D.   Bankruptcy**

As you know, Grace is currently a debtor in Chapter 11 proceedings. As a debtor in bankruptcy, we are subject to certain restrictions regarding the retention of counsel and other professionals. Any retained counsel must be listed as an "ordinary course professional" (OCP) in order to be paid in the ordinary course, and cannot be paid more than $50,000 in any month nor more than $1.2 million during the pendency of the bankruptcy. If you exceed these limits, we must make special application to the bankruptcy court, which if granted may require you to file fee applications with the court. In the interim, to be listed as an OCP, you are required to submit an affidavit in the form previously provided to you. Please complete the affidavit and return it to me for filing with the bankruptcy court. Under the bankruptcy court procedures, statements for services of outside counsel must indicate the names and hours of those persons whose time is being billed, the current hourly rates for those individuals and a description of the work performed.

**4.   Termination**

Grace has the right to terminate your engagement by written notice at any time. You shall be free to withdraw from this engagement at any time subject to compliance with all of the requirements of the applicable rules governing professional responsibility. You will provide reasonable assistance in effecting a transfer of responsibilities to any new firm, and will refund any monies paid in advance for work not performed. In the event of a termination of this engagement, you shall be entitled to exert any remedies provided by law in connection with any claims you may wish to assert against Grace, except that you shall in no event assert, and hereby expressly and irrevocably waive, any and all claim or right to assert a lien, whether statutory, charging, or of any other description, against the files, papers, documents, written or stored in computer readable media, relating to Grace or to the Services. Further, you shall deliver any and all of Grace's files, papers, documents, written or stored in computer readable media, relating to Grace or to the Services to Grace or to counsel designated by Grace immediately whenever so requested by Grace.

**5.   Conflicts**

You have informed Grace that you have performed a formal conflict of interest check and determined that representing Grace in this matter creates neither an ethical nor a business conflict. If you subsequently learn that an adversarial situation, or a business

5

or economic conflict, exists or may exist between Grace and your existing or new clients, or any other conflict has arisen which might, in Grace's opinion, impair your ability to adequately represent Grace's interests, you shall promptly, upon discovery of any such conflict, inform Grace. Grace reserves the right to withdraw from the engagement for such a reason. You will notify Grace on a case-by-case basis of any future conflicts arising from your representation of existing or new clients in matters adverse to Grace, and Grace shall grant waivers to such future conflicts, if such matters are not materially related to the work you will perform or performed for Grace hereunder, or to any information you received in the course of the work you performed for Grace hereunder. You agree, however, that our consent to conflicting representations shall not apply in any instance where, as the result of your representation of Grace, you have obtained sensitive, proprietary or other confidential information of a non-public nature that, if known by your client, could be used to the material disadvantage of Grace.

Morgan Lewis currently provides legal services to International Business Machines Corporation (IBM) and to Cognizant that are unrelated to the information technology outsourcing matter for which Grace has retained Morgan Lewis hereunder. None of the attorneys providing legal services to Grace with respect to its information technology outsourcing matter shall provide legal services to IBM or Cognizant. In the event of litigation with Cognizant with respect to such information technology outsourcing matter, Morgan Lewis will not represent either Grace or Cognizant without the consent of the other.

### 6.   Arbitration of Fee Disputes

You and Grace agree that any dispute under this engagement agreement that cannot resolved in a reasonable time through discussions between us shall be submitted to binding arbitration pursuant to the rules of the American Arbitration Association at a location to be agreed by you and Grace.

Very truly Yours,

Scott B. Whittier

ACCEPTED AND AGREED
Morgan, Lewis & Bockius LLP

By: _Barbara Mely_
Name: _BARBARA MELBY_
Date: _MARCH 13, 2009_

Privileged and Confidential
For Client Internal Purposes Only

### MORGAN LEWIS FEE PROPOSAL
### FOR GRACE IT OUTSOURCING PROJECT

We are pleased to submit the following fixed fee proposal.

**Scope**: Single source application development and maintenance outsourcing engagement with IBM.

**Fixed Fee**:    $235,000.

*   Grace will sole source to IBM. Morgan Lewis is aware that Grace has been in discussions with Cognizant regarding the Project. If Morgan Lewis performs minimal work associated with such discussions (two to three hours), the fixed fee amount shall not change. If Morgan Lewis performs more than minimal work associated with such discussions, or Grace decides not to sole source this Project to IBM, Morgan Lewis and Grace will determine the appropriate adjustments to Morgan Lewis's fixed fee proposal.

*   Morgan Lewis's role in the project will take approximately 10 weeks.

*   Grace will handle internally employee termination and transition issues, as well as due diligence and third party contract review and consent activities.

*   Grace will make available to Morgan Lewis internal subject matter experts as necessary, including human resources, tax, audit, insurance, bankruptcy, security and privacy.

*   Grace will retain an outside consultant (EquaTerra) to lead the project and have primary responsibility for the majority of the schedules to the Master Services Agreement. Morgan Lewis will review, edit and provide advice on the legal issues arising from and pertaining to such schedules, however.

*   Morgan Lewis will draft, and lead the negotiations for, the Master Services Agreement and assist in the review of schedules.

*   Morgan Lewis will turn a reasonable and appropriate number of drafts of the Master Services Agreement.

*   The fixed fee does not include local counsel fees.

*   The fixed fee includes travel and other expenses for up to 8 trips to Grace's Columbia, Maryland offices (we are estimating approximately four trips by two Morgan Lewis attorneys). The fixed fee does not include any other expenses.

If any of the foregoing assumptions prove to be inaccurate or need to change, then the fixed fee may need to be adjusted.

**Staffing**: We plan to staff the project with a partner (John Funk) and a senior associate (Vito Petretti), using the resources as reasonable and appropriate. We will use junior associates for document review and production as appropriate. Should reference to hourly rates be required, such rates shall be as follows: John Funk, $580/hour; Vito Petretti, $485/hour; Jason Sabol, $300/hour.

**Invoicing**: Invoices will be due within 30 days of receipt by Grace.

DB1/62461266.1