IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: April 10, 2009**
**Hearing Date: April 27, 2009 at 10:30 a.m.**

## DEBTORS' APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF SEALE & ASSOCIATES, INC. AS DEBTORS' FINANCIAL ADVISOR FOR SALE OF THEIR GAS EQUIPMENT BUSINESS

The Debtors hereby submit this Application for the entry of an order, substantially in the

form of **Exhibit A**, authorizing the employment and retention of Seale & Associates, Inc. as the

Debtors' financial advisor in connection with the sale (the "Transaction") of all or substantially

all of the assets of or related to the Debtors' gas equipment business. In support of this

Application, the Debtors rely on the Affidavit of Jeremy F. Rohen, a Managing Director of Seale

& Associates, Inc., (the "Rohen Affidavit"), a copy of which is attached hereto as **Exhibit B**. In

further support of this Application, the Debtors respectfully state as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 327(a) and 328(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"), Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

## Background

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.      The Debtors conduct a Specialty Chemical business that operates through two operating units, Grace Davison and Grace Construction products.  As part of the Grace Davison business unit, the Debtor manufactures and sells certain equipment for natural gas processing applications ( the "Business").

## Seale's Qualifications

5.      In order to sell the assets of the Business in the most efficient and effective manner, the Debtors require the services of Seale & Associates, Inc. ("Seale").  Seale's professionals have extensive expertise in structuring and executing acquisitions, divestitures,

joint ventures, carve-outs, strategic alliances and spin-offs. Seale has extensive experience in selling assets similar to the assets of the Business. As such, the services provided by Seale will allow the Debtors to obtain maximum value for the assets of the Business for the benefit of the Debtors' estates. Seale will conduct the sale of the Business under the terms and conditions described in its retention agreement with the Debtors, dated as of March 16, 2009 (the "Retention Agreement"), substantially in the form attached hereto as **Exhibit C**).

6.    Given (a) the nature of the business and assets that will be sold and (b) the experience that Seale has in selling similar businesses and assets, the retention of Seale will allow the Debtors to conduct the sale of the assets of the Business in the manner most effective to maximize the value received for such assets. The Debtors believe that Seale is well qualified to advise the Debtors in a cost-effective, efficient and timely manner.

### Relief Requested

7.    By this Application, the Debtors seek entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 5002 and Local Rule 2014-1 authorizing the employment and retention of Seale as their financial advisor in connection with the sale of assets of or relating to the Business, upon the terms and conditions contained in the Retention Agreement and approving the terms of Seale's employment, including the proposed fee structure set forth in the Retention Agreement.

### Disinterestedness

8.    As required by Bankruptcy Rule 2014 and Local Rule 2014-1, Seale has submitted the Rohen Affidavit setting forth Seale's connections with the Debtors, creditors, parties in interest, the United States Trustee and any person employed in the Office of the United States Trustee.

3

9.     To the best of the Debtors' knowledge, except as set forth in the Rohen Affidavit, Seale: (a) does not have any connection with any of the Debtors, their affiliates, their creditors or any other party in interest or their respective attorneys and accountants; (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and (c) does not hold or represent any interest adverse to the Debtors or their estates.

### Scope of Services

10.     Pursuant to the terms of the Retention Agreement, Seale has agreed to provide the following services (the "Transaction Services"):[2]

(a)     identify potential acquiring companies;

(b)     assist the Debtors in approaching those companies and any other companies which otherwise come to the Debtors' attention;

(c)     coordinate the execution of confidentiality agreements with prospective acquiring companies;

(d)     complete necessary selling materials;

(e)     coordinate the divestiture process with potential acquiring companies;

(f)     assist in the preparation of management presentations;

(g)     coordinate management presentation visits and data room inspections with acquiring companies; and

(h)     assist in the closing process as requested by the Debtors.

11.     The Transaction Services that Seale will provide to the Debtors are necessary to enable the Debtors to maximize the value of their estates.   The Debtors believe that the Transaction Services will not duplicate the services that The Blackstone Group L.P.

---

[2]     The following summary of the Retention Agreement is provided solely for the convenience of the Court and parties in interest.   To the extent that there are any discrepancies between this summary and the Retention Agreement, the terms and language of the Retention Agreement shall govern.   Capitalized terms used but not defined herein are used with the meanings assigned to them in the Retention Agreement.

("Blackstone"), the Debtors' financial advisors, or the Debtors' other professionals will be providing to the Debtors in these Chapter 11 Cases. Seale will carry out distinct functions in these cases relating only to the Transaction, thus there is no reason to be concerned about duplication of efforts between Seale and Blackstone.

## Compensation

12.     The terms of Seale's proposed compensation are fully set forth in the Retention Agreement (the "Fee Structure"). In summary, under the terms of the Retention Agreement and subject to the Court's approval, Seale will receive:

(a)     a US $25,000 monthly non-refundable retainer payable following the Debtors' execution of the Retention Agreement, but not to exceed US$100,000; plus

(b)     contingent upon the closing of the Transaction, a Success Fee calculated as 2.00% on any Proceeds that when calculated as a multiple of 2008 EBITDA is equal to 6.5 times or less; plus 2.50% of any portion of Proceeds that when calculated as a multiple of 2008 EBITDA is greater than 6.5 times and up to and including 7.5 times; plus 3% of any portion of Proceeds that when calculated as a multiple of 2008 EBITDA is in excess of 7.5 times.

13.     The non-refundable retainer fee paid under paragraph 12(a) above shall be credited to Seale's fees due under paragraph12(b) above, if applicable, on the date of closing of the Transaction.

