## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. Grace & Co., et al., ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| ) | |
| Debtors. ) | **Re: D.I. 20842** |

**SUPPLEMENTAL MEMORANDUM OF THE U.S. ZAI CLASS IN SUPPORT OF FINAL APPROVAL OF THE U.S. ZAI CLASS SETTLEMENT**

In its memorandum in support of final approval of the U.S. ZAI class settlement, the class stated it would supplement its memorandum to address any class comments or objections received by the March 13, 2009 deadline for such responses. This memorandum updates the initial class brief to: (1) report on the widespread settlement support from class members; (2) discuss the significance of the small number of class opt-outs; and (3) address a single comment by a non-class member (Anderson Memorial Hospital) asking the Court to delay final class settlement approval.

### I.    The Lack of Objections by Class Members Further Supports the Settlement's Fairness, Reasonableness and Adequacy.

Over 16,000 class members received individual notice of the class certification, of preliminary approval of the class settlement, and of their right to comment on the proposed class settlement. As of the March 13, 2009 comment deadline, no class member had challenged the fairness, reasonableness, or adequacy of the settlement. Class counsel received communications from many class members, as set forth in the attached Declarations of Darrell W. Scott, Esq. and Edward J. Westbrook, Esq. [Attach. 1]. These communications were largely questions about the class settlement claims process, the evidence needed for recovery, and what class members needed to do to participate.

1

It is heartening to have so many class members interested in the settlement and no class members objecting to its fairness, reasonableness, or adequacy. A class action settlement can, of course, be approved even over significant opposition from class members. Bryan v. Pittsburgh Plate Glass Co., 494 F.2d 799, 803 (3d Cir. 1974) ("[A] settlement is not unfair or unreasonable simply because a large number of class members oppose it."). But it is certainly preferable to have a settlement that enjoys wide support. The lack of class member opposition to the ZAI class settlement is additional strong evidence of its fairness, reasonableness, and adequacy, thus supporting final approval.

## II.  The Relatively Small Number of "Opt-Outs" Reflects Approval by the Vast Majority of Class Members of the Class Action, Its Representation, and the Class Settlement.

The class notice informed class members about the class certification, the appointment of class counsel to represent their interests, and the proposed class settlement.[1] Having received this actual notice, a relatively small percentage (less than 2%) of the class membership returned opt-out forms by the March 23, 2009 opt-out deadline.[2]

In communicating with class members who phoned about the class notice, class counsel learned that at least some class members mistakenly believed they had to return the opt-out form to participate in the class action. Class counsel surmised that other class members may have been similarly mistaken. Accordingly, they began an effort to contact class members who had returned an opt-out form to confirm that those class members actually intended to exclude themselves from the class. The results of that effort to date show that a significant number

---

[1] See Notice of Class Certification and Proposed Settlement with W.R. Grace & Co. and Affiliated Debtors, Attach. 2 to ZAI Claimants' Memorandum in Support of Motion for Final Approval of the U.S. ZAI Class Settlement (D.I. 20842, ¶¶ 6, 10).

[2] See n.1, ¶ 8.

2

(approximately 20%) of the individuals who returned opt-out forms did so in the mistaken belief that it was necessary to be included in the class. Some of these individuals had misconstrued the opt-out form as a claim form. They expressed appreciation that class counsel had followed up with them and enabled them to correct their mistake.[3]

After class counsel's outreach effort, there remain 162 opt-outs. This number (less than 2% of the over 16,000 U.S. ZAI claims in the class) is insignificant with respect to final settlement approval. Well over 98% of the U.S. ZAI class have indicated their approval of the class action mechanism and their inclusion in the class. This is among the highest percentage participation of any asbestos or other property remediation class action in which counsel have been involved,[4] and counsel believe it is among the highest participation level in property-related class actions of any kind.

### III.   The "Limited Objection" of Non-Class Member Anderson Memorial Hospital Does Not Warrant Delaying the Final Approval Process.

Numerous important bankruptcy activities are scheduled in the next few months in which the class and its counsel expect to be heavily involved. These include solicitation of the votes of the class members for the plan and advice to class members who consult class counsel concerning voting. It is important for the orderly administration of the bankruptcy, and the protection of class members' rights to participate knowledgably in the proceedings, that the settlement receive final approval so that class members know they can rely on it. Over 16,000 class members have indicated their approval of the class mechanism, their representation by class

---

[3] As of the date of this supplemental memorandum, approximately 198 individuals had returned an opt-out form. Of these, 36 have retracted their opt-outs. Class counsel are continuing their outreach effort and expect that more opt-outs will confirm that they too returned the exclusion form in error.

[4] In the College and University class action, for instance, which involved approximately 3,000 colleges, there were 214 opt-outs (approximately 7%), and the Court approved numerous settlements in that case. See, e.g., Central

3

counsel, and the class settlement. No class member has filed any objection to the fairness, reasonableness, or adequacy of the settlement. In light of these circumstances, withholding settlement approval unnecessarily frustrates the orderly progression toward Plan approval.

A single litigant, non-class member Anderson Memorial Hospital, has asked the Court to delay addressing final approval of the settlement for five months until the September confirmation hearings.[5] Importantly, Anderson does not challenge the fairness, reasonableness, or adequacy of the settlement.[6]

The class respectfully requests that the Court deny Anderson's request for delay. There is no legitimate reason why 16,000 willing ZAI claimants should have approval of their uncontested settlement delayed at the request of a single litigant who lacks standing to object to the settlement. Anderson is the only entity to file any type of objection to the settlement, and its objection seeks only delay.[7] Anderson's motion should be denied because:

1. Anderson has opted out of the class and is therefore not a class member. It has no standing to object to the class settlement. Kusner v. First Pennsylvania Corp., 74 F.R.D. 606, 610 n.3, (E.D. Pa. 1977), aff'd, 577 F.2d 726 (3d Cir. 1978); Gould v. Alleco, Inc., 883 F.2d 281, 284 (4th Cir. 1989) (Rule 23(e) only permits class members to object to a class settlement);

2. Anderson does not represent the interests of any other U.S. ZAI class member. This Court has previously ruled that "there is no pre- or postpetition Anderson Memorial class certified as to Grace," and has denied Anderson's motion to certify a class. (Dkt. No. 18821). The District Court twice denied discretionary review. In re W.R. Grace & Co., 398 B.R. 368 (D. Del. 2008);

---

Wesleyan College v. W.R. Grace & Co. 143 F.R.D. 628, 647 (D.S.C. 1992), aff'd, 6 F.3d 177 (4th Cir. 1993); Declaration of Edward J. Westbrook, Esq., ¶ 8.

[5] Anderson opted out before it filed its "Limited Objection" (Attach. 2) and, is therefore, not a class member.

[6] Anderson states, "Anderson has opted out of the settlement and accordingly does not intend to express objections to the fairness, reasonableness, and adequacy of the settlement." Anderson Memorial Hospital's Limited Objection at 1, (D.I. 20981).

[7] The only other comments filed by the deadline were a letter that submitted personal injury information which Class counsel forwarded to counsel for the personal injury claimants' committee, and a letter asking Class counsel to represent the Claimant. Attach. 4.

4

3. Under Third Circuit authority, Speights & Runyan's putative role as class counsel in Anderson affords it no authority to individually represent the interest of any claimant with ZAI. In re W.R. Grace & Co., No. 08-1044 (3d Cir. Mar. 11, 2009) (Speights & Runyan's role as Anderson's class counsel gives it no authority to file individual proofs of claim). [Slip Op. at 4, Attach. 3];

4. Anderson's opt-out is an individual action only and does not affect any other U.S. ZAI class member. Even if Anderson had secured class status as to a South Carolina class, it would lack authority to opt out South Carolina class members from the U.S. ZAI Class certified by this Court. Berry Petroleum Co. v. Adams & Peck, 518 F.2d 402, 411-13 (2d Cir. 1975); Hanlon v. Chrysler Corp., 150 F.3d 1011, 1024 (9th Cir. 1998) ("The decision to exercise the right of exclusion in a Rule 23(b)(3) action is an individual decision of each class member and may not be usurped by the class representative or class counsel.").

This Court has over 16,000 class <u>members</u> requesting final approval of the settlement and one <u>non-member</u> asking the Court to delay that approval because it has a problem with how its claim will be treated by the Plan. Anderson concedes that "Anderson's concerns arise as a result of the provisions of the Plan of Reorganization that deal with opt-outs." (D.I. 20981 at 4). That is a matter to be addressed to the Plan, not this class settlement. Anderson can address those concerns at the time of Plan confirmation.[8]

The class settlement secures settlement terms for class members. Anderson chose to exclude itself from the class. Having opted out, Anderson has no right to interfere with this Court's determination that the class settlement is fair, reasonable, and adequate. Anderson's claim that "the Motion and proposed settlement do not appropriately address the treatment of opt-out claimants" (D.I. 20981 at 1) is a non-sequitur. The class settlement does not deal with opt-outs. They are, by definition, <u>out</u> of the class.

---

[8] This assumes, of course, that Anderson remains a ZAI claimant at the time of confirmation. Grace has objected to Anderson's ZAI claim on the ground, inter alia, that it is "devoid of any indication that this home product, ZAI, is present in Anderson Memorial Hospital". Debtors' Objection to Anderson Memorial Hospital's Zonolite Attic Insulation Class Proof of Claim. (D.I. 21006 at ¶ 13).

Anderson is represented by extremely skillful, creative, and tenacious counsel who is well equipped to litigate any objection Anderson may have to the Plan. Having opted out, Anderson simply has no role in the decision whether to approve the class settlement. A fortiori, a non-class member cannot delay class settlement approval because it has concern that it may not be able to secure a more favorable outcome for itself. See Gould v. Alleco, Inc., 883 F.2d 281 (4th Cir. 1989) (rejecting non-class member's motion to delay settlement approval).

Accordingly, for the reasons expressed herein and in the initial memorandum of the U.S. ZAI Class in Support of Final Approval of the U.S. ZAI Class Settlement (D.I. 20842), the U.S. ZAI class respectfully requests this Court grant final approval to the settlement.[9]

Date:  March 24, 2009
       Wilmington, DE

SULLIVAN · HAZELTINE · ALLINSON LLC

/s/ William D. Sullivan

William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195

-- and --

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott
926 W. Sprague Avenue
Chronicle Building, Suite 680
Spokane, Washington 99201
Telephone: (509) 455-3966

-- and --

---

[9] As the U.S. ZAI class indicated in its opening brief, it deferred supplying a proposed order until the deadline for class comments had passed. That proposed order is attached hereto. [Attach. 5].

6

7

RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, L.L.C.
Edward J. Westbrook
Catherine H. McElveen
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina 29464
Telephone: (843) 727-6500

-- and --

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, L.L.P.
Elizabeth Cabraser, Esquire
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

*Counsel for the U.S. ZAI Class*