# ATTACHMENT 3

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1044

RE: W. R. GRACE & CO., ET AL,

DEBTORS.

MISSION TOWERS, a/k/a Foxridge Towers Office Building;
BETHESDA REHABILITATION HOSPITAL; FIRST TENNESSEE BANK,
f/k/a National Bank Building; FIRST TENNESSEE BANK, f/k/a
Hamilton National Bank; WASHINGTON TOWNSHIP HEALTH CARE
DISTRICT, f/k/a Washington Hospital; NEW HANOVER REGIONAL
MEDICAL CENTER, f/ka/ New Hanover Memorial Hospital;
FIRST HEALTH MONTGOMERY MEMORIAL HOSPITAL,
f/k/a Montgomery Memorial Hospital; PIERRE LACLEDE CENTER NOS. 1 and 2,
f/k/a Pierre Laclede Buildings; ST. JOSEPH'S HILL INFIRMARY
NURSING HOME; IBM METRO EMPLOYEES FEDERAL CREDIT UNION,
f/k/a Manufacturers Hanover Trust; PALOS COMMUNITY HOSPITAL,
f/k/a Palos Hospital, IL; ST MARY'S MEDICAL CENTER, f/k/a
St. Mary's Hospital; FRIENDLY HOME NURSING CARE & REHABILITATION,
f/k/a Deaf Hard of Hearing & Speech Impaired Building; 99 FOUNDERS
PLAZA; ONEIDA COUNTY OFFICE BUILDING; MANOR OAK TWO;
CAYUGA COUNTY OFFICE BUILDING, f/k/a Cayuga Company Office Building;
ST. LUKE'S HOSPITAL; SCHUYLER HOSPITAL; SANTA TERESA MEDICAL
OFFICE BUILDING; NEBRASKA SKILLED NURSING AND REHABILITATION;
VIRTUA HEALTH WEST JERSEY HOSPITAL VOORHEES; TITUSVILLE AREA
HOSPITAL, f/k/a Titusville/Farrell Hospital; HOTEL CAPTAIN COOK Tower #2;
GUNDERSEN LUTHERAN MEDICAL CENTER, f/k/a Lacrosse
Lutheran Hospital Addition; BAPTIST HEALTH MEDICAL CENTER LITTLE
ROCK, f/k/a Arkansas Baptist Medical Center; ABBEVILLE GENERAL HOSPITAL,
f/k/a Abbeville Hospital; ST. ANTHONY'S REGIONAL HOSPITAL
AND NURSING HOME, f/k/a St. Anthony's Hospital and Hospital in
Carroll, IA; FULTON COUNTY HEALTH CENTER; OHIO SAVINGS PLAZA,
f/k/a Penton & Park Plaza Investment Tower; YWCA of GREATER
DES MOINES, f/k/a YMCA Building; SCOTTISH RITE CATHEDRAL;
FIRST TENNESSEE BANK-COURT THOMAS COMPUTER CENTER, f/k/a National

Bank Building; PANDA PRINTS, f/k/a Lehigh Tile/Marble Warehouse;
MCKENZIE WILLIAMETTE MEDICAL CENTER, f/k/a McKenzie Hospital;
KELLER BUILDING, f/k/a ALBERT KELLER MEMORIAL HOSPITAL;
VIRTUA WEST JERSEY HOSPITAL MARLTON, f/k/a Garden State Hospital; THE
HOMEPLACE OF MONDOVI HOSPITAL, f/k/a Buffalo Memorial Hospital;
DODGE COUNTY HOSPITAL; CARSON PIRIE SCOTT STORE #537, f/k/a
Saks Fifth Avenue; HARRY C. LEVY GARDENS-HOUSING AUTHORITY OF
THE CITY OF LAS VEGAS; JORDAN HOSPITAL, INC.; UNIVERSITY OF NEW
ENGLAND-WESTBROOK COLLEGE, f/k/a Webber Hospital; 1199 SEIU,
f/k/a 310 West 43rd Street Building,

                            Appellants

On Appeal from the United States District Court
for the District of Delaware
(D. C. Nos. 07-cv-00287- 00330)
District Judge: Hon. Ronald L. Buckwalter

Submitted under Third circuit LAR 34.1(a)
on December 12, 2008

Before: McKEE, SMITH and ROTH, Circuit Judges

(Opinion filed : March 11, 2009)

OPINION

**ROTH**, Circuit Judge:

 Forty-four claimants in the bankruptcy proceeding of W.R. Grace & Company

appeal the judgment of the United States District Court for the District of Delaware

2

affirming the Bankruptcy Court's Order disallowing their asbestos property damage claims against W.R. Grace, et. al. (Grace). For the reasons discussed below, we will affirm.

Because the facts are well known to the parties, we will discuss them only briefly here.

Grace filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware on April 2, 2001. In April 2002, the Bankruptcy Court entered an order that established March 31, 2003 as the "bar date"—the date by which proofs or claims must be filed. After the bar date the law firm of Speights & Runyan (S&R) nevertheless filed 2,938 asbestos property damage claims against Grace. None were personally signed by the claimants. Instead, either Daniel Speights or Amanda Steinmeyer, both of S&R, signed the claims. This prompted the Bankruptcy Court to order S&R to categorize all of its asbestos property damage claims based "upon the authority by which it had filed the claims."

For the forty-four claims at issue here, claimants conceded that they authorized S&R to bring their claims after the bar date. The Bankruptcy Court thus entered the Order disallowing and expunging the claims. Claimants appealed, and the District Court affirmed. Claimants now appeal the District Court's Order.

The Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. The District Court appropriately exercised its appellate jurisdiction pursuant to 28 U.S.C.

3

§ 158(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the District Court sat as an appellate court reviewing a final order of the Bankruptcy Court, our review of its decision is plenary. *E.g., In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

Claimants first argue that the Bankruptcy Court erred in disallowing their claims because S&R had authority to file individual claims on claimants' behalf by virtue of its role as class counsel in a South Carolina class action. We review the Bankruptcy Court's legal determination *de novo*. *In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007). Claimants' argument fails because the authority to act for a class pursuant to Rule 23 does not imply any authorization to file a proof of claim for an individual in bankruptcy proceedings. *See In re Standard Metals Corp.*, 817 F.2d 625, 631 n.10 (10th Cir. 1987), *vacated in part on other grounds*, 839 F.2d 1383 (10th Cir. 1988).

Claimants next argue that the Bankruptcy Court erred in disallowing their claims because each claimant retroactively ratified S&R's filings after the bar date. We review this legal determination *de novo*. *In re Myers*, 491 F.3d at 125. Ratification results when a principal affirms a previously unauthorized act by her agent. *In re Packer Ave. Assocs.*, 1 B.R. 286, 292 (Bankr. E.D. Pa. 1979). The effect of ratification is to give the agent the authority to perform the unauthorized act as of the time the agent performed the unauthorized act. *Id.* But the intervening bar date vitiates claimants' argument because ratifications are deemed ineffective in the face of an intervening deadline. *See, e.g., Fed.*

4

*Elect. Comm'n v. NRA Political Victory Fund*, 513 U.S. 88, 98 (1994) ("[I]t is essential that the party ratifying should be able not only to do that act ratified at the time the act was done, but also at the time the ratification was made.") (internal quotation marks removed) (emphasis removed). Claimants' attempted ratifications were thus ineffective ratifications.

Claimants finally argue that the Bankruptcy Court erred in disallowing their claims because they should have been allowed to conduct discovery and present evidence that they were "known creditors" who did not receive actual notice of the bar date. We review the Bankruptcy Court's discovery rulings for abuse of discretion. *In re Kiwi Intern. Air Lines, Inc.*, 344 F.3d 311, 323 (3d Cir. 2003). An abuse of discretion occurs "if a discovery ruling is seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Public Loan Co. v. Fed. Deposit Ins. Corp.*, 803 F.2d 82, 86 (3d Cir. 1986) (internal quotation marks omitted).

Known creditors must be provided with actual written notice of a debtor's bankruptcy filing. *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). A known creditor is one "whose identity is either known or 'reasonably ascertainable by the debtor.'" *Id.* (quoting *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988). A creditor's identity "is reasonably ascertainable if that creditor can be identified through reasonably diligent efforts." *Id.* (internal quotation marks and citations omitted). Reasonable diligence does not require impracticable and extended searches. *Id.* The

5

requisite search for a known creditor, instead, usually requires only a careful examination of a debtor's books and records. *See id.* at 347.

Here, claimants argue that their identities were reasonably ascertainable from a review of Grace's records. For Grace to notify claimants, it would have to (1) conduct searches for thousands of buildings where Grace asbestos-containing product was installed and (2) search those title records to locate the current owners of those buildings. We have held that debtors are not required to conduct title searches to locate prospective claimants because it is beyond the reasonably ascertainable standard. *See id.* at 348. The Bankruptcy Court thus acted well within its discretion.

The Bankruptcy Court did not err in disallowing claimants' claims as untimely, and the District Court did not err in affirming the Bankruptcy Court's decision. For the reasons set forth above, we will affirm the judgment of the District Court.