THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: Docket Nos. 20842, 20981, 21077, 21093 |
| | ) | and 21120 |
| | ) | |

Hearing Date: April 1, 2009 at 10:30 a.m..

**DEBTORS' REPLY TO ANDERSON MEMORIAL'S OBJECTION TO ZAI CLAIMANTS' MOTION FOR FINAL APPROVAL OF THE U.S. ZAI CLASS SETTLEMENT AND DEBTORS' OBJECTION TO ANDERSON MEMORIAL'S MOTION TO DEFER AND CONSOLIDATE WITH CONFIRMATION**

The Debtors file this reply to Anderson Memorial's Objection to the ZAI Claimants' Motion (the "Anderson Objection). Anderson's Objection is nothing more than a thinly-disguised Plan[2] confirmation objection inappropriately filed as an objection to final approval of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] The "Plan" is the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future

(Continued...)

the U.S. ZAI Class Settlement and is based on its patently meritless ZAI claim. To the extent that the Anderson Objection also constitutes a motion to defer final approval of the U.S. ZAI Class Settlement, the Debtors also object to the relief sought.[3] U.S. ZAI PD Claimants can benefit from class counsel advising them about the Plan and their voting rights, and delaying approval of the U.S. ZAI Class Settlement serves no legitimate purpose.[4]

### Anderson's ZAI Claim Is Meritless, and Its Factual Recitation Related to Its Purported Claim is Wholly Erroneous.

Anderson's purported ZAI class claim on which it bases its ability to object is both without merit and improper, and Anderson must not be afforded the ability to derail approval of the U.S. ZAI Class Settlement based on such claim. On March 13, 2009, the Debtors filed an objection to Anderson's claim,[5] which makes clear that:

- Anderson's ZAI class proof of claim was filed improperly and without this Court's permission, even after this Court rejected an earlier attempt by Anderson to obtain certification of a class of property damage claimants;[6]

- Anderson's ZAI class claim is founded on the false assertion that an Anderson class was certified against Grace. No Anderson class was certified as to Grace, and there is

---

[3] Anderson Memorial's pleading was framed as both an objection to the ZAI Claimants' Motion (Dkt. No. 20981), and also as a "motion to defer," making it unclear to the Debtors whether a "reply" or an "objection" was appropriate here. Because the Debtors believe that Anderson's attempt to characterize their pleading as a motion was inappropriate procedurally because a motion would require greater notice and a hearing, the Debtors concurrently are seeking leave to file this pleading as a "reply," and will limit their response to the allotted 5-page cap that this Court allows for replies should leave be granted.

[4] Furthermore, Anderson has no standing to object and move to defer approval. Class members can object to approval of a class settlement. *See* Fed. R. Civ. P. 23(e)(5) ("[a]ny class member may object to the [settlement]"). An opt out is not a class member, and, therefore, has no standing to object to a class settlement once the opt-out is no longer part of the class. *See Kusner v. Frist Penn. Corp.*, 74 F.R.D. 606, 610 n.3 (E.D. Pa. 1977), *aff'd*, 577 F.2d 726 (3rd Cir. 1978).

[5] Debtors' Objection to Anderson Memorial Hospital Zonolite Attic Insulation Class Proof of Claim (Dkt. No. 21006), dated March 13, 2009.

[6] *Id.* at 3.

2

no reason to certify the class now where preliminary approval of a nationwide class has already been approved by this Court;[7] and

- There is *no basis* to conclude that Anderson even holds a Class 7B Claim under the Plan (*i.e.*, a valid US ZAI PD Claim). ZAI was primarily used in homes. Anderson is a hospital, and Anderson's claim is devoid of any evidence that this home insulation product is present in the Anderson Memorial Hospital or in any premises owned by any other claimant in the putative class that the Anderson claim purports to represent.

Anderson now relies on this meritless claim as the basis for its ability to object to everything and anything related to the Debtors' effort to resolve their ZAI liability, including the approval of the U.S. ZAI Class Settlement. In particular, to mitigate its total lack of standing to participate in any issues related to the U.S. ZAI Class Settlement, Anderson stoops to revisionist history and factual distortion. Thus, Anderson submits that its South Carolina state court class action complaint included ZAI since "approximately 1998." (Anderson Objection at 1). This is simply not correct. The complaint was filed in 1992, was amended thereafter in 1993 and 1996,[8] and in no versions of the complaint were there specific references or allegations made regarding Zonolite Attic Insulation.[9]

In addition, Anderson notes that the order conditionally certifying the class in South Carolina state court "specifically included attic insulation claims," (Anderson Objection at 2), but as noted above and as this Court is already well aware, the class certification order in South Carolina *did not apply to Grace*. The order conditionally certifying the class in South Carolina state court was issued *after* the Debtors were in bankruptcy; thus, the Debtors were not parties to

---

[7] *Id.* at 4. It should also be noted that Anderson did *not* object to preliminary approval of the U.S. ZAI Class Settlement.

[8] Grace believes Anderson's reference to "1998" was intended to be "1996" in so far as Grace is unaware of any amended complaint beyond 1996.

[9] The complaint was amended in 1996 to refer to "asbestos-containing surfacing materials," which the Debtors dispute includes ZAI or any non-roll granular attic insulation.

3

that action. In any event, this is not the same as being a class action against Grace involving ZAI.[10] Indeed, this Court has previously reviewed the record in the South Carolina proceedings and found that "there is no pre- or post-petition Anderson Memorial class certified as to Grace."[11] Accordingly, all of Anderson's assertions about its certified South Carolina state court class action in terms of Grace and/or ZAI are baseless, should be ignored in these chapter 11 cases, and provide Anderson with no platform for addressing the U.S. ZAI Class Settlement.

### Even if Anderson Did Have a Valid ZAI Claim, There is No Injustice to Anderson If The U.S. ZAI Class Settlement is Approved Because Anderson Would Retain All of Its Bankruptcy Rights In These Cases.

Anderson alleges it is suffering some sort of injustice if the U.S. ZAI Class Settlement is approved because it does not believe the treatment for holders of U.S. ZAI PD Claims will be proper under the Plan. (Anderson Objection at 3-4). Anderson is misguided. First, assuming it holds a legitimate ZAI claim (which the Debtors dispute), then it can object to plan confirmation on this basis. Furthermore, it can vote against the Plan if it chooses to. Its bankruptcy rights to object to confirmation of the Plan if its claim is not otherwise disallowed by this Court and to vote for or against the Plan entirely are preserved, and the U.S. ZAI Class Settlement does nothing to impair Anderson's bankruptcy rights. Simply put, approval of the U.S. ZAI Settlement is *not* approval of the Plan.

---

[10] Since the action was already stayed as to Grace, Grace did not participate in the proceedings in July 2001 when the court entered its order, and did not have the opportunity to object to the inclusion of "attic insulation claims" in the footnote found in the South Carolina Court's order. No other parties who were defendants when the order was entered manufactured attic insulation products. Grace, therefore, contends reference to attic insulation claims was inappropriate in and of itself.

[11] Memorandum Opinion and Order Denying With Prejudice Motion of Anderson Memorial Hospital for Class Certification (Dkt. No. 18821), dated May 29, 2008 at 3.

4

### **Delaying Approval of the U.S. Class Settlement Serves No Legitimate Purpose**

Deferring approval of the U.S. ZAI Class Settlement, as Anderson requests, would serve no purpose. As already discussed, certifying this class and approving the settlement now does not take away Anderson's rights to vote against or object to confirmation of the Plan. Further, any other opt-outs can vote against the Plan as well. Indeed, ZAI claimants who *opt-in* to the proposed ZAI Class may *still vote against the Plan* pursuant to the Plan voting procedures -- there is nothing in the Voting Procedures that would disenfranchise an individual holder of a timely-filed and allowable US ZAI PD Claim who otherwise complied with the Plan voting procedures and who wants to vote for or against the Plan.[12] The settlement simply provides non opt-outs with the added benefit of class representatives and class counsel now who can assist them in understanding the Plan, and who can vote on their behalf should they choose this option.[13] Delaying final approval of the U.S. ZAI Class Settlement will needlessly deprive that benefit to thousands of holders of US ZAI PD Claims who otherwise have indicated their support for the U.S. ZAI Class Settlement.

---

[12] *See* Notice of Filing of Proposed Confirmation and Solicitation Procedures for First Amended Joint Plan filed on February 27, 2009 (Dkt. No. 20864), Exh. C. at 12-13, 20-21. It should be noted that this was approved as part of the Disclosure Statement hearing, and Anderson Memorial did not object to these procedures.

[13] *Id.* at 21.

Accordingly, Anderson's objection should be overruled, and its motion to defer approval of the U.S. ZAI Class Settlement should be denied.

Dated: March 24, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
Theodore L. Freedman
Deanna D. Boll
153 East 53rd Street
New York, NY 10022
(212) 446-4800

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession