IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., et al., | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | re item 9, 4/1/09 |

## ORDER

This matter is before the Court on the motion of the U.S. ZAI Class for final approval of a class settlement pursuant to Fed. R. Civ. P. 23(e) and Fed. Bankr. R. 7023. In this circuit, proposed class settlements are analyzed under the Girsh / Prudential factors. Girsh v. Jepson, 521 F.2d 153, 156-57 (3d Cir. 1975), and In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 323 (3d Cir. 1998). These factors focus on: the difficulties the class was likely to encounter without a settlement in proving liability and damages; the stage of the proceedings at which the settlement was reached; the settlement amount as compared to possible outcomes through litigation; the reaction of the class; the reasonableness of the claims process; and the transactional costs and fees. Not all of the Girsh / Prudential factors apply to the same degree in every case. In re Electrical Carbon Preps Antitrust Litig., 447 F.Supp.2d 389, 403 (D.N.J. 2006). In a bankruptcy settlement, the Court must also ensure that the settlement is fair to other creditors. In re Devon Capital Mgmt., Inc., 261 B.R. 619, 623 (Bankr. W.D. PA 2001).

In its memorandum in support of the motion for final approval, the U.S. ZAI Class has reviewed each of the Girsh / Prudential factors in detail, demonstrating that each of the factors favors settlement. This Court agrees with and hereby adopts the reasoning advanced in the Class' memorandum and finds that the settlement meets all of the relevant criteria to constitute a "fair, reasonable and adequate" resolution of the U.S. ZAI Class claims.

1

It is apparent that the U.S. ZAI Class has faced and continues to face formidable obstacles in proving liability and damage, absent settlement. This Court's opinion on the "Science Trial" summary judgment motions reflects some of its views on these difficulties. Following the summary judgment proceedings, this Court entertained a number of motions by the ZAI claimants addressing appellate review, the automatic stay, appointment of a court expert, the ZAI bar date, and ZAI class certification. These motions highlighted the difficulty and complexity of the issues involving ZAI. The Court urged the parties on several occasions to seriously consider settlement, which the parties ultimately did. The settlement that eventually resulted in late 2008 came after seven years of bankruptcy proceedings that included significant discovery and pretrial activity on ZAI liability and damage issues. Counsel for the negotiating parties are well versed in the fields of asbestos and class action litigation. The settlement is the product of careful negotiation by experienced counsel on both sides.

The settlement itself is a creative effort to secure meaningful and appropriate benefits for U.S. ZAI Class members in the face of conflicting views as to Grace's ultimate liability. The settlement provides for the reorganized debtor, pursuant to its First Amended Plan, to make two fixed payments of $30 million each, followed by up to eight contingent annual payments of $10 million each over the ensuing twenty year period if the assets in the ZAI fund are below $10 million on any date after the fifth anniversary of plan confirmation. Structuring the settlement in this manner enabled the ZAI claimants to secure a settlement figure deemed sufficient by Class Counsel to meaningfully respond to the needs of Class members, while protecting Grace against the possibility of its having agreed to a disproportionately large settlement figure, given the number of participating ZAI Class members, and other ZAI claimants, if any, that materialize. The potential $140 million fund to assist with ZAI remedial action as contemplated by the settlement and Grace's First Amended Plan is certainly a fair and adequate outcome for a Class

2

that otherwise faced serious obstacles on the merits and additional risks involved in maintaining a litigation class through the trial stage. While a larger theoretical ZAI recovery can be postulated, the settlement amount is fair and adequate given Grace's doubtful willingness or ability to pay a significantly greater sum, and the significant creditor demands being placed on Grace. The settlement provides other substantial benefits to claimants through the creation of a comprehensive, multi-year ZAI educational campaign and a minimum twenty-year life for the ZAI facility that will avoid the necessity for homeowners to make hasty decisions on abating ZAI.

In accordance with due process considerations, Class members were provided with individual notice of the settlement and of the opportunity to comment on the settlement or opt-out of the Class if they desired. Less than 2% of the Class has elected to opt out of the U.S. ZAI Class. While some class members have expressed disappointment that the facility's remediation assistance percentage of 55% is not higher, this reimbursement percentage, coupled with the relaxed evidentiary requirements for such recovery, renders the recovery fair, reasonable and adequate given the realities of Grace's bankruptcy and the difficulties that the ZAI claimants would otherwise encounter in establishing liability and damages. The determination that the settlement is fair, reasonable, and adequate is further bolstered by the fact that no pre-bankruptcy ZAI litigation had previously established Grace's liability or secured recovery for a ZAI claimant. No Class member, further, has filed comments opposing the fairness, reasonableness, or adequacy of the settlement.[1]

---

[1] One former class member, Anderson Memorial Hospital, opted out of the class and then filed a "Limited Objection" in which it does not challenge the fairness, reasonableness, or adequacy of the settlement. Instead, it asks the Court to defer considering settlement approval until Plan confirmation. Dkt. No. 20981 at 1. ~~Anderson has no standing to object to the class settlement because it has opted out of the class (Dkt. No. 20981 at 2). Moreover, it cannot represent any other building owner who may have ZAI because this Court has already denied its motion for class certification. Dkt. No. 18824.~~ In any event, Anderson's concern with the treatment of its ZAI claim under the Plan, if indeed it has ZAI, is a confirmation matter and not a reason to deny approval of this class settlement.
3

The Court further finds that the ZAI class claims facility to be established under Section 524(g) of the bankruptcy code will afford a reasonable and user-friendly procedure for U.S. ZAI claimants to receive compensation for ZAI-related costs. Claimants avoid a plethora of litigation defenses in the facility that would otherwise confront them in a contested claim proceeding. To receive a 55% contribution for their ZAI-related abatement expenses up to the negotiated cap, U.S. ZAI claimants need only establish their ownership interest in the property, the existence of ZAI on their property, and their having incurred abatement or removal costs associated with ZAI. The settlement provides for administration under sensible trust distribution procedures which ensure that claims are processed equitably and efficiently. The facility is designed such that ZAI claimants may readily participate without the necessity of having secured the assistance of counsel.

The Court also finds that the Class Counsel fee provisions contained in the settlement, which provide for submitting a fee petition to this Court and limit such fees to 25% of the first two Grace payments, do not give cause to doubt the fairness or reasonableness of the Class settlement. Class Counsel's fee petition, appropriately, will not be submitted until after confirmation of Grace's First Amended Plan which incorporates the settlement. Accordingly, the Court does not pass on any attorneys' fee issue at this time. For purposes of determining that this Class settlement is fair, reasonable, and adequate, however, the Court notes that a 25% fee is considered a benchmark in this circuit for a reasonable class action attorneys' fee award. In re Warfarin Sodium Antitrust Litig., 212 F.R.D. 231, 262 (D. Del. 2002). The present Class settlement, finally, does not involve the circumstances that have given other courts concern in approving class settlements, namely, where the attorneys have concurrently negotiated benefits for the class and a fee for themselves.

The Court also finds that the class settlement is fair, reasonable, and adequate as a matter of general bankruptcy principles in that it does not single out any other group of creditors for disparate treatment. All creditors have been given notice of the proposed U.S. ZAI Class settlement. No creditor constituency has posed an objection to this class settlement.

For the foregoing reasons, the Court finds that the proposed U.S. ZAI Class settlement is fair, reasonable and adequate, and that settlement is hereby given final approval. The Court retains jurisdiction over the matter to effectuate the settlement through the plan of reorganization and for such other and further matters as may be required.

IT IS SO ORDERED, this __1__ day of __April__ 2009.

_____
Hon. Judith K. Fitzgerald
United States Bankruptcy Judge