**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 01-01139 JKF |
| W.R. GRACE & CO., *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |

**NOTICE OF DEPOSITION OF ASBESTOS PI COMMITTEE
PURSUANT TO RULE 30(B)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure and Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, OneBeacon America Insurance Company ("OneBeacon"), Seaton Insurance Company ("Seaton"), Government Employees Insurance Company ("GEICO"), and Columbia Insurance Company f/k/a Republic Insurance Company ("Columbia"), through their undersigned counsel, will take the deposition of the **Official Committee of Asbestos Personal Injury Claimants** (the "Committee"), c/o Peter Van N. Lockwood, Esq., Caplin & Drysdale, Chartered, One Thomas Circle N.W., Suite 1100, Washington, DC 20005. The deposition will commence on **April 24, 2009**, beginning at **9:30 a.m.**, at Drinker Biddle & Reath LLP, 1100 N. Market Street, Wilmington, DE 19801-1254, and will continue from day to day thereafter until complete. The deposition will proceed before an officer authorized by law to administer oaths and will be recorded by stenographic means. You are hereby invited to attend and examine the witness.

Pursuant to Rule 30(b)(6), the Committee shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf as to all facts and other information known or reasonably available to the Committee relating to the matters set forth in Attachment A. For each person designated to testify as to any matter set forth in Attachment A, the Committee is requested to produce at the deposition all documents which the person has

reviewed in preparing to testify with respect to the matters as to which the person is designated to testify, and, unless already made available in discovery, all other documents relating to the matters set forth in Attachment A.

Dated: April 9, 2009

/s/ David P. Primack
Warren T. Pratt (DE Bar I.D. #4334)
David P. Primack (DE Bar I.D. #4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE  19801-1243
Telephone: (302) 467-4200
Facsimile:  (302) 467-4201

- and -

Michael F. Brown (*pro hac vice*)
Jeffrey M. Boerger *(pro hac vice)*
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

Counsel for OneBeacon America Insurance Company, Seaton Insurance Company, Government Employees Insurance Company, and Columbia Insurance Company f/k/a Republic Insurance Company

# ATTACHMENT A

## DEFINITIONS

1. "Plan" means the Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009.

2. The following terms have the meanings ascribed to them in the Plan:

   a. "Asbestos Insurance Entity"

   b. "Asbestos Insurance Entity Injunction"

   c. "Asbestos Insurance Rights"

   d. "Asbestos Insurance Transfer Agreement"

   e. "Asbestos PI Channeling Injunction"

   f. "Asbestos PI Claim"

   g. "Asbestos PI FCR"

   h. "Asbestos PI TAC"

   i. "Asbestos PI Trust"

   j. "Asbestos PI Trustee"

   k. "Asbestos PI Trust Agreement"

   l. "Asbestos PI Trust Distribution Procedures"

   m. "Bankruptcy Code"

   n. "Class"

   o. "Debtors"

   p. "Exhibit Book"

  q. "General Unsecured Claim"

  r. "Indirect PI Trust Claim"

  s. "Plan Documents

  t. "Settled Asbestos Insurance Company"

 3. "BNSF" means BNSF Railway Company, or any predecessor of BNSF Railway Company, including without limitation, the Great Northern Railway Company, the Burlington Northern Railroad Company, and The Burlington Northern & Santa Fe Railway Company.

 4. "Document" or "documents" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, the original and non-identical copy of any written, electronic, recorded, or graphic matter, however produced or reproduced, including, without limitation, any correspondence, memoranda, notes, meeting minutes, telegrams, reports, transcripts, e-mails, or telephone conversations or any other writings or documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith, and any other retrievable matter (whether encarded, taped or encoded, electrostatically or otherwise), in the possession, custody, or control, of you, your agents, employees, counsel, or other representatives.  Non-identical copies, drafts, and identical copies with handwriting are separate "documents" within the meaning of that term.

 5. "Kaneb" means Kaneb Pipe Line Operation Partnership, L.P. and/or Support Terminal Services, Inc.

 6. "Libby Claimants" means the claimants who allege personal injuries due to exposure to asbestos from the Debtors' operations in Lincoln County, Montana.

 7. "Non-Settled Asbestos Insurance Company" means any Asbestos Insurance Entity other than a Settled Asbestos Insurance Company.

8. "Scotts" means The Scotts Company, LLC.

SUBJECT MATTER OF TESTIMONY

A.     Classification and treatment of Indirect PI Trust Claims, including "Indemnified Insurer TDP Claims" and "Insurance-Related TDP Claims" as those terms are used in Sections 5.13 and 5.12 respectively of the Asbestos PI Trust Distribution Procedures.

B.     Bases for the classification of certain contractual indemnity claims held by Settled Asbestos Insurance Companies as Class 6 Asbestos PI Claims.

C.     Bases for the classification and treatment of non-asbestos-related contractual indemnity claims held by Settled Asbestos Insurance Companies as Class 9 General Unsecured Claims.

D.     Scope and operation of the Asbestos PI Channeling Injunction.

E.     Scope and operation of the Asbestos Insurance Entity Injunction and Successor Claim Injunction.

F.     Scope and operation of Section 7.15 of the Plan entitled, "Insurance Neutrality," and any other purported insurance neutrality provisions in the Plan or Plan Documents.

G.     Operation of the Asbestos PI Trust Agreement and Asbestos PI Trust Distribution Procedures.

H.     Bases for Settled Asbestos Insurance Company designations appearing in Exhibit 5 to the Exhibit Book.

I.     Scope and bases for releases and exculpation provisions in the Plan.

J.      The scope, operation, and necessity of the findings of fact, conclusions of law, orders, and decrees set forth in Section 7.7 of the Plan.

K.      The impact of the Plan and Plan Documents on the claims asserted, threatened, or that may later be asserted by Scotts, BNSF, the Libby Claimants, and/or Kaneb against the Debtors and/or any Asbestos Insurance Entity.

L.      The criteria used to select the Asbestos PI Trustees and the Asbestos PI TAC.

M.      The business background, experience, and qualifications of the individuals selected to be the Asbestos PI Trustees and the members of the Asbestos PI TAC.

N.      The respective powers and authority conferred upon the Asbestos PI Trustees, Asbestos PI TAC, and the Asbestos PI FCR under the Plan and Plan Documents including, but not limited to, the Asbestos PI Trust Agreement, Asbestos PI Trust Distribution Procedures, and the Asbestos Insurance Transfer Agreement.

O.      The respective roles of the Asbestos PI Trustees, Asbestos PI TAC, and the Asbestos PI FCR in the evaluation, handling, defense and settlement/resolution of Asbestos PI Claims under the Plan and Plan Documents.

P.      The role, if any, of the Asbestos Insurance Entities in the evaluation, handling, defense and settlement/resolution of Asbestos PI Claims under the Plan and Plan Documents.

Q.      The scope of the Asbestos Insurance Rights that are to be transferred or assigned to the Asbestos PI Trust pursuant to the Asbestos Insurance Transfer Agreement, and any other Plan Documents.

R. The impact of the Plan and Plan Documents on the respective rights and duties of the Debtors and Asbestos Insurance Entities under the Asbestos Insurance Policies.

S. The impact of the Plan and Plan Documents on subsequent coverage litigation between the Asbestos PI Trust (or the Debtors) and Asbestos Insurance Entities including, but not limited to, Non-Settled Asbestos Insurance Companies.

T. The nature and value of the Asbestos PI Trust Assets to be used to fund the Asbestos PI Trust.

U. The Plan's compliance with Section 524(g) of the Bankruptcy Code, as well as other applicable provisions of the Bankruptcy Code.

V. Any other topic identified in a Rule 30(b)(6) Deposition Notice served by any Asbestos Insurance Entity on the Official Committee of Asbestos Personal Injury Claimants.