IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>                Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br>Related Docket Nos. 19581, 19620<br><br>**ALLEN SCHWARTZ'S DECLARATION OF GOOD FAITH IN CONNECTION WITH MOTION TO STRIKE WHITEHOUSE EXPERT REPORT OR, ALTERNATIVELY, COMPEL THE PRODUCTION OF DOCUMENT AND DATABASES ON WHICH HE RELIES AND FOR ENTRY OF A CONFIDENTIALITY ORDER** |

      I, ALLEN SCHWARTZ, affirm that to the best of my knowledge the following is true under penalty of perjury:

      1.     I am an associate with the law firm of O'Melveny & Myers LLP, attorneys for Arrowood Indemnity Company f/k/a Royal Indemnity Company ("Arrowood") in the above-entitled action.

      2.     Dr. Alan Whitehouse is an expert on behalf of the Libby Claimants. Dr. Whitehouse filed a supplemental expert report in connection with confirmation proceedings on March 16, 2009. Dr. Whitehouse previously submitted an expert report dated September 25, 2006. In paragraph 5 of the Dr. Whitehouse report dated September 25, 2006, Dr. Whitehouse states that, "Since 1980 I have evaluated or treated over 700 patients for asbestos disease from Libby asbestos. *Since about 2000, patient data has been tracked on a database.*" (emphasis added.) Elsewhere in his expert report, Dr. Whitehouse refers to results that appear to be extrapolated from one or more databases. He also attaches several charts that appear to have

been generated from a Libby claimant database. Separately, Dr. Whitehouse refers on a number of occasions in his report to exposure and other histories that he generated and reviewed in formulating his opinions, as well as other documents.

3. The Libby Claimants did not provide Arrowood with the databases referred to in Dr. Whitehouse's expert reports. Nor have the Libby Claimants produced to Arrowood all the documents that Dr. Whitehouse refers to in his expert reports.

4. In a good faith effort to obtain the databases and other documents and information Dr. Whitehouse refers to in his expert reports, and to reach a consensual resolution, I wrote to counsel for the Libby Claimants, Daniel C. Cohn, on March 10, 2009, and asked him to provide us with the exhibits the Libby Claimants attached, and referred to, in their discovery responses to the ACC's document requests. I also offered to go Mr. Cohn's Boston office. I attach a copy of that letter as Exhibit B of the Declaration of Allen Schwartz in connection with this motion (the "Declaration"). I wrote Mr. Cohn on March 10 in an effort to get these documents before the deposition of Dr. Whitehouse on March 19.

5. In response, I received an email from Mr. Cohn's partner, Christopher M. Candon, on March 11, 2009 stating that "no documents have been or will be produced until the entry of a satisfactory protective/confidentiality order." I attach a copy of that email as Exhibit E of the Declaration. On the same day, March 11, I wrote Grace's counsel, Janet Bear, and asked her to produce any databases concerning the Libby Claimants. I attach a copy of that letter as Exhibit X of the Declaration. In December, we made a similar request and I was told that my colleague Mr. Schiavoni was informed by Grace's counsel that Grace did not have any databases from Dr. Whitehouse.

6. On March 16, 2009, I wrote Mr. Cohn after the Libby Claimants failed to serve Dr. Whitehouse's supplemental expert report to us, instead only serving us with a notice of service. In the letter, I said, "we reiterate that we agree to treat any personal medical information as confidential." I attach a copy of that letter as Exhibit C of the Declaration.

7. On March 17, 2009, Mr. Candon replied by email, and agreed to provide the supplemental expert report but stated that "we will hold service of the confidential reliance materials until the entry of a confidentiality order." I have attached a copy of that email as Exhibit S of the Declaration.

8. My colleague Mr. Schiavoni wrote both Mr. Cohn and Mr. Candon on March 17, 2009 and attached a proposed confidentiality order in that email. He stated that "this is a good faith effort at a reasonable compromise that protects your interests. We need to resolve this today." I attach a copy of that email as Exhibit W of the Declaration.

9. In a further effort to resolve these issues, I also sent a letter to Mr. Cohn on March 17, 2009 requesting the databases and other information Dr. Whitehouse says he used in connection with his expert report. In the letter, I explicitly said "We need this information to be in a position to go forward with discovery and to prepare for the deposition of Dr. Whitehouse. We would be very thankful and very appreciative, if you provided these databases to us." I attach a copy of that letter as Exhibit D of the Declaration. I am not aware of any response by the Libby Claimants to my letter.

10. I have been told that after writing Mr. Cohn and Mr. Candon, Mr. Schiavoni called and spoke to Mr. Cohn. Mr. Schiavoni told me that he offered to retain any medical records as confidential and sign the confidentiality agreement that he sent earlier in the day. In response to Mr. Schiavoni's call, the Libby Claimants did not delay the deposition of Dr.

Whitehouse or offer to produce the databases or documents. They went forward with the deposition without producing the documents and without showing any detectable interest in working with us to reach agreement on a pre-deposition protective order.

11. I have heard that after Dr. Whitehouse's deposition, Grace made a further attempt to convince the Libby Claimants to produce the withheld documents. Email correspondence from the Libby Claimants indicates that they rejected the confidentiality agreement provided by Grace. I attach a copy of that email from the Libby Claimant's counsel as Exhibit U of the Declaration. The Libby Claimants have not filed a protective order, and have not agreed to produce the databases and documents Dr. Whitehouse generated and reviewed in formulating his opinions to us.

12. As set forth above, we have made a good faith effort to resolve this discovery dispute.

Dated: New York, New York
April 8, 2009

Allen Schwartz