**EXHIBIT F**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF)<br>Jointly Administered |
| Debtors. | |
| | **Ref. Nos. 20588 & 20622** |

## LIBBY CLAIMANTS' RESPONSE TO DEBTORS'
## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, made applicable hereto by Federal Rules of Bankruptcy Procedure 7034 and 9014, the Libby Claimants hereby respond to the Debtors' Requests to Libby Claimants for the Production of Documents:

### GENERAL OBJECTIONS

The Libby Claimants assert the following objections with respect to each of the Requests for Production:

1.      Libby Claimants object to any request for production of documents relating to or referencing "patients" or persons who are not represented by counsel and who are therefore not among the "Libby Claimants." Libby Claimants have no right or access to the private health care information or other documents for such non-clients, and the requested documents regarding such non-clients are not within the possession, custody, or control of Libby Claimants.

2.      Libby Claimants object to any request for production of documents relating to or referencing "patients" or persons who are not represented by counsel and who are therefore not among the "Libby Claimants" as unduly burdensome.

3.      In addition, subject to the above General Objections and any specific objections stated below, Libby Claimants state that their Responses to Debtors' Requests for the Production of Documents are provided pursuant to Federal Rule of Civil Procedure 34, made applicable hereto by Federal Rules of Bankruptcy Procedure 7034 and 9014, and are not intended to fulfill or satisfy any independent obligations regarding expert witnesses that Libby Claimants might have pursuant to Federal Rule of Civil Procedure 26(a)(2).  Libby Claimants reserve their right to produce additional or separate documents in response to any potential obligations or disclosure requirements pursuant to Federal Rule of Civil Procedure 26(a)(2).

4.      Any production of documents made herein should not be considered as a waiver of the above General Objections.

## RESPONSES

1.      All Medical Records for any and all patients of Dr. Whitehouse whose medical conditions form the basis for the opinions expressed in his December 29, 2008 expert report, including by way of example but not limited to the 700 patients referenced in paragraph 5 of Dr. Whitehouse's report, the 1,800 active cases referenced in paragraph 2 of Dr. Whitehouse's report, and all patients whose past medical records were produced to Grace or made available for use in this bankruptcy case pursuant to this Court's June 5, 2006 production order.

**Response:**      Objection to Debtors' Request for documents that Grace already has independent access to or already possesses by virtue of the Grace Libby Medical Program as unnecessary and unduly burdensome on Libby Claimants.  Objection also to Debtors' Request for "past medical records [already] produced to Grace or made available for use in this bankruptcy case pursuant to this Court's June 5, 2006 production order" as unnecessary and unduly burdensome on Libby Claimants.

Without waiving these objections or the above-stated General Objections, Libby Claimants direct the Debtors to: (1) Exhibit 2, produced in Response to RFP No. 2 of Libby Claimants' Response to Official Committee of Asbestos Personal Injury Claimants First Set of Requests for the Production of Documents, which consists of all medical records and death certificates within the possession, custody, or control of Libby Claimants to support Exhs. 7, 10, & 14 of the Expert Report of Dr. Alan C. Whitehouse 12/29/08; (2) Exhibit 3, produced in Response to RFP No. 4 of Libby Claimants' Response to Official Committee of Asbestos Personal Injury Claimants First Set of Requests for the Production of Documents, which consists of all medical records within the possession, custody, or control of Libby Claimants for 121 of the 123 patients relied upon in *Whitehouse* (2004); and (3) Exhibit 7, produced in Response to RFP No. 15 of Libby Claimants' Response to Official Committee of Asbestos Personal Injury Claimants First Set of Requests for the Production of Documents, which consists in part of all pulmonary function test result documents reflecting PFT's administered by CARD or Dr. Alan C. Whitehouse for the Libby Claimants and within the possession, custody, or control of Libby Claimants.

Libby Claimants further respond by directing the Debtors to the attached Exhibit 1, which represents ALL medical records presently within the possession, custody, or control of Libby Claimants.[1]

---

[1] Libby Claimants hired additional staff to complete the enormous undertaking of scanning all in-house medical records. All records within the possession, custody, or control of Libby Claimants are not yet scanned. The effort is only partially complete, represented by the attached Exhibit 1. The effort is ongoing, and this Response and the attached Exhibit 1 will be supplemented.

393.001-25283.doc

Libby Claimants further respond by stating that Libby Claimants will produce to Debtors, when available, documents referenced in the attached Exhibit 2, consisting of a signed medical authorization for each Libby Claimant, together with a list of each Libby Claimants' medical providers, enabling the Debtors to obtain any or all medical records otherwise responsive to this Request and not already referenced herein or provided hereto.  Generally, Libby Claimants respond that chest x-rays or CT scans for most Libby Claimants are available only through St. John's Hospital in Libby, and to a much lesser degree through the Libby CARD Clinic.  Regarding such x-rays and CT scans, Libby Claimants respond that Debtors (through Dr. Haber) had access to such medical records in 2007.

2.     For each of the patients whose Medical Records are requested in paragraph 1, all documents relating to each patient's duration and severity of exposure to asbestos fibers while in the vicinity of Libby, Montana or central Lincoln County, Montana.

**Response:**     Objection to request for "all documents relating to . . ." as vague, overbroad, and burdensome.

Without waiving this objection or the above-stated General Objections, Libby Claimants direct the Debtors to: (1) Exhibit 5, produced in Response to RFP No. 10 of Libby Claimants' Response to Official Committee of Asbestos Personal Injury Claimants First Set of Requests for the Production of Documents, which consists of all Address Histories and Work Histories within the possession, custody, or control of Libby Claimants; (2) Expert Report by Dr. Terry Spear 12/29/08, and the documents on which it relies, including Exhibit 6, produced in Response to RFP No. 11 of Libby Claimants' Response to Official Committee of Asbestos Personal Injury Claimants First Set of Requests for the Production of Documents, which consists of documents known as the Asbestos Common Exhibits, together with the trial and deposition

testimony of Earl Lovick, which constitute the documents on which the Expert Report by Dr. Terry Spear 12/29/08, relies; (3) Exhibit 7, produced in Response to RFP No. 15 of Libby Claimants' Response to Official Committee of Asbestos Personal Injury Claimants First Set of Requests for the Production of Documents, which consists in part of (a) an updated list of the Libby Claimants, incorporating the 937 total cases referenced in the Disclosure Statement Objection and those individuals who should now, since the October 17, 2008, filing date of the Disclosure Statement Objection, also be considered as Libby Claimants, together with information reflecting, if applicable, their date of starting and ending employment at Grace, dates of employment at Grace by any family members (if applicable), and for those Libby Claimants who have not produced an address history as part of the above-referenced Exhibit 6 produced in Response to RFP No. 11 of Libby Claimants' Response to Official Committee of Asbestos Personal Injury Claimants First Set of Requests for the Production of Documents, the dates of their Libby residence; and (b) a list of all Grace employees and their dates of employment, also known as the "Alpha list;" (4) and the Libby Studies, as listed on p.78 of and produced with the Expert Report of Dr. Alan C. Whitehouse 12/29/08.

        Libby Claimants also direct the Debtors to documents "filed" in the case of *Raymond Johnson v. Liberty NW Ins. Corp.*, Workers' Compensation Court of the State of Montana, WCC No. 2004-1092. *See* Federal Rule of Civil Procedure 26(b)(2)(C), which dictates that in the case of "all Documents filed" as public records, documents requested should be obtained by the Requesting Party in a more convenient, less burdensome, and less expensive manner than by taxing the limited resources of the Libby Claimants via the present request for production.

5

Libby Claimants also direct the Debtors to documents in the possession, custody, or control of Libby Claimants which were obtained from Debtors' Repositories, the EPA, or the Libby lumber mill. All such documents shall be made available at a reasonable time and in a reasonable manner for inspection by the Debtors at the offices of counsel for Libby Claimants: McGarvey, Heberling, Sullivan & McGarvey, P.C., 745 S. Main, Kalispell, MT, and Lewis, Slovak and Kovacich, P.C., 725 Third Avenue N., Great Falls, MT.

Libby Claimants also respond that "Exposure History" documents have been created by counsel for most of the herein-named Libby Claimants. Such documents, while potentially responsive to the request, are withheld pursuant to the work product doctrine, having been created by counsel, in anticipation of litigation, and incorporative of numerous mental impressions, conclusions, and opinions of counsel.

3.   For each of the Libby Claimants, as defined above, all of their Medical Records, including those Medical Records generated by treating physicians, pulmonologists other than Dr. Whitehouse, and non-pulmonary specialists.

**Response:**   See above Response to RFP No. 1.

Libby Claimants further respond by stating that Libby Claimants will produce to Debtors, when available, documents referenced in the attached Exhibit 2, consisting of a signed medical authorization for each Libby Claimant, together with a list of each Libby Claimants' medical providers, enabling the Debtors to obtain any and all medical records otherwise responsive to this Request and not already referenced herein or provided hereto.[2]

---

[2] Libby Claimants note the enormous undertaking of identifying ALL medical providers for ALL treatments. The effort is only partially complete, represented by the attached Exhibit 2. The effort is ongoing, and this Response and the attached Exhibit 2 will be supplemented.

6

4.     For each Libby Claimant or patient of Dr. Whitehouse whose exposure history was provided to Dr. Whitehouse by that individual's legal counsel (for example, James Roberts), all correspondence or documents in the possession of counsel reflecting the conversations between Dr. Whitehouse and counsel related to that Libby Claimant or patient's exposure history.

**Response:**     None.

5.     For each Libby Claimant who has been diagnosed with or died from a cancer other than mesothelioma, produce all documents, records, notes or memoranda related to Claimant's smoking history, exposure to radiation, or exposure to any other substance identified as a Group 1 Carcinogen by the International Agency for Research on Cancer.

**Response:**     Objection to request for "all documents, notes, or memoranda related to . . ." as vague, overbroad, and burdensome. Objection also to "Group 1 Carcinogen by the International Agency for Research on Cancer" as vague. *See* attached Exhibit 3, reflecting correspondence with the Debtors seeking clarification of the vague reference, but which never received a response.

Without waiving these objections or the above-stated General Objections, Libby Claimants direct the Debtors to the medical records referenced herein, which reflect information regarding smoking history and/or exposure to radiation or other carcinogens for the particular Libby Claimants at issue.

Libby Claimants further respond that "Exposure History" documents have been created by counsel for most of the herein-named Libby Claimants. Such documents, while potentially responsive to the request, are withheld pursuant to the work product doctrine, having

been created by counsel, in anticipation of litigation, and incorporative of numerous mental impressions, conclusions, and opinions of counsel.

Dated: March 24, 2009
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_(signature)_

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for the Libby Claimants*

8

393.001-25283.doc

# EXHIBIT 1

## (To be provided upon entry of a confidentiality order)

# EXHIBIT 2

## (To be provided upon entry of a confidentiality order)

# EXHIBIT 3

```
>
> ----- Original Message -----
> From: "Janet Baer" <jbaer@kirkland.com>
> To: "Jon L. Heberling" <jheberling@mcgarveylaw.com>
> Cc: "Christopher M. Candon" <candon@cwg11.com>; "Daniel Cohn"
> <cohn@cwg11.com>; "Jon" <jheberling@mcgarveylaw.com>; "Mark Kovacich"
> <mark@lsklaw.net>; "Tom Lewis" <tom@lsklaw.net>; <mlorimer@kirkland.com>
> Sent: Monday, February 09, 2009 1:30 PM
> Subject: Re: Grace RFPs
>
>
> Jon: In response to your first request, please see the
> attached.  Jan
>
> (See attached file: Libby Claimants whose records were
> produced in BR.xls)
>
> Janet S. Baer
> Kirkland & Ellis LLP
> 312-861-2162
> 312-660-0362 (fax)
> 200 E. Randolph
> Chicago, IL 60601
>
>
>
>          "Jon L.
>          Heberling
>          "                      To
>          <jheberli    jbaer@kirkland.com
>          ng@mcgarv            cc
>          eylaw.com    "Christopher M. Candon"
>          >             <candon@cwg11.com>,
>                       Daniel Cohn
>          02/06/200     <cohn@cwg11.com>, Tom
```

3/23/2009

```
>        9 10:08        Lewis <tom@lsklaw.net>,
>        AM             Mark Kovacich
>                       <mark@lsklaw.net>, Jon
>                       <jheberling@mcgarveylaw
>                       .com>
>                              Subject
>                       Grace RFPs
>
>
>
>
>
>
>
>
>
> Dear Jan:
>
>    In the Grace RFP of 1/23/09, item 1 requests all
> medical records for "all patients whose past medical
> records were produced to Grace or made available for
> use in this bankruptcy case pursuant to this Court's
> June 5, 2006 production order."  That production was
> done by CARD to Grace.  We have no list of patients
> whose medical records were provided.  Please send us a
> list of patients whose medical records were provided
> and the dates of such documents.
>
>    Item 5 seeks documents relating to "exposure to
> another substance identified as a group one carcinogen
> by the International Agency for Research on Cancer."
> We do not have this document.  Please supply us with a
> copy.
>
> Yours sincerely,
>
> Jon L. Heberling
> --
>
> --
> DO NOT read, copy or disseminate this communication
> unless you are the intended addressee.  This e-mail
> communication contains confidential and/or privileged
> information intended only for the addressee.  If you
> have received this communication in error, please call
> us (collect) immediately at (406)752-5566 and ask to
> speak to the sender of the communication.  Also please
> e-mail the sender and notify the sender immediately
> that you haveeived the communication in error.
>
```

3/23/2009