# EXHIBIT I

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| W.R. GRACE & CO., | ) |
| *et al.*,[1] | ) Case No. 01-1139 (JKF) |
| | ) |
| Debtors. | ) Jointly-Administered |
| | ) |
| | ) |

## ARROWOOD'S DOCUMENT REQUESTS DIRECTED TO W.R. GRACE & COMPANY IN CONNECTION WITH THE JOINT PLAN OF REORGANIZATION

PROPOUNDING PARTIES:   Arrowood Indemnity Company f/k/a Royal Indemnity Company (collectively, "Arrowood")

RESPONDING PARTY:   W.R. Grace & Co., *et al.* ("Debtors")

SET NO.:   Three

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable in these proceedings by Rules 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure,

---

[1] The Debtors are W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co: Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace 11, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (a/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G 11 Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation; Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Arrowood hereby directs the Debtors to produce the documents described below for inspection and copying at the offices of O'Melveny & Myers LLP, 7 Times Square Tower, New York, New York, 10036, no later than 30 days after service of this request.

## SCHEDULE OF DOCUMENT REQUESTS

### DOCUMENT REQUEST No. 1

All documents relating to the 1995 Royal Settlement Agreement.

### DOCUMENT REQUEST No. 2

All documents relating to any communications between the Debtors and the Libby Claimants, or their counsel, concerning Arrowood, any policy allegedly issued by Arrowood and/or the 1995 Royal Settlement Agreement.

### DOCUMENT REQUEST No. 3

All documents relating to any communications between the Debtors, on the one hand, and any of the Plan Proponents, on the other hand, concerning Arrowood, any policy allegedly issued by Arrowood and/or the 1995 Royal Settlement Agreement.

### DOCUMENT REQUEST No. 4

All documents relating to any request for insurance coverage from Arrowood for any claim for asbestos bodily injury.

### DOCUMENT REQUEST No. 5

All Documents Debtors received, other than from Arrowood, as Responses to the Document Requests that Debtors served in connection with the Joint Plan of Reorganization, including but under no circumstances limited to Documents received from Certain Insurers, BNSF Railway, Bank Lender Group, the State of Montana, Kaneb, the Official Committee of Unsecured

2

Creditors, and Longacre in their Responses to Debtors' Phase1 Requests For Production Of Documents to Certain Objecting Parties.

## DOCUMENT REQUEST No. 6

All Documents Debtors produced as Responses to Document Requests propounded on Debtors in connection with the Joint Plan of Reorganization, other than Documents Debtors produced to Arrowood as Responses to Arrowood's prior Document Requests.

## DEFINITIONS

When used in these Document Requests, the following terms shall have the following meanings:

A.  "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Document Requests any Documents or information that might otherwise be construed to be outside their scope.

B.  "All" or "any" means each and every.

C.  "Bank Lender Group" means certain lenders under the Pre-petition Credit Facilities (as defined in the Plan) who filed the Objection of Bank Lender Group to Debtors' Motion for Entry of an Order Approving Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief (Docket No. 19786), including Anchorage Advisors, LLC, Avenue Capital Group, Bass Companies, Caspian Capital Advisors, LLC, Catalyst Investment Management Co., LLC, Intermarket Corp., JD Capital Management, LLC, JP Morgan Chase, N.A. Credit Trading Group, Loeb Partners Corporation, MSD Capital, L.P., ) Murray Capital Management, Inc., Normandy Hill Capital, L.P., Ore Hill Partners, LLC, P. Schoenfeld Asset Management, LLC and Restoration Capital Management, LLC.

3

D.      "BNSF Railway" means the BNSF Railway Company and its predecessors, the Great Northern Railway Company, the Burlington Northern Railroad Company, and the Burlington Northern & Santa Fe Railway Company.

E.      "Certain Insurers" means Continental Casualty Company, Transportation Insurance Company and their American insurance affiliates; Federal Insurance Company; Seaton Insurance Company as successor-in-interest to Unigard Security Insurance Company; OneBeacon America Insurance Company as successor-in-interest to Commercial Union Insurance Company and American Employers' Insurance Company; Government Employees Insurance Co.; Columbia Insurance Company f/k/a Republic Insurance Company; Zurich Insurance Company; Zurich International (Bermuda) Ltd.; Maryland Casualty Company; Fireman's Fund Insurance Company; Allianz S.p.A. f/k/a Riunione Adriatica Di Sicurta and Allstate Insurance Company.

F.      "claim" means: (1) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured, or unsecured; or (2) any right to an equitable remedy for breach of performance if such right gives rise to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

G.      "Debtor" or "Debtors" means W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co: Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace 11, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy

4

Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (a/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G 11 Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation; Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

H.  "Document" or "Documents" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, the original and non-identical copy of any written, electronic, recorded, or graphic matter, however produced or reproduced, including, without limitation, any correspondence, memoranda, notes, meeting

5

minutes, telegrams, reports, transcripts, e-mails, or telephone conversations or any other writings or documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith, and any other retrievable matter (whether encarded, taped, or encoded, electrostatically, or otherwise), in the possession, custody or, or control of Grace, their agents, counsel or representatives. Non-identical copies, drafts, and identical copies with handwriting are separate "documents" within the meaning of that term.

I. "Document Request" or "Document Requests" means any request for Documents made pursuant to the Federal Rules of Civil Procedure as incorporated by the Federal Rules of Bankruptcy Procedure.

J. "Joint Plan of Reorganization" means the proposed First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of Grace dated as of September 19, 2008, as filed in the above-captioned cases [Dkt. No. 19579] and any amendments thereto.

K. "Kaneb" means Kaneb Pipeline Operating Parnership, L.P. and Support Terminal Services, Inc.

L. "Libby Claimants" are those claimants alleged to have been injured by exposure to tremolite asbestos from Debtor's operations in and near Libby, Montana.

M. "Longacre" means Longacre Master Fund Ltd.

N. "Official Committee of Unsecured Creditors" means the statutory committee of unsecured creditors appointed in these chapter 11 cases.

O. "Plan Proponents" means collectively, the Debtors, the Asbestos PI Committee, the Asbestos PI FCR, and the Equity Committee.

P. "Produced" means to give or hand over, to make available, to deliver, to transfer, or to offer for inspection.

Q.     "Prior" means before the serving of these Document Requests to Debtors.

R.     "Relating to" means directly or indirectly mentioning, referring to, reflecting, constituting, embodying, substantiating, evidencing, tending to prove or disprove, discussing, describing, pertaining to, or connected with the requested or identified information, document, or stated subject matter in any logical, legal, or factual way.

S.     "Response" or "Responses" means a response to a Document Request made pursuant to the Federal Rules of Civil Procedure as incorporated by the Federal Rules of Bankruptcy Procedure.

T.     "You" or "Your" means the person or entity responding to these Document Requests.

U.     "1995 Royal Settlement Agreement" is the settlement agreement executed by W.R. Grace & Company and Royal Indemnity Company on January 5, 1995.

## INSTRUCTIONS

A.     These Document Requests above are continuing in nature and so require You to serve supplemental responses to the extent You obtain, directly or through Your agents, representatives, or attorneys, pertinent additional or different information between the time that You serve Your responses to these requests and any confirmation hearing on the Plan.

B.     The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these Document Requests any Documents that might otherwise be construed to be outside their scope.

C.     The singular shall be construed to include the plural and the plural shall be construed to include the singular as necessary to bring within the scope of these Document Requests any Documents that might otherwise be construed to be outside their scope.

7

  D. If any of the Documents responsive to a request exist but are not in Your possession, custody or control, please so indicate and identify the person currently having possession, custody, or control of such document.

  F. If You assert that a Document Request is objectionable, state Your objection clearly and specifically identify which parts of the Document Request or the responses it requires are objectionable and why.

  G. If You claim privilege as a ground for not answering any Document Request, or for not producing any Document requested herein, respond to that part of each such Document Request that, in Your view, does not seek allegedly privileged Documents. For each Document Request, or potion thereof, for which You claim a privilege, describe the factual basis for Your claim of privilege in sufficient detail to permit adjudication of the validity of that claim, including without limitation, the following: a brief description of the type of Document; the date of the Document; the name, title and job description of the author and/or transmitter of the Document; the name title and job description of the person to whom the document was addressed; the name, title, and job description of each person who has received or utilized the document; a brief description of the Document; the nature of the privilege claimed; and the number of pages of the Document.

  [Remainder of Page Left Blank]

Dated: New York, New York
January 5, 2009

|  | O'MELVENY & MYERS LLP<br><br>By: /s/ Tancred Schiavoni<br>Tancred V. Schiavoni (*pro hac vice*)<br>Gary Svirsky (*pro hac vice*)<br>Times Square Tower<br>7 Times Square<br>New York, New York 10036<br><br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP<br>Carl Pernicone (*pro hac vice*)<br>150 East 42nd Street<br>New York, NY 10017-5639<br><br>BIFFERATO GENTILOTTI LLC<br>Ian Connor Bifferato (#3273)<br>Garvan F. McDaniel (#4167)<br>800 King Street, First Floor<br>P.O. Box 2165<br>Wilmington, DE 19899-2165<br>(302) 429-1900<br><br>*Attorneys for Arrowood f/k/a Royal Indemnity Company* |
|---|---|
|  |  |