**EXHIBIT N**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) <br> Jointly Administered |
| Debtors. | Ref. No. 20204 |

## MARY A. DONEY'S FIRST SET OF
## INTERROGATORIES TO CNA

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 33, made applicable hereto by Federal Rule of Bankruptcy Procedure 9014, Mary A. Doney of Aloha, Oregon, a holder of an Asbestos PI Claim, hereby requests that CNA serve upon Daniel C. Cohn at the offices of Cohn Whitesell & Goldberg LLP, 101 Arch Street, Boston, Massachusetts 02110, within 30 days, or at such other time as may be ordered by the Court or agreed to by counsel, in writing and under oath, answers to the following interrogatories.

### DEFINITIONS

The following definitions shall apply to the Interrogatories and this request:

A.  The "Libby Claimants" shall mean the claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana.[1]

B.  "Plan" shall mean the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated December 19, 2008 (filed under Certification of Counsel [D.I. 20304]) and any subsequent Chapter 11 plan filed by the Debtors, the Official Committee of

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 19927], as it may be amended and restated from time to time.

393.001-24113

Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, the Official Committee of Equity Security Holders or any combination thereof.

C.     "CNA" shall mean Continental Casualty Company, Transportation Insurance Company and their American Insurance affiliates, its predecessors and successors, agents, employees, attorneys, accountants and/or investigators, and anyone else acting on its or any or their behalf.

D.     "MCC" shall mean Maryland Casualty Company, its predecessors and successors, agents, employees, attorneys, accountants and/or investigators, and anyone else acting on its or any or their behalf.

E.     The words "you" and "your" shall mean CNA.

F.     "Concerning," or any derivative thereof, shall mean referring to, relating to, constituting, describing, evidencing, embodying, connected with, commenting on, responding to, showing, analyzing, reflecting, illustrating, depicting, summarizing, mentioning, recording, contradicting and rebutting, either directly or by inference.

## INSTRUCTIONS

G.     Items of this request shall be construed broadly such that "and" includes "or" and vice versa, the past tense includes the present tense and vice versa, the singular includes the plural and vice versa, and "any" includes "all" and vice versa.

H.     All responses to the interrogatories shall be made in accordance with the provisions of Federal Rule of Civil Procedure 33.

I.     If an interrogatory cannot be answered in full, it shall be answered to the extent possible and shall state the reason why a complete answer is not possible.

2

393.001-24113

J.  If a claim of privilege is asserted as to any of the interrogatories, or part thereof, state with specificity the privilege(s) relied upon and its applicability to the interrogatories or part thereof.

K.  If any information concerning the interrogatories is obtained after service of the answers, a supplemental answer containing such information shall be served upon Ms. Doney at the aforementioned address.

## INTERROGATORIES

1.  Please state whether CNA contends that it qualifies under the Plan as a beneficiary of any injunction, release or exculpation proposed under the Plan.

2.  If CNA contends that it qualifies under the Plan as a beneficiary of any injunction, release or exculpation proposed under the Plan, please state in detail your contentions, what proof you may offer at trial to prove such contentions, and witnesses (expert and non-expert) that will testify thereto.

3.  If CNA contends that it qualifies under the Plan as a beneficiary of any injunction, release or exculpation proposed under the Plan, please state in detail the consideration CNA has supplied in exchange for the protection of such injunction, release or exculpation proposed under the Plan.

4.  If CNA contends that it qualifies under the Plan as a beneficiary of any injunction, release or exculpation proposed under the Plan, please state in detail the consideration that CNA will supply (but has not already supplied) in exchange for the protection of such injunction, release or exculpation proposed under the Plan.

5.  Please state whether CNA contends that the Libby Claimants' claims against MCC contained in the attached Complaint and Demand for Jury Trial (Exhibit A) will be

3

covered by any injunction, release or exculpation proposed under the Plan such that the Libby Claimants will be barred from pursuing such claims against MCC if the Plan takes effect.

6. If CNA contends that the Libby Claimants' claims against MCC contained in the attached Complaint and Demand for Jury Trial will be covered by any injunction, release or exculpation proposed under the Plan, please state in detail your contentions, what proof you may offer at trial to prove such contentions, and witnesses (expert and non-expert) that will testify thereto.

7. Assuming that a personal injury claim based on the claimant's exposure in Lincoln County, Montana, to asbestos generated by the Debtors' operations in Lincoln County, Montana, is valid against Grace and is covered by each of the insurance policies issued by CNA to the Debtors (*i.e.*, disregarding any defenses to coverage that CNA might assert), is such claim subject to the aggregate cap(s) for products/completed operations claims contained in such policies? If your answer is not the same for each such insurance policy, please answer separately as to each such policy. Unless your answer is "no" as to each such policy, please explain in detail the basis for such contention, with reference to specific provisions of each policy as to which your answer is "no."

8. Please state whether CNA contends that Section 524(g) of the Bankruptcy Code is applicable in a case under Chapter 7 of the Bankruptcy Code?

9. If CNA contends that Section 524(g) of the Bankruptcy Code is applicable in a case under Chapter 7 of the Bankruptcy Code, please state in detail your contentions, what proof you may offer at trial to prove such contentions, and witnesses (expert and non-expert) that will testify thereto.

4

Dated: January 23, 2009
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*[signature]*

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Mona A. Parikh (No. 4901)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for Libby Claimant
Mary A. Doney*

393.001-24113

5

# EXHIBIT A

393.001-24113

| | | |
|---|---|---|
| DONALD M. WHITMARSH<br>VICKI GAIL WHITMARSH<br>P. O. Box 1291<br>Libby, Montana 59923<br><br>Plaintiffs<br><br>v.<br><br><br>MARYLAND CASUALTY COMPANY<br>3910 Keswick Road<br>Baltimore, Maryland 21211<br><br>Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>BALTIMORE CITY<br><br>CASE NO.: 24-X-01-001041 |

**FILED**
JUN 29 2001
CIRCUIT COURT FOR
BALTIMORE CITY

*************************************************************************

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Donald M. Whitmarsh and Vicki Gail Whitmarsh, by their undersigned attorneys, sue the Defendant, Maryland Casualty Company, and in support thereof alleges as follows:

### Parties

1. Plaintiffs are residents of Lincoln County, Montana.

2. Defendant, Maryland Casualty Company ("Maryland Casualty"), is a Maryland corporation that has its principal place of business in the State of Maryland.

### General Allegations

3. At all times relevant to this action, W. R. Grace & Co. ("Grace") owned a mining and milling operation in Lincoln County, Montana that was located near Libby, Montana (the "Grace Mine and Mill"). Grace mined vermiculite at the Grace Mine and Mill.

4. The vermiculite mined at the Grace Mine and Mill contained tremolite asbestos, a deadly toxin.

5. The Grace Mine and Mill produced extensive amounts of asbestos containing dust. The dust at the Grace Mine and Mill was so thick that at times it prevented workers from seeing the light from a light bulb from even a short distance.

6. The asbestos dust created by the Grace Mine and Mill contained high concentrations of asbestos. As a result, Grace's employees were repeatedly exposed to asbestos.

7. At all times relevant to this case, Grace knew that asbestos from its mining and milling operations posed a significant threat to its workers and others who came in contact with the asbestos dust from the mining and milling operation.

8. Despite Grace's knowledge of the dangers that the asbestos dust posed to its workers, the workers' families and the residents of Libby, Montana, Grace failed to take reasonable measures to prevent those individuals from being exposed to asbestos dust.

9. At all times relevant to this Complaint, Maryland Casualty was the workman's compensation insurance carrier for Grace. As the workman's compensation insurance carrier for Grace, Maryland Casualty was aware that Grace's mining and milling operations posed a threat to employees of Grace and to others exposed to the dust from the milling and mining operation.

10. As early as 1964, Maryland Casualty expressed concern about the "dust problem" at the Grace Mine and Mill and advised Grace that Maryland Casualty was "formulating a program for control and prevention in relation to the dust problem." Thereafter, both Grace and Maryland Casualty continued to receive information demonstrating that Grace's mining and milling operations caused significant exposure to asbestos dust.

11. Despite Maryland Casualty's promise and undertaking to do so, Maryland Casualty never formulated a proper dust control program and never took the necessary steps to prevent individuals from being exposed to the asbestos dust caused by the Grace Mine and Mill. Instead,

Maryland Casualty joined and supported Grace's efforts to prevent employees and other individuals from learning about the true dangers posed by exposure to the asbestos dust. Maryland Casualty further joined, supported, encouraged and facilitated Grace's refusal to take responsible steps to prevent Grace's workers and others from being exposed to the asbestos dust.

12. Donald M. Whitmarsh worked for W. R. Grace at the Grace Mine and Mill from 1961 through 1966. During that period, he was directly exposed to asbestos from the Grace Mine and Mill. Thereafter, he was exposed to asbestos dust as a result of being a resident of Libby, Montana.

13. As a direct and proximate result of his exposure to Grace's asbestos products and asbestos dust, Donald M. Whitmarsh suffers from asbestosis and has suffered and will continue to suffer pain, agony and emotional distress. In addition, Plaintiff has lost his capacity to work and has suffered economic losses, including medical bills and expenses.

14. Maryland Casualty's conduct was fraudulent and malicious and done with wanton and reckless disregard for the rights, health and safety of individuals such as the Plaintiffs, such that punitive damages should be assessed against them. In particular, Maryland Casualty knew as early as 1970 that many of Grace's workers had died of asbestos related diseases. Despite that knowledge, Maryland Casualty not only failed to take action to eliminate the danger, it consciously and intentionally suppressed information regarding those dangers so that the Libby mine could continue to operate and so that Maryland Casualty could continue to earn insurance premiums.

## COUNT I
## (NEGLIGENCE)

Plaintiff, Donald M. Whitmarsh, sues Maryland Casualty for negligence and states as follows:

15. Plaintiff adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

16. Maryland Casualty undertook to address the asbestos dust problem at the Grace Mine and Mill, to assist and advise Grace regarding the dangers caused by the asbestos dust and to develop a program to minimize the exposure of employees to the dust.

17. Maryland Casualty knew or, in the exercise of reasonable care, should have known that persons such as Donald M. Whitmarsh would come into contact with and be exposed to the asbestos dust created by the Grace Mine and Mill. In addition, Maryland Casualty knew or, in the exercise of ordinary care should have known, that such contact and exposure would be unhealthy and life threatening.

18. Maryland Casualty negligently, recklessly and with gross indifference for the rights of persons in the position of Plaintiff omitted and failed, among other things:

(a) to advise such persons of the dangerous characteristics of the asbestos dust;

(b) to provide such persons with information regarding safeguards which they could have employed to protect themselves from the dangers of exposure to the asbestos dust;

(c) to provide adequate warnings, regarding the dangers of exposure to asbestos fibers and dust;

(d) to ensure that Grace operated the Grace Mine & Mill in a manner which would have lessened or eliminated the exposure of employees to asbestos fibers;

(e) to provide a safe work place for the employees who worked at the Grace Mine and Mill and ensure the safety of the employees' families and of third-parties who came in contact with such employees and to prevent their exposure to asbestos dust from the Grace Mine and Mill;

(f) to take reasonable steps to prevent exposure to asbestos dust to employees and third-parties by providing, among other necessities, adequate change rooms, showers and locker facilities, a laundry or effective system for cleaning the workers' clothes; and

(g) to control the asbestos dust on Grace's premises.

19. Plaintiff was exposed to asbestos dust and fibers from the Grace Mine and Mill. As a direct and proximate result of the exposure, Plaintiff developed asbestosis and suffered the other injuries described above.

WHEREFORE, Plaintiff, Donald M. Whitmarsh, requests judgment against the Defendant in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

## COUNT II
## (AIDING AND ABETTING)

Plaintiff, Donald M. Whitmarsh, sues Maryland Casualty for aiding and abetting liability and states as follows:

20. Plaintiff adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

21. Maryland Casualty encouraged, advised, aided, supported, assisted and abetted Grace in various actions or omissions, including the following: (a) the concealment, alteration, manipulation and suppression of knowledge and information about the dangers and health hazards of asbestos; (b) the publication of misleading, fraudulent and incorrect statements about the lack of any

connection between asbestos exposure and various diseases; (c) the decisions made by Grace not to test, study, research or investigate the dangers and health hazards of its mining activities and asbestos containing products; or (d) the decisions made by Grace in deciding not to publicize, disclose, make public or otherwise warn about the dangers and health hazards of asbestos containing products; (e) efforts to prevent the State of Montana and various agencies of the State of Montana from taking steps to investigate and research the dangers of the asbestos dust at the Grace Mine and Mill; and (f) the decision made by Grace not to implement adequate procedures, controls and corrective measures to prevent exposure to asbestos dust from the Grace Mine and Mill.

22. As a direct result of the actions of Maryland Casualty, Plaintiff was exposed to asbestos dust and fibers from the Grace Mine and Mill. As a direct and proximate result of the exposure, Plaintiff developed asbestosis and suffered the other injuries described above.

23. Maryland Casualty having aided, assisted, encouraged and abetted Grace as set forth in the immediately preceding paragraphs, is liable as if Maryland Casualty were the principal or direct perpetrator of the harm and injuries to Plaintiff.

WHEREFORE, Plaintiff, Donald M. Whitmarsh, requests judgment against the Defendant in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

## COUNT III
### (CIVIL CONSPIRACY)

Plaintiff, Donald M. Whitmarsh, sues Maryland Casualty for civil conspiracy and states as follows:

24. Plaintiff adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

25. Maryland Casualty implicitly and/or explicitly agreed and conspired to: (a) conceal, alter, manipulate and suppress knowledge and information about the dangers and health hazards of asbestos; (b) publish misleading, fraudulent and incorrect statements about the lack of any connection between asbestos exposure and various diseases; (c) not to test, study, research or investigate the dangers and health hazards of its mining activities and asbestos containing products; or (d) not to publicize, disclose, make public or otherwise warn about the dangers and health hazards of asbestos containing products; (e) prevent the State of Montana and various agencies of the State of Montana from taking steps to investigate and research the dangers of the asbestos dust at the Grace Mine and Mill; and (f) not to implement adequate procedures, controls and corrective measures to prevent exposure to asbestos dust from the Grace Mine and Mill.

26. In furtherance of their implicit and/or explicit agreement, Maryland Casualty acted in concert with Grace and for the mutual benefit of the conspirators.

27. As a direct result of the actions of Maryland Casualty in furtherance of its conspiracy, Plaintiff was exposed to asbestos dust and fibers from the Grace Mine and Mill. As a direct and proximate result of the exposure, Plaintiff developed asbestosis and suffered the other injuries described above.

28. Maryland Casualty having conspired with Grace as set forth in the preceding paragraphs, is liable as a principal and direct perpetrator of the harm and injuries to Plaintiff.

WHEREFORE, Plaintiff, Donald M. Whitmarsh, requests judgment against the Defendant in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

## COUNT IV
### (LOSS OF CONSORTIUM)

Plaintiffs, Donald M. Whitmarsh and Vicki Gail Whitmarsh, sue Maryland Casualty for loss of consortium and state as follows:

29. Plaintiffs adopt and incorporate by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

30. At all times relevant to this case, Donald M. Whitmarsh and Vicki Gail Whitmarsh, were married. As a result of the actions of Maryland Casualty described above, Donald M. Whitmarsh developed asbestosis and suffered the other injuries described above. As a result of those injuries, the Plaintiffs' marital relationship has been damaged.

31. Maryland Casualty is liable for the damage to the Plaintiffs' marital relationship for the reasons described in the preceding Counts of this Complaint.

WHEREFORE, Plaintiffs, Donald M. Whitmarsh and Vicki Gail Whitmarsh, request judgment against the Defendant in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

*Shepard A. Hoffman* (signature)

Shepard A. Hoffman
Law Offices of Shepard A. Hoffman
36 South Charles Street
Suite 2200
Baltimore, MD 21201
(410) 539-8404 [O]
(410) 539-8407 [F]

*Brian C. Parker* (signature)

Brian C. Parker
Parker, Dumler & Kiely LLP
36 South Charles Street
Suite 2200
Baltimore, MD 21201
(410) 625-9330 [O]
(410) 625-9309 [F]

Attorneys for Plaintiff

Of Counsel:

Jon L. Heberling
McGarvey, Heberling, Sullivan & McGarvey, P.C.
745 South Main
Kalispell, Montana 59904-5399
(406) 752-5566 [O]
(406) 752-7124 [F]

-9-

## DEMAND FOR JURY TRIAL

Plaintiffs request that this case be tried by a jury.

_____
Shepard A. Hoffman
Law Offices of Shepard A. Hoffman
36 South Charles Street
Suite 2200
Baltimore, MD  21201
(410) 539-8404 [O]
(410) 539-8407 [F]

_____
Brian C. Parker
Parker, Dumler & Kiely LLP
36 South Charles Street
Suite 2200
Baltimore, MD  21201
(410) 625-9330 [O]
(410) 625-9309 [F]

Attorneys for Plaintiff

Of Counsel:

Jon L. Heberling
McGarvey, Heberling, Sullivan & McGarvey, P.C.
745 South Main
Kalispell, Montana  59904-5399
(406) 752-5566 [O]
(406) 752-7124 [F]

## ADDITIONAL INFORMATION
## WHITMARSH

Pursuant to Pre-Trial Order No. 3, Circuit Court for Baltimore City, Paragraph 3 (G), the following information is provided:

- (i) Disease diagnosed: asbestosis;
- (ii) Date Plaintiff learned of asbestos-related condition: on or about July 2, 1998
- (iii) Plaintiff's social security print out: to be provided.

-11-

**Circuit Court for** _Baltimore City_
City or County

## CIVIL—NON-DOMESTIC CASE INFORMATION REPORT

**Directions:**
Plaintiff: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111. A copy must be included for each defendant to be served.
Defendant: You must file an Information Report as required by Rule 2-323(h).
**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.**

FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT    CASE NUMBER: _____ (Clerk to Fill)

CASE NAME: _Donald M. Whitmarsh_ v. _Maryland Casualty Company_
                 Plaintiff                              Defendant

JURY DEMAND: ☒ Yes ☐ No    Anticipated length of trial: _____ hours or _____ days

RELATED CASE PENDING? ☐ Yes ☒ No   If yes, Case #(s), if known: _____

HAS ALTERNATIVE DISPUTE RESOLUTION (ADR):  Been Tried?  ☐ Yes ☒ No
                                            Requested?  ☐ Yes ☒ No
If yes, specify: _____

Special Requirements? ☐ Interpreter/communication impairment
                      ☐ Other ADA accommodation: _____

### NATURE OF ACTION (CHECK ONE BOX)

**TORTS**
- ☐ Motor Tort
- ☐ Premises Liability
- ☐ Assault & Battery
- ☐ Product Liability
- ☐ Professional Malpractice
- ☐ Wrongful Death
- ☐ Business & Commercial
- ☐ Libel & Slander
- ☐ False Arrest/Imprisonment
- ☐ Nuisance
- ☐ Toxic Torts
- ☐ Fraud
- ☐ Malicious Prosecution
- ☐ Lead Paint
- ☒ Asbestos
- ☐ Other _____

**LABOR**
- ☐ Workers' Comp.
- ☐ Wrongful Discharge
- ☐ EEO
- ☐ Other _____

**CONTRACTS**
- ☐ Insurance
- ☐ Confessed Judgment
- ☐ Other _____

**REAL PROPERTY**
- ☐ Judicial Sale
- ☐ Condemnation
- ☐ Landlord Tenant
- ☐ Other _____

**OTHER**
- ☐ Civil Rights
- ☐ Environmental
- ☐ ADA
- ☐ Other _____

### DAMAGES / RELIEF

**A. TORTS**
Actual Damages
- ☐ Under $7,500
- ☐ $7,500 - $50,000
- ☐ $50,000 - $100,000
- ☒ Over $100,000

- ☐ Medical Bills $_____
- ☐ Property Damages $_____
- ☐ Wage Loss $_____

**B. CONTRACTS**
- ☐ Under $10,000
- ☐ $10,000 - $20,000
- ☐ Over $20,000

**C. NONMONETARY RELIEF**
- ☐ Declaratory Judgment
- ☐ Injunction
- ☐ Other

### TRACK REQUEST
With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL. THIS CASE WILL THEN BE TRACKED ACCORDINGLY.
- ☐ 1/2 day of trial or less
- ☐ 1 day of trial time
- ☐ 2 days of trial time
- ☐ 3 days of trial time
- ☐ More than 3 days of trial time

IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY, PLEASE SEE REVERSE SIDE OF FORM FOR INSTRUCTIONS.

Date: _6/28/01_    Signature: _[signed]_

NDCIR (4/00)                    Over

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (check only one)

| | | |
|---|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. | |
| ☐ Standard-Short | Trial seven months from Defendant's response. Includes torts with actual damages up to $7,500; contract claims up to $20,000; condemnations; injunctions and declaratory judgments. | |
| ☐ Standard-Medium | Trial 12 months from Defendant's response. Includes torts with actual damages over $7,500 and under $50,000, and contract claims over $20,000. | |
| ☐ Standard-Complex | Trial 18 months from Defendant's response. Includes complex cases requiring prolonged discovery with actual damages in excess of $50,000. | |
| ☐ Lead Paint | Fill in: Birthdate of youngest plaintiff _____ | |
| ☒ Asbestos | Events and deadlines set by individual judge. | |
| ☐ Protracted Cases | Complex cases designated by the Administrative Judge. | |

### CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.
☐ Liability is not conceded, but is not seriously in dispute.
☐ Liability is seriously in dispute.

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, Intentional Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |