# EXHIBIT O

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| | Jointly Administered |
| Debtors. | Ref. No. 20204 |

### MARY A. DONEY'S FIRST REQUEST TO CNA FOR
### PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 34, made applicable hereto by Federal Rules of Bankruptcy Procedure 7034 and 9014, Mary A. Doney of Aloha, Oregon, a holder of an Asbestos PI Claim, hereby requests that CNA produce for inspection and copying the documents described herein which are in its possession, custody or control to the offices of Cohn Whitesell & Goldberg LLP, 101 Arch Street, Boston, Massachusetts, 02110, within 30 days, or at such other time and place as may be ordered by the Court or agreed to by counsel.

### DEFINITIONS

Every term used in this request for production of documents with initial capitalization that is defined in the Plan shall have the same meaning in this request for production of documents as in the Plan. In all other instances, the following definitions shall apply to this request for production of documents:

A.     The "Libby Claimants" shall mean the claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants").[1]

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 19927], as it may be amended and restated from time to time.

B.    "Debtors" shall mean W.R. Grace & Co., Inc and all of its predecessors, divisions, subsidiaries, and affiliated companies, whether wholly or partially owned, their present or former directors, officers, employees, agents, affiliates and attorneys of any of the foregoing, and any other Person (as defined below) over whom or which any of the foregoing may exercise control.

C.    "CNA" shall mean Continental Casualty Company, Transportation Insurance Company and their American Insurance affiliates, its predecessors and successors, agents, employees, attorneys, accountants and/or investigators, and anyone else acting on its or any or their behalf.

D.    "Document" is defined as broadly as permitted under Rule 34 of the Federal Rules of Civil Procedure, and includes all materials and things, in whatever form recorded or maintained, subject to production under that Rule, including all drafts, originals and non-identical copies of writings, recordings, printed, typed or otherwise recorded matter, including copies upon which notations or additional writings have been made, however produced or reproduced (including without limitation by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording or other form of data compilation) of every kind and description that are in CNA's actual or constructive possession, custody or control, including but not limited to pleadings, expert reports, declarations, affidavits, deposition and trial testimony, exhibits, and discovery (including, for example, interrogatory questions and responses, requests for admissions and responses, document requests and responses, and documents produced in connection therewith), employment or employee records, product identification documents, medical records, drawings, graphs, charts, tables, video tapes, audio tapes, photographs, slips, cover notes, binders, treaties, agreements, wordings, books,

2

pamphlets, bulletins, periodicals, letters, memoranda, telegrams, e-mails, voice mails, reports, records, studies, handwritten notes, working papers, indices, tapes, computer disks or other electronic storage media, databases, data sheets, computer generated documents, data processing cards, or any other tangible things which constitute or contain matters within the scope of Rule 34 of the Federal Rules of Civil Procedure. To the extent CNA believes that pleadings filed with the United States Bankruptcy Court for the District of Delaware, either in the main Chapter 11 cases or in any adversary proceeding, would be responsive to a Request, CNA need not produce copies of such pleadings unless such pleadings were filed in a redacted form or filed under seal, in which event CNA shall produce the complete pleading in unredacted form.

     E.     "Identify," as it refers to a natural person, shall mean to state a person's full name, present or last-known address, and present or last-known place of employment; "identify," as it refers to a document, shall mean to state the type, general subject matter, date, author(s), addressee(s), and recipient(s) of the document.

     F.     "Person," shall mean any natural person or any business, legal, or governmental entity or association.

## INSTRUCTIONS

     G.     When necessary to give a broader usage to any item of this request, "and" includes "or" and vice versa, the past tense includes the present and vice versa, the singular includes the plural and vice versa, and "any" includes "all" and vice versa.

     H.     Specify which documents are produced in response to each numbered request and from whose files each document is being produced.

     I.     If any document responsive to this request was in your possession or control but has been disposed of, lost, discarded, destroyed, or is otherwise currently unavailable: state its

3

author, preparer or originator, addressee(s), recipient(s), date, subject matter, and all persons to whom copies were directed, furnished or addressed; describe the contents of the document; state when the document was within CNA's control or possession; state the last known location(s) of each such document and any additional copies thereof; and state the date or approximate time of the disposition, loss, destruction or discarding of each such document, the reason therefor, and the person or persons responsible therefor.

J.      If the attorney-client, work product or any other privilege is claimed as to any document requested herein, state in writing, on or before the date of production:  the nature (e.g., letter, memorandum, tape, etc.), date, subject matter and author, preparer or originator of each such document; the names of all persons to or by whom such document was furnished, directed, addressed or received; and the basis for each such claim of privilege.

K.      If any document herein requested cannot be produced in full, produce the document to the extent possible, identifying any portion of the document which can not be so produced and specifying the reasons for the inability to produce the remainder of the document.

L.      This request is a continuing one. If, after producing the requested documents, you obtain or become aware of any further documents responsive to this request, you are required to produce such additional documents to Ms. Doney.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All Documents identified, relied upon, referred to in responding to, or relating to the subject matter of, Mary A. Doney's First Set of Interrogatories to CNA.

4

Dated: January 23, 2009
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Mona A. Parikh (No. 4901)
919 Market Street, Suite 1800
Wilmington, DE  19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone:  (617) 951-2505
Facsimile:  (617) 951-0679

*Counsel for Libby Claimant*
*Mary A. Doney*