**EXHIBIT R**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF)<br>Jointly Administered |
| Debtors. | **Ref. Nos. 20314 & 20426** |

## LIBBY CLAIMANTS' RESPONSE TO OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, made applicable hereto by Federal Rules of Bankruptcy Procedure 7034 and 9014, the Libby Claimants hereby respond to the Official Committee of Asbestos Personal Injury Claimants' First Set of Requests for the Production of Documents Directed to the Libby Claimants propounded by the Official Committee of Asbestos Personal Injury Claimants:

### RESPONSES

#### Document Request No. 1:

Produce all Documents that support or relate to the amounts and statements contained in the table that appears at the top of page 16 of your Disclosure Statement Objection.

#### Response to Document Request No. 1:

Objection to request for "all documents that support or relate" as overbroad and burdensome. Without waiving this objection, Libby Claimants attach as Exhibit 1 all applicable medical records and the settlement agreements respectively relied upon by Libby Claimants for the disease categories reflected in Column One and settlement/verdict amounts reflected in Column Two of the table that appears at the top of page 16 of the Disclosure Statement Objection.

393.001-24647.doc

**Document Request No. 2:**

On page 1 of your Disclosure Statement Objection, you state, "Over 200 people have died of Libby Asbestos Disease and others are at or approaching the end stage of the disease." Produce all Documents on which you rely as support for this statement, including, without limitation, all death certificates, autopsy reports, and medical records for each of the 200 persons referred to in this statement.

**Response to Document Request No. 2:**

See Expert Report by Dr. Alan C. Whitehouse 12/29/08, ¶¶ 46-47, and information attached.

In support of ¶ 46, *Sullivan* (2007) reflects 154 deaths among Libby mineworkers from asbestos related disease. See also Exh. 14 ("Workers Dead From Asbestos Disease") of Dr. Alan C. Whitehouse 12/29/08. Attached as Exhibit 2 are those medical records and death certificates within the possession, custody, or control of Libby Claimants and which support Exh. 14 of Dr. Alan C. Whitehouse 12/29/08.

In support of ¶ 47, the CARD Mortality Study reflects 27 additional Libby mineworkers dead from asbestos related disease since 1/1/02 and 77 family & community members dead from asbestos related disease. See also Exh. 7 ("Summary of Mortality Study Disease Percentages") and Exh. 10 ("Summary of Deceased Clients Chart (MHSM)") of Expert Report by Dr. Alan C. Whitehouse 12/29/08. Also included as part of the attached Exhibit 2 are those medical records and death certificates within the possession, custody, or control of Libby Claimants and which support Exh. 7 and Exh. 10 of Expert Report by Dr. Alan C. Whitehouse 12/29/08.

**Document Request No. 3:**

On page 12 of your Disclosure Statement Objection, you state that "Over 95 percent of the asbestos used in construction materials was chrysotile asbestos," and that "the Libby asbestos" is "comprised of a combination of 84% winchite, 11% richterite, and 6% tremolite." Produce all Documents on which you rely as support for those statements.

**Response to Document Request No. 3:**

See *Meeker* (2003), p. 1959, and *Fraser and Pare* (1999), p. 2420. See also Expert Report by Dr. Alan C. Whitehouse 12/29/08, ¶ 11.

**Document Request No. 4:**

On page 14 of your Disclosure Statement Objection, you state, "A person diagnosed with nonmalignant Libby Asbestos Disease has approximately a 76 percent likelihood of progressing to severe disease - about three times the progressivity rate for chrysotile asbestos disease" and "has a much higher probability of death than asbestos disease from predominantly chrysotile exposure." Produce all Documents on which you rely as support for those statements.

**Response to Document Request No. 4:**

The statement relied upon is "76% of the patients [Whitehouse 2004] showed progressive loss of lung function." See Expert Report by Dr. Alan C. Whitehouse 12/29/08, ¶ 38, and *Whitehouse* (2004). Attached hereto as Exhibit 3 are medical records for 121 of the 123 patients relied upon in *Whitehouse* (2004), representing all medical records within the possession, custody, or control of Libby Claimants. See also Exh. 13 ("Studies on Radiographic Progression of Asbestos Disease") of Dr. Alan C. Whitehouse 12/29/08; CARD Mortality Study; and Expert Report by Dr. Alan C. Whitehouse 12/29/08, ¶¶ 31-32, and the studies cited therein.

3

**Document Request No. 5:**

On page 14 of your Disclosure Statement Objection, you state that "Libby Asbestos Disease" is "a form of asbestos disease far more severe than the [asbestos-related diseases of the] vast majority of Asbestos PI Claimants." Produce all Documents on which you rely as support for this statement.

**Response to Document Request No. 5:**

See Expert Report by Dr. Alan C. Whitehouse 12/29/08. Information on non-Libby claimants may be supplemented through further discovery.

**Document Request No. 6:**

On pages 36 and 37 of your Disclosure Statement Objection, you state that "premises coverage against Royal Indemnity Company is also unresolved because Grace's prepetition settlement with Royal is limited solely to products claims, leaving premises coverage intact." Produce all Documents on which you rely as support for this statement.

**Response to Document Request No. 6:**

Documents relating to coverage issues are the liability insurance policies issued by Grace's insurers and settlement documents, if any, related to settlement between Grace and its insurers. See Exhibit 4 attached hereto.

**Document Request No. 7:**

On page 37 of your Disclosure Statement Objection, you state, "With respect to Maryland Casualty Company, the Libby Claimants . . . are not bound to Grace's settlement because their rights against Maryland Casualty had already vested at the time of the settlement and (again, because there is no aggregate cap on premises coverage) the insurance was not exhausted either

4

before or by reason of the settlement. The same rationale would apply to the settlement with Royal if somehow premises coverage were in fact settled." Produce all Documents on which you rely as support for this statement.

### Response to Document Request No. 7:

Documents relating to coverage issues are the liability insurance policies issued by W. R. Grace's insurers and settlement documents, if any, related to settlement between Grace and its insurers. See Exhibit 4 attached hereto. See also Expert Report by Dr. Terry Spear 12/29/08, and Expert Report by Dr. Alan C. Whitehouse 12/29/08. Other documents that may be responsive to this request include Libby Claimants' medical records contained in Exhibit 1, provided in response to Document Request No. 1, and Exhibits 5, 6, and 7, provided in response to Document Request Nos. 10, 11, and 15, respectively.

### Document Request No. 8:

On page 19 of your Disclosure Statement Objection, you state, "The Center for Asbestos Related Disease in Libby and the Klock and Whitehouse Clinic in Spokane, Washington have consistently and rigorously applied ATS standards." Produce all Documents on which you rely as support for this statement.

### Response to Document Request No. 8:

See Expert Report by Dr. Alan C. Whitehouse 12/29/08, ¶¶ 19-21.

### Document Request No. 9:

On page 19 of your Disclosure Statement Objection, you state, "In virtually all cases, a Libby patient's medical records come from the treating physician, with a standard chart consisting of medical reports, physical exam, chest x-ray and/or CT scan, and full pulmonary

5

function tests." Produce all Documents on which you rely as support for this statement.

### Response to Document Request No. 9:

See Expert Report by Dr. Alan C. Whitehouse 12/29/08. Medical records for Libby Claimants will be produced per Debtors' Request to Libby Claimants for Production of Documents.

### Document Request No. 10:

On page 19 of your Disclosure Statement Objection, you state, "[O]nly a few of the Libby Claimants have any significant asbestos exposure outside of Libby, Montana." Produce all Documents on which you rely as support for this statement.

### Response to Document Request No. 10:

Attached as Exhibit 5 are all Address Histories and Work Histories within the possession, custody, or control of Libby Claimants. Medical records for Libby Claimants will be produced per Debtors' Request to Libby Claimants for Production of Documents. See also Expert Report by Dr. Alan C. Whitehouse 12/29/08. Libby Claimants also respond that "Exposure History" documents have been created by counsel for most of the herein-named Libby Claimants. Such documents, while potentially responsive to the request, are withheld pursuant to the work product doctrine, having been created by counsel, in anticipation of litigation, and incorporative of numerous mental impressions, conclusions, and opinions of counsel.

### Document Request No. 11:

On page 36 of your Disclosure Statement Objection, you state that the "Libby Claims are premises claims because the Libby Claimants were injured by harmful materials generated during the course of Grace's operations." Produce all Documents on which you rely as support for this

6

statement.

### Response to Document Request No. 11:

See Expert Report by Dr. Terry Spear 12/29/08, and the documents on which it relies. Attached as Exhibit 6 are documents known as the Asbestos Common Exhibits, together with the trial and deposition testimony of Earl Lovick, which constitute the documents on which the Expert Report by Dr. Terry Spear 12/29/08, relies. See also attached Exhibits 5 and 7, provided in response to Document Request Nos. 10 and 15, respectively. See also Expert Reports by Dr. Alan C. Whitehouse 12/29/08, and Dr. Arthur Frank 12/29/08. Libby Claimants also respond that "Exposure History" documents have been created by counsel for most of the herein-named Libby Claimants. Such documents, while potentially responsive to the request, are withheld pursuant to the work product doctrine, having been created by counsel, in anticipation of litigation, and incorporative of numerous mental impressions, conclusions, and opinions of counsel.

### Document Request No. 12:

On page 59 of your Disclosure Statement Objection, you state, "When exposure to Grace's products results in nonmalignant asbestos disease, there is about a 20% chance that it will progress." Produce all Documents on which you rely as support for this statement.

### Response to Document Request No. 12:

See Exh. 13 ("Studies on Radiographic Progression of Asbestos Disease") of Dr. Alan C. Whitehouse 12/29/08, and the studies cited therein.

### Document Request No. 13:

On page 63 of your Disclosure Statement Objection, you state that the "lack of any

7

aggregate cap on insurers' liability for Libby Claims means that there is no barrier to a very high percentage recovery by the Libby Claimants from the insurers." Produce all Documents on which you rely as support for this statement.

### Response to Document Request No. 13:

Documents relating to coverage issues are the liability insurance policies issued by W. R. Grace's insurers and settlement documents, if any, related to settlement between Grace and its insurers. See Exhibit 4 attached hereto. See also Expert Report by Dr. Terry Spear 12/29/08, and Expert Report by Dr. Alan C. Whitehouse 12/29/08. Other documents that may be responsive to this request include Libby Claimants' medical records contained in Exhibit 1, provided in response to Document Request No. 1, and Exhibits 5, 6, and 7, provided in response to Document Request Nos. 10, 11, and 15, respectively.

### Document Request No. 14:

On page 1 of your Disclosure Statement Objection, you state, "Amphibole asbestos has been shown to be the most deadly form of asbestos," and similarly on page 13 of the same Objection, you further state that "[a]mphibole asbestos, including Libby asbestos, is far more toxic than chrysotile asbestos." Produce all Documents and medical studies on which you rely as support for these statements.

### Response to Document Request No. 14:

See Expert Report by Dr. Alan C. Whitehouse 12/29/08, ¶¶ 53-59, and the studies cited therein.

### Document Request No. 15:

On page 9 of your Disclosure Statement Objection, you state, "The Libby Claimants

8

consist of: 295 ex-workers[,] 223 family members of workers[,] 419 other members of the Libby

community [,] 937 total cases." As to each of the persons referenced in that previous statement,

produce all Documents sufficient to show their name, age, social security number, address, and

their occupation when exposure to Grace asbestos occurred, whether their exposure to Grace

asbestos resulted from the occupational exposure of a family member to Grace asbestos or from

being a resident or visitor of Libby, Montana, and any and all pulmonary function test score

results for each such claimant.

### Response to Document Request No. 15:

Attached as Exhibit 7 is an updated list of the Libby Claimants, incorporating the 937

total cases referenced in the Disclosure Statement Objection and those individuals who should

now, since the October 17, 2008, filing date of the Disclosure Statement Objection, also be

considered as Libby Claimants, together with their birth date and Social Security Number. See

also Exhibit 5 regarding the address and work histories for Libby Claimants. Also included as

part of the attached Exhibit 7 is a partial list of these same Libby Claimants, reflecting, if

applicable, their date of starting and ending employment at Grace, dates of employment at Grace

by any family members (if applicable), and for those Libby Claimants who have not produced an

address history as part of Exhibit 5, the dates of their Libby residence. Finally, also included as

part of the attached Exhibit 7 is a list of all Grace employees and their dates of employment, also

known as the "Alpha list." Libby Claimants also respond that "Exposure History" documents

have been created by counsel for most of the herein-named Libby Claimants. Such documents,

while potentially responsive to the request, are withheld pursuant to the work product doctrine,

having been created by counsel, in anticipation of litigation, and incorporative of numerous

9

mental impressions, conclusions, and opinions of counsel.

Also included as part of the attached Exhibit 7 are all pulmonary function test result documents reflecting PFT's administered by CARD or Dr. Alan C. Whitehouse for the Libby Claimants and within the possession, custody, or control of Libby Claimants. See also Exh. 23 ("Asbestos Related Disease, Libby Pulmonary Function Test (PFT) Comparison with Independent Medical Exam PFTs") of Dr. Alan C. Whitehouse 12/29/08. Additional medical records for Libby Claimants will be produced per Grace requests.

### Document Request No. 16:

On page 62 of your Disclosure Statement Objection, you state, "Grace's insurance policies contain separate and distinct provisions concerning premises claims (*i.e.*, the Libby Claims) and products claims (*i.e.*, the other Asbestos PI Claims, which result from exposure to Grace's products)." Produce All Documents on which you rely as support for this statement.

### Response to Document Request No. 16:

Documents relating to coverage issues are the liability insurance policies issued by W. R. Grace's insurers and settlement documents, if any, related to settlement between Grace and its insurers. See Exhibit 4 attached hereto.

### Document Request No. 17:

On page 63 of your Disclosure Statement Objection, you state, "The lack of any aggregate cap on insurers' liability for Libby Claims means that there is no barrier to a very high percentage recovery by the Libby Claimants from the insurers." Produce all Documents on which you rely as support for this statement.

10

**Response to Document Request No. 17:**

Objection, repeats Document Request No. 13. See Libby Claimants' Response to Document Request No. 13.

**Document Request No. 18:**

Produce all Documents and medical studies on which you rely as support for your contention that the Libby Claimants are the only claimants entitled to the premises insurance coverage referenced on pages 62 and 63 of your Disclosure Statement Objection.

**Response to Document Request No. 18:**

Documents relating to coverage issues are the liability insurance policies issued by W. R. Grace's insurers and settlement documents, if any, related to settlement between Grace and its insurers. See Exhibit 4 attached hereto. See also Expert Report by Dr. Terry Spear 12/29/08, and Expert Report by Dr. Alan C. Whitehouse 12/29/08. Other documents that may be responsive to this request include Libby Claimants' medical records contained in Exhibit 1, provided in response to Document Request No. 1, and Exhibits 5, 6, and 7, provided in response to Document Request Nos. 10, 11, and 15, respectively.

**Document Request No. 19:**

Do you contend that those claimants who suffered injuries as a result of exposure to raw asbestos materials or to asbestos containing vermiculite at Grace's expansion plants at locations other than Libby, Montana, are not entitled to be indemnified or reimbursed under the premises coverage that you refer to on pages 62 and 63 of your Disclosure Statement Objection? If so, produce all Documents on which you rely as support for this contention.

11

**Response to Document Request No. 19:**

Documents relating to coverage issues are the liability insurance policies issued by W. R. Grace's insurers and settlement documents, if any, related to settlement between Grace and its insurers. See Exhibit 4 attached hereto. See also Expert Report by Dr. Terry Spear 12/29/08, and Expert Report by Dr. Alan C. Whitehouse 12/29/08. Other documents that may be responsive to this request include Libby Claimants' medical records contained in Exhibit 1, provided in response to Document Request No. 1, and Exhibits 5, 6, and 7, provided in response to Document Request Nos. 10, 11, and 15, respectively.

**Document Request No. 20:**

On page 76 of your Disclosure Statement Objection, you state that the Libby Claimants "are giving up more valuable insurance rights than other members of the same class." Produce all Documents on which you rely as support for this statement.

**Response to Document Request No. 20:**

Documents relating to coverage issues are the liability insurance policies issued by W. R. Grace's insurers and settlement documents, if any, related to settlement between Grace and its insurers. See Exhibit 4 attached hereto. See also Expert Report by Dr. Terry Spear 12/29/08, and Expert Report by Dr. Alan C. Whitehouse 12/29/08. Other documents that may be responsive to this request include Libby Claimants' medical records contained in Exhibit 1, provided in response to Document Request No. 1, and Exhibits 5, 6, and 7, provided in response to Document Request Nos. 10, 11, and 15, respectively.

**Document Request No. 21:**

Produce all Documents including medical records, relating to the occupational history

12

and asbestos-related disease of Tom Murray, the individual identified on page 14 of your
Disclosure Statement Objection.

### Response to Document Request No. 21:

Attached as Exhibit 8 are all medical records relating to the asbestos-related disease of
Tom Murray and within the possession, custody, or control of Libby Claimants. Also attached as
Exhibit 8 are documents reflecting Tom Murray's work history, including specifically his
employment at the Zonolite Co. in 1948 and 1949, and his address history. Finally, also included
as part of the attached Exhibit 8, are copies of depositions given by Tom Murray regarding his
asbestos-related disease.

### Document Request No. 22:

Produce all Documents, including medical records, relating to the occupational history
and asbestos-related disease of Betty Maxwell, the individual identified on page 14 of your
Disclosure Statement Objection.

### Response to Document Request No. 22:

Attached as Exhibit 9 are all medical records relating to the asbestos-related disease of
Betty Maxwell and within the possession, custody, or control of Libby Claimants. Also attached
as Exhibit 9 are documents reflecting Betty Maxwell's work history and her address history.
Libby Claimants also respond that an "Exposure History" document has been created by counsel
regarding Betty Maxwell. This document, while potentially responsive to the request, is withheld
pursuant to the work product doctrine, having been created by counsel, in anticipation of
litigation, and incorporative of numerous mental impressions, conclusions, and opinions of
counsel.

13

**Document Request No. 23:**

Produce all Documents, including medical records, relating to the asbestos-related disease of Victoria Skidmore, the individual identified on page 14 of your Disclosure Statement Objection, and relating to her visits to Libby, Montana.

**Response to Document Request No. 23:**

Attached as Exhibit 10 are all medical records relating to the asbestos-related disease of Victoria Skidmore and within the possession, custody, or control of Libby Claimants. Also attached as Exhibit 10 are documents reflecting Victoria Skidmore's work history and her address history. Finally, also included as part of the attached Exhibit 10, are copies of the deposition given by Victoria Skidmore regarding her asbestos-related disease.

**Document Request No. 24:**

Produce all Documents filed or served in the asbestos-related tort action filed by Les Stramstad against Grace, including, without limitation, all deposition, hearing, and trial transcripts as well as all discovery-related materials, which tort action is referenced on pages 16 and 17 of your Disclosure Statement Objection.

**Response to Document Request No. 24:**

Objection to request for "all discovery-related materials" as vague, overbroad, and burdensome.

Objection also to request for "all Documents filed" as unduly burdensome. See Federal Rule of Civil Procedure 26(b)(2)(C), which dictates that in the case of "all Documents filed" as public records, i.e. pleadings, with the Montana Nineteenth Judicial District Court, Lincoln County, in Cause No. DV-95-127, *Les Skramstad v. W.R. Grace*, the documents requested can

14

be obtained by the Requesting Party in a more convenient, less burdensome, and less expensive manner, especially given the minimal likely benefit of the documents to the needs in this case, than by taxing the limited resources of the Libby Claimants via the present request for production.

Without waiving these objections, Libby Claimants attach as Exhibit 11 the trial transcript from Montana Nineteenth Judicial District Court, Lincoln County, Cause No. DV-95-127, the court docket for such action, and all depositions taken or filed in such action. See also Asbestos Common Exhibits, which are referenced by and included as part of the attached Exhibit 6.

### Document Request No. 25:

Produce all Documents filed or served on the asbestos-related tort action filed by Jerry Finstad against Grace, which is referenced on page 17 of your Disclosure Statement Objection.

### Response to Document Request No. 25:

Objection to request for "all Documents filed" as unduly burdensome. See Federal Rule of Civil Procedure 26(b)(2)(C), which dictates that in the case of "all Documents filed" as public records, i.e. pleadings, with the Montana Nineteenth Judicial District Court, Lincoln County, in Cause No. DV-98-139, *Kenneth Finstad v. W.R. Grace*, the documents requested can be obtained by the Requesting Party in a more convenient, less burdensome, and less expensive manner, especially given the minimal likely benefit of the documents to the needs in this case, than by taxing the limited resources of the Libby Claimants via the present request for production.

Without waiving these objections, Libby Claimants attach as Exhibit 12 the trial

transcript from Montana Nineteenth Judicial District Court, Lincoln County, Cause No. DV-98-

139, the court docket for such action, and all depositions taken or filed in such action. See also

Asbestos Common Exhibits, which are referenced by and included as part of the attached Exhibit

6.

Dated: February 20, 2009           **LANDIS RATH & COBB LLP**
       Wilmington, Delaware

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Mona A. Parikh (No. 4901)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for Libby Claimants*

16