APPENDIX 1
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br>Related Docket Nos. 19581, 19620 |

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY
## OF CONFIRMATION DISCOVERY

WHEREAS, W.R. Grace & Co., et al. (collectively, the "**Debtors**"), the Official

Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants'

Representative, and the Official Committee of Equity Security Holders (collectively, the "**Plan**

**Proponents**"), have filed the First Amended Joint Plan of Reorganization (the "**Plan**," as it may

be amended, supplemented, or otherwise modified from time to time) in the Bankruptcy Court

for confirmation pursuant to Bankruptcy Code §§ 524(g) and 1129 ("Plan Confirmation");

WHEREAS, certain parties identified on Appendix A hereto (the "**Objectors**") have filed

preliminary objections to confirmation of the Plan or have served discovery on the Plan

Proponents;

WHEREAS, discovery requests have been and may continue to be served on the Plan

Proponents, the Objectors and certain of the Debtors' insurers and others (collectively, the

"**Parties**") in connection with Plan Confirmation (collectively, the "**Confirmation Discovery**");

WHEREAS, the Libby Claimants desire to protect the confidentiality and limit the use of

certain documents and information that may contain, among other things, medical information

that may be of a confidential nature and which they contend is deserving of protection (the

"**Confidential Information**") (including, but not limited to, correspondence between Debtors and various claimants about their claims; medical records and other materials) while ensuring that the Parties can obtain discovery with a minimum of delay and expense;

Accordingly, upon the agreement of the Parties:

1.    All Confidential Information furnished, disclosed, or made known in response to the Confirmation Discovery, (1) including in written form, orally or through any electronic, facsimile or computer-related communication, (2) and whether intentionally or unintentionally, shall be used by the Parties and their Permitted Recipients (as defined in paragraph 2 below) solely and exclusively in connection with Plan Confirmation, shall be kept confidential by such Parties and their Permitted Recipients, and shall not, without the prior written consent of each Designating Party (as defined in Paragraph 5 below), be disclosed, distributed, published or otherwise made available by the Parties their Permitted Recipients to any other person or entity, *provided*, *however*, that in accordance with paragraph 14 below, this Protective Order shall be without prejudice to any Party's right to seek production of Confidential Information through subsequent discovery in any coverage, tort or other action.  Confidential Information produced in the course of Confirmation Discovery that is information about Libby claimants or their medical conditions ("Libby Claimants' Confidential Information") may be used, subject to the terms of this order, by the Debtor to defend itself in *U.S. v. W.R. Grace*, a criminal trial occurring in the U.S. District Court for the District of Montana (the "Montana Criminal Case").  Other than the Debtors' rights to use Libby Claimants' Confidential Information in the Montana Criminal Case, Confidential Information shall not be utilized for any other purpose or proceeding.

2.    Notwithstanding paragraph 1 above, any Party may disclose Confidential Information to such Party's counsel (which, for the avoidance of doubt, includes counsel who

represent members of any official creditors' committee), consultants, accountants, experts, auditors, examiners, reinsurers or financial advisors or any other agents or professionals who are working for any Party in connection with Plan Confirmation. In each case, the foregoing must have a need to know such information and if applicable, have furnished such acknowledgement of this Protective Order as provided for in the last sentence of this paragraph ("Permitted Recipients"), *except* that counsel to any Party (including counsel who represent members of any official creditors' committee) shall be deemed to have accepted the terms of this Protective Order need not execute an acknowledgement, and may supply Confidential Information to other Permitted Recipients subject to the following two sentences . Unless the disclosure of information is required by law, court order or prior contract, each Party or Party's counsel providing Confidential Information to a Permitted Recipient shall advise, in writing, such Permitted Recipient (i) of the terms of this Protective Order, (ii) that upon receipt of any Confidential Information such person shall be deemed bound by the terms of this Protective Order, and (iii) of such person's obligations concerning the confidentiality of all such Confidential Information and the proper use thereof. Prior to receiving any Confidential Information, each Permitted Recipient shall execute an acknowledgement, in the form attached as Exhibit A to this Protective Order, indicating that he or she has read this Protective Order and agrees to be bound by its terms.

3.    "Confidential Information" shall not include any information or portions of information (including information that otherwise would constitute Confidential Information) that:  (a) is or becomes generally available to the public other than through actions by a non-Producing Party; (b) is or becomes available to a Party on a non-confidential basis from a source, other than from the Plan Proponents or Objectors, that the Party seeking to disclose such

information believes, after reasonable inquiry (including of the Plan Proponents and Objectors),

is not prohibited from disclosing such information to another party by a contractual, legal or

fiduciary obligation; (c) is or has been directly included in a filing with the Bankruptcy Court,

any other court, or any administrative body or tribunal whose records are open to public

inspections, except such information as has been filed under seal and except for any filing in the

Chapter 11 Cases[1] by a Party; or (d) can be demonstrated by evidence was in the possession of

the Party seeking to disclose the information prior to being produced to such Party through

Confirmation Discovery and was not otherwise subject to any contractual, legal or fiduciary

obligation of confidentiality.

4.      The Parties shall designate a document as Confidential Information by placing on

the face of the document the notation "**CONFIDENTIAL SUBJECT TO MARCH 2009**

**PROTECTIVE ORDER.**"

5.      At the same time as or prior to producing written Confidential Information in the

course of Confirmation Discovery, or within three (3) days of disclosure of Oral Confidential

Information (as defined below) or other non-written Confidential Information in the course of

Confirmation Discovery, a Party shall designate any materials, documents or writings which are

intended to be subject to this Protective Order. "Oral Confidential Information" shall mean:  any

written Confidential Information that is discussed or presented orally.  Within a reasonable time

after receiving such written or non-written materials produced in the course of Confirmation

Discovery, any Party with a legitimate interest in the confidentiality thereof may designate such

materials as Confidential Information.  Any such Party, or any Party who produces Confidential

Information in the course of Confirmation Discovery, and in either case has timely designated

---

[1]      All terms not otherwise defined herein shall have the same meaning as in the Plan

such material as Confidential Information is referred to herein as a "Designating Party." The Parties shall use reasonable efforts not to designate publicly available or other non-confidential and non-proprietary information as "Confidential Information" or **Oral Confidential Information**. Any dispute over whether any particular materials constitute Confidential Information or whether a Party is not a proper Designating Party shall be resolved by order of this Court, and pending entry of any such order, any materials designated by any Party as Confidential Information shall be treated as such.

6.     Confidential Information also may be disclosed by a Party if it becomes legally compelled (by deposition, interrogatory, request for documents, subpoena, civil investigative demand or similar process) to do so. In the event that such disclosure is sought, the Party against whom the demand is made shall use reasonable efforts to provide the Designating Party with prompt written notice of the order or other process compelling the disclosure of the Confidential Information. Their intention to disclose Confidential Information, which notice must be received by the designating Party and its counsel not less than fifteen (15) business days prior to such disclosure, so that the designating Party may seek a protective order or other appropriate remedy and/or waive compliance with the terms of this Protective Order with respect to the proposed disclosure. If a protective order or other remedy is not obtained by the time a Party is required to comply with such disclosure requests, and the Party is advised to do so by in-house or outside counsel, the Party may comply with such requests, *provided that* the Party uses reasonable efforts to disclose only such limited portion of the Confidential Information as is covered by such request.

7.     Without limiting the generality of any provision of this Protective Order, if a Party determines that it is necessary to disclose or to make reference to Confidential Information

in a motion, pleading or other document filed with the Bankruptcy Court in connection with Plan

Confirmation (a "**Filing**"), such Party, if permitted by the Court, shall file the Confidential

Information in a sealed envelope or container on which shall be endorsed the name and case

number of the above-captioned Chapter 11 Cases, the title or a general description of the

envelope's or container's contents, and a statement in the following form:

> **Filed Under Seal Pursuant to March 2009 Protective Order:**
> **This envelope [or container] is sealed pursuant to an order of**
> **this Court, and contains Confidential Information filed by**
> **[name of Party] and is not to be opened or the contents thereof**
> **displayed or revealed except by order of this Court or**
> **pursuant to a written agreement by and among the Parties to**
> **that certain March 2009 Protective Order.**

Such envelope or container shall not be opened without further order of this Court or written

agreement by and among the Parties. If a filing is made under seal pursuant to this paragraph 7,

the Party making the filing may, at its election, file a publicly redacted version of such filing,

omitting the part thereof that discloses or reveals the contents of the Confidential Information.

Each Party to this Protective Order shall receive copies of both the redacted and unredacted

filings, and for the avoidance of doubt, may share the unredacted copies with its counsel,

consultants, accountants, experts, auditors, examiners, financial advisors, or other agents or

professionals who are working on the Chapter 11 Cases for such Party and (in each case) need to

know such information, and (except as to a Party's counsel) who have executed an

acknowledgement as described in paragraph 2 above.

      8.    Confidential Information shall not be disclosed to any person that is not permitted

to receive or have access to Confidential Information under this Protective Order absent court

order or the express written consent of the Party or Parties that produced the Confidential

Information and/or designated such information as Confidential Information. If a Party seeks a

protective order or other remedy in accordance with this Protective Order, the Party agrees that it

will use best efforts not disclose Confidential Information until the matter has been resolved by the Bankruptcy Court or other court of competent jurisdiction.

9.     All medical records and health-related information (whether of a Party or any other person) produced in the course of Confirmation Discovery or which is to be filed with the Court or introduced into evidence in connection with Plan Confirmation ("Medical Information") shall (a) be deemed and treated as Confidential Information governed by this Protective Order, and (b) shall be utilized or referred to (other than between a Party and its own Permitted Recipients, with the Plan Proponents considered a single Party for this purpose), including in any deposition, pleading or court testimony, as Confidential Information governed by this Protective Order. The portion of any deposition transcript containing Confidential Information may be designated confidential and shall be subject to the provisions of this Protective Order.

10.     All medical records and health-related information (whether of a Party or any other person) produced in the course of Confirmation Discovery or which is to be filed with the Court or introduced into evidence in connection with Plan Confirmation ("Medical Information") shall (a) be deemed and treated as Confidential Information governed by this Protective Order, and (b) shall be utilized or referred to (other than between a Party and its own Permitted Recipients, with the Plan Proponents considered a single Party for this purpose), including in any deposition, pleading or court testimony, only as provided in this paragraph. All Medical Information utilized or referred to in connection with Plan Confirmation, including in the course of Confirmation Discovery or at the Confirmation Hearing, shall be utilized or referred to only in a form that has been redacted to remove the patient's contact information (i.e., address, phone number, email), insurance information, and Social Security number ("Patient Identifying Information"); Any reference—whether in pleadings, testimony, orders of this Court or

otherwise—to Medical Information shall not include any Patient Identifying Information. The portions of any deposition transcript containing Patient Identifying Information shall also be designated confidential and the portions thereof containing such Confidential Information, if any, shall be subject to the provisions of this Protective Order.

11. Before the Confirmation Hearing or any hearing in open court in connection with Plan Confirmation, the Parties shall negotiate in good faith with each other to seek agreement on the handling of Confidential Information so as to provide protection against public disclosure of such Confidential Information. If no agreement is reached, the Parties shall submit alternate proposals to the Bankruptcy Court for consideration and determination prior to trial, argument or hearing.

12. It is agreed that no failure or delay by any Party in exercising any right, power or privilege hereunder following entry into this Protective Order shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or future exercise thereof or the exercise of any other right, power or privilege hereunder.

13. Nothing contained herein shall restrict the use by any Party of Confidential Information produced by such Party, other than Confidential Information first obtained by such Party subject to this Protective Order or any other obligation of confidentiality.

14. Nothing contained herein shall limit or preclude any Party from raising objections to the production or disclosure of information or documents.

15. Nothing contained herein shall prohibit any person from requesting the production or disclosure of information or documents in accordance with the Federal Rules or Civil Procedure, *provided*, *however*, that (a) this Protective Order shall apply with respect to any such production or disclosure in connection with Plan Confirmation, and (b) no such request may

contain any disclosure of Confidential Information other than as permitted by this Protective Order. The rights of any persons oppose or seek a protective order concerning any such discovery are also unaffected by this Protective Order. Further, nothing contained herein shall prohibit any Party from seeking relief in the Bankruptcy Court and/or from raising objections to the designation of documents as Confidential Information in the Chapter 11 Cases.

16.    Any person who hereafter becomes an Objector or Plan Proponent, against whom Confirmation Discovery is directed shall, upon notice via email to all existing Parties, be added to Appendix A of this Protective Order and receive access to Confidential Information, unless any existing Party objects by reply email within three business days of receiving such notice. If an existing Party so objects, the person seeking to become a party may apply to the Court for an order specifying whether or to what extent it may receive Confidential Information, *provided*, *however*, that any existing Party hereto may oppose any such application, and in all events the use of Confidential Information shall be subject to all other provisions of this Protective Order.

17.    The term "**person**," as used in this Protective Order, shall be interpreted broadly to include, but is not limited to, any corporation, company, limited liability company, partnership, joint venture, union, government agency, political subdivision or individual.

18.    Within ninety (90) days after the earlier of (a) a plan of reorganization for the Debtors is confirmed and any appellate proceedings with respect to confirmation of such plan have concluded and (b) the closing of these Chapter 11 Cases, all persons who received access to the Confidential Information must destroy all documents or materials containing Confidential Information, including all copies, extracts, notes and summaries made or containing information therefrom, and certify in writing to each Designating Party that this has been done, *provided*, *however*, that the destruction and certification requirements of this paragraph 19 shall not apply

to (w) copies of Confidential Information retained by a Party with a legitimate business purpose for retaining such material, (w) copies of Filings placed under seal with the Court pursuant to paragraph 7 above, (x) copies of Confidential Information that any Party is required by law to retain (e.g. for audit purposes) or (y) original documents or materials, the return of which is governed by paragraph 20 below, or (z) copies in the hands of the producing party that were not received from any other Party subject to this Protective Order ; provided, further, however, that counsel for the Libby Claimants shall retain a set of the Confidential Information for five years.

19.     Any original documents or materials (distinct from copies) that have been produced or turned over to any of the Parties shall be promptly returned to their owners or to the Person from whom they were received within ninety (90) days after the earlier of (a) a plan of reorganization for the Debtors is confirmed and any appellate proceedings with respect to confirmation of such plan have concluded and (b) the closing of these Chapter 11 Cases.

20.     Notwithstanding the destruction or return of all Confidential Information, the Parties will continue to be bound by their obligations of confidentiality pursuant to this Protective Order.  Without limiting the generality of the foregoing, neither the closing of the Chapter 11 Cases nor the termination of employment of any individual who has access to Confidential Information shall relieve such individual from his or her obligations of confidentiality pursuant to this Protective Order.

21.     The Parties acknowledge and agree that money damages would not be a sufficient remedy for any breach of this Protective Order.  Accordingly, in addition to any other remedies to which they may be entitled at law or in equity, any Designating Party who has designated information as Confidential Information shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of this Protective Order (regardless of

whether damages may or may not be readily quantifiable and without posting a bond or other security).

22.     This Protective Order shall be governed by, and construed in accordance with, the laws of the State of Delaware without giving effect to the otherwise applicable principles of law as to conflicts or choice of law of such state.

23.     The Bankruptcy Court shall have exclusive jurisdiction with respect to any issues, actions, suits or proceedings arising out of or relating to this Protective Order during such time as any of the Debtors shall be subject to the jurisdiction of the Bankruptcy Court. Any objection to the laying of venue in the Bankruptcy Court with respect to any action, suit or proceeding arising out of this Protective Order during such time are hereby overruled. Any notice, service of process, summons, or other document or communication required or permitted pursuant to this Protective Order shall be in writing and shall become effective service of process for any action, suit or proceeding brought against the Party in any court when delivered by facsimile (confirmed by mail), overnight courier service, registered or certified mail (postage prepaid) or by hand delivery to counsel for the Parties.

24.     This Protective Order shall be binding upon and inure to the benefit of the Parties hereto, their respective counsel, advisors, representatives, employees, consultants, accountants, experts, auditors, examiners, financial advisors, or other agents or professionals, and each of their respective successors and assigns, and also to the benefit of any person whose Medical Information is produced in the course of Confirmation Discovery.

25.     This Protective Order represents the entire order with respect to the subject matter hereof, *provided*, *however*, that this Protective Order shall in no way amend, modify, supersede, or extinguish any protective order or confidentiality agreement that is in effect in these Chapter

11 Cases, and the terms of such orders and agreements shall remain in full force and effect. Any amendment, supplement or modification to this Protective Order, or any waiver of the rights and obligations hereunder, must be in writing and signed on behalf of the Parties hereto.

Dated: April __, 2009

_____
Judith K. Fitzgerald
United States Bankruptcy Judge

## APPENDIX A

### Counsel for Objectors and Discovery Recipients

VORYS, SATER, SEYMOUR AND PEASE LLP
Robert J. Sidman
Tiffany Strelow Cobb
52 East Gay Street
P.O. Box 1008
Columbus, OH 43215
Telephone: (614) 464-6400
Facsimile: (614) 719-4663

*Counsel for The Scotts Company*

PEPPER HAMILTON LLP
Evelyn J. Metlzer
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 777-6511

PEPPER HAMILTON LLP
Edward C. Toole, Jr.
Linda J. Casey
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4000
Facsimile: (215) 981-4750
*Counsel for BNSF Railway Company*

MCCARTER & ENGLISH, LLP
Katharine L. Mayer
Daniel M. Silver
Renaissance Center
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6312/6311
Facsimile: (302) 984-6399

*Counsel for Owens-Illinois*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Robert J. Dehney
Ann C. Cordo
1201 N. Market Street
Wilmington, DE  19801
Telephone:  (302) 658-9200

and

SIMPSON THACHER & BARTLETT LLP
Mary Beth Forshaw
Elisa Alcabes
425 Lexington Avenue
New York, NY  10017-3954
Telephone:  (212) 455-2000

*Counsel for Travelers Casualty & Surety Company*

CONNOLLY BOVE LODGE & HUTZ LLP
Jeffrey C. Wisler
Marc J. Phillips
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone:  (302) 658-9141
Facsimile:  (302) 658-0380

and

Edward J. Longosz, II
Laura G. Stover
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C.  20006
Telephone:  (202) 659-6600
Facsimile:  (202) 659-6699

*Counsel for Maryland Casualty*

STROOCK & STROOCK & LAVAN LLP
Lewis Kruger
Kenneth Pasquale
180 Maiden Lane
New York, NY  10038-4982
Telephone:  (212) 806-5400
Facsimile:  (212) 806-6006

and

DUANE MORRIS LLP
Michael Lastowski
Richard W. Riley
William S. Katchen
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246
Telephone:  (302) 657-4942
Facsimile:  (302) 657-4901

*Counsel for Unsecured Creditors Committee*

LANDIS RATH & COBB LLP
Adam G. Landis
Rebecca L. Butcher
Kerri K. Mumford
919 Market Street
Wilmington, DE  19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

and

COHN WHITESELL & GOLDBERG LLP
Daniel C. Cohn
Christopher M. Candon
101 Arch Street
Boston, MA  02110
Telephone:  (617) 951-2505
Facsimile:  (617) 951-0679

and

MCGARVEY, HEBERLING, SULLIVAN & MCGARVEY, P.C.
Jon. L. Heberling
745 South Main
Kalispell, MT  59901
Telephone:  (406) 752-5566
Facsimile:  (406) 752-7124

and

LEWIS, SLOVAK & KOVACICH, P.C.
Tom L. Lewis
725 Third Avenue
North Great Falls, MT  59401
Telephone:  406) 761-5595
Facsimile:  (406) 761-5805

*Counsel for Libby Claimants*

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
Francis A. Monaco, Jr.
Kevin J. Mangan
Matthew P. Ward
222 Delaware Ave., Suite 1501
Wilmington, DE  19801
Telephone:  (302) 252-4320
Facsimile:  (302) 252-4330

*Counsel for the State of Montana*

PEPPER HAMILTON LLP
David M. Fournier
James C. Carignan
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE  19801
Telephone:  (302) 777-6500

Robert S. Hertzberg
100 Renaissance Center, Suite 3600
Detroit, MI  48243-1157
Telephone:  (313) 259-7110

*Counsel for Longacre Master Fund*

SMITH KATZENSTEIN & FURLOW LLP
Kathleen M. Miller
Etta R. Wolfe
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410 (Courier 19801)
Wilmington, DE  19899
Telephone:  (302) 652-8400
Facsimile:  (302) 652-8405

and

FULBRIGHT & JAWORSKI L.L.P.
Steve A. Peirce
300 Convent Street, Suite 2200
San Antonio, TX  78205-3792
Telephone:  (210) 224-5575
Facsmilie:  (210) 270-7205

Toby L. Gerber
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

*Counsel for Kaneb Pipeline*

BIFFERATO GENTILOTTI, LLC
Garvan F. McDaniel (#4167)
800 King Street, First Floor
Wilmington, Delaware 19801
Telephone: (302) 429-1900

and

WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
Carl J. Pernicone
150 East 42nd Street
New York, New York 10017-5639
Telephone: (212) 490-3000

and

O'MELVENY & MYERS LLP
Tancred Schiavoni
Gary Svirsky
7 Times Square
New York, New York 10036
Telephone: (212) 326-2267

*Counsel for Arrowood Indemnity Company, f/k/a Royal
Indemnity Company*

GOODWIN PROCTER LLP
Daniel M. Glosband (*pro hac vice*)
Brian H. Mukherjee (*pro hac vice*)
Goodwin Procter LLP
Exchange Place, 53 State St.
Boston, Massachusetts 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

and

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.
Elizabeth DeCristofaro (*pro hac vice*)
Wall Street Plaza, 23rd Floor
New York, New York 10005-1875
Telephone: (212) 269-4900
Facsimile: (212) 344-4294

*Counsel for Continental Casualty Company,*
*Transportation Insurance Company*
*and their American insurance affiliates*

COZEN O'CONNOR
Jeffrey R. Waxman (No. 4159)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

and

William P. Shelley (PA ID 40875)
Jacob C. Cohn (PA ID 54139)
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

*Counsel for Federal Insurance Company*

STEVENS & LEE, P.C.
John D. Demmy (DE Bar No. 2802)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 425-3308
Facsimile: (610) 371-8515

and

Leonard P. Goldberger
Marnie E. Simon
(Member PA Bar)
1818 Market Street, 29th Floor
Philadelphia, PA 19103-1702
Telephone: (215) 751-2864/2885
Facsimile: (610) 371-7376/8505

*Counsel for Fireman's Fund Insurance Company and*
*Allianz S.p.A., f/k/a Riunione Adriatica Di Sicurta*

WHITE & WILLIAMS, LLP
JAMES S. YODER, ESQ. (DE #2643)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899
Telephone: (302) 467-4524

and

CUYLER BURK, P.C.
Stefano Calogero Esq.
Andrew K. Craig, Esq.
Parsippany Corporate Center
Four Century Drive
Parsippany, NJ 07054
Telephone: (973) 734-3200

*Counsel for Allstate Insurance Company*

CONNOLLY BOVE LODGE & HUTZ LLP
Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
1220 Market Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-0380

Of Counsel:
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Edward J. Longosz, II
Laura G. Stover
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, DC 20006
Telephone: (202) 659-6600
Facsimile: (202) 659-6699

WILEY REIN LLP
Richard A. Ifft
Karalee C. Morell
1776 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 719-7170
Facsimile: (202) 719-7049

*Counsel for Zurich Insurance Company, Zurich
International (Bermuda) Ltd , and Maryland Casualty
Company*

DRINKER BIDDLE & REATH, LLP
Warren T. Pratt (DE Bar I.D. #4334)
David P. Primack (DE Bar I.D. #4449)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1243
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

and

DRINKER, BIDDLE & REATH LLP
Michael F. Brown
Warren Pratt
David Primack
Jeffrey M. Boerger
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

*Counsel for Government Employees Insurance
Company, Columbia Insurance Company f/k/a
Republic Insurance Company, OneBeacon American
Insurance Company and Seaton Insurance Company*

ALAN RICH
1401 Elm Street, Suite 4620
Dallas, TX 75202
(214) 532-4437

and

R. Karl Hill
Seitz, Van Ogtrop & Green
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19801

*Counsel for the Asbestos PD Future Claimants'*
*Representative*

JOHN SHEEHAN SPADARO, LLC
John Spadaro
724 Yorklyn Road, Suite 375
Hockessin, DE  19707
Telephone:  (302) 235-2516
Facsimile:  (302) 235-2536

MENDES & MOUNT LLP
Alexander J. Mueller
Thomas J. Quinn
750 Seventh Avenue
New York, NY  10019
Telephone:  (212) 261-8000
Facsimile:  (212) 261-8345