IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:

W.R. Grace & Co., *et al.*               Chapter 11

        Debtors.               Bankruptcy No. 01-1139-JKF
(Jointly Administered)
**Related to Doc. No. 19987, Status Report Regarding  Class Proofs of Claim (#9911 and #9914) filed on behalf of Anderson Memorial Hospital; Doc. No. 20111, Debtors' Status Report Regarding Anderson Memorial Hospital's Class Proofs of Claim (#9911 and #9914)**

**MEMORANDUM ORDER**

During an unrelated hearing on October 27, 2008, counsel for Anderson Memorial Hospital raised the issue of whether three proofs of claim with respect to Anderson Memorial Hospital ("AMH") remain active.  Two of those proofs of claim were class proofs of claim, one identified as the "worldwide class proof of claim," #9911, and the other as the "statewide class proof of claim," #9914.  AMH's individual proof of claim was assigned #11008.  *See* Doc. No. 19987, AMH's Status Report re Class Proofs of Claim.  On  November 11, 2008, AMH filed a status report with respect to these class proofs of claim asserting that Debtors' objections to AMH's counsel's authority to file the class proofs of claim had not been adjudicated.  Doc. No. 19987.

This court previously denied, with prejudice, the AMH motion for class certification, Doc. No. 18821.[1]  That ruling determined that only the individual claim of AMH remained.[2]  *Id*.

---

[1] Prepetition, the South Carolina court where AMH initiated its pursuit of Debtors, among others, denied certification of a worldwide class.  Allegedly encompassed in the "worldwide"
(continued...)

1

AMH appealed our ruling and unless it is successful on appeal, because there is no "class" in existence, there are no further issues to be adjudicated in that regard.[3]

We note that Debtors seek to have us hold the class proofs of claim "in suspense" because class certification has been denied and AMH has been unsuccessful in its effort to obtain

---

[1](...continued)
class are certain Canadian property damage claims. Those claims are subject to Debtors' motion for summary judgment and are under advisement with this court. They will be addressed in a separate Memorandum Opinion and Order.

[2]In Debtors' Thirteenth Omnibus Objection to Claims, Doc. No. 9311, it objected to the claim filed on behalf of AMH. Doc. No. 9311 at 3. The objection states:

> Anderson Memorial 2001 Orders: 59 Claims signed and filed by Speights are brought on behalf of South Carolina entities for which Speights' authority to file is allegedly based on 3 South Carolina pleadings from 2001, including 2 that were entered by the South Carolina court after the automatic stay went into effect. As described further below, as the basis for Speights' supposed representation of these claimants, Speights' Verified 2019 Statement cites to (1) a February 9, 2001, ex parte, "emergency" conditional class certification (in a 10 year old case!) of asbestos property damage claims for South Carolina buildings, entered by Speights' South Carolina home state court at Speights' request in response to concerns that Grace might file Chapter 11; and (2) Orders entered by the same South Carolina state court in June and July 2001, more than four months after Grace had filed Chapter 11 and provided notification to the South Carolina court of the automatic stay. These South Carolina orders are null and void, have no legal effect, and do not provide Speights with authority to file these claims. A list of these claims is attached as Exhibit K.

Doc. No. 9311 at 3. One of the entities on Exhibit K is AMH. Counsel's authority to represent AMH individually has been resolved.

[3]The District Court for the District of Delaware denied AMH's motion for leave to appeal our order denying class certification and denied AMH's motion for reconsideration. *See* Doc. Nos. 11, 15, Case no. 1:08-mc-00118-RLB filed in the District Court for the District of Delaware. AMH has appealed that decision. *Id.* at Doc. No. 16. As of April 10, 2009, the District Court's docket does not reflect that the record has been transmitted to the Court of Appeals.

2

leave to appeal, including in its bid to have the District Court certify the class certification issue to the Court of Appeals for the Third Circuit. *See* Debtors' Status Report Regarding Anderson Memorial Hospital's Class Proofs of Claim (#9911 and #9914), Doc. No. 20111, at 3. However, because no class has been certified we find that the effect of denial of class certification is that the class claims are reduced to zero. This is without prejudice to reinstatement of the litigation regarding the amount of the class proofs of claim if and when the class certification decision is reversed on appeal. In this regard, without restating the history of all the issues incident to denial of the bid for class certification, we note that each property damage claimant had the opportunity to file an individual proof of claim before the bar date which expired long ago.

Therefore, it is **ORDERED** that the AMH class proofs of claim, #9911 ("worldwide class proof of claim") and #9914 ("statewide class proof of claim") are reduced to zero without prejudice to reinstatement of litigation as to a different amount if this court's decision denying class certification is reversed on appeal.

It is **FURTHER ORDERED** that the AMH individual proof of claim, Claim No. 11008, remains active.

It is **FURTHER ORDERED** that counsel for AMH shall immediately serve a copy of this Order on all parties in interest who do not receive electronic notice and shall file a certificate of service forthwith.

DATE: April 13, 2009

                                            *Judith K. Fitzgerald*
                                            Judith K. Fitzgerald    rmab
                                            United States Bankruptcy Judge