*6/27/01*
*Docket # 587*

THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE CO., *et al.*, | ) | Case No. 01-01139 (JJF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### DEBTORS' MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF CASE MANAGEMENT ORDER, MOTION TO ESTABLISH BAR DATE, MOTION TO APPROVE CLAIM FORMS, AND MOTION TO APPROVE NOTICE PROGRAM

KIRKLAND & ELLIS
David M. Bernick
James H.M. Sprayregen
Andrew R. Running
Janet Baer
Christopher B. Sullivan
Douglas G. Smith
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
(312) 861-2200 (fax)

PACHULSKI, STANG, ZIEHL, YOUNG &
JONES P.C.
Laura Davis Jones
David Carickhoff
Hamid Rafatjoo
919 North Market Street, 16th Floor
Wilmington, Delaware 19801
(302) 652-4100
(302) 652-4400 (fax)

Co-Counsel for the Debtors and Debtors in
Possession


DEPOSITION EXHIBIT # 11
3/30/09 ASD

emphasizes, for example, the "astonishing incidence of pleural changes observed" by the ATSDR in Libby residents with "vermiculite insulation in their residences." (April 27, 2001 Preliminary Informational Brief Of Zonolite Attic Insulation Class Action Plaintiffs, at 2) But the reported ATSDR finding that 14% (4 out of 28 persons) of those exposed to residential insulation had "pleural changes" of some type is not "astonishing" at all, because the same report found that those residents with "no apparent exposure"-- meaning no vermiculite insulation in their homes and no other identified asbestos exposure -- had the identical 14% (5 out of 37 persons) incidence of pleural changes. (*Id.*, Ex. B, February 22, 2001 ATSDR Report, at 15, Table 4, Column for "Pleural, all views")

For these reasons, Debtors believe that after the ZAI claims are filed and Grace files its omnibus objections, litigation of the ZAI claims should first address the threshold *Daubert* issue of whether there is sufficient reliable, scientific evidence that ZAI poses a health risk.

### B. Traditional Asbestos Property Damage Claims.

Prior to the recent filing of the ZAI class action lawsuits, the property damage litigation against Grace had nearly run its course. Only seven claims remained as of the petition date, and the Debtors expect that any additional claims will likely be barred by the statute of limitations, or will be rejected based on other threshold defenses.

Since Grace received its first asbestos property damage claim in 1982, subsequent property damage cases have predominately related to Grace's Monokote-3 ("MK-3") product. "MK-3" was the brand name for the spray fireproofing product being sold by Zonolite when

6

Grace acquired the company in 1963.[13] MK-3 was a wet-sprayed, cementitious fireproofing product marketed for application to the skeletal steel-beam structure of commercial buildings, usually high-rise buildings, during construction. Unlike the widespread use of dry-spray alternatives, after initial mixing, MK-3 bound and encapsulated the asbestos.

Effective on July 4, 1973, EPA banned the spraying of products such as MK-3 that contained more than 1% asbestos. By that date, Grace had completed the transition to substitute products with no added asbestos: MK-4 and MK-5.

In addition to MK-3, Grace manufactured other products containing asbestos or vermiculite. Some were similar to MK-3; others were expanded vermiculite-based products.[14] Fewer claims have been brought for these products.

Since 1982, when the first claim was filed, 370 non-ZAI asbestos property damage lawsuits have been filed against Grace. Ninety-eight percent of the cases that have ever been filed have now been resolved. Of the seven unresolved cases, only five were active as of the petition date:

- One has been on the suspense calendar since 1990 in the United States District Court for the Eastern District of Louisiana.

- Grace was awaiting a dismissal order in the second case due to product misidentification.

---

[13] Sixty percent of MK-3 was gypsum – a naturally-occurring mineral mined and sold by the Gypsum companies – which acted as the binding, cementitious component of the product. MK-3 contained roughly 30% vermiculite and 10% added chrysotile asbestos purchased from asbestos producers.

[14] Examples of these other products include acoustical plaster products (e.g., "Zonocoustic," "Spra-Wyt," "Zonolite Acoustical Plastic," and "Econo-White"), Zonolite High-Temperature Cement, and Zonolite Masonry-Fill.

- One was awaiting a decision by Ohio's Supreme Court after the appellate court affirmed the trial court's grant of summary judgment for Grace on statute of limitations grounds.

- A fourth case was on appeal in New York state after the trial court entered a verdict against Grace, despite the jury's apportionment of 62% liability to plaintiffs.

- Three cases were in pretrial litigation. One of those three cases, *Prudential Ins. Co. v. United States Gypsum Co.* (D.N.J. Nos. 87-4227, 4238) was dismissed last week on the basis that all of the asserted federal claims against Grace's co-defendants were time barred.

One reason there are almost no active cases is that only four new cases have been filed since 1995, and none since 1998.

In the event that new property damage claims are filed, Debtors believe they will be barred by threshold defenses. These include:

### 1. The statute of limitations defense.

Based on the small number of cases pending as of the petition date and the length of time since the last case was filed, Debtors do not expect many additional claims to be filed. Debtors believe those that are filed will be subject to a statute of limitations defense.

The statute of limitations period for asbestos property damage claims is typically three years. *See, e.g.*, Cal. Civ. Proc. § 338; D.C. Code Ann. § 12-301; N.Y. C.P.L.R. § 214-c. In turn, the majority of states apply the discovery rule to determine when the limitations period begins to run. *See, e.g., NCR Corp. v. United States Mineral Products Co.*, 649 N.E.2d 175, 177, 178 n.3 (Ohio 1995) (majority of courts resolving the limitations issue in asbestos removal litigation have applied the discovery rule). Under the discovery rule, a cause of action accrues

8