IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Bankruptcy Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## DEBTORS' RESPONSES AND OBJECTIONS TO TRAVELERS CASUALTY AND SURETY COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION TO DEBTORS

Debtors W.R. Grace & Co., et al., (hereinafter "Grace") object and respond to Travelers Casualty and Surety Company's (hereinafter "Travelers") December 31, 2008 First Set of Requests for Admission to Debtors as follows:

### GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

1. The Debtors note that the Requests are based on the Joint Plan of Reorganization, dated December 19, 2008. To be clear, these responses are based on the most recent versions of the Plan and the Plan Documents (as defined in the Plan) on file with the Court as of the date of these responses, which are the February 27, 2009 versions of the Plan and the Plan Documents.

2. By responding to these Requests, the Debtors should not be construed as accepting the definitions that Travelers has provided. In its responses below, the Debtors have used what they believe is an appropriate and reasonable understanding of the words that the Requests purport to define. In addition, to the extent not otherwise defined herein or in the Requests, any capitalized terms in these responses shall have the meaning attributed to them in the Plan and the other Plan Documents.

3. The Debtors further note, in lieu of repeating throughout these responses, that, pursuant to Section 7.15 of the Plan, the Plan provides that (a) except as to the extent provided in that Section, nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in



DEPOSITION EXHIBIT # 17

K&E 14082386.5

any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect and (b) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

4. The Debtors objects generally to the instructions and definitions set forth in the Requests to the extent they seek to impose any obligation beyond that which is required by the Federal Rules of Civil Procedure, as applicable by the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the District of Delaware, or any case management or other applicable order entered by the Bankruptcy Court.

5. The Debtors object to any Request seeking information protected by the attorney-client privilege, work product doctrine, common-interest privilege, or any other applicable privilege, doctrine or protection.

6. The Debtors objects to the Requests to the extent that they seek information that is not relevant to the confirmation of the Plan, and/or are overly broad, unduly burdensome, harassing or not reasonably calculated to lead to the discovery of admissible evidence.

7. The Debtors objects to the Requests to the extent that they are vague or ambiguous or fail to describe the information sought with sufficient particularity to allow for a meaningful response.

8. The Debtors objects to the Requests to the extent that they seek discovery of information already within the possession, custody or control of the Discovering Parties.

10. The information provided in the responses set forth below is that currently available to the Debtors, unless privileged or otherwise protected. The responses herein are made without waiver of and with specific preservation of: (a) questions and objections as to competence, relevance, materiality, privilege and admissibility; (b) the right to object to the use of any objections, response or answer, in whole or in part, on any ground; (c) the right to object on any ground at any time to a demand for further responses or answers involving or relating to the subject matter of the Requests; (d) the right at any time to revise, correct, add to or clarify any of the objections, responses and answers propounded herein; and (e) the right to move for an appropriate protective order.

11. The Debtors' decision to provide responses notwithstanding the objectionable nature of any of the Requests should not be construed as a waiver of any of the general or specific objections.

12. These General Objections and Reservations of Rights are incorporated by reference into the following specific objections and responses, and an objection or response by the Debtors to any Request is made without waiver of, and subject to, these General Objections and Reservations of Rights.

## RESPONSES TO REQUESTS FOR ADMISSION

**A.  The 1992 Agreement**

Request to Admit No. 1:

Admit that the document attached hereto as Exhibit 1 is a true and correct copy of the 1992 Agreement.

Response to Request to Admit No. 1:

Admitted.

Request to Admit No. 2:

Admit that Travelers has at all times fully complied with its obligations under the 1992 Agreement.

Response to Request to Admit No. 2:

Admitted, subject to the fact that Travelers paid the amount due under the 1992 Agreement, which was a buyout of the policies at issue, and therefore Travelers has had no continuing obligations under the 1992 Agreement other than confidentiality obligations in accordance with Section 13(c) of the 1992 Agreement.

Request to Admit No. 3:

Admit that Travelers has performed the 1992 Agreement at all times since the date of its execution.

Response to Request to Admit No. 3:

Admitted, subject to the facts set forth in response to Request to Admit No. 2.

Request to Admit No. 4:

Admit that the Debtors have performed the 1992 Agreement at all times since the date of its execution.

Response to Request to Admit No. 4:

Admitted.

Request to Admit No. 5:

Admit that Section 7(A) of the 1992 Agreement imposes on the Debtors an obligation to indemnify Travelers in accordance with its terms.

Response to Request to Admit No. 5:

Admitted.

Request to Admit No. 6:

Admit that, pursuant to the 1992 Agreement, the Debtors owe indemnification obligations to Travelers for claims asserted by third parties against Travelers based on the 1992 Agreement Policies, even if such claims do not relate to asbestos.

Response to Request to Admit No. 6:

The Debtors admit that pursuant to the 1992 Agreement, the Debtors owe indemnification obligations to Travelers as set forth in Section 7 of that Agreement, which speaks for itself.

Request to Admit No. 7:

Admit that, if the Amended Joint Plan is confirmed, the Asbestos PI Trust will assume all of the Debtors' obligations under the 1992 Agreement, including the indemnification obligations set forth in Section 7(A) of the 1992 Agreement.

Response to Request to Admit No. 7:

Denied. If the First Amended Joint Plan dated February27, 2009 is confirmed, only the Debtors' obligations with respect to Asbestos PI Claims under the 1992 Agreement, including indemnity obligations, if any, with respect to Asbestos PI Claims, under Section 7(A) of the 1992 Agreement, will be channeled to the Asbestos PI Trust. To the extent the Request seeks an admission that, if the First Amended Joint Plan is confirmed, there will be channeled to the Asbestos PI Trust indemnity obligations of the Debtor under the 1992 Agreement other than for Asbestos PI Claims, the Request is denied.

Request to Admit No. 8:

Admit that the 1992 Agreement constitutes an Asbestos Insurance Settlement Agreement under the Amended Joint Plan.

Response to Request to Admit No. 8:

Admitted.

Request to Admit No. 9:

Admit that with respect to the 1992 Agreement and the 1992 Agreement Policies, Travelers is an Asbestos Protected Party under the Amended Joint Plan.

Response to Request to Admit No. 9:

Admitted.

Request to Admit No. 10:

Admit that an indemnification claim by Travelers under the 1992 Agreement constitutes an Indirect PI Trust Claim under the Amended Joint Plan.

Response to Request to Admit No. 10:

The Debtors admit that an indemnification Claim by Travelers under the 1992 Agreement that arises from an Asbestos PI Claim constitutes an Indirect PI Trust Claim under the First Amended Joint Plan. The Debtors deny that indemnification Claims by Travelers under the 1992 Agreement that do not arise from Asbestos PI Claims constitute Indirect PI Trust Claims under the First Amended Joint Plan.

Request to Admit No. 11:

Admit that, if the Amended Joint Plan is confirmed, the Asbestos PI Trust will address any indemnification claim by Travelers under the 1992 Agreement in accordance with the Trust Distribution Procedures.

Response to Request to Admit No. 11:

The Debtors admit that, if the First Amended Joint Plan is confirmed, the Asbestos PI Trust will address any indemnification claim by Travelers under the 1992 Agreement that arises

from an Asbestos PI Claim in accordance with the Trust Distribution Procedures. The Debtors deny that, if the First Amended Joint Plan is confirmed, the Asbestos PI Trust will address any other types of indemnification claim by Travelers under the 1992 Agreement.

Request to Admit No. 12:

Admit that, if the Amended Joint Plan is confirmed, the Asbestos PI Trust will not be obligated to pay in full any indemnification claim by Travelers under the 1992 Agreement.

Response to Request to Admit No. 12:

The Debtors object to the term "in full" as vague and ambiguous. The Debtors further object to this Request to the extent it calls for speculation about future conduct by other parties, which is not the proper subject of a Request for Admission under Federal Rule of Civil Procedure 36, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7036, or any other applicable rule. Subject to these objections, the Debtors note that the Asbestos PI Trust Distribution Procedures speak for themselves and are the best source of information as to the Asbestos PI Trust's payment obligations. To the extent a further response is required, Denied.

Request to Admit No. 13:

Admit that, if the Amended Joint Plan is confirmed, the Asbestos PI Trust will have no obligation to satisfy any claim by Travelers for indemnification under the 1992 Agreement if such claim for indemnification does not relate to asbestos.

Response to Request to Admit No. 13:

Admitted.

Request to Admit No. 14:

Admit that, if the Amended Joint Plan is confirmed, the Reorganized Debtors will not be obligated to pay any indemnification claim by Travelers under the 1992 Agreement.

Response to Request to Admit No. 14:

The Debtors admit that, if the First Amended Joint Plan is confirmed, the Reorganized Debtors will not be obligated to pay: (1) any indemnification claim by Travelers under the 1992 Agreement that is an Indirect PI Trust Claim under the Plan; or (2) any indemnification claim under the 1992 Agreement that is not an Indirect PI Trust Claim under the Plan and that Travelers could have asserted in the Chapter 11 cases. To the extent a further response is required, this Request is denied.

Request to Admit No. 15:

Admit that the Amended Joint Plan, if confirmed, will modify Travelers indemnification rights under the 1992 Agreement.

Response to Request to Admit No. 15:

The Debtors admit that, if confirmed, the First Amended Plan will modify who the responsible party is with respect to satisfaction of Travelers' indemnification rights, to the extent that the Asbestos PI Trust will become responsible for paying any Travelers' Claims that are Indirect Trust Claims. To the extent a further response is required, this Request is denied.

Request to Admit No. 16:

Admit that the 1992 Agreement is an executory contract.

Response to Request to Admit No. 15:

Denied.

Request to Admit No. 17:

Admit that the 1992 Agreement is not an executory contract.

Response to Request to Admit No. 17:

Admitted.

**B.  The 1996 Agreement**

Request to Admit No. 1:

Admit that the document attached hereto as Exhibit 2 is a true and correct copy of the 1996 Agreement.

Response to Request to Admit No. 1:

Admitted.

Request to Admit No. 2:

Admit that Travelers has at all times fully complied with its obligations under the 1996 Agreement.

Response to Request to Admit No. 2:

Admitted.

Request to Admit No. 3:

Admit that Travelers has performed the 1996 Agreement at all times since the date of its execution.

Response to Request to Admit No. 3:

Admitted.

Request to Admit No. 4:

Admit that the Debtors have performed the 1996 Agreement at all times since the date of its execution.

Response to Request to Admit No. 4:

Admitted.

Request to Admit No. 5:

Admit that Section 13.1 of the 1996 Agreement imposes on the Debtors an obligation to indemnify Travelers in accordance with its terms.

Response to Request to Admit No. 5:

Admitted.

Request to Admit No. 6:

Admit that, if the Amended Joint Plan is confirmed, the Asbestos PI Trust will assume all of the Debtors' obligations under the 1996 Agreement, including the indemnification obligations set forth in Section 13.1 of the 1996 Agreement.

Response to Request to Admit No. 6:

Admitted that, if the First Amended Joint Plan is confirmed and the Asbestos PI Trust becomes the successor to the Debtors' rights and obligations under the 1996 Agreement, then the Asbestos PI Trust will assume all of the Debtors' obligations under the 1996 Agreement, including the indemnification obligations set forth in Section 13.1 of the 1996 Agreement.

Request to Admit No. 7:

Admit that the 1996 Agreement does not constitute an Asbestos Insurance Settlement Agreement under the Amended Joint Plan.

Response to Request to Admit No. 7:

Admitted.

Request to Admit No. 8:

Admit that the 1996 Agreement constitutes Asbestos In-Place Insurance Coverage under the Amended Joint Plan.

Response to Request to Admit No. 8:

Denied. Under the First Amended Joint Plan dated February 27, 2009, the 1996 Agreement is an Asbestos Insurance Reimbursement Agreement.

Request to Admit No. 9:

Admit that with respect to the 1996 Agreement, Travelers is not an Asbestos Protected Party under the Amended Joint Plan.

Response to Request to Admit No. 9:

Admitted that, with respect to the 1996 Agreement, as of the date of service of these Responses, Travelers is not an Asbestos Protected Party under the First Amended Joint Plan. However, on January 6, 2009, the Plan Proponents provided to Travelers a settlement demand with respect to Travelers' remaining coverage obligations under the 1996 Agreement. If the Plan Proponents and Travelers agree to the terms of a settlement prior to entry of a Confirmation Order, Travelers will become an Asbestos Protected Party under the First Amended Joint Plan.

Request to Admit No. 10:

Admit that an indemnification claim by Travelers under the 1996 Agreement constitutes an Indirect PI Trust Claim under the Amended Joint Plan.

Response to Request to Admit No. 10:

Denied. However, the Debtors admit that indemnification claims by Travelers under the 1996 Agreement will be assumed by the Asbestos PI Trust if the First Amended Joint Plan is

confirmed and the Asbestos PI Trust becomes the successor to the Debtors' rights and obligations under then 1996 Agreement.

Request to Admit No. 11:

Admit that, if the Amended Joint Plan is confirmed, the Asbestos PI Trust will address any indemnification claim by Travelers under the 1996 Agreement in accordance with the Trust Distribution Procedures.

Response to Request to Admit No. 11:

Admitted that if the First Amended Joint Plan is confirmed and the Asbestos PI Trust becomes the successor to the Debtors' rights and obligations under then 1996 Agreement, then the Asbestos PI Trust will assume any indemnification claim by Travelers under the 1996 Agreement.

Request to Admit No. 12:

Admit that, if the Amended Joint Plan is confirmed, the Asbestos PI Trust will not be obligated to pay in full any indemnification claim by Travelers under the 1996 Agreement.

Response to Request to Admit No. 12:

The Debtors object to Request to Admit No. 12 to the extent the phrase "pay in full" is vague and ambiguous. To the extent a further response is required, Denied.

Request to Admit No. 13:

Admit that, if the Amended Joint Plan is confirmed, the Reorganized Debtors will not be obligated to pay any indemnification claim by Travelers under the 1996 Agreement.

Response to Request to Admit No. 13:

Admitted that, if the First Amended Joint Plan is confirmed and the Asbestos PI Trust becomes the successor to the Debtors' rights and obligations under then 1996 Agreement, then

the Reorganized Debtors will not be obligated to pay any indemnification claim by Travelers under the 1996 Agreement.

Request to Admit No. 14:

Admit that the Amended Joint Plan, if confirmed, will modify Travelers indemnification rights under the 1996 Agreement.

Response to Request to Admit No. 14:

Admitted that, if the First Amended Joint Plan is confirmed and the Asbestos PI Trust becomes the successor to the Debtors' rights and obligations under then 1996 Agreement, then the First Amended Plan will modify the identity of the responsible party with respect to satisfaction of Travelers' indemnification rights. To the extent a further response is required, the Request is otherwise Denied.

Request to Admit No. 15:

Admit that the 1996 Agreement is an executory contract.

Response to Request to Admit No. 15:

Denied.

Request to Admit No. 16:

Admit that the 1996 Agreement is not an executory contract.

Response to Request to Admit No. 16:

Admitted.

Dated: March 2, 2009

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

Theodore L. Freedman
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone: (212) 446 - 4800
Facsimile: (212) 446 - 4900

and

PACHULSKI STANG ZIEHL & JONES LLP.
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*/s/ James E. O'Neill*

Co-Counsel for the Debtors and Debtors in Possession