# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## FIREMAN'S FUND NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 9014 AND 7030 DIRECTED TO DEBTORS W. R GRACE & CO. ET AL. (RE SURETY BOND ISSUES)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, applicable to proceedings related to the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants Representative, and The Official Committee of Equity Security Holders Dated February 27, 2009* (the "Plan") by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, Fireman's Fund Insurance Company ("FFIC") will take the deposition upon oral examination of W.R. Grace & Co., *et al.* (the "Debtors") on the Subject Matters set forth in Exhibit A attached hereto, before a notary public or an officer authorized by law to administer oaths.  The deposition(s) will commence on April 22, 2009 at 9:30 a.m. at the offices of Stevens & Lee, P. C., 1105 North Market Street, Wilmington, Delaware  19801, and shall continue from day to day until concluded.  The deposition shall be taken by stenographic means.  You are invited to attend and participate.

Pursuant to Fed. R. Civ. P. 30(b)(6), Debtors shall designate one or more officers, directors, managing agents or other persons who consent to testify on their behalf

- 1 -

as to all facts and other information known or reasonably available to the Debtors relating

to the Subject Matters set forth in Exhibit A attached hereto.  For each person designated to

testify as to any of the Subject Matters set forth in Exhibit A, Debtors are requested to

produce at the deposition all Documents which the person has reviewed in preparing to

testify with respect to the matter(s) as to which the person is designated to testify, and,

unless already made available in discovery, all other Documents relating to the Subject

Matters set forth in Exhibit A.

Dated: April 10, 2009

By:  /s/ John D. Demmy
STEVENS & LEE, P.C.
John D. Demmy (DE Bar No. 2802)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone:  (302) 425-3308
Telecopier:  (610) 371-8515
Email:  jdd@stevenslee.com

CROWELL & MORING LLP
Mark D. Plevin
Leslie A. Davis
(Members DC Bar)
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  (202) 624-2500
Telecopier:  (202) 628-5116
Email:  mplevin@crowell.com
Email:  ldavis@crowell.com

STEVENS & LEE, P.C.
Leonard P. Goldberger
Marnie E. Simon
(Members PA Bar)
1818 Market Street, 29th Floor
Philadelphia, PA  19103-1702
Telephone:  (215) 751-2864/2885
Telecopier:  (610) 371-7376/8505
Email:  lpg@stevenslee.com
Email:  mes@stevenslee.com

ATTORNEYS FOR FIREMAN'S FUND
INSURANCE COMPANY

**EXHIBIT A**

ADDITIONAL DEFINITIONS

1.      Capitalized terms not defined herein shall have the meanings given to them in the Plan.

2.      "TDPs" means the Asbestos PI Trust Distribution Procedures, Exhibit 4 to the Plan.

3.      "Document" or "Documents" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, the original and non-identical copy of any written, electronic, recorded, or graphic matter, however produced or reproduced, including, without limitation, any correspondence, memoranda, notes, meeting minutes, telegrams, reports, transcripts, e-mails, or telephone conversations or any other writings or documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith, and any other retrievable matter (whether encarded, taped or encoded, electrostatically or otherwise), in the possession, custody, or control, of You, Your agents, employees, counsel, or other representatives.  Non-identical copies, drafts, and identical copies with handwriting are separate "documents" within the meaning of that term.

4.      "Grace" refers, collectively, to W.R. Grace & Co. and W.R. Grace & Co.-Conn., the "Indemnitors" under the Special Surety Indemnity Agreement.

5.      "Plan" means the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., *et al.*, The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders, dated February 27, 2009, and the Plan Documents (as defined in the Plan), as they modified from time to time.

6.      "Proofs of Claim" means, collectively, the proofs of claim filed in the Chapter 11 Cases by James Troy Beam, Aaron Clifton Edwards, Edward Earl Storey, John Matthew Thomas, and Jessie James Williamson, plaintiffs-appellees in <u>Aaron Clifton Edwards, et al.,</u> v. <u>Pittsburgh Corning Corp., et al.,</u> No. B150896 (Dist. Ct. of Jefferson Cty., Texas, 60th Judicial Dist.), *on appeal sub nom.,* <u>W.R. Grace & Co. v. Aaron Clifton Edwards, et al.,</u> No. 06-00-00112-CV (Tex. App., 6th Appellate Dist.).

7.      "Relating to" means directly or indirectly mentioning, referring to, reflecting, constituting, embodying, substantiating, evidencing, tending to prove or disprove, discussing, describing, pertaining to, or connected with the requested or identified information, document, or stated subject matter in any logical, legal, or factual way.

8.      "Specialty Surety Indemnity Agreement" shall mean the Special Surety Indemnity Agreement entered into between Grace and FFIC on July 5, 2000, relating to a Supersedeas Bond posted by FFIC in <u>Aaron Clifton Edwards, et al.,</u> v. <u>Pittsburgh Corning Corp., et al.,</u> No. B150896 (Dist. Ct. of Jefferson Cty., Texas, 60th Judicial Dist.), *on appeal sub nom.,* <u>W.R. Grace & Co. v. Aaron Clifton Edwards, et al.,</u> No. 06-00-00112-CV (Tex. App., 6th Appellate Dist.), in the amount of $43,038,931.91.

9.      "Supersedeas Bond" shall mean the Supersedeas Bond posted by FFIC, pursuant to the Special Surety Indemnity Agreement, in <u>Aaron Clifton Edwards, et al.,</u> v. <u>Pittsburgh Corning Corp., et al.,</u> No. B150896 (Dist. Ct. of Jefferson Cty., Texas, 60th Judicial Dist.), *on appeal sub nom.,* <u>W.R. Grace & Co. v. Aaron Clifton Edwards, et al.,</u> No. 06-00-00112-CV (Tex. App., 6th Appellate Dist.), in the amount of $43,038,931.91

10.  "Supersedeas Bond Claim" shall mean the claim evidenced by FFIC's proof of claim, dated March 27, 2003, in the face amount of $43,038,931.91, relating to the Supersedeas Bond and the Special Surety Indemnity Agreement.

11.  "You" and "Your" refers to Debtors.

## SUBJECT MATTERS

1.  The classification and treatment of the Proofs of Claim under the Plan (including, to the extent applicable, the TDPs).

2.  The classification and treatment of the Supersedeas Bond Claim under the Plan (including, to the extent applicable, the TDPs).

3.  The extent to which the claims asserted in the Proofs of Claim are "Pre-Petition Liquidated Claims" subject to treatment under § 5.2 of the TDPs.

4.  The extent to which the Supersedeas Bond Claim is a "Pre-Petition Liquidated Claim."

5.  The actual, expected, and/or intended effect of excluding Indirect PI Trust Claims that are Pre-Petition Liquidated Claims from § 5.6 of the TDPs.

6.  The meaning and operation of § 5.2 of the TDPs in respect of Pre-Petition Liquidated Claims.

7.  The meaning of the phrase "provided there is no supersedeas bond associated with such verdict or judgment . . ." in § 5.2(a)(ii) of the TDPs, as well as how this phrase works in relation to § 5.2(b) of the TDPs.

8.  The extent to which the Supersedeas Bond Claim is an Indirect PI Trust Claim, a Class 6 Claim, or a Class 9 Claim.

9.    Debtors' contentions, if any, regarding whether FFIC may setoff any obligations it may owe to Grace under liability insurance policies issued or allegedly issued by FFIC to W.R. Grace & Co., *et al.*, against Grace's obligations to FFIC under the Special Surety Indemnification Agreement, and the bases for any such contentions.

10.    Debtors' pre-petition payment or funding for the payment of Asbestos Claims, such as judgments, settlements, and litigation costs, from sources other than liability insurance.

11.    The actual, expected, and/or intended impact, if any, of Plan Confirmation on the Special Surety Indemnification Agreement, the Supersedeas Bond, and the Supersedeas Bond Claim, including whether or not Reorganized Debtors will retain the Debtors' obligations under the Special Surety Indemnification Agreement and who, if not Reorganized Debtors, will succeed to or assume such obligations.

12.    The actual, expected, and/or intended impact, if any, of Plan Confirmation on <u>W.R. Grace & Co. v. Aaron Clifton Edwards, *et al.*,</u> No. 06-00-00112-CV (Tex. App., 6th Appellate Dist.), and  the claims asserted in the Proofs of Claim.

13.    All Documents reviewed by the witness(es) in connection with preparing to testify in connection with this Notice of Deposition.

7639363