UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)
AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 9014
AND 7030 DIRECTED TO THE ASBESTOS PI COMMITTEE**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, applicable to proceedings related to the *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants Representative, and The Official Committee of Equity Security Holders Dated February 27, 2009* (the "Plan") by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, Fireman's Fund Insurance Company, Allianz S.p.A., f/k/a Riunione Adriatica di Sicurta, and possibly other related insurance companies (collectively, "FFIC") will take the deposition upon oral examination of the Official Committee of Asbestos Personal Injury Claimants (the "ACC") on the Subject Matters set forth in Exhibit A attached hereto, before a notary public or an officer authorized by law to administer oaths. The deposition(s) will commence on April 29, 2009 at 9:30 a.m. at the offices of Stevens & Lee, P. C., 1105 North Market Street, Wilmington, DE 19801, and shall continue from day to day until concluded. The deposition shall be taken by stenographic means. You are invited to attend and participate.

Pursuant to Fed. R. Civ. P. 30(b)(6), the ACC shall designate one or more

officers, directors, managing agents or other persons who consent to testify on its behalf as to all facts and other information known or reasonably available to the ACC relating to the Subject Matters set forth in Exhibit A attached hereto. For each person designated to testify as to any of the Subject Matters set forth in Exhibit A, the ACC is requested to produce at the deposition all documents which the person has reviewed in preparing to testify with respect to the matter(s) as to which the person is designated to testify, and, unless already made available in discovery, all other documents relating to the Subject Matters set forth in Exhibit A.

Dated: April 10, 2009                           STEVENS & LEE, P.C.

                                                /s/ John D. Demmy.
                                                John D. Demmy (DE Bar No. 2802)
                                                1105 North Market Street, 7th Floor
                                                Wilmington, DE 19801
                                                Telephone: (302) 425-3308
                                                Telecopier: (610) 371-8515
                                                Email: jdd@stevenslee.com

                                                and

                                                Leonard P. Goldberger
                                                Marnie E. Simon
                                                (Members PA Bar)
                                                1818 Market Street, 29th Floor
                                                Philadelphia, PA 19103-1702
                                                Telephone: (215) 751-2864/2885
                                                Telecopier: (610) 371-7376/8505
                                                Email: lpg@stevenslee.com
                                                Email: mes@stevenslee.com

                                                ATTORNEYS FOR FIREMAN'S FUND
                                                INSURANCE COMPANY AND ALLIANZ
                                                S.p.A., f/k/a RIUNIONE ADRIATICA DI
                                                SICURTA

SL1 915121v1/021630.00003

## **EXHIBIT A**

### ADDITIONAL DEFINITIONS

1. Capitalized terms not defined herein shall have the meanings given to them in the Plan.

2. "Document" or "Documents" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, the original and non-identical copy of any written, electronic, recorded, or graphic matter, however produced or reproduced, including, without limitation, any correspondence, memoranda, notes, meeting minutes, telegrams, reports, transcripts, e-mails, or telephone conversations or any other writings or documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith, and any other retrievable matter (whether encarded, taped or encoded, electrostatically or otherwise), in the possession, custody, or control, of You, Your agents, employees, counsel, or other representatives. Non-identical copies, drafts, and identical copies with handwriting are separate "documents" within the meaning of that term.

3. "Non-Settled Asbestos Insurance Company" means any Asbestos Insurance Entity other than a Settled Asbestos Insurance Company.

4. "Relating to" means directly or indirectly mentioning, referring to, reflecting, constituting, embodying, substantiating, evidencing, tending to prove or disprove, discussing, describing, pertaining to, or connected with the requested or identified information, document, or stated subject matter in any logical, legal, or factual way.

5. "You" and "Your" refers to the ACC.

6. "Libby Claimants" means the claimants who allege personal injuries due to exposure to asbestos from the Debtors' operations in Lincoln County, Montana.

## SUBJECT MATTERS

1. The drafting, negotiation, scope and operation of the Plan, the Asbestos PI Trust Agreement and the Asbestos PI Trust Distribution Procedures, including efforts to (i) involve Asbestos Insurance Entities in the negotiation and/or drafting of the Plan, the Asbestos PI Trust Distribution Procedures, or the Asbestos PI Trust Agreement, or (ii) obtain the consent of the Asbestos Insurance Entities to the Plan, the Asbestos PI Trust Distribution Procedures, and the Asbestos PI Trust Agreement.

2. The scope and operation of the Asbestos Insurance Entity Injunction and Successor Claims Injunction.

3. The scope and operation of the Asbestos PI Channeling Injunction, including but not limited to, the effect of the Asbestos PI Channeling Injunction on claims against Settled Asbestos Insurance Companies.

4. The bases for designating an Asbestos Insurance Entity as a Settled Asbestos Insurance Company.

5. The selection, qualification, and experience of the proposed Asbestos PI Trustees and the proposed Asbestos PI Trust Advisory Committee members.

6. Compensation or other financial arrangements between or among any of the proposed Asbestos PI Trustees, Asbestos PI Trust Advisory Committee members or members of the ACC in respect of the negotiation, drafting or contemplated operation of the Asbestos PI Trust.

7. The value of the Warrants.

8. The meaning and operation of Section 7.15 of the Plan, including the interaction of Section 7.15 with Sections 8.1.1, 7.13, 7.7(uu), and 7.7(tt) and the Asbestos Insurance Transfer Agreement.

9. The meaning of the phrase "any defense that the Plan or any of the Plan Documents do not comply with the Bankruptcy Code" in Section 1.1(16) (definition of "Asbestos Insurer Coverage Defenses").

10. The impact, if any, of Plan Confirmation on Non-Settled Asbestos Insurance Companies, including:

   a. Whether and to what extent the Reorganized Debtors retain the Debtors' obligations under Asbestos Insurance Policies;

   b. Whether the Asbestos PI Trust assumes the obligations of the Debtors under the Asbestos Insurance Policies;

   c. The application of the exculpation provision of Section 11.9 of the Plan;

   d. Whether the Plan will act as a settlement or judgment that will immediately trigger a payment obligation under the Asbestos Insurance Policies issued by the Non-Settled Asbestos Insurance Companies;

   e. Whether the Non-Settled Asbestos Insurance Companies' indemnity obligations will be triggered due to the establishment of the Asbestos PI Trust and transfer of assets to the Trust;

   f. Whether the Non-Settled Asbestos Insurance Companies' indemnity obligations for any Asbestos PI Claim will accrue or be triggered prior to the payment of an Asbestos PI Claim by Asbestos PI Trust;

g. Whether and how the Plan and Plan Documents can be used in subsequent Asbestos Insurance Actions or other proceedings by the Asbestos PI Trust or the Debtors against Non-Settled Asbestos Insurance Companies;

h. The role, if any, the Non-Settled Asbestos Insurance Companies will have in the evaluation, defense, allowance, or settlement of Asbestos PI Claims channeled to or submitted to the Asbestos PI Trust;

i. Whether, and to what extent, the Non-Settled Asbestos Insurance Companies will be responsible for paying all or part of any Asbestos PI Claim resolved by the Asbestos PI Trust pursuant to the Asbestos PI Trust Distribution Procedures or for indemnifying the Asbestos PI Trust for any payment it makes on account of Asbestos PI Claims.

11. The Debtors' duties and obligations with respect to any Asbestos Insurance Policies upon the transfer of the Asbestos Insurance Rights to the Asbestos PI Trust.

12. The meaning and scope of the definition of Indirect PI Trust Claims, including whether, and to what extent, claims by Asbestos Insurance Entities for indemnification and/or contribution from Debtors for claims asserted against them, such as, by illustration, the Libby Claimants, or The Scotts Company, LLC, or BNSF Railway Company (or its predecessors).

13. The treatment of Indirect PI Trust Claims by the Plan and the Plan Documents.

14. The basis for classification and treatment of an Asbestos Insurance Entity's Asbestos Claims against the Debtors for indemnification arising from contract or otherwise as Class 6 Asbestos PI Claims.