**ATTACHMENT A**

I.  **DEFINITIONS**

The following definitions shall apply solely for purposes of this deposition notice:

1. The term "Revised Joint Plan" refers to the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated February 27, 2009 (dkt. no. 20872).

2. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Revised Joint Plan.

3. The terms "Grace" and the "Debtors" refer to the entities listed in Section 1.1(94) of the Revised Joint Plan, including their current and former affiliates, subsidiaries, agents and representatives, both individually and collectively.

4. The term "Travelers" refers to Travelers Casualty and Surety Company (formerly known as The Aetna Casualty and Surety Company) and The Travelers Indemnity Company, including their current and former affiliates, subsidiaries, agents, and representatives, both individually and collectively.

5. The term "Travelers 1992 Agreement" refers to the Agreement between W.R. Grace & Co.-Conn. and The Aetna Casualty and Surety Company dated February 20, 1992.

6. The term "Travelers 1996 Agreement" refers to the Asbestos Settlement Agreement between W.R. Grace & Co.-Conn. and The Aetna Casualty and Surety Company dated May 22, 1996.

7. The terms "document" or "documents" shall have the meaning set forth in the Federal Rules of Civil Procedure, and shall include, without limitation, the original and non-identical copy of any written, recorded or graphic matter, however produced or reproduced, including, but not limited to, any correspondence, memoranda, notes, meeting minutes, telegrams, reports, transcripts, emails, or telephone conversations or any other writings or documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith, and any other photographic and retrievable matter (whether encoded, taped or encoded, electrostatically, or otherwise), in the possession, custody or control of the answering party, its agents, employees, counsel or other representatives. Non-identical copies, drafts, and identical copies with handwriting are separate "documents" within the meaning of that term.

8. The term "communication" is used in the broadest sense and includes, without limitation, any oral or written transmittal of information or request for information made from one person to another, whether made in person, by telephone or by any other means, or a document made for the purpose of recording a communication, idea, statement, opinion or belief.

9. The term "relate to", or variations thereof, means directly or indirectly mentions, describes, pertains to, refers to, reflects upon, supports, contradicts, concerns, contains, constitutes, discusses, embodies, memorializes, entails, evidences, comments on, or is in any way pertinent to, directly or indirectly, in whole or in part.

## II. SUBJECTS OF INQUIRY

1. The provisions of the Revised Joint Plan that relate to Asbestos PD Claims and Indirect PD Trust Claims, including, without limitation, Sections 1.1(18), 1.1(137), 3.1.7, Exhibit

3 (Asbestos PD Trust Agreement), and Exhibit 25 (Class 7A CMO) Trust Distribution Procedures).

2. The classification of Travelers as a Class 7A creditor and solicitation of Class 7A claims.

3. The treatment and/or payment, pursuant to the Revised Joint Plan, of claims for indemnification arising under the Travelers 1992 Agreement arising from Asbestos PD Claims.

4. The treatment and/or payment, pursuant to the Revised Joint Plan, of claims for indemnification arising under the Travelers 1996 Agreement arising from Asbestos PD Claims.

5. Any other topic identified in the 30(b)(6) deposition notices served by any other insurer of the Debtors.

6. Any documents or communications relating to any of the foregoing.