IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | |

## NOTICE OF DEPOSITION OF PLAN PROPONENTS PURSUANT TO RULE 30(B)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure and Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, Maryland Casualty Company, Zurich Insurance Company and Zurich International (Bermuda) Ltd., through their undersigned counsel, will take the deposition of **W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants Representative, and the Official Committee of Equity Security Holders** (the "Plan Proponents"). The deposition will commence on **April 30, 2009**, beginning at **9:30 a.m.**, at Connolly Bove Lodge & Hutz, LLP, The Nemours Building, 1007 N. Orange Street, Wilmington, DE 19899, and will continue from day to day thereafter until complete. The deposition will proceed before an officer authorized by law to administer oaths and will be recorded by stenographic means. You are hereby invited to attend and examine the witnesses.

Pursuant to Rule 30(b)(6), the Plan Proponents shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf as to all facts and other information known or reasonably available to the Plan Proponents relating to the matters set forth in Attachment A. For each person designated to testify as to any matter set forth in Attachment A, the Plan Proponents are requested to produce at the deposition all documents which the person has reviewed in preparing to testify with respect to the matters as to

which the person is designated to testify, and, unless already made available in discovery, all other documents relating to the matters set forth in Attachment A.

| | |
|---|---|
| Dated:  April 16, 2009 | CONNOLLY BOVE LODGE & HUTZ LLP |

_____
Jeffrey C. Wisler (#2795)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile

OF COUNSEL:

Edward J. Longosz, II
Laura G. Stover
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.,
Suite 1200
Washington, DC  20006
(202) 659-6600 Telephone
(202) 659-6699 Facsimile

Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7170 Telephone
(202) 719-7049 Facsimile

Attorneys for Maryland Casualty Company, Zurich Insurance Company and Zurich International (Bermuda) Ltd.

#679084

**ATTACHMENT A**

<u>DEFINITIONS</u>

1. Terms not defined herein shall have the meanings given to them in the Plan.

2. "Plan" means the Debtors' First Amended Joint Plan or Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009.

3. "BNSF" means BNSF Railway Company, or any predecessor of BNSF Railway Company, including without limitation, Great Northern Railway Company, the Burlington Northern Railroad Company, and The Burlington Northern & Santa Fe Railway Company.

4. "Document" or "Documents" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, the original and non-identical copy of any written, electronic, recorded, or graphic matter, however produced or reproduced, including, without limitation, any correspondence, memoranda, notes, meeting minutes, telegrams, reports, transcripts, e-mails, or telephone conversations or any other writings or documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith, and any other retrievable matter (whether encarded, taped or encoded, electrostatically or otherwise), in the possession, custody, or control, of you, your agents, employees, counsel, or other representatives. Non-identical copies, drafts, and identical copies with handwriting are separate "documents" within the meaning of that term.

5. "Libby Claimants" means the claimants who allege personal injuries due to exposure to asbestos from the Debtors' operations in Lincoln County, Montana.

6. "Scotts" means The Scotts Company, LLC.

## SUBJECT MATTER OF TESTIMONY

1. The scope of protection provided to Settled Asbestos Insurance Companies by the Asbestos PI Channeling Injunction and the scope of Debtors' indemnity obligations under the respective Asbestos Insurance Settlement Agreements.

2. The viability of the Plan if the Court upholds any objections to the application of the Asbestos PI Channeling Injunction to one or more of the Settled Asbestos Insurance Companies.

3. The Plan's treatment of any Settled Asbestos Insurance Companies who are found by the Court to have discrete, unsettled coverage under an otherwise settled policy.

4. The intended scope of Debtors' indemnity obligations under the MCC Settlement Agreements.

5. The Plan Proponents' position that Settled Asbestos Insurance Companies are not creditors.

6. The impact of the Plan and Plan Documents on the claims asserted, threatened, or that may later be asserted by Scotts, BNSF, and/or the Libby Claimants, against the Debtors and/or any Asbestos Insurance Entity.

7. The bases for the classification of certain indemnity claims arising from contract or otherwise, against the Debtors held by Settled Asbestos Insurance Companies as Class 6 Asbestos PI Claims.

8. The classification and treatment under the Plan of Asbestos Insurance Entities' claims against the Debtors for indemnification arising from contract or otherwise which are not Indirect PI Trust Claims.

4

9. The scope and operation of the Asbestos PI Channeling Injunction, including but not limited to, the effect of the Asbestos PI Channeling Injunction on claims against Settled Asbestos Insurance Companies.

10. The Plan's compliance with Section 524(g) of the Bankruptcy Code.

11. The meaning and scope of the Indirect PI Trust Claims, including whether, and to what extent, claims by Asbestos Insurance Entities for indemnification and contribution deriving from claims against them, such as those by the Libby Claimants, Scotts and BNSF are Indirect PI Trust Claims.

12. The treatment of Indirect PI Trust Claims under the Plan, the Asbestos PI Trust Distribution Procedures, and the other Plan Documents, including but not limited to, the treatment of an Asbestos Insurance Entity's claims against the Debtors for indemnification arising from a pre-bankruptcy petition settlement agreement.

13. The scope of Section 524(g) of the Bankruptcy Code on claims against Settled Asbestos Insurance Companies.

14. The scope and operation of the Asbestos Insurance Entity Injunction and Successor Claims Injunction.

15. The meaning of the phrase "any defense that the Plan or any of the Plan Documents do not comply with the Bankruptcy Code" in Section 1.1(16) (definition of "Asbestos Insurer Coverage Defenses").

16. The meaning and operation of the insurer neutrality provision of Section 7.15 of the Plan, including the interaction of Section 7.15 of the Plan with Sections 8.1.1, 7.13, 7.7(uu), and 7.7(tt) of the Plan and the Asbestos Insurance Transfer Agreement.

17. The Plan's treatment of Asbestos Insurance Reimbursement Agreements.