UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| W.R. GRACE & CO., *et al.*, | : | Case No. 01-1139 (JKF) |
|  | : | Jointly Administered |
| Debtors-in-possession. | : |  |
|  | : |  |

**OBJECTIONS OF THE OFFICIAL COMMITTEE
OF ASBESTOS PERSONAL INJURY CLAIMANTS TO RULE 30(B)(6)
NOTICES OF DEPOSITION SERVED BY CERTAIN PLAN OBJECTORS**

Pursuant to Federal Rules of Civil Procedure 26 and 30, and Federal Rules of Bankruptcy Procedure 3020(b)(1), 7026, 7030, and 9014, the Official Committee of Asbestos Personal Injury Claimants ("**ACC**"), by and through its undersigned counsel, hereby objects as follows to the Rule 30(b)(6) notices of deposition (collectively, "**Notices**") served on the ACC by OneBeacon America Insurance Company, Seaton Insurance Company, Government Employees Insurance Company, Columbia Insurance Company f/k/a Republic Insurance Company, Fireman's Fund Insurance Company, Allianz S.p.A., f/k/a Riunione Adriatica di Scurta, the Libby Claimants, Maryland Casualty Company, Zurich Insurance Company, and Zurich International (Bermuda) Ltd.:

1.      The ACC objects to the Notices to the extent they seek Rule 30(b)(6) testimony regarding legal conclusions, information prepared in anticipation of litigation, information obtained by or on behalf of counsel for the ACC in preparation for trial, information protected by the attorney-client privilege, information protected by the common-interest privilege, information protected by Federal Rule of Evidence 408, and/or information otherwise beyond the permissible scope of discovery as set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Federal Rules of Bankruptcy Procedure, or the rules of this Court.

{D0150983.1 }

2.      The ACC further objects to the Notices to the extent they seek testimony and information protected by the work product doctrine. *See* Hickman v. Taylor, 329 U.S. 495, 511 (1947) (finding that the work product doctrine excludes from disclosure attorney statements, memos, correspondence, briefs, and mental impressions obtained or prepared by an attorney in anticipation of litigation); In re Grand Jury (Impounded), 138 F.3d 978, 981 (3d Cir. 1998); Tobacco & Allied Stocks, Inc. v. Transamerica Corp., 16 F.R.D. 537, 541-43 (D. Del. 1954) (stating that "pre-trial discovery does not call for the elicitation of contentions, opinions or legal conclusions of an attorney").

3.      The ACC also objects to the Notices to the extent they seek testimony that would disclose communications in connection with negotiations of a plan of reorganization or draft plan documents. Courts in numerous asbestos-related bankruptcies have prohibited discovery into, and the disclosure of, such information. *See* In re Federal-Mogul Global, Inc., Case No. 01-10578 (JKF) (Bankr. D. Del. Feb. 26, 2007) (Hr'g Tr. at 31) (finding that draft plan documents are not properly discoverable); In re Pittsburgh Corning Corp., Case No. 00-22876 (JKF) (Bankr. W.D. Pa. Feb. 19, 2004) (Hr'g Tr. at 64-66) (finding that drafts of plan documents are not discoverable); In re ACandS, Inc., No. 02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-45) (denying discovery into plan negotiations on the grounds that such discovery is irrelevant to the issue of good faith in proposing the plan); In re Babcock & Wilcox Co., No. 00-10992 (JAB) (Bankr. E.D. La. Aug. 20, 2003) (Hr'g Tr. 84) (denying insurers' motion to compel discovery on draft plan of reorganization documents and confidential plan of reorganization negotiations); In re Combustion Eng'g, Case No. 03-10495 (JKF) (Bankr. D. Del. May 2, 2003) (Hr'g Tr. at 301) (observing that "drafts generally are not relevant to anything"); In re Eagle-

Picher Indus., 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994) (finding that creditors were not entitled to drafts of proposed plans of reorganization).

4. The ACC expressly reserves all other claims of privilege.

5. Subject to and without waiving any of its objections, the ACC designates the following witness pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure: Peter Lockwood. The ACC will make Mr. Lockwood available for deposition on all topics designated by any plan objector for no longer than a total of eight (8) hours, on either May 1, 2009, or May 4, 2009.

**[Signature of counsel on following page]**

**CAMPBELL & LEVINE, LLC**

*/s/ Marla R. Eskin*
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Telefax: (302) 426-9947
meskin@camlev.com
mhurford@camlev.com


**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY  10152-3500
Telephone: (212) 319-7125
Telefax: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Telefax: (202) 429-3301

*Counsel for the Official Committee
of Asbestos Personal Injury Claimants*

Date: April 17, 2009