**EXHIBIT B**

**BLACKLINED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 21072 |

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
### SEALE & ASSOCIATES, INC. AS DEBTORS' FINANCIAL ADVISOR
### FOR SALE OF THEIR GAS EQUIPMENT BUSINESS

Upon consideration of the application (the "Application")[2] of the Debtors for an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, authorizing the Debtors to retain Seale & Associates, Inc. ("Seale") as their financial advisor as more fully set forth in the Application; and upon consideration of the Rohen Affidavit in support of the Application; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Application is a core proceeding pursuant to 28 U.S.C. § 157; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that Seale neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that Seale is "disinterested," as that term is defined in section

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Application.

101(14) of the Bankruptcy Code; and it appearing that the relief requested in the Application is in the best interest of the Debtors' estates and their creditors; after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED AND DETERMINED THAT:

1. The Application is granted.

2. The Debtors are authorized to employ and retain Seale as their financial advisor pursuant the terms set forth in the Retention Agreement and Application as modified hereby.

3. The Debtors are authorized to pay Seale in consideration of the Transaction Services provided by Seale, without further approval of this Court:

   (a) a US $25,000 monthly non-refundable retainer payable following the Debtors' execution of the Retention Agreement, but not to exceed US$100,000, plus

   (b) contingent upon the closing of the Transaction, a Success Fee calculated as 2.00% on any Proceeds (as defined in the Retention Agreement) that when calculated as a multiple of 2008 EBITDA is equal to 6.5 times or less; plus 2.50% of any portion of Proceeds that when calculated as a multiple of 2008 EBITDA is greater than 6.5 times and up to and including 7.5 times; plus 3% of any portion of Proceeds that when calculated as a multiple of 2008 EBITDA is in excess of 7.5 times.

4. The non-refundable retainer fee paid under paragraph 3(a) above shall be credited to Seale's fees due under paragraph 3(b) above, if applicable, on the date of closing of the Transaction.

5. With the exception of the non-refundable retainer fee, Seale's fees under paragraph 3(ab) above, if any, shall be due and payable on the date of closing of the Transaction; provided, however, that as to any portion of its fee which is based on Proceeds derived from "earn-outs" or similar contingent payments, Seale's fee with respect thereto shall be paid as such Proceeds are received.

2

6. The Debtors shall be authorized to reimburse Seale on a monthly basis for all expenses reasonably incurred in connection with the Transaction Services without further approval of this Court.

7. Seale's compensation and expenses in these Chapter 11 Cases shall be subject only to the standard of review set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review set forth in section 330 of the Bankruptcy Code.

8. Seale shall provide the Transaction Services pursuant to the terms and conditions set forth in the Retention Agreement.

9. Seale will not be required to submit detailed daily time records or expense records as part of any monthly statements, or interim or final fee applications with respect to any payment of the Transactions ~~Fees~~fees or any expenses incurred under the Retention Agreement.

10. The indemnification provisions set forth in the Retention Agreement are approved subject to the following:

    (a) subject to the provisions of subparagraph (c) below, the Debtors are authorized to indemnify, and shall indemnify, Seale in accordance with the Retention Agreement, for any claim arising from, related to or in connection with the Transaction Services;

    (b) notwithstanding any provision of the Retention Agreement to the contrary, the Debtors shall have no obligation to indemnify Seale, or to provide contribution or reimbursement to Seale, to the extent any losses, claims, damages or liabilities (or expenses relating thereto) are determined by a court of competent jurisdiction (the determination having become final) to have primarily resulted from the bad faith, gross negligence or willful misconduct of Seale; and

    (c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan or plans in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, Seale believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Retention Agreement, <u>as modified hereby,</u> including without limitation, the advancement of defense costs, Seale must file an application therefor in

3

this Court, and the Debtors may not pay any such amount to Seale before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for fees and expenses by Seale for indemnification, contribution or reimbursement, and not to limit the duration of the Debtors' obligation to indemnify Seale.

11. Notwithstanding any provision of the Retention Agreement to the contrary, to the extent that this Court has jurisdiction over any matters arising out of or related to the Retention Agreement, such matter shall be heard in this Court.

12. To the extent this Order is inconsistent with any prior order or pleading with respect to the Application in these cases or the Retention Agreement, the terms of this Order shall govern.

13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: _____, 2009
Wilmington, Delaware

_____
United States Bankruptcy Judge

4

Document comparison done by Workshare DeltaView on Monday, April 20, 2009 3:26:34 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://docs_de/146335/2 |
| Document 2 | pcdocs://docs_de/147252/1 |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 13 |
| Deletions | 6 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 19 |