# EXHIBIT A

# WR Grace
## Bankruptcy Form 10
### Index Sheet

SR00000873

Claim Number: 00015376

Receive Date: 03/31/2004

**Multiple Claim Reference**

Claim Number _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

Claim Number _____

- [ ] MMPOC — Medical Monitoring Claim Form
- [ ] PDPOC — Property Damage
- [ ] NAPO — Non-Asbestos Claim Form
- [ ] Amended

**Attorney Information**

Firm Number: 00428      Firm Name: Eckert Seamans Cherin & Mellott Llc

Attorney Number: 00313      Attorney Name: Karen L Turner

Zip Code: 19102

Cover Letter Location Number: SR00000873

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| [ ] TBD | [ ] TBD | [ ] Other Attachments |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| | [ ] Other Attachments | |

**Other**

- [ ] Non-Standard Form
- [ ] Amended
- [ ] Post-Deadline Postmark Date

Box/Batch: WRBF0051/WRBF0203      Document Number: WRBF010149

FORM B10 (Official Form 10) (4/98)

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor<br>W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc. | Case Number<br>01-1139 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Maryland Casualty Company | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>c/o Karen Lee Turner, Esquire<br>Eckert Seamans, Cherin, & Mellott, LLC<br>1515 Market Street, 9th Floor<br>Philadelphia, PA 19102<br>Telephone number: 215-851-8400 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces    a previously filed claim, dated:_____<br>☐ amends | |

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other ___See attached___
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your SS #: _____ _____ _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)        (date)

**2. Date debt was incurred:** See attached

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _See attached_
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☐ Real Estate  ☐ Motor Vehicle<br>☐ Other_____<br>Value of Collateral: $_____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____ | 6. Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $_____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)<br>☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7)<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8)<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).<br>*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |
|---|---|

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, (See attached) enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

WR Grace    BF.51.203.10149
00015376
SR=873

| Date<br>3/29/04 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Karen Lee Turner, Esquire | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

REC'D MAR 31 2004

### Attachment to Proof of Claim
### Filed on behalf of
### Maryland Casualty Company and its affiliates

Maryland Casualty Company on behalf of itself and certain of its affiliates and related Companies ("MCC") files this Proof of Claim (the "Claim") pursuant to a stipulation with W.R. Grace and its debtor-affiliates (the "Debtors") dated as of March 31, 2003 or as otherwise permitted by rule or law.

1.      MCC and the Debtors are parties to four Agreements pursuant to which the Debtors are or may be obligated to indemnify, hold harmless and, in certain instances, defend MCC. The Agreements contain confidentiality provisions and are not attached hereto.[1]

2.      As of the filing date the Debtors were not in default of their obligations under the Agreements. Since the filing of the bankruptcy petitions the Debtors have defaulted on certain obligations and as of the filing of this Claim MCC estimates it has expended and incurred liability and expense costs compensable under the Agreements.[2]

3.      MCC maintains records of the underlying disputes subject to the indemnity provisions of the Agreements, which records are confidential. A list of these matters is available to the Debtors along with other records reflecting the covered expenses paid or incurred to date and will be provided to other parties in accordance with footnote 1.

4.      MCC reserves the right to supplement or amend this Proof of Claim to include additional amounts related to the existing underlying disputes or additional matters which may arise in the future. MCC reserves the right to request an in camera estimation of claims but does not in this public filing predict the likelihood or magnitude of future expenditures.[3]

5.      The filing of this Proof of Claim does not constitute a waiver of any forum selection clause contained in one or more of the Agreements, a waiver of governing law provisions, if any, contained therein, or a right to trial by jury or a submission to the jurisdiction of the Bankruptcy Court for any dispute relating hereto. MCC reserves all rights available to it and this Proof of Claim is not and shall not be construed as a waiver of any rights, claims or defenses available to it.

---

[1] MCC believes that the Debtors have copies of the relevant Agreements, and will make copies available to other parties in accordance with the confidentiality provisions of the Agreements and subject to appropriate agreement or court order regarding confidentiality.

[2] In accordance with Third Circuit precedent MCC reserves all arguments that the amounts now due or to come due in the future constitute post-petition claims subject to recovery as an administrative expense claim and/or not subject to a discharge, if any, under the Bankruptcy Code.

[3] Nothing contained herein should be deemed to be an admission of liability in any now existing or hereafter arising underlying dispute on the part of MCC. MCC files this Proof of Claim to comply with the provisions of the Bankruptcy Code and Rules, and its stipulation with the Debtors and without admission of liability.

6. This Proof of Claim includes claims arising from underlying actions which could be characterized under different categories pursuant to the Bankruptcy Court's Order(s) establishing bar dates and forms of proofs of claims. However, some or all of MCC's claim is inherently contractual in nature and therefore this Proof of Claim is filed using Official Form No. B10. Utilization of the Official Form is not intended to be a waiver of any argument relating to the appropriate characterization of the Proof of Claim, or component parts hereof.

7. Pursuant to the Agreements the indemnifying party is generally defined as W.R. Grace & Co.-Conn. and all of its subsidiaries and successors, therefore this Proof of Claim is being filed in each of the affiliated bankruptcy cases.

8. This Proof of Claim also applies to any and all allegations made and/or where MCC is claimed to be liable in connection with complaints and/or any other action in various jurisdictions and states arising out of the operation of W.R. Grace & Co., including, inter alia, those operations where it is alleged that the claimant suffered injury, damages or loss as a result of those operations or otherwise resulting from the manufacture, processing, sale or other conduct concerning asbestos-containing products/operations.

9. In the event MCC incurs liability arising out of Grace's operations, and/or acts and omissions, Grace would, additionally or alternatively, be liable to MCC on common law and/or statutory grounds. MCC also reserves the right to assert such other or additional bases for contribution and/or indemnification or other relief, and also to seek appropriate other relief for claims arising post-petition. Nothing contained in this claim should be deemed an admission as to the liability of MCC for any claim asserted by others, or under any agreement or policy of insurance. MCC files this proof of claim reserving all of their rights under the Bankruptcy Code and without waiver of any position that they may be entitled to take, including without limitation that the creditors' claims for indemnity and/or contribution or other relief are and/or will be post-petition claims and/or that they are not within the ambit of the order setting a bar date for Non-Asbestos Claims. This claim should not be deemed a waiver or release of any rights and remedies available to MCC under applicable law.

# ECKERT SEAMANS CHERIN & MELLOTT, LLC

*1515 Market Street*
*Ninth Floor*
*Philadelphia, PA 19102*
*Telephone: 215 851 8400*
*Facsimile: 215.851.8383*
*www.escm.com*

March 30, 2004

Boston

Haddonfield, NJ

Harrisburg

Morgantown, WV

Philadelphia

Pittsburgh

Washington, DC

Rust Consulting, Inc.
Claims Processing Agent
Re: W. R. Grace & Co. Bankruptcy
201 S. Lyndale Avenue
Faribault, MN 55021

**Re:** W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.)
Case No. 01-1139

Dear Sir/Madam:

Enclosed herewith is an original and one (1) copy of a proof of claim to be filed on behalf of Maryland Casualty Company, along with a self addressed stamped envelope to return an acknowledgment of service.

Should you have any questions, please do not hesitate to contact me.

Cordially,

*Karen Lee Turner /as*

Karen Lee Turner

KLT:as

Enclosures

ECKERT SEAMANS
ATTORNEYS AT LAW

*Karen Lee Turner*
*klt@ESCM.com*
*(215)851-8431*