# EXHIBIT B

CAROL GERARD                         *        IN THE
1780 South 450 West
Salt Lake City, Utah 85115           *        CIRCUIT COURT

          Plaintiff                  *        FOR

v.                                   *        BALTIMORE CITY

W.R. GRACE & CO.-CONN                *
101 North Charles Street
Baltimore, Maryland 21201            *        MISCELLANEOUS CASE

and                                  *        Case No.: X-00 001554

W.R. GRACE & CO.                     *
7500 Grace Drive
Columbia, Maryland 21044             *

and                                  *

MARYLAND CASUALTY COMPANY            *
3910 Keswick Road
Baltimore, Maryland 21211            *

          Defendants                 *

*    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Carol Gerard, by her undersigned attorneys, sues the Defendants, W.R. Grace & Co.-Conn, W.R. Grace & Co. and Maryland Casualty Company, and in support thereof alleges as follows:

### Parties

1.    Plaintiff, Carol Gerard, is a resident of Salt Lake County, Utah.

2.    Defendant W.R. Grace & Co.-Conn. is a Connecticut corporation that has its principal place of business in the State of Maryland.

3.    Defendant W.R. Grace & Co. is a Delaware corporation that has its principal place of

business in the State of Maryland.

    4.    Defendants, W.R. Grace & Co.-Conn. and W.R. Grace & Co. (hereinafter collectively "Grace") are successor corporations to a corporation known as W.R. Grace & Co. and are directly liable for the claims asserted in this Complaint and are also vicariously liable for those claims based on the actions of various predecessor corporations and various agents that acted on their behalf.

    5.    Defendant, Maryland Casualty Company ("Maryland Casualty") is a Maryland Corporation with its principal place of business in the State of Maryland.

General Allegations

    6.    At all times relevant to this action, Grace owned a mining and milling operation in Lincoln County, Montana that was located near Libby, Montana (the "Grace Mine and Mill"). Grace mined vermiculite at the Grace Mine and Mill. The vermiculite mined at the Grace Mine and Mill contained tremolite asbestos, a deadly toxin.

    7.    Grace's mining and milling operation produced extensive amounts of asbestos containing dust. Workers at the Grace Mine and Mill were exposed to asbestos dust that, at times, was so thick it prevented workers from seeing the light from a light bulb from even a short distance. The asbestos dust created by Grace's mining and milling operations traveled by wind and other means and settled on nearby homes, offices and vehicles.

    8.    The asbestos dust at the Grace Mine and Mill covered the clothing of employees working at the Grace Mine and Mill. The employees transported the asbestos dust on their clothing from the Grace Mine and Mill to nearby stores, offices and homes.

    9.    The asbestos dust created by Grace's mining and milling operations contained high concentrations of asbestos. As a result, Grace's employees, members of the employees' families and

2

the residents of Libby, Montana who lived near the Grace Mine and Mill were repeatedly exposed to asbestos.

10.    At all times relevant to this case, Grace knew that asbestos from its mining and milling operations posed a significant threat to its workers and others who came in contact with the asbestos dust from the mining and milling operation.

11.    Despite Grace's knowledge of the dangers that the asbestos dust posed to its workers, the workers' families and the residents of Libby, Montana, Grace failed to take reasonable measures to prevent those individuals from being exposed to asbestos dust.

12.    At all times relevant to this Complaint, Maryland Casualty was the workman's compensation insurance carrier for Grace. As the workman's compensation insurance carrier for Grace, Maryland Casualty was aware that Grace's mining and milling operations posed a threat to individuals who came in contact with the asbestos dust from the Grace Mine and Mill.

13.    As early as 1964, Maryland Casualty expressed concern about the "dust problem" at the Grace Mine and Mill and advised Grace that Maryland Casualty was "formulating a program for control and prevention in relation to the dust problem." Thereafter, both Grace and Maryland Casualty continued to receive information demonstrating that Grace's mining and milling operations caused significant exposure to asbestos dust.

14.    Despite Maryland Casualty's promise and undertaking to do so, Maryland Casualty never formulated a proper dust control program and never took necessary steps to prevent individuals from being exposed to the asbestos dust caused by the Grace Mine and Mill. Instead, Maryland Casualty joined and supported Grace's efforts to prevent employees and other individuals from learning the true dangers posed by exposure to the asbestos dust. Maryland Casualty further joined, supported, encouraged and facilitated Grace's refusal to take responsible steps to prevent its workers

3

and others from being exposed to the asbestos dust.

15.    Grace also sold its asbestos product, known as zonolite or vermiculite, for use as insulation in houses and for use in gardens. Individuals who used Grace's product had further exposure to asbestos dust.

16.    Carol Gerard resided in Libby, Montana from 1969 until 1984. Grace's mining and milling operation exposed Gerard to asbestos dust.

17.    For approximately three years during the early to mid 1970's, Gerard worked at the dental office of Drs. Johnson and Eichman located on Highway 37 approximately five miles south of the Grace Mine and Mill. Almost every day after work Gerard had to sweep dust from the Grace Mine and Mill off of her car. Moreover, many patients who went to the dental office were workers at the Grace Mine and Mill, who brought in dust on their clothing.

18.    For approximately nine years during the mid 1970's to about 1984, Gerard worked at the chiropractic office of Dr. Combs in Libby, Montana. During that period, many patients who went to the chiropractic office were workers at the Grace Mine and Mill, who brought in dust on their clothing. Nearly every day Carol Gerard vacuumed the office due to the dust.

19.    Grace also directly exposed Carol Gerard to its asbestos products. From the early 1970s until 1984, Gerard put vermiculite sold by Grace into her garden every year. Gerard shoveled the vermiculite from the back of a pickup truck and was exposed to the dust from the product while using the vermiculate.

20.    As a direct and proximate result of her exposure to Grace's asbestos products and asbestos dust, Carol Gerard suffers from peritoneal mesothelioma and has suffered and will continue to suffer pain, agony and emotional distress. In additional, Carol Gerard has lost her capacity to work and has suffered economic losses, including medical bills and expenses.

4

21.   Grace's and Maryland Casualty's conduct was fraudulent and malicious and done with wanton reckless disregard for the rights, health and safety of individuals such as Carol Gerard, such that punitive damages should be assessed against them. In particular, Grace and Maryland Casualty knew as early as 1970 that many of Grace's workers had died of asbestos related diseases and that dust from the Grace Mill and Mine was causing the residents of Libby, Montana to be exposed to unsafe levels of asbestos dust. Despite that knowledge, Grace and Maryland Casualty not only failed to take action to eliminate the danger, they consciously and intentionally suppressed information regarding those dangers so that the Libby mine could continue to operate and generate profits for Grace and so that Maryland Casualty could continue to earn insurance premiums.

## COUNT I
## (STRICT LIABILITY – GRACE)

Plaintiff, Carol Gerard, sues Grace for strict liability and states as follows:

22.   Gerard adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

23.   Grace's asbestos products were defective in design in that they contained harmful, deleterious, carcinogenic and inherently dangerous asbestos dust and fibers which unreasonably endangered the life and health of persons working with or around the asbestos products or who were otherwise exposed to the asbestos dust and fiber.

24.   Prior to the date that Carol Gerard was exposed to Grace's asbestos products, Grace possessed medical and scientific data from which Grace knew that its asbestos product was hazardous to the life, health and safety of persons who were exposed to the asbestos products.

25.   Despite its knowledge, Grace, prompted by pecuniary motives, failed and refused to warn users of its product of the life and health-threatening dangers of exposure to asbestos fibers and

5

dust, thereby also making their products defective and unreasonably dangerous. Moreover, Grace, in wanton and reckless disregard for human life and health, deliberately, intentionally and purposely withheld and concealed such information from users of its products. Grace also failed and refused to take other reasonable actions which would have lessened the dangerous and potentially lethal characteristics of its asbestos products.

26. Grace's asbestos products were also defective and unreasonably dangerous in that they failed to perform as safely as an ordinary consumer would expect.

27. Carol Gerard was exposed to asbestos dust and fibers from Grace's asbestos products while she was using the asbestos products. As a direct and proximate result of the exposure, Carol Gerard developed mesothelioma and suffered the injuries described above.

WHEREFORE, Plaintiff, Carol Gerard, requests judgment against each and every one of the Defendants in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

## COUNT II
### (BREACH OF WARRANTY—GRACE)

Plaintiff, Carol Gerard, sues Grace for breach of warranty and in support states as follows:

28. Carol Gerard adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

29. Grace impliedly warranted that its asbestos products were of good and merchantable quality and fit and suitable for the particular use for which the products were intended. Grace breached its implied warranty in that its products contained harmful, deleterious, carcinogenic, and inherently dangerous asbestos dust and fibers.

6

30. Carol Gerard was exposed to asbestos dust and fibers from Grace's asbestos products while she was using the asbestos products. As a direct and proximate result of the exposure, Carol Gerard developed mesothelioma and suffered the injuries described above.

WHEREFORE, Plaintiff, Carol Gerard, requests judgment against each and every one of the Defendants in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

### COUNT III
### (NEGLIGENCE–GRACE)

Plaintiff, Carol Gerard, sues Grace for negligence and in support states as follows:

31. Carol Gerard adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

32. Grace knew or, in the exercise of reasonable care, should have known that persons such as Carol Gerard would come into contact with and be exposed to its asbestos products and the asbestos dust created by the Grace Mine and Mill. In addition Grace knew or, in the exercise of ordinary care should have known, that such contact and exposure would be unhealthy and life threatening.

33. With respect to its asbestos products, Grace negligently, recklessly and with gross indifference for the rights of persons in the position of Carol Gerard omitted and failed, among other things:

(a) to advise such persons of the dangerous characteristics of their asbestos products and the asbestos dust;

(b) to provide such persons with information regarding safeguards which they could have employed to protect themselves from the dangers of exposure to asbestos products and asbestos dust;

7

(c)     to provide adequate warnings, regarding the dangers of exposure to asbestos fibers and dust;

(d)     to package their asbestos products in a manner which would have lessened or eliminated the inhalation of asbestos fibers during the use thereof;

(e)     to publish, adopt and communicate information regarding safe methods of handling, installing and removing their asbestos products; and

(f)     to develop and distribute asbestos-free products.

34.     With respect to the asbestos dust caused by the operation of the Grace Mine and Mill, Grace negligently, recklessly and with gross indifference for the rights of persons in the position of Carol Gerard omitted and failed, among other things:

(a)     to advise such persons of the dangerous characteristics of the asbestos dust;

(b)     to provide such persons with information regarding safeguards which they could have employed to protect themselves from the dangers of exposure to the asbestos dust;

(c) to provide adequate warnings, regarding the dangers of exposure to asbestos fibers and dust.

(d) to operate the Grace Mine & Mill in a manner which would have lessened or eliminated the asbestos dust;

(e) to provide a safe work place for the employees who worked at the Grace Mine and Mill, their families, third-parties who came in contact with such employees and to prevent exposure to asbestos dust from the Grace Mine and Mill;

(f)     to take reasonable steps to prevent employees and third-parties from being exposed to asbestos dust by providing, among other necessities, adequate change rooms, showers and locker facilities, a laundry or effective system for cleaning the workers' clothes;

(g)     to control the asbestos dust on its premises; and

(h)     to exercise reasonable care in the operation of the Grace Mine and Mill; and

(i)     to ensure that any asbestos dust remained at the Grace Mine and Mill facility and was not spread to the homes, automobiles and offices of individuals such as Carol Gerard, who were likely to come in contact with the asbestos dust.

35.    Carol Gerard was exposed to asbestos dust and fibers from Grace's asbestos products while she was using the asbestos products and while she was living and working in Libby, Montana. As a direct and proximate result of the exposure, Carol Gerard developed mesothelioma and suffered the injuries described above.

WHEREFORE, Plaintiff, Carol Gerard, requests judgment against each and every one of the Defendants in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

## COUNT IV
## (NEGLIGENCE-MARYLAND CASUALTY)

Plaintiff, Carol Gerard, sues Maryland Casualty for negligence and in support states as follows:

36.    Gerard adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

37.    Maryland Casualty undertook to address the asbestos dust problem at the Grace Mine and Mill, to assist and advise Grace regarding the dangers caused by the asbestos dust and to develop a program to minimize the exposure of employees to the dust.

38.    Maryland Casualty knew or, in the exercise of reasonable care, should have known that persons such as Carol Gerard would come into contact with and be exposed to the asbestos dust

9

created by the Grace Mine and Mill. In addition Maryland Casualty knew or, in the exercise of ordinary care should have known, that such contact and exposure would be unhealthy and life threatening.

39. Maryland Casualty negligently, recklessly and with gross indifference for the rights of persons in the position of Carol Gerard omitted and failed, among other things:

(a) to advise such persons of the dangerous characteristics of the asbestos dust;

(b) to provide such persons with information regarding safeguards which they could have employed to protect themselves from the dangers of exposure to the asbestos dust;

(c) to provide adequate warnings, regarding the dangers of exposure to asbestos fibers and dust;

(d) to ensure that Grace operated the Grace Mine & Mill in a manner which would have lessened or eliminated the exposure of employees to and thereby of third-parties to asbestos fibers;

(e) to provide a safe work place for the employees who worked at the Grace Mine and Mill and ensure the safety of the employees' families and of third-parties who came in contact with such employees and to prevent their exposure to asbestos dust from the Grace Mine and Mill;

(f) to take reasonable steps to prevent exposure to asbestos dust to employees and third-parties by providing, among other necessities, adequate change rooms, showers and locker facilities, a laundry or effective system for cleaning the workers' clothes;

(g)    to control the asbestos dust on Grace's premises;

(h)    to exercise reasonable care in the operation of the Grace Mine and Mill; and

(i)    to ensure that any asbestos dust remained at the Grace Mine and Mill facility and was not spread to the homes, automobiles and other personal property of individuals such as Carol Gerard, who were likely to come in contact with the asbestos dust.

40.   Carol Gerard was exposed to asbestos dust and fibers from Grace's asbestos products while she was living and working in Libby, Montana. As a direct and proximate result of the exposure, Carol Gerard developed mesothelioma and suffered the injuries described above.

WHEREFORE, Plaintiff, Carol Gerard, requests judgment against each and every one of the Defendants in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

## COUNT V
## (AIDING AND ABETTING – MARYLAND CASUALTY)

Carol Gerard sues Maryland Casualty for aider and abetter liability and states as follows:

41.   Gerard adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

42.   Maryland Casualty encouraged, advised, aided, supported, assisted and abetted Grace whose asbestos products and asbestos dust were substantial contributing factors to the development of Gerard's mesothelioma.

43.   Maryland Casualty, encouraged, advised, aided, supported, assisted and abetted Grace in various actions or omissions, including the following:   (a) the concealment, alteration, manipulation and suppression of knowledge and information about the dangers and health hazards of asbestos; (b) the publication of misleading, fraudulent and incorrect statements about the lack of any connection between asbestos exposure and various diseases; (c) the decisions made by Grace not to test, study, research or investigate the dangers and health hazards of its mining activities and asbestos containing products; or (d) the decisions made by Grace in deciding not to publicize, disclose, make public or otherwise warn about the dangers and health hazards of asbestos containing products; (e) efforts to prevent the State of Montana and various agencies of the State of Montana from taking

11

steps to investigate and research the dangers of the asbestos dust at the Grace Mine and Mill; and (f) the decision made by Grace not to implement adequate procedures, controls and corrective measures to prevent exposure to asbestos dust from the Grace Mine and Mill.

44.     As a direct result of the actions of Maryland Casualty, Carol Gerard was exposed to asbestos dust and fibers from Grace's asbestos products while she was living and working in Libby, Montana. As a direct and proximate result of the exposure, Carol Gerard developed mesothelioma and suffered the injuries described above.

45.     Maryland Casualty having aided, assisted, encouraged and abetted Grace as set forth in the immediately preceding paragraphs, is liable as if Maryland Casualty were the principal or direct perpetrator of the harm and injuries to Carol Gerard.

WHEREFORE, Plaintiff, Carol Gerard, requests judgment against each and every one of the Defendants in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

## COUNT VI
### (CIVIL CONSPIRACY – MARYLAND CASUALTY AND GRACE)

Carol Gerard sues Maryland Casualty and Grace for civil conspiracy and states as follows:

46.     Gerard adopts and incorporates by reference all relevant allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

47.     Maryland Casualty and Grace implicitly and/or explicitly agreed and conspired to: (a) conceal, alter, manipulate and suppress knowledge and information about the dangers and health hazards of asbestos; (b) publish misleading, fraudulent and incorrect statements about the lack of any connection between asbestos exposure and various diseases; (c) not to test, study, research or investigate the dangers and health hazards of its mining activities and asbestos containing products;

12

or (d) not to publicize, disclose, make public or otherwise warn about the dangers and health hazards of asbestos-containing products; (e) prevent the State of Montana and various agencies of the State of Montana from taking steps to investigate and research the dangers of the asbestos dust at the Grace Mine and Mill; and (f) not to implement adequate procedures, controls and corrective measures to prevent exposure to asbestos dust from the Grace Mine and Mill.

48.    In furtherance of their implicit and/or explicit agreement, Maryland Casualty and Grace acted in concert and for their mutual benefit as described above.

49.    As a direct result of the actions of Maryland Casualty and Grace in furtherance of their conspiracy, Carol Gerard was exposed to asbestos dust and fibers from Grace's asbestos products while she was living and working in Libby, Montana. As a direct and proximate result of the exposure, Carol Gerard developed mesothelioma and suffered the injuries described above.

50.    Maryland Casualty, having conspired with Grace as set forth in the preceding paragraphs, is liable as a principal and direct perpetrator of the harm and injuries to Carol Gerard.

WHEREFORE, Plaintiff, Carol Gerard, requests judgment against each and every one of the Defendants in the amount of Fifty Million Dollars ($50,000,000.00) compensatory damages and Fifty Million Dollars ($50,000,000.00) punitive damages.

Shepard A. Hoffman
Law Offices of Shepard A. Hoffman
36 South Charles Street
Suite 2200
Baltimore, MD  21201
(410) 539-8404 [O]
(410) 539-8407 [F]

Attorney for Plaintiff

13

Brian C. Parker
Parker, Dumler & Kiely LLP
36 South Charles Street
Suite 2200
Baltimore, MD 21201
(410) 625-9330 [O]
(410) 625-9309 [F]

Attorney for Plaintiff

Of Counsel:

Jon L. Heberling
McGarvey, Heberling, Sullivan & McGarvey, P.C.
745 South Main
Kalispell, Montana 59904-5399
(406) 752-5566 [O]
(406) 752-7124 [F]

14

## DEMAND FOR JURY TRIAL

Plaintiff elects and prays to have this case tried by a jury.

Shepard A. Hoffman
Law Offices of Shepard A. Hoffman
36 South Charles Street
Suite 2200
Baltimore, MD 21201
(410) 539-8404 [O]
(410) 539-8407 [F]

Attorney for Plaintiff

Brian C. Parker
Parker, Dumler & Kiely LLP
36 South Charles Street
Suite 2200
Baltimore, MD 21201
(410) 625-9330 [O]
(410) 625-9309 [F]

Attorney for Plaintiff

15

## ADDITIONAL INFORMATION
### GERARD

Pursuant to Pre-Trial Order No. 3, Circuit Court for Baltimore City, Paragraph 3 (G), the following information is provided:

(i)     Disease diagnosed: mesothelioma;

(ii)    Date Plaintiff learned of asbestos-related condition: on or about September 12, 2000.

(iii)   Plaintiff's social security print out: to be provided.

RECEIVED
2001 JUN 22   PM 1:21