IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., et al., | : | Case No. 01-1139 (JKF) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |

## LONDON MARKET COMPANIES' NOTICE OF DEPOSITION TO W.R. GRACE & CO., ET AL. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE (30)(b)(6)

PLEASE TAKE NOTICE that Certain London Market Insurance Companies, as identified on Exhibit "A" to their Notice of Appearance filed on January 5, 2009 (hereinafter "London Market Companies"), through their undersigned counsel, will take the deposition(s) upon oral examination of W.R. Grace & Co., et al. (the "Debtors") pursuant to Bankruptcy Rules 7030 and 9014 and Federal Rule of Civil Procedure 30(b)(6), before a notary public or an officer authorized by law to administer oaths. The deposition will take place at the offices of John Sheehan Spadaro, LLC, 724 Yorklyn Road, Hockessin, Delaware, on May 11, 2009, or on such other date and at such other location as mutually agreed by London Market Companies and the Debtors, and shall continue from day to day until concluded. The deposition will be videotaped. You are invited to attend and participate.

Dated: April 23, 2009
      Hockessin, Delaware

                              JOHN SHEEHAN SPADARO, LLC

                              /s/ John S. Spadaro
                              John S. Spadaro (No. 3155)
                              724 Yorklyn Road, Suite 375
                              Hockessin, DE 19707
                              Telephone: (302) 235-7745
                              Facsimile: (302) 235-2536
                              jspadaro@johnsheehanspadaro.com

                              Attorney for Certain London Market
                              Insurance Companies

Of Counsel:

Alexander J. Mueller
Thomas J. Quinn
MENDES 7 MOUNT LLP
750 Seventh Avenue
New York, New York 10019
212-261-8000
alexander.mueller@mendes.com
thomas.quinn@mendes.com

2721
Error! Unknown document property name.

I.  **DEFINITIONS**

The following definitions shall apply solely for purposes of this deposition notice:

1. The term "Revised Joint Plan" refers to the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated February 27, 2009 (dkt. No. 20872).

2. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Revised Joint Plan.

3. The terms "Grace" and the "Debtors" refer to entities listed in Section 1.1.(94) of the Revised Joint Plan, including their current and former affiliates, subsidiaries, agents and representatives, both individually and collectively.

4. The term "London Market Companies" refers to Certain London Market Insurance Companies, as identified on Exhibit "A" to their Notice of Appearance filed on January 5, 2009, including their current and former affiliates, subsidiaries, agents, and or representatives, both individually and collectively.

5. The term "1995 Agreement" refers to the Asbestos Settlement Agreement between W.R. Grace & Co. and Eagle Star Insurance Company (as successor in interest to British Northwestern Insurance Company) and Underwriter's at Lloyd's, London and Certain London Market Insurance Companies.

6. The term "1996 Agreement" refers to the Pollution Settlement Agreement between W.R. Grace & Co. and certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies.

7. The terms "document" or "documents" Shall have the meaning set forth in the Federal Rules of Civil Procedure, and shall include, without limitation, the original and non-identical copy of any written, recorded or graphic matter, however produced or reproduced, including, but not limited to, any correspondence, memoranda, notes, meeting minutes, telegrams, reports, transcripts, emails, or telephone conversations or any other writings or documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith, and any other photographic and retrievable matter (whether encoded, taped or encoded, electrostatically or otherwise), in the possession, custody or control of the answering party, its agents, employees, counsel or other representatives. Non-identical copies, drafts, and identical copies with handwriting are separate "documents" within the meaning of that term.

8. The term "communication" is used in the broadest sense and includes, without limitation, any oral or written transmittal of information or request for information made from one person to another, whether made in person, by telephone or by any other means, or a document made for the purpose of recording a communication, idea, statement, opinion or belief.

9. The term "relate to", or variations thereof, means directly or indirectly mentions, describes, pertains to, refers to, reflects upon, supports, contradicts, concerns, contains, constitutes, discusses, embodies, memorializes, entails, evidences, comments on, or is in any way pertinent to, directly or indirectly, in whole or in part.

**II.    SUBJECTS OF INQUIRY**

1.  The treatment of the 1995 Agreement under the Revised Joint Plan.

2.  The treatment of the 1996 Agreement under the Revised Joint Plan.

3.  The provisions of the Revised Joint Plan that relate to Asbestos Insurance Reimbursement Agreements, including, without limitation, Sections 1.1(9), 1.1(16), 7.2.2(d)(iv), 7.7, 7.13, 7.15, 9.1 and Exhibit 6 (Asbestos Insurance Transfer Agreement).

4.  The provisions of the Revised Joint Plan that relate to Indirect PI Trust Claims, including, without limitation, Sections 1.1(138) and Exhibit 4 (Trust Distribution Procedures).

5.  Any other topic identified in the 30(b)(6) deposition notices served by any other insurer of the Debtor.

6.  Any documents or communications relating to any of the foregoing.