IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.,*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Related to Docket No. 20622** |

## CERTIFICATION OF COUNSEL REQUESTING ENTRY OF AGREED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF INSURANCE AND CERTAIN OTHER CONFIRMATION DISCOVERY

1. On December 5, 2008, the court entered the Initial Case Management Order Related to the First Amended Joint Plan of Reorganization (Docket No. 20204) (the "Initial CMO") which addressed the deadlines and hearings with respect to confirmation of the First Amended Joint Plan of Reorganization, as amended (the "Plan"), jointly submitted by the Debtors together with the Official Committee of Asbestos Personal Injury Claimants, the Official

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-gulch West Coal Company, H-G Coal Company.

Committee of Equity Security Holders, and the Asbestos PI Future Claimants' Representative (collectively the "Plan Proponents").

2. On December 23, 2008, after objections and arguments from counsel for certain parties, the Debtors submitted a First Amended Case Management Order (Docket No. 20339)(the "First Amended CMO"). Before the Court entered the First Amended CMO, the Debtors further revised it to accommodate certain additional comments from certain parties regarding deadlines. On January 29, 2009, the Court entered a Second Amended Case Management Order (Docket No. 20622)(the "Second Amended CMO"), which remains in effect.

3. Pursuant to the Initial CMO and the Second Amended CMO, various parties have served formal and informal discovery requests in connection with Plan confirmation issues (including requests for production of documents, interrogatories, requests for admission) and written responses to some of those requests. Written responses have been served to most of the discovery requests and on a rolling basis the Debtors have been producing documents to a virtual data room to which all parties have access. Some other parties also have produced documents. And, various parties have now begun to serve deposition notices and take depositions.

4. Several of the discovery requests call for production of documents that are subject to express confidentiality restrictions, and/or seek production of documents that contain information that may be of a confidential and/or proprietary nature deserving of protection. Not only the Debtors, but also the other Plan Proponents, and other parties, including Plan objectors and non-objectors, have been asked to produce such documents and information. In addition,

some of the depositions may elicit testimony which parties may wish to designate as confidential.

5. Accordingly, the Plan Proponents and Plan objectors have negotiated the terms of a proposed Protective Order Regarding Confidentiality of Insurance and Certain Other Confirmation Discovery ("Confirmation Protective Order") that will enable the Debtors and other parties to produce to each other, solely for purposes of discovery with respect to Plan confirmation issues, information and documents that the parties believe to be confidential and that sets forth procedures for handling such confidential documents and information in filings, in depositions, and in general in the Plan confirmation proceedings.

6. The Plan Proponents and the Plan objectors have agreed to the form of the Confirmation Protective Order attached hereto. However, as indicated therein, the Confirmation Protective Order does not address medical information related to the Libby claimants' objections to the Plan, including medical information of Libby claimants or any reliance materials of the Libby claimants' experts. The Debtors understand that the Libby claimants may be submitting their own motion for a protective order relating to this information and that a motion filed by Arrowood concerning entry of a protective order is pending. *See* Motion to Strike Whitehouse Expert Report or Alternatively, Compel The Production of Documents and Databases on Which He relies and for Entry of Confidentiality Order. (Docket No. 21246).

DOCS_DE:147437.1

7.  As a result, the Debtors request that the Court enter the attached agreed Confirmation Protective Order.

Dated: April 24, 2009

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
300 North LaSalle St.
Chicago, Illinois 60654
Telephone: (312) 862-2000

Theodore L. Freedman
Deanna D. Boll
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone: (212) 446-4800

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400