## **EXHIBIT A**

## ADDITIONAL DEFINITIONS

1. Capitalized terms not defined herein shall have the meanings given to them in the Plan

2. "All" or "any" means each and every.

3. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Document Requests any Documents or information that might otherwise be construed to be outside their scope.

4. The terms "communication" and "communications" are used in the broadest sense and include, without limitation, any oral or written transmittal of information or request for information made from one Person to another, whether made in person, by telephone or by any other means, or a Document made for the purpose of recording a communication, idea, statement, opinion or belief.

5. "Document" or "Documents" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, the original and non-identical copy of any written, electronic, recorded, or graphic matter, however produced or reproduced, including, without limitation, any correspondence, memoranda, notes, meeting minutes, telegrams, reports, transcripts, e-mails, or telephone conversations or any other writings or documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith, and any other retrievable matter (whether encarded, taped, or encoded, electrostatically, or otherwise), in the possession, custody or, or control of Grace, their agents, counsel or representatives. Non-identical copies, drafts, and identical copies with handwriting are separate "documents" within the meaning of that term.

6. "Debtor" or "Debtors" means W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co: Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace 11, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (a/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G 11 Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation; Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &

Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

7. "Each" means each and every.

8. "Person" or "Persons" means all natural individuals, corporations, partnerships, or other business associations, and all legal entities.

9. "Pre-Petition" means prior to April 4, 2001 when Grace filed a voluntary petition for Bankruptcy.

10. "Post Petition" means after April 4, 2001, including after the conclusion of all proceedings relating to this bankruptcy.

11. "Relating to" means directly or indirectly concerning, regarding, mentioning, referring, reflecting, constituting, discussing, describing, pertaining to or connected with the requested or identified document or stated subject matter in any logical, legal or factual way.

## SUBJECT MATTERS

1. The identity of each Person, other than the Debtors, to be exculpated by Section 11.9 of the Plan, and the Debtors' reason(s) for why the exculpation of each identified Person, both as to conduct occurring Pre-Petition and conduct occurring Post-Petition, is necessary to achieve the Debtors' reorganization.

2. The Debtors' purpose(s) for providing exculpations as to each indentified Person, separately as to each identified Person's exculpation for conduct occurring Pre-Petition and Post-Petition, and whether the purpose(s) is/are related to some benefit to the estate, and if so, the nature of that benefit.

3

3. The identification, basis, and scope of any and all indemnity agreements or indemnity obligations owed by any of the Debtors to Persons exculpated under Section 11.9 of the Plan for conduct exculpated under Section 11.9.

4. The identity of any Person who gave monetary, or other, consideration, to the Debtors or the estate as part of an exchange in which that Person was included as an exculpated Party under Section 11.9 of the Plan, the nature and scope of such an exchange, as well as the nature and size of such monetary, or other, consideration given to the Debtors or the estate by any Person as part of such an Exchange.

5. The Plan's treatment of Claims against Persons exculpated and released by Section 11.9 of the Plan, including whether, as well as how, the Plan does or does not provide some other means for payment to those who may have Claims against Persons exculpated and released by Section 11.9 of the Plan.

6. The earliest possible date for which Section 11.9 is to exculpate conduct occurring on or after that date, and the largest possible number of years for which Section 11.9 may exculpate conduct occurring within those years.

7. The nature and extent of any negotiations regarding Section 11.9 exculpations between any exculpated Persons and Plan Proponents.

8. The nature and extent of any payments that were made or promised by any of the Debtors or the reorganized Debtors to any lawyer or law firm that represents a member of any official committee appointed in this Chapter 11 case.