## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |
| | **Ref. No. 20622** |

## LIBBY CLAIMANTS' MOTION (A) TO AMEND
## PLAN CONFIRMATION CASE MANAGEMENT ORDER
## AND (B) TO POSTPONE PHASE II OF THE CONFIRMATION HEARING

The claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move to amend the Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization dated January 29, 2009 [D.I. 20622] (the "CMO") to (i) provide a deadline for the Plan Proponents[2] to serve on each party objecting to the Plan (a "Plan Objector") detailed preliminary contentions in response to the Preliminary Objection served by such Plan Objector (each, a "Preliminary Response"); (ii) extend the June 15, 2009 deadline to conclude depositions; and (iii) establish a briefing schedule for Daubert motions.[3]   To accommodate these necessary changes to the CMO, the Libby Claimants further move to have the CMO amended to postpone Phase II of the Confirmation Hearing for a period of at least 60 days, based on the prejudice to the Libby Claimants that would otherwise result from the Plan Proponents' failure to provide responses to the Libby

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 21365], as it may be amended and restated from time to time.

[2] All terms not otherwise defined herein shall have the same meaning as in the CMO.

[3] The parties have agreed in principle to establish a Daubert briefing schedule.  In the event a schedule is agreed upon prior to the hearing on this Motion, this request shall be moot.

Claimants' contention interrogatories and insufficient time to adequately prepare for trial. In support of this Motion, the Libby Claimants state:

<u>**Background**</u>

1.      On September 19, 2008, the Plan Proponents filed the initial form of the Plan and Disclosure Statement.  On October 17, 2008, the Libby Claimants filed the Libby Claimants' Objection to Debtors' Disclosure Statement for Joint Plan of Reorganization and Approval Motion [D.I. 19803] (the "Disclosure Statement Objection") and, pursuant to the initial version of the CMO, on December 22, 2008, the Libby Claimants' Preliminary Objections to First Amended Joint Chapter 11 Plan [D.I. 20313] (the "Libby Claimants' Preliminary Objection"). In almost every instance, each objection contained in the Libby Claimants' Preliminary Objection referenced a section or sections of the much more comprehensive Disclosure Statement Objection, which contained 97 pages of detail concerning the basis for the Libby Claimants' objections.

2.      During negotiation of the CMO in November 2008, counsel to the Libby Claimants proposed a provision requiring the Plan Proponents file Preliminary Responses to each Preliminary Objection.  The Libby Claimants were concerned that without such a requirement, Plan Objectors would not learn the Plan Proponents' specific contentions until much too late in the Plan Confirmation process, resulting in a one-sided and unfair process.  Counsel to the Debtors declined to include such a provision on the basis that the Libby Claimants could learn the Plan Proponents' contentions by serving contention interrogatories on the Plan Proponents, which under the negotiated CMO would result in a response within 30 days.

3.      On December 23, 2008, the Libby Claimants served contention interrogatories on the Plan Proponents that substantially followed the Libby Claimants' Preliminary Objection (the

"Plan Contention Interrogatories"), a copy of which is attached as Exhibit A.[4]  On February 23, 2009—after a revision to the CMO, over the Libby Claimants' objection, allowed an additional 30 days of discovery response time—each of the Plan Proponents filed a response to the Plan Contention Interrogatories, copies of which are attached as Exhibits B (Debtors), C (Asbestos PI Committee), D (Equity Committee), and E (Asbestos PI Future Claimants Representative).

      4.      On March 13, 2009, the Debtors [Docket No. 21004], the Asbestos PI Committee [Docket No. 20976], and the Libby Claimants [Docket No. 20983], among others, submitted preliminary witness lists for the Confirmation Hearing.  Since then the Libby Claimants have filed two supplemental lists [Docket Nos. 21260 and 21301], comprising mostly of Libby Claimants that may be called to testify at the Confirmation Hearing.  Between the Debtors (17), the Asbestos PI Committee (9), and the Libby Claimants (40) a total of 66 Phase II witnesses have been preliminarily designated, which does not include the three experts of the Asbestos PI Committee that even now have not been added to their witness lists but did submit rebuttal reports on April 6, 2009 and presumably will testify at the Confirmation Hearing.  (It should be noted, however, that 18 of the Libby Claimant witnesses will consist of fairly brief fact testimony by Libby Claimants, most of which the Libby Claimants expect to introduce in the form of video depositions rather than live testimony.)  Currently, the CMO contemplates that all depositions will be completed on or before June 15, 2009, and while scheduling of these depositions has begun, it is unlikely that all will be completed before that deadline.  Moreover, without the Plan Proponents' contentions, depositions concerning the Plan are of only limited use.  On a related note, the CMO does not have a procedure in place for addressing the Daubert

---

[4] The Libby Claimants' First Amended Interrogatories Propounded Upon Plan Proponents.  On January 23, 2009, the Libby Claimants filed an amendment to these interrogatories to make clear that Libby Claimant Gayla Benefield propounded interrogatories 1-15 and Libby Claimant Yoko Cannon propounded interrogatories 16-29.  The original interrogatories were served on December 22, 2008.

motions and responses that will inevitably be filed, given the numerous expert reports that have been filed.

5.    On March 27, 2009, the Libby Claimants and the Plan Proponents held a "meet and confer" teleconference to discuss the Libby Claimants' request for meaningful responses to the Plan Contention Interrogatories.  The Plan Proponents requested the Libby Claimants not to file a motion based on the Plan Contention Interrogatories, asserting that the Libby Claimants' questions about the Plan Proponents' contentions (to the extent not already answered) would be answered in the expert reports that the Plan Proponents would submit on April 6, 2009.  On April 23, 2009 and again on April 27, 2009, the Libby Claimants and the Plan Proponents held a "meet and confer" teleconference to discuss the Libby Claimants' request to extend the June 15 deposition deadline, establish a briefing schedule for Daubert motions, and to postpone Phase II of the Confirmation Hearing.  In each instance, the parties were unable to reach a satisfactory resolution.

## **Relief Requested**

6.    The Plan Proponents' "responses" to the Plan Contention Interrogatories are inexcusably scant and cause substantial prejudice to the Libby Claimants by crippling their efforts to prepare for Phase II of the Confirmation Hearing now scheduled for September 2009. If the Plan Confirmation process is regarded as having commenced in November 2008 when the CMO was first negotiated, there was a period of ten months during which to prepare for a September 2009 hearing.  Of these ten months, nearly five have elapsed and the Libby Claimants are still without the Plan Proponents' factual and legal assertions needed to appropriately frame the issues as to which discovery is necessary, much less prepare for depositions, final objections and a trial brief.  Especially given the extent and complexity of the issues, it is unfair to require

the Libby Claimants to fly blind.  Accordingly, the Libby Claimants request that this Court require the Plan Proponents to supply the Libby Claimants with detailed contentions, extend the June 15, 2009 deadline to conclude depositions, and also postpone the Phase II of the Confirmation Hearing by at least 60 days.  The contentions can be supplied in either of two ways.  The CMO can be amended to provide a deadline for the Plan Proponents serve on each Plan Objector a Preliminary Response to the Preliminary Objection served by such Plan Objector.  Alternatively, the Libby Claimants move to have this Court compel the Plan Proponents to provide meaningful responses to the Plan Contention Interrogatories on an expedited basis.  In either event, the deadline for the contentions to be served should be not later than May 15, 2009.

7.      The Plan Proponents' responses to the Plan Contention Interrogatories are inadequate.  A typical response by the primary Plan Proponents, Grace and the Asbestos PI Committee, consists, in its entirety, of a recital that they intend to call certain experts to refute the Libby Claimants' contentions.[5]  These responses defeat the legitimate purpose of the Plan Contention Interrogatories, which is to require the Plan Proponents to commit to positions and to back the positions up with supporting facts and legal assertions as to which the Libby Claimants can then pursue discovery, including depositions, and other steps to prepare for trial.

8.      To remedy this situation, the Libby Claimants ask this Court to amend the CMO to adopt the Preliminary Response procedure originally proposed by the Libby Claimants to the Plan Proponents.  Requiring the Plan Proponents to submit a Preliminary Response to the Libby

---

[5] The Equity Committee took a different approach, routinely objecting to the interrogatories because they ask for "contentions, evidence, and witnesses it might employ for the purposes of impeachment or rebuttal."  The Equity Committee concluded most answers by stating that it "has not yet determined the proof and witnesses, if any, that it will offer at trial."  The Equity Committee has since agreed with the Libby Claimants that the Equity Committee will not call any witnesses at the Confirmation Hearing.  Accordingly, the Libby Claimants do not seek any relief against the Equity Committee.

Claimants (and to each Plan Objector) will properly frame the Plan Proponents' contentions, a necessary step in this extremely expedited process. The Plan Proponents should be required to respond with a degree of detail and specificity equivalent to the Libby Claimants' Preliminary Objection.

9.      As an alternative to requiring the Plan Proponents submit a Preliminary Response to the Libby Claimants, the Libby Claimants request that the Court compel the Plan Proponents to provide meaningful responses to the Plan Contention Interrogatories on an expedited basis. A meaningful response will require the Plan Proponents to state their specific contentions – both legal and factual, not to merely state that they will call witnesses to refute the Libby Claimants' contentions. Rather, the Plan Proponents should be required to respond with a degree of detail and specificity equivalent to the Libby Claimants' Preliminary Objection.

10.      Without such responses, the Libby Claimants will continue to operate "in the dark" and this one-sided process will be allowed to carry on. The Libby Claimants' objections to the Plan have been largely known to the Plan Proponents for more than six months, ever since the Libby Claimants on October 17, 2008 filed the Disclosure Statement Objection including 48 pages of objections to the Plan. The time for the Plan Proponents to share their contentions is long past.

11.      Whether the Preliminary Response procedure is adopted or the Plan Proponents are compelled to fully answer the Plan Contention Interrogatories, the Libby Claimants submit that extending the June 15 deposition deadline and postponement of Phase II of the Confirmation Hearing is appropriate. Phase II of the Confirmation Hearing is scheduled to commence in less than five months (September 8, 2009). The Libby Claimants (and presumably other Plan Objectors) are still without the Plan Proponents' contentions – the most basic information upon

which the Plan Confirmation proceeding is based.  Moreover, the Debtors and the Asbestos PI Committee recently submitted ten rebuttal reports, requiring the Libby Claimants to draft sur-rebuttal reports and prepare for numerous depositions in the upcoming six weeks.  This backloaded discovery process is manifestly unfair and puts the Libby Claimants at an unfair disadvantage.  For these reasons, the June 15 deposition deadline should be extended and Phase II of the Confirmation Hearing should be postponed for at least 60 days.

12.    Finally, the Libby Claimants propose that the CMO be amended to include a Daubert briefing schedule.  This schedule will largely rest upon the ultimate timeframe of the Phase II Confirmation Hearing, but should provide adequate time for all parties to properly prepare and respond to Daubert motions.  The parties have agreed to confer on a schedule, but have not yet exchanged proposals.  If a schedule is agreed upon prior to the hearing of this Motion, the request shall be moot.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

393.001-25925.doc

WHEREFORE, the Libby Claimants respectfully request that this Court (i) enter an order granting this Motion; and (ii) grant such other and further relief as this Court may deem just and proper.

Dated:  April 27, 2009
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE  19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone:  (617) 951-2505
Facsimile:  (617) 951-0679

*Counsel for Libby Claimants*

393.001-25925.doc