# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |
| | **Ref. No. 20323** |

## AMENDMENT TO LIBBY CLAIMANTS' AMENDED FIRST INTERROGATORIES PROPOUNDED UPON PLAN PROPONENTS

PLEASE TAKE NOTICE THAT the Libby Claimants' Amended First Interrogatories Propounded Upon Plan Proponents dated December 23, 2008 (the "First Interrogatories") are hereby amended as follows: First Interrogatories Nos. 1 through 15 are propounded by Gayla Benefield of Libby, Montana, an Asbestos PI Claimant; and First Interrogatories Nos. 16 through 29 are propounded by Yoko Cannon of Libby, Montana, an Asbestos PI Claimant. Except as amended hereby, the First Interrogatories remain in full force and effect as originally propounded.

393.001-24126

Dated: January 23, 2009
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Mona A. Parikh (No. 4901)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

      - and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for Libby Claimants*
*Gayla Benefield*
*Yoko Cannon*

393.001-24126

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |

### LIBBY CLAIMANTS' AMENDED FIRST INTERROGATORIES
### PROPOUNDED UPON PLAN PROPONENTS

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 33, made applicable hereto by Federal Rule of Bankruptcy Procedure 9014, the Libby Claimants hereby request that the Debtors, Asbestos PI Committee, Equity Committee, and the Asbestos PI Future Claimants' Representative serve upon Daniel C. Cohn at the offices of Cohn Whitesell & Goldberg LLP, 101 Arch Street, Boston, Massachusetts 02110, within 30 days of service hereof, in writing and under oath, a response to the following amended interrogatories.

### DEFINITIONS

Every term used in these interrogatories with initial capitalization that is defined in the Plan shall have the same meaning in these interrogatories as in the Plan. In all other instances, the following definitions shall apply to these interrogatories:

A.    The "Libby Claimants" shall mean the claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants").[1]

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 19927], as it may be amended and restated from time to time.

B.     "Plan" shall mean the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and any subsequent Chapter 11 plan submitted by the Plan Proponents that does not address to the Libby Claimants' satisfaction the objections set forth in the Libby Claimants' Preliminary Objections to First Amended Joint Chapter 11 Plan dated December 22, 2008 [D.I. 20313].

C.     The words "you" and "your" mean the Plan Proponents.

D.     "Concerning," or any derivative thereof, shall mean referring to, relating to, constituting, describing, evidencing, embodying, connected with, commenting on, responding to, showing, analyzing, reflecting, illustrating, depicting, summarizing, mentioning, recording, contradicting and rebutting, either directly or by inference.

## INSTRUCTIONS

E.     Items of this request shall be construed broadly such that "and" includes "or" and vice versa, the past tense includes the present tense and vice versa, the singular includes the plural and vice versa, and "any" includes "all" and vice versa.

F.     All responses to the interrogatories shall be made in accordance with the provisions of Federal Rule of Civil Procedure 33.

G.     If an interrogatory cannot be answered in full, it shall be answered to the extent possible and shall state the reason why a complete answer is not possible.

H.     If a claim of privilege is asserted as to any of the interrogatories, or part thereof, state with specificity the privilege(s) relied upon and its applicability to the interrogatories or part thereof.

393.001-23624.doc

I.      If any information concerning the interrogatories is obtained after service of the answers, a supplemental answer containing such information shall be served upon the Libby Claimants at the aforementioned address.

## INTERROGATORIES

1.      Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan violates the Bankruptcy Code's requirement of equal distribution, as set forth in In re Combustion Engineering, 391 F.3d 190, 239 (3d Cir. 2004) because the Plan and the related TDP and Asbestos PI Trust discriminate against the Libby Claimants.

2.      Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate claims of Libby Claimants ("Libby Claims") by creating disease criteria that are not consistent with standard medical practice.

3.      Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring the blunting of the costophrenic angle as a criterion for disease level.

4.      Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring a minimum 3mm pleural thickening as a criterion for disease level.

393.001-23624.doc

5.      Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring pleural thickening coverage of over 25% as a criterion for disease level.

6.      Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by not permitting the use of DLCO to establish severity and impairment of asbestos related disease.

7.      Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring an FEV1/FVC ratio over 65 as a criterion for disease level.

8.      Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that because the TDP's Extraordinary Claims multiplier is subject to the discretion of the trustees and the Extraordinary Claims Panel, including in their interpretation of the eligibility requirement that a claimant have "little likelihood of a substantial recovery elsewhere," the Extraordinary Claims multiplier is illusory to the Libby Claimants.

9.      Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP is not permitted, let alone required, to liquidate Libby Claims for Mesothelioma, Lung Cancer, Severe Disabling Pleural Disease, Pleural Disease (Impaired), or Pleural Disease (Unimpaired) at their tort system value.

10.    Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP discriminates against the Libby Claimants because Libby Claims are not liquidated in accordance with their tort system value while other Asbestos PI Claims are liquidated at or above their tort system value.

11.    Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1122(a) of the Bankruptcy Code, the Plan places the Libby Claimants in a class with claims that are not substantially similar.

12.    Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Libby Claimants' rights against the Debtors require them to be separately classified.

13.    Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Libby Claimants' rights against insurers require the Libby Claims to be separately classified.

14.    Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different treatment of claims in the allowance/liquidation process.

5

15.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different payment terms for claims based on jury verdicts.

16.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different payment terms to later-allowed claims.

17.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different treatment of punitive damages claims.

18.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different treatment of wrongful death claims.

19.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan takes away the insurance rights of the Libby Claimants for premises coverage (i.e. liability coverage other than products/completed operations coverage), which are different and more valuable than the insurance rights of other Asbestos PI Claimants based on products coverage.

6

20.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of the U.S. Constitution, the Montana Constitution, and 28 U.S.C. § 1411(a), the Plan denies the Libby Claimants their right to trial by jury by (a) capping the liquidated amount of Asbestos PI Claims at the Maximum Value of the particular claim even if the claimant obtains a jury verdict in a greater amount, and (b) providing delayed and riskier payment terms for claims based on jury verdicts.

21.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of the Bankruptcy Code and Supreme Court caselaw, the Plan violates the Libby Claimants' right to have their claims allowed in accordance with applicable nonbankruptcy law.

22.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan fails to allow Libby Claims at the same value as would be provided by the tort system under nonbankruptcy law.

23.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan categorically disallows wrongful death claims.

24.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan categorically disallows punitive damages claims.

7

25.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 524(g) of the Bankruptcy Code, the Plan provides for injunctions that protect the Settled Asbestos Insurance Companies even though they are making no financial contribution to the Asbestos PI Trust, let alone the substantial financial contribution required by law.

26.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 524(g) of the Bankruptcy Code, the Plan provides for injunctions that bar the Libby Claimants' pursuit of insurance coverage as to which they do not compete with each other or any other claimant.

27.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 524(g) of the Bankruptcy Code, the Plan provides for injunctions that enjoin the Libby Claimants even though the Plan is not fair and equitable to the Libby Claimants.

28.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan improperly usurps the Court's function to modify or dissolve preliminary injunctions.

29.     Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1127(a)(7) of the Bankruptcy Code, the

Plan provides less to some or all of the Libby Claimants than they would receive if the Debtors

were liquidated under Chapter 7.

Dated: December 23, 2008          **LANDIS RATH & COBB LLP**
          Wilmington, Delaware

_____

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE  19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone:  (617) 951-2505
Facsimile:  (617) 951-0679

_Counsel for the Libby Claimants_