# Exhibit B

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et al.*, | : | Case No. 01-1139 (JKF) |
| | : | Jointly Administered |
| Debtors-in-possession. | : | |

## DEBTORS' OBJECTIONS AND ANSWERS
## TO LIBBY CLAIMANTS' AMENDED FIRST SET
## OF INTERROGATORIES PROPOUNDED UPON PLAN PROPONENTS

Debtors W.R. Grace & Co., et al., by and through their undersigned counsel, hereby object to, and answer as follows, pursuant to Fed. R. Civ. P. 33 and Fed. R. Bankr. P. 7033, the "Libby Claimants' Amended First Interrogatories Propounded upon Plan Proponents" ("**Interrogatories**"), which were served by the Libby Claimants on December 23, 2008. The following answers to the Interrogatories are based on the best information now available to the Debtors. The Debtors reserve the right to amend, supplement, correct, or clarify their responses if the Debtors obtain additional information.

## GENERAL OBJECTIONS

The Debtors assert the following general objections ("**General Objections**") with respect to each of the Interrogatories:

1.    The Debtors object to the Interrogatories on grounds that they are overbroad, unduly burdensome, and duplicative.

2.    The Debtors object to the Interrogatories to the extent they are not relevant to the subject matter involved in this proceeding and are not likely to lead to the discovery of admissible evidence in this proceeding, including the hearings on confirmation of the First Amended Joint Plan of Reorganization, as amended ("**Plan**").

3.      The Debtors object to these Interrogatories to the extent that they purport to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and/or the local rules and discovery guidelines of this Court.

4.      The Debtors object to the Interrogatories on grounds that the Interrogatories, including all parts and subparts, exceed the maximum number of interrogatories permitted under Fed. R. Civ. P. 33.  There are 29 numbered Interrogatories, each containing at least three parts, thereby bringing the total number of Interrogatories to *at least* 87 (*i.e.*, 29 multiplied by 3), which are more than treble the maximum limit of 25 interrogatories permitted under Rule 33.

5.      The Debtors object to every Interrogatory that purports to impose burdens or obligations beyond the requirements and procedures specified in the "Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization" entered January 29, 2009 ("**CMO**").

6.      The Debtors object to the Interrogatories to the extent they call upon the Debtors to disclose contentions, evidence, and witnesses they might employ for purposes of impeachment or rebuttal – or to speculate on what their rebuttal case might consist of – in response to contentions, evidence, and witnesses that the Libby Claimants have not yet identified or disclosed in support of their confirmation objections.  It is unreasonable and improper to require the Debtors to prematurely disclose the elements of their rebuttal case, and to articulate theories not yet fully developed, in advance of discovery and a complete statement of the Libby Claimants' objections.

7.      The Debtors object to the Interrogatories to the extent they call upon the Debtors to prepare a trial brief in response to the Libby Claimants' objections, in advance of discovery

and a complete statement of their objections.  By asking the Debtors, in effect, to furnish a trial brief, such Interrogatories violate the CMO, which has fixed August 7, 2009, as the deadline for the Plan Proponents' Trial Briefs on Phase II issues, because such Interrogatories essentially seek to accelerate that deadline.

8.    The Debtors object to the Interrogatories to the extent they require the Debtors to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists on Phase II issues.

9.    The Debtors object to the Interrogatories to the extent they require the Debtors to provide answers that are pure statements of law.

10.    The Debtors object to the Interrogatories as unduly burdensome to the extent they call for documents or information to which the Libby Claimants have equal or superior access to that of the Debtors.

11.    The Debtors object to the Interrogatories to the extent they call for information more properly requested of a third party or data to which the Libby Claimants have equal or superior access to that of the Debtors.

12.    The Debtors object to the Interrogatories to the extent they call for the Debtors to provide information or documents that are either in the Libby Claimants' possession, custody, or control, or otherwise equally accessible to the Libby Claimants.

13.    The Debtors object to the Interrogatories to the extent that they seek information or production of documents protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interests doctrine, the offer and compromise privilege, or any other applicable privilege or immunity.

14.   The Debtors object to the Interrogatories to the extent they call for mental impressions, conclusions, opinions, or legal theories of counsel, or trial preparation materials.

15.   The Debtors object to the Interrogatories to the extent they use the term "concerning," as such term is amorphous, vague, and overbroad.

The Debtors make their objections and answer without waiver and with express reservation with respect to:  (a) all questions as to competency, relevance, materiality, privilege, and admissibility of the responses as evidence for any purpose in this proceeding (including any hearing on confirmation of the Plan) and in any other matter or action; (b) the right to object to the use of any such responses on any ground in this proceeding (including the hearings on confirmation of the Plan) and any other matter or action; (c) the right to object to a request for further responses to these Interrogatories on any ground in this proceeding (including the hearings on confirmation of the Plan) and in any other matter or action; and (d) the right to review, correct, add, supplement, or clarify any of the responses at any time.

In addition, subject to the foregoing General Objections and any further, specific objections stated below, the Debtors state that their answer to any of these Interrogatories is not: (a) an admission or agreement that the Interrogatory is proper; (b) a waiver of an objection should discovery requests be made for further, similar information; or (c) an acknowledgement that the information sought is relevant to the subject matter involved in this proceeding or reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, by responding to these Interrogatories, the Debtors should not be construed as accepting the definitions that the Libby Claimants have provided.  In its answers below, the Debtors have used what they believe are an appropriate and reasonable understanding of the words that the Interrogatories purport to define.

Finally, with respect to each and every Interrogatory herein, the Debtors reserve the right to identify at a later time, and to call at the confirmation hearings, any witness not disclosed herein, for purposes of impeachment or rebuttal. The Debtors further reserve the right to identify at a later time, and to introduce into evidence at the confirmation hearings, any and all documents, information, and other evidence not disclosed herein, for purposes of impeachment or rebuttal.

## SPECIFIC OBJECTIONS AND ANSWERS

The Debtors' answers and specific objections to the Interrogatories are as follows:

### Interrogatory No. 1

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan violates the Bankruptcy Code's requirement of equal distribution, as set forth in In re Combustion Engineering, 391 F.3d 190, 239 (3d Cir. 2004) because the Plan and the related TDP and Asbestos PI Trust discriminate against the Libby Claimants.

Objection: See General Objections. Additionally, the Debtors object to this Interrogatory insofar as it calls upon the Debtors to disclose contentions, evidence, and witnesses they might employ for purposes of impeachment or rebuttal. The Debtors also object because this Interrogatory calls upon the Debtors to prepare a trial brief. Furthermore, this Interrogatory is objectionable insofar as it calls upon the Debtors to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: The Debtors may call Drs. David Weill, John Parker, Thomas Florence, Daniel Henry, Steven Haber, Suresh Moolgavkar and Frederick Dunbar to refute the contention that the Plan and the related TDP and Asbestos PI Trust discriminate against the Libby Claimants.

**Interrogatory No. 2**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate claims of Libby Claimants ("Libby Claims") by creating disease criteria that are not consistent with standard medical practice.

Objection:   See General Objections.   Additionally, the Debtors object to this Interrogatory insofar as it calls upon the Debtors to disclose contentions, evidence, and witnesses they might employ for purposes of impeachment or rebuttal.  The Debtors object to the use of the word "legitimate" in reference to the claims of the Libby Claimants insofar as the term is undefined, argumentative, and ambiguous in this context.  The Debtors also object because this Interrogatory calls upon the Debtors to prepare a trial brief.  Furthermore, this Interrogatory is objectionable insofar as it calls upon the Debtors to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Answer:  Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows:  The Debtors may call Drs. Weill, Parker, Henry and Haber to refute the contention that the TDP's medical criteria are inconsistent with standard medical practice such that the Plan and/or that the related TDP and Asbestos PI Trust discriminate against the Libby Claimants.

**Interrogatory No. 3**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring the blunting of the costophrenic angle as a criterion for disease level.

Objection:   See General Objections.   Additionally, the Debtors object to this Interrogatory insofar as it calls upon the Debtors to disclose contentions, evidence, and witnesses they might employ for purposes of impeachment or rebuttal.  The Debtors object to the use of the word "legitimate" in reference to the claims of the Libby Claimants insofar as the term is

undefined, argumentative, and ambiguous in this context. The Debtors also object because this Interrogatory calls upon the Debtors to prepare a trial brief. Furthermore, this Interrogatory is objectionable insofar as it calls upon the Debtors to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: The Debtors may call Drs. Weill, Parker, Henry and Haber to refute the contention that the TDP's medical criteria are inconsistent with standard medical practice.

**Interrogatory No. 4**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring a minimum 3 mm pleural thickening as a criterion for disease level.

Objection: See General Objections. Additionally, the Debtors object to this Interrogatory insofar as it calls upon the Debtors to disclose contentions, evidence, and witnesses they might employ for purposes of impeachment or rebuttal. The Debtors object to the use of the word "legitimate" in reference to the claims of the Libby Claimants insofar as the term is undefined, argumentative, and ambiguous in this context. The Debtors also object because this Interrogatory calls upon the Debtors to prepare a trial brief. Furthermore, this Interrogatory is objectionable insofar as it calls upon the Debtors to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: The Debtors may call Drs. Weill, Parker, Henry and Haber to refute the contention that the TDP's medical criteria are inconsistent with standard medical practice.

**Interrogatory No. 5**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring pleural thickening coverage of over 25% as a criterion for disease level.

Objection:    See General Objections.    Additionally, the Debtors object to this Interrogatory insofar as it calls upon the Debtors to disclose contentions, evidence, and witnesses they might employ for purposes of impeachment or rebuttal. The Debtors object to the use of the word "legitimate" in reference to the claims of the Libby Claimants insofar as the term is undefined, argumentative, and ambiguous in this context. The Debtors also object because this Interrogatory calls upon the Debtors to prepare a trial brief. Furthermore, this Interrogatory is objectionable insofar as it calls upon the Debtors to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: The Debtors may call Drs. Weill, Parker, Henry and Haber to refute the contention that the TDP's medical criteria are inconsistent with standard medical practice.

**Interrogatory No. 6**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by not permitting the use of DLCO to establish severity and impairment of asbestos related disease.

Objection:    See General Objections.    Additionally, the Debtors object to this Interrogatory insofar as it calls upon the Debtors to disclose contentions, evidence, and witnesses they might employ for purposes of impeachment or rebuttal. The Debtors object to the use of the word "legitimate" in reference to the claims of the Libby Claimants insofar as the term is undefined, argumentative, and ambiguous in this context. The Debtors also object because this

Interrogatory calls upon the Debtors to prepare a trial brief. Furthermore, this Interrogatory is objectionable insofar as it calls upon the Debtors to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: The Debtors may call Drs. Weill, Parker and Haber to refute the contention that the TDP's medical criteria are inconsistent with standard medical practice.

**Interrogatory No. 7**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring an FEV1/FVC ratio over 65 as a criterion for disease level.

Objection: See General Objections. Additionally, the Debtors object to this Interrogatory insofar as it calls upon the Debtors to disclose contentions, evidence, and witnesses they might employ for purposes of impeachment or rebuttal. The Debtors object to the use of the word "legitimate" in reference to the claims of the Libby Claimants insofar as the term is undefined, argumentative, and ambiguous in this context. The Debtors also object because this Interrogatory calls upon the Debtors to prepare a trial brief. Furthermore, this Interrogatory is objectionable insofar as it calls upon the Debtors to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: The Debtors may call Drs. Weill, Parker and Haber to refute the contention that the TDP's medical criteria are inconsistent with standard medical practice.

**Interrogatory No. 8**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that because the TDP's Extraordinary Claims multiplier is subject to the

discretion of the trustees and the Extraordinary Claims Panel, including in their interpretation of the eligibility requirement that a claimant have "little likelihood of a substantial recovery elsewhere," the Extraordinary Claims multiplier is illusory to the Libby Claimants.

Objection:   See General Objections.   Additionally, the Debtors object to this Interrogatory insofar as it calls upon the Debtors to disclose contentions, evidence, and witnesses they might employ for purposes of impeachment or rebuttal.   Furthermore, the Debtors object to this Interrogatory because it is unintelligible as written and therefore unanswerable.   The Debtors also object insofar as it calls for a legal position on a hypothetical question.

Answer:   Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows:   This Interrogatory is unintelligible as written and therefore unanswerable.

**Interrogatory No. 9**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP is not permitted, let alone required, to liquidate Libby Claims for Mesothelioma, Lung Cancer, Severe Disabling Pleural Disease, Pleural Disease (Impaired), or Pleural Disease (Unimpaired) at their tort system value.

Objection:   See General Objections.   Additionally, the Debtors object to this Interrogatory insofar as it calls upon the Debtors to disclose contentions, evidence, and witnesses they might employ for purposes of impeachment or rebuttal.

Answer:   Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows:   To the extent the Debtors know at this time, they anticipate presenting evidence from publicly available sources on historical settlements and judgments in the tort system for asbestos personal injury claims arising from Grace and non-Grace asbestos exposure, either in Libby, Montana, or elsewhere.   The Debtors note that the values of cases that went to judgment are publicly available, and the Libby Claimants have already been given access to Grace's historical

claims database.  The Debtors anticipate they may call Dr. Thomas Florence and Frederick

Dunbar on this subject.

### Interrogatory No. 10

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP discriminates against the Libby Claimants because Libby Claims are not liquidated in accordance with their tort system value while other Asbestos PI Claims are liquidated at or above their tort system value.

Objection:    See  General  Objections.    Additionally,  the  Debtors  object  to  this

Interrogatory insofar as it calls upon the Debtors to disclose contentions, evidence, and witnesses

they might employ for purposes of impeachment or rebuttal.

Answer:  Subject to, and without waiver of, the foregoing objections, the Debtors answer

as follows:  Please see answer to Interrogatory 9 above.

### Interrogatory No. 11

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1122(a) of the Bankruptcy Code, the Plan places the Libby Claimants in a class with claims that are not substantially similar.

Objection:  See General Objections.  In addition, the Debtors object to this Interrogatory

on the basis that it calls upon the Debtors to answer a pure question of law.

Answer:  Subject to, and without waiver of, the foregoing objections, the Debtors answer

as follows:  To the extent there is any factual predicate underlying this pure question of law, the

Debtors anticipate they may call Drs. Weill, Parker, Haber, Henry and/or Howard Ory as expert

witnesses to testify that the asbestos-related diseases suffered by the Libby Claimants are not

unique to the Libby Claimants or distinct from other similarly situated claimants.  In addition,

Drs. Florence and Dunbar may be called to testify that the asbestos-related claims filed by the

Libby Claimants are not substantively distinguishable from those claims filed by other similarly

situated claimants. Additionally, the Debtors anticipate calling Dr. R.J. Lee as an expert witness to testify that the asbestos to which the Libby Claimants were exposed was not unique.

**Interrogatory No. 12**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Libby Claimants' rights against the Debtors require them to be separately classified.

Objection: See General Objections. In addition, the Debtors object to this Interrogatory on the basis that it is unintelligible and therefore unanswerable. Moreover, the Debtors object to this Interrogatory on the basis that it calls upon the Debtors to answer a pure question of law.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: To the extent the Debtors can understand this Interrogatory, it appears to be requesting the same information as either Interrogatory 11 or Interrogatory 13. Accordingly, please see the answers to Interrogatories 11 and 13.

**Interrogatory No. 13**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Libby Claimants' rights against insurers require the Libby Claims to be separately classified.

Objection: See General Objections. In addition, the Debtors object to this Interrogatory on the basis that it requires the Debtors to answer a pure question of law. The Debtors also object to this Interrogatory insofar as it calls upon the Debtors to disclose contentions, evidence, and witnesses they might employ for purposes of impeachment or rebuttal. Furthermore, the Debtors object because it calls upon the Debtors to prepare a trial brief.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: The Debtors may introduce into evidence at the confirmation hearings certain of

Grace's insurance policies, depending on the type of evidence the Libby Claimants seek to introduce. Thus far, the Libby Claimants have not identified any evidence supporting their assertion that they would have access to insurance coverage that is different (in type or amount) from the coverage available to pay the cost of resolving claims brought by Grace claimants residing outside Lincoln County, Montana. The Debtors have served interrogatories and document requests on the Libby Claimants asking them to identify any such evidence; depending upon the responses received, the Debtors reserve the right to supplement this answer.

**Interrogatory No. 14**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different treatment of claims in the allowance/liquidation process.

Objection:    See General Objections.    Additionally, the Debtors object to this Interrogatory because it calls upon the Debtors to prepare a trial brief. Moreover, this Interrogatory is objectionable because it is premised on a belief that claims channeled to a 524(g) trust are "allowed" or "disallowed" under the TDP, which is not the case. The Debtors further object on the basis that this Interrogatory is so excessively general and vague that it is impossible to answer. Among other things, this Interrogatory fails to identify the specific manner in which claims are allegedly treated differently. Finally, this Interrogatory is objectionable because it is overbroad; potentially *all* evidence presented by the Plan Proponents may "concern" the treatment of claims under the Plan.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: Please see answers to Interrogatories 15, 17, and 18 below.

**Interrogatory No. 15**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different payment terms for claims based on jury verdicts.

Objection: See General Objections. The Debtors also object to this Interrogatory because it calls upon the Debtors to prepare a trial brief.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: To the extent that the Plan Proponents determine that evidence on this subject is required, in either their case-in-chief or rebuttal, the Debtors may call Drs. Thomas Florence and Frederick Dunbar to testify as witnesses.

**Interrogatory No. 16**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different payment terms to later-allowed claims.

Objection: See General Objections. The Debtors also object to this Interrogatory because it calls upon the Debtors to prepare a trial brief. Moreover, the term "later-allowed" claims is meaningless, since claims channeled to a 524(g) trust are neither "allowed" nor "disallowed" under a TDP. Assuming *arguendo*, without conceding, that the terms "allowed" and "disallowed" do apply to the trust's liquidation and resolution of claims, the term is still meaningless since this Interrogatory fails to make clear at what point a claim becomes a "later-allowed" claim, as opposed to a mere "allowed claim." This Interrogatory also fails to specify which "different payment terms," if any, supposedly apply to these nebulous "later-allowed claims." As a result, this Interrogatory is unanswerable.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: This Interrogatory is unanswerable for the reasons stated in the foregoing objections.

**Interrogatory No. 17**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different treatment of punitive damages claims.

Objection: See General Objections. Additionally, the Debtors object to this Interrogatory because it calls upon the Debtors to prepare a trial brief.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: To the extent that the Plan Proponents determine that evidence on this subject is required, in either their case-in-chief or rebuttal, the Debtors may call Drs. Thomas Florence and Frederick Dunbar to testify as witnesses.

**Interrogatory No. 18**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different treatment of wrongful death claims.

Objection: See General Objections. Additionally, the Debtors object to this Interrogatory because it calls upon the Debtors to prepare a trial brief.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: To the extent that the Plan Proponents determine that evidence on this subject is required, in either their case-in-chief or rebuttal, the Debtors may call Drs. Thomas Florence and Frederic Dunbar to testify as witnesses.

**Interrogatory No. 19**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby

Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan takes away the insurance rights of the Libby Claimants for premises coverage (i.e. liability coverage other than products/completed operations coverage), which are different and more valuable than the insurance rights of other Asbestos PI Claimants based on products coverage.

Objection: See General Objections. In addition, the Debtors object to this Interrogatory because it calls upon the Debtors to prepare a trial brief.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: Please see answer to Interrogatory 13 above.

## Interrogatory No. 20

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of the U.S. Constitution, the Montana Constitution, and 28 U.S.C. § 1411(a), the Plan denies the Libby Claimants their right to trial by jury by (a) capping the liquidated amount of Asbestos PI Claims at the Maximum Value of the particular claim even if the claimant obtains a jury verdict in a greater amount, and (b) providing delayed and riskier payment terms for claims based on jury verdicts.

Objection: See General Objections. Additionally, the Debtors object to this Interrogatory insofar as it calls upon the Debtors to disclose contentions, evidence, and witnesses they might employ for purposes of impeachment or rebuttal. The Debtors also object because it calls upon the Debtors to prepare a trial brief. Furthermore, this Interrogatory is objectionable because it calls upon the Debtors to answer issues of law. Moreover, this Interrogatory as framed, particularly with respect to clause (b) above, is so vague and general that it is impossible to answer.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: Please see answers to Interrogatories 15, 17, and 18 above.

## Interrogatory No. 21

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of the Bankruptcy Code and Supreme Court caselaw, the

Plan violates the Libby Claimants' right to have their claims allowed in accordance with applicable nonbankruptcy law.

Objection:    See General Objections.    Additionally, the Debtors object to this Interrogatory insofar as it calls upon the Debtors to answer pure questions of law.  The Debtors also object because it calls upon the Debtors to prepare a trial brief.

Answer:  Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows:  This Interrogatory calls for nothing but a legal conclusion as to which the Debtors do not anticipate putting on evidence.

## Interrogatory No. 22

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan fails to allow Libby Claims at the same value as would be provided by the tort system under nonbankruptcy law.

Objection:    See General Objections.    Additionally, the Debtors object to this Interrogatory because it calls upon the Debtors to prepare a trial brief.

Answer:  Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows:  Please see answers to Interrogatories 9 and 10 above.

## Interrogatory No. 23

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan categorically disallows wrongful death claims.

Objection:    See General Objections.    Additionally, the Debtors object to this Interrogatory because it calls upon the Debtors to prepare a trial brief.

Answer:  Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows:  Please see answer to Interrogatory 18 above.

**Interrogatory No. 24**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan categorically disallows punitive damages claims.

Objection:   See General Objections.   Additionally, the Debtors object to this Interrogatory because it calls upon the Debtors to prepare a trial brief.

Answer:  Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows:  Please see answer to Interrogatory 17 above.

**Interrogatory No. 25**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 524(g) of the Bankruptcy Code, the Plan provides for injunctions that protect the Settled Asbestos Insurance Companies even though they are making no financial contribution to the Asbestos PI Trust, let alone the substantial financial contribution required by law.

Objection:   See General Objections.   Additionally, the Debtors object to this Interrogatory as written, because it calls for a purely legal conclusion.  This Interrogatory is also objectionable because it calls upon the Debtors to prepare a trial brief.

Answer:  Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows:  Under the Plan, the Debtors are making substantial contributions "on behalf of" all Asbestos Protected Parties as required by Section 524(g)(4)(B)(ii) of the Bankruptcy Code.

**Interrogatory No. 26**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 524(g) of the Bankruptcy Code, the Plan provides for injunctions that bar the Libby Claimants' pursuit of insurance coverage as to which they do not compete with each other or any other claimant.

Objection:   See General Objections.   Additionally, the Debtors object to this Interrogatory insofar as it relies on a false premise, as there are no such injunctions.

DOCS_DE:145245.1

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: Please see answers to Interrogatories 13 and 19 above.

## Interrogatory No. 27

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 524(g) of the Bankruptcy Code, the Plan provides for injunctions that enjoin the Libby Claimants even though the Plan is not fair and equitable to the Libby Claimants.

Objection: See General Objections. Additionally, this Interrogatory is unintelligible: As used in this Interrogatory, the term "fair and equitable" is vague and overbroad, and its meaning is apparently unrelated to any statutory confirmation requirement.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: Based on the objection above, the Debtors believe this Interrogatory is unanswerable.

## Interrogatory No. 28

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan improperly usurps the Court's function to modify or dissolve preliminary injunctions.

Objection: See General Objections. Additionally, the Debtors object to this Interrogatory insofar as it calls upon the Debtors to disclose contentions, evidence, and witnesses they might employ for purposes of impeachment or rebuttal. The Debtors also object because it calls upon the Debtors to prepare a trial brief. Moreover, this Interrogatory is objectionable because it calls upon the Debtors to answer issues of law. Furthermore, this Interrogatory, as framed, is vague and general because it fails to specify which "preliminary injunctions" and which allegedly objectionable Plan provisions it is referring to.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: Based on the objections above, the Debtors believe this Interrogatory is unanswerable.

## Interrogatory No. 29

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1127(a)(7) [sic] of the Bankruptcy Code, the Plan provides less to some or all of the Libby Claimants than they would receive if the Debtors were liquidated under Chapter 7.

Objection: See General Objections. Additionally, the Debtors object to this Interrogatory on the basis that it calls for a purely legal conclusion.

Answer: Subject to, and without waiver of, the foregoing objections, the Debtors answer as follows: This Interrogatory is objectionable insofar as it calls for a purely legal conclusion about the "best interests of creditors" test. To the extent the Interrogatory seeks factual predicates underlying that conclusion, see the revised Best Interest Analysis (Exhibit 8) and the revised Financial Information (Exhibit 12) to be attached to the final Plan due to be filed on February 27, 2009. The Debtors state that they may call Pamela Zilly, among others, to testify on the "best interests of creditors" test.

> For Purposes Of Objections Under
> Federal Rule Of Civil Procedure 33(b)(5)
>
> KIRKLAND & ELLIS LLP
> David M. Bernick, P.C.
> Andrew R. Running
> 200 East Randolph Drive
> Chicago, Illinois 60601
> Telephone: (312) 861-2000
> Facsimile: (312) 861-2200
>
> and

KIRKLAND & ELLIS LLP
Theodore L. Freedman
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

and

PACHULSKI, STANG ZIEHL & JONES LLP


Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

*Co-Counsel for the Debtors and Debtors-in-Possession*

Dated:  February 23, 2009

# V E R I F I C A T I O N

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I, Jay W. Hughes, am authorized and entitled to make this declaration on behalf of the W.R. Grace & Co. ("**DEBTORS**"), that I have read the above and foregoing Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Libby Claimants' Amended First Interrogatories Propounded upon Plan Proponents, that the facts and statements contained therein are either within my personal knowledge and are true and correct, or are based upon information supplied to me by others including counsel and as such are true and correct to the best of my knowledge, information and belief.  In verifying the foregoing Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Libby Claimants' Amended First Interrogatories Propounded upon Plan Proponents, I have relied upon the assistance of counsel and the investigation they have undertaken to compile the information upon which these Responses are based and the statements contained therein. I, and the DEBTORS, hereby reserve the right to modify, clarify or supplement these discovery responses should new information warrant such modification, clarification, or supplementation.

_____
Jay W. Hughes