# Exhibit C

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et al.*, | : | |
| | : | Case No. 01-1139 (JKF) |
| Debtors-in-possession. | : | Jointly Administered |
| | : | |

## OBJECTIONS AND ANSWERS OF OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO GAYLA BENEFIELD'S AMENDED FIRST INTERROGATORIES PROPOUNDED UPON PLAN PROPONENTS

The Official Committee of Asbestos Personal Injury Claimants ("**ACC**"), by and through its undersigned counsel, hereby objects to, and answers as follows, pursuant to Fed. R. Civ. P. 33 and Fed. R. Bankr. P. 7033, certain of the "Libby Claimants' Amended First Interrogatories Propounded upon Plan Proponents" ("**Interrogatories**"), which were served by the Libby Claimants on December 23, 2008. The Libby Claimants amended these Interrogatories on January 23, 2009, so that Interrogatories Nos. 1 through 15 would be deemed to be propounded by Gayla Benefield of Libby, Montana. The objections and answers set forth herein are directed to Gayla Benefield's set of Interrogatories. The following answers to the Interrogatories are based on the best information now available to the ACC. The ACC reserves the right to amend, supplement, correct, or clarify its responses if it obtains additional information.

## GENERAL OBJECTIONS

The ACC asserts the following general objections ("**General Objections**") with respect to each of the Interrogatories:

1.    The ACC objects to the Interrogatories on grounds that they are overbroad, unduly burdensome, and duplicative.

2.    The ACC objects to the Interrogatories to the extent they are not relevant to the subject matter involved in this proceeding or not likely to lead to the discovery of admissible evidence in this proceeding, including the hearings on confirmation of the First Amended Joint Plan of Reorganization ("**Plan**").

3.    The ACC objects to the Interrogatories to the extent that they purport to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and/or the local rules and discovery guidelines of this Court.

4.    The ACC objects to the Interrogatories on grounds that the Interrogatories, including all parts and subparts, exceed the maximum number of interrogatories permitted under Fed. R. Civ. P. 33.   Gayla Benefield has propounded 15 numbered Interrogatories, each containing at least three parts, thereby bringing the total number of Interrogatories to *at least* 45 (*i.e.*, 15 multiplied by 3), which are almost twice the maximum limit of 25 interrogatories permitted under Rule 33.

5.    The ACC objects to every Interrogatory that purports to impose burdens or obligations beyond the requirements and procedures specified in the "Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization," dated January 29, 2009 ("**CMO**").

6.    The ACC objects to the Interrogatories to the extent they call upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal – or to speculate on what its rebuttal case might consist of – in response to contentions, evidence, and witnesses that the Libby Claimants have not yet identified or disclosed in support of their confirmation objections.    It is unreasonable and improper to require the ACC to prematurely disclose the elements of its rebuttal case, and to articulate theories not yet fully developed, in advance of discovery and a complete statement of the Libby Claimants' objections.

7.    The ACC objects to the Interrogatories to the extent they call upon the ACC to prepare a trial brief in response to the Libby Claimants' objections, in advance of discovery and a complete statement of their objections.    By asking the ACC, in effect, to furnish a trial brief, such Interrogatories violate the CMO, which has fixed August 7, 2009, as the deadline for the Plan Proponents' responses to confirmation objections, because such Interrogatories essentially seek to accelerate that deadline.

8.    The ACC objects to the Interrogatories to the extent they require the ACC to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

9.    The ACC objects to the Interrogatories to the extent they require the ACC to provide answers that are pure statements of law.

10.    The ACC objects to the Interrogatories as unduly burdensome to the extent they call for documents or information to which the Libby Claimants have access equal or superior to that of the ACC.

11.    The ACC objects to the Interrogatories to the extent they call for information more properly requested of a third party or data to which the Libby Claimants have access equal or superior to that of the ACC.

12.    The ACC objects to the Interrogatories to the extent they call for the ACC to provide information or documents that are either in the Libby Claimants' possession, custody, or control, or otherwise equally accessible to the Libby Claimants.

13.    The ACC objects to the Interrogatories to the extent that they seek information or production of documents protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interests doctrine, the offer and compromise privilege, or any other applicable privilege or doctrine.

14.    The ACC objects to the Interrogatories to the extent they call for mental impressions, conclusions, opinions, or legal theories of counsel, or trial preparation materials.

15.    The ACC objects to the Interrogatories to the extent they use the term "concerning," as such term is amorphous, vague, and overbroad.

The ACC makes its objections and answers without waiver and with express reservation with respect to: (a) all questions as to competency, relevance, materiality, privilege, and admissibility of the responses as evidence for any purpose in this proceeding (including any hearing on confirmation of the Plan) and in any other matter or action; (b) the right to object to the use of any such responses on any ground in this proceeding (including the hearings on confirmation of the Plan) and any other matter or action; (c) the right to object to a request for further responses to these Interrogatories on any ground in this proceeding (including the hearings on confirmation of the Plan) and in any other matter or action; and (d) the right to review, correct, add, supplement, or clarify any of the responses at any time.

In addition, subject to the foregoing General Objections and any specific objections stated below, the ACC states that its answer to any of these Interrogatories is not: (a) an admission or agreement that the Interrogatory is proper; (b) a waiver of an objection should discovery requests be made for further, similar information; or (c) an acknowledgement that the information sought is relevant to the subject matter involved in this proceeding or reasonably calculated to lead to the discovery of admissible evidence. Furthermore, by responding to these Interrogatories, the ACC should not be construed as accepting the definitions that the Libby Claimants have provided. In its answers below, the ACC has used what it believes are an appropriate and reasonable understanding of the words that the Interrogatories purport to define.

Finally, with respect to each and every Interrogatory herein, the ACC reserves the right to identify at a later time, and to call at the confirmation hearings, any witness not disclosed herein, for purposes of impeachment or rebuttal. The ACC further reserves the right to identify at a later time, and to introduce into evidence at the confirmation hearings, any and all documents, information, and other evidence not disclosed herein, for purposes of impeachment or rebuttal.

## SPECIFIC OBJECTIONS AND ANSWERS

The ACC's answers and specific objections to the Interrogatories are as follows:

### Interrogatory No. 1

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan violates the Bankruptcy Code's requirement of equal distribution, as set forth in In re Combustion Engineering, 391 F.3d 190, 239 (3d Cir. 2004) because the Plan and the related TDP and Asbestos PI Trust discriminate against the Libby Claimants.

Objection:  See General Objections.  Additionally, the ACC objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal.  The ACC also objects because this Interrogatory calls upon the ACC to prepare a trial brief.  Moreover, the ACC objects on the basis that the term "equal distribution" is vague and general as used in this context, and renders this Interrogatory unintelligible and not susceptible to a meaningful response.  Among other things, this Interrogatory fails to identify the specific manner in which the Plan would allegedly effectuate "unequal" distributions.  Furthermore, this Interrogatory is objectionable insofar as it calls upon the ACC to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Answer:  Subject to, and without waiver of, the foregoing objections, the ACC answers as follows:  The ACC may call Dr. Laura Welch as an expert to testify that the TDP's medical criteria are consistent with standard medical practice.

### Interrogatory No. 2

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate claims of Libby Claimants ("Libby Claims") by creating disease criteria that are not consistent with standard medical practice.

Objection:  See General Objections.  Additionally, the ACC objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal.  The ACC also objects because this Interrogatory calls upon the ACC to prepare a trial brief.  Furthermore, this Interrogatory is objectionable insofar as it calls upon the ACC to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Answer:  Subject to, and without waiver of, the foregoing objections, the ACC answers as follows:  The ACC may call Dr. Laura Welch as an expert to testify that the TDP's medical criteria are consistent with standard medical practice.

## Interrogatory No. 3

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring the blunting of the costophrenic angle as a criterion for disease level.

Objection:  See General Objections.  Additionally, the ACC objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal.  The ACC also objects because this Interrogatory calls upon the ACC to prepare a trial brief.  Furthermore, this Interrogatory is objectionable insofar as it calls upon the ACC to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Answer:  Subject to, and without waiver of, the foregoing objections, the ACC answers as follows:  The ACC may call Dr. Laura Welch as an expert to testify that the TDP's medical criteria are consistent with standard medical practice.

## Interrogatory No. 4

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring a minimum 3 mm pleural thickening as a criterion for disease level.

Objection:  See General Objections.  Additionally, the ACC objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal.   The ACC also objects because this Interrogatory calls upon the ACC to prepare a trial brief.  Furthermore, this Interrogatory is objectionable insofar as it calls upon the ACC to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Answer:  Subject to, and without waiver of, the foregoing objections, the ACC answers as follows:  The ACC may call Dr. Laura Welch as an expert to testify that the TDP's medical criteria are consistent with standard medical practice.

## Interrogatory No. 5

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring pleural thickening coverage of over 25% as a criterion for disease level.

Objection:  See General Objections.  Additionally, the ACC objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal.   The ACC also objects because this Interrogatory calls upon the ACC to prepare a trial brief.  Furthermore, this Interrogatory is objectionable insofar as it calls upon the ACC to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

<u>Answer</u>: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: The ACC may call Dr. Laura Welch as an expert to testify that the TDP's medical criteria are consistent with standard medical practice.

## Interrogatory No. 6

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by not permitting the use of DLCO to establish severity and impairment of asbestos related disease.

<u>Objection</u>: See General Objections. Additionally, the ACC objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal. The ACC also objects because this Interrogatory calls upon the ACC to prepare a trial brief. Furthermore, this Interrogatory is objectionable insofar as it calls upon the ACC to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

<u>Answer</u>: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: The ACC may call Dr. Laura Welch as an expert to testify that the TDP's medical criteria are consistent with standard medical practice.

## Interrogatory No. 7

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring an FEV1/FVC ratio over 65 as a criterion for disease level.

<u>Objection</u>: See General Objections. Additionally, the ACC objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal. The ACC also objects because this Interrogatory calls upon the ACC to prepare a trial brief. Furthermore, this Interrogatory is objectionable insofar as

it calls upon the ACC to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Answer:  Subject to, and without waiver of, the foregoing objections, the ACC answers as follows:  The ACC may call Dr. Laura Welch as an expert to testify that the TDP's medical criteria are consistent with standard medical practice.

## Interrogatory No. 8

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that because the TDP's Extraordinary Claims multiplier is subject to the discretion of the trustees and the Extraordinary Claims Panel, including in their interpretation of the eligibility requirement that a claimant have "little likelihood of a substantial recovery elsewhere," the Extraordinary Claims multiplier is illusory to the Libby Claimants.

Objection:  See General Objections.  Additionally, the ACC objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal.  Furthermore, the ACC objects to this Interrogatory because it is unintelligible as written and therefore unanswerable.  The ACC also objects insofar as it calls for a legal position on a hypothetical question.

Answer:  Subject to, and without waiver of, the foregoing objections, the ACC answers as follows:  This Interrogatory is unintelligible as written and therefore unanswerable.

**Interrogatory No. 9**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP is not permitted, let alone required, to liquidate Libby Claims for Mesothelioma, Lung Cancer, Severe Disabling Pleural Disease, Pleural Disease (Impaired), or Pleural Disease (Unimpaired) at their tort system value.

Objection: See General Objections. Additionally, the ACC objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: To the extent the ACC knows at this time, it anticipates presenting evidence from publicly available sources on historical settlements and judgments in the tort system for asbestos personal injury claims arising from Grace and non-Grace asbestos exposure, either in Libby, Montana, or elsewhere. The ACC may call Dr. Mark Peterson to testify as a witness on these and other matters. The ACC notes that the values of cases that went to judgment are publicly available, and the Libby Claimants have already been given access to Grace's historical claims database.

**Interrogatory No. 10**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP discriminates against the Libby Claimants because Libby Claims are not liquidated in accordance with their tort system value while other Asbestos PI Claims are liquidated at or above their tort system value.

Objection: See General Objections. Additionally, the ACC objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: Please see answer to Interrogatory 9 above.

## Interrogatory No. 11

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1122(a) of the Bankruptcy Code, the Plan places the Libby Claimants in a class with claims that are not substantially similar.

Objection: See General Objections. In addition, the ACC objects to this Interrogatory on the basis that it calls upon the ACC to answer a pure question of law.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: To the extent there is any factual predicate underlying this pure question of law, the ACC anticipates calling Dr. Laura Welch as an expert witness to testify that the asbestos-related diseases suffered by the Libby Claimants are exactly the same as those suffered by others who were exposed to Grace asbestos. Additionally, the ACC anticipates calling Dr. William E. Longo as an expert witness to testify that the asbestos to which the Libby Claimants were exposed was not unique.

## Interrogatory No. 12

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Libby Claimants' rights against the Debtors require them to be separately classified.

Objection: See General Objections. In addition, the ACC objects to this Interrogatory on the basis it is unintelligible and therefore unanswerable. Moreover, the ACC objects to this Interrogatory on the basis that it calls upon the ACC to answer a pure question of law.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: To the extent the ACC can understand this Interrogatory, it appears to be requesting

the same information as either Interrogatory 11 or Interrogatory 13. Accordingly, please see the answers to Interrogatories 11 and 13.

### Interrogatory No. 13

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Libby Claimants' rights against insurers require the Libby Claims to be separately classified.

Objection: See General Objections. In addition, the ACC objects to this Interrogatory on the basis that it requires the ACC to answer a pure question of law. The ACC also objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal. Furthermore, the ACC objects because it calls upon the ACC to prepare a trial brief.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: The ACC may introduce into evidence at the confirmation hearings certain of Grace's insurance policies, depending on the type of evidence the Libby Claimants seek to introduce. The ACC may also introduce evidence showing that asbestos-contaminated vermiculite from the Libby mine was shipped to Grace expansion plants around the country, where workers were exposed to tremolite/actinolite asbestos in connection with the exfoliation process. Publicly-available information generated by the Agency for Toxic Substances and Disease Registry ("ATSDR") details the extent to which individuals outside of Libby were exposed to asbestos from Libby through the exfoliation process at expansion plants. *See, e.g.,* U.S. Department of Health and Human Services Agency for Toxic Substances and Disease Registry Division of Health Assessment, Summary Report, Exposure to Asbestos-Containing Vermiculite from Libby, Montana, at 28 Processing Sites in the United States, dated October 29, 2008, at 18-22 [hereinafter "**ATSDR Report**"]. In addition to the ATSDR Report and the

sources cited therein, further information relating to the Grace exfoliation/expansion plants is provided in (1) the expert report of Dr. William E. Longo (at pages 17-19), which was served on the Libby Claimants on December 31, 2008; and (2) J.E. Lockey, *et al.*, <u>Pulmonary Changes After Exposure to Vermiculite Contaminated with Fibrous Tremolite</u>, Am. Rev. Respir. Dis., 129, at 952-58 (1984).    Thus far, the Libby Claimants have not identified any evidence supporting their assertion that they would have access to insurance coverage that is different (in type or amount) from the coverage available to pay the cost of resolving claims brought by Grace claimants residing outside Lincoln County, Montana.    The ACC has served interrogatories and document requests on the Libby Claimants asking them to identify any such evidence; depending upon the responses received, the ACC reserves the right to supplement this answer.

## Interrogatory No. 14

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different treatment of claims in the allowance/liquidation process.

<u>Objection</u>:  See General Objections.  Additionally, the ACC objects to this Interrogatory because it calls upon the ACC to prepare a trial brief.  Moreover, this Interrogatory is objectionable because it is premised on a belief that claims channeled to a 524(g) trust are "allowed" or "disallowed" under the TDP, which is not the case. The ACC further objects on the basis that this Interrogatory is so excessively general and vague that it is impossible to answer. Among other things, this Interrogatory fails to identify the specific manner in which claims are allegedly treated differently.  Finally, this Interrogatory is objectionable because it is overbroad; potentially *all* evidence presented by the Plan Proponents may "concern" the treatment of claims under the Plan.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: Please see the answer to Interrogatory 15 below.

## Interrogatory No. 15

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different payment terms for claims based on jury verdicts.

Objection: See General Objections. The ACC also objects to this Interrogatory because it calls upon the ACC to prepare a trial brief.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: To the extent that the Plan Proponents determine that evidence on this subject is required, in either their case-in-chief or rebuttal, the ACC anticipates calling Elihu Inselbuch to testify as a witness.

**[Remainder of page intentionally left blank]**

**FOR PURPOSES OF OBJECTIONS UNDER
FEDERAL RULE OF CIVIL PROCEDURE 33(b)(5):**

**CAMPBELL & LEVINE, LLC**

/s/ Mark T. Hurford
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Telefax: (302) 426-9947
mhurford@camlev.com

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Telefax: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Telefax: (202) 429-3301

*Counsel for the Official Committee
of Asbestos Personal Injury Claimants*

Dated:  February 23, 2009

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | : | |
| | : | Case No. 01-1139 (JKF) |
| Debtors-in-possession. | : | Jointly Administered |
| | : | |

## OBJECTIONS AND ANSWERS OF OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO YOKO CANNON'S AMENDED FIRST INTERROGATORIES PROPOUNDED UPON PLAN PROPONENTS

The Official Committee of Asbestos Personal Injury Claimants ("**ACC**"), by and through its undersigned counsel, hereby objects to, and answers as follows, pursuant to Fed. R. Civ. P. 33 and Fed. R. Bankr. P. 7033, certain of the "Libby Claimants' Amended First Interrogatories Propounded upon Plan Proponents" ("**Interrogatories**"), which were served by the Libby Claimants on December 23, 2008. The Libby Claimants amended these Interrogatories on January 23, 2009, so that Interrogatories Nos. 16 through 29 would be deemed to be propounded by Yoko Cannon of Libby, Montana. The objections and answers set forth herein are directed to Yoko Cannon's set of Interrogatories. The following answers to the Interrogatories are based on the best information now available to the ACC. The ACC reserves the right to amend, supplement, correct, or clarify its responses if it obtains additional information.

## GENERAL OBJECTIONS

The ACC asserts the following general objections ("**General Objections**") with respect to each of the Interrogatories:

1.    The ACC objects to the Interrogatories on grounds that they are overbroad, unduly burdensome, and duplicative.

2.      The ACC objects to the Interrogatories to the extent they are not relevant to the subject matter involved in this proceeding or not likely to lead to the discovery of admissible evidence in this proceeding, including the hearings on confirmation of the First Amended Joint Plan of Reorganization ("**Plan**").

3.      The ACC objects to the Interrogatories to the extent that they purport to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and/or the local rules and discovery guidelines of this Court.

4.      The ACC objects to the Interrogatories on grounds that the Interrogatories, including all parts and subparts, exceed the maximum number of interrogatories permitted under Fed. R. Civ. P. 33.  Yoko Cannon has propounded 14 numbered Interrogatories, each containing at least three parts, thereby bringing the total number of Interrogatories to *at least* 42 (*i.e.*, 14 multiplied by 3), which are far in excess of the maximum limit of 25 interrogatories permitted under Rule 33.

5.      The ACC objects to every Interrogatory that purports to impose burdens or obligations beyond the requirements and procedures specified in the "Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization," dated January 29, 2009 ("**CMO**").

6.      The ACC objects to the Interrogatories to the extent they call upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal – or to speculate on what its rebuttal case might consist of – in response to contentions, evidence, and witnesses that the Libby Claimants have not yet identified or disclosed in support of their confirmation objections.  It is unreasonable and improper to require the ACC to

prematurely disclose the elements of its rebuttal case, and to articulate theories not yet fully developed, in advance of discovery and a complete statement of the Libby Claimants' objections.

7.    The ACC objects to the Interrogatories to the extent they call upon the ACC to prepare a trial brief in response to the Libby Claimants' objections, in advance of discovery and a complete statement of their objections.  By asking the ACC, in effect, to furnish a trial brief, such Interrogatories violate the CMO, which has fixed August 7, 2009, as the deadline for the Plan Proponents' responses to confirmation objections, because such Interrogatories essentially seek to accelerate that deadline.

8.    The ACC objects to the Interrogatories to the extent they require the ACC to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

9.    The ACC objects to the Interrogatories to the extent they require the ACC to provide answers that are pure statements of law.

10.    The ACC objects to the Interrogatories as unduly burdensome to the extent they call for documents or information to which the Libby Claimants have access equal or superior to that of the ACC.

11.    The ACC objects to the Interrogatories to the extent they call for information more properly requested of a third party or data to which the Libby Claimants have access equal or superior to that of the ACC.

12.    The ACC objects to the Interrogatories to the extent they call for the ACC to provide information or documents that are either in the Libby Claimants' possession, custody, or control, or otherwise equally accessible to the Libby Claimants.

13.    The ACC objects to the Interrogatories to the extent that they seek information or production of documents protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interests doctrine, the offer and compromise privilege, or any other applicable privilege or doctrine.

14.    The ACC objects to the Interrogatories to the extent they call for mental impressions, conclusions, opinions, or legal theories of counsel, or trial preparation materials.

15.    The ACC objects to the Interrogatories to the extent they use the term "concerning," as such term is amorphous, vague, and overbroad.

The ACC makes its objections and answers without waiver and with express reservation with respect to: (a) all questions as to competency, relevance, materiality, privilege, and admissibility of the responses as evidence for any purpose in this proceeding (including any hearing on confirmation of the Plan) and in any other matter or action; (b) the right to object to the use of any such responses on any ground in this proceeding (including the hearings on confirmation of the Plan) and any other matter or action; (c) the right to object to a request for further responses to these Interrogatories on any ground in this proceeding (including the hearings on confirmation of the Plan) and in any other matter or action; and (d) the right to review, correct, add, supplement, or clarify any of the responses at any time.

In addition, subject to the foregoing General Objections and any specific objections stated below, the ACC states that its answer to any of these Interrogatories is not:  (a) an admission or agreement that the Interrogatory is proper; (b) a waiver of an objection should discovery requests be made for further, similar information; or (c) an acknowledgement that the information sought is relevant to the subject matter involved in this proceeding or reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, by responding to these Interrogatories, the

ACC should not be construed as accepting the definitions that the Libby Claimants have provided. In its answers below, the ACC has used what it believes are an appropriate and reasonable understanding of the words that the Interrogatories purport to define.

Finally, with respect to each and every Interrogatory herein, the ACC reserves the right to identify at a later time, and to call at the confirmation hearings, any witness not disclosed herein, for purposes of impeachment or rebuttal. The ACC further reserves the right to identify at a later time, and to introduce into evidence at the confirmation hearings, any and all documents, information, and other evidence not disclosed herein, for purposes of impeachment or rebuttal.

## SPECIFIC OBJECTIONS AND ANSWERS

### Interrogatory No. 16

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different payment terms to later-allowed claims.

Objection: See General Objections. The ACC also objects to this Interrogatory because it calls upon the ACC to prepare a trial brief. Moreover, the term "later-allowed" claims is meaningless, since claims channeled to a 524(g) trust are neither "allowed" nor "disallowed" under a TDP. Assuming *arguendo*, without conceding, that the terms "allowed" and "disallowed" do apply to the trust's liquidation and resolution of claims, the term is still meaningless since this Interrogatory fails to make clear at what point a claim becomes a "later-allowed" claim, as opposed to a mere "allowed claim." This Interrogatory also fails to specify which "different payment terms," if any, supposedly apply to these nebulous "later-allowed claims." As a result, this Interrogatory is unanswerable.

Answer:  Subject to, and without waiver of, the foregoing objections, the ACC answers as follows:  This Interrogatory is unanswerable for the reasons stated in the foregoing objections.

**Interrogatory No. 17**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different treatment of punitive damages claims.

Objection:  See General Objections.  Additionally, the ACC objects to this Interrogatory because it calls upon the ACC to prepare a trial brief.

Answer:  Subject to, and without waiver of, the foregoing objections, the ACC answers as follows:  To the extent that the Plan Proponents determine that evidence on this subject is required, in either their case-in-chief or rebuttal, the ACC anticipates calling Elihu Inselbuch to testify as a witness.

**Interrogatory No. 18**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different treatment of wrongful death claims.

Objection:  See General Objections.  Additionally, the ACC objects to this Interrogatory because it calls upon the ACC to prepare a trial brief.

Answer:  Subject to, and without waiver of, the foregoing objections, the ACC answers as follows:  To the extent that the Plan Proponents determine that evidence on this subject is required, in either their case-in-chief or rebuttal, the ACC anticipates calling Elihu Inselbuch to testify as a witness.

**Interrogatory No. 19**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby

Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan takes away the insurance rights of the Libby Claimants for premises coverage (i.e. liability coverage other than products/completed operations coverage), which are different and more valuable than the insurance rights of other Asbestos PI Claimants based on products coverage.

Objection: See General Objections. In addition, the ACC objects to this Interrogatory because it calls upon the ACC to prepare a trial brief.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: The ACC may introduce into evidence at the confirmation hearings certain of Grace's insurance policies, depending on the type of evidence the Libby Claimants seek to introduce. The ACC may also introduce evidence showing that asbestos-contaminated vermiculite from the Libby mine was shipped to Grace expansion plants around the country, where workers were exposed to tremolite/actinolite asbestos in connection with the exfoliation process. Publicly-available information generated by the Agency for Toxic Substances and Disease Registry ("ATSDR") details the extent to which individuals outside of Libby were exposed to asbestos from Libby through the exfoliation process at expansion plants. See, e.g., U.S. Department of Health and Human Services Agency for Toxic Substances and Disease Registry Division of Health Assessment, Summary Report, Exposure to Asbestos-Containing Vermiculite from Libby, Montana, at 28 Processing Sites in the United States, dated October 29, 2008, at 18-22 [hereinafter "**ATSDR Report**"]. In addition to the ATSDR Report and the sources cited therein, further information relating to the Grace exfoliation/expansion plants is provided in (1) the expert report of Dr. William E. Longo (at pages 17-19), which was served on the Libby Claimants on December 31, 2008; and (2) J.E. Lockey, et al., Pulmonary Changes After Exposure to Vermiculite Contaminated with Fibrous Tremolite, Am. Rev. Respir. Dis., 129, at 952-58 (1984). Thus far, the Libby Claimants have not identified any evidence supporting their assertion that they would have access to insurance coverage that is different (in

type or amount) from the coverage available to pay the cost of resolving claims brought by Grace claimants residing outside Lincoln County, Montana. The ACC has served interrogatories and document requests on the Libby Claimants asking them to identify any such evidence; depending upon the responses received, the ACC reserves the right to supplement this answer.

## Interrogatory No. 20

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of the U.S. Constitution, the Montana Constitution, and 28 U.S.C. § 1411(a), the Plan denies the Libby Claimants their right to trial by jury by (a) capping the liquidated amount of Asbestos PI Claims at the Maximum Value of the particular claim even if the claimant obtains a jury verdict in a greater amount, and (b) providing delayed and riskier payment terms for claims based on jury verdicts.

Objection: See General Objections. Additionally, the ACC objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal. The ACC also objects because it calls upon the ACC to prepare a trial brief. Furthermore, this Interrogatory is objectionable because it calls upon the ACC to answer issues of law. Moreover, this Interrogatory as framed, particularly with respect to clause (b) above, is so vague and general that it is impossible to answer.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: Please see answers to Interrogatories 17 and 18 above.

## Interrogatory No. 21

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of the Bankruptcy Code and Supreme Court caselaw, the Plan violates the Libby Claimants' right to have their claims allowed in accordance with applicable nonbankruptcy law.

Objection: See General Objections. Additionally, the ACC objects to this Interrogatory insofar as it calls upon the ACC to answer pure questions of law. The ACC also objects because it calls upon the ACC to prepare a trial brief.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: This Interrogatory calls for nothing but a legal conclusion as to which the ACC does not anticipate putting on evidence.

**Interrogatory No. 22**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan fails to allow Libby Claims at the same value as would be provided by the tort system under nonbankruptcy law.

Objection: See General Objections. Additionally, the ACC objects to this Interrogatory because it calls upon the ACC to prepare a trial brief.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: To the extent the ACC knows at this time, it anticipates presenting evidence from publicly available sources on historical settlements and judgments in the tort system for asbestos personal injury claims arising from Grace and non-Grace asbestos exposure, either in Libby, Montana, or elsewhere. The ACC may call Dr. Mark Peterson to testify as a witness on these and other matters. The ACC notes that the values of cases that went to judgment are publicly available, and the Libby Claimants have already been given access to Grace's historical claims database.

**Interrogatory No. 23**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan categorically disallows wrongful death claims.

**Objection**: See General Objections.  Additionally, the ACC objects to this Interrogatory because it calls upon the ACC to prepare a trial brief.

**Answer**:  Subject to, and without waiver of, the foregoing objections, the ACC answers as follows:  Please see answer to Interrogatory 18 above.

## Interrogatory No. 24

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan categorically disallows punitive damages claims.

**Objection**: See General Objections.  Additionally, the ACC objects to this Interrogatory because it calls upon the ACC to prepare a trial brief.

**Answer**:  Subject to, and without waiver of, the foregoing objections, the ACC answers as follows:  Please see answer to Interrogatory 17 above.

## Interrogatory No. 25

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 524(g) of the Bankruptcy Code, the Plan provides for injunctions that protect the Settled Asbestos Insurance Companies even though they are making no financial contribution to the Asbestos PI Trust, let alone the substantial financial contribution required by law.

**Objection**: See General Objections.  Additionally, the ACC objects to this Interrogatory as written, because it calls for a purely legal conclusion.  This Interrogatory is also objectionable because it calls upon the ACC to prepare a trial brief.

**Answer**:  Subject to, and without waiver of, the foregoing objections, the ACC answers as follows:  Under the Plan, Grace is making substantial contributions "on behalf of" all Asbestos Protected Parties as required by Bankruptcy Code § 524(g)(4)(B)(ii).

## Interrogatory No. 26

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 524(g) of the Bankruptcy Code, the Plan provides for injunctions that bar the Libby Claimants' pursuit of insurance coverage as to which they do not compete with each other or any other claimant.

Objection:  See General Objections.  Additionally, the ACC objects to this Interrogatory insofar as it relies on a false premise, as there are no such injunctions.

Answer:  Subject to, and without waiver of, the foregoing objections, the ACC answers as follows:  Please see answer to Interrogatory 19 above.

## Interrogatory No. 27

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 524(g) of the Bankruptcy Code, the Plan provides for injunctions that enjoin the Libby Claimants even though the Plan is not fair and equitable to the Libby Claimants.

Objection:  See General Objections.  Additionally, this Interrogatory is unintelligible:  As used in this Interrogatory, the term "fair and equitable" is vague and overbroad, and its meaning is apparently unrelated to any statutory confirmation requirement.

Answer:  Subject to, and without waiver of, the foregoing objections, the ACC answers as follows:  Based on the objection above, the ACC believes this Interrogatory is unanswerable.

## Interrogatory No. 28

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan improperly usurps the Court's function to modify or dissolve preliminary injunctions.

Objection:  See General Objections.  Additionally, the ACC objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal.  The ACC also objects because it calls upon the ACC to prepare a trial brief.  Moreover, this Interrogatory is objectionable because it calls upon the

ACC to answer issues of law. Furthermore, this Interrogatory, as framed, is vague and general because it fails to specify which "preliminary injunctions" and which allegedly objectionable Plan provisions it is referring to.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: Based on the objections above, the ACC believes this Interrogatory is unanswerable.

## Interrogatory No. 29

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1127(a)(7) [sic] of the Bankruptcy Code, the Plan provides less to some or all of the Libby Claimants than they would receive if the Debtors were liquidated under Chapter 7.

Objection: See General Objections. Additionally, the ACC objects to this Interrogatory on the basis that it calls for a purely legal conclusion.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: This Interrogatory is objectionable insofar as it calls for a purely legal conclusion about the "best interests of creditors" test. To the extent the Interrogatory seeks factual predicates underlying that conclusion, see the revised Best Interest Analysis (Exhibit 8) and the revised Financial Information (Exhibit 12) to be attached to the final Plan due to be filed on February 27, 2009. The ACC understands that the Debtors currently anticipate calling, potentially among others, their financial consultant, Pamela Zilly of The Blackstone Group, to testify on these issues.

**FOR PURPOSES OF OBJECTIONS UNDER
FEDERAL RULE OF CIVIL PROCEDURE 33(b)(5):**

**CAMPBELL & LEVINE, LLC**

/s/ Mark T. Hurford
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Telefax: (302) 426-9947
mhurford@camlev.com

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY  10152-3500
Telephone: (212) 319-7125
Telefax: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Telefax: (202) 429-3301

*Counsel for the Official Committee
of Asbestos Personal Injury Claimants*

Dated:  February 23, 2009