# Exhibit D

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-1139 (JKF) |
| Debtors. | (Jointly Administered) |

## THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS' RESPONSES AND OBJECTIONS TO LIBBY CLAIMANT GAYLA BENEFIELD'S AMENDED FIRST INTERROGATORIES PROPOUNDED UPON PLAN PROPONENTS

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure and Rules 26 and 33 of the Federal Rules of Civil Procedure, the Official Committee of Equity Security Holders (the "Equity Committee") hereby responds to the Amended First Interrogatories (the "Interrogatories") propounded by Libby Claimant Gayla Benefield.

### GENERAL OBJECTIONS

The Equity Committee asserts the following general objections ("General Objections") with respect to each of the Interrogatories:

1.     The Equity Committee objects to the Interrogatories on the grounds that they are overbroad, unduly burdensome, and duplicative.

2.     The Equity Committee objects to the Interrogatories to the extent they are not relevant to the subject matter involved in this proceeding or not likely to lead to the discovery of admissible evidence in this proceeding, including the hearings on confirmation of the First Amended Joint Plan of Reorganization (the "Plan").

3.     The Equity Committee objects to the Interrogatories to the extent that they purport to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and/or the local rules and discovery guidelines of this Court.

4.     The Equity Committee objects to the Interrogatories on the grounds that the Interrogatories, including all parts and subparts, exceed the maximum number of interrogatories permitted under Fed. R. Civ. P. 33.    Gayla Benefield has propounded 15 numbered Interrogatories, each containing at least three parts, thereby bringing the total number of Interrogatories to at least 45 (i.e., 15 multiplied by 3), which are almost twice the maximum limit of 25 interrogatories permitted under Rule 33.

5.     The Equity Committee objects to every Interrogatory that purports to impose burdens or obligations beyond the requirements and procedures specified in the "Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization" dated January 29, 2009 (the "CMO").

6.     The Equity Committee objects to the Interrogatories to the extent they call upon the Equity Committee to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal – or to speculate on what its rebuttal case might consist of – in response to contentions, evidence, and witnesses that the Libby Claimants have not yet identified or disclosed in support of their confirmation objections.    It is unreasonable and improper to require the Equity Committee to prematurely disclose the elements of its rebuttal case, and to articulate theories not yet fully developed, in advance of discovery and a complete statement of the Libby Claimants' objections.

7.     The Equity Committee objects to the Interrogatories to the extent they call upon the Equity Committee to prepare a trial brief in response to the Libby Claimants' objections, in advance of discovery and a complete statement of their objections.   By asking the Equity Committee, in effect, to furnish a trial brief, such Interrogatories violate the CMO, which has fixed August 7, 2009 as the deadline for the Plan Proponents to file trial briefs, because such Interrogatories essentially seek to accelerate that deadline.

8.     The Equity Committee objects to the Interrogatories to the extent they require the Equity Committee to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

9.     The Equity Committee objects to the Interrogatories to the extent they require the Equity Committee to provide answers that are pure statements of law.

10.     The Equity Committee objects to the Interrogatories as unduly burdensome to the extent they call for documents or information to which the Libby Claimants have access equal or superior to that of the Equity Committee.

11.     The Equity Committee objects to the Interrogatories to the extent they call for information more properly requested of a third party or data to which the Libby Claimants have access equal or superior to that of the Equity Committee.

12.     The Equity Committee objects to the Interrogatories to the extent they call for the Equity Committee to provide information or documents that are either in the Libby Claimants' possession, custody, or control, or otherwise equally accessible to the Libby Claimants.

13.     The Equity Committee objects to the Interrogatories to the extent that they seek information or production of documents protected by the attorney-client privilege, the work

product doctrine, the joint defense privilege, the common interests doctrine, the offer and compromise privilege, or any other applicable privilege or immunity.

14.    The Equity Committee objects to the Interrogatories to the extent they call for mental impressions, conclusions, opinions, or legal theories of counsel, or trial preparation materials.

15.    The Equity Committee objects to the Interrogatories to the extent they use the term "concerning," as such term is amorphous, vague, and overbroad.

The Equity Committee makes its objections and responses without waiver of and with express reservation with respect to: (a) all questions as to competency, relevance, materiality, privilege, and admissibility of the responses as evidence for any purpose in this proceeding (including any hearing on confirmation of the Plan) and in any other matter or action; (b) the right to object to the use of any such responses on any ground in this proceeding (including the hearings on confirmation of the Plan) and any other matter or action; (c) the right to object to a request for further responses to these Interrogatories on any ground in this proceeding (including the hearings on confirmation of the Plan) and in any other matter or action; and (d) the right to review, correct, add, supplement, or clarify any of the responses at any time.

In addition, subject to the foregoing General Objections and any further, specific objections stated below, the Equity Committee states that its response to any of these Interrogatories is not:  (a) an admission or agreement that the Interrogatory is proper; (b) a waiver of an objection should discovery requests be made for further, similar information; or (c) an acknowledgement that the information sought is relevant to the subject matter involved in this proceeding or reasonably calculated to lead to the discovery of admissible evidence. Furthermore, by responding to these Interrogatories, the Equity Committee should not be

construed as accepting the definitions that the Libby Claimants have provided. In its responses below, the Equity Committee has used what it believes are an appropriate and reasonable understanding of the words that the Interrogatories purport to define.

Finally, with respect to each and every Interrogatory herein, the Equity Committee reserves the right to identify at a later time, and to call at the confirmation hearings, any witness not disclosed herein, for purposes of impeachment or rebuttal. The Equity Committee further reserves the right to identify at a later time, and to introduce into evidence at the confirmation hearings, any and all documents, information, and other evidence not disclosed herein, for purposes of impeachment or rebuttal.

## SPECIFIC OBJECTIONS AND RESPONSES

The Equity Committee's specific objections and responses to the Interrogatories are as follows:

### Interrogatory No. 1

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan violates the Bankruptcy Code's requirement of equal distribution, as set forth in In re Combustion Engineering, 391 F.3d 190, 239 (3d Cir. 2004) because the Plan and the related TDP and Asbestos PI Trust discriminate against the Libby Claimants.

### *Response to Interrogatory No. 1*

In addition to the General Objections, the Equity Committee objects to this Interrogatory insofar as it calls upon the Equity Committee to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal. The Equity Committee also objects because this Interrogatory calls upon the Equity Committee to prepare a trial brief. Moreover, the Equity Committee objects on the basis that the term "equal distribution" is vague and general as used in this context, and renders this Interrogatory unintelligible and not susceptible to a

meaningful response. Among other things, this Interrogatory fails to identify the specific manner in which the Plan would allegedly effectuate "unequal" distributions. Furthermore, this Interrogatory is objectionable insofar as it calls upon the Equity Committee to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Subject to and without waiver of the foregoing objections and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

## Interrogatory No. 2

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate claims of Libby Claimants ("Libby Claims") by creating disease criteria that are not consistent with standard medical practice.

### Response to Interrogatory No. 2

In addition to the General Objections, the Equity Committee objects to this Interrogatory insofar as it calls upon the Equity Committee to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal. The Equity Committee also objects because this Interrogatory calls upon the Equity Committee to prepare a trial brief. Furthermore, this Interrogatory is objectionable insofar as it calls upon the Equity Committee to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Subject to and without waiver of the foregoing objections and the General Objections, the Equity Committee responds that it possesses no knowledge or information concerning "standard medical practice" other than documents that have been produced by other parties in discovery, exhibits presented by other parties at depositions and at the estimation proceedings, and testimony from witnesses at depositions and during the estimation proceedings. The Equity

Committee further responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

## Interrogatory No. 3

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring the blunting of the costophrenic angle as a criterion for disease level.

### Response to Interrogatory No. 3

In addition to the General Objections, the Equity Committee objects to this Interrogatory insofar as it calls upon the Equity Committee to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal. The Equity Committee also objects because this Interrogatory calls upon the Equity Committee to prepare a trial brief. Furthermore, this Interrogatory is objectionable insofar as it calls upon the Equity Committee to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Subject to and without waiver of the foregoing objections and the General Objections, the Equity Committee responds that it possesses no knowledge or information concerning "blunting of the costophrenic angle" other than documents that have been produced by other parties in discovery, exhibits presented by other parties at depositions and at the estimation proceedings, and testimony from witnesses at depositions and during the estimation proceedings. The Equity Committee further responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

## Interrogatory No. 4

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring a minimum 3 mm pleural thickening as a criterion for disease level.

*Response to Interrogatory No. 4*

In addition to the General Objections, the Equity Committee objects to this Interrogatory insofar as it calls upon the Equity Committee to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal.    The Equity Committee also objects because this Interrogatory calls upon the Equity Committee to prepare a trial brief.  Furthermore, this Interrogatory is objectionable insofar as it calls upon the Equity Committee to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Subject to and without waiver of the foregoing objections and the General Objections, the Equity Committee responds that it possesses no knowledge or information concerning "pleural thickening" other than documents that have been produced by other parties in discovery, exhibits presented by other parties at depositions and at the estimation proceedings, and testimony from witnesses at depositions and during the estimation proceedings.  The Equity Committee further responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

## Interrogatory No. 5

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring pleural thickening coverage of over 25% as a criterion for disease level.

*Response to Interrogatory No. 5*

In addition to the General Objections, the Equity Committee objects to this Interrogatory insofar as it calls upon the Equity Committee to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal.  The Equity Committee also objects because this Interrogatory calls upon the Equity Committee to prepare a trial brief.  Furthermore,

- 8 -

this Interrogatory is objectionable insofar as it calls upon the Equity Committee to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Subject to and without waiver of the foregoing objections and the General Objections, the Equity Committee responds that it possesses no knowledge or information concerning "pleural thickening" other than documents that have been produced by other parties in discovery, exhibits presented by other parties at depositions and at the estimation proceedings, and testimony from witnesses at depositions and during the estimation proceedings. The Equity Committee further responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

## Interrogatory No. 6

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by not permitting the use of DLCO to establish severity and impairment of asbestos related disease.

### *Response to Interrogatory No. 6*

In addition to the General Objections, the Equity Committee objects to this Interrogatory insofar as it calls upon the Equity Committee to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal. The Equity Committee also objects because this Interrogatory calls upon the Equity Committee to prepare a trial brief. Furthermore, this Interrogatory is objectionable insofar as it calls upon the Equity Committee to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Subject to and without waiver of the foregoing objections and the General Objections, the Equity Committee responds that it possesses no knowledge or information concerning "DLCO" other than documents that have been produced by other parties in discovery, exhibits presented by other parties at depositions and at the estimation proceedings, and testimony from

witnesses at depositions and during the estimation proceedings. The Equity Committee further responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

## Interrogatory No. 7

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate Libby Claims by requiring an FEV1/FVC ratio over 65 as a criterion for disease level.

### Response to Interrogatory No. 7

In addition to the General Objections, the Equity Committee objects to this Interrogatory insofar as it calls upon the Equity Committee to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal. The Equity Committee also objects because this Interrogatory calls upon the Equity Committee to prepare a trial brief. Furthermore, this Interrogatory is objectionable insofar as it calls upon the Equity Committee to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Subject to and without waiver of the foregoing objections and the General Objections, the Equity Committee responds that it possesses no knowledge or information concerning "FEV1/FVC ratio" other than documents that have been produced by other parties in discovery, exhibits presented by other parties at depositions and at the estimation proceedings, and testimony from witnesses at depositions and during the estimation proceedings. The Equity Committee further responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

## Interrogatory No. 8

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that because the TDP's Extraordinary Claims multiplier is subject to the discretion of the trustees and the Extraordinary Claims Panel, including in their interpretation of

the eligibility requirement that a claimant have "little likelihood of a substantial recovery elsewhere," the Extraordinary Claims multiplier is illusory to the Libby Claimants.

### *Response to Interrogatory No. 8*

In addition to the General Objections, the Equity Committee objects to this Interrogatory insofar as it calls upon the Equity Committee to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal.  Furthermore, the Equity Committee objects to this Interrogatory because it is unintelligible as written and therefore unanswerable. The Equity Committee also objects insofar as the Interrogatory calls for a legal position on a hypothetical question.

### Interrogatory No. 9

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP is not permitted, let alone required, to liquidate Libby Claims for Mesothelioma, Lung Cancer, Severe Disabling Pleural Disease, Pleural Disease (Impaired), or Pleural Disease (Unimpaired) at their tort system value.

### *Response to Interrogatory No. 9*

In addition to the General Objections, the Equity Committee objects to this Interrogatory insofar as it calls upon the Equity Committee to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal.  Furthermore, the Equity Committee objects to this Interrogatory on the grounds that it is vague and ambiguous and the Equity Committee is unable to ascertain the nature of the Libby Claimants' objection.

Subject to and without waiver of the foregoing objections and the General Objections, the Equity Committee responds that it possesses no knowledge or information concerning "tort system values" other than documents that have been produced by other parties in discovery, exhibits presented by other parties at depositions and at the estimation proceedings, and testimony from witnesses at depositions and during the estimation proceedings.  The Equity

Committee further responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

### Interrogatory No. 10

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP discriminates against the Libby Claimants because Libby Claims are not liquidated in accordance with their tort system value while other Asbestos PI Claims are liquidated at or above their tort system value.

*Response to Interrogatory No. 10*

In addition to the General Objections, the Equity Committee objects to this Interrogatory insofar as it calls upon the Equity Committee to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal.

Subject to and without waiver of the foregoing objection and the General Objections, the Equity Committee responds that it possesses no knowledge or information concerning "tort system values" other than documents that have been produced by other parties in discovery, exhibits presented by other parties at depositions and at the estimation proceedings, and testimony from witnesses at depositions and during the estimation proceedings. The Equity Committee further responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

### Interrogatory No. 11

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1122(a) of the Bankruptcy Code, the Plan places the Libby Claimants in a class with claims that are not substantially similar.

*Response to Interrogatory No. 11*

In addition to the General Objections, the Equity Committee objects to this Interrogatory on the basis that it calls upon the Equity Committee to answer a pure question of law.

Subject to and without waiver of the foregoing objection and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

## Interrogatory No. 12

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Libby Claimants' rights against the Debtors require them to be separately classified.

### *Response to Interrogatory No. 12*

In addition to the General Objections, the Equity Committee objects to this Interrogatory on the basis it is unintelligible and therefore unanswerable. Moreover, the Equity Committee objects to this Interrogatory on the basis that it calls upon the Equity Committee to answer a pure question of law.

Subject to, and without waiver of, the foregoing objections and the General Objections, the Equity Committee responds that to the extent the Equity Committee can understand this Interrogatory, it appears to be requesting the same information as either Interrogatory No. 11 or Interrogatory No. 13. Accordingly, please see the responses to Interrogatories 11 and 13.

## Interrogatory No. 13

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Libby Claimants' rights against insurers require the Libby Claims to be separately classified.

### *Response to Interrogatory No. 13*

In addition to the General Objections, the Equity Committee objects to this Interrogatory on the basis that it requires the Equity Committee to answer a pure question of law. The Equity Committee also objects to this Interrogatory insofar as it calls upon the Equity Committee to

- 13 -

disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal. Furthermore, the Equity Committee objects because it calls upon the Equity Committee to prepare a trial brief.

Subject to and without waiver of the foregoing objections and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

## Interrogatory No. 14

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different treatment of claims in the allowance/liquidation process.

### *Response to Interrogatory No. 14*

In addition to the General Objections, the Equity Committee objects to this Interrogatory because it calls upon the Equity Committee to prepare a trial brief. Moreover, this Interrogatory is objectionable because it is premised on a belief that claims channeled to a 524(g) trust are "allowed" or "disallowed" under the TDP, which is not the case. The Equity Committee further objects on the basis that this Interrogatory is so excessively general and vague that it is impossible to answer. Among other things, this Interrogatory fails to identify the specific manner in which claims are allegedly treated differently. Finally, this Interrogatory is objectionable because it is overbroad; potentially *all* evidence presented by the Plan Proponents may "concern" the treatment of claims under the Plan.

Subject to, and without waiver of, the foregoing objections and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

**Interrogatory No. 15**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different payment terms for claims based on jury verdicts.

*Response to Interrogatory No. 15*

In addition to the General Objections, the Equity Committee also objects to this Interrogatory because it calls upon the Equity Committee to prepare a trial brief.

Subject to, and without waiver of, the foregoing objections and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

**FOR PURPOSES OF OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 33(b)(5):**

**BUCHANAN INGERSOLL & ROONEY PC**

By: _____
Teresa K.D. Currier (No. 3080)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801

-and-

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

Philip Bentley
Douglas H. Mannal
David E. Blabey, Jr.
1177 Avenue of the Americas
New York, New York 10036

Dated: February 23, 2009

*Counsel to the Official Committee of Equity Security Holders*

- 15 -

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I, R. Ted Weschler, am authorized and entitled to make this declaration on behalf of the Official Committee of Equity Security Holders, that I have read the above and foregoing Responses and Objections to Libby Claimant Gayla Benefield's Amended First Interrogatories Propounded Upon Plan Proponents, that the facts and statements contained therein are either within my personal knowledge and are true and correct, or are based upon information supplied to me by others including counsel and as such are true and correct to the best of my knowledge, information and belief. In verifying the foregoing Responses and Objections to Libby Claimant Gayla Benefield's Amended First Interrogatories Propounded Upon Plan Proponents, I have relied upon the assistance of counsel and the investigation they have undertaken to compile the information upon which these Responses are based and the statements contained therein. I, and the Equity Committee, hereby reserve the right to modify, clarify or supplement these discovery responses should new information warrant such modification, clarification, or supplementation.

R. Ted Weschler
Chairman of the Equity Committee

Dated: February 23, 2009

16

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:

W.R. GRACE & CO., *et al.*,

                Debtors.

Chapter 11

Case No. 01-1139 (JKF)

(Jointly Administered)

## THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS' RESPONSES AND OBJECTIONS TO LIBBY CLAIMANT YOKO CANNON'S AMENDED FIRST INTERROGATORIES PROPOUNDED UPON PLAN PROPONENTS

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure and Rules 26 and 33 of the Federal Rules of Civil Procedure, the Official Committee of Equity Security Holders (the "Equity Committee") hereby responds to the Amended First Interrogatories (the "Interrogatories") propounded by Libby Claimant Yoko Cannon.

## GENERAL OBJECTIONS

The Equity Committee asserts the following general objections ("General Objections") with respect to each of the Interrogatories:

1.      The Equity Committee objects to the Interrogatories on the grounds that they are overbroad, unduly burdensome, and duplicative.

2.      The Equity Committee objects to the Interrogatories to the extent they are not relevant to the subject matter involved in this proceeding or not likely to lead to the discovery of admissible evidence in this proceeding, including the hearings on confirmation of the First Amended Joint Plan of Reorganization (the "Plan").

3.    The Equity Committee objects to the Interrogatories to the extent that they purport to impose burdens or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and/or the local rules and discovery guidelines of this Court.

4.    The Equity Committee objects to the Interrogatories on the grounds that the Interrogatories, including all parts and subparts, exceed the maximum number of interrogatories permitted under Fed. R. Civ. P. 33. Yoko Cannon has propounded 14 numbered Interrogatories, each containing at least three parts, thereby bringing the total number of Interrogatories to at least 42 (i.e., 14 multiplied by 3), which are far in excess of the maximum limit of 25 interrogatories permitted under Rule 33.

5.    The Equity Committee objects to every Interrogatory that purports to impose burdens or obligations beyond the requirements and procedures specified in the "Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization" dated January 29, 2009 (the "CMO").

6.    The Equity Committee objects to the Interrogatories to the extent they call upon the Equity Committee to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal – or to speculate on what its rebuttal case might consist of – in response to contentions, evidence, and witnesses that the Libby Claimants have not yet identified or disclosed in support of their confirmation objections.  It is unreasonable and improper to require the Equity Committee to prematurely disclose the elements of its rebuttal case, and to articulate theories not yet fully developed, in advance of discovery and a complete statement of the Libby Claimants' objections.

7.    The Equity Committee objects to the Interrogatories to the extent they call upon the Equity Committee to prepare a trial brief in response to the Libby Claimants' objections, in advance of discovery and a complete statement of their objections.    By asking the Equity Committee, in effect, to furnish a trial brief, such Interrogatories violate the CMO, which has fixed August 7, 2009 as the deadline for the Plan Proponents to file trial briefs, because such Interrogatories essentially seek to accelerate that deadline.

8.    The Equity Committee objects to the Interrogatories to the extent they require the Equity Committee to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

9.    The Equity Committee objects to the Interrogatories to the extent they require the Equity Committee to provide answers that are pure statements of law.

10.    The Equity Committee objects to the Interrogatories as unduly burdensome to the extent they call for documents or information to which the Libby Claimants have access equal or superior to that of the Equity Committee.

11.    The Equity Committee objects to the Interrogatories to the extent they call for information more properly requested of a third party or data to which the Libby Claimants have access equal or superior to that of the Equity Committee.

12.    The Equity Committee objects to the Interrogatories to the extent they call for the Equity Committee to provide information or documents that are either in the Libby Claimants' possession, custody, or control, or otherwise equally accessible to the Libby Claimants.

13.    The Equity Committee objects to the Interrogatories to the extent that they seek information or production of documents protected by the attorney-client privilege, the work

product doctrine, the joint defense privilege, the common interests doctrine, the offer and compromise privilege, or any other applicable privilege or immunity.

14.    The Equity Committee objects to the Interrogatories to the extent they call for mental impressions, conclusions, opinions, or legal theories of counsel, or trial preparation materials.

15.    The Equity Committee objects to the Interrogatories to the extent they use the term "concerning," as such term is amorphous, vague, and overbroad.

The Equity Committee makes its objections and responses without waiver of and with express reservation with respect to: (a) all questions as to competency, relevance, materiality, privilege, and admissibility of the responses as evidence for any purpose in this proceeding (including any hearing on confirmation of the Plan) and in any other matter or action; (b) the right to object to the use of any such responses on any ground in this proceeding (including the hearings on confirmation of the Plan) and any other matter or action; (c) the right to object to a request for further responses to these Interrogatories on any ground in this proceeding (including the hearings on confirmation of the Plan) and in any other matter or action; and (d) the right to review, correct, add, supplement, or clarify any of the responses at any time.

In addition, subject to the foregoing General Objections and any further, specific objections stated below, the Equity Committee states that its response to any of these Interrogatories is not:  (a) an admission or agreement that the Interrogatory is proper; (b) a waiver of an objection should discovery requests be made for further, similar information; or (c) an acknowledgement that the information sought is relevant to the subject matter involved in this proceeding or reasonably calculated to lead to the discovery of admissible evidence. Furthermore, by responding to these Interrogatories, the Equity Committee should not be

construed as accepting the definitions that the Libby Claimants have provided. In its responses below, the Equity Committee has used what it believes are an appropriate and reasonable understanding of the words that the Interrogatories purport to define.

Finally, with respect to each and every Interrogatory herein, the Equity Committee reserves the right to identify at a later time, and to call at the confirmation hearings, any witness not disclosed herein, for purposes of impeachment or rebuttal. The Equity Committee further reserves the right to identify at a later time, and to introduce into evidence at the confirmation hearings, any and all documents, information, and other evidence not disclosed herein, for purposes of impeachment or rebuttal.

## SPECIFIC OBJECTIONS AND RESPONSES

The Equity Committee's specific objections and responses to the Interrogatories are as follows:

### Interrogatory No. 16

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different payment terms to later-allowed claims.

### *Response to Interrogatory No. 16*

In addition to the General Objections, the Equity Committee also objects to this Interrogatory because it calls upon the Equity Committee to prepare a trial brief. Moreover, the term "later-allowed" claims is meaningless, since claims channeled to a 524(g) trust are neither "allowed" nor "disallowed" under a TDP. Assuming *arguendo*, without conceding, that the terms "allowed" and "disallowed" do apply to the trust's liquidation and resolution of claims, the term is still meaningless since this Interrogatory fails to make clear at what point a claim becomes a "later-allowed" claim, as opposed to a mere "allowed claim." This Interrogatory also

fails to specify which "different payment terms," if any, supposedly apply to these nebulous "later-allowed claims." As a result, this Interrogatory is unanswerable.

## Interrogatory No. 17

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different treatment of punitive damages claims.

### *Response to Interrogatory No. 17*

In addition to the General Objections, the Equity Committee objects to this Interrogatory because it calls upon the Equity Committee to prepare a trial brief.

Subject to, and without waiver of, the foregoing objection and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

## Interrogatory No. 18

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan provides different treatment of wrongful death claims.

### *Response to Interrogatory No. 18*

In addition to the General Objections, the Equity Committee objects to this Interrogatory because it calls upon the Equity Committee to prepare a trial brief.

Subject to, and without waiver of, the foregoing objection and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

## Interrogatory No. 19

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby

Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan takes away the insurance rights of the Libby Claimants for premises coverage (i.e. liability coverage other than products/completed operations coverage), which are different and more valuable than the insurance rights of other Asbestos PI Claimants based on products coverage.

*Response to Interrogatory No. 19*

In addition to the General Objections, the Equity Committee objects to this Interrogatory because it calls upon the Equity Committee to prepare a trial brief.

Subject to, and without waiver of, the foregoing objection and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

## Interrogatory No. 20

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of the U.S. Constitution, the Montana Constitution, and 28 U.S.C. § 1411(a), the Plan denies the Libby Claimants their right to trial by jury by (a) capping the liquidated amount of Asbestos PI Claims at the Maximum Value of the particular claim even if the claimant obtains a jury verdict in a greater amount, and (b) providing delayed and riskier payment terms for claims based on jury verdicts.

*Response to Interrogatory No. 20*

In addition to the General Objections, the Equity Committee objects to this Interrogatory insofar as it calls upon the Equity Committee to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal. The Equity Committee also objects because it calls upon the Equity Committee to prepare a trial brief. Furthermore, this Interrogatory is objectionable because it calls upon the Equity Committee to answer issues of law. Moreover, this Interrogatory as framed, particularly with respect to clause (b) above, is so vague and general that it is impossible to answer.

Subject to, and without waiver of, the foregoing objections and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

**Interrogatory No. 21**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of the Bankruptcy Code and Supreme Court caselaw, the Plan violates the Libby Claimants' right to have their claims allowed in accordance with applicable nonbankruptcy law.

*Response to Interrogatory No. 21*

In addition to the General Objections, the Equity Committee objects to this Interrogatory insofar as it calls upon the Equity Committee to answer pure questions of law. The Equity Committee also objects because it calls upon the Equity Committee to prepare a trial brief.

Subject to, and without waiver of, the foregoing objections and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

**Interrogatory No. 22**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan fails to allow Libby Claims at the same value as would be provided by the tort system under nonbankruptcy law.

*Response to Interrogatory No. 22*

In addition to the General Objections, the Equity Committee objects to this Interrogatory because it calls upon the Equity Committee to prepare a trial brief.

Subject to, and without waiver of, the foregoing objection and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

### Interrogatory No. 23

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan categorically disallows wrongful death claims.

*Response to Interrogatory No. 23*

In addition to the General Objections, the Equity Committee objects to this Interrogatory because it calls upon the Equity Committee to prepare a trial brief.

Subject to, and without waiver of, the foregoing objection and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

### Interrogatory No. 24

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan categorically disallows punitive damages claims.

*Response to Interrogatory No. 24*

In addition to the General Objections, the Equity Committee objects to this Interrogatory because it calls upon the Equity Committee to prepare a trial brief.

Subject to, and without waiver of, the foregoing objection and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

### Interrogatory No. 25

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 524(g) of the Bankruptcy Code, the Plan provides for injunctions that protect the Settled Asbestos Insurance Companies even though they are making no financial contribution to the Asbestos PI Trust, let alone the substantial financial contribution required by law.

*Response to Interrogatory No. 25*

In addition to the General Objections, the Equity Committee objects to this Interrogatory as written, because it calls for a purely legal conclusion. This Interrogatory is also objectionable because it calls upon the Equity Committee to prepare a trial brief.

Subject to, and without waiver of, the foregoing objections and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

## Interrogatory No. 26

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 524(g) of the Bankruptcy Code, the Plan provides for injunctions that bar the Libby Claimants' pursuit of insurance coverage as to which they do not compete with each other or any other claimant.

*Response to Interrogatory No. 26*

In addition to the General Objections, the Equity Committee objects to this Interrogatory insofar as it relies on a false premise, as there are no such injunctions.

Subject to, and without waiver of, the foregoing objection and the General Objections, the Equity Committee responds that it has not yet determined the proof and witnesses, if any, that it will offer at trial.

## Interrogatory No. 27

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 524(g) of the Bankruptcy Code, the Plan provides for injunctions that enjoin the Libby Claimants even though the Plan is not fair and equitable to the Libby Claimants.

*Response to Interrogatory No. 27*

In addition to the General Objections, the Equity Committee objects to this Interrogatory on the grounds that it is unintelligible. As used in this Interrogatory, the term "fair and equitable" is vague and overbroad, and its meaning is apparently unrelated to any statutory confirmation requirement.

## Interrogatory No. 28

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Plan improperly usurps the Court's function to modify or dissolve preliminary injunctions.

*Response to Interrogatory No. 28*

In addition to the General Objections, the Equity Committee objects to this Interrogatory insofar as it calls upon the Equity Committee to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal. The Equity Committee also objects because it calls upon the Equity Committee to prepare a trial brief. Moreover, this Interrogatory is objectionable because it calls upon the Equity Committee to answer issues of law. Furthermore, this Interrogatory, as framed, is vague and general because it fails to specify which "preliminary injunctions" and which allegedly objectionable Plan provisions it is referring to.

## Interrogatory No. 29

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1127(a)(7) [*sic*] of the Bankruptcy Code, the Plan provides less to some or all of the Libby Claimants than they would receive if the Debtors were liquidated under Chapter 7.

*Response to Interrogatory No. 29*

In addition to the General Objections, the Equity Committee objects to this Interrogatory on the basis that it calls for a purely legal conclusion.

- 11 -

Subject to and without waiver of the foregoing objection and the General Objections, to the extent the Interrogatory seeks factual predicates underlying the legal conclusion, the Equity Committee states as follows: see the revised Best Interest Analysis (Exhibit 8) and the revised Financial Information (Exhibit 12) to be attached to the final Plan due to be filed on February 27, 2009. The Equity Committee understands that the Debtors currently anticipate calling, potentially among others, their financial consultant, Pamela Zilly of the Blackstone Group, to testify on these issues.

**FOR PURPOSES OF OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 33(b)(5):**

**BUCHANAN INGERSOLL & ROONEY PC**

By:

Teresa K.D. Currier (No. 2080)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801

-and-

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

Philip Bentley
Douglas H. Mannal
David E. Blabey, Jr.
1177 Avenue of the Americas
New York, New York 10036

Dated: February 23, 2009

*Counsel to the Official Committee of Equity Security Holders*

- 12 -

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I, R. Ted Weschler, am authorized and entitled to make this declaration on behalf of the Official Committee of Equity Security Holders, that I have read the above and foregoing Responses and Objections to Libby Claimant Yoko Cannon's Amended First Interrogatories Propounded Upon Plan Proponents, that the facts and statements contained therein are either within my personal knowledge and are true and correct, or are based upon information supplied to me by others including counsel and as such are true and correct to the best of my knowledge, information and belief. In verifying the foregoing Responses and Objections to Libby Claimant Yoko Cannon's Amended First Interrogatories Propounded Upon Plan Proponents, I have relied upon the assistance of counsel and the investigation they have undertaken to compile the information upon which these Responses are based and the statements contained therein. I, and the Equity Committee, hereby reserve the right to modify, clarify or supplement these discovery responses should new information warrant such modification, clarification, or supplementation.

R. Ted Weschler
Chairman of the Equity Committee

Dated: February 23, 2009

- 13 -