IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |
| | **Ref. No. 21428** |

MOTION OF LIBBY CLAIMANTS FOR LEAVE FROM THIS
COURT'S CASE MANAGEMENT ORDER SO AS TO SHORTEN NOTICE
AND EXPEDITE CONSIDERATION OF LIBBY CLAIMANTS' MOTION (A) TO
AMEND PLAN CONFIRMATION CASE MANAGEMENT ORDER
AND (B) TO POSTPONE PHASE II OF THE CONFIRMATION HEARING

The claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move for entry of an order under Del. Bankr. L.R. 9006-1(e) and Fed. R. Bankr. P. 9006(c), for leave of this Court's Case Management Order, so that the notice period for the Libby Claimants' Motion (A) to Amend Plan Confirmation Case Management Order and (B) to Postpone Phase II of the Confirmation Hearing (the "Motion") [D.I. 21428] be shortened to permit expedited consideration at the mid-May discovery hearing proposed during the April 27, 2009 omnibus hearing. At the April 27, 2009 omnibus hearing, parties advised the Court of several upcoming discovery disputes that would require the Court's attention. The Motion is of equal if not greater urgency. Moreover, at prior hearings in this case, the Court has indicated its willingness to consider discovery disputes on an expedited basis when necessary. In support of this Motion, the Libby Claimants state:

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 21365], as it may be amended and restated from time to time.

393.001-25927.doc

1.  On September 19, 2008, the Plan Proponents filed the initial form of the Plan and Disclosure Statement. On October 17, 2008, the Libby Claimants filed the Libby Claimants' Objection to Debtors' Disclosure Statement for Joint Plan of Reorganization and Approval Motion [D.I. 19803] and, pursuant to the initial version of the CMO, on December 22, 2008, the Libby Claimants' Preliminary Objections to First Amended Joint Chapter 11 Plan [D.I. 20313] (the "Libby Claimants' Preliminary Objection").

2.  On December 23, 2008, the Libby Claimants served contention interrogatories on the Plan Proponents that substantially followed the Libby Claimants' Preliminary Objection (the "Plan Contention Interrogatories"). On February 23, 2009, each of the Plan Proponents filed a response to the Plan Contention Interrogatories. These "responses" are inexcusably scant and cause substantial prejudice to the Libby Claimants by crippling their efforts to prepare for Phase II of the Confirmation Hearing now scheduled for September 2009.

3.  With less than five months remaining before the commencement of Phase II of the Confirmation Hearing, the Libby Claimants are still without the Plan Proponents' factual and legal assertions needed to appropriately frame the issues as to which discovery is necessary, much less prepare for depositions, final objections (due on May 20) and a trial brief (due July 13). The Plan Proponents' contentions constitute the most basic information upon which the Plan Confirmation proceeding is based, and, to date, the Plan Proponents still have not made them known to the Libby Claimants. Accordingly, by the Motion, the Libby Claimants request that this Court (i) require the Plan Proponents to supply the Libby Claimants with detailed contentions by no later than May 15, 2009, (ii) extend the June 15, 2009 deadline to conclude depositions, (iii) establish a briefing schedule for Daubert motions,[2] and (iv) postpone Phase II of the Confirmation Hearing by at least 60 days.

---

[2] The parties have agreed in principle to establish a Daubert briefing schedule. In the event a schedule is agreed upon prior to the hearing on the Motion, this request shall be moot.

393.001-25927.doc

4. Shortened notice and expedited consideration of the Motion is necessary in light of the accelerated Plan Confirmation process. The Libby Claimants seek an order of this Court for leave from the Case Management Order to shorten the notice period prescribed by Del. Bankr. LR 9006-1(c) to enable the Libby Claimants to have the Motion heard on an expedited basis. The Libby Claimants respectfully request that the Court set a hearing to consider the Motion at the mid-May discovery hearing that was proposed during the April 27, 2009 omnibus hearing.

5. Given the nature of the relief requested, the Libby Claimants respectfully submit that the shortened notice described above is appropriate, as is leave from the Case Management Order.

WHEREFORE, the Libby Claimants respectfully request then entry of an order (i) granting the Libby Claimants leave from the Case Management Order, (ii) shortening the notice period with respect to the Motion, and (iii) setting a hearing on the Motion at the mid-May discovery hearing proposed during the April 27, 2009 omnibus hearing.

Dated: April 27, 2009
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_/s/ Kerri Mumford_
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for Libby Claimants*

3

393.001-25927.doc