IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: May 15, 2009** |
| | ) | **Hearing Date: June 1, 2009 at 10:30 a.m.** |

**DEBTORS' MOTION FOR APPROVAL OF
CONTINUED RETENTION OF DELOITTE TAX LLP
AS TAX SERVICE PROVIDERS
<u>UNDER MODIFIED ENGAGEMENT LETTER</u>**

Debtors hereby request entry of an order approving the continued employment and retention of Deloitte Tax LLP ("Deloitte Tax") as their tax service providers pursuant to a modified engagement letter substantially in the form attached hereto as **Exhibit A** (the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

"Modified Engagement Letter"). In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 327(a) and 328(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"), Rules 2014, 2016 and 5002 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

### Background

3. On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. By order of the Court entered on December 20, 2004 [Docket No. 6462] (the "2004 Order"), the Court authorized the Debtors to employ and retain Deloitte Tax as tax service providers to the Debtors, on the terms set forth in the Debtors' application [Docket No. 6708], the affidavit of T. Timothy Tuerff filed in support of that application (the "Tuerff Affidavit"), and the

engagement letter dated April 8, 2003 (the "Original Engagement Letter"), between the Debtors and Deloitte & Touche LLP ("Deloitte & Touche").[2]

5. In connection with recent discussions between the Debtors and Deloitte Tax regarding more effective provision and use of Deloitte Tax's services, and because the Original Engagement Letter has expired, the Debtors and Deloitte Tax have negotiated the Modified Engagement Letter.

## Relief Requested

6. By this Motion, the Debtors seek authorization of the continued employment and retention of Deloitte Tax as the Debtors' tax service providers pursuant to the terms of the Modified Engagement Letter. As discussed in greater detail below, the Debtors believe that having available the continued services of Deloitte Tax in providing tax advisory services under the terms of the Modified Engagement Letter is in the best interests of the Debtors and their estates.

## Terms of Modified Engagement Letter

7. The Original Engagement Letter provides that Deloitte Tax will perform a broad range of tax services: "communication and assistance on federal, foreign, state and local tax matters." The scope of the services will not be changed by the Modified Engagement Letter. However, the Modified Engagement Letter contemplates that for substantial projects, the parties will sign Statements of Work under the Modified Engagement Letter that will specify in more detail the terms of the particular project, in order for both the Debtors and Deloitte Tax to more effectively organize and monitor the progress of the project.

---

[2] The Court had originally authorized the retention of Deloitte & Touche in this capacity by order entered by the Court on June 17, 2003 [Docket No. 3932]. The 2004 Order was obtained in order to authorize the performance of the engagement by Deloitte Tax, which had taken over performance of
(Continued ...)

8. Paragraph 15 (Indemnification) of the General Business Terms contains the following provisions:

> The Client shall indemnify and hold harmless Deloitte Tax, its subcontractors and their respective personnel from all Claims, except to the extent finally judicially determined to have resulted primarily from the gross negligence, bad faith, or intentional misconduct of Deloitte Tax or its subcontractors. In circumstances where all or any portion of the provisions of this paragraph are finally determined to be unavailable, the aggregate liability of Deloitte Tax, its subcontractors and their respective personnel for any Claim shall not exceed an amount which is proportional to the relative fault that their conduct bears to all other conduct giving rise to such Claim.

The order sought by this Motion shall provide that the indemnification provisions of the Modified Engagement Letter are approved subject to the following:

(a) subject to the provisions of subparagraph (c) infra, the Debtors are authorized to indemnify, and shall indemnify Deloitte Tax, in accordance with the Modified Engagement Letter for any claim arising from, related to, or in connection with the Tax Services, but not for any claim arising from, related to, or in connection with Deloitte Tax's postpetition performance of any services, other than the Tax Services, unless such other postpetition services and indemnification thereof are approved by the Court;

(b) notwithstanding any provisions of the Modified Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Deloitte Tax, or provide contribution or reimbursement to Deloitte Tax, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen solely from Deloitte Tax's gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to Deloitte Tax's gross negligence or willful misconduct, but determined by the Court, after notice and a hearing, to be claim or expense for which Deloitte Tax should not receive indemnity, contribution or reimbursement under terms of the Modified Engagement Letter as modified; and

(c) if, before the earlier of (i) the entry of an order confirming a plan under chapter 11 of the Bankruptcy Code (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing the Chapter 11 Cases, Deloitte Tax believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Modified Engagement Letter, including

---

the engagement pursuant to a reorganization of certain of Deloitte & Touche's business units, *nunc pro tunc* to August 22, 2004.

without limitation the advancement of defense costs, Deloitte Tax must file an application thereof in the Court, and the Debtors may not pay any such amounts to Deloitte Tax before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Deloitte Tax for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Deloitte Tax.

### Compensation

9. Subject to the Court's approval and pursuant to the terms and conditions of the Modified Engagement Letter, Deloitte Tax seeks to be retained pursuant to this Motion at the following hourly rates by personnel classification (and at 72% of such rates for foreign tax services):

| Personal Classification | Hourly Billing Rates |
|---|---|
| Tax Partner/Director | $610-640 |
| Tax Senior Manager | $510-540 |
| Tax Manager | $430-460 |
| Tax Senior | $360-380 |
| Tax Staff | $260-330 |

10. The hourly billing rates set forth above reflect, among other things, differences in experience levels within classifications, geographic differentials and differences between types of services being provided. In the normal course of business, Deloitte Tax revises its regular hourly billing rates to reflect changes in responsibilities, increased experience, and increased costs of doing business. Accordingly, the Debtors request that Deloitte Tax be permitted to revise the aforementioned rates from time to time to reflect such revisions. Changes in regular hourly billing rates will be noted by Deloitte Tax on the invoices for the first time period in which the revised rates became effective.

11. The professional fees charged for Deloitte Tax's services are calculated from the actual hours expended in providing the services multiplied by the regular hourly billing rates for the specific personnel involved. In addition, reasonable expenses, including travel, subsistence,

report production, delivery services, and other expenses incurred in providing the services, will be included in the total amount billed.

12. The Modified Engagement Letter also provides that by agreement of the parties, particular Work Orders may provide for different fee arrangements. In the event that such different fee arrangements are agreed upon, Deloitte Tax shall disclose such arrangements in its fee applications filed with the Court, as outlined in paragraph 14 below, for payment of fees incurred pursuant to such arrangements.

13. The terms and conditions of the Modified Engagement Letter were negotiated by the Debtors and Deloitte Tax at arm's length and in good faith.

14. All compensation and expenses will continue to be sought in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court. Deloitte Tax will continue to file interim and final applications for payment of fees and expenses with the Court as may be necessary. Any such interim and final applications shall continue to set forth in reasonable detail the services performed, the professional persons providing such services and the time spent. Deloitte Tax will continue to maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned services.

## **Disinterestedness**

15. Based on the representations contained in the Tuerff Affidavit, which is still accurate, to the best of its knowledge, Deloitte Tax has no material connections with the Debtors, their creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee in the Chapter 11 Cases. Based on the Tuerff Affidavit, the Debtors believe that Deloitte Tax (a) does not hold

or represent any interest adverse to the Debtors or their estates, and (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

### Basis for Relief

16. The Debtors seek approval of the Modified Engagement Letter and the payment of fees to Deloitte Tax on the terms and conditions specified in the Modified Engagement Letter pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment. . . ." 11 U.S.C. § 328(a).

### Notice

17. Notice of this Motion has been given to: (a) the Office of the United States Trustee, (b) the debtor-in-possession lenders, (c) counsel to Chase Manhattan Bank as agent to prepetition lenders, (d) counsel to the official committees appointed by the United States Trustee and the Future Claimants Representatives, and (e) all those parties that requested service and notice of papers in accordance with Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request an entry of an order, substantially in the form attached hereto as **Exhibit B**, (a) authorizing the Debtors to continue the employment and retention of Deloitte Tax on the terms set forth in this Motion and the Modified Engagement

Letter and (b) granting such other further relief as is just and proper.

Wilmington, Delaware
Dated: April 27, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick P.C.
Theodore L. Freedman
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
(212) 446-4800

-and-

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession