# Exhibit A

# Deloitte.

Deloitte Tax LLP
1700 Market Street
Philadelphia, PA 19103-3984
USA

Tel: +1 215 246 2300
Fax: +1 215 569 2441
www.deloitte.com

April 24, 2009

Ms. Elyse Filon
Vice President - Finance
W.R. Grace & Co.
5400 Broken Sound Boulevard, NW
Boca Raton, FL 33487-3511

Dear Elyse:

Thank you for choosing Deloitte Tax LLP ("Deloitte Tax" or "our") to provide tax advisory services ("Advisory Services") for Grace & Co. ("Client") from the date hereof. Deloitte Tax professionals will generally be available to provide Advisory Services on federal, foreign, state and local tax matters on an as-requested basis.

This engagement letter ("Engagement Letter") describes the scope of the Deloitte Tax Advisory Services, the respective responsibilities of Deloitte Tax and Client relating to this engagement and the fees Deloitte Tax expects to charge.

## SCOPE OF SERVICES

Client and Deloitte Tax agree that the terms of this Engagement Letter will apply to all Advisory Services provided by Deloitte Tax to Client during the period set forth above, unless such services are the subject of a separate written agreement entered into between Deloitte Tax and Client.

As the specific Advisory Service desired by Client from Deloitte Tax is identified, Client and Deloitte Tax will execute a separate work order ("Work Order") when such Advisory Service involves contemplated fees in excess of $100,000. The request for Advisory Services should be in a form of a Work Order as set forth in Exhibit A attached to this Engagement Letter (or a substantially similar form). The request for Advisory Services should reference this Engagement Letter and clearly describe the specific details of the Advisory Services anticipated pursuant to the Work Order (including scope of work, deliverables, timing, client responsibilities and fees).

It is contemplated that the Advisory Services requested from Deloitte Tax may include oral and written opinions, consulting, recommendations and other communications rendered in response to specific tax questions posed by Client. Deloitte Tax's analysis and response to these tax questions may be based upon a review of various documentation that Client provides to Deloitte Tax including, but not limited to, legal opinions, books and records (collectively, "books and records") relevant to Client's transactions and business activity. With respect to such Advisory Services, Deloitte Tax is entitled to assume without independent verification the accuracy of all

Member of
Deloitte Touche Tohmatsu

Ms. Elyse Filon
W. R. Grace & Co.
April 24, 2009
Page 2

representations, assumptions, information and data provided by Client and its representatives. Deloitte Tax may ask Client to clarify or supplement information provided in this context. Client acknowledges and agrees that any such Advisory Services provided pursuant to this Engagement Letter will be subject to:

(a) The representations, information, documents and other facts provided to Deloitte Tax by Client, its personnel and any representatives thereof;

(b) Deloitte Tax's assumption (without independent verification) that there will be timely execution, delivery and performance as may be required by any representation or documents submitted by Client with respect to Deloitte Tax's tax assistance;

(c) The understanding that Deloitte Tax will only be responsible to provide tax assistance with respect to the specific matter, transaction or question actually presented by Client, including the type of tax and the taxing jurisdiction specifically identified by Client (e.g., federal, foreign, state, local, sales, excise, etc.);

(d) Client's acknowledgement that Client will maintain ultimate responsibility for all management decisions and management functions. Client understands and agrees that the ultimate responsibility, with respect to the appropriate application and interpretation of any oral or written communications, rests with management of Client. Deloitte Tax will have no responsibility for any misinterpretations by Client of oral or written communications regarding the application of tax assistance.

(e) Client's understanding that any tax assistance provided pursuant hereto will be based upon the law, regulations, cases, rulings, and other tax authority in effect at the time specific tax assistance is provided. If there are subsequent changes in or to the foregoing tax authorities (for which Deloitte Tax shall have no specific responsibility to advise Client), Client acknowledges that such changes may result in that tax assistance being rendered invalid or necessitate (upon Client's request) a reconsideration of that prior tax assistance;

(f) Client's understanding and agreement that the results of Deloitte Tax's tax assistance may be audited and challenged by the IRS and other tax authorities, who may not agree with our positions. In this regard, Client understands that the result of any tax assistance is not binding on the IRS, or other tax authorities or the courts and should never be considered a representation, warranty, or guarantee that the IRS or the courts will concur with our advice or opinion;

(g) Client's understanding that Deloitte Tax, as a result of providing such tax assistance, is under no obligation to represent Client with respect to any such challenge or an administrative or judicial challenge thereof. Deloitte Tax would generally be available to represent Client before the appropriate tax authorities, if permissible, for an additional fee that is mutually agreed upon; and

Ms. Elyse Filon
W. R. Grace & Co.
April 24, 2009
Page 3

> (h) Client's understanding that any tax advice in any written communication Deloitte Tax provides to Client is not intended or written to be used, and it cannot be used by the taxpayer, for the purpose of avoiding any penalties that may be imposed by any governmental taxing authority or agency.

**REPORTABLE TRANSACTIONS**

The Internal Revenue Service ("IRS") and some states have promulgated rules that require taxpayers to disclose their participation in reportable transactions by attaching a disclosure form to their federal and/or state income tax returns and, when necessary, by filing a copy of that disclosure form with the IRS and/or the applicable state tax agency. These rules impose significant requirements to disclose certain transactions and such disclosures may encompass transactions entered into in the normal course of business. The Advisory Services that are the subject of this Engagement Letter do not include any obligation by Deloitte Tax to identify any reportable transactions or disclosure obligations. Any advisory services regarding reportable transactions will be provided under the terms of a separate engagement letter. Client is responsible for ensuring that it has properly disclosed all reportable transactions; and Client's failure to make required disclosure will result in substantial penalties. Deloitte Tax will not be liable for any penalties resulting from Client's failure to accurately and timely file any required reportable transaction disclosure.

**TAX POSITIONS AND POTENTIAL PENALTIES**

Deloitte Tax will discuss with Client tax positions that Deloitte Tax is aware of as a result of the Advisory Services and for which Client or Deloitte Tax could be subject to potential penalties. With respect to those tax positions, Deloitte Tax will discuss any opportunity to avoid such penalties through adequate disclosure, if relevant, and the requirements for adequate disclosure. Client should be aware that in certain instances, the standards to avoid a potential penalty applicable to Deloitte Tax, as a tax return preparer, may exceed the accuracy related penalty standards applicable to Client.

**ACKNOWLEDGEMENTS AND AGREEMENTS**

The Advisory Services will be performed in accordance with the *Statement on Standards for Consulting Services* established by the American Institute of Certified Public Accountants ("AICPA"). Advisory Services to be performed by Deloitte Tax will be established by mutual agreement and can be changed or modified in the same manner. Deloitte Tax will promptly inform Client of any circumstances that warrant a change in the scope of the specific services to be provided, and similarly, Client agrees to notify Deloitte Tax promptly if modifications to the Advisory Services are requested.

Although Deloitte Tax might in certain circumstances provide Client with drafts of a deliverable before it is finalized, Client understands that Client may not rely upon any of the analysis, conclusions, or recommendations unless and until the final deliverable is issued. Any part of our

Ms. Elyse Filon
W. R. Grace & Co.
April 24, 2009
Page 4

analysis, including the recommendations or conclusions may change between the time of any draft and the issuance of a final deliverable.

All rights and obligations of Deloitte Tax and Client described in this Engagement Letter will apply to each Work Order agreed to by Deloitte Tax and Client. In the event of any conflict or inconsistency between the terms of this Engagement Letter and the terms of any Work Order, the terms of this Engagement Letter shall control. Notwithstanding the immediately preceding sentence, in the event that a Work Order expressly provides that certain provisions therein shall control over specified provisions of this Engagement Letter, then, to the extent that such provisions of the Work Order conflict or are inconsistent with the specified provisions of this Engagement Letter, such provisions of the Work Order shall control. If a Work Order is not executed with respect of any Advisory Services provided, as previously described, the terms of this Engagement Letter will apply to such Advisory Services.

## CONSENT FOR DISCLOSURE AND USE OF TAX INFORMATION

Client authorizes that any and all information (i) furnished to Deloitte Tax for or in connection with the Advisory Services under this engagement, (ii) derived or generated by Deloitte Tax from the information described in (i) above, or (iii) associated with prior years' tax return information in the possession of Deloitte Tax may, for a period of up to eight (8) years from the date of this Engagement Letter, be disclosed to and considered and used by any Deloitte Tax affiliate, related entity (or their affiliate) or subcontractor, in each case, whether located within or outside the United States, engaged directly or indirectly for the purpose of providing services in connection with the preparation of tax returns, tax planning, audited financial statements, or other financial statements or financial information as required by a government authority, municipality or regulatory body. Disclosures under this paragraph may consist of all information contained in Client's tax returns; if Client wishes to request a more limited disclosure of tax return information, Client must inform Deloitte Tax. Client acknowledges that Client's tax return information may be disclosed to Deloitte Tax affiliates, related entities (or their affiliates) or subcontractors located outside of the United.

Nothing within this Consent is intended to otherwise alter the duties and obligations of Deloitte Tax as it relates to maintaining the confidentiality of Client's confidential information as set forth and agreed in paragraph 11 of the General Business Terms attached hereto and made a part of this Engagement Letter.

## SERVICE TEAM

Michael Steinsaltz, an International Tax Partner in our Philadelphia Office, will serve as W. R. Grace's lead tax partner, and provide overall coordination for all Deloitte Tax services. Michael will be assisted by Jared Gordon, an International Tax Principal in our Philadelphia Office. We will involve other Deloitte Tax specialists as necessary and appropriate.

Ms. Elyse Filon
W. R. Grace & Co.
April 24, 2009
Page 5

## PROFESSIONAL FEES AND EXPENSES

The Deloitte Tax professional fees for Advisory Services, other than for Advisory Services which are the subject of a separate engagement letter with a different fee arrangement or a Work Order with a different fee arrangement, are based on the amount of professional time required. The professional fees for U.S. professionals (including our U.S.-based foreign desk personnel) will be invoiced at the following rates:

| | |
|---|---|
| Tax Partner/Director | $610 - 640 per hour |
| Tax Senior Manager | $510 - 540 per hour |
| Tax Manager | $430 - 460 per hour |
| Tax Senior | $360 - 380 per hour |
| Tax Staff | $260 - 330 per hour |

In the normal course of business, Deloitte Tax revises its regular hourly billing rates to reflect changes in responsibilities, increased experience, and increased costs of doing business. Accordingly, the aforementioned rates will be revised to the hourly rates that will be in effect from time to time. Changes in hourly rates will be reflected on the invoices when the revised rates become effective.

We will bill for our foreign tax services at 72% of our standard hourly rates, which vary depending upon the experience level of the professionals involved, and for reasonable out-of-pocket expenses, such as travel and subsistence. We will endeavor to keep our fees to a minimum by assigning the work to people with appropriate experience and leveraging Client resources.

Deloitte Tax will send Client periodic bills as the work is performed.

## ACCEPTANCE

This Engagement Letter including all exhibits and Work Orders, together with the General Business Terms attached hereto and thereto, constitutes the entire agreement between Client and Deloitte Tax with respect to this engagement, supersedes all other oral and written representations, understandings or agreements relating to this engagement, and may not be amended except by the mutual written agreement of the Client and Deloitte Tax.

Please indicate your acceptance of this agreement by signing in the space provided below and returning a copy of this Engagement Letter to our office. Your signature constitutes Client's consent to disclosure and use of Client's tax return information in the manner described above. Your signature also constitutes acknowledgment of receipt of the attached Privacy Notice.

Thank you for giving Deloitte Tax the opportunity to serve you. If you have any questions regarding the Advisory Services described in this Engagement Letter, or any other advice that

Ms. Elyse Filon
W. R. Grace & Co.
April 24, 2009
Page 6

Deloitte Tax may provide to you, please feel free to contact Michael Steinsaltz at (215) 299-4555 or Jared Gordon at (215) 299-5214.

Very truly yours,               AGREED AND ACCEPTED:

DELOITTE TAX LLP                W. R. Grace & Co. on behalf of itself and
                                its subsidiaries and/or affiliates enumerated
                                in the list of entities set forth in Exhibit B
                                attached to this Engagement Letter

By: *Michael E Steinsaltz*      By: *[signature]*
    Michael E. Steinsaltz
    Partner                     Printed
                                Name: __HUDSON LA FORCE__

                                Title: __CFO/SVP__

                                Date: __4/27/2009__

**Exhibit A**
**Work Order**

| Work Order Number: | Authorized Start Date: |
|---|---|

This Work Order incorporates the terms and conditions of the Engagement Letter between Deloitte Tax LLP ("Deloitte Tax") and W. R. Grace & Co. ("Client") dated [*Date*].

**Description of Advisory Services and Deliverable:**



**Estimated Timing for Advisory Services (including Critical Path, Milestones, and Deliverables, if applicable):**



**Fees and Expenses (if different from the provisions stated in the Engagement Letter):**



**Client Responsibilities:**



**Other Terms (if applicable):**

**CONSENT FOR DISCLOSURE AND USE OF TAX RETURN INFORMATION**

Client authorizes that any and all information (i) furnished to Deloitte Tax for or in connection with the Advisory Services under this Work Order, (ii) derived or generated by Deloitte Tax from the information described in (i) above, or (iii) associated with prior years' tax return information in the possession of Deloitte Tax may, for a period of up to eight (8) years from the date of this Work Order, be used by Deloitte Tax and disclosed to and considered and used by [*specify Deloitte Tax affiliate, related entity (or their affiliate) or subcontractor to which disclosure is being made – if located outside of U.S., specifically state location*] for the purpose of [*describe the intended purpose of the disclosure*]. Disclosures under this paragraph may consist of all information contained in Client's tax returns; if Client wishes to request a more limited disclosure of tax return information, Client must inform Deloitte Tax. Client acknowledges that Client's tax return information may be disclosed to an entity located outside of the United States.

Your signature constitutes Client's consent to disclosure and use of Client's tax return information in the manner described above.

| **W. R. Grace & Co.** | **Deloitte Tax LLP** |
|---|---|
| By: _____ | By: _____ |
| Printed Name: _____ | Printed Name: _____ |
| Title: _____ | Title: _____ |
| Date: _____ | Date: _____ |
|  | Address: _____ |
|  | _____ |

**DELOITTE TAX LLP GENERAL BUSINESS TERMS**

1. **Services.** It is understood and agreed that Deloitte Tax LLP's ("Deloitte Tax") services (the "Services") under the engagement letter to which these terms are attached (the "Engagement Letter") may include advice and recommendations, but all decisions in connection with the implementation of such advice and recommendations shall be the responsibility of, and made by, the Client. As the specific Service desired by Client from Deloitte Tax is identified, Client and Deloitte Tax may execute a separate work order ("Work Order"), the form of which is attached to the Engagement Letter as Exhibit A. For purposes of these terms and the Engagement Letter, the "Client" shall mean W. R. Grace & Co. and its subsidiaries and/or affiliates enumerated in the list of entities which is attached to the Engagement Letter as Exhibit B. The subsidiaries and/or affiliates listed on Exhibit B may be modified from time to time by agreement of Deloitte Tax and the Client. W. R. Grace & Co. represents and warrants that it has the corporate power and authority and is duly authorized by Bankruptcy Court and all necessary corporate action, as applicable, to execute and deliver on behalf of Client, and perform on behalf of Client all Client's obligations under the Engagement Letter.

2. **Payment of Invoices.** Except as otherwise provided in a Work Order, Deloitte Tax's invoices generally are due sixty (60) days after the invoice date. Except as otherwise provided in a Work Order, Deloitte Tax's invoices received (i) prior to the confirmation by the U.S. Bankruptcy Court and effectiveness of Client's plan of reorganization, as applicable, are due within 60 days of entry of a corresponding CNO (Certificate of No Objection) with the U.S. Bankruptcy Court and (ii), after such confirmation and effectiveness, as applicable, are due sixty (60) days after the invoice date. Without limiting its rights or remedies, Deloitte Tax shall have the right to halt or terminate the Services entirely if payment is not received when due. The Client shall be responsible for all taxes imposed on the Services or on the transaction, other than Deloitte Tax's income taxes imposed on a net basis or by employment withholding, and other than taxes imposed on Deloitte Tax's property.

3. **Term.** Unless terminated sooner in accordance with its terms, this engagement shall terminate on the completion of the Services; provided, however, that the Engagement Letter and these terms shall continue to apply to all Work Orders that are in existence at the effective date of such termination and under which the Services have not been completed. This engagement or an individual Work Order under this engagement may be terminated by either party at any time, with or without cause, by giving written notice to the other party not less than thirty (30) days before the effective date of termination specified in such notice; provided that, in the event of a termination for cause, the breaching party shall have the right to cure the breach within the notice period. If any individual Work Order is terminated pursuant to this section, the Engagement Letter and these terms shall continue to apply to all Work Orders that have not been terminated. Deloitte Tax may terminate this engagement, any Work Order or the performance of any Services upon written notice to the Client if Deloitte Tax determines that (a) a governmental, regulatory or professional entity (including, without limitation, the American Institute of Certified Public Accountants, the Public Company Accounting Oversight Board (the "PCAOB") or the Securities and Exchange Commission) or an entity whose actions have the force of law has introduced a new, or modified an existing, law, rule, regulation, interpretation or decision, the result of which would render Deloitte Tax's performance of any part of this engagement illegal or otherwise unlawful or in conflict with independence or professional rules, or (b) circumstances change (including, without limitation, changes in ownership of the Client or any of its affiliates) such that Deloitte Tax's performance of any part of this engagement would be illegal or otherwise unlawful or in conflict with independence or professional rules. Upon termination of this engagement, the Client will compensate Deloitte Tax under the terms of the Engagement Letter for the Services performed and expenses incurred through the date on which notice of termination is received.

4. **Ownership of Deloitte Tax Property.** To the extent that Deloitte Tax utilizes any of its property (whether tangible or intangible) in connection with this engagement, such property shall remain the property of Deloitte Tax, and the Client shall not acquire any right or interest in such property. Deloitte Tax shall have ownership (including, without limitation, copyright ownership) and all rights to use and disclose its ideas, concepts, know-how, methods, techniques, processes and skills, and adaptations thereof in conducting its business, and the Client shall not assert or cause to be asserted against Deloitte Tax or its personnel any prohibition or restraint from so doing.

5. **Limitation on Warranties.** THIS IS A SERVICES ENGAGEMENT. DELOITTE TAX WARRANTS THAT IT SHALL PERFORM THE SERVICES IN GOOD FAITH AND WITH DUE PROFESSIONAL CARE. DELOITTE TAX DISCLAIMS ALL OTHER WARRANTIES, EITHER EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. THE CLIENT'S EXCLUSIVE REMEDY FOR ANY BREACH OF THIS WARRANTY SHALL BE FOR DELOITTE TAX, UPON RECEIPT OF WRITTEN NOTICE, TO USE DILIGENT EFFORTS TO CURE SUCH BREACH, OR, FAILING ANY CURE IN A REASONABLE PERIOD OF TIME, THE RETURN OF PROFESSIONAL FEES PAID TO DELOITTE TAX HEREUNDER WITH RESPECT TO THE SERVICES GIVING RISE TO SUCH BREACH.

6. **Limitation on Damages.** Except to the extent finally judicially determined to have resulted primarily from the gross negligence, bad faith or intentional misconduct of Deloitte Tax, its subcontractors, or their respective personnel, the Client agrees that Deloitte Tax, its subcontractors and their respective personnel shall not be liable to the Client for any claims, liabilities or expenses relating to this engagement ("Claims") for an aggregate amount in excess of (i) the fees paid by the Client to Deloitte Tax pursuant to a Work Order, for Claims arising under such Work Order or (ii) the fees paid by the Client to Deloitte Tax under this engagement other than pursuant to any Work Order, for Claims arising where a Work Order was not used. Except with respect to a breach by Deloitte Tax with respect to its confidentiality obligations, as set forth herein, the gross negligence, bad faith or intentional misconduct of Deloitte Tax, in no event shall Deloitte Tax or its personnel be liable or responsible for any consequential, special, indirect, incidental damages, or expense (including without limitation, lost profits and opportunity costs) relating to this engagement. In no event shall Deloitte Tax, its subcontractors and their respective personnel be liable for punitive or exemplary damages. The foregoing limitations on liability and exclusions on damages shall not apply to any third-party Claims arising in connection with Client's indemnification obligations herein. In circumstances where all or any portion of the provisions of this paragraph 6 are finally judicially determined to be unavailable, the aggregate liability of Deloitte Tax for any claims, liabilities, or expenses relating to this engagement shall not exceed an amount which is proportional to the relative fault that Deloitte Tax's conduct bears to all other conduct giving rise to such claims, liabilities, or expenses

Except to the extent finally judicially determined to have resulted primarily from the gross negligence, bad faith or intentional misconduct of Client, its subcontractors, or their respective personnel, Deloitte Tax agrees that Client, its subcontractors and their respective personnel shall not be liable to Deloitte Tax for any Claims for an aggregate amount in excess of amounts due for Services performed. Except with respect to the gross negligence, bad faith or intentional misconduct of Client, in no event shall Client or its personnel be liable or responsible for any consequential, special, indirect, incidental damages, or expense (including without limitation, lost profits and opportunity costs) relating to this engagement. In no event shall Client, its subcontractors and their respective personnel be liable for punitive or exemplary damages. In circumstances where all or any portion of the provisions of this paragraph are finally judicially determined to be unavailable, the aggregate liability of Client for any claims, liabilities, or expenses relating to this engagement shall not exceed an amount which is proportional to the relative fault that Deloitte Tax's conduct bears to all other conduct giving rise to such claims, liabilities, or expenses.

For purposes of the Engagement Letter, the term "gross negligence" shall mean conduct that evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing.

7. **Client Responsibilities.** In addition to any responsibilities set forth in a Work Order, the Client shall cooperate with Deloitte Tax in the performance by Deloitte Tax of the Services, including, without limitation, providing Deloitte Tax with reasonable facilities and timely access to data, information and personnel of the Client. The Client shall be responsible for the performance of its personnel and agents and for the accuracy and completeness of all data and information provided to Deloitte Tax for purposes of the performance by Deloitte Tax of the Services. The Client acknowledges and agrees that Deloitte Tax's performance is dependent upon the timely and effective satisfaction of the Client's responsibilities under the engagement and any Work Order and timely decisions and approvals of the Client in connection with the Services. Deloitte Tax shall be entitled to rely on all decisions and approvals of the Client. The Client shall be solely responsible for, among other things: (a) making all management decisions and performing all management functions; (b) designating an individual who possesses suitable skill, knowledge, and/or experience, preferably within senior management, to oversee the Services;  (c) evaluating the

adequacy and results of the Services performed; (d) accepting responsibility for the results of the Services; and (e) establishing and maintaining internal controls, including, without limitation, monitoring ongoing activities.

**8. Force Majeure.** Except for the payment of money, neither party shall be liable for any delays or nonperformance directly or indirectly resulting from circumstances or causes beyond its reasonable control, including, without limitation, acts or omissions or the failure to cooperate by the other party (including, without limitation, entities or individuals under its control or any of their respective officers, directors, employees, other personnel and agents), acts or omissions or the failure to cooperate by any third party, fire, epidemic or other casualty, act of God, strike or labor dispute, war or other violence or any law, order or requirement of any governmental agency or authority.

**9. Limitation on Actions.** No action, regardless of form, relating to this engagement, any Work Order or the Services may be brought by either party more than one year after the cause of action has accrued, except that an action for nonpayment may be brought by a party not later than one year following the date of the last payment due to the party bringing such action.

**10. Independent Contractor.** Nothing contained in these terms shall alter in any way the duties imposed by law on Deloitte Tax in respect of the Services. It is understood and agreed that Deloitte Tax is an independent contractor and that Deloitte Tax is not and will not be considered to be, an agent, partner, or representative of the Client.

**11. Confidentiality.** To the extent that, in connection with this engagement or any Work Order, Deloitte Tax comes into possession of any tax return information, trade secrets or other information of the Client, Deloitte Tax will not disclose such information to any third party without the Client's consent. The Client hereby consents to Deloitte Tax disclosing such information (a) to any affiliate or related entity (including its partners, principals and employees), or to other subcontractors, in each case, whether located within or outside of the United States, that are providing Services in connection with this engagement or any Work Order and that have agreed to be bound by confidentiality obligations substantially similar to those in this paragraph 11; (b) as may be required by law, regulation, judicial or administrative process, or in accordance with applicable professional standards, or in connection with litigation pertaining to this engagement or any Work Order; or (c) to the extent such information (i) shall have otherwise become publicly available (including, without limitation, any information filed with any governmental agency and available to the public) other than as the result of a disclosure by Deloitte Tax in breach hereof, (ii) becomes available to Deloitte Tax on a nonconfidential basis from a source other than the Client which Deloitte Tax believes is not prohibited from disclosing such information to Deloitte Tax by obligation to the Client, (iii) is known by Deloitte Tax prior to its receipt from the Client without any obligation of confidentiality with respect thereto, or (iv) is developed by Deloitte Tax independently of any disclosures made by the Client to Deloitte Tax of such information. In satisfying its obligations under this paragraph, Deloitte Tax shall maintain the Client's trade secrets and proprietary or confidential information in confidence using at least the same degree of care as it employs in maintaining in confidence its own trade secrets and proprietary or confidential information, but in no event less than a reasonable degree of care. Notwithstanding anything to the contrary herein, the Client acknowledges that Deloitte Tax, in connection with performing the Services, may develop or acquire experience, skills, knowledge, and ideas that are retained in the unaided memory of its personnel. The Client acknowledges and agrees that Deloitte Tax may use and disclose such experience, skills, knowledge and ideas, as long as they do not involve disclosure of information of the Client in breach of the other provisions of this paragraph 11.

**12. Survival and Interpretation.** The agreements and undertakings of the Client and Deloitte Tax contained in the Engagement Letter, together with all paragraphs herein relating to payment of invoices, ownership of Deloitte Tax property, limitations on warranties, limitations on damages, limitations on actions, confidentiality, survival and interpretation, assignment and subcontracting, waiver of jury trial, indemnification, governing law, venue, jurisdiction and severability, information and data, and third parties and internal use shall survive the expiration or termination of this engagement or any Work Order. For purposes of these terms, Deloitte Tax shall mean Deloitte Tax LLP and Deloitte Tax Products Company LLC, one of its subsidiaries. The Client acknowledges and agrees that no affiliated or related entity of Deloitte Tax, whether or not acting as a subcontractor (or such entity's personnel) shall have any liability hereunder to the Client or any other person, and the Client will not bring any action against any such affiliated or related entity of Deloitte Tax (or such entity's personnel) in connection with this engagement or any Work Order; provided that any breach of the Engagement Agreement by any such related entity

or its personnel shall be deemed a breach by Deloitte Tax. Deloitte Tax acknowledges and agrees that no affiliated or related entity of the Client, whether or not acting as a subcontractor (or such entity's personnel) shall have any liability hereunder to Deloitte Tax or any other person, and Deloitte Tax will not bring any action against any such affiliated or related entity of the Client (or such entity's personnel) in connection with this engagement or any Work Order; provided that any breach of the Engagement Agreement by any such related entity or its personnel shall be deemed a breach by the Client.. Without limiting the foregoing, (i) affiliated and related entities of Deloitte Tax are intended third-party beneficiaries of these terms and the agreements and undertakings of Client contained in any Work Order, and (ii) affiliated and related entities of the Client are intended third-party beneficiaries of these terms and the agreements and undertakings of Deloitte Tax contained in any Work Order. Any affiliated or related entity of Deloitte Tax or the Client, as the case may be, may in its own right enforce such terms, agreements and undertakings. Deloitte Tax acknowledges and agrees that it will be responsible for the full performance of all its subcontractors (including, but not limited to, member firms of Deloitte Touche Tohmatsu) as if for itself. **The provisions of paragraphs 5, 6, 9, 12, 14, 15, 16 and 18, hereof shall apply to the fullest extent of the law, whether in contract, statute, tort (such as *negligence*), or otherwise, notwithstanding the failure of the essential purpose of any remedy.**

13. **Assignment and Subcontracting.** Except as provided below, neither party may assign, transfer or delegate any of its rights or obligations hereunder (including, without limitation, interests or Claims) without the prior written consent of the other party. The Client hereby consents to Deloitte Tax assigning or subcontracting any of Deloitte Tax's rights or obligations under this engagement or any Work Order to (a) any affiliate or related entity, whether located within or outside of the United States, or (b) any entity which acquires all or a substantial part of the assets or business of Deloitte Tax. Deloitte Tax acknowledges and agrees that it will be responsible for the full performance of all its subcontractors (including, but not limited to, member firms of Deloitte Touche Tohmatsu) as if for itself. Services performed by Deloitte Tax subcontractors shall be invoiced as professional fees on the same basis as Services performed by Deloitte Tax personnel, unless otherwise agreed.

14. **Waiver of Jury Trial. DELOITTE TAX AND THE CLIENT HEREBY IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM RELATING TO THIS ENGAGEMENT, ANY WORK ORDER OR THE SERVICES UNDER ANY WORK ORDER.**

15. **Indemnification.** The Client shall indemnify and hold harmless Deloitte Tax, its subcontractors and their respective personnel from all Claims, except to the extent finally judicially determined to have resulted primarily from the gross negligence, bad faith, or intentional misconduct of Deloitte Tax or its subcontractors. In circumstances where all or any portion of the provisions of this paragraph are finally determined to be unavailable, the aggregate liability of Deloitte Tax, its subcontractors and their respective personnel for any Claim shall not exceed an amount which is proportional to the relative fault that their conduct bears to all other conduct giving rise to such Claim.

16. **Governing Law, Venue, Jurisdiction and Severability.** These terms, the Engagement Letter, including exhibits, each Work Order and all matters relating to this engagement and each Work Order shall be governed by, and construed in accordance with, the laws of the State of New York (without giving effect to the choice of law principles thereof), except to the extent such matters are governed by the U.S. Bankruptcy Code. Any action based on or arising out of this engagement, any Work Order or the Services provided or to be provided hereunder shall be brought and maintained exclusively in any court of the State of New York or any federal court of the United States, in each case located in New York County, the State of New York, except to the extent such matters are governed by the U.S. Bankruptcy Code. Each of the parties hereby expressly and irrevocably submits to the jurisdiction of such courts for the purposes of any such action and expressly and irrevocably waives, to the fullest extent permitted by law, any objection which it may have or hereafter may have to the laying of venue of any such action brought in any such court and any claim that any such action has been brought in an inconvenient forum, except to the extent such matters are governed by the U.S. Bankruptcy Code. If any provision of such terms or the Engagement Letter is found by a court of competent jurisdiction to be unenforceable, such provision shall not affect the other provisions, but such unenforceable provision shall be deemed modified to the extent necessary to render it enforceable, preserving to the fullest extent permissible the intent of the parties set forth herein.

**17. Information and Data.** Deloitte Tax shall be entitled to assume, without independent verification, the accuracy of all representations, assumptions, information and data that the Client and its representatives provide to Deloitte Tax. All assumptions, representations, information and data to be supplied by the Client and its representatives will be complete and accurate to the best of the Client's knowledge. Deloitte Tax may use information and data furnished by others; however, Deloitte Tax shall not be responsible for, and Deloitte Tax shall provide no assurance regarding, the accuracy of any such information or data. Except as specifically agreed to in writing, Deloitte Tax shall not provide advice regarding the financial accounting treatment of any transaction implemented from the Services and will not assume any responsibility for any financial reporting with respect to the Services. The Client shall be responsible for all financial information and statements provided by or on behalf of the Client with respect to any of the Services. Deloitte Tax shall have no responsibility to address any legal matters or questions of law, other than tax law.

**18. Third Parties and Internal Use.** Deloitte Tax acknowledges that Deloitte Tax has not placed any limitations on the Client's disclosure of the tax treatment or tax structure associated with the tax Services or transactions described in the Engagement Letter, any related Work Order and Services provided pursuant to the Engagement Letter and any related Work Order. Nothing in this paragraph shall be construed as limiting or restricting disclosure of the tax treatment or tax structure of the transaction as described in Rule 3501(c)(i) of PCAOB Release 2005-014 or Internal Revenue Code ("IRC") sections 6011 and 6111 and related Internal Revenue Service ("IRS") guidance. The Client acknowledges that none of its other advisors have imposed or will impose any conditions of confidentiality with respect to the tax treatment or tax structure associated with the tax Services or transactions described in the Engagement Letter or a Work Order. All Services shall be solely for the Client's informational purposes and internal use, and this engagement does not create privity between Deloitte Tax and any person or party other than the Client ("third party"). This engagement is not intended for the express or implied benefit of any third party. Unless otherwise agreed to in writing by Deloitte Tax, no third party is entitled to rely, in any manner or for any purpose, on the advice, opinions, reports or other Services of Deloitte Tax. In the event of any unauthorized reliance, the Client agrees to indemnify and hold harmless Deloitte Tax and its personnel from all third-party claims, liabilities, costs and expenses.

**19. Certain Tax Disclosures and Reporting.** In accordance with IRC sections 6111 and 6112, Deloitte Tax may be required to report to the IRS or certain state tax authorities the Services including without limitation any related tax transaction(s) described in the Engagement Letter or a Work Order as well as the Client's participation therein. In addition, separate and apart from any reporting by Deloitte Tax, the Client, in accordance with IRC section 6011, may also be required to disclose to a taxing authority its participation in one or more transactions which are the subject of this Engagement Letter and any Work Order executed pursuant to the Engagement Letter and these terms. The determination of whether, when and to what extent Deloitte Tax and the Client should comply with their respective federal or state "tax shelter" reporting requirements will be made exclusively and respectively by Deloitte Tax and the Client. Deloitte Tax and the Client further agree that (i) any liability for fines or penalties or any other consequences resulting from non-compliance by one party with applicable tax disclosure or reporting rules will be borne or incurred exclusively by the non-compliant party, and (ii) any request by the Client of Deloitte Tax for services in identifying or otherwise consulting on transactions subject to IRC section 6011 or corresponding state law and the reporting or disclosing thereof will be the subject of a separate engagement letter.

**20. Accountant / Client Privilege – IRC §7525.** The Client should be aware that certain information discussed with personnel of Deloitte Tax who are Federally Authorized Tax Practitioners or their agents for the purpose of obtaining Deloitte Tax's advice on tax matters may be privileged from disclosure in any non-criminal tax matters before the IRS and in non-criminal proceedings in Federal court that stem from matters before the IRS, if the United States is a party to the proceedings. The Client is solely responsible for managing the recognition, establishment and maintenance of the confidentiality privilege. The Client must notify Deloitte Tax if the Client wishes to invoke the confidentiality privilege, and Deloitte Tax will cooperate with the Client's reasonable instructions relating to the confidentiality privilege. Circumstances may arise under which the Client may wish to divulge or have Deloitte Tax divulge privileged information to other parties. The Client should be aware that such disclosure might result in a waiver of the confidentiality privilege. Accordingly, if the Client wishes Deloitte Tax to divulge such information, Deloitte Tax shall require the Client to provide Deloitte Tax in advance with written authority to make such disclosures. In addition, if it is ultimately determined that a significant purpose of the tax matter was to avoid or evade any U.S. federal income tax, the Client should be aware that the confidentiality privilege under §7525 of the Internal Revenue Code will not apply to any communications between the Client and Deloitte Tax.

In the event that Deloitte Tax receives a request from a third party (including a subpoena, summons or discovery demand in litigation) calling for the production of privileged information, Deloitte Tax will promptly notify the Client and will follow the Client's reasonable instructions regarding any third party requests or needs for such material before Deloitte Tax would disclose same as may be required under applicable law or rules. The Client agrees to hold Deloitte Tax harmless from, and also assumes responsibility for, any expenses (including attorney's fees, court costs, costs incurred by outside advisors and any other cost imposed whether by way of penalty or otherwise) incurred by Deloitte Tax as a result of the Client's assertion of the confidentiality privilege or the Client's direction to Deloitte Tax to assert the confidentiality privilege on behalf of the Client.

## Deloitte Tax Privacy Notice

**Introduction**
This privacy notice applies to clients who obtain services from Deloitte Tax. Deloitte Tax refers to Deloitte Tax LLP and its subsidiaries.

**Information Collection**
Deloitte Tax may collect personally identifiable information ("PII") from you such as:
- Home address
- Home telephone number
- Date of birth
- Government identifiers (such as social security number)

In connection with our client acceptance process, Deloitte Tax may collect PII about you that may be considered sensitive. This could include, for example, history of any criminal activity.
Deloitte Tax may also collect PII about you from, among other places:
- Information you provide directly to us
- Information regarding the services that Deloitte Tax provides or has previously provided to you
- Information Deloitte Tax receives from our affiliated entities or third parties relating to the establishment of our relationship or the provision of services to you

This information can be received in any manner, including in in-person discussions, telephone conversations, and electronic or other written communications.

**Information Use**
Deloitte Tax collects PII about you to:
- Establish or maintain our relationship with you
- Provide you with services you have requested
- Keep you informed of services we think may be of interest to you

Without PII, Deloitte Tax may be unable to provide you with the services you have requested.

**Disclosure of Information**
Deloitte Tax may share PII about you with others as permitted by contractual agreement or as required by law, such as:
- Our affiliates
- Third parties in connection with the provision of services to you
- Government entities and regulatory bodies
- Those with whom you have requested us to share information

Deloitte Tax requires third parties who perform services for us to agree to treat PII about you confidentially and securely.
Unless restricted by law, regulation, contract or professional standards, Deloitte Tax may transfer PII about you outside the United States to other countries for the purposes described in this privacy notice.
Deloitte Tax will provide notice and obtain your consent before:
- Sharing PII about you with an unaffiliated third party who is not performing services for us, except if such sharing is otherwise permitted by this privacy notice, or
- Using sensitive PII about you for purposes not described in this privacy notice

Deloitte Tax does not sell or lease PII about you to others.

**Access**
You may request access to the PII that Deloitte Tax has about you. You may also request the correction, amendment or deletion of PII about you that is inaccurate. Deloitte Tax will treat requests for access, correction, amendment or deletion of PII about you in accordance with its internal policies and applicable legal requirements.

**Information Security**
Deloitte Tax maintains reasonable physical, administrative and technical safeguards to protect PII from loss, misuse, or unauthorized access, disclosure, alteration or destruction. *Our personnel and the personnel of our affiliates are provided access to PII about you only if they have a need to know the information in connection with a legitimate business purpose, such as (i) the provision of services to you* or (ii) to help identify other services that Deloitte Tax and its affiliates offer that may be of interest or use to you.

**Changes to This Privacy Notice**
Deloitte Tax reserves the right to change this privacy notice. Deloitte Tax will provide you with a revised privacy notice that reflects such changes as required by law.

**Questions**
If you have any questions or concerns regarding this notice, please contact your engagement partner/principal/director.