# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KERI EVANS, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>JOHN F. AKERS, et al.,<br><br>   Defendants.<br><hr>MARK SIAMIS, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>JOHN F. AKERS, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Consolidated Under<br>Case No. 04-11380-WGY** |

### SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (*"Settlement Agreement"*) is entered into by and among (i) *Named Plaintiffs* in the above-captioned *Action* for themselves and on behalf of the *Settlement Class* and the *Plan*, (ii) *Defendants*, and (iii) *W. R. Grace*.

WHEREAS, *Named Plaintiffs* commenced the above-captioned *Action* asserting various claims for relief under the Employee Retirement Income Security Act of 1974 ("ERISA") against *Defendants*, all of which claims are disputed by *Defendants*; and

WHEREAS, the *Parties* desire to promptly and fully resolve and settle with finality the *Action*;

NOW, THEREFORE, the *Parties*, in consideration of the promises, covenants and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

1. **DEFINITIONS**

As used in this *Settlement Agreement*, italicized and capitalized terms and phrases not otherwise defined have the meanings provided below:

1.1.    *"Action"* or *"Lawsuit"* shall mean *Evans v. Akers* and *Siamis v. Akers*, consolidated under Case No. 04-11380 (WGY), and any and all cases now or hereafter consolidated therewith. *Action* or *Lawsuit* do not include *Bunch v. W. R. Grace & Co.*

1.2.    *"Agreement Execution Date"* shall have the meaning set forth in Section 11.13.

1.3.    *"Affiliates"* shall mean any entity (whether a corporation, partnership, or other trade or business) under "common control" with *W. R. Grace*, as defined in ERISA § 3(40)(B)(iii).

1.4.    *"Bankruptcy Court"* shall mean the United States Bankruptcy Court for the District of Delaware.

1.5.    *Bunch v. W. R. Grace & Co.* shall mean the action that was pending in the United States Court of Appeals for the First Circuit, Case No. 08-1406 and that was formerly pending in the District Court for the District of Massachusetts, and was consolidated with Case No. 04-11380 (WGY).

1.6.    *"Case Contribution Award"* shall mean the monetary amount awarded by the *District Court* in recognition of *Named Plaintiffs'* assistance in the prosecution of this *Action,* for which *Lead Counsel for Named Plaintiffs* may seek an amount not exceeding $5,000.00 for each of the *Named Plaintiffs*.

1.7.    *"Class Notice"* shall mean the form of notice appended as *Exhibit A* to the form of *Preliminary Approval Order,* attached hereto as *Exhibit 1.*

1.8.    *"Class Period"* shall mean the period from July 1, 1999 to April 19, 2004.

1.9.    *"Class Settlement Amount"* shall mean the sum of $10,000,000.00 ($10 million).

1.10.    *"Company"* shall mean *W. R. Grace*, each of its *Affiliates*, and each of its predecessors and *Successors-In-Interest,* whether as a debtor, debtor-in-possession, or reorganized debtor in the *W. R. Grace Chapter 11 Cases,* or otherwise.

1.11.    *"Company Stock Fund"* shall mean: the investment fund(s) within the *Plan* that invested primarily in *W. R. Grace Stock.*

1.12.    *"Complaint"* shall mean the First Amended Complaint for Violations of the Employee Retirement Income Security Act of 1974, filed on December 19, 2005 in the *Action.*

1.13.    *"Defendants"* shall mean the *Individual Defendants*, the Investments and Benefits Committee of the Plan, and the Administrative Committee of the *Plan.*

1.14.    *"Defendants' Released Claims"* shall mean any and all claims and causes of action relating to the institution or prosecution of the Action or relating to the settlement of any of *Plaintiffs' Released Claims.*

2

1.15.    *"Defendants' Released Persons"* shall mean the *Named Plaintiffs*, the *Settlement Class*, *Lead Counsel for Named Plaintiffs* and their appointed representatives.

1.16.    *"District Court"* shall mean the United States District Court for the District of Massachusetts.

1.17.    *"Effective Date"* shall mean the date on which the *Final Judgment* becomes *Final* in accordance with Section 1.21.

1.18.    *"ERISA"* shall mean the Employee Retirement Income Security Act of 1974, as amended, including all regulations promulgated and case law thereunder.

1.19.    *"Fairness Hearing"* shall have the meaning set forth in Section 2.1.4.

1.20.    *"Final"* shall mean, with respect to any judicial ruling or order: (1) that the time has expired to file an appeal, motion for reargument, motion for rehearing, petition for a writ of *certiorari* or other writ with respect to such judicial ruling or order with no such appeal, motion, petition or writ having been filed; or (2) if an appeal, motion for reargument, motion for rehearing, petition for a writ of *certiorari* or other writ has been filed with respect to such judicial ruling or order, (i) that the judicial ruling or order has been affirmed with no further right of review, or (ii) that such appeal, motion, petition, or writ has been denied or dismissed with no further right of review.

1.21.    *"Final Judgment"* shall mean a judgment substantially in the form attached hereto as *Exhibit 2*.

1.22.    *"Financial Institution"* shall have the meaning set forth in Section 7.1.

1.23.    *"Independent Fiduciary"* shall mean Independent Fiduciary Services, Inc.

1.24.    *"Individual Defendants"* shall mean John F. Akers, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Paul J. Norris, Thomas A. Vanderslice, H. Furlong Baldwin, Brenda Gottlieb, Robert M. Tarola, W. Brian McGowan, Michael Piergrossi, Eileen Walsh, David Nakashige, Elyse Napoli, Martin Hunter, and Ren Lapadario.

1.25.    *"Lead Counsel for Named Plaintiffs"* shall mean Barroway Topaz Kessler Meltzer Check, LLP.

1.26.    *"Litigants"* shall mean *Named Plaintiffs* and *Defendants*.

1.27.    *"Mediator"* shall mean The Honorable Nicholas H. Politan.

1.28.    *"Named Plaintiffs"* shall mean Keri Evans, Timothy Whipps and Mark Siamis.

1.29.    *"Parties"* shall mean *Named Plaintiffs*, *Defendants*, and *W. R. Grace*.

1.30.    *"Person"* shall mean an individual, partnership, corporation, governmental entity or any other form of entity or organization.

3

1.31.    *"Plaintiffs' Released Claims"* shall mean any and all claims (including without limitation claims in the *W. R. Grace Chapter 11 Cases)*, demands, rights, and causes of action, known or unknown, by or on behalf of the Plan, the Named Plaintiffs, and/or each and every member of the *Settlement Class* and their respective heirs, beneficiaries, executors, administrators, past and present partners, agents, attorneys, and assigns against *Plaintiffs' Released Persons* (a) that were brought or could have been brought in the *Lawsuit*, (b) that arise out of the *Lawsuit*, (c) that arise out of any of the acts, omissions, facts, matters, transactions or occurrences in the Complaint, (d) that would be or are barred by principles of res judicata based on the claims asserted in the Complaint, or (e) that arise under ERISA and relate to the Plan's, purchase, sale or holding of *W. R. Grace Stock*, any interest in the *Company Stock Fund*, or any units in the *Company Stock Fund*. *Plaintiffs' Released Claims* shall also include any and all claims relating to any *Plaintiffs' Released Persons'* actions or conduct related to the calculation or allocation of the *Settlement Fund* pursuant to the *Plan of Allocation*, provided such actions or conduct are carried out in good faith and non-negligently. Nothing in this *Settlement* shall release, bar, waive, or preclude any claim that has been asserted in *Bunch v. W. R. Grace & Co.*

1.32.    *"Plaintiffs' Released Persons"* shall mean (i) any of the *Defendants* and any of their families, heirs, executors, trustees, personal representatives, estates or administrators, attorneys, counselors, insurers, reinsurers, financial or investment advisors, dealer managers, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents and (ii) *W. R. Grace* and its parents, *Affiliates*, partners, subsidiaries, predecessors, *Successors* or assigns, past or present officers, directors, associates, controlling persons, representatives, employees, attorneys, counselors, insurers, reinsurers, financial or investment advisors, dealer managers, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents.

1.33.    *"Plan"* shall mean the W. R. Grace & Co. Savings and Investment Plan, and all predecessor and successor plans, individually and collectively, and any trust(s) created under such *Plan*.

1.34.    *"Plan of Allocation"* shall mean the Plan of Allocation approved by the *District Court* as contemplated by Section 2.1.4 and described in Section 8.3.3 and in the form attached hereto as *Exhibit 3*.

1.35.    *"Preliminary Approval Order"* shall have the meaning set forth in Section 2.1.1 and be in the form attached hereto as *Exhibit 1*.

1.36.    *"Preliminary Approval Motion"* shall have the meaning set forth in Section 2.1.1.

1.37.    *"Representatives"* shall mean attorneys, agents, directors, officers, or employees.

1.38.    *"Settlement"* shall mean the settlement to be consummated under this *Settlement Agreement*.

1.39.    *"Settlement Agreement"* shall mean this Settlement Agreement.

4

1.40.    *"Settlement Class"* shall mean all Persons who were participants in or beneficiaries of the *Plan* at any time between July 1, 1999 to April 19, 2004 and whose accounts included investment in *the Company Stock Fund* at any point during that time period, excluding the Defendants.

1.41.    *"Settlement Fund"* shall have the meaning set forth in Section 7.1 and all subparts thereof.

1.42.    *"Successors"* or *"Successors-In-Interest"* shall mean a *Person's* estate, legal representatives, heirs, successors, or assigns, including successors or assigns that result from corporate mergers or other structural changes.

1.43.    *"W. R. Grace"* shall mean W. R. Grace & Co.

1.44.    *"W. R. Grace Chapter 11 Cases"* shall mean the jointly administered Chapter 11 bankruptcy cases filed in the *Bankruptcy Court,* titled <u>*In re W. R. Grace & Co., et al.,*</u> with the lead bankruptcy case No. 01-01139 (JKF).

1.45.    *"W. R. Grace Stock"* shall mean shares of voting common stock or any class of capital stock convertible into voting common stock that *W. R. Grace* is or was authorized to issue.

## 2.    CONDITIONS AND OBLIGATIONS RELATING TO THE EFFECTIVENESS OF THE SETTLEMENT

The *Settlement* shall not become effective unless and until each and every one of the following conditions in Sections 2.1 through 2.5 have been satisfied or waived:

2.1.    <u>Condition #1:  *District Court* Approval and Class Certification</u>.  The *District Court* must have approved the *Settlement* and certified the action as a class action for settlement purposes.  The following steps will be followed:

2.1.1.  <u>Motion for Preliminary Approval of *Settlement.*</u>  The *Litigants* will, in good faith, use their best efforts to enable *Named Plaintiffs* to file a motion (*"Preliminary Approval Motion"*) with the *District Court* for an order, substantially in the form annexed hereto as *Exhibit 1,* including the exhibits thereto (the *"Preliminary Approval Order"*) as soon as practicable, and the *Litigants,* in good faith, shall take reasonable steps to (i) secure expeditious *District Court* entry of the *Preliminary Approval Order*; and (ii) seek a date for the *Fairness Hearing,* described in Section 2.1.4, sixty (60) days from the mailing of the *Class Notice* in accordance with Section 2.1.3.

2.1.2.  <u>Class Certification</u>.  In connection with the proceedings on preliminary and final approval of the proposed *Settlement, Named Plaintiffs,* through *Lead Counsel for Named Plaintiffs,* will seek orders (preliminary and final, respectively) certifying the *Settlement Class* pursuant to FED. R. CIV. P. 23(b)(1) and *Defendants* shall consent to such certifications of the *Settlement Class* for purposes of this *Settlement* only.

5

2.1.3. Issuance of *Class Notice*.    As ordered by the *District Court* in its *Preliminary Approval Order*, *Lead Counsel for Named Plaintiffs* shall cause the *Class Notice* to be disseminated to the *Settlement Class*. *W. R. Grace* shall use its reasonable best efforts in good faith to provide *Lead Counsel for Named Plaintiffs*, in electronic format, within thirty (30) days following Preliminary Approval of the *Settlement*, the names and last known addresses of the *Settlement Class* and timely respond to any reasonable written requests for accessible data in *W. R. Grace* or the *Plan* trustee's/record keeper's (past or present) custody or control necessary to effectuate notice and implement, enforce or determine the administrability of a *Plan of Allocation* (as described and/or provided for herein). No charge against the *Settlement Fund* or to *Named Plaintiffs*, *Lead Counsel for Named Plaintiffs* or other Class Counsel or the *Settlement Class* shall be made, directly or indirectly, for the gathering or the provision of such information or assistance.

2.1.4. The *Fairness Hearing*.    In connection with the motion for entry of the *Preliminary Approval Order*, the *Litigants* will request that the *District Court* schedule and conduct a hearing sixty (60) days from the mailing of the *Class Notice*, at which it will consider whether the *Settlement* is fair, reasonable, and adequate ("*Fairness Hearing*") pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, the *Named Plaintiffs* will request that the *District Court* determine, on or after the *Fairness Hearing*: (i) whether to enter judgment substantially in the form attached as *Exhibit 2* finally approving the *Settlement* and dismissing with prejudice the *Action* (which judgment is referred to herein as the "*Final Judgment*"); (ii) whether the distribution of the *Class Settlement Amount* as provided in the *Plan of Allocation* should be approved or modified; (iii) what legal fees, compensation and expenses should be awarded to *Lead Counsel for Named Plaintiffs* as contemplated by Article 10 of this *Settlement Agreement*; and (iv) what amount of *Case Contribution Award*, if any, should be awarded to the *Named Plaintiffs*. The *Parties* agree to support entry of the *Final Judgment*. *Defendants* will not take any position with respect to the matters described in clauses (ii), (iii) or (iv) of this Section 2.1.4, so long as disposition of those matters is substantially in accordance with the provisions of Section 8 and Section 10 of this *Settlement Agreement*. The *Litigants* otherwise covenant and agree that they will reasonably cooperate with one another in seeking entry of the *Final Judgment*.

2.2.    Condition #2: *Bankruptcy Court* Approval.    The *Bankruptcy Court* must have approved, pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Rule 9019"), *W. R. Grace*'s entry into: (i) the *Settlement Agreement*, *(ii)* its agreement retaining the *Independent Fiduciary* ("*Retention Agreement*"), and (iii) its agreement and claims release with its insurer ("*Insurer Agreement*") in a *Final* order. Within ten (10) calendar days of the execution of this *Settlement Agreement* by the *Defendants*, *W. R. Grace* shall cause to be filed an appropriate motion, consistent in all respects with this *Settlement Agreement*, pursuant to Rule 9019 with the *Bankruptcy Court* seeking approval of *W. R. Grace*'s entry into the *Settlement Agreement*, *the Retention Agreement*, and the *Insurer Agreement* and authorizing the *Company* to proceed with the *Settlement*, and to

6

implement the *Settlement* in the *District Court*. Any pleadings to be filed with the *Bankruptcy Court* shall be subject to at least three business days prior review by *Lead Counsel for Named Plaintiffs*.

2.3.    Condition #3: Funding of *Class Settlement Amount*. *Defendants* must have caused the funds as specified in Section 7.2 of this *Settlement Agreement* to be deposited into the *Settlement Fund* in accordance with Section 7.2.

2.4.    Condition #4: Finality of *Final Judgment*. The *Final Judgment* must have become *Final*.

2.5.    Condition #5: *Independent Fiduciary's* Approval. The *Independent Fiduciary* must have approved the Settlement in accordance with this Paragraph. The *Independent Fiduciary* shall be retained, at the expense of *W. R. Grace*, its *insurers*, and/or the *Defendants*, to evaluate the *Settlement*. No later than ten (10) days in advance of the *Fairness Hearing*, the *Independent Fiduciary* must: (a) approve the *Settlement* and give a release on behalf of the *Plan of Plaintiffs' Released Claims to Plaintiffs' Released Persons*, and/or (b) authorize the *Settlement* in accordance with Prohibited Transaction Class Exemption 2003-39, and/or (c) find that the *Settlement* does not constitute a prohibited transaction under *ERISA* § 406. The *Parties* have agreed that Independent Fiduciary Services, Inc. shall serve as the *Independent Fiduciary*. The *Defendants* shall determine whether they require any or all of (a) and /or (b) and/or (c), above. The *Parties* shall cooperate in providing information to the *Independent Fiduciary*, as requested.

## 3. RELEASES

3.1.    *Named Plaintiffs', the Settlement Class's, and the Plan's* Releases. Upon the *Effective Date*, *Named Plaintiffs* shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge, and the *Plan* and the *Settlement Class* shall, by operation of the *Final Judgment*, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the *Plaintiffs' Released Persons* from all *Plaintiffs' Released Claims*. In addition, upon the *Effective Date*, *Named Plaintiffs* and members of the *Settlement Class* agree to dismiss their claims, if any, pending in the *W. R. Grace Chapter 11* Cases relating to *Plaintiffs' Released Claims* in the *Bankruptcy Court* and agree not to file any new claims relating to *Plaintiffs' Releases Claims* in *W. R. Grace's Chapter 11 Cases*.

3.2.    *Defendants'* Releases. Upon the *Effective Date*, *Defendants* shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the *Defendants' Released Persons* from any and all *Defendants' Released Claims*.

3.3.    Scope of *Releases*.

3.3.1. Nothing in this *Settlement* shall release, bar, waive, or preclude any claim that (a) has been or could be asserted directly or derivatively by any member of the proposed *Settlement Class* or the *Plan* under the federal securities laws or the securities laws of any state regarding the purchase or sale of any *W. R. Grace*

7

security or debt instrument, or (b) has been or could be asserted in *Bunch v. W.R. Grace & Co.*.

3.3.2. Except as otherwise set forth in Section 1.30, the releases set forth in Sections 3.1 to 3.2 are not intended to include the release of any rights or duties of the *Parties* arising out of this *Settlement Agreement*, including the express warranties and covenants contained herein.

3.3.3. *Named Plaintiffs*, on their own behalf and on behalf of all members of the *Settlement Class*, and the *Plan* with respect to all other *Parties*, and *Defendants*, with respect to the *Named Plaintiffs* and all members of the *Settlement Class*, hereby expressly waive any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction, except as otherwise expressly delineated herein. Section 1542 reads in pertinent part:

> "A general release does not extend to claims that the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

*Named Plaintiffs*, on their own behalf and on behalf of all members of the *Settlement Class* and the *Plan*, and *Defendants* each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction was bargained for.

## 4. COVENANTS

The *Parties* covenant and agree as follows:

4.1.   Covenants Not to Sue.

4.1.1. *Named Plaintiffs* and the *Settlement Class* covenant and agree: (i) not to file against any of *Plaintiffs' Released Persons* or the *Plan* any claim released under Section 3; and (ii) that the foregoing covenant and agreement shall be a complete defense to any such claims against any of the respective *Plaintiffs' Released Persons*.

4.1.2. *Defendants* covenant and agree (i) not to file against any of *Defendants' Released Persons* or the *Plan* or any other *Defendant* any claim released under Section 3; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claims against any of *Defendants' Released Person*, the *Plan*, or any *Defendant*.

8

4.2.    Taxation of *Class Settlement Amount*.  *Named Plaintiffs* acknowledge on their own behalf, and on behalf of the *Settlement Class*, that the *Plaintiffs' Released Persons* have no responsibility for any taxes due on funds deposited in the *Settlement Fund* or that *Lead Counsel for Named Plaintiffs* receive from the *Class Settlement Amount*, should any be awarded pursuant to Article 10 hereof. Nothing herein shall constitute an admission or representation that any taxes will or will not be due on the *Class Settlement Amount*. *W. R. Grace* shall use its reasonable best efforts to cause the *Plan* trustee to treat the amounts allocated pursuant to the *Plan of Allocation* as restorative payments consistent with Revenue Ruling 2002-45, 2002-2 C. B. 116, 2002 WL 137852.

4.3.    Cooperation.  *W. R. Grace* shall use its best efforts to provide *Lead Counsel for Named Plaintiffs*, in electronic format and within thirty (30) days of Preliminary Approval of the *Settlement*, the names and last known addresses of members of the *Settlement Class* and timely respond to reasonable written requests for accessible data in the *Company*'s custody or control necessary to implement, enforce or administer a proposed *Class Notice* or notice plan. No charge against the *Settlement Fund* or to *Named Plaintiffs, Lead Counsel for Named Plaintiffs* or other Class Counsel or the *Settlement Class* shall be made, directly or indirectly, for the gathering or the provision of such information or assistance. The *Parties* further agree to cooperate with the goal of obtaining entry of a *Final Judgment* as quickly as is reasonably practicable, including, but not limited to, the expeditious preparation and execution of all documents necessary to achieve final approval of the *Settlement* by the *District Court*.

## 5.  REPRESENTATIONS AND WARRANTIES

5.1.    *Named Plaintiffs*' Representations and Warranties.

5.1.1.  *Named Plaintiffs* represent and warrant that they have not assigned or otherwise transferred any interest in any of *Plaintiffs' Released Claims* against any of *Plaintiffs' Released Persons*, and further covenant that they will not assign or otherwise transfer any interest in any of *Plaintiffs' Released Claims*.

5.1.2. Pursuant to Articles 3 and 4, *Named Plaintiffs* represent and warrant that they shall have no surviving claim or cause of action against any of the *Plaintiffs' Released Persons* or the *Plan* with respect to the *Plaintiffs' Released Claims*.

5.2.    *Parties'* Representations and Warranties.  The *Parties*, and each of them on his, her, or its behalf only, represent and warrant:

5.2.1.  That they are voluntarily entering into this *Settlement Agreement* as a result of arms-length negotiations among their counsel, with the assistance of the *Mediator*; that in executing this *Settlement Agreement* they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in

9

executing this *Settlement Agreement* by any representations, statements or omissions pertaining to any of the foregoing matters by any *Party* or by any *Person* representing any *Party* to this *Settlement Agreement*. Each of the *Parties* assumes the risk of mistake as to facts or law.

5.2.2.  That they have carefully read the contents of this *Settlement Agreement*, and that this *Settlement Agreement* is signed freely by each *Person* executing this *Settlement Agreement* on behalf of each of the *Parties*. The *Parties*, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the *Settlement*, this *Settlement Agreement* and all of the matters pertaining thereto, as he, she, or it deems necessary.

5.3.  Signatories' Representations and Warranties. Each individual executing this *Settlement Agreement* on behalf of any other *Person* or the *Settlement Class* does hereby personally represent and warrant to the other *Parties* that he or she has the authority to execute this *Settlement Agreement* on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

## 6.  NO ADMISSION OF LIABILITY

The *Parties* understand and agree that this *Settlement Agreement* embodies a compromise settlement of disputed claims, and that nothing in this *Settlement Agreement*, including the furnishing of consideration for this *Settlement Agreement*, shall be deemed to constitute any finding of fiduciary status under *ERISA* or wrongdoing by any of the *Defendants* or give rise to any inference of fiduciary status under *ERISA* or wrongdoing or admission of wrongdoing or liability in the *Action* or any other proceeding. This *Settlement Agreement* and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. Moreover, *Defendants* specifically deny any such liability or wrongdoing. Neither the fact nor the terms of this *Settlement Agreement* shall be offered or received in evidence, or otherwise introduced for any purpose in any action or proceeding between the *Parties*, for any purpose, except (i) in an action or proceeding arising under this *Settlement Agreement* or arising out of or relating to the *Preliminary Approval Order* or the *Final Judgment*, or (ii) in an action or proceeding where the releases provided pursuant to this *Settlement Agreement* may serve as a bar to recovery.

## 7.  THE SETTLEMENT FUND AND DEPOSITS INTO THE SETTLEMENT FUND

7.1.  The Settlement Fund.

7.1.1.  No later than five (5) business days after the entry of the *Preliminary Approval Order*, *Lead Counsel for Named Plaintiffs* shall (i) establish at a federally-insured financial institution (the "*Financial Institution*") a Settlement Fund account (the "*Settlement Fund*"); and (ii) provide notice to *Defendants* of information needed to fund the *Settlement*. The monies in the *Settlement Fund* shall be considered a common fund created as a result of the *Action*.

7.1.2.  The *Settlement Fund* shall include interest earned thereon, for the benefit of *Named Plaintiffs* and the *Settlement Class*, and shall be invested only in United

10

States Treasury securities and/or securities of United States agencies backed by the full faith and credit of the United States Treasury with a maturity period not to exceed thirty (30) days, repurchase agreements collateralized by such securities, and mutual funds or money market accounts, provided that such funds or accounts invest exclusively in the foregoing securities.

7.1.3.  *Lead Counsel for Named Plaintiffs* or a third party administrator appointed by *Lead Counsel for Named Plaintiffs* shall structure and manage the *Settlement Fund* to qualify as a Qualified Settlement Fund under Section 468B of the Internal Revenue Code and Treasury regulations promulgated thereunder. It is intended that the *Settlement Fund* be structured and administered to preserve, to the maximum degree possible, the tax benefits associated with *ERISA*-qualified plans. The *Parties* shall not take a position in any filing or before any tax authority inconsistent with such treatment.

> 7.1.3.1.    All taxes on the income of the *Settlement Fund* and tax-related expenses incurred in connection with the taxation of the *Settlement Fund* shall be paid out of the *Settlement Fund*. Fees and expenses incurred by any third-party vendor appointed by *Lead Counsel for Named Plaintiffs*, for calculation, allocation, and distribution pursuant to the *Plan of Allocation* will be paid from the *Settlement Fund*.

> 7.1.3.2.    *Lead Counsel for Named Plaintiffs* shall have signature authority over the *Settlement Fund*, and shall direct the *Financial Institution* to pay from the *Settlement Fund* all reasonable costs of administering the *Settlement Fund* without further order of the *District Court*, which expenses shall include (i) expenses associated with the preparation and filing of all tax reports and tax returns required to be filed by the *Settlement Fund*; (ii) payment of any taxes owed by the *Settlement Fund*; (iii) expenses associated with the preparation and issuance of any required Forms 1099 associated with payments from the *Settlement Fund*; and (iv) fees charged and expenses incurred by the *Financial Institution* or the *Plan* trustee and/or third-party vendor associated with administration of the *Settlement Fund* or the allocation or distribution of the *Settlement Fund* pursuant to the *Plan of Allocation*.

> 7.1.3.3.    *Lead Counsel for Named Plaintiffs* may instruct the *Financial Institution* to reserve any portion of the *Settlement Fund* for the purpose of satisfying future or contingent expenses or obligations, including expenses of Settlement Fund administration or any disbursement provided in Article 8 of this *Settlement Agreement*. *Defendants* will take no position, directly or indirectly, with respect to such matters.

7.1.4.  Except as provided in Articles 8 and 10, no monies shall be paid to *Lead Counsel for Named Plaintiffs* or *Named Plaintiffs* from the *Settlement Fund*.

7.1.5.  The *Parties* acknowledge and agree that *Defendants* and the *Company* shall have no authority, control, or liability in connection with the design,

management, administration, investment, maintenance, or control of the *Settlement Fund*, for any expenses the *Settlement Fund* may incur, or for any taxes that may be payable by the *Settlement Fund* or any distributee therefrom.

7.2.    The *Class Settlement Amount*. In consideration of, and expressly in exchange for, all of the promises and agreements set forth in this *Settlement Agreement*, *Defendants* will, within thirty (30) days following entry of the *Preliminary Approval Order*, cause the *Class Settlement Amount* to be deposited into the *Settlement Fund* via wire transfer. Prior to such funding deadline, *Lead Counsel for Named Plaintiffs* shall provide to the *Defendants* any information in writing needed to fund the *Settlement*.

7.3.    Sole Monetary Contribution. Except as specifically set forth in the *Agreement*, the *Class Settlement Amount* shall be the full and sole monetary obligation of *Defendants* and *the Company* in connection with the *Settlement* effected between *Named Plaintiffs*, the *Plan*, and the *Settlement Class* on the one hand, and *Defendants* and *W. R. Grace* on the other hand, under this *Settlement Agreement*. The *Class Settlement Amount* specifically covers any claims for any costs or expenses associated with or related to the *Class Notice*. Except as otherwise specified in this *Settlement Agreement* or in the insurance policy between *Defendants* and *Defendants'* insurer, the *Parties* shall bear their own costs and expenses (including attorneys' fees) in connection with the *Settlement* and securing all necessary court orders and approvals with respect to the same.

8.    **PAYMENTS FROM THE SETTLEMENT FUND**

8.1.    *Defendants'* Expenses. Except as otherwise provided for herein, *Defendants* and their counsel shall not charge any fees or expenses to the *Settlement Fund* and all other costs relating to the *Settlement* shall be borne by the *Party* that incurred them, or by his, her or its insurer.

8.2.    Expenses of *Class Notice*. *Lead Counsel for Named Plaintiffs* shall direct the *Financial Institution* in writing to disburse from the *Settlement Fund* the payment of costs of the *Class Notice*. If the *Settlement Agreement* is terminated for any reason or if any condition stated in Article 2 above is not satisfied or waived, no *Person* shall have an obligation to reimburse to the *Settlement Fund* the costs of the *Class Notice*, or other costs or expenses of the *Settlement Fund* properly charged to the *Settlement Fund* under this *Settlement Agreement*.

8.3.    Disbursements from the *Settlement Fund*. *Lead Counsel for Named Plaintiffs* shall direct the *Financial Institution* to disburse money from the *Settlement Fund* as follows:

8.3.1.    For any *Case Contribution Award*, as provided in Section 10.3 herein.

8.3.2.    For Taxes and Expenses of the *Settlement Fund*, as provided in Section 7.1.3 herein.

8.3.3.    For the *Plan of Allocation*. *Lead Counsel for Named Plaintiffs* shall propose to the *District Court* a *Plan of Allocation* ("*Plan of Allocation*") in

12

substantial conformity to the one attached hereto as *Exhibit 3*, which shall provide for the calculation, allocation, and distribution of the *Settlement Fund* net of the disbursements called for in this Section 8 ("*Net Proceeds*"). Such *Plan of Allocation* will provide the method by which the specific dollar amount to be allocated by the *Plan* to each member of the *Settlement Class* will be calculated. The *Plan of Allocation* proposed by *Lead Counsel for Named Plaintiffs* shall be sufficiently specific to allow any third-party vendor appointed by *Lead Counsel for Named Plaintiffs* to perform the calculations called for in the *Plan of Allocation*. On or after the *Effective Date*, *Lead Counsel for Named Plaintiffs* shall direct the *Financial Institution* to disburse the *Net Proceeds* to the *Plan* for distribution to members of the Settlement Class in accordance with the calculations by any third-party vendor in accordance with the *Plan of Allocation*. *Defendants*, to the extent they were participants or beneficiaries of the *Plan* at any time during the *Class Period*, will be excluded from the *Plan of Allocation*. Although attached hereto, the *Plan of Allocation* is a matter separate and apart from the *Settlement* between the *Parties*, and no decision by the *District Court* concerning the *Plan of Allocation* shall affect the validity of the *Settlement Agreement* or the finality of the *Settlement* in any manner. *W. R. Grace* and/or the *Plan* Trustee and/or record-keeper (past or present) will, at the request of *Lead Counsel for Named Plaintiffs* and without charge to *Lead Counsel for Named Plaintiffs* or the *Settlement Fund*, attempt to obtain information that is reasonably necessary to administer the *Plan of Allocation*.

8.3.4.  For attorneys' fees and expenses, as described in Section 10.1.

## 9.    TERMINATION OF THE SETTLEMENT AGREEMENT

9.1.    Termination.    Automatic termination of this *Settlement Agreement*, thereby making the *Settlement* null and void from its inception (except as otherwise provided in this *Settlement Agreement*), will occur if any or all of the conditions of Article 2, Section 2.1 to 2.5 (unless waived) of this *Settlement Agreement* or Article 7, Section 7.2 of this *Settlement Agreement* are not fully satisfied or waived.

9.2.    Consequences of Termination of the *Settlement Agreement*.    If the *Settlement Agreement* is terminated and rendered null and void from its inception for any reason specified in Section 9.1, the following shall occur:

9.2.1.  Upon written request by *Defendants, Lead Counsel for Named Plaintiffs* shall within ten (10) days after the date of termination of the *Settlement Agreement* notify the *Financial Institution* in writing to return to *Defendants* the amounts contributed to the *Settlement Fund*, with all net income earned thereon, after deduction of any amount earlier disbursed or owed for the *Class Notice*, expenses charged by the *Financial Institution*, and any reasonable expense (unless waived) of the *Settlement Fund* disbursed or owed pursuant to Section 7.1.3, directing the *Financial Institution* to effect such return within ten (10) days.

13

9.2.2. The *Action* shall for all purposes with respect to the *Parties* revert to its status as of the day immediately before the *Agreement Execution Date*.

9.2.3. This *Settlement Agreement*, including but not limited to the releases in Section 3, shall be null and void from its inception except as otherwise provided in this *Settlement Agreement*. Neither the fact nor the terms of this *Settlement Agreement* shall be offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding arising under, or to give effect to a provision of, this *Settlement Agreement*.

10.    **ATTORNEYS' FEES AND EXPENSES**

10.1.    Application for Attorneys' Fees and Expenses. *Lead Counsel for Named Plaintiffs* may apply to the *District Court* for an award of attorneys' fees and for reimbursement of expenses to be paid from the *Settlement Fund*. *Defendants* will take no position on any fee request submitted by *Lead Counsel for Named Plaintiffs*, *Defendants* shall take no any position on any request for reimbursement of expenses reasonably incurred in prosecuting the *Action*, and Defendants shall take no position on any request for *Case Contribution Awards*. *Lead Counsel for Named Plaintiffs* may direct payment of any court-approved award of fees and expenses from the *Settlement Fund* after the date on which the *District Court* enters *Final Judgment* and (if separate) an order approving *Lead Counsel for Named Plaintiffs*' application for fees and expenses. In the event that, before the *Effective Date*, the *Settlement* is set aside or the award of attorneys' fees and expenses is set aside or modified, *Lead Counsel for Named Plaintiffs* shall promptly deposit into the *Settlement Fund* the attorneys' fees and expenses paid out which has been set aside or modified, plus interest on fees accrued thereon for the period from payment from the *Settlement Fund* to *Lead Counsel for Named Plaintiffs* at a rate equal to the rate of interest earned by the *Settlement Fund* during the same period.

10.2.    Application for *Named Plaintiffs'* Compensation. *Lead Counsel for Named Plaintiffs* may apply to the *District Court* for a *Case Contribution Award* not to exceed $5,000.00 for each of the *Named Plaintiffs* payable solely from the *Settlement Fund*, and the *Named Plaintiffs* shall be entitled to receive such compensation from the *Settlement Fund* to the extent awarded by the *District Court* (or as modified, if necessary, following any appeal).

10.3.    Disbursement of *Named Plaintiffs'* Compensation. Upon the *Effective Date*, *Lead Counsel for Named Plaintiffs* may instruct the *Financial Institution* in writing to disburse to the *Named Plaintiffs* payment, in the amount awarded by the *District Court* (or as modified, as necessary, following any appeal) as the *Case Contribution Award* from the *Settlement Fund*.

10.4.    Post-Award Expenses. *Lead Counsel for Named Plaintiffs* may make a supplemental application to the *District Court* for an award of reasonable expenses with respect to post-*Settlement* proceedings and administration, and any such award shall only be payable from the *Settlement Fund* and not by any *Defendant* or the *Company*.

14

11.   **MISCELLANEOUS PROVISIONS**

11.1.   Governing Law.  This *Settlement Agreement* shall be governed by the laws of the State of Massachusetts without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law, including the United States Bankruptcy Code, shall govern.

11.2.   Severability.  In the event that any court with original or appellate jurisdiction over this *Action* issues a *Final* determination that any portion of Article 3 is not enforceable, the *Parties* may (but shall not be required to) jointly agree in writing to modify Article 3 to conform with such determination.  With the sole exception set forth in the preceding sentence, the provisions of this *Settlement Agreement* are not severable.

11.3.   Amendment.  Before entry of the *Final Judgment,* the Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all *Parties* with notice to be given to the *District Court* (or, if applicable, the *Bankruptcy Court*) of the agreed modification or amendment.  Following entry of the *Final Judgment,* the *Settlement Agreement* may be modified or amended only by written agreement signed on behalf of all *Parties*, and approved by the *District Court.*

11.4.   Waiver.  The provisions of this *Settlement Agreement* may be waived only by an instrument in writing executed by the waiving *Party.*  The waiver by any *Party* of any breach of this *Settlement Agreement* shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this *Settlement Agreement.*

11.5.   Construction.  None of the *Parties* hereto shall be considered to be the drafter of this *Settlement Agreement* or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

11.6.   Principles of Interpretation.  The following principles of interpretation apply to this *Settlement Agreement.*

　　　　11.6.1. Headings.  The headings of this *Settlement Agreement* are for reference purposes only and do not affect in any way the meaning or interpretation of this *Settlement Agreement.*

　　　　11.6.2. Singular and Plural.  Definitions apply to the singular and plural forms of each term defined.

　　　　11.6.3. Gender.  Definitions apply to the masculine, feminine, and neuter genders of each term defined.

　　　　11.6.4. References to a *Person*.  References to a *Person* are also to the *Person's Successors-in-Interest.*

15

11.6.5. <u>Terms of Inclusion</u>.  Whenever the words "include," "includes" or "including" are used in this *Settlement Agreement*, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

11.7.  <u>Further Assurances</u>.  Each of the *Parties* agrees, without further consideration and as part of effectuating the *Settlement* hereunder, that they will in good faith execute and deliver such other documents and take such other actions as may be reasonably necessary to consummate and effectuate the subject matter and purpose of this *Settlement Agreement*.

11.8.  <u>Survival.</u>  All representations, warranties and covenants set forth in this *Settlement Agreement* shall be deemed continuing and shall survive the *Effective Date* and/or the termination or expiration of this *Settlement Agreement*.

11.9.  <u>Notices</u>.  Any notice, demand or other communication under this *Settlement Agreement* (other than the *Class Notice*, or other notices given at the direction of the *District Court*) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed facsimile, or delivered by reputable express overnight courier;

IF TO *NAMED PLAINTIFFS*:

Joseph H. Meltzer
Edward W. Ciolko
Katherine B. Bornstein
BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056

IF TO *INDIVIDUAL DEFENDANTS OR W. R. GRACE:*

Carol Connor Cohen
Nancy S. Heermans
Caroline Turner English
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

11.10.  <u>Entire Agreement</u>.  This *Settlement Agreement* contains the entire agreement among the *Parties* relating to this *Settlement*.

16

11.11. Counterparts. This *Settlement Agreement*, and any amendments thereto, and waivers of conditions, may be executed by exchange of faxed or electronically mailed executed signature pages, and any signature transmitted by facsimile or electronic mail for the purpose of executing this *Settlement Agreement* shall be deemed an original signature for purposes of this *Settlement Agreement*. This *Settlement Agreement* may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

11.12. Binding Effect. This *Settlement Agreement* binds and inures to the benefit of the *Parties* hereto, their assigns, heirs, administrators, executors and successors and the *Company*.

11.13. *Agreement Execution Date*. The date on which the final signature is affixed below shall be the *Agreement Execution Date*.

11.14. No Benefits to Non-Parties. Except as otherwise stated herein, this *Settlement Agreement* is not intended to confer any benefits upon any *Person*.

IN WITNESS WHEREOF, the *Parties* have executed this *Settlement Agreement* on the dates set forth below.

FOR *NAMED PLAINTIFFS*:

Dated: 4-26-09                                    By: _____

                                                      Joseph H. Meltzer
                                                      Edward W. Ciolko
                                                      Katherine B. Bornstein
                                                      BARROWAY TOPAZ KESSLER
                                                        MELTZER & CHECK, LLP
                                                      280 King of Prussia Road
                                                      Radnor, Pennsylvania 19087
                                                      Telephone: (610) 667-7706
                                                      Facsimile: (610) 667-7056
                                                      *Lead Counsel for Named Plaintiffs*

FOR *DEFENDANTS*:

Dated: 4-26-09                                    By: _____

                                                      Carol Connor Cohen
                                                      Nancy S. Heermans
                                                      Caroline Turner English
                                                      ARENT FOX LLP
                                                      1050 Connecticut Avenue, N.W.
                                                      Washington, D.C. 20036
                                                      Telephone: (202) 857-6000
                                                      Facsimile: (202) 857-6395
                                                      *Counsel for Defendants*

17

FOR *W. R. GRACE*:

Dated: __4-20-09__                    By: _____

Carol Connor Cohen
Nancy S. Heermans
Caroline Turner English
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395
*Counsel for W. R. Grace*

18

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KERI EVANS, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>JOHN F. AKERS, et al., )<br><br>Defendants. )<br>_____ )<br>MARK SIAMIS, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>JOHN F. AKERS, et al., )<br><br>Defendants. )<br>_____ ) | **Consolidated Under**<br>**Case No. 04-11380-WGY** |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT
PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING
DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

This *Action* involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the W. R. Grace & Co. Savings and Investment Plan, and all predecessor and successor plans, individually and collectively, and any trust(s) created under such Plan (the *"Plan"*).

The terms of the *Settlement* are set out in the Settlement Agreement fully executed as of April ___, 2009 (the "Agreement" or "Settlement Agreement"), executed by counsel on behalf of the *Named Plaintiffs*, the *Defendants*, and *W. R. Grace*.[1]

Pursuant to *Named Plaintiffs'* Motion for Preliminary Approval, on _____, the *District Court* (the *"Court"*) preliminarily considered the *Settlement* to determine, among other things, whether the *Settlement* is sufficient to warrant the issuance of notice to members of the proposed *Settlement Class*. Upon reviewing the Settlement Agreement and the matter having come before the *Court* at the _____ hearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. ***Class* Findings:**    Solely for the purposes of the *Settlement*, the *Court* preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the *Court* and any other applicable law have been met as to the *Class* defined below, in that:

(a)    The *Court* preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(1), the *Settlement Class* is ascertainable from records kept with respect to the *Plan* and from other objective criteria, and the members of the *Settlement Class* are so numerous that their joinder before the *Court* would be impracticable.

---

[1]    Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement fully executed as of April ___, 2009.

(b)     The *Court* preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of fact and/or law common to the *Settlement Class*.

(c)     The *Court* preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(3), the claims of the *Named Plaintiffs* are typical of the claims of the *Settlement Class*.

(d)     The *Court* preliminarily finds, for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(4), that the *Named Plaintiffs* will fairly and adequately protect the interests of the *Settlement Class* in that: (i) the interests of the *Named Plaintiffs* and the nature of their alleged claims are consistent with those of the members of the *Settlement Class*, (ii) there appear to be no conflicts between or among the *Named Plaintiffs* and the *Settlement Class*, and (iii) the *Named Plaintiffs* and the members of the *Settlement Class* are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

(e)     The *Court* preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the *Class* would create a risk of: (i) inconsistent or varying adjudications as to individual *Settlement Class* members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this *Action* or (ii) adjudications as to individual *Settlement Class* members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests.

2

(f)     The *Court* preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(g), *Lead Counsel for Named Plaintiffs* ("*Class Counsel*") are capable of fairly and adequately representing the interests of the *Settlement Class*, in that *Class Counsel* (i) have done appropriate work identifying or investigating potential claims in the action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the *Class*.

2.     ***Class* Certification** – The *Court*, in conducting the settlement approval process required by FED. R. CIV. P. 23, preliminarily certifies solely for purposes of settlement the following class under FED. R. CIV. P. 23(b)(1) (the "*Class*"):

> All Persons who were participants in or beneficiaries of the Plan at any time between July 1, 1999 to April 19, 2004 and whose accounts included investment in the *Company Stock Fund* at any point during that time period, excluding the Defendants.

The *Court* appoints the *Named Plaintiffs* as representatives for the *Class* and *Class Counsel* as counsel for the *Class*. Any certification of a preliminary *Class* pursuant to the terms of the *Settlement Agreement* shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against *Defendants* that (except for the purposes of the *Settlement*) this *Action* or any other action is appropriate for litigation class treatment under FED. R. CIV. P. 23, or any similar federal or state class action statute or rule.

3.     **Preliminary Findings Regarding Proposed *Settlement*** – The *Court* preliminarily finds that (i) the proposed *Settlement* resulted from extensive arm's-length negotiations, (ii) the Settlement Agreement was executed only after *Class Counsel* had conducted appropriate investigation and discovery regarding the strengths and weaknesses of *Named Plaintiffs'* claims, (iii) *Class Counsel* have concluded that the proposed *Settlement* is fair,

reasonable and adequate, and (iv) the proposed *Settlement* is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed *Settlement* to the *Class*. Having considered the essential terms of the *Settlement Agreement* under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the *Court* finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the *Settlement* should be given notice and an opportunity to be heard regarding final approval of the *Settlement* and other matters.

4.    ***Fairness Hearing*** – A hearing is scheduled for _____ at _____

_.m. (the "*Fairness Hearing*") to determine, among other things:

- Whether the *Settlement* merits final approval as fair, reasonable and adequate;

- Whether the *Action* should be dismissed with prejudice pursuant to the terms of the *Settlement*;

- Whether the notice method proposed by the *Litigants*: (i) constitutes the best practicable notice, (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the *Class* of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the *Fairness Hearing*, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether *Class Counsel* adequately represented the *Class* for purposes of entering into and implementing the *Settlement*;

- Whether the proposed *Plan of Allocation* should be approved; and

4

- Whether any application(s) for attorneys' fees and expenses and compensation to *Named Plaintiffs* is fair and reasonable and should be approved.

5.    **Class Notice** – The *Litigants* have presented to the *Court* a proposed form of *Class Notice*, appended hereto as Exhibit A.  The *Court* finds that such form fairly and adequately: (a) describes the terms and effect of the *Settlement Agreement*, the *Settlement* and the *Plan of Allocation*, (b) notifies the *Class* that *Class Counsel* will seek attorneys' fees and reimbursement of expenses from the *Settlement Fund*, and for compensation up to $5,000 for each of the two *Named Plaintiffs* for their service in such capacity, (c) gives notice to the *Class* of the time and place of the *Fairness Hearing*, and (d) describes how the recipients of the *Class Notice* may object to any of the relief requested.  The *Litigants* have proposed the following manner of communicating the notice to members of the *Settlement Class*, and the *Court* finds that such proposed manner is the best notice practicable under the circumstances.  Accordingly, the *Court* directs that *Class Counsel* shall:

- By no later than _____, 2009, cause the *Class Notice*, with such non-substantive modifications thereto as may be agreed upon by the *Parties*, to be provided by first-class mail, postage prepaid, to the last known address of each member of the *Class* who can be identified by reasonable effort.  *W. R. Grace* shall endeavor in good faith to, within thirty (30) days of the signing of this Order, use its reasonable best efforts to provide *Class Counsel*, in electronic format, the names and last known addresses of the *Class* and timely respond to any reasonable written requests for accessible data in *W. R. Grace's* or the *Plan* trustee's/record keeper's (past or present) custody or control necessary to effectuate notice and implement, enforce or determine the administrability of a

5

*Plan of Allocation* (as described and/or provided for herein).  The names and addresses *Class Counsel* obtains pursuant to this Order shall be used solely for the purpose of providing notice of this *Settlement* and for no other purpose.

• By no later than _____, 2009 cause the *Class Notice* to be published on each website identified in the *Class Notice*, including a website dedicated to the *Settlement*, www.WRGraceERISAsettlement.com, which will also host and make available copies of all *Settlement*-related documents, including the Settlement Agreement.

6.      **Objections to *Settlement*** – Any member of the *Class* who wishes to object to the fairness, reasonableness or adequacy of the *Settlement*, to any term of the Settlement Agreement, to the *Plan of Allocation*, to the proposed award of attorneys' fees and expenses, or to the request for compensation for the *Named Plaintiffs* may file an objection.  An objector must file with the *Court* Clerk a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the *Court's* attention or introduce in support of such objection.  The objector must also mail copies of the objection and all supporting law and/or evidence to *Class Counsel* and to counsel for the *Defendants*.  The addresses for filing objections with the *Court* and service on counsel are as follows:

*For Filing:*

Clerk of the Court
United States District Court
   for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210
Re:  Case No. 04-11380-WGY

6

*To Class Counsel:*

Joseph H. Meltzer
Edward W. Ciolko
Katherine B. Bornstein
BARROWAY TOPAZ KESSLER
  MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile:  (610) 667-7056

*To Defendants' Counsel:*

Carol Connor Cohen
Nancy S. Heermans
Caroline Turner English
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

The objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the *Court* by no later than _____.  If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the *Court* by no later than _____.  Any member of the *Class* or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the *Settlement*, and any untimely objection shall be barred absent an Order from the Court.

7.    **Appearance at *Fairness Hearing*** – Any objector who files and serves a timely, written objection in accordance with paragraph 6 above may also appear at the *Fairness Hearing*

either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the *Fairness Hearing* must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on *Class Counsel* and *Defendants'* counsel (at the addresses set out above) and file it with the *Court* Clerk by no later than _____. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the *Fairness Hearing*, except by Order of the Court for good cause shown.

8.    *Notice* **Expenses** – The expenses of printing and mailing and publishing all notices required hereby shall be paid from the *Settlement Fund*.

9.    **Service of Papers** – *Defendants'* counsel and *Class Counsel* shall promptly furnish each other with copies of any and all objections that come into their possession.

10.    **Termination of** *Settlement* – This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the *Parties*, all of whom shall be restored to their respective positions as of the day immediately before the *Litigants* engaged in the mediation before the Mediator that resulted in the *Settlement*, if the *Settlement* is terminated in accordance with the terms of the *Settlement Agreement*.

11.    **Use of Order** – This Order is not admissible as evidence for any purpose against *Defendants* in any pending or future litigation involving any of the *Parties*. This Order shall not be construed or used as an admission, concession, or declaration by or against *Defendants* of any fault, wrongdoing, breach, or liability and *Defendants* specifically deny any such fault, breach, liability or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against *Named Plaintiffs* or the *Class* that their claims lack merit or that the

8

relief requested in the *Action* is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any *Party* of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by *Defendants* to class certification, in the event that the *Settlement Agreement* is terminated. Moreover, the *Agreement* and any proceedings taken pursuant to the *Agreement* are for settlement purposes only. Neither the fact of, nor any provision contained in the *Agreement* or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

12.    **Jurisdiction** – The *Court* hereby retains jurisdiction for purposes of implementing the *Settlement*, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the *Settlement* as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

13.    **Continuance of Hearing** – The *Court* reserves the right to continue the *Fairness Hearing* without further written notice.

SO ORDERED this _____ day of _____, 2009.


_____
HON. WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

9

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| JOHN F. AKERS, et al., | ) |
| Defendants. | ) |
| | ) **Consolidated Under** |
| MARK SIAMIS, et al., | ) **Case No. 04-11380-WGY** |
| Plaintiffs, | ) |
| v. | ) |
| JOHN F. AKERS, et al., | ) |
| Defendants. | ) |

NOTICE OF CLASS ACTION SETTLEMENT

YOUR LEGAL RIGHTS MIGHT BE AFFECTED IF YOU ARE A MEMBER OF THE FOLLOWING CLASS:

**All Persons who were participants in or beneficiaries of the W. R. Grace & Co. Savings and Investment Plan (the "Plan") at any time between July 1, 1999 to April 19, 2004 (the "Class Period") and whose accounts included investment in the Company Stock Fund at any point during that time period, excluding the Defendants.**

**PLEASE READ THIS NOTICE CAREFULLY.**
**A FEDERAL COURT AUTHORIZED THIS NOTICE.**
**THIS IS NOT A SOLICITATION FROM A LAWYER.**
**YOU HAVE NOT BEEN SUED.**

U.S. District Court Judge William G. Young of the United States District Court for the District of Massachusetts (the "Court") has preliminarily approved a proposed settlement (the "Settlement") of a class action lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide for payments to the Plan and for allocation of those payments to the accounts of members of the Class who had portions of their Plan accounts invested in W. R. Grace & Co. ("W. R. Grace") common stock. The Settlement is summarized below.

The Court has scheduled a hearing to consider Named Plaintiffs' Motion for Final Approval of the Settlement and Class Counsel's Application for Attorneys' Fees and Expenses and for Compensation to the Named Plaintiffs. That hearing before U.S. District Judge William G. Young has been scheduled for _____ m., in the Courtroom of William G. Young, United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.

Any objections to the Settlement or the Motion for Attorneys' Fees and Expenses and Compensation to Named Plaintiffs must be served in writing on Class Counsel and on Defendants' attorneys, all of whom are identified on Page 8 of this Notice. The procedure for objecting is described below.

This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in a Settlement Agreement ("Settlement Agreement" or "Agreement"). Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Agreement. The Agreement, and additional information with respect to this lawsuit and the Settlement, is available at an Internet site dedicated to the Settlement, www.WRGraceERISAsettlement.com.

PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS

MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT BY FOLLOWING THE PROCEDURES DESCRIBED BELOW.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **YOU ARE NOT REQUIRED TO DO ANYTHING.** | If the Settlement is approved by the Court and you are a member of the Class, you will not need to do anything to receive a payment (if any). The portion, if any, of the Settlement Fund to be allocated to your Plan account will be calculated as part of the implementation of the Settlement. |
| **NO ACTION IS NECESSARY TO RECEIVE A PAYMENT.** | If you are currently participating in the Plan and are a member of the Class, any share of the Settlement Fund to which you are entitled will be deposited into your Plan account. If you are no longer a Plan participant but are a member of the Class, any share of the Net Settlement Fund to which you are entitled will be deposited in a Plan account that will be established for you, if necessary, and you will be notified of such account. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY** . | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. |
| **YOU MAY ATTEND THE FAIRNESS HEARING TO BE HELD ON** . | If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Court Hearing about the Settlement and present your objections to the Court. You may attend the Hearing even if you do not file a written objection, but you will only be allowed to speak at the Hearing if you file a written objection in advance of the Hearing. |

- These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

- The Court still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

Further information regarding this litigation and this Notice may be obtained by contacting Class Counsel:

Joseph H. Meltzer, Esq.
Edward W. Ciolko, Esq.
Katherine B. Bornstein, Esq.
BARROWAY TOPAZ
KESSLER MELTZER &
CHECK, LLP
280 King of Prussia Road
Radnor, PA  19087

Class Counsel has established a toll-free phone number to receive your comments and questions: 800-951-5312. You may also send an email to WRGraceERISASettlement@btkmc.com.

| WHAT THIS NOTICE CONTAINS | |
|---|---|

SUMMARY OF SETTLEMENT ..................................................................................................................................................3
BASIC INFORMATION..........................................................................................................................................................3
1.  WHY DID I GET THIS NOTICE PACKAGE?..............................................................................................................4
2.  WHAT IS THIS ACTION ABOUT?...............................................................................................................................4
3.  WHY IS THIS CASE A CLASS ACTION? .....................................................................................................................5
4.  WHY IS THERE A SETTLEMENT? ..............................................................................................................................5
5.  HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT ........................................................................5
THE SETTLEMENT BENEFITS – WHAT YOU GET ......................................................................................................5
6.  WHAT DOES THE SETTLEMENT PROVIDE?............................................................................................................5
7.  HOW MUCH WILL MY PAYMENT BE?......................................................................................................................5
8.  HOW MAY I RECEIVE A PAYMENT?.........................................................................................................................6
9.  WHEN WOULD I GET MY PAYMENT?.......................................................................................................................6

10. CAN I GET OUT OF THE SETTLEMENT?..................................................................................................................6
**THE LAWYERS REPRESENTING YOU**....................................................................................................................6
11. DO I HAVE A LAWYER IN THE CASE?...............................................................................................................6
12. HOW WILL THE LAWYERS BE PAID?................................................................................................................7
13. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT? .............................................................7
**THE FAIRNESS HEARING** ......................................................................................................................................7
14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? .................7
15. DO I HAVE TO COME TO THE HEARING?........................................................................................................8
16. MAY I SPEAK AT THE HEARING? .....................................................................................................................8
**IF YOU DO NOTHING** ..............................................................................................................................................8
17. WHAT HAPPENS IF I DO NOTHING AT ALL? ..................................................................................................8
**GETTING MORE INFORMATION**.............................................................................................................................8
18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?..............................................................................8

## SUMMARY OF SETTLEMENT

This litigation (the "Action") is a consolidated class action in which Plaintiffs allege that the Defendants breached fiduciary duties owed to the participants in and beneficiaries of the Plan under the Employee Retirement Income Security Act of 1974 ("ERISA") arising from the Plan's investments in W. R. Grace common stock during the relevant time period. Copies of the Complaint and other documents filed in the Action are available at www.WRGraceERISASettlement.com or from Class Counsel.

A Settlement Fund consisting of $10 million ($10,000,000) in cash is being established in the Action. The net amount in the Settlement Fund, including interest, and after payment of any taxes, expenses, approved attorneys' fees and costs, and compensation to the Named Plaintiffs, will be paid to the Plan and be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

### STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Defendants strongly dispute the claims asserted in the Action. Further, the Plaintiffs would face an uncertain outcome if the Action were to continue. Continued litigation could result in a judgment or verdict greater or less than $10 million, or in no recovery at all.

The Plaintiffs and the Defendants disagree on liability, and do not agree on the amount that would be recoverable even if the Plaintiffs were to prevail at trial. The Defendants deny all claims and contentions by the Plaintiffs. The Defendants deny that they are liable to the Class, and that the Class or the Plan has suffered any damages for which the Defendants could be held legally responsible. Nevertheless, the Defendants have considered the uncertainty and risks inherent in any litigation, particularly in a complex case such as this, and have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Agreement.

### STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT IN THE ACTION

Class Counsel will apply to the Court for an order awarding attorneys' fees not in excess of thirty percent (30%) of the amount recovered in the Settlement, plus reimbursement of expenses. Any amount awarded will be paid from the proceeds of the Settlement Fund. Defendants will take no position on this application and have no responsibility for payment of such fees and expenses.

### WHAT WILL THE NAMED PLAINTIFFS GET?

The Named Plaintiffs will share in the allocation of the Net Settlement Fund paid to the Plan on the same basis as all other members of the Class. In addition, the Named Plaintiffs will ask the Court to award up to $5,000 each for their representation of the Class. Any such compensation will be paid solely from the proceeds of the Settlement Fund.

## BASIC INFORMATION

| 1. | WHY DID I GET THIS NOTICE PACKAGE? |
|---|---|

You or someone in your family may have been a participant in or beneficiary of the Plan during **the period from July 1, 1999 through April 19, 2004** (the "Class Period").

The Court directed that this Notice be sent to you because, if you fall within that group, you have a right to know about the Settlement and the options available to you regarding the Settlement, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the net amount of the Settlement Fund will be paid to the Plan and then allocated among Class Members according to a Plan of Allocation that would be approved by the Court. This Notice describes the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the District of Massachusetts. The persons who sued are called "Plaintiffs" or "Named Plaintiffs," and the people they sued are called "Defendants." The Plaintiffs are Keri Evans, Timothy Whipps and Mark Siamis. The Defendants are: John F. Akers, Ronald C. Cambre, Marye Anne Fox, John J. Murphy, Paul J. Norris, Thomas A. Vanderslice, H. Furlong Baldwin, Brenda Gottlieb, Robert M. Tarola, W. Brian McGowan, Michael Piergrossi, Eileen Walsh, David Nakashige, Elyse Napoli, Martin Hunter, and Ren Lapadario. The consolidated Action is known as *Evans et al. v. Akers et al.*, Civil Action No. 04-11380-WGY.

One of the cases consolidated in this Action is *Bunch v. W. R. Grace & Co.*, which has concluded in the Defendants' favor in the United States Court of Appeals for the First Circuit, Case No. 08-1406. *Bunch v. W. R. Grace* and the claims and defenses at issue in that case are not affected in any way by the Settlement.

## 2.    WHAT IS THE ACTION ABOUT?

The Action claims that, under ERISA, the Defendants owed fiduciary duties of loyalty, care and prudence to the Plan, and that they violated those duties in connection with the Plan's investments in W. R. Grace common stock.

Participants in the Plan were able to allocate their account balances among various investment funds, including a fund primarily invested in W. R. Grace common stock ("Company Stock Fund"). Many Plan participants chose to have contributions to the Plan invested in the Company Stock Fund. In addition, W. R. Grace made matching contributions, which were invested in Company Stock and credited to Plan participants' accounts, for at least part of the Class Period.

Plaintiffs allege that Defendants violated ERISA by, among other things, permitting the Plan to purchase and hold shares of W. R. Grace common stock during the Class Period when they knew or should have known it was imprudent to do so. Specifically, Plaintiffs alleged that (1) Defendants allowed the Plan to imprudently invest in W. R. Grace stock when they knew or should have known that the Company's value, financial and operational health, and future prospects were improperly inflated and unsustainable; (2) Defendants allowed the Plan to maintain and augment its investment in W. R. Grace stock, despite their actual or constructive knowledge that the Company was subject to the effects of pending asbestos litigation (as well as the rising number of newly-filed asbestos-related suits during the Class Period) and competitor bankruptcies on W. R. Grace's liability exposure undermined the propriety of investing Plan retirement assets in W. R. Grace equity; (3) Defendants disseminated inaccurate and misleading material information to Plan participants regarding investment of Plan assets in W. R. Grace stock and, additionally, withheld material information vital to making any such Plan investment decision; and (4) that Defendants, because of their positions as corporate insiders with a stake (monetary through W. R. Grace equity ownership and personal through their position at the Company) had an interest in withholding information concerning W. R. Grace's business and operational problems to portray W. R. Grace as a growing and profitable company.

### THE DEFENSES IN THE ACTION

The Defendants deny that they have liability to the Plan or its participants or beneficiaries. If the Action were to continue, the Defendants would raise numerous defenses to liability, including:

- They were not fiduciaries of the Plan, or, if they were fiduciaries, their fiduciary duties did not extend to the matters at issue in the Action;

- W. R. Grace common stock was a prudent investment for the Plan and its participants;

- Defendants fully and prudently discharged any fiduciary duties under ERISA; and

- Even if they failed to discharge any duty under ERISA, any such failure did not cause the Plan or its participants to suffer any loss.

The Defendants also contend that the Action is barred by the statute of limitations.

### THE ACTION HAS BEEN AGGRESSIVELY LITIGATED

Class Counsel has extensively investigated the allegations in the Action. Class Counsel has obtained and reviewed thousands of pages of documents, including Plan governing documents and materials, communications with Plan participants, Securities and Exchange

Commission ("SEC") filings, press releases, public statements, news articles and other publications, and other documents regarding the matters that the Plaintiffs allege made investment in the W. R. Grace stock an imprudent Plan investment.

This Action was litigated by the Named Plaintiffs and Lead Counsel for over four years before agreeing on settlement terms. Plaintiff Keri Evans filed her initial complaint against Defendants on or about June 17, 2004, which Plaintiff Timothy Whipps joined shortly therafter. After a stay necessitated by W. R. Grace's bankruptcy filing, the Defendants produced certain ERISA and Plan-related documents to Plaintiffs and Plaintiffs filed an Amended Complaint on or about December 19, 2005. Plaintiffs then moved to certify a class, which Defendants opposed, arguing that the Named Plaintiffs lacked standing under ERISA as former Plan participants. The Court agreed with Defendants and dismissed Plaintiffs' Amended Complaint. Plaintiffs filed an appeal to the United States Court of Appeals for the First Circuit and Plaintiff Siamis filed his Complaint in the District Court, which Defendants moved to dismiss. After the First Circuit reversed the District Court's decision, the Siamis action was consolidated with the Evans and Whipps action. Defendants' motion to dismiss the consolidated action was pending when the Parties reached the Settlement Agreement.

## SETTLEMENT DISCUSSIONS

The proposed Settlement is the product of hard-fought, lengthy negotiations between Class Counsel and the Defendants' counsel, mediated by a former federal judge. Throughout the negotiations, Class Counsel and the Defendants were advised by various consultants and experts, including individuals with expertise in ERISA fiduciary liability issues and damages in cases involving ERISA fiduciary liability.

### 3.    WHY IS THIS CASE A CLASS ACTION?

In a class action, one or more plaintiffs, called "class representatives" or "Named Plaintiffs," sue on behalf of people who have similar claims. All of these people who have similar claims collectively make up the "Class" and are referred to individually as "Class Members." One case resolves the issues for all Class Members together. Because the wrongful conduct alleged in this Action affected a large group of people – participants of the 401(k) plan during the relevant time period – in a similar way, the Named Plaintiffs filed this case as a class action.

### 4.    WHY IS THERE A SETTLEMENT?

The Court has yet to rule on the Defendants' motions to dismiss Plaintiffs' claims or to grant summary judgment. As in any litigation, all parties face an uncertain outcome. On the one hand, continuation of the case against the Defendants could result in a judgment greater than this Settlement. On the other hand, continuing the case could result in no recovery at all, or a recovery that is less than the amount of the Settlement. Based on these factors, the Named Plaintiffs and Lead Counsel have concluded that the proposed Settlement is in the best interests of all Class Members.

### 5.    HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT?

You are a member of the Class if you fall within the definition of the Class preliminarily approved by Judge William G. Young:

> All Persons who were participants in or beneficiaries of the Plan at any time between July 1, 1999 to April 19, 2004 and whose accounts included investment in the Company Stock Fund at any point during that time period, excluding the Defendants.

If you are a member of the Class, the amount of money you will receive, if any, will depend upon the Plan of Allocation, described below.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6.    WHAT DOES THE SETTLEMENT PROVIDE?

A Settlement Fund consisting of $10 million is being established in the Action. The net amount in the Settlement Fund, including interest, and after payment of, or establishment of reserves for, any taxes and Court-approved costs, fees, and expenses, including fees and expenses of Class Counsel, and any Court-approved compensation to be paid to the Named Plaintiffs, will be paid to the Plan and, after payment of expenses incurred in calculating, satisfying and administering the allocation, the remaining amount will be allocated to the Plan accounts of members of the Class according to a Plan of Allocation to be approved by the Court. If necessary, an account will be created for those members of the Class who no longer have Plan accounts.

If the Settlement is approved by the Court, all Class Members and anyone claiming through them shall be deemed to fully release the "Released Persons" from "Released Claims." The Released Persons are broadly defined, and include, among others, the Defendants and their families, heirs, attorneys, consultants and agents as well as W. R. Grace and its parents, officers, directors, employees, attorneys, agents, subsidiaries, consultants and advisors. The Released Claims include all claims, which were or could have been asserted in the Action. This means that Class Members will not have the right to sue the Plaintiffs' Released Persons for anything related to the investment of Plan assets in W. R. Grace common stock or related matters during the Class Period.

The above description of the proposed Settlement is only a summary. The complete terms, including the definitions of the Plaintiffs' Released Persons and Plaintiffs' Released Claims, are set forth in the Settlement Agreement (including its exhibits), which may be obtained at a dedicated Settlement Internet site, www.WRGraceERISASettlement.com or by contacting Class Counsel listed on Page 2 above.

### 7.    HOW MUCH WILL MY PAYMENT BE?

Your share (if any) of the Settlement Fund, net of the fees and expenses described above, will depend on your alleged loss, compared to other Class Members' alleged losses, related to Plan investments in W. R. Grace stock at any time during the period July 1, 1999 through April 19, 2004. Each Class Member's share will be calculated by a third party vendor designated by Class Counsel ("Claims Administrator") according to a Court-approved Plan of Allocation. Because the Settlement proceeds are less than the total losses alleged by the Class, each Class Member's recovery will be less than his or her alleged loss. You are not responsible for calculating the amount you may be entitled to receive under the Settlement.

In general, your proportionate share of the Settlement will be calculated as follows:

- Each Class Member's "Net Loss" will be calculated. For each Class Member, his or her Net Loss will be equal to: (a) the dollar value, if any, of his or her account balance invested in W. R. Grace stock on the first day of the Class Period; plus (b) the dollar value, if any, of all purchases of interests in W. R. Grace stock for his or her account during the Class Period, as of the time of purchase(s); minus (c) the dollar value, if any, of all dispositions of interests in W. R. Grace stock in his or her account during the Class Period, as of the time of the disposition(s); minus (d) the dollar value, if any, of the balance in W. R. Grace stock remaining in his or her account on the close of business on April 19, 2004.

- All Net Losses will be aggregated to yield the total loss over the Class Period and each Class Member's percentage of that total loss will be calculated.

- Applying that percentage to the Settlement proceeds (net of fees and expenses as described above), the Claims Administrator will calculate each Class Member's share of those proceeds on a preliminary basis.

- All participants whose preliminary share is less than or equal to ten dollars ($10.00) will be deemed to have a final share equal to ten dollars. The Claims Administrator will then recalculate the net loss percentage of those Class Members whose preliminary share was greater than $10.00, so as to arrive at each such Class Member's final share.

***Do not worry if you do not have records that show your Plan activity.*** If you are entitled to a share of the Settlement Fund, you will receive a statement showing the amount of your share. If you have questions regarding the allocation of the settlement proceeds, please contact Class Counsel listed on Page 2 above.

### 8.    HOW MAY I RECEIVE A PAYMENT?

You do not need to file a claim. If you are a Class Member entitled to receive a share of the Settlement proceeds and you are a current Plan participant, your share will be deposited in your Plan account. If you are a Class Member entitled to receive a share of the Settlement proceeds but no longer a Plan participant, an account will be established for you in the Plan, and you will be notified of the account and how to withdraw the proceeds. If you are a former Plan participant and have not provided the Plan with your current address, please contact Class Counsel listed on Page 2 above.

### 9.    WHEN WOULD I GET MY PAYMENT?

The Settlement cannot be completed unless and until several events occur. These events include final approval of the Settlement by the Court, approval by the Bankruptcy Court handling the W. R. Grace Bankruptcy, approval by an independent fiduciary to the Plan, transfer of the Settlement payment to the Plan, and calculation of the amount of the Settlement proceeds owed to each Class Member. If objections are made to the Settlement or appeals are taken by objectors from approval of the Settlement, this process may take a long time to complete, possibly several years. The Settlement funds, however, will be invested in secure, interest-bearing securities, and the interest income will be included in the amount paid to the Plan and allocated to Class Members.

**THERE WILL BE NO PAYMENTS IF THE SETTLEMENT AGREEMENT IS TERMINATED.**

The Settlement Agreement may be terminated for several reasons, including if: (1) the Court does not approve, or materially modifies, the Agreement; or (2) the Court approves the Settlement Agreement but the approval is reversed or materially modified by an appellate court. If the Settlement Agreement is terminated, the Action will proceed as if the Settlement Agreement had not been entered into.

### 10.    CAN I GET OUT OF THE SETTLEMENT?

*You do not have the right to exclude yourself from the Settlement.* The Settlement Agreement provides for certification of the Class as a non-opt class action under Federal Rule of Civil Procedure 23(b)(1) and the Court has preliminarily determined that the requirements of that Rule have been satisfied. Thus, it is not possible for any Class Members to exclude themselves from the Settlement. As a Class Member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it. See Answer to Question No. 13, below.

## THE LAWYERS REPRESENTING YOU

**11.    DO I HAVE A LAWYER IN THE CASE?**

The Court has preliminary appointed the law firm of Barroway Topaz Kessler Meltzer & Check, LLP, as Class Counsel for the Plaintiffs in the Action. These lawyers are also called "Lead Counsel." You will not be charged directly by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**12.    HOW WILL THE LAWYERS BE PAID?**

Class Counsel will file a motion for the award of attorneys' fees and expenses of not more than thirty percent (30%) of the Settlement Fund, plus reimbursement of expenses incurred in connection with the prosecution of the Action. This motion will be considered at the Fairness Hearing described below. Defendants will not take any position on that matter before the Court.

## OBJECTING TO THE ATTORNEYS' FEES

By following the procedures described in response to Question No. 13, you can tell the Court that you do not agree with the fees and expenses the attorneys intend to seek and ask the Court to deny their motion or limit the award.

**13.    HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. To object, you must send a letter or other writing saying that you object to the Settlement in *Evans v. Akers*, Civil Action No. 04-11380-WGY. Be sure to include your name, address, telephone number, signature, and a full explanation of all the reasons why you object to the Settlement. *Your written objection must be sent to the following counsel and must be postmarked by no later than INSERT DATE HERE.:*

**CLASS COUNSEL**

Joseph H. Meltzer, Esq.
Edward W. Ciolko, Esq.
Katherine B. Bornstein, Esq.
BARROWAY TOPAZ
KESSLER MELTZER &
CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087

**DEFENDANTS' COUNSEL**

Carol Connor Cohen
Nancy S. Heermans
Caroline Turner English
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

*You must also file your objection with the Clerk of the Court of the United States District Court for the District of Massachusetts.* The address is: United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.

The objection must refer prominently to *Evans v. Akers*, Civil Action No. 04-11380-WGY. *Your objection must be postmarked no later than INSERT DATE.*

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement as fair, reasonable and adequate (the "Fairness Hearing"). You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend.

## 14.  WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold the Fairness Hearing at _____ a.m. on _____, 2009, at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210 in the Courtroom then occupied by United States District Judge William G. Young.  The Court may adjourn the Fairness Hearing without further notice to the Class, so, if you wish to attend, you should confirm the date and time of the Fairness Hearing with Lead Counsel before doing so.  At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will also rule on the Motions for Attorneys' Fees and Reimbursement of Expenses and for the Named Plaintiffs' Case Contribution Award.  We do not know how long these decisions will take or whether appeals will be taken.

**15.    DO I HAVE TO COME TO THE HEARING?**

No, but you are welcome to come at your own expense. If you file an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, it will be before the Court when the Court considers whether to approve the Settlement. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

**16.    MAY I SPEAK AT THE HEARING?**

If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Court Hearing about the Settlement and present your objections to the Court. You may attend the Hearing even if you do not file a written objection, but you will only be allowed to speak at the Hearing if you file a written objection in advance of the Hearing. . To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Evans v. Akers*, Civil Action No. 04-11380-WGY. Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be sent to the attorneys listed in the Answer to Question No. 13 above, postmarked no later than _____, 2009, and must be filed with the Clerk of the Court at the address listed in the Answer to Question No. 13.

## IF YOU DO NOTHING

**17.    WHAT HAPPENS IF I DO NOTHING AT ALL?**

If you do nothing and you are a Class Member, you will participate in the Settlement of the Action as described above in this Notice.

## GETTING MORE INFORMATION

**18.    ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?**

Yes. This Notice summarizes the proposed Settlement. The complete terms are set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to Class Counsel listed on Page 2 above. Copies may also be obtained at a dedicated Settlement Internet site, www.WRGraceERISASettlement.com, by calling the toll-free number 800-951-5312 or by sending an email to WRGraceERISAsettlement@btkmc.com. You are encouraged to read the complete Settlement Agreement.

DATED: _____, 2009

## **EXHIBIT 2**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KERI EVANS, et al., | ) |
|           Plaintiffs, | ) |
|       v. | ) |
| JOHN F. AKERS, et al., | ) |
|           Defendants. | ) |

**Consolidated Under**
**Case No. 04-11380-WGY**

| | |
|---|---|
| MARK SIAMIS, et al., | ) |
|           Plaintiffs, | ) |
|       v. | ) |
| JOHN F. AKERS, et al., | ) |
|           Defendants. | ) |

## ORDER AND FINAL JUDGMENT

This *Action* came on for hearing on _____ to determine the fairness of the proposed settlement (the "*Settlement*") presented to the Court on _____[date] and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement (Court File No. __). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Order and Final Judgment shall have the same meanings as ascribed to them in the *Settlement Agreement* among *Named Plaintiffs*, *Defendants*, and *W. R. Grace*.

1.    The Court has jurisdiction over the subject matter of the *Action* and over all parties to the *Action*, including all members of the *Settlement Class*.

2.      For the sole purpose of settling and resolving the *Action*, the Court certifies this action as a Class Action under FED. R. CIV. P. 23(a) and 23(b)(1). The *Class* is defined as:

> All Persons who were participants in or beneficiaries of the Plan at any time between July 1, 1999 to April 19, 2004 and whose accounts included investment in the Company Stock Fund at any point during that time period, excluding the Defendants.

3.      Keri Evans, Timothy Whipps and Mark Siamis (the *"Named Plaintiffs"*) are appointed as *Class* representatives, and Barroway Topaz Kessler Meltzer & Check, LLP, is appointed as *Lead Counsel for Named Plaintiffs* (*"Class Counsel"*) pursuant to FED. R. CIV. P. 23(g).

4.      The Court finds for the sole purpose of settling and resolving the *Action* that:

(a)     The *Class* is so numerous that it is impractical to bring all *Settlement Class* members before the Court individually. Internal Revenue Service/Department of Labor Forms 5500 filed by the *Plan* for 2002 indicate that there are likely more than 10,000 *Class* members, and solely for the purposes of the *Settlement,* the *Defendants* do not dispute this estimate.

(b)     The class allegations, denied by *Defendants,* present common questions of law and/or fact, including:

(i)     Whether the *Defendants* breached fiduciary obligations to the *Plan* and participants by causing the *Plan* to offer W. R. Grace stock or the *Company Stock Fund* (used interchangeably herein) as an investment option for the *Plan* at a time when the *Defendants* knew or should have known that the stock was not a prudent investment for the *Plan*;

(ii)    Whether the *Defendants* breached fiduciary obligations to the *Plan* and its participants by causing the *Plan* to make and maintain investments in W. R. Grace stock, at such time when it was not prudent to do so;

1

(iii)    Whether the *Defendants* breached fiduciary obligations to the *Plan* and its participants by providing incomplete and inaccurate information to participants regarding the propriety of investing in W. R. Grace stock;

(iv)    Whether certain *Defendants* breached fiduciary obligations to the *Plan* and its participants by failing to prudently monitor other appointed Defendants, such that the *Plan* and its participants' interests were not adequately protected and served; and

(v)    Whether as a result of the alleged fiduciary breaches engaged in by the *Defendants*, the *Plan* and its participants and beneficiaries suffered losses.

(c)    FED. R. CIV. P. 23(a)(3) requires that the claims of the proposed representative plaintiffs be typical of the claims of the proposed class. That requirement is satisfied where the claims of the proposed representative plaintiffs arise from the same alleged course of conduct that gives rise to the claims of the proposed class members, and where the claims are based on the same legal theory. In the present case, the *Named Plaintiffs* allege that they were *Plan* participants or beneficiaries during the *Class Period* with *Plan* accounts that included investments in W. R. Grace stock, that the *Plan's* fiduciaries treated them and all other *Plan* participants alike, and that *Plan*-wide relief is necessary and appropriate under *ERISA*. Under these circumstances, for purposes of the *Settlement* only, and subject to the foregoing, the claims asserted by the *Named Plaintiffs* are sufficiently typical of the claims asserted by the *Settlement Class* as a whole to satisfy FED. R. CIV. P. 23(a)(3).

(d)    The requirements of FED. R. CIV. P. 23(a)(4) are also satisfied. For the purposes of this *Settlement*, the Court finds that the *Named Plaintiffs* have no conflicting interests with absent members of the *Class*. The Court is satisfied that *Class Counsel* are

2

qualified, experienced, and are further prepared to represent the *Class* to the best of their abilities.

      (e)     The *Class* satisfies the requirements of FED. R. CIV. P. 23(a), and also the requirements of FED. R. CIV. P. 23(b)(1). Given the *Plan*-representative nature of *Named Plaintiffs'* breach of fiduciary duty claims, there is a risk that failure to certify the *Settlement Class* would leave future plaintiffs without relief and, there is also a risk of inconsistent dispositions that might prejudice the *Defendants.* This case is appropriate for class certification, for the purposes of this *Settlement,* under FED. R. CIV. P. 23 (b)(1).

      (f)     The Court has also considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that *Class Counsel* will fairly and adequately represent the interests of the *Class. Class Counsel* have done the work necessary to identify or investigate potential claims in the *Action,* to investigate the allegations made in the *Complaint,* including interviewing witnesses, reviewing publicly available information, reviewing documents and materials uncovered in their investigation, consulting with experts and representing the *Class's* interests during the declaratory action filed by the *Defendants* against its insurers. *Class Counsel* have substantial experience in handling class actions and claims of the type asserted in this *Action. Class Counsel* have also demonstrated extensive knowledge of the applicable law. The Court concludes that *Class Counsel* have fairly and adequately represented the interests of the *Settlement Class.*

      (g)     The *Class* has received proper and adequate notice of the *Settlement Agreement,* the *Fairness Hearing, Class Counsel's* application for attorneys' fees and expenses and for *Named Plaintiff* compensation, and the *Plan of Allocation,* such notice having been given in accordance with the Order Granting Preliminary Approval of Proposed Amended Class Action

Settlement (Court File No. __). Such notice included individual notice to all members of the *Class* who could be identified through reasonable efforts, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, and included information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due process.

5. Pursuant to FED. R. CIV. P. 23(e), the Court hereby approves and confirms the *Settlement* as a fair, reasonable, and adequate settlement and compromise of the *Action*.

6. The Court hereby approves the *Settlement Agreement* and orders that the *Settlement Agreement* shall be consummated and implemented in accordance with its terms and conditions.

7. The Court finds that the *Settlement* embodied in the *Settlement Agreement* is fair, reasonable and adequate, and more particularly finds:

(a) The *Settlement* was negotiated vigorously and at arm's-length by counsel for the *Defendants,* on the one hand, and the *Named Plaintiffs* and *Class Counsel* on behalf of the *Class*, on the other;

(b) This *Action* settled after the *Litigants* had briefed their respective positions on class certification, including whether certain *Named Plaintiffs* had standing to bring their claims at all, and after the United States Court of Appeals for the First Circuit issued an opinion on the matter. Moreover, *Defendants'* motion to dismiss after remand was pending at the time the *Parties* reached the *Settlement*. The *Settlement* was also reached following arm's-length negotiations among counsel with the assistance of an experienced mediator, who was thoroughly familiar with this litigation. Moreover, the *Litigants* reviewed thousands of pages of documents

4

in advance of the mediation. *Named Plaintiffs* and *Defendants* had sufficient information to evaluate the settlement value of the *Action*;

(c)    If the *Settlement* had not been achieved, the *Litigants* faced the expense, risk, and uncertainty of extended litigation;

(d)    The amount of the *Settlement* - $10,000,000 - is fair, reasonable, and adequate. The *Settlement* amount is within the range of settlement values obtained in similar cases;

(e)    At all times, the *Named Plaintiffs* have acted independently of *Defendants* and in the interest of the *Class*; and,

(f)    The Court has duly considered any objections to the *Settlement* that were filed.

8.    The *Plan of Allocation* is approved as fair and reasonable, and *Class Counsel* and their designated *Financial Institution* are directed to administer the *Plan of Allocation* in accordance with its terms and provisions.

9.    The *Action* is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

10.    The Court has approved the following Releases and injunctive relief as set forth in Section 3 of the *Settlement Agreement*:

(a)    *Named Plaintiffs', the Class' and the Plan's Releases*. Upon the *Effective Date*, *Named Plaintiffs* shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge, and the *Plan* and the *Settlement Class* shall, by operation of the *Final Judgment*, be deemed to have conclusively, absolutely, unconditionally,

irrevocably, and forever released and discharged the *Plaintiffs' Released Persons* from all *Plaintiffs' Released Claims*.

(1)     *Named Plaintiffs,* the *Class* and the *Plan* shall be permanently and finally enjoined without the necessity of posting a bond from commencing or prosecuting any actions or other proceedings asserting any of *Plaintiffs' Released Claims* either directly, indirectly, derivatively, or in any other capacity, against any of the *Defendants*.

(b)     *Defendants'* Releases.  Upon the *Effective Date*, *Defendants* shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the *Defendants' Released Persons* from any and all *Defendants' Released Claims*.

(c)     Scope of Releases.

(1)     Nothing in the *Settlement* shall release, bar, waive, or preclude any claim that (a) has been or could be asserted directly or derivatively by any member of the proposed *Settlement Class* or the *Plan* under the federal securities laws or the securities laws of any state regarding the purchase or sale of any *W. R. Grace* security or debt instrument, or that (b) has been or could be asserted in *Bunch v. W. R. Grace & Co*.

(2)     Except as otherwise set forth in Section 1.30 of the *Settlement Agreement*, the releases set forth in Section 3 are not intended to include the release of any rights or duties of the *Parties* arising out of the *Settlement Agreement*, including the express warranties and covenants contained therein.

(3)     *Named Plaintiffs*, on their own behalf and on behalf of all members of the *Settlement Class*, and the *Plan* with respect to all other *Parties*, and *Defendants*, with respect to the *Named Plaintiffs* and all members of the *Settlement Class*, hereby expressly waive any and all rights and benefits respectively conferred upon them by the provisions of Section

6

1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction, except as otherwise expressly delineated herein. Section 1542 reads in pertinent part:

> "A general release does not extend to claims that the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

*Named Plaintiffs*, on their own behalf and on behalf of all members of the *Settlement Class* and the *Plan*, and *Defendants* each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction was bargained for.

11.     The *Court* shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreement* or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the *Class Notice*, this *Final Judgment*, or the *Settlement Agreement* or the termination of the *Settlement Agreement*. The *Court* shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and compensation to *Named Plaintiffs*, and reimbursements of expenses, submitted pursuant to the *Settlement Agreement*.

12.     In the event that the *Settlement Agreement* is terminated in accordance with its terms, this *Final Judgment* shall be rendered null and void, *ab initio,* and shall be vacated *nunc pro tunc*, and this *Action* shall for all purposes with respect to the *Parties* revert to its status as of the day immediately before the *Litigants* engaged in the mediation before the *Mediator* that resulted in the *Settlement*. The *Litigants* shall be afforded a reasonable opportunity to negotiate a new case management schedule.

7

13.     This *Final Judgment* shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach or liability.

IT IS SO ORDERED.


DATED: _____, 2009

_____
HON. WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

# **EXHIBIT 3**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERI EVANS, et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>JOHN F. AKERS, et al.,<br><br>          Defendants. | ) ) ) ) ) ) ) ) ) ) |
| MARK SIAMIS, et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>JOHN F. AKERS, et al.,<br><br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) |

**Consolidated Under
Case No. 04-11380-WGY**

## PLAN OF ALLOCATION

**1.     Definitions**

    A.     Except as indicated in this *Plan of Allocation*, the capitalized terms used herein shall have the meanings ascribed to them in the *Settlement Agreement*.

    B.     "*Claims Administrator*" shall mean a third-party vendor, designated by *Lead Counsel for Named Plaintiffs*, which shall administer the *Settlement*.

    C.     "*Net Settlement Fund Proceeds*" means the *Settlement Fund*, less: (1) the *Settlement Administrative Costs*; (2) the costs of the *Class Notice* that the *Court* approves for payment from the *Settlement Fund* pursuant to Section 8.2 of the *Settlement Agreement*; (3) any

*Case Contribution Awards* that the *Court* approves for payment from the *Settlement Fund* pursuant to Section 8.3.1 of the *Settlement Agreement*; (4) Court approved attorneys' fees and expenses; and (5) such other deductions and payments from the *Settlement Fund* as the *Court* may allow.

D.      The *"Plan"* means the W. R. Grace & Co. Savings and Investment Plan, and all predecessor and successor plans, individually and collectively, and any trust(s) created under such *Plan*.

E.      *"Settlement Administrative Costs"* means the taxes, fees and expenses that the *Court* approves for payment from, or are otherwise permitted to be paid from, the *Settlement Fund* pursuant to Section 7.1.3. of the *Settlement Agreement*.

F.      *"Settlement Class Member"* means a member of the *Class*.

G.      *"Class Period"* means the period from July 1, 1999 to April 19, 2004, as defined in the Settlement Agreement.

**2.      Notice**

A.      Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all Persons who are *Settlement Class Members* who could be identified with reasonable effort, advising them of the *Plan of Allocation* and of their right to object thereto, and that a full and fair opportunity was accorded to all of the *Settlement Class Members* to be heard with respect to the *Plan of Allocation*.

## 3.    Calculation of allocation

A.    For each *Class Member*, the *Claims Administrator* shall determine the approximate net loss (*"Net Loss"*) as follows:    *Net Loss* = A + B - C - D, where, for each *Class Member's* account:

1.    A = the dollar value, if any, of the balance invested in *W. R. Grace Stock* on the first day of the *Class Period*;

2.    B = the dollar value, if any, of all acquisitions of *W. R. Grace Stock* during the *Class Period* as of the time of purchase(s);

3.    C = the dollar value, if any, of all dispositions of *W. R. Grace Stock* during the *Class Period* as of the time of the sale(s); and

4.    D = the dollar value, if any, of *W. R. Grace Stock* remaining on the last day of the *Class Period*.

B.    The *Net Losses* of the *Class Members* as calculated in Section 3.A above will be totaled to yield the loss of the *Plan* as a whole over the *Class Period* (the *"Plan's Loss"*).

C.    The *Claims Administrator* shall calculate for each *Class Member* his or her *"Preliminary Fractional Share"* of *the Plan's Loss* by dividing each S*ettlement Class Member's Net Loss* by the *Plan's Loss*.

D.    The *Claims Administrator* shall then calculate for each *Class Member* his or her *"Preliminary Dollar Recovery"* of the *Net Settlement Fund Proceeds* by multiplying the *Class Member's Preliminary Fractional Share* by the *Net Settlement Fund Proceeds*.

E.    The *Claims Administrator* shall identify all *Class Members* whose *Preliminary Dollar Recovery* is greater than zero but less than a minimum amount of ten dollars ($10.00) (the *"Minimum Amount"*).    All such *Class Members* shall receive an allocation from the *Net Settlement Fund Proceeds* of the *Minimum Amount*.

F.     The *Claims Administrator* shall then, after subtracting out the amounts allocated to *Class Members* who receive the *Minimum Amount*, recalculate the *Preliminary Fractional Shares* and the *Preliminary Dollar Recoveries* so as to arrive at the *"Final Fractional Share"* and the *"Final Dollar Recovery"* for each *Class Member*. The sum of the *Final Dollar Recoveries* must equal the *Net Settlement Fund Proceeds*.

**4.     Distribution of the allocated amounts**

A.     As soon as practicable after the calculations pursuant to Section 3 above, *Lead Counsel* shall direct the Financial Institution to deposit the *Net Settlement Fund* Proceeds into the Plan.

B.     *Class Members* With Accounts Under the *Plan*. As promptly as possible after deposit of the *Net Settlement Fund Proceeds* into the *Plan*, the *Claims Administrator* shall forward to the *Plan* trustee for depositing into each *Class Member's* account under the *Plan* his or her *Final Dollar Recovery* as calculated above. The deposited amount shall be allocated among the *Class Member's* investment options in accordance with the existing investment elections then in effect and treated thereafter for all purposes under the *Plan* as assets of the *Plan* properly credited to that *Class Member's* account.

C.     *Class Members* Without Accounts Under the *Plan*. With respect to *Class Members* who withdrew their accounts under the *Plan* after the beginning of the *Class Period* but prior to the entry of the instant Order, an account for each such *Class Member* shall be established, and each such *Class Member* will be notified of such account along with further instructions from the *Plan* trustee.

D.     If any *Class Member* with a *Final Dollar Recovery* cannot be located despite reasonable efforts, such *Class Member's Final Dollar Recovery* shall be administered in

accordance with the procedures of the *Plan* regarding unlocatable participants. If any *Class Member with a Final Dollar Recovery* is deceased, such *Class Member's Final Dollar Recovery* shall be administered in accordance with the procedures of the *Plan* regarding deceased participants.

**5.    Qualifications and continuing jurisdiction**

A.    Depending on the manner in which the data is kept and the ease with which it can be manipulated, it may be appropriate to simplify some of the features of these calculations. Such simplifications are acceptable as long as the two basic features of the distribution of the *Net Settlement Fund Proceeds* are preserved: (1) that each *Class Member* receives a proportionate share of the *Net Settlement Fund Proceeds* based approximately on the decline in the value of *Company Stock* held in the *Class Members'* account over the *Class Period* in comparison with the decline in value of *Company Stock* held by all other *Class Members*; and (2) that the distribution take place through the *Plan* so as to realize the tax advantage of investment in the *Plan*. Any such changes will be presented to the *Court* for approval pursuant to Section 5.B below.

B.    The *Court* will retain jurisdiction over the *Plan of Allocation* to the extent necessary to ensure that it is fully and fairly implemented.

SO ORDERED this__day of _____, 2009.

_____

Hon. William G. Young, U.S.D.J.