# EXHIBIT B
# IFS AGREEMENT

**INDEPENDENT FIDUCIARY ENGAGEMENT BETWEEN
W. R. GRACE & CO. AND
INDEPENDENT FIDUCIARY SERVICES, INC.**

This document, when executed by W. R. Grace & Co., a Delaware corporation ("Company"), in its corporate capacity, the Investment and Benefits Committee (the "Committee"), as named fiduciary of the W. R. Grace and Co. Savings and Investment Plan (the "Plan") with the authority to appoint an independent fiduciary, and Independent Fiduciary Services, Inc. ("IFS"), a Delaware corporation, shall constitute an agreement ("Agreement") as to the matters set forth herein. Except as otherwise indicated, all capitalized terms shall have the meaning set forth in the Class Action Settlement Agreement ("Settlement Agreement") in *Evans v. Akers, et al.* and *Siamis v. Akers, et al,* consolidated under Case No. 04-11380 (the "Action").

1.  **Background**

The Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("*ERISA*"), with respect to the Plan. The Plan is a defined contribution 401(k) plan, which offered Grace stock as an investment option. The Action, which was filed on behalf of a putative class of Plan participants, is a traditional "stock drop" case. The plaintiffs claim that the Plan's fiduciaries breached their fiduciary duties by continuing to allow the Plan to invest in Grace stock at a time that they should have known that the stock was an imprudent investment. After several sessions with retired Judge Nicholas Politan as mediator, the parties agreed to settle the Action for $10 million.

2.  **Scope of Engagement**

The Committee, in its capacity as a named fiduciary of the Plan with the authority to appoint an independent fiduciary, hereby appoints IFS as an investment manager and as the independent fiduciary of the Plan with the exclusive responsibility, subject to the limitations set forth herein, to determine whether to grant the approvals, authorizations or findings contemplated by Section 2.5 of the Settlement Agreement (the "Determination"). In its capacity as the independent fiduciary, IFS shall be solely responsible for making the Determination. IFS shall provide the Committee, as named fiduciary, written notice of its Determination and shall comply with all relevant conditions set forth in PTE 2003-39 in making the Determination.

3.  **Limits of IFS' Authority and Responsibility**

IFS shall have no fiduciary responsibilities or duties to the Plan or its participants and beneficiaries except as set forth in Section 2. In this regard, for example, and without limitation, IFS shall not have any authority or responsibility on behalf of the Plan for:

    a.    If the Settlement Agreement is not approved or does not become effective, taking any action on behalf of the Plan or its participants and beneficiaries with respect

to any claims the Plan may have arising out of the events and transactions that are the subject of the Action, or any other matter.

b.   Communicating with any past or present participant or beneficiary of the Plan.

c.   Managing, administering or investing any assets of the Plan, including, without limitation, that portion of the Settlement Fund that is paid to the Plan.

d.   Reviewing, commenting upon, approving or objecting to any payments from the Settlement Fund, including, without limitation, commenting upon, approving or objecting to an application by Class Counsel for attorneys' fees and reimbursement of expenses or compensation to Named Plaintiffs, except to the extent necessary to make the Determination.

e.   Reviewing, commenting on, objecting to, implementing or monitoring the implementation of any Plan of Allocation proposed to or approved by the Court except to the extent necessary to make the Determination, or otherwise opining or acting with respect to benefits claims, payment of Plan benefits or matters of Plan administration.

f.   Providing a written report to the United States Department of Labor ("DOL") concerning the Action or the Determination, *provided, however,* that IFS shall be authorized to respond orally or in person to inquiries from DOL with respect thereto.

## 4.   Cooperation of Other Parties to Agreement

The Company and the Committee agree to cooperate reasonably with IFS so that IFS may perform its responsibilities as set forth in this Agreement in a timely fashion. Without limiting the generality of the foregoing: (a) the Company and the Committee shall provide IFS with such information regarding the Plan as IFS reasonably requests, (b) the Company and the Committee shall cause its attorneys in the Action to meet with IFS and its legal counsel in person or by telephone, at the times and places IFS reasonably requests, and (c) the Company and the Committee shall use its best efforts to persuade the attorneys for the other Parties to do the same. IFS shall be entitled to assume and rely upon the accuracy of the information, both oral and written, provided to it by the Company and the Committee, the other Parties and their respective counsel, unless a prudent fiduciary in a position similar to IFS under the circumstances would not rely on the accuracy of such information, and IFS shall have no liability arising out of such reliance. The Company and the Committee agree to respond forthwith to requests from IFS for information and shall provide IFS responses to such requests, including reasonable assumptions and/or estimates.

## 5.   Fees and Expenses

a.   The Company shall cause IFS to be paid a total of $60,000 for services in connection with this Agreement as follows:

2

    **i.**    $ 30,000 shall be due and payable upon the execution of this Agreement.

    **ii.**    $30,000 shall be due and payable once IFS has issued its written notice of the Determination to the Company or, if earlier, on the date that the Company determines to waive the condition set forth in Section 2.5 of the Settlement Agreement.

**b.**    IFS shall be entitled to reimbursement of reasonable, documented out-of-pocket expenses and shall include but not be limited to, reasonable travel, lodging and meal expenses, duplicating charges, overnight mail, long-distance telephone calls, and computer charges that may be incurred by IFS in connection with the engagement.

**c.**    The Company shall also cause to be paid the reasonable and documented fees and expenses of outside legal counsel that IFS chooses to retain in connection with this Agreement, but not to exceed a total of $40,000. Such legal counsel shall be deemed a third party beneficiary of this Agreement with respect to the Company's obligations under this paragraph.

**d.**    All fees and expenses to be paid pursuant to this Section 5 shall be paid by or on behalf of the Company. If the Company fails to have the fees and expenses paid, the Plan shall make such payments to the extent permitted by law. Reasonable out-of-pocket expenses, including the fees and expenses of outside counsel, shall be paid within thirty (30) days of the Company's receipt of an invoice with appropriate documentation.

**e.**    Invoices to the Company for the payment of fees and expenses shall be sent to:

>John P. Forgach, Esq.
>Senior Benefits Counsel
>W. R. Grace and Co.
>Grace Drive
>Columbia, MD  21044

with a copy to:

>Carol Connor Cohen, Esq.
>Arent Fox, LLP
>1050 Connecticut Ave., NW
>Washington, DC  20036

3

6.    **Acknowledgement of Fiduciary Status and Qualification to Serve as Independent Fiduciary**

IFS represents that it is registered as an investment advisor under the Investment Advisors Act of 1940. It acknowledges that by agreeing to undertake the engagement set forth in Section 2, above, it shall be a "fiduciary" and "investment manager" with respect to the Plan, as those terms are defined in ERISA, with respect to the settlement of the litigation described above. IFS further acknowledges that, notwithstanding that the Company will be paying its fees and expenses hereunder, IFS is serving as a fiduciary with duties and responsibilities owed exclusively to the Plan and its participants and beneficiaries. IFS further represents that it has no relationship to, or interest in, any of the parties involved in the Action that might affect the exercise of IFS' best judgment as a fiduciary with authority to carry out the functions set forth in Section 2.

This Agreement, and IFS's status as a fiduciary of the Plan, shall terminate when IFS has fulfilled all of its obligations under Section 2 of this Agreement.

7.    **Other Services and Modification of Agreement**

This Agreement incorporates the entire understanding of the Company, the Committee and IFS concerning the matters described herein, and supersedes all previous agreements or understandings, whether written or oral. If the Company, the Committee, and IFS agree that IFS shall render services in addition to the services set forth in Section 2 above, or if the parties shall otherwise agree to modify this Agreement, this Agreement shall be modified only by an express writing executed by the parties hereto.

8.    **Indemnification**

a.    If IFS or any employee, agent, officer, director, or shareholder ("IFS Indemnified Persons") becomes involved in any capacity in any legal or administrative action, suit, proceeding, investigation, or inquiry, directly or indirectly in connection with this Agreement or engagement or the services and decisions that are subject to this Agreement, the Company shall indemnify and hold harmless each IFS Indemnified Person against any and all losses, claims, damages, liabilities, costs and expenses (including reasonable attorneys' fees and expenses) ("IFS Losses") to which such IFS Indemnified Person may become subject in connection with any such matter as such IFS Losses arise. Any IFS Indemnified Person shall have the right to employ such person's own separate counsel, at the Company's expense, and such counsel shall have the right to have charge of such matters for such person, except as otherwise provided in this Section 8. The indemnification obligations hereunder shall not apply to any IFS Losses that are finally judicially determined to have been caused primarily by negligence, bad faith, willful misfeasance, or by such IFS Indemnified Person's breach of any fiduciary duty owed to the Plan under ERISA. In the event of such determination, the Company shall be entitled to recover from the IFS Indemnified Person the costs and

4

expenses paid on behalf of such person pursuant to this indemnification obligation.

b.    Each of the IFS Indemnified Persons agrees that such person shall not settle, compromise, or discharge any such suit, claim, litigation or threatened claim without the written prior consent of the Company. The Company and the Committee agree that they will not settle, compromise, or discharge any suit, claim, litigation, threatened litigation or threatened claim arising out of or related to this Agreement and to which any IFS Indemnified Persons may reasonably be expected to be a party without the written prior consent of such IFS Indemnified Persons. The provisions of this Section 8 shall be enforceable by the Company, the Committee, and each IFS Indemnified Person and such person's heirs, representatives and successors and shall survive the termination of this Agreement and completion of services hereunder.

c.    Without limiting the generality of the foregoing, the Company shall cause to be paid the expenses, including time spent (at IFS's then current hourly rate) and reasonable attorneys' fees, incurred by any IFS Party in responding to, objecting to or moving to quash or for a protective order, concerning any subpoena, governmental investigation or other legally enforceable request for information, documents or testimony directed to any IFS Party, arising out of or related to the services provided pursuant to this Agreement.

d.    The federal securities laws impose liabilities under certain circumstances on persons who act in good faith, and therefore nothing herein shall in any way constitute a waiver or limitation of any rights which the Company may have under any federal securities laws.

If the Company should fail to perform its obligations under this Section 8, the Plan shall be liable therefore, except to the extent that performance by the Plan of such obligations is barred by ERISA.

9.    **Other Issues**

a.    Each of the parties hereto represents and warrants that it is authorized to enter into and perform its obligations under this Agreement without limitation, and that no further authorizations or consents are required.

b.    This Agreement states the entire agreement of the Parties; is intended as the complete and exclusive statement of their agreement; and may not be modified or amended except by a writing duly executed by the Parties. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect pursuant to the terms hereof.

c.      This Agreement shall be for the benefit of, and shall be binding upon only (a) the Plan, and its successors, (b) the Company and its affiliates and successors, (c) the Committee and its successors, and (d) IFS and its successors.

d.      This Agreement may not be assigned by any party without the consent of the other parties.

e.      The Company and the Committee acknowledge that the services being provided and obligations undertaken hereunder are being provided and undertaken by IFS as a corporate entity and not by any individual officer, director, employee, agent, shareholder or agent of IFS (each an "IFS Individual"). Neither the Plan nor any fiduciary of the Plan has entered into any agreement to the effect that (i) one or more IFS Individuals, as opposed to IFS, is providing services to the Plan or its fiduciaries, or (ii) the Determination or any other work performed for or advice communicated to the Plan by any one or more IFS Individuals is the work or advice of such IFS Individual(s), as opposed to the Determination, work or advice of IFS. IFS represents and the Company and the Committee acknowledge that IFS will not delegate to any IFS Individual IFS's fiduciary obligations and responsibilities owed to the Plan.

f.      The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect pursuant to the terms hereof.

g.      The engagement of IFS pursuant to this Agreement may be terminated at any time by the Committee or IFS by 30 days' written notice by the party terminating the engagement to the other party, or such shorter period of time as may be agreed upon by the parties. If the engagement is terminated, IFS's compensation under this Agreement will be limited to the fees it has received and any fees due, on a pro rata basis assuming an eight week duration of the work, through the day on which the termination of the engagement is effective. IFS will also be entitled to receive, within 30 days of billing, reimbursement for all reasonable out-of-pocket expenses and reasonable legal and professional fees and expenses incurred by IFS through the effective date of termination not previously reimbursed.

h.      This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of which together shall constitute one and the same instrument.

i.      This Agreement shall be governed by the laws of the District of Columbia (without giving effect to its provisions on the conflict of laws) only to the extent not preempted by ERISA or other federal law.

j.      The Company will file a motion with the Unites States Bankruptcy Court for the District of Delaware requesting approval and authorization of this Agreement.

6

**k.**      This Agreement shall be effective upon the execution of this Agreement by all parties.

**l.**      Unless notified in writing to the contrary, all notices shall be mailed or sent by overnight courier or electronic mail to:

|  |  |
|---|---|
| If to IFS: | Independent Fiduciary Services, Inc.<br>805 15th Street NW, Suite 1120<br>Washington, DC 20005<br>Attention: Samuel W. Halpern<br>shalpern@independentfiduciary.com |
| With a copy to: | Independent Fiduciary Services, Inc.<br>744 Broad Street, Suite 1120<br>Newark, NJ 07102<br>Attention: Andrew Irving<br>airving@independentfiduciary.com |

If to Company or Committee:

|  |  |
|---|---|
|  | John P. Forgach, Esq.<br>Senior Benefits Counsel<br>W. R. Grace & Co.<br>7500 Grace Drive<br>Columbia, Maryland  21044 |
| With a copy to: | Carol Connor Cohen, Esq.<br>Arent Fox, LLP<br>1050 Connecticut Ave., NW<br>Washington, DC  20036 |

## [SIGNATURE PAGE TO FOLLOW]

7

In witness whereof, the Parties have executed this Agreement on the dates set forth below.


**W.  R. Grace & Co.**
in  its corporate capacity


_____          _____
By:                                                            Date
Title:

**The Investment and Benefits Committee,**
as a named fiduciary


_____          _____
By:                                                            Date
Title:

**Independent Fiduciary Services, Inc.**


_____          _____
By:                                                            Date
Title:

8