# EXHIBIT A

# STEPTOE & JOHNSON LLP
### ATTORNEYS AT LAW

Matthew D. Lerner
202.429.8024
mlerner@steptoe.com
Direct Fax: 202.261.0523

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

April 3, 2009

The Honorable Mary Ann Cohen
United States Tax Court
400 Second Street, NW
Washington, DC 20217-0002

Dear Judge Cohen:

    Enclosed please find a Stipulation of Settled Issues in the *Fresenius Medical Care Holdings, Inc., et al. v. Commissioner of Internal Revenue* matter. Although the parties have reached an understanding as to the basis for resolving this issue, it may be quite some time before a decision document can be prepared. W. R. Grace & Co.-Conn is currently in bankruptcy and, while it is not the named petitioner in this matter, it is the real party in interest financially. Hence, this settlement needs to be approved by the Bankruptcy Court before the parties can execute a decision document. Likewise, because the net result for the year before the Court will be a refund to the petitioner, this settlement must be approved by the Joint Committee on Taxation.

    The parties will keep the Court informed as to the progress of obtaining those two approvals.

    Thank you very much for your attention to this.

Very truly yours,

Matthew D. Lerner

MDL:jw
Encls.

cc: Lawrence C. Letkewicz, Esq.

U.S. TAX COURT
RECEIVED

APR -3 2009

UNITED STATES TAX COURT

FRESENIUS MEDICAL CARE )
HOLDINGS, INC. AND SUBSIDIARIES )
F/K/A W.R. GRACE & CO. )
AFFILIATED GROUP )
F/K/A FRESENIUS NATIONAL )
MEDICAL CARE HOLDINGS, INC. )
AFFILIATED GROUP, )
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Petitioners, )
　　　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　　)　Docket No. 13956-07
　　　　　　　　　　　　　　　　　　)
COMMISSIONER OF INTERNAL REVENUE, )　Judge Mary Ann Cohen
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Respondent.　　)

## STIPULATION OF SETTLED ISSUES

The parties to this case have agreed to settle all the issues in this case as follows:

1. The parties agree that the case was timely filed by the Petitioner and timely answered by the Respondent.

2. The parties agree that the total amount of the net operating loss carryback at issue in the case is $161,526,580 from the taxable year 1998.

3. Notwithstanding the statement in paragraph 1.b. of the notice of deficiency, the amount of $7,537,535 previously refunded to petitioner for its 1989 taxable year results from the carryback of a net operating loss from the taxable year 1997 to the taxable year 1988 and is allowable.

4.  The parties agree that the amount of $161,526,580 represents a specified liability loss under I.R.C. § 172(f) suffered by W.R. Grace & Co.-Conn ("Grace-Conn") but disagree as to whether the carryback of that loss is subject to limitations imposed by the separate return limitation year rules found in Treas. Reg. § 1.1502-21A(c) as applicable to 1989 (the separate return limitation year rules applicable to a given year are hereinafter referred to as the "SRLY rules").

5.  In settlement of the issue in this case, the parties agree that the total net operating loss at issue of $161,526,580 shall be allowed as a specified liability loss carryback to the 1989 taxable year of the Petitioner. Of that amount, $53,526,580 may be used in 1989 without limitation by the SRLY rules. The use of the remaining $108,000,000 of the net operating loss from 1998 as a carryback to the 1989 taxable year of Petitioner shall be treated as limited to $0.00 as a result of the application of the SRLY rules applicable to 1989. That unused carryback may be used in taxable years subsequent to 1989 only in accordance with the SRLY rules to the extent applicable to such subsequent taxable years.

6.  The parties agree that this Stipulation of Settled Issues represents a complete resolution of all the issues in the case.

Docket No. 13956-07          - 3 -

7.   The parties agree that this proposed resolution of the case is not final and may not be incorporated in a decision document until its review by the Bankruptcy Court and the Joint Committee on Taxation is complete and those entities have approved it.

8.   The parties agree that, pending approval by the Bankruptcy Court and the Joint Committee on Taxation, no trial in this case shall be necessary.

9.   The parties agree that nothing contained in this Stipulation of Settled Issues shall constitute an admission by any party as to the correctness of any position asserted by either party in this case and that, in the event this settlement

Docket No. 13956-07           - 4 -

is not ultimately approved in accordance with Paragraph 7, this Stipulation shall not be admissible into the factual record in this case.

|  |  |
|---|---|
| *[signature]*<br>_____<br>MATTHEW D. LERNER<br>Counsel for Petitioner<br>Tax Court Bar No. LM0393<br>Steptoe & Johnson LLP<br>1330 Connecticut Ave. N.W.<br>Washington, DC 20036<br>Tel. No. (202) 429-8024 | CLARISSA POTTER<br>Acting Chief Counsel<br>Internal Revenue Service<br><br>By *[signature]*<br>_____<br>LAWRENCE C. LETKEWICZ<br>Special Trial Attorney<br>Tax Court Bar No. LL0110<br>Suite 2400<br>200 West Adams Street<br>Chicago, Illinois 60606<br>Tel. No. (312) 368-8772 |
| Date: April 3, 2009 | Date: March 30, 2009 |