# EXHIBIT D

UNITED STATES TAX COURT

FILED
U.S. TAX COURT
ROBERT R. DITROLIO, CLERK

2007 JUN 18  PM 3: 36

BY:_____
        DEPUTY CLERK

..............................................

Fresenius Medical Care Holdings, Inc. and Subsidiaries
(f/k/a W.R. Grace & Co. Affiliated Group and
after that f/k/a Fresenius National Medical
Care Holdings, Inc. Affiliated Group),

      Petitioner,

v.

Commissioner of Internal Revenue,

      Respondent.

## PETITION

Pursuant to Tax Court Rule 34, W.R. Grace & Co. Affiliated Group and Subsidiaries,[1] a

U.S. consolidated group ("Petitioner"), hereby petitions for a redetermination of the deficiency

set forth by the Commissioner of Internal Revenue in the Commissioner's notice of deficiency

dated March 22, 2007 and as the basis for the Petitioner's case alleges as follows:

## PARTIES

1.     W.R. Grace & Co. (EIN 13-3461988), a New York corporation  ("Grace-NY") now

known as Fresenius Medical Care Holdings, Inc., was Petitioner's common parent in 1989. In

1989, Grace-NY's principal offices were located at 1114 Avenue of the Americas, New York,

---

[1] Since the tax period at issue (1989), Petitioner's common parent, W.R. Grace & Co.,
changed its name to Fresenius National Medical Care Holdings, Inc. and then to its current name,
Fresenius Medical Care Holdings, Inc. This petition is filed on behalf of all members of the
W.R. Grace & Co. consolidated group as of December 31, 1989 (described below).

New York 10036.[2]    The return for the period here involved was filed with the Office of the

Internal Revenue Service (the "Service") in Holtsville, New York.

2.    The notice of deficiency (a copy of which is attached and marked as Exhibit A) was

mailed to Petitioner on March 22, 2007 and was issued by the Office of the Internal Revenue

Service in Ft. Lauderdale, Florida.

3.    The deficiencies as determined by the Commissioner are in income tax for the calendar

year 1989, in the amount of $32,554,061, of which $27,751,599 is in dispute.[3]

## FACTS

4.    The facts upon which Petitioner relies, as the basis of Petitioner's case, are as follows:

a.    W.R. Grace & Co.-Conn ("Grace-Conn") is a Connecticut corporation with its

principal offices located at 7500 Grace Drive, Columbia, Maryland, 21044. Grace-Conn's

taxpayer identification number is 13-5114230. Grace-Conn was formed on November 18, 1899.

From 1953 through May 25, 1988, the stock of Grace-Conn was widely held and publicly traded.

Until May 25, 1988, Grace-Conn was the common parent of Petitioner (the "Historic Grace-

Conn Group"), and the primary operating company of the group. The Historic Grace-Conn

Group filed and continues to file a consolidated federal income tax return.

---

[2] Fresenius Medical Care Holdings Inc.'s current principal offices are located at 920 Winter Street, Waltham, Massachusetts, 02451-1457.

[3] In addition to the disputed amount of $27,751,599 from the asserted deficiency, Petitioner also alleges herein that Petitioner is entitled to a refund for 1989 in the amount of at least $2,487,360, plus interest thereon, as a result of additional carrybacks as reflected in the claim for refund previously filed.

b.      Effective May 25, 1988, (i) Grace-Conn formed Grace-NY, a New York corporation, as a wholly owned subsidiary; (ii) Grace-NY formed a wholly owed subsidiary ("MergerCo"); and (iii) Grace-NY caused MergerCo to merge with and into Grace-Conn, with Grace-Conn surviving. The merger was effective May 25, 1988, and qualified as a tax-free reorganization under section 368(a)(2)(E).[4]  In the merger, each share of Grace-Conn was automatically converted into a share of Grace-NY and Grace-Conn became a first-tier subsidiary of Grace-NY. Collectively, this series of transactions is referred to as the "1988 Holding Company Transaction."

c.      As a result of the 1988 Holding Company Transaction, Grace-Conn became a direct wholly owned subsidiary of Grace-NY. The Historic Grace-Conn Group continued to exist with Grace-NY as the common parent of the Historic Grace-Conn Group.

d.      For 1989, the tax year in issue, Grace-NY was the common parent of the Historic Grace-Conn Group. The Historic Grace-Conn Group filed a consolidated federal income tax return using the accrual method of accounting and had a tax year-end of December 31. For the taxable year ending December 31, 1989, Grace-Conn was a direct, wholly owned subsidiary of Grace-NY and a member of the Historic Grace-Conn Group.

e.      In 1996, Grace-Conn ceased to be a member of the Historic Grace-Conn Group.

f.      In 1998, Grace-Conn reported a specified liability loss ("SLL") of $131,427,399.

g.      Grace-Conn filed a Form 1139 to carry this SLL back ten years to the taxable year of the Historic Grace-Conn Group ending December 31, 1989 (the "Grace-Conn Carryback"), in order to obtain a refund of taxes paid for that year (the "Refund") and corresponding adjustments

---

[4] Unless otherwise specified, all section references are to the Internal Revenue Code of 1986 (the "Code") or the regulations promulgated thereunder ("Treas. Reg. §"), as amended and applicable to the year at issue.

to credit carryforwards. The Form 1139 indicated that, as a result of the Refund, an additional

$6,334,463 of general business credits should have carried forward from 1989 to future years.

The Form 1139 also indicated that the Refund resulted in an additional alternative minimum tax

of $7,594,768 in 1989 and therefore generated an additional alternative minimum tax credit in

the same amount that should have carried forward from 1989 to future years. Grace-Conn

ultimately was entitled to the Refund and the corresponding adjustments to credit carryforwards

because the Grace-Conn Carryback was not limited by the separate return loss year ("SRLY")

limitation rules in Treas. Reg. § 1.1502-21(c). In May 2000, the Service granted the Refund and

wired $27,751,599, plus interest to Grace-NY. Grace-NY transferred the Refund to Grace-Conn

pursuant to pre-existing agreements between the companies.

     h.     Subsequent to the Refund, it was determined pursuant to an examination

conducted by the Service that Grace-Conn was entitled to another $30,099,181 of 1998 SLLs,

which, when carried back to 1989, eliminates the undisputed 1989 deficiency of $4,802,462 and

results in an overpayment of at least $2,487,360. On behalf of the Historic Grace-Conn Group,

a timely refund claim was filed for the tax year ending December 31, 1989 for the amount of

$2,487,360 based upon carrying back those additional SLLs, which claim should be allowed in

full based upon the arguments presented in this petition, so that rather than there being a

deficiency in income tax for the year at issue, there is an overpayment. In a letter dated April 25,

2007, the Service disallowed that claim for refund.

     i.     As a result of adjustments made and approved for other years, there are additional

credit carryforwards from 1988 to 1989 to which the Historic Grace-Conn Group is entitled. An

additional $1,204,111 of general business credits and $2,436,163 of alternative minimum tax

credits should have carried forward from 1988 to 1989.

j.       On November 8, 2005, the Service issued a Notice of Proposed Adjustment (the "NOPA") with respect to the Grace-Conn Carryback and the Refund. The NOPA disallowed the Refund based on the position that the Grace-Conn Carryback was subject to the SRLY limitations, and that such limitations prevented the use of Grace-Conn's 1998 SLLs by the Historic Grace-Conn Group in Grace-Conn's 1989 tax year. On March 31, 2006, the Service issued a 30-day letter (the "30-Day Letter"). Although a timely Protest was filed on May 25, 2006, the Appeals Division of the Service did not consider the issue. On March 22, 2007, the Service issued the Notice of Deficiency.

k.       On April 2, 2001, Grace-Conn filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to a motion filed by Grace-Conn, the Bankruptcy Court issued an order dated April 26, 2007 (a copy of which is attached and marked as Exhibit B) modifying the automatic stay under section 362(a)(8) of the Bankruptcy Code to permit the filing of this petition.

## ERRORS

5.       Petitioner asserts that the Respondent has committed the following errors:

a.       Respondent erred in disallowing the carryback of the SLL of $131,427,399 (the Grace-Conn Carryback) to the 1989 taxable year and the use of that SLL to offset the income of the Historic Grace-Conn Group. Grace-Conn was entitled to carry back the SLL ten years to 1989 pursuant to the SLL carryback rules in section 172(f). Respondent's disallowance of the Grace-Conn Carryback is based on an incorrect application of the SRLY limitation rules in Treas. Reg. § 1.1502-21(c). Respondent's application of the SRLY limitation rules is incorrect because Respondent does not apply correctly an exception to the SRLY limitation rules that is

- 5 -

known as the "Lonely Parent Rule" and that is set forth in Treas. Reg. § 1.1502-1(f)(2)(i). Under the Treasury regulations, losses of the corporation described in the Lonely Parent Rule are not subject to the SRLY limitation rules. Under relevant authority, Grace-Conn is the corporation described in the Lonely Parent Rule for purposes of applying the SRLY limitation rules to the Historic Grace-Conn Group in the 1989 tax year. *See* Rev. Rul. 82-152, 1982-2 C.B. 205; Treas. Reg. § 1.1502-75(d)(2)(ii). As a result, the SRLY limitation rules do not limit the Historic Grace-Conn Group's ability to use the Grace-Conn Carryback in that year. Accordingly, the Historic Grace-Conn Group's use of the Grace-Conn Carryback in 1989 was proper.

b.       Respondent erred in disallowing the carryback of an additional 1998 SLL of $30,099,181 to the 1989 tax year based on the same erroneous interpretation of the SRLY limitation rules described above.

c.       Respondent failed to compute interest properly on the Refund from the time tax was paid for 1989 to the date of the Refund. The amount of the interest should have been approximately $1,775,480 instead of the $1,084,178 that was paid. Final determination of the exact numbers requires additional information that will become available in the litigation process.

d.       The proper use of the Grace-Conn Carryback in 1989 affects actual and protective claims made with respect to subsequent tax years.

WHEREFORE, Petitioner prays that this Court determine that no deficiency is due from Petitioner with respect to 1989, determine that Petitioner is entitled to a refund for 1989 in the amount of at least $2,487,360, plus interest thereon as allowed by law, as a result of the additional specified liability loss carried back by Grace-Conn to 1989 as reflected in a claim for refund previously filed, and grant Petitioner such other and further relief as this Court deems just and proper, including computing the appropriate amount of interest with respect to the Refund, computing the amount of carryforwards and other attributes which thus arise out of the 1989 taxable year that are available for use in future years, and giving Petitioner the benefits of interest netting and interest suspension provided for by applicable law.

Matthew D. Lerner
Steptoe & Johnson LLP
1330 Connecticut Ave. NW
Washington, DC 20036
202-429-8024

Dated: ___6·15·07___

Tax Court Bar #: LM0393

Mark J. Silverman
Steptoe & Johnson LLP
1330 Connecticut Ave. NW
Washington, DC 20036
202-429-6450

Dated: ___6/14/07___

Tax Court Bar #: SM0339

Steven B. Teplinsky
Steptoe & Johnson LLP
1330 Connecticut Ave. NW
Washington, DC 20036
202-429-6245

Dated: ___June 14, 2007___

Tax Court Bar #: TS0218

- 8 -

# ATTACHMENT A

**Department of the Treasury**
**Internal Revenue Service**
P.O. Box 17167
Stop 4043
Ft. Lauderdale, Florida 33318

Date: **MAR 2 2 2007**

Fresenius Medical Care Holdings, Inc.
(f/k/a W.R. Grace & Co. Affiliated Group and after that
f/k/a Fresenius National Medical Care Holdings, Inc.
Affiliated Group)
c/o Tax Department
5400 Broken Sound Boulevard NW, Suite 300
Boca Raton, Florida 33487-3517

**Employee to Contact:**
Susan S. Wells
**Employee Identification Number:**
65-04445
**Contact Telephone Number:**
(954) 423-7510
**Taxpayer Identifying Number:**
13-3461988

**CERTIFIED MAIL**

**Taxable Year Ended**       **Deficiency**
December 31, 1989          $32,554,061.00

### NOTICE OF DEFICIENCY

The last date to file a petition with the United States Tax Court is _**JUN 2 0 2007**_
if the filing of the tax court petition is not prohibited by the automatic stay imposed by
the bankruptcy code. If the automatic stay was in effect on the date of this letter or
comes into effect during the period from the date of this letter through __**JUN 2 0 2007**__
see the description of how to calculate the last date to file a petition below.

We have determined that you owe additional tax, other amounts, or both, for the tax year(s)
identified above. This letter is your NOTICE OF DEFICIENCY, as required by law and
permitted by Bankruptcy Code §362(b)(9). The enclosed statement shows how we figured the
deficiency. If you are a C-corporation, section 6621(c) of the Internal Revenue Code requires
that we charge an interest rate two percent higher than the normal rate on large corporate
underpayments of $100,000 or more.

You and/or your spouse have various options in responding to this letter. The **first** option is
to agree with the amount of proposed deficiency listed above. *If you agree,* sign the enclosed
waiver form and return it to us at the Internal Revenue Service (IRS) address on the top of the
front of this letter. This will permit us to assess the deficiency quickly and can limit the
accumulation of interest. If you choose this option, you do not need to read any further.

**Letter 1384 (DO) (Rev. 12-2004)**
Cat. No. 40693N

2

A **second** option is to petition the United States Tax Court by the date shown above, *if the automatic stay was not in effect from the date of this letter through the date shown above as the last date to file a petition.* A stay is a temporary suspension of proceedings. If we issue a notice of deficiency and the automatic stay is in effect, the automatic stay prohibits a person in bankruptcy from filing a petition with the Tax Court until the automatic stay is lifted or terminated by operation of law.

A **third** option is to request the Bankruptcy Court to lift the automatic stay under the Bankruptcy Code section 362(d)(1) so that you can file a Tax Court petition while you are still in bankruptcy. *If you file a Tax Court petition while the automatic stay is still in effect, the Tax Court will dismiss your petition for lack of jurisdiction.*

A **fourth** option is to petition the Tax Court *after* the automatic stay is no longer in effect by operation of law. Generally, the automatic stay terminates by operation of law at the earliest of the time the bankruptcy case is closed, the time the bankruptcy case is dismissed, or in an individual Chapter 7 case or a case under Chapters 9, 11, 12 or 13, the time a discharge is granted or denied by the Bankruptcy Court.

## WHEN TO FILE A PETITION

Second Option – File by the date shown above as "the last date to file a petition," *if the automatic stay was never in effect for the time period from the date of this letter through the date listed above as the "last date to file a petition."*

Third and Fourth Options – If the automatic **stay is in effect** as of the date of this letter and prohibits the filing of a Tax Court petition, you may file a Tax Court petition after the automatic stay is lifted by the Bankruptcy Court or when the automatic stay is no longer in effect by operation of law. If the automatic stay was in effect as of the date of this letter, then once the automatic stay is terminated you have 90 days from the date it was terminated (150 days if we mailed this letter to an address outside of the Untied States), plus the additional 60-day period set out in section 6213(f)(1) of the Internal Revenue Code, to file your Tax Court petition asking for a redetermination of the deficiency.

If the automatic **stay was not in effect** as of the date of this letter but you file a bankruptcy petition within the 90 day (or if applicable, 150 day) period to file a Tax Court petition but prior to filing your Tax Court petition, then once the automatic stay is terminated, you have 90 days (or if applicable, 150 days) less the number of days between the date of this letter and the date of filing the bankruptcy petition, plus the additional 60 day period set out in section 6213(f)(1), to file your Tax Court petition. However, we suggest that you file your petition as soon as possible after the Bankruptcy Court lifts the automatic stay or the automatic stay is no longer in effect.

## HOW TO FILE A PETITION

If this letter is addressed to a husband and wife, both want to petition the Tax Court, and neither is in bankruptcy with an automatic stay in effect, you may file a joint petition that both of you must sign, or you may each file a separately signed petition.

If both spouses are in bankruptcy and the automatic stay is in effect, each spouse should request the Bankruptcy Court to lift the automatic stay before filing a Tax Court petition. If only one spouse has the automatic stay lifted, then only that spouse can file a Tax Court petition. If only one spouse is in bankruptcy and the automatic stay is in effect, the spouse in bankruptcy

3

must request the Bankruptcy Court to lift the stay before filing a petition with the Tax Court. The spouse not in bankruptcy can file a separate petition to the Tax Court. The extension of time given the spouse in bankruptcy does not extend the time to file a petition for the spouse not in bankruptcy.

All petitions to the Tax Court for a redetermination of this deficiency must be sent to: **United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217.** Attach a copy of this letter and copies of all statements and/or schedules you received with this letter. You can get a copy of the rules for filing a petition and a petition form by writing to the Clerk of the Tax Court at the same address. If more than one tax year is shown above, you may file one petition form showing all of the years you are contesting. You may represent yourself or you may be represented by anyone admitted to practice before the Tax Court.

The Tax Court has a simplified procedure for cases when the amount in dispute is $50,000 or less for any one tax year. You can get information about this procedure by writing to the Tax Court at the address listed above, or from the court's internet site at www.ustaxcourt.gov. Write promptly if you intend to file a timely petition with the Tax Court.

***The Court cannot consider your case if the petition is filed late.*** The petition is considered timely filed if the U.S. postmark date falls with the 90 (or 150) day period stated above and as extended by I.R.C. §6213(f)(1), if applicable, and the envelope containing the petition is properly addressed to the Tax Court with the correct postage affixed. Contacting the Internal Revenue Service (IRS) for more information, or receiving other correspondence from the IRS, will not change the allowable period for filing a petition with the Tax Court. If you decide not to sign and return the enclosed waiver form, and you do not file a petition with the Tax Court within the applicable time limits discussed above, the law requires us to assess the proposed deficiency and send you a request for payment.

## BANKRUPTCY COURT CONSIDERATIONS AND OPTIONS

Whether you file a petition with the Tax court, contest the deficiency in the Bankruptcy Court, or sign and return the waiver form, the IRS is authorized to file a proof of claim with the Bankruptcy Court for the deficiency, interest and additions to tax provided by law.

You have the option of filing an objection in the Bankruptcy Court to any proof of claim the IRS may file or of initiating a proceeding under section 505 of the Bankruptcy Code to determine the amount of the proposed deficiency, interest and additions to tax provided by law that are due from you. You can initiate a section 505 proceeding even if the IRS has not filed a proof of claim in your bankruptcy case. If the Bankruptcy Court or the Tax Court determines your tax liability, you cannot petition the other Court to redetermine the same liability at some later date.

## GETTING ANSWERS TO ANY QUESTIONS

If you have questions about this letter, you may write to or call the contact person whose name, telephone number, employee identification number and IRS address are shown on the front of this letter. If you write, please include your telephone number, the best time for us to call, and a copy of this letter to help us to identify your account. You may wish to keep the original letter for your records. If you prefer to call and the telephone number is outside your local calling area, there will be a long distance charge to you.

4

The contact person can access your tax information and help you to get answers. Also you have the right to contact the office of the Taxpayer Advocate. Taxpayer Advocate assistance is not a substitute for established IRS procedures such as the formal appeals process. The Taxpayer Advocate is not able to reverse legally correct tax determinations, nor extend the time fixed by law that you have to file a petition with the Tax Court. The Taxpayer Advocate can ensure that a tax matter gets prompt and proper handling when it may not have been resolved through normal channels. If you want Taxpayer Advocate assistance, please contact the Taxpayer Advocate for the IRS office that issued this notice of deficiency. For a list of Taxpayer Advocate telephone numbers and addresses, see the enclosed Notice 1214, *Helpful Contacts for Your "Notice of Deficiency"*.

Thank you for your cooperation.

Sincerely,

Mark W. Everson
Commissioner

By

Linda B. Vranas
Technical Services Territory Manager
South Atlantic Area

Enclosures:
Waiver
Statement
Notice 1214
Envelope

Letter 1384 (DO) (Rev. 12-2004)
Cat. No. 40693N

**Form 4089**
(Rev. January 1983)

**Department of the Treasury**

**Internal Revenue Service**

**Notice of Deficiency Waiver**

---

**Name, SSN or EIN, and Address of Taxpayer**
Fresenius Medical Care Holdings, Inc.
(f/k/a W.R. Grace & Co. Affiliated Group and after that
f/k/a Fresenius National Medical Care Holdings, Inc.
Affiliated Group)
c/o Tax Department
5400 Broken Sound Boulevard NW, Suite 300
Boca Raton, Florida 33487-3517

EIN: 13-3461988

---

**Kind of Tax**   Income

---

**Copy to Authorized Representative**
Elyse Filon, Esquire, Vice President-Finance
W.R. Grace & Co.
5400 Broken Sound Boulevard NW, Suite 300
Boca Raton, Florida 33487-3517

**Deficiency**

---

| **Taxable Year Ended** | **Deficiency** |
|---|---|
| December 31, 1989 | $32,554,061.00 |

---

**See the attached explanation for the above deficiencies**

**I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.**

| **Your** | **date** |
|---|---|
| **Signature** | |
| **Spouse's** | **date** |
| **Signature** | |
| **Taxpayer's Representative** | **date** |
| **Signature** | |
| **Corporate Name** | |

| **Corporate Officers** | **date** |
|---|---|
| **Signature** | |

**Note:** If you consent to the assessment of the amounts shown in this waiver, please sign and return it in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.

If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign:** If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

---

**If you agree, please sign this waiver (Form 4089) and return it.**

Fresenius Medical
Care Holdings, Inc.
EIN:13-3461988

**ATTACHMENT TO WAIVER**
Taxable Year Ended
December 31, 1989

It is determined that the amount of $7,537,535.00 refunded to you for the taxable year ended December 31, 1989 resulted from your Application for Tentative Refund Form 1139 on which you claimed a net operating loss carryback from the taxable year ended December 31, 1997.

This net operating loss carryback cannot be used in the taxable year ended December 31, 1989 because it is subject to the separate return limitation year (SRLY) limitations imposed by the Treasury Regulations under I.R.C. § 1502 and the amount of the carryback exceeds the amount of the SRLY limitations imposed by those regulations.

It is further determined that the amount of $27,751,599.00 refunded to you for the taxable year ended December 31, 1989 resulted from your Application for Tentative Refund Form 1139 on which you claimed a net operating loss carryback from the taxable year ended December 31, 1998.

This net operating loss carryback cannot be used in the taxable year ended December 31, 1989 because it is subject to the separate return limitation year (SRLY) limitations imposed by the Treasury Regulations under I.R.C. § 1502 and the amount of the carryback exceeds the amount of the SRLY limitations imposed by those regulations.

Due to the adjustments in this notice and other reports previously furnished to you, you sustained a net operating loss deduction within the meaning of section 172 of the Internal Revenue Code in the amount of $0.00 for the taxable year ended December 31, 1989, rather than the amount of $131,427,399.00 as shown on your return.

Fresenius Medical Care
Holdings, Inc.

**ATTACHMENT TO WAIVER**
Taxable Year Ended
December 31, 1989

**Common Parent Corporation**
Fresenius Medical Care Holdings, Inc. (f/k/a
W.R. Grace & Co. Affiliated Group and after that
f/k/a Fresenius National Medical Care Holdings, Inc.
Affiliated Group)

**Employer Identification Number**
13-3461988

**Subsidiary Corporations**

| SUBSIDIARY | EIN | Taxable Year Ended December 31, 1989 |
|---|---|---|
| W.R. Grace & Co.-Conn | 13-5114230 | X |
| AG CHEM International, Inc. | 13-3450409 | X |
| Alewife Boston, Ltd. | 22-2603361 | X |
| Alewife Land Corporation | 22-2603359 | X |
| American Carry Products Corp. | 13-3064201 | X |
| Antilles Chemical Corporation | 13-6044272 | X |
| A-1 Bit and Tool Co. Inc. | 22-2974435 | X |
| Beckett Golf Club, Inc. | 22-2026790 | X |
| Berry Gas Company | 73-0801942 | X |
| Camillus Acres, Inc. | 23-1945205 | X |
| Chomerics, Inc. | 04-2281379 | X |
| Coalgrace, Inc. | 13-2934063 | X |
| Cox Marketing, Inc. | 75-1449619 | X |
| Creative Food ' Fun Company | 58-1505881 | X |
| Creative Restaurant Concepts, Inc. | 58-1507000 | X |
| Darex Puerto Rico, Inc. | 13-2830236 | X |
| Daylin Summit, Inc. | 95-2748113 | X |
| Del Taco Corporation | 95-3190440 | X |
| Del Taco Restaurants, Inc. (formally Taco Villa, Inc.) | 75-1437918 | X |
| Devcoa Incorporated | 95-1033047 | X |
| Deway and Almy Company | 04-6087235 | X |
| El Liquidating Corp. | 31-0513578 | X |
| Ecarq, Inc. | 22-2065245 | X |
| Emerson and Cuming, Inc. | 22-2312556 | X |
| Five Alewife Boston, Ltd. | 22-3003981 | X |
| GEC Equipment Co. | Pending | X |
| GEC Management Corp. | 75-2283780 | X |
| GPC Marketing Company | 22-2279517 | X |

Fresenius Medical Care
Holdings, Inc.

**ATTACHMENT TO WAIVER**
Taxable Year Ended
December 31, 1989

**Common Parent Corporation**
Fresenius Medical Care Holdings, Inc. (f/k/a
W.R. Grace & Co. Affiliated Group and after that
f/k/a Fresenius National Medical Care Holdings, Inc.
Affiliated Group)

**Employer Identification Number**
13-3461988

**Subsidiary Corporations**

| SUBSIDIARY | EIN | Taxable Year Ended December 31, 1989 |
|---|---|---|
| GPC Transporter, Inc. | 73-1195791 | X |
| GPC Property, Inc. | Pending | X |
| Gloucester New Communities Company, Inc. | 13-2728098 | X |
| Grace (Middle East), Inc. | 13-3307138 | X |
| Grace A-B, Inc. | 22-2355544 | X |
| Grace ASC Corp. | 13-3220484 | X |
| Grace Chemical Company of Cuba | 36-6110408 | X |
| Grace Communications, Inc. | 13-2830262 | X |
| Grace Drilling Company | 73-0971397 | X |
| Grace Energy Corp. | 11-2516702 | X |
| (formally Grace Natural Resources Corp.) | | X |
| Grace Environmental, Inc. | 13-3546067 | X |
| Grace Equipment Co. | 74-1951774 | X |
| Grace H-G, Inc. | 13-3041784 | X |
| Grace Industrial Chemicals, Inc. | 13-2671485 | X |
| Grace Offshore Co. | 72-0502652 | X |
| Grace Par Corporation | 22-2341175 | X |
| Grace Petroleum Corporation | 73-0963306 | X |
| Grace Petroleum Libya Incorporated | 13-6112816 | X |
| Grace Technology Marketing Services, Inc. | 13-2886491 | X |
| Grace Transportation Services, Inc. | 22-2289266 | X |
| (Formally Grace Distribution Services) | | |
| Grace Ventures Corp. | 13-3102623 | X |
| Grace Washington, Inc. | 22-2941320 | X |
| Gracoal, Inc. | 75-1511800 | X |
| Hanover Square Corporation | 13-6112817 | X |
| Homco International, Inc. | 74-1614655 | X |
| Monolith Enterprises Incorporated | 52-0913918 | X |
| Monolith Kitchens, Inc. | 52-1309187 | X |
| Mount Bundey Mining, Inc. | 13-3365823 | X |
| National Medical Care, Inc and Subsidiaries | 04-2835488 | X |

Fresenius Medical Care **ATTACHMENT TO WAIVER**
Holdings, Inc.                          Taxable Year Ended
                                               December 31, 1989

**Common Parent Corporation**                    **Employer Identification Number**
Fresenius Medical Care Holdings, Inc. (f/k/a     13-3461988
W.R. Grace & Co. Affiliated Group and after that
f/k/a Fresenius National Medical Care Holdings, Inc.
Affiliated Group)

**Subsidiary Corporations**

|                                          |            | Taxable Year Ended December 31, 1989 |
| ---------------------------------------- | ---------- | --- |
| SUBSIDIARY                               | EIN        |     |
| Offshore Fisheries, Inc.                 | 04-2154816 | X   |
| Ridgewood Acceptance Corporation         | 22-2739256 | X   |
| Ridgewood Bartow Holdings, Inc.          | 22-3193793 | X   |
| Ridgewood Phosphate Corporation          | 13-3007066 | X   |
| Seven Hanover Square Corporation         | 13-2770379 | X   |
| Sourgasco II Corp.                       | 13-3041786 | X   |
| Southern Oil, Resin & Fiberglass, Inc.   | 59-0967853 | X   |
| StanTrans, Inc.                          | 73-1059702 | X   |
| Standard Trans Pipe (Virginia) Inc.      | 22-2265877 | X   |
| Standard Transpipe Corp.                 | 73-1054103 | X   |
| Support Terminal Services, Inc.          | 73-1078342 | X   |
| Ten Columbia Corporate Center, Inc.      | 22-3018095 | X   |
| Ven-Tech One, Inc.                       | 13-3098612 | X   |
| W.R.C. Technical Ventures                | 13-3098291 | X   |
| W.R. Grace Capital Corp.                 | 13-2934061 | X   |
| W.R. Grace Credit Corp.                  | 13-3096116 | X   |
| W.R. Grace Land Corporation              | 13-2677646 | X   |
| W.R. Grace Properties, Inc.              | 13-2660688 | X   |
| Water Street Corporation                 | 13-6152056 | X   |
| Woodward Chemicals Corporation           | 13-2795345 | X   |
| Woolwich Sewer Co.                       | 52-1036012 | X   |
| Woolwich Water Co., Inc.                 | 52-1036013 | X   |
| 1211 Wisconsin, Inc.                     | 22-2870023 | X   |
| 7911 Baygreen, Inc.                      | 52-1645583 | X   |

Fresenius Medical Care          **ATTACHMENT TO WAIVER**
Holdings, Inc.                       Taxable Year Ended
                                    December 31, 1989

The tax liability of Fresenius Medical Care Holdings, Inc. (f/k/a W.R. Grace & Co. Affiliated Group and after that f/k/a Fresenius National Medical Care Holdings, Inc. Affiliated Group) and each subsidiary company named above is stated as provided by the regulations prescribed under section 1502 of the Internal Revenue Code.

**Taxable Year Ended     Deficiency**
December 31, 1989       $32,554,061.00

The deficiency shown will be assessed severally against each corporation named above in accordance with the regulations prescribed under section 1502 of the Internal Revenue Code.

Form 5278
Taxpayer:  Fresenius Medical Care Holdings, Inc.
(f/k/a W.R. Grace & Co. Affiliated
Group and after that f/k/a Fresenius National
Medical Care Holdings, Inc. Affiliated Group

| Return Form #1120 | STATEMENT - INCOME TAX CHANGES |
| --- | --- |
| | Notice of Deficiency |
| Schedule #1 | Taxable Years Ended |
| | December 31, |
| | 1989 |

| | |
| --- | --- |
| 1.  Adjustments to Income | |
| a. Interest Expense- Corporate Owned | |
|     Life Insurance | $10,602,282.00 |
| b. Net Operating Loss Deduction | 131,427,399.00 |
| 2.  Total Adjustments | 142,029,681.00 |
| 3.  Taxable Income | 145,355,687.00 |
| a. No Return Filed          [    ] | |
| b. Notice of Deficiency     [    ] | |
| c. Return as Filed          [ x ] | |
| 4.  Taxable Income as Revised | 287,385,368.00 |
| 5.  Tax | 97,711,025.00 |
| 6.  Alternative Tax | |
| 7.  Corrected Tax Liability | 97,711,025.00 |
| 8.  Less Credits: | |
| a. Foreign Tax Credit | 33,135,650.00 |
| b. General Business Credit | 9,265,937.00 |
| c. Minimum Tax Credit | 3,024,137.00 |
| 9.  Balance | 52,285,301.00 |
| 10. Plus: | |
| a. Investment Tax Credit Recapture | 2,229,840.00 |
| b. Research Credit Recapture | 109,856.00 |
| c. Environmental Tax | 429,343.00 |
| 11. Total Corrected Tax Liability | 55,054,340.00 |
| 12. Total Tax:  Shown on Return or | 22,500,279.00 |
|     Previously Adjusted | |
|     (See Schedule # 1A) | |
| 13. Increase in Tax | $32,554,061.00 |

Form 5278
Taxpayer: Fresenius Medical Care Holdings, Inc.
(f/k/a Grace & Co. Affiliated Group
and after that f/k/a Fresenius National
Medical Care Holdings, Inc.)

Return Form #1120

Schedule #1A

Form 5278-Line 12

|  | STATEMENT - INCOME TAX CHANGES |
|---|---|
|  | Notice of Deficiency |
|  | Taxable Years Ended |
|  | December 31, |
|  | 1989 |

| | |
|---|---|
| Tax liability assessed on original return | $45,160,750.00 |
| Plus: Additional Assessment Made on or about April 3, 1995 | 12,628,663.00 |
| Less: Refund from Form 1139 made on or about January 11, 1999 | 7,537,535.00 |
| Less: Refund from Form 1139 made on or about May 29, 2000 | 27,751,599.00 |
| Total tax shown on return and/or previously adjusted | $22,500,279.00 |

Fresenius Medical Care
Holdings, Inc. (f/k/a W.R. Grace
& Co. Affiliated Group
and after that f/k/a
Fresenius National Medical
Care Holdings, Inc. Affiliated Group)

Explanation of Items
Taxable Years Ended
December 31, 1989

Notice of Deficiency Statement

1.a.    It is determined that the claimed interest on loans from corporate owned life insurance in the amount of $13,252,852.00 is not allowed to the extent of $10,602,282.00 because it has not been established that any amounts in excess of $2,650,570.00 represents ordinary and necessary business expenses or was spent for the purpose designated. Accordingly, your taxable income is increased in the amount of $10,602,282.00 for the taxable year ended December 31, 1989.

Recap of Adjustment by Entity
W.R. Grace & Co.-Conn

December 31, 1989
$10,602,282.00

1.b.    It is determined that the amount of $7,537,535.00 refunded to you for the taxable year ended December 31, 1989 resulted from your Application for Tentative Refund Form 1139 on which you claimed a net operating loss carryback from the taxable year ended December 31, 1997.

This net operating loss carryback cannot be used in the taxable year ended December 31, 1989 because it is subject to the separate return limitation year (SRLY) limitations imposed by the Treasury Regulations under I.R.C. § 1502 and the amount of the carryback exceeds the amount of the SRLY limitations imposed by those regulations.

It is further determined that the amount of $27,751,599.00 refunded to you for the taxable year ended December 31, 1989 resulted from your Application for Tentative Refund Form 1139 on which you claimed a net operating loss carryback from the taxable year ended December 31, 1998.

This net operating loss carryback cannot be used in the taxable year ended December 31, 1989 because it is subject to the separate return limitation year (SRLY) limitations imposed by the Treasury Regulations under I.R.C. § 1502 and the amount of the carryback exceeds the amount of the SRLY limitations imposed by those regulations.

Due to the adjustments in this notice and other reports previously furnished to you, you sustained a net operating loss deduction within the meaning of section 172 of the Internal Revenue Code in the amount of $0.00 for the taxable year ended December 31, 1989, rather than the amount of $131,427,399.00 as shown on your return.

Recap of Adjustment by Entity
W.R. Grace & Co.-Conn

December 31, 1989
$131,427,399.00

8.a.    Due to the adjustments in this notice for the taxable year ended December 31, 1989, it is determined that you are allowed the Foreign Tax Credit in the amount of $33,135,650.00, as shown in Exhibits A and A1, rather than the amount of $ 33,135,837.00 as previously adjusted. Accordingly your tax liability increased in the amount of $187.00 for the taxable year ended December 31, 1989.

| Fresenius Medical Care | Explanation of Items | Notice of Deficiency Statement |
| Holdings, Inc. (f/k/a W.R. Grace | Taxable Years Ended | |
| & Co. Affiliated Group | December 31, 1989 | |
| and after that f/k/a | | |
| Fresenius National Medical | | |
| Care Holdings, Inc. Affiliated Group) | | |

8.b.     Due to the adjustments made to taxable income in this notice for the taxable year ended December 31, 1989, it is determined that you are allowed the General Business Credit in the amount of $9,265,937.00, as shown in Exhibits B and B1.

8.c.     Due to the adjustments made to taxable income in this notice that directly affect the prior year minimum tax credit, it is determined that you are allowed the prior year minimum tax credit in the amount of $3,024,137.00, as shown in Exhibit C, for the taxable year ended December 31, 1989.

10.a.    It is determined that for the taxable year ended December 31,1989 you reported recapture of investment credits in the amount of $2,229,840.00 as a reduction to amounts of unused investment credits being carried forward to 1989, not as an increase in tax. It is determined that there are no investment credit carryovers to 1989. Therefore, the investment credit recapture in the amount of $2,229,840.00 must be reported as an increase in tax. Accordingly, your tax liability is increased in the amount of $2,229,840.00 for the taxable year ended December 31, 1989. See Exhibit D.

10.b    It is determined that for the taxable year ended December 31, 1989, the research credit in the amount of $109,856.00 is due to be recaptured and reflects a correction of the preliminary base period used in the March 19, 1995, to the actual base period amounts. Accordingly, your tax liability is increased in the amount of $109 856.00 for the taxable year ended December 31, 1989. See Exhibits D and E.

10.b.    Due to the adjustments made to taxable income that directly affect the environmental tax, it is determined that you are subject to environmental tax in the amount of  $429,343.00, for the taxable year ended December 31, 1989, rather than the amount of $416, 619.00 as previously adjusted. Accordingly, your tax liability is increased in the amount of $12,427.00 for the taxable year ended December 31, 1989. See Exhibits F and F1.

Fresenius Medical Care Holdings, Inc. (f/k/a
W. R. Grace & Co. Affiliated Group and after
that f/k/a Fresenius National Medical Care Holdings, Inc.
Affiliated Group)

Notice of Deficiency Statement

Exhibit A

-------------------------------- FTC Main Worksheet - Input --------------------------------

|  | 12/1989 review |
|---|---|
| **ELECTIONS:** | |
| Deduct Foreign Tax (Y/N) | No |
| Simplified AMT FTC (Y/N) | n/a |
| **REGULAR FTC:** | |
| Summary: | |
| Total Reg FTC from Categories | 33,080,157 |
| Adjustment to Regular FTC | 55,493 |
| Less: Boycott Reduction | 0 |
| Total Regular FTC Allowed | 33,135,650 |
| Limitation Fraction: | |
| Adjustment to US Taxable Inc | 0 |
| Adjustment to Inc Tax for FTC | 0 |
| Rounding of Limit Frac (0=No): | |
| 1-14 Decimal Places | 0 |
| Foreign Taxes Deducted: | |
| Adjustment to Proforma Taxable Inc | 0 |
| Adjustment to Proforma Income Tax | 0 |
| **AMT FTC:** | |
| Summary: | |
| Total AMT FTC from Categories | 19,491,669 |
| Adjustment to AMT FTC | 0 |
| Less: Boycott Reduction | 0 |
| Total AMT FTC Allowed | 19,491,669 |
| Limitation Fraction: | |
| Adjustment to US AMTI | 0 |
| Adjustment to TMT for AMT FTC | 0 |
| Rounding of Limit Frac (0=No): | |
| 1-14 Decimal Places | 0 |
| Adjustment to Overall AMT FTC Limit | 0 |
| Foreign Taxes Deducted: | |
| Adjustment to Proforma AMTI | 0 |
| Adjustment to Proforma Overall Limit | 0 |
| **MTC FTC:** | |
| MTC FTC on Excl Items | 0 |

-------------------------------- Adjustment to Regular FTC --------------------------------

|  | 12/1989 review |
|---|---|
| Regular FTC Adjustment | 0 |
| FROM NEW GRACE PER RETURN | 0 |
| from NEW GRACE - GC HOLDIN | 0 |
| Manual Entry | 55,493 |
| Total | 55,493 |

Fresenius Medical Care Holdings, Inc. (f/k/a
W. R. Grace & Co. Affiliated Group and after
that f/k/a Fresenius National Medical Care Holdings, Inc.
Affiliated Group)

Notice of Deficiency Statement

Exhibit A1

------------------------------ Summary of Regular FTC Allowed ------------------------------

|  | 12/1989 review |
|---|---|
| ELECTION: | |
| Deduct Foreign Tax (Y/N) | No |
| REGULAR FTC ALLOWED: | |
| Cat 1: PASSIVE | 0 |
| Cat 2: HIGH-WITHHOLDING | 523,871 |
| Cat 3: FUJI- 902 | 224,117 |
| Cat 4: K.K.FUR-SUS-902 | 0 |
| Cat 5: SEA-OIL-902 | 187,140 |
| Cat 6: GENERAL | 32,145,029 |
| Cat 7: CORMIX-902 | 0 |
| Cat 8: WR GRACE S.AFRICA- | 0 |
| | |
| Total Before Adjustments | 33,080,157 |
| Add: Adjustment | 55,493 |
| Less: Boycott Reduction | 0 |
| | |
| Total Regular FTC Allowed | 33,135,650 |
| | |
| SECTION 965 REPATRIATION: | |
| Sec 965 Repatriation | |
| Included in Total Reg FTC | 0 |

Fresenius Medical Care Holdings, Inc.

Notice of Deficiency Statement
Exhibit B

General Business Credit
Taxable Year Ended December 31, 1989

| Description | Amounts |
|---|---|
| Allowable General Business Credit Per Return | ($20,451,142.00) |
| Allowable General Business Credit Per Audit-March 19, 1995 | (662,618.00) |
| Adjustment to General Business Credit Per Audit March 19, 1995 | $19,788,524.00 |
| | |
| Allowable General Business Credit Per Audit-March 19, 1995 | ($662,618.00) |
| Allowable General Business Credit Per Form 1139-Carryback From 1997 | (8,130,168.00) |
| Adjustment to General Business Credit Per Form 1139-Carryback from 1997 | ($7,467,550.00) |
| | |
| Allowable General Business Credit Per Audit-March 19, 1995 | ($662,618.00) |
| Additional General Business Credit Per Form 1139-Carryback From 1997 | (7,467,550.00) |
| Total Allowable General Business Credit Per Form 1139-Carryback From 1997 | ($8,130,168.00) |
| Additional General Business Credit from Corrected 1997 Carryback to 1988 | (1,135,769.00) |
| Allowable General Business Credit Per Audit | ($9,265,937.00) |

Fresenius Medical Care Holdings, Inc. (f/k/a
W. R. Grace & Co. Affiliated Group and after
that f/k/a Fresenius National Medical Care Holdings, Inc.
Affiliated Group)

Notice of Deficiency Statement

Exhibit B1

―――――――――――――――――――― General Business Credit - Input ――――――――――――――――――――

|  | 12/1989 review |
|---|---|
| **ADJUSTMENTS TO LIMITATIONS:** |  |
| Sec 382 Limits for GBC/MTC | No |
| Post-1986 GBC Limit | 0 |
| Pre-1984 Comb-ITC Limit | n/a |
| **GBC COMPONENTS:** |  |
| *Investment Credit:* |  |
| Regular ITC | 0 |
| Regular ITC - Passive | 0 |
| Rehabilitation Credit | 0 |
| Invest ESOP (TRASOP) | n/a |
| Energy Credit | 0 |
| Reforestation Credit | n/a |
| Work/Jobs Credit | 54,812 |
| Welfare-to-Work Credit | n/a |
| Alcohol Fuel Credit | 0 |
| Research Credit | 807,806 |
| Low-Income Housing | 0 |
| Enhanced Oil Recovery | n/a |
| Disabled Access Credit | n/a |
| Biomass Electricity | n/a |
| Wind Electricity | n/a |
| Indian Employment | n/a |
| Employer Social Security | n/a |
| Post-6/96 Orphan Drug | n/a |
| New Markets Tax Credit | n/a |
| Pension Plan Credit | n/a |
| Child Care Credit | n/a |
| Payroll ESOP (PAYSOP) | n/a |
| WIN Credit | n/a |
| **GBC BEFORE ZONE CREDITS:** |  |
| Current GBC | 862,618 |
| GBC Available | 6,334,464 |
| GBC Allowed | 6,334,464 |
| **ZONE CREDITS:** |  |
| Empowerment Zone Credit | n/a |
| DC Zone Credit | n/a |
| NY Liberty Zone Credit | n/a |
| Zone Credits Allowed | n/a |
| **TOTAL GBC:** |  |
| Total GBC Before Adjustment | 6,334,464 |
| Adjustment to Total GBC | 2,931,473 |
| **Total GBC Allowed** | 9,265,937 |

―――――――――――――――――――――― Regular ITC ――――――――――――――――――――――

|  | 12/1989 review |
|---|---|
| Regular ITC | 0 |
| Total | 0 |

Fresenius Medical Care Holdings, Inc.

Notice of Deficiency Statement<br>Exhibit C

Minimum Tax Credit

Taxable Year Ended December 31, 1989

| Description | Amounts |
|---|---|
| Allowable Minimum Tax Credit Per Audit-March 19, 1995 | ($2,935,000.00) |
| Additional Minimum Tax Credit from Original 1997 Carryback to 1988 Per Form 1139 | (69,985.00) |
| Total Allowable Minimum Tax Credit from Original 1997 Carryback to 1988 Per Form 1139 | ($3,004,985.00) |
| Delete: | |
|    Allowable Minimum Tax Credit Per Audit-March 19, 1995 | 2,935,000.00 |
|    Additional Minimum Tax Credit from Original 1997 Carryback to 1988 Per Form 1139, Now Superceded by Corrected Credit Amount As a Result of Corrected 1997 NOL Carryback to 1988 | $69,985.00 |
| Plus: Additional Minimum Tax Credit from Corrected 1997 NOL Carryback to 1988. | ($3,024,137.00) |
| Total Allowable Minimum Tax Credit Per Audit | ($3,024,137.00) |

Fresenius Medical Care Holdings, Inc. (f/k/a
W.R. Grace & Co. Affiliated Group and after
that f/k/a Fresenius National Medical Care Holdings, Inc.
Affiliated Group)

Notice of Deficiency Statement

Exhibit D

———————————— Miscellaneous Taxes & Credit Recapture - Input ————————————

| | 12/1989 review |
|---|---|
| **CREDIT RECAPTURE:** | |
| Investment Credit | 2,229,840 |
| Low-Income Housing Credit | 0 |
| Qual Elec Vehicle Credit | n/a |
| Indian Employment Credit | n/a |
| New Markets Tax Credit | n/a |
| Child Care Credit | n/a |
| Adjustment to Credit Recapture | 109,856 |
| Subtotal Credit Recapture | 2,339,696 |
| **MISCELLANEOUS TAXES:** | |
| Sec 453(l)(3) Interest | 0 |
| Sec 453A(c) Interest | 0 |
| Sec 460(b)(2) Interest | 0 |
| Adjustment to Misc Taxes | 0 |
| Subtotal Misc Taxes | 0 |
| **TOTAL MISC & RECAPTURE:** | |
| Total Misc & Recapture | 2,339,696 |

| FOR AUDIT PURPOSES ONLY: | |
|---|---|
| Disable COs/CBs FROM This Year: | |
| Disable All Carrybacks (Y/N) | No |
| Disable Cap Loss CB Only (Y/N) | No |
| Disable Major Carryovers (Y/N) | No |
| To Collect Payroll, Excise, and Other Data Not Used by the Program: | |
| For Info Only | 0 |

———————————— Adjustment to Credit Recapture ————————————

| | 12/1989 review |
|---|---|
| Adjustment to Credit Recapture | 0 |
| Minimum Tax Credit | 0 |
| Research Credit | 109,856 |
| Total | 109,856 |

Fresenius Medical Care Holdings, Inc. (f/k/a          Notice of Deficiency Statement
W.R. Grace & Co. Affiliated Group and after           Exhibit E
that f/k/a Fresenius National Medical Care Holdings, Inc.
Affiliated Group)                                  1989

|  | Per 3/95 RAR | As Corrected | Adjustment |
|---|---|---|---|
| Current Year R & E Expenses | 55,345,882 | 55,345,882 | 0 |
| Base Years R & E Expenses (A) | 51,684,401 | 52,346,187 | (661,786) |
| Increase | 3,661,481 | 2,999,695 | 661,786 |
| | | | |
| 20% of increase | 732,296 | 599,939 | 132,357 |
| Sec. 280 reduction, 17% of above (c) | 124,490 | 101,990 | 22,501 |
| R & E Credit | 607,806 | 497,949 | 109,856 |

| | |
|---|---|
| Credit per return | 771,499 |
| Adjustment per 3/95 RAR | (163,693) |
| Credit per 3/95 RAR | 607,806 |

Adjustments to 1985 expenses:
New York House
Terman Buskin
Retail Group
Cryovac
Polyfibron
Baker & Taylor
Research Div.

Total, 1985

| Adjustments to 1986 expenses: | | | |
|---|---|---|---|
| Polyfibron | (176,000) | 0 | (176,000) |
| Baker & Taylor | (1,809,357) | 0 | (1,809,357) |
| Research Div. | (127,965) | (127,965) | 0 |
| Total, 1986 | (2,113,322) | (127,965) | (1,985,357) |
| | | | |
| Total base year adjustments | (2,113,322) | (127,965) | (1,985,357) |
| | | | |
| Averaging effect, divide total by 3 years | (704,441) | (42,655) | (661,786) |
| Correction of Polyfibron amt. | 0 | 0 | 0 |
| Total 85/86 base year adjstants | (704,441) | (42,655) | (661,786) |
| Total 87/88 base year adjstants | (1,114,892) | (1,114,892) | 0 |
| Base year amount per return | 53,503,734 | 53,503,734 | 0 |
| Base year amounts, as corrected (A) | 51,684,401 | 52,346,187 | (661,786) |

Fresenius Medical Care Holdings, Inc (f/k/a
W. R. Grace & Co. Affiliated Group and after
that f/k/a Fresenius National Medical Care Holdings, Inc.
Affiliated Group )

Notice of Deficiency Statement

Exhibit F

———————— AMT Main Worksheet - Input ————————

|  | 12/1989 review |
|---|---|
| SMALL CORPORATION: | |
| Qualifies for AMT Repeal | No |
| ALT MIN TAXABLE INCOME: | |
| Prelim Taxable Income | 287,385,368 |
| Add: Reg NOL Deduction | 483,717 |
| | |
| TI Before Regular NOL | 287,869,085 |
| Add: Adjustments/Pref Items | 70,139,684 |
| Reg Passive Loss/Inc | 0 |
| AMT Passive Inc/Loss | 0 |
| Reg NOL - Short Yr | 0 |
| Less: AMT NOL - Short Yr | 0 |
| | |
| Preadjustment AMTI | 358,008,769 |
| Excess Book Inc Adjust | 0 |
| ACE Adjustment | n/a |
| | |
| AMTI Before Energy/NOL | 358,008,769 |
| Less: Energy Pref Deduct | n/a |
| AMT NOL Deduction | 483,717 |
| | |
| Preliminary AMTI | 357,525,052 |
| Other AMTI | 1,359,796 |
| | |
| Alt Min Taxable Income | 358,884,848 |
| | |
| ALTERNATIVE MINIMUM TAX: | |
| Tentative Minimum Tax | 52,285,301 |
| Regular Tax After FTC | 64,575,375 |
| | |
| AMT Before Adjustment | 0 |
| Adjustment to AMT | 0 |
| | |
| Alternative Minimum Tax | 0 |
| | |
| ENVIRONMENTAL TAX: | |
| | |
| Env Tax Before Adjustment | 429,343 |
| Adjustment to Env Tax | 0 |
| | |
| Environmental Tax | 429,343 |
| | |
| MTC TO NEXT YEAR: | |
| MTC to Next Year Bef Adj | 19,010,275 |
| Adjustment to MTC | 0 |
| | |
| MTC Carried to Next Year | 19,010,275 |
| | |
| NET MIN TAX ON EXCL ITEMS: | |
| Other AMTI on Excl Items | 0 |

Fresenius Medical Care Holdings, Inc. (f/k/a
W.R. Grace & Co. Affiliated Group and after
that f/k/a Fresenius National Medical Care Holdings, Inc.
Affiliated Group)

Notice of Deficiency Statement

Exhibit F1

-------- AMT Adjustments and Preference Items - Input --------

|  | 12/1989 review |
|---|---|
| **AMT ADJUSTMENTS/PREFS:** | |
| Depr Post-1986 Property | 57,416,061 |
| Amort of Poll Ctrl Fac | 0 |
| Amort of Mining Costs | 7,113,453 |
| Adjusted Gain or Loss | 0 |
| Long-Term Contracts | 0 |
| Installment Sales | 0 |
| Loss Limitations | 0 |
| Depletion | 5,293,635 |
| Certain Tax-Exempt Int | 0 |
| Charitable Contributions | 0 |
| Intangible Drilling Costs | 0 |
| Bad Debt Reserves | 0 |
| Depr Pre-1987 Real Prop | 316,535 |
| Other Preference Items | 0 |
| Other Adjustments | 0 |
| Foreign Div Gross-up (S78) | 0 |
| Total Adjusts & Prefs | 70,139,684 |
| **AMT NOLs - SPECIAL RULES:** | |
| Adjustment to AMT NOL Gen | 0 |
| Section 382 COs | No |
| AMT NOL COs from SRLY | 483,717 |
| AMT NOL CBs to SRY | No |
| Special AMT NOL CBs: | |
| 10/5/3-Year AMT NOL CBs | 0 |
| **AMT FTC LIMIT:** | |
| Adjustment to Overall Limit | 0 |
| **ENVIRONMENTAL TAX:** | |
| Adjustment to AMTI for Envir Tax | 0 |

Internal Revenue Service      Department of the Treasury

Date:  **MAR 2 2 2007**

Elyse Filon, Esquire, Vice President-Finance
W.R. Grace & Co.
5400 Broken Sound Boulevard NW
Suite 300
Boca Raton, Florida 33487-3517

**Taxpayer Name:**
Fresenius Medical Care Holdings, Inc.
**Taxpayer Identification Number:**
13-3461988
**Form Number:**
1120
**Year(s):**
1989
**Person to Contact/ID Number:**
Susan S. Wells
ID Number 65-04445
**Contact Telephone Number:**
(954) 423-7510
**Contact Fax Number:**
(954) 423-7495

Dear Ms. Filon:

We are sending you the enclosed material under the provisions of your power of attorney or other authorization we have on file. For your convenience, we have listed the name of the taxpayer to whom this material relates in the heading above.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

Linda B. Vranas (mjm)

Linda B. Vranas
Technical Services Territory Manager
South Atlantic Area

Enclosures:
☐ Letters(s)
☐ Reports(s)
☑ Other – Notice of Deficiency

Letter 937 (Rev. 11-2004)
Catalog Number 30760X

# ATTACHMENT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| W. R. GRACE & CO., et al, | ) | Case No. 01-01139 (JKF) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |

Docket Ref. No. 15014-15298
5/2/07 Agenda No: 6

### ORDER MODIFYING THE AUTOMATIC STAY SO THAT DEBTORS MAY COMMENCE TAX COURT LITIGATION TO RESOLVE CERTAIN TAX CLAIMS

Upon the motion (the "Motion") [1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (1) modifying the automatic stay in order to permit the Debtors to file litigation (the "Tax Suit") in the United States Tax Court against the Commissioner of the Internal Revenue Service ("IRS"), with respect to certain tax claims potentially affecting Debtors' 1989 tax year and (2) authorizing Debtor W. R. Grace & Co.-Conn. to take such action as is necessary to proceed with the Tax Suit; and due and adequate notice having been given under the circumstances; and it appearing that no other notice need be given; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is hereby granted; and it is further

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

91160-001\DOCS_DE:126200.1

ORDERED, that the automatic stay is hereby modified so as to permit the Debtors to file the Tax Suit in the United States Tax Court against the IRS, with respect to certain tax claims potentially affecting Debtors' 1989 tax year; and it is further

ORDERED, that Debtor W. R. Grace & Co.-Conn. is authorized to take such action as is necessary to proceed with the Tax Suit; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  April 26, 2007

_Judith K. Fitzgerald_

Honorable Judith K. Fitzgerald

# Page Intentionally Blank

UNITED STATES TAX COURT

FILED
U.S. TAX COURT
ROBERT P. PITROLIO, CLERK

2007 JUN 18  PM 3: 36

BY:_____
DEPUTY CLERK

..........................................................

Fresenius Medical Care Holdings, Inc. and Subsidiaries
(f/k/a W.R. Grace & Co. Affiliated Group and
after that f/k/a Fresenius National Medical
Care Holdings, Inc. Affiliated Group),

      Petitioner,

v.

Commissioner of Internal Revenue,

      Respondent.

## DESIGNATION OF PLACE OF TRIAL

Pursuant to Tax Court Rule 140, Petitioner hereby designates Washington, D.C. as the place of trial of this case.

Matthew D. Lerner
Steptoe & Johnson LLP
1330 Connecticut Ave. NW
Washington, DC 20036
202-429-8024

Dated: 6·15·07

Tax Court Bar #: LM0393


Mark J. Silverman
Steptoe & Johnson LLP
1330 Connecticut Ave. NW
Washington, DC 20036
202-429-6450

Dated:

Tax Court Bar #: SM0339


Steven B. Teplinsky
Steptoe & Johnson LLP
1330 Connecticut Ave. NW
Washington, DC 20036
202-429-6245

Dated: June 14, 2007

Tax Court Bar #: TS0218