# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br>Related Docket Nos. 19581, 19620<br><br>Hearing Date and Time: TBA<br>Objection Deadline: TBA |

### MOTION FOR LEAVE FROM THIS COURT'S SCHEDULING ORDER AND TO SHORTEN NOTICE PERIOD ON MOTION TO STRIKE WHITEHOUSE'S EXPERT REPORT OR, ALTERNATIVELY, COMPEL THE PRODUCTION OF DOCUMENTS AND DATABASES ON WHICH HE RELIES AND FOR ENTRY OF A CONFIDENTIALITY ORDER

Movant Arrowood requests that the Court shorten the time period for notice with respect to the motion to strike Dr. Alan Whitehouse's purported expert report or, alternatively, compel the Libby Claimants to produce the databases and documents that he reviewed in formulating his opinion, award appropriate sanctions and enter the proposed Confidentiality Order submitted with the motion ("Libby Non-Compliance Motion").[1]

1.   Arrowood filed the Libby Non-Compliance Motion on April 9, 2009, shortly after the March 19 deposition of the Libby Claimant's primary expert, Dr. Whitehouse.[2] Arrowood offered the Libby Claimants the opportunity to have the Motion heard at the April 27 omnibus so that their purported confidentiality concerns could be addressed promptly.[3] The Libby Claimants declined.

---

[1]   "Arrowood" refers to Arrowood Indemnity Company, f/k/a Royal Indemnity Company. Movants submit Bradley L. Rice's April 29, 2009 declaration ("Rice Decl.") in support of this motion.

[2]   Motion to Strike Whitehouse Expert Report Or, Alternatively, Compel the Production of Documents and Databases on Which He Relies and for Entry of Confidentiality Order, April 9, 2009, Dkt. No. 21245.

[3]   Movants' counsel expected that the Libby Claimants would wish to resolve this matter quickly, given the tight discovery and confirmation schedule, and that they would therefore not want to delay the matter till the June 1

2.    The Libby Claimants have since moved on shortened notice to amend the Plan Confirmation Case Management Order.[4] While Arrowood does not object to having the Libby Claimants' motion heard on short notice, the Libby Non-Compliance Motion should be heard at the same time. The need to address the Libby Claimants' failure to comply with the Case Management Order sooner rather than later is especially urgent because of the short discovery schedule.

3.    Shortened notice will not cause the Libby Claimants any prejudice, since Arrowood served the Libby Non-Compliance Motion on them almost three weeks ago. Indeed, when Arrowood's counsel called Libby Claimants' counsel on April 14 about the Non-Compliance Motion, the Libby Claimants' counsel stated that he had already mapped out the arguments he would raise in opposition to the motion.[5] So there is no need at all to sever the Plan Confirmation Case Management Order Motion from the Libby Non-Compliance Motion and thus delay resolution of this matter for many weeks.

4.    Moreover, when the Debtors proposed the short discovery schedule to the Court in November, they flagged alleged confidentiality concerns. Soon after, a motion was filed, argument heard and a confidentiality order entered with the intent of addressing any alleged confidentiality concerns.[6] The Libby Claimants participated extensively in that argument about

---

omnibus hearing, which is only a little more than three weeks before the currently scheduled Phase I Confirmation hearing. *See* Rice Decl. ¶ 6.

[4] *See* Libby Claimants' Motion to Amend (A) Plan Confirmation Case Management Order and (B) to Postpone Phase II of Confirmation Hearing, April 27, 2009 at Dkt. No. 21428, and Libby Claimants' Motion to Shorten Motion of Libby Claimants for Leave From This Court's Case Management Order so as to Shorten Notice and Expedite Consideration of Libby Claimants' Motion (A) to Amend Plan Confirmation Case Management Order and (B) to Postpone Phase II of the Confirmation Hearing, April 27, 2009 at Dkt. No. 21429.

[5] *See* Rice Decl. ¶ 7.

[6] Motion for Entry of Confidentiality Order Filed by Arrowood Indemnity Company f/k/a Royal Indemnity Company, Dkt. No. 20212, December 5, 2008. *See* Declaration of Allen Schwartz In Support of Motion to Strike Whitehouse Expert Report, Or, Alternatively, Compel The Production of Documents and Databases On

2

confidentiality in December.[7] Knowing that discovery deadlines were looming, the Libby Claimants did not raise any confidentiality concerns about the databases and other information they and their expert used. Nor did they file a motion to address those concerns.

5.   Instead, the Libby Claimants let the deadline run for filing expert reports and responding to discovery. Only then did they advise the parties—and only when asked—that they would produce documents and databases on which their experts relied *after* the Court entered a confidentiality order, which they also said had to be agreed to by all parties.[8] Importantly, the Libby Claimants' lawyers also insisted on terms that would have masked the identity of their clients from the parties and precluded meaningful cross-examination of their experts and clients. In the meantime, the Libby Claimants tried to benefit from their non-compliance with their expert disclosure obligations and thus gain an advantage at Dr. Whitehouse's deposition. The Libby Claimants went ahead with his deposition on March 19—in a remote in Washington State location—without producing the documents and databases their expert reviewed in formulating his purported expert report and testimony.

6.   It is axiomatic that a party proffering an expert opinion must produce all "information considered by the [expert] in forming the [his or her] opinion." Fed. R. Civ. P. 26(a)(2)(B). That is precisely how the Third Circuit has read Rule 26:

---

Which He Relies And For Entry Of Confidentiality Order, April 9, 2009, Dkt. No. 21245 (hereinafter "Schwartz Decl."), Exhibit A (Transcript of Motion Hearing, December 15, 2008).

[7] *See* Schwartz Decl. Ex. A at Dkt. No. 21245, *In re W.R. Grace & Co.*, 01-1139, Transcript of Motion Hearing at 94 (Bankr. D. Del. December 15, 2008) (Mr. Cohn spoke on behalf of the Libby Claimants, at 121-139).

[8] *See* Schwartz Decl. Ex. B at Dkt. No. 21245, March 10, 2009 letter from Allen Schwartz to Daniel Cohn (asking for the missing exhibits in the Libby Claimants response to the ACC's discovery requests); Schwartz Decl. Ex. C, March 16, 2009 letter from Allen Schwartz to Daniel Cohn (asking for supplemental expert reports and suggesting a meet-and-confer to resolve issues relating to the report); Schwartz Decl. Ex. D at Dkt. No. 21245, March 17, 2009 letter from Allen Schwartz to Daniel Cohn (asking for databases Dr. Whitehouse used in forming his opinions). The Libby Claimants refused to provide the numerous exhibits they reference in their February 20, 2009 Response to Debtors' Request for the Production of Documents. *See* Schwartz Decl. Ex. F. at Dkt. No. 21245.

3

> Pursuant to Fed. R. Civ. P. 26(a)(2)(B), an expert witness's report must contain a complete statement of all opinions to be expressed and the data or other information considered by the witness in forming those opinions. A party that fails to disclose evidence required by Rule 26(a) will not be allowed to use that evidence unless the failure to disclose the evidence is harmless.

*Johnson v. Vanguard Manufacturing, Inc.*, 34 Fed. Appx. 858, 859 (3d Cir. 2002).[9] Indeed, this Rule "imposes on parties a duty to disclose, **without awaiting formal discovery requests**, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement." Fed. R. Civ. P. 26(a), Advisory Committee Notes (1993) (emphasis added).

7. The reasons for this rule are straightforward and self-evident. *First*, an opposing party cannot test an expert's opinion or formulate a rebuttal opinion without an opportunity to assess the underlying data and the conclusions drawn from it. As the Third Circuit has held, "Rules 26(a) and (b) recognize that being forced to cross-examine an opposing expert without the benefit of a meaningful opportunity to depose him *puts a party at a substantial disadvantage*." *Brooks v. Price*, 121 Fed. Appx. 961, 965 (3d Cir. 2005) (emphasis added); *McMillan v. Weeks Marine, Inc.*, 478 F. Supp. 2d 651, 659 (D. Del. 2007) ("The purpose of [Rule 26(a)(2)(B)] is to give opposing parties a reasonable opportunity to prepare for effective cross examination or to secure their own expert witness"). *Second*, the law forbids litigation by ambush and specifically the use of surprise expert opinions. *See Vandenbraak v. Alfieri*, No. 01-482, 2005 U.S. Dist. LEXIS 9882 at *9 (D. Del. May 25, 2005) ("[Rule 26(a)(2)(B)] is intended to protect opposing parties from unfair surprise and to allow such parties an opportunity to

---

[9] *See also In re Safeguard Scientifics*, No. 01-3208, 2004 U.S. Dist. LEXIS 23494, at *5 (E.D. Pa. Nov. 17, 2004) ("If an expert's initial report does not include a complete statement of opinions to be expressed and the basis for these opinions, a court may prohibit the expert from later testifying on issues or opinions not addressed in the initial report"); *Carr v. Deeds*, 453 F.3d 593, 605 (4th Cir. 2006) ("Every litigant in federal court is plainly entitled under Rule 26(a)(2)(B) to be given the information spelled out therein, and none shoulder the burden to independently investigate and ferret out that information as best they can and at the expense of their client . . . the available penalty for failure to comply with Rule 26(a)(2)(B) is equally plain, and if a litigant refuses to comply with the requirements of the rule, he dose so at his peril").

4

develop evidence to meet the expert testimony being proffered by the party that hired the expert"); *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996) ("The reason for requiring expert reports is 'the elimination of unfair surprise to the opposing party and the conservation of resources'") (quoting *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995); *see also Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007) (same).

8.    Under Rule 37, a party can be sanctioned for violating these disclosure requirements. Accordingly, Third Circuit courts have not hesitated to uphold decisions striking expert testimony where a party has failed to comply with this rule. *See United States v. 68.94 Acres of Land*, 918 F.2d 389, 396-97 (3d Cir. 1990) (upholding the exclusion of plaintiff's expert when, at trial, the expert relied on data that plaintiffs had failed to disclose in accord with a pre-trial order); *Hagans v. Henry Weber Aircraft Distributors, Inc.*, 852 F.2d 60, 64 (3d Cir. 1988) (holding that the exclusion of plaintiff's substitute pilot expert was a proper sanction for the plaintiff's failure to disclosure all the bases of the original pilot expert's opinion in accordance with the district judge's pre-trial order); *Brooks*, 121 Fed. Appx. at 965 (affirming the exclusion of plaintiff's expert witness for failing to file an expert report prior to the discovery deadline, depriving defendant of a meaningful opportunity to depose him and putting defendant at a substantial disadvantage).[10]

9.    Clearly, the disclosure obligations of Fed. R. Civ. P. 26(a)(2)(B) apply to Dr. Whitehouse's report and testimony. But the situation here is even more egregious because

---

[10] *See also Smith v. Botsford General Hospital*, 419 F.3d 513, 516 (6th Cir. 2005) (affirming the striking of plaintiff's expert witness for failure to disclose the data and other information considered in forming his opinion); *Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 282-284, 289-91 (E.D. Va. 2001) (finding that government had a duty to preserve correspondence between expert and consultants, and that destruction of such evidence was intentional warranting sanctions for spoliation of evidence, and that an adverse inference against the expert's testimony and their credibility in general was warranted).

he actually refers to the databases that he used in formulating his opinions.[11] He also specifically refers to documents he relied on, which memorialize the Libby Claimants purported occupational and exposure histories.[12]

10. Arrowood has been severely prejudiced by being denied this information. *First*, it will be difficult to refute Dr. Whitehouse's confirmation testimony without an opportunity to examine the data supporting his opinion—or to have done so before his deposition. Indeed, it was impossible to prepare for Dr. Whitehouse's deposition or to question him effectively without the databases and other documents mentioned in his expert report. *Second*, Arrowood has been precluded from preparing rebuttal opinions relating to Libby issues, which were due on April 6, 2009. *Third*, there will be no way to cure the prejudice if Arrowood is denied access to this discovery. The volume, breadth, and scope of the objections the Libby Claimants asserted at Dr. Whitehouse's deposition—together with his disruptive behavior—is proof of their disregard for their discovery obligations.

11. As if not having the data and documents on which Dr. Whitehouse relied were not bad enough, after four hours of questioning, he unilaterally declared the deposition over and walked out. This is exactly the kind of delay that the Court was told would be avoided when the discovery schedule was presented. It is simply impossible for the short schedule to work—let alone comply with basic due process—if the Libby Claimants can get away with such conduct.

---

[11] In ¶ 5 of his expert report Dr. Whitehouse states that "Since 1980 I have evaluated or treated over 700 patients for asbestos disease from Libby asbestos. Since about 2000, patient data has been tracked on a database." *See* Schwartz Decl. Ex. H at Dkt. No. 21245 (Dr. Whitehouse's September 25, 2006 report). In ¶ 67 of his report, Dr. Whitehouse states that "the data and other information considered in forming the above opinions and observations include: a. Patient information on patients in the Dr. Whitehouse 550 database."

[12] *See id.*, ¶ 16 ("I have taken hundreds of histories of work exposure at the W.R Grace mine and mill near Libby, Montana and am familiar with conditions in the various jobs there. I have also taken hundreds of histories of exposure from family members of workers and Libby community members.").

12. Moreover, if the Plan Proponents have access to the withheld documents, then Movants should, too. *See American President Lines v. Hartford Fire Ins*. Co., 55 F.R.D. 61 (E.D. Pa. 1971) (once documents are made available to one party, documents must be made available to all parties). Because Movants and the Plan Proponents may have adverse interests at the confirmation hearing, Movants will be prejudiced if they do not receive access to the same information as their adversaries.[13]

13. Arrowood argues in its main brief, the Court should strike Dr. Whitehouse's opinion.[14] Alternatively, the Court should compel the production of the withheld databases and documents and enter the limited confidentiality order Arrowood proposes.[15] The Court should grant all other appropriate relief.

14. For the above reasons, Arrowood requests a shortened notice period with respect to the Whitehouse Motion under Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e). Arrowood further requests that this Court hear the Whitehouse Motion at the same time as the Libby Claimants' motion to amend the Plan Confirmation Case Management Order. Reduction of the time period is not prohibited under Bankruptcy Rule 9006(c)(2) or other applicable rules.

---

[13] Arrowood joined the Debtors' document requests by seeking anything material produced to the Debtor. *See* Schwartz Decl. Ex. I at Dkt. No. 21245 (Arrowood's January 5, 2009 document requests directed to Grace, Request No. 5). *See* Schwartz Decl. Exhibit X at Dkt. No. 21245, March 11, 2009 letter from Allen Schwartz to Janet Baer, counsel for the Debtors, requesting the Libby Claimant databases.

[14] If a party fails to obey a Court order concerning discovery or fails to respond to discovery, under Rule 37(b)(2)(B) a court may sanction a party by issuing an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters into evidence. See Fed. R. Civ. P. 37(b)(2)(B). Additionally, when a party fails to comply with its discovery obligations, Rule 26(g)(2)-(3) provides courts with the discretion to impose appropriate sanctions, including prohibiting the intransigent party from introducing evidence in support of its claims. The Advisory Committee Notes to the 1983 Amendment state that "Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37. In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions."

[15] *See* Proposed Form of Order attached as Appendix A to Whitehouse Motion, April 9, 2009 at Dkt. No. 21245.

7

Dated: April 29, 2009
     Wilmington, Delaware

                                    /s/ Garvan F. McDaniel
                                    Garvan F. McDaniel, Esq. (#4167)
BIFFERATO GENTILOTTI, LLC
800 N. King Street – Plaza Level
Wilmington, DE 19801
Tel: (302) 429-1900
Fax: (302) 429-8600

- and -

Carl. J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, New York 10017
Tel: (212) 490-3000

- and -

Tancred V. Schiavoni, Esq.
Gary Svirsky, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
(212) 326-2000

*Attorneys for Arrowood Indemnity Company f/k/a Royal Indemnity Company*