## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF)<br>Jointly Administered |
| Debtors. | Re: Docket Nos. 21327, 21332-21334, 21339-<br>21342, 21344, 21460, 21462, 21464, 21466-<br>21470<br>Objection Deadline: May 8, 2009 (proposed)<br>Hearing Date: May 14, 2009 (proposed) |

## DEBTORS' MOTION FOR PROTECTIVE ORDER AND OBJECTION TO
## LIBBY CLAIMANTS' DEPOSITION NOTICES

Debtors respectfully request that the Court enter a protective order enjoining the "perpetuation depositions" of seventeen Libby Claimants noticed for an eleven-day period in mid-May. In noticing these depositions, the Libby Claimants are simply seeking to circumvent this Court's 2004 Order prohibiting them from taking depositions to perpetuate individual claimant testimony absent the requisite showing. Claimants have noticed these depositions in direct defiance of this Court's clear ruling.

Moreover, these depositions cannot possibly produce any evidence relevant to Plan confirmation. To the contrary, claimants' objections to the proposed Plan are based entirely on the theory that the Libby population as a whole is at increased risk of a "unique" asbestos-related disease having a unique disease process that warrants separate treatment. That allegation must be supported by expert testimony based on proper scientific methodology and analysis. The testimony of individual claimants cannot be used to support such assertions, and indeed such testimony would be inadmissible under the Federal Rules of Evidence. Accordingly, the depositions should be enjoined.

## BACKGROUND

More than four and a half years ago, this Court ruled that the Libby Claimants could not take depositions to perpetuate individual claimant testimony. In early 2004, the Libby Claimants sought relief from the automatic stay to depose several individual claimants whom they alleged were seriously ill and might be unavailable to testify at the time of trial. (*See, e.g.,* Docket Nos. 201, 202, 242, 243.)

In response, Debtors observed that the Federal Rules place a high burden upon a party seeking such discovery. *See Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975). Under Federal Rule of Civil Procedure (FRCP) 27(a)(1), a petition for a deposition to perpetuate testimony must include "the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it," and the expected substance of the testimony of each deponent. Fed. R. Civ. P. 27(a)(1); *see also* Fed. R. Bankr. P. 2027 (making FRCP 27(a) applicable in bankruptcy proceedings). The scope of discovery is narrower than under FRCP 26, and "applies only in that special category of cases where it is necessary to prevent testimony from being lost." *Ash*, 512 F.2d at 911.

This Court agreed with the Debtors that the Libby Claimants had failed to meet this high burden and accordingly denied their motion. (*See* 8/23/04 Tr. at 35-44; Order Denying Libby Claimants' Motion for Relief from the Automatic Stay and Preliminary Injunction to Take Perpetuation Deposition, Docket No. 268 (8/23/2004).) The Court observed that the Libby Claimants failed to provide (1) any independent medical verification of the status of the individuals they sought to depose and (2) any explanation of the proposed scope or purpose of the requested depositions. (8/23/04 Tr. at 35-60.) The Court found this showing insufficient, agreeing that claimants must provide "some independent medical verification" of claimants'

medical condition because the Court was "not seeing" claims that plaintiffs were in any type of extremis warranting such depositions "from anybody else other than this one doctor from Libby [claimants' expert, Dr. Alan Whitehouse]," and there was no showing that claimants were "really . . . in a terminal stage." (*Id.* at 40-41.) Indeed, as the Court observed at the time, while "Grace has asbestos personal injury plaintiffs from all over the country," it was "only in the Libby context that these motions [were] coming up." (*Id.* at 43; *see also id.* at 45 ("[I]t's an aberration that the only place that I'm getting these motions are coming from Libby where Dr. Whitehouse is the medical doctor who is saying things like, [t]he person is likely to die within a year or two, and there's nothing else in terms of the medical criteria.").) Accordingly, the Court denied claimants' request to lift the stay and allow depositions to perpetuate individual claimants' testimony.

Despite this ruling, on April 21, 2009 and April 29, 2009, the Libby Claimants again noticed the "Video Perpetuation Depositions" of eighteen individual claimants, with the first deposition scheduled on May 18, 2009, and the last on May 29, 2009. (April 21, 2009 Dep. Notices, Ex. A; April 29, 2009 Dep. Notices, Ex. B.)[1] These notices came almost three months after written fact discovery was to be served, and two months after the deposition commencement date for confirmation-related discovery. The individuals the claimants seek to depose are primarily patients of claimants' expert, Dr. Alan Whitehouse and current residents of Libby who allege that they have incurred asbestos-related diseases. However, they also include individuals who are not seeking recovery for their own physical injuries, but rather assert loss of

---

[1] On April 29, 2009, the Libby Claimants withdrew their notice of deposition for one of the eighteen witnesses noticed on April 21, 2009. (*See* Amended Notice - Cancellation of Video Perpetuation Deposition of Patricia Hill, 4/29/09 (Docket No. 21461).)

consortium and wrongful death claims. In addition to these deponents, the Libby Claimants have identified ten additional claimant witnesses who may "testify as to Libby issues" at the confirmation hearings. (*See* First Supplement to Preliminary Designation of Witnesses to Testify in Connection with Plan Confirmation, Docket No. 21260 (April 13, 2009); Second Supplement to Preliminary Designation of Witnesses to Testify in Connection with Plan Confirmation, Docket No. 21301 (April 17, 2009).)

The same day claimants served their notices, counsel for Arrowood Indemnity Company wrote claimants' counsel inquiring why they were taking the depositions and "burdening the estate." (*See* 4/21/09 Letter to C. Candon from T. Schiavoni at 1, Ex. C.)  On April 23, the Debtors and certain insurers held a meet and confer with bankruptcy counsel and personal injury counsel for the Libby Claimants to discuss the matter. The Debtors and the insurers maintained that the depositions were unnecessary because no individual claims would be litigated during the confirmation hearings, reminding claimants' counsel of this Court's repeated admonitions on this issue and the Court's prior ruling. In response, claimants' personal injury counsel indicated that they believed they had to establish the validity of certain claims during the confirmation hearings. However, they failed to offer any basis to conclude that perpetuation depositions were warranted, simply asserting that the deponents were "too ill to travel" to the confirmation hearing.

## ARGUMENT

### I.  THIS COURT'S 2004 RULING PROHIBITS DEPOSITIONS TO PERPETUATE INDIVIDUAL CLAIMANTS' TESTIMONY IN THE ABSENCE OF THE REQUISITE SHOWING

The Libby Claimants' attempt to depose the individual claimants is at bottom a thinly-veiled attempt to circumvent this Court's 2004 ruling. This Court made clear that "perpetuation depositions" of individual claimants could not proceed absent the requisite showing, including

4

independent medical verification of the status of the individual claimants to be deposed and an explanation of the proposed scope or purpose of the requested depositions. (*See* 8/23/04 Tr. at 40-44, Ex. D.) The Libby Claimants have offered no such showing here. Nor have they requested reconsideration of the Court's 2004 ruling. Instead, they have simply disregarded it, unilaterally noticing seventeen "Video Perpetuation Depositions" to occur during an eleven-day period in mid-May. These depositions are clearly improper and should be enjoined under this Court's prior ruling.

## II.    THE TESTIMONY OF INDIVIDUAL CLAIMANTS IS COMPLETELY IRRELEVANT TO THE CONFIRMATION PROCEEDINGS

The proposed depositions should also be enjoined because they are completely irrelevant to the confirmation proceedings. *See* Fed. R. Civ. P. 26(b)(1) (limiting the scope of permissible discovery to matters "relevant to any party's claim or defense"); *see also* Advisory Committee Notes to Rule 26(b)(2), 1993 Amendments (courts have broad discretion "to impose additional restrictions on the scope and extent of discovery").

Here, the Libby Claimants assert that the Joint Chapter 11 Plan "places the Libby Claimants in a class with claims that are not substantially similar" and "discriminate[s] against the Libby Claimants" in violation of the Bankruptcy Code's policy of equal distribution, based on the theory that the Libby Claimants suffer from a unique "Libby asbestos disease" or asbestos-related disease with its own unique disease process. (*See* Libby Claimants' Preliminary Objections to First Amended Joint Chapter 11 Plan, 12/22/08 (Docket No. 20313), at 1, 3; Libby Claimants' Objection to Debtors' Disclosure Statement for Joint Plan of Reorganization and Approval Motion, 10/17/08 (Docket No. 19803) at 10-14.) The testimony of individual claimants is plainly irrelevant to these objections.

5

*First*, even if the Libby Claimants did suffer from a unique disease or disease process (which they do not), this fact would not be relevant for purposes of classification or treatment under the Plan. Claimants with different diseases such as mesothelioma and asbestosis routinely are classified in the same class in asbestos bankruptcies, and have their claims evaluated by the same TDP process, even though mesothelioma is indisputably a different disease process than asbestosis and mesothelioma claims are usually far more valuable than non-malignant claims. Indeed, in non-asbestos bankruptcies, tort claimants are often classified with general unsecured creditors even though the bases for their claims against the debtor can be very different factually and legally.

*Second*, even if the Libby Claimants' assertions about the nature of their disease were true and somehow relevant to classification or plan treatment (which they are not), the testimony of individual claimants does not help the Court decide if the Plan is confirmable. The question for the Court would be the extent to which there is sufficient and reasonably certain scientific foundation for the Libby Claimants' allegations that they are unique and materially different from non-Libby claimants. This contention must be supported and proven by *expert* testimony based on proper scientific methodology and analysis. The testimony of lay witnesses such as those identified by the Libby Claimants is simply inadmissible and not relevant on this question. *See* Fed. R. Evid. 701 (lay witnesses may not provide testimony that requires "scientific, technical, or other specialized knowledge within the scope of Rule 702"), and any testimony by the claimants about what their doctor told them would be hearsay. In fact, the Libby Claimants have submitted expert reports that they claim support their contention that they suffer from a "unique" asbestos disease that warrants separate treatment. (*See, e.g.,* 12/29/08 Whitehouse

Report ¶ 34 ("There generally appears to be a distinct pattern for Libby asbestos disease.").)
Lay testimony on these issues is neither relevant nor admissible.

Requiring Debtors to take the depositions of seventeen (and potentially twenty-seven)
witnesses whose testimony is not relevant to the confirmation proceedings would simply waste
the bankruptcy estate's resources. Accordingly, these depositions should be enjoined and all
such testimony excluded. *See In re W.R. Grace & Co., et al.*, Nos. 01-01139 (JKF), 2007 WL
1129170, *2 (Bankr. D. Del. April 13, 2007) (noting the importance of not "unnecessarily
deplet[ing] estate resources"); *Meadowlands Comm'cns, Inc. v Banker's Trust Co., New York*, 79
B.R. 198, 200 (D.N.J. 1987) (agreeing with defendant bank that it "would be a waste of [the
Debtor's] resources" to become involved in a dispute irrelevant to the "administration of
Debtor's estate").

## CONCLUSION

Accordingly, the Debtors respectfully request that the Court enjoin the Libby Claimants'
requested depositions of individual claimant witnesses and enter the attached protective order.

Dated: April 30, 2009                    Respectfully submitted,

                                         KIRKLAND & ELLIS LLP
                                         David M. Bernick, P.C.
                                         Theodore L. Freedman
                                         Citigroup Center
                                         153 East 53rd Street
                                         New York, New York 10022
                                         (212) 446-4800

                                         Barbara M. Harding
                                         Brian T. Stansbury
                                         655 Fifteenth Street, N.W.
                                         Washington, D.C. 20005
                                         (202) 879-5200

                                         -and-

THE LAW OFFICES OF JANET S. BAER P.C.
Janet S Baer
70 W. Madison St., Suite 2100
Chicago, IL 60602
(312) 641-2162

-and-

PACHULSKI STANG ZIEHL & JONES LLP


Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession