## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.,* | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| **Debtors.** | ) | Re: Docket Nos. 21327, 21332-21334, |
| | ) | 21339-21342, 21344, 21460, 21462, |
| | ) | 21464, 21466-21470 |
| | ) | Objection Deadline:  May 8, 2009 |
| | ) | (proposed) |
| | ) | Hearing Date:  May 14, 2009 (proposed) |
| | ) | |

**DEBTORS' MOTION FOR LEAVE FROM THIS COURT'S SCHEDULING ORDER
AND TO SHORTEN NOTICE PERIOD ON DEBTORS' MOTION FOR PROTECTIVE
ORDER AND OBJECTION TO LIBBY CLAIMANTS' DEPOSITION NOTICES**

The Debtors hereby move this Court pursuant to Del. Bankr. L.R. 9006-1(e), Rule

9006(c) of the Bankruptcy Rules and section 102 of the Bankruptcy Code, for leave from this

Court's Scheduling Order and to shorten the notice period with respect to their *Motion for*

*Protective Order and Objection to Libby Claimants' Deposition Notices* (the "Debtors'

Motion"), so that the Debtors' Motion may be heard along with other Libby-related motions at

the discovery hearing on May 14, 2009 at 9:00 a.m. Eastern,[1] and setting the Objection Deadline

on the Debtors' Motion for May 8, 2009.  In support of this Motion, the Debtors respectfully

represent as follows:

---

[1]  On April 30, 2009, the Court granted motions to shorten time and scheduled two Libby-related motions to be heard on May 14, 2009: (1) Libby Claimants' Motion (A) to Amend Plan Confirmation Case Management Order and (B) to Postpone Phase II of the Confirmation Hearing; and (2) Arrowood Indemnity's Motion To Strike Whitehouse's Expert Report Or, Alternatively, Compel the Production of Documents and Databases on Which He Relies and for Entry of a Confidentiality Order. (*See* Docket Nos. 21429, 21485.)

1.      On October 17, 2008 and December 22, 2008, the Libby Claimants filed objections to the Debtors' Joint Plan of Reorganization, contending that the Plan discriminates against the Libby Claimants by failing to recognize that their asbestos-related disease is unique and should be uniquely treated under the Plan.  Libby Claimants' Objections to Debtors' Disclosure Statement for the Joint Plan of Reorganization and Approval Motion, 10/17/08 (Docket No. 19803); Libby Claimants' Preliminary Objections to First Amended Joint Chapter 11 Plan, 12/22/08 (Docket No. 20313).

2.      On April 21, 2009 and April 29, 2009, a month after the Court's filing deadline for the April 27, 2009 Omnibus hearing, the Libby Claimants filed seventeen notices of depositions.  These depositions are scheduled to begin on May 18, 2009 and end on May 29, 2009.

3.      In noticing these depositions, the Libby Claimants seek to circumvent this Court's 2004 Order prohibiting them from taking depositions to perpetuate individual claimant testimony absent the requisite showing.  Moreover, any testimony by the individual claimants would be irrelevant to the Libby Claimants' objections to the Debtors' Plan and the Plan Confirmation hearing.  First, even if the Libby Claimants did suffer from a unique disease or disease process (which they do not), this fact would not be relevant for purposes of classification or treatment under the Plan.  Claimants with different diseases such as mesothelioma and asbestosis routinely are classified in the same class in asbestos bankruptcies, and have their claims evaluated by the same TDP process.  Second, Claimants' assertion that the Libby population as a whole is at increased risk of a "unique" asbestos-related disease having a unique disease process that warrants separate treatment must be supported by expert testimony based on proper scientific methodology and analysis.  The testimony of individual claimants cannot be used to support such

2

assertions, and indeed such testimony would be inadmissible under the Federal Rules of Evidence.

4.      In response to these deposition notices, the Debtors have filed their *Motion for Protective Order and Objection to Libby Claimants' Deposition Notices* (the "Debtors' Motion"). The Debtors' Motion respectfully requests that the Court enjoin the depositions of the designated witnesses because they violate this Court's 2004 Order and because individual claimants' testimony is irrelevant and unnecessary.

5.      The Debtors believe that it is critical to have the Debtors' Motion  heard by the Court as soon as possible. Unfortunately, because the Debtors received the Libby Claimants' notices of deposition only one week ago, the Debtors were not able to file the Motion for a Protective Order in time to reasonably request it be heard at the Court's April 27, 2009 Omnibus hearing. The next Omnibus hearing is scheduled for June 1, 2009. The parties cannot wait until this June 1 hearing to have these matters resolved, however, because the Libby Claimants' depositions are scheduled to begin on May 18, 2009. The Court recently granted motions to shorten notice with respect to two other Libby-related discovery motions and set a hearing on those motions for May 14, 2009. (*See* Docket Nos. 21429, 21485.)

6.      Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Similarly, Del. Bankr. LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion specifying the exigencies justifying shortened notice."

3

7.      Accordingly, the Debtors file this motion seeking an Order of this Court for leave of the Scheduling Order and shortening the notice period prescribed by Del. Bankr. LR 9006-1(c) to enable the Debtors' Motion to be heard at the Court's May 14, 2009 discovery hearing along with the other Libby-related motions already scheduled for that date, and for the Court to establish the deadline to object to the Debtors' Motion as May 8, 2009.

8.      Given the nature of the relief requested, the Debtors respectfully submit that the limited notice described above is appropriate, as is leave from the Scheduling Order.

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Debtors leave from the Scheduling Order, (ii) shortening the notice period with respect to the Debtors' Motion, (iii) setting the objection deadline on the Debtors' Motion for May 8, 2009; and (iv) scheduling the Debtors' Motion to be heard at the Court's discovery hearing on May 14, 2009 at 9:00 a.m. Eastern.

Dated:  April 30, 2009                    Respectfully submitted,

                                          KIRKLAND & ELLIS LLP
                                          David M. Bernick, P.C.
                                          Theodore L. Freedman
                                          Citigroup Center
                                          153 East 53rd Street
                                          New York, New York 10022
                                          (212) 446-4800

                                          Barbara M. Harding
                                          Brian T. Stansbury
                                          655 Fifteenth Street, N.W.
                                          Washington, D.C. 20005
                                          (202) 879-5200

                                          and

                                          THE LAW OFFICES OF JANET S. BAER P.C.
                                          Janet S. Baer
                                          70 W. Madison St.
                                          Suite 2100
                                          Chicago, IL 60602
                                          (312) 641-2162

                                          and

                                          PACHULSKI STANG ZIEHL & JONES LLP

                                          _James E. O'Neill_

                                          Laura Davis Jones (Bar No. 2436)
                                          James E. O'Neill (Bar No. 4042)
                                          Kathleen P. Makowski (Bar No. 3648)
                                          919 North Market Street, 17th Floor
                                          P.O. Box 8705
                                          Wilmington, DE  19899-8705 (Courier 19801)
                                          Telephone:  302-652-4100
                                          Facsimile:  302-652-4400

                                          Co-Counsel for the Debtors and Debtors in
                                          Possession