IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br>Related Docket Nos. 19581, 19620<br><br>**ALLEN SCHWARTZ'S DECLARATION IN SUPPORT OF ARROWOOD'S JOINDER TO DEBTORS' MOTION FOR PROTECTIVE ORDER AND OBJECTION TO LIBBY CLAIMANTS' DEPOSITION NOTICES** |

I, ALLEN SCHWARTZ, affirm that to the best of my knowledge the following is true under penalty of perjury:

1. I am an associate with the law firm of O'Melveny & Myers LLP, attorneys for Arrowood Indemnity Company f/k/a Royal Indemnity Company ("Arrowood"). I offer the following statements as further support for the Debtors' Motion For Protective Order And Objection To Libby Claimants' Deposition Notices ("Debtors' Motion to Quash" or "Motion") and in support of Arrowood's joinder to the Motion.

2. On April 21, 2009, the Libby Claimants filed eighteen separate depositions notices. *See* Exhibit A attached to Debtors' Motion. While the notices were styled as "perpetuation notices," the Libby Claimants did not comply with any of the requirements that the Court set for issuing perpetuation notices. *See* Exhibit D attached to Debtors' Motion (8/23/04 Tr. at 35-60) and Order Denying Libby Claimants' Motion for Relief from the Automatic Stay and Preliminary Injunction to Take Perpetuation Deposition, Dkt. No. 268 (8/23/2004). No information was provided in the notices as to the purpose of any of these depositions. Nor have

the Libby Claimants provided an affirmation from an independent physician attesting to the medical condition of any of the deponents. Indeed, no support whatsoever was provided along with the notices to demonstrate that there is a medical need to take these depositions now. The Libby Claimants did not even identify in the notices the nature or stage of the illness allegedly suffered by deponents who they seek to depose.

3. Within two hours of receiving the Libby Plaintiff Lawyers' notices, my colleague Tancred Schiavoni emailed a letter to Libby Claimants' counsel Christopher M. Candon stating that "we are writing to request that you confirm that each of the individuals you have so noticed are your clients in this case. If this is the case, we are writing to request that you offer a basis for burdening the estate with these depositions. Is the purpose of offering these witnesses to provide testimony concerning their medical condition. . . . Is there any reason why any of the noticed witnesses cannot appear in person to give their testimony at the confirmation hearing?" A true and correct copy of the April 21, 2009 letter is attached as Exhibit A.

4. On Wednesday, April 22, 2009, the Libby Claimants' counsel sent an email to Mr. Schiavoni, confirming that all the noticed deponents are represented by the Libby Plaintiff Lawyers who have appeared in the bankruptcy. A true and correct copy of the April 22, 2009 email is attached as Exhibit B.

5. On Thursday April 23, 2009, Mr. Schiavoni responded that "I appreciate you letting us know that these deponents are your clients. We ask that you please let us know what the purpose of these depositions is in the context of plan confirmation. What do you propose to elicit? While we might not agree on relevance, perhaps the facts themselves could be the subject of stipulation. If there was a way that we could avoid the burden of these depositions for your

clients and the estate, everyone might benefit." A true and correct copy of the April 23, 2009 email is also attached as Exhibit B.

6. Later on Thursday April 23, 2009, Mr. Schiavoni wrote to Libby Claimants' counsel Christopher M. Candon stating that "We would like to meet and confer with you on your deposition notices. We have written asking for information about why you believe these depositions are necessary." A true and correct copy of the April 23, 2009 letter is attached as Exhibit C.

7. A telephonic meet and confer was held on April 23, 2009, at 3:00 p.m. (Eastern Time) with counsel for Grace, Arrowood and the Libby Claimants participating. At the meet and confer, the Libby Claimants asserted that they intend to use these witnesses to prove that there are individuals with wrongful death claims, loss of consortium claims, and severe pleural disease claims who are not entitled to a recovery under the current version of the TDP. The Libby Claimants further asserted that they needed to use the bankruptcy confirmation discovery process to prove individual personal injury claims under Montana law. They explained that in their assessment, such proof may be necessary to preclude any argument that they lack standing to object to make these particular Plan objections.

8. A number of things conveyed by counsel for the Libby Claimants raised concern that these depositions were not true perpetuation depositions. First, counsel for the Libby Claimants could not provide specific information about the illness of any of the deponents. Second, counsel for the Libby Claimants indicated that while they thought that the deponents could not presently travel that some might well be able to travel four months from now. Third, counsel for the Libby Claimants told us that some of the deponents were personal representatives for claimants with wrongful death claims.

9. Grace's counsel pointed out that bankruptcy confirmation discovery is not the proper forum for proving particular personal injury claims. Grace's counsel also pointed out that the Libby Claimants had been derelict in their discovery obligations and had not provided the discovery materials needed in order to prepare for defending against these depositions. My colleague, Mr. Schiavoni, asked counsel for the Libby Claimants why they could not achieve their stated purpose by offering copies of complaints and other documentary evidence to show the existence of the alleged claims rather than using the bankruptcy confirmation process to have full blown evidentiary depositions to prove the personal injury claims of individual claimants.

10. In our meet and confer call, the Libby Claimants' were adamant that all of these depositions were necessary; they were also adamant that our offer to stipulate was not satisfactory for them, and that our suggestion that they submit the underlying complaints and other evidence from those actions as substitutes was also unsatisfactory.

11. On April 27, 2009, we filed a formal objection to the notices of deposition. A true and correct copy of Arrowood's Objection to the Eighteen Deposition Notices Issued by Landis Rath & Cobb LLP and Cohn Whitesell & Goldberg LLP for Their Own Clients is attached as Exhibit D. No response to the objection has been filed.

12. On May 1, 2009, my colleague Tancred Schiavoni wrote Libby Claimants' counsel stating that "we request the information offered in this letter as well as the other information that you allude to having previously produced to Grace. We also reiterate our request for complaints and pleadings concerning any personal injury actions brought by these individuals." True and correct copies of the May 1, 2009 emails from Mr. Schiavoni to Libby Claimants' counsel are attached as Exhibits E and F. The Libby Claimants' counsel responded on May 1, 2009. This email is attached as part of Exhibit E. However, my colleague

Mr. Schiavoni has told me that they did not agree to produce pleadings from other personal injury matters brought by the deponents other than those as against Grace.

13. Libby Claimants' counsel did not provide the identities of the personal representatives individuals until May 1, 2009. A true and correct copy of the May 1, 2009 letter from Libby Claimants' counsel to Mr. Schiavoni is attached as Exhibit G.

14. The April 29, 2009 letter from the Libby Claimants' counsel is attached as Exhibit H. We still have not yet received these documents.

15. The cost of attending 17 separate depositions in Montana is prohibitively expensive and the distractions are substantial. It takes an entire day to travel to Libby, Montana from the East Coast. These depositions will entail a significant outlay of resources, requiring hundreds of hours of legal work, and large travel expenses.

16. As set forth above, we have made a good faith effort to resolve this discovery dispute.

Dated: New York, New York  
      May 4, 2009                          /s/ Allen Schwartz  
                                                       Allen Schwartz