# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br>Related Docket Nos. 19581, 19620<br><br>Hearing Date: May 14, 2009 at 9:00 a.m. (EST)<br>Response Deadline: May 8, 2009 at 4:00 p.m. (EST)<br>Pursuant to Order Shortening Notice Docket No. 21491<br><br>Related to Docket No. 21245 |

## ARROWOOD'S REQUEST TO TAKE JUDICIAL NOTICE, PURSUANT TO FEDERAL RULE OF EVIDENCE 201, OF DECISION AND ORDER BARRING EXPERT TESTIMONY OF DR. WHITEHOUSE IN FURTHER SUPPORT OF MOTION TO STRIKE WHITEHOUSE EXPERT REPORT (DKT. NO. 21245)

Arrowood Indemnity Company f/k/a Royal Indemnity Company ("Arrowood") respectfully requests that the Court take judicial notice of United States District Court Judge Molloy's Order Granting in Part and Denying in Part Motion to Strike the Testimony of Dr. Alan Whitehouse entered by the District Court on April 21, 2009 in *United States v. W.R. Grace & Co.*, 9:05-cr-00007-DWM-1, Dkt. No. 1103 (D. Mont.) in further support of the *Motion to Strike Whitehouse Expert Report or Alternatively, Compel the Production of Documents and Databases on Which He Relies and For Entry of a Confidentiality Order* (Dkt. No. 21245) scheduled for hearing by this Court on May 14, 2009.

A true and correct copy of the Decision and Order for which judicial notice is sought is attached as Appendix 1 to this filing. On page 4 of the Order, United States District Court Judge Molley holds that:

> Dr. Whitehouse does not possess specialized knowledge in the
> field of epidemiology. His opinion testimony on the future pattern
> of disease and general causation is therefore inadmissible under

> Rules 701(c) and 702. The appropriate remedy for the admission of opinion testimony in violation of those rules is to strike the inadmissible opinion and instruct the jury to disregard it.

Under Federal Rule of Evidence 201, judicial notice may be taken of any fact "that is not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). A court may take judicial notice *sua sponte* and must take judicial notice "if requested by a party and supplied with necessary information." *Id.*, Rules 201(c), (d), (f).

The requirements of Rule 201 are satisfied here. The Decision and Order is on the docket in the proceedings in another court. *See Federal Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270, 1284 (3d Cir. 1993) (stating "we recognize that we have the power to take judicial notice of subsequent developments in related proceedings . . ."); *Colonial Penn. Ins Co v. Coil*, 887 F.2d 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records, [including] proceedings in other courts if those proceedings have a direct relation to the matter at issue.") (citations and internal quotation marks omitted); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 669 (9th Cir. 2001) ("under Fed. Rule of Evid. 201, a court may take judicial notice of matters of public record") (citations and internal quotation marks omitted).

Dated: May 4, 2009
      Wilmington, Delaware

Respectfully submitted,

By: _____
Garvan F. McDaniel, Esq. (#4167)
BIFFERATO GENTILOTTI LLC
800 N. King Street, Plaza Level
Wilmington, DE 19801
(302) 429-1900 Phone
(302) 429-8600 Fax

-and-

Carl J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, NY 10017-5639
Telephone: (212) 490-3000

-and-

Tancred Schiavoni, Esq.
Gary Svirsky, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York
(212) 326-2267

*Counsel to Arrowood
Indemnity Company, f/k/a Royal
Indemnity Company*

3