# APPENDIX 1

**FILED**

APR 21 2009

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 05-07-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| W. R. GRACE, HENRY A. ESCHENBACH, JACK W. WOLTER, WILLIAM J. McCAIG, ROBERT J. BETTACCHI, O. MARIO FAVORITO, ROBERT C. WALSH, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Defendant Grace has filed a motion to strike the testimony of government expert witness Dr. Alan Whitehouse. Dr. Whitehouse testified March 4, 2009. Having considered Dr. Whitehouse's testimony together with the briefs and the

1

arguments at the hearing on this matter on March 18, 2009, I find that while there is no basis upon which to strike Dr. Whitehouse's testimony in its entirety, some of Dr. Whitehouse's opinions were not offered in conformance with the standard of Fed. R. Evid. 702. The motion to strike is granted with respect to those opinions.

The problematic testimony from Dr. Whitehouse appears in the transcript for the afternoon of March 4, 2009, from page 1454, line 9 to page 1455, line 25. These pages contain Dr. Whitehouse's opinion that the Center for Asbestos-Related Disease in Libby (the "CARD Clinic") will continue to see new cases of asbestos-related disease until at least the year 2030. Dr. Whitehouse states an epidemiological opinion; he makes a prediction about the future pattern of asbestos-related disease in the Libby-area population, and offers a conclusion about general cause of that disease.

Dr. Whitehouse is qualified to give expert testimony as a physician specializing in pulmonary disease. His area of expertise is specific causation, not general causation. See Order dated February 10, 2009 (Doc. No. 907) at 6 n.3 (distinguishing epidemiology's focus on general causation from a physician's diagnostic process resulting in a conclusion as to the specific cause of an individual's disease). Dr. Whitehouse lacks the specialized knowledge and

2

training necessary to render an epidemiological opinion, which creates the concern that his opinion testimony was not based on valid scientific methodology.

That concern was confirmed on cross-examination, where Dr. Whitehouse conceded that his opinion was the product not in valid science, but rather of his own subjective assessment:

Q: You can't make predictions of the future based on science, can you?

A: No, but I'm not making predictions for how many cases there's going to be. I'm making the prediction that there's been enough exposure over a long period of time and, knowing that there is a 30- to 40-year latency period, that it's going to keep going up.

Q: You don't know that.

A: Sure I do.

Q: Because the people who do the epidemiology, they actually quantify the exposures before they make predictions; and you have never quantified the exposures, correct?

A: No, but I'm talking about common sense, a physician who's in the front lines of seeing what's happening.

Q: I'm not talking only about common sense and I'm not talking

3

about your clinical practice. I'm talking about science. Science. And you don't have the science to make a scientific prediction, do you?

A: Not to the numbers, no.

Q: Not to the numbers. You don't even have the beginnings of an epidemiological analysis to make the prediction, do you?

A: You know, I have some other numbers here that you haven't allowed me to talk about; that's one of the problems.

Q: You don't have the exposure numbers and you don't have a curve. True or not?

A: I don't have exposure numbers and I do not have a curve.

Trial Tr. at 1511-12, March 4, 2009 (afternoon session).

Dr. Whitehouse does not possess specialized knowledge in the field of epidemiology. His opinion testimony on the future pattern of disease and general causation is therefore inadmissible under Rules 701(c) and 702. The appropriate remedy for the admission of opinion testimony in violation of those rules is to strike the inadmissible opinion and instruct the jury to disregard it.

Accordingly, IT IS HEREBY ORDERED that Defendant Grace's motion to exclude the testimony of Dr. Alan Whitehouse (Doc. No. 976) is GRANTED in part and DENIED in part. The jury will be instructed to disregard Dr.

4

Whitehouse's opinion that the CARD clinic in Libby will continue to see new cases of asbestos-related disease until at least the year 2030 (Trial Tr. at 1454:9 - 1455:25, March 4, 2009 [afternoon session]). In all other respects, the motion is denied.

Dated this 21st day of April, 2009.

Donald W. Molloy, District Judge
United States District Court