## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| **Debtors.** | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING
### FEE APPLICATION OF STEPTOE & JOHNSON LLP
### FOR THE THIRTY-FIRST INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Thirty-First Interim Quarterly Application of Steptoe & Johnson LLP</u> (the "Application").

### BACKGROUND

1.      Steptoe & Johnson LLP ("Steptoe") was retained as special tax counsel to the Debtors.  In the Application, Steptoe seeks approval of fees totaling $176,713.00 and expenses totaling $422.84 for its services from October 1, 2008 through December 31, 2008 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2008, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.  We served on Steptoe an initial report based on our review, and received a response from Steptoe, portions of which response are quoted herein.

## DISCUSSION

3.      In our initial report, we noted that during the current Application Period, Steptoe billed total fees of $4,161.00 on matters pertaining to its fee application preparation.  Cumulatively, over the term of Steptoe's involvement in the case, we calculated Steptoe's total fees for fee application preparation at $141,029.50.  This computes to roughly 6.13% of the total fees billed by Steptoe in the case to date.  A chart reflecting our calculations is attached as Exhibit "A."  Although the Court has not set a defined limit on fees for fee application preparation in this case, such fees must still be reasonable under Section 330 of the Bankruptcy Code.  A number of courts have established 5% of the total fees billed as a guideline for reasonableness for such fees.  Thus, we asked Steptoe to explain why the amount of Steptoe's fee application preparation fees should be considered reasonable.  Steptoe provided a response which we have included as Response Exhibit "A."  We note that for the current Application Period, Steptoe's fees for fee application preparation ($4,161.00) comprise only 2.3% of the total fees requested.  We further note that although all of the time billed for fee application review during the current period was billed by Steptoe attorney, Anne Moran ($570), Steptoe has stated in its response that it intends to reduce the hourly rate billed for attorney Moran's time in working on future fee application matters.  We also note from Steptoe's response that the rest of the work on Steptoe's fee applications is performed by accounting staff and

secretaries and is not billed.  In light of the foregoing factors, we do not intend to recommend a fee reduction on this issue for the current Application Period.  However, we will continue to monitor this issue in future periods, and again at the end of the case, to determine if reductions are appropriate.  Thus, for the current Application Period, we have no objection to these fees.

## CONCLUSION

4.      Thus we recommend approval of $176,713.00 in fees and $422.84 in expenses for Steptoe's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
            Warren H. Smith
            Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 5th day of May, 2009.

_____
            Warren H. Smith

## SERVICE LIST

### Applicant
Anne E. Moran
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C.  20036

### The Debtors
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

### Counsel for the Debtors
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

### Counsel for the Official Committee of Unsecured Creditors
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

### Counsel to the Official Committee of Property Damage Claimants
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

### Counsel to the Official Committee of Personal Injury Claimants
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

### Official Committee of Equity Holders
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

### United States Trustee
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801

## RESPONSE EXHIBIT "A"

Since the auditors have not questioned the fees charged until now, we have not reviewed in depth the fees charged for billing over the years in preparing this response, but did focus primarily on the thirty-first period. Nonetheless, we do note in response to your comments that our percentage of expenses to fees was particularly high from February through May 2002 when we were establishing billing systems to accommodate bankruptcy court rules and had to submit bills retroactively. For example, although I did not review all correspondence on this matter to prepare this response, I do know that we had to prepare, recreate and send revised bills for July, September, November and December 2001 in the spring of 2002. Thus, the percent of time spent on fee preparation through June 2002 was over 7%. Since that period . . . the fees charged for billing activity generally has decreased, with some exceptions.

We have reviewed the more recent bills in light of the concerns expressed and will explain our practice and some areas where the time spent may have been high. Our bills are initially prepared by our accounting staff and finalized by a firm secretary. They do not charge for their time. We now have a system in place where a secretary creates the exhibits required by the court and only one attorney reviews them. The attorney time spent on reviewing time entries serves two major purposes. The first requires review of the substance of the entries to ensure that the explanation of the entries is not only accurate but is appropriate for a filing that is made public; this requires time to consult with the lawyer/timekeepers who have prepared the entries, and does require review of the substantive issues reflected in the time entries by a lawyer. The second task is to ensure that the entries properly reflect the activities of the lawyers in the format required by the bankruptcy court. This task takes more time when new lawyers not familiar with the billing system are added to the team. This occurred on various occasions throughout our representation when experts in various tax disciplines are added to the team (turnover among the regular attorneys who serve the client has been low). Most recently, in the summer of 2008 we added some foreign tax experts to deal with new international tax issues that arose in connection with the client's taxes, and those lawyers were not familiar with the system, including treatment of travel and other expenses. The initial entries were not properly added to the system and as a result more time was spent on the bills in late summer and early fall of 2008. In addition, in the summer of 2008 activities on two major legal matters increased significantly due to IRS and Grace's own tax requirements, so required more review time when the bills were prepared in the fall of 2008. These time entries included travel and meeting times which needed to be reviewed and adjusted to reflect bankruptcy rules.

We do try to be efficient on these matters and understand the concerns of the bankruptcy court. I expect that the lawyers currently assigned to Grace matters will not charge significantly, so there should not be increased learning time in dealing with the system. We will try to automate our system further, but as a practical matter the review of these bills does require some amount of lawyer time and it is more efficient to use me, as the billing lawyer who is familiar with the case, client, and system, for this purpose. We will work to keep the expenses reasonable and will also reduce the billing rate beginning in March 2009 (January and February bills have been filed with the court) for my time spent on billing matters. I hope that this addresses your concerns.