IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | (Jointly Administered) |
| W.R. GRACE & CO., *et al.*, | ) | |
| | ) | Case No. 01-01139 (JKF) |
| Debtors. | ) | |
| _____ | ) | Re: Docket No. 21399 |

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

Pursuant to Rule 8006, Fed.R.Bankr.P., Claimant Anderson Memorial Hospital (Claim Nos. 9911 and 9914) respectfully submits its Statement of Issues to Be Presented on Appeal.

**Joint Statement of Issues to Be Presented**

A. Whether the Bankruptcy Court erred in ruling that the Debtors Fifteenth Omnibus Objection properly and timely raised the Debtors' objections based upon Canadian "Ultimate Limitations" periods to Canadian Claimants' asbestos property damage claims.

B. Whether the Bankruptcy Court erred in ruling that the Canadian "Ultimate Limitations" periods under Alberta and British Columbia statutes were not tolled by the fraudulent concealment of the Debtors.

C. Whether the Bankruptcy Court erred in disregarding the substantial evidence of fraudulent concealment of the Debtors.

D. Whether the Bankruptcy Court erred in holding that the Alberta "Ultimate Limitations" is applicable to Alberta Claims for economic loss.

E. Whether the Bankruptcy Court erred in disregarding the plain language of the British Columbia "Ultimate Limitations" statute which provides that the 30 year ultimate limitations period does not begin to run until all elements of a cause of action have occurred, i.e., the existence of a duty, a breach of duty and resulting property damage which is manifested by the existence of "real and substantial" danger to the Claimant.

F. Whether the Bankruptcy Court erred in determining that under Canadian law in different provinces that a cause of action accrues and asbestos property damage is complete and results in a "real and substantial" danger to a building owner from the moment an asbestos containing product is installed in the building.

G. Whether the Bankruptcy Court erred in determining that the Manitoba "Ultimate Limitations" provision is applicable to the Manitoba Claimants.

H. Whether the Bankruptcy Court erred in holding that the provincial "Ultimate Limitations" periods were not tolled by the filing of a class action complaint which included all Canadian Claimants.

DATED: May 4, 2009

/s/ Christopher D. Loizides

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

Daniel A. Speights (SC Fed. ID No. 4252)
C. Alan Runyan (SC Fed ID No. 3683)
SPEIGHTS & RUNYAN
200 Jackson Avenue East
Post Office Box 685
Hampton, SC 29924
Telephone: (803) 943-4444
Facsimile: (803) 943-4599

-and-

John W. Kozyak (FL Bar No. 200395)
David L. Rosendorf (FL Bar No. 996823)
KOZYAK TROPIN & THROCKMORTON
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

*Counsel for Anderson Memorial Hospital*