IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Re: Docket Nos.: 20204, 20339 |

### LIMITED OBJECTION OF BANK LENDER GROUP TO LIBBY CLAIMANTS' MOTION (A) TO AMEND PLAN CONFIRMATION CASE MANAGEMENT ORDER AND (B) TO POSTPONE PHASE II OF THE CONFIRMATION HEARING

Certain lenders under the Prepetition Bank Credit Facilities[1] (the "Bank Lender Group"),[2] by their undersigned counsel, object to Libby Claimants' Motion (A) to Amend Plan Confirmation Case Management Order and (B) to Postpone Phase II of the Confirmation Hearing, dated April 27, 2009 [Dkt. No. 21428] ("Libby Motion") through which the Libby Claimants seek to delay the confirmation process and the emergence of these cases from chapter 11. By this limited objection, the Bank Lender Group respectfully represents as follows:

---

[1] The Prepetition Bank Credit Facilities include (i) that certain Credit Agreement, dated May 14, 1998, among the W.R. Grace & Co. (the "Company"), W.R. Grace & Co.-Conn, The Chase Manhattan Bank, as Administrative Agent, Chase Securities Inc., as arranger, and certain Banks party thereto (the "1998 Credit Agreement"), and (ii) that certain 364-Day Credit Agreement, dated May 5, 1999, among the Company, W.R. Grace & Co.-Conn, Bank of America National Trust Savings Assoc., as documentation agent, The Chase Manhattan Bank, as administrative agent, Chase Securities Inc., as book manager, and certain Banks party thereto (as amended, the "1999 Credit Agreement", together with the 1998 Credit Agreement, the "Credit Agreements"). The Credit Agreements are attached as Exs. A and B to the Affidavit of Charles O. Freedgood of JPMorgan Chase Bank, N.A., filed August 15, 2008 [Dkt No. 19332].

[2] The lenders include (i) Anchorage Advisors, LLC; (ii) Allen & Co., (iii) Avenue Capital Group; (iv) Babson Capital Management LLC; (v) Bass Companies; (vi) Caspian Capital Advisors, LLC; (vii) Catalyst Investment Management Co., LLC; (viii) Cetus Capital, LLC, (ix) DE Shaw Laminar Portfolios, LLC; (x) Goldman Sachs & Co. (as ex officio member); (xi) Intermarket Corp.; (xii) JP Morgan Chase, N.A. Credit Trading Group; (xiii) Loeb Partners Corporation; (xiv) MSD Capital, L.P.; (xv) Normandy Hill Capital, L.P.; (xvi) Onex Debt Opportunity Fund Ltd., (xvii) Ore Hill Partners, LLC; (xviii) P. Schoenfeld Asset Management, LLC; (xix) Restoration Capital Management, LLC; and (xx) Royal Bank of Scotland, PLC. The Bank Lender Group, together with all holders of claims under the Credit Agreements, including the previous holders of such claims, are collectively referred to as the "Bank Lenders."

**Background**

1. On April 2, 2001, the above-referenced debtors (collectively "Grace") filed voluntary petitions for relief under chapter 11 of title 11, United States Code, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and thereby commenced these cases.

2. Prepetition, Grace entered into the Credit Agreements. Under them, Grace owes the Bank Lenders $500 million in aggregate principal amount.[3] The Credit Agreements both matured several years ago during the pendancy of these cases.[4] Both contracts have a non-default interest rate equal to the Prime Rate, with a default rate of Prime Rate plus 2%. (Credit Agreement §§ 5.1(c), 5.5). In addition to specifying interest rates, the Credit Agreements provide for payment of facility fees, attorneys' fees, and a specified method for calculating interest which Grace owes the Bank Lenders. (Credit Agreements §§ 1.1, 5.1, 5.2, 5.7, 5.13.)[5]

3. After the Petition Date, Grace defaulted by its uncontested failure to comply with certain of its obligations under the Credit Agreements. This includes its failure to comply with certain payment and reporting requirements, which triggered the default rate provisions under the Credit Agreements. (*See* Freedgood Aff. at ¶ 13.)[6]

4. On June 13, 2008, Grace filed its objection ("Objection") to the proof of claims submitted on behalf of the Bank Lenders in connection with the Credit Agreements. By

---

[3] *See* 1998 Credit Agreement, Sch. 1; 1999 Credit Agreement, Sch. 1.

[4] The 1998 Credit Agreement matured on May 16, 2003, and the 1999 Credit Agreement matured on May 2, 2001. (1998 Credit Agreement §§ 1.1, 2.2. and Amendment to 1999 Credit Agreement, dated May 3, 2000, § 1.2).

[5] The administrative agent of the Credit Agreements submitted proofs of claim nos. 9159 and 9168 dated March 27, 2003 (the "Proofs of Claim") for amounts owed on account of the Credit Agreements. In addition to postpetition interest, the Proofs of Claim requested payment of facility fees and attorneys' fees.

[6] The Court may take judicial notice of pleadings filed on the docket in these bankruptcy cases. *See* Fed. R. Evid. 201 (a court may take notice of judicially noticed facts "not subject to reasonable dispute"); *Waltz v. County of Lycoming*, 974 F.2d 387, 389 (3d Cir. 1992) (pleadings, motions, and briefs that were part of the record were "subject to judicial notice" without further proof).

the Objection, Grace, among other things, sought an order declaring that the Bank Lenders were entitled to a post-petition interest rate that is *less* than the rate provided in the Credit Agreements. The parties have completed briefing and argument on the Objection as of September 29, 2008, and they await this Court's ruling.

5.  On December 5, 2008, this Court entered the Initial Case Management Order, which governs the schedule for the confirmation hearings ("CMO") [Dkt. No. 20204]. The Initial CMO provided that Phase I of the confirmation hearing would begin in April 2009, with Phase II of the confirmation hearing beginning in June 2009.

6.  On January 29, 2009, the Court signed the Second Amended Case Management Order [Dkt. No. 20622] amending the CMO and "pushing back" the schedule for the Confirmation Hearing by 60 days so that Phase I will now begin in June 2009 and Phase II will begin on September 8, 2009.[7]

**Objection**

7.  The Bank Lender Group objects to the Libby Claimants' request that Phase II of the Confirmation Hearing be "pushed back" by yet another 60 days.

8.  These cases have been pending for almost nine (9) years *and counting*. All the while, the Bank Lenders have been forced to finance these cases at below market rates with no payment of either principal or interest.

9.  The Libby Claimants want to push out the end of the Confirmation Hearing for at least another 60 days and thereby force the Bank Lenders to continue their involuntary financing of these cases.

---

[7]  Recently, on May 5, 2009, the Court signed the Third Amended Case Management Order, [Dkt. No. 21544] which did not alter the dates for Phase I or Phase II of the Confirmation Hearing.

672.001-26220.doc

10. The Bank Lenders do not object to the alteration of the various interim dates for the Libby Claimants; however, the Bank Lenders do object to extending the end of the Confirmation Hearing.

11. For the foregoing reason, the Bank Lender Group hereby objects to the request in the Libby Motion that seeks to extend the confirmation process by 60 days.

### Reservation of Rights

12. The Bank Lender Group expressly reserves all of its rights.

Dated: May 8, 2009
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Richard S. Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Stephen J. Shimshak
Andrew N. Rosenberg
Margaret A. Phillips
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for The Bank Lender Group*

672.001-26220.doc