**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | Case No. 01-01139 JKF |
| W.R. Grace & Co., *et al.* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Docket Ref. Nos. 20538 and 20846** |

**ONEBEACON AMERICA INSURANCE COMPANY'S AND SEATON INSURANCE COMPANY'S RESPONSE TO THE SUPPLEMENTAL MEMORANDUM OF KANEB PIPE LINE OPERATING PARTNERSHIP, L.P. AND SUPPORT TERMINAL SERVICES, INC. IN SUPPORT OF THEIR MOTION FOR AN ORDER MODIFYING THE AUTOMATIC STAY**

Neither OneBeacon America Insurance Company ("OneBeacon") nor Seaton Insurance Company ("Seaton") takes a position on whether this Court should, or should not, grant the two pending motions of Kaneb Pipe Line Operating Partnership, L.P. and Support Terminal Services, Inc. (collectively, "Kaneb") for an order modifying the automatic stay (the "Lift Stay Motions"). That said, however, the fact that OneBeacon and Seaton do not take a position on the relief sought should not be construed as an agreement with all of the various assertions made by Kaneb in the Lift Stay Motions, its Supplemental Memo, or open court. Nor, for that matter, should it be construed as an agreement with all of the various assertions made by the Debtors, Continental Casualty Company, or any other party, in their respective written submissions on the Lift Stay Motions, or in open court.

In particular, but without limiting the foregoing, OneBeacon and Seaton dispute:

A. Kaneb's assertion, whether explicit or implicit, that Grace lacked the legal capacity to bind Kaneb when Grace entered into its settlement agreements with Unigard/Seaton and CU/OneBeacon. Seaton and OneBeacon note that that issue, as well as many others, will be hotly disputed in any coverage action that Kaneb may file against Seaton and OneBeacon.

- 2 -

B.  Kaneb's assertions that (i) "[T]he indemnity obligation arising from the assertion of its insurance claims against the sole OneBeacon policy involved in this case (an excess/umbrella policy issued by American Employers in the 1973-74 period, sitting above a Continental primary policy) would not exceed $5 million" and (ii) "The Debtor's [sic] total indemnity exposure is $5 million" and (iii) "the Third OneBeacon Agreement will impose an indemnity obligation of up to $5 million upon the Debtors" (*See* Kaneb Supp. Memo at 4-5). These statements are not true. The scope of Grace's indemnity obligation is not capped by the relevant policy limits. It also includes, by way of example and not limitation, any legal fees and costs that OneBeacon incurs in defending against coverage claims asserted by Kaneb. (*See* Commercial Union Settlement Agreement, dated October 7, 1998, Art. VI).

[Intentionally Left Blank]

Besides disputing various assertions made by Kaneb, the Debtors, and/or Continental, OneBeacon and Seaton reserve all of their rights under their respective settlement agreements with Grace, as well as the policies that are the subject of said settlement agreements. They also ask the Court to refrain from making any factual or legal determinations with respect to the settlement agreements and policies at issue, unless they are absolutely necessary in order to rule on the Lift Stay Motions.

                Respectfully submitted,

Dated: May 8, 2009

/s/ David P. Primack
Warren T. Pratt (DE Bar I.D. #4334)
David P. Primack (DE Bar I.D. #4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1243
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

- and -

Michael F. Brown (*pro hac vice*)
Jeffrey M. Boerger *(pro hac vice)*
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

Counsel for OneBeacon America Insurance Company and Seaton Insurance Company