# **EXHIBIT 3**

{D0091340.1 }

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| W.R. GRACE & CO., *et al.*, | : | Case No. 01-1139 (JKF) |
|  | : | Jointly Administered |
| Debtors-in-possession. | : |  |
|  | : |  |

### SUPPLEMENTAL OBJECTIONS AND ANSWERS OF OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS TO GAYLA BENEFIELD'S AMENDED FIRST INTERROGATORIES PROPOUNDED UPON PLAN PROPONENTS

On December 23, 2008, the Libby Claimants served upon the Official Committee of Asbestos Personal Injury Claimants ("**ACC**") their "Amended First Interrogatories Propounded upon Plan Proponents" ("**Interrogatories**"). They subsequently amended their Interrogatories, so that Interrogatory Nos. 1 through 15 would be deemed to be propounded by Gayla Benefield of Libby, Montana. The ACC served objections and answers to those Interrogatories on February 23, 2009 ("**Initial Interrogatory Responses**"). Pursuant to Fed. R. Civ. P. 26(e)(1) and Fed. R. Bankr. P. 7026, the ACC hereby provides the following supplemental answers to Interrogatory Nos. 2 and 13, based on the best information now available to the ACC.

### GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

1. The General Objections and Reservation of Rights set forth in the Initial Interrogatory Responses ("**General Objections**") are incorporated herein by reference as if fully set forth herein.

2. The ACC notes that these responses are based on the First Amended Joint Plan of Reorganization filed on December 19, 2008, which has been superseded by the First Amended Joint Plan of Reorganization filed on February 27, 2009. To be clear, the following

{D0151795.1 }DOC# 325552

supplemental responses are based on the First Amended Joint Plan of Reorganization and the Plan Documents (as defined in the Plan) filed on February 27, 2009.

3. The ACC reserves the right to amend, supplement, correct, or clarify its responses if it obtains additional information.

## SUPPLEMENTAL SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 2**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the TDP excludes legitimate claims of Libby Claimants ("Libby Claims") by creating disease criteria that are not consistent with standard medical practice.

Objection: See General Objections. Additionally, the ACC objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal. The ACC also objects because this Interrogatory calls upon the ACC to prepare a trial brief. Furthermore, this Interrogatory is objectionable insofar as it calls upon the ACC to disclose witnesses in advance of the CMO's deadline of June 15, 2009, for serving final witness lists.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: The ACC may call Dr. Laura Welch as an expert to testify that the TDP's medical criteria are consistent with standard medical practice. In addition to Dr. Welch, the ACC may also call Dr. Gary K. Friedman, Dr. Gail Stockman, and Dr. Samuel P. Hammar as experts to rebut the opinions of Dr. Whitehouse, as more fully set forth in their respective expert witness reports.

**Interrogatory No. 13**

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that the Libby Claimants' rights against insurers require the Libby Claims

to be separately classified.

Objection: See General Objections. In addition, the ACC objects to this Interrogatory on the basis that it requires the ACC to answer a pure question of law. The ACC also objects to this Interrogatory insofar as it calls upon the ACC to disclose contentions, evidence, and witnesses it might employ for purposes of impeachment or rebuttal. Furthermore, the ACC objects because it calls upon the ACC to prepare a trial brief.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: The ACC may introduce into evidence at the confirmation hearings certain of Grace's insurance policies, depending on the type of evidence the Libby Claimants seek to introduce. The ACC may also introduce evidence showing that asbestos-contaminated vermiculite from the Libby mine was shipped to Grace expansion plants around the country, where workers were exposed to tremolite/actinolite asbestos in connection with the exfoliation process. Publicly-available information generated by the Agency for Toxic Substances and Disease Registry ("ATSDR") details the extent to which individuals outside of Libby were exposed to asbestos from Libby through the exfoliation process at expansion plants. *See*, *e.g.*, U.S. Department of Health and Human Services Agency for Toxic Substances and Disease Registry Division of Health Assessment, Summary Report, Exposure to Asbestos-Containing Vermiculite from Libby, Montana, at 28 Processing Sites in the United States, dated October 29, 2008, at 18-22 [hereinafter "**ATSDR Report**"]. In addition to the ATSDR Report and the sources cited therein, further information relating to the Grace exfoliation/expansion plants is provided in (1) the expert report of Dr. William E. Longo (at pages 17-19), which was served on the Libby Claimants on December 31, 2008; and (2) J.E. Lockey, *et al*., Pulmonary Changes After Exposure to Vermiculite Contaminated with Fibrous Tremolite, Am. Rev. Respir. Dis.,

129, at 952-58 (1984). The ACC may also introduce evidence, including testimony from Jay Hughes, Jeff Posner, and Dayton Prouty, showing that Grace received asbestos personal injury claims in the past from workers or other individuals who were exposed to asbestos at Grace-owned premises or to asbestos released from Libby-mined vermiculite at vermiculite expansion plants. Thus far, the Libby Claimants have not identified any evidence supporting their assertion that they would have access to insurance coverage that is different (in type or amount) from the coverage available to pay the cost of resolving claims brought by Grace claimants residing outside Lincoln County, Montana. Should the Libby Claimants identify any evidence supporting their contention on this point, the ACC reserves the right to supplement this answer.

**[Signatures on following pages]**

**FOR PURPOSES OF OBJECTIONS UNDER
FEDERAL RULE OF CIVIL PROCEDURE 33(b)(5):**

**CAMPBELL & LEVINE, LLC**

/s/ Mark T. Hurford
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Telefax: (302) 426-9947
meskin@camlev.com
mhurford@camlev.com

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY  10152-3500
Telephone: (212) 319-7125
Telefax: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Telefax: (202) 429-3301

*Counsel for the Official Committee
of Asbestos Personal Injury Claimants*

Dated: April 30, 2009

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I, John D. Cooney, am authorized and entitled to make this declaration on behalf of the W.R. Grace Official Committee of Asbestos Personal Injury Claimants ("**ACC**"), that I have read the above and foregoing Supplemental Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Gayla Benefield's Amended First Interrogatories Propounded upon Plan Proponents, that the facts and statements contained therein are either within my personal knowledge and are true and correct, or are based upon information supplied to me by others, including counsel for the ACC, and as such are true and correct to the best of my knowledge, information, and belief. In verifying the foregoing Supplemental Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Gayla Benefield's Amended First Interrogatories Propounded upon Plan Proponents, I have relied upon the assistance of counsel and the investigation they have undertaken to compile the information upon which these Objections and Answers are based and the statements contained therein. I, and the ACC, hereby reserve the right to modify, clarify, or supplement these discovery responses should new information warrant such modification, clarification, or supplementation.

_____
John D. Cooney

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | : | Case No. 01-1139 (JKF) |
| | : | Jointly Administered |
| Debtors-in-possession. | : | |

**SUPPLEMENTAL OBJECTIONS AND ANSWERS OF
OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY
CLAIMANTS TO YOKO CANNON'S AMENDED FIRST
INTERROGATORIES PROPOUNDED UPON PLAN PROPONENTS**

On December 23, 2008, the Libby Claimants served on the Official Committee of Asbestos Personal Injury Claimants ("**ACC**"), their "Amended First Interrogatories Propounded upon Plan Proponents" ("**Interrogatories**"). They subsequently amended their Interrogatories, so that Interrogatory Nos. 16 through 29 would be deemed to be propounded by Yoko Cannon of Libby, Montana. The ACC served objections and answers to those Interrogatories on February 23, 2009 ("**Initial Interrogatory Responses**"). Pursuant to Fed. R. Civ. P. 26(e)(1) and Fed. R. Bankr. P. 7026, the ACC hereby provides the following supplemental answer to Interrogatory No. 19, based on the best information now available to the ACC.

**GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**

1.    The General Objections and Reservation of Rights set forth in the Initial Interrogatory Responses ("**General Objections**") are incorporated herein by reference as if fully set forth herein.

2.    The ACC notes that these responses are based on the First Amended Joint Plan of Reorganization filed on December 19, 2008, which has been superseded by the First Amended Joint Plan of Reorganization filed on February 27, 2009. To be clear, the following

{D0151794.1 }DOC# 325548

supplemental responses are based on the First Amended Joint Plan of Reorganization and the Plan Documents (as defined in the Plan) filed on February 27, 2009.

3.   The ACC reserves the right to amend, supplement, correct, or clarify its responses if it obtains additional information.

## SUPPLEMENTAL SPECIFIC RESPONSES AND OBJECTIONS

### Interrogatory No. 19

Please state in detail your contentions, what proof you may offer at trial to prove such contentions and witnesses (expert and non-expert) that will testify thereto, concerning the Libby Claimants' objection that in violation of Section 1123(a)(4) of the Bankruptcy Code the Plan takes away the insurance rights of the Libby Claimants for premises coverage (i.e. liability coverage other than products/completed operations coverage), which are different and more valuable than the insurance rights of other Asbestos PI Claimants based on products coverage.

Objection: See General Objections. In addition, the ACC objects to this Interrogatory because it calls upon the ACC to prepare a trial brief.

Answer: Subject to, and without waiver of, the foregoing objections, the ACC answers as follows: The ACC may introduce into evidence at the confirmation hearings certain of Grace's insurance policies, depending on the type of evidence the Libby Claimants seek to introduce. The ACC may also introduce evidence showing that asbestos-contaminated vermiculite from the Libby mine was shipped to Grace expansion plants around the country, where workers were exposed to tremolite/actinolite asbestos in connection with the exfoliation process. Publicly-available information generated by the Agency for Toxic Substances and Disease Registry ("ATSDR") details the extent to which individuals outside of Libby were exposed to asbestos from Libby through the exfoliation process at expansion plants. *See*, *e.g.*, U.S. Department of Health and Human Services Agency for Toxic Substances and Disease Registry Division of Health Assessment, Summary Report, Exposure to Asbestos-Containing Vermiculite from Libby, Montana, at 28 Processing Sites in the United States, dated October 29,

2008, at 18-22 [hereinafter "**ATSDR Report**"].  In addition to the ATSDR Report and the sources cited therein, further information relating to the Grace exfoliation/expansion plants is provided in (1) the expert report of Dr. William E. Longo (at pages 17-19), which was served on the Libby Claimants on December 31, 2008; and (2) J.E. Lockey, *et al*., <u>Pulmonary Changes After Exposure to Vermiculite Contaminated with Fibrous Tremolite</u>, Am. Rev. Respir. Dis., 129, at 952-58 (1984).  The ACC may also introduce evidence, including testimony from Jay Hughes, Jeff Posner, and Dayton Prouty, showing that Grace received asbestos personal injury claims in the past from workers or other individuals who were exposed to asbestos at Grace-owned premises or to asbestos released from Libby-mined vermiculite at vermiculite expansion plants.  Thus far, the Libby Claimants have not identified any evidence supporting their assertion that they would have access to insurance coverage that is different (in type or amount) from the coverage available to pay the cost of resolving claims brought by Grace claimants residing outside Lincoln County, Montana.  Should the Libby Claimants identify any evidence supporting their contention on this point, the ACC reserves the right to supplement this answer.

**[Signatures on following pages]**

**FOR PURPOSES OF OBJECTIONS UNDER
FEDERAL RULE OF CIVIL PROCEDURE 33(b)(5):**

**CAMPBELL & LEVINE, LLC**

/s/ Mark T. Hurford
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Telefax: (302) 426-9947
meskin@camlev.com
mhurford@camlev.com

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY  10152-3500
Telephone: (212) 319-7125
Telefax: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Telefax: (202) 429-3301

*Counsel for the Official Committee
of Asbestos Personal Injury Claimants*

Dated:  April 30, 2009

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I, John D. Cooney, am authorized and entitled to make this declaration on behalf of the W.R. Grace Official Committee of Asbestos Personal Injury Claimants ("**ACC**"), that I have read the above and foregoing Supplemental Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Yoko Cannon's Amended First Interrogatories Propounded upon Plan Proponents, that the facts and statements contained therein are either within my personal knowledge and are true and correct, or are based upon information supplied to me by others, including counsel for the ACC, and as such are true and correct to the best of my knowledge, information, and belief. In verifying the foregoing Supplemental Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Yoko Cannon's Amended First Interrogatories Propounded upon Plan Proponents, I have relied upon the assistance of counsel and the investigation they have undertaken to compile the information upon which these Objections and Answers are based and the statements contained therein. I, and the ACC, hereby reserve the right to modify, clarify, or supplement these discovery responses should new information warrant such modification, clarification, or supplementation.

_____
John D. Cooney