IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.* | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | Related Docket Nos. 21428 |
| | ) | Objection Deadline: May 8, 2009 |
| | ) | Hearing Date: May 14, 2009 |

## DEBTORS' RESPONSE TO LIBBY CLAIMANTS' MOTION(A) TO AMEND PLAN CONFIRMATION CASE MANAGEMENT ORDER AND (B) TO POSTPONE PHASE II OF THE CONFIRMATION HEARING

The Libby Claimants' motion to amend this Court's Case Management Order and postpone Phase II of the confirmation hearing is baseless and should be denied. Claimants' assertion that the schedule must be altered because they are "in the dark" regarding Debtors' contentions borders on the frivolous. Debtors have repeatedly stated their position regarding the Libby Claimants' objections in filings with the Court and through discovery. Moreover, the detailed disclosure claimants seek through lengthy contention interrogatories served at the outset of discovery constitutes a blatant attempt to circumvent the Court's Case Management Order by requiring burdensome responses outlining all of the facts and legal theories underlying the Plan Proponents' contentions before the deadline this Court set for the exchange of expert reports and trial briefs. Indeed, even absent such an express order, such discovery would be inappropriate. Generally, such interrogatories are appropriate only *after* discovery has been completed.

Likewise, there is no basis to alter the schedule to accommodate deposition discovery. No party has made this assertion other than the Libby Claimants. Moreover, claimants' objection is particularly egregious given that the majority of the depositions have been noticed by the Libby Claimants themselves, who seek to depose 17 (and perhaps as many as 28) of their own clients whose testimony cannot possibly be relevant in the confirmation proceedings. The

Debtors have separately moved to bar those depositions. But, even in the unlikely even that the Court orders the depositions to proceed, they are scheduled to be completed during the time frame contemplated by the Court's Case Management Order.

Finally, there is *no basis* to postpone the confirmation hearing. Even if the Court's discovery deadlines could not be met (they can), there is no reason discovery cannot be completed in advance of the confirmation hearing, which is scheduled to occur *nearly three months* after the current discovery deadline.

At bottom, claimants' motion is merely the latest attempt to delay and obstruct these proceedings. The schedule contained in the Court's Case Management Order was the result of extensive negotiation among all parties and significant consideration by the Court. Claimants ask the Court to extend that schedule after purposefully seeking to undermine it by serving extensive contention interrogatories at the outset of discovery that are contrary to the Court's Case Management Order and noticing a series of depositions that can have no possible relevance to the confirmation proceedings.[1] Debtors do not object to claimants' request that the schedule be amended to include a briefing schedule for *Daubert* motions[2]; that request can be accomplished within the current Case Management Order. Claimants' motion, however, should

---

[1] In addition, the Libby Claimants have engaged the parties in a needless discovery dispute by failing to produce the reliance materials for their expert, Dr. Alan Whitehouse, in violation of Rule 26 and this Court's Case Management Order. The parties have moved separately to strike Dr. Whitehouse's testimony. (*See* Mot. to Strike Whitehouse Expert Report, Or Alternatively, Compel the Production of Documents and Databases on Which He Relies and For Entry of a Confidentiality Order, 4/9/09 (Docket No. 21245), at 13.)

[2] As the Libby Claimants acknowledge, "[t]he parties have agreed in principle to establish a Daubert briefing schedule." (Mot. at 1 n.3.) The Debtors would be agreeable to the following schedule or any reasonable schedule to which the Plan Proponents and the Libby Claimants may agree: July 1, 2009 for the filing of initial *Daubert* briefs, and July 13 for the filing of responses, with a hearing to occur at the Phase II pre-trial hearing scheduled for July 20, 2009.

be rejected to the extent it seeks any extension of the deadlines already set by the Court or "postponement" of the confirmation hearing.

I. **Claimants' Assertion That The Schedule Must Be Amended Because They Are Allegedly Unaware Of Debtors' Position Regarding Claimants' Objections Is Baseless.**

The Court's Case Management Order specifically provides for the exchange of information regarding the parties' various contentions regarding the proposed Plan and objections. The Court provided that all parties would file their initial expert reports on Phase II issues on December 31, 2008. Under the Second Amended Case Management Order, supplemental expert reports were filed on March 16, 2009. Finally, the Debtors and other Plan Proponents provided their rebuttal expert reports on April 6, 2009.

The CMO provided that the Debtors and other Plan Proponents would be required to file trial briefs outlining their responses to the various objections only after document and expert discovery were completed, setting a deadline of August 7, 2009 for the Plan Proponents to file their trial briefs. As claimants acknowledge, the Court's Case Management Order expressly excluded their proposal to require the Plan Proponents to file Preliminary Responses to each Preliminary Objection before full discovery was completed. (*See* Mot. at 2.)

Nonetheless, the Libby Claimants have sought to circumvent the Court's Case Management Order and impose the exact same requirement that was expressly excluded by serving the Debtors and other Plan Proponents with extensive contention interrogatories at the outset of the proceedings. On December 23, 2008, the Libby Claimants served Plan Proponents with 29 contention interrogatories containing 87 separate subparts. (*See* Claimants' Interrogs., Ex. A to Mot.) These interrogatories are broadly worded and purport to require Debtors and other Plan Proponents to disclose "in detail" all of their contentions in response to claimants' objections, including "what proof [they] may offer at trial to prove such contentions" during the

confirmation hearings in advance of this Court's deadlines for the various expert reports and August 7, 2009 deadline for the Debtors' and other Plan Proponents' trial briefs. (*See, e.g.,* Claimants' Interrogs., Ex. A to Mot.) These interrogatories constitute a blatant attempt to circumvent the schedule in the Court's Case Management Order, and as is apparent from the present motion, ultimately undermine it. In essence, the Libby Claimants seek to further delay the proceedings by faulting Debtors and other Plan Proponents for allegedly failing to cooperate in claimants' attempt to circumvent and disobey this Court's carefully-crafted case management schedule.

Even absent this Court's express order, claimants' contention interrogatories would be improper. Generally, such interrogatories are appropriate only at "the *end* of the discovery period." *B. Brawn Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1996) (emphasis added); *see also Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 111 (D.N.J. 1990) (defendants need not answer contention interrogatories when "discovery [was] still in its infancy," reasoning that "judicial economy as well as efficiency for the litigants dictate that contention interrogatories are more appropriate after a substantial amount of discovery has been conducted").[3] Yet, the Libby Claimants have demanded responses at the *outset* of the parties' discovery, claiming that they cannot proceed with discovery until the Debtors and other Plan

---

[3] *See also, e.g., Shannon v. N.Y. City Transit Auth.*, 2001 WL 286727, at *3 (S.D.N.Y. Mar. 22, 2001) (contention interrogatories premature where only document discovery had occurred); *Conopco, Inc. v. Warner-Lambert Co.*, 2000 WL 342872, at *4 (D.N.J. Jan. 26, 1999) (contention interrogatories need not be answered until later in proceedings because answering would require party to "set forth theories of its case that have not yet been developed"); *Brown v. United States*, 179 F.R.D. 101, 105 (W.D.N.Y. 1998) ("Courts . . . will often defer ordering answers to contention interrogatories until the end of discovery."); *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (denying motion to compel answers to contention interrogatories because "substantial discovery . . . remains to be completed"); *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D. Pa. 1992) (denying motion to compel responses to contention interrogatories because "substantial discovery remains to be conducted"); *Roth v. Bank of Commonwealth*, 1988 WL 43963, at *5 (W.D.N.Y. May 4, 1988) (contention interrogatories "need not be answered until the substantial completion of pretrial discovery"); *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 338 (N.D. Cal. 1985) (limiting the use of contention interrogatories early in the case); Fed. R. Civ. P. 33(c) ("the court may order that [a contention] interrogatory need not be answered until after designated discovery has been completed").

Proponents provide "detailed preliminary contentions" that outline all the "factual and legal" grounds supporting their positions in this case. (*See* Mot. at 1, 3-4.) There is simply no basis for claimants' assertion that it would be "unfair" to make them proceed with discovery before opposing parties answer their detailed contention interrogatories (*see* Mot. at 4) when, in fact, such interrogatories are generally appropriate only *after* discovery is completed.

Moreover, the sweeping interrogatories claimants have propounded are improper on their face. "[T]he early knee jerk filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse." *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985); *see also Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D. Pa. 1992) (same). "Interrogatories should not require the answering party to provide a narrative account of its case." *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-05 (D. Kan. 1998). "The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for every fact which supports identified allegations or defenses." *Id.* However, by their own admission, that is exactly what the Libby Claimants have done here, "serv[ing] contention interrogatories on the Plan Proponents that substantially followed the Libby Claimants' Preliminary Objections." (Mot. at 2.)

In any event, the Debtors and other parties have *not* "fail[ed] to provide responses" (Mot. at 1) or inadequately responded to the interrogatories (*id.* at 4-5), as claimants allege. The Libby Claimants assert that Plan Proponents' responses were inappropriate, but the only example they cite are responses that identify "certain experts to refute the Libby Claimants' contentions." (Mot. at 3.) However, responding to such interrogatories by identifying the experts whose analysis will support Debtors' contentions on a particular topic is perfectly

5

appropriate, particularly at this stage in the proceedings. *See, e.g., Moore U.S.A., Inc. v. Standard Register Co.*, 2000 WL 876884, at *4 (W.D.N.Y. May 26, 2000) (denying motion to compel further response to interrogatory where party pledged to supplement answer with expert analysis given the stage of the proceeding); *see also Barrett v. Ambient Pressure Diving, Ltd.*, 2008 WL 141903, at *1 (D.N.H. Jan. 11, 2008) (denying motion to compel further response to interrogatories where party disclosed expert reports responsive to the questions). Moreover, claimants now have Plan Proponents' expert reports, which provide the detailed responses they assert are lacking in the Plan Proponents' interrogatory responses. At bottom, claimants seek to fault the Debtors and other Plan Proponents for refusing to make expert disclosures weeks before the Court's deadline and for failing to copy their expert reports into their interrogatory responses once the reports were completed.

More fundamentally, the Libby Claimants' suggestion that they cannot proceed with the current schedule because they are "in the dark" and "fly[ing] blind" regarding the Debtors' and other Plan Proponents' contentions regarding their objections to the proposed Plan (Mot. at 5-6) is refuted by the record in these proceedings. As a threshold matter, the Plan Proponents' contentions regarding the Libby Claimants' positions were the subject of extensive analysis during the estimation proceedings.[4] The Libby Claimants objections to the proposed Plan are based on the same allegations they made in the prior proceedings—i.e., the theory that the Libby Claimants suffer from a unique "Libby asbestos disease" or asbestos-related disease with its own unique disease process. (*See* Libby Claimants' Prelim. Objections to First Am. Joint Chapter 11 Plan, 12/22/08 (Docket No. 20313), at 1, 3; Libby Claimants' Objection to

---

[4] While the Libby Claimants' contentions were never tried in the estimation proceedings because they agreed to be bound by the outcome, the parties filed several expert reports with respect to Libby issues and took numerous depositions regarding these issues.

6

Debtors' Disclosure Statement for Joint Plan of Reorganization and Approval Mot., 10/17/08 (Docket No. 19803), at 10-14.) Claimants seek to support these objections using the same expert analysis that they submitted earlier in the case during the estimation proceedings by the same witness, Dr. Alan Whitehouse. The Libby Claimants are fully aware of the Debtors' and other Plan Proponents' contentions regarding Dr. Whitehouse's opinions, which were critiqued in a series of reports by various experts (including many of the same experts identified in the Debtors' and other parties' interrogatory responses), who uniformly concluded that Dr. Whitehouse's opinions were "flawed and unreliable." (4/9/09 Friedman Report at 6-7, 9, Docket No. 21205; *see also* 4/6/09 Welch Report at 5, 18-19, Docket No. 21205 (Whitehouse opinions "not valid"); 4/6/09 Stockman Report at 7, 17, Docket No. 21205 (Dr. Whitehouse's "conclusions are at best meaningless, and at worse, deceptive"); 4/6/09 Parker Report at 10, Docket No. 21221 (disputing Dr. Whitehouse's contention that there is "a unique or distinct pattern of lung injury from exposure to tremolite or amphibole contaminants within the Libby vermiculite.").)

   Moreover, the Libby Claimants have received significant additional information regarding the Plan Proponents' contentions during the current proceedings in preparation for the confirmation hearing. On February 27, 2009, the Debtors filed a 123-page proposed Chapter 11 Plan and 182-page Disclosure Statement along with numerous accompanying exhibits setting forth in detail their approach to resolving this Chapter 11 case. That proposed Plan was the culmination of a process that began months earlier when the Debtors filed their first proposed Plan with the Court on September 19, 2008.

   As the Libby Claimants acknowledged, the parties have subsequently exchanged "numerous expert reports" pursuant to the schedule set forth in the Court's Case Management

Order. (Mot. at 4.) These reports contain extensive analysis and discussion of the Plan Proponents' views regarding the claimants' objections. (*See* PI Committee Notice of Filing of Rebuttal Expert Reports by Laura S. Welch, Samuel P. Hammar, Gail D. Stockman, and Gary K. Friedman 4/6/09, Docket No. 21205; 4/6/09 Thomas Florence Rebuttal Report, Docket No. 21212; 4/6/09 Daniel Henry Expert Report Docket No. 21209; 4/6/09 Suresh Moolgavkar Rebuttal Report Docket No. 21211; 4/6/09 Howard Ory Rebuttal Report Docket No. 21210; 4/6/09 David Weill Rebuttal Report Docket No. 21220; 4/6/09 John Parker Rebuttal Report Docket No. 21221.) In addition, the Debtors, the ACC, and the FCR have all agreed to significant fact and Rule 30(b)(6) depositions at which claimants may obtain additional information regarding numerous topics, including the Plan, the Asbestos PI Trust, the associated injunctions, liquidation analysis, claims history, the rights of various other creditors, and insurance issues. (*See* 4/25/09 B. Harding letter and chart designating witnesses, Ex. B; Notice of Deposition of Asbestos PI Committee Pursuant to Rule 30(b)(6), 4/28/09, Docket No. 21454, Ex. C; Notice of D. Austern Dep., 4/28/09, Docket No. 21465.) Thus, claimants' assertion that they are "in the dark" regarding Debtors' contentions is simply baseless.

## II. There Is No Need To Extend The Schedule To Accommodate Deposition Discovery.

Likewise, there is no need to amend the schedule to further accommodate deposition discovery. No party other than the Libby Claimants has made such a request, and there is no reason to believe that depositions cannot be scheduled consistent with the current deadlines. As the Libby Claimants acknowledge, the depositions are in fact being scheduled, and there is currently no indication that there will be any problem under the current schedule. (Mot. at 3.)

However, were there a problem, it would be one of claimants' own making. As they acknowledge in their motion, they have designated far more witnesses than any of the Plan

8

Proponents (40 out of a total of 66). (*See* Mot. at 3.) Moreover, as is addressed more fully in Debtors' April 30, 2009 Motion for Protective Order And Objection To Libby Claimants' Deposition Notices, the vast majority of these witnesses cannot possibly offer any testimony that is relevant to the confirmation proceedings. (*See* Docket No. 21495.) As the Debtors observe in their motion, the Libby Claimants have noticed the depositions of 17 individual claimants (who are their own clients) in order to "preserve" their testimony and have designated a total of 28 individual claimants to testify during the confirmation proceedings. For the reasons stated in the Debtors' motion, individual claimants' testimony is completely irrelevant to the issues the Court must address during the confirmation proceedings. Accordingly, Debtors have requested that such depositions be barred and such testimony excluded, which would also eliminate this excuse the Libby Claimants have simply manufactured for the purpose of delaying the confirmation hearing.

### III.  There Is No Basis To "Postpone" The Confirmation Hearing.

In any event, there is *absolutely no basis* for claimants' request that the confirmation hearing be "postponed." Even if plaintiffs had any basis to request the discovery they are seeking (they do not) and even if that discovery could not be completed by the June 15 discovery deadline (it can), there is no basis to postpone the confirmation hearing, which is scheduled to occur *nearly three months later*. Any discovery that is not completed by June 15 could easily be accommodated during the three months prior to the September 8, 2009 confirmation hearing.

Moreover, "postponing" that hearing would severely prejudice the Debtors and other parties, including the Libby Claimants themselves. The Court has specifically set aside that week to preside over the confirmation proceedings. Postponing the hearing would mean that the proceedings might not be completed until 2010. The fact that claimants have even asked for such relief demonstrates that their motion has no good faith basis.

9

## CONCLUSION

For the foregoing reasons, Debtors respectfully request that the Court deny the Libby Claimants' motion to amend the Court's Case Management Order and postpone the confirmation hearing.

Dated: May 8, 2009                                    Respectfully submitted,

                                                KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Barbara M. Harding
Brian T. Stansbury
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5200

-and-

THE LAW OFFICES OF JANET S. BAER P.C.
Janet S Baer P.C.
70 W. Madison St., Suite 2100
Chicago, IL 60602
(312) 641-2162

-and-

11

PACHULSKI, STANG, ZIEHL, & JONES LLP

_/s/ James E. O'Neill_
Laura Davis Jones (#2436)
James E. O'Neill (#4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:   (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession