# Exhibit B

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

To Call Writer Directly:
(202) 879-5081
bharding@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

April 25, 2009

Subject:    Designation of Witnesses in response to OneBeacon America
Insurance Company ("OneBeacon"), Seaton Insurance Company
("Seaton"), Government Employees Insurance Company ("GEICO"),
Columbia Insurance Company f/k/a Republic Insurance Company
("Columbia"), Fireman's Fund Insurance Company, Allianz S.p.A.,
f/k/a Riunione Adriatica di Scurta (collectively, "FFIC"), Travelers
Casualty and Surety Company, f/k/a The Aetna Casualty and Surety
Company ("Travelers"), Allstate Insurance Company ("Allstate"),
CNA, Libby Claimants, and London Market Companies Deposition
Notices of W.R. Grace et Co., et al. (*In re W.R. Grace & Co., et al.*,
Bankruptcy Case No. 01-01139 (JKF)).

Dear Counsel:

Pursuant to Rule 30 of the Federal Rules of Civil Procedure (F.R.C.P.), made applicable
in these proceedings by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure,
Debtors W.R. Grace & Co. et al. (hereinafter "Grace") have objected to the notices of deposition
served by the above captioned parties seeking Rule 30(b)(6) testimony from Grace. Debtors'
Objection to Notices of Deposition of W.R. Grace & Co. et al. Pursuant to Rule 30(b)(6).
(Docket No. 21312). Grace has objected to the deposition notices on the grounds that they
purport to seek legal conclusions, information prepared in anticipation of litigation, information
obtained by or on behalf of counsel for Grace in preparation for trial, information protected by
the work product privilege, information protected by the attorney/client privilege, information
protected by the common interest privilege, information protected by Federal Rule of Evidence
408, and/or information otherwise beyond the permissible scope of discovery as set forth in the
Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Federal Rules of
Bankruptcy Procedure or this Court's rules.

Pursuant to Rule 30 of the Federal Rules of Civil Procedure and subject to and without
waiving any of its objections and all other claims of privilege, Grace has designated Richard
Finke, Jay Hughes, and Hudson La Force to serve as witnesses in response to the above
captioned Rule 30(b)(6) notices. *See* Attachment A. With such designations, Grace hereby
retracts Mark Shelnitz and Jeff Posner as designated witnesses for these Rule 30(b)(6)

# KIRKLAND & ELLIS LLP

April 25, 2009
Page 2

depositions.  In accordance with F.R.C.P. 30(d)(1), Grace shall make each witness available for one (1) day of seven (7) hours.  The designated witnesses will respond to questions relating to Rule 30(b)(6) subject matters and other factual inquiries relevant to Phase I and II of these proceedings.  *See* Attachment A.

Sincerely,

Barbara M. Harding

BHH/kfl

**WR Grace / Confirmation Hearing 30(b)(6) Deposition Notice**

Witness Designations

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| Anderson Memorial Hospital | The interpretation of the sales information attached to Anderson Memorial Hospital's ZAI Proof of Claim Form, including billing registers, and all information contained therein | Richard Finke |
| Travelers and Allstate | 1. The treatment of the Travelers 1992 Agreement under the Revised Joint Plan | Richard Finke |
| | 2. The treatment of the Travelers 1996 Agreement under the Revised Joint Plan | Richard Finke |
| | 3. The treatment of the Allstate 1994 Agreement under the Revised Joint Plan | Richard Finke |
| | 4. The treatment of the Allstate 1996 Agreement under the Revised Joint Plan | Richard Finke |
| | 5. The provisions of the Revised Joint Plan that relate to Asbestos Insurance Settlement Agreements, including, without limitation, Sections 1.1(14), 1.1(16), 1.1(200), 7.7, 7.13, 7.15, 8.4.1, 9.1 and Exhibit 6 (Asbestos Insurance Transfer Agreement) | Richard Finke |
| | 6. The provisions of the Revised Joint Plan that relate to Asbestos Insurance Reimbursement Agreements, including, without limitation, Sections 1.1(9), 1.1(16), 7.2.2(d)(iv), 7.7, 7.13, 7.15, 9.1 and Exhibit 6 (Asbestos Insurance Transfer Agreement) | Richard Finke |
| | 7. The provision of the Revised Joint Plan that relate to Indirect PI Trust Claims, including, without limitation, Section 1.1(138) and Exhibit 4 (Trust Distribution Procedures) | Richard Finke |
| | **SUPPLEMENTAL NOTICE** | |
| | 1. The provisions of the Revised Joint Plan that relate to Asbestos PD Claims and Indirect PD Trust Claims, including, without limitation, Sections 1.1(18), 1.1(137), 3.1.7, Exhibit 3 (Asbestos PD Trust Agreement), and Exhibit 25 (Class 7A CMO) Trust Distribution Procedures | Richard Finke |
| | 2. The classification of Travelers as a Class 7A creditor and solicitation of Class 7A claims | Richard Finke |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | 3. The treatment and/or payment, pursuant to the Revised Joint Plan, of claims for indemnification arising under the Travelers 1992 Agreement arising from Asbestos PD Claims | Richard Finke |
| | 4. The treatment and/or payment, pursuant to the Revised Joint Plan, of claims for indemnification arising under the Travelers 1996 Agreement arising from Asbestos PD Claims | Richard Finke |
| OneBeacon, Seaton, GEICO, Columbia | A. Classification and treatment of Indirect PI Trust Claims, including "Indemnified Insurer TDP Claims" and "Insurance-Related TDP Claims" as those terms are used in Sections 5.13 and 5.12 respectively of the Asbestos PI Trust Distribution Procedures | Richard Finke |
| | B. Bases for the classification of certain contractual indemnity claims held by Settled Asbestos Insurance Companies as Class 6 Asbestos PI Claims | Richard Finke |
| | C. Bases for the classification and treatment of non-asbestos-related contractual indemnity claims held by Settled Asbestos Insurance Companies as Class 9 General Unsecured Claims | Richard Finke |
| | D. Scope and operation of the Asbestos PI Channeling Injunction | Richard Finke |
| | E. Scope and Operation of the Asbestos Insurance Entity Injunction and Successor Claim Injunction | Richard Finke |
| | F. Scope and operation of Section 7.15 of the Plan entitled, "Insurance Neutrality", and any other purported insurance neutrality provisions in the Plan or Plan Documents | Richard Finke |
| | G. Operation of the Asbestos PI Trust Agreement and Asbestos PI Trust Distribution Procedures | Jay Hughes |
| | H. Bases for Settled Asbestos Insurance Company designations appearing in Exhibit 5 to the Exhibit Book | Richard Finke |
| | I. Scope and bases for releases and exculpation provisions in the Plan | Richard Finke |
| | J. The scope, operation, and necessity of the findings of fact, conclusions of law, orders, and decrees | Richard Finke |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | set forth in Section 7.7 of the Plan | Richard Finke |
| | K. The impact of the Plan and Plan Documents on the claims asserted, threatened, or that may later be asserted by Scotts, BNSF, the Libby Claimants, and/or Kaneb against the Debtors and/or any Asbestos Insurance Entity | Richard Finke |
| | L. The criteria used to select the Asbestos PI Trustees and the Asbestos PI TAC | Richard Finke |
| | M. The business background, experience, and qualifications of the individuals selected to be the Asbestos PI Trustees and the members of the Asbestos PI TAC | Richard Finke |
| | N. The respective powers and authority conferred upon the Asbestos PI Trustees, Asbestos PI TAC, and the Asbestos PI FCR under the Plan and Plan Documents including, but not limited to , the Asbestos PI Trust Agreement, Asbestos PI Trust Distribution Procedures, and the Asbestos Insurance Transfer Agreement | Richard Finke |
| | O. The respective roles of the Asbestos PI Trustees, Asbestos PI TAC, and the Asbestos PI FCR in the evaluation, handling, defense and settlement/resolution of Asbestos PI Claims under the Plan and Plan Documents | Richard Finke |
| | P. the role, if any, of the Asbestos Insurance Entities in the evaluation, handling, defense and settlement/resolution of Asbestos PI Claims under the Plan and Plan Documents | Richard Finke |
| | Q. The scope of the Asbestos Insurance Rights that are to be transferred or assigned to the Asbestos PI Trust pursuant to the Asbestos Insurance Transfer Agreement, and any other Plan Documents | Richard Finke |
| | R. The impact of the Plan and Plan Documents on the respective rights and duties of the Debtors and Asbestos Insurance Entities under the Asbestos Insurance Policies | Richard Finke |
| | S. The impact of the Plan and Plan Documents on subsequent coverage litigation between the Asbestos PI Trust (or the Debtors) and Asbestos Insurance Entities including, but not limited to, Non- | Richard Finke |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | Settled Asbestos Insurance Companies | |
| | T. The nature and value of the Asbestos PI Trust Assets to be used to fund the Asbestos PI Trust | Hudson La Force |
| Fireman's Fund Insurance Co. (re *Surety Bond Issues*) | U. The Plan's compliance with Section 524(g) of the Bankruptcy Code, as well as other applicable provisions of the Bankruptcy Code | Richard Finke |
| | 1. The classification and treatment of the Proofs of Claim under the Plan (including, to the extent applicable, the TDPs) | Richard Finke |
| | 2. The classification and treatment of the Supersedeas Bond Claim under the Plan (including, to the extent applicable, the TDPs) | Richard Finke |
| | 3. The extent to which the claims asserted in the Proofs of Claim are "Pre-Petition Liquidated Claims" subject to treatment under § 5.2 of the TDPs | Richard Finke |
| | 4. The extent to which the Supersedeas Bond Claim is "Pre-Petition Liquidated Claim" | Richard Finke |
| | 5. The actual, expected, and/or intended effect of excluding Indirect PI Trust Claims that are Pre-Petition Liquidated Claims from § 5.6 of the TDPs | Richard Finke |
| | 6. The meaning and operation of § 5.2 of the TDPs in respect of Pre-Petition Liquidated Claims | Richard Finke |
| | 7. The meaning of the phrase "provided there is no supersedeas bond associated with such verdict or judgment…" in § 5.2(a)(ii) of the TDPs, as well as how this phrase works in relation to § 5.2(b) of the TDPs | Richard Finke |
| | 8. The extent to which the Supersedeas Bond Claim is an Indirect PI Trust Claim, a Class 6 Claim, or a Class 9 Claim | Richard Finke |
| | 9. Debtors' contentions, if any, regarding whether FFIC may setoff any obligations it may owe to Grace under liability insurance policies issued or allegedly issued by FFIC to W.R. Grace & Co., et | Richard Finke |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | al., against Grace's obligations to FFIC under the Special Surety Indemnification Agreement, and the bases for any such contentions | |
| | 10. Debtors' pre-petition payment or funding for the payment of Asbestos Claims, such as judgments, settlements, and litigation costs, from sources other than liability insurance | Jay Hughes |
| | 11. The actual, expected, and/or intended impact, if any, of Plan Confirmation on the Special Surety Indemnification Agreement, the Supersedeas Bond, and the Supersedeas Bond Claim, including whether or not Reorganized Debtors will retain the Debtors' obligations under the Special Surety Indemnification Agreement and who, if not Reorganized Debtors, will succeed to or assume such obligations | Richard Finke |
| | 12. The actual, expected, and/or intended impact, if any, of Plan Confirmation on <u>W.R. Grace & Co. v. Aaron Clifton Edwards, et al.</u>, No. 06-00-00112-CV (Tex. App., 6th Appellate Dist.), and the claims asserted in the Proofs of Claim | Jay Hughes |
| Fireman's Fund Insurance Co. and Allianz | 1. The drafting, negotiation, scope and operation of the Plan, the Asbestos PI Trust Agreement and the Asbestos PI Trust Distribution Procedures, including efforts to (i) involve Asbestos Insurance Entities in the negotiation and/or drafting of the Plan, the Asbestos PI Trust Distribution Procedures, or the Asbestos PI Trust Agreement, or (ii) obtain the consent of the Asbestos Insurance Entities to the Plan, the Asbestos PI Trust Distribution Procedures, and the Asbestos PI Trust Agreement | Richard Finke |
| | 2. The scope and operation of the Asbestos Insurance Entity Injunction and Successor Claims Injunction | Richard Finke |
| | 3. The scope and operation of the Asbestos PI Channeling Injunction, including but not limited to, the effect of the Asbestos PI Channeling Injunction on claims against Settled Asbestos Insurance Companies | Richard Finke |
| | 4. The bases for designating an Asbestos Insurance Entity as a Settled Asbestos Insurance Company | Richard Finke |
| | 5. The selection, qualification, and experience of the proposed Asbestos PI Trustees and the proposed | Richard Finke |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | Asbestos PI Trust Advisory Committee members | Richard Finke |
| | 6. Compensation or other financial arrangements between or among any of the proposed Asbestos PI Trustees, Asbestos PI Trust Advisory Committee members or members of the Asbestos PI Committee in respect of the negotiation, drafting or contemplated operation of the Asbestos PI Trust | Richard Finke |
| | 7. The value of the Warrants | Hudson La Force |
| | 8. The meaning and operation of Section 7.15 of the Plan, including the interaction of Section 7.15 with Sections 8.1.1, 7.13, 7.7(uu), and 7.7(tt) and the Asbestos Insurance Transfer Agreement | Richard Finke |
| | 9. The meaning of the phrase "any defense that the Plan or any of the Plan Documents do not comply with the Bankruptcy Code" in Section 1.1(16) (definition of "Asbestos Insurer Coverage Defenses") | Richard Finke |
| | 10. The impact, if any, of Plan Confirmation on Non-Settled Asbestos Insurance Companies, including:<br><br>a) Whether and to what extent the Reorganized Debtors retain the Debtors' obligations under Asbestos Insurance Policies;<br><br>b) Whether the Asbestos PI Trust assumes the obligations of the Debtors under the Asbestos Insurance Policies;<br><br>c) The application of the exculpation provision of Section 11.9 of the Plan;<br><br>d) Whether the Plan will act as a settlement or judgment that will immediately trigger a payment obligation under the Asbestos Insurance Policies issued by the Non-Settled Asbestos Insurance Companies;<br><br>e) Whether the Non-Settled Asbestos Insurance Companies' indemnity obligations will be triggered due to the establishment of the Asbestos PI Trust and transfer of assets to the Trust;<br><br>f) Whether the Non-Settled Asbestos Insurance Companies' indemnity obligations for any Asbestos PI Claim will accrue or be triggered prior to the payment of an Asbestos PI Claim by Asbestos PI Trust;<br><br>g) Whether and how the Plan and Plan Documents can be used in subsequent Asbestos Insurance Actions or other proceedings by the Asbestos PI Trust or the Debtors against Non-Settled Asbestos | Richard Finke |

6

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | Insurance Companies; | |
| | h) The role, if any, the Non-Settled Asbestos Insurance Companies will have in the evaluation, defense, allowance, or settlement of Asbestos PI Claims channeled to or submitted to the Asbestos PI Trust; | |
| | i) Whether, and to what extent, the Non-Settled Asbestos Insurance Companies will be responsible for paying all or part of any Asbestos PI Claim resolved by the Asbestos PI Trust pursuant to the Asbestos PI Trust Distribution Procedures or for indemnifying the Asbestos PI Trust for any payment it makes on account of Asbestos PI Claims | |
| | 11. The Debtors' duties and obligations with respect to any Asbestos Insurance Policies upon the transfer of the Asbestos Insurance Rights to the Asbestos PI Trust | Richard Finke |
| | 12. The meaning and scope of the definition of Indirect PI Trust Claims, including whether, and to what extent, claims by Asbestos Insurance Entities for indemnification and/or contribution from Debtors for claims asserted against them, such as, by illustration, the Libby Claimants, or The Scotts Company, LLC, or BNSF Railway Company (or its predecessors) | Richard Finke |
| | 13. The treatment of Indirect PI Trust Claims by the Plan and the Plan Documents | Richard Finke |
| | 14. The basis for classification and treatment of an Asbestos Insurance Entity's Asbestos Claims against the Debtors for indemnification arising from contract or otherwise as Class 6 Asbestos PI Claims | Richard Finke |
| Maryland Casualty Co., Zurich Insurance Co., and Zurich International | 1. The scope of protection provided to Settled Asbestos Insurance Companies by the Asbestos PI Channeling Injunction and the scope of Debtors' indemnity obligations under the respective Asbestos Insurance Settlement Agreements | Richard Finke |
| | 2. The viability of the Plan if the Court upholds any objections to the application of the Asbestos PI Channeling Injunction to one or more of the Settled Asbestos Insurance Companies | Richard Finke |
| | 3. The Plan's treatment of any Settled Asbestos Insurance Companies who are found by the Court to have discrete, unsettled coverage under an otherwise settled policy | Richard Finke |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | 4. The intended scope of Debtors' indemnity obligations under the MCC Settlement Agreements | Richard Finke |
| | 5. The Plan Proponents' position that Settled Asbestos Insurance Companies are not creditors | Richard Finke |
| | 6. The impact of the Plan and Plan Documents on the claims asserted, threatened, or that may later be asserted by Scotts, BNSF, and/or the Libby Claimants, against the Debtors and/or any Asbestos Insurance Entity | Richard Finke |
| | 7. The bases for the classification of certain indemnity claims arising from contract or otherwise, against the Debtors held by Settled Asbestos Insurance Companies as Class 6 Asbestos PI Claims | Richard Finke |
| | 8. The classification and treatment under the Plan of Asbestos Insurance Entities' claims against the Debtors for indemnification arising from contract or otherwise which are not Indirect PI Trust Claims | Richard Finke |
| | 9. The scope and operation of the Asbestos PI Channeling Injunction, including but not limited to, the effect of the Asbestos PI Channeling Injunction on claims against Settled Asbestos Insurance Companies | Richard Finke |
| | 10. The Plan's compliance with section 524(g) of the Bankruptcy Code | Richard Finke |
| | 11. The meaning and scope of the indirect PI Trust Claims, including whether, and to what extent, claims by Asbestos Insurance Entities for indemnification and contribution deriving from claims against them, such as those by the Libby Claimants, Scotts, BNSF are Indirect PI Trust Claims | Richard Finke |
| | 12. The treatment of Indirect PI Trust Claims under the Plan, the Asbestos PI Trust Distribution Procedures, and the other Plan Documents, including but not limited to, the treatment of an Asbestos Insurance Entity's claims against the Debtors for indemnification arising from a pre-bankruptcy petition settlement agreement | Richard Finke |
| | 13. The scope of Section 524(g) of the Bankruptcy Code on claims against Settled Asbestos Insurance | Richard Finke |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| Companies | | |
| | 14. The scope and operation of the Asbestos Insurance Entity Injunction and Successor Claims Injunction | Richard Finke |
| | 15. The meaning of the phrase "any defense that the Plan or any of the Plan Documents do not comply with the Bankruptcy Code" in Section 1.1(16)(definition of "Asbestos Insurer Coverage Defenses") | Richard Finke |
| | 16. The meaning and operation of the insurer neutrality provision of Section 7.15 of the Plan, including the interaction of Section 7.15 of the Plan with Sections 8.1.1, 7.13, 7.7(uu), and 7.7(tt) of the Plan and the Asbestos Insurance Transfer Agreement | Richard Finke |
| | 17. The Plan's treatment of Asbestos Insurance Reimbursement Agreements | Richard Finke |
| Libby Claimants | **Plan** | |
| | 1. Development of Plan among plan proponents, including negotiations, other discussions between or within the plan proponents, and preparation of documents, including drafts. | Richard Finke |
| | 2. Funding of the Asbestos PI Trust, including value at time of negotiation of assets to be used to fund the Asbestos PI Trust. | Hudson La Force |
| | 3. Current value of assets to be used to fund the Asbestos PI Trust. | Hudson La Force |
| | 4. Projected value at scheduled Confirmation Hearing of assets to be used to fund the Asbestos PI Trust. | Hudson La Force |
| | **Asbestos PI Trust** | |
| | 1. Development of the TDP, including negotiations, other discussions between or within the plan proponents, and preparation of documents, including drafts. | Jay Hughes |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | 2.  TDP's in other cases used as models, points of reference or in any other way utilized in the development of the TDP ("Other TDPs"). | Jay Hughes |
| | 3.  Liquidation of claims under Other TDPs. | Jay Hughes |
| | 4.  Process by which the Asbestos PI Trust will liquidate claims. | Jay Hughes |
| | 5.  Disease categories under the TDP. | Jay Hughes |
| | 6.  The "Severe Pleural" disease category under the TDP. | Jay Hughes |
| | 7.  Provisions of the TDP concerning "Extraordinary Claims." | Jay Hughes |
| | Injunctions | |
| | 1.  The Asbestos PI Channeling Injunction. | Richard Finke |
| | 2.  Development of Asbestos PI channeling Injunction among plan proponents, including negotiations, other discussions between or within the plan proponents, and preparation of documents, including drafts. | Richard Finke |
| | 3.  Injunctions in other cases similar to the Asbestos PI Channeling Injunction used as models, points of reference or in any other way utilized in the development of the Asbestos PI Channeling Injunction ("Other Channeling Injunctions"). | Richard Finke |
| | 4.  Litigation concerning scope of Other Channeling Injunctions. | Richard Finke |
| | 5.  Scope and operation of the Asbestos PI Channeling Injunction, including the effect, if any, on actions by Libby Claimants against parties other than the Debtors, including but not limited to BNSF, the State of Montana and Maryland Casualty Company, for their own allegedly tortious conduct ("Libby Claimants' Independent Actions"). | Richard Finke |
| | 6.  Necessity of, or benefit to plan proponents or Asbestos PI Trust from, the Asbestos PI Channeling | Richard Finke |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | Injunction (including consideration supplied to any of the plan proponents by those protected by the Asbestos PI Channeling Injunction). | |
| | 7. The Asbestos Insurance Entity Injunction. | Richard Finke |
| | 8. Development of Asbestos Insurance Entity Injunction among plan proponents, including negotiations, other discussions between or within the plan proponents, and preparation of documents, including drafts. | Richard Finke |
| | 9. Injunctions in other cases similar to the Asbestos Insurance Entity Injunction used as models, points of reference or in any other way utilized in the development of the Asbestos Insurance Entity Injunction ("Other Insurance Entity Injunctions"). | Richard Finke |
| | 10. Litigation concerning scope of Other Insurance Entity Injunctions. | Richard Finke |
| | 11. Scope and operation of the Asbestos Insurance Entity Injunction, including the effect, if any, on Libby Claimants' Independent Actions. | Richard Finke |
| | 12. Necessity of, or benefit to plan proponents or Asbestos PI Trust from, the Asbestos Insurance Entity Injunction (including consideration supplied to any of the plan proponents by those protected by the Asbestos Insurance Entity Injunction). | Richard Finke |
| | 13. The Successor Claims Injunction. | Richard Finke |
| | 14. Development of Successor Claims Injunction among plan proponents, including negotiations, other discussions between or within the plan proponents, and preparation of documents, including drafts. | Richard Finke |
| | 15. Injunctions in other cases similar to the Successor Claims Injunction used as models, points of reference or in any other way utilized in the development of the Successor Claim Injunction ("Other Successor Claims Injunctions"). | Richard Finke |

11

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | 16.  Litigation concerning scope of Other Successor Claims Injunctions. | Richard Finke |
| | 17.  Scope and operation of the Successor Claims Injunction, including the effect, if any, on Libby Claimants' Independent Actions. | Richard Finke |
| | 18.  Necessity of, or benefit to plan proponents or Asbestos PI Trust from, the Successor Claims Injunction (including consideration supplied to any of the plan proponents by those protected by the Successor Claims Injunction). | Richard Finke |
| | 19.  Release and exculpation provisions of the Plan (the "Releases and Exculpations"). | Richard Finke |
| | 20.  Development of The Releases and Exculpations among plan proponents, including negotiations, other discussions between or within the plan proponents, and preparation of documents, including drafts. | Richard Finke |
| | 21.  Injunctions in other cases similar to the Releases and Exculpations used as models, points of reference or in any other way utilized in the development of the Releases and Exculpations ("Other Releases and Exculpations"). | Richard Finke |
| | 22.  Litigation concerning scope of Other Releases and Exculpations. | Richard Finke |
| | 23.  Scope and operation of the Releases and Exculpations, including the effect, if any, on Libby Claimants' Independent Actions. | Richard Finke |
| | 24.  Necessity of, or benefit to plan proponents or Asbestos PI Trust from, the Releases and Exculpations (including consideration supplied to any of the plan proponents by those protected by the Releases and Exculpations). | Richard Finke |
| | 25.  The plan's compliance with Section 524(g) of the Bankruptcy Code. Liquidation Analysis | Richard Finke |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | 1.  Liquidation analysis contained in Exhibit Book as Exhibit 8 (the "Liquidation Analysis") | Hudson La Force |
| | 2.  Development of Liquidation Analysis among plan proponents, including negotiations, other discussions between or within the plan proponents, and preparation of documents. | Hudson La Force |
| | 3.  Projections, assumptions, calculations and sources of information utilized in preparing Liquidation Analysis. | Hudson La Force |
| | 4.  Any changes in, or changes in the validity of, any such projections, assumptions, calculations and sources of information, through the present date. | Hudson La Force |
| | Claims History | |
| | 1.  Grace claims history concerning Asbestos PI Claims. | Jay Hughes |
| | 2.  Grace's settlement practices and verdict history for Asbestos PI Claims. | Jay Hughes |
| | 3.  Grace's settlement practices and verdict history for punitive damage claims. | Jay Hughes |
| | 4.  Grace's settlement practices and verdict history for wrongful death claims. | Jay Hughes |
| | 5.  Grace's settlement practices and verdict history for claims resulting from exposure to Grace's asbestos in Lincoln County, Montana. | Jay Hughes |
| | 6.  Grace's settlement practices and verdict history for claims resulting from exposure outside of Lincoln County, Montana, to Grace's asbestos originating in Lincoln County, Montana. | Jay Hughes |
| | Rights of BNSF | |
| | 1.  Claims of Burlington Northern Santa Fe Railroad and affiliates ("BNSF") against the Debtors. | Jay Hughes |
| | 2.  Proofs of claim filed by BNSF. | Jay Hughes |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | 3. Any rights of indemnification by BNSF against the Debtors, and any agreements pertaining thereto. | Jay Hughes |
| | 4. Any rights of contribution by BNSF against the Debtors. | Jay Hughes |
| | 5. Any insurance covering BNSF for Libby Claimants' Independent Actions against BNSF. | Jay Hughes |
| | <u>Rights of the State of Montana</u> | |
| | 1. Claims of the State of Montana against the Debtors. | Jay Hughes |
| | 2. Proofs of claim filed by the State of Montana. | Jay Hughes |
| | 3. Any rights of indemnification by the State of Montana against the Debtors, and any agreements pertaining thereto. | Jay Hughes |
| | 4. Any rights of contribution by the State of Montana against the Debtors. | Jay Hughes |
| | 5. Any insurance covering the State of Montana for Libby Claimants' Independent Actions against the State of Montana. | Jay Hughes |
| | <u>Rights of Maryland Casualty Company</u> | |
| | 1. Claims of the Maryland Casualty Company, including affiliates ("MCC") against the Debtors. | Jay Hughes |
| | 2. Proofs of claim filed by MCC. | Jay Hughes |
| | 3. Any rights of indemnification by MCC against the Debtors, and any agreements pertaining thereto. | Jay Hughes |
| | 4. Any rights of contribution by MCC against the Debtors. | Jay Hughes |
| | 5. Any insurance covering MCC for Libby Claimants' Independent Actions against MCC. | Jay Hughes |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | Insurance | |
| | 1. Grace's insurance policies (whether owned by Grace or purchased for another entity), coverage issues and settlements with insurers. | Jay Hughes |
| | 2. Grace's insurance coverage for products/completed operations, including terms thereof, aggregate caps, and defenses to and limitations on such coverage. | Jay Hughes |
| | 3. Projected value of the Asbestos Insurance Rights constituting products/completed operations coverage. | Jay Hughes |
| | 4. Projected aggregate liquidated amount of the Asbestos PI Claims (including future claims) covered by products/completed operations insurance. | Jay Hughes |
| | 5. Grace's insurance coverage for premises/non-completed operations, including terms thereof, aggregate caps, and defenses to and limitations on such coverage. | Jay Hughes |
| | 6. Projected value of the Asbestos Insurance Rights constituting premises/non-completed operations coverage. | Jay Hughes |
| | 7. Projected aggregate liquidated amount of the Asbestos PI Claims (including future claims) covered by premises/non-completed operations insurance. | Jay Hughes |
| | 8. Settlements with Grace insurers. | Jay Hughes |
| | 9. Bases for designation under the Plan of certain Asbestos Insurance Entities as Settled Asbestos Insurance Companies. | Richard Finke |
| CNA | 1. The meaning and operation of the insurer neutrality provision of Section 7.15 of the Plan, including the interaction of Section 7.15 of the Plan with Sections 8.1.1, 7.13, 7.7(uu), and 7.7(tt) of the Plan and the Asbestos Insurance Transfer Agreement. | Richard Finke |
| | 2. The treatment of Indirect PI Trust Claims under the Plan, the Asbestos PI Trust Distribution Procedures, and the other Plan Documents, including but not limited to, the treatment of an Asbestos | Richard Finke |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | Insurance Entity's claims against the Debtors for indemnification arising from a pre-bankruptcy petition settlement agreement. | |
| | 3. The meaning and scope of Indirect PI Trust Claims, including whether, and to what extent, claims by Asbestos Insurance Entities for indemnification and contribution deriving from claims against them, such as those by the Libby Claimants, Scotts, and BNSF, are Indirect PI Trust Claims. | Richard Finke |
| | 4. The basis for classification and treatment of an Asbestos Insurance Entity's Asbestos Claims against the Debtors for indemnification arising from contract or otherwise as Class 6 Asbestos PI Claims. | Richard Finke |
| | 5. The classification and treatment under the Plan of Asbestos Insurance Entities' claims against the Debtors for indemnification arising from contract or otherwise which are not Indirect PI Trust Claims. | Richard Finke |
| | 6. The scope and operation of the Asbestos PI Channeling Injunction, including but not limited to, the effect of the Asbestos PI Channeling Injunction on claims against Settled Asbestos Insurance Companies. | Richard Finke |
| | 7. The scope and operation of the Asbestos Insurance Entity Injunction and Successor Claims Injunction. | Richard Finke |
| | 8. The meaning of the phrase "any defense that the Plan or any of the Plan Documents do not comply with the Bankruptcy Code" in Section 1.1(16) (definition of "Asbestos Insurer Coverage Defenses") | Richard Finke |
| | 9. The drafting, negotiation, scope and operation of the Asbestos PI Trust Agreement and the Asbestos PI Trust Distribution Procedures, including efforts to obtain the consent of the Asbestos Insurance Entities to the Plan, the Asbestos PI Trust Distribution Procedures, and the Asbestos PI Trust Agreement, or to involve them in drafting the Asbestos PI Trust Agreement. | Richard Finke |
| | 10. The selection, qualification, and experience of the Asbestos PI Trustees and Asbestos PI Trust Advisory Committee members. | Richard Finke |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | 11. Any compensation or other financial arrangements between each Asbestos PI Trustee and any Asbestos PI Trust Advisory Committee member or member of the Asbestos Claimants Committee on the one hand, and the Asbestos PI Trust. | Richard Finke |
| | 12. The bases for designating an Asbestos Insurance Entity as a Settled Asbestos Insurance Company. | Richard Finke |
| | 13. The Plan's treatment of Asbestos Insurance Reimbursement Agreements. | Richard Finke |
| | 14. The valuation of the Warrants, including, but not limited to, the use of any valuation model or similar valuation tool. | Hudson La Force |
| | 15. The impact, if any, of Plan Confirmation on Non-Settled Asbestos Insurance Companies, including: <br> a. Whether and to what extent the Reorganized Debtors retain the Debtors' obligations under Asbestos Insurance Policies; <br> b. Whether the Asbestos PI Trust assumes the obligations of the Debtors under the Asbestos Insurance Policies; <br> c. The application of the exculpation provision of Section 11.9 of the Plan; <br> d. Whether the Plan will act as a settlement or judgment that will immediately trigger a payment obligation under the Asbestos Insurance Policies issued by the Non-Settled Asbestos Insurance Companies; <br> e. Whether the Non-Settled Asbestos Insurance Companies' indemnity obligations will be triggered due to the establishment of the Asbestos PI Trust and transfer of assets to the Trust; <br> f. Whether the Non-Settled Asbestos Insurance Companies' indemnity obligations for any Asbestos PI Claim will accrue or be triggered prior to the payment of an Asbestos PI Claim by Asbestos PI Trust; <br> g. Whether and how the Plan and Plan Documents can be used in subsequent Asbestos Insurance Actions or other proceedings by the Asbestos PI Trust or the Debtors against Non-Settled Asbestos Insurance Companies; <br> h. The role, if any, the Non-Settled Asbestos Insurance Companies will have in the evaluation, defense, allowance, or settlement of Asbestos PI Claims channeled to or submitted to the Asbestos PI | Richard Finke |

| Dep Notice Filed by | Topic of Deposition | Designated Witness |
|---|---|---|
| | Trust;<br><br>i.  Whether, and to what extent, the Non-Settled Asbestos Insurance Companies will be responsible for paying all or part of any Asbestos PI Claim resolved by the Asbestos PI Trust pursuant to the Asbestos PI Trust Distribution Procedures or for indemnifying the Asbestos PI Trust for any payment it makes on account of Asbestos PI Claims. | |
| | 16.  The Debtors' duties and obligations with respect to any Asbestos Insurance Policies upon the transfer of the Asbestos Insurance Rights to the Asbestos PI Trust. | Richard Finke |
| | 17.  The treatment of workers compensation obligations as unimpaired, general unsecured claims that are to be liquidated and paid in full. | Richard Finke |
| London Market Companies | 1.  The treatment of the London Market Companies 1995 Agreement under the Revised Joint Plan. | Richard Finke |
| | 2.  The treatment of the London Market Companies 1996 Agreement under the Revised Joint Plan. | Richard Finke |
| | 3.  The provisions of the Revised Joint Plan that relate to Asbestos Insurance Reimbursement Agreements, including, without limitation, Sections 1.1(9), 1.1(16), 7.2.2(d)(iv), 7.7, 7.13, 7.15, 9.1 and Exhibit 6 (Asbestos Insurance Transfer Agreement). | Richard Finke |
| | 4.  The provisions of the Revised Joint Plan that relate to Indirect PI Trust Claims, including, without limitation, Sections 1.1(138) and Exhibit 4 (Trust Distribution Procedures). | Richard Finke |

18