# EXHIBIT C

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-1139 (JKF) |
| Debtors-in-possession. | Jointly Administered |

## OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO THE LIBBY CLAIMANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rules 3020(b)(1), 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, and in connection with the objections of the Libby Claimants (defined below) to confirmation of the proposed First Amended Joint Plan of Reorganization, the Official Committee of Asbestos Personal Injury Claimants hereby requests that the Libby Claimants produce the documents described in the document requests below for inspection and copying at the offices of Caplin & Drysdale, Chartered, One Thomas Circle, N.W., Washington, D.C., within 30 days of the date of service of these requests, or at such other time and place as may be ordered by the Court or agreed to by counsel.

## DEFINITIONS

As used herein and with respect to each of the instructions and document requests below:

1. The word "any" is also used in the inclusive sense, that is "any" means "any and/or all."

2. The term "Disclosure Statement Objection" means the "Libby Claimants' Objection to Debtors' Disclosure Statement for Joint Plain of Reorganization and Approval Motion" filed by you on October 17, 2008 [D.I. 19803].

{D0143376.1 }

3. The term "Document" means all materials within the full scope of Federal Rule of Civil Procedure 34.

4. The term "Grace" means the currently existing W.R. Grace & Co. and all of its parents, subsidiaries, affiliates, or divisions, and its merged or acquired predecessors-in-interest, whether or not any of the foregoing is or was a debtor in bankruptcy and whether or not successorship is admitted.

5. The term "Libby Claimants" means the holders of asserted claims who are identified in the "Seventh Amended and Restated Verified Statement in Connection with the Representation of Creditors as Required by Fed. R. Bankr. P. 2019" [D.I. 18664], as it may be amended and restated from time to time.

6. The word "or" is used in the all-inclusive sense. If, for example, a request calls for any Documents that indicate x or y, any Documents that indicate both x and y should be produced, as well as any Documents that indicate either x or y.

7. A Document is in the "possession, custody, or control" of a person or entity if such person or entity has the legal right to obtain the Document, regardless of its source or present location.

8. The words "relate to," "relating to," "refer to," "referring to," as well as "pertain to" and "pertaining to," when used in any of the requests below, mean recording, summarizing, digesting, referencing, commenting upon, describing, reporting, listing, analyzing, studying, or otherwise discussing or mentioning in any way a subject matter identified in the request.

9. The words "you" and "your" mean the "Libby Claimants," as defined herein.

## **INSTRUCTIONS**

1. Each request set forth herein refers to all Documents and property in your possession, custody, or control, as well as Documents and property in the possession, custody, or control of your counsel, representatives, agents, servants, employees, investigators, consultants, physicians, and, unless otherwise privileged, their counsel, representatives, agents, servants, employees, investigators, or consultants.

2. You must produce all non-identical copies of Documents, including drafts and copies upon which notations or additional writings have been made.

3. If e-mail or other Documents stored electronically have been deleted from a computer, but are still retrievable in some form, any such responsive Document should be retrieved and produced, either in hard copy or a readily readable electronically recorded form.

4. With respect to any of the Documents requested, should any such Document be presently unavailable, or if any such Document is not presently in your possession, custody, or control, please identify each Document, including, without limitation: (a) the type or character of the Document (*e.g.*, letter, memorandum, a signed statement, etc.); (b) the title, if any, of the Document; (c) the name and address of the addressee of the Document; (d) the names and addresses of all recipients of copies of the Document; (e) all information contained in each such Document; (f) the date and circumstances under which each such Document ceased to be in your possession; (g) the time period during which each such Document was maintained; (h) the locations of each such Document; and (i) the person or persons from which each such Document may be obtained, including his or her name, present or last known business and home address and business and home telephone numbers.

5. If there is a claim of privilege with respect to any Documents requested, please identify each such Document in your possession, custody, or control, and include in the identification a description of the Document, the date of the Document, the names and addressee and the addressor, the identity of any person to whom a copy was given or communicated, the general subject matter of the Document, a statement of facts constituting the basis for any claim of privilege, and a specific basis on which privilege is claimed.

6. These requests are not intended to be duplicative. All requests should be responded to fully and to the extent not covered by other requests. If there are Documents that are responsive to more than one request, please note and produce each such Document first in response to the request that is more specifically directed to the subject matter of the particular Document.

7. Pursuant to Rule 26(e)(2) of the Federal Rules of Civil Procedure, as incorporated by Rules 9014 and 7026 of the Federal Rules of Bankruptcy Procedure, these requests are continuing, to the full extent required and/or permitted under the Federal Rules of Civil Procedure, so as to require supplementary production when any of you obtains knowledge and access to, or custody, possession, or control of, any Documents not previously produced which are responsive to one or more of these Requests.

8. As used herein, the present tense includes the past tense, and vice-versa.

9. As used herein, the singular includes the plural, and vice-versa.

## REQUESTED DOCUMENTS

The Libby Claimants are requested to produce for inspection and copying the following Documents:

1. Produce all Documents that support or relate to the amounts and statements contained in the table that appears at the top of page 16 of your Disclosure Statement Objection.

2. On page 1 of your Disclosure Statement Objection, you state, "Over 200 people have died of Libby Asbestos Disease and others are at or approaching the end stage of the disease." Produce all Documents on which you rely as support for this statement, including, without limitation, all death certificates, autopsy reports, and medical records for each of the 200 persons referred to in this statement.

3. On page 12 of your Disclosure Statement Objection, you state that "Over 95 percent of the asbestos used in construction materials was chrysotile asbestos," and that "the Libby asbestos" is "comprised of a combination of 84% winchite, 11% richterite, and 6% tremolite." Produce all Documents on which you rely as support for those statements.

4. On page 14 of your Disclosure Statement Objection, you state, "A person diagnosed with nonmalignant Libby Asbestos Disease has approximately a 76 percent likelihood of progressing to severe disease – about three times the progressivity rate for chrysotile asbestos disease" and "has a much higher probability of death than asbestos disease from predominantly chrysotile exposure." Produce all Documents on which you rely as support for those statements.

5. On page 14 of your Disclosure Statement Objection, you state that "Libby Asbestos Disease" is "a form of asbestos disease far more severe than the [asbestos-related diseases of the] vast majority of Asbestos PI Claimants." Produce all Documents on which you rely as support for this statement.

6. On pages 36 and 37 of your Disclosure Statement Objection, you state that "premises coverage against Royal Indemnity Company is also unresolved because Grace's prepetition settlement with Royal is limited solely to products claims, leaving premises coverage intact." Produce all Documents on which you rely as support for this statement.

7. On page 37 of your Disclosure Statement Objection, you state, "With respect to

Maryland Casualty Company, the Libby Claimants . . . are not bound to Grace's settlement because their rights against Maryland Casualty had already vested at the time of the settlement and (again, because there is no aggregate cap on premises coverage) the insurance was not exhausted either before or by reason of the settlement. The same rationale would apply to the settlement with Royal if somehow premises coverage were in fact settled." Produce all Documents on which you rely as support for this statement.

8. On page 19 of your Disclosure Statement Objection, you state, "The Center for Asbestos Related Disease in Libby and the Klock and Whitehouse Clinic in Spokane, Washington have consistently and rigorously applied ATS standards." Produce all Documents on which you rely as support for this statement.

9. On page 19 of your Disclosure Statement Objection, you state, "In virtually all cases, a Libby patient's medical records come from the treating physician, with a standard chart consisting of medical reports, physical exam, chest x-ray and/or CT scan, and full pulmonary function tests." Produce all Documents on which you rely as support for this statement.

10. On page 19 of your Disclosure Statement Objection, you state, "[O]nly a few of the Libby Claimants have any significant asbestos exposure outside of Libby, Montana." Produce all Documents on which you rely as support for this statement.

11. On page 36 of your Disclosure Statement Objection, you state that the "Libby Claims are premises claims because the Libby Claimants were injured by harmful materials generated during the course of Grace's operations." Produce all Documents on which you rely as support for this statement.

12. On page 59 of your Disclosure Statement Objection, you state, "When exposure to Grace's products results in nonmalignant asbestos disease, there is about a 20% chance that it

will progress." Produce all Documents on which you rely as support for this statement.

13. On page 63 of your Disclosure Statement Objection, you state that the "lack of any aggregate cap on insurers' liability for Libby Claims means that there is no barrier to a very high percentage recovery by the Libby Claimants from the insurers." Produce all Documents on which you rely as support for this statement.

14. On page 1 of your Disclosure Statement Objection, you state, "Amphibole asbestos has been shown to be the most deadly form of asbestos," and similarly on page 13 of the same Objection, you further state that "[a]mphibole asbestos, including Libby asbestos, is far more toxic than chrysotile asbestos." Produce all Documents and medical studies on which you rely as support for these statements.

15. On page 9 of your Disclosure Statement Objection, you state, "The Libby Claimants consist of: 295 ex-workers[,] 223 family members of workers[,] 419 other members of the Libby community[,] 937 total cases." As to each of the persons referenced in that previous statement, produce all Documents sufficient to show their name, age, social security number, address, and their occupation when exposure to Grace asbestos occurred, whether their exposure to Grace asbestos resulted from the occupational exposure of a family member to Grace asbestos or from being a resident or visitor of Libby, Montana, and any and all pulmonary function test score results for each such claimant.

16. On page 62 of your Disclosure Statement Objection, you state, "Grace's insurance policies contain separate and distinct provisions concerning premises claims (*i.e.*, the Libby Claims) and products claims (*i.e.*, the other Asbestos PI Claims, which result from exposure to Grace's products)." Produce all Documents on which you rely as support for this statement.

17. On page 63 of your Disclosure Statement Objection, you state, "The lack of any

aggregate cap on insurers' liability for Libby Claims means that there is no barrier to a very high percentage recovery by the Libby Claimants from the insurers." Produce all Documents on which you rely as support for this statement.

18. Produce all Documents and medical studies on which you rely as support for your contention that the Libby Claimants are the only claimants entitled to the premises insurance coverage referenced on pages 62 and 63 of your Disclosure Statement Objection.

19. Do you contend that those claimants who suffered injuries as a result of exposure to raw asbestos materials or to asbestos containing vermiculite at Grace's expansion plants at locations other than Libby, Montana, are not entitled to be indemnified or reimbursed under the premises coverage that you refer to on pages 62 and 63 of your Disclosure Statement Objection? If so, produce all Documents on which you rely as support for this contention.

20. On page 76 of your Disclosure Statement Objection, you state that the Libby Claimants "are giving up more valuable insurance rights than other members of the same class." Produce all Documents on which you rely as support for this statement.

21. Produce all Documents, including medical records, relating to the occupational history and asbestos-related disease of Tom Murray, the individual identified on page 14 of your Disclosure Statement Objection.

22. Produce all Documents, including medical records, relating to the occupational history and asbestos-related disease of Betty Maxwell, the individual identified on page 14 of your Disclosure Statement Objection.

23. Produce all Documents, including medical records, relating to the asbestos-related disease of Victoria Skidmore, the individual identified on page 14 of your Disclosure Statement Objection, and relating to her visits to Libby, Montana.

24. Produce all Documents filed or served in the asbestos-related tort action filed by Les Stramstad against Grace, including, without limitation, all deposition, hearing, and trial transcripts as well as all discovery-related materials, which tort action is referenced on pages 16 and 17 of your Disclosure Statement Objection.

25. Produce all Documents filed or served in the asbestos-related tort action filed by Jerry Finstad against Grace, which is referenced on page 17 of your Disclosure Statement Objection.

Dated: December 22, 2008     **CAMPBELL & LEVINE, LLC**

/s/ Mark T. Hurford
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
meskin@camlev.com
mhurford@camlev.com
Telephone: (302) 426-1900
Telefax: (302) 426-9947

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Telefax: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Telefax: (202) 429-3301

*Counsel for the Official Committee
of Asbestos Personal Injury Claimants*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Bankruptcy Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## DEBTORS' REQUESTS TO LIBBY CLAIMANTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Bankr. P. 7034 and 9014 and Fed. R. Civ. P. 34, the Debtors in the above-captioned Chapter 11 cases hereby request that the Libby Claimants identified in the "Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019" [D.I. 19927] (hereinafter the "Libby Claimants") produce for inspection and copying all documents described herein which are in their possession, custody or control, or in the possession, custody or control of their agents, representatives or counsel:

## DEFINITION

As used herein, "Medical Records" includes any and all of the following types of documents and materials:

1. X-rays, radiographic films, CT Scans, HRCT Scans and reports of radiologists, B-Readers or others who have reviewed the X-rays or radiographic films;

2. Pathology materials, including but not limited to slides and other tissue samples including reports of pathologists or others who have reviewed the test results;

3. Reports of Pulmonary Function Tests, Spirometry and Carbon Monoxide Diffusing Capacity including machine tracings and reports of pulmonologists or others who have reviewed the test results;

4. Autopsy reports;

5. Death certificates.

6. Any other records or materials related to any diagnostic or treatment tests or procedures.

## INSTRUCTIONS

1. Each request set forth herein refers to all documents and property in your custody, control, and possession, as well as documents and property in the custody, control and possession of your counsel, representatives, agents, servants, employees, investigators or consultants.

2. To the extent that you object to any part of the following requests (or definitions and instructions applicable thereto), produce the documents responsive to that part of the request to which you do not object, and state specifically each ground upon which the objection is made.

3. If an objection is made pursuant to a claim of privilege with respect to any documents or property requested, which objection causes you to withhold a document from production or inspection, then, in addition to the documents and written answers produced in response to these requests, for each such document withheld from production or inspection and copying, state the nature and basis of the privilege claimed, provide a description of the document (including the date, number of pages and attachments, the author(s), any addressee(s), and any other recipients, the title(s) and affiliation of all authors, addressees, and recipients, and the present custodian), and describe the subject matter of the document to which such claim of privilege relates.

4. These requests are continuing to the full extent required and/or permitted under the Federal Rules of Civil Procedure, so as to require supplementary production when you obtain

2

knowledge and access to, or custody, possession, or control of any documents not previously produced which are responsive to one or more of these requests.

## DOCUMENTS REQUESTED

1       All Medical Records for any and all patients of Dr. Whitehouse whose medical conditions form the basis for the opinions expressed in his December 29, 2008 expert report, including by way of example but not limited to the 700 patients referenced in paragraph 5 of Dr. Whitehouse's report, the 1,800 active cases referenced in paragraph 2 of Dr. Whitehouse's report, and all patients whose past medical records were produced to Grace or made available for use in this bankruptcy case pursuant to this Court's June 5, 2006 production order.

2.      For each of the patients whose Medical Records are requested in paragraph 1, all documents relating to each patient's duration and severity of exposure to asbestos fibers while in the vicinity of Libby, Montana or central Lincoln County, Montana.

3.      For each of the Libby Claimants, as defined above, all of their Medical Records, including those Medical Records generated by treating physicians, pulmonologists other than Dr. Whitehouse, and non-pulmonary specialists.

4.      For each Libby Claimant or patient of Dr. Whitehouse whose exposure history was provided to Dr. Whitehouse by that individual's legal counsel (for example, James Roberts), all correspondence or documents in the possession of counsel reflecting the conversations between Dr. Whitehouse and counsel related to that Libby Claimant or patient's exposure history.

5.      For each Libby Claimant who has been diagnosed with or died from a cancer other than mesothelioma, produce all documents, records, notes or memoranda related to

Claimant's smoking history, exposure to radiation, or exposure to any other substance identified as a Group 1 Carcinogen by the International Agency for Research on Cancer.

Dated: January 23, 2009

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL & JONES LLP

*[signature]*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession