# EXHIBIT D

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| | Jointly Administered |
| Debtors. | **Ref. Nos. 20314 & 20426** |

## LIBBY CLAIMANTS' RESPONSE TO OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, made applicable hereto by Federal Rules of Bankruptcy Procedure 7034 and 9014, the Libby Claimants hereby respond to the Official Committee of Asbestos Personal Injury Claimants' First Set of Requests for the Production of Documents Directed to the Libby Claimants propounded by the Official Committee of Asbestos Personal Injury Claimants:

### RESPONSES

**Document Request No. 1:**

Produce all Documents that support or relate to the amounts and statements contained in the table that appears at the top of page 16 of your Disclosure Statement Objection.

**Response to Document Request No. 1:**

Objection to request for "all documents that support or relate" as overbroad and burdensome. Without waiving this objection, Libby Claimants attach as Exhibit 1 all applicable medical records and the settlement agreements respectively relied upon by Libby Claimants for the disease categories reflected in Column One and settlement/verdict amounts reflected in Column Two of the table that appears at the top of page 16 of the Disclosure Statement Objection.

393.001-24647.doc

**Document Request No. 2:**

On page 1 of your Disclosure Statement Objection, you state, "Over 200 people have died of Libby Asbestos Disease and others are at or approaching the end stage of the disease." Produce all Documents on which you rely as support for this statement, including, without limitation, all death certificates, autopsy reports, and medical records for each of the 200 persons referred to in this statement.

**Response to Document Request No. 2:**

See Expert Report by Dr. Alan C. Whitehouse 12/29/08, ¶¶ 46-47, and information attached.

In support of ¶ 46, *Sullivan* (2007) reflects 154 deaths among Libby mineworkers from asbestos related disease. See also Exh. 14 ("Workers Dead From Asbestos Disease") of Dr. Alan C. Whitehouse 12/29/08. Attached as Exhibit 2 are those medical records and death certificates within the possession, custody, or control of Libby Claimants and which support Exh. 14 of Dr. Alan C. Whitehouse 12/29/08.

In support of ¶ 47, the CARD Mortality Study reflects 27 additional Libby mineworkers dead from asbestos related disease since 1/1/02 and 77 family & community members dead from asbestos related disease. See also Exh. 7 ("Summary of Mortality Study Disease Percentages") and Exh. 10 ("Summary of Deceased Clients Chart (MHSM)") of Expert Report by Dr. Alan C. Whitehouse 12/29/08. Also included as part of the attached Exhibit 2 are those medical records and death certificates within the possession, custody, or control of Libby Claimants and which support Exh. 7 and Exh. 10 of Expert Report by Dr. Alan C. Whitehouse 12/29/08.

2

**Document Request No. 3:**

On page 12 of your Disclosure Statement Objection, you state that "Over 95 percent of the asbestos used in construction materials was chrysotile asbestos," and that "the Libby asbestos" is "comprised of a combination of 84% winchite, 11% richterite, and 6% tremolite." Produce all Documents on which you rely as support for those statements.

**Response to Document Request No. 3:**

See *Meeker* (2003), p. 1959, and *Fraser and Pare* (1999), p. 2420. See also Expert Report by Dr. Alan C. Whitehouse 12/29/08, ¶ 11.

**Document Request No. 4:**

On page 14 of your Disclosure Statement Objection, you state, "A person diagnosed with nonmalignant Libby Asbestos Disease has approximately a 76 percent likelihood of progressing to severe disease - about three times the progressivity rate for chrysotile asbestos disease" and "has a much higher probability of death than asbestos disease from predominantly chrysotile exposure." Produce all Documents on which you rely as support for those statements.

**Response to Document Request No. 4:**

The statement relied upon is "76% of the patients [Whitehouse 2004] showed progressive loss of lung function." See Expert Report by Dr. Alan C. Whitehouse 12/29/08, ¶ 38, and *Whitehouse* (2004). Attached hereto as Exhibit 3 are medical records for 121 of the 123 patients relied upon in *Whitehouse* (2004), representing all medical records within the possession, custody, or control of Libby Claimants. See also Exh. 13 ("Studies on Radiographic Progression of Asbestos Disease") of Dr. Alan C. Whitehouse 12/29/08; CARD Mortality Study; and Expert Report by Dr. Alan C. Whitehouse 12/29/08, ¶¶ 31-32, and the studies cited therein.

3

**Document Request No. 5:**

On page 14 of your Disclosure Statement Objection, you state that "Libby Asbestos Disease" is "a form of asbestos disease far more severe than the [asbestos-related diseases of the] vast majority of Asbestos PI Claimants."  Produce all Documents on which you rely as support for this statement.

**Response to Document Request No. 5:**

See Expert Report by Dr. Alan C. Whitehouse 12/29/08.  Information on non-Libby claimants may be supplemented through further discovery.

**Document Request No. 6:**

On pages 36 and 37 of your Disclosure Statement Objection, you state that "premises coverage against Royal Indemnity Company is also unresolved because Grace's prepetition settlement with Royal is limited solely to products claims, leaving premises coverage intact." Produce all Documents on which you rely as support for this statement.

**Response to Document Request No. 6:**

Documents relating to coverage issues are the liability insurance policies issued by Grace's insurers and settlement documents, if any, related to settlement between Grace and its insurers.  See Exhibit 4 attached hereto.

**Document Request No. 7:**

On page 37 of your Disclosure Statement Objection, you state, "With respect to Maryland Casualty Company, the Libby Claimants . . . are not bound to Grace's settlement because their rights against Maryland Casualty had already vested at the time of the settlement and (again, because there is no aggregate cap on premises coverage) the insurance was not exhausted either

4

before or by reason of the settlement. The same rationale would apply to the settlement with Royal if somehow premises coverage were in fact settled." Produce all Documents on which you rely as support for this statement.

**Response to Document Request No. 7:**

Documents relating to coverage issues are the liability insurance policies issued by W. R. Grace's insurers and settlement documents, if any, related to settlement between Grace and its insurers. See Exhibit 4 attached hereto. See also Expert Report by Dr. Terry Spear 12/29/08, and Expert Report by Dr. Alan C. Whitehouse 12/29/08. Other documents that may be responsive to this request include Libby Claimants' medical records contained in Exhibit 1, provided in response to Document Request No. 1, and Exhibits 5, 6, and 7, provided in response to Document Request Nos. 10, 11, and 15, respectively.

**Document Request No. 8:**

On page 19 of your Disclosure Statement Objection, you state, "The Center for Asbestos Related Disease in Libby and the Klock and Whitehouse Clinic in Spokane, Washington have consistently and rigorously applied ATS standards." Produce all Documents on which you rely as support for this statement.

**Response to Document Request No. 8:**

See Expert Report by Dr. Alan C. Whitehouse 12/29/08, ¶¶ 19-21.

**Document Request No. 9:**

On page 19 of your Disclosure Statement Objection, you state, "In virtually all cases, a Libby patient's medical records come from the treating physician, with a standard chart consisting of medical reports, physical exam, chest x-ray and/or CT scan, and full pulmonary

function tests." Produce all Documents on which you rely as support for this statement.

**Response to Document Request No. 9:**

See Expert Report by Dr. Alan C. Whitehouse 12/29/08. Medical records for Libby Claimants will be produced per Debtors' Request to Libby Claimants for Production of Documents.

**Document Request No. 10:**

On page 19 of your Disclosure Statement Objection, you state, "[O]nly a few of the Libby Claimants have any significant asbestos exposure outside of Libby, Montana." Produce all Documents on which you rely as support for this statement.

**Response to Document Request No. 10:**

Attached as Exhibit 5 are all Address Histories and Work Histories within the possession, custody, or control of Libby Claimants. Medical records for Libby Claimants will be produced per Debtors' Request to Libby Claimants for Production of Documents. See also Expert Report by Dr. Alan C. Whitehouse 12/29/08. Libby Claimants also respond that "Exposure History" documents have been created by counsel for most of the herein-named Libby Claimants. Such documents, while potentially responsive to the request, are withheld pursuant to the work product doctrine, having been created by counsel, in anticipation of litigation, and incorporative of numerous mental impressions, conclusions, and opinions of counsel.

**Document Request No. 11:**

On page 36 of your Disclosure Statement Objection, you state that the "Libby Claims are premises claims because the Libby Claimants were injured by harmful materials generated during the course of Grace's operations." Produce all Documents on which you rely as support for this

statement.

**Response to Document Request No. 11:**

See Expert Report by Dr. Terry Spear 12/29/08, and the documents on which it relies. Attached as Exhibit 6 are documents known as the Asbestos Common Exhibits, together with the trial and deposition testimony of Earl Lovick, which constitute the documents on which the Expert Report by Dr. Terry Spear 12/29/08, relies. See also attached Exhibits 5 and 7, provided in response to Document Request Nos. 10 and 15, respectively. See also Expert Reports by Dr. Alan C. Whitehouse 12/29/08, and Dr. Arthur Frank 12/29/08. Libby Claimants also respond that "Exposure History" documents have been created by counsel for most of the herein-named Libby Claimants. Such documents, while potentially responsive to the request, are withheld pursuant to the work product doctrine, having been created by counsel, in anticipation of litigation, and incorporative of numerous mental impressions, conclusions, and opinions of counsel.

**Document Request No. 12:**

On page 59 of your Disclosure Statement Objection, you state, "When exposure to Grace's products results in nonmalignant asbestos disease, there is about a 20% chance that it will progress." Produce all Documents on which you rely as support for this statement.

**Response to Document Request No. 12:**

See Exh. 13 ("Studies on Radiographic Progression of Asbestos Disease") of Dr. Alan C. Whitehouse 12/29/08, and the studies cited therein.

**Document Request No. 13:**

On page 63 of your Disclosure Statement Objection, you state that the "lack of any

aggregate cap on insurers' liability for Libby Claims means that there is no barrier to a very high percentage recovery by the Libby Claimants from the insurers." Produce all Documents on which you rely as support for this statement.

### Response to Document Request No. 13:

Documents relating to coverage issues are the liability insurance policies issued by W. R. Grace's insurers and settlement documents, if any, related to settlement between Grace and its insurers. See Exhibit 4 attached hereto. See also Expert Report by Dr. Terry Spear 12/29/08, and Expert Report by Dr. Alan C. Whitehouse 12/29/08. Other documents that may be responsive to this request include Libby Claimants' medical records contained in Exhibit 1, provided in response to Document Request No. 1, and Exhibits 5, 6, and 7, provided in response to Document Request Nos. 10, 11, and 15, respectively.

### Document Request No. 14:

On page 1 of your Disclosure Statement Objection, you state, "Amphibole asbestos has been shown to be the most deadly form of asbestos," and similarly on page 13 of the same Objection, you further state that "[a]mphibole asbestos, including Libby asbestos, is far more toxic than chrysotile asbestos." Produce all Documents and medical studies on which you rely as support for these statements.

### Response to Document Request No. 14:

See Expert Report by Dr. Alan C. Whitehouse 12/29/08, ¶¶ 53-59, and the studies cited therein.

### Document Request No. 15:

On page 9 of your Disclosure Statement Objection, you state, "The Libby Claimants

consist of: 295 ex-workers[,] 223 family members of workers[,] 419 other members of the Libby

community [,] 937 total cases." As to each of the persons referenced in that previous statement,

produce all Documents sufficient to show their name, age, social security number, address, and

their occupation when exposure to Grace asbestos occurred, whether their exposure to Grace

asbestos resulted from the occupational exposure of a family member to Grace asbestos or from

being a resident or visitor of Libby, Montana, and any and all pulmonary function test score

results for each such claimant.

**Response to Document Request No. 15:**

Attached as Exhibit 7 is an updated list of the Libby Claimants, incorporating the 937

total cases referenced in the Disclosure Statement Objection and those individuals who should

now, since the October 17, 2008, filing date of the Disclosure Statement Objection, also be

considered as Libby Claimants, together with their birth date and Social Security Number. See

also Exhibit 5 regarding the address and work histories for Libby Claimants. Also included as

part of the attached Exhibit 7 is a partial list of these same Libby Claimants, reflecting, if

applicable, their date of starting and ending employment at Grace, dates of employment at Grace

by any family members (if applicable), and for those Libby Claimants who have not produced an

address history as part of Exhibit 5, the dates of their Libby residence. Finally, also included as

part of the attached Exhibit 7 is a list of all Grace employees and their dates of employment, also

known as the "Alpha list." Libby Claimants also respond that "Exposure History" documents

have been created by counsel for most of the herein-named Libby Claimants. Such documents,

while potentially responsive to the request, are withheld pursuant to the work product doctrine,

having been created by counsel, in anticipation of litigation, and incorporative of numerous

9

mental impressions, conclusions, and opinions of counsel.

Also included as part of the attached Exhibit 7 are all pulmonary function test result documents reflecting PFT's administered by CARD or Dr. Alan C. Whitehouse for the Libby Claimants and within the possession, custody, or control of Libby Claimants.  <u>See also</u> Exh. 23 ("Asbestos Related Disease, Libby Pulmonary Function Test (PFT) Comparison with Independent Medical Exam PFTs") of Dr. Alan C. Whitehouse 12/29/08.  Additional medical records for Libby Claimants will be produced per Grace requests.

**Document Request No. 16:**

On page 62 of your Disclosure Statement Objection, you state, "Grace's insurance policies contain separate and distinct provisions concerning premises claims (*i.e.*, the Libby Claims) and products claims (*i.e.*, the other Asbestos PI Claims, which result from exposure to Grace's products)."  Produce All Documents on which you rely as support for this statement.

**Response to Document Request No. 16:**

Documents relating to coverage issues are the liability insurance policies issued by W. R. Grace's insurers and settlement documents, if any, related to settlement between Grace and its insurers.  <u>See</u> Exhibit 4 attached hereto.

**Document Request No. 17:**

On page 63 of your Disclosure Statement Objection, you state, "The lack of any aggregate cap on insurers' liability for Libby Claims means that there is no barrier to a very high percentage recovery by the Libby Claimants from the insurers."  Produce all Documents on which you rely as support for this statement.

10

**Response to Document Request No. 17:**

Objection, repeats Document Request No. 13.  See Libby Claimants' Response to Document Request No. 13.

**Document Request No. 18:**

Produce all Documents and medical studies on which you rely as support for your contention that the Libby Claimants are the only claimants entitled to the premises insurance coverage referenced on pages 62 and 63 of your Disclosure Statement Objection.

**Response to Document Request No. 18:**

Documents relating to coverage issues are the liability insurance policies issued by W. R. Grace's insurers and settlement documents, if any, related to settlement between Grace and its insurers.  See Exhibit 4 attached hereto.  See also Expert Report by Dr. Terry Spear 12/29/08, and Expert Report by Dr. Alan C. Whitehouse 12/29/08.  Other documents that may be responsive to this request include Libby Claimants' medical records contained in Exhibit 1, provided in response to Document Request No. 1, and Exhibits 5, 6, and 7, provided in response to Document Request Nos. 10, 11, and 15, respectively.

**Document Request No. 19:**

Do you contend that those claimants who suffered injuries as a result of exposure to raw asbestos materials or to asbestos containing vermiculite at Grace's expansion plants at locations other than Libby, Montana, are not entitled to be indemnified or reimbursed under the premises coverage that you refer to on pages 62 and 63 of your Disclosure Statement Objection?  If so, produce all Documents on which you rely as support for this contention.

11

**Response to Document Request No. 19:**

Documents relating to coverage issues are the liability insurance policies issued by W. R. Grace's insurers and settlement documents, if any, related to settlement between Grace and its insurers.  See Exhibit 4 attached hereto.  See also Expert Report by Dr. Terry Spear 12/29/08, and Expert Report by Dr. Alan C. Whitehouse 12/29/08.  Other documents that may be responsive to this request include Libby Claimants' medical records contained in Exhibit 1, provided in response to Document Request No. 1, and Exhibits 5, 6, and 7, provided in response to Document Request Nos. 10, 11, and 15, respectively.

**Document Request No. 20:**

On page 76 of your Disclosure Statement Objection, you state that the Libby Claimants "are giving up more valuable insurance rights than other members of the same class."  Produce all Documents on which you rely as support for this statement.

**Response to Document Request No. 20:**

Documents relating to coverage issues are the liability insurance policies issued by W. R. Grace's insurers and settlement documents, if any, related to settlement between Grace and its insurers.  See Exhibit 4 attached hereto.  See also Expert Report by Dr. Terry Spear 12/29/08, and Expert Report by Dr. Alan C. Whitehouse 12/29/08.  Other documents that may be responsive to this request include Libby Claimants' medical records contained in Exhibit 1, provided in response to Document Request No. 1, and Exhibits 5, 6, and 7, provided in response to Document Request Nos. 10, 11, and 15, respectively.

**Document Request No. 21:**

Produce all Documents including medical records, relating to the occupational history

12

and asbestos-related disease of Tom Murray, the individual identified on page 14 of your Disclosure Statement Objection.

### Response to Document Request No. 21:

Attached as Exhibit 8 are all medical records relating to the asbestos-related disease of Tom Murray and within the possession, custody, or control of Libby Claimants. Also attached as Exhibit 8 are documents reflecting Tom Murray's work history, including specifically his employment at the Zonolite Co. in 1948 and 1949, and his address history. Finally, also included as part of the attached Exhibit 8, are copies of depositions given by Tom Murray regarding his asbestos-related disease.

### Document Request No. 22:

Produce all Documents, including medical records, relating to the occupational history and asbestos-related disease of Betty Maxwell, the individual identified on page 14 of your Disclosure Statement Objection.

### Response to Document Request No. 22:

Attached as Exhibit 9 are all medical records relating to the asbestos-related disease of Betty Maxwell and within the possession, custody, or control of Libby Claimants. Also attached as Exhibit 9 are documents reflecting Betty Maxwell's work history and her address history. Libby Claimants also respond that an "Exposure History" document has been created by counsel regarding Betty Maxwell. This document, while potentially responsive to the request, is withheld pursuant to the work product doctrine, having been created by counsel, in anticipation of litigation, and incorporative of numerous mental impressions, conclusions, and opinions of counsel.

13

**Document Request No. 23:**

Produce all Documents, including medical records, relating to the asbestos-related disease of Victoria Skidmore, the individual identified on page 14 of your Disclosure Statement Objection, and relating to her visits to Libby, Montana.

**Response to Document Request No. 23:**

Attached as Exhibit 10 are all medical records relating to the asbestos-related disease of Victoria Skidmore and within the possession, custody, or control of Libby Claimants. Also attached as Exhibit 10 are documents reflecting Victoria Skidmore's work history and her address history. Finally, also included as part of the attached Exhibit 10, are copies of the deposition given by Victoria Skidmore regarding her asbestos-related disease.

**Document Request No. 24:**

Produce all Documents filed or served in the asbestos-related tort action filed by Les Stramstad against Grace, including, without limitation, all deposition, hearing, and trial transcripts as well as all discovery-related materials, which tort action is referenced on pages 16 and 17 of your Disclosure Statement Objection.

**Response to Document Request No. 24:**

Objection to request for "all discovery-related materials" as vague, overbroad, and burdensome.

Objection also to request for "all Documents filed" as unduly burdensome. See Federal Rule of Civil Procedure 26(b)(2)(C), which dictates that in the case of "all Documents filed" as public records, i.e. pleadings, with the Montana Nineteenth Judicial District Court, Lincoln County, in Cause No. DV-95-127, *Les Skramstad v. W.R. Grace*, the documents requested can

14

be obtained by the Requesting Party in a more convenient, less burdensome, and less expensive manner, especially given the minimal likely benefit of the documents to the needs in this case, than by taxing the limited resources of the Libby Claimants via the present request for production.

Without waiving these objections, Libby Claimants attach as Exhibit 11 the trial transcript from Montana Nineteenth Judicial District Court, Lincoln County, Cause No. DV-95-127, the court docket for such action, and all depositions taken or filed in such action. See also Asbestos Common Exhibits, which are referenced by and included as part of the attached Exhibit 6.

**Document Request No. 25:**

Produce all Documents filed or served on the asbestos-related tort action filed by Jerry Finstad against Grace, which is referenced on page 17 of your Disclosure Statement Objection.

**Response to Document Request No. 25:**

Objection to request for "all Documents filed" as unduly burdensome. See Federal Rule of Civil Procedure 26(b)(2)(C), which dictates that in the case of "all Documents filed" as public records, i.e. pleadings, with the Montana Nineteenth Judicial District Court, Lincoln County, in Cause No. DV-98-139, *Kenneth Finstad v. W.R. Grace*, the documents requested can be obtained by the Requesting Party in a more convenient, less burdensome, and less expensive manner, especially given the minimal likely benefit of the documents to the needs in this case, than by taxing the limited resources of the Libby Claimants via the present request for production.

15

Without waiving these objections, Libby Claimants attach as Exhibit 12 the trial

transcript from Montana Nineteenth Judicial District Court, Lincoln County, Cause No. DV-98-

139, the court docket for such action, and all depositions taken or filed in such action. <u>See also</u>

Asbestos Common Exhibits, which are referenced by and included as part of the attached Exhibit

6.

Dated: February 20, 2009
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Mona A. Parikh (No. 4901)
919 Market Street, Suite 1800
Wilmington, DE  19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone:  (617) 951-2505
Facsimile:  (617) 951-0679

*Counsel for Libby Claimants*

16

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |
| | **Ref. Nos. 20588 & 20622** |

## LIBBY CLAIMANTS' RESPONSE TO DEBTORS' REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, made applicable hereto by Federal Rules of Bankruptcy Procedure 7034 and 9014, the Libby Claimants hereby respond to the Debtors' Requests to Libby Claimants for the Production of Documents:

### GENERAL OBJECTIONS

The Libby Claimants assert the following objections with respect to each of the Requests for Production:

1. Libby Claimants object to any request for production of documents relating to or referencing "patients" or persons who are not represented by counsel and who are therefore not among the "Libby Claimants." Libby Claimants have no right or access to the private health care information or other documents for such non-clients, and the requested documents regarding such non-clients are not within the possession, custody, or control of Libby Claimants.

2. Libby Claimants object to any request for production of documents relating to or referencing "patients" or persons who are not represented by counsel and who are therefore not among the "Libby Claimants" as unduly burdensome.

3.      In addition, subject to the above General Objections and any specific objections stated below, Libby Claimants state that their Responses to Debtors' Requests for the Production of Documents are provided pursuant to Federal Rule of Civil Procedure 34, made applicable hereto by Federal Rules of Bankruptcy Procedure 7034 and 9014, and are not intended to fulfill or satisfy any independent obligations regarding expert witnesses that Libby Claimants might have pursuant to Federal Rule of Civil Procedure 26(a)(2).  Libby Claimants reserve their right to produce additional or separate documents in response to any potential obligations or disclosure requirements pursuant to Federal Rule of Civil Procedure 26(a)(2).

4.      Any production of documents made herein should not be considered as a waiver of the above General Objections.

## RESPONSES

1.      All Medical Records for any and all patients of Dr. Whitehouse whose medical conditions form the basis for the opinions expressed in his December 29, 2008 expert report, including by way of example but not limited to the 700 patients referenced in paragraph 5 of Dr. Whitehouse's report, the 1,800 active cases referenced in paragraph 2 of Dr. Whitehouse's report, and all patients whose past medical records were produced to Grace or made available for use in this bankruptcy case pursuant to this Court's June 5, 2006 production order.

**Response:**      Objection to Debtors' Request for documents that Grace already has independent access to or already possesses by virtue of the Grace Libby Medical Program as unnecessary and unduly burdensome on Libby Claimants.  Objection also to Debtors' Request for "past medical records [already] produced to Grace or made available for use in this bankruptcy case pursuant to this Court's June 5, 2006 production order" as unnecessary and unduly burdensome on Libby Claimants.

2

Without waiving these objections or the above-stated General Objections, Libby Claimants direct the Debtors to: (1) Exhibit 2, produced in Response to RFP No. 2 of Libby Claimants' Response to Official Committee of Asbestos Personal Injury Claimants First Set of Requests for the Production of Documents, which consists of all medical records and death certificates within the possession, custody, or control of Libby Claimants to support Exhs. 7, 10, & 14 of the Expert Report of Dr. Alan C. Whitehouse 12/29/08; (2) Exhibit 3, produced in Response to RFP No. 4 of Libby Claimants' Response to Official Committee of Asbestos Personal Injury Claimants First Set of Requests for the Production of Documents, which consists of all medical records within the possession, custody, or control of Libby Claimants for 121 of the 123 patients relied upon in *Whitehouse* (2004); and (3) Exhibit 7, produced in Response to RFP No. 15 of Libby Claimants' Response to Official Committee of Asbestos Personal Injury Claimants First Set of Requests for the Production of Documents, which consists in part of all pulmonary function test result documents reflecting PFT's administered by CARD or Dr. Alan C. Whitehouse for the Libby Claimants and within the possession, custody, or control of Libby Claimants.

Libby Claimants further respond by directing the Debtors to the attached Exhibit 1, which represents ALL medical records presently within the possession, custody, or control of Libby Claimants.[1]

---

[1] Libby Claimants hired additional staff to complete the enormous undertaking of scanning all in-house medical records. All records within the possession, custody, or control of Libby Claimants are not yet scanned. The effort is only partially complete, represented by the attached Exhibit 1. The effort is ongoing, and this Response and the attached Exhibit 1 will be supplemented.

393.001-25283.doc

Libby Claimants further respond by stating that Libby Claimants will produce to Debtors, when available, documents referenced in the attached Exhibit 2, consisting of a signed medical authorization for each Libby Claimant, together with a list of each Libby Claimants' medical providers, enabling the Debtors to obtain any or all medical records otherwise responsive to this Request and not already referenced herein or provided hereto. Generally, Libby Claimants respond that chest x-rays or CT scans for most Libby Claimants are available only through St. John's Hospital in Libby, and to a much lesser degree through the Libby CARD Clinic. Regarding such x-rays and CT scans, Libby Claimants respond that Debtors (through Dr. Haber) had access to such medical records in 2007.

2.     For each of the patients whose Medical Records are requested in paragraph 1, all documents relating to each patient's duration and severity of exposure to asbestos fibers while in the vicinity of Libby, Montana or central Lincoln County, Montana.

**Response:**     Objection to request for "all documents relating to . . ." as vague, overbroad, and burdensome.

Without waiving this objection or the above-stated General Objections, Libby Claimants direct the Debtors to: (1) Exhibit 5, produced in Response to RFP No. 10 of Libby Claimants' Response to Official Committee of Asbestos Personal Injury Claimants First Set of Requests for the Production of Documents, which consists of all Address Histories and Work Histories within the possession, custody, or control of Libby Claimants; (2) Expert Report by Dr. Terry Spear 12/29/08, and the documents on which it relies, including Exhibit 6, produced in Response to RFP No. 11 of Libby Claimants' Response to Official Committee of Asbestos Personal Injury Claimants First Set of Requests for the Production of Documents, which consists of documents known as the Asbestos Common Exhibits, together with the trial and deposition

4

393.001-25283.doc

testimony of Earl Lovick, which constitute the documents on which the Expert Report by Dr. Terry Spear 12/29/08, relies; (3) Exhibit 7, produced in Response to RFP No. 15 of Libby Claimants' Response to Official Committee of Asbestos Personal Injury Claimants First Set of Requests for the Production of Documents, which consists in part of (a) an updated list of the Libby Claimants, incorporating the 937 total cases referenced in the Disclosure Statement Objection and those individuals who should now, since the October 17, 2008, filing date of the Disclosure Statement Objection, also be considered as Libby Claimants, together with information reflecting, if applicable, their date of starting and ending employment at Grace, dates of employment at Grace by any family members (if applicable), and for those Libby Claimants who have not produced an address history as part of the above-referenced Exhibit 6 produced in Response to RFP No. 11 of Libby Claimants' Response to Official Committee of Asbestos Personal Injury Claimants First Set of Requests for the Production of Documents, the dates of their Libby residence; and (b) a list of all Grace employees and their dates of employment, also known as the "Alpha list;" (4) and the Libby Studies, as listed on p.78 of and produced with the Expert Report of Dr. Alan C. Whitehouse 12/29/08.

Libby Claimants also direct the Debtors to documents "filed" in the case of *Raymond Johnson v. Liberty NW Ins. Corp.*, Workers' Compensation Court of the State of Montana, WCC No. 2004-1092. *See* Federal Rule of Civil Procedure 26(b)(2)(C), which dictates that in the case of "all Documents filed" as public records, documents requested should be obtained by the Requesting Party in a more convenient, less burdensome, and less expensive manner than by taxing the limited resources of the Libby Claimants via the present request for production.

Libby Claimants also direct the Debtors to documents in the possession, custody, or control of Libby Claimants which were obtained from Debtors' Repositories, the EPA, or the Libby lumber mill. All such documents shall be made available at a reasonable time and in a reasonable manner for inspection by the Debtors at the offices of counsel for Libby Claimants: McGarvey, Heberling, Sullivan & McGarvey, P.C., 745 S. Main, Kalispell, MT, and Lewis, Slovak and Kovacich, P.C., 725 Third Avenue N., Great Falls, MT.

Libby Claimants also respond that "Exposure History" documents have been created by counsel for most of the herein-named Libby Claimants. Such documents, while potentially responsive to the request, are withheld pursuant to the work product doctrine, having been created by counsel, in anticipation of litigation, and incorporative of numerous mental impressions, conclusions, and opinions of counsel.

3.    For each of the Libby Claimants, as defined above, all of their Medical Records, including those Medical Records generated by treating physicians, pulmonologists other than Dr. Whitehouse, and non-pulmonary specialists.

**Response:**    See above Response to RFP No. 1.

Libby Claimants further respond by stating that Libby Claimants will produce to Debtors, when available, documents referenced in the attached Exhibit 2, consisting of a signed medical authorization for each Libby Claimant, together with a list of each Libby Claimants' medical providers, enabling the Debtors to obtain any and all medical records otherwise responsive to this Request and not already referenced herein or provided hereto.[2]

---

[2] Libby Claimants note the enormous undertaking of identifying ALL medical providers for ALL treatments. The effort is only partially complete, represented by the attached Exhibit 2. The effort is ongoing, and this Response and the attached Exhibit 2 will be supplemented.

4.  .  For each Libby Claimant or patient of Dr. Whitehouse whose exposure history was provided to Dr. Whitehouse by that individual's legal counsel (for example, James Roberts), all correspondence or documents in the possession of counsel reflecting the conversations between Dr. Whitehouse and counsel related to that Libby Claimant or patient's exposure history.

**Response:**    None.

5.    For each Libby Claimant who has been diagnosed with or died from a cancer other than mesothelioma, produce all documents, records, notes or memoranda related to Claimant's smoking history, exposure to radiation, or exposure to any other substance identified as a Group 1 Carcinogen by the International Agency for Research on Cancer.

**Response:**    Objection to request for "all documents, notes, or memoranda related to . . ." as vague, overbroad, and burdensome.  Objection also to "Group 1 Carcinogen by the International Agency for Research on Cancer" as vague.  *See* attached Exhibit 3, reflecting correspondence with the Debtors seeking clarification of the vague reference, but which never received a response.

Without waiving these objections or the above-stated General Objections, Libby Claimants direct the Debtors to the medical records referenced herein, which reflect information regarding smoking history and/or exposure to radiation or other carcinogens for the particular Libby Claimants at issue.

Libby Claimants further respond that "Exposure History" documents have been created by counsel for most of the herein-named Libby Claimants.  Such documents, while potentially responsive to the request, are withheld pursuant to the work product doctrine, having

7

been created by counsel, in anticipation of litigation, and incorporative of numerous mental

impressions, conclusions, and opinions of counsel.

Dated: March 24, 2009            **LANDIS RATH & COBB LLP**
      Wilmington, Delaware

                                  Adam G. Landis (No. 3407)
                                  Kerri K. Mumford (No. 4186)
                                  919 Market Street, Suite 1800
                                  Wilmington, DE  19801
                                  Telephone:  (302) 467-4400
                                  Facsimile:  (302) 467-4450

                                      - and -

                                  Daniel C. Cohn
                                  Christopher M. Candon
                                  **COHN WHITESELL & GOLDBERG LLP**
                                  101 Arch Street
                                  Boston, MA 02110
                                  Telephone:  (617) 951-2505
                                  Facsimile:  (617) 951-0679

                                  *Counsel for the Libby Claimants*

# EXHIBIT 1

**(To be provided upon entry of a confidentiality order)**

# EXHIBIT 2

## (To be provided upon entry of a confidentiality order)

# EXHIBIT 3

> 
> ----- Original Message -----
> From: "Janet Baer" <jbaer@kirkland.com>
> To: "Jon L. Heberling" <jheberling@mcgarveylaw.com>
> Cc: "Christopher M. Candon" <candon@cwg11.com>; "Daniel Cohn"
> <cohn@cwg11.com>; "Jon" <jheberling@mcgarveylaw.com>; "Mark Kovacich"
> <mark@lsklaw.net>; "Tom Lewis" <tom@lsklaw.net>; <mlorimer@kirkland.com>
> Sent: Monday, February 09, 2009 1:30 PM
> Subject: Re: Grace RFPs
> 
> 
> Jon: In response to your first request, please see the
> attached. Jan
> 
> (See attached file: Libby Claimants whose records were
> produced in BR.xls)
> 
> Janet S. Baer
> Kirkland & Ellis LLP
> 312-861-2162
> 312-660-0362 (fax)
> 200 E. Randolph
> Chicago, IL 60601
> 
> 
> 
>          "Jon L.
>          Heberling
>          "                           To
>          <jheberli       jbaer@kirkland.com
>          ng@mcgarv                   cc
>          eylaw.com       "Christopher M. Candon"
>          >               <candon@cwg11.com>,
>                          Daniel Cohn
>          02/06/200       <cohn@cwg11.com>, Tom

3/23/2009

>      9 10:08     Lewis <tom@lsklaw.net>,
>      AM        Mark Kovacich
>            <mark@lsklaw.net>, Jon
>            <jheberling@mcgarveylaw
>            .com>
>                Subject
>      Grace RFPs
>
>
>
>
>
>
>
>
>
>
> Dear Jan:
>
>    In the Grace RFP of 1/23/09, item 1 requests all
> medical records for "all patients whose past medical
> records were produced to Grace or made available for
> use in this bankruptcy case pursuant to this Court's
> June 5, 2006 production order."  That production was
> done by CARD to Grace.  We have no list of patients
> whose medical records were provided.  Please send us a
> list of patients whose medical records were provided
> and the dates of such documents.
>
>    Item 5 seeks documents relating to "exposure to
> another substance identified as a group one carcinogen
> by the International Agency for Research on Cancer."
> We do not have this document.  Please supply us with a
> copy.
>
> Yours sincerely,
>
> Jon L. Heberling
> --
>
> --
> DO NOT read, copy or disseminate this communication
> unless you are the intended addressee.  This e-mail
> communication contains confidential and/or privileged
> information intended only for the addressee.  If you
> have received this communication in error, please call
> us (collect) immediately at (406)752-5566 and ask to
> speak to the sender of the communication.  Also please
> e-mail the sender and notify the sender immediately
> that you haveeived the communication in error.
>

3/23/2009