## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., et al., | : | Case No. 01-1139 (JKF) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |

### LONDON MARKET COMPANIES' NOTICE OF DEPOSITION TO W.R. GRACE & CO., ET AL. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE (30)(b)(6)

PLEASE TAKE NOTICE that Certain London Market Insurance Companies, as identified on Exhibit "A" to their Notice of Appearance filed on January 5, 2009 (hereinafter "London Market Companies"), through their undersigned counsel, will take the deposition(s) upon oral examination of W.R. Grace & Co. et al. (the "Debtor"), pursuant to Bankruptcy Rules 7030 and 9014 and Federal Rule of Civil Procedure 30(b)(6), before a notary public or an officer authorized by law to administer oaths. The deposition will take place on **May 13, 2009**, beginning at **9:00 a.m.**, at Kirkland & Ellis, LLP, 655 Fifteenth Street, Washington, D.C. 20005 (or such other locations as mutually agreed upon by the parties) and shall continue from day to day until concluded. The deposition will proceed before an officer authorized by law to administer oaths and will be recorded by stenographic means. You are invited to attend and participate.

Pursuant to Rule 30(b)(6), the Debtor shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf as to all facts and other information known or reasonably available to the Debtor relating to the matters set forth in Attachment A. For each person designated to testify as to any matter set forth in Attachment A, the Debtor is requested to produce at the deposition all documents which the person has

2774

reviewed in preparing to testify with respect to the matters as to which the person is designated to testify, and, unless already made available in discovery, all other documents relating to the matters set forth in Attachment A.

Dated: May 11, 2009

JOHN SHEEHAN SPADARO, LLC

/s/ John S. Spadaro
John S. Spadaro (No. 3155)
724 Yorklyn Road, Suite 375
Hockessin, DE 19707
Telephone: (302) 235-7745
Facsimile: (302) 235-2536
jspadaro@johnsheehanspadaro.com

Attorney for Certain London Market
Insurance Companies

Of Counsel:

Alexander J. Mueller
Thomas J. Quinn
MENDES & MOUNT LLP
750 Seventh Avenue
New York, New York 10019
212-261-8000
alexander.mueller@mendes.com
thomas.quinn@mendes.com

2774

2

**ATTACHMENT A**

I. **DEFINITIONS**

The following definitions shall apply solely for purposes of this deposition notice:

1. The term "Revised Joint Plan" refers to the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated February 27, 2009 (dkt. No. 20872).

2. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Revised Joint Plan.

3. The terms "Grace" and the "Debtors" refer to entities listed in Section 1.1.(94) of the Revised Joint Plan, including their current and former affiliates, subsidiaries, agents and representatives, both individually and collectively.

4. The term "London Market Companies" refers to Certain London Market Insurance Companies, as identified on Exhibit "A" to their Notice of Appearance filed on January 5, 2009, including their current and former affiliates, subsidiaries, agents, and or representatives, both individually and collectively.

5. The term "1995 Agreement" refers to the Asbestos Settlement Agreement between W.R. Grace & Co. and Eagle Star Insurance Company (as successor in interest to British Northwestern Insurance Company) and Underwriter's at Lloyd's, London and Certain London Market Insurance Companies.

6. The term "1996 Agreement" refers to the Pollution Settlement Agreement between W.R. Grace & Co. and certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies.

2774

3

7. The terms "document" or "documents" Shall have the meaning set forth in the Federal Rules of Civil Procedure, and shall include, without limitation, the original and non-identical copy of any written, recorded or graphic matter, however produced or reproduced, including, but not limited to, any correspondence, memoranda, notes, meeting minutes, telegrams, reports, transcripts, emails, or telephone conversations or any other writings or documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith, and any other photographic and retrievable matter (whether encoded, taped or encoded, electrostatically or otherwise), in the possession, custody or control of the answering party, its agents, employees, counsel or other representatives. Non-identical copies, drafts, and identical copies with handwriting are separate "documents" within the meaning of that term.

8. The term "communication" is used in the broadest sense and includes, without limitation, any oral or written transmittal of information or request for information made from one person to another, whether made in person, by telephone or by any other means, or a document made for the purpose of recording a communication, idea, statement, opinion or belief.

9. The term "relate to", or variations thereof, means directly or indirectly mentions, describes, pertains to, refers to, reflects upon, supports, contradicts, concerns, contains, constitutes, discusses, embodies, memorializes, entails, evidences, comments on, or is in any way pertinent to, directly or indirectly, in whole or in part.

## II. SUBJECTS OF INQUIRY

1. The treatment of the 1995 Agreement under the Revised Joint Plan.

2. The treatment of the 1996 Agreement under the Revised Joint Plan.

3. The provisions of the Revised Joint Plan that relate to Asbestos Insurance Reimbursement Agreements, including, without limitation, Sections 1.1(9), 1.1(16), 7.2.2(d)(iv), 7.7, 7.13, 7.15, 9.1 and Exhibit 6 (Asbestos Insurance Transfer Agreement).

4. The provisions of the Revised Joint Plan that relate to Indirect PI Trust Claims, including, without limitation, Sections 1.1(138) and Exhibit 4 (Trust Distribution Procedures).

5. Any other topic identified in the 30(b)(6) deposition notices served by any other insurer of the Debtor.

6. Any documents or communications relating to any of the foregoing.