1          IN THE UNITED STATES BANKRUPTCY COURT

2            FOR THE DISTRICT OF DELAWARE

3  IN RE:                  :
                        : Chapter 11

4  W.R. GRACE & CO., et al.,    :
                        : Case No. 01-01139 (JKF)

5     Debtors.             :
  . . . . . . . . . . . . . . . .

6

7                Wilmington, Delaware
                 April 27, 2009
                  10:29 a.m.

8

9          TRANSCRIPT OF OMNIBUS HEARING
       BEFORE THE HONORABLE JUDITH K. FITZGERALD
         UNITED STATES BANKRUPTCY JUDGE

10

11  APPEARANCES:

12  For Arrowwood:         Garvin McDaniel, Esquire

13

   VIA TELEPHONE:

14

   For W.R. Grace:        Janet Baer, Esquire
15                    Law Offices of Janet Baer

16                 Barbara Harding, Esquire
                 David Bernick, Esquire
17                 Deanna Boll, Esquire
                 Lisa Esayian, Esquire
18                 Theodore Freedman, Esquire
                 Christopher Greco, Esquire
19                 Magali Lee, Esquire
                 Mark Lewinstein, Esquire
20                 Andrew R. Running, Esquire
                 Kirkland & Ellis
21

                 James E. O'Neill, Esquire
22                 Pachulski, Stang, Ziehl & Jones

23                 James Restivo, Esquire
                 Douglas E. Cameron, Esquire
24                 Reed, Smith, Shaw & McClay

25

2

```
 1                              William Sparks, Esquire
                                W.R. Grace & Co.
 2
       For the Official:        Richard Levy, Esquire
 3     Committee for the        Pryor Cashman LLP
       Asbestos Property
 4     Damage Claimants         Darrell Scott, Esquire
                                The Scott Law Firm
 5
                                Martin Dies, Esquire
 6                              Dies & Hile, LLP

 7                              Marion Fairy, Esquire
                                Alan Runyan, Esquire
 8                              Daniel Speights, Esquire
                                Speights & Runyan
 9
                                Theodore Tacconelli, Esquire
10                              Ferry, Joseph & Pearce, P.A.

11                              Edward J. Westbrook, Esquire
                                Richardson Patrick Westbrook
12
                                Scott Baena, Esquire
13                              Matthew Kramer, Esquire
                                Jay Sakalo, Esquire
14                              Bilzin, Sumberg, Baena, Price &
                                Axelrod, LLP
15
                                Thomas J. Brandi, Esquire
16                              Terence D. Edwards, Esquire
                                The Brandi Law Firm
17
                                Elizabeth J. Cabraser, Esquire
18                              Lieff, Cabraser, Heimann & Bernstein

19                              Elizabeth Devine, Esquire
                                LECG
20
                                Nathan Finch, Esquire
21                              Jeffrey A. Liesemer, Esquire
                                Peter Lockwood, Esquire
22                              Walter Slocombe, Esquire
                                Caplin & Drysdale
23
                                Robert M. Horkovich, Esquire
24                              Anderson, Kill & Ollick

25
```

3

| | | |
|---|---|---|
| 1 | | Mark Hurford, Esquire |
| | | Campbell & Levine |
| 2 | | |
| | For State of Montana: | Kevin J. Mangan, Esquire |
| 3 | & Her Majesty the Queen | Francis Monaco, Esquire |
| | in Right of Canada | Womble, Carlyle, Sandridge & Rice |
| 4 | | |
| | For Century Indemnity: | Joseph Gibbons, Esquire |
| 5 | Co. | White & Williams |
| 6 | For CNA: | Daniel Glosband, Esquire |
| | | Brian Mukherjee, Esquire |
| 7 | | Goodwin Proctor, LLP |
| 8 | For National Union: | Robert Guttmann, Esquire |
| | Fire Insurance | Michael S. Davis, Esquire |
| 9 | | Zeichner, Ellman & Krause, LLP |
| 10 | For Arrowwood: | Tancred Schiavoni, Esquire |
| | | O'Melveny & Myers |
| 11 | | |
| | For Various Claimant: | Sander L. Esserman, Esquire |
| 12 | Firms | David J. Parsons, Esquire |
| | | Stutzman, Bromberg, Esserman & Plifka |
| 13 | | |
| | For Ford, Marrin, : | Elizabeth DeCristofaro, Esquire |
| 14 | Esposito Witmeyer & | Shayne Spencer, Esquire |
| | Gleser, L.L.P. | Ford, Marrin, Esposito, Witmeyer & |
| 15 | | Gleser, L.L.P. |
| 16 | | |
| | For Allstate Insurance: | Andrew K. Craig, Esquire |
| 17 | Company | Cuyler Burk, LLP |
| 18 | For Anderson Memorial: | John W. Kozyak, Esquire |
| | Hospital | David L. Rosendorf, Esquire |
| 19 | | Kozyak, Tropic & Throckmorton, PA |
| 20 | For David T. Austern: | Jonathan Guy, Esquire |
| | | Richard H. Wyron, Esquire |
| 21 | | Roger Frankel, Esquire |
| | | Orrick, Herrington & Sutcliffe |
| 22 | | |
| | | Joseph Radecki, Esquire |
| 23 | | Tre Angeli, LLC |
| 24 | | John C. Phillips, Jr., Esquire |
| | | Phillips, Goldman & Spence, P.A. |
| 25 | | |

4

| | | |
|---|---|---|
| 1 | | Jason Solganick, Esquire |
| | | Piper Jaffray & Co. |
| 2 | | |
| | For The Official: | Arlene Krieger, Esquire |
| 3 | Committee of Unsecured | Stroock & Stroock & Lavan, LLP |
| | Creditors | |
| 4 | | Michael Lastowski, Esquire |
| | | Duane Morris, LLP |
| 5 | | |
| | For the Official: | Douglas H. Mannal, Esquire |
| 6 | Committee of Equity | Kramer, Levin, Naftalis & Frankel, |
| | Security Holders | LLP |
| 7 | | |
| | For AXA Belgium: | Michael Shiner, Esquire |
| 8 | | Tucker Arensberg |
| 9 | For London Market Co.: | Alex Mueller, Esquire |
| | | Mendes & Mount |
| 10 | | |
| | For Maryland Casualty: | Edward Longosz, Esquire |
| 11 | Co. | Laura Stover, Court Reporter |
| | | Eckert, Seamans, Cherin & Mellott |
| 12 | | |
| | | Jeffrey C. Wisler, Esquire |
| 13 | | Connolly Bove Lodge & Hutz |
| 14 | For Royal Indemnity: | Carl Pernicone, Esquire |
| | | Wilson, Elser, Moskowitz, Edelman & |
| 15 | | Dicker |
| 16 | For Everest Reinsurance: | Mark Plevin, Esquire |
| | Company, et al. | Cromwell & Moring, LLP |
| 17 | | |
| | For the Hartford: | Nancy Manzer, Esquire |
| 18 | | Wilmer, Cutler, Pickering, Hale & |
| | | Dorr |
| 19 | | |
| | For Babson Capital: | Marti Murray, Esquire |
| 20 | Management, Inc. | Babson Capital Management, Inc. |
| 21 | For Jennifer Whitener: | Jennifer Whitener, Esquire |
| | | Dewey & LeBoeuf, LLP |
| 22 | | |
| | For Travelers: | Elisa Alcabes, Esquire |
| 23 | | Mary Beth Forshaw, Esquire |
| | | Simpson, Thatcher & Bartlett |
| 24 | | |
| | For Vinson & Elkins,: | Ari Berman, Esquire |
| 25 | LLP | Vinson & Elkins, LLP |

5

| | | |
|---|---|---|
| 1 | For One Bacon & Seaton: | Jeffrey Boerger, Esquire |
| | Insurance, et al. | Michael F. Brown, Esquire |
| 2 | | Drinker, Biddle & Reath LLP |
| 3 | For Libby Claimants: | Christopher M. Candon, Esquire |
| | | Daniel C. Cohn, Esquire |
| 4 | | Cohn, Whitesell & Goldberg, LLP |
| 5 | For the Federal: | Jacob C. Cohn, Esquire |
| | Insurance Company | Cozen O'Conner |
| 6 | | |
| | For Interested: | Alan B. Rich, Esquire |
| 7 | Property Damage | The Law Office of Alan B. Rich |
| 8 | For Dow Jones News: | Peg Brickley, Esquire |
| | Wires | Dow Jones News Wires |
| 9 | | |
| | For Burlington: | Linda J. Casey, Esquire |
| 10 | Northern Santa Fe | Pepper Hamilton, LLP |
| | Railway | |
| 11 | | |
| | For Bank Debit Holders: | Richard S. Cobb, Esquire |
| 12 | | James S. Green, Jr., Esquire |
| | | Landis, Rath & Cobb, LLP |
| 13 | | |
| | For Scotts Company: | Tiffany Cobb, Esquire |
| 14 | | Vorys, Sater, Seymour & Pease, LLP |
| 15 | For The Bank Lender: | Rebecca Zubaty, Esquire |
| | Group | Margaret Phillips, Esquire |
| 16 | | Paul, Weiss, Rifkind, Wharton & |
| | | Garrison, LLP |
| 17 | | |
| | For the Fireman's Fund: | John D. Demmy, Esquire |
| 18 | Insurance Co. | Marnie Simon, Esquire |
| | | Stevens & Lee, P.C. |
| 19 | | |
| | For Grace Certain: | Natalie D. Ramsey, Esquire |
| 20 | Cancer Claimants | Montgomery, McCracken, Walker & |
| | | Rhoads, LLP |
| 21 | | |
| | Court Recorder: | Brandon McCarthy |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |

6

1   Transcription Service:    Perfect Pages Transcription, Inc.
                              18 Tuckerton Road
2                             Shamong, NJ 08088
                              www.perfecttranscripts.com
3                             (609) 654-8880

4

5   Proceedings recorded by electronic sound recording;
    transcript produced by transcription service.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

7

1      (Call to order of the Court.)

2          THE COURT:  Good morning.

3          UNIDENTIFIED SPEAKER:  Good morning, Your Honor.

4          THE COURT:  Please be seated.  This is the matter of

5   W.R. Grace, 01-1139.  Participants by phone, Elisa Alcabes,

6   Scott Baena, Janet Baer, Ari Berman, David Bernick, Jeffrey

7   Berger, Deanna Boll, Thomas Brandi, Peg Brickley, Michael

8   Brown, Elizabeth Cabraser, Douglas Cameron, Christopher

9   Candon, Linda Casey, Richard Cobb, Tiffany Cobb, Daniel Cohn,

10  Jacob Cohn, Andrew Craig, Michael Davis, Elizabeth

11  DeCristofaro, John Demmy, Elizabeth Devine, Martin Dies,

12  Terence Edwards, Lisa Esayian, Sander Esserman, Marion Fairey,

13  Nathan Finch, Mary Beth Forshaw, Roger Frankel, Theodore

14  Freedman, Joseph Gibbons, Daniel Glosband, Christopher Greco,

15  James Green, Robert Guttmann, Jonathan Guy, Barbara Harding,

16  Robert Horkovich, Mark Hurford, John Kozyak, Matthew Kramer,

17  Arlene Krieger, Michael Lastowski, Magali Lee, Richard Levy,

18  Marc Lewinstein, Jeffrey Liesemer, Peter Lockwood, Edward

19  Longosz, Kevin Mangan, Douglas Mannal, Nancy Manzer, Francis

20  Monaco, Alex Mueller, Brian Mukherjee, Marti Murray, James

21  O'Neill, David Parsons, Carl Pernicone, Margaret Phillips,

22  John Phillips, Mark Plevin, Joseph Radecki, Natalie Ramsey,

23  James Restivo, Alan Rich, David Rosendorf, Andrew Running,

24  Alan Runyan, Jay Sakalo, Tancred Schiavoni, Darrell Scott,

25  Michael Shiner, Marnie Simon, Walter Slocombe, Jason

8

1    Solganick, William Sparks, Daniel Speights, Shane Spencer,

2    Laura Stover, Theodore Tacconelli, Edward Westbrook, Jennifer

3    Whitener, Jeffrey Wisler, Richard Wyron, and Rebecca Zubaty.

4    You entering an appearance?

5              MR. MCDANIEL:  Sure.

6              MR. MCDANIEL:  Garvin McDaniel, for Arrowood.

7              THE COURT:  Ms. Baer?

8              MS. BAER:  Good morning, Your Honor, Janet Baer on

9    behalf of the Debtors.  First of all, Your Honor, thank you

10   for letting us participate by telephone.  We hoped we saved a

11   lot of time and money by people being able to stay put where

12   they were.  Your Honor, on the agenda today, items number 1

13   and 2 are claims-related matters that are being continued to

14   the next Omnibus Hearing, which is June 1st.  And we will send

15   over Orders that continue those two matters.

16             THE COURT:  That's fine.

17             MS. BAER:  Your Honor, items 3, 4, 5, 6, 7 and 9 on

18   the agenda were all submitted on Certifications of Counsel or

19   Certificates of No Objection, and Your Honor has entered all

20   of those Orders.

21             THE COURT:  Yes.

22             MS. BAER:  As a result, Your Honor, that bring us to

23   item number 8 on the agenda.  And, Your Honor, this is the

24   Motion that was filed by the Debtors for approval of a

25   settlement agreement with Macerich Fresno related to an

1  Asbestos Property Damage Claim.  And we understand that Your

2  Honor has not entered the Order on that, and I believe it --

3  it looks as though there's, I think, a procedural issues here,

4  and Your Honor wanted us to discuss that with the Court today.

5      THE COURT:  Well, I think it's a substantive issue

6  actually.  I did an Order that disallowed the claim, if it's

7  the same claim.  And that's the reason I didn't understand how

8  this is in the best interest of the estate, if, in fact, it's

9  the same claim.

10      MR. RESTIVO:  Your Honor, Jim Restivo on the line.

11 You did enter that Order.  An appeal was taken.  In the

12 District Court appeal, it was sent to mediation, and either as

13 a part of that mediation or subsequent to that mediation, in

14 order to dispense with the appeal, there was a settlement.

15 And so when I realized the Court did not sign this Order, Ms.

16 Baer and I concluded that there may be a jurisdictional issue

17 and that what we need to do is have it remanded back to this

18 Court for, I guess, opening of the dismissal and then approval

19 of the settlement is -- does seem to be the correct procedure

20 for Your Honor?

21      THE COURT:  I suppose that's the case.  I mean,

22 where does it stand?  I'm a little bit clueless as to where

23 this stands.  I think that's the problem.

24      MR. RESTIVO:  Well, as a practical matter, the case

25 has been settled.  While we have agreed to a settlement, we

10

1  have not filed a piece of paper in the District Court to that

2  effect and, therefore, I think we have to get the claim back

3  before the Bankruptcy Court, and then ask the Court to issue

4  an Order approving our settlement.

5          THE COURT:  So the appeal was in the District Court,

6  the District Court sent it to its mediation program.  The

7  parties settled it in the District Court Mediation Program.

8  The District Court mediator has filed some report at the

9  District Court level but nothing's been filed remanding it

10  back to the Bankruptcy Court so that the appropriate notices

11  can get out in the bankruptcy procedure and the parties are

12  aware of the fact that the settlement's going on.  Is that the

13  circumstance?

14          MR. RESTIVO:  I think so, Your Honor.  I mean, we

15  did file a Motion to Approve in the Bankruptcy Court, and that

16  certainly has gone out to everyone in the bankruptcy, and so

17  everyone knows it has been settled, but I think, technically,

18  the case is in the District Court and I think we have to get

19  it back before Your Honor so that you can then enter the Order

20  approving the settlement.

21          THE COURT:  I think that's the procedural hurdle,

22  okay.  I think, yes, you need an Order from the District Court

23  that I think suggests that I have the jurisdiction to approve

24  the settlement, yes.

25          MR. RESTIVO:  Ms. Baer and I will prepare that Order

1   and try to -- and get the Macerich claim back before Your

2   Honor.  Do we then need an Order, Your Honor, to do something

3   to open the dismissal or do we just simply need to stand on

4   our Motion now for an order authorizing the settlement?

5           THE COURT:  Well, I think you probably need to

6   vacate the dismissal based on the settlement, but I think

7   that's just one more piece of paper at this point that needs

8   to be filed -- well, actually I don't know.  Since it's on

9   appeal and you've agreed to settle it on appeal, if the

10  District Court remands it for purposes of the Bankruptcy Court

11  to act on the approval of the settlement based on the appeal,

12  I'm not sure you have to vacate the dismissal since it was on

13  appeal.

14          MR. RESTIVO:  Could we put in the approval Order,

15  just to be safe, that the dismissal is vacated and we'll spell

16  out that we settled it at the District Court level and why

17  it's back, maybe just spell that out in the Order, and that

18  ought to make the docket understandable to someone looking at

19  the docket a couple years from now?

20          THE COURT:  I think that would make sense, yes.

21          MR. RESTIVO:  We will do that, Your Honor.

22          THE COURT:  Okay.

23          MS. BAER:  Your Honor, with respect to the Motion

24  that's actually on the Court's docket, should we just continue

25  that to the next omnibus hearing or -- and then perhaps we can

1  get this District Court thing ironed out and have this in a

2  position where you can then enter it?

3         THE COURT:  I think so.  I mean, you filed an

4  indication that no one's objected, so I take it the

5  appropriate notices have gone out.  It's just that I don't

6  think I can rule on it.  So I take it that you don't need to

7  make new service, correct?  It's just a matter of making sure

8  that there's jurisdiction here and making sure that the

9  parties understand that everyone gets notice of the fact that

10  this Court then has the ability to make the rulings that are

11  necessary to approve or not approve the settlement.

12         MS. BAER:  Yeah.  I think we can take care of that,

13  Your Honor, with the Order that we'll get from the District

14  Court.

15         THE COURT:  Okay, yes.  Why don't you just continue

16  the pending Motion, and then whatever the procedural hurdle

17  is, if you need to do a supplemental notice to make sure that

18  everyone is aware of the fact that it's back on with the

19  appropriate approvals, then do that.  And if you don't have

20  those approval by June, then continue it to the omnibus after

21  that instead.

22         MS. BAER:  Thank you, Your Honor.  We'll do that.

23         THE COURT:  Okay.  Just, you know, put -- there's no

24  point putting it back on until you have those approvals or

25  don't have them, whichever it's going to be.

1        MS. BAER:  Okay.  All right.  For now, we'll just

2   enter and continue it until the June 1st hearing.

3        THE COURT:  Okay.  Does anybody disapprove of that

4   process?

5      (No verbal response.)

6        THE COURT:  All right.  That's fine.

7        MS. BAER:  Thank you.

8        THE COURT:  I think that's the only issue that was

9   on the calendar for today.  It's just that I didn't know what

10  to do with it.

11        MS. BAER:  Yeah.  Your Honor, we sort of figured

12  that out after the fact when we started discussing it and it

13  became obvious what the problem was.

14        THE COURT:  Okay.  Anything else today?

15        MS. BAER:  Your Honor, the last matter on the agenda

16  was under the heading of discovery matters.  And there are a

17  couple easy things and a couple of difficult things.  The

18  actual matter that's on the agenda, the Arrowood Motion, is

19  not going forward today.  It was not noticed in a timely

20  basis, and no Motion to Expedite was filed at this point in

21  time.  But it relates to, I think, a little bit bigger issue

22  with respect to discovery.  And first, perhaps, I can deal

23  with the easy things.  Your Honor, we filed two Certifications

24  of Counsel on Friday.  One of them was a Certification of

25  Counsel to Amend the Second Amended Case Management Order for

14

1   Confirmation.  That Certification of Counsel is at Docket

2   Number 21404.  That is an agreed-upon and pretty simple change

3   to the Case Management Order, Your Honor.  It changes three

4   deadlines.  It changes the deadline for the completion of

5   phase one non-expert depositions and moves it from May 4th to

6   May 18th, which is also the deadline for the completion of

7   expert depositions.  So all of them are now to be completed on

8   the same day under this agreed schedule.

9        The second deadline that is changed at the request of the

10  Debtor's insurers who are plan objectors, the phase one trial

11  briefs would be changed from being due from plan objectors

12  from May 18th to June 1st.  And then the plan proponents' phase

13  one trial briefs would be moved from being due on May 29th to

14  being due on June 8th.  And June 8th, Your Honor, under the new

15  schedule, is also the date when the binders are due to Court,

16  the exhibits are to be exchanged, and that does not get

17  changed.  So we're hoping that Your Honor would approve these

18  changes so that we don't change the hearing date in any way,

19  shape or form, and we don't get the materials to the Court any

20  later than originally scheduled.  We just get the trial briefs

21  in a little bit later than originally anticipated but still at

22  the same time as all the other submissions to the Court.

23       THE COURT:  All right.  And this is agreed on by

24  everybody who's affected by it?

25       MS. BAER:  Yes, Your Honor.

1          THE COURT:  And it's Docket 21404?  I haven't seen

2    it.

3          MS. BAER:  Yes, Your Honor.  It's Docket 21404.  And

4    there's one other change in the schedule -- it's not a change

5    in the schedule.  It's a clarification on the phase-one

6    issues.

7          THE COURT:  At that same docket number?

8          MS. BAER:  Same docket number, Your Honor.

9          THE COURT:  All right.

10          MS. BAER:  So when you look at the new Order there,

11    it was those three changes in dates and then that one

12    clarification in page -- on paragraph one of the CMO that

13    addresses the issue of reimbursement agreements and when

14    reimbursement agreements are going to be dealt with.  So, Your

15    Honor, that's the -- that's one of the two Certifications of

16    Counsel we filed on Friday that relate to discovery.

17        The second Certification of Counsel that we filed on

18    Friday that relates to discovery is also agreed upon.  That is

19    a new Protective Order that we are asking the Court to enter.

20    It's at Docket Number 21403.  That new Protective Order

21    relates to confidential materials that have been asked for

22    most specifically by some of the Debtors' insurers and plan

23    objectors whereby certain information, like, for example,

24    insurance policies, cannot be produced unless we have a

25    Protective Order in place.  This Protective Order was

16

1    discussed with all plan objectors, including the Libby folks.

2    Ultimately, everybody agreed that this Protective Order could

3    be entered by the Court, but it does not, Your Honor, deal

4    with Libby medical issues.  That was the source of a lot of

5    discussion, which is why we had to delay so long in ultimately

6    filing a new Protective Order.

7         The Libby medical-related issues are the subject of and

8    related to the Whitehouse Motion that is actually on your

9    agenda right now but not set for hearing today.  But it does

10   relate, Your Honor, to other discovery matters that have just

11   come to light in the last few days.  We had a meet and confer

12   at the end of last week with the Libby folks and the other

13   plan objectors.  We had a meet and confer again this morning.

14   And, Your Honor, based on that, we do see that the Arrowwood

15   Motion should probably be expedited, and we anticipate there

16   are going to be a few other related discovery motions that the

17   Debtor intends to file shortly that we may have to seek

18   expedited hearing on.  And in that respect, Your Honor, my co-

19   counsel, Barb Harding, from Kirkland & Ellis, is on the phone

20   and was a participant in these meet and confers and I think

21   would like to address a little bit further with you.

22        MS. HARDING:  Good morning, Your Honor.

23        THE COURT:  Good morning.

24        MS. HARDING:  It's nice to be back in front of you,

25   even if it is by phone.  With respect to discovery, Your

1    Honor, I think that it's fair to say that the parties have

2    reached an impasse on certain discovery issues.  And it does

3    appear that we'll need the Court's intervention to resolve

4    them.  And I wont argue the issues this morning.  I just did

5    want to alert Your Honor to them.  There's kind of two

6    categories of issues.  The first set of issues relate to

7    discovery by the Libby Claimants.  And, again, I don't want to

8    argue the issue but we will be filing a motion probably in the

9    next day of two, and we will be seeking expedited review.  And

10   as Ms. Baer said, I think that it does make sense to hear it

11   along with the Motion to Strike by the insurers.  And then I

12   think the Libby Claimants will have a response.  And I --

13   we're all in agreement that we think these issues need

14   expedited review by Your Honor.  And we have attempted, on a

15   number of occasions, to resolve them without the Court's

16   intervention, but it's just not going to be possible.  So that

17   is the first category of issues, and I think that we will

18   layout the reason we need the expedited review in the papers

19   so you can review it, Your Honor.  And then if you agree,

20   we'll seek a -- we'll work with your clerk to try to come up

21   with a date that we can have a telephonic hearing on the

22   issue.

23          THE COURT:  All right.

24          MS. HARDING:  So that's the first issue.  The second

25   issue, it just relates to kind of a broader set of issues

1  where the plan proponents believe that there's been some very

2  burdensome and late discovery.  We are going to try to

3  continue to work this out with the objectors.  And if we

4  cannot over the next few days, I think we will again have to

5  seek expedited review, but that one we're still trying to work

6  out, so we will just come to the Court, probably by the end of

7  the week, if we can't resolve it.

8          THE COURT:  Okay.  Just so you know, in terms of

9  scheduling, the entire first week of May, I am going to be

10  unavailable.  The Third Circuit Judicial Conference is at the

11  beginning of the week, and I'm doing a seminar out of the

12  state the entire second half of the week, so I will not be

13  doing any hearings, expedited or otherwise, that week.

14          MS. HARDING:  Okay, Your Honor.  Then we'll try to

15  -- we'll probably try to work for that second week then.

16          THE COURT:  Okay.

17          MS. HARDING:  See if we can get on your schedule for

18  a telephonic hearing.

19          THE COURT:  Okay.  I don't -- I can't tell you

20  what's available.  I don't know.  But I do know the first week

21  is not going to be available.

22          MS. HARDING:  Okay.  Thank you.  And obviously,

23  we'll work around your schedule and do whatever is convenient

24  for you.

25          THE COURT:  Okay.  So if you're going to file

1  something, it would be helpful if you do get it filed in the

2  next couple of days because that also means the first week,

3  I'm not going to have access to really being able to read

4  much.

5          MS. HARDING:  I understand, and we'll absolutely do

6  that.

7          THE COURT:  Okay.

8          MS. BAKER:  Judge, excuse me.  It's Ramona --

9          THE COURT:  Yes.

10          MS. BAKER:  -- Baker.  I'm looking at your calendar

11  for the second week of May, and it looks like it's pretty

12  full.

13          THE COURT:  Not surprised since I'm out the whole

14  first week, but okay.

15          MS. BAKER:  I just wanted to let you know that,

16  okay?

17          THE COURT:  Yes.  I think we have to wait to see

18  what's filed and then, you know, when parties call and tell me

19  how much time they think they'll need after the motions are

20  filed, we'll have to work with them, Mona, and see what we can

21  put together.  I just know that there is no -- no way it's

22  going to happen the first week.

23          MS. BAKER:  Okay.

24          MS. HARDING:  Thank you, Your Honor.

25          THE COURT:  Okay.  Anybody --

1          MR. COHEN:  Your Honor?

2          THE COURT:  -- else?  Yes?

3          MR. COHEN:  This is Daniel Cohen for the Libby

4     Claimants.

5          THE COURT:  Yes.

6          MR. COHEN:  I just -- again, further by way of heads

7     up, in addition to the Libby Claimants' response, or more

8     accurately, our own version of what the Protective Order

9     relating to medical information ought to look like, in

10    addition to that, we will be filing a motion and seeking

11    expedited treatment relating to the plan proponents'

12    noncompliance.  Our view -- again, I don't want to argue the

13    motion, noncompliance with -- or non-responsiveness to our

14    contention interrogatories.  And so what I would suggest

15    procedurally is that those motions, which will end up being,

16    you know, two topics or possibly three, would -- should all be

17    scheduled probably at the same time.  And we'll say that in

18    the motion papers but I just wanted to give you a heads up.

19         THE COURT:  Well, they probably should all be

20    scheduled at the same time but, Mr. Cohen, I'd also appreciate

21    it if you could get that filed this week so I can get all the

22    responses in so I have a chance to see everything, if

23    possible, by the end of the week.

24         MR. COHEN:  Yes, Your Honor.  That Motion we'll be

25    filing today, the one I just referred to.  And then in the

1  next couple of days, we'll be filing our Motion relating to

2  the Protective Order for medical information.  So I think that

3  one and Grace's Motion will come in at about the same time.

4  Sounds like you'll have it all by Wednesday at the latest.

5      THE COURT:  Okay.  If -- is the issues with respect

6  to the Protective Order just tweaking the language as to what

7  you want excluded from discovery or the Protective Order

8  stating specifically the language in the Order as to how the

9  information's going be protected, both by the parties using it

10  now and then what happens to it later?

11      MR. COHEN:  Your Honor, there seem to be two issues.

12  One is the issue of how the -- of how the people who are not

13  clients of our firm will be treated.  These are people who are

14  protected clearly by medical privacy statutes, and so there

15  are issues just as to how we can deal with their records given

16  that they are part of the reliance materials of Dr.

17  Whitehouse, because he did look at medical records, not just

18  of the Libby Claimants, but also of other people.  So that's

19  one issue.

20      And then another issue has to do with whether we're

21  referring to people by name or by number and -- in testimony.

22  And that's -- and that's an issue -- by the way, we're still

23  trying to -- we're still working on some ideas which might

24  resolve that one, but I can say at this point that it is

25  likely to get resolved.

22

1      MS. HARDING:  Your Honor, this is Barbara Harding.

2  And just to -- just so you understand the issues, Your Honor,

3  I believe I speak on behalf of all of the plan proponents and

4  the other objectors when I say that I believe from our

5  prospective the only issues that we're not able to agree with

6  with the Libby Claimants is their desire to produce the

7  documents in discovery in a redacted form so that the actual

8  production of documents comes to us in a way in which we

9  cannot identify who the individuals are.  And all of the

10 objectors and all of the -- I mean all other objectors and all

11 of the plan proponents have agreed to treat all of the medical

12 information confidentially once it is received.  And to use,

13 in open court or in pleading, redacted information, and to

14 never reveal the -- you know, the identity of any of the

15 individuals.  But with respect to receiving the discovery and

16 understanding who the individuals are so, for instance, we can

17 determine if, indeed, their only exposure is actually to

18 asbestos and Libby or if, by chance, they have filed claims

19 against other people, other manufacturers of asbestos, or if

20 they have exposures in other places.  There are all kinds of

21 issues that come up.  So the only issue from our prospective

22 is that we believe that with -- as we have throughout this

23 proceeding, receive the information in an unredacted form but

24 then when it is used in a -- in any proceeding or in open

25 court or in any pleading, that it would be redacted.  We're

1  all in agreement with that.  So that's -- that is -- I think

2  that frames the issue appropriately but that's why we can't --

3  we haven't been able to reach agreement.

4           THE COURT:  Okay.  Well, as to the latter issue, the

5  agreement to use it in redacted form as to how you're going to

6  identify, if it's necessary to identify specific individuals,

7  I don't see why you need to use names.  I think you can work

8  out some other process, letters, numbers, whatever.  I don't

9  see why you need to use names.

10          MS. HARDING:  That's absolutely right, Your Honor.

11 We've agreed to that.  We've agreed to whenever the

12 information's used, to absolutely use numbers identifying --

13 you know, an identifying number or something like that.  We're

14 in agreement with that.

15          THE COURT:  Okay.  Well, Mr. Cohen, I think that

16 should go a long way towards satisfying the individuals that

17 their data is going to be protected on the public record for

18 use at trial.

19          MR. COHEN:  For our clients, Your Honor, it does the

20 trick.  We just need to figure out how to deal with the non-

21 clients.

22          THE COURT:  Well --

23          MR. COHEN:  And our position --

24          THE COURT:  But who represents the non-clients?

25          MR. COHEN:  Right.

1    THE COURT:  I mean, they're going to have come in

2  and get -- either get representation or take a position on

3  their own, aren't they?  I mean, the Court --

4    MS. HARDING:  Your Honor, that's been our position,

5  that if they're using medical information of non-clients or

6  people that Dr. Whitehouse hasn't seen, then obviously there

7  should be somebody that has permitted the use of that

8  information and should be able to -- you just can't come in

9  and use, you know -- well, in any event, Your Honor, I think

10  you understand the issue.

11    THE COURT:  Yeah.  I do understand the issue.  I'm

12  not sure why I'm getting the Motion on this score.  It seems

13  to me that everybody is entitled to get this information,

14  although I haven't seen the law, so I need to see the law, but

15  I think you're entitled to get the information in a fashion

16  that's going to at least allow you to track whether or not

17  this specific individual has made a claim elsewhere or if the

18  issues is relevant to whether they've only been exposed to

19  Libby asbestos, if that's the issue.  Whether they've been

20  exposed only in Libby as the source of asbestos exposure,

21  whether, in fact, they've made a claim elsewhere, you're

22  entitled to pursue that issue.  Now, how that issue is

23  pursued, there are a number of ways you can do it, but clearly

24  the plan proponents in responding to that contention are able

25  to pursue that issue in a variety of fashions.  And if Dr.

25

1    Whitehouse has relied on certain records, you're entitled to

2    have access to that information in some fashion.  So there

3    ought to be a way that that information can be produced

4    without causing undue alarm and dismay to the individuals who

5    were involved in the background data.

6         I mean, the Debtor had to go through it in a different

7    fashion earlier, I'm not sure why it's going to be different

8    on the other hand for the Libby Plaintiffs.

9              MR. COHEN:  We appreciate that, Your Honor, and

10   we're still looking at it.

11             THE COURT:  Okay.  Well, I'll see your Motion when

12   you get it to me.  I'm certainly not in for exposing

13   individuals, particularly with medical problems, to, you know,

14   public dismay.  That's not what this is about.  But the

15   Debtors do have the right to challenge that aspect; that is

16   whether or not the individuals have made a claim elsewhere and

17   to get the data that permits that challenge to be made without

18   identifying, on the public record, the individual who may have

19   made that challenge, but as a contention for whether or not

20   the expert's report is based on reliable information.  So I

21   think you folks ought to be able to come to a mechanism of

22   resolving that issue.

23        Okay.  I'll wait to get the Motions.

24             MS. HARDING:  Thank you, Your Honor.

25             THE COURT:  Anything else today?  Ms. Baer, I'll

26

1   have those two Orders pulled and I'll try to get Orders

2   entered with the two docket numbers that you referred to when

3   I get back to Pittsburgh tomorrow.

4           MS. BAER:  Thank you, Your Honor.  We appreciate it.

5   And again, they are both agreed to.

6           THE COURT:  Okay.  Anything more?

7           MS. BAER:  Nothing from the Debtor, Your Honor.

8           THE COURT:  Anyone?

9       (No verbal response.)

10          THE COURT:  Okay.  We're adjourned.  Thank you.

11          MS. BAER:  Thank you.

12          MS. HARDING:  Thank you.

13          MR. COHEN:  Thank you, Your Honor.

14      (Court adjourned at 10:56 a.m.)

15                          CERTIFICATE

16          I certify that the foregoing is a correct transcript

17  from the electronic sound recording of the proceedings in the

18  above-entitled matter.

19

20   /s/April J. Foga                        May 6, 2009
     April J. Foga, CET, CCR, CRCR
21

22

23

24

25