## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 6/3/09 |
| | § | Hearing Date: 9/22/2009 |

**SECOND QUARTERLY APPLICATION OF ALAN B. RICH, ESQ. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR THE 32ND QUARTERLY PERIOD FROM JANUARY 1, 2009 THROUGH MARCH 31, 2009**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Alan B. Rich, Esq., pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order") and Del. Bankr. LR 2016-2, and hereby applies for an order allowing him (i) compensation in the amount of $114,425.00 for the reasonable and necessary legal services he has rendered to the Hon. Alexander M. Sanders, Jr., Legal Representative for Future Asbestos-Related Property

Damage Claimants and Holders of Demands and (ii) reimbursement of actual and necessary expenses that he has incurred in the amount of $9,694.20, for a total of $124,119.20 or one hundred percent (100%) of all compensation and expense reimbursement requested, for the period January 1, 2009 through March 31, 2009 (the "Second Quarterly Fee Application"), and in support of this Second Quarterly Fee Application, would respectfully show as follows:

<u>SUMMARY</u>

| | |
|---|---|
| Name of Applicant: | Alan B. Rich, Esq. |
| Authorized to Provide Services To: | Hon. Alexander M. Sanders, Jr., Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | September 29, 2008 (*nunc pro tunc*) |
| Period for Which Compensation and Reimbursement is Sought: | January 1, 2009 through March 31, 2009 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $114,425.00 |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $9,694.20 |

This is a(n):   ☐Monthly  ☒Quarterly  ☐Interim  ☐Final Application

<u>PRIOR APPLICATIONS</u>

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 11/15/2008 | 9/29/2008 to 9/30/2008 | $5,796.00 | $693.50 | Paid | Paid |
| 11/15/2008 | 10/1/2008 to 10/30/2008 | $24,380.00 | $3,821.18 | Paid | Paid |

---

[1] At 80% of the total incurred.

| 12/11/2008 | 11/1/2008 to 11/30/2008 | $35,326.00 | $4,010.79 | Paid | Paid |
|---|---|---|---|---|---|
| 1/2/2009 | 12/1/2008 to 12/31/2008 | $18,510.00 | $1,482.39 | Paid | Paid |
| **2/6/2009** | **1/1/2009 to 1/31/2009** | **$31,740.00** | **$2,717.34** | **Paid** | **Paid** |
| **3/2/2009** | **2/1/2009 to 2/28/2009** | **$32,614.00** | **$2,420.56** | **Paid** | **Paid** |
| **4/2/2009** | **3/1/2009 to 3/31/2009** | **$27,186.00** | **$4,556.30** | **CNO Filed** | **CNO Filed** |
| 5/4/2009 | 4/1/2009 to 4/30/2009 | $25,898.00 | $2,612,62 | Objections due 5/25/09 | Objections due 5/25/09 |

Alan B. Rich is the only attorney providing services in this Fee Application period.  Mr. Rich has practiced law for 24 years, and his billing rate is $575 per hour.  In this Second Quarterly Application period Mr. Rich billed 198.0 hours,[2] for a total amount billed of $114,425.00, of which 80% ($91,540.00) has already been paid or has payment pending, leaving the amount not yet approved or paid of $22,885.00.

The time for preparation of this First Quarterly Application is approximately 1.0 hour, for which $575.00 will be requested in a future application.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 157.1 | $90,332.50 |
| Travel | 68.4    (at 100%) | $19,665.00   (at 50%) |
| Fee Applications | 7.7 | $4,427.50 |
|    TOTAL | 233.2  (with travel at 100%) | $114,425.00 |

---

[2] Non-Productive travel time is included in this figure, but at 50% of the actual time.

EXPENSE SUMMARY

| Description | Expense |
|---|---|
| Travel | $9,615.82 |
| Court Call | $69.50 |
| Conference Calling | $8.88 |
| TOTAL | $9,694.20 |

APPLICATION

1.      On April 2, 2001 , (the "Petition Date") each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Chapter 11 Cases").  On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the United States Bankruptcy Code.

2.      On May 3, 2001 , the Court entered an Interim Compensation Order, as amended by the Amended Interim Compensation Order, establishing procedures for monthly compensation and reimbursement of expenses of professionals (each such application, a "Monthly Fee Application"), and whereby any notice party listed in the Amended Interim Compensation Order may object to such Monthly Fee Application.  If no notice party objects to professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and one hundred percent (100%) of the expenses requested, subject to the

-4-

filing and approval of the interim and final fee applications of the professional.

3.      Furthermore, and also pursuant to the Amended Interim Compensation Order, within forty-five (45) days of the end of each quarter, professionals are required to file and serve, upon the notice parties, a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application, less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

4.      By an order of this Court, the PD FCR was authorized to retain Alan B. Rich as his counsel, effective as of September 29, 2008 (the "Retention Order").  The Retention Order authorizes the Debtors to compensate Rich at his hourly rate charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that he incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.      This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is Rich's Second Quarterly Fee Application for compensation for services rendered in connection with the Chapter 11 Cases and covers the fee period of January 1, 2009 through March 31, 2009 (the "Fee Period").

6.      Rich has filed with the Court the following Monthly Fee Applications for interim compensation during the Fee Period:

(a)     Application of Alan B. Rich, Esq. For Compensation for Services and Reimbursement of Expenses as Counsel to the Legal Representative for Future Asbestos-related Property Damage Claimants And Holders of Demands for the Fifth Monthly Interim Period from January 1, 2009 Through January 31, 2009, seeking $31,740.00 in fees (80% of $39,675.00) and $2,717.34 in expenses;

(b)     Application of Alan B. Rich, Esq. For Compensation for Services and Reimbursement of Expenses as Counsel to the Legal Representative for Future Asbestos-related Property Damage Claimants And Holders of Demands for the Sixth Monthly Interim Period from February 1, 2009 Through February 28, 2009, seeking $32,614.00 in fees (80% of $40,767.50) and $2,420.56 in expenses;

(c)     Application of Alan B. Rich, Esq. For Compensation for Services and Reimbursement of Expenses as Counsel to the Legal Representative for Future Asbestos-related Property Damage Claimants And Holders of Demands for the Seventh Monthly Interim Period from March 1, 2009 Through March 31, 2009, seeking $27,186.00 in fees (80% of $33,982.50) and $4,556.30 in expenses;

7.      The monthly fee applications covered by this Second Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by Rich during the Fee Period, as well as other detailed information required to be included in fee applications.  The Fifth, Sixth and Seventh monthly applications (collectively, the "Applications") are attached hereto as Exhibits "A," "B" and "C" respectively.

8.      The periods for objecting to the fee and expense reimbursements relating to the Fifth, Sixth and Seventh Monthly applications have each passed without any objections being filed, whereupon Rich filed Certificates of No Objection with the Court, and Rich has been paid interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested, with the exception of the Seventh Monthly, for which payment has not yet been received from the Debtor.

9.      Rich has previously filed a First Quarterly Fee Application on February 7, 2009 covering the period from his retention to December 31, 2008.  No objections were received and a Certificate of No Objection to this First Quarterly application was filed on March 6, 2009.

10.      By this Second Quarterly Fee Application, Rich requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Rich from January 1, 2009 through March 31, 2009, less any amounts previously paid to Rich pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Monthly Fee Applications that already have been filed with the Court and are attached hereto.

11.      Rich reserves his right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee application.

12.      At all relevant times, Rich has been a disinterested person as that term is defined in Section 101(14) of the United States Bankruptcy Code, as modified by section 1107(b) of the United States Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

13.      All services for which compensation is requested by Rich were performed for or on behalf of the PD FCR and not on behalf of any committee, creditor, or other person.

14.      Rich believes that this First Quarterly Fee Application complies with the requirements of Del. Bankr. LR 2016-2 and the Amended Interim Compensation Order.

15.     During the Interim Period, Rich has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases, other than the interim compensation payments pursuant to the Amended Interim Compensation Order.  There is no agreement or understanding between Rich and any other person for the sharing of compensation to be received for services rendered in these cases.

16.     The professional services and related expenses for which Rich requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of Rich's professional responsibilities as counsel for the PD FCR in the Chapter 11 Cases.  Rich's services have been necessary and beneficial to the PD FCR as well as the Debtors and their estates, creditors, and other parties in interest.

17.     Pursuant to Fed R. Bankr. P. 2016(b), Rich has not shared, nor has agreed to share: (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Alan B. Rich, Esq. respectfully requests that the Court enter an order, providing that (a) for the period from January 1, 2009 through March 31, 2009, an administrative allowance be made to Rich in the sum of $114,425.00 as compensation for reasonable and necessary professional services rendered to the PD FCR and, in the sum of $9,694.20 for reimbursement of actual and necessary costs and expenses incurred, for a total of $124,119.20; (b) that the Debtors be authorized and directed to pay to Rich the outstanding amount of such sums, less any sums previously paid to Rich pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order and (c) this Court grant such

other and further relief to which Rich is justly entitled.

Respectfully Submitted,

_____

Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Main Street, Suite 4630
Dallas, Texas 75202
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## DECLARATION

Alan B. Rich, declares as follows:

I am the counsel hired by the PD FCR with the approval of the Court, and am familiar with the legal services which I rendered to the PD FCR.  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  I believe that this Application substantially complies with Local Bankruptcy Rules for the District of Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 14, 2009.

_____

## **CERTIFICATE OF SERVICE**

I certify that on the 14th day of May, 2009,  this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| W. R. GRACE & CO., et al., | § | Case No. 01-01139 (JKF) |
| | § | |
| *Debtors.* | § | Jointly Administered |
| | § | |
| | § | Objection Deadline: 2/26/09 |
| | § | Hearing Date: TBD (if needed) |

**SUMMARY OF APPLICATION OF ALAN B. RICH, ESQ. FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF
EXPENSES AS COUNSEL TO THE LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS
AND HOLDERS OF DEMANDS FOR THE FIFTH MONTHLY INTERIM
PERIOD FROM JANUARY 1, 2009 THROUGH JANUARY 31, 2009**

Name of Applicant:                                      Alan B. Rich, Esq.

Authorized to Provide Services To:           Hon. Alexander M. Sanders, Jr.,
                                                                     Legal Representative for Future Asbestos-
                                                                     Related Property Damage Claimants
                                                                     and Holders of Demands

Date of Retention:                                       September 29, 2008 (*nunc pro tunc*)

Period for Which Compensation
and Reimbursement is Sought:                   January 1, 2009 through January 31, 2009

Amount of Fees Sought as Actual
Reasonable and Necessary:                        $31,740.00

Amount of Expenses Sought as
Actual, Reasonable and Necessary:           $2,717.34

This is a(n):    ☒Monthly      ☐Interim      ☐Final Application

-1-

<u>PRIOR APPLICATIONS</u>

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 11/15/2008 | 9/29/2008 to 9/30/2008 | $5,796.00 | $693.50 | Paid | Paid |
| 11/15/2008 | 10/1/2008 to 10/30/2008 | $24,380.00 | $3,821.18 | Paid | Paid |
| 12/11/2008 | 11/1/2008 to 11/30/2008 | $35,326.00 | $4,010.79 | Paid | Paid |
| 1/2/2009 | 12/1/2008 to 12/31/2008 | $18,510.00 | $1,482.39 | CNO Filed | CNO Filed |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Alan B. Rich is the only attorney providing services in this Fee Application period. Mr. Rich has practiced law for 24 years, and his billing rate is $575 per hour. In this Application period Mr. Rich billed 69.0 hours[2], for a total amount billed of $39,675.00, of which 80% is

---

[1] At 80% of the total incurred.

[2] Non-Productive travel time is included in this figure, but at 50% of the actual time.

currently sought, in the amount of $31,740.00.

As stated above, this is the Fifth application for monthly fees and expenses.  The time for preparation of this Application is approximately 1.5 hours, for which $862.50 will be requested in a future application.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 56.3 | $32,372.50 |
| Travel | 22 | $6,325.00 |
| Fee Applications | 1.7 | $977.50 |
| TOTAL | 80 | $39,675.00 |

## EXPENSE SUMMARY

| Description | Expense |
|---|---|
| Travel | $2,717.34 |
| TOTAL | $2,717.34 |

Detail of the fees and expenses billed is attached hereto as Exhibit A.

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, a professional person seeking approval of this Monthly Fee Application, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1201 Main Street, Suite 1910, LB 201
Dallas, Texas 75202
(214) 532-4437
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 6th day of February, 2009,  this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

## ALAN B. RICH

*Attorney and Counselor*
One Main Place
1201 Main Street
Suite 1910, LB 201
Dallas, Texas 75202-3909
Telephone 214.532.4437
Fax 214.749.0325
E-mail: arich@alanrichlaw.com

## INVOICE FOR PROFESSIONAL SERVICES (January, 2009)

**Client**

**Hon. Alexander M. Sanders, Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands**

**Matter**

***In re W. R. Grace***, No. 01-1139 (Bankr. D. Del)

| Date | Services Performed | Time |
|------|-------------------|------|
| 1/2/2009 | Prepare December Fee Application | 1.5 |
| 1/2/2009 | Email from J. Baer re status of disclosure statement | 0.1 |
| 1/3/2009 | Review revisions to Plan incorporating PD and ZAI related changes | 1.3 |
| 1/3/2009 | Review Libby claimants' expert reports | 1.5 |
| 1/3/2009 | Email to and from Debtors' counsel re amendments to plan | 0.1 |
| 1/5/2009 | Attention to DOJ objection to ZAI class motion, including Telephone call from E. Westbrook, review of DOJ objection and review of stipulation to resolve DOJ objection | 0.5 |
| 1/5/2009 | Review and analysis of PD and PI deferred payment and guaranty documents | 3.1 |

| 1/5/2009 | Review Objections to Plan of CAN, Zurich, AXA, FFIC, Seaton, Columbia and Allstate; Objection of BNSF to phase I designation | 1.2 |
|---|---|---|
| 1/5/2009 | Emails to and from client re status | 0.1 |
| 1/5/2009 | Review emails to and from Debtors' counsel and ZAI counsel re plan documents | 0.1 |
| 1/6/2009 | Email from David Bernick re ZAI USDOJ issues | 0.1 |
| 1/6/2009 | Emails to and from PI FCR re plan documents | 0.1 |
| 1/6/2009 | Emails to and from T. Freedman re Sealed Air agreement amendment for ZAI purposes | 0.2 |
| 1/6/2009 | Conference call with Plan Proponents and ZAI counsel re status of ZAI issues | 0.8 |
| 1/6/2009 | Review Objections to Plan of London Market, Royal and Federal Insurance | 0.3 |
| 1/6/2009 | Review January 13 and 14 hearing agenda | 0.2 |
| 1/6/2009 | Review of and attention to review and signing revised stipulation with the United States re the ZAI class action | 0.2 |
| 1/6/2009 | Review Revisions to ZAI Settlement and Class Notice | 0.2 |
| 1/6/2009 | Conference with client re status | 0.1 |
| 1/6/2009 | Review case law from ZAI counsel re voting issues | 0.4 |
| 1/7/2009 | Review Order re Canadian ZAI administrative fees and expenses | 0.1 |
| 1/7/2009 | Review Revised Orders re class certification and emails to and from debtors' counsel and ZAI counsel re same | 0.3 |
| 1/7/2009 | Review Revised drafts of COC re ZAI motion for class certification | 0.3 |
| 1/7/2009 | Conference call with plan proponents, ZAI counsel and others re PD schedule | 0.5 |
| 1/7/2009 | Review responses to Libby claimants' motion to compel and interrogatories | 0.5 |

| | | |
|---|---|---|
| 1/7/2009 | Email correspondence to and from PI FCR's counsel re meeting | 0.1 |
| 1/8/2009 | Review Debtors' response to Libby motion to compel | 0.1 |
| 1/8/2009 | Email from Debtors' counsel regarding hearing schedule for January 13 | 0.1 |
| 1/8/2009 | Review Motley Rice response to Libby Motion | 0.1 |
| 1/8/2009 | Review Revised Hearing Agenda for January 14 | 0.1 |
| 1/8/2009 | Review proposed Second Amended CMO | 0.2 |
| 1/9/2009 | Preparation for, and Conference with counsel to PI FCR re plan issues at Orrick in Washington, DC | 3.5 |
| 1/9/2009 | Travel (non-productive) to and from Washington, DC for meeting with counsel to the PI FCR (11 hours @ 50%) | 5.5 |
| 1/12/2009 | Review Second Revised CMO | 0.2 |
| 1/12/2009 | Conference call with many counsel regarding the Second Amended CMO | 0.7 |
| 1/12/2009 | Emails to and from PD committee counsel and others re amending paragraph 12 to CMO | 0.1 |
| 1/12/2009 | Review subsequent revision to the Second Amended CMO | 0.1 |
| 1/13/2009 | Emails to and from opposing counsel re meeting request; emails to client re same and re status | 0.2 |
| 1/13/2009 | Travel (non-productive) to Pittsburgh for continued disclosure statement hearing (5 hours % 50%) | 2.5 |
| 1/13/2009 | Emails to and from PD counsel and Debtors regarding status of documents | 0.2 |
| 1/13/2009 | Emails to and from PD counsel regarding second amended CMO | 0.1 |
| 1/13/2009 | Review COC re Second Amended CMO and Objection thereto by Bank Lender Group | 0.2 |
| 1/14/2009 | Attend continued disclosure statement hearing and post-hearing conference with counsel for PI Committee | 6.3 |
| 1/14/2009 | Travel from Pittsburgh to Dallas (non-productive) (6 hours @ 50%) | 3 |

| 1/15/2009 | Emails to and from client re status and strategy | 0.3 |
| 1/15/2009 | Emails to and from ZAI counsel re TDP status | 0.2 |
| 1/15/2009 | Telephone call with Ted Freedman re status | 0.2 |
| 1/15/2009 | Email from debtors' counsel regarding outstanding documentation issues | 0.1 |
| 1/15/2009 | Emails to and from PD Committee counsel re meeting | 0.1 |
| 1/15/2009 | Review of emails from PI FCR counsel re documentation | 0.1 |
| 1/15/2009 | Review COC re ZAI class certification | 0.2 |
| 1/16/2009 | Emails to and from Debtors' counsel re PD Trust agreement | 0.1 |
| 1/16/2009 | Email to S. Baena re meeting | 0.1 |
| 1/16/2009 | Review January Omnibus hearing agenda | 0.1 |
| 1/16/2009 | Prepare Certificate of No Objection re Hill retention and attention to filing of same | 0.4 |
| 1/16/2009 | Review signed order re ZAI settlement and provisional class certification | 0.1 |
| 1/16/2009 | Review and analysis of PD Trust Agreement | 1.2 |
| 1/17/2009 | Review draft of second amended CMO and email to J. Baer re same | 0.2 |
| 1/19/2009 | Review revisions to second amended CMO | 0.1 |
| 1/20/2009 | Review further revisions by Debtor to second amended CMO; emails to and from debtors' counsel and PD committee Counsel | 0.2 |
| 1/20/2009 | Emails to and from ZAI counsel re TDP status | 0.1 |
| 1/21/2009 | Email from debtors' counsel re PD Trust Agreement | 0.1 |
| 1/21/2009 | Emails to and from ZAI counsel re ZAI TDP and conference with ZAI counsel re same | 0.2 |
| 1/21/2009 | Email from Debtors' counsel regarding January 26 Omnibus Hearing | 0.1 |

| | | |
|---|---|---|
| 1/21/2009 | Emails to and from Debtors' counsel and ZAI counsel re class action notice issues | 0.1 |
| 1/21/2009 | Review of and revisions to draft ZAI TDP | 1.2 |
| 1/21/2009 | Review pro se motion to file late ZAI claim | 0.1 |
| 1/21/2009 | Review COC re Second Amended CMO and attached orders | 0.2 |
| 1/22/2009 | Draft and file proposed order regarding local counsel retention | 0.4 |
| 1/22/2009 | Review Amended Hearing Agenda for 1-26-09 Omnibus hearing | 0.1 |
| 1/22/2009 | Email to and from Debtors' counsel re status of documentation | 0.1 |
| 1/22/2009 | Review ZAI documents and Trust agreement comments sent by ZAI counsel to Debtor | 0.5 |
| 1/22/2009 | Conference with client re status | 0.2 |
| 1/22/2009 | Review status of all ancillary plan documents | 0.5 |
| 1/22/2009 | Email correspondence to and from PI FCR's counsel re intercreditor agreement | 0.1 |
| 1/22/2009 | Review and analysis of latest drafts of Plan and Disclosure Statement | 3.5 |
| 1/23/2009 | Email correspondence to and from client re intercreditor agreement issues | 0.2 |
| 1/23/2009 | Review order of retention of Karl Hill | 0.1 |
| 1/23/2009 | Conference call with ZAI counsel re status | 0.5 |
| 1/23/2009 | Review memo from PI FCR re intercreditor agreement and conference with PI FCR re intercreditor agreement | 1.0 |
| 1/23/2009 | Review correspondence to ZAI claimant from ZAI counsel | 0.1 |
| 1/23/2009 | Memos and emails from Ed Westbrook and Darrell Scott re ZTAC issue and PD Deferred Payment Agreement issue | 0.2 |
| 1/23/2009 | Emails to and from PD Committee counsel re meeting | 0.1 |
| 1/24/2009 | Emails from ZAI counsel re PD Trust Agreement issue | 0.1 |

| | | |
|---|---|---|
| 1/26/2009 | Attend telephonic Omnibus hearing | 1.0 |
| 1/26/2009 | Review of Discovery including that served by various Libby Claimants on plan proponents and insurers; Review UCC response to Arrowood RFAs; Review Debtors' discovery to Libby and UCC and insurers | 1.0 |
| 1/26/2009 | Review final revisions to confirmation CMO | 0.2 |
| 1/26/2009 | Prepare Certification of Counsel re Order on Hill retention Application | 0.2 |
| 1/26/2009 | Prepare Certificate of No Objection re Fourth Interim Fee Application | 0.2 |
| 1/27/2009 | Review and analysis of latest drafts of PD agreements | 3.3 |
| 1/27/2009 | Review of debtors' proposed revisions to ZAI TDP, telephone and email conferences with ZAI counsel re revisions to ZAI TDP and review of ZAI counsel's memo to debtors re revisions to ZAI TDP | 1.3 |
| 1/28/2009 | Telephone call from T. Freedman re status | 0.1 |
| 1/28/2009 | Emails to and from ZAI counsel and telephone conference with ZAI counsel re outstanding ZAI TDP and voting issues | 0.5 |
| 1/28/2009 | Review and revisions to memos from ZAI counsel re debtors' counsel regarding requested changes to ZAI TDP | 0.3 |
| 1/28/2009 | Review of revised ZAI TDP | 0.3 |
| 1/28/2009 | Continued review and analysis of latest drafts of PD Agreements | 1.0 |
| 1/28/2009 | Telephone conference with PD Committee counsel and claimants' counsel regarding PD agreements | 1.5 |
| 1/28/2009 | Review Debtors' revisions to PD CMO | 0.2 |
| 1/29/2009 | Telephone conference with ZAI counsel re document issues | 0.3 |
| 1/29/2009 | Telephone conference with client | 0.2 |
| 1/29/2009 | Review debtors' corrected revisions to PD CMO | 0.1 |
| 1/29/2009 | Telephone Conference with PD Committee counsel regarding PD agreements | 0.3 |

| | | |
|---|---|---|
| 1/29/2009 | Review of January 29 Revisions to Ancillary Plan documents received from Debtor | 1.5 |
| 1/29/2009 | Email to T. Freedman re ZAI issues | 0.1 |
| 1/30/2009 | Telephone Conference with Ted Freedman, Richard Finke and Andreas Mena regarding deferred payment agreement issues | 0.5 |
| 1/30/2009 | Review UCC discovery to Debtor | 0.1 |
| 1/30/2009 | Teleconference with ZAI counsel | 0.2 |
| 1/30/2009 | Review of emails to and from ZAI counsel and Debtor re status of plan documents | 0.1 |
| 1/30/2009 | Review of memo from ZAI counsel and teleconference re trustee issue | 0.2 |
| 1/30/2009 | Revisions to and analysis of latest draft of PD CMO | 0.5 |
| 1/30/2009 | Conference call with Dan Speights, Alan Runyan, John Kozyak and David Rosendorf re PD CMO issues | 0.5 |
| 1/30/2009 | Review of January 30 Revisions to Ancillary Plan documents received from Debtor | 1.5 |
| 1/30/2009 | Telephone conference with D. Speights re PD CMO | 0.1 |
| 1/30/2009 | Email to client re status | 0.1 |
| 1/30/2009 | Revisions to the ZAI TDP | 0.5 |
| 1/30/2009 | Emails to and from ZAI counsel re funding issues | 0.1 |
| 1/31/2009 | Telephone conferences with client and with Dan Speights re PD CMO | 0.2 |
| 1/31/2009 | Review email from Debtor re ZAI TDP | 0.1 |
| 1/31/2009 | Email to Debtor re PD CMO | 0.1 |

Total: 69.0 hours @ $575.00/hour = $39,675.00

<u>Expenses</u>:   Travel Expenses (Detail on Exhibit 1)  $2,717.34

**<u>Total Fees and Expenses Due</u>:        $42,392.34**

EXPENSES FOR JANUARY, 2009                                          EXHIBIT 1

| DATE | DESCRIPTION OF EXPENSE | AMOUNT |
|------|----------------------|--------|
| 1/9/2009 | RT Coach Airfare to Washington, DC for meeting | 1341.2 |
| 1/9/2009 | Airport Parking at DFW | 10 |
| 1/9/2009 | Taxis to and from DCA | 30 |
| 1/9/2009 | Dinner | 8.68 |
| 1/12/2009 | RT Coach Airfare to Pittsburgh for hearing | 655.2 |
| 1/12/2009 | Omni Hotel in Pittsburgh | 306.66 |
| 1/12/2009 | Dinner | 55 |
| 1/12/2009 | Taxi from Airport and to dinner | 52 |
| 1/13/2009 | Dinner | 27.6 |
| 1/13/2009 | Taxi to Airport | 45 |
| 1/13/2009 | Airport Parking at DFW | 36 |
| 1/25/2009 | Airline cancellation penalty re change to telephonic Omnibus hearing | 150 |
| | TOTAL EXPENSES | 2717.34 |

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 3/23/09 |
| | § | Hearing Date: TBD (if needed) |

**SUMMARY OF APPLICATION OF ALAN B. RICH, ESQ. FOR
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF
EXPENSES AS COUNSEL TO THE LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS
AND HOLDERS OF DEMANDS FOR THE SIXTH MONTHLY INTERIM
PERIOD FROM FEBRUARY 1, 2009 THROUGH FEBRUARY 28, 2009**

Name of Applicant:                           Alan B. Rich, Esq.

Authorized to Provide Services To:      Hon. Alexander M. Sanders, Jr.,
                                                       Legal Representative for Future Asbestos-
                                                       Related Property Damage Claimants
                                                       and Holders of Demands

Date of Retention:                            September 29, 2008 (*nunc pro tunc*)

Period for Which Compensation
and Reimbursement is Sought:           February 1, 2009 through February 28, 2009

Amount of Fees Sought as Actual
Reasonable and Necessary:                $32,614.00

Amount of Expenses Sought as
Actual, Reasonable and Necessary:     $2,420.56

This is a(n):   ☒Monthly        ☐Interim        ☐Final Application

-1-

## PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 11/15/2008 | 9/29/2008 to 9/30/2008 | $5,796.00 | $693.50 | Paid | Paid |
| 11/15/2008 | 10/1/2008 to 10/30/2008 | $24,380.00 | $3,821.18 | Paid | Paid |
| 12/11/2008 | 11/1/2008 to 11/30/2008 | $35,326.00 | $4,010.79 | Paid | Paid |
| 1/2/2009 | 12/1/2008 to 12/31/2008 | $18,510.00 | $1,482.39 | Paid | Paid |
| 3/1/2009 | 1/1/2009 to 1/31/2009 | $31,740.00 | $2,717.34 | CNO Filed | CNO Filed |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Alan B. Rich is the only attorney providing services in this Fee Application period.  Mr.

Rich has practiced law for 24 years, and his billing rate is $575 per hour.  In this Application

period Mr. Rich billed 70.9 hours[2], for a total amount billed of $40,767.50 of which 80% is

---

[1] At 80% of the total incurred.

[2] Non-Productive travel time is included in this figure, but at 50% of the actual time.

currently sought, in the amount of $32,614.00.

As stated above, this is the Sixth application for monthly fees and expenses.  The time for preparation of this Application is approximately 1.5 hours, for which $862.50 will be requested in a future application.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 55.9 | $32,142.50 |
| Travel | 22.0 | $6,325.00 |
| Fee Applications (Monthly & Quarterly) | 4.0 | $2,300.00 |
| TOTAL | 81.9 | $40,767.50 |

## EXPENSE SUMMARY

| Description | Expense |
|---|---|
| Travel | $2,420.56 |
| TOTAL | $2,420.56 |

Detail of the fees and expenses billed is attached hereto as Exhibit A.

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, a professional person seeking approval of this Monthly Fee Application, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 532-4437
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of March, 2009, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

# ALAN B. RICH

*Attorney and Counselor*
Elm Place
1401 Elm Street, Suite 4620
Dallas, Texas 75202
Telephone 214.532.4437
Fax 214.749.0325
E-mail: arich@alanrichlaw.com

## NOTE NEW MAILING ADDRESS!

### INVOICE FOR PROFESSIONAL SERVICES (February, 2009)

**Client**

**Hon. Alexander M. Sanders, Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands**

**Matter**

*In re W. R. Grace*, No. 01-1139 (Bankr. D. Del)

| Date | Services Performed | Time |
|------|--------------------|------|
| 2/1/2009 | Conference with client re PD CMO | 0.1 |
| 2/1/2009 | Email to debtors' counsel and PI FCR re PD CMO | 0.1 |
| 2/2/2009 | Review emails from D. Speights and the Debtor re PD CMO | 0.1 |
| 2/2/2009 | Emails to and from ZAI counsel re status of expense cap issue | 0.1 |
| 2/2/2009 | Review UCC repsonse to Debtors' document requests | 0.1 |
| 2/2/2009 | Review memo from ZAI counsel re debtors' counsel re PD Trust Agreement | 0.4 |
| 2/2/2009 | Review PREA agreements from ZAI counsel and from Debtors and email to counsel re same | 0.4 |
| 2/2/2009 | Review revised ZAI TDP with all changes | 0.3 |

| | | |
|---|---|---|
| 2/2/2009 | Prepare January billing and Fee Application | 1.5 |
| 2/2/2009 | Revisions to PD Trust Agreement and email to counsel re same | 1.5 |
| 2/3/3009 | Review, analysis of and revisions to latest drafts of Ancillary Plan Documents | 3.0 |
| 2/3/2009 | Teleconference with Ted Freedman and Richard Finke re status | 0.2 |
| 2/3/2009 | Conference with ZAI counsel re documents | 0.2 |
| 2/5/2009 | Conference with client re status | 0.2 |
| 2/5/2009 | Conference with Ted Freedman | 0.1 |
| 2/5/2009 | Review Libby discovery joinders | 0.1 |
| 2/6/2009 | Travel (non-productive) to and from Charleston SC for meeting with Trustee candidate and with ZAI counsel (10 hrs. @ 50%) | 5.0 |
| 2/6/2009 | Conference with Trustee candidate and ZAI counsel re PD issues | 3.0 |
| 2/6/2009 | Review filing pertaining to MacLean late-filed ZAI claim | 0.1 |
| 2/7/2009 | Prepare First Quarterly Fee Application and Notice of Filing | 2.5 |
| 2/9/2009 | Preparation for conference call with Debtors' counsel re PD CMO | 0.1 |
| 2/9/2009 | Review BNSF discovery | 0.2 |
| 2/10/2009 | Preparation for conference call with debtors' counsel re PD issues | 0.1 |
| 2/10/2009 | Review of current draft of Intercreditor Agreement and email to counsel for PI FCR re same | 1.0 |
| 2/10/2009 | Email to PI FCR counsel re Share Issuance Agreement | 0.1 |
| 2/10/2009 | Review and analysis of First Amended Disclosure Statement | 3.0 |
| 2/10/2009 | Preparation for conference call with debtors' counsel re PD CMO issues | 0.4 |
| 2/11/2009 | Review and analysis of First Amended Plan of Reorganization | 2.0 |
| 2/12/2009 | Conference call with Debtors' counsel re PD CMO | 1.1 |

| | | |
|---|---|---|
| 2/12/2009 | Draft discovery to plan proponents | 2.2 |
| 2/12/2009 | Emails to and from ZAI counsel re status | 0.1 |
| 2/12/2009 | Emails to Ted Freedman re various Plan Document issues | 1.0 |
| 2/13/2009 | Email from debtors' counsel re teleconference | 0.1 |
| 2/13/2009 | Continue drafting and finalize discovery to plan proponents | 2.0 |
| 2/13/2009 | Review Discovery received from Debtors | 0.2 |
| 2/13/2009 | Emails to PI FCR counsel and Ted Freedman re meeting | 0.1 |
| 2/13/2009 | Review February Omnibus agenda | 0.1 |
| 2/14/2009 | Review Motion of Anderson Memorial to revise CMO | 0.1 |
| 2/15/2009 | Emails to Ted Freedman re various Plan Document issues | 0.5 |
| 2/16/2009 | Telephone conference with Client | 0.1 |
| 2/16/2009 | Review revised PD CMO and prepare for conference with Debtor re PD CMO | 0.5 |
| 2/16/2009 | Teleconference with Ted Freedman, Richard Finke and Jim Restive re PD CMO | 0.5 |
| 2/17/2009 | Review PD POC forms from Debtor | 0.5 |
| 2/17/2009 | Edit Revised PD CMO | 0.5 |
| 2/17/2009 | Review and analysis of Voting Procedures Order and ballots | 1.5 |
| 2/17/2009 | Email from R. Wyron re meeting | 0.1 |
| 2/17/2009 | Review of blacklines of Ancillary Plan Documents | 0.5 |
| 2/17/2009 | Conference with client re hearing | 0.1 |
| 2/17/2009 | Review motion to shorten time re Anderson Memorial CMO motion | 0.1 |
| 2/17/2009 | Review emails from ZAI counsel re Solow issue | 0.1 |

| | | |
|---|---|---|
| 2/18/2009 | Telephone conferences with Dan Speights regarding CMO | 0.5 |
| 2/18/2009 | Email from J. Baer and J. O'Neill re notice issue | 0.1 |
| 2/18/2009 | Emails to and from D. Boll re Plan issues | 0.3 |
| 2/18/2009 | Emails to and from T. Freedman re CMO class action issue | 0.1 |
| 2/18/2009 | Review of Order regarding Anderson Memorial hearing | 0.1 |
| 2/18/2009 | Review and Revisions to Grace's Proposed Confirmation Discovery Protective Order | 0.4 |
| 2/18/2009 | Review, Analysis and Revisions to of latest draft (2-18) of PD CMO andv review and analysis of the related Plan and Disclosure Statement Amendments | 1.0 |
| 2/19/2009 | Travel (non-productive) to New York for meetings with Grace and with the PI FCR re outstanding issues  (5.4 hrs. @ 50%) | 2.7 |
| 2/19/2009 | Email to D. Boll re ZAI issue | 0.2 |
| 2/19/2009 | Meeting at office of Debtors' counsel regarding outstanding PD issues | 4.3 |
| 2/19/2009 | Preparation for 2-23 Omnibus hearing | 0.2 |
| 2/19/2009 | Letter to Plan Proponents re PDFCR discovery requests | 0.3 |
| 2/19/2009 | Further Revisions to CMO | 0.5 |
| 2/19/2009 | Memo to client re status | 0.2 |
| 2/19/2009 | Draft Plan language re PD Trust fund segregation | 0.5 |
| 2/20/2009 | Conference with counsel to the PI FCR re intercreditor issues | 2.8 |
| 2/20/2009 | Review Amended Omnibus agenda | 0.1 |
| 2/20/2009 | Review Grace Response to Anderson extension motion and emails to and from Dan Speights re same | 0.2 |
| 2/20/2009 | Draft Disclosure Statement Objections | 1.5 |
| 2/20/2009 | Review Grace Discovery Responses to Owens Illinois | 0.2 |

| | | |
|---|---|---|
| 2/20/2009 | Conference with client re status | 0.1 |
| 2/20/2009 | Travel (non-productive) to Dallas from NYC meetings  (6.6 hrs. @ 50%) | 3.3 |
| 2/20/2009 | Review of various objections to disclosure statement (USA, Anderson Memorial, Unifirst) | 0.4 |
| 2/20/2009 | Review of Zurich and UniFirst responses to phasing of confirmation hearings | 0.1 |
| 2/21/2009 | Review of Maryland Casualty Objection to disclosure statement | 0.1 |
| 2/21/2009 | Review of Amended Omnibus hearing agendas | 0.1 |
| 2/21/2009 | Review discover responses of Longacre, Federal Insurance, Debtors (re BNSF), Allstate, Montana and the Libby Claimants | 1.0 |
| 2/21/2009 | Email to client re status | 0.3 |
| 2/23/2009 | Attend telephonic omnibus hearing | 0.8 |
| 2/24/2009 | Review Responses to Confirmation Discovery (Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Yoko Cannon's Amended First Interrogatories Propounded Upon Plan Proponents; Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Elmer Biladeau's Interrogatories Propounded Upon Asbestos PI Committee; Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Robert Barnes's Interrogatories Propounded Upon Asbestos PI Committee; and Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Gayla Benefield's Amended First Interrogatories Propounded Upon Plan Proponents; Debtors' Responses and Objections to Arrowood's Interrogatories and Document Requests in Connection with the Joint Plan of Reorganization; Debtors' Responses and Objections to Arrowood's Requests to  Admit in Connection with the Joint Plan of Reorganization; Debtors' Objections and Answers to Libby Claimants' Amended First Set of Interrogatories Propounded upon Plan Proponents; Response Of BNSF Railway Company To Debtors', Asbestos PI Future Claimants' Representative's And Official Committee Of Asbestos Personal Injury Claimants' First Set Of Interrogatories; Response Of BNSF Railway Company To Debtors', Asbestos PI Future Claimants' Representative's And Official Committee Of Asbestos Personal | |

|  | Injury Claimants' First Request for Production of Documents; and PI Future Claimants' Representative's Joinder in the Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Gayla Benefield's and Yoko Cannon's Amended First Interrogatories Propounded Upon Plan Proponents) | 1.7 |
|---|---|---|
| 2/24/2009 | Review Revisions to Plan documents received from Debtor on Feb.21 | 2.0 |
| 2/25/2009 | Review of Sealed Air comments to PD Agreements and email to debtors' counsel re same | 0.5 |
| 2/25/2009 | Review of Debtors' revision to ZAI DPA | 0.3 |
| 2/25/2009 | Email from PI FCR counsel re intercreditor agreement | 0.2 |
| 2/25/2009 | Prepare and file compensation application and notice on behalf of PD FCR | 1.0 |
| 2/25/2009 | Review Revised Plan documents received on 2/25/09 | 2.0 |
| 2/25/2009 | Emails to Ted Freedman and D. Boll re various Plan Document issues | 0.3 |
| 2/26/2009 | Emails to and from Ted Freedman and D. Turetsky re PD CMO issues | 0.2 |
| 2/26/2009 | Emails to and from D. Scott and E Westbrook re revision to PD Trust Agreement | 0.1 |
| 2/27/2009 | Review proposed revisions of Sealed Air and Fresenius to PD CMO and emails to and from counsel re same | 0.3 |
| 2/27/2009 | Review revisions to Protective Order for confirmation discovery | 0.1 |
| 2/27/2009 | Review letter from Debtors' counsel re discovery repository | 0.1 |
| 2/27/2009 | Review Exhibits to the Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Elmer Biladeau's Interrogatories Propounded Upon Asbestos PI Committee | 0.3 |
| 2/27/2009 | Email to Debtors' counsel re  PD historic claims information | 0.1 |
| 2/27/2009 | Telephone conference with debtors' counsel re ZAI and PD CMO issues | 0.1 |
| 2/27/2009 | Review revised blacklines of the PD CMO and the Plan | 1.0 |

| 2/27/2009 | Review debtors' new proposed revisions to ZAI DPA and emails to and from ZAI counsel re same | 0.2 |
| 2/27/2009 | Review filing by pro se regarding PD, ZAI | 0.1 |

Total: 70.9 hours @ $575.00/hour = $40,767.50

Expenses:   Travel Expenses (Detail on Exhibit 1)  $2,420.56

**Total Fees and Expenses Due:**        **$43,188.06**

EXPENSES FOR FEBRUARY, 2009                                          EXHIBIT 1

| DATE | DESCRIPTION OF EXPENSE | AMOUNT |
|------|------------------------|--------|
| 2/6/2009 | RT Coach Airfare (Charleston, SC) for Meeting with Trustee Candidate | $354.70 |
| 2/6/2009 | RT Airport Transportation (DFW) | $148 |
| | | |
| 2/19/2009 | RT Coach Airfare (NYC) for Meetings with Plan Proponents | $1,296.80 |
| 2/19/2009 | Hotel (Essex House) | $474.87 |
| 2/19/2009 | Train Fare | $15 |
| 2/19/2009 | Dinner | $31.86 |
| 2/20/2009 | Taxi Fares | $49.00 |
| 2/20/2009 | Lunch | $8.33 |
| 2/20/2009 | Airport Parking | $42.00 |
| | | |
| | TOTAL EXPENSES | $2,420.56 |

# EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 4/22/09 |
| | § | Hearing Date: TBD (if needed) |

## SUMMARY OF APPLICATION OF ALAN B. RICH, ESQ. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR THE SEVENTH MONTHLY INTERIM PERIOD FROM MARCH 1, 2009 THROUGH MARCH 31, 2009

Name of Applicant:　　　　　　　　　　　Alan B. Rich, Esq.

Authorized to Provide Services To:　　　　Hon. Alexander M. Sanders, Jr.,
Legal Representative for Future Asbestos-
Related Property Damage Claimants
and Holders of Demands

Date of Retention:　　　　　　　　　　　September 29, 2008 (*nunc pro tunc*)

Period for Which Compensation
and Reimbursement is Sought:　　　　　　March 1, 2009 through March 31, 2009

Amount of Fees Sought as Actual
Reasonable and Necessary:　　　　　　　$27,186.00

Amount of Expenses Sought as
Actual, Reasonable and Necessary:　　　　$4,556.30

This is a(n):　　☒Monthly　　☐Interim　　☐Final Application

PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 11/15/2008 | 9/29/2008 to 9/30/2008 | $5,796.00 | $693.50 | Paid | Paid |
| 11/15/2008 | 10/1/2008 to 10/30/2008 | $24,380.00 | $3,821.18 | Paid | Paid |
| 12/11/2008 | 11/1/2008 to 11/30/2008 | $35,326.00 | $4,010.79 | Paid | Paid |
| 1/2/2009 | 12/1/2008 to 12/31/2008 | $18,510.00 | $1,482.39 | Paid | Paid |
| 2/1/2009 | 1/1/2009 to 1/31/2009 | $31,740.00 | $2,717.34 | Paid | Paid |
| 3/2/2009 | 2/1/2009 to 2/28/2009 | $32,614.00 | $2,420.56 | CNO Filed | CNO Filed |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Alan B. Rich is the only attorney providing services in this Fee Application period.  Mr.

Rich has practiced law for 24 years, and his billing rate is $575 per hour.  In this Application

[1] At 80% of the total incurred.

period Mr. Rich billed 59.1 hours,[2] for a total amount billed of $33,982.50 of which 80% is

currently sought, in the amount of $27,186.00.

As stated above, this is the Seventh application for monthly fees and expenses.  The time

for preparation of this Application is approximately 1.5 hours, for which $862.50 will be

requested in a future application.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 44.9 | $25,817.50 |
| Travel | 24.4 | $7,015.00 |
| Fee Applications (Monthly) | 2.0 | $1.150.00 |
| TOTAL | 72.8 | $33,982.50 |

EXPENSE SUMMARY

| Description | Expense |
|---|---|
| Travel<br>Court Call<br>Conference Calling | $4,477.92<br>$69.50<br>$8.88 |
| TOTAL | $4,556.30 |

Detail of the fees and expenses billed is attached hereto as Exhibit A.

---

[2] Non-Productive travel time is included in this figure, but at 50% of the actual time.

<u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)</u>

     I, Alan B. Rich, a professional person seeking approval of this Monthly Fee Application, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

     Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 532-4437
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

<u>**CERTIFICATE OF SERVICE**</u>

     I certify that on the 2nd day of April, 2009,  this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

# ALAN B. RICH

*Attorney and Counselor*
Elm Place
1401 Elm Street, Suite 4620
Dallas, Texas 75202
Telephone 214.744.5100
Fax 214.744.5101
E-mail: arich@alanrichlaw.com

## NOTE NEW MAILING ADDRESS!

## INVOICE FOR PROFESSIONAL SERVICES (March, 2009)

**Client**

**Hon. Alexander M. Sanders, Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands**

**Matter**

*In re W. R. Grace*, No. 01-1139 (Bankr. D. Del)

| Date | Services Performed | Time |
|------|--------------------|------|
| 3/1/2009 | Prepare Sixth Fee Application and Notice thereof | 1.5 |
| 3/1/2009 | Review Disclosure Statement Objection Chart and COC re same | 0.2 |
| 3/1/2009 | Review email from Debtors' counsel re purpose of ZAI DPA changes | 0.1 |
| 3/2/2009 | Email from ZAI counsel re DPA | 0.1 |
| 3/2/2009 | Review hearing agenda | 0.1 |
| 3/2/2009 | Review and Analysis of the Final Disclosure Statement and Plan, all Exhibits thereto and notices of filing | 2.0 |
| 3/3/3009 | Continued Review and Analysis of the Final Disclosure Statement and Plan and all Exhibits thereto | 2.0 |
| 3/4/3009 | Review Pro Se ZAI and PI claim | 0.1 |

| | | |
|---|---|---|
| 3/4/2009 | Review confirmation discovery responses to various parties by the Debtors and the PI FCR | 0.5 |
| 3/5/2009 | Emails to and from Debtors' counsel and PI FCR counsel re Property Damage Study | 0.1 |
| 3/5/2009 | Review and Analysis of the latest draft of the Intercreditor Agreement | 2.0 |
| 3/5/2009 | Telephone conference with PI FCR counsel re Intercreditor Agreement | 0.5 |
| 3/6/2009 | Review Debtors' response to Arrowood discovery | 0.1 |
| 3/6/2009 | Review Order re Anderson Memorial motion re CMO | 0.1 |
| 3/6/2009 | Draft and file CNO on First Quarterly Fee Application | 0.2 |
| 3/6/2009 | Review of Plan Proponents Discovery Responses, including: Asbestos PI Future Claimants' Representative's Response to Zurich's Joinder in the CNA Companies' First Set of Requests for Admission, First Set of Interrogatories and First Set of Requests for Documents; Asbestos PI Future Claimants' Representative's Response to CNA Companies' First Set of Requests for Admission, First Set of Interrogatories and First Set of Requests for Documents; Asbestos PI Future Claimants' Representative's Response to Certain Insurers' First Requests for Admission, (Revised) First Set of Interrogatories and First Set of Requests for Documents; Asbestos PI Future Claimants' Representative's Response to Government Employees Insurance Company and Columbia Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents; Asbestos PI Future Claimants' Representative's Response to OneBeacon America Insurance Company and Seaton Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents; and Debtors, Official Committee of Asbestos Personal Injury Claimants, Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders' Joint Response to Federal Insurance Company's First Set of Requests for Admission, First Set of Interrogatories, and First Set of Requests for Production of Documents | 1.2 |
| 3/6/2009 | Review of and revisions to the 3-6 version of the Intercreditor Agreement and email to PI FCR counsel and others re same | 1.0 |
| 3/6/2009 | Review of Revisions to Disclosure Statement regarding the Intercreditor Agreement and email to PI FCR counsel and others re same | 0.3 |

| | | |
|---|---|---|
| 3/7/2009 | Review final redline of ICA; Emails from PI FCR's counsel and debtors' counsel re ICA; email to D. Speights re ICA | 0.5 |
| 3/8/2009 | Review discovery responses (Debtors' Response to Certain Insurers' discovery; Debtors' Response to Seaton Discovery; Plan Proponents Objections and Answers to Scotts Requests for Admission; Plan Proponents Objections and Answers to Scotts Interrogatories; Plan Proponents Objections and Answers to Scotts Document Request; ACC Responses to Discovery Propounded by Fireman's Fund; ACC Objections and Responses to Discovery Requests of Zurich; ACC Objections and Responses to Discovery Requests of CNA; ACC Objections and Responses to Discovery by GEICO; Debtors' Response to Zurich discovery; Debtors' Response to GEICO discovery; Debtors' Response to CNA discovery; ACC Objections and Responses to Discovery Requests of Seaton) | 1.2 |
| 3/8/2009 | Email to T. Freedman re PD Trust Agreement | 0.2 |
| 3/8/2009 | Continued Review and Analysis of the Final Disclosure Statement and Plan and all Exhibits thereto | 1.5 |
| 3/8/2009 | Travel (non-productive) to Pittsburgh for Disclosure Statement Hearing (2.6 hrs. @50%) | 1.3 |
| 3/9/2009 | Attend Disclosure Statement Hearing | 3.0 |
| 3/9/2009 | Review Revised Draft Protective Order re confidential Information in connection with confirmation and email from counsels re same | 0.3 |
| 3/9/2009 | Travel (non-productive) from Pittsburgh to Dallas (5.2 hrs. @50%) | 2.6 |
| 3/9/2009 | Review order re Pro Se ZAI claim | 0.1 |
| 3/9/2009 | Review signed order approving disclosure statement, voting procedures, etc. | 0.3 |
| 3/10/2009 | Telephone conference with ZAI counsel re status | 0.2 |
| 3/10/2009 | Review correspondence from Debtor re document production | 0.1 |
| 3/11/2009 | Review deposition notice for Libby expert | 0.1 |
| 3/11/2009 | Review 9019 motion re multisite agreement | 0.1 |

| | | |
|---|---|---|
| 3/11/2009 | Telephone conference with Debtors' counsel re discovery issues and letter to Debtors' counsel re same | 0.6 |
| 3/11/2009 | Telephone conference with J. Sakalo re PD CMO | 0.1 |
| 3/11/2009 | Email to Debtors' counsel re PD CMO plan exhibit | 0.1 |
| 3/12/2009 | Email to and from client re April Omnibus hearing | 0.1 |
| 3/12/2009 | Review Environmental claim settlement notices | 0.1 |
| 3/12/2009 | Review Deposition notice from Anderson Memorial for R. Finke | 0.1 |
| 3/13/2009 | Email to counsel re extension of expert report | 0.1 |
| 3/13/2009 | Review Third Circuit opinion re Anderson (Speights) appeal; emails to counsel re same | 0.2 |
| 3/13/2009 | Draft and file Reservation of Rights regarding Witnesses at Confirmation Hearing | 0.3 |
| 3/13/2009 | Review witness lists filed by insurers, committees, plan proponents, Scotts, Montana | 0.6 |
| 3/13/2009 | Review Objection to ZAI certification filed by Anderson Memorial | 0.2 |
| 3/13/2009 | Review motion to extend expert report deadline for Prof. Priest | 0.1 |
| 3/13/2009 | Emails to and from Debtors' counsel re depositions and PD document | 0.2 |
| 3/13/2009 | Email to client re strategy | 0.1 |
| 3/13/2009 | Review Debtors' Objection to Anderson Memorial ZAI POC | 0.5 |
| 3/16/2009 | Teleconference with client re strategy | 0.2 |
| 3/16/2008 | Emails to and from Ted Freedman re meetings | 0.1 |
| 3/16/2009 | Review proposed confidentiality order from debtor and email to client re same | 0.3 |
| 3/16/2009 | Review additional witness lists | 0.1 |

| | | |
|---|---|---|
| 3/16/2009 | Review PD Committee Response to Interrogatories and RFA of Debtors | 0.2 |
| 3/16/2009 | Review letter re document production from Lisa G. Esayian | 0.1 |
| 3/17/2009 | Telephone conference with client re status of meetings | 0.1 |
| 3/17/2009 | Review Discovery responses of Anderson Memorial and Speights & Runyan | 0.2 |
| 3/17/2009 | Telephone conference with Ted Freedman re financial meeting and email from P. Zilly re same | 0.2 |
| 3/17/2009 | Review additional witness lists | 0.1 |
| 3/18/2009 | Review revisions to Confirmation Discovery Protective Order | 0.2 |
| 3/18/2009 | Review supplemental expert reports of the Libby Claimants | 0.7 |
| 3/18/2009 | Attend to finalizing Confidentiality Agreement for PD FCR | 0.2 |
| 3/18/2009 | Review comments to confirmation discovery protective order and emails re same | 0.1 |
| 3/18/2009 | Review OI withdrawal of objection | 0.1 |
| 3/19/2008 | Attend by telephone portion of expert deposition of Dr. Whitehouse | 2.5 |
| 3/19/2009 | Review Debtors' and Insurers Expert Reports | 2.0 |
| 3/19/2009 | Emails to Debtors' counsel re PD FCR fees and Deposition of Richard Finke | 0.1 |
| 3/19/2009 | Emails regading Confirmation Discovery Protective Order | 0.1 |
| 3/19/2009 | Review Exhibit re KPMG estimates from Sealed Air case | 0.6 |
| 3/20/2009 | Emails re Finke Deposition | 0.1 |
| 3/20/2009 | Review Pro Se ZAI and PI claim | 0.1 |
| 3/21/2009 | Review Plan Proponents Verifications to Federal Insurance discovery requests | 0.1 |
| 3/23/2009 | Prepare and attend to filing of CNO for PD FCR's First Monthly Fee Application | 0.3 |

| 3/23/2009 | Review Amended Notice of Finke Deposition | 0.1 |
| 3/23/2009 | Review Anderson Memorial's Interrogatories, Requests for Production and Requests for Admissions directed to the Plan Proponents | 0.3 |
| 3/24/2009 | Email from P. Zilly re change of meeting time | 0.1 |
| 3/24/2009 | Review of 2009-2011 KERP motion | 0.3 |
| 3/24/2009 | Review 9019 Motion re PD Claim | 0.1 |
| 3/24/2009 | Review UCC's Discovery Response to Debtors | 0.1 |
| 3/24/2009 | Review Equity Committee Responses to Libby RFPs | 0.1 |
| 3/24/2009 | Review Debtors' Motion for Leave to Reply to Anderson ZAI objection | 0.1 |
| 3/24/2009 | Travel (non-productive) to New York for meeting with Committees and Grace financial advisors  (5.6 hrs. @ 50%) | 2.8 |
| 3/25/2009 | Meeting with Grace and Committee financial advisors | 2.1 |
| 3/25/2009 | Travel (non-productive) to Dallas (5.6 hrs. @ 50%) | 2.8 |
| 3/26/2009 | Emails regarding extension for insurers' expert report | 0.1 |
| 3/26/2009 | Reivew Orders re ZAI reply brief, pension plan and Baer retention | 0.2 |
| 3/27/2009 | Emails from Ted Freedman and to client re CFO meeting | 0.1 |
| 3/27/2009 | Review Second Amended Notice of Finke Deposition and Debtor's Objection to Amended Finke deposition notice | 0.1 |
| 3/27/2009 | Review deposition calendar from debtor | 0.1 |
| 3/27/2009 | Review corrections to Mathis expert report | 0.1 |
| 3/28/2009 | Review Grace Reply Brief re Anderson objection to ZAI settlement | 0.2 |
| 3/29/2009 | Travel (non-productive) to Wilmington for Finke Deposition (5.4 hrs. @50%) | 2.7 |
| 3/30/3009 | Emails to and from client re CFO meeting and fee issues | 0.2 |

| | | |
|---|---|---|
| 3/30/2009 | Attend deposition of Richard Finke in Wilmington | 8.3 |
| 3/30/2009 | Review Discovery Responses and Requests re Confirmation: (Plan Proponents Response to Montana Phase II Rogs and RFPs; Plan Proponents Response to Shea and Thom Rogs and RFPs; ACC and FCR Answers to Doney Rogs and RFPs; ACC and FCR Answers to White's Rogs and RFPs; ACC and FCR Responses to Benefield's RFP; ACC and FCR Responses to Canon's RFP; ACC and FCR Responses to Doney's RFP; ACC and FCR Responses to White's RFP; ACC Responses to Barnes RFP; ACC Responses to Biladeau's RFP; Plan Proponents Responses to BNSF Discovery; Equity Committee Response to White's RFP; Equity Committee Response to Doney Rogs; Equity Committee Response to Doney RFPs; Equity Committee Response to White Rogs; Libby Claimants' Response to Debtors' RFP; Travelers 2nd RFA to Debtors; ACC and FCR Answers to Doney Rogs (Revised); ACC and FCR Answers to White's Rogs (Revised); Plan Proponents Response to RFPs and Rogs of Byington (Libby); Plan Proponents' Response to Libby Claimants' RFAs; Debtors' Response to Doney Interrogatories (Libby); Debtors' Response to Kirk White Interrogatories (Libby); Plan Proponents' Response to CNA's 2nd RFPs; Plan Proponents' Response to Maryland Casualty Rogs, RFAs and PFPs; Debtors' Response to RFA of Yoko Cannon (Libby); Debtors' Response to RFP of Benefield; Debtors' Response to RFP of Doney; Debtors' Response to RFP of Kirk White) | 2.2 |
| 3/31/2009 | Review Debtors' Amended Discovery Request to PD Committee | 0.1 |

Total: 59.1 hours @ $575.00/hour = $33,982.50

Expenses:   Travel Expenses (Detail on Exhibit 1)  $4,556.30

**Total Fees and Expenses Due**:        **$38,538.80**

EXPENSES FOR MARCH 2009                                                    EXHIBIT 1

| DATE | DESCRIPTION OF EXPENSE | AMOUNT |
|------|------------------------|--------|
| 1/26/2009 | Court Call | $38.00 |
| 2/1/2009 | Conference Calling | $8.88 |
| 2/23/2009 | Court Call | $32 |
| | | |
| 3/8/2009 | RT Restricted Coach Airfare DFW-PIT and change fees | $1,311.20 |
| 3/8/2009 | Taxi to Hotel | $45.64 |
| 3/9/2009 | Hotel (Omni William Penn) | $318.06 |
| 3/9/2009 | Taxi to Airport | $42.11 |
| 3/9/2009 | Lunch | $15.75 |
| 3/9/2009 | Parking at DFW | $10.00 |
| | | |
| 3/24/2009 | RT Restricted Coach Airfare DFW-LGA and change fees | $1,113.40 |
| 3/24/2009 | Hotel (Hilton) | $229.59 |
| 3/24/2009 | Dinner | $4.90 |
| 3/25/2009 | Taxi from LGA to Meeting | $35.85 |
| 3/25/2009 | Taxi to LGA | $33.05 |
| 3/25/2009 | Parking at DFW | $24.00 |
| | | |
| 3/29/2009 | RT Restricted Coach Airfare to and from PHL and stand-by fee | $455.60 |
| 3/29/2009 | Dinner | $10.07 |
| 3/29/2009 | Hotel (du Pont) | $284.90 |
| 3/30/2009 | Parking | $22.00 |
| 3/30/2009 | Rental Car Charges | $33.18 |
| 3/30/2009 | Lunch | $10.28 |
| | | |
| 3/31/2009 | Hotel (duPont) | $306.90 |
| 3/31/2009 | Parking | $22.00 |
| 3/31/2009 | Dinner | $21.60 |
| 3/31/2009 | Rental Car Charges | $63.74 |
| 4/1/2009 | Courthouse parking | $6.00 |
| 4/1/2009 | Lunch | $20.10 |
| 4/1/2009 | Parking at DFW | $38.00 |
| | | |
| | TOTAL EXPENSES | $4,556.30 |