**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 6/5/09 |
| | § | Hearing Date: 9/22/2009 |

**SECOND QUARTERLY APPLICATION OF HON. ALEXANDER M.
SANDERS, JR.,THE LEGAL REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS
AND HOLDERS OF DEMANDS FOR COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES FOR THE 32ND
QUARTERLY PERIOD FROM JANUARY 1, 2009 THROUGH MARCH 31, 2009**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Hon. Alexander M . Sanders, Jr., pursuant to sections 327, 330 and

331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Appointment Order (as defined

below), the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for

Interim Compensation and Reimbursement of Professionals and Official Committee Members

(the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C.

§§105(a) and 331 Establishing Revised Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended

Interim Compensation Order") and Del. Bankr. LR 2016-2, and hereby applies for an order

allowing him (i) compensation in the amount of $27,860.00 for the reasonable and necessary

services he has rendered as the Legal Representative for Future Asbestos-Related Property

Damage Claimants and Holders of Demands and (ii) reimbursement of actual and necessary

expenses that he has incurred in the amount of $2,305.49, for a total of $30,165.49 or one

hundred percent (100%) of all compensation and expense reimbursement requested, for the

period January 1, 2008 through March 31, 2008 (the "Second Quarterly Fee Application"), and in

support of this Second Quarterly Fee Application, would respectfully show as follows:

<u>SUMMARY</u>

| | |
|---|---|
| Name of Applicant: | Hon. Alexander M. Sanders, Jr., |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | October 20, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | January 1, 2009 through March 31, 2009 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $27,860.00 |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $2,305.49 |

This is a(n):   ☐Monthly   ☒Quarterly   ☐Interim   ☐Final Application

<u>PRIOR APPLICATIONS</u>

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | 9/22/2008 to 2/25/2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2/26/2009 to 3/31/2009 | $17,892.00 | $2,305.49 | Pending | Pending |

Hon. Alexander M. Sanders, Jr. is the only professional providing services in this Fee

---

[1] At 80% of the total incurred.

Application period.  Judge Sanders has practiced law for over 40 years, and the billing rate for

the time period of this application was either $350 or $450 per hour, his rate having increased

during this period.  In this Second Quarterly Application period Judge Sanders billed 74.6 hours,[2]

for a total amount billed of $27,860.00, of which 80% ($22,288.00) has already been paid or has

payment pending, **leaving the amount not yet approved or paid of $5,572.00.**

<u>COMPENSATION BY PROJECT CATEGORY</u>

| Project Category | Hours | | Amount | |
|---|---|---|---|---|
| Disclosure Statement and Confirmation | 15.7<br>40.5 | (@$350/hr)<br>(@$450/hr) | $5,495.00<br>$18,225.00 | |
| Travel | 18.4 | (@100%) | $4,140.00 | (@50%) |
| TOTAL | 74.6 | | $27,860.00 | |

<u>APPLICATION</u>

1.     On April 2, 2001 , (the "Petition Date") each of the Debtors filed a

voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code

(the "Chapter 11 Cases").  On April 2, 2001, the Court entered an order procedurally

consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the

Debtors are continuing to operate their businesses and manage their properties and assets as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the United States Bankruptcy

Code.

---

[2] Judge Sanders' first fee application was for the period from September 22, 2008 through February 25, 2009, and thus overlapped two quarterly application periods.  The amount applied for now is for 15.7 of the 55.1 hours from his first monthly application, the hours which were billed during this quarterly period, hours from January 1, 2009 to February 25, 2009.

2.    On May 3, 2001 , the Court entered an Interim Compensation Order, as amended by the Amended Interim Compensation Order, establishing procedures for monthly compensation and reimbursement of expenses of professionals (each such application, a "Monthly Fee Application"), and whereby any notice party listed in the Amended Interim Compensation Order may object to such Monthly Fee Application.  If no notice party objects to professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of the fees requested and one hundred percent (100%) of the expenses requested, subject to the filing and approval of the interim and final fee applications of the professional.

3.    Furthermore, and also pursuant to the Amended Interim Compensation Order, within forty-five (45) days of the end of each quarter, professionals are required to file and serve, upon the notice parties, a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application, less any amounts previously paid in connection with the Monthly Fee Applications.  Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

4.  By an October order of this Court, the PD FCR was appointed by the Court. (the "Appointment Order")  The Appointment Order authorizes the Debtors to compensate Judge Sanders at his hourly rate charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that he incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.  This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is Judge Sanders' Second Quarterly Fee Application for compensation for services rendered in connection with the Chapter 11 Cases and covers the fee period of January 1, 2009 through March 31, 2009 (the "Fee Period").

6.  Judge Sanders has filed with the Court the following Monthly Fee Applications for interim compensation during the Fee Period:

(a)  Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services and Reimbursement of Expenses as the Legal Representative for Future Asbestos-related Property Damage Claimants And Holders of Demands for the First Monthly Interim Period from September 22, 2008 Through February 25, 2009, seeking $15,428.00 in fees (80% of $19,285.00); and

(b)  Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services and Reimbursement of Expenses as the Legal Representative for Future Asbestos-related Property Damage Claimants And Holders of Demands for the Second Monthly Interim Period from February 26, 2009 Through March 31, 2009, seeking $17,892.00 in fees (80% of $22,305.00) and $2,305.49 in expenses.

7.  The monthly fee application covered by this Second Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by Judge Sanders during the Fee Period, as well as other detailed information required to be included in fee applications.  The First and Second monthly applications are attached hereto

-5-

as Exhibits "A" and "B."

8.      The period for objecting to the fee and expense reimbursements relating to the First and Second Monthly Applications have passed without any objections being filed, whereupon Judge Sanders filed Certificates of No Objection with the Court, and Judge Sanders has been paid interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested for the first application, with payment for the second application pending.

9.      Judge Sanders previously filed a First Quarterly Fee Application on February 25, 2009 which is pending.

10.     By this Second Quarterly Fee Application, Judge Sanders requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Judge Sanders from January 1, 2009 through March 31, 2009, less any amounts previously paid to Judge Sanders pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Monthly Fee Applications that already have been filed with the Court.

11.     Judge Sanders reserves his right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee applications.

12.     At all relevant times, Judge Sanders has been a disinterested person as that term is defined in Section 101(14) of the United States Bankruptcy Code, as modified by section 1107(b) of the United States Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

13.     All services for which compensation is requested by Judge Sanders were performed for as the PD FCR and not on behalf of any committee, creditor, or other person.

14.     Judge Sanders believes that this First Quarterly Fee Application complies with the requirements of Del. Bankr. LR 2016-2 and the Amended Interim Compensation Order.

15.     During the Interim Period, Judge Sanders has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases, other than the interim compensation payments pursuant to the Amended Interim Compensation Order.  There is no agreement or understanding between Judge Sanders and any other person for the sharing of compensation to be received for services rendered in these cases, other than normal intra-firm distributions at his law firm.

16.     The professional services and related expenses for which Judge Sanders requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of Judge Sanders' professional responsibilities as PD FCR in the Chapter 11 Cases.  Judge Sanders' services have been necessary and beneficial to future property damage claimants' as well as the Debtors and their estates, creditors, and other parties in interest.

17.     Pursuant to Fed R. Bankr. P. 2016(b), other than normal intra-firm distributions at his law firm, Judge Sanders has not shared, nor has agreed to share: (a) any compensation it has received or may receive with another party or person, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Hon. Alexander M. Sanders, Jr. respectfully requests that the Court enter an order, providing that (a) for the period from January 1, 2009 through March 31, 2009, an

administrative allowance be made to Judge Sanders in the sum of $27,860.00 as compensation

for reasonable and necessary professional services rendered as the PD FCR and $2,305.49 in

expenses; (b) that the Debtors be authorized and directed to pay to Judge Sanders the outstanding

amount of such sums, less any sums previously paid to Judge Sanders pursuant to the Monthly

Fee Applications and the procedures set forth in the Amended Interim Compensation Order and

(c) this Court grant such other and further relief to which Judge Sanders is justly entitled.

Respectfully Submitted,

_____

Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

<u>DECLARATION</u>

Alan B. Rich, declares as follows:

I am the counsel hired by the PD FCR with the approval of the Court, and am familiar with the services that the PD FCR rendered  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  I believe that this Application substantially complies with Local Bankruptcy Rules for the District of Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 15, 2009.

_____

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on the 15th day of May, 2009,  this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 3/18/09 |
| | § | Hearing Date: TBD (if needed) |

**SUMMARY OF FIRST APPLICATION OF ALEXANDER M. SANDERS, JR.
FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT
OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS
AND HOLDERS OF DEMANDS FOR THE PERIOD FROM
SEPTEMBER 22, 2008 THROUGH FEBRUARY 25, 2009**

| | |
|---|---|
| Name of Applicant: | Hon. Alexander M. Sanders, Jr., |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | October 20, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | September 22, 2008 through February 25, 2009 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $19,285.00 |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $0 |

This is a(n):   ☒Monthly      ☐Interim      ☐Final Application

-1-

PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

     Hon. Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period.  Judge Sanders has practiced law for over 40 years, and his present billing rate is $350 per hour.  In this Application period Judge Sanders performed 55.1 hours of services as PD FCR, for a total amount billed of $19,285.00, of which 80% is currently sought, in the amount of $15,428.00.

     This is the First application for monthly fees and expenses.

---

[1] At 80% of the total incurred.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 55.1 | $19,285.00 |
| TOTAL | 55.1 hours | $19,285.00 |

## EXPENSE SUMMARY

| Description | Expense |
|---|---|
| | $0 |
| TOTAL | $0 |

Detail of the fees and expenses billed is attached hereto as Exhibit A.

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, attorney for the PD FCR, and a professional person seeking approval of this Monthly Fee Application on behalf of his client, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1201 Main Street, Suite 1910, LB 201
Dallas, Texas 75202
(214) 532-4437
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## CERTIFICATE OF SERVICE

I certify that on the 25th day of February, 2009,  this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

### ALEXANDER M. SANDERS, JR.
### SANDERS & NETTLES, LLC
#### Attorneys at Law
#### 208 Lincoln Street
#### Columbia, South Carolina 29201

*Mailing address:  19 Water Street*
*Charleston, SC 29401*

## INVOICE FOR PROFESSIONAL SERVICES 9/22/08 - 2/25/09

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

*In re W. R. Grace,* No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|--------------------|------|
| 9/22/08 | Review of numerous documents relating to appointment | 2.5 |
| 9/22/08 | Review of verified statement pursuant to Rule 2014(A) | 0.5 |
| 9/25/08 | Review of application for appointment of PD FCR | 0.5 |
| 10/1/08 | Review of engagement letter for counsel (Alan B. Rich) | 0.5 |
| 10/9/08 | Emails to and from counsel on status | 0.2 |
| 10/13/08 | Status conference with counsel and correspondence | 0.2 |
| 10/13/08 | Review of supplemental statement pursuant to Rule 2014(A) | 0.5 |
| 10/14/08 | Status correspondence with counsel | 0.2 |
| 10/14/08 | Review of application for order authorizing retention of counsel | 1.0 |
| 10/16/08 | Conferences with ZAI rep. and counsel | 3.0 |
| 10/16/08 | Draft of proposed changes to ZIA provisions | 1.0 |
| 10/20/08 | Review of order appointing PD FCR | 0.5 |
| 10/23/08 | Review of documents from D. Speights | 0.8 |
| 10/24/08 | Meeting with D. Speights | 1.0 |

INVOICE 9/22/08 - 2/25/09
Page 2

| | | |
|---|---|---|
| 10/29/08 | Status conference with counsel | 0.3 |
| 10/30/08 | Meeting with ZIA rep. | 1.5 |
| 10/31/08 | Review of ZIA motion for class cert. and related documents | 2.5 |
| 10/31/08 | Emails to and from counsel and ZAI rep. | 0.4 |
| 11/3/08 | Meeting with debtors and ZAI rep. | 4.0 |
| 11/4/08 | Emails to and from counsel and PD Committee | 0.3 |
| 11/5/08 | Emails to and from counsel | 0.2 |
| 11/6/08 | Conference with counsel, PD Committee, et al. | 6.0 |
| 11/6/08 | Review ZAI term sheet, conference with counsel and ZAI rep. | 0.6 |
| 11/10/08 | Conference with counsel and PD Committee | 0.4 |
| 11/10/08 | Review of various documents relating to ZIA claims | 3.0 |
| 11/10/08 | Review of preliminary objection by PD FCR | 0.5 |
| 11/11/08 | Review of proposal re "traditional" PD claims | 1.0 |
| 11/13/08 | Status conference with counsel | 0.2 |
| 11/17/08 | Review ZAI term sheet, conference with counsel and ZAI rep. | 1.0 |
| 11/18/08 | Review Order of Retention and correspondence from counsel | 0.2 |
| 11/19/08 | Review of proposed changes by ZIA rep. | 0.5 |
| 11/20/08 | Review of further proposed changes | 0.5 |
| 11/20/08 | Review of proposed change for "traditional" PD claims | 0.5 |
| 11/21/08 | Review of further proposed changes | 0.2 |
| 11/30/08 | Meeting with ZIA rep. | 1.5 |
| 12/3/08 | Review of proposed retention agreement for local counsel | 0.2 |
| 12/9/08 | Status conference with counsel | 0.2 |

INVOICE 9/22/08 - 2/25/09
Page 3

| | | |
|---|---|---|
| 12/10/08 | Review of memorandum re "traditional" PD claims | 1.0 |
| 12/13/08 | Review revised memorandum | 0.5 |
| 12/18/08 | Status conference with counsel | 0.2 |
| 12/28/08 | Review correspondence from counsel | 0.1 |
| 1/5/09 | Emails to and from counsel | 0.1 |
| 1/6/09 | Status conference with counsel | 0.1 |
| 1/15/09 | Emails to and from counsel | 0.3 |
| 1/22/09 | Status conference with counsel | 0.2 |
| 1/23/09 | Emails to and from counsel re Intercreditor issues | 1.0 |
| 1/29/09 | Status conference with counsel | 0.2 |
| 1/30/09 | Review of email from counsel | 1.0 |
| 1/31/09 | Conference with counsel and D. Speights re PD CMO | 0.2 |
| 2/1/09 | Review of proposed "traditional" PD claims | 0.5 |
| 2/2/09 | Review of emails between counsel and D. Speights | 0.5 |
| 2/2/09 | Review of proposed changes to trust agreement | 2.5 |
| 2/2/09 | Review of email between counsel and T. Friedman and ZIA rep. | 0.2 |
| 2/3/09 | Review of PD FCR's comments/changes to Ancillary Plan | 2.0 |
| 2/3/09 | Review of email between counsel and N. Gellner | 0.2 |
| 2/6/09 | Meeting with potential PD trustee | 2.0 |
| 2/10/09 | Review of email from counsel | 0.2 |
| 2/12/09 | Review of emails from counsel to T. Friedman | 0.5 |
| 2/12/09 | Review of emails re Intercreditor Agreement | 0.5 |

INVOICE 9/22/08 - 2/25/09
Page 4

| | | |
|---|---|---|
| 2/13/09 | Review of discovery requests | 1.0 |
| 2/16/09 | Review Grace's latest proposed TD CMO with edits by counsel | 0.5 |
| 2/17/09 | Review of further changes by counsel | 0.5 |
| 2/19/09 | Review of email from counsel and email to D. Speights | 0.2 |
| 2/19/09 | Status conference with counsel | 0.5 |
| 2/20/09 | Review of objections to Disclosure Statement | 0.2 |
| 2/20/09 | Review of letter withdrawing certain interrogatories | 0.1 |

On-going review of First Amended Joint Plan of Reorganization Under Chapter 11 and Exhibit Book (several hundred pages not complete as of 2/25/09)

Total:  55.1 @ $350/hour = $19,285

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 4/27/09 |
| | § | Hearing Date: TBD (if needed) |

**SUMMARY OF SECOND APPLICATION OF ALEXANDER M. SANDERS, JR.
FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT
OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS
AND HOLDERS OF DEMANDS FOR THE PERIOD
FROM FEBRUARY 26, 2009 THROUGH MARCH 31, 2009**

Name of Applicant:                                   Hon. Alexander M. Sanders, Jr.,

Authorized to Provide Services To:                   Future Asbestos-Related Property Damage
                                                     Claimants and Holders of Demands

Date of Retention:                                   October 20, 2008

Period for Which Compensation
and Reimbursement is Sought:                         February 26, 2009 to March 31, 2009

Amount of Fees Sought as Actual
Reasonable and Necessary:                            $17,892.00  [80% of $22,305.00]

Amount of Expenses Sought as
Actual, Reasonable and Necessary:                    $2,305.49


This is a(n):   ☒Monthly      ☐Interim      ☐Final Application

PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | CNO Filed | CNO Filed |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Hon. Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period.  Judge Sanders has practiced law for over 40 years, and his present billing rate is $450 per hour.[2]  In this Application period Judge Sanders performed 55.1 hours of services as PD FCR, for a total amount billed of $22,365.00, of which 80% is currently sought, in the amount of $17,892.00.

This is the Second application for monthly fees and expenses.

---

[1] At 80% of the total incurred.

[2] Judge Sanders' normal billing rate has increased with this Application.  The Debtor, who was consulted regarding this increase, has no objection to it.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 40.5 | $18,225.00 |
| Travel | 18.4 | $4,140.00 |
| TOTAL | 55.1 hours | $22,365.00 |

## EXPENSE SUMMARY

| Description | Expense |
|---|---|
| Travel | $2,305.49 |
| TOTAL | $2,305.49 |

Detail of the fees and expenses billed is attached hereto as Exhibit A.

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, attorney for the PD FCR, and a professional person seeking approval of this Monthly Fee Application on behalf of his client, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____

Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 744-5100
(214) 755-5101 (fax)
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## CERTIFICATE OF SERVICE

I certify that on the 6th day of April, 2009, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

**EXHIBIT A**

*ALEXANDER M. SANDERS, JR.*
*SANDERS & NETTLES, LLC*
*Attorneys at Law*
*208 Lincoln Street*
*Columbia, South Carolina 29201*

*Mailing address: 19 Water Street*
*Charleston, SC 29401*

<u>INVOICE FOR PROFESSIONAL SERVICES 3/1/09 -4/1/09</u>

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

**In re W. R. Grace,** No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|--------------------|------|
| 3/1/09 | Preparation and review of documents re fee applications | 2.0 |
| 3/4/09 | Review of 3/09 hearing agenda | 0.5 |
| 3/8/09 | Travel to Pittsburgh for hearing before Judge Fitzgerald (5.50 hours billed @ one-half) | 2.7 |
| 3/9/09 | Hearing before Judge Fitzgerald | 2.8 |
| 3/9/09 | Review of documents | 4.0 |
| 3/9/09 | Travel to Charleston from Pittsburgh (5 hours billed @ one-half) | 2.5 |
| 3/12/09 | Review of Interrogatories and Request for Production | 1.5 |
| 3/17/09 | Review and execution of Confidentiality Agreement | 0.8 |
| 3/17/09 | Telephone conversation with Alan Rich and e-mail response re meeting with Grace CFO | 0.2 |

INVOICE 3/1/09 - 4/1/09
Page 2

| 3/24/09 | Review of Anderson's Requests to Produce, Interrogatories, Request for Admissions, and Preliminary Witness List | 0.8 |
|---|---|---|
| 3/30/09 | Arranging meeting with Grace CFO | 0.2 |
| 3/31/09 | Travel to Wilmington for hearing before Judge Fitzgerald (4 hours billed @ one-half) | 2.0 |
| 3/31/09 | Conference with Ed Westbrook and other ZIA lawyers | 1.0 |
| 3/31/09 | Dinner meeting with Ed Westbrook and other ZIA lawyers | 1.5 |
| 4/1/09 | Hearing before Judge Fitzgerald | 1.5 |
| 4/1/09 | Travel to Charleston from Wilmington (4 hours billed @ one-half) | 2.0 |
| | Review of First Amended Joint Plan of Reorganization Under Chapter 11 and Exhibit Book (1,364 pages complete as of 3/31/09.) | 22.7 |

49.7 @ $450/hour =        $     22,365.00

Expenses                          2,305.49
(receipts attached)

     TOTAL:              $     24,670.49

Expenses                                                                      EXHIBIT 1

Travel to Pittsburgh, PA, and return to Charleston, SC,
for 3/9/09 hearing before Judge Fitzgerald

| Taxi fares | $ | 42.85 |
| | | 48.00 |
| Meal | | 20.12 |
| Airport parking | | 30.00 |
| Hotel | | 291.45 |
| Coach Air Fares | | 665.90 |
| | | 137.70 |
| Sub Total | | $1,228.02 |

Travel to Wilimington, DE, and return to Charleston, SC,
for 4/1/09 hearing before Judge Fitzgerald

| Car fare | $ | 120.00 |
| RT PHL to Wilmington | | |
| Meals | | 65.77 |
| | | 5.53 |
| | | 6.57 |
| Airport parking | | 30.00 |
| Hotel du Pont | | 394.90 |
| RT Coach Air Fare | | 454.70 |
| Sub Total | | $1,077.47 |

**TOTAL    $2,305.49**