**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Re: Docket No.: 21430**
**Objection Deadline: May 15, 2009**
**Hearing Date: June 1, 2009**

### DEBTORS' RESPONSE TO LIBBY CLAIMANTS' MOTION TO STRIKE EXPERT REPORT OF B. THOMAS FLORENCE, PHD

W. R. Grace & Co. and its affiliate companies (collectively, the "Debtors") respectfully request that the Court deny the Libby Claimants' motion to strike Dr. B. Thomas Florence's expert rebuttal report. Dr. Florence contradicts and rebuts Dr. Alan Whitehouse's allegations regarding the application of the Trust Distribution Procedures ("TDP") criteria. Dr. Florence's expert report analyzes "a sample of Grace pending asbestos personal injury claims with respect to their meeting the [TDP] criteria for each of the TDP nonmalignant disease category." (Rebuttal Report of B. Thomas Florence, PhD to the Expert Report of Dr. Alan Whitehouse, 4/6/09 (Docket No. 21212) ("Dr. Florence Report"), at 1). The Dr. Florence Report applies the TDP criteria to a sample of Grace claims and will be utilized by the Plan Proponents to demonstrate the uniform applicability of the TDP criteria, which contradicts Dr. Whitehouse's allegation that the TDP criteria are discriminatory. (*See, e.g.*, Dr. Whitehouse Expert Report, 12/29/08, at 1, 62-73 ("Whitehouse Report")). Accordingly, the Dr. Florence Report is a proper rebuttal report, in that it is "intended solely to contradict or rebut" Dr. Whitehouse's allegations regarding the applicability of the TDP criteria.

## ARGUMENT

**I.    REBUTTAL EXPERT REPORTS MERELY NEED TO CONTRADICT OR REBUT EVIDENCE.**

Under Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(C)(ii), rebuttal expert reports are proper when they "contradict or rebut evidence on the same subject matter identified" in another party's expert witness report. *See Pasteur v. Simon*, No. Civ.A. 98-727, 2005 WL 1993748, at *2-3 (E.D. Pa. Aug. 16, 2005); *see also TC Sys. Inc. v. Town of Colonie*, 213 F. Supp. 2d. 171, 180 (N.D.N.Y. 2002) (interpreting "same subject matter" broadly, according to its plain language); *Aircraft Gear Corp. v. Marsh*, No. 02 C 50338, 2004 WL 1899982, at *6 (N.D. Ill. Aug. 12, 2004) (denying defendants' motion to strike plaintiff's rebuttal report). An expert's rebuttal opinion is "admissible when it will explain, repel, counteract or disprove the evidence of the adverse party." *Crowley v. Chait,* 322 F. Supp. 2d 530, 551 (D.N.J. 2004) (quoting *United States v. Chrzanowski,* 502 F.2d 573, 576 (3d Cir. 1974)). A proper rebuttal expert report, "identifies a flawed premise in an expert report that casts doubt on both that report's conclusions and its author's expertise." *Scientific Components Corp. v. Sirenza Microdevices, Inc.*, No. 03 CV 1851, 2008 WL 4911440, at *2 (E.D.N.Y. Nov. 13, 2008). Thus, a rebuttal opinion "need not directly relate to the ultimate issue in a case." *See Perez v. City of Austin*, No. A-07-CA-044 AWA, 2008 WL 1990670, at *4, 8 (W.D. Tex. May 5, 2008). Moreover, there is no requirement that a rebuttal report even refer to the opposing expert's report "by name when offering opinions to contradict or rebut." *See Biomet Orthopedics v. Tact Med. Instruments*, Inc., No. 3:01 CV895 PS, 2004 WL 5499504, at *2 (N.D. Ind. Apr. 7, 2004).

DOCS_DE:148266.1

**II.    DR. FLORENCE'S REBUTTAL REPORT CONTRADICTS AND REBUTS DR. WHITEHOUSE'S EXPERT REPORT AND THE LIBBY CLAIMANTS' CONTENTIONS.**

Here, Dr. Florence's rebuttal report satisfies FRCP 26 because the report is "intended solely to contradict or rebut evidence" regarding the applicability of the TDP criteria.  In their Preliminary Objections to the Plan, the Libby Claimants argue that the TDP discriminates against the Libby Claimants.  (Preliminary Objections to First Am. Joint Chapter 11 Plan, 12/22/08 (Docket No. 20313), at 1-2; *see* Libby Claimants' Objections to Debtors' Disclosure Statement for the Joint Plan of Reorganization and Approval Mot. (Docket No. 19803), at 52.).  Dr. Whitehouse's report was offered by the Libby Claimants to support their argument that the TDP discriminates against the claims of the Libby Claimants.  (*See* Whitehouse Report at 62-73 (criticizing the TDP criteria because it allegedly would have excluded many Libby patients who died of nonmalignant asbestos disease)).

The Dr. Florence Report applied the TDP criteria uniformly to a sample of Grace claims and will be utilized by the Plan proponents to rebut the Libby Claimants' contention that the TDP criteria discriminate against Libby Claimants.  Specifically, the Dr. Florence Report applies medical criteria for the TDP nonmalignant disease categories to a sample of claimants and determines the percentage of claims that would meet this criteria under each category.  (*See* Dr. Florence Report at 2-3.)  As in *Perez*, Dr. Florence's opinion need not relate to an ultimate issue of the case (or here, Confirmation); instead, his opinion is relevant because it is offered to rebut Dr. Whitehouse's contentions.  The Dr. Florence Report will support Plan Proponents' rebuttal to Dr. Whitehouse and the Libby Claimants' objections to the TDP criteria and is thus a proper rebuttal expert report under FRCP 26.

3

## CONCLUSION

Accordingly, Debtors respectfully request that the Court deny the Libby Claimants'
motion to strike Dr. Florence's expert rebuttal report.

Dated: May 15, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Barbara M. Harding
Brian T. Stansbury
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5200

and

THE LAW OFFICES OF JANET S. BAER
P.C.
Janet S. Baer
70 W. Madison St.
Suite 2100
Chicago, IL 60602
(312) 641-2162

4

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier
19801)
Telephone:  302-652-4100
Facsimile:   302-652-4400

Co-Counsel for the Debtors and Debtors in
Possession

DOCS_DE:148266.1

The Blackstone Group L.P. is not paid at an hourly rate.  Our retention provides for a flat monthly fee of $175,000 per month.