IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br><br>Ref. Nos. 21245 & 21599 |

## CERTIFICATION OF COUNSEL OF LIBBY CLAIMANTS RE: ENTRY OF ORDER GRANTING IN PART MOTION TO STRIKE WHITEHOUSE REPORT

1. On April 9, 2009, Arrowood Indemnity Company ("Arrowood") filed its Motion of Arrowood Indemnity Company f/k/a Royal Indemnity Company to Strike Whitehouse Expert Report or, Alternatively, Compel the Production of Documents and Databases on Which He Relies and for Entry of a Confidentiality Order [Docket No. 21245] (the "Motion"), seeking, *inter alia*, to strike Dr. Whitehouse's expert report on the basis that he allegedly failed to produce the databases and documents that he relied upon in his expert reports. The Motion was noticed for hearing on May 14, 2009 (the "May 14 Hearing"). The Libby Claimants[1] on May 8, 2009, filed the Libby Claimants' (A) Response to Motion to Strike Whitehouse Expert Report or, Alternatively, Compel the Production of Documents and Databases on Which He Relies and for Entry of a Confidentiality Order and Joinders Filed by Various insurers and (B) Cross-Motion for Entry of Protective Order [Docket No. 21599] (the "Libby Response"), responding, *inter alia*, to Arrowood's allegation that Dr. Whitehouse's 550 database was withheld by taking the position that the database was not relied upon by Dr. Whitehouse in his most recent reports and has not been maintained by Dr. Whitehouse since 2005-2006.

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 21365], as it may be amended and restated from time to time.

2. On May 8, 2009, Grace filed a response in support of the Motion [Docket No. 21591] (the "Grace Response"). Maryland Casualty Company [Docket No. 21492] and Continental Casualty Company [Docket No. 21523] also joined in support of the Motion. The Official Committee of Asbestos Personal Injury Claimants and the Asbestos PI Future Claimants' Representative orally joined in the Motion at the May 14 Hearing.

3. The Court heard arguments on the Motion at the May 14 Hearing. At the conclusion of the hearing the Court requested that Grace circulate a proposed form of order. Grace proposed a form of order that did not accurately reflect this Court's rulings on the Motion. The Libby Claimants suggested revisions to the proposed form of order, but an agreement could not be reached. The Debtors on May 18 submitted a certification of counsel [Docket No. 21742] requesting entry of an attached form of order (the "Debtors' Proposed Order"). The Libby Claimants request that the form of order attached hereto (the "Libby Claimants' Proposed Order") be entered instead on the basis that it better reflects this Court's indicated rulings from the bench at the May 14 Hearing.[2]

4. The Libby Claimants understand this Court to have ruled at the May 14 Hearing that they would be barred from offering testimony by Dr. Whitehouse based on the medical records of the approximately 1800 patients of the CARD Clinic in Libby unless all such medical records not previously produced are produced by May 21, 2009, with medical records of patients who are not Libby Claimants ("Non-Claimant Patients") to be produced in redacted form. The Libby Claimants' Proposed Order reflects this ruling. Since unredacted medical records for the 950 Libby Claimants had already been produced along with redacted records for certain Non-Claimant Patients (collectively, the "Produced Medical Records"), the Libby Claimants did not

---

[2] Of course, the Libby Claimants do not assent to entry of either the Debtors' Proposed Order or the Libby Claimants' Proposed Order, and instead reserve all rights in relation thereto.

2

understand this Court to rule that Dr. Whitehouse would be barred from testifying based on the Produced Medical Records. This is the first of the two significant differences between the Debtors' Proposed Order and the Libby Claimants' Proposed Order. The Debtors' Proposed Order bars testimony by Dr. Whitehouse even concerning the Produced Medical Records, while the Libby Claimants' Proposed Order permits him to testify based on the Produced Medical Records. The Libby Claimants respectfully submit that in this regard, the Libby Claimants' Proposed Order accurately reflects this Court's indicated ruling at the May 14 Hearing.[3]

5.     The second significant difference between the Debtors' Proposed Order and the Libby Claimants' Proposed Order concerns the deposition of Dr. Whitehouse. The Libby Claimants understand this Court to have ruled at the May 14 Hearing that if the additional Non-Patient Claimant medical records were produced by May 21, 2009, Dr. Whitehouse would be required to be deposed in Washington, D.C., concerning the additional records. The Debtors' Proposed Order requires Dr. Whitehouse to be deposed in Washington, D.C., *even if no additional records are produced.*[4] The Libby Claimants' Proposed Order provides that if no additional records are produced, the continued deposition of Dr. Whitehouse (this Court will recall that it previously ordered Dr. Whitehouse's deposition to take place in two segments so that other parties could depose him on his original report and then later on any subsequent reports) will simply take place in accordance with the arrangements previously made by the parties. These arrangements involved Dr. Whitehouse being deposed in Spokane, Washington, where his medical practice is located. Once again, the Libby Claimants respectfully submit that

---

[3] The Libby Claimants expect that the Debtors and other parties might wish to raise questions concerning whether Dr. Whitehouse's opinions are supportable based on the Produced Medical Records alone. Any such attack would properly be the subject of *Daubert* practice or cross-examination, and these parties—being in possession of the Produced Medical Records—have the complete tools on which to mount such an attack.

[4] This is not merely a theoretical issue. It will not be possible to produce the additional medical records within the time-frame ordered by this Court.

3

the Libby Claimants' Proposed Order accurately reflects this Court's indicated ruling at the May 14 Hearing.

6. Based on the foregoing, the Libby Claimants request that the Court enter the attached form of order for the Motion.

Dated: May 19, 2009
     Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kerri Mumford*

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for Libby Claimants*