**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al*.<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br><br>(Jointly Administered)<br><br>Hearing Date:  June 22-25, 2009 (Phase I)<br>                         September 8-11, 2009 (Phase II)<br><br>Preliminary Objection Deadline:  May 20, 2009 |

**ERISA PLAINTIFFS' LIMITED PROTECTIVE OBJECTION
TO CONFIRMATION OF THE FIRST AMENDED JOINT
PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE
BANKRUPTCY CODE OF W. R. GRACE & CO., INC., ET AL,
OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY
CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS'
REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF
<u>EQUITY SECURITY HOLDERS DATED FEBRUARY 27, 2009</u>**

Keri Evans, Timothy Whips and Mark Siamis (the "ERISA Plaintiffs"), participants in the W. R. Grace & Co. Savings & Investment Plan (the "S&I Plan"), on behalf of themselves, the S&I Plan, and a class of all others similarly situated, hereby submit their limited protective objection (the "Protective Objection") to confirmation of the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., Inc., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated February 27, 2009 (the "Plan"),[1] and state the following:

---

[1]  Capitalized terms shall have the meanings ascribed to them in the Plan unless otherwise defined herein.

17175/2
05/20/2009 11710368.2

## BACKGROUND

1. On April 2, 2001 (the "Petition Date"), W.R. Grace & Co. ("Grace" or the "Debtor") and its affiliated entities (together with Grace, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code with this Court.

2. On December 19, 2005, Evans and Whips filed the First Amended Complaint[2] for Violations of the Employee Retirement Income Security Act of 1974, in the United States District Court for the District of Massachusetts (the "District Court"), Civil Action No. 04-11380 (WGY) (the "ERISA Litigation"), alleging on behalf of themselves, the S&I Plan, and all persons who were participants in or beneficiaries of the S&I Plan at any time between July 1, 1999 and April 19, 2004 (the "Class Period)[3] and whose accounts included investments in Grace stock (the "Class"), breach of fiduciary duties under ERISA by certain non-debtors (the "Non-Debtor Defendants"), including, *inter alia*, Grace's directors, Grace's Investment and Benefit Committee and its members, Grace's Administrative Committee and its members, and Grace's Investment Manager, in connection with the S&I Plan.

3. On December 6, 2006, the District Court dismissed the *Evans* action on the ground that the plaintiffs in *Evans* lacked standing.

4. On July 18, 2008, the United States Court of Appeals for the First Circuit vacated the District Court's order dismissing the *Evans* action and remanded the matter to the District Court where it is presently proceeding against the Non-Debtor Defendants.

5. In February 2008, a similar action, the *Siamis* action, was filed in the District Court asserting the same claims as the *Evans* action. A motion to dismiss the *Siamis* action is pending in the District Court. The *Siamis* action and the *Evans* action were consolidated on August 20, 2008.

6. On September 19, 2008, the Debtors filed the Disclosure Statement and related Plan of Reorganization.

---

[2] An initial complaint was filed in June 2004.
[3] The ERISA Plaintiffs reserved the right to amend the Class Period subject to discovery.

7. On or about October 17, 2008, the ERISA Plaintiffs filed an objection to the Disclosure Statement (the "Disclosure Statement Objection") asserting that the Disclosure Statement failed to accurately describe the ERISA Litigation and that the Disclosure Statement described and Plan provided improper releases and injunctions.[4]

8. The Disclosure Statement was amended to provide an accurate description of the ERISA Litigation and the parties agreed that the balance of the ERISA Plaintiffs' Disclosure Statement Objection constituted an objection to confirmation and was reserved for confirmation.

9. On March 9, 2009, the Court approved the Disclosure Statement, as amended, dated February 27, 2009.

10. On December 22, 2008, pursuant to the Initial Case Management Order Related to the First Amended Joint Plan of Reorganization, the ERISA Plaintiffs filed their Preliminary Objection to the First Amended Plan of Reorganization (the "Preliminary Plan Objection") (Docket No. 20310, a copy of the Preliminary Plan Objection is annexed hereto as Exhibit A).

11. The Preliminary Plan Objection set forth the ERISA Plaintiffs' objection to the release and injunction provisions of the Plan, as follows:

- To the extent any objection raised in the ERISA Plaintiffs' Disclosure Statement Objection (Docket Entry No. 19785, incorporated herein by reference) was deemed an objection to confirmation of the Plan and was not resolved, the ERISA Plaintiffs incorporate such objections herein. Furthermore, to the extent the ERISA Plaintiffs or any member of the putative Class is impacted in any way by the contents of any supplements or amendments to the Plan, which may be subsequently filed, the ERISA Plaintiffs reserve their right to object.

---

[4] The ERISA Plaintiffs also objected to certain confirmation procedures. That objection was resolved.

- The Plan provides improper releases and injunctions that may impact the ERISA Plaintiffs' claims against the Non-Debtor Defendants.

- The Plan release and injunction language is broad and ambiguous, *see* Plan, § 8.8.7, such that it may be interpreted to release the claims of the ERISA Plaintiffs against the Non-Debtor Defendants, thereby enjoining and/or prohibiting the ERISA Plaintiffs from asserting claims in the ERISA Litigation against such non-Debtors.

- The Plan should include the following or substantially similar language:

    > Nothing in the Plan or in any order confirming the Plan shall affect, release, enjoin or impact in any way the prosecution of the claims asserted, or to be asserted, against any non-Debtor, including the non-Debtor Defendants in the ERISA Litigation.

12. The ERISA Plaintiffs incorporate herein the objections raised in the Preliminary Plan Objection, as well as any other objections deemed confirmation objections in the Disclosure Statement Objection. (A copy of the ERISA Plaintiffs' Disclosure Statement Objection is annexed hereto as Exhibit B.)

**The ERISA Settlement**

13. On or about April 27, 2009, the Debtors filed a Motion for Entry of an Order Authorizing Debtors' Entry into Settlement Agreements to Resolve Pending ERISA Litigation (the "Settlement Motion"). (Docket No. 21432). Pursuant thereto, the claims alleged in the ERISA Litigation will be resolved and the Plan objections set forth above would be rendered moot.

14. The hearing on the Settlement Motion is scheduled for June 1, 2009 at 10:30 a.m. before this Court. The deadline to file objections to the Settlement Motion was May 15, 2009.

15. As of the date hereof, it appears that no objections to the Settlement Motion have been filed.

16. The Settlement requires the approval of the Settlement Motion by the Bankruptcy Court, and then preliminary and final approval of the Settlement by the District Court, where the ERISA Litigation is pending.

17. Upon final approval of the Settlement by the District Court, the ERISA Plaintiffs will withdraw their objections to confirmation of the Plan.

18. However, until and subject to final approval of the Settlement by the District Court, the ERISA Plaintiffs reserve their rights to assert and supplement their objections to confirmation as set forth in this Protective Objection and in the Preliminary Plan Objection.

Dated: May 20, 2009

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

/s/ Michael S. Etkin
Michael S. Etkin (ME-0570)
Ira M. Levee (IL-9958)
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel for the ERISA Plaintiffs*

-and-

**SCHIFFRIN BARROWAY TOPAZ & KESSLER LLP**
Joseph H. Meltzer, Esq.
Katherine Bornstein, Esq.
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706 (Telephone)
(610) 667-7056 (Facsimile)

**GILMAN & PASTOR, LLP**
David Pastor, Esq.
999 Broadway, Suite 500
Sagur, Massachusetts 01906
(791) 231-7850 (Telephone)
(781) 231-7840 (Facsimile)

*Co- Counsel for the ERISA Plaintiffs*