## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | Case No. 01-01139 JKF |
| W.R. Grace & Co., *et al.* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |

## DECLARATION OF JEFFREY M. BOERGER

I, Jeffrey M. Boerger, do hereby declare as follows:

1.    I am an attorney associated with the law firm of Drinker Biddle & Reath LLP, with offices at One Logan Square, 18th & Cherry Streets, Philadelphia, Pennsylvania 19103.

2.    I am a member in good standing of the bars of the State of Illinois, the Commonwealth of Pennsylvania, and the State of New Jersey. I have been admitted to practice *pro hac vice* before this Court in the instant matter.

3.    I represent OneBeacon America Insurance Company ("OneBeacon") and Seaton Insurance Company ("Seaton") in this matter.

4.    I make this declaration in support of the Final Objections of OneBeacon America Insurance Company and Seaton Insurance Company to Confirmation of Amended Joint Plan of Reorganization ("Plan Objections"), as well as to put certain information and documents before the Court that are pertinent to the Plan Objections.

5.    Attached as Exhibit 1 is a true and correct copy of the Class 6 Asbestos PI Claims (Indirect PI Trust Claims) and Class 9 General Unsecured Claims Ballots provided to OneBeacon in connection with the solicitation and tabulation of votes to accept or reject the First Amended Joint Plan of Reorganization Under Chapter 1 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI

Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009 (the "Plan").

6.      Attached as Exhibit 2 is a true and correct copy of the Class 6 Asbestos PI Claims (Indirect PI Trust Claims) Ballot provided to Seaton in connection with the solicitation and tabulation of votes to accept or reject the Plan.

7.      Attached as Exhibit 3 is a true and correct copy of the Declaration of Michael J. Powers Pursuant to 28 U.S.C. § 1746.

8.      Attached as Exhibit 4 is a true and correct copy of excerpts from the Deposition of Jeffrey Posner, taken and transcribed on May 6, 2009, including certain exhibits thereto.

9.      Attached as Exhibit 5 is a true and correct copy of the Original Complaint filed on or about March 18, 2002, in an adversary proceeding before this Court entitled *Official Committee of Asbestos Personal Injury Claimants and Official Committee of Asbestos Property Damage Claimants of W.R. Grace & Co v. Fresenius Medical Care Holdings, Inc. and National Medical Care, Inc.*, Adv. No. 02-2011 (the "Fresenius Adversary Proceeding"). This document was downloaded from the bankruptcy court's public electronic case filing system.

10.     Attached as Exhibit 6 is a true and correct copy of the Answer to Original Complaint filed by Fresenius Medical Care Holdings, Inc. and National Medical Care, Inc. filed on April 1, 2002 in the Fresenius Adversary Proceeding. This document was downloaded from the bankruptcy court's public electronic case filing system.

11.     Attached as Exhibit 7 is a true and correct copy of excerpts from the Form S-4 Registration Statement filed with the United States Securities and Exchange Commission by W.R. Grace & Co. (to be renamed Fresenius National Medical Care, Inc.) (EIN 13-3461988) on August 2, 1996, SEC File No. 333-46281, and referenced in Plan Definition No. 124 (defining

"Fresenius Transaction"). This document is a public record, downloaded from the SEC's publicly available EDGAR database. The full text of the Fresenius Transaction Form S-4 is available at http://edgar.sec.gov/Archives/edgar/data/42872/0000950123-96-004024.txt.

12.    Attached as Exhibit 8 is a true and correct copy of the Original Complaint filed on or about March 18, 2002, in an adversary proceeding before this Court entitled *Official Committee of Asbestos Personal Injury Claimants and Official Committee of Asbestos Property Damage Claimants of W.R. Grace & Co v. Sealed Air Corporation and Cryovac, Inc.*, Adv. No. 02-2010 (the "Sealed Air Adversary Proceeding"). This document was downloaded from the bankruptcy court's public electronic case filing system.

13.    Attached as Exhibit 9 is a true and correct copy of the Answer and Affirmative Defenses of Defendants Sealed Air Corporation and Cryovac, Inc. to Plaintiffs' Original Complaint, filed on or about April 1, 2002 in the Sealed Air Adversary Proceeding. This document was downloaded from the bankruptcy court's public electronic case filing system.

14.    Attached as Exhibit 10 is a true and correct copy of excerpts from the Form S-4 Registration Statement filed with the United States Securities and Exchange Commission by W.R. Grace & Co. (to be renamed Sealed Air Corporation) (EIN 65-0654331) on February 13, 1998, SEC File No. 333-46281, and referenced in Plan Definition No. 92 (defining "Cryovac Transaction"). This document is a public record, downloaded from the SEC's publicly available EDGAR database. The full text of the Cryovac Transaction Form S-4 is available at http://edgar.sec.gov/Archives/edgar/data/1012100/0000950103-98-000147.txt.

15.    Attached as Exhibit 11 is a true and correct copy of the Complaint for Declaratory and Other Relief, filed on or about September 2, 2004 in an adversary proceeding before this Court entitled *The Scotts Company v. American Employers' Insurance Company, et al.*, Adv. No.

- 3 -

04-55083-JKF (the "Scotts Adversary Proceeding"). This document was downloaded from the bankruptcy court's public electronic case filing system.

16.     Attached as Exhibit 12 is a true and correct copy of Proof of Claim No. 8112, filed by Fresenius Medical Care Holdings, Inc. This document was obtained by request from Rust Consulting, Inc., the designated claims processing agent for this bankruptcy case.

17.     Attached as Exhibit 13 is a true and correct copy of Proof of Claim No. 14339, filed by Sealed Air Corporation. This document was obtained by request from Rust Consulting, Inc., the designated claims processing agent for this bankruptcy case.

18.     Attached as Exhibit 14 is a true and correct copy of excerpts from the Deposition of Richard Finke, taken and transcribed on May 13, 2009.

19.     Attached as Exhibit 15 is a true and correct copy of excerpts from the Deposition of David T. Austern, taken and transcribed on May 15, 2009.

20.     Attached as Exhibit 16 is a true and correct copy of excerpts from the Deposition of Peter Van N. Lockwood, taken and transcribed on May 1 and 4, 2009.

21.     Attached as Exhibit 17 is a true and correct copy of the Asbestos PI Future Claimants' Representative's Response to Government Employees Insurance Company and Columbia Insurance Company's Requests for Admission, Interrogatories, and Requests for Production of Documents, served on OneBeacon and Seaton on or about March 6, 2009.

22.     Attached as Exhibit 18 is a true and correct copy of the Expert Report of James B. Shein, dated March 16, 2009 (also available at Dkt. No. 21020).

23.     Attached as Exhibit 19 is a true and correct copy of the Declaration of Professor George L. Priest, dated March 31, 2009 (also available at Dkt. No. 21167).

24.     Attached as Exhibit 20 is a true and correct copy of the Expert Report of H. Sean Mathis, dated March 16, 2009 (also available at Dkt. No. 21019), and a subsequent Notice of Correction to the Expert Report of H. Sean Mathis, dated March 26, 2009 (also available at Dkt. No. 21127).

I, Jeffrey M. Boerger, do hereby declare under penalty of perjury that the foregoing is true and correct. Executed on May 20, 2009 at Philadelphia, Pennsylvania.

Jeffrey M. Boerger