# EXHIBIT 13

| UNITED STATES BANKRUPTCY COURT FOR ____ DISTRICT OF Delaware | | GRACE NON-ASBESTOS PROOF OF CLAIM FORM |
|---|---|---|

| Name of Debtor:[1] W.R. Grace & Co.-Conn. | Case Number 01-1179 |
|---|---|

NOTE: Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. These claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

| Name of Creditor (The person or other entity to whom the Debtor owes money or property): Sealed Air Corporation (US) | ☒ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. See Annex A<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| Name and address where notices should be sent:<br><br>Sealed Air Corporation (US)<br>c/o Sealed Air Corporation<br>Park 80 East<br>Saddle Brook, NJ 07663<br>Attention: H. Katherine White | | |

| Account or other number by which creditor identifies Debtor: | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated:_____ |
|---|---|

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:
W.R. Grace & Co.-Conn.

| 1. Basis for Claim<br>☐ Goods sold<br>☐ Services performed<br>☐ Environmental liability<br>☐ Money loaned<br>☐ Non-asbestos personal injury/wrongful death<br>☐ Taxes<br>☒ Other__See Annex B__ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below):<br><br>Your SS #:_____<br>Unpaid compensation for services performed<br>from _____ to _____ (date) |
|---|---|
| 2. Date debt was incurred: On and after March 30, 1998 | 3. If court judgment, date obtained: |
| 4. Total Amount of Claim at Time Case Filed:<br>$ 4,830,009,950.54 — See Annex B<br><br>If all or part of your claim is secured or entitled to priority, also complete Item 5 below.<br>☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. | |

5. Classification of Claim. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

| ☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)<br><br>Brief Description of Collateral:<br><br>☐ Real Estate    ☐ Other (Describe briefly)<br><br>Amount of arrearage and other charges at time case filed included in secured claim above, if any: $_____<br><br>Attach evidence of perfection of security interest<br><br>☒ UNSECURED NONPRIORITY CLAIM<br><br>A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim. | ☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.<br><br>☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br><br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a(____). |
|---|---|

6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. Supporting Documents: _Attach copies of supporting documents,_ such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. Acknowledgement: Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self-addressed envelope and copy of this proof of claim form.

| Date<br>3/26/03 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>H. Katherine White    _H Katherine White, Vice President_ | This Space is for Court Use Only<br><br>RECEIVED<br>MAR 31 2003<br>CLAIMS ADMINISTRATOR<br>RUST CONSULTING, INC. |
|---|---|---|

[1] See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and *other  named

### Annex A to Proof of Claim filed by Sealed Air Corporation (US)

The items of the claim herein are the subject of claims filed by Cryovac, Inc. and its affiliates. The elements of this claim are also components of a claim filed by Sealed Air Corporation. Specifically, components of Sealed Air Corporation's claim relating to: indemnification for asbestos-related claims; indemnification for potential claims of Fresenius Medical Care, Inc. and its affiliates; contingent unliquidated claims for liabilities under the Tax Sharing Agreement; Net Benefit Amount liability regarding foreign pensions; severance costs related to U.S. and non-U.S. employees; pre-merger taxes and related costs associated with transferred employees; adjustment to Sealed Air Corporation's share of contribution for severance of W.R. Grace employees; site separation costs; transaction costs; IS separation costs; and costs and expenses of printing and mailing the Joint Proxy Statement and the Grace registration statement, are all subject to the claim filed herein.

ANNEX B TO PROOF OF CLAIM OF SEALED AIR CORPORATION (US)
IN THE CHAPTER 11 CASE OF
<u>W.R. Grace & Co.-Conn. (Case No. 01-1179)</u>

### A.    <u>Claim Calculation</u>

| Claim Component | Amount Attributed to Claim Component | Source of Claim |
|---|---|---|
| 1. Indemnification for Asbestos Related Claims, Including, Without Limitation, on Account of the Cases Listed on Schedule 1. | $4,800,000,000.00 (estimated)[1] | Section 1.01 (definition of Packco Liabilities[2]) and section 4.02(a)[3] of the Distribution Agreement, dated as of March 30, 1998, by and among W.R. Grace & Co., W.R. Grace & Co.-Conn., and Grace Specialty Chemicals Inc., as amended, and other related agreements (the "Distribution Agreement")(Exhibit A hereto) |
| 2. Indemnification of Costs and Expenses Including Legal Fees as of December 31, 2002 | $17,948,544.82 (Schedule 2(a) and (b)) | Section 1.01 (definition of Indemnifiable Losses[4]) and section 4.02(a)[5] of the Distribution Agreement |
| 3. Indemnification for Potential Claims by Fresenius Medical Care, Inc. and Its Affiliates | Unknown[6] | Section 1.01 and 4.02(a) of the Distribution Agreement and the TSA as defined in item 4 |

| Claim Component | Amount Attributed to Claim Component | Source of Claim |
|---|---|---|
| 4. Contingent Unliquidated Claims for Liabilities Under the Tax Sharing Agreement, dated as of March 30, 1998, by and among W.R. Grace & Co., W.R. Grace & Co.-Conn. and Sealed Air Corporation, (the "TSA")[2](Exhibit B hereto) | All liabilities relating to taxes, including interest, penalties and additions thereto, and all other amounts, required to be paid by W.R. Grace & Co.-Conn. or W.R. Grace & Co. to Sealed Air Corp. or any of its affiliates pursuant to the TSA and/or under the Distribution Agreement | 1.Section 1.01 and 4.02(a) of the Distribution Agreement 2. The TSA |
| 5. Net Benefit Amount Liability Regarding Foreign Pensions | $8,520,000.00 | 1. Distribution Agreement; 2. Employment Benefits Allocation Agreement, dated as of March 30, 1998, by and among W.R. Grace & Co., W.R. Grace & Co.-Conn., and Grace Specialty Chemicals, Inc., as amended (the "EBA") (Exhibit C hereto); and 3. Agreement Regarding Foreign Pension and Employee Matters, dated as of March 30, 1998 by and among W.R. Grace & Co., W.R. Grace & Co.-Conn., Grace Specialty Chemicals, Inc., and Sealed Air Corporation, as amended (the "FPA")(Exhibit D hereto) |
| 6. Severance and Other Benefits and Costs Reimbursable by W.R. Grace & Co. Relating to U.S. Packaging Employees | $1,072,654.00 | 1. Section 5.01 of the EBA 2. Section 1.01 (definition of Packco Liabilities) of the Distribution Agreement |

| Claim Component | Amount Attributed to Claim Component | Source of Claim |
|---|---|---|
| 7. Pre-Merger Taxes and Related Costs Associated with Transferred Employees on International Assignments | $485,569.83 | 1. Sections 1.01, 6.01, and 7.03 of the EBA<br>2. The FPA |
| 8. Severance Costs Relating to Non-U.S. Employees | $457,547.00 | Section 3.02 of the FPA |
| 9. Adjustment to Sealed Air Corp.'s Share of Contribution for Severance of W.R. Grace Employees | $121,111.00 | Section 8.04 of the Distribution Agreement |
| 10. Site Separation Costs | Unknown | Section 8.04 of the Distribution Agreement and related agreements |
| 11. Transaction Costs | $864,021.06 | Section 8.04 of the Distribution Agreement |
| 12. IS Separation Costs | $441,933.66 (Schedule 3) | Section 8.04 of the Distribution Agreement and related IT separation agreements |
| 13. Costs and Expenses of Printing and Mailing the Joint Proxy Statement and the Grace Registration Statement | $98,569.17 | Section 6.12(a) of the Agreement and Plan of Merger, dated as of August 14, 1997 by and among W.R. Grace & Co., Sealed Air Corporation and Packco Acquisition Corp., as amended (the "Merger Agreement") |
| **Total Claim Amount** | $4,830,009,950.54 | |

B.        **Additional Statements/Qualifications**

1.        The claimant is submitting this proof of claim in an aggregate amount which
          includes estimated amounts as well as contingent claims for various elements, as
          more specifically stated in Part A of this Annex. The claimant is reserving the right
          to amend the amount claimed herein based on the occurrence of contingencies,
          future estimates and/or the fixing of the estimated amounts.

2.        The documentation supporting the claim is voluminous. Certain of supporting
          documentation is attached to, inter alia, the claim of Sealed Air Corporation in Case
          No. 01-1139, and is incorporated herein by reference. All supporting documenta-
          tion necessary to support the claim is available upon request.

3.        The claim is not subject to any setoff or counterclaim, except to the extent
          that the debtor or other party may take any action that would give rise to a right of
          setoff, recoupment, counterclaim or other rights or claim that the claimant may have
          against the debtor.

4.        Subject to paragraph 3 above, this claim is a general unsecured claim.

5.        The claimant does not waive any right to any security held by or on behalf of
          the claimant or claimant's right to claim specific assets or other right or rights of
          action that the claimant has or may have against the debtor.

6.        The claimant reserves their right generally to (a) amend, update, or supplement this
          proof of claim at any time and in any respect, including, without limitation, (i)
          designating any portion of it as entitled to a secured, priority or administrative
          expense status and (ii) asserting additional claims arising under the Merger Agree-
          ment, Distribution Agreement, the TSA, and all other agreements related thereto; (b)
          file a request for payment of an administrative or priority expense, (c) assert any post-
          petition liabilities against the debtor or (d) file claims or other payment demands with
          respect of executory contracts that have not been rejected as of the date hereof.

## Endnotes

1. This claim will be eliminated if the parties enter into the Settlement Agreement as currently contemplated in Adv. P. No. 02-2210 (the "Settlement Agreement") and a chapter 11 plan consistent with the terms of such pending settlement is confirmed.

2. Section 1.01 provides, ". . . Packco liabilities shall not, in any event, include: . . . (e) Liabilities, whether such Liabilities relate to events, occurrences or circumstances occurring or existing, or whether such Liabilities arise, before, on or after the Distribution Date, relating to asbestos or asbestos-containing materials manufactured and/or sold (collectively "Asbestos Activities") by Grace, Grace-Conn. or any of their respective Subsidiaries, affiliates or predecessors . . . ."

3. Section 4.02(a) provides, " . . . [T]he New Grace Group shall indemnify, defend and hold harmless the Packco Indemnitees from and against (i) all Indemnifiable Losses arising out of or due to the failure or alleged failure of any member of the New Grace Group (x) to pay any Grace-Conn. Liabilities (including, without limitation, all Liabilities specifically excluded from the definition of Packco Liabilities herein), whether such Indemnifiable Losses relate to events, occurrences or circumstances occurring or existing, or whether such Indemnifiable Losses are asserted, before or after the Distribution Date . . . ."

4. Section 1.01 provides, "Indemnifiable losses [are] all losses, Liabilities, damages, claims, demands, judgments or settlements of any nature or kind, including all reasonable costs and expenses (legal, accounting or otherwise as such costs are incurred) relating thereto, suffered (and not actually reimbursed by insurance proceeds) by an Indemnitee, including any reasonable costs or expenses of enforcing any indemnity hereunder.

5. See Endnote 3.

6. Endnote 1 similarly applies to this item.

7. This claim will be eliminated upon assumption of the TSA as currently contemplated by the Settlement Agreement.

**<u>SCHEDULE 1</u>**

## SEALED AIR CORPORATION

### Listing of Cases for Bankruptcy Proof of Claim

| CASE | COURT | SERVED |
|---|---|---|
| Tchoryk v. A-Best Products Co., et al., Case No. CV02464187 D65 CM | Ct. Com. Pl., Cuyahoga County, Ohio | NA |
| Gambrell v. Asbestos Claims Management Corp., et al., Case No. CV 98-7550 | Cir. Ct. of Jefferson County, Alabama | 12/22/1998 |
| Priest v. W.R. Grace & Co.-Conn., DV-99-4 | Lincoln County Dist. Ct., 19th Jud. Dist., Mont. | 01/08/1999 |
| Lindholm, et al. V. W.R. Grace & Co., MDL 1376 (D. Mass.) | D. Mass. | 02/22/2000 |
| Grenfell v. W.R. Grace & Co., et al., MDL 875 (E.D. Pa.) | E.D. Pa. | 03/09/2000 |
| Tennison v. W.R. Grace & Co., et al., U.S. District Case No. CV 00-035-M-DWM | D. Mont., Missoula Div. | 03/09/2000 |
| Barbanti v. W.R. Grace & Co.-Conn., et al., Case No. 00201756-6 | Super.Ct., Spokane Cty., Wash. | 03/30/2000 |
| Price v. W. R. Grace & Co., et al., MDL 1376 (D. Mass.) | D. Mass. | 04/28/2000 |
| Goldstein, et al. v. W.R. Grace & Co., et al. MDL 1376 (D. Mass.) | D. Mass. | 05/08/2000 |
| Chakarian v. W.R. Grace & Co., MDL 875 (E.D. Pa.) | E.D. Pa. | 05/16/2000 |
| Hunter v. W.R. Grace & Co., et al., MDL 1376 (D. Mass.) | D. Mass | 07/24/2000 |
| Seibolts v. W.R. Grace & Co.-Conn., et al., MDL 875 | E.D. Pa. | 09/01/2000 |
| Groh v. W.R. Grace & Co.-Conn., et al., MDL 875 | E.D. Pa. | 09/01/2000 |
| Johnson v. W.R. Grace & Co.-Conn., et al., MDL 875 | E. D. Pa. | 09/01/2000 |

| CASE | COURT | SERVED |
|------|-------|--------|
| McMurchie v. W.R. Grace & Co.-Conn., et al., Case No. PI 00-015072 | Hennepin County Dist. Court, 4th Jud. Dist. Minn. | 10/18/2000 |
| Abner v. W.R. Grace & Co., et al., Case No. 315465 | Super. Ct., San Francisco County., Cal. | 11/27/2000 |
| Mihalovich v. W.R. Grace & Co.-Conn., et al., Case No. CS-01-0036-FVS | E. D. Wash. | 02/01/2001 |
| Simpson v. Owens-Corning f/k/a Owens-Corning Fiberglas Corp., et al., Case No. 1999-CI-16239 | Bexar County Dist. Ct., 37th Jud. Dist., Tex. | 02/23/2001 |
| Lerma v. AcandS, Inc., et al., Case No. 00-5898-F | Nueces County Dist. Ct., 214th Jud. Dist., Tex. | 03/02/2001 |
| Dunn v. Owens-Corning f/k/a Owens-Corning Fiberglas Corp., et al., Case No. 00-3385-A | Nueces County Dist. Ct., 28th Jud. Dist., Tex. | 03/02/2001 |
| Milner v. Owens-Corning f/k/a Owens-Corning Fiberglas Corp., et al., Case No. 00-4479-G | Nueces County Dist. Ct., 319th Jud. Dist., Tex. | 03/02/2001 |
| Brant v. W.R. Grace & Co.-Conn, et al., Case No. 01201043-8 | Super.Ct., Spokane Cty., Wash. | 03/02/2001 |
| Mumphrey v. AcandS, Inc., et al., Case No. 44929-A | County Ct. of Smith County at Law 2 | 03/05/2001 |
| Ashna v. AcandS, Inc., et al., Case No. 01-558-E | Nueces County Dist. Ct., 148th Jud. Dist., Tex. | 03/05/2001 |
| Bell v. Owens-Corning f/k/a Owens-Corning Fiberglas Corp., et al., Case No. 5376-B | Nueces County Dist. Ct., 117th Jud. Dist., Tex. | 03/20/2001 |
| Painter v. AP Green Indistries, Inc., et al., Case No. CC-99-08920-C | County Ct. of Dallas County at Law 3 | 03/23/2001 |
| Painter v. AP Green Industries, Inc., et al., Case No. DV01-01002-H | Dallas County Dist. Ct., 160th Jud. Dist., Tex. | 03/23/2001 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Eggert v. W.R. Grace & Co.-Conn, et al., Case No. CIV0 1-0121-N-EJL | D. Idaho | 03/26/2001 |
| Woodward v. Sealed Air Corporation (US), et al., Case No. 01-10547 PBS | D. Mass. | 04/03/2001 |
| Blankenship v. A-Best Products Company, et al., Case No. 01-433591-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/09/2001 |
| McDonald, et al. v. A-Best Products Company, et al., Case No. 01-434358-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/09/2001 |
| Snyder v. A-Best Products Company, et al., Case No. 01-433800-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/10/2001 |
| Blanton v. A-Best Products Company, et al., Case No. 01-433799-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/10/2001 |
| Brenskelle v. A-Best Products Company, et al., Case No. 01-433859-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/12/2001 |
| Christy, et al. v. A-Best Products Company, et al., Case No. 01-434225-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/16/2001 |
| Benshoff, et al. v. A-Best Products Company, et al., Case No. 01-434509-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/16/2001 |
| Zaranka, et al. v. A-Best Products Company, et al., Case No. 01-434221 | Ct. Com. Pl., Cuyahoga County, Ohio | 04/16/2001 |
| Alley v. A-Best Products Company, et al., Case No. 01-433801-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/16/2001 |
| Cody, et al. v. A-Best Products Company, et al., Case No. 01-434308-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/16/2001 |
| Black, et al. v. A-Best Products Company, et al., Case No. 01-437441-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/16/2001 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Hopkins, et al. v. A-Best Products Company, et al., Case No. 375292, et al.<br>6300 consolidated actions with separate case numbers. | Ct. Com. Pl., Cuyahoga County, Ohio | 04/16/2001 |
| Luscombe, et al. v. A-Best Products Company, et al., Case No. 01-434171-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/16/2001 |
| Davenport, et al. v. A-Best Products Company, et al., Case No. 01-434687-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/19/2001 |
| Brown, J. v. A-Best Products Company, et al., Case No. 01-434572-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/20/2001 |
| Vasil, et al. v. A-Best Products Company, et al., Case No. 01-434523-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/20/2001 |
| Abbadini, et al. v. A-Best Products Company, et al., Case No. 01-434871-CV | Ct. Com. Pl. Cuyahoga County, Ohio | 04/23/2001 |
| Lonchar, et al. v. A-Best Products Company, et al., Case No. 01-434821-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/23/2001 |
| Dye, et al. v. BF Goodrich Company, et al., Case No. 01-434737-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/23/2001 |
| Brown, M.J., et al. v. A-Best Products Company, et al., Case No. 434637-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 04/24/2001 |
| Jackson, et al. v. A-Best Products Company, et al., Case No. 01-435398-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/04/2001 |
| Ameduri, et al. v. A-Best Products Company, et al., Case No. 01-435033 | Ct. Com. Pl., Cuyahoga County, Ohio | 05/07/2001 |
| Robinson, et al. v. A-Best Products Company, et al., Case No. 01-435215-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/07/2001 |

| CASE | COURT | SERVED |
|---|---|---|
| Hill, et al. v. A-Best Products Company, et al., Case No. 01-435083-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/08/2001 |
| Wilson, et al. v. A-Best Products Company, et al., Case No. 01-435265-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/08/2001 |
| Butler v. A-Best Products Company, et al., Case No. 01-436057-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/14/2001 |
| Abrom, et al. v. A-Best Products Company, et al., Case No. 01-435983-CV | C. P. Cuyahoga County, Ohio | 05/14/2001 |
| Thomas, et al. v. A-Best Products Company, et al., Case No. 01-435758-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/14/2001 |
| Fuzell, et al. v. A-Best Products Company, et al., Case No. 01-435588-435637 | Ct. Com. Pl., Cuyahoga County, Ohio | 05/14/2001 |
| Murray, et al. v. A-Best Products Company, et al., Case No. 01-435933-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/14/2001 |
| Rogers, et al. v. A-Best Products Company, et al., Case No. 01-435808-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/14/2001 |
| Grasse, et al. v. A-Best Products Company, et al., Case No. 01-435638-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/14/2001 |
| Dann, et al. v. A-Best Products Company, et al., Case No. 01-435448-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/15/2001 |
| Krutil, et al. v. A-Best Products Company, et al., Case No. 01-436599-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/16/2001 |
| Louis, et al. v. A-Best Products Company, et al., Case No. 01-437204-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/16/2001 |
| Hovanic, et al. v. A-Best Products Company, et al., Case No. 01-437552-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/16/2001 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Allen, et al. v. A-Best Products Company, et al., Case No. 01-437462-CV | Ct. Com. Pl. Cuyahoga County, Ohio | 05/16/2001 |
| Richardson, et al. v. A-Best Products Company, et al., Case No. 437006-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/16/2001 |
| Peel, et al. v. A-Best Products Company, et al., Case No. 01-437410-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/16/2001 |
| Bailey, et al. v. A-Best Products Company, et al., Case No. 01-437372-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/16/2001 |
| Horrison, et al. v. A-Best Products Company, et al., Case No. 437453-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/16/2001 |
| Greer, et al. v. A-Best Products Company, et al., Case No. 01-436771-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/17/2001 |
| Clements, et al. v. A-Best Products Company, et al., Case No. 01-436822-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/17/2001 |
| Hampton, et al. v. A-Best Products Company, et al., Case No. 01-437154-CV | Ct. Com. Pl., Cuyahoga County, Ohio | 05/17/2001 |
| Adams, et al. v. A-Best Products Company, et al., Case No. 01-436956-CV | Ct. Com. Pl. Cuyahoga County, Ohio | 05/17/2001 |
| White v. A-Best Products Company, et al. Case No. 01-438773-CV D97 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 05/23/2001 |
| White, et al. v. A-Best Products Co., et al., Case No. 01-438773-CV D97 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 05/23/2001 |
| Straub v. A-Best Products Co., et al., Case No. 01-439617-CV D93 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/04/2001 |

| CASE | COURT | SERVED |
|------|-------|--------|
| McCallum, et al. v. A-Best Products Co., et al., Case No. 01-439786-CV D94 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/05/2001 |
| Kelly, et al. v. A-Best Products Co., et al., Case No. 01-441196-CV D71 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/18/2001 |
| Barrett, et al. v. A-Best Products Co., et al., Case No. 01-441288-CV D94 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/18/2001 |
| Barnett, et al. v. A-Best Products Co., et al., Case No. 01-441440-CV D92 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/18/2001 |
| D'Andrea, et al. v. A-Best Products Co., et al., Case No. 01-441534-CV D71 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/18/2001 |
| Peters, et al. v. A-Best Products Co., et al., Case No. 01-441303-CV D92 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/18/2001 |
| Bartles, et al. v. A-Best Products Co., et al., Case No. 01-441643-CV D71 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/20/2001 |
| Walton, et al. v. A-Best Products Co., et al., Case No. | Ct. Com. Pl., Cuyahoga County, Ohio | 07/02/2001 |
| Gossard, et al. v. A-Best Products Co., et al., Case No. 01-442866-CV D70 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/20/2001 |
| Martin, et al. v. A-Best Products Co., et al., Case No. 01-443138-CV D70 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/20/2001 |
| Colonna, et al. v. A-Best Products Co., et al., Case No. 01-443289-CV D70 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/20/2001 |
| Alvarado, et al. v. A-Best Products Co., et al., Case No. 01-443307-CV D91 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/23/2001 |

7

| CASE | COURT | SERVED |
|---|---|---|
| Formica, et al. v. A-Best Products Co., et al., Case No. 01-443539-CV D39 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/23/2001 |
| Porter, et al. v. A-Best Products Co., et al., Case No. 01-443793-CV D93 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/23/2001 |
| Brown, et al. v. A-Best Products Co., et al., Case No. 01-443678-CV D93 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/23/2001 |
| Christian, et al. v. A-Best Products Co., et al., Case No. 01-443330-CV D91 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/23/2001 |
| Greathouse, et al. v. A-Best Products Co., et al., Case No. 01-444829-CV D70 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/03/2001 |
| Mainguy, et al. v. A-Best Products Co., et al., Case No. 01-444830-CV D70 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/06/2001 |
| Frontz, et al. v. A-Best Products Co., et al., Case No. 01-444832-CV D70 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/06/2001 |
| Spence, et al. v. A-Best Products Co., et al., Case No. 01-444831-CV D70 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/06/2001 |
| Blackshear, et al. v. A-Best Products Co., et al., Case No. 01-444833-CV D70 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/08/2001 |
| Budd, et al. v. A-Best Products Co., et al., Case No. 01-444951-CV E15 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/14/2001 |
| Jessee, et al. v. A-Best Products Co., et al., Case No. 01-445212-CV D70 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/14/2001 |
| Hill, et al. v. A-Best Products Co., et al., Case No. 01-445624-CV D91 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/21/2001 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Schuler, et al. v. A-Best Products Co., et al., Case No. 01-445683-CV D92 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/22/2001 |
| Moore, et al. v. A-Best Products Co., et al., Case No. 01-445684-CV D89 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/23/2001 |
| Anzur, et al. v. A-Best Products Co., et al., Case No. 01-445936-CV D93 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/23/2001 |
| Kochemba, et al. v. A-Best Products Co., et al., Case No. 01-445881-CV D92 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/23/2001 |
| Bridges, et al. v. A-Best Products Co., et al., Case No. 01-445886-CV D91 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/27/2001 |
| Navolanic, et al. v. A-Best Products Co., et al., Case No. 01-446189-CV E13 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/27/2001 |
| Goodwin, et al. v. A-Best Products Co., et al., Case No. 01-445752-CV D91 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/27/2001 |
| Bryant, et al. v. A-Best Products Co., et al., Case No. 01-445882-CV D92 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/27/2001 |
| Miller, et al. v. A-Best Products Co., et al., Case No. 01-445883-CV D92 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/27/2001 |
| Basalyk, et al. v. A-Best Products Co., et al., Case No. 01-446196-CV E13 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/29/2001 |
| Daily, et al. v. A-Best Products Co., et al., Case No. 01-446190-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/29/2001 |
| Anderson, et al. v. A-Best Products Co., et al., Case No. 01-446190-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/30/2001 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Henderson, et al. v. A-Best Products Co., et al., Case No. 01-446808-CV D38 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 09/12/2001 |
| Talbott, et al. v. A-Best Products Co., et al., Case No. 01-447789-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 09/19/2001 |
| Logsdon, et al. v. A-Best Products Co., et al., Case No. 01-447763-CV D92 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 09/19/2001 |
| Pauff, et al. v. A-Best Products Co., et al., Case No. 01-447987-CV D92 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 09/24/2001 |
| Roth, et al. v. A-Best Products Co., et al., Case No. 01-447985-CV D92 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 09/24/2001 |
| Ellerbroch, et al. v. A-Best Products Co., et al., Case No. 01-447803-CV D70 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 09/24/2001 |
| Terkun, et al. v. A-Best Products Co., et al., Case No. 01-447985-CV D92 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 09/27/2001 |
| Patterson, et al. v. A-Best Products Co., et al., Case No. 01-447985-CV D92 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 09/27/2001 |
| Burns, et al. v. A-Best Products Co., et al., Case No. 01-448854-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/02/2001 |
| Barrett, et al. v. A-Best Products Co., et al., Case No. 01-449179-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/04/2001 |
| Knots, et al. v. A-Best Products Co., et al., Case No. 01-449250-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/12/2001 |
| Beal, et al. v. A.P. Green Services, Inc., et al., Case No. 01-449958-CV D88 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/15/2001 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Allred, et al. v. A-Best Products Co., et al., Case No. 01-449883-CV D70 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/15/2001 |
| Andrews, et al. v. A-Best Products Co., et al., Case No. 01-449981-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/17/2001 |
| Arrington, et al. v. A-Best Products Co., et al., Case No. 01-450324-CV D89 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/25/2001 |
| Quick, et al. v. A-Best Products Co., et al., Case No. 01-45053X-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/25/2001 |
| Rosie, et al. v. A-Best Products Co., et al., Case No. 01-451212-CV D83 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 11/08/2001 |
| Jenkins v. A-Best Products Co., et al., Case No. 01-452552-CV D83 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/03/2001 |
| Powell v. A-Best Products Co., et al., Case No. 01-452550-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/03/2001 |
| Simpson v. A-Best Products Co., et al., Case No. 01-452551-CV D83 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/03/2001 |
| Hampton v. A-Best Products Co., et al., Case No. 01-453097-CV D36 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/04/2001 |
| Stroub v. A-Best Products Co., et al., Case No. 01-453047-CV D36 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/04/2001 |
| Rumpf v. A.P. Green Services, Inc., et al., Case No. 01-453047-CV D36 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/05/2001 |
| Pearson v. A-Best Products Co., et al., Case No. 01-452876-CV D36 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/05/2001 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Altiere v. A-Best Products Co., et al., Case No. 01-453740-CV D36 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/17/2001 |
| Janeczko v. A-Best Products Co., et al., Case No. 01-453988-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/17/2001 |
| Gifford v. A-Best Products Co., et al., Case No. 01-453790-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/17/2001 |
| Sop v. A-Best Products Co., et al., Case No. 01-453402-CV D36 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/17/2001 |
| Sherock v. A-Best Products Co., et al., Case No. 01-454336-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/17/2001 |
| Gaioch v. A-Best Products Co., et al., Case No. 01-454974-CV D66 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/17/2001 |
| Brennan v. A-Best Products Co., et al., Case No. 01-453938-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/17/2001 |
| Ackerman v. A-Best Products Co., et al., Case No. 01-454181-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/20/2001 |
| Phillips v. A-Best Products Co., et al., Case No. 01-454386-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/20/2001 |
| Dailey v. A-Best Products Co., et al., Case No. 01-454131-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/20/2001 |
| Jones v. A-Best Products Co., et al., Case No. 01-455033-CV D85 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/28/2001 |
| Liebhart v. A-Best Products Co., et al., Case No. 01-454889-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/28/2001 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Chicone v. A-Best Products Co., et al., Case No. 01-454851-CV D36 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/28/2001 |
| Manos v. A-Best Products Co., et al., Case No. 01-454561-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/28/2001 |
| Toth v. A-Best Products Co., et al., Case No. 01-454701-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/28/2001 |
| Simmons v. A-Best Products Co., et al., Case No. 01-455521-CV D35 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/31/2001 |
| Pulver v. A-Best Products Co., et al., Case No. 01-456418-CV D66 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/14/2002 |
| Porter v. A-Best Products Co., et al., Case No. 01-456556-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/14/2002 |
| Koshock v. A-Best Products Co., et al., Case No. 01-456279-CV D66 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/14/2002 |
| Allison v. A-Best Products Co., et al., Case No. 01-455562-CV D66 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/14/2002 |
| Cockburn v. A-Best Products Co., et al., Case No. 01-455951-CV D36 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/14/2002 |
| Jackson v. A-Best Products Co., et al., Case No. 01-456279-CV D66 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/14/2002 |
| Hanel v. A-Best Products Co., et al., Case No. 01-456279-CV D66 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/14/2002 |
| Battle v. A-Best Products Co., et al., Case No. 01-455746-CV D83 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/14/2002 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Little v. A-Best Products Co., et al., Case No. 01-455772-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/14/2002 |
| Tyree v. A-Best Products Co., et al., Case No. 01-456779-CV D88 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/14/2002 |
| Bales v. A-Best Products Co., et al., Case No. 01-455994-CV D88 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/14/2002 |
| Yoho v. A-Best Products Co., et al., Case No. 01-455730-CV D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/14/2002 |
| Allen v. A-Best Products Co., et al., Case No. 01-455719-CV D83 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/14/2002 |
| Sealed Air Corporation v. Fresenius Medical Care AG et. al., Case No. 600300/02 | Supreme Court of the State of New York, County of New York | 01/23/2002 |
| Burden v. A.P. Green Services, Inc., et al., Case No. 01-457806-CV D93 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/24/2002 |
| Zoul v. A.P. Green Services, Inc., et al., Case No. 01-457809-CV D93 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/24/2002 |
| Maiorano v. A.P. Green Services, Inc., et al., Case No. 01-456965-CV D85 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/24/2002 |
| Trexler v. A-Best Products Co., et al., Case No. 01-456952-CV D66 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/24/2002 |
| Holmes v. A-Best Products Co., et al., Case No. 01-455882-CV D66 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/24/2002 |
| Graham v. A.P. Green Services, Inc., et al., Case No. 01-456968-CV D86 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/24/2002 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Hart v. A.P. Green Services, Inc., et al., Case No. 01-456965-CV D85 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/24/2002 |
| Hall v. A-Best Products Co., et al., Case No. 01-455882-CV D66 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/24/2002 |
| Berry v. A-Best Products Co., et al., Case No. 01-455882-CV D66 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/24/2002 |
| Jones v. A-Best Products Co., et al., Case No. 02-458535-CV D83 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/01/2002 |
| Reed v. A-Best Products Co., et al., Case No. 02-458699-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/01/2002 |
| Lee v. A-Best Products Co., et al., Case No. 02-457953-CV D88 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/01/2002 |
| Watson v. A.P. Green Services, Inc., et al., Case No. 01-457724-CV D94 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/01/2002 |
| Scarbro v. A-Best Products Co., et al., Case No. 02-458749-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/01/2002 |
| McCray v. A-Best Products Co., et al., Case No. 02-458749-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/04/2002 |
| Golden v. A-Best Products Co., et al., Case No. 02-459276-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/04/2002 |
| Foster v. A.P. Green Services, Inc., et al., Case No. 01-457722-CV D94 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/04/2002 |
| Clements v. A-Best Products Co., et al., Case No. 02-458749-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/04/2002 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Phillips v. A.P. Green Services, Inc., et al., Case No. 02-458843-CV D94 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/04/2002 |
| Rose v. A-Best Products Co., et al., Case No. 02-458902-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/04/2002 |
| Ratkovich v. A-Best Products Co., et al., Case No. 02-459329-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/06/2002 |
| Noble v. A-Best Products Co., et al., Case No. 02-459734-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/08/2002 |
| Spence v. A-Best Products Co., et al., Case No. 02-459784-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/11/2002 |
| Johnson v. A-Best Products Co., et al., Case No. 02-459592-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/11/2002 |
| Gatrell v. A-Best Products Co., et al., Case No. 02-459379-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/11/2002 |
| Robertson v. A-Best Products Co., et al., Case No. 02-459112-CV D83 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/11/2002 |
| Prock v. A-Best Products Co., et al., Case No. 02-459957-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/11/2002 |
| Seafler v. A-Best Products Co., et al., Case No. 02-460007-CV D83 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/11/2002 |
| Crigger v. A-Best Products Co., et al., Case No. 02-459542-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/11/2002 |
| Wilson v. A-Best Products Co., et al., Case No. 02-460383-CV D88 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/20/2002 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Hall v. A-Best Products Co., et al., Case No. 02-460583-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/20/2002 |
| Hill v. A-Best Products Co., et al., Case No. 02-460333-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/20/2002 |
| Coulter v. A-Best Products Co., et al., Case No. 02-460939-CV D65 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/20/2002 |
| Bomba v. A-Best Products Co., et al., Case No. 02-460533-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/20/2002 |
| Hawkins v. A-Best Products Co., et al., Case No. 02-461078-CV D86 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/20/2002 |
| Pendleton v. A-Best Products Co., et al., Case No. 02-461079-CV D82 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/20/2002 |
| Burgess v. A-Best Products Co., et al., Case No. 02-461022-CV D82 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/20/2002 |
| Tidmore v. A-Best Products Co., et al., Case No. 02-460306-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/25/2002 |
| Letscher v. A-Best Products Co., et al., Case No. 02-461081-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/25/2002 |
| Grey v. A-Best Products Co., et al., Case No. 02-461022-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/25/2002 |
| Washington v. A-Best Products Co., et al., Case No. 02-460306-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/25/2002 |
| Nash v. A-Best Products Co., et al., Case No. 02-461587-CV D83 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/25/2002 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Degirolamo v. A-Best Products Co., et al., Case No. 02-461203-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/26/2002 |
| Barbati v. A-Best Products Co., et al., Case No. 02-461382-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/26/2002 |
| Chmura v. A-Best Products Co., et al., Case No. 02-461575-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 02/26/2002 |
| Smith v. A-Best Products Co., et al., Case No. 02-462822-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 03/04/2002 |
| Adams v. A-Best Products Co., et al., Case No. 02-461532-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 03/04/2002 |
| Scarfo v. A-Best Products Co., et al., Case No. 02-461082-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 03/04/2002 |
| O'Bryant v. A-Best Products Co., et al., Case No. 02-460973-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 03/04/2002 |
| Babbitt v. A-Best Products Co., et al., Case No. 02-461382-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 03/04/2002 |
| Campola v. A-Best Products Co., et al., Case No. 02-461284-CV D65 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 03/04/2002 |
| Vassel v. A-Best Products Co., et al., Case No. 02-461083-CV D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 03/04/2002 |
| Jennings v. A-Best Products Co., et al., Case No. 02-461284-CV D65 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 03/04/2002 |
| Pierce v. A-Best Products Co., et al., Case No. 02-463661-CV D65 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 03/12/2002 |

| CASE | COURT | SERVED |
|---|---|---|
| Shellito v. A-Best Products Co., et al., Case No. 02-463664-CV D85 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 03/12/2002 |
| Official Committee of Asbestos Personal Injury Claimants and Official Committee of Asbestos Property Damage Claimants of W.R. Grace & Co. v. Sealed Air Corporation et. al., Case No. 02-2210 | USDC, Disctrict of Delaware | 03/18/2002 |
| Short v. Firestone Tire & Rubber Co., et al., Case No. CV014444533 D79 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 03/21/2002 |
| Davis v. A-Best Products Co., et al., Case No. CV01444534 D55 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 03/26/2002 |
| Baumgartner v. AP Green Services Inc. Case No. CV02464011 D93 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 03/26/2002 |
| Pahut v. A-Best Products Co., et al., Case No. CV02466391 D78 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 04/16/2002 |
| Hill v. A-Best Products Co., et al., Case No. CV02466392 D99 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 04/16/2002 |
| King v. A-Best Products Co., et al., Case No. CV02466389 D99 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 04/16/2002 |
| Wysomierski v. A-Best Products Co., et al., Case No. CV01442040 D100 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 04/16/2002 |
| Rosier v. A-Best Products Co., et al., Case No. CV02466387 D81 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 04/16/2002 |
| Howard v. A-Best Products Co., et al., Case No. CV02466393 D30 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 04/17/2002 |
| Ogan v. A.W. Chesterson Co., et al., Case No. CV02467718 D84 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 05/02/2002 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Asad v. A-Best Products Co., et al., Case No. CV02467115 D73 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 05/02/2002 |
| Drvenkar v. A-Best Products Co., et al., Case No. CV02468425 D80 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 05/06/2002 |
| Gordon v. A-Best Products Co., et al., Case No. CV02469706 D76 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 05/24/2002 |
| Gjavor v. A-Best Products Co., et al., Case No. CV02464054 D86 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/04/2002 |
| McBee v. A-Best Products Co., et al., Case No. CV02470611 D78 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/04/2002 |
| Garicia v. A-Best Products Co., et al., Case No. CV02466393 D30 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/04/2002 |
| Padden v. A.W. Chesterson Co., et al., Case No. CV02467718 D84 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/04/2002 |
| Riedel v. A-Best Products Co., et al., Case No. CV02471311 D78 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/07/2002 |
| Twitchell v. A-Best Products Co., et al., Case No. CV02471312 D28 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/07/2002 |
| Marchbank v. A-Best Products Co., et al., Case No. CV02464157 D65 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/10/2002 |
| Metzinger v. A-Best Products Co., et al., Case No. CV02471236 D78 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/10/2002 |
| Smith v. A-Best Products Co., et al., Case No. CV02464104 D86 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/10/2002 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Furkin v. A-Best Products Co., et al., Case No. CV0246 D112 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/10/2002 |
| Montgomery v. A-Best Products Co., et al., Case No. CV02472454 D78 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/14/2002 |
| Allen v. A-Best Products Co., et al., Case No. CV02464203 D86 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/17/2002 |
| Bower v. A-Best Products Co., et al., Case No. CV02464172 D86 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/17/2002 |
| Russell v. A-Best Products Co., et al., Case No. CV02472451 D78 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/17/2002 |
| Griffin v. A-Best Products Co., et al., Case No. CV02464161 D86 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/17/2002 |
| Ferenczy v. A-Best Products Co., et al., Case No. CV02464253 D86 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/19/2002 |
| Music v. A-Best Products Co., et al., Case No. CV02472321 D78 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/20/2002 |
| Howard v. A-Best Products Co., et al., Case No. CV02472317 D78 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/20/2002 |
| Kendall v. Consolidated Rail Corp., et al., Case No. CV02472595 D62 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/20/2002 |
| Sturgeon v. A-Best Products Co., et al., Case No. CV02472315 D58 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/20/2002 |
| Brayo v. A-Best Products Co., et al., Case No. CV02464632 D82 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/24/2002 |

| CASE | COURT | SERVED |
|---|---|---|
| Elser v. A-Best Products Co., et al., Case No. CV02464532 D86 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/24/2002 |
| Glover v. A-Best Products Co., et al., Case No. CV02464494 D82 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/24/2002 |
| Moore v. A-Best Products Co., et al., Case No. CV02473328 D97 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/27/2002 |
| Hawkins v. A-Best Products Co., et al., Case No. CV02464667 D86 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/27/2002 |
| Guy A-Best Products Co., et al., Case No. CV0246898261 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/27/2002 |
| Barber v. A-Best Products Co., et al., Case No. CV02468962 D81 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/27/2002 |
| Morgan A.W. Chesterson Co., et al., Case No. CV02473132 D89 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/27/2002 |
| Arledge v. A-Best Products Co., et al., Case No. CV02468929 D61 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 06/27/2002 |
| Frazier v. A-Best Products Co., et al., Case No. CV02464582 D86 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/01/2002 |
| McIntoch v. A-Best Products Co., et al., Case No. CV02473330 D78 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/01/2002 |
| Frisby v. A-Best Products Co., et al., Case No. CV02473329 D88 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/01/2002 |
| Hatcher v. A-Best Products Co., et al., Case No. CV02469042 D80 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/08/2002 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Chaney v. A-Best Products Co., et al., Case No. CV02469092 D77 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/08/2002 |
| Pisciotta v. Sealed Air Corp., et al. Case No. 02-114274 | Sup.Ct., New York County, New York | 07/08/2002 |
| Cash v. A-Best Products Co., et al., Case No. CV02469197 D99 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/08/2002 |
| Robinson v. A-Best Products Co., et al., Case No. CV02474041 D88 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/10/2002 |
| Adorno v. A-Best Products Co., et al., Case No. CV02475230 D76 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/24/2002 |
| Marvin v. A-Best Products Co., et al., Case No. CV02476391 D125 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 07/29/2002 |
| Weirauch v. A-Best Products Co., et al., Case No. CV02469200 D58 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/02/2002 |
| Bope v. A.W. Chesterson Co., et al., Case No. CV02475429 D90 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/02/2002 |
| Santore v. A-Best Products Co., et al., Case No. CV02475717 D78 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/19/2002 |
| Leephart v. A-Best Products Co., et al., Case No. CV02478543 D28 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/27/2002 |
| Fortune v. A-Best Products Co., et al., Case No. CV02478550 D77 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/27/2002 |
| Haring v. A-Best Products Co., et al., Case No. CV02478553 D77 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/29/2002 |
| Novak v. A-Best Products Co., et al., Case No. CV02478556 D95 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 08/30/2002 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Kettner v. A-Best Products Co., et al., Case No. CV02479582 D88 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 09/06/2002 |
| Castillo v. A-Best Products Co., et al., Case No. CV02479583 D77 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 09/06/2002 |
| Meltz v. A-Best Products Co., et al., Case No. CV02479581 D77 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 09/06/2002 |
| Wiley v. A-Best Products Co., et al., Case No. CV02475757 D75 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 09/10/2002 |
| Cameron v. A-Best Products Co., et al., Case No. CV02475785 D78 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 09/10/2002 |
| Evans v. A-Best Products Co., et al., Case No. CV02478676 | Ct. Com. Pl., Cuyahoga County, Ohio | 09/27/2002 |
| Tyus v. A-Best Products Co., et al., Case No. CB02478776 | Ct. Com. Pl., Cuyahoga County, Ohio | 09/30/2002 |
| Jarrell v. A-Best Products Co., et al., Case No. 2478835 | Ct. Com. Pl., Cuyahoga County, Ohio | 10/04/2002 |
| Swoope v. A-Best Products Co., et al., Case No. CV02476789 | Ct. Com. Pl., Cuyahoga County, Ohio | 10/04/2002 |
| Feazell v. A-Best Products Co., et al., Case No. CB02478815 | Ct. Com. Pl., Cuyahoga County, Ohio | 10/04/2002 |
| Raymond v. A-Best Products Co., et al., Case No. CV02478947 | Ct. Com. Pl., Cuyahoga County, Ohio | 10/07/2002 |
| Banas v. A-Best Products Co., et al., Case No. CV02478847 | Ct. Com. Pl., Cuyahoga County, Ohio | 10/07/2002 |

| CASE | COURT | SERVED |
|---|---|---|
| Mitchell v. A-Best Products Co., et al., Case No. CV02478897 | Ct. Com. Pl., Cuyahoga County, Ohio | 10/07/2002 |
| Holovach v. A-Best Products Co., et al., Case No. CV02478726 | Ct. Com. Pl., Cuyahoga County, Ohio | 10/07/2002 |
| Durko v. A-Best Products Co., et al., Case No. CV02482887 | Ct. Com. Pl., Cuyahoga County, Ohio | 10/09/2002 |
| Jones v. A-Best Products Co., et al., Case No. CV02483396 | Ct. Com. Pl., Cuyahoga County, Ohio | 10/11/2002 |
| Brown v. A-Best Products Co., et al., Case No. CV02483395 | Ct. Com. Pl., Cuyahoga County, Ohio | 10/11/2002 |
| Hasson v. A.W. Chesterson Co., et al., Case No. CV02483401 D84 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/15/2002 |
| Bogan v. A-Best Products Co., et al., Case No. CV02480484 D74 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/18/2002 |
| West v. A-Best Products Co., et al., Case No. CV02480584 D77 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/18/2002 |
| Row v. A-Best Products Co., et al., Case No. CV02480634 D74 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/18/2002 |
| Arntz v. A.W. Chesterson Co., et al., Case No. CV02482175 D87 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/21/2002 |
| Anderson v. A-Best Products Co., et al., Case No. CV02480754 D57 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/21/2002 |
| Coleman v. A-Best Products Co., et al., Case No. CV02480672 D77 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/21/2002 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Channels v. A-Best Products Co., et al., Case No. CV02480534 D77 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/21/2002 |
| Ohneck v. A-Best Products Co., et al., Case No. CV02484711 D26 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/30/2002 |
| Briggs v. A-Best Products Co., et al., Case No. CV02484708 D76 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/30/2002 |
| Dailey v. A-Best Products Co., et al., Case No. CV02483235 D83 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 10/30/2002 |
| Workman v. A.W. Chesterson Inc., et al., Case No. CV02484857 D73 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 11/01/2002 |
| McKee v. Pfizer, et al., Case No. CV02484712 D70 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 11/01/2002 |
| Hanshew v. Pfizer, et al., Case No. CV02484709 D76 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 11/01/2002 |
| Dunlap v. A.W. Chesterson Inc., et al., Case No. CV02485862 D74 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 11/15/2002 |
| Howieson v. A.W. Chesterson Inc., et al., Case No. CV02485862 D74 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 11/25/2002 |
| Yavornitzky v. A.W. Chesterson Inc., et al., Case No. CV02486823 D48 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/03/2002 |
| Rose v. A.W. Chesterson Inc., et al., Case No. CV02485862 D74 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/03/2002 |
| Tuttle v. A-Best Products Co., et al., Case No. CV02487577 D86 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/04/2002 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Roswitha v. A.W. Chesterson Inc., et al., Case No. CV02487980 D72 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/06/2002 |
| Direnzo v. A.W. Chesterson Inc., et al., Case No. CV02488122 D75 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/12/2002 |
| Black et. al. v. Foster Wheeler Energy Corp., et. al., Case No. CV02489093 D55 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/27/2002 |
| Pennington v. Pfizer Inc., et. al., Case No. CV02489468 | Ct. Com. Pl., Cuyahoga County, Ohio | 12/27/2002 |
| Comley v. Foster Wheeler Energy Corp., et. al., Case No. CV02489467 D55 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/27/2002 |
| Lopresti v. A.W. Chesterton, Inc., et, al., Case No. CV02489640 D75 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/27/2002 |
| Hubbard v. A.W. Chesterton, Inc., et. al., Case No. CV02487150 D75 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 12/27/2002 |
| Kovach, et. al. v. Foster Wheeler Energy Corp.,et. al., Case No. CV02489138 D55 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/06/2003 |
| Aukland v. A.W. Chesterton, Inc., et. al., Case No. CV03491334 D70 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/21/2003 |
| Wesley v. Pfizer, Inc. et. al., Case No. CV03491332 D75 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/21/2003 |
| Novak v. A.W. Chesterton, Inc., et. al., Case No. CV03491335 D75 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/21/2003 |
| Freeman et. al. v. A.W. Chesterton, Inc., et. al., Case No. CV02490547 D26 CM | Ct. Com. Pl., Cuyahoga County, Ohio | 01/21/2003 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Yozwiak v. A.W. Chesterton, Inc., et. al., <br> Case No. CV03491448 D75 CM | Ct. Com. Pl., <br> Cuyahoga County, <br> Ohio | 01/21/2003 |
| Indorf et. al. v. A.W. Chesterton, Inc., et. al., <br> Case No. CV02490645 D72 CM | Ct. Com. Pl., <br> Cuyahoga County, <br> Ohio | 01/21/2003 |
| Delmark et. al. v. A.W. Chesterton, Inc., et. al., <br> Case No. CV02490597 D26 CM | Ct. Com. Pl., <br> Cuyahoga County, <br> Ohio | 01/21/2003 |
| Shellhouse v. A.W. Chesterton, Inc., et. al., <br> Case No. CV03491337 D60 CM | Ct. Com. Pl., <br> Cuyahoga County, <br> Ohio | 01/21/2003 |
| Polk v. A.W. Chesterton, Inc., et. al., <br> Case No. CV03491765 D76 CM | Ct. Com. Pl., <br> Cuyahoga County, <br> Ohio | 01/28/2003 |
| Abbruzzese et. al. v. A-Best Products Co., et. al., <br> Case No. CV02490660 D82 CM | Ct. Com. Pl., <br> Cuyahoga County, <br> Ohio | 01/28/2003 |
| Fountain et. al. v. A-Best Products Co., et. al., <br> Case No. CV02490710 D82 CM | Ct. Com. Pl., <br> Cuyahoga County, <br> Ohio | 01/29/2003 |
| Kimble et. al. v. A.W. Chesterton, Inc., et. al., <br> Case No. CV02490649 D75 CM | Ct. Com. Pl., <br> Cuyahoga County, <br> Ohio | 01/29/2003 |
| Olson v. A-Best Products Company, et al., <br> Case No. CV02490760 | Ct. Com. Pl., <br> Cuyahoga County, <br> Ohio | 02/03/2003 |
| Wilkinson v. A-Best Products Company, et al., <br> Case No. CV02490810 | Ct. Com. Pl., <br> Cuyahoga County, <br> Ohio | 02/03/2003 |
| Musgrave et al. v. A.W. Chesterton, Inc., et al., <br> Case No. CV03492077 | Ct. Com. Pl., <br> Cuyahoga County, <br> Ohio | 02/07/2003 |
| Carlon et al. v. A. W. Chesterton, Inc., et al., <br> Case No. CV03491977 | Ct. Com. Pl., <br> Cuyahoga County, <br> Ohio | 02/07/2003 |

| CASE | COURT | SERVED |
|---|---|---|
| Cook et al. v. A.W. Chesterton, Inc., et al., Case No. CV 03492027 | Ct. Com. Pl., Cuyahoga County, Ohio | 02/07/2003 |
| Villio et al. v. A. W. Chesterton, Inc., et al., Case No. CV 03492222 | Ct. Com. Pl., Cuyahoga County, Ohio | 02/19/2003 |
| West et al. v. A. W. Chesterton, Inc., et al., Case No. CV03492176 | Ct. Com. Pl., Cuyahoga County, Ohio | 02/19/2003 |
| Pawlus et al. v. Pfizer, Inc., et al., Case No. CV03492127 | Ct. Com. Pl., Cuyahoga County, Ohio | 02/19/2003 |
| Owens v. A. W. Chesterton, Inc., et al., Case No. CV03492261 | Ct. Com. Pl., Cuyahoga County, Ohio | 02/20/2003 |
| Baker v. A. W. Chesterton, Inc., et al., Case No. CV03492272 | Ct. Com. Pl., Cuyahoga County, Ohio | 02/20/2003 |
| Colosimo v. A. W. Chesterton, Inc., et al., Case No. CV03494153 | Ct. Com. Pl., Cuyahoga County, Ohio | 02/21/2003 |
| Null v. Foster Wheeler Energy Corporation, et al., Case No. CV03492372 | Ct. Com. Pl., Cuyahoga County, Ohio | 02/24/2003 |
| Roth, et al., v. A. W. Chesterton, Inc., et al., Case No. CV03492322 | Ct. Com. Pl., Cuyahoga County, Ohio | 02/24/2003 |
| Abston, et al., v. A. W. Chesterton, Inc., et al., Case No. CV03492417 | Ct. Com. Pl., Cuyahoga County, Ohio | 02/24/2003 |
| Burch, et al., v. A. W. Chesterton, Inc., et al., Case No. CV0394804 | Ct. Com. Pl., Cuyahoga County, Ohio | 02/27/2003 |
| Adkins, et al., v Pfizer, Inc., et al., Case No. CF03492455 | Ct. Com. Pl., Cuyahoga County, Ohio | 02/27/2003 |

| CASE | COURT | SERVED |
|------|-------|--------|
| Sheridan, et al., v. A. W. Chesterton, Inc., et al., Case No. CV03494851 | Ct. Com. Pl., Cuyahoga County, Ohio | 02/28/2003 |

30

**SCHEDULE 2a**

## Schedule 2a

### Summary of Bills for Sealed Air Corp. (Client No. 007490)

| Matter No. | Bill No. | Bill Amount |
|---|---|---|
| 2 | 773027 | $11,829.00 |
| 2 | 786982 | $5,770.00 |
| 2 | 796499 | $135.00 |
| 2 | 796498 | $6,241.00 |
| 2 | 819644 | $124,318.00 |
| 2 | 826670 | $118,355.00 |
| 2 | 831425 | $64,153.00 |
| 2 | 844743 | $166,214.00 |
| 2 | 856656 | $48,647.00 |
| 2 | 854206 | $67,261.00 |
| 2 | 861074 | $91,428.00 |
| 2 | 857411 | $301,980.00 |
| 2 | 862582 | $75,658.00 |
| 2 | 871954 | $26,785.00 |
| 2 | 871184 | $2,776.00 |
| MATTER 00002 SUBTOTAL | | $1,111,550.00 |
| 5 | 826791 | $36,180.00 |
| 5 | 834105 | $10,304.00 |
| 5 | 841580 | $5,799.00 |
| 5 | 844748 | $44,700.00 |
| 5 | 851731 | $3,808.00 |
| 5 | 856661 | $18,028.00 |
| 5 | 854208 | $18,535.00 |
| 5 | 862588 | $88,279.00 |

735872.01-New York S7A

| Matter No. | Bill No. | Bill Amount |
|---|---|---|
| 5 | 871955 | $87,354.00 |
| 5 | 871186 | $134,037.00 |
| 5 | 873455 | $145,609.00 |
| 5 | 876157 | $133,790.00 |
| 5 | 883794 | $89,370.00 |
| 5 | 884400 | $78,147.00 |
| 5 | 892404 | $85,892.00 |
| 5 | 897749 | $75,905.00 |
| 5 | 897752 | $85,515.00 |
| 5 | 907289 | $126,532.00 |
| 5 | 907304 | $189,110.00 |
| 5 | 915011 | $165,065.00 |
| 5 | 918434 | $182,846.00 |
| 5 | 915916 | $205,097.00 |
| 5 | 922000 | $519,865.00 |
| 5 | 928585 | $1,115,277.00 |
| 5 | 931653 | $1,327,562.00 |
| 5 | 940177 | $569,599.00 |
| 5 | 939520 | $1,355,452.00 |
| 5 | 942136 | $383,778.00 |
| 5 | 948126 | $120,894.00 |
| MATTER 00005 SUBTOTAL | | $7,402,329.00 |
| 6 | 848681 | $1,771.00 |
| 6 | 851732 | $33,455.00 |
| 6 | 856662 | $8,650.00 |
| 6 | 859729 | $26,171.00 |

| Match No. | Bill No. | Bill Amount |
|---|---|---|
| 6 | 857412 | $29,355.00 |
| 6 | 862592 | $1,698.00 |
| 6 | 871957 | $850.00 |
| MATTER 00006 SUBTOTAL | | $101,950.00 |
| 7 | 871958 | $10,119.00 |
| MATTER 00007 SUBTOTAL | | $10,119.00 |
| Goldwein & Assoc. Fees and Expenses | | |
| TOTAL (for matters 00002,00005,00006,00007) | | $8,625,948.00 |
| | | |
| | | |

3

## SCHEDULE 2b

| Name | Date | Invoice | Amount | |
|---|---|---|---|---|
| Acu-Image, Inc. | 2/21/02 | 9815 | $27,148.75 | $27,148.75 |
| | | | | |
| Alix Partners, LLC | July, 2002 | 13454203-1 | 11,306.88 | |
| | August, 2002 | 13454357-1 | 82,626.11 | |
| | September, 2002 | 13454945-1 | 12,629.45 | 106,562.44 |
| | | | 106,562.44 | |
| | | | | |
| Automated Legal Solutions, Inc. | 4/26/02 | 1383 | 3,851.85 | |
| | 5/30/02 | 1388 | 938.23 | |
| | 10/9/02 | 1406 | 450.98 | 5,241.06 |
| | | | 5,241.06 | |
| | | | | |
| Aztec Messenger Service | 6/20/02 | A16911 | 55.00 | |
| | 9/9/02 | A18462 | 65.00 | 120.00 |
| | | | 120.00 | |
| | | | | |
| Bates White Ballentine | March, 2002 | CEB642 | 9,583.75 | |
| | April, 2002 | CEB658 | 64,478.23 | |
| | May, 2002 | CEB699 | 127,605.43 | |
| | June, 2002 | CEB707 | 218,610.45 | |
| | July, 2002 | CEB766 | 237,298.93 | |
| | August, 2002 | CEB803 | 470,110.84 | |
| | September, 2002 | CEB848 | 299,782.68 | |
| | October, 2002 | CEB895 | 103,036.12 | |
| | December, 2002 | CEB940 | 281,111.54 | 1,811,617.97 |
| | | | 1,811,617.97 | |
| | | | | |
| Boverie, Jackson, Busby & La Fera | 8/17/02 | 220947 | 1,279.66 | |
| | 8/14/02 | 220949 | 25.00 | |
| | 8/28/02 | 220992 | 1,825.12 | 3,129.78 |
| | | | 3,129.78 | |
| | | | | |
| Brief Encounters, Inc. | 8/7/02 | 20020000283 | 55.00 | 55.00 |
| | | | | |
| Catuogno Court Reporting & Sten-Tel | 8/6/02 | 23061 | 83.82 | |
| | 8/15/02 | 23248 | 1,338.60 | 1,422.42 |
| | | | 1,422.42 | |
| | | | | |
| | | | | |
| Charles River Associates, Inc. | 9/15/02 | 15319 | 318,200.05 | |
| | Aug.-Oct. 2002 | 15656 | 160,420.09 | |
| | | 16102 | 2,573.31 | 481,193.45 |
| | | | 481,193.45 | |
| | | | | |
| Clicks | 7/29/02 | 86366 | 20,593.52 | |
| | 8/12/02 | 87003 | 1,337.56 | |
| | 8/22/02 | 87244 | 8,514.61 | |
| | 8/26/02 | 87288 | 6,719.36 | |
| | 8/28/02 | 87349 | 22,019.05 | |
| | 9/10/02 | 87530 | 8,772.13 | 67,956.23 |

| Name | Date | Invoice | Amount | |
|---|---|---|---|---|
| | | | 67,956.23 | |
| | | | | |
| David Feldman & Associates | 8/5/02 | 905274 | 816.40 | |
| | | 905684 | 1,115.97 | |
| | | 905761 | 2,118.15 | 4,050.52 |
| | | | 4,050.52 | |
| | | | | |
| Doris O. Wong Associates, Inc. | 7/31/02 | 61971 | 1,667.65 | |
| | 8/6/02 | 62028 | 2,009.85 | |
| | 8/7/02 | 62045 | 2,999.15 | |
| | 8/16/02 | 62157 | 1,111.60 | 7,788.25 |
| | | | 7,788.25 | |
| | | | | |
| Cleeton Davis Court Reporters | 8/19/02 | KMD-2307 | 1,307.90 | 1,307.90 |
| | | | | |
| Esquire Deposition Service | 9/11/02 | 166796ENY | 1,822.00 | |
| | 9/16/02 | 125594ECG | 364.59 | |
| | 10/23/02 | 171048ENY | 1,088.10 | 3,274.69 |
| | | | 3,274.69 | |
| | | | | |
| Eric Stallard, ASA, MAAA | Jan. - April, 2002 | | 4,274.18 | |
| | May - Aug., 2002 | | 18,782.63 | 23,056.81 |
| | | | 23,056.81 | |
| | | | | |
| Fried, Frank, Harris, Shriver & Jacobson | August, 2002 | 334127 | 10,698.21 | |
| | July, 2002 | 95569 | 4,562.37 | |
| | September , 2002 | 334784 | 27,534.44 | |
| | October, 2002 | 335092 | 287.47 | 43,082.49 |
| | | | 43,082.49 | |
| | | | | |
| Goldin Associates, L.L.C. | May, 2001 | | 150,000 | |
| | June, 2001 | | 150,000 | |
| | July, 2001 | | 150,000 | |
| | August, 2001 | | 150,000 | |
| | September, 2001 | | 150,000 | |
| | October, 2001 | | 150,000 | |
| | October, 2001 | | 845 | |
| | November, 2001 | | 76,242.90 | |
| | November, 2001 | | 75,397.58 | |
| | January, 2002 | | 65,000 | |
| | February, 2002 | | 65,000 | |
| | March, 2002 | | 203,269.55 | |
| | April, 2002 | | 200,147.62 | |
| | May, 2002 | | 100,246.49 | |
| | June, 2002 | | 100,259.43 | |
| | July, 2002 | | 250,228.94 | |
| | 8/15/02 | | 100,000.00 | |
| | August, 2002 | | 275,000.00 | |
| | November, 2002 | | 86,280.60 | |
| | December, 2002 | | 61,524.97 | |

| Name | Date | Invoice | Amount | |
|---|---|---|---|---|
| | Januaary, 2003 | | 768.58 | 2,560,211.98 |
| | | | 2,560,211.98 | |
| | | | | |
| Houlihan Lokey Howard & Zukin | January, 2003 | 23808 | 24,546.57 | 24,546.57 |
| | | | | |
| Jane Rose Reporting Inc. | August, 2002 | 1055922 | 1,628.65 | |
| | August, 2002 | 1055942 | 2,130.85 | |
| | August, 2002 | 1055949 | 613.6 | |
| | August, 2002 | 1055954 | 2,079.45 | |
| | August, 2002 | 1055959 | 2,255.35 | |
| | September, 2002 | 1056145 | 1,412.60 | |
| | October, 2002 | 1056167 | 2,268.90 | |
| ° | October, 2002 | 1056170 | 2,009.50 | |
| | October, 2002 | 1056199 | 1,793.60 | |
| | October, 2002 | 1056194 | 2,178.85 | |
| | October, 2002 | 1056189 | 710.60 | |
| | October, 2002 | 1056185 | 713.55 | |
| | October, 2002 | 1056205 | 1,732.75 | |
| | October, 2002 | 1056178 | 506.00 | |
| | October, 2002 | 1056173 | 808.70 | |
| | October, 2002 | 1056210 | 2,478.75 | |
| | October, 2002 | 1056215 | 1,943.00 | 27,264.70 |
| | | | 27,264.70 | |
| | | | | |
| Lazard Freres | 9/1/ 2002-2-2003 | | 3,053,978.43 | 3,053,978.43 |
| | | | | |
| Lex Business Solutions | July, 2002 | 106101431A | 6,196.10 | |
| | July, 2002 | 106101502A | 1,439.57 | |
| | July, 2002 | 106101503A | 4,236.98 | |
| | July, 2002 | 106101518B | 10,851.43 | |
| | July, 2002 | 106101519A | 5,628.33 | |
| | July, 2002 | 1061015477A | 1,300.00 | |
| | July, 2002 | 106101596A | 7,879.75 | |
| | July, 2002 | 106101582A | 769.97 | |
| | July, 2002 | 106101631A | 1,898.46 | |
| | July, 2002 | 106101650A | 612.13 | |
| | July, 2002 | 112101283A | 3,164.40 | |
| | July, 2002 | 106101713B | 3,117.29 | |
| | July, 2002 | 106101732A | 3,117.29 | |
| | August, 2002 | 106101956B | 5,076.38 | |
| | August, 2002 | 117100084A | 6,187.47 | |
| | August, 2002 | 106101989C | 5,976.65 | |
| | August, 2002 | 106102063A | 2,627.12 | |
| | August, 2002 | 106102080A | 454.27 | |
| | August, 2002 | 106102164A | 780.69 | |
| | August, 2002 | 106102194B | 2,056.33 | |
| | August, 2002 | 106102200C | 1,115.56 | |
| | September, 2002 | 106102324A | 1,978.34 | |
| | September, 2002 | 106102419A | 10,613.93 | |
| | September, 2002 | 106102444A | 520.44 | |

| Name | Date | Invoice | Amount | |
|---|---|---|---|---|
| | September, 2002 | 106102426A | 1,386.22 | |
| | September, 2002 | 106102471A | 591.32 | |
| | September, 2002 | 106102472A | 203.34 | |
| | September, 2002 | 106102501A | 2,140.61 | |
| | September, 2002 | 106102502A | 3,467.99 | 95,388.36 |
| | | | 95,388.36 | |
| | | | | |
| Lyon Reporting, Inc. | July, 2002 | 9383 | 1,311.40 | |
| | July, 2002 | 9385 | 1,156.40 | 2,467.80 |
| | | | 2,467.80 | |
| | | | | |
| Maupin Taylor & Ellis, P.A. | July, 2002 | 145128 | 4,022.95 | 4,022.95 |
| | | | | |
| Merrill Communications, LLD | 9/7/02 | 152022 | 532.98 | 532.98 |
| | | | | |
| | | | | |
| New Jersey Lawyers Service | September, 2002 | 8156A | 64.95 | 64.95 |
| | | | | |
| New Jersey Legal Copy | August 20, 2002 | 36013 | 787.58 | |
| | August 20, 2002 | 36121 | 2,556.46 | 3,344.04 |
| | | | 3,344.04 | |
| | | | | |
| RLS Solutions (Ridgeway) | August 5, 2002 | 45-022883 | 976.28 | |
| | August 8, 2002 | 45-022922 | 1,259.80 | |
| | August 8, 2002 | 45-022925 | 7,294.49 | |
| | August 9, 2002 | 45-022934 | 7,046.39 | |
| | August 9, 2002 | 45-022940 | 1,391.71 | |
| | August 31, 2002 | 45-023103 | 2,488.76 | |
| | August, 2002 | 45-022931 | 54,399.28 | |
| | August 20, 2002 | 45-023007 | 33,776.59 | |
| | September 13, 2002 | 45-023179 | 1,060.91 | |
| | September 13, 2002 | 45-023180 | 1,207.77 | 110,901.98 |
| | | | 110,901.98 | |
| | | | | |
| Roux Associates | Bills June, 2002 | 39017 | 72,508.23 | |
| | July, 2002 | 39370 | 150,505.93 | |
| | August, 2002 | 39516 | 348,443.41 | |
| | August, 2002 | 39710 | 77,271.60 | |
| | September, 2002 | 40128 | 187,867.07 | |
| | October, 2002 | 40446 | 3,276.52 | |
| | February, 2003 | 42034 | 151.20 | 840,023.96 |
| | | | 840,023.96 | |
| | | | | |
| Silver Reporting Services, Inc. | August 15, 2002 | N910 | 1,153.79 | 1,153.79 |
| | | | | |
| Stikeman Elliott LLP | January 15, 2003 | 4255337 | 543.64 | 543.64 |
| | | | | |
| TrialGraphix | June 30, 2002 | 2126929 | 713.64 | |
| | November 30, 3002 | 2127605 | 446.53 | 1,160.17 |
| | | | 1,160.17 | |

| Name | Date | Invoice | Amount | |
|------|------|---------|--------|--|
| | | | | |
| Trico Document Solutions LLC | July 29, 2002 | 123 | **1,936.75** | 1,936.75 |
| | | | | |
| Uniscribe | September, 2002 | | **2,612.56** | 2,612.56 |
| | | | | |
| Veritext, LLC | July, 2002 | 93957 | 1,726.20 | |
| | July, 2002 | 93884 | 1,072.40 | |
| | July, 2002 | 93052 | 740.60 | |
| | Augus, 2002 | 96797 | 806.55 | |
| | September, 2002 | 98517 | 888.40 | 5,234.15 |
| | | | **5,234.15** | |
| | | | | |
| Vincent Varallo Associates, Inc. | July 22, 2002 | 95421 | 438.30 | |
| | July 30, 2002 | 95561 | 1,068.90 | 1,507.20 |
| | | | **1,507.20** | |
| | | | | |
| | | | | |
| | | | **TOTAL** | **9,322,596.82** |

<u>**SCHEDULE 3**</u>

## IT/Telecommunications Separation Expense

In accordance with the IT separation agreement entered into shortly after the transaction closing, Sealed Air incurred the costs detailed below. The budget was established in an exchange of letters between Bill Hickey and Brian McGowan in June of 1998, ending with a letter dated June 4, 1998 from Bill Hickey to Brian McGowan, summarizing the agreement.

Sealed Air has incurred the following expenses in this category:

|       | IT      | Telecomm | Total     |
|-------|---------|----------|-----------|
| US    |         | 199,643  | 199,643   |
| EU    | 11,340  | 31,900   | 43,240    |
| AP    | 198,509 | 131,470  | 329,979   |
| LA    | 40,641  | 87,979   | 128,620   |
| Total |         |          | $701,482  |
|       |         |          | x   .63   |
|       |         |          | $441,933.66 |

**Exhibit A**

DISTRIBUTION AGREEMENT

by and among

W. R. GRACE & CO.

W. R. GRACE & CO.-CONN.,

and

GRACE SPECIALTY CHEMICALS, INC.

(to be renamed "W. R. Grace & Co.")

Dated as of March 30, 1998

## TABLE OF CONTENTS

<table>
<tr><td></td><td></td><td></td><td align="right">Page</td></tr>
<tr><td>I.</td><td colspan="2">Definitions.....................................</td><td align="right">2</td></tr>
<tr><td></td><td>1.01</td><td>General...............................</td><td align="right">2</td></tr>
<tr><td></td><td>1.02</td><td>References to Time....................</td><td align="right">17</td></tr>
<tr><td>II.</td><td colspan="2">Certain Transactions Prior to the<br>Distribution Date..........................</td><td align="right">18</td></tr>
<tr><td></td><td>2.01</td><td>Transfer of Packco Assets; Assumption<br>of Packco Liabilities................</td><td align="right">18</td></tr>
<tr><td></td><td>2.02</td><td>Certain Foreign Transfers.............</td><td align="right">20</td></tr>
<tr><td></td><td>2.03</td><td>Certificate of Incorporation;<br>By-laws; Rights Plan.................</td><td align="right">23</td></tr>
<tr><td></td><td>2.04</td><td>Issuance of Stock.....................</td><td align="right">23</td></tr>
<tr><td></td><td>2.05</td><td>Other Agreements; Shared Facilities ....</td><td align="right">23</td></tr>
<tr><td></td><td>2.06</td><td>Financing.............................</td><td align="right">24</td></tr>
<tr><td></td><td>2.07</td><td>Grace Recapitalization................</td><td align="right">26</td></tr>
<tr><td></td><td>2.08</td><td>Registration and Listing..............</td><td align="right">27</td></tr>
<tr><td></td><td>2.09</td><td>Grace and New Grace Boards............</td><td align="right">28</td></tr>
<tr><td></td><td>2.10</td><td>Transfers Not Effected Prior to the<br>Distribution; Transfers Deemed<br>Effective as of the Distribution<br>Date.................................</td><td align="right">28</td></tr>
<tr><td></td><td>2.11</td><td>Intercompany Accounts and<br>Distribution Payments................</td><td align="right">29</td></tr>
<tr><td>III.</td><td colspan="2">The Distribution................................</td><td align="right">29</td></tr>
<tr><td></td><td>3.01</td><td>Record Date and Distribution Date.......</td><td align="right">29</td></tr>
<tr><td></td><td>3.02</td><td>The Agent.............................</td><td align="right">29</td></tr>
<tr><td></td><td>3.03</td><td>Delivery of Share Certificates to the<br>Agent................................</td><td align="right">29</td></tr>
<tr><td></td><td>3.04</td><td>The Distribution......................</td><td align="right">30</td></tr>
<tr><td>IV.</td><td colspan="2">Survival and Indemnification....................</td><td align="right">30</td></tr>
<tr><td></td><td>4.01</td><td>Survival of Agreements................</td><td align="right">30</td></tr>
<tr><td></td><td>4.02</td><td>Indemnification.......................</td><td align="right">30</td></tr>
<tr><td></td><td>4.03</td><td>Procedures for Indemnification for<br>Third-Party Claims...................</td><td align="right">31</td></tr>
<tr><td></td><td>4.04</td><td>Remedies Cumulative...................</td><td align="right">33</td></tr>
</table>

TABLE OF CONTENTS (continued)

V.     Certain Additional Covenants...................... 34

       5.01  Notices to Third Parties................. 34
       5.02  Licenses and Permits..................... 34
       5.03  Intercompany Agreements.................. 34
       5.04  Guarantee Obligations.................... 35
       5.05  Further Assurances....................... 36
       5.06  Environmental Claims Cooperation........ 36

VI.    Access to Information........................... 36

       6.01  Provision of Corporate Records.......... 36
       6.02  Access to Information................... 37
       6.03  Production of Witnesses................. 39
       6.04  Retention of Records.................... 39
       6.05  Confidentiality......................... 40
       6.06  Cooperation with Respect to
             Government Reports and Filings........ 40

VII.   No Representations or Warranties................ 41

       7.01  No Representations or Warranties........ 41

VIII.  Miscellaneous.................................. 42

       8.01  Conditions to Obligations............... 42
       8.02  Use of Grace Name and Mark.............. 43
       8.03  Complete Agreement...................... 44
       8.04  Expenses................................ 44
       8.05  Governing Law........................... 45
       8.06  Notices................................. 45
       8.07  Amendment and Modification.............. 46
       8.08  Successors and Assigns; No Third-Party
             Beneficiaries......................... 46
       8.09  Counterparts............................ 46
       8.10  Interpretation.......................... 46
       8.11  Severability............................ 47
       8.12  References; Construction................ 47
       8.13  Termination............................. 47
       8.14  SAC Reasonable Consent.................. 47

SIGNATURES........................................... 48

Schedules to Distribution Agreement

Exhibit A        Form of Employee Benefits Allocation Agreement

-ii-

TABLE OF CONTENTS (continued)

Exhibit B        Form of Tax Sharing Agreement

Exhibit C        Form of New Grace Certificate of Incorporation

Exhibit D        Form of New Grace Bylaws

Exhibit E        Form of New Grace Preferred Share Purchase
                 Rights Plan

-iii-

DISTRIBUTION AGREEMENT

This DISTRIBUTION AGREEMENT (this "Agreement"), dated as of March 30, 1998, by and among W. R. Grace & Co., a Delaware corporation ("Grace"), W. R. Grace & Co.-Conn., a Connecticut corporation and a wholly owned subsidiary of Grace ("Grace-Conn.") and Grace Specialty Chemicals, Inc., a Delaware corporation and a wholly owned subsidiary of Grace ("New Grace").

## RECITALS

A.  *The Merger Agreement.*  Grace and Sealed Air Corporation, a Delaware corporation ("SAC"), have entered into an Agreement and Plan of Merger, dated as of August 14, 1997 (the "Merger Agreement"), pursuant to which, at the Effective Time (as defined therein), a wholly owned subsidiary of Grace will merge with and into SAC, with SAC being the surviving corporation (the "Merger"), and Grace being renamed "Sealed Air Corporation".

B.  *The Distribution Agreement.*  This Agreement and the Other Agreements (as defined herein) set forth certain transactions that SAC has required as a condition to its willingness to consummate the Merger, and the purpose of this Agreement is to make possible the Merger by divesting Grace of the businesses and operations to be conducted by New Grace and its subsidiaries, including Grace-Conn.

C.  *The Contribution.*  Prior to the Effective Time, and subject to the terms and conditions set forth in this Agreement, Grace intends to cause the transfer to a wholly owned subsidiary of Grace-Conn. ("Packco") of certain assets and liabilities of Grace and its subsidiaries predominantly related to the Packaging Business (the "Contribution"), as contemplated by this Agreement and the Other Agreements.

D.  *Financing.*  It is the intention of the parties hereto that, prior to the Distribution: (i) Grace and/or Packco shall enter into new financing arrangements and shall make, or cause to be made, the New Grace Capital Contribution (as defined herein); and (ii) the parties shall cooperate with one another with respect to the foregoing.

E.  *The Distribution.*  Following the Contribution and prior to the Effective Time, subject to the conditions set forth in this Agreement, (i) the capital stock of Packco will

be distributed to Grace (the "Intragroup Spinoff"), (ii) the capital stock of Grace-Conn. will be contributed to New Grace and (iii) all of the issued and outstanding shares of the common stock of New Grace (together with the New Grace Rights, "New Grace Common Stock") will be distributed on a pro rata basis (the "Distribution") to the holders as of the Record Date of the common stock of Grace, par value $.01 per share ("Grace Common Stock"), other than shares held in the treasury of Grace.

F.   *The Recapitalization.*   Following the Distribution and immediately prior to the Effective Time, Grace intends to consummate the Recapitalization in which each holder of a share of Grace Common Stock shall hold, immediately thereafter, the Per Share Common Consideration and the Per Share Preferred Consideration.

G.   *Intention of the Parties.*   It is the intention of the parties (i) to this Agreement that, for United States federal income tax purposes, the Contribution and associated transactions shall qualify as a tax-free transaction under Section 351 of the Internal Revenue Code of 1986, as amended (the "Code"), the Contribution and the Intragroup Spinoff (and associated transactions) shall qualify as a tax-free transaction under Sections 355 and 368 of the Code, the Distribution and associated transactions shall qualify as a tax-free transaction under Sections 355 and 368 of the Code, and the Recapitalization shall be tax-free to Grace and its shareholders under the Code, and (ii) to this Agreement and the Merger Agreement that the Merger shall qualify as a "reorganization" within the meaning of Section 368 of the Code and the Merger will be tax free under the Code to Grace, SAC and their respective shareholders.

NOW, THEREFORE, in consideration of the premises, and of the representations, warranties, covenants and agreements set forth herein, the parties hereto hereby agree as follows:

ARTICLE I

DEFINITIONS

SECTION 1.01   General.   As used in this Agreement, the following terms shall have the following meanings (such meanings to be equally applicable to both the singular and plural forms of the terms defined):

*Adjusted Foreign Transfer Taxes:*   as defined in Section 2.02(c) hereof.

- 2 -

*Affiliate:* with respect to any specified Person, a Person that directly, or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with, such specified Person; *provided, however, that,* for purposes of this Agreement, no member of either Group shall be deemed to be an Affiliate of any member of the other Group.

*Agent:* the distribution agent to be appointed by Grace to distribute the shares of New Grace Common Stock pursuant to the Distribution.

*Agreement:* as defined in the preamble to this Agreement.

*Asset:* any and all assets and properties, tangible or intangible, including, without limitation, the following: (i) cash, notes and accounts and notes receivable (whether current or non-current); (ii) certificates of deposit, banker's acceptances, stock, debentures, evidences of indebtedness, certificates of interest or participation in profit-sharing agreements, collateral-trust certificates, preorganization certificates or subscriptions, transferable shares, investment contracts, voting-trust certificates, fractional undivided interests in oil, gas or other mineral rights, puts, calls, straddles, options and other securities of any kind; (iii) intangible property rights, inventions, discoveries, know-how, United States and foreign patents and patent applications, trade secrets, confidential information, registered and unregistered trademarks, service marks, service names, trade styles and trade names and associated goodwill; statutory, common law and registered copyrights; applications for any of the foregoing, rights to use the foregoing and other rights in, to and under the foregoing; (iv) rights under leases, contracts, licenses, permits, distribution arrangements, sales and purchase agreements, other agreements and business arrangements; (v) real estate and buildings and other improvements thereon; (vi) leasehold improvements, fixtures, trade fixtures, machinery, equipment (including transportation and office equipment), tools, dies and furniture; (vii) office supplies, production supplies, spare parts, other miscellaneous supplies and other tangible property of any kind; (viii) computer equipment and software; (ix) raw materials, work-in-process, finished goods, consigned goods and other inventories; (x) prepayments or prepaid expenses; (xi) claims, causes of action, choses in action, rights under express or implied warranties, rights of recovery and rights of setoff of any kind; (xii) the right to receive mail, payments on accounts receivable and other communications; (xiii) lists of customers, records pertaining to customers and accounts, personnel records, lists and records pertaining to customers, suppliers and agents, and books, ledgers, files and

- 3 -

business records of every kind; (xiv) advertising materials and other printed or written materials; (xv) goodwill as a going concern and other intangible properties; (xvi) employee contracts, including any rights thereunder to restrict an employee from competing in certain respects; and (xvii) licenses and authorizations issued by any governmental authority.

*Benefits Agreement:* the Employee Benefits Allocation Agreement to be entered into prior to the Distribution between Grace and New Grace, substantially in the form of Exhibit A hereto, with such changes as are acceptable to Grace, New Grace, Grace-Conn. and SAC.

*Business:* the New Grace Business or the Packaging Business.

*Code:* as defined in the Recitals to this Agreement.

*Contribution:* as defined in the Recitals to this Agreement.

*Debt Costs:* as defined in Section 2.06(b) hereof.

*Deemed Foreign Tax Credits:* as defined in Section 2.02(c) hereof.

*Deemed Repatriations:* as defined in Section 2.02(c) hereof.

*Distribution:* as defined in the Recitals to this Agreement.

*Distribution Date:* the date as of which the Distribution shall be effected, to be determined by, or under the authority of, the Board of Directors of Grace consistent with this Agreement and the Merger Agreement.

*Effective Time:* as defined in the Merger Agreement.

*Environmental Law:* as defined in the Merger Agreement.

*Excess Short-Term Payables:* as defined in Section 2.02(c) hereof.

*Excess Shares:* as defined in Section 2.07(b) hereof.

*Exchange Act:* the Securities Exchange Act of 1934, as amended, together with the rules and regulations promulgated thereunder.

- 4 -

*Exchange Agent:* the exchange agent to be retained in connection with effecting the Recapitalization (which may also be the Exchange Agent with respect to the Merger and/or the Agent).

*Foreign Exchange Rate:* with respect to any currency other than United States dollars as of any date, the rate on such date at which such currency may be exchanged for United States dollars as quoted in *The Wall Street Journal.*

*Foreign New Grace Subsidiaries:* as defined in the Tax Sharing Agreement.

*Foreign NOLs:* as defined in Section 2.02(c) hereof.

*Foreign Packco Subsidiaries:* as defined in the Tax Sharing Agreement.

*Foreign Tax Credits:* as defined in Section 2.02(c) hereof.

*Foreign Transfer Taxes:* as defined in Section 2.02(c) hereof.

*Foreign Transfers:* as defined in Section 2.02(a) hereof.

*Grace:* as defined in the preamble to this Agreement.

*Grace Certificate of Incorporation:* as defined in the Merger Agreement.

*Grace Common Stock:* as defined in the Recitals to this Agreement.

*Grace-Conn.:* as defined in the preamble to this Agreement.

*Grace-Conn. Assets:* all of the Assets owned by Grace or its Subsidiaries immediately prior to the Distribution, other than any Packco Assets.

*Grace-Conn. Liabilities:* all of the Liabilities of Grace or its Subsidiaries immediately prior to the Distribution, other than Packco Liabilities.

*Grace-Conn. Public Debt:* (i) the outstanding indebtedness of Grace-Conn. under its 8.0% Notes Due 2004, 7.4% Notes Due 2000 and 7.75% Notes Due 2002 (other than any such indebtedness owned by Grace-Conn. or another member of the New Grace

- 5 -

Group) and (ii) with respect to any indebtedness described in clause (i), any amendments, modifications, refinancings, extensions, renewals, refundings or replacements of, or indebtedness exchanged for, such indebtedness which in each case is guaranteed by Grace (other than any such indebtedness owned by Grace-Conn. or another member of the New Grace Group).

*Grace Credit Agreement:* the credit agreement or other financing agreements or arrangements to be entered into by Grace and/or Packco prior to the Distribution Date to fund the New Grace Capital Contribution and fees and expenses of Packco (or Grace) in connection with the transactions contemplated hereby and to provide Packco with working capital.

*Group:* the Packco Group or the New Grace Group.

*Indemnifiable Losses:* all losses, Liabilities, damages, claims, demands, judgments or settlements of any nature or kind, including all reasonable costs and expenses (legal, accounting or otherwise as such costs are incurred) relating thereto, suffered (and not actually reimbursed by insurance proceeds) by an Indemnitee, including any reasonable costs or expenses of enforcing any indemnity hereunder.

*Indemnifying Party:* a Person who or which is obligated under this Agreement to provide indemnification.

*Indemnitee:* a Person who or which may seek indemnification under this Agreement.

*Indemnity Payment:* an amount that an Indemnifying Party is required to pay to or in respect of an Indemnitee pursuant to Article IV.

*Information:* all records, books, contracts, instruments, computer data and other data and information.

*Intragroup Spinoff:* as defined in Recital E to this Agreement.

*Joint Proxy Statement:* as defined in the Merger Agreement.

*Liabilities:* all debts, liabilities and obligations, whether absolute or contingent, matured or unmatured, liquidated or unliquidated, accrued or unaccrued, known or unknown, whenever arising, and whether or not the same would properly be reflected on a balance sheet.

*Litigation Matters*: actual, threatened or future litigations, investigations, claims or other legal matters that have been or may be asserted against, or otherwise adversely affect, Grace and/or New Grace (or members of either Group).

*Merger*: as defined in the Recitals to this Agreement.

*Merger Agreement*: as defined in the Recitals to this Agreement.

*Net Benefit Amount*: the amount (whether positive or negative) equal to (i) minus (ii), where (i) is the sum of the U.S. Plan Assets and the Foreign Plan Assets (each as defined below) and (ii) is the sum of the U.S. Benefit Plan Liabilities and the Foreign Benefit Plan Liabilities (each as defined below).

"U.S. Plan Assets" means the aggregate fair market value, as of the Distribution Date, of the assets of the Union Retirement Plan (as defined in the Benefits Agreement) and the assets that will be transferred to the Packco Hourly Non-Union Retirement Plan (as defined in the Benefits Agreement) pursuant to Section 4.01(d) of the Benefits Agreement, in each case as reasonably determined by Actuarial Sciences Associates ("ASA"). "Foreign Plan Assets" means the aggregate fair market value, as of the Distribution Date, of the assets that will be, pursuant to the Foreign Plans Agreement (as defined in the Benefits Agreement), transferred from a Noninsured Foreign Pension Plan (as defined in the Benefits Agreement) that is a New Grace Benefit Plan (as defined in the Benefits Agreement) (a "Transferring New Grace Foreign Plan") to a Packco Benefit Plan or retained by a Noninsured Foreign Pension Plan that is a Packco Benefit Plan (a "Retained Grace Foreign Plan"), in each case as reasonably determined by the Local Actuary (as defined in the Benefits Agreement) for the relevant Transferring New Grace Foreign Plan or Retained Grace Foreign Plan.

"U.S. Benefit Plan Liabilities" means the sum of the Accrued Benefit Obligation, calculated in accordance with FAS 87 ("ABO"), for (i) benefits of Packco Participants (as defined in the Benefits Agreement) under the Union Retirement Plan and (ii) benefits of Packco Participants under the Hourly Non-Union Retirement Plan (as defined in the Benefits Agreement) that are assumed by the Packco Hourly Non-Union Retirement Plan pursuant to Section 4.01(d) of the Benefits Agreement. "Foreign Benefit Plan Liabilities" means the greater of (i) the sum of the

ABOs for the Assumed Foreign Benefits (as defined below) plus $10 million and (ii) the sum of the Projected Benefit Obligations, calculated in accordance with FAS 87 ("PBO"), for the Assumed Foreign Benefits. The "Assumed Foreign Benefits" means the aggregate amount of the retirement benefits of Packco Participants under each Noninsured Foreign Pension Plan that are, pursuant to the Foreign Benefits Agreement, either assumed by a Packco Benefit Plan from a Transferring New Grace Foreign Plan or retained by a Retained Grace Foreign Plan.

The determination of U.S. Benefit Plan Liabilities shall be made by ASA in accordance with the actuarial and other assumptions set forth on Schedule 1.01(f). The determination of the ABOs and PBOs for the Assumed Foreign Benefits shall in each case be made by AON Consulting ("AON") as of the Distribution Date based upon the actuarial and other assumptions used by AON to determine the ABO or PBO (as applicable) of the relevant Transferring New Grace Foreign Plan or Retained Grace Foreign Plan for purposes of Grace's fiscal 1996 year-end financial disclosures, if such ABO or PBO is reported thereon, which actuarial and other assumptions are set forth on Schedule 1.01(f), provided, in the case of the assumptions relating to each Noninsured Foreign Pension Plan, that such assumptions are reasonable. To the extent that the ABO or PBO for a particular Transferring New Grace Foreign Plan or Retained Grace Foreign Plan was not so reported, such assumptions shall be reasonable assumptions developed by AON in the manner most typically used by AON to develop assumptions for determining ABO or PBO for FAS 87 purposes for substantially similar plans in the applicable jurisdiction.

ASA, the Local Actuaries and AON (collectively, the "Actuaries") shall initially make the determinations called for by this definition on a good-faith estimated basis not later than December 31, 1997 or such other date as the parties hereto shall request. In making such initial determinations, the local Actuaries shall be entitled to rely upon the advice of Grace and New Grace with respect to the anticipated terms and conditions of the Foreign Plans Agreement (if it has not yet been signed) and the manner in which its terms and conditions will be implemented. Final determinations shall be made by the Actuaries as and when the asset transfers and assumptions of liabilities contemplated by the Foreign Plans Agreement and Section 4.01(d) of the Benefits Agreement are completed, and the New Grace Capital Contribution shall be adjusted as necessary to reflect the Net Benefit Amount as so finally determined. Grace and New Grace agree to cooperate in supplying the Actuaries with all information reasonably requested by them in connection with making such determinations, including, without

- 8 -

limitation, information concerning Plan participants, assets and benefits. Grace, New Grace and SAC shall be entitled to review and comment on the Actuaries' analyses as the Actuaries are in the process of making their determinations.

*New Grace:* as defined in the preamble to this Agreement.

*New Grace Business:* all of the businesses and operations conducted by Grace and its Subsidiaries at any time, whether prior to, on or after the Distribution Date, other than the Packaging Business.

*New Grace Capital Contribution:* the capital contribution, distribution or other transfer to be received by Grace-Conn. at or shortly prior to the Distribution, in the aggregate amount of:

(a)  $1,200,000,000;

<u>plus</u>  (b)  the aggregate amount of cash held by Packco or any Packco Subsidiaries immediately prior to the Distribution;

<u>minus</u>  (c)  the amount by which

(i)  the aggregate amount of (x) withholding Taxes that would be imposed by foreign jurisdictions on a deemed distribution to Packco by each Foreign Packco Subsidiary immediately following the Distribution, of an amount of cash equal to the excess of (I) the amount of cash held by such Foreign Packco Subsidiary immediately prior to the Distribution over (II) the sum of (A) the amount of debt that may be repaid without penalty plus current accrued but unpaid Taxes of such Subsidiary as of the Distribution Date and (B) Excess Short-Term Payables of such Subsidiary; *provided, however,* that such amount of cash shall be determined taking into account the principles, as applied to Packco, set forth in the proviso in Section 2.02(c)(v), and (y) Taxes that would be imposed by the United States or any political subdivision thereof in excess of the Foreign Tax Credits of Packco in respect of Taxes paid by Packco or deemed paid by Packco as a result of such deemed distributions of such cash;

- 9 -

_exceeds_ (ii)   the aggregate amount of Packco Repatriation
Tax Costs;

_plus_  (d)   the Net Benefit Amount; and

_plus_  (e)   the aggregate amount of Transaction Costs, if
any, payable by Grace to New Grace pursuant to
Section 8.04 of this Agreement, as of the Dis-
tribution Date.

*New Grace Common Stock:*  as defined in the Recitals
to this Agreement.

*New Grace Group:*  New Grace, Grace-Conn. and the oth-
er New Grace Subsidiaries.

*New Grace Group Excess Cash:*  as defined in Section
2.02(c) hereof.

*New Grace Indemnitees:*  New Grace, each Affiliate of
Grace-Conn. (other than members of the Packco Group) and each
of their respective Representatives and each of the heirs, ex-
ecutors, successors and assigns of any of the foregoing.

*New Grace Repatriation Tax Costs:*  as defined in Sec-
tion 2.02(c) hereof.

*New Grace Rights:*  the preferred share purchase
rights of New Grace.

*New Grace Subsidiaries:*  all direct and indirect Sub-
sidiaries of Grace, including foreign subsidiaries of Grace-
Conn. to be formed pursuant to the Tax Sharing Agreement or
Section 2.02 hereof, other than Packco and any Packco Subsid-
iary.

*Newco Common Stock:*  the shares of common stock, par
value $.10 per share, of Grace.

*Newco Convertible Preferred Stock:*  the Series A Con-
vertible Preferred Stock of Grace, par value $.10 per share,
the terms of which are described in Exhibit E to the Merger
Agreement.

*NYSE:*  New York Stock Exchange, Inc.

*Other Agreements:*  the Benefits Agreement, the Tax
Sharing Agreement, an insurance procedures agreement, an intel-
lectual property license agreement, an interim services agree-
ment, the shared facilities agreements and the other agreements

- 10 -

entered into or to be entered into in connection with the Dis-
tribution as contemplated by Article II of this Agreement.

*Packaging Business:* all of the worldwide packaging
businesses, operations and investments conducted or owned by
Grace and its Subsidiaries at any time, whether prior to, on or
after the Distribution Date, including Cryovac® flexible plas-
tic packaging systems, Omicron® rigid plastic cups and tubs for
dairy foods and Formpac® foam trays for supermarket and insti-
tutional food service, *provided* that the Packaging Business
shall not include the worldwide businesses, operations and in-
vestments at or prior to the Distribution Date conducted or
owned by Grace and its Subsidiaries of its container business
group (which was, until 1996, operated as a separate business
unit known as Grace Container Products and any extensions of
such former business unit since such time and through the Dis-
tribution Date), including, without limitation, Darex® con-
tainer sealants and coatings.

*Packco:* as defined in the Recitals to this Agree-
ment.

*Packco Assets:* collectively and except as otherwise
provided in any of the Other Agreements, (i) all of the right,
title and interest immediately prior to the time of the Distri-
bution of Grace and its Subsidiaries in all Assets that are
predominantly used or held for use in or predominantly relating
to or to the extent arising from the Packaging Business; (ii)
the rights to use shared Assets as provided in Article II;
(iii) all other Assets of Grace and its Subsidiaries to the
extent specifically assigned to or retained by any member of
the Packco Group pursuant to this Agreement or any Other Agree-
ment; (iv) the capital stock of Packco and all Packco Subsid-
iaries; and (v) the Assets set forth on Schedule 1.01(a)
hereto; *provided* that

> (a)  all cash and marketable securities held by
> any member of the Packco Group immediately prior to
> the Distribution shall be Grace-Conn. Assets;

> (b)  intellectual property rights shall be Pack-
> co Assets in the form and to the extent provided in
> Section 2.01(d);

> (c)  with respect to leased or owned real prop-
> erty included in the Packco Assets that is not used
> exclusively by the Packaging Business, Packco Assets
> shall include only real property used or held for use
> in the Packaging Business as of the Distribution Date

- 11 -

and shall not include any vacant or unoccupied prop-
erty otherwise owned or leased by Grace or any of its
Subsidiaries (except in the case of vacant or unoc-
cupied property (I) on a site that is engaged pre-
dominantly in the Packaging Business, to provide a
reasonable buffer area for such operations, to the
extent practicable or (II) that is used or held for
use in the Packaging Business);

    (d)   other than as provided herein or in the
Other Agreements, Packco Assets shall not include any
general corporate or corporate service operations of
Grace conducted in its Boca Raton, Florida headquar-
ters and the other locations set forth on Schedule
1.01(b) hereto;

    (e)   all right, title and interest of Grace and
its Subsidiaries in the real property identified on
Schedule 1.01(a) shall be Packco Assets; and

    (f)   Packco Assets shall not include (I) the
Woburn, MA Grace facility or the Scuffletown Rd.,
South Carolina facility previously used by the Pack-
aging Business (or any Assets located at or relating
to such facilities); (II) Assets relating to any di-
vested business or product line of Grace or any of
its Subsidiaries (including rights to payment and
indemnification thereunder, but Packco Assets shall
include rights to indemnification relating to amounts
paid by the Packco Group pursuant to clause (a)(II)
of the definition of Packco Liabilities); (III) any
interim service or tolling agreements entered into in
connection with any divestiture by Grace or any of
its Subsidiaries prior to the Distribution Date; and
(IV) the Assets set forth on Schedule 1.01(c).

    *Packco Group:*  Grace, Packco and the Packco Subsid-
iaries.

    *Packco Group Excess Cash:*  as defined in Section
2.02(c) hereof.

    *Packco Indemnitees:*  Grace, Packco, each Affiliate of
Packco and each of their respective Representatives and each of
the heirs, executors, successors and assigns of any of the
foregoing.

    *Packco Liabilities:*  collectively, and in each case
except to the extent otherwise provided in any Other Agreement,
(i) all Liabilities of Grace and its Subsidiaries to the extent

- 12 -

relating to or arising from the Packaging Business or the Packco Assets; (ii) all Liabilities of Grace and its Subsidiaries to the extent assigned to or assumed by Grace and Packco under this Agreement or any Other Agreement; (iii) all Liabilities of Grace and/or Packco under the Grace Credit Agreement; and (iv) all Liabilities set forth on Schedule 1.01(d) hereto, *provided* that Packco Liabilities shall not, in any event, include:

(a)  Liabilities of Grace and its Subsidiaries (I) arising under any Environmental Law relating to any facility or Asset that was used or held for use in the Packaging Business prior to but not on or after the Distribution Date (including formerly owned or leased facilities and former offsite disposal facilities) or (II) relating to any business or product line that was part of, or any facility or Asset that was used or held for use in, the Packaging Business that, in each case, has been divested prior to the Distribution Date; *provided* that, except as otherwise provided below, 25% of such Liabilities described in this clause not to exceed $10 million in the aggregate shall be Packco Liabilities;

(b)  Liabilities arising under any Environmental Law relating to or arising from the Woburn, MA Grace facility or the Scuffletown Road, SC facility;

(c)  Liabilities for any indebtedness, other than indebtedness under the Grace Credit Agreement and indebtedness to unaffiliated persons outstanding on the date hereof;

(d)  Liabilities of Grace or any of its Subsidiaries relating to or arising from any interim service or tolling agreements entered into in connection with any divestiture by Grace or any of its Subsidiaries;

(e)  Liabilities, whether such Liabilities relate to events, occurrences or circumstances occurring or existing, or whether such Liabilities arise, before, on or after the Distribution Date, relating to asbestos or asbestos-containing materials manufactured and/or sold (collectively, "Asbestos Activities") by Grace, Grace-Conn. or any of their respective Subsidiaries, affiliates or predecessors (but this clause shall not include such Liabilities to the extent relating to Asbestos Activities, if any, conducted after the Distribution Date of any member of

- 13 -

the Packco Group or any of their Affiliates after the Distribution Date);

(f)    Liabilities relating to or arising from any violation or alleged violation on or prior to the Distribution Date by Grace, Grace-Conn. or any of their respective Subsidiaries, affiliates or predecessors of any federal, state or foreign securities laws; and

(g)    Liabilities relating to or arising from any breach or alleged breach of fiduciary duties by any director or executive officer of Grace, Grace-Conn. or any of their respective Subsidiaries, affiliates or predecessors prior to the Distribution Date.

*Packco Repatriation Tax Costs:*    as defined in Section 2.02(c) hereof.

*Packco Subsidiaries:*    all direct and indirect Subsidiaries of Grace to be transferred to or formed by Packco in connection with the Contribution or the Foreign Transfers (including any such Subsidiary to be formed pursuant to the Tax Sharing Agreement or Section 2.02).

*Per Share Common Consideration:*    the shares (or fraction of a share) of Newco Common Stock issuable in the Recapitalization per share of Grace Common Stock outstanding as of the Record Date, such amount to be determined by dividing (a) the amount equal to (I) 40,895,000, increased by the product, if any, of (x) 1.7027 and (y) the net increase in outstanding Sealed Air Common Shares between August 14, 1997 and the Distribution Date, minus (II) the Net Option Number, by (b) the aggregate number of shares of Grace Common Stock outstanding as of the Record Date, the result being rounded to the nearest one-thousandth (or, in the event there is no nearest number, rounded up to the next one-thousandth).    "Net Option Number" means

(i)    the aggregate number of shares of Newco Common Stock into which all outstanding options to purchase shares of Grace Common Stock outstanding as of the Distribution Date and held by Packco Employees are or may be exercisable (whether or not then exercisable) immediately after the Effective Time (such number calculated as provided in the Benefits Agreement, the "<u>Newco Options</u>"), multiplied by the amount by which:

- 14 -

(I)     the average of the arithmetic mean
between the highest and lowest sales
prices of a share of Newco Common
Stock on the New York Stock Exchange
Composite Tape on each of the five
trading days beginning on the ex-
dividend date for the Distribution
(the "SAC Stock Price")

exceeds (II)     the weighted average per-share exer-
cise price for the Newco Options, cal-
culated as provided in the Benefits
Agreement;

*divided by* (ii) the SAC Stock Price.

Fractional shares otherwise issuable to a Grace shareholder
shall be treated as provided in Section 2.07(b).  In the event
that shares of Grace Common Stock are issued between the Record
Date and the Effective Time, including pursuant to the exercise
of stock options granted by Grace (but not including issuances
in the Recapitalization), such Consideration shall be appro-
priately adjusted.

*Per Share Preferred Consideration:* the shares (or
fraction of a share) of Newco Convertible Preferred Stock issu-
able in the Recapitalization per share of Grace Common Stock
outstanding as of the Record Date, such amount to be calculated
by dividing 36,000,000 by the aggregate number of shares of
Grace Common Stock outstanding as of the Record Date, the re-
sult being rounded to the nearest one-thousandth (or, in the
event there is no nearest number, rounded up to the next one-
thousandth).  Fractional shares otherwise issuable to a Grace
shareholder shall be treated as provided in Section 2.07(b).
In the event that shares of Grace Common Stock are issued be-
tween the Record Date and the Effective Time, including pursu-
ant to the exercise of stock options granted by Grace (but not
including issuances in the Recapitalization), such Consider-
ation shall be appropriately adjusted.

*Person:* an individual, a partnership, a joint ven-
ture, a corporation, a limited liability company, a trust, an
unincorporated organization or a government or any department
or agency thereof.

*Pre-Distribution Period:* as defined in the Tax Shar-
ing Agreement.

*Privileged Information:* with respect to either
Group, Information regarding a member of such Group, or any of

- 15 -

its operations, Assets or Liabilities (whether in documents or stored in any other form or known to its employees or agents) that is or may be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or other applicable privileges, that a member of the other Group may come into possession of or obtain access to pursuant to this Agreement or otherwise.

*Recapitalization:* as defined in Section 2.07 hereof.

*Record Date:* the close of business on the date to be determined by the Board of Directors of Grace as the record date for determining shareholders of Grace entitled to receive the Distribution and the Recapitalization, which date shall be the day of, or the business day immediately preceding the day of, the Effective Time.

*Registration Statements:* a registration statement on Form 10 (or, if such form is not appropriate, the appropriate form pursuant to the Securities Act) to be filed by New Grace with the SEC to effect the registration of the New Grace Common Stock and the New Grace Rights pursuant to the Exchange Act (or, if applicable, pursuant to the Securities Act) and the registration statement to be filed by Grace with the SEC in connection with the Recapitalization and the Merger pursuant to the Securities Act.

*Representative:* with respect to any Person, any of such Person's directors, officers, employees, agents, consultants, advisors, accountants, attorneys and representatives.

*SAC:* as defined in the Recitals to this Agreement.

*SEC:* the Securities and Exchange Commission.

*Securities Act:* the Securities Act of 1933, as amended, together with the rules and regulations promulgated thereunder.

*Severance Costs:* as defined in Section 8.04 hereof.

*Shared Facilities:* other than Shared Regional Headquarters, any production, manufacturing, sales office or other facility (whether owned or leased) of Grace or any of its subsidiaries in which operations of both the Packaging Business and the New Grace Business are conducted as of the Distribution Date, including the facilities listed on Schedule 1.01(e) hereto.

- 16 -

*Shared Regional Headquarters:* regional headquarters of Grace in which services are provided, as of the Distribution Date, to both the Packaging Business and the New Grace Business.

*Subsidiary:* with respect to any specified Person, any corporation or other legal entity of which such Person or any of its subsidiaries controls or owns, directly or indirectly, more than 50% of the stock or other equity interest entitled to vote on the election of members to the board of directors or similar governing body.

*Subsidiary Excess Cash:* as defined in Section 2.02(c) hereof.

*Tax:* as defined in the Tax Sharing Agreement.

*Tax Benefit:* as defined in the Tax Sharing Agreement.

*Tax Sharing Agreement:* the Tax Sharing Agreement to be entered into prior to the Distribution between Grace and New Grace, substantially in the form of Exhibit B hereto, with such changes as are acceptable to Grace, New Grace, Grace-Conn. and SAC.

*Third-Party Claim:* any claim, suit, derivative suit, arbitration, inquiry, proceeding or investigation by or before any court, any governmental or other regulatory or administrative agency or commission or any arbitration tribunal asserted by a Person who or which is neither a party hereto nor an Affiliate of a party hereto.

*Transaction Agreements:* as defined in the Merger Agreement.

*Transaction Costs:* as defined in Section 8.04 hereof.

*Withholding Taxes:* as defined in Section 2.02(c) hereof.

SECTION 1.02  References to Time.  All references in this Agreement to times of the day shall be to New York City time.

ARTICLE II

CERTAIN TRANSACTIONS PRIOR TO THE DISTRIBUTION DATE

SECTION 2.01   Transfer of Packco Assets; Assumption of Packco Liabilities. (a)  Prior to the Distribution Date but subject to Section 2.02, Grace shall transfer, or cause to be transferred to Packco or, at Packco's option, to a Packco Subsidiary effective as of the Distribution Date all of the Packco Assets.   Immediately prior to the Distribution, the capital stock of Packco shall be distributed to Grace.  Grace shall also transfer, or cause to be transferred, the capital stock of any Subsidiary such that, as of the Distribution Date, the Packco Subsidiaries shall be wholly owned (except for shares held by directors or officers to comply with applicable law) by a member of the Packco Group and the New Grace Subsidiaries shall be wholly owned (except for shares held by directors or officers to comply with applicable law) by a member of the New Grace Group.  Effective as of the Distribution Date, the transfers described in this Section will result in Packco or another member of the Packco Group obtaining all of the rights, title and interests of Grace and its Subsidiaries in the Packco Assets, subject to Sections 2.05 and 2.10.

(b)   Effective as of the Distribution Date and subject to Section 2.02, Packco shall, or shall cause a Packco Subsidiary to, assume, pay, perform, and discharge in due course all of the Packco Liabilities.

(c)   *Separation of Assets.*  The Packco Assets and Grace-Conn. Assets (including Assets that are, or are contained in, the Shared Facilities) shall, to the extent reasonably practicable (including taking into account the costs of any actions taken), be severed, divided or otherwise separated from each other so that a member of the respective Group will own and control their respective Assets as of the Distribution Date, *provided* that neither Grace nor New Grace shall be obligated to make significant expenditures to effect such separation prior to the Distribution Date.  Actions taken and expenditures incurred to separate the Shared Facilities shall be subject to the agreement of Grace, New Grace and SAC.  Such separation may include subdivision of real property, subleasing or other division of shared buildings or premises and allocation of shared working capital, equipment and other Assets. Such separation shall be effected in a manner that does not unreasonably disrupt either the Packaging Business or the New Grace Business and minimizes, to the extent practicable, current and future costs (and losses of tax or other economic benefits) of the respective Businesses.  With respect to any Asset that cannot reasonably be separated or otherwise allocated as

- 18 -

provided above, (i) all right, title and interest of Grace and
its Subsidiaries shall be allocated to the Group as to which
such Asset is predominantly used or held for use or predomi-
nantly relates and (ii) the other Group shall have a right to
use such Assets in its Business in a manner consistent with
past practice for a period which is coterminous with the life
of the Asset described in (i) (and the coextensive obligation
to pay its allocable share of any costs or expenses related to
such Asset pursuant to the last sentence of this Section
2.01(c)). To the extent the separation of Assets cannot be
achieved in a reasonably practicable manner, the parties will
enter into appropriate arrangements regarding the shared Asset.
Any costs related to the use of a shared Asset that is not sep-
arated as of the Distribution Date shall be allocated, with
respect to the two-year period beginning immediately after the
Distribution Date, based on the methodology historically used
by Grace, and, for any period thereafter, using such reasonable
manner as agreed by New Grace and Grace.

(d) *Intellectual Property.* Notwithstanding the
foregoing or anything else contained herein, any intellectual
property rights of Grace or any of its Subsidiaries that are
Packco Assets shall be licensed to or transferred to Packco, as
the case may be, as follows. With respect to intellectual
property rights used or held for use solely in connection with
the Packaging Business, Packco shall have full ownership (to
the extent of Grace's rights therein) of such rights. Except
as otherwise provided in Schedule 2.01(d), with respect to in-
tellectual property rights that are used or held for use in
both the Packaging Business and the New Grace Business, title
to such rights shall be owned by the New Grace Group and the
Packco Group shall have an exclusive, worldwide, fully paid,
perpetual, royalty-free license to use the intellectual prop-
erty rights for the field of use described in the next sentence
hereof. The field of use shall be (i) the businesses engaged
in by Packco and the Packco Group as of the Distribution Date
and the businesses of SAC as of the Distribution Date, includ-
ing, in each case, reasonable extensions thereof, *provided,*
*however,* that such field of use shall not include the field
described in the proviso to the definition of "Packaging Busi-
ness" as well as (to the extent not described in such proviso)
the business of (A) closures, closure sealant compositions and
multifunctional can ends which are used on or with rigid con-
tainers and (B) coatings, sealants, compositions and equipment
used or held for use in the manufacture of cans and other rigid
containers, in each case including reasonable extensions
thereof; and (ii) notwithstanding (i), with respect to reason-
able extensions referred to in the first part of clause (i)
that overlap with the reasonable extensions described in the
proviso in clause (i), the field of use shall include such

- 19 -

overlap but the license therefor shall be non-exclusive and the New Grace Group shall also have title to use such intellectual property in the area of overlap.  Such licenses shall not unduly restrict the subsequent transfer or license (within the applicable field of use) of the intellectual property.  Such arrangements shall not restrict or limit in any way the rights of SAC to use any intellectual property that is not a Packco Asset.

(e)   The costs (and other out-of-pocket losses) attributable to the separation of the Assets, including, without limitation, the Shared Facilities, shall be allocated pursuant to Section 8.04.

SECTION 2.02  Certain Foreign Transfers.  (a)   Prior to the Distribution Date, Grace shall use its reasonable best efforts to effect the legal separation of the Packco Assets and Packco Liabilities, on the one hand, from the Grace-Conn. Assets and Grace-Conn. Liabilities, on the other hand, that are located in jurisdictions outside the United States.  Such separation may include asset transfers, stock transfers, spin-offs, mergers, reorganizations, consolidations or other transfers which may be effected before, simultaneously with or after the Distribution (collectively, the "Foreign Transfers").  Any Foreign Transfer that occurs after the Distribution shall be effected pursuant to a binding commitment in existence prior to the Distribution Date.

(b)   The Adjusted Foreign Transfer Taxes shall be allocated between the New Grace Group and the Packco Group as provided in Section 8.04.  Each party shall reimburse the other to the extent that such other party pays Foreign Transfer Taxes in excess of the amount of Adjusted Foreign Transfer Taxes allocable to such other party pursuant to Section 8.04.  Such payment shall, for Tax purposes, be characterized as an adjustment of the New Grace Capital Contribution.

(c)   (i)   "Adjusted Foreign Transfer Taxes" shall mean the excess, if any, of (I) the sum of the Foreign Transfer Taxes, Packco Repatriation Tax Costs and New Grace Repatriation Tax Costs over (II) the present value using a discount rate of 5% (or, in the case of value added taxes, the gross value) of any Tax Benefits (including foreign tax credits for United States federal income tax purposes ("Foreign Tax Credits") other than Foreign Tax Credits attributable to Foreign Transfer Taxes or Withholding Taxes that in the aggregate do not exceed the Tax imposed by the United States and any political subdivision thereof on the Deemed Repatriation) that may or would arise as a result of the Foreign Transfers, the payment of the Foreign Transfer Taxes or the Deemed Repatriations.  Such Tax

- 20 -

Benefits shall be presumed to be utilized in the first year in which they arise (or are deemed to arise). All amounts relating to the calculation of Adjusted Foreign Transfer Taxes and the amount calculated pursuant to clause (c) of the definition of "New Grace Capital Contribution" shall be calculated in local currency and translated into U.S. Dollars at the Foreign Exchange Rate for such currency as of the Distribution Date.

(ii)  "Foreign Transfer Taxes" shall mean net Taxes that may be imposed by any jurisdiction other than the United States or any political subdivision thereof in connection with the Foreign Transfers (and any Tax net of associated foreign tax credits imposed by the United States or a political subdivision thereof on the Foreign Transfer in Venezuela) on any member of the New Grace Group or the Packco Group; *provided, however,* that the Foreign NOLs shall be taken into account in calculating the amount of Foreign Transfer Taxes.

(iii)  "Packco Repatriation Tax Costs" and "New Grace Repatriation Tax Costs", respectively, shall mean the sum of the (I) withholding Taxes that would be imposed by a foreign jurisdiction on a deemed distribution of Packco Group Excess Cash to Packco or of New Grace Group Excess Cash to New Grace, respectively (the "Deemed Repatriations"), on the day immediately following the Distribution ("Withholding Taxes") and (II) Taxes that would be imposed by the United States or any political subdivision thereof on a Deemed Repatriation (without taking into account any net operating loss or other deduction) in excess of the Foreign Tax Credits of Packco or Grace-Conn., respectively, in respect of Taxes paid or deemed paid by Packco or Grace-Conn., respectively, as a result of such Deemed Repatriation ("Deemed Foreign Tax Credits").

(iv)  "Packco Group Excess Cash" and "New Grace Group Excess Cash", respectively, shall mean the sum of the amount of Subsidiary Excess Cash for all Foreign Packco Subsidiaries or Foreign New Grace Subsidiaries.

(v)  "Subsidiary Excess Cash" shall mean the cash transferred to a Foreign Packco Subsidiary or Foreign New Grace Subsidiary pursuant to a Foreign Transfer in excess of the sum of (I) the amount of debt that may be repaid without penalty plus current accrued unpaid Taxes of such Subsidiary as of the Distribution Date and (II) the excess of trade and other short-term payables over trade and other short-term receivables of such Subsidiary ("Excess Short-Term Payables"); *provided, however,* that each party shall take steps (including causing the Subsidiary to loan cash to an Affiliate organized in a foreign jurisdiction to the extent that such Affiliate can use such cash to repay its debt or to pay current accrued unpaid Taxes

- 21 -

and Excess Short-Term Payables) and cooperate in good faith to minimize the amount of Subsidiary Excess Cash, taking into account Tax and financial considerations as if each party were bearing the full amount of its respective Repatriation Tax Cost.

(vi)  The "Foreign NOLs" shall mean net operating losses for German income tax purposes of Grace GmbH and Grace Multiflex GmbH, and net operating losses for other foreign income tax purposes of any other Foreign Packco Subsidiary, attributable to the Pre-Distribution Period to the extent, in either case, that such net operating losses would be an Overall Tax Benefit (or Hypothetical Pre-Distribution Overall Tax Benefit), calculated without regard to any Tax Item arising on the Foreign Transfer involving such Subsidiary, that does not exceed the amount of income or gain arising, for purposes of the applicable foreign income tax, on the Foreign Transfer involving such Subsidiary.

(d)  In connection with the Foreign Transfers, certain Assets (including cash) or Liabilities that, without the agreement of the parties as required by this Section 2.02(d), would be Grace-Conn. Assets or Grace-Conn. Liabilities, as the case may be, may be retained by Packco or a Packco Subsidiary (or Assets or Liabilities that, without the agreement of the parties as required by this Section 2.02(d), would be Packco Assets or Packco Liabilities, may be retained by New Grace or a New Grace Subsidiary) if agreed between Grace and New Grace and reasonably satisfactory to SAC.

(e)  Neither SAC nor any member of the Packco Group or the New Grace Group shall take any action, or fail or omit to take any action where the taking of such action or the failure or omission to take such action would disturb the tax treatment assumed by the parties in calculating the Foreign Transfer Taxes and cause any Indemnifiable Loss to a member of the other Group, including an increase in the amount of Adjusted Foreign Transfer Taxes borne by the other Group.  Grace agrees to indemnify and hold the Grace-Conn. Indemnitees harmless, and Grace-Conn. agrees to indemnify and hold the Packco Indemnitees harmless, from and against any such Indemnifiable Loss without regard to any limitation contained in Section 8.04.

(f)  Adjusted Foreign Transfer Taxes shall be recalculated upon any audit adjustment, Final Determination or any other change (i) of a Foreign Transfer Tax or another foreign Tax or Tax Item that would change the amount of Deemed Foreign Tax Credit or otherwise alter Packco Repatriation Tax Costs or New Grace Repatriation Tax Costs or (ii) that changes the

- 22 -

amount of a Foreign NOL. Appropriate payment shall be made
between the parties such that Foreign Transfer Taxes, as so
redetermined, and Adjusted Foreign Transfer Taxes, as so recal-
culated, are shared according to the principles of Section
2.02(b).

SECTION 2.03  Certificate of Incorporation; By-laws;
Rights Plan.  (a)  Prior to the Distribution Date, Grace shall
contribute the capital stock of Grace-Conn. to New Grace, as
well as the capital stock of any other Subsidiary of Grace
formed in connection with the Foreign Transfers that is not a
Packco Subsidiary.  In addition, prior to the Distribution
Date, the parties hereto shall take all action necessary so
that, at the Distribution Date, New Grace's name shall be
"W. R. Grace & Co."

(b)  Prior to the Distribution Date, Grace and New
Grace shall take all action necessary so that the certificate
of incorporation and by-laws of New Grace and the preferred
share purchase rights plan of New Grace shall be in effect as
specified by New Grace, each in the form of Exhibits C, D and E
hereto, respectively (with such changes as Grace and New Grace
may find appropriate).

(c)  Prior to the Distribution Date, Grace and Packco
shall take all action necessary so that the certificate of in-
corporation and by-laws of Packco shall be substantially simi-
lar to the customary form of certificate of incorporation and
by-laws for a wholly owned Delaware subsidiary and reasonably
acceptable to SAC.

SECTION 2.04  Issuance of Stock.  Prior to the Dis-
tribution Date, the parties hereto shall take all steps neces-
sary so that the number of shares of New Grace Common Stock
outstanding and held by Grace shall equal the number of shares
of Grace Common Stock outstanding on the Record Date.

SECTION 2.05  Other Agreements; Shared Facilities.
(a)  Each of Grace and New Grace shall, prior to the Distribu-
tion Date, enter into, or cause the appropriate members of the
Group of which it is a member to enter into, the Other Agree-
ments in connection with the Distribution, including, without
limitation, agreements with respect to (i) insurance proce-
dures, (ii) interim services (including, without limitation,
services to be provided by the Shared Regional Headquarters
consistent with current operations of the respective Busi-
nesses, and services to be provided by country organizations to
operations of the other Business consistent with past prac-
tice), which shall be charged at allocated cost based on
Grace's historical methodology, subject to applicable tax laws

- 23 -

in any jurisdiction, (iii) intellectual property licenses as contemplated by Section 2.01, (iv) and other matters as may be advisable. The Other Agreements (or, in the case of the forms of agreement attached hereto, any amendments thereto) shall be on terms reasonably acceptable to Grace, New Grace and SAC. Agreements regarding interim services (including country services) shall generally have a term not to exceed 24 months (subject to earlier termination on six months' notice (or such shorter period as does not impose additional costs on the providing party) by the party receiving the services) and will provide, in the case of agreements pursuant to which Packco is to provide services to New Grace, for services at least as extensive as any obligations contained in interim service and tolling agreements entered into prior to the Distribution Date between Grace and a third party. Such Agreements regarding interim services (including country services) will also provide that any value added taxes imposed on such services shall be paid and borne, as between the parties, by the party receiving such services. The parties shall use reasonable efforts to conclude the Other Agreements prior to the time the other conditions to the Distribution have been satisfied.

(b)    The parties acknowledge and agree that operation by members of the Packco Group or New Grace Group of the Shared Facilities after the Distribution Date may continue to require the joint occupation or use by the parties of certain related premises or facilities (such as waste disposal, utilities, security and other matters). The parties shall enter into appropriate arrangements regarding cost allocation and service provision with respect to these matters, which allocation shall be as described in Section 2.01(c) and 2.05(a), as applicable. The agreements described in this paragraph (b) shall be included in the Other Agreements.

SECTION 2.06  Financing.  (a)  Prior to the Distribution Date, Grace and/or Packco shall enter into the Grace Credit Agreement, which shall be on terms reasonably acceptable to Grace and SAC, and Grace and/or Packco shall contribute, or cause to be contributed, the New Grace Capital Contribution to Grace-Conn., all as described in this Section.  No member of the New Grace Group shall have any Liability or obligation with respect to the Grace Credit Agreement.  At the election of New Grace and subject to the consent of Grace and SAC, which will not be unreasonably withheld, a portion of the New Grace Capital Contribution may be contributed to foreign Subsidiaries of New Grace. It is contemplated that the New Grace Capital Contribution shall be effected as follows; *provided, however,* that Packco shall not borrow an amount in excess of the tax basis, for U.S. federal income tax purposes, of Grace-Conn. in the stock of Packco:  (i) each of Grace and Packco shall borrow

- 24 -