# EXHIBIT 15

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - -

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| | : | Case No. |
| W.R. GRACE & CO., et al, | : | 01-01139 JKF |
| | : | |
| | : | (Jointly |
| Debtors | : | Administered) |

- - -

Friday, May 15, 2009

- - -

Oral deposition of DAVID T. AUSTERN, ESQUIRE, taken pursuant to notice, was held at the offices of ORRICK HERRINGTON & SUTCLIFFE, LLP, Columbia Center, 1152 15th Street, N.W., Washington, DC 20005-1706, commencing at 10:07 a.m., on the above date, before Lori A. Zabielski, a Registered Professional Reporter and Notary Public in and for the Commonwealth of Pennsylvania.

- - -

MAGNA LEGAL SERVICES
Seven Penn Center
1635 Market Street
8th Floor
Philadelphia, Pennsylvania 19103

## Page 2

```
 1   APPEARANCES:
 2
 3   DRINKER BIDDLE & REATH, LLP
     BY: MICHAEL F. BROWN, ESQUIRE
 4   One Logan Square
     18th & Cherry Streets
 5   Philadelphia, Pennsylvania 19103-6996
     215.988.2988
 6   (brownmf@dbr.com)
     (jeffrey.boerger@dbr.com)
 7   Representing OneBeacon America Insurance
     Company, Seaton Insurance Company,
 8   Government Employees Insurance Company,
     Columbia Insurance Company f/k/a Republic
 9   Insurance Company
10
11   ORRICK HERRINGTON & SUTCLIFFE, LLP
     BY: JONATHAN P. GUY, ESQUIRE
12       ROGER FRANKEL, ESQUIRE
         JOSHUA M. CUTLER, ESQUIRE
13   Columbia Center
     1152 15th Street, N.W.
14   Washington, DC 20005-1706
     202.339.8427
15   (jguy@orrick.com)
     Representing Future Claimants
16   Representative
17
18   CAPLIN & DRYSDALE, CHARTERED
     BY: JEFFREY A. LIESEMER, ESQUIRE
19   One Thomas Circle, NW
     Suite 1100
20   Washington, DC 20005
     202.862.5000
21   (jal@capdale.com)
     Representing Grace, Official Committee of
22   Asbestos Personal Injury Claimants
     ("ACC")
23
24
```

## Page 3

```
 1   APPEARANCES (continued)
 2
 3   KIRKLAND & ELLIS, LLP
     BY: THEODORE L. FREEDMAN, ESQUIRE*
 4       (*VIA TELECONFERENCE)
     Citigroup Center
 5   153 East 53rd Street
     New York, New York 10022-4611
 6   212.446.4800
     (theodore.freedman@kirkland.com)
 7   Representing the Debtors
 8
 9   THE LAW OFFICES OF JANET S. BAER, P.C.
     BY: JANET S. BAER, ESQUIRE
10   70 West Madison Street
     Suite 2100
11   Chicago, Illinois 606002
     312.641.2162
12   Representing the Debtors
13
14   SIMPSON THACHER & BARTLETT, LLP
     BY: ELISA ALCABES, ESQUIRE
15       KAREN E. ABRAVANEL, ESQUIRE*
         (*VIA TELECONFERENCE)
16   425 Lexington Avenue
     New York, New York 10017-3954
17   212.455.3133
     (ealcabes@stblaw.com)
18   (kabravanel@stblaw.com)
     Representing Travelers Casualty and
19   Surety Company
20
21
22
23
24
```

## Page 4

```
 1   APPEARANCES (continued)
 2
 3   VORYS, SATER, SEYMOUR AND PEASE, LLP
     BY: WILLIAM J. POHLMAN, ESQUIRE*
 4       TIFFANY STRELOW COBB, ESQUIRE*
         (*VIA TELECONFERENCE)
 5   52 East Gay Street
     Columbus, Ohio 43215
 6   614.464.8322
     (wjpohlman@vorys.com)
 7   (tscobb@vorys.com)
     Representing The Scotts Company, LLC
 8
 9
     COHN WHITESELL & GOLDBERG, LLP
10   BY: CHRISTOPHER M. CANDON, ESQUIRE
     101 Arch Street
11   Boston, Massachusetts 02110
     617.951.2505
12   (candon@cwg11.com)
     Representing the Libby Claimants
13
14
     SPEIGHTS & RUNYAN
15   BY: DANIEL H. SPEIGHTS, ESQUIRE*
         (* VIA TELECONFERENCE)
16   200 Jackson Avenue East
     P.O. Box 685
17   Hampton, South Carolina 29924
     803.943.4444
18   (dspeights@speightsrunyan.com)
     Representing Anderson Memorial Hospital
19
20
     TUCKER ARENSBERG, P.C.
21   BY: MICHAEL A. SHINER, ESQUIRE*
         (*VIA TELECONFERENCE)
22   1500 One PPG Place
     Pittsburgh, Pennsylvania 15222
23   412.594.5586
     (mshiner@tuckerlaw.com)
24   Representing Certain London Market
```

## Page 5

```
 1   APPEARANCES (continued)
 2
 3   BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
     BY: MATTHEW I. KRAMER, ESQUIRE*
 4       (*VIA TELECONFERENCE)
     200 South Biscayne Boulevard
 5   Suite 2500
     Miami, Florida 33131-5340
 6   305.450.7246
     (mkramer@bilzin.com)
 7   Representing Property Damage Committee
 8
 9   STROOCK & STROOCK & LAVAN, LLP
     BY: DANIEL J. HARRIS, ESQUIRE*
10       (*VIA TELECONFERENCE)
     180 Maiden Lane
11   New York, New York 10038-4982
     212.806.5400
12   (djharris@stroock.com)
     Representing Official Committee of
13   Unsecured Creditors
14
15   CROWELL & MORING, LLP
     BY: MARK PLEVIN, ESQUIRE
16       NOAH S. BLOOMBERG, ESQUIRE
     1001 Pennsylvania Avenue NW
17   Washington, DC 20004-2595
     202.624.2913
18   (mplevin@crowell.com)
     (nbloomberg@crowell.com)
19   Representing Fireman's Fund Insurance
     (Surety Bond)
20
21
     STEVENS & LEE, P.C.
22   BY: JOHN D. DEMMY, ESQUIRE
     1818 Market Street, 29th Floor
23   Philadelphia, Pennsylvania 19103-1702
     215.751.2885
24   (jdd@stevenslee.com)
```

Page 6

```
 1    APPEARANCES (continued)
 2
 3    ALAN B. RICH LAW OFFICES
      BY: ALAN B. RICH, ESQUIRE
 4    Elm Place, Suite 4620
      1401 Elm Street
 5    Dallas, Texas 75202
      214.744.5100
 6    (arich@alanrichlaw.com)
      Representing Property Damage FCR
 7
 8
      CONNOLLY BOVE LODGE & HUTZ, LLP
 9    BY: JEFFREY C. WISLER, ESQUIRE
      The Nemours Building
10    1007 North Orange Street
      P.O. Box 2207
11    Wilmington, Delaware 19899
      302.88.6528
12    (jwisler@cblh.com)
      Representing Maryland Casualty
13
14
      ECKERT SEAMANS CHERIN & MELLOTT, LLC
15    BY: EDWARD J. LONGOSZ, II, ESQUIRE
      1747 Pennsylvania Avenue, NW
16    12th Floor
      Washington, DC 20006
17    202.659.6619
      (elongosz@eckertseamans.com)
18    Representing Maryland Casualty and Zurich
19
20    COZEN O'CONNOR
      BY: JACOB C. COHN, ESQUIRE
21    1900 Market Street
      Philadelphia, Pennsylvania 19103-3508
22    215.665.2147
      (jcohn@cozen.com)
23    Representing Federal Insurance Company
24
```

Page 7

```
 1    APPEARANCES (continued)
 2
 3    CUYLER BURK, P.C.
      BY: STEFANO V. CALOGERO, ESQUIRE
 4    Parsippany Corporate Center
      Four Century Drive
 5    Parsippany, New Jersey 07054
      973.734.3200
 6    (scalogero@cuyler.com)
      Representing Allstate Insurance Company
 7
 8
      GOODWIN PROCTER, LLP
 9    BY: BRIAN H. MUKHERJEE, ESQUIRE*
          (*VIA TELECONFERENCE)
10    901 New York Avenue, N.W.
      Washington, DC 20001
11    202.346.4124
      (bmukherjee@goodwinprocter.com)
12    Representing CNA Insurance
13
14    WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
      BY: KEVIN J. MANGAN, ESQUIRE*
15        (*VIA TELECONFERENCE)
      222 Delaware Avenue
16    Suite 1501
      Wilmington, Delaware 19801
17    302.252.4361
      (kmangan@wcsr.com)
18    Representing State of Montana
19
20    PEPPER HAMILTON, LLP
      BY: LINDA J. CASEY, ESQUIRE*
21        (*VIA TELECONFERENCE)
      3000 Two Logan Square
22    Philadelphia, Pennsylvania 19103
      215.981.4000
23    (caseyl@pepperlaw.com)
      Representing BNSF Railway Company
24
```

Page 8

```
 1              - - -
 2              I N D E X
 3              - - -
 4
 5    Testimony of:
 6         DAVID T. AUSTERN, ESQUIRE
 7
 8    By Mr. Brown        Page 12, 242
 9    By Ms. Alcabes      Page 95
10    By Mr. Candon       Page 123, 251
11    By Mr. Demmy        Page 164
12    By Mr. Cohn         Page 173
13    By Mr. Plevin       Page 192
14    By Ms. Cobb         Page 207
15    By Ms. Casey        Page 219
16    By Mr. Mangan       Page 221
17    By Mr. Speights     Page 222
18
19
20
21
22
23
24
```

Page 9

```
 1              - - -
 2              E X H I B I T S
 3              - - -
 4    NO.    DESCRIPTION              PAGE
 5    Austern-1
          Amended Notice of Deposition
 6        Of David T. Austern          31
 7    Austern-2
          Exhibit 2 to Exhibit Book
 8        Asbestos PI Trust Agreement  32
 9    Austern-3
          First Amended Joint Plan of
10        Reorganization...            43
11    Austern-4
          Exhibit 6 to Exhibit Book
12        Asbestos Insurance Transfer
          Agreement                    80
13
      Austern-5
14        Exhibit 4 to Exhibit Book
          Trust Distribution Procedures 90
15
      Austern-6
16        Exhibit 10 to Exhibit Book
          Cooperation Agreement        92
17
      Austern-7
18        Notice of Deposition of
          David Austern                95
19
      Austern-8
20        Debtors' Disclosure Statement
          for the First Amended Joint
21        Plan of Reorganization...    118
22    Austern-9
          Notice of Deposition of
23        David T. Austern             124
24
```

Page 10

1  EXHIBITS (continued)
2
   NO.    DESCRIPTION           PAGE
3
   Austern-10
4      Form 8-K                 124
5  Austern-11
      Exhibit 8 to Exhibit Book
6      Best Interests Analysis  156
7
         - - -

Page 11

         - - -
   DEPOSITION SUPPORT INDEX
         - - -

Direction to Witness Not to Answer:
Page   Line       Page   Line
181    13         225    16
229    04         239    03


Request for Production of Documents:
Page   Line       Page   Line
NONE



Stipulations:
Page   Line       Page   Line
NONE



Area(s) Marked Confidential:
Page   Line       Page   Line
NONE

Page 12

         - - -
         PROCEEDINGS
         - - -
     MR. GUY:  We will follow the
federal rules.
         - - -
     DAVID T. AUSTERN, ESQUIRE,
after having been first duly
sworn, was examined and testified
as follows:
         - - -
         EXAMINATION
         - - -
BY MR. BROWN:
     Q.  Good morning, Mr. Austern.
My name is Michael Brown.  I represent
OneBeacon American Insurance Company,
Seaton Insurance Company, GEICO, and
Republic Insurance Company.
         Could you state your full
name for the record, please?
     A.  David Thomas Austern.
     Q.  Have you ever been deposed
before?

Page 13

     A.  Yes.
     Q.  How many times?
     A.  Somewhere between 25 and 30
times.
     Q.  So it's fair to say that you
are familiar with the protocol for a
deposition then?
     A.  I am.
     Q.  Okay.  Can you give me a
summary of your professional background?
     A.  I was an assistant district
attorney in the New York County District
Attorney's Office for four years; I was
an assistant United States attorney in
the United States Attorney's Office in
Washington, D.C. for four years; I was a
law professor for two years; I was in the
private practice of law for something
like 12 years; and I've been general
counsel of the Manville Personal Injury
Settlement Trust, and I have had some
other asbestos matters for the last 21
and a half years.  That doesn't add up to
45, and it should, but...

Page 14

1   Q. Those are estimates, I take
2   it?
3   A. Those are estimates, yes.
4   Q. What did you do in
5   preparation for today's deposition?
6   A. I reviewed some documents,
7   and I spoke to counsel.
8   Q. What documents did you
9   review?
10  A. I also reviewed some
11  transcripts.
12       I reviewed the Personal
13  Injury Trust Agreement; the Trust
14  Distribution Process -- the Personal
15  Injury Trust Distribution Process; the
16  Transfer Agreement; the Cooperation
17  Agreement; I reviewed Ms. Biggs' latest
18  estimation report; Dr. Peterson's latest
19  report; Dr. Florence's latest report;
20  Dr. Whitehouse's -- one of
21  Dr. Whitehouse's reports -- I am sorry --
22  two of Dr. Whitehouse's reports; the
23  rebuttal to those reports from Dr. Welsh
24  and Dr. Freedman; the objections filed by

Page 15

1   the Libby claimants and by one or more
2   insurance companies, and I am not sure I
3   know which ones; my prior deposition in
4   this case; my prior deposition in the
5   Combustion Engineering case; my testimony
6   in the Combustion Engineering case. I
7   may have left something out, but I think
8   those are most of the documents I
9   reviewed.
10  Q. Okay. And you also
11  mentioned that you had reviewed some
12  transcripts?
13  A. Those were the depositions
14  and trial testimony -- oh, excuse me.
15  Yes. I reviewed Mr. Lockwood's
16  deposition.
17  Q. Did you actually review the
18  Amended Plan of Reorganization?
19  A. Yes -- and excuse me -- and
20  the Disclosure Statement.
21  Q. And over what period of time
22  did you review all these materials in
23  preparation for your deposition?
24  A. Two weeks. I did one other

Page 16

1   thing in preparation of the deposition.
2   I listened to parts of, albeit not all,
3   of the Lockwood deposition.
4   Q. Did you meet with counsel in
5   preparation for the deposition?
6   A. Yes.
7   Q. When?
8   A. Last Friday and yesterday.
9   Q. And for how long last
10  Friday? What period of time did you meet
11  with counsel?
12  A. I confess I don't remember,
13  but it was several hours.
14  Q. And the more recent meeting?
15  A. I would say three hours.
16  Q. Was it just counsel for the
17  Future Claimants' Representative or were
18  other Plan proponent counsel present?
19  A. No. There were no other
20  Plan proponent counsel.
21  Q. In reviewing Mr. Lockwood's
22  deposition testimony, was there anything
23  in his transcript with which you
24  disagreed?

Page 17

1   A. I don't remember -- nothing
2   occurs to me, although if you showed me a
3   question and answer, I might say I
4   disagreed. But I don't recall anything.
5   Q. Okay. When you listened in
6   on a portion of the deposition, was there
7   anything that you heard by way of an
8   answer by Mr. Lockwood that struck you as
9   inaccurate?
10  A. Not that I recall.
11  Q. Okay. Now, you mentioned
12  that you had reviewed the Disclosure
13  Statement, the Plan, the PI Trust
14  Agreement I assume you were referring to,
15  the PI Trust Distribution Procedures, the
16  Transfer Agreement, and the Cooperation
17  Agreement?
18  A. Yes.
19  Q. Do you understand all of
20  those documents?
21  A. No.
22  Q. Are there particular
23  documents that you understand better than
24  others?

Page 74

1  Q. You will agree with me that
2  Section 2.2(f) sets forth a number of
3  different items for which the trustees
4  need the consent of the TAC and the
5  Future Claimants' Representative,
6  correct?
7  A. Yes.
8  Q. It goes on from Romanette 1
9  to Romanette 15, correct?
10  A. Yes.
11  Q. Why is there a need to have
12  the consent of the Future Claimants'
13  Representative and the TAC on these
14  particular items rather than simply
15  consultation?
16  A. My answer is the same, and I
17  will speak forgetting the TAC, as the
18  Future Claimants' Representative, I want
19  the right to under certain circumstances
20  not agree to a decision by the trustees
21  and have that be the end of the decision.
22  Q. Well, it's not actually the
23  end of the decision, is it?
24  A. No. There are ways of

Page 75

1  resolving that difference.
2  Q. And what are those?
3  A. Well, I may confuse this
4  with the Manville Trust, but you can
5  seek, shall we say, guidance from the
6  bankruptcy court.
7  Q. By that, you mean a ruling?
8  A. Yes, yes.
9  Q. If your consent has been
10  unreasonably withheld in the views of the
11  trustees?
12  A. That's correct.
13  Q. Is there anything in Section
14  524(g) to your knowledge that requires a
15  Trust, an asbestos Trust, to have a
16  consultation and consent provisions that
17  are set forth in this Trust Agreement?
18  A. I do not know of anything in
19  524(g) like that.
20  Q. Do you know who the
21  designated trustees are for the Asbestos
22  PI Trust?
23  A. Yes.
24  Q. Okay. Who are they? Or

Page 76

1  list of them.
2  A. Dean Trafelet, Lewis
3  Sifford, and Harry Huge.
4  Q. And do you know each of
5  those gentlemen?
6  A. Well, in the case of
7  Mr. Huge and Mr. Trafelet, I do know
8  them. In the case of Mr. Sifford, I have
9  met him on a number of occasions.
10  Q. Okay. What is the
11  professional background of Mr. Huge?
12  A. Let's see. I first met him
13  about 40 years ago at the Justice
14  Department. I am sorry. He is a lawyer.
15  He has been with the government. He has
16  been in private practice. Do you want
17  more?
18  Q. Does he have experience with
19  asbestos trusts?
20  A. Yes, he does.
21  Q. What is that experience?
22  A. He is a trustee of Armstrong
23  and I believe a trustee of OCF.
24  Q. How long has he had the role

Page 77

1  of trustee in Armstrong?
2  A. I met with him shortly after
3  he was appointed, and I should be able to
4  remember that. I think four or five
5  years.
6  Q. And how about as a trustee
7  in OCF?
8  A. I don't know.
9  Q. Okay. Why don't you tell me
10  what the professional background of
11  Mr. Sifford is?
12  A. I know him less well.
13  Mr. Sifford is a practicing lawyer in a
14  law firm, and he is an Armstrong trustee,
15  I believe. And that's, I believe, the
16  first time I met him, and thus I looked
17  him up. And according to
18  Martindale-Hubbell, he does both personal
19  injury plaintiff's work and personal
20  injury defense work. I am getting close
21  to exhausting my knowledge of him.
22  Q. Okay. Is the personal
23  injury work that he does, both defense
24  and plaintiff's work, asbestos-related?

Page 78

1  A. It is not as far as I know.
2  Q. Do you know what it does
3  relate to?
4  A. No.
5  Q. Okay. Do you know how long
6  he has been a trustee of the Armstrong
7  Trust?
8  A. The same period of time
9  Mr. Huge has been, but I don't remember
10 when that started.
11 Q. I thought you said that one
12 was four to five years ago?
13 A. Four to five years ago. I
14 don't remember exactly.
15 Q. All right. And what is the
16 professional background of Mr. Trafelet?
17 A. Before I get to that, let me
18 explain. Armstrong was confirmed, and
19 for a long time, there was no activity
20 for reasons that allude me. So I can't
21 remember exactly when I got involved in
22 talking to those people.
23 Q. Okay.
24 A. Mr. Trafelet is a lawyer who

Page 79

1  was a judge of, I believe, the Circuit
2  Court in Cook County, Illinois for a
3  period of time, and he is an asbestos
4  trustee of -- it seems to me, he is the
5  sole trustee of the Loomis Trust and also
6  a Futures Rep, I believe, at Armstrong.
7  Q. Okay. And he was one of the
8  gentlemen that you mentioned that, if I
9  remember correctly, the Asbestos PI
10 Committee, otherwise known as the ACC,
11 wanted to have the role that you have?
12 A. Yes.
13 Q. Do you know how long he has
14 been a trustee of the Loomis Trust?
15 A. Since it was confirmed. And
16 this I really should know, but I think it
17 was confirmed about three years ago.
18 Q. Okay. And do you know
19 whether he was the FCR in Armstrong
20 before a plan was confirmed?
21 A. I do not know.
22 Q. Okay. But he is the FCR for
23 the Trust?
24 A. Yes, I believe he is.

Page 80

1  Q. And would I be correct that
2  he's been that for four or five years?
3  A. Yes.
4  Q. Let's go to Section 4.9 of
5  the Trust Agreement. Take a moment to
6  read that, if you would.
7  A. Okay.
8  Q. The second-to-the-last
9  sentence in Section 4.9 says, "No Trustee
10 shall act as an attorney for any person
11 who holds an asbestos claim."
12     Do you see that?
13 A. Yes.
14 Q. What's the reason for that?
15 A. To avoid conflicts.
16 Q. What type of conflicts?
17 A. Well, you are a trustee of a
18 Plan paying somebody; you shouldn't be
19 paying your client.
20 Q. Is there any other reason?
21 A. Not that I know of.
22 MR. BROWN: Mark this as
23 Austern-4.
24     (Austern-4 marked for

Page 81

1  identification at this time.)
2  BY MR. BROWN:
3  Q. Exhibit-4, Mr. Austern, is
4  Exhibit 6 to the Exhibit Book. My first
5  question for you is, can you identify it?
6  A. It's the Asbestos Insurance
7  Transfer Agreement, which is part of the
8  Plan, as you point out.
9  Q. And I believe you said this
10 is one of the documents that you had
11 reviewed; am I correct?
12 A. Yes.
13 Q. Do you understand this
14 agreement?
15 A. Not in its entirety.
16 Q. Okay. Are there particular
17 provisions of this agreement that you do
18 not understand that you could direct my
19 attention to?
20 A. Well, I would have to look
21 at it for a moment. I am not sure I
22 understand all of the representations and
23 warranties and some of the terms in them.
24 There are two schedules, if I remember