IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: May 20, 2009** |
| | ) | **Related to Docket No. 20872** |

**ZURICH INSURANCE COMPANY AND ZURICH INTERNATIONAL (BERMUDA) LTD.'S OBJECTION TO FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF <u>EQUITY SECURITY HOLDERS DATED AS OF FEBRUARY 27, 2009</u>**

Zurich Insurance Company and Zurich International (Bermuda) Ltd. (jointly "Zurich"), by and through their undersigned counsel, hereby object to the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of February 27, 2009* [Docket No. 20872] ("First Amended Plan"). In support thereof, Zurich states as follows:

<u>**Background**</u>

1. Zurich and one or more of the above-captioned debtors ("Debtors") entered into certain insurance contracts ("Contracts") which may be identified in the *Debtors' Disclosure Statement for the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of February 27, 2009* [D.I. 20872] ("Disclosure Statement")

as Asbestos Insurance Policies.[1] Zurich and the Debtors are also parties to a June, 1999 coverage-in-place Settlement Agreement ("Agreement") relating to an insurance policy effective for the period June 30, 1984 to June 30, 1985, which provided coverage for asbestos-related liabilities of the Debtors. The Agreement addresses, *inter alia*, claims asserted against Zurich by third-parties for alleged bodily injuries from the exposure to asbestos and alleged loss resulting from the presence of asbestos in buildings. The Agreement requires the Debtors to defend and indemnify Zurich for such claims asserted against Zurich.

2. Zurich has rights under the Contracts and the Agreement that will be substantially affected by the First Amended Plan. Accordingly, Zurich has standing to appear and be heard in connection with confirmation of the First Amended Plan. 11 U.S.C. § 1109(b).

### Procedural History

3. Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware ("Court") on April 2, 2001.

4. By Order dated March 9, 2009, the Court approved the Disclosure Statement. The Disclosure Statement includes the proposed First Amended Joint Plan.

### Confirmation Requirements Under Section 1129 of the Bankruptcy Code

5. Section 1129(a) of the Bankruptcy Code contains the statutory requirements which must be met as a prerequisite to confirmation of a plan of reorganization. *See* 11 U.S.C. § 1129. The requirements of section 1129(a) of the Bankruptcy Code are conjunctive, requiring that each and every element specified therein be met prior to confirmation of a plan. *See Id.* Thus, it is well-established that the proponent of a plan of reorganization bears the burden of

---

[1] Capitalized terms not defined herein shall have the meaning provided in the Disclosure Statement.

proving by a preponderance of the evidence that each of the requirements contained in section 1129(a) has been satisfied. *In re Genesis Health Ventures, Inc.*, 266 B.R. 591, 599 (Bankr. D. Del. 2001); *In re Exide Techs.*, 303 B.R. 48, 58 (Bankr. D. Del. 2003).

### Objections to the First Amended Plan

6. Zurich objects to the First Amended Plan. The First Amended Plan fails to comply with various confirmation requirements of section 1129 of the Bankruptcy Code and therefore the First Amended Plan can not be confirmed.

7. First, the First Amended Plan is not "insurance neutral" as to non-settling insurance companies because, *inter alia*, it impairs contractual rights, provides for overpayment of meritorious claims, and provides for payment of non-meritorious claims. Thus the First Amended Plan fails to comply with, *inter alia*, section 1129(a) of the Bankruptcy Code and therefore can not be confirmed.

8. Second, the First Amended Plan impermissibly attempts to assign the Contracts to the Asbestos PI Trust. Thus, the First Amended Plan fails to comply with sections 1129(a)(1) and (3) of the Bankruptcy Code and therefore cannot be confirmed.

9. Third, Zurich objects to the First Amended Plan to the extent that it would obligate Zurich to pay to the Asbestos PI Trust any amount in excess of any amount actually paid by the Asbestos PI Trust to the holder of an allowed Asbestos PI Claim. *See Fuller-Austin Insulation Company v. Highlands Ins. Company*, 135 Cal.App.4th 958, 1000 (Cal. Ct. App. 2006).

10. Fourth, Zurich objects to the First Amended Plan to the extent that it would impair any coverage defenses under the Contracts, including defenses based on assignment of rights under the Contracts.

11. Fifth, the First Amended Plan is not feasible. Thus, the First Amended Plan fails to comply with section 1129(a)(11) of the Bankruptcy Code and cannot be confirmed..

12. Finally, Zurich objects to the First Amended Plan to the extent that section 11.9 thereof exceeds the scope permissible exculpation in the Third Circuit.

### Reservation of Rights and Joinder

13. Zurich hereby reserves the right to amend and/or supplement this Objection based upon ongoing discovery relating to the First Amended Plan. In addition, Zurich hereby joins the objections filed by other parties-in-interest to the extent such objections are not inconsistent with Zurich's interests, and the positions set forth herein. Further, Zurich reserves its right to object to any amendment to or modification of the First Amended Plan on any grounds. Finally, Zurich reserves the right to file additional objections and/or replies based on the objections filed by other parties-in-interest.

### Conclusion

WHEREFORE, for all of the forgoing reasons, Zurich respectfully requests that the Court confirm the First Amended Plan only to the extent consistent with this Objection, and grant Zurich such further and additional relief and the Court may deem just and proper.

Dated: May 20, 2009           CONNOLLY BOVE LODGE & HUTZ LLP

                              _____
                              Jeffrey C. Wisler (#2795)
                              Marc J. Phillips (#4445)
                              The Nemours Building
                              1007 N. Orange Street
                              P.O. Box 2207
                              Wilmington, DE 19899
                              (302) 658-9141 Telephone
                              (302) 658-0380 Facsimile

OF COUNSEL:

Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7170 Telephone
(202) 719-7049 Facsimile

*Attorneys for Zurich Insurance Company and Zurich International (Bermuda) Ltd.*

#684737v1