# Exhibit A

CAUSE NO. B-150,896-J

| | | |
|---|---|---|
| AARON C. EDWARDS, ET AL | § | IN THE DISTRICT COURT OF |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| PITTSBURGH CORNING CORPORATION, ET AL. | § | 60TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

On the 31st day of January, 2000, came to be heard the above entitled cause (captioned Cause Number B-150,896-H). Plaintiffs, Aaron C. Edwards, James T. Beam, Edward E. Storey, John M. Thomas, and Sheila Martin, individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries, appeared in person and/or by attorney of record, Glen W. Morgan and Cris Quinn, and announced ready for trial. Defendant Pittsburgh Corning Corporation by and through its attorneys of record James Powers and Jeffrey Boyd, appeared and announced ready for trial. Defendant W. R. Grace & Co., by and through its attorneys of record, Sandra Clark and Keith Foley, appeared and announced ready for trial. A jury having been previously demanded, a jury consisting of twelve qualified jurors was duly impaneled and the case proceeded to trial, and the case bifurcated at the request of the Defendants. At the conclusion of the evidence, the Court submitted the questions of fact in the case to the jury. The Charge of the Court and verdict of the jury are incorporated for all purposes by reference. The jury returned its Phase I verdict on March 3, 2000 and its Phase II verdict on March 6, 2000. A copy of the jury verdicts is attached hereto as "Exhibit 'A'" and is incorporated by reference as if fully set forth herein. Because it appears to the Court that the verdict of the jury was for the plaintiffs and against the defendant, judgment should be rendered on the verdict in favor of the plaintiffs and against the defendant.

I.

The jury found that the negligence of Pittsburgh Corning Corporation and W. R. Grace & Co. was a proximate cause of the injuries and death of Jessie J. Williamson and was a proximate cause of injuries to Aaron C. Edwards, James T. Beam, Edward E. Storey, and John M. Thomas. Additionally, the jury found that Plaintiffs were exposed to Defendant Pittsburgh Corning Corporation and W. R. Grace & Co.'s asbestos-containing products which were unfit for the ordinary purposes for which such asbestos-containing products were used because of a defect, and that said breach of implied warranty was a proximate cause of the injuries and/or death suffered by Plaintiffs. Additionally, the jury found that there was a marketing defect in the asbestos-containing products manufactured, marketed and/or sold by Pittsburgh Corning Corporation and W. R. Grace & Co., and that such marketing defect was a proximate cause of the injuries and/or death suffered by Plaintiffs. Additionally, Defendants Pittsburgh Corning Corporation and W. R. Grace & Co. were found to have fraudulently suppressed the dangerous nature of their asbestos-containing products as it related to Plaintiffs. Additionally, Defendants Pittsburgh Corning Corporation and W. R. Grace & Co. were found to have negligently marketed a product which was inherently or imminently dangerous to human health, and that such actions were a proximate cause of the injuries and/or death of Plaintiffs. Finally, Defendants Pittsburgh Corning Corporation and W. R. Grace & Co. were found by clear and convincing evidence to have acted with fraud or wantonness as to Plaintiffs Aaron C. Edwards, James T. Beam, Edward E. Storey, and John M. Thomas.

II.

Damage awards were awarded to:

1.   Aaron C. Edwards in the amount of $1,000,000.00 for injuries sustained in the past and $5,000,000.00 for injuries that he will in reasonable probability sustain in the future, and punitive damages in the amount of $2,000,000.00 as a result of the fraud or wantonness of Pittsburgh Corning Corporation and punitive damages in the amount of $5,000,000.00 as a result of the fraud or wantonness of W. R. Grace & Co. The Court further finds that Defendants are entitled to a credit of $1,145,000.00 against the actual damages portion of the verdict rendered in favor of Aaron C. Edwards. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to Aaron C. Edwards is $4,855,000.00.

2.   James T. Beam in the amount of $2,000,000.00 for injuries sustained in the past and $2,000,000.00 for injuries that he will in reasonable probability sustain in the future, and punitive damages in the amount of $2,000,000.00 as a result of the fraud or wantonness of Pittsburgh Corning Corporation and punitive damages in the amount of $5,000,000.00 as a result of the fraud or wantonness of W. R. Grace & Co. The Court further finds that Defendants are entitled to a credit of $745,000.00 against the actual damages portion of the verdict rendered in favor of James T. Beam. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to James T. Beam is $3,255,000.00.

3.   Edward E. Storey in the amount of $2,000,000.00 for injuries sustained in the past and $2,000,000.00 for injuries that he will in reasonable probability sustain in the future, and punitive damages in the amount of $2,000,000.00 as a result of the fraud or wantonness of Pittsburgh Corning Corporation and punitive damages in the amount of $5,000,000.00 as a result of the fraud or wantonness of W. R. Grace & Co. The Court further finds that Defendants are entitled to a

credit of $745,000.00 against the actual damages portion of the verdict rendered in favor of Edward E. Storey. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to Edward E. Storey is $3,255,000.00.

4.    John M. Thomas in the amount of $2,000,000.00 for injuries sustained in the past and $2,000,000.00 for injuries that he will in reasonable probability sustain in the future, and punitive damages in the amount of $2,000,000.00 as a result of the fraud or wantonness of Pittsburgh Corning Corporation and punitive damages in the amount of $5,000,000.00 as a result of the fraud or wantonness of W. R. Grace & Co. The Court further finds that Defendants are entitled to a credit of $892,382.22 against the actual damages portion of the verdict rendered in favor of John M. Thomas. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to John M. Thomas is $3,107,617.78.

5.    Jessie J. Williamson in the amount of $3,000,000.00 for his actual damages prior to his death and punitive damages in the amount of $3,000,000.00 as a result of his wrongful death. The Court further finds that Defendants are entitled to a credit of $545,000.00 against the actual damages portion of the verdict rendered in favor of Jessie J. Williamson. Therefore, the net actual damages for which Pittsburgh Corning Corporation and W. R. Grace & Co. are jointly and severally liable to Sheila Martin, individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries is $2,455,000.00.

## III.

IT IS THEREFORE ordered by this Court that the following plaintiffs recover from Pittsburgh Corning Corporation and W. R. Grace, jointly and severally, the following sums as actual damages:

| | |
|---|---|
| Aaron C. Edwards | $4,855,000.00 |
| James T. Beam | $3,255,000.00 |
| Edward E. Storey | $3,255,000.00 |
| John M. Thomas | $3,107,617.78 |
| For Sheila Martin, individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries | $2,455,000.00 |

## IV.

IT IS FURTHER ordered by this Court that the following plaintiffs recover from Pittsburgh Corning Corporation the following additional sums as punitive damages:

| | |
|---|---|
| Aaron C. Edwards | $2,000,000.00 |
| James Troy Beam | $2,000,000.00 |
| Edward Earl Storey | $2,000,000.00 |
| John Matthew Thomas | $2,000,000.00 |
| For Sheila Martin, individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries | $1,500,000.00 |

IT IS FURTHER ordered by this Court that the following plaintiffs recover from W. R. Grace & Co. the following additional sums as punitive damages:

| | |
|---|---|
| Aaron C. Edwards | $5,000,000.00 |
| James Troy Beam | $5,000,000.00 |
| Edward Earl Storey | $5,000,000.00 |
| John Matthew Thomas | $5,000,000.00 |
| For Sheila Martin, individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries | $1,500,000.00 |

## V.

It is further ordered that the judgment here rendered shall bear post judgment interest at the rate of 12 percent per annum from the 28th day of March, 2000, until paid.

Additionally, all taxable court costs are taxed against Defendants Pittsburgh Corning Corporation and W. R. Grace & Co. It is hereby ordered that all such writs and processes as may be necessary in the enforcement and collection of this judgment shall be allowed.

Additionally, all pleadings, objections, evidence and other actions taken in Cause Number B-150,896-H shall be deemed made and preserved in the newly created Cause Number B-150,896-J at the time they were made in Cause Number B-150,896-H.

All relief not expressly granted is denied; that is to say, this Judgment dismisses and disposes of all claims made by the five severed plaintiffs herein against any party, as well as all cross-claims, third-party actions, or claims of any sort or manner which were asserted in connection with the claims of the five severed plaintiffs herein in Cause Number B-150,896-H, whether or not previously addressed by a separate motion and/or order. In other words, THIS IS A FINAL, APPEALABLE JUDGMENT.

Signed this 28th day of March, 2000.

JUDGE PRESIDING

# Exhibit B

Bond No. __11127448824__

NO. B-150,896-J

FILED
DISTRICT COURT
JEFFERSON CO. TEXAS

| | | |
|---|---|---|
| AARON CLIFTON EDWARDS, ET AL | § | IN THE DISTRICT COURT |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| PITTSBURGH CORNING CORP., ET AL | § | 60TH JUDICIAL DISTRICT |

00 JUL -7 AM 11:48

JOHN S. APPLEMAN
DISTRICT CLERK

## SUPERSEDEAS BOND

WHEREAS, on March 28, 2000, a Judgment was signed in this case in favor of the Plaintiffs, Aaron C. Edwards, James T. Beam, Edward E. Storey, John M. Thomas, and Sheila Martin, Individually and as Administratrix of the Estate of Jessie J. Williamson, Deceased, and as Representative of the Wrongful Death Beneficiaries for damages in the sum of $38,427,617.78, plus interest calculated from March 28, 2000, at the rate of twelve percent (12%) per annum, and all costs of suit, from which W. R. Grace & Co., defendant named in the judgment, and named in plaintiffs' third amended pleadings as "W. R. Grace & Co., (individually and as successor in interest of W R. Grace & Co.-Conn., Zonolite Corporation and Dewey & Almy Chemical Company)" and W. R. Grace & Co.-Conn. named in plaintiffs' third amended petition as "W. R. Grace & Co.-Conn. (individually, formerly known as W. R. Grace & Co., and as successor in interest of Zonolite Corporation and Dewey & Almy Chemical Corporation)," a Connecticut Corporation, hereinafter referred to as "Grace", desires to appeal; and,

WHEREAS, the defendant, Grace, will appeal and desires to suspend enforcement of the Judgement pending determination of the appeal;

NOW, THEREFORE, WE, Grace, as Principal, and Fireman's Fund Insurance Company, as Surety, acknowledge ourselves bound to pay to the plaintiffs the sum of $43,038,931.91, conditioned that the Surety on this bond is bound to pay all damages and costs that may be awarded against Grace up to the amount of this bond if:

Bond No. ___11127448824___

    (1)      Grace does not perfect an appeal or the appeal is dismissed, and Grace does not perform the trail court's Judgement signed March 28, 2000; or

    (2)      Grace does not perform an adverse judgement final on appeal.

Signed this 30th day of June, 2000.

_Robert M. Tardla_

Principal   ROBERT M. TARDLA
SENIOR VP, CFO and TREASURER

SUBSCRIBED AND SWORN TO BEFORE ME this the _5th_ day of _July_, 2000.

_U. Poially Avikal_

NOTARY PUBLIC IN AND FOR THE STATE
OF   MARYLAND

Signed this _5th_ day of _July_, 2000.

FIREMAN'S FUND INSURANCE COMPANY                    Surety

By: _____

Richard C. Rose, Attorney-in-Fact

SUBSCRIBED AND SWORN TO BEFORE ME this the _30TH_ day of _JUNE_, 2000.

_Carolyn E. Wheeler_

NOTARY PUBLIC IN AND FOR THE STATE OF
TENNESSEE, COUNTY OF KNOX
CAROLYN E. WHEELER

MY COMMISSION EXPIRES: NOVEMBER 20, 2002

I have approved and filed this Bond on this _7th_ day of _July_, 2000.

_____

Clerk of the District Court of Jefferson County, Texas

FIREMAN'S FUND INSURANCE COMPANY

NATIONAL SURETY CORPORATION   ASSOCIATED INDEMNITY CORPORATION

THE AMERICAN INSURANCE COMPANY  AMERICAN AUTOMOBILE INSURANCE COMPANY

GENERAL POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That FIREMAN'S FUND INSURANCE COMPANY, a California corporation, NATIONAL SURETY CORPORATION, an Illinois corporation, THE AMERICAN INSURANCE COMPANY, a New Jersey corporation redomesticated in Nebraska, ASSOCIATED INDEMNITY CORPORATION, a California corporation, and AMERICAN AUTOMOBILE INSURANCE COMPANY, a Missouri corporation, (herein collectively called "the Companies") does each hereby appoint **Janice H. Fennell, Frank A. Word, Jr. and Richard C. Rose of Knoxville, TN.**

their true and lawful Attorney(s)-in-Fact, with full power of authority hereby conferred in their name, place and stead, to execute, seal, acknowledge and deliver any and all bonds, undertakings, recognizances or other written obligations in the nature thereof — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —

and to bind the Companies thereby as fully and to the same extent as if such bonds were signed by the President, sealed with the corporate seals of the Companies and duly attested by the Companies' Secretary, hereby ratifying and confirming all that the said Attorney(s)-in-Fact may do in the premises.

This power of attorney is granted under and by the authority of Article VII of the By-laws of FIREMAN'S FUND INSURANCE COMPANY, NATIONAL SURETY CORPORATION, THE AMERICAN INSURANCE COMPANY, ASSOCIATED INDEMNITY CORPORATION and AMERICAN AUTOMOBILE INSURANCE COMPANY which provisions are now in full force and effect.

NATIONAL SURETY CORPORATION:

"ARTICLE VII.   APPOINTMENT AND AUTHORITY OF RESIDENT SECRETARIES, ATTORNEYS-IN-FACT AND AGENTS TO ACCEPT LEGAL PROCESS AND MAKE APPEARANCES.

44. *Appointment*. The Chairman of the Board of Directors, the President, any Vice President or any other person authorized by the Board of Directors, the Chairman of the Board of Directors, the President or any Vice President may, from time to time, appoint Resident Assistant Secretaries and Attorneys-in-Fact to represent and act for and on behalf of the Corporation and Agents to accept legal process and make appearances for and on behalf of the Corporation.

45. *Authority*. The authority of such Resident Assistant Secretaries, Attorneys-in-Fact and Agents shall be as prescribed in the instrument evidencing their appointment. Any such appointment and all authority granted thereby may be revoked at any time by the Board of Directors or by any person empowered to make such appointment."

FIREMAN'S FUND INSURANCE COMPANY, THE AMERICAN INSURANCE COMPANY, ASSOCIATED INDEMNITY CORPORATION AND AMERICAN AUTOMOBILE INSURANCE COMPANY:

"Article VII. *Appointment and Authority of Resident Secretaries, Attorney-in-Fact and Agents to accept Legal Process and Make Appearances.*

Section 45. *Appointment*. The Chairman of the Board of Directors, the President, any Vice President or any other person authorized by the Board of Directors, the Chairman of the Board of Directors, the President or any Vice President may, from time to time, appoint Resident Assistant Secretaries and Attorneys-in-Fact to represent and act for and on behalf of the Corporation and Agents to accept legal process and make appearances for and on behalf of the Corporation.

Section 46. *Authority*. The authority of such Resident Assistant Secretaries, Attorneys-in-Fact and Agents shall be as prescribed in the instrument evidencing their appointment. Any such appointment and all authority granted thereby may be revoked at any time by the Board of Directors or by any person empowered to make such appointment."

This power of attorney is signed and sealed under the authority of the following Resolution adopted by the Board of Directors of FIREMAN'S FUND INSURANCE COMPANY, NATIONAL SURETY CORPORATION, THE AMERICAN INSURANCE COMPANY, ASSOCIATED INDEMNITY CORPORATION and AMERICAN AUTOMOBILE INSURANCE COMPANY at a meeting duly called and held, by written consent, on the 19th day of March, 1995, and said Resolution has not been amended or repealed:

"RESOLVED, that the signature of any Vice-President, Assistant Secretary, and Resident Assistant Secretary of the Companies, and the seal of the Companies may be affixed or printed on any power of attorney, on any revocation of any power of attorney, or on any certificate relating thereto, by facsimile, and any power of attorney, any revocation of any power of attorney, or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Companies."

IN WITNESS WHEREOF, the Companies have caused these presents to be signed by their Vice-President, and their corporate seals to be hereunto affixed this ___19___ day of ___July___ ___1999___.

FIREMAN'S FUND INSURANCE COMPANY
NATIONAL SURETY CORPORATION
THE AMERICAN INSURANCE COMPANY
ASSOCIATED INDEMNITY CORPORATION
AMERICAN AUTOMOBILE INSURANCE COMPANY



By _____
      Vice-President

STATE OF CALIFORNIA   } ss.
COUNTY OF MARIN

On this ___19___ day of ___July___ ___1999___, before me personally came Harold N. Marsh _____ to me known, who, being by me duly sworn, did depose and say: that he is a Vice-President of each company, described in and which executed the above instrument; that he knows the seals of the said Companies; that the seals affixed to the said instrument are such company seals; that they were so affixed by order of the Board of Directors of said companies and that he signed his name thereto by like order.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year herein first above written.



L. OCAMPO
Commission # 1163726
Notary Public - California
Marin County
My Comm. Expires Nov 28, 2001

_____
Notary Public

CERTIFICATE

STATE OF CALIFORNIA   } ss.
COUNTY OF MARIN

I, the undersigned, Resident Assistant Secretary of each company, DO HEREBY CERTIFY that the foregoing and attached POWER OF ATTORNEY remains in full force and has not been revoked; and furthermore that Article VII of the By-laws of each company, and the Resolution of the Board of Directors; set forth in the Power of Attorney, are now in force.

Signed and sealed at the County of Marin. Dated the ___30TH___ day of ___JUNE___ ___2000___.





# Exhibit C

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |

## EXHIBIT 4 TO EXHIBIT BOOK
## TRUST DISTRIBUTION PROCEDURES

**EXHIBIT 4**

Attached.

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.),
W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon,
Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP. Inc., Coalgrace, Inc., Coalgrace II, Inc.,
Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants. Inc., Dewey and Almy, LLC
(f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I. Inc., (f/k/a
Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC
Management Corporation. GN Holdings, Inc. GPC Thomasville Corp.. Gloucester New Communities
Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba. Grace Culinary
Systems, Inc.. Grace Drilling Company. Grace Energy Corporation, Grace Environmental. Inc.. Grace Europe.
Inc., Grace H-G Inc.. Grace H-G II Inc., Grace Hotel Services Corporation. Grace International Holdings, Inc.
(f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company. Grace PAR Corporation, Grace
Petroleum Libya Incorporated, Grace Tarpon Investors. Inc.. Grace Ventures Corp., Grace Washington, Inc.. W.
R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II. Inc.. Guanica-Caribe
Land Development Corporation, Hanover Square Corporation. Homco International. Inc., Kootenai
Development Company. L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding. Inc.. Grace JVH,
Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings
Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA
Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental
Liability Management. Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &
Fiberglass. Inc.. Water Street Corporation. Axial Basin Ranch Company, CC Partners (f/k/a Cross Country
Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WRG ASBESTOS PI TRUST
DISTRIBUTION PROCEDURES**

**5.2 Resolution of Pre-Petition Liquidated PI Trust Claims.**

**5.2(a) Processing and Payment.** As soon as practicable after the Effective Date, the PI Trust shall pay, upon submission by the claimant of the appropriate documentation, all PI Trust Claims that were liquidated (i) by a binding settlement agreement for the particular claim entered into prior to the Petition Date that is judicially enforceable by the claimant, (ii) by a jury verdict or non-final judgment in the tort system obtained prior to the Petition Date, ~~provided there is no supersedeas bond associated with such verdict or judgment,~~ (iii) by a judgment that became final and non-appealable prior to the Petition Date, or (iv) as a result of being allowed by the Bankruptcy Court (collectively "**Pre-Petition Liquidated Claims**").