IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) ) ) ) ) ) ) | Chapter 11 |
| W.R. GRACE & CO., *et al.,* | | Case No. 01-01139 (JKF) |
| Debtors. | | Jointly Administered |

**DISPUTED CLASSIFICATION DECLARATION REGARDING
FIREMAN'S FUND INSURANCE COMPANY'S PROOF OF CLAIM NO. 15175**

I, Richard Kowalczyk, declare as follows:

1. I am the Senior Director of Surety for Fireman's Fund Insurance Company ("Fireman's Fund"), a creditor and party in interest in Debtors' bankruptcy case. Specifically, I am responsible for matters pertaining to (i) the pre-petition supersedeas bond (the "Bond") posted by Fireman's Fund on behalf of W.R. Grace & Co. and W.R. Grace & Co.-Conn. (together, "Grace") in connection with Grace's appeal of a Texas state court judgment against it in five consolidated asbestos personal injury cases ("Edwards") and (ii) the Indemnity Agreement between Fireman's Fund and Grace that relates to the Bond. I am authorized to make this declaration on behalf of Fireman's Fund.

2. I submit this Disputed Classification Declaration pursuant to Paragraph 32 of the Court's Order Approving Disclosure Statement, Solicitation And Confirmation Procedures, Confirmation Schedule And Related Relief (Dkt. No. 20944) (the "Order"), so that Fireman's Fund may cast a provisional vote in Class 9 with respect to the unsecured portion of its Proof of Claim No. 15715 (the "Surety Claim").

3. Except as may be indicated below, I have personal knowledge of the facts stated herein, and could and would competently testify to them if called as a witness.

4.      Fireman's Fund's Surety Claim arises out of a contractual agreement between Fireman's Fund and Grace, set forth in the Indemnity Agreement, whereby Fireman's Fund provided to Grace the economic benefit of bonding its liability for the <u>Edwards</u> judgment in the amount of $43,038,931.91 so that the <u>Edwards</u> plaintiffs would not execute their judgment against Grace and its assets while the appeal of the <u>Edwards</u> judgment was pending.  By obtaining the Bond from Fireman's Fund, Grace avoided the need to deposit its own funds to secure the <u>Edwards</u> plaintiffs' judgment during the pendency of the appeal.

5.      As an express precondition to its willingness to issue the Bond, Fireman's Fund required that Grace enter into an indemnity agreement with Fireman's Fund (the "Indemnity Agreement"), pursuant to which Grace is obligated (i) to indemnify Fireman's Fund for any and all losses that Fireman's Fund may incur as a result of issuing the Bond, and (ii) to pay premiums on the Bond.  Grace's obligations under the Indemnity Agreement are secured by an Irrevocable Letter Of Credit issued by Wachovia Bank, N.A. that names Fireman's Fund as the Beneficiary.

6.      It is my understanding that Class 6 "Asbestos PI Claims" arise in tort, and are based on claims by individuals for asbestos-related injuries for which Grace (and/or other related debtors) is allegedly liable as the primary obligor.  Class 6 also includes the  "Indirect PI Trust" claims of (i) parties seeking non-contractual indemnity or contribution from Grace with respect to Grace's share of liability for a tort claim for which that party is also allegedly liable (such as Grace's co-defendants in asbestos personal injury actions) and (ii) parties who allege that Grace must indemnify them against tort claims because such parties are defending against tort claims based on their sale or transport of Grace products.

7.      Unlike those types of claims in Class 6, Fireman's Fund's Surety Claim

arises in contract, not tort. The Bond is properly viewed as a financial instrument, issued solely to guarantee Grace's performance in connection with the Edwards plaintiffs' judgment in the event that (a) Grace's appeal is not successful and (b) Grace is financially unable to pay the judgment at the time the appeal is resolved. Thus, under the Bond, Fireman's Fund is the secondary, not the primary, obligor to the underlying plaintiffs.

8. The Bond is distinct from liability insurance, because Fireman's Fund did not agree to assume any risk of liability for personal or property harms with Grace, as demonstrated by the fact that Grace agreed to fully indemnify Fireman's Fund for any losses that Fireman's Fund may incur under the Bond. Because Fireman's Fund's Surety Claim is dissimilar from other Class 6 claims, it should not be classified as a Class 6 claim. Rather, the unsecured portion of the Surety Claim should be included among other claims based on contract-based financial guarantees, which I understand are classified under the Plan as Class 9 claims.[1]

9. Exhibit 1 hereto is Fireman's Fund's completed original Class 6 ballot, reflecting Fireman's Fund's vote on the Plan if Debtors' classification of Fireman's Fund's Surety Claim as a Class 6 claim is upheld.

10. Exhibit 2 hereto is Fireman's Fund's completed provisional Class 9 ballot, reflecting Fireman's Fund's vote on the Plan for the unsecured portion of Fireman's Fund's Surety Claim if it prevails on its objection to Debtor's incorrect classification of the Claim.[2]

---

[1] A fuller explanation of Fireman's Fund's objection to the classification of the unsecured portion of its Surety Claim in Class 6 is provided in Fireman's Fund Phase II Surety Claim Objections to Confirmation of the Plan, being filed today.

[2] Portions of Fireman's Fund's Surety Claim are secured by the Irrevocable Letter of Credit issued by Wachovia Bank to secure Grace's obligations to Fireman's Fund under the Indemnity Agreement, including the payment of premiums on the Bond. It is my understanding

(continued…)

10. Exhibit 3 hereto is a true and correct copy of Fireman's Fund's Surety Claim, which in turn attaches true and correct copies of the judgment in the Edwards matter, the Bond, and the Indemnity Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2009, in Slanesville, West Virginia.

*Richard Kowalczyk*
Richard Kowalczyk

79020229.02

---

(continued)

that the secured portion of Fireman's Fund's Surety Claim is a Class 2 claim, which is unimpaired by the Plan and, therefore, deemed to accept the Plan.