# EXHIBIT A

**Hearing Date And Time: February 9, 2009 at 2:00 p.m.**
**Objection Deadline: February 5, 2009 at 8:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------ x
In re:                                           :
                                                 :    Chapter 11
T H AGRICULTURE & NUTRITION, L.L.C.,             :
                                                 :    Case No. 08-14692 (REG)
                     Debtor.                      :
                                                 :
------------------------------------------------ x
```

ORDER PURSUANT TO FED. R. BANKR. P. 9019
APPROVING THE STIPULATION AND AGREED ORDER

T H Agriculture & Nutrition, L.L.C. ("THAN" or the "Debtor"), as debtor and

debtor in possession, having moved on January 28, 2009 (the "Motion") for an order under

Bankruptcy Rule 9019, to approve a comprise, consisting of a Stipulation and Agreed

Order, dated as of January 28, 2009 (the "Stipulation," appended to the Motion as Exhibit

A) (i) approving the Stipulation;  and (ii) incorporating the language of the Stipulation into

the Debtor's Prepackaged Plan of Reorganization (the "Plan"); and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to Fed. R.

Bankr. P. 9019; and consideration of the Motion and relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Motion having been

provided to all Parties (as defined in the Motion) as well as all parties on the Master

Service List, as defined in the Court's Order (I) Establishing Notice Procedures And (II)

Authorizing Preparation Of A Consolidated List Of Creditors In Lieu Of A Matrix, dated

November 25, 2008; and no other or further notice of the Motion being necessary; and the

relief requested in the Motion being in the best interests of the Debtor, its estate, and its

creditors; and the Court having reviewed the Motion and having heard the statements in

-1-

support of the relief requested therein at a hearing before the Court held and concluded on

February 9, 2009 (the "Hearing"); and the Court having determined that the legal and

factual bases set forth in the Motion and at the Hearing establish just cause for the relief

granted herein; and upon all the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is hereby granted; and it is further

ORDERED that the terms of the Stipulation are hereby approved and shall be

incorporated into and made part of the Debtor's Plan; and it is further

ORDERED that this Court shall retain jurisdiction over any proceeding that

involves the validity, enforceability, application, scope, construction, modification or

implementation of the Stipulation and this Order; and it is further

ORDERED that service of the Motion as provided therein shall be deemed

good and sufficient service of such Motion.

Dated: New York, New York
       February _10_, 2009

*S/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| T H AGRICULTURE & NUTRITION, L.L.C., | Case No. 08-14692 (REG) |
| Debtor. | |

## STIPULATION AND AGREED ORDER

This Stipulation and Agreed Order is entered into as of January 28, 2009, among T H Agriculture & Nutrition, L.L.C. ("THAN"), Philips Electronics North America Corporation ("PENAC"); Professor Samuel Issacharoff, in his capacity as the court-appointed legal representative in THAN's Chapter 11 bankruptcy case (the "Future Claimants' Representative"); the Official Committee of Unsecured Creditors of T H Agriculture & Nutrition, L.L.C. (the "ACC"); and the insurers named in the signature block below[1] (each an "Insurer" and collectively, the "Insurers," and together with THAN and the PENAC Related Parties, the Future Claimants' Representative, and the ACC, the "Parties").[2]

WHEREAS, on November 24, 2008 (the "Commencement Date"), THAN filed a petition for bankruptcy under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as in effect on the Commencement Date (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and is currently operating as a debtor-in-possession in its Chapter 11 case, Case No. 08-14692 (REG) (the "Bankruptcy Case");

WHEREAS, THAN is the proponent of the *Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of T H Agriculture & Nutrition, L.L.C.*, including any supplements, schedules and exhibits thereto (as such plan may be further modified, amended or supplemented from time to time, the "Plan") filed in the Bankruptcy Case. Each of THAN and the PENAC Related Parties, the Future Claimants' Representative, and the ACC (collectively, the "Plan Supporters") supports the Plan;

---

[1]    The Insurers named in the signature block below are: The Travelers Indemnity Company; The Travelers Indemnity Company of Connecticut (f/k/a The Travelers Company of Rhode Island); Travelers Casualty and Surety Company (f/k/a The Aetna Casualty Surety Company); Travelers Property Casualty Company of America (f/k/a The Travelers Indemnity Company of Illinois); Federal Insurance Company; Fireman's Fund Insurance Company; United States Fire Insurance Company; and Arrowood Indemnity Company (f/k/a Royal Indemnity Company); Continental Casualty Company; Pacific Insurance Company; Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America; and Ace Property and Casualty Insurance Company, formerly Cigna Property and Casualty Insurance Company, formerly known as Aetna Insurance Company; and Munich Reinsurance America, Inc. (f/k/a American Re-Insurance Company).

WHEREAS, claimants have asserted or may in the future assert Asbestos PI Claims and Demands against THAN and the PENAC Related Parties and/or the Asbestos PI Trust;

WHEREAS, THAN and the PENAC Related Parties have asserted that the Insurers issued one or more Asbestos PI Insurance Contracts (as defined below) to or for the benefit of some or all of THAN and the PENAC Related Parties that allegedly provide coverage for such Asbestos PI Claims and Demands;

WHEREAS, prior to the Commencement Date, THAN initiated the Coverage Case (as defined below) against several of PENAC's and/or THAN's prepetition insurers (including some of the Asbestos Insurance Entities);

WHEREAS, the Plan and the Plan Documents provide for (among other things) the issuance of an injunction under 11 U.S.C. § 524(g) enjoining all Asbestos PI Claims and Demands against THAN and the PENAC Related Parties and the creation of an Asbestos PI Trust to be funded by the Asbestos PI Trust Contributions;

WHEREAS, the Plan Documents include procedures and mechanisms by which Asbestos PI Claims and Demands may be settled, allowed, assigned values, liquidated and paid, including the Asbestos PI Trust Distribution Procedures, attached as Exhibit C to the Plan;

WHEREAS, prior to the Commencement Date, THAN and the PENAC Related Parties negotiated the Plan with, *inter alia*, the Asbestos Claimants Group, and the Future Claimants' Representative;

WHEREAS, the Insurers assert that no Insurer was invited to participate in and did not participate in, that no Insurer was consulted on, and that no Insurer consented to the negotiation, formulation or solicitation of the Plan, the Asbestos PI Trust Distribution Procedures and any other Plan Documents;

WHEREAS, the Insurers have informed Plan Supporters that, in the absence of this Stipulation and Agreed Order and changes to the insurance neutrality provisions of the Plan, they intend to object to confirmation of the Plan, and Plan Supporters wish to avoid such objections;

WHEREAS, the Parties have addressed herein various issues, certain of which, including those addressed in section 6 below, THAN and the PENAC Related Parties contend are unrelated to insurance neutrality but are nevertheless the subject of the compromises between the Parties to the Stipulation and Agreed Order which culminated in this Stipulation and Agreed Order; and

WHEREAS, the Bankruptcy Court may approve and enter this Stipulation and Agreed Order as a core matter pursuant to 11 U.S.C. §§ 105 and 1129, Bankruptcy Rule 9019, and 28

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan as they may be modified or amended by this Stipulation.

- 2 -

DOCSNY-346844v04

U.S.C. § 157 and in accordance with the jurisdiction granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334.

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED BY THE BANKRUPTCY COURT, AS FOLLOWS:

1.      In express reliance on the terms of this Stipulation and Agreed Order, and without prejudice to any right, Claim or defense (including, *inter alia*, any Asbestos PI Insurer Coverage Defense) that any Asbestos Insurance Entity may have under any Asbestos PI Insurance Contract or any other insurance policy and applicable law to dispute coverage for any Coverage Claims (as defined below) or Asbestos PI Claim or Demand (including the right to litigate any matter set forth in paragraphs 2(a) and (b) below in any Asbestos Insurance Action), the Asbestos Insurance Entities executing this Bankruptcy Stipulation agree not to object to confirmation of the Plan in the Bankruptcy Case on any grounds.  In the event THAN modifies or supplements the Plan after the effective date hereof ("New Amendment") in a way that adversely impacts the interests of any Party under this Stipulation and Agreed Order or any Asbestos Insurance PI Contract, then any Party to this Stipulation and Order may, to the extent consistent with the Bankruptcy Code and any procedures set by the Bankruptcy Court for Plan amendments and objections thereto, object to such New Amendment to the extent and only to the extent that such New Amendment adversely affects the interests under this Stipulation and Order or any Asbestos Insurance PI Contract; provided, however, that to the extent that any New Amendment is made affecting the substance of Sections 1.95, 1.104, or 1.127 of the Plan, any Asbestos Insurance Entity shall have the option of declaring this Stipulation and Agreed Order null and void but only with respect to that Asbestos Insurance Entity, provided further, that any such Asbestos Insurance Entity cannot and will not object to Section 11.9 of the Plan and thus, any such objection is hereby waived.

2.      Nothing in the Plan, the Asbestos PI Trust Distribution Procedures, the other Plan Documents, any Confirmation Order, or any other judgment, order, finding of fact, conclusion of law, determination or statement (written or verbal, on or off the record) made by the Bankruptcy Court or issued or affirmed by the District Court or entered by any other court exercising jurisdiction over the Bankruptcy Case, including in any judgment, order, writ or opinion entered on appeal from any of the foregoing, shall in any Asbestos Insurance Action:

    a.  constitute any adjudication, judgment, trial, hearing on the merits, finding, conclusion, other determination, or evidence or suggestion of any such determination:

        i.      establishing the liability (in the aggregate or otherwise) or coverage obligation of any Asbestos Insurance Entity for any Coverage Claims, including, *inter alia*, on the basis of the decision in *UNR Industries, Inc. v. Continental Casualty Co.*, 942 F.2d 1101 (7th Cir. 1991);

        ii.      establishing the liability or obligation of THAN and the PENAC Related Parties or the Asbestos PI Trust with respect to any Asbestos PI Claim or Demand, either with respect to each individual Asbestos Insurance Entity or all Asbestos Insurance Entities in the aggregate (including, *inter alia*, whether any of

- 4 -

THAN and the PENAC Related Parties or the Asbestos PI Trust have suffered an insured loss);

     iii.    establishing that the value of the present and future Asbestos PI Claims or Demands is equal to the amount to be paid by THAN and/or PENAC into the Asbestos PI Trust;

     iv.    establishing that it is reasonable, appropriate, in good faith, or consistent with the terms and conditions of any Asbestos PI Insurance Contract for Reorganized THAN, THAN and the PENAC Related Parties, or the Asbestos PI Trust, to settle, allow, assign any value to, liquidate, and/or pay (or present to any Asbestos Insurance Entity for payment) any Asbestos PI Claim or Demand on any terms or conditions contemplated by the Plan, the Asbestos PI Trust Distribution Procedures (including any procedures, matrices or criteria used or considered in valuing, estimating or allowing Asbestos PI Claims and Demands thereunder), any other Plan Documents, or any other agreement;

     v.    establishing that the Plan, any other Plan Document, or any other agreement (including any procedures, matrices or criteria used or considered in valuing, estimating or allowing Asbestos PI Claims and Demands thereunder) are reasonable, appropriate or entered into in good faith, or consistent with any procedures that were used to evaluate, settle or pay Asbestos PI Claims and Demands against THAN and the PENAC Related Parties before the Commencement Date or under the terms and conditions of any Asbestos PI Insurance Contract or applicable nonbankruptcy law;

     vi.    establishing that the conduct of the Plan Supporters, Asbestos Claimants Group, and the holders of Asbestos PI Claims and Demands in connection with the negotiation, development, settlement and/or implementation of the Plan (including the aggregate value or amount of the Asbestos PI Trust Contributions), the other Plan Documents, or any related agreements was, is or will be reasonable, appropriate, in good faith, or consistent with the terms and conditions of any Asbestos PI Insurance Contract or applicable nonbankruptcy law;

     vii.    establishing that any Asbestos Insurance Entity was invited to participate in or participated in, consulted on, and/or consented to the negotiation, proposal, solicitation or approval of the Plan, the Asbestos PI Trust Distribution Procedures and other Plan Documents;

     viii.    establishing that any Asbestos Insurance Entity had, has or will have a reasonable, good-faith basis to withhold consent to the settlement amongst the Plan Supporters, Asbestos Claimants Group, and the holders of Asbestos PI Claims and Demands, including the aggregate value or amount of the Asbestos PI

DOCSNY-346844v04

Trust Contributions under or in connection with the Plan, any other Plan
Document, or any other agreement; and

ix.     establishing that any Asbestos Insurance Entity had, has or will
have a reasonable, good-faith basis to withhold consent to the settlement,
allowance or liquidation of, assignment of any value to and/or payment of
(including any presentation to any Asbestos Insurance Entity for payment of) any
Asbestos PI Claim or Demand, including under or in connection with the Plan,
any other Plan Document, or any related agreement.

b.     have any *res judicata*, collateral estoppel or other preclusive effect against any
Party with respect to any matter set forth in section 2(a) hereof, or shall otherwise
prejudice, diminish, impair or affect (under principles of waiver, estoppel, or otherwise)
any defense, Claim or right any Party may have under any Asbestos PI Insurance
Contract or applicable nonbankruptcy law with respect thereto.  Without limiting the
foregoing, it is expressly agreed by all Parties that, for purposes hereof, the Parties are not
litigating any issue set forth in section 2(a) hereof or any other Asbestos PI Insurer
Coverage Defense or other coverage issue of any kind in the Bankruptcy Case; or

c.     be offered as evidence, argued, relied on, cited, used, or otherwise asserted to
be relevant in any way to the determination of any matter set forth in section 2(a) hereof
against any Party, and against any other Entity seeking coverage or any related relief or
asserting any Claim, right or defense, with respect to any Coverage Claims, any Asbestos
PI Insurance Contract or otherwise, subject to sections 6(c), 6(d), and 6(e) herein.

3.     Nothing in the Plan, the Asbestos PI Trust Distribution Procedures, the other Plan
Documents, any Confirmation Order, or any other judgment, order, finding of fact, conclusion of
law, determination or statement (written or oral, on or off the record) made by the Bankruptcy
Court or issued or affirmed by the District Court or entered by any other court exercising
jurisdiction over the Bankruptcy Case, including any judgment, order, writ or opinion entered on
appeal from any of the foregoing shall in any Asbestos Insurance Action or other Coverage
Claim:

a.     establish the validity of any assumption of Environmental Liabilities or
other liabilities of any kind under Section 9.5 of the Plan or impair or affect in any way
any Claims, rights or defenses that any Asbestos Insurance Entity or other insurer might
have with respect thereto;

b.     have any *res judicata*, collateral estoppel or other preclusive effect against
any Party or other insurer with respect to any matter set forth in section 3(a) hereof, or
shall otherwise prejudice, impair or affect (under principles of waiver, estoppel or
otherwise) any defense, Claim or right any Party or other insurer might have under any
Asbestos PI Insurance Contract or applicable nonbankruptcy law with respect thereto; or

- 6 -

      c.     be offered as evidence, argued, relied on, cited, used or otherwise asserted to be relevant in any way to the determination of any matter set forth in section 3(a) hereof against any Party, and against any other Entity seeking coverage or related relief, or asserting any Claim, right or defense with respect to any Environmental Liabilities or other liabilities of any kind, subject to sections 6(c), 6(d), and 6(e) herein.

     4.     Nothing in the Plan, the Asbestos PI Trust Distribution Procedures, the other Plan Documents, any Confirmation Order, or any other judgment, order, finding of fact, conclusion of law, determination or statement (written or verbal, on or off the record) made by the Bankruptcy Court or issued or affirmed by the District Court or entered by any other court exercising jurisdiction over the Bankruptcy Case, including in any judgment, order, writ or opinion entered on appeal from any of the foregoing, shall be deemed to grant to any Entity, other than THAN, Reorganized THAN or the PENAC Related Parties, pursuant to the terms of an Asbestos PI Insurance Contract, any right to sue any Asbestos Insurance Entity directly, in connection with any Asbestos PI Claim or Demand or any Asbestos PI Insurance Contract, that such Entity did not have under applicable nonbankruptcy law prior to the commencement of the Bankruptcy Case.

     5.     Without limiting the provisions of paragraph 2 hereof or Article 10.4 of the Plan, it is agreed that in considering whether to confirm the Plan and to approve the Asbestos PI Trust Distribution Procedures and the other Plan Documents, the Bankruptcy Court, the District Court, or any other court exercising jurisdiction over the Bankruptcy Case, is not considering, and is not deciding, any matter at issue or which may be raised as an issue in any Asbestos Insurance Action. Thus, any judgment, order, finding of fact, conclusion of law, determination or other statement of the Bankruptcy Court or issued or affirmed by the District Court or entered by any other court exercising jurisdiction over the Bankruptcy Case, including any Confirmation Order or other judgment, the Asbestos PI Trust Distribution Procedures and/or the other Plan Documents and any finding, conclusion or determination entered in connection therewith, is not intended—and shall not be construed—to constitute a finding, conclusion or determination regarding any matter set forth in paragraph 2 hereof or any other issue for any insurance coverage purpose whatsoever. The foregoing limitation shall apply to any finding, conclusion or determination, opinion, or statement by the Bankruptcy Court or the District Court that:

      a.   the Plan, the Asbestos PI Trust Distribution Procedures and/or the other Plan Documents (i) were approved and confirmed under the Bankruptcy Code, (ii) comply with the applicable provisions of the Bankruptcy Code in accordance with 11 U.S.C. § 1129(a)(1), (iii) were proposed in good faith and not by any means forbidden by law in accordance with 11 U.S.C. § 1129(a)(3), (iv) comply with the other requirements of  11 U.S.C. §§ 1129 and 524(g) (including whether the Asbestos PI Trust will operate through mechanisms that provide reasonable assurance that the Asbestos PI Trust will value, and be in a financial position to pay, present claims and future demands that involve similar claims in substantially the same manner), and/or (v) otherwise satisfy the requirements of bankruptcy law or other applicable nonbankruptcy law;

DOCSNY-346844v04

b. the Plan, the Asbestos PI Trust Distribution Procedures, and the other Plan Documents are fair and reasonable, equitable, in good faith, were entered at arm's length without collusion, were in the best interests of THAN and the PENAC Related Parties, their creditors and their bankruptcy estates, were appropriate, and/or otherwise satisfy the standards for approval of a compromise or settlement under the bankruptcy laws (including under 11 U.S.C. §§ 1123(b)(3) and 1129 and/or Fed. R. Bankr. P. 9019); or

c. any settlement (including the Asbestos PI Trust Contributions), compromise, allowance or liquidation of, any assignment of value to, or payment of (including any presentation to any Insurer for payment of) any Asbestos PI Claim or Demand recognized under, implemented by, or entered into in connection with, the Plan, the Asbestos PI Trust Distribution Procedures, the other Plan Documents, or any related agreement, is approved, is fair and reasonable, is equitable, is in good faith, was entered at arm's length without collusion, is in the best interests of THAN and the PENAC Related Parties, their creditors and their bankruptcy estates, is appropriate and/or otherwise satisfies the standards for approval of a compromise or settlement under the bankruptcy laws (including under 11 U.S.C. §§ 1123(b)(3) and 1129 and/or Fed. R. Bankr. P. 9019).

By way of example only, and without limiting the foregoing in any way, a determination by the Bankruptcy Court, the District Court or any other court exercising jurisdiction over the Bankruptcy Case that the Asbestos PI Trust Distribution Procedures and/or the settlement set forth in the Plan (including the Asbestos PI Trust Contributions) are "fair and reasonable" or entered in "good faith" is a determination solely for purposes of the Bankruptcy Code and other applicable bankruptcy law as between THAN and its creditors and not as to the Insurers for any coverage purposes, and is not a determination or suggestion that—and shall not be relevant to a determination whether—the Asbestos PI Trust Distribution Procedures and/or the settlement set forth in the Plan (including the Asbestos PI Trust Contributions) (x) is a reasonable settlement entered in good faith for purposes of insurance coverage under an Asbestos PI Insurance Contract, (y) determines the liability or obligation of THAN and the PENAC Related Parties or the Asbestos PI Trust with respect to any Asbestos PI Claim or Demand (including whether THAN and the PENAC Related Parties or the Asbestos PI Trust have suffered an insured loss), or (z) determines the liability or obligation of any Asbestos Insurance Entity with respect to any Coverage Claim, which are matters governed by the applicable Asbestos PI Insurance Contract(s) and are to be decided solely by a Coverage Court in an Asbestos Insurance Action without regard to any determinations, findings or statements made by the Bankruptcy Court, the District Court or any other court exercising jurisdiction over the Bankruptcy Case.

6. Pursuant to section 11 of this Stipulation and Agreed Order, the Parties agree that:

a. any demand for payment made to any Asbestos Insurance Entity that is a signatory to this Stipulation and Agreed Order, including for any Coverage Claims, indemnity Claims or any other Claims raised against any Asbestos Insurance Entity in any Asbestos Insurance Action, shall only be based on, and can only be brought for, the amount of the actual payments (aggregate or otherwise) made by the Asbestos PI Trust to

- 8 -

DOCSNY-346844v04

any holders of Asbestos PI Claims and Demands, and not based upon, *inter alia*, any payment not yet actually made to the holders of Asbestos PI Claims and Demands, nor based upon payments or amounts that will, or might, be paid at some point in the future to the holders of Asbestos PI Claims and Demands, but which have not yet actually been paid, nor based upon the aggregate value or amount of the Asbestos PI Trust Contributions made under or in connection with the Plan, any other Plan Document, or any related agreement.  This section 6(a) shall not be construed to limit or preclude any Claims against any Asbestos Insurance Entity for declaratory relief concerning actual payments made by the Asbestos PI Trust to any holders of Asbestos PI Claims and Demands;

b.    any demand for payment made to any Asbestos Insurance Entity that is a signatory to this Stipulation and Agreed Order, including for any Coverage Claims, indemnity Claims or any other Claims raised against any Asbestos Insurance Entity in an Asbestos Insurance Action, shall not be raised or brought against any Asbestos Insurance Entity until the Asbestos PI Trust has actually paid the holder or holders of the Asbestos PI Claims and Demands for which such demand for payment made towards an Asbestos Insurance Entity is based, and shall seek such demand for payment only to the extent of the actual payments to holders of Asbestos PI Claims and Demands, and not for any amount that may be paid by the Asbestos PI Trust in the future.  This section 6(b) shall not be construed to limit or preclude any Claims against any Asbestos Insurance Entity for declaratory relief concerning actual payments made by the Asbestos PI Trust to any holders of Asbestos PI Claims and Demands;

c.    subject to section 6(e), any Asbestos Insurance Action shall proceed subject to the rules and procedures of the Coverage Court and applicable nonbankruptcy law; provided, that if such Asbestos Insurance Action is submitted to a trier of fact, none of the Parties may alert any trier of fact to the fact of or otherwise mention the Confirmation Order, or any other judgment, order, finding of fact, conclusion of law, determination or statement made by any court exercising jurisdiction over the Bankruptcy Case with regard to confirmation of the Plan;

d.    subject to section 6(e), with respect to Plan Documents other than the Confirmation Order, or any other judgment, order, finding of fact, conclusion of law, determination or statement made by any court exercising jurisdiction over the Bankruptcy Case with regard to confirmation of the Plan (whether Plan Documents or not), and notwithstanding paragraphs 2, 3 and 6(c) above, if and only if it is reasonably necessary to prove a particular Claim, right or defense, a Party to an Asbestos Insurance Action may, subject to objection, offer specific portions only of the Plan Documents (excluding the Confirmation Order or any findings or conclusions in connection therewith), but provided that any such Documents are redacted to the maximum extent possible (the extent of which redaction shall be agreed to by the Parties to the Action beforehand or, if agreement cannot be reached, shall be decided by the presiding judge, magistrate or arbiter):  (i) to remove all unnecessary references to the Bankruptcy Case or any aspect

- 9 -

thereof; and (ii) to remove references to any portions of those documents not directly related to the purpose for which the document is being offered or put before the trier of fact. Under no circumstances shall any Party refer to, offer, submit or put before a trier of fact the Confirmation Order, or any other judgment, order, finding of fact, conclusion of law, determination or statement (written or oral, on or off the record) made by any court exercising jurisdiction over the Bankruptcy Case. In the limited instances, if any, where any Party is permitted to refer to or put before a jury redacted versions of the Plan Documents and such Plan Documents refer to any aspect of the Bankruptcy Case, or where any Party or witness makes indirect or direct reference to the Bankruptcy Case, any other Party shall be entitled to have the presiding judge or magistrate issue a limiting instruction (the specific language of which shall be agreed to by the Parties or, if agreement cannot be reached, shall be decided by the presiding judge or magistrate) which, at a minimum, shall specify: (i) that the fact that THAN might have filed the Bankruptcy Case is irrelevant to the jury's insurance coverage determinations; (ii) that the pertinent language was drafted solely for purposes of the Bankruptcy Case; (iii) that by mutual agreement, the Asbestos Insurance Entities did not and could not participate in the Bankruptcy Case; (iv) that the pertinent language is not binding on the Asbestos Insurance Entities for purposes of the Asbestos Insurance Action; and (v) that the Bankruptcy Court decided no issues that are relevant to any issue in an Asbestos Insurance Action and/or pertinent to any Coverage Claim. If there is no jury, the trier of fact shall be advised that the substance of this limiting instruction applies to that Asbestos Insurance Action; and

      e.    . Notwithstanding section 6(c) or 6(d), the judge, magistrate or arbiter presiding over any Asbestos Insurance Action: (i) shall be provided with a copy of this Bankruptcy Insurance Stipulation and the Parties shall jointly move for its entry in such Action and (ii) may be made aware: (x) that PENAC and/or Reorganized THAN have the right to pursue Coverage Claims against Non-Settling Insurers under the confirmed Plan, (y) that such Asbestos Insurance Action is to otherwise proceed under and be governed in all respects by applicable nonbankruptcy law, and (z) of other aspects of the Bankruptcy Case as may be necessary to explain the Bankruptcy Insurance Stipulation or respond to inquiries made by the judge, magistrate or arbiter. If a third-party proposes disclosure to a jury inconsistent with this section 6, the Parties to such Asbestos Insurance Action shall jointly move *in limine* for entry of an order preventing such disclosure.

      7.     Nothing in this Stipulation and Agreed Order shall in any way operate to diminish or impair, or have the effect of diminishing or impairing, any and all rights, defenses, Claims, causes of action and protections afforded the Parties under Article 10.4 of the Plan. The terms of this Stipulation and Order are in addition to, and not in any way in limitation of, the provisions of Article 10.4 of the Plan.

      8.     The Plan is hereby modified and amended as set forth below:

- 10 -

a.  Article 1.10 of the Plan is hereby amended and restated in its entirety to read as follows:

**Asbestos Insurance Action** means any Claim, Cause of Action (pending now or commenced in the future), arbitration or right of PENAC, Reorganized THAN, or THAN against any Asbestos Insurance Entity related to any Asbestos PI Insurance Contract, any Insurance Settlement Agreement or any other settlement agreement with any Asbestos Insurance Entity, or any Claim, Cause of Action (pending now or commenced in the future), or right of any Asbestos Insurance Entity against any of PENAC, Reorganized THAN, or THAN related to any Asbestos PI Insurance Contract, any Insurance Settlement Agreement or any other settlement agreement with any Asbestos Insurance Entity, including but not limited to, (a) the Coverage Case, (b) Coverage Claims, (c) Insurer Contribution Claims, (d) any Claim or Cause of Action (pending now or commenced in the future) seeking to determine or enforce claimed coverage obligations relating to defense or indemnity obligations arising under Asbestos PI Insurance Contracts for one or more Asbestos PI Claim(s), Demand(s), and/or related issues, or (e) any Claim, Cause of Action (pending now or commenced in the future), or right arising from, under or related to: (i) any such Asbestos Insurance Entity's failure or alleged failure to provide coverage or pay amounts billed to it for Asbestos PI Claims, whether prior to or after the Commencement Date, under an Insurance Settlement Agreement; (ii) the refusal or alleged refusal of any Asbestos Insurance Entity to pay any obligations on, or compromise and settle, any Asbestos PI Claim under or pursuant to any Asbestos PI Insurance Contract; or (iii) the interpretation or enforcement of the terms of any Asbestos PI Insurance Contract with respect to any Asbestos PI Claim.

b.  Article 1.11 of the Plan is hereby amended and restated in its entirety to read as follows:

**Asbestos Insurance Entity** means any Entity, including any insurance company, broker, or guaranty association, that has issued, or that has any actual, potential or alleged liabilities, duties or obligations under or with respect to, any Asbestos PI Insurance Contract or any other insurance policy that provides or allegedly provides coverage to PENAC or THAN for Asbestos PI Claims.

c.  Article 1.78 of the Plan is hereby amended and restated in its entirety to read as follows:

**Indirect Asbestos PI Claim** means those cross-claims, contribution claims, subrogation claims, reimbursement claims, indemnity claims, and

- 11 -

DOCSNY-346844v04

other similar derivative or indirect Claims, Demands, or allegations against THAN or any Settling Insurer, whether or not any such Claim, Demand, debt, liability or obligation is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, whether or not the facts of or legal bases therefore are known or unknown, and whether in the nature of or sounding in tort, or under contract or implied by law (as defined by the applicable nonbankruptcy law of the relevant jurisdiction), warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law, equity, or admiralty for, arising out of, resulting from, or relating to directly or indirectly, death, bodily injury, sickness, disease, or other personal or emotional injuries to persons caused, or allegedly caused, directly or indirectly, by the presence of, or exposure to, asbestos – including asbestos-containing products, equipment, components, parts, improvements to real property, or materials engineered, designed, marketed, manufactured, fabricated, constructed, sold, supplied, produced, installed, maintained, serviced, specified, selected, repaired, removed, replaced, released, distributed, or in any way used by THAN or any Entity for whose products or operations THAN has liability or is alleged to have liability – to the extent arising, directly or indirectly from acts, omissions, business or operations of THAN (including the acts, omissions, business or operations of any other Entity for whose products or operations THAN has liability, to the extent of THAN's liability for such acts, omissions, business, or operations) (including any acts or omissions that constituted or may have constituted ordinary or gross negligence or reckless, willful, or wanton misconduct of THAN or any other Entity for whose products or operations THAN has liability or is alleged to have liability or any conduct for which THAN, or any other Entity for whose products or operations THAN has liability or is alleged to have liability, may be deemed to have strict liability under any applicable law) including claims, debts, obligations, or liabilities for compensatory damages, loss of consortium, medical monitoring, personal or bodily injury, wrongful death, survivorship, proximate, consequential, general, and special damages.

    d.   Article 1.115 of the Plan is hereby amended and restated in its entirety to read as follows:

**Released Party** means each of the following: (a) the Asbestos Claimants Group; (b) THAN; (c) Reorganized THAN; (d) the Future Claimants' Group; (e) the Asbestos Protected Parties; (f) the Official Committee of Unsecured Creditors of T H Agriculture & Nutrition, L.L.C.; or (g) any current or former Representative of the foregoing.

- 12 -

e.  The following definitions are hereby added to Article I of the Plan in the appropriate alphabetical order:

**Asbestos PI Insurance Contracts** means any insurance policy or policies issued or allegedly issued by any Asbestos Insurance Entity to PENAC or THAN that provide or allegedly provide coverage to PENAC or THAN for Asbestos PI Claims, including, without limitation, any Shared Asbestos Insurance Policies, any settlement agreement or any Insurance Settlement Agreements.

**Bankruptcy Insurance Stipulation** means that certain Stipulation and Agreed Order, entered by the Bankruptcy Court on [_____ __], 2009 as Docket no. __, by and between Debtor, PENAC, certain Asbestos Insurance Entities, Future Claimants' Representative, and the Official Committee of Unsecured Creditors, as such Stipulation and Agreed Order may subsequently be amended and modified by written agreement of the parties thereto.

**Coverage Case** means that certain declaratory judgment action initiated by THAN against certain Asbestos Insurance Entities, pending in the Circuit Court of Cook County, Illinois, captioned as *TH Agriculture & Nutrition, L.L.C. v. ACE Property and Cas. Co., et al.*, Case No. 02 CH 19037.

**Coverage Claims** means any claim, cause of action, cross-claim, contribution claim, subrogation claim, reimbursement claim, indemnity claim, and other similar claims, demands, or allegations asserted or to be asserted by any PENAC Entity or Reorganized THAN (as applicable) against any Asbestos Insurance Entity, whether in the nature of or sounding in tort, or under contract or implied by law (as defined by the applicable nonbankruptcy law of the relevant jurisdiction), warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law, equity, or admiralty, arising out of, resulting from, or relating to, directly or indirectly, any Asbestos PI Insurance Contract, any Asbestos PI Claim, any Environmental Liability, any Agent Orange liability, or any benzene liability.

**Coverage Court** means any court or other tribunal, including the Circuit Court of Cook Country, Illinois, in which any Asbestos Insurance Action or other Coverage Claim is pending.

**Insurer Contribution Claim** means any claim, cause of action, cross-claim, contribution claim, subrogation claim, reimbursement claim,

- 13 -

indemnity claim, and other similar claims, demands, or allegations asserted or to be asserted by any Non-Settling Insurer against any PENAC Entity, Reorganized THAN, or any Asbestos Protected Party, whether in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law, equity, or admiralty, arising out of, resulting from, or relating to, directly or indirectly, any Asbestos PI Insurance Contract.

**Non-Settling Insurer** means any Asbestos Insurance Entity that is not a Settling Asbestos Insurance Entity or a Post-Confirmation Settling Asbestos Insurance Entity.

**Settling Insurer** means any Asbestos Insurance Entity that is either a Settling Asbestos Insurance Entity or a Post-Confirmation Settling Asbestos Insurance Entity.

f.    Article 8.4 of the Plan is hereby amended and restated in its entirety with the following text:

**Preservation of Insurance.** Subject to the terms and provisions of the Bankruptcy Insurance Stipulation, nothing in the Plan, the Plan Documents or the Confirmation Order, including the discharge and release of THAN and the Asbestos PI Channeling Injunction, shall diminish, impair or otherwise affect the enforceability of any Asbestos PI Insurance Contract with any Asbestos Insurance Entity that may be obligated to provide, or has settled the issue of, coverage for Claims or Demands against THAN.

g.    Article 9.7 of the Plan is hereby amended and restated in its entirety with the following text:

**Insurance Assignment.** Subject to the terms and provisions of the Bankruptcy Insurance Stipulation, on the Effective Date, THAN shall assign its rights to receive insurance proceeds from any Asbestos PI Insurance Contract, Insurance Settlement Agreement and the Insurance Settlement Proceeds Trust to PENAC.

h.    The final sentence of Article 10.2 of the Plan is hereby amended and restated in its entirety with the following text:

Nothing in this Article 10.2, however, shall be deemed to be a transfer by THAN or Reorganized THAN of any Claims, rights, Causes of Action, or defenses relating to assumed Executory Contracts or which otherwise are

- 14 -

DOCSNY-346844v04

required by Reorganized THAN to conduct its business in the ordinary course subsequent to the Effective Date, and the preservation of all rights, Claims, Causes of Action, and defenses pursuant to this Article 10.2 shall be expressly subject to the terms and provisions of the Bankruptcy Insurance Stipulation.

     i.   Article 10.3 of the Plan is hereby amended and restated in its entirety with the following text:

    **Institution and Maintenance of Legal and Other Proceedings.** Subject to the terms and provisions of the Bankruptcy Insurance Stipulation, from and after the Effective Date, PENAC or Reorganized THAN shall be empowered and entitled, in its sole and absolute discretion, to pursue, compromise or settle THAN's or Reorganized THAN's interests in the Asbestos Insurance Actions. Subject to the terms and provisions of the Bankruptcy Insurance Stipulation, the duties, obligations and liabilities of any Asbestos Insurance Entity under all insurance policies, including, but not limited to, the Asbestos PI Insurance Contracts, all Insurance Settlement Agreements, and all other settlement agreements are not enlarged or diminished, reduced or eliminated by any aspect of the Chapter 11 Case, provided, that all Asbestos PI Insurer Coverage Defenses are preserved in accordance with Article 10.4 of the Plan.

     j.   Article 10.4 of the Plan is hereby amended and restated in its entirety with the following text:

    **Insurance Neutrality.** Subject to the terms and provisions of the Bankruptcy Insurance Stipulation and notwithstanding anything to the contrary in the Confirmation Order, the Plan or any of the Plan Documents, nothing in the Plan, the Plan Documents, the Confirmation Order, any finding of fact and/or conclusion of law with respect to the confirmation of the Plan, or any Final Order or opinion entered on appeal from the Confirmation Order (including any other provision that purports to be preemptory or supervening) shall in any way operate to, or have the effect of, impairing: (a) any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect under any Asbestos PI Insurance Contract, or with respect to Coverage Claims; or (b) any policyholder's legal, equitable or contractual rights, if any, in any respect under any Asbestos PI Insurance Contract, or with respect to Coverage Claims. Subject to the terms and provisions of the Bankruptcy Insurance Stipulation, the rights and obligations of any Asbestos Insurance Entity shall be determined under the insurance policies, including, but not limited to any Asbestos PI Insurance Contracts. Notwithstanding anything in this Article 10.4 to the contrary, nothing in this Article 10.4 shall affect or

- 15 -

limit, or be construed as affecting or limiting: (a) the binding effect of the Plan and the Confirmation Order on THAN, Reorganized THAN, the Asbestos PI Trust and the beneficiaries of such trust; or (b) the protection and rights afforded to any Asbestos Insurance Entity, PENAC or THAN, including under or with respect to the terms and provisions of the Bankruptcy Insurance Stipulation. It is the intent of this Plan that the Asbestos Insurance Entities, PENAC and THAN shall retain, and be permitted to assert, all Claims and/or defenses (including, inter alia, any Asbestos PI Insurer Coverage Defenses) relating to Asbestos PI Claims, Coverage Claims and/or Asbestos PI Insurance Contracts, notwithstanding any provision of the Plan, the Plan Documents, the Confirmation Order, any finding of fact and/or conclusion of law with respect to the confirmation of the Plan, or any Final Order or opinion entered on appeal from the Confirmation Order.

    k.   Article 11.3 of the Plan is hereby amended and restated in its entirety with the following text:

Except for contractual or extracontractual Claims against THAN, Reorganized THAN, or PENAC, relating to or arising out of any Asbestos PI Insurance Contract, none of the Released Parties shall have or incur any liability to any holder of a Claim or Equity Interest, including, without limitation, the Asbestos PI Claims, for any act or omission in connection with, related to, or arising out of: (a) the Chapter 11 Case; (b) pursuit of confirmation of the Plan; (c) consummation of the Plan, or administration of the Plan or the property to be distributed under the Plan or the Asbestos PI Trust Distribution Procedures; (d) the Plan; or (e) the negotiation, formulation and preparation of the Plan, the Plan Documents, and any of the terms and/or settlements and compromises reflected in the Plan and the Plan Documents, except in the case of each of clauses (a) through (e) of this paragraph for willful misconduct or gross negligence as determined by a Final Order, and, in all respects, THAN, Reorganized THAN, and each of the other Released Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan and the Plan Documents.

In the event any Asbestos Insurance Entity, whether a Party to this Bankruptcy Insurance Stipulation or not, receives the benefit of language which further limits the scope of the conduct exculpated in Article 11.3 of the Plan, then any other Asbestos Insurance Entities that are Parties to this Bankruptcy Insurance Stipulation shall receive the benefit of any such language.

    l.   Article 11.6 of the Plan is hereby amended and restated in its entirety with the following text:

- 16 -

**Limitations of Injunctions.** Subject to the terms and provisions of the Bankruptcy Insurance Stipulation, the releases set forth in the Plan and the injunction set forth in Article 11.5 above shall not enjoin:

(a) the rights of Entities to the treatment accorded to them under Articles III and IV above, as applicable, including the rights of Entities with Asbestos PI Claims to assert such Claims or Demands against the Asbestos PI Trust in accordance with the Asbestos PI Trust Distribution Procedures;

(b) the rights of Entities to assert any Claim, debt, obligation, or liability for payment of Asbestos PI Trust Expenses against the Asbestos PI Trust;

(c) the rights of the Reorganized THAN and any PENAC Related Party to take any action with respect to any and all of the Asbestos PI Insurance Contracts, subject to the terms of any applicable Insurance Settlement Agreement and any Asbestos PI Insurer Coverage Defense; and

(d) the rights of Reorganized THAN and any PENAC Related Party to assert any Claim, debt, obligation, or liability for payment against any Asbestos Insurance Entity to the extent any insurance policies or insurance coverages were not resolved or released in any Insurance Settlement Agreement with that Asbestos Insurance Entity, subject to the terms of such Insurance Settlement Agreement, if any, and any Asbestos PI Insurer Coverage Defense.

m.  Article 11.7 of the Plan is hereby amended and restated in its entirety with the following text:

**Releases and Indemnification by THAN.** As of the Effective Date, THAN and Reorganized THAN hereby release and are permanently enjoined from prosecuting or attempting to prosecute any Derivative Liability Claims and any and all Causes of Action against the Released Parties that THAN or Reorganized THAN have, may have or claim to have, now or in the future, that are property of, assertable on behalf of, or derivative of THAN; provided, however, that, subject to the terms and provisions of the Bankruptcy Insurance Stipulation, the foregoing release shall not serve to release any Asbestos Insurance Entity from its obligations under any applicable Asbestos PI Insurance Contract. Reorganized THAN also will indemnify, release and hold harmless each of PENAC and the other PENAC Related Parties pursuant to the provisions of, and to the extent set forth in, the Plan.

- 17 -

DOCSNY-346844v04

n.  The Plan is hereby amended and modified to include the following insert as Article 11.9 thereof:

**11.9    Insurer Contribution Claims**.  Subject to the terms and provisions of the Bankruptcy Insurance Stipulation, and notwithstanding anything to the contrary in the Plan, (a) Insurer Contribution Claims against Settling Insurers will be channeled to the Asbestos PI Trust pursuant to Article 11.5 hereof, discharged pursuant to Article 11.1 hereof, and enjoined pursuant to Article 11.2 hereof, (b) Insurer Contribution Claims may be asserted as a defense or counterclaim against only Reorganized THAN, PENAC or the Asbestos PI Trust (as applicable) in any Asbestos Insurance Action, and Reorganized THAN, PENAC or the Asbestos PI Trust (as applicable) may assert the legal or equitable rights, if any, of a Settling Insurer, (c) to the extent Insurer Contribution Claims of a Non-Settling Insurer are determined to be valid, the liability (if any) of such Non-Settling Insurer to Reorganized THAN, PENAC or the Asbestos PI Trust (as applicable) shall be reduced by the amount of such Insurer Contribution Claims, (d) however, and notwithstanding the foregoing, there shall be no affirmative recovery from the Asbestos PI Trust for any Insurer Contribution Claims, (e) Insurer Contribution Claims against any Entity other than a Settling Insurer will not be channeled to the Asbestos PI Trust pursuant to Article 11.5 hereof, discharged pursuant to Article 11.1 hereof, and enjoined pursuant to Article 11.2 hereof, and any Insurer Contribution Claims asserted against THAN will be treated as a General Unsecured Claim under Article 4.3 hereof; and (f) Indirect Asbestos PI Claims by an insurer or an Asbestos Insurance Entity against an Entity other than a Settling Insurer will not be channeled to the Asbestos PI Trust pursuant to Article 11.5 hereof, discharged pursuant to Article 11.1 hereof, and enjoined pursuant to Article 11.2 hereof, and any Insurer Contribution Claims asserted against THAN will be treated as a General Unsecured Claim under Article 4.3 hereof.

o.  The Plan is hereby amended and modified to include the following insert as Article 11.10 thereof:

**11.10   Preservation of Documents**.  The Asbestos PI Trust shall retain each document and record obtained from THAN and in its possession that is related to Asbestos PI Claims until the Asbestos PI Trust determines that all needs and purposes to retain such particular document or record have ended.  When the Asbestos PI Trust has made such a determination with regard to a document or record obtained from THAN and related to Asbestos PI Claims, the Asbestos PI Trust may discard or abandon such document or record, subject to Bankruptcy Court approval upon reasonable and adequate notice to each of the Asbestos Insurance Entities

- 18 -

and/or their designated counsel, the right of the Asbestos Insurance Entities to be heard in the Bankruptcy Court on their need for preservation of and/or access to the documents that the Asbestos PI Trust seeks to discard or abandon, and the right of the Trust or any other party to assert any defenses, affirmative or otherwise, in that proceeding. THAN and PENAC acknowledge and agree that this Paragraph 11.10 is not intended to nor does it in any way alter any duty to cooperate that they may otherwise owe to any Asbestos Insurance Entity under any Asbestos Insurance Contract or applicable nonbankruptcy law.

9.      Article references and cross-references contained in the Plan shall be deemed renumbered to conform to the modifications outlined above.

10.     The Insurers have not consented to the Plan or the Plan Documents, and have not consented to the settlement, resolution, or payment of any Asbestos PI Claims or Demands thereunder.

11.     This Bankruptcy Insurance Stipulation shall be binding on all Parties hereto, all holders of Claims and Demands against THAN in the Bankruptcy Case, and the Asbestos PI Trust in any and all Asbestos Insurance Actions. Toward that end, the Parties hereby agree (a) to file this Stipulation in the Bankruptcy Case within five (5) days after it has been executed by all Parties, (b) to use best efforts to obtain approval of the Bankruptcy Insurance Stipulation by the Bankruptcy Court in the Bankruptcy Case as soon thereafter as is reasonably practicable and prior to confirmation of the Plan; and (c) to the extent any Asbestos Insurance Action takes place, before or after the Effective Date, in any proceeding other than the Bankruptcy Case, or in a court other than the Bankruptcy Court, the Parties shall jointly request such court to enter this Bankruptcy Insurance Stipulation as an order governing the Parties hereto, all holders of Claims and Demands against THAN in the Bankruptcy Case, the PENAC Related Parties, and the Asbestos PI Trust in such Asbestos Insurance Action. This Bankruptcy Insurance Stipulation shall be of no force and effect unless and until it is signed by all Parties and "so ordered" by the Bankruptcy Court.

12.     This Stipulation and Agreed Order shall be binding upon the Parties' respective successors and assigns, including the Asbestos PI Trust (and the beneficiaries of the Asbestos PI Trust and any other claimant or Entity claiming through or on behalf of the Asbestos PI Trust to seek coverage or any related relief against any Insurer with respect to any Asbestos PI Insurance Contract).

13.     This Stipulation and Agreed Order shall have injunctive effect on the Parties and may be enforced as such.

14.     This Stipulation and Agreed Order shall be attached as an exhibit to the Plan and expressly incorporated by reference into the Plan. Notice of this Stipulation and Agreed Order shall be given to all parties in interest in connection with the confirmation hearing on the Plan.

- 19 -

15.    As used in this Stipulation and Agreed Order, the term "including" is not limiting. This Stipulation and Order may be signed in counterparts. This is both an agreement of the Parties, enforceable like any other contract in accordance with its terms, and an order of the Bankruptcy Court, enforceable like any other order of a court of competent jurisdiction, including in accordance with section 13 hereof.

16.    Subject to paragraph 7 above, in the event of any inconsistency between the terms of this Stipulation and Agreed Order, on the one hand, and the Confirmation Order, any order of the District Court (or any other court exercising jurisdiction over the Bankruptcy Case), entering or affirming any Confirmation Order, the Plan, or any other Plan Document, on the other hand, this Stipulation and Agreed Order shall control.

17.    It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation, has been adequately represented and advised by legal counsel, and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

18.    The person who executes this Stipulation and Agreed Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Agreed Order on behalf of such Party. PENAC represents and warrants that it has authority to execute this Stipulation and Agreed Order on behalf of, and to bind, all PENAC Related Parties.

19.    This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all which together shall constitute one and the same instrument. A signature transmitted by facsimile shall be deemed an original signature for purposes of this Stipulation.

20.    The Bankruptcy Court shall retain jurisdiction to interpret and enforce this Stipulation and Agreed Order.

Dated: New York, New York
       January 28, 2009


/s/ Adam S. Ziffer
Adam S. Ziffer
Kenneth Frenchman
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10013
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

- 20 -

DOCSNY-346844v04

John H. Bae
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400

*Attorneys for T H Agriculture & Nutrition,*
*L.L.C.*

-and-

/s/ Garrard Beeney
Garrard Beeney
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
United States
Telephone:  (212) 558-3737
Facsimile:  (212) 558-3588

*Attorneys for Philips Electronics North*
*America Corporation*

-and-

/s/ Sander L. Esserman
Sander L. Esserman
STUTZMAN,  BROMBERG,  ESSERMAN
& PLIFKA P.C.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201-2689
Telephone:  (214) 969-4900
Facsimile:  (214) 969-4999

*Attorneys for Professor Samuel Issacharoff,*
*in his capacity as the court-appointed legal*
*representative in THAN's Chapter 11*
*Bankruptcy Case*

-and-

- 21 -

/s/ Joseph D. Frank
Joseph D. Frank
FRANK GECKER LLP
121 South Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
Telephone: (312) 276-1402
Facsimile: (312) 276-0035

*Attorneys for Official Committee of*
*Unsecured Creditors of T H Agriculture &*
*Nutrition, L.L.C.*

DOCSNY-346844v04

-and-

/s/ Donna J. Vobornik
Donna J. Vobornik
Robert B. Millner
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois  60606-6404
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934

Jo Christine Reed  (JCR 3783)
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800

*Attorneys for The Travelers Indemnity Company, The Travelers Indemnity Company of Connecticut (f/k/a The Travelers Indemnity Company of Rhode Island), Travelers Property Casualty Company of America (f/k/a The Travelers Indemnity Company of Illinois) and Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company)*

DOCSNY-346844v04

-and-

/s/ Constantine D. Pourakis
Constantine D. Pourakis
STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 319-8500
Facsimile:  (212) 319-8505
Email: cp@stevenslee.com

Leonard P. Goldberger
STEVENS & LEE, P.C.
1818 Market Street, 29th Floor
Philadelphia, Pennsylvania 19103-1702
Telephone:  (215) 751-2864
Facsimile:  (610) 371-7376

John D. Demmy (admitted in DE)
STEVENS & LEE, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 425-3308
Telecopier: (610) 371-8515

*Attorneys for Fireman's Fund Insurance Company*

DOCSNY-346844v04

-and-

/s/ Lisa S. Brogan
Lisa S. Brogan
Bruce E. Lithgow
BAKER & McKENZIE LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL 60601
Telephone:  (312) 861-8000
Facsimile:  (312) 861-2899

Ira A. Reid
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 626-4100
Facsimile:  (212) 310-1600

*Attorneys for Arrowood Indemnity Company  (f/k/a Royal Indemnity Company)*

-and-

/s/ Frederic C. Goodwill, II
Frederic C. Goodwill, II
SMITHAMUNDSEN LLC
150 N. Michigan Ave.
Suite 3300
Chicago, IL 60602
Telephone:  (312) 894-3393

*Attorneys for United States Fire Insurance Company*

-and-

/s/ Jacob C. Cohn
Jacob C. Cohn
COZEN O'CONNOR
1900 Market Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 665-2147
Facsimile:  (215) 701-2347

- 25 -

*Attorneys for Federal Insurance Company*

-and-

/s/ David C. Christian II
David C. Christian II
SEYFARTH SHAW LLP
121 South Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Robert W. Dremluk (RD 3109)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, NY 10018
Telephone: (212) 218-5269
Facsimile: (212) 218-5526

*Attorneys for Pacific Insurance Company*
*and Continental Casualty Company*

-and-

/s/ Tancred V. Schiavoni
Tancred V. Schiavoni (TVS 8986)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square. 32nd floor
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Century Indemnity Company,*
*as successor to CCI Insurance Company, as successor*
*to Insurance Company of North America, and*
*ACE Property and Casualty Insurance Company,*
*formerly Cigna Property and Casualty Insurance Company,*
*formerly known as Aetna Insurance Company*

- 26 -

DOCSNY-346844v04

-and-

/s/ Maria G. Enriquez
Bruce J. Zabarauskas
Lawrence J. Brenner
CROWELL & MORING LLP
590 Madison Avenue
New York, New York  10022
(212) 223-4000

Mark D. Plevin
Leslie A. Davis
Noah S. Bloomberg
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 624-2500

Maria G. Enriquez
R. Patrick Bedell
BATES & CAREY LLP
191 N. Wacker Drive
Suite 2400
Chicago, IL 60606
(312) 762-3100

*Attorneys for Munich Reinsurance America, Inc.,*
*f/k/a American Re-Insurance Company*

SO ORDERED:

*S/ Robert E. Gerber*
Honorable Robert E. Gerber
United States Bankruptcy Judge

Dated:  New York, New York
*February 10, 2009*

- 27 -