IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et al.*, | : | Case No. 01-1139 (JKF) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re: D.I. No. 20872** |

**OBJECTION OF CERTAIN AIU INSURERS
TO THE DEBTORS' FIRST AMENDED JOINT PLAN
OF REORGANIZATION DATED FEBRUARY 27, 2009**

Certain insurance companies (the "AIU Insurers")[1] by and through the undersigned counsel, hereby file a Limited Objection (the "Limited Objection") to the Debtors' First Amended Joint Plan (the "Plan"). In support of its Limited Objection, the AIU Insurers represent as follows:

1. Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 2, 2001 (the "Petition Date"). Debtors' Chapter 11 cases were consolidated for administrative purposes.

2. Prior to the Petition Date, the AIU Insurers entered into two confidential settlement agreements with certain Debtor W.R. Grace & Co. – Conn. ("Grace") resolving, *inter alia*, certain insurance coverage actions between the parties. The settlement agreements were entered into in 1995 and 2000 (respectively, the "1995 Agreement" and the "2000 Agreement", collectively, the "Agreements").

---

[1] The AIU Insurers include: American Home Assurance Company, AIU Insurance Company, Birmingham Fire Insurance Company, Granite State Insurance Company, Illinois National Insurance Company, Insurance Company of the State of Pennsylvania, Lexington Insurance Company and New Hampshire Insurance Company.

{00298215;v1}

3. The 1995 and 2002 Agreements provide that Grace is obligated to provide the AIU Insurers certain continuing indemnification rights for claims that might be asserted by others against the AIU Insurers in connection with disputes related claims.

4. The 1995 and 2002 Agreements also provide that Grace is obligated to defend the AIU Insurers from certain actions that might be commenced against them in connection with certain asbestos related claims.

5. Additionally, both agreements provide the AIU Insurers with the right to review and audit all documentation relating to billings and payments of covered asbestos related claims and further provide that Grace will cooperate in providing such information. Additionally, meetings are to be held to discuss claims, to review strategy and to consider the administration, defense and settlement of asbestos related claims. Grace is also obligated to provide quarterly status reports.

6. Despite these clear, binding terms of the Agreements, the Plan, as currently filed, either is silent as to the above continuing obligations of the Reorganized Debtors, or explicitly denies that such obligations exist.

7. Under the Plan, it will be the responsibility of the Asbestos PI Trust[2] to resolve and pay Asbestos PI Claims. Due to the Agreements that have been reached with the Debtors, the AIU Insurers have rights of indemnity due to direct actions that may be brought against them by Asbestos PI Claimants. The terms of the Plan, as currently written, do not provide for reimbursement to the AIU Insurers of any liabilities that they may incur as a result of such claims.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

8. The Plan fails to satisfy § 1129(a)(3) of the Bankruptcy Code (11 U.S.C. § 1129(a)(3)) because it provides, artificially, for Asbestos PI claimants' submissions to the Asbestos PI Trust to be kept secret. Such artificial confidentiality requirements violates the AIU Insurers rights under the Agreements to audit such claims and will almost certainly promote the payment of non-meritorious claims.[3] Secrecy in the claims resolution process, while coverage is sought from the AIU Insurers, means that it might not even be able to discover the basis on which payment was made by the Asbestos PI Trust on an Asbestos PI Claim which is to be tendered for payment to the AIU Insurers. Thus, the Plan impairs the AIU Insurers' rights by declaring the documents submitted by a claimant in support of an Asbestos PI Claim to be "privileged" and entitled to "confidential" treatment and, as such, beyond the reach of an insurer that otherwise is contractually entitled to that information from its insured.

## JOINDER

9. The AIU Insurers reserve the right to join in any other objection to the Plan.

## CONCLUSION

The AIU Insurers request that the Plan not be confirmed.

---

[3] The TDP purports to require that the Asbestos PI Trust hold all materials submitted by an Asbestos PI Claimant as confidential, and only allows the Asbestos PI Trust, in specific limited circumstances (which are not identified), to disclose the contents of the materials to the applicable insurance company after obtaining the consent of the TAC and the FCR. *See* TDP § 6.5.

Dated: Wilmington, Delaware
       May 20, 2009

**ASHBY & GEDDES, P.A.**

_____
Ricardo Palacio (#3765)
500 Delaware Avenues, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

- and -

ZEICHNER ELLMAN & KRAUSE LLP
Michael S. Davis
575 Lexington Avenue
New York, New York 10022
Telephone: (212) 233-0400
Facsimile: (212) 753-0396
E-mail: mdavis@zeklaw.com

Co-Counsel for AIU Holdings Ltd.