IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| W.R. GRACE & CO., *et al.*, | : Case No. 01-1139 (JKF) |
| | : (Jointly Administered) |
| Debtors. | : |
| | : **Re: D.I. No. 20872** |

**OBJECTION OF NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA. TO CONFIRMATION
OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION
DATED FEBRUARY 27, 2009 AND JOINDER**

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), by and through its undersigned counsel, hereby objects (the "Objection") to confirmation of the First Amended Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co., Et. Al., The Official Committee Of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, And The Official Committee Of Equity Security Holders Dated February 27, 2009 (D.I. 20872) (the "Plan"), and in support hereof, National Union respectfully states as follows:

**JOINDER TO THE OBJECTION OF LONGACRE MASTER
FUND LTD. AND LONGACRE CAPITAL PARTNERS (QP) L.P.**

National Union, assignor of claim number 9553 (the "Claim 9553"), hereby joins in the substantive reasons stated in the objection (the "Longacre Objection") to the Plan filed by Longacre Master Fund Ltd. And Longacre Capital Partners (QP) L.P. (collectively, "Longacre") to the extent such objection addresses the classification of Claim 9553, unless or to the extent that any part of the Longacre Objection is inconsistent with the assertions set out below.

{00298302;v1}

## NATIONAL UNION'S STATUS

National Union asserts that it has no financial interest in the Claim 9553 and, regardless of the classification of the Claim 9553, National Union asserts that it should not be adversely affected. However, pursuant to paragraph 6 the Settlement and Mutual Release dated November 13, 2007 (the "Settlement Agreement," which is attached as Exhibit A to the Longacre Objection), National Union reserved, with Longacre's approval, the right to assert a further claim against the Debtors for additional amounts that were not assigned to Longacre. This further claim was explicitly authorized in the Settlement Agreement. To the extent the Plan may be deemed to authorize such further claim to be classified as a Class 6 claim, the Plan is improper. Therefore, National Union joins in the reasons asserted by Longacre why a claim such as Claim 9553 may not be treated as a Class 6 claim, and further asserts the following, additional reasons below why claims such as Claim 9553 may not be classified in Class 6.

## ADDITIONAL OBJECTIONS

National Union, in addition to joining the objections in the Longacre Objection, adds or reiterates the following objections:

- Apart from their treatment under the Plan, each of the Class 6 tort claimants has the opportunity to look to multiple defendants to pay their respective damage claims. The Class 6 tort claimants can prosecute claims against many other (perhaps dozens) of defendants and collect a portion of their alleged loss from each of those defendants. It is potentially possible for any Class 6 claimant to be paid more than the full value of its injury. Since the Claim 9553 is purely contractual, the Plan is the only possible of recovery for the Claim 9553. The fact differentiates claims similar to Claim 9553 from all other claims in Class 6.

- It is simply wrong – under the unique facts of this case – to classify claims such as Claim 9553 in a way that transfers any part of the value of that claim to the equity holders of Grace under the Plan. The debtor's apparent reason for such classification – that the Claim 9553 is recorded on its general ledger as an asbestos liability – is clearly insufficient to meet any such standard, especially when equity is retaining value.

- Unlike the other Class 6 members, National Union bargained for a release of potential secured status. Claim 9553 could have been a secured setoff claim, but for the Settlement Agreement. This surely differentiates it from all other Class 6 claims.

- Holders of Class 6 claims are provided with privacy for their claims, a benefit that would only be relevant to a bodily injury claimant. This is one more example of how claims such as Claim 9553 are dissimilar to the other Class 6 claims.

WHEREFORE, National Union respectfully requests that the Court deny confirmation of the Plan absent modification to address the improper classification of claims such as Claim 9553.

**Signature page to follow**

Dated: Wilmington, Delaware
       May 20, 2009

**ASHBY & GEDDES, P.A.**

_/s/ Ricardo Palacio_
Ricardo Palacio (#3765)
500 Delaware Avenues, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

- and -

ZEICHNER ELLMAN & KRAUSE LLP
Michael S. Davis
575 Lexington Avenue
New York, New York 10022
Telephone: (212) 233-0400
Facsimile: (212) 753-0396
E-mail: mdavis@zeklaw.com

Co-Counsel for National Union