# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., *et al.*, ) | Case No. 01-1139 (JKF) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Re: D.I. 20872, 20944 |

## DISPUTED CLASSIFICATION DECLARATION

I, Jeffrey C. Wisler, declare as follows:

1. I am an attorney at law duly licensed to practice law before, *inter alia*, all Courts in the State of Delaware, the United States District Court for the District of Delaware and the Third Circuit Court of Appeals. I am counsel for Maryland Casualty Company ("MCC") in the above-captioned cases.

2. On March 9, 2009, the United States Bankruptcy Court for the District of Delaware entered the *Order Approving Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief* (D.I. 20944) ("Order"). The Order provides, in pertinent part, as follows:

> Any Holder of a Claim who intends to pursue an objection to confirmation of the Plan on the grounds that such Holder's Claim is not properly classified may request a Ballot from the Voting Agent for provisional voting under a different Class and may vote to accept or reject the Plan pursuant to the following procedures:
>
> (a) The objecting Claimant must File a declaration with the Bankruptcy Court (a "Disputed Classification Declaration") on or before the Voting Deadline, which attaches (i) the Claimant's completed original Ballot indicating the Claimant's vote if the Debtors' classification of the Claim at issue is upheld and (ii) the Claimant's completed provisional Ballot indicating the Claimant's vote if it prevails on its classification objection.

  (b)  The Disputed Classification Declaration must summarize the basis for the Claimant's classification objection.

Order, ¶ 32.

  3.  The Debtors' *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (D.I. 20872) ("First Amended Plan") classifies the claims asserted in these cases by MCC ("MCC Claims") as impaired Class 6 Claims. MCC's ballot indicating MCC's vote if Debtors' proposed classification of the MCC Claims is upheld is attached hereto as Exhibit A.

  4.  MCC disputes the Debtors' proposed classification of the MCC Claims. The MCC Claims may include claims that should be separately classified and given treatment at least as favorable as that provided to Class 9 Claims under the First Amended Plan. Specifically, while the MCC Claims may be treated as Class 6 Claims to the extent that they arise from third party claims against MCC that will be permanently enjoined by the Asbestos PI Channeling Injunction, any portion of the MCC Claims that arises from third party claims against MCC that will not be permanently enjoined by the Asbestos PI Channeling Injunction must be classified as Class 9 Claims.[1] MCC's provisional ballots indicating MCC's votes if MCC prevails on its classification objection are attached hereto as Exhibit B.

  5.  Pursuant to the Order, MCC will file an objection to the First Amended Plan which, among other things, sets forth MCC's objection to the classification of its claims.

---

[1] The First Amended Plan fully enjoins any and all claims and actions of third parties against MCC that relate in any way to the Debtors or their operations, including any and all Asbestos PI Claims (as defined in the First Amended Plan). However, certain third parties have challenged the validity and scope of the injunctions in the First Amended Plan, and such challenges necessitate dual classification of the MCC Claims.

2

Dated: May 20, 2009

_____
Jeffrey C. Wisler

CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile
*Counsel for Maryland Casualty Company*

#685162