## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Deadline: May 20, 2009** |
| | ) | **Related to Docket No. 20872** |

## MARYLAND CASUALTY COMPANY'S OBJECTION TO FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF <u>EQUITY SECURITY HOLDERS DATED AS OF FEBRUARY 27, 2009</u>

Maryland Casualty Company ("MCC"), by and through its undersigned counsel, hereby objects to the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of February 27, 2009* [Docket No. 20872] ("First Amended Plan"). In support thereof, MCC states as follows:

### Procedural History

1.    The above-captioned debtors ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware ("Court") on April 2, 2001.

2.    Subsequently, MCC timely filed sixty-two (62) separate proofs of claim ("Proofs of Claim") – one proof of claim against each of the sixty-two (62) Debtors. Each Proof of Claim asserts separate, independent, and unliquidated claims against the respective Debtor in whose bankruptcy case the respective Proof of Claim was filed. The Proofs of Claim properly and accurately assert claims against the Debtors for their joint and several obligations under a

number of settlement agreements (collectively, "Settlement Agreements") to, *inter alia*,

indemnify and hold MCC harmless from and against all future liability, loss, cost, or expense

arising from asbestos-related claims (collectively "MCC Claims").

3.      MCC is a creditor within the meaning of section 101(10) of the Bankruptcy Code

and has standing to appear and be heard in connection with confirmation of the First Amended

Plan.

4.      By Order dated March 9, 2009, the Court approved the *Debtors' Disclosure*

*Statement for the First Amended Joint Plan of Reorganization under Chapter 11 of the*

*Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal*

*Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee*

*of Equity Security Holders dated as of February 27, 2009* ("Disclosure Statement"). The

Disclosure Statement includes the proposed First Amended Plan.

### Confirmation Requirements Under Section 1129 of the Bankruptcy Code

5.      Section 1129(a) of the Bankruptcy Code contains the statutory requirements

which must be met as a prerequisite to confirmation of a plan of reorganization. *See* 11 U.S.C. §

1129. The requirements of section 1129(a) of the Bankruptcy Code are conjunctive, requiring

that each and every element specified therein be met prior to confirmation of a plan. *See Id.* It is

well-established that the proponent of a plan of reorganization bears the burden of proving by a

preponderance of the evidence that each of the requirements contained in section 1129(a) has

been satisfied. *In re Genesis Health Ventures, Inc.*, 266 B.R. 591, 599 (Bankr. D. Del. 2001); *In*

*re Exide Techs.*, 303 B.R. 48, 58 (Bankr. D. Del. 2003).

### Objections to the First Amended Plan

6.    MCC objects to the First Amended Plan.  The First Amended Plan fails to comply with various confirmation requirements of section 1129 of the Bankruptcy Code and therefore cannot be confirmed.

7.    First, the First Amended Plan mis-classifies the MCC Claims as solely Class 6 Claims.  The MCC Claims may include claims that should be separately classified from Class 6 Claims and should be given treatment at least as favorable as Class 9 Claims.  Specifically, while the MCC Claims may be treated as Class 6 Claims to the extent that they arise from third party claims against MCC that <u>will be</u> permanently enjoined by the Asbestos PI Channeling Injunction,[1] any portion of the MCC Claims that arises from third party claims against MCC that <u>will not be</u> permanently enjoined by the Asbestos PI Channeling Injunction must be classified as Class 9 Claims.[2]  Thus, the First Amended Plan fails to comply with sections 1129(a) and 1122(a) of the Bankruptcy Code and cannot be confirmed.

8.    Second, the First Amended Plan does not provide for the fair and equitable treatment of indemnity claims that may arise and/or be liquidated after the Effective Date of the First Amended Plan.  Thus, the First Amended Plan fails to comply with sections 1123(a)(4) and 1129(a)(3) of the Bankruptcy Code and cannot be confirmed.

9.    Third, the First Amended Plan is not feasible.  Thus, the First Amended Plan fails to comply with section 1129(a)(11) of the Bankruptcy Code and cannot be confirmed.

---

[1] Capitalized terms not defined herein have the meaning defined in the First Amended Plan.

[2] Under the First Amended Plan, MCC is fully protected from and against any and all third party claims arising from or relating to the Debtors or their operations, including any and all Asbestos PI Claims. Notwithstanding any theoretical "independent" claims asserted and/or articulated by BNSF, Scotts and the Libby Claimants, all such claims will be enjoined by the Asbestos PI Channeling Injunction. However, to the extent that this protection is reduced or otherwise altered by the Court or on appeal, the First Amended Plan's treatment of claims filed by MCC is inadequate and does not comply with section 1129(a) of the Bankruptcy Code.

10.    Fourth, the First Amended Plan violates the absolute priority rule of section 1129(b)(2)(B)(ii) of the Bankruptcy Code. Pursuant to the First Amended Plan, Class 6 Claims are impaired, while classes of junior priority, such as Classes 10 and 11 (equity), retain value. *See* 11 U.S.C. § 1129(b)(2)(B)(ii). Thus, the First Amended Plan cannot be confirmed.

11.    Fifth, MCC objects to the First Amended Plan to the extent that section 8.8.7 thereof: (i) purports to release any party from its obligations under the First Amended Plan; (ii) exceeds the scope of permissible releases in the Third Circuit; or (iii) is otherwise impermissible under applicable law.

12.    Sixth, MCC objects to the First Amended Plan to the extent that section 11.9 thereof exceeds the scope of permissible exculpation in the Third Circuit.

13.    Finally, because the Debtors, as Plan Proponents, have sought disallowance of the MCC Claims under section 502(e) of the Bankruptcy Code, the First Amended Plan unfairly discriminates against MCC in violation of section 1123(a)(4) of the Bankruptcy Code. Thus, the First Amended Plan cannot be confirmed.

### Reservation of Rights and Joinder

14.    MCC hereby reserves the right to amend and/or supplement this Objection based upon ongoing discovery relating to the First Amended Plan. In addition, MCC hereby joins the objections filed by other parties-in-interest to the extent such objections are not inconsistent with MCC's interests, and the positions set forth herein. Further, MCC reserves its right to object to any amendment to or modification of the First Amended Plan on any grounds. Finally, MCC reserves the right to file additional objections and/or replies based on the objections filed by other parties-in-interest.

## Conclusion

WHEREFORE, for all of the forgoing reasons, MCC respectfully requests that the Court confirm the First Amended Plan only to the extent consistent with this Objection, and grant MCC such further and additional relief and the Court may deem just and proper.


Dated:  May 20, 2009

CONNOLLY BOVE LODGE & HUTZ LLP

Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile

OF COUNSEL:

Edward J. Longosz, II
Laura G. Stover
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.,
Suite 1200
Washington, DC  20006
(202) 659-6600 Telephone
(202) 659-6699 Facsimile


Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7170 Telephone
(202) 719-7049 Facsimile

*Attorneys for Maryland Casualty Company*

#687568