IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### ANDERSON MEMORIAL HOSPITAL'S MOTION FOR TEMPORARY ALLOWANCE OF CLAIM FOR VOTING PURPOSES

Anderson Memorial Hospital hereby moves this Court, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure and the Voting Procedures approved by this Court, for an Order allowing Anderson's claim for purposes of voting on the First Amended Joint Plan of Reorganization (the "Plan") of W.R. Grace & Co. et. al. (the "Debtor"), and states:

### Background

Anderson Memorial Hospital has filed a proof of claim (Claim # 11008). The Debtors have filed an objection to Anderson's claim, which objection is pending and unresolved. Anderson's claim is classified as a Class 7A claim under the Debtors' Plan. Anderson intends to vote to reject the Plan. The deadline for submission of ballots is May 20, 2009. Anderson has already submitted extensive evidence in support of the claim. *See* D.E. # 19987 (Anderson Memorial Hospital's Status Report re Class Proofs of Claim), TAB C.

### Discussion

1.     Pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, "notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purposes of accepting or rejecting a plan." The determination of whether to permit the

301405-1

temporary allowance of a claim is left to a court's discretion. *See In re Armstrong*, 294 B.R. 344, 354 (10th Cir. B.A.P. 2003); *In re FRG Limited Partnership,* 121 B.R. 451, 456 (Bankr.E.D.Pa. 1990), *citing Bittner v. Borne Chemical Company,* 691 F.2d 134 (3d Cir.1982). The policy behind temporarily allowing claims is to prevent potential abuse by plan proponents who could ensure acceptance of a plan by filing objections to the claims of dissenting creditors. *See In re Frascella Enterprises, Inc.,* 360 B.R. 435 (Bankr. E.D. Pa. 2007); *In re Stone Hedge Properties*, 191 B.R. 59, 64 (Bankr. M.D. Pa. 1995). *See also* 9 Collier on Bankruptcy ¶ 3018.01[5] ("The obvious potential for abuse by a plan proponent makes it necessary to provide for temporary allowance of a claim for voting purposes.")

2. Temporary allowance is appropriate when, among other things, the claim objection was filed too late to be heard prior to the plan confirmation hearing. 9 Collier on Bankruptcy ¶ 3018.01[5]. It is not necessary to show that the Debtor filed its objection for improper strategic reasons, only that the claim could not be adjudicated before the confirmation hearing. *In re Frascella Enterprises, Inc.,* 360 B.R. 435, 457.

3. The Debtors' objection to Anderson's claim will not be adjudicated prior to the confirmation hearing.

4. If Anderson's motion for temporary allowance of claim for voting purposes is denied, Anderson will not have the opportunity to vote on the Debtors' Plan because the confirmation hearing on the Plan will take place before resolution of the Debtors' objection to Anderson's claim. As a result, Anderson would be denied any meaningful opportunity to contest the unsupported allegations put forth by the Debtors in support of their objection and Plan. Given this Court's wide discretion in ruling on a motion for temporary allowance of a claim, *see Armstrong*, 294 B.R. at 354, and the federal policy of preventing potential abuse by plan

301405-1

proponents who attempt to ensure acceptance of a plan by filing objections to the claims of dissenting creditors, *see id.*, Anderson should be allowed to vote on the Debtors' Plan.

### **Relief Requested**

WHEREFORE, for the foregoing reasons, Anderson respectfully requests that the Court enter an Order temporarily allowing Anderson's claim as a Class 7A claimant (without waiver of any arguments regarding improper classification set forth in Anderson's objections to confirmation of the Debtors Plan) in the amount of $16,000,000 for purposes of voting on the Debtors' plan, and granting Anderson such other and further relief as the Court deems necessary and proper.

DATED: May 20, 2009

/s/Christopher D. Loizides
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 654-0248
Facsimile:  (302) 654-0728
Email:  loizides@loizides.com

- and –

Daniel A. Speights
C. Alan Runyan
SPEIGHTS & RUNYAN
200 Jackson Avenue East
Post Office Box 685
Hampton, SC 29924
Telephone:  (803) 943-4444
Facsimile:  (803) 943-4599

- and-

John W. Kozyak
David L. Rosendorf

301405-1

        KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, FL  33134
Telephone:     (305) 372-1800
Facsimile:     (305) 372-3508

301405-1

## **DECLARATION**

Pursuant to Section 10.f.i. of the Voting Procedures approved by this Court, the undersigned:

(I)  attaches a completed Ballot indicating how Anderson intends to vote on the Plan;

(II)  certifies the proposed voting amount of $16,000,000 of the applicable Claim; and

(III)  refers to the materials previously submitted as evidence in support of the proposed voting amount of such Claim.

s/Daniel A. Speights<br>
Daniel A. Speights, Esq.

301405-1