IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## CITY OF VANCOUVER'S MOTION FOR TEMPORARY ALLOWANCE OF CLAIM FOR VOTING PURPOSES

City of Vancouver hereby moves this Court, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure and the Voting Procedures approved by this Court, for an Order allowing City of Vancouver's claim for purposes of voting on the First Amended Joint Plan of Reorganization (the "Plan") of W.R. Grace & Co. et. al. (the "Debtor"), and states:

### Background

City of Vancouver has filed a proof of claim (Claim # 12476). The Debtors have filed an objection to the City's claim, which objection is pending and unresolved. The City's claim is classified as a Class 7A claim under the Debtors' Plan. The City intends to vote to reject the Plan. The deadline for submission of ballots is May 20, 2009. The City has submitted evidence in support of the claim. *See* D.E. # 19987 (Anderson Memorial Hospital's Status Report re Class Proofs of Claim), TAB C, and D.E. # 10085 (The City's Response to Debtors' 15th Omnibus Objection).

### Discussion

1.    Pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, "notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the

301405-1

purposes of accepting or rejecting a plan." The determination of whether to permit the temporary allowance of a claim is left to a court's discretion. *See In re Armstrong*, 294 B.R. 344, 354 (10th Cir. B.A.P. 2003); *In re FRG Limited Partnership,* 121 B.R. 451, 456 (Bankr.E.D.Pa. 1990), *citing Bittner v. Borne Chemical Company,* 691 F.2d 134 (3d Cir.1982). The policy behind temporarily allowing claims is to prevent potential abuse by plan proponents who could ensure acceptance of a plan by filing objections to the claims of dissenting creditors. *See In re Frascella Enterprises, Inc.,* 360 B.R. 435 (Bankr. E.D. Pa. 2007); *In re Stone Hedge Properties*, 191 B.R. 59, 64 (Bankr. M.D. Pa. 1995). *See also* 9 Collier on Bankruptcy ¶ 3018.01[5] ("The obvious potential for abuse by a plan proponent makes it necessary to provide for temporary allowance of a claim for voting purposes.")

2. Temporary allowance is appropriate when, among other things, the claim objection was filed too late to be heard prior to the plan confirmation hearing. 9 Collier on Bankruptcy ¶ 3018.01[5]. It is not necessary to show that the Debtor filed its objection for improper strategic reasons, only that the claim could not be adjudicated before the confirmation hearing. *In re Frascella Enterprises, Inc.,* 360 B.R. 435, 457.

3. The Debtors' objection to the City's claim will not be adjudicated prior to the confirmation hearing.

4. If the City's motion for temporary allowance of claim for voting purposes is denied, the City will not have the opportunity to vote on the Debtors' Plan because the confirmation hearing on the Plan will take place before resolution of the Debtors' objection to the City's claim. As a result, the City would be denied any meaningful opportunity to contest the unsupported allegations put forth by the Debtors in support of their objection and Plan. Given this Court's wide discretion in ruling on a motion for temporary allowance of a claim, *see*

*Armstrong*, 294 B.R. at 354, and the federal policy of preventing potential abuse by plan proponents who attempt to ensure acceptance of a plan by filing objections to the claims of dissenting creditors, *see id.*, the City should be allowed to vote on the Debtors' Plan.

### Relief Requested

WHEREFORE, for the foregoing reasons, the City respectfully requests that the Court enter an Order temporarily allowing the City's claim as a Class 7A claimant (without waiver of any arguments regarding improper classification set forth in the City's objections to confirmation of the Debtors Plan) in the amount of $2,664,880 for purposes of voting on the Debtors' plan, and granting the City such other and further relief as the Court deems necessary and proper.

DATED: May 20, 2009

/s/Christopher D. Loizides
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:	(302) 654-0248
Facsimile:	(302) 654-0728
Email:	loizides@loizides.com

- and –

Daniel A. Speights
C. Alan Runyan
SPEIGHTS & RUNYAN
200 Jackson Avenue East
Post Office Box 685
Hampton, SC 29924
Telephone:	(803) 943-4444
Facsimile:	(803) 943-4599

301405-1

## **DECLARATION**

Pursuant to Section 10.f.i. of the Voting Procedures approved by this Court, the undersigned:

(I)   attaches a completed Ballot indicating how the City intends to vote on the Plan;

(II)  certifies the proposed voting amount of $2,664,880 of the applicable Claim; and

(III) refers to the materials previously submitted as evidence in support of the proposed voting amount of such Claim.

s/Daniel A. Speights<br>
Daniel A. Speights

301405-1