# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Docket Nos. 21032, 21723** |
| | ) | **[Proposed] Objection Deadline: May __, 2009** |
| | ) | **[Proposed] Hearing Date: June 1, 2009** |

## MOTION OF THE PLAN PROPONENTS TO STRIKE
## EXPERT REPORT AND EXCLUDE TESTIMONY OF BERND G. HEINZE

The Debtors, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders (collectively, the "Plan Proponents") hereby jointly move to strike the Preliminary Expert Disclosure Statement of Bernd D. Heinze (Docket No. 21032) offered by Arrowood Indemnity Company f/k/a/ Royal Indemnity Company ("Arrowood") and preclude Mr. Heinze from testifying for failure to comply with Federal Rule of Civil Procedure 26(a)(2).

1.   Pursuant to the Second and Third Amended CMOs, initial expert reports were due on March 16, 2009 and rebuttal reports on May 15, 2009. On or about March 16, 2009, Arrowood served the Preliminary Expert Disclosure Statement of Bernd G. Heinze ("Heinze Report"), a copy of which is attached as Exhibit A. The document utterly fails to make the disclosures required by Rule 26(a)(2), and Arrowood has not supplemented it in the intervening months. Accordingly, the Court should strike the report and preclude Mr. Heinze from testifying.[1]

---

[1] The Plan Proponents do not believe that the opinions Mr. Heinze would allegedly render in an expert report are appropriately the subject of an expert opinion. Furthermore, to the extent that Mr. Heinze would attempt to testify as a fact witness, the Plan Proponents do not believe that there are any factual issues for which Mr. Heinze would provide relevant testimony. As a result, the Plan Proponents do not concede that any expert report could be prepared by Mr. Heinze that would be relevant to confirmation issues or that Mr. Heinze could testify to any relevant facts.

2. Federal Rule of Civil Procedure 26(a)(2) requires that a party offering expert testimony make a written disclosure of all opinions the witness will express, the basis and reasons for them, the data or other information considered by the witness in forming those opinions, a list of publications authored in the last ten years and testimony given in the past four, as well as information about compensation of the witness.

> (B) *Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> > (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> >
> > (ii) the data or other information considered by the witness in forming them;
> >
> > (iii) any exhibits that will be used to summarize or support them;
> >
> > (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> >
> > (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> >
> > (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ P. 26(a)(2).

3. Federal Rule of Civil Procedure 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). The Rule provides for additional sanctions, including costs. *Id.*

4. The failure to disclose basic information about an expert's opinion is self-evidently harmful and prejudicial. *E.g.*, <u>Reed v. Binder</u>, 165 F.R.D. 424, 430 (D.N.J. 1996)

("Nothing causes greater prejudice than to have to guess how and why an adversarial expert reached his or her conclusion"). Failure to make these disclosures therefore constitutes adequate grounds for striking the report and excluding the witness as a sanction pursuant to Rule 37(c). *See, e.g.*, Ghulam v. Strauss Veal Feeds, Inc., No. 1:01-CV-1678, 2002 WL 34381146, at *3 (M.D. Pa. Nov. 5, 2002) (striking expert witness who failed to file a report complying with Rule 26(a)(2)); Pell v. E.I. DuPont De Nemours & Co., Inc., 231 F.R.D. 186, 194 (D. Del. 2005) (finding that expert report does not comply with Rule 26(a)(2) and is therefore excludable pursuant to Rule 37). Labeling a disclosure "preliminary" does not insulate it from the requirements of Rule 26(a)(2) or justify non-compliance. "A 'preliminary' report is not contemplated by the Rule, which calls for 'a complete statement of all opinions to be expressed.'" Smith v. State Farm Fire and Cas. Co., 164 F.R.D. 49, 53 (S.D. W. Va. 1995).

5. In the present case, the Heinze Report contains nothing but a recitation of Mr. Heinze's work history as an insurance lawyer and a statement that he "may offer testimony" on a variety of broad topics, such as "[w]hether the Plan is 'insurance neutral.'" Heinze Report at 3-4. The report does not disclose what Mr. Heinze's opinions are on these various subjects, the basis and reasons for his opinions, the data or other information he considered in forming them, a list of publications authored in the last ten years or testimony in the past four years, or any information about Mr. Heinze's compensation. As such it totally fails to comply with Rule 26(a)(2). Arrowood has not, in the several months since this disclosure was made, supplemented this "preliminary" Heinze Report or made any further disclosures regarding Mr. Heinze's testimony. It is now well past the time such supplemental disclosures could have been made without severely impacting the schedule for confirmation proceedings and prejudicing the Plan

Proponents. As such, pursuant to Rules 26(a)(2) and 37(c), the report should be stricken and Mr. Heinze precluded from testifying.

Dated: May 20, 2009  
Wilmington, Delaware

Respectfully submitted,

KIRKLAND & ELLIS LLP  
Theodore L. Freedman  
Deanna D. Boll  
Citigroup Center  
153 East 53rd Street  
New York, NY 10022  
Telephone: (212) 446-4800  
Facsimile: (212) 446-4900

Barbara Harding  
655 Fifteenth Street, N.W.  
Washington, D.C. 20005  
Telephone: (202) 879-5000  
Facsimile: (202) 879-5200

and

THE LAW OFFICES OF JANET S. BAER, P.C.  
Janet S. Baer, P.C.  
70 W. Madison Street  
Suite 2100  
Chicago, IL 60602  
Telephone: (312) 641-2162

and

PACHULSKI, STANG, ZIEHL & JONES LLP

/s/ James E. O'Neill  
Laura Davis Jones (Bar No. 3648)  
James E. O'Neill (Bar No. 4042)  
Kathleen P. Makowski (Bar No. 3648)  
Timothy Cairns (Bar No. 4228)  
919 North Market Street, 16th Floor  
P.O. Box 8705  
Wilmington, Delaware 19899-8705  
(Courier 19801)  
Telephone: (302) 652-4100  
Facsimile: (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC

/s/ Mark T. Hurford
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947

and

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*

PHILIPS, GOLDMAN & SPENCE, P.A.

/s/ John C. Philips
John C. Philips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T. Austern, Asbestos PI Future Claimants' Representative*

SAUL EWING LLP

/s/ Teresa K.D. Currier
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, Suite 1200
Wilmington, DE 19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Horowitz
Douglas Mannal
1177 Avenue of the Americas
New York, NY 10022
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of Equity Security Holders*

DOCS_DE:148469.1