IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
*************************
                         *
In re                    *   Chapter 11
                         *
W.R. GRACE & CO., et al.,*   Case No. 01-01139 (JKF)
                         *   Jointly Administered
         Debtor.         *
*************************
```

## MOTION OF LIBBY CLAIMANTS FOR LEAVE TO EXCEED PAGE LIMITATION RULE FOR LIBBY CLAIMANTS' OBJECTION TO FIRST AMENDED JOINT PLAN OF REORGANIZATION

Claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move for entry of an order under Del. Bankr. L.R. 7007-2 (to the extent even applicable to this matter) for leave to file the Libby Claimants' Objection to First Amended Joint Plan of Reorganization (the "Objection") in excess of the 40-page limitation. In support of this Motion, the Libby Claimants state:

1.    On February 27, 2009, Grace, along with the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative and the Equity Committee, filed their First Amended Joint Plan of Reorganization (the "Plan") [D.I. 20872], along with the related disclosure statement (the "Disclosure Statement") and Exhibit Book. Incident to its approval of the Disclosure Statement, this Court set May 20, 2009 as the objection deadline for the Plan. Contemporaneously herewith, the Libby Claimants have filed the Objection.

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 21365], as it may be amended and restated from time to time.

2. Although neither the Case Management Order controlling this case nor the Court's chambers procedures provide express limitations on the length of objections, this Court might deem Del. Bankr. L.R. 7007-2 governing length of opening and answering briefs in adversary proceedings to apply. Therefore, out of an abundance of caution, the Libby Claimants hereby seek relief from this page limitation.

3. Del. Bankr. L.R. 7007-2(a)(iv) provides that in adversary proceedings, "[w]ithout leave of Court, no opening or answering brief shall exceed forty (40) pages ... exclusive of any tables of contents and citations." Del. Bankr. L.R. 7007-2(a)(vi). In turn, the General Chambers Procedures dated April 3, 2006, ¶ 2(a)(vi), provides that Del. Bankr. L.R. 7007-2 applies to all briefs and memorandum, whether filed in an adversary proceeding or the main bankruptcy case. The Objection is 100 pages in length (exclusive of table of contents).

4. To the extent that Del. Bankr. L.R. 7007-2 is applicable to this matter, the Libby Claimants respectfully submit that allowing the Objection to exceed the 40-page limitation is reasonable and appropriate under the circumstances. The Plan, Disclosure Statement, and Exhibit Book constitute over 700 pages of complex material that, among other things, propose to govern the treatment of the Libby Claimants' rights against the Debtors and non-debtor third parties in ways that the Libby Claimants assert are prohibited under the Bankruptcy Code. Given the fundamental importance to the Libby Claimants of opposing the Plan—the most important pleading filed in this bankruptcy case, which has been pending for over eight years—and the need to provide appropriately detailed factual and legal support for their objections to the Plan, permitting the Libby Claimants to submit the Objection in excess of 40 pages is warranted. The length of the Objection is commensurate with the complexity and length of the Plan and related

materials, and with the extent and importance of the Libby Claimants' specific objections to the Plan.

WHEREFORE, the Libby Claimants respectfully request then entry of an order (i) granting the Libby Claimants leave to file the Objection in excess of the page limitation imposed by Del. Bankr. L.R. 7007-2 and the General Chambers Procedures and (ii) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this 20th day of May, 2009.

LIBBY CLAIMANTS

By their attorneys,

_____
Adam G. Landis (No. 3407)
Kerri Mumford (No. 4186)
LANDIS RATH & COBB LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
(302) 467-4400

and

Daniel C. Cohn
Christopher M. Candon
COHN WHITESELL & GOLDBERG LLP
101 Arch Street
Boston, MA 02110
(617) 951-2505

877p/mot for Leave Page Limit (Plan Obj)