# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |
| | **Related Docket Nos.  21810** |
| | Hearing Date and Time: TBA |
| | Objection Deadline: TBA |

## ARROWOOD'S OBJECTION TO DEBTOR'S REQUEST FOR LEAVE FROM THIS COURT'S SCHEDULING ORDER AND TO SHORTEN NOTICE PERIOD ON ITS SURPRISE MOTION TO STRIKE <u>BERND HEINZ AS A REBUTTAL EXPERT</u>

Arrowood strenuously objects to Grace's motion to shorten the time period for notice

with respect to its motion to strike Arrowood's designation of Bernd Heinz as a rebuttal expert

witness for the Phase II hearing.

Grace's does not offer a single argument or explanation for why shorten notice, as

opposed to normal notice, is required.  Likewise, Grace does not identify any exigent

circumstance that mandates that Arrowood's counsel brief this matter over the Memorial Day

break and on an extremely expedited basis.

No exigent circumstance exists warranting leave for shortened notice.  Mr. Heinz is a

rebuttal witness for Phase II, which will not take place ***until the end of the summer***.  He will not

be called in Phase I.  There is absolutely no reason why Arrowood's procedural rights should be

compromised by Grace's demands that its motion be briefed on shortened notice.  Rather, special

consideration should always be given when addressing with due process rights with regard to the

preclusion of witnesses, fact and expert, since preclusion orders impact important substantive

rights.

Nor does Grace offer any excuse for why it did not file a motion earlier if it believed this issue to be important. ***The first time Grace's counsel raised an issue concerning Mr. Heinz or the purported deficencies in his designation was this week.*** As noted in Grace's application, Mr. Heinz was designated as a rebuttal expert months ago. He has since been available for deposition at any time. If Grace believed that his designation was somehow improper, it could and should have asserted its objection and moved months ago. There is no excuse for Grace laying in wait for months and then sandbagging Arrowood with a motion for leave for shortened notice on the eve of the Memorial Day break.

Finally, Grace fails to disclose anything about the state of discovery. Depositions of witnesses continue and will go well into the end of June and almost certainly beyond, various parties including Grace have not yet completed their document productions and objectors such as BNSF and the Libby Claimants have yet to produce the bulk of their witnesses. In addition, extensive efforts have been made by Arrowood to engage Grace in resolution of issues that remain in flux. While it is beyond the scope of this submission to explain in full, it is simply impossible for a rebuttal witness to respond to points and evidence that have not yet been presented. Grace has acknowledge with this regard to its own rebuttal experts and is taking undue advantage in the case of Mr. Heinz.

For the above reasons, Arrowood requests that shortened notice be denied. Shorten notice does not comply in this circumstance with the strict requirements imposed by Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e). Nor is the reduction of the time period consistent with the policy underlying Bankruptcy Rule 9006(c)(2) or other applicable rules.

Dated: May 21, 2009
    Wilmington, Delaware

/s/ Garvan F. McDaniel
Garvan F. McDaniel, Esq. (#4167)
BIFFERATO, GENTILOTTI, LLC
800 N. King Street – Plaza Level
Wilmington, DE 19801
Tel: (302) 429-1900
Fax: (302) 429-8600

- and -

Carl. J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, New York 10017
Tel: (212) 490-3000

- and -

Tancred V. Schiavoni, Esq.
Gary Svirsky, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
(212) 326-2000

*Attorneys for Arrowood Indemnity Company f/k/a*
*Royal Indemnity Company*

3