IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | RE:  Doc. No. 21722 |

## ORDER APPROVING STIPULATION REGARDING ORDER APPROVING STIPULATION REGARDING CLASSIFICATION OF CLAIMS OF MORGAN STANLEY SENIOR FUNDING, INC. AS ASSIGNEE OF CERTAIN CLAIMS OF BANK OF AMERICA, N.A. UNDER THE PLAN

Upon consideration of the *Stipulation Regarding Classification of Claims of Morgan Stanley Senior Funding, Inc. as Assignee of Certain Claims of Bank of America, N.A. Under the Plan* attached hereto as Exhibit 1 (the "Stipulation") and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1.       The Stipulation and all of its terms are approved.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2.     This Court shall retain jurisdiction to hear and determine all matters

arising from or in connection with the implementation, enforcement and interpretation of this

Order.

Dated:  May 22    , 2009

*Judith K. Fitzgerald*

The Honorable Judith K. Fitzgerald
United States Bankruptcy Court Judge

# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| W.R. GRACE & CO., *et al.*, | )    Case No. 01-1139 (JKF) |
| | ) |
| Debtors. | )    Jointly Administered |
| | ) |

### STIPULATION REGARDING CLASSIFICATION OF CLAIMS OF MORGAN STANLEY SENIOR FUNDING, INC. AS ASSIGNEE OF CERTAIN CLAIMS OF BANK OF AMERICA, N.A. UNDER THE PLAN[1]

WHEREAS, on April 2, 2001 (the "Petition Date"), W. R. Grace & Co. and W. R. Grace & Co. – Conn. ("Grace-Conn") and certain of their affiliates and subsidiaries (together with W. R. Grace & Co. and Grace-Conn, the "Debtors") petitioned the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code;

WHEREAS, prior to the Petition Date, Bank of America, N.A. ("BofA") issued three standby letters of credit for the account of Grace-Conn (collectively, the "Letters of Credit") as collateral for certain insurance transactions and surety bonds issued in favor of the Debtors;

WHEREAS, upon any draw under the Letters of Credit, Grace-Conn was obligated to reimburse BofA in accordance with the terms of certain agreement(s) between Grace-Conn and BofA in accordance with the terms thereof (the "Reimbursement Agreements");

WHEREAS, on November 11, 2005, the Debtors and BofA entered into that certain Stipulation Regarding Allowance of Certain Claims (the "2005 Stipulation");

WHEREAS, pursuant to the terms of the 2005 Stipulation, the Debtors agreed that, as a result of National Union Fire Insurance Company of Pittsburgh, PA having drawn on two of the Letters of Credit, BofA was entitled to (i) an allowed, unsecured nonpriority claim against Grace-Conn in the amount of $9,779,270, and (ii) an allowed, contingent, unliquidated and undisputed claim against Grace-Conn with respect to all undrawn amounts of the outstanding Letters of Credit;

---

[1]   This Stipulation relates to classification of the Claims described herein under the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009 (the "Plan"). If the Plan, as amended from time to time, is not confirmed, this Stipulation shall have no force and effect.

WHEREAS, on November 14, 2005, the Bankruptcy Court entered its Order Authorizing Settlement with Bank of America, N.A. and Granting Related Relief which authorized the Debtors' entry into the 2005 Stipulation;

WHEREAS, in light of National Union's further draws under the Letters of Credit, BofA's allowed, contingent, unliquidated and undisputed claim against Grace-Conn with respect to all undrawn amounts of the outstanding Letters of Credit was liquidated in the amount of $6,710,110 (the $6,710,110 claim and the $9,779,270 claim being, collectively, the "Claims"); WHEREAS, pursuant to Transfer of Claim Agreements dated April 24, 2006 and February 22, 2008, Morgan Stanley Senior Funding, Inc. ("Morgan Stanley") became the owner of all of BofA's right, title and interest in and to the Claims;

WHEREAS, on February 27, 2009, the Debtors and others (collectively, the "Plan Proponents") filed their Disclosure Statement (the "Disclosure Statement") in support of the Plan;

WHEREAS, pursuant to Section 3.2.16 of the Disclosure Statement, the Debtors confirmed the amount of the Claims;

WHEREAS, on March 9, 2009, the Bankruptcy Court entered its Order Approving Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedules and Related Relief (the "Disclosure Statement Order");

WHEREAS, the Disclosure Statement Order approves certain procedures to be followed by creditors who object to the classification of their claim under the Plan;

WHEREAS, the Plan may be interpreted in such a way as to classify the Claims other than as Class 9 Claims (as defined in the Plan) and the Debtors initially so contended;

WHEREAS, Morgan Stanley contends that the Claims should be classified as Class 9 General Unsecured Claims (as defined in the Plan),

WHEREAS, upon consideration of the 2005 Stipulation, the Debtors and other Plan Proponents agree with Morgan Stanley's contention and desire to memorialize their agreement regarding the classification of the Claims under the Plan;

NOW, THEREFORE, it is hereby stipulated and agreed (this "Stipulation") by and between Morgan Stanley and the Plan Proponents:

1.    Notwithstanding any provisions of the Plan and Disclosure Statement to the contrary, the Claims shall be allowed as Class 9 General Unsecured Claims (as defined in the Plan).

2.    Neither Morgan Stanley, BofA, nor any other party shall be required to file a Disputed Classification Declaration as provided under the Disclosure Statement Order in connection with the Claims, and execution of this Stipulation shall be considered to be satisfaction of such requirement.

3.    This Stipulation shall inure to the benefit of Morgan Stanley, the Plan Proponents, their successors and assigns.

4.    The Debtors shall submit this Stipulation to the Bankruptcy Court for approval.

5.    This Stipulation may be signed in counterparts and by facsimile, with each signed counterpart being deemed a part of the original document.

6.    This Stipulation may not be modified, altered, or amended except by a writing signed by the parties.

7.    All disputes regarding or arising under this Stipulation shall be determined by the Bankruptcy Court.


KATTEN MUCHIN ROSENMAN LLP          KIRKLAND & ELLIS LLP

_____          _____
Jeff J. Friedman, Esq.              Theodore L. Freedman, Esq.
Noah Heller, Esq.                   Deanna D. Boll, Esq.
Merritt A. Pardini, Esq.            Kirkland & Ellis LLP
575 Madison Avenue                  Citigroup Center
New York, New York 10022            153 East 53rd Street
(212) 940-6539                      New York, New York 10022-4611
                                    212-446-4800

*Attorneys for Morgan Stanley
Senior Funding, Inc.*                and

                                    Janet S. Baer, Esq.
                                    The Law Offices of Janet S. Baer, P.C.
                                    70 W. Madison Street
                                    Suite 2100
                                    Chicago, IL 60602
                                    312-644-2162


                                    and

                                    PACHULSKI STANG ZIEHL & JONES LLP

                                    _____
                                    Laura Davis Jones (Bar No. 2436)

James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Attorneys for the Debtors*