# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - -

In Re:                    : Chapter 11
                          :
                          : Case No.
W.R. GRACE & CO., et al,  : 01-01139 JKF
                          :
                          : (Jointly
         Debtors          : Administered)

- - -

Monday, May 4, 2009

- - -

Continuation of oral deposition of PETER VAN N. LOCKWOOD, ESQUIRE, taken pursuant to notice, was held at the offices of CAPLIN & DRYSDALE, One Thomas Circle N.W., Suite 1100, Washington, DC 20005, commencing at 12:05 p.m., on the above date, before Lori A. Zabielski, a Registered Professional Reporter and Notary Public in and for the Commonwealth of Pennsylvania.

- - -

MAGNA LEGAL SERVICES
Seven Penn Center
1635 Market Street
8th Floor
Philadelphia, Pennsylvania 19103

Page 450

```
 1  APPEARANCES:
 2
 3  DRINKER BIDDLE & REATH, LLP
    BY: MICHAEL F. BROWN, ESQUIRE
 4  One Logan Square
    18th & Cherry Streets
 5  Philadelphia, Pennsylvania 19103-6996
    215.988.7988
 6  (brownm@dbr.com)
    (jeffrey.boerger@dbr.com)
 7  Representing OneBeacon America Insurance
    Company, Seaton Insurance Company,
 8  Government Employees Insurance Company,
    Columbia Insurance Company f/k/a Republic
 9  Insurance Company
10
11  CAPLIN & DRYSDALE, CHARTERED
    BY: NATHAN D. FINCH, ESQUIRE
12      JEFFREY A. LIESEMER, ESQUIRE*
        (*VIA TELECONFERENCE)
13  One Thomas Circle NW
    Suite 1100
14  Washington, DC 20005
    202.862.7801
15  (ndf@capdale.com)
    (jal@capdale.com)
16  Representing Grace, Official Committee of
    Asbestos Personal Injury Claimants
17  ("ACC"), and Witness
18
    ANDERSON KILL & OLICK, P.C.
19  BY: ROBERT M. HORKOVICH, ESQUIRE
    1251 Avenue of the Americas
20  New York, New York 10020
    212.278.1322
21  (rhorkovich@andersonkill.com)
    Representing the ACC
22
23
```

Page 451

```
 1  APPEARANCES (continued)
 2
 3  KIRKLAND & ELLIS, LLP
    BY: THEODORE L. FREEDMAN, ESQUIRE
 4  655 Fifteenth Street, NW
    Washington, DC 20005-5793
 5  202.879.5081
    (tfreedman@kirkland.com)
 6  Representing the Debtors
 7
 8  THE LAW OFFICES OF JANET S. BAER, P.C.
    BY: JANET S. BAER, ESQUIRE
 9  70 West Madison Street
    Suite 2100
10  Chicago, Illinois 60602
    312.641.2162
11  Representing the Debtors
12
13  SIMPSON THACHER & BARTLETT, LLP
    BY: SAMUEL J. RUBIN, ESQUIRE*
14      (*VIA TELECONFERENCE)
    425 Lexington Avenue
15  New York, New York 10017-3954
    212.455.3122
16  (srubin@stblaw.com)
    Representing Travelers Casualty and
17  Surety Company
18
19  VORYS, SATER, SEYMOUR AND PEASE, LLP
    BY: TIFFANY STRELOW COBB, ESQUIRE*
20      (*VIA TELECONFERENCE)
    52 East Gay Street
21  Columbus, Ohio 43215
    614.464.8322
22  (tscobb@vorys.com)
    Representing The Scotts Company, LLC
23
24
```

Page 452

```
 1  APPEARANCES (continued)
 2
 3  COHN WHITESELL & GOLDBERG, LLP
    BY: DANIEL C. COHN, ESQUIRE
 4  101 Arch Street
    Boston, Massachusetts 02110
 5  617.951.2505
    (cohn@cwg11.com)
 6  Representing the Libby Claimants
 7
 8  SPEIGHTS & RUNYAN
    BY: DANIEL H. SPEIGHTS, ESQUIRE*
 9      (*VIA TELECONFERENCE)
    200 Jackson Avenue East
10  P.O. Box 685
    Hampton, South Carolina 29924
11  803.943.4444
    (dspeights@speightsrunyan.com)
12  Representing Anderson Memorial Hospital
13
14  TUCKER ARENSBERG
    BY: MICHAEL A. SHINER, ESQUIRE*
15      (*VIA TELECONFERENCE)
    1500 One PPG Place
16  Pittsburgh, Pennsylvania 15222
    412.594.5586
17  (mshiner@tuckerlaw.com)
    Representing Certain London Market
18  Insurers and AXA Belgium
19
20  FORD MARRIN ESPOSITO & WITMEYER & GLESER
    BY: ELIZABETH M. DeCRISTOFARO, ESQUIRE
21  Wall Street Plaza
    New York, New York 10005-1875
22  212.269.4900
    Representing Continental Casualty Company
23  and Continental Insurance Company
24
```

Page 453

```
 1  APPEARANCES (continued)
 2
 3  BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
    BY: MATTHEW I. KRAMER, ESQUIRE*
 4      (*VIA TELECONFERENCE)
    200 South Biscayne Boulevard
 5  Suite 2500
    Miami, Florida 33131-5340
 6  305.450.7246
    (mkramer@bilzin.com)
 7  Representing Property Damage Committee
 8
 9  STROOCK & STROOCK & LAVAN, LLP
    BY: ARLENE G. KRIEGER, ESQUIRE*
10      (*VIA TELECONFERENCE)
    180 Maiden Lane
11  New York, New York 10038-4982
    212.806.5400
12  (akrieger@stroock.com)
    Representing Official Committee of
13  Unsecured Creditors
14
15  CROWELL & MORING, LLP
    BY: MARK PLEVIN, ESQUIRE
16      NOAH S. BLOOMBERG, ESQUIRE*
    1001 Pennsylvania Avenue NW
17  Washington, DC 20004-2595
    202.624.2913
18  (mplevin@crowell.com)
    (nbloomberg@crowell.com)
19  Representing Fireman's Fund Insurance
    (Surety Bond)
20
21
22
23
24
```

Page 454

APPEARANCES (continued)

STEVENS & LEE, P.C.
BY: JOHN D. DEMMY, ESQUIRE*
    (*VIA TELECONFERENCE)
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
302 654 5180
jdd@stevenslee.com
Representing Fireman's Fund Insurance

ALAN B. RICH LAW OFFICES
BY: ALAN B. RICH, ESQUIRE*
    (*VIA TELECONFERENCE)
Elm Place, Suite 4620
1401 Elm Street
Dallas, Texas 75202
214.744.5100
arich@alanrichlaw.com
Representing Property Damage FCR

CONNOLLY BOVE LODGE & HUTZ, LLP
BY: JEFFREY C. WISLER, ESQUIRE
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
302 888.6528
jwisler@cblh.com
Representing Maryland Casualty

ECKERT SEAMANS CHERIN & MELLOTT, LLC
BY: EDWARD J. LONGOSZ, II, ESQUIRE
1747 Pennsylvania Avenue, NW
12th Floor
Washington, DC 20006
202.659.6619
elongosz@eckertseamans.com
Representing Maryland Casualty and Zurich

Page 455

APPEARANCES (continued)

WILEY REIN, LLP
BY: KARALEE C. MORELL, ESQUIRE
1776 K Street NW
Washington, DC 20006
202 719.7520
kmorell@wileyrein.com
Representing Maryland Casualty and Zurich

COZEN O'CONNOR
BY: ILAN ROSENBERG, ESQUIRE*
    (*VIA TELECONFERENCE)
1900 Market Street
Philadelphia, Pennsylvania 19103-3508
215.665.4621
irosenberg@cozen.com
Representing Federal Insurance Company

ORRICK HERRINGTON & SUTCLIFFE, LLP
BY: JONATHAN P. GUY, ESQUIRE
    JOSHUA M. CUTLER, ESQUIRE
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706
202 339.8516
jguy@orrick.com
Representing Future Claimants
Representative

CUYLER BURK, P.C.
BY: TANYA M. MASCARICH, ESQUIRE*
    (*VIA TELECONFERENCE)
4 Century Drive
Parsippany, New Jersey 07054
973 734 3200
tmascarich@cuyler.com
Representing Allstate Insurance Company

Page 456

APPEARANCES (continued)

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
BY: CARL PERNICONE, ESQUIRE
150 East 42nd Street
New York, New York 10017-5639
212.915.5656
carl.pernicone@wilsonelser.com
Representing Arrowood Indemnity Company

O'MELVENY & MYERS, LLP
BY: TANCRED SCHIAVONI, ESQUIRE*
    (*VIA TELECONFERENCE)
Times Square Tower
7 Times Square
New York, New York 10036
212.326.2267
tschiavoni@omm.com
Representing Arrowood Indemnity Company

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
BY: KEVIN J. MANGAN, ESQUIRE*
    (*VIA TELECONFERENCE)
222 Delaware Avenue
Suite 1501
Wilmington, Delaware 19801
302 252.4361
kmangan@wcsr.com
Representing State of Montana

PEPPER HAMILTON, LLP
BY: LINDA J. CASEY, ESQUIRE*
    (*VIA TELECONFERENCE)
3000 Two Logan Square
Philadelphia, Pennsylvania 19103
215 981 4000
caseyl@pepperlaw.com
Representing BNSF Railway Company

Page 457

APPEARANCES (continued)

GOODWIN PROCTER, LLP
BY: DANIEL M. GLOSBAND, ESQUIRE*
    (*VIA TELECONFERENCE)
Exchange Place
53 State Street
Boston, Massachusetts 02109
617.570.1930
dglosband@goodwinprocter.com
Representing CNA Insurance

KRAMER LEVIN NAFTALIS & FRANKEL, LLP
BY: GREGORY A. HOROWITZ, ESQUIRE
1177 Avenue of the Americas
New York, New York 10036
212.715.9571
ghorowitz@kramerlevin.com
Representing Official Committee of Equity
Holders

Page 458

```
            ---
          INDEX
            ---

Testimony of:
    PETER VAN N. LOCKWOOD, ESQUIRE

By Mr. Cohn        Page 462
By Mr. Wisler      Page 531
By Mr. Mangan      Page 544
By Ms. Casey       Page 549
By Mr. Speights    Page 563
By Mr. Plevin      Page 606
By Mr. Schiavoni   Page 624
By Mr. Brown       Page 636

            ---
          EXHIBITS
            ---

NO.  DESCRIPTION                    PAGE
17   Notice of Deposition of
     Asbestos PI Committee Pursuant
     to Rule 30(b)(6)               460
18   Exhibit 8 to Exhibit Book      460
```

Page 459

```
            ---
      DEPOSITION SUPPORT INDEX
            ---

Direction to Witness Not to Answer:
Page   Line      Page   Line
620    11        632    14


Request for Production of Documents:
Page   Line      Page   Line
NONE



Stipulations:
Page   Line      Page   Line
12     02
(Previously)


Area(s) Marked Confidential:
Page   Line      Page   Line
NONE
```

Page 460

PETER VAN N. LOCKWOOD, ESQUIRE, after having been first duly sworn, was examined and testified as follows:

---

PROCEEDINGS

---

(ACC 30(b)(6)-17 and 18 premarked for identification at this time.)

---

MR. COHN: Go ahead, Mr. Schiavoni.

MR. SCHIAVONI: I just wanted to object. We have written the Libby claimants separately about this, but we object to them doing any questioning of Mr. Lockwood on the grounds that the Libby claimants are members of the committee; they have not objected to Mr. Lockwood's designation to testify on behalf

Page 461

of the committee; nor have they offered in response to requests any alternative witness to testify on any topics on which they disagree with Mr. Lockwood.

We see Mr. Lockwood's testimony and the failure of the Libby claimants to object to the designation of Mr. Lockwood as an adoptive omission by the Libby claimants, and we object to any questioning by them as essentially questioning seeking to impeach their own witness. Thank you.

MR. COHN: You are welcome. We will respond to your correspondence, but, for the moment, let's simply say that we reject the basis for your objection.

MR. SCHIAVONI: If there are any topics that the Libby claimants object to Mr. Lockwood's designation on, we need to know

Page 462

```
1    what those topics are before this
2    deposition is completed so we can
3    question on those topics.
4         MR. COHN: So far as the
5    Libby claimants are aware,
6    Mr. Lockwood has been properly
7    designated as the spokesman for
8    the Asbestos PI Committee as an
9    entity.
10        So with that, why don't we
11   start.
12            - - -
13        EXAMINATION
14            - - -
15   BY MR. COHN:
16      Q.  We didn't do this last time,
17   so let me hand you what has been marked
18   as ACC 30(b)(6) Exhibit-17 and ask
19   whether you recognize it.
20      A.  I do.
21      Q.  And what is it?
22      A.  It's a Notice of Deposition
23   of the ACC by the Libby claimants.
24      Q.  Okay. And that's a
```

Page 463

```
1    deposition under Rule 30(b)(6)?
2       A.  Correct.
3       Q.  And you are the person who
4    has been designated by the Asbestos
5    Claimants Committee to appear on behalf
6    of the committee?
7       A.  To my great good fortune,
8    yes.
9       Q.  Okay. Now, this deposition
10   was begun on Friday, May 1st; is that
11   correct?
12      A.  Yes.
13      Q.  And we suspended at about
14   7:45 in the evening?
15      A.  As best I can recall, that
16   seems about right.
17      Q.  Since that time, have you
18   spoken with your counsel at all?
19      A.  Do you mean Mr. Finch?
20      Q.  Or any of the lawyers
21   representing you?
22      A.  Well, Mr. Finch and I were
23   on a conference call this morning on
24   matters wholly unrelated to this case. I
```

Page 464

```
1    haven't discussed my testimony with him,
2    if that's what you are inquiring about.
3       Q.  Yes. The next question
4    would be whether you have discussed
5    either the testimony that you have given
6    or the testimony that you are going to
7    give in this deposition.
8       A.  I have not discussed that
9    with anybody --
10      Q.  Okay.
11      A.  -- since Friday, which, I
12   guess, was your question.
13      Q.  That was the question.
14          All right. Is it the case
15   that any asbestos PI claimant may elect
16   individual review of his claim?
17          MS. BAIER: Objection to
18   form. Basis? What are you
19   talking about, in the world?
20          MR. COHN: Okay. Let me
21   start again.
22   BY MR. COHN:
23      Q.  Let me refer you to the TDP,
24   which has been marked as ACC Exhibit-11.
```

Page 465

```
1       A.  I have it.
2       Q.  And ask you under the TDP
3    whether any asbestos PI claimant may
4    elect individual review of his claim?
5       A.  As best I can recall,
6    assuming the claimant has not previously
7    elected expedited review and subject to
8    the provisions relating to expedited
9    review, the answer to that question is
10   yes. There are specific provisions in
11   the TDP that address individual review
12   and how it's to be elected and how it's
13   to proceed.
14      Q.  And when a claimant properly
15   in accordance with the TDP elects
16   individual review, what happens next?
17      A.  Well, that depends, frankly,
18   on how the trustees after consummation of
19   the Plan proceed to establish the claims
20   handling or resolution facility. As of
21   right now, the Grace Trust doesn't exist,
22   doesn't have claims handling facility,
23   and, therefore, there is no specific set
24   of personnel or internal procedures that
```

Page 630

testimony on behalf of the committee with respect to any of the topics on which the committee's designated you as a 30(b)(6) witness?
A. Not that I recall.
Q. Did either Mr. Heberling or his client, which is a member of the committee, convey any position to the committee concerning the treatment of asbestos PI claims that's in any way inconsistent with the testimony that you have offered today?
MR. FINCH: Objection, form, foundation. To the extent that calls for privileged communications, I instruct the witness not to answer. To the extent that calls for settlement communications, I instruct the witness not to answer.
If you can answer subject to either of those instructions, you can do so.
THE WITNESS: Mr. Cohn and

Page 631

his clients have filed voluminous papers in this case expressing positions with which the majority of the committee is in disagreement, and the committee has filed papers in opposition or otherwise in response to those papers.
You have asked me whether or not anything I have said in the course of a day and a half of testimony is inconsistent with the positions expressed by the Libby claimants in those papers. I would have to say it strikes me as probable that I have said things that were inconsistent with those positions. But for me to go back and recite from memory everything that I might have said that might be so inconsistent, I could not begin to accomplish.
BY MR. SCHIAVONI:
Q. Have Mr. Heberling and his

Page 632

client taken positions inconsistent with the other committee members with regard to the Plan that's now on file?
A. Yes.
Q. And has that been the case for the last year?
A. Probably, I would say so, at least.
Q. Would you tell us what positions the Libby claimants took in meetings with the other ACC members with regard to the insurance coverage that's alleged to be issued to Grace?
MR. FINCH: Objection. To the extent he is calling for discussions between committee members in the presence of committee counsel that would reveal privileged communications or work product communications, I instruct you not to answer the question.
I think on its face, the question invades the privilege,

Page 633

but if you can answer the question without so doing, you may do so, although I tend to doubt it.
THE WITNESS: Read the question back.
(The reporter read from the record as requested.)
THE WITNESS: I have been instructed not to answer that question by my understanding my instructions.
MR. SCHIAVONI: And, Nate, I don't want to belabor the point, but this would be the case with regard to other questions about what positions the Libby claimants had communicated to the other committee members in which they are in opposition to the other committee members, right?
THE WITNESS: Any communication that happened that wasn't as a result of them filing something in court, I would take

Page 634

the same position and give the
same instruction.
    If you ask about questions
that Libby claimants have taken in
papers filed in the court, for
example, in a Disclosure Statement
objections and the bullet point
Plan objections and the
committee's responses made to that
in open court, I will permit
Mr. Lockwood certainly to answer
those questions.
    But anything that gets into
communications with between the
Libby claimants with the rest of
the ACC or counsel for the ACC
about their respective views of
insurance coverage, I am going to
take the position as privileged.
    And so I think you have to
do it on a question-by-question
basis, but that's my general
position.
BY MR. SCHIAVONI:

Page 635

Q. Okay. Mr. Lockwood, I just
have one other brief topic. And here is
the first question on that: Does the
Plan purport to release claims that may
exist between insurers and Non-Debtors?
    MR. FINCH: Objection, form,
broad, vague.
    THE WITNESS: Phrased as
broadly as you have, I think the
answer is yes.
    MR. SCHIAVONI: Okay. Thank
you. I have no further questions.
    MR. FINCH: Is there anyone
else in the room who has
questions?
    MR. BROWN: I have some
follow-ups.
    MR. FINCH: Is there anyone
else on the telephone who has not
asked questions yet who has
questions?
    (No response.)
    MR. FINCH: Hearing no
affirmative response, I will let

Page 636

you have follow-up until we run
out of time.
    (There was a discussion held
off the record at this time.)
    (There was a break from 3:55
p.m. to 4:03 p.m.)
      - - -
      EXAMINATION
      - - -
BY MR. BROWN:
Q. Mr. Lockwood, just a couple
of follow-ups. The court reporter is
actually going to read back a question
and answer. I think it's probably easier
to do that, and then I will ask my
follow-up question. It was end of
Mr. Wisler's questioning of you.
    A. Okay.
    (The reporter read from the
record as requested.)
BY MR. BROWN:
Q. And after that,
Mr. Lockwood, Mr. Wisler asked you a
follow-up as to what type of claim it

Page 637

would be.
    And is it correct that the
ACC does not have a position on what type
of claim it would be if it's not a Class
6 claim?
    A. Well, the ACC doesn't, as
such, have positions on hypothetical
questions. So, yes, the ACC doesn't have
a position on that issue. The ACC --
well, I will leave it at that.
Q. On Friday, Mr. Cohn asked
you a question, who drafted the TDP.
That was the question, and you gave an
answer which I am happy to show you the
full answer. But I WANT to repeat a
portion of your answer. You said: "The
participants that did it were basically
counsel for the ACC, counsel for the FCR,
and members of the ACC itself in terms of
reviewing and commenting on things, and
the FCR himself."
    When you said the ACC
itself, what did you mean?
    A. I meant --