# In re Thorpe Insulation Co.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS 6

| Case No. | CV 08-3711 DSF (consolidated with CV 08-4047 DSF CV 08-4053 DSF CV 08-4056 DSF) | Date | 10/8/08 |
|---|---|---|---|
| Title | In re Thorpe Insulation Co. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Motion to Dismiss Appeals

Before the Court is the motion by appellee Thorpe Insulation Company to dismiss the consolidated appeals of Motor Vehicle Casualty Company and Central National Insurance Company (collectively "Appellants"). For the reasons given below, the motion to dismiss is GRANTED.

## I. BACKGROUND

Thorpe was a prominent mechanical insulation contractor owned by Robert and Linda Fults. Since the 1970s, it has been involved in asbestos-related litigation encompassing thousands of claims. Through a series of transactions beginning in 2000, Thorpe transferred all or virtually all of its operating assets to Pacific Insulation Company, owned by Robert and Linda Fults, and Farwest Insulation Consulting, owned by Eric and David Fults, sons of Robert and Linda.

In 2005, Thorpe began protracted complex litigation with its insurers regarding coverage for its asbestos liability. The insurers argue that Thorpe has reached the limits of its coverage while Thorpe asserts that the insurers remain liable for ongoing claims. The coverage litigation remains pending in California Superior Court, but has been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

JS 6

effectively stayed by the Bankruptcy Court.

In October 2007, Thorpe filed a Chapter 11 bankruptcy petition seeking the protection of 11 U.S.C. § 524(g). Section 524(g) facilitates global settlement of present and future asbestos claims through a variety of special procedures. On May 20 and May 22, 2008, the bankruptcy court approved three settlement agreements between Thorpe and four insurance companies ("Settling Insurers") resolving the coverage disputes between Thorpe and those insurers. (See Thorpe Excerpts of Record ("TER") Ex. 1, 3, 4.) The settlement agreements require Thorpe, among other things, to seek a § 524(g) injunction that would protect the Settling Insurers from claims relating to the Thorpe insurance polices, including claims for contribution. (See TER at 92-93; 164-65; 241.) Appellants are insurance companies involved in the coverage litigation that did not settle with Thorpe. They claim that the settlement agreements are improper because they abrogate Appellants' rights to pursue claims against the Settling Insurers. Thorpe has moved to dismiss the appeals for lack of standing and lack of ripeness.

## II. DISCUSSION

### A. Appellants Generally Lack Standing to Object to Terms of the Settlement Agreements Between Thorpe and the Settling Insurers

"To have standing to appeal a decision of the bankruptcy court, an appellant must show that it is a person aggrieved who was directly and adversely affected pecuniarily by an order of the bankruptcy court. The order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights." McClellan Fed. Credit Union v. Parker (In re Parker), 139 F.3d 668, 670 (9th Cir. 1998) (internal quotations omitted).

Contrary to the Appellants' assertions, the settlement agreements between Thorpe and the Settling Insurers, on their face, do not purport to release claims of any third parties. Appellants focus on the very broad definition of "claim" in the settlement agreements while ignoring that the only parties whose "claims" are being released are the settling parties – Thorpe and the Settling Insurers. (See TER at 87, 89; 162-63, 169-71; 228, 236.) The only portions of the settlement agreements that impact Appellants are the agreements by Thorpe to seek a § 524(g) injunction that covers the Settling Insurers. As discussed below, the actual issuance of a § 524(g) injunction covering the Settling Insurers could impact Appellants. However, Appellants have not demonstrated that they have any right to prevent Thorpe from seeking a § 524(g) injunction or that they have standing to prevent Thorpe from agreeing to seek such an injunction that covers the Settling Insurers – especially given that § 524(g) explicitly contemplates an injunction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS 6

that would protect insurers. See 11 U.S.C. § 524(g)(4)(A)(ii)(III).

### B.  Appellants' Claims Related to the Proposed § 524(g) Injunction Are Not Ripe

The ripeness of an issue for judicial review depends on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Comm'n, 461 U.S. 190, 201 (1983)(internal citations omitted).

An injunction under 11 U.S.C. § 524(g) allows the bankruptcy court in certain asbestos cases to issue a broad injunction prohibiting suits against non-debtor parties for claims arising from the asbestos liability of the debtor. See 11 U.S.C. § 524(g)(2)(B)(i)(I), (4)(A); 4 Collier on Bankruptcy § 524.07 (15th ed. rev. 2008). The Appellants would have standing to challenge a § 524(g) injunction that barred their claims against a party covered under the injunction as the injunction would detrimentally affect Appellants' rights against the Settling Insurers. It is clear, however, that no § 524(g) injunction has yet been issued. (See, e.g., TER 15; TER 383-84.)

Appellants rely on In re Dominelli, 788 F.2d 584 (9th Cir. 1986), to argue that an appeal may be ripe even when the bankruptcy court has not made a final decision to approve an action. Dominelli involved an appeal of a bankruptcy judge's order approving the appointment of counsel for the creditor's committee with the understanding that the appointed counsel would seek reimbursement from the debtor's estate. Id. at 585. The Ninth Circuit found that an appeal on the issue of the bankruptcy court's authority to pay the creditors' committee's counsel from the estate was ripe. Id. at 586. In doing so, the court observed that, while the bankruptcy court reserved the right to later reject a request for fees, the appealed order appointing counsel ripened the issue of payment of the fees because an order appointing counsel implies that counsel will be paid. Id. at 585-86. The court further noted that allowing the issue to remain undecided would cause unnecessary uncertainty both to the appointed counsel and to the debtor. Id. at 586. Unlike the facts in Dominelli, the issues on appeal are not framed by the appealed order. At present, the contours of any § 524 injunction that may be issued are unknown, which makes it impractical to consider whether the injunction would unlawfully abrogate Appellants' rights. Further, a § 524(g) injunction is not inevitable. Unlike the attorney fees in Dominelli, a § 524 injunction does not logically flow from the order approving the settlement agreements because – as the bankruptcy judge noted – the settlement agreements would not be invalidated if the § 524(g) injunction were not issued. (See TER at 406.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

JS 6

As no § 524 injunction has been approved by the bankruptcy court – either explicitly or implicitly – and the issues that would be raised by such an injunction are not sufficiently definite to allow adjudication at the present time, a challenge to the injunction in the abstract is not ripe. Further, there will be little, if any, harm to the Appellants from denying review because they will have a full and fair opportunity to argue the merits of any proposed § 524(g) injunction when the issue arises.

### III. CONCLUSION

The motion is GRANTED. The appeals are DISMISSED. Costs on appeal are awarded to Thorpe.

IT IS SO ORDERED.