IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Re: Docket No. 19818 |

**STIPULATION AMENDING ORDER RETAINING ALEXANDER M. SANDERS JR. AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS –RELATED PROPERTY DAMAGE CLAIMANTS**

The Debtors, the United States Trustee and counsel for the PD FCR hereby stipulate and agree to entry of the attached Revised Retention Order with respect to the retention of Judge Alexander M. Sanders, Jr. as the PD FCR in these cases in order to provide for Judge Sanders' retention *nunc pro tunc* to September 22, 2008.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-gulch West Coal Company, H-G Coal Company.

1. On September, 19, 2008 the Plan Proponents filed their joint plan of reorganization. Under the Plan, as amended, holders of asbestos property damage claims and demands, if any, are separately classified and such claims and demands are channeled to a trust pursuant to section 524(g) of the Bankruptcy Code. Accordingly, the Plan Proponents immediately sought to retain an Asbestos PD Future Claimant's Representative ("PD FCR") to represent future asbestos-related property damage claimants, if any.

2. In that respect, the Plan Proponents agreed to seek the immediate retention of Judge Alexander M. Sanders, Jr.. Judge Sanders' immediate retention was necessary in order to make sure that at the earliest possible time, a PD FCR would be present to review and negotiate the terms of the Plan.

3. On September 22, 2008, Judge Sanders began performing services related to his imminent retention. On September 24, 2008, the Debtors filed an Application to retain Judge Sanders as the PD FCR and sought the earliest possible hearing date for approval of his retention. (Docket No.19605).

4. On October 20, 2008, the Application to retain Judge Sanders was heard by the Court and an Order was entered approving his retention. A copy of that Order (the "Retention Order") ( Docket No.19818) is attached hereto as Exhibit A.

5. The Retention Order should have provided that Judge Sanders' retention was approved *nunc pro tunc* to September 22, 2008, the date that he first rendered services in these cases. However, the *nunc pro tunc* language was inadvertently left out of the Retention Order.

6.  The Fee Examiner in these cases has questioned the propriety of the Debtors paying the fees incurred by Judge Sanders between September 22, 2008 and October 20, 2008 (approximately $3,000 in fees) given that the Order does not contain the *nunc pro tunc* language.

7.  As a result, the Debtors and counsel for Judge Sanders contacted the United States Trustee to obtain his consent to this Stipulation amending the Retention Order to include the *nunc pro tunc* language and the United States Trustee agreed to such amendment, as outlined in this Stipulation, and entry of the Amended Retention Order, attached hereto as Exhibit B.

8.  Thus, the parties hereby stipulate and agree to entry of the attached Amended Retention Order that provides that the retention of Judge Sanders as the PD FCR is *nunc pro tunc* to September 22, 2008.

Stipulated to this 21st day of May, 2009

KIRKLAND & ELLIS LLP
Theodore L. Freedman
Deanna D. Boll
Citigroup Center
153 East 53rd Street
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison Street
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162

and

/s/ James E. O'Neill

PACHULSKI, STANG, ZIEHL & JONES LLP
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*

ROBERTA DEANGELIS
Acting United States Trustee

BY: /s/ David M. Klauder
David M. Klauder
Trial Attorney
Office of the United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107
Telephone: (215) 597-4411
Facsimile: (215) 597-5795

/s/ Alan B. Rich

ALAN B. RICH, ESQ.
1401 Elm Street, Suite 4620
Dallas, Texas 75202
Telephone (214) 744-5100

*Counsel for the PD FCR*

# **<u>EXHIBIT A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | | Re: Docket Nos.: 19605, 19606 and 19661 |
| | | 10/20/08 Agenda Item No. 9 |

**ORDER GRANTING APPLICATION OF THE DEBTORS, PURSUANT TO 11 U.S.C. §§ 105, 524(g)(4)(B)(i) AND 1109, FOR ENTRY OF AN ORDER APPOINTING ALEXANDER M. SANDERS, JR. AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS**

Upon the application of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the appointment of a legal representative for future asbestos-related property damage claimants or holders of demands as the term is used in section 524(g) (including future claimants and holders of demands in the United States alleging property damage related to Zonolite Attic Insulation ("ZAI")) (the "Application"); and it appearing that

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

91100-001\DOCS_DE:140842.1

the Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Application is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. The Application is granted.

2. Alexander M. Sanders, Jr. is hereby appointed as the Asbestos PD Future Claimants' Representative.

3. The Asbestos PD Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to the Debtors' chapter 11 cases, and shall have, *inter alia*, the powers and duties of a committee, which powers and duties may be modified by order of the Court at any time during these cases.

4. The Asbestos PD Future Claimants' Representative may employ attorneys, and other professionals, consistent with sections 327 and 1103 of the Bankruptcy Code, subject to prior approval of this Court and pursuant to the Administrative Compensation Order.

5. Compensation, including professional fees and reimbursement of expenses, shall be payable to the Asbestos PD Future Claimants' Representative and his professionals from the Debtors' estates, in accordance with the terms and conditions negotiated

2

by the appointed Candidate and the Debtors, subject to approval by this Court and subject to the Administrative Compensation Order.

6. The Asbestos PD Future Claimants' Representative shall not be liable for any damages, or have obligations other than as prescribed by orders of this Court; *provided, however,* that the Asbestos PD Future Claimants' Representative may be liable for damages caused by his willful misconduct or gross negligence. The Asbestos PD Future Claimants' Representative shall not be liable to any person as a result of any action or omission taken or made by the Asbestos PD Future Claimants' Representative in good faith. The Debtors shall indemnify, defend and hold the Asbestos PD Future Claimants' Representative and his agents and professionals harmless from any claims by any party against the Asbestos PD Future Claimants' Representative arising out of or relating to the performance of his duties as Asbestos PD Future Claimants' Representative, *provided, however*, that the Asbestos PD Future Claimants' Representative (and his agents and professionals), shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Asbestos PD Future Claimants' Representative is liable upon such claim as a result of willful misconduct or gross negligence. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these chapter 11 cases, the Asbestos PD Future Claimants' Representative believes that he is entitled to payment for any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under an order approving this Application, including without limitation the advancement of defense costs, the Asbestos PD Future Claimants' Representative

3

91100-001\DOCS_DE:140842.1

must file an application therefore in this Court, and the Debtors may not pay any such amounts to the Asbestos PD Future Claimants' Representative before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Asbestos PD Future Claimants' Representative for indemnification, contribution or reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the Asbestos PD Future Claimants' Representative. In the event that a cause of action is asserted against the Asbestos PD Future Claimants' Representative arising out of or relating to the performance of his duties as Asbestos PD Future Claimants' Representative, the Asbestos PD Future Claimants' Representative shall have the right to choose his own counsel.

7.     The Asbestos PD Future Claimants' Representative and his counsel shall be entitled to receive all notices and pleadings which are served upon the official committees in these chapter 11 cases and their respective counsel pursuant to any and all orders entered in these chapter 11 cases, including, without limitation, (i) the Administrative Compensation Order, and (ii) any and all orders authorizing the Debtors to obtain postpetition financing.

8.     This Court shall retain jurisdiction to hear and determine all matters related to the entry of this Order.

Dated: __10/20__, 2008.

*Judith K. Fitzgerald*
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

4

# **EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Re: Docket No. 19818 |

**AMENDED ORDER RETAINING ALEXANDER M. SANDERS, JR. AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS –RELATED PROPERTY DAMAGE CLAIMANTS**

Pursuant to that certain Stipulation Amending Order Retaining Alexander M. Sanders, Jr. as the Legal Representative for Future Asbestos-Related Property Damage Claimants in these cases, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-gulch West Coal Company, H-G Coal Company.

1. The Stipulation is hereby approved.

2. The Retention Order, dated October 20, 2008, is hereby amended to provide that Judge Sanders' retention is approved *nunc pro tunc* to September 22, 2008, the date that he first rendered services in these cases.

May \_\_\_\_, 2009

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

DOCS_DE:148541.1