# EXHIBIT 6

OCT 16 0? TUE 03:57 PM   SIEGEL BRI... GREUFNER           FAX NO. 11?????81                P.02

# ESCROW AGREEMENT

THIS AGREEMENT is made as of the 27th day of October, 2006, by and among Kremer and Young, LLC, a Minnesota limited liability company, and Tod I. Lane (jointly, the "Buyer"), Madison Complex, Inc., a Minnesota corporation ("Seller"), and First American Title Insurance Company, a _California Corporation_ ("Escrow Agent").

## RECITALS

A.   Buyer and Seller are parties to that certain Commercial Industrial Purchase Agreement dated April 13, 2006, as amended by that certain First Amendment to Purchase Agreement dated September ___, 2006 (as amended, the "Purchase Agreement") providing for the purchase and sale of certain real estate located at 1720 Madison St. NE in the City of Minneapolis, Minnesota legally described in the Purchase Agreement (the "Property")

B.   The First Amendment to the Purchase Agreement requires the Seller to deposit $50,000 of Seller's sales proceeds into an escrow account (the "Environmental Escrow") to be held by Escrow Agent to reimburse Buyer for certain environmental expenses related to the Property.

C.   Buyer and Seller have also agreed to provide for the payment of certain elevator repairs from the Environmental Escrow.

D.   The parties wish to establish the escrow described above.

NOW, THEREFORE, in consideration of Seller's deposit of the $50,000 (the "Escrow Amount") with the Escrow Agent, the mutual promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.   Escrow Deposit. The parties acknowledge and agree that Seller has deposited with Escrow Agent the sum of Fifty Thousand and no/100 Dollars ($50,000.00) to be held, in an interest bearing account, by Escrow Agent pursuant to the terms of this Agreement. All interest shall be added to the Environmental Escrow

2.   Disbursement of Escrow Amount. The Escrow Agent shall reimburse Buyer from the Environmental Escrow up to an aggregate of $50,000 together with any interest earned on such amount, in costs related to (a) the abatement and removal from the Property of the existing asbestos-containing material and any other hazardous wastes or contamination identified in the Phase II investigation for the Property performed on behalf of Buyer and (b) the costs of such Phase II investigation and any fees paid by Buyer to expedite the processing of such Phase II investigation provided that Buyer's reimbursement for the Phase II investigation fees shall not exceed $5,000, and (c) costs incurred by Buyer to repair the existing elevator on the Property as required by the City of Minneapolis, provided that Buyer's reimbursement for such elevator repair expenses shall not exceed $8,500. Buyer shall not be entitled to reimbursement for remediation or abatement made necessary in order to comply with the tenant improvement plans of any particular tenant or prospective tenant of the Property. Buyer's receipt

253104v1



of the reimbursement of the elevator repair expense from the Environmental Escrow satisfies all of Seller's obligations under the Purchase Agreement with respect to the condition of the elevator. Such reimbursement shall occur promptly following Buyer's submission to Escrow Agent of invoices for such expenses.

3. Final Disposition of Escrow Amount. All requests for disbursements from the Environmental Escrow must be submitted by Buyer to Escrow Agent within ninety days following the Minnesota Pollution Control Agency's issuance of a site closure letter for the Property or June 30, 2008, whichever is earlier. Any funds remaining in the Environmental Escrow 120 days following the issuance of such a closure letter or July 31, 2008, whichever is earlier shall promptly be paid to Seller. Buyer shall send to Seller and to Escrow Agent immediately upon receipt a copy of the site closure letter obtained by Buyer.

4. Public Funding of Environmental Expenses. Buyer agrees to submit applications to the City of Minneapolis, the Metropolitan Council, the State of Minnesota and any other governmental entities under any available programs that provide funding for the environmental remediation activities described in Section 2 above and diligently pursue such funding. Any costs related to preparing and submitting such applications shall be reimbursable from the Environmental Escrow. Any and all proceeds from such a grant application shall be applied, first, to reimburse Buyer for unreimbursed environmental remediation and clean-up expenses in excess of the Escrow Amount, and, second, to reimburse Seller for any reimbursements previously obtained by Buyer from the Environmental Escrow.

5. Escrow Agent Obligations. Buyer and Seller hereby release Escrow Agent from any liability relating to Escrow Agent's administration of the Escrow Deposit pursuant to this Agreement except liability based on the negligence or malfeasance of Escrow Agent. Buyer and Seller agree to hold Escrow Agent harmless from any claims or defenses arising out of this Agreement, except for Escrow Agent's failure to account for the funds held pursuant to this Agreement. Escrow Agent shall be entitled to assume (i) the accuracy and truth of any written instrument, notice, certificate or opinion given to it and (ii) the authenticity of any signatures thereon, without any further investigation. The parties acknowledge and agree that Escrow Agent is acting as the agent of Buyer and Seller under this Agreement.

6. Severability. The unenforceability, invalidity, or illegality of any provision shall not render the other provisions unenforceable, invalid, or illegal.

7. Waiver. No consent or waiver, express or implied, by either party to this Agreement of any breach or default by the other in the performance of any obligation under this Escrow Agreement shall be deemed or construed to be a consent to or waiver of any other breach or default by such party hereunder. Failure on the part of any party hereto to complain of any act or failure to act of the other party or to declare the other party in default hereunder, irrespective of how long such failure continues, shall not constitute a waiver of the rights of such party hereunder.

8. No Modifications. This Agreement may not be modified or amended without the prior written consent of all parties.

2

DEC-18-07 TUE 03:39 PM   SIEGEL BRILL GREUPNER      FAX NO. 6123396561              P. 04

9.  **General.** All of the terms and provisions of this Agreement shall be binding upon and inure to the benefit of and be enforceable by the parties hereto and their respective heirs, successors, legal representatives and assigns.

10. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, and which together shall constitute a single, integrated contract.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first set forth above.

KREMER AND YOUNG, LLC

By: _____
Its: Chief Manager
     President

_____
Tod J. Lape

MADISON COMPLEX, INC.

By: _____
Its: _____

FIRST AMERICAN TITLE INSURANCE COMPANY

By: _____
Its: Escrow Officer

# LEONARD, O'BRIEN
# SPENCER, GALE & SAYRE

Thomas W Newcome**
Brian F Leonard•
Eldon J Spencer, Jr. ▪
Michael R O'Brien‡
Edward W Gale
Grover C Sayre, III◊
Thomas W Newcome III•
Michelle McQuarrie Colton
Joseph J Deuhs, Jr
Thomas C Atmore ▪
Ernest F Peake
Matthew R Burton
James M Jonssen▪
Peter J Sajevic, III▫

Andrea M Hauser •
Scott S Payzant▪
Jennifer K Eggers+§
Chad A Kelsch◊†
Jordan W Sayre
Patrick J Lindmark

Of Counsel
  George B Ingebrand, Jr.
  Randall L. Seaver

o Also admitted in Arizona
▪ Also admitted in California
• Also admitted in Illinois
◊ Also admitted in Iowa
† Also admitted in Missouri
§ Also admitted in Montana
∆ Also admitted in North Dakota
▪ Also admitted in Wisconsin
‡ Qualified Neutral (Rule 114)
* Certified Real Property Law Specialist,
  (Minnesota State Bar Association)
**Retired Status

Attorneys at Law
A Professional Association

100 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402-1234
Telephone (612) 332-1030
Fax (612) 332-2740

Internet: www.losgs.com

January 29, 2008

Kathy Davis
Project Manager
Rust Consulting, Inc.
201 South Lyndale Avenue
Faribault, MN 55021

Re: Madison Complex, Inc./W.R. Grace & Co.

Dear Ms. Davis:

Enclosed for filing please find Madison Complex, Inc.'s Amended Proof of Claim in the above-referenced matter. I am requesting that you contact me upon receipt to confirm that the Amended Claim has been properly received and filed.

I appreciate your attention to this matter.

Very truly yours,

LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.

By _____
Chad A. Kelsch
Email: ckelsch@losgs.com

CAK/jlt
Enclosures
374309
CC: Lee Larweck

WR Grace    PD.35.139.6911
**00018499**
SR=1130

REC'D JAN 3 0 2008