IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objection Deadline: June 12, 2009 |
| | ) | Hearing Date: June 29, 2009 at 10:30 a.m. |

### APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF VENABLE LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS

The Debtors hereby submit this Application for the entry of an order, substantially in the form of <u>Exhibit A</u>, authorizing the employment and retention of Venable LLP ("Venable") as special litigation counsel to the Debtors. In support of this Application, the Debtors rely on the Affidavit of G. Stewart Webb, Jr. (the "Webb Affidavit"), a copy of which is attached hereto as <u>Exhibit B</u>. In further support of this Application, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1. This Court has jurisdiction to entertain this application pursuant to 28 U.S.C. §§ 157 and 1334.

2. The statutory bases for the relief requested herein are sections 327(e) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 2014 and 2016 (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

3. On April 2, 2001 each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

## Relief Requested

4. The Debtors respectfully request the entry of an order pursuant to sections 327(e) and 330 of the Bankruptcy Code authorizing them to employ and retain Venable as special counsel to perform certain litigation and strategic legal services they will require during the course of these Chapter 11 Cases. Specifically, and as more particularly described below, the Debtors seek authorization for Venable, their longtime legal advisors with respect to matters involving labor and employment, employee benefits, workers' compensation and corporate/securities law issues, to advise and represent the Debtors in the lawsuit filed by Global Printing & Design Solutions, Inc., Case No. 13-C-08-074673 CN, currently pending in the Circuit Court for Howard County, Maryland (the "Global Printing Litigation").

## Basis For Relief Requested

5.  Venable was retained by the Debtors shortly after the Petition Date as an "Ordinary Course Professional" (hereinafter "OCP") in these Chapter 11 Cases to provide representation with regard to matters involving employment, employee benefits, workers' compensation and corporate/securities law issues and has been rendering services in that regard since such retention.

6.  Pursuant to the *Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business* [Docket No. 197] and as subsequently amended (the "OCP Order"), the Debtors are authorized to pay up to $50,000 per month (the "Monthly Cap") and up to a total $1,200,000 per OCP professional during the pendency of these Chapter 11 Cases (the "Total Expenditure Cap").[2] Pursuant to the OCP Order, Venable filed its *Affidavit Under 11 U.S.C. 327(e)* in these Chapter 11 Cases on May 25, 2001 [Docket No. 321].[3]

7.  Because Venable's fees in relation to the Global Printing Litigation, as well as fees for other services it provides to the Debtors, have begun to exceed the Monthly Cap[4] and are expected to do so for some time to come, the Debtors are filing this Application so that

---

[2] The Total Expenditure Cap was increased from $300,000 to $600,000 by the Court's December 10, 2002 Order [Docket No. 3126], increased to $800,000 by the Court's July 24, 2006 Order Docket No. 12855], and increased to $1,200,000 by the Court's September 24, 2007 Order [Docket No. 16913].

[3] Venable LLP was formerly known as Venable, Baetjer and Howard LLP at the time it filed its *Affidavit Under 11 U.S.C. 327(e)*.

[4] Venable has billed the Debtors $617,570.36 with respect to the Global Printing Litigation from the litigaton's inception through April 30, 2009. Venable also has incurred but not yet billed the Debtors for approximately $41,000.in fees and expenses. Through May 15, 2009, pursuant to the OCP Order, the Debtors have paid Venable $250,000 for such services. Thus $367,570.36 in billed fees and expenses remains owing by the Debtors and approximately $40,000 in unbilled fees and expenses has been incurred for which Venable will seek payment pursuant to the procedures set forth for doing so in the OCP Order and the other applicable procedures and orders of the Court.

K&E 14461905.8

Venable may be regularly compensated for its services in accordance with sections 330 and 331 of the Bankruptcy Code and the procedures set forth in these Chapter 11 Cases. Upon entry of an order approving this Application effective *nunc pro tunc* to the date of the Application, Venable will no longer be compensated pursuant to the OCP Order for fees and expenses incurred in these Chapter 11 Cases going-forward and will be entitled to and required to seek application for its currently outstanding fees and expenses in excess of the OCP caps and all fees and expenses going forward pursuant to sections 330 and 331 of the Bankruptcy Code and any other applicable procedures and orders of the Court in these cases.

8. The Debtors have selected Venable to advise them in connection with certain matters, which will be described more fully below, in which Venable has represented the Debtors over an extended period of time and with which Venable is familiar. Were the Debtors required to retain counsel other than Venable in connection with the specific and limited matters upon which the firm's advice is sought, the Debtors, their estates and all parties-in-interest would be unduly prejudiced by the time and expense necessary to replicate Venable's familiarity with the Debtors' business operations and issues involving the Global Printing Litigation.

9. Further, Venable is a well respected law firm with extensive experience and knowledge in the various areas of practice as to which its continued representation is sought. As such, the Debtors submit that Venable is well qualified and able to provide the specialized legal advice sought by the Debtors during these Chapter 11 Cases. Thus, Venable's retention as special litigation counsel is in the best interest of the Debtors and their estates.

### Scope Of Proposed Retention

10. The Debtors currently seek to retain Venable, subject to the oversight and orders of this Court, with respect to the following matters :

     a.     to advise the Debtors, their counsel, and their Board of Directors with respect to employment, employee benefit, workers' compensation and corporate/securities matters;

     b.     to act as counsel for the Debtors and any related party in the Global Printing Litigation; and

     c.     such other related services as the Debtors may deem necessary or desirable.

Venable has indicated its willingness to render the necessary professional services described above as special litigation counsel to the Debtors.

11. The Debtors have obtained authorization to employ and retain the law firms of Kirkland & Ellis LLP, Pachulski, Stang, Ziehl & Jones PC, and the Law Office of Janet S. Baer to serve as bankruptcy and reorganization counsel to the Debtors. Venable will not serve as general bankruptcy and reorganization counsel to the Debtors. While it is possible that certain aspects of the representations will necessarily involve both Venable and the Debtors' bankruptcy and reorganization counsel, the Debtors believe that the services Venable will provide will be unique and specialized rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel. The Debtors are very mindful of the need to avoid the duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Venable's role as special litigation counsel.

## No Adverse Interest

12. To the best of the Debtors' knowledge, and based upon the Webb Affidavit, Venable is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters for which Venable is to be employed, except as set forth in the Webb Affidavit. Further, to the best of the Debtors' knowledge and except as set forth in the Webb Affidavit, Venable does not have any connections with the Debtors, claimants, other parties in interest, their

respective attorneys and accountants, the United States Trustee, or any person employed by the Office of the United States Trustee.[5]

### Compensation

13. In accordance with Section 330 of the Bankruptcy Code, the Debtors propose to compensate Venable on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by Venable. The primary members of Venable who will be handling the above matters and their current hourly rates charged for this matter are:

| Attorney | Hourly Rate |
| --- | --- |
| G. Stewart Webb, Jr. | $635 per hour |
| Colleen M. Mallon | $415 per hour |
| Alexander W. Major | $285 per hour |
| Mathew R. Swinburne | $265 per hour |
| Jeffery P. Ayres | $495 per hour |
| Elizabeth R. Hughes | $580 per hour |

14. As set forth in the Webb Affidavit, the hourly rates described above are subject to periodic adjustment to reflect economic and other conditions. Other partners, associates, or paralegals, whose hourly rates range from $415 to $660 for partners, $265 to $400 for associates, and $175 to $225 for paralegals, may from time to time provide services to the Debtors in the matters for which Venable's retention is sought. Venable's rates are set at a level designed to compensate Venable fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

15. It is Venable's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include,

---

[5] Several Venable partners have been appointed by the applicable office of the United States Trustee, and have served or are now serving, as the Chapter 7 or Chapter 11 trustee in cases in the District of Maryland, the Southern District of New York, and the District of Virginia.

K&E 14461905.8

Case 01-01139-AMC    Doc 21850    Filed 05/22/09    Page 7 of 9

among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Venable will charge the Debtor for these expenses in a manner and at rates consistent with charges generally made to Venable's other clients.[6] Venable believes that is more equitable to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients. In addition, Venable will also charge the Debtor for the fees and expensed billed by experts and other professionals in connection with the Global Printing Litigation.

16. Venable will submit interim and final applications for compensation in accordance with Sections 330 and 331 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further orders of the Court.

### Conclusion

17. For the reasons set forth above and in the Webb Affidavit, the Debtors' believe that Venable is well qualified to act on the Debtors' behalf in light of their intimate knowledge of the Debtors' businesses and affairs and the Global Printing Litigation. The Debtors further believe that the engagement of Venable as special litigation counsel is essential to the Debtors' successful reorganization and that the retention of Venable is necessary and in the best interest of the Debtors and their estates.

---

[6] Venable currently charges $0.20 per page for standard photocopying. Notwithstanding the foregoing, consistent with the Local Rules, Venable will charge no more than $0.10 per page for standard duplication services in these Chapter 11 Cases.

**Notice**

18. Notice of this Application has been given to: (a) the Office of the United States Trustee, (b) the debtor in possession lenders, (c) counsel to Chase Manhattan Bank as agent to prepetition lenders, (d) counsel to the official committees appointed by the United States Trustee and the Future Claimants Representative, and (e) all those parties that requested service and notice of papers in accordance with Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**No Prior Request**

19. No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, authorizing the retention and employment of Venable as special litigation counsel for the Debtors and granting such other and further relief as is just and proper.

Wilmington, Delaware
Dated: May 22, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
(212) 446-4800

-and-

PACHULSKI, STANG, ZIEHL, & JONES LLP


/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession