## Exhibit B

### Webb Affidavit

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. |

## AFFIDAVIT OF G. STEWART WEBB, JR. IN SUPPORT OF
## THE APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER
## AUTHORIZING THE RETENTION AND EMPLOYMENT OF VENABLE LLP AS
## SPECIAL LITIGATION COUNSEL TO THE DEBTORS

| | | |
|---|---|---|
| STATE OF MARYLAND | ) | |
| | ) | ss: |
| CITY OF BALTIMORE | ) | |

G. STEWART WEBB, JR., being duly sworn, deposes and says:

8.      I am a partner at Venable LLP, with offices at, among other locations, 750 East Pratt Street, Suite 900, Baltimore, Maryland 21202. I am a duly licensed and practicing attorney in the State of Maryland and the District of Columbia. I am also admitted to practice in the

---

[1]     The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

United States District Court for the District of District of Maryland; in the United States Courts of Appeals for the Third, Fourth, Ninth, Eleventh and D.C. Circuits. I am in good standing in all of the states and courts to which I have been admitted. There are no disciplinary proceedings pending against me in any jurisdiction.

9.      I submit this declaration in support of the Application[2] of the Debtors, for the entry of an order pursuant to sections 327, 329 and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, authorizing the Debtors to retain Venable as special litigation counsel to the Debtors in connection with their Chapter 11 Cases. Unless otherwise indicated in this affidavit, I have personal knowledge of the facts set forth herein. To the best of my knowledge based upon the inquiries described below, the following statements are true.

### Venable's Qualifications

10.      Venable is currently retained by the Debtors as an "Ordinary Course Professional" (hereinafter "OCP") in these Chapter 11 Cases to provide representation with regard to matters involving employment, employee benefits, workers' compensation and corporate/securities law issues. Pursuant to the *Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business* [Docket No. 197] and as subsequently amended (the "OCP Order"), the Debtors are authorized to pay up to $50,000 per month (the "Monthly Cap") and up to a total $1,200,000 per professional during the pendency of these Chapter 11 Cases (the

---

2      All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

"Total Expenditure Cap").[3]  Pursuant to the OCP Order, Venable filed its *Affidavit Under 11 U.S.C. 327(e)* in these Chapter 11 Cases on May 25, 2001 [Docket No. 321].[4]

11.    Because Venable's fees in relation to the Global Printing Litigation, as well as fees for other services it provides to the Debtors, are expected to exceed the Monthly Cap, the Debtors are filing this Application so that Venable can be compensated for its services in accordance with sections 330 and 331 of the Bankruptcy Code and the procedures set forth in these Chapter 11 Cases.

12.    The Debtors have selected Venable to advise them in connection with certain matters, which will be described more fully below, in which Venable has represented the Debtors over an extended period of time and with which Venable is familiar.  Were the Debtors required to retain counsel other than Venable in connection with the specific and limited matters upon which the firm's advice is sought, the Debtors, their estates and all parties-in-interest would be unduly prejudiced by the time and expense necessary to replicate Venable's familiarity with the Debtors' business operations and issues involved in the Global Printing Litigation.

13.    Further, Venable is a well respected law firm with extensive experience and knowledge in the various areas of practice as to which its continued representation is sought.  As such, the Debtors submit that Venable is well qualified and able to provide the specialized legal advice sought by the Debtors during these Chapter 11 Cases.  Thus, Venable's retention as special litigation counsel is in the best interest of the Debtors and their estates.

---

[3]    The Total Expenditure Cap was increased from $300,000 to $600,000 by the Court's December 10, 2002 Order [Docket No. 3126], increased to $800,000 by the Court's July 24, 2006 Order Docket No. 12855], and increased to $1,200,000 by the Court's September 24, 2007 Order [Docket No. 16913].

[4]    Venable LLP was formerly known as Venable, Baetjer and Howard LLP at the time it filed its *Affidavit Under 11 U.S.C. 327(e)*.

3

## Scope Of Proposed Retention

14.     The Debtors currently seek to retain Venable, subject to the oversight and orders of this Court, with respect to the following matters :

      a.      to advise the Debtors, their counsel, and their Board of Directors with respect to employment, employee benefit, workers' compensation and corporate/securities matters;

      b.      to act as counsel for W.R. Grace & Co. - Conn. and any related party in the Global Printing Litigation; and

      c.      such other related services as the Debtors may deem necessary or desirable.

Venable has indicated its willingness to render the necessary professional services described above as special litigation counsel to the Debtors.

15.     The Debtors have obtained authorization to employ and retain the law firms of Kirkland & Ellis LLP, Pachulski, Stang, Ziehl & Jones PC, and the Law Office of Janet S. Baer to serve as bankruptcy and reorganization counsel to the Debtors.  Venable will not serve as general bankruptcy and reorganization counsel to the Debtors.  While it is possible that certain aspects of the representations will necessarily involve both Venable and the Debtors' bankruptcy and reorganization counsel, the Debtors believe that the services Venable will provide will be unique and specialized rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel.  The Debtors are very mindful of the need to avoid the duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Venable's role as special litigation counsel.  I have discussed with the Debtors a division of responsibilities regarding representation of the Debtors and will make every effort to avoid and/or minimize duplication of services in these Chapter 11 Cases.

4

**No Adverse Interest**

16.     Venable is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and, except as disclosed on Exhibit B attached hereto, does not represent or hold any interest adverse to the Debtors or their estates.  Venable may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 cases, for persons that are parties-in-interest in the Debtors' Chapter 11 cases.  As part of its customary practice, Venable is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties-in-interest in these Chapter 11 cases.  Venable does not perform services for any such person in connection with these Chapter 11 cases, or have any relationship with any such person, that would be adverse to the Debtors or their estates.[5]

17.     Except as set forth above and to the best of my knowledge, neither I nor any principal of or professional employed by Venable has any disqualifying connections with the Debtors, claimants, other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed by the Office of the United States Trustee.[6]

18.     I am advised that the term "connection" as used in Federal Rule of Bankruptcy Procedure 2014 (and the proper scope of a professional's search for "connection") has not been defined, and it is therefore uncertain what the Court may consider a "connection" requiring

---

[5]   Venable has represented and continues to represent certain defendants in asbestos cases in which one or more of the Debtors is also a defendant.  As a matter of law, by reason of joint tortfeasor status, codefendants are deemed to have cross claims against one another.  Some courts may have enjoined such crossclaims.  Venable has not represented, and will not represent, any asbestos codefendant in any crossclaim against any of the Debtors.

[6]   Several Venable partners have been appointed by the applicable office of the United States Trustee, and have served or are now serving, as the Chapter 7 or Chapter 11 trustee in cases in the District of Maryland, the Southern District of New York, and the District of Virginia.

5

disclosure. Out of caution, I am disclosing in Schedule "B" things that I am advised are not disqualifying or problematic under either section 327(e) of the Bankruptcy Code or applicable standards of professional ethics.

19.     The Debtors are a large enterprise, and Venable (a) may from time to time have represented, (b) may currently represent, and (c) may in the future represent, in matters unrelated to the Debtors, entities which are parties in interest in these cases. With assistance from others within Venable, a conflicts check was performed against a list of potential parties in interest provided to us by Kirkland & Ellis LLP and the Law Office of Janet S. Baer (the "Conflicts List"). The categories of parties listed on the Conflicts List are set forth in Schedule "A" attached hereto.

20.     Given the scope of the list of potential parties in interest, and the limited scope of Venable's proposed engagement under section 327(e) of the Bankruptcy Code, Venable focused its search to look for instances where Debtor entities, non-debtor affiliate entities, asbestos claimants, top shareholders and debtholders, top equity security holders, top 30 unsecured creditors, significant equity holders, bank creditors, directors & officers, top interested parties, top parties with interest and top post-petition claimants are clients of the firm. A summary of the results of Venable's search for "connections" to potential parties in interest is set forth in Schedule "B." The search results indicate that Venable currently represents or has represented some of the potential parties in interest in unrelated matters.

21.     Venable will conduct an ongoing review of its files to ensure that no new matters are opened in conflict with these chapter 11 cases and, if any new relevant facts or relationships are discovered, Venable will supplement its disclosure to the Court. Venable intends to accept

engagements from other potential parties in interest (whether existing or new clients) so long as such matters are unrelated to these chapter 11 cases.

22.     Venable may also represent, in matters unrelated to the Debtors, competitors of the debtors, or parties involved in financings for competitors of the Debtors.  I am advised that applicable law does not require disclosure of such situations.  In addition, Venable may have represented, may currently represent, or may in the future represent, a borrower, issuer of securities, financial advisor, underwriter of securities, lead bank, servicer or other client in financing transactions, merger and acquisition transactions, litigation or arbitration matters, bankruptcy matters or other matters unrelated to these cases in which one or more non-Debtor parties in interest (or an affiliate) or a professional involved in these cases, including but not limited to those on the Conflicts List, happens to be involved.

23.     In addition to the foregoing, Venable has the following "connections" to certain professionals who are or may be involved with these bankruptcy cases or the Court:

    a.    Venable may retain various such professionals or affiliates thereof to provide services to Venable or Venable's clients in a variety of past, present or future engagements.  Alternatively, Venable may have a client or other relationship with such advisors or their affiliates.

    b.    Kirkland & Ellis, LLP and Pachulski Stang, Ziehl & Jones PC and other counsel to the Debtors may be trustees, witnesses, advisors or counsel, as the case may be, in transactions or cases in which Venable also represents a client.

    c.    Current employees of Venable may be former employees of, or related to employees of, one or more of the other professionals in these cases.

    d.    Attorneys at Venable may belong to professional organizations to which other professionals in these cases also belong.

    e.    Individual members or employees of Venable, including myself, may own shares in the Debtors or in other potential parties in interest.

24.    Venable notes that the Debtors' securities may be held by various mutual funds, trust, and portfolios and accounts managed by various advisors, or otherwise held through intermediaries or in street name.  Except to the extent disclosed on the Conflicts List, Venable does not know the ultimate beneficial owners of these securities.  It is possible that some of such owners may be Venable clients.

25.    Some attorneys or employees of Venable may purchase products or receive services from the Debtors or other potential parties in interest.  Attorneys at or employees of Venable or their spouses or relatives may have beneficial ownership of securities issued by, or banking, insurance, brokerage or money management relationships with, other potential parties in interest.  Attorneys at Venable may have relatives or spouses who are members of law firms involved in these cases or employed by potential parties in interest.  I have conducted no investigation of my colleagues' banking, insurance, brokerage or investment activities or familial connections in preparing this declaration.

26.    Certain persons or entities with ambiguous names are on the Conflicts List and, despite reasonably diligent efforts, Venable is unable to determine if those entities are clients or affiliates of clients.  Where possible, we have noted these ambiguities on Schedule "B" by listing the actual names on the Conflicts List in parentheses, after the ambiguous names.

27.    To the best of my knowledge, neither I nor any principal of or professional employed by Venable has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals, regular employees and contract attorneys of Venable.  To the best of my knowledge, neither I nor any principal of or professional employed by Venable, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

8

## Compensation

28.    In accordance with section 330 of the Bankruptcy Code and any applicable orders of the Court, the Debtors propose to compensate Venable on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by Venable.

29.    The primary members of Venable who will be handling the above matters and their current hourly rates charged for this matter are:

| Attorney | Hourly Rate |
|---|---|
| G. Stewart Webb, Jr. | $635 per hour |
| Colleen M. Mallon | $415 per hour |
| Alexander W. Major | $285 per hour |
| Mathew R. Swinburne | $265 per hour |
| Jeffrey P. Ayres | $495 per hour |
| Elizabeth R. Hughes | $580 per hour |

30.    The hourly rates described above are subject to periodic adjustment to reflect economic and other conditions.  Other partners, associates, or paralegals, whose hourly rates range from $415 to $660 for partners, $265 to $400 for associates, and $175 to $225 for paralegals, may from time to time serve the Debtors in the matters for which Venable's retention is sought.  Venable's rates are set at a level designed to compensate Venable fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

31.    It is Venable's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses

9

such as secretarial and other overtime. Venable will charge the Debtor for these expenses in a manner and at rates consistent with charges generally made to Venable's other clients.[7] Venable believes that is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients. In addition, Venable will also charge the Debtor for the fees and expensed billed by experts and other professionals in connection with the Global Printing Litigation.

32.     Venable will submit interim and final applications for compensation in accordance with Sections 330 and 331 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further orders of the Court.

_____
G. Stewart Webb, Jr.

Sworn to and subscribed before me
this _____ day of May, 2009

_____
Notary Public
My Commission expires: _____

---

[7]     Venable currently charges $0.20 per page for standard photocopying. Notwithstanding the foregoing, consistent with the Local Rules, Venable will charge no more than $0.10 per page for standard duplication services in these Chapter 11 Cases.

SCHEDULE A

Categories of potential parties in interest on the Conflicts List:

Ad Hoc Equity Members Committee
Asbestos Claimants
Asbestos Co-Defendants
Bank Creditors
Claims Register
Counsel to Ad Hoc Committee
Court, Admin
Customers
Debtholders
Debtor Affiliates
Directors & Officers
Insurers
Interested Parties
Inventory Settlement Agreements
Lessors
Non-Asbestos Litigation
Objectees 10-18-04
Omnibus Objections
Ordinary Course Professionals
Parties with Interest
Post-Petition Claimants
Pre-Petition Creditor
Rule 2002
Rule 2002 Parties
Shareholders/Debtholders (22 Jan 2008)
Significant Equity Holders
Third Party Motions
Top 100 Equity Security Holders
Top 30 Unsecured Creditors
Unions
Unsecured Creditors Committee
Vendors

SCHEDULE B

Ad Hoc Equity Members Committee

Current clients: Dune Real Estate Parallel Fund, DREF II Crystal Real Estate Investment, and DREF Standard Real Estate Investment Trust (Dune Capital LLC).

Asbestos Claimants

Current client: Princeton University

Asbestos Co-Defendants

Current clients, representation includes one or more asbestos cases in which one or more debtors is a defendant: American Standard, Inc., Asbestos Corp., Crown Cork & Seal Company, Inc., Ford Motor Company, Glidden Durke SCM Corporate Group, Goodyear Tire & Rubber Co., Rapid American Corp.

Other Current clients: Argo Marketing Group (Argo International Group), Beazer Homes (Beazer East, Inc.), BP Corp North America and BP Oil Supply Co. and BP America, Inc. and BP Products North America, Inc. (BP of America), Cardinal Industries Incorporated (Cardinal Industrial Finishes), CBS Corp., Chemetals Technology, Inc. and Chemtech (Chem-Tech Inc.), Special Committee of the Board of Directors of Chevron (Chevron Corp.), ConocoPhillips (Conoco, Inc.), Crane Service Co. (Crane Co.), Del Agro Corporation (Del Corp.), Del Global Technologies Corporation, Marketing Inc., EG&G Technical Services, Inc. (EG&G Sealol, Inc.), Eagle Picher Trust (Eagle Pitcher Industries, Inc.), Ethyl Corporation, Excelsior LaSalle Property Fund, Inc. and Excelsior Technologies and Excelsior Tax-Exempt Funds, Inc. and Excelsior Funds, Inc. (Excelsior, Inc.), Figgie Inc. (Figgie International), FKI Industries, Inc., Formosa Transnational Attorney at Law (Formosa Chemicals & Fibre Corporation), GAF Materials Corp. (GAF Corporation), Gencorp, Inc., General Motors Corporation, Georgia Pacific, Goodyear Canada, Inc., Harley-Davidson Motor Company, Houghton Chemical Corp. Inc. (Houghton & Co.), Ingersoll-Rand Company Inc., Insulation Contractors Assn. of America (Insulation Corp.), IMC Magnetics (International Minerals and Chemical), Johnson & Johnson, 3M, Monsanto Chemical Col, Marmon Group, Inc., Proctor & Gamble Distributing Company, Quigley Corporation (Quigley Company, Inc., Red Devil, Inc. and Red Devil Equipment Company (Red Devil Chemical Company), The Scotts Company, Sherwin Williams/Ft. Lauderdale, Florida, Westinghouse Air Brake Company (Westinghouse Electric Corp.), Cable & Wireless International (Wire and Cable Division).

Former clients in one or more representations in asbestos matters in which one or more of the debtors was a defendant: Allied Signal, Inc., Bethlehem Steel Corp., General Electric Corp., Uniroyal, Inc.

Other former clients: A.O. Smith Automotive Products Co. and A.O. Smith Corporation (A.O. Smith Water Products Co.), Abex Corp., ACandS, Inc., Aerosol Monitoring & Analysis, Inc. (Aerosol Specialties Corporation), Alcoa Primary Metals, Aluminum Corporation of America (Alcoa, Inc.); American Oil Change Co. (American Oil Company), Ametek, Inc.,

Amoco Oil, Inc., Anaconda Company (Anaconda Power Cable, Inc.), Atlantic Richfield Company, B.F. Goodrich Co., Babcock & Wilcox Company, Bayer Corporation, Black & Decker Corp., Borden, Inc., Borg Warner Corp. (Borg Warner Security Corp.), BP Oil Supply Company (BP of America), Bridgestone/Firestone, Inc., Brown & Root, Inc., Carnegie Mellon University, Certainteed Corp., Manufacturers Association, Chevron Standard Limited and Chevron USA and Chevron Texaco (Chevron Cop.), International Inc., Clairol Incorporated, Colgate-Palmolive Company, Conoco, Inc., Continental Can Company, Inc., CRC Systems, Delta Chemical, Inc., Dow Chemical Company, Dresser Industries, Inc., EG&G Measurements Group, Inc. (EG&G Measurements Group Inc.), E.I. DuPont de Nemours & Co., Ericsson Radio Systems, Inc., Formosa Electronics Industries (Formosa Chemicals & Fibre Corporation), Foster Wheeler Corporation, GAF Corporation, Mr. Gasket Company, General Cable Corp., General Refractories Co., H.B. Fuller Co., Harbison-Walker Refractories Co., Hayden Co. (Hayden Porter), Helene Curtis Industries, Inc., Hobart Brothers Co., Hopeman Brothers (Hoperman Brothers, Inc.), IMO Industries, Ingersoll-Rand Equipment and Ingersoll-Rand Financial Corp. (Ingersoll-Rand Company), J.C. Penney, Inc., Kaiser Cement Corp. and Kaiser International and Kaiser Group International (Kaiser Alumina Chemicals), Kennecott Refining Corp. (Kennecott Energy Co.), Koppers Co., Metropolitan Life Insurance Company, Mobile Oil Company, Mobile Business Resources Corp. and Mobile Corp., National Gypsum Co., fka Asbestos Claims Management Corp., Norton Co., Noxell Corporation, The Boc Group, Inc., Flintkote Stone Products (Flintkote Company), Occidential Chemical Corporation, Olin Corporation, Owens Corning Fiberglass, Inc., Owens Illinois, Inc., Pecora Flooring (Pecora Corp.), Peerless Paint & Varnish (Peerless Industries, Inc.), Pfizer, Inc., Pittsburgh Corning Corp., Pittsburgh Plate Glass Industries, PPG Industries, Radian Inc., (Radian International), Reynolds Metals Company, Rhone Poulenc, Inc., Rohm & Hass, Safeguard Scientifics Inc. and Safeguard Automotive Corp. and Safeguard Maintenance Corp. (Safeguard Industrial Equipment), Schering Corp. (Schering Plough Corporation), Scientific Research Corp. (Scientific International Research), Shell Oil Company, Standard Supply & Equipment Co., Inc. (Standard Equipment), Standard T Chemical Company, Inc. and Standard Chemical & Pharmaceutical Co. Ltd. (Standard Equipment), Sterling Drug, Inc., Stone & Webster Engineering (Stone & Webster, Inc.), The T&N Industries (ACF) and T&N, Ltd. (f/k/a T&N, PLC), T&N Holdings Gmbh and T&N PLC (T&N Industries (ACF)), Taylor-Made Enterprises (Taylor Made Business Products, Ltd.), Chevron Texaco (Texaco, Inc.), U.S. Oil & Refining Company (U.S. Refining Company), United Tire & Rubber Company Ltd. (U.S. Rubber Co.), United Carbide Corp., Uniroyal Merchandising Co, Westinghouse Electric Corp., Westinghouse Broadcasting and Westinghouse Credit Corp. (Westinghouse Electric Corp.), Woodhill Supply Inc., Worthington Steel Co. and Worthington Industries (Worthington Corp.), Zurn Industries, Inc.

Bank Creditors

Current clients: ABN Amro Preferred Capital Trust II (ABN Amro Bank N.V.), Bank of New York, Bank of Nova Scotia, Commerzbank Capital Markets Group (Commerzbank A.g.), Credit Suisse Asset Management and various investment companies, HSBC Capital (USA), Inc. (HSBC/MarineMidland), certain underwriters of Lloyds London Syndicates 2987 and 1607* (Lloyds Bank, Dubai), Northern Trust Bank.

Former clients: ABN Amro Preferred Capital Trust I (ABN Amro Bank N.V.), Barclays Bank PLC, The Chase Manhattan Bank, Citibank, N.A., Credit Lyonnais Laing, Credit Suisse

2

First Boston Corp., Deposit Guaranty National Bank (Deposit Guaranty Corp.), Deposit Guaranty Trust (Depository Trust Company), Dresdner RCM Global Investors LLC, Dresdner RCM Capital Funds, Inc. and Dresdner RCM Global Funds, Inc. (Dresdner Bank A.G.), First Union Bank of Georgia, First Union Bank of Washington, D.C., First Union Corporation, First Union National Bank of North Carolina, First Union Bank, Marine Midland Bank, (HSBC/MarineMidland), J.P. Morgan & Chase Co., Lloyds of London* (Lloyds Bank, Dubai)

## Debtholders

Current clients:  Bank of Nova Scotia, Credit Suisse Asset Management -- Various Investment Companies (Credit Suisse First Boston Corp.), King Street Capital, LP, Northern Trust Capital, LP, ABN Amro Preferred Capital Trust II and PNC Bank National Association (ABN Amro Bank N.V.), Bank of New York, BB&T (BBT Fund, LP), Commerzbank Capital Markets Group (Commerzbank A.g.), HSBC Capital (USA), Inc. (HSBC/MarineMidland), KSL Capital Partners (KS Capital Partners), Intersections (Loeb Partners Corp.).

Former clients:  Bear Stearns & Co. Inc., Cypresstree Asset Management Co. (Cypress Management Partnership), Deutsch Bank Trust Company Americas, Dresdner RCM Global Investors LLC and Dresdner RCM Capital Funds Inc.*(Dresdner Bank AG), Goldman Sachs & Co., Inc. (Goldman Sachs Credit Partners LP), JPMorgan Chase, ABN Amro Preferred Capital Trust I (ABN Amro Bank N.V.), Barclays Bank PLC, Batter Park Fund, Inc. (Battery Park High Yield Long Short et al.), Citibank, N.A. (Citigroup Financial Products Inc.), Credit Lyonnais Laing (Credit Lyonnais), First Union Bank of Georgia, First Union Bank of Washington, D.C.*, First Union Corporation, First Union National Bank of North Carolina, First Union Bank, Lehman Commercial Paper, Inc., SRI Lanka Fund, Inc. (SRI Fund LP), Wachovia.

## Debtor Affiliates

Current client: MRA Holdings.

Former clients:  Grace & Co. Dewey & Almy Div., Grace Cocoa.

## Directors & Officers

Current and/or former clients:  J. Elder, Paul J. Norris, David B. Siegel, H.F. Baldwin, Gregory E. Poling

## Insurers

Current clients:  CNA, Continental Casualty Co., Fireman's Fund, GEICO, Certain Underwriters of Lloyds London, Syndicates 2987 and 1607 (Lloyd's Underwriters), Northstar Companies (North Star Reinsurance), Twin City Fire Ins. Co.

Former clients:  Aetna Casualty & Surety, American Manufacturers Mutual, AIG, Continental American National Insurance Company (Continental Insurance Co.), American Continental Insurance Company (Continental Insurance Co.), Hartford Insurance, Lloyds of London, National Casualty Co. of America, Northbrook Ins. Co., Swiss Reinsurance, Wausau Insurance Co., Zurich Insurance Co.

3

Interested Parties

Current client:  Northern Trust Company.

Former clients:  Bankers Trust Company, CS First Boston

Parties with Interest

Current clients:  First National Bank of Maryland, now known as M&T Bank, Tower Investments (Investment Tower), St. Mary's Hospital, (located in Leonardtown, MD (Leonard's Hospital), Shefsky & Froelich Ltd. (W.C. Froelich Inc.).

Former clients:  Ahmanson Developments (Ahmanson Center), First National Bank, Montgomery Ward-Randhurst Shopping Center and Avenue Capital Group (Avenue Capital).

Post-Petition Claimants

Current client:  Atofina Chemicals, Inc.

Former clients:  Standard Register Company, URS Corporation

Significant Equity Holders

Current Clients:  Bear Stearns & Co. (Bear Stearns Asset Management Inc.), BlackRock Funds and BlackRock Realty Advisors (BlackRock Investment Management LLC), Credit Suisse Asset Management (Credit Suisse Securities), Deutsch Asset Management Americas, Keeley Funds, Inc. (Kelley Asset Management Corp.), Bank of New York (Mellon Private Wealth Management), Northern Trust Co. (Northern Trust Investments NA), Oppenheimer Funds, State Street Bank & Trust (State Street Global Advisors), Tudor Investment Corp., Vanguard Realty Group (Vanguard Group Inc.)

Former Clients:  Fortress Investment Group, J.P. Morgan Investment Management Inc., Lehman Brothers Holdings, Inc. (Lehman Brothers Inc.), Mellon Bank (Mellon Private Wealth Management), MLH Income Realty Partnership V (MLH Capital), UBS O'Connor LLC, Vanguard Group, Inc., Wellington Management Co. LLP.

Top 100 Equity Security Holders

Current clients:  Robert E. Anderson.

Former clients:  David B. Siegel, Dorothy G. Kleiman, Paul J. Norris, Raymond Kleiman, Wachovia (Wells Fargo is a current client).

Top 30 Unsecured Creditors:

Current clients:  Firemans Fund Insurance Company, ICI Americas, Department of Treasury, Morgan Stanley & Co., Incorporated.  The firm has represented and may continue to represent Kennametal Hertel AG Werkzfuge (Kennametal, Inc.),

4

Former clients: Wachovia Bank National Association, Bank of America, Williams Industries, Inc. and D.E. Shaw & Co. L.P.

\* Some parties are listed in multiple categories of the Conflicts List. In order to avoid redundancy, once a party is disclosed on Exhibit B, it may not be disclosed in all categories in which it appears on the Conflicts List.

5

## Exhibit B

**Webb Affidavit**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. |

## AFFIDAVIT OF G. STEWART WEBB, JR. IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF VENABLE LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS

STATE OF MARYLAND)
               )   ss:

CITY OF BALTIMORE   )

      G. STEWART WEBB, JR., being duly sworn, deposes and says:

      1.     I am a partner at Venable LLP, with offices at, among other locations, 750 East Pratt Street, Suite 900, Baltimore, Maryland 21202. I am a duly licensed and practicing attorney in the State of Maryland and the District of Columbia. I am also admitted to practice in the United States District Court for the District of District of Maryland; in the United States Courts

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &

of Appeals for the Third, Fourth, Ninth, Eleventh and D.C. Circuits. I am in good standing in all of the states and courts to which I have been admitted. There are no disciplinary proceedings pending against me in any jurisdiction.

2.    I submit this declaration in support of the Application[2] of the Debtors, for the entry of an order pursuant to sections 327, 329 and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, authorizing the Debtors to retain Venable as special litigation counsel to the Debtors in connection with their Chapter 11 Cases. Unless otherwise indicated in this affidavit, I have personal knowledge of the facts set forth herein. To the best of my knowledge based upon the inquiries described below, the following statements are true.

### Venable's Qualifications

3.    Venable is currently retained by the Debtors as an "Ordinary Course Professional" (hereinafter "OCP") in these Chapter 11 Cases to provide representation with regard to matters involving employment, employee benefits, workers' compensation and corporate/securities law issues. Pursuant to the *Order Pursuant to 11 U.S.C. §§ 1107(a) and 1108 Authorizing the Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of the Debtors' Business* [Docket No. 197] and as subsequently amended (the "OCP Order"), the Debtors are authorized to pay up to $50,000 per month (the "Monthly Cap") and up to a total $1,200,000 per professional during the pendency of these Chapter 11 Cases (the

---

Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

"Total Expenditure Cap").[3]  Pursuant to the OCP Order, Venable filed its *Affidavit Under 11 U.S.C. 327(e)* in these Chapter 11 Cases on May 25, 2001 [Docket No. 321].[4]

4.    Because Venable's fees in relation to the Global Printing Litigation, as well as fees for other services it provides to the Debtors, are expected to exceed the Monthly Cap, the Debtors are filing this Application so that Venable can be compensated for its services in accordance with sections 330 and 331 of the Bankruptcy Code and the procedures set forth in these Chapter 11 Cases. The Debtors seek to make Venable's designation as special litigation counsel effective as of October 20, 2008.

5.    The Debtors have selected Venable to advise them in connection with certain matters, which will be described more fully below, in which Venable has represented the Debtors over an extended period of time and with which Venable is familiar.  Were the Debtors required to retain counsel other than Venable in connection with the specific and limited matters upon which the firm's advice is sought, the Debtors, their estates and all parties-in-interest would be unduly prejudiced by the time and expense necessary to replicate Venable's familiarity with the Debtors' business operations and issues involved in the Global Printing Litigation.

6.    Further, Venable is a well respected law firm with extensive experience and knowledge in the various areas of practice as to which its continued representation is sought.  As such, the Debtors submit that Venable is well qualified and able to provide the specialized legal advice sought by the Debtors during these Chapter 11 Cases.  Thus, Venable's retention as special litigation counsel is in the best interest of the Debtors and their estates.

---

[3]    The Total Expenditure Cap was increased from $300,000 to $600,000 by the Court's December 10, 2002 Order [Docket No. 3126], increased to $800,000 by the Court's July 24, 2006 Order Docket No. 12855], and increased to $1,200,000 by the Court's September 24, 2007 Order [Docket No. 16913].

[4]    Venable LLP was formerly known as Venable, Baetjer and Howard LLP at the time it filed its *Affidavit Under 11 U.S.C. 327(e)*.

3

## Scope Of Proposed Retention

7.      The Debtors currently seek to retain Venable, subject to the oversight and orders of this Court, with respect to the following matters :

        a.     to advise the Debtors, their counsel, and their Board of Directors with respect to employment, employee benefit, workers' compensation and corporate/securities matters;

        b.     to act as counsel for W.R. Grace & Co. - Conn. and any related party in the Global Printing Litigation; and

        c.     such other related services as the Debtors may deem necessary or desirable.

Venable has indicated its willingness to render the necessary professional services described above as special litigation counsel to the Debtors.

8.      The Debtors have obtained authorization to employ and retain the law firms of Kirkland & Ellis LLP, Pachulski, Stang, Ziehl & Jones PC, and the Law Office of Janet S. Baer to serve as bankruptcy and reorganization counsel to the Debtors.  Venable will not serve as general bankruptcy and reorganization counsel to the Debtors.  While it is possible that certain aspects of the representations will necessarily involve both Venable and the Debtors' bankruptcy and reorganization counsel, the Debtors believe that the services Venable will provide will be unique and specialized rather than duplicative of the services to be performed by such bankruptcy and reorganization counsel.  The Debtors are very mindful of the need to avoid the duplication of services, and appropriate procedures will be implemented to ensure that there is minimal duplication of effort as a result of Venable's role as special litigation counsel.  I have discussed with the Debtors a division of responsibilities regarding representation of the Debtors and will make every effort to avoid and/or minimize duplication of services in these Chapter 11 Cases.

**No Adverse Interest**

9.      Venable is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and, except as disclosed on Exhibit B attached hereto, does not represent or hold any interest adverse to the Debtors or their estates.  Venable may have performed services in the past and may perform services in the future, in matters unrelated to these Chapter 11 cases, for persons that are parties-in-interest in the Debtors' Chapter 11 cases.  As part of its customary practice, Venable is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties-in-interest in these Chapter 11 cases.  Venable does not perform services for any such person in connection with these Chapter 11 cases, or have any relationship with any such person, that would be adverse to the Debtors or their estates.[5]

10.      Except as set forth above and to the best of my knowledge, neither I nor any principal of or professional employed by Venable has any disqualifying connections with the Debtors, claimants, other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed by the Office of the United States Trustee.[6]

11.      I am advised that the term "connection" as used in Federal Rule of Bankruptcy Procedure 2014 (and the proper scope of a professional's search for "connection") has not been defined, and it is therefore uncertain what the Court may consider a "connection" requiring disclosure.  Out of caution, I am disclosing in Schedule "B" things that I am advised are not

---

[5]  Venable has represented and continues to represent certain defendants in asbestos cases in which one or more of the Debtors is also a defendant.  As a matter of law, by reason of joint tortfeasor status, codefendants are deemed to have cross claims against one another.  Some courts may have enjoined such crossclaims.  Venable has not represented, and will not represent, any asbestos codefendant in any crossclaim against any of the Debtors.

[6]  Several Venable partners have been appointed by the applicable office of the United States Trustee, and have served or are now serving, as the Chapter 7 or Chapter 11 trustee in cases in the District of Maryland, the Southern District of New York, and the District of Virginia.

disqualifying or problematic under either section 327(e) of the Bankruptcy Code or applicable standards of professional ethics.

12.     The Debtors are a large enterprise, and Venable (i) may from time to time have represented, (ii) may currently represent, and (iii) may in the future represent, in matters unrelated to the Debtors, entities which are parties in interest in these cases. With assistance from others within Venable, a conflicts check was performed against a list of potential parties in interest provided to us by Kirkland & Ellis LLP and the Law Office of Janet S. Baer (the "Conflicts List"). The categories of parties listed on the Conflicts List are set forth in Schedule "A" attached hereto.

13.     Given the scope of the list of potential parties in interest, and the limited scope of Venable's proposed engagement under section 327(e) of the Bankruptcy Code, Venable focused its search to look for instances where Debtor entities, non-debtor affiliate entities, asbestos claimants, top shareholders and debtholders, top equity security holders, top 30 unsecured creditors, significant equity holders, bank creditors, directors & officers, top interested parties, top parties with interest and top post-petition claimants are clients of the firm. A summary of the results of Venable's search for "connections" to potential parties in interest is set forth in Schedule "B." The search results indicate that Venable currently represents or has represented some of the potential parties in interest in unrelated matters.

14.     Venable will conduct an ongoing review of its files to ensure that no new matters are opened in conflict with these chapter 11 cases and, if any new relevant facts or relationships are discovered, Venable will supplement its disclosure to the Court. Venable intends to accept engagements from other potential parties in interest (whether existing or new clients) so long as such matters are unrelated to these chapter 11 cases.

6

15.    Venable may also represent, in matters unrelated to the Debtors, competitors of the debtors, or parties involved in financings for competitors of the Debtors. I am advised that applicable law does not require disclosure of such situations. In addition, Venable may have represented, may currently represent, or may in the future represent, a borrower, issuer of securities, financial advisor, underwriter of securities, lead bank, servicer or other client in financing transactions, merger and acquisition transactions, litigation or arbitration matters, bankruptcy matters or other matters unrelated to these cases in which one or more non-Debtor parties in interest (or an affiliate) or a professional involved in these cases, including but not limited to those on the Conflicts List, happens to be involved.

16.    In addition to the foregoing, Venable has the following "connections" to certain professionals who are or may be involved with these bankruptcy cases or the Court:

(a)    Venable may retain various such professionals or affiliates thereof to provide services to Venable or Venable's clients in a variety of past, present or future engagements. Alternatively, Venable may have a client or other relationship with such advisors or their affiliates.

(b)    Kirkland & Ellis, LLP and Pachulski Stang, Ziehl & Jones PC and other counsel to the Debtors may be trustees, witnesses, advisors or counsel, as the case may be, in transactions or cases in which Venable also represents a client.

(c)    Current employees of Venable may be former employees of, or related to employees of, one or more of the other professionals in these cases.

(d)    Attorneys at Venable may belong to professional organizations to which other professionals in these cases also belong.

(e)    Individual members or employees of Venable, including myself, may own shares in the Debtors or in other potential parties in interest.

17.    Venable notes that the Debtors' securities may be held by various mutual funds, trust, and portfolios and accounts managed by various advisors, or otherwise held through intermediaries or in street name. Except to the extent disclosed on the Conflicts List, Venable does not know the ultimate beneficial owners of these securities. It is possible that some of such owners may be Venable clients.

18.    Some attorneys or employees of Venable may purchase products or receive services from the Debtors or other potential parties in interest. Attorneys at or employees of Venable or their spouses or relatives may have beneficial ownership of securities issued by, or banking, insurance, brokerage or money management relationships with, other potential parties in interest. Attorneys at Venable may have relatives or spouses who are members of law firms involved in these cases or employed by potential parties in interest. I have conducted no investigation of my colleagues' banking, insurance, brokerage or investment activities or familial connections in preparing this declaration.

19.    Certain persons or entities with ambiguous names are on the Conflicts List and, despite reasonably diligent efforts, Venable is unable to determine if those entities are clients or affiliates of clients. Where possible, we have noted these ambiguities on Schedule "B" by listing the actual names on the Conflicts List in parentheses, after the ambiguous names.

20.    To the best of my knowledge, neither I nor any principal of or professional employed by Venable has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals, regular employees and contract attorneys of Venable. To the best of my knowledge, neither I nor any principal of or

8

professional employed by Venable, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

## Compensation

21.    In accordance with section 330 of the Bankruptcy Code and any applicable orders of the Court, the Debtors propose to compensate Venable on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by Venable.

22.    The primary members of Venable who will be handling the above matters and their current hourly rates charged for this matter are:

| Attorney | Hourly Rate |
| --- | --- |
| G. Stewart Webb, Jr. | $635 per hour |
| Colleen M. Mallon | $415 per hour |
| Alexander W. Major | $285 per hour |
| Mathew R. Swinburne | $265 per hour |
| Jeffrey P. Ayres | $495 per hour |
| Elizabeth R. Hughes | $580 per hour |

23.    The hourly rates described above are subject to periodic adjustment to reflect economic and other conditions. Other partners, associates, or paralegals, whose hourly rates range from $415 to $660 for partners, $265 to $400 for associates, and $175 to $225 for paralegals, may from time to time serve the Debtors in the matters for which Venable's retention is sought. Venable's rates are set at a level designed to compensate Venable fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

24.    It is Venable's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses

for "working meals," computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings, transcription costs, and non-ordinary overhead expenses such as secretarial and other overtime. Venable will charge the Debtor for these expenses in a manner and at rates consistent with charges generally made to Venable's other clients.[7] Venable believes that is fairer to charge these expenses to the client incurring them than to increase the hourly rates and spread the expenses among all clients. In addition, Venable will also charge the Debtor for the fees and expensed billed by experts and other professionals in connection with the Global Printing Litigation.

25.    Venable will submit interim and final applications for compensation in accordance with Sections 330 and 331 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further orders of the Court.

G. Stewart Webb, Jr.

Sworn to and subscribed before me this _22 nd_ day of May, 2009

Notary Public
My Commission expires: _4/17/2013_

---

[7]    Venable currently charges $0.20 per page for standard photocopying. Notwithstanding the foregoing, consistent with the Local Rules, Venable will charge no more than $0.10 per page for standard duplication services in these Chapter 11 Cases.

10

## SCHEDULE A

Categories of potential parties in interest on the Conflicts List:

Ad Hoc Equity Members Committee
Asbestos Claimants
Asbestos Co-Defendants
Bank Creditors
Claims Register
Counsel to Ad Hoc Committee
Court, Admin
Customers
Debtholders
Debtor Affiliates
Directors & Officers
Insurers
Interested Parties
Inventory Settlement Agreements
Lessors
Non-Asbestos Litigation
Objectees 10-18-04
Omnibus Objections
Ordinary Course Professionals
Parties with Interest
Post-Petition Claimants
Pre-Petition Creditor
Rule 2002
Rule 2002 Parties
Shareholders/Debtholders (22 Jan 2008)
Significant Equity Holders
Third Party Motions
Top 100 Equity Security Holders
Top 30 Unsecured Creditors
Unions
Unsecured Creditors Committee
Vendors

SCHEDULE B

<u>Ad Hoc Equity Members Committee</u>

Current clients: Dune Real Estate Parallel Fund, DREF II Crystal Real Estate Investment, and DREF Standard Real Estate Investment Trust (Dune Capital LLC).

<u>Asbestos Claimants</u>

Current client: Princeton University

<u>Asbestos Co-Defendants</u>

Current clients, representation includes one or more asbestos cases in which one or more debtors is a defendant: American Standard, Inc., Asbestos Corp., Crown Cork & Seal Company, Inc., Ford Motor Company, Glidden Durke SCM Corporate Group, Goodyear Tire & Rubber Co., Rapid American Corp.

Other Current clients: Argo Marketing Group (Argo International Group), Beazer Homes (Beazer East, Inc.), BP Corp North America and BP Oil Supply Co. and BP America, Inc. and BP Products North America, Inc. (BP of America), Cardinal Industries Incorporated (Cardinal Industrial Finishes), CBS Corp., Chemetals Technology, Inc. and Chemtech (Chem-Tech Inc.), Special Committee of the Board of Directors of Chevron (Chevron Corp.), ConocoPhillips (Conoco, Inc.), Crane Service Co. (Crane Co.), Del Agro Corporation (Del Corp.), Del Global Technologies Corporation, Marketing Inc., EG&G Technical Services, Inc. (EG&G Sealol, Inc.), Eagle Picher Trust (Eagle Pitcher Industries, Inc.), Ethyl Corporation, Excelsior LaSalle Property Fund, Inc. and Excelsior Technologies and Excelsior Tax-Exempt Funds, Inc. and Excelsior Funds, Inc. (Excelsior, Inc.), Figgie Inc. (Figgie International), FKI Industries, Inc., Formosa Transnational Attorney at Law (Formosa Chemicals & Fibre Corporation), GAF Materials Corp. (GAF Corporation), Gencorp, Inc., General Motors Corporation, Georgia Pacific, Goodyear Canada, Inc., Harley-Davidson Motor Company, Houghton Chemical Corp. Inc. (Houghton & Co.), Ingersoll-Rand Company Inc., Insulation Contractors Assn. of America (Insulation Corp.), IMC Magnetics (International Minerals and Chemical), Johnson & Johnson, 3M, Monsanto Chemical Col, Marmon Group, Inc., Proctor & Gamble Distributing Company, Quigley Corporation (Quigley Company, Inc., Red Devil, Inc. and Red Devil Equipment Company (Red Devil Chemical Company), The Scotts Company, Sherwin Williams/Ft. Lauderdale, Florida, Westinghouse Air Brake Company (Westinghouse Electric Corp.), Cable & Wireless International (Wire and Cable Division).

Former clients in one or more representations in asbestos matters in which one or more of the debtors was a defendant: Allied Signal, Inc., Bethlehem Steel Corp., General Electric Corp., Uniroyal, Inc.

Other former clients: A.O. Smith Automotive Products Co. and A.O. Smith Corporation (A.O. Smith Water Products Co.), Abex Corp., ACandS, Inc., Aerosol Monitoring & Analysis, Inc. (Aerosol Specialties Corporation), Alcoa Primary Metals, Aluminum Corporation of America

(Alcoa, Inc.); American Oil Change Co. (American Oil Company), Ametek, Inc., Amoco Oil, Inc., Anaconda Company (Anaconda Power Cable, Inc.), Atlantic Richfield Company, B.F. Goodrich Co., Babcock & Wilcox Company, Bayer Corporation, Black & Decker Corp., Borden, Inc., Borg Warner Corp. (Borg Warner Security Corp.), BP Oil Supply Company (BP of America), Bridgestone/Firestone, Inc., Brown & Root, Inc., Carnegie Mellon University, Certainteed Corp., Manufacturers Association, Chevron Standard Limited and Chevron USA and Chevron Texaco (Chevron Cop.), International Inc., Clairol Incorporated, Colgate-Palmolive Company, Conoco, Inc., Continental Can Company, Inc., CRC Systems, Delta Chemical, Inc., Dow Chemical Company, Dresser Industries, Inc., EG&G Measurements Group, Inc. (EG&G Measurements Group Inc.), E.I. DuPont de Nemours & Co., Ericsson Radio Systems, Inc., Formosa Electronics Industries (Formosa Chemicals & Fibre Corporation), Foster Wheeler Corporation, GAF Corporation, Mr. Gasket Company, General Cable Corp., General Refractories Co., H.B. Fuller Co., Harbison-Walker Refractories Co., Hayden Co. (Hayden Porter), Helene Curtis Industries, Inc., Hobart Brothers, Inc., Hopeman Brothers (Hoperman Brothers, Inc.), IMO Industries, Ingersoll-Rand Equipment and Ingersoll-Rand Financial Corp. (Ingersoll-Rand Company), J.C. Penney, Inc., Kaiser Cement Corp. and Kaiser International and Kaiser Group International (Kaiser Alumina Chemicals), Kennecott Refining Corp. (Kennecott Energy Co.), Koppers Co., Metropolitan Life Insurance Company, Mobile Oil Company, Mobile Business Resources Corp. and Mobile Corp., National Gypsum Co., fka Asbestos Claims Management Corp., Norton Co., Noxell Corporation, The Boc Group, Inc., Flintkote Stone Products (Flintkote Company), Occidental Chemical Corporation, Olin Corporation, Owens Corning Fiberglass, Inc., Owens Illinois, Inc., Pecora Flooring (Pecora Corp.), Peerless Paint & Varnish (Peerless Industries, Inc.), Pfizer, Inc., Pittsburgh Corning Corp., Pittsburgh Plate Glass Industries, PPG Industries, Radian Inc., (Radian International), Reynolds Metals Company, Rhone Poulenc, Inc., Rohm & Hass, Safeguard Scientifics Inc. and Safeguard Automotive Corp. and Safeguard Maintenance Corp. (Safeguard Industrial Equipment), Schering Corp. (Schering Plough Corporation), Scientific Research Corp. (Scientific International Research), Shell Oil Company, Standard Supply & Equipment Co., Inc. (Standard Equipment), Standard T Chemical Company, Inc. and Standard Chemical & Pharmaceutical Co. Ltd. (Standard Equipment), Sterling Drug, Inc., Stone & Webster Engineering (Stone & Webster, Inc.), The T&N Industries (ACF) and T&N, Ltd. (f/k/a T&N, PLC), T&N Holdings Gmbh and T&N PLC (T&N Industries (ACF)), Taylor-Made Enterprises (Taylor Made Business Products, Ltd.), Chevron Texaco (Texaco, Inc.), U.S. Oil & Refining Company (U.S. Refining Company), United Tire & Rubber Company Ltd. (U.S. Rubber Co.), United Carbide Corp., Uniroyal Merchandising Co, Westinghouse Electric Corp., Westinghouse Broadcasting and Westinghouse Credit Corp. (Westinghouse Electric Corp.), Woodhill Supply Inc., Worthington Steel Co. and Worthington Industries (Worthington Corp.), Zurn Industries, Inc.

Bank Creditors

Current clients:  ABN Amro Preferred Capital Trust II (ABN Amro Bank N.V.), Bank of New York, Bank of Nova Scotia, Commerzbank Capital Markets Group (Commerzbank A.g.), Credit Suisse Asset Management and various investment companies, HSBC Capital (USA), Inc. (HSBC/MarineMidland), certain underwriters of Lloyds London Syndicates 2987 and 1607* (Lloyds Bank, Dubai), Northern Trust Bank.

Former clients: ABN Amro Preferred Capital Trust I (ABN Amro Bank N.V.), Barclays Bank PLC, The Chase Manhattan Bank, Citibank, N.A., Credit Lyonnais Laing, Credit Suisse First Boston Corp., Deposit Guaranty National Bank (Deposit Guaranty Corp.), Deposit Guaranty Trust (Depository Trust Company), Dresdner RCM Global Investors LLC, Dresdner RCM Capital Funds, Inc. and Dresdner RCM Global Funds, Inc. (Dresdner Bank A.G.), First Union Bank of Georgia, First Union Bank of Washington, D.C., First Union Corporation, First Union National Bank of North Carolina, First Union Bank, Marine Midland Bank, (HSBC/MarineMidland), J.P. Morgan & Chase Co., Lloyds of London* (Lloyds Bank, Dubai)

<u>Debtholders</u>

Current clients: Bank of Nova Scotia, Credit Suisse Asset Management -- Various Investment Companies (Credit Suisse First Boston Corp.), King Street Capital, LP, Northern Trust Capital, LP, ABN Amro Preferred Capital Trust II and PNC Bank National Association (ABN Amro Bank N.V.), Bank of New York, BB&T (BBT Fund, LP), Commerzbank Capital Markets Group (Commerzbank A.g.), HSBC Capital (USA), Inc. (HSBC/MarineMidland), KSL Capital Partners (KS Capital Partners), Intersections (Loeb Partners Corp.).

Former clients: Bear Stearns & Co. Inc., Cypresstree Asset Management Co. (Cypress Management Partnership), Deutsch Bank Trust Company Americas, Dresdner RCM Global Investors LLC and Dresdner RCM Capital Funds Inc.*(Dresdner Bank AG), Goldman Sachs & Co., Inc. (Goldman Sachs Credit Partners LP), JPMorgan Chase, ABN Amro Preferred Capital Trust I (ABN Amro Bank N.V.), Barclays Bank PLC, Batter Park Fund, Inc. (Battery Park High Yield Long Short et al.), Citibank, N.A. (Citigroup Financial Products Inc.), Credit Lyonnais Laing (Credit Lyonnais), First Union Bank of Georgia, First Union Bank of Washington, D.C.*, First Union Corporation, First Union National Bank of North Carolina, First Union Bank, Lehman Commercial Paper, Inc., SRI Lanka Fund, Inc. (SRI Fund LP), Wachovia.

<u>Debtor Affiliates</u>

Current client: MRA Holdings.

Former clients: Grace & Co. Dewey & Almy Div., Grace Cocoa.

<u>Directors & Officers</u>

Current and/or former clients: J. Elder, Paul J. Norris, David B. Siegel, H.F. Baldwin, Gregory E. Poling

<u>Insurers</u>

Current clients: CNA, Continental Casualty Co., Fireman's Fund, GEICO, Certain Underwriters of Lloyds London, Syndicates 2987 and 1607 (Lloyd's Underwriters), Northstar Companies (North Star Reinsurance), Twin City Fire Ins. Co.

Former clients:  Aetna Casualty & Surety, American Manufacturers Mutual, AIG, Continental American National Insurance Company (Continental Insurance Co.), American Continental Insurance Company (Continental Insurance Co.), Hartford Insurance, Lloyds of London, National Casualty Co. of America, Northbrook Ins. Co., Swiss Reinsurance, Wausau Insurance Co., Zurich Insurance Co.

Interested Parties

Current client:  Northern Trust Company.

Former clients:  Bankers Trust Company, CS First Boston

Parties with Interest

Current clients:  First National Bank of Maryland, now known as M&T Bank, Tower Investments (Investment Tower), St. Mary's Hospital, (located in Leonardtown, MD (Leonard's Hospital), Shefsky & Froelich Ltd. (W.C. Froelich Inc.).

Former clients:  Ahmanson Developments (Ahmanson Center), First National Bank, Montgomery Ward-Randhurst Shopping Center and Avenue Capital Group (Avenue Capital).

Post-Petition Claimants

Current client:  Atofina Chemicals, Inc.

Former clients:  Standard Register Company, URS Corporation

Significant Equity Holders

Current Clients:  Bear Stearns & Co. (Bear Stearns Asset Management Inc.), BlackRock Funds and BlackRock Realty Advisors (BlackRock Investment Management LLC), Credit Suisse Asset Management (Credit Suisse Securities), Deutsch Asset Management Americas, Keeley Funds, Inc. (Kelley Asset Management Corp.), Bank of New York (Mellon Private Wealth Management), Northern Trust Co. (Northern Trust Investments NA), Oppenheimer Funds, State Street Bank & Trust (State Street Global Advisors), Tudor Investment Corp., Vanguard Realty Group (Vanguard Group Inc.)

Former Clients:  Fortress Investment Group, J.P. Morgan Investment Management Inc., Lehman Brothers Holdings, Inc. (Lehman Brothers Inc.), Mellon Bank (Mellon Private Wealth Management), MLH Income Realty Partnership V (MLII Capital), UBS O'Connor LLC, Vanguard Group, Inc., Wellington Management Co. LLP.

Top 100 Equity Security Holders

Current clients:  Robert E. Anderson.

Former clients:  David B. Siegel, Dorothy G. Kleiman, Paul J. Norris, Raymond Kleiman, Wachovia (Wells Fargo is a current client).

Top 30 Unsecured Creditors:

Current clients: Firemans Fund Insurance Company, ICI Americas, Department of Treasury, Morgan Stanley & Co., Incorporated.  The firm has represented and may continue to represent Kennametal Hertel AG Werkzfuge (Kennametal, Inc.),

Former clients: Wachovia Bank National Association, Bank of America, Williams Industries, Inc. and D.E. Shaw & Co. L.P.

.*  Some parties are listed in multiple categories of the Conflicts List.  In order to avoid redundancy, once a party is disclosed on Exhibit B, it may not be disclosed in all categories in which it appears on the Conflicts List.