**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>           Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br>**Related Docket Nos.: 19581, 19620, 20872, 21763, 21764, 21767, 21770, 21771, 21776, 21781, 21783, 21791, 21794, 21796, 21797** |

**ARROWOOD INDEMNITY COMPANY'S JOINDER TO OBJECTIONS OF OTHER
PARTIES REGARDING PHASE I AND PHASE II ISSUES OF AMENDED
JOINT PLAN OF REORGANIZATION**

Arrowood Indemnity Company ("Arrowood") joined objections filed by certain other

parties when it timely filed its objections to the Plan. Docket and page numbers were not fully

available at that time. In order to aid the Court in reviewing Arrowood's Objections, and in an

effort to avoid repeating objections to the Plan that Arrowood shares with others, but which have

already been articulated by others, Arrowood hereby restates that it joins the objections of

General Insurance Company of America [dkt. no. 21776], Travelers Indemnity Company [dkt.

no. 21796], Continental Casualty Company [dkt. no. 21794], Maryland Casualty Company [dkt.

no. 21783], Government Employees Insurance Co. and Republic Insurance Company n/k/a/ Starr

Indemnity & Liability Company [dkt. no. 21771], OneBeacon America Insurance Company and

Seaton Insurance Company [dkt. no. 21763], AllState Insurance Company [dkt. no. 21767],

Fireman's Fund Insurance Company, [dkt. nos. 21781 and 21791], Federal Insurance Company

[dkt. no. 21770], Zurich Insurance Company and Zurich International (Bermuda) Ltd. [dkt. no.

21764], and the United States Trustee [dkt. no. 21797] (the "Joined Objections"). While

Arrowood incorporates by reference the arguments contained in the Joined Objections and will

not restate them, by way of example, Arrowood joins the following arguments:

1.    Arrowood asserts that those arguments relating to misclassification of indemnity and contribution claims based on contractual settlement agreements with Grace and the Plan's mistreatment of those claims as articulated on pages 9 through 13 of General Insurance Company of America's Objections to the Plan [dkt. no. 21776], and the standing and insurance neutrality arguments contained on pages 5 through 8, apply with equal force to Arrowood.

2.    Arrowood asserts that those arguments related to the Plan's discriminatory treatment and misclassification of indemnity and contribution claims, and the Plan's mistreatment of Grace's contractual obligations contained respectively on pages 19 through 25 and pages 10 through 19 of Travelers Indemnity Company's Objections to the Plan [dkt. no. 21796] apply with equal force to Arrowood.

3.    Arrowood asserts that those arguments related to problems with the provision of Section 524(g) protection in the Plan as contained on pages 23 through 26 of Continental Casualty Company's Objections to the Plan [dkt no. 21794], the arguments related to the Plan's impairment of rights under settlement agreements and problems with the Trust Distribution Procedures as contained on pages 26 through 35 apply with equal force to Arrowood.  The arguments related to Insurance Neutrality and how the Plan impairs contribution and other rights as articulated on pages 13 through 23 likewise apply with equal force to Arrowood.

4.    Arrowood asserts that those arguments related to problems with the Plan's classification of indemnity claims as contained on page 3 of Maryland Casualty Company's Objections to the Plan [dkt. no. 21783], and the problems with regard to feasibility, apply with equal force to Arrowood.

5.       Arrowood asserts that those arguments related to misclassification and

mistreatment of contract-settlement claims based on indemnity and contribution

under the Plan contained on pages 11 through 16 of OneBeacon America

Insurance Company's Objections to the Plan [dkt. no. 21763], and the arguments

related to the problems with the Trust on pages 22 through 34, apply with equal

force to Arrowood.

6.       Arrowood asserts that those arguments related to misclassification and

mistreatment of contractual indemnification claims on pages 6 through 9 of

AllState Insurance Company's Objections to the Plan [dkt. no. 21761], and the

objections contained on page 9, as well as the objections made regarding

Insurance Neutrality on pages 4 through 6 apply with equal force to Arrowood. [1]

Arrowood reserves all of its rights to join other objections, and to modify and/or

supplement its objections based on ongoing discovery and any revisions to the Plan.

Dated: May 26, 2009
       Wilmington, Delaware

                                                By:    /s/ Garvan F. McDaniel
                                                       Garvan F. McDaniel, Esq. (#4167)
                                                       BIFFERATO, GENTILOTTI LLC
                                                       800 N. King Street, Plaza Level
                                                       Wilmington, DE  19801
                                                       (302) 429-1900 Phone
                                                       (302) 429-8600 Fax

                                                       -and-

---

[1] Notwithstanding anything stated in any of the Joined Objections, Arrowood contends that the injunction bars direct action claims and other claims against it and joins against those contending otherwise.  Arrowood reserves its rights to object should the Plan Proponents take an alternative position.

Carl J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, NY 10017-5639
Telephone: (212) 490-3000

-and-

Tancred Schiavoni, Esq.
Gary Svirsky, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York
(212) 326-2267

*Counsel to Arrowood Indemnity Company,*
*f/k/a Royal Indemnity Company*