IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | Re: Docket No. 21431 |

### *MODIFIED* ORDER APPROVING CONTINUED RETENTION OF DELOITTE TAX LLP AS TAX SERVICE PROVIDERS UNDER MODIFIED ENGAGEMENT LETTER

Upon the motion (the "Motion")[2] of the Debtors for an order pursuant to sections 327 and 328 of the Bankruptcy Code, authorizing the Debtors to continue employment and retention of Deloitte Tax LLP ("Deloitte Tax") as tax service providers in the Chapter 11 Cases as more fully set forth in the Motion, it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

U.S.C. § 157; and due and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates and their creditors; after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED AND DETERMINED THAT:

1. The Motion is granted.

2. The Debtors are authorized to continue Deloitte Tax's employment and retention as tax service providers to the Debtors in the Chapter 11 Cases pursuant to the Modified Engagement Letter; and to pay fees to Deloitte Tax on the terms and conditions specified in the Modified Engagement Letter.

3. Deloitte Tax is authorized to provide such Tax Services as the Debtors shall deem appropriate and feasible in order to assist the Debtors in the course of the Chapter 11 Cases as set forth in the Modified Engagement Letter.

4. The indemnification provisions of the Modified Engagement Letter are approved subject to the following:

(a) subject to the provisions of subparagraph (c) infra, the Debtors are authorized to indemnify, and shall indemnify Deloitte Tax, in accordance with the Modified Engagement Letter for any claim arising from, related to, or in connection with the Tax Services, but not for any claim arising from, related to, or in connection with Deloitte Tax's postpetition performance of any services, other than the Tax Services, unless such other postpetition services and indemnification thereof are approved by the Court;

(b) notwithstanding any provisions of the Modified Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Deloitte Tax, or provide contribution or reimbursement to Deloitte Tax, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen solely from Deloitte Tax's gross negligence or willful misconduct, or

---

[2] Capitalized terms used but not defined herein shall have the meanings assign to such terms in the Motion.

(ii) settled prior to a judicial determination as to Deloitte Tax's gross negligence or willful misconduct, but determined by the Court, after notice and a hearing, to be claim or expense for which Deloitte Tax should not receive indemnity, contribution or reimbursement under terms of the Modified Engagement Letter as modified; and

(c)  if, before the earlier of (i) the entry of an order confirming a plan under chapter 11 of the Bankruptcy Code (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing the Chapter 11 Cases, Deloitte Tax believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Modified Engagement Letter, including without limitation the advancement of defense costs, Deloitte Tax must file an application thereof in the Court, and the Debtors may not pay any such amounts to Deloitte Tax before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Deloitte Tax for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Deloitte Tax.

5.  Deloitte Tax shall be compensated for its provision of the Tax Services and reimbursed for expenses incurred consistent with the terms of the Modified Engagement Letter, and in accordance with the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of the Court.

6.  Notwithstanding anything to the contrary herein or in the Modified Engagement Letter, Deloitte Tax's fees shall be subject to the approval of the Court under a reasonableness standard upon proper application by Deloitte Tax in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of the Court.

7.  Deloitte Tax will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth *the applicable order governing fee petitions and* in section 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applied.

8.  If by agreement of the parties as contemplated by the Modified Engagement Letter, specific Work Orders under the Modified Engagement Letter provide for different fee arrangements than the standard fees provided for in the Modified Engagement Letter, Deloitte

Tax shall disclose such arrangements in its fee applications filed with the Court for payment of fees incurred pursuant to such arrangements.

9. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion or the Modified Engagement Letter, the terms of this Order shall govern.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: 5/26, 2009

_____
United States Bankruptcy Judge