**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **W.R. GRACE & CO.,** *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Re: Docket No. 20872 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
THE ST. PAUL COMPANIES TO THE FIRST AMENDED
JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11
OF THE BANKRUPTCY CODE OF W. R. GRACE & CO., ET AL.,
THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL
INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS'
REPRESENTATIVE, AND THE OFFICIAL COMMITTEE
OF EQUITY SECURITY HOLDERS DATED FEBRUARY 27, 2009**

The St. Paul Companies, Inc., for itself and its parents, subsidiaries and affiliates (collectively, "Travelers"), by and through its undersigned counsel, hereby files this limited objection and reservation of rights as to the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated February 27, 2009 (the "Plan")[1], and respectfully states as follows:

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Plan. An extension of time was afforded to authorize this filing.

**BACKGROUND**

1. On April 2, 2001 (the "Petition Date"), W. R. Grace & Co., W. R. Grace & Co. – Conn. ("Grace-Conn") and certain of their affiliates and subsidiaries (together with W. R. Grace & Co. and Grace-Conn, the "Debtors") filed with this Court their petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Prior to the Petition Date, Travelers issued various bonds for or on behalf of the Debtors (collectively, the "Bonds"), including an appeal bond (the "Appeal Bond") to the Debtors with respect to certain obligations of the Debtors, or subsidiaries, affiliates or divisions thereof, associated with the appeal of the case of *Solow, et al. v W. R. Grace & Co.-Conn* currently pending in the New York Supreme Court, Appellate Division. In addition to their common law liability to indemnify Travelers under the Bonds, the Debtors executed General Contracts of Indemnity (the "GCIs") wherein the Debtors agreed to indemnify and hold Travelers harmless for any and all damages, costs and expenses by reason of the execution of the Bonds including the Appeal Bond. Also, Debtors agreed to pay Travelers premiums as they fell due until Travelers has been provided with competent written evidence of discharge.

3. On March 31, 2003, Travelers timely filed proofs of claim in these cases asserting various claims and rights with respect to the Debtors' obligations under the Bonds and the GCIs (the "Claims").

4. On February 27, 2009, the Debtors and others (collectively, the "Plan Proponents") filed their Disclosure Statement (the "Disclosure Statement") in support of the Plan.

5. On March 9, 2009, the Bankruptcy Court entered its Order Approving Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedules and Related Relief (the "Disclosure Statement Order").

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

6.      The Plan filed by the Plan Proponents purports to treat any claim under the Appeal Bond as Indirect PD Trust Claims to be channeled to the Asbestos PD Trust as unimpaired.  By this filing, Travelers seeks assurance that the Plan provides that as an Indirect PD Trust Claimant, Travelers will suffer no loss of any kind or nature pursuant to the terms of its GCIs as it pertains to the Appeal Bond and otherwise as provided by law and that it will be repaid or reimbursed for all amounts spent by Travelers or paid out by Travelers to third parties in connection with the Appeal Bond and GCIs.[2]

7.      Section 1124(1) of the Bankruptcy Code provides that a claim or interest is impaired unless the plan "leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest."  Section 1124(1) creates a presumption of impairment that is overcome only if the plan leaves the creditor's legal, equitable, and contractual rights unaltered.  Solow v. PPI Enters. (U.S.), Inc. (In re PPI Enters. (U.S.), Inc.), 324 F.3d 197, 203 (3d Cir. 2003).  "The burden is placed on the debtor to demonstrate the plan leaves the creditor's rights unaltered."  Id.  A claim is impaired under section 1124(1) if the *plan itself* is the source of the limitation on the creditor's legal, equitable or contractual rights.  PPI Enterprises at 204.

8.      Accordingly, notwithstanding any provisions of the Plan and Disclosure Statement to the contrary, Travelers' Claims as they relate to the Appeal Bond should be allowed as an Indirect PD Trust Claim in the amount of any and all amounts paid by Travelers to third parties or loss incurred by Travelers pursuant to the Appeal Bond and/or any GCIs including any fees and costs incurred or sustained in connection therewith, such claim being Unimpaired under the Plan.

---

[2] This Limited Objection and Reservation of Rights is principally directed to the Appeal Bond; however, Travelers reserves all rights and claims as it pertains to recoveries associated with other claims as set forth in the proofs of claim filed by Travelers in these cases.

3

9. Furthermore, the GCIs should be deemed assumed by the Asbestos PD Trust or the Reorganized Debtors, as applicable, as of the Effective Date and enforceable in accordance with applicable state law.

10. Nothing contained within the Plan or any other document or order should release, compromise, impair or otherwise prejudice or alter the rights and remedies of Travelers under the Bonds or the GCIs, which rights and remedies shall not be affected, modified, or amended by, and shall survive without any modification, among other things, the confirmation of the Plan. The Plan should preserve and reserve all of Travelers' claims and defenses (including by way of subrogation or any other surety defenses available in law or in equity) against any entities or persons. Nothing contained within the Asbestos PD Trust Agreement or any other document or order shall serve to limit the foregoing.

## REPLY TO OBJECTION

11. Any reply to this Limited Objection and Reservation of Rights must be returned to:

    (a) Jonathan B. Alter, Esq.
        Bingham McCutchen LLP
        One State Street
        Hartford, CT 06103

    and

    (b) Travelers Casualty and Surety Company
        One Tower Square – S202A
        Hartford, CT 06183-9062
        Attn.: Robert Lavitt, Esq.

12. The legal representative possessing ultimate authority to reconcile, settle, or otherwise resolve these matters on behalf of Travelers is:

    Jonathan B. Alter, Esq.
    Bingham McCutchen LLP
    One State Street
    Hartford, CT 06103

## **CONCLUSION**

13. For the reasons stated herein, Travelers respectfully requests that the Court:

(a) deny confirmation of the Debtors' Plan subject to the acknowledgements and reservations of right set forth herein; and

(b) grant Travelers such other and further relief as the Court deems just and appropriate.


Dated: May 27, 2009
Wilmington, Delaware

/s/ Garvan F. McDaniel
Garvan F. McDaniel (#4167)
Bifferato Gentilotti LLC
800 N. King Street – Plaza Level
Wilmington, DE 19801
Tel: (302) 429-1900

-and-

Jonathan B. Alter
Bingham McCutchen LLP
One State Street
Hartford, Connecticut 06103
Tel: (860) 240-2700

*Attorneys for The St. Paul Companies, Inc.*