IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.,* | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| **Debtors.** | ) | |
| | ) | Re: Docket No. 21848 |
| | ) | |

## DECLARATION OF LYNNE GARDNER IN SUPPORT OF THE DEBTORS' SUBSTANTIVE AND NON-SUBSTANTIVE OBJECTIONS TO CLAIMS FILED BY MADISON COMPLEX, INC.

I, Lynne Gardner, declare as follows:

1. I am an adult and competent to make this declaration.

2. I make this declaration to the best of my own personal knowledge and belief.

3. I am knowledgeable and competent as to the testimony in this declaration, and I could testify as to the statements made herein.

4. I have worked at W. R. Grace ("Grace") for over twenty-nine years holding various positions within the financial and remediation management departments. I am currently a Site Information Manager. I am responsible for financial reporting and records management relating to Grace's legacy remediation sites.

5. The document attached hereto as Attachment A, and also as Exhibit 5 to Debtors' Substantive and Non-Substantive Objections to Claims Filed by Madison Complex, Inc. (Dkt. No. 21848) (the "Madison Complex Objection"), is a true and correct copy of the Purchase and Sale Agreement (the "Sales Agreement") executed between Panel Specialties, Inc. and W. R. Grace & Co.-Conn. in August, 1989 for the sale of property located at 1719-1720 Madison

Street, Minneapolis, Minnesota (the "Property"). This document was included as part of the closing documents related to sale of the Property in August 1989. This document has been retained by Grace in the ordinary course of business, and I am both personally familiar with the document and Grace's record keeping procedures.

6. The document attached hereto as Attachment B, and also as Exhibit 3 to the Madison Complex Objection is a true and correct copy of a Phase I Pre-Acquisition Site Assessment performed by Twin City Testing Corporation on the Property, and was included as part of the closing documents related to sale of the Property in August 1989. This document has been retained by Grace in the ordinary course of business, and I am both personally familiar with the document and Grace's record keeping procedures.

7. The document attached hereto as Attachment C, and also as Exhibit 4 to the Madison Complex Objection, is a true and correct copy of an Asbestos Survey performed by Applied Environmental Sciences, Inc. on the Property and was included as part of the closing documents related to sale of the Property in August 1989. This document has been retained by Grace in the ordinary course of business, and I am both personally familiar with the document and Grace's record keeping procedures.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed on 5/27/09.

_____
Lynne Gardner