**ATTACHMENT A**

CLOSING BOOK

W. R. GRACE & CO.-CONN. - SALE OF 1719-1720
MADISON STREET TO MADISON COMPLEX, INC.

October 24, 1989

**W. R. GRACE & CO.-CONN. - SALE OF 1719 MADISON STREET**

**LIST OF CLOSING DOCUMENTS**

1. Purchase Agreement
2. Limited Warranty Deed
3. Seller's Affidavit
4. Acknowledgement regarding tenancy of S & P Auto Reconditioning
5. Assignment of Buyer's rights under the Purchase Agreement to Madison Complex, Inc.
6. Verification of payment of second half real estate taxes
7. Twin City Testing's environmental report
8. Applied Environmental Services, Inc.'s Asbestos Report
9. Letter from Minneapolis Fire Inspector re: underground storage tank
10. Letter from Determan Welding & Tank Service re: underground storage tank
11. Letter from Northern States Power Company re: transformers
12. Articles of Merger for W. R. Grace & Co.-Conn.
13. Secretary's Certificate re: name change to W. R. Grace & Co.-Conn.
14. Secretary's Certificate re: Execution of Deed
15. Title Insurance Commitment
16. Certificate of Non-Foreign Status
17. Underground Storage Tank Affidavit
18. Closing Statement
19. Proceeds Check

5/26/89

## PURCHASE AND SALE AGREEMENT

AGREEMENT entered into this __16__ day of __August__, 1989 by and between W. R. Grace & Co.-Conn., a Connecticut corporation with offices at 62 Whittemore Avenue, Cambridge, Massachusetts 02140, hereinafter called the SELLER, and Panel Specialties Inc., a Minnesota corporation with offices at 1828 Jefferson Street, NE, Minneapolis, Minnesota __55418__, hereinafter called the BUYER.

1. SELLER agrees to SELL and BUYER agrees to BUY, upon the terms hereinafter set forth, the following described premises: 1719-1720 Madison Street, Minneapolis, Minnesota, and more particularly described in Certificates of Title 183620 and 233307, copies of which are attached hereto as Exhibits I and II.

Included in the sale as a part of said premises are the buildings, structures, and improvements now thereon, and the fixtures belonging to the SELLER but excluding:

[Identify any equipment to be removed.]

Said premises are to be conveyed by a good and sufficient Special Warranty deed running to the BUYER, or to the nominee designated by the BUYER by written notice to the SELLER at least seven (7) days before the deed is to be delivered as herein provided, and said deed shall convey a good and clear record title thereto, subject only to:

(a) the provisions of existing building, zoning and environmental laws and other statutes or ordinances as may affect the use, maintenance or ownership of the premises;

(b) general taxes for the year 1989 and subsequent years;

(c) any liens for municipal betterments assessed against the premises after the date of this Agreement; and

M/M-7-A

- 2 -

(d) all easements, restrictions and rights of way, if any, of record or as would be disclosed by visual observation or a survey of the premises.

2. The agreed purchase price for said premises is One Hundred Seventy-Five Thousand Dollars ($175,000), of which
$ __$ 1000.00__ have been paid as a deposit this day and
$ __$ 174,000.00__ are to be paid at the time of delivery of the deed in cash, or by cashier's, treasurer's or bank check.

3. The time of closing shall be at __asap__ P.M., local time, on __9-29-89 or sooner if possible__ 1989 (the "Closing") or on the date, if any, to which such time is extended by reason of any other provision hereof, hereafter becoming operative (whichever date is later), unless subsequently mutually agreed otherwise, at the office of SELLER's attorneys in Minneapolis, Minnesota.

4. Full possession of said premises free of all tenants and occupants, except the existing tenancy of S. G. Paradise d/b/a S & P Auto, is to be delivered at the time of the delivery of the deed, said premises to be then in the same condition as they now are, reasonable use and wear thereof excepted.

5. If the SELLER shall be unable to give title or to make conveyance, or to deliver possession of the premises, all as herein stipulated, or if at the time of the delivery of the deed the premises do not conform with the provisions hereof, then any payments made under this Agreement shall be refunded and all other obligations of the parties hereto shall cease and this Agreement shall be void and without recourse to the parties hereto, unless the SELLER elects to use reasonable efforts to remove any defects in title, or to deliver possession as provided herein, or to make the said premises conform to the provisions hereof, as the case may be, in which event the SELLER shall give written notice thereof to the BUYER at or before the time for performance hereunder, and thereupon the time for performance hereof shall be extended for a period of thirty (30) days.

If at the expiration of the extended time the SELLER shall have failed so to remove any defects in title, deliver possession, or make the premises conform, as the case may be, all as herein agreed, any payments made under this Agreement shall be forthwith refunded and all other obligations of all parties hereto shall cease and this Agreement shall be void without recourse to the parties hereto.

- 3 -

6. Water and sewer use charges, and taxes for the then current years shall be apportioned and fuel value shall be adjusted, as of the day of performance of this Agreement, and the net amount thereof shall be added to or deducted from, as the case may be, the purchase price payable by the BUYER at the time of delivery of the deed.

If the amount of said taxes is not known at the time of the delivery of the deed, they shall be apportioned on the basis of the taxes assessed for the preceding year, with a reapportionment as soon as the new tax rate and valuation can be ascertained; and, if the taxes which are to be apportioned shall thereafter be reduced by abatement, the amount of such abatement, less the reasonable cost of obtaining the same, shall be apportioned between the parties, provided that neither party shall be obligated to institute or prosecute proceedings for an abatement unless herein otherwise agreed.

7. BUYER shall pay the full amount of any stamp, excise or other taxes imposed or assessed against the transfer of the premises by state, county or local municipal law. BUYER shall also pay all fees for the recording and registering of all instruments of transfer with the appropriate governmental authorities.

8. If BUYER fails to fulfill its agreements herein, SELLER shall retain the earnest money deposit hereunder and all interest attributable thereto as liquidated damages for such failure to carry out this Agreement. The parties agree that such damages are to be the sole and exclusive remedy of SELLER for such breach in that, at the time of the execution of this Agreement, it would be impractical and extremely difficult to fix the actual damages that would flow from BUYER's refusal to consummate the transaction.

9. Time is of the essence of this Agreement.

10. If, prior to Closing, the improvements on the premises are destroyed or materially damaged by fire or other casualty (insured against or otherwise), other than an act of BUYER, the BUYER may at its option rescind this Agreement and recover all payments made by it.

Should such a loss occur and the transaction contemplated by this Agreement nevertheless be closed, BUYER shall be entitled to settle the loss with the insurer, if any, and collect the full amount thereof to his own use. In such event BUYER shall pay the entire purchase price to SELLER without deduction or set-off for such loss. SELLER shall furnish all necessary proofs of loss, assignments of claim, and other assistance needed.

- 4 -

BUYER shall notify SELLER of his decision to terminate this Agreement or accept possession of the premises within twenty (20) days after receipt of written notice by BUYER from SELLER of occurrence of the fire or other casualty. If BUYER does not so notify SELLER within the aforesaid period, it shall be deemed that BUYER has elected to accept possession of the premises.

11. Neither SELLER nor BUYER has retained any finder, broker or agent for whose fees the other party will be liable in connection with this Agreement or the consummation of the transactions contemplated hereby.

12. The SELLER hereby grants the BUYER the right, from time to time after the date of this Agreement, upon not less than two (2) business day's advance notice, to enter upon the premises, during business hours or such other times as SELLER shall agree, with such employees, agents, consultants and equipment as may be reasonably required in order to: (i) inspect the premises, (ii) perform surface and subsurface tests, borings and measurements, (iii) conduct other engineering and environmental studies and tests, and/or (iv) conduct such other investigations, all as the BUYER may deem reasonably necessary or desirable in connection with its review of the property; provided, however, that: (1) the BUYER shall use its best efforts to minimize any interference with the use and enjoyment of the premises by the occupants, (2) all such activities shall be conducted as expeditiously as possible, and (3) the BUYER shall restore the premises to the conditions existing immediately prior to any such entry and activity. The BUYER shall indemnify, defend and hold the SELLER harmless from and against any and all claims, demands, losses, liabilities, damages, costs and expenses, including reasonable attorneys' fees, arising out of any property damage, personal injury or death of any person resulting from any such entry or activity.

13. The BUYER shall have the election, at either the original or any extended time for performance, to accept such title as the SELLER can deliver to the said premises in their then condition and to pay therefor the purchase price without deduction, in which case the SELLER shall convey such title, except that in the event of such conveyance in accord with the provisions of this clause, if the said premises shall have been damaged by fire or casualty insured against, then the SELLER shall, unless the SELLER has previously restored the premises to their former condition, pay over or assign to the BUYER, on delivery of the deed, all amounts recovered or recoverable on account of such insurance, less any amounts reasonably expended by the SELLER for any partial restoration.

- 5 -

14. The acceptance of a deed by the BUYER or his nominee, as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation of Seller herein contained or expressed.

15. All notice given hereunder shall be in writing by certified mail, return receipt requested with proper postage affixed; and,

    if to SELLER at the following address:

        W. R. Grace & Co.-Conn.
        62 Whittemore Avenue
        Cambridge, MA   02140

    Attention: President

    if to BUYER at:

        Panel Specialties Inc.
        1828 Jefferson Street, NE
        Minneapolis, Minnesota _____

    Attention: President

The mailing of a notice by certified mail, return receipt requested, shall be sufficient service.

16. It is understood that BUYER has or may inspect the premises and has agreed to purchase it as a result of such inspection and not because of or in reliance upon any statements or representations of any kind made by the SELLER or any other officer, employee, or agent of the SELLER, or by a broker, if any, and that SELLER has agreed to purchase it in its present condition unless otherwise specified herein. It is further understood that this Agreement contains the entire agreement between the SELLER and the BUYER, and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind whatsoever concerning this sale. Furthermore, this Agreement shall not be altered, amended, changed or modified, except in writing executed by the parties hereto.

17. This Agreement shall be binding upon the respective heirs, executors, administrators, successors and, to the extent assignable, on the assigns of the parties hereto, it being expressly understood, however, that the BUYER shall not transfer or assign this Agreement without the written consent of the SELLER being first had and obtained.

- 6 -

THIS INSTRUMENT, executed in duplicate is to be construed as a Minnesota contract, is to take effect as a sealed instrument, and sets forth the entire contract between the parties.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound hereby, have hereunder set their hands and seals the day and year first above written.

SELLER  
W. R. GRACE & CO.-CONN.

By _____  
V.P. - Manufacturing & Engineering

BUYER  
PANEL SPECIALTIES INC.

By _____  
Douglas P O'Brien    8-16-89  
Secretary