# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | Re: Docket Nos. 19620, 20864, 20871, 20872, |
| | ) | 20873 and 20874; Agenda Items 1 & 2 |

## ORDER APPROVING DISCLOSURE STATEMENT, SOLICITATION AND CONFIRMATION PROCEDURES, CONFIRMATION SCHEDULE AND RELATED RELIEF

Upon the *Motion of the Debtors for an Order Approving Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation Schedule and Related Relief* (Docket No. 19620) (the "Motion");[2] and the Debtors having filed (a) the Debtors' disclosure statement (Docket No. 20873) (as it may be amended or modified in accordance with the Debtors' representations at the hearing and this Order, the "Disclosure Statement") in relation to the *First*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not defined herein shall have the same meaning as in the Motion, the Plan or the Voting Procedures, as applicable.

1

*Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co, et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009* (Docket No. 20872) (as it may be amended or modified and including all exhibits and supplements thereto, the "Plan") on February 27, 2009, which amends and supersedes all previously filed drafts of the Debtors' Disclosure Statement; (b) the Exhibit Book relating to the Plan and Disclosure Statement filed on February 27, 2009 (Docket No. 20874) (as amended by the filing of certain corrected exhibits prior to the hearing, and as it may be further amended or modified in accordance with the Debtors' representations at the hearing and this Order, the "Exhibit Book"), which amends and supersedes all previously filed drafts of the Exhibit Book, and (c) a *Notice of Filing of Proposed Confirmation and Solicitation Procedures for First Amended Joint Plan of Reorganization* on February 27, 2009 (Docket No. 20864) (the "Solicitation Procedures Amendments"), which amends the Motion with respect to the Debtors' proposed solicitation materials (as they may be amended or modified in accordance with the Debtors' representations at the hearing and this Order) and supersedes all previously filed drafts of the Debtors' solicitation materials; and the Court having reviewed and considered all timely filed objections to the Motion and the Disclosure Statement and the Debtors' Consolidated Response to certain objections filed on October 23, 2008 (Docket No. 19848) and the *Certification of Counsel Regarding Disclosure Statement Objection Chart Summarizing and Addressing Objections to the Debtors' Disclosure Statement Dated as of February 3, 2009* (Docket No. 20871); and the Court having held several hearings on the Motion and the adequacy of the Disclosure Statement, including hearings on October 27, 2008, November 14, 2008, November 24, 2008, January 14, 2009 and March 9, 2009 (collectively, the "Hearings"); and

upon the Debtors' representations at the Hearings with respect to further amendments and modifications to the Plan, Disclosure Statement, Exhibit Book and the proposed solicitation materials, and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein:

THE COURT HEREBY FINDS THAT:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Adequate notice of the Motion and the Hearings, made in the manner described in the Motion, including the form of the Disclosure Statement Hearing Notice annexed as Exhibit B to the Motion, was sufficient and appropriate under the circumstances and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

D. The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

E. The Disclosure Statement complies with Bankruptcy Rule 3016 and describes in specific and conspicuous language all acts to be enjoined by, and identifies the entities subject to, all Plan injunctions against conduct not otherwise enjoined under the Bankruptcy Code.

F. The Voting Procedures attached to the Solicitation Procedures Amendments as Exhibit C provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the Bankruptcy Rules.

3

G. The Ballots and Master Ballots attached to the Solicitation Procedures Amendments collectively as <u>Exhibit D</u> are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these chapter 11 cases, and are appropriate for each class of claims and interests entitled to vote to accept or reject the Plan, including on a provisional basis.

H. Unless otherwise provided in the Plan, Ballots need not be provided to Holders of Claims in Classes that are designated as unimpaired under the Plan or to parties that are not entitled to vote on the Plan. The form of Notice of Non-Voting Class Status attached to the Solicitation Procedures Amendments as <u>Exhibit E</u> is adequate and sufficient notice to be sent to Holders of Claims in unimpaired classes who are not entitled to vote on the Plan and who will not receive a provisional Ballot. The form of Notice of Non-Voting Claim Status attached to the Solicitation Procedures Amendments as <u>Exhibit G</u> is adequate and sufficient notice to be sent to Holders of Claims in Class 7 and Class 9 who are being solicited (including provisional solicitation of Holders of Class 9 Claims), but certain of whom will not be entitled to vote under the Voting Procedures even, if applicable, if it is determined that Class 9 is impaired.

I. Pursuant to Bankruptcy Rule 3017(d), sufficient cause exists to set the Record Date at a date other than the date the order approving the Disclosure Statement is entered.

J. In accordance with Bankruptcy Rule 3017(e), the procedures set forth in the Voting Procedures for transmitting Solicitation Packages to beneficial holders of stock of the Debtors are adequate.

4

K.     The contents of the Solicitation Packages, as set forth in the Voting Procedures, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

L.     The combination of direct and published notice of the Disclosure Statement, Plan and Confirmation Hearing, as set forth in both the Motion and the Voting Procedures, and the form of the Confirmation Hearing Notice attached to the Solicitation Procedures Amendments as Exhibit F and the form of the Publication Notice attached to the Solicitation Procedures Amendments as Exhibit H are adequate and sufficient and satisfy the requirements of due process with respect to all known and unknown creditors of the Debtors.

M.     The form of the Notice to Counterparties to Executory Contracts and Unexpired Leases attached to the Solicitation Procedures Amendments as Exhibit I (the "Notice to Counterparties to Executory Contracts and Unexpired Leases") is adequate and sufficient notice to counterparties to executory contracts and unexpired leases of the treatment of executory contracts and unexpired leases under the Plan.

N.     The form of the Notice of Procedures Relating to Payment of Post-Petition Interest on General Unsecured Claims attached to the Solicitation Procedures Amendments as Exhibit J (the "Post-Petition Interest Procedures Notice") is appropriate to be sent to Holders of General Unsecured Claims.

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     The Disclosure Statement is APPROVED.

*Confirmation Hearing*:

3.     As set forth in the Court's *Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization*, dated January 29, 2009 (the "CMO")

5

(Docket No. 20622), Phase I of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") shall take place on **June 22-25, 2009 commencing at 9:00 a.m.** (prevailing Eastern time) each day and Phase II of the Confirmation Hearing shall take place on **September 8-11, 2009 commencing at 9:00 a.m.** (prevailing Eastern time) each day, except that the Confirmation Hearing on **September 8, 2009 shall begin at 11:00 a.m.** (prevailing Eastern time). Each Phase of the Confirmation Hearing shall take place before the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, at the United States Bankruptcy Court, Western District of Pennsylvania, 5414 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.

    4.    The Confirmation Hearing may be continued from time to time by announcing such continuance in open court and providing written notice to parties that have filed Voting Motions or objections to confirmation of the Plan.

*Plan Objection Deadline*:

    5.    As set forth in the CMO, the deadline to File objections to confirmation of the Plan (the "Plan Objection Deadline") is **4:00 p.m., prevailing Eastern time on May 20, 2009.**

    6.    All objections to confirmation of the Plan must be served in a manner so that they are actually received on or before 4:00 p.m., prevailing Eastern time, on the Plan Objection Deadline by (a) counsel to the Debtors, (b) counsel to each of the statutory committees appointed in these chapter 11 cases, (c) counsel to each of the future claimants' representatives appointed in these chapter 11 cases, (d) counsel to Sealed Air Corporation and Cryovac, Inc., (e) counsel to Fresenius, and (f) the United States Trustee (collectively, the "Notice Parties"). The addresses for service upon the Notice Parties are included in Section 11.11 of the Plan, except for the United States Trustee, which shall be served at the following address:

6

**Office of the United States Trustee**
Attn: David Klauder, Esq.
844 King Street, Suite 2207
Wilmington, Delaware 19801

7. All objections to the Plan shall (a) state with particularity the legal and factual grounds for such objection, (b) provide, where applicable, the specific text, if any, that the objecting party believes to be appropriate to insert into the Plan, and (c) describe the nature and amount of the objector's Claim or Equity Interest.

8. Objections not timely filed and served in accordance with the provisions of this Confirmation Procedures Order shall not be heard and shall be overruled.

9. The Debtors are authorized to file the Plan Supplement described in the Plan on or before the date that is ten (10) calendar days before the Plan Objection Deadline, and shall serve the Plan Supplement on the Notice Parties and all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

*Voting Deadline*:

10. All Ballots or Master Ballots accepting or rejecting the Plan must be received by BMC Group, Inc. (the "Voting Agent") by 4:00 p.m., prevailing Eastern time, no later than **May 20, 2009** (the "Voting Deadline"), at the following address:

| **By U.S. Mail:** | **By Courier:** |
|---|---|
| BMC Group, Inc. | BMC Group, Inc. |
| Attn: W. R. Grace Voting Agent | Attn: W. R. Grace Voting Agent |
| P.O. Box 2007 | 18750 Lake Drive East |
| Chanhassen, MN 55317-2007 | Chanhassen, MN 55317 |

*Form and Manner of Confirmation Hearing and Solicitation Packages Notice:*

11. The Confirmation Hearing Notice, substantially in the form attached to the Solicitation Procedures Amendments as Exhibit F, is hereby APPROVED.

7

12. The Publication Notice, substantially in the form attached to the Solicitation Procedures Amendments as <u>Exhibit H</u>, is hereby APPROVED.

13. The Debtors shall serve the Confirmation Hearing Notice by first-class mail on or before a date that is not less than 25 calendar days before the Plan Objection Deadline on the parties described in the Motion.

14. Not less than 25 calendar days before the Plan Objection Deadline, or as soon as practical thereafter, the Debtors shall publish (a) the Confirmation Hearing Notice (as may be reasonably modified to accommodate publication size limitations) once in each of *USA Today*, *The Wall Street Journal* and *The New York Times*, and (b) the Publication Notice once in (i) Andrews's Asbestos Litigation Reporter and Mealey's Litigation Report: Asbestos, (ii) the Sunday newspaper supplements *Parade* magazine and *USA Weekend* magazine, (iii) *Newsweek*, *TV Guide*, *Sports Illustrated* and *U.S. News and World Report* and (iv) appropriate Canadian publications consistent with the Debtors' previous noticing programs in Canada (or comparable publications, as determined by the Debtors' notice consultant).

*Voting Record Date*:

15. Pursuant to Bankruptcy Rules 3017(d) and 3018(a), the record date for purposes of determining which creditors and interest holders are entitled to vote on the Plan shall be the date which is two (2) business days following the date on which this Court enters this Confirmation Procedures Order approving the Disclosure Statement (the "<u>Voting Record Date</u>"). The Debtors shall specify the Voting Record Date in the Confirmation Hearing Notice. Only Holders of Claims and Equity Interests as of the Voting Record Date shall be entitled to vote to accept or reject the Plan.

16. With respect to a Claim transferred after the applicable proof of claim has been filed, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on

8

account of such Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

*Voting Procedures and Solicitation*:

17. The Voting Procedures attached to the Solicitation Procedures Amendments as <u>Exhibit C</u>, including the special procedures relating to the solicitation and tabulation of Asbestos PI Claims and Asbestos PD Claims, are APPROVED.

18. Not more than twenty-one (21) calendar days after the date on which this Court enters this Confirmation Procedures Order (the "<u>Solicitation Date</u>"), the Debtors shall mail the Solicitation Packages, which shall consist of copies of: (i) the Confirmation Hearing Notice; (ii) this Confirmation Procedures Order without referenced exhibits; (iii) the Disclosure Statement, (iv) the Exhibit Book (with the Plan attached as an Exhibit therein); (v) the Voting Procedures; (vi) one or more applicable Ballots and/or Master Ballots, together with voting instructions and information relative to the return of the Ballots or Master Ballots, or a Notice of Non-Voting Claim Status (if applicable); and (vii) pre-addressed return envelopes, to the parties entitled to vote on the Plan pursuant to the Voting Procedures. The Debtors shall also cause the Plan, Disclosure Statement, Confirmation Hearing Notice, Exhibit Book and this Confirmation Procedures Order (with all referenced exhibits) to be posted on their website at <u>www.grace.com</u> and the website maintained by the Voting Agent at <u>www.bmcgroup.com/wrgrace</u>.

19. The Debtors are authorized, but not directed or required, to provide copies of the Plan, Disclosure Statement and Exhibit Book in the Solicitation Packages in CD-ROM format rather than paper format, *provided, however*, that the Debtors will include in the same

9

mailing copies of all other materials in the Solicitation Packages, including all Ballots or Master Ballots, and all other notices to Holders of Claims or Equity Interests in paper format. Additionally, any party may request and obtain at the Debtors' expense paper copies of any document sent in a Solicitation Package in CD-ROM format.

20.  To avoid duplication and reduce expenses, Claimants who have more than one Claim shall receive only one Solicitation Package, but shall receive one Ballot for each different Claim. Each Claim held by a particular creditor as a result of such Claim having been transferred to such creditor by another creditor (or former creditor), either before or after the Petition Date, constitutes a separate Claim.

21.  If a Claimant has filed proofs of claim against more than one Debtor for the same debt obligation, the Claimant shall receive only a single Ballot with respect to that obligation and the corresponding vote shall count as a single vote, whether or not the Claimant submits multiple Ballots. Ballots solicited and tabulated pursuant to this paragraph may be used to confirm the Plan only if the Court orders limited substantive consolidation of the Debtors' estates as the Plan requests.

22.  On or before the Solicitation Date, the Debtors shall mail or cause to be mailed copies of this Confirmation Procedures Order (without any referenced exhibits), the Confirmation Hearing Notice, together with the Notice of Non-Voting Class Status, to all Holders of Claims or Equity Interests in Classes which are not entitled to vote to accept or reject the Plan and which are not being provisionally solicited under the Voting Procedures.

23.  On or before the Solicitation Date, the Debtors shall mail or cause to be mailed copies of the Confirmation Hearing Notice and the Notice to Counterparties to Executory Contracts and Unexpired Leases to all non-Debtor parties to executory contracts or unexpired

leases listed on the Debtors' schedules of executory contracts and unexpired leases filed previously with the Court.

24.    On or before the Solicitation Date, the Debtors shall mail or cause to be mailed copies of the Confirmation Hearing Notice to all parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 who are not otherwise Holders of Claims or Equity Interests in Classes that are entitled to vote to accept or reject the Plan.

25.    The Debtors are excused from re-mailing Solicitation Packages or any notices, as the case may be, to those entities whose addresses differ from the addresses in the claims register or the Debtors' records as of the Voting Record Date, or whose Solicitation Packages or Confirmation Hearing Notices are returned for any other reason not the fault of the Debtors.

*Form of Ballots and Notices*:

26.    The Ballots and Master Ballots, substantially in the forms collectively attached to the Solicitation Procedures Amendments as Exhibit D, are hereby APPROVED.

27.    All votes to accept or reject the Plan must be cast by using the appropriate Ballot or Master Ballot.

28.    The Notice of Non-Voting Class Status, substantially in the form attached to the Solicitation Procedures Amendments as Exhibit E, is hereby APPROVED.

29.    The Notice of Non-Voting Claim Status, substantially in the form attached to the Solicitation Procedures Amendments as Exhibit G, is hereby APPROVED.

30.    The Post-Petition Interest Procedures Notice, substantially in the form attached to the Solicitation Procedures Amendments as Exhibit J, is hereby APPROVED and shall be sent to Holders of General Unsecured Claims in Class 9 in connection with the distribution of Solicitation Packages to such Holders.

*Voting Motions and Classification Objections:*

31.  Any Holder of a Claim that seeks to challenge the amount of its Claim for voting purposes may File a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting (a "Voting Motion"). A Voting Motion must be Filed on or before the Voting Deadline, and must be accompanied by a declaration by an appropriate representative of the moving party that (a) attaches a completed Ballot indicating how such party intends to vote on the Plan, (b) certifies the proposed voting amount of the applicable Claim and (c) attaches evidence in support of the proposed voting amount of such Claim. As to any Holder of a Claim filing a Voting Motion, such Holder's vote shall not be counted other than as already provided in the Voting Procedures unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing. A Holder of a Claim who timely Files a Voting Motion with a properly completed declaration as required above does not need to submit a separate Ballot to the Voting Agent.

32.  Any Holder of a Claim who intends to pursue an objection to confirmation of the Plan on the grounds that such Holder's Claim is not properly classified may request a Ballot from the Voting Agent for provisional voting under a different Class and may vote to accept or reject the Plan pursuant to the following procedures:

(a)  The objecting Claimant must File a declaration with the Bankruptcy Court (a "Disputed Classification Declaration") on or before the Voting Deadline, which attaches (i) the Claimant's completed original Ballot indicating the Claimant's vote if the Debtors' classification of the Claim at issue is upheld and (ii) the Claimant's completed provisional Ballot indicating the Claimant's vote if it prevails on its classification objection.

(b)  The Disputed Classification Declaration also must summarize the basis for the Claimant's classification objection.

(c)  If the objecting Claimant also disputes the amount of its Claim for voting purposes, the Claimant must File a Voting Motion pursuant

12

to Section 10(f)(i) of the Voting Procedures in addition to Filing a Disputed Classification Declaration.

(d) Unless otherwise ordered by the Bankruptcy Court, the Debtors shall report to the Bankruptcy Court in connection with the Confirmation Hearing the tabulation of votes for all Claims for which a Disputed Classification Declaration have been Filed using both (i) the original classification of the Claims that are subject to Disputed Classification Declarations and (ii) a provisional classification reflecting the requests in the Disputed Classification Declarations.

(e) A Claimant who Files a Disputed Classification Declaration must File its objection to the Plan and its classification of such Claimant's Claims on or before the Plan Objection Deadline.

*Corrections, Non-Substantive Changes and Authorization:*

33. The Debtors are authorized to correct and to otherwise make non-substantive changes to the Plan, Exhibit Book, Disclosure Statement, Voting Procedures, Ballots, Master Ballots and other notices approved by this Confirmation Procedures Order without further order of the Court before they are mailed to parties in interest, including changes to correct typographical, grammatical and/or formatting errors or omissions and to conform the Voting Procedures, Ballots, Master Ballots and other notices to any modifications to the Plan and/or Disclosure Statement.

34. The Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

35. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Confirmation Procedures Order.

Dated: 3/9, 2009

*Judith K. Fitzgerald*
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

13

[THIS PAGE INTENTIONALLY LEFT BLANK]

[THIS PAGE INTENTIONALLY LEFT BLANK]

[THIS PAGE INTENTIONALLY LEFT BLANK]