IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. Grace & CO., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br><br>(Jointly Administered)<br><br>Ref No. 21919  20872, 21495 |

**ORDER APPROVING STIPULATION CONCERNING LIBBY CLAIMANTS'
STANDING IN RESPECT OF TREATMENT OF CLAIMS FOR WRONGFUL DEATH
AND LOSS OF CONSORTIUM UNDER TRUST DISTRIBUTION PROCEDURES**

Upon the Stipulation by and between the parties (the "Stipulation"),[1] a copy of which is annexed hereto; and the Court having considered the Stipulation; and good and sufficient cause appearing therefor; it is hereby

ORDERED that the Stipulation is approved; and it is further

ORDERED that this Court shall retain jurisdiction over the parties with respect to any matters related to, or arising from, the Stipulation or implementation of this Order.

Dated: June  1 , 2009
       Wilmington, Delaware

*Judith K. Fitzgerald*
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

---

[1] Capitalized terms not otherwise defined herein shall assume the meanings ascribed to them in the Stipulation.

{W0000052.}W0000052.DOC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
In re                               *
                                    *    Chapter 11
W.R. GRACE & CO., et al.,           *    Case No. 01-01139 (JKF)
                                    *    Jointly Administered
        Debtors.                    *
                                    *
* * * * * * * * * * * * * * * * * * * * * * *
```

**STIPULATION CONCERNING LIBBY CLAIMANTS' STANDING IN RESPECT OF TREATMENT OF CLAIMS FOR WRONGFUL DEATH AND LOSS OF CONSORTIUM UNDER TRUST DISTRIBUTION PROCEDURES**

THIS STIPULATION is made as of the 29th day of May, 2009, by and between claimants who allege that they have been injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] and the Debtors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Equity Security Holders, and the Asbestos PI Future Claimants' Representative (collectively the "Plan Proponents") as joint proponents of the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated February 27, 2009 [Docket No. 20872] as such plan may be amended or modified from time to time (the "Plan").[2]

## Background

A.  The Plan provides that the payment of Asbestos PI Claims by the Asbestos PI Trust shall be governed by the Asbestos PI Trust Distribution Procedures (the "TDP").

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 21365], as it may be amended and restated from time to time.

[2] All terms defined in the Plan and not otherwise defined herein shall have the same meaning when used in this Stipulation as when used in the Plan as on file on the date of this Stipulation.

{W0000047.}

B.      As one of the bases for their objection to the Plan, the Libby Claimants argue that the TDP does not provide for wrongful death or loss of consortium claims ("WD/LOC Claims") (the "Libby Claimants' WD/LOC Objection"). The Plan Proponents disagree.

C.      The Libby Claimants in April 2009 gave notice that they would take the depositions of various Libby Claimants (the "Libby Claimant Depositions").

D.      The Debtors on April 30, 2009, filed the Debtors' Motion for Protective Order and Objection to Libby Claimants' Deposition Notices [Docket No. 21495] (the "Motion"). The Motion was scheduled for hearing on May 14, 2009 (the "May 14 Hearing"). Several of the Debtors' insurers subsequently joined in the Motion [Docket Nos. 21521, 21522 and 21541]. The Libby Claimants on May 8, 2009, filed the Libby Claimants' Response to Debtors' Motion for Protective Order and Objection to Libby Claimants' Deposition Notices and Joinders by Various Insurers [Docket No.21596].

E.      At the May 14 Hearing, the Plan Proponents agreed that they would not challenge the fact that the Libby Claimants' WD/LOC Claims exist, while reserving all rights to challenge the validity of such Claims. The Plan Proponents further agreed that the Libby Claimants had standing to raise the specific WD/LOC Objection. The Libby Claimants, in turn, agreed that they would not proceed with the Libby Claimant Depositions for the purpose of seeking testimony concerning the WD/LOC Objection. The Court requested that this agreement be set forth in a written stipulation. Otherwise, the Court granted the Motion over the Libby Claimants' objection.

## Agreement

NOW, THEREFORE, the Libby Claimants and the Plan Proponents stipulate and agree as follows:

1. Certain Libby Claimants assert WD/LOC Claims.

2. The Libby Claimants who assert WD/LOC Claims have standing to make the WD/LOC Objection to the Plan.

3. All parties' rights to challenge the validity of the Libby Claimants' WD/LOC Claims are preserved.

4. The Plan Proponents shall seek an order of the Bankruptcy Court approving this Stipulation. Entry of such order shall resolve the Motion, by agreement, as it relates to the taking of Libby Claimant Depositions for the purpose of establishing that Libby Claimants hold WD/LOC Claims. The Libby Claimants reserve their rights concerning (a) the Court's decision at the May 14 Hearing to grant the Motion, in all other respects, over the Libby Claimants' objection, and (b) the order, pursuant thereto, that will be entered granting the Motion.

5. This Stipulation is solely for purposes of proceedings concerning confirmation of the Plan, including any appeal therefrom. This Stipulation may not be used by any party for any purpose in any other proceeding.

EXECUTED as of the date first above written.

| LIBBY CLAIMANTS | OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS |
|---|---|
| By their attorneys, | By its attorneys, |

/s/ Rebecca L. Butcher
Adam G. Landis (No. 3407)
Rebecca L. Butcher (No. 3816)
Kerri K. Mumford (No. 4186)
LANDIS RATH & COBB LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
(302) 467-4400

and

Daniel C. Cohn, Esq.
Christopher M. Candon, Esq.
COHN WHITESELL & GOLDBERG LLP
101 Arch Street
Boston, MA 02110
(617) 951-2505

/s/ Mark T. Hurford
Mark T. Hurford (No. 3299)
CAMPBELL & LEVINE, LLC
800 N. King Street, Suite 300
Wilmington, DE 19801
(32) 426-1900

and

Peter Lockwood, Esq.
Nathan D. Finch, Esq.
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
(202) 862-5000

and

Elihu Inselbuch, Esq.
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152
(212) 319-7125

| | |
|---|---|
| W.R. GRACE & CO., *et al.* | OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS |
| By its attorneys, | By its attorneys, |
| */s/ James E. O'Neil* | */s/ Teresa K.D. Currier* |
| Laura Davis Jones (No. 2436)<br>James E. O'Neil (No. 4042)<br>PACHULSKI, STANG, ZIEHL & JONES LLP<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>(302) 652-4100 | Teresa K.D. Currier (No. 3080)<br>SAUL EWING LLP<br>222 Delaware Avenue, Suite 1200<br>P.O. Box 1266<br>Wilmington, DE 19801<br>(302) 421-6800 |
| and | and |
| David M. Bernick, Esq.<br>KIRKLAND & ELLIS LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>(312) 861-2000 | Phillip Bentley, Esq.<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9100 |

ASBESTOS PI FUTURE
CLAIMANTS' REPRESENTATIVE
By its attorneys,

*/s/ John C. Phillips*
John C. Phillips (No. 110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
(302) 655-4200

and

Roger Frankel, Esq.
Jonathan P. Guy, Esq.
ORRICK, HERRINGTON
  & SUTCLIFFE LLP
1152 15th Street, NW
Washington, DC 20005
(202) 339-8400