## IN THE UNITED STATES BANKRUPTCY  COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., *et al.*, | : | Case No. 01-1139 (JKF) |
| | : | |
| Debtors. | : | Jointly Administered |

## GENERAL INSURANCE COMPANY OF AMERICA'S
## TRIAL BRIEF (PHASE I) AND EXCHANGE OF EXHIBITS (PHASE I)

In accordance with the Third Amended Case Management Order entered by the Court on May 5, 2009, General Insurance Company of America ("General Insurance") makes the following submission as its combined trial brief and exchange of exhibits for phase I of the confirmation hearing on the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., *et al.*, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos Future Claimants' Representative, and the Official Committee of Equity Security Holders (the "Plan").

### Brief and Exhibits

In addition to joining the Confirmation Objections of the other insurers (or "Asbestos Insurance Entities," in the terminology of the Plan), General Insurance, in its Plan Objection filed on May 20, 2009 [Dkt. 21776], specifically objected to the inadequacy of the "insurance neutrality" provision set forth at Section 7.15 of the Plan.  General Insurance also made clear that, in addition to other neutrality concerns, General Insurance required neutrality to assure a level playing field for it to establish that its 1994 Settlement Agreement and Mutual Release (the "Settlement Agreement") with W. R. Grace & Co - Conn. ("Grace") settled all disputes and

issues between General Insurance and Grace as to all "Asbestos-Related Claims," as defined in that Agreement.[1]

There is no need to reiterate the General Insurance Plan Objection [Dkt. 21776]. The function of the instant submission is simply to supply an accurate copy of the Settlement Agreement (which is described in the Plan Objection) and also to establish that the policies General Insurance issued in Vermiculite-Northwest, Inc. -- which were released and resolved in the 1994 Settlement Agreement -- provide basic and valuable insurer rights that are entitled to protection.

Accordingly, the Declaration of James Downey in Support of General Insurance Company's Plan Objection, attached hereto, authenticates both the Settlement Agreement and a subject policy; and it further states:

> 6. The 1963 Policy [attached to the Declaration] contains provisions entitled "Assistance and Cooperation of the Insured," which requires the insured to cooperate with General, and "Action Against Company," which requires certain conditions to be satisfied before suit can be initiated against General. *See* Exhibit A, page 5, paragraphs 7, 8. The 1963 Policy also contains a provision entitled "Assignment," which restricts the circumstances under which interests in the policy may be assigned. *See id.,* page 5, paragraph 15. In the section entitled "Defense, Settlement, Supplementary Payments," the 1963 Policy also gives General the right to defend and investigate claims against its insured. *See id.,* page 3, part III.a.

> 7. General also issued general liability policies to Vermiculite Northwest Inc. and its related corporate entities that covered at least the annual time periods from June 1, 1962 to June 1, 1963; June 1, 1964 to June 1, 1965; and June 1, 1965 to June 1, 1966. These other policies each contain provisions that are substantially similar to the provisions in the 1963 Policy described in paragraph 6 above.

(Declaration at 2.)

---

[1] General Insurance also objects in its Plan Objection that General Insurance's contract claims against Grace arising from its Settlement Agreement should not be channeled to the Asbestos Trust as Indirect Asbestos PI Claims or otherwise, but instead should be classified as Class 9 General Unsecured Claims, to be paid in full.

## Conclusion

For the reasons stated herein and on General Insurance's Plan Objection filed on May 20, 2009 [Dkt. 21776], the Court should deny confirmation of the Plan.


Dated:  June 1, 2009                    Respectfully submitted,

                                        /s/ Frederick B. Rosner
                                        Frederick B. Rosner (DE #3995)
                                        MESSANA ROSNER & STERN LLP
                                        1000 N. West Street, Suite 1200
                                        Wilmington, DE  19801
                                        Telephone: 302-777-1111
                                        Facsimile: 302-295-4801

                                        - and-

                                        Robert B. Millner
                                        Christopher E. Prince
                                        SONNENSCHEIN NATH & ROSENTHAL LLP
                                        233 S. Wacker Drive, Suite 7800
                                        Chicago, Illinois  60606
                                        Telephone: 312-876-8000
                                        Facsimile: 312-876-7934
                                        *Counsel for General Insurance Company of America*