# EXHIBIT A

BLP 221289



**GENERAL INSURANCE COMPANY OF AMERICA**
Home Office: 4347 Brooklyn Ave. N.E., Seattle 5, Washington (A Stock Insurance Company)



**Blanket Liability Policy**
*Declarations*

**Item 1. Named Insured and Address (Number, Street, Town, County, State)**

BUSINESS CONSULTANTS, INC., AND VERMICULITE
NORTHWEST, INC., & CONCRETE THERMAL CASING, INC.

2107 NORTH 34TH – SEATTLE, WASHINGTON

SMITH & FEEK, INC.
INSURANCE
BUILDING        SEATTLE

Insured is

· CORPORATION

(Individual, Corporation, Estate or Partnership—if latter, give names of partners)

**Item 2. Limits of Liability.** No insurance is afforded under any insuring agreement unless specific limits of liability as to such insuring agreement are set forth below: The limit of the company's liability on account of each such coverage shall be as stated herein, subject to all of the terms of the policy or supplement attached having reference thereto.
Bodily Injury and Property Damage Liability.

**Insuring Agreement I (a)—(Bodily Injury).**
The company's liability on account of bodily injury, sickness or disease, including death, of one person is limited to the sum of............................................................................. $ 300,000.00
and subject to the same limit for each person, the company's total liability on account of bodily injury, sickness or disease, including death, of more than one person, as the result of one occurrence, is limited to the sum of........................................................................... $ 500,000.00
and, subject to the foregoing limitations, the aggregate products liability (as defined in condition 5b) of the company during any one policy year under this policy on account of bodily injury, sickness or disease, including death, is limited to the sum of.......................................... $ 500,000.00

**Insuring Agreement I (b)—(Property Damage—Automobile).**
The company's liability for injury to or destruction of property, including loss of use thereof, resulting from any one occurrence arising out of the ownership, maintenance or use of any automobile, whether the property of one or more than one claimant, is limited to the sum of........ $ 100,000.00

**Insuring Agreement I (c)—(Property Damage—Other Than Automobile).**
The company's liability for injury to or destruction of property, including loss of use thereof, resulting from any one accident whether the property of one or more than one claimant, is limited to the sum of................................................................................................... $ 250,000.00

and, subject to the same limit for each accident, the aggregate liability of the company during any one policy year under this insuring agreement is limited to the sum of........................... $ 250,000.00

**Loss of Money and Securities and Other Property**

Supplement Insuring Agreement II (a) Loss Within Premises................................................ $ 1,000.00
Supplement Insuring Agreement II (b) Loss Outside Premises.............................................. $ 1,000.00
Supplement Insuring Agreement II (c) Safe Burglary ........................................................ $ 1,000.00
Supplement Insuring Agreement II (d) Merchandise Burglary ............................................. $
Supplement Insuring Agreement II (e) Loss Through Dishonesty of Employees – Option A........ $
                                                                                        Option B........ $
Supplement Insuring Agreement II (f) Loss of Securities from Safe Deposit Boxes.................. $
Name and Location of depository .................................................
Supplement Insuring Agreement II (g) Loss Through Forgery of Outgoing Instruments............. $
Supplement Insuring Agreement II (h) Burglary - not exceeding $50.00

**Item 3. Policy Period:**
From: JUNE 1, 1963
To: JUNE 1, 1964      } 12:01 A.M., Standard Time, at the address of the insured as stated in the declarations.

**Item 4. Nature of insured's business and deposit premium charge:**

SOUND CONDITIONING                          *Initial deposit premium $ 1,472.42

CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER IN
MARYLAND CASUALTY CO., V.W.R.
GRACE & CO., ET AL., NO. 83 CIV.
7451 (SWK) (S.D.N.Y.)

deposit premium, subject to audit, is for the
[X] full term of the policy
[ ] first year deposit premium only

*Geo. O. Feek*

PARKER, SMITH & FEEK, INC.
Printed in U.S.A.

Issuance Date _____
End. No. _____
PARKER, SMITH & FEEK, INC.
A-363 R2 7-53 (Replaces 2-50)

RESIDENT LICENSED AGENT
PARKER, SMITH & FEEK, INC.

SAFECO·LIFECO·GENERAL
INSURANCE

GENERAL INSURANCE COMPANY OF AMERICA

PARKER, SMITH & FEEK, INC.

*Change Of Limits*

In consideration of the ☒ additional ☐ return premium of $  42.87  , it is agreed that the limits of liability are changed to the following amounts:

### LIMITS OF LIABILITY

| | | |
|---|---|---|
| **BODILY INJURY LIABILITY** | One person | $ 300,000. |
| | More than one person | $ 1,000,000. |
| | Products Aggregate | $ 1,000,000. |
| **PROPERTY DAMAGE LIABILITY** | Automobile only | $ |
| | Other than automobile | $ |
| | Aggregate (not automobile) | $ |
| **MEDICAL PAYMENTS** | Employees — each employee | $ |
| | Automobile — each person | $ |
| | Personal — each person | $ |
| |  — each accident | $ |
| | Business — each person | $ |
| |  — each accident | $ |

Signature of Insured (required only when limits are decreased)

CONDITIONS:  This endorsement does not affect or afford any coverages not previously provided under the policy.

All terms and conditions of the policy, issued by General Insurance Company of America, remain unchanged except as amended by this endorsement.

*a. D. Merritt*  SECRETARY          *W. L. Campbell*  PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

| INSURED | BUSINESS CONSULTANTS, INC. ET AL | | COVER-AGE | CLASS OR CODE | OLD PREMIUM | NEW PREMIUM | DIFFER-ENCE | PRO OR SHORT RATE PER CENT | ADDL. OR RETURN |
|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | 10-1-63 | (at the hour of day stated in the policy) | | | | | | | |
| POLICY NUMBER | BLP 221289 | SERVICE OFFICE METRO: LQ/VA | | | | | | | |
| POLICY EXP. DATE | 6-1-64 | MPP ACCT. NUMBER | | | | | | | |
| ENDORSEMENT NUMBER | DO #5 | TYPING DATE 10-7-63 | | | | | | | |
| | | | TOTAL | | | | | XX | |

*Edw. O. Feek*
RESIDENT LICENSED AGENT
PARKER, SMITH & FEEK, INC.
*Change of Limits*

C-148  R9  7-61

PRINTED IN U.S.A.

GRA... ... ET AL., NO. 83 CIV.
7451 (SWK) (S.D.N.Y.)

5. Limits of liability (a) The limit of bodily injury liability expressed in the declarations as applicable to "each person" is the limit of the company's liability for all damages ... arising out of bodily injury, sickness, disease or death of one person in any one occur-rence; ... respecting each person,
for all d
rence; t
the tot
death
(b) T
one
the

# GENERAL INSURANCE COMPANY OF AMERICA

(A stock insurance company herein called the company)

AGREES with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

## INSURING AGREEMENTS

### I. BODILY INJURY AND PROPERTY DAMAGE LIABILITY:

To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed by law. (1) upon him or (2) upon another but assumed by the insured under a contract;

(a) for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained or alleged to have been sustained by any person or persons caused by an occurrence;

(b) for damages because of injury to or destruction of property, including the loss of use thereof, arising out of the ownership, maintenance or use of automobiles, including the loading and unloading thereof;

(c) for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident.

### II. LOSS OF MONEY AND SECURITIES AND OTHER PROPERTY:

To pay for any loss sustained by the insured subject to the provisions of the Supplement entitled "Special Burglary or Robbery" or "Comprehensive Dishonesty, Disappearance and Destruction," whichever is attached hereto.

### III. DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS:

As respects the insurance afforded by the other terms of this policy under Insuring Agreement I.

(a) to defend in his name and behalf any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settle-ment of any claim or suit as may be deemed expedient by the company;

(b) to pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy and all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish such bonds, all costs taxed against the insured in any such suit, all expenses incurred by the company, all interest on the entire judgment which accrues after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon, and any expense incurred by the insured, in the event of bodily injury, or sickness, for such immediate medical and surgical relief to others as shall be imperative at the time of the occurrence of the injury except medical and surgical relief made necessary by war;

(c) to pay all premiums on bail bonds, but without obligation to apply for or furnish such bonds, guaranteeing an insured's appearance in court. The company's liability under this insuring agreement with respect to each such bail bond shall not exceed $100.00 in any event.

The company agrees to pay the expenses incurred under Insuring Agreement III in addition to the applicable limit of liability of this policy.

### IV. DEFINITION OF "INSURED":

The unqualified word "insured" wherever used includes not only the named insured but also (1) the spouse of such named insured if a resident of the same household, (2) if the named insured is a corporation or partnership, any partner, executive officer, director or stock-holder thereof, while acting within the scope of his duties as such and any organization or proprietor with respect to real estate management for the named insured and (3) any person while using an automobile owned or hired by the named insured or spouse and any person or organization legally responsible for the use thereof provided the actual use is with the permission of the named insured or spouse. The insurance with respect to any person or organization other than the named insured does not apply:

(a) to the owner of a non-owned automobile, or to any member of the household of or any employee of such owner, with respect to such automobile or with respect to any trailer while used with such automobile;

(b) under division (3) of this paragraph, to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, pub-lic garage, sales agency, service station, or public parking place, with respect to any occurrence arising out of the operation thereof;

(c) under division (3) of this paragraph, to any employee of an insured with respect to any action brought against said employee because of bodily injury, sickness, disease or death of another employee of the same insured injured in the course of such employment in an occurrence arising out of the maintenance or use of such automobile in the business of such insured.

### V. POLICY PERIOD, TERRITORY:

This policy applies only to occurrences causing bodily injury, sickness, disease or death, or injury to or destruction of prop-erty, which occur during the policy period within North America or any possession of the United States or on any water or aircraft traveling be-tween ports within said territory.

## EXCLUSIONS

This policy does not apply:

(a) (1) to damages because of bodily injury, sickness, disease or death sustained by an employee (except domestic) of the insured arising out of and in the course of his employment, except liability assumed under written contract other than an agreement between the insured and any employee or his repre-sentative; or (2) to any obligation for which the insured or any company as his insurer may be held liable under any Workmen's Unemployment Compen-sation, Disability or similar law;

(b) to the ownership, maintenance or use of aircraft, except with respect to: (1) operations performed by independent contractors; (2) liability assumed by the insured (a) under an easement agreement other than one connected with a railroad grade crossing, or (b) required by municipal ordinance if not related to work performed by a municipality;

(c) under Insuring Agreement I (b) to injury to or destruction of any property owned by, rented to, occupied or used by, or in the care, custody or control of an insured, except damage to rented property (other than automobiles or property being transported by or under the control or direction of the insured relative to its transportation) caused by an individually owned private passenger type automobile;

(d) under Insuring Agreement I (c) to injury to or destruction of (1) property owned by, rented to, occupied or used by, or in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control except such property in the care, custody or control of the insured with respect to the use of elevators as defined in the policy, or to liability assumed under sidetrack agreements); (2) any goods or products or con-tainers thereof manufactured, sold, handled, or distributed by the insured, or work completed by or for the insured, out of which the accident arises; or (3) any property, arising out of the ownership, maintenance, or use of automobiles;

(e) to any agreement not in writing, except a warranty of goods or products;

(f) under Insuring Agreement I:

(1) to injury, sickness, disease, death or destruction with respect to which an insured under the policy is also an insured under a contract of nuclear energy liability insurance issued by the Nuclear Energy Liability Insurance Association or the Mutual Atomic Energy Liability Underwriters in effect at the time of the occurrence resulting in such injury, sickness, disease, death or destruction; provided, such contract of nuclear energy liability insurance shall be deemed to be in effect at the time of such occurrence notwithstanding such contract has terminated upon exhaustion of its limit of liability;

(2) to the ownership, maintenance, operation, or use of a nuclear facility by or on behalf of an insured, with respect to injury, sickness, disease, death or destruction resulting from the nuclear energy hazard; provided that except for by-product material, this paragraph (b) shall not apply to goods or products manufactured or handled by a nuclear facility owned, maintained, operated or used by or on behalf of an insured while such goods or products are away from such facility after sale or distribution to others;

(3) to the furnishing of services, materials, parts or equipment by an insured in connection with the planning, construction, maintenance, operation or use of any nuclear facility, (1) with respect to injury to or destruction of any nuclear facility or property thereof resulting from the nuclear energy hazard or (2) if the nuclear facility is located outside the United States of America, its territories or possessions, or Canada, with respect to injury, sickness, disease, death or destruction resulting from the nuclear energy hazard.

## CONDITIONS

1. **Premium.** The premium stated in the declarations is an estimated premium only. Annually upon the anniversary date of this policy, or upon its termination or cancellation, the earned premium shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to this insurance. If the earned premium thus computed exceeds the estimated advance premium paid, the named insured shall pay the excess to the company; if less, the company shall return the unearned portion paid by such insured to the named insured.

2. **Inspection and Audit.** The company shall be permitted to inspect the insured premises, operations, automobiles and elevators and to examine and audit the insured's books and records at any time during the policy period and any extension thereof and within one year after the final termination of this policy, as far as they relate to the premium bases or the subject matter of this insurance.

3. **Definitions—(1) Automobiles.** Except where specifically stated to the contrary, the word "automobile" shall mean a motor vehicle, trailer or semi-trailer; provided that tractors and other self-propelled machinery not designed for the carrying of materials, equipment, or persons (other than the operator) shall not be deemed to be motor vehicles; nor shall self-propelled vehicles of which the contractor's equipment is made a permanent part thereof, be deemed to be motor vehicles while the contractor's equipment is being used as such; and the word trailer shall include semi-trailer. The term "owned automobile" shall mean an automobile owned in full or in part by or registered in the name of the named insured; and the term "non-owned automobile" shall mean any other automobile. The term "hired automobile" shall mean a non-owned automobile used under contract with the named insured provided such automobile is not owned in full or in part by or registered in the name of (a) an executive officer if the named insured is a corporation or (b) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile. The terms of this policy shall apply separately to each automobile insured hereunder but as respects limits of liability a motor vehicle and a trailer or trailers attached thereto shall be held to be one automobile.

   (2) **Domestic Employment** as used in this policy shall mean those duties performed by employees of the insured not in connection with the insured's business.

   (3) **Elevator.** The word "elevator" wherever used in the policy shall mean elevators, escalators, hoists, and all appliances thereto including cars, platforms, shafts, hoistways, power equipment and machinery, except (1) elevator shaftways in which there are no elevators, (2) dumbwaiters, (3) hoists within the premises not operated through a hatchway, or located outside the walls of the premises and manually operated or mechanically operated and not attached to the walls of the premises, (4) hydraulic or mechanical hoists used for raising or lowering automobiles for lubricating or servicing, or for dumping materials from trucks, (5) hod or material hoists used exclusively for freight, (6) escalators and conveyors used exclusively for freight.

   (4) **Occurrence.** The word "occurrence" wherever used in the policy shall mean a happening or a continuous or repeated exposure to the same general conditions, which, unexpected by the insured, causes injury during the policy period.

   (5) **War.** The word "war" wherever used in the policy means war, whether or not declared, civil war, insurrection, rebellion, or revolution, or any act or condition incident thereto.

   (6) The following definitions apply only to exclusion (f):

   1. The term "nuclear energy hazard" means the radioactive, toxic, explosive or other hazardous properties of source material, special nuclear material or by-product material.

   2. The terms "source material," "special nuclear material" and "by-product material" shall have the meanings given them in the Atomic Energy Act of 1954 or by any law amendatory thereof; provided, except for by-product material (a) contained in or combined with special nuclear material or (b) held, stored, transported or disposed of as waste by or on behalf of a nuclear facility, "by-product material" shall not include any radioactive isotope away from a nuclear facility.

   3. The term "nuclear facility" means:

      (a) any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

      (b) any equipment or device (I) designed or used for the separation of the isotopes of uranium or plutonium, (II) designed or used for the processing, fabricating or alloying of special nuclear material or of irradiated materials containing special nuclear material, (III) incorporating or making use of such irradiated materials, or (iv) designed or used for processing waste by-product material;

      (c) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste source material or waste consisting of or containing special nuclear material or by-product material;

      and includes the site on which any of the foregoing is located, together with all operations conducted thereon and all premises used for such operations.

      Subdivision (II) of paragraph (b) foregoing is not applicable to the occasional mechanical processing or fabricating of special nuclear material by any person or organization at a location which contains no equipment, device or apparatus otherwise defined herein as a nuclear facility, where special nuclear or by-product material is not regularly handled, stored, or disposed of as waste, and which is principally used for other operations not related to the handling, fabricating or use of special nuclear material.

   4. With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

4. **Liberalization Clause.** If after issuance of this policy and before its expiration, there be adopted and published for use by this company any forms, endorsements or rules by which this insurance could be extended or broadened without additional premium charge, then, as to loss occurring after the effective date of such adoption and publication, such extended or broadened insurance shall inure to the benefit of the insured hereunder as though such endorsement or substitution of form had been made.

CONT... ... ... ...L MATE.
SUB... ... ...VE ORDE.
MARY... ... ... CO. V.W
GRA... ... ... ..., NO. 83 Ci.
7451 (SWK/ ... ...)

**Item 4. Nature of insured's business and deposit premium charge:**

SOUND CONDITIONING

*Initial deposit premium $  **1,472.42**

*The initial deposit premium, subject to audit, is for the    [X] full term of the policy

    [ ] first year deposit premium only

*Geo. O. Peck*    DOC1658

PARKER, SMITH & FEEK, INC.

Printed in U.S.A.

Issuance Date _____

End. No. _____

**5. Limits of Liability.** (a) The limit of bodily injury liability expressed in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness, disease or death of one person in any one occurrence; the limit of such liability expressed in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury, sickness, disease or death of two or more persons in any one occurrence.

(b) The limit of bodily injury liability expressed in the declarations as "aggregate products liability" is the total limit of the company's liability during any one policy year for all damages, including damages for care and loss of services, arising out of bodily injury, sickness or disease, including death at any time resulting therefrom, caused by the handling or use of or the existence of any condition in goods or products manufactured, sold, handled or distributed by the insured. All such damages arising out of one lot of goods or products prepared or acquired by the named insured or by another trading under his name shall be considered as arising out of one occurrence.

(c) The limit of property damage liability expressed in the declarations as "aggregate" is the total limit of the company's liability during any one policy year for all damages arising out of injury to or destruction of property, including the loss of use thereof, caused as aforesaid whether as the result of one or more than one accident.

Subject to the limit of liability with respect to "each accident" or "each occurrence" the limit of liability, if any, stated in the declarations as "aggregate" is the total limit for said coverage, but said aggregate limit shall apply separately to each project with respect to operations being performed from premises owned by or rented to the named insured. Aggregate limits of liability as stated in this policy shall apply separately to each annual period.

**6. Notice of Occurrence, Claim or Suit.** Upon the occurrence of bodily injury, sickness, disease or death, or injury to or destruction of property, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Said notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of such occurrence, the name and address of the injured and of any available witnesses. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

**7. Assistance and Cooperation of the Insured.** The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits and the company shall reimburse the insured for any expense, other than loss of earnings, incurred at the company's request. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the occurrence of bodily injury.

**8. Action Against Company.** No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the conditions hereof, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability.

**9. Bankruptcy or Insolvency of Insured.** Bankruptcy or insolvency of the insured shall not relieve the company of any of its obligations hereunder. If any person or his legal representatives shall obtain final judgment against the insured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within thirty (30) days after it is rendered, then such person or his legal representatives may proceed against the company to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto.

**10. Other Insurance.** If at the time of an occurrence there is any other insurance available to the insured (in this or any other carrier) there shall be no insurance afforded hereunder as respects such occurrence except that if the applicable limit of liability of this policy is in excess of the applicable limit provided by the other insurance available to the insured this policy shall afford excess insurance over and above such other insurance in an amount sufficient to afford the insured a combined limit of liability equal to the applicable limit of liability afforded by this policy. It is further provided that with respect to loss arising out of the operation, maintenance or use of any non-owned automobile the applicable insurance afforded by this policy shall be excess over and above such other available insurance. Insurance under this policy shall not be construed to be concurrent or contributing with any other insurance which is available to the insured.

**11. Financial Responsibility Laws.** Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of automobiles during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy.

**12. Severability of Interests.** The term "the insured" is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

**13. Subrogation.** In the event of any payment under this policy, the company shall be subrogated to all the insured's rights · · · · y therefor and the insured shall execute all papers required and shall do everything that may be necessary to secure such rights.

**14. Change.** No notice to any agent or knowledge possessed by any agent or by any other person shall be held to effect a waiver or change in any part of this policy nor estop the company from asserting any right under the terms of this policy, nor shall the terms of this policy be waived or changed except by endorsement issued to form a part hereof, signed by the president and secretary of the company and countersigned by a duly authorized representative of the company.

**15. Assignment.** No assignment of interest under this policy shall bind the company until its consent is endorsed hereon; if, however, the named insured shall die or be adjudged bankrupt or insolvent within the policy period, this policy unless cancelled shall, if written notice be given to the company within thirty days after the date of such death or adjudication, cover (1) the named insured's legal representative as the named insured, and (2) subject otherwise to the provisions of Insuring Agreement IV (Definition of "Insured"), any person having proper temporary custody of any automobile, as an insured, until the appointment and qualification of such legal representative, but in no event for a period of more than thirty days after the date of such death or adjudication.

**16. Cancellation.** This policy may be cancelled by the named insured by mailing written notice to the company stating when thereafter such cancellation shall be effective. This policy may be cancelled by the company by mailing written notice to the named insured at the address shown in this policy stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the insurance under this policy shall end on the effective date and hour of cancellation stated in the notice. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

If the named insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made at the time cancellation is effected and, if not then made, shall be made as soon as practicable after cancellation becomes effective. The company's check or the check of its representative mailed or delivered as aforesaid shall be a sufficient tender of any refund of premium due to the named insured.

IN WITNESS WHEREOF, the General Insurance Company of America has caused this policy to be signed by its president and secretary at Seattle, Washington, and countersigned on the declarations page by a duly authorized representative of the company

*a. d. meriot* SECRETARY

*W. L. Campbell* PRESIDENT



## ADDITIONAL INSURED ENDORSEMENT

IN CONSIDERATION OF THE PREMIUM AT WHICH THIS POLICY IS WRITTEN, IT IS UNDERSTOOD AND AGREED THAT J. B. LYALL AND ESTHER L. LYALL ARE ADDED AS ADDITIONAL INSUREDS AS RESPECTS THE PREMISE LEASED FROM THEM BY VERMICULITE-NORTHWEST,INC. LOTS 1-2-3-4-5-6, BLOCK 23, CHAMBERLAINS ADDITION, SPOKANE, WASHINGTON.

GRACE
7451 (SWK, I.S.D.N.Y.)

All terms and conditions of the policy, issued by either General Insurance Company of America or First National Insurance Company of America, remain unchanged except as amended by this endorsement.

*a. D. merritt*  SECRETARY          *W. L. Campbell*  PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

| INSURED | | COVER-AGE | CLASS OR CODE | OLD PREMIUM | NEW PREMIUM | DIFFER-ENCE | PRO OR SHORT RATE PER CENT | ADDL. OR RETURN |
|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | (at the hour of day stated in the policy) | | | | | | | |
| POLICY NUMBER | SERVICE OFFICE | | | | | | | |
| POLICY EXP. DATE | RPP AGCY. NUMBER | | | | | | | |
| ENDORSEMENT NUMBER | TYPING DATE | | | | | | | |
| | | TOTAL | | | | | XX | |

*Geo. O. Peek*
RESIDENT LICENSED AGENT
PARKER, SMITH & FEEK, INC.

G-1041 R7 8/62                                    PRINTED IN U.S.A.



It is hereby understood and agreed that Vermiculite Contractors, Inc. is added as
an additional assured as respects the inside and outside robbery and safe burglary
coverage at the location of 2107 North 34th, Seattle, Washington.
        However, the inclusion of more than one insured shall not operate to increase
the Underwriters limits of liability.

All terms and conditions of the policy, issued by either General Insurance Company of America or First National Insurance Company of America, remain unchanged except as amended by this endorsement.

a. D. Merrill        SECRETARY                    W. L. Campbell    PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

| INSURED | Business Consultants, Inc., et al | COVER-AGE | CLASS OR CODE | OLD PREMIUM | NEW PREMIUM | DIFFER-ENCE | PRO OR SHORT RATE PER CENT | ADDL. OR RETURN |
|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | 6/1/63 (at the hour of day stated in the policy) | | | | | | | |
| POLICY NUMBER | BLP 221289 | SERVICE OFFICE | | | | | | |
| POLICY EXP. DATE | 6/1/64 | NPP ACCT. NUMBER | | | | | | |
| ENDORSEMENT NUMBER | 34 | TYPING DATE  7/11/63 | | | | | | |
| | | TOTAL | | | | XX | | |

Edw. O. Pell
PARKER, SMITH & FEEK, INC.
RESIDENT LICENSED AGENT

C-1041 R7 9/62

DOC1659

PRINTED IN U.S.A.

**GENERAL INSURANCE CO. of AMERICA**
BLP 7-5359   Audit as of 3-31-61
BLP : 1789 Premium & Deposit Distribution

| | ACCT. NO | TOTAL | V.N.W | C.T.C. | V.C.I. |
|---|---|---|---|---|---|
| 1. Audit BLP 705359 | | | | | |
| 3. Deposits | 191 ① | (28515) | (26776) | (1789) | |
| 4. Accrued Bal 3-31-63 | 842 ② | 25569 | 21262 | 4307 | |
| | | (2946) | (5514) | 2568 | |
| 7. Paybb due per audit | | 765 | (1412) | 2177 | |
| 9. Expense | 783 ③ | 3711 | 4102 | (391) | |
| 12. Premium 741 789 | | TOTAL | V.N.W | C.T.C | V.C.I. |
| 14. Deposit | 191 ④ | 31326 | 25880 | 5446 | |
| 15. | 23 ⑤ | 1207 | | | 1207 |
| 17. Auto B.I. P.D. Comp & Liab. | 191 ⑥ | 111924 | 111924 | | |
| 18. Non-Ownership | 191 ⑦ | 2785 | 2785 | | |
| 19. | | 147242 | 140589 | 5446 | 1207 |
| 21. Summary | | | | | |
| 22. Deposits | 191 ① | (28515) | (26776) | (1789) | |
| 23. | 191 ④ | 31326 | 25880 | 5446 | |
| 24. Expense | 23 ⑤ | 1207 | | | 1207 |
| 25. Accruals | 842 ② | 25569 | 21262 | 4307 | |
| 26. Monthly Pro-Rate | 191 ⑥ | 111924 | 111924 | | |
| 27. | 191 ⑦ | 2785 | 2785 | | |
| 28. Expense | 23 ③ | 3711 | 4102 | (391) | |
| 29. | | 148007 | 139177 | 7628 | 1207 |
| 32. Summary | 191 | 117520 | 113813 | 3707 | |
| 33. | 842 | 25569 | 21262 | 4307 | |
| 34. | 23 | 4918 | 4102 | (391) | 1207 |
| 35. | | 148007 | 139177 | 7628 | 1207 |

GRAND
2451

General Insurance Co. of America BLP 705 '9
Distr. of Audit as of 3-31-63

| | | Total | Y.N.W | C.T.C. | V.C.I | | |
|---|---|---|---|---|---|---|---|
| | **DISTRIBUTION OF AUDIT** | | | | | | |
| 1 | 2449-3 Mica Goods Mfg | 312 | 312 | | | | 1 |
| 2 | 8000-7 Stop Gap | 346 | 346 | | | | 2 |
| 3 | 1067-2 Comp. Good - Sales WN | 1819 | 1819 | | | | 3 |
| 4 | 1067-Y Inter- Co. Sales | 259 | 259 | | | | 4 |
| 5 | 0521-6 Contractual | 45 | 45 | | | | 5 |
| 6 | 1067-Y Products - Sales | 906 | | 906 | | | 6 |
| 7 | 8000-7 Stop Gap | 1271 | | 1271 | | | 7 |
| 8 | 2449-3 Mica Gds Mfg - Oregon | 152 | 152 | | | | 8 |
| 9 | 1067-Y Inter- Co. Sales | 28 | 28 | | | | 9 |
| 10 | 8000-7 Stop Gap | 90 | 90 | | | | 10 |
| 11 | 1067-Y Products - Sales | 1355 | 1355 | | | | 11 |
| 12 | | 765 | 1412 | 2177 | | | 12 |
| 13 | | | | | | | 13 |
| 14 | **DISTRIBUTION OF DEPOSITS      BLP 221289** | | | | | | 14 |
| 15 | 2449-3 Mica Gds Mfg - WN | 1066 | 1066 | | | | 15 |
| 16 | 8000-7 Stop Gap | 1563 | 1563 | | | | 16 |
| 17 | 1067-2 Comp. Gds - Sales WN | 7918 | 7918 | | | | 17 |
| 18 | 1067-Y Inter- Co. Sales - WN | 701 | 701 | | | | 18 |
| 19 | 0521-6 Contractual | 528 | 528 | | | | 19 |
| 20 | 1067-Y Products - Sales | 2554 | | 2554 | | | 20 |
| 21 | Burglary | 3463 | 1155 | 1154 | 1154 | | 21 |
| 22 | 9894-3 Excess Limits | 1500 | | 1500 | | | 22 |
| 23 | 2449-3 Mica Mfg - Oregon | 1044 | 1044 | | | | 23 |
| 24 | 1067-2 Inter- Co Sales | 78 | 78 | | | | 24 |
| 25 | 9894-3 Excess Limits | 1500 | 1500 | | | | 25 |
| 26 | 8000-7 Stop Gap | 1811 | 1811 | | | | 26 |
| 27 | 1067-Y Comp. Goods - Sales Off | 7383 | 7383 | | | | 27 |
| 28 | Sur Charge | 1424 | 1133 | 278 | 53 | | 28 |
| 29 | | 32533 | 25880 | 5446 | 1707 | | 29 |
| 30 | | | | | | | 30 |

© WILSON JONES COMPANY   G7206 GREEN   7206 BUFF      MADE IN U S A

General Insurance Co. of America. P&P 741 ~89
Dist... Auto Expence

| | Total | B.I - P.D. | MED. Comp. F.I.T. Towing | Coll. | | |
|---|---|---|---|---|---|---|
| 51 Dodge Dump Truck | 12151 | 8051 | 1500 | 2600 | | |
| | 405 | 306 | | 99 | | |
| | 11746* | | | | | |
| 62 Falcom N.B. | 22453 | 15570 | 3400 | 3483 | | |
| | 724 | 592 | | 187 | | |
| | 21729* | | | | | |
| 63 Dart J.F | 24509 | 17283 | 3300 | 3726 | | |
| | 789 | 657 | | 142 | | |
| | 23510* | | | | | |
| 63 Dart G.B | 23139 | 15570 | 3600 | 3969 | | |
| | 743 | 592 | | 151 | | |
| | 22396* | | | | | |
| 63 Dart W.C | 19678 | 11809 | 3900 | 3969 | | |
| | 599 | 448 | | 151 | | |
| | 19079* | | | | | |
| 62 Falcon A.T | 13839 | 7763 | 3200 | 2916 | | |
| | 405 | 294 | | 111 | | |
| | 13464 | | | | | |
| | 115599 | 76036 | 18900 | 20663 | | |
| | 3675 | 2889 | | 786 | | |
| | 111924 | 73147 | 18900 | 17877 | | |
| Non-ownership | 885 | | | | | |
| Private Passenger | 1900 | | | | | |
| | 2785 | | | | | |
| | 114709 | | | | | |

| Description | | | | | Coverage | Rate/Deductible | | | Amount | Rate |
|---|---|---|---|---|---|---|---|---|---|---|
| 1961 FORD FALCON 4 DR. STA. WGN S/R225174943 | | | | BI PD MED | 3-10% | | | | | |
| 1-2/3        T-01 GEO. BRYAN - MERCER ISLAN 02.25 EFF 5/23/63 | | | | Comp., F. & T. $100 Ded. Coll. Towing & LABOR | 1000. ACV. | | | | | |
| 1962 FORD FALCON 4 DOOR STA. WGN, #DX225105226 SEATTLE T-01 1-2  (NORM BRUMBERG) | 6110 1408 1408 6005 1408 | | | BI PD MED Comp., F. & T. $100 Ded. Coll. Towing & LABOR | 3-10% 1000. ACV. | | | | 112.53 43.17 12.00 20.00 34.83 2.00 | 24.0 12.0 |
| 1962 FORD FALCON 4 DOOR STA. WGN S/2A225-106828 PORTLAND T-01 J-1 (JEFF FREEMAN) ON 12/19/61 SOLD 5/14/63 | 6110 1408 6005 | | | BI PD MED Comp., F. & T. $100 Ded. Coll. Towing & LABOR | 3-10% 1000. ACV. | | | | | |
| 1963 DODGE DART 4 DOOR SEDAN S/7332-614317 5/63   PORTLAND T-01 N.I.  (FREEMAN) | 6110 1408 1408 6005 1408 | | | BI PD MED Comp., F. & T. $100 Ded. Coll. Towing & LABOR | 3-10% 1000. ACV. | | | | 129.66 43.17 13.00 18.00 37.26 2.00 | 12.0 12.0 |
| 1963 DODGE DART 4 DOOR SEDAN S/7332-588734 5/63   RENTON T-01 H-1  (BRYANT) | 1408 6005 1408 | | | BI PD MED Comp., F. & T. $100 Ded. Coll. Towing & LABOR | 3-10% 1000. ACV. | | | | 112.53 43.17 11.00 23.00 39.69 2.00 | 12.0 |
| 1963 DODGE DART 4 DOOR SEDAN S/7332-615286 5/63   BELLEVUE T-04 HH   (CULVER | 6110 1408 1408 6005 1408 | | | BI PD MED Comp., F. & T. $100 Ded. Coll. Towing & LABOR | 3-10% 1000. ACV. | | Returned 8.40 → | | 84.39 33.70 10.00 27.00 39.69 2.00 | 12.0 12.0 |
| 1962 FORD FALCON 4 DOOR SEDAN #ZR125182633 6/62 (A. TRESSEL)  T-02 H-2  VERMICULITE N.W. SPOKANE | 6110 1408 1408 6005 1408 | | | BI PD MED Comp., F. & T. $100 Ded. Coll. Towing & LABOR | 3-10% 1000. ACV. | | | | 50.15 27.38 10.00 20.00 29.16 2.00 | 12.0 |
| | | | | TOTAL AUTO | | | | | 1147.09 | |
| | | | | TOTAL AP or RP ▶ | | ADD'L. 7.65 | | | | |
| | | | | R = RETURN PREMIUM | | | | | 1472.42 | |

## GENERAL INSURANCE COMPANY OF AMERICA
### STATEMENT OF ADJUSTED AND ADVANCE PREMIUMS

| ESTIMATED ADVANCE PREMIUM | NET PREMIUM DUE |
|---|---|

IO 558 n4 .-62

PRINTED

| | | | BI | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 3 | | | PD | | | | | | | |
| | | | MED | | | | | | | |
| | | | Comp., F. & T. | | | | | | | |
| | | | $ Ded. Coll. | | | | | | | |
| | | | Towing | | | | | | | |
| 4 | | | BI | | | | | | | |
| | | | PD | | | | | | | |
| | | | MED | | | | | | | |
| | | | Comp., F. & T. | | | | | | | |
| | | | $ Ded. Coll. | | | | | | | |
| | | | Towing | | | | | | | |
| 5 | LESS 5/8% FL. CR. & PLUS 5% EXP. DR. (NET CR. 1.1% 62-63 EXCEPT CL. I | | BI | | | | | | | |
| | | | PD | | | | | | | |
| | | | MED | | | | | | | |
| | LESS 5.8% COLL. PREM. RED. EXCEPT CL. I 62-63 | | Comp., F. & T. | | | | | 28.89CR | | |
| | LESS 3.8% FL. CR. & 3.8% | | $ Ded. Coll. | | | | | | | |
| 6 | COLL. PREM. RED. 63-64 | | Towing | | | | | 7.86CR | | |
| | | | BI | | | | | | | |
| | | | PD | | | | | | | |
| | | | MED | | | | | | | |
| | | | Comp., F. & T. | | | | | | | |
| | | | $ Ded. Coll. | | | | | | | |
| | | | Towing | | | | | | | |
| 7 | | | BI | | | | | | | |
| | | | PD | | | | | | | |
| | | | MED | | | | | | | |
| | | | Comp., F. & T. | | | | | | | |
| | | | $ Ded. Coll. | | | | | | | |
| | | | Towing | | | | | | | |
| 8 | | | BI | | | | | | | |
| | | | PD | | | | | | | |
| | | | MED | | | | | | | |
| | | | Comp., F. & T. | | | | | | | |
| | | | $ Ded. Coll. | | | | | | | |
| | | | Towing | | | | | | | |
| 9 | AUTOMOBILE NON-OWNERSHIP CLASS 2 | 9408 | BI | | | | | 7.55N | — | |
| | | | PD | | | | | 1.30N | | |
| | BI .246/.227 PD .13 /.13 (12) | | MED | | | | | | | |
| | | | Comp., F. & T. | | | | | | | |
| | UNINSURED MOTORISTS: | | $ Ded. Coll. | | | | | | | |
| | PRIVATE PASSENGER (4) WASH. | 9490 | Towing | | | | | 16.00 | — | |
| | PRIVATE PASSENGER (1) ORE. | 9490 | | | | | | 3.00 | — | |

TOTAL AUTO

TOTAL AP or RP ▶

R = RETURN PREMIUM

ESTIMATED ADVANCE PREMIUM

NET PREMIUM DUE

## GENERAL INSURANCE COMPANY OF AMERICA
### STATEMENT OF ADJUSTED AND ADVANCE PREMIUMS

HO 895 RX 1-62

| | | | CURRENT POLICY NO. | OLD POLICY NO. | RENEWAL POLICY NOS. | OLD POLICY TERM |
|---|---|---|---|---|---|---|
| | | | BLP 221209 | BLP 205359 | 6/1/63 TO 64 | 6/1/62 TO 63 |

PARKER, SMITH & FEEK, INC.    SEATTLE, WASHINGTON    AGENT

BUSINESS CONSULTANTS, INC. AND VERMICULITE NORTHWEST, INC., & CONCRETE THERMAL CASING, INC. INSURED

2197 N. 34TH    SEATTLE, WASHINGTON    SOUND CONDITIONING
INSURED'S ADDRESS    TYPE OF BUSINESS

| | | | | | |
|---|---|---|---|---|---|
| 100,000. | 500,000. | 500,000. | 100,000. | 250/250,000. OLD LIMITS | METRO |
| 100,000. | 500,000. | 500,000. | 100,000. | 250/250,000. NEW LIMITS | SERVICE OFFICE |
| ONE PERSON | ONE OCCURRENCE | PRODUCTS AGGREGATE | AUTO PD | MISC. PD | SX:AJ |

| | | | | EARNED PREMIUM ADJUSTED FOR | | | | ESTIMATED ADVANCE PREMIUM FOR | | |
|---|---|---|---|---|---|---|---|---|---|---|
| POLICY CODE | AGENT'S NO. | TYPING DATE | AUDIT DATE | MO. 6 | DAY 1 | YR. 62 | MO. 6 DAY 1 YR. 63 ◄ | MO. 6 1 | MO. 6 64 ◄ | |
| 72 | ZONE 1 | CODE 5250 | 7/10/63 | 4/1/62 | | | | | | |

| DESCRIPTION OR CLASSIFICATION | CLASS CODE | PREM. BASIS | EXPOSURE | RATE | PREMIUM | EXPOSURE | RATE | PREMIUM |
|---|---|---|---|---|---|---|---|---|
| WASHINGTON 3485-3 (PAYROLL - 29,196.) INST J. W. CLISE - OFFICE OFF | | | | | | | | |
| VERMICULITE-NORTHWEST INC. MFG. | 2449 | 3 | BI PD | 7,445.0R | .039 .012 | 2.23 .89 | 26,650.0 | .028 .012 | 7.46 3.20 |
| OFFICE 3485-3 INCL. | | BI PD | | | | | | |
| STOP GAP ($34,095.00) 27,917.0 | 8000 | 7 | —— | .056R | 3.46 | —— | .056 | 15.63 |
| COMPOSITION GOODS | 1067 | 2 | BI PD | 77,102.0R | .131R .105R | 10.10 8.09 | 335,507.0 | .131 .105 | 43.95 35.23 |
| INTER COMPANY SALES | 1067 | 2 | BI PD | 21,787.0 | .066R .053R | 1.44 1.15 | 58,867.0 | .066 .053 | 3.89 3.12 |
| CONTRACTUAL | 0521 | 6 | BI PD | | .30 .15 | 3.88 1.40 | —— | 25% OF MSC | 3.88 1.40 |
| VERMICULITE NORTHWEST INC. CONCRETE THERMAL CASINGS MTCA GOODS MFG. IF ANY 2449-3 62-63 OFFICE 3485-3 (PAYROLL - 14,819) INCL. | | BI PD | | | | | | |
| CONT.    SURCHARGE PAGE 2 | 9690 | 00 | | | | | | 14.2 |

| R. DEL. | TRADE NAME | BODY TYPE | MOTOR OR SER. NO. | GARAGE LOCATION | CLASS CODE | TYPE OF COVERAGES | CLASS OR LIMIT OF LIABILITY | TOTAL MISC. CASUALTY | 7.65 | | | 325.3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | PREMIUM | EXPOSURE | PREMIUM | EXPOSURE | |
| DATE PURCHASED NEW OR USED AND FACTORY PRICE OR COST TO INSURED | | | | | | | | | | | | |
| VERMICULITE NORTHWEST 1951 DODGE 2 TON DUMP TRUCK #T19211171 | | | | | 6210 | BI PD MED | 8CA | | | 48.52 34.59 | 12.0 | |
| 2760  3400. CN SPOKANE    T-02 | | | | | 2111 6005 | Comp., F. & T. $100 Ded. Coll. Towing | ACV. | | | 15.00 26.00 | 12.0 | |
| 1961 FORD FALCON 4 DR. STA. WGN. S#1R22U174344 (W.Y. CULVER) I-3 BELLEVUE    T-04 82.2% OFF 5/23/63 | | | | | | BI PD MED Comp., F. & T. $100 Ded. Coll. Towing $LABOR | 3-10% 1000. ACV. | | | | | |



Charles C. Parker
*President*
Graham J. Smith
*Vice President*
Edward O. Feek
*Vice President*
Richard B. Doran
*Secretary-Treasurer*

*Insurance Brokers*

*Skinner Building • Seattle, Washington 98101 • Telephone MU. 2-8822*
*Correspondents: San Francisco, Los Angeles*

**May 8, 1964**

Vermiculite-Northwest, Inc.
2107 North 34th
Seattle, Washington 98103

Att: Mr. Art Enter

Re:    General Insurance Company - BLP 221289
       Comprehensive Liability

Dear Art:

    We are enclosing Endorsement No. 5 for attachment to the
above captioned policy. This endorsement is effective May 1, 1964
and deletes coverage on Item #8, the 1963 Dodge Dart.

    We are pleased to enclose our credit memo and check in the
amount of $16.57 which represents the return premium due on this
deletion.

    If you have any questions, please do not hesitate to call.

                        Yours very truly,

                        PARKER, SMITH & FEEK, INC.

                        Edw. O. Feek

EOF/js
Encl.

CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER IN
MAC ... V.W.R.
... ET AL.
7061 (SWK) (S.D.N.Y.)



Charles C. Parker
*President*

Graham J. Smith
*Vice President*

Edward O. Feek
*Vice President*

Richard B. Doran
*Secretary-Treasurer*

## Insurance Brokers

*Skinner Building • Seattle, Washington 98101 • Telephone MU. 2-8822*

*Correspondents: San Francisco, Los Angeles*

**April 6, 1964**

Vermiculite-Northwest, Inc.
2107 North 34th
Seattle, Washington 98103

Att:    Mr. Art Enter

Re:    General Insurance Company - BLP 221289
        Comprehensive Liability

Dear Mr. Enter:

    In the absence of Mr. Feek, we are enclosing Endorsement No. 4 for attachment to the above captioned policy. This endorsement is effective March 9, 1964 and deletes Item #4, the 1962 Ford Falcon Station Wagon.

    We are pleased to enclose our credit memo and check in the amount of $50.70 which represents the return premium due on the endorsement.

    If you have any questions, please do not hesitate to call.

                            Yours very truly,

                            PARKER, SMITH & FEEK, INC.

                            Doug Hoffman

                            D.H. Hoffman

DHH/ja
Encl.

CONTAINS CONFIDENTIAL
SUBJECT TO PROTECTIVE C.
MARYLAND CASUALTY CO.
GRACE & CO., ET AL., NO. o.
7451 (SWK) (S.D.N.Y.)



*Charles C. Parker*
*President*

*Graham J. Smith*
*Vice President*

*Edward O. Feek*
*Vice President*

*Richard B. Doran*
*Secretary-Treasurer*

*Insurance Brokers*

*Skinner Building • Seattle, Washington 98101 • Telephone MU. 2-8822*
*Correspondents: San Francisco, Los Angeles*

**March 17, 1964**

Vermiculite-Northwest, Inc.
2107 North 34th
Seattle, Washington 98103

Att:   Mr. Art Enter

Re:    General Insurance Company - BLP 221289
       Comprehensive Liability

Dear Mr. Enter:

       In the absence of Mr. Feek, we are enclosing Endorsement No. 3
for attachment to the above captioned policy. This endorsement is
effective March 3, 1964 and provides coverage on the 1964 Dodge Dart
Sedan.

                        Yours very truly,

                        PARKER, SMITH & FEEK, INC.

                        Doug Hoffman

                        D.H. Hoffman

DHH/ja
Encl.

CONTAINS
SUBJECT                         ERIAL
MARY                            R.
GRA                             W RDIV.
7451 (SWR) (S.D.N.Y.)           83 CIV.

Charles C. Parker
*President*
Graham J. Smith
*Vice President*
Edward O. Feek
*Vice President*
Richard B. Doran
*Secretary-Treasurer*



*Insurance Brokers*

*Skinner Building • Seattle 1, Washington • Telephone MU. 2-8822*
*Correspondents: San Francisco, Los Angeles*
**July 11, 1963**

Vermiculite-Northwest, Inc.
2107 North 34th
Seattle, Washington

Att:    Mr. Art Enter

Re:    General Insurance Company - BLP 221289
       Comprehensive Liability

Dear Art:

    We are enclosing the above captioned policy renewing the
Comprehensive Liability coverages for another year from June 1, 1963.

    The contract provides $300,000/500,000 Automobile and Miscellaneous
Bodily Injury Liability, $100,000 Automobile Property Damage Liability,
and $250,000 Miscellaneous Property Damage Liability with an aggregate
limit of $250,000.

    The policy provides $1,000 inside and outside robbery and $1,000
safe burglary at the Seattle address. Vermiculite Contractors, Inc. has
been named as an additional assured as respects this coverage.

    In addition to Liability, the 1951 Dodge Dump Truck is provided
with $100 Deductible Collision and Comprehensive, Fire and Theft. The
five passenger automobiles are provided with Liability, $1,000 Medical
Payments, $100 Deductible Collision, $25 per disablement on Towing, and
Comprehensive, Fire and Theft.

    We appreciate the continued favor of this business. If you have
any questions, please do not hesitate to call.

                    Yours very truly,

                    PARKER, SMITH & FEEK, INC.

                    Edw. O. Feek

EOF/ja
Encl.

7451 (SWK) (S.D.N.Y.)

PARKER, SMITH & FEEK, INC.

July 11, 1963

Mr. J.B. Lyall
9813 East Shannon Street
Spokane, Washington

Re:      Vermiculite-Northwest, Inc., etal.

Dear Mr. Lyall:

        We are enclosing a copy of General Insurance Company's Comprehensive
Liability Policy No. BLP 221289, renewing coverage for the above captioned.
Attached is an endorsement which states "It is hereby understood and agreed
that J.B. Lyall and Esther L. Lyall are added as additional insureds as
respects the premise leased from them by Vermiculite-Northwest, Inc., Lots
1-2-3-4-5-6, Block 23, Chamberlains Addition, Spokane, Washington".

        We trust the enclosure will fulfill your requirements.

                        Yours very truly,

                        PARKER, SMITH & FEEK, INC.


                        Edw. O. Feek

EOF/ja
Encl.
cc: Vermiculite-Northwest, Inc.

CONTAINS CONFIDENTIAL MAT...
SUBJECT TO PROTECTIVE ...
MAR...
...C.

## AUTOMOBILE MEDICAL PAYMENTS ENDORSEMENT
Applicable only to Blanket Liability Policy (Prefix BLP)

Limit of Liability $ 1,000.          each person

As used in this endorsement, the term "Named Insured" refers to and includes only          Premium $    INCLUDED

**VERMICULITE NORTH-WEST, INC.**

**CONCRETE THERMAL CASINGS, INC.**

**BUSINESS CONSULTANTS, INC.**

(Type Named Insureds Above)

In consideration of the premium for which this policy is written, the company agrees with the named insured subject to the limits of liability, exclusions, conditions and other terms of this endorsement and to the applicable terms of the policy:

I  That this endorsement

☐ includes coverage for any automobile

☒ excludes coverage for any automobile, not of the private passenger type

☐ excludes coverage for any automobile, not of the private passenger or utility type

owned by the named insured or spouse or used in the business or occupation of the named insured or spouse, except:

a.

b.

c.

d.

II  **Medical Payments**

To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, dental, surgical, X-ray, ambulance, hospital, professional nursing and funeral services, pharmaceuticals, eyeglasses and prosthetic devices:

**Division 1.**  To or for the named insured, if an individual and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," caused by accident, while occupying or through being struck by an automobile.

**Division 2.**  To or for any other person who sustains bodily injury, caused by accident, while occupying

(a) the owned automobile, while it is being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; or

(b) a non-owned automobile:

(1)  if the named insured is an individual, if the bodily injury results from (i) its operation or occupancy by the named insured or its operation on his behalf by his private chauffeur or domestic servant or (ii) its operation or occupancy by a relative, provided it is a private passenger automobile or trailer.

(2)  if the named insured is a corporation or partnership, provided it is a temporary substitute automobile.

All terms and conditions of the policy, issued by General Insurance Company of America, remain unchanged except as amended by this endorsement.

*a. D. Merritt*    SECRETARY          *W. L. Campbell*    PRESIDENT

THIS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER IN MARYLAND GRACE ... LTY. CO. V.W.R. GRACE ... AL. NO. 83 CIV.

DOCS1560

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED.

| INSURED | BUSINESS CONSULTANTS, INC., ET AL | | COVERAGE | CLASS OR CODE | OLD PREMIUM | NEW PREMIUM | DIFFERENCE | PRO OR SHORT RATE PER CENT | ADDL. OR RETURN |
|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | 6/1/63 | | | | | | | | |
| POLICY NUMBER | BLP 221289 | (at the hour of day stated in the policy) | | | | | | | |
| | | SERVICE OFFICE | METRO | | | | | | |
| POLICY EXP. DATE | 6/1/64 | HPP ACCT. NUMBER | | | | | | | |
| ENDORSEMENT NUMBER | DO #1 | TYPING DATE | 7/10/63 | | | | | | |
| | CANCELS & REPLACES ORIGINAL A-412 | | | | | | | | |
| | GK:MJ | | | | | | | | |
| | RESIDENT LICENSED AGENT | | | | | | | | |
| | PARKER, SMITH & FEEK, INC. | | TOTAL | | | | | XX | |

A-412 R9 4/62          Automobile Medical Payments Endorsement

PRINTED IN U.S.A.

## III Definitions

In addition to the policy definitions, the following apply:

"automobile business" means the business or occupation of selling, repairing, servicing, storing or parking automobiles;

"non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile; provided, however, that a private passenger or utility automobile or trailer owned by a relative shall be considered a "non-owned automobile" while being operated by the named insured;

"occupying" means in or upon or entering into or alighting from;

"private passenger automobile" means a four wheel private passenger, station wagon or jeep type automobile;

"relative" means a relative of the named insured who is a resident of the same household;

"temporary substitute automobile" means any automobile or trailer not owned by the named insured while temporarily used as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

"trailer" means a trailer designed for use with a private passenger automobile, if not used for business purposes with another type automobile and if not a home, office, store, display or passenger trailer.

"utility automobile" means an automobile with a load capacity of fifteen hundred pounds or less of the pickup body, sedan delivery or panel truck type.

## IV Exclusions

This endorsement does not apply to bodily injury:

(a) sustained while occupying (1) an owned automobile while used as a public or livery conveyance, or (2) any vehicle while located for use as a residence or premises;

(b) sustained by (1) the named insured while occupying a self propelled vehicle owned by or furnished for the regular use of the named insured, other than an automobile which is covered for liability under the policy to which this supplement is attached, (2) a relative while occupying a self propelled vehicle owned by or furnished for the regular use of the named insured or any relative, other than an automobile which is covered for liability under the policy to which this supplement is attached, or (3) the named insured or a relative while occupying or through being struck by (i) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads, or (ii) a vehicle operated on rails or crawler treads;

(c) sustained by any person other than the named insured or a relative, resulting from use of (1) a non-owned automobile in the automobile business or as a public or livery conveyance, or (2) a non-owned automobile in any other business or occupation, except operation or occupancy of a utility automobile not used for wholesale or retail delivery purposes or a private passenger automobile by the named insured or by his private chauffeur or domestic servant, or of a trailer used therewith or with an automobile which is covered for liability under the policy to which this supplement is attached;

(d) sustained by any person who is employed in the automobile business, if the accident arises out of the operation thereof and if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

(e) due to war;

(f) under Division 2 of Medical Payments, if occupying other than an individually owned automobile, of (1) any person to or for whom benefits are payable under any workmen's compensation law because of such injury or death, or (2) any employee of the insured while engaged in the employment, other than domestic, of the insured, or in domestic employment if benefits therefor are payable or required to be provided under any workmen's compensation law.

## V Limit of Liability

The limit of liability for medical payments stated in this endorsement as applicable to "each person" is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident.

## VI Conditions

1. **Policy Provisions.** None of the insuring agreements, exclusions or conditions of the policy shall apply to the insurance afforded by this endorsement except "Policy Period, Territory," "Premium," "Inspection and Audit," "Definitions," "Notice of Occurrence, Claim or Suit," "Change," "Assignment," and "Cancellation."

2. **Medical Reports; Proof and Payment of Claim.** As soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim, under oath if required, and shall, after each request from the company, execute authorization to enable the company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require.

The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute an admission of liability of any person or, except hereunder, of the company.

3. **Other Insurance.** If an insured has other automobile medical payments insurance against a loss covered by this endorsement, there shall be no insurance afforded, except that if the limit of liability of this endorsement is in excess of the limit provided by the other insurance, this endorsement shall afford excess insurance over and above such other insurance to the limit of liability afforded by this endorsement. With respect to non-owned automobiles or a temporary substitute automobile insurance is afforded to the full limit of coverage provided in this endorsement on an excess basis.

4. **Action Against Company.** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this insurance.



## FAMILY AUTOMOBILE LIABILITY COVERAGE

**SCHEDULE:**

Designation of named insured for purposes of this endorsement:  All individuals named in the declarations except:

In consideration of the premium for which this policy is written, it is agreed that the insuring agreements and exclusions and the definitions of the policy, with respect to any hereinafter defined private passenger or utility automobile or trailer owned by the named insured specified in the schedule, are deleted and replaced as follows:

1. **Insuring Agreements:**

   (a) **Bodily Injury Liability**

   (b) **Property Damage Liability**

   To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

   A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," sustained by any person;

   B. injury to or destruction of property, including loss of use thereof, hereinafter called "property damage";

   arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient.

   (c) **Supplementary Payments**

   To pay, in addition to the applicable limits of liability:

   (1) all expenses incurred by the company;

   (2) all costs taxed against the insured in any such suit;

   (3) premiums on appeal bonds required therein, on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, and on bail bonds required of the insured because of accident or traffic law violation arising out of the use of an automobile insured hereunder, not to exceed $200 per bail bond, but without any obligation to apply for or furnish such bonds;

   (4) interest accruing after entry of judgment in any such suit until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

   (5) expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of an occurrence involving an automobile insured hereunder and not due to war;

   (6) loss of wages or salary, but not loss of other income and not to exceed $25 per day, if the loss is incurred because of the insured's attendance at trial of any such suit in defense against allegation of bodily injury and all reasonable expenses which the insured incurs at the company's request.

   (d) **Policy Period; Territory**

   This endorsement applies only to accidents, occurrences and loss during the policy period and within the United States of America, its territories or possessions, or Canada, or between ports thereof, or in Mexico within 100 miles of the United States boundary line.

2. **Exclusions**

   (a) to any automobile while used as a public or livery conveyance, but this exclusion does not apply to the named insured with respect to bodily injury or property damage which results from the named insured's occupancy of a non-owned automobile other than as the operator thereof;

   (b) to bodily injury or property damage caused intentionally by or at the direction of the insured;

   (c) to bodily injury or property damage with respect to which an insured under this policy is also an insured under a nuclear energy liability policy issued by the Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; ★

   (d) to bodily injury or property damage arising out of the operation of farm machinery;

★ Exclusion (c) does not apply to a policy issued in New York State.

All terms and conditions of the policy, issued by General Insurance Company of America (SIGN) (SEAL) are unchanged except as amended by this endorsement.

**COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:**

| INSURED | BUSINESS CONSULTANTS, INC. | | |
|---|---|---|---|
| ENDORSEMENT EFFECTIVE | 6/1/63 | | (at the hour of day stated in the policy) |
| POLICY NUMBER | BLP 221289 | | |
| EXP. DATE | 6/1/64 | SERVICE OFFICE | METRO |
| ENDORSEMENT NUMBER | DO #2 | TYPING DATE | 7/10/63 |
| | GK:HJ | | |

*W. L. Campbell*  PRESIDENT

*A. D. Merritt*  SECRETARY

*Edw. O. Feek*

PARKER, SMITH & FEEK, INC.

A-1030  R8 5-60

Family Automobile Liability Coverage

PRINTED IN U.S.A.

(e) to bodily injury to any empl     . of the insured arising out of and in the cot     of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured;

(f) to bodily injury to any fellow employee of the insured injured in the course of his employment if such injury arises out of the use of an automobile in the business of his employer, but this exclusion does not apply to the named insured with respect to injury sustained by any such fellow employee;

(g) to an owned automobile while used in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent or employee of the named insured, such resident or partnership;

(h) to a non-owned automobile while used (1) in an automobile business by the insured or (2) while used in any other business or occupation of the insured except a utility automobile not used for wholesale or retail delivery purposes or a private passenger automobile operated or occupied by the named insured or by his private chauffeur or domestic servant, or a trailer used therewith or with an owned automobile;

(i) to injury to or destruction of (1) property owned or transported by the insured or (2) automobiles or trailers rented to or in charge of the insured.

3. **Definitions**

"**named insured**" means the individual named in the schedule of this endorsement and also includes his spouse, if a resident of the same household;

"**insured**" means the following person or organization

(a) With respect to the owned automobile,
    (1) the named insured and any resident of the same household,
    (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;

(b) With respect to a non-owned automobile,
    (1) the named insured,
    (2) any relative, but only with respect to a private passenger automobile or trailer,
    provided the actual use thereof is with the permission of the owner;

(c) Any other person or organization legally responsible for the use of
    (1) an owned automobile, or
    (2) a non-owned automobile, if such automobile is not owned or hired by such person or organization,
    provided the actual use thereof is by a person who is an insured under (a) or (b) above with respect to such owned automobile or non-owned automobile.

The insurance afforded applies separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

"**relative**" means a relative of the named insured who is a resident of the same household;

"**owned automobile**" means any private passenger or utility automobile or any trailer owned by the named insured; it also includes a temporary substitute automobile;

"**temporary substitute automobile**" means any automobile or trailer not owned by the named insured while temporarily used as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

"**non-owned automobile**" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile; provided, however, that a private passenger or utility automobile or trailer owned by a relative shall be considered a "non-owned automobile" while being operated by the named insured;

"**private passenger automobile**" means a four wheel private passenger, station wagon or jeep type automobile;

"**utility automobile**" means an automobile with a load capacity of fifteen hundred pounds or less of the pickup body, sedan delivery or panel truck type, if not used for wholesale or retail delivery;

"**trailer**" means a trailer designed for use with a private passenger automobile, if not being used for business purposes with other than a private passenger or utility automobile, or a farm wagon or farm implement while used with a utility automobile;

"**automobile business**" means the business or occupation of selling, repairing, servicing, storing or parking automobiles;

"**use**" of an automobile includes the loading and unloading thereof;

"**war**" means war, whether or not declared, civil war, insurrection, rebellion or revolution, or any act or condition incident thereto.

3. **Policy Period, Territory**
This endorsement applies only to ac ....nts which occur during the time this endorser    is in effect, and which are within the United States of America, its terr....ies or possessions, or Canada.

**EXCLUSIONS:** This endorsement does not apply:

(a) to bodily injury to an insured while occupying an automobile owned by the named insured and principally garaged in a state which has not authorized the issuance of this coverage;

(b) to bodily injury to an insured, or care or loss of services recoverable by an insured, with respect to which such insured, his legal representative or any person entitled to payment under this endorsement shall, without written consent of the company, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor;

(c) so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law.

**CONDITIONS:**

1. **Policy Provisions.** None of the Insuring Agreements, Exclusions or Conditions of the policy shall apply to the insurance afforded by this endorsement except the Conditions "Notice" or "Notice of Occurrence, " "Assistance and Cooperation of the Insured," "Changes," "Assignment," "Cancellation" and "Declarations".

2. **Proof of Claim; Medical Reports.** (a) As soon as practicable, the insured or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder. The insured and every other person making claim hereunder shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required. (b) Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim. (c) The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records.

3. **Notice of Legal Action.** If, before the company makes payment of loss hereunder, the insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of an automobile involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative.

4. **Limits of Liability.** (a) The limit of the company's liability under this endorsement shall be the limit of bodily injury liability required by the motor vehicle financial responsibility law of the state of residence, as shown on the declarations.

(b) If claim is made under this endorsement and claim is also made against any person who is an insured under the Automobile Bodily Injury Liability coverage of the policy because of bodily injury sustained in an accident by a person who is an insured under this endorsement: (1) any payment made under this endorsement to or for such person shall be applied in reduction of any amount which he may be entitled to recover from any person who is an insured under the Automobile Bodily Injury Liability coverage; and (2) any payment made under the Automobile Bodily Injury Liability coverage to or for any such person shall be applied in reduction of any amount which he may be entitled to recover under this endorsement.

(c) Any loss payable under the terms of this endorsement to or for any person shall be reduced by the amount paid and the present value of all amounts payable to him under any workmen's compensation law, exclusive of non-occupational disability benefits.

5. **Other Insurance.** With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this endorsement, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this endorsement exceeds the sum of the applicable limits of liability of all such other insurance.

Subject to the foregoing paragraph, if the insured has other similar insurance available to him against a loss covered by this endorsement, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this endorsement for a greater proportion of the applicable limit of liability of this endorsement than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.

6. **Arbitration.** If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.

7. **Trust Agreement.** In the event of payment to any person under this endorsement:

(a) The company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this endorsement;

(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;

(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision.

8. **Payment of Loss by the Company.** Any amount due hereunder is payable (a) to the insured, or (b) if the insured be a minor to his parent or guardian, or (c) if the insured be deceased to his surviving spouse, otherwise (d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents; provided, the company may at its option pay any amount due hereunder in accordance with division (d) hereof.

9. **Action Against Company.** No action shall lie against the company unless, as a condition precedent thereto, the insured or his legal representative has fully complied with all the terms of this endorsement.

10. **Terms of Endorsement Conformed to Statute.** Terms of this endorsement which are in conflict with the statutes of the state wherein this endorsement is issued are hereby amended to conform to such statutes.



### GENERAL INSURANCE COMPANY OF AMERICA

*Automobile Medical Payments Amendment*

In consideration of the premium for which this policy is written, it is agreed that the automobile medical payments coverage is amended by the addition thereto of the following paragraphs:

1. In the event of any payment under the automobile medical payments coverage of this policy, the company shall be subrogated to all rights of recovery therefor which the injured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights.

2. No payment shall be made under automobile medical payments coverage unless the person to or for whom such payment is made shall have executed a written agreement that the amount of such payment shall be applied toward the settlement of any claim, or the satisfaction of any judgment for damages entered in his favor, against any insured because of bodily injury arising out of any accident to which bodily injury liability coverage applies.

GENERAL INSURANCE COMPANY OF AMERICA

**COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:**

| INSURED | |
|---|---|
| ENDORSEMENT EFFECTIVE | (at the hour of the day stated in the policy) |
| POLICY NUMBER | |
| POLICY EXP. DATE | |
| ENDORSEMENT NUMBER | |

*W. L. Campbell* PRESIDENT

*a d merritt* SECRETARY

*John O. Neil*
RESIDENT LICENSED AGENT

A-1143 4/63          Automobile Medical Payments Amendment          PARKER, SMITH & FEEK, INC.

SAFECO-LIFECO-GENERAL INSURANCE    GENERAL INSURANCE COMPANY OF AMERICA

**Automobile Physical Damage**

In consideration of the additional premium specified below, the company agrees with the named insured but only with respect to such of the following coverages as are indicated by a specific premium charge or premium waiver in the "Schedule of Automobiles";

**Coverage A — Comprehensive - Excluding Collision**
To pay for loss caused other than by collision to the automobile or to a non-owned automobile. Breakage of glass and loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion, or colliding with a bird or animal, shall not be deemed to be loss caused by collision.

**Coverage B — Collision**
To pay for loss to the automobile or non-owned automobile caused by collision, less the deductible amount stated in the schedule, but the deductible amount shall not be deducted with respect to a collision involving an individually owned private passenger or utility automobile with another automobile insured by General Insurance Company of America, SAFECO Insurance Company of America or First National Insurance Company of America.

**Coverage C — Fire, Lightning and Transportation**
To pay for loss to the automobile caused (a) by fire or lightning, (b) by smoke or smudge due to a sudden unusual and faulty operation of any fixed heating equipment serving the premises in which the automobile is located, or (c) by the stranding, sinking, burning, collision or derailment of any conveyance in or upon which the automobile is being transported.

**Coverage D — Theft**
To pay for loss to the automobile, caused by theft, larceny, robbery or pilferage.

**Coverage E — Towing and Labor Costs**
To pay for towing and labor costs necessitated by the disablement of the automobile or of any non-owned automobile, provided the labor is performed at the place of disablement, and such costs do not exceed $25 per disablement.

**Coverage F — Combined Additional Coverage**
To pay for direct and accidental loss of or damage to the automobile caused by windstorm, earthquake, explosion, hail, external discharge or leakage of water, flood or rising water, riot or civil commotion, the forced landing or falling of any aircraft or of its part or equipment, or malicious mischief or vandalism, except that $25 shall be deducted from the amount of each determined loss resulting from malicious mischief or vandalism.

Supplementary Payments — In addition to the applicable limit of liability:
1. For a private passenger automobile owned by an individual named insured
   a. To pay, not to exceed $200 for each occurrence, for loss of wearing apparel and luggage of the named insured or relative, provided the loss is caused:
      (1) by a collision with respect to which this policy affords automobile collision insurance; or
      (2) by fire, lightning, flood or by theft of the entire automobile, and the loss is coincident with other loss with respect to which this policy affords automobile comprehensive insurance.
   b. To reimburse the named insured for the cost of transportation from the place of disablement of the owned automobile to the place of intended destination, but not to exceed $5 for each occurrence, provided the disablement involves a loss with respect to which this policy affords automobile collision or automobile comprehensive insurance;
2. To reimburse the named insured for the loss of transportation not exceeding $10 per day nor totaling more than $300, incurred during the period commencing 48 hours after a theft covered by this policy of the entire automobile has been reported to the company and the police, and terminating when the company tenders settlement for such theft; provided such reimbursement shall be made only if the stolen automobile was a private passenger automobile not used as a public or livery conveyance and not owned and held for sale by an automobile dealer.
3. General Average and Salvage Charges:
   To pay general average and salvage charges for which the insured becomes legally liable, as to the automobile being transported.

## SCHEDULE OF AUTOMOBILES

Schedule I of ____

| ITEM No. | Year, Trade Name, Type | Serial or Motor No. | Purchased Month and Year | New or Used | Actual Cost incl. equip. (w Symbol if private pass.) | Limit of Liability (if other than collision) | A Comp. | B Collision Deduct. or | Premium | C Fire | D Theft | E Towing and Labor | F Comb. Add'l. Cov. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | '51 DODGE 2T DUMP TRK #T1921 | 171 | | | | | | | | | | | |
| 4. | '62 FORD FALCON S/W #2K225103 | 226 | | | | | ACV | INC | 100=D | INCL | INCLUDED | INC | |
| 6. | '63 DODGE DART S#7332-614317 | | | | | | ACV | INC | 100=D | INCL | INCLUDED | INC | |
| 7. | '63 DODGE DART SDN. S#7332-58 | 8734 | | | | | ACV | INC | 100=D | INCL | INCLUDED | INC | |
| 8. | '63 DODGE DART SDN S#7332-61 | 286 | | | | | ACV | INC | 100=D | INCL | INCLUDED | INC | |
| 9. | '62 FORD FALCON #2B125182633 | | | | | | ACV | INC | 100=D | INCL | INCLUDED | INC | |

The company's maximum liability under this endorsement on any one automobile shall not exceed ____ $ 10,000.
the maximum liability for any one loss shall not exceed ____ $ 50,000.    Total Premium $

Any loss is payable as interest may appear to the named insured and

(Name and address)
SEE REVERSE SIDE FOR OTHER PROVISIONS

All terms and conditions of the policy, issued by General Insurance Company of America, remain unchanged except as amended by this endorsement.

_A. D. Meixet_ SECRETARY          _W. L. Carpenter_ PRESIDENT

**COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:**

| INSURED | | COVERAGE | CLASS OR CODE | OLD PREMIUM | NEW PREMIUM | DIFFERENCE | PRO OF SHORT RATE PER CENT | ADDL. OR RETURN |
|---|---|---|---|---|---|---|---|---|
| EFFECTIVE | (at the hour of day stated to the policy) | | | | | | | |
| POLICY NUMBER | | | | | | | | |
| POLICY TYPE | | | | | | | | |
| ENDORSEMENT NUMBER | | | | | | | | |
| | TOTAL | | | | | | XX | |

_Glen O'Feek_
RESIDENT LICENSED AGENT

A-356 R13 9/62    BARKER, SMITH & FEEK, INC.    Automobile Physical Damage

GENERAL... LIABILITY CO. V.W.R. ET AL. NO. 83 CIV. 7551 (S.D.N.Y.)

**Definitions**
(a) "automobile" – the word "automobile" means:
  (1) described automobile – the motor vehicle or trailer described in the Schedule including its equipment and other equipment permanently attached thereto;
  (2) newly acquired automobile – an automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if:
    (a) it replaces an automobile owned by either and covered by this endorsement, or
    (b) it is an additional automobile and the company insures all licensed automobiles of the same type, either (i) private passenger and utility automobiles or (ii) all other automobiles owned by the named insured or spouse on the date of such acquisition except, if two or more collision coverages apply to any one type of automobile, the most restrictive collision coverage shall apply;
    provided that the limit of liability shall be the actual cash value of such automobile;
  (3) "temporary substitute automobile" any automobile or trailer not owned by the named insured while temporarily used as a substitute for the individually owned private passenger or utility automobile or utility trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
(b) "automobile business" means the business or occupation of selling, repairing, servicing, storing or parking automobiles;
(c) "collision" means collision of an automobile covered by this policy with another object or with a vehicle to which it is attached or by upset of such automobile;
(d) "insured" means the definition of "insured" of the policy and in addition means the individual insured and any relative provided the actual use thereof is with the permission of the owner.
(e) "loss" means direct and accidental loss of or damage to (a) the automobile, including its equipment, or (b) other insured property;
(f) "non-owned automobile" means a private passenger automobile or utility trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile, while said automobile or utility trailer is in the possession or custody of an individual named insured or is being operated by him;
(g) "private passenger automobile" means a four wheel private passenger, station wagon or jeep type automobile;
(h) "relative" means a relative of the named insured who is a resident of the same household.
(i) "trailer", if used for business purposes, includes semi-trailer; otherwise "trailer" or "utility trailer" means a trailer designed for use with a private passenger automobile, and if not a home, office, store, display or passenger trailer;
(j) "utility automobile" means an automobile with a load capacity of fifteen hundred pounds or less of the pickup body, sedan delivery or panel truck type;
(k) "war" means war, whether or not declared, civil war, insurrection, rebellion or revolution, or any act or condition incident thereto;

**Exclusions** This endorsement does not apply:
(a) to any automobile while used as a public or livery conveyance, unless such use is declared and described in the schedule;
(b) to loss due to war;
(c) to loss to a non-owned automobile arising out of its use by the insured in an automobile business;
(d) to damage which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure other than burning of wiring, unless such damage is the result of other loss covered by this endorsement;
(e) to tires, unless damaged by fire, malicious mischief or vandalism, or stolen or unless the loss be coincident with and from the same cause as other loss covered by this endorsement;
(f) under coverage B, to breakage of glass if insurance with respect to such breakage is otherwise afforded;
(g) to loss due to radioactive contamination. [ Exclusion (g) does not apply in New York. ]
(h) under coverages A and D, to loss due to conversion, embezzlement or secretion by any person in possession of the automobile under a bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance;
(i) to loss due to confiscation by duly constituted governmental or civil authority.

**Conditions**
1. **Policy Period; Territory**
This endorsement applies only to accidents, occurrences and loss during the policy period and within the United States of America, its territories or possessions, or Canada, or between ports thereof, or in Mexico within 100 miles of the United States boundary line.

2. **Premium**
The premium shall be adjusted as of the date of delivery of any newly acquired automobile in accordance with the rules and rates in use by the company.

3. **Two or More Automobiles**
When two or more automobiles are insured hereunder, the terms of this endorsement shall apply separately to each, but an automobile and a trailer attached thereto shall be held to be separate automobiles including any deductible provisions applicable thereto.

4. **Insured's Duties in Event of Loss**
In the event of loss the insured shall:
  (a) protect the automobile, whether or not the loss is covered by this endorsement, and any further loss due to the insured's failure to protect shall not be recoverable under this endorsement; reasonable expenses incurred in affording such protection shall be deemed incurred at the company's request;
  (b) under coverage D – Theft, promptly notify the police;
  (c) file with the company, within 91 days after loss, his sworn proof of loss in such form and including such information as the company may reasonably require and shall, upon the company's request, exhibit the damaged property and submit to examination under oath.

5. **Appraisal**
If the insured and the company fail to agree as to the amount of loss, either may, within 60 days after proof of loss is filed, demand an appraisal of the loss. In such event the insured and the company shall each select a competent appraiser, and the appraisers shall select a competent and disinterested umpire. The appraisers shall state separately the actual cash value and the amount of loss and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The insured and the company shall each pay his chosen appraiser and shall bear equally the other expenses of the appraisal and umpire.
The company shall not be held to have waived any of its rights by any act relating to appraisal.

6. **Payment of Loss**
The company may pay for the loss in money; or may repair or replace the damaged or stolen property; or may, at any time before the loss is paid or the property is so replaced, at the expense return any stolen property to the named insured, or at its option to the address shown in the declarations, with payment for any resultant damage thereto; or may take all or each part of the property at the agreed or appraised value. The company may settle any claim for loss either with the insured or the owner of the property. There shall be no abandonment to the company.

7. **Limit of Liability**
The limit of the company's liability for loss shall not exceed the actual cash value of the property, or if the loss is of a part thereof the actual cash value of such part, at time of loss, nor what it would then cost to repair or replace the property or such part thereof with other of like kind and quality, nor with respect to an owned automobile described in this endorsement, the applicable limit of liability stated in the schedule.

8. **Other Insurance**
If the insured has other insurance against a loss covered by this endorsement the company shall not be liable under this endorsement for a greater proportion of such loss than the applicable limit of liability of this endorsement bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance hereunder with respect to temporary substitute automobiles or to non-owned automobiles shall be excess insurance over any other valid and collectible insurance.

9. **No Benefit to Bailee**
The insurance afforded by this endorsement shall not inure directly or indirectly to the benefit of any carrier or bailee liable for loss to the automobile.

10. **Terms of Endorsement Conforms to Statute**
Terms of this endorsement which are in conflict with the statutes of the state wherein this endorsement is issued are hereby amended to conform to such statutes.

**SAFECO•LIFECO•GENERAL**
**INSURANCE**

GENERAL INSURANCE COMPANY OF AMERICA

**Change Endorsement**

Agency __(2) PARKER, SMITH & FEEK, INC.__    Stat. No. __1 - 5250__

Attach to Your Policy No. __BLP 221289__

(Prefix)        (Number)

consideration of

☐ a premium to be adjusted at audit
☒ an additional premium of $ __56.13__
☐ a return premium of ........$

It is agreed that this policy is changed as follows:

| EQUIPMENT ADDED: | EQUIPMENT DELETED: |
|---|---|
| 64 DODGE DART 4-DOOR SEDAN<br>7342-607629    CN 2324.    1-1<br><br>AGED - SEATTLE - BRUNBERG  CL 3-10%<br><br>PD, MED, UIM, $100 DED. COLLISION,<br>COMP, F&T, & TOWING | |

OTHER ADDITIONS, DELETIONS OR CHANGES:

This endorsement is executed by the General Insurance Company of America.

*a. D. Meritt* SECRETARY

*W. L. Campbell* PRESIDENT

*Graham J. Smith*
RESIDENT LICENSED AGENT

| INSURED | BUSINESS CONSULTANTS, INC.  ETAL |
|---|---|
| ENDORSEMENT EFFECTIVE | 3-4-64    (at the hour of day stated in the policy) |
| POLICY NUMBER | BLP 221289 |
| POLICY EXP. DATE | 6-1-64    END. NO.  DO#3 |

**Automobile Change Endorsement    PARKER, SMITH & FEEK, INC.**



## DAMAGE OR BODILY INJURY CAUSED BY UNINSURED AUTOMOBILES
### (Commercial Form)

**SCHEDULE:**

Designation of named insured for purposes of this endorsement, if other than the named insured stated in the policy, as provided in Insuring Agreement 2(a):

Premium $ .................... **INCLUDED**

In consideration of the payment of the premium for this endorsement, the company agrees with the named insured, subject to the limits of liability, exclusions, conditions and other terms of this endorsement and to the applicable terms of the policy:

**INSURING AGREEMENTS:**

**1. Damages for Bodily Injury Caused by Uninsured Automobiles**

To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

**2. Definitions**

(a) **Insured.** The unqualified word "insured" means (1) the named insured and if the named insured is an individual includes his spouse, if a resident of the same household; (2) any other person while occupying an insured automobile; and (3) any person, with respect to damages he is entitled to recover for care or loss of services because of bodily injury to which this endorsement applies.

The insurance applies separately with respect to each named insured under this endorsement and residents of the same household, but neither this provision nor application of the insurance to more than one insured shall operate to increase the limits of the company's liability.

(b) **Insured Automobile.** The term "insured automobile" means an automobile to which the bodily injury liability coverage of any policy issued by the company applies, provided such automobile is (1) an automobile owned by the named insured; (2) an automobile while temporarily used as a substitute for an insured automobile as described in subparagraph (1) above, when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction; or (3) an automobile while being operated by the named insured, or by his spouse if a resident of the same household. The term "insured automobile" shall not include: (i) an automobile while used as a public or livery conveyance; (ii) under subparagraphs (1) and (2) above, an automobile unless being used by or with the permission of the named insured or such spouse; or (iii) under subparagraphs (2) and (3) above, an automobile owned by the named insured or by any resident of the same household.

(c) **Uninsured Automobile.** The term "uninsured automobile" means (1) an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile; or (2) a hit-and-run automobile as defined; but the term "uninsured automobile" shall not include: (i) an automobile defined under this endorsement as an "insured automobile"; (ii) an automobile owned by the named insured or by any resident of the same household; (iii) an automobile which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law; (iv) an automobile which is owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing; (v) a land motor vehicle or trailer, if operated on rails or crawler treads or while located for use as a residence or premises and not as a vehicle; or (vi) a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads.

(d) **Hit-and-Run Automobile.** The term "hit-and-run automobile" means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or the owner of such "hit-and-run automobile"; (2) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (3) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident.

(e) **Occupying.** The word "occupying" means in or upon or entering into or alighting from.

(f) **State.** The word "state" includes the District of Columbia, a territory or possession of the United States, and a province of Canada.

*(Continued on reverse side)*

All terms and conditions of the policy, issued by General Insurance Company of America, remain unchanged except as amended by this endorsement.

CONTRACT SUBJECT TO MARYLAND ...
7451 (SWK) ...

W. L. Campbell — PRESIDENT

A. D. Merritt — SECRETARY

_____ O. _____
RESIDENT LICENSED AGENT

PARKER, SMITH & FEEK, INC.

**COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:**

| | |
|---|---|
| INSURED | BUSINESS CONSULTANTS, INC. |
| ENDORSEMENT EFFECTIVE | 6/1/63    *(at the hour of day stated in the policy)* |
| POLICY NUMBER | BLP 221289 |
| POLICY DATE | 6/1/64 |
| ENDORSEMENT NUMBER | DO #4 |
| | GK:MJ |
| | SERVICE OFFICE   METRO |
| | DATING   7/10/63 |

A-1042 3-60

Damages For Bodily Injury Caused By Uninsured Automobiles
(Commercial Form)



SAFECO•LIFECO•GENERAL
**INSURANCE**

GENERAL INSURANCE COMPANY OF AMERICA

Agency    (2) PARKER, SMITH & FEEK, INC.    Stat. No. 1-5250

**Change Endorsement**

Attach to Your Policy No.    BLP 221289
                           (Prefix)        (Number)

In consideration of    { [ ] a premium to be adjusted at audit
                         [X] an additional premium of $ 7.20    } it is agreed that this policy is changed as follows
                         [ ] a return premium of ........$

EQUIPMENT ADDED:                              | EQUIPMENT DELETED:
1964 FORD FALCON 4 DR. SDN. #4R02U109438     | 1962 FALCON 4 DR. SDN. #2R125182633
CLASS 3-10% SYM. H-1                          |
GARAGED SPOKANE                               |
                    87.98                     |              $ 80.78

BI, PD, 1000. MED, ACV COMP, 100. DED.COLL., TOWING & U/M

OTHER ADDITIONS, DELETIONS OR CHANGES:

CONTAINS ... ... ...
SUBJECT TO ... ... ...
MARYLAND C ... ALTY CO. ...
GRACE & CO., ET AL., NO. 63 CIV.
7451 (SWK) (S.D.N.Y.)

This endorsement is executed by the General Insurance Company of America.

*a. D. Merit*    SECRETARY          *W. L. Campbell*    PRESIDENT

| INSURED | BUSINESS CONSULTANTS, INC. ETAL | |
|---|---|---|
| ENDORSEMENT EFFECTIVE | 10-25-63 | (at the hour of day stated in the policy) |
| POLICY NUMBER | BLP 221289 | |
| POLICY EXP. DATE | 6-1-64 | END. NO. DO#6 |

*Geo. O. Feek*
RESIDENT LICENSED AGENT
PARKER, SMITH & FEEK, INC.

Automobile Change Endorsement

**SAFECO•LIFECO•GENERAL**
**INSURANCE**

GENERAL INSURANCE COMPANY OF AMERICA

**Change Endorsement**

Agency (2) PARKER, SMITH & FEEK, INC.    Stat. No. 1 - 5250

Attach to Your Policy No. BLP 221289

(Prefix)    (Number)

In consideration of { a premium to be adjusted at audit
X an additional premium of $ 56.13
a return premium of .......$ } it is agreed that this policy is changed as follows:

| EQUIPMENT ADDED: | EQUIPMENT DELETED: |
|---|---|
| 1964 DODGE DART 4-DOOR SEDAN S#7342-607629    CN 2324.    1-1 GARAGED - SEATTLE - BRUNBERG CL 3-10% I, PD, MED, UIM, $100 DED. COLLISION, COMP, P&T & TOWING | |

OTHER ADDITIONS, DELETIONS OR CHANGES:

This endorsement is executed by the General Insurance Company of America.

a. D. merritt SECRETARY

W. L. Company PRESIDENT

Graham J. Smith RESIDENT LICENSED AGENT

| INSURED | BUSINESS CONSULTANTS, INC.    ETAL |
|---|---|
| ENDORSEMENT EFFECTIVE | 3-4-64    (at the hour of day stated in the policy) |
| POLICY NUMBER | BLP 221289 |
| POLICY EXP. DATE | 6-1-64    END. NO. D0#3 |

Automobile Change Endorsement    PARKER, SMITH & FEEK, INC.

**SAFECO•LIFECO•GENERAL**
**INSURANCE**

===== GENERAL INSURANCE COMPANY OF AMERICA =====

Agency **(2) PARKER, SMITH & FEEK, INC.**    Stat. No. **1-5250**

**Change Endorsement**

Attach to Your Policy No. **BLP 221289**
(Prefix)    (Number)

In consideration of 
{ 
☐ a premium to be adjusted at audit
☐ an additional premium of $_____
☒ a return premium of ........ $ **50.70**
}
It is agreed that this policy is changed as follows:

| EQUIPMENT ADDED: | EQUIPMENT DELETED:    ITEM #4 |
|---|---|
| | 1962 FORD FALCON 4-DOOR STATION WAGON |
| | S# 2K225103226 |
| | (NORM BRUMBERG) |

OTHER ADDITIONS, DELETIONS OR CHANGES:

*Rec'd OK*
*4-8-64*

This endorsement is executed by the General Insurance Company of America.

*a. D. Merritt* SECRETARY

*W. L. Campbell* PRESIDENT

| INSURED | BUSINESS CONSULTANTS, INC. ETAL |
|---|---|
| ENDORSEMENT EFFECTIVE | 3-9-64    (at the hour of day stated in the policy) |
| POLICY NUMBER | BLP 221289 |
| POLICY EXP. DATE | 6-1-64 |
| END. NO. | DO #4 |

*Chas C. Parker*
RESIDENT LICENSED AGENT
**PARKER, SMITH & FEEK, INC.**

**Automobile Change Endorsement**

CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO ORDER IN
MARYL... ...CO. V.W.R.
G... ...AL., NO. 83 CIV.
7481 (SWK) (S.D.N.Y.)

SAFECO • LIFECO • GENERAL
**INSURANCE**

**GENERAL INSURANCE COMPANY OF AMERICA**

**Change Endorsement**

Agency _(2) PARKER, SMITH & FEEK, INC._  Stoi. No. _I-5250_

Attach to Your Policy No. _BLP 221289_
(Prefix)            (Number)

In consideration of
{ ☐ a premium to be adjusted at audit
  ☐ an additional premium of $ _____
  ☒ a return premium of ........$ _16.57R_ }
it is agreed that this policy is changed as follows:

| EQUIPMENT ADDED: | EQUIPMENT DELETED: **ITEM #8** |
|---|---|
|  | **1963 DODGE DART**    S# 7332-615286 |

OTHER ADDITIONS, DELETIONS OR CHANGES:

This endorsement is executed by the General Insurance Company of America.

_a. D. Merritt_ SECRETARY

_W. L. Campbell_ PRESIDENT

_Edw. O. [signature]_
RESIDENT LICENSED AGENT

PARKER, SMITH & FEEK, INC.

| INSURED | BUSINESS CONSULTANTS, INC. ETAL | | |
|---|---|---|---|
| ENDORSEMENT EFFECTIVE | 5-1-64 | (at the hour of day stated in the policy) | |
| POLICY NUMBER | BLP 221289 | | |
| POLICY EXP DATE | 6-1-64 | END NO. | 5 |

**Automobile Change Endorsement**

SUB...
MARYLA...  ...Y CO.
GRACE & CO. ET AL, NO. 83 CIV.
7451 (SWK) (S.D.N.Y.)

Form No. MP-944

# OREGON PUBLIC UTILITIES COMMISSIONER

## ENDORSEMENT FOR MOTOR CARRIER POLICIES OF INSURANCE FOR BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY -- AUTOMATIC COVERAGE

The policy to which this endorsement is attached is an automobile Bodily Injury Liability and Property Damage Liability policy, and is hereby amended to assure compliance by the named insured, as a motor carrier of passengers or property with appropriate provisions of the Motor Transportation Code of Oregon, as amended, and the pertinent rules and regulations of the Public Utilities Commissioner of Oregon, promulgated in accordance with the provisions of the Motor Transportation Code of Oregon.

In consideration of the premium stated in the policy to which this endorsement is attached, or becomes a part, when duly countersigned, the company hereby agrees to pay any final judgment recovered against the named insured for Bodily Injury to or the death of any persons or loss of or damage to property of others (excluding injury to or death of the named insured's employees while engaged in the course of their employment, and loss of or damage to property owned or operated by or in the care, custody or control of the named insured, and property transported by the named insured, designated as cargo, and to any obligation for which the named insured may be held liable under any Workmen's Compensation Law), resulting from the negligent operation, maintenance, ownership, or use of motor vehicles under permit issued to the named insured by the Public Utilities Commissioner of Oregon, or otherwise under the Oregon Motor Transportation Code, within the limits of liability hereinafter provided, regardless of whether such motor vehicles are specifically described in the policy or not. It is understood and agreed that upon failure of the company to pay any such final judgment recovered against the named insured, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment. The bankruptcy or insolvency of the named insured shall not relieve the company of any of its obligations hereunder. The liability of the company extends to such losses, damages, injuries, or deaths whether occurring on the route or in the territory authorized to be served by the named insured or elsewhere, within the State of Oregon, but as respects this endorsement only while operating under the provisions of the Motor Transportation Code of Oregon.

The liability of the company on each motor vehicle for the following limits shall be a continuing one notwithstanding any recovery hereunder, in the following minimum amounts:

|  | BODILY INJURY LIABILITY | | PROPERTY DAMAGE LIABILITY |
|---|---|---|---|
| TYPE OF MOTOR VEHICLE | Limit for Each Person | Limit for Each Accident | Limit for Each Accident |
| Each motor vehicle authorized for use in the transportation of property or persons | $10,000 | $20,000 | $10,000 |

In the event the policy to which this endorsement is attached is issued for limits greater than those prescribed herein, the terms and conditions of this endorsement shall apply only to the minimum limits set forth in this endorsement.

Nothing contained in the policy or any endorsements thereon, nor the violation of any of the provisions of the policy or of any endorsement thereon by the named insured, shall relieve the company from liability hereunder or from the payment of any such final judgment, but as respects any equipment of the named insured while being operated by others under an interchange of equipment agreement or requirement, the insurance afforded by this policy shall be excess over any other valid and collectible insurance available to the named insured.

The named insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy, except for the agreement contained in this endorsement.

Cancellation of this endorsement or of the policy to which it is attached may be effected by the company or the named insured giving not less than 15 days' notice in writing to the Public Utilities Commissioner of Oregon at his office in Salem, Oregon, said notice to commence to run from the date notice is actually received at the office of said Commissioner.

All terms and conditions of the policy issued by General Insurance Company of America remain unchanged except as amended by this endorsement.

CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER IN
MARYLAND CASUALTY CO. V. W.R.
GRACE & CO., ET AL., NO. 83 CIV.
7451

*W. L. Campbell*
PRESIDENT

*A. D. Merritt*
SECRETARY

Insured    **VERMICULITE-NORTHWEST, INC.**

Policy Number **BLP 221289**

End. Effective    **6-1-63**    at the hour of day stated in the policy.

Issuance Date    **6-5-63**

End. No.

PARKER, SMITH & FEEK, INC.

A-363 R2 7-53 (Replaces 2-50)

RESIDENT LICENSED AGENT

PARKER, SMITH & FEEK, INC.



# Parker, Smith & Feek, Inc.

INSURANCE BROKERS

SEATTLE, WASHINGTON

May 8, 1964

Nº 4645

Business Consultants, Inc., Etal.
2107 North 34th
Seattle, Washington 98103

| COMPANY | POLICY NUMBER | EFFECTIVE | EXPIRES | AMOUNT OR LIMIT | RATE | PREMIUM |
|---------|---------------|-----------|---------|------------------|------|---------|
| General | BLF 221289 | 6/1/63 | 6/1/64 | Endt. #5 | | $ 16.57 |

COVERING    Deletion of Item #8, 1963 Dodge Dart
(Comprehensive Liability)

# CREDIT MEMO



# Parker, Smith & Feek, Inc.

### INSURANCE BROKERS
SKINNER BUILDING          MUTUAL 2-0222
SEATTLE, WASHINGTON 98101

April 6, 1964                          N° 4532

Business Consultants, Inc., Et al.
2107 North 34th
Seattle, Washington 98103

| COMPANY | POLICY NUMBER | EFFECTIVE | EXPIRES | AMOUNT OR LIMIT | RATE | PREMIUM |
|---------|--------------|-----------|---------|-----------------|------|---------|
| General | BLP 221289 | 6/1/63 | 6/1/64 | Endt. #4 | | $ 50.70 |

COVERING    Deletion of Item #4 – 1962 Ford Falcon
            (Comprehensive Liability Policy)

# CREDIT MEMO