3B

3328971732

| PRODUCER'S CODE | NAME AND LOCATION | | PREVIOUS POLICY NO. | POLICY PREFIX AND NUMBER |
|---|---|---|---|---|
| NYK 31 559 920 | Marsh & McLennan | | XLX 148 14 91   1-80 | XLX-153 24 75 |
| BRANCH | | | | |

E R

| CP. 01 | COVERAGE PROVIDED IN COMPANY DESIG- NATED BY NUMBER | 01 FIREMAN'S FUND 18 THE AMERICAN 02 NATIONAL SURETY | SEP 24 1982 | |

ITEM 1. INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)

W. R. Grace & Co.
1114 Avenue of the Americas
New York, N.Y. 10036

R/I

XLX-153 24 75

POLICY PERIOD:

ITEM 2.   6/30/82   6/30/83
INCEPTION (MO DAY YR)   EXPIRATION (MO DAY YR)
12:01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

AGENT PLEASE SHOW RATE OF COMMISSION   COMM

| ITEM 3. | LIMIT OF LIABILITY: | | |
|---|---|---|---|
| | $ 11,000,000 | • EACH OCCURRENCE | P/O $100,000,000 |
| | $ 11,000,000 | • AGGREGATE | |

| ITEM 4. | UNDERLYING INSURANCE LIMIT OF LIABILITY | | |
|---|---|---|---|
| | $150,000,000 | • EACH OCCURRENCE | |
| | $150,000,000 | • AGGREGATE | |

| ITEM 5. | PREMIUM BASIS | ITEM 6. | ADVANCE PREMIUM: $ 5,500 |
|---|---|---|---|
| $ | Flat Charge | | ANNUAL MINIMUM PREMIUM: $ 5,500 |

IN THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY SHALL RECEIVE AND RETAIN NOT LESS THAN $ AS THE POLICY MINIMUM PREMIUM.

ITEM 7. SCHEDULE OF UNDERLYING INSURANCE:

See End't. #1

## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the Insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### INSURING AGREEMENTS

**1. Coverage.** To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

**2. Limit of Liability.** The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder on account of occurrences during this policy period, this

policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

**3. Policy Period.** This policy applies only to occurrences which take place during the policy period.

### DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the Insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

### CONDITIONS

**1. Maintenance of Primary Insurance.** The Insured warrants and it is a condition of this policy, that at the inception of this policy insurance afforded by the underlying policies of insurance listed

(Continued on Page Two)

| COUNTERSIGNATURE DATE | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|
| 9/23/82  hr | |

BLANKET EXCESS LIABILITY POLICY (FOLLOWING FORM) 5902-2.72

ing as excess over various policies of primary insurance) with combined limits of liability for said underlying insurance stated in Item 4 of the declarations, or renewals or replacements thereof not affording coverages other than those at inception of this policy, shall be maintained in full effect during the period of this policy, except for reduction of aggregate limits solely as a result of payment of claims arising out of occurrences during this policy period.

such underlying insurance is not maintained in full effect by the insured or if there is any change in the scope of coverage under any underlying insurance, the insurance afforded by this policy shall apply in the same manner as though such underlying policies had been so maintained and unchanged.

The insurance afforded by this policy is subject to the same warranties, terms (including the terms used to describe the application of the limits of liability), conditions and exclusions as are contained in the underlying insurance on the effective date of this policy, except, unless otherwise specifically provided in this policy, any such warranties, terms, conditions or exclusions relating to premium, the obligation to investigate and defend, the amount and limits of liability, and any renewal agreement.

**2. Notice of Occurance.** The Insured shall immediately advise the Company of any occurrence or disaster which will probably result in liability under this policy. The Company shall not, however, be called upon to assume charge of the settlement or defense of any claims made, or suits brought, or proceedings instituted against the Insured, but shall have the right and opportunity to be associated with the Insured in the defense and trial of any such claims, suits or proceedings relative to any occurrence which, in the opinion of the Company, may create liability on the part of the Company under the terms of the policy. If the Company avails itself of such right and opportunity, the Insured and the Company shall cooperate in all respects so as to effect a final determination of the claim or claims.

**3. Payment of Loss.** It is a condition of this policy that the insurance afforded under this policy shall apply only after all underlying insurance has been exhausted. Upon final determination by settlement, award or verdict of the liability of the Insured, the Company shall promptly pay the Insured as the Insured shall pay, or be required to pay, the amounts of any losses falling within the terms or limits of this insurance. All losses covered under this policy shall be due and payable by the Company within 30 days after they are respectively claimed and proof of loss filed with the Company in conformity with this policy. Bankruptcy or insolvency of Insured shall not relieve the Company of any of its obligations under.

**4. Payment of Expenses.** Loss expenses and legal expenses, including court costs and interest, if any, which may be incurred by the Insured with the consent of the Company in the adjustment or defense of claims, suits or proceedings shall be borne by the Company and the Insured in the proportion that each party's share of loss bears to the total amount of said loss. Loss expense hereunder shall not include salaries and expense of the Insured's employees incurred in investigation, adjustment and litigation.

**5. Appeal.** In the event the Insured or any underlying insurer elects not to appeal a judgment in excess of the amount of the underlying insurance, the Company may elect to appeal at its expense and shall be liable for the expenses incidental thereto, but in no event shall the liability of the Company for ultimate net loss exceed the amount set forth in the policy plus the expenses incidental to such appeal.

**6. Subrogation.** In the event of any payment of this policy, the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

Any amount recovered as subrogation shall be apportioned in the inverse order of payment of loss to the extent of actual payment. The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries. If there is no recovery in proceedings conducted solely by the Company, the Company shall bear the expenses thereof.

**7. Premium.** The premium for this policy shall be computed upon the basis stated in the Declarations. The advance premium stated in the Declarations, unless otherwise specified is an estimated premium only. Upon termination of this policy the earned premium shall be computed and if the earned premium is more than the advance premium paid, the Named Insured shall pay the excess to the Company; if less, the Company shall return to the Named Insured the unearned portion, subject to the annual minimum premium stated in the Declarations for each twelve months of the policy period, and subject further to the policy minimum premium as stated in the Declarations.

**8. Cancellation.** This policy may be cancelled by either party upon 30 days' notice in writing to the other stating the date cancellation shall be effective. If cancellation is at the request of the Insured adjustment of premium shall be at short rate, and if cancelled by the Company, adjustment shall be made pro rata. However, in the event of cancellation or termination of the underlying insurance, this policy shall cease to apply at the same time without notice to the Insured. Notice shall be given by the Company to the Insured at the address shown in the declarations. Payment or tender of unearned premium is not a condition of cancellation.

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (BROAD FORM)

It is agreed that the policy does not apply:

**I.** Under any Liability Coverage, to injury, sickness, disease, death or destruction

(a) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

**II.** Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

(a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

(b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

(c) the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

**III.** As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or byproduct material;

"source material," "special nuclear material," and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating

(Continued on Next Page)

(Continued from Preceding Page)

the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

IN WITNESS WHEREOF, FIREMAN'S FUND INSURANCE COMPANY has caused this Policy to be signed by its President and Secretary but this Policy shall not be valid unless countersigned by a duly authorized Agent of the Company.

SECRETARY

PRESIDENT

FINAL PAGE

328971733

Endt. #5

"It is agreed that except only with respect to policy period, premium, limits of liability and architects, engineers or surveyors professional liability exclusion, this policy is hereby amended to follow all the terms, conditions, definitions, and exclusions of the first layer umbrella policy (London and various British) XY017582 and all renewals and replacements thereof."

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| 3-80 XLX 153 24 75 | W.R. Grace & Co. | 6/30/82 |

| ONE OF THE | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANIES | PRODUCER |
| AS NAMED IN THE POLICY | Marsh & McLennan |
| | COUNTERSIGNATURE OF AUTHORIZED AGENT |

*Myron Du Bain*
PRESIDENT                    10-X

180009—8-65 SETS



3328971734

## CANCELLATION AMENDMENT ENDORSEMENT (EXCESS UMBRELLA)    #4

It is hereby understood and agreed that the first (1st) sentence of Condition 8, CANCELLATION, is voided and replaced by the following:

"This policy may be cancelled by either party upon forty five (45) days thirty (30) days notice with respect to cancellation for non-payment of premium, in writing to the other stating the date cancellation shall be effective."

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.



| POLICY NUMBER 3-80 XLX 153 24 75 | INSURED W.R. Grace & Co. | EFFECTIVE 6/30/82 |
| --- | --- | --- |
| ONE OF THE FIREMAN'S FUND INSURANCE COMPANIES AS NAMED IN THE POLICY | | PRODUCER |
| *Mjuw Ow Bavi* PRESIDENT    10-X | | COUNTERSIGNATURE OF AUTHORIZED AGENT |

180009—6-65 SETS

3328971735

AMENDATORY ENDORSEMENT – LIMIT OF LIABILITY       #3

| INSURED | POLICY NUMBER |
|---|---|
| W.R. Grace & Co. | 3-80 XLX 153 24 75 |
| PRODUCER | EFFECTIVE DATE |
| Marsh & McLennan | 6/30/82 |

In consideration of the premium charged, it is agreed Insuring Agreement 2, Limit of Liability, is changed to read as follows:

2.   Limit of Liability.
     The Company shall be liable only for the limit of liability
     stated in Item 3 of the Declarations in excess of the limit or
     limits of liability of the applicable underlying insurance
     policy or policies all as stated in the declarations of this
     policy.  The limit of the liability stated in the declarations
     as applicable to "each occurrence" shall be the total limit of
     the Company's liability for all damages sustained as the
     result of any one occurrence, provided, however, in the event
     of reduction or exhaustion of the applicable aggregate limit
     or limits of liability under said underlying policy or
     policies solely by reason of losses paid thereunder on account
     of occurrences during this policy period, this policy shall in
     the event of reduction, apply as excess of the reduced limit
     of liability thereunder.  Subject to the applicable limit of
     liability as respects each occurrence, the limit of liability
     stated in the declarations as "aggregate" shall be the total
     limit of the Company's liability for all damages sustained
     during each annual period of this policy because of (i)
     personal injury and property damage arising out of the
     completed operations hazard and products hazard combined; or
     (ii) advertising whenever occurring by whatever media; on
     account of all occurrences; or (iii) injury arising out of any
     hazard, other than as described in (i) and (ii), to which the
     underlying policy affords coverage subject to an aggregate
     limit and to which this policy also applies.

All other terms and conditions of the policy remain the same and unchanged.

| | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|
| ONE OF THE FIREMAN'S FUND INSURANCE COMPANIES AS NAMED IN THE POLICY | |
| PRESIDENT       10-X | |

180001—1-65

3328971736

## Architects, Engineers or Surveyors—Professional Liability Exclusion    #2

It is agreed that this policy shall not apply to any liability arising out of any professional services performed by or for the Insured, including, but not limited to

(a)  the preparation or approval of maps, plans opinions, reports, surveys designs or specifications and

(b)  Supervisory, inspection or engineering services



| 3-80 POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| XLX 153 24 75 | V.R. Grace & Co. | 6/30/82 |

FIREMAN'S FUND INSURANCE COMPANIES
ONE OF THE
AS NAMED IN THE POLICY

PRESIDENT          10X

PRODUCER

COUNTERSIGNATURE OF AUTHORIZED AGENT

180009—6-65 SETS

328971737

## SCHEDULE OF UNDERLYING INSURANCE

| INSURED W.R. Grace & Co. | POLICY NUMBER 3-80 XLX 153 24 75 |
|---|---|
| PRODUCER Marsh & McLennan | EFFECTIVE DATE 6/30/82 |

### $75,000,000  XS  $75,000,000

| | |
|---|---|
| London | $10,000,000 |
| Transit Casualty | $ 4,000,000 |
| Am. Centennial | $ 5,000,000 |
| National Union | $16,000,000 |
| Ideal Mutual | $ 3,000,000 |
| Granite State | $ 8,500,000 |
| Hartford | $ 3,000,000 |
| Fireman's Fund | $ 4,000,000 |
| Centennial | $ 4,000,000 |
| Midland | $ 3,000,000 |
| Birmingham | $ 2,000,000 |
| Assoc. Int'l. | $ 5,000,000 |
| Guarantee | $ 3,000,000 |
| Allianz | $ 1,000,000 |
| Zurich | $ 3,500,000 |

ONE OF THE
FIREMAN'S FUND INSURANCE COMPANIES
AS NAMED IN THE POLICY

PRESIDENT          10-X

COUNTERSIGNATURE OF AUTHORIZED AGENT

180001—1-65

# SCHEDULE OF UNDERLYING INSURANCE    #1

| INSURED | W.R. Grace & Co. | POLICY NUMBER | J-80 XLX 153-24 75 |
|---|---|---|---|
| PRODUCER | Marsh & McLennan | EFFECTIVE DATE | 6/30/82 |

### $5,000,000 XS Primary

| | |
|---|---|
| London | $ 4,000,000 |
| Transit Casualty | $ 1,000,000 |

### $20,000,000 XS $5,000,000

| | |
|---|---|
| London | $11,250,000 |
| Transit Casualty | $ 4,750,000 |
| Granite State | $ 4,000,000 |

### $50,000,000 XS $25,000,000

| | |
|---|---|
| London | $16,000,000 |
| A.I.U. | $ 4,000,000 |
| Hartford | $ 1,500,000 |
| Granite State | $10,000,000 |
| Transit Casualty | $14,000,000 |
| Gerling Konzern | $ 1,000,000 |
| National Union | $ 1,000,000 |
| Integrity | $ 2,000,000 |
| Guarantee | $ 500,000 |

ONE OF THE
FIREMAN'S FUND INSURANCE COMPANIES
AS NAMED IN THE POLICY.                PRESIDENT    10-X

COUNTERSIGNATURE OF AUTHORIZED AGENT

180001—1-85

| PRODUCER'S CODE | NAME AND LOCATION | | PREVIOUS POLICY NUMBER | POLICY PREFIX AND NUMBER | |
|---|---|---|---|---|---|
| LY- 51 353 920 | Marsh & McLennan | | XLX 153 24 91 5- | XLX-153 24 75 | X |
| BRANCH | | | | 3328971739 | O |

TO
A

| COVERAGE PROVIDED 91 FIREMAN'S FUND |
| IN COMPANY DESIG. 18 THE AMERICAN |
| NOTED BY NUMBER 97 NATIONAL SURETY |

ITEM 1. INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)

W. R. Grace & Co.
1114 AVenue of the Americas
New York, N.Y. 10036

POLICY PERIOD:

ITEM 2.

| 6/30/82 | 6/30/83 |
|---|---|
| INCEPTION (MO. DAY YR ) | EXPIRATION (MO. DAY YR ) |
| 12 01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN. | |

AGENT PLEASE SHOW RATE OF COMMISSION    COMM
1

ITEM 3.                LIMIT OF LIABILITY:

$ 11,000,000 . EACH OCCURRENCE P/O $100,000,000
$ 11,000,000 . AGGREGATE

ITEM 4.                        UNDERLYING INSURANCE LIMIT OF LIABILITY

$150,000,000 . EACH OCCURRENCE

Endt. #5

"It is agreed that except only with respect to policy period, premium, limits
of liability and architects, engineers or surveyors professional liability
exclusion, this policy is hereby amended to follow all the terms, conditions,
definitions, and exclusions of the first layer umbrella policy (London and
various British) XY017582 and all renewals and replacements thereof."

| POLICY NUMBER | INSURED | | EFFECTIVE |
|---|---|---|---|
| 3-80 XLX 153 24 75 | W. R. Grace & Co. | | 6/30/82 |

ONE OF THE
FIREMAN'S FUND INSURANCE COMPANIES
AS NAMED IN THE POLICY

*Myron Du Cam*

PRESIDENT                    10-X

PRODUCER
Marsh & McLennan
COUNTERSIGNATURE OF AUTHORIZED AGENT

180009—6-65 SETS

3328971740

#4

## CANCELLATION AMENDMENT ENDORSEMENT (EXCESS UMBRELLA)

It is hereby understood and agreed that the first (1st) sentence of Condition 8, CANCELLATION, is voided and replaced by the following:

"This policy may be cancelled by either party upon forty five (45) days thirty (30) days notice with respect to cancellation for non-payment of premium, in writing to the other stating the date cancellation shall be effective."

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

| POLICY NUMBER | INSURED | PRODUCER | EFFECTIVE |
|---|---|---|---|
| 3-80 XLX 153 24 75 | W.R. Grace & Co. | | 6/30/82 |
| | | COUNTERSIGNATURE OF AUTHORIZED AGENT | |

ONE OF THE
FIREMAN'S FUND INSURANCE COMPANIES
AS NAMED IN THE POLICY

*Myron Du Bain*
PRESIDENT

10-X

180009—8-65 SETS

## 3328971741

| AMENDATORY ENDORSEMENT - LIMIT OF LIABILITY | #3 |
|---|---|

| INSURED | POLICY NUMBER |
|---|---|
| W.R. Grace & Co. | 3-80 XLX 153 24 75 |
| PRODUCER | EFFECTIVE DATE — |
| Marsh & McLennan | 6/30/82 |

In consideration of the premium charged, it is agreed Insuring Agreement 2, Limit of Liability, is changed to read as follows:

2. Limit of Liability.
The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder on account of occurrences during this policy period, this policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy because of (i) personal injury and property damage arising out of the completed operations hazard and products hazard combined; or (ii) advertising whenever occurring by whatever media, on account of all occurrences; or (iii) injury arising out of any hazard, other than as described in (i) and (ii), to which the underlying policy affords coverage subject to an aggregate limit and to which this policy also applies.

All other terms and conditions of the policy remain the same and unchanged.

| ONE OF THE FIREMAN'S FUND INSURANCE COMPANIES AS NAMED IN THE POLICY | *Myron Du Cam* PRESIDENT 10-K | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|---|

180001—1-65

3328971742

| Architects, Engineers or Surveyors-Professional Liability Exclusion | #2 |

It is agreed that this policy shall not apply to any liability arising out of any professional services performed by or for the insured, including, but not limited to

(a)  the preparation or approval of maps, plans opinions, reports, surveys designs or specifications and

(b)  Supervisory, inspection or engineering services

| POLICY NUMBER 3-60 XLX 153 24 75 | INSURED W.R. Grace & Co. | EFFECTIVE 6/30/82 |
| --- | --- | --- |

FIREMAN'S FUND INSURANCE COMPANIES
ONE OF THE
AS NAMED IN THE POLICY

*Myron Du Bain*
PRESIDENT          10 X

PRODUCER

COUNTERSIGNATURE OF AUTHORIZED AGENT

180009—6-65 SETS

3328971743 Ⓧ

| SCHEDULE OF UNDERLYING INSURANCE | #1 |
| --- | --- |

| INSURED W.R. Grace & Co. | POLICY NUMBER 3-80 XLX 153 24 75 |
| --- | --- |
| PRODUCER Marsh & McLennan | EFFECTIVE DATE 6/30/82 |

**$5,000,000 XS Primary**

| London | $ 4,000,000 |
| Transit Casualty | $ 1,000,000 |

**$20,000,000 XS $5,000,000**

| London | $11,250,000 |
| Transit Casualty | $ 4,750,000 |
| Granite State | $ 4,000,000 |

**$50,000,000 XS $25,000,000**

| London | $16,000,000 |
| A.I.U. | $ 4,000,000 |
| Hartford | $ 1,500,000 |
| Granite State | $10,000,000 |
| Transit Casualty | $14,000,000 |
| Gerling Konzern | $ 1,000,000 |
| National Union | $ 1,000,000 |
| Integrity | $ 2,000,000 |
| Guarantee | $   500,000 |



| ONE OF THE<br>FIREMAN'S FUND INSURANCE COMPANIES<br>AS NAMED IN THE POLICY | *Myron du Bain*<br>PRESIDENT    10-X | COUNTERSIGNATURE OF AUTHORIZED AGENT |
| --- | --- | --- |

180001—1-6B

RISK SUMMARY                                    3328971744 c

NEW ☐        RENEWAL ☒        UMBRELLA ☐        EXCESS ☐        OTHER ☐
                                               _umbrella_

INSURED: _W.R. Grace & Co_                        PERIOD: _6/30/82_ TO _83_

_1114 Ave. of the Americas_                       ASSIGNED #: _XLY-1532475_

_New York, N.Y. 10036_

PRODUCER: _Marsh & McLennan_        ATT: _Thomas Evans_

POLICY LIMIT: _1M fb 100M xs 150M_        SIR: _N/A_   PREMIUM: _5,500_

ENDORSEMENTS:  TOTAL NUMBER ( )        COMMISSION: _10%_

_same as expiring_
_schedule of underlying — see attached)_

TREATY LIMITS _7_          ABA LIMITS _N/A_      ABA FORM COMPLETED ☐

REQUEST COPY OF FIRST UMBRELLA _Yes_    FACULTATIVE REINSURANCE: YES ☒ NO ☐

FACULTATIVE RECAP

FIREMAN'S FUND RETENTION: _7,000,000._

FACULTATIVE PARTICIPANTS    (QUOTA SHARE UNLESS INDICATED OTHERWISE)

| CERTIFICATES RECD. & CHECKED | CONTACT & COMPANY | ASSIGNED CERT. # | LIMIT | GROSS PREMIUM | CEDING COMMISSION |
|---|---|---|---|---|---|
| | _Mr (Steve Mooney)_ | | _4M_ | _2000_ | _22.5%_ |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

CODING PERCENTAGES:

AUTO _____        BI _____        PD _____

ALL OL&T _____        BI _____        PD _____

CONTRACTORS _____        BI _____        PD _____

ALL OTHER M&C _____        BI _65_              PD _35_

ALL PRODUCTS _____        BI _____        PD _____

CLEARANCE -- COMPLETED        N.Y. ☒    BRANCH ☐ _____

UNDERWRITER: _Fran L Monaco for Kevin Talty_
_9-20-82_

**3328971745**

## ENTRY INSTRUCTIONS—P & SR—CASUALTY—7-82 | CEDED REINSURANCE

| ENTRY TRANSACTION NUMBER 1 | | | ALLOCATION OF LIMITS | TOTAL POLICY LIMIT | E & SR TREATY LIMIT | E & SR SURPLUS TREATY LIMIT |
|---|---|---|---|---|---|---|
| ORIGINAL | END NO | REVISION EFF DATE | POLICY NUMBER | | | |
| ☒ | | | XLX 153 21 75 | 11,000,000 | 7,000,000 | |

| BRANCH | INSURED | | PREMIUM ALLOCATION | |
|---|---|---|---|---|
| NYK 3-80 | W. R. Grace | GROSS | E & SR TREATY 99-002-087 | E & SR SURPLUS TREATY 99-002-042 |
| | | ☒ ADDITIONAL | CODE 92 06 % | CODE 100 % |
| | | ☐ RETURN | OF 64 % OF | OF % OF |
| | | PREMIUM DUE | GROSS PREMIUM TO TREATY | GROSS PREMIUM TO TREATY |
| | | PRODUCER'S COMM 10 | PF COMM 38 61% | PF COMM 32 5% |

| U/P | CLASS | MINOR CLASS | | | | | |
|---|---|---|---|---|---|---|---|
| 701 MISC. | 11111 | 01 MECHANICAL RIDE  00 OTHER | CLASS 01362 | 00 OTHER M&C | BI 93 03 | PD 94 03 | BI 93 03 | PD 94 03 | BI 93 03 | PD 94 03 |
| | 0796 | 01 RAIN 02 PROD WORA W B 03 CONTGCY 04 NON APP  05 TVB 08 TWIN 09 HOLE-IN-ONE 00 OTHER | | | XXX | 82 39 | XXX | 82 39 | XXX | 82 39 |
| 702 O & N | 48303 | 03 RADIO 04 TELEVISION CLASS 73110 01 ADVERTISERS 02 ADV AGENCY | COVER 1 2 3 | CLMS MADE DATE | BI 93 08 | XXX | BI 93 08 | XXX | BI 93 08 | XXX |
| | 73920 | 05 CR BUR 10 PAPER 16 CATV 06 EDP 12 P PIN 00 OTHERS 09 MAG O 17 SEC | COVER 1 2 3 | CLMS MADE DATE | BI 93 08 | XXX | BI 93 08 | XXX | BI 93 08 | XXX |
| | 97776 | 01 CPA 04 ARCHS ENG 02 LAWYERS 00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 93 08 | XXX | BI 93 08 | XXX | BI 93 08 | XXX |
| | 80888 | 01 PHY SURG DENT 02 HOSPITAL 03 ALL OTHER MEDICAL PROF | COVER 1 2 3 4 5 6 7 | CLMS MADE DATE | BI 93 76 | XXX | BI 93 76 | XXX | BI 93 76 | XXX |

| APPLICABLE TO 701-702 | POLICY LIMITS 1 2 3 4 5 | E & SR TREATY LIMITS 1 2 3 4 5 | | |
|---|---|---|---|---|

| 711 ORDINARY EXCESS | 7030 | 04 TRUCKMEN  00 OTHER COMMERCIAL | | BI 93 94 | PD 94 94 | BI 93 94 | PD 94 94 | BI 93 94 | PD 94 94 |
| | 9000 | 01 BUSES  00 OTHER PUBLIC | | BI 93 94 | PD 94 94 | BI 93 94 | PD 94 94 | BI 93 94 | PD 94 94 |
| | 01362 | 00 ALL OL & T | | BI 93 03 | PD 94 03 | BI 93 03 | PD 94 03 | BI 93 03 | PD 94 03 |
| | 97778 | 00 ALL M & C | 65/35 | BI 93 03 3575 | PD 94 03 1775 | BI 93 03 1184 | PD 94 03 638 | BI 93 03 | PD 94 03 |
| | 97777 | 00 ALL PRODUCTS | | BI 93 04 | PC 94 04 | BI 93 04 | | BI 93 04 | |
| | 97774 | 01 CPA 04 ARCHS ENG 02 LAWYERS 00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 93 08 | XXX | BI 93 08 | XXX | BI 93 08 | XXX |
| | 80888 | 01 PHY SURG DENT 02 HOSPITAL 03 ALL OTHER MEDICAL PROF | COVER 1 2 3 4 5 6 7 | CLMS MADE DATE | BI 93 76 | XXX | BI 93 76 | XXX | BI 93 76 | XXX |
| | 0388 | WORKERS COMPENSATION 1 2 3 4 5 6 7 8 9 | UNDERLYING SUM CODE | | BI 10 | XXX | BI 10 | | BI 10 | |

| EXCESS POLICY LIMITS 1 2 3 4 5 6 ⑦ | PRIMARY BI LIMITS 1 2 3 4 5 6 7 8 ⑨ | PRIMARY PD LIMITS 0 1 2 3 4 5 6 7 8 9 ⑩ | E & SR TREATY LIMITS 1 2 3 4 ⑤ |
|---|---|---|---|

| 712 SUPERCOVER | 7030 | 04 TRUCKMEN  00 OTHER COMMERCIAL | | BI 93 94 | PD 94 94 | BI 93 94 | PD 94 94 | BI 93 94 | PD 94 94 |
| | 9000 | 01 BUSES  00 OTHER PUBLIC | | BI 93 93 | PD 94 94 | BI 93 94 | PD 94 94 | BI 93 94 | PD 94 94 |
| | 01362 | 00 ALL OTHER OL & T 09 CONDOS | | BI 93 03 | PD 94 03 | BI 93 03 | PD 94 03 | BI 93 03 | PD 94 03 |
| | 97778 | 01 CONTRACTORS  00 ALL OTHER M & C | | BI 93 04 | PD 94 04 | BI 93 04 | PD 94 04 | BI 93 04 | PD 94 04 |
| | 97777 | 00 ALL PRODUCTS | | BI 93 04 | PD 94 04 | BI 93 04 | PD 94 04 | BI 93 04 | PD 94 04 |
| | 97774 | 01 CPA 04 ARCHS 00 OTHERS 02 LAWYERS 03 CONDOS D & O | COVER 1 2 3 | CLMS MADE DATE | BI 93 08 | XXX | BI 93 08 | XXX | BI 93 08 | XXX |
| | 80888 | 01 PHY SURG DENT 02 HOSPITAL 03 ALL OTHER MEDICAL PROF | COVER 1 2 3 4 5 6 7 | CLMS MADE DATE | BI 93 76 | XXX | BI 93 76 | XXX | BI 93 76 | XXX |

| EXCESS POLICY LIMITS 1 2 3 4 5 | PRIMARY BI LIMITS 1 2 3 4 5 | PRIMARY PD LIMITS 0 1 2 3 4 5 6 7 | HILO RISK IDENTITY 1 2 3 | E & SR TREATY LIMITS 1 2 3 4 |
|---|---|---|---|---|

| UNDERWRITER | DATE | | DOES OUTSIDE REINSURANCE APPLY? |
|---|---|---|---|
| [signature] | 7/23/82 | ⟶ | ☐ NO ☒ YES—SEE REVERSE SIDE |

3B0090—7-82

## 3328971746

©

MORE ENTRY INSTRUCTIONS (CONTINUED FROM REVERSE SIDE)

# FACULTATIVE CEDED REINSURANCE

| | | LIABILITY (PERCENT OR DOLLARS) | PREMIUM TO REINSURER | | REINS COMM |
|---|---|---|---|---|---|
| | | | B.I. | P.D. | |
| **REINSURER** | H.B.G. HANOVER RE GERMANY | * | | | |
| | C/O ESRM INC. | | | | |
| **MAILING ADDRESS** | ☐ SAN FRANCISCO | | | | |
| | ☐ NEW YORK | 4,000,000 | 1300 | 700 | 22½ |
| | ☒ CHICAGO | | | | |
| **REINSURANCE CERT. NO.** | | | | | |
| **PAY PREMIUM TO REINS. COMPANY** | | | | | (INCLUDING TAX & BOARD) |
| **REINSURER** | | | B.I. | P.D. | |
| **MAILING ADDRESS** | | | | | |
| **REINSURANCE CERT. NO.** | | | | | |
| **PAY PREMIUM TO** REINS. COMPANY ☐   REINS. BROKER ☐   PRODUCER ☐ | | | | | (INCLUDING TAX & BOARD) |
| **REINSURER** | | | B.I. | P.D. | |
| **MAILING ADDRESS** | | | | | |
| **REINSURANCE CERT. NO.** | | | | | |
| **PAY PREMIUM TO** REINS. COMPANY ☐   REINS. BROKER   PRODUCER | | | | | (INCLUDING TAX & BOARD) |

99-002-335

---

### TO: CLAIMS (FOR CLAIMS DEPARTMENT USE ONLY)

1. IF LIABILITY CEDED BLOCK ABOVE (NOTE*) INDICATES "FIRST LOSS—100% OF . ." THE FACULTATIVE REINSURER HAS ASSUMED 100% OF LIMIT AND COVERAGES INDICATED. IF APPLICABLE, ALLOCATE THIS PORTION OF TOTAL POLICY LOSS FIRST, THEN PROCEED AS INDICATED BELOW.

2. DISTRIBUTE THAT PART OF THE TOTAL POLICY LOSS (RESERVE OR PAYMENTS) ALLOCATED TO THE E & SR TREATY AS FOLLOWS:

| E & SR TREATY'S (NOT E & SR SURPLUS TREATY) SHARE OF LOSS AS SHOWN UNDER CEDED REINSURANCE IN THE SPACE TITLED." E & SR TREATY LIMIT" ON REVERSE SIDE. | LOSS ALLOCATION | |
|---|---|---|
| | FIREMAN'S FUND'S SHARE (NET TO F.F.) | REINSURANCE SHARE |
| FIRST $1,000,000 OF LOSS TO E & SR TREATY: | 50% OF LOSS | 50% OF LOSS |
| NEXT $2,000,000 OF LOSS TO E & SR TREATY. | 25% OF LOSS | 75% OF LOSS |
| NEXT $2,000,000 OF LOSS TO E & SR TREATY | 25% OF LOSS | 75% OF LOSS |
| NEXT $5,000,000 OF LOSS TO E & SR TREATY | 10% OF LOSS | 90% OF LOSS |

3. ALLOCATE REMAINING PORTION OF TOTAL LOSS (IF ANY) AS PER THE PERCENTAGE (OR DOLLARS) SHOWN UNDER CEDED REINSURANCE IN THE SPACE TITLED "E & SR SURPLUS TREATY LIMIT" ON THE REVERSE SIDE AND FACULTATIVE REINSURANCE (IF SHOWN ABOVE).

---

ENTRY DEPARTMENT—REFER TO REVERSE SIDE FOR CODING INSTRUCTIONS.

Marsh & McLennan, Incorporated
1221 Avenue of the Americas, New York, N.Y. 10020
Telephone 212 997 2000

**3328971747**

**Binder** MCL-1044

Mr. Charles F. Krauter
AssistantTreasurer
Director Corporate Risk Management
W. R. Grace & Co.
1114 Avenue of the Americas
New York, N. Y. 10034

June 18, 1982
Date

Nº **168806**

Insured:

W. R. GRACE & CO. , ETAL

| Companies, Policy Numbers, Amounts and Signatures | Amount | Rate of Premium | Effective | Expiring |
|---|---|---|---|---|
| | | | 6/30/82 | 6/30/83 |

Firemans Fund Insurance Co.
110 William Street
New York, N.Y.  10038

**Excess Umbrella Liabilty**

As agreed please bind $11 Million part of $100 Million
excess of $150 Million.

1) Coverage, terms and conditions following form
   of lead umbrella (London).

2) Annual Premium - $5,500.

Attn: XLX 153 2475
Kevin Talty

3) Following form endorsement to be issued with
   policy (sample attached).

4) Please advise policy number as soon as possible

5) Commission - 10%

*Rec'd for K. Talty*
*K. Ragel 6-21-82*

☐ Reporting Form   ☐ Forms Herewith   ☐ Forms To Come   ☐ Use Company Forms   ☐ Copies and Original

This binder is subject to the terms of the usual form policy issued to provide the type of insurance described, except as noted.

BY   Thomas Evans

UNIT   MAD – CASUALTY

©320971748

### Following Form Endorsement

"It is agreed that except only with respect for policy
terms, premium and limit of liability, this policy is
hereby amended to follow all the terms, conditions,
definitions and exclusions of the first layer Umbrella
policy, ( Policy # To Be Advised   ) and all renewals and
replacement thereof.  It is further agreed that all
preprinted terms and conditions hereon are deleted to
the extent that they vary from or are inconsistent with
the terms and conditions of the first layer Umbrella."

3328971730

F

A

## NOTICE OF REINSTATEMENT

| POLICY NUMBER | EFFECTIVE DATE OF REINSTATEMENT | ISSUING OFFICE | DATE MAILED |
|---|---|---|---|
| XIX 153 24 75a | 1-20-83 | XJPS    NY | 1-4-83 |

We are pleased to tell you that your policy, which was canceled, is reinstated. The reinstated policy is effective on the date listed above at the standard time specified in your policy.

The policy was not in force if time elapsed between the cancellation and the reinstatement.

NAME AND ADDRESS OF INSURED

NAME AND ADDRESS OF
MORTGAGEE, LIENHOLDER OR LOSS PAYEE

W R Grace and Co
1114 Ave of the Americas
New York, NY 10036

AGENT OR BROKER

Code: 31 559 920
Marsh and McLennan
1221 Avenue of the Americas
New York, NY 10020

☐ FIREMAN'S FUND INSURANCE COMPANY
☐ THE AMERICAN INSURANCE COMPANY
☐

☐ NATIONAL SURETY CORPORATION
☐ ASSOCIATED INDEMNITY CORPORATION
☐ AMERICAN AUTOMOBILE INSURANCE COMPANY

AUTHORIZED SIGNATURE

BRANCH COPY

485050—3-80

332897173

## NOTICE OF CANCELLATION OR NONRENEWAL

If this notice affords a greater period of notice than that specified in the policy contract, the provisions of this notice shall control

| EFFECTIVE DATE OF CANCELLATION OR TERMINATION | ISSUING OFFICE | DATE MAILED |
|---|---|---|
| 1/20/83 | NJPS      NY | 12/21/82 |

If this notice applies to a policy that provides Fire Insurance coverage and you have trouble replacing it, contact your agent or broker. You may be eligible for coverage thru the Fair Access to Insurance Requirements Plan (FAIR Plan), if the plan is available in your state.

| POLICY NUMBER AND NAME AND ADDRESS OF INSURED | INSURED'S POLICY NUMBER AND NAME AND ADDRESS OF MORTGAGEE OR LOSS PAYEE |
|---|---|
| XLX 153 24 75 W. R. Grace & Co. 1114 Avenue of the Americas New York NY 10036 | |

**APPLICABLE PARAGRAPH IS MARKED** [X]                                                     $5500.00

[ ] CANCELLATION: We must tell you that your policy will be cancelled on the effective date listed in this notice at the standard time specified in your policy. Any claim originating prior to this date will not be affected by this cancellation. Any unearned premium due you will be refunded if it does not accompany this notice. If you have not discussed your continued insurance protection with your agent or broker, please contact him about other insurance plans. We are sorry that protection cannot be continued.

[ ] NONRENEWAL: We wish to notify you that your current insurance policy will not be renewed and your coverage will end on the termination date shown above, at the standard time specified in your policy. If you have not discussed your continued insurance protection with your agent or broker, please contact him about other insurance plans. We are sorry that protection cannot be continued.

[ ] CANCELLATION — NONPAYMENT OF PREMIUM Because we have not received the balance due, we must tell you that your policy will be cancelled on the effective date listed in this notice at the standard time specified in your policy. Any claim originating prior to this date will not be affected by this cancellation. If you are entitled to any unearned premium that does not accompany this notice it will be refunded. We are sorry that your protection cannot be continued under this policy. If the amount due is received in our office before the effective date of cancellation, your policy will be fully reinstated. Please send the payment to [ ] the Company [XXX] your agent or broker.

| AGENT OR BROKER | | |
|---|---|---|
| Code:      31 559 920 Marsh & McLennan 1221 Avenue of the Americas New York NY 10020 | [ ] FIREMAN'S FUND INSURANCE COMPANY [ ] THE AMERICAN INSURANCE COMPANY | [ ] NATIONAL SURETY CORPORATION [ ] ASSOCIATED INDEMNITY CORPORATION [ ] AMERICAN AUTOMOBILE INSURANCE COMPANY |

_Lee House_
AUTHORIZED SIGNATURE

BRANCH COPY

# BLANKET EXCESS LIABILITY POLICY
## (FOLLOWING FORM)

Coverage is provided in the Company designated by number, a stock insurance Company (herein called the Company)

## DECLARATIONS

**1. INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)**

**FIREMAN'S FUND INSURANCE COMPANIES**
MAIL ADDRESS
SAN FRANCISCO
CALIFORNIA

| | | |
|---|---|---|
| 01 | FIREMAN'S FUND INSURANCE COMPANY | SAN FRANCISCO, CALIFORNIA |
| 18 | THE AMERICAN INSURANCE COMPANY | PARSIPPANY, NEW JERSEY |
| 07 | NATIONAL SURETY CORPORATION | CHICAGO, ILLINOIS |
| 13 | ASSOCIATED INDEMNITY CORPORATION | SAN FRANCISCO, CALIFORNIA |
| 15 | AMERICAN AUTOMOBILE INSURANCE COMPANY | CREVE COEUR, MISSOURI |

**POLICY PERIOD:**

**ITEM 2.**

INCEPTION (MO. DAY YR.)       EXPIRATION (MO. DAY YR.)
12:01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

**ITEM 3.**
LIMIT OF LIABILITY:
$ . EACH OCCURRENCE
$ . AGGREGATE

**ITEM 4.**
UNDERLYING INSURANCE LIMIT OF LIABILITY
$ . EACH OCCURRENCE
$ . AGGREGATE

**ITEM 5.** PREMIUM BASIS
$

**ITEM 6.**
ADVANCE PREMIUM: $
ANNUAL MINIMUM PREMIUM: $

IN THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY SHALL RECEIVE AND RETAIN NOT LESS THAN $ THE POLICY MINIMUM PREMIUM.

**ITEM 7. SCHEDULE OF UNDERLYING INSURANCE:**

## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy.

## INSURING AGREEMENTS

**1. Coverage.** To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

**2. Limit of Liability.** The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder or on account of occurrences during this policy period, this

policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

**3. Policy Period.** This policy applies only to occurrences which take place during the policy period.

## DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the Insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

## CONDITIONS

**1. Maintenance of Primary Insurance.** The Insured warrants, and it is a condition of this policy, that at the inception of this policy, insurance afforded by the underlying policies of insurance (apply-

(Continued on Page Two)

COUNTERSIGNATURE DATE                    COUNTERSIGNATURE OF AUTHORIZED AGENT

PAGE ONE

5902—2-72

IV—D