3C

| PRODUCER'S CODE | NAME AND LOCATION | | PREVIOUS POLICY NUMBER | POLICY PREFIX AND NUMBER |
|---|---|---|---|---|
| KYK 311 559 920 | Marsh & McLennan | | XLX X48 14 90 80 | XLX-153 24 74 |
| BRANCH | | | REV. 3328971642 | 0 |

| CO. 01 | COVERAGE PROVIDED BY COMPANY DESIGNATED BY NUMBER | 01 FIREMAN'S FUND 03 THE AMERICAN 07 NATIONAL SURETY | SEP 24 1982 |

ITEM 1. INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)

W.R. Grace & Co.
1114 Avenue of the Americas
New York, N.Y. 10036

R/I

POLICY PERIOD:

ITEM 2.

| 6/30/82 | 6/30/83 |
|---|---|
| INCEPTION (MO. DAY YR.) | EXPIRATION (MO DAY YR.) |

12:01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

AGENT: PLEASE SHOW RATE OF COMMISSION ▶ COMM

| ITEM 3. | LIMIT OF LIABILITY: | | |
|---|---|---|---|
| | $ 4,000,000 | EACH OCCURRENCE | P/O $75,000,000 |
| | $ 4,000,000 | AGGREGATE | |

UNDERLYING INSURANCE LIMIT OF LIABILITY

| ITEM 4. | | | |
|---|---|---|---|
| | $ 75,000,000 | EACH OCCURRENCE | |
| | $ 75,000,000 | AGGREGATE | |

| ITEM 5. | PREMIUM BASIS | ITEM 6. | ADVANCE PREMIUM: $ 5,000 |
|---|---|---|---|
| $ | Flat Charge | | ANNUAL MINIMUM PREMIUM: $ 5,000 |

IN THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY SHALL RECEIVE AND RETAIN NOT LESS THAN $ AS THE POLICY MINIMUM PREMIUM.

ITEM 7. SCHEDULE OF UNDERLYING INSURANCE:

See End't. #1         BPIS
SEP 30 1982

## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### INSURING AGREEMENTS

**1. Coverage.** To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

**2. Limit of Liability.** The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder on account of occurrences during this policy period, this

policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

**3. Policy Period.** This policy applies only to occurrences which take place during the policy period.

### DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the Insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

### CONDITIONS

**1. Maintenance of Primary Insurance.** The Insured warrants and it is a condition of this policy, that at the inception of this policy, insurance afforded by the underlying policies of insurance apply

(Continued on Page Two)

| COUNTERSIGNATURE DATE | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|
| 9/23/82 hr Tax Terr Code 06029 | |

BLANKET EXCESS LIABILITY POLICY (FOLLOWING FORM) 5902-2-7

ing as excess over various policies of primary insurance) with combined limits of liability for said underlying insurance stated in Item 4 of the declarations, or renewals or replacements thereof not affording coverages other than those at inception of this policy, shall be maintained in full effect during the period of this policy, except for reduction of aggregate limits solely as a result of payment of claims arising out of occurrences during this policy period. such underlying insurance is not maintained in full effect by the Insured or if there is any change in the scope of coverage under any underlying insurance, the insurance afforded by this policy shall apply in the same manner as though such underlying policies had been so maintained and unchanged.

The insurance afforded by this policy is subject to the same warranties, terms (including the terms used to describe the application of the limits of liability), conditions and exclusions as are contained in the underlying insurance on the effective date of this policy, except, unless otherwise specifically provided in this policy, any such warranties, terms, conditions or exclusions relating to premium, the obligation to investigate and defend, the amount and limits of liability, and any renewal agreement.

**2. Notice of Occurance.** The Insured shall immediately advise the Company of any occurrence or disaster which will probably result in liability under this policy. The Company shall not, however, be called upon to assume charge of the settlement or defense of any claims made, or suits brought, or proceedings instituted against the Insured, but shall have the right and opportunity to be associated with the Insured in the defense and trial of any such claims, suits or proceedings relative to any occurrence which, in the opinion of the Company, may create liability on the part of the Company under the terms of the policy. If the Company avails itself of such right and opportunity, the Insured and the Company shall cooperate in all respects so as to effect a final determination of the claim or claims.

**3. Payment of Loss.** It is a condition of this policy that the insurance afforded under this policy shall apply only after all underlying insurance has been exhausted. Upon final determination by settlement, award or verdict of the liability of the Insured, the Company shall promptly pay the Insured as the Insured shall pay, or be required to pay, the amounts of any losses falling within the terms or limits of this insurance. All losses covered under this policy shall be due and payable by the Company within 30 days after they are respectively claimed and proof of loss filed with the Company in conformity with this policy. Bankruptcy or insolvency of the Insured shall not relieve the Company of any of its obligations under.

**4. Payment of Expenses.** Loss expenses and legal expenses, including court costs and interest, if any, which may be incurred by the Insured with the consent of the Company in the adjustment or defense of claims, suits or proceedings shall be borne by the Company and the Insured in the proportion that each party's share of loss bears to the total amount of said loss. Loss expense hereunder shall not include salaries and expense of the Insured's employees incurred in investigation, adjustment and litigation.

**5. Appeal.** In the event the Insured or any underlying insurer elects not to appeal a judgment in excess of the amount of the underlying insurance, the Company may elect to appeal at its expense and shall be liable for the expenses incidental thereto, but in no event shall the liability of the Company for ultimate net loss exceed the amount set forth in the policy plus the expenses incidental to such appeal.

**6. Subrogation.** In the event of any payment of this policy, the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

Any amount recovered as subrogation shall be apportioned in the inverse order of payment of loss to the extent of actual payment. The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries. If there is no recovery in proceedings conducted solely by the Company, the Company shall bear the expenses thereof.

**7. Premium.** The premium for this policy shall be computed upon the basis stated in the Declarations. The advance premium stated in the Declarations, unless otherwise specified is an estimated premium only. Upon termination of this policy the earned premium shall be computed and if the actual premium is more than the advance premium paid, the Named Insured shall pay the excess to the Company; if less, the Company shall return to the Named Insured the unearned portion, subject to the annual minimum premium stated in the Declarations for each twelve months of the policy period, and subject further to the policy minimum premium as stated in the Declarations.

**8. Cancellation.** This policy may be cancelled by either party upon 30 days' notice in writing to the other stating the date cancellation shall be effective. If cancellation is at the request of the Insured adjustment of premium shall be at short rate, and if cancelled by the Company, adjustment shall be made pro rata. However, in the event of cancellation or termination of the underlying insurance, this policy shall cease to apply at the same time without notice to the Insured. Notice shall be given by the Company to the Insured at the address shown in the declarations. Payment or tender of unearned premium is not a condition of cancellation.

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

### (BROAD FORM)

It is agreed that the policy does not apply:

I. Under any Liability Coverage, to injury, sickness, disease, death or destruction

(a) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

II. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

(a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

(b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

(c) the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

III. As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or byproduct material;

"source material," "special nuclear material," and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating

(Continued on Next Page)

(Continued from Preceding Page)

the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

IN WITNESS WHEREOF, FIREMAN'S FUND INSURANCE COMPANY has caused this Policy to be signed by its President and Secretary but this Policy shall not be valid unless countersigned by a duly authorized Agent of the Company.

SECRETARY

PRESIDENT

FINAL PAGE

3328971643

Endt. #5

"It is agreed that except only with respect to policy period, premium, limits
of liability and architects, engineers or surveyors professional liability
exclusion, this policy is hereby amended to follow all the terms, conditions,
definitions and exclusions of the first layer umbrella policy (London and
various British) KY017582 and all renewals and replacements thereof."

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| 3-80 XLX 153 24 74 | W.R. Grace & Co. | 6/30/82 |

ONE OF THE
**FIREMAN'S FUND INSURANCE COMPANIES**
AS NAMED IN THE POLICY

*Myron Du Bain*
PRESIDENT      10X

PRODUCER
**Marsh & McLennan**
COUNTERSIGNATURE OF AUTHORIZED AGENT

180009—6-65 SETS

3328971644

## CANCELLATION AMENDMENT ENDORSEMENT (EXCESS UMBRELLA)          #4

It is hereby understood and agreed that the first (1st) sentence of Condition 8, CANCELLATION, is voided and replaced by the following:

"This policy may be cancelled by either party upon forty five (45) days thirty (30) days notice with respect to cancellation for non-payment of premium, in writing to the other stating the date cancellation shall be effective."

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

| POLICY NUMBER | INSURED | | EFFECTIVE |
|---|---|---|---|
| 3-80 XLX 153 24 74 | W.R. Grace & Co. | PRODUCER | 6/30/82 |
| ONE OF THE FIREMAN'S FUND INSURANCE COMPANIES AS NAMED IN THE POLICY | COUNTERSIGNATURE OF AUTHORIZED AGENT | | |

*Myron Du Bain*
PRESIDENT          10-X

180009—8-65 SETS

3328971645

AMENDATORY ENDORSEMENT – LIMIT OF LIABILITY                    #3

| INSURED W.R. Grace & Co. | POLICY NUMBER XLX-153 24 74 |
|---|---|
| PRODUCER Marsh & McLennan | EFFECTIVE DATE 6/30/82 |

In consideration of the premium charged, it is agreed Insuring Agreement 2,
Limit of Liability, is changed to read as follows:

2.    Limit of Liability.
The Company shall be liable only for the limit of liability
stated in Item 3 of the Declarations in excess of the limit or
limits of liability of the applicable underlying insurance
policy or policies all as stated in the declarations of this
policy. The limit of the liability stated in the declarations
as applicable to "each occurrence" shall be the total limit of ,
the Company's liability for all damages sustained as the
result of any one occurrence, provided, however, in the event
of reduction or exhaustion of the applicable aggregate limit
or limits of liability under said underlying policy or.
policies solely by reason of losses paid thereunder on account
of occurrences during this policy period, this policy shall in
the event of reduction, apply as excess of the reduced limit
of liability thereunder. Subject to the applicable limit of
liability as respects each occurrence, the limit of liability
stated in the declarations as "aggregate" shall be the total
limit of the Company's liability for all damages sustained
during each annual period of this policy because of (1)
personal injury and property damage arising out of the
completed operations hazard and products hazard combined; or
(ii) advertising whenever occurring by whatever media, on
account of all occurrences; or (iii) injury arising out of any
hazard, other than as described in (i) and (ii), to which the
underlying policy affords coverage subject to an aggregate
limit and to which this policy also applies.

All other terms and conditions of the policy remain the same and unchanged.

| ONE OF THE FIREMAN'S FUND INSURANCE COMPANIES * AS NAMED IN THE POLICY | PRESIDENT        10-X | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|---|

180001–1-65

3328971646

### Architects, Engineers or Surveyors-Professional Liability Exclusion  #2

It is agreed that this policy shall not apply to any liability arising out of any professional services performed by or for the Insured, including, but not limited to

(a) the preparation or approval of maps, plans opinions, reports, surveys designs or specifications and

(b) Supervisory, inspection or engineering services

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| 3-80<br>XLX 153 24 74 | W.R. Grace & Co. | 6/30/82 |

| ONE OF THE<br>**FIREMAN'S FUND INSURANCE COMPANIES**<br>AS NAMED IN THE POLICY | PRODUCER<br>COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|
| *Myron Du Bain*<br>PRESIDENT          10X | |

180009—8-05 SETS

3328971647

SCHEDULE OF UNDERLYING INSURANCE    #1

| INSURED | POLICY NUMBER |
|---|---|
| W.R. Grace & Co. | 3-80 XLX 153 24 74 |
| PRODUCER | EFFECTIVE DATE |
| Marsh & McLennan | 6/30/82 |

### $5,000,000 XS Primary

| | |
|---|---|
| London | $ 4,000,000 |
| Transit Casualty | $ 1,000,000 |

### $20,000,000 XS $5,000,000

| | |
|---|---|
| London | $11,250,000 |
| Transit Casualty | $ 4,750,000 |
| Granite State | $ 4,000,000 |

### $50,000,000 XS $25,000,000

| | |
|---|---|
| London | $16,000,000 |
| A.I.U. | $ 4,000,000 |
| Hartford | $ 1,500,000 |
| Granite State | $10,000,000 |
| Transit Casualty | $14,000,000 |
| Gerling Konzern | $ 1,000,000 |
| National Union | $ 1,000,000 |
| Integrity | $ 2,000,000 |
| Guarantee | $  500,000 |

| ONE OF THE FIREMAN'S FUND INSURANCE COMPANIES AS NAMED IN THE POLICY | *Myron Du Bois* PRESIDENT    10.X | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|---|

180001—1-65

3328971641

## NOTICE OF CANCELLATION OR NONRENEWAL

If this notice affords a greater period of notice than that specified in the policy contract, the provisions of this notice shall control

| EFFECTIVE DATE OF CANCELLATION OR TERMINATION | ISSUING OFFICE | DATE MAILED |
|---|---|---|
| 1-20-83 | NFS  NY | 12-21-82 |

If this notice applies to a policy that provides Fire Insurance coverage and you have trouble replacing it, contact your agent or broker. You may be eligible for coverage thru the Fair Access to Insurance Requirements Plan (FAIR Plan), if the plan is available in your state

POLICY NUMBER AND
NAME AND ADDRESS OF INSURED

INSURED'S POLICY NUMBER AND
NAME AND ADDRESS OF MORTGAGEE OR LOSS PAYEE

XLX 153 24 74
W R Grace and Co
1114 Ave of the Americas
New York, NY 10036

**APPLICABLE PARAGRAPH IS MARKED [X]**                                              5000.00

[ ] **CANCELLATION:** We must tell you that your policy will be canceled on the effective date listed in this notice at the standard time specified in your policy. Any claim originating prior to this date will not be affected by this cancellation. Any unearned premium due you will be refunded if it does not accompany this cancellation. If you have not discussed your continued insurance protection with your agent or broker, please contact him about other insurance plans. We are sorry that protection cannot be continued.

[ ] **NONRENEWAL:** We wish to notify you that your current insurance policy will not be renewed and your coverage will end on the termination date shown above, at the standard time specified in your policy. If you have not discussed your continued insurance protection with your agent or broker, please contact him about other insurance plans. We are sorry that protection cannot be continued.

[ ] **CANCELLATION — NONPAYMENT OF PREMIUM.** Because we have not received the balance due, we must tell you that your policy will be canceled on the effective date listed in this notice, at the standard time specified in your policy. Any claim originating prior to this date, will not be affected by this cancellation. If you are entitled to any unearned premium that does not accompany this notice it will be refunded. We are sorry that your protection cannot be continued under this policy. If the amount due is received in our office before the effective date of cancellation, Your policy will be fully reinstated. Please send the payment to [ ] the Company [X] your agent or broker.

*reinstated?*

AGENT OR BROKER

Code: 31 559 920
Marsh and McLennan
1221 Ave of the Americas
New York, NY 10020

[ ] FIREMAN'S FUND INSURANCE COMPANY
[ ] THE AMERICAN INSURANCE COMPANY
[ ] NATIONAL SURETY CORPORATION
[ ] ASSOCIATED INDEMNITY CORPORATION
[ ] AMERICAN AUTOMOBILE INSURANCE COMPANY

AUTHORIZED SIGNATURE

BRANCH COPY

455048—11-79

3328971648

Jean Haward

832 3235.

accounting
N. Jersey.

Marsh & Mac — W. R. Grace.

XLX 1532480 } cancelled
81 } & rewritten
74
75

issued in error

Call typing
for 80 + 81

**Marsh &**
**McLennan**

3328971649

Marsh & McLennan, Incorporated
Avenue of the Americas, New York, N.Y. 10020
Telephone 212 997-2000

**Binder** MCL—1046

Mr. Charles F. Krauter
Assistant Treasurer
Director Corporate Risk Management
W. R. Grace & Co.
1114 Avenue of the Americas
New York, N. Y.  10034

June 18, 1982

Date

N⁰ **168807**

| Insured: | | | | |
|---|---|---|---|---|
| W. R. GRACE & CO., ETAL | | | | |

| Companies, Policy Numbers, Amounts and Signatures | Amount | Rate of Premium | Effective | Expiring |
|---|---|---|---|---|
| Firemans Fund Insurance Co.<br>110 William Street<br>New York, N.Y.  10038 | | | 6/30/82 | 6/30/83 |

**Excess Umbrella Liability**

As agreed please bind **#** 4 Million part of $75 Million
excess of $75 Million

1) Coverage, terms and conditions following
   form of lead umbrella (London).

2) Annual Premium - $5,000.

3) Following form endorsement to be issued
   with policy (sample attached)

4) Please advise policy number as soon as possible

5) Commission - 10%

Attn; *XLX 153 2474*
Kevin Talty

*Recv'd for K. Talty*
*K. Rage 6-21-82*

☐ Reporting Form    ☐ Forms Herewith    ☐ Forms To Come    ☐ Use Company Forms    ☐ Copies and Original

This binder is subject to the terms of the usual form policy issued to provide the type of insurance described, except as noted.

BY  Thomas Evans

UNIT  MAD CASUALTY

3328971650

## Following Form Endorsement

"It is agreed that except only with respect for policy
terms, premium and limit of liability, this policy is
hereby amended to follow all the terms, conditions,
definitions and exclusions of the first layer Umbrella
policy, (Policy # To Be Advised    ) and all renewals and
replacement thereof.  It is further agreed that all
preprinted terms and conditions hereon are deleted to
the extent that they vary from or are inconsistent with
the terms and conditions of the first layer Umbrella."

XLX 1532414

3328971651

W. R. Grace & Co.
Umbrella/Excess Liability Renewal
Effective June 30, 1982

Participation

First Layer - $5.0 Million Excess of Primary (Adjustable)*

| | |
|---|---|
| Lloyds & British Companies | $ 4,000,000 |
| Transit Casualty Co. | 1,000,000 |
| | $ 5,000,000 |

Arkwright Boston (Charters Liability)

Second Layer - $20.0 Million Excess of $5.0 Million (Adjustable)**

| | |
|---|---|
| Lloyds & British Companies | $11,250,000 |
| Transit Casualty Co. | 4,750,000 |
| Granite State Ins. Co. | 4,000,000 |
| | $20,000,000 |

Third Layer - $50.0 Million Excess of $25.0 Million

| | |
|---|---|
| Lloyds & British Companies | $16,000,000 |
| AIU | 4,000,000 |
| Hartford Acc. & Ind. Co. | 1,500,000 |
| Granite State Ins. Co. | 10,000,000 |
| Transit Cas. Co. | 14,000,000 |
| Gerling Konzern | 1,000,000 |
| National Union Fire Ins. Co. | 1,000,000 |
| Integrity Ins. Co. | 2,000,000 |
| Guarantee Ins. Co. | 500,000 |
| | $50,000,000 |

Fourth Layer - $75.0 Million Excess of $75.0 Million

| | |
|---|---|
| Lloyds & British Companies | $10,000,000 |
| Transit Cas. Co. | 4,000,000 |
| American Centennial | 5,000,000 |
| National Union Fire Ins. Co. | 16,000,000 |
| Ideal Mutual Ins. Co. | 3,000,000 |
| Granite State Ins. Co. | 8,500,000 |
| Hartford Acc. & Ind. Co. | 3,000,000 |
| Fireman's Fund | 4,000,000 |
| Centennial Ins. Co. | 4,000,000 |
| Midland Ins. Co. | 3,000,000 |
| Birmingham Fire | 2,000,000 |
| Associated International | 5,000,000 |
| Guarantee Ins. Co. | 3,000,000 |
| Allianz | 1,000,000 |
| Zurich Ins. Co. | 3,500,000 |
| | $75,000,000 |

3328971652

Participation

Fifth Layer - $100.0 Million Excess of $150.0 Million

| | |
|---|---:|
| AIU | $ 7,000,000 |
| Buffalo Re. | 10,000,000 |
| Continental Cas. Co. | 10,000,000 |
| Continental Ins. Co. | 15,000,000 |
| City Ins. Co. | 10,000,000 |
| Firemens Fund | 11,000,000 |
| GIECO | 10,000,000 |
| London Guaranty & Accident | 5,000,000 |
| Integrity Ins. Co. | 3,000,000 |
| Mission | 5,000,000 |
| National Union Fire Ins. Co. | 9,000,000 |
| Protective National Ins. Co. | 5,000,000 |
| | $ 100,000,000 |

Program Totals                     $ 250,000,000

\* Total Layer Rate - .0585 per thousand sales
\*\* Total Layer Rate - .0350 per thousand sales

3328971653 

W. R. GRACE & CO.

$250.0 MILLION UMBRELLA/EXCESS LIABILITY
INSURANCE PROGRAM
RENEWAL EFFECTIVE: JUNE 30, 1982

INSURER:    Firemans Fund

CURRENT PROGRAM PARTICIPATION

$4.0 Million P/O $50.0 Million Excess of $100.0 Million
$4.0 Million P/O $50.0 Million Excess of $150.0 Million
$7.0 Million P/O $50.0 Million Excess of $200.0 Million

RENEWAL PROGRAM (RESTRUCTURED)

$ 4.0 Million P/O $75.0 Million Excess of $75.0 Million
$11.0 Million P/L $100.0 Million Excess of $150.0 Million

RISK SUMMARY

**3328971654** C

NEW ☐    RENEWAL ☒    UMBRELLA ☐    EXCESS Y
umbrella    OTHER ☐

INSURED: _W.R. Grace & Co._    PERIOD: 6/30 82 TO 83
_1114 Ave of the Americas_    ASSIGNED #: _XLX-1532474_
_New York, N.Y. 10036_

PRODUCER: _Marsh & McLennan_    ATT: _Tom Evans_

POLICY LIMIT: _4M AO 75M X5 75M_    SIR: _N/A_    PREMIUM: _5,000._

ENDORSEMENTS: TOTAL NUMBER ( )    COMMISSION: _10%_
_same as expiring_
_schedule of underlying — see attached_

TREATY LIMITS _3_    ABA LIMITS _N/A_    ABA FORM COMPLETED ☐

REQUEST COPY OF FIRST UMBRELLA _Yes_    FACULTATIVE REINSURANCE: YES ☒ NO ☐

FACULTATIVE RECAP

FIREMAN'S FUND RETENTION: _3,000,000_

FACULTATIVE PARTICIPANTS    (QUOTA SHARE UNLESS INDICATED OTHERWISE)

| CERTIFICATES RECD. & CHECKED | CONTACT & COMPANY | ASSIGNED CERT. # | LIMIT | GROSS PREMIUM | CEDING COMMISSION |
|---|---|---|---|---|---|
| | MU (Steve Mooney) | | 1M | 1,250 | 22.5% |
| | | | | | |
| | | | | | |
| | | | | | |

CODING PERCENTAGES:

AUTO _____    BI _____    PD _____

ALL OL&T _____    BI _____    PD _____

CONTRACTORS _____    BI _____    PD _____

ALL OTHER M&C _____    BI _65_    PD _35_

ALL PRODUCTS _____    BI _____    PD _____

CLEARANCE -- COMPLETED    N.Y. ☒    BRANCH ☐ _____

UNDERWRITER: _Fran LoMonaco for Kevin Talty_
_9-20-82_

**3328971655**

ENTRY INSTRUCTIONS—( & SR—CASUALTY—7-82 )

| CEDED REINSURANCE |
|---|

| ENTRY TRANSACTION NUMBER 1 | ALLOCATION OF LIMITS (IN DOLLARS AND PERCENTAGE) | TOTAL POLICY LIMIT 4,000,000 | E & SR TREATY LIMIT 3,000,000 | E & SR SURPLUS TREATY LIMIT |
|---|---|---|---|---|

| ORIGINAL | END NO | REVISION EFF. DATE | POLICY NUMBER XLX 155 24 74 |
|---|---|---|---|

BRANCH NYK 3-80   INSURED W R grace

GROSS
☒ ADDITIONAL
☐ RETURN
PREMIUM DUE

PRODUCER'S COMM 10

PREMIUM ALLOCATION

| E & SR TREATY 89-002-087 | E & SR SURPLUS TREATY 89 002 042 |
|---|---|
| CODE 8206 | CODE 100 |
| or 75 % OF | or % OF |
| GROSS PREMIUM TO TREATY | GROSS PREMIUM TO TREATY |
| FF COMM 38 41% | FF COMM 33 5% |

| U/P | CLASS | MINOR CLASS | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| 701 | MISC. | 01 MECHANICAL RIDE  00 OTHER | CLASS 01362 | 00 OTHER MBC | | BI 93 03 | PD 94 03 | BI 93 03 | PD 94 03 | BI 93 03 | PD 94 03 |
| | | 0788 | 01 RAIN  02 PROD WDRAWB  03 CONTGCY  04 NON APP  05 TVB  06 TWIN  00 HOLE-IN-ONE  00 OTHER | | X X X | 38 36 | X X X | 38 36 | X X X | 38 36 |
| 702 | D & E | 48303 | 03 RADIO  04 TELEVISION | CLASS 72110 | 01 ADVERTISERS  02 ADV AGENCY | COVER 1 2 3 | CLMS MADE DATE | BI 93 06 | X X X | BI 93 06 | X X X | BI 93 06 | X X X |
| | | 73820 | 01 CR BUR  06 EDP  07 MAG O | 10 PAPER B  11 P PIN  17 SEC | 16 CATV  00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 93 06 | X X X | BI 93 06 | X X X | BI 93 06 | X X X |
| | | 87774 | 01 CPA  02 LAWYERS | 04 ARCHS ENG  00 OTHERS | | COVER 1 2 3 | CLMS MADE DATE | BI 93 76 | X X X | BI 93 76 | X X X | BI 93 76 | X X X |
| | | 80888 | 01 PHY SURG DENT  02 HOSPITAL  03 ALL OTHER MEDICAL PROF | | | COVER 1 2 3 4 5 6 7 | | | | | | | |

APPLICABLE TO 701 702   POLICY LIMITS   E & SR TREATY LIMITS
1   2   3   4   5   6   7   |   1   2   3   4   5   6   7   8   9

| 711 | ORDINARY EXCESS | 7030 | 04 TRUCKMEN  00 OTHER COMMERCIAL | | BI 93 04 | PD 94 04 | BI 93 04 | PD 94 04 | BI 93 04 | PD 94 04 |
| | | 8000 | 01 BUSES  00 OTHER PUBLIC | | BI 93 04 | PD 94 03 | BI 93 03 | PD 94 03 | BI 93 03 | PD 94 03 |
| | | 01362 | 00 ALL OL & T | | BI 93 02 | PD 94 02 | BI 93 02 | PD 94 02 | BI 93 02 | PD 94 02 |
| | | 87777 | 00 ALL M & C | 65/35 | 3250 | 1750 | 1767 | 683 |
| | | 87777 | 00 ALL PRODUCTS | | BI 93 06 | PD 94 06 | BI 93 06 | | X X X |
| | | 87774 | 01 CPA  04 ARCHS ENG  02 LAWYERS  00 OTHERS | COVER | CLMS MADE DATE | BI 93 76 | X X X | BI 93 76 | X X X | BI 93 76 | X X X |
| | | 80888 | 01 PHY SURG DENT  02 HOSPITAL  03 ALL OTHER MEDICAL PROF | COVER | CLMS MADE DATE | BI-10 | X X X | BI-10 | X X X | X X X |
| | | 0386 | WORKERS COMPENSATION | UNDERLYING SUM CODE 1 2 3 4 5 6 7 | | X X X | | X X X | | X X X |

EXCESS POLICY LIMITS   PRIMARY BI LIMITS   PRIMARY PD LIMITS   E & SR TREATY LIMITS
1 2 3 4 (5) 6 7   1 2 3 4 5 (5)   0 1 2 3 4 5 6 7 8 9 (6)   1 2 3 (6) 4 5

| 712 | SUPERCOVER | 7030 | 04 TRUCKMEN  00 OTHER COMMERCIAL | | BI 93 04 | PD 94 04 | BI 93 04 | PD 94 04 | BI 93 04 | PD 94 04 |
| | | 8000 | 01 BUSES  00 OTHER PUBLIC | | BI 93 04 | PD 94 04 | BI 93 04 | PD 94 04 | BI 93 04 | PD 94 04 |
| | | 01362 | 00 ALL OTHER OL & T  OR CONDOS | | BI 93 02 | PD 94 02 | BI 93 02 | PD 94 02 | BI 93 02 | PD 94 02 |
| | | 87778 | 01 CONTRACTORS  00 ALL OTHER M&C | | BI 93 04 | PD 94 04 | BI 93 04 | PD 94 04 | BI 93 04 | PD 94 04 |
| | | 87777 | 00 ALL PRODUCTS | | BI 93 06 | PD 94 06 | BI 93 06 | PD 94 06 | BI 93 06 | PD 94 06 |
| | | 87774 | 01 CPA  04 ARCHS  00 OTHERS  02 LAWYERS  05 CONDOS D & O | COVER 1 2 3 | CLMS MADE DATE | BI 93 06 | X X X | BI 93 06 | X X X | X X X |
| | | 80888 | 01 PHY SURG DENT  02 HOSPITAL  03 ALL OTHER MEDICAL PROF | COVER 1 2 3 4 5 6 7 | CLMS MADE DATE | BI 93 76 | X X X | BI 93 76 | X X X | X X X |

EXCESS POLICY LIMITS   PRIMARY BI LIMITS   PRIMARY PD LIMITS   HI LO RISK IDENTIF   E & SR TREATY LIMITS
1 2 3 4 5 6 7   1 2 3 4 5 6 7   0 1 2 3 4 5 6 7 8 9   1 HI   2 LO

| UNDERWRITER Mc Some | DATE 9/22/82 | → | DOES OUTSIDE REINSURANCE APPLY? ☐ NO  ☒ YES—SEE REVERSE SIDE |
|---|---|---|---|

380090—7-82

3328971656

MORE ENTRY INSTRUCTIONS (CONTINUED FROM REVERSE SIDE)

## FACULTATIVE CEDED REINSURANCE

| | LIABILITY (PERCENT OR DOLLARS) | PREMIUM TO REINSURER | RLINS. COMM. |
|---|---|---|---|
| REINSURER    00.002.335 * | | B.I.    P.D. * | |
| H.B.G. HANOVER RE GERMANY | | | |
| C/O ESRM INC. | | | |
| MAILING ADDRESS ☐ SAN FRANCISCO | 1,000,000 | 812    438 | 22½ |
| ☒ NEW YORK | | | |
| ☐ CHICAGO | | | |
| REINSURANCE CERT. NO. | | | |
| PAY PREMIUM TO REINS COMPANY | | | (INCLUDING TAX & BOARD) |
| REINSURER | | B.I.    P.D. | |
| MAILING ADDRESS | | | |
| REINSURANCE CERT. NO. | | | |
| PAY PREMIUM TO: | | | |
| REINS. COMPANY ☐  REINS. BROKER ☐  PRODUCER ☐ | | | (INCLUDING TAX & BOARD) |
| REINSURER | | B.I.    P.D. | |
| MAILING ADDRESS | | | |
| REINSURANCE CERT. NO. | | | |
| PAY PREMIUM TO | | | |
| REINS. COMPANY ☐  REINS. BROKER ☐  PRODUCER ☐ | | | (INCLUDING TAX & BOARD) |

## TO: CLAIMS (FOR CLAIMS DEPARTMENT USE ONLY)

1. IF LIABILITY CEDED BLOCK ABOVE (NOTE*) INDICATES "FIRST LOSS—100% OF..." THE FACULTATIVE REINSURER HAS ASSUMED 100% OF LIMIT AND COVERAGES INDICATED. IF APPLICABLE, ALLOCATE THIS PORTION OF TOTAL POLICY LOSS FIRST, THEN PROCEED AS INDICATED BELOW.

2. DISTRIBUTE THAT PART OF THE TOTAL POLICY LOSS (RESERVE OR PAYMENTS) ALLOCATED TO THE E & SR TREATY AS FOLLOWS

| E & SR TREATY'S (NOT E & SR SURPLUS TREATY) SHARE OF LOSS AS SHOWN UNDER CEDED REINSURANCE IN THE SPACE TITLED " E & SR TREATY LIMIT" ON REVERSE SIDE. | LOSS ALLOCATION | |
|---|---|---|
| | FIREMAN'S FUND'S SHARE (NET TO F.F.) | REINSURANCE SHARE |
| FIRST $1,000,000 OF LOSS TO E & SR TREATY: | 50% OF LOSS | 50% OF LOSS |
| NEXT $2,000,000 OF LOSS TO E & SR TREATY: | 25% OF LOSS | 75% OF LOSS |
| NEXT $2,000,000 OF LOSS TO E & SR TREATY: | 25% OF LOSS | 75% OF LOSS |
| NEXT $5,000,000 OF LOSS TO E & SR TREATY: | 10% OF LOSS | 90% OF LOSS |

3. ALLOCATE REMAINING PORTION OF TOTAL LOSS (IF ANY) AS PER THE PERCENTAGE (OR DOLLARS) SHOWN UNDER CEDED REINSURANCE IN THE SPACE TITLED "E & SR SURPLUS TREATY LIMIT" ON THE REVERSE SIDE AND FACULTATIVE REINSURANCE (IF SHOWN ABOVE)

ENTRY DEPARTMENT—REFER TO REVERSE SIDE FOR CODING INSTRUCTIONS.

**Marsh &
McLennan**

3328971657

Marsh & McLennan, Incorporated
1221 Avenue of the Americas
New York, New York 10020
Telephone 212 997-2000

October 13, 1982

Mr. Kevin Talty
Firemans Fund Insurance Co.
110 William Street
New York, NY 10038

W.R. Grace & Co. — London Covernote
and Schedule of Program
June 30, 1982-83

Dear Kevin:

Enclosed for your files is a copy of the London Covernote along
with a schedule of the program which gives the carriers, their
participations, and the various pricing by layer.

We trust you will find the enclosed in order.

Very truly yours,

*Bill*

William DeLaney
Major Accounts

WD:mm
Enc.

3328971658

19th July, 1982

IAT No. 044 231773

In accordance with your instructions we have arranged cover as follows:

**TYPE:** UMBRELLA LIABILITY INCLUDING WORKER'S COMPENSATION ACT AND EMPLOYEE BENEFIT LIABILITY BUT EXCLUDING CLAIMS ARISING FROM E.R.I.S.A. (1974), AS EXPIRING.

**FORM:** WORDING AS EXPIRING AS FAR AS APPLICABLE TO BE AGREED BY UNDERWRITERS.

**ASSURED:** W.R. GRACE & COMPANY ETAL AND/OR SUBSIDIARY, ASSOCIATED, AFFILIATED COMPANIES AND/OR ORGANISATIONS OWNED, CONTROLLED AND/OR MANAGED COMPANIES AS NOW OR HEREINAFTER CONSTITUTED PLUS JOINT VENTURES AS EXPIRING.

**PERIOD:** 36 months at 30th June, 1982.

**INTEREST:** Coverage in respect of all of the Insured's operations.

**SUM INSURED:** 80% of $ 5,000,000 Each Occurrence (Aggregate Products and Occupational Disease)

EXCESS OF:-

A) The amount covered under underlying insurances as per schedule attached.

B) $ 100,000 Each Occurrence in respect of losses not covered by said underlying insurances.

**SITUATION:** WORLDWIDE.

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

C.T. BOWRING & CO. (INSURANCE) LTD.

3328971659

CONDITIONS:    Service of Suit Clause (U.S.A.)
               Tax Clause (if applicable)
               Exhaustion of Aggregate Endorsement - subject coinsurance
               unimpaired at inception hereon.
               60 Days Cancellation Clause.
               N.M.A. 1687 (amended as existing).
               Broad as primary rider as agreed by Underwriters.
               Warranties as attached.
               N.M.A. 1685 except in respect oil and gas operations which
               subject to N.M.A. 1685 other than operations on, over or under
               water which subject to N.M.A. 1384.


Exclusions
Additional to Form

Part I

(A) Property Damage arising from:-

    1)  Erroneous delivery of seeds, erroneous substitution of
        one seed for another, or mislabeling of seeds;

    2)  Cross Pollination;

    3)  Germination failure;

    4)  The presence of noxious weed seed;

    5)  Natural shrinkage of grain;

    6)  Loss of and/or damage and/or deterioration from delay
        or from moisture content of grain;

    7)  Commingling of grain;

(B) 1)  To liability arising under any policy of insurance or
        reinsurance;

    2)  To liability arising out of the issuance,
        non-issuance, declination or cancellation of, or the
        imposition of special terms to any policy of insurance
        or reinsurance;


For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

3328971660-

3

(c) In respect of oil/gas drilling and/or exploration
     operations:-

   i.  Cost of control of any oil/gas well.
   ii. Loss of hole and/or in hole equipment.

Part II :

(A) Charterers Liability;
(B) Safe berthing of any marine vessel
(C) Marine vessels in Assured's Care, Custody and Control.
(D) Non-owned watercraft Liability;
(E) Contractural;
(F) Incidental Malpractice;
(G) In respect of oil/gas drilling and/or exploration
     operations:-

     i.  Explosion, blowout and/or cratering
     ii. Underground Property Damage not already excluded by
         N.M.A. 1683/4/5;

(H) Data Processors Errors and Omissions;
(I) Liability resulting from ownership, maintenance, and/or
     operations of any dock, wharf and/or quay facility;
(J) Insurance Brokers errors and omissions;
(K) Punitive and/or Exemplary Damages;
(L) Pharmacists Liability.

PREMIUM:    80% of Minimum and Deposit
            $1,525,000 (payable 30th June, 1982 Minimum and Deposit $475,000
                               30th June, 1983 Minimum and Deposit $510,000
                               30th June, 1984 Minimum and Deposit $540,000
            adjustable annually at 5.85% on Gross Sales).
            Plus additional Premium $ 16,750 annual in respect of coverage
            provided hereon by Part II Exclusion (A) (B) (C).

            Less 4% Federal Excise Tax (where applicable).

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

( 3328971661 )

## W.R. GRACE COMPANY

### Warranties:-

(1)  Notwithstanding scheduled underlying policies contain
     limits in respect of products recall and architects
     E and O, no coverage provided hereon and for
     the purposes of the policy underlying coverages
     not be impaired by such exposure.

(2)  Physical damage coverage maintained for 100% values
     in respect of all properties for at least
     $125,000,000 excess $1,000,000 deductible maintained
     for all other real property, all property in
     Assured's C.C.C. covered by such policies.

(3)  No step down excess of S.I.R. hereon in the event
     of any loss not being covered by scheduled primaries
     due to deductible contained therein.

3328971662

W.R. GRACE & COMPANY

Schedule of Underlying Insurance

| Coverage | Limit | Carrier |
|---|---|---|
| 1. DOMESTIC GL AND AL:- | | |
| A) General/Products Liability | B.I. $1,000,000 each occ. <br> P.D. $1,000,000 each occ. | $4,000,000 Aggregate C.N.A. <br> B.I. & P.D. combined |
| B) Employee Benefits | $ 500,000 each claim <br> $ 750,000 annual aggregate. | C.N.A. |
| C) Care Custody & Control | $1,000,000 each occ. <br> $1,000,000 annual aggregate | C.N.A. |
| D) Advertisers Liability | $ 500,000 each occ. | C.N.A. |
| E) Automobile Liability | B.I. $1,000,000 each occ. <br> P.D. $1,000,000 each occ. | C.N.A. |

* W.R. Grace & Co. assumes the first $500,000 of each loss within the framework of a retrospective rating plan.  The premiums indicated are for insurance excess of $500,000 up to policy limits.
   The combination of the $500,000. loss assumption and pure insurance is equal to the limits shown above.

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

3328971663

Please examine this document carefully / advise us immediately if it is incorrect or does not meet your requirements.

3

W.R. GRACE & COMPANY

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| II EMPLOYER'S LIABILITY:-- | | |
| A.) Employer's Liability Including Occupational Disease | $ 500,000 Each Employee<br>$ 500,000 Each Accident | C.N.A. |
| B.) Amendments of Coverage B Maritime (Jones Act) | Bodily Injury by Accident<br>$ 500,000 Each Employee<br>$ 500,000 Each Accident<br>Bodily Injury by Disease<br>$ 500,000 Each Employee<br>$ 500,000 Aggregate Disease<br>(Per State) | C.N.A. |
| C.) U.S. F.L. & H.W.A. | $ 250,000 Each Employee<br>$ 250,000 Each Accident | C.N.A. |
| III    1 AIRCRAFT LIABILITY (Excluding Non-Ownership) | $15,000,000 CSL Including Voluntary Settlements of $250,000 per Person-Including Crew (Part Of and Not In Addition to the $15,000,000 Limit) | U.S.A. I G. |
| A.) Care Custody or Control | $ 1,000,000 - Each Occurrence (With Respect to Hangars, Buildings or Other Property or Contents Thereof Required by Lease or Other Agreement or if Insurance is Purchased). | |
| B.) Non-Ownership Hull Liability | $ 5,000,000 Per Occurrence and Aggregate | U.S.A. I G. |
| C.) Aircraft Non-Ownership Liability | $15,000,000 CSL | U.S.A. I G. |
| 2.    GROUND HANGARKEEPERS LIABILITY | $ 2,000,000 Each Aircraft<br>$ 2,000,000 Each Occurrence | U.S.A. I G. |

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

3328971664

W.R. GRACE & CO. PL.J

| COVERAGE | | LIMIT | CARRIER |
|---|---|---|---|
| IV. | A.) CHARTERER'S LIABILITY/ WHARFINGER'S LIABILITY for W.R. Grace & Co. | *$2,000,000 Damage to Vessel and Cargo $2,000,000 Demurrage and removal of Wreck *$2,000,000 Collision (Third Party Including Demurrage - P.D. $2,000,000 Each Person $2,000,000 Each Accident Third Party Bodily Injury Liability including Liability to Crew of Chartered Vessel $ 5,000. Deductible Each Accident. | Arkwright Boston Manufact urers In Co. |

* Limits will increase to $5,000,000 when and if a sulphur shipment takes place. The increased limit will remain in effect for the duration of policy term. To date no sulphur shipments have taken place and none anticipated for current policy period.

| | B.) CHARTERER'S LIABILITY for Aruba Chemical Industries, N.V. | $2,000,000 Damage to Vessel and Cargo $2,000,000 Demurrage or Removal of Wreck $2,000,000 Collision (Third Party Including Demurrage - P.D. $2,000,000 Each Person $2,000,000 Each Accident Third Party Bodily Injury Liability including Liability to Crew of Chartered Vessel $ 5,000. Deductible Each Accident. | Arkwright Boston Manufact urers In Co |
| V. | FOREIGN INSURANCE | | |
| | A.) W.R. Grace & Co. | $1,000,000 per Occurrence BI and PD CSL for GL and AL Combined | AIG |

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

3328971665

7

## W.R. GRACE & COMPANY

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| Worldwide Comprehensive General and Automobile Liability Program* | $ 2,000,000 Aggregate Products<br>$ 2,000,000 Aggregate Property Damage<br>              Per Location<br>$    50,000 Per Occurrence/$500,000<br>              Aggregate for Property<br>              in Insured's Care, Custody,<br>              and Control. | |

\* This is a master DIC and/or excess policy for a combination of local admitted contracts for various Grace foreign units.

### VI. COLOWYO COAL COMPANY

| Excess Workers' Compensation and Employers' Liability Reinsurance (excluding Federal Black Lung) | $10,000,000 Each Accident WC and/or EL<br><br>Combined in excess of<br>$250,000 retention | General Reinsurance |
|---|---|---|

### VII BOOKER DRILLING

| Employers' Liability | $    500,000 | North West Ins. Co. |
|---|---|---|

### VIII EASTERN COAL JOINT VENTURE (47.5% ownership interest)

| A.) General Liability | B.I. $ 1,000,000 Occurrence/Aggregate<br>P.D. $ 1,000,000 Occurrence/Aggregate | Federal Insurance Company |
|---|---|---|
| B.) Auto Liability | $ 1,000,000 CSL | Federal Insurance Company |
| C.) Aviation | $50,000,000 CSL | Associated Aviation Underwriters |

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

**3328971666**

are examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

W.R. GRACE & COMPANY

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| REPORT OF EASTERN COAL | | |
| JOINT VENTURE. | | |
| | | |
| C.) Employers Liability | | |
| | | |
| 1) Rapoca Energy Company | | |
| a) Coal Mines | $  500,000 | Old Republic |
| | | |
| b) Helicopter Pilot | $  500,000 | Aetna Casualty & Surety |
| | | |
| 2) Terry Eagle Coal Company | $  500,000 | Federal Insurance Co. |
| | | |
| 3) Paramont Coal Company | $10,150,000 WC & EL Excess of $   350,000 Self Insured Retention | Various |
| | | |
| 4) GHL Management Inc. and Neville Coal Sales | $  500,000 | Commercial Union |
| E.) Umbrella Excess Liability* | $50,000,000 | Various |

* This Policy includes all of the above Eastern Coal coverages within the underlying schedule including Paramont Mining's excess W.C. program.

N.B. 47-1/2% of the above limits apply to Grace interest and NMA 1687 (as amended) applies hereon.

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

3328971667

9

```
100.00% (24.73% WALERCOX INSURANCE COMPANY LIMITED
        (10.75% EL PASO INSURANCE COMPANY LIMITED
        (18.82% DART & KRAFT INSURANCE COMPANY LIMITED
        ( 8.06% LOUISVILLE INSURANCE COMPANY LIMITED
        ( 6.45% LUDGATE INSURANCE COMPANY LIMITED
        ( 8.61% BERMUDA FIRE & MARINE INSURANCE COMPANY LIMITED
        (10.75% "WINTERTHUR" SWISS INSURANCE COMPANY
        ( 9.66% MUTUAL REINSURANCE COMPANY LIMITED
        ( 2.15% COMPAGNIE EUROPEENNE D'ASSURANCES
        (        INDUSTRIELLES S.A.
        (per H.S. Weavers (Underwriting) Agencies Ltd.
```

Hereon    100.00%

\* These Companies allow Federal Excise Tax.

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

## W.R. GRACE & CO.
## UMBRELLA/EXCESS LIABILITY RENEWAL, EFFECTIVE JUNE 10, 1982

|  | Policy # | Participation | Premium |
|---|---|---|---|
| **First Layer - $5.0 Million Excess of Primary (Adjustable)*** | | | |
| Lloyds & British Companies | KY017582 | $ 4,000,000 | $380,000 |
| Transit Casualty Co. | UH0950239 | 1,000,000 | 95,000 |
| Arkwright Boston(Charterer's Liability) | 01014082 | 5,000,000 | 16,750 |
| | | $5,000,000 | $491,750 |
| **Second Layer - $20.0 Million Excess of $50.0 Million (Adjustable)*** | | | |
| Lloyds & British Companies | KY017782 | $11,250,000 | $154,688 |
| Tr. & Jt Casualty Co. | SCU956259 | 4,750,000 | 65,312 |
| Granite State | 6482-5442 | 4,000,000 | 55,000 |
| | | $20,000,000 | $275,000 |
| **Third Layer - $50.0 Million Excess of $25.0 Million** | | | |
| Lloyds & British Companies | KY017882 | $16,000,000 | $ 48,000 |
| AIU | 75-102158 | 4,000,000 | 12,000 |
| Hartford Accident & Ind. Co. | 10X5102369 | 1,500,000 | 4,500 |
| Granite State | 6482-5443 | 10,000,000 | 30,000 |
| Transit Cas. | SCU956260 | 14,000,000 | 42,000 |
| Gerling Konzern | 4876409/01 | 1,000,000 | 3,000 |
| National Union | XL200491 | 2,000,000 | 6,000 |
| Integrity | 9501313 | 1,000,000 | 3,000 |
| Guarantee Ins. Co. | 0950030 | 500,000 | 1,500 |
| | | $50,000,000 | $150,000 |

*Total Layer Rate = .0585 per thousand sales
**Total Layer Rate = .0350 per thousand sales

3328971669

**Fourth Layer - $75.0 Million Excess of $75.0 Million**

| | Policy # | Participation | Premium |
|---|---|---|---|
| Lloyds & British Companies | KY017982 | $10,000,000 | $12,500 |
| Transit Casualty | SCU956261 | 4,000,000 | 5,000 |
| American Centennial | CC005317 | 5,000,000 | 6,250 |
| National Union | 960133J | 16,000,000 | 20,000 |
| Insa Mutual | 0109 | 3,000,000 | 3,750 |
| [?]ile State | 6482-5444 | 11,500,000 | 16,875 |
| Hartford ACC. & Ind. Co. | 10X5102370 | 3,000,000 | 3,750 |
| Firemans Fund | XLX15J2480 | 4,000,000 | 5,000 |
| Centennial Ins. Co. | 462023979 | 4,000,000 | 5,000 |
| Midland Ins. Co. | XL 739 548 | 5,000,000 | 5,000 |
| Birmingham Fire | SE 6073597 | 2,000,000 | 3,750 |
| Guarantee Ins. Co. | 0950031 | 2,000,000 | 2,500 |
| Allianz | CJ3 003 25 | 1,000,000 | 3,750 |
| Zurich Ins. Co. | ZIB 7631-82-C | 1,500,000 | 1,250 |
| | | | 4,375 |
| | | $75,000,000 | $93,750 |

3328971670

Fifth Layer - $100.0 Million Excess of $150.0 Million

| | Policy # | Participation | Premium |
|---|---|---|---|
| AIU | 75-102159 | $ 7,000,000 | $ 3,500 |
| Buffalo Re | BNI50040 | 10,000,000 | 5,000 |
| Continental Cas. Co. | 11750036 | 10,000,000 | 5,000 |
| Continental Ins. Co. | SRX11911202 | 15,000,000 | 7,500 |
| Fire man's Fund | IECI1196602 | 10,000,000 | 5,000 |
| F...'s Ins. Co. | XLX11,12481 | 11,000,000 | 5,500 |
| CIGCO | GXU 30152 | 10,000,000 | 5,000 |
| London Guarantee & Acc. | LXI89B010 | 5,000,000 | 2,500 |
| Integrity Ins. Co. | XL204091 | 3,000,000 | 1,500 |
| Mission | MBRS801 | 5,000,000 | 2,500 |
| National Union | 960 31 33 | 9,000,000 | 4,500 |
| Protective Nat'l. | XUB 180-71-08 | 5,000,000 | 2,500 |
| | | $100,000,000 | $50,000 |

Program Totals    $250,000,000    $1,060,500

# Bowring

ADDENDUM

*Attaching to or forming part of Cover Note No.* ......................

3328971671

**C.T. BOWRING & CO. (INSURANCE) LTD.**
Lloyd's Brokers

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

P.O. BOX 145,
THE BOWRING BUILDING,
TOWER PLACE,
LONDON EC3P 3BE
(Registered Office)

TELEPHONE: 01-283 3100
TELEGRAMS: BOWINSUR
                        LONDON EC3

TELEX: 882191

Registered No. 76170 London

10th August, 1982.

Date.........................................

VAT No. 244 2517 79

In accordance with your instructions we have arranged cover as follows:

## A/C W.R. GRACE & COMPANY ETAL

With effect from inception the companies underwritten for by H.S. Weavers
(Underwriting) Agencies Ltd are amended to read:-

```
100.00% (31.18% WALBROOK INSURANCE COMPANY LIMITED
        (10.75% EL PASO INSURANCE COMPANY LIMITED
        (18.82% DART & KRAFT INSURANCE COMPANY LIMITED
        ( 8.06% LOUISVILLE INSURANCE COMPANY LIMITED
        ( 8.61% BERMUDA FIRE & MARINE INSURANCE COMPANY LIMITED
        (10.75% "WINTERTHUR" SWISS INSURANCE COMPANY
        ( 9.68% MUTUAL REINSURANCE COMPANY LIMITED
        ( 2.15% COMPAGNIE EUROPEENNE D'ASSURANCES
        (              INDUSTRIELLES S.A.
        (per H.S. Weavers (Underwriting) Agencies Ltd.
```

Hereon         100.00%

* (These Companies allow Federal Excise Tax).

Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

All Other Terms and Conditions Remaining Unchanged

C.T. BOWRING & CO. (INSURANCE) LTD.

# BLANKET EXCESS LIABILITY POLICY
## (FOLLOWING FORM)



Coverage is provided in the Company designated by number,
a stock insurance Company (herein called the Company)

## DECLARATIONS

1. INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)

FIREMAN'S
FUND
INSURANCE
COMPANIES
MAIL ADDRESS
SAN FRANCISCO
CALIFORNIA

**01 FIREMAN'S FUND** INSURANCE COMPANY    SAN FRANCISCO, CALIFORNIA

**18 THE AMERICAN** INSURANCE COMPANY    PARSIPPANY, NEW JERSEY

**07 NATIONAL SURETY** CORPORATION    CHICAGO, ILLINOIS

**13 ASSOCIATED INDEMNITY** CORPORATION    SAN FRANCISCO, CALIFORNIA

**15 AMERICAN AUTOMOBILE** INSURANCE COMPANY    CREVE COEUR, MISSOURI

POLICY PERIOD:

ITEM 2.
INCEPTION (MO. DAY YR.)    EXPIRATION (MO. DAY YR.)
12:01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

ITEM 3.    LIMIT OF LIABILITY:

$    . EACH OCCURRENCE

$    . AGGREGATE

ITEM 4.    UNDERLYING INSURANCE LIMIT OF LIABILITY

$    . EACH OCCURRENCE

$    . AGGREGATE

ITEM 5.    PREMIUM BASIS

$

ITEM 6.
ADVANCE PREMIUM: $

ANNUAL MINIMUM PREMIUM: $

IN THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY SHALL RECEIVE AND RETAIN NOT LESS THAN $ THE POLICY MINIMUM PREMIUM.

ITEM 7. SCHEDULE OF UNDERLYING INSURANCE:

## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### INSURING AGREEMENTS

**1. Coverage.** To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

**2. Limit of Liability.** The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder on account of occurrences during this policy period, this

policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

**3. Policy Period.** This policy applies only to occurrences which take place during the policy period.

### DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the Insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

### CONDITIONS

1. Maintenance of Primary Insurance. The Insured warrants, and it is a condition of this policy, that at the inception of this policy, insurance afforded by the underlying policies of insurance (apply-

(Continued on Page Two)

COUNTERSIGNATURE DATE    COUNTERSIGNATURE OF AUTHORIZED AGENT

5902—2-72

IV—D