4A

# Lloyd's

## Policy No.  79 DD 1633C

## 06/30/79 – 06/30/82

VOL XII   TAB 1

01539

No. TERR15XX

**Whereas** W.R. GRACE AND COMPANY (as more fully describ
in item 1 (A) of the declarations herein)
of 1114 Avenue of the Americas, New York, N.Y. 10036
hereinafter called the Assured,   have   paid U.S.$444,400.00
Premium or Consideration to Us, the undersigned Assurers to
indemnify the Assured in
respect of UMBRELLA LIABILITY as per wording attached hereto.

100% of 80% of the
limits stated herein

during the period commencing at   **Thirtieth**   day of
**June,**   19 **78**   , and ending at **Thirtieth**
day of   **June,**   19 **82** .
**both days at 12.01 a.m. Local Standard Time**

**Now know ye** that we the undersigned Assurers do hereby bind ourselves each **Company**
for itself only and not the one for the other, to pay or make good to the Assured or the Assured's Executors,
Administrators and Assigns, all such loss as above stated, not exceeding **ONE HUNDRED
PER CENT of EIGHTY PER CENT of the limits stated herein,**

in all, that the Assured may sustain during the said period, within Seven Days after such loss is proved and that
in proportion to the several sums by each of us subscribed against our respective names not exceeding the several
sums aforesaid.

If the Assured shall make any claim knowing the same to be false or fraudulent as regards amount or
otherwise, this Policy shall become void and all claim thereunder shall be forfeited.

**In witness whereof** I being a representative of the Leading Office which is duly authorised by the
Assurers have hereunto subscribed my name on their behalf this   **25d**   day of
**November**   **1980**

36/1a

DIRECTOR
H. S. WEAVERS (UNDERWRITING) AGENCIES LTD

01540

Policy No.

100%
(44.03% FALBROOK INSURANCE COMPANY LIMITED
( 8.4% EL PASO INSURANCE COMPANY LIMITED
(11.89% MUTUAL REINSURANCE COMPANY LIMITED
(12.88% DART INSURANCE COMPANY LIMITED
(11.04% BERMUDA FIRE & MARINE INSURANCE COMPANY LIMITED
( 0.74% ST. KATHERINE INSURANCE COMPANY LIMITED
per: H.S. Weavers (Underwriting) Agencies Limited

LO3316002727

ADDENDUM

Attaching to and forming part of Policy No.79DD1633C

of    CERTAIN INSURANCE COMPANIES.

Issued to            W.R. GRACE AND COMPANY.

It is understood and agreed that following an adjustment of premium for the period 30th June 1978 to 30th June 1980 the earned premium does not exceed the minimum premium paid, therefore the Minimum and Deposit provisions of this Policy apply.

All other terms and conditions of the Policy remaining unchanged.

Dated London, 28th August 1980

RJB/ic

27/1/80

LO33/67017275    DIRECTOR
H. S. WEAVERS (UNDERWRITING) AGENCIES LTD

WRG    0676

01341

UMBRELLA POLICY (LONDON 1941)

Named Assured:  As stated in Item 1 of the Declarations forming a part hereof

~~[ ⬚ and of all companies that are now or hereafter created and controlled by or which are subsidiaries of ]~~ and of which prompt notice has been given to Underwriters (hereinafter called the "Named Assured").

### INSURING AGREEMENTS:

1.    COVERAGE –

Underwriters hereby agree, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability:–

      (a)    Imposed upon the Assured by law,

or  (b)    assumed under contract or agreement by the Named Assured and/or any officer, director, stockholder, partner or employee of the Named Assured, while acting in his capacity as such,

for damages on account of:–

      (i)    Personal Injuries

      (ii)    Property Damage

      (iii)    Advertising Liability,

caused by or arising out of each occurrence happening anywhere in the world.

11.    LIMIT OF LIABILITY –

Underwriters hereon shall be only liable for the ultimate net loss the excess of either:–

      (a)    the limits of the underlying insurances as set out in the attached schedule in respect of each occurrence covered by said underlying insurances,

or  (b)    $    100,000    ultimate net loss in respect of each occurrence not covered by said underlying insurances,

                (hereinafter called the "underlying limit"):

and then only up to a further sum as stated in Item 2(a) of the Declarations in all in respect of each occurrence – subject to a limit as stated in Item 2(b) of the Declarations in the aggregate for each annual period during the currency of this Policy, separately in respect of Products Liability and in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured.

In the event of reduction or exhaustion of the aggregate limits of liability under said underlying insurance by reason of losses paid thereunder, this Policy subject to all the terms, conditions and definitions hereof shall:–

      (1)    in the event of reduction pay the excess of the reduced underlying limit

      (2)    in the event of exhaustion continue in force as underlying insurance.

The inclusion or addition hereunder of more than one Assured shall not operate to increase Underwriters' limits of liability beyond those set forth in the Declarations.

L.P.O. 354B (8/76)                                                                                     Page 1 of 11

WRG ---0677

01542

2.   PERSONAL INJURIES

The term "Personal Injuries", wherever used herein means bodily injury (including death at any time resulting therefrom), mental injury, mental anguish, shock, sickness, disease, disability, false arrest, false imprisonment, wrongful eviction, detention, malicious prosecution, discrimination, humiliation; also libel, slander or defamation of character or invasion of rights of privacy, except that which arises out of any advertising activities.

3.   PROPERTY DAMAGE –

The term "Property Damage", wherever used herein, shall mean loss of or direct damage to or destruction of tangible property (other than property owned by the Named Assured).

4.   ADVERTISING LIABILITY –

The term "Advertising Liability", wherever used herein, shall mean:–

(1)   Libel, slander or defamation;

(2)   Any infringement of copyright or of title or of slogan;

(3)   Piracy or unfair competition or idea misappropriation under an implied contract;

(4)   Any invasion of right of privacy;

committed or alleged to have been committed in any advertisement, publicity article, broadcast or telecast and arising out of the Named Assured's advertising activities.

5.   OCCURRENCE –

The term "Occurrence", wherever used herein, shall mean an accident or a happening or event or a continuous or repeated exposure to conditions which unexpectedly and unintentionally results in personal injury, property damage or advertising liability during the policy period. All such exposure to substantially the same general conditions existing at or emanating from one premises location shall be deemed one occurrence.

6.   DAMAGES –

The term "Damages" includes damages for death and for care and loss of services resulting from personal injury and damages for loss of use of property resulting from property damage.

7.   ULTIMATE NET LOSS –.

The term "Ultimate Net Loss" shall mean the total sum which the Assured, or his Underlying Insurers as scheduled, or both, become obligated to pay by reason of personal injuries, property damage or advertising liability claims, either through adjudication or compromise, and shall also include hospital, medical and funeral charges and all sums paid as salaries, wages, compensation, fees, charges and low costs, premiums on attachment or appeal bonds, interest, expenses for doctors, lawyers, nurses and investigators and other persons, and for litigation, settlement, adjustment and investigation of claims and suits which are paid as a consequence of any occurrence covered hereunder, excluding only the salaries of the Assured's or of any underlying insurers permanent employees.

The Underwriters shall not be liable for expenses as aforesaid when such expenses are included in other valid and collectible insurance.

L.P.O.354B (8/76)                                                                                    Page 3 of 11

(b)   to personal injury, property damage or advertising liability arising out of the conduct of any partnership or joint venture of which the Assured is a partner or member and which is not designated in this policy as a Named Assured;

(c)   to claims made against the Assured:—

(i)   on account of Personal Injuries or Property Damage resulting from the failure of the Assured's products or work completed by or for the Assured to perform the function or serve the purpose intended by the Assured, if such failure is due to a mistake or deficiency in any design, formula, plan, specification, advertising material or printed instructions prepared or developed by the Assured; but this exclusion (i) does not apply to Personal Injuries or Property Damage resulting from the active malfunctioning of such products or work;

(ii)   on account of Property Damage to the Assured's products arising out of such products or any part of such products;

(iii)   on account of Property Damage to work performed by or on behalf of the Assured arising out of work or any portion thereof, or out of the materials, parts or equipment furnished in connection therewith;

(iv)   for the withdrawal, inspection, repair, replacement, or loss of use of the Assured's products or work completed by or for the Assured or of any property of which such products or work form a part; if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(d)   with respect to advertising activities, to claims made against the Assured for:—

(i)   failure of performance of contract, but this shall not relate to claims for unauthorised appropriation of ideas based upon alleged breach of an implied contract;

(ii)   infringement of registered trade marks, service mark or trade name by use thereof as the registered trade mark, service mark or trade name of goods or services sold, offered for sale or advertised, but this shall not relate to titles or slogans;

(iii)   incorrect description of any article or commodity;

(iv)   mistake in advertised price;

(e)   except in respect of occurrences taking place in the United States of America, its territories or possessions, or Canada, to any liability of the Assured directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign enemies, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalisation or requisition or destruction of or damage to property by or under the order of any government or public or local authority;

(f)   to any liability arising out of the violation of any statute, law, ordinance or regulation prohibiting discrimination or humiliation because of race, creed, colour or national origin,

WRG     0679

01544

E.   INSPECTION AND   'DIT -

Underwriters shall be permitted but not obligated to inspect the Assured's property and
operations at any time.   Neither the Underwriters' right to make inspections nor the
making thereof nor any report thereon shall constitute an undertaking on behalf of or
for the benefit of the Assured or others, to determine or warrant that such property or
operations are safe.

Underwriters may examine and audit the Assured's books and records at any time during
the policy period and extensions thereof and within three years after the final termination
of this policy, as far as they relate to the subject matter of this insurance.

F.   CROSS LIABILITY -

In the event of claims being made by reason of personal injury suffered by any employee
of one Assured hereunder for which another Assured hereunder is or may be liable, then
this policy shall cover such Assured against whom a claim is made or may be made in the
same manner as if separate policies had been issued to each Assured hereunder.

In the event of claims being made by reason of damage to property belonging to any
Assured hereunder for which another Assured is, or may be, liable then this policy shall
cover such Assured against whom a claim is made or may be made in the same manner as
if separate policies had been issued to each Assured hereunder.

Nothing contained herein shall operate to increase Underwriters' limit of liability as set
forth in Insuring Agreement 11.

G.   NOTICE OF OCCURRENCE -

Whenever the Assured has information from which the Assured may reasonably conclude
that an occurrence covered hereunder involves injuries or damages which, in the event
that the Assured should be held liable, is likely to involve this policy, notice shall be
sent as stated in Item 4 of the Declarations as soon as practicable, provided, however,
that failure to give notice of any occurrence which at the time of its happening did not
appear to involve this policy but which, at a later date, would appear to give rise to
claims hereunder, shall not prejudice such claims.

H.   ASSISTANCE AND CO-OPERATION -

The Underwriters shall not be called upon to assume charge of the settlement or defense
of any claim made or suit brought or proceeding instituted against the Assured but Under-
writers shall have the right and shall be given the opportunity to associate with the
Assured or the Assured's underlying insurers or both in the defense and control of any
claim, suit or proceeding relative to an occurrence where the claim or suit involves,
or appears reasonably likely to involve Underwriters, in which event the Assured and
Underwriters shall co-operate in all things in the defense of such claim, suit or proceeding.

I.   APPEALS -

In the event the Assured or the Assured's underlying insurers elect not to appeal a judgment
in excess of the underlying limits, Underwriters may elect to make such appeal at their own
cost and expense, and shall be liable for the taxable costs and disbursements and interest
on judgments incidental thereto, but in no event shall the liability of Underwriters for
ultimate net loss exceed the amount set forth in Insuring Agreement 11 for any one occurrence
and in addition the cost and expense of such appeal.

'.O.356B (6/76)                                                              Page 7 of 11

WRG    0680

01545

P.   CANCELLATION –

This policy may be cancelled by the Named Assured or by the Underwriters or their representatives by sending by registered mail notice to the other party stating when, not less than (sixty,60) days thereafter, cancellation shall be effective.   The mailing of notice as aforesaid by Underwriters or their representatives to the Named Assured at the address shown in this policy shall be sufficient proof of notice, and the insurance under this policy shall end on the effective date and hour of cancellation stated in the notice. Delivery of such written notice either by the Named Assured or by the Underwriters or their representatives shall be equivalent to mailing.

If this policy shall be cancelled by the Named Assured the Underwriters shall retain the customary short rate proportion of the premium for the period this policy has been in force. If this policy shall be cancelled by the Underwriters the Underwriters shall retain the pro rata proportion of the premium for the period this policy has been in force.    Notice of cancellation by the Underwriters shall be effective even though Underwriters make no payment or tender of return premium with such notice.

Q.   CURRENCY –

The premiums and losses under this policy are payable in the currency stated in Item 5 of the Declarations.    Payment of Premium shall be made as stated in Item 6 of the Declarations.

R.   CONFLICTING STATUTES –

In the event that any provision of this policy is unenforceable by the Assured under the laws of any State or other jurisdiction wherein it is claimed that the Assured is liable for any injury covered hereby, because of non-compliance with any statute thereof, then this policy shall be enforceable by the Assured with the same effect as if it complied with such Statute.

S.   SERVICE OF SUIT CLAUSE –

It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Assured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made as stated in Item 7 of the Declarations, and that in any suit instituted against any one of them upon this policy, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.   The person or firm named in Item 7 are authorised and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Assured to give a written undertaking to the Assured that they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officers specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this policy of insurance, and hereby designate the above-named as the person to whom the said officer is authorised to mail such process or a true copy thereof.

D.3548 (2/76)

W R G      0681

01546

<u>ATTACHING TO AND FORMING PART OF POLICY No. 79001633C</u>

### DECLARATIONS:

|  |  |  |  |
|---|---|---|---|
| ITEM 1. | (a) | Named Assured:— | W.R. GRACE & CO. and/or Subsidiary, Associated, Affiliated Companies and/or Organisations owned, controlled and/or managed Companies as now or hereinafter constituted |
|  | (b) | Address of Named Assured:— | 1114 Avenue of the Americas, New York, N.Y. 10036 |

ITEM 2.     Limit of Liability — at Insuring Agreement II :—

    (a)   Limit in all in respect of each occurrence     U.S.$ 5,000,000

    (b)   Limit in the aggregate for each annual
        period where applicable              U.S.$ 5,000,000

ITEM 3.    Policy Period:—   30th June, 1979 to 30th June, 1982
                          (both days at 12.01 a.m. Local Standard Time)

ITEM 4.    Notice of Occurrence (Condition G) to:—
                    Marsh & McLennan, Incorporated,
                    1221 Avenue of the Americas, New York, N.Y. 10020.

ITEM 5.    Currency (Condition Q):—
                    United States Dollars

ITEM 6.    Payment of Premium (Condition Q) to:—
                    Marsh & McLennan, Incorporated,
                    1221 Avenue of the Americas, New York, N.Y. 10020.

ITEM 7.    Service of Process (Condition S) upon:—
                    Messrs. Mendes and Mount,
                    3, Park Avenue, New York,
                    N.Y. 10016, U.S.A.

WRG     0682

01347

Attaching to and forming part of Policy No. 7W0016230C

Issued to    W.R.GRACE & CO.

SCHEDULE OF UNDERLYING INSURANCES;

| COVERAGE | LIMIT | CARRIER |
|---|---|---|

I. DOMESTIC GENERAL LIABILITY AND AUTOMOBILE LIABILITY.

• A) General Liability Products Liability

| | | |
|---|---|---|
| Bodily Injury | $1,000,000 Each Occurrence<br>$2,000,000 Aggregate Products<br>Liability only | C.N.A.of Illinois. |
| Property Damage | $1,000,000 Each Occurrence<br>$2,000,000 Aggregate Products<br>Liability only | C.N.A.of Illinois. |
| D.) Employee Benefits | $ 500,000 Each Claim<br>$ 750,000 Annual Aggregate | C.N.A.of Illinois. |
| C.) Care Custody and Control | $1,000,000 Each Occurrence | C.N.A.of Illinois. |
| D.) Advertisers Liability | $ 600,000 Each Occurrence | C.N.A.of Illinois. |
| E.) Automobile Liability | | |
| Bodily Injury | $1,000,000 Each Occurrence | C.N.A.of Illinois. |
| Property Damage | $1,000,000 Each Occurrence | C.N.A.of Illinois. |

* W.R.Grace & Co. assumes the first $500,000.of each loss within the framework of a retrospective rating plan. The premiums indicated are for insurance excess of $500,000, up to policy limits. The combination of the $500,000. Loss Assumption and pure insurance is equal to the limits shown above.

II EMPLOYERS LIABILITY:

| | | |
|---|---|---|
| A) Employers' Liability Including Employers Liability as respects Occupational Disease | $ 500,000 each Employee<br>$ 500,000 each Accident | |
| B) Amendment of Coverage - Maritime (Jones Act) | Bodily Injury by Accident<br>$ 500,000 Each Employee<br>$ 500,000 Each Accident<br>Bodily Injury by Disease<br>$ 500,000 Each Employee<br>$ 500,000 Aggregate Disease<br>$ 500,000 Aggregate Disease<br>(Per State) | C.N.A.of Illinois. |

01548

-2-

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| **III.** | | |
| **1. AIRCRAFT LIABILITY** (Excluding Non-Ownership) | | |
| C) United States Federal Longshoremen and Harbor Workers Act. | $ 250,000 Each Employee<br>$ 500,000 Each Accident | C.N.A. of Illinois |
| A) Care, Custody or Control | $15,000,000 Combined Single Limit Including Voluntary Settlements of $250,000 Per Person - including Crew (Part of and not in Addition to the $15,000,000 Limit) | United States Aviation Insurance Group. |
| A) Care, Custody or Control | $ 1,000,000 each and every occurrence (with respect to Hangars, Buildings or Other Property or Contents thereof required by lease or other Agreement or if insurance is purchased) | United States Aviation Insurance Group. |
| B) Non-Ownership Hull Liability | $ 5,000,000 For Occurrence and Aggregate | United States Aviation Insurance Group. |
| C) Aircraft Non-Ownership Liability | $10,000,000 Combined Single Limit. | United States Aviation Insurance Group. |
| 2) GROUND HANGARKEEPERS LIABILITY. | $ 2,000,000 Each Aircraft<br>$ 2,000,000 Each Occurrence | United States Aviation Insurance Group. |
| V. A) CHARTERERS LIABILITY/WHARFINGERS LIABILITY for W.R.Grace & Co. | $ 2,000,000 Damage to Vessel and Cargo<br>$ 2,000,000 Demurrage and removal of Wreck<br>$ 2,000,000 Collision (third Party) including Demurrage,Property Damage.<br>$ 2,000,000 Each Person<br>$ 2,000,000 Each Accident<br>Third Party Bodily Injury Liability including liability to Crew of Chartered Vessel<br>$ 5,000 Deductible Each Accident. | Arkwright-Boston Manufacturers Insurance Co. |

* limits will increase to $3,000,000 when and if a sulphur shipment takes place. The increased limit will remain in effect for the duration of policy term. To date no sulphur shipments have taken place and none anticipated for current policy period.

01549

-5-

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| 8) CHARTERER'S LIABILITY for Aruba Chemical Industries, N.V. | $2,000,000 Damage to Vessel and Cargo <br> $2,000,000 Demurrage or Removal of Wreck, including demurrage Property Damage <br> $2,000,000 Collision (Third Party) <br> $2,000,000 Each Person <br> $2,000,000 Each Accident <br> Third Party Bodily Injury Liability including Liability to Crew Chartered vessel. <br> $5,000 Deductible Each Accident. | Atherlight-Boston Manufacturers Insurance Co. |
| v) P.W.L.G. ASSOCIATES, INC. <br> A)Insurance Brokers Errors and Omission Coverage | $2,000,000 Each Claim/Aggregate <br> $ 5,000 Deductible Per Claim | Employers Reinsurance Corporation |
| B)Excess Insurance Brokers Errors and Omission Coverage | $1,000,000 Each Claim/Aggregate Excess of $2,000,000 <br> $2,000,000 Excess of $3,000,000 | Allistica Insurance Company; North Riwr Ins.Co. |
| vi) FOREIGN INSURANCE <br> A)W.R.Grace & Co. <br> Worldwide Comprehensive General and Automobile Liability Program | $1,000,000 Per Occurrence combined single limit Bodily Injury and Property Damage for General Liability and Automobile liability combined <br> $2,000,000 Aggregate Products Liability <br> $2,000,000 Aggregate Property Damage Per Location <br> $ 250,000 Self-Insured for Property) in Insured's Care,Custody) and Control | Granite State |
| B) Grace Petroleum Libya Inc. <br> 1) General Liability including Products Liability | Bodily Injury $300,000 each Occurrence <br> $300,000 Annual Aggregate <br> Property Damage$300,000 Each Occurrence <br> $300,000 Annual Aggregate | Granite State Insurance Co. |

01550

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| B) 2 Automobile Liability | Bodily Injury $250,000 each Person<br>$300,000 each Occurrence<br>Property Damage $250,000 each Occurrence | Granite State Insurance Co. |
| 3 Employer's Liability | $250,000 each Person<br>$250,000 each Accident | Granite State Insurance Co. |

ADDENDUM NO. 1

Attaching to and forming part of Policy No.79DD1633C

Issued to                    W.R. GRACE & CO.

As respects the Assured's operations outside the United States of
America and/or Canada Insuring Agreement II is amended to read as follows:-

"...Underwriters hereon shall be only liable for the ultimate net
loss the excess of either:-

(a) the limits of the underlying insurances as set out in the
attached schedule in respect of each occurrence covered by said
underlying insurances;

or   (b) $250,000.00 ultimate net loss in respect of each occurrence.

whichever is the greater,

or   (c) $250,000.00 ultimate net loss in respect of each occurrence not
covered by said underlying insurances.

................"

All other terms and conditions of the Policy remaining unchanged.

Dated,London 10th December 1979

DB/sc

WRG    0687

01552

ADDENDUM NO. 2

Attaching to and forming part of Policy No. 79DD1633C

Issued to:            W.R. GRACE & CO.

It is hereby understood and agreed that this policy is extended
to include "Employee Benefit Liability", as more fully defined in the
scheduled underlying policies and that as respects such coverage this
policy is subject to the same warranties, terms and conditions (except
as regards the premium, the obligation to investigate and defend, the
amount and limits of liability and the renewal agreement, if any) as
are contained in the said underlying policies.

It is however further understood and agreed that the above extension
in coverage shall not apply to claims based upon the Employee Retirement
Income Security Act of 1974, Public Law 93-406 commonly referred to as
the Pension Reform Act of 1974 and amendments thereto, or similar
provisions of any Federal, State or Local Statutory Law or Common Law.

All other terms and conditions of the Policy remaining unchanged.

Dated, London,  10th December, 1979

DB/sc

WRG    0688

61553

ADDENDUM NO.3

Attaching to and forming part of Policy No.79DD1633C

Issued to :   ---.        W.R.GRACE & CO.

Notwithstanding anything contained herein to the contrary, it is
hereby understood and agreed that this Policy shall not apply:-

A     To Property Damage claims arising from:-

    (1) Erroneous delivery of seeds, erroneous substitution of one
        seed from another, or mislabelling of seeds;
    (2) Cross pollination;
    (3) Germination failure;
    (4) The presence of noxious weed seed;
    (5) Natural shrinkage of grain;
    (6) Loss of and/or damage and/or deterioration from delay or
        from moisture content of grain;
    (7) Commingling of grain.

B     (1) To liability arising under any policy of insurance or reinsurance;
      (2) To liability arising out of the issuance,non-issuance,declination
          or cancellation of, or the imposition of special terms to any policy
          of insurance or reinsurance.

C     In respect of oil and/or gas drilling and/or exploration operations to:-

      (i) the cost of control of any oil and/or gas well
      (ii)loss of hole and/or in hole equipment.

      It is further understood and agreed that except insofar as coverage is
available to the Assured in the Underlying Insurances as set out in the attached
Schedule,this Policy shall not apply:-

      (A) To Charterers liability;
      (B) To the safe berthing of any marine vessel;
      (C) To marine vessels in the Assured's Care,Custody or Control;
      (D) To Non-owned watercraft liability;
      (E) To Contractual Liability;
      (F) To Incidental Malpractice Liability;
      (G) In respect of oil and/or gas drilling and/or exploration operations
          to:-
          (i)     explosion,blowout and/or cratering;
          (ii)    underground Property Damage not already excluded by the
                  Seepage,Pollution and Contamination Clause No.1 and the
                  Seepage, Pollution and Contamination Exclusion Clause No.2.

      (H) To liability resulting from the ownership,maintenance and/or
          operations of any dock,wharf and/or quay facility.

      (I) To Punitive and/or Exemplary Damages
      (J) To Pharmacials Liability.

All other terms and conditions of the Policy remaining unchanged.

Dated ,30th December 1979
DU/et

WRG — 0689

01354

ADDENDUM NO. 4

Attaching to and forming part of Policy No.79DD1633C

Notwithstanding anything contained herein to the contrary it is hereby understood and agreed that this Policy shall apply to "Joint Ventures" subject always to the following attached "Joint Venture Clause" given below except in respect of those Joint Ventures which are excepted by virtue of Addendum No.(5)

JOINT VENTURE CLAUSE
(Third Party Liability)
(Approved by Lloyd's Underwriters' Non-Marine Association)

(1) It is hereby understood and agreed by the Assured and Underwriters that, as regards any liability of the Assured which is insured under this Policy and arises in any manner whatsoever out of the operations or existence of any joint venture, operation, joint lease, joint operating agreement or partnership (hereinafter called a "Joint Venture") in which the Assured has an interest, the liability of Underwriters or/or this Policy shall be limited to the product of (a) the percentage interest of the Assured in the said Joint Venture and (b) the total amount of indemnity which would otherwise be available to the Assured under this Policy where the percentage interest of the Assured in said Joint Venture is at variance with the percentage to be applied shall be that which would be agreed to be at the inception of the Joint Venture. Such percentage shall not be subject to any combined interest of others interested in the said Joint Venture.

(2) It is further understood and agreed that, where any underlying insurance(s) have been reduced by a clause having the same effect as paragraph (1) of this current the sum of (a) such reduced limits of any underlying insurance(s) and (b) the limit of any underlying insurance(s) not reduced.

23.1/79

N.M.A. 2437

It is further understood and agreed that the term "Joint Venture" as used in the above attached "Joint Venture Clause" or elsewhere within the Policy wording shall be understood to mean:

"Any joining together of two or more companies, either legally or contractually, for the purpose of any business undertaking where joint financial or corporeal benefit is intended."

All other terms and conditions of the Policy remaining unchanged.

Dated,London 10th December 1979
DB/sc

ADDENDUM NO.5

Attaching to and forming part of Policy No 79DD1633C

Issued to                    W.R. GRACE & CO.

It is hereby understood and agreed that the "Joint Venture Clause" contained in Addendum No.4 shall not apply in respect of any co-venture or partnership where:

(A) The Assured's financial interest is at least 50%;

(B) The Assured has sole responsibility for the management and operation;

(C) The Assured is obligated to provide full insurance.

Notwithstanding the foregoing, it is understood and agreed that any future contractual agreement issued by the Assured to its co-venturers or partners will specify that the insurance provided by the Assured's insurers shall be the sole and exclusive protection afforded to any and all members of such ventures.

All other terms and conditions of the Policy remaining unchanged.

Dated, London 10th December 1979

DB/sc

WRG    0691

ADDENDUM NO.6

Attaching to and forming part of Policy No.7YBDI633C

Issued to                    W.R.GRACE & CO.

ADJUSTMENT CLAUSE.

Notwithstanding anything stated herein to the contrary, it is hereby agreed that the premium charged hereon is comprised of a Minimum and Deposit of $1,320,000.00 part of $1,650,000.00 plus an annual flat premium charge of $14,400.00 part of $18,000.00 in respect of Charterers Liability and in respect of the coverage provided hereunder for the safe berthing of any marine vessel and marine vessels in the Assured's care,custody or control and shall be due and payable as follows:—

| 30th June 1979 | – | $440,000.00 part of $330,000.00 (Minimum and Deposit) |
| | plus | $ 14,400.00 part of $ 18,000.00 (Flat Premium) |
| 30th June 1980 | – | $440,000.00 part of $330,000.00 (Minimum and Deposit) |
| | plus | $ 14,400.00 part of $ 18,000.00 (Flat Premium) |
| 30th June 1981 | – | $440,000.00 part of $330,000.00 (Minimum and Deposit) |
| | plus | $ 14,400.00 part of $ 18,000.00 (Flat Premium) |

It is further understood and agreed that the Minimum and Deposit Premium specified above is subject to adjustment with Earned Premium to be calculated at a rate of 0.0825 per $1,000.00 of the Assured's Gross Receipts.

The Assured shall declare to Underwriters as soon as possible after each anniversary date (commencing with the 30th June 1980) the total amount of their Gross Receipts during the preceding annual period and should the Earned Premium so computed exceed the Deposit Premium charged for said annual period then the balance shall be immediately payable by the Assured to the Underwriters.

Notwithstanding anything contained herein to the contrary, if this Policy shall be cancelled by the Assured, Underwriters shall be entitled to the Earned Premium for the period that this Policy has been in force or the short rate proportion of the Minimum Premium whichever is the greater, plus the short rate proportion of the flat premium charge.  If this Policy is cancelled by Underwriters they shall be entitled to the Earned Premium for the period that this Policy   has been in force or pro rata of the Minimum Premium whichever is the greater, plus the pro rata proportion of the flat premium charge.

All other terms and conditions of the Policy remaining unchanged.

Dated ,London 10th December 1979

WRG – 0692

01357

ADDENDUM NO. 7

Attaching to and forming part of Policy No. 79DD1633C

Issued to:                          W.R. GRACE & CO.

Notwithstanding the fact that the Assured has underlying Insurance in
force providing coverage in respect of Products Recall and Architects Errors
and Omissions Insurance, it is specifically understood and agreed that no
such coverage shall be provided hereunder and for the purposes of this
Policy the underlying coverage shall not be impaired by such exposures.

It is further understood and agreed that this Policy shall not apply to
any loss which would have been covered by the scheduled underlying policies,
except for the deductible provisions contained therein.

All other terms and conditions of the Policy remaining unchanged.

Dated, London,   10th December, 1979

DB/sc

WRG — 0693

ADDENDUM 8

Attaching to and forming part of Policy No.79DD1633C

Issued to:          W.R.GRACE & CO.

It is hereby understood and agreed that the following attached clause
shall apply in respect of the Assured's oil and/or gas operations on, over
and/or under water:

SEEPAGE, POLLUTION AND CONTAMINATION EXCLUSION CLAUSE No. 2
(Approved by Lloyd's Underwriters' Non-Marine Association)

This Insurance does not cover any liability for:
(1) Personal Injury or Bodily Injury or loss, damage or cost or expense of any and nature,
    or in respect caused by seepage, pollution or contamination;
(2) The cost of removing, nullifying or clean-up of seepage, polluting or contaminating
    substances
(3) Loss of, damage to, or loss of use of property directly or indirectly caused by
    seepage, pollution or contamination of the Vessel.
(4) Removal of, loss of or claim, or recoverable, and, the of cover in respect of the property
    of others
(5) Fines, penalties, punitive or exemplary damages
22/1/70
N.M.A. 1684.

It is also understood and agreed that the following attached clause
shall apply in respect of the Assured's oil and/or gas operations other than
those on, over and/or under water:

SEEPAGE, POLLUTION AND CONTAMINATION CLAUSE
(Approved by Lloyd's Underwriters' Non-Marine Association)

This Insurance does not cover any liability for:
(1) Removal of, loss of or damage to substances will not be recovered as property
    of others, provided always that this is not major (1) shall in no case be made to
    would otherwise be covered under this Insurance are such loss and cost with
    attributable to have been occurring or left on an oil or gas well attributable to the
    under the control of the Assured
(2) Loss of, damage to, or loss of use of any property directly or indirectly caused
    sub-clause caused by sub-surface operations of the Assured
(3) Personal Injury or Bodily Injury or loss of, damage to or loss of use of property
    or indirectly caused by seepage, pollution or contamination unless caused by a
    paragraph (3) shall not apply to liability for Personal and Bodily Injury loss of
    physical damage to or destruction of tangible property caused by a sudden
    damaged or destroyed where such seepage, pollution or contamination is a
    unintended and unexpected happening during the period of this Insurance
(4) The cost of removing, nullifying or cleaning up seepage, pollution or contaminating
    substances unless the seepage, pollution or contamination is a sudden
    and unexpected happening during the period of this Insurance
(5) Fines, penalties, punitive or exemplary damages
This Clause shall not extend this Insurance to cover any liability which would not have
been covered under this Insurance had this Clause not been attached
22/1/70.
N.M.A. 1685.

It is further understood and agreed that the following attached clause
shall apply in respect of all operations of the Assured, other than oil and/or
gas operations.

INDUSTRIES SEEPAGE POLLUTION AND CONTAMINATION CLAUSE

This Insurance does not cover any liability for:
...

22/1/70
N.M.A. 1686

All other terms and conditions of the Policy remaining unchanged.

01359

ADDENDUM NO. 9

Attaching to and forming part of Policy No. 78001633C

Issued to:                    W.R. GRACE & CO.


It is hereby understood and agreed that the BOOKER DRILLING COMPANY
is included herein as an additional Assured.    In consequence of the
above the CNA Casualty Company of Illinois will provide underlying
coverage on a "Difference Between" basis up to the appropriate underlying
limits as expressed in the schedule attached hereto until such time
as the existing underlying insurances of Booker Drilling Company are
cancelled and the coverages are included within the CNA underlying
insurance programme.


Gross Receipts from the aforementioned entity shall be included in
the premium adjustment in accordance with Addendum No. 6.


All other terms and conditions of the Policy remaining unchanged.

Dated, London,  10th December, 1974

Db/lc

01560

ADDENDUM NO. 1D

Attaching to and forming part of Policy No. 79DD1633C

Issued to                 W.R. GRACE & CO.

## WARRANTY

It is hereby warranted by the Assured that Physical Damage coverage is maintained for 100% values in respect of all Highly Protected Risk properties and that a blanket block policy for $50,000,000 excess of a $1,000,000 deductible is maintained for all other real property; all property in the Assured's care, custody or control being covered by such policies.

01561

ADDENDUM NO. 11

Attaching to and forming part of Policy No. 79DD163DC

Issued to:--·-          W.R. GRACE & CO.

It is hereby understood and agreed that this Policy is extended
to include "Data Processors Errors and Omissions" and "Insurance
Brokers Errors and Omissions".

It is however specifically understood and agreed that the above
extension in coverage is only applicable insofar as such coverage is
available to the Assured in the schedule of Underlying Insurances
attached hereto and that as respects such coverages this Policy is
subject to the same warranties, terms and conditions (except as regards
the premium, the obligation to investigate and defend, the amount and
limits of liability and the renewal agreement, if any), as are contained
in said Underlying Insurances.

All other terms and conditions of the Policy remaining unchanged.

WRG   .0697

01362

ADDENDUM NO. 12

Attaching to and forming part of Policy No.79DD163JC

Issued to:  W R GRACE & COMPANY

It is hereby understood and agreed that with effect from 30th June,
1979, Addendum No.5 of this Policy is deleted and replaced by the
following:-

> It is hereby understood and agreed that the
> "Joint Venture Clause" contained in Addendum
> No.4 shall not apply in respect of any
> co-venture or partnership where:
>
> (A)  The Assured's financial interest is at
>      least 50%, or
>
> (B)  The Assured has sole responsibility for
>      the Management and operation, or
>
> (C)  The Assured is obligated to provide full
>      insurance.
>
> Notwithstanding the foregoing, it is understood
> and agreed that any future contractual agree-
> ment issued by the Assured to its co-venturers
> or partners will specify that the insurance
> provided by the Assured's insurers shall be the
> sole and exclusive protection afforded to any
> and all members of such ventures.

All other terms and conditions of the Policy remaining unchanged.


DF/rjb

01563

COPY    ADDENDUM NO 13

Attaching to and forming part of Policy No 79DD1633C

Issued to:    W.R.GRACE & CO.

It is understood and agreed that, with effect from 1st October 1980 this Policy shall apply in respect of the Joint Venture known as Four Corners Mine and International Minerals & Chemical Corporation is included hereon in respect of their interest in this Joint Venture.  Also included as an Additional Assured is Morgan Guaranty Trust Company of New York, but only in respect of their interest as mortgagee in the Four Corners Mine Joint Venture and pursuant to the terms and conditions of the credit agreement dated January 27, 1981.

It is further understood and agreed that coverage provided hereon shall apply separately in excess of the following underlying insurances in respect of the Four Corners Mine Joint Venture.

| Coverage | Limit | Carrier |
|---|---|---|
| A.General Liability | $1,000,000 (applies separately to each contractor but is subject to a combined $5,000,000 limit for any one occurrence. | Hartford Insurance Company. |
| B.Employers Liability | $ 500,000 | Hartford Insurance Company. |
| C.Umbrella Liability (To apply excess of A and B above) | $20,000,000 | Hartford Insurance Company. |

It is further understood and agreed that the Joint Venture Clause incorporated in Addendum No 4 will not apply to this Joint Venture.

1.1283    DIRECTOR

All other terms and conditions of the Policy remaining unchanged.

01564

( )

ADENDUM NO 14

Attaching to and forming part of Policy No 79001G33C

Issued to:        W.R.GRACE & CO.

It is hereby understood and agreed that with effect from 30th March,1982
this Policy shall not apply to Chemed Corporation and/or any subsidiary,
organisation or company, including subsidiaries of a subsidiary company,
owned controlled or coming under the active management of Chemed Corporation.

2028/6902
DIRECTOR
... AGENCIES LT

23.11.82
R McCARTY...

All other terms and conditions of the Policy remaining unchanged
PSCB/sc

WRG    0700

01565

ADDENDUM NO 15

Attaching to and forming part of Policy No 79DD1633C

Issued to:      W.R.GRACE AND CO.

It is understood and agreed that with effect from 30th April,1982 the
Assured leased an aircraft (Gulf Stream II No.227-GL) to Mobil, who
give the understanding that they will provide insurance.  If there
should be a breach of contract, W.R.Grace's primary Aviation Policy
will respond for any contingent liability that may exist.

All other terms and conditions of the Policy remaining unchanged.
PSCB/sc

30384                              LO3816902727S
                                        DIRECTOR

WRG    0701

01566

**U.S.A.**

**RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE—LIABILITY—DIRECT**

**NUCLEAR INCIDENT EXCLUSION CLAUSE—LIABILITY**

**U.S.A.**

**U.S. TAX CLAUSE**

BOWRING

**C. T. BOWRING & CO. (INSURANCE) LTD.**
Lloyd's Brokers
AMERICAN NON-MARINE DIVISION

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

| | |
|---|---|
| P.O. BOX 145, | TELEPHONE: 01-283 3100 |
| THE BOWRING BUILDING. | TELEGRAMS: BOWINSUR |
| TOWER PLACE. | LONDON EC3 |
| LONDON. EC3P 3BE | TELEX: 882131 |
| (Registered Office) | Registered No. 76170 London |

Please always quote this No. __PY107779__

Date __2nd August, 1979__

VAT No. 244 2517 79

Renewing No. 35446

In accordance with your instructions we have arranged cover as follows:

**TYPE**     UMBRELLA LIABILITY INCLUDING EMPLOYEE BENEFIT LIABILITY BUT EXCLUDING CLAIMS ARISING FROM E.R.I.S.A. (1974). EXCLUSIONS AS ATTACHED.

**FORM**     WORDING AS EXPIRING AS FAR AS APPLICABLE TO BE AGREED BY UNDERWRITERS.

**ASSURED**     W.R. GRACE & CO. et al and/or Subsidiary, Associated, Affiliated Companies and/or Organisations owned, controlled and/or managed Companies as now or hereinafter consituted plus joint ventures as expiring.

**PERIOD**     36 months at 30th June, 1979.

**INTEREST**     Coverage in respect of all the insureds operations.

**SUM INSURED**     80% of
$5,000,000     each occurrence (Aggregates Products and Occupational Disease)
Excess of
(A) The amount covered under underlying insurances as per schedule
(B) $100,000 each occurrence in respect of losses not covered by said underlying insurances.

**SITUATION**     Worldwide.

For the attention of Tom Clarke/Frank Nasella,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

C. T. BOWRING    (INSURANCE) LTD.

Director

W.R.G 0703

2

and advise us immediately if it is incorrect
or does not meet your requirements.

CONDITIONS    Service of Suit Clause (U.S.A.).
4% Tax Clause (if applicable).
Zr. Agg. Endorsement - subject primaries unimpaired at
inception hereon.
Cancellation Clause 60 days.
N.M.A. 1687 (amended as expiring).
N.M.A. 1685 except in respect of oil and gas operations which
subject N.M.A. 1683 other than operations on, over or under
water which subject to N.M.A. 1684.

PREMIUM    80% of Minimum and Deposit $1,650,000 (payable 1/3rd annually)
adjustable annually at 9-1/4%o on gross receipts.
Plus Additional Premium $18,000 annual in respect of coverage
provided hereon by Part II Exclusions (A) (B) & (C).

Less 4% Federal Excise Tax.

INFORMATION    As over

For the attention of Tom Clarke/Frank Nasella,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

WRG    0704

and advise us immediately if it is incorrect
or does not meet your requirements.

01569

INFORMATION

Assureds operations are basically involved in 3 areas being:

1)  Chemicals which total 54.10% and is split 40.70%
    Industrial and Specialty 13.40%

2)  Consumer Products which total 38.90% and split 9.10% U.S.
    Specialty Retailing, 6.00% U.S. Restaurants, 23.80% other
    than above plus total Foreign Consumer.

3)  Natural Resources 7%

Estimated Annual Sales:

1979 $4,930,000,000
1980 $5,666,800,000
1981 $6,383,400,000

1979 Annual Payroll $493,749,143

No manufacturing or relabelling on packaging of Pharmaceutical
Products by the Assured other than resulting from operations of
HPI Hospital Pharmacies Division of Daylin Inc.
No change in expiring information regarding Mining Operations
and Aviation Products Exposure.

Hereon                COMPANIES (as attached) 100%

For the attention of Tom Clarke/Frank Nasella,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

WRG      0705

4

Please examine this document carefully and advise us immediately if it is incorrect or does not meet your requirements.

## EXCLUSIONS (ADDITIONAL TO FORM)

### W.R. GRACE.

## PART 1

(A) Property Damage arising from:

1) Erroneous delivery of seeds, erroneous substitution of one seed for another, or mislabeling of seeds;
2) Cross pollination;
3) Germination failure;
4) The presence of noxious weed seed;
5) Natural shrinkage of grain;
6) Loss of and/or damage and/or deterioration from delay or from moisture content of grain;
7) Commingling of grain;

(B) 1) To liability arising under any policy of insurance or reinsurance;
   2) To liability arising out of the issuance, non-issuance, declination or cancellation of, or the imposition of special terms to any policy of insurance or reinsurance;

(C)    In respect of oil/gas drilling and/or exploration operations:

      (i) cost of control of any oil/gas well
      (ii) loss of hole and/or in hole equipment

## PART II

(A) Charterers Liability;
(B) Safe berthing of any marine vessel;
(C) Marine vessels in Assureds Care, Custody or Control;
(D) Non owned watercraft liability
(E) Contractual;
(F) Incidental malpractice

For the attention of Tom Clarke/Frank Nasella,
Marsh & McLennan, Inc.
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

WRG    0706

5

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

(G)  In respect of oil/gas drilling and/or exploraion operations:

       (i)  explosion, blowout and/or cratering
      (ii) underground Property Damage not already excluded by N.M.A.
          1683/4/5;

(H)  Data processors Errors and Omissions;
(I)  Liability resulting form ownership, maintenance and/or operations of any dock,
    wharf and/or quay facility
(J)  Insurance brokers errors and omissions;
(K)  Punitive and/or Exemplary Damages;
(L)  Pharmacists Liability.

For the attention of Tom Clarke/Frank Nasella,
Marsh & McLennan, Inc.
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

6

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

01572

## WARRANTIES - W.R. GRACE UMBRELLA.

(1) Notwithstanding scheduled underlying polices contain limits in respect of products recall and architects Errors and Omissions, no coverage provided hereon and for the purposes of the policy Underlying Coverages not be impaired by such exposure.

(2) Physical damage coverage maintained for 100% values in respect of all H.P.R. properties and blanket block policy for $50,000,000 excess of $1,000,000 deductible maintained for all other real property, all property in Assured's Care, Custody and Control coverd by such policies.

(3) No step down excess of Self Insured Retention hereon in the event of any loss not being covered by scheduled primaries due to deductible contained therein.

For the attention of Tom Clarke/Frank Masalla,
Marsh & McLennan, Inc.
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

7

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

W.R. GRACE & CO.
SCHEDULE OF UNDERLYING INSURANCE

01573

| COVERAGE | LIMIT | | CARRIER |
|---|---|---|---|

I. DOMESTIC GL AND AL:

| | | | | CARRIER |
|---|---|---|---|---|
| * A.) General/Products Liability | B.I. | $1,000,000 Each Occurrence | | C.N.A. |
| | | $2,000,000 Aggregate Products Only | | |
| | P.D. | $1,000,000 Each Occurrence | | C.N.A. |
| | | $2,000,000 Aggregate Products Only | | |
| B.) Employee Benefits | | $ 500,000 Each Claim | | C.N.A. |
| | | $ 750,000 Annual Aggregate | | |
| C.) Care, Custody and Control | | $1,000,000 Each Occurrence | | C.N.A. |
| D.) Advertisers Liability | | $ 500,000 Each Occurrence | | C.N.A. |
| E.) Automobile Liability | B.I. | $1,000,000 Each Occurrence | | C.N.A. |
| | P.D. | $1,000,000 Each Occurrence | | C.N.A. |

* W.R. Grace & Co. assumes the first $500,000 of each loss within the
framework of a retrospective rating plan. The premiums indicated are for
insurance excess of $500,000 up to policy limits. The combination of the
$500,000 Loss Assumption and pure insurance is equal to the limits shown
above.

II. EMPLOYERS LIABILITY:

| | | | CARRIER |
|---|---|---|---|
| A) Employers' Liability including Occupational Disease | $ 500,000 Each Employee | | C.N.A. |
| | $ 500,000 Each Accident | | |

For the attention of Tom Clarke/Frank Nasella,
Marsh & McLennan, Inc.
1221, Avenue of the Americas,
New York.
N.Y. 10020
U.S.A.

8

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

| | | |
|---|---|---|
| B) Amendment of Coverage B<br>Maritime (Jones Act) | Bodily Injury by Accident<br>$500,000 Each Employee<br>$500,000 Each Accident<br>Bodily Injury by Disease<br>$500,000 Each Employee<br>$500,000 Aggregate Disease<br>(Per State) | C.N.A. 01574 |
| C) U.S. F.L. & H.W.A. | $250,000 Each Employee<br>$500,000 Each Accident | C.N.A. |

## IV.1. AIRCRAFT LIABILITY
(Excluding Non-Ownership)

| | | |
|---|---|---|
| | $15,000,000 Combined Single<br>Limit including Voluntary<br>Settlements of $250,000 Per<br>Person - including Crew (Part of<br>and not in addition to the<br>$10,000,000 Limit) | U.S.A.I.G. |
| A) Care, Custody or Control | $ 1,000,000 Each and Every Loss<br>(with respect to Hangars,<br>Buildings or Other Property<br>or Contents thereof required<br>by Lease or Other Agreement or<br>if Insurance is purchased) | U.S.A.I.G. |
| B) Non-Ownership Hull<br>Liability | $ 5,000,000 Per Occurrence<br>and Aggregate | U.S.A.I.G. |
| C) Aircraft Non-Ownership<br>Liability | $10,000,000 Combined Single Limit | U.S.A.I.G. |
| 2) GROUND HANGARKEEPERS<br>LIABILITY | $2,000,000 Each Aircraft<br>$2,000,000 Each Occurrence | U.S.A.I.G. |

For the attention of Tom Clarke/Frank Nasella,
Marsh & McLennan, Inc,
1          nue of the Americas,
N.Y  ,020
U.S.A.

9

and advise us immediately if it is incorrect
or does not meet your requirements.

01575

V. A) CHARTERER'S LIABILITY/

WHARFINGERS LIABILITY
for W.R. Grace & Co.

*$2,000,000 Damage to Vessel
and Cargo
$2,000,000 Demurrage and
removal of Wreck
$2,000,000 Collision (Third Party
Including Demurrage - P.D.)
$2,000,000 Each Person
$2,000,000 Each Accident
Third Party Bodily Injury
Liability including Liability to
Crew of Chartered Vessel
$    5,000 Deductible Each Accident

Arkwright-Boston
Manufacturers
Insurance Co.

* Limit will increase to $5,000,000 when and if a sulphur shipment takes
place. The increased limit will remain in effect for the duration of
policy term. To date no sulphur shipments have taken place and none
anticipated for current policy period.

B) CHARTERER'S LIABILITY

for Aruba Chemical
Industries, N.V.

$2,000,000 Damage to Vessel
and Cargo

$2,000,000 Demurrage or Removal
of Wreck.
$2,000,000 Collision (Third Party)
including Demurrage - P.D.
$2,000,000 Each Person
$2,000,000 Each Accident
Third Party Bodily Injury
Liability including Liability to
Crew of Chartered vessel.
$    5,000 Deductible Each Accident.

Arkwright-Boston
Manufacturers
Insurance Co.

VI. P.M. & G. ASSOCIATES, INC.
A) Insurance Brokers Errors
and Omission Coverage

$2,000,000 Each Claim/Aggregate
$    5,000 Deductible Per Claim

Employers
Reinsurance
Corporation

B) Excess Insurance Brokers
Errors and Omission Coverage

$1,000,000 Each Claim/Aggregate
Excess of $2,000,000

$2,000,000 Excess of
$3,000,000

Adriatica
Insurance
Company.
North River
Ins. Co.

For the attention of Tom Clarke/Frank Nasella,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

WRG    0711

10

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

01576

VI.

## VII. FOREIGN INSURANCE

| | | |
|---|---|---|
| A) W.R. Grace & Co. | $1,000,000 Per Occurrence B.I. & P.D. CSL for G.L. and A.L. Combined | Granite State |
| Worldwide Comprehensive General and Automobile | $2,000,000 Aggregate Products $2,000,000 Aggregate Property Damage Per Location | |
| Liability Program | $ 250,000 Self-Insured for Property in Insured's Care, Custody and Control | |

B) Grace Petroleum Libya Inc.

| | | |
|---|---|---|
| 1) General Liability including Products Liability | B.I. $300,000 each Occurrence $300,000 Annual Aggregate P.D. $250,000 Each Occurrence $300,000 Annual Aggregate | Granite State |
| 2) Automobile Liability | B.I. $250,000 each Person $300,000 each Occurrence P.D. $250,000 each Occurrence | Granite State |
| 3) Employer's Liability | $250,000 each Person $250,000 each Accident | Granite State. |

For the attention of Tom Clarke/Frank Masella,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

WRG    0712

11

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

01577

```
100% (48.05% WALBROOK INSURANCE COMPANY LIMITED
     ( 6.49% EL PASO INSURANCE COMPANY LIMITED
     (11.69% MUTUAL REINSURANCE COMPANY LIMITED
     (12.99% DART INSURANCE COMPANY LIMITED
     (11.04% BERMUDA FIRE & MARINE INSURANCE COMPANY LIMITED
     ( 9.74% ST. KATHERINE INSURANCE COMPANY LIMITED
```

Hereon          100%

For the attention of Tom Clarke/Frank Nasella,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

WRG   0713

C. T. BOWRING & CO. (INSURANCE) LTD.
Lloyd's Brokers
NORTH AMERICAN NON-MARINE INSURANCE DIVISION

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

01578

P.O. BOX 145.                    TELEPHONE: 01-283 3100
THE BOWRING BUILDING.            TELEGRAMS: BOWINSUR
TOWER PLACE,                             LONDON EC3
LONDON, EC3P 3BE                 TELEX: 882181
(Registered Office)              Registered No. 76170 London

Date 8th August, 1979

VAT No. 244 2817 79

In accordance with instructions we have amended cover as follows:

### A/C: W.R. GRACE & CO. ET AL.

Agreed include BOOKER DRILLING COMPANY effective inception.

W.R. GRACE primary carrier (CNA) will include BOOKER on a "Difference
Between" basis up to CNA total primary limits until BOOKER totally
absorbed when BOOKER'S existing Primary Policies will be cancelled and
totally included in the CNA programme.

INFORMATION.

CNA Primary Premiums:   GL $ 11,218 AUTO $ 192

Receipts $28,465,000 (1979 estimated) (.4% of W.R. GRACE)

Payroll  $ 7,600,000

Loss Experience:   1976 $147,533 Total GL
                   1977 $ 73,165 Total GL

No owned/non owned Watercraft/Aircraft.

3 Auto units.

BOOKER perform "workover" and "completion work" operations. No drilling of
either production or exploratory wells.

Receipts to be included in Adjustment hereon.

All Other Terms and Conditions Remaining Unchanged

For the attention of Tom Clarke/Frank Masella,
Marsh & McLennan, Inc,
1221 Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

C. T. BOWRING & CO. (INSURANCE) LTD.

Director

C.T. BOWRING & CO. (INSURANCE) LTD.
Lloyd's Brokers
NORTH AMERICAN NON-MARINE INSURANCE DIVISION

*Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.*

C1579

P.O. BOX 145.

THE BOWRING BUILDING.
TOWER PLACE.
LONDON. EC3P 3BE

(Registered Office)

TELEPHONE: 01-283 3100

TELEGRAMS: BOWINSUR
                    LONDON EC3

TELEX: 882191

Registered No. 76170 London

Date —— 6th September, 1979

VAT No. 244 2517 79

In accordance with instructions we have amended cover as follows:

## A/C: W.R. GRACE & CO. ETAL.

Noted and agreed effective inception that in reference to the inclusion of
Booker Drilling Company the W.R. GRACE primary carrier (CNA) is excess and
difference in conditions over Bookers existing program and not as stated
in the previous addendum attaching hereto.

For the attention of Tom Clarke/Frank Masella,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

All Other Terms and Conditions Remaining Unchanged

C.T. BOWR''      CO. (INSURANCE) LTD.

*Director*

WRG__ 0715

# Bowring

COPY COVER NOTE

01580

C.T. BOWRING & CO. (INSURANCE) LTD.
Lloyd's Brokers
AMERICAN NON-MARINE DIVISION

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

P.O. BOX 145,

THE BOWRING BUILDING,
TOWER PLACE,
LONDON, EC3P 3BE
(Registered Office)

TELEPHONE: 01-283 3100

TELEGRAMS: BOWINSUR
LONDON EC3

TELEX: 882737

Registered No. 78170 London

Please always
quote this No. PY107779

Date 2nd August, 1979

VAT No. 244 2517 79

Renewing No. 35446
In accordance with your instructions we have arranged cover as follows:

| | |
|---|---|
| <u>TYPE</u> | UMBRELLA LIABILITY INCLUDING EMPLOYEE BENEFIT LIABILITY BUT EXCLUDING CLAIMS ARISING FROM E.R.I.S.A. (1974). EXCLUSIONS AS ATTACHED. |
| <u>FORM</u> | WORDING AS EXPIRING AS FAR AS APPLICABLE TO BE AGREED BY UNDERWRITERS. |
| <u>ASSURED</u> | W.R. GRACE & CO. et al and/or Subsidiary, Associated, Affiliated Companies and/or Organisations owned, controlled and/or managed Companies as now or hereinafter constituted plus joint ventures as expiring. |
| <u>PERIOD</u> | 36 months at 30th June, 1979. |
| <u>INTEREST</u> | Coverage in respect of all the insureds operations. |
| <u>SUM INSURED</u> | 80% of<br>$5,000,000 each occurrence (Aggregates Products and Occupational Disease)<br>Excess of<br>(A) The amount covered under underlying insurances as per schedule<br>(B) $100,000 each occurrence in respect of losses not covered by said underlying insurances. |
| <u>SITUATION</u> | Worldwide. |

For the attention of Tom Clarke/Frank Nasella,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

C.T. BOWRING & CO. (INSURANCE)

WRG - 0716

No. ___ PYIC7779

01581

2

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

CONDITIONS
Service of Suit Clause (U.S.A.).
4% Tax Clause (if applicable).
Ex. Agg. Endorsement – subject primaries unimpaired at ___ ___ ___
inception hereon.
Cancellation Clause 60 days.
N.M.A. 1687 (amended as expiring).
N.M.A. 1685 except in respect of oil and gas operations which
subject N.M.A. 1683 other than operations on, over or under
water which subject to N.M.A. 1684.

PREMIUM
80% of Minimum and Deposit $1,650,000 (payable 1/3rd annually)
adjustable annually at 9-1/4dio on gross receipts.
Plus Additional Premium $18,000 annual in respect of coverage
provided hereon by Part II Exclusions (A) (B) & (C).

Less 4% Federal Excise Tax.

INFORMATION
As over

For the attention of Tom Clarke/Frank Nasella,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

CONTINUATION SHEET

No ) PY107779 —

01582

3

Please examine this document carefully and advise us immediately if it is incorrect or does not meet your requirements.

INFORMATION

Assureds operations are basically involved in 3 areas being:

1)  Chemicals which total 54.10% and is split 40.70% Industrial and Specialty 13.40%

2)  Consumer Products which total 38.90% and split 9.10% U.S. Specialty Retailing, 6.00% U.S. Restaurants, 23.80% other than above plus total Foreign Consumer.

3)  Natural Resources 7%

Estimated Annual Sales:

1979 $4,930,000,000
1980 $5,666,800,000
1981 $6,383,400,000

1979 Annual Payroll $493,749,143

No manufacturing or relabelling on packaging of Pharmaceutical Products by the Assured other than resulting from operations of HPI Hospital Pharmacies Division of Daylin Inc.
No change in expiring information regarding Mining Operations and Aviation Products Exposure.

Herson                 COMPANIES (as attached) 100%

For the attention of Tom Clarke/Frank Nasella,
Marsh & McLennan, Inc.
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

_WRG___0718

4

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

## EXCLUSIONS (ADDITIONAL TO FORM)

## W.R. GRACE.

### PART I

(A) Property Damage arising from:

1) Erroneous delivery of seeds, erroneous substitution of one seed for another, or mislabeling of seeds;
2) Cross pollination;
3) Germination failure;
4) The presence of noxious weed seed;
5) Natural shrinkage of grain;
6) Loss of and/or damage and/or deterioration from delay or from moisture content of grain;
7) Commingling of grain;

(B) 1) To liability arising under any policy of insurance or reinsurance;
2) To liability arising out of the issuance, non-issuance, declination or cancellation of, or the imposition of special terms to any policy of insurance or reinsurance;

(C) In respect of oil/gas drilling and/or exploration operations:

(i) cost of control of any oil/gas well
(ii) loss of hole and/or in hole equipment

### PART II

(A) Charterers Liability;
(B) Safe berthing of any marine vessel;
(C) Marine vessels in Assureds Care, Custody or Control;
(D) Non owned watercraft liability
(E) Contractual;
(F) Incidental malpractice

For the attention of Tom Clarke/Frank Nasella,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

No.    r110/119

5

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

(G) In respect of oil/gas drilling and/or exploration operations:

        (i)  explosion, blowout and/or cratering
        (ii) underground Property Damage not already excluded by N.M.A.
           1683/4/5;

(H) Data processors Errors and Omissions;
(I) Liability resulting form ownership, maintenance and/or operations of any dock,
    wharf and/or quay facility
(J) Insurance brokers errors and omissions;
(K) Punitive and/or Exemplary Damages;
(L) Pharmacists Liability.

For the attention of Tom Clarke/Frank Nazella,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

CONTINUATION SHEET

No. ⠀⠀ F7107779 ⠀ 01585

6

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

## WARRANTIES — W.R. GRACE UMBRELLA.

(1) Notwithstanding scheduled underlying policies contain limits in respect of
products recall and architects Errors and Omissions, no coverage provided
hereon and for the purposes of the policy Underlying Coverages not be impaired
by such exposure.

(2) Physical damage coverage maintained for 100% values in respect of all H.P.R.
properties and blanket block policy for $50,000,000 excess of $1,000,000
deductible maintained for all other real property, all property in Assured's
Care, Custody and Control coverd by such policies.

(3) No step down excess of Self Insured Retention hereon in the event of any loss
not being covered by scheduled primaries due to deductible contained therein.

For the attention of Tom Clarke/Frank Mazzella,
Marsh & McLennan, Inc.,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

WRG      0721

CONTINUATION SHEET     No. ) PX107779     01586

7

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

W.R. GRACE & CO.
SCHEDULE OF UNDERLYING INSURANCE

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| **I.  DOMESTIC GL AND AL:** | | |
| * A.)  General/Products Liability | B.I. $1,000,000 Each Occurrence<br>$2,000,000 Aggregate Products<br>Only | C.N.A. |
| | P.D. $1,000,000 Each Occurrence<br>$2,000,000 Aggregate Products<br>Only | C.N.A. |
| B.)  Employee Benefits | $ 500,000 Each Claim<br>$ 750,000 Annual Aggregate | C.N.A. |
| C.)  Care, Custody and Control | $1,000,000 Each Occurrence | C.N.A. |
| D.)  Advertisers Liability | $ 500,000 Each Occurrence | C.N.A. |
| E.)  Automobile Liability | B.I. $1,000,000 Each Occurrence | C.N.A. |
| | P.D. $1,000,000 Each Occurrence | C.N.A. |

* W.R. Grace & Co. assumes the first $500,000 of each loss within the
framework of a retrospective rating plan. The premiums indicated are for
insurance excess of $500,000 up to policy limits. The combination of the
$500,000 Loss Assumption and pure insurance is equal to the limits shown
above.

| II.  EMPLOYERS LIABILITY: | | |
|---|---|---|
| A)  Employers' Liability including<br>Occupational Disease | $ 500,000 Each Employee<br>$ 500,000 Each Accident | C.N.A. |

For the     tion of Tom Clarke/Frank Masella,
Marsh & M    enum, Inc.
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

WRG    0722

CONTINUATION SHEET

No. ___FY107779 ___   C1587

8

Please examine this document carefully and advise us immediately if it is incorrect or does not meet your requirements.

| | | |
|---|---|---|
| B) Amendment of Coverage B Maritime (Jones Act) | Bodily Injury by Accident $500,000 Each Employee $500,000 Each Accident Bodily Injury by Disease $500,000 Each Employee $500,000 Aggregate Disease (Per State) | C.N.A. |
| C) U.S. F.L. @ H.W.A. | $250,000 Each Employee $500,000 Each Accident | C.N.A. |

IV.1. AIRCRAFT LIABILITY
(Excluding Non-Ownership)

$15,000,000 Combined Single Limit including Voluntary Settlements of $250,000 Per Person — including Crew (Part of and not in addition to the $10,000,000 Limit)     U.S.A.I.G.

A) Care, Custody or Control     $ 1,000,000 Each and Every Loss     U.S.A.I.G.
(with respect to Hangars, Buildings or Other Property or Contents thereof required by Lease or Other Agreement or if Insurance is purchased)

B) Non-Ownership Hull Liability     $ 5,000,000 Per Occurrence     U.S.A.I.G.
and Aggregate

C) Aircraft Non-Ownership Liability     $10,000,000 Combined Single Limit     U.S.A.I.G.

2) GROUND HANGARKEEPERS LIABILITY     $2,000,000 Each Aircraft     U.S.A.I.G.
$2,000,000 Each Occurrence

For the attention. .on Clarke/Frank Nasella,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

WRG     0723

CONTINUATION SHEET

No   FY107779

9

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

IV

X. A) CHARTERER'S LIABILITY/    *$2,000,000 Damage to Vessel    Arkwright-Boston
                                and Cargo                       Manufacturers
WHARFINGERS LIABILITY           $2,000,000 Demurrage and        Insurance Co.
for W.R. Grace & Co.            removal of Wreck
                                $2,000,000 Collision (Third Party
                                Including Demurrage - P.D.)
                                $2,000,000 Each Person
                                $2,000,000 Each Accident
                                Third Party Bodily Injury
                                Liability including Liability to
                                Crew of Chartered Vessel
                                $   5,000 Deductible Each Accident

* Limit will increase to $5,000,000 when and if a sulphur shipment takes
place. The increased limit will remain in effect for the duration of
policy term. To date no sulphur shipments have taken place and none
anticipated for current policy period.

B) CHARTERER'S LIABILITY        $2,000,000 Damage to Vessel    Arkwright-Boston
                                and Cargo                      Manufacturers
for Aruba Chemical              $2,000,000 Demurrage or Removal Insurance Co.
Industries, N.V.                of Wreck.
                                $2,000,000 Collision (Third Party)
                                including Demurrage - P.D.
                                $2,000,000 Each Person
                                $2,000,000 Each Accident
                                Third Party Bodily Injury
                                Liability including Liability to
                                Crew of Chartered vessel.
                                $   5,000 Deductible Each Accident.

XI

XI. P.M. & C. ASSOCIATES, INC.  $2,000,000 Each Claim/Aggregate  Employers
A) Insurance Brokers Errors     $   5,000 Deductible Per Claim   Reinsurance
and Omission Coverage                                            Corporation

B) Excess Insurance Brokers     $1,000,000 Each Claim/Aggregate  Adriatica
Errors and Omission Coverage    Excess of $2,000,000             Insurance
                                                                 Company.
                                $2,000,000 Excess of             North River
                                $3,000,000                       Ins. Co.

For the attention of Tom Cla___ ___nk Nasella,
Marsh & McLennan, Inc.,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

10

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

## VII. FOREIGN INSURANCE

| | | |
|---|---|---|
| A) W.R. Grace & Co.<br><br>Worldwide Comprehensive<br>General and Automobile<br><br>Liability Program | $1,000,000 Per Occurrence B.I. & P.D.<br>CSL for G.L. and A.L. Combined<br>$2,000,000 Aggregate Products<br>$2,000,000 Aggregate Property Damage<br>Per Location<br>$ 250,000 Self-Insured for Property<br>in Insured's Care, Custody<br>and Control | Granite State |

B) Grace Petroleum Libya Inc.

| | | | |
|---|---|---|---|
| 1) General Liability<br>including Products Liability | B.I. | $300,000 each Occurrence<br>$300,000 Annual Aggregate | Granite<br>State |
| | P.D. | $250,000 Each Occurrence<br>$300,000 Annual Aggregate | |
| 2) Automobile Liability | B.I. | $250,000 each Person<br>$300,000 each Occurrence | Granite<br>State |
| | P.D. | $250,000 each Occurrence | |
| 3) Employer's Liability | | $250,000 each Person<br>$250,000 each Accident | Granite<br>State. |

For the attention of Tom Clarke/Frank
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

WRG    0725

CONTINUATION SHEET        No.   )  -

C1590

11

Please examine this document carefully and advise us immediately if it is incorrect or does not meet your requirements.

100% (48.05% WALBROOK INSURANCE COMPANY LIMITED
     ( 6.49% EL PASO INSURANCE COMPANY LIMITED
     (11.69% MUTUAL REINSURANCE COMPANY LIMITED
     (12.59% DART INSURANCE COMPANY LIMITED
     (11.04% BERMUDA FIRE & MARINE INSURANCE COMPANY LIMITED
     ( 9.74% ST. KATHERINE INSURANCE COMPANY LIMITED

Hereon        100%

For the attention of Tom Clarke/Frank Naselle,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

WRG        0726

# Bowring

Attaching to and forming part of Cover Note No.    ⌐107779

### C.T. BOWRING & CO. (INSURANCE) LTD.
Lloyd's Brokers
NORTH AMERICAN NON-MARINE INSURANCE DIVISION

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.    01591

P.O. BOX 145.                     TELEPHONE: 01-283 3100

THE BOWRING BUILDING,             TELEGRAMS: BOVINSUR
TOWER PLACE,                                  LONDON EC3
LONDON, EC3P 3BE                  TELEX: 8X2191            Date  8th August, 1979

(Registered Office)               Registered No. 78170 London    VAT No. 244 2517 79

In accordance with instructions we have amended cover as follows:

A/C: W.R. GRACE & CO. ET AL.

Agreed include BOOKER DRILLING COMPANY effective inception.

W.R. GRACE primary carrier (CNA) will include BOOKER on a "Difference
Between" basis up to CNA total primary limits until BOOKER totally
absorbed when BOOKER'S existing Primary Policies will be cancelled and
totally included in the CNA programme.

INFORMATION.

CNA Primary Premiums:    GL $ 11,218 AUTO $ 192

Receipts $28,465,000 (1979 estimated) (.4% of W.R. GRACE)

Payroll  $ 7,600,000

Loss Experience:    1976 $147,533 Total GL
                    1977 $ 73,165 Total GL

No owned/non owned Watercraft/Aircraft

8 Auto units.

BOOKER perform "workover" and "completion work" operations. No drilling of
either production or exploratory wells.

Receipts to be included in Adjustment hereon.

For the attention of Tom Clarke/Frank Maselis,
Marsh & McLennan, Inc,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

All Other Terms and Conditions Remaining Unchanged

C.T. BOWRING        (INSURANCE) LTD.