4B



| PRODUCER'S CODE | NAME AND LOCATION | | | | | |
|---|---|---|---|---|---|---|
| 31 559 329 | Marsh & McLennan | | NY | | XLX-148 14 92 | |

BRANCH

COVERAGE PROVIDED 01 FIREMAN'S FUND
IN COMPANY DESIG- 18 THE AMERICAN
NATED BY NUMBER 07 NATIONAL SURETY

R/I

AUG 14 1981

**ITEM 1.** INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)

W. R. Grace & Co.
1114 Ave. of the Americas
New York, N.Y. 10036

**POLICY PERIOD:**

**ITEM 2.** 6/30/81 — 6/30/82
INCEPTION (MO. DAY YR.) EXPIRATION (MO. DAY YR.)
12:01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

AGENT
PLEASE SHOW
RATE OF
COMMISSION

COMM.

**ITEM 3.** LIMIT OF LIABILITY:
$ 7,000,000 . EACH OCCURRENCE P/O 50,000,000
$ 7,000,000 . AGGREGATE

**ITEM 4.** UNDERLYING INSURANCE LIMIT OF LIABILITY
$ 200,000,000 . EACH OCCURRENCE
$ 200,000,000 . AGGREGATE

**ITEM 5.** PREMIUM BASIS
$ Flat

**ITEM 6.** ADVANCE PREMIUM: $ 3,500
ANNUAL MINIMUM PREMIUM: $ 3,500

THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY SHALL RECEIVE AND RETAIN NOT LESS THAN $
AS THE POLICY MINIMUM PREMIUM.

**ITEM 7. SCHEDULE OF UNDERLYING INSURANCE:**

See end't #1

## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### INSURING AGREEMENTS

**1. Coverage.** To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

**2. Limit of Liability.** The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder on account of occurrences during this policy period, this

policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

**3. Policy Period.** This policy applies only to occurrences which take place during the policy period.

### DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the Insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

### CONDITIONS

**1. Maintenance of Primary Insurance.** The Insured warrants, and it is a condition of this policy, that at the inception of this policy, insurance afforded by the underlying policies of insurance (apply-

(Continued on Page Two)

| COUNTERSIGNATURE DATE | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|
| 8/12/81 | |

BLANKET EXCESS LIABILITY POLICY (FOLLOWING FORM) 5902—2-72

ing as excess over various policies of primary insurance) with combined limits of liability for said underlying insurance stated in Item 4 of the declarations, or renewals or replacements thereof not affording coverages other than those at inception of this policy, shall be maintained in full effect during the period of this policy, except for reduction of aggregate limits solely as a result of payment of claims arising out of occurrences during this policy period. If such underlying insurance is not maintained in full effect by the Insured or if there is any change in the scope of coverage under any underlying insurance, the insurance afforded by this policy shall apply in the same manner as though such underlying policies had been so maintained and unchanged.

The insurance afforded by this policy is subject to the same warranties, terms (including the terms used to describe the application of the limits of liability), conditions and exclusions as are contained in the underlying insurance on the effective date of this policy, except, unless otherwise specifically provided in this policy, any such warranties, terms, conditions or exclusions relating to premium, the obligation to investigate and defend, the amount and limits of liability, and any renewal agreement.

**2. Notice of Occurance.** The Insured shall immediately advise the Company of any occurrence or disaster which will probably result in liability under this policy. The Company shall not, however, be called upon to assume charge of the settlement or defense of any claims made, or suits brought, or proceedings instituted against the Insured, but shall have the right and opportunity to be associated with the Insured in the defense and trial of any such claims, suits or proceedings relative to any occurrence which, in the opinion of the Company, may create liability on the part of the Company under the terms of the policy. If the Company avails itself of such right and opportunity, the Insured and the Company shall cooperate in all respects so as to effect a final determination of the claim or claims.

**3. Payment of Loss.** It is a condition of this policy that the insurance afforded under this policy shall apply only after all underlying insurance has been exhausted. Upon final determination by settlement, award or verdict of the liability of the Insured, the Company shall promptly pay the Insured as the Insured shall pay, or be required to pay, the amounts of any losses falling within the terms or limits of this insurance. All losses covered under this policy shall be due and payable by the Company within 30 days after they are respectively claimed and proof of loss filed with the Company in conformity with this policy. Bankruptcy or insolvency of the Insured shall not relieve the Company of any of its obligations under.

**4. Payment of Expenses.** Loss expenses and legal expenses, including court costs and interest, if any, which may be incurred by the Insured with the consent of the Company in the adjustment or defense of claims, suits or proceedings shall be borne by the Company and the Insured in the proportion that each party's share of loss bears to the total amount of said loss. Loss expense hereunder shall not include salaries and expense of the Insured's employees incurred in investigation, adjustment and litigation.

**5. Appeal.** In the event the Insured or any underlying insurer elects not to appeal a judgment in excess of the amount of the underlying insurance, the Company may elect to appeal at its expense and shall be liable for the expenses incidental thereto, but in no event shall the liability of the Company for ultimate net loss exceed the amount set forth in the policy plus the expenses incidental to such appeal.

**6. Subrogation.** In the event of any payment of this policy, the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

Any amount recovered as subrogation shall be apportioned in the inverse order of payment of loss to the extent of actual payment. The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries. If there is no recovery in proceedings conducted solely by the Company, the Company shall bear the expenses thereof.

**7. Premium.** The premium for this policy shall be computed upon the basis stated in the Declarations. The advance premium stated in the Declarations, unless otherwise specified is an estimated premium only. Upon termination of this policy the earned premium shall be computed and if the earned premium is more than the advance premium paid, the Named Insured shall pay the excess to the Company; if less, the Company shall return to the Named Insured the unearned portion, subject to the annual minimum premium stated in the Declarations for each twelve months of the policy period, and subject further to the policy minimum premium as stated in the Declarations.

**8. Cancellation.** This policy may be cancelled by either party upon 30 days' notice in writing to the other stating the date cancellation shall be effective. If cancellation is at the request of the Insured, adjustment of premium shall be at short rate, and if cancelled by the Company, adjustment shall be made pro rata. However, in the event of cancellation or termination of the underlying insurance, this policy shall cease to apply at the same time without notice to the Insured. Notice shall be given by the Company to the Insured at the address shown in the declarations. Payment or tender of unearned premium is not a condition of cancellation.

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

### (BROAD FORM)

It is agreed that the policy does not apply:

I. Under any Liability Coverage, to injury, sickness, disease, death or destruction

(a) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the Insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

II. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

(1) the nuclear material is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

(2) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

(c) the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

III. As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or byproduct material;

"source material," "special nuclear material," and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means and fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating

(Continued on Next Page)

(Continued from Preceding Page)

the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

IN WITNESS WHEREOF, FIREMAN'S FUND INSURANCE COMPANY has caused this Policy to be signed by its President and Secretary but this Policy shall not be valid unless countersigned by a duly authorized Agent of the Company.

SECRETARY

PRESIDENT

FINAL PAGE

3328971012

| Schedule of Underlying Insurance | #1 |
|---|---|

| INSURED | POLICY NUMBER |
|---|---|
| W. R. Grace & Co. | 3-80 XLX 148 14 92 |
| PRODUCER | EFFECTIVE DATE |
| | 6/30/81 |

**Layer**                                            **Participation**

A) **$5,000,000 XS Primary**
   London                                              $4,000,000
   Northbrook                                           1,000,000

B) **$15,000,000 XS $5,000,000**
   London                                               7,500,000
   Northbrook                                           3,750,000
   Granite State                                        3,750,000

C) **$30,000,000 XS $20,000,000**
   London                                              15,000,000
   AIU Ins. Co.                                         3,000,000
   Transit                                              2,000,000
   Hartford                                             2,000,000
   Granite State                                        7,000,000
   Gerling Konzern                                      1,000,000

   **$25,000,000 XS $50,000,000**
   London                                               4,000,000
   Integrity                                            2,000,000
   Northbrook                                           7,000,000
   National Union                                       1,000,000
   Transit                                              5,000,000
   Granite State                                        4,000,000
   AIU                                                  2,000,000

| ONE OF THE<br>FIREMAN'S FUND INSURANCE COMPANIES<br>AS NAMED IN THE POLICY | *Myron Du Bain*<br>PRESIDENT        10-X | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|---|

180001—1-65

3328971011

| INSURED | POLICY NUMBER |
|---|---|
| W. R. Grace & Co. | 3-80 XLX 148 14 92 |
| PRODUCER | EFFECTIVE DATE |
| | 6/30/81 |

**Layer**                             **Participation**

E) $25,000,000 XS 75,000,000

| | |
|---|---|
| City Insurance | $5,500,000 |
| Granite State | 8,500,000 |
| Reunion Adriatica | 1,000,000 |
| National Union | 6,000,000 |
| Transit | 3,000,000 |
| Hartford | 1,000,000 |

F) $50,000,000 XS $100,000

| | |
|---|---|
| National Union | 10,000,000 |
| Hartford | 2,000,000 |
| Federal | 5,000,000 |
| City Insurance | 5,000,000 |
| AIU Insurance | 1,500,000 |
| Allianz | 1,000,000 |
| Swiss Re | 2,000,000 |
| Zurich | 1,500,000 |
| Associated International | 5,000,000 |
| Bermuda Fire & Marine | 1,500,000 |
| Fireman's Fund | 4,000,000 |
| Centennial Insurance Co. | 4,000,000 |
| Midland | 3,000,000 |
| Birmingham Fire | 2,000,000 |
| London | 2,500,000 |

ONE OF THE
**FIREMAN'S FUND INSURANCE COMPANIES**
AS NAMED IN THE POLICY

*Myron Du Bain*

PRESIDENT   10-X

COUNTERSIGNATURE OF AUTHORIZED AGENT

180001—1-65

3328971013

Architects, Engineers or Surveyors-Professional Liability Exclusion          #2

It is agreed that this policy shall not apply to any liability arising out of
any professional services performed by or for the Insured, including, but not
limited to

(A) the preparation or approval of maps, plans, opinions, reports, surveys
    designs or specifications and

(B) supervisory, inspection or engineering services.

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| 3-80 XLX 148 14 92 | W. R. Grace & Co. | 6/30/81 |

| ONE OF THE **FIREMAN'S FUND INSURANCE COMPANIES** AS NAMED IN THE POLICY | PRODUCER |
|---|---|
| *Myron du Bain* PRESIDENT          10-X | COUNTERSIGNATURE OF AUTHORIZED AGENT |

180009—6-65 SETS

**3328971014**

| Cancellation Amendment Endorsement        (Excess Umbrella) | #3 |

It is hereby understood and agreed that the first (1st) sentence of Condition 8, CANCELLATION, is voided and replaced by the following:

"This policy may be cancelled by either party upon forty five (45) days' thirty (30) days notice with respect to cancellation for non-payment of premium, in writing to the other stating the date cancellation shall be effective."

*All other terms and conditions of this policy remain unchanged

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| 3-80<br>XLX 148 14 92 | W. R. Grace & Co. | 6/30/81 |

| ONE OF THE<br>**FIREMAN'S FUND INSURANCE COMPANIES**<br>AS NAMED IN THE POLICY | PRODUCER |
|---|---|
| *Myron Du Bain*     PRESIDENT    10-X | COUNTERSIGNATURE OF AUTHORIZED AGENT |

180009—6-65 SETS



| PRODUCER'S CODE | NAME AND LOCATION | PREVIOUS POLICY PREFIX AND NUMBER | |
|---|---|---|---|
| 31 559 920 | Marsh & McLennan | NEW | XLX-148 14 92 |

BRANCH

COVERAGE PROVIDED IN COMPANY DESIG-NATED BY NUMBER
01 FIREMAN'S FUND
18 THE AMERICAN
07 NATIONAL SURETY

NEW YORK - PROC.

AUG 1 4 1981

**ITEM 1.** INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)

W. R. Grace & Co.
1114 Ave. of the Americas
New York, N.Y  10036

**POLICY PERIOD:**

**ITEM 2.**  6/30/81            6/30/82
INCEPTION (MO. DAY YR.)    EXPIRATION (MO. DAY YR.)
12:01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

AGENT PLEASE SHOW RATE OF COMMISSION      COMM.

LIMIT OF LIABILITY:

| $ 7,000,000 | . EACH OCCURRENCE  P/O 50,000,000 |
| $ 7,000,000 | . AGGREGATE |

**ITEM 4.**      UNDERLYING INSURANCE LIMIT OF LIABILITY

| $ 200,000,000 | . EACH OCCURRENCE |
| $ 200,000,000 | . AGGREGATE |

**ITEM 5.**    PREMIUM BASIS

$ Flat

**ITEM 6.**  ADVANCE PREMIUM: $  3,500
ANNUAL MINIMUM PREMIUM: $  3,500

THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY SHALL RECEIVE AND RETAIN NOT LESS THAN $
AS THE POLICY MINIMUM PREMIUM.

**ITEM 7.** SCHEDULE OF UNDERLYING INSURANCE:

See end't #1

## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### INSURING AGREEMENTS

**1. Coverage.** To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

**2. Limit of Liability.** The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder on account of occurrences during this policy period; this

policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

**3. Policy Period.** This policy applies only to occurrences which take place during the policy period.

### DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the Insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

### CONDITIONS

**1. Maintenance of Primary Insurance.** The Insured warrants, and it is a condition of this policy, that at the inception of this policy, insurance afforded by the underlying policies of insurance (apply-

(Continued on Page Two)

| COUNTERSIGNATURE DATE | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|
| 8/12/81    rt | |

BLANKET EXCESS LIABILITY POLICY (FOLLOWING FORM) 5902—2-72

## Schedule of Underlying Insurance                                    #1

| INSURED | POLICY NUMBER |
|---|---|
| W. R. Grace & Co. | 3-80 XLX 148 14 92 |
| PRODUCER | EFFECTIVE DATE |
| | 6/30/81 |

| Layer | Participation |
|---|---|
| **A) $5,000,000 XS Primary** | |
| London | $4,000,000 |
| Northbrook | 1,000,000 |
| | |
| **B) $15,000,000 XS $5,000,000** | |
| London | 7,500,000 |
| Northbrook | 3,750,000 |
| Granite State | 3,750,000 |
| | |
| **C) $30,000,000 XS $20,000,000** | |
| London | 15,000,000 |
| AIU Ins. Co. | 3,000,000 |
| Transit | 2,000,000 |
| Hartford | 2,000,000 |
| Granite State | 7,000,000 |
| Gerling Konzern | 1,000,000 |
| | |
| **D) $25,000,000 XS $50,000,000** | |
| London | 4,000,000 |
| Integrity | 2,000,000 |
| Northbrook | 7,000,000 |
| National Union | 1,000,000 |
| Transit | 5,000,000 |
| Granite State | 4,000,000 |
| AIU | 2,000,000 |

| ONE OF THE | | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANIES | *Myron Du Bain* | |
| AS NAMED IN THE POLICY | PRESIDENT    10-X | |

180001—1-65

| INSURED | POLICY NUMBER |
|---|---|
| W. R. Grace & Co. | 3-80 XLX 148 14 92 |
| PRODUCER | EFFECTIVE DATE |
| | 6/30/81 |

**Layer**                                                **Participation**

E) **$25,000,000 XS 75,000,000**
   City Insurance                                   $5,500,000
   Granite State                                     9,500,000
   Reunion Adriatica                                 1,000,000
   National Union                                    6,000,000
   Transit                                           3,000,000
   Hartford                                          1,000,000

F) **$50,000,000 XS $100,000**
   National Union                                   10,000,000
   Hartford                                          2,000,000
   Federal                                           5,000,000
   City Insurance                                    5,000,000
   AIU Insurance                                     1,500,000
   Allianz                                           1,000,000
   Swiss Re                                          2,000,000
   Zurich                                            1,500,000
   Associated International                          5,000,000
   Bermuda Fire & Marine                             1,500,000
   Fireman's Fund                                    4,000,000
   Centennial Insurance Co.                          4,000,000
   Midland                                           3,000,000
   Birmingham Fire                                   2,000,000
   London                                            2,500,000

ONE OF THE
FIREMAN'S FUND INSURANCE COMPANIES
AS NAMED IN THE POLICY

*Myron Du Bain*
PRESIDENT          10-X

COUNTERSIGNATURE OF AUTHORIZED AGENT

180001—1-65

## Architects, Engineers or Surveyors-Professional Liability Exclusion          #2

It is agreed that this policy shall not apply to any liability arising out of any professional services performed by or for the Insured, including, but not limited to

(A) the preparation or approval of maps, plans, opinions, reports, surveys designs or specifications and

(B) supervisory, inspection or engineering services.

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| 3-80 XLX 140 14 92 | W. R. Grace & Co. | 6/30/81 |

| ONE OF THE **FIREMAN'S FUND INSURANCE COMPANIES** AS NAMED IN THE POLICY | PRODUCER |
|---|---|
| *Myron Du Bain* PRESIDENT          10-X | COUNTERSIGNATURE OF AUTHORIZED AGENT |

180009—6-65 SETS

| Cancellation Amendment Endorsement | (Excess Umbrella) | #3 |

It is hereby understood and agreed that the first (1st) sentence of Condition C, CANCELLATION, is voided and replaced by the following:

"This policy may be cancelled by either party upon forty five (45) days' thirty (30) days notice with respect to cancellation for non-payment of premium, in writing to the other stating the date cancellation shall be effective."

All other terms and conditions of this policy remain unchanged

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| 3-80<br>XLX 148 14 92 | W. R. Grace & Co. | 6/30/81 |

| ONE OF THE<br>FIREMAN'S FUND INSURANCE COMPANIES<br>AS NAMED IN THE POLICY | PRODUCER |
|---|---|
| *Myron Du Bain*<br>PRESIDENT          10-X | COUNTERSIGNATURE OF AUTHORIZED AGENT |

180009—6-65 SETS

MORE ENTRY INSTRUCTIONS (CONTINUED FROM REVERSE SIDE)

# FACULTATIVE CEDED REINSURANCE

| | | LIABILITY (PERCENT OR DOLLARS) | PREMIUM TO REINSURER. | | REINS. COMM. |
|---|---|---|---|---|---|
| REINSURER | H.B.G. HANOVER RE GERMANY    99-002-335 | * | B.I. | P.D. | |
| MAILING ADDRESS | C/O FSRM INC. □ SAN FRANCISCO ☒ NEW YORK  110 William St. □ CHICAGO | 2,000,000. | 650 | 350 | 20% |
| REINSURANCE CERT. NO. | | 1000 | | | |
| PAY PREMIUM TO REINS. COMPANY | | | | | (INCLUDING TAX & BOARD) |
| REINSURER | | | B.I. | P.D. | |
| MAILING ADDRESS | | | | | |
| REINSURANCE CERT. NO. | | | | | |
| PAY PREMIUM TO: | □ REINS. COMPANY   □ REINS. BROKER   □ PRODUCER | | | | (INCLUDING TAX & BOARD) |
| REINSURER | | | B.I. | P.D. | |
| MAILING ADDRESS | | | | | |
| INSURANCE CERT. NO. | | | | | |
| PAY PREMIUM TO: | □ REINS. COMPANY   REINS. BROKER   PRODUCER | | | | (INCLUDING TAX & BOARD) |

## TO: CLAIMS (FOR CLAIMS DEPARTMENT USE ONLY)

1. IF LIABILITY CEDED BLOCK ABOVE (NOTE*) INDICATES "FIRST LOSS—100% OF..." THE FACULTATIVE REINSURER HAS ASSUMED 100% OF LIMIT AND COVERAGES INDICATED. IF APPLICABLE, ALLOCATE THIS PORTION OF TOTAL POLICY LOSS FIRST, THEN PROCEED AS INDICATED BELOW.

2. DISTRIBUTE THAT PART OF THE TOTAL POLICY LOSS (RESERVE OR PAYMENTS) ALLOCATED TO THE E & SR TREATY AS FOLLOWS:

| E & SR TREATY'S (NOT E & SR SURPLUS TREATY) SHARE OF LOSS AS SHOWN UNDER CEDED REINSURANCE IN THE SPACE TITLED." E & SR TREATY LIMIT" ON REVERSE SIDE. | LOSS ALLOCATION | |
|---|---|---|
| | FIREMAN'S FUND'S SHARE (NET TO F.F.) | REINSURANCE SHARE |
| FIRST $1,000,000 OF LOSS TO E & SR TREATY: | 50% OF LOSS | 50% OF LOSS |
| NEXT $2,000,000 OF LOSS TO E & SR TREATY: | 25% OF LOSS | 75% OF LOSS |
| NEXT $2,000,000 OF LOSS TO E & SR TREATY: | 25% OF LOSS | 75% OF LOSS |
| NEXT $5,000,000 OF LOSS TO E & SR TREATY: | 10% OF LOSS | 90% OF LOSS |

3. ALLOCATE REMAINING PORTION OF TOTAL LOSS (IF ANY) AS PER THE PERCENTAGE (OR DOLLARS) SHOWN UNDER CEDED REINSURANCE IN THE SPACE TITLED "E & SR SURPLUS TREATY LIMIT" ON THE REVERSE SIDE AND FACULTATIVE REINSURANCE (IF SHOWN ABOVE).

ENTRY DEPARTMENT—REFER TO REVERSE SIDE FOR CODING INSTRUCTIONS.

380090—2-81

# ENTRY INSTRUCTIONS—E & SR—CASUALTY

# CEDED REINSURANCE

| ENTRY TRANSACTION NUMBER #1 | | | ALLOCATION OF LIMITS (IN DOLLARS AND PERCENTAGE) | TOTAL POLICY LIMIT | E & SR TREATY LIMIT | E & SR SURPLUS TREATY LIMIT |
|---|---|---|---|---|---|---|
| IGINAL | END NO. | REVISION EFF. DATE | POLICY NUMBER | | | |
| X | | | X RX 148 14 92 | 7,020,000 | 2,000,000 | 3,000,000 |

BRANCH: 3-80  N.Y.N.

INSURED: W.R. Grace

| | GROSS | PREMIUM ALLOCATION | |
|---|---|---|---|
| | | E & SR TREATY 99-002-613 | E & SR SURPLUS TREATY 99-002-624 |
| | ☑ ADDITIONAL ☐ RETURN PREMIUM DUE | CODE 52.06 % OF 29 % OF GROSS PREMIUM TO TREATY FF COMM 33.62% | CODE 100 % OF 42 % OF GROSS PREMIUM TO TREATY FF COMM 27.5% |

PRODUCER'S COMM 7.5 %

| U/P | CLASS | MINOR CLASS | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 701 MISC. | 11111 | 01 MECHANICAL RIDE 00 OTHER | CLASS 01362 | 00 OTHER M&C | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 |
| | 0798 | 01 RAIN 02 PROD WORAW B 05 TVB 08 TWIN | 03 CONTGCY 04 NON APP 00 OTHER | | XXX | 22-35 | XXX | 22-35 | XXX | 22-35 |
| 702 E & O | 48303 | 03 RADIO 04 TELEVISION | CLASS 73110 | 01 ADVERTISERS 02 ADV AGENCY | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX | BI 53-08 | XXX | BI 53-08 | XXX |
| | 73920 | 05 CR-BUR 06 EDP 09 MAG-O | 10 PAPER-3 12 P. FIN 17 SEC | 18 CATV 00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX | BI 53-08 | XXX | BI 53-08 | XXX |
| | 97774 | 01 CPA 02 LAWYERS | 04 ARCHS. ENG 00 OTHERS | | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX | BI 53-08 | XXX | BI 53-08 | XXX |
| | 80888 | 01 PHY-SURG-DENT 03 ALL OTHER MEDICAL PROF | 02 HOSPITAL | | COVER 1 2 3 4 5 6 7 | CLMS MADE DATE | BI 53-76 | XXX | BI 53-76 | XXX | BI 53-76 | XXX |

APPLICABLE TO 701-702

| POLICY LIMITS | | | | | | E & SR TREATY LIMITS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 1 | 2 | 3 | 4 | 5 |

| ORDINARY EXCESS | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 7030 | 04 TRUCKMEN 00 OTHER COMMERCIAL | | | BI 53-94 | PD 54-94 | BI 53-94 | PD 54-94 | BI 53-94 | PD 54-94 |
| 5000 | 01 BUSES 00 OTHER PUBLIC | | | BI 53-94 | PD 54-94 | BI 53-94 | PD 54-94 | BI 53-94 | PD 54-94 |
| 01362 | 00 ALL OL & T | | | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 |
| 97778 | 00 ALL M & C | | | BI 53-02 2275 | PD 54-02 1225 | BI 53-02 343, | PD 54-02 185 | BI 53-02 956 | PD 54-02 515 |
| 97777 | 00 ALL PRODUCTS | | | BI 53-04 520 | PD 54-04 | BI 53-04 1471 | PD 54-04 | BI 53-04 | PD 54-04 |
| 97774 | 01 CPA 02 LAWYERS | 04 ARCHS. ENG 00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX | BI 53-08 | XXX | BI 53-08 | XXX |
| 80888 | 01 PHY-SURG-DENT 03 ALL OTHER MEDICAL PROF. | 02 HOSPITAL | COVER 1 2 3 4 5 6 7 | CLMS MADE DATE | BI 53-76 | XXX | BI 53-76 | XXX | BI 53-76 | XXX |
| 0388 | WORKERS COMPENSATION | UNDERLYING SUM CODE 1 2 3 4 5 6 7 | | S1-10 | XXX | S1-10 | XXX | S1-10 | XXX |

| EXCESS POLICY LIMITS | | | | | | PRIMARY BI LIMITS | | | | | | | | | PRIMARY PD LIMITS | | | | | | | | | E & SR TREATY LIMITS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 1 | 2 | 3 | 4 | 5 |

| 712 SUPERCOVER | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 7030 | 04 TRUCKMEN 00 OTHER COMMERCIAL | | | BI 53-94 | PD 54-94 | BI 53-94 | PD 54-94 | BI 53-94 | PD 54-94 |
| 5000 | 01 BUSES 00 OTHER PUBLIC | | | BI 53-93 | PD 54-94 | BI 53-94 | PD 54-94 | BI 53-94 | PD 54-94 |
| 01362 | 00 ALL OL & T 05 CONDOS | | | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 |
| 97778 | 01 CONTRACTORS 00 ALL OTHER M&C | | | BI 53-02 | PD 54-02 | BI 53-02 | PD 54-02 | BI 53-02 | PD 54-02 |
| 97777 | 00 ALL PRODUCTS | | | BI 53-04 | PD 54-04 | BI 53-04 | PD 54-04 | BI 53-04 | PD 54-04 |
| 97774 | 01 CPA 02 LAWYERS | 04 ARCHS. 05 CONDOS D & O | 00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX | BI 53-08 | XXX | BI 53-08 | XXX |
| 80888 | 01 PAY-SURG-DENT. 03 ALL OTHER MEDICAL PROF. | 02 HOSPITAL | COVER 1 2 3 4 5 6 7 | CLMS MADE DATE | BI 53-76 | XXX | BI 53-76 | XXX | BI 53-76 | XXX |

| EXCESS POLICY LIMITS | | | | | | PRIMARY BI LIMITS | | | | | | | | | PRIMARY PD LIMITS | | | | | | | | | HI-LO RISK IDENTITY | | E & SR TREATY LIMITS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 1-HI | 2-LO | 1 | 2 | 3 | 4 | 5 |

UNDERWRITER: [signature]   DATE 8/7/81

*DOES OUTSIDE REINSURANCE APPLY?
☐ NO   ☑ YES—SEE REVERSE SIDE

BRANCH_____ INSURED _____ POLICY #_____ ENDT #_____ REINS. CERT. #_____

# ENTRY INSTRUCTIONS—CODE ALL ENTRIES TO MANAGEMENT RESPONSIBILITY 92

| | | | | (1) | | (2) | | (3) | |
|---|---|---|---|---|---|---|---|---|---|
| | | NOTE—IF COLUMN (2) IS NOT COMPLETED BY UNDERWRITERS, ENTRY DEPT. IS TO CALCULATE AND CODE THE AMOUNT TO BE CEDED TO TREATY AT THE PERCENTAGE SHOWN UNDER TREATY # IN COL. (2) UNLESS BLOCKED X X X | | | TO E & SR TREATY 99-002-986 52.23% OF COLUMN (1) UNLESS XXX OR PREMIUM ALLOCATED BELOW | | TO FACULTATIVE REINS. PROD. | |
| U/P # | CLASS | MINOR CLASS | | ☐ A.P.   ☐ R.P. TO PRODUCER COMMISSION:____% | | COMM. TO FFA 32.03% | | #_____ COMM TO FFA____% 100% OF PREM. BELOW | |
| 701 MISC. | 11111 | 01 MECH RIDE  04 ANIM RIDE  07 SR HOME  00 OTHER 02 SKI RES  05 DAY NUR  08 SHOOT GAL 03 SPEC EV  06 SALON  09 SKATING | | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 |
| | 01362 | 01 DET AGENCY  02 TREE SER  00 OTHER M&C | | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 |
| | 0798 | 01 RAIN  02 PROD WDRAW  03 CONTGCY  04 NON APP 05 TVB  06  07  08 TWIN  00 OTHER | | X X X | 22-30 | X X X | 22-30 | X X X | 22-30 |
| 702 O E & | 73110 | 01 ADVERTISERS 02 ADVERTISING AGENCY | COVER 1 2 3 | CLMS MADE DATE | BI 53-57 | X X X | BI 53-57 | X X X | BI 53-57 | X X X |
| | 48303 | 03 RADIO 04 TELEVISION | COVER 1 2 3 | CLMS MADE DATE | BI 53-57 | X X X | BI 53-57 | X X X | BI 53-57 | X X X |
| | 73920 | 05 CR BUR  10 PAPER  18 CATV 06 EDP  12 P. FIN  00 OTHERS 09 MAG-O  17 SEC | COVER 1 2 3 | CLMS MADE DATE | BI 53-57 | X X X | BI 53-57 | X X X | BI 53-57 | X X X |
| | MANUAL CLASS | MEDICAL PROF.  PHY., SUR., DENT. | COVER 1 2 3 4 5 6 | CLMS MADE DATE | BI 53-58 | X X X | BI 53-58 | X X X | BI 53-58 | X X X |
| | MANUAL CLASS | MEDICAL PROF.  OTHER | COVER 1 2 3 4 5 6 | CLMS MADE DATE | BI 53-75 | X X X | BI 53-75 | X X X | BI 53-75 | X X X |
| APPLICABLE TO 701-702 | | POLICY LIMITS  1  2  3  4  5  6 | TREATY LIMITS 1  2  3  4 | | | X X X | X X X | X X X | X X X |

| U/P # | CLASS | MINOR CLASS | | | (1) | | (2) | | (3) | |
|---|---|---|---|---|---|---|---|---|---|---|
| 711 ORDINARY E) | 7030 | 04 TRUCKMEN 00 OTHER COMMERCIAL | | | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 |
| | 5000 | 01 BUSES 00 OTHER PUBLIC | | | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 |
| | 01362 | 00 ALL OL & T | | | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 |
| | 97778 | 00 ALL M & C | | | BI 53-52 | PD 54-52 | BI 53-52 | PD 54-52 | BI 53-52 | PD 54-52 |
| | 97777 | 00 ALL PRODUCTS | | | BI 53-55 | PD-54-55 | BI 53-55 | PD 54-55 | BI 53-55 | PD 54-55 |
| | 97774 | 01 CPA  04 ARCHS. ENG 02 LAWYERS  00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 53-57 | X X X | BI 53-57 | X X X | BI 53-57 | X X X |
| | 80888 | PHYSICIANS-SURGEONS & DENTISTS | COVER 1 2 3 4 5 6 | CLMS MADE DATE | BI 53-58 | X X X | BI 53-58 | X X X | BI 53-58 | X X X |
| | ___888 | OTHER MEDICAL PROFESSIONAL | COVER 1 2 3 4 5 6 | CLMS MADE DATE | BI 53-75 | X X X | BI 53-75 | X X X | BI 53-75 | X X X |
| | 0388 | W. COMP. | SELF INSURED RETENTION 1  2  3 | | 51-10 | X X X | 51-10 | X X X | 51-10 | X X X |
| | | EXCESS POLICY LIMITS 1 2 3 4 5 6 7 | PRIMARY BI LIMITS 2 3 4 5 6 7 8 9 | PRIMARY PD LIMITS 0 1 2 3 4 5 6 7 8 9 | | | | | TREATY LIMITS 1 2 3 4 | |

| U/P # | CLASS | MINOR CLASS | | | (1) | | (2) | | (3) | |
|---|---|---|---|---|---|---|---|---|---|---|
| 712 SUPERCOVER | 7030 | 04 TRUCKMEN 00 OTHER COMMERCIAL | | | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 |
| | 5000 | 01 BUSES 00 OTHER PUBLIC | | | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 | BI 43-41 | PD 44-41 |
| | 01362 | 00 ALL OL & T. | | | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 | BI 53-53 | PD 54-53 |
| | 97778 | 01 CONTRACTORS 00 ALL OTHER M&C | | | BI 53-52 | PD 54-52 | BI 53-52 | PD 54-52 | BI 53-52 | PD 54-52 |
| | 97777 | 00 ALL PRODUCTS | | | BI 53-55 | PD 54-55 | BI 53-55 | PD 54-55 | BI 53-55 | PD 54-55 |
| | 97774 | 01 CPA  04 ARCHS. 02 LAWYERS  00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 53-57 | X X X | BI 53-57 | X X X | BI 53-57 | X X X |
| | 80888 | PHYSICIANS-SURGEONS & DENTISTS | COVER 1 2 3 4 5 6 | CLMS MADE DATE | BI 53-58 | X X X | BI 53-58 | X X X | BI 53-58 | X X X |
| | ___888 | OTHER MEDICAL PROFESSIONAL | COVER 1 2 3 4 5 6 | CLMS MADE DATE | BI 53-75 | X X X | BI 53-75 | X X X | BI 53-75 | X X X |
| | | EXCESS POLICY LIMITS 2 3 4 5 6 7 | PRIMARY BI LIMITS 2 3 4 5 6 7 8 9 | PRIMARY PD LIMITS 0 1 2 3 4 5 6 7 8 9 | HI-LO RISK IDENTITY 1-HI  2-LO | | | | TREATY LIMITS 1 2 3 4 | |

LIMITS CEDED TO FACULTATIVE CO._____

7-77

# EXCESS & SPECIAL RISKS
## INSTRUCTIONS FOR
## POLICYWRITING & CODING

*XLX 148-14-90*
*XLX 148-14-91*
*XLX 148-14-92*

**FIREMAN'S FUND**
**INSURANCE COMPANIES**

## TO: POLICYWRITING

USE NUMBER

☐ NEW    ☐ RENEWAL    ☐ ENDORSEMENT    ☐ CANCELLATION    EFFECTIVE DATE:

PRODUCTION CODE          PRODUCER NAME *M L M*          LOCATION

NAMED INSURED ADDRESS

*W. R. Grace & Co.*

☑ USE POLICY FORM _____ #
☐ USE ENDORSEMENT FORM *See Attached* #
☐ USE CERTIFICATE FORM _____ #
☐ PER FORM ATTACHED _____
☐ _____

COPIES: ☐ PRE-CARBONIZED FORM      ☑ ORIGINAL, PROCESSING CENTER, AGENT, UNDERWRITER, B.O., AUDIT, EXTRA
        ☑ SIGN ORIGINAL            ☑ ORDER CREDIT REPORT        ☑ ORDER *+ 3 of full*

DISTRIBUTE:
☐ SEND ORIGINAL AND AGENTS COPY TO AGENT
☐ SEND ORIGINAL, AGENTS AND B.O. COPIES TO:

MR._____ E & SR REPRESENTATIVE

B.O._____

☐ SEND ALL COPIES **EXCEPT** UNDERWRITING COPY TO:

MR._____ E & SR REPRESENTATIVE

B.O._____

☐ RETURN ☐ UNDERWRITING COPY TO E & SR DEPARTMENT
         ☐ BRANCH OFFICE COPY TO E & SR DEPARTMENT

☐ RETURN ALL WORK TO *Sandy RBG – 316*

☐ OTHER: *Please keep all for policies in one file*

AUG 1 1 1981
A. BONGIORNO

## TO: ENTRY DEPARTMENT — SPECIAL INSTRUCTIONS ON REVERSE SIDE

380047—7-77



**ESRM**

THE EXCESS & SPECIAL
RISK MARKET, INC.

HOME OFFICE: 3333 CALIFORNIA ST., SAN FRANCISCO, CA 94118

CERTIFICATE NUMBER
**ESR 101  93  66**

MANAGING UNDERWRITERS FOR:
☐ NATIONAL SURETY CORPORATION
☒ HANNOVER REINSURANCE
☐ _____

# CERTIFICATE OF CASUALTY FACULTATIVE REINSURANCE

THE COMPANY INDICATED ABOVE, IN CONSIDERATION OF THE PAYMENT OF PREMIUMS AND THE STATE-
MENTS CONTAINED IN THE DECLARATIONS, AND SUBJECT TO THE TERMS AND GENERAL CONDITIONS
OF THE CERTIFICATE DOES HEREBY REINSURE:

CEDING COMPANY AND ADDRESS

Firemans Fund Insurance
New York B.O.

RECEIVED
SEP 25 1981
M O N E Y

| CEDING COMPANY POLICY NUMBER | POLICY PERIOD |
|---|---|
| XLX 148 14 92 | FROM 6/30/81 TO 6/30/82 |
| NAME OF INTERMEDIARY | OFFICE |

## DECLARATIONS

| ORIGINAL INSURED | LOCATION COVERED |
|---|---|
| W.R. Grace & Co. | New York, N.Y. |

| REINSURANCE EFFECTIVE | 6/30/81 | EXPIRATION | 6/30/82 | TERM | 1 yr. |
|---|---|---|---|---|---|

**ITEM 1. TYPE OF INSURANCE**
Blanket Excess Liability

**ITEM 2. CEDING COMPANY, POLICY LIMITS AND APPLICATION**
$7,000,000 Each Occurrence/Aggregate P/O $50,000,000 Each Occurrence/Aggregate excess of
$200,000,000 Each Occurrence/Aggregate excess of Primary Policies or S.I.R.

**ITEM 3. CEDING COMPANY RETENTION**
$5,000,000 P/O $7,000,000 P/O $50,000,000 excess of $200,000,000 excess of Primary
Policies or S.I.R.

**ITEM 4. REINSURANCE ACCEPTED**
$2,000,000 P/O $7,000,000 P/O $50,000,000 excess of $200,000,000. excess of Primary
Policies or S.I.R.

**ITEM 5. TYPE OF REINSURANCE**
☐ EXCESS OF LOSS   ☒ CONTRIBUTING EXCESS   ☐ NON-CONCURRENT   ☐ PRO RATA

**ITEM 6. CANCELLATION**
_____ DAYS NOTICE (ORIGINAL PLUS _____) OTHER   Original plus 10 days

| PREMIUM: ☒ NON-ADJUSTABLE | CERTIFICATE | |
|---|---|---|
| ☐ ADJUSTABLE ☐ RATE: | MINIMUM PREMIUM $ | 200. |

| PREMIUM DUE | CEDING COMPANY GROSS PREMIUM | REINSURANCE GROSS PREMIUM | REINSURANCE CEDING COMMISSION | Reinsurance Net Premium |
|---|---|---|---|---|
| AT INCEPTION | $ 3,500. | $ 1,000. | 20 % | $ 800. |
| | $ | $ | % | $ |
| TOTAL INSTALLMENTS | $ 3,500. | $ 1,000. | 20 % | $ 800. |

**UNDERWRITING INFORMATION**
Holding Company

**The Excess & Special Risk Market, Inc.**

DATE: September 16, 1981

BY: Stephen Mooney
AUTHORIZED REPRESENTATIVE

380088—1-80



SURPLUS LINES BROKERS
MANAGING UNDERWRITERS

3333 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94118
(415) 929-2100

INVOICE NUMBER: **B   0053**

THE EXCESS & SPECIAL
RISK MARKET, INC.

DATE September 16, 19 81   ORIGINATING OFFICE 95   PRODUCER NUMBER F070

| PRODUCER | INSURED |
|---|---|
| Firemans Fund Insurance Co.<br>North Jersey P.S.O.<br>P.O. BOX 221<br>Parsippany, N.J.  07054 | W.R. Grace & Co.<br>XLX 148 14 92 |

| POLICY NUMBER | EFF. DATE | EXPIR. DATE | DESCRIPTION OF COVERAGE | GROSS PREMIUM | COMMISSION |
|---|---|---|---|---|---|
| ES 101 03 66 | 6/30/81 | 6/30/82 | Blanket Excess Liab. | $  1,000.00 | 20.00       % |
| CARRIER: | | | | TAXES/FEES | DESCRIPTION |

**PREMIUMS MUST BE PAID WITHIN THIRTY DAYS**

... FLAT CANCELLATIONS ARE ALLOWABLE ON THIS BUSINESS. WE
ARE REQUIRED BY THE UNDERWRITERS OF THIS INSURANCE TO HOLD
YOU RESPONSIBLE FOR EARNED PREMIUMS IN ALL CASES.

| | | |
|---|---|---|
| ☒ NEW/RENEWAL | $ | TOTAL TAXES/FEES |
| ☐ ADDITIONAL PREMIUM | $ | NET TOTAL DUE |

PLEASE RETURN REMITTANCE COPY WITH YOUR CHECK TO:

**THE EXCESS & SPECIAL RISK MARKET INC.**
3333 CALIFORNIA ST.
SAN FRANCISCO, CALIFORNIA 94118

**REMITTANCE COPY**

| CARD NO. | BATCH DATE | ENTRY PROD. | PRODUCTION CODE | POLICY IDENTIFICATION NUMBER | JOB # | JOB # | COPIES | BATCH NO. | RUN DATE |
|---|---|---|---|---|---|---|---|---|---|
| | 09/02/81 | K | 31559920 | 01481492-2 | 7 | 715 | 20 | 244 | 09/04/81 |

| PUBLIC PREFIX | ALPHA ID | NAME OF INSURED | CO. | POLICY EFFECTIVE | POLICY EXPIRATION | TRANSACTION EFFECTIVE | TRANS CODE | NAME IN PROG | | TOTAL DIRECTION PREMIUM |
|---|---|---|---|---|---|---|---|---|---|---|
| XLX | MM | W.R. GRACE & CO | 01 | 063081 | 063082 | 063081 | 11 | 711 | 00 | 3500.00 |

| | | | | INSTALLMENTS | | | REINSURED COMPANY | | | RISK REIN | | CEDED PREMIUM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | 2999.00 |

| | DETAIL TERM NO | LINE | | TR | TAX TERM SUB CLASS | STATISTICAL CODES | | EXPOSURE | COMM | PREMIUM |
|---|---|---|---|---|---|---|---|---|---|---|
| OBTP | 001 | 1 | 0530231 | 06079 | 97778 2500 6 953 | 0 | 000750 | 2275.00 |
| | 001 | 1 | 1109 | 21 | 313170 | | | |
| OPD | 002 | 1 | 0540231 | 06079 | 97778 2500 6 953 | 0 | 000750 | 1225.00 |
| | 002 | 1 | 1109 | 2 | 313170 | | | |

| | TR | REINSURER ACCOUNT NO | POLICY NO | COMM | DETAIL ITEM NUMBER | AMT OF LINE | AMT OF PREM |
|---|---|---|---|---|---|---|---|

| | VARIATION EFFECTIVE | VARIATION EXPIRATION | | DETAIL ITEM NUMBERS | | AMOUNT |
|---|---|---|---|---|---|---|
| 3 | 7 | 099002335 | 0200000100 2 | | 1000.00 |
| 3 | 7 | 099002613 | 0335200100 2 | | 528.00 |
| 3 | 7 | 099002624 | 0275000100 2 | | 1471.00 |

| | DATE DUE CS TREP | AMOUNT CS PRODUCER | DATE DUE | AMOUNT | DATE DUE | AMOUNT | DATE DUE | AMOUNT |
|---|---|---|---|---|---|---|---|---|

20306—(PSO) 5-78

PVR TERMINAL ENTRY ABSTRACT

# BLANKET EXCESS LIABILITY POLICY
## (FOLLOWING FORM)

Coverage is provided in the Company designated by number,
a stock insurance Company (herein called the Company)

# DECLARATIONS

1. INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)

FIREMAN'S
FUND
INSURANCE
COMPANIES
MAIL ADDRESS
SAN FRANCISCO
CALIFORNIA

**01 FIREMAN'S FUND**
INSURANCE COMPANY          SAN FRANCISCO, CALIFORNIA

**18 THE AMERICAN**
INSURANCE COMPANY          PARSIPPANY, NEW JERSEY

**07 NATIONAL SURETY**
CORPORATION          CHICAGO, ILLINOIS

**13 ASSOCIATED INDEMNITY**
CORPORATION          SAN FRANCISCO, CALIFORNIA

**15 AMERICAN AUTOMOBILE**
INSURANCE COMPANY          CREVE COEUR, MISSOURI

POLICY PERIOD:

ITEM 2.
INCEPTION (MO. DAY YR.)          EXPIRATION (MO. DAY YR.)
12:01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

| ITEM 3. | LIMIT OF LIABILITY: | | |
|---|---|---|---|
| | $ | | EACH OCCURRENCE |
| | $ | | AGGREGATE |

| ITEM 4. | UNDERLYING INSURANCE LIMIT OF LIABILITY | | |
|---|---|---|---|
| | $ | | EACH OCCURRENCE |
| | $ | | AGGREGATE |

| ITEM 5. | PREMIUM BASIS | ITEM 6. | |
|---|---|---|---|
| $ | | ADVANCE PREMIUM: $ | |
| | | ANNUAL MINIMUM PREMIUM: $ | |

IN THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY SHALL RECEIVE AND RETAIN NOT LESS THAN $
THE POLICY MINIMUM PREMIUM.

ITEM 7. SCHEDULE OF UNDERLYING INSURANCE:

## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

## INSURING AGREEMENTS

**1. Coverage.** To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

**2. Limit of Liability.** The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder or on account of occurrences during this policy period, this

policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

**3. Policy Period.** This policy applies only to occurrences which take place during the policy period.

## DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the Insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

## CONDITIONS

**1. Maintenance of Primary Insurance.** The Insured warrants, and it is a condition of this policy, that at the inception of this policy, insurance afforded by the underlying policies of insurance (apply-

(Continued on Page Two)

COUNTERSIGNATURE DATE          COUNTERSIGNATURE OF AUTHORIZED AGENT

5902—2-72

IV–D