5B

| PRODUCER'S CODE | NAME AND LOCATION | PREVIOUS POLICY NUMBER | POLICY PREFIX AND NUMBER |
|---|---|---|---|
| 31-359-950 | Marsh & McLennan | XLX 137 0427  3-80 | XLX-143 70 61 |

BRANCH

0

| CO. 01 | COVERAGE PROVIDED IN COMPANY DESIG-NATED BY NUMBER | 01 FIREMAN'S FUND 18 THE AMERICAN 07 NATIONAL SURETY |
|---|---|---|

NEW YORK-PROC.

R/I

E.P.
JUL 17 1980

ITEM 1. INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)

W.R. Grace & Co.
1114 Avenue of the Americas
New York, N.Y. 10036

POLICY PERIOD:
ITEM 2.

| 6/30/80 | 6/30/81 |
|---|---|
| INCEPTION (MO. DAY YR.) | EXPIRATION (MO. DAY YR.) |

12:01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

AGENT PLEASE SHOW RATE OF COMMISSION   COMM.

**ITEM 3.** LIMIT OF LIABILITY:

| $ 4,000,000 | . EACH OCCURRENCE P/O $50,000,000 |
|---|---|
| $ 4,000,000 | . AGGREGATE |

**ITEM 4.** UNDERLYING INSURANCE LIMIT OF LIABILITY

| $150,000,000 | . EACH OCCURRENCE |
|---|---|
| $150,000,000 | . AGGREGATE |

**ITEM 5.** PREMIUM BASIS

$    Flat Charge

**ITEM 6.**

| ADVANCE PREMIUM: $ | 4,000 |
|---|---|
| ANNUAL MINIMUM PREMIUM: $ | 4,000 |

IN THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY SHALL RECEIVE AND RETAIN NOT LESS THAN $ 800. AS THE POLICY MINIMUM PREMIUM.

**ITEM 7. SCHEDULE OF UNDERLYING INSURANCE:**

See End't #1

## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### INSURING AGREEMENTS

**1. Coverage.** To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

**2. Limit of Liability.** The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder on account of occurrences during this policy period, this

policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

**3. Policy Period.** This policy applies only to occurrences which take place during the policy period.

### DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the Insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

### CONDITIONS

**1. Maintenance of Primary Insurance.** The Insured warrants, and it is a condition of this policy, that at the inception of this policy, insurance afforded by the underlying policies of insurance (apply-

(Continued on Page Two)

| COUNTERSIGNATURE DATE | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|
| 7/10/80   hr | |

BLANKET EXCESS LIABILITY POLICY (FOLLOWING FORM) 5902—2-72

ing as excess over various policies of primary insurance) with combined limits of liability for said underlying insurance stated in Item 4 of the declarations, or renewals or replacements thereof not affording coverages other than those at inception of this policy, shall be maintained in full effect during the period of this policy, except for reduction of aggregate limits solely as a result of payment of claims arising out of occurrences during this policy period. Such underlying insurance is not maintained in full effect by the Insured or if there is any change in the scope of coverage under any underlying insurance, the insurance afforded by this policy shall apply in the same manner as though such underlying policies had been so maintained and unchanged.

The insurance afforded by this policy is subject to the same warranties, terms (including the terms used to describe the application of the limits of liability), conditions and exclusions as are contained in the underlying insurance on the effective date of this policy, except, unless otherwise specifically provided in this policy, any such warranties, terms, conditions or exclusions relating to premium, the obligation to investigate and defend, the amount and limits of liability, and any renewal agreement.

**2. Notice of Occurance.** The Insured shall immediately advise the Company of any occurrence or disaster which will probably result in liability under this policy. The Company shall not, however, be called upon to assume charge of the settlement or defense of any claims made, or suits brought, or proceedings instituted against the Insured, but shall have the right and opportunity to be associated with the Insured in the defense and trial of any such claims, suits or proceedings relative to any occurrence which, in the opinion of the Company, may create liability on the part of the Company under the terms of the policy. If the Company avails itself of such right and opportunity, the Insured and the Company shall cooperate in all respects so as to effect a final determination of the claim or claims.

**3. Payment of Loss.** It is a condition of this policy that the insurance afforded under this policy shall apply only after all underlying insurance has been exhausted. Upon final determination by settlement, award or verdict of the liability of the Insured, the Company shall promptly pay the Insured as the Insured shall pay, or be required to pay, the amounts of any losses falling within the terms or limits of this insurance. All losses covered under this policy shall be due and payable by the Company within 30 days after they are respectively claimed and proof of loss filed with the Company in conformity with this policy. Bankruptcy or insolvency of the insured shall not relieve the Company of any of its obligations under.

**4. Payment of Expenses.** Loss expenses and legal expenses, including court costs and interest, if any, which may be incurred by the Insured with the consent of the Company in the adjustment or defense of claims, suits or proceedings shall be borne by the Company and the Insured in the proportion that each party's share of loss bears to the total amount of said loss. Loss expense hereunder shall not include salaries and expense of the Insured's employees incurred in investigation, adjustment and litigation.

**5. Appeal.** In the event the Insured or any underlying insurer elects not to appeal a judgment in excess of the amount of the underlying insurance, the Company may elect to appeal at its expense and shall be liable for the expenses incidental thereto, but in no event shall the liability of the Company for ultimate net loss exceed the amount set forth in the policy plus the expenses incidental to such appeal.

**6. Subrogation.** In the event of any payment of this policy, the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

Any amount recovered as subrogation shall be apportioned in the inverse order of payment of loss to the extent of actual payment. The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries. If there is no recovery in proceedings conducted solely by the Company, the Company shall bear the expenses thereof.

**7. Premium.** The premium for this policy shall be computed upon the basis stated in the Declarations. The advance premium stated in the Declarations, unless otherwise specified is an estimated premium only. Upon termination of this policy the earned premium shall be computed and if the earned premium is more than the advance premium paid, the Named Insured shall pay the excess to the Company; if less, the Company shall return to the Named Insured the unearned portion, subject to the annual minimum premium stated in the Declarations for each twelve months of the policy period, and subject further to the policy minimum premium as stated in the Declarations.

**8. Cancellation.** This policy may be cancelled by either party upon 30 days' notice in writing to the other stating the date cancellation shall be effective. If cancellation is at the request of the Insured, adjustment of premium shall be at short rate, and if cancelled by the Company, adjustment shall be made pro rata. However, in the event of cancellation or termination of the underlying insurance, this policy shall cease to apply at the same time without notice to the Insured. Notice shall be given by the Company to the Insured at the address shown in the declarations. Payment or tender of unearned premium is not a condition of cancellation.

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

### (BROAD FORM)

It is agreed that the policy does not apply:

I. Under any Liability Coverage, to injury, sickness, disease, death or destruction

(a) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

II. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

(a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

(b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

(c) the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property of such nuclear facility.

III. As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or byproduct material;

"source material," "special nuclear material," and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means and fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating

*(Continued from Preceding Page)*

the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

IN WITNESS WHEREOF, FIREMAN'S FUND INSURANCE COMPANY has caused this Policy to be signed by its President and Secretary but this Policy shall not be valid unless countersigned by a duly authorized Agent of the Company.

SECRETARY

PRESIDENT

FINAL PAGE

| SCHEDULE OF UNDERLYING INSURANCE | #1 |

| Layer | Participation |
|---|---|
| **A) $ 5,000,000 XS primary** | |
| London | $ 4,000,000 |
| Northbrook | 1,000,000 |
| | |
| **B) $15,000,000 XS $ 5,000,000** | |
| London | $ 7,500,000 |
| Northbrook | 3,750,000 |
| Granite State | 3,750,000 |
| | |
| **C) $30,000,000 XS $20,000,000** | |
| London | $15,000,000 |
| AIU Ins. Co. | 3,000,000 |
| Transit | 2,000,000 |
| Hartford | 2,000,000 |
| Granite State | 7,000,000 |
| Gerling Kanzern | 1,000,000 |
| | |
| **D) $25,000,000 XS $50,000,000** | |
| London | $ 4,000,000 |
| Integrity | 2,000,000 |
| Northbrook | 7,000,000 |
| National Union | 1,000,000 |
| Transit | 5,000,000 |
| Granite State | 4,000,000 |
| AIU | 2,000,000 |

- continued -

| POLICY NUMBER | INSURED | EFFECTIVE |

| ONE OF THE<br>**FIREMAN'S FUND INSURANCE COMPANIES**<br>AS NAMED IN THE POLICY | PRODUCER |
| | COUNTERSIGNATURE OF AUTHORIZED AGENT |

*Myron du Bain*

PRESIDENT          10-X

180001—1-65  SETS

## SCHEDULE OF UNDERLYING INSURANCE

| Layer | Participation |
|---|---|
| E) $25,000,000 XS $ 75,000,000 | |
| City Insurance | $ 5,500,000 |
| Granite State | 8,500,000 |
| Reunion Adriatica | 1,000,000 |
| National Union | 6,000,000 |
| Transit | 3,000,000 |
| Hartford | 1,000,000 |
| | |
| F) $50,000,000 XS $100,000 | |
| National Union | |
| Hartford | $10,000,000 |
| Federal | 2,000,000 |
| City Insurance | 5,000,000 |
| AIU Insurance | 5,000,000 |
| Allianz | 1,500,000 |
| Swiss Re | 1,000,000 |
| Zurich | 2,000,000 |
| Associated International | 1,500,000 |
| Bermuda Fire & Marine | 5,000,000 |
| Fireman's Fund | 1,500,000 |
| Centennial Insurance Co. | 4,000,000 |
| Midland | 4,000,000 |
| Birmingham Fire | 3,000,000 |
| London | 2,500,000 |

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|

| ONE OF THE<br>FIREMAN'S FUND INSURANCE COMPANIES<br>AS NAMED IN THE POLICY | PRODUCER |
|---|---|
| *Myron Du Bain*<br>PRESIDENT          10-X | COUNTERSIGNATURE OF AUTHORIZED AGENT |

180001—1-65  SETS

Architects, Engineers or Surveyors—Professional Liability Exclusion    #2

It is agreed that this policy shall not apply to any liability arising out of any professional services performed by or for the Insured, including, but not limited to

(A)  the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications and

(B)  supervisory, inspection or engineering services.

Signed Accepted: _____

Named Insured or Executive Officer

| POLICY NUMBER | | INSURED | | EFFECTIVE |
|---|---|---|---|---|

FIREMAN'S FUND INSURANCE COMPANY
THE AMERICAN INSURANCE COMPANY
NATIONAL SURETY CORPORATION
ASSOCIATED INDEMNITY CORPORATION
AMERICAN AUTOMOBILE INSURANCE COMPANY

*Myron Du Bain*

PRESIDENT    70-X

PRODUCER

COUNTERSIGNATURE OF AUTHORIZED AGENT

180009—6-65 SETS

#3

## CANCELLATION AMENDMENT ENDORSEMENT     (Excess Umbrella)

is hereby understood and agreed that the first (1st) sentence of Condition 8,
NCELLATION, is voided and replaced by the following:


his policy may be cancelled by either party upon forty five (45) days' ,
irty (30) days notice with respect to cancellation for non-payment of
emium, in writing to the other stating the date cancellation shall be
fective."



L OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED

| POLICY NUMBER | | INSURED | | EFFECTIVE |
|---|---|---|---|---|
| | | | | |

| FIREMAN'S FUND INSURANCE COMPANY<br>THE AMERICAN INSURANCE COMPANY<br>NATIONAL SURETY CORPORATION<br>ASSOCIATED INDEMNITY CORPORATION<br>AMERICAN AUTOMOBILE INSURANCE COMPANY | | PRODUCER |
|---|---|---|
| *Myron Du Bain*<br>PRESIDENT     70.X | | COUNTERSIGNATURE OF AUTHORIZED AGENT |

80009—6-65 SETS



## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### INSURING AGREEMENTS

**1. Coverage.** To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

**2. Limit of Liability.** The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder on account of occurrences during this policy period, this

policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

**3. Policy Period.** This policy applies only to occurrences which take place during the policy period.

### DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the Insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

### CONDITIONS

**1. Maintenance of Primary Insurance.** The Insured warrants, and it is a condition of this policy, that at the inception of this policy, insurance afforded by the underlying policies of insurance (apply-

(Continued on Page Two)

| COUNTERSIGNATURE DATE | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|
| 7/10/80  br | |

| SCHEDULE OF UNDERLYING INSURANCE | #1 |

## 3328971430

| Layer | Participation |
|---|---|
| A) $ 5,000,000 XS primary | |
| London | $ 4,000,000 |
| Northbrook | 1,000,000 |
| ~~20,~~ | |
| B) ~~$15,000,000~~ XS $ 5,000,000 | ~~14,000,000~~ |
| London | ~~7,500,000~~ 11,250,000 |
| Northbrook | 3,750,000 |
| Granite State  *TRANSIT CASUALTY* | ~~3,750,000~~ 4,000,000 |
| | 1,500,000 |
| 25, C) ~~$30,000,000~~ XS ~~$20,000,000~~  25, | |
| London | 12, ~~$15,000,000~~ |
| AIU Ins. Co. | 2, ~~9,000,000~~ |
| Transit | 2,000,000 |
| Hartford | ~~2,000,000~~ 1,500,000 |
| Granite State | 6, ~~9,000,000~~ |
| Gerling Konzern  *BERMUDA FIRE + MARINE* | 1,000,000  500,000 |
| B) $25,000,000 XS $50,000,000 | |
| London | $ 4,000,000 |
| Integrity | 2,000,000 |
| Northbrook | 7,000,000 |
| National Union | 1,000,000 |
| Transit | 5,000,000 |
| Granite State | 4,000,000 |
| AIU | 2,000,000 |

- continued -

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| XLX 1437061 | W.R. GRACE + CO. | 6/30/80 |

| ONE OF THE  **FIREMAN'S FUND INSURANCE COMPANIES**  AS NAMED IN THE POLICY | PRODUCER  M. + M. |
|---|---|
| *Myron Du Bain*  PRESIDENT   10-X | COUNTERSIGNATURE OF AUTHORIZED AGENT |

180001—1-65  SETS

3328971431

## SCHEDULE OF UNDERLYING INSURANCE

*GIBRALTAR INS. CO.*      2,500,000
*IDEAL MUTUAL INS.*      3,000,000

**Layer**            **Participation**

E)  $25,000,000 XS $ 75,000,000

~~City Insurance~~      ~~$ 5,500,000~~
Granite State      8,500,000
Reunion Adriatica      1,000,000
National Union      6,000,000
Transit      3,000,000
Hartford      1,000,000

F)  $50,000,000 XS $100,000,000

National Union      $10,000,000
Hartford      2,000,000
Federal      5,000,000
City Insurance      5,000,000
AIU Insurance      1,500,000
Allianz      1,000,000
~~Swiss~~ *EUROPEAN GENERAL*      2,000,000
Zurich      1,500,000
Associated International      5,000,000
Bermuda Fire & Marine      1,500,000
Fireman's Fund      4,000,000
Centennial Insurance Co.      4,000,000
Midland      3,000,000
Birmingham Fire      2,000,000
London      2,500,000

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| | | |

ONE OF THE
**FIREMAN'S FUND INSURANCE COMPANIES**
AS NAMED IN THE POLICY

PRODUCER

COUNTERSIGNATURE OF AUTHORIZED AGENT

*Myron du Bain*
PRESIDENT      10-X

180001—1-65  SETS

3328971432

| SCHEDULE OF UNDERLYING INSURANCE | # 1 | (REVISED) (Pg.1 of2) |

| LAYER | PARTICIPATION |
|---|---|
| **A) $ 5,000,000 XS PRIMARY** | |
| LONDON | $ 4,000,000 |
| NORTH BROOK | 1,000,000 |
| | |
| **B) $ 20,000,000 XS $ 5,000,000** | |
| LONDON | 11,250,000 |
| NORTHBROOK | 3,750,000 |
| GRANITE STATE | 4,000,000 |
| TRANSIT CASUALTY | 1,000,000 |
| | |
| **C) $ 25,000,000 XS $25,000,000** | |
| LONDON | 12,000,000 |
| AIU INS. CO. | 2,000,000 |
| TRANSIT | 2,000,000 |
| HARTFORD | 1,500,000 |
| GRANITE STATE | 6,000,000 |
| GERLING KONZERN | 1,000,000 |
| BERMUDA FIRE & MARINE | 500,000 |
| | |
| **D) $ 25,000,000 XS $50,000,000** | |
| LONDON | 4,000,000 |
| INTEGRITY | 2,000,000 |
| NORTHBROOK | 7,000,000 |
| NATIONAL UNION | 1,000,000 |
| TRANSIT | 5,000,000 |
| GRANITE STATE | 4,000,000 |
| AIU | 2,000,000 |
| | |
| **E) $25,000,000 XS $75,000,000** | |
| GIBRALTAR INS. CO. | 2,500,000 |
| IDEAL MUTUAL INS. | 3,000,000 |
| GRANITE STATE | 8,500,000 |
| REUNION ADRIATICA | 1,000,000 |
| NATIONAL UNION | 6,000,000 |
| TRANSIT | 3,000,000 |
| HARTFORD | 1,000,000 |

(Continued)

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| XLX 143 70 61 | W. R. GRACE & COMPANY | 6/30/80 |

| ONE OF THE<br>FIREMAN'S FUND INSURANCE COMPANIES<br>AS NAMED IN THE POLICY | PRODUCER<br>MARSH & MC LENNAN |
|---|---|
| | COUNTERSIGNATURE OF AUTHORIZED AGENT |

*Myron Du Bain*
PRESIDENT                         10-X

180001—1-65  SETS

3328971433

| SCHEDULE OF UNDERLYING | # 1 | (REVISED) | (Pg. 2 of 2) |

| LAYER | PARTICIPATION |
|-------|---------------|
| F) $50,000,000 XS $100,000,000 | |
| NATIONAL UNION | $ 10,000,000 |
| HARTFORD | 2,000,000 |
| FEDERAL | 5,000,000 |
| CITY INSURANCE | 5,000,000 |
| AIU INSURANCE | 1,500,000 |
| ALLIANZ | 1,000,000 |
| EUROPEAN GENERAL | 2,000,000 |
| ZURICH! | 1,500,000 |
| ASSOCIATED INTERNATIONAL | 5,000,000 |
| BERMUDA FIRE & MARINE | 1,500,000 |
| FIREMAN'S FUND | 4,000,000 |
| CENTENNIAL INSURANCE COMPANY | 4,000,000 |
| MIDLAND | 3,000,000 |
| BIRMINGHAM FIRE | 2,000,000 |
| LONDON | 2,500,000 |

| POLICY NUMBER | INSURED | EFFECTIVE |
|---------------|---------|-----------|
| XLX 143 70 61 | W. R. GRACE & COMPANY | 6/30/80 |

| ONE OF THE | PRODUCER |
|------------|----------|
| FIREMAN'S FUND INSURANCE COMPANIES<br>AS NAMED IN THE POLICY | MARSH & MC LENNAN |
| *Myron Du Bain*  PRESIDENT   10-X | COUNTERSIGNATURE OF AUTHORIZED AGENT |

180001—1-65  SETS

**3328971434**

| |
|---|
| Architects, Engineers or Surveyors-Professional Liability Exclusion    #2 |

It is agreed that this policy shall not apply to any liability arising out of any professional services performed by or for the Insured, including, but not limited to

(A)  the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications and

(B)  supervisory, inspection or engineering services.

Signed Accepted: _____
                           Named Insured or Executive Officer

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|

| FIREMAN'S FUND INSURANCE COMPANY<br>THE AMERICAN INSURANCE COMPANY<br>NATIONAL SURETY CORPORATION<br>ASSOCIATED INDEMNITY CORPORATION<br>AMERICAN AUTOMOBILE INSURANCE COMPANY<br><br>*Myron Du Bain*<br>PRESIDENT                70-X | PRODUCER |
|---|---|
| | COUNTERSIGNATURE OF AUTHORIZED AGENT |

180009—6-65  SETS

## 3328971435
CANCELLATION AMENDMENT ENDORSEMENT    (Excess Umbrella)#3

is hereby understood and agreed that the first (1st) sentence of Condition 8,
NCELLATION, is voided and replaced by the following:

his policy may be cancelled by either party upon forty five (45) days' ,
irty (30) days notice with respect to cancellation for non-payment of
emium, in writing to the other stating the date cancellation shall be
ective."

OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED

| POLICY NUMBER | INSURED | | EFFECTIVE |
|---|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY THE AMERICAN INSURANCE COMPANY NATIONAL SURETY CORPORATION ASSOCIATED INDEMNITY CORPORATION AMERICAN AUTOMOBILE INSURANCE COMPANY *Myron Du Bain* PRESIDENT    70-X | | PRODUCER COUNTERSIGNATURE OF AUTHORIZED AGENT | |

0009—6-65 SETS

# ENTRY INSTRUCTIONS—E & SR—CASUALTY | CEDED REINSURANCE

| ENTRY TRANSACTION NUMBER | ALLOCATION OF LIMITS (IN DOLLARS AND PERCENTAGE) | TOTAL POLICY LIMIT | E & SR TREATY LIMIT | E & SR SURPLUS TREATY LIMIT |
|---|---|---|---|---|
| *1* | | | *100%* | *0* |

| ORIGINAL | END NO. | REVISION EFF. DATE | POLICY NUMBER |
|---|---|---|---|
| X | | | XLX143 7061 |

TOTAL POLICY LIMIT: *4,000,000.*

| BRANCH 3-80 NYK | INSURED | GROSS |
|---|---|---|
| | W. R. Grace + Co. | [X] ADDITIONAL  [ ] RETURN  PREMIUM DUE |

## PREMIUM ALLOCATION

| E & SR TREATY 99-002-321 | E & SR SURPLUS TREATY 99-002-326 |
|---|---|
| CODE 52.06 % OF 100 % OF GROSS PREMIUM TO TREATY  FF COMM 33.62% | CODE 100 % OF 0 % OF GROSS PREMIUM TO TREATY  FF COMM 27.5% |

PRODUCER'S COMM 7.5 %

| U/P | CLASS | MINOR CLASS | | | | |
|---|---|---|---|---|---|---|

| 701 | 11111 | 01 MECHANICAL RIDE  00 OTHER | | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 |
|---|---|---|---|---|---|---|---|---|---|
| MISC. | 01362 | 01 DET AGENCY B  02 TREE SER  00 OTHER M&C | | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 |
| | 0798 | 01 RAIN 02 PROD WDRAW B 03 CONTGCY 04 NON APP  05 TVB 08 TWIN  00 OTHER | | XXX | 22-35 | XXX | 22-35 | XXX | 22-35 |

| 702 | 73110 | 01 ADVERTISERS  02 ADVERTISING AGENCY | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | | BI 53-08 | | BI 53-08 | |
|---|---|---|---|---|---|---|---|---|---|---|
| E & O | 48303 | 03 RADIO  04 TELEVISION | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX | BI 53-08 | XXX | BI 53-08 | XXX |
| | 73920 | 05 CR BUR 10 PAPER B 1B CATV  06 EDP 12 P. FIN 00 OTHERS  08 MAG-O 17 SEC | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX | BI 53-08 | XXX | BI 53-08 | XXX |
| | 97775 | 01 CPA 04 ARCHS. ENG  02 LAWYERS 00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX | BI 53-08 | XXX | BI 53-08 | XXX |
| | 80888 | 01 PHY-SURG-DENT 02 HOSPITAL  03 ALL OTHER MEDICAL PROF | COVER 1 2 3 4 5 6 7 | CLMS MADE DATE | BI 53-76 | XXX | BI 53-76 | XXX | BI 53-76 | XXX |

| APPLICABLE TO 701-702 | POLICY LIMITS 1  2  3  4  5  6 | E & SR TREATY LIMITS 1  2  3  4  5 | |
|---|---|---|---|

| ORDINARY EXCESS | 7030 | 04 TRUCKMEN  00 OTHER COMMERCIAL | | BI 43-22 | PD 44-22 | BI 43-22 | PD 44-22 | BI 43-22 | PD 44-22 |
|---|---|---|---|---|---|---|---|---|---|
| | 5000 | 01 BUSES  00 OTHER PUBLIC | | BI 43-22 | PD 44-22 | BI 43-22 | PD 44-22 | *not applicable* | |
| | 01362 | 00 ALL OL & T | | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 | *under this* | |
| | (97778) | 00 ALL M & C | | BI 53-02  3200 | PD 54-02  800 | BI 53-02  1666 | PD 54-02  46 | *column* BI 53-02 | PD 54-02 |
| | 97777 | 00 ALL PRODUCTS | | BI 53-04 | PD 54-04 | BI 53-04 | PD 54-04 | BI 53-04 | PD 54-04 |
| | 97774 | 01 CPA 04 ARCHS. ENG  02 LAWYERS 00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX | BI 53-08 | XXX | BI 53-08 | XXX |
| | 80888 | 01 PHY-SURG-DENT 02 HOSPITAL  03 ALL OTHER MEDICAL PROF. | COVER 1 2 3 4 5 6 7 | CLMS MADE DATE | BI 53-76 | XXX | BI 53-76 | XXX | BI 53-76 | XXX |
| | 0388 | WORKERS COMPENSATION | UNDERLYING SUM CODE 1 2 3 4 5 6 7 | | 51-10 | XXX | 51-10 | XXX | 51-10 | XXX |

| EXCESS POLICY LIMITS 1 2 3 4 (5) 6 7 | PRIMARY BI LIMITS 1 2 3 4 5 6 7 8 (9) | PRIMARY PD LIMITS 0 1 2 3 4 5 6 7 8 (9) | E & SR TREATY LIMITS 1 2 3 (4) 5 |
|---|---|---|---|

| SUPERCOVER | 7030 | 04 TRUCKMEN  00 OTHER COMMERCIAL | | BI 43-22 | PD 44-22 | BI 43-22 | PD 44-22 | BI 43-22 | PD 44-22 |
|---|---|---|---|---|---|---|---|---|---|
| | 5000 | 01 BUSES  00 OTHER PUBLIC | | BI 43-22 | PD 44-22 | BI 43-22 | PD 44-22 | BI 43-22 | PD 44-22 |
| | 01362 | 00 ALL OL & T | | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 | BI 53-03 | PD 54-03 |
| | 97778 | 01 CONTRACTORS  00 ALL OTHER M & C | | BI 53-02 | PD 54-02 | BI 53-02 | PD 54-02 | BI 53-02 | PD 54-02 |
| | 97777 | 00 ALL PRODUCTS | | BI 53-04 | PD 54-04 | BI 53-04 | PD 54-04 | BI 53-04 | PD 54-04 |
| | 97774 | 01 CPA 04 ARCHS.  02 LAWYERS 00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX | BI 53-08 | XXX | BI 53-08 | XXX |
| | 80888 | 01 PAY-SURG-DENT. 02 HOSPITAL  03 ALL OTHER MEDICAL PROF. | COVER 1 2 3 4 5 6 7 | CLMS MADE DATE | BI 53-76 | XXX | BI 53-76 | XXX | BI 53-76 | XXX |

| EXCESS POLICY LIMITS 1 2 3 4 5 6 7 | PRIMARY BI LIMITS 1 2 3 4 5 6 7 8 9 | PRIMARY PD LIMITS 0 1 2 3 4 5 6 7 8 9 | HI-LO RISK IDENTITY 1-HI    2-LO | E & SR TREATY LIMITS 1 2 3 4 5 |
|---|---|---|---|---|

| UNDERWRITER  *Anna Leung* | DATE  7/3/80 | * DOES OUTSIDE REINSURANCE APPLY?  [X] NO   [ ] YES—SEE REVERSE SIDE |
|---|---|---|

MORE ENTRY INSTRUCTIONS (CONTINUED FROM REVERSE SIDE)

## OUTSIDE REINSURANCE (FACULTATIVE CEDED REINSURANCE)

| | LIABILITY (PERCENT OR DOLLARS) | PREMIUM TO REINSURER | | REINS. COMM. |
|---|---|---|---|---|
| **REINSURER** | | B.I. | P.D. | |
| **MAILING ADDRESS** | | | | |
| **REINSURANCE CERT. NO.** | | | | |
| **PAY PREMIUM TO:** REINS. COMPANY ☐   REINS. BROKER ☐   PRODUCER ☐ | | | | (INCLUDING TAX & BOARD) |
| **REINSURER** | | B.I. | P.D. | |
| **MAILING ADDRESS** | | | | |
| **REINSURANCE CERT. NO.** | | | | |
| **PAY PREMIUM TO:** REINS. COMPANY ☐   REINS. BROKER ☐   PRODUCER ☐ | | | | (INCLUDING TAX & BOARD) |
| **REINSURER** | | B.I. | P.D. | |
| **MAILING ADDRESS** | | | | |
| **REINSURANCE CERT. NO.** | | | | |
| **PAY PREMIUM TO:** REINS. COMPANY ☐   REINS. BROKER ☐   PRODUCER ☐ | | | | (INCLUDING TAX & BOARD) |

**TO: CLAIMS** (FOR CLAIMS DEPARTMENT USE ONLY)

1. DISTRIBUTE THAT PART OF THE TOTAL POLICY LOSS (RESERVE OR PAYMENTS) ALLOCATED TO THE E & SR TREATY AS FOLLOWS:

| E & SR TREATY'S (NOT E & SR SURPLUS TREATY) SHARE OF LOSS AS SHOWN UNDER CEDED REIN-SURANCE IN THE SPACE TITLED." E & SR TREATY LIMIT" ON REVERSE SIDE. | LOSS ALLOCATION | |
|---|---|---|
| | FIREMAN'S FUND'S SHARE (NET TO F.F.) | REINSURANCE SHARE |
| FIRST $1,000,000 OF LOSS TO E & SR TREATY: | 50% OF LOSS | 50% OF LOSS |
| NEXT $2,000,000 OF LOSS TO E & SR TREATY: | 25% OF LOSS | 75% OF LOSS |
| NEXT $2,000,000 OF LOSS TO E & SR TREATY: | 25% OF LOSS | 75% OF LOSS |
| NEXT $5,000,000 OF LOSS TO E & SR TREATY: | 10% OF LOSS | 90% OF LOSS |

2. ALLOCATE REMAINING PORTION OF TOTAL LOSS (IF ANY) AS PER THE PERCENTAGE (OR DOLLARS) SHOWN UNDER CEDED REINSURANCE IN THE SPACE TITLED "E & SR SURPLUS TREATY LIMIT" ON THE REVERSE SIDE AND OUTSIDE REINSURANCE (IF SHOWN ABOVE)

**TO: ENTRY DEPARTMENT—REFER TO REVERSE SIDE FOR CODING INSTRUCTIONS.**



**FIREMAN'S FUND**
**INSURANCE COMPANIES**

EXCESS & SPECIAL RISKS
INSTRUCTIONS FOR
POLICYWRITING & CODING

| TO: POLICYWRITING | USE NUMBER |
|---|---|
| | *XLX14370 61* |

☐ NEW    ☒ RENEWAL    ☐ ENDORSEMENT    ☐ CANCELLATION    EFFECTIVE DATE:

PRODUCTION CODE      PRODUCER NAME      LOCATION

NAMED INSURED ADDRESS

*W. R. Grace & Co.*

☒ USE POLICY FORM    } *see attached*    # _____
☒ USE ENDORSEMENT FORM    # _____
☐ USE CERTIFICATE FORM    # _____
☐ PER FORM ATTACHED
☐

---

**COPIES:** ☐ PRE-CARBONIZED FORM    ☐ ORIGINAL, PROCESSING CENTER, AGENT, UNDERWRITER, B.O., AUDIT, EXTRA
☐ SIGN ORIGINAL    ☐ ORDER CREDIT REPORT    ☐ ORDER _____

DISTRIBUTE:
☒ SEND ORIGINAL AND AGENTS COPY TO AGENT
☐ SEND ORIGINAL, AGENTS AND B.O. COPIES TO:

MR. _____ E & SR REPRESENTATIVE

B.O. _____

☐ SEND ALL COPIES EXCEPT UNDERWRITING COPY TO:

MR. _____ E & SR REPRESENTATIVE

B.O. _____

☒ RETURN   ☒ UNDERWRITING COPY TO E & SR DEPARTMENT
     ☐ BRANCH OFFICE COPY TO E & SR DEPARTMENT
     *else*
☒ RETURN ALL ~~WORK~~ TO: *Anna Leung  X223*

☐ OTHER: _____

---

TO: ENTRY DEPARTMENT — SPECIAL INSTRUCTIONS ON REVERSE SIDE   _ / /

# ENTRY INSTRUCTIONS— & SR CASUALTY | CEDED REINSURANCE

| ENTRY TRANSACTION NUMBER | 1 | ALLOCATION OF LIMITS (IN DOLLARS AND PERCENTAGE) | TOTAL POLICY LIMIT | E & SR TREATY LIMIT | E & SR SURPLUS TREATY LIMIT |
|---|---|---|---|---|---|
| ORIGINAL [X] | END NO. | REVISION EFF. DATE | | | |
| | | POLICY NUMBER  XL X143 7061 | 4,000,000 | 100% | 0 |

BRANCH 3-80 N.YK

INSURED: W. R. Grace & Co

GROSS: [X] ADDITIONAL  [ ] RETURN
PREMIUM DUE

| | PREMIUM ALLOCATION | |
|---|---|---|
| | E & SR TREATY 99-002-321 | E & SR SURPLUS TREATY 99-002-326 |
| | CODE 52.06 % OF 100 % OF GROSS PREMIUM TO TREATY FF COMM 33.62% | CODE 100 % OF 0 % OF GROSS PREMIUM TO TREATY FF COMM 27.5% |

PRODUCER'S COMM 7.5 %

| U/P | CLASS | MINOR CLASS | | | | |
|---|---|---|---|---|---|---|
| 701 MISC. | 11111 | 01 MECHANICAL RIDE 00 OTHER | | BI 53-03 | PD 54-03 | BI 53-03 PD 54-03 BI 53-03 PD 54-03 |
| | 01362 | 01 DET AGENCY B  02 TREE SER  00 OTHER M&C | | BI 53-03 | PD 54-03 | BI 53-03 PD 54-03 BI 53-03 PD 54-03 |
| | 079B | 01 RAIN  02 PROD WDRAW  03 CONTGCY  04 NON APP 05 TVB  0B TWIN  00 OTHER | | XXX | 22-35 | XXX 22-35 XXX 22-35 |
| 702 E & O | 73110 | 01 ADVERTISERS 02 ADVERTISING AGENCY | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX BI 53-08 XXX BI 53-08 XXX |
| | 48303 | 03 RADIO 04 TELEVISION | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX BI 53-08 XXX BI 53-08 XXX |
| | 73920 | 05 CR BUR  10 PAPER B  18 CATV 06 EDP  12 P. FIN  00 OTHERS 09 MAG-O  17 SEC | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX BI 53-08 XXX BI 53-08 XXX |
| | 97774 | 01 CPA  04 ARCHS. ENG 02 LAWYERS  00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX BI 53-08 XXX BI 53-08 XXX |
| | 80888 | 01 PHY-SURG-DENT  02 HOSPITAL 03 ALL OTHER MEDICAL PROF  1 2 3 4 5 6 7 | COVER | CLMS MADE DATE | BI 53-76 | XXX BI 53-76 XXX BI 53-76 XXX. |
| APPLICABLE TO 701/702 | | POLICY LIMITS  1  2  3  4  5  6 | E & SR TREATY LIMITS  1  2  3  4  5 | | | |

| ORDINARY EXCESS | 7030 | 04 TRUCKMEN 00 OTHER COMMERCIAL | | BI 43-22 | PD 44-22 | BI 43-22 PD 44-22 BI 43-22 PD 44-22 |
|---|---|---|---|---|---|---|
| | 5000 | 01 BUSES 00 OTHER PUBLIC | | BI 43-22 | PD 44-22 | BI 43-22 PD 44-22 (not applicable under this column) |
| | 01362 | 00 ALL OL & T | | BI 53-03 | PD 54-03 | BI 53-03 PD 54-03 |
| | 97778 | 00 ALL M & C | | BI 53-02  3200 | PD 54-02  800 | BI 53-02 1666 PD 54-02 416 BI 53-02 PD 54-02 |
| | 97777 | 00 ALL PRODUCTS | | BI 53-04 | PD 54-04 | BI 53-04 PD 54-04 BI 53-04 PD 54-04 |
| | 97774 | 01 CPA  04 ARCHS. ENG 02 LAWYERS  00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX BI 53-08 XXX BI 53-08 XXX |
| | 80888 | 01 PHY-SURG-DENT  02 HOSPITAL 03 ALL OTHER MEDICAL PROF.  1 2 3 4 5 6 7 | COVER | CLMS MADE DATE | BI 53-76 | XXX BI 53-76 XXX BI 53-76 XXX |
| | 038B | WORKERS COMPENSATION  1  2  3  4  5  6  7  8  9 | UNDERLYING SUM CODE | | 51-10 | XXX 51-10 XXX 51-10 XXX |

| EXCESS POLICY LIMITS  1 2 3 4 (5) 6 7 | PRIMARY BI LIMITS  1 2 3 4 5 6 7 8 (9) | PRIMARY PD LIMITS  0 1 2 3 4 5 6 7 8 (9) | E & SR TREATY LIMITS  1 2 3 (4) 5 |
|---|---|---|---|

| SUPERCOVER | 712 | 7030 | 04 TRUCKMEN 00 OTHER COMMERCIAL | | BI 43-22 | PD 44-22 | BI 43-22 PD 44-22 BI 43-22 PD 44-22 |
|---|---|---|---|---|---|---|---|
| | | 5000 | 01 BUSES 00 OTHER PUBLIC | | BI 43-22 | PD 44-22 | BI 43-22 PD 44-22 BI 43-22 PD 44-22 |
| | | 01362 | 00 ALL OL & T | | BI 53-03 | PD 54-03 | BI 53-03 PD 54-03 BI 53-03 PD 54-03 |
| | | 97778 | 01 CONTRACTORS 00 ALL OTHER M&C | | BI 53-02 | PD 54-02 | BI 53-02 PD 54-02 BI 53-02 PD 54-02 |
| | | 97777 | 00 ALL PRODUCTS | | BI 53-04 | PD 54-04 | BI 53-04 PD 54-04 BI 53-04 PD 54-04 |
| | | 97774 | 01 CPA  04 ARCHS. 02 LAWYERS  00 OTHERS | COVER 1 2 3 | CLMS MADE DATE | BI 53-08 | XXX BI 53-08 XXX BI 53-08 XXX |
| | | 80888 | 01 PAY-SURG-DENT.  02 HOSPITAL 03 ALL OTHER MEDICAL PROF.  1 2 3 4 5 6 7 | COVER | CLMS MADE DATE | BI 53-76 | XXX BI 53-76 XXX BI 53-76 XXX |

| EXCESS POLICY LIMITS  1 2 3 4 5 6 7 | PRIMARY BI LIMITS  1 2 3 4 5 6 7 8 9 | PRIMARY PD LIMITS  0 1 2 3 4 5 6 7 8 9 | HI-LO RISK IDENTITY  1-HI    2-LO | E & SR TREATY LIMITS  1 2 3 4 5 |
|---|---|---|---|---|

UNDERWRITER: Gina Cheung   DATE: 2/3/80

* DOES OUTSIDE-REINSURANCE APPLY? [X] NO   [ ] YES—SEE REVERSE SIDE

3328971437

MORE ENTRY INSTRUCTIONS (CONTINUED FROM REVERSE SIDE)

# OUTSIDE REINSURANCE (FACULTATIVE CEDED REINSURANCE)

| | | LIABILITY (PERCENT OR DOLLARS) | PREMIUM TO REINSURER | | REINS. COMM. |
|---|---|---|---|---|---|
| | | | B.I. | P.D. | |
| REINSURER | | | | | |
| MAILING ADDRESS | | | | | |
| REINSURANCE CERT. NO. | | | | | |
| PAY PREMIUM TO: REINS. COMPANY ☐   REINS. BROKER ☐   PRODUCER ☐ | | | | | (INCLUDING TAX & BOARD) |
| REINSURER | | | B.I. | P.D. | |
| MAILING ADDRESS | | | | | |
| REINSURANCE CERT. NO. | | | | | |
| PAY PREMIUM TO: REINS. COMPANY ☐   REINS. BROKER ☐   PRODUCER ☐ | | | | | (INCLUDING TAX & BOARD) |
| REINSURER | | | B.I. | P.D. | |
| MAILING ADDRESS | | | | | |
| REINSURANCE CERT. NO. | | | | | |
| PAY PREMIUM TO: REINS. COMPANY ☐   REINS. BROKER ☐   PRODUCER ☐ | | | | | (INCLUDING TAX & BOARD) |

## TO: CLAIMS (FOR CLAIMS DEPARTMENT USE ONLY)

1. DISTRIBUTE THAT PART OF THE TOTAL POLICY LOSS (RESERVE OR PAYMENTS) ALLOCATED TO THE E & SR TREATY AS FOLLOWS:

| | LOSS ALLOCATION | |
|---|---|---|
| E & SR TREATY'S (NOT E & SR SURPLUS TREATY) SHARE OF LOSS AS SHOWN UNDER CEDED REINSURANCE IN THE SPACE TITLED." E & SR TREATY LIMIT" ON REVERSE SIDE. | FIREMAN'S FUND'S SHARE (NET TO F.F.) | REINSURANCE SHARE |
| FIRST $1,000,000 OF LOSS TO E & SR TREATY: | 50% OF LOSS | 50% OF LOSS |
| NEXT $2,000,000 OF LOSS TO E & SR TREATY: | 25% OF LOSS | 75% OF LOSS |
| NEXT $2,000,000 OF LOSS TO E & SR TREATY: | 25% OF LOSS | 75% OF LOSS |
| NEXT $5,000,000 OF LOSS TO E & SR TREATY: | 10% OF LOSS | 90% OF LOSS |

2. ALLOCATE REMAINING PORTION OF TOTAL LOSS (IF ANY) AS PER THE PERCENTAGE (OR DOLLARS) SHOWN UNDER CEDED REINSURANCE IN THE SPACE TITLED "E & SR SURPLUS TREATY LIMIT" ON THE REVERSE SIDE AND OUTSIDE REINSURANCE (IF SHOWN ABOVE)

TO: ENTRY DEPARTMENT—REFER TO REVERSE SIDE FOR CODING INSTRUCTIONS.

# BLANKET EXCESS LIABILITY POLICY
## (FOLLOWING FORM)

Coverage is provided in the Company designated by number,
a stock insurance Company (herein called the Company)

## DECLARATIONS

( 1. INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)

**FIREMAN'S FUND INSURANCE COMPANIES**
MAIL ADDRESS
SAN FRANCISCO
CALIFORNIA

| 01 FIREMAN'S FUND | |
|---|---|
| INSURANCE COMPANY | SAN FRANCISCO, CALIFORNIA |
| 18 THE AMERICAN | |
| INSURANCE COMPANY | PARSIPPANY, NEW JERSEY |
| 07 NATIONAL SURETY | |
| CORPORATION | CHICAGO, ILLINOIS |
| 13 ASSOCIATED INDEMNITY | |
| CORPORATION | SAN FRANCISCO, CALIFORNIA |
| 15 AMERICAN AUTOMOBILE | |
| INSURANCE COMPANY | CREVE COEUR, MISSOURI |

POLICY PERIOD:

ITEM 2.

INCEPTION (MO. DAY YR.)          EXPIRATION (MO. DAY YR.)
12:01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

ITEM 3.          LIMIT OF LIABILITY:

$          . EACH OCCURRENCE

$          . AGGREGATE

ITEM 4.          UNDERLYING INSURANCE LIMIT OF LIABILITY

$          . EACH OCCURRENCE

$          . AGGREGATE

ITEM 5.          PREMIUM BASIS          ITEM 6.          ADVANCE PREMIUM: $

$          ANNUAL MINIMUM PREMIUM: $

. THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY SHALL RECEIVE AND RETAIN NOT LESS THAN $
THE POLICY MINIMUM PREMIUM.

M 7. SCHEDULE OF UNDERLYING INSURANCE:

## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

## INSURING AGREEMENTS

**1. Coverage.** To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

**2. Limit of Liability.** The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder on account of occurrences during this policy period, this

policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

**3. Policy Period.** This policy applies only to occurrences which take place during the policy period.

## DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the Insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

## CONDITIONS

**1. Maintenance of Primary Insurance.** The Insured warrants, and it is a condition of this policy, that at the inception of this policy, insurance afforded by the underlying policies of insurance (apply-

(Continued on Page Two)

COUNTERSIGNATURE DATE          COUNTERSIGNATURE OF AUTHORIZED AGENT

5902—2-72

IV-D