8A

# Lloyds

## Policy No. 76 DD 1594C

## 06/30/76 – 06/30/79



WRG    0629



WRG    0630

UMBRELLA POLICY (LONDON 1971)

Named Assured:    As stat.. .n Item 1 of the Declarations formin_ ` part hereof

~~and/or subsidiary, associated, affiliated companies or owned and controlled companies, as now or hereafter constituted~~ and of which prompt notice has been given to Underwriters (hereinafter called the "Named Assured").

## INSURING AGREEMENTS:

_ : 853

0 0763

1.    COVERAGE –

Underwriters hereby agree, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability:–

   (a)    imposed upon the Assured by law,

or (b)    assumed under contract or agreement by the Named Assured and/or any officer, director, stockholder, partner or employee of the Named Assured, while acting in his capacity as such,

for damages on account of :–

   (i)    Personal Injuries

   (ii)    Property Damage

   (iii)    Advertising Liability,

caused by or arising out of each occurrence happening anywhere in the world.

11.    LIMIT OF LIABILITY –

Underwriters hereon shall be only liable for the ultimate net loss the excess of either :–

   (a)    the limits of the underlying insurances as set out in the attached schedule in respect of each occurrence covered by said underlying insurances,

or (b)    $ 100,000.00    ultimate net loss in respect of each occurrence not covered by said underlying insurances,

   (hereinafter called the "underlying limits"):

and then only up to a further sum as stated in Item 2(a) of the Declarations in all in respect of each occurrence – subject to a limit as stated in Item 2(b) of the Declarations in the aggregate for each annual period during the currency of this Policy, separately in respect of Products Liability and in respect of Personal Injury (fatal or non-fatal) by Occupational Disease sustained by any employees of the Assured.

In the event of reduction or exhaustion of the aggregate limits of liability under said underlying insurance by reason of losses paid thereunder, this Policy subject to all the terms, conditions and definitions hereof shall :–

   (1)    in the event of reduction pay the excess of the reduced underlying limit.

   (2)    in the event of exhaustion continue in force as underlying insurance.

The inclusion or addition hereunder of more than one Assured shall not operate to increase Underwriters' limits of liability beyond those set forth in the Declarations. WRG    0631

L P O :.548 (8/7A)

THIS POLICY IS SUBJECT TO THE FOLLOWING DEFINITIONS:                    ⎯ 651

1.    ASSURED –

The unqualified word "Assured", wherever used in this Policy, includes:–                03764

(a)    The Named Assured, and, if the Named Assured is designated in Item 1 of
the Declarations as a partnership or joint venture, the partnership or joint
venture so designated and any partner or member thereof but only with respect
to his liability as such;

(b)    any officer, director, stockholder, partner or employee of the Named Assured,
while acting in his capacity as such, and any organisation or proprietor with
respect to real estate management for the Named Assured;

(c)    any person, organisation, trustee or estate to whom the Named Assured is
obligated by virtue of a written contract or agreement to provide insurance
such as is afforded by this policy, but only to the extent of such obligation
and in respect of operations by or on behalf of the Named Assured or of
facilities of the Named Assured or of facilities used by the Named Assured;

(d)    any additional Assured (not being the Named Assured under this policy) included
in the Underlying Insurances, subject to the provisions in Condition B; but not
for broader coverage than is available to such additional Assured under any
underlying insurances as set out in attached schedule;

(e)    with respect to any automobile owned by the Named Assured or hired for use
on behalf of the Named Assured, or to any aircraft owned by or hired for use
on behalf of the Named Assured, any person while using such automobile or
aircraft and any person or organisation legally responsible for the use thereof,
provided the actual use of the automobile or aircraft is with the permission of
the Named Assured.   The insurance extended by this sub–division (e), with
respect to any person or organisation other than the Named Assured shall not
apply:–

1.    to any person or organisation, or to any agent or employee thereof,
operating an automobile repair shop, public garage, sales agency,
service station, or public parking place, with respect to any occurrence
arising out of the operation thereof;

2.    to any manufacturer of aircraft, aircraft engines, or aviation accessories,
or any aviation sales or service or repair organisation or airport or hangar
operator or their respective employees or agents with respect to any
occurrence arising out of any of the aforementioned;

3.    with respect to any hired automobile or aircraft, to the owner thereof or
any employee of such owner;

4.    with respect to any non–owned automobile to any officer, director, stockholder,
partner or employee of the Named Assured if such automobile is owned in full
or in part by him or a member of his household.

This sub–division (e) shall not apply if it restricts the insurance granted under sub–
division (d) above.                                                    WRG    0632

00765

2. PERSONAL INJURIES –

The term "Personal Injuries",wherever used herein, mean bodily injury (including death at any time resulting therefrom), mental injury, mental anguish, shock, sickness, disease, disability, false arrest, false imprisonment, wrongful eviction, detention, malicious prosecution, discrimination, humiliation; also libel, slander or defamation of character or invasion of rights of privacy, except that which arises out of any advertising activities.

3. PROPERTY DAMAGE –

The term "Property Damage",wherever used herein,shall mean loss of or direct damage to or destruction of tangible property (other than property owned by the Named Assured).

4. ADVERTISING LIABILITY –

The term "Advertising Liability", wherever used herein, shall mean:–

(1)  Libel, slander or defamation;

(2)  Any infringement of copyright or of title or of slogan;

(3)  Piracy or unfair competition or idea misappropriation under an implied contract;

(4)  Any invasion of right of privacy;

committed or alleged to have been committed in any advertisement, publicity article, broadcast or telecast and arising out of the Named Assured's advertising activities.

5. OCCURRENCE –

The term "Occurrence",wherever used herein,shall mean an accident or a happening or event or a continuous or repeated exposure to conditions which unexpectedly and unintentionally results in personal injury, property damage or advertising liability during the policy period. All such exposure to substantially the same general conditions existing at or emanating from one premises location shall be deemed one occurrence.

6. DAMAGES –

The term "Damages" includes damages for death and for care and loss of services resulting from personal injury and damages for loss of use of property resulting from property damage.

7. ULTIMATE NET LOSS –

The term "Ultimate Net Loss" shall mean the total sum which the Assured, or his Underlying Insurers as scheduled, or both, become obligated to pay by reason of personal injuries, property damage or advertising liability claims, either through adjudication or compromise, and shall also include hospital, medical and funeral charges and all sums paid as salaries, wages, compensation, fees, charges and law costs, premiums on attachment or appeal bonds, cost expenses for doctors, lawyers, nurses and investigators and other persons, and for tion, settlement, adjustment and investigation of claims and suits which are paid as a consequence of any occurrence covered hereunder, excluding only the salaries of the Assured or of any underlying insurers permanent employees.

The Underwriters shall not be liable for expenses as aforesaid when such expenses are included in other valid and collectible insurance.

WRG    0633

00766

The term "Automobile", wherever used herein, shall mean a land motor vehicle, trailer or semi-trailer.

S.56

9.    AIRCRAFT –

The term "Aircraft", wherever used herein, shall mean any heavier than air or lighter than air aircraft designed to transport persons or property.

10.    PRODUCTS LIABILITY –

The term "Products Liability" means :–

(a)    Liability arising out of goods or products manufactured, sold, handled or distributed by the Assured or by others trading under his name (hereinafter called "the Assured's products") if the occurrence occurs after possession of such goods or products has been relinquished to others by the Assured or by others trading under his name and if such occurrence occurs away from premises owned, rented or controlled by the Assured; provided such goods or products shall be deemed to include any container thereof, other than a vehicle, but shall not include any vending machine or any property, other than such container, rented to or located for use of others but not sold;

(b)    Liability arising out of operations, if the occurrence occurs after such operations have been completed or abandoned and occurs away from premises owned, rented or controlled by the Assured; provided operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to an agreement; provided further the following shall not be deemed to be "operations" within the meaning of this paragraph:–

(i)    pick-up or delivery, except from or onto a railroad car;
(ii)   the maintenance of vehicles owned or used by or in behalf of the Assured;
(iii)  the existence of tools, uninstalled equipment and abandoned or unused materials.

11.    ANNUAL PERIOD –

The term "Annual Period" shall mean each consecutive period of one year commencing from the inception date of this Policy.

THIS POLICY IS SUBJECT TO THE FOLLOWING EXCLUSIONS:

This Policy shall not apply:–

(a)    to any . . . . . . . ion for which the Assured and any company as its insurer may be held liable . . . . . any Workmen's Compensation, unemployment compensation or disability benefits . . . provided, however, that this exclusion does not apply to liability of others assumed by the Named Assured under contract or agreement;

(b)    to personal injury, property damage or advertising liability arising out of the conduct of any partnership or joint venture of which the Assured is a partner or member and which is not designated in the policy as a Named Assured;

09767

(c)    to claims made against the Assured:-

(i)    on account of Personal Injuries or Property Damage resulting from the failure of the Assured's products or work completed by or for the Assured to perform the function or serve the purpose intended by the Assured, if such failure is due to a mistake or deficiency in any design, formula, plan, specification, advertising material or printed instructions prepared or developed by the Assured; but this exclusion (i) does not apply to Personal Injuries or Property Damage resulting from the active malfunctioning of such products or work;

(ii)    on account of Property Damage to the Assured's products arising out of such products or any part of such products;

(iii)    on account of Property Damage to work performed by or on behalf of the Assured arising out of work or any portion thereof, or out of the materials, parts or equipment furnished in connection therewith;

(iv)    for the withdrawal, inspection, repair, replacement, or loss of use of the Assured's products or work completed by or for the Assured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(d)    with respect to advertising activities, to claims made against the Assured for:-

(i)    failure of performance of contract, but this shall not relate to claims for unauthorised appropriation of ideas based upon alleged breach of an implied contract;

(ii)    infringement of registered trade marks, service mark or trade name by use thereof as the registered trade mark, service mark or trade name of goods or services sold, offered for sale or advertised, but this shall not relate to titles or slogans;

(iii)    incorrect description of any article or commodity;

(iv)    mistake in advertised price;

(e)    except in respect of occurrences taking place in the United States of America, its territories or possessions, or Canada, to any liability of the Assured directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign    , hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalisation or requisition or destruction of or damage to property by or under the order of any government or public or local authority;

(f)    to any liability arising out of the violation of any statute, law, ordinance or regulation prohibiting discrimination or humiliation because of race, creed, colour or national origin.

00763

Except insofar as coverage is available to the Assured i the underlying insurances as set out in the attached Schedule, this policy shall not apply:—

(g)   to the liability of any Assured hereunder for assault and battery committed by or at the direction of such Assured except liability for Personal Injuries resulting from any act alleged to be assault and battery committed for the purpose of preventing or eliminating danger in the operation of aircraft, or for the purpose of preventing Personal Injuries or Property Damage; it being understood and agreed that this exclusion shall not apply to the liability of the Named Assured for personal injury to their employees, unless such liability is already excluded under Exclusion (a) above;

(h)   with respect to any aircraft owned by the Assured except liability of the Named Assured for aircraft not owned by them; it being understood and agreed that this exclusion shall not apply to the liability of the Named Assured for personal injury to their employees, unless such liability is already excluded under Exclusion (a) above;

(i)   with respect to any watercraft owned by the Assured, while away from premises owned, rented or controlled by the Assured, except liability of the Named Assured for watercraft not owned by them; it being understood and agreed that this exclusion shall not apply to the liability of the Named Assured for personal injury to their employees, unless such liability is already excluded under Exclusion (a) above;

(j)   to any employee with respect to injury to or the death of another employee of the same Employer injured in the course of such employment.

THIS POLICY IS SUBJECT TO THE FOLLOWING CONDITIONS:

A.   PREMIUM —

Unless otherwise provided for the premium for this Policy is a flat premium and is not subject to adjustment except as provided in Conditions B and P.

B.   ADDITIONAL ASSUREDS —

In the event of additional assureds being added to the coverage under the underlying insurance during currency hereof prompt notice shall be given to Underwriters hereon who shall be entitled to charge an appropriate additional premium hereon.

C.   PRIOR INSURANCE AND NON CUMULATION OF LIABILITY —

It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued to the Assured prior to the inception date hereof the limit of liability hereon as stated in item 2 of the Declarations shall be reduced by any amounts due to the Assured on account of such under such prior insurance.

D.   SPECIAL CONDITIONS APPLICABLE OCCUPATIONAL DISEASE —

As regards personal injury (fatal or non-fatal) by occupational disease sustained by any employee of the Assured, this policy is subject to the same warranties, terms and conditions (except as regards the premium, the amounts and limits of liability and the renewal agreement, if any) as are contained in or as may be added to the underlying insurance prior to the happening of an occurrence for which claim is made hereunder.   WRG    0636

00772

ATTACHING TO AND FORMING PART OF POLICY No. 76DD1594C

## DECLARATIONS:

ITEM 1.  (a)  Named Assured:-  W.R.GRACE & CO. AND/OR SUBSIDIARY, ASSOCIATED, AFFILIATED COMPANIES AND/OR ORGANISATIONS, OWNED, CONTROLLED AND/OR MANAGED COMPANIES AS NOW OR HEREINAFTER CONSTITUTED

         (b)  Address of Named Assured:-

              1114 Avenue of the Americas,
              New York, New York 10038

ITEM 2.  Limit of Liability – as Insuring Agreement 11 :-

         (a)  Limit in all in respect of each occurrence    $  5,000,000.00

         (b)  Limit in the aggregate for each annual
              period where applicable                       $  5,000,000.00

ITEM 3.  Policy Period:-  30th June, 1976 to 30th June, 1979
                          both days 12:01 a.m. local standard time

ITEM 4.  Notice of Occurrence (Condition G) to:-

              National Agencies Inc.,
              1221 Avenue of the Americas, New York, New York 10020,
                                                              U.S.A.
ITEM 5.  Currency (Condition Q):-

              U.S.$

ITEM 6.  Payment of Premium (Condition Q) to:-

              National Agencies Inc.,
              1221 Avenue of the Americas, New York, New York 10020,
                                                              U.S.A.
ITEM 7.  Service of Process (Condition S) upon:-

              Mendes and Mount,
              27 William Street,
              New York, New York 10005, U.S.A.

E.P.O.354B (8/76)                                    Page 11 of 11

WRG    0640

APPENDIX NO. 2

00773

Attaching to and forming part of Policy No. 76DD1594C

_ : 665

Of:    CERTAIN INSURANCE COMPANIES

Issued to    W.R. GRACE & CO.

As respects the Assured's operations outside the United States of America and/or Canada Insuring Agreement II is amended to read as follows:-

"... Underwriters hereon shall be only liable for the ultimate net loss the excess of either:-

(a) the limits of the underlying insurances as set out in the attached schedule in respect of each occurrence covered by said underlying insurances;

or   (b) $250,000.00 ultimate net loss in respect of each occurrence,

whichever is the greater,

or   (c) $250,000.00 ultimate net loss in respect of each occurrence not covered by said underlying insurances,

..................."

All other terms and conditions of the Policy remaining unchanged.

Dated, London, 28th June, 1977
MLS/je

---

ADDENDUM NO. 2

Attaching to and forming part of Policy No. 76DD1594C

Of:    CERTAIN INSURANCE COMPANIES

Issued to    W.R. GRACE & CO.

It is hereby understood and agreed that this policy is extended to include "Employee Benefit Liability", as more fully defined in the scheduled underlying policies and that as respects such coverage this Policy is subject to the same warranties, terms and conditions (except as regards the premium, the obligation to investigate and defend, the amount and limits of liability and the renewal agreement, if any) as are contained in the said underlying policies.

It is however further understood and agreed th~  ~he above extension in coverage shall not apply to claims based upon t'    ~yee Retirement Income Security Act of 1974, Public Law 13-406 commonly r~    to as the Pension Reform Act of 1974 and amendments thereto, or similar ~rovisions of any Federal, State or Local Statutory Law or Common Law.

All other terms and conditions of the Policy remaining unchanged.

Dated  London, 28th June, 1977.

WRG    0641

03774

- 664

### ADDENDUM NO. 3

Attaching to and forming part of Policy No. 76DD1594C

Of:     CERTAIN INSURANCE COMPANIES

Issued to     W.R. GRACE & CO.

It is hereby understood and agreed that this Policy is extended to include "Data Processors Errors and Omissions Insurance" and "Insurance Brokers Errors and Omissions Insurance" as more fully defined in the scheduled underlying policies and that as respects such coverages this Policy is subject to the same warranties, terms and conditions (except as regards the premium, the obligation to investigate and defend, the amount and limits of liability and the renewal agreement, if any, as are contained in the said underlying policies.

All other terms and conditions of the Policy remaining unchanged.

Dated, London, 28th June, 1977
MLS/je

WRG    0642

03775

ADDENDUM NO. 4

Attaching to and forming part of Policy No. 76DD1591C

Of:    CERTAIN INSURANCE COMPANIES

Issued to    W.R. GRACE & CO.

Notwithstanding anything contained herein to the contrary, it is hereby
understood and agreed that this Policy shall not apply:-

(A)    To Property Damage claims arising from:-

    (1) Erroneous delivery of seeds, erroneous substitution of one
        seed for another, or mislabeling of seeds;
    (2) Cross pollination;
    (3) Germination failure;
    (4) The presence of noxious weed seed;
    (5) Natural shrinkage of grain;
    (6) Loss of and/or damage and/or deterioration from delay or
        from moisture content of grain;
    (7) Commingling of grain.

(B)    (1) To liability arising under any policy of insurance or reinsurance;
       (2) To liability arising out of the issuance, non-issuance, declination
           or cancellation of, or the imposition of special terms to any policy
           of insurance or reinsurance.

(C)    In respect of oil and/or gas drilling and/or exploration operations to:-

    ( i) the cost of control of any oil and/or gas well
    (ii) loss of hole and/or in hole equipment.

It is further understood and agreed that except insofar as coverage is available
to the Assured in the Underlying Insurances as set out in the attached Schedule,
this Policy shall not apply:-

    (A) To Charterers Liability;
    (B) To the safe berthing of any marine vessel;
    (C) To marine vessels in the Assured's Care, Custody or Control;
    (D) To Non-owned watercraft Liability;
    (E) To Contractual Liability;
    (F) To Incidental Malpractice Liability;
    (G) In respect of oil and/or gas drilling and/or exploration operations
        to:-

        ( i) explosion, blowout and/or cratering;
        (ii) underground Property Damage not already excluded by the
             Seepage, Pollution and Contamination Clause No. 1 and
             the Seepage, Pollution and Contamination Exclusion
             Clause No. 2;

    (H) To liability resulting from the ownership, maintenance and/or
        operations of any dock, wharf and/or quay facility.


All other terms and conditions of the Policy remaining unchanged.

Dated, London, 28th June, 1977
HS/je

03776

ADDENDUM NO. 5

Attaching to and forming part of Policy No. 76DD155MC

Of:    CERTAIN INSURANCE COMPANIES

Issued to    W.R. GRACE & CO.

Notwithstanding anything contained herein to the contrary it is hereby understood and agreed that this Policy shall apply to "Joint Ventures" subject always to the attached "Joint Venture Clause" except in respect of those Joint Ventures which are excepted by virtue of Addendum No. 6.

### JOINT VENTURE CLAUSE
(Third Party Liability)

(1) It is hereby understood and agreed by the Assured and Underwriters that as regards any liability of the Assured which is insured under this policy and arises in any manner whatsoever out of the operations or existence of any Joint Venture, co-venture, joint lease, joint specified agreement of partnership (hereinafter called "Joint Venture") in which the Assured has an interest, the liability of Underwriter's under this Policy shall be limited to the product of (a) the percentage interest of the Assured in the said Joint Venture and (b) the total limit of liability hereunder sustained the Assured by the Policy. Where the percentage interest of the Assured in said Joint Venture is not set forth in writing, the percentage to be applied shall be that which would be imposed by law at the inception of the Joint Venture. Such percentage shall not be increased by the insolvency of others interested in the said Joint Venture.

(2) It is further understood and agreed that where any underlying insurance(s) have been reduced by a clause having the same effect as paragraph (1), the liability of Underwriters under this Policy, as limited by paragraph (1), shall be excess of the sum of (a) such reduced limits of any underlying insurance(s) and (b) the limits of any underlying insurance(s) not reduced.

It is further understood and agreed that the term "Joint Venture" as used in the "Joint Venture Clause" attached hereto or elsewhere within the Policy wording shall be understood to mean:

"Any joining together of two or more companies, either legally or contractually, for the purpose of any business undertaking where joint financial or corporal benefit is intended."

All other terms and conditions of the Policy remaining unchanged.

Dated, London, 28th June, 1977.
KLS/jo

WRG    0644

09377

_.067

### ADDENDUM NO. 6

Attaching to and forming part of Policy No. 76DD1594C

Of:    CERTAIN INSURANCE COMPANIES

Issued to    W.R. GRACE & CO.

It is hereby understood and agreed that the "Joint Venture Clause" contained in Addendum No.5 shall not apply in respect of any co-venture or partnership where:

(A)  The Assured's financial interest is at least 50%;

(B)  The Assured has sole responsibility for the management and operation;

(C)  The Assured is obligated to provide full insurance.

Notwithstanding the foregoing, it is understood and agreed that any future contractual agreement issued by the Assured to it's co-venturers or partners will specify that the insurance provided by the Assured's insurers shall be the sole and exclusive protection afforded to any and all members of such ventures.

All other terms and conditions of the Policy remaining unchanged.

Dated, London, 28th June, 1977.
KLS/js

00778

ADDENDUM NO. 7

Attaching to and forming part of Policy No. 7GDD1594C

Of:    CERTAIN INSURANCE COMPANIES

Issued to    W.R. GRACE & CO.

ADJUSTMENT CLAUSE

Notwithstanding anything stated herein to the contrary, it is
hereby agreed that the premium charged herein is comprised of a Minimum and
Deposit of $984,000.00 part of $1,230,000.00, plus an annual flat premium
charge of $40,000.00 part of $50,000.00 in respect of Charterers Liability
and in respect of the coverage provided hereunder for the safe berthing of
any marine vessel and marine vessels in the Assured's care, custody or
control; and shall be due and payable as follows:-

| 30th June, 1976 | – | $328,000.00 part of $410,000.00 (Minimum and Deposit) |
| | plus | $ 40,000.00 part of $ 50,000.00 (Flat Premium) |
| 30th June, 1977 | – | $328,000.00 part of $410,000.00 (Minimum and Deposit) |
| | plus | $ 40,000.00 part of $ 50,000.00 (Flat Premium) |
| 30th June, 1978 | – | $328,000.00 part of $410,000.00 (Minimum and Deposit) |
| | plus | $ 40,000.00 part of $ 50,000.00 (Flat Premium) |

It is further understood and agreed that the Minimum and Deposit
Premium specified above is subject to adjustment with Earned Premium to be
calculated at a rate of 0.1107 per $1,000.00 of the Assured's Gross Sales.

The Assured shall declare to Underwriters as soon as possible after
each anniversary date (commencing with the 30th June, 1977) the total amount
of their GrossSales during the preceding annual period and should the actual
Earned Premium so computed exceed the Deposit Premium charged for said period
then the balance shall be immediately payable by the Assured to the Underwriters.

Upon the expiration of this Policy a final adjustment shall be made
and any difference between the total Deposit Premium paid by the Assured and
the total Earned Premium hereon, shall be adjusted subject to Underwriters
receiving not less than the Minimum Premium specified herein.

Notwithstanding anything contained herein to the contrary, if this
Policy shall be cancelled by the Assured, Underwriters shall be entitled to
the Earned Premium for the period that this Policy has been in force or the
short rate proportion of the Minimum Premium whichever is the greater, plus
the short rate proportion of the flat premium charge. If this Insurance is
cancelled by Underwriters they shall be entitled to the Earned Premium for the
period that this Insurance has been in force or pro rata of the Minimum Premium
whichever is the greater, plus the pro rata proportion of the flat premium charge.

All other terms and conditions of the Policy remaining unchanged.

Dated, London, 28th June, 1977
MLS/jc

WRG    0646

ADDENDUM NO. 8

Attaching to and forming part of Policy No. 76DD1594C

Of:    CERTAIN INSURANCE COMPANIES

Issued to      W.R. GRACE & CO.

It is hereby understood and agreed that the following attached clause
shall apply in respect of the Assured's oil and/or gas operations on, over
and/or under water:

SEEPAGE, POLLUTION AND CONTAMINATION EXCLUSION CLAUSE No. 2
(Approved by Lloyd's Underwriters' Non-Marine Association)

This Insurance does not cover any liability for:
(1) Personal Injury or Bodily Injury or loss of, damage to, or loss of use of property directly
    or indirectly caused by seepage, pollution or contamination.
(2) The cost of removing, nullifying or cleaning-up seepage, polluting or contaminating
    substances.
(3) Loss of, damage to, or loss of use of property directly or indirectly resulting from subsidence
    caused by sub-surface operations of the Assured.
(4) Removal of, loss of or damage to non-surface oil, gas or any other substance, the property
    of others.
(5) Fines, penalties, punitive or exemplary damages.

                                    N.M.A 1684

It is also understood and agreed that the following attached clause
shall apply in respect of the Assured's oil and/or gas operations other than
those on, over and/or under water:

SEEPAGE, POLLUTION AND CONTAMINATION CLAUSE No. 1
(Approved by Lloyd's Underwriters' Non-Marine Association)

This Insurance does not cover any liability for:
(1) Removal of, loss of or damage to sub-surface oil, gas or any other substance, the property
    of others, provided always that this paragraph (1) shall not apply to any liability which
    would otherwise be covered under this Insurance for such removal, loss, or damage should it
    attributable to blow-out, cratering or fire of an oil or gas well owned or operated by, or
    under the control of, the Assured.
(2) Loss of, damage to, or loss of use of property directly or indirectly resulting from
    subsidence caused by sub-surface operations of the Assured.
(3) Personal Injury or Bodily Injury or loss of, damage to, or loss of use of property directly
    or indirectly caused by seepage, pollution or contamination, provided always that this
    paragraph (3) shall not apply to liability for Personal Injury or Bodily Injury or loss of or
    physical damage to or destruction of tangible property or loss of use of such property
    caused by or resulting where such seepage, pollution or contamination is caused by a sudden,
    unintended and unexpected happening during the period of this Insurance.
(4) The cost of removing, nullifying or cleaning-up seepage, polluting or contaminating
    substances unless the seepage, pollution or contamination is caused by a sudden, unintended
    and unexpected happening during the period of this Insurance.
(5) Fines, penalties, punitive or exemplary damages.
    This Clause shall not extend this Insurance to cover any liability which would not have
    been covered under this Insurance had this Clause not been attached.   N.M.A   1685

It is further understood and agreed that the following attached
clause shall apply in respect of all operations of the Assured, other than
oil and/or gas operations.

INDUSTRIES, SEEPAGE, POLLUTION AND CONTAMINATION CLAUSE No. 2
(Approved by Lloyd's Underwriters' Non-Marine Association)

This Insurance does not cover any liability for:
(1) Personal Injury or Bodily Injury or loss of, damage to, or loss of use of property directly
    or indirectly caused by seepage, pollution or contamination, provided always that this
    paragraph (1) shall not apply to liability for Personal Injury or Bodily Injury or loss of or
    physical damage to or destruction of tangible property, or loss of use of such property
    damaged or destroyed, where such seepage, pollution or contamination is caused by a sudden
    unintended and unexpected happening during the period of this Insurance.
(2) The cost of removing, nullifying or cleaning-up seepage, pollution or contaminating sub-
    stances unless the seepage, pollution or contamination is caused by a sudden, unintended
    and unexpected happening during the period of this Insurance.
(3) Fines, penalties, punitive or exemplary damages.
    This Clause shall not extend this Insurance to cover any liability which would not have
    been covered under this Insurance had this Clause not been attached.    N.M.A   1686

All other terms and conditions of the Policy remaining unchanged.

Dated, London, 28th June, 1977.                    WRG      0647

ADDENDUM NO. 9

Attaching to and forming part of Policy No. 76DD1594C

Of:      CERTAIN INSURANCE COMPANIES

Issued to      W.R. GRACE & CO.

Notwithstanding the fact that the Assured has underlying insurance in force providing coverage in respect of Products Recall and Architects Errors and Omissions Insurance, it is specifically understood and agreed that no such coverage shall be provided hereunder.

It is further understood and agreed that this Policy shall not apply to any loss which would have been covered by the scheduled underlying policies, except for the deductible provisions contained therein.

All other terms and conditions of the Policy remaining unchanged.

Dated, London, 28th June, 1977.
MLS/je

WRG      0648

00731

ADDENDUM

Attaching to and forming part of Policy No. 76DD1594C

Issued to:        W.R. GRACE & COMPANY

It is understood and agreed that with effect from 13th June, 1979, coverage is provided hereon in respect of Joint Venture known as "Fort Berthold Indian Reservation".

It is further understood and agreed that the "Joint Venture Clause" contained in Addendum No. 5 of the policy shall not apply to the above.

All other terms and conditions of the Policy remaining unchanged.

DB/lc

25.1.80                    L310700520DS
                                DIRECTOR
H. S WEAVERS (UNDERWRITING) AGENCIES LTD

60732

652

## ADDENDUM        77DD6248C

Attaching to and forming part of Policy No. _____ 76ID1594C _____

of _____ CERTAIN INSURANCE COMPANIES. _____

Issued to ___ A/C ___ W.R. GRACE AND COMPANY AND/OR SUBSIDIARY, ASSOCIATED, AFFILIATED COMPANIES OWNED CONTROLLED AND/OR MANAGED COMPANIES AS NOW HEREINAFTER CONSTITUTED.

It is understood and agreed that the instalment premium of U.S.$368,000.00 has been received hereon in respect of the 12 month period commencing 30th June, 1977.

All other terms and conditions of the Policy remaining unchanged.

Dated, London, _____ 19th December, _____ 19 77

FORM 87        MLS/ch

DIRECTOR
H.S. WEAVERS (UNDERWRITING) AGENCIES LTD.

C0733

## WARRANTY

It is hereby warranted by the Assured that Physical Damage coverage is maintained for 100% values in respect of all Highly Protected Risk properties and that a blanket block policy for $50,000,000.00 excess of a $1,000,000 deductible is maintained for all other real property; all property in the Assured's care, custody or control being covered by such policies.

09734

.67.

# W.R. GRACE & CO.

## SCHEDULE OF UNDERLYING INSURANCE

| COVERAGE | LIMIT | | CARRIER |
|---|---|---|---|
| a) General/Products Liability (including watercraft) | Bodily Injury | $1,000,000 each occurrence $3,000,000 Aggregate Products only | C.N.A. |
| | Property Damage | $1,000,000 each occurrence $3,000,000 Aggregate Products only | C.N.A. |
| b) Employee Benefit Liability | | $ 250,000 each Claim $ 750,000 Annual Aggregate | C.N.A. |
| c) Care Custody or Control | | $1,000,000 each occurrence | Self insured with C.N.A. handling claims in first $200,000 |
| d) Advertisers | | $ 250,000 each occurrence | C.N.A. |
| e) Automobile Liability | Bodily Injury | $1,000,000 each occurrence | C.N.A. |
| | Property Damage | $1,000,000 each occurrence | C.N.A. |
| II EMPLOYERS LIABILITY: | | | |
| a) Mace Fork Coal Corporation | | $ 500,000 each Employee $ 500,000 each Accident | Old Republic Insurance Co. |
| b) Employer's Liability including Occupational Disease | | $ 100,000 each Employee $ 100,000 each Accident | C.N.A. |
| Amendment of Coverage B Maritime (Jones Act) | Bodily Injury by Accident | $ 250,000 each Employee $ 500,000 each Accident | C.N.A. |
| | Bodily Injury by Disease | $ 250,000 each Employee $ 500,000 Aggregate Disease (Per State) | |

00735

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| ) United States Federal Long-Shoremens' and Harbor Workers' Act | $ 250,000 each Employee<br>$ 500,000 each Accident | C.M.A. |
| II AIRCRAFT LIABILITY (Excluding Non-Ownership) | $10,000,000 Combined Single Limit including Voluntary Settlements of $100,000 per person – including crew (part of and not in addition to the $10,000,000 Limit) | United States Aircraft Insurance Group |
| ) Care, Custody or Control | $ 1,000,000 (in respect of hangers, buildings or other property or contents thereof not owned by the Assured, except if required by lease or other agreement or if insurance is purchased). | United States Aircraft Insurance Group |
| ) Non-Ownership Hull Liability | $ 5,000,000 per occurrence | United States Aircraft Insurance Group |
| ) Aircraft Non-Ownership Liability | $ 10,000 Combined Single Limit | United States Aircraft Insurance Group |
| : CHARTERER LIABILITY | I.  $ 2,000,000 damage to vessel and cargo<br>$ 2,000,000 Demurrage and removal of wreck<br>$ 2,000,000 collision (third party) including Demurrage<br>$ 2,000,000 per person<br>$ 2,000,000 each occurrence Third Party Bodily Injury Liability including liability to Crew to Chartered vessels. | Arkwright-Boston Manufacturers Insurance Company |
| P.H. AND G. ASSOCIATES, INC. AND HENRY HENNER L SONS INC.<br>e) Insurance Brokers Errors and Omissions Coverage | II.  $100,000 each claim<br>$300,000 aggregate;<br>$ 2,500 deductible per claim<br>$150,000 each claim<br>$200,000 aggregate excess of I above | EMPLOYERS |
| | III.  Buffer layer to $1,000,000 per claim and aggregate | REINSURANCE CORP |

WRG    0653

00736

| PAGE | | LIMIT | | CARRIER |
|---|---|---|---|---|
| b) Excess Insurance Brokers Errors and Omissions Coverage | | | $ 4,000,000 per claim and aggregate excess of<br>$ 1,000,000 per claim and aggregate | North River Insurance Company |
| ELECTRONIC DATA<br>Processors Errors and Omissions | | | $1,000,000 any one occurrence | |
| FOREIGN INSURANCE | | | | |
| A) Automobile Liability (Non-Ownership) - Worldwide excluding U.S.A. and Iron Curtain Countries | Bodily Injury<br>Property Damage | $<br>$ | 250,000 each person<br>1,000,000 each accident<br>250,000 each accident | United States Fidelity and Guaranty Company |
| B) Grace Petroleum Corpn.<br>Libya | | | | |
| 1. General Liability | Bodily Injury<br>Property Damage | $<br>$<br>$ | 300,000 each occurrence<br>250,000 each occurrence<br>300,000 Annual Aggregate | New Hampshire Insurance Company |
| 2. Automobile Liability | Bodily Injury<br>Property Damage | $<br>$<br>$ | 250,000 each person<br>300,000 each occurrence<br>250,000 each occurrence | New Hampshire Insurance Company |
| 3. Employers' Liability | | $<br>$ | 250,000 each person<br>250,000 each accident | New Hampshire Insurance Company |
| C) Hraco International Inc.<br>Mexico | | | | |
| 1. General Liability | Bodily Injury<br>Property Damage | $<br>$<br>$<br>$ | 250,000 each occurrence<br>500,000 Annual Aggregate<br>250,000 each occurrence<br>250,000 Annual Aggregate | Calvert Fire Insurance Company |
| 2. Automobile Liability<br>(Hired Car & Ownership) | Bodily Injury<br>Property Damage | $<br>$<br>$ | 250,000 each person<br>500,000 each occurrence<br>250,000 each occurrence | Calvert Fire Insurance Company |
| 3. Employer's Liability | | $ | 250,000 | Calvert Fire Insurance Company |

WRG    0654

C0737
.875

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| D) Grace y Cia-Peru Employer's Liability | $ 250,000 each person<br>$ 500,000 each person | Commercial Insurance Company of Newark, New Jersey |
| E) Federation Chemicals Ltd, et al | | |
| 1. General Liability including owned watercraft (30 feet or less) | Bodily Injury $ 250,000 each person<br>$ 1,000,000 each accident<br>$ 1,000,000 Aggregate Products<br><br>Property Damage $ 1,000,000 each accident<br>$ 1,000,000 Aggregate-Operations, Protective, Products and Contractual Liability | American International Underwriters |
| 2. Automobile Liability (Non-Owned and Hired Car) | Bodily Injury $ 250,000 each person<br>$ 1,000,000 each accident<br>Property Damage $ 500,000 each accident | American International Underwriters |
| 3. Employers Liability | $ 500,000 each accident | Commercial Insurance Company of Newark, New Jersey |
| F) W. R. Grace & Co./Appliance Industry - Mexico | | |
| Automobile Liability | $ 250,000 Combined Single Limit for Bodily Injury and Property Damage excess and Difference in Conditions over Mexican National Policy. | Aetna Insurance Company |

WRG    0655

N. —35446

00783

**COVER NOTE**

C. T. BOWRING & CO. (INSURANCE) LTD.

P.O. Box 145, The Bowring Building, Tower Place, London, EC3P 3BE

This is to certify that we have effected Coverage as follows:-

—5th August, 19 76

UMBRELLA LIABILITY.

Wording as agreed by Underwriters (Joint Venture Exclusion deleted) and including Employee Benefit following scheduled underlying only, but excluding claims resulting from E.R.I.S.A. (1974).

**ASSURED** W.R. GRACE & COMPANY ET AL AND/OR SUBSIDIARY, ASSOCIATED, AFFILIATED COMPANIES OWNED CONTROLLED AND/OR MANAGED COMPANIES AS NOW HEREINAFTER CONSTITUTED, AND/OR ORGANIZATIONS, OWNED CONTROLLED AND/OR COMPANIES AS NOW OR HEREINAFTER CONSTITUTED.

**PERIOD** 36 months at 30th June, 1976.

**INTEREST** Coverage in respect of Assureds Operations.

**SUM INSURED** 80% of $5,000,000 each occurrence (Aggregate Products and Occupational Disease) excess of
(A) The Amount Covered under Underlying Insurances as attached, or
(B) $100,000 each occurrence in respect of losses not covered by said Underlying Insurances (U.S.A. and Canada) but $250,000 in respect of foreign subsidiaries or insured primaries whichever the greater.

**SITUATION** Worldwide.

**CONDITIONS** N.M.A. 1685 (JOINT VENTURE COVERAGE— W.R. GRACE )
N.M.A. 1685, except in respect of Oil and Gas operations which subject to
N.M.A. 1683 other than operations on, over, or under water which subject to
N.M.A. 1684,
Service of Suit Clause (U.S.A.).
60 Days Cancellation Clause.

**PREMIUM** 80% of Minimum and Deposit $1,230,000 (Payable 1/3rd annually) adjustable annually at 0.1107 per thousand dollars gross sales.
F  80% of  Plus Additional Premium $50,000 annual in respect of Part II Exclusions (A) (B) (C).

Less 4% Federal Excise Tax.

**INFORMATION** As over.

**hereon** COMPANIES (as attached) 100.00%

National Agencies Inc.,
1221 Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

C. T. BOWRING & CO. (INSURANCE) LTD

DEPARTMENTAL MANAGER

WRG    0656

N.B.- Please examine the above carefully, and if incorrect or if you do not accept the security please advise us immediately.

FORM AO 10¢.

No. 35446

03739    CONTINUATION SHEET

INFORMATION ✓ Assureds operations are basically involved in 3 areas being:-
  (1) Chemicals which total 50% and are split 28% industrial and
   speciality goods, 7% packaging and plastics, 15% agricultural.
  (2) Consumer Products which total 45% and split 13% fashion and
   leisure, 13% consumers services, 19% packaged foods.
  (3) Natural resources being 5%.

Estimated annual sales 1976 $3,625,000,000 1977 $3,700,000,000,
1978 $3,200,000,000. Annual payroll $400,893,100 1976. No manufacturing.
packaging or relabelling of pharmaceutical products by the Assured.
See memo 7th May, 1976 regarding limited mining exposures and information
agreed 19th May, 1976 regarding aviation products exposure. Joint Venture
involvement as per separate sheet. Warranties, additional exclusions and
schedule as attached.

100.00% (19.05% WALBROOK INSURANCE COMPANY LIMITED
   (13.42% "WINTERTHUR" SWISS INSURANCE COMPANY
   (17.32% MUTUAL REINSURANCE COMPANY LIMITED
   ( 4.32% ST. KATHERINE INSURANCE COMPANY LIMITED (X A/c)
   ( 8.66% LONDON & EDINBURGH GENERAL INSURANCE COMPANY LIMITED
   (11.25% BERMUDA FIRE & MARINE INSURANCE COMPANY LIMITED
   ( 8.66% YASUDA FIRE & MARINE INSURANCE COMPANY (UK) LIMITED
   (17.32% ST. KATHERINE INSURANCE COMPANY LIMITED ✓

100.00%

*ABOVE AMENDED AS FOLLOWS*

100.00% ( 32.47% WALBROOK INSURANCE COMPANY LIMITED
   ( 17.32% MUTUAL REINSURANCE COMPANY LIMITED
   ( 12.98% ST KATHERINE INSURANCE COMPANY LIMITED
             ( X A/C)
   ( 19.91% BERMUDA FIRE AND MARINE INSURANCE
       COMPANY LIMITED
   ( 17.32% ST. KATHERINE INSURANCE COMPANY LIMIT

HEREON  100.00

FORM A.D.103
No. 35446

·00700·   CONTINUATION SHEET

EXCLUSIONS (ADDITIONAL TO FORM)

W. R. GRACE

·1678·

PART I

Property Damage Arising From:-

(A) (1) Erroneous delivery of seeds, erroneous substitution of one seed for another, or mislabeling of seeds;
    (2) Cross pollination;
    (3) Germination failure;
    (4) The presence of noxious weed seed;
    (5) Natural shrinkage of grain
    (6) Loss of and/or damage and/or deterioration from delay or from moisture content or grain;
    (7) Commingling of grain;

(B) (1) To liability arising under any policy of insurance or reinsurance;
    (2) To liability arising out of the issuance, non-issuance, declination or cancellation of, or the imposition of special terms to any policy of insurance or reinsurance;

(C) In respect of oil/gas drilling and/or exploration operations:-

            (i)  cost of control of any oil/gas well
            (ii) loss of hole and/or in hole equipment.

PART II

(A) Charterers liability;
(B) Safe berthing of any marine vessel;
(C) Marine vessels in Assureds C.C.C.;
(D) Non-owned watercraft liability;
(E) Contractual;
(F) Incidental malpractice;
(G) In respect of oil/gas drilling and/or exploration operations:-

            (i)  explosion, blowout and/or cratering
            (ii) underground P.D. not already excluded by N.M.A. 1683/4/5;

(H) Data processors E and O;
(I) Liability resulting from ownership, maintenance and/or operations of any dock, wharf and/or quay facility;
(J) Insurance brokers errors and omissions.

FORM A.D.185    No. 35446

69791    CONTINUATION SHEET

## WARRANTIES    W.R. GRACE UMBRELLA

✓(1)  Notwithstanding scheduled underlying policies contain limits in respect of products recall and architects E and O, no coverage provided hereon.

✓(2)  Physical damage coverage maintained for 100% values in respect of all H.P.R. properties and blanket block policy for $50,000,000 excess $1,000,000 deductible maintained for all other real property, all property in Assureds C.C.C. covered by such policies.

✓(3)  No step down excess of S.I.R. hereon in the event of any loss not being covered by scheduled primaries due to deductible contained therein.

WRG    0659

FORM A0.133
No. 25446

99792

## JOINT VENTURES INFORMATION - W.R. GRACE

(1) ~~Hester Hanna and Grascal Inc. D/B/A Colorvo Coal Company which is a 50/50 partnership between W.R. Grace and Hanna Mining and is engaged in a surface mining venture in a generally remote area of Colorado. Presently only exploration work is being performed.~~ AS PER H.K.O.

(2) Trinidad Nitrogen Co.Ltd. a Joint Venture between the Goverment of Trinidad and Tobago and W.R. Grace for the operation of an Hydrous Ammonia facility at Point Lisas Trinidad.

(3) U.S. Steel - Construction and operation of a Phosphoric Acid Plant and two Sulfuric Acid Plants in Bartov Florida. This a 50/50 partnership.

(4) Oklahoma Nitrogen Company a Joint Venture partnership consisting of Woodward Chemicals Corporation which is a 100% owned subsidiary of W.R. Grace who will have a 50% ownership, Terra Chemicals International and Gulf Oil Chemicals Company each with a 25% interest in a Hydrous Ammonia facility in Woodward, Oklahoma. In each of the aforementioned Grace acts as operator and has assumed liability of partners largely contribute capital only. These interests are covered as additonal insureds under scheduled primary insurance.  Grace is currently asking each operating subsidiary/division to advise if there are any additonal situations where they are required to afford coverage for the interest of the partner. In advance of receipt of this information Grace has asked that we request 30 days automatic coverage beyond 30th June allowing time to indentify any situation where Grace is ~~contractually~~ required to provide cover for any partner.

Agree EIA 1687 does not apply in respect of above mentioned Joint Ventures.

Subject  W.R. Grace responsible for 100% of insurance programme and coverage provided hereon not afforded under any other policy.

FORM AD-119

No. 35446

00793

GRACE & CO.

SCHEDULE OF UNDERLYING INSURANCE

| COVERAGE | | LIMIT | CARRIER |
|---|---|---|---|
| 1. | | | |
| a) General/Products Liability (including watercraft) | B.I. | $1,000,000 each occ. $2,000,000 Aggregate Products only. | C.N.A. |
| | P.D. | $1,000,000 each occ. $2,000,000 Aggregate Products only. | C.N.A. |
| b) Employee Benefits | | $ 250,000 each Claim $ 750,000 Annual Aggregate | C.N.A. |
| c) Care Custody & Control | | $1,000,000 each Occurrence | Self Insured with C.N.A. Handling claims in first $200,000 |
| Advertisers Liability | | $ 250,000 each Occurrence | C.N.A. |
| Automobile Liability | B.I. | $1,000,000 each Occurrence | C.N.A. |
| | P.D. | $1,000,000 each Occurrence | C.N.A. |

FORM A... No 35446

00791

CONTINUATION SHEET

.. 882

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| EMPLOYERS LIABILITY: | | |
| a) Race Fork Coal Corporation | $500,000 each Employee<br>$500,000 each Accident. | Old Republic |
| b) Employer's Liability including Occupational Disease | 500,000<br>$~~100,000~~ each Employee<br>~~100,000~~ each Accident.<br>500,000 | C.N.A. |
| c) Amendment of Coverage B Maritime (Jones Act) | Bodily Injury by Accident<br>$250,000 each Employee<br>$500,000 each Accident<br>Bodily Injury by Disease<br>$250,000 each Employee<br>$500,000 Aggregate Disease<br>(Per State) | C.N.A. |
| d) U.S. F.L. & H.W.A. | $250,000 each Employee<br>500,000 each Accident | C.N.A. |
| III AIRCRAFT LIABILITY<br>(Excluding Non-Ownership) | $10,000,000 CSL including Voluntary Settlements of $100,000 per person- including crew (part of and not in addition to the $10,000,000 Limit). | U.S.A.I.G. |
| a) Care, Custody or Control | $1,000,000 (with respect of hangars Buildings or other property or contents thereof not owned by Insured except if required by lease or other agreement or if insurance is purchased). | U.S.A.I.G. |
| b) Non-Ownership Hull Liability. | $5,000,000 per occurrence | U.S.A.I.G. |

No. 35116

00795 053

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| Aircraft Non-Ownership Liability | $10,000,000 CSL | U.S.A.I.G. |
| (IV) CHARTERS LIABILITY | $2,000,000 damage to vessel and ^ cargo $2,000,000 Demurrage and removal of wreck $2,000,000 collision (third Party) including demurrage $2,000,000 Each Person $2,000,000 Each Occurrence Third Party Bodily Injury Liability including liability to Crew of Chartered Vessel. | Arkwright-Boston Manufacturer Ins. Co. |
| V. P.M. & G. ASSOCIATES, INC. (AND HARRY HEINER & SONS INC.) a) Insurance Brokers Errors & Omissions Coverage SHOULD WE HAVE THIS ENTITY DELETED? | 1,000,000 $1,000,000 each claim and 500,000 aggregate 2,500 deductible per claim 5,000. $250,000 each claim 200,000 aggregate Buffer layer to $1,000,000 per claim and aggregate | Oregon Ins. Co. EMPLOYERS REINSURANCE CORPORATION Adriatic First State Ins.Co |
| b) Excess Insurance Brokers Errors and Omissions Coverage. | $4,000,000 per claim and aggregate | North River Ins.Co |
| VI. Electronic Data Processors Error and Omissions | $1,000,000 any one occurrence | |

WRG    0663

FORM AG-13
No _____ 35446

09796

| COVERAGE | LIMIT | | CARRIER |
|---|---|---|---|

**FOREIGN INSURANCE**

| A) | Automobile Non-Ownership Worldwide excluding U.S.A. and Iron Curtain Countries | B.I. | $250,000 each person $1,000,000 each accident | U.S.F. & G. |
| | | P.D. | $250,000 each accident | |

B) Grace Petroleum Corp. Libya.

| 1. | General Liability | B.I. | $300,000 each occurrence | New Hampshire Ins. Co. |
| | | P.D. | $250,000 each occurrence $300,000 Annual Aggregate | |

| 2. | Automobile Liability | B.I. | $250,000 each person $300,000 each occurrence | New Hampshire Ins. Co. |
| | | P.D. | $250,000 each occurrence | |

| 3. | Employer's Liability | | $250,000 each person $250,000 each accident | New Hampshire Ins. Co. |

C) Homco International Inc. Mexico.

| | General Liability | B.I. | $250,000 each occurrence $500,000 Annual Aggregate | Calvert Fire Ins. Co. |
| | | P.D. | $250,000 each occurrence $250,000 Annual Aggregate | |

| 2. | Automobile Liability (Hired Car & Ownership) | B.I. | $250,000 each person $500,000 each occurrence | Calvert Fire Ins. Co. |
| | | P.D. | $250,000 each occurrence. | |

| 3. | Employer's Liability | | $250,000 | Calvert Fire Ins. Co. |

FORM A.2.19    No. 35446                    00797                    CONTINUATION SHEET

_.855

| COVERAGE | LIMIT | CARRIER |
|---|---|---|

D) race y Cia-Peru

   Employer's Liability    $250,000 each person    Comm'l Ins.Co.of Newark N.J.
                             $500,000 each person

E)  Federation Chemicals Ltd. etal

1.  General Liability including    B.I.$250,000 each person    A.I.U.
   owned watercraft (30 feet    $1,000,000 each accident
   or less).    $1,000,000 Aggregate Products

                              P.D.$1,000,000 each accident
                                $1,000,000 Aggregate-Operations,
                                   Protective, Products
                                   & Contractual

2.  Automobile Liability    B.I.$250,000 each person    A.I.U.
   (Non-Owned & Hired Car)    $1,000,000 each accident

                              P.D.$500,000 each accident    A.I.U.

3.  Employers Liability    $500,000 each accident    Comm'l Ins.Co. of Newark N.J.

   W.R. Grace & Co./Appliance
   Industry - Mexico

   Automobile Liability    $250,000 C/S/L for B.I. & P.D.    Aetna Ins.Co.
                               excess & D.I.C. over Mexican
                               National Policy.

WRG    0665

COPY ADDENDUM                    00798

Attaching to and forming part of Cover Note/Certificate No._____25446_____

Re _____A/C W. R. GRACE AND COMPANY ET AL_____

The following amendments and/or corrections to this Cover Note
take effect from inception:-

ASSURED:        W. R. GRACE AND COMPANY AND/OR SUBSIDIARY, ASSOCIATED,
                AFFILIATED COMPANIES AND/OR ORGANISATIONS, OWNED
                CONTROLLED AND/OR MANAGED COMPANIES AS NOW OR HEREINAFTER
                CONSTITUTED.

PREMIUM:        Additional Premium in respect of Part II Exclusions
                (A) (B) (C) to read as:-
                hereon 80% of $50,000 annual

With respect to the Schedule of Exclusions (ADDITIONAL TO FORM)
attached to and made part of this Cover Note the following is
amended to read as follows:-

PART II (G)(ii) Underground Property Damage not already excluded
                by N.M.A. 1683 and N.M.A. 1684.

ITEM (IV)       Of the Schedule of Underlying Insurance CHARTERERS
                LIABILITY is corrected to read (in the first line only)
                as follows:-

                $2,000,000 damage to vessel and cargo

PREMIUM (V)(x) Of the Schedule of Underlying Insurance P. M. & G
                ASSOCIATES INC AND HARRY HENNER AND SONS INC., Insurance
                Brokers Errors and Omissions Coverage:-

                Policies issued by Oregon Insurance Company/ADRIATICA/
                FIRST STATE INSURANCE COMPANY are Replaced by EMPLOYERS
                REINSURANCE CORPORATION.

All other terms and conditions of the Cover Note/Certificate remaining unchanged.    Contd.....

Dated, London, _____19

                                C. T. BOWRING & CO. (INSURANCE) LTD.

                                DEPAR.              ANAGER

Form AO.187/188

WRG    0666

<u>COPY</u> ADDENDUM                    C9799

Attaching to and forming part of Cover Note/Certificate No. ___35446___

Re _____ A/C W. R. GRACE AND COMPANY ET AL _____

                                                    ~1659

        The Schedule of participating Insurance Companies are
        amended as follows:-

        100%   ( 32.47%     WALBROOK INSURANCE COMPANY LIMITED
               ( 17.32%     MUTUAL REINSURANCE COMPANY LIMITED
               ( 12.98%     ST KATHERINE INSURANCE COMPANY LIMITED (X A/C)
               ( 19.91%     BERMUDA FIRE AND MARINE INSURANCE COMPANY LIMITED
               ( 17.32%     ST KATHERINE INSURANCE COMPANY LIMITED

        100%

        Cover Note and Addendum issued to:-

                NATIONAL BROKERAGE AGENCIES, INC.,
                85 John Street
                New York, New York 10038, U.S.A.

        in lieu of as formerly stated.

All other terms and conditions of the Cover Note/Certificate remaining unchanged.

Dated, London, ____3rd March_____1977
                    jb
                    New York                    C. T. BOWRING & CO. (INSURANCE) LTD.

                                                DEPARTMENTAL MANAGER

Form AD.187/186

                                                WRG   0667

# ·BOWRING

*Attaching to and forming part of Cover Note no.* ⌐⌐⌐⌐    ⌐⌐⌐⌐⌐ ⌐⌐

C. T. BOWRING & CO. (INSURANCE) LTD.
Lloyd's Brokers
AMERICAN NON-MARINE DIVISION

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

| | |
|---|---|
| P.O. BOX 145, | TELEPHONE: 01-283 3100 |
| THE BOWRING BUILDING, | TELEGRAMS: BOWINSUR |
| TOWER PLACE, | LONDON EC3 |
| LONDON, EC3P 3BE | TELEX: 882191 |
| (Registered Office) | Registered No. 78170 London |

8

Date    4th October, 1977

VAT No. 244 2517 79

In accordance with Instructions we have amended cover as follows:

00090

A/C:    W.R. GRACE AND CO., AND/OR SUBSIDIARY, ASSOCIATED,
        AFFILIATED COMPANIES AND/OR ORGANISATIONS, OWNED,
        CONTROLLED AND/OR MANAGED COMPANIES AS NOW OR
        HEREINAFTER CONSTITUTED

Effective inception, the Schedule of Underlying Insurance is
amended as follows:-

II    EMPLOYERS LIABILITY

    (b) Employers Liability including Occupational Disease

        LIMIT   -   $500,000 each Employee
                    $500,000 each Accident

        CARRIER -   C.N.A.

From inception, the amendments to Joint Venture Coverage are
as follows:-

In respect of any co-venture or partnership where:-

    (A) The Assured's financial interest is at least 50%.
    (B) The Assured has sole responsibility for the management
        and operation.
    (C) The Assured's is obligated to provide full insurance.

The Joint Venture Clause N.M.A. 1687 shall not apply.

Notwithstanding the foregoing, any future contractual agreement
issued by the Assured to it's co-venturers or partners, will specify
that the insurance provided by the Assured's Insurers shall be the
sole and exclusive protection afforded to any and all members of such
ventures.

RECEIVED

OCT 11 1977

All Other Terms and Conditions Remaining Unchanged

C.T. BOWRING & CO. (INSURANCE) LTD.

Marsh & McLennan Inc.,
1221 Avenue of the Americas,
NEW YORK, N.Y. 10020,
U.S.A.

Director

WRG    0668

# BOWRING

Attaching to and forming part of Cover Note No. ........... (Companies)

## C. T. BOWRING & CO. (INSURANCE) LTD.
Lloyd's Brokers
AMERICAN NON-MARINE DIVISION

Please examine this document carefully and advise us immediately if it is incorrect or does not meet your requirements.

689

| | |
|---|---|
| P.O. BOX 145, | TELEPHONE: 01-283 3100 |
| THE BOWRING BUILDING, | TELEGRAMS: BOWINSUR |
| TOWER PLACE, | LONDON EC3 |
| LONDON, EC3P 3BE | TELEX: 882181 |
| (Registered Office) | Registered No. 76170 London |

Date  4th October, 1977

VAT No. 244 2817 79

In accordance with instructions we have amended cover as follows:

00301

A/C:  W.R. GRACE AND CO., AND/OR SUBSIDIARY, ASSOCIATED,
AFFILIATED COMPANIES AND/OR ORGANISATIONS, OWNED,
CONTROLLED AND/OR MANAGED COMPANIES AS NOW OR
HEREINAFTER CONSTITUTED

Effective inception, the Schedule of Underlying Insurance is
amended as follows:-

II  EMPLOYERS LIABILITY

(b) Employers Liability including Occupational Disease

LIMIT  -  $500,000 each Employee
$500,000 each Accident

CARRIER -  C.N.A.

From inception, the amendments to Joint Venture Coverage are
as follows:-

In respect of any co-venture or partnership where:-

(A) The Assured's financial interest is at least 50%.
(B) The Assured has sole responsibility for the management
and operation.
(C) The Assured's is obligated to provide full insurance.

The Joint Venture Clause N.M.A. 1687 shall not apply.

Notwithstanding the foregoing, any future contractual agreement
issued by the Assured to it's co-venturers or partners, will specify
that the insurance provided by the Assured's Insurers shall be the
sole and exclusive protection afforded to any and all members of such
ventures.

Marsh & McLennan Inc.,
1221 Avenue of the Americas,
NEW YORK, N.Y. 10020,
U.S.A.

All Other Terms and Conditions Remaining Unchanged

C. T. BOWRING & CO. (INSURANCE) LTD.

_____ Director

C9362

# Bowring

**COPY ADDENDUM**
*Attaching to and forming part of Cover Note No.* 71635

C. T. BOWRING & CO. (INSURANCE) LTD.
Lloyd's Brokers
AMERICAN NON-MARINE DIVISION

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

| | |
|---|---|
| P.O. BOX 145, | TELEPHONE: 01-283 3100 |
| THE BOWRING BUILDING, | TELEGRAMS: BOWINSUR |
| TOWER PLACE, | LONDON EC3 |
| LONDON, EC3P 3BE | TELEX: 882181 |
| (Registered Office) | Registered No. 76170 London |

Date 6th October, 1977

VAT No. 244 2517 78

In accordance with instructions we have amended cover as follows:

A/C:   W.R. GRACE AND CO., AND/OR SUBSIDIARY, ASSOCIATED,
AFFILIATED COMPANIES AND/OR ORGANISATIONS, OWNED,
CONTROLLED AND/OR MANAGED COMPANIES AS NOW OR
HEREINAFTER CONSTITUTED

Effective inception, the Schedule of Underlying Insurance is
amended as follows:-

II EMPLOYERS LIABILITY

(b) Employers Liability including Occupational Disease

LIMIT = $100,000 each Employee
$100,000 each Accident

CARRIER = C.N.A.

From inception, the amendments to Joint Venture Coverage are
as follows:-

In respect of any co-venture or partnership therein:-

(A) The Assured's financial interest is at least 50%.
(B) The Assured has sole responsibility for the management
and operation.
(C) The Assured's is obligated to provide full insurance.

The Joint Venture Clause N.M.A. 1837 shall not apply.

Notwithstanding the foregoing, any future contractual agreement
issued by the Assured to it's co-venturers or partners, will specify
that the insurance provided by the Assured's Insurers shall be the
sole and exclusive protection afforded to any and all members of such
venture.

All Other Terms and Conditions Remaining Unchanged

Marsh & McLennan Inc.,
1221 Avenue of the Americas,
New York, N.Y. 10020,
U.S.A.

C. T. BOWRING & CO. (INSURANCE) LTD.

WRG   0670

# Bowring

Attaching to and forming part of Cover Note No._____

C. T. BOWRING & CO. (INSURANCE) LTD.
Lloyd's Brokers
AMERICAN NON-MARINE DIVISION

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

P.O. BOX 145,                   TELEPHONE: 01-283 3100
THE BOWRING BUILDING,           TELEGRAMS: BOWINSUR
TOWER PLACE,                                LONDON EC3
LONDON, EC3P 3BE                TELEX: 882111               Date _____ 7th February, 1978.
(Registered Office)             Registered No. 78170 London

VAT No. 244 2517 73

In accordance with instructions we have amended cover as follows:

A/C W.R. GRACE AND COMPANY AND/OR SUBSIDIARY, ASSOCIATED,
AFFILIATED COMPANIES AND/OR ORGANISATIONS, OWNED, CONTROLLED
AND/OR MANAGED COMPANIES AS NOW OR HEREINAFTER CONSTITUTED

Effective at 3rd June, 1976 the Schedule of Underlying Insurance (Section V)
is amended as follows:-

        (a)  Insurance Brokers Errors and Omissions Coverage
             $1,000,000 each claim
             $1,000,000 aggregate
             $    5,000 deductible per claim
        Carrier:- Employers Reinsurance Corporation.

        (b)  Excess Insurance Brokers Errors and Omissions Coverage
             $4,000,000 each claim
             $4,000,000 aggregate
        Carrier:- North River Insurance Company.

Effective at 1st January, 1977 it is understood that the Named Assured includes
the following acquisitions:-

                    HANDYCITY
                      AND
                    AD CRAFT INC.

Effective date to be agreed the following entities are added hereto:

1) TIDI PRODUCTS - a manufacture and distributor of disposable
                   medical and dental supplies. Located in Pomona,
                   California.

2) CHANNEL COMPANIES INC. - New Jersey and Pennsylvania based
                            retailer of home improvement products,
                            product for sale include tools, panneling and
                            paint. No known manufacturing involved
                            in this acquisition.

All Other Terms and Conditions Remaining Unchanged

C. T. BOWRING & CO. (INSURANCE) LTD.

National Brokerage Agencies Inc.
85, John Street,
New York
New York 10038
U.S.A.

WRG      0671

00304

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

.. 632

3) EL TORITO LA FIESTA        West Coast based restaurant chain
   RESTAURANTS U.S. -         specializing in Mexican food.

and the following divestments were made:-
GRACE FORE COAL COMPANY - Coal Mine Operation
AMERICAN CARRY PRODUCTS COMPANY.

Premium to be included in annual adjustment

It is understood that Condition (B) of the attached agreement (amendment for
co-venturers of partnerships) shall not apply in respect of Assured's joint
venture
with Logan Industrial Enterprises.

In respect of Assured's joint venture with Navajo Petroleum Company it is understood
that the Joint Venture Clauses N.M.A. 1687 shall not apply and that coverage
under all of W.R. GRACE umbrella policies will afford a maximum of $10,000,000
coverage in respect of the interest of Navajo Petroleum Company.

.. ...nal Brokerage Agencies Inc.
85, John Street,
New York
New York 10033
U.S.A.

WRG    0672

# BOWRING

Attaching to and forming part of Cover Note    77440

00305

**C.T. BOWRING & CO. (INSURANCE) LTD.**
Lloyd's Brokers
AMERICAN NON-MARINE DIVISION

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

-:633

| | |
|---|---|
| P.O. BOX 145. | TELEPHONE: 01-283 3100 |
| THE BOWRING BUILDING. | TELEGRAMS: BOWINSUR |
| TOWER PLACE. | LONDON EC3 |
| LONDON, EC3P 3BE | TELEX: 882131 |
| (Registered Office) | Registered No. 78170 London |

Date    5th October, 1977

VAT No. 244 2517 79

In accordance with instructions we have amended cover as follows:

## A/C  W.R. GRACE AND CO. ET AL.

Effective 29th July, 1977 GROUND HANGARKEEPERS LIABILITY
is added to the Schedule of underlying insurances.

LIMITS:      $2,000,000   each Aircraft
             $5,000,000   each Occurrence.

No.       Brokerage Agencies Inc.,
85 J.    Street,
New York,
New York 10038,
U.S.A.

All Other Terms and Conditions Remaining Unchanged.

C.T. BOWRING & CO. (INSURANCE) LTD.

Director

WAG    0673

PRODUCER'S CODE 31 550 920 MARSH & MC LENNAN
NAME AND LOCATION

PREVIOUS POLICY NUMBER XLX-1202930

POLICY PREFIX AND NUMBER **XLX-129  95  53**

BRANCH

0

CO. 31

COVERAGE PROVIDED
IN COMPANY DESIG-
NATED BY NUMBER

01 FIREMAN'S FUND
18 THE AMERICAN
07 NATIONAL SURETY

ITEM 1. INSURED'S NAME AND ADDRESS (NO., STREET, TOWN, COUNTY, STATE)

W. R. GRACE & CO.
1114 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036

POLICY PERIOD:

ITEM 2.

| 6/30/77 | 6/30/78 |
|---|---|
| INCEPTION (MO. DAY YR.) | EXPIRATION (MO. DAY YR.) |

12:01 A.M., STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN.

AGENT
PLEASE SHOW
RATE OF
COMMISSION

COMM.

| ITEM 3. | LIMIT OF LIABILITY: | | |
|---|---|---|---|
| | $ 2,000,000 | . EACH OCCURRENCE | P/O 25,000,000 |
| | $ 2,000,000 | . AGGREGATE | QUOTA SHARE |

| ITEM 4. | UNDERLYING INSURANCE LIMIT OF LIABILITY | |
|---|---|---|
| | $ 75,000,000 | . EACH OCCURRENCE |
| | $ 75,000,000 | . AGGREGATE |

| ITEM 5. | PREMIUM BASIS | ITEM 6. | |
|---|---|---|---|
| | FLAT CHARGE | ADVANCE PREMIUM: $ 6,000 | |
| $ | | ANNUAL MINIMUM PREMIUM: $ 6,000 | |

IN THE EVENT OF CANCELLATION BY THE NAMED INSURED, THE COMPANY SHALL RECEIVE AND RETAIN NOT LESS THAN $ 500.
AS THE POLICY MINIMUM PREMIUM.

ITEM 7. SCHEDULE OF UNDERLYING INSURANCE:

SEE END'T.

*XRX-136 2953*

## FOLLOWING FORM BLANKET EXCESS LIABILITY POLICY

The Company designated above, a stock insurance company, (herein called the Company) agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:

### INSURING AGREEMENTS

**1. Coverage.** To indemnify the Insured for the Insured's ultimate net loss in excess of the insurance afforded under the Blanket Excess Liability or "Umbrella" policies specified in Item 7 of the Declarations, hereafter called underlying insurance, in full force and effect at the inception of this policy, provided that the insurance for injury to or destruction of property under this policy and underlying policies shall not apply except as respects injury to or destruction of corporeal property, including loss of use thereof.

**2. Limit of Liability.** The Company shall be liable only for the limit of liability stated in Item 3 of the Declarations in excess of the limit or limits of liability of the applicable underlying insurance policy or policies all as stated in the declarations of this policy. The limit of the liability stated in the declarations as applicable to "each occurrence" shall be the total limit of the Company's liability for all damages sustained as the result of any one occurrence, provided, however, in the event of reduction or exhaustion of the applicable aggregate limit or limits of liability under said underlying policy or policies solely by reason of losses paid thereunder on account of occurrences during this policy period, this

policy shall in the event of reduction, apply as excess of the reduced limit of liability thereunder. Subject to the applicable limit of liability as respects each occurrence, the limit of liability stated in the declarations as "aggregate" shall be the total limit of the Company's liability for all damages sustained during each annual period of this policy.

**3. Policy Period.** This policy applies only to occurrences which take place during the policy period.

### DEFINITIONS

"Ultimate net loss" means all sums actually paid, or which the Insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for which insurance is afforded by this policy, after proper deduction of all recoveries or salvage.

### CONDITIONS

**1. Maintenance of Primary Insurance.** The Insured warrants, and it is a condition of this policy, that at the inception of this policy, insurance afforded by the underlying policies of insurance (apply-

(Continued on Page Two)

| COUNTERSIGNATURE DATE | COUNTERSIGNATURE OF AUTHORIZED AGENT |
|---|---|
| 6/3/77 PA | |

BLANKET EXCESS LIABILITY POLICY (FOLLOWING FORM) 5902—2-72

(Continued from Preceding Page)

ing as excess over various policies of primary insurance) with combined limits of liability for said underlying insurance stated in Item 4 of the declarations, or renewals or replacements thereof not affording coverages other than those at inception of this policy, shall be maintained in full effect during the period of this policy, except for reduction of aggregate limits solely as a result of payment of claims arising out of occurrences during this policy period. Such underlying insurance is not maintained in full effect by the Insured or if there is any change in the scope of coverage under any underlying insurance, the insurance afforded by this policy shall apply in the same manner as though such underlying policies had been so maintained and unchanged.

The insurance afforded by this policy is subject to the same warranties, terms (including the terms used to describe the application of the limits of liability), conditions and exclusions as are contained in the underlying insurance on the effective date of this policy, except, unless otherwise specifically provided in this policy, any such warranties, terms, conditions or exclusions relating to premium, the obligation to investigate and defend, the amount and limits of liability, and any renewal agreement.

**2. Notice of Occurance.** The Insured shall immediately advise the Company of any occurrence or disaster which will probably result in liability under this policy. The Company shall not, however, be called upon to assume charge of the settlement or defense of any claims made, or suits brought, or proceedings instituted against the Insured, but shall have the right and opportunity to be associated with the Insured in the defense and trial of any such claims, suits or proceedings relative to any occurrence which, in the opinion of the Company, may create liability on the part of the Company under the terms of the policy. If the Company avails itself of such right and opportunity, the Insured and the Company shall cooperate in all respects so as to effect a final determination of the claim or claims.

**3. Payment of Loss.** It is a condition of this policy that the insurance afforded under this policy shall apply only after all underlying insurance has been exhausted. Upon final determination by settlement, award or verdict of the liability of the Insured, the Company shall promptly pay the Insured as the Insured shall pay, or be required to pay, the amounts of any losses falling within the terms or limits of this insurance. All losses covered under this policy shall be due and payable by the Company within 30 days after they are respectively claimed and proof of loss filed with the Company in conformity with this policy. Bankruptcy or insolvency of the Insured shall not relieve the Company of any of its obligations hereunder.

**4. Payment of Expenses.** Loss expenses and legal expenses, including court costs and interest, if any, which may be incurred by the

Insured with the consent of the Company in the adjustment or defense of claims, suits or proceedings shall be borne by the Company and the Insured in the proportion that each party's share of loss bears to the total amount of said loss. Loss expense shall not include salaries and expense of the Insured's employees incurred in investigation, adjustment and litigation.

**5. Appeal.** In the event the Insured or any underlying insurer elects not to appeal a judgment in excess of the amount of the underlying insurance, the Company may elect to appeal at its expense and shall be liable for the expenses incidental thereto, but in no event shall the liability of the Company for ultimate net loss exceed the amount set forth in the policy plus the expenses incidental to such appeal.

**6. Subrogation.** In the event of any payment of this policy, the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

Any amount recovered as subrogation shall be apportioned in the inverse order of payment of loss to the extent of actual payment. The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries. If there is no recovery in proceedings conducted solely by the Company, the Company shall bear the expenses thereof.

**7. Premium.** The premium for this policy shall be computed upon the basis stated in the Declarations. The advance premium stated in the Declarations, unless otherwise specified is an estimated premium only. Upon termination of this policy the earned premium shall be computed and if the earned premium is more than the advance premium paid, the Named Insured shall pay the excess to the Company; if less, the Company shall return to the Named Insured the unearned portion, subject to the annual minimum premium stated in the Declarations for each twelve months of the policy period, and subject further to the policy minimum premium as stated in the Declarations.

**8. Cancellation.** This policy may be cancelled by either party upon 30 days' notice in writing to the other stating the date cancellation shall be effective. If cancellation is at the request of the Insured, adjustment of premium shall be at short rate, and if cancelled by the Company, adjustment shall be on a pro rata. However, in the event of cancellation or termination of the underlying insurance, this policy shall cease to be in force at the same time without notice to the Insured. Notice shall be given by the Company to the Insured at the address shown in the declarations. Payment or tender of unearned premium is not a condition of cancellation.

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

### (BROAD FORM)

It is agreed that the policy does not apply:

I. Under any Liability Coverage, to injury, sickness, disease, death or destruction

(a) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

II. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

(a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

(b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

(c) the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

III. As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or byproduct material;

"source material," "special nuclear material," and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating

(Continued from Preceding Page)

the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

IN WITNESS WHEREOF, FIREMAN'S FUND INSURANCE COMPANY has caused this Policy to be signed by its President and Secretary but this Policy shall not be valid unless countersigned by a duly authorized Agent of the Company.

SECRETARY

PRESIDENT

FINAL PAGE

## 3328971754

END'T. #2

IT IS AGREED, ITEM #7 OF THE DECLARATIONS, SCHEDULE OF UNDERLYING INSURANCE
IS COMPLETED TO READ AS FOLLOWS:

| | | |
|---|---|---|
| LONDON, NORTHBROOK | 5,000,000 | EXCESS PRIMARY |
| LONDON | 5,000,000 | EXCESS 5,000,000 |
| PRUDENTIAL RE | 5,000,000 | EXCESS 10,000,000 |
| LONDON, PRUDENTIAL RE | 10,000,000 | EXCESS 15,000,000 |
| LONDON<br>INS. CO. STATE OF PENN.<br>GRANITE STATE<br>FIRST STATE<br>HARTFORD<br>PRUDENTIAL RE<br>ZURICH | 25,000,000 | EXCESS 25,000,000 |
| NORTHBROOK, HOME | 25,000,000 | EXCESS 50,000,000 |

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| XLX-129 95 53 | W. R. GRACE & CO. | 6/30/77 |

FIREMAN'S FUND INSURANCE COMPANY
THE AMERICAN INSURANCE COMPANY
NATIONAL SURETY CORPORATION
ASSOCIATED INDEMNITY CORPORATION
AMERICAN AUTOMOBILE INSURANCE COMPANY

PRODUCER

COUNTERSIGNATURE OF AUTHORIZED AGENT

PRESIDENT

180001—1-65  SETS

3328971753

END'T. #1

ARCHITECTS, ENGINEERS OR SURVEYORS-PROFESSIONAL LIABILITY EXCLUSION

IT IS AGREED THAT THIS POLICY SHALL NOT APPLY TO ANY LIABILITY ARISING
OUT OF ANY PROFESSIONAL SERVICES PERFORMED BY OR FOR THE INSURED,
INCLUDING, BUT NOT LIMITED TO

(A) THE PREPARATION OR APPROVAL OF MAPS, PLANS, OPINIONS, REPORTS,
    SURVEYS, DESIGNS OR SPECIFICATIONS AND

(B) SUPERVISORY, INSPECTION OR ENGINEERING SERVICES.

ACCEPTED:_____
            NAMED INSURED OR EXECUTIVE OFFICER

| POLICY NUMBER | INSURED | EFFECTIVE |
|---|---|---|
| XLX-129 95 53 | W. R. GRACE & CO. | 6/30/77 |

FIREMAN'S FUND INSURANCE COMPANY
THE AMERICAN INSURANCE COMPANY
NATIONAL SURETY CORPORATION
ASSOCIATED INDEMNITY CORPORATION
AMERICAN AUTOMOBILE INSURANCE COMPANY

*Myron Du Bain*

PRESIDENT

PRODUCER

COUNTERSIGNATURE OF AUTHORIZED AGENT

180009—6-65 SETS