# EXHIBIT F
# PART 2

the Manville Trust since 1985 and has served as the President of Claims Resolution Management

Corporation, and thus has decades of experience with asbestos claims, including dealing with

asbestos exposure issues.

65.    Admit that the TDP does not preclude payments to Asbestos PI Claimants who

would not be paid in the tort system because their claims would be placed in a deferred or

suspense docket.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this

Request. Subject to that objection and the General Objections and Reservations of Rights set

forth above, admitted that the TDP does not preclude payments to Asbestos PI Claimants who

would not be paid in the tort system because their claims would be placed in a deferred or

suspense docket but clarified that claims placed in a deferred or suspense docket could

subsequently be removed from such docket and proceed to judgment.

66.    Admit that the TDP permit payment to Asbestos PI Claimants whose claims in the

tort system have been placed on a deferred or suspense docket.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this

Request. Subject to that objection and the General Objections and Reservations of Rights set

forth above, admitted to the extent that such Asbestos PI Claims otherwise satisfy the

requirements for payment under the TDP. Further clarified that the claims of Asbestos PI

Claimants placed in a deferred or suspense docket could subsequently be removed from such

docket and proceed to judgment.

67.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Ray

Harron.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. Ray Harron and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

68.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Andrew Harron.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. Andrew Harron and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

69.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. James Ballard.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims

diagnosed by Dr. James Ballard and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

70.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. George H. Martindale.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. George H. Martindale and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

71.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Barry Levy.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. Barry Levy and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards;

and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

72.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Todd Coulter.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. Todd Coulter and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

73.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. W. Allen Oaks.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. W. Allen Oaks and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

74.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Dominic J. Gaziano.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. Dominic J. Gaziano and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

75.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Edward H. Holmes.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. Edward H. Holmes and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

76.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Richard Smythe Kuebler.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. Richard Smythe Kuebler and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

77.     Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Richard P. Levine.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. Richard P. Levine and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

78.     Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Phillip H. Lucas.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims

diagnosed by Dr. Phillip H. Lucas and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

79.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Larry M. Mitchell.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. Larry M. Mitchell and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

80.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Robert A. Rosati.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. Robert A. Rosati and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards;

and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

81.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Mark A. Schiefer.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. Mark A. Schiefer and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

82.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Kevin Cooper.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. Kevin Cooper and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

83.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Glynn Hilbun.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. Glynn Hilbun and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

84.    Admit that the TDP permit payment of Asbestos PI Claims diagnosed by Dr. Jay T. Segarra.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The TDP does not expressly permit payment of Asbestos PI Claims diagnosed by Dr. Jay T. Segarra and further provides that (a) before making any payment to a claimant, the Asbestos PI Trust must have reasonable confidence that the medical evidence provided in support of the claim is credible and consistent with recognized medical standards; and (b) the Asbestos PI Trust, with the consent of the TAC and Futures Representative, may develop methods for auditing the reliability of medical evidence.

85.    Admit that the TDP creates disease criteria that are not consistent with standard medical practice.

**RESPONSE:** Denied.  The Debtors further respond by referring the Discovery Parties to the Report of Laura S. Welch, MD, FACP, FACOEM, served by the Asbestos PI Claimants' Committee on December 31, 2008.

86.     Admit that nothing in Section 7.15 of the Plan or elsewhere in the Plan Documents, or in the Confirmation Order, will bar or limit the defense to coverage by any Asbestos Insurance Entities that are not settled Asbestos Insurance Companies ("Non-Settled Insurers") that the Debtors and/or Reorganized Debtors breached their respective insurance policies or settlement agreements by propounding the Plan and/or including certain provisions therein.

**RESPONSE:**  Admitted except as otherwise provided in Section 7.15(g) of the Plan.  By way of further response, it should be noted that as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable, or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defenses.

87.     Admit that the language of Section 7.15 of the Plan stating that nothing in the Confirmation Order, the Plan, or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal or contractual rights, if any, in any respect is intended to extinguish any defense by Non-Settled Insurers that the Debtors have

breached their respective insurance policies or settlement agreements by propounding the Plan and/or including certain provisions therein.

**RESPONSE:** This Request is denied insofar as Section 7.15 of the Plan is intended to make the Plan and the Plan Documents insurance-neutral, except as otherwise provided in that section.

88.    Admit that the Debtors and/or Reorganized Debtors will not use the Confirmation Order, findings and any related court orders of a basis to seek payment from Non-Settled Insurers for Demands and/or Asbestos PI Claims that have not been paid to the holders of such Asbestos PI Claims or Demands, or to the extent such Asbestos PI Claims or Demands have not been paid in full.

**RESPONSE:** Objection. This Request calls for speculation about future conduct by other parties, which is not the proper subject of a Request for Admission under Federal Rule of Civil Procedure 36, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7036, or any other applicable rule. To the extent a further response is required, this Request is denied.

89.    Admit that any Claim for indemnity against Non-Settled Insurers will be limited to indemnity for Asbestos PI Claims that have actually been paid to the holder of those Asbestos PI Claims, and not for Asbestos PI Claims that have not been paid, or to the extent such Asbestos PI Claims have not been paid in full.

**RESPONSE:** Objection. This Request calls for speculation about future conduct by other parties, which is not the proper subject of a Request for Admission under Federal Rule of Civil Procedure 36, applicable to this proceeding by Federal Rule of Bankruptcy Procedure

7036, or any other applicable rule. To the extent a further response is required, this Request is denied.

90.    Admit that the Confirmation Order, findings and any related court orders cannot be used as evidence of, or in support of any argument that, the claim allowance criteria (medical, exposure, claim value, etc.) for Asbestos PI Claims that are included in the TDP are reasonable, appropriate or judicially approved.

**RESPONSE:** Denied. By way of further response, it should be noted that as set forth Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable, or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defenses.

91.    Admit that the Confirmation Order, findings and any related court orders cannot be used as evidence of, or in support of any argument that any payment to the Asbestos PI Trust is reasonable, appropriate or judicially approved.

**RESPONSE:** Denied. By way of further response, it should be noted that as set forth in Sections 7.15(a) and (f) of the Plan, and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan,

the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defenses.

92.     Admit that the Confirmation Order, findings and any related court orders cannot be used as evidence of, or in support of any argument that, the Debtors or the Reorganized Debtors have suffered an insured loss.

**RESPONSE:** Denied. By way of further response, it should be noted that as set forth in Sections 7.15(a) and (f) of the Plan, and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defenses.

93.     Admit that any Claims that a Non-Settled Insurer may have against a Settled Asbestos Insurance Company for contribution, subrogation or indemnification, as a result of having provided funds for any Asbestos PI Claim or any portion of the Asbestos PI Trust Assets, will be enjoined under the Plan.

**RESPONSE:** Denied. As described in the Plan, only Asbestos PI Claims and Successor Claims are channeled to the Asbestos PI Trust pursuant to the Asbestos PI Channeling Injunction.

94.    Admit that any Non-Settled Insurer that holds or may in the future hold a claim against any Settled Asbestos Insurance Company for contribution, subrogation or indemnification, as a result of having provided funds for any Asbestos PI Claim or any portion of the Asbestos PI Trust Assets shall be enjoined pursuant to Section 8.2 of the Plan from taking legal action against the Settled Asbestos Insurance Company for the purpose of seeking recovery related to such claim.

**RESPONSE:** Admitted insofar as non-settled insurers holding Asbestos PI Claims against Settled Asbestos Insurance Companies will be enjoined from pursuing such Claims against such Companies under the Asbestos PI Channeling Injunction, and their Asbestos PI Claims will be channeled to the Asbestos PI Trust, pursuant to such Injunction.

95.    Admit that claims for contribution against the Debtors or any other Protected Parties that a Non-Settled Insurer has or may have are channeled to the Asbestos PI Trust pursuant to the Asbestos PI Channeling Injunction.

**RESPONSE:** The Debtors object to this Request to the extent that it is vague and ambiguous because it is unclear whether "claims for contribution against the Debtors or any other Protected Parties" is referring to Asbestos PI Claims, Asbestos PD Claims, or another category of claims. Subject to that objection and the General Objections and Reservations of Rights set forth above, admitted as to Asbestos PI Claims and Successor Claims, which are channeled to the Asbestos PI Trust pursuant to the Asbestos PI Channeling Injunction. Denied as to Asbestos PD Claims, which are channeled to the Asbestos PD Trust pursuant to the Asbestos PI Channeling Injunction, and denied as to other claims.

96.    Admit that the terms of Section 11.8 of the Plan, and any exculpation or release granted thereunder to non-debtors, do not apply to the Non-Settled Insurers.

**RESPONSE:** Denied that the exculpations and releases in what is now Section 11.9 of the Plan do not apply to the Non-Settled Insurers. By way of example alone, the exculpation or release granted to the FCR applies to Non-Settled Insurers.

97.     Admit that under the TDP, individuals will be permitted to recover from the Asbestos PI Trust for whom the statute of limitations to bring a claim in state or federal court has expired.

**RESPONSE:** Objection. The Discovering Parties lack standing to propound this Request. Further, the use of the term "individuals" in this Request renders it vague, ambiguous, broad and unanswerable. In addition, the Debtors object to this Request insofar as an accurate response would require the application of substantive law from each state and federal jurisdiction to numerous and varied hypothetical fact patterns, which would be both burdensome and oppressive. To the extent a further response is required, this Request is denied.

98.     Admit that the Plan limits the rights of Non-Settled Insurers to seek contribution, reimbursement or similar claims against other insurers.

**RESPONSE:** Objection. This Request is vague and ambiguous insofar as the meaning of "limits the rights" is unclear. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. The Plan impairs the rights of Non-Settled Insurers to seek only certain contribution, reimbursement or similar claims against Settled Asbestos Insurance Companies.

99.     Admit that a portion of the Asbestos PI Trust Assets are intended to pay claimants who have not, as yet, asserted any claim against the Debtors.

**RESPONSE:** Admitted.

100.    Admit that the Debtors are not presently legally obligated to pay claimants who have not, as yet, asserted any claim against the Debtors.

**RESPONSE:** Objection. This Request calls for a legal conclusion. To the extent a further response is required, this Request is denied.

101.    Admit that You did not pay or promise to pay any attorney or law firm that now represents a member of an Official Committee any money, or anything else of value.

**RESPONSE:** Objection. The meaning of "You," as defined in the Requests and when read together, are unclear. Further, the meaning of "Official Committee" is unclear and is not otherwise defined. Subject to that objection and the General Objections and Reservations of Rights set forth above, admitted that the Debtors did not pay or promise to pay an attorney or law firm that now represents a member of the Official Committee of Asbestos Personal Injury Claimants any money, or anything else of value in connection with the Chapter 11 Cases, other than payments made to special counsel for the ZAI Claimants who represent members of the Official Committee of Asbestos PD Claimants. These payments were made in the context of the ZAI Science Trial and specifically approved by the Bankruptcy Court.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each Person employed or retained by You to advise them with respect to investigating, analyzing, valuing, litigating, settling and/or paying Asbestos PI Claims or treatment of Asbestos PI Claims under the Plan.

### ANSWER:

The Debtors object to this Interrogatory on the grounds that the Discovering Parties lack standing to propound this Interrogatory. The Debtors further object to this Interrogatory as vague and ambiguous insofar as the meanings of "advise," "analyzing," and "litigating" are

unclear.  In addition, the Debtors object to this Interrogatory to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and the General Objections and Reservations of Rights set forth above, the Debtors refer the Discovering Parties to the publicly filed fee applications in these cases and the estimation expert reports produced in connection with the Estimation Hearing, which reports were previously produced to the Discovering Parties pursuant to the Protective Order Regarding Confidential Information, entered by the Bankruptcy Court on December 17, 2008 [Dkt. No. 20287] and are available in the virtual data-room established by the Debtors.

## INTERROGATORY NO. 2:

With regard to the following as set forth in the TDP:  (i) Disease Levels; (ii) Scheduled Values; (iii) Medical/Exposure criteria, (iv) Average Values, and (v) Maximum Values,

      (a)  Identify all Persons who participated in or have knowledge of the determination, description and/or calculation of each,

      (b)  Describe all analyses, evaluations, or efforts undertaken by You or on Your behalf and information or data You reviewed concerning the selection or propriety of each, and

      (c)  Describe all analyses, evaluations, or efforts undertaken by You or on Your behalf (including experts) and information or data You reviewed, concerning whether each are based on historical values and evidentiary requirements for substantially similar claims against the Debtors.

## ANSWER:

The Debtors object to this Interrogatory on the grounds that the Discovering Parties lack standing to propound this Interrogatory.  The Debtors also object to this Interrogatory as vague,

ambiguous, overly broad and unduly burdensome insofar as the meaning of "knowledge" is

unclear and arguably includes any individual that has reviewed the Asbestos PI TDPs, for

whatever reason. In addition, the Debtors object to this Interrogatory to the extent it seeks

information protected from discovery pursuant to Federal Rule of Civil Procedure 26(b)(4)(B),

applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026, 7033 and 9014.

The Debtors further object to this Interrogatory to the extent it seeks information protected by the

attorney-client privilege, the work product doctrine and/or the extensions of those privileges by

the joint defense and/or common interest doctrines.

**INTERROGATORY NO. 3:**

Identify all Persons:

(a)  Who have knowledge of the manner in which Asbestos PI Claims and/or

Demands will be evaluated, handled, processed and/or paid by the Asbestos PI Trust, and

(b)  Whose retention or appointment has been considered or discussed to

process Asbestos PI Claims under the Plan, Asbestos PI Trust, and/or TDP and describe how and

why such Persons were considered or selected.

**ANSWER:**

(a)    The Debtors object to this Interrogatory on the grounds that the Discovering

Parties lack standing to propound this Interrogatory. The Debtors also object to this

Interrogatory as vague, ambiguous, overly broad and unduly burdensome insofar as the meaning

of "knowledge" is unclear and arguably includes any individual that is aware of the terms of the

Asbestos PI TDPs or the Asbestos PI Trust Agreement, for whatever reason. In addition, the

Debtors object to this Interrogatory to the extent it seeks information protected from discovery

pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), applicable to this proceeding by Federal

Rules of Bankruptcy Procedure 7026, 7033 and 9014. Subject to those objections and the

General Objections and Reservations of Rights set forth above, the Debtors refer the Discovering Parties to the TDP and the Asbestos PI Trust Agreement, which documents contain information concerning the manner in which Asbestos PI Claims and/or Demands will be evaluated, handled, processed and/or paid by the Asbestos PI Trust and which documents, being in writing, speak for themselves. By way of further response, see response to 3(b) below.

(b)      The Debtors are not aware of any Person whose retention or appointment has been considered or discussed to process Asbestos PI Claims under the Plan, Asbestos PI Trust, and/or TDP and, as such, is not aware of how and why such Persons, if they exist, were considered or selected.

**INTERROGATORY NO. 4:**

With respect to current and future Asbestos PI Claims and Demands:

(a)  Identify all Persons who have knowledge of the (i) negotiation or (ii) calculation of the actual or projected identity, nature, number and/or value of Asbestos PI Claims and/or Demands,

(b)  Describe in detail the results and conclusions of any effort undertaken by You or any other Plan Proponent (including any expert or consultant retained by You or any other Plan Proponent) to analyze, determine or estimate (i) the amount or value of Asbestos PI Claims or Demands and (ii) whether the assets of the Asbestos PI Trust will be sufficient to pay future Asbestos PI Claims in substantially the same amounts as current Asbestos PI Claims, and

(c)   Identify in detail all of the processes and/or formulas that You intend to use to calculate and/or determine the value of Asbestos PI Claims. As part of Your identification of any process and/or formula, cite to the provisions of the TDP, the Plan or the Asbestos PI Trust Agreement, that implicate, are relevant to, or relate to the given process or formula and cite

whether You believe the provisions of the TDP, the Plan or the Asbestos PI Trust Agreement establish the aggregate value of Asbestos PI Claims to be processed under the Plan, if confirmed.

**ANSWER:**

(a)    The Debtors object to this Interrogatory on the grounds that the Discovering Parties lack standing to propound this Interrogatory. The Debtors further object to this Interrogatory as vague and ambiguous insofar as the meanings of "negotiation" and "nature" are unclear. In addition, the Debtors object to this Interrogatory to the extent that it is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The Debtors also object to this Interrogatory to the extent it seeks information protected from discovery pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), applicable to these proceedings by Federal Rules of Bankruptcy Procedure 7026, 7033 and 9014. Subject to those objections and the General Objections and Reservations of Rights set forth above, the Debtors refer the Discovering Parties to the publicly filed fee applications in these cases and the estimation expert reports produced in connection with the Estimation Hearing, which are available in the virtual data-room established by the Debtors.

(b)    See response to 4(a) above. In addition, the Debtors object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine and/or the extensions of those privileges by the joint defense and/or common interest doctrines.

(c)    See responses to 4(a) and 4(b) above. In addition, the Debtors object to this Interrogatory as vague, ambiguous, and confusing insofar as it is unclear what is meant by "establish the aggregate value." Subject to that objection, the objections set forth in responses 4(a) and 4(b) above, and the General Objections and Reservations of Rights set forth above, the Debtors refer the Discovering Parties to the TDP, which document concerns the manner in which

the value of Asbestos PI Claims will be calculated and/or determined and, being in writing,

speaks for itself.

## INTERROGATORY NO. 5:

Identify all Persons (including, but not limited to, all experts or consultants used,

consulted or retained by You) who participated in or have knowledge of the drafting, negotiation,

terms, substance, topics, and intended effect of any portion or aspect of the Plan Documents

relating and/or referring to Asbestos PI Claims, Demands, and/or the proposed Asbestos PI

Trust, including without limitation, the Asbestos PI Trust Agreement and the Asbestos PI TDP,

including each Person's involvement, role and responsibilities with regard to same.

## ANSWER:

The Debtors object to this Interrogatory to the extent is seeks disclosure of information in

connection with negotiations of a plan of reorganization and/or draft plan documents, which are

not properly discoverable.  See In re Federal-Mogul Global, Inc., Case No. 01-10578 (JKF)

(Bankr. D. Del. Feb. 26, 2007) (Hr'g Tr. at 31); In re Pittsburgh Corning Corp., Case No. 00-

22876 (JKF) (Bankr. W.D. Pa. Feb. 19, 2004) (Hr'g Tr. at 64-66); In re Combustion Eng'g, Case

No. 03-10495 (JKF) (Bankr. D. Del. May 2, 2003) (Hr'g Tr. at 301); In re Babcock & Wilcox

Co., No. 00-10992 (JAB) (Bankr. E.D. La. Aug. 20, 2003) (Hr'g Tr. 84); In re ACandS, Inc., No.

02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-45); In re Eagle-Picher Indus.,

169 B.R. 130, 134 (Bankr. S.D. Ohio 1994).  The Debtors further object to this Interrogatory to

the extent it seeks information protected from discovery pursuant to Federal Rule of Civil

Procedure 26(b)(4)(B), applicable to this proceeding by Federal Rules of Bankruptcy Procedure

7026, 7033 and 9014.  In addition, the Debtors object to this Interrogatory to the extent it seeks

information protected by the attorney-client privilege, the work product doctrine and/or the

extensions of those privileges by the joint defense and/or common interest doctrines.  Subject to

those objections and the General Objections and Reservations of Rights set forth above, the

Debtors refer the Discovering Parties to (i) the fee applications that were publicly filed in the

above-captioned cases; (ii) the proposed Plan Documents that were publicly filed in the above-

captioned cases (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580);

Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989);

Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First

Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended

Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872,

20873, 20874, 20877, 20905)) and, (iii) the various draft Plan Documents that the Discovering

Parties received via electronic mail from the Debtors.

**INTERROGATORY NO. 6:**

Do You contend that the evidentiary requirements of the proposed Trust Distribution

Procedures in connection with the Plan are consistent with those ordinarily required to establish

liability for asbestos claims in the tort system? If so, Identify each and every theory of law and

each and every fact that supports Your answer.

**ANSWER:**

The Debtors object to this Interrogatory on the grounds that the Discovering Parties lack

standing to propound this Interrogatory. The Debtors also object to this Interrogatory as vague

and ambiguous in so far as the meaning of "those ordinarily required to establish liability for

asbestos claims in the tort system" is unclear and predicated on a hypothetical set of facts. The

Debtors further object to this Interrogatory to the extent it requires them to disclose contentions,

evidence, and witnesses they might employ for purposes of impeachment or rebuttal. In

addition, the Debtors object to this Interrogatory insofar as it requires them to prepare a trial

brief, which, pursuant to the Second Amended Case Management Order Relating to the First

Amended Joint Plan of Reorganization, entered on January 29, 2009, is not yet due. The Debtors

also object to this Interrogatory to the extent it would require the application of substantive law

from each state and federal jurisdiction to numerous and varied hypothetical fact patterns.

**INTERROGATORY NO. 7:**

Identify each and every theory of law and each and every fact that supports the proposed

Disease Levels, Scheduled Values, Medical/Exposure Criteria, Average Values and Maximum

Values of the Trust Distribution Procedures.

**ANSWER:**

The Debtors object to this Interrogatory on the grounds that the Discovering Parties lack

standing to propound this Interrogatory. The Debtors also object to this Interrogatory to the

extent it requires them to disclose contentions, evidence, and witnesses he might employ for

purposes of impeachment or rebuttal. The Debtors further object to this Interrogatory insofar as

it requires them to prepare a trial brief, which, pursuant to the Second Amended Case

Management Order Relating to the First Amended Joint Plan of Reorganization, entered on

January 29, 2009, is not yet due.

**INTERROGATORY NO. 8:**

On a year by year basis concluding with the Petition Date, set forth:

(a) (i) the number of Asbestos PI Claims filed or asserted against Debtors,

and (ii) the aggregate amounts in dollars that Debtors have incurred (broken down by disease and

jurisdiction), whether reimbursed or not by insurers, sureties, or other persons or entities, in

defending Asbestos PI Claims filed or asserted against Debtors,

(b) the aggregate amounts in dollars of the consideration (broken down by

disease and jurisdiction) (i) paid in indemnity with respect to Asbestos PI Claims and/or

(ii) agreed to be paid by Debtors in settlement of Asbestos PI Claims filed or asserted against Debtors,

(c)  the aggregate amounts in dollars (broken down by disease and jurisdiction) of the binding arbitration awards and judgments entered against Debtors in connection with Asbestos PI Claims filed or asserted against Debtors, and

(d)  the number of Asbestos PI Claims filed or asserted against Debtors that were resolved either by dismissals of the claimant's claim with prejudice and with no payment to the claimant or by defense verdict or otherwise resolved for no payment to the claimant.

**ANSWER:**

The Debtors object to this Interrogatory on the grounds that the Discovering Parties lack standing to propound this Interrogatory.  Subject to that objection and the General Objections and Reservations of Rights, the Debtors refer the Discovering Parties to (i) the estimation expert reports produced in connection with the Estimation Hearing, which were previously produced to the Discovering Parties pursuant to the Protective Order Regarding Confidential Information, entered by the Bankruptcy Court on December 17, 2008 [Dkt. No. 20287] and are available in the virtual data-room established by the Debtors and (ii) the Debtors' historical case management system database, which includes information about pending litigation claims and resolved claims that were asserted against the Debtors prior to the Petition Date, which was previously produced to the Discovering Parties pursuant to the Protective Order and is available in the virtual data-room established by the Debtors.

**INTERROGATORY NO. 9:**

On a year by year basis after the Effective Date of the Plan estimate:  (a) the number of Asbestos PI Claims that will be asserted against Debtors, and (ii) the value of such claims.

**ANSWER:**

The Debtors object to this Interrogatory to the extent it calls upon the Debtors to estimate the number of Asbestos PI Claims that will be asserted against the Debtors, which estimate has not been undertaken by the Debtors. In addition, the Debtors object to this Interrogatory to the extent it calls for speculation about future conduct by other parties, which is not the proper subject of an Interrogatory under Federal Rule of Civil Procedure 33, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033, or any other applicable rule. Subject to those objections and the General Objections and Reservations of Rights set forth above, the Debtors state that on a year by year basis after the Effective Date of the Plan, no Asbestos PI Claims will be asserted against the Debtors because all such Asbestos PI Claims are channeled to the Asbestos PI Trust pursuant to the Plan and Plan Documents. By way of further response, to the extent the Discovering Parties are seeking estimates of the Debtors' liability for Asbestos PI Claims as of the Petition Date, the Debtors refer the Discovering Parties to the estimation expert reports produced in connection with the Estimation Hearing, which were previously produced to the Discovering Parties pursuant to the Protective Order Regarding Confidential Information, entered by the Bankruptcy Court on December 17, 2008 [Dkt. No. 20287] and are available in the virtual data-room established by the Debtors.

**INTERROGATORY NO. 10:**

With Respect to the Estimation Motion, the Estimation Hearing, and the Asbestos PI Settlement:

(a) Identify each Person who participated in, or has knowledge of, the drafting, negotiation, terms, substance of or support for the Estimation Motion or the Asbestos PI Settlement and for each Person identified provide the scope of such Person's knowledge and involvement with regard to the Estimation Motion and/or Asbestos PI Settlement.

(b)   Identify each Person who was involved in, or has knowledge of, the
preparation for the Estimation Hearing or who participated in the Estimation Hearing and for
each Person identified provide the scope of such Person's knowledge and involvement with
regard to the Estimation Hearing.

(c)   Identify all written Communications between any of the Debtors and/or
the Committee, Equity Committee, and/or the Legal Representative regarding the drafting,
negotiation, terms or substance of the Asbestos PI Settlement, all Documents supporting or
relating to the Estimation Motion or the Asbestos PI Settlement and all Documents used to
prepare for, relied on at or relating to the issues dealt with at the Estimation Hearing.

**ANSWER:**

The Debtors object to this Interrogatory on the grounds that the Discovering Parties lack
standing to propound this Interrogatory.  The Debtors also object to this Interrogatory to the
extent that it is overly broad, unduly burdensome, irrelevant, harassing, and not reasonably
calculated to lead to the discovery of admissible evidence.  In addition, the Debtors object to this
Interrogatory to the extent it seeks information protected by the attorney-client privilege, the
work product doctrine and/or the extension of those privileges by the joint defense and/or
common interest doctrines.  The Debtors also object to this Interrogatory to the extent it seeks
information protected from discovery pursuant to Federal Rule of Civil Procedure 26(b)(4)(B),
applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026, 7033 and 9014.
The Debtors further object to this Interrogatory as seeking disclosure of information in
connection with negotiations of a plan of reorganization and/or draft plan documents, which are
not properly discoverable.  See In re Federal-Mogul Global, Inc., Case No. 01-10578 (JKF)
(Bankr. D. Del. Feb. 26, 2007) (Hr'g Tr. at 31); In re Pittsburgh Corning Corp., Case No. 00-
22876 (JKF) (Bankr. W.D. Pa. Feb. 19, 2004) (Hr'g Tr. at 64-66); In re Combustion Eng'g, Case

No. 03-10495 (JKF) (Bankr. D. Del. May 2, 2003) (Hr'g Tr. at 301); In re Babcock & Wilcox

Co., No. 00-10992 (JAB) (Bankr. E.D. La. Aug. 20, 2003) (Hr'g Tr. 84); In re ACandS, Inc., No.

02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-45); In re Eagle-Picher Indus.,

169 B.R. 130, 134 (Bankr. S.D. Ohio 1994).  Subject to those objections and the General

Objections and Reservations of Rights set forth above, the Debtors refer the Discovering Parties

to (i) the publicly filed fee applications in these cases, (ii) the publicly filed reports submitted by

the Fee Examiner in these cases, (iii) the publicly filed Estimation Motion and related pleadings

and transcripts from the Estimation Hearing, and (iv) the estimation expert reports produced in

connection with the Estimation Hearing, which reports were previously produced to the

Discovering Parties pursuant to the Protective Order Regarding Confidential Information,

entered by the Bankruptcy Court on December 17, 2008 [Dkt. No. 20287] and are available in

the virtual data-room established by the Debtors.

**INTERROGATORY NO. 11:**

Identify all persons with knowledge of the Asbestos Insurance Policies, including without

limitation, all persons with knowledge of the means by which and/or the bases upon which the

Debtors and/or the Asbestos PI Trust will seek to collect any proceeds of the Asbestos Insurance

Policies, including without limitation, the Policies.

**ANSWER:**

The Debtors object to this Interrogatory as vague, ambiguous, overly broad and unduly

burdensome insofar as the meaning of "knowledge" is unclear and appears to include, for

example, any individual aware that the Asbestos Insurance Policies exist.  The Debtors further

object to this Interrogatory to the extent it calls for speculation about future conduct by other

parties and future events, which is not the proper subject of an Interrogatory under Federal Rule

of Civil Procedure 33, applicable to this proceeding by Federal Rule of Bankruptcy Procedure

7033, or any other applicable rule.  In addition, the Debtors object to this Interrogatory in so far

as it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to those objections and the General Objections and Reservations of Rights set forth

above, upon information and belief, the Debtors state that the following individual has

knowledge of the Asbestos Insurance Policies:

> Jeffrey Posner
> JM Posner, Inc.
> 4700 Hiatus Road, Suite 258
> Sunrise, FL 33351

**INTERROGATORY NO. 12:**

Identify any and all fees, consideration or other payments made (or to be made) by or on

behalf of any Person, including any Plan Proponent to any Person in connection with the Plan,

including but not limited to any and all fees or other payments made as compensation for

negotiating, drafting, brokering, supporting or otherwise putting together or facilitating the Plan.

Your response need not include any hourly fees or expense reimbursements to any law firm who

was formally engaged to represent You in negotiating or drafting the Plan.  Your answer should

include, but not be limited to, any payments that were made or promised by the You to any

lawyer or law firm that represents a member of any official committee appointed in this

Chapter 11 case.

**ANSWER:**

The Debtors object to this Interrogatory as overly broad, unduly burdensome, harassing

and oppressive.  The cost associated with the Debtors endeavoring to identify all fees,

consideration or other payments made by each and every Person to any Person in connection

with the Plan outweighs any benefit that such information could have to the Discovering Party.

Moreover, the meaning of "You," as defined in the Interrogatories, is unclear.  Subject to those

objections and the General Objections and Reservations of Rights set forth above, the Debtors did not pay or promise to pay an attorney or law firm that now represents a member of the Official Committee of Asbestos Personal Injury Claimants any money, or anything else of value in connection with the Chapter 11 Cases, other than payments made to special counsel for the ZAI Claimants who represent members of the Official Committee of Asbestos PD Claimants. These payments were made in the context of the ZAI Science Trial and specifically approved by the Bankruptcy Court.

**INTERROGATORY NO. 13:**

Identify and describe all Communications You have had with any of the Plan Proponents, their counsel or any other Person since the Petition Date concerning the assignment of the Asbestos Insurance Policies (including rights or proceeds thereof) under the Plan and how the rights or obligations of any Asbestos Insurance Entity could be affected by the Plan.

**ANSWER:**

The Debtors object to this Interrogatory to the extent is seeks disclosure of information in connection with negotiations of a plan of reorganization and/or draft plan documents, which are not properly discoverable. See In re Federal-Mogul Global, Inc., Case No. 01-10578 (JKF) (Bankr. D. Del. Feb. 26, 2007) (Hr'g Tr. at 31); In re Pittsburgh Corning Corp., Case No. 00-22876 (JKF) (Bankr. W.D. Pa. Feb. 19, 2004) (Hr'g Tr. at 64-66); In re Combustion Eng'g, Case No. 03-10495 (JKF) (Bankr. D. Del. May 2, 2003) (Hr'g Tr. at 301); In re Babcock & Wilcox Co., No. 00-10992 (JAB) (Bankr. E.D. La. Aug. 20, 2003) (Hr'g Tr. 84); In re ACandS, Inc., No. 02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-45); In re Eagle-Picher Indus., 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994). The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or the extensions of those privileges by the joint defense and/or common interest

doctrines.  Subject to those objections and the General Objections and Reservations of Rights set forth above, the Debtors refer the Discovering Parties to (i) the Plan Documents, including the Asbestos Insurance Transfer Agreement, which, being in writing, speak for themselves, (ii) the proposed Plan Documents that were filed in the above-captioned cases (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)), and (iii) the various draft Plan Documents that the Discovering Parties received via electronic mail from the Debtors.

**INTERROGATORY NO. 14:**

Describe all negotiations, analyses, agreements, evaluations, or efforts by You or others, and the information or data You reviewed, concerning the establishment, selection and/or propriety of any criteria, standards or guidelines that are to be applied in processing, approving or paying the Asbestos PI Claims.  Your response should include, without limitation, all disease levels or categories, claim values, payment percentages, product identification requirements and medical/exposure criteria that will or may be applied to the Asbestos PI Claims.

**ANSWER:**

The Debtors object to this Interrogatory on the grounds that the Discovering Parties lack standing to propound this Interrogatory.  The Debtors also object to this Interrogatory to the extent it seeks disclosure of information in connection with negotiations of a plan of reorganization and/or draft plan documents, which are not properly discoverable.  See In re

Federal-Mogul Global, Inc., Case No. 01-10578 (JKF) (Bankr. D. Del. Feb. 26, 2007) (Hr'g Tr.
at 31); In re Pittsburgh Corning Corp., Case No. 00-22876 (JKF) (Bankr. W.D. Pa. Feb. 19,
2004) (Hr'g Tr. at 64-66); In re Combustion Eng'g, Case No. 03-10495 (JKF) (Bankr. D. Del.
May 2, 2003) (Hr'g Tr. at 301); In re Babcock & Wilcox Co., No. 00-10992 (JAB) (Bankr. E.D.
La. Aug. 20, 2003) (Hr'g Tr. 84); In re ACandS, Inc., No. 02-12687 (RJN) (Bankr. D. Del. Sept.
30, 2003) (Hr'g Tr. at 42-45); In re Eagle-Picher Indus., 169 B.R. 130, 134 (Bankr. S.D. Ohio
1994). In addition, the Debtors object to this Interrogatory to the extent it seeks information
protected by the attorney-client privilege, the work product doctrine, and/or the extensions of
those privileges by the joint defense and/or common interest doctrines. Subject to those
objections and the General Objections and Reservations of Rights set forth above, the Debtors
refer the Discovering Parties to the Plan Documents, including the Asbestos PI TDPs, which
being in writing, speak for themselves.

**INTERROGATORY NO. 15:**

Describe in detail all procedures under which, on or after the Effective Date of the Plan,
the Asbestos PI Trust will access Asbestos Insurance Policies (or proceeds thereof) to fund
payments with respect to any Asbestos PI Claims.

**ANSWER:**

The Debtors object to this Interrogatory to the extent it calls for speculation about future
conduct by other parties, which is not the proper subject of an Interrogatory under Federal Rule
of Civil Procedure 33, applicable to this proceeding by Federal Rule of Bankruptcy Procedure
7033, or any other applicable rule. Subject to that objection and the General Objections and
Reservations of Rights set forth above, the Debtors refer the Discovering Parties to the Plan
Documents, which contain information concerning the Asbestos Insurance Policies and, being in
writing, speak for themselves.

**INTERROGATORY NO. 16:**

Do You contend that any order, finding of fact, conclusion of law, determination or other statement of the Court, including any Confirmation Order or other judgment or order approving the Plan, the TDP and/or the other Plan Documents and any finding, conclusion or determination entered in connection therewith, will otherwise prejudice, diminish, impair or affect (under principles of waiver, estoppel, or otherwise) any defense claim or right that the non-settled Asbestos Insurance Entities may have as to (a) the liability of the non-settled Asbestos Insurance Entities with respect to any Asbestos PI Claims, (b) the aggregate amount of any Asbestos PI Claims or (c) the aggregate amount of liability of the Debtors, Reorganized Debtors or the Asbestos PI Trust to the holders of Asbestos PI Claims?

**ANSWER:**

The Debtors contend that as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.14 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable, or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defenses.

**INTERROGATORY NO. 17:**

Do You contend that any order, finding of fact, conclusion of law, determination or other statement of the Court, including any Confirmation Order or other judgment or order approving the Plan, the TDP and/or the other Plan Documents and any finding, conclusion or determination entered in connection therewith, can be used as a basis to seek payment from the non-settled

Asbestos Insurance Entities by the Debtors, Reorganized Debtors or the Asbestos PI Trust for future Asbestos PI Claims or Asbestos PI Claims that have not actually been paid by the Asbestos PI Trust to the holders of such Asbestos PI Claims or, to the extent such Asbestos PI Claims have not been paid in full?

**ANSWER:**

The Debtors contend that as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable, or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defenses.

**INTERROGATORY NO. 18:**

Do You contend that any order, finding of fact, conclusion of law, determination or other statement of the Court, including any Confirmation Order or other judgment or order approving the Plan, the TDP and/or the other Plan Documents and any finding, conclusion or determination entered in connection therewith, can be used as a basis as to channel or assign to the Asbestos PI Trust or otherwise disallow or prejudice any Asbestos PI Claim by any of the non-settled Asbestos Insurance Entity against (a) any Settled Asbestos Insurance Company, (b) the Debtors or Reorganized Debtors, or (c) any other Protected Party?

**ANSWER:**

The Debtors contend that the Confirmation Order and the findings of fact and conclusions of law entered in connection therewith channel any Asbestos PI Claim by any of the

non-settled Asbestos Insurance Entity against any Settled Asbestos Insurance Company, the

Debtors or Reorganized Debtors, or any other Asbestos Protected Party, to the Asbestos PI Trust.

## INTERROGATORY NO. 19:

Identify whether the Debtors intend (or might intend) to initiate or pursue any new Claim

or other litigation or cause of action against non-settled Asbestos Insurance Entities after

confirmation of the Plan and, if so, identify the nature of any such Claim, litigation or cause of

action. If the Debtors do not intend, either now or in the future, to initiate or pursue any new

Claim or other litigation or cause of action against any of the non-settled Asbestos Insurance

Entities after confirmation of the Plan, please indicate that fact in Your answer.

## ANSWER:

The Debtors do not intend, either now or in the future, to initiate or pursue any new

Claim or other litigation or cause of action against any of the non-settled Asbestos Insurance

Entities after confirmation of the Plan. The Debtors further note that, upon confirmation of the

Plan and pursuant to the Plan Documents, all rights to pursue such actions are transferred to the

Asbestos PI Trust.

## INTERROGATORY NO. 20:

Identify the basis or grounds of any or all of the Claims, or other litigation or causes of

action that the Debtors have listed above in the response to Interrogatory No. 45. In the

response, cite all of the facts, provisions of the Plan, provisions of the Asbestos PI TDPs,

provisions of the Asbestos PI Trust Agreement or provisions of the insurance policies that form

the basis of the response.

## ANSWER:

The Debtors object to this Interrogatory as unclear insofar as there is no Interrogatory 45. Subject to that objection and the General Objections and Reservations of Rights set forth above, and assuming this Interrogatory is intended to refer to Interrogatory No. 19 above, none.

**INTERROGATORY NO. 21:**

Identify by the Person's or business' name each released party other than the Debtors, including all Representatives, both as Entities and as individuals, who are subject to exculpation and release under Section 11.8 of the Plan. If You contend that it is not possible to identify all the persons or businesses covered by name, then identify as many as You are currently aware.

**ANSWER:**

The Debtors object to this Interrogatory on the grounds that the Discovering Parties lack standing to propound this Interrogatory. The Debtors also object to this Interrogatory as overly broad, unduly burdensome and oppressive to the extent it purports to require the Debtors to identify every person whom he is currently aware of that is a Representative of one of the various entities listed in Section 11.9 of the Plan (which is now the section that addresses exculpations and releases) as well as every person who may have been a Representative of one of the entities over the past approximately eight years that these chapter 11 cases have been pending. The cost associated with the Debtors endeavoring to identify each and every Representative of the entities exculpated under Section 11.9 of the Plan outweighs any benefit that such information would have to the Discovering Parties.

**INTERROGATORY NO. 22:**

Do You contend that any exonerated or released Claims against non-debtors under Section 11.8 of the Plan, other than Asbestos PI Claims, are channeled to the Asbestos PI Trust? If so, please identify the amount, type and classification of such claim that is channeled to the Asbestos PI Trust.

**ANSWER:**

The Debtors object to this Interrogatory on the grounds that the Discovering Parties lack standing to propound this Interrogatory. The Debtors also object to this Interrogatory as confusing and illogical. Pursuant to the instructions in the Interrogatories, "Claims" has the meaning attributed to it in the Plan; specifically, "Claim" means a claim against a Debtor. Subject to those objections and the General Objections and Reservations of Rights set forth above, and assuming the Discovering Parties intend "Claims" to refer to claims covered by the exculpation set forth in Section 11.9 of the Plan, the Debtors do not contend that any exonerated or released Claims against non-debtors under Section 11.9 of the Plan, other than Asbestos PI Claims and Successor Claims, are channeled to the Asbestos PI Trust pursuant to the Asbestos PI Channeling Injunction.

**INTERROGATORY NO. 23:**

Identify by the Person's or business' name each released party other than the Debtors under Section 11.8 of the Plan and with specificity the breadth of the exculpations and releases provided by Section 11.8 of the Plan, and do so both as to the nature of the Claims, and the conduct which could possibly give rise to such Claims, and the amount of time in months for which such conduct occurring within that period is to be exonerated. If the amount of time cannot be stated with specificity, please identify the longest possible duration for which such conduct occurring within that period would be exonerated.

**ANSWER:**

The Debtors object to this Interrogatory on the grounds that the Discovering Parties lack standing to propound this Interrogatory. The Debtors also object to this Interrogatory as confusing and illogical. Pursuant to the instructions in the Interrogatories, "Claims" has the meaning attributed to it in the Plan; specifically, "Claim" means a claim against a Debtor.