# EXHIBIT F
# PART 3

Assuming the Discovering Party intends "Claims" to refer to claims covered by the exculpation set forth in Section 11.9 of the Plan, the Debtors further object to this Interrogatory to the extent that it calls for speculation about future conduct of and claims filed by other parties, which is not the proper subject of an Interrogatory under Federal Rule of Civil Procedure 33, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033, or any other applicable rule. In addition, the Debtors object to this Interrogatory to the extent that the Discovering Parties are misreading the Plan. Section 11.9 of the Plan provides exculpation for particular types of conduct, not particular time frames. Subject to those objections and the General Objections and Reservations of Rights set forth above, the Debtors refer the Discovery Parties to the Plan Documents, which, being in writing, speak for themselves.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All Documents summarizing the Asbestos PI Claims and/or relating to the actual or estimated value of Asbestos PI Claims asserted against Debtors prior to the Petition Date.

### RESPONSE:

The Debtors object to this Request on the grounds that the Discovering Parties lack standing to propound this Request. The Debtors further object to this Request to the extent that it is overly broad, unduly burdensome, not relevant to confirmation of the Plan and not reasonably calculated to the lead to the discovery of admissible evidence. In addition, the Debtors object to this Request to the extent that it seeks discovery of documents protected by the attorney-client privilege, the work product doctrine and/or the extensions of those privileges by the joint defense and/or common interest doctrines. Moreover, the Debtors object to this Request to the extent that it seeks to require the Debtors to review and identify documents that are equally available to the Discovering Parties for review and identification. Subject to those objections

and the General Objections and Reservation of Rights set forth above, the Debtors refers the

Discovering Parties to the virtual data-room established by the Debtors, which contains, among

other things: (i) the Debtors' historical case management system database, which includes

information about pending asbestos personal injury litigation claims and resolved asbestos

personal injury claims that were asserted against the Debtors prior to the Petition Date; (ii)

transcripts and exhibits from the Estimation Hearing; and (iii) the estimation expert reports

produced in connection with the Estimation Hearing.   The Debtors also refer the Discovering

Parties to the CDs containing the <u>Daubert</u> briefs filed in connection with the Estimation Hearing,

which were previously produced to the Discovering Parties pursuant to the Protective Order

Regarding Confidential Information, entered by the Bankruptcy Court on December 17, 2008

[Dkt. No. 20287].   In addition, the Debtors refer the Discovering Parties to the Debtors'

document repositories located in Boston, Massachusetts and Boca Raton, Florida, which contain

tens of thousands of pages of documents relating to, among other things, settlements of Grace's

pre-petition asbestos personal injury claims.   The Debtors further acknowledge that the asbestos

personal injury questionnaires ("PIQs") submitted during the course of the estimation

proceedings by various holders of Asbestos PI Claims and the database prepared by Rust

Consulting, which contains certain information from the PIQs and the related proof of claim

forms, contain information that could be responsive to this Request.   However, that information

was prepared and submitted to the Debtors pursuant to certain protective orders entered by the

Bankruptcy Court, which provide, among other things, that the information shall be used only in

connection with the Estimation Hearing.

**REQUEST NO. 2**

   All Documents evidencing dispositions, by dismissal, judgment, settlement or

otherwise, of Asbestos PI Claims asserted against Debtors prior to the Petition Date.

**RESPONSE:**

<u>See</u> response to Request No. 1.

**REQUEST NO. 3**

All Documents evidencing the amounts of judgments, binding arbitration awards,

or settlements, whether reimbursed or not by insurers, sureties, or other entities, in connection

with Asbestos PI Claims asserted against Debtors prior to the Petition Date.

**RESPONSE:**

<u>See</u> response to Request No. 1.

**REQUEST NO. 4**

All Documents evidencing costs incurred by Debtors, whether reimbursed or not

by insurers, sureties, or other entities, in connection with the disposition of Asbestos PI Claims

asserted against Debtors prior to the Petition Date.

**RESPONSE:**

<u>See</u> response to Request No. 1.

**REQUEST NO. 5**

All Documents concerning the development, selection and/or justification of the

Disease Levels, Scheduled Values, and Medical/Exposure Criteria listed in the Trust Distribution

Procedures in connection with the Plan.

**RESPONSE:**

The Debtors object to this Request on the grounds that the Discovering Parties

lack standing to propound this Request. The Debtors further object to this Request to the extent

that it is overly broad, unduly burdensome, not relevant to confirmation of the Plan and not

reasonably calculated to the lead to the discovery of admissible evidence. In addition, the

Debtors object to this Request to the extent that it seeks discovery of documents protected by the

attorney-client privilege, the work product doctrine and/or the extensions of those privileges by

the joint defense and/or common interest doctrines. Moreover, the Debtors object to this Request

as seeking disclosure of communications in connection with negotiations of a plan of

reorganization and/or draft plan documents, which are not properly discoverable. See In re

Federal-Mogul Global, Inc., Case No. 01-10578 (JKF) (Bankr. D. Del. Feb. 26, 2007) (Hr'g Tr.

at 31); In re Pittsburgh Corning Corp., Case No. 00-22876 (JKF) (Bankr. W.D. Pa. Feb. 19,

2004) (Hr'g Tr. at 64-66); In re Combustion Eng'g, Case No. 03-10495 (JKF) (Bankr. D. Del.

May 2, 2003) (Hr'g Tr. at 301); In re Babcock & Wilcox Co., No. 00-10992 (JAB) (Bankr. E.D.

La. Aug. 20, 2003) (Hr'g Tr. 84); In re ACandS, Inc., No. 02-12687 (RJN) (Bankr. D. Del. Sept.

30, 2003) (Hr'g Tr. at 42-45); In re Eagle-Picher Indus., 169 B.R. 130, 134 (Bankr. S.D. Ohio

1994). Subject to those objections and the General Objections and Reservations of Rights set

forth above, the Debtors refer the Discovering Parties to the proposed Plan Documents that were

filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt.

Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos.

19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt.

No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First

Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos.

20872, 20873, 20874, 20877, 20905)), and to the various draft Plan Documents that the

Discovering Parties received via electronic mail from the Debtors.

**REQUEST NO. 6**

        All Documents concerning the development, selection and/or justification of the

proposed evidentiary requirements in the Trust Distribution Procedures in connection with the

Plan.

74

**RESPONSE:**

See response to Request No. 5.

## REQUEST NO. 7

All Documents relating and/or referring to Asbestos PI Claims or Demands and/or the proposed Asbestos PI Trust generated, used, exchanged, reviewed or relied upon in connection with the negotiation, preparation and/or drafting of the Plan Documents.

**RESPONSE:**

See response to Request No. 5.

## REQUEST NO. 8

All Documents relating and/or referring to Asbestos PI Claims, Demands and/or or the proposed Asbestos PI Trust that You intend to use or rely on in connection with any hearings related to confirmation of the Plan.

**RESPONSE:**

The Debtors object to this Request to the extent that it calls upon them to disclose documents that he intends to use or rely on in connection with any hearings relating to confirmation of the Plan, which disclosure by the Debtors is not yet due pursuant to the Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization, entered January 29, 2009 (Dkt. No. 20622). Subject to that objection and the General Objections and Reservation of Rights set forth above, the Debtors state that they have produced documents responsive to this Request in the virtual data-room.

## REQUEST NO. 9

All Documents concerning the manner in which Asbestos PI Claims and/or Demands will be evaluated and/or paid under the Plan, including, without limitation, all documents concerning the anticipated implementation of the TDP.

**RESPONSE:**

See response to Request No. 5.

## REQUEST NO. 10

All Documents concerning the negotiation, development, formulation, drafting and intended implementation of the TDP, including, without limitation, (i) all drafts of the TDP (ii) all Documents concerning or identifying each and every person involved in the negotiation and drafting of the TDP, (iii) all Documents concerning Asbestos PI Claims and/or Demands to be resolved pursuant to the TDP; and (iv) all Documents regarding exposure and medical criteria to be applied under the TDP.

**RESPONSE:**

See response to Request No. 5.

## REQUEST NO. 11

All Documents concerning the determination and calculation of each of the following set forth in the TDP: (i) Disease Levels; (ii) Scheduled Values and (iii) Medical/Exposure criteria.

**RESPONSE:**

See response to Request No. 5.

## REQUEST NO. 12

All Documents relating to the identification, selection and role of (i) the Asbestos PI Trustees, (ii) the Legal Representative, and (iii) each TAC member.

**RESPONSE:**

See response to Request No. 5. By way of further response, with respect to the identification, selection and role of the Legal Representative, the Debtors refer the Discovering

DOCS_DE:145716.1                                       76

Parties to the Debtors' motions and related pleadings seeking the appointment of a Legal

Representative in these Chapter 11 Cases, which were filed on the docket in 2003 and 2004.

## REQUEST NO. 13

All Documents relating to any communications between Debtors and the

Committee (or any members of the Committee), Equity Committee (or any members of the

Equity Committee), Legal Representative and any representative of any Asbestos PI Claimant(s)

regarding the Plan, the Asbestos PI Trust, the Asbestos PI Trust Agreement, and/or the TDP.

### RESPONSE:

See response to Request No. 5.

## REQUEST NO. 14

All Documents referenced in, or relied upon, in preparation of the Legal

Representatives' [sic] responses to Certain Insurer's [sic] First Set of Interrogatories and Certain

Insurer's [sic] First Set of Requests for Admissions.

### RESPONSE:

Subject to the General Objections and Reservation of Rights set forth above, the

Debtors refer the Discovering Parties to the Plan Documents and the Second Amended Case

Management Order Related to the First Amended Joint Plan of Reorganization, entered January

29, 2009 (Dkt. No. 20622), and the virtual data-room established by the Debtors, which contains,

among other things: (i) the Debtors' historical case management system database; (ii) the

estimation expert reports produced in connection with the Estimation Hearing; (iii) the pleadings

and transcripts from the Estimation Hearing; and (iv) certain insurance-related materials.

## REQUEST NO. 15

All written Communications between any of the Debtors and/or the Committee

(or any members of the Committee), Equity Committee (or any members of the Equity

Committee), and/or the Legal Representative regarding the drafting, negotiation, terms or substance of the Asbestos PI Settlement, all Documents relied on in, supporting or relating to the Estimation Motion or the Asbestos PI Settlement and all Documents used to prepare for, relied on at or relating to the issues dealt with at the Estimation Hearing.

**RESPONSE:**

See response to Request Nos. 1 and 5. The Debtors also refer the Discovering Parties to the Term Sheet for Resolution of Asbestos Personal Injury Claims, which was publicly filed with the United States Securities and Exchange Commission on April 7, 2008 as an exhibit to the Debtors' Form 8-K.

**REQUEST NO. 16**

All Documents and Communications concerning, dealing with or discussing (a) the proof of Claim filed by the State of Montana seeking indemnification from the Debtors as described in Disclosure Statement § 2.8.1.3 and (b) the litigation between the State of Montana and the Debtors (described in Disclosure Statement §§ 2.8.1.3 and 3.2.5.1) related to the proof of Claim, the Motion for Relief from the Automatic Stay filed by the State of Montana in the Chapter 11 Cases on June 9, 2005, the Debtors' motion to expand their preliminary injunction to include the State Court Actions (as defined in the Disclosure Statement § 3.2.5.1) filed on August 22, 2005 and the Debtors' motion seeking leave to amend its Adversary Complaint (Adv. Pro. No. 01-771) related to the State of Montana and the related State Court Actions (as defined in the Disclosure Statement § 3.2.5.1).

**RESPONSE:**

The Debtors object to this Request to the extent that it is overly broad, unduly burdensome, not relevant to confirmation of the Plan and not reasonably calculated to the lead to

the discovery of admissible evidence. In addition, the Debtors object to this Request to the extent that it seeks discovery of documents protected by the attorney-client privilege, the work product doctrine and/or the extensions of those privileges by the joint defense and/or common interest doctrines. The Debtors also object to this Request as seeking disclosure of communications in connection with negotiations of a plan of reorganization and/or draft plan documents, which are not properly discoverable. See In re Federal-Mogul Global, Inc., Case No. 01-10578 (JKF) (Bankr. D. Del. Feb. 26, 2007) (Hr'g Tr. at 31); In re Pittsburgh Corning Corp., Case No. 00-22876 (JKF) (Bankr. W.D. Pa. Feb. 19, 2004) (Hr'g Tr. at 64-66); In re Combustion Eng'g, Case No. 03-10495 (JKF) (Bankr. D. Del. May 2, 2003) (Hr'g Tr. at 301); In re Babcock & Wilcox Co., No. 00-10992 (JAB) (Bankr. E.D. La. Aug. 20, 2003) (Hr'g Tr. 84); In re ACandS, Inc., No. 02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-45); In re Eagle-Picher Indus., 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994). Subject to those objections and the General Objections and Reservations of Rights set forth above, to the extent the Debtors possess any documents responsive to this Request that are relevant to issues relating to the State of Montana and to Plan confirmation, the Debtors will produce such documents to the virtual data-room.

**REQUEST NO. 17**

All Documents concerning or discussing the BNSF allegations or claim(s) against the Debtors and litigation related thereto (as discussed in Disclosure Statement § 3.2.5.1).

**RESPONSE:**

The Debtors object to this Request to the extent that it seeks discovery of documents protected by the attorney-client privilege, the work product doctrine and/or the extensions of those privileges by the joint defense and/or common interest doctrines. The Debtors also object to this Request as seeking disclosure of communications in connection with negotiations of a

plan of reorganization and/or draft plan documents, which are not properly discoverable.  See In re Federal-Mogul Global, Inc., Case No. 01-10578 (JKF) (Bankr. D. Del. Feb. 26, 2007) (Hr'g Tr. at 31); In re Pittsburgh Corning Corp., Case No. 00-22876 (JKF) (Bankr. W.D. Pa. Feb. 19, 2004) (Hr'g Tr. at 64-66); In re Combustion Eng'g, Case No. 03-10495 (JKF) (Bankr. D. Del. May 2, 2003) (Hr'g Tr. at 301); In re Babcock & Wilcox Co., No. 00-10992 (JAB) (Bankr. E.D. La. Aug. 20, 2003) (Hr'g Tr. 84); In re ACandS, Inc., No. 02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-45); In re Eagle-Picher Indus., 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994).  Subject to those objections and the General Objections and Reservations of Rights set forth above, the Debtors have already produced documents responsive to this Request to the virtual data-room and will produce additional responsive documents to the extent that it locates such documents.

## REQUEST NO. 18

All Documents concerning or discussing the litigation brought by the Scotts Company against the Debtors (Adv. Pro. No. 04-55083) as discussed in § 3.2.8.2 of the Disclosure Statement.

### RESPONSE:

The Debtors object to this Request to the extent that it is overly broad, unduly burdensome, not relevant to confirmation of the Plan and not reasonably calculated to the lead to the discovery of admissible evidence.  In addition, the Debtors object to this Request to the extent that it seeks discovery of documents protected by the attorney-client privilege, the work product doctrine and/or the extensions of those privileges by the joint defense and/or common interest doctrines.  The Debtors also object to this Request as seeking disclosure of communications in connection with negotiations of a plan of reorganization and/or draft plan

documents, which are not properly discoverable. See In re Federal-Mogul Global, Inc., Case No.

01-10578 (JKF) (Bankr. D. Del. Feb. 26, 2007) (Hr'g Tr. at 31); In re Pittsburgh Corning Corp.,

Case No. 00-22876 (JKF) (Bankr. W.D. Pa. Feb. 19, 2004) (Hr'g Tr. at 64-66); In re Combustion

Eng'g, Case No. 03-10495 (JKF) (Bankr. D. Del. May 2, 2003) (Hr'g Tr. at 301); In re Babcock

& Wilcox Co., No. 00-10992 (JAB) (Bankr. E.D. La. Aug. 20, 2003) (Hr'g Tr. 84); In re

ACandS, Inc., No. 02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-45); In re

Eagle-Picher Indus., 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994).  The Debtors further object to

this Request to the extent that it seeks the production of documents protected from disclosure

pursuant to Rule 408 of the Federal Rules of Evidence.  Subject to those objections and the

General Objections and Reservations of Rights set forth above, to the extent the Debtors possess

any documents responsive to this Request that are relevant to issues relating to The Scotts

Company and to Plan confirmation, the Debtors will produce such documents to the virtual data-

room.

**REQUEST NO. 19**

        All Documents relating to potential insurance recoveries from the Asbestos

Insurance Entities under or pursuant to the Plan, including without limitation: (i) all Documents

reflecting Communications between or among any persons regarding such potential insurance

recoveries; (ii) all Documents regarding any evaluations of whether or how the Plan may affect

the Asbestos Insurance Entities or the Asbestos Insurance Policies, (iii) all Documents relating to

treatment, transfer or assignment of, or rights to access or pursue any insurance for Asbestos PI

Claims under the Plan, and (iv) all Documents relating to the alleged liability with respect to any

Asbestos PI Claim of any Asbestos Insurance Entity that is not a Settled Asbestos Insurance

Company.

**RESPONSE:**

See response to Request No. 5. In addition, the Debtors object to this Request to the

extent it seeks documents and communications protected by Rule 408 of the Federal Rules of

Civil Procedure. Subject to that objection, the objections set forth in response to Request No. 5

above and the General Objections and Reservations of Rights set forth above, the Debtors further

refer the Discovering Parties to the virtual data-room established by the Debtors, which contains,

among other things, the Debtors' insurance policy register, which identifies the Debtors'

remaining excess solvent insurance.

**REQUEST NO. 20**

Any and all drafts of the Plan Documents relating in any way to Asbestos PI Trust

Claims, Demands, the proposed Asbestos PI Trust, or the TDP.

**RESPONSE:**

See response to Request No. 5.

**REQUEST NO. 21**

All Documents relating to the "Calculation of Votes with Respect to Asbestos PI

Claims," described in the Disclosure Statement or the Motion of the Debtors for an Order

Approving Disclosure Statement, Solicitation and Confirmation Procedures, Confirmation

Schedule and Related Relief (the "Motion"), and all Documents concerning Debtors' proposal

for distributing Solicitation Packages (as defined in the Motion) to or for Asbestos PI Claimants

and collecting ballots from Asbestos PI Claimants or their attorneys and all documents provided

to, received from, or reflecting Communications with BMC Group, Inc. regarding votes by or for

Asbestos PI Claimants.

**RESPONSE:**

The Debtors object to this Request to the extent it seeks the production of documents that

are publicly available or that are not yet in existence. Subject to that objection and the General

Objections and Reservations of Rights set forth above, the Debtors refer the Discovering Parties

to the Motion of the Debtors for an Order Approving Disclosure Statement, Solicitation and

Confirmation Procedures, Confirmation Schedule and Related Relief, and the amendments

thereto, which were filed on September 25, 2008, November 10, 2008, February 3, 2009, and

February 27, 2009 at Docket Nos. 19620, 19990, 20662, and 20864, respectively, and are

scheduled to be heard by the Bankruptcy Court on March 9, 2009.

**REQUEST NO. 22**

All Documents, notes and reports of, or that have been provided to or by, any

experts that have been retained to determine or demonstrate that the TDP Claims criteria achieve

a "fair allocation of the PI Trust funds as among claimants suffering from different disease

processes in light of the best available information considering the settlement histories of Grace

and the rights claimants would have in the tort system absent the bankruptcy," as alleged in § 2.1

of the Asbestos PI TDPs.

**RESPONSE:**

See response to Request No. 5.  The Debtors further object to this Request to the extent it

seeks documents and correspondence protected from discovery by Federal Rule of Civil

Procedure 26(b)(4)(B), applicable to this proceeding by Federal Rules of Bankruptcy Procedure

7026, 7033 and 9014.

**REQUEST NO. 23**

All Documents reviewed or relied upon by You in determining that the TDP

Claims criteria are fair in light of the rights Asbestos PI Claimants would have in the tort system

absent the bankruptcy.

**RESPONSE:**

See response to Request No. 5.

**REQUEST NO. 24**

A copy of all Documents, including agreements by any Debtor pursuant to which the rights or proceeds under any Asbestos Insurance Policy are allocated, split, divided or transferred among any Persons.

**RESPONSE:**

The Debtors object to this Request to the extent that it is vague, ambiguous and overly broad.  Subject to those objections and the General Objections and Reservations of Rights set forth above, the Debtors refer the Discovering Parties to the Plan Documents, which, being in writing, speak for themselves.  The Debtors also refer the Discovering Parties to the Debtors' insurance policy register, which identifies the Debtors' remaining excess solvent insurance, and which is available in the virtual data-room established by the Debtors.

**REQUEST NO. 25**

All Documents, including but not limited to all protocols, procedures, policies or guidelines, for handling, evaluating, approving, paying or processing of Asbestos PI Claims that have been used or implemented in the past by any of the Debtors.

**RESPONSE:**

Subject to the General Objections and Reservations of Rights set forth above, the Debtors will produce documents responsive to this Request to the virtual data room to the extent such documents exist and are relevant to confirmation issues.

**REQUEST NO. 26**

All Documents, including but not limited to all protocols, procedures, policies or guidelines for handling, evaluating, approving, paying or processing of Asbestos PI Claims that might be used in connection with the Asbestos PI Trust, but that are not contained in the Asbestos PI Trust Agreement or TDP.

**RESPONSE:**

The Debtors have no documents responsive to this Request.

**REQUEST NO. 27**

All Documents that evidence or reflect amounts paid or agreed to be paid by any of the Debtors in connection with Asbestos PI Claims under the Plan.

**RESPONSE:**

See response to Request No. 5. Subject to the objections set forth in response to Request No. 5 above and the General Objections and Reservations of Rights set forth above, the Debtors direct the Discovering Parties to the Plan Documents and the Term Sheet for Resolution of Asbestos Personal Injury Claims, which was publicly filed with the United States Securities and Exchange Commission on April 7, 2008 as an exhibit to the W. R. Grace & Co.'s Form 8-K.

**REQUEST NO. 28**

All Documents that evidence or relate to the number, nature and magnitude (including claimant, disease, product identified, exposure and claim value information) of Asbestos PI Claims for which any of the Debtors are alleged to be liable.

**RESPONSE:**

See response to Request No. 1.

**REQUEST NO. 29**

All Communications with or regarding any Person who has been considered for or will assist in reviewing or processing any Asbestos PI Claims that are to be transferred to or paid by the Asbestos PI Trust.

**RESPONSE:**

The Debtors object to this Request on the grounds that the Discovering Parties lack standing to propound this Request. The Debtors further object to this Request to the extent that it is not relevant to Plan confirmation and not reasonably calculated to the lead to the discovery of admissible evidence. Subject to those objections and the General Objections and Reservations of Rights set forth above, the Debtors have no documents responsive to this Request.

**REQUEST NO. 30**

For any Person who will or may assist in reviewing or processing any Asbestos PI Claims that are to be transferred to or paid by the Asbestos PI Trust, produce all Documents relating to or evidencing such Persons' past or present connections with any members of the Trust Advisory Committee, any Asbestos PI Claimants, or any attorneys representing Asbestos PI Claimants.

**RESPONSE:**

See response to Request No. 29.

**REQUEST NO. 31**

Any Documents, including but not limited to, any investigations, analyses or reports concerning any Person who has been considered or selected to assist in the processing of any Asbestos PI Claims that are to be transferred to or paid by the Asbestos PI Trust.

**RESPONSE:**

See response to Request No. 29.

**REQUEST NO. 32**

Documents and correspondence Identifying and regarding all Persons whose appointment or selection as Asbestos PI Trustees has been considered or agreed upon.

**RESPONSE:**

See response to Request No. 29. Subject to the objections set forth in response to Request No. 29 above and the General Objections and Reservations of Rights set forth above, the Debtors refer the Discovering Parties to the Asbestos PI Trust Agreement, which identifies the Asbestos PI Trustees and which document, being in writing, speaks for itself.

**REQUEST NO. 33**

Any Documents, including but not limited to, investigations, analyses or reports concerning any Person who has been considered or selected for appointment as an Asbestos PI Trustee.

**RESPONSE:**

See response to Request No. 32.

**REQUEST NO. 34**

All Documents and Communications regarding or relating to the respective rights and obligations of any of the Debtors, the Asbestos PI Trust or any other Person to control, pursue or enforce recoveries under Asbestos Insurance Policies, including but not limited to the right and ability to assert coverage under the Asbestos Insurance Policies.

**RESPONSE:**

See response to Request No. 5.

**REQUEST NO. 35**

All Communications and Documents, including drafts, relating to the selection, negotiation, creation, establishment or fixing of the TDP claims criteria for claims, diagnoses,

product identification and exposure criteria relating to Asbestos PI Claims, whether set forth in the TDP or otherwise.

**RESPONSE:**

See response to Request No. 5.

**REQUEST NO. 36**

For each expert who will testify at the Confirmation Hearing on any matter related to (a) the assignment of Asbestos Insurance Rights, insurance proceeds or the Asbestos Insurance Policies and/or (b) Asbestos PI Claims, produce all Documents and data considered, requested, relied upon, received or reviewed by the expert in forming his or her opinions.

**RESPONSE:**

The Debtors object to this Request on the grounds that it calls upon them to produce certain documents which are not yet due pursuant to the Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization, entered January 29, 2009 (Dkt. No. 20622).

**REQUEST NO. 37**

All Documents containing, recording, or referring to factual observations, tests, supporting data, calculations, or opinions (i) of any expert whom You will or may call as a witness at the Confirmation Hearing on any issues relating to the Asbestos PI Claims or Asbestos Insurance Policies (a "testifying expert"), or (ii) of any consulting expert whose opinions or impressions have been reviewed by such a testifying expert.

**RESPONSE:**

See Response to No. 36.

**REQUEST NO. 38**

All Documents or exhibits that may be used or offered into evidence with respect to Asbestos Insurance Policies at the Plan Confirmation Hearing and any related hearings or proceedings.

**RESPONSE:**

See Response to No. 36.

**REQUEST NO. 39**

All Documents reflecting any settlements, agreements, contracts, deals or understandings with current or future Asbestos PI Claimants or their representatives that relate in any way to the assignment or transfer of Asbestos Insurance Rights or insurance proceeds, the Asbestos Insurance Policies, the Asbestos Insurance Actions and/or the payment or treatment of Asbestos PI Claims.

**RESPONSE:**

The Debtors object to this Request as vague and ambiguous insofar as the meaning of "understandings with" is unclear. The Debtors further object to this Request to the extent that it is overly broad, unduly burdensome, not relevant to confirmation of the Plan and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections and the General Objections and Reservation of Rights set forth above, the Debtors refer the Discovering Parties to the Plan Documents, including the Asbestos Insurance Transfer Agreement, and the Term Sheet for Resolution of Asbestos Personal Injury Claims, which was publicly filed with the United States Securities and Exchange Commission on April 7, 2008 as an exhibit to W. R. Grace & Co.'s Form 8-K, and to the extent that the Debtors possess any additional documents responsive to this Request that are relevant to confirmation issues, the Debtors will provide such documents in the virtual data-room subject to the Protective Order Regarding Confidential Information, entered by the Bankruptcy Court on December 17, 2008 [Dkt. No. 20287].

**REQUEST NO. 40**

All Documents relating to any analysis, study, report or Communications concerning whether claimants asserting Asbestos PI Claims have made claims against other asbestos trusts for damages from exposure to asbestos.

**RESPONSE:**

The Debtors object to this Request on the grounds that the Discovering Parties lack standing to propound this Request. The Debtors further object to this Request to the extent that it is overly broad, unduly burdensome, not relevant to confirmation of the Plan and not reasonably calculated to the lead to the discovery of admissible evidence. Subject to those objections and the General Objections and Reservation of Rights set forth above, the Debtors state that they received copies of certain documents from several asbestos trusts in connection with discovery propounded on such asbestos trusts by the Debtors during the Estimation Hearing. That discovery, however, was produced pursuant to protective orders entered by the Bankruptcy Court, which provide, among other things, that the production of such materials should be used only in connection with the Estimation Hearing. The motions to approve the protective orders and the orders relating thereto were all filed on the Bankruptcy Court's docket and, therefore, are publicly available.

**REQUEST NO. 41**

All Communications and Documents relating to any discussion, study, report, evaluation, or other analysis or review of the impact or effect of the confirmation or approval of the Plan on the rights or obligations of any Asbestos Insurance Entity.

**RESPONSE:**

See response to Request No. 5.

**REQUEST NO. 42**

DOCS_DE:145716.1

90

All Documents reflecting or evidencing any steps, measures, efforts, reports, studies, protocols or analyses intended to determine or ensure that the Asbestos PI Trust will only pay Asbestos PI Claims that are compensable claims under applicable law and evidentiary standards.

**RESPONSE:**

See response to Request No. 5.

**REQUEST NO. 43**

All Documents supporting Your contention, if any, that the assignment of rights under the Asbestos Insurance Policies in connection with the Plan does not increase any Asbestos Insurance Entity's risk in providing coverage for any Asbestos PI Claims.

**RESPONSE:**

See response to Request No. 5.

**REQUEST NO. 44**

All Documents reflecting or relating to any work, investigation or analyses by You (or anyone on Your behalf) concerning the sufficiency or propriety of any TDP claims criteria to be used under the TDP to ensure that only legally compensable claims are paid.

**RESPONSE:**

See response to Request No. 5.

**REQUEST NO. 45**

All Documents supporting Your contention, if any, that the TDP claims criteria that are to be used under the TDP are based on appropriate and accepted medical and legal standards or applicable law.

**RESPONSE:**

See response to Request No. 5.  Subject to the response to Request No. 5 and the General Objections and Reservations of Rights set forth above, the Debtors refer the Discovering Parties to the expert report of Laura S. Welch, MD, FACP, FACOEM, served by the ACC on December 31, 2008, which concerns the Asbestos PI TDP's medical criteria and whether those criteria are consistent with standard medical practice.

**REQUEST NO. 46**

All Documents supporting Your contention, if any, that the TDP claims criteria that are to be used under the TDP are consistent with and based on historical costs of settling and resolving such claims.

**RESPONSE:**

See response to Request No. 5.

**REQUEST NO. 47**

All Documents and correspondence relating to any audit or review mechanism considered for use or to be used by the Asbestos PI Trust in determining whether the Asbestos PI Claimants have previously settled their Asbestos PI Claims prior to payment of the Asbestos PI Claim by the Asbestos PI Trust.

**RESPONSE:**

See response to Request No. 5.  The Debtors also object to this Request to the extent it seeks the production of documents relating to future conduct by other parties and future events, which documents do not yet exist.

**REQUEST NO. 48**

All Documents and correspondence relating to any audit or review mechanism considered for use or to be used by the Asbestos PI Trust to ensure that invalid Asbestos PI Claims are not allowed and paid by the Asbestos PI Trust.

**RESPONSE:**

See response to Request No. 5. The Debtors also object to this Request to the extent it seeks the production of documents relating to future conduct by other parties and future events, which documents do not yet exist.

**REQUEST NO. 49**

All Documents and correspondence relating to any "methods for auditing the reliability of medical evidence" that may or will be used by the Asbestos PI Trust pursuant to § 5.8 of the TDP.

**RESPONSE:**

See response to Request No. 5. The Debtors also object to this Request to the extent it seeks the production of documents relating to future conduct by other parties and future events, which documents do not yet exist.

**REQUEST NO. 50**

All Documents and correspondence relating to the negotiation and implementation of the Claims Audit Program described in § 5.8 of the TDP.

**RESPONSE:**

See response to Request No. 5. The Debtors also object to this Request to the extent it seeks the production of documents relating to future conduct by other parties and future events, which documents do not yet exist.

**REQUEST NO. 51**

All Documents and correspondence relating to any requirements, protocols or procedures that may or will be implemented by the Asbestos PI Trust in connection with the Claims Audit Program described in § 5.8 of the TDP.

**RESPONSE:**

See response to Request No. 5. The Debtors also object to this Request to the extent it seeks the production of documents relating to future conduct by other parties and future events, which documents do not yet exist.

**REQUEST NO. 52**

All Documents and correspondence relating to any requirements, protocols or procedures that may or will be implemented by the Asbestos PI Trust to ensure that Asbestos PI Claimants are submitting medical evidence that is credible and consistent with recognized medical standards.

**RESPONSE:**

See response to Request No. 5. The Debtors also object to this Request to the extent it seeks the production of documents relating to future conduct by other parties and future events, which documents do not yet exist.

**REQUEST NO. 53**

All Documents and correspondence relating to any requirements, protocols or procedures that may or will be implemented by the Asbestos PI Trust to verify the credibility of medical evidence submitted by an Asbestos PI Claimant. See TDP § 5.7(a)(2).

**RESPONSE:**

See response to Request No. 5. The Debtors also object to this Request to the extent it seeks the production of documents relating to future conduct by other parties and future events, which documents do not yet exist.

**REQUEST NO. 54**

All Documents and correspondence relating to any requirements, protocols or procedures that may or will be implemented by the Asbestos PI Trust to ensure that Asbestos PI Claimants are submitting medical evidence "that is of the kind shown to have been received in evidence by a state or federal judge at trial." See TDP § 5.7(a)(2).

**RESPONSE:**

See response to Request No. 5. The Debtors also object to this Request to the extent it seeks the production of documents relating to future conduct by other parties and future events, which documents do not yet exist.

**REQUEST NO. 55**

All Documents and correspondence relating to any requirements, protocols or procedures that may or will be implemented by the Asbestos PI Trust to ensure that Asbestos PI Claimants are submitting medical evidence "that is consistent with evidence submitted to Grace to settle for payment in similar disease cases prior to Grace's bankruptcy." See TDP § 5.7(a)(2).

**RESPONSE:**

See response to Request No. 5. The Debtors also object to this Request to the extent it seeks the production of documents relating to future conduct by other parties and future events, which documents do not yet exist.

**REQUEST NO. 56**

All Documents and correspondence relating to any procedures or methods by which the Asbestos PI Trust will determine whether an Asbestos PI Claimant that does not meet

the presumptive Medical/Exposure Criteria "has presented a claim that would be cognizable and valid in the tort system."  See TDP § 2.2.

**RESPONSE:**

See response to Request No. 5.  The Debtors also object to this Request to the extent it seeks the production of documents relating to future conduct by other parties and future events, which documents do not yet exist.

**REQUEST NO. 57**

All Documents and correspondence relating to any procedures or methods by which the Asbestos PI Trust will "determine that a novel or exceptional asbestos personal injury claim is compensable even though it does not meet the Medical/Exposure Criteria for any of the then current Disease Levels" as described in TDP § 5.3(a)(3).

**RESPONSE:**

See response to Request No. 5.  The Debtors also object to this Request to the extent it seeks the production of documents relating to future conduct by other parties and future events, which documents do not yet exist.

**REQUEST NO. 58**

All Documents and correspondence relating to the ADR Procedures that are supposed to be attached to the TDPs as Attachment A, including a copy of the ADR Procedures.

**RESPONSE:**

See response to Request No. 5.  The Debtors also object to this Request to the extent it seeks the production of documents relating to future conduct by other parties and future events, which documents do not yet exist.

**REQUEST NO. 59**

All Documents and correspondence relating to, and the information considered in, the development and formulation of the Claims Payment Ratio. See TDP § 2.5.

**RESPONSE:**

See response to Request No. 5. The Debtors further object to this Request to the extent it seeks documents and correspondence protected from discovery by Federal Rule of Civil Procedure 26(b)(4)(B), applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026, 7033 and 9014.

**REQUEST NO. 60**

All Documents evidencing or supporting any assertion that each Asbestos Protected Party that is not a Debtor is entitled to a discharge, release or the protections of a § 524(g) injunction or § 105 injunction in connection with these cases.

**RESPONSE:**

The Debtors object to this Request to the extent it is unduly burdensome. Subject to these objections and the General Objections and Reservations of Rights set forth above, the Debtors are producing to the virtual data-room copies of suits filed against various Asbestos Protected Parties that support the assertion that they are entitled to a discharge, release or the protections of a § 524(g) injunction or § 105 injunction in connection with the Debtors' bankruptcy cases.

**REQUEST NO. 61**

All Documents and communications regarding the amount, source and type of consideration to be paid to the Debtors or the Asbestos PI Trust in exchange for any releases, injunctions and/or discharges to be given under the Plan in favor of each Asbestos Protected Party that is not a Debtor.

**RESPONSE:**

The Debtors object to this Request as burdensome to the extent it purports to request the Debtors to provide documentation with respect to all of the contributions the various entities and their representatives listed in Section 11.8 of the Plan have provided to the Debtors during the course of these chapter 11 cases and especially with respect to the Plan process. Subject to those objections and the General Objections and Reservations of Rights set forth above, see for example, the specific consideration being provided by the Sealed Air Indemnified Parties and the Fresenius Indemnified Parties as set forth in the Plan, the Sealed Air Settlement Agreement and the Fresenius Settlement Agreement, which are exhibits to the Plan.

**REQUEST NO. 62**

All Documents and Communications evidencing or relating to whether each Asbestos Protected Party that is not a Debtor has been alleged to be directly or indirectly liable for the conduct or, claims against or demands on the Debtors in connection with Asbestos PI Claims.

**RESPONSE:**

See response to Request 60.

**REQUEST NO. 63**

All Documents and Communications evidencing or relating to whether each non-Debtor Asbestos Protected Party's alleged liabilities for Asbestos PI Claims arises by reason of one or more of the grounds set forth in 11 U.S.C. § 524(g)(4)(A)(ii).

**RESPONSE:**

See response to Request 60.

**REQUEST NO. 64**

All Documents and Communications regarding whether, or supporting a finding that, pursuit of Demands outside the procedures prescribed in the Plan would be likely to

threaten the Plan's purpose to deal equitable with Claims and future Demands.

**RESPONSE:**

The Debtors are aware of no such documents at this time but reserve the right to supplement this response.

## REQUEST NO. 65

All Documents and Communications regarding whether, or supporting a finding that, each settlement (relating to Asbestos PI Claims) to be approved in connection with the Plan are appropriate under Bankruptcy Rule 9019 and applicable law governing such settlements.

**RESPONSE:**

The Debtors object to this Request on the grounds that it is illogical, confusing and inconsistent with the Plan Documents. Subject to that objection and the General Objections and Reservations of Rights set forth above, the Debtors refer the Discovering Parties to the publicly filed motion, related pleadings and order in connection with the Debtors' motion in 2006 to approve the settlement with Lloyd's Underwriters.

## REQUEST NO. 66

All Documents and Communications regarding the protocol or procedures under the Plan, the TDP and/or the Asbestos PI Trust Agreement for channeling, handling, processing and paying Asbestos PI Claims, including but not limited to, Your involvement, role and responsibilities with regard to the same.

**RESPONSE:**

See response to Request No. 5.

## REQUEST NO. 67

All Documents reflecting or relating to any valuation, estimation, forecast or calculations of pending and future Asbestos PI Claims or Demands.

**RESPONSE:**

See response to Request No. 1.

## REQUEST NO. 68

All Documents or exhibits that may be used or offered into evidence with respect to matters relating to Asbestos PI Claims at the Confirmation Hearing and any related hearings or proceedings.

**RESPONSE:**

The Debtors object to this Request on the grounds that it calls upon them to produce certain documents or exhibits which are not yet due pursuant to the Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization, entered January 29, 2009 (Dkt. No. 20622).

## REQUEST NO. 69

All Documents reflecting or relating to assets (other than Asbestos Insurance Policies) that might be available to pay Asbestos PI Claims.

**RESPONSE:**

See response to Request No. 5. Subject to the objections set forth in response to Request No. 5 above and the General Objections and Reservations of Rights set forth above, the Debtors direct the Discovering Parties to the Plan Documents, and the Term Sheet for Resolution of Asbestos Personal Injury Claims, which was publicly filed with the United States Securities and Exchange Commission on April 7, 2008 as an exhibit to the Debtors' Form 8-K.

## REQUEST NO. 70

All Documents reflecting or evidencing any steps, measures, efforts, reports,

studies, protocols or analyses concerning whether Unimpaired Asbestos Claims are entitled to
compensation under the TDP.

**RESPONSE:**

See response to Request No. 5.

**REQUEST NO. 71**

All Documents reflecting each Debtor's historical costs of resolving Asbestos-
Related Personal Injury claims.  Responsive information includes, without limitation, disease
level, jurisdiction where the claim was asserted, defense costs and average historical costs of
resolving each type of disease.

**RESPONSE:**

See response to Request No. 1.

**REQUEST NO. 72**

All Documents and Communications concerning the effect, if any, of proposed or
inactive tort reform legislation on the TDP and/or processing, allowing and paying of Asbestos
PI Claims, including but not limited to:

(a)  that legislation codified at §§ 774.201 to 774.209 of Florida Statutes
Annotated (West 2005);

(b)  that legislation codified at §§ 51-14-1 to 51-14-10 of the Code of Georgia
Annotated (West 2005);

(c)  that legislation codified at §§ 2307.91 to 2307.98 of the Ohio Revised
Code Annotated (Anderson 2005);

(d)  that legislation codified at §§ 2307.84 to 2307.902 of the Ohio Revised
Code Annotated (Anderson 2005);

(e)  House Bill No. 1783 of The General Assembly of Pennsylvania; and

(f) that legislation codified at §§ 90.001 to 90.012 of Vernon's Texas Statutes and Codes Annotated, Civil Practice and Remedies Code (West 2005).

**RESPONSE:**

The Debtors object to this Request on the grounds that the Discovering Parties lack standing to propound this Request. The Debtors further object to this Request to the extent that it is overly broad, unduly burdensome, not relevant to confirmation of the Plan and not reasonably calculated to the lead to the discovery of admissible evidence. The Debtors also object to this request to the extent it is vague and ambiguous. In addition, the Debtors object to this Request to the extent that it seeks discovery of documents protected by the attorney-client privilege, the work product doctrine and/or the extensions of those privileges by the joint defense and/or common interest doctrines. Subject to those objections and the General Objections and Reservations of Rights set forth above, the Debtors refer the Discovering Parties to the virtual data-room established by the Debtors, which contains, among other things, the estimation expert reports and hearing transcripts from the Estimation Hearing.

**REQUEST NO. 73**

All Documents and Communications concerning the effect of the Mississippi Supreme Court's decision in *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So. 2d 493 (Miss. 2004) on the TDP and/or the processing, allowing and paying of Asbestos PI Claims.

**RESPONSE:**

See response to Request No. 72.

**REQUEST NO. 74**

Any Documents, Communications, investigation or analysis concerning whether the Asbestos PI Trust or TDP should restrict, limit or reject claims, reports or submissions by

Asbestos PI Claimants based on the diagnosis of disease, analysis, review or other involvement of:

(a)  Dr. Ray Harron, Dr. Andrew Harron, Dr. James Ballard, Dr. George H. Martindale, Dr. Barry Levy, Dr. Todd Coulter, Dr. W. Allen Oaks, Dr. Dominic J. Gaziano, Dr. Edward H. Holmes, Dr. Richard Smythe Kuebler, Dr. Richard P. Levine, Dr. Phillip H. Lucas, Dr. Larry M. Mitchell, Dr. Robert A. Rosati, Dr. Mark A. Schiefer, Dr. Kevin Cooper, Dr. Glynn Hilbun or Dr. Jay T. Segarra, or any former or current employee of any of the immediately preceding doctors; or

(b)  N&M, Inc. (a/k/a Netherland & Mason, Inc.), RTS Inc. (a/k/a Respiratory Testing Services, Inc.), Occupational Diagnostics, Inc., Healthscreen, Inc., Pulmonary Testing Service, Inc. (or successors of any of the foregoing), Molly Netherland, Heath Mason, Chris Taylor, Charles C. Foster, or any former or current employees of the immediately preceding entities or Persons.

**RESPONSE:**

See response to Request No. 5 above and Request No. 83 below.

**REQUEST NO. 75**

Any and all Documents, Communications, investigation, discussion or analysis concerning whether and how the TDP should be revised in response to any decisions or announcements by any existing asbestos trust (including Manville, Celotex, Eagle-Picher or any other trusts established under 11 U.S.C. § 524(g)) to restrict, limit or reject claims, reports or submissions by claimants based on involvement of particular physicians, B-readers, screening companies or facilities.

**RESPONSE:**

<u>See</u> response to Request No. 5 above and response to Request No. 83 below.

**REQUEST NO. 76**

All Documents and correspondence relating to any audit or review mechanism considered for use or to be used by the Asbestos PI Trust to ensure that Unimpaired Asbestos Claims are not paid by the Asbestos PI Trust.

**RESPONSE:**

<u>See</u> response to Request No. 5.

**REQUEST NO. 77**

A list of all "Pre-Petition Liquidated Claims" as defined in Section 5.2(a) of the TDP.

**RESPONSE:**

The Debtors object to this Request on the grounds that the Discovering Parties lack standing to propound this Request. The Debtors further object to this Request to the extent that it is overly broad, unduly burdensome, not relevant to confirmation of the Plan and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections and the General Objections and Reservations of Rights set forth above, to the extent that the Debtors possess and documents responsive to this Request and relevant to Plan confirmation, the Debtors will provide such documents in the virtual data-room subject to the Protective Order Regarding Confidential Information, entered by the Bankruptcy Court on December 17, 2008 [Dkt. No. 20287].

**REQUEST NO. 78**

All Documents and Communications relating to the obligation or prospective obligation of any Person, including without limitation the Reorganized Debtors, to make future

payments or contributions to the Asbestos PI Trust in connection with Asbestos PI Claims or to satisfy the requirements of 11 U.S.C. § 524(g).

**RESPONSE:**

<u>See</u> response to Request No. 5.

**REQUEST NO. 79**

All Documents and Communications relating to the negotiation, development, formulation and intended implementation of the Asbestos PI Trust, Asbestos PI Trust Agreement and TDP.

**RESPONSE:**

<u>See</u> response to Request No. 5.

**REQUEST NO. 80**

All Documents and reports prepared by any consultant or professional that You retained in connection with the (a) negotiation or (b) calculation, of the value of Asbestos PI Claims.

**RESPONSE:**

<u>See</u> response to Request No. 1.  The Debtors further object to this Request to the extent it seeks documents and correspondence protected from discovery by Federal Rule of Civil Procedure 26(b)(4)(B), applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026, 7033 and 9014.

**REQUEST NO. 81**

All Documents and reports prepared by any consultant or professional that You retained in connection with the negotiation, development, formulation and intended implementation of the Asbestos PI Trust, Asbestos PI Trust Agreement and the TDP.

**RESPONSE:**

See response to Request No. 80.

**REQUEST NO. 82**

All Documents and Communications relating to the negotiation, calculation, and/or determination of the Asbestos PI Trust Assets.

**RESPONSE:**

See response to Request No. 5. The Debtors further object to this Request to the extent it seeks documents and correspondence protected from discovery by Federal Rule of Civil Procedure 26(b)(4)(B), applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026, 7033 and 9014. Subject to that objection, the objections set forth in response to Request No. 5 above and the General Objections and Reservations of Rights set forth above, the Debtors direct the Discovering Parties to the Plan Documents, and the Term Sheet for Resolution of Asbestos Personal Injury Claims, which was publicly filed with the United States Securities and Exchange Commission on April 7, 2008 as an exhibit to the Debtors' Form 8-K.

**REQUEST NO. 83**

All Documents relating to any analysis, study, report or Communications concerning whether claimants asserting Asbestos PI Claims have ever asserted claims for damages relating to exposure to silica.

**RESPONSE:**

The Debtors object to this Request on the grounds that the Discovering Parties lack standing to propound this Request. The Debtors further object to this Request to the extent that it is overly broad, unduly burdensome, not relevant to confirmation of the Plan and not reasonably calculated to the lead to the discovery of admissible evidence. Subject to those objections and the General Objections and Reservation of Rights set forth above, the Debtors state that he received copies of certain documents from various sources in connection with

discovery propounded by the Debtors during the Estimation Hearing, which may contain

information that could be responsive to this Request.  That discovery, however, was produced

pursuant to protective orders entered by the Bankruptcy Court, which provide, among other

things, that the production of such materials shall be used only in connection with the Estimation

Hearing.  The motions to approve the protective orders and the orders relating thereto were all

filed on the Bankruptcy Court's docket and, therefore, are publicly available.

**REQUEST NO. 84**

   All Documents evidencing, pertaining to, reflecting, or otherwise referencing the

existence of the alleged policies listed in Schedule 1 to the Asbestos Insurance Transfer

Agreement, including but not limited to policy documents, contract language, endorsements,

slips, cover notes, declarations and certificates.

   **RESPONSE:**

  Subject to the General Objections and Reservations of Rights set forth above, the Debtors

will produce documents responsive to this Request to the virtual data room to the extent such

documents exist and are relevant to confirmation issues.

   **INCORPORATION AND RESERVATIONS**

  In response to the Discovering Parties' incorporation by reference of any requests for

admission filed by any other person, the Debtors incorporate by reference their responses to any

requests for admission filed by any other Person and reserve the right to amend or supplement those or these responses.

Dated: March 6, 2009

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

Theodore L. Freedman
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone: (212) 446 - 4800
Facsimile: (212) 446 - 4900

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

## VERIFICATION

I, Richard C. Finke, am Assistant General Counsel-Litigation for W. R. Grace & Co. I declare under penalty of perjury that I am authorized to make this declaration on behalf of W. R. Grace & Co., that I have read the above and foregoing Debtors' Response to Certain Insurers (Revised) First Set of Interrogatories, the facts and statements set forth therein are true and correct to the best of my personal knowledge or based on information supplied to me by others, including counsel, and as such are true and correct to the best of my knowledge, information and belief. In verifying the foregoing Debtors' Response to Certain Insurers (Revised) First Set of Interrogatories, I have relied upon the assistance of counsel and the investigation they have undertaken to compile the information upon which these Responses are based and the statements contained therein. W.R. Grace & Co. hereby reserves the right to modify, clarify, or supplement these discovery responses should new information warrant such modification, clarification or supplementation.

Richard C. Finke

Dated: March 6, 2009