IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Related to Docket Nos. 21764** |

## JOINDER OF ZURICH INSURANCE COMPANY AND ZURICH INTERNATIONAL (BERMUDA) LTD. TO THE PHASE I TRIAL BRIEF FOR CNA COMPANIES AND IN SUPPORT OF THEIR PHASE I OBJECTION TO CONFIRMATION OF THE FIRST AMENDED JOINT PLAN OR REORGANIZATION

Pursuant to the *Third Amended Case Management Order Related to the First Amended Joint Plan of Reorganization* [Docket No. 21544] entered in these cases, Zurich Insurance Company and Zurich International (Bermuda) Ltd. (hereinafter jointly referred to as "Zurich") submit this Joinder to the *Phase I Trial Brief for CNA Companies* [Docket No. TBD] ("CNA Brief") and in support of Zurich's Objection [Docket No. 21764] ("Zurich's Objection") to the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of February 27, 2009* (the "Plan") [Docket No. 20666], jointly submitted by the Debtors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Equity Security Holders, and the Asbestos PI Future Claimants' Representative (collectively the "Plan Proponents").[1]

## STATEMENT OF FACTS

The evidence at Phase I of the Plan confirmation hearing will show that Zurich is an Asbestos Insurance Entity that issued certain excess-layer insurance policies to the Debtors (the "Zurich Policies"); the Zurich Policies are Asbestos Insurance Policies under the Plan. *See* Plan

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan and Plan Documents.

§ 1.1(11); Plan Exhibit 6, Schedule 1. Under the Plan, the rights of the Debtors, Reorganized Debtors and Non-Debtor Affiliates (hereafter "Insurance Contributors") under the Zurich Policies are assigned to the Asbestos PI Trust (the "Trust") pursuant to the Asbestos Insurance Transfer Agreement. *See* Plan §§ 1.1(15), 7.2.

Zurich is a "non-settled" Asbestos Insurance Entity with respect to 10 of the 11 excess-level Asbestos Insurance Policies issued to the Debtors. Zurich (specifically, Zurich International (Bermuda) Ltd., or "ZIB") has entered into a Settlement Agreement that constitutes an Asbestos Insurance Reimbursement Agreement under the Plan, pursuant to which ZIB settled coverage disputes arising under one excess insurance policy issued to Debtors and agreed to pay the Debtors (pursuant to certain conditions and circumstances, as set forth in the Settlement Agreement) for certain costs arising from or related to Asbestos PI Claims.[2]

## ARGUMENT

As set forth in Zurich's Objection, the Plan or Plan Documents will or may impair Zurich's rights as an insurer under the Zurich Policies in at least the following respects that are subject to consideration during Phase I:

- The right to have claims asserted against the Debtors investigated and resolved in accordance with the procedures, conditions and rights set forth in the Zurich Policies and applicable non-bankruptcy law;

- The right to interpose defenses to claims for insurance coverage by the Debtors based on the terms of the applicable policies, settlement agreements and non-bankruptcy law;

- The right as provided under the Zurich Policies to have its coverage obligations subject to the actual amounts paid to the holder of an allowed Asbestos PI Claim, when those amounts are in fact paid, and not determined by the theories adopted in *UNR Industries v. Continental Casualty Co.*, 941 F.2d 1101 (7th Cir. 1991);

---

[2] Zurich understands that any objections as to the Plan's treatment of its rights under the Settlement Agreement that is an Asbestos Insurance Reimbursement Agreement are to be considered in Phase II of the Plan confirmation hearing, and thus does not address any such issues herein.

- The right, assuming an Asbestos PI Trust is permitted to address claim matters that might impact amounts sought from Zurich, or which Zurich might seek from the Trust on a contribution or indemnification theory, to have such claims heard and resolved by an Asbestos PI Trust that is managed by fiduciaries who will act in a disinterested fashion for the benefit of all Trust beneficiaries; and

- The right to seek from this Court appropriate injunctive relief, as specified in Section 524(g) of the Bankruptcy Code, where the requirements allowing this Court the discretion to issue such an injunction have been satisfied.

As grounds for these Objections, Zurich incorporates (as if fully stated herein) the arguments asserted in the CNA Brief to the extent such arguments are not inconsistent with Zurich's interests, and the positions set forth in Zurich's Objection. Zurich also joins the briefs filed by any other party-in-interest to the extent those briefs are not inconsistent with Zurich's interests and the positions set forth in Zurich's Objection. Like the policies issued to the Debtors by the CNA Companies, the Zurich Policies incorporate (to varying degrees and in different formulations) certain terms and conditions, including, *inter alia*, policy language requiring that (1) Zurich be provided with appropriate notice concerning matters that may impact its policies; (2) Zurich be permitted to participate in the investigation, defense and settlement of claims at Zurich's election, with Zurich and the Debtors to cooperate "in all things" respecting such claims for which coverage might exist under the Zurich Policies; and (3) Zurich's obligations not be triggered before the exhaustion of underlying limits of liability by virtue of the actual payment of claims. Zurich will introduce copies of the Zurich Policies at the Phase I hearing. As discussed more fully in the CNA Brief, the Plan either violates or potentially violates these provisions in a number of respects, and thus cannot be considered, in its current guise, as truly insurance neutral as required by controlling Third Circuit authority.

## CONTINUED RESERVATION OF RIGHTS
## AND JOINDER IN OTHER ARGUMENTS

Zurich continues to reserve its rights to further supplement its arguments based upon the on-going discovery concerning the Plan that continues to take place, and also joins in the arguments advanced by other parties, in addition to the CNA Companies, to the extent such arguments are not inconsistent with Zurich's interests, and the positions set forth herein.

## CONCLUSION

For the reasons set forth above, Zurich respectfully requests that the Court not confirm the Plan unless the Plan is modified to satisfy these objections, and that it provide such further relief as is just and proper.

Dated: June 1, 2009  
Wilmington, Delaware

CONNOLLY BOVE LODGE & HUTZ LLP

_____  
Jeffrey C. Wisler (#2795)  
Marc J. Phillips (#4445)  
The Nemours Building  
1007 N. Orange Street  
P.O. Box 2207  
Wilmington, DE 19899  
(302) 658-9141 Telephone  
(302) 658-0380 Facsimile

OF COUNSEL:  
Richard A. Ifft  
Karalee C. Morell  
WILEY REIN LLP  
1776 K Street, N.W.  
Washington, D.C. 20006  
(202) 719-7170 Telephone  
(202) 719-7049 Facsimile

*Attorneys for Zurich Insurance Company and Zurich International (Bermuda) Ltd.*

#690669v2

4