# Exhibit 9

# Tab (a)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:

ABB Lummus Global, Inc.                    Bankruptcy No. 06-10401-JKF
    Debtor(s)

Chapter 11

**Related to Dkt. No. 239, Nomination of Asbestos
PI Trust TAC Members**

## ORDER APPROVING NOMINATION OF TRUST ADVISORY
## COMMITTEE MEMBERS

**AND NOW**, this **28th** day of  **July, 2006**, **WHEREAS** at issue was the nomination of

two of the three initial Trust Advisory Committee members;

**WHEREAS** the nomination of Perry Weitz was not at issue;

**WHEREAS** after due consideration to the pleadings and arguments of counsel, the court

finds that there is no current actual conflict of interest that would bar Russell Budd or Steven

Kazan from serving as initial members of the Trust Advisory Committee established under the

Debtor's plan of reorganization;

It is therefore **ORDERED** that the nomination of Russell Budd, Perry Weitz and Steven

Kazan to serve as the initial three members of the TAC is **approved**.

Judith K. Fitzgerald    rmab
Judith K. Fitzgerald
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 06-10401 JKF |
| | ) | |
| ABB LUMMUS GLOBAL INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Dkt. No: 195 |
| | ) | |
| | ) | **Related to Dkt. No. 255** |

~~PROPOSED~~ ORDER (A) APPROVING DISCLOSURE STATEMENT AND
SOLICITATION PROCEDURES, (B) CONFIRMING AND RECOMMENDING
AFFIRMANCE BY THE U.S. DISTRICT COURT OF DEBTOR'S PLAN OF
REORGANIZATION AS MODIFIED THROUGH JUNE 8, 2006 AND (C) SETTING
BAR DATES TO FILE CERTAIN CLAIMS IN PARAGRAPHS 51, 52, 53 AND 74

This matter comes before this Court on the Motion of ABB Lummus Global Inc., debtor

and debtor-in-possession herein ("Lummus" or the "Debtor"), for an order approving the

Debtor's Disclosure Statement, solicitation procedures and confirming the Debtor's Plan of

Reorganization as Modified Through June 8, 2006 and filed of record on June 8, 2006, (the

"Plan").[1] This Court has reviewed the briefs and affidavits submitted in support of confirmation

of the Plan, listened to the oral arguments of all interested parties appearing at the hearing or

their counsel, reviewed the testimony of witnesses and other evidence admitted at the

Confirmation Hearing, and taken notice of the pleadings, orders, and proceedings in the Chapter

11 Case.

This Court also has reviewed: (a) the Affidavit of BSI Services, LLC by Cassandra

Murray, sworn to May 30, 2006 (Dkt. No. 190) reflecting (i) service of the Debtor's Solicitation

---

[1]     Capitalized terms used herein without definition shall have the meanings ascribed to such terms
in the Glossary of Terms for Plan Documents, filed of record on June 8, 2006 (the "Glossary") (Dkt. No.
216).  Any capitalized term used but not defined herein or in the Glossary, but that is defined in the
Bankruptcy Code or the Bankruptcy Rules shall have the meaning ascribed to such term in the
Bankruptcy Code or the Bankruptcy Rules.  Such meanings shall be equally applicable to both the
singular and the plural forms of such terms.

Package which included the Plan Documents to all known Class 5 and Class 6 Claimants and/or their counsel of record entitled to vote on the Plan and the Class 7 holder of Equity Interests and (ii) service of the Confirmation Hearing Notice on (1) the United States Trustee, (2) counsel for the holders of all known holders of asbestos personal injury claims against Lummus, (3) counsel for the ad hoc ACC, (4) holders of Claims or Equity Interests in Classes 5, 6 and 7, (5) creditors holding the largest twenty (20) claims against the Debtor or their counsel, (6) the Lummus FCR, (7) the CE Future Claimants' Representative, (8) the CE Official Creditors' Committee, and (9) those parties who requested notice pursuant to Bankruptcy Rule 2002; and (b) the Certificates of Publication filed on June 5, 2006, reflecting publication of the Notice of Commencement of Case, Meeting of Creditors and Confirmation Hearing (the "Confirmation Hearing Notice") in the May 4, 2006 editions of The Wall Street Journal (National Edition), the Newark Star-Ledger and The Houston Chronicle (Dkt. Nos. 209-11).

After due deliberation and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

A.    **General Decrees and Implementation**

1.    The Disclosure Statement is hereby approved as containing adequate information in accordance with section 1125 of the Bankruptcy Code.

2.    The Debtor's solicitation of acceptances or rejections of the Plan was in compliance with all applicable requirements of section 1126(b)(1) and (2) of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018.

3.    The Ballots, in the form transmitted with the Disclosure Statement, are approved in all respects.

4.      The Plan is hereby confirmed and each and every provision contained therein is approved in its entirety.  All technical modifications to the Plan are approved in all respects and are incorporated into the Plan as previously approved by prior orders of this Court.

5.      The record of the Confirmation Hearing is closed.

6.      The holders of impaired Class 5 and Class 6 Claims have voted to accept the Plan in the numbers and amounts required by section 1126(b) of the Bankruptcy Code.  The holders of Class 5 Claims also have voted to accept the Plan in sufficient numbers to meet the requirements of section 524(g)(2)(B)(ii)(IV)(bb) of the Bankruptcy Code.

7.      The Class 7 Equity Interest has voted to accept the Plan in the number and amount required by sections 1126(b) and (d), respectively of the Bankruptcy Code.

8.      All other Classes of Claims are unimpaired under the Plan and are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

9.      The Plan Documents as they exist on the record as of the time of the entry of this Order, including, without limitation, the Lummus Asbestos PI Trust Documents, together with all amendments, modifications, and supplements thereto, and all annexes, exhibits, and schedules thereto, and all terms and conditions thereof, are hereby approved.

10.      There were no objections to: (a) the adequacy of the information contained in the Disclosure Statement, (b) the solicitation procedures used by the Debtor in connection with acceptances or rejections of the Plan or (c) confirmation of the Plan.

11.      Except as otherwise provided in this Order, all payments made or to be made by the Debtor, or by any Entity to the extent, if any, that such Entity issues or delivers securities or acquires property under or pursuant to the Plan, for services or for costs and expenses in or in

connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, are hereby approved as reasonable.

12.     Nothing in this Order shall in any way affect the provisions of section 7.10 of the Plan, which provide that "the effective date of the Plan," as used in section 1129 of the Bankruptcy Code, shall not occur, and that the Plan shall be of no force and effect, until the Effective Date and, more specifically, unless and until the conditions in section 7.10 of the Plan have been satisfied or waived by the appropriate parties as more fully provided in section 7.10 of the Plan.

13.     If the Effective Date does not occur pursuant to the terms of the Plan, the Debtor (including the Reorganized Debtor) shall immediately file a notice that the Effective Date has not occurred, and the terms of this Order and all Findings of Fact and Conclusions of Law shall be vacated and be null and void, and the Debtor and holders of Claims and Equity Interests shall stand in the same position in which such Entity would have stood if this Order had not been entered.  Notwithstanding this provision, this Court finds that it is more likely than not that the Effective Date will occur and that section 1129(a)(11) of the Bankruptcy Code is satisfied.

14.     The provisions of section 7.9.1 of the Plan are incorporated herein and this Court specifically makes the findings and determinations stated therein.

**B.     <u>Certain Matters Relating to Implementation of the Plan</u>**

**Certain Corporate Filings; Management of the Reorganized Debtor**

15.     The president, vice president, secretary, treasurer, or any other officer of the Debtor shall be authorized to execute, deliver, file, or record such contracts, instruments, settlement agreements, releases, indentures, and other agreements or documents and to take or direct such actions as may be necessary or appropriate on behalf of the Debtor or Reorganized

- 4 -

Debtor to effectuate and further evidence the terms and conditions of the Plan and Plan Documents, all of which are consistent with the Debtor's constituent documents. The secretary or any other officer of the Debtor shall be authorized to certify or attest to any of the foregoing actions.

16.    All matters provided for under the Plan involving any corporate action to be taken by, or required of, the Debtor or the Reorganized Debtor, shall be deemed to have occurred and be effective as provided in the Plan, and shall be authorized and approved in all respects without any requirement for further action by the stockholders or directors of any such entities. This Order constitutes all authority, if any, required by the General Corporation Law of the State of Delaware, as applicable, and any other applicable business corporation, trust, and other laws, rules or regulations of the applicable Governmental Units with respect to the implementation and consummation of the Plan.

17.    On and after the Effective Date and until their successors are duly elected or appointed and qualified, the business and affairs of the Reorganized Debtor will be managed by the board of directors and officers of the Debtor serving immediately prior to the occurrence of the Effective Date.

**Vesting of Assets; Continued Corporate Existence**

18.    On the Effective Date, the Reorganized Debtor shall be vested with all of the assets and property of its former Bankruptcy Estate, free and clear of all Claims, liens, charges, and other interests of holders of Claims or Equity Interests, except to the extent specifically provided herein, in another order of this Court, or in the Plan, and may operate its business free of any restrictions imposed by the Bankruptcy Code.

- 5 -

**Institution and Maintenance of Legal and Other Proceedings**

19.    Except as expressly otherwise provided in the Plan, as of the Effective Date, the Lummus Asbestos PI Trust shall be empowered to initiate, prosecute, defend, and resolve all legal actions and other proceedings related to any asset, liability, or responsibility of the Lummus Asbestos PI Trust.  Subject to the Plan and the other Plan Documents, the Lummus Asbestos PI Trust shall be responsible for the payment of all damages, awards, judgments, settlements, expenses, costs, fees, and other charges incurred by or on behalf of the Lummus Asbestos PI Trust subsequent to the Effective Date arising from, or associated with, any legal action or other proceeding that is the subject of this paragraph.

20.    On and after the Effective Date, all causes of action which remain property of the Reorganized Debtor pursuant to the Plan may be pursued or compromised as deemed appropriate by the Reorganized Debtor in its sole discretion without need for this Court's approval.  Prior to the Effective Date, the Debtor or Reorganized Debtor shall file motions to approve any and all compromises and settlements.

**No Transfer Taxes**

21.    Pursuant to section 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of any of the securities issued, transferred, or exchanged under, or the transfer of any other assets or property pursuant to, or in connection with, the Plan, or the making or delivery of an instrument of transfer under, or in connection with, the Plan shall not be taxed under any law imposing a stamp tax, transfer tax, or other similar tax.

**C.**     **The Lummus Asbestos PI Trust**

**Establishment and Purpose of Lummus Asbestos PI Trust**

22.     On the Effective Date, the Lummus Asbestos PI Trust shall be established in accordance with the Plan Documents and the Lummus Asbestos PI Trust Documents.   The Lummus Asbestos PI Trust shall be a "qualified settlement fund" within the meaning of regulations issued pursuant to section 468B of the IRC.  The purpose of the Lummus Asbestos PI Trust shall be to, among other things, and except as otherwise provided in the Plan, assume all Lummus Asbestos PI Trust Claims and to use the Lummus Asbestos PI Trust Assets to pay holders of such Claims in accordance with the Lummus Asbestos PI Trust Agreement and the Lummus TDP.

23.     On the Effective Date, all right, title and interest in and to the Lummus Asbestos PI Trust Assets and any proceeds or causes of action thereunder shall be transferred to, and vested in, the Lummus Asbestos PI Trust free and clear of all Claims, interests, Encumbrances and other interests of any Entity without any further action of any Entity.  The Lummus Asbestos PI Trust and the Trustee are hereby authorized and empowered to receive the Lummus Asbestos PI Trust Assets.

**The Appointment of Trustees, TAC Members, and the Future Claimants' Representative**

24.     The initial trustee of the Lummus Asbestos PI Trust shall be the Hon. Dean M. Trafelet (Ret.).  Effective as of the Effective Date, the Trustee shall serve in accordance with the Lummus Asbestos PI Trust Agreement.

25.     The initial member of the TAC shall be Perry Weitz.  The remaining members of the TAC will be the nominees of the Debtor, the CCC, the ACC, and the Lummus Future Claimants' Representative, acting jointly, subject to the approval of this Court and appointment

prior to the Effective Date.  As of the Effective Date, the initial members of the TAC shall serve in accordance with the Lummus Asbestos PI Trust Agreement.

26.     Richard B. Schiro shall continue to serve as the Future Claimants' Representative on and after the Effective Date pursuant to Article VI of the Lummus Asbestos PI Trust Agreement.

## D.     **Insurance**

27.     Notwithstanding anything to the contrary in this Order, the Plan, or any of the Plan Documents, nothing in this Order, the Plan or any of the Plan Documents (including any provision that purports to be preemptory or supervening), shall in any way operate to, or have the effect of, impairing the insurers' legal, equitable, or contractual rights, if any, in any respect. The rights of insurers shall be determined under the Subject Insurance Policies or Subject Lummus Insurance Settlement Agreements as applicable.

28.     No party may use for any purpose in any other proceeding: (i) any testimony by any witness (including any affidavits submitted during the course of this Chapter 11 Case and attachments thereto); or (ii) any materials and/or work product generated or created by or for any expert witness; or (iii) this Court's findings and conclusions, if any, relating to the actual, estimated, or projected amount or value of the Debtor's asbestos-related future liability or the insurance available to pay the Debtor's asbestos-related liability.

29.     Nothing in the Plan or in this Order shall preclude any Entity from asserting in any proceeding any and all Claims, defenses, rights or causes of action that it has or may have under or in connection with any Subject Lummus Insurance Policies or any Subject Lummus Insurance Settlement Agreement.  Nothing in the Plan or this Order shall be deemed to waive any claims, defenses, rights or causes of action that any Entity has or may have under the

provisions, terms, conditions, defenses, and/or exclusions contained in the Subject Lummus Insurance Policies or any Subject Lummus Insurance Settlement Agreements, including, but not limited to, (a) any and all such claims, defenses, rights or causes of action based upon or arising out of Lummus Asbestos PI Trust Claims that are liquidated, resolved, discharged, channeled or paid in connection with the Plan and (b) any Lummus Asbestos Insurance Entity's right to contest insurance coverage for any claim resolved pursuant to the Lummus TDP.

30. Certain Lummus Asbestos Insurance Entities have entered into settlement agreements with the Debtor, which have been approved by this Court. Those approved settlement agreements satisfy the requirements for such settling insurers to be Settling Lummus Asbestos Insurance Companies as defined in the Plan because (a) such settlement agreements are sufficiently comprehensive to warrant the settling insurers' treatment under section 524(g) of the Bankruptcy Code in the case of Lummus Asbestos PI Trust Claims, and (b) such Settling Lummus Asbestos Insurance Companies have been listed on the schedule of Settling Lummus Asbestos Insurance Companies filed with the Court by the Debtor prior to the Confirmation Date.

## E.    Discharge, Releases and Injunctions

31. Except as specifically provided in the Plan or in this Order, the rights afforded in the Plan and the treatment of all Claims and Equity Interests therein shall be in exchange for and in complete satisfaction, discharge and release of all Claims, Demands and Equity Interests of any nature whatsoever, against the Debtor and the Debtor in Possession, or its assets, properties, or interests in property. Except as otherwise provided in the Plan or in this Order, on the Effective Date all Claims against and Equity Interests in the Debtor and the Debtor in Possession shall be satisfied, discharged, and released in full. Except as otherwise provided in the Plan or

- 9 -

this Order, the Reorganized Debtor shall not be responsible for any obligations of the Debtor or the Debtor in Possession except those expressly assumed by the Reorganized Debtor pursuant to the Plan and the other Plan Documents. To the extent provided in the Plan and Plan Documents, all Entities shall be precluded and forever barred from asserting, against the Lummus Asbestos PI Trust and the Asbestos Protected Parties, or their assets, properties, or interests in property, any other or further Claims or Demands based upon any act or omission, transaction, or other activity, event, or occurrence of any kind or nature that occurred prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date, except as expressly provided in the Plan.

32.    To the extent provided in the Plan and the other Plan Documents, the transfer to, vesting in, and assumption by the Lummus Asbestos PI Trust of the Lummus Asbestos PI Trust Assets as contemplated by the Plan and the ABB and Non-Debtor Affiliate Settlement Agreement (Lummus) shall, among other things, on the Effective Date: (a) discharge the Debtor and the Reorganized Debtor for and in respect of all Lummus Asbestos PI Trust Claims; and (b) release and extinguish all obligations and liabilities of the Released Parties for and in respect of all Lummus Asbestos PI Trust Claims. On the Effective Date, subject to the terms of the Plan and the other Plan Documents, the Lummus Asbestos PI Trust shall assume all Lummus Asbestos PI Trust Claims and shall evaluate, determine and pay (if and to the extent entitled to payment) Lummus Asbestos PI Trust Claims in accordance with the Lummus Asbestos PI Trust Agreement and the Lummus TDP.

33.    On and after the Effective Date, the Debtor shall be fully and finally discharged of any liability or obligation on a disallowed Claim, and any order creating a disallowed Claim which is not a final order as of the Effective Date solely because of an Entity's right to move for

reconsideration of such order pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rule 3008 shall nevertheless become and be deemed to be a final order on the Effective Date for the purpose of, and shall then be, subject to appeal.

34.    Except to the extent released or assigned pursuant to the Plan or any of the Plan Documents including, without limitation, the ABB and Non-Debtor Affiliate Settlement Agreement (Lummus), (i) any rights, claims, or causes of action accruing to the Debtor pursuant to the Bankruptcy Code or pursuant to any statute or legal theory, including any avoidance or recovery actions under or through sections 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code, (ii) any rights to, claims, or causes of action for recovery under any policies of insurance issued to, or on behalf of, or which provides indemnity or liability payments to or on behalf of, the Debtor and (iii) any rights, claims, and causes of action against third parties related to or arising out of Allowed Claims, shall, pursuant to the Plan on the Effective Date, be retained and resolved by the Reorganized Debtor.

**F.    The Lummus Asbestos PI Channeling Injunction**

35.    In connection with the creation of the Lummus Asbestos PI Trust and to supplement the injunctive relief of a discharge under section 524 of the Bankruptcy Code, the Lummus Asbestos PI Channeling Injunction shall be, and hereby is, issued and approved as of the Effective Date pursuant to section 524(g) of the Bankruptcy Code.  The Lummus Asbestos PI Channeling Injunction applies to all Lummus Asbestos PI Trust Claims.

36.    Subject to paragraph 37 hereof, on and after the Effective Date, the Lummus Asbestos PI Channeling Injunction shall apply to all present and future holders of Lummus Asbestos PI Trust Claims, and all present and future holders of Lummus Asbestos PI Trust Claims shall be permanently and forever stayed, restrained, and enjoined from taking any of the

- 11 -

following actions for the purpose of, directly or indirectly, collecting, recovering, or receiving payment of, on, or with respect to any Lummus Asbestos PI Trust Claims other than from the Lummus Asbestos PI Trust in accordance with the applicable trust distribution or payment procedures:

(a)    commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding (including a judicial, arbitration, administrative, or other proceeding) in any forum against or affecting any Asbestos Protected Party, or Settling Lummus Asbestos Insurance Company or any property or interests in property of any Asbestos Protected Party or any Settling Lummus Asbestos Insurance Company;

(b)    enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any means or in any manner, whether directly or indirectly, any judgment, award, decree, or other order against any Asbestos Protected Party or Settling Lummus Asbestos Insurance Company or any property or interests in property of any Asbestos Protected Party or Settling Lummus Asbestos Insurance Company;

(c)    creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Encumbrance against any Asbestos Protected Party or Settling Lummus Asbestos Insurance Company, or any property or interests in property of any Asbestos Protected Party or Settling Lummus Asbestos Insurance Company;

(d)    setting off, seeking reimbursement of, contribution from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to any Asbestos Protected Party or Settling Lummus Asbestos Insurance Company or any property or interests in property of any Asbestos Protected Party or Settling Lummus Asbestos Insurance Company; and

(e)    proceeding in any manner in any place with regard to any matter that is subject to resolution pursuant to the Lummus Asbestos PI Trust, except in conformity and compliance with the Lummus Asbestos PI Trust Agreement and the Lummus TDP.

37.    The sole recourse of the holder of a Settled Asbestos Claim on account of such Settled Asbestos Claim shall be to the Reorganized Debtor pursuant to the terms of the applicable settlement agreement with the Debtor which agreement was binding and enforceable prior to February 17, 2003, and such holder shall have no right to assert his or her Settled

- 12 -

Asbestos Claim against the Lummus Asbestos PI Trust, any Settling Lummus Asbestos Insurance Company, or any Asbestos Protected Party (other than the Reorganized Debtor), or any property or interest of the Lummus Asbestos PI Trust, any Settling Lummus Asbestos Insurance Company, or any Asbestos Protected Party (other than the Reorganized Debtor).

38.    Subject to paragraph 37 hereinabove, the sole recourse of the holder of an Lummus Asbestos PI Trust Claim on account of such Lummus Asbestos PI Trust Claim shall be to the Lummus Asbestos PI Trust pursuant to the provisions of the Plan, Lummus Asbestos PI Channeling Injunction, Lummus Asbestos PI Trust Agreement, and Lummus TDP, and such holder shall have no right whatsoever at any time to assert its Lummus Asbestos PI Trust Claim against the Debtor, Reorganized Debtor, any Settling Lummus Asbestos Insurance Company or any Asbestos Protected Party, or any property or interest in property of the Debtor, the Reorganized Debtor, any other Asbestos Protected Party, or any Settling Lummus Asbestos Insurance Company.

39.    Notwithstanding the terms of the Lummus Asbestos PI Channeling Injunction or any other provision in the Plan, any other Plan Document, or this Order to the contrary:

> (a)    no holder of a Lummus Asbestos PI Trust Claim other than holders of Settled Asbestos Claims shall be enjoined from asserting, on or after the Effective Date, such claim against the Lummus Asbestos PI Trust in accordance with the Lummus Asbestos PI Trust Agreement and the Lummus TDP, and any such Lummus Asbestos PI Trust Claim shall be evaluated, determined and paid (if and to the extent entitled to payment) by the Lummus Asbestos PI Trust pursuant to the Lummus Asbestos PI Trust Agreement and the Lummus TDP; and

> (b)    no holder of a Settled Asbestos Claim shall be enjoined from asserting, on or after the Effective Date, such claim against the Reorganized Debtor in accordance with the applicable settlement agreement with the Debtor which agreement was binding and enforceable prior to February 17, 2003, and any such Settled Asbestos Claim shall be evaluated, determined and paid (if and to the extent entitled to payment) by the Reorganized Debtor pursuant to the terms of such settlement agreements.

40.    As stated in section 7.14.2 of the Plan, anything in the Plan, any Plan Document, this Order or the Lummus Asbestos PI Channeling Injunction or otherwise to the contrary notwithstanding, upon the entry of an order finding that an Injunction Default has occurred, (i) the Lummus Asbestos PI Channeling Injunction, the provisions of sections 3.2.5.2, 7.2.7 (as to clause (2)), 7.2.9, 7.14.1, 11.2, 11.6 (to the extent necessary to the assertion and prosecution of the claims referred to below), 11.7.2, 11.7.3 and 11.8 of the Plan, the provisions of section 7.2.5 of the Plan to the extent necessary to permit the assertion of Lummus Asbestos PI Trust Claims and claims to enforce the Plan and the Plan Documents and all obligations and liabilities arising thereunder or in connection therewith, the provisions of sections 3.4 and 4.4 of the Lummus Asbestos PI Trust Agreement, the provisions of sections 3.1 and 3.3 of the ABB and Non-Debtor Affiliate Settlement Agreement (Lummus) and any other release, exculpation, injunction, indemnity or other limitation or any provision of the Plan or any Plan Document or this Order effecting or purporting to effect any release, exculpation, injunction, indemnity or other limitation, relating to Lummus Asbestos PI Trust Claims and claims to enforce the Plan and the Plan Documents and all obligations and liabilities arising thereunder or in connection therewith, shall forthwith automatically and without further order or action whatsoever terminate and be of no force or effect with respect to ABB, ABB Holdings, any other obligor in respect of any obligation or liability arising under or in respect of the Plan or any Plan Documents, and any Guarantor who or which, on the date of the Injunction Default, was an Affiliate of ABB or ABB Holdings, (ii) thereupon and at all times thereafter (subject to the right of the Trustees of the Lummus Asbestos PI Trust to request that this Court reinstate the Lummus Asbestos PI Channeling Injunction if, in such Trustee's absolute discretion, he deems such reinstatement to be in the best interests of the Lummus Asbestos PI Trust), Lummus Asbestos PI Trust Claims

- 14 -

and claims to enforce the Plan and the other Plan Documents and all obligations and liabilities arising under the Plan and the other Plan Documents or in connection therewith may be freely asserted against ABB, ABB Holdings, and/or any Guarantor who or which was, on the date of the Injunction Default, an Affiliate of ABB or ABB Holdings, and (iii) none of ABB, ABB Holdings, or any Guarantor who or which was, on the date of the Injunction Default, an Affiliate of ABB or ABB Holdings shall be entitled or have the right to be indemnified by, make or assert a claim against or otherwise recover from the Lummus Asbestos PI Trust (or any other Entity to the extent any such claim against or recovery from such other Entity would give rise to any claim against or recovery from the Lummus Asbestos PI Trust) for, on account of or in respect of any such Claim or Demand.  Notwithstanding the foregoing, an Injunction Default shall not be deemed to have occurred: (i) solely as a result of a failure by the Reorganized Debtor, ABB or ABB Holdings to make a payment of Aggregate Insurance Recoveries pursuant to section 2.2 of the Non-Debtor Affiliate Settlement Agreement (Lummus) based solely upon ABB's reasonable assertion in good faith that an event which gives rise to an obligation to make such payment has not occurred or is disputed (a "Disputed Payment"); or (ii) a failure on the part of the Debtor, the Reorganized Debtor, ABB or ABB Holdings to make a payment on account of Aggregate Insurance Recoveries as the result of a good faith error on the part of such Entity (a "Missed Payment") unless within ten (10) days after the resolution of such Disputed Payment or Missed Payment (whether by agreement of the parties or when an order becomes a Final Order determining that such Disputed Payment or Missed Payment is due), ABB (or an entity acting on ABB's behalf) fails to pay such Disputed Payment or Missed Payment in full together with, unless the parties agree to the contrary, interest at a rate equal to the sum of (x) The Wall Street Journal (National Edition) daily prime rate plus (y) four percent (4%) from the date such

- 15 -

Disputed Payment or Missed Payment was originally due without regard to any dispute or error until the date such amount is paid in full. If it is determined that any or all of a Disputed Payment or Missed Payment is due, then ABB or ABB Holdings shall also promptly pay the reasonable costs and expenses (including reasonable attorneys' fees) paid or incurred by the Lummus Asbestos PI Trust in connection with such dispute or error or the resolution thereof.

41.     No other provision of the Plan, any Plan Document, this Order, the Lummus Asbestos PI Channeling Injunction or otherwise shall, or shall be deemed to, limit, modify, override or supersede the provisions of section 7.14.2 of the Plan and the remedies provided in section 7.15.3 of the Plan shall be in addition to any other remedy or remedies provided in any Plan Document.

42.     Anything in the Plan, any Plan Documents, this Order or the Lummus Asbestos PI Channeling Injunction or otherwise to the contrary notwithstanding, the Lummus Asbestos PI Channeling Injunction shall operate and be construed to stay, restrain and enjoin Lummus Asbestos PI Trust Claims (subject also to the other limitations set forth in the Plan and Plan Documents) only to the extent such Lummus Asbestos PI Trust Claims (whether now existing or hereafter arising) are based upon the Debtor's direct or indirect liability or alleged liability. For the sake of clarity, Lummus Asbestos PI Trust Claims based upon the Debtor's direct or indirect liability (or alleged liability) include Lummus Asbestos PI Trust Claims (whether now existing or hereafter arising) against any Alstom Protected Party which is (i) a former Affiliate of the Debtor, or (ii) a direct or indirect successor to, or transferee of assets of, the Debtor or a former Affiliate of the Debtor (or against any Entity that, pursuant to the Plan or otherwise after the Effective Date, becomes a direct or indirect transferee of, or successor to, any such Alstom Protected Party or any of the assets of any such Alstom Protected Party (but only to the extent

- 16 -

that any such Entity is or may be alleged to be directly or indirectly liable for Lummus Asbestos PI Trust Claims and such liability is asserted to exist as a result of its becoming such a transferee or successor)) in either case to the extent such Lummus Asbestos PI Trust Claims arise as a consequence of the acts, omissions, products, business or operations of an Entity when such Entity was an Affiliate of the Debtor.

## G.    **The Asbestos Insurance Entity Injunction**

43.    In connection with the creation of the Lummus Asbestos PI Trust and to supplement the injunctive relief of a discharge under section 524 of the Bankruptcy Code, the Asbestos Insurance Entity Injunction shall be, and hereby is, issued and approved as of the Effective Date pursuant to section 524(g) of the Bankruptcy Code and shall be in full force and effect for a period of one (1) year from and after the Effective Date.

44.    All Entities (not including the Reorganized Debtor) that have held or asserted, that hold or assert, or that may in the future hold or assert any Claim, Demand, or cause of action (including any Lummus Asbestos PI Trust Claim), against any Lummus Asbestos Insurance Entity, based upon, relating to, arising out of, or in any way connected with any Lummus Asbestos PI Trust Claim, Demand, Lummus Asbestos PI Insurance Rights, Subject Lummus Insurance Policies, or Subject Lummus Insurance Settlement Agreements whenever and wherever arisen or asserted (including all Claims in the nature of or sounding in tort, or under contract, warranty, or any other theory of law, equity, or admiralty) shall be stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery with respect to any such Claim, Demand, or cause of action, including:

> (a)    commencing, conducting, or continuing, in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including a judicial,

arbitration, administrative, or other proceeding) in any forum with respect to any such Claim, Demand, or cause of action against any Lummus Asbestos Insurance Entity, or against the property of any Lummus Asbestos Insurance Entity, with respect to any such Claim, Demand, or cause of action;

(b)    enforcing, levying, attaching, collecting, or otherwise recovering, by any means or in any manner, whether directly or indirectly, any judgment, award, decree, or other order against any Lummus Asbestos Insurance Entity, or against the property of any Lummus Asbestos Insurance Entity, with respect to any such Claim, Demand, or cause of action;

(c)    creating, perfecting, or enforcing in any manner, directly or indirectly, any Encumbrance against any Lummus Asbestos Insurance Entity, or the property of any Lummus Asbestos Insurance Entity, with respect to any such Claim, Demand, or cause of action;

(d)    except as otherwise specifically provided in the Plan, asserting or accomplishing any setoff, right of subrogation, indemnity, contribution, or recoupment of any kind, directly or indirectly, against any obligation due any Lummus Asbestos Insurance Entity, or against the property of any Lummus Asbestos Insurance Entity, with respect to any such Claim, Demand, or cause of action; and

(e)    taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents relating to such Claim, Demand, or cause of action.

provided, however, that: (i) the Lummus Asbestos Insurance Entity Injunction shall not impair in any way the rights, claims, or causes of action of the Debtor or the Reorganized Debtor; (ii) the Debtor or the Reorganized Debtor shall have the sole and exclusive authority at any time to terminate, reduce, or limit the scope of, the Lummus Asbestos Insurance Entity Injunction with respect to any Lummus Asbestos Insurance Entity upon express written notice to such Lummus Asbestos Insurance Entity; and (iii) the Lummus Asbestos Insurance Entity Injunction is issued solely for the benefit of the Debtor and the Reorganized Debtor and is not issued for the benefit of any Lummus Asbestos Insurance Entity and no Lummus Asbestos Insurance Entity is a third-party beneficiary of the Lummus Asbestos Insurance Entity Injunction.

- 18 -

45.    Notwithstanding anything to the contrary in paragraph 44 above, the Lummus Asbestos Insurance Entity Injunction shall not enjoin the rights, if any:

(a)    of Entities to the treatment accorded them under the Plan, including the rights of Entities with Lummus Asbestos PI Trust Claims to assert such Lummus Asbestos PI Trust Claims against the Lummus Asbestos PI Trust in accordance with the Lummus Asbestos PI Trust Agreement and the Lummus TDP;

(b)    of Entities to assert any claim, debt, obligation, or liability for payment of Lummus Asbestos PI Trust Expenses against the Lummus Asbestos PI Trust;

(c)    of the Debtor or the Reorganized Debtor to prosecute any action based on or arising from the Lummus Asbestos Insurance Rights; and

(d)    of the Debtor or Reorganized Debtor to assert any claim, debt, obligation, or liability for payment against a Lummus Asbestos Insurance Entity based on or arising from the Lummus Asbestos Insurance Rights.

## H.    Section 346 Injunction

46.    In accordance with section 346 of the Bankruptcy Code, for purposes of any state or local law imposing a tax, income will not be realized by the Debtor or Reorganized Debtor by reason of forgiveness or discharge of indebtedness resulting from the consummation of the Plan. As a result, each state or local taxing authority that was provided with notice of this proceeding is permanently enjoined and restrained, after the Confirmation Date, from commencing, continuing, or taking any act to impose, collect, or recover in any manner any tax against the Debtor or Reorganized Debtor arising by reason of the forgiveness or discharge of indebtedness under the Plan.

## I.    Continuation of Prior Stays and Injunctions

47.    All of the injunctions and/or automatic stays provided for, in or in connection with the Chapter 11 Case, whether pursuant to sections 105 and 362 of the Bankruptcy Code, or any other provision of the Bankruptcy Code or other applicable law, in existence immediately prior to the Confirmation Date shall remain in full force and effect until the injunctions set forth

- 19 -

in the Plan become effective. In addition, on and after the Confirmation Date, the Reorganized Debtor may seek such further orders as it may deem necessary or appropriate to preserve the status quo during the time between the Confirmation Date and the Effective Date.

48.     The Lummus Asbestos PI Channeling Injunction and the Lummus Asbestos Insurance Entity Injunction shall become effective on the Effective Date and shall continue in effect at all times thereafter except as otherwise provided by the Plan or herein.

49.     Notwithstanding anything to the contrary contained in the Plan, all actions in the nature of those to be enjoined by the Lummus Asbestos PI Channeling Injunction and the Lummus Asbestos Insurance Entity Injunction shall be enjoined during the period between the Confirmation Date and the Effective Date.

**J.**     **Executory Contracts**

50.     Except for executory contracts that the Debtor has rejected prior to the Effective Date or designated as being subject to rejection in connection with the Effective Date, as set forth in section 8.1 of the Plan, and in accordance with section 1123(b)(2) of the Bankruptcy Code, all executory contracts and unexpired leases not previously assumed by the Debtor pursuant to section 365 of the Bankruptcy Code shall be deemed to have been assumed by the Reorganized Debtor on the Effective Date.

**K.**     **Claims Bar Dates**

**Bar Dates for Administrative Expense Claims, Fee Claims, and Professional Compensation**

51.     Professionals or other Entities requesting compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331, and 503(b) of the Bankruptcy Code (including compensation requested pursuant to section 503(b)(3) and (4) of the Bankruptcy Code by any professional or other Entity for making a substantial contribution in the Chapter 11 Case) must

- 20 -

file and serve on the Reorganized Debtor and on such Entities who are designated by the Bankruptcy Rules an application for final allowance of compensation and reimbursement of expenses no later than forty-five (45) days after the last date of the calendar month in which the Effective Date occurs.

**No Bar Date for Ordinary Course Liabilities**

52.     Holders of Administrative Expense Claims based on obligations incurred by the Debtor in the ordinary course of its business shall not be required to file or serve any request for payment of such Claims and shall be paid in full by the Debtor or performed by the Reorganized Debtor, when due in the ordinary course of business and in accordance with the terms and conditions of the particular agreements governing such obligations, if any.

**Bar Date for Rejection Damage Claims and Non-Asbestos Claims**

53.     If the rejection of an executory contract or unexpired lease pursuant to section 8.1 of the Plan (see paragraph 50 above) gives rise to a Claim by the other party or parties to such contract or lease, such Claims shall be forever barred and shall not be enforceable against the Debtor or the Reorganized Debtor, its successors or their respective properties unless a Proof of Claim is filed on or before the later to occur of: (a) thirty (30) days after the date of entry of an order of this Court approving such rejection; or (b) thirty (30) days after service of notice of such rejection, if such rejection occurs by expiration of the time fixed by this Court.  Objections to Claims filed as a result of the rejection of an executory contract or unexpired lease shall be filed with this Court within thirty (30) days of such filing.

54.     Except as otherwise provided in paragraphs 51, 52 and 53 of this Order, all Claims other than Lummus Asbestos PI Trust Claims shall be paid by Lummus in the ordinary course of its business as same become due and payable and in accordance with the terms and

- 21 -

conditions of the particular agreements governing such obligations, if any, provided, however, that the preceding shall not act as a waiver of any right of the Debtor to dispute the payment of such other Claims.

55.    All objections to Claims referenced in paragraphs 51 and 53 hereof other than Lummus Asbestos PI Trust Claims shall be filed within one hundred twenty (120) days after the Confirmation Date.

**L.    Retention of Jurisdiction**

56.    Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, this Court shall retain and shall have jurisdiction in accordance with the Plan and the other Plan Documents.

57.    The Lummus Asbestos PI Trust shall be subject to the continuing jurisdiction of this Court in accordance with the requirements of section 468B of the IRC and the regulations issued pursuant thereto.

58.    ABB shall be subject to the jurisdiction of this Court as and to the extent provided in the Plan and the other Plan Documents.

**M.    Exculpation**

59.    To the extent permitted by law applicable to cases under title 11 of the United States Code in the District of Delaware as of the Effective Date, the Debtor, the Reorganized Debtor, the ABB Indemnified Parties, the Alstom Protected Parties, the CCC, the Lummus FCR, the CE FCR, the ACC, the Trustees, the Additional Indemnitees and each of their respective Representatives (i) shall not have or incur any liability to any Entity for any act or omission in connection with or arising out of the negotiation of the Plan, the CE Plan, or any Plan Document related thereto or proposed in connection with the Chapter 11 Case, negotiation of the settlement provided in the ABB and Non-Debtor Affiliate Settlement Agreement (Lummus), the pursuit of

- 22 -

confirmation of the Plan, the CE Plan, or any Plan Documents related thereto or proposed in connection with the Chapter 11 Case, the consummation of the Plan or the settlement provided in the ABB and Non-Debtor Affiliate Settlement Agreement (Lummus), or the administration of the Plan, the CE Plan, or the property to be distributed under the Plan and (ii) in all respects shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan and the other Plan Documents proposed in the Chapter 11 Case.

### N.    <u>Releases</u>

60.    To the extent permitted by law applicable to cases under title 11 of the United States Code in the District of Delaware as of the Effective Date, other than rights to the treatment provided in Article III of the Plan or as otherwise provided herein, on and after the Effective Date, each holder of a Claim (i) who has accepted the Plan, or (ii) who is entitled to receive a Distribution of property under the Plan, shall be deemed to have unconditionally released the Released Parties, the ACC, the Lummus FCR, the CCC, and their current and former Representatives from any and all claims (as defined in section 101(5) of the Bankruptcy Code), obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based in whole or in part upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date in any way relating or pertaining to, the Debtor or the Reorganized Debtor, the Chapter 11 Case, or the negotiation, formulation, and preparation of the Plan or any related agreements, instruments, or other documents or any other prior plan of reorganization (or document, agreement or instrument related thereto) proposed in the Chapter 11 Case.

- 23 -

61.    With respect to Lummus Asbestos PI Trust Claims, anything in the Plan, any Plan Document, this Order, the Lummus Asbestos PI Channeling Injunction or otherwise to the contrary notwithstanding, the releases, exculpatory provisions, injunctions, and indemnifications provided to or afforded any Released Party shall operate and be construed to release, exculpate, benefit, or indemnify such Released Party (subject also to the other limitations set forth in the Plan and Plan Documents) only as to such Lummus Asbestos PI Trust Claims (whether now existing or hereafter arising) based upon the Debtor's direct or indirect liability or alleged liability.  For the sake of clarity, Lummus Asbestos PI Trust Claims "based upon the Debtor's direct or indirect liability or alleged liability" include Lummus Asbestos PI Trust Claims (whether now existing or hereafter arising) against any Alstom Protected Party which is (i) a former Affiliate of the Debtor, or (ii) a direct or indirect successor to, or transferee of assets of, the Debtor or a former Affiliate of the Debtor (or against any Entity that, pursuant to the Plan or otherwise after the Effective Date, becomes a direct or indirect transferee of, or successor to, any such Alstom Protected Party or any of the assets of any such Alstom Protected Party (but only to the extent that any such Entity is or may be alleged to be directly or indirectly liable for Lummus Asbestos PI Trust Claims and such liability is asserted to exist as a result of its becoming such a transferee or successor)), in either case to the extent such Lummus Asbestos PI Trust Claims arise as a consequence of the products, business or operations of such Alstom Protected Party when such Alstom Protected Party was an Affiliate of the Debtor.

62.    Effective as of the Effective Date, the Released Parties shall be released from all claims of the Debtor and the Lummus Asbestos PI Trust pursuant to and in accordance with the ABB and Non-Debtor Affiliate Settlement Agreement (Lummus).

63.     Effective as of the Effective Date, the Lummus Asbestos PI Trust and the Reorganized Debtor shall have all of the their respective obligations to indemnify the Released Parties pursuant to and in accordance with the ABB and Non-Debtor Affiliate Settlement Agreement (Lummus).

**O.      Miscellaneous**

64.     On and after the Confirmation Date, the Debtor shall be empowered and authorized to take or cause to be taken, prior to the Effective Date, all actions necessary to enable it to implement effectively: (a) the provisions of the Plan; and (b) the creation of the Lummus Asbestos PI Trust.

65.     On the Effective Date, the ACC, shall be released and discharged as provided in section 11.5 of the Plan.

66.     The Reorganized Debtor shall file a notice that the Plan has become effective within ten (10) days after the occurrence of the Effective Date.

67.     On or before the Effective Date, all fees payable pursuant to 28 U.S.C. § 1930(a)(6), will be paid by the applicable Debtor or Reorganized Debtor. All fees payable pursuant to 28 U.S.C. § 1930(a)(6) will thereafter be paid by the Reorganized Debtor in accordance with applicable law until the Chapter 11 Case is converted, dismissed, closed or final decreed pursuant to section 350 of the Bankruptcy Code. In addition, the Reorganized Debtor shall file any and all post-confirmation reports in accordance with Bankruptcy Rule 2015 and the United States trustee guidelines.

68.     Except as otherwise expressly provided in the Plan or otherwise Allowed by Final Order of this Court, no interest, penalty, or late charge arising after the Petition Date shall be Allowed on any Claim or Equity Interest.

69.     No attorneys' fees, Non-Compensatory Damages, penalties, or interest shall be paid with respect to any Claim or Equity Interest except as Allowed by a Final Order of this Court or in accordance with the terms of the Lummus TDP.

70.     The failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on the validity, binding effect, and enforceability of such provision and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan.

71.     Unless this Order is stayed pending appeal, its reversal or modification shall not affect the validity of the Plan, the Plan Documents, or any other agreement, document, instrument, or action authorized by this Order or under the Plan as to the Debtor, Reorganized Debtor, the Lummus Asbestos PI Trust or any other Entity acting in good faith, whether or not that Entity knows of the appeal.

72.     The performance of all obligations which shall be due and owing on the Effective Date pursuant to the terms of the Plan shall constitute substantial consummation of the Plan within the meaning of section 1101(2) of the Bankruptcy Code.  Notwithstanding any closing of this Chapter 11 Case, any of the Debtor, the Reorganized Debtor, the Lummus Asbestos PI Trust, the TAC, or the Lummus FCR may move, on notice to those Persons on the master service list, to reopen the Chapter 11 Case for the purpose of seeking relief pursuant to the retained jurisdiction of the Bankruptcy Court provided herein, in the Plan or under applicable law.

73.     In the event of any inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments or documents. In the event of any inconsistency between and/or among the Plan and this Order, the

provisions of this Order shall govern.  This Order shall supersede any orders of this Court issued prior to the Effective Date that may be inconsistent herewith.

74.    Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtor shall be, and hereby is, directed to serve a notice (the "Confirmation Notice") of the (i) the entry of this Order, (ii) the bar date for filing Claims based on the rejection of executory contracts or unexpired leases, and (iii) the date for filing final applications for compensation and reimbursement of expenses hereunder.  The Debtor shall submit a proposed form of Confirmation Notice to this Court within ten (10) days hereof.

75.    The Debtor shall be, and hereby is, directed to publish the Confirmation Notice once in The Wall Street Journal (National Edition), the Newark Star-Ledger and The Houston Chronicle no later than thirty (30) days after the Confirmation Date.

76.    A copy of this Order shall be immediately served on the parties listed on the 2002 Notice List.


So ORDERED and RECOMMENDED FOR AFFIRMANCE BY THE U.S. DISTRICT COURT this 29th day of June , 2006.


_Judith K. Fitzgerald_
Judith K. Fitzgerald    rmab
United States Bankruptcy Judge

DOCS_DE:119271.1