# Exhibit 14

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
--------------------------------------------  x
In re:                                        :    Chapter 11
                                              :
KAISER ALUMINUM CORPORATION,                  :    Jointly Administered Under
et. al.,                                      :    Case No. 02-10429 (JKF)
                                              :
                  Debtors.                    :    Re: Docket No. 7659
                                              :    Agenda No. 8
--------------------------------------------  x
```

## STIPULATION AND AGREED ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between each of the above-captioned debtors other than Alpart Jamaica Inc., Kaiser Jamaica Corporation, Kaiser Alumina Australia Corporation, Kaiser Finance Company and Kaiser Bauxite Company (collectively, the "Debtors"),[1] the Insurers (as defined below), the Future Asbestos Claimants' Representative and the Future Silica and CTPV Claimants' Representative (collectively, the "Futures Representatives"), and the Asbestos Claimants' Committee (the "Committee") (the Debtors, the Insurers, the Committee and the Futures Representatives collectively shall be referred to as the "Parties"), as follows:

**WHEREAS**, certain of the Debtors purchased insurance policies (collectively, the "Policies") from, among others, the insurers (collectively, "the Insurers") who have executed this Stipulation and Agreed Order (the "Bankruptcy Stipulation");

**WHEREAS**, on May 25, 2000, one of the Debtors, Kaiser Aluminum & Chemical Corporation ("Kaiser"), initiated two civil proceedings against certain of its insurers, captioned as *Kaiser Aluminum & Chemical Corp. v. London Market Insurers, et. al.*, No. 312415 and *Kaiser Aluminum & Chemical Corp. v. Ins. Comp. of North America*, No. 322710 (collectively, the "Coverage Litigation"), pending in the San Francisco Superior Court of the State of California (the "State Court");

**WHEREAS**, on February 12, 2002, thirteen of the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Two additional Debtors commenced their voluntary chapter 11 cases on March 15, 2002. On January 14, 2003, the remaining six Debtors filed their chapter 11 petitions. The Debtors' chapter 11 cases (the "Bankruptcy Cases") have been consolidated for procedural purposes only and are being administered jointly;

---

[1]     All capitalized terms not defined herein shall have the meanings ascribed to them in the Second Plan (as defined below) or in **Exhibit A** hereto.

WHEREAS, on September 7, 2005, the Debtors filed their Second Amended Joint Plan of Reorganization Of Kaiser Aluminum Corporation, Kaiser Aluminum & Chemical Corporation And Certain Of Their Debtor Affiliates (the "Second Plan"). For purposes of this Bankruptcy Stipulation, the term "Plan" shall be defined as the Second Plan and any future iterations thereof containing (x) the "Assignment" (as defined below) or (y) any other modifications of the Second Plan not requiring resolicitation under Bankruptcy Code Sections 1125 and 1127;

WHEREAS, under the Plan, the Debtors seek to transfer the PI Insurance Assets to the Funding Vehicle Trust. For purposes of this Bankruptcy Stipulation, the term "Assignment" shall be defined as (x) the proposed transfer of the PI Insurance Assets to the Funding Vehicle Trust under Second Plan Sections 5.1d(i), 6.7(a), and 10.1(xv), as such sections may be modified, or (y) any other assignment of any of the Debtors' rights or obligations under the Policies to any trust, including, *inter alia*, a trust formed under Bankruptcy Code Section 524(g);

WHEREAS, certain of the Insurers filed a Motion For Summary Adjudication On Issue Of Assignment Of Policies (the "Assignment Motion") in the State Court seeking a resolution of the lawfulness of the Assignment under the terms of the Policies and applicable California state law;

WHEREAS, the Debtors, in response to the Assignment Motion, filed their Motion For Entry Of An Order Enforcing The Automatic Stay And Directing Certain Insurance Companies To Dismiss Their Recent Motion Seeking Adjudication Of Plan Confirmation Issues In California State Court (the "Stay Motion") in the Bankruptcy Court;

WHEREAS, certain of the Insurers filed the following pleadings in the Bankruptcy Cases: (a) Certain Insurers' First Substantive Omnibus Objection To Silica Personal Injury Claims And Motion Of Certain Insurers For An Order Granting Relief From Local Rule 3007-1 To Enable The Certain Insurers To File Omnibus Objection To Silica Personal Injury Claims (collectively, the "Silica Objections"); (b) Certain Insurers Motion For Definite Statement Under Bankruptcy Rules 3020, 7012(e), And 9014 With Respect To The Second Amended Joint Plan Of Reorganization Of Kaiser Aluminum Corporation, Kaiser Aluminum & Chemical Corporation And Certain Of Their Debtor Affiliates (the "Rule 7012 Motion"); and (c) Certain Insurers' Motion For Access To Exhibits To 2019 Statements (the "Rule 2019 Motion");

WHEREAS, certain of the Insurers propounded discovery requests on the Debtors, Committee, and Futures Representatives, dated September 16, 2005 (the "Insurer Discovery Requests");

WHEREAS, the Insurers have objected or, notwithstanding this Bankruptcy Stipulation, expressed their intent to object to, *inter alia*, (a) the terms of the Plan, including the Assignment and the Plan's compliance with Bankruptcy Code Section 524(g), (b) the effect of the Plan, the Plan Documents, and any order confirming the Plan as to their rights and the Debtors' obligations under the Insurers' Policies, and

(c) the effect of the Plan, the Plan Documents, and any order confirming the Plan as to the issues currently being, and expected to be, adjudicated in the Coverage Litigation by the State Court; and

WHEREAS, the Parties, without admission, have reached agreement, as set forth below, to, *inter alia*, make certain modifications to the Plan and narrow the scope of the Insurers' objections and discovery related to confirmation thereof.

THEREFORE, the Parties hereby stipulate and agree as follows:

1.   The Plan shall be amended to include the Plan modifications set forth in **Exhibit A** attached hereto, which modifications are incorporated herein by reference.

2.   The Parties agree to limit discovery concerning the Plan and the Confirmation Hearing as follows:

   a.   Written discovery by the Insurers in the Bankruptcy Case upon the Debtors, Committee, and Futures Representatives shall be limited to Interrogatory nos. 7 and 8 (only with respect to §524(g)(2)(B)(i)(II)&(III)), and Document Request 37 in the Insurer Discovery Requests;

   b.   The Insurers may depose any witnesses designated by any of the Debtors, Committee, and Futures Representatives but only with respect to issues outlined in Sections 3(a) and (b) below;

   c.   The Insurers may not offer any witnesses at any Confirmation Hearing except to rebut witnesses proffered by any of the Debtors, Committee, and Futures Representatives with respect to issues outlined in Sections 3(a) and (b) below; and

   d.   Any of the Debtors, Committee, and Futures Representatives may depose any rebuttal witnesses offered by the Insurers.  The Parties agree to jointly propose a Scheduling Order with respect to the discovery on and confirmation of the Plan to provide for, *inter alia*, (i) the designation of primary witnesses of the Debtors, Committee, or Futures Representatives with respect to issues outlined in Sections 3(a) and (b) below, (ii) the designation of rebuttal witnesses,  and (iii) a period of time to depose any such primary or rebuttal witnesses.

3.   The Insurers' objections, if any, to the Plan shall be limited to the following legal issues:

   a.   Whether, under the Bankruptcy Code as a matter of law, the Assignment is valid and enforceable against the Insurers notwithstanding the anti-assignment provisions of the Policies and applicable state law; and

    b.    Whether the Plan complies with Bankruptcy Code Sections 524(g)(2)(B)(i)(II) and (III).

The Insurers agree that they shall not object to the Plan based on "good faith" arguments pursuant to Bankruptcy Code Section 1129(a)(3).

4.    If the Insurers object to the Plan for the reasons set forth in Section 3(a) above, then the Parties shall request that the Bankruptcy Court determine the issue set forth in Section 3(a) hereof only under the Bankruptcy Code as a matter of law. The Parties agree that none of them will seek adjudication of the validity of the Assignment under applicable state law as part of or related to any Confirmation Hearing on the Plan.

5.    In the event the Bankruptcy Court or a higher court concludes that any evidence is lacking or is necessary in connection with the adjudication of the issue outlined in Section 3(a) above, then:

    a.    The Parties shall retain the right to introduce any additional evidence in support of or opposition thereto; and

    b.    The Parties shall meet and confer with respect to a proposed discovery schedule related to such evidence.

6.    All Parties shall retain:

    a.    All appellate rights with respect to any determination by the Bankruptcy Court or any higher court as to the adjudication of the issues set forth in Section 3(a) and (b) above, and may appeal any such adjudication; and

    b.    All rights to introduce any evidence to the extent a higher court remands the issues outlined in Sections 3(a) and/or (b) above to the Bankruptcy Court or District Court after appeal.

7.    In the event that the Bankruptcy Court or a higher court enters a final and nonappealable order sustaining the Insurers' objections based on the issues set forth in Section 3(a) hereof, then the Parties shall present to the State Court for adjudication the issue of whether the Assignment is valid under the terms of the Policies and applicable state law.

8.    Solely for purposes of any adjudication of the issues outlined in Section 3(a) and (b) above at any Confirmation Hearing on the Plan, the Parties hereby stipulate that:

    a.    The anti-assignment / consent-to-assignment provisions are among the material provisions of the Insurers' Policies.

b.   There is a material dispute between Kaiser and the Insurers as to whether the Assignment is valid under the anti-assignment provisions of the Policies and applicable State law.

c.   The Insurers have not given their consent to the Assignment.

d.   Kaiser and the Insurers shall introduce, as evidence, only the Plan, the Disclosure Statement, the Plan Documents, and the Insurers' Policies unless the Court otherwise calls for additional evidence in accordance with Section 5 above.

9.   Without otherwise limiting or impairing the Plan modifications set forth in **Exhibit A** hereto, the Parties agree that the Confirmation of the Plan (including when the Plan becomes effective on the Effective Date) will not constitute a settlement or judgment of the Channeled Personal Injury Claims. The Insurers will retain the right to assert all other PI Insurer Coverage Defenses with respect to the resolution of Channeled Personal Injury Claims by the Trusts pursuant to the PI Trust Distribution Procedures or otherwise. The Parties stipulate and agree that the Insurers have not consented to the Plan or the Plan Documents, including, *inter alia*, the PI Trust Distribution Procedures, and have not consented to the payment of any Channeled Personal Injury Claims thereunder. The Parties, the Trusts and any PI Insurance Company (including the Insurers) may offer any relevant portion of the Plan, the PI Trust Distribution Procedures, any other Plan Documents and/or the Confirmation Order for any purpose other than as specified in Section 5.7(a) of the Plan, provided however, such offer shall be subject to the rights, defenses, and objections, if any, of each of these parties in opposition thereto.

10.  The following motions shall be stayed pending a final, nonappealable order confirming the Plan or Kaiser's decision to withdraw or not seek confirmation of the Plan: (a) the Rule 2019 Motion; (b) the Silica Objections; (c) the Rule 7012 Motion; and (d) the Stay Motion.

11.  The Assignment Motion shall be stayed pending a resolution of the issues outlined in Section 3(a) above. In the event that the Bankruptcy Court or a higher court enters a final and nonappealable order sustaining the Insurers' objections based on the issues set forth in Section 3(a) hereof, then the stay of the Assignment Motion shall be lifted without further act of any Party. Notwithstanding the foregoing, the Parties shall retain all rights, if any, to seek a stay of the adjudication of the Assignment Motion in the State Court or the Bankruptcy Court.

12.  This Bankruptcy Stipulation shall become effective and binding upon execution by all Parties and approval of the Bankruptcy Court. This Bankruptcy Stipulation shall not be presented to the Bankruptcy Court for approval unless and until it is signed by all Parties. The Parties hereto (a) consent and agree to the terms of that certain Stipulation and Agreed Order between Kaiser and the

Insurers to be entered in the State Court that is attached hereto as **Exhibit B** (without any exhibits thereto) and by express reference made a part hereof (the "State Court Stipulation") and (b) shall use their reasonable best efforts to obtain approval of this Bankruptcy Court Stipulation by the Bankruptcy Court and the State Court Stipulation by the State Court as soon as is reasonably practicable and prior to Confirmation of the Plan.

13.   This Bankruptcy Stipulation shall be binding upon the Parties and their respective successors and assigns, including any Trusts, and any trustee appointed in the Chapter 11 Bankruptcy Cases.

14.   No change or modification of the Plan shall alter the rights of the Insurers under this Bankruptcy Stipulation unless agreed to in writing by all Parties hereto.

15.   The Bankruptcy Court shall retain jurisdiction to interpret and enforce the provisions of the this Bankruptcy Stipulation in all respects.  The provisions of this Bankruptcy Stipulation are non-severable and mutually dependent.

AGREED:

Daniel J. DeFranceschi
Kimberly D. Newmarch
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone:  (302) 651-7700
Facsimile: (302) 651-7701

Gregory M. Gordon
Daniel P. Winikka
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

**Counsel for the Debtors**

Peter  Van N. Lockwood
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Washington, D.C. 20005-5802
Telephone: (202) 862-5065
Facsimile: (202) 429-3301

**Counsel for Asbestos Claimants' Committee**

James L. Patton Jr. (No. 2202)
Edwin J. Harron (No. 3396)
Sharon M. Zieg (No. 4196)
Erin Edwards (No. 4392)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Phone: (302) 571-6600

**Counsel to Martin J. Murphy, Asbestos
Futures Representative**

Steven A. Buxbaum
HAYNES AND BOONE, LLP
One Houston Center
1221 McKinney St., Suite 2100
Houston, TX 77010
Telephone:  713-547-2041
Fax:  713-236-5404

Steven A. Felsenthal
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
2323 Bryan Street, Suite 2200
Dallas, Texas 75201-2689
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

**Counsel for Anne M. Ferazzi, Future Silica
and CTPV Claimants' Representative**

Lewis S. Rosenbloom
David C. Christian II
Jason J. DeJonker
McDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
Telephone:  312-372-2000
Facsimile:  312-984-7700

**Counsel for Columbia Casualty Insurance
Company, Transcontinental Insurance
Company, Harbor Insurance Company, and
Continental Insurance Company**

*Mary E. McPherson by AMA w/ permission*

Mary E. McPherson
TRESSLER, SODERSTROM, MALONEY & PRIESS
1901 Avenue of the Stars
Suite 450
Los Angeles, CA  90067
Telephone: 310.203.4848
Facsimile: 310.203.4850

**Counsel for Northern Assurance Company of
America, as successor in interest to
Employers Surplus Lines Insurance Company**

*Kenneth H. Sumner by AMA w/ permission*

Kenneth H. Sumner
SINNOTT, DITO, MOURA & PUEBLA, P.C.
555 Montgomery Street, Suite 720
San Francisco, California 94111
Telephone: (415) 352-6200
Facsimile: (415) 652-6224

**Counsel for Mutual Marine Offices, Inc. as
attorney in fact for Employers Mutual
Casualty Company**

*Nicholas Banko by AMA w/ permission*

Nicholas Banko
James R. Tenero
SELMAN BREITMAN LLP
33 New Montgomery Street, Sixth Floor
San Francisco, CA 94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

**Counsel for Zurich Insurance Company
(Switzerland) and Zurich International
(Bermuda), Ltd.**

*Seth W. Wiener by AMA w/ permission*

Seth W. Wiener
LEBOEUF, LAMB, GREENE & MACRAE LLP
One Embarcadero Center, Suite 400
San Francisco, California 94111-3619
Telephone: (415) 951-1100
Facsimile: (415) 951-1180

Jared M. Katz
LeBOEUF, LAMB, GREENE & MACRAE LLP
725 South Figueroa Street, Suite 3100
Los Angeles, California 90017-5404
Telephone:   (213) 955-7300
Facsimile:   (213) 955-7399

David M. Ross
LeBOEUF, LAMB, GREENE & MACRAE LLP
1875 Connecticut Avenue, N.W.,
Suite 1200
Washington, D.C. 20009-5728
Telephone:   (202) 986-8000
Facsimile:   (202) 986-8102

**Counsel for Hudson Insurance Company**

*Harry Lee     by AMA w/ permission*

Harry Lee
John O'Connor
George R. Calhoun, V
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 429-6226 (phone)
(202) 261-0610 (fax)

**Counsel for TIG Insurance Company, as
successor by mergers to International
Insurance Company**

*Brad A. Berish     by AMA w/ permission*

R. Karl Hill, Esq. (DE I.D. 2747)
SIETZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
P.O Box 68
Wilmington, DE 19803
Tel: 302-888-0600
Fax: 302-888-0606

Brad A. Berish, Esq.
ADELMAN & GETTLEMAN, LTD.
53 W. Jackson Boulevard, Suite 1050
Chicago, Illinois 60604
Tel: 312-435-1050
Fax: 312-435-1059

**Counsel for Allstate Insurance Company,
Solely as Successor-In-Interest to
Northbrook Excess and Surplus Insurance
Company, Formerly Known as Northbrook
Insurance Company**

*Duane D. Morse by AmA w/ permission*

Duane D. Morse
James R. Wrathall
WILMER CUTLER PICKERING HALE AND DORR
LLP
2445 M Street NW
Washington, DC 20037
Tel: 202-663-6895
Fax: 202-663-6363

Joanne Wills
KLEHR, HARRISON, HARVEY, BRANZBURG &
ELLERS LLP
919 Market Street, Suite 1000
Wilmington, DE 19801
Tel: (302) 426-1189
Fax: (302) 426-9193

**Counsel for First State Insurance Company
Hartford Accident And Indemnity Company
New England Reinsurance Corporation and
Nutmeg Insurance Company**

*Andrew R. McCloskey by AmA w/ permission*

Andrew R. McCloskey
RIEDL, MCCLOSKEY & WARING LLP
550 West "C" Street, Suite 500
San Diego, CA 92101
(619) 237-3095 (phone)
(619) 237-3789 (fax)

**Counsel for Westport Insurance Corporation,
f/k/a Puritan Insurance Company, f/k/a The
Manhattan Fire & Marine Insurance Company**

*Christopher J. Borders by AmA w/ permission*

Christopher J. Borders
Partner
MCMILLAN & SHUREEN LLP
50 Santa Rosa Avenue, Fifth Floor
Santa Rosa, CA 95404-4952
(707) 525-5407 (voice)
(707) 576-7955 (fax)

**Counsel for Royal Insurance Company**

*Thomas G. Whalen, Jr. by AmG w/ permission*

Thomas G. Whalen, Jr. (No. 4034)
Stevens & Lee, P.C.
1105 North Market St.
7th Floor
Wilmington, Delaware 19801
Telephone: (302) 425-3304
Telecopier: (610) 371-8512

Leonard P. Goldberger
Stevens & Lee, P.C.
1818 Market Street
29th Floor
Philadelphia, PA 19103
Telephone: (215) 751-2864
Telecopier: (610) 371-7376

**Counsel for ACE Property and Casualty
Company, Century Indemnity Company,
Industrial Underwriters Insurance Company,
Pacific Employers Insurance Company, St.
Paul Mercury Insurance Company and
Industrial Indemnity Company**

*Robert P. Siegel by AmG w/ permission*

Kevin J. Connors
MARSHALL, DENNEHEY, WARNER, COLEMAN &
GOGGIN
1220 Market Street, 5th Floor
Wilmington, DE 19801
Tel: (302) 552-4300
Fax: (302) 651-7905

Robert P. Siegel
TRAUB EGLIN LIEBERMAN STRAUS LLP
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY 10576
Tel: (914) 347-2600
Fax: (914) 347-8898

**Counsel for Associated International
Insurance Company and Evanston Insurance
Company**

*Michael S. Davis by AMA w/*
*permission*

Michael S. Davis, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York  10022
Telephone:  212-826-5300
Facsimile:  212-753-0396

Frederick B. Rosner, Esq.
JASPAN SCHLESINGER HOFFMAN LLP
913 Market Street, 12th Floor
Wilmington, DE  19801
Telephone:  302-351-8000/8005
Facsimile:  302-351-8010

**Counsel for AIU Insurance Company, Granite
State Insurance Company, Insurance
Company of the State of Pennsylvania,
Landmark Insurance Company, Lexington
Insurance Company, National Union Fire
Insurance Company of Pittsburgh, Pa., and
New Hampshire Insurance Company**

*Bruce H. Winkelman by AMA*
*w/ permission*

Bruce H. Winkelman
CRAIG & WINKELMAN LLP
2150 Shattuck Avenue
Suite 1220
Berkeley, CA  94704
Telephone:  510-549-3330
Facsimile:  510-217-5894

**Counsel for American Re-Insurance
Company; Executive Risk Indemnity
Company, successor-in-interest to American
Excess Insurance Company**

_Richard W. Riley_

Richard W. Riley (DE I.D. 4052)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901

Mitchell L. Lathrop, Esquire
Bridget K. Moorhead, Esquire
DUANE MORRIS LLP
101 West Broadway Street, 9th Floor
San Diego, CA 92101
Telephone: (617) 499-2200
Facsimile: (619) 744-2201

**Counsel for Republic Indemnity Company**

_Richard W. Riley by SAA w/ permission_

Richard W. Riley (DE I.D. 4052)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901

Mitchell L. Lathrop, Esquire
Bridget K. Moorhead, Esquire
DUANE MORRIS LLP
101 West Broadway Street, 9th Floor
San Diego, CA 92101
Telephone: (617) 499-2200
Facsimile: (619) 744-2201

**Counsel for Transport Insurance Company
(f/k/a Transport Indemnity Company)**

*Robert B. Millner by AMA w/ permission*

Frederick B. Rosner, (DE No. 3995)
JASPAN SCHLESINGER HOFFMAN LLP
913 Market Street, 12th Floor
Wilmington, DE  19801
Telephone:  (302) 351-8000
Facsimile:  (302) 351-8010

Robert B. Millner
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
Chicago, Illinois  60606
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934

Scott Seaman
MECKLER BULGER & TILSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL  60606
Telephone:  (312) 474-7139
Facsimile:  (312) 474-7898

**Counsel for Affiliated FM Insurance
Company**

Dated:  *11/14/05*

SO ORDERED:

Honorable Judith Fitzgerald
United States Bankruptcy Judge

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------- x
In re:                                           :    Chapter 11
                                                 :
KAISER ALUMINUM CORPORATION,                     :    Jointly Administered Under
a Delaware corporation, et al.,                  :    Case No. 02-10429 (JKF)
                                                 :
                              Debtors.           :
------------------------------------------------- x
```

### MODIFICATIONS TO SECOND AMENDED JOINT PLAN OF REORGANIZATION OF KAISER ALUMINUM CORPORATION, KAISER ALUMINUM & CHEMICAL CORPORATION AND CERTAIN OF THEIR DEBTOR AFFILIATES PURSUANT TO STIPULATION AND AGREED ORDER BETWEEN INSURERS, DEBTORS, COMMITTEE, AND FUTURES REPRESENTATIVES
### [EXHIBIT A]

The Second Amended Joint Plan Of Reorganization Of Kaiser Aluminum Corporation, Kaiser Aluminum & Chemical Corporation And Certain Of Their Debtor Affiliates (the "Plan") shall be modified and amended as follows:[1]

1.    Current §1.1(36), subparagraph (d) shall be amended as follows:

      d.    **subject to Section 5.8,** setting off, seeking reimbursement of, contribution from or subrogation against or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to any Protected Party or any property or interests in property of any Protected Party; and

2.    The following shall be added as a new section known as §1.1(44), which will appear following current §1.1(43) and before current §1.1(44):

      **"Bankruptcy Insurance Stipulation"** means that certain Stipulation and Agreed Order, entered by the Bankruptcy Court on November __, 2005 as docket no. __, by and between the Debtors, certain PI Insurance Companies, the Asbestos Claimants' Committee, the Future Asbestos Claimants' Representative and the Future Silica and CTPV Claimants' Representative, as such Stipulation and Agreed Order may subsequently be amended and modified by agreement of the parties thereto.

---

[1]    All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

3.    Subparagraph (d) of current §1.1(68) shall be amended as follows:

    d.    **subject to Section 5.8,** setting off, seeking reimbursement of, contribution from or subrogation against or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to any Protected Party or any property or interests in property of any Protected Party; and

4.    The following shall be added as a new section of §1.1, which will appear following current §1.1(74) and before current §1.1(75):

    "**Debtor Insurance Claim**" means a Claim (other than a Channeled Personal Injury Claim) that is alleged to be covered by an insurance policy issued or allegedly issued by a PI Insurance Company.

5.    Current §1.1(131), subparagraph (d) shall be amended as follows:

    d.    **subject to Section 5.8,** setting off, seeking reimbursement of, contribution from or subrogation against or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to any Protected Party or any property or interests in property of any Protected Party; and

6.    Current §1.1(146) shall be amended and restated in its entirety as follows:

    "**PI Insurance Company**" means any insurance company, insurance broker or syndicate insurance broker, guaranty association or any other entity that may have liability under an Included PI Trust Insurance Policy.

7.    Current §1.1(147) shall be amended and restated in its entirety as follows:

    "**PI Insurance Coverage Action**" means any claim, cause of action or right of the Debtors or any of them, under the laws of any jurisdiction, against any PI Insurance Company, arising from or related to: (a) any such PI Insurance Company's failure or refusal to provide coverage or pay under an insurance policy in respect of a Channeled Personal Injury Claim or Debtor Insurance Claim; (b) failure or refusal of any PI Insurance Company to compromise and settle any Channeled Personal Injury Claim or Debtor Insurance Claim under or pursuant to any insurance policy; or (c) the interpretation or enforcement of the terms of any insurance policy in respect of a Channeled Personal Injury Claim or Debtor Insurance Claim.

8.    Current §1.1(148) and shall be amended and restated in its entirety as follows:

"**PI Insurer Coverage Defenses**" means all defenses at law or in equity that any PI Insurance Company may have under applicable non-bankruptcy law to provide insurance coverage to or for (a) Channeled Personal Injury Claims or Trust Expenses of any of the Trusts that have been channeled to or assumed by or incurred by any of the Trusts, pursuant to the Plan, provided, however, that the pursuit of such defenses shall be subject to the terms of the Bankruptcy Insurance Stipulation (if applicable), or (b) any Debtor Insurance Claim.

9.    The following shall be added as a new section of §1.1, which will appear following current §1.1(154) and before current §1.1(155):

"**Plan Documents**" means all exhibits to the Plan, all other Plan supplements, and any other documents purporting to modify or alter the Plan.

10.   Current §1.1(185) shall be amended and restated in its entirety as follows:

"**Settling Insurance Company**" means each PI Insurance Company listed on Exhibit 1.1(187) (as the same may be amended, modified or supplemented) and any PI Insurance Company providing coverage under one or more Included PI Trust Insurance Policies that enters into a settlement at any time on or prior to the later of April 30, 2006 or the Effective Date, that is (a) sufficiently comprehensive in the determination of the Debtors, the Asbestos Claimants' Committee, the Future Asbestos Claimants' Representative, the Future Silica and CTPV Claimants' Representative, or the Funding Vehicle Trustees, as applicable, to justify treating such company as a Protected Party as to all or certain of the Channeled Personal Injury Claims and (b) if required, approved by the Bankruptcy Court.

11    Current §1.1(188), subparagraph (d) shall be amended as follows:

d.    **subject to Section 5.8,** setting off, seeking reimbursement of, contribution from or subrogation against or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to any Protected Party or any property or interests in property of any Protected Party; and

12.   The following shall be added as a new section of §1.1, which will appear following current §1.1(192) and before current §1.1(193):

"**State Court Insurance Stipulation**" means that certain Stipulation and Agreed Order, entered by the San Francisco Superior Court of the State of California on __, 2005 in those certain PI Insurance Coverage Actions captioned as *Kaiser Aluminum & Chemical Corp. v. London Market Insurers, et. al.*, No. 312415 and *Kaiser Aluminum & Chemical Corp. v. Ins. Comp. of North America*, No. 322710, by and between the Debtors and certain PI Insurance Companies, as such

Stipulation and Agreed Order may subsequently be amended and modified by agreement of the parties thereto.

13.     The following shall be added as a new section of §1.1, which will appear following current §1.1(199) and before current §1.1(200):

(202)   "**Trusts**" means the Funding Vehicle Trust and the PI Trusts.

14.     Subparagraphs (c), (d), (e) and (f) of current §3.3 shall be amended as follows:

c.      **Class 5 (Asbestos Personal Injury Claims)**: As of the Effective Date, liability for all Class 5 Claims shall automatically and without further act, deed or court order be assumed by the Asbestos PI Trust in accordance with and to the extent set forth in Article V.  Each Asbestos Personal Injury Claim will be determined and paid in accordance with the terms, provisions and procedures of the Asbestos PI Trust Agreement and the Asbestos Distribution Procedures, **subject to the right of any PI Insurance Company to assert any PI Insurer Coverage Defense in response to a demand that such insurer handle, defend or pay any such Claim.** As further provided in Article V, the sole recourse of the holder of an Asbestos Personal Injury Claim on account of such Claim will be to the Asbestos PI Trust and such holder will have no right whatsoever at any time to assert its Asbestos Personal Injury Claim against any Protected Party.

d.      **Class 6 (CTPV Personal Injury Claims)**: As of the Effective Date, liability for all Class 6 Claims shall automatically and without further act, deed or court order be assumed by the CTPV PI Trust in accordance with and to the extent set forth in Article V.  Each CTPV Personal Injury Claim will be determined and paid in accordance with the terms, provisions and procedures of the CTPV PI Trust Agreement and the CTPV Distribution Procedures, **subject to the right of any PI Insurance Company to assert any PI Insurer Coverage Defense in response to a demand that such insurer handle, defend or pay any such claim.**. As further provided in Article V, the sole recourse of the holder of a CTPV Personal Injury Claim on account of such Claim will be to the CTPV PI Trust and such holder will have no right whatsoever at any time to assert its CTPV Personal Injury Claim against any Protected Party.

e.      **Class 7 (NIHL Personal Injury Claims)**: As of the Effective Date, liability for all Class 7 Claims shall automatically and without further act, deed or court order be assumed by the NIHL PI Trust in accordance with and to the extent set forth in Article V.  Each NIHL Personal Injury Claim will be determined and paid in accordance with the terms, provisions and procedures of the NIHL PI Trust Agreement and the NIHL Distribution Procedures, **subject to the right of any PI Insurance Company to assert any PI Insurer Coverage Defense in response to a demand that such insurer handle, defend or pay any such claim.**. As further provided in Article V, the sole recourse of the holder of a CTPV Personal Injury Claim on account of such Claim will be to the NIHL PI

Trust and such holder will have no right whatsoever at any time to assert its NIHL Personal Injury Claim against any Protected Party.

f.    **Class 8 (Silica Personal Injury Claims)**: As of the Effective Date, liability for all Class 8 Claims shall automatically and without further act, deed or court order be assumed by the Silica PI Trust in accordance with and to the extent set forth in Article V. Each Silica Personal Injury Claim will be determined and paid in accordance with the terms, provisions and procedures of the Silica PI Trust Agreement and the Silica Distribution Procedures, **subject to the right of any PI Insurance Company to assert any PI Insurer Coverage Defense in response to a demand that such insurer handle, defend or pay any such claim.**. As further provided in Article V, the sole recourse of the holder of a CTPV Personal Injury Claim on account of such Claim will be to the Silica PI Trust and such holder will have no right whatsoever at any time to assert its Silica Personal Injury Claim against any Protected Party.

15.    Current §5.6 shall be amended and restated in its entirety as follows:

### 5.6    Insurance Neutrality

Nothing in the Plan, any Exhibit to the Plan, the Confirmation Order, any finding of fact and/or conclusion of law with respect to the Confirmation of the Plan, shall limit the right of any PI Insurance Company, in any PI Insurance Coverage Action, to assert any PI Insurer Coverage Defense.

16.    The following shall be added as a new section known as §5.7:

### 5.7    Collateral Effects of Confirmation

a.    The Plan, the Plan Documents, the Confirmation Order, the Bankruptcy Insurance Stipulation, and the State Court Insurance Stipulation shall be binding on the Debtors, the Reorganized Debtors, the Trusts and the beneficiaries of the Trusts. While the obligations, if any, of the Trusts to pay holders of Channeled Personal Injury Claims shall be determined pursuant to the Plan, the PI Trust Distribution Procedures, and the Plan Documents, neither (I) the Court's approval of (x) the Plan, (y) the PI Trust Distribution Procedures, or (z) the Plan Documents, nor (II) the Confirmation Order shall, with respect to any PI Insurance Company (including on the basis of the decisions in *UNR Industries, Inc. v. Continental Casualty Co.*, 942 F.2d 1101 (7th Cir. 1991) or *Fuller-Austin Insulation Co. v. Fireman's Fund Inc. Co., et al.*, Case No. BC 116835, 2002 WL 31005090 (Cal. Superior Ct. Aug. 6, 2002)), constitute a trial or hearing on the merits, an adjudication or judgment, or be used as evidence to prove:

(i)    that any of the Debtors, the Trusts, or any PI Insurance Company is liable for, or otherwise obligated to pay with respect to, any individual Channeled Personal Injury Claim;

(ii)    that the procedures established by the Plan, including the PI Trust Distribution Procedures, for evaluating and paying Channeled Personal Injury Claims are reasonable and/or consistent with any procedures that were used to evaluate or settle Channeled Personal Injury Claims against the Debtors before the Petition Date;

(iii)    that the settlement of, or the value assigned to, any individual Channeled Personal Injury Claim pursuant to the PI Trust Distribution Procedures was reasonable and/or otherwise appropriate;

(iv)    that any of the PI Insurance Companies participated in and/or consented to the negotiation of the Plan, the PI Trust Distribution Procedures, or any of the Plan Documents;

(v)    that any of the Debtors or the Trusts have suffered an insured loss with respect to any Channeled Personal Injury Claim; or

(vi)    as to the liability, or amount thereof on an aggregate basis or for any individual claim, of the Debtors or any of the Trusts for Channeled Personal Injury Claims.

b.    Notwithstanding anything in Sections 5.6 or 5.7 to the contrary, nothing in Sections 5.6 or 5.7 shall affect or limit or be construed as affecting or limiting the protection afforded to any Settling Insurance Company by a PI Channeling Injunction and/or the Channeled PI Insurance Entity Injunction.

c.    Nothing in Sections 5.6 and 5.7 is intended or shall be construed to preclude otherwise applicable principles of res judicata or collateral estoppel from being applied against any PI Insurance Company with respect to any issue that is actually litigated by such PI Insurance Company as part of its objections, if any, to Confirmation of the Plan or as part of any contested matter or adversary proceeding filed by such PI Insurance Company in conjunction with or related to Confirmation of the Plan.

d.    Nothing in the Plan, the Plan Documents, the Confirmation Order, or any findings of fact and/or conclusions of law with respect to the Confirmation or consummation of the Plan shall limit the right, if any, of (i) any PI Insurance Company, in any PI Insurance Coverage Action, to assert any PI Insurer Coverage Defense including by presenting evidence and/or argument with respect to any of the matters specified in clauses (i) through (vi) of Section 5.7(a) above or (ii) any other party in any such PI Insurance Coverage Action to assert any appropriate position.    Except as provided in Section 5.7(c) above, none of the matters specified in clauses (i) through (vi) of Section 5.7(a) above shall have any res judicata or collateral estoppel effect against any PI Insurance Company.

17.    The following shall be added as a new section known as §5.8:

§ 5.8    **Contribution Claims**.

If a non-Settling Insurance Company asserts that it has rights of contribution, indemnity, reimbursement, subrogation or other similar claims (collectively, "Contribution Claims") against a Settling Insurance Company, (i) such Contribution Claims may be asserted as a defense or counterclaim against the Trusts or the Reorganized Debtors (as applicable) in any PI Insurance Coverage Action including such non-Settling Insurance Company, and the Trusts or the Reorganized Debtors (as applicable) may assert the legal or equitable rights, if any, of the Settling Insurance Company, and (ii) to the extent such Contribution Claims are determined to be valid, the liability (if any) of such non-Settling Insurance Company to the Trusts or the Reorganized Debtors (as applicable) shall be reduced by the amount of such Contribution Claims.

18.    Subparagraph (b) of §6.7 shall be amended as follows:

b.    **Reservation of Rights**.

Nothing contained in the Plan will (i) constitute a waiver of any claim, right or cause of action that a Debtor, the Funding Vehicle Trust, any PI Trust or a Reorganized Debtor, as the case may be, may hold against the insurer under any policy of insurance or insurance agreement, except to the extent the insurer is a Settling Insurance Company; **or (ii) limit the assertion, applicability or effect of any PI Insurer Coverage Defense**.

19.    Subparagraph (b) of §8.1 shall be amended as follows:

b.    **Authority to Prosecute Objections**.

After the Confirmation Date, only the Debtors or the Reorganized Debtors will have the authority to File, settle, compromise, withdraw or litigate to judgment objections to Claims, other than Channeled Personal Injury Claims, which will be resolved pursuant to the terms of the applicable PI Trust Distribution Procedures, including pursuant to any alternative dispute resolution or similar procedures approved by the Bankruptcy Court. After the Effective Date, the Reorganized Debtors may settle or compromise any Disputed Claim, other than Channeled Personal Injury Claims, which will be resolved pursuant to the terms of the applicable PI Trust Distribution Procedures, without approval of the Bankruptcy Court. **Notwithstanding the provisions of the foregoing two sentences, the right to settle, compromise, withdraw, or litigate to judgment any Claims including, without limitation, Channeled Personal Injury Claims, Tort Claims, or Disputed Claims, shall be subject to the right of any PI Insurance Company to raise any PI Insurer Coverage Defense in response to a demand that such insurer handle, defend, or pay any such Claim.** This

grant of authority to the Debtors and Reorganized Debtors will not limit the right of the US Trustee or any other party in interest to object to Professional Fee Claims as contemplated by Section 3.1.a(vii)(B)(1).

20.     The following shall be added as subparagraph (c) to §12.1:

c.      Nothing in this section 12.1 shall affect the right of any PI Insurance Company to assert any PI Insurer Coverage Defense.

21.     The following shall be added as subparagraph (F) to §12.2(c)(iii):

(F)     the rights of any PI Insurance Company to assert any PI Insurer Coverage Defense.

22.     The following shall be added as subparagraph (q) to §XIII:

q.      Enter and implement such orders as may be necessary or appropriate if any aspect of the Plan, the Trusts, or the Confirmation Order, is for any reason or in any respect determined by a court to be inconsistent with, violative of, or insufficient to satisfy any of the terms, conditions, or other duties associated with any PI Included Insurance Policies, provided however, (a) such orders shall not impair the PI Insurer Coverage Defenses or the rights, claims, or defenses, if any, of any PI Insurance Company that are set forth or provided for in the Plan, the Plan Documents, the  Confirmation Order, or any other Orders entered in the bankruptcy cases of the Debtors, (b) this provision does not, in and of itself, grant this Court jurisdiction to hear and decide disputes arising out of or relating to the PI Included Insurance Policies, and (c) all interested parties, including any PI Insurance Company, reserve the  right to oppose or object to any such motion or order seeking such  relief.

23.     The last sentence of §XIII shall be amended as follows:

Notwithstanding anything to the contrary in this Article XIII, (i) the ~~allowance~~ **liquidation** of Channeled Personal Injury Claims **and Debtor Insurance Claims,** and the forum in which such ~~allowance~~ **liquidation will take place** will be governed by and in accordance with the **Plan, the** applicable PI Trust Agreement and PI Trust Distribution Procedures and (ii) the Bankruptcy Court will have concurrent rather than exclusive jurisdiction with respect to disputes relating to rights under insurance policies included in the PI Insurance Assets.

24.     Current §14.2 shall be amended as follows:

### 14.2    Limitation of Liability

The Debtors, the Reorganized Debtors, the DIP Lenders, the Indenture Trustees and their respective directors, officers, employees and professionals, acting in

such capacity and the Creditors' Committee or members thereof, the Asbestos Claimants' Committee or members thereof, the Retirees' Committee or members thereof, the Future Asbestos Claimants' Representative, the Future Silica and CTPV Claimants' Representative and their respective Professionals will neither have nor incur any liability to any entity for any act taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, Implementation, Confirmation or consummation of the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into, or any other act taken or omitted to be taken, in connection with the Plan; *provided, however,* that the foregoing provisions of this Section 14.2 will have no effect on (a) the liability of any entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan, or (b) the liability of any entity that would otherwise result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct, **or (c) any PI Insurer Coverage Defense.**

25.    Section references and cross-references contained in the Plan shall be deemed renumbered to conform to the modifications outlined above.

**EXHIBIT B**

1  LAWRENCE A. HOBEL (Bar No. 73364)
   MONIKA P. LEE (Bar No. 117019)
2  PETER F. McAWEENEY (Bar No. 148245)
   HELLER EHRMAN LLP
3  333 Bush Street
   San Francisco, CA  94104-2878
4  Telephone: (415) 772-6000
   Facsimile: (415) 772-6268
5
   Attorneys for Plaintiff
6  Kaiser Aluminum & Chemical Corporation

7                  Kaiser Aluminum & Chemical Corporation

8
            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
              **CITY AND COUNTY OF SAN FRANCISCO**
10

| | |
|---|---|
| 11 KAISER ALUMINUM & CHEMICAL CORPORATION, | CASE NO. 312415 |
| 12      Plaintiff, | Assigned for All Purposes to: The Honorable Peter J. Busch Dept. 210 |
| 13      v. | **STIPULATION AND AGREED ORDER** |
| 14 CERTAIN UNDERWRITERS AT LLOYD'S LONDON, et al., | |
| 15      Defendants. | |
| 16 | |

17           IT IS HEREBY STIPULATED AND AGREED,[1] by and between the

18  plaintiff, Kaiser Aluminum & Chemical Corporation ("Kaiser") and the Insurers (as

19  defined below) (Kaiser and the Insurers collectively shall be referred to as the "Parties"),

20  as follows:

21           **WHEREAS**, Kaiser and certain of its affiliates, parents, subsidiaries, and

22  related entities are currently debtors (collectively, the "Debtors") in bankruptcy cases filed

23  under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy

24  Court for the District of Delaware (the "Bankruptcy Court"), which cases have been

25  consolidated with each other and five other cases for procedural purposes only as case no.

26  02-10429 (JFK) and are being administered jointly (the "Bankruptcy Cases");

27

28  _____
    [1]      All capitalized terms not defined herein shall have the meanings ascribed to them
    in the Second Plan (as defined below) or in the Plan Modifications (as defined below).
    CHI99 4550189-1.059218.0062

_Left margin:_ McDERMOTT WILL & EMERY LLP  ATTORNEYS AT LAW  LOS ANGELES

1    **WHEREAS**, Kaiser purchased insurance policies (collectively, the

2    "Policies") from, among others, the insurers (collectively, "the Insurers") who have

3    executed this Stipulation and Agreed Order (the "State Court Stipulation");

4    **WHEREAS**, on May 25, 2000, Kaiser initiated two civil proceedings

5    against certain of its insurers, captioned as *Kaiser Aluminum & Chemical Corp. v. London*

6    *Market Insurers, et. al.*, No. 312415 (the "Products Action") and *Kaiser Aluminum &*

7    *Chemical Corp. v. Ins. Comp. of North America*, No. 322710 (the "Premises Action")

8    (collectively, the "Coverage Litigation"), pending in the San Francisco Superior Court of

9    the State of California (the "State Court");

10    **WHEREAS**, on September 7, 2005, Kaiser and the Debtors filed their

11    Second Amended Joint Plan of Reorganization Of Kaiser Aluminum Corporation, Kaiser

12    Aluminum & Chemical Corporation And Certain Of Their Debtor Affiliates (the "Second

13    Plan") in the Bankruptcy Cases.  For purposes of this State Court Stipulation, the term

14    "Plan" shall be defined as the Second Plan and any future iterations thereof containing (x)

15    the "Assignment" (as defined below) or (y) any other modifications from the Second Plan

16    not requiring resolicitation under Bankruptcy Code Sections 1125 and 1127;

17    **WHEREAS**, under the Plan, the Debtors seek to transfer the PI Insurance

18    Assets to the Funding Vehicle Trust.  For purposes of this State Court Stipulation, the

19    term "Assignment" shall be defined as (x) the proposed transfer of the PI Insurance Assets

20    to the Funding Vehicle Trust under Second Plan Sections 5.1d(i), 6.7(a), and 10.1(xv), as

21    such sections may be modified, or (y) any other assignment of any of the Debtors' rights

22    or obligations under the Policies to any trust, including, *inter alia*, a trust formed under

23    Bankruptcy Code Section 524(g);

24    **WHEREAS**, certain of the Insurers filed a Motion For Summary

25    Adjudication On Issue Of Assignment Of Policies (the "Assignment Motion") in the State

26    Court seeking a resolution of the lawfulness of the Assignment under the terms of the

27    Policies and applicable California state law;

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1    **WHEREAS**, Kaiser, in response to the Assignment Motion, filed its Motion

2    For Entry Of An Order Enforcing The Automatic Stay And Directing Certain Insurance

3    Companies To Dismiss Their Recent Motion Seeking Adjudication Of Plan Confirmation

4    Issues In California State Court (the "Stay Motion") in the Bankruptcy Court;

5    **WHEREAS**, the Insurers have objected or, notwithstanding this State Court

6    Stipulation and a related stipulation entered in the Bankruptcy Cases (discussed below),

7    expressed their intent to object to, *inter alia*, (a) the terms of the Plan, including the

8    Assignment and the Plan's compliance with Bankruptcy Code Section 524(g), (b) the

9    effect of the Plan, the Plan Documents, and any order confirming the Plan as to their

10   rights and the obligations of Kaiser and the Debtors under the Insurers' Policies, and (c)

11   the effect of the Plan, the Plan Documents, and any order confirming the Plan as to the

12   issues currently and expected to be adjudicated in the Coverage Litigation by the State

13   Court;

14   **WHEREAS**, the Parties, along with the "Committee" and the "Futures

15   Representatives" (as defined in the Bankruptcy Stipulation) have entered into that certain

16   Stipulation and Agreed Order, a copy of which is attached hereto as **Exhibit A**, to resolve

17   certain issues and matters arising out of or relating to the Plan (the "Bankruptcy

18   Stipulation"), which Bankruptcy Stipulation has been or will be presented to the

19   Bankruptcy Court for entry and approval in the Bankruptcy Cases; and

20   **WHEREAS**, the Parties, without admission, have reached certain

21   agreements, set forth below, regarding the Coverage Litigation, including the adjudication

22   of and schedule related to the Assignment Motion.

23   **THEREFORE,** the Parties hereby stipulate and agree as follows:

24   1.   The Bankruptcy Stipulation and its terms, including, without limitation, the Plan

25        modifications attached thereto (the "Plan Modifications"), are incorporated herein

26        by reference.  Without otherwise limiting or impairing the Plan Modifications set

27        forth in the Bankruptcy Stipulation, the Parties agree that the Confirmation of the

28        Plan (including when the Plan becomes effective on the Effective Date) will not

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

CHI99 4550189-1.059218.0062          -3-

1    constitute a settlement or judgment of the Channeled Personal Injury Claims. The

2    Insurers will retain the right to assert all other PI Insurer Coverage Defenses with

3    respect to the resolution of Channeled Personal Injury Claims by the Trusts

4    pursuant to the PI Trust Distribution Procedures or otherwise. The Parties stipulate

5    and agree that the Insurers have not consented to the Plan or the Plan Documents,

6    including, *inter alia*, the PI Trust Distribution Procedures, and have not consented

7    to the payment of any Channeled Personal Injury Claims thereunder. The Debtors,

8    the Trusts and any PI Insurance Company (including the Insurers) may offer any

9    relevant portion of the Plan, the PI Trust Distribution Procedures, any other Plan

10   Documents and/or the Confirmation Order for any purpose other than as specified

11   in Section 5.7(a) of the Plan, provided however, such offer shall be subject to the

12   rights, defenses, and objections, if any, of each of these parties in opposition

13   thereto.

14   2.    The Assignment Motion shall be stayed as provided in Paragraph 11 of the

15         Bankruptcy Stipulation. In the event that such stay expires as provided therein, the

16         Parties shall retain all rights, if any, to seek a stay of the adjudication of the

17         Assignment Motion in the State Court or the Bankruptcy Court.

18   3.    In the event no Party seeks a further stay of the Assignment Motion, Kaiser shall

19         file a responsive pleading to the Assignment Motion within three (3) weeks of the

20         entry of a final and nonappealable order entered in the Bankruptcy Cases sustaining

21         the Insurers' objections to confirmation of the Plan based on the issues set forth in

22         Section 3(a) of the Bankruptcy Stipulation. The Insurers shall file a reply to such

23         response within three (3) weeks of the filing of Kaiser's response. This schedule

24         shall also apply in the event any subsequent stay motion is filed, with such

25         schedule to begin as of the date any court enters an order denying such subsequent

26         stay motion or upon the expiration of any further stay granted by such court.

27         Notwithstanding the foregoing, any of the Parties may seek to modify this

28         scheduling provision for reasonable cause.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

CHI99 4550189-1.059218.0062         -4-

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

4. This State Court Stipulation shall become effective and binding only upon the occurrence of all of the following: (a) execution hereof by all Parties, (b) approval hereof by the State Court, and (c) the entry of a final and nonappealable order by the Bankruptcy Court in the Bankruptcy Cases approving the Bankruptcy Stipulation. This State Court Stipulation shall not be presented to the State Court for approval unless and until it is signed by all Parties. When effective, this State Court Stipulation shall also bind the Parties in the Premises Action without the necessity of a separate court order in the Premises Action.

5. This State Court Stipulation shall be binding upon the Parties and their respective successors and assigns, including any Trusts, and any trustee appointed in the Chapter 11 Bankruptcy Cases.

6. No change or modification of the Plan shall alter the rights of the Insurers under this State Court Stipulation unless agreed to in writing by all Parties hereto.

7. The provisions of this State Court Stipulation are non-severable and mutually dependent. This State Court Stipulation shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

AGREED:

HELLER EHRMAN LLP

By: _____
      Lawrence A. Hobel

**Attorneys for Kaiser Aluminum & Chemical Corporation**

CARROLL, BURDICK & McDONOUGH LLP

By: _____
      Rodney L. Eshelman
      Alison V. Lippa
      Raymond J. Tittman

**Attorneys for Columbia Casualty Insurance Company, Transcontinental Insurance Company, Harbor Insurance Company, and Continental Insurance Company**

CHI99 4550189-1.059218.0062                    -5-

TRESSLER, SODERSTROM, MALONEY & PRIESS

By: _____
     Mary E. McPherson

**Attorneys for Northern Assurance Company of America, as successor in interest to Employers Surplus Lines Insurance Company**

SINNOTT, DITO, MOURA & PUEBLA, P.C.

By: _____
     Kenneth H. Sumner

**Attorneys for Mutual Marine Offices, Inc. as attorney in fact for Employers Mutual Casualty Company**

SELMAN BREITMAN LLP

By: _____
     Nicholas Banko
     James R. Tenero

**Attorneys for Zurich Insurance Company (Switzerland) and Zurich International (Bermuda), Ltd.**

LEBOEUF, LAMB, GREENE & MACRAE LLP

By: _____
     Seth W. Wiener

**Attorneys for Hudson Insurance Company**

STEPTOE & JOHNSON, LLP

By: _____
     Harry Lee
     John O'Connor
     George R. Calhoun, V

**Attorneys for TIG Insurance Company, as successor by mergers to International Insurance Company**

McDermott Will & Emery LLP
Attorneys at Law
Los Angeles

CHI99 4550189-1.059218.0062                    -6-

STIPULATION AND AGREED ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

TRESSLER, SODERSTROM, MALONEY &
PRIESS

By: _____
Linda Bondi Morrison

**Attorneys for Allstate Insurance Company,
Solely as Successor-In-Interest to Northbrook
Excess and Surplus Insurance Company,
Formerly Known as Northbrook Insurance
Company**

MORRISON & FOERSTER

By: _____
David B. Babbe
Sonia S. Waisman

**Counsel for First State Insurance Company
Hartford Accident And Indemnity Company
New England Reinsurance Corporation and
Nutmeg Insurance Company**

RIEDL, MCCLOSKEY & WARING LLP

By: _____
Andrew R. McCloskey

**Counsel for Westport Insurance Corporation,
f/k/a Puritan Insurance Company, f/k/a The
Manhattan Fire & Marine Insurance
Company**

WHITE AND WILLIAMS LLP

By: _____
Guy A. Cellucci
Michael E. DiFebbo

**Attorneys for ACE Property and Casualty
Company, Century Indemnity Company,
Industrial Underwriters Insurance Company,
Pacific Employers Insurance Company, St.
Paul Mercury Insurance Company and
Industrial Indemnity Company**

CHI99 4550189-1.059218.0062                    -7-

STIPULATION AND AGREED ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

JACKSON & CAMPBELL

By: _____
    Donald L. Uttrich

**Attorneys for AIU Insurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, Landmark Insurance Company, Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., and New Hampshire Insurance Company**

MECKLER BULGER & TILSON LLP

By: _____
    Scott Seaman

**Attorneys for Affiliated FM Insurance Company**

CRAIG & WINKELMAN LLP

By: _____
    Bruce H. Winkelman

**Attorneys for American Re-Insurance Company; Executive Risk Indemnity Company, successor-in-interest to American Excess Insurance Company**

DUANE MORRIS LLP

By: _____
    Mitchell L. Lathrop, Esquire
    Bridget K. Moorhead, Esquire

**Attorneys for Republic Indemnity Company**

DUANE MORRIS LLP

By: _____
    Mitchell L. Lathrop, Esquire
    Bridget K. Moorhead, Esquire

**Attorneys for Transport Insurance Company (f/k/a Transport Indemnity Company)**

CHI99 4550189-1.059218.0062                    -8-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SELMAN BREITMAN LLP

By: _____
    Richard D. Bremer

**Attorneys for Associated International Insurance Company and Evanston Insurance Company**

MCMILLAN & SHUREEN LLP

By: _____
    Christopher J. Borders

**Counsel for Royal Insurance Company**

Dated: _____

SO ORDERED:

_____
The Honorable Peter J. Busch

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

CHI99 4550189-1.059218.0062    -9-

STIPULATION AND AGREED ORDER