# Exhibit 15

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Quigley Company, Inc.,        )
                                   )
Debtor.                      )     Case No. 04-15739 - SMB
                                   )
_____ )

### STIPULATION AND AGREED ORDER CONCERNING INSURANCE ISSUES

This Stipulation and Agreed Order ("Stipulation") is entered into as of May __, 2009, among Quigley Company, Inc. ("Quigley"), Pfizer Inc. ("Pfizer"); Albert Togut, in his capacity as the court-appointed legal representative in Quigley's Chapter 11 bankruptcy case (the "FDHR"); the Unsecured Creditors Committee for Quigley Company, Inc. (the "Creditors' Committee"); and those Asbestos Insurance Entities named in the signature block below (each a "Stipulating Insurer" and collectively, the "Stipulating Insurers," and together with Quigley and Pfizer, the FDHR, and the Creditors' Committee, the "Parties").[1]

WHEREAS, on September 3, 2004 (the "Petition Date"), Quigley filed a petition for bankruptcy under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as in effect on the Petition Date (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and is currently operating as a debtor-in-possession in its Chapter 11 case, Case No. 04-15739 (SMB) (the "Bankruptcy Case");

WHEREAS, Quigley is the proponent of the Fourth Amended and Restated Plan of Reorganization  [ECF # 1380], including any supplements, schedules and exhibits thereto (as such plan may be further modified, amended or supplemented from time to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan as they may be modified or amended by this Stipulation.

time, the "Plan") filed in the Bankruptcy Case. Each of Quigley, Pfizer, the FDHR, and the Creditors' Committee (collectively, the "Plan Supporters") supports the Plan;

WHEREAS, claimants have asserted or may in the future assert Asbestos PI Claims against Quigley and Pfizer and/or the Asbestos PI Trust;

WHEREAS, Quigley and Pfizer have asserted that the Stipulating Insurers issued one or more Asbestos Insurance Policies to or for the benefit of Quigley and Pfizer that allegedly provide coverage for such Asbestos PI Claims;

WHEREAS, the Stipulating Insurers dispute at least certain of the assertions of Quigley and Pfizer;

WHEREAS, the Plan and the Plan Documents provide for (among other things) the issuance of an injunction under 11 U.S.C. § 524(g) enjoining all Asbestos PI Claims against Quigley and the Pfizer Protected Parties and the creation of an Asbestos PI Trust to be funded by the Asbestos PI Trust Assets;

WHEREAS, the Plan Documents include procedures and mechanisms by which Asbestos PI Claims may be settled, allowed, assigned values, liquidated and paid, including the Asbestos PI Trust Distribution Procedures, attached as Exhibit B to the Plan;

WHEREAS, Quigley and Pfizer negotiated the Plan with, *inter alia*, the Creditors' Committee and the FDHR;

WHEREAS, the Stipulating Insurers assert that no Stipulating Insurer was invited to participate in or participated in, that no Stipulating Insurer was consulted on, and that no Stipulating Insurer consented to, the negotiation, formulation or solicitation of the

Plan, the Asbestos PI Trust Distribution Procedures and any other Plan Documents (other than with respect to this Stipulation and the Plan amendments provided herein);

WHEREAS, at least some of the Stipulating Insurers objected to confirmation of the Plan, and some or all of the Stipulating Insurers have informed the Plan Supporters that, in the absence of this Stipulation and changes to the insurance neutrality provisions of the Plan, some or all of them will continue to object and/or seek to object to confirmation of the Plan;

WHEREAS, the Plan Supporters and the Stipulating Insurers wish to avoid the litigation of such objections;

WHEREAS, the Bankruptcy Court may approve and enter this Stipulation as a core matter pursuant to 11 U.S.C. §§ 105 and 1129, Bankruptcy Rule 9019, and 28 U.S.C. § 157, and in accordance with the jurisdiction granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334.

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED BY THE BANKRUPTCY COURT, AS FOLLOWS:

1.      In express reliance on the terms of this Stipulation, and without prejudice to any Asbestos PI Insurer Coverage Defense that any Stipulating Insurer may have, the Stipulating Insurers agree that, except as expressly set forth below, they will withdraw all pending objections to the confirmation of the Plan, and further, that they will not:

      a.   prosecute further any outstanding discovery requests, Claims, cross-claims, objections, motions, briefs or pleadings in the Bankruptcy Case;

      b.   file or pursue any new discovery requests, Claims, cross-claims, objections, motions, briefs or pleadings in the Bankruptcy Case;

c.  object to or otherwise oppose, or support or assist in the preparation of any other Entity's objection or opposition to, confirmation of the Plan, approval of any Plan documents, or any other Plan-related pleadings;

d.  appeal or seek a stay of the effectiveness of any order entered in the Bankruptcy Case confirming the Plan; or

e.  participate in the Bankruptcy Case, other than, in conjunction with the other Parties, to obtain entry of this Stipulation, or as otherwise required in connection with any Insurance Settlement Agreement.

2.       This Stipulation is both an agreement of the Parties, enforceable like any other contract in accordance with its terms, and an order of the Bankruptcy Court, enforceable like any other order of a court of competent jurisdiction.

3.       No Party may seek to modify or amend the Plan or any Plan Document in a manner that is inconsistent with the terms of this Stipulation.  If the Plan or any Plan Document is modified or supplemented after the effective date hereof ("New Amendment") in a way that is inconsistent with the terms of this Stipulation, or in a way that adversely impacts the rights and obligations of any Party under this Stipulation, any Asbestos Insurance Policy, any Insurance Settlement Agreement, or any other settlement agreement between Pfizer, Quigley and any Stipulating Insurer, then any such affected Party may (a) object to such New Amendment to the extent and only to the extent that such New Amendment is inconsistent with this Stipulation or adversely impacts that Party's interests under this Stipulation, any Asbestos Insurance Policy, any Insurance Settlement Agreement, or any other settlement agreement with any Stipulating Insurer, and (b) seek specific enforcement of this Stipulation in accordance with Section 2 above; *provided*, *however*, the Party shall make such objection or seek such enforcement promptly and in a manner consistent with the Bankruptcy Code and any procedures to be set by the Bankruptcy Court for such objection or request following application therefor

by the Party intending to file such objection or request; and *provided, further, however*, that to the extent that any Party (other than a Stipulating Insurer) seeks a New Amendment that alters or affects the substance or operation of Section 10.4 (or the subsections thereof) of the Plan, any Stipulating Insurer shall have the option of promptly declaring this Stipulation null and void, but only as to that Stipulating Insurer, in which event such Stipulating Insurer shall be deemed not to be a Stipulating Insurer, shall not have any of the obligations or benefits of being a Stipulating Insurer, and shall thereafter be free promptly to file or re-file such objections to the Plan or the Plan Documents, or any provision of the Plan or the Plan Documents, as it deems appropriate, to the extent consistent with the Bankruptcy Code and any procedures to be set by the Bankruptcy Court for such objections following application therefor by the Party intending to file or re-file such objections.

4.      Pfizer, Quigley and the Stipulating Insurers shall cooperate in a good faith effort to obtain the prompt dismissal of *Continental Cas. Co., et al. v. Pfizer, Inc., et al.*, Adv. No. 06-01299 (Bankr. S.D.N.Y.) (the "CNA Adversary Proceeding"), such dismissal to be without prejudice to any claim, cross claim, counterclaim, or any Asbestos PI Insurer Coverage Defense of Pfizer, Quigley or any Stipulating Insurer that was, could have been, or in the future could be, asserted in the CNA Adversary Proceeding but for such dismissal.  For purposes of Section 1 above, the term "Bankruptcy Case" shall include the CNA Adversary Proceeding until such time as the CNA Adversary Proceeding is dismissed.

5.      The following non-material modifications shall be made to the Plan:

      a.   The following new definitions shall be added to Section 1.1 of the Plan:

*"Asbestos Insurance Dispute" means any and all formal or informal proceedings in any judicial, nonjudicial, arbitral or alternative dispute resolution forum of any kind, as well as all Claims asserted and defenses thereto, whether or not asserted in a proceeding, pending now or commenced in the future, (1) involving an Asbestos Insurance Entity and (2) related to any Asbestos Insurance Policy, any Insurance Settlement Agreement, any other settlement agreement with any Asbestos Insurance Entity, the Pfizer Contribution, the Insurance Relinquishment Agreement, the Quigley Contribution, the Quigley Insurance Transfer, the Quigley Transferred Insurance Rights, and/or any Quigley Insurer Receivable. Without limiting the foregoing, "Asbestos Insurance Dispute" includes "Asbestos Insurance Action."*

*"Asbestos Insurance Policy" means any insurance policy in effect at any time on or before the Effective Date naming Quigley or Pfizer (or any predecessor, subsidiary, or past or present Affiliate of Quigley or Pfizer) as an insured (whether as the primary or as an additional insured), or otherwise affording to Quigley or Pfizer indemnity or insurance coverage, upon which any Claim has been or may be made with respect to any Asbestos PI Claim. Without limiting the foregoing, "Asbestos Insurance Policy" includes "Shared Asbestos Insurance Policy."*

    b.   The definition of Asbestos PI Insurer Coverage Defenses set forth in Section 1.1 of the Plan shall be deleted and replaced with the following:

*"Asbestos PI Insurer Coverage Defenses" means all rights, Claims, or defenses, at law or in equity, that any Asbestos Insurance Entity may have under applicable law, any Asbestos Insurance Policy, any Insurance Settlement Agreement, or any other settlement agreement to which any Asbestos Insurance Entity is a party, with respect to a Claim seeking insurance coverage; provided, however, that "Asbestos PI Insurer Coverage Defenses" shall not include any right of, or Claim or defense asserted by, any Asbestos Insurance Entity that (1) is based on the assertion that the Plan does not, or that any of the Plan Documents do not, comply with the Bankruptcy Code; (2) is based on the assertion that either the Quigley Insurance Transfer or the Insurance Relinquishment Agreement is invalid, ineffective and/or unenforceable or is otherwise prohibited, or otherwise serves to impair, limit or void any rights to insurance coverage; (3) the Asbestos Insurance Entity has released, limited (to the extent of such limitation) or waived in any Insurance Settlement Agreement or any other settlement agreement; or (4) has been resolved or limited (to the extent of such limitation) in a Final Order by binding adjudication in any proceeding, including in Continental Cas. Co., et al. v. Pfizer Inc., et al., Adv. No. 06-01299 (Bankr. S.D.N.Y.) (the*

*"CNA Adversary Proceeding"), but otherwise excluding the Chapter 11 Case.*

    c.   The definition of Indirect Asbestos PI Claim set forth in Section 1.1 of the Plan shall be deleted and replaced with the following:

*"<u>Indirect Asbestos PI Claim</u>" means a Claim or Demand that is based upon a right of contribution, reimbursement, subrogation, indemnity (whether arising by contract or by operation of law) or virile share (as those terms are defined by the nonbankruptcy law of any relevant jurisdiction), or similar Claims or Demands, whether or not such Claim or Demand is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, whether or not the facts or legal bases therefore are known or unknown, and regardless of whether in the nature of, or sounding in, contract, tort, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, indemnity, statutory right, conspiracy, conducting a fraudulent defense, or any other theory of law, equity, or admiralty, and arising out of or related to an Asbestos PI Claim; <u>provided, however,</u> that "<u>Indirect Asbestos PI Claim</u>" shall not include (a) Count I of the complaint in the pending action styled <u>Certain Underwriters at Lloyd's, London, et al. v. Allstate Insurance Co., et al.,</u> Index No. 603900/001 (NY Supreme Court, County of New York), or (b) any claims of Allstate Insurance Company against Pfizer Inc. for indemnification under Section VI of the Settlement Agreement Between and Among Pfizer Inc., Quigley Company, Inc. and Allstate Insurance Company Concerning Asbestos-Related Bodily Injury Claims effective June 1, 1999, as amended in or around April, 2004, pursuant to an Addendum to Settlement Agreement Between and Among Pfizer Inc., Quigley Company, Inc. and Allstate Insurance Company Concerning Asbestos-Related Bodily Injury Claims.*

    d.  Section 10.4 shall be deleted and replaced with the following:

*10.4   <u>Insurance Neutrality</u>*

*10.4.1  Subject to Sections 10.4.5 and 10.4.6 below, nothing in the Plan, the Confirmation Order, or any other Plan Documents, or any finding of fact and/or conclusion of law with respect to the confirmation of the Plan, shall limit the right of any Asbestos Insurance Entity to assert any Asbestos PI Insurer Coverage Defense. Notwithstanding any provision in the Plan, the Confirmation Order, or any other Plan Documents, and subject to Sections 10.4.5 and 10.4.6 below, nothing contained in any such documents shall impose, or shall be deemed or construed to impose, any obligation on any Asbestos Insurance Entity to provide a defense for, settle, pay any judgment with respect to, or otherwise pay, any Claim,*

*including any Asbestos PI Claim; rather, whether an Asbestos Insurance Entity is obligated to provide a defense for, settle, pay any judgment with respect to, or otherwise pay, any Claim, including any Asbestos PI Claim, shall be determined in accordance with the applicable Asbestos Insurance Policy issued by that Asbestos Insurance Entity, any related Insurance Settlement Agreement, any other relevant settlement agreement, and/or applicable non-bankruptcy law.*

*10.4.2  Subject to Sections 10.4.5 and 10.4.6 below, none of (a) the Plan and the Plan Documents, (b) the Court's approval of the Plan or the Plan Documents, (c) the Confirmation Order or any findings and conclusions entered with respect to Confirmation, (d) any estimation or valuation of Asbestos PI Claims, either individually or in the aggregate (including without limitation any agreement as to the valuation of Asbestos PI Claims) in this Chapter 11 Case, or (e) any judgment, order, finding of fact, conclusion of law, determination or statement (written or verbal, on or off the record) made by the Bankruptcy Court or issued or affirmed by the District Court pursuant to 11 U.S.C. § 524(g)(3) or entered by any other court exercising jurisdiction over the Chapter 11 Case, including in any judgment, order, writ or opinion entered on appeal from any of the foregoing, shall, for purposes of any Asbestos Insurance Dispute, constitute an adjudication, judgment, trial, hearing on the merits, finding, conclusion, or other determination, or evidence or suggestion of any such determination, establishing:*

 *i. that any Asbestos Insurance Entity has or does not have liability or coverage obligations for any Claim, including without limitation any Asbestos PI Claim, under any Asbestos Insurance Policy, any Insurance Settlement Agreement, or any other settlement agreement to which any Asbestos Insurance Entity is a party, on any basis;*

 *ii. that the amount of any Asbestos PI Claim (either individually or in the aggregate with other Claims) is or is not reasonable;*

 *iii. that any Entity is or is not covered for any Claim, including any Asbestos PI Claim, under any Asbestos Insurance Policy;*

 *iv. that any Asbestos Insurance Entity has or does not have any defense or indemnity obligation with respect to any Claim, including any Asbestos PI Claim;*

 *v. that any Asbestos Insurance Entity is or is not liable for, or otherwise is or is not obligated to provide coverage with respect to, any individual Asbestos PI Claim (either individually or in the aggregate with other Claims);*

vi. *that the procedures established by the Plan or any of the Plan Documents, including without limitation the Asbestos PI Trust Distribution Procedures, for evaluating and paying Asbestos PI Claims, are or are not reasonable, appropriate, established or agreed to in good faith, or consistent with the terms and conditions of any Asbestos Insurance Policy;*

vii. *that the procedures established by the Plan or any of the Plan Documents, including without limitation the Asbestos PI Trust Distribution Procedures, for evaluating and paying Asbestos PI Claims, are or are not consistent with any procedures that were used to evaluate, settle or pay Asbestos PI Claims against Quigley or Pfizer before the Petition Date;*

viii. *that the settlement of, or the value assigned to, any individual Asbestos PI Claim (either individually or in the aggregate with other Claims) pursuant to the Plan or any of the Plan Documents, including without limitation the Asbestos PI Trust Distribution Procedures, is, is not, was or was not reasonable and/or otherwise appropriate;*

ix. *that any Asbestos Insurance Entity did or did not participate in, consult on, and/or consent to the negotiation, proposal or solicitation of the Plan or any of the Plan Documents, including without limitation the Asbestos PI Trust Distribution Procedures;*

x. *that Quigley, Pfizer or the Asbestos PI Trust has or has not suffered an insured loss or otherwise incurred a legal liability with respect to any Asbestos PI Claim;*

xi. *that it was, is or will be (or was not, is not or will not be) reasonable, appropriate, in good faith, or consistent with the terms and conditions of any Asbestos Insurance Policy for Quigley, Reorganized Quigley, Pfizer or the Asbestos PI Trust to settle, allow, liquidate, assign any value to, and/or pay (or present to any Asbestos Insurance Entity for payment) any Asbestos PI Claim on any terms or conditions contemplated by the Plan or any Plan Document;*

xii. *that the conduct of Quigley, Pfizer, Reorganized Quigley or the Asbestos PI Trust in connection with the negotiation, development, settlement, confirmation and/or implementation of the Plan or any Plan Document was, is or will be (or is not or will not be) reasonable, appropriate, in good faith, or consistent with the terms and conditions of any Asbestos Insurance Policy; or*

xiii.     *that any Asbestos Insurance Entity had, has or will have (or did not have, does not have or will not have) a reasonable, good-faith basis to withhold consent to the settlement, allowance or liquidation of, assignment of any value to, and/or payment of (including any presentation to any Asbestos Insurance Entity for payment of) any Asbestos PI Claim, including under or in connection with the Plan or any Plan Document.*

*Notwithstanding the foregoing, in any Asbestos Insurance Dispute, any Entity may use evidence of any item listed in subparts (a) through (e) of this Section 10.4.2 for the purpose of proving the occurrence of an event in this Chapter 11 Case.  Further, nothing in this Section 10.4.2 shall, or shall be deemed to, prohibit any Entity in such Asbestos Insurance Dispute from asserting any position with respect to insurance coverage that is not expressly limited, restricted or prohibited by subsections (i) through (xiii) of this Section 10.4.2.*

*10.4.3  Subject to Sections 10.4.5 and 10.4.6 below, any judgment, order, finding of fact, conclusion of law, determination or statement (written or verbal, on or off the record) made by the Bankruptcy Court or issued or affirmed by the District Court pursuant to 11 U.S.C. § 524(g)(3) or entered by any other court exercising jurisdiction over the Chapter 11 Case, including in any judgment, order, writ or opinion entered on appeal from any of the foregoing, shall not, and shall not be construed to, constitute a finding, conclusion, or determination regarding insurance coverage.  Subject to Sections 10.4.5 and 10.4.6 below, in considering whether to confirm the Plan and to approve any Plan Document, the Bankruptcy Court, the District Court, or any other court exercising jurisdiction over the Chapter 11 Case, is not considering, and is not deciding, any matter with respect to any Asbestos PI Insurer Coverage Defense.*

*10.4.4  Nothing in this Section 10.4 of the Plan shall be interpreted to affect or limit the protections afforded to any Settling Asbestos Insurance Entity or any Asbestos Protected Party by Sections 11.6 or 11.7 of this Plan.*

*10.4.5  Nothing in this Section 10.4 precludes or shall be construed to preclude otherwise applicable principles of res judicata or collateral estoppel from being applied against any Entity with respect to any issue that is actually litigated by such Entity in connection with the Chapter 11 Case, as part of its objections, if any, to Confirmation of the Plan or as part of any contested matter or adversary proceeding.  Plan objections filed by any Asbestos Insurance Entity on or before January 1, 2009, that are withdrawn by that Asbestos Insurance Entity on or before May 30, 2009, shall be deemed not to have been actually litigated.*

*10.4.6  Notwithstanding any other provision of this Plan or any of the Plan Documents, in any Asbestos Insurance Dispute no Asbestos Insurance Entity shall have, or have the right to assert, any right, Claim or defense enumerated in subparts (1) through (4) of the proviso to the definition of Asbestos PI Insurer Coverage Defenses.*

*10.4.7  Nothing in  any provision of this Plan or any of the Plan Documents shall in any way operate to impair, or have the effect of impairing, in any respect, the legal, equitable, or contractual rights of the Parties under the Stipulation and Agreed Order Concerning Insurance Issues, entered by the Bankruptcy Court in the Bankruptcy Case, ECF Dkt. _____.  For purposes of the foregoing, "Parties" has the meaning set forth in such Stipulation and Agreed Order.*

6.      Within fifteen (15) days of the entry of this Stipulation, and provided that no stay has been entered pending appeal, Quigley shall file a conformed copy of the Plan containing all of the modifications set forth above in Section 5.

7.      As to the Stipulating Insurers, none of the items listed in subparts (a) through (e) of Section 10.4.2 of the Plan shall, for purposes of any Asbestos Insurance Dispute, constitute an adjudication, judgment, trial, hearing on the merits, finding, conclusion, or other determination, or evidence of any such determination:

> a.    establishing that Pfizer, Quigley or the Asbestos PI Trust has been adjudged to be liable for any Claim, including any Asbestos PI Claim (either individually or in the aggregate with other Claims), or
>
> b.    accelerating the obligations, if any, of any Asbestos Insurance Company under any Asbestos Insurance Policy, any Insurance Settlement Agreement, or any other settlement agreement between Pfizer, Quigley and any Stipulating Insurer.

Notwithstanding the foregoing, in any Asbestos Insurance Dispute, as to the Stipulating Insurers only:  (i) an individual Asbestos PI Claim resolved by the Asbestos PI Trust in accordance with the Asbestos PI Trust Distribution Procedures (other than through contested litigation to judgment by a court to the extent permitted by such Procedures) shall be treated as having been settled by the Asbestos PI Trust upon the placement of

such Asbestos PI Claim in the FIFO Payment Queue as provided in Section 5.1(c) of the Asbestos PI Trust Distribution Procedures; (ii) subject to Section 10.4.2 of the Plan, the Asbestos PI Trust, Quigley and/or Pfizer may assert that such settlements are reasonable and binding on Asbestos Insurance Entities; and (iii) subject to Section 10.4.2 of the Plan, any Stipulating Insurer may assert (in addition to any other Asbestos PI Insurer Coverage Defenses) that any such settlement is not reasonable and is not binding on the Stipulating Insurer.  Nothing in this Stipulation shall, or shall be deemed to, constitute consent by any Stipulating Insurer to any such settlement.

8.      The Asbestos PI Trust shall not assert any Claim against any Stipulating Insurer to recover payment for any particular Asbestos PI Claim(s) based upon (i) any estimation of future liability that may be owed to the holders of Asbestos PI Claims, or (ii) the aggregate value or amount of the Asbestos PI Trust Assets.

9.      Subject only to the rights and obligations afforded under any applicable Insurance Settlement Agreement, or any other settlement agreement between Pfizer, Quigley and any Stipulating Insurer, the Asbestos PI Trust shall not assert any Claim against any Stipulating Insurer (including but not limited to any Claim in any Asbestos Insurance Dispute, but excluding any Claim based on an Asbestos PI Claim that has been determined by judgment in court resulting from contested litigation permitted under the Asbestos PI Trust Distribution Procedures) to recover payment for any particular Asbestos PI Claim(s) until either:

> a.    with respect to "pay on behalf of" insurance policies or settlement obligations, the Asbestos PI Trust has placed such Asbestos PI Claim(s) in the FIFO Payment Queue as provided in Section 5.1(c) of the Asbestos PI Trust Distribution Procedures; or

      b.   with respect to "indemnification" insurance policies or settlement obligations, the Asbestos PI Trust has made distribution with respect to such Asbestos PI Claim;

*provided*, *however*, that nothing in this Section 9 shall be construed as (i) limiting or precluding any pending Claims by or against any Stipulating Insurer in *Travelers Casualty and Surety Co., et al. v. Pfizer Inc., et al., W-07-01*, or (ii) precluding the Asbestos PI Trust from commencing and prosecuting any declaratory judgment action against any Stipulating Insurer, *provided further* that the Asbestos PI Trust shall not seek monetary damages or similar monetary relief in such declaratory judgment action with respect to any Asbestos PI Claim(s) until the Trust may assert a claim for payment with respect to such Asbestos PI Claim(s) in accordance with Sections 9(a) or 9(b).

10.     The Parties expressly reserve all of their respective positions concerning whether a Stipulating Insurer's obligation (if any) to make payments on account of an Asbestos PI Claim paid or to be paid by the Asbestos PI Trust is to be determined based on, on the one hand, the full liquidated value of the Asbestos PI Claim or, on the other hand, the amount actually paid or to be paid to the holder of the Asbestos PI Claim after application of the payment percentage pursuant to the Asbestos PI Trust Distribution Procedures.

11.     In reliance on this Stipulation and the Plan modifications set forth in Section 5 above, the Stipulating Insurers hereby (a) consent to the Quigley Insurance Transfer, and (b) waive and release any argument, position or assertion in any Asbestos Insurance Dispute concerning the validity, effectiveness or enforceability of the Quigley Insurance Transfer or the Insurance Relinquishment Agreement (including whether the Quigley Insurance Transfer or the Insurance Relinquishment Agreement is prohibited by any Asbestos Insurance Policy, Insurance Settlement Agreement, or any other settlement

agreement between Pfizer, Quigley and any Stipulating Insurer, or otherwise impairs, limits, or voids any rights to insurance coverage); *provided, however*, that this Stipulation does not itself constitute consent by any Stipulating Insurer, and shall not be cited, relied upon, or used in any way in support of any claim, assertion or argument that any Stipulating Insurer has consented, to any further assignment or transfer of the Quigley Transferred Insurance Rights by the Asbestos PI Trust.  Notwithstanding the foregoing, (a) the Asbestos PI Trust may not assign or transfer to any Asbestos PI Claimant its rights to pursue any cause of action against any Stipulating Insurer without the consent of the affected Stipulating Insurers, which consent may not be unreasonably withheld, but (b) the Asbestos PI Trust may assign to any third party its right, if any, to receive any payments from a Stipulating Insurer under an agreed payment schedule provided in a settlement agreement between Pfizer, Quigley and/or the Asbestos PI Trust and the Stipulating Insurer or pursuant to a Final Order awarding specific monetary relief against the Stipulating Insurer and in favor of the Asbestos PI Trust.  None of Pfizer, Quigley, the FDHR nor the Creditors' Committee agree that any such insurer consent is, was or would be required.

12.    Except as set forth in Section 11 above, this Stipulation does not itself constitute consent by any Stipulating Insurer and shall not be cited, relied upon, or used in any way in support of any claim, assertion or argument that any Stipulating Insurer has consented, to the Plan or the Plan Documents, or to the settlement, resolution, or payment of any Asbestos PI Claim.  None of Pfizer, Quigley, the FDHR nor the Creditors' Committee agree that any such insurer consent is, was or would be required.

13.     The Parties hereby agree (a) to file this Stipulation in the Bankruptcy Case within five (5) business days after it has been executed by all Parties, (b) to use their respective reasonable best efforts to obtain approval of this Stipulation by the Bankruptcy Court in the Bankruptcy Case as soon thereafter as is reasonably practicable and prior to the Confirmation Date; and (c) to use their reasonable best efforts to ensure that the Confirmation Order and any order of the District Court (or any other court exercising jurisdiction over the Bankruptcy Case) affirming any Confirmation Order, the Plan, or any other Plan Document are consistent with this Stipulation.

14.     This Stipulation shall be of no force and effect unless and until it is signed by all Parties and "so ordered" by the Bankruptcy Court.

15.     This Stipulation shall be binding upon the Parties and each of their respective successors and assigns, including the Asbestos PI Trust (and any claimant or Entity claiming through or on behalf of Pfizer, Quigley or the Asbestos PI Trust to seek coverage or any related relief against any Stipulating Insurer with respect to any Asbestos Insurance Policy) and the Pfizer Protected Parties.  As between or among the Parties and each of their respective successors and assigns, including the Asbestos PI Trust (and any claimant or Entity claiming through or on behalf of Pfizer, Quigley or the Asbestos PI Trust to seek coverage or any related relief against any Stipulating Insurer with respect to any Asbestos Insurance Policy) and the Pfizer Protected Parties, all terms and provisions of this Stipulation shall be enforceable as if such terms and provisions were incorporated in their entirety in the Plan; *provided, however*, that other than those provisions of this Stipulation expressly incorporated into the Plan by Section 5 hereof, the Stipulation shall

not create, and shall not be construed as creating, any rights in any Entity other than the Parties.

16.     Notice of this Stipulation shall be given to all parties in interest in the Bankruptcy Case.

17.     It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation, has been adequately represented and advised by legal counsel, and that any claimed ambiguity shall not be construed for or against any Party on account of such drafting.

18.     The person who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

19.     This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all which together shall constitute one and the same instrument.  A signature transmitted by facsimile shall be deemed an original signature for purposes of this Stipulation.

20.     The Bankruptcy Court shall retain jurisdiction to interpret and enforce this Stipulation.


Dated: _____, 2009
        New York, NY

        So Ordered:

        _____
        Stuart M. Bernstein, United States
        Bankruptcy Judge

By:  /s/ Lawrence V. Gelber
Lawrence V. Gelber
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY  10022
Telephone:  212-756-2150
Facsimile:  212-593-5955

Counsel for Quigley Company, Inc.


By:  /s/ David B. Killalea
David B. Killalea
Gilbert Oshinsky LLP
1100 New York Avenue, NW
Suite 700
Washington, DC  20005
Telephone:  202-772-2280
Facsimile:  202-772-2282

Counsel for Pfizer Inc.


By:  /s/ Ronald E. Reinsel
Ronald E. Reinsel
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005
Telephone:  202-862-7837
Facsimile:  202-429-3301

Counsel for Creditors' Committee


By:  /s/ Scott Ratner
Scott Ratner
Togut, Segal & Segal, LLP
One Penn Plaza
New York, NY  10119
Telephone:  212-594-5000
Facsimile:  212-967-4258

Counsel for Future Demand Holders' Representative

By:  /s/ John Lovi_____
John D. Lovi (JL-5928)
Steptoe & Johnson LLP
750 Seventh Ave., 19th Floor
New York, NY 10019
Telephone:  212.506.3900
Facsimile:  212.506.3950

        and

James E. Rocap, III
George R. Calhoun, V
Steptoe & Johnson LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
Telephone:  202.429.3000
Facsimile:  202.429.3902

Counsel for Travelers Casualty and Surety Company


By:  __/s/ Karel S. Karpe___
Karel S. Karpe, Esquire
WHITE AND WILLIAMS LLP
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: 212.244.9500

        and

James S. Yoder, Esquire (Pro Hac Vice)
WHITE AND WILLIAMS LLP
824 Market Street, Suite 902
Wilmington, DE 19899-0709
Telephone: 302.467.4524

        and

Elit R. Felix, II, Esquire (Pro Hac Vice)
MARGOLIS EDELSTEIN
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Telephone: 215.931.5870

Counsel for Allianz Global Risks U.S. Insurance Company (formerly known as Allianz Insurance Company)and Allianz Underwriters Insurance Company (formerly known as Allianz Underwriters, Inc.)


By: __/s/_ Stefano Calogero_____
Stefano Calogero
Cuyler Burk, P.C.
Parsippany Corporate Center
Four Century Drive
Parsippany, New Jersey 07054
Telephone:  973-734-3200
Facsimile: 973-734-3201


Counsel for Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company and Northbrook Indemnity Company


By: __/s/_ Michael Buckley_____
Michael Buckley
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556-0926
Telephone: 516.357.3390
michael.buckley@rivkin.com


Counsel for American Centennial Insurance Company


By: __/s/_ Carl J. Pernicone____
Carl J. Pernicone
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639
Telephone: 212-915-5656
Facsimile:  212-490-3038
carl.pernicone@wilsonelser.com


Counsel for Arrowood Indemnity Co. (f/k/a Royal Indemnity Co.)

By: __/s/ Timothy J. Hurley
Timothy J. Hurley (Pro Hac Vice)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Telephone:  513.357.9341

    and

Steven G. Adams (SA4202)
Melito & Adolfsen P.C.
233 Broadway
New York, NY  10279
Telephone:  212.238.8991

Counsel for Atlanta International Insurance Company


By: __/s/ Constantine D. Pourakis
Constantine D. Pourakis
Stevens & Lee, P.C.
485 Madison Avenue
20th Floor
New York, NY 10022
Telephone:  212-537-0409
Facsimile:  610-371-1237
cp@stevenslee.com

    and

Leonard P. Goldberger
Stevens & Lee, P.C.
1818 Market St., 29th Fl.
Philadelphia, PA 19103
Telephone 215.751.2864
Facsimile:  610.371.7376
lpg@stevenslee.com

Counsel for Fireman's Fund Insurance Company

By: _/s/ Jacob C. Cohn_____
William P. Shelley
Jacob C. Cohn
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Counsel for Guildhall Insurance Company, LTD.

By: __/s/ Eileen T. McCabe_____
Eileen T. McCabe
Mendes & Mount, LLP
750 Seventh Avenue
New York, New York 10019
Telephone: 212.261.8254
Facsimile: 212.261.8750

Counsel for Korean Reinsurance Co.


By: _/s/ Patrick Feeley_____
Patrick J. Feeley (PF 4931)
Cecilie Howard (CH 9186)
Dorsey & Whitney LLP
250 Park Avenue
New York, NY 10177-1500
Telephone: (212) 415-9200
Facsimile: (212) 953-7201

Counsel for National Casualty Company


By: _/s/ Arthur J. Liederman_
Arthur J. Liederman
Morrison Mahoney LLP
17 State Street
New York, NY 10004-1501
Phone: 212-825-1212
Facsimile: 212-825-1313

Counsel for TIG Insurance Company


TO: Parties on the Annexed Service List