# EXHIBIT 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 01-1139 (JKF) |
| W.R. GRACE & CO., et al., | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) |

**DEBTORS' RESPONSE TO GOVERNMENT EMPLOYEES INSURANCE
COMPANY AND COLUMBIA INSURANCE COMPANY'S REQUESTS FOR
ADMISSION, INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 26, 33, 34 and 36, applicable to this

proceeding by Federal Rules of Bankruptcy Procedure 7026, 7033, 7034, 7036 and 9014,

the Debtors hereby respond to the Requests for Admission, Interrogatories and Requests

for Production of Documents (the "Requests") propounded by Government Employees

Insurance Company and Columbia Insurance Company f/k/a/ Republic Insurance

Company (collectively, the "Discovering Parties").

**GENERAL OBJECTIONS AND RESERVATIONS OF RIGHTS**

1.      The Debtors note that the Requests are based on the First Amended Joint

Plan of Reorganization, dated December 19, 2008, as it may be amended hereafter.  To

be clear, these responses are based on the most recent versions of the Plan and the Plan

Documents (as defined in the Plan) on file with the Court as of the date of these

responses.

2.      By responding to these Requests, the Debtors should not be construed as

accepting the definitions that the Discovering Parties have provided.  In their responses

below, the Debtors have used what they believes is an appropriate and reasonable

understanding of the words that the Requests purport to define.  In addition, to the extent

not otherwise defined herein or in the Requests, any capitalized terms in these responses shall have the meaning attributed to them in the Plan and the other Plan Documents.

      3.      The Debtors further note, in lieu of repeating throughout these responses, that, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

      4.      The Debtors will produce any and all non-privileged and non-confidential documents produced in response to the Requests to the virtual data room established by the Debtors.  If the responses indicate that documents are being produced, such statements do not mean, and should not be construed to suggest, that the Debtors possess documents responsive to all of the Requests.

      5.      The Debtors object to the Requests on the ground that the Discovering Parties lack standing to object to the confirmation of the Plan because the Plan is insurance neutral, as set forth in Section 7.15 of the Plan.  In responding to the Discovering Parties' Requests, and in producing any documents requested by the Discovering Parties, the Debtors do not waive, and expressly reserve, their objection that the Discovering Parties lack standing to pursue any objection to confirmation of the Plan and all matters related thereto.

DOCS_DE:145731.1

6.      The Debtors object generally to the instructions and definitions set forth in the Requests to the extent they seek to impose any obligation beyond that which is required by the Federal Rules of Civil Procedure, as applicable by the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the District of Delaware, or any case management or other applicable order entered by the Bankruptcy Court.

7.      The Debtors object to the Requests to the extent they seek to require the Debtors to speculate about the actions of others outside their direct knowledge.

8.      The Debtors object to any Request seeking information protected by the attorney-client privilege, work product doctrine, common-interest privilege, or any other applicable privilege, doctrine or protection. The production of any information and/or documentation by the Debtors is without waiver of any claim of privilege or confidentiality. If privileged or confidential information or documentation is inadvertently produced by the Debtors, its production does not constitute a waiver of any applicable privilege, doctrine or protection.

9.      The Debtors object to the Requests to the extent that they seek information and/or documents that are not relevant to the confirmation of the Plan, and/or are overly broad, unduly burdensome, harassing or not reasonably calculated to lead to the discovery of admissible evidence.

10.     The Debtors object to the Requests to the extent that they seek disclosure of communications in connection with negotiations of a plan of reorganization and/or draft plan documents. Numerous bankruptcy courts have prohibited discovery into and the disclosure of such information. See In re Federal-Mogul Global, Inc., Case No. 01-

3

10578 (JKF) (Bankr. D. Del. Feb. 26, 2007) (Hr'g Tr. at 31) (finding that draft plan

documents are not properly discoverable); In re Pittsburgh Corning Corp., Case No. 00-

22876 (JKF) (Bankr. W.D. Pa. Feb. 19, 2004) (Hr'g Tr. at 64-66) (finding that drafts of

plan documents are not discoverable); In re Combustion Eng'g, Case No. 03-10495 (JKF)

(Bankr. D. Del. May 2, 2003) (Hr'g Tr. at 301) (observing that "drafts generally are not

relevant to anything"); In re Babcock & Wilcox Co., No. 00-10992 (JAB) (Bankr. E.D.

La. Aug. 20, 2003) (Hr'g Tr. 84) (denying insurers' motion to compel discovery on draft

plan of reorganization documents and confidential plan of reorganization negotiations);

In re ACandS, Inc., No. 02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-

45) (denying discovery into plan negotiations on the grounds that such discovery is

irrelevant to the issue of good faith in proposing the plan); In re Eagle-Picher Indus., 169

B.R. 130, 134 (Bankr. S.D. Ohio 1994) (finding that creditors were not entitled to drafts

of proposed plans of reorganization).

   11. The Debtors object to the Requests to the extent that they seek information

that is protected from disclosure by FED. R. EVID. 408.

   12. The Debtors object to the Requests to the extent they seek proprietary

information. To the extent there are responsive proprietary documents in their

possession, the Debtors will seek the entry of a protective order and such documents will

be produced subject to that order.

   13. The Debtors object to the Requests to the extent that they are vague or

ambiguous or fail to describe the information sought with sufficient particularity to allow

for a meaningful response by them.

4

14.     The Debtors object to the Requests to the extent that they call for the

Debtors to produce documents or information on behalf of any other party and/or seek

discovery of information or documents no longer in existence or not within the Debtors'

possession, custody or control.

15.     The Debtors object to the Requests to the extent that they request

information or documents that are not responsive, but may be attached to a responsive

document.

16.     The Debtors object to the Requests to the extent that the Requests are

being improperly used to obtain discovery for use in connection with other disputes,

including, but not limited to, future coverage litigation, and not for purposes of the

confirmation of the Plan.

17.     The Debtors object to the Requests insofar as they require, or purport to

require, the Debtors to turn over or otherwise surrender to the Discovering Parties, or

their counsel, the original or only copy of a document or other tangible item in the

Debtors' possession.  Unless otherwise noted, the Debtors shall produce copies of

documents to the virtual data room.

18.     The Debtors object to the Requests to the extent that they seek discovery

of confidential business information, confidential settlement information, and/or

information subject to confidentiality agreements with third parties.

19.     The Debtors object to the Requests to the extent that any portion of any of

the Requests seeks discovery of information that is equally accessible and available to the

Discovering Parties or that is already in their possession, custody or control, or is

available as a matter of public record.

5

20.    The Debtors object to the Requests to the extent they seek material only discoverable upon a showing that the Discovering Parties have substantial need for the materials pursuant to Rule 26(b)(3) and Rule 26(b)(4) of the Federal Rules of Civil Procedure, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026.

21.    The Debtors object to the Interrogatories and Requests for Production to the extent they state assumptions of law or fact, which the Debtors neither admit nor deny. The provision of any response or answer to any Interrogatory or Request for Production may not be construed as, and is not an admission to, any of the facts or legal assumptions stated in any such request. Nothing in the Debtors' responses to any Interrogatory or Request for Production should be construed as an admission respecting the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization of any kind contained in the Interrogatories or Requests for Production.

22.    The information provided in the responses set forth below is that currently available to the Debtors, unless privileged or otherwise protected. The responses herein are made without waiver of and with specific preservation of: (a) questions and objections as to competence, relevance, materiality, privilege and admissibility; (b) the right to object to the use of any objections, response or answer, or any documents produced, in whole or in part, on any ground; (c) the right to object on any ground at any time to a demand for further productions, responses or answers involving or relating to the subject matter of the Requests; (d) the right at any time to revise, correct, add to or clarify any of the objections, responses and answers propounded herein; and (e) the right to move for an appropriate protective order.

6

DOCS_DE:145731.1

23.     The Debtors' decision to provide responses notwithstanding the objectionable nature of any of the Requests should not be construed as a waiver of any of the general or specific objections.

24.     These General Objections and Reservations of Rights are incorporated by reference into the following specific objections and responses, and an objection or response by the Debtors to any Request is made without waiver of, and subject to, these General Objections and Reservation of Rights.

25.     The Debtors reserve the right to amend or supplement these responses.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

GEICO is not in breach of any provision of any of the GEICO Policies.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Based on information currently known to the Debtors, admitted.  The Debtors reserve the right to amend or supplement this response if additional information is discovered.

**REQUEST FOR ADMISSION NO. 2:**

The Debtors did not seek GEICO's consent to the transfer or assignment of any interests or rights under the GEICO Policies to the Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Denied.  Counsel for GEICO received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed

7

November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905) and draft Plan Documents via electronic mail from the Debtors and, therefore, GEICO was given the opportunity to comment on and consent to the transfer or assignment of any interests or rights under the GEICO Policies to the Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer Agreement.

**REQUEST FOR ADMISSION NO. 3:**

The Debtors did not consult with GEICO regarding the transfer or assignment of any interests or rights under the GEICO Policies to the Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admitted that the Debtors did not initially consult with GEICO regarding the transfer or assignment of any interests or rights under the GEICO Policies to the Asbestos PI Trust but further noted that counsel for GEICO received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan,

8

filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan,

Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872,

20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the

Debtors and, therefore, GEICO was given the opportunity to comment on the transfer or

assignment of any interests or rights under the Republic Policies to the Asbestos PI Trust

as provided under the Plan and Asbestos Insurance Transfer Agreement.

### REQUEST FOR ADMISSION NO. 4:

The Debtors did not obtain GEICO's consent regarding the transfer or assignment

of any interests or rights under the GEICO Policies to the Asbestos PI Trust as provided

under the Plan and Asbestos Insurance Transfer Agreement.

### RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Admitted but further clarified that counsel for GEICO received various versions

of the Plan Documents that were filed in the above-captioned case (see Joint Plan

Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint

Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further

Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667,

20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed

February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905) and draft Plan

Documents via electronic mail from the Debtors and, therefore, GEICO was given the

opportunity to comment on and consent to the transfer or assignment of any interests or

9

rights under the GEICO Policies to the Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer Agreement.

**REQUEST FOR ADMISSION NO. 5:**

The GEICO Policies provide that GEICO must consent to any assignment of interest under the GEICO Policies for said assignment to be binding on GEICO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Objection. This Request purports to summarize or characterize the GEICO Policies or requires the Debtors to summarize or characterize information about the GEICO Policies, which GEICO Policies, being in writing, speak for themselves. Further, even assuming the GEICO Policies contain language similar to that described above, the Debtors object to this Request insofar as an accurate response would require the application of substantive law from each state and federal jurisdiction to numerous and varied hypothetical fact patterns, which would be both burdensome and oppressive. Subject to those objections and the General Objections and Reservation of Rights set forth above, the Debtors note that the transfer of the Asbestos Insurance Rights with respect to the Asbestos Insurance Policies provided for in the Plan and the Asbestos Insurance Transfer Agreement is valid and enforceable under federal law against the Discovering Parties without regard to consent, and that contrary state law, if any, is preempted. See In re Combustion Engineering, Inc., 391 F.3d 190 (3d Cir. 2005); In re Federal-Mogul Global Inc., 385 B.R. 560 (Bankr. D. Del. 2008). Otherwise, denied.

10

**REQUEST FOR ADMISSION NO. 6:**

The transfer or assignment of interests or rights under the GEICO Policies to the

Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer

Agreement is not binding on GEICO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied. The transfer of Asbestos Insurance Rights in the Asbestos Insurance

Transfer Agreement and Section 7.2 of the Plan is valid and enforceable against GEICO.

See In re Combustion Engineering, Inc., 391 F.3d 190 (3d Cir. 2005); In re Federal-

Mogul Global Inc., 385 B.R. 560 (Bankr. D. Del. 2008).

**REQUEST FOR ADMISSION NO. 7:**

The Debtors did not seek GEICO's consent to the proposed Asbestos PI Trust

Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Denied. Counsel for GEICO received various versions of the Plan Documents

that were filed in the above-captioned case (see Joint Plan Documents, filed September

19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed

November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan

Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint

Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan,

filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan,

Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872,

20873, 20874, 20877, 20905) and draft Plan Documents via electronic mail from the

11

Debtors and, therefore, GEICO was given the opportunity to comment on and consent to the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 8:**

The Debtors did not confer with GEICO regarding the proposed Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admitted that the Debtors did not initially confer with GEICO regarding the proposed Asbestos PI Trust Agreement but further noted that counsel for GEICO received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, GEICO was given the opportunity to comment on the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 9:**

The Debtors did not ask GEICO to participate in the negotiation or drafting of the Asbestos PI Trust Agreement.

12

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admitted that the Debtors did not ask GEICO to participate in the negotiation or drafting of the Asbestos PI Trust Agreement but further clarified that counsel for GEICO received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, GEICO had the opportunity to comment on drafts of the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 10:**

The Debtors did not obtain GEICO's consent to the proposed Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Admitted but further clarified that counsel for GEICO received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

13

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, GEICO was given the opportunity to comment on and consent to the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 11:**

The Debtors did not seek GEICO's consent to the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied. Counsel for GEICO received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, GEICO had the opportunity to comment on and consent to the TDP.

**REQUEST FOR ADMISSION NO. 12:**

The Debtors did not confer with GEICO regarding the proposed TDP.

14

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Admitted that the Debtors did not initially confer with GEICO regarding the

proposed TDP but further noted that counsel for GEICO received various versions of the

Plan Documents that were filed in the above-captioned case (see Joint Plan Documents,

filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan

Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to

Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments

to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended

Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint

Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872,

20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the

Debtors and, therefore, GEICO had the opportunity to comment on the TDP.

**REQUEST FOR ADMISSION NO. 13:**

The Debtors did not ask GEICO to participate in the negotiation or drafting of the

TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admitted that the Debtors did not ask GEICO to participate in the negotiation or

drafting of the TDP but further clarified that counsel for GEICO received various

versions of the Plan Documents that were filed in the above-captioned case (see Joint

Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to

Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further

Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

15

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667,

20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed

February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan

Documents via electronic mail from the Debtors and, therefore, GEICO was given the

opportunity to comment on drafts of the TDP.

**REQUEST FOR ADMISSION NO. 14:**

The Debtors did not obtain GEICO's consent to the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Admitted but further clarified that counsel for GEICO received various versions

of the Plan Documents that were filed in the above-captioned case (see Joint Plan

Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint

Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further

Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667,

20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed

February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan

Documents via electronic mail from the Debtors and, therefore, GEICO was given the

opportunity to comment on and consent to the TDP.

**REQUEST FOR ADMISSION NO. 15:**

Under the Plan, GEICO is excluded from any role in the investigation, defense,

and settlement of Asbestos PI Claims by the Asbestos PI Trust.

16

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Admitted that the Plan, if confirmed, does not provide for participation by GEICO in the investigation, defense or settlement of Asbestos PI Claims for purposes of making payment with respect to such claims out of the Asbestos PI Trust but also does not prohibit participation by GEICO in the investigation, defense or settlement of Asbestos PI Claims for purposes of making payment with respect to such claims out of the Asbestos PI Trust. Further, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan, or any of the Plan Documents shall in any way operate to, or have the effect of, impairing GEICO's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of GEICO, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 16:**

The GEICO Policies require GEICO's consent to the settlement of any asbestos-related bodily injury claim as a condition to obtaining coverage for such claim under the GEICO Policies.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Objection. This Request purports to summarize or characterize the GEICO Policies or require the Debtors to summarize or characterize information about the GEICO Policies, which GEICO Policies, being in writing, speak for themselves. Further, even assuming the GEICO Policies contain language similar to that described above, the

17

Debtors object to this Request insofar as an accurate response would require the application of substantive law from each state and federal jurisdiction to numerous and varied hypothetical fact patterns, which would be both burdensome and oppressive. To the extent a further response is required, this Request is denied.

**REQUEST FOR ADMISSION NO. 17:**

Columbia is not in breach of any provision of any of the Republic Policies.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Based on information currently known to the Debtors, admitted. The Debtors reserve the right to amend or supplement this response if additional information is discovered.

**REQUEST FOR ADMISSION NO. 18:**

The Debtors did not seek Columbia's consent to the transfer or assignment of any interests or rights under the Republic Policies to the Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Denied. Counsel for Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872,

18

20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Columbia was given the opportunity to comment on and consent to the transfer or assignment of any interests or rights under the Republic Policies to the Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer Agreement.

## REQUEST FOR ADMISSION NO. 19:

The Debtors did not consult with Columbia regarding the transfer or assignment of any interests or rights under the Republic Policies to the Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer Agreement.

## RESPONSE TO REQUEST FOR ADMISSION NO. 19:

Admitted that the Debtors did not initially consult with Columbia regarding the transfer or assignment of any interests or rights under the Republic Policies to the Asbestos PI Trust but further noted that counsel for Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Columbia was given the opportunity to comment on the transfer or assignment of any interests or rights under the

19

Republic Policies to the Asbestos PI Trust as provided under the Plan and Asbestos

Insurance Transfer Agreement.

**REQUEST FOR ADMISSION NO. 20:**

The Debtors did not obtain Columbia's consent regarding the transfer or

assignment of any interests or rights under the Republic Policies to the Asbestos PI Trust

as provided under the Plan and Asbestos Insurance Transfer Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Admitted but further clarified that counsel for Columbia received various versions

of the Plan Documents that were filed in the above-captioned case (see Joint Plan

Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint

Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further

Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667,

20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed

February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan

Documents via electronic mail from the Debtors and, therefore, Columbia was given the

opportunity to comment on and consent to the transfer or assignment of any interests or

rights under the Republic Policies to the Asbestos PI Trust as provided under the Plan

and Asbestos Insurance Transfer Agreement.

**REQUEST FOR ADMISSION NO. 21:**

The Republic Policies provide that Columbia must consent to any assignment of

interest under the Republic Policies for said assignment to be binding on Columbia.

20

DOCS_DE:145731.1

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Objection. This Request purports to summarize or characterize the Republic

Policies or require the Debtors to summarize or characterize information about the

Republic Policies, which Republic Policies, being in writing, speak for themselves.

Further, even assuming the Republic Policies contain language similar to that described

above, the Debtors object to this Request insofar as an accurate response would require

the application of substantive law from each state and federal jurisdiction to numerous

and varied hypothetical fact patterns, which would be both burdensome and oppressive.

Subject to those objections and the General Objections and Reservation of Rights set

forth above, the Debtors note, by way of further response, that the assignment of the

proceeds of the Republic Policies provided for in the Plan and the Asbestos Insurance

Transfer Agreement is valid and enforceable under federal law against Columbia, without

regard to consent, and that contrary state law, if any, is preempted. See In re Combustion

Engineering, Inc., 391 F.3d 190 (3d Cir. 2005); In re Federal-Mogul Global Inc., 385

B.R. 560 (Bankr. D. Del. 2008). Otherwise, denied.

**REQUEST FOR ADMISSION NO. 22:**

The transfer or assignment of interests or rights under the Republic Policies to the

Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer

Agreement is not binding on Columbia.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Denied. The transfer of Asbestos Insurance Rights in the Asbestos Insurance

Transfer Agreement and Section 7.2 of the Plan is valid and enforceable against

21

Columbia. See In re Combustion Engineering, Inc., 391 F.3d 190 (3d Cir. 2005); In re Federal-Mogul Global Inc., 385 B.R. 560 (Bankr. D. Del. 2008).

**REQUEST FOR ADMISSION NO. 23:**

The Debtors did not seek Columbia's consent to the proposed Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Denied. Counsel for Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Columbia was given the opportunity to comment on and consent to the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 24:**

The Debtors did not confer with Columbia regarding the proposed Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Admitted that the Debtors did not initially confer with Columbia regarding the proposed Asbestos PI Trust Agreement but further noted that counsel for Columbia

22

received various versions of the Plan Documents that were filed in the above-captioned
case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580);
Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988,
19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt.
No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008
(Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666,
20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed
February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan
Documents via electronic mail from the Debtors and, therefore, Columbia was given the
opportunity to comment on the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 25:**

The Debtors did not ask Columbia to participate in the negotiation or drafting of
the Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Admitted that the Debtors did not ask Columbia to participate in the negotiation
or drafting of the Asbestos PI Trust Agreement but further clarified that counsel for
Columbia received various versions of the Plan Documents that were filed in the above-
captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579,
19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos.
19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008
(Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19,
2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos.
20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit

23

Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Columbia was given the opportunity to comment on drafts of the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 26:**

The Debtors did not obtain Columbia's consent to the proposed Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Admitted but further clarified that counsel for Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Columbia was given the opportunity to comment on and consent to the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 27:**

The Debtors did not seek Columbia's consent to the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Denied. Counsel for Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September

19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed

November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan

Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint

Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan,

filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan,

Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872,

20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the

Debtors and, therefore, Columbia was given the opportunity to comment on and consent

to the TDP.

**REQUEST FOR ADMISSION NO. 28:**

The Debtors did not confer with Columbia regarding the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Admitted that the Debtors did not initially confer with Columbia regarding the

proposed TDP but further noted that counsel for Columbia received various versions of

the Plan Documents that were filed in the above-captioned case (see Joint Plan

Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint

Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further

Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667,

20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed

February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan

25

Documents via electronic mail from the Debtors and, therefore, Columbia was given the opportunity to comment on the TDP.

**REQUEST FOR ADMISSION NO. 29:**

The Debtors did not ask Columbia to participate in the negotiation or drafting of the TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Admitted that the Debtors did not ask Columbia to participate in the negotiation or drafting of the TDP but further clarified that counsel for Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905ft Plan Documents via electronic mail from the Debtors and, therefore, Columbia was given the opportunity to comment on drafts of the TDP.

**REQUEST FOR ADMISSION NO. 30:**

The Debtors did not obtain Columbia's consent to the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Admitted but further clarified that counsel for Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan

26

Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint

Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further

Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667,

20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed

February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan

Documents via electronic mail from the Debtors and, therefore, Columbia was given the

opportunity to comment on and consent to the TDP.

## REQUEST FOR ADMISSION NO. 31:

Under the Plan, Columbia is excluded from any role in the investigation, defense,

and settlement of Asbestos PI Claims by the Asbestos PI Trust.

## RESPONSE TO REQUEST FOR ADMISSION NO. 31:

Admitted that the Plan, if confirmed, does not provide for participation by

Columbia in the investigation, defense or settlement of Asbestos PI Claims for purposes

of making payment with respect to such claims out of the Asbestos PI Trust but also does

not prohibit participation by Columbia in the investigation, defense or settlement of

Asbestos PI Claims for purposes of making payment with respect to such claims out of

the Asbestos PI Trust. Further, as set forth in Sections 7.15(a) and (f) of the Plan and

except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i)

nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any

way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal,

equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan

27

Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 32:**

The Republic Policies require Columbia's consent to the settlement of any asbestos-related bodily injury claim as a condition to obtaining coverage for such claim under the Republic Policies.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Objection. This Request purports to summarize or characterize the Republic Policies or require the Debtors to summarize or characterize information about the Republic Policies, which Republic Policies, being in writing, speak for themselves. Further, even assuming the Republic Policies contain language similar to that described above, the Debtors object to this Request insofar as an accurate response would require the application of substantive law from each state and federal jurisdiction to numerous and varied hypothetical fact patterns, which would be both burdensome and oppressive. To the extent a further response is required, this Request is denied.

**REQUEST FOR ADMISSION NO. 33:**

The Asbestos PI Trust Agreement is the agreement pursuant to which the Asbestos PI Trust will be formed and governed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Admitted. By way of further response, the Debtors refer the Discovering Parties to the Plan Documents, which are publicly available.

**REQUEST FOR ADMISSION NO. 34:**

The TDP establishes how the Asbestos PI Trust will resolve and pay Asbestos PI Claims.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Admitted that the TDP provides that the Asbestos PI Trust will have the authority to review, process and, if entitled to payment, pay Asbestos PI Claims. As further set forth in Sections 5.10, 5.11, and 7.6 of the TDP, however, Asbestos PI Claimants may also arbitrate and/or litigate their claims in the tort system in certain specified circumstances.

**REQUEST FOR ADMISSION NO. 35:**

The TDP are not binding on GEICO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

The Debtors object to this Request as vague and ambiguous insofar as the meaning of "binding" is unclear. Subject to that objection and the General Objections and Reservations of Rights set forth above, a court in coverage litigation may determine that the TDP is valid and enforceable against GEICO but, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan, or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any GEICO's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if

DOCS_DE:145731.1

any, of GEICO, in any Asbestos Insurance Action, to assert any Asbestos Insurer

Coverage Defense.

**REQUEST FOR ADMISSION NO. 36:**

The TDP are not binding on Columbia.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

The Debtors object to this Request as vague and ambiguous insofar as the

meaning of "binding" is unclear.  Subject to that objection and the General Objections

and Reservations of Rights set forth above, the Debtors state that a court in coverage

litigation may determine that the TDP is valid and enforceable against Columbia but, as

set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in

Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the

Plan, or any of the Plan Documents shall in any way operate to, or have the effect of,

impairing any Columbia's legal, equitable or contractual rights, if any, in any respect; and

(ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of

fact and/or conclusion of law with respect to the confirmation or consummation of the

Plan shall limit the right, if any, of Columbia, in any Asbestos Insurance Action, to assert

any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 37:**

Confirmation of the Plan will not render the TDP binding on GEICO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

The Debtors object to this Request as vague and ambiguous insofar as the

meaning of "binding" is unclear.  Subject to that objection and the General Objections

and Reservations of Rights set forth above, the Debtors state that a court in coverage

30

litigation may determine that the TDP is valid and enforceable against Columbia but, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Columbia's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of Columbia, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 38:**

Confirmation of the Plan will not render the TDP binding on Columbia.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

The Debtors object to this Request as vague and ambiguous insofar as the meaning of "binding" is unclear. Subject to that objection and the General Objections and Reservations of Rights set forth above, the Debtors state that a court in coverage litigation may determine that the TDP is valid and enforceable against Columbia but, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Columbia's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of Columbia, in any Asbestos Insurance Action, to assert

31

any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 39:**

Neither GEICO nor Columbia were consulted with respect to the selection of the proposed members of the Trust Advisory Committee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Admitted that the Debtors did not initially consult with GEICO or Columbia regarding the selection of the proposed members of the Trust Advisory Committee, as set forth in the Asbestos PI Trust Agreement, but further noted that GEICO and Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, were given the opportunity to comment on the proposed members of the Trust Advisory Committee, as set forth in the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 40:**

Neither GEICO nor Columbia consented to the selection of the proposed members of the Trust Advisory Committee.

32

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Admitted but further clarified that counsel for GEICO and Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905) and draft Plan Documents via electronic mail from the Debtors and, therefore, GEICO and Columbia were given the opportunity to comment on and consent to the selection of the proposed members of the Trust Advisory Committee.

**REQUEST FOR ADMISSION NO. 41:**

Each proposed member of the Trust Advisory Committee, or his respective law firm, represents at least 1,000 Asbestos PI Claimants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Upon information and belief, admitted.

**REQUEST FOR ADMISSION NO. 42:**

Neither GEICO nor Columbia were consulted with respect to the selection of the proposed Asbestos PI Trustees of the Asbestos PI Trust.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Admitted that the Debtors did not initially consult with GEICO or Columbia regarding the selection of the proposed Asbestos PI Trustees of the Asbestos PI Trust, as set forth in the Asbestos PI Trust Agreement, but further noted that counsel for GEICO and Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905) and draft Plan Documents via electronic mail from the Debtors and, therefore, GEICO and Columbia were given the opportunity to comment on the proposed Asbestos PI Trustees of the Asbestos PI Trust, as set forth in the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 43:**

Under the Plan, after the Effective Date, the Reorganized Debtors will retain all of their contractual duties and obligations under the GEICO Policies including, but not limited to, the duty to cooperate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Objection. The Request purports to summarize or characterize the GEICO Policies or require the Debtors to summarize or characterize information about the GEICO Policies, which GEICO Policies, being in writing, speak for themselves. Further,

34

DOCS_DE:145731.1

even assuming the GEICO Policies contain language similar to that described above, the Debtors object to this Request insofar as an accurate response would require the application of substantive law from each state and federal jurisdiction to numerous and varied hypothetical fact patterns, which would be both burdensome and oppressive. Subject to those objections and the General Objections and Reservations of Rights set forth above, denied but, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing GEICO's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of GEICO in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 44:**

Under the Plan, after the Effective Date, the Reorganized Debtors will retain all of their contractual duties and obligations under the Republic Policies including, but not limited to, the duty to cooperate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Denied.

**REQUEST FOR ADMISSION NO. 45:**

Under the Plan, after the Effective Date, the Asbestos PI Trust will assume the Debtors' contractual duties and obligations under the GEICO Policies including, but not limited to, the duty to cooperate.

35

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Objection. The Request purports to summarize or characterize the GEICO

Policies or require the Debtors to summarize or characterize information about the

GEICO Policies, which GEICO Policies, being in writing, speak for themselves. Further,

even assuming the GEICO Policies contain language similar to that described above, the

Debtors object to this Request insofar as an accurate response would require the

application of substantive law from each state and federal jurisdiction to numerous and

varied hypothetical fact patterns, which would be both burdensome and oppressive.

Subject to those objections and the General Objections and Reservations of Rights set

forth above, as set forth in the Asbestos Insurance Transfer Agreement, under the Plan, if

confirmed, Asbestos Insurance Rights are being transferred to the Asbestos PI Trust and,

as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in

Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the

Plan or any of the Plan Documents shall in any way operate to, or have the effect of,

impairing any GEICO's legal, equitable or contractual rights, if any, in any respect; and

(ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of

fact and/or conclusion of law with respect to the confirmation or consummation of the

Plan shall limit the right, if any, of GEICO in any Asbestos Insurance Action, to assert

any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 46:**

Under the Plan, after the Effective Date, the Asbestos PI Trust will assume the

Debtors' contractual duties and obligations under the Republic Policies including, but not

limited to, the duty to cooperate.

36

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Objection.  The Request purports to summarize or characterize the Republic Policies or require the Debtors to summarize or characterize information about the Republic Policies, which Republic Policies, being in writing, speak for themselves. Further, even assuming the Republic Policies contain language similar to that described above, the Debtors object to this Request insofar as an accurate response would require the application of substantive law from each state and federal jurisdiction to numerous and varied hypothetical fact patterns, which would be both burdensome and oppressive. Subject to those objections and the General Objections and Reservations of Rights set forth above as set forth in the Asbestos Insurance Transfer Agreement, under the Plan, if confirmed, Asbestos Insurance Rights are being transferred to the Asbestos PI Trust and, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Columbia's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of Columbia, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 47:**

The Debtors did not seek the consent of any Non-Settled Asbestos Insurance Entity to the proposed Asbestos PI Trust Agreement.

37

DOCS_DE:145731.1

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Objection.  The term "Non-Settled Asbestos Insurance Entities" is not defined in the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the Discovering Parties is unclear and imprecise.  For example, as defined by the Discovery Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers that are parties to Asbestos Insurance Reimbursement Agreements.  Subject to that objection and the General Objections and Reservations of Rights set forth above, denied.  Counsel for GEICO and Columbia and various other counsel for Non-Settled Asbestos Insurance Entities received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Non-Settled Asbestos Insurance Entities were given the opportunity to comment on and consent to the proposed Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 48:**

The Debtors did not confer with any Non-Settled Asbestos Insurance Entity regarding the proposed Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the Discovering Parties is unclear and imprecise. For example, as defined by the Discovering Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that objection and the General Objections and Reservations of Rights set forth above, admitted that the Debtors did not initially consult with Non-Settled Asbestos Insurance Entities regarding the proposed Asbestos PI Trust Agreement but further noted that certain counsel for Non-Settled Asbestos Insurance Entities that entered appearances prior to February 27, 2009, received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905 )) and draft Plan Documents via electronic mail from the Debtors and, therefore, Non-Settled Asbestos Insurance Entities were given the opportunity to comment on the proposed Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 49:**

The Debtors did not ask any Non-Settled Asbestos Insurance Entity to participate in the negotiation or drafting of the Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the Discovering Parties is unclear and imprecise. For example, as defined by the Discovering Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that objection and the General Objections and Reservations of Rights set forth above, admitted that the Debtors did not ask Non-Settled Asbestos Insurance Entities to participate in the negotiation or drafting of the Asbestos PI Trust Agreement but further clarified that certain counsel for Non-Settled Asbestos Insurance Entities that entered appearances prior to February 27, 2009, received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the

40

Debtors and, therefore, Non-Settled Asbestos Insurance Entities were given the

opportunity to comment on drafts of the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 50:**

The Debtors did not obtain the consent of any Non-Settled Asbestos Insurance

Entity to the proposed Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in

the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the

Discovering Parties is unclear and imprecise. For example, as defined by the

Discovering Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers

that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that

objection and the General Objections and Reservations of Rights set forth above,

admitted but further clarified that certain counsel for Non-Settled Asbestos Insurance

Entities that entered appearances prior to February 27, 2009, received various versions of

the Plan Documents that were filed in the above-captioned case (see Joint Plan

Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint

Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further

Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667,

20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed

February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan

Documents via electronic mail from the Debtors and, therefore, Non-Settled Asbestos

Insurance Entities were given the opportunity to comment on and consent to the proposed Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 51:**

The Debtors did not seek the consent of any Non-Settled Asbestos Insurance Entity to the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the Discovering Parties is unclear and imprecise. For example, as defined by the Discovery Parties the term "Non-Settled Asbestos Insurance Entities" includes insurers that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. Certain counsel for Non-Settled Asbestos Insurance Entities that entered appearances prior to February 27, 2009, received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Non-Settled

42

Asbestos Insurance Entities were given the opportunity to comment on and consent to the proposed TDP.

## REQUEST FOR ADMISSION NO. 52:

The Debtors did not confer with any Non-Settled Asbestos Insurance Entity regarding the proposed TDP.

## RESPONSE TO REQUEST FOR ADMISSION NO. 52:

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the Discovering Parties is unclear and imprecise. For example, as defined by the Discovery Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that objection and the General Objections and Reservations of Rights set forth above, admitted that the Debtors did not initially consult with Non-Settled Asbestos Insurance Entities regarding the proposed TDP but further noted that certain counsel for Non-Settled Asbestos Insurance Entities that entered appearances prior to February 27, 2009, received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan

43

Documents via electronic mail from the Debtors and, therefore, Non-Settled Asbestos Insurance Entities were given the opportunity to comment on the proposed TDP.

**REQUEST FOR ADMISSION NO. 53:**

The Debtors did not ask any Non-Settled Asbestos Insurance Entity to participate in the negotiation or drafting of the TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the Discovering Parties is unclear and imprecise. For example, as defined by the Discovery Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that objection and the General Objections and Reservations of Rights set forth above, admitted that the Debtors did not ask Non-Settled Asbestos Insurance Entities to participate in the negotiation or drafting of the TDP but further clarified that certain counsel for Non-Settled Asbestos Insurance Entities that entered appearances prior to February 27, 2009, received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan

44

Documents via electronic mail from the Debtors and, therefore, Non-Settled Asbestos

Insurance Entities were given the opportunity to comment on drafts of the TDP.

**REQUEST FOR ADMISSION NO. 54:**

The Debtors did not obtain the consent of any Non-Settled Asbestos Insurance

Entity to the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in

the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the

Discovering Parties is unclear and imprecise. For example, as defined by the Discovery

Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers that are

parties to Asbestos Insurance Reimbursement Agreements. Subject to that objection and

the General Objections and Reservations of Rights set forth above, admitted but further

clarified that certain counsel for Non-Settled Asbestos Insurance Entities that entered

appearances prior to February 27, 2009, received various versions of the Plan Documents

that were filed in the above-captioned case (see Joint Plan Documents, filed September

19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed

November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan

Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint

Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan,

filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan,

Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872,

20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the

Debtors and, therefore, Non-Settled Asbestos Insurance Entities were given the opportunity to comment on and consent to the proposed TDP.

**REQUEST FOR ADMISSION NO. 55:**

Under the Plan, all Non-Settled Asbestos Insurance Entities are excluded from any role in the investigation, defense, and settlement of Asbestos PI Claims by the Asbestos PI Trust.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the Discovering Parties is unclear and imprecise. For example, as defined by the Discovery Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that objection and the General Objections and Reservations of Rights set forth above, admitted that the Plan, if confirmed, does not provide for participation by Non-Settled Asbestos Insurance Entities in the investigation, defense or settlement of Asbestos PI Claims for purposes of making payment with respect to such claims out of the Asbestos PI Trust but also does not prohibit participation by Non-Settled Asbestos Insurance Entities in the investigation, defense or settlement of Asbestos PI Claims for purposes of making payment with respect to such claims out of the Asbestos PI Trust. Further, as set forth in Section 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan, or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect; and (ii)

46

nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense. Otherwise, denied.

## REQUEST FOR ADMISSION NO. 56:

If confirmed, the Plan will constitute a settlement of some, or all, Asbestos PI Claims.

## RESPONSE TO REQUEST FOR ADMISSION NO. 56:

Objection. This Request calls for speculation about future conduct, in particular what may occur in future coverage litigation, which is not the proper subject of a Request for Admission under Federal Rule of Civil Procedure 36, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7036, or any other applicable rule. The Debtors further object to this Request insofar as it seeks a legal conclusion about a matter that is relevant only to coverage litigation and not confirmation of the Plan. Subject to those objections and the General Objections and Reservations of Rights set forth above, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

47

**REQUEST FOR ADMISSION NO. 57:**

If confirmed, the Plan will not constitute a settlement of any Asbestos PI Claim.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Objection. This Request calls for speculation about future conduct, in particular what may occur in future coverage litigation, which is not the proper subject of a Request for Admission under Federal Rule of Civil Procedure 36, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7036, or any other applicable rule. The Debtors further object to this Request insofar as it seeks a legal conclusion about a matter that is relevant only to coverage litigation and not confirmation of the Plan. Subject to those objections and the General Objections and Reservations of Rights set forth above, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 58:**

If confirmed, the Plan will constitute a judgment with respect to some, or all, Asbestos PI Claims.

48

DOCS_DE:145731.1

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Objection. This Request calls for speculation about future conduct, in particular what may occur in future coverage litigation, which is not the proper subject of a Request for Admission under Federal Rule of Civil Procedure 36, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033, or any other applicable rule. The Debtors further object to this Request insofar as it seeks a legal conclusion about a matter that is relevant only to coverage litigation and not confirmation of the Plan. Subject to those objections and the General Objections and Reservations of Rights set forth above, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 59:**

If confirmed, the Plan will not constitute a judgment with respect to any Asbestos PI Claim.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Objection. This Request calls for speculation about future conduct, in particular what may occur in future coverage litigation, which is not the proper subject of a Request for Admission under Federal Rule of Civil Procedure 36, applicable to this proceeding by

DOCS_DE:145731.1

Federal Rule of Bankruptcy Procedure 7036, or any other applicable rule. The Debtors further object to this Request insofar as it seeks a legal conclusion about a matter that is relevant only to coverage litigation and not confirmation of the Plan. Subject to those objections and the General Objections and Reservations of Rights set forth above, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Prior to September 19, 2008, did the Debtors communicate or consult with GEICO or Columbia regarding the proposed terms of the Plan, Asbestos PI Trust Agreement, Asbestos Insurance Transfer Agreement, or TDP? If so, explain when and how the Debtors communicated or consulted with GEICO or Columbia.

### RESPONSE TO INTERROGATORY NO. 1:

Prior to September 19, 2008, the Debtors did not communicate or consult with GEICO or Columbia regarding the proposed terms of the Plan, Asbestos PI Trust Agreement, Asbestos Insurance Transfer Agreement or TDP.

DOCS_DE:145731.1

**INTERROGATORY NO. 2:**

Did the Debtors obtain the consent of GEICO or Columbia to the Plan, Asbestos

PI Trust Agreement, Asbestos Insurance Transfer Agreement, or TDP? If so, explain

when and how such consent was obtained.

**RESPONSE TO INTERROGATORY NO. 2:**

The Debtors did not obtain the consent of GEICO or Columbia to the Plan,

Asbestos PI Trust Agreement, Asbestos Insurance Transfer Agreement or TDP but

counsel for GEICO and Columbia received various versions of the Plan Documents that

were filed in the above-captioned cases (see Joint Plan Documents, filed September 19,

2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November

11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed

November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents,

filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3,

2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement

and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877,

20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore,

GEICO and Columbia were given the opportunity to comment on and consent to the

Plan, Asbestos PI Trust Agreement, Asbestos Insurance Transfer Agreement and TDP.

**INTERROGATORY NO. 3:**

To the Debtors' knowledge, has GEICO or Columbia breached any term or

provision of the GEICO Policies or Republic Policies respectively? If so, explain the

nature of the breach(es) and when it/they occurred.

DOCS_DE:145731.1

**RESPONSE TO INTERROGATORY NO. 3:**

Based on information currently known to the Debtors, neither GEICO nor Columbia have breached any term or provision of their respective Policies. The Debtors reserve the right to amend or supplement this response if additional information is discovered.

**INTERROGATORY NO. 4:**

If GEICO and Columbia have not breached, and do no breach, any term or provision of the GEICO Policies or Republic Policies respectively, describe what role, if any, they would be permitted to have under the Plan and Plan Documents with respect to the investigation, evaluation, defense, allowance, or settlement of Asbestos PI Claims submitted to the Asbestos PI Trust. If GEICO and Columbia are permitted any such a role, identify the specific provisions in the Plan or Plan Documents that so provide.

**RESPONSE TO INTERROGATORY NO. 4:**

The Plan, if confirmed, does not provide for participation by GEICO or Columbia in the investigation, evaluation, defense, allowance or settlement of Asbestos PI Claims submitted to the Asbestos PI Trust for purposes of making payment with respect to such claims out of the Asbestos PI Trust but also does not prohibit participation by GEICO or Columbia in the investigation, evaluation, defense, allowance or settlement of Asbestos PI Claims submitted to the Asbestos PI Trust for purposes of making payment with respect to such claims out of the Asbestos PI Trust. Further, as set forth in Section 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing GEICO's or

52

Columbia's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of GEICO or Columbia, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**INTERROGATORY NO. 5:**

Upon the Effective Date, will the Reorganized Debtors retain any of the Debtors' duties and obligations under the GEICO Policies or Republic Policies including, but not limited to, the duty to cooperate?

(a)     If so, which of the Debtors' duties and obligations under the GEICO Policies or Republic Policies will the Reorganized Debtors retain?

(b)     If not, what happens to those duties and obligations of the Debtors that the Reorganized Debtors do not retain?

**RESPONSE TO INTERROGATORY NO. 5:**

The Debtors object to this Interrogatory to the extent that it purports to summarize or characterize the GEICO Policies and the Republic Policies or require the Debtors to summarize or characterize information about the GEICO Policies and the Republic Policies, which Policies, being in writing, speak for themselves. Further, even assuming the GEICO Policies and Republic Policies contain language similar to that described above, the Debtors object to this Interrogatory insofar as an accurate response would require the application of substantive law from each state and federal jurisdiction to numerous and varied hypothetical fact patterns, which would be both burdensome and oppressive. Subject to those objections and the General Objections and Reservations of

53

Rights set forth above, as set forth in the Asbestos Insurance Transfer Agreement, under

the Plan, if confirmed, Asbestos Insurance Rights are being transferred to the Asbestos PI

Trust and, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise

provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the

Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to,

or have the effect of, impairing GEICO's or Columbia's legal, equitable or contractual

rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the

Confirmation Order, or any finding of fact and/or conclusion of law with respect to the

confirmation or consummation of the Plan shall limit the right, if any, of GEICO and

Columbia in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage

Defense.

**INTERROGATORY NO. 6:**

Upon the Effective Date, will the Asbestos PI Trust, as the transferee of the

Asbestos Insurance Rights under the Asbestos Insurance Transfer Agreement, assume all

of the Debtors' duties and obligations under the GEICO Policies and Republic Policies

including, but not limited to, the duty to cooperate?

(a)     If not, which of the Debtors' duties and obligations under the GEICO

Policies and Republic Policies will the Asbestos PI Trust not be assuming and why is it

not assuming them?

(b)     If so, to the extent that the TDP are inconsistent with the Debtors' duties

and obligations under the GEICO Policies and Republic Policies, which will govern.

**RESPONSE TO INTERROGATORY NO. 6:**

See response to Interrogatory No. 5 above.

**INTERROGATORY NO. 7:**

With respect to each proposed member of the Trust Advisory Committee (*i.e.*, Russell W. Budd, John D. Cooney, Joseph F. Rice, and Perry Weitz), provide the total number of Asbestos PI Claimants that each such member's current law firm represents as reflected on the law firm's most recent verified statement filed pursuant to Fed. R. Bankr. P. 2019.

**RESPONSE TO INTERROGATORY NO. 7:**

The Debtors object to this Interrogatory to the extent that it is unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the Debtors object to this Interrogatory to the extent that it seeks to require the Debtors to review and provide information from documents that are equally available to the Discovering Parties for review and identification.

**INTERROGATORY NO. 8:**

If the Court confirms the Plan, do the Debtors agree that the Plan, Plan Documents, and/or Confirmation Order will not constitute a settlement of some, or all, Asbestos PI Claims?

**RESPONSE TO INTERROGATORY NO. 8:**

The Debtors object to this Interrogatory insofar as it calls for speculation about future conduct, in particular what may occur in future coverage litigation, which is not the proper subject of a Request for Admission under Federal Rule of Civil Procedure 36, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7036, or any other applicable rule. The Debtors further object to this Interrogatory insofar as it seeks a legal conclusion about a matter that is relevant only to coverage litigation and not

confirmation of the Plan. Subject to those objections and the General Objections and Reservations of Rights set forth above, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**INTERROGATORY NO. 9:**

If the Court confirms the Plan, do the Debtors agree that the Plan, Plan Documents, and/or Confirmation Order will not constitute a judgment with respect to some, or all, Asbestos PI Claims?

**RESPONSE TO INTERROGATORY NO. 9:**

The Debtors object to this Interrogatory insofar as it calls for speculation about future conduct, in particular what may occur in future coverage litigation, which is not the proper subject of a Request for Admission under Federal Rule of Civil Procedure 36, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7036, or any other applicable rule. The Debtors further object to this Interrogatory insofar as it seeks a legal conclusion about a matter that is relevant only to coverage litigation and not confirmation of the Plan. Subject to those objections and the General Objections and Reservations of Rights set forth above, as set forth in Sections 7.15(a) and (f) of the Plan

DOCS_DE:145731.1

and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i)

nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any

way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal,

equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan

Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with

respect to the confirmation or consummation of the Plan shall limit the right, if any, of

any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos

Insurer Coverage Defense.

## INTERROGATORY NO. 10:

Prior to December 19, 2008, did the Debtors consult with any Asbestos Insurance

Entity with respect to any provision of the Plan, Asbestos PI Trust Agreement, Asbestos

Insurance Transfer Agreement, or TDP? If so, identify each such Asbestos Insurance

Entity, state when and how the Debtors consulted with it, and identify which provisions

were the subject of such consultation.

## RESPONSE TO INTERROGATORY NO. 10:

The Debtors object to this Interrogatory to the extent that it is unduly burdensome,

irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to that objection and the General Objections and Reservations of Rights set forth

above, although the Debtors did not initially consult with any Asbestos Insurance Entity

with respect to any provision of the Plan, Asbestos PI Trust Agreement, Asbestos

Insurance Transfer Agreement or TDP, counsel for certain Asbestos Insurance Entities

that entered appearances prior to February 27, 2009, received various versions of the Plan

Documents that were filed in the above-captioned cases (see Joint Plan Documents, filed

57

September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents,

filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan

Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint

Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan,

filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan,

Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872,

20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the

Debtors beginning as early as September 2008 and, therefore, Asbestos Insurance Entities

were given the opportunity to comment on and consent to the Plan, Asbestos PI Trust

Agreement, Asbestos Insurance Transfer Agreement and TDP.

**INTERROGATORY NO. 11:**

Identify each individual (by name, employer, and business address) that had any

role, other than merely clerical, in the preparation of the Debtors' responses to these

Interrogatories and the Debtors' responses to Government Employees Insurance

Company's and Columbia Insurance Company's Requests for Admission Directed to the

Debtors ("RFAs") and, as to each, describe what role he/she had and with respect to

which Interrogatories and RFAs.

**RESPONSE TO INTERROGATORY NO. 11:**

The Debtors object to this Interrogatory to the extent that it seeks information

protected from disclosure by the attorney-client privilege, work product doctrine and/or

the extension of those privileges by the joint defense and/or common interest doctrines.

Subject to that objection and the General Objections and Reservations of Rights set forth

above, the Debtors' responses to the Interrogatories and Requests for Admission were prepared by the Debtors and their counsel.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents that You refer to, or rely upon, in responding to the Interrogatories and Requests for Admission served by GEICO and Columbia on You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to the General Objections and Reservation of Rights set forth above, the Debtors refer the Discovering Parties to the Plan Documents, which are publicly available.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents that You will rely upon in contesting GEICO's and Columbia's preliminary objections to the Plan filed on or about January 5, 2009, or GEICO's and Columbia's final plan objections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The Debtors object to this Request insofar as it requires them to identify documents that will be referenced in, identified in, or relied upon in connection with the Debtors' trial brief, which, pursuant to the Second Amended Case Management Order Relating to the First Amended Joint Plan of Reorganization, entered on January 29, 2009, is not yet due.

**REQUEST FOR PRODUCTION NO. 3**

All Documents sent by You, or on Your behalf, to GEICO or Columbia, or received by You from GEICO or Columbia, that refer or relate to this bankruptcy case.

59

[Note: For Purposes of this Request, You should exclude Documents place in the data room established by Grace in response to Certain Insurer's First Request for Production of Documents, directed to Debtors (as defined therein) and dated November 25, 2008.]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

The Debtors object to this Request to the extent that it seeks discovery of information that is equally accessible and available to the Discovering Parties or that is already in their possession, custody or control, such as Plan Documents and pleadings and motions filed in the Bankruptcy Court. Subject to that objection and the General Objections and Reservations of Rights set forth above, the Debtors note that a settlement demand was sent to the Discovering Parties. If the Discovering Parties cannot locate such document, the Debtors will provide an additional copy of it.

### INCORPORATION AND RESERVATIONS

In response to the joinder of GEICO and Columbia in the Requests for Production of Documents served by other Asbestos Insurance Entities on the Debtors, Asbestos PI Committee and Asbestos PI FCR, the Debtors incorporate by reference their response to any requests for production filed by other Asbestos Insurance Entities on the Debtors and reserve the right to amend or supplement those or these responses.

60

**For purposes of objections under Federal Rule of Civil Procedure 33(b)(5) (made applicable by Rule 7033 of the Federal Rules of Bankruptcy Procedure):**

Dated: March 6, 2009

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

Theodore L. Freedman
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone: (212) 446 - 4800
Facsimile: (212) 446 - 4900

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

## **VERIFICATION**

I, Richard C. Finke, am Assistant General Counsel-Litigation for W. R. Grace &
Co. I declare under penalty of perjury that I am authorized to make this declaration on
behalf of W. R. Grace & Co., that I have read the above and foregoing Debtors' Response
to Government Employees Insurance Company and Columbia Insurance Company's
Interrogatories, the facts and statements set forth therein are true and correct to the best of
my personal knowledge or based on information supplied to me by others, including
counsel, and as such are true and correct to the best of my knowledge, information and
belief. In verifying the foregoing Debtors' Response to Government Employees
Insurance Company and Columbia Insurance Company's Interrogatories, I have relied
upon the assistance of counsel and the investigation they have undertaken to compile the
information upon which these Responses are based and the statements contained therein.
W.R. Grace & Co. hereby reserves the right to modify, clarify, or supplement these
discovery responses should new information warrant such modification, clarification or
supplementation.


Dated: March 6, 2009                    _Richard C. Finke_
                                        Richard C. Finke