# EXHIBIT 13

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | **Chapter 11** |
| | ) | **Case No. 01-1139 (JKF)** |
| **W.R. GRACE & CO., et al.,** | ) | **(Jointly Administered)** |
| | ) | |
| Debtors. | ) | |
| | ) | |

## ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE'S RESPONSE TO GOVERNMENT EMPLOYEES INSURANCE COMPANY AND COLUMBIA INSURANCE COMPANY'S REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 26, 33, 34 and 36, applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026, 7033, 7034, 7036 and 9014, David T. Austern, the Court-appointed legal representative for future asbestos personal injury claimants (the "FCR"), by his attorneys, hereby responds to the Requests for Admission, Interrogatories and Requests for Production of Documents (the "Requests") propounded by Government Employees Insurance Company and Columbia Insurance Company f/k/a Republic Insurance Company (collectively, the "Discovering Parties").

### GENERAL OBJECTIONS AND RESERVATIONS OF RIGHTS

1.      The FCR notes that the Requests are based on the First Amended Joint Plan of Reorganization, dated December 19, 2008, as it may be amended hereafter. To be clear, these responses are based on the most recent versions of the Plan and the Plan Documents (as defined in the Plan) on file with the Court as of the date of these responses.

2.      By responding to these Requests, the FCR should not be construed as accepting the definitions that the Discovering Parties have provided. In his responses below, the FCR has used what he believes is an appropriate and reasonable understanding

of the words that the Requests purport to define. In addition, to the extent not otherwise

defined herein or in the Requests, any capitalized terms in these responses shall have the

meaning attributed to them in the Plan and the other Plan Documents.

3.    The FCR further notes, in lieu of repeating throughout these responses,

that, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided

in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order,

the Plan or any of the Plan Documents shall in any way operate to, or have the effect of,

impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in

any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or

any finding of fact and/or conclusion of law with respect to the confirmation or

consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity,

in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

4.    Any and all non-privileged and non-confidential documents produced in

response to the Requests will be made available for inspection and copying at a mutually

convenient time and place. If the responses indicate that documents are being produced,

such statements do not mean, and should not be construed to suggest, that the FCR

possesses documents responsive to all of the Requests.

5.    The FCR objects to the Requests on the ground that the Discovering

Parties lack standing to object to the confirmation of the Plan because the Plan is

insurance neutral, as set forth in Section 7.15 of the Plan. In responding to the

Discovering Parties' Requests, and in producing any documents requested by the

Discovering Parties, the FCR does not waive, and expressly reserves, its objection that

the Discovering Parties lack standing to pursue any objection to confirmation of the Plan and all matters related thereto.

6.      The FCR objects generally to the instructions and definitions set forth in the Requests to the extent they seek to impose any obligation beyond that which is required by the Federal Rules of Civil Procedure, as applicable by the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the District of Delaware, or any case management or other applicable order entered by the Bankruptcy Court.

7.      The FCR objects to the Requests to the extent they seek to require the FCR to speculate about the actions of others outside of the direct knowledge of the FCR and to the extent that they seek to require the FCR to provide information that will be duplicative of information provided by one or more parties who were served with requests similar or identical to the Requests.

8.      The FCR objects to any Request seeking information protected by the attorney-client privilege, work product doctrine, common-interest privilege, or any other applicable privilege, doctrine or protection. The production of any information and/or documentation by the FCR is without waiver of any claim of privilege or confidentiality. If privileged or confidential information or documentation is inadvertently produced by the FCR, its production does not constitute a waiver of any applicable privilege, doctrine or protection.

9.      The FCR objects to the Requests to the extent that they seek information and/or documents that are not relevant to the confirmation of the Plan, and/or are overly

broad, unduly burdensome, harassing or not reasonably calculated to lead to the discovery of admissible evidence.

10.    The FCR objects to the Requests to the extent that they seek disclosure of communications in connection with negotiations of a plan of reorganization and/or draft plan documents. Numerous bankruptcy courts have prohibited discovery into and the disclosure of such information. See In re Federal-Mogul Global, Inc., Case No. 01-10578 (JKF) (Bankr. D. Del. Feb. 26, 2007) (Hr'g Tr. at 31) (finding that draft plan documents are not properly discoverable); In re Pittsburgh Corning Corp., Case No. 00-22876 (JKF) (Bankr. W.D. Pa. Feb. 19, 2004) (Hr'g Tr. at 64-66) (finding that drafts of plan documents are not discoverable); In re Combustion Eng'g, Case No. 03-10495 (JKF) (Bankr. D. Del. May 2, 2003) (Hr'g Tr. at 301) (observing that "drafts generally are not relevant to anything"); In re Babcock & Wilcox Co., No. 00-10992 (JAB) (Bankr. E.D. La. Aug. 20, 2003) (Hr'g Tr. 84) (denying insurers' motion to compel discovery on draft plan of reorganization documents and confidential plan of reorganization negotiations); In re ACandS, Inc., No. 02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-45) (denying discovery into plan negotiations on the grounds that such discovery is irrelevant to the issue of good faith in proposing the plan); In re Eagle-Picher Indus., 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994) (finding that creditors were not entitled to drafts of proposed plans of reorganization).

11.    The FCR objects to the Requests to the extent that they seek information that is protected from disclosure by FED. R. EVID. 408.

12.    The FCR objects to the Requests to the extent they seek proprietary information. To the extent there are responsive proprietary documents in the FCR's

4

possession, the FCR will seek the entry of a protective order and such documents will be produced subject to that order.

13.     The FCR objects to the Requests to the extent that they are vague or ambiguous or fail to describe the information sought with sufficient particularity to allow for a meaningful response by the FCR.

14.     The FCR objects to the Requests to the extent that they call for the FCR to produce documents or information on behalf of any other party and/or seek discovery of information or documents no longer in existence or not within the FCR's possession, custody or control.

15.     The FCR objects to the Requests to the extent that they request information or documents that are not responsive, but may be attached to a responsive document.

16.     The FCR objects to the Requests to the extent that the Requests are being improperly used to obtain discovery for use in connection with other disputes, including, but not limited to, future coverage litigation, and not for purposes of the confirmation of the Plan.

17.     The FCR objects to the Requests insofar as they require, or purport to require, the FCR to turn over or otherwise surrender to the Discovering Parties, or their counsel, the original or only copy of a document or other tangible item in the FCR's possession. The FCR shall permit the Discovering Parties' counsel to inspect the original or only copy of any such document or other tangible item in the FCR's possession (to the extent the same is subject to production) and shall make reasonable arrangements to

permit the FCR's counsel to make copies thereof, at the FCR's expense (as such arrangements may be agreed upon by the parties or directed by the Court).

18.    The FCR objects to the Requests to the extent that they seek discovery of confidential business information, confidential settlement information, and/or information subject to confidentiality agreements with third parties.

19.    The FCR objects to the Requests to the extent that any portion of any of the Requests seeks discovery of information that is equally accessible and available to the Discovering Parties or that is already in their possession, custody or control, or is available as a matter of public record.

20.    The FCR objects to the Requests to the extent they seek material only discoverable upon a showing that the Discovering Parties have substantial need for the materials pursuant to Rule 26(b)(3) and Rule 26(b)(4) of the Federal Rules of Civil Procedure, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026.

21.    The FCR objects to the Interrogatories and Requests for Production to the extent they state assumptions of law or fact, which the FCR neither admits nor denies. The provision of any response or answer to any of the Interrogatories or Requests for Production may not be construed as, and is not an admission to, any of the facts or legal assumptions stated in any such request. Nothing in the FCR's responses to any Interrogatory or Request for Production should be construed as an admission respecting the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization of any kind contained in the Interrogatories or Requests for Production.

22.    The information provided in the responses set forth below is that currently available to the FCR, unless privileged or otherwise protected. The responses herein are

6

made without waiver of and with specific preservation of: (a) questions and objections as to competence, relevance, materiality, privilege and admissibility; (b) the right to object to the use of any objections, response or answer, or any documents produced, in whole or in part, on any ground; (c) the right to object on any ground at any time to a demand for further productions, responses or answers involving or relating to the subject matter of the Requests; (d) the right at any time to revise, correct, add to or clarify any of the objections, responses and answers propounded herein; and (e) the right to move for an appropriate protective order.

23.    The FCR's decision to provide responses notwithstanding the objectionable nature of any of the Requests should not be construed as a waiver of any of the general or specific objections.

24.    These General Objections and Reservations of Rights are incorporated by reference into the following specific objections and responses, and an objection or response by the FCR to any Request is made without waiver of, and subject to, these General Objections and Reservation of Rights.

25.    The FCR reserves the right to amend or supplement these responses.

### REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

GEICO is not in breach of any provision of any of the GEICO Policies.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

The information known to the FCR or readily obtainable by the FCR is insufficient to enable him to admit or deny whether GEICO is in breach of any provision of any of the GEICO Policies.  Thus, denied.

**REQUEST FOR ADMISSION NO. 2:**

The Asbestos PI FCR did not seek GEICO's consent to the transfer or assignment

of any interests or rights under the GEICO Policies to the Asbestos PI Trust as provided

under the Plan and Asbestos Insurance Transfer Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Denied.  Counsel for GEICO received various versions of the Plan Documents

that were filed in the above-captioned case (see Joint Plan Documents, filed September

19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed

November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan

Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint

Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan,

filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan,

Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872,

20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the

Debtors and, therefore, GEICO was given the opportunity to comment on and consent to

the transfer or assignment of any interests or rights under the GEICO Policies to the

Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer

Agreement.

**REQUEST FOR ADMISSION NO. 3:**

The Asbestos PI FCR did not consult with GEICO regarding the transfer or

assignment of any interests or rights under the GEICO Policies to the Asbestos PI Trust

as provided under the Plan and Asbestos Insurance Transfer Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admitted that the FCR did not initially consult with GEICO regarding the transfer

or assignment of any interests or rights under the GEICO Policies to the Asbestos PI

Trust but further noted that counsel for GEICO received various versions of the Plan

Documents that were filed in the above-captioned case (see Joint Plan Documents, filed

September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents,

filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan

Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint

Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan,

filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan,

Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872,

20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the

Debtors and, therefore, GEICO was given the opportunity to comment on the transfer or

assignment of any interests or rights under the Republic Policies to the Asbestos PI Trust

as provided under the Plan and Asbestos Insurance Transfer Agreement.

**REQUEST FOR ADMISSION NO. 4:**

The Asbestos PI FCR did not obtain GEICO's consent regarding the transfer or

assignment of any interests or rights under the GEICO Policies to the Asbestos PI Trust

as provided under the Plan and Asbestos Insurance Transfer Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admitted but further clarified that counsel for GEICO received various versions

of the Plan Documents that were filed in the above-captioned case (see Joint Plan

Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint

Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further

Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667,

20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed

February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan

Documents via electronic mail from the Debtors and, therefore, GEICO was given the

opportunity to comment on and consent to the transfer or assignment of any interests or

rights under the GEICO Policies to the Asbestos PI Trust as provided under the Plan and

Asbestos Insurance Transfer Agreement.

**REQUEST FOR ADMISSION NO. 5:**

The GEICO Policies provide that GEICO must consent to any assignment of

interest under the GEICO Policies for said assignment to be binding on GEICO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Objection. This Request purports to summarize or characterize the GEICO

Policies or requires the FCR to summarize or characterize information about the GEICO

Policies, which GEICO Policies, being in writing, speak for themselves. Further, even

assuming the GEICO Policies contain language similar to that described above, the FCR

objects to this Request insofar as an accurate response would require the application of

substantive law from each state and federal jurisdiction to numerous and varied

hypothetical fact patterns, which would be both burdensome and oppressive. Subject to

those objections and the General Objections and Reservation of Rights set forth above,

the FCR notes that the

transfer of the Asbestos Insurance Rights with respect to the Policies provided for in the

Plan and the Asbestos Insurance Transfer Agreement is valid and enforceable under

federal law against the Discovering Parties, without regard to consent, and that contrary

state law, if any, is preempted. See In re Combustion Engineering, Inc., 391 F.3d 190 (3d

Cir. 2005); In re Federal-Mogul Global Inc., 385 B.R. 560 (Bankr. D. Del. 2008).

Otherwise, denied.

**REQUEST FOR ADMISSION NO. 6:**

The transfer or assignment of interests or rights under the GEICO Policies to the

Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer

Agreement is not binding on GEICO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied.  The transfer of Asbestos Insurance Rights in the Asbestos Insurance

Transfer Agreement and Section 7.2 of the Plan is valid and enforceable against GEICO.

See In re Combustion Engineering, Inc., 391 F.3d 190 (3d Cir. 2005); In re Federal-

Mogul Global Inc., 385 B.R. 560 (Bankr. D. Del. 2008).

**REQUEST FOR ADMISSION NO. 7:**

The Asbestos PI FCR did not seek GEICO's consent to the proposed Asbestos PI

Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Denied.  Counsel for GEICO received various versions of the Plan Documents

that were filed in the above-captioned case (see Joint Plan Documents, filed September

19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed

November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan

11

Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint

Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan,

filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan,

Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872,

20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the

Debtors and, therefore, GEICO was given the opportunity to comment on and consent to

the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 8:**

The Asbestos PI FCR did not confer with GEICO regarding the proposed

Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admitted that the FCR did not initially confer with GEICO regarding the

proposed Asbestos PI Trust Agreement but further noted that counsel for GEICO

received various versions of the Plan Documents that were filed in the above-captioned

case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580);

Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988,

19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt.

No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008

(Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666,

20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed

February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan

Documents via electronic mail from the Debtors and, therefore, GEICO was given the

opportunity to comment on the Asbestos PI Trust Agreement.

12

**REQUEST FOR ADMISSION NO. 9:**

The Asbestos PI FCR did not ask GEICO to participate in the negotiation or drafting of the Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admitted that the FCR did not ask GEICO to participate in the negotiation or drafting of the Asbestos PI Trust Agreement but further clarified that counsel for GEICO received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, GEICO was given the opportunity to comment on drafts of the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 10:**

The Asbestos PI FCR did not obtain GEICO's consent to the proposed Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Admitted but further clarified that counsel for GEICO received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint

13

Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further

Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667,

20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed

February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan

Documents via electronic mail from the Debtors and, therefore, GEICO was given the

opportunity to comment on and consent to the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 11:**

The Asbestos PI FCR did not seek GEICO's consent to the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied.  Counsel for GEICO received various versions of the Plan Documents

that were filed in the above-captioned case (see Joint Plan Documents, filed September

19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed

November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan

Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint

Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan,

filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan,

Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872,

20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the

Debtors and, therefore, GEICO was given the opportunity to comment on and consent to

the Asbestos PI TDP.

14

**REQUEST FOR ADMISSION NO. 12:**

The Asbestos PI FCR did not confer with GEICO regarding the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Admitted that the FCR did not initially confer with GEICO regarding the

proposed Asbestos PI TDP but further noted that counsel for GEICO received various

versions of the Plan Documents that were filed in the above-captioned case (see Joint

Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to

Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further

Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667,

20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed

February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan

Documents via electronic mail from the Debtors and, therefore, GEICO was given the

opportunity to comment on the Asbestos PI TDP.

**REQUEST FOR ADMISSION NO. 13:**

The Asbestos PI FCR did not ask GEICO to participate in the negotiation or

drafting of the TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admitted that the FCR did not ask GEICO to participate in the negotiation or

drafting of the Asbestos PI TDP but further clarified that counsel for GEICO received

various versions of the Plan Documents that were filed in the above-captioned case (see

Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments

15

to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further
Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);
Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.
20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667,
20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed
February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan
Documents via electronic mail from the Debtors and, therefore, GEICO was given the
opportunity to comment on drafts of the Asbestos PI TDP.

**REQUEST FOR ADMISSION NO. 14:**

The Asbestos PI FCR did not obtain GEICO's consent to the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Admitted but further clarified that counsel for GEICO received various versions
of the Plan Documents that were filed in the above-captioned case (see Joint Plan
Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint
Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further
Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);
Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.
20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667,
20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed
February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan
Documents via electronic mail from the Debtors and, therefore, GEICO was given the
opportunity to comment on and consent to the Asbestos PI TDP.

16

**REQUEST FOR ADMISSION NO. 15:**

Under the Plan, GEICO is excluded from any role in the investigation, defense, and settlement of Asbestos PI Claims by the Asbestos PI Trust.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Admitted that the Plan, if confirmed, does not provide for participation by GEICO in the investigation, defense or settlement of Asbestos PI Claims for purposes of making payment with respect to such claims out of the Asbestos PI Trust but also does not prohibit participation by GEICO in the investigation, defense or settlement of Asbestos PI Claims for purposes of making payment with respect to such claims out of the Asbestos PI Trust. Further, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing GEICO's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of GEICO, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 16:**

The GEICO Policies require GEICO's consent to the settlement of any asbestos-related bodily injury claim as a condition to obtaining coverage for such claim under the GEICO Policies.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Objection. This Request purports to summarize or characterize the GEICO Policies or requires the FCR to summarize or characterize information about the GEICO Policies, which GEICO Policies, being in writing, speak for themselves. Further, even assuming the GEICO Policies contain language similar to that described above, the FCR objects to this Request insofar as an accurate response would require the application of substantive law from each state and federal jurisdiction to numerous and varied hypothetical fact patterns, which would be both burdensome and oppressive. To the extent a further response is required, this Request is denied.

**REQUEST FOR ADMISSION NO. 17:**

Columbia is not in breach of any provision of any of the Republic Policies.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

The information known to the FCR or readily obtainable by the FCR is insufficient to enable him to admit or deny whether Columbia is in breach of any provision of any of the Republic Policies. Thus, denied.

**REQUEST FOR ADMISSION NO. 18:**

The Asbestos PI FCR did not seek Columbia's consent to the transfer or assignment of any interests or rights under the Republic Policies to the Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Denied. Counsel for Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed

November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan
Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint
Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan,
filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan,
Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872,
20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the
Debtors and, therefore, Columbia was given the opportunity to comment on and consent
to the transfer or assignment of any interests or rights under the Republic Policies to the
Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer
Agreement.

**REQUEST FOR ADMISSION NO. 19:**

　　　The Asbestos PI FCR did not consult with Columbia regarding the transfer or
assignment of any interests or rights under the Republic Policies to the Asbestos PI Trust
as provided under the Plan and Asbestos Insurance Transfer Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

　　　Admitted that the FCR did not initially consult with Columbia regarding the
transfer or assignment of any interests or rights under the Republic Policies to the
Asbestos PI Trust but further noted that counsel for Columbia received various versions
of the Plan Documents that were filed in the above-captioned case (see Joint Plan
Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint
Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further
Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);
Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Columbia was given the opportunity to comment on the transfer or assignment of any interests or rights under the Republic Policies to the Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer Agreement.

**REQUEST FOR ADMISSION NO. 20:**

The Asbestos PI FCR did not obtain Columbia's consent regarding the transfer or assignment of any interests or rights under the Republic Policies to the Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Admitted but further clarified that counsel for Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Columbia was given the opportunity to comment on and consent to the transfer or assignment of any interests or

20

rights under the Republic Policies to the Asbestos PI Trust as provided under the Plan

and Asbestos Insurance Transfer Agreement.

**REQUEST FOR ADMISSION NO. 21:**

The Republic Policies provide that Columbia must consent to any assignment of

interest under the Republic Policies for said assignment to be binding on Columbia.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Objection. This Request purports to summarize or characterize the Republic

Policies or requires the FCR to summarize or characterize information about the Republic

Policies, which Republic Policies, being in writing, speak for themselves. Further, even

assuming the Republic Policies contain language similar to that described above, the FCR

objects to this Request insofar as an accurate response would require the application of

substantive law from each state and federal jurisdiction to numerous and varied

hypothetical fact patterns, which would be both burdensome and oppressive. Subject to

those objections and the General Objections and Reservation of Rights set forth above,

the FCR notes, by way of further response, that the assignment of the proceeds of the

Republic Policies provided for in the Plan and the Asbestos Insurance Transfer

Agreement is valid and enforceable under federal law against Columbia, without regard

to consent, and that contrary state law, if any, is preempted. See In re Combustion

Engineering, Inc., 391 F.3d 190 (3d Cir. 2005); In re Federal-Mogul Global Inc., 385

B.R. 560 (Bankr. D. Del. 2008). Otherwise, denied.

**REQUEST FOR ADMISSION NO. 22:**

The transfer or assignment of interests or rights under the Republic Policies to the

Asbestos PI Trust as provided under the Plan and Asbestos Insurance Transfer

Agreement is not binding on Columbia.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Denied. The transfer of Asbestos Insurance Rights in the Asbestos Insurance

Transfer Agreement and Section 7.2 of the Plan is valid and enforceable against

Columbia. See In re Combustion Engineering, Inc., 391 F.3d 190 (3d Cir. 2005); In re

Federal-Mogul Global Inc., 385 B.R. 560 (Bankr. D. Del. 2008).

**REQUEST FOR ADMISSION NO. 23:**

The Asbestos PI FCR did not seek Columbia's consent to the proposed Asbestos

PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Denied. Counsel for Columbia received various versions of the Plan Documents

that were filed in the above-captioned case (see Joint Plan Documents, filed September

19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed

November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan

Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint

Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan,

filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan,

Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872,

20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the

Debtors and, therefore, Columbia was given the opportunity to comment on and consent
to the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 24:**

The Asbestos PI FCR did not confer with Columbia regarding the proposed
Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Admitted that the FCR did not initially confer with Columbia regarding the
proposed Asbestos PI Trust Agreement but further noted that counsel for Columbia
received various versions of the Plan Documents that were filed in the above-captioned
case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580);
Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988,
19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt.
No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008
(Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666,
20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed
February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan
Documents via electronic mail from the Debtors and, therefore, Columbia was given the
opportunity to comment on the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 25:**

The Asbestos PI FCR did not ask Columbia to participate in the negotiation or
drafting of the Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Admitted that the FCR did not ask Columbia to participate in the negotiation or

drafting of the Asbestos PI Trust Agreement but further clarified that counsel for

Columbia received various versions of the Plan Documents that were filed in the above-

captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579,

19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos.

19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008

(Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19,

2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos.

20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit

Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft

Plan Documents via electronic mail from the Debtors and, therefore, Columbia was given

the opportunity to comment on drafts of the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 26:**

The Asbestos PI FCR did not obtain Columbia's consent to the proposed Asbestos

PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Admitted but further clarified that counsel for Columbia received various versions

of the Plan Documents that were filed in the above-captioned case (see Joint Plan

Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint

Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further

Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Columbia was given the opportunity to comment on and consent to the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 27:**

The Asbestos PI FCR did not seek Columbia's consent to the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Denied.  Counsel for Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Columbia was given the opportunity to comment on and consent to the Asbestos PI TDP.

**REQUEST FOR ADMISSION NO. 28:**

The Asbestos PI FCR did not confer with Columbia regarding the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Admitted that the FCR did not initially confer with Columbia regarding the proposed Asbestos PI TDP but further noted that counsel for Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Columbia was given the opportunity to comment on the Asbestos PI TDP.

**REQUEST FOR ADMISSION NO. 29:**

The Asbestos PI FCR did not ask Columbia to participate in the negotiation or drafting of the TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Admitted that the FCR did not ask Columbia to participate in the negotiation or drafting of the Asbestos PI TDP but further clarified that counsel for Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

26

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Columbia was given the opportunity to comment on drafts of the Asbestos PI TDP.

**REQUEST FOR ADMISSION NO. 30:**

The Asbestos PI FCR did not obtain Columbia's consent to the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Admitted but further clarified that counsel for Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Columbia was given the opportunity to comment on and consent to the Asbestos PI TDP.

**REQUEST FOR ADMISSION NO. 31:**

Under the Plan, Columbia is excluded from any role in the investigation, defense, and settlement of Asbestos PI Claims by the Asbestos PI Trust.

27

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Admitted that the Plan, if confirmed, does not provide for participation by

Columbia in the investigation, defense or settlement of Asbestos PI Claims for purposes

of making payment with respect to such claims out of the Asbestos PI Trust but also does

not prohibit participation by Columbia in the investigation, defense or settlement of

Asbestos PI Claims for purposes of making payment with respect to such claims out of

the Asbestos PI Trust. Further, as set forth in Sections 7.15(a) and (f) of the Plan and

except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i)

nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any

way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal,

equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan

Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with

respect to the confirmation or consummation of the Plan shall limit the right, if any, of

any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos

Insurer Coverage Defense. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 32:**

The Republic Policies require Columbia's consent to the settlement of any

asbestos-related bodily injury claim as a condition to obtaining coverage for such claim

under the Republic Policies.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Objection. This Request purports to summarize or characterize the Republic

Policies or requires the FCR to summarize or characterize information about the Republic

Policies, which Republic Policies, being in writing, speak for themselves. Further, even

assuming the Republic Policies contain language similar to that described above, the FCR objects to this Request insofar as an accurate response would require the application of substantive law from each state and federal jurisdiction to numerous and varied hypothetical fact patterns, which would be both burdensome and oppressive. To the extent a further response is required, this Request is denied.

**REQUEST FOR ADMISSION NO. 33:**

The Asbestos PI Trust Agreement is the agreement pursuant to which the Asbestos PI Trust will be formed and governed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Admitted. By way of further response, the FCR refers the Discovering Parties to the Plan Documents.

**REQUEST FOR ADMISSION NO. 34:**

The TDP establishes how the Asbestos PI Trust will resolve and pay Asbestos PI Claims.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Admitted that the Asbestos PI TDP provides that the Asbestos PI Trust will have the authority to review, process and, if entitled to payment, pay Asbestos PI Claims. As further set forth in Sections 5.10, 5.11, and 7.6 of the Asbestos PI TDP, however, Asbestos PI Claimants may also arbitrate and/or litigate their claims in the tort system in certain specified circumstances.

**REQUEST FOR ADMISSION NO. 35:**

The TDP are not binding on GEICO.

## RESPONSE TO REQUEST FOR ADMISSION NO. 35:

The FCR objects to this Request as vague and ambiguous insofar as the meaning of "binding" is unclear. Subject to that objection and the General Objections and Reservations of Rights set forth above, the FCR states that a court in coverage litigation may determine that the Asbestos PI TDP is valid and enforceable against GEICO but, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any GEICO's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of GEICO, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

## REQUEST FOR ADMISSION NO. 36:

The TDP are not binding on Columbia.

## RESPONSE TO REQUEST FOR ADMISSION NO. 36:

The FCR objects to this Request as vague and ambiguous insofar as the meaning of "binding" is unclear. Subject to that objection and the General Objections and Reservations of Rights set forth above, the FCR states that a court in coverage litigation may determine that the Asbestos PI TDP is valid and enforceable against Columbia but, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of,

30

impairing any Columbia's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of Columbia, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 37:**

Confirmation of the Plan will not render the TDP binding on GEICO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

The FCR objects to this Request as vague and ambiguous insofar as the meaning of "binding" is unclear. Subject to that objection and the General Objections and Reservations of Rights set forth above, the FCR states that, following confirmation of the Plan, a court in coverage litigation may determine that the Asbestos PI TDP is valid and enforceable against GEICO but, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing GEICO's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of GEICO, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 38:**

Confirmation of the Plan will not render the TDP binding on Columbia.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

The FCR objects to this Request as vague and ambiguous insofar as the meaning of "binding" is unclear. Subject to that objection and the General Objections and Reservations of Rights set forth above, the FCR states that, following confirmation of the Plan, a court in coverage litigation may determine that the Asbestos PI TDP is valid and enforceable against Columbia but, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Columbia's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of Columbia, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 39:**

Neither GEICO nor Columbia were consulted with respect to the selection of the proposed members of the Trust Advisory Committee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Admitted that the FCR did not initially consult with GEICO or Columbia regarding the selection of the proposed members of the Trust Advisory Committee, as set forth in the Asbestos PI Trust Agreement, but further noted that GEICO and Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988,

19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, were given the opportunity to comment on the proposed members of the Trust Advisory Committee, as set forth in the Asbestos PI Trust Agreement.

### REQUEST FOR ADMISSION NO. 40:

Neither GEICO nor Columbia consented to the selection of the proposed members of the Trust Advisory Committee.

### RESPONSE TO REQUEST FOR ADMISSION NO. 40:

Admitted but further clarified that counsel for GEICO and Columbia received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, GEICO and Columbia

were given the opportunity to comment on and consent to the selection of the proposed

members of the Trust Advisory Committee.

**REQUEST FOR ADMISSION NO. 41:**

Each proposed member of the Trust Advisory Committee, or his respective law

firm, represents at least 1,000 Asbestos PI Claimants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Upon information and belief, admitted.

**REQUEST FOR ADMISSION NO. 42:**

Neither GEICO nor Columbia were consulted with respect to the selection of the

proposed Asbestos PI Trustees of the Asbestos PI Trust.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Admitted that the FCR did not initially consult with GEICO or Columbia

regarding the selection of the proposed Asbestos PI Trustees of the Asbestos PI Trust, as

set forth in the Asbestos PI Trust Agreement, but further noted that counsel for GEICO

and Columbia received various versions of the Plan Documents that were filed in the

above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos.

19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt.

Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21,

2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December

19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos.

20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit

Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft

Plan Documents via electronic mail from the Debtors and, therefore, GEICO and

34

Columbia were given the opportunity to comment on the proposed Asbestos PI Trustees of the Asbestos PI Trust, as set forth in the Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 43:**

Under the Plan, after the Effective Date, the Reorganized Debtors will retain all of their contractual duties and obligations under the GEICO Policies including, but not limited to, the duty to cooperate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Objection. The Request purports to summarize or characterize the GEICO Policies or requires the FCR to summarize or characterize information about the GEICO Policies, which GEICO Policies, being in writing, speak for themselves. Further, even assuming the GEICO Policies contain language similar to that described above, the FCR objects to this Request insofar as an accurate response would require the application of substantive law from each state and federal jurisdiction to numerous and varied hypothetical fact patterns, which would be both burdensome and oppressive. Subject to those objections and the General Objections and Reservations of Rights set forth above, denied but, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing GEICO's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of GEICO, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 44:**

Under the Plan, after the Effective Date, the Reorganized Debtors will retain all of their contractual duties and obligations under the Republic Policies including, but not limited to, the duty to cooperate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Objection. The Request purports to summarize or characterize the Republic Policies or requires the FCR to summarize or characterize information about the Republic Policies, which Republic Policies, being in writing, speak for themselves. Further, even assuming the Republic Policies contain language similar to that described above, the FCR objects to this Request insofar as an accurate response would require the application of substantive law from each state and federal jurisdiction to numerous and varied hypothetical fact patterns, which would be both burdensome and oppressive. Subject to those objections and the General Objections and Reservations of Rights set forth above, denied but, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing Columbia's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of Columbia, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

36

**REQUEST FOR ADMISSION NO. 45:**

Under the Plan, after the Effective Date, the Asbestos PI Trust will assume the Debtors' contractual duties and obligations under the GEICO Policies including, but not limited to, the duty to cooperate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Objection. The Request purports to summarize or characterize the GEICO Policies or requires the FCR to summarize or characterize information about the GEICO Policies, which GEICO Policies, being in writing, speak for themselves. Further, even assuming the GEICO Policies contain language similar to that described above, the FCR objects to this Request insofar as an accurate response would require the application of substantive law from each state and federal jurisdiction to numerous and varied hypothetical fact patterns, which would be both burdensome and oppressive. Subject to those objections and the General Objections and Reservations of Rights set forth above, as set forth in the Asbestos Insurance Transfer Agreement, under the Plan, if confirmed, Asbestos Insurance Rights are being transferred to the Asbestos PI Trust and, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any GEICO's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of GEICO, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 46:**

Under the Plan, after the Effective Date, the Asbestos PI Trust will assume the Debtors' contractual duties and obligations under the Republic Policies including, but not limited to, the duty to cooperate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Objection. The Request purports to summarize or characterize the Republic Policies or requires the FCR to summarize or characterize information about the Republic Policies, which Republic Policies, being in writing, speak for themselves. Further, even assuming the Republic Policies contain language similar to that described above, the FCR objects to this Request insofar as an accurate response would require the application of substantive law from each state and federal jurisdiction to numerous and varied hypothetical fact patterns, which would be both burdensome and oppressive. Subject to those objections and the General Objections and Reservations of Rights set forth above, as set forth in the Asbestos Insurance Transfer Agreement, under the Plan, if confirmed, Asbestos Insurance Rights are being transferred to the Asbestos PI Trust and, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Columbia's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of Columbia, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

38

**REQUEST FOR ADMISSION NO. 47:**

The Asbestos PI FCR did not seek the consent of any Non-Settled Asbestos Insurance Entity to the proposed Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the Discovering Parties is unclear and imprecise. For example, as defined by the Discovering Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. Certain counsel for Non-Settled Asbestos Insurance Entities that entered appearances prior to February 27, 2009, received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, Non-Settled Asbestos Insurance Entities were given the opportunity to comment on and consent to the proposed Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 48:**

The Asbestos PI FCR did not confer with any Non-Settled Asbestos Insurance Entity regarding the proposed Asbestos PI Trust Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the Discovering Parties is unclear and imprecise. For example, as defined by the Discovering Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that objection and the General Objections and Reservations of Rights set forth above, admitted that the FCR did not initially consult with Non-Settled Asbestos Insurance Entities regarding the proposed Asbestos PI Trust Agreement but further noted that certain counsel for Non-Settled Asbestos Insurance Entities that entered appearances prior to February 27, 2009, received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore,

Non-Settled Asbestos Insurance Entities were given the opportunity to comment on the

proposed Asbestos PI Trust Agreement.

### REQUEST FOR ADMISSION NO. 49:

The Asbestos PI FCR did not ask any Non-Settled Asbestos Insurance Entity to

participate in the negotiation or drafting of the Asbestos PI Trust Agreement.

### RESPONSE TO REQUEST FOR ADMISSION NO. 49:

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in

the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the

Discovering Parties is unclear and imprecise. For example, as defined by the

Discovering Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers

that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that

objection and the General Objections and Reservations of Rights set forth above,

admitted that the FCR did not ask Non-Settled Asbestos Insurance Entities to participate

in the negotiation or drafting of the Asbestos PI Trust Agreement but further clarified that

certain counsel for Non-Settled Asbestos Insurance Entities that entered appearances

prior to February 27, 2009, received various versions of the Plan Documents that were

filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008

(Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11,

2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed

November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents,

filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3,

2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement

and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877,

41

20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore,

Non-Settled Asbestos Insurance Entities were given the opportunity to comment on drafts

of the Asbestos PI Trust Agreement.

## REQUEST FOR ADMISSION NO. 50:

The Asbestos PI FCR did not obtain the consent of any Non-Settled Asbestos

Insurance Entity to the proposed Asbestos PI Trust Agreement.

## RESPONSE TO REQUEST FOR ADMISSION NO. 50:

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in

the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the

Discovering Parties is unclear and imprecise. For example, as defined by the

Discovering Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers

that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that

objection and the General Objections and Reservations of Rights set forth above,

admitted but further clarified that certain counsel for Non-Settled Asbestos Insurance

Entities that entered appearances prior to February 27, 2009, received various versions of

the Plan Documents that were filed in the above-captioned case (see Joint Plan

Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint

Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further

Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667,

20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed

February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan

Documents via electronic mail from the Debtors and, therefore, Non-Settled Asbestos Insurance Entities were given the opportunity to comment on and consent to the proposed Asbestos PI Trust Agreement.

**REQUEST FOR ADMISSION NO. 51:**

The Asbestos PI FCR did not seek the consent of any Non-Settled Asbestos Insurance Entity to the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Objection.  The term "Non-Settled Asbestos Insurance Entities" is not defined in the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the Discovering Parties is unclear and imprecise.  For example, as defined by the Discovering Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers that are parties to Asbestos Insurance Reimbursement Agreements.  Subject to that objection and the General Objections and Reservations of Rights set forth above, denied. Certain counsel for Non-Settled Asbestos Insurance Entities that entered appearances prior to February 27, 2009, received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore,

43

Non-Settled Asbestos Insurance Entities were given the opportunity to comment on and consent to the proposed Asbestos PI TDP.

**REQUEST FOR ADMISSION NO. 52:**

The Asbestos PI FCR did not confer with any Non-Settled Asbestos Insurance Entity regarding the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the Discovering Parties is unclear and imprecise. For example, as defined by the Discovering Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that objection and the General Objections and Reservations of Rights set forth above, admitted that the FCR did not initially consult with Non-Settled Asbestos Insurance Entities regarding the proposed Asbestos PI TDP but further noted that certain counsel for Non-Settled Asbestos Insurance Entities that entered appearances prior to February 27, 2009, received various versions of the Plan Documents that were filed in the above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft

44

Plan Documents via electronic mail from the Debtors and, therefore, Non-Settled

Asbestos Insurance Entities were given the opportunity to comment on the proposed

Asbestos PI TDP.

**REQUEST FOR ADMISSION NO. 53:**

The Asbestos PI FCR did not ask any Non-Settled Asbestos Insurance Entity to

participate in the negotiation or drafting of the TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in

the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the

Discovering Parties is unclear and imprecise. For example, as defined by the

Discovering Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers

that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that

objection and the General Objections and Reservations of Rights set forth above,

admitted that the FCR did not ask Non-Settled Asbestos Insurance Entities to participate

in the negotiation or drafting of the Asbestos PI TDP but further clarified that certain

counsel for Non-Settled Asbestos Insurance Entities that entered appearances prior to

February 27, 2009, received various versions of the Plan Documents that were filed in the

above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos.

19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt.

Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21,

2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December

19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos.

20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit

Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft

Plan Documents via electronic mail from the Debtors and, therefore, Non-Settled

Asbestos Insurance Entities were given the opportunity to comment on drafts of the

Asbestos PI TDP.

**REQUEST FOR ADMISSION NO. 54:**

The Asbestos PI FCR did not obtain the consent of any Non-Settled Asbestos

Insurance Entity to the proposed TDP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in

the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the

Discovering Parties is unclear and imprecise. For example, as defined by the

Discovering Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers

that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that

objection and the General Objections and Reservations of Rights set forth above,

admitted but further clarified that certain counsel for Non-Settled Asbestos Insurance

Entities that entered appearances prior to February 27, 2009, received various versions of

the Plan Documents that were filed in the above-captioned case (see Joint Plan

Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint

Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further

Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121);

Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No.

20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667,

20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed

February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan

Documents via electronic mail from the Debtors and, therefore, Non-Settled Asbestos

Insurance Entities were given the opportunity to comment on and consent to the proposed

Asbestos PI TDP.

**REQUEST FOR ADMISSION NO. 55:**

Under the Plan, all Non-Settled Asbestos Insurance Entities are excluded from

any role in the investigation, defense, and settlement of Asbestos PI Claims by the

Asbestos PI Trust.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Objection. The term "Non-Settled Asbestos Insurance Entities" is not defined in

the Plan and the definition of "Non-Settled Asbestos Insurance Entities" provided by the

Discovering Parties is unclear and imprecise. For example, as defined by the

Discovering Parties, the term "Non-Settled Asbestos Insurance Entities" includes insurers

that are parties to Asbestos Insurance Reimbursement Agreements. Subject to that

objection and the General Objections and Reservations of Rights set forth above,

admitted that the Plan, if confirmed, does not provide for participation by Non-Settled

Asbestos Insurance Entities in the investigation, defense or settlement of Asbestos PI

Claims for purposes of making payment with respect to such claims out of the Asbestos

PI Trust but also does not prohibit participation by Non-Settled Asbestos Insurance

Entities in the investigation, defense or settlement of Asbestos PI Claims for purposes of

making payment with respect to such claims out of the Asbestos PI Trust. Further, as set

forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section

7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or

47

any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 56:**

If confirmed, the Plan will constitute a settlement of some, or all, Asbestos PI Claims.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Objection. This Request calls for speculation about future conduct, in particular what may occur in future coverage litigation, which is not the proper subject of a Request for Admission under Federal Rule of Civil Procedure 33, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033, or any other applicable rule. The FCR further objects to this Request insofar as it seeks a legal conclusion about a matter that is relevant only to coverage litigation and not confirmation of the Plan. Subject to those objections and the General Objections and Reservations of Rights set forth above, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any

48

finding of fact and/or conclusion of law with respect to the confirmation or

consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity,

in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 57:**

If confirmed, the Plan will not constitute a settlement of any Asbestos PI Claim.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Objection. This Request calls for speculation about future conduct, in particular

what may occur in future coverage litigation, which is not the proper subject of a Request

for Admission under Federal Rule of Civil Procedure 33, applicable to this proceeding by

Federal Rule of Bankruptcy Procedure 7033, or any other applicable rule. The FCR

further objects to this Request insofar as it seeks a legal conclusion about a matter that is

relevant only to coverage litigation and not confirmation of the Plan. Subject to those

objections and the General Objections and Reservations of Rights set forth above, as set

forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section

7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or

any of the Plan Documents shall in any way operate to, or have the effect of, impairing

any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any

respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any

finding of fact and/or conclusion of law with respect to the confirmation or

consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity,

in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 58:**

If confirmed, the Plan will constitute a judgment with respect to some, or all, Asbestos PI Claims.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Objection. This Request calls for speculation about future conduct, in particular what may occur in future coverage litigation, which is not the proper subject of a Request for Admission under Federal Rule of Civil Procedure 33, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033, or any other applicable rule. The FCR further objects to this Request insofar as it seeks a legal conclusion about a matter that is relevant only to coverage litigation and not confirmation of the Plan. Subject to those objections and the General Objections and Reservations of Rights set forth above, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**REQUEST FOR ADMISSION NO. 59:**

If confirmed, the Plan will not constitute a judgment with respect to any Asbestos PI Claim.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Objection. This Request calls for speculation about future conduct, in particular what may occur in future coverage litigation, which is not the proper subject of a Request for Admission under Federal Rule of Civil Procedure 33, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033, or any other applicable rule. The FCR further objects to this Request insofar as it seeks a legal conclusion about a matter that is relevant only to coverage litigation and not confirmation of the Plan. Subject to those objections and the General Objections and Reservations of Rights set forth above, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Prior to September 19, 2008, did the Asbestos PI FCR communicate or consult with GEICO or Columbia regarding the proposed terms of the Plan, Asbestos PI Trust Agreement, Asbestos Insurance Transfer Agreement, or TDP? If so, explain when and how the Asbestos PI FCR communicated or consulted with GEICO or Columbia.

**RESPONSE TO INTERROGATORY NO. 1:**

Prior to September 19, 2008, the FCR did not communicate or consult with GEICO or Columbia regarding the proposed terms of the Plan, Asbestos PI Trust Agreement, Asbestos Insurance Transfer Agreement or Asbestos PI TDP.

**INTERROGATORY NO. 2:**

Did the Asbestos PI FCR obtain the consent of GEICO or Columbia to the Plan, Asbestos PI Trust Agreement, Asbestos Insurance Transfer Agreement, or TDP? If so, explain when and how such consent was obtained.

**RESPONSE TO INTERROGATORY NO. 2:**

The FCR did not obtain the consent of GEICO or Columbia to the Plan, Asbestos PI Trust Agreement, Asbestos Insurance Transfer Agreement or Asbestos PI TDP but counsel for GEICO and Columbia received various versions of the Plan Documents that were filed in the above-captioned cases (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors and, therefore, GEICO and Columbia were given the opportunity to comment on and consent to the Plan, Asbestos PI Trust Agreement, Asbestos Insurance Transfer Agreement and Asbestos PI TDP.

**INTERROGATORY NO. 3:**

To the Asbestos PI FCR's knowledge, has GEICO or Columbia breached any term or provision of the GEICO Policies or Republic Policies respectively? If so, explain the nature of the breach(es) and when it/they occurred.

**RESPONSE TO INTERROGATORY NO. 3:**

The information known to the FCR or readily obtainable by the FCR is insufficient to enable him to state whether GEICO or Columbia breached any term or provision of the GEICO Policies or Republic Policies.

**INTERROGATORY NO. 4:**

If GEICO and Columbia have not breached, and do no breach, any term or provision of the GEICO Policies or Republic Policies respectively, describe what role, if any, they would be permitted to have under the Plan and Plan Documents with respect to the investigation, evaluation, defense, allowance, or settlement of Asbestos PI Claims submitted to the Asbestos PI Trust. If GEICO and Columbia are permitted any such a role, identify the specific provisions in the Plan or Plan Documents that so provide.

**RESPONSE TO INTERROGATORY NO. 4:**

The Plan, if confirmed, does not provide for participation by GEICO or Columbia in the investigation, evaluation, defense, allowance or settlement of Asbestos PI Claims submitted to the Asbestos PI Trust for purposes of making payment with respect to such claims out of the Asbestos PI Trust but also does not prohibit participation by GEICO or Columbia in the investigation, evaluation, defense, allowance or settlement of Asbestos PI Claims submitted to the Asbestos PI Trust for purposes of making payment with respect to such claims out of the Asbestos PI Trust. Further, as set forth in Sections

7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing GEICO's or Columbia's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of GEICO or Columbia, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**INTERROGATORY NO. 5:**

Upon the Effective Date, will the Reorganized Debtors retain any of the Debtors' duties and obligations under the GEICO Policies or Republic Policies including, but not limited to, the duty to cooperate?

(a)    If so, which of the Debtors' duties and obligations under the GEICO Policies or Republic Policies will the Reorganized Debtors retain?

(b)    If not, what happens to those duties and obligations of the Debtors that the Reorganized Debtors do not retain?

**RESPONSE TO INTERROGATORY NO. 5:**

The FCR objects to this Interrogatory to the extent that it purports to summarize or characterize the GEICO Policies and the Republic Policies or requires the FCR to summarize or characterize information about the GEICO Policies and the Republic Policies, which Policies, being in writing, speak for themselves. Further, even assuming the GEICO Policies and Republic Policies contain language similar to that described above, the FCR objects to this Interrogatory insofar as an accurate response would

require the application of substantive law from each state and federal jurisdiction to numerous and varied hypothetical fact patterns, which would be both burdensome and oppressive. Subject to those objections and the General Objections and Reservations of Rights set forth above, as set forth in the Asbestos Insurance Transfer Agreement, under the Plan, if confirmed, Asbestos Insurance Rights are being transferred to the Asbestos PI Trust and, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing GEICO's or Columbia's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of GEICO or Columbia, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**INTERROGATORY NO. 6:**

Upon the Effective Date, will the Asbestos PI Trust, as the transferee of the Asbestos Insurance Rights under the Asbestos Insurance Transfer Agreement, assume all of the Debtors' duties and obligations under the GEICO Policies and Republic Policies including, but not limited to, the duty to cooperate?

(a)     If not, which of the Debtors' duties and obligations under the GEICO Policies and Republic Policies will the Asbestos PI Trust not be assuming and why is it not assuming them?

55

(b)     If so, to the extent that the TDP are inconsistent with the Debtors' duties

and obligations under the GEICO Policies and Republic Policies, which will govern.

**RESPONSE TO INTERROGATORY NO. 6:**

See response to Interrogatory No. 5 above.

**INTERROGATORY NO. 7:**

With respect to each proposed member of the Trust Advisory Committee (*i.e.*,

Russell W. Budd, John D. Cooney, Joseph F. Rice, and Perry Weitz), provide the total

number of Asbestos PI Claimants that each such member's current law firm represents as

reflected on the law firm's most recent verified statement filed pursuant to Fed. R. Bankr.

P. 2019.

**RESPONSE TO INTERROGATORY NO. 7:**

The FCR objects to this Interrogatory to the extent that it is unduly burdensome,

irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, the FCR objects to this Interrogatory to the extent that it seeks to require the

FCR to review and provide information from documents that are equally available to the

Discovering Parties for review and identification.

**INTERROGATORY NO. 8:**

If the Court confirms the Plan, does the Asbestos PI FCR agree that the Plan, Plan

Documents, and/or Confirmation Order will not constitute a settlement of some, or all,

Asbestos PI Claims?

**RESPONSE TO INTERROGATORY NO. 8:**

The FCR objects to this Interrogatory insofar as it calls for speculation about

future conduct, in particular what may occur in future coverage litigation, which is not

the proper subject of an Interrogatory under Federal Rule of Civil Procedure 33,

applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033, or any

other applicable rule. The FCR further objects to this Interrogatory insofar as it seeks a

legal conclusion about a matter that is relevant only to coverage litigation and not

confirmation of the Plan. Subject to those objections and the General Objections and

Reservations of Rights set forth above, as set forth in Sections 7.15(a) and (f) of the Plan

and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i)

nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any

way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal,

equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan

Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with

respect to the confirmation or consummation of the Plan shall limit the right, if any, of

any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos

Insurer Coverage Defense.

**INTERROGATORY NO. 9:**

If the Court confirms the Plan, does the Asbestos PI FCR agree that the Plan, Plan

Documents, and/or Confirmation Order will not constitute a judgment with respect to

some, or all, Asbestos PI Claims?

**RESPONSE TO INTERROGATORY NO. 9:**

The FCR objects to this Interrogatory insofar as it calls for speculation about

future conduct, in particular what may occur in future coverage litigation, which is not

the proper subject of an Interrogatory under Federal Rule of Civil Procedure 33,

applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7033, or any

other applicable rule. The FCR further objects to this Interrogatory insofar as it seeks a

legal conclusion about a matter that is relevant only to coverage litigation and not confirmation of the Plan. Subject to those objections and the General Objections and Reservations of Rights set forth above, as set forth in Sections 7.15(a) and (f) of the Plan and except as otherwise provided in Section 7.15 of the Plan, the Plan provides that (i) nothing in the Confirmation Order, the Plan or any of the Plan Documents shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect; and (ii) nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

**INTERROGATORY NO. 10:**

Prior to December 19, 2008, did the Asbestos PI FCR consult with any Asbestos Insurance Entity with respect to any provision of the Plan, Asbestos PI Trust Agreement, Asbestos Insurance Transfer Agreement, or TDP? If so, identify each such Asbestos Insurance Entity, state when and how the Asbestos PI FCR consulted with it, and identify which provisions were the subject of such consultation.

**RESPONSE TO INTERROGATORY NO. 10:**

The FCR objects to this Interrogatory to the extent that it is unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to that objection and the General Objections and Reservations of Rights set forth above, although the FCR did not initially consult with any Asbestos Insurance Entity with respect to any provision of the Plan, Asbestos PI Trust Agreement, Asbestos Insurance

Transfer Agreement or Asbestos PI TDP, certain counsel for Asbestos Insurance Entities that entered appearances prior to February 27, 2009, received various versions of the Plan Documents that were filed in the above-captioned cases (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579, 19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988, 19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)) and draft Plan Documents via electronic mail from the Debtors beginning as early as September 2008 and, therefore, Asbestos Insurance Entities were given the opportunity to comment on and consent to the Plan, Asbestos PI Trust Agreement, Asbestos Insurance Transfer Agreement and Asbestos PI TDP.

**INTERROGATORY NO. 11:**

Identify each individual (by name, employer, and business address) that had any role, other than merely clerical, in the preparation of the Asbestos PI FCR's responses to these Interrogatories and the Asbestos PI FCR's responses to Government Employees Insurance Company's and Columbia Insurance Company's Requests for Admission Directed to the Asbestos PI FCR ("RFAs") and, as to each, describe what role he/she had and with respect to which Interrogatories and RFAs.

**RESPONSE TO INTERROGATORY NO. 11:**

The FCR objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine and/or

59

the extension of those privileges by the joint defense and/or common interest doctrines. Subject to that objection and the General Objections and Reservations of Rights set forth above, the FCR's responses to the Interrogatories and Requests for Admission were prepared by the FCR and his counsel.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents that You refer to, or rely upon, in responding to the Interrogatories and Requests for Admission served by GEICO and Columbia on You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to the General Objections and Reservation of Rights set forth above, the FCR refers the Discovering Parties to the Plan Documents.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents that You will rely upon in contesting GEICO's and Columbia's preliminary objections to the Plan filed on or about January 5, 2009, or GEICO's and Columbia's final plan objections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The FCR objects to this Request insofar as it requires him to identify documents that will be referenced in, identified in, or relied upon in connection with the FCR's trial brief, which, pursuant to the Second Amended Case Management Order Relating to the First Amended Joint Plan of Reorganization, entered on January 29, 2009, is not yet due.

**REQUEST FOR PRODUCTION NO. 3**

All Documents sent by You, or on Your behalf, to GEICO or Columbia, or received by You from GEICO or Columbia, that refer or relate to this bankruptcy case.

[Note: For Purposes of this Request, You should exclude Documents place in the data room established by Grace in response to Certain Insurer's First Request for Production of Documents, directed to Debtors (as defined therein) and dated November 25, 2008.]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

The FCR objects to this Request to the extent that it seeks discovery of information that is equally accessible and available to the Discovering Parties or that is already in their possession, custody or control, such as Plan Documents and pleadings and motions filed in the Bankruptcy Court. Subject to that objection and the General Objections and Reservations of Rights set forth above, the FCR notes that a settlement demand was sent to the Discovering Parties. If the Discovering Parties cannot locate such document, the FCR will provide an additional copy of it.

## INCORPORATION AND RESERVATIONS

In response to the joinder of GEICO and Columbia in the Requests for Production of Documents served by other Asbestos Insurance Entities on the Debtors, Asbestos PI Committee and Asbestos PI FCR, the FCR incorporates by reference his responses to any requests for production filed by other Asbestos Insurance Entities on the FCR and reserves the right to amend or supplement those or these responses.


[SIGNATURE ON FOLLOWING PAGE]

Dated: March 6, 2009

For purposes of objections under Federal Rule of Civil Procedure 33(b)(5) (made applicable by Rule 7033 of the Federal Rules of Bankruptcy Procedure):

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

and

*/s/ John C. Phillips*
PHILLIPS, GOLDMAN & SPENCE, P.A.
John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

*Co-Counsel for David T. Austern, Asbestos PI Future Claimants' Representative*

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I, David T. Austern, am authorized and entitled to make this declaration as the Court-appointed legal representative for future asbestos personal injury claimants, that I have read the above and foregoing Objections and Answers to Government Employees Insurance Company and Columbia Insurance Company's Interrogatories, that the facts and statements contained therein are either within my personal knowledge and are true and correct, or are based upon information supplied to me by others, including counsel, and as such are true and correct to the best of my knowledge, information, and belief. In verifying the foregoing Objections and Answers to Government Employees Insurance Company and Columbia Insurance Company's Interrogatories, I have relied upon the assistance of counsel and the investigation they have undertaken to compile the information upon which these Objections and Answers are based and the statements contained therein. I hereby reserve the right to modify, clarify, or supplement these discovery responses should new information warrant such modification, clarification, or supplementation.

Dated: March 6, 2009

David T. Austern
Asbestos PI Future Claimants' Representative