# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - -

In Re:                          : Chapter 11
                                :
                                : Case No.
W.R. GRACE & CO., et al,        : 01-01139 JKF
                                :
                                : (Jointly
        Debtors                 : Administered)

- - -

Monday, May 4, 2009

- - -

Continuation of oral deposition of PETER VAN N. LOCKWOOD, ESQUIRE, taken pursuant to notice, was held at the offices of CAPLIN & DRYSDALE, One Thomas Circle N.W., Suite 1100, Washington, DC 20005, commencing at 12:05 p.m., on the above date, before Lori A. Zabielski, a Registered Professional Reporter and Notary Public in and for the Commonwealth of Pennsylvania.

- - -

MAGNA LEGAL SERVICES
Seven Penn Center
1635 Market Street
8th Floor
Philadelphia, Pennsylvania 19103

Page 450

```
 1  APPEARANCES:
 2
 3  DRINKER BIDDLE & REATH, LLP
    BY: MICHAEL F. BROWN, ESQUIRE
 4  One Logan Square
    18th & Cherry Streets
 5  Philadelphia, Pennsylvania 19103-6996
    215.988.2988
 6  (brownm@dbr.com)
    (jeffrey.boerger@dbr.com)
 7  Representing OneBeacon America Insurance
    Company, Seaton Insurance Company,
 8  Government Employees Insurance Company,
    Columbia Insurance Company f/k/a Republic
 9  Insurance Company
10
11  CAPLIN & DRYSDALE, CHARTERED
    BY: NATHAN D. FINCH, ESQUIRE
12      JEFFREY A. LIESEMER, ESQUIRE*
        (*VIA TELECONFERENCE)
13  One Thomas Circle NW
    Suite 1100
14  Washington, DC 20005
    202.862.7801
15  (ndf@capdale.com)
    (jal@capdale.com)
16  Representing Grace, Official Committee of
    Asbestos Personal Injury Claimants
17  ("ACC"), and Witness
18
    ANDERSON KILL & OLICK, P.C.
19  BY: ROBERT M. HORKOVICH, ESQUIRE
    1251 Avenue of the Americas
20  New York, New York 10020
    212.278.1322
21  (rhorkovich@andersonkill.com)
    Representing the ACC
22
23
```

Page 451

```
 1  APPEARANCES (continued)
 2
 3  KIRKLAND & ELLIS, LLP
    BY: THEODORE L. FREEDMAN, ESQUIRE
 4  655 Fifteenth Street, NW
    Washington, DC 20005-5793
 5  202.879.5084
    (tfreedman@kirkland.com)
 6  Representing the Debtors
 7
 8  THE LAW OFFICES OF JANET S. BAER, P.C.
    BY: JANET S. BAER, ESQUIRE
 9  70 West Madison Street
    Suite 2100
10  Chicago, Illinois 60602
    312.641.2162
11  Representing the Debtors
12
13  SIMPSON THACHER & BARTLETT, LLP
    BY: SAMUEL J. RUBIN, ESQUIRE*
14      (*VIA TELECONFERENCE)
    425 Lexington Avenue
15  New York, New York 10017-3954
    212.455.3122
16  (srubin@stblaw.com)
    Representing Travelers Casualty and
17  Surety Company
18
19  VORYS, SATER, SEYMOUR AND PEASE, LLP
    BY: TIFFANY STRELOW COBB, ESQUIRE*
20      (*VIA TELECONFERENCE)
    52 East Gay Street
21  Columbus, Ohio 43215
    614.464.8322
22  (tscobb@vorys.com)
    Representing The Scotts Company, LLC
23
24
```

Page 452

```
 1  APPEARANCES (continued)
 2
 3  COHN WHITESELL & GOLDBERG, LLP
    BY: DANIEL C. COHN, ESQUIRE
 4  101 Arch Street
    Boston, Massachusetts 02110
 5  617.951.2505
    (cohn@cwg11.com)
 6  Representing the Libby Claimants
 7
 8  SPEIGHTS & RUNYAN
    BY: DANIEL H. SPEIGHTS, ESQUIRE*
 9      (*VIA TELECONFERENCE)
    200 Jackson Avenue East
10  P.O. Box 685
    Hampton, South Carolina 29924
11  803.943.4444
    (dspeights@speightsrunyan.com)
12  Representing Anderson Memorial Hospital
13
14  TUCKER ARENSBERG
    BY: MICHAEL A. SHINER, ESQUIRE*
15      (*VIA TELECONFERENCE)
    1500 One PPG Place
16  Pittsburgh, Pennsylvania 15222
    412.594.5586
17  (mshiner@tuckerlaw.com)
    Representing Certain London Market
18  Insurers and AXA Belgium
19
20  FORD MARRIN ESPOSITO & WITMEYER & GLESER
    BY: ELIZABETH M. DeCRISTOFARO, ESQUIRE
21  Wall Street Plaza
    New York, New York 10005-1875
22  212.269.4900
    Representing Continental Casualty Company
23  and Continental Insurance Company
24
```

Page 453

```
 1  APPEARANCES (continued)
 2
 3  BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
    BY: MATTHEW I. KRAMER, ESQUIRE*
 4      (*VIA TELECONFERENCE)
    200 South Biscayne Boulevard
 5  Suite 2500
    Miami, Florida 33131-5340
 6  305.450.7246
    (mkramer@bilzin.com)
 7  Representing Property Damage Committee
 8
 9  STROOCK & STROOCK & LAVAN, LLP
    BY: ARLENE G. KRIEGER, ESQUIRE*
10      (*VIA TELECONFERENCE)
    180 Maiden Lane
11  New York, New York 10038-4982
    212.806.5400
12  (akrieger@stroock.com)
    Representing Official Committee of
13  Unsecured Creditors
14
15  CROWELL & MORING, LLP
    BY: MARK PLEVIN, ESQUIRE
16      NOAH S. BLOOMBERG, ESQUIRE*
    1001 Pennsylvania Avenue NW
17  Washington, DC 20004-2595
    202.624.2913
18  (mplevin@crowell.com)
    (nbloomberg@crowell.com)
19  Representing Fireman's Fund Insurance
    (Surety Bond)
20
21
22
23
24
```

Page 454

APPEARANCES (continued)

STEVENS & LEE, P.C.
BY: JOHN D. DEMMY, ESQUIRE*
 (*VIA TELECONFERENCE)
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
302 654 5180
(jdd@stevenslee.com)
Representing Fireman's Fund Insurance

ALAN B. RICH LAW OFFICES
BY: ALAN B. RICH, ESQUIRE*
 (*VIA TELECONFERENCE)
Elm Place, Suite 4620
1401 Elm Street
Dallas, Texas 75202
214.744.5100
(arich@alanrichlaw.com)
Representing Property Damage FCR

CONNOLLY BOVE LODGE & HUTZ, LLP
BY: JEFFREY C. WISLER, ESQUIRE
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
302 888.6528
(jwisler@cblh.com)
Representing Maryland Casualty

ECKERT SEAMANS CHERIN & MELLOTT, LLC
BY: EDWARD J. LONGOSZ, II, ESQUIRE
1747 Pennsylvania Avenue, NW
12th Floor
Washington, DC 20006
202.659.6619
(elongosz@eckertseamans.com)
Representing Maryland Casualty and Zurich

Page 455

APPEARANCES (continued)

WILEY REIN, LLP
BY: KARALEE C. MORELL, ESQUIRE
1776 K Street NW
Washington, DC 20006
202 719.7520
(kmorell@wileyrein.com)
Representing Maryland Casualty and Zurich

COZEN O'CONNOR
BY: ILAN ROSENBERG, ESQUIRE*
 (*VIA TELECONFERENCE)
1900 Market Street
Philadelphia, Pennsylvania 19103-3508
215.665.4671
(irosenberg@cozen.com)
Representing Federal Insurance Company

ORRICK HERRINGTON & SUTCLIFFE, LLP
BY: JONATHAN P. GUY, ESQUIRE
 JOSHUA M. CUTLER, ESQUIRE
Columbia Center
1152 15th Street, NW
Washington, DC 20005-1706
202 339.8516
(jguy@orrick.com)
Representing Future Claimants
Representative

CUYLER BURK, P.C.
BY: TANYA M. MASCARICH, ESQUIRE*
 (*VIA TELECONFERENCE)
4 Century Drive
Parsippany, New Jersey 07054
973 734 3200
(tmascarich@cuyler.com)
Representing Allstate Insurance Company

Page 456

APPEARANCES (continued)

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
BY: CARL PERNICONE, ESQUIRE
150 East 42nd Street
New York, New York 10017-5639
212.915.5656
(carl.pernicone@wilsonelser.com)
Representing Arrowood Indemnity Company

O'MELVENY & MYERS, LLP
BY: TANCRED SCHIAVONI, ESQUIRE*
 (*VIA TELECONFERENCE)
Times Square Tower
7 Times Square
New York, New York 10036
212.326.2267
(tschiavoni@omm.com)
Representing Arrowood Indemnity Company

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
BY: KEVIN J. MANGAN, ESQUIRE*
 (*VIA TELECONFERENCE)
222 Delaware Avenue
Suite 1501
Wilmington, Delaware 19801
302 252.4361
(kmangan@wcsr.com)
Representing State of Montana

PEPPER HAMILTON, LLP
BY: LINDA J. CASEY, ESQUIRE*
 (*VIA TELECONFERENCE)
3000 Two Logan Square
Philadelphia, Pennsylvania 19103
215 981 4000
(caseyl@pepperlaw.com)
Representing BNSF Railway Company

Page 457

APPEARANCES (continued)

GOODWIN PROCTER, LLP
BY: DANIEL M. GLOSBAND, ESQUIRE*
 (*VIA TELECONFERENCE)
Exchange Place
53 State Street
Boston, Massachusetts 02109
617.570.1930
(dglosband@goodwinprocter.com)
Representing CNA Insurance

KRAMER LEVIN NAFTALIS & FRANKEL, LLP
BY: GREGORY A. HOROWITZ, ESQUIRE
1177 Avenue of the Americas
New York, New York 10036
212.715.9571
(ghorowitz@kramerlevin.com)
Representing Official Committee of Equity
Holders

Page 458

```
                 - - -
                I N D E X
                 - - -

Testimony of:
    PETER VAN N. LOCKWOOD, ESQUIRE

By Mr. Cohn          Page 462
By Mr. Wisler        Page 531
By Mr. Mangan        Page 544
By Ms. Casey         Page 549
By Mr. Speights      Page 563
By Mr. Plevin        Page 606
By Mr. Schiavoni     Page 624
By Mr. Brown         Page 636

                 - - -
              E X H I B I T S
                 - - -

NO.   DESCRIPTION                    PAGE
17    Notice of Deposition of
      Asbestos PI Committee Pursuant
      to Rule 30(b)(6)               460
18    Exhibit 8 to Exhibit Book      460
```

Page 459

```
                 - - -
         DEPOSITION SUPPORT INDEX
                 - - -

Direction to Witness Not to Answer:
Page  Line      Page  Line
620   11        632   14


Request for Production of Documents:
Page  Line      Page  Line
NONE


Stipulations:
Page  Line      Page  Line
12    02
(Previously)


Area(s) Marked Confidential:
Page  Line      Page  Line
NONE
```

Page 460

                - - -
        PETER VAN N. LOCKWOOD,
ESQUIRE, after having been first
duly sworn, was examined and
testified as follows:
                - - -
             PROCEEDINGS
                - - -
        (ACC 30(b)(6)-17 and 18
premarked for identification at
this time.)
                - - -
        MR. COHN: Go ahead,
Mr. Schiavoni.
        MR. SCHIAVONI: I just
wanted to object. We have written
the Libby claimants separately
about this, but we object to them
doing any questioning of
Mr. Lockwood on the grounds that
the Libby claimants are members of
the committee; they have not
objected to Mr. Lockwood's
designation to testify on behalf

Page 461

of the committee; nor have they
offered in response to requests
any alternative witness to testify
on any topics on which they
disagree with Mr. Lockwood.
        We see Mr. Lockwood's
testimony and the failure of the
Libby claimants to object to the
designation of Mr. Lockwood as an
adoptive omission by the Libby
claimants, and we object to any
questioning by them as essentially
questioning seeking to impeach
their own witness. Thank you.
        MR. COHN: You are welcome.
We will respond to your
correspondence, but, for the
moment, let's simply say that we
reject the basis for your
objection.
        MR. SCHIAVONI: If there are
any topics that the Libby
claimants object to Mr. Lockwood's
designation on, we need to know

Page 462

what those topics are before this deposition is completed so we can question on those topics.

MR. COHN: So far as the Libby claimants are aware, Mr. Lockwood has been properly designated as the spokesman for the Asbestos PI Committee as an entity.

So with that, why don't we start.

---
EXAMINATION
---

BY MR. COHN:
Q. We didn't do this last time, so let me hand you what has been marked as ACC 30(b)(6) Exhibit-17 and ask whether you recognize it.
A. I do.
Q. And what is it?
A. It's a Notice of Deposition of the ACC by the Libby claimants.
Q. Okay. And that's a

Page 463

deposition under Rule 30(b)(6)?
A. Correct.
Q. And you are the person who has been designated by the Asbestos Claimants Committee to appear on behalf of the committee?
A. To my great good fortune, yes.
Q. Okay. Now, this deposition was begun on Friday, May 1st; is that correct?
A. Yes.
Q. And we suspended at about 7:45 in the evening?
A. As best I can recall, that seems about right.
Q. Since that time, have you spoken with your counsel at all?
A. Do you mean Mr. Finch?
Q. Or any of the lawyers representing you?
A. Well, Mr. Finch and I were on a conference call this morning on matters wholly unrelated to this case. I

Page 464

haven't discussed my testimony with him, if that's what you are inquiring about.
Q. Yes. The next question would be whether you have discussed either the testimony that you have given or the testimony that you are going to give in this deposition.
A. I have not discussed that with anybody --
Q. Okay.
A. -- since Friday, which, I guess, was your question.
Q. That was the question.
All right. Is it the case that any asbestos PI claimant may elect individual review of his claim?
MS. BAIER: Objection to form. Basis? What are you talking about, in the world?
MR. COHN: Okay. Let me start again.
BY MR. COHN:
Q. Let me refer you to the TDP, which has been marked as ACC Exhibit-11.

Page 465

A. I have it.
Q. And ask you under the TDP whether any asbestos PI claimant may elect individual review of his claim?
A. As best I can recall, assuming the claimant has not previously elected expedited review and subject to the provisions relating to expedited review, the answer to that question is yes. There are specific provisions in the TDP that address individual review and how it's to be elected and how it's to proceed.
Q. And when a claimant properly in accordance with the TDP elects individual review, what happens next?
A. Well, that depends, frankly, on how the trustees after consummation of the Plan proceed to establish the claims handling or resolution facility. As of right now, the Grace Trust doesn't exist, doesn't have claims handling facility, and, therefore, there is no specific set of personnel or internal procedures that

Page 630

1  testimony on behalf of the committee with
2  respect to any of the topics on which the
3  committee's designated you as a 30(b)(6)
4  witness?
5      A.  Not that I recall.
6      Q.  Did either Mr. Heberling or
7  his client, which is a member of the
8  committee, convey any position to the
9  committee concerning the treatment of
10 asbestos PI claims that's in any way
11 inconsistent with the testimony that you
12 have offered today?
13     MR. FINCH: Objection, form,
14 foundation. To the extent that
15 calls for privileged
16 communications, I instruct the
17 witness not to answer. To the
18 extent that calls for settlement
19 communications, I instruct the
20 witness not to answer.
21     If you can answer subject to
22 either of those instructions, you
23 can do so.
24     THE WITNESS: Mr. Cohn and

Page 631

1  his clients have filed voluminous
2  papers in this case expressing
3  positions with which the majority
4  of the committee is in
5  disagreement, and the committee
6  has filed papers in opposition or
7  otherwise in response to those
8  papers.
9      You have asked me whether or
10 not anything I have said in the
11 course of a day and a half of
12 testimony is inconsistent with the
13 positions expressed by the Libby
14 claimants in those papers. I
15 would have to say it strikes me as
16 probable that I have said things
17 that were inconsistent with those
18 positions. But for me to go back
19 and recite from memory everything
20 that I might have said that might
21 be so inconsistent, I could not
22 begin to accomplish.
23 BY MR. SCHIAVONI:
24     Q.  Have Mr. Heberling and his

Page 632

1  client taken positions inconsistent with
2  the other committee members with regard
3  to the Plan that's now on file?
4      A.  Yes.
5      Q.  And has that been the case
6  for the last year?
7      A.  Probably, I would say so, at
8  least.
9      Q.  Would you tell us what
10 positions the Libby claimants took in
11 meetings with the other ACC members with
12 regard to the insurance coverage that's
13 alleged to be issued to Grace?
14     MR. FINCH: Objection. To
15 the extent he is calling for
16 discussions between committee
17 members in the presence of
18 committee counsel that would
19 reveal privileged communications
20 or work product communications, I
21 instruct you not to answer the
22 question.
23     I think on its face, the
24 question invades the privilege,

Page 633

1  but if you can answer the question
2  without so doing, you may do so,
3  although I tend to doubt it.
4      THE WITNESS: Read the
5  question back.
6      (The reporter read from the
7  record as requested.)
8      THE WITNESS: I have been
9  instructed not to answer that
10 question by my understanding my
11 instructions.
12     MR. SCHIAVONI: And, Nate, I
13 don't want to belabor the point,
14 but this would be the case with
15 regard to other questions about
16 what positions the Libby claimants
17 had communicated to the other
18 committee members in which they
19 are in opposition to the other
20 committee members, right?
21     THE WITNESS: Any
22 communication that happened that
23 wasn't as a result of them filing
24 something in court, I would take

Page 634

1  the same position and give the
2  same instruction.
3      If you ask about questions
4  that Libby claimants have taken in
5  papers filed in the court, for
6  example, in a Disclosure Statement
7  objections and the bullet point
8  Plan objections and the
9  committee's responses made to that
10 in open court, I will permit
11 Mr. Lockwood certainly to answer
12 those questions.
13     But anything that gets into
14 communications with between the
15 Libby claimants with the rest of
16 the ACC or counsel for the ACC
17 about their respective views of
18 insurance coverage, I am going to
19 take the position as privileged.
20     And so I think you have to
21 do it on a question-by-question
22 basis, but that's my general
23 position.
24 BY MR. SCHIAVONI:

Page 635

1  Q. Okay. Mr. Lockwood, I just
2  have one other brief topic. And here is
3  the first question on that: Does the
4  Plan purport to release claims that may
5  exist between insurers and Non-Debtors?
6      MR. FINCH: Objection, form,
7  broad, vague.
8      THE WITNESS: Phrased as
9  broadly as you have, I think the
10 answer is yes.
11     MR. SCHIAVONI: Okay. Thank
12 you. I have no further questions.
13     MR. FINCH: Is there anyone
14 else in the room who has
15 questions?
16     MR. BROWN: I have some
17 follow-ups.
18     MR. FINCH: Is there anyone
19 else on the telephone who has not
20 asked questions yet who has
21 questions?
22     (No response.)
23     MR. FINCH: Hearing no
24 affirmative response, I will let

Page 636

1  you have follow-up until we run
2  out of time.
3      (There was a discussion held
4  off the record at this time.)
5      (There was a break from 3:55
6  p.m. to 4:03 p.m.)
7      - - -
8      EXAMINATION
9      - - -
10 BY MR. BROWN:
11     Q. Mr. Lockwood, just a couple
12 of follow-ups. The court reporter is
13 actually going to read back a question
14 and answer. I think it's probably easier
15 to do that, and then I will ask my
16 follow-up question. It was end of
17 Mr. Wisler's questioning of you.
18     A. Okay.
19     (The reporter read from the
20 record as requested.)
21 BY MR. BROWN:
22     Q. And after that,
23 Mr. Lockwood, Mr. Wisler asked you a
24 follow-up as to what type of claim it

Page 637

1  would be.
2      And is it correct that the
3  ACC does not have a position on what type
4  of claim it would be if it's not a Class
5  6 claim?
6      A. Well, the ACC doesn't, as
7  such, have positions on hypothetical
8  questions. So, yes, the ACC doesn't have
9  a position on that issue. The ACC --
10 well, I will leave it at that.
11     Q. On Friday, Mr. Cohn asked
12 you a question, who drafted the TDP.
13 That was the question, and you gave an
14 answer which I am happy to show you the
15 full answer. But I WANT to repeat a
16 portion of your answer. You said: "The
17 participants that did it were basically
18 counsel for the ACC, counsel for the FCR,
19 and members of the ACC itself in terms of
20 reviewing and commenting on things, and
21 the FCR himself."
22     When you said the ACC
23 itself, what did you mean?
24     A. I meant --