IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> W.R. GRACE & CO., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 01-01139 (JKF) <br> Jointly Administered <br><br> Ref. Nos. 19803, 20313, 20872, 21811 & 21859 |

## SUMMARY OF LIBBY CLAIMANTS' OBJECTION TO FIRST AMENDED JOINT PLAN OF REORGANIZATION

Pursuant to this Court's Modified Order Approving Motion for Leave to Exceed Page Limit Rule for Libby Claimants' Objection to Debtors' First Amended Join Plan of Reorganization dated May 26, 2009 [D.I. 21859], claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby submit this summary of the Libby Claimants' Objection to the First Amended Joint Plan of Reorganization dated May 20, 2009 [D.I. 21811] (the "Objection").[2]

Before the Petition Date,[3] Libby Claimants obtained verdicts and settlements from Grace ranging from an average of $271,170 for unimpaired victims of nonmalignant pleural disease to $550,200 for impaired victims of nonmalignant disease, to $1,506,450 for mesothelioma.[4] These amounts are substantially higher than the verdict/settlement averages for other Asbestos PI Claims, not only because of the greater severity of nonmalignant asbestos disease in Libby but

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 21365], as it may be amended and restated from time to time.

[2] The Objection constitutes the definitive statement of the Libby Claimants' objections to the Plan as of the present time. Failure of this summary to include or to fully explain any of these objections is not intended as a waiver.

[3] All terms not otherwise defined herein shall have the same meaning as in the Plan.

[4] The Libby Claim figures have been brought current using the same adjustment developed by Asbestos PI Committee's estimation expert, Dr. Mark Peterson, to bring Grace's pre-bankruptcy verdict/settlement figures into line with current values for purposes of the TDP. In the course of discovery, Grace brought to the Libby Claimants' attention some very old settlements that Grace claims should be included in the verdict/settlement averages. It does not appear that inclusion of these settlements would have a material effect on the averages. The Libby Claimants are still in the process of analyzing this issue, and will update the figures if appropriate.

{W0000108.}

also because the Libby Claimants' disease unquestionably resulted from Grace's asbestos. Other Asbestos PI Claims—for example, the claim of a construction worker who may have handled products of Grace and/or dozens of other manufacturers—raise major issues of causation and relative fault.

The Plan purports to pay Asbestos PI Claims on a *pro rata* basis based on their value in the tort system. Yet as to the Libby Claims, the Plan will pay on the basis of a fraction of tort system value. For example, most Libby Claimants with severe pleural disease—meaning that they are not just impaired (lung function of 80%) but severely impaired (lung function of 65%)—will be paid based on an allowed claim of $2,500 to $20,000, compared with the established prepetition tort system value of $550,200 for impaired nonmalignant Libby Claims. Other Libby Claims are the subject of similar discrimination. And the Plan further discriminates against Libby Claimants by taking away their insurance rights, which are different from other Asbestos PI Claimants, and more valuable.

The Libby Claimants submit that the Plan is unconfirmable as a matter of law. Their objections, summarized below, include:[5]

- **The Plan is Unconfirmable Because the Treatment of Libby Claimants Violates the Bankruptcy Code's Policy of Equal Distribution.**[6] The Plan violates the Bankruptcy Code's requirement of equal distribution, as set forth in In re Combustion Engineering, 391 F.3d 190, 239 (3d Cir. 2004). The TDP has been designed to liquidate Asbestos PI Claims other than Libby Claims at an amount greater than or equal to their value in the tort system. For Libby Claims, however, the terms of the TDP will result in liquidation at far less than tort system value.

---

[5] As a procedural matter, the Libby Claimants have objected to being required to file an objection to confirmation of the Plan at a time when the Plan Proponents have not yet fully disclosed their contentions with respect to confirmation of the Plan and, specifically, in response to the preliminary plan objection filed by the Libby Claimants. Accordingly, the Libby Claimants have reserved the right to amend the Objection—including the addition of new grounds for objection—as the Plan Proponents' contentions are finally revealed.

[6] Objection, pp. 39-45.

- **The Plan Impermissibly Disenfranchises the Libby Claimants Through Impermissible Classification and Treatment of Their Claims.**[7] The treatment of Libby Claims under the Plan violates not only the mandate of <u>Combustion Engineering</u> regarding fairness of distribution but also specific provisions of the Bankruptcy Code regarding classification of claims, and uniform treatment of claims within a class.

  o **The Plan Impermissibly Places the Libby Claimants' Claims in a Class with Claims that Are Not Substantially Similar.**[8] The Plan creates a single class of asbestos personal injury claims. This is *not* required by Section 524(g) of the Bankruptcy Code. To the contrary, Section 524(g) refers to a "class or classes of the claimants whose claims are to be addressed by a trust." 11 U.S.C. § 524(g)(2)(B)(ii)(IV)(bb). The Plan violates Section 1122(a) by placing the Libby Claims, over their objection, in the same class as claims that are not substantially similar to them. The Libby Claimants' rights against Grace and its insurers require them to be separately classified.

  o **The Plan is Unconfirmable Because It Provides Different Treatment to Claims of the Same Class.**[9] Section 1123(a)(4) requires that, for confirmation to be granted, a plan shall "provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest." 11 U.S.C. § 1123(a)(4). The TDP violates Section 1123(a)(4) by providing differential treatment of Asbestos PI Claims based on (a) the type of asbestos disease, (b) whether the claim is based on a jury verdict, (c) when the claim is liquidated by the Asbestos PI Trust, (d) whether the claim is for wrongful death, and (e) whether the claim is for compensatory or punitive damages.

  o **In sum, the Plan Takes Away the Rights of Libby Claimants Without Providing Them With an Effective Right to Vote.**[10] This case presents the very situation that concerned the Third Circuit in <u>Combustion Engineering</u> whereby asbestos personal injury claimants with weaker legal rights will swamp other class members with stronger legal rights when all are placed in the same class. <u>Combustion Engineering</u>, 391 F.3d at 244. The Plan is unconfirmable because it permits the Libby Claimants to be outvoted by Asbestos PI Claimants who are treated more favorably.

---

[7] Objection, pp. 45-69.
[8] Objection, pp. 49-50.
[9] Objection, pp. 55-68.
[10] Objection, pp. 68-69.

3

{W0000108.}

- **The Plan is Unconfirmable Because It Denies the Libby Claimants Their Right to Trial by Jury.**[11] The Seventh Amendment to the United States Constitution guarantees the right to trial by jury in civil cases. The constitutional right to trial by jury extends to asbestos personal injury claims in Chapter 11 cases. In re G-I Holdings, Inc., 323 B.R. 583, 607 (Bankr. D. N.J. 2005). By capping the amount for which an asbestos personal injury claim may be liquidated even where the jury's verdict is greater, the Plan renders meaningless the right to a trial by jury and is unconfirmable as a matter of law.

- **The Plan is Unconfirmable as a Matter of Law Because it Violates the Libby Claimants' Statutory Right to Have Their Claims Allowed in Accordance with Applicable Nonbankruptcy Law.**[12] Claims in bankruptcy cases must be allowed or disallowed under state law except where the Bankruptcy Code otherwise provides. Butner v. United States, 440 U.S. 48 (1979). Under state law, the valid amount of a personal injury claim is the amount provided by a final judgment obtained through the tort system.

    o **The Plan is Unconfirmable Because It Improperly Limits the Allowed Amount of Most Libby Claims.**[13] For most Libby Claims, the TDP does not permit the Asbestos PI Trust to voluntarily allow the claim in the amount that could be obtained in the tort system. Moreover, if any Asbestos PI Claimants obtains a judgment through the tort system, the TDP improperly caps the liquidated value of the claim at less than the judgment.

    o **The Plan is Unconfirmable Because It Improperly Disallows Punitive Damages Claims.**[14] The Plan, through the TDP, categorically disallows punitive damages even while acknowledging that they are available in the tort system.

    o **The Plan is Unconfirmable Because It Improperly Disallows Wrongful Death and Loss of Consortium Claims.**[15] The Plan, through the TDP, provides for automatic disallowance of wrongful death claims and loss of consortium claims—a violation of Supreme Court precedent barring categorical disallowance of legally valid claims.

---

[11] Objection, pp. 69-72.
[12] Objection, pp. 72-79.
[13] Objection, p. 73.
[14] Objection, pp. 73-75.
[15] Objection, pp. 76-79

4

{W0000108.}

- **The Plan is Unconfirmable Because It Provides for Injunctions and Exculpations that are Impermissibly Broad.**[16] The Plan provides for injunctions and exculpations that violate Section 524(g) on numerous grounds, including:

    o **The Asbestos Insurance Entity Injunction Provision Violates Section 524(g) by Protecting Third Parties from Claims Outside the Permissible Four Categories.**[17]

    o **The Plan Injunctions and the Exculpations Provision Violate Section 524(g) by Protecting Third Parties Who Are Not Making a Substantial Financial Contribution.**[18]

    o **The Plan Impermissibly Enjoins the Libby Claimants' Pursuit of Insurance Coverage as to Which They do not Compete with Each Other or any Other Claimant.**[19]

    o **The Plan Impermissibly Enjoins the Libby Claimants Even Though the Plan is Not Fair and Equitable to the Libby Claimants.**[20]

- **The Plan is Unconfirmable Because It Improperly Usurps the Court's Function to Modify or Dissolve Preliminary Injunctions.**[21] The Plan purports to freeze in place injunctions—such as the preliminary injunction that now prevents the Libby Claimants from pursuing claims against BNSF—regardless of whether (a) there is cause for this Court to dissolve the injunction, or (b) the injunction is reversed on appeal.

- **The Plan Violates Section 1129(a)(7) of the Bankruptcy Code Because It Provides Less to the Libby Claimants Than They Would Receive or Retain In a Chapter 7 Liquidation of the Debtors.**[22] Taking account of the Libby Claimants' rights against insurance policies if the Debtors were to be liquidated under Chapter 7, many if not all of the Libby Claimants would realize a greater recovery in Chapter 7 than under the Plan.

---

[16] Objection, pp. 79-84.
[17] Objection, p. 80.
[18] Objection, pp. 81-82.
[19] Objection, pp. 82-84.
[20] Objection, p. 84.
[21] Objection, pp. 84-85.
[22] Objection, pp. 85-99.

5

{W0000108.}

Dated: June 2, 2009
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kerri Mumford*
_____
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for Libby Claimants*