IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | Proposed Hearing Date: June 18, 2009 at 1:00 p.m. |
| Debtors. | ) | Objection Deadline: TBD |
| | ) | Re: Docket Nos. 21544, 21747 |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MODIFY THIRD AMENDED CASE MANAGEMENT ORDER RELATED TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION

The Official Committee of Unsecured Creditors of W.R. Grace & Co., et al. (the

"Creditors' Committee"), by its undersigned counsel, submits this motion for an order amending

the Third Amended Case Management Order Related To The First Amended Joint Plan Of

Reorganization, dated May 5, 2009 (Docket No. 21544; the "CMO"),[2] as a result of the

Memorandum Opinion and accompanying Order Sustaining Debtors' Objection To Unsecured

---

[1]  The Debtors consist of the following 62 entities:  W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., B&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]  A copy of the CMO is annexed to this Motion as Exhibit A.

Claims Insofar As Claims Include Postpetition Interest At The Contract Default Rate, both dated May 19, 2009 (Docket No. 21747; the "PPI Decision")[3], and respectfully states as follows:

## PERTINENT BACKGROUND

1.    As a result of this Court's PPI Decision, issued just a month prior to the scheduled commencement of  "Phase I" of the confirmation hearings, the Creditors' Committee respectfully requests by this motion, for the reasons set forth below, a postponement of the Creditors' Committee's objections to be heard in Phase I (specifically, impairment issues), until (at the earliest) Phase II of the confirmation hearing scheduled to begin in September.  Such a postponement is legally required as a result of the appeals from the PPI Decision filed by the Creditors' Committee and the Bank Lenders that divest this Court of jurisdiction over the impairment issues.

2.    The CMO provides the schedule by which the parties have been preparing for the confirmation hearing regarding the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants (the "Asbestos PI Committee"), the Asbestos PI Future Claimants' Representative (the "FCR") and The Official Committee of Equity Security Holders (the "Equity Committee," and collectively with the Debtors, the Asbestos PI Committee and the FCR, the "Plan Proponents") dated February 27, 2009 [Docket No. 20666] (the "Plan").  As pertinent to this motion, the CMO provides that the issues to be heard during "Phase I" of the confirmation hearing, beginning on June 22, 2009, include "the confirmation objections raised on behalf of

---

[3]    A copy of the PPI Decision and accompanying order is annexed to this Motion as Exhibit B.

2

and specific to lenders under the Pre-Petition Credit Facilities and other Class 9 creditors with respect to impairment."[4]

3.      The Creditors' Committee (and Bank Lenders) timely filed all disclosures and documents required to date under the schedule set forth in the CMO. For example, the Creditors' Committee filed its witness list for the confirmation hearing and disclosed that it did not expect to call any witnesses to address the impairment issues. Indeed, the expectation at the time of the submissions was that these issues would require oral argument by counsel but not evidentiary submissions.

4.      The Court issued its PPI Decision on May 19, 2009. The PPI Decision held, *inter alia*, that the "Bank Lenders are not entitled to postpetition interest at the default rate and we will sustain Debtors' objection on the limited §502(b) and §726 grounds asserted in the objection. We defer decision regarding §1129." PPI Decision, Ex. B at 1. Significantly, this Court also held that, for reasons set forth in the PPI Decision, that there was no "evidence presented to substantiate a [postpetition] default on Bank Lenders' claims" and, accordingly, that the "Bank Lenders have not shown entitlement to default interest."[5]  *Id.* at 3, 5.

5.      The Creditors' Committee and Bank Lenders filed respective notices of appeal from the PPI Decision on May 29, 2009.

---

[4]   Other grounds for objection to confirmation raised by the Creditors' Committee, including issues arising under section 1129 of the Bankruptcy Code, are to be heard pursuant to the CMO in Phase II, scheduled to begin on September 8, 2009. *See* CMO, Ex. A at 2 ("The second phase shall address … any other confirmation objections not addressed and resolved in Phase I").

[5]   This Court further held that "Debtors' solvency or lack thereof has not been established in this case." PPI Decision, Ex. B at 6. Accordingly, as a result of the Court's PPI Decision, a re-commencement of the asbestos personal injury estimation hearing may be required for the Creditors' Committee and Bank Lenders to proceed with the prosecution of their confirmation objections grounded in violations of §1129. Significantly, the CMO, first negotiated by the respective parties and then ordered by this Court, recognizes the possibility that litigation over solvency might be necessary for the confirmation hearings: "All parties reserve all rights and objections. This includes the right to seek supplements to this CMO in order to address additional concerns. Such supplements may be appropriate to address, without limitation: discovery regarding solvency …." CMO, Ex. A at ¶ 13. However, because the impairment issues, now on appeal, must be determined before the §1129 issues become ripe, the solvency issue may be addressed at a later time. The Creditors' Committee reserves all rights in this regard.

3

## ARGUMENT

### THIS COURT'S PPI DECISION IS ON APPEAL AND, THEREFORE, THIS COURT SHOULD NOT NOW ADJUDICATE THE IMPAIRMENT OBJECTIONS ASSERTED BY THE CREDITORS' COMMITTEE AND BANK LENDERS

6.      In its objection to confirmation filed on May 20, 2009, the Creditors' Committee contended that Class 9 is impaired because, among other reasons, the Bank Lenders are not being provided with the default interest that they are entitled to receive under their pre-petition loan agreements with the Debtors. *See* Objection of the Official Committee of Unsecured Creditors to Confirmation of the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of the Debtors, The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative and The Official Committee of Equity Security Holders dated February 27, 2009 [Docket No. 21790, dated May 20, 2009]. This Court determined in the PPI Decision that there were no post-petition defaults under the loan agreements and, therefore, that the Bank Lenders did not prove their entitlement to default interest. PPI Decision, Ex. B at 5. As a result of that determination, the Court impliedly rejected the Creditors' Committee's argument that Class 9 is impaired; by finding that the Bank Lenders are not entitled to default interest, the Court also resolved the issue of whether the Plan, pursuant to § 1124(1) of the Bankruptcy Code, "leaves unaltered the legal, equitable and contractual rights to which such claim ... entitles the holder of such claim ...." [6]

7.      Accordingly, the Creditors' Committee filed an appeal from the PPI Decision that, we submit, divests this Court of jurisdiction to resolve the impairment issue, and that issue should be deferred until Phase II and be heard with the §1129 issues (assuming the appellate

---

[6]      The Court, in its order issued in connection with the PPI Decision, ordered that "Plan confirmation issues are preserved." The PPI Decision expressly states that the Court deferred "decision regarding § 1129." PPI Decision, Ex. B at 1; *see also id.* at 3 ("issues concerning whether the plan is fair and equitable or is in the best interests of creditors must be reserved for the plan confirmation hearing"), *id.* at 11 (section 1129 issues "are not ripe at this time."). There is no mention of the impairment issues in the PPI Decision.

courts have by then ruled).[7]  It is well settled that an appeal divests the lower court of jurisdiction over all matters subject to appeal.  *See Venen v. Sweet*, 758 F.2d 117, 120-21 (3d Cir. 1985) (finding that "the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal"); *In re AWC Liquidation Corp.*, 292 B.R. 239, 242 (D. Del. 2003) (recognizing general principle that an "appellate court obtains exclusive jurisdiction over the aspects of the case involved in the appeal") (citation omitted); *In re Trimble*, 2008 WL 782581, *2 (Bankr. D.N.J. March 18, 2008) (finding that "the divestiture rule applies to appeals of bankruptcy proceedings") (citation omitted); *see also In re Transtexas Gas Corp.*, 303 F.3d 571, 578-79 (5th Cir. 2002) (holding that bankruptcy court lacked jurisdiction to entertain motion regarding interest rate because notice of appeal "divested the bankruptcy court of jurisdiction over the case and placed jurisdiction in the appellate court").

8.    In addition, the Creditors' Committee notes that its objections to confirmation included the contention that Class 9 is impaired because the non-Bank Lender general unsecured claims classified in Class 9 are not assured that their legal, equitable and contractual rights are being entirely unaltered by their treatment, including by way of the litigation protocol provided in the Plan.  That aspect of the Creditors' Committee's objection is not directly impacted by the PPI Decision.  However, it would serve the interests of efficiency and judicial economy for the Court to defer this impairment issue with respect to Class 9 until after the appeal of the PPI Decision is resolved, because the Court might otherwise have to address impairment issues more than once.

---

[7]    The Creditors' Committee recognizes that its objections pursuant to §1129 are moot unless and until there has been a determination that Class 9 is impaired.

9.      Much more significantly, the existing schedule established by the CMO would preclude resolving the impairment issue during Phase I, as a result of other pending Plan objections.  Certain creditors (the Bank Lenders, Longacre Master Fund, Ltd and Longacre Capital Partners (QP), L.P.), contend in their respective objections to confirmation of the Plan that the classification of general unsecured claims in Class 9 is improper pursuant to section 1122(a) of the Bankruptcy Code.  Under the CMO, those objections concerning Class 9, other than impairment, will not be heard until the Phase II confirmation hearings. *See* CMO, Ex. A at 2 ("The second phase shall address … any other confirmation objections not addressed and resolved in Phase I").  These classification objections must logically and legally be addressed before the impairment issues because, pursuant to section 1124 of the Bankruptcy Code, each claim classified in Class 9 must be unimpaired in order for the entire class to be found to be unimpaired. The Court, therefore, will first need to determine which claims are properly in Class 9 before determining whether Class 9 is impaired.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

For the reasons set forth above, the Creditors' Committee respectfully requests that the issue of whether Class 9 is impaired should be deferred, in it entirety, to the Phase II confirmation hearings (or, if necessary, such later time after the appeals are determined), and that the Court grant such other relief as it may deem proper in the circumstances.

Dated: Wilmington, Delaware
      June 2, 2009

              Respectfully submitted:

              **STROOCK & STROOCK & LAVAN LLP**

              Lewis Kruger
              Kenneth Pasquale
              (Members of the Firm)
              180 Maiden Lane
              New York, New York  10038-4982
              Tel: (212) 806-5400
              Fax: (212) 806-6006

              and

              **DUANE MORRIS LLP**

              Michael R. Lastowski (DE I.D. 3892)
              Richard W. Riley (DE I.D. 4052)
              William S. Katchen
              1100 North Market Street, Suite 1200
              Wilmington, Delaware 19801-1246
              Tel: (302) 657-4942
              Fax: (302) 657-4901

              Counsel for the Official Committee
               of Unsecured Creditors