IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br>Proposed Hearing Date: June 18, 2009 at 1:00 p.m<br>Objection Deadline: TBD<br>Re: Docket Nos. 21544, 21747, 21905 |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR LEAVE FROM THE COURT'S SCHEDULING ORDER AND SHORTENING THE NOTICE PERIOD WITH RESPECT TO THE CREDITORS' COMMITTEE'S MOTION TO MODIFY THIRD AMENDED CASE MANAGEMENT ORDER RELATED TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION

The Official Committee of Unsecured Creditors of W. R. Grace & Co., et al. (the "Creditors' Committee"), by its undersigned counsel, submit this motion seeking leave from this Court's Second Amended Order Establishing Case Management Procedures and Hearing Schedule dated December 14, 2006 (Docket No. 14028; the "Scheduling Order") pursuant to Del. Bankr. L.R. 9006-1(e), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure and section 102 of the Bankruptcy Code, so as to shorten the notice period with respect to the "Motion of the Official Committee of Unsecured Creditors to Modify Third Amended Case

---

[1] The Debtors consist of the following 62 entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., B&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

DM3\1026239.1

Management Order Related to the First Amended Joint Plan of Reorganization" dated June 1, 2009 (the "Motion") filed contemporaneously herewith, and enable the Motion to be heard at the Phase I pre-trial hearing to be held on June 18, 2009 (the Pre-Trial Hearing"), with the Court to establish an appropriate deadline for responding to the Motion. In support of this Motion Shortening Time, the Creditors' Committee respectfully submits as follows:

As is relevant to the Motion and this Motion Shortening Time, the Third Amended Case Management Order Related to The First Amended Joint Plan of Reorganization, dated May 5, 2009 (Docket No. 21544; the "CMO") provides that the Court will hear "the confirmation objections raised on behalf of and specific to lenders under the Pre-Petition Credit Facilities and other Class 9 creditors with respect to impairment" during Phase I of the confirmation hearing scheduled to commence on June 22, 2009. On May 19, 2009, this Court issued a Memorandum Opinion and accompanying Order Sustaining Debtors' Objection To Unsecured Claims Insofar As Claims Include Postpetition Interest At The Contract Default Rate (Docket No. 21747; the "PPI Decision"). Notices of appeal were filed to the PPI Decision by the Creditors' Committee and certain holders of claims arising under the Pre-Petition Credit Facilities (the "Bank Lenders") respectively on May 29, 2009.

As reflected in the Motion, the Motion seeks to postpone the hearing on the impairment issues with respect to Bank Lender and other Class 9 Claims currently scheduled under the CMO to be heard in Phase I until, at the earliest, Phase II of the confirmation hearing, as a result of the now pending appeals from the PPI Decision, and the Court's need to address and resolve the objections made by several creditors to the propriety of the classification of general unsecured claims in Class 9 before the Court can resolve the impairment issue related to all Class 9 claims, among other reasons. Classification issues are to be heard in Phase II under the CMO.

The Scheduling Order expressly provides that any party may apply at any time for reconsideration or modification of its terms. Further, Bankruptcy Rule 9006(c) provides that "when an act is required ... to be done within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Del. Bankr. LR 9006(1)(e) similarly provides for a court to approve the shortening of time for notice required by the Local Rules or the Bankruptcy Rules.

Consideration of the Motion at the Pre-Trial Hearing prior to the commencement of the Phase I hearing is beneficial to the Court, all parties in interest and the Debtors' estates. A ruling by the Court on the Motion in advance of the Phase I hearing will inform all parties and provide certainty with respect to whether any Class 9 impairment issue will be heard by the Court during Phase I or deferred as requested. This will, in turn, obviate the need for the Court and all interested parties to spend time and resources preparing for an argument that the Court may not hear during Phase I. Further, the Creditors' Committee submits that no parties will be prejudiced by hearing the Motion at the Pre-Trial Hearing, as all of the parties in interest to the issues raised thereby will already be present at the Pre-Trial Hearing to address other issues in respect of the Phase I hearing.

Accordingly, the Creditors' Committee respectfully submits that granting leave from the Scheduling Order and shortening notice of the hearing on the Motion to enable it to be heard at the Pre-Trial Hearing and the Court's establishment of an appropriate shortened deadline for responding to the Motion is necessary and appropriate.

**WHEREFORE**, the Creditors' Committee respectfully requests that the Court enter an Order in the form of that annexed hereto (i) granting the Creditors' Committee leave from the Scheduling Order; (ii) shortening the notice period and scheduling the Motion to be heard during the Phase I Pre-Trial Hearing; (iii) establishing an appropriate deadline for responses to the Motion, and (iv) granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware
       June 2, 2009

Respectfully submitted:

**STROOCK & STROOCK & LAVAN LLP**

Lewis Kruger
Kenneth Pasquale
(Members of the Firm)
180 Maiden Lane
New York, New York  10038-4982
Tel: (212) 806-5400
Fax: (212) 806-6006

and

**DUANE MORRIS LLP**

_/s/ Michael R. Lastowski_
Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
William S. Katchen
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801-1246
Tel: (302) 657-4942
Fax: (302) 657-4901

Counsel for the Official Committee
  of Unsecured Creditors