# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |
| | **Ref. Nos. 14028, 21544, 21747, 21911, 21960** |

## BANK LENDER GROUP'S JOINDER AND MOTION FOR LEAVE FROM THIS COURT'S SCHEDULING ORDER SO AS TO SHORTEN NOTICE AND EXPEDITE CONSIDERATION OF BANK LENDER GROUP'S MOTION TO MODIFY THE THIRD AMENDED CASE MANAGEMENT ORDER RELATED TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION

Certain lenders under the Prepetition Bank Credit Facilities[1] (the "Bank Lender Group"),[2] by their undersigned counsel, hereby move (the "Motion") for entry of an order under Delaware Bankruptcy Local Rule 9006-1(e), Rule 9006(c) of F.R.B.P. ("Bankruptcy Rules"), and 11 U.S.C. §102 for leave of this Court's Second Amended Order Establishing Case Management Procedures and Hearing Schedule date December 14, 2006 [Dkt. No. 14028] (the "Scheduling Order"), so that the notice period for the Bank Lender Group's Motion to Modify the Third Amended Case Management Order Related to the First Amended Joint Plan of Reorganization (the "Amendment Motion") filed contemporaneously herewith be shortened to permit

---

[1]    The Prepetition Bank Credit Facilities include (i) that certain Credit Agreement, dated May 14, 1998, among the W.R. Grace & Co. (the "Company"), W.R. Grace & Co.-Conn, The Chase Manhattan Bank, as Administrative Agent, Chase Securities Inc., as arranger, and certain Banks party thereto (the "1998 Credit Agreement"), and (ii) that certain 364-Day Credit Agreement, dated May 5, 1999, among the Company, W.R. Grace & Co.-Conn, Bank of America National Trust Savings Assoc., as documentation agent, The Chase Manhattan Bank, as administrative agent, Chase Securities Inc., as book manager, and certain Banks party thereto (as amended, the "1999 Credit Agreement", together with the 1998 Credit Agreement, the "Credit Agreements").   The Credit Agreements are attached as Exs. A and B to the Affidavit of Charles O. Freedgood of JPMorgan Chase Bank, N.A., filed August 15, 2008 [Dkt No. 19322].

[2]    The Bank Lender Group includes (i) Anchorage Advisors, LLC; (ii) Allen & Co., (iii) Avenue Capital Group; (iv) Babson Capital Management LLC; (v) Bass Companies; (vi) Caspian Capital Advisors, LLC; (vii) Catalyst Investment Management Co., LLC; (viii) Cetus Capital, LLC, (ix) DE Shaw Laminar Portfolios, LLC; (x) Goldman Sachs & Co. (as ex officio member); (xi) Halcyon Asset Management LLC; (xii) Intermarket Corp.; (xiii) JP Morgan Chase, N.A. Credit Trading Group; (xiv) Loeb Partners Corporation; (xv) MSD Capital, L.P.; (xvi) Normandy Hill Capital, L.P.; (xvii) Onex Debt Opportunity Fund Ltd.; (xviii) P. Schoenfeld Asset Management, LLC; (xix) Restoration Capital Management, LLC; and (xx) Royal Bank of Scotland, PLC. The Bank Lender Group, together with all holders of claims under the Credit Agreements, including the previous holders of such claims, are collectively referred to as the "Bank Lenders."

consideration of the Amendment Motion at the pre-trial hearing for Phase I of the hearing to confirm the Plan (as defined below) to be held on June 18, 2009 (the "Phase I Pre-Trial Hearing").  In addition, the Bank Lender Group joins in and supports the Motion of the Official Committee of Unsecured Creditors of W.R. Grace & Co. et al. (the "Creditors Committee") for Leave From the Scheduling Order and Shortening Notice Period with Respect to the Creditors Committee's Motion to Modify Third Amended Case Management Order Related to the First Amended Joint Plan of Reorganization dated June 2, 2009 [Dkt. No. 21960] ("Committee Motion to Shorten Notice").

In support of this Motion, the Bank Lender Group respectively states as follows:

1.    On April 2, 2001, the above-captioned debtors and debtors-in-possession (collectively, "Grace") filed voluntary petitions for relief under chapter 11 of title 11, United States Code, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and thereby commenced these cases.

2.    On September 19, 2008, Grace and certain plan proponents (collectively and together with Grace, the "Plan Proponents") filed the first version of the Disclosure Statement and First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, [Dkt No. 20872] (the "Plan").[3]  Subsequently, the Disclosure Statement [Dkt. No. 20873] and Plan were revised on February 27, 2009.  The Plan classifies the Bank Lenders' claims as "unimpaired" to establish the irrebuttable presumption that the Bank Lenders have accepted the Plan.  (*See* Plan at §3.1.9(c).)

3.    The Third Amended Case Management Order Related to the First Amended Joint Plan of Reorganization, dated May 5, 2009 [Dkt. 21544] (the "CMO") provides in pertinent part that the Court will hear "the confirmation objections raised on behalf of and

---

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

specific to lenders under the Pre-Petition Credit Facilities and other Class 9 creditors with respect to impairment" (the "Impairment Confirmation Issue") during "Phase I" of the confirmation hearing scheduled for June 22-25, 2009, for which there is a June 18 Pre-Trial Hearing.  (CMO at ¶¶ 1-2.)[4]

4.    As discussed in the Amendment Motion, the Impairment Confirmation Issue scheduled to be heard at the Phase I commencing on June 22, 2009 is the lynchpin to the Bank Lenders' ability to oppose confirmation of the Plan because all other confirmation objections, including violation of the absolute priority rule, turn on the issue of whether the Bank Lenders are impaired pursuant to section 1124 of the Bankruptcy Code.  In its Amendment Motion, the Bank Lender Group argues that a decision on the Impairment Issue boils down to what interest rate the Bank Lenders are entitled to under the Credit Agreements.  The Bank Lender Group maintains that the Bank Lenders are impaired because they are entitled to payment at the contract default rate and the Plan pays them less than the contract default rate; Grace maintains that the Bank Lenders are not entitled to payment of the contract default rate, and thus are not impaired by the Plan.

5.    On May 19, 2009, this Court issued a Memorandum Opinion (the "May 19 Opinion"), and accompanying Order Sustaining Debtors' Objection to Unsecured Claims Insofar as Claims Include Postpetition Interest at the Contract Default Rate (the "May 19 Order"), each dated May 19, 2009 [Dkt. No. 21747] (the May 19 Opinion together with the May 19 Order, referred to collectively as the "May 19 Decision").  In the May 19 Decision, the Court held that the default interest rate provisions under the Credit Agreements are not enforceable, which pre-determines any ruling on the Impairment Confirmation Issue, as well as other related confirmation issues.  (May 19 Opinion at pp. 4-5.)

---

[4]    All other confirmation objections not addressed and resolved in Phase I are to be taken up in "Phase II" of the confirmation hearing scheduled for September 8-11, 2009.  A pretrial conference "for Phase II issues and a hearing regarding other confirmation issues, if needed, is to take place July 20-21, 2009."  (CMO at ¶¶ 1-2.)

6.      The Bank Lender Group and the Creditors Committee have each timely appealed the May 19 Decision, including its holding that the default interest rate provision under the Credit Agreements are not enforceable, thereby divesting this Court of subject-matter jurisdiction over the Impairment Confirmation Issues and certain other confirmation issues.[5]  As reflected in the Amendment Motion, the Bank Lender Group seeks to defer the hearing on the Impairment Confirmation Issue and other confirmation issues until the appeals are resolved and the Bankruptcy Court is revested with authority to decide these issues.

7.      The Scheduling Order provides that any party may apply at any time for reconsideration or modification of its terms.  (Scheduling Order at p. 8.)  Further, Bankruptcy Rule 9006(c) provides that "when an act is required … to be done within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Delaware Bankruptcy Local Rule 9006(1)(e) similarly provides for a court to approve the shortening of time for notice required by the Local Rules or the Bankruptcy Rules.  There is ample cause for this Court to consider the Amendment Motion at the Phase I Pre-Trial Hearing.

8.      First, a ruling by the Court on the Amendment Motion in advance of the Phase I Hearing will inform all parties in interest and provide certainty as to whether the Court will attempt to exercise subject-matter jurisdiction over the Impairment Confirmation Issue during Phase I or whether the Court will defer judgment on these issues.  Such a ruling would obviate the need for the Court and all interested parties to spend additional time and resources preparing for an argument that the Bank Lender Group submits the Court has no authority to rule on during Phase I.

---

[5]    Bank Lender Group Notice of Appeal, dated May 29, 2009 [Dkt. No. 21911]; Creditors Committee Notice of Appeal, dated May 29, 2009 [Dkt. No.21905].

9.     <u>Second</u>, failing to shorten the notice period would unfairly prejudice the Bank Lender Group.  This Court did not render its decision resolving Grace's objection to the Bank Lenders' proofs of claim until May 19, 2009, only thirty days prior to the commencement of the Phase I Pre-Trial Hearing.  Even if the Bank Lender Group and Creditors Committee had filed their notices of appeal and the Amendment Motion on the day that decision was rendered, compliance with the Scheduling Order's existing timing requirements would have been impossible.[6]

10.     <u>Finally</u>, no parties in interest will be prejudiced by hearing the Motion at the Pre-Trial Hearing, as all of them will already be present to address other issues in respect of the Phase I Hearing.

11.     Accordingly, the Bank Lender Group respectfully submits that entry of an order granting leave from the Scheduling Order and shortening notice to permit this Court to rule on the Amendment Motion prior to the Phase I Hearing is necessary and appropriate.

---

[6]     Page 5 of the Scheduling Order provides: "Unless the Federal Rules of Bankruptcy Procedure state otherwise, all motions or applications shall be filed and served in accordance with Del. Bankr. L.R. 2002 at least thirty-two (32) days (thirty-five (35) days if service is by mail) prior to hearing."

WHEREFORE, the Bank Lender Group respectfully requests that the Court enter an Order in the form of that annexed hereto (i) granting the Bank Lender Group leave from the Scheduling Order, (ii) shortening the notice period and scheduling the Amendment Motion to be heard during the Phase I Pre-Trial Hearing, (iii) establishing an appropriate deadline for responses to the Amendment Motion, and (iv) granting such other and further relief as is just and proper.

Dated:  Wilmington, Delaware
       June 3, 2009

**LANDIS RATH & COBB LLP**

Richard Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
J. Landon Ellis (No. 4852)
919 Market Street, Suite 1800
Post Office Box 2087
Wilmington, Delaware  19899
Telephone:  (302) 467-4400
Telecopier:  (302) 467-4450

-and-

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

Stephen J. Shimshak
Andrew N. Rosenberg
Margaret A. Phillips
Rebecca R. Zubaty
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Telecopier:  (212) 757-3990

*Attorneys for The Bank Lender Group*