IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.* | ) | Case No. 01-01139 (JKF) |
| | ) | |
| **Debtors.** | ) | Jointly Administered |
| | ) | |

Hearing Date: July 27, 2009, 10:30 am ET
Response Deadline: July 10, 2009

**DEBTORS' MOTION FOR A PROTECTIVE ORDER AND OBJECTIONS TO ANDERSON MEMORIAL'S NOTICE OF DEPOSITION OF MARK SHELNITZ**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, made applicable in these proceedings by Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure, Debtors W. R. Grace & Co., *et al* (hereinafter "Grace") hereby object to Anderson Memorial Hospital's ("Anderson") notice of deposition of Mark Shelnitz (the "Notice," which is attached as Exhibit 1) and request that the Court enter a protective order enjoining Anderson's deposition of Mr. Shelnitz, Grace's General Counsel (a proposed order is attached as Exhibit 2).

**Facts and Background**

Anderson has a long and colorful history relating to these bankruptcy cases, which is briefly described below:

In 1992, Anderson filed a complaint in South Carolina state court against Grace and several other manufacturers of asbestos-containing building materials. Shortly thereafter, Anderson amended its complaint to include a putative nationwide class on behalf of building owners with any of the defendants' asbestos containing materials. For the following several years, Grace and the other defendants contested Anderson's attempt to obtain certification of Anderson's putative class. As of April 2, 2001, when Grace initiated these Chapter 11 cases, the South Carolina court had not certified a final class as to Grace on account of *any* building

owners, and the court had expressly determined that South Carolina law precluded Anderson's class claims on behalf of buildings located outside of South Carolina.

Despite this Court's clear mandate that any party that wished to file a class proof of claim in Grace's Chapter 11 cases was required to *first* file an appropriate motion, Anderson *sua sponte* filed approximately 3000 asbestos PD claims on behalf of itself and buildings that it apparently believed may have contained Grace asbestos-containing fireproofing or surface materials. Buried amongst those approximately 3000 claims were two purported class claims (Claim Nos. 9911 and 9914), through which Anderson purported to assert class claims on behalf of all South Carolina and "worldwide" building owners with Grace MK-3 and Monokote surface materials. The Debtors objected to these and other claims signed and filed by Speights & Runyan, Anderson's counsel, and requested that they be expunged and disallowed.

In response to these objections, on October 21, 2005, Anderson for the first time sought certification of a class of building owners in Grace's bankruptcy cases. (Dkt. No. 10014.) This matter was litigated for years, during which time the Court received multiple rounds of briefing, allowed Anderson discovery, and ultimately held a hearing on the matter. (Dkt. No. 16422.) On May 29, 2008, the Court denied Anderson's motion for class certification, finding that the numerosity requirements of Rule 23 were not satisfied. (Dkt. No. 18821.) The district court denied Andersons' request to obtain interlocutory appeal of the Court's decision. *In re W.R. Grace & Co.*, No. 08-118, 2008 WL 4234339 (D. Del. Sept. 4, 2008) (denying motion for appeal); *In re W.R. Grace & Co.*, 398 B.R. 368 (D. Del. 2008) (denying motion for reconsideration). The Court subsequently issued an order, which valued Anderson's class claims at zero and acknowledged that Anderson's individual claim remains "active." (Dkt. No. 21257.)

Thereafter, despite the facts that (a) its hospital almost certainly does not have ZAI, which was used primarily as loose-fill insulation in residential attics, and (b) it had failed to previously characterize its claim as involving ZAI, Anderson filed a purported ZAI class claim. On April 27, 2009, the Court likewise disallowed and expunged that claim. (Dkt. No. 21406.)

Therefore, after more than 6 years of litigation in these bankruptcy cases, Anderson is left with a single traditional asbestos PD claim on behalf of its own building. Under the Plan, this claim is not impaired, and Anderson therefore was not entitled to vote to approve or reject the Plan under section 1126(c) of the Code.[1]

## Argument

Despite Anderson's narrow and limited remaining interests in the Debtors' Plan confirmation proceedings, it has sought expansive discovery, including discovery that has no possible relevance to its claim. Specifically, Anderson has served requests for written discovery (Dkt. No. 21003), and has noticed the depositions of 10 witnesses (*see* Dkt. Nos. 21281, 21282, 21868, 21325, 21681, 21913, 21878, 21831, 20970, 21216, and 21918), including a Rule 30(b)(6) witness and also the depositions of individuals such as Jay Hughes, Grace's Senior Litigation Counsel, and Dr. Tom Florence, each of whom has had no meaningful involvement with asbestos PD claims. (Dkt Nos. 21216, 21878, 21913.)

Despite the harassing nature of Anderson's discovery, Grace thus far has tried to work with Anderson to accommodate its requests and eliminate the need for motion practice. In this regard, Grace responded to Anderson's written discovery requests, and Grace has presented several witnesses for deposition, including <u>twice</u> presenting Assistant General Counsel, Richard Finke -- both as a Rule 30(b)(6) witness for plan-related topics, and also in his individual

---

[1] The votes of PD claimants were solicited for 524(g)(2)(B)(ii)(bb) purposes only.

capacity as the Grace attorney primarily responsible for handling Grace's reorganization efforts, asbestos PD claims, and ZAI claims.

However, as Grace has informed Mr. Speights on multiple occasions, there is absolutely no relevant purpose for Anderson to depose Mr. Shelnitz, Grace's General Counsel. And, regardless of any potentially relevant purpose, any such discovery would be duplicative and less probative than the testimony Anderson has already obtained through Mr. Finke. Therefore, the Debtors request that the Court enter a Protective Order prohibiting Anderson's deposition of Mr. Shelnitz for all of the following reasons:

*First,* the deposition of Mr. Shelnitz is unnecessary and duplicative of discovery that Anderson Memorial has taken of the Debtors' in-house legal staff. As the Debtors have represented to Anderson's attorneys, Mr. Shelnitz has not been as actively involved in the day-to-day activities surrounding the preparation of the Debtors' Chapter 11 Plan and Plan-related documents as Mr. Finke. Accordingly, Mr. Shelnitz does not possess knowledge relating to the pending confirmation proceedings that is different from, or more detailed than, the information possessed by Mr. Finke, whom Anderson has already deposed on two separate occasions. Therefore, any Plan-related testimony that Mr. Shelnitz would be able to offer would be duplicative and less relevant than the discovery Anderson has already obtained from Grace, and the deposition of Mr. Shelnitz is improper and should be enjoined. *See, e.g., Consolidated Rail Corp. v. Primary Industries Corp.*, No. 92 Civ. 4927, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) ("[P]ermitting unfettered discovery of corporate executives would threaten disruption of their business and could serve as a potent tool for harassment in litigation. Accordingly, where other witnesses have the same knowledge, it may be appropriate to preclude a redundant deposition of a highly-placed executive."); *Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979)

(granting protective order for executive where plaintiff had sought to depose the president of the company before deposing lower level executives); *Baine v. Gen. Motors Corp.*, 141 F.R.D. 332 (M.D. Ala. 1991) (granting protective order for Vice President of General Motors where plaintiff had failed first to depose lower level employees); *Digital Equipment Corp. v. System Industries, Inc.*, 108 F.R.D. 742, 744 (D. Mass. 1986) (granting a protective order where defendant was using a deposition as a means to harass a high level executive.); *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985) (same).

*Second*, Anderson Memorial's counsel, Dan Speights, has indicated to Debtors' counsel that Anderson Memorial issued the Notice to obtain discovery concerning Anderson Memorial's position that the Plan has not been presented in good faith.[2] However, like other Plan-related issues, Anderson has already had the opportunity to depose Mr. Finke, and will have the opportunity to depose Grace's other designated corporate representatives on the topics for which they have been designated. (*See* 4/25/09 Letter from B. Harding, which is attached as Exhibit 3.) Specifically, on May 13, 2009, Mr. Finke appeared as a corporate representative for *118 separate topics*, including "[t]he Plan's compliance with Section 524(g) of the Bankruptcy Code, *as well as other applicable provisions of the Bankruptcy Code.*" (*See id.* at Attachment A) (emphasis added.) Importantly, Anderson Memorial appeared at this deposition, and its counsel, Dan Speights, asked questions on the issues for which Mr. Finke had been designated. (*See* Tr. of 5/13/09 Finke Dep., attached as Exhibit 4, at pgs. 3, 346.) Therefore, to the extent that Anderson Memorial seeks discovery related to the issue of whether the Plan satisfies the Bankruptcy Codes' "good faith" requirement, it has already had the opportunity to depose the Debtors' corporate representative on this issue.

---

[2] The Bankruptcy Code requires that a plan submitted under Chapter 11 must be "proposed in good faith and not by any means forbidden by law." 11 U.S.C. §1129(a)(3).

*Third,* while Mr. Shelnitz was originally identified by the Debtors in their initial witness disclosures as a potential Rule 30(b)(6) witness, Grace has notified Anderson that it no longer anticipates calling Mr. Shelnitz as a witness during the Plan confirmation hearings. (*See, e.g.,* Exhibit 3) ("Grace hereby retracts Mark Shelnitz and Jeff Posner as designated witnesses for these Rule 30(b)(6) depositions.") To the extent that this changes, the Debtors would offer Mr. Shelnitz for deposition upon reasonable notice.

### Meet and Confer

Pursuant to Rule 26(c)(1), Grace has conferred with Anderson's counsel in an attempt to resolve this dispute without the Court's intervention. However, Anderson refused to withdraw its notice and invited the Debtors to move for a protective order, necessitating this Motion.

### Conclusion

The Notice represents Anderson's latest attempt to obtain discovery that is entirely irrelevant to its interests in the Plan confirmation proceedings. And, while Grace has attempted to work with Anderson to amicably resolve this and its various other discovery requests, Anderson's counsel has failed to articulate any legitimate reason why it is entitled to depose Mr. Shelnitz, Grace's General Counsel. To the contrary, Mr. Shelnitz does not possess any information on discoverable topics that is new or more detailed than that of Mr. Finke, whom

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DOCS_DE:149057.1

Anderson Memorial has already deposed on two occasions. Therefore, because this discovery is irrelevant, overly burdensome, duplicative, and harassing, Grace requests that the Court enter a protective order enjoining the Deposition of Mark Shelnitz.

Dated: June 4, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Samuel L. Blatnick
300 N. LaSalle St.
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Theodore L. Freedman
Citigroup Center
153 East 53rd Street
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

PACHULSKI STANG ZIEHL & JONES LLP

/Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar no. 3648)
Timothy P. Cairns (Bar No. 4228)
Mark M. Billion (Bar No. 5236)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

DOCS_DE:149057.1