**EXHIBIT B**

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding

### Courtroom 1475 Calendar

| Thursday, April 2, 2009 | Hearing Room    1475 |
|---|---|

<u>10:00 am</u>

| 2:08-28120 | **PS Racquet Club Properties LLC** | **Chapter    11** |
|---|---|---|
| #1.00 | Motion to Dismiss Case under 11 U.S.C Section 1112(a) | |

Docket #:    28

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

Grant motion.  Waive appearances.  Debtor is authorized to submit order consistent with tentative ruling.

Party Information

<u>Debtor(s):</u>

PS Racquet Club Properties LLC                     Represented By

Carolyn A Dye

<u>Movant(s):</u>

PS Racquet Club Properties LLC                     Represented By

Carolyn A Dye

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

Thursday, April 2, 2009                                                    Hearing Room    1475

10:00 am

2:08-28120      **PS Racquet Club Properties LLC**                                  Chapter    11
#2.00           Scheduling and Case Management Conference in a Chapter 11 Case

                fr. 12-11-08; 03/26/09;

                                    Docket #:    2

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

Take off calendar due to dismissal of underlying bankruptcy case.  No appearance
required.

Party Information

Debtor(s):

        PS Racquet Club Properties LLC                    Represented By

                                    Carolyn A Dye

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

Thursday, April 2, 2009                                    Hearing Room    1475

10:00 am

2:07-19271    **Thorpe Insulation Company**                    Chapter   11

Telephonic Hearing

#3.00        Motion to Approve Compromise Under Bankruptcy Rule 9019 and
             Bankruptcy Code Section 363 Seeking Approval for:

             (1) Insurance Settlement with Associated International Insurance
             Company

             (2) Sale of Insurance Policies to Associated International Free and Clear
             of Claims and Interest

                         Docket #:  1970

**Courtroom Deputy:**

3/26/09 - Leonard Goldberger, (215)751-2864,  has been approved for telephonic
appearance on 4/2/09 @ 10am

3/26/09 - Dennis Drebsky, (415)984-83383, has been approved for telephonic
appearance on 4/2/09 @ 10am

3/26/09 - Brad Berish, (312)435-1050, has been approved for telephonic appearance on
4/2/09 @ 10am

**Tentative Ruling:**

Overrule evidentiary objections.  The Court need not obtain admissible evidence as to the
accuracy of the underlying facts upon which the declarant's business judgment is based.
Mr. Renfrew is testifying as to what his business judgment is with regard to the merits of
the settlement and how he reached the business judgment that the settlement is in the
best interests of his constituency.  He has personal knowledge of what his views are with
regard to the settlement and why he holds these particular views.  He is not purporting to
testify as to the truth of the underlying factual assertions and therefore need not be
characterized as an expert witness to make his testimony admissible.

Overrule limited objection to merits of compromise as well.  Objecting insurers' rights of

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

Thursday, April 2, 2009                                    Hearing Room   1475

10:00 am

Cont....        **Thorpe Insulation Company**                      Chapter   11

contribution and indemnification are not adversely affected in any way by any of the provisions of this settlement.  If such rights are to be cut-off, it will be by virtue of provisions included in the debtors' plan of reorganization and not by virtue of the approval of this compromise.

Any rights of contribution or indemnification that may be asserted by the objecting insurance carriers are not liens against or interests in property that give these insurers any standing to object to the proposed buy-back "free and clear" of liens and interests. As the Court has pointed out in connection with prior settlement motions, the asbestos claimants (and other insureds) are the only parties who may have standing to object to the proposed buy-backs, and these parties support the proposed compromise.  The objecting insurers do not hold any interest that is entitled to adequate protection in this context.

The additional language proposed by the objecting insurers is unnecessary.  Any order approving this compromise should contain protective language comparable to that included in prior orders approving compromises.

Party Information

Debtor(s):

Thorpe Insulation Company                          Represented By
                                                   Jeremy V Richards
                                                   Scotta E McFarland
                                                   Richard W Esterkin
                                                   Malhar S Pagay
                                                   James L Miller
                                                   Harry D. Hochman
                                                   David  Guess
                                                   James K T Hunter
                                                   Matthew  Heyn

Movant(s):

# United States Bankruptcy Court
# Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

| Thursday, April 2, 2009 | Hearing Room | 1475 |
|---|---|---|

10:00 am

| Cont.... | **Thorpe Insulation Company** | Chapter 11 |
|---|---|---|

Movant(s):

Pacific Insulation Company      Represented By

John A Lapinski

Leslie R Horowitz

Thorpe Insulation Company      Represented By

Jeremy V Richards

Scotta E McFarland

Richard W Esterkin

Malhar S Pagay

James L Miller

Harry D. Hochman

David Guess

James K T Hunter

Matthew Heyn

**United States Bankruptcy Court**
**Central District of California**

Los Angeles

Judge Sheri Bluebond, Presiding

Courtroom 1475 Calendar

Thursday, April 2, 2009                                                                  Hearing Room    1475

10:00 am

2:07-19271      **Thorpe Insulation Company**                                          Chapter   11

Telephonic Hearing

#4.00      Motion to Approve Compromise Under Bankruptcy Rule 9019 and
            Bankruptcy Code Section 363 Seeking Approval for:

            (1) Insurance Settlement with National Union Fire Insurance Company of
            Pittsburgh, PA and Granite State Insurance Company

            (2) Sale of Insurance Policies Free and Clear of Claims and Interests
                                    Docket #:  1974


**Courtroom Deputy:**

   3/9/09 - Michael Davis, (212)826-5311, has been approved for telephonic appearance on
   4/2/09 @ 10am

   3/26/09 - Leonard Goldberger, (215)751-2864,  has been approved for telephonic
   appearance on 4/2/09 @ 10am

   3/26/09 - Dennis Drebsky, (415)984-83383, has been approved for telephonic
   appearance on 4/2/09 @ 10am

   3/26/09 - Brad Berish, (312)435-1050, has been approved for telephonic appearance on
   4/2/09 @ 10am


**Tentative Ruling:**

   Overrule evidentiary objections. The Court need not obtain admissible evidence as to the
   accuracy of the underlying facts upon which the declarant's business judgment is based.
   Mr. Renfrew is testifying as to what his business judgment is with regard to the merits of
   the settlement and how he reached the business judgment that the settlement is in the
   best interests of his constituency.  He has personal knowledge of what his views are with
   regard to the settlement and why he holds these particular views.  He is not purporting to
   testify as to the truth of the underlying factual assertions and therefore need not be

**United States Bankruptcy Court**
**Central District of California**

**Los Angeles**
**Judge Sheri Bluebond, Presiding**

**Courtroom 1475 Calendar**

Thursday, April 2, 2009                                                     Hearing Room    1475

10:00 am

Cont....        **Thorpe Insulation Company**                                       Chapter   11

characterized as an expert witness to make his testimony admissible.

Overrule limited objection to merits of compromise as well.  Objecting insurers' rights of contribution and indemnification are not adversely affected in any way by any of the provisions of this settlement.  If such rights are to be cut-off, it will be by virtue of provisions included in the debtors' plan of reorganization and not by virtue of the approval of this compromise.

Any rights of contribution or indemnification that may be asserted by the objecting insurance carriers are not liens against or interests in property that give these insurers any standing to object to the proposed buy-back "free and clear" of liens and interests. As the Court has pointed out in connection with prior settlement motions, the asbestos claimants (and other insureds) are the only parties who may have standing to object to the proposed buy-backs, and these parties support the proposed compromise.  The objecting insurers do not hold any interest that is entitled to adequate protection in this context.

The additional language proposed by the objecting insurers is unnecessary.  Any order approving this compromise should contain protective language comparable to that included in prior orders approving compromises.

                                  Party Information

Debtor(s):

            Thorpe Insulation Company                            Represented By
                                                        Jeremy V Richards
                                                        Scotta E McFarland
                                                        Richard W Esterkin
                                                        Malhar S Pagay
                                                        James L Miller
                                                        Harry D. Hochman
                                                        David  Guess
                                                        James K T Hunter
                                                        Matthew  Heyn

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding

### Courtroom 1475 Calendar

**Thursday, April 2, 2009**                                                        **Hearing Room    1475**

<u>10:00 am</u>

**Cont....**          **Thorpe Insulation Company**                                          **Chapter    11**

<u>Movant(s):</u>

Pacific Insulation Company                              Represented By

                                                       John A Lapinski

                                                       Leslie R Horowitz

Thorpe Insulation Company                              Represented By

                                                       Jeremy V Richards

                                                       Scotta E McFarland

                                                       Richard W Esterkin

                                                       Malhar S Pagay

                                                       James L Miller

                                                       Harry D. Hochman

                                                       David  Guess

                                                       James K T Hunter

                                                       Matthew  Heyn

**United States Bankruptcy Court**
**Central District of California**

**Los Angeles**
**Judge Sheri Bluebond, Presiding**

Courtroom 1475 Calendar

| | |
|---|---|
| Thursday, April 2, 2009 | Hearing Room   1475 |

<u>10:00 am</u>

2:07-19271    **Thorpe Insulation Company**                                      Chapter   11

Telephonic Hearing

#5.00     Confirmation of First Amended Joint Chapter 11 Plan of Reorganization
of Thorpe Insulation Company and Pacific Insulation Company

fr. 01/08/09; 01/09/09; 02/11/09;

<u>**COURT RAN OUT OF SPACE IN TENTATIVE RULING FIELD FOR
NOTES RE PRIOR CONFIRMATION HEARINGS.  SEE TENTATIVE
RULING FIELD FOR CASE MANAGEMENT CONFERENCE FOR
BALANCE OF RULINGS ON PLAN CONFIRMATION.**</u>
Docket #:  1222

**Courtroom Deputy:**

03/04/09 - Holly S. Burgess, (619) 564-3603, has been approved for telephonic
appearance on 04/02/09 @ 10:00 A.M.

3/9/09 - Michael Davis, (212)826-5311, has been approved for telephonic appearance on
4/2/09 @ 10am

3/26/09 - Leonard Goldberger, (215)751-2864,  has been approved for telephonic
appearance on 4/2/09 @ 10am

3/26/09 - Dennis Drebsky, (415)984-83383, has been approved for telephonic
appearance on 4/2/09 @ 10am

3/26/09 - Brad Berish, (312)435-1050, has been approved for telephonic appearance on
4/2/09 @ 10am

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding

### Courtroom 1475 Calendar

Thursday, April 2, 2009                                                      Hearing Room    1475

10:00 am

Cont....          **Thorpe Insulation Company**                                    Chapter   11

**Tentative Ruling:**

Final Rulings for January 8 and 9, 2009:

**Owens' Illinois objection resolved pursuant to stipulation.  Grant Allstate's request for judicial notice, admitting exhibits A-F.**

Grant (Seyfarth Shaw's) Certain Insurers' request for judicial notice of exhibits nos. 1 through 68, 71 through 95, 100, 102 and 104.  Deny request for judicial notice of balance of exhibits attached to request for judicial notice (exhibits **69 and 70,** 96 through 99, 101, 103 and 105 through 111).

Grant Plan Proponents' request for judicial notice in support of confirmation [docket no. 1568, filed October 28, 2008], admitting into evidence orders confirming JT Thorpe and Western Asbestos plans.

Grant (O'Melveny's) Certain Insurers' request for judicial notice of documents nos. 1 through 17, 19 through 26, 39, 55, 56, 81, 84 through 90 **and 91**.  Deny request for judicial notice of balance of documents and documents that have been requested but not produced.

Grant Plan Proponents' request to strike "List of Exhibits Certain Insurers May Offer Into Evidence at Confirmation Hearing" filed December 12, 2008.  What is this document? Court's August 12, 2008 procedures order required parties to file and serve all declarations and other evidence that objecting parties may seek to introduce at the confirmation hearing, but this document does not contain evidence.  It consists of a list of documents, and, notably, it is a different list (with the same numbers) as the Certain Insurers' request for judicial notice.  How do the insurers intend to offer the documents in this list into evidence?  To the extent that it contains documents that are attached as exhibits to other declarations that they have filed, attaching these exhibits to the declarations was sufficient.  To the extent that they were included as part of the insurers' request for judicial notice, they will be admitted (or excluded) by virtue of the certain insurers' request for judicial notice.  And so on.

Rulings on Plan Proponents' Motion to Strike Various Declarations:
1. Grant motion to strike Brickman Declaration in its entirety.  This declaration relates

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

**Thursday, April 2, 2009**                                      **Hearing Room    1475**

10:00 am

**Cont....**          **Thorpe Insulation Company**                    **Chapter   11**

solely to matters that have already been addressed and ruled upon by this Court and are
no longer at issue, namely, the propriety of the employment of special insurance counsel
on a contingency fee basis. The Court's prior rulings are law of the case and will not be
revisited in the context of the confirmation hearing.

2. Deny motion to strike Bucheit Declaration. This declaration is offered in compliance
with the Court's procedural order concerning the submission of direct testimony by
declaration. It is not intended to replace or serve as the actual testimony of the witnesses
in question. Its sole function is to identify for the benefit of the Court and opposing parties
the witnesses that the Certain Insurers seek to call at trial and the testimony that they
hope such witnesses will be able to provide. It does not function as an offer of proof and
will not be received as testimony on any of the issues outlined in the declaration.

3. Grant motion to strike Cooper Declaration in its entirety. This declaration relates solely
to matters that have already been addressed and ruled upon by this Court and are no
longer at issue, namely, the propriety of the employment of special insurance counsel on
a contingency fee basis. The Court's prior rulings are law of the case and will not be
revisited in the context of the confirmation hearing.

4. Grant motion to strike Hazard Declaration to the extent that it is offered as evidence
rather than legal argument. There is no actual testimony here. There is no generally
recognized area of expertise on the question of whether a plan has been proposed in
good faith. The witness has no specialized knowledge, skill, expertise, training or
education that qualifies him as an expert for the purpose of assessing whether or not the
plan was proposed in good faith. The Court is well qualified to examine the relevant facts
and circumstances and reach a conclusion as to whether or not the plan was proposed in
good faith without the assistance of an "expert" witness, should it conclude that it is
appropriate for the Certain Insurers to raise this issue. In that event, the Certain Insurers
are free to advance the arguments made by Mr. Hazard, but the contents of his
declaration is just that -- argument -- and not evidence.

5. Grant motion to strike statement from Mr. Murphy. It is not signed under penalty of
perjury and is not a declaration or testimony. Further, it addresses issues that the Court
has found the insurers lack standing to assert.

**United States Bankruptcy Court**
**Central District of California**

**Los Angeles**

**Judge Sheri Bluebond, Presiding**

**Courtroom 1475 Calendar**

Thursday, April 2, 2009                                                         Hearing Room    1475

10:00 am

Cont....          **Thorpe Insulation Company**                                          Chapter    11

6.  Grant motion to strike declaration of Mr. Shein.  Insurers are not beneficiaries of the trust and lack standing to complain of the prospect that the current structure will permit the trustees of the trust to violate fiduciary duties owed to beneficiaries.  Authorized representatives of the asbestos claimants, who are the beneficiaries of the trust, have participated in the drafting of the plan and the trust instruments and are the parties with standing to raise such issues.  They have elected not to raise these issues.  Court is not inclined to permit the insurers, whose interests are directly adverse to those of the asbestos claimants, to advance these arguments on their behalf.

7.  Grant motion to quash trial subpoenas served on Messrs. Maleret, Snyder, Miller, Brayton, McClain, Horton and Zevnik and Linda, Eric, David, Debra, Vicky and Stacie Fults.  Based on the information contained in Mr. Bucheit's declaration, the insurers seek to call these witnesses in order to introduce evidence on matters that are no longer at issue in this case and/or on issues that the insurers lack standing to raise.

Plan Proponents' Motion to Strike/Objections to Harrington Declaration:
Overrule general objections/motion to strike.  With regard to the specific objections:

paragraphs 1-7 -- overrule
paragraphs 8-21 -- sustain
paragraphs 22-38 -- sustain
paragraph 39 -- overrule
paragraph 40, lines 12-16 -- sustain
paragraph 40, lines 16-23 -- sustain
paragraph 40, lines 23-27 -- sustain **(page 17, lines 1-2)**
paragraph 41, lines 8-13 -- sustain
paragraph 42 -- sustain
paragraph 43 -- sustain
paragraph 44, lines 1-5 -- sustain
paragraph 45, lines 12-13 -- sustain
paragraph 46 -- lines 22-27, 1-4 -- sustain
paragraph 47, lines 12-19 -- sustain
paragraph 48 -- sustain

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding

### Courtroom 1475 Calendar

Thursday, April 2, 2009                                      Hearing Room    1475

10:00 am

Cont....        **Thorpe Insulation Company**                          Chapter   11

paragraph 49, lines 6-7 -- sustain
paragraph 50, lines 15-17 -- sustain
paragraph 51, lines 20-26, 1-2 -- sustain
paragraphs 52-54 -- overrule
paragraph 55, lines 7-10 -- sustain

Evidentiary Objections to Plan Proponents' Declarations

Renfrew's October 28, 2008 Declaration [Docket No. 1567]
1. Overrule.
2. Overrule.
3. Overrule.
4. Overrule. (Declarant is not testifying as to the truth of items a through e. Testimony is outlining what he considered in making the various business judgments described in declaration.)
5. Overrule.
6. Overrule.
7. Overrule.
8. Overrule.
9. Overrule.
10. Overrule.
11. Sustain to the extent that declarant is attempting to testify as to truth of matters asserted concerning Bayhore or items (a) through (g). Overrule to the extent that testimony is offered to explain the factors he considered in forming the business judgments that appear at the beginning and end of the paragraph.
12. Overrule.
13. Overrule.

Renfrew's December 24, 2008 Supplemental Declaration:
Overrule.

Fults' October 28, 2008 Declaration:
1. Sustain as to the second sentence quoted: "At one time, Thorpe was the largest independent mechanical insulation subcontractor in the western United States." Overrule

# United States Bankruptcy Court
# Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding

### Courtroom 1475 Calendar

**Thursday, April 2, 2009**                                                                **Hearing Room    1475**

10:00 am

**Cont....        Thorpe Insulation Company**                                          **Chapter   11**

balance of objection.

2.  Sustain as to last sentence quoted:  "On information and belief, 310 such cases were filed against Thorpe in 2007."  Overrule balance of objection.

3.  Overrule.

4.  Overrule.

5.  Overrule.  (Why would anyone even bother to object to this testimony?  This fact is not in dispute.  But for the omission of two commas, the quoted language appears, verbatim, on page 11, at lines 9 through 10 of "Certain Insurers' Preliminary Ojbection to Confirmation of Plan," filed October 14, 2008 as a factual assertion by the Certain Insurers.)

6.  Overrule.

7.  Sustain as to paragraphs 19 through 21.  Overrule as to paragraph 22.

8.  Sustain.

9.  Overrule.

10.  Sustain.

11.  Overrule.

12.  Overrule.

13.  Overrule.

14.  Overrule.

Dassa's October 28, 2008 Declaration [Docket No. 1569]
Overrule.  (Ballots were made available for review.)

--------------------

Ruling on Merits:

1.  Standing:
The Court does not intend to revisit its earlier rulings concerning the extent to which insurers have standing to be heard in connection with confirmation of the plan.  These rulings are law of the case.  Although insurers have sought a stay pending appeal of this Court's earlier ruling, among other remedies, the District Court has rejected this request.

Court has previously ruled as follows:  Issues of standing need to be resolved on a case-by-case and issue-by-issue basis.  On the facts of this case, the only issues on which the Certain Insurers (or any other insurance company that has appeared in this

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding

### Courtroom 1475 Calendar

**Thursday, April 2, 2009**                                      **Hearing Room    1475**

10:00 am

**Cont....**         **Thorpe Insulation Company**                              **Chapter    11**

case) have standing to be heard are (1) the insurance neutraility provisions --i.e., the
extent to which the plan is in fact insurance neutral or needs to be modified to ensure that
it is insurance neutral; (2) the extent to which it is appropriate for the debtor to obtain a
finding that neither the commencement of the bankruptcy case nor the assignment of its
insurance rights to the trust violate provisions of the debtor's insurance policies; and (3)
the treatment of the Wellington Settlement Claims.  (Since that time, however, the Court
has disallowed the Wellington Settlement Claims, making the third topic inapplicable.)

With regard to the issue of good faith under 1123(a)(3), on the specific facts of this case,
and in light of the manner in which the insurers seek to frame this issue, the insurers do
not have standing to make the argument that the requisite good faith is lacking.  The
insurers' contention with regard to good faith is that the case was filed **and has been
prosecuted** in bad faith because it was the result of collusion between the debtor, its
principals and asbestos claimants.  According to the insurers, the game plan was that, if
the debtors agreed to hire Morgan Lewis on a contingency fee basis, file bankruptcy and
propose a plan that included injunctions under section 524(g), the asbestos claimants
would agree to support a plan in which the debtor's principals and affiliates would obtain
releases for, among other things, engaging in fraudulent transfers of the debtor's assets.
The problem with permitting the insurers to advance this argument is that, assuming the
plan is in fact insurance neutral and that the debtor is entitled to the findings that it seeks
with regard to the assignability issues, even the grand conspiracy that the insurers allege
would not adversely affect any of the insurers' rights.  The insurers do not have standing
to assert any of the claims against the debtor's insiders or affiliates that are to be released
under this alleged conspiracy and do not have standing to object to any proposed
releases or compromises of these claims.  If they don't have standing to object to the
various components of the alleged conspiracy because none of these pieces adversely
affect their rights, why should they have standing to object to the pieces when they are
alleged to be part of a single scheme?

No insurer can be compelled to enter into a settlement if it isn't willing to do so.  Any
leverage that may arise from the inclusion of a 524(g) injunction in a proposed plan of
reorganization is only the leverage that follows necessarily from the invocation of
Bankruptcy Code sections that Congress created for use in the mass tort asbestos
context.  In short, so long as the plan is properly-framed to create actual insurance

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

**Thursday, April 2, 2009**                                          **Hearing Room    1475**

10:00 am

**Cont....          Thorpe Insulation Company**                       **Chapter    11**

neutrality, no other provisions of the plan have any legally cognizable effect on the insurers.

(The Court also rejects the notion that commencing a bankruptcy case for the purpose of confirming a plan that includes an injunction under section 524(g) can under any circumstances -- even the circumstances posited by the Certain Insurers -- be a mechanism for "extorting" settlements from insurance carriers.  The availability of an injunction under section 524(g) for a settling insurance company is a carrot being offered to an insurer, not a stick used to bludgeon it into settling.  Had there been no bankruptcy case, it would be difficult if not impossible for the debtor to offer comparable protection to a settling insurer.  Commencing a bankruptcy case for the purpose of confirming a plan that contains a 524(g) injunction makes additional protections available in the event that an insurer elects to enter into a settlement.  It does not force an insurance carrier to enter into a settlement that it does not otherwise consider advisable.)

Court agrees that Judge Fischer's ruling could be read to suggest that the insurers have standing to litigate whether the section 524(g) injunction is appropriate, but that was not the purpose for which this language was included in her ruling dismissing their appeal of this Court's orders approving settlements.  The point of that discussion was merely that approval of the settlement did not itself effectuate any section 105 or 524(g) injunctions, such that the arguments the insurers sought to advance were not even ripe.  She did not intend to reach or adjudicate the extent of the insurers' standing.

Although Court agrees with plan proponents that insurers do not have standing to be heard on the majority of the arguments that the insurers have raised under section 524(g), as will be discussed in more detail below, the Court nevertheless needs to ascertain whether the proposed plan complies with the requirements of this section before it may be confirmed.

2.  Conditions Precedent to Confirmation/Feasibility if Order Disallowing Wellington Settlement Claims is Reversed on Appeal:  Entry of a final order disallowing the Wellington Settlement Claims is a condition precedent to confirmation of the plan, but may be waived pursuant to section 7.4 of the plan by the committee and the FCR, which waiver must occur prior to the completion of the confirmation hearing.  Do the committee

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

Thursday, April 2, 2009                                              Hearing Room    1475

10:00 am

Cont....        **Thorpe Insulation Company**                                        Chapter   11

and the FCR intend to waive this condition?

If so, the Court rejects the contention that this will create a feasibility issue potentially requiring a continuance and discovery.  As a preliminary matter, the Court rejects the insurers' characterization of the Ninth Circuit's holding in Harbin.  The Ninth Circuit did not hold in that case that a bankruptcy court must evaluate the feasibility of plans as if any trial court rulings disallowing claims are reversed on appeal.  The Court held that the bankruptcy court should consider whether a lower court's order is, or is not, likely to be reversed on appeal and take the likely outcome of that evaluation into consideration in assessing feasibility.  Where, as here, the bankruptcy court has already concluded that the claims in question are entirely lacking in merit -- and the District Court, in denying a motion for a stay pending appeal, has held that the insurers are not likely to prevail on their appeal of the order disallowing their claims -- the bankruptcy court need not insist that the plan make adequate provision for the payment of the claims,

Nevertheless, on the facts of this case, the Court is satisfied that the plan would be feasible even if the order disallowing the Wellington Settlement Claims is reversed on appeal.  The way the plan is structured, the trust itself will become the holder of the claims that the insurers contend have been wrongfully assigned.  In that event, there is little likelihood that the insurers will suffer any damage, as the same party that is capable of inflicting the damage is the party that would be responsible to pay compensation for it, and it follows necessarily that any benefits that are obtained from prosecuting these claims would be available to satisfy any indemnity obligations.

3.  Merger v. Substantive Consolidation:  The Bankruptcy Code expressly contemplates that one or more debtors or a debtor and a nondebtor may merge under a plan.  This has nothing to do with substantive consolidation where, as here, it is not about the prospect of gerrymandering votes or classification schemes or altering the distributions that creditors would otherwise receive under the plan.  It is about how the two entities will operate on a going-forward basis after confirmation.  A merger is uniquely appropriate here where one of the contentions that had been advanced by the insurers is that Pacific was created by a fraudulent transfer of assets from Thorpe.  Here, as part of the compromise and release of the fraudulent transfer claims, the allegedly fraudulent transfer is being reversed and the two entities recombined.  (Moreover, insurers lack standing to raise this issue.)

### United States Bankruptcy Court
### Central District of California

**Los Angeles**

**Judge Sheri Bluebond, Presiding**

**Courtroom 1475 Calendar**

Thursday, April 2, 2009                                      Hearing Room    1475

10:00 am

Cont....       **Thorpe Insulation Company**                       Chapter   11

4. Value of Contributions Made by Parties Receiving Benefit of 524(g) Injunctions:
Notably, the insurers are not asserting, and have never asserted that the settling insurers
have not made contributions that are large enough to entitle them to the benefit of 524(g)
injunctions.  The arguments advanced in the objections are limited to complaining about
the size of the contributions made by other Protected Parties under the plan, including
members of the Fults family and Far West.

As a preliminary matter, the Court agrees that the insurers do not have standing to raise
this issue.  They are not beneficiaries of the trust and are unlikely to be affected in any
material respect by the size of the contributions made by any of these parties.  This is an
argument that should be made, if at all, by the Committee and/or the Futures
Representative, both of whom are satisfied with the contributions to be made under the
plan.  However, even if they had standing to raise this issue, the Court is satisfied that the
contributions pass muster under the applicable standards and, therefore, that it is
appropriate to include all of the Protected Parties within the scope of the section 524(g)
injunction.

There is no dispute that Farwest and the Fults family are among the persons who may
receive the benefit of a section 524(g) injunction.  Any liability that they may have for any
of the asbestos claims arises by virtue of the fact that they are affiliates of the debtor or
because of their ownership of an interest in the debtor or an affiliate of the debtor and/or
their involvement in the management of the debtor or a predecessor of the debtor or their
service as an officer, director or employee of the debtor or a related entity.  These are the
types of third parties that may receive the benefit of an injunction under section 524(g)(4)
(A).

As far as the size of the required contribution, section 524(g)(4)(B)(ii) requires the court to
consider whether the contribution "is fair and equitable with respect to the persons that
might subsequently assert such demands, in light of the benefits provided, or to be
provided to the trust on behalf of such debtor or debtors or such third party."  (The use of
the language "on behalf of" rather than "by" makes clear that there is nothing
objectionable about a third party making a contribution on its own behalf as well as on
behalf of another and that the Court need not necessarily require each third party

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

Thursday, April 2, 2009                                           Hearing Room    1475

10:00 am

Cont....        **Thorpe Insulation Company**                                    Chapter  11

receiving the benefit of a section 524(g) to make its independent contribution.)

This language requires the Court to compare what the recipient of the injunction is
receiving and what it is giving in exchange therefor from the perspective of the party
whose claims are being enjoined. Here, the party whose claims are being enjoined in the
first instance are the asbestos claimants. The insurers do not have any claims against
Far West or the Fults family for contribution, subrogation or indemnification. The Court is
satisfied that the contribution being made by Farwest on its own behalf and on behalf of
the Fults family is sufficient.

The insurers complain that these parties don't really have any exposure for asbestos
claims and therefore are not entitled to the benefit of a section 524(g) injunction and/or
should be required to pay for in exchange for receiving the benefit of this injunction. This
argument is more than a little ironic. The less likely someone is to have any actual liability
for the payment of the claims that are being enjoined, the less benefit that person is
receiving from the injunction and the less that person should be required to pay in order
for his contribution to be fair and equitable within the meaning of this section as compared
with the benefit received. The point here is to have peace in the valley. It would serve no
useful purpose to leave some of the agents or affiliates of parties who have asbestos
exposure beyond the scope of the section 524(g) injunctions. It makes sense to include
in the scope of these injunctions any of the officers, directors, affiliates, employees, etc.
who might find themselves faced with exposure in light of their involvement with the
company.

5, Exoneration/Releases:  This is not an American Hardwoods problem. These are
provisions that prevent anyone from asserting that someone should have liability for
actions that they took in connection with the bankruptcy case. This is not an attempt to
use a plan to obtain nonconsensual releases, for example, of a guarantor's liabiltiy to a
creditor. The Court has no problem with a clause requiring that such claims be brought in
bankruptcy court, but agrees with the insurers that it seems inappropriate to create a
nonconsensual prevailing party attorneys' fee clause. (If claims are brought in violation of
this section of the plan, there may be other remedies -- such as holding someone in
contempt and imposing sanctions for violating the plan -- but a fee-shifting clause seems
inappropriate.)

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding

### Courtroom 1475 Calendar

**Thursday, April 2, 2009**                                     **Hearing Room    1475**

10:00 am

**Cont....**          **Thorpe Insulation Company**                          **Chapter   11**

6. <u>Owens-Illinois Objection</u>: Resolved on terms set forth in stipulation.

7. <u>Insurance Neutrality/Issue Preclusion/Defenses That Are Not Retained</u>: The caselaw makes clear, and the Court agrees, that the assignment of the (proceeds of) the debtors' insurance policies to the trust does not violate the anti-assignment provisions of the insurance policies.  (The Court has already held that these transfers do not violate the provisions of the Wellington Settlement Agreement either.)  Section 524(g) expressly contemplates the creation of a trust and the transfer of the debtor's assets to the trust for the purpose of paying claims.  You can't have a plan under section 524(g) without creating a trust and transferring insurance proceeds to the trust.  Any contractual provisions prohibiting such a transfer are preempted by section 524(g), among other provisions of the bankruptcy code.  It is therefore not a problem for the plan to exclude from the defenses that are being preserved any defense based on the assignment of the policies to the trust.  No court other than the bankruptcy court should assess whether or not provisions of the Bankruptcy Code preempt this defense.

Similarly, it is wholly appropriate for the Bankruptcy Court -- and only the Bankruptcy Court -- to assess whether or not the filing of a bankruptcy case itself gives rise to a coverage defense under an insurance policy.  And there is nothing inappropriate about provisions of a plan that preclude parties from relitigating issues that have been actually litigated in the bankruptcy case.

The Court also rejects the argument that the plan is not insurance neutral because it deprives the insurers of their right to participate in or direct or control the litigation or settlement of claims.  To the extent that asbestos claimants **elect to** resort to the tort system for the liquidation of their claims **as against Fireman's Fund and Harbor,** the insurers' right to participate in the litigation is expressly preserved.  To the extent that a claimant agrees to permit its claim to be handled in accordance with the TDP and the matrix, the provisions of these documents serve solely as an agreement between the debtors and the claimants as to how any assets that may be obtained by the trust will be shared.  Whether and to what extent the values generated by the TDP and the matrix operate as a judgment against the debtor and are binding on any given insurer will be resolved by the state court.  Confirmation of the plan and the resulting approval of the

**United States Bankruptcy Court**
**Central District of California**

**Los Angeles**
**Judge Sheri Bluebond, Presiding**

**Courtroom 1475 Calendar**

Thursday, April 2, 2009                                                    Hearing Room    1475

10:00 am

Cont....            **Thorpe Insulation Company**                                        Chapter   11

settlements contemplated thereby **should** have the same legal effect as a good faith
settlement between an insured and a claimant that did not have the insurer's approval.
Whether the relevant facts and circumstances are such that the insurer's liability is vitiated
or whether the insured had the ability to enter into the settlement without the insurer's
involvement are issues that will be reserved for decision by the state court.

Insurers cannot complain that the existence of an injunction against the assertion of
contribution, subrogation and indemnity rights means that the plan is not insurance
neutral.  Section 524(g) expressly contemplates and authorizes such an injunction.  Its
inclusion in a plan cannot create an insurance neutrality problem.  Insurers are not
entitled to adequate protection for the fact that these claims are barred.  They could be
channeled to the trust rather than simply enjoined, but there is nothing in section 524(g)
that requires this.  In fact, the idea of requiring contributions to the trust that are fair and
equitable from the perspective of the claimants suggests that, so long as parties obtaining
the benefit of the injunctions have made contributions that are fair and equitable in light of
their exposure to the claimants, it is appropriate to cutoff contribution and indemnification
claims.  (How different is this from provisions of California law that enable a good faith
settlement to cutoff contribution and indemnification claims?)

The plan prohibits the assertion of setoffs with respect to Asbestos Related Claims, but
this is appropriate in light of the applicable limitations.

The settling insurers have pointed out that some if not all of the settlements with other
insurance carriers have contained Judgment Reduction Clauses.  **However, some or all
of these provisions never come into play the way the plan is currently drafted
because they are only triggered if there would otherwise be contribution or
indemnification claims and the plan proposes to cutoff these claims.  See
discussion below as to propriety of these provisions.**

Clarifying language needs to be added to plan or confirmation order to make clear that
defenses that are preserved not only in direct actions brought by insurance claimants but
also in litigation against insurers brought by the trust.

8. Composition of TAC/Alleged Potential for Breaches of Fiduciary Duty.  Insurers lack

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding

### Courtroom 1475 Calendar

Thursday, April 2, 2009                                    Hearing Room    1475

10:00 am

Cont....        **Thorpe Insulation Company**                              Chapter   11

standing to raise these issues.  Committee and FCR and claimants who voted on the plan are satisfied with the manner in which the trust will operate.  The Court is not inclined to substitute the insurers' judgment as to what would be in the best interests of the asbestos claimants  for that of the duly-appointed representatives of the affected parties.

9.  Voting Issues:  Any isssues raised by the insurers concerning dismissals of lawsuits by persons who cast ballots are moot.  Even if the Court were to disallow all of the ballots that the insurers claim were voted by parties who no longer hold claims against the debtors, the plan would still have been approved by an overwhelming majority of claimants and far more than the 75 percent necessary to confirm a plan that contains section 524(g) injuunctions.  There is no danger that the voting tally was skewed by the inclusion of any such improper votes.

10.  1129(a)(4)/Feasibility/Best Interests of Creditors:  The insurers have no standing to raise any of these issues.  Nevertheless, the Court is satisfied that the relevant requirements have been satisfied.  The Court has approved the compensation arrangements of contingency counsel.  Therefore, if payments are received post-confirmation in accordance with the formulae that have been approved, the fees will have been approved by the Court.

The insurers themselves argue that the payments due under the promissory notes to be issued by the debtor are nominal and may well be satisfied entirely from amounts that would otherwise be due the debtors from their share of business loss recoveries.  How can there be a genuine issue of feasibility?  The trust already has significant funds based on settlements paid to date and additional payments that will be due if a section 524(g) injunction is issued.  The Court is satisfied that the plan is feasible.

The best interest test has been satisfied as well.  The benefits of section 524(g) are only available in chapter 11.  Were the case to convert to chapter 7, the trustee would hire additional professionals, creating additional expense, and would not be able to offer settling insurers the benefit of section 524(g) injunctions.  It is manifestly apparent that an insurer would pay more in settlement of a claim if that settlement will include a section 524(g) injunction.  That is certainly the case with one or more of the settlements that have been structured to date.  It was certainly Congress' view that making these protections

**United States Bankruptcy Court**
**Central District of California**

**Los Angeles**

**Judge Sheri Bluebond, Presiding**

**Courtroom 1475 Calendar**

Thursday, April 2, 2009                                                    Hearing Room    1475

10:00 am

Cont....          **Thorpe Insulation Company**                                    Chapter   11

available would result in increased recoveries for asbestos claimants.

11.  Asbestos Insurance Injunction:  **It is appropriate and permissible to include nonsettling Insurers as beneficiaries of these injunctions as the debtor is transferring its rights as against these insurers to the trust.  Fireman's Fund and Harbor do not receive the benefit of these injunctions because the debtor has waived/released its rights as against these insurers and is not transferring rights as against them to the trust.**

12.  Limiting Benefit of Injunction to Insurers Who Settle Before Confirmation: There is nothing improper -- or even unusual -- about limiting the availability of section 524(g) relief to insurers who settle prior to the conclusion of the confirmation hearing.  **Although Court recognizes that is is possible to create a procedure that would enable the reorganized debtor or the trust to seek court approval for the granting of such injunctions to insurers who entered into settlements after confirmation, the plan as currently drafted does not contemplate such a procedure and is not required to do so.**

13.  Other 524(g) Issues:  As long as there is a discharge being granted under the plan, the Court can assess whether injunctions may be granted to supplement that discharge under section 524(g).  Pacific is an operating entity and is eligible for a discharge.  Even if there had been no merger, the plan could include section 524(g) injunctions.  In light of the merger, both debtors will be eligible for a discharge.

The requirements of section 524(g)(2)(B)(i)(II) have been satisfied.  Under this section, the plan must be "funded in whole or in part by the securities of one or more debtors involved in such plan and by the obligation of such debtor or debtors to make future payments, including dividends."  The use of the phrase, "including dividends," is not restrictive.  Dividends are not the only kind of payments that may be made and equity securities are not the only kind of securities that may satisfy the requirements of this section.  Here, the debtors are contributing to the trust, among other things, the Earnout Note and the Promissory Note and there will be future payments to the trust under the notes.  This is sufficient to satisfy the requirements of this section.  The insurers' interpretation of this section is unduly restrictive.

**United States Bankruptcy Court**
**Central District of California**

**Los Angeles**
**Judge Sheri Bluebond, Presiding**
**Courtroom 1475 Calendar**

Thursday, April 2, 2009                                              Hearing Room    1475

10:00 am
Cont....          **Thorpe Insulation Company**                              Chapter   11

The requirements of section 524(g)(2)(B)(i)(III) have been satisfied.  That section requires
that the trust own "or by the exercise of rights granted under such plan would be entitled
to own if specified contingencies occur, a majority of the voting shares of (aa) each
debtor; (bb) the parent corporation of each such debtor; or (cc) a subsidiary of each such
debtor that is also a debtor."  The Earnout Note is secured by a pledge of 51 percent of
the stock of the Reorganized Debtor.  The insurers have argued that, in light of the size of
the payments to be made and the ability to apply amounts that would otherwise be due
the Reorganized Debtor from the Business Loss Allocation, it is unlikely that the

Party Information

Debtor(s):
       Thorpe Insulation Company                         Represented By
                                                  Jeremy V Richards
                                                  Scotta E McFarland
                                                  Richard W Esterkin
                                                  Malhar S Pagay
                                                  James L Miller
                                                  Harry D. Hochman
                                                  David  Guess
                                                  James K T Hunter

Movant(s):
       Thorpe Insulation Company                         Represented By
                                                  Jeremy V Richards
                                                  Scotta E McFarland
                                                  Richard W Esterkin
                                                  Malhar S Pagay
                                                  James L Miller
                                                  Harry D. Hochman
                                                  David  Guess
                                                  James K T Hunter

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

| Thursday, April 2, 2009 | Hearing Room | 1475 |
| --- | --- | --- |

10:00 am

| Cont.... | Thorpe Insulation Company | Chapter | 11 |
| --- | --- | --- | --- |

**United States Bankruptcy Court**
**Central District of California**

**Los Angeles**
**Judge Sheri Bluebond, Presiding**
**Courtroom 1475 Calendar**

Thursday, April 2, 2009                                                    Hearing Room    1475

10:00 am
2:07-19271    **Thorpe Insulation Company**                              Chapter    11

                        Telephonic Hearing

#6.00              Scheduling and Case Management Conference in a Chapter 11 Case

                   fr. 12-12-07, 3-18-08, 6-18-08, 7-23-08; 01/08/09; 01/09/09; 02/11/09;

                               Docket #:    3

**Courtroom Deputy:**

   03/04/09 - Holly S. Burgess, (619) 564-3603, has been approved for telephonic
   appearance on 04/02/09 @ 10:00 A.M.

   3/9/09 - Michael Davis, (212)826-5311, has been approved for telephonic appearance on
   4/2/09 @ 10am

   3/26/09 - Leonard Goldberger, (215)751-2864,  has been approved for telephonic
   appearance on 4/2/09 @ 10am

   3/26/09 - Dennis Drebsky, (415)984-83383, has been approved for telephonic
   appearance on 4/2/09 @ 10am

   3/26/09 - Brad Berish, (312)435-1050, has been approved for telephonic appearance on
   4/2/09 @ 10am

**Tentative Ruling:**

   If Court confirms plan, take case status conference off calendar and set post-confirmation
   status conference.  If Court continues confirmation hearing, continue case status
   conference to date of continued confirmation hearing and waive requirement of further
   status report.
   ----------------------------------

**BALANCE OF FINAL RULINGS FROM CONFIRMATION HEARING HELD JANUARY 8**

## United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding

### Courtroom 1475 Calendar

**Thursday, April 2, 2009**                                   **Hearing Room    1475**

10:00 am

**Cont....       Thorpe Insulation Company**                              **Chapter    11**

**AND 9, 2009 THAT WAS CUTOFF FROM TENTATIVE RULING FIELD:**

relevant contingencies will come to pass and that the trust will end up owning 51 percent of the stock; however, there is no requirement in section 524(g)(2)(B)(i)(III) that it be more likely than not that the specified contingencies occur.

The requirements of section 524(g)(2)(B)(ii)(I) have been satisfied, in that parties to receive the benefit of 524(g) injunctions are likely to be subject to "substantial future demands for payment arising out of the same or similar conduct or events that gave rise to the claims that are addressed by the injunction." There is no requirement of a particular number of lawsuits in order to constitute "substantial" future demands. If any of the protected parties are not given the benefit of channeling injunctions or other injunctive relief under the plan, it is likely that additional claims will be asserted, particularly once claimants are enjoined from proceeding against the remaining parties. debtors. And, in any event, the relationship among the debtors is sufficient for the Court to treat the debtors as a unified enterprise for the purpose of applying this section and to recognize that affiliates are likely to be drawn into the litigation under alter ego and related theories. Any other approach would guarantee the kind of piecemeal litigation that section 524(g) is intended to avoid and permit claimants to undermine the objectives of the plan by bringing litigation against affiliates. Again, the purpose here is to achieve a global resolution of the asbestos claims arising out of the manner in which Thorpe did business. This objective cannot be accomplished without including in any protections to be afforded under the plan all affiliates that are likely to be (and, in fact, have already been) dragged into this litigation. **In addition, the insurers lack standing to be heard on these issues because the question is whether the assets of the trust will be sufficient to satisfy the claims of asbestos claimants that are being cutoff and the asbestos claimants are satisfied with this result.**

**<u>Additional Rulings at Parts I and II of Confirmation Hearing</u>**

**Except as otherwise set forth below, debtor has satisfied all requirements necessary to confirm plan of reorganization.**

**Confirmation Order (or amended plan) should include language to clarify the**

**United States Bankruptcy Court**
**Central District of California**

Los Angeles
Judge Sheri Bluebond, Presiding
Courtroom 1475 Calendar

Thursday, April 2, 2009                                          Hearing Room   1475

10:00 am

Cont....         **Thorpe Insulation Company**                              Chapter   11
following:

    1. Asbestos Insurer Injunction (Exhibit "C" Injunction) does not bar
contribution, indemnification, subrogation claims by one nonsettling insurance
carrier (including Fireman's Fund and Harbor) against another nonsettling
insurance carrier.

    2. Delete from section 8.7 the provision that entitles the prevailing party to
recover attorneys' fees.

    3. Forum selection claims on page 57 should be limited in terms of the subject
matter of the action.

    4. A reference to the Owens-Illinois stipulation should be added.

    5. Section 1.13 of the plan should be replaced by the language on page 23 of the
neutrality reply at lines 19-22.

    6. Court identified on the record a number of other revisions that should be
made in order to resolve ambiguities raised by Allstate objection.

Debtor needs to do one of the following with regard to the contribution,
indemnification and subrogation claims of Fireman's Fund, Harbor and other
nonsettling insurers as against settling insurers:

    1. channel them to the trust;
    2. put on appropriate evidentiary showing that the amount of the contribution
being made by the settling insurers is fair and equitable such that it is permissible
and appropriate to bar these claims; or
    3. modify the plan to provide for judgment reduction clauses in connection with
direct action brought by asbestos claimants against nonsettling insurers and
persuade the court that it has the power to impose such clauses on the asbestos
claimants.

**United States Bankruptcy Court**
**Central District of California**

Los Angeles
Judge Sheri Bluebond, Presiding
Courtroom 1475 Calendar

---

Thursday, April 2, 2009                                    Hearing Room   1475

---

10:00 am

Cont....        **Thorpe Insulation Company**                    Chapter   11

**Issues Left Unresolved for Continued Confirmation Hearing**
**Which of the three alternatives plan proponents would like to pursue with regard to the contribution, indemnification and subrogation rights of nonsettling insurers.**

Continue hearing, as a status conference, to 1:00 p.m. on February 11, 2009.  The only additional papers that may be filed with regard to confirmation prior to that hearing are a further amended version of the plan and any amended versions of plan documents.

--------------------------

Tentative Ruling for February 11, 2009:

Have plan proponents decided which of the three alternatives outlined by the Court they would like to pursue?  Hearing required.

--------------------------

Final Ruling for February 11, 2009:

Proponents are going to adopt judgment reduction clause.  Confirmation hearing continued to April 2, 2009 at 10:00 a.m.  Plan proponents should file supplemental brief in support of confirmation and any compromise motions not later than March 5, 2009.  Oppositions will be due March 19, 2009.  Replies will be due March 26, 2009.

--------------------------------

Tentative Ruling for April 2, 2009:

Grant motion to strike Cooper declaration.  Document is not relevant to any issue that the Court intends to consider in connection with this continued hearing.  (Court has previously limited this hearing to the consideration of the propriety of the judgment reduction clause and whether or not the inclusion of such a clause creates a need to resolicit.)

For the same reason, deny request for judical notice.  The documents of which the objecting insurers seek to have the Court take judicial notice are not relevant to the two issues identified above.  Whether or not other courts have adopted different measures to ensure that a given plan is "insurance neutral" is not the issue here.

The plan proponents' reply to the objections adequately addresses the points raised in the

---

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding

### Courtroom 1475 Calendar

**Thursday, April 2, 2009**                                    **Hearing Room    1475**

10:00 am

**Cont....        Thorpe Insulation Company**                              **Chapter    11**

objections.  Accordingly, overrule insurers' objections to Second Amended Plan; approve
the form of the March 25, 2009 disclosure and ballot; set April 17, 209 as the deadline for
mailing the disclosure and ballot to Class 5 creditors who voted on the Plan; set May 17,
2009 as the deadline for receipt by the Voting Agent of any elections to reject the Plan;
and set a final hearing on confirmation of the Plan.

Party Information

Debtor(s):

Thorpe Insulation Company                              Represented By

Jeremy V Richards

**United States Bankruptcy Court**
**Central District of California**

**Los Angeles**

**Judge Sheri Bluebond, Presiding**

**Courtroom 1475 Calendar**

Thursday, April 2, 2009                                        Hearing Room    1475

10:00 am

**2:07-19271    Thorpe Insulation Company**                                Chapter    11

Adv#: 2:07-01850        Thorpe Insulation Company, A Calif. Corp et al v. Argonaut Insurance Company et

| Telephonic Hearing |

#7.00        Motion for Preliminary Injunction to Stay the Coverage Litigation

fr. 02/11/09;

Docket #:   200

**Courtroom Deputy:**

03/04/09 - Holly S. Burgess, (619) 564-3603, has been approved for telephonic
appearance on 04/02/09 @ 10:00 A.M.

3/9/09 - Michael Davis, (212)826-5311, has been approved for telephonic appearance on
4/2/09 @ 10am

3/26/09 - Leonard Goldberger, (215)751-2864,  has been approved for telephonic
appearance on 4/2/09 @ 10am

3/26/09 - Dennis Drebsky, (415)984-83383, has been approved for telephonic
appearance on 4/2/09 @ 10am

3/26/09 - Brad Berish, (312)435-1050, has been approved for telephonic appearance on
4/2/09 @ 10am

**Tentative Ruling:**

Court instructed parties not to submit any additional briefing in connection with this
hearing.  If Court continues confirmation hearing, preliminary injunction will be continued
automatically.

Party Information

**United States Bankruptcy Court**
**Central District of California**

**Los Angeles**
**Judge Sheri Bluebond, Presiding**
**Courtroom 1475 Calendar**

Thursday, April 2, 2009                                                    Hearing Room    1475

10:00 am

Cont....        **Thorpe Insulation Company**                                           Chapter    11

Attorney(s):

John A Lapinski                                    Represented By

Leslie R Horowitz

Creditor Committee(s):

Heller Ehrman LLP                                 Represented By

Peter  Benvenutti

Michaeline H Correa

Creditor(s):

National Fire Insurance Company of               Represented By

David M Wiseblood

Debtor(s):

Thorpe Insulation Company                        Represented By

Jeremy V Richards

Scotta E McFarland

Richard W Esterkin

Malhar S Pagay

James L Miller

Harry D. Hochman

David  Guess

James K T Hunter

Matthew  Heyn

Defendant(s):

Allstate Insurance                               Represented By

Linda Bondi Morrison

Allstate Insurance Company, solely as            Represented By

Brad  Berish

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

Thursday, April 2, 2009                                        Hearing Room    1475

10:00 am

Cont....        **Thorpe Insulation Company**                              Chapter   11

Defendant(s):

|  |  |  |
|---|---|---|
| American Centennial Insurance | Represented By | |
| | Russell W Roten | |
| Argonaut Insurance Company | Represented By | |
| | Edward D Vaisbort | |
| | Katherine  Lien | |
| Associated International Insurance | Represented By | |
| | Steven P Rice | |
| | Mark D Plevin | |
| California Union Insurance Com | Represented By | |
| | Abby  Schwartz | |
| Central National Insurance Company | Represented By | |
| | Steven H Bergman | |
| | Abby  Schwartz | |
| CHICAGO INSURANCE | Represented By | |
| | Steven P Rice | |
| | Mark D Plevin | |
| Continental Casualty Company | Represented By | |
| | David M Wiseblood | |
| | David M Wiseblood | |
| Employers Insurance Of Wausau | Represented By | |
| | Steven D Allison | |
| Employers Reinsurance Corporation | Represented By | |
| | Deborah L Stein | |
| | Robert J Pfister | |
| Granite State Insurance Company | Represented By | |
| | Phillip K Wang | |

**United States Bankruptcy Court**
**Central District of California**

**Los Angeles**
**Judge Sheri Bluebond, Presiding**

**Courtroom 1475 Calendar**

Thursday, April 2, 2009                                                                 Hearing Room    1475

10:00 am

**Cont....**          **Thorpe Insulation Company**                                              Chapter   11

    Defendant(s):

        Great American Insurance Co                          Represented By

                                                             Russell W Roten

        Maine Bonding and Casualty Co                        Represented By

                                                             Robert P Kavanaugh

                                                             James S Monroe

        Middlesex Insurance                                  Represented By

                                                             Holly S Burgess

        Motor Vehicle Casualty Company                       Represented By

                                                             Steven H Bergman

                                                             Abby  Schwartz

        National Fire Insurance Company of                   Represented By

                                                             David M Wiseblood

        National Union Fire Ins Co Of                        Represented By

                                                             Phillip K Wang

        Pacific Indemnity Company

        Republic Indemnity Company Of                        Represented By

                                                             Russell W Roten

        Transcontinental Insurance Company                   Represented By

                                                             David M Wiseblood

        Transport Insurance Company                          Represented By

                                                             Aron M Oliner

                                                             Geoffrey A Heaton

        Westport Insurance Company                           Represented By

                                                             Robert J Pfister

    Interested Party(s):

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

Thursday, April 2, 2009                                                    Hearing Room    1475

10:00 am

Cont....        **Thorpe Insulation Company**                                          Chapter    11

Interested Party(s):

General Insurance Company of                    Represented By

Janet A Shapiro

Charles B Renfrew                               Represented By

Gary S Fergus

Other Professional(s):

Klee Tuchin Bogdanoff & Stern LLP               Represented By

David  Guess

Plaintiff(s):

Official Committee Of Creditors

Pacific Insulation Company                      Represented By

John A Lapinski

Thorpe Insulation Company, A Calif.             Represented By

Richard W Esterkin

U.S. Trustee(s):

United States Trustee (LA)

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding

### Courtroom 1475 Calendar

**Thursday, April 2, 2009**                                    **Hearing Room   1475**

10:00 am

**2:07-19271   Thorpe Insulation Company**                              **Chapter  11**

Adv#: 2:07-01850        Thorpe Insulation Company, A Calif. Corp et al v. Argonaut Insurance Company et

| Telephonic Hearing |

#8.00           Status Conference re: 72 (Injunctive relief - other)  Complaint by Thorpe
                Insulation Company, A Calif. Corp, Pacific Insulation Company, Official
                Committee Of Creditors **against** Argonaut Insurance Company, California
                Union Insurance Com, Westport Insurance Company, Great American
                Insurance Co, Allstate Insurance, American Centennial Insurance
                Company, Associated International Insurance Company, Central National
                Insurance Company of Omaha, Chicago Insurance Company, Continental
                Casualty Company, Employers Reinsurance Corporation, Granite State
                Insurance Company, Maine Bonding and Casualty Co, Middlesex
                Insurance, Motor Vehicle Casualty Company, National Union Fire Ins Co
                Of Pittsburgh, Pacific Indemnity Company, Republic Indemnity Company
                Of America, Transcontinental Insurance Company, Transport Insurance
                Company, Employers Insurance Of Wausau

                fr. 1-29-08, 3-18-08, 6-18-08, 7-23-08; 10/02/08; 01/29/09; 02/11/09;

                                Docket #:   1


**Courtroom Deputy:**

12/22/08- Notice of dismissal of Defendant General Insurance Company of America only

03/04/09 - Holly S. Burgess, (619) 564-3603, has been approved for telephonic
appearance on 04/02/09 @ 10:00 A.M.

3/9/09 - Michael Davis, (212)826-5311, has been approved for telephonic appearance on
4/2/09 @ 10am

3/26/09 - Leonard Goldberger, (215)751-2864,  has been approved for telephonic
appearance on 4/2/09 @ 10am

3/26/09 - Dennis Drebsky, (415)984-83383, has been approved for telephonic

## United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding

### Courtroom 1475 Calendar

Thursday, April 2, 2009                                                    Hearing Room    1475

10:00 am

Cont....         **Thorpe Insulation Company**                                      Chapter    11
appearance on 4/2/09 @ 10am

3/26/09 - Brad Berish, (312)435-1050, has been approved for telephonic appearance on
4/2/09 @ 10am

**Tentative Ruling:**

Revisit status of adversary proceeding after resolution of other related matters on
calendar.

Party Information

Debtor(s):

Thorpe Insulation Company                          Represented By

Jeremy V Richards

Scotta E McFarland

Richard W Esterkin

Malhar S Pagay

Defendant(s):

Allstate Insurance                                 Represented By

Linda Bondi Morrison

American Centennial Insurance                      Represented By

Russell W Roten

Argonaut Insurance Company                         Represented By

Edward D Vaisbort

Associated International Insurance                 Represented By

Steven P. Rice

California Union Insurance Com

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

Thursday, April 2, 2009                                          **Hearing Room   1475**

10:00 am

Cont....        **Thorpe Insulation Company**                                   Chapter   11

Defendant(s):

Central National Insurance Company

CHICAGO INSURANCE                          Represented By
                                           Steven P. Rice

Continental Casualty Company               Represented By
                                           David M Wiseblood

Employers Insurance Of Wausau

Employers Reinsurance Corporation          Represented By
                                           Deborah L Stein

Granite State Insurance Company            Represented By
                                           Phillip K Wang

Great American Insurance Co                Represented By
                                           Russell W Roten

Maine Bonding and Casualty Co              Represented By
                                           Robert P Kavanaugh

Middlesex Insurance                        Represented By
                                           Holly S Burgess

Motor Vehicle Casualty Company             Represented By
                                           Steven H Bergman

National Union Fire Ins Co Of              Represented By
                                           Phillip K Wang

Pacific Indemnity Company

Republic Indemnity Company Of              Represented By
                                           Russell W Roten

Transcontinental Insurance Company         Represented By
                                           David M Wiseblood

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

**Thursday, April 2, 2009**                                                                    **Hearing Room    1475**

10:00 am

Cont....          **Thorpe Insulation Company**                                                                    **Chapter   11**

Defendant(s):

Transport Insurance Company                                    Represented By

                                                                                    Aron M Oliner

Westport Insurance Company

Plaintiff(s):

Official Committee Of Creditors

Pacific Insulation Company                                          Represented By

                                                                                    John A Lapinski

Thorpe Insulation Company, A Calif.                      Represented By

                                                                                    Richard W Esterkin

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

Thursday, April 2, 2009                                          Hearing Room    1475

 2:00 pm

2:02-35048    **Roy Mcneill**                                               Chapter   7

   #200.00         Trustee's Final and Report: Application for Fees and Expenses

Docket #:  338

**Courtroom Deputy:**

  - NONE LISTED -

**Tentative Ruling:**

  3/30/09 -- Court approved trustee's final report in full.  OFF CALENDAR.  NO
  APPEARANCE REQUIRED.

Party Information

  Debtor(s):
      Roy  Mcneill                                  Represented By
                                                    Edward M Wolkowitz

  Movant(s):
      Rosendo  Gonzalez                             Represented By
                                                    C John M Melissinos
                                                    Lidell A. Page

  Trustee(s):
      Rosendo  Gonzalez                             Represented By
                                                    C John M Melissinos
                                                    Lidell A. Page

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding
### Courtroom 1475 Calendar

**Thursday, April 2, 2009**                                                **Hearing Room    1475**

2:00 pm

2:07-19090    **Masson Cheese Corporation**                                                **Chapter   11**

Telephonic Hearing

#201.00        Application for Compensation Final Fees and Expenses for Andrew A
               Goodman, Debtor's Attorney,

               Period: 7/15/2008 to 4/2/2009,
               **(Fees requested: $18410.00, Expenses: $144.18)**

               Period: 1/7/2008 to 4/2/2009
               **(Fees requested: $140000.00, Expenses: $6706.23)**

Docket #:   192

**Courtroom Deputy:**

3/26/09 - Melissa Davis, (949)340-3400, has been approved for telephonic appearance
on 4/2/09 @ 2pm.

**Tentative Ruling:**

Reduce fees requested in application by $1,050 (anticipated time spent for attending
hearing on fee application).  Allow balance of amounts requested in application (fees of
$138,950 and costs of $6,706.23) on a final basis.  Authorize payment of unpaid portion.

WAIVE APPEARANCES.  APPLICANT IS AUTHORIZED TO LODGE ORDER
CONSISTENT WITH TENTATIVE RULING.

Party Information

Debtor(s):
               Masson Cheese Corporation                         Represented By
                                                                 Andrew A Goodman

Movant(s):
               Andrew  Goodman                                   Represented By
                                                                 Andrew A Goodman

**United States Bankruptcy Court**
**Central District of California**

**Los Angeles**

**Judge Sheri Bluebond, Presiding**

**Courtroom 1475 Calendar**

Thursday, April 2, 2009                                                                                    **Hearing Room    1475**

 2:00 pm

Cont....        **Masson Cheese Corporation**                                                              Chapter   11

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding

### Courtroom 1475 Calendar

**Thursday, April 2, 2009**                                                                     **Hearing Room    1475**

2:00 pm

**2:07-19090    Masson Cheese Corporation**                                                     **Chapter   11**

> Telephonic Hearing

#202.00    Second and Final Application for Approval of Pre-Confirmation Fees and
Reimbursement of Expenses by Shulman Hodges & Bastian LLP,
Attorneys for the Official Committee of Unsecured Creditors Period:
2/21/2008 to 3/11/2009, **(Fees requested: $147,370.20, Expenses:
$22,449.70).**

Docket #:   193

**Courtroom Deputy:**

3/26/09 - Melissa Davis, (949)340-3400, has been approved for telephonic appearance
on 4/2/09 @ 2pm.

**Tentative Ruling:**

Reduce fees requested in application by $900 (anticipated time spent for attending
hearing on fee application).  Allow balance of amounts requested in application (fees of
$146,470.20 and costs of $22,449.70) on a final basis.  Authorize payment of unpaid
portion.

WAIVE APPEARANCES.  APPLICANT IS AUTHORIZED TO LODGE ORDER
CONSISTENT WITH TENTATIVE RULING.

Party Information

Debtor(s):

Masson Cheese Corporation                                    Represented By
                                                             Andrew A Goodman

Movant(s):

Official Committee of Unsecured                              Represented By
                                                             Melissa  Davis
                                                             James C Bastian

## United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Sheri Bluebond, Presiding

### Courtroom 1475 Calendar

| | |
|---|---|
| **Thursday, April 2, 2009** | **Hearing Room    1475** |

  2:00 pm

| Cont.... | **Masson Cheese Corporation** | **Chapter   11** |
|---|---|---|