IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING FEE APPLICATION
OF BMC GROUP FOR THE THIRTY-FIRST INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the <u>Quarterly Fee Application of BMC Group for the Thirty-First Interim Period</u> (the "Application").

## BACKGROUND

1. BMC Group ("BMC") was retained as Claims Reconciliation and Solicitation Consultant to the Debtors. In the Application, BMC seeks approval of fees totaling $125,528.50 and expenses totaling $8,757.58 for its services from October 1, 2008 through December 31, 2008 (the "Application Period").

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2008, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in

the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on BMC based upon our review, and we received a response from BMC, portions of which response are quoted herein.

### DISCUSSION

#### General Issues

3. In our initial report, we noted that although BMC had requested total fees of $125,528.50, the fees billed in BMC's monthly invoices totaled only $125,472.50, for a difference of $56.00. Thus, we asked BMC to explain this discrepancy. BMC responded that it was due to a typographical error and that the lower number was correct. We appreciate BMC's response and recommend a reduction of $56.00 in fees.

4. In our initial report, we noted that during the current Application Period, BMC billed 50.1 hours, for total fees of $10,467.50, on matters pertaining to its fee application preparation BMC's fees for fee application preparation comprise approximately 8.34% of the total fees sought in the Application. Cumulatively, BMC's fees for fee application preparation comprise approximately 8% of the fees sought by BMC over the course of its involvement in the case.[1] Although the Court has not set a defined limit on fees for fee application preparation in this case, such fees must still be reasonable under Section 330 of the Bankruptcy Code. A number of courts,

---

[1] In our final reports for the Twenty-Eighth and Twenty-Ninth Interim Periods, we addressed BMC's cumulative charges for fee application preparation over the course of the case and recommended fee reductions on this issue. *See* Fee Auditor's Final Report Regarding Fee Application of BMC Group for the Twenty-Eighth Interim Period, at ¶ 3; and Fee Auditor's Final Report Regarding Fee Application of BMC Group for the Twenty-Ninth Interim Period, at ¶ 3.

including this one, have established 5% of the total fees billed as a guideline for reasonableness of such fees. In BMC's response to our initial report for the Twenty-Ninth Interim Period, BMC had agreed to reduce its fees for fee application preparation to 5% of its total fees billed on a going forward basis.[2] Thus, we asked BMC whether it would agree to reduce its fees for fee application preparation to 5% of its total fees for the current Application Period, or $6,273.62. BMC responded as follows:

> Pursuant to BMC's response to the 29th Interim Fee Auditor Report, BMC agrees to the proposed reduction request of $4,193.88 as set forth in Paragraph 4. BMC intended to apply the reduction prior to the filing of the 31st Interim, but overlooked it in the final preparation.

We appreciate BMC's response and recommend a reduction of $4,193.88 in fees.

## CONCLUSION

5. Thus, we recommend approval of $121,278.62 in fees ($125,528.50 minus $4,249.88) and $8,757.58 in expenses for BMC's services for the Application Period.

---

[2] BMC stated the following:

> Rather than continue to incur fees each quarter responding to the Fee Examiner's Report about its charges for preparation of fee applications, BMC suggests that on a going-forward basis, following the guidelines established by the Court, BMC will agree to voluntarily reduce, on an interim basis, the fees requested in the Fee Application category to not less than 5% for each quarter. Since the 5% is calculated on the cumulative total, at the end of the case, should BMC's final cumulative total be under the 5% guideline, then BMC will request that the Court allow the voluntary reductions in an amount to bring BMC's fees in the Fee Application category to 5% of the final cumulative total. Fee Auditor's Final Report Regarding Fee Application of BMC Group for the Twenty-Ninth Interim Period, at ¶ 3.

**FEE AUDITOR'S FINAL REPORT** - Page 3
wrg FR BMC 31Q 10-12.08.wpd

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

Republic Center
325 N. St. Paul Street, Suite 1250
Dallas, Texas 75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 10th day of June, 2009.

_____
    Warren H. Smith

## SERVICE LIST
### Notice Parties

**The Applicant**
Myrtle H. John
BMC Group
600 1st Avenue, Suite 300
Seattle, Washington 98104

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE  19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801