IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.* | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: June 29, 2009, 10:30 am ET** |
| | | **Response Deadline: June 12, 2009** |
| | | **Re: Docket Nos. 21784, 21787 and 21805** |
| | | **June 29, 2009 Agenda Nos. 12, 13 and 14** |

### DEBTORS' OBJECTION TO CERTAIN MOTIONS FOR TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES

The Debtors object to the Motions for Temporary Allowance of Claims for Voting Purposes filed by Anderson Memorial Hospital, the City of Vancouver and the School District 68 Nanaimo-Ladysmith (together, the "Claimants"). In support of this Objection, the Debtors state the following:

### Introduction and Background

On March 31, 2003, the Claimants filed Proofs of Claim for their alleged Asbestos PD Claims (together the "Proofs of Claim"). See Claim Nos. 12476, 11627 and 11008. On September 1, 2005, the Debtors objected to all three of the claims.[1] At least some of the objections remain pending and unresolved. The Claimants seek orders of the Court allowing their claims as Class 7A Asbestos PD Claims for voting purposes in the amounts of $16 million (Claim No. 11008) for Anderson Memorial Hospital, $2,664,880 (Claim No. 12476) for the City of Vancouver and $2,098,40 (Claim No. 11627) for the School District 68 Nanaimo-Ladysmith.

---

[1] See Debtors' Fifteenth Omnibus Objection (Substantive) to Asbestos Property Damage Claims (Docket Nos. 9315, 9334-37).

The Claimants contend that their claims should be temporarily allowed because the objections thereto were filed too late to be heard prior to the Plan confirmation hearing.[2]

Allowing the claims in any amount would be directly contrary to the Voting Procedures approved by the Court and must be denied. Pursuant to section 3.1.7 of the Plan, all allowed Class 7A claims, which consist of all Asbestos PD Claims against the Debtors other than US ZAI PD Claims, will be paid in full. Thus, under section 1124 of the Bankruptcy Code, Class 7A Asbestos PD Claims are unimpaired and, pursuant to section 1126 of the Bankruptcy Code, the Debtors are not required to solicit votes of this class. The Debtors are soliciting the votes of Holders of Class 7A Asbestos PD Claims only for purposes of the numerosity requirement of section 524(g)(2)(B)(ii) of the Bankruptcy Code.

As a result, the Claimants' motions requesting temporary allowance should be denied because (a) such allowance would be contrary to the Plan's Voting Procedures, and (b) no legitimate purpose would be served by estimating the Claimants' claims for voting purposes.

**Argument**

**I.    Class 7A Asbestos PD Claims are Unimpaired and are Presumed to Accept the Plan.**

1.    Pursuant to section 1123(a)(2) of the Bankruptcy Code, the Debtors may specify any class of Claims that is not impaired by the Plan. A class of claims is unimpaired if the plan leaves unaltered the legal, equitable and contractual rights to which each claim in the class entitles the holder of such claim. See 11 U.S.C. 1124(1). As a class that is unimpaired is

---

[2]    The Claimants contend that "temporary allowance is appropriate when, among other things, the claim objection was filed too late to be heard prior to the confirmation hearing." See Anderson Memorial Hospital's Motion for Temporary Allowance of Claim for Voting Purposes ¶ 2 (Docket No. 21784); City of Vancouver's Motion for Temporary Allowance of Claim for Voting Purposes ¶ 2 (Docket No. 21786); and School District 68 Nanaimo-Ladysmith's Motion for Temporary Allowance of Claim for Voting Purposes ¶ 2 (Docket No. 21787). However, as noted, the objections to the Claimants' claims were filed on September 1, 2005 and there has been substantial litigation with respect to the claims, especially regarding Anderson Memorial Hospital, since that time.

2

conclusively presumed to accept a plan, solicitation of acceptances from the holders of claims in such class is not required. See 11 U.S.C. 1126(f).

2.     Class 7A Asbestos PD Claims will be paid in full and are, therefore, unimpaired by the Plan. As holders of claims in an unimpaired class, the Claimants are presumed to accept the Plan and the Debtors are not required to solicit the votes of the Claimants pursuant to section 1126 of the Bankruptcy Code.

## II.     As Unimpaired Creditors, the Amounts of the Claimants' Claims are Irrelevant.

3.     The Claimants cite In re Frascella Enter., Inc., 360 B.R. 435 (Bankr. E.D. Pa. 2007), to support their contention that temporary allowance of their claims is appropriate. However, the court's holding in Frascella supports denial of the Claimants' requests. The court held that estimation procedures for claims are irrelevant where the procedures would not alter the outcome of the vote. See id., 360 B.R. at 459-60.

4.     As noted above, the Debtors are not soliciting the votes of the Claimants pursuant to section 1126(c) of the Bankruptcy Code, which requires that a plan be accepted by *impaired* creditors holding at least two-thirds in amount and more than one-half in number of the allowed claims of such class. See 11 U.S.C. 1126(c). The Debtors are soliciting the votes of holders of Asbestos PD Claims solely for the purposes of section 524(g)(2)(B)(ii)(IV)(bb) of the Bankruptcy Code, which provides that a class whose claims are to be channeled to a 524(g) trust must vote in favor of a plan by at least 75% of those voting. For 524(g) purposes, the Claimants' claims have already each been counted as one vote, each rejecting the Plan.[3]

5.     The amounts of the Claimants' claims are not relevant to the outcome of the vote to accept or reject the Plan pursuant to section 524(g) of the Bankruptcy Code and the votes of

---

[3]     See Declaration of Kevin A. Martin Certifying Tabulation of Ballots Regarding Vote on First Amended Joint Plan of Reorganization (Docket No. 22020).

3

holders of Class 7A Asbestos PD Claims are not being solicited pursuant to 1126(c).[4] Thus, the

Claimants' motions must be denied.

### Conclusion

WHEREFORE, Grace requests that this Court deny the Claimants' motions to

temporarily allow their claims in any amount for purposes of voting on the Plan.

Dated:  June 12, 2009                        Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore O. Freedman
Marc A. Lewinstein
601 Lexington Avenue
New York, NY  10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

The Law Offices of Janet S. Baer P.C.
70 West Madison Street, Suite 2100
Chicago, IL  60602
Phone: (312) 641-2162
Fax: (312) 641-2165

and

---

[4] Even if it were relevant to estimate an amount for each Claim, the Debtors object to the amounts requested by the Claimants. The Claimants have provided no basis to support the alleged dollar value of the Claims.

4

PACHULSKI STANG ZIEHL & JONES LLP

*James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Phone: (302) 652-4100
Fax: (302) 652-4400

Co-Counsel for Debtors and Debtors in Possession

DOCS_DE:149351.1