**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139(JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related Docket No. 22071** |

**MOTION OF BNSF RAILWAY COMPANY TO
QUASH NOTICE OF DEPOSITION OF BNSF PHASE II WITNESSES
FILED BY ARROWOOD INDEMNITY COMPANY F/K/A
<u>ROYAL INDEMNITY COMPANY (DOCKET NO. 22017)</u>**

BNSF Railway Company ("BNSF"), by its undersigned counsel, hereby moves to quash the Notice of Deposition of BNSF Phase II Witnesses (the "Deposition Notice") filed by Arrowood Indemnity Company f/k/a Royal Indemnity Company ("Arrowood"), and in support thereof states as follows:

1. After 11:00 p.m. on Thursday, June 11, 2009, counsel for BNSF received the Deposition Notice filed by Arrowood, purporting to require BNSF to produce its trial witnesses for deposition scheduled for 9:00 a.m. on June 15, 2009 – in essence, one business day later.

2. Pursuant to the schedule set forth by this Court, fact discovery on Phase II issues ends on June 15, 2009.

3. In response to the Deposition Notice (submitted electronically), BNSF contacted Arrowood's counsel, informing Arrowood that one business day's notice was insufficient to arrange for the deposition of BNSF's witnesses. BNSF informed Arrowood's counsel that it would be willing to produce its witnesses at a mutually convenient time.

4. Surprisingly, Arrowood refused to work with BNSF to determine a mutually agreeable date for the depositions. Instead, Arrowood has taken the position that BNSF must

-1-

-2-

produce its witnesses on Monday, June 15, or be foreclosed from producing any witnesses on the hearing in this matter, allegedly on the basis that BNSF identified its potential witnesses on its preliminary witness list by category rather than by name.

5. At the time the preliminary witness list was filed, BNSF intended to call a document custodian, as well as witnesses designated by the Debtors and other parties in interest. BNSF reserved its right to name additional witnesses in its Final Witness List, due Monday, June 15, 2009, to the extent further discovery resulted in the need to do so.

6. This Court's Initial Case Management Order Related to the First Amended Plan of Reorganization provides:

> Any person named on the final witness disclosure list whose identity was not previously disclosed by the party in interest as having knowledge or information relevant to this dispute may be deposed by other parties in interest thereafter, but in no event later than 30 days after the final witness lists are filed.

7. BNSF will produce any witness it designates for the first time as having knowledge or information relevant to the matters at issue on its Final Witness List at a reasonable time within 30 days of the filing of its final witness list. BNSF is further willing to produce such witness even if such witness had otherwise been identified in answers to written discovery as having knowledge or information relevant to this dispute.

8. Local Bankruptcy Rule 7030-1(b) provides that a party must give at least five days notice of a deposition.[1]

---

[1] Local Rule 7030-1(b) states, "Unless otherwise ordered by the Court, 'reasonable notice' for the taking of depositions under Fed. R. Civ. P. 30(b)(1) shall not be less than five (5) days."

9. Federal Rule of Bankruptcy Procedure 9006(a) provides that when a period of time allowed by local rule is less than eight days, intermediate Saturdays and Sundays are not included.

10. Arrowood was required to provide at least five business days' notice of the deposition, but instead provided only one business day notice. The Deposition Notice is therefore unreasonable and must be quashed.

11. Local Rule 7030-1(c) provides that, if a party seeking to quash a deposition files a motion at least one business day before the scheduled deposition, neither the objecting party, the witness nor any attorney need appear at the deposition until the motion to quash is resolved by the Court. BNSF will not appear at the deposition noticed by Arrowood on just one business days' notice.

Dated: June 12, 2009  
Wilmington, DE

PEPPER HAMILTON LLP

/s/ John H. Schanne II  
Evelyn J. Meltzer (DE 4581)  
John H. Schanne II (DE 5260)  
Hercules Plaza, Suite 5100  
1313 Market Street  
PO Box 1709  
Wilmington, DE 19899-1709  
Tel: (302) 777-6500  
Fax: (302) 777-6511

Of Counsel:

Edward C. Toole, Jr.  
Linda J. Casey  
PEPPER HAMILTON LLP  
3000 Two Logan Square  
18th & Arch Streets  
Philadelphia, PA 19103  
Tel: (215) 981-4000/ Fax: (215) 981-4750

Counsel for BNSF Railway Company

#11106633 v2