# EXHIBIT A

```
        IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE DISTRICT OF DELAWARE

                    -   -   -


   In Re:                      : Chapter 11
                               :
                               : Case No.
   W.R. GRACE & CO., et al, : 01-01139 JKF
                               :
                               : (Jointly
              Debtors          : Administered)


                    -   -   -

              Friday, May 1, 2009
                    -   -   -

              Oral deposition of PETER VAN
   N. LOCKWOOD, ESQUIRE, taken pursuant to
   notice, was held at the offices of CAPLIN
   & DRYSDALE, One Thomas Circle N.W., Suite
   1100, Washington, DC  20005, commencing
   at 9:43 a.m., on the above date, before
   Lori A. Zabielski, a Registered
   Professional Reporter and Notary Public
   in and for the Commonwealth of
   Pennsylvania.


                    -   -   -

              MAGNA LEGAL SERVICES
                Seven Penn Center
               1635 Market Street
                   8th Floor
        Philadelphia, Pennsylvania 19103
```

```
 1   APPEARANCES:
 2
 3   DRINKER BIDDLE & REATH, LLP
     BY:  MICHAEL F. BROWN, ESQUIRE
 4        JEFFREY M. BOERGER, ESQUIRE
     One Logan Square
 5   18th & Cherry Streets
     Philadelphia, Pennsylvania  19103-6996
 6   215.988.2988
     (brownmf@dbr.com)
 7   (jeffrey.boerger@dbr.com)
     Representing OneBeacon America Insurance
 8   Company, Seaton Insurance Company,
     Government Employees Insurance Company,
 9   Columbia Insurance Company f/k/a Republic
     Insurance Company
10
11
     CAPLIN & DRYSDALE, CHARTERED
12   BY:  NATHAN D. FINCH, ESQUIRE
          JEFFREY A. LIESEMER, ESQUIRE*
13        (*VIA TELECONFERENCE)
     One Thomas Circle N.W.
14   Suite 1100
     Washington, DC  20005
15   202.862.7801
     (ndf@capdale.com)
16   (jal@capdale.com)
     Representing Grace, Official Committee of
17   Asbestos Personal Injury Claimants
     ("ACC"), and Witness
18
19
     W.R. GRACE & CO.
20   BY:  RICHARD C. FINKE, ESQUIRE*
          ASSISTANT GENERAL COUNSEL
21        (*VIA TELECONFERENCE)
     5400 Broken Sound Boulevard, NW
22   Suite 300
     Boca Raton, Florida  33487
23   561.362.1533
     Representing W.R. Grace & Co.
24
```

```
 1   APPEARANCES (continued)
 2
 3   KIRKLAND & ELLIS, LLP
     BY:  BARBARA M. HARDING, ESQUIRE
 4        THEODORE L. FREEDMAN, ESQUIRE
     655 Fifteenth Street, N.W.
 5   Washington, DC  20005-5793
     202.879.5081
 6   (barbara.harding@kirkland.com)
     (tfreeedman@kirkland.com)
 7   Representing the Debtors
 8
 9   SIMPSON THACHER & BARTLETT, LLP
     BY:  ELISA ALCABES, ESQUIRE
10   425 Lexington Avenue
     New York, New York  10017-3954
11   212.455.3133
     (ealcabes@stblaw.com)
12   Representing Travelers Casualty and
     Surety Company
13
14
     VORYS, SATER, SEYMOUR AND PEASE, LLP
15   BY:  TIFFANY STRELOW COBB, ESQUIRE*
          ROBERT J. SIDMAN, ESQUIRE*
16        (*VIA TELECONFERENCE)
     52 East Gay Street
17   Columbus, Ohio  43215
     614.464.8322
18   (tscobb@vorys.com)
     Representing The Scotts Company, LLC
19
20
     COHN WHITESELL & GOLDBERG, LLP
21   BY:  DANIEL C. COHN, ESQUIRE
     101 Arch Street
22   Boston, Massachusetts 02110
     617.951.2505
23   (cohn@cwg11.com)
     Representing the Libby Claimants
24
```

```
 1   APPEARANCES (continued)
 2
 3   SPEIGHTS & RUNYAN
     BY:  DANIEL H. SPEIGHTS, ESQUIRE*
 4        (* VIA TELECONFERENCE)
     200 Jackson Avenue East
 5   P.O. Box 685
     Hampton, South Carolina  29924
 6   803.943.4444
     (dspeights@speightsrunyan.com)
 7   Representing Anderson Memorial Hospital
 8
 9   TUCKER ARENSBERG
     BY:  MICHAEL A. SHINER, ESQUIRE
10   1500 One PPG Place
     Pittsburgh, Pennsylvania  15222
11   412.594.5586
     (mshiner@tuckerlaw.com)
12   Representing Certain London Market
     Insurers and AXA Belgium
13
14
     MENDES & MOUNT, LLP
15   BY:  CAROLINA ACEVEDO, ESQUIRE*
          (*VIA TELECONFERENCE)
16   750 Seventh Avenue
     New York, New York  10019
17   212.261.8262
     (carolina.acevedo@mendes.com)
18   Representing AXA Belgium as Successor to
     Royale Belge SSA
19
20
     MENDES & MOUNT, LLP
21   BY:  ALEXANDER MUELLER, ESQUIRE*
          (*VIA TELECONFERENCE)
22   750 Seventh Avenue
     New York, New York  10019-6829
23   212.261.8296
     (alexander.mueller@mendes.com)
24   Representing London Market Companies
```

```
 1   APPEARANCE (continued)
 2
 3   FORD MARRIN ESPOSITO & WITMEYER & GLESER
     BY:  ELIZABETH M. DeCRISTOFARO, ESQUIRE
 4   Wall Street Plaza
     New York, New York  10005-1875
 5   212.269.4900
     Representing Continental Casualty Company
 6   and Continental Insurance Company
 7
 8   BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
     BY:  MATTHEW I, KRAMER, ESQUIRE
 9   200 South Biscayne Boulevard
     Suite 2500
10   Miami, Florida  33131-5340
     305.450.7246
11   (mkramer@bilzin.com)
     Representing Property Damage Committee
12
13
     STROOCK & STROOCK & LAVAN, LLP
14   BY:  ARLENE G. KRIEGER, ESQUIRE
     180 Maiden Lane
15   New York, New York  10038-4982
     212.806.5400
16   (akrieger@stroock.com)
     Representing Official Committee of
17   Unsecured Creditors
18
19   CROWELL & MORING, LLP
     BY:  MARK PLEVIN, ESQUIRE
20        NOAH S. BLOOMBERG, ESQUIRE
     1001 Pennsylvania Avenue NW
21   Washington, DC  20004-2595
     202.624.2913
22   (mplevin@crowell.com)
     (nbloomberg@crowell.com)
23   Representing Fireman's Fund Insurance
     (Surety Bond)
24
```

```
 1   APPEARANCES (continued)
 2
     STEVENS & LEE, P.C.
 3   BY:   JOHN D. DEMMY, ESQUIRE
     1105 North Market Street, 7th Floor
 4   Wilmington, Delaware  19801
     302.654.5180
 5   (jdd@stevenslee.com)
     Representing Fireman's Fund Insurance
 6
 7
     ALAN B. RICH LAW OFFICES
 8   BY:  ALAN B. RICH, ESQUIRE
     Elm Place, Suite 4620
 9   1401 Elm Street
     Dallas, Texas  75202
10   214.744.5100
     (arich@alanrichlaw.com)
11   Representing Property Damage FCR
12
13   CONNOLLY BOVE LODGE & HUTZ, LLP
     BY:   JEFFREY C. WISLER, ESQUIRE
14   The Nemours Building
     1007 North Orange Street
15   P.O. Box 2207
     Wilmington, Delaware   19899
16   302.88.6528
     (jwisler@cblh.com)
17   Representing Maryland Casualty
18
19   ECKERT SEAMANS CHERIN & MELLOTT, LLC
     BY:   EDWARD J. LONGOSZ, II, ESQUIRE
20   1747 Pennsylvania Avenue, NW
     12th Floor
21   Washington, DC  20006
     202.659.6619
22   (elongosz@eckertseamans.com)
     Representing Maryland Casualty and Zurich
23
24
```

```
 1   APPEARANCES (continued)
 2
     WILEY REIN, LLP
 3   BY:  KARALEE C. MORELL, ESQUIRE
     1776 K Street NW
 4   Washington, DC  20006
     202.719.7520
 5   (kmorell@wileyrein.com)
     Representing Maryland Casualty and Zurich
 6
 7
     COZEN O'CONNOR
 8   BY:  JACOB C. COHN, ESQUIRE
     1900 Market Street
 9   Philadelphia, Pennsylvania  19103-3508
     215.665.2147
10   (jcohn@cozen.com)
     Representing Federal Insurance Company
11
12
     ORRICK HERRINGTON & SUTCLIFFE, LLP
13   BY:  JONATHAN P. GUY, ESQUIRE
          JOSHUA M. CUTLER, ESQUIRE
14   Columbia Center
     1152 15th Street, N.W.
15   Washington, DC  20005-1706
     202.339.8516
16   (jguy@orrick.com)
     Representing Future Claimants
17   Representative
18
19   CUYLER BURK, P.C.
     BY:  ANDREW CRAIG, ESQUIRE
20   4 Century Drive
     Parsippany, New Jersey  07054
21   973.734.3200
     (acraig@cuyler.com)
22   Representing Allstate Insurance Company
23
24
```

```
 1   APPEARANCES (continued)
 2
 3   WILSON ELSER MOSKOWITZ EDELMAN & DICKER,
     LLP
 4   BY:  CARL PERNICONE, ESQUIRE*
          (*VIA TELECONFERENCE)
 5   150 East 42nd Street
     New York, New York  10017-5639
 6   212.915.5656
     (carl.pernicone@wilsonelser.com)
 7   Representing Arrowood Indemnity Company
 8
 9   WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
     BY:  KEVIN J. MANGAN, ESQUIRE*
10        (*VIA TELECONFERENCE)
     222 Delaware Avenue
11   Suite 1501
     Wilmington, Delaware  19801
12   302.252.4361
     (kmangan@wcsr.com)
13   Representing State of Montana
14
15   PEPPER HAMILTON, LLP
     BY:  LINDA J. CASEY, ESQUIRE*
16        (*VIA TELECONFERENCE)
     3000 Two Logan Square
17   Philadelphia, Pennsylvania  19103
     215.981.4000
18   (caseyl@pepperlaw.com)
     Representing BNSF Railway Company
19
20                    -   -   -
21
22
23
24
```

```
 1                    -   -   -
 2                  I N D E X
 3                    -   -   -
 4
 5    Testimony of:
 6           PETER VAN N. LOCKWOOD, ESQUIRE
 7
 8    By Mr. Brown              Page   12
 9    By Ms. Alcabes            Page   267
10    By Ms. Cobb               Page   339
11    By Mr. Cohn               Page   368
12
13
14                    -   -   -
15                  E X H I B I T S
16                    -   -   -
17    NO.    DESCRIPTION                 PAGE
18    1    Amended Notice of Deposition
           of Asbestos PI Committee...   12
19
      2    Objections to the Official
20         Committee...                  12
21    3    Form 8-K and Term Sheet       15
22    4    Exhibit-6 to Exhibit Book     26
23    5    First Amended Joint Plan of
           Reorganization...             27
24
```

```
 1   EXHIBITS (continued)

 2

 3   NO.    DESCRIPTION                        PAGE

 4   6      Exhibit-19 to Exhibit Book         83

 5   7      Settlement Agreement
            * CONFIDENTIAL *                   144

 6

     8      Complaint for Declaration of

 7          the Relief...                      175

 8   9      Diagram                            175

 9   10     Exhibit-2 to Exhibit Book          196

10   11     Exhibit-4 to Exhibit Book          224

11   12     Exhibit-10 to Exhibit Book         260

12   13     Travelers Casualty and Surety
            Company's Notice of Deposition

13          to the Official Committee of
            Asbestos Personal Injury

14          Claimants...                       267

15   14     Debtors' Disclosure...             280

16   15     Documents bearing Bates stamps
            TRAVAS0000019 through 141

17          * CONFIDENTIAL *                   289

18   16     Notice of Service of Discovery 324

19
                       -   -   -

20

21

22

23

24
```

1   for resolution and they will never be

2   allowed or disallowed in this bankruptcy

3   case.  And the way the term "disallowed"

4   is used is to describe things that happen

5   in the bankruptcy case under Section 502

6   of the bankruptcy code.

7               I believe, although I am not

8   really all that familiar with the

9   negotiations of the U.S. ZAI PD, that

10  essentially the same outcome or process

11  is contemplated by that, namely, the U.S.

12  ZAI PD claims are being channelled to PD

13  Trust for resolution, and they are not

14  going to get resolved, i.e. allowed or

15  disallowed in the bankruptcy case.  So

16  this is simply to note that fact, if you

17  will.

18          Q.   Okay.  Just so I understand

19  you, asbestos PI claims then are not

20  subject to 502(e) disallowance under the

21  Plan; is that correct?

22               MR. FINCH:  Object to form.

23               THE WITNESS:  That is

24          correct.

```
1              THE WITNESS:   That's what I
2         meant earlier by it's a question
3         of performance after the fact in
4         the future by the parties to the
5         agreement.
6              It's entirely possible to me
7         that the Trust will be bound by
8         the indemnification provision, and
9         the only issue is whether or not
10        it would be handled by set-off, if
11        it ever came to pass, or -- I
12        mean, part of the problem is one
13        of the reasons is if Travelers
14        agreed that this indemnification
15        agreement would be honored by it
16        with whatever negotiations we had,
17        then Travelers would be a settled
18        insurers and this indemnification
19        wouldn't be a problem for Traveler
20        because nobody could make claims
21        against it.
22             Right now, nobody can make
23        claims against Travelers, I don't
24        think, because of the asbestos
```

1                    THE WITNESS:  As far as I

2          know, none.

3    BY MS. COBB:

4          Q.    If the non-settled insurance

5    companies are not making a contribution

6    to the Plan, would you agree then that

7    they are not entitled to 524(g)

8    protection?

9                    MS. HARDING:  Object to

10         form.

11                   THE WITNESS:  Well, if they

12         are not making a contribution and

13         nobody else is making a

14         contribution on their behalf, then

15         I would agree that under the

16         statute, it would be hard to see

17         how they would be entitled to

18         protection under Section 524(g).

19   BY MS. COBB:

20         Q.    Are the non-settled

21   insurance companies getting a benefit

22   from the asbestos insurance entity

23   injunction to the extent that the claims

24   against them are enjoined by that

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re:                          : Chapter 11
                                :
                                : Case No.
W.R. GRACE & CO., et al,        : 01-01139 JKF
                                :
                                : (Jointly
                Debtors         : Administered)


Monday, May 4, 2009


Continuation of oral

deposition of PETER VAN N. LOCKWOOD,

ESQUIRE, taken pursuant to notice, was

held at the offices of CAPLIN & DRYSDALE,

One Thomas Circle N.W., Suite 1100,

Washington, DC  20005, commencing at

12:05 p.m., on the above date, before

Lori A. Zabielski, a Registered

Professional Reporter and Notary Public

in and for the Commonwealth of

Pennsylvania.

MAGNA LEGAL SERVICES
Seven Penn Center
1635 Market Street
8th Floor
Philadelphia, Pennsylvania 19103

Page 450

APPEARANCES

DRINKER BIDDLE & REATH, LLP
BY: MICHAEL F. BROWN, ESQUIRE
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
215.988.2924
(brownmf@dbr.com)
(jeffrey.boerger@dbr.com)
Representing OneBeacon America Insurance
Company, Seaton Insurance Company,
Government Employees Insurance Company,
Columbia Insurance Company (f/k/a Republic
Insurance Company)

CAPLIN & DRYSDALE, CHARTERED
BY: NATHAN D. FINCH, ESQUIRE
   JEFFREY A. LIESEMER, ESQUIRE*
   (*VIA TELECONFERENCE)
One Thomas Circle N.W.
Suite 1100
Washington, DC 20005
202.862.7801
(jal@capdale.com)
Representing Grace, Official Committee of
Asbestos Personal Injury Claimants
("ACC"), and Witness

ANDERSON KILL & OLICK, P.C.
BY: ROBERT M. HORKOVICH, ESQUIRE
1251 Avenue of the Americas
New York, New York 10020
212.278.1322
(rhorkovich@andersonkill.com)
Representing the ACC

Page 451

APPEARANCES (continued)

KIRKLAND & ELLIS, LLP
BY: THEODORE L. FREEDMAN, ESQUIRE
655 Fifteenth Street, N.W.
Washington, DC 20005-5793
202.879.5081
(tfreedman@kirkland.com)
Representing the Debtors

THE LAW OFFICES OF JANET S. BAER, P.C.
BY: JANET S. BAER, ESQUIRE
70 West Madison Street
Suite 2100
Chicago, Illinois 60602
312.641.2162
Representing the Debtors

SIMPSON THACHER & BARTLETT, LLP
BY: SAMUEL J. RUBIN, ESQUIRE*
   (*VIA TELECONFERENCE)
425 Lexington Avenue
New York, New York 10017-3954
212.455.3125
(srubin@stblaw.com)
Representing Travelers Casualty and
Surety Company

VORYS, SATER, SEYMOUR AND PEASE, LLP
BY: TIFFANY STRELOW COBB, ESQUIRE*
   (*VIA TELECONFERENCE)
52 East Gay Street
Columbus, Ohio 43215
614.464.8322
(tscobb@vorys.com)
Representing The Scotts Company, LLC

Page 452

APPEARANCES (continued)

COHN WHITESELL & GOLDBERG, LLP
BY: DANIEL C. COHN, ESQUIRE
101 Arch Street
Boston, Massachusetts 02110
617.951.2505
(cohn@cwg11.com)
Representing the Libby Claimants

SPEIGHTS & RUNYAN
BY: DANIEL H. SPEIGHTS, ESQUIRE*
   (*VIA TELECONFERENCE)
200 Jackson Avenue East
P.O. Box 685
Hampton, South Carolina 29924
803.943.4444
(dspeights@speightsrunyan.com)
Representing Anderson Memorial Hospital

TUCKER ARENSBERG
BY: MICHAEL A. SHINER, ESQUIRE*
   (*VIA TELECONFERENCE)
1500 One PPG Place
Pittsburgh, Pennsylvania 15222
412.594.5586
(mshiner@tuckerlaw.com)
Representing Certain London Market
Insurers and AXA Belgium

FORD MARRIN ESPOSITO & WITMEYER & GLESER
BY: ELIZABETH M. DeCRISTOFARO, ESQUIRE
Wall Street Plaza
New York, New York 10005-1875
212.269.4900
Representing Continental Casualty Company
and Continental Insurance Company

Page 453

APPEARANCES (continued)

BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
BY: MATTHEW I. KRAMER, ESQUIRE*
   (*VIA TELECONFERENCE)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131-5340
305.350.7240
(mkramer@bilzin.com)
Representing Property Damage Committee

STROOCK & STROOCK & LAVAN, LLP
BY: ARLENE G. KRIEGER, ESQUIRE*
   (*VIA TELECONFERENCE)
180 Maiden Lane
New York, New York 10038-4982
212.806.5400
(akrieger@stroock.com)
Representing Official Committee of
Unsecured Creditors

CROWELL & MORING, LLP
BY: MARK PLEVIN, ESQUIRE
   NOAH S. BLOOMBERG, ESQUIRE
1001 Pennsylvania Avenue NW
Washington, DC 20004-2595
202.624.2913
(mplevin@crowell.com)
(nbloomberg@crowell.com)
Representing Fireman's Fund Insurance
(Surety Bond)

Page 454

```
 1   APPEARANCES (continued)
 2
 3   STEVENS & LEE P.C
     BY: JOHN D. DEMMY, ESQUIRE*
 4      (* VIA TELECONFERENCE)
     1105 North Market Street, 7th Floor
 5   Wilmington, Delaware 19801
     302 654 5180
 6   jdd@stevenslee.com]
     Representing Fireman's Fund Insurance
 7
 8
 9   ALAN B. RICH LAW OFFICES
     BY: ALAN B. RICH, ESQUIRE*
10      (*VIA TELECONFERENCE)
     Elm Place, Suite 4620
11   1401 Elm Street
     Dallas, Texas 75202
12   214 744 5180
     [arich@alanbrichlaw.com]
13   Representing Property Damage FCR
14
15   CONNOLLY BOVE LODGE & HUTZ, LLP
     BY: JEFFREY C. WISLER ESQUIRE
16   The Nemours Building
     1007 North Orange Street
17   P.O. Box 2207
     Wilmington, Delaware  19899
18   302 888 6528
     [jwisler@cblh.com]
19   Representing Maryland Casualty
20
     ECKERT SEAMANS CHERIN & MELLOTT, LLC
21   BY: EDWARD J. LONGOSZ, II ESQUIRE
     1747 Pennsylvania Avenue, NW
22   17th Floor
     Washington, DC 20006
23   202 659 6649
     [elongosz@eckertseamans.com]
24   Representing Maryland Casualty and Zurich
```

Page 455

```
 1   APPEARANCES (continued)
 2
 3   WILEY REIN, LLP
     BY: KARALEE C. MORELL, ESQUIRE
 4   1776 K Street NW
     Washington, DC  20006
 5   202 719 7529
     [kmorell@wileyrein.com]
 6   Representing Maryland Casualty and Zurich
 7
 8   COZEN O'CONNOR
     BY  ILAN ROSENBERG, ESQUIRE*
 9      (*VIA TELECONFERENCE)
     1900 Market Street
10   Philadelphia, Pennsylvania  19103-3508
     215 665 4691
11   [irosenberg@cozen.com]
     Representing Federal Insurance Company
12
13
     ORRICK HERRINGTON & SUTCLIFFE, LLP
14   BY: JONATHAN P. GUY ESQUIRE
        JOSHUA M. CUTLER ESQUIRE
15   Columbia Center
     1152 15th Street, N W
16   Washington, DC  20005-1706
     202 339 8516
17   [jguy@orrick.com]
     Representing Future Claimants
18   Representative
19
20   CUYLER BURK, P.C.
     BY  TANYA M. MASCARICH, ESQUIRE*
21      (*VIA TELECONFERENCE)
     4 Century Drive
22   Parsippany, New Jersey 07054
     973 734 3200
23   [tmascarich@cuylerburk.com]
     Representing Allstate Insurance Company
24
```

Page 456

```
 1   APPEARANCES (continued)
 2
 3   WILSON ELSER MOSKOWITZ EDELMAN & DICKER,
     LLP
 4   BY: CARL PERNICONE, ESQUIRE
     150 East 42nd Street
 5   New York, New York 10017-5639
     212 915 5650
 6   [carl.pernicone@wilsonelser.com]
     Representing Arrowood Indemnity Company
 7
 8   O'MELVENY & MYERS, LLP
     BY: TANCRED SCHIAVONI, ESQUIRE*
 9      (*VIA TELECONFERENCE)
     Times Square Tower
10   7 Times Square
     New York, New York 10036
11   212 326 2267
     [tschiavoni@omm.com]
12   Representing Arrowood Indemnity Company
13
14   WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
     BY: KEVIN J. MANGAN, ESQUIRE*
15      (*VIA TELECONFERENCE)
     222 Delaware Avenue
16   Suite 1501
     Wilmington, Delaware  19801
17   302 252 4361
     [kmangan@wcsr.com]
18   Representing State of Montana
19
20   PEPPER HAMILTON, LLP
     BY: LINDA J. CASEY, ESQUIRE*
21      (*VIA TELECONFERENCE)
     3000 Two Logan Square
22   Philadelphia, Pennsylvania 19103
     215 981 4000
23   [caseyl@pepperlaw.com]
     Representing BNSF Railway Company
24
```

Page 457

```
 1   APPEARANCES (continued)
 2
 3   GOODWIN PROCTER, LLP
 4   BY  DANIEL M. GLOSBAND, ESQUIRE*
        (*VIA TELECONFERENCE)
 5   Exchange Place
     53 State Street
 6   Boston, Massachusetts  02109
     617 570 1930
 7   [dglosband@goodwinprocter.com]
     Representing CNA Insurance
 8
 9
     KRAMER LEVIN NAFTALIS & FRANKEL, LLP
10   BY: GREGORY A HOROWITZ, ESQUIRE
     1177 Avenue of the Americas
11   New York, New York 10036
     212 715 9571
12   [ghorowitz@kramerlevin.com]
     Representing Official Committee of Equity
13   Holders
14
15
16
17
18
19
20
21
22
23
24
```

Page 458

```
 1              - - -
 2          INDEX
 3              - - -
 4
 5   Testimony of:
 6      PETER VAN N. LOCKWOOD, ESQUIRE
 7
 8   By Mr. Cohn         Page 462
 9   By Mr. Wisler       Page 531
10   By Mr. Mangan       Page 544
11   By Ms. Casey        Page 549
12   By Mr. Speights     Page 563
13   By Mr. Plevin       Page 606
14   By Mr. Schiavoni    Page 624
15   By Mr. Brown        Page 636
16
17              - - -
18          E X H I B I T S
19
20   NO.   DESCRIPTION          PAGE
21   17    Notice of Deposition of
           Asbestos PI Committee Pursuant
22         to Rule 30(b)(6)         460
23   18    Exhibit 8 to Exhibit Book   460
```

Page 459

```
 1              - - -
 2       DEPOSITION SUPPORT INDEX
 3              - - -
 4
 5   Direction to Witness Not to Answer:
 6   Page  Line       Page   Line
 7   620   11         632    14
 8
 9
10   Request for Production of Documents:
11   Page  Line       Page   Line
12   NONE
13
14
15   Stipulations:
16   Page  Line       Page   Line
17   12    02
     (Previously)
18
19
20   Area(s) Marked Confidential:
21   Page  Line       Page   Line
22   NONE
23
24
```

Page 460

```
 1              - - -
 2       PETER VAN N. LOCKWOOD,
 3   ESQUIRE, after having been first
 4   duly sworn, was examined and
 5   testified as follows:
 6              - - -
 7          PROCEEDINGS
 8              - - -
 9      (ACC 30(b)(6)-17 and 18
10   premarked for identification at
11   this time.)
12              - - -
13      MR. COHN: Go ahead,
14   Mr. Schiavoni.
15      MR. SCHIAVONI: I just
16   wanted to object. We have written
17   the Libby claimants separately
18   about this, but we object to them
19   doing any questioning of
20   Mr. Lockwood on the grounds that
21   the Libby claimants are members of
22   the committee; they have not
23   objected to Mr. Lockwood's
24   designation to testify on behalf
```

Page 461

```
 1   of the committee; nor have they
 2   offered in response to requests
 3   any alternative witness to testify
 4   on any topics on which they
 5   disagree with Mr. Lockwood.
 6      We see Mr. Lockwood's
 7   testimony and the failure of the
 8   Libby claimants to object to the
 9   designation of Mr. Lockwood as an
10   adoptive omission by the Libby
11   claimants, and we object to any
12   questioning by them as essentially
13   questioning seeking to impeach
14   their own witness. Thank you.
15      MR. COHN: You are welcome.
16   We will respond to your
17   correspondence, but, for the
18   moment, let's simply say that we
19   reject the basis for your
20   objection.
21      MR. SCHIAVONI: If there are
22   any topics that the Libby
23   claimants object to Mr. Lockwood's
24   designation on, we need to know
```

Page 462

1  what those topics are before this
2  deposition is completed so we can
3  question on those topics.
4  MR. COHN: So far as the
5  Libby claimants are aware,
6  Mr. Lockwood has been properly
7  designated as the spokesman for
8  the Asbestos PI Committee as an
9  entity.
10  So with that, why don't we
11  start.
12  - - -
13  EXAMINATION
14  - - -
15  BY MR. COHN:
16  Q.  We didn't do this last time,
17  so let me hand you what has been marked
18  as ACC 30(b)(6) Exhibit-17 and ask
19  whether you recognize it.
20  A.  I do.
21  Q.  And what is it?
22  A.  It's a Notice of Deposition
23  of the ACC by the Libby claimants.
24  Q.  Okay.  And that's a

Page 463

1  deposition under Rule 30(b)(6)?
2  A.  Correct.
3  Q.  And you are the person who
4  has been designated by the Asbestos
5  Claimants Committee to appear on behalf
6  of the committee?
7  A.  To my great good fortune,
8  yes.
9  Q.  Okay.  Now, this deposition
10  was begun on Friday, May 1st; is that
11  correct?
12  A.  Yes.
13  Q.  And we suspended at about
14  7:45 in the evening?
15  A.  As best I can recall, that
16  seems about right.
17  Q.  Since that time, have you
18  spoken with your counsel at all?
19  A.  Do you mean Mr. Finch?
20  Q.  Or any of the lawyers
21  representing you?
22  A.  Well, Mr. Finch and I were
23  on a conference call this morning on
24  matters wholly unrelated to this case.  I

Page 464

1  haven't discussed my testimony with him,
2  if that's what you are inquiring about.
3  Q.  Yes.  The next question
4  would be whether you have discussed
5  either the testimony that you have given
6  or the testimony that you are going to
7  give in this deposition.
8  A.  I have not discussed that
9  with anybody --
10  Q.  Okay.
11  A.  -- since Friday, which, I
12  guess, was your question.
13  Q.  That was the question.
14  All right.  Is it the case
15  that any asbestos PI claimant may elect
16  individual review of his claim?
17  MS. BAIER: Objection to
18  form.  Basis?  What are you
19  talking about, in the world?
20  MR. COHN: Okay  Let me
21  start again.
22  BY MR. COHN:
23  Q.  Let me refer you to the TDP,
24  which has been marked as ACC Exhibit-11.

Page 465

1  A.  I have it.
2  Q.  And ask you under the TDP
3  whether any asbestos PI claimant may
4  elect individual review of his claim?
5  A.  As best I can recall,
6  assuming the claimant has not previously
7  elected expedited review and subject to
8  the provisions relating to expedited
9  review, the answer to that question is
10  yes.  There are specific provisions in
11  the TDP that address individual review
12  and how it's to be elected and how it's
13  to proceed.
14  Q.  And when a claimant properly
15  in accordance with the TDP elects
16  individual review, what happens next?
17  A.  Well, that depends, frankly,
18  on how the trustees after consummation of
19  the Plan proceed to establish the claims
20  handling or resolution facility.  As of
21  right now, the Grace Trust doesn't exist,
22  doesn't have claims handling facility,
23  and, therefore, there is no specific set
24  of personnel or internal procedures that

Page 630

1    testimony on behalf of the committee with
2    respect to any of the topics on which the
3    committee's designated you as a 30(b)(6)
4    witness?
5        A.  Not that I recall.
6        Q.  Did either Mr. Heberling or
7    his client, which is a member of the
8    committee, convey any position to the
9    committee concerning the treatment of
10   asbestos PI claims that's in any way
11   inconsistent with the testimony that you
12   have offered today?
13       MR. FINCH:  Objection, form,
14   foundation.  To the extent that
15   calls for privileged
16   communications, I instruct the
17   witness not to answer  To the
18   extent that calls for settlement
19   communications, I instruct the
20   witness not to answer
21       If you can answer subject to
22   either of those instructions, you
23   can do so.
24       THE WITNESS:  Mr. Cohn and

Page 631

1    his clients have filed voluminous
2    papers in this case expressing
3    positions with which the majority
4    of the committee is in
5    disagreement, and the committee
6    has filed papers in opposition or
7    otherwise in response to those
8    papers
9        You have asked me whether or
10   not anything I have said in the
11   course of a day and a half of
12   testimony is inconsistent with the
13   positions expressed by the Libby
14   claimants in those papers  I
15   would have to say it strikes me as
16   probable that I have said things
17   that were inconsistent with those
18   positions.  But for me to go back
19   and recite from memory everything
20   that I might have said that might
21   be so inconsistent, I could not
22   begin to accomplish.
23   BY MR. SCHIAVONI:
24       Q.  Have Mr. Heberling and his

Page 632

1    client taken positions inconsistent with
2    the other committee members with regard
3    to the Plan that's now on file?
4        A.  Yes.
5        Q.  And has that been the case
6    for the last year?
7        A.  Probably, I would say so, at
8    least.
9        Q.  Would you tell us what
10   positions the Libby claimants took in
11   meetings with the other ACC members with
12   regard to the insurance coverage that's
13   alleged to be issued to Grace?
14       MR. FINCH:  Objection.  To
15   the extent he is calling for
16   discussions between committee
17   members in the presence of
18   committee counsel that would
19   reveal privileged communications
20   or work product communications, I
21   instruct you not to answer the
22   question.
23       I think on its face, the
24   question invades the privilege,

Page 633

1    but if you can answer the question
2    without so doing, you may do so,
3    although I tend to doubt it.
4        THE WITNESS:  Read the
5    question back.
6        (The reporter read from the
7    record as requested.)
8        THE WITNESS:  I have been
9    instructed not to answer that
10   question by my understanding my
11   instructions.
12       MR. SCHIAVONI:  And, Nate, I
13   don't want to belabor the point,
14   but this would be the case with
15   regard to other questions about
16   what positions the Libby claimants
17   had communicated to the other
18   committee members in which they
19   are in opposition to the other
20   committee members, right?
21       THE WITNESS:  Any
22   communication that happened that
23   wasn't as a result of them filing
24   something in court, I would take

Page 634

1 the same position and give the
2 same instruction.
3 If you ask about questions
4 that Libby claimants have taken in
5 papers filed in the court, for
6 example, in a Disclosure Statement
7 objections and the bullet point
8 Plan objections and the
9 committee's responses made to that
10 in open court, I will permit
11 Mr. Lockwood certainly to answer
12 those questions.
13 But anything that gets into
14 communications with between the
15 Libby claimants with the rest of
16 the ACC or counsel for the ACC
17 about their respective views of
18 insurance coverage, I am going to
19 take the position as privileged.
20 And so I think you have to
21 do it on a question-by-question
22 basis, but that's my general
23 position.
24 BY MR. SCHIAVONI:

Page 635

1 Q. Okay. Mr. Lockwood, I just
2 have one other brief topic. And here is
3 the first question on that: Does the
4 Plan purport to release claims that may
5 exist between insurers and Non-Debtors?
6 MR. FINCH: Objection, form,
7 broad, vague.
8 THE WITNESS: Phrased as
9 broadly as you have, I think the
10 answer is yes.
11 MR. SCHIAVONI: Okay. Thank
12 you. I have no further questions.
13 MR. FINCH: Is there anyone
14 else in the room who has
15 questions?
16 MR. BROWN: I have some
17 follow-ups.
18 MR. FINCH: Is there anyone
19 else on the telephone who has not
20 asked questions yet who has
21 questions?
22 (No response.)
23 MR. FINCH: Hearing no
24 affirmative response, I will let

Page 636

1 you have follow-up until we run
2 out of time.
3 (There was a discussion held
4 off the record at this time.)
5 (There was a break from 3:55
6 p.m. to 4:03 p.m.)
7 - - -
8 EXAMINATION
9 - - -
10 BY MR. BROWN:
11 Q. Mr. Lockwood, just a couple
12 of follow-ups. The court reporter is
13 actually going to read back a question
14 and answer. I think it's probably easier
15 to do that, and then I will ask my
16 follow-up question. It was end of
17 Mr. Wisler's questioning of you.
18 A. Okay.
19 (The reporter read from the
20 record as requested.)
21 BY MR. BROWN:
22 Q. And after that,
23 Mr. Lockwood, Mr. Wisler asked you a
24 follow-up as to what type of claim it

Page 637

1 would be.
2 And is it correct that the
3 ACC does not have a position on what type
4 of claim it would be if it's not a Class
5 6 claim?
6 A. Well, the ACC doesn't, as
7 such, have positions on hypothetical
8 questions. So, yes, the ACC doesn't have
9 a position on that issue. The ACC —
10 well, I will leave it at that.
11 Q. On Friday, Mr. Cohn asked
12 you a question, who drafted the TDP.
13 That was the question, and you gave an
14 answer which I am happy to show you the
15 full answer. But I WANT to repeat a
16 portion of your answer. You said: "The
17 participants that did it were basically
18 counsel for the ACC, counsel for the FCR,
19 and members of the ACC itself in terms of
20 reviewing and commenting on things, and
21 the FCR himself."
22 When you said the ACC
23 itself, what did you mean?
24 A. I meant —