# EXHIBIT C

1

```
 1        IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF DELAWARE
 2        _____X
          In Re:                 Chapter 11
 3
 4                               Case No.
 5                               01-01139 JKF
          W.R. Grace & Co., et al.,
 6
                                 (Jointly
 7              Debtors.         Administered)
          _____X
 8
 9          * * * CONFIDENTIAL * * *
10                 _   _   ...
11              May 13, 2009
12                 _   ..   _
13          DEPOSITION of RICHARD FINKE, held
14     at the offices of Kirkland & Ellis, 655
15     Fifteenth Street, N.W., Washington, DC,
16     commencing at 9:32 A.M., on the above
17     date, before Lisa Lynch, a Registered
18     Merit Reporter, New Jersey Certified Court
19     Reporter, License No. XI00825, and
20     Certified Realtime Reporter
21                 _   _   _
22          MAGNA LEGAL SERVICES, LLP
23          7 Penn Center, 8th Floor
              1635 Market Street
24          Philadelphia, PA  19103
```

```
 1     A P P E A R A N C E S:
 2
       DRINKER BIDDLE & REATH, LLP
 3     BY:  MICHAEL F. BROWN, ESQUIRE
       One Logan Square
 4     18th and Cherry Streets
       Philadelphia, Pennsylvania 19103-6996
 5     (brownmf@dbr.com)
       Representing OneBeacon America Insurance
 6     Company, Seaton Insurance Company,
       Government Employees Insurance Company,
 7     Columbia Insurance Company f/k/a Republic
       Insurance Company
 8
 9     CAPLIN & DRYSDALE, CHARTERED
       BY:  JEFFREY A. LIESEMER, ESQUIRE
10     One Thomas Circle NW
       Suite 1100
11     Washington, DD 20005
       202.862.7801
12     (jal@capdale.com)
       Representing Grace, Official Committee of
13     Asbestos Personal Injury Claimants ("ACC")
14
       KIRKLAND & ELLIS, LP
15     BY:  BARBARA M. HARDING, ESQUIRE
            THEODORE L. FREEDMAN, ESQUIRE
16     655 Fifteenth Street, N.W.
       Washington, DC  20005-5793
17     202.879.5081
       (barbara.harding@kirkland.com)
18     (tfreedman@kirkland.com)
       Representing the Debtors
19
20     THE LAW OFFICES OF JANET S. BAER, P.C.
       BY:  JANET S. BAER, ESQUIRE
21     70 West Madison Street
       Suite 2100
22     Chicago, Illinois 60602
       jbaer@jsbpc.com
23     Representing W.R. Grace
24
```

```
1    A P P E A R A N C E S: (continued)
2    SIMPSON THACHER & BARTLETT, LLP
     BY:  ELISA ALCABES, ESQUIRE
3    425 Lexington Avenue
     New York, New York 10017-3954
4    212.455.2846
     (ealcabes@stblaw.com)
5    Representing Travelers Casualty and Surety
     Company
6
7    VORYS, SATER, SEYMOUR AND PEASE, LLP
     BY:  WILLIAM J. POHLMAN, ESQUIRE*
8         PHILIP DOWNEY, ESQUIRE*
     (*VIA TELECONFERENCE)
9    52 East Gay Street
     Columbus, Ohio 43215
10   614.464.8349
     (wjpohlman@vorys.com)
11   Representing The Scotts Company, LLC
12
     LEWIS, SLOVAK & KOVACICH, PC
13   BY:  TOM L. LEWIS, ESQUIRE
     P.O. Box 2325
14   723 Third Avenue
     Great Falls, Montana 59403
15   406.761.5595
     tom@lsklaw.net
16   Representing the Libby Claimants
17
     SPEIGHTS & RUNYAN
18   BY:  DANIEL H. SPEIGHTS, ESQUIRE*
     (*VIA TELECONFERENCE)
19   200 Jackson Avenue East
     P.O. Box 685
20   Hampton, South Carolina 29924
     803.943.4444
21   (dspeights@speightsrunyan.com)
     Representing Anderson Memorial Hospital
22
23
24
```

```
 1    A P P E A R A N C E S: (continued)
 2    MENDES & MOUNT, LLP
      BY:  ALEXANDER MUELLER, ESQUIRE
 3    750 Seventh Avenue
      New York, New York 10019
 4    212.261.8296
      (alexander.mueller@mendes.com)
 5    Representing London Market Companies
 6
      FORD MARRIN ESPOSITO & WITNEYER & GLESER
 7    BY:  ELIZABETH M. DeCRISTOFARO, ESQUIRE*
      (*VIA TELECONFERENCE)
 8    Wall Street Plaza
      New York, New York 10005-1875
 9    212.269.4900
      Representing Continental Casualty Company
10    and Continental Insurance Company
11
      BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
12    BY:  MATTHEW I. KRAMER, ESQUIRE*
      (*VIA TELECONFERENCE)
13    200 South Biscayne Boulevard
      Suite 2500
14    Miami, Florida 33131-5340
      305.450.7246
15    (mkramer@bilzin.com)
      Representing Property Damage Committee
16
17    STROOCK & STROOCK & LAVAN, LLP
      BY:  ARLENE G. KRIEGER, ESQUIRE*
18        LEWIS KRUGER, ESQUIRE*
      (*VIA TELECONFERENCE)
19    180 Maiden Lane
      New York, New York 10038-4982
20    212.806.5400
      (akrieger@stroock.com)
21    Representing Official Committee of
      Unsecured Creditors
22
23
24
```

```
 1    A P P E A R A N C E S:  (continued)
 2
      CROWELL & MORING, LLP
 3    BY:   MARK D. PLEVIN, ESQUIRE
            NOAH S. BLOOMBERG, ESQUIRE
 4    1001 Pennsylvania Avenue, N.W.
      Washington, DC 20004-2595
 5    202.624.2913
      (mplevin@crowell.com)
 6    (nbloomberg@crowell.com)
      Representing Fireman's Fund Insurance
 7    (Surety Bond)
 8
      STEVENS & LEE, P.C.
 9    BY: MARNIE E. SIMON, ESQUIRE
      1818 Market Street, 29th Floor
10    Philadelphia, Pennsylvania 19103-1702
      215.751.2885
11    (mes@stevenslee.com)
      Representing Fireman's Fund Insurance
12
13    LAW OFFICES OF ALAN B. RICH
      BY:   ALAN B. RICH, ESQUIRE
14    Elm Place, Suite 4620
      1401 Elm Street
15    Dallas, Texas 75202
      214.744.5100
16    (arich@alanrichlaw.com)
      Representing Property Damage PCR
17
18    CONNOLLY BOVE LODGE & HUTZ, LLP
      BY:   JEFFREY C. WISLER, ESQUIRE
19    The Nemours Building
      1007 North Orange Street
20    P.O. Box 2207
      Wilmington, Delaware 19899
21    302.888.6528
      (jwisler@cblh.com)
22    Representing Maryland Casualty
23
24
```

```
 1    A P P E A R A N C E S: (continued)
 2    ECKERT SEAMANS CHERIN & MELLOTT, LLC
      BY:  EDWARD J. LONGOSZ, II, ESQUIRE
 3    1747 Pennsylvania Avenue, N.W.
      12th Floor
 4    Washington, DC 20006
      202.659.6619
 5    (elongosz@eckertseamans.com)
      Representing Maryland Casualty and Zurich
 6
 7    WILEY REIN, LLP
      BY:  RICHARD A. IFFT, ESQUIRE
 8    1776 K Street NW
      Washington, DC 20006
 9    202.719.7170
      (rifft@wileyrein.com)
10    Representing Maryland Casualty and Zurich
11
      COZEN O'CONNOR
12    BY:  JACOB C. COHN, ESQUIRE
      1900 Market Street
13    Philadelphia, Pennsylvania 19103-3508
      215.665.2147
14    (jcohn@cozen.com)
      Representing Federal Insurance Company
15
16    ORRICK HERRINGTON & SUTCLIFFE, LLP
      BY:  PERI N. MAHALEY, ESQUIRE
17    Columbia Center
      1152 15th Street, N.W.
18    Washington, DC 20005-1706
      202.339.8516
19    (pmahaley@orrick.com)
      Representing PI Future Claimants'
20    Representative
21
      CUYLER BURK, P.C.
22    BY:  ANDREW CRAIG, ESQUIRE
      4 Century Drive
23    Parsippany, New Jersey 07054
      973.734.3200
24    (acraig@cuyler.com)
```

```
1    A P P E A R A N C E S:  (continued)
2    O'MELVENY & MEYERS LLP
     BY:  TANCRED SCHIAVONI, ESQUIRE*
3    (*VIA TELEPHONE)
     7 Times Square
4    New York, New York 10036
     212.326.2267
5    (tschiavoni@omm.com)
     Representing Arrowood Indemnity Company
6
7    WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
     BY:  KEVIN J. MANGAN, ESQUIRE*
8    (*VIA TELECONFERENCE)
     222 Delaware Avenue
9    Suite 1501
     Wilmington, Delaware 19801
10   302.252.4361
     (kmangan@wcsr.com)
11   Representing State of Montana
12
     PEPPER HAMILTON, LLP
13   BY: LINDA J. CASEY, ESQUIRE*
     (*VIA TELECONFERENCE)
14   3000 Two Logan Square
     Philadelphia, Pennsylvania 19103
15   215.981.4000
     (casey1@pepperlaw.com)
16   Representing BNSF Railway Company
17   KRAMER LEVIN NAFTALIS & FRANKEL, LLP
     BY:  SARAH SCHINDLER-WILLAIMS, ESQUIRE*
18   (*VIA TELECONFERENCE)
     1177 Avenue of the Americas
19   New York, New York 10036
     212.715.9515
20   (SSchindlerWilliams@kramerlevin.com)
     Representing the Equity Committee
21
22
23
24
```

```
 1                    INDEX
                    EXAMINATION
 2
      Witness Name                    Page
 3    RICHARD FINKE
 4       BY MR. BROWN                12,333
 5       BY MS. ALCABES               129
 6       BY MR. LEWIS                 187
 7       BY MR. PLEVIN                265
 8       BY MR. WISLER                285
 9       BY MR. COHN                  289
10       BY MR. MANGAN                296
11       BY MR. DOWNEY              305, 371
12       BY MR. SCHIAVONI             343
13       BY MR. SPEIGHTS              347
14
15                  EXHIBITS
      EXHIBIT    DESCRIPTION                 ID
16
      Exhibit 1  Notice of Deposition of     16
17               Debtors Pursuant to Rule
                 30(b)(6)
18
      Exhibit 2  Document entitled W.R.       16
19               Grace/Confirmation Hearing
                 30(b)(6) Deposition Notice
20
      Exhibit 3  SEC Form 8-K                 25
21
      Exhibit 4  Exhibit 6 to Exhibit Book, 41
22               Asbestos Insurance
                 Transfer Agreement
23
      Exhibit 5  Exhibit 19 to Exhibit        53
24               Book, Retained Causes of
```

| | EXHIBIT | DESCRIPTION | ID |
|---|---|---|---|
| 1 | | EXHIBITS | |
| 2 | | | |
| 3 | Exhibit 6 | Exhibit 2 to Exhibit Book, Asbestos PI Trust Agreement | 55 |
| 4 | | | |
| 5 | Exhibit 7 | Exhibit 4 to Exhibit Book, Trust Distribution Procedures | 55 |
| 6 | | | |
| 7 | Exhibit 8 | First Amended Joint Plan of Reorganization | 70 |
| 8 | Exhibit 9 | Exhibit 5 to Exhibit Book, Schedule of Settled | 92 |
| 9 | | Asbestos Insurers Entitled to 524(g) Protection | |
| 10 | | | |
| 11 | Exhibit 10 | Settlement Agreement Bates stamped OB 1 through 33 | 98 |
| 12 | | | |
| 13 | Exhibit 11 | Travelers/Allstate 30(b)(6) deposition notice | 135 |
| 14 | Exhibit 12 | Travelers 30(b)(6) supplemental deposition | 136 |
| 15 | | notice | |
| 16 | Exhibit 13 | Grace/Aetna Asbestos Settlement Agreement dated | 149 |
| 17 | | May 22, 1996 | |
| 18 | Exhibit 14 | Exhibit 25 to Exhibit Book, CMO for Class 7A | 178 |
| 19 | | Asbestos PD Claims | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |

```
1                    DEPOSITION SUPPORT INDEX
2
3
     Direction to Witness Not To Answer
4    Page    Line      Page    Line
     30      2         37      12
5    37      17        39      8
     39      15        369     1
6
     Request For Production of Documents
7    Page    Line      Page    Line
     (None)
8
     Stipulations
9    Page    Line      Page    Line
     (None)
10
     Questions Marked
11   Page    Line      Page    Line
     (None)
12
13                      —    —    —
14
15
16
17
18
19
20
21
22
23
24
```

1    R I C H A R D   F I N KE,

2            having been sworn by the Notary

3            Public of the States of New York

4            and New Jersey, was examined and

5            testified as follows:

6                    -  -  -

7    EXAMINATION BY

8    MR. BROWN:

9            Q.    Good morning, Mr. Finke.

10   My name is Michael Brown.  I represent One

11   Beacon, Seaton, Geico and Republic for the

12   objecting insurance companies in the Grace

13   bankruptcy.  You've been deposed several

14   times before, correct?

15           A.    Yes, I have.

16           Q.    Okay.  So we can dispense

17   with the formalities of what a

18   deposition's all about?

19           A.    Yes, we can.

20           Q.    Okay.

21                 MS. HARDING:  Michael,

22           would you mind if I made a quick

23           statement on the record?

24                 MR. BROWN:  Sure.

```
 1              MS. HARDING:  I just wanted

 2      to make a statement on the record

 3      that the debtors have designated

 4      Mr. Finke to answer certain

 5      appropriate questions related to

 6      certain 30(b)(6) topics.

 7              As we've indicated, Mr.

 8      Finke will be available for seven

 9      hours today.  We've also designated

10      Mr. Hughes and Mr. LaForce to

11      answer other 30(b)(6) topic

12      questions.  We are hoping and

13      expecting that the parties seeking

14      to ask questions have coordinated

15      so that we can end in seven hours

16      and we think it's a reasonable

17      expectation.

18              The debtors have reviewed

19      the deposition of Mr. Lockwood and

20      agree, in essence, with Mr.

21      Lockwood's answers with respect to

22      how the Plan operates and so we

23      think and are very hopeful that

24      there will not be a need to go
```

1          further than seven hours to get to

2          the appropriate inquiry as to how

3          the Plan operates.  So I just

4          wanted to get that on the record.

5               MR. BROWN:  Okay.

6          Actually, that's helpful.  Maybe I

7          could follow up with a question for

8          Mr. Finke.

9          Q.    Mr. Finke, have you

10  reviewed Mr. Lockwood's Rule 30(b)(6)

11  deposition transcript?

12          A.    Yes, I have.

13          Q.    Okay.  Is there anything

14  that you read in that transcript that you

15  disagreed with?

16          A.    No, nothing of substance.

17          Q.    Okay.  How about anything

18  not of substance?

19          A.    There are a few occasions,

20  I think, where I either would have worded

21  something differently or where I think Mr.

22  Lockwood may have been either in error --

23  might have been in error depending on

24  whether he was -- depending on the

1    context. Let me give you one example of

2    that.

3            Q.    Sure.

4            A.    He, I think, made a

5    statement at one point where he equated

6    asbestos in place coverage or insurance

7    coverage with the asbestos insurance

8    reimbursement agreements. I believe he

9    said he thought they were the same thing,

10   and perhaps in substance or in concept

11   they are. I'm not an insurance lawyer,

12   but I know that under the Plan

13   definitionally the definition of asbestos

14   (sic) in place insurance coverage

15   specifically excludes asbestos

16   reimbursement agreements from the

17   definition.

18           Q.    Okay.

19           A.    Which would suggest they

20   are not the same.

21           Q.    All right. I'm going to

22   suggest that Miss Alcabes, or one of the

23   people whose issue that is, may want to

24   follow up with you on that point.

1          A.    Sure.

2          Q.    But let's pass on that.

3          Other than what you've just

4     described, is there anything else in Mr.

5     Lockwood's deposition transcript that the

6     debtors disagreed with?

7          A.    Nothing that comes to

8     mind.

9               MR. BROWN:  Okay.  Let me

10              have the first exhibit marked, and

11              can we go off the record for a

12              second.

13              (Off the record.)

14              (Notice of Deposition of

15              Debtors Pursuant to Rule

16              30(b)(6) marked for identification

17              as Exhibit Finke-1.)

18              (Document entitled W.R.

19              Grace/Confirmation Hearing 30(b)(6)

20              Deposition Notice marked for

21              identification as Exhibit

22              Finke-2.)

23     BY MR. BROWN:

24          Q.    Mr. Finke, I'm going to put

```
 1    exculpation provision in Section 11.9 of

 2    the Plan?

 3                    MR. LIESEMER:  Object to

 4          the form.

 5                    MS. HARDING:  Object to the

 6          form.

 7          A.    1 believe they -- the

 8    asbestos insurance companies are bound by

 9    Section 11.9.

10          Q.    They are bound?

11          A.    Yes.

12          Q.    If you go back to 7.15,

13    where is that set forth?

14                    MS. HARDING:  Object to

15          form.

16                    MR. LIESEMER:  Same

17          objection.

18          A.    Well, of course, there's no

19    provision in Section 7.15 that

20    specifically states that the insurers are

21    bound by Section 11.9.  I assume that's

22    not what you're asking, but -- well,

23    literally, I think that is what you asked,

24    so --
```

```
 1            Q.    Yes, that is what I asked.

 2            A,    -- that's my answer then.

 3            Q.    So there's nothing in 7.15

 4    that says that they're bound by 11.9 but

 5    your testimony is that they are in fact

 6    bound by 11.9?

 7            A.    Yes.

 8            Q.    Are there any other

 9    provisions in the Plan that are not

10    specifically spelled out in Section 7.15

11    for which the insurers are bound

12    notwithstanding Section 7.15?

13                     MS. HARDING:   Objection to

14               form, and I think it misstates his

15               testimony.

16                     THE WITNESS:   I'm sorry.

17               Could you read back the question?

18                     (The reporter reads the

19               pending question.)

20                     MS. HARDING:   Object to

21               form.   I think it's confusing,

22               speculative.   I don't see how you

23               can possibly answer that question.

24               But if you can answer it, go ahead.
```

```
 1              It also calls for a legal

 2         conclusion.

 3              (The witness reviews the document.)

 4              A.    Okay.  I would direct you

 5         to Section 7.15(h) which states that "the

 6         asbestos insurance entities shall be

 7         subject to the releases and injunctions to

 8         the extent described in this Plan" so my

 9         answer to your question is that I believe

10         any provisions in the Plan that would

11         constitute a release or an injunction, and

12         I would include 11.9 in that language, are

13         binding on the asbestos insurance

14         entities.

15              Q.    So your testimony is that

16         7.15(h) includes through its language

17         Section 11.9?

18              A.    Yes, that is how I read

19         it.

20              Q.    What consideration, if any,

21         are Grace's insureds getting under the

22         Plan in exchange for the exculpation

23         provision in 11.9?

24                   MR. LIESEMER:  Objection to
```

1          form.

2                    MS. HARDING:   Objection to

3          form.

4          A.     All right.   First, your

5     question assumes that the insurance

6     entities would be entitled to some

7     consideration in exchange for being bound

8     by Section 11.9.   I don't know that to be

9     the case.   I don't know that they're not

10    entitled to it either.

11              But as far as consideration, if one

12    had to justify being bound by Section 11.9

13    on the basis of consideration, I think the

14    answer with respect to asbestos insurance

15    entities would also apply to all parties

16    involved in the Chapter 11, which is that

17    the entities and individuals covered by

18    the exculpation have been active in the

19    business of these Chapter 11 cases, they

20    have had to take positions, make

21    arguments, make decisions, et cetera, that

22    affect one or more parties involved in the

23    Chapter 11 cases and have thereby exposed

24    themselves to potential liability, 1

1     suppose, for their acts or omissions.  And
2     the Chapter 11 itself could not proceed to
3     the point of resolution without the
4     efforts of those entities and these
5     individuals.  So to the extent -- so there
6     is a -- in order to encourage and
7     facilitate the activities of the parties
8     listed in Section 11.9, it is my
9     understanding that it is common in these
10    types of bankruptcies to provide
11    exculpation of those entities and
12    individuals for their activities, and I'm
13    quoting here from 11.9, "In connection
14    with or arising out of the Chapter 11
15    cases."  It is their participation and the
16    fruits of their participation that would
17    constitute consideration.
18              Q.    I want to circle back to a
19    question that I asked a few questions ago
20    concerning 7.15 and I asked you a question
21    to the effect of other than what's
22    specifically set forth in Section 7.15 are
23    there any other provisions in the Plan or
24    Plan documents that are binding upon

1    Grace's insurers, and in answer to that

2    question you referred me to subsection (h)

3    and how 11.9 in the debtor's view was

4    encompassed within the language of (h).

5         So I want to go back to that

6    question and ask:  Other than 11.9, is

7    there anything else?

8              A.    I'm --

9                    MS. HARDING:  Object to

10              form.  I think it's confusing

11              and I'll leave it at that.  If you

12              can answer, go ahead.

13             A.    I believe there is a more

14   general provision relating to the binding

15   nature of court orders, findings, et

16   cetera.  That is what I was looking for

17   initially in response to your answer and

18   then I remembered the provision in 7.15(h)

19   and so I've directed you to that

20   provision.  If you want me to spend the

21   time -- I do not know where in that Plan

22   that more general provision is that I have

23   in mind.

24             Q.    Well --

1           A.    I could spend the time to

2    look for it if you'd like.

3           Q.    No, let's try this a little

4    differently.  Look at 7.15(a).

5           A.    Okay.

6           Q.    It says "Except to the

7    extent provided in this Section 7.15,

8    notwithstanding anything to the contrary

9    in the Confirmation Order, the Plan or any

10   of the Plan documents -- nothing in the

11   Confirmation Order, the Plan or the Plan

12   documents, including any other provision

13   that purports to be preemptory or

14   supervening, shall in any way operate to

15   or have the effect of impairing any

16   asbestos insurance entity's legal,

17   equitable or contractual rights, if any,

18   in any respect."  Have I read that

19   correctly?

20          A.    I believe so.

21          Q.    Okay.  And what I'm asking

22   is:  Given that broad statement, are there

23   any other provisions in the plan that are

24   not set forth in 7.15 that override the

1    language in 7.15(a)?

2                    MS. HARDING:  Object to

3            form.

4            A.    Based on the language of

5    7.15(a), and if I'm understanding it as it

6    was intended, it states by its terms that

7    nothing else in the Plan or any of the

8    Plan documents would operate, you know, to

9    impair the -- an asbestos insurance

10   entity's rights.

11           Q.    So is your answer no?

12                   MS. HARDING:  Object, asked

13           and answered, but...

14           A.    Based on the language in

15   7.15(a), my answer would be no, subject

16   to -- subject to wanting to review the

17   remainder of the Plan because, as I

18   mentioned, I do have in mind that there is

19   one or more general provisions concerning

20   the applicability or binding nature of

21   court orders, court findings and the like.

22           And while I understand 7.15(a)

23   appears to act in such a way that would

24   make my proviso in my answer irrelevant, I