# EXHIBIT C

```
                UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF DELAWARE

IN RE:                          . Case No. 01-01139(JKF)
                                .
                                .
W. R. GRACE & CO.,              .
                                . 5414 USX Tower Building
                                . Pittsburgh, PA  15222
                                .
         Debtors.               .
                                . November 24, 2008
. . . . . . . . . . . . . . . . . 1:04 p.m.

              TRANSCRIPT OF MOTION HEARING
         BEFORE HONORABLE JUDITH K. FITZGERALD
         UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors:         Kirkland & Ellis, LLP
                         By:  DAVID BERNICK, ESQ.
                              BARBARA HARDING, ESQ.
                              JANET BAER, ESQ.
                              LISA ESAYIAN, ESQ.
                              CRAIG BRUENS, ESQ.
                         200 East Randolph Drive
                         Chicago, IL  60601

For the Debtors:         Kirkland & Ellis, LLP
                         By:  THEODORE FREEDMAN, ESQ.
                              CHRISTOPHER GRECO, ESQ.
                              DEANNA BOLL, ESQ.
                              RASHAD W. EVANS, ESQ.
                              MARC LEWINSTEIN, ESQ.
                         Citigroup Center, 153 East 53rd St.
                         New York, NY  10022

For the Debtors:         Reed Smith LLP
                         By:  JAMES RESTIVO, ESQ.
                              TRACI REA, ESQ.
                         435 Sixth Avenue
                         Pittsburgh, PA  15219

Audio Operator:          Cathy Younker

  Proceedings recorded by electronic sound recording, transcript
            produced by transcription service.
```

---

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail: jjcourt@optonline.net

(609)586-2311      Fax No. (609) 587-3599

1  because we want to call witnesses, then we will never get
2  anything done and these are all ways that people are using to
3  say they don't want to have a confirmation --
4       The April issues are going to tee up facts. You
5  can't talk about a case without talking about facts. We don't
6  believe that it's going to be necessary for Your Honor to
7  resolve issues about the credibility of witnesses in connection
8  with any of these facts. And so, no, we don't believe Your
9  Honor's going to have to weigh and balance the credibility of
10 witnesses when it comes to these issues.
11      Will they have factual content, yes, they will. Will
12 somebody be able to say, well, I'd like to call a witness?
13 Sure, they can always say they'd like to call a witness. The
14 question is whether the mere fact that they're saying they'd
15 like to call witness means that all of a sudden everything is
16 on spec to Phase II.
17      THE COURT: All right. Then it will be an
18 evidentiary hearing if necessary.
19      MR. COBB: Thank you, Your Honor. Your Honor, the
20 one issue that we had raised with the debtors that we haven't
21 heard a response back on is the solvency issue. Your Honor may
22 recall that at our oral argument, I believe it was in October,
23 with regard to pendency interest, there was -- I think the
24 Court had said, well, if I make a determination that solvency
25 -- that this issue may turn on solvency, then we'll reserve

1  that for a later day. The later day, I think, is coming, Your
2  Honor. We now have a confirmation schedule in front of us --
3  pre-hearing schedule. That's not at -- solvency point is not -
4  - or that issue is not addressed in this schedule.
5         We could -- we had suggested, let's put that under
6  feasibility so that if it becomes an issue, then we can deal
7  with it in a context of feasibility discovery. And that would,
8  I guess, assume Your Honor that we have a decision from the
9  Court prior to the feasibility discovery starting.
10        And I, Your Honor, was raised to never ask the Court
11 when a decision will be issued. So, I will not ask that now,
12 but --
13        THE COURT: I certainly hope it's going to be before
14 April 15th.
15        MR. BERNICK: Your Honor, with regard to that, I'm
16 aware that counsel asked to have some consideration of solvency
17 and make room for it some place. I never heard, at least, that
18 it was supposed to be part of feasibility and there's no way it
19 could be part of feasibility. If we're going to have a full
20 blown de novo solvency determination in this case, that is
21 obviously going to have a major impact on the confirmation of
22 this plan. There's no question about that.
23        That is why we'd like, obviously, to see what Your
24 Honor is going to do with respect to the pending matters. But
25 I think the reason that we say this should be reserved is that

1 I think we should wait and see if any of this is material as
2 opposed to academic based upon how Your Honor addresses the
3 pendency interest issue because we can't if we have a de novo
4 determination of insolvency, this schedule simply does not
5 address it.  So, I don't think that there's any point in
6 saying, well, we'll scoot solvency under feasibility because
7 that's just an unreal world discussion.
8         THE COURT:  I think we should do what I had suggested
9 when I had the issue raised, which is, let's put it back on for
10 a discussion of solvency on the next omnibus hearing after I
11 issue an opinion.
12         MR. COBB:  That's fine, Your Honor, I just didn't
13 want to hear from the debtors that we'd waived the ability to
14 raise solvency because we didn't raise it today.
15         THE COURT:  No, you have not raised it.
16         MR. BERNICK:  No, well, that --
17         THE COURT:  And so you know, because of user --
18 because of user lose time --
19         MR. COBB:  Thanks, David.
20         THE COURT:  Folks.  -- you're probably not going to
21 get an opinion on that issue before the end of the year, but I
22 hope to have it in January.  Not a promise, but I hope to have
23 it in January.
24         MR. COBB:  Your Honor, last -- thank you, Your Honor.
25 Last point is, it seems a bit odd that they have scheduled

1  final plan objections two weeks after the trial briefs are due
2  with regard to Section 1.  It would seem -- I'm sorry, the
3  first phase of the confirmation hearing -- it would seem to me
4  we should make those dates consistent.  And I think that's just
5  a matter of --
6      THE COURT:  I'm sorry, Mr. Cobb, I'm missing -- what
7  objection?
8      MR. COBB:  Your Honor, final plan objections --
9      THE COURT:  Yes.
10     MR. COBB:  -- except as to feasibility are due March
11 16th.
12     THE COURT:  Yes.
13     MR. COBB:  Trial briefs are due March 2nd.  It would
14 seem to me, Your Honor, if there is --
15     THE COURT:  No, it says, except refeasibility.
16     MR. BERNICK:  No, I think -- I would agree with Mr.
17 Cobb.  That's designed -- because feasibility has got its own
18 little dates later on.
19     THE COURT:  Right.
20     MR. BERNICK:  And he's correct that under this
21 sequence, we ask for the trial briefs to be turned in by March
22 the 2nd before the final objections.  And the reason for that
23 is relatively simple, which is the final objections as a date
24 should await the close of voting.  But, we are sensitive to the
25 fact that Your Honor likes to have the trial briefs