# Exhibit C

     IN THE UNITED STATES BANKRUPTCY COURT
        FOR THE DISTRICT OF DELAWARE

                    -   -   -

In Re:                        : Chapter 11
                              :
                              : Case No.
W.R. GRACE & CO., et al, : 01-01139 JKF
                              :
                              : (Jointly
            Debtors      : Administered)


                    -   -   -

            Friday, May 1, 2009

                    -   -   -

            Oral deposition of PETER VAN
N. LOCKWOOD, ESQUIRE, taken pursuant to
notice, was held at the offices of CAPLIN
& DRYSDALE, One Thomas Circle N.W., Suite
1100, Washington, DC  20005, commencing
at 9:43 a.m., on the above date, before
Lori A. Zabielski, a Registered
Professional Reporter and Notary Public
in and for the Commonwealth of
Pennsylvania.

                    -   -   -

            MAGNA LEGAL SERVICES
            Seven Penn Center
            1635 Market Street
              8th Floor
      Philadelphia, Pennsylvania 19103

```
 1    APPEARANCES:
 2
 3    DRINKER BIDDLE & REATH, LLP
      BY:   MICHAEL F. BROWN, ESQUIRE
 4          JEFFREY M. BOERGER, ESQUIRE
      One Logan Square
 5    18th & Cherry Streets
      Philadelphia, Pennsylvania  19103-6996
 6    215.988.2988
      (brownmf@dbr.com)
 7    (jeffrey.boerger@dbr.com)
      Representing OneBeacon America Insurance
 8    Company, Seaton Insurance Company,
      Government Employees Insurance Company,
 9    Columbia Insurance Company f/k/a Republic
      Insurance Company
10
11
      CAPLIN & DRYSDALE, CHARTERED
12    BY:   NATHAN D. FINCH, ESQUIRE
            JEFFREY A. LIESEMER, ESQUIRE*
13          (*VIA TELECONFERENCE)
      One Thomas Circle N.W.
14    Suite 1100
      Washington, DC  20005
15    202.862.7801
      (ndf@capdale.com)
16    (jal@capdale.com)
      Representing Grace, Official Committee of
17    Asbestos Personal Injury Claimants
      ("ACC"), and Witness
18
19
      W.R. GRACE & CO.
20    BY:   RICHARD C. FINKE, ESQUIRE*
            ASSISTANT GENERAL COUNSEL
21          (*VIA TELECONFERENCE)
      5400 Broken Sound Boulevard, NW
22    Suite 300
      Boca Raton, Florida  33487
23    561.362.1533
      Representing W.R. Grace & Co.
24
```

```
 1   APPEARANCES (continued)
 2
 3   KIRKLAND & ELLIS, LLP
     BY:   BARBARA M. HARDING, ESQUIRE
 4         THEODORE L. FREEDMAN, ESQUIRE
     655 Fifteenth Street, N.W.
 5   Washington, DC  20005-5793
     202.879.5081
 6   (barbara.harding@kirkland.com)
     (tfreeedman@kirkland.com)
 7   Representing the Debtors
 8
 9   SIMPSON THACHER & BARTLETT, LLP
     BY:   ELISA ALCABES, ESQUIRE
10   425 Lexington Avenue
     New York, New York  10017-3954
11   212.455.3133
     (ealcabes@stblaw.com)
12   Representing Travelers Casualty and
     Surety Company
13
14
     VORYS, SATER, SEYMOUR AND PEASE, LLP
15   BY:   TIFFANY STRELOW COBB, ESQUIRE*
           ROBERT J. SIDMAN, ESQUIRE*
16         (*VIA TELECONFERENCE)
     52 East Gay Street
17   Columbus, Ohio  43215
     614.464.8322
18   (tscobb@vorys.com)
     Representing The Scotts Company, LLC
19
20
     COHN WHITESELL & GOLDBERG, LLP
21   BY:   DANIEL C. COHN, ESQUIRE
     101 Arch Street
22   Boston, Massachusetts 02110
     617.951.2505
23   (cohn@cwg11.com)
     Representing the Libby Claimants
24
```

```
 1   APPEARANCES (continued)
 2
 3   SPEIGHTS & RUNYAN
     BY:   DANIEL H. SPEIGHTS, ESQUIRE*
 4        (* VIA TELECONFERENCE)
     200 Jackson Avenue East
 5   P.O. Box 685
     Hampton, South Carolina   29924
 6   803.943.4444
     (dspeights@speightsrunyan.com)
 7   Representing Anderson Memorial Hospital
 8
 9   TUCKER ARENSBERG
     BY:   MICHAEL A. SHINER, ESQUIRE
10   1500 One PPG Place
     Pittsburgh, Pennsylvania   15222
11   412.594.5586
     (mshiner@tuckerlaw.com)
12   Representing Certain London Market
     Insurers and AXA Belgium
13
14
     MENDES & MOUNT, LLP
15   BY:   CAROLINA ACEVEDO, ESQUIRE*
           (*VIA TELECONFERENCE)
16   750 Seventh Avenue
     New York, New York   10019
17   212.261.8262
     (carolina.acevedo@mendes.com)
18   Representing AXA Belgium as Successor to
     Royale Belge SSA
19
20
     MENDES & MOUNT, LLP
21   BY:   ALEXANDER MUELLER, ESQUIRE*
           (*VIA TELECONFERENCE)
22   750 Seventh Avenue
     New York, New York   10019-6829
23   212.261.8296
     (alexander.mueller@mendes.com)
24   Representing London Market Companies
```

```
 1   APPEARANCE (continued)
 2
 3   FORD MARRIN ESPOSITO & WITMEYER & GLESER
     BY:  ELIZABETH M. DeCRISTOFARO, ESQUIRE
 4   Wall Street Plaza
     New York, New York  10005-1875
 5   212.269.4900
     Representing Continental Casualty Company
 6   and Continental Insurance Company
 7
 8   BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
     BY:  MATTHEW I, KRAMER, ESQUIRE
 9   200 South Biscayne Boulevard
     Suite 2500
10   Miami, Florida  33131-5340
     305.450.7246
11   (mkramer@bilzin.com)
     Representing Property Damage Committee
12
13
     STROOCK & STROOCK & LAVAN, LLP
14   BY:  ARLENE G. KRIEGER, ESQUIRE
     180 Maiden Lane
15   New York, New York  10038-4982
     212.806.5400
16   (akrieger@stroock.com)
     Representing Official Committee of
17   Unsecured Creditors
18
19   CROWELL & MORING, LLP
     BY:  MARK PLEVIN, ESQUIRE
20        NOAH S. BLOOMBERG, ESQUIRE
     1001 Pennsylvania Avenue NW
21   Washington, DC  20004-2595
     202.624.2913
22   (mplevin@crowell.com)
     (nbloomberg@crowell.com)
23   Representing Fireman's Fund Insurance
     (Surety Bond)
24
```

```
 1   APPEARANCES (continued)
 2
     STEVENS & LEE, P.C.
 3   BY:  JOHN D. DEMMY, ESQUIRE
     1105 North Market Street, 7th Floor
 4   Wilmington, Delaware  19801
     302.654.5180
 5   (jdd@stevenslee.com)
     Representing Fireman's Fund Insurance
 6
 7
     ALAN B. RICH LAW OFFICES
 8   BY:  ALAN B. RICH, ESQUIRE
     Elm Place, Suite 4620
 9   1401 Elm Street
     Dallas, Texas  75202
10   214.744.5100
     (arich@alanrichlaw.com)
11   Representing Property Damage FCR
12
13   CONNOLLY BOVE LODGE & HUTZ, LLP
     BY:  JEFFREY C. WISLER, ESQUIRE
14   The Nemours Building
     1007 North Orange Street
15   P.O. Box 2207
     Wilmington, Delaware   19899
16   302.88.6528
     (jwisler@cblh.com)
17   Representing Maryland Casualty
18
19   ECKERT SEAMANS CHERIN & MELLOTT, LLC
     BY:  EDWARD J. LONGOSZ, II, ESQUIRE
20   1747 Pennsylvania Avenue, NW
     12th Floor
21   Washington, DC  20006
     202.659.6619
22   (elongosz@eckertseamans.com)
     Representing Maryland Casualty and Zurich
23
24
```

```
 1    APPEARANCES (continued)
 2
      WILEY REIN, LLP
 3    BY:   KARALEE C. MORELL, ESQUIRE
      1776 K Street NW
 4    Washington, DC  20006
      202.719.7520
 5    (kmorell@wileyrein.com)
      Representing Maryland Casualty and Zurich
 6
 7
      COZEN O'CONNOR
 8    BY:   JACOB C. COHN, ESQUIRE
      1900 Market Street
 9    Philadelphia, Pennsylvania  19103-3508
      215.665.2147
10    (jcohn@cozen.com)
      Representing Federal Insurance Company
11
12
      ORRICK HERRINGTON & SUTCLIFFE, LLP
13    BY:   JONATHAN P. GUY, ESQUIRE
            JOSHUA M. CUTLER, ESQUIRE
14    Columbia Center
      1152 15th Street, N.W.
15    Washington, DC  20005-1706
      202.339.8516
16    (jguy@orrick.com)
      Representing Future Claimants
17    Representative
18
19    CUYLER BURK, P.C.
      BY:   ANDREW CRAIG, ESQUIRE
20    4 Century Drive
      Parsippany, New Jersey  07054
21    973.734.3200
      (acraig@cuyler.com)
22    Representing Allstate Insurance Company
23
24
```

```
 1   APPEARANCES (continued)
 2
 3   WILSON ELSER MOSKOWITZ EDELMAN & DICKER,
     LLP
 4   BY:  CARL PERNICONE, ESQUIRE*
          (*VIA TELECONFERENCE)
 5   150 East 42nd Street
     New York, New York  10017-5639
 6   212.915.5656
     (carl.pernicone@wilsonelser.com)
 7   Representing Arrowood Indemnity Company
 8
 9   WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
     BY:  KEVIN J. MANGAN, ESQUIRE*
10        (*VIA TELECONFERENCE)
     222 Delaware Avenue
11   Suite 1501
     Wilmington, Delaware  19801
12   302.252.4361
     (kmangan@wcsr.com)
13   Representing State of Montana
14
15   PEPPER HAMILTON, LLP
     BY:  LINDA J. CASEY, ESQUIRE*
16        (*VIA TELECONFERENCE)
     3000 Two Logan Square
17   Philadelphia, Pennsylvania  19103
     215.981.4000
18   (caseyl@pepperlaw.com)
     Representing BNSF Railway Company
19
20                   -   -   -
21
22
23
24
```

```
 1                    -  -  -
 2                 I  N  D  E  X
 3                    -  -  -
 4
 5   Testimony of:
 6         PETER VAN N. LOCKWOOD, ESQUIRE
 7
 8   By Mr. Brown            Page  12
 9   By Ms. Alcabes          Page  267
10   By Ms. Cobb             Page  339
11   By Mr. Cohn             Page  368
12
13
14                    -  -  -
15               E X H I B I T S
16                    -  -  -
17   NO.     DESCRIPTION                 PAGE
18   1       Amended Notice of Deposition
             of Asbestos PI Committee...   12
19
     2       Objections to the Official
20           Committee...                  12
21   3       Form 8-K and Term Sheet       15
22   4       Exhibit-6 to Exhibit Book     26
23   5       First Amended Joint Plan of
             Reorganization...             27
24
```

```
 1   EXHIBITS (continued)
 2
 3   NO.    DESCRIPTION                    PAGE
 4   6      Exhibit-19 to Exhibit Book      83
 5   7      Settlement Agreement
            * CONFIDENTIAL *               144
 6
     8      Complaint for Declaration of
 7          the Relief...                 175
 8   9      Diagram                       175
 9   10     Exhibit-2 to Exhibit Book     196
10   11     Exhibit-4 to Exhibit Book     224
11   12     Exhibit-10 to Exhibit Book    260
12   13     Travelers Casualty and Surety
            Company's Notice of Deposition
13          to the Official Committee of
            Asbestos Personal Injury
14          Claimants...                  267
15   14     Debtors' Disclosure...        280
16   15     Documents bearing Bates stamps
            TRAVAS0000019 through 141
17          * CONFIDENTIAL *              289
18   16     Notice of Service of Discovery 324
19
                     -   -   -
20
21
22
23
24
```

1              I am correct, am I not, that

2    the asbestos PI channelling injunction,

3    among other claims, enjoins any claims

4    that BNSF has against settled asbestos

5    insurance companies that arise from

6    asbestos PI claims?

7         A.    Generally stated, I believe

8    that to be correct.

9         Q.    Are there any exceptions

10   about when you are aware?

11        A.    Again, I would have to parse

12   the definitions to see whether there

13   might be some hypothetical possibility of

14   a claim that wouldn't be covered.  But to

15   the extent that BNSF is asserting against

16   settled insurers claims that are based on

17   asbestos-related injuries arising from

18   Grace vermiculite that somehow or another

19   BNSF was involved with and held liable

20   for, those claims are channelled to the

21   Trust.

22        Q.    Okay.  And are the claims

23   that the Libby claimants have asserted or

24   could assert against the settled asbestos

1    insurance companies relating to asbestos

2    PI claims, are they, too, enjoined and

3    channelled pursuant to the asbestos PI

4    channelling injunction?

5          A.    Yes.   The Libby claimants

6    are no different from any other asbestos

7    personal injury claimant as far as this

8    injunction is drafted.

9          Q.    Okay.  And the claims that

10   the settled asbestos insurance companies

11   have, contractual or otherwise, that

12   arise from asbestos PI claims against the

13   Debtors, Non-Debtor affiliates, Sealed

14   Air, the Sealed Air indemnified parties,

15   and the Fresenius indemnified parties are

16   all enjoined under this asbestos PI

17   channelling injunction as well, correct?

18         A.    I refuse to accept the

19   proposition that there can be any such

20   claims, because the claims against you

21   that would give rise to those indemnity

22   claims are all enjoined, and so you

23   are -- it's a catch-22.  If the claims

24   could be asserted against you, it would

Page 449

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - -

In Re:                      : Chapter 11
                            :
                            : Case No.
W.R. GRACE & CO., et al,    : 01-01139 JKF
                            :
                            : (Jointly
            Debtors         : Administered)


- - -

Monday, May 4, 2009

- - -

Continuation of oral

deposition of PETER VAN N. LOCKWOOD,

ESQUIRE, taken pursuant to notice, was

held at the offices of CAPLIN & DRYSDALE,

One Thomas Circle N.W., Suite 1100,

Washington, DC  20005, commencing at

12:05 p.m., on the above date, before

Lori A. Zabielski, a Registered

Professional Reporter and Notary Public

in and for the Commonwealth of

Pennsylvania.

- - -

MAGNA LEGAL SERVICES
Seven Penn Center
1635 Market Street
8th Floor
Philadelphia, Pennsylvania 19103

Page 450

```
 1   APPEARANCES:
 2
 3   DRINKER BIDDLE & REATH, LLP
     BY: MICHAEL F. BROWN, ESQUIRE
 4   One Logan Square
     18th & Cherry Streets
 5   Philadelphia, Pennsylvania 19103-6996
     215.988.2988
 6   (mbrown@dbr.com)
     (jeffrey.boerger@dbr.com)
 7   Representing OneBeacon America Insurance
     Company, Seaton Insurance Company,
 8   Government Employees Insurance Company,
     Columbia Insurance Company f/k/a Republic
 9   Insurance Company
10
11   CAPLIN & DRYSDALE, CHARTERED
     BY: NATHAN D. FINCH, ESQUIRE
12      JEFFREY A. LIESEMER, ESQUIRE*
        (*VIA TELECONFERENCE)
13   One Thomas Circle N.W.
     Suite 1100
14   Washington, DC 20005
     202.862.7801
15   (ndf@capdale.com)
     (jal@capdale.com)
16   Representing Grace, Official Committee of
     Asbestos Personal Injury Claimants
17   ("ACC"), and Witness
18
19   ANDERSON KILL & OLICK, P.C.
     BY: ROBERT M. HORKOVICH, ESQUIRE
20   1251 Avenue of the Americas
     New York, New York 10029
21   212.278.1322
     (rhorkovich@andersonkill.com)
22   Representing the ACC
23
```

Page 452

```
 1   APPEARANCES (continued)
 2
 3   COHN WHITESELL & GOLDBERG, LLP
     BY: DANIEL C. COHN, ESQUIRE
 4   101 Arch Street
     Boston, Massachusetts 02110
 5   617.951.2505
     (cohn@cwg11.com)
 6   Representing the Libby Claimants
 7
 8   SPEIGHTS & RUNYAN
     BY: DANIEL H. SPEIGHTS, ESQUIRE*
 9      (*VIA TELECONFERENCE)
     200 Jackson Avenue East
10   P.O. Box 685
     Hampton, South Carolina 29924
11   803.943.4444
     (dspeights@speightsrunyan.com)
12   Representing Anderson Memorial Hospital
13
14   TUCKER ARENSBERG
     BY: MICHAEL A. SHINER, ESQUIRE*
15      (*VIA TELECONFERENCE)
     1500 One PPG Place
16   Pittsburgh, Pennsylvania 15222
     412.594.5586
17   (mshiner@tuckerlaw.com)
     Representing Certain London Market
18   Insurers and AXA Belgium
19
20   FORD MARRIN ESPOSITO & WITMEYER & GLESER
     BY: ELIZABETH M. DeCRISTOFARO, ESQUIRE
21   Wall Street Plaza
     New York, New York 10005-1875
22   212.269.4900
     Representing Continental Casualty Company
23   and Continental Insurance Company
24
```

Page 451

```
 1   APPEARANCES (continued)
 2
 3   KIRKLAND & ELLIS, LLP
     BY: THEODORE L. FREEDMAN, ESQUIRE
 4   655 Fifteenth Street, N.W.
     Washington, DC 20005-5793
 5   202.879.5081
     (tfreedman@kirkland.com)
 6   Representing the Debtors
 7
 8   THE LAW OFFICES OF JANET S. BAER, P.C.
     BY: JANET S. BAER, ESQUIRE
 9   70 West Madison Street
     Suite 2100
10   Chicago, Illinois 606002
     312.641.2162
11   Representing the Debtors
12
13   SIMPSON THACHER & BARTLETT, LLP
     BY: SAMUEL J. RUBIN, ESQUIRE*
14      (*VIA TELECONFERENCE)
     425 Lexington Avenue
15   New York, New York 10017-3954
     212.455.3122
16   (srubin@stblaw.com)
     Representing Travelers Casualty and
17   Surety Company
18
19   VORYS, SATER, SEYMOUR AND PEASE, LLP
     BY: TIFFANY STRELOW COBB, ESQUIRE*
20      (*VIA TELECONFERENCE)
     52 East Gay Street
21   Columbus, Ohio 43215
     614.464.8322
22   (tscobb@vorys.com)
     Representing The Scotts Company, LLC
23
24
```

Page 453

```
 1   APPEARANCES (continued)
 2
 3   BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
     BY: MATTHEW I. KRAMER, ESQUIRE*
 4      (*VIA TELECONFERENCE)
     200 South Biscayne Boulevard
 5   Suite 2500
     Miami, Florida 33131-5340
 6   305.450.7246
     (mkramer@bilzin.com)
 7   Representing Property Damage Committee
 8
 9   STROOCK & STROOCK & LAVAN, LLP
     BY: ARLENE G. KRIEGER, ESQUIRE*
10      (*VIA TELECONFERENCE)
     180 Maiden Lane
11   New York, New York 10038-4982
     212.806.5400
12   (akrieger@stroock.com)
     Representing Official Committee of
13   Unsecured Creditors
14
15   CROWELL & MORING, LLP
     BY: MARK PLEVIN, ESQUIRE
16      NOAH S. BLOOMBERG, ESQUIRE
     1001 Pennsylvania Avenue NW
17   Washington, DC 20004-2595
     202.624.2913
18   (mplevin@crowell.com)
     (nbloomberg@crowell.com)
19   Representing Fireman's Fund Insurance
     (Surety Bond)
20
21
22
23
24
```

Page 454

1    APPEARANCES (continued)
2
3    STEVENS & LEE, P.C
     BY: JOHN D. DEMMY, ESQUIRE*
4        (* VIA TELECONFERENCE)
     1105 North Market Street, 7th Floor
5    Wilmington, Delaware 19801
     302 654 5180
6    (jdd@stevenslee.com)
     Representing Fireman's Fund Insurance
7
8
     ALAN B. RICH LAW OFFICES
9    BY: ALAN B. RICH, ESQUIRE*
         (*VIA TELECONFERENCE)
10   Elm Place, Suite 4620
     1401 Elm Street
11   Dallas, Texas 75202
     214.744.5100
12   (arich@alanrichlaw.com)
     Representing Property Damage FCR
13
14
     CONNOLLY BOVE LODGE & HUTZ, LLP
15   BY: JEFFREY C WISLER, ESQUIRE
     The Nemours Building
16   1007 North Orange Street
     P.O. Box 2207
17   Wilmington, Delaware 19899
     302.88.6528
18   (jwisler@cblh.com)
     Representing Maryland Casualty
19
20
     ECKERT SEAMANS CHERIN & MELLOTT, LLC
21   BY: EDWARD J. LONGOSZ, II, ESQUIRE
     1747 Pennsylvania Avenue, NW
22   12th Floor
     Washington, DC 20006
23   202.659.6619
     (elongosz@eckertseamans.com)
     Representing Maryland Casualty and Zurich

Page 455

1    APPEARANCES (continued)
2
3    WILEY REIN, LLP
     BY: KARALEE C MORELL, ESQUIRE
4    1776 K Street NW
     Washington, DC 20006
5    202.719.7520
     (kmorell@wileyrein.com)
6    Representing Maryland Casualty and Zurich
7
8    COZEN O'CONNOR
     BY: ILAN ROSENBERG, ESQUIRE*
9        (*VIA TELECONFERENCE)
     1900 Market Street
10   Philadelphia, Pennsylvania 19103-3508
     215.665.4621
11   (irosenberg@cozen.com)
     Representing Federal Insurance Company
12
13
     ORRICK HERRINGTON & SUTCLIFFE, LLP
14   BY: JONATHAN P. GUY, ESQUIRE
         JOSHUA M CUTLER, ESQUIRE
15   Columbia Center
     1152 15th Street, N W
16   Washington, DC 20005-1706
     202 339.8516
17   (jguy@orrick.com)
     Representing Future Claimants
18   Representative
19
20   CUYLER BURK, P.C.
     BY: TANYA M MASCARICH, ESQUIRE*
         (*VIA TELECONFERENCE)
21   4 Century Drive
     Parsippany, New Jersey 07054
22   973 734 3200
23   (tmascarich@cuylor.com)
     Representing Allstate Insurance Company
24

Page 456

1    APPEARANCES (continued)
2
3    WILSON ELSER MOSKOWITZ EDELMAN & DICKER,
     LLP
4    BY: CARL PERNICONE, ESQUIRE
     150 East 42nd Street
5    New York, New York 10017-5639
     212.915.5656
6    (carl.pernicone@wilsonelser.com)
     Representing Arrowood Indemnity Company
7
8    OMELVENY & MYERS, LLP
     BY: TANCRED SCHIAVONI, ESQUIRE*
9        (*VIA TELECONFERENCE)
     Times Square Tower
10   7 Times Square
     New York, New York 10036
11   212.326.2267
     (tschiavoni@omm.com)
12   Representing Arrowood Indemnity Company
13
14   WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
     BY KEVIN J. MANGAN, ESQUIRE*
15       (*VIA TELECONFERENCE)
     222 Delaware Avenue
16   Suite 1501
     Wilmington, Delaware 19801
17   302.252.4361
     (kmangan@wcsr.com)
18   Representing State of Montana
19
20   PEPPER HAMILTON, LLP
     BY: LINDA J CASEY, ESQUIRE*
21       (*VIA TELECONFERENCE)
     3000 Two Logan Square
22   Philadelphia, Pennsylvania 19103
     215.981.4000
23   (caseyl@pepperlaw.com)
     Representing BNSF Railway Company
24

Page 457

1
     APPEARANCES (continued)
2
3
     GOODWIN PROCTER, LLP
4    BY: DANIEL M. GLOSBAND, ESQUIRE*
         (*VIA TELECONFERENCE)
5    Exchange Place
     53 State Street
6    Boston, Massachusetts 02109
     617.570.1930
7    (dglosband@goodwinprocter.com)
     Representing CNA Insurance
8
9
     KRAMER LEVIN NAFTALIS & FRANKEL, LLP
10   BY  GREGORY A. HOROWITZ, ESQUIRE
     1177 Avenue of the Americas
11   New York, New York 10036
     212.715.9571
12   (ghorowitz@kramerlevin.com)
     Representing Official Committee of Equity
13   Holders
14
                - - -
15
16
17
18
19
20
21
22
23
24

4 (Pages 458 to 461)

Page 458

1
2        - - -
        I N D E X
3        - - -
4
5  Testimony of:
6     PETER VAN N. LOCKWOOD, ESQUIRE
7
8  By Mr. Cohn          Page 462
9  By Mr. Wisler        Page 531
10 By Mr. Mangan        Page 544
11 By Ms. Casey         Page 549
12 By Mr. Speights      Page 563
13 By Mr. Plevin        Page 606
14 By Mr. Schiavoni     Page 624
15 By Mr. Brown         Page 636
16
17       - - -
18     E X H I B I T S
19       - - -
20 NO.  DESCRIPTION          PAGE
21 17   Notice of Deposition of
     Asbestos PI Committee Pursuant
22   to Rule 30(b)(6)        460
23 18   Exhibit 8 to Exhibit Book   460
       - - -

Page 459

1        - - -
2  DEPOSITION SUPPORT INDEX
3        - - -
4
5  Direction to Witness Not to Answer:
6  Page  Line      Page   Line
7  620   11        632    14
8
9
10 Request for Production of Documents:
11 Page  Line      Page   Line
12 NONE
13
14
15 Stipulations:
16 Page  Line      Page   Line
17 12    02
     (Previously)
18
19
20 Area(s) Marked Confidential:
   Page  Line      Page   Line
22 NONE
23
24

Page 460

2      PETER VAN N. LOCKWOOD,
3  ESQUIRE, after having been first
4  duly sworn, was examined and
5  testified as follows:
6        - - -
7      PROCEEDINGS
8        - - -
9    (ACC 30(b)(6)-17 and 18
10 premarked for identification at
11 this time.)
12        - - -
13    MR. COHN: Go ahead,
14 Mr. Schiavoni.
15    MR. SCHIAVONI: I just
16 wanted to object. We have written
17 the Libby claimants separately
18 about this, but we object to them
19 doing any questioning of
20 Mr. Lockwood on the grounds that
21 the Libby claimants are members of
22 the committee, they have not
23 objected to Mr. Lockwood's
24 designation to testify on behalf

Page 461

1  of the committee; nor have they
2  offered in response to requests
3  any alternative witness to testify
4  on any topics on which they
5  disagree with Mr. Lockwood.
6    We see Mr. Lockwood's
7  testimony and the failure of the
8  Libby claimants to object to the
9  designation of Mr. Lockwood as an
10 adoptive omission by the Libby
11 claimants, and we object to any
12 questioning by them as essentially
13 questioning seeking to impeach
14 their own witness. Thank you.
15    MR. COHN: You are welcome.
16 We will respond to your
17 correspondence, but, for the
18 moment, let's simply say that we
19 reject the basis for your
20 objection.
21    MR. SCHIAVONI: If there are
22 any topics that the Libby
23 claimants object to Mr. Lockwood's
24 designation on, we need to know

Page 622

1  constituencies in the case are making a
2  claim on Fireman's Fund for payment
3  pursuant to those policies?
4          MR. FINCH: Object to form.
5          THE WITNESS: Well, my
6  awareness of that is that the
7  rights under those policies are
8  being assigned to the Trust under
9  the Plan. And my expectation is,
10 therefore, that any such demands
11 that you just described would be
12 made on behalf of the Trust, not
13 on behalf of Grace.
14         But subject to that caveat
15 or correction, if you will, I am
16 aware that there have been
17 discussions of a possible
18 resolution of that insurance.
19 BY MR. PLEVIN:
20     Q.  Does the committee have a
21 position as to the right of Fireman's
22 Fund to set-off against any amounts it is
23 obligated to pay as coverage under the
24 policies for asbestos liabilities any

Page 623

1  amounts owing from Grace to Fireman's
2  Fund under the indemnity agreement in the
3  event that Fireman's Fund pays under the
4  bond for the Edwards claim?
5          MS. BAIER: Objection to the
6          extent you are asking for a legal
7          opinion or conclusion from a fact
8          witness.
9          MR. FINCH: I join in that.
10         THE WITNESS: As of now, the
11         answer to that question is not
12         yet.
13 BY MR. PLEVIN:
14     Q.  Okay. Do you know when --
15 do you have an expectation, rather, as to
16 when the committee will have a position
17 on that?
18     A.  Well, all I can say is that
19 that question is being analyzed, to my
20 understanding, in connection with
21 discussions that insurance counsel for
22 the committee and others are having with
23 representatives of Fireman's Fund.
24     MR. PLEVIN: All right. I

Page 624

1  have no further questions. Thank
2  you.
3          - - -
4          EXAMINATION
5
6  BY MR. SCHIAVONI:
7      Q.  Mr. Lockwood, I have a
8  couple of softballs for you.
9          Did you review the
10 description of the status of the coverage
11 that Grace claims that Royal issued to
12 Zonolite in the Disclosure Statement?
13     A.  Do you mean did I review the
14 portions of the Disclosure Statement
15 purporting to describe that?
16     Q.  Yes.
17     A.  I think I did, yes.
18     Q.  Okay. Did you review the
19 description of the January 5, 1995
20 settlement agreement between Grace and
21 Royal in the Disclosure Statement?
22     A.  If you could refer me to the
23 particular provision in the Disclosure
24 Statement to which you are referring, it

Page 625

1  would probably expedite this.
2          I think I probably did, if
3  it's in the Disclosure Statement, but it
4  would be easier to answer the question
5  definitively if I could look at the
6  Disclosure Statement, which I have
7  available.
8          MR. SCHIAVONI: Carl, if you
9          could hand a copy of the
10         Disclosure Statement to
11         Mr. Lockwood.
12         MR. PERNICONE: I just did.
13         THE WITNESS: Could you give
14         the page or section number?
15 BY MR. SCHIAVONI:
16     Q.  The provision I have on mine
17 is on page 41. I believe it's 2.10.2.2.
18     A.  I see that provision.
19     Q.  All right. Let me just ask
20 you the question clean again that I just
21 asked you.
22     A.  Okay.
23     Q.  Did you review the
24 description of the January 5, 1995

Page 626

1  settlement agreement between Grace and
2  Royal that's in the Disclosure Statement?
3      A.  Yes.
4      Q.  Okay.  Is it fair to say
5  that it's the committee's position that
6  the Disclosure Statement accurately
7  describes the January 5, 1995 settlement
8  agreement between Grace and Royal?
9      A.  The answer to that is yes
10 subject to the qualification that the
11 committee is to an significant extent
12 relying on Grace as the source of the
13 information that is contained in that.
14      But the committee is
15 certainly not challenging that statement
16 or disagreeing with it.  And it's in a
17 document that the committee is a
18 co-proponent of.  So, in effect, the
19 committee is adopting it.
20     Q.  Is it fair to say,
21 Mr. Lockwood, that it is also the
22 committee's position that the Disclosure
23 Statement accurately describes the status
24 of the coverage that Grace alleges that

Page 627

1  Royal issued to Zonolite?
2      A.  As far as the committee is
3  aware, that description is accurate, for
4  the same reasons I described in my answer
5  to the previous question.
6      Q.  And that is, that you are
7  relying to some extent on Grace having
8  provided you information?
9      A.  That's correct.  I mean, the
10 only -- we get documents; we get
11 descriptions.  The only conceivable
12 source of those documents to us, short of
13 going out and doing discovery of Royal
14 and what have you, was Grace.
15     So if they, for example,
16 left out a document that was relevant or
17 something like that, then we wouldn't
18 necessarily know about it.  But we don't
19 have any reason to believe that that's
20 the case.
21     Q.  Let me ask it that way.  Is
22 it fair to say that, sitting here today,
23 the committee doesn't have any reason to
24 believe that the Disclosure Statement in

Page 628

1  any way inaccurately describes the
2  January 5, 1995 settlement agreement
3  between Grace and Royal?
4      A.  Correct.
5      Q.  Is it also fair to say that,
6  sitting here today, the committee doesn't
7  have any reason to believe that the
8  Disclosure Statement inaccurately
9  describes the status of the coverage that
10 Grace alleges that Royal issued to
11 Zonolite?
12     A.  That is also correct.
13     Q.  Are the Libby claimants that
14 are represented by Mr. Cohn a member of
15 the Asbestos PI Committee?
16     A.  No.  One Libby claimant that
17 is represented by Mr. Heberling is a
18 member of the committee.  To my
19 knowledge, the balance of the so-called
20 Libby claimants are represented by
21 primarily, if not exclusively, two
22 plaintiffs firms in Montana, one of which
23 is Mr. Heberling's, the other which is
24 not, and that Mr. Cohn has been employed

Page 629

1  by those two firms to act as bankruptcy
2  counsel for their collective clients.
3      But as far as I am aware,
4  Mr. Cohn is not a member of the ACC.
5      Q.  All right.  Is Mr. Heberling
6  a member of the Asbestos PI Committee?
7      A.  Mr. Heberling, like the
8  other lawyers that are the personal
9  injury lawyers for members of the
10 committee, my understanding, has been
11 delegated by his client who is on the
12 committee to act in the client's stead on
13 most, if not all, matters coming before
14 the committee.
15     Q.  Did either Mr. Heberling or
16 his client, that is, a member of the
17 committee, object to your designation as
18 a 30(b)(6) witness for the committee?
19     A.  Not to my knowledge.
20     Q.  Did the Libby claimants --
21 strike that.
22     Did either Mr. Heberling or
23 his client that's a member of the
24 committee object to you offering

Page 630

1  testimony on behalf of the committee with
2  respect to any of the topics on which the
3  committee's designated you as a 30(b)(6)
4  witness?
5      A.  Not that I recall.
6      Q.  Did either Mr. Heberling or
7  his client, which is a member of the
8  committee, convey any position to the
9  committee concerning the treatment of
10 asbestos PI claims that's in any way
11 inconsistent with the testimony that you
12 have offered today?
13     MR. FINCH:  Objection, form,
14 foundation.  To the extent that
15 calls for privileged
16 communications, I instruct the
17 witness not to answer.  To the
18 extent that calls for settlement
19 communications, I instruct the
20 witness not to answer.
21     If you can answer subject to
22 either of those instructions, you
23 can do so.
24     THE WITNESS: Mr. Cohn and

Page 631

1  his clients have filed voluminous
2  papers in this case expressing
3  positions with which the majority
4  of the committee is in
5  disagreement, and the committee
6  has filed papers in opposition or
7  otherwise in response to those
8  papers.
9      You have asked me whether or
10 not anything I have said in the
11 course of a day and a half of
12 testimony is inconsistent with the
13 positions expressed by the Libby
14 claimants in those papers.  I
15 would have to say it strikes me as
16 probable that I have said things
17 that were inconsistent with those
18 positions.  But for me to go back
19 and recite from memory everything
20 that I might have said that might
21 be so inconsistent, I could not
22 begin to accomplish.
23 BY MR. SCHIAVONI:
24     Q.  Have Mr. Heberling and his

Page 632

1  client taken positions inconsistent with
2  the other committee members with regard
3  to the Plan that's now on file?
4      A.  Yes.
5      Q.  And has that been the case
6  for the last year?
7      A.  Probably, I would say so, at
8  least.
9      Q.  Would you tell us what
10 positions the Libby claimants took in
11 meetings with the other ACC members with
12 regard to the insurance coverage that's
13 alleged to be issued to Grace?
14     MR. FINCH:  Objection.  To
15 the extent he is calling for
16 discussions between committee
17 members in the presence of
18 committee counsel that would
19 reveal privileged communications
20 or work product communications, I
21 instruct you not to answer the
22 question.
23     I think on its face, the
24 question invades the privilege,

Page 633

1  but if you can answer the question
2  without so doing, you may do so,
3  although I tend to doubt it.
4      THE WITNESS: Read the
5  question back.
6      (The reporter read from the
7  record as requested.)
8      THE WITNESS: I have been
9  instructed not to answer that
10 question by my understanding my
11 instructions.
12     MR. SCHIAVONI:  And, Nate, I
13 don't want to belabor the point,
14 but this would be the case with
15 regard to other questions about
16 what positions the Libby claimants
17 had communicated to the other
18 committee members in which they
19 are in opposition to the other
20 committee members, right?
21     THE WITNESS: Any
22 communication that happened that
23 wasn't as a result of them filing
24 something in court, I would take

48 (Pages 634 to 637)

Page 634

1  the same position and give the
2  same instruction.
3      If you ask about questions
4  that Libby claimants have taken in
5  papers filed in the court, for
6  example, in a Disclosure Statement
7  objections and the bullet point
8  Plan objections and the
9  committee's responses made to that
10  in open court, I will permit
11  Mr. Lockwood certainly to answer
12  those questions.
13      But anything that gets into
14  communications with between the
15  Libby claimants with the rest of
16  the ACC or counsel for the ACC
17  about their respective views of
18  insurance coverage, I am going to
19  take the position as privileged.
20      And so I think you have to
21  do it on a question-by-question
22  basis, but that's my general
23  position.
24  BY MR. SCHIAVONI:

Page 635

1      Q.  Okay.  Mr. Lockwood, I just
2  have one other brief topic.  And here is
3  the first question on that:  Does the
4  Plan purport to release claims that may
5  exist between insurers and Non-Debtors?
6      MR. FINCH:  Objection, form,
7  broad, vague.
8      THE WITNESS:  Phrased as
9  broadly as you have, I think the
10  answer is yes.
11      MR. SCHIAVONI:  Okay.  Thank
12  you.  I have no further questions.
13      MR. FINCH:  Is there anyone
14  else in the room who has
15  questions?
16      MR. BROWN:  I have some
17  follow-ups.
18      MR. FINCH:  Is there anyone
19  else on the telephone who has not
20  asked questions yet who has
21  questions?
22      (No response.)
23      MR. FINCH:  Hearing no
24  affirmative response, I will let

Page 636

1  you have follow-up until we run
2  out of time.
3      (There was a discussion held
4  off the record at this time.)
5      (There was a break from 3:55
6  p.m. to 4:03 p.m.)
7      EXAMINATION
8      - - -
9  BY MR. BROWN:
10      Q.  Mr. Lockwood, just a couple
11  of follow-ups.  The court reporter is
12  actually going to read back a question
13  and answer.  I think it's probably easier
14  to do that, and then I will ask my
15  follow-up question.  It was end of
16  Mr. Wisler's questioning of you.
17      A.  Okay.
18      (The reporter read from the
19  record as requested.)
20  BY MR. BROWN:
21      Q.  And after that,
22  Mr. Lockwood, Mr. Wisler asked you a
23  follow-up as to what type of claim it

Page 637

1  would be.
2      And is it correct that the
3  ACC does not have a position on what type
4  of claim it would be if it's not a Class
5  6 claim?
6      A.  Well, the ACC doesn't, as
7  such, have positions on hypothetical
8  questions.  So, yes, the ACC doesn't have
9  a position on that issue.  The ACC --
10  well, I will leave it at that.
11      Q.  On Friday, Mr. Cohn asked
12  you a question, who drafted the TDP.
13  That was the question, and you gave an
14  answer which I am happy to show you the
15  full answer.  But I WANT to repeat a
16  portion of your answer.  You said:  "The
17  participants that did it were basically
18  counsel for the ACC, counsel for the FCR,
19  and members of the ACC itself in terms of
20  reviewing and commenting on things, and
21  the FCR himself."
22      When you said the ACC
23  itself, what did you mean?
24      A.  I meant --