IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 01-01139 (JKF) <br> ) (Jointly Administered) <br> ) <br> ) Hearing Date: <br> ) June 18, 2009 at 1:00 p.m. |
| W. R. GRACE & CO., et al., | |
| Debtors. | |

Re: Dkt. Nos. 21972, 21987 and 22056

**BANK LENDER GROUP'S REPLY TO
PLAN PROPONENTS' RESPONSE IN OPPOSITION TO MOTIONS
TO MODIFY THE THIRD CASE MANAGEMENT ORDER RELATED TO THE
FIRST AMENDED JOINT PLAN OF REORGANIZATION**

Certain lenders under the Credit Agreements[1](the "Bank Lender Group"), by and through their undersigned counsel, hereby file this reply (the "Reply") to the Plan Proponents' Response in Opposition to Motions of the Bank Lender Group and Creditors Committee to the Modify Third Amended Case Management Order Related to the First Amended Joint Plan of Reorganization, dated June 11, 2009 [Dkt. No. 22056] (the "Objection"). In support of this Reply, the Bank Lender Group respectfully represents as follows:

**ARGUMENT**

I.     **Modification Motion Seeks Appropriate Relief Under the Circumstances.**

1.     The Plan Proponents incorrectly argue that the Bank Lender Group must seek a stay of the May 19 Decision. The Plan Proponents' argument ignores the power of this Court pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Bank Lender Group Motion's to Modify the Third Amended Case Management Order related to the First Amended Joint Plan of Reorganization, dated June 3, 2009 [Dkt. No. 21972] (the "Modification Motion").

Doc#: US1:5665388v4

Rules") to "make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest"—the very relief requested by the Modification Motion.

2. Rule 8005 does not limit relief to the grant of a stay of a bankruptcy court's judgment, order or decree. It provides that:

> A motion for stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy court.
>
> Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, **the bankruptcy judge may** suspend or order the continuation of other proceedings in the case under the Code or **make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest**.

Fed. R. Bankr. P. 8005 (emphasis supplied).[2]

3. As noted by the Third Circuit Court of Appeals, the second sentence of Rule 8005 grants bankruptcy courts discretion to "tailor relief to the unique circumstances of the case, '[n]otwithstanding Rule 7062'" and issue any appropriate order "during the pendency of an appeal on such terms as will protect the rights of parties in interest." *United States* v. *Trans World Airlines, Inc.* (*In re Trans World Airlines, Inc.*), 18 F.3d 208, 212 (3d Cir. 1994). In issuing orders pursuant to the power granted by the second sentence of Rule 8005, courts do not apply the four-prong test required in connection with seeking a stay of an order or proceedings. *See Troung* v. *Kartzman*, 2007 WL 1959259, at *8 (D.N.J. July 5, 2007), *aff'd*, 285 Fed. Appx. 837, 2008 WL 2640446 (3d Cir. 2008) (district court found that bankruptcy court's supplemental order to enforce its original summary judgment order, and voiding any

---

[2] Notably, the Plan Proponents failed to include the second sentence of Rule 8005 in quoting the statutory language in their Objection. *See* Objection at p. 6.

then existing or future transfers, was appropriate under the circumstances under its Rule 8005 powers).

4.     The cases cited in the Objection only apply to requests for a *stay* of the judgment, order or decree of a bankruptcy court or a *stay of proceedings* pending an appeal pursuant to Rule 8005.[3] Such cases do not apply to the Bank Lender Group's request for relief in the Modification Motion because the Bank Lender Group is not seeking a stay of this Court's order: To the contrary, the Bank Lender Group maintains that the May 19 Order is in force and the appeal therefrom deprives this Court of jurisdiction to act with respect to "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

5.     The Phase I hearing scheduled for June 22-June 25, 2009 addresses matters squarely within the appeal, and this Court lacks jurisdiction to address those matters. The Confirmation Hearings (Phase I and II) can proceed as planned with respect to all other parties and all other issues. The Bank Lender Group requests that this Court, in its discretion, modify the CMO so that the issues and findings on appeal—an appeal which the Bank Lender Group submits divested this Court of jurisdiction over those issues and findings— abide the resolution of the appeal. The basis for this relief is two-fold: first, this Court lacks jurisdiction and should not proceed until the appellate court has ruled; second, because all future rulings with respect to the Bank Lenders in connection with confirmation of the Plan flow from the May 19 Decision's rulings and findings, now subject to appeal, further

---

[3] *See e.g. Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991) (adopting standard for stay of a civil judgment in connection with a stay pending appeal pursuant to Rule 8005); *In re Genesis Health Ventures, Inc.*, 367 B.R. 516, 519 (Bankr. D. Del. 2007) (applying four-prong stay standard to a request for a stay of proceedings); *In re ANC Rental Corp.*, 2002 WL 1058196, at *2 (D. Del. May 22, 2002) (discussing four-prong test in connection with request for a stay pending an appeal of an order of bankruptcy court).

proceedings here involving those issues will result in a tremendous waste of judicial and estate assets and those of other parties in interest, as well. This Court can avoid that outcome by exercising its discretionary power to issue an order during the pendency of an appeal tailored to protect the rights of all parties in interest, including the Bank Lenders.

**II.        The Divestment Rule Is Not Limited to Identical Issues on Appeal.**

6.        A review of the authorities on the "divestment rule," including authorities cited in the Objection, demonstrates that courts do not apply the rule in the restrictive fashion that the Plan Proponents suggest. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal*") (emphasis supplied); *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) (same).

7.        Courts do not limit application of the divestment rule to the identical issues on appeal. *See In re Strawberry Square Associates*, 152 B.R. 699, 701 (Bankr. E.D.N.Y. 1993) ("Nor may the bankruptcy court exercise jurisdiction over those issues which, although not themselves on appeal, nevertheless so impact those on appeal as to effectively circumvent the appeal process."); *Whispering Pines Estates v. Flash Island, Inc.*, 369 B.R. 752, 759 (B.A.P. 1st Cir. 2007) (reversed bankruptcy court's decision that it had jurisdiction despite pending appeal, and held that once appeal is pending, it is imperative that lower court not exercise jurisdiction over those issues which, while not themselves expressly on appeal, nevertheless so impact the appeal as to interfere with, or effectively circumvent, appeal process).

4

**III.        Issues Regarding Solvency and Related Discovery Are Irrelevant and Were Expressly Reserved by this Court.**

8.    The Plan Proponents argue that the Bank Lender Group has slept on its rights, having failed to present arguments and evidence of Grace's solvency.[4] This argument is disingenuous. This Court expressly ruled on November 24, 2008 that it would consider issues regarding solvency at the first omnibus hearing after this Court rendered its decision on Grace's objection to the Bank Lenders' proofs of claim.[5] In response to discussion from counsel for the Bank Lender Group and Grace, the Court ruled that:

> "I think that we should do what I had suggested when I had the issue raised, which is, let's put it back on for a discussion of solvency on the next omnibus hearing *after I issue an opinion*."

*See* Transcript of Nov. 24, 2008 Hearing, p. 112, ln-8-9 (emphasis supplied).

9.    Thus, in accordance with this Court's November 24, 2008 ruling, any discussion of solvency will take place on June 29, 2009, the next scheduled omnibus hearing date.

## CONCLUSION

10.    For the these reasons, and the reasons set forth in the Modification Motion, the Bank Lender Group requests that this Court enter an order granting its request for a modification of the CMO.

---

[4]    Objection at pp. 12-14.

[5]    *See* Transcript of Nov. 24, 2008 Hearing [Dkt. No. 20170], p. 110-112.

Dated: Wilmington, Delaware
       June 15, 2009

**LANDIS RATH & COBB LLP**

_____
Richard Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
J. Landon Ellis (No. 4852)
919 Market Street, Suite 1800
Post Office Box 2087
Wilmington, Delaware 19899
Telephone: (302) 467-4400
Telecopier: (302) 467-4450

-and-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Daniel J. Beller
Stephen J. Shimshak
Andrew N. Rosenberg
Margaret A. Phillips
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Telecopier: (212) 757-3990

*Attorneys for The Bank Lender Group*