IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| In re | |
| | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| | Jointly Administered |
| Debtors. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF CONTINUED DEPOSITION OF W.R. GRACE & CO., ET AL. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure and Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, the claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] through their undersigned counsel, will take the continued deposition of **W.R. Grace & Co., et al.** (the "Debtors").[2] By agreement, the deposition will continue on **June 29, 2009**, beginning at **9:30 a.m.**, at Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, or on such other date and at such other location as mutually agreed by the Libby Claimants and the Debtors.[3] The deposition will continue from day to day until complete. The deposition will proceed before an officer authorized by law to administer oaths and will be recorded by audio, video and/or stenographic means. You are hereby invited to attend and examine the witness.

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 21365], as it may be amended and restated from time to time.

[2] The initial days of the deposition were held on May 13, 2009 and June 11, 2009, when the Debtors produced Richard Finke, Esq. and Jay Hughes, Esq.

[3] The Debtors have indicated that they will produce Hudson LaForce on June 29, 2009.

Pursuant to Rule 30(b)(6), the Debtors shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf as to all facts and other information known or reasonably available to the Debtors relating to the matters set forth in Attachment A. For each person designated to testify as to any matters set forth in Attachment A, the Debtors are requested to produce at the deposition all documents which the person has reviewed in preparing to testify with respect to the matters as to which the person is designated to testify, and, unless already made available in discovery, all other documents relating to the matters set forth in Attachment A.

Dated: June 18, 2009

Respectfully submitted,

LIBBY CLAIMANTS

By their attorneys,

_/s/ Kerri Mumford_
Adam G. Landis, Esq.
Kerri Mumford, Esq.
LANDIS RATH & COBB LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19801
(302) 467-4400

and

Daniel C. Cohn
Christopher M. Candon
COHN WHITESELL & GOLDBERG LLP
101 Arch Street
Boston, MA 02110
(617) 951-2505

877p/Not Cont. Depo (Grace – 30(b)(6))2

## ATTACHMENT A

### I. DEFINITIONS

To the extent not defined in the Section II hereof, the following definitions shall apply for purposes of this deposition notice:

1. "Plan" means the Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants Representative, and the Official Committee of Equity Security Holders dated February 27, 2009

2. The following terms have the meanings ascribed to them in the Plan:

   a. "Asbestos Insurance Entity"

   b. "Asbestos Insurance Entity Injunction"

   c. "Asbestos Insurance Rights"

   d. "Asbestos PI Channeling Injunction"

   e. "Asbestos PI Claim"

   f. "Asbestos PI Trust"

   g. "Asbestos PI Trust Distribution Procedures"

   h. "Bankruptcy Code"

   i. "Confirmation Hearing"

   j. "Debtors"

   k. "Exhibit Book"

   l. "Plan Proponents"

   m. "Settled Asbestos Insurance Companies"

3.      "Document" or "documents" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, the original and non-identical copy of any written, electronic, recorded, or graphic matter, however produced or reproduced, including without limitation, any correspondence, memoranda, notes, meeting minutes, telegrams, reports, transcripts, e-mails, or telephone conversations or any other writings or documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith, and any other retrievable matter (whether encarded, taped or encoded, electrostatically or otherwise), in the possession, custody, or control, of you, your agents, employees, counsel, or other representatives. Non-identical copies, drafts, and identical copies with handwriting are separate "documents" within the meaning of that term.

4.      The "Libby Claimants" shall mean the claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants").[4]

## II.  SUBJECTS OF INQUIRY

Plan

1.  Development of Plan among Plan Proponents, including negotiations, other discussions between or within the Plan Proponents, and preparation of documents, including drafts.

2.  Funding of the Asbestos PI Trust, including value at time of negotiation of assets to be used to fund the Asbestos PI Trust.

3.  Current value of assets to be used to fund the Asbestos PI Trust.

4.  Projected value at scheduled Confirmation Hearing of assets to be used to fund the Asbestos PI Trust.

---

[4] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 21365], as it may be amended and restated from time to time.

Asbestos PI Trust

1.  Development of the Asbestos PI Trust Distribution Procedures, including negotiations, other discussions between or within the Plan Proponents, and preparation of documents, including drafts.

2.  Asbestos Personal Injury trust distribution procedures in other cases used as models, points of reference or in any other way utilized in the development of the Asbestos PI Trust Distribution Procedures ("Other TDPs").

3.  Liquidation of claims under Other TDPs.

4.  Process by which the Asbestos PI Trust will liquidate claims.

5.  Disease categories under the Asbestos PI Trust Distribution Procedures.

6.  The "Severe Pleural" disease category under the Asbestos PI Trust Distribution Procedures.

7.  Provisions of the Asbestos PI Trust Distribution Procedures concerning "Extraordinary Claims."

Injunctions

1.  The Asbestos PI Channeling Injunction.

2.  Development of Asbestos PI Channeling Injunction among Plan Proponents, including negotiations, other discussions between or within the Plan Proponents, and preparation of documents, including drafts.

3.  Injunctions in other cases similar to the Asbestos PI Channeling Injunction used as models, points of reference or in any other way utilized in the development of the Asbestos PI Channeling Injunction ("Other Channeling Injunctions").

4.  Litigation concerning scope of Other Channeling Injunctions.

5. Scope and operation of the Asbestos PI Channeling Injunction, including the effect, if any, on actions by Libby Claimants against parties other than the Debtors, including but not limited to BNSF, the State of Montana and Maryland Casualty Company, for their own allegedly tortious conduct ("Libby Claimants' Independent Actions").

6. Necessity of, or benefit to Plan Proponents or Asbestos PI Trust from, the Asbestos PI Channeling Injunction (including consideration supplied to any of the Plan Proponents by those protected by the Asbestos PI Channeling Injunction).

7. The Asbestos Insurance Entity Injunction.

8. Development of Asbestos Insurance Entity Injunction among Plan Proponents, including negotiations, other discussions between or within the Plan Proponents, and preparation of documents, including drafts.

9. Injunctions in other cases similar to the Asbestos Insurance Entity Injunction used as models, points of reference or in any other way utilized in the development of the Asbestos Insurance Entity Injunction ("Other Insurance Entity Injunctions").

10. Litigation concerning scope of Other Insurance Entity Injunctions.

11. Scope and operation of the Asbestos Insurance Entity Injunction, including the effect, if any, on Libby Claimants' Independent Actions.

12. Necessity of, or benefit to Plan Proponents or Asbestos PI Trust from, the Asbestos Insurance Entity Injunction (including consideration supplied to any of the Plan Proponents by those protected by the Asbestos Insurance Entity Injunction).

13. The Successor Claims Injunction.

14. Development of Successor Claims Injunction among Plan Proponents, including negotiations, other discussions between or within the Plan Proponents, and preparation of documents, including drafts.

15. Injunctions in other cases similar to the Successor Claims Injunction used as models, points of reference or in any other way utilized in the development of the Successor Claim Injunction ("Other Successor Claims Injunctions").

16. Litigation concerning scope of Other Successor Claims Injunctions.

17. Scope and operation of the Successor Claims Injunction, including the effect, if any, on Libby Claimants' Independent Actions.

18. Necessity of, or benefit to Plan Proponents or Asbestos PI Trust from, the Successor Claims Injunction (including consideration supplied to any of the Plan Proponents by those protected by the Successor Claims Injunction).

19. Release and exculpation provisions of the Plan (the "Releases and Exculpations").

20. Development of the Releases and Exculpations among Plan Proponents, including negotiations, other discussions between or within the Plan Proponents, and preparation of documents, including drafts.

21. Injunctions in other cases similar to the Releases and Exculpations used as models, points of reference or in any other way utilized in the development of the Releases and Exculpations ("Other Releases and Exculpations").

22. Litigation concerning scope of Other Releases and Exculpations.

23. Scope and operation of the Releases and Exculpations, including the effect, if any, on Libby Claimants' Independent Actions.

24. Necessity of, or benefit to Plan Proponents or Asbestos PI Trust from, the Releases and Exculpations (including consideration supplied to any of the Plan Proponents by those protected by the Releases and Exculpations).

25. The Plan's compliance with Section 524(g) of the Bankruptcy Code.

Liquidation Analysis

1. Liquidation analysis contained in Exhibit Book as Exhibit 8 (the "Liquidation Analysis")

2. Development of Liquidation Analysis among Plan Proponents, including negotiations, other discussions between or within the Plan Proponents, and preparation of documents,

3. Projections, assumptions, calculations and sources of information utilized in preparing Liquidation Analysis.

4. Any changes in, or changes in the validity of, any such projections, assumptions, calculations and sources of information, through the present date.

Claims History

1. The Debtors' claims history concerning Asbestos PI Claims.

2. The Debtors' settlement practices and verdict history for Asbestos PI Claims.

3. The Debtors' settlement practices and verdict history for punitive damage claims.

4. The Debtors' settlement practices and verdict history for wrongful death claims.

5. The Debtors' settlement practices and verdict history for claims resulting from exposure to the Debtors' asbestos in Lincoln County, Montana.

6. The Debtors' settlement practices and verdict history for claims resulting from exposure outside of Lincoln County, Montana, to the Debtors' asbestos originating in Lincoln County, Montana.

Rights of BNSF

1. Claims of Burlington Northern Santa Fe Railroad and affiliates ("BNSF") against the Debtors.

2. Proofs of claim filed by BNSF.

3. Any rights of indemnification by BNSF against the Debtors, and any agreements pertaining thereto.

4. Any rights of contribution by BNSF against the Debtors.

5. Any insurance covering BNSF for Libby Claimants' Independent Actions against BNSF.

Rights of the State of Montana

1. Claims of the State of Montana against the Debtors.

2. Proofs of claim filed by the State of Montana.

3. Any rights of indemnification by the State of Montana against the Debtors, and any agreements pertaining thereto.

4. Any rights of contribution by the State of Montana against the Debtors.

5. Any insurance covering the State of Montana for Libby Claimants' Independent Actions against the State of Montana.

Rights of Maryland Casualty Company

1. Claims of the Maryland Casualty Company, including affiliates ("MCC") against the Debtors.

2. Proofs of claim filed by MCC.

3. Any rights of indemnification by MCC against the Debtors, and any agreements pertaining thereto.

4. Any rights of contribution by MCC against the Debtors.

5. Any insurance covering MCC for Libby Claimants' Independent Actions against MCC.

<u>Insurance</u>

1. The Debtors' insurance policies (whether owned by the Debtors or purchased for another entity), coverage issues and settlements with insurers.

2. The Debtors' insurance coverage for products/completed operations, including terms thereof, aggregate caps, and defenses to and limitations on such coverage.

3. Projected value of the Asbestos Insurance Rights constituting products/completed operations coverage.

4. Projected aggregate liquidated amount of the Asbestos PI Claims (including future claims) covered by products/completed operations insurance.

5. The Debtors' insurance coverage for premises/non-completed operations, including terms thereof, aggregate caps, and defenses to and limitations on such coverage.

6. Projected value of the Asbestos Insurance Rights constituting premises/non-completed operations coverage.

7. Projected aggregate liquidated amount of the Asbestos PI Claims (including future claims) covered by premises/non-completed operations insurance.

8. Settlements with the Debtors' insurers.

9. Bases for designation under the Plan of certain Asbestos Insurance Entities as Settled Asbestos Insurance Companies.