**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline Proposed: July 13, 2009** |
| | ) | **Hearing Date Proposed:  July 20 2009 at 9:00 a.m.** |

**PLAN PROPONENTS' JOINT EXPEDITED MOTION IN LIMINE TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF DR. TERRY M. SPEAR**

Debtors W.R. Grace & Co., *et al.*, The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders (collectively, the "Plan Proponents") respectfully request that the Court exclude the Expert Report of Dr. Terry Spear (attached as Appendix A) offered by the Libby Claimants and preclude Dr. Spear from testifying for failure to satisfy the standards of admissibility under Federal Rule of Evidence 702.[2]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] The parties met to discuss this objection, and have since corresponded to try to reach a resolution.  The parties have agreed to postpone the deposition of Dr. Spear until after the court rules on this motion.  Thus, the Plan Proponents ask that this motion be heard on July 20 to allow sufficient time to depose Dr. Spear before briefs for Phase II are due in August if the court denies this motion.

## I. LEGAL STANDARD

Under Federal Rule 702, the Court must ensure that all testimony or evidence admitted is both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Rule 702 only permits expert testimony "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The proponent of the expert testimony bears the burden of showing that the proffered expert testimony is both relevant and reliable. *Oddi v. Ford Motor Co.*, 234 F.3d 136, 145-46 (3d Cir. 2000).

To be relevant, expert testimony must "'fit' the case," meaning that it must "assist the trier of fact to understand the evidence or to determine a fact in issue."[3] *United States v. Salko*, No. 1:07-CR-0286, 2008 U.S. Dist. Lexis 84979, at *14 (M.D. Pa. Oct. 22, 2008). The "fit" requirement "is one of relevance and expert evidence which does not relate to an issue in the case is not helpful." *In re TMI Litig.*, 193 F.3d 613, 670 (3d Cir. 1999). "[B]are logical relevance" is not sufficient. *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 857 (3d Cir. 1990). Rather, "admissibility depends . . . on a connection between the expert opinion offered and the particular disputed factual issues in the case." *In re TMI*, 193 F.3d at 670.

## II. ARGUMENT

### A. Dr. Spear Cannot Offer Any Relevant Testimony at the Plan Confirmation Hearing Because His Opinions are in No Way Related to the Libby Claimants' Objections to the Plan.

Dr. Terry Spear claims expertise in industrial hygiene, a field comprising the study of environmental factors that lead to illness in industrial workplaces. App. A, Spear Report at ¶¶ 2-

---

[3] In this motion, the Plan Proponents object only on relevance grounds. The Plan Proponents reserve the right to object to Dr. Spear's testimony on any other ground at a later date, including, but not limited to reliability, qualifications, and methodology under *Daubert*, 509 U.S. at 589.

3. The substance of Dr. Spear's report is largely recycled from a report he prepared for the United States in a recent criminal trial against Grace--a trial that dealt with issues that are entirely irrelevant here. In his report,[4] Dr. Spear opines exclusively on irrelevant issues, including the conditions of Grace's worksite during the 1950's-60's, *id*. at ¶ 31, Grace's experiments with asbestos, *id*. at ¶ 26, and Grace's alleged knowledge of the health risks associated with asbestos exposure, *id*. at ¶ 16. Conspicuously absent from Dr. Spear's report is any information or conclusion relevant to the core issue for the Libby Claimants in this proceeding: whether the Plan treats the Libby Claimants fairly. *See* Libby Claimants' Objection to First Am. Joint Plan of Reorganization, at 2-3 (Dkt. No. 21811).

The Libby Claimants object to the Plan on several fairness grounds, including allegations that the Plan fails to create an equal distribution, places their claims in classes that lack substantial similarity, denies jury-trial rights, limits recoverable damages, and contains overly broad injunctions. *Id.* Notably, none of these objections concern Grace's ***pre-petition*** behavior-- the sole focus of Dr. Spear's report. *See* App. A, Spear Report. Instead, each involves a legal or procedural issue concerning treatment of the Libby Claimants under the plan.

Dr. Spear's report and proposed testimony have no valid connection to any of the issues raised by the Libby Claimants.[5] Nor could someone with Dr. Spear's background provide testimony that could aid this Court. Any testimony about workplace sanitation simply is not relevant to the issues raised by the Libby Claimants, which concern the distribution of assets and preservation of rights under a Chapter 11 Plan, not liability for workplace or personal injury

---

[4] Dr. Spear's report was served on the Plan Proponents on or about December 31, 2008. *See* Notice of Service of Discovery--Expert Reports (Dkt. No. 20402).

[5] Moreover, the statements in Dr. Spear's report and proposed testimony are deeply disputed and severely undermined by Grace's experts. *See* Rodrick's Suppl. Report, at 7-15 (attached as Appendix B). Allowing Dr. Spear's testimony would open the door to rebuttal testimony, causing unnecessary delay litigating tangential and irrelevant issues.

3

claims.  *See* Libby Claimants' Objection to First Am. Joint Plan of Reorganization, at 2-3 (Dkt. No. 21811).  His report and proposed testimony must therefore be excluded because it is expert testimony which does not relate to an issue in the case.  *See In re TMI Litig.*, 193 F.3d at 670 (affirming district court's decision to exclude expert testimony for lack of "fit").

> **B.    Because Dr. Spear's Testimony and Expert Report Are Not Relevant to these Proceedings, They Cannot Assist the Court in Ruling on Any Fact at Issue.**

Because Dr. Spear's expert report and testimony do not address issues relevant to the Libby Claimants' objections, they cannot assist this Court in determining whether the Plan equitably compensates claimants.  In their objection to the plan, the Libby Claimants cite extensively to Dr. Spear's report for background facts.  *See* Libby Claimants' Objection to First Am. Joint Plan of Reorganization, at 5-9 (Dkt. No. 21811).  But for the purposes of the Phase II Confirmation Hearings, these facts simply are not at issue.  Grace's liability for any injuries purportedly suffered by the Libby Claimants is not a relevant fact in dispute in this confirmation proceeding.

Dr. Spear's report does not suggest any reason why the Plan should not be confirmed, and does not support any of the Libby Claimants' objections.  *See* App. A, Spear Report. Because his testimony fails to assist this Court in resolving issues before it, Dr. Spear's testimony must be deemed inadmissible under Rule 702.  Fed. R. Evid. 702; *NN&R, Inc. v. One Beacon Ins. Group*, No. 03-5011, 2006 WL 2845703, *3-4 (D. N.J. Sept. 29, 2006) (holding an expert's testimony inadmissible because it would not be relevant to any fact at issue).  Because Dr. Spear cannot provide any information that would assist the Court in determining the adequacy of the Debtors' Plan or in any way support the Libby Claimants' objection to the Plan, his expert report and testimony are inadmissible in these proceedings.  *See In re TMI Litig.*, 193 F.3d at 670; *In re Paoli*, 916 F.2d at 857.

4

### III.  CONCLUSION

Because his expert report and testimony are not relevant to the issues before the Court, and thus fail to meet the standards under Federal Rule of Evidence 702, the Plan Proponents respectfully request that the Court exclude Dr. Spear's expert report and proposed testimony.

Dated: June 18, 2009			Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000

Theodore L. Freedman
Deanna D. Boll
Citigroup Center
153 East 53rd Street
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Barbara M. Harding
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5200

-and-

THE LAW OFFICES OF JANET S. BAER
Janet S. Baer, P.C.
70 W. Madison Street
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162

-and-

PACHULSKI, STANG, ZIEHL, YOUNG & JONES LLP

_____/s/ James E, O'Neill_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

*Co-Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC

__Mark T. Hurford _____
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947
mhuford@camley.com

and

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*

PHILIPS, GOLDMAN & SPENCE, P.A.

   /s/ John C. Philips
John C. Philips (Bar No.110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T Austern, Asbestos PI Future Claimants' Representative*

SAUL EWING LLP

  /s/ Teresa K. D. Currier
Teresa K. D. Currier (Bar No. 3080)
222 Delaware Avenue, Suite 1200
Wilmington, DE 19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Horowitz
Douglas Mannal
David Blabey
1177 Avenue of the Americas
New York, NY 10022
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of Equity Security Holders*