# GEICO

GOVERNMENT EMPLOYEES INSURANCE COMPANY

HOME OFFICE • WASHINGTON, D.C. 20076

## EXCESS UMBRELLA LIABILITY POLICY

### DECLARATIONS

Policy Number GXU Nº 30152        Renewal of: GXU 30031

Item 1. A. Named Insured: W. R. Grace & Company and/or subsidiary, associated, affiliated Companies and/or organizations, owned, controlled and/or managed Companies as now or hereinafter constituted.

    B. Named Insured's Address: 1114 Avenue of the Americas
New York, New York 10036

*[handwritten: Diversified Cong lom. info / Chemicals, Natural Resources, / Consumer Services/Products]*

Item 2. Policy Period: From June 30, 1982 to June 30, 1983
12:01 A.M., standard time at the address of the Named Insured as stated herein.

*[handwritten: Products = 85%]*

Item 3. First Underlying Umbrella Liability Policy (Insurer, Limits, Policy Number):
$5,000,000 each occurrence and aggregate where applicable as provided by Underwriters at Lloyds of London and Certain British Companies Policy No. TBA.

Item 4. Underlying Umbrella Liability Limits of Liability
with respect to each occurrence:      $ 150,000,000
which limits apply in excess of underlying insurance.

Item 5. Underlying Umbrella Liability Agregate Limits
of Liability Where Applicable      $ 150,000,000
which limits apply in excess of underlying insurance.

Item 6. GEICO's Limit of Liability: As per Insuring Agreement II:

    a. $ 10,000,000      each occurrence
    b. $ 10,000,000      aggregate where applicable

which is part of $100,000,000 each occurrence and aggregate where applicable in excess of Items (4) and (5) above.

Item 7. Premium:      a. Flat Charge      $ 5,000
                    b. Deposit Premium      $
                    c. Minimum Premium      $
                    d. Rate
                    e. Audit Reporting Period:
                     (Annual unless otherwise indicated)

**EXHIBIT GRS-9**

Item 8. Endorsements Attached at inception:

ELE-14, ELE-16, No. 3 (Cancellation Rev.), No. 4 (Following Form endorsement)

7/6/82-jc

Countersigned by Authorized Representative

ELU-2 (2-81)      CONFIDENTIAL      ORIGINAL
               SUBJECT TO APRIL 2009
               PROTECTIVE ORDER                                        GEI-000006

ENDORSEMENT (1)

Effective Date  June 30, 1982

## NEW YORK STATE AMENDATORY ENDORSEMENT

### (EXCESS UMBRELLA POLICY)

1. It is understood and agreed that Condition E. of the policy is deleted in its entirety and the following is substituted therefor:

    E. Action Against GEICO; Payment of Loss

    No action shall lie against GEICO unless, as a condition precedent thereto:

    (1) there shall have been full compliance with all the terms of this policy,

    (2) the full amount of the underlying umbrella limits shall have been paid by or on behalf of the insured, and

    (3) the insured's obligation to pay ultimate net loss shall have been finally determined either by final judgment against the insured or by written agreement of the insured, the claimant, and GEICO.

    Thereafter, any person or organization or the legal representative thereof who has secured such judgment or written agreement shall be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join GEICO as a party to any action against the insured to determine the insured's liability, nor shall GEICO be impleaded by the insured or his legal representative.

    In the event of a judgment against the insured or his personal representative in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the policy or contract, shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, and upon GEICO, then an action may, except during a stay or limited stay of execution against the insured on such judgment, be maintained against GEICO under the terms of this policy for the amount of such judgment not exceeding the amount of the applicable limit of liability hereunder.

2. It is agreed that Condition B. of the policy is deleted in its entirety and the following is substituted therefor:

    B. Maintenance of Underlying Umbrella Insurance

    The underlying umbrella insurance shall be maintained in full effect during the currency of this policy without reduction of coverage or limits of liability except for any reduction of the aggregate limits of liability contained therein solely by reason of:

    (1) payment of judgments or settlements thereunder in respect of occurrences taking place during the policy period,

    (2) payment of judgments or settlements thereunder in respect of damages because of personal injury or advertising injury arising out of an offense committed during the policy period (applicable only if the immediate underlying umbrella policy insures personal injury or advertising injury on other than an occurrence basis), or

    (3) the operation of a "Prior Insurance and Non-Cumulation of Liability" provision thereunder.

    If the immediate underlying umbrella policy is cancelled, this policy likewise will be cancelled upon ten (10) days written notice to the named insured, and such date and time shall become the end of the policy period. If the immediate underlying umbrella policy otherwise ceases to apply (for reasons other than reduction of the aggregate limits of liability therein as provided in the first paragraph of this Condition), this policy likewise ceases to apply to the same extent on the same date at the same time and without notice to the named insured.

    Except as otherwise provided in this Condition, failure of the named insured to comply with this Condition shall not invalidate this policy, but in the event of such failure, GEICO shall be liable under this policy only to the same extent that it would have been liable had the named insured complied with this Condition. The insured shall promptly reimburse GEICO for any amounts that GEICO would not have had to pay but for the insured's failure to comply with this Condition.

    All other terms, conditions and exclusions remain the same.

Attached to and made a part of Policy No. __GXU 30152__ of GOVERNMENT EMPLOYEES INSURANCE COMPANY,

issued to __W. R. Grace & Company, etal__

Countersigned: At __New York, New York__ Date __July 6, 1982__

_____  _____
Secretary.                 President.

By _____
       Authorized Representative

ELE-14 (3-81)

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

GEI-000007

# ENDORSEMENT (2)

Effective Date  June 30, 1982

## NEW YORK STATE AMENDATORY ENDORSEMENT
### (EXCESS UMBRELLA OR EXCESS LIABILITY POLICY)

It is hereby understood and agreed that, notwithstanding anything in this policy to the contrary, with respect to such insurance as is afforded by this policy, the terms of this policy as respects coverage for operations in the State of New York shall conform to the coverage requirements of the applicable insurance laws of the State of New York or the applicable regulations of the New York Insurance Department; provided, however, that the Company's limit of liability as stated in this policy shall be excess of the limits of liability of any underlying insurance of self-insurance as stated in the Declarations or in any endorsement attached hereto.

Attached to and made a part of Policy No. GXU 30152 of GOVERNMENT EMPLOYEES INSURANCE COMPANY,

issued to W. R. Grace & Company, etal

Countersigned: At New York, New York    Date July 6, 1982

_[signature]_ Secretary.        _[signature] William B. Snyder_ President.

By _____
Authorized Representative

FLE-16 (3-81)

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

GEI-000008

# GEICO

| Named Insured | Endorsement Number |
|---|---|
| W. R. Grace & Company, etal | (3) |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
|---|---|---|---|
| GXU | 30152 | 6/30/82 – 6/30/83 | 6/30/82 |

Issued By (Name of Insurance Company)
Government Employees Insurance Company

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

It is agreed that Condition (K) of the policy, cancellation, is amended in part as follows:

Reference to "thirty (30) days" is amended to read "sixty (60) days"

All other terms and conditions remain unchanged.

Authorized Agent

ELE-23 (3-81)

CONFIDENTIAL SUBJECT TO APRIL 2009 PROTECTIVE ORDER

ORIGINAL

GEI-000009

# GEICO

| Named Insured | Endorsement Number |
| --- | --- |
| W. R. Grace & Company, etal | (4) |

| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| --- | --- | --- | --- |
| GXU | 30152 | 6/30/82 - 6/30/83 | 6/30/82 |

| Issued By (Name of Insurance Company) |
| --- |
| Government Employees Insurance Company |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

It is agreed that except only with respect for policy term, premium and limit of liability, this policy is hereby amended to follow all the terms, conditions, definitions and exclusions of the first layer Umbrella policy, Lloyds of London and Certain British Companies Policy No. TBA, and all renewals and replacements thereof. It is further agreed that all preprinted terms and conditions hereon are deleted to the extent that they vary from or are inconsistent with the terms and conditions of the first layer Umbrella.

Authorized Agent

# GEICO

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| W. R. Grace & Company, etal | | | (5) |
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| GXU | 30152 | 6/30/82 – 6/30/83 | 6/30/82 |
| Issued By (Name of Insurance Company) | | | |
| Government Employees Insurance Company | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

In consideration of the premium charged, it is agreed to amend Item 3. of the Declarations, in part, to reflect Cover Note No. KYO 17382.

8/17/82-jc

Authorized Agent

ELE-23 (3-81)

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

HOME OFFICE COPY

GEI-000011

# GOVERNMENT EMPLOYEES INSURANCE COMPANY

A Shareholder Owned Company — Not Affiliated with the United States Government (herein called GEICO)

HOME OFFICE • WASHINGTON, D.C. 20076

## EXCESS UMBRELLA LIABILITY POLICY

In consideration of the payment of the premium, if paid when due, in reliance upon the statements in the Declarations made a part hereof, and subject to all the terms of this policy, agrees with the named insured as follows:

### INSURING AGREEMENTS

I. Coverage

GEICO will pay on behalf of the insured all sums in excess of the underlying umbrella limits which the insured shall become legally obligated to pay as damages because of

A. Bodily Injury,
B. Personal Injury,
C. Property Damage, or
D. Advertising Injury

to which this policy applies and arising out of hazards which are covered by and defined in the immediate underlying umbrella policy.

This policy is subject to the same terms, definitions, exclusions, and conditions (except as otherwise provided herein) as are contained in the immediate underlying umbrella policy; but this policy shall not be subject to the terms and conditions of the immediate underlying umbrella policy with respect to the premium, the policy period, the renewal or extension agreement (if any); the amount and limits of liability, or any other term, definition, exclusion, or condition which may be inconsistent with this policy.

II. Limit of Liability

It is expressly agreed that liability shall attach to GEICO only after the full amount of the underlying umbrella limits shall have been paid by or on behalf of the insured, and GEICO shall then be liable to pay only the excess thereof up to a further

$ (as stated in Item 6a of the Declarations)  ultimate net loss with respect to each occurrence - subject to a limit of

$ (as stated in Item 6b of the Declarations)  in the aggregate for each annual period with respect to any hazard for which an aggregate limit of liability applies in the immediate underlying umbrella policy.

If any damages covered hereunder are also covered in whole or in part under any other excess policy issued to the insured prior to the inception date hereof, GEICO's limit of liability as stated in Item 6 of the Declarations shall be reduced by any amounts due to the insured on account of such damages covered under any such prior insurance.

III. Policy Period

This policy applies only to occurrences which take place during the policy period.

If the immediate underlying umbrella policy insures personal injury or advertising injury on other than an occurrence basis, this policy applies only to damages which are payable because of personal injury or advertising injury arising out of an offense committed during the policy period.

### EXCLUSION

In addition to the exclusions contained in the immediate underlying umbrella policy, this policy does not apply to any claim based on the insured's failure to comply with the Employee Retirement Income Security Act of 1974, Public Law 93-406, commonly referred to as the Pension Reform Act of 1974, and amendments thereto, or similar provisions of any Federal, State, or local statutory law or common law.

### DEFINITIONS

When used in this policy, including endorsements forming a part hereof:

A. "Annual period" means each consecutive period of one year commencing from the effective date of this policy.

B. "Immediate underlying umbrella policy" means the policy of the underlying umbrella insurance which provides the layer of umbrella liability insurance immediately preceding the layer of umbrella liability insurance provided by this policy.

C. "Named Insured" means the person or organization named in Item 1 of the Declarations (the first "named insured") and also includes any person or organization qualifying as a named insured in the immediate underlying umbrella policy.

D. "Policy Period" means the period set forth in Item 2 of the Declaration, subject to Conditions B and K of this policy.

E. "Ultimate net loss": This policy is subject to the same definition of "ultimate net loss" as is contained in the immediate underlying umbrella policy. If not defined in the immediate underlying umbrella policy, "ultimate net loss" means all sums which the insured, or any organization as his insurer, or both, become obligated to pay as damages because of bodily injury, personal injury, property damage, or advertising injury, either through adjudication or settlement with the written consent of GEICO; but "ultimate net loss" does not include costs or expenses which any person or organization has incurred in the investigation, settlement, or defense of any claim or suit, notwithstanding that the underlying umbrella insurance may provide insurance for such costs or expenses.

F. "Underlying umbrella insurance" means:

(1) the umbrella liability insurance policies set forth in Item 3 of the Declarations, including any renewal or replacement thereof not more restrictive, and

(2) umbrella liability insurance policies not set forth in Item 3 of the Declarations which have been reported to and accepted in writing by GEICO.

G. "Underlying umbrella limits" means the sum of the limits of liability of the underlying umbrella insurance and any other available umbrella liability insurance collectible by the insured (other than insurance purchased specifically to apply either in excess of GEICO's limit of liability hereunder or as contributing insurance to the layer of umbrella liability insurance provided by this policy), provided that "underlying umbrella limits" means not less than the following amounts:

$ (as stated in Item 4 of the Declarations)  ultimate net loss with respect to each occurrence, but

$ (as stated in Item 5 of the Declarations)  in the aggregate for each annual period with respect to any hazard for which an aggregate limit of liability applies in the immediate underlying umbrella policy.

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

EL-2 (2-81)

GEI-000061

RECONCILIATION OF TERMS

Whenever the following terms are used in the immediate underlying umbrella policy, this policy shall be changed as follows:

1. "Advertising offense" or "advertising liability" or "advertising damage" are synonymous with "advertising injury" and shall be substituted for the words "advertising injury" wherever appearing in this policy or endorsements forming a part hereof.

2. "Assured" is synonymous with "insured" and shall be substituted for the word "insured" wherever appearing in this policy or endorsements forming a part hereof.

3. "Named assured" is synonymous with "named insured" and shall be substituted for the words "named insured" wherever appearing in this policy or endorsements forming a part hereof; provided, however, that the definition of "named assured" shall be subject to the definition of "named insured" contained in this policy.

## CONDITIONS

A. Premium

If the premium is stated in the Declarations as a flat charge, such premium is applicable to the first annual period and is not subject to adjustment except as hereinafter provided.

If the premium is stated in the Declarations as other than a flat charge, such premium is an advance premium only which shall be credited to the amount of the earned premium due at the end of the annual period.

As the close of each period (or part thereof terminating with the end of the policy period) designated in the Declarations as the "Audit Reporting Period", the earned premium for such period shall be computed in accordance with the rates and minimum premium stated in the Declarations, and upon notice thereof to the first named insured shall become due and payable. If the total earned premium for the annual period is less than the premium previously paid, GEICO shall return to the first named insured the unearned portion paid by the first named insured.

Appropriate additional premium shall be payable with respect to any change in the premium for the underlying umbrella insurance or with respect to any person or organization becoming a named insured during the policy period.

The premium and rate for each successive annual period shall be indicated in a written notice sent to the first named insured, and the premium shall become due on the date indicated in such notice.

The first named insured shall maintain records of such information as is necessary for premium computation and shall send copies of such records to GEICO as the end of the annual period and at such other times as GEICO may direct.

B. Maintenance of Underlying Umbrella Insurance

The underlying umbrella insurance shall be maintained in full effect during the currency of this policy without reduction of coverage or limits of liability except for any reduction of the aggregate limits of liability contained therein solely by reason of:

(1) payment of judgments or settlements thereunder in respect of occurrences taking place during the policy period.

(2) payment of judgments or settlements thereunder in respect of damages because of personal injury or advertising injury arising out of an offense committed during the policy period (applicable only if the immediate underlying umbrella policy insures personal injury or advertising injury on other than an occurrence basis), or

(3) the operation of a "Prior Insurance and Non-Cumulation of Liability" provision thereunder.

If the immediate underlying umbrella policy is cancelled, this policy likewise is cancelled on the same date at the same time without notice to the named insured, and such date and time shall become the end of the policy period. If the immediate underlying umbrella policy otherwise ceases to apply (for reasons other than reduction of the aggregate limits of liability therein as provided in the first paragraph of this Condition), this policy likewise ceases to apply to the same extent on the same date at the same time and without notice to the named insured.

Except as otherwise provided in this Condition, failure of the named insured to comply with this Condition shall not invalidate this policy, but in the event of such failure, GEICO shall be liable under this policy only to the same extent that it would have been liable had the named insured complied with this Condition. The insured shall promptly reimburse GEICO for any amounts that GEICO would not have had to pay but for the insured's failure to comply with this Condition.

C. Insured's Duties

(1) Written notice of any occurrence or injury or offense reasonably likely to result in a claim under this policy shall be given to GEICO by or on behalf of the insured as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and the fullest information available at the time.

(2) If claim is made or suit is brought against the insured, the insured shall immediately forward to GEICO every demand, notice, summons, or other process received by him or his representative.

(3) The insured shall cooperate with GEICO and, upon GEICO's request, assist in making settlements, in the conduct of suits, and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of bodily injury, personal injury, property damage, or advertising injury with respect to which insurance is afforded under this policy; and the insured shall attend hearings and assist in securing and giving evidence and obtaining evidence and obtaining the attendance of witnesses.

(4) The insured shall comply with all the terms of the underlying umbrella insurance and shall cooperate with the insurers thereof.

(5) The insured shall not, except at his own expense, voluntarily make any payment, assume any obligation, or incur any expense.

(6) Upon notice that any aggregate limit of liability contained in any policy of the underlying umbrella insurance has been exhausted or impaired, the named insured shall immediately make all reasonable efforts to reinstate such limits.

(7) The named insured shall give GEICO prompt notice of:

(a) any changes in the scope of the coverage or in the amount of limits of insurance under any policy of the underlying umbrella insurance;

(b) any change in the premium for any policy of the underlying umbrella insurance;

(c) any renewal or replacement of any policy of the underlying umbrella insurance.

D. Appeals

In the event the insured or any organization as his insurer elect not to appeal a judgment in excess of the underlying umbrella limits, GEICO may elect to do so at its own cost and expense, and shall be liable, in addition to the applicable limit of liability, for the taxable costs and disbursements and interest incidental thereto, but in no event shall the liability of GEICO for ultimate net loss exceed the limits of liability set forth in Insuring Agreement II of this policy and in addition the cost and expenses of such appeal.

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

GEI-000062

E. Action Against GEICO; Payment of Loss.

No action shall lie against GEICO unless, as a condition precedent thereto:

(1) there shall have been full compliance with all the terms of this policy,

(2) the full amount of the underlying umbrella limits shall have been paid by or on behalf of the insured, and

(3) the insured's obligation to pay ultimate net loss shall have been finally determined either by final judgment against the insured after actual trial or by written agreement of the insured, the claimant, and GEICO.

Thereafter, any person or organization or the legal representative thereof who has secured such judgment or written agreement shall be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join GEICO as a party to any action against the insured to determine the insured's liability, nor shall GEICO be impleaded by the insured or his legal representative.

All ultimate net loss covered by this policy shall be due and payable by GEICO within thirty (30) days after such ultimate net loss is respectively claimed and proven in accordance with the terms of this policy.

F. Other Insurance

The insurance afforded by this policy shall apply as excess insurance, not contributory, to other available insurance collectible by the insured and covering damages against which insurance is afforded by this policy (other than insurance purchased specifically to apply either in excess of GEICO's limit of liability hereunder or as contributing insurance to the layer of umbrella liability insurance provided by this policy).

G. Subrogation and Other Recoveries.

In the event of any payment under this policy, GEICO shall be subrogated to all of the insured's rights of recovery therefor against any person or organization, and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing to prejudice such rights.

Because this policy provides excess insurance, the insured's right of recovery cannot always be exclusively subrogated to GEICO. It is, therefore, agreed that in such event GEICO shall act in concert with all other interests concerned, including the insured, in the enforcement of any subrogation rights or in the recovery of amounts by any other means. The apportioning of any amounts so recovered shall follow the principle that any interest, including the insured, who shall have paid an amount over and above the sum of the underlying umbrella limits and GEICO's applicable limit of liability shall first be reimbursed up to the amount paid as ultimate net loss liability by such interest. GEICO shall then be reimbursed out of any balance then remaining up to the amounts paid under this policy. Lastly, the interests, including the insured, of whom this insurance is in excess are entitled to claim any residue remaining. Expenses and costs necessary to the recovery of any such amounts shall be apportioned between the interests concerned, including the insured, in the ratio of their respective recoveries or, in the event of a totally unsuccessful attempt to recover, in the ratio of the respective amounts sought to be recovered.

H. Changes

Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop GEICO from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by an authorized representative of GEICO.

I. Assignment

Assignment of interest under this policy shall not bind GEICO until its consent is endorsed hereon.

J. First Named Insured

The first named insured named in Item 1 of the Declarations shall be responsible for payment of all premiums and is authorized to act on behalf of all other insureds and named insureds with respect to giving and receiving notice of cancellation and to receiving any return premium that may become payable under this policy.

K. Cancellation

This policy may be cancelled by the first named insured by mailing to GEICO written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by GEICO by mailing to the first named insured at the address shown in this policy written notice stating when not less than thirty (30) days thereafter, or ten (10) days thereafter with respect to cancellation for non-payment of premium, such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the first named insured or by GEICO shall be the equivalent of mailing.

If the first named insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If GEICO cancels, earned premium shall be computed pro-rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

L. Declarations

By acceptance of this policy, the named insured agrees that the statements in the Declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations, and that this policy embodies all agreements existing between himself and GEICO or any of its agents relating to this insurance.

## NUCLEAR ENERGY LIABILITY EXCLUSION

The following exclusion applies in addition to those stated elsewhere in this policy.

This policy does not apply:

1) to injury, sickness, disease, death or destruction

(a) with respect to which an Insured under the policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the Insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

GEI-000063

2) to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

3) to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

  (a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an Insured or (2) has been discharged or dispersed therefrom;

  (b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored transported or disposed of by or on behalf of an Insured; or

  (c) the injury, sickness, disease, death or destruction arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation, or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

As used in this exclusion:

"Hazardous Properties" include radioactive, toxic or explosive properties;

"Nuclear Material" means source material, special nuclear material or byproducts material;

"Source Material," "Special Nuclear Material," and "Byproduct Material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"Spent Fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"Waste" means any waste material (1) containing byproduct material other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its source material content, and (2) resulting from the operation by any person or organization of any nuclear facility included under the first two paragraphs of the definition of nuclear facility;

"Nuclear Facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on each site and all premises for such operations:

"Nuclear Reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of property, the word "Injury" or "Destruction" includes all forms of radioactive contamination of property.

IN WITNESS WHEREOF, the Government Employees Insurance Company has caused this amendment to be signed by the President and Secretary of the Company.

_____
Secretary.

_____
President.

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

GEI-000064