No. KY017582

**Whereas** W.R. GRACE AND CO. (as more fully described herein) of 1114 Avenue of the Americas, New York, N.Y.10036, U.S.A. hereinafter called the Assured, have paid U.S.$393,400.00 Premium or Consideration to Us, the undersigned Assurers to ~~xxxxxxxxxxxxxxxxxxxxxxxxxx~~ indemnify the Assured in respect of UMBRELLA LIABILITY as per wording attached hereto,

100% of 80% of the limits stated herein

during the period commencing at the **thirtieth** day of June, 19 82, and ending at the **thirtieth** day of June, 19 85 both days at 12.01 a.m. Local Standard Time

*Now know ye* that we the undersigned Assurers do hereby bind ourselves each **Company** for itself only and not the one for the other, to pay or make good to the Assured or the Assured's Executors, Administrators and Assigns, all such loss as above stated, not exceeding ~~xxxxxxxx~~ ONE HUNDRED PER CENT of EIGHTY PER CENT of the limits stated herein

in all, that the Assured may sustain during the said period, within Seven Days after such loss is proved and that in proportion to the several sums by each of us subscribed against our respective names not exceeding the several sums aforesaid.

If the Assured shall make any claim knowing the same to be false or fraudulent as regards amount or otherwise, this Policy shall become void and all claim thereunder shall be forfeited.

*In witness whereof* I being a representative of the Leading Office which is duly authorised by the Assurers have hereunto subscribed my name on their behalf this 23rd day of November 1983

PSGB/rjb

EXHIBIT

GRS-14

PENGAD 800-631-6989

DIRECTOR

W.E. ASSETON (UNDERWRITING) AGENCIES LTD

RE 0000060

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

## UMBRELLA POLICY (LONDON 1971)

Named Assured:    As ...sted in Item 1 of the Declaration for... ng a part hereof

~~xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx~~
~~xxxxxxxxxxxxxxxxxxxxxxxxxxxxxx~~ and of which prompt notice has
been given to Underwriters (hereinafter called the "Named Assured").

### INSURING AGREEMENTS:

1.    COVERAGE -

Underwriters hereby agree, subject to the limitations, terms and conditions hereinafter
mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to
pay by reason of the liability:-

    (a)    imposed upon the Assured by law,

or  (b)    assumed under contract or agreement by the Named Assured and/or any
    officer, director, stockholder, partner or employee of the Named Assured,
    while acting in his capacity as such,

for damages on account of:-

    (i)    Personal Injuries

    (ii)    Property Damage

    (iii)    Advertising Liability,

caused by or arising out of each occurrence happening anywhere in the world.

11.    LIMIT OF LIABILITY -

Underwriters hereon shall be only liable for the ultimate net loss the excess of either:-

    (a)    the limits of the underlying insurances as set out in the attached schedule
    in respect of each occurrence covered by said underlying insurances,

or  (b)    $ 100,000    ultimate net loss in respect of each occurrence not
    covered by said underlying insurances,

        (hereinafter called the "underlying limits"):

and then only up to a further sum as stated in Item 2(a) of the Declarations in all in respect
of each occurrence - subject to a limit as stated in Item 2(b) of the Declarations in the
aggregate for each annual period during the currency of this Policy, separately in respect
of Products Liability and in respect of Personal Injury (fatal or non-fatal) by Occupational
Disease sustained by any employees of the Assured.

In the event of reduction or exhaustion of the aggregate limits of liability under said
underlying insurance by reason of losses paid thereunder, this Policy subject to all the
terms, conditions and definitions hereof shall:-

    (1)    in the event of reduction pay the excess of the reduced underlying limit

    (2)    in the event of exhaustion continue in force as underlying insurance.

The inclusion or addition hereunder of more than one Assured shall not operate to increase
Underwriters' limits of liability beyond those set forth in the Declarations.

RE 0000061
Page 1 of 11

L.P.O. 3548 (8/76)

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000013

THIS POLICY IS SUBJECT TO THE FOLLOWING DEFINITIONS:

1. ASSURED –

The unqualified word "Assured", wherever used in this Policy, includes:–

(a) The Named Assured, and, if the Named Assured is designated in Item 1 of the Declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(b) any officer, director, stockholder, partner or employee of the Named Assured, while acting in his capacity as such, and any organisation or proprietor with respect to real estate management for the Named Assured;

(c) any person, organisation, trustee or estate to whom the Named Assured is obligated by virtue of a written contract or agreement to provide insurance such as is afforded by this policy, but only to the extent of such obligation and in respect of operations by or on behalf of the Named Assured or of facilities of the Named Assured or of facilities used by the Named Assured;

(d) any additional Assured (not being the Named Assured under this policy) included in the Underlying Insurances, subject to the provisions in Condition B; but not for broader coverage than is available to such additional Assured under any underlying insurances as set out in attached schedule;

(e) with respect to any automobile owned by the Named Assured or hired for use in behalf of the Named Assured, or to any aircraft owned by or hired for use in behalf of the Named Assured, any person while using such automobile or aircraft and any person or organisation legally responsible for the use thereof, provided the actual use of the automobile or aircraft is with the permission of the Named Assured.   The insurance extended by this sub-division (e), with respect to any person or organisation other than the Named Assured shall not apply:–

   1. to any person or organisation, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station, or public parking place, with respect to any occurrence arising out of the operation thereof;

   2. to any manufacturer of aircraft, aircraft engines, or aviation accessories, or any aviation sales or service or repair organisation or airport or hangar operator or their respective employees or agents with respect to any occurrence arising out of any of the aforementioned;

   3. with respect to any hired automobile or aircraft, to the owner thereof or any employee of such owner;

   4. with respect to any non-owned automobile, to any officer, director, stockholder, partner or employee of the Named Assured if such automobile is owned in full or in part by him or a member of his household.

This sub-division (e) shall not apply if it restricts the insurance granted under sub-division (d) above.

L.P.O.3548 (8/76)

RE 0000062

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000014

2.    PERSONAL INJURIES –

The term "Personal    uries",wherever used herein means t  ily injury (including death at any time resulting therefrom), mental injury, mental anguish, shock, sickness, disease, disability, false arrest, false imprisonment, wrongful eviction, detention, malicious prosecution, discrimination, humiliation; also libel, slander or defamation of character or invasion of rights of privacy, except that which arises out of any advertising activities.

3.    PROPERTY DAMAGE –

The term "Property Damage",wherever used herein,shall mean loss of or direct damage to or destruction of tangible property (other than property owned by the Named Assured).

4.    ADVERTISING LIABILITY –

The term "Advertising Liability", wherever used herein , shall mean:–

(1)    Libel, slander or defamation;

(2)    Any infringement of copyright or of title or of slogan;

(3)    Piracy or unfair competition or idea misappropriation under an implied contract;

(4)    Any invasion of right of privacy;

committed or alleged to have been committed in any advertisement, publicity article, broadcast or telecast and arising out of the Named Assured's advertising activities.

5.    OCCURRENCE –

The term "Occurrence",wherever used herein,shall mean an accident or a happening or event or a continuous or repeated exposure to conditions which unexpectedly and unintentionally results in personal injury, property damage or advertising liability during the policy period. All such exposure to substantially the same general conditions existing at or emanating from one premises location shall be deemed one occurrence.

6.    DAMAGES –

The term "Damages" includes damages for death and for care and loss of services resulting from personal injury and damages for loss of use of property resulting from property damage.

7.    ULTIMATE NET LOSS –

The term "Ultimate Net Loss" shall mean the total sum which the Assured, or his Underlying Insurers as scheduled, or both, become obligated to pay by reason of personal injuries, property damage or advertising liability claims, either through adjudication or compromise, and shall also include hospital, medical and funeral charges and all sums paid as salaries, wages, compensation, fees, charges and law costs, premiums on attachment or appeal bonds, interest, expenses for doctors, lawyers, nurses and investigators and other persons, and for litigation, settlement, adjustment and investigation of claims and suits which are paid as a consequence of any occurrence covered hereunder, excluding only the salaries of the Assured's or of any underlying insurers permanent employees.

The Underwriters shall not be liable for expenses as aforesaid when such expenses are included in other valid and collectible insurance.

RE 0000063

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000015

8.  AUTOMOBILE –

The term "Automobile", wherever used herein, shall mean  land motor vehicle, trailer or semi-trailer.

9.  AIRCRAFT –

The term "Aircraft", wherever used herein, shall mean any heavier than air or lighter than air aircraft designed to transport persons or property.

10.  PRODUCTS LIABILITY –

The term "Products Liability" means :–

(a)  Liability arising out of goods or products manufactured, sold, handled or distributed by the Assured or by others trading under his name (herein-after called "the Assured's products") if the occurrence occurs after the possession of such goods or products has been relinquished to others by the Assured or by others trading under his name and if such occurrence occurs away from premises owned, rented or controlled by the Assured; provided such goods or products shall be deemed to include any container thereof, other than a vehicle, but shall not include any vending machine or any property, other than such container, rented to or located for use of others but not sold;

(b)  Liability arising out of operations, if the occurrence occurs after such operations have been completed or abandoned and occurs away from premises owned, rented or controlled by the Assured; provided operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to an agreement; provided further the following shall not be deemed to be "operations" within the meaning of this paragraph :–

(i)  pick-up or delivery, except from or onto a railroad car;
(ii)  the maintenance of vehicles owned or used by or in behalf of the Assured;
(iii)  the existence of tools, uninstalled equipment and abandoned or unused materials.

11.  ANNUAL PERIOD –

The term "Annual Period" shall mean each consecutive period of one year commencing from the inception date of this Policy.

THIS POLICY IS SUBJECT TO THE FOLLOWING EXCLUSIONS:

This Policy shall not apply :–

(a)  to any obligation for which the Assured and any company as its insurer may be held liable under any Workmen's Compensation, unemployment compensation or disability benefits law provided, however, that this exclusion does not apply to liability of others assumed by the Named Assured under contract or agreement;

L.P.O.354B (8/76)                                                    Page 4 of 11

RE 0000064

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000016

(b)    to personal injury, property damage or advertising liability arising out of the conduct of any partnership or joint venture of which the Assured is a partner or member and which is not designated in this policy as a Named Assured;

(c)    to claims made against the Assured:-

(i)    on account of Personal Injuries or Property Damage resulting from the failure of the Assured's products or work completed by or for the Assured to perform the function or serve the purpose intended by the Assured, if such failure is due to a mistake or deficiency in any design, formula, plan, specification, advertising material or printed instructions prepared or developed by the Assured; but this exclusion (i) does not apply to Personal Injuries or Property Damage resulting from the active malfunctioning of such products or work;

(ii)   on account of Property Damage to the Assured's products arising out of such products or any part of such products;

(iii)  on account of Property Damage to work performed by or on behalf of the Assured arising out of work or any portion thereof, or out of the materials, parts or equipment furnished in connection therewith;

(iv)   for the withdrawal, inspection, repair, replacement, or loss of use of the Assured's products or work completed by or for the Assured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(d)    with respect to advertising activities, to claims made against the Assured for:-

(i)    failure of performance of contract, but this shall not relate to claims for unauthorised appropriation of ideas based upon alleged breach of an implied contract;

(ii)   infringement of registered trade marks, service mark or trade name by use thereof as the registered trade mark, service mark or trade name of goods or services sold, offered for sale or advertised, but this shall not relate to titles or slogans;

(iii)  incorrect description of any article or commodity;

(iv)   mistake in advertised price;

(e)    except in respect of occurrences taking place in the United States of America, its territories or possessions, or Canada, to any liability of the Assured directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign enemies, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalisation or requisition or destruction of or damage to property by or under the order of any government or public or local authority;

(f)    to any liability arising out of the violation of any statute, law, ordinance or regulation prohibiting discrimination or humiliation because of race, creed, colour or national origin,

RE 0000065

Page 5 of 11

f. P.O.354R (8/76)

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000017

Except insofar as coverage is available to the Assured in the underlying insurances as set out in the attached Schedule, this policy shall not apply :—

(g)  to the liability of any Assured hereunder for assault and battery committed by or at the direction of such Assured except liability for Personal Injuries resulting from any act alleged to be assault and battery committed for the purpose of preventing or eliminating danger in the operation of aircraft, or for the purpose of preventing Personal Injuries or Property Damage; it being understood and agreed that this exclusion shall not apply to the liability of the Named Assured for personal injury to their employees, unless such liability is already excluded under Exclusion (a) above;

(h)  with respect to any aircraft owned by the Assured except liability of the Named Assured for aircraft not owned by them; it being understood and agreed that this exclusion shall not apply to the liability of the Named Assured for personal injury to their employees, unless such liability is already excluded under Exclusion (a) above;

(i)  with respect to any watercraft owned by the Assured, while away from premises owned, rented or controlled by the Assured, except liability of the Named Assured for watercraft not owned by them; it being understood and agreed that this exclusion shall not apply to the liability of the Named Assured for personal injury to their employees, unless such liability is already excluded under Exclusion (a) above;

(j)  to any employee with respect to injury to or the death of another employee of the same Employer injured in the course of such employment.

THIS POLICY IS SUBJECT TO THE FOLLOWING CONDITIONS:

A.  PREMIUM –

Unless otherwise provided for the premium for this Policy is a flat premium and is not subject to adjustment except as provided in Conditions B and P.

B.  ADDITIONAL ASSUREDS –

In the event of additional assureds being added to the coverage under the underlying insurance during currency hereof prompt notice shall be given to Underwriters hereon who shall be entitled to charge an appropriate additional premium hereon.

C.  PRIOR INSURANCE AND NON CUMULATION OF LIABILITY –

It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued to the Assured prior to the inception date hereof the limit of liability hereon as stated in item 2 of the Declarations shall be reduced by any amounts due to the Assured on account of such loss under such prior insurance.

D.  SPECIAL CONDITIONS APPLICABLE TO OCCUPATIONAL DISEASE –

As regards personal injury (fatal or non-fatal) by occupational disease sustained by any employee of the Assured, this policy is subject to the same warranties, terms and conditions (except as regards the premium, the amounts and limits of liability and the renewal agreement, if any) as are contained in or as may be added to the underlying insurance prior to the happening of an occurrence for which claim is made hereunder.

P.O.354B (8/76)

RE  0000066
Page 6 of 11

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000018

E.    INSPECTION AND AUDIT –

Underwriters shall be permitted but not obligated to inspect the Assured's property and operations at any time.  Neither the Underwriters' right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the Assured or others, to determine or warrant that such property or operations are safe.

Underwriters may examine and audit the Assured's books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

F.    CROSS LIABILITY –

In the event of claims being made by reason of personal injury suffered by any employee of one Assured hereunder for which another Assured hereunder is or may be liable, then this policy shall cover such Assured against whom a claim is made or may be made in the same manner as if separate policies had been issued to each Assured hereunder.

In the event of claims being made by reason of damage to property belonging to any Assured hereunder for which another Assured is, or may be, liable then this policy shall cover such Assured against whom a claim is made or may be made in the same manner as if separate policies had been issued to each Assured hereunder.

Nothing contained herein shall operate to increase Underwriters' limit of liability as set forth in Insuring Agreement II.

G.    NOTICE OF OCCURRENCE –

Whenever the Assured has information from which the Assured may reasonably conclude that an occurrence covered hereunder involves injuries or damages which, in the event that the Assured should be held liable, is likely to involve this policy, notice shall be sent as stated in Item 4 of the Declarations as soon as practicable, provided, however, that failure to give notice of any occurrence which at the time of its happening did not appear to involve this policy but which, at a later date, would appear to give rise to claims hereunder, shall not prejudice such claims.

H.    ASSISTANCE AND CO-OPERATION –

The Underwriters shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Assured but Underwriters shall have the right and shall be given the opportunity to associate with the Assured or the Assured's underlying insurers or both in the defense and control of any claim, suit or proceeding relative to an occurrence where the claim or suit involves, or appear reasonably likely to involve Underwriters, in which event the Assured and Underwriters shall co-operate in all things in the defense of such claim, suit or proceeding.

I.    APPEALS –

In the event the Assured or the Assured's underlying insurers elect not to appeal a judgment in excess of the underlying limits, Underwriters may elect to make such appeal at their own cost and expense, and shall be liable for the taxable costs and disbursements and interest on judgments incidental thereto, but in no event shall the liability of Underwriters for ultimate net loss exceed the amount set forth in Insuring Agreement II for any one occurrence and in addition the cost and expense of such appeal.

RE  0000067

Page 7 of 11

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000019

J.   LOSS PAYABLE –

Liability under this policy with respect to any occurrence shall not attach unless and until the Assured, or the Assured's underlying insurers, shall have paid the amount of the underlying limits on account of such occurrence.  The Assured shall make a definite claim for any loss for which the Underwriters may be liable under this policy within twelve (12) months after the Assured shall have paid an amount of ultimate net loss in excess of the amount borne by the Assured or after the Assured's liability shall have been fixed and rendered certain either by final judgment against the Assured after actual trial or by written agreement of the Assured, the claimant, and Underwriters.  If any subsequent payments shall be made by the Assured on account of the same occurrence, additional claims shall be made similarly from time to time.   Such losses shall be due and payable within thirty (30) days after they are respectively claimed and proven in conformity with this policy.

K.   BANKRUPTCY AND INSOLVENCY –

In the event of the bankruptcy or insolvency of the Assured or any entity comprising the Assured, the Underwriters shall not be relieved thereby of the payment of any claims hereunder because of such bankruptcy or insolvency.

L.   OTHER INSURANCE –

If other valid and collectible insurance with any other insurer is available to the Assured covering a loss also covered by this policy, other than insurance that is specifically stated to be excess of this policy, the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance.   Nothing herein shall be construed to make this policy subject to the terms, conditions and limitations of other insurance.

M.   SUBROGATION –

Inasmuch as this policy is "Excess Coverage", the Assured's right of recovery against any person or other entity cannot be exclusively subrogated to the Underwriters.  It is, therefore, understood and agreed that in case of any payment hereunder, the Underwriters will act in concert with all other interests (including the Assured) concerned, in the exercise of such rights of recovery.  The apportioning of any amounts which may be so recovered shall follow the principle that any interests (including the Assured) that shall have paid an amount over and above any payment hereunder, shall first be reimbursed up to the amount paid by them;  the Underwriters are then to be reimbursed out of any balance then remaining up to the amount paid hereunder;  lastly, the interests (including the Assured) of whom this coverage is in excess are entitled to claim the residue, if any.  Expenses necessary to the recovery of any such amounts shall be apportioned between the interest (including the Assured) concerned, in the ratio of their respective recoveries as finally settled.

N.   CHANGES –

Notice to or knowledge possessed by any person shall not effect a waiver or change in any part of this policy or estop Underwriters from asserting any right under the terms of this policy, nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part hereof, signed by Underwriters.

O.   ASSIGNMENT –

Assignment of interest under this policy shall not bind Underwriters unless and until their consent is endorsed hereon.

RE 0000068

Page 8 of 11

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

P.    CANCELLATION -

This policy may    cancelled by the Named Assured or    the Underwriters or their
representatives by sending by registered mail notice to the other party stating when, not
less than sixty (60) days thereafter, cancellation shall be effective. The mailing of
notice as aforesaid by Underwriters or their representatives to the Named Assured at the
address shown in this policy shall be sufficient proof of notice, and the insurance under
this policy shall end on the effective date and hour of cancellation stated in the notice.
Delivery of such written notice either by the Named Assured or by the Underwriters or
their representatives shall be equivalent to mailing.

If this policy shall be cancelled by the Named Assured the Underwriters shall retain the
customary short rate proportion of the premium for the period this policy has been in force.
If this policy shall be cancelled by the Underwriters the Underwriters shall retain the pro
rata proportion of the premium for the period this policy has been in force.    Notice of
cancellation by the Underwriters shall be effective even though Underwriters make no
payment or tender of return premium with such notice.

Q.    CURRENCY -

The premiums and losses under this policy are payable in the currency stated in Item 5
of the Declarations.    Payment of Premium shall be made as stated in Item 6 of the
Declarations.

R.    CONFLICTING STATUTES -

In the event that any provision of this policy is unenforceable by the Assured under the
laws of any State or other jurisdiction wherein it is claimed that the Assured is liable for
any injury covered hereby, because of non-compliance with any statute thereof, then
this policy shall be enforceable by the Assured with the same effect as if it complied
with such Statute.

S.    SERVICE OF SUIT CLAUSE -

It is agreed that in the event of the failure of Underwriters hereon to pay any amount
claimed to be due hereunder, Underwriters hereon, at the request of the Assured, will
submit to the jurisdiction of any Court of competent jurisdiction within the United States
and will comply with all requirements necessary to give such Court jurisdiction and all
matters arising hereunder shall be determined in accordance with the law and practice of
such Court.

It is further agreed that service of process in such suit may be made as stated in Item 7 of
the Declarations, and that in any suit instituted against any one of them upon this policy,
Underwriters will abide by the final decision of such Court or of any Appellate Court in
the event of an appeal. The person or firm named in Item 7 are authorised and directed to
accept service of process on behalf of Underwriters in any such suit and/or upon the request
of the Assured to give a written undertaking to the Assured that they will enter a general
appearance upon Underwriters' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which
makes provision therefor, Underwriters hereon hereby designate the Superintendent, Com-
missioner or Director of Insurance or other officers specified for that purpose in the statute,
or his successor or successors in office, as their true and lawful attorney upon whom may
be served any lawful process in any action, suit or proceeding instituted by or on behalf
of the Assured or any beneficiary hereunder arising out of this policy of insurance, and
hereby designate the above-named as the person to whom the said officer is authorised to
mail such process or a true copy thereof.

RE 0000069

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

T.    MAINTENANCE OF AND RESTRICTIONS IN UNDERLYING INSURANCES -

It is a condition of this policy that the policy or policies referred to in the attached "Schedule of Underlying Insurances" shall be maintained in full effect during the policy period without reduction of coverage or limits except for any reduction in the aggregate limit or limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this policy.   Failure of the Named Assured to comply with the foregoing shall not invalidate this policy but in the event of such failure, the Underwriters shall only be liable to the same extent as they would have been had the Named Assured complied with the said condition.

L.P.O.3548 (8/76)                                                                 Page 10 of 11

RE  0000070

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000022

ATTACHING    AND FORMING PART OF POLI    No. KY017582

## DECLARATIONS:

ITEM 1.    (a)    Named Assured:-    W.R.GRACE & CO. and/or Subsidiary, Associated, Affiliated Companies and/or Organisations owned, controlled and/or managed Companies as now or hereinafter constituted.

        (b)    Address of Named Assured:-
            1114 Avenue of the Americas,
            New York N.Y.10036.
            U.S.A.

ITEM 2.    Limit of Liability - as Insuring Agreement II :-

        (a)    Limit in all in respect of each occurrence    $   5,000,000

        (b)    Limit in the aggregate for each annual
            period where applicable    $   5,000,000

ITEM 3.    Policy Period:-    30th June 1982 to 30th June 1985.
                        both days at 12.01 A.M.Local Standard Time

ITEM 4.    Notice of Occurrence (Condition G) to:-
             Marsh & McLennan, Incorporated,
             1221 Avenue of the Americas, New York,N.Y.10036. U.S.A.

ITEM 5.    Currency (Condition Q):- United States Dollars.

ITEM 6.    Payment of Premium (Condition Q) to:-
             Marsh & McLennan Incorporated,
             1221 Avenue of the Americas,New York,N.Y.10036. U.S.A.

ITEM 7.    Service of Process (Condition S) upon:-
             Messrs Mendes and Mount,
             3 Park Avenue,
             New York N.Y.10016
             U.S.A.

Page 11 of 11

E.P.O.354B (8/76)

RE 0000071.

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000023

ADDENDUM NO 1

Attaching to and forming part of Policy No KYO17582

Issued to:        W.R.GRACE & CO.

As respects the Assured's operations outside the United States of America
and/or Canada Insuring Agreement II is amended to read as follows.-

"... Underwriters hereon shall be only liable for the ultimate net loss
the excess of either:-

  (a) the limits of the underlying insurances as set out in the attached
      schedule in respect of each occurrence covered by said underlying
      insurances;

or
  (b) $250,000.00 ultimate net loss in respect of each occurrence.

     whichever is the greater,

or
  (c) $250,000.00 ultimate net loss in respect of each occurrence not
     covered by said underlying insurances.

All other terms and conditions of the Policy remaining unchanged.
PB/sc

RE 0000072

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000024

Attaching to and forming part of Policy No KY017582

Issued to.        W.R. GRACE & CO.

It is hereby understood and agreed that this Policy is extended to include "Employee Benefit Liability" as more fully defined in the scheduled underlying policies and that as respects such coverage this Policy is subject to the same warranties, terms and conditions (except as regards the premium, the obligation to investigate and defend, the amount and limits of liability and the renewal agreement, if any) as are contained in the said underlying policies.

It is however further understood and agreed that the above extension in coverage shall not apply to claims based upon the Employee Retirement Income Security Act of 1974, Public Law 93-406 commonly referred to as the Pension Reform Act of 1974 and amendments thereto, or similar provisions of any Federal, State or Local Statutory Law or Common Law.

All other terms and conditions of the Policy remaining unchanged.
PB/sc

RE 0000073

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000025

Attaching to and forming part of Policy No. KY017582

Issued to:   W.R. 'ACE AND CO.

It is hereby understood and agreed that this Policy shall not apply:-

A.   To Property Damage claims arising from:-

    (1)   Erroneous delivery of seeds, erroneous substitution of one
        seed for another, or mislabelling of seeds;
    (2)   Cross pollination;
    (3)   Germination failure;
    (4)   The presence of noxious weed seed;
    (5)   Natural shrinkage of grain;
    (6)   Loss of and/or damage and/or deterioration from delay or
        from moisture content of grain;
    (7)   Commingling of grain.

B   (1)   To liability arising under any policy of insurance or
        reinsurance;
    (2)   To liability arising out of the issuance, non-issuance,
        declination or cancellation of, or the imposition of special
        terms to any policy of insurance or reinsurance.

C   In respect of oil and/or gas drilling and/or exploration operations
    to:-

    (i)   the cost of control of any oil and/or gas well
    (ii)   loss of hole and/or in-hole equipment.

Notwithstanding anything contained herein to the contrary, it is further
understood and agreed that except insofar as coverage is available to
the Assured in the Underlying Insurances as set out in the attached
Schedule, this Policy shall not apply:-

    (A)   To Charterers Liability;
    (B)   To the safe berthing of any marine vessel;
    (C)   To marine vessels in the Assured's Care, Custody or Control;
    (D)   To Non-owned watercraft liability;
    (E)   To Contractual Liability;
    (F)   To Incidental Malpractice Liability;
    (G)   In respect of oil and/or gas drilling and/or exploration
        operations to:-

        (i)   explosion, blowout and/or cratering;
        (ii)   underground Property Damage not already excluded by the
            Seepage, Pollution and Contamination Clause No. 1 and the
            Seepage, Pollution and Contamination Exclusion Clause No.
            and the Industries, Seepage, Pollution and Contamination
            Clause No. 3.

    (H)   To Data processors Errors and Omissions;
    (I)   To Liability resulting from ownership, maintenance, and/or
        operations of any dock, wharf and/or quay facility;
    (J)   To Insurance Brokers errors and omissions;
    (K)   To Punitive and/or Exemplary Damages not already excluded by th
        Seepage, Pollution and Contamination Clause No. 1 and the Seepa
        Pollution and Contamination Exclusion Clause No. 2 and the
        Industries, Seepage, Pollution and Contamination Clause No. 3;
    (L)   To Pharmacists Liability.

RE 0000074

All other terms and conditions of the Policy remaining unchanged.
PSGB/rjb

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000026

ADDENDUM NO 4

Attaching to and forming part of Policy No KYO17582

Issued to:      W.R. GRACE & CO.

Notwithstanding anything contained herein to the contrary it is hereby
understood and agreed that this Policy shall apply to "Joint Ventures"
subject always to the following attached "Joint Venture Clause" except
in respect of those Joint Ventures which are excepted by virtue of
Addendum No 5.

### JOINT VENTURE CLAUSE

(Third Party Liability)

(Approved by Lloyd's Underwriters' Non-Marine Association)

(1) It is hereby understood and agreed by the Assured and Underwriters that, as regards any liability
of the Assured which is insured under this Policy and arises in any manner whatsoever out of the
operations or existence of any joint venture, co-venture, joint lease, joint operating agreement or
partnership (hereinafter called "Joint Venture") in which the Assured has an interest, the liability of
Underwriters under this Policy shall be limited to the product of (a) the percentage interest of the Assured
in the said Joint Venture and (b) the total limit of liability insurance afforded the Assured by this Policy.
Where the percentage interest of the Assured in said Joint Venture is not set forth in writing, the
percentage to be applied shall be that which would be imposed by law at the inception of the Joint
Venture. Such percentage shall not be increased by the insolvency of others interested in the said Joint
Venture.

(2) It is further understood and agreed that, where any underlying insurance(s) have been reduced by
a clause having the same effect as paragraph (1), the liability of Underwriters under this Policy, as limited
by paragraph (1), shall be excess of the sum of (a) such reduced limits of any underlying insurance(s) and
(b) the limits of any underlying insurance(s) not reduced.

22/1/70

N.M.A. 1647

It is further understood and agreed that the term "Joint Venture" as used
in the above attached "Joint Venture Clause" or elsewhere within the Policy
wording shall be understood to mean:

"Any joining together of two or more companies, either
legally or contractually, for the purpose of any business
undertaking where joint financial or corporeal benefit is
intended."

All other terms and conditions of the Policy remaining unchanged.
PB/sc

RE 0000075

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000027

ADDENDUM NO. 5

Attaching to and for..g part of Policy No KY017582

Issued to:        W.R. GRACE & CO.

It is hereby understood and agreed that the "Joint Venture Clause" contained in Addendum No 4 shall not apply in respect of any co-venture or partnership where:

    (A) The Assured's financial interest is at least 50%, or

    (B) The Assured has sole responsibility for the Management and operation, or

    (C) The Assured is obligated to provide full insurance.

Notwithstanding the foregoing, it is understood and agreed that any future contractual agreement issued by the Assured to its co-venturers or partners will specify that the insurance provided by the Assured's insurers shall be the sole and exclusive protection afforded to any and all members of such ventures.

All other terms and conditions of the Policy remaining unchanged.
PB/sc

RE 0000076

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000028

ADDENDUM NO 5

Attaching to and f  ning part of Policy No KY01758(

Issued to:      W.R.GRACE & CO.

It is hereby understood and agreed that the "Joint Venture Clause" contained in Addendum No 4 shall not apply in respect of any co-venture or partnership where:

    (A) The Assured's financial interest is at least 50%, or

    (B) The Assured has sole responsibility for the Management and operation, or

    (C) The Assured is obligated to provide full insurance.

Notwithstanding the foregoing, it is understood and agreed that any future contractual agreement issued by the Assured to its co-venturers or partners will specify that the insurance provided by the Assured's insurers shall be the sole and exclusive protection afforded to any and all members of such ventures.

All other terms and conditions of the Policy remaining unchanged.
PB/sc

RE  0000077

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000029

ADDENDUM NO 6

Attaching to and forming part of Policy No KY017582 (

Issued to:       W.R.GRACE & CO.

Notwithstanding anything stated herein to the contrary, it is hereby agreed
that the premium charged hereon comprises a Minimum and Deposit of $1,220,000
part of $1,525,000 plus a flat premium charge of $40,200.00 part of $50,250.00
in respect of Charterers Liability and in respect of the coverage provided
hereunder for the safe berthing of any marine vessel and marine vessels in
the Assured's care, custody or control and shall be due and payable as follows:-

| | | |
|---|---|---|
| 30th June 1982 | - | $380,000.00 part of $475,000.00 (Minimum and Deposit) |
| | plus | $ 13,400.00 part of $ 16,750.00 (Flat Premium) |
| 30th June 1983 | - | $408,000.00 part of $510,000.00 (Minimum and Deposit) |
| | plus | $ 13,400.00 part of $ 16,750.00 (Flat Premium) |
| 30th June 1984 | - | $432,000.00 part of $540,000.00 (Minimum and Deposit) |
| | plus | $ 13,400.00 part of $ 16,750.00 (Flat Premium) |

It is further understood and agreed that the Minimum and Deposit Premium
specified above is subject to adjustment with Earned Premium to be calculated at
a rate of 0.0585 per $1,000.00 of the Assured's Gross Sales.

The Assured shall declare to Underwriters as soon as possible after each anniversary
date (commencing with the 30th June 1983) the total amount of their Gross Sales
during the preceding annual period and should the Earned Premium so computed exceed
the Deposit Premium charged for said annual period then the balance shall be
immediately payable by the Assured to the Underwriters.

Notwithstanding anything contained herein to the contrary, if this Policy shall
be cancelled by the Assured, Underwriters shall be entitled to the Earned Premium
for the period that this Policy has been in force or the short rate proportion
of the Minimum Premium whichever is the greater, plus the short rate proportion
of the flat premium charge.  If this Policy is cancelled by Underwriters they
shall be entitled to the Earned Premium for the period that this Policy has been
in force or pro rata of the Minimum Premium whichever is the greater, plus the
pro rata proportion of the flat premium charge.

All other terms and conditions of the Policy remaining unchanged.
PB/sc

RE 0000078

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000030

ADDENDUM NO 7

Attaching to and for ing part of Policy No KYO17582(

Issued to:          W.R.GRACE AND CO.

It is hereby warranted by the Assured that:

(1)    Notwithstanding that certain scheduled underlying policies
       contain limits in respect of Products Recall and Architects
       Errors and Omissions, this Policy shall not apply to such
       hazards and, for the purposes of this Policy, such underlying
       policies are not to be impaired by such hazards.

(2)    Physical damage coverage shall be maintained for 100% values
       in respect of all properties. A Blanket Block Policy for at
       least $125,000,000 excess of $1,000,000 deductible shall be
       maintained for all real property: all property in the Assured's
       Care, Custody and Control is covered by such policies.

(3)    There shall be no step down excess of the Self Insured Retention
       referred to in Insuring Agreement II of this Policy in the event
       of any loss not being covered by scheduled underlying insurances
       due to a deductible contained therein.

All other terms and conditions of the Policy remaining unchanged.
PSGB/sc

RE 0000079

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000031

ADDENDUM No 6

Attaching to and forming part of Policy No KY017582 (

Issued to:                    W.R. GRACE & CO.

It is hereby understood and agreed that the following attached clause shall apply in respect of the Assured's oil and/or gas operations on, over and/or under water:

### SEEPAGE, POLLUTION AND CONTAMINATION EXCLUSION CLAUSE No. 1
(Approved by Lloyd's Underwriters' Non-Marine Association)

This Insurance does not cover any liability for:
(1) Personal Injury or Bodily Injury or loss of, damage to, or loss of use of property directly or indirectly caused by seepage, pollution or contamination.
(2) The cost of removing, nullifying or cleaning-up seeping, polluting or contaminating substances.
(3) Loss of, damage to, or loss of use of property directly or indirectly resulting from subsidence caused by sub-surface operations of the Assured.
(4) Removal of, loss of or damage to sub-surface oil, gas or any other substance, the property of others.
(5) Fines, penalties, punitive or exemplary damages.
22/1/70.
N.M.A. 1644.

It is also understood and agreed that the following attached clause shall apply in respect of the Assured's oil and/or gas operations other than those on, over and/or under water:

### SEEPAGE, POLLUTION AND CONTAMINATION CLAUSE No. 1
(Approved by Lloyd's Underwriters' Non-Marine Association)

This Insurance does not cover any liability for:
(1) Removal of, loss of or damage to sub-surface oil, gas or any other substance, the property of others, provided always that this paragraph (1) shall not apply to any liability which would otherwise be covered under this Insurance for such removal, loss, or damage directly attributable to blow-out, cratering or fire of an oil or gas well owned or operated by, or under the control of, the Assured.
(2) Loss of, damage to, or loss of use of property directly or indirectly resulting from subsidence caused by sub-surface operations of the Assured.
(3) Personal Injury or Bodily Injury or loss of, damage to, or loss of use of property directly or indirectly caused by seepage, pollution or contamination, provided always that this paragraph (3) shall not apply to liability for Personal Injury or Bodily Injury or loss of or physical damage to or destruction of tangible property, or loss of use of such property damaged or destroyed where such seepage, pollution or contamination is caused by a sudden, unintended and unexpected happening during the period of this Insurance.
(4) The cost of removing, nullifying or cleaning-up seeping, polluting or contaminating substances unless the seepage, pollution or contamination is caused by a sudden, unintended and unexpected happening during the period of this Insurance.
(5) Fines, penalties, punitive or exemplary damages.
This Clause shall not extend this Insurance to cover any liability which would not have been covered under this Insurance had this Clause not been attached.
22/1/70.
N.M.A. 1643

It is further understood and agreed that the following attached clause shall apply in respect of all operations of the Assured, other than oil and/or gas operations.

### INDUSTRIES SEEPAGE, POLLUTION AND CONTAMINATION CLAUSE No. 3
(Approved by Lloyd's Underwriters' Non-Marine Association)

This Insurance does not cover any liability for:
(1) Personal Injury or Bodily Injury or loss of, damage to, or loss of use of property directly or indirectly caused by seepage, pollution or contamination, provided always that this paragraph (1) shall not apply to liability for Personal Injury or Bodily Injury or loss of or physical damage to or destruction of tangible property, or loss of use of such property damaged or destroyed, where such seepage, pollution or contamination is caused by a sudden, unintended and unexpected happening during the period of this Insurance.
(2) The cost of removing, nullifying or cleaning-up seeping, polluting or contaminating substances unless the seepage, pollution or contamination is caused by a sudden, unintended and unexpected happening during the period of this Insurance.
(3) Fines, penalties, punitive or exemplary damages.
This Clause shall not extend this Insurance to cover any liability which would not have been covered under this Insurance had this Clause not been attached.
22/1/70.
N.M.A. 1645

all other terms and conditions of the Policy remaining unaltered.

RE 0000080

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP-000032

ADDENDUM NO 9

Attaching to and forming part of Policy No KYO17582

Issued to:    W.R.GRACE & CO.

Notwithstanding anything contained herein to the contrary it is hereby
understood and agreed that this Policy is extended to include Workmen's
Compensation Act liability in those States where the Assured is a duly
qualified self-insurer.

It is further understood and agreed that as respects such coverage this
Policy is subject to the same warranties, terms and conditions (except
as regards the obligation to investigate and defend, and the amounts
and limits of liability) as are applicable to the Assured in respect of
the amounts as specified in the Schedule of Underlying Insurance.

It is however understood and agreed that not later than twenty-four months
from the expiry date of this Policy, the Assured shall advise the Underwriters
of all claims not finally settled which are likely to result in claims under
this Policy. The Underwriters may then or at any time thereafter intimate
to the Assured their desire to be released from liability in respect of any
one or more such claims. In such event, the Assured and the Underwriters
shall mutually appoint an Actuary or Appraiser to investigate, determine
and capitalise such claim or claims and the payment by the Underwriters of
their portion of the amount so ascertained to be the capitalised value of
such claim or claims shall constitute a complete and final release of the
Underwriters.

It is further understood and agreed that nothing contained in the foregoing
extension shall be deemed to amend or alter the aggregate provisions of this
Policy applicable to Occupational Disease.

All other terms and conditions of the Policy remaining unchanged.
PSGD/sc

RE 0000081

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000033

ADDENDUM NO 10

Attaching to and forming part of Policy No KYO17582

Issued to:        W. R. GRACE & CO.

It is hereby understood and agreed that this Policy is extended to include
"Data Processors Errors and Omissions" and "Insurance Brokers Errors and
Omissions".

It is however specifically understood and agreed that the above extension
in coverage is only applicable insofar as such coverage is available to
the Assured in the scheduled Underlying Insurances attached hereto and
that as respects such coverage this Policy is subject to the same warranties,
terms and conditions (except as regards the premium, the obligation to
investigate and defend, the amount and limits of liability and the renewal
agreement, if any), as are contained in said Underlying Insurances.

All other terms and conditions of the Policy remaining unchanged.
PB/sc

RE 0000082

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000034

ADDENDUM NO 11

Attaching to and forming part of Policy No KYO17582

Issued to:        W.R.GRACE AND CO.

It is understood and agreed that with effect from 1st December, 1982
W.R.Grace and Co. is involved in a Joint Venture with U.S.Steel
Corporation for the operation of two sulphuric acid plants, one
phosphoric acid plant and power generating station in Ft. Meade,
Florida.  Coverage is provided hereon in respect of W.R.Grace and Co's
interest following the terms of the Joint Venture Clause incorporated
in Addendum 4 attached hereto, excess of a separate primary limit of
$1,000,000.

In respect of the foregoing, Underwriters agree to waive their rights
of subrogation against U.S.Steel Corporation and the Lenders who are
financing the construction.

It is further agreed that in respect of the foregoing, Underwriters
agree to give equal rights to U.S.Steel Corporation in the settlement
of claims within the area of $24,000,000 excess of $1,000,000 which
U.S.Steel Corporation self insure for their portion.

All other terms and conditions of the Policy remaining unchanged.
PSGB/sc

RE  0000083

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000035

COPY    ADDENDUM NO 12

Attaching to and forming part of Policy No KY017382

Issued to:    W.R.GRACE & CO.

It is hereby understood and agreed that with effect from 30th June 1982
this Policy shall not apply to Chemed Corporation and or any subsidiary,
organisation or company, including subsidiaries of a subsidiary company,
owned controlled or coming under the active management of Chemed Corporation.

All other terms and conditions of the Policy remaining unchanged.
PEGN/sc

14.3.84    821038 40099 S
DIRECTOR
M. S. WEAVERS (UNDERWRITING) AGENCIES LTD

RE 0000084

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000036

COPY

ADDENDUM No 17

Attaching to and forming part of Policy No K0135c

Issued to:    W.R. GRACE AND CO.

Notwithstanding anything contained herein to the contrary it is hereby understood and agreed that with effect from 30th June 1982 Exclusion C and Exclusion G appearing in Addendum No. 9 are amended to read as follows:-

C.  In respect of the Assured's Oil and/or Gas drilling and/or exploration operations to:-

      i) the cost of Control of any oil and/or gas well.

      ii) loss of hole and/or in-hole equipment.

G.  In respect of the Assured's Oil and/or Gas drilling and/or exploration operations to:-

      i) explosion blowout and/or cratering

      ii) underground Property Damage not already excluded by the Seepage, Pollution and Contamination Clause No.1 and the Seepage, Pollution and Contamination Exclusion Clause No.2 and the Industries, Seepage, Pollution, and Contamination Clause No 3.

All other terms and conditions of the Policy remaining unchanged.
PSG2./sc

30384    52L03B40099S
H B WEAVERS UNDERWRITING AGENCIES LTD    DIRECTOR

RE  0000085

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000037

ADDENDUM NO 14

Attaching to and forming part of Policy No KYO17582

Issued to:          W.R.GRACE AND CO.

It is hereby understood and agreed that with effect from 30th June 1982,
in the event of the Assured leasing one of their aircraft to another
Corporation who give the understanding that they will provide insurance,
should there be a breach of contract, then W.R.Grace's Primary Aviation
Policy will respond for any contingent liability that may exist.

All other terms and conditions of the Policy remaining unchanged.
PSGB/sc

2484/12/ 82038400995

DIRECTOR
M. A. WEAVERS (UNDERWRITING) AGENCIES LTD

RE 0000086

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000038

ADDENDUM NO 15

Attaching to and forming part of Policy No KYO17582

Issued to:        W.R. GRACE AND CO.

It is understood and agreed that with effect from 30th June, 1982 this Policy
shall apply in respect of the Joint Venture known as Four Corners Mine and
International Minerals and Chemical Corporation is included hereon in respect
of their interest in this Joint Venture. Also included as an Additional Assured
is Morgan Guaranty Trust Company of New York, but only in respect of their
interest as Mortgagee in the Four Corners Mine Joint Venture and pursuant to
the terms and conditions of the credit agreement dated 27th January, 1981.

It is further understood and agreed that coverage provided hereon shall
apply separately in excess of the following underlying insurances in respect
of the Four Corners Mine Joint Venture.

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| A)General Liability | $1,000,000 (applies separately to each contractor but is subject to a combined $5,000,000 limit for any one occurrence) | Hartford Insurance Company |
| B)Employers Liability | $  500,000 | Hartford Insurance Company |
| C)Umbrella Liability (To apply excess of A and B above) | $29,000,000 | Hartford Insurance Company |

It is further understood and agreed that the Joint Venture Clause incorporated
in Addendum No 4 will not apply to this Joint Venture.

All other terms and conditions of this Policy remaining unchanged.
PSGB/sc

25754

RE 0000087

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000039

COPY

ADDENDUM NO 16

Attaching to and forming part of Policy No KY017382

Issued to:          W.R.GRACE & CO.


It is hereby understood and agreed that with effect from 30th June,1982
BOOKER DRILLING COMPANY is included herein as an additional Assured.
In consequence of the above, the C.N.A.Casualty Company of Illinois will
provide underlying coverage on a "Difference Between" basis up to the
appropriate underlying limits as expressed in the schedule attached hereto
until such time as the existing underlying insurances of Booker Drilling
Company are cancelled and the coverages are included within the C.N.A.
underlying insurance programme.

Gross receipts from the aforementioned entity shall be included in the
premium adjustment in accordance with Addendum No 6.


All other terms and conditions of this Policy remaining unchanged.
PSGB/sc

RE 0000088

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000040

COPY

ADDENDUM NO 17

Attaching to and forming part of Policy No KY017582

Issued to:    W.R.GRACE AND CO.

It is understood and agreed that with effect from 31st August,1983 the
coverage provided for the Joint Venture Four Corners Mine and International
Minerals and Chemical Corporation shall apply in excess of the following
underlying insurances and not as formerly:-

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| A)Completed Operations and Products Liability Insurance only. | $1,000,000 (applies separately to each contractor but is subject to a combined $5,000,000 limit for any one occurrence). | Hartford Insurance Compa: |
| B)Umbrella Liability (Excess of A) | $25,000,000 | Hartford Insurance Compa: |

All other terms and conditions of this Policy remaining unchanged.
PSGB/sc

25.9.84

82L038 40099.

RE 0000089

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000041

COPY

ADDENDUM NO 18

Attaching to and forming part of Policy No KYO17582

Issued to:        W.R.GRACE AND CO.

It is understood and agreed that with effect from 2nd December,1983,
solely as respects ownership of tracts of land, the following entity
is included hereon as an Additional Named Assured:-

        Trust Fund of W.R.Grace and Co. Retirement Plans.

It is however understood and agreed that, as respects the foregoing,
this Policy shall only apply insofar as such coverage is available to
the Assured in the Scheduled Underlying Insurances.

All other terms and conditions remain unchanged.
PSGB/sc

RE 0000090

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000042

ADDENDUM NO. 19

Attaching to and forming part of Policy No. XY017582

Issued to:    W.R. GRACE AND CO.

Effective 30th June, 1982.

BROAD AS PRIMARY RIDER

IT IS HEREBY understood and agreed that in the event the Assured suffers a
loss which is covered under the policies of the underlying insurances as set
out in the schedule attached to this Policy, the excess of which would be payable
under this Policy, except for terms and conditions of this Policy which are not
consistent with the underlying insurances, then notwithstanding anything
contained in this Policy to the contrary this Policy shall be amended to follow
and be subject to the terms and conditions of such underlying insurances in
respect of such loss.

THE FOREGOING SHALL NOT, HOWEVER, APPLY TO:-

1.    Any coverage given under the underlying insurances for limits less than
      the full limit of the said underlying policy as stated in the schedule
      hereto;

2.    Any Nuclear Incident Exclusion Clause and Radioactive Contamination
      Exclusion Clause attached to this Policy;

3.    Any Seepage and Pollution Exclusion Clause attached to this Policy;

4.    Exclusion a) of this Policy;

5.    Exclusion c) of this Policy;

6.    Exclusion e) of this Policy;

7.    Any liability arising out of the Employee Retirement Income Security Act
      of 1974 as excluded in this Policy;

8.    The exclusions as set forth in Addendum No. 3 of this Policy labelled
      A(1) to A(7) inclusive, B(1) and B(2), and C(i) and C(ii);

9.    Any Automobile Physical Damage Coverage;

10.   Real and/or Personal Property of the Assured;

- 1 -

RE 0000091

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000043

11.   Malpractice Liability;

12.   Definition 3 of this Policy;

13.   Definition 7 of this Policy;

14.   Claims based upon the Motor Carriers Act of 1980;

15.   The title of the Named Assured which shall remain as set forth in Item 1 of the Declarations of this Policy;

16.   The period of this Policy which shall remain in accordance with Item 3 of the Declarations of this Policy;

17.   Liability arising out of the ownership, maintenance or use of property in any trust for which the Assured is acting in a fiduciary or representative capacity;

18.   Any liability arising out of any occurrence occurring or commencing or alleged to have occurred or commenced prior to 30th June, 1982 at 12.01 a.m. Local Standard Time;

19.   The provisions of this Policy as respects "joint ventures".

It is further understood and agreed that coverage provided by the Underlying Comprehensive General Liability Policies No. CCP 2483440 with the CNA and 80-133116 with the American International Underwriters will not be further extended without obtaining agreement from Underwriters hereon.  In the event of Underwriters hereon not agreeing to such further extension coverage will be provided hereon as if such extension had not been granted.

DIRECTOR
H. S. WEAVERS (UNDERWRITING AGENCIES) LTD

All other terms and conditions remain  unchanged.
PSGB/rjb

– 2 –

RE  0000092

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000044

taching to and forming part of Policy No KYOIT582?

W.R.GRACE & CO.

Schedule of Underlying Insurances

| COVERAGE | LIMIT |
|---|---|
| DOMESTIC GENERAL LIABILITY AND AUTOMOBILE LIABILITY. | |
| A) General Liability/Products Liability. | Bodily Injury      $1,000,000 Each Occurrence.  $1,000,000 aggregate<br>Property Damage   $1,000,000 Each Occurrence.  Bodily Injury and<br>Property Damage combined. |
| B) Employee Benefits | $   500,000 Each Claim<br>$   750,000 annual aggregate. |
| C) Care Custody & Control. | $ 1,000,000 Each Occurrence,<br>$ 1,000,000 annual aggregate. |
| D) Advertisers Liability. | $   500,000 Each Occurrence. |
| E) Automobile Liability. | Bodily Injury      $1,000,000 Each Occurrence<br>Property Damage   $1,000,000 Each Occurrence. |

W.R.Grace & Co. assumes the first $500,000 of each loss within the framework of a retrospective rating plan. The premiums and pure insurance is equal to the limits shown above. indicated in the plan are for insurance excess of $500,000 up to policy limits. The combination of the $500,000, loss assumption

EMPLOYER'S LIABILITY:

| | |
|---|---|
| A) Employers' Liability including Occupational Disease | $   500,000 Each Employee<br>$   500,000 Each Accident |
| B) Amendment of Coverage Maritime (Jones Act) | Bodily Injury by Accident<br>$   500,000 Each Employee<br>$   500,000 Each Accident<br>Bodily Injury by Disease<br>$   500,000 Each Employee<br>$   500,000 Aggregate Disease<br>(Per State) |
| C) United States Longshoremen's and Harbor Workers' Act Liability. | $   200,000 Each Employee<br>$ MM MM Each Accident |

RE 0000093

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000045

COVERAGE

LIMIT

-2-

1. 1 AIRCRAFT LIABILITY
(Excluding Non-Ownership)

$10,000,000 Combined Single Limit Including Voluntary Settlements of $200,000 Per Person - Including Crew (Part Of and Not In Addition to the $10,000,000 Limit)

A) Care, Custody and Control

$1,000,000 Each Occurrence (with respect to Hangars, Buildings or Other Property or Contents thereof required by Lease or other Agreement or if Insurance is purchased)

B) Non-Ownership Hull Liability

$5,000,000 Per Occurrence and Aggregate

C) Aircraft Non-Ownership Liability

$15,000,000 Combined Single Limit

2. GROUND HANGARKEEPERS LIABILITY

$2,000,000 Each Aircraft
$2,000,000 Each Occurrence

A) CHARTERER'S LIABILITY/ WHARFINGER'S LIABILITY for W.R. Grace & Co

$2,000,000 Damage to Vessel and Cargo
$2,000,000 Demurrage and removal of Wreck
$2,000,000 Collision (Third Party Including Demurrage - Property Damage.
$2,000,000 Each Person
$2,000,000 Each Accident
  Third Party Bodily Injury Liability Including Liability to Crew of Chartered Vessel
$5,000 Deductible Each Accident

limits will increase to $5,000,000 when and if a sulphur shipment takes place. To date no sulphur shipments have taken place and none anticipated for current policy period. The increased limit will remain in effect for the duration of policy term.

RE 0000094

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000046

GRACE

-2-

| COVERAGE | LIMIT |
|---|---|
| h) CHARTERER'S LIABILITY for Aruba Chemical Industries, N.V. | $ 2,000,000 Damage to Vessel and Cargo |
| | $ 2,000,000 Demurrage or Removal of Wreck collision (Third Party) including demurrage - Property Damage |
| | $ 2,000,000 Each Person |
| | $ 2,000,000 Each Accident |
| | $ Third Party Bodily Injury Liability including Liability to Crew of Chartered Vessel |
| | $ 5,000 Deductible Each Accident |

FOREIGN INSURANCE

A) W.R. Grace & Co.

$ 1,000,000 per Occurrence Bodily Injury and Property Damage Combined Single Limit for General Liability and Automobile Liability Combined.

Worldwide Comprehensive General Liability and Automobile Liability Programme.

$ 2,000,000 Aggregate Products Liability
$ 2,000,000 Aggregate Property Damage Per Location
$ 50,000 Per Occurrence / $500,000 Aggregate for Property in Assured's Care, Custody, and Control.

This is a master Difference in Conditions and/or excess policy for a combination of local admitted contracts for various Grace foreign units.

COLOMYO COAL COMPANY.
Excess Workers' Compensation and Employers' Liability Reinsurance (including Federal Black Lung)

$10,000,000 Each Accident Workers' Compensation and/or Employers' Liability Combined In excess of $250,000 retention

1. BOOKER DRILLING
Employers' Liability

$ 500,000

RE 0000095

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000047

COVERAGE:

-4-

VIII. EASTERN COAL JOINT VENTURE (47.5% ownership interest)

| | LIMIT |
|---|---|
| A) General Liability | |
| Bodily Injury | $ 1,000,000 Occurrence/Aggregate |
| Property Damage | $ 1,000,000 Occurrence/Aggregate |
| B) Automobile Liability | $ 1,000,000 Combined Single Limit |
| C) Aviation Liability | $50,000,000 Combined Single Limit |
| D) Employers Liability | |
| 1) Rapoca Energy Company | |
| a) Coal Mines | $ 500,000 |
| b) Helicopter Pilot | $ 500,000 |
| 2) Terry Eagle Coal Company | $ 500,000 |
| 3) Paramont Coal Company | $10,150,000 Workers' Compensation and Employers' Liability Excess of |
| 4) CHL Management Inc. and Neville Coal Sales | $ 350,000 Self Insured Retention |
| | $ 500,000 |
| E) Umbrella Excess Liability * | $50,000,000 |

* This policy includes all of the above Eastern Coal coverages within the underlying schedule including Paramont Mining's excess Workers' Compensation programs.

RE 0000096

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000048

Attaching to and forming part of Policy No KY01758.

Reference No

100%       (31.18% WALBROOK INSURANCE COMPANY LIMITED.
           (10.75% EL PASO INSURANCE COMPANY LIMITED.
           (18.82% DART & KRAFT INSURANCE COMPANY LIMITED.
           ( 8.06% LOUISVILLE INSURANCE COMPANY LIMITED.
           ( 8.61% BERMUDA FIRE & MARINE INSURANCE COMPANY
           (      LIMITED.
           (10.75% "WINTERTHUR" SWISS INSURANCE COMPANY.
           ( 9.68% MUTUAL REINSURANCE COMPANY LIMITED.
           ( 2.15% COMPAGNIE EUROPEENNE D'ASSURANCES
           (      INDUSTRIELLES S.A.
           Per:H.S.Weavers (Underwriting)Agencies Limited.82/L03B/40099'S'

RE 0000097

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000049

Attaching to and forming part of Policy No PX78186

W.(V.)4

W.(V.)4

## W.R.GRACE & CO

### Schedule of Underlying Insurance

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| **1. DOMESTIC GENERAL LIABILITY AND AUTOMOBILE LIABILITY:** | | |
| X) General Liability / Products Liability including care, custody and control | Bodily Injury $3,000,000 Each Occurrence. Property Damage $3,000,000 Each Occurrence. $10,000,000 aggregate Bodily Injury and Property Damage combined for Products Liability and Completed Operations | Continental Casualty Company |
| B) Employee Benefits | $1,000,000 Each Claim $2,000,000 Annual Aggregate | Continental Casualty Company |
| C) Electronic Data Processors Errors and Omissions | $1,000,000 Each Occurrence/ $2,000,000 Aggregate | Continental Casualty Company |
| D) Advertisers Liability | $1,000,000 Each Occurrence | Continental Casualty Company |
| ~) Automobile Liability | Bodily Injury ) $3,000,000 Each Loss Combined Property Damage) Single Limit | Continental Casualty Company |

* W.R.Grace & Co. assumes the first $500,000 of each loss within the framework of a retrospective rating plan. The premium indicated in the plan are for insurance excess of $500,000 up to policy limits. The combination of the $500,000 loss assumption and pure insurance is equal to the limits shown above. Continental Casualty Company's Primary Program provides coverage for Booker Drilling on Difference between Primary Liberty Mutual Policy and full limits provided by Continental Casualty Company

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| **II.EMPLOYER'S LIABILITY:** | | |
| A) Employers' Liability | $1,000,000 Each Accident | CNA |
| B) Occupational Disease | $2,000,000 Each Employee/ and in the aggregate | CNA |

RE 0000098

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER



| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| C) Maritime (Jones Act) Liability [H.S.I.] [S.W.UUA] | | |
| D) United States Longshoremen's and Harbor Workers' Act Liability | Bodily Injury by Accident<br>$ 1,000,000 Each Employee<br>$ 1,000,000 Each Accident<br>Bodily Injury by Disease<br>$ 1,000,000 Each Employee<br>$ 2,000,000 In the aggregate in respect of disease (per State) | |
| | $ 1,000,000 Each Employee<br>$ 1,000,000 Each Accident | CNA |
| | | GH |
| 01.1 AIRCRAFT LIABILITY (Excluding Non-Ownership) | $50,000,000 Combined Single Limit Including Voluntary Settlements of $ 250,000 Per Person Including Crew (Part Of And Not In Addition to the Limit) | United States Aviation Insurance Group. (1.1.85 - 1.1.86) |
| A) Care, Custody and Control | $ 1,000,000 Each Occurrence (With respect to Hangars, Buildings or Other Property or Contents) | United States Aviation Insurance Group. (1.1.85 - 1.1.86) |
| B) Non-Ownership Hull Liability | $ 5,000,000 Per Occurrence and Aggregate | United States Aviation Insurance Group. (1.1.85 - 1.1.86) |
| C) Aircraft Non-Ownership Liability | $15,000,000 Combined Single Limit Bodily Injury/Property Damage | United States Aviation Insurance Group. (1.1.85 - 1.1.86) |
| 2. GROUND HANGARKEEPERS LIABILITY | $ 2,000,000 Each Aircraft<br>$ 2,000,000 Each Occurrence | United States Aviation Insurance Group (1.1.85 - 1.1.86) |

RE 0000099

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000051

| | COVERAGE | LIMIT | CARRIER |
|---|---|---|---|

IV.
A) CHARTERER'S LIABILITY / WHARFINGER'S
   LIABILITY (for W.R.Grace & Co.

   $ 2,000,000 Damage to Vessel and Cargo
   $ 2,000,000 Demurrage and removal of Wreck
   $ 2,000,000 Collision (Third Party including
              Demurrage - Property Damage.
   $ 2,000,000 Each Person
   $ 2,000,000 Each Accident
   Third Party Bodily Injury Liability including
   Liability to Crew of Chartered Vessel.
   $    5,000 Deductible Each Accident
   $   25,000 Deductible Each Accident in respect of
              Liability to Cargo of Others.

Arkwright-Boston
Manufacturers Insurance C
(6.30.85 - 6.30.86)

B) CHARTERER'S LIABILITY (for Aruba
   Chemical Industries, N.V.

   $ 2,000,000 Damage to Vessel and Cargo
   $ 2,000,000 Demurrage or Removal of Wreck
   $ 2,000,000 Collision (Third Party)
              including Demurrage - Property Damage
   $ 2,000,000 Each Person
   $ 2,000,000 Each Accident
   Third Party Bodily Injury Liability including
   Liability to Crew or Chartered Vessel.
   $    5,000 Deductible Each Accident
   $   25,000 Deductible Each Accident in respect of
   Liability to Cargo of Others.

Arkwright-Boston
Manufacturers Insurance C
(6.30.85 - 6.30.86)

* Limits will increase to $5,000,000 when and if a sulphur shipment takes place.  The increased limit will remain in effect for the duration of policy term.
  To date no sulphur shipments have taken place and more anticipated for current policy period.

V.  FOREIGN INSURANCE

A) W.R.Grace & Co. Worldwide Comprehensive
   General Liability and Automobile Liability
   Programme

   $ 2,000,000 per Occurrence Bodily Injury and
              Property Damage Combined Single Limit
              for General Liability and Automobile
              Liability Combined.
   $ 4,000,000 Aggregate Products Liability
   $ 4,000,000 Aggregate Property Damage
   $  100,000 Per Occurrence/ $500,000
              Aggregate for Property in Assured's
              Care, Custody, and Control.

Aetna Insurance Company

Aetna Insurance Company

* This is a master Difference in Conditions and/or excess policy for a combination of local admitted contracts for various Grace foreign units.

RE  0000100

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

S.W (UV)A

SH

## VI. COVERAGE

**COLOMBO COAL COMPANY.**
Excess Workers' Compensation and Employers' Liability Reinsurance (excluding Federal Black Lung)

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| | $10,000,000 Each Accident Workers' Compensation and/or Employers' Liability Combined in excess of $250,000 retention | • Mountainview Insurance Company |

## VII. BOCKER DRILLING

Employers' Liability

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| | $1,000,000 Each Employee | Liberty Mutual Insurance Company Limited |
| | $2,000,000 Each Accident | |

• Workers' Compensation and Employers Liability Insurance for Colombo Coal by W.R.Grace's Captive Insurance Company, Mountainview Insurance Company, with statutory W.C. Limits and Employers Liability Limits of $10,250,000 General Reinsurance Corporation provides an excess policy reinsuring Mountainview for limits of $10,000,000 excess of a combined Workers' Compensation/ Employers Liability retention of $250,000 Umbrella Coverage applies excess of General Reinsurance Corporation's Limits.

## VIII. EASTERN COAL JOINT VENTURE (47.5% ownership interest)

A) General Liability
Bodily Injury
Property Damage

| | LIMIT | CARRIER |
|---|---|---|
| | $1,000,000 Occurrence/Aggregate | Federal Insurance Company |
| | $1,000,000 Occurrence/Aggregate | |

B) Automobile Liability

| | $1,000,000 Combined Single Limit | Federal Insurance Company |
|---|---|---|

C) Aviation Liability

| | $50,000,000 Combined Single Limit | Associated Aviation Underwriters. |
|---|---|---|

D) Employers Liability

1) Rapoca Energy Company
   a) Coal Hires (excluding Black Lung

| | $ 2,000,000 Accident | The Travelers Insurance Company |
|---|---|---|
| | $ 4,000,000 Each Employee/Aggregate | |

2) Old. Management Inc. and Neville Coal Sales

| | $ 500,000 | Federal Insurance Company |
|---|---|---|

3a) Paramont Oil Company (excluding Black Lung)

| | $10,150,000 Excess Workers' Compensation and Employers' Liability Excess of | General Reinsurance Corporation |
|---|---|---|
| | $ 350,000 Self-Insured Retention | |

b) Terry Eagle Coal Company (excluding Black Lung)

| | $ 5,000,000 Excess Workers' Compensation and Employers' Liability Excess of | General Reinsurance Corporation |
|---|---|---|

RE  0000101

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000053

-5-

## COVERAGE

**VIII EASTERN COAL Continued.**

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| E) Umbrella Excess Liability (over A,B,C and D2.) policy includes all of the above Eastern Coal coverages within the underlying schedule excluding Paramount Mining's and Terry Eagle Coal Company's Workers' Compensation program. The Grace Umbrella to be excess of Primary Excess Workers' Compensation for Grace's interest only. | $25,000,000 | Various |

**IX HOLES DRILLING FLUIDS (50% ownership interest)**

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| A) General Liability | $1,000,000 Combined Single Limit | Transportation Insurance Company |
| B) Automobile Liability | $1,000,000 Combined Single Limit | Transportation Insurance Company |
| C) Aviation Liability | $20,000,000 | United States Aviation Insurance Group |
| D) Employers Liability | Bodily Injury by Accident $1,000,000 Each Accident Bodily Injury by Disease $1,000,000 Policy Limit Bodily Injury by Disease $1,000,000 Each Employee | CNA |
| E) Marine Liability includes Protection and Indemnity | $1,000,000 Minimum | AIG Mutual Insurance Company |
| F) Bumbershoot | $5,000,000 Excess of (A) - (E) Inclusive | Midland Indemnity Insurance Company |

RE 0000102

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000054

U.S.A.

NUCLEAR INCIDENT EXCLUSION CLAUSE—LIABILITY—DIRECT (BROAD)
(Approved by Lloyd's Underwriters' Non-Marine Association)

For attachment to insurances of the following classifications in the U.S.A., its Territories and Possessions, Puerto Rico and the Canal Zone:—

Owners, Landlords and Tenants Liability, Contractual Liability, Elevator Liability, Owners or Contractors (including railroad) Protective Liability, Manufacturers and Contractors Liability, Product Liability, Professional and Malpractice Liability, Storekeepers Liability, Garage Liability, Automobile Liability (including Massachusetts Motor Vehicle or Garage Liability),

not being insurances of the classifications to which the Nuclear Incident Exclusion Clause—Liability—Direct (Limited) applies.

This policy*                                                                    does not apply:—

I. Under any Liability Coverage, to injury, sickness, disease, death or destruction

(a) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America or any agency thereof, with any person or organization.

II. Under any Medical Payments Coverage, or under any Supplementary Payments Provision relating to immediate medical or surgical relief, to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

III. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

(a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

(b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

(c) the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, material, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

IV. As used in this endorsement:
"hazardous properties" include radioactive, toxic or explosive properties; "nuclear material" means source material, special nuclear material or byproduct material; "source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act 1954 or in any law amendatory thereof; "spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor; "waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof; "nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations; "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material. With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

It is understood and agreed that, except as specifically provided in the foregoing to the contrary, this clause is subject to the terms, exclusions, conditions and limitations of the Policy to which it is attached.

*NOTE:—As respects policies which afford liability coverages and other forms of coverage in addition, the words underlined should be amended to designate the liability coverage to which the Clause is to apply.

17/3/64
N.M.A. 1254

RE  0000103

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000055

U.S

Pos

not
Dir
The

U.S.A.

RADIOACTIVE CONTAMINATION EXCLUSION CLAUSE—LIABILITY—DIRECT
(Approved by Lloyd's Underwriters' Non-Marine Association)

For attachment (in addition to the appropriate Nuclear Incident Exclusion Clause—Liability—Direct) to liability insurances affording worldwide coverage.

In relation to liability arising outside the U.S.A., its Territories or Possessions, Puerto Rico or the Canal Zone, this Policy does not cover any liability of whatsoever nature directly or indirectly caused by or contributed to by or arising from ionising radiations or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel.

13/7/64

U.S.A.

4% TAX CLAUSE
(Approved by Lloyd's Underwriters' Non-Marine Association)

Notice is hereby given that the Underwriters have agreed to allow for the purpose of paying the Federal Excise Tax 4% of the premium payable hereon to the extent such premium is subject to Federal Excise Tax.

It is understood and agreed that in the event of any return of premium becoming due hereunder the Underwriters will deduct 4% from the amount of the return and the Assured or his agent should take steps to recover the Tax from the U.S. Government.

15/5/44
N.M.A. 1344

It
to th

unde

17/3
N.M

RE  0000104

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

RFP_000056

No. KY01758

LON. ON.

A/C W.R. GRACE AND CO.

# Insurance Policy
# [Companies]

Date of expiry...30th June, 1985...

RE 0000105

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000057

W.R. GRACE COMPANY
_____

Warranties:-
_____

(1) Notwithstanding scheduled underlying policies contain
    limits in respect of products recall and architects
    E and O, no coverage provided hereon and for
    the purposes of the policy underlying coverages
    not be impaired by such exposure.

(2) Physical damage coverage maintained for 100% values
    in respect of all properties for at least
    $125,000,000 excess $1,000,000 deductible maintained
    for all other real property, all property in
    Assured's C.C.C. covered by such policies.

(3) No step down excess of S.I.R. hereon in the event
    of any loss not being covered by scheduled primaries
    due to deductible contained therein.

RE  0000106

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000058

1879G/JLC

**Bowring**

COVER NOTE

C.T. BOWRING & CO. (INSURANCE) LTD.
Lloyd's Brokers

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

P.O. BOX 145.
THE BOWRING BUILDING.
TOWER PLACE.
LONDON EC3P 3BE

(Registered Office)

TELEPHONE: 01-293 3100
TELEGRAMS: BOWINSUR
LONDON EC3

TELEX: 882191

Registered No. 76170 London

Please always    KY017582
quote this No.

Date    19th July, 1982

VAT No. 244 2517 79

In accordance with your instructions we have arranged cover as follows:

TYPE:         UMBRELLA LIABILITY INCLUDING WORKER'S COMPENSATION ACT AND
              EMPLOYEE BENEFIT LIABILITY BUT EXCLUDING CLAIMS ARISING FROM
              E.R.I.S.A. (1974), AS EXPIRING.

FORM:         WORDING AS EXPIRING AS FAR AS APPLICABLE TO BE AGREED BY
              UNDERWRITERS.

ASSURED:      W.R. GRACE & COMPANY ETAL AND/OR SUBSIDIARY, ASSOCIATED,
              AFFILIATED COMPANIES AND/OR ORGANISATIONS OWNED, CONTROLLED
              AND/OR MANAGED COMPANIES AS NOW OR HEREINAFTER CONSTITUTED PLUS
              JOINT VENTURES AS EXPIRING.

PERIOD:       36 months at 30th June, 1982.

INTEREST:     Coverage in respect of all of the Insured's operations.

SUM INSURED:  80% of
              $ 5,000,000   Each Occurrence (Aggregate Products and
                            Occupational Disease)

              EXCESS OF:-

              A)  The amount covered under underlying insurances as per
                  schedule attached.

              B)  $ 100,000 Each Occurrence in respect of losses not covered
                  by said underlying insurances.

SITUATION:    WORLDWIDE.

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,

RE 0000107
C.T. BOWRING & CO. (INSURANCE) LTD.

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000059

No._____    ___ ___ ___

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

2

CONDITIONS:     Service of Suit Clause (U.S.A.)
Tax Clause (if applicable)
Exhaustion of Aggregate Endorsement – subject primaries
unimpaired at inception hereon.
60 Days Cancellation Clause.
N.M.A. 1687 (amended as expiring).
Broad as primary rider as agreed by Underwriters.
Warranties as attached.
N.M.A. 1685 except in respect oil and gas operations which
subject to N.M.A. 1683 other than operations on, over or under
water which subject to N.M.A. 1684.

Exclusions
Additional to Form

Part I

(A)  Property Damage arising from:-

   1)  Erroneous delivery of seeds, erroneous substitution c
       one seed for another, or mislabeling of seeds;

   2)  Cross Pollination;

   3)  Germination failure;

   4)  The presence of noxious weed seed;

   5)  Natural shrinkage of grain;

   6)  Loss of and/or damage and/or deterioration from delay
       or from moisture content of grain;

   7)  Commingling of grain;

(B) 1)  To liability arising under any policy of insurance or
       reinsurance;

   2)  To liability arising out of the issuance,
       non-issuance, declination or cancellation of, or the
       imposition of special terms to any policy of insuranc
       or reinsurance;

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020

RE 0000108

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000060

No._____ ___ ____

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

3

(c)  In respect of oil/gas drilling and/or exploration
     operations:-

  i.  Cost of control of any oil/gas well.
 ii.  Loss of hole and/or in hole equipment.


Part II

(A)  Charterers Liability;
(B)  Safe berthing of any marine vessel
(C)  Marine vessels in Assured's Care, Custody and Control.
(D)  Non-owned watercraft Liability;
(E)  Contractual;
(F)  Incidental Malpractice;
(G)  In respect of oil/gas drilling and/or exploration
     operations:-

     i.  Explosion, blowout and/or cratering
    ii.  Underground Property Damage not already excluded by
         N.M.A. 1683/4/5;

(H)  Data Processors Errors and Omissions;
(I)  Liability resulting from ownership, maintenance, and/or
     operations of any dock, wharf and/or quay facility;
(J)  Insurance Brokers errors and omissions;
(K)  Punitive and/or Exemplary Damages;
(L)  Pharmacists Liability.


PREMIUM:          80% of Minimum and Deposit
                  $1,525,000 (payable 30th June, 1982 Minimum and Deposit $475,0
                                      30th June, 1983 Minimum and Deposit $510,0
                                      30th June, 1984 Minimum and Deposit $540,0
                  adjustable annually at 5.85¢%o on Gross Sales).
                  Plus additional Premium $ 16,750 annual in respect of coverage
                  provided hereon by Part II Exclusion (A) (B) (C).

                  Less 4% Federal Excise Tax (where applicable).


For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,                    RE  0000109
New York,
N.Y. 10020

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000061

No. _____ KIJ1IJUL

Please examine this document carefully
and advise us immediately it it is incorrect
or does not meet your requirements.

4

## W.R. GRACE & COMPANY

### Schedule of Underlying Insurance

| Coverage | Limit | | Carrie |
|---|---|---|---|
| 1. DOMESTIC GL AND AL:- | | | |
| A) General/Products Liability | B.I. $1,000,000 each occ. | $4,000,000 Aggregate | C.N.A. |
| | P.D. $1,000,000 each occ. | B.I. & P.D. combined | |
| B) Employee Benefits | $ 500,000 each claim | | C.N.A. |
| | $ 750,000 annual aggregate. | | |
| C) Care Custody & Control | $1,000,000 each occ. | | C.N.A. |
| | $1,000,000 annual aggregate | | |
| D) Advertisers Liability | $ 500,000 each occ. | | C.N.A. |
| E) Automobile Liability | B.I. $1,000,000 each occ. | | C.N.A. |
| | P.D. $1,000,000 each occ. | | |

\*  W.R. Grace & Co. assumes the first $500,000 of each loss within the framework of a
retrospective rating plan.  The premiums indicated are for insurance excess of $500,00
up to policy limits.
 The combination of the $500,000. loss assumption and pure insurance is equal to the
limits shown above.

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020

RE 0000110

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000062

W.R. GRACE COMPANY

Warranties:-

(1)  Notwithstanding scheduled underlying policies contain
     limits in respect of products recall and architects
     E and O, no coverage provided hereon and for
     the purposes of the policy underlying coverages
     not be impaired by such exposure.

(2)  Physical damage coverage maintained for 100% values
     in respect of all properties for at least
     $125,000,000 excess $1,000,000 deductible maintained
     for all other real property, all property in
     Assured's C.C.C. covered by such policies.

(3)  No step down excess of S.I.R. hereon in the event
     of any loss not being covered by scheduled primaries
     due to deductible contained therein.

RE 0000111

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000063

1879G/JLC

COVER NOTE

# Bowring

C.T. BOWRING & CO. (INSURANCE) LTD.
Lloyd's Brokers

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

P.O. BOX 145,                TELEPHONE: 01-283 3100
THE BOWRING BUILDING,        TELEGRAMS: BOWINSUR
TOWER PLACE,                             LONDON EC3
LONDON EC3P 3BE              TELEX: 882191

(Registered Office)          Registered No. 76170 London

Please always    KY017582
quote this No.

Date         19th July, 1982

VAT No. 244 2517 79

In accordance with your instructions we have arranged cover as follows:

| | |
|---|---|
| TYPE: | UMBRELLA LIABILITY INCLUDING WORKER'S COMPENSATION ACT AND EMPLOYEE BENEFIT LIABILITY BUT EXCLUDING CLAIMS ARISING FROM E.R.I.S.A. (1974), AS EXPIRING. |
| FORM: | WORDING AS EXPIRING AS FAR AS APPLICABLE TO BE AGREED BY UNDERWRITERS. |
| ASSURED: | W.R. GRACE & COMPANY ETAL AND/OR SUBSIDIARY, ASSOCIATED, AFFILIATED COMPANIES AND/OR ORGANISATIONS OWNED, CONTROLLED AND/OR MANAGED COMPANIES AS NOW OR HEREINAFTER CONSTITUTED PLUS JOINT VENTURES AS EXPIRING. |
| PERIOD: | 36 months at 30th June, 1982. |
| INTEREST: | Coverage in respect of all of the Insured's operations. |

SUM INSURED:    80% of
                $ 5,000,000    Each Occurrence (Aggregate Products and
                               Occupational Disease)

EXCESS OF:-

A)    The amount covered under underlying insurances as per
      schedule attached.

B)    $ 100,000 Each Occurrence in respect of losses not covered
      by said underlying insurances.

SITUATION:    WORLDWIDE.

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020

C.T. BOWRING & CO. INSURANCE LTD.    BF-0000112

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000064

No. _____    KTU1/582

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

2

CONDITIONS:        Service of Suit Clause (U.S.A.)
Tax Clause (if applicable)
Exhaustion of Aggregate Endorsement - subject primaries
unimpaired at inception hereon.
60 Days Cancellation Clause.
N.M.A. 1687 (amended as expiring).
Broad as primary rider as agreed by Underwriters.
Warranties as attached.
N.M.A. 1685 except in respect oil and gas operations which
subject to N.M.A. 1683 other than operations on, over or under
water which subject to N.M.A. 1684.

Exclusions
Additional to Form

Part I

(A)  Property Damage arising from:-

    1)   Erroneous delivery of seeds, erroneous substitution of
         one seed for another, or mislabeling of seeds;

    2)   Cross Pollination;

    3)   Germination failure;

    4)   The presence of noxious weed seed;

    5)   Natural shrinkage of grain;

    6)   Loss of and/or damage and/or deterioration from delay
         or from moisture content of grain;

    7)   Commingling of grain;

(B)  1)   To liability arising under any policy of insurance or
         reinsurance;

    2)   To liability arising out of the issuance,
         non-issuance, declination or cancellation of, or the
         imposition of special terms to any policy of insurance
         or reinsurance;

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020

RE 0000113

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000065

No. _____

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

3

(c)  In respect of oil/gas drilling and/or exploration
operations:-

i.  Cost of control of any oil/gas well.
ii.  Loss of hole and/or in hole equipment.

Part II

(A)  Charterers Liability;
(B)  Safe berthing of any marine vessel
(C)  Marine vessels in Assured's Care, Custody and Control.
(D)  Non-owned watercraft Liability;
(E)  Contractual;
(F)  Incidental Malpractice;
(G)  In respect of oil/gas drilling and/or exploration
operations:-

i.  Explosion, blowout and/or cratering
ii.  Underground Property Damage not already excluded by
N.M.A. 1683/4/5;

(H)  Data Processors Errors and Omissions;
(I)  Liability resulting from ownership, maintenance, and/or
operations of any dock, wharf and/or quay facility;
(J)  Insurance Brokers errors and omissions;
(K)  Punitive and/or Exemplary Damages;
(L)  Pharmacists Liability.

PREMIUM:       80% of Minimum and Deposit
$1,525,000 (payable 30th June, 1982 Minimum and Deposit $475,000
30th June, 1983 Minimum and Deposit $510,000
30th June, 1984 Minimum and Deposit $540,000
adjustable annually at 5.85¢%o on Gross Sales).
Plus additional Premium $ 16,750 annual in respect of coverage
provided hereon by Part II Exclusion (A) (B) (C).

Less 4% Federal Excise Tax (where applicable).

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020

RE 0000114

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000066

No._____

\

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

4

### W.R. GRACE & COMPANY

### Schedule of Underlying Insurance

| Coverage | Limit | | Carrier |
|---|---|---|---|
| 1. DOMESTIC GL AND AL:- | | | |
| A) General/Products Liability | B.I. $1,000,000 each occ. | $4,000,000 Aggregate | C.N.A. |
| | P.D. $1,000,000 each occ. | B.I. & P.D. combined | |
| B) Employee Benefits | $ 500,000 each claim | | C.N.A. |
| | $ 750,000 annual aggregate. | | |
| C) Care Custody & Control | $1,000,000 each occ. | | C.N.A. |
| | $1,000,000 annual aggregate | | |
| D) Advertisers Liability | $ 500,000 each occ. | | C.N.A. |
| E) Automobile Liability | B.I. $1,000,000 each occ. | | C.N.A. |
| | P.D. $1,000,000 each occ. | | |

* W.R. Grace & Co. assumes the first $500,000 of each loss within the framework of a retrospective rating plan. The premiums indicated are for insurance excess of $500,000 up to policy limits.
The combination of the $500,000. loss assumption and pure insurance is equal to the limits shown above.

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020

RE 0000115

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000067

No.

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

5

W.R. GRACE & COMPANY

| COVERAGE | LIMIT | CARRIER |
|---|---|---|
| II EMPLOYER'S LIABILITY:- | | |
| A.) Employer's Liability Including Occupational Disease | $   500,000 Each Employee<br>$   500,000 Each Accident | C.N.A. |
| B.) Amendments of Coverage B Maritime (Jones Act) | Bodily Injury by Accident<br>$   500,000 Each Employee<br>$   500,000 Each Accident<br>Bodily Injury by Disease<br>$   500,000 Each Employee<br>$   500,000 Aggregate Disease<br>        (Per State) | C.N.A. |
| C.) U.S. F.L. & H.W.A. | $   250,000 Each Employee<br>$   250,000 Each Accident | C.N.A. |
| III    1 AIRCRAFT LIABILITY<br>(Excluding Non-Ownership) | $15,000,000 CSL Including Voluntary Settlements of $250,000 per Person- Including Crew (Part Of and Not In Addition to the $15,000,000 Limit) | U.S.A.G. |
| A.) Care Custody or Control | $ 1,000,000 - Each Occurrence (With Respect to Hangars, Buildings or Other Property or Contents Thereof Required by Lease or Other Agreement or if Insurance is Purchased). | |
| B.) Non-Ownership Hull Liability | $ 5,000,000 Per Occurrence and Aggregate | U.S.A.G. |
| C.) Aircraft Non-Ownership Liability | $15,000,000 CSL | U.S.A.G. |
| 2.   GROUND HANGARKEEPERS LIABILITY | $ 2,000,000 Each Aircraft<br>$ 2,000,000 Each Occurrence | U.S.A.G. |

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020

RE 0000116

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000068

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

6

## W.R. GRACE & COMPANY

| COVERAGE | | LIMIT | | CARRIER |
|---|---|---|---|---|
| IV. | A.) CHARTERER'S LIABILITY/ WHARFINGER'S LIABILITY for W.R. Grace & Co. | *$2,000,000 $2,000,000 $2,000,000 $2,000,000 $2,000,000 $ 5,000. | Damage to Vessel and Cargo Demurrage and removal of Wreck Collision (Third Party Including Demurrage - P.O. Each Person Each Accident Third Party Bodily Injury Liability including Liability to Crew of Chartered Vessel Deductible Each Accident. | Arkwrig Boston Manufac urers I Co. |

* Limits will increase to $5,000,000 when and if a sulphur shipment takes place. The increased limit will remain in effect for the duration of policy term. To date no sulphur shipments have taken place and none anticipated for current policy period.

| | B.) CHARTERER'S LIABILITY for Aruba Chemical Industries, N.V. | $2,000,000 $2,000,000 $2,000,000 $2,000,000 $2,000,000 $ 5,000. | Damage to Vessel and Cargo Demurrage or Removal of Wreck Collision (Third Party Including Demurrage - P.O. Each Person Each Accident Third Party Bodily Injury Liability including Liability to Crew of Chartered Vessel Deductible Each Accident. | Arkwrig Boston Manufac urers I Co |
| V. | FOREIGN INSURANCE | | | |
| | A.) W.R. Grace & Co. | $1,000,000 per Occurrence BI and PO CSL for GL and AL Combined | | AIG |

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020

RE 0000117

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000069

Please examine this document carefully and advise us immediately if it is incorrect or does not meet your requirements.

7

W.R. GRACE & COMPANY

| COVERAGE | LIMIT | | CARRIER |
|---|---|---|---|
| Worldwide Comprehensive General and Automobile Liability Program* | $ 2,000,000 $ 2,000,000 $ 50,000 | Aggregate Products Aggregate Property Damage Per Location Per Occurrence/$500,000 Aggregate for Property in Insured's Care, Custody, and Control. | |

* This is a master DIC and/or excess policy for a combination of local admitted contracts for various Grace foreign units.

VI. COLOWYO COAL COMPANY

| | | | |
|---|---|---|---|
| Excess Workers' Compensation and Employers' Liability Reinsurance (excluding Federal Black Lung) | $10,000,000 | Each Accident WC and/or EL Combined in excess of $250,000 retention | General Reinsurance |

VII BOOKER DRILLING

| | | |
|---|---|---|
| Employers' Liability | $ 500,000 | North West Ins. Co. |

VIII EASTERN COAL JOINT VENTURE
     (47.5% ownership interest)

| | | | |
|---|---|---|---|
| A.) General Liability | B.I. $ 1,000,000 P.D. $ 1,000,000 | Occurrence/Aggregate Occurrence/Aggregate | Federal Insurance Company |
| B.) Auto Liability | $ 1,000,000 CSL | | Federal Insurance Company |
| C.) Aviation | $50,000,000 CSL | | Associated Aviation Underwriters |

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020

RE 0000118

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000070

8

Please examine this document carefully
advise us immediately if it is incorrect
or does not meet your requirements.

## W.R. GRACE & COMPANY

| COVERAGE<br>IN RESPECT OF EASTERN COAL<br>JOINT VENTURE. | LIMIT | CARRIER |
|---|---|---|
| D.) Employers Liability | | |
| 1) Rapoca Energy Company<br>   a) Coal Mines | $ 500,000 | Old<br>Republic |
|    b) Helicopter Pilot | $ 500,000 | Aetna<br>Casualty &<br>Surety |
| 2) Terry Eagle Coal Company | $ 500,000 | Federal<br>Insurance Co |
| 3) Paramont Coal Company | $10,150,000 WC & EL Excess of<br>$    350,000 Self Insured Retention | Various |
| 4) GHL Management Inc. and<br>   Neville Coal Sales | $ 500,000 | Commercial<br>Union |
| E.)    Umbrella Excess Liability* | $50,000,000 | Various |

* This Policy includes all of the above Eastern Coal coverages within the underlying
schedule including Paramont Mining's excess W.C. program.

N.B. 47-1/2% of the above limits apply to Grace interest and NMA 1687 (as amended)
applies hereon.

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020
U.S.A.

RE 0000119

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000071

Please examine this document carefully
and advise us immediately if it is incorrect
or does not meet your requirements.

9

```
100.00% (24.73% WALBROOK INSURANCE COMPANY LIMITED
        (10.75% EL PASO INSURANCE COMPANY LIMITED
        (18.82% DART & KRAFT INSURANCE COMPANY LIMITED
        ( 8.06% LOUISVILLE INSURANCE COMPANY LIMITED
        ( 6.45% LUDGATE INSURANCE COMPANY LIMITED
        ( 8.61% BERMUDA FIRE & MARINE INSURANCE COMPANY LIMITED
        (10.75% "WINTERTHUR" SWISS INSURANCE COMPANY
        ( 9.68% MUTUAL REINSURANCE COMPANY LIMITED
        ( 2.15% COMPAGNIE EUROPEENNE D'ASSURANCES
        (        INDUSTRIELLES S.A.
        (per H.S. Weavers (Underwriting) Agencies Ltd.
```

Hereon        100.00%

* These Companies allow Federal Excise Tax.

For the attention of F. Nasella.
Marsh & McLennan Incorporated,
1221, Avenue of the Americas,
New York,
N.Y. 10020

RE 0000120

CONFIDENTIAL
SUBJECT TO APRIL 2009
PROTECTIVE ORDER

REP- 000072