IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related Docket No. 21544** |
| | ) | |

## BENCH BRIEF OF THE DEBTORS, DAVID T AUSTERN, ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE AND THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS DETAILING OBJECTIONS TO DEPOSITION TESTIMONY OFFERED BY THE INSURERS

The Debtors W.R. Grace & Co., et al., David T Austern, Asbestos PI Future Claimants' Representative (the "PI FCR")and the Official Committee of Asbestos Personal Injury Claimants (the "ACC")submit this bench brief to explain their objections to the testimony of lawyers representing Grace, other agents of Grace, or lawyers representing the ACC offered by various objecting insurers (the "Insurers").

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

I.  **THE INSURERS' PROPOSED TESTIMONY**

The Insurers seek to introduce deposition testimony of Grace's in-house counsel and insurance advisor, the Future Claimants' Representative, and lawyers representing the ACC describing their opinions of the operation and legal effects of the Plan. In particular, the Insurers seek to offer into evidence excerpts from depositions of lawyers opining on the legal effects of the Plan, and specifically the purported impairment of the Insurers' rights under the language of the Plan. These excerpts include, among other things, Grace's and the ACC's lawyers, and the FCR's, opinions regarding the Plan's insurance neutrality language, the scope of various Plan injunctions, and the fiduciary duties of various parties under various Plan documents. *See, e.g.*, Insurers' Richard Finke deposition excerpts (May 13) at 78-88; Insurers' David Austern deposition excerpts at 44-80. These opinions, offered as evidence, are not helpful to the Court in determining any fact at issue in these proceedings. Instead, they are merely their opinions concerning legal issues already extensively briefed and argued to this Court. The Plan is a legal document that contains no special language outside of this Court's expertise. The operation and legal effect of the Plan concern legal issues already extensively briefed to this Court, and about which there will be extensive oral argument. Thus, testimony about the meaning of the Plan from Grace's lawyers and other agents, the FCR and the ACC's lawyers is not relevant to determining any issue in the case, and should be excluded.

It is a hallowed principle of evidence and procedure that a legal document "must speak for itself." *Helms v. Sinclair Ref. Co.*, 170 F.2d 289, 292 (5th Cir. 1948); *see also Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, (2d Cir. 1977) ("Construction of a contract is always a matter of law for the Court") (citation omitted); *Loeb v. Hammond*, 407 F.2d 779, 781 (7th Cir. 1969) (testimony of lawyer as to meaning of legal documents properly excluded); *Highland Capital Mgmt. Co. v. Schneider*, 551 F.Supp. 2d. 173, 179 (S.D.N.Y. 2008) (care must be taken that

2

witness does not usurp the role of the judge); *Green Mach. Corp. v. Zurich Am. Ins. Group*, No. 99-3048, 2001 U.S. Dist Lexis 13378, at *17 (E.D. Pa Aug. 24, 2001) (holding that interpretation of an insurance contract is a question of law for the Court); *Cryovac v. Pechiney Plastic Packaging*, 430 F. Supp. 2d 346, 364-65 (D. Del. 2006) (excluding expert testimony as to the meaning of contract terms). Where the language of a document is clear, "it is obvious that the interpretation of the meaning of the document in respect to *ordinary words* is not for a witness to speak to." 7 John H. Wigmore, WIGMORE ON EVIDENCE, § 1955 (1978).

Courts have consistently applied this principle in a broad variety of contexts to exclude testimony regarding the legal effect of plans of reorganization. *See United States v. Messner*, 107 F.3d 1448, 1454 (10th Cir.) (holding that district court abused its discretion by allowing testimony of an attorney concerning debtor's post-confirmation duty of disclosure); *see also Justice v. Carter*, 972 F.2d 951, 956-57 (8th Cir. 1992) (affirming district court's decision to exclude evidence of comparable cases in which plans had been affirmed). Moreover, courts properly have excluded testimony concerning "the impact of [the debtor's] plan of reorganization, and on policies adopted by [a litigation trust] for settlement of asbestos claims and dollars paid by the Trust over time." *Falise v. Am. Tobacco Co.*, 258 F. Supp. 2d 63, 65 (E.D.N.Y. 2000). The *Falise* court found that it need not even consider whether such testimony meets *Daubert* standards. Instead, the court excluded the offered testimony under "the court's general authority to control the trial and on the assumption that the documents they would have relied on can be utilized in arguments by counsel." *Id.*

The evidence offered by the Insurers is legally and factually indistinguishable from the long line of cases excluding lawyerly opinions on legal documents. *See id.* (rejecting testimony comprising legal opinions on the impact of a Debtor's plan of reorganization in the context of a

3

plan creating an asbestos trust). As described above, the Insurers offer various excerpts from depositions of lawyers opining on the legal effects of the Plan, and specifically the purported impairment of the Insurers' rights under the language of the Plan. Impairment of rights under a plan of reorganization is a pure legal issue for determination by the Court. *See id.*; *Messner*, 107 F.3d at 1454. Thus, the evidence offered by the Insurers should be excluded.

## II. CONCLUSION

For the foregoing reasons, the Debtors, the PI FCR and the ACC respectfully request that the Court exclude the evidence offered by the Insurers from evidence.

Dated:  June 22, 2009                     Respectfully submitted,

                                                      KIRKLAND & ELLIS LLP
                                                      David M. Bernick
                                                      Lisa G. Esayian
                                                      300 N. LaSalle
                                                      Chicago, Illinois 60654
                                                      Telephone:  (312) 862-2000
                                                      Facsimile:   (312) 862-2200

                                                      and

                                                      Barbara M. Harding
                                                      655 Fifteenth Street, N.W.
                                                      Washington, D.C. 20005
                                                      Telephone:  (202) 879-5200
                                                      Facsimile:   (202) 879-5200

and

Theodore Freedman
Justin S. Brooks
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

and

THE LAW OFFICES OF JANET S. BAER P.C.
Janet S. Baer
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone:  (312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

   /s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400

*Co-Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC

 /s/ Mark T. Hurford
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947
mhurford@camlev.com

and

5

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*


PHILIPS, GOLDMAN & SPENCE, P.A.


  /s/ John C. Philips
John C. Philips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T Austern, Asbestos PI Future Claimants' Representative*

6