IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | * | |
| W.R. GRACE & CO., et al., | * | Chapter 11 |
| Debtor. | * | Case No. 01-01139 (JKF) (Jointly Administered) |
| . | * | Related Docket No. 21544 |

------------------------------------------------------x

**PRETRIAL STATEMENT REGARDING ISSUES TO BE RAISED
BY GENERAL INSURANCE COMPANY OF AMERICA
AT THE PHASE I CONFIRMATION HEARING AND
EVIDENCE TO BE INTRODUCED**

Pursuant to the Court's advice at the June 18, 2009 Pretrial Conference, General Insurance Company of America ("General Insurance") submits this Pretrial Statement in order to identify (a) the Objections General Insurance will litigate at the Phase I hearing scheduled for June 22, 2009; and (b) the evidence that General Insurance expects to introduce in connection with those Objections.

**OBJECTIONS TO BE RAISED**

**I.**

General Insurance expects to raise that the Plan is not "insurance neutral" - - for all the reasons set forth in General Insurance's Plan Objection filed on May 20, 2009, and in CNA's Pretrial Narrative (filed on June 22, 2009).

In addition to the grounds set forth by CNA in its Pretrial Narrative, General Insurance stresses that (i) it entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement") with W.R. Grace & Co. – Conn. ("Grace"), effective March 3, 1994; (ii) Exhibit 5 to the Plan appears to characterize this settlement - - erroneously - - as pertaining to "products coverage" only; (iii) General Insurance seeks to assure neutrality as to any coverage litigation

that may ensue concerning whether the Plan Proponents have understated the scope of the settlement and release, as well as any other coverage issues that may arise, including not only settlement and release, but also breach of policy requirements (including - - without limitation - - as to notice, defense of claims, cooperation, consent to settlements), statute of limitations, and other bars to coverage such as estoppel, statute of limitations and laches.

To obtain "insurance neutrality" General Insurance seeks, first, clarification that its Settlement Agreement is an Asbestos Insurance Settlement Agreement (as defined in Section 1.1(14)) of the Plan for purposes of Section 7.15(c) of the Plan, despite the Agreement's being mischaracterized in Plan Exhibit 5. (Plan § 7.15(c) provides, in part, that the rights of Asbestos Insurance Entities shall be determined "under the Asbestos Insurance Policies. . . or Asbestos Settlement Agreements, as applicable.")

Second, the Plan fails to provide that the Debtors' duties and obligations under Asbestos Insurance Policies and Asbestos Insurance Agreements will remain undiminished and will be transferred to the Asbestos PI Trust in the event that the Court approves the transfer of Debtors' Asbestos Insurance Rights to the Trust. This point is of considerable import to General Insurance since, in the Settlement Agreement, Grace warranted and covenanted, for example, that it would not tender any asbestos-related claims to General Insurance, "regardless of the theory of coverage"; and it agreed to cooperate fully with General Insurance in opposing any effort to invalidate the Settlement Agreement. (Settlement Agreement, §§ 9, 15D).

Third, and more generally, in order to comply with the neutrality concept described in Combustion Engineering, 391 F.3d 192, 217 (3d Cir. 2005), the Plan must preserve, without impairment, all the insurers' legal, equitable, and contractual rights under their insurance contracts and applicable state law (except for the extent the Plan Proponents can establish federal preemption).

2

As pointed out in CNA's Pretrial Narrative, Debtors, in Plan Section 7.15 (insurance neutrality), use a concept of "Asbestos Insurance Coverage Defenses" (as defined in Plan § 1.1(16)). These "Defenses" exclude any defense that the Plan or Plan Documents do not comply with the Bankruptcy Code. This exclusion opens the door to the Plan Proponents later to argue that the Court's findings and conclusions in a Confirmation Order can be used as evidence or argument, in another court, to establish a coverage obligation.

Fourth, and directly related to the last point, the Plan's neutrality provision (§ 7.15) contains no express protection against use of this Court's findings or conclusions to attempt to establish a coverage obligation. As stated in its Objections to Plan Confirmation, General Insurance seeks <u>inter alia</u> a level playing field to litigate the basic issue of the scope of the Settlement Agreement and the release contained therein. It should not be confronted, in a future lawsuit, with the contention that the Court's Confirmation Order shows that the Court approved the Plan Proponents mischaracterization of the Settlement Agreement in a Plan Exhibit. As Judge Ferguson recently made clear in <u>In re Congoleum Corp.</u>, 2009 Bankr. LEXIS 900, at *6 (Bankr. D.N.J. Feb. 26, 2009), for a plan to be insurance neutral, it must "protect [] the Insurers from Debtors' use of any express or implied findings in the bankruptcy case." Indeed, recent neutrality stipulations, like those in <u>Federal Moguel</u> and <u>Kaiser</u> do just that.

## II.

General Insurance asserts that it has standing as an insurer to raise and be heard as to all aspects of whether the Plan is insurance neutral. It joins in the additional standing points asserted by CNA in its Pretrial Narrative.

### **EVIDENCE TO BE INTRODUCED**

While General Insurance has joined in witness and deposition designations of other insurers, it does not anticipate separately calling any live or deposition witnesses in Phase I.

3

While General Insurance has also joined in the Exhibit Lists of the other insurers, General Insurance anticipates separately introducing two exhibits, as to which Plan Proponents have dropped all objections other than relevance:

1. General Insurance Substitute Exhibit 1A, which is Comprehensive Liability Policy No. BLP 245115 issued by General Insurance to Vermiculite Northwest, Inc. and its related corporate entities for the period June 1, 1964 to June 1, 1965 (the "1964 Policy"). The 1964 policy is stamped with production numbers MDC 231 to MDC 253.

For purposes of the Phase I hearing, General Insurance notes the policy provisions entitled "Assistance and Cooperation of the Insured," which requires the insured to cooperate with General, and "Action Against Company," which requires certain conditions to be satisfied before suit can be initiated against General. *See* General Ins. Substitute Exhibit 1A, page 3, paragraphs 6, 7, at MDC 233. The 1964 Policy also contains a provision entitled "Assignment," which restricts the circumstances under which interests in the policy may be assigned. *See id.*, paragraph 11. In the section entitled "Bodily Injury and Property Damage Liability," the 1964 Policy also gives General Insurance the right to defend and investigate claims against its insured. *See id.*, page 2, part I.

2. General Insurance Exhibit 1B, which is the Settlement Agreement and Policy Release that was entered into effective March 3, 1994 between General Insurance and Grace. It

is offered to show that it exists and that it in fact has the terms noted in General Insurance's Plan Objection and herein.

| Dated: June 22, 2009 | Respectfully submitted, |
|---|---|
| | /s/ Frederick B. Rosner |
| | Frederick B. Rosner (DE #3995) |
| | MESSANA ROSNER & STERN LLP |
| | 1000 N. West Street, Suite 1200 |
| | Wilmington, DE 19801 |
| | Telephone: 302-777-1111 |
| | Facsimile: 302-295-4801 |

- and –

Robert B. Millner
Christopher E. Prince
SONNENSCHEIN NATH & ROSENTHAL LLP
233 S. Wacker Drive, Suite 7800
Chicago, Illinois 60606
Telephone: 312-876-8000
Facsimile: 312-876-7934
*Counsel for General Insurance Company of America*