14.     With the exception of the non-refundable retainer fee, Seale's fees under paragraph 12(b) above shall be due and payable on the date of closing of the Transaction; provided, however, that as to any portion of its fee which is based on Proceeds derived from "earn-outs" or similar contingent payments, Seale's fee with respect thereto shall be paid as such Proceeds are received.

15.     The Retention Agreement also provides that the Debtors will reimburse Seale on a monthly basis for all expenses reasonably incurred in connection with the Transaction Services.

DOCS_DE:146335.1

The parties agree that such expenses shall include, but not be limited to, travel (including transportation, room, board and related expenses), long distance telephone, facsimile, postage, private delivery service, research materials, translators and consultants where necessary, and all similar costs. Travel to be undertaken in connection with the Transaction Services is subject to the prior approval of the Debtors.

16.    Seale's compensation and expenses in the Chapter 11 Cases shall be subject only to the standard of review set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review set forth in section 330 of the Bankruptcy Code.

17.    The Debtors are seeking approval of the Fee Structure set forth above pursuant to section 328(a) of the Bankruptcy Code, which provides in pertinent part that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . [of the Bankruptcy Code] . . . on any reasonable terms and conditions of employment, including . . . on a contingency fee basis." 11 U.S.C. § 328(a). Accordingly, section 328(a) permits the Court to approve the Fee Structure outlined above.

18.    Seale will not be required to submit detailed daily time records or expense records as part of any monthly statements, or interim or final fee applications with respect to any payment of the Transactions Fees or any expenses incurred under the Retention Agreement.

19.    The Debtors believe that the Fee Structure appropriately reflects the nature and scope of the Transaction Services, and Seale's substantial experience with respect to these types of services. The Debtors further believe that the Fee Structure is (a) reasonable; (b) market-based; (c) well within the range of comparable transactions; and (d) merited by Seale's level of experience and expertise. Similar contingency fee arrangements have been approved and implemented in other chapter 11 cases in this District and elsewhere.

**Indemnification Provisions**

20.      Seale requests that the indemnification provisions of the Retention Agreement be

approved subject to the following:

      (c)      subject to the provisions of subparagraph (c) below, the Debtors are authorized to indemnify, and shall indemnify, Seale in accordance with the Retention Agreement, for any claim arising from, related to or in connection with the Transaction Services;

      (d)      notwithstanding any provision of the Retention Agreement to the contrary, the Debtors shall have no obligation to indemnify Seale, or to provide contribution or reimbursement to Seale, to the extent any losses, claims, damages or liabilities (or expenses relating thereto) are determined by a court of competent jurisdiction (the determination having become final) to have primarily resulted from the bad faith, gross negligence or willful misconduct of Seale; and

      (e)      if, before the earlier of (i) the entry of an order confirming a chapter 11 plan or plans in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, Seale believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Retention Agreement, including without limitation, the advancement of defense costs, Seale must file an application therefor in this Court, and the Debtors may not pay any such amount to Seale before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for fees and expenses by Seale for indemnification, contribution or reimbursement, and not to limit the duration of the Debtors' obligation to indemnify Seale.

21.      The preceding indemnification provisions are substantially similar to those that

were negotiated with the U.S. Trustee and approved by the Court in the Chapter 11 Cases with

respect to the Debtors' retention of Blackstone.

**Basis for Relief**

22.      Section 327 of the Bankruptcy Code governs a debtor's employment of

"professional persons" to represent the debtor in possession in carrying out its duties under the

Bankruptcy Code. See 11 U.S.C. § 327(a).

23.    The Debtors seek approval of the Retention Agreement pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment. . . ." 11 U.S.C. § 328(a).

24.    Section 328 permits the compensation of professionals on flexible terms that reflect the nature of their services and market conditions. As the United States Court of Appeals for the Fifth Circuit recognized in In re National Gypsum Co.:

> Prior to 1978, the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. The uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants reasonable compensation based on relevant factors of time and comparable costs, etc. Under present § 328 the professionals may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

123 F.3d 861, 862 (5th Cir. 1997) (citations omitted).

25.    Seale has significant experience selling assets similar to those assets used by the Debtors in the Business, in both distressed and non-distressed situations. The Debtors believe that Scalc is well-qualified and able to provide the services to the Debtors in a cost-effective, efficient and timely manner. Seale has indicated a willingness to act on behalf of the Debtors with respect to the Transaction Services and to subject itself to the jurisdiction and supervision of the Court.

26.    The Retention Agreement and the Rohen Affidavit appropriately reflect the nature and scope of the Transaction Services and Seale's substantial experience with respect to the services; and the Fee Structure is consistent with the fee structures typically utilized by Seale and other similar professionals.

27.     The Debtors seek to sell the assets of or relating to the Business efficiently and in the manner most effective to obtain the maximum value for such assets for the benefit of the Debtors' estates.   Accordingly, the Debtors are requesting that the Court approve Seale's employment and retention.

## No Prior Request

28.     No prior application for the relief requested herein has been made to this or any other Court.

## Notice

29.     Notice of this Application has been given to: (a) the Office of the United States Trustee, (b) the debtor-in-possession lenders, (c) counsel to Chase Manhattan Bank as agent to prepetition lenders, (d) counsel to the official committees appointed by the United States Trustee and the Future Claimants Representatives, and (e) all those parties that requested service and notice of papers in accordance with Bankruptcy Rule 2002.   In light of the nature of the relief requested, the Debtors submit that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

DOCS_DE:146335.1

WHEREFORE, the Debtors respectfully request an entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to employ and retain Seale on the terms set forth in the Application and (b) granting such other further relief as is just and proper.

Wilmington, Delaware
Dated: March 23, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
(212) 446-4800

-and-

PACHULSKI STANG ZIEHL & JONES LLP

______________________________
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession