## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., *et al.*, | : | Case No. 01-1139 (JKF) |
| | : | |
| Debtors. | : | Jointly Administered |

## DECLARATION OF JAMES DOWNEY IN SUPPORT OF
## GENERAL INSURANCE COMPANY'S PLAN OBJECTION

I, James Downey, affirm and declare as follows:

1.    I have personal knowledge of the matters set forth herein and if called as a witness, could and would testify as to such matters.

2.    In my capacity as a Unit Director in the Complex and Emerging Risks Claims Unit of Liberty Mutual Insurance Group, I am authorized to make this affidavit on behalf of General Insurance Company of America ("General"). I submit this affidavit in support of General's Plan Objection.

3.    I am familiar with General's files and records relating to the claim for insurance benefits made by Vermiculite Northwest Inc. and W.R. Grace & Co., or its related corporate entities.

4.    The document attached to this declaration is kept and maintained in the regular course of business in General's records, files, or records retention facilities, and is an accurate copy of the original of General's files regarding this matter. The document referenced in this affidavit was submitted to, or created by General at or near the time, or at or near the date(s), set forth in the documents.

5.     Attached hereto as Substitute Exhibit A is an accurate copy of a Comprehensive Liability Policy No. BLP 245115 issued by General Insurance Company to Vermiculite Northwest Inc. and its related corporate entities for the period June 1, 1964 - June 1, 1965 (the "1964 Policy"). The 1964 Policy is stamped with production numbers MDC 231 to MDC 253.

6.     The 1964 Policy contains provisions entitled "Assistance and Cooperation of the Insured," which requires the insured to cooperate with General, and "Action Against Company," which requires certain conditions to be satisfied before suit can be initiated against General. *See* Substitute Exhibit A, page 3, paragraphs 6, 7. The 1964 Policy also contains a provision entitled "Assignment," which restricts the circumstances under which interests in the policy may be assigned. *See id.,* paragraph 11. In the section entitled "Bodily Injury And Property Damage Liability," the 1964 Policy also gives General the right to defend and investigate claims against its insured. *See id.,* page 2, part I.

7.     General also issued general liability policies to Vermiculite Northwest Inc. and its related corporate entities that covered at least the annual time periods from June 1, 1962 to June 1, 1963; June 1, 1963 to June 1, 1964; and June 1, 1965 to June 1, 1966. These other policies each contain provisions that are substantially similar to the provisions in the 1964 Policy described in paragraph 6 above.

I declare, pursuant to 28 U.S.C. §1746, and under the pains and penalty of perjury that the foregoing is true and correct and that this declaration is executed on June ⎽1⎽9⎽, 2009.

⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
James Downey

2



VERMICULITE NORTHWEST, INC.

912 ELLIOT AVENUE WEST
SEATTLE, KING COUNTY, WASHINGTON

*Blanket* GENERAL LIABILITY

INSURANCE

GENERAL INSURANCE COMPANY OF AMERICA





*Blanket* LIABILITY POLICY

...issued by your GENERAL INSURANCE COMPANY OF AMERICA agent





CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER IN
... LAND CO ... V.W.R.
GRACE & CO. ET AL. NO. 83 CIV.
... (SWK) (S.D.N.Y.)

0021527

MDC 0000231

GEN. INS.
Substitute
Ex 1A

# GENERAL NSURANCE COMPA Y OF AMERICA

HOME OFFICE: 4347 BROOKLYN AVE. N.E. SEATTLE 5, WASHINGTON

(A stock insurance company herein called the company)

AGREES with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and subject to the limits of liability, exclusions, conditions and other terms of this policy:

## INSURING AGREEMENTS

**I. BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**
To pay, subject to provisions of the Limits Plan for which limits of liability are shown on the declarations, on behalf of the insured, all sums which the insured shall become legally obligated to pay as damages because of an occurrence which causes bodily injury, sickness or disease, including death at any time resulting therefrom, (herein called "bodily injury") sustained or alleged to have been sustained by any person or persons, or injury to or destruction of property, (hereinafter called "property damage"); further, to defend any suit against the insured in which such damages are sought, reserving to the company the right to investigate, negotiate and settle any claim or suit as it desires.
Supplementary Payments:
With respect to the insurance afforded under this Insuring Agreement, to pay in addition to the limits of liability:
1. all expenses incurred by the company, all costs against the insured in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or rendered or de-

posited in court that part of the judgment which does not exceed the limit of the company's liability thereon;
2. premiums;
(a) on appeal bonds required in any such suit,
(b) on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy,
(c) not to exceed $250 on each bail bond,
but without any obligation to apply for or furnish any such bonds;
3. expenses incurred by the insured for first aid to others who sustain bodily injury in an occurrence to which this policy applies;
4. all reasonable expenses, other than loss of earnings, incurred by the insured at the company's request.

**II. LOSS OF MONEY AND SECURITIES AND OTHER PROPERTY:**
To pay for any loss sustained by the insured, subject to the provisions of the Supplementary Special Merchandise and Material ... Comprehensive Dishonesty ...

CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER IN
MARYLAND CASUALTY CO. V.W.R.
GRACE & CO. ET AL., NO. 83 CIV.
7451 (SWK) (S.D.N.Y.)

## EXCLUSIONS

This policy does not apply:
(a) (1) to damages because of bodily injury sustained by an employee (except domestic) of the insured arising out of and in the course of his employment, except liability assumed under written contract other than an agreement between the insured and any employee or his representative; or (2) to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;
(b) to the ownership, maintenance, operation, use, loading or unloading of aircraft, except with respect to operations performed by independent contractors;
(c) to property damage:
(1) to property owned, transported by, occupied by or rented to the insured, except damage to a rented residence or private garage caused by a four wheel private passenger, station wagon or jeep type automobile;
(2) to property under bailment to the insured (except injury to or destruction of such property arising out of the use of elevators or escalators or to liability assumed under sidetrack agreements);
(3) to that particular part of any property (i) upon which operations are being performed by or on behalf of the insured, or (ii) out of which such injury or destruction arises;
(4) to any goods, products or containers thereof manufactured, sold, handled or distributed or premises alienated by the named insured, or

work completed by or for the named insured, out of which the occurrence arises;
(d) to damages, because of property damage, due:
(1) to the cost of repairing or replacing any defective goods or products manufactured, sold, handled or distributed by the named insured or defective work completed by or for the named insured;
(2) to the loss of use of any such defective goods or products or completed work, or to damages resulting from the loss of use of such defective goods or products or completed work;
(3) to any loss or damage which is caused by improper or inadequate performance, design or specification, or nonsuitability for its intended purpose, of such goods or products or completed work unless there is actual physical damage to other tangible property, other than physical damage caused or necessitated by the repair or replacement of such goods or products or completed work;
(4) to loss or damage to intangible property, including property rights, unless it results from actual physical damage to tangible property with respect to which insurance is afforded under this policy;
(e) to bodily injury or property damage due to war, whether or not declared, civil war, insurrection, rebellion or revolution or any act or condition incident to any of the foregoing, with respect to (1) liability assumed by the insured under any contract or agreement or (2) expenses under any Supplementary Payments provision;
(f) to bodily injury or property damage caused intentionally by or at the direction of the insured.

## CONDITIONS

**1. Limits of Liability.**
(a) Divided Limits Plan.
(1) The limit of bodily injury liability expressed in the declarations as applicable to "each person" is the limit of the company's liability for all damages arising out of bodily injury to any one person in any one occurrence; the limit of such liability expressed in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of the company's liability for all damages arising out of bodily injury of two or more persons in any one occurrence.
(2) The limit of liability expressed in the declarations as "aggregate products" is the total limit of such company's liability during



any one policy year for all damages caused by the handling or use of or the existence of any condition in goods or products manufactured, sold, handled or distributed by the insured. All such damages arising out of one lot of goods or products prepared or acquired by the insured or by another trading under his name shall be considered as arising out of one occurrence.

(3) The limit of property damage liability expressed in the declarations as applicable to "each occurrence" is the limit of the company's liability for all damages arising out of property damage resulting from any one occurrence whether the property of one or more than one claimant.
(4) The limit of property damage liability expressed in the declarations as "aggregate (other than automobile or products)" is the total limit of the company's liability during any one policy year for all damages arising out of property damage caused as aforesaid whether as the result of one or more than one occurrence. Subject to the limit of liability with respect to "each occurrence" the limit of liability, if any, stated in the declarations as "aggregate" (other than automobile or products) is the total limit for said coverage, but said aggregate limit shall apply separately to each project with respect to operations being performed away from premises owned by or rented to the insured. Aggregate limits of liability as stated in this policy shall apply separately to each annual policy period.
(b) Combined Limits Plan.
The limit of liability under the Combined Limits Plan expressed in the declarations as applicable to "each occurrence" is the total limit of the company's liability under the Bodily Injury Liability and Property Damage Liability coverages combined for all damages as the result of any one occurrence, provided:
(1) with respect to all damages caused by the handling or use of or the existence of any condition in goods or products manufactured, sold, handled or distributed by the insured, such limit of

00215 8

liability shall be the total limit of the company's liability during each annual policy period;
(2) with respect to all damages arising out of property damage, such limit of liability shall be the total limit of the company's liability during each annual policy period as the result of one or more than one occurrence, but said limit of liability shall apply separately to each project with respect to operations being performed away from premises owned by or rented to the insured;
(3) with respect to any occurrence for which the notice of this policy is given in lieu of security, or when this policy is certified as proof of financial responsibility under the provisions of the motor vehicle financial responsibility law of any state or province, such limit of liability shall be applied in accordance with the applicable terms of such law, except that the total limit of liability shall not be reduced.

2. **Policy Period, Territory.** This policy applies to occurrences arising anywhere during the policy period; provided, however, that: (1) resulting claims are asserted within the United States of America, its possessions, or Canada, and (2) it shall apply to suits and judgments for damages resulting therefrom only if suit is commenced in a court in the United States of America, its possessions or in Canada.

3. **Premium.** The premium stated in the declarations is estimated only. Upon the anniversary, termination or cancellation date of this policy, the earned premium shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums. If the earned premium exceeds the estimated advance premium paid, the named insured shall pay the excess; if less, the company shall return the unearned portion paid by such insured. The company may examine and audit the insured's books and records at any time until one year after the final termination of this policy, as far as they relate to the premium bases or the subject matter of this insurance.

4. **Severability of Interests.** The term "the insured" is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

5. **Notice of Claim, Occurrence or Suit.** In the event of an occurrence for which coverage is herein provided, written notice containing all particulars shall be given by or for the insured to the company as soon as practicable. If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

6. **Assistance and Cooperation of the Insured.** The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others who sustain bodily injury in an occurrence.

7. **Action Against Company.** No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial by a court or by written agreement of the insured, the claimant and the company.
Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a codefendant in any action against the insured to determine the insured's liability.

8. **Bankruptcy or Insolvency of the Insured.** Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder.

9. **Subrogation.** In the event of any payment under this policy the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

10. **Cancellation.** This policy may be canceled by the named insured by surrendering the policy to the company or to any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.
If the named insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable thereafter, but payment or tender of unearned premium is not a condition of cancellation.

11. **Assignment.** No assignment of interest under this policy shall bind the company until its consent is endorsed hereon; if, however, the named insured shall die or be adjudged bankrupt or insolvent within the policy period, this policy unless canceled shall, if written notice be given to the company within thirty days after the date of such death or adjudication, cover (1) the named insured's legal representative as the named insured, and (2) subject otherwise to the provisions of the definition of "insured" any person having proper temporary custody of any automobile, as an insured, until the appointment and qualification of such legal representative, but in no event for a period of more than thirty days after the date of such death or adjudication.

12. **Changes.** No notice to any agent or knowledge possessed by any agent or by any other person shall be held to effect a waiver or change in any part of this policy nor estop the company from asserting any right under the terms of this policy, nor shall the terms of this policy be waived or changed except by endorsement issued to form a part hereof, signed by the president and secretary of the company and countersigned by a duly authorized representative of the company.

13. **Other Insurance.** If at the time of an occurrence there is any valid and collectible insurance, whether on a primary, excess or contingent basis, available to the insured (in this or any other carrier), there shall be no insurance afforded hereunder as respects such occurrence; except, that if the applicable limit of liability of this policy is in excess of the applicable limit of liability provided by the other insurance, this policy shall afford excess insurance over and above such other insurance in an amount sufficient to afford the insured a combined limit of liability equal to the applicable limit of liability afforded by this policy. Further, with respect to loss arising out of the operation, maintenance or use of any non-owned automobile or hired automobile the applicable insurance afforded by this policy shall be excess over and above such other available insurance. Insurance under this policy shall not be construed to be concurrent or contributing with any other insurance which is available to the insured.

14. **Financial Responsibility Laws.** Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of automobiles during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy when the policy is written under the Divided Limits Plan.

15. **Liberalization Clause.** If while this policy is in force, or within 45 days prior to the inception date thereof, there be adopted and published for use by this company any forms, endorsements or rules by which this insurance could be extended or broadened without additional premium charge, then, as to loss occurring during the policy period and after the effective date of such adoption and publication, such extended or broadened insurance shall inure to the benefit of the insured hereunder as though such endorsement or substitution of form had been made.

16. **Nuclear Exclusion:** This policy does not apply:
1. to bodily injury or property damage:
(a) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limits of liability; or
(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization;

SUBJECT ... MATERIAL
MARYLAN... ORDER IN
GRACE ... CO. V. W.R.
7451 ... NO. 83 CIV.

**COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:**

| | | Coverage | Class or Code | Old Premium | New Premium | Difference | Pro Rata or Short Rate Per Cent | Addl. or Return |
|---|---|---|---|---|---|---|---|---|
| Insured | | | | | | | | |
| Endorsement Effective | MDC 0000233 | | | | | | | |

BLP 24 51 1

No 24 51 15

## GENERAL INSURANCE COMPANY OF AMERICA

Home Office: 4347 Brooklyn Ave. N.E., Seattle 5, Washington (A Stock Insurance Company)

**Blanket Liability Poli[cy] Declarations**

Item 1. Named Insured and Address (Number, Street, Town, County, State, Zone or Zip Code)

VERMICULITE NORTHWEST, INC.
912 ELLIOTT AVENUE WEST
SEATTLE, KING COUNTY, WASHINGTON

GPP ACCOUNT NO.

Insured is ☐ Individual ☐ Partnership ☒ Corporation ☐ ________ (other)

Business of the named insured is SOUND CONDITIONING

Item 2. Policy Period From: JUNE 1, 1964 To: JUNE 1, 1965 — 12:01 A.M., Standard Time, at the address of the insured as stated here[in]

Item 3. Limits of Liability. No insurance is afforded under any insuring agreement unless specific limits of liability as to such ins[ur]ing agreement are set forth below: The limit of the company's liability on account of each such coverage shall be as stated herein, s[ub]ject to all of the terms of the policy or supplement attached having reference thereto.

| Insuring Agreements | | Limits of Liability |
|---|---|---|
| I. Bodily Injury and Property Damage Liability | | |
| A. Divided Limits Plan — (1) Bodily Injury Liability | each person | $ 300,000. |
| | each occurrence | $ 1,000,000. |
| | aggregate products | $ 1,000,000. |
| (2) Property Damage Liability | each occurrence | $ SEE END. |
| | aggregate (other than Automobile or Products) | $ 250,000. |
| | aggregate products | $ 250,000. |
| B. Combined Limits Plan | each occurrence | $ |
| II. Loss of Money and Securities and Other Property | | |
| II (a) Loss Within Premises | | $ 1,000. |
| II (b) Loss Outside Premises | | $ 1,000. |
| II (c) Safe Burglary | | $ 1,000. |
| II (d) Merchandise Burglary | | $ |
| ____ % (Co-insurance Per cent) $ ____ (Co-insurance Limit) | | |
| II (e) Loss Through Dishonesty of Employees — ☐ Option A — ☐ Option B | | $ |
| II (f) Money Orders and Counterfeit Paper Currency | | $ |
| II (g) Depositors Forgery | | $ |
| II (h) Burglary (not exceeding $50.00) | | $ |

*Initial deposit premium $ 1,[illegible]

*The initial deposit premium, subject to audit, is for the ☒ full term of the policy ☐ first year deposit premium only

CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO [illegible] ORDER IN MARYLAND CASUALTY CO. V. W.R. GRACE & CO., ET AL., NO. 83 CIV. 7451 (SWK) (S.D.N.Y.)

[signature]
Authorized Representative
PARKER, SMITH & FEEK, INC.

C-10 R15 3/64 DECLARATIONS 0021529

MDC 0000234

GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA

INSURANCE

IN CONSIDERATION OF THE PREMIUM AT WHICH THIS POLICY IS WRITTEN, IT IS UNDERSTOOD AND AGREED THAT J.S. LYALL AND ESTHER L/ LYALL ARE ADDED AS ADDITIONAL INSUREDS AS RESPECTS THE PREMISE LEASED FROM THEM BY VERMICULITE NORTHWEST, INC. LOTS 1-2-3-4-5-6, BLOCK 23, CHAMBERLAINS ADDITION, SPOKANE, WASHINGTON.

CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER IN
MARYLAND  CASUALTY  CO.  V.W.R.
GRACE & CO. ET AL, NO. 83 CIV.
7451 (SWK) (S.D.N.Y.)

All terms and conditions of the policy, issued by either General Insurance Company of America or First National Insurance Company of America, remain unchanged except as amended by this endorsement.

*[signature]* SECRETARY                    *[signature]* PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

| INSURED | VERMICULITE NORTHWEST, INC. | | COVER-AGE | CLASS OR CODE | OLD PREMIUM | NEW PREMIUM | COVER-AGE | ADD OR RETURN RATE PER CENT | ADDL OR RETURN |
|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | 6/1/66 | for the term of the day stated in the policy | | | | | | | |
| POLICY NUMBER | HLP 245115 | BRANCH OFFICE | | | | | | | |
| POLICY EXP. DATE | 6/1/65 | NEW AGENT NUMBER | | | | | | | |
| ENDORSEMENT NUMBER | 1 | TYPED DATE | 6/22/66 | | | | | | |
| | | | | | | | TOTAL | | |

RESIDENT LICENSED AGENT

G-1041 NY 8/63    BAKER, SMITH & FELL, INC.    *[signature]*    TL.    0021519

MDC .0000235

**EXCLUSION OF BROAD FORM AND OCCURRENCE PROPERTY DAMAGE – OTHER THAN AUTOMOBILE.**

IT IS AGREED THAT:

(1) THE WORD "OCCURRENCE" WHENEVER USED IN THIS POLICY WITH RESPECTS TO "PROPERTY DAMAGE OTHER THAN AUTOMOBILE" IS DELETED AND REPLACED BY THE WORD "ACCIDENT"

(2) "ACCIDENT" MEANS A SUDDEN, UNEXPECTED EVENT IDENTIFIABLE IN TIME AND PLACE WHICH CAUSES PROPERTY DAMAGE DURING THE POLICY PERIOD RESULTING FROM ACTS OR OMISSIONS BY THE INSURED WHICH WOULD NOT BE INTENDED NOR WITH REASONABLE CERTAINTY BE EXPECTED BY THE INSURED TO PRODUCE INJURY.

(3) PARAGRAPHS 2 AND 3 OF EXCLUSION C ARE DELETED AND REPLACED BY THE FOLLOWING:

"PROPERTY USED BY OR IN THE CARE, CUSTODY OR CONTROL OF THE INSURED OR PROPERTY AS TO WHICH THE INSURED FOR ANY PURPOSE IS EXERCISING PHYSICAL CONTROL EXCEPT SUCH PROPERTY IN THE CARE, CUSTODY OR CONTROL OF THE INSURED WITH RESPECT TO THE USE OF ELEVATORS AS DEFINED IN THE POLICY, OR TO LIABILITY ASSUMED UNDER SIDE-TRACK AGREEMENT.

All terms and conditions of the policy, issued by either General Insurance Company of America or First National Insurance Company of America, remain unchanged except as amended by this endorsement.

*a. D. Merritt* SECRETARY          *W. L. Campbell* PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

| INSURED | | | DIFFER-ENCE | CLASS OR CODE | OLD PREMIUM | NEW PREMIUM | DIFFER-ENCE | FEE OR SHORT RATE PER CENT | ADDL. OR RETURN |
|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | | (at the hour of day stated in the policy) | | | | | | | |
| POLICY NUMBER | | SERVICE OFFICE | | | | | | | |
| POLICY END DATE | | EXP. DATE | | | | | | | |
| END DATE | | ISSUED DATE | | | | | | | |
| ENDORSEMENT NUMBER | | DATE | | | | | | | |
| | | | | | TOTAL | | | RR | |



*Edw. O. Feehl*
PARKER, SMITH & FEEK INC.

G-2080 REV 6/68          PRINTED IN U.S.A.



CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER IN
MARYLAND CASUALTY CO. V.W.R.
GRACE & CO. ET AL, NO. 83 CIV.
7451 (SWK) (S.D.N.Y.)

0021591

MDC 0000236

automobile involved in the accident, a copy of the process and complaint or other process served in connection with an legal action shall be forwarded immediately to the company by the insured or his legal representative.

6. **Limits of Liability.** (a) The limit of the company's liability under this endorsement shall be the limit of bodily injury liability required by the motor vehicle financial responsibility law of the state of residence, as shown on the declarations:

(b) Any amounts payable under the terms of this endorsement because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by

   (1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under Bodily Injury Liability Coverage of the policy, and

   (2) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen compensation law, disability benefits law or any similar law.

(c) Any amount payable under this endorsement to or for any insured shall be applied in reduction of the amount of damages which he may be entitled to recover from any person named under the Bodily Injury Liability Coverage of the policy.

(d) The company shall not be obligated to pay under this coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services payable under the medical payments coverage of the policy.

7. **Other Insurance.** With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and then insurance shall then apply as in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

8. **Arbitration.** If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.

9. **Trust Agreement.** In the event of payment to any person under this endorsement:

(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this endorsement;

(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, in such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;

(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision.

10. **Payment of Loss by the Company.** Any amount due hereunder is payable (a) to the insured, or (b) if the insured be a minor to his parent or guardian, (c) if the insured be deceased to his surviving spouse, otherwise (d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents; provided the company may at its option pay any amount due hereunder in accordance with division (d) hereof.

11. **Action Against Company.** No action shall lie against the company unless, as a condition precedent thereto, the insured or his legal representative has fully complied with all the terms of this endorsement.



SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA

**Damages For Bodily Injury Caused By Uninsured Automobiles**

**SCHEDULE:**

Designation of named insured for purposes of this endorsement, if other than the named insured stated in the policy, as provided in Insuring Agreement 2(a):

Premium included unless indicated $ **INCLUDED**

Description of Insured Automobiles:

Any automobile designated in the declarations of the policy and an automobile ownership of which is acquired during the policy period by the principal named insured as a replacement thereof unless otherwise indicated herein:

Check appropriate box
☐ Any automobile owned by the principal named insured
☒ Any private passenger type automobile owned by the principal named insured
☐ Any automobile to which are attached Dealer's Automobile Registration Plates issued in the name of the principal named insured

In consideration of the payment of the premium for this endorsement and subject to all of the terms of this endorsement and the applicable terms of the policy, the company agrees with the named insured as follows:

**INSURING AGREEMENTS**

1. **Damages for Bodily Injury Caused by Uninsured Automobiles**

To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

(continued on reverse)

This endorsement is executed by the company stated in the declarations, being SAFECO Insurance Company of America, General Insurance Company of America or First National Insurance Company of America.

**00 15 2**

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

A-1129 5/63    **Damages For Bodily Injury Caused By Uninsured Automobiles**



No judgment against any person or organization alleged ... to legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the ... liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.

**2. Definitions**

(a) "insured" means:

(1) the named insured as stated in the policy (herein also referred to as the "principal named insured") and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either;

(2) any other person while occupying an "insured automobile"; and

(3) any person, with respect to damages he is entitled to recover because of bodily injury to which this endorsement applies sustained by an insured under (1) or (2) above.

The insurance applies separately with respect to each insured, but the application of the insurance to more than one insured shall not operate to increase the limits of the company's liability.

(b) "insured automobile" means an automobile:

(1) described in the schedule as an insured automobile to which the bodily injury liability coverage of the policy applies;

(2) while temporarily used as a substitute for an insured automobile as described in subparagraph (1) above, when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

(3) while being operated by a named insured or by his spouse if a resident of the same household;

but the term "insured automobile" shall not include:

(i) an automobile while used as a public or livery conveyance;

(ii) an automobile while being used without the permission of the owner;

(iii) under subparagraphs (2) and (3) above, an automobile owned by the principal named insured or by any named insured designated in the schedule or by any resident of the same household as such insured; or

(iv) under subparagraphs (2) and (3) above, an automobile furnished for the regular use of the principal named insured or any resident of the same household.

(c) "uninsured automobile" means:

(1) an automobile with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder; or

(2) a hit-and-run automobile; or

but the term "uninsured automobile" shall not include:

(i) an insured automobile;

(ii) an automobile which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law,

(iii) an automobile which is owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing,

(iv) a land motor vehicle or trailer if operated on rails or crawler-treads or while located for use as a residence or premises and not as a vehicle, or

(v) a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads.

(d) "hit-and-run automobile" means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or owner of such "hit-and-run automobile"; (2) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof, and (3) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident.

(e) Occupying. The word "occupying" means in or upon or entering into or alighting from.

(f) State. The word "state" includes the District of Columbia, a territory or possession of the United States, and a province of Canada.

**3. Policy Period, Territory**

This endorsement applies only to accidents which occur on and after the effective date hereof, during the policy period and within the United States of America, its territories or possessions, or Canada.

<center>EXCLUSIONS</center>

This endorsement does not apply:

(a) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this endorsement shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;

(b) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in the same household, or through being struck by such an automobile, but this exclusion does not apply to the principal named insured or his relatives while occupying or if struck by an automobile owned by an insured named in the schedule or his relatives;

(c) so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law.

<center>CONDITIONS</center>

<center>**0021533**</center>

1. **Policy Provisions.** None of the Insuring Agreements, Exclusions or Conditions of the policy shall apply to the insurance afforded by this endorsement except the Conditions "Notice" or "Notice of Accident," "Changes," "Assignment," "Cancellation" and "Declarations."

2. **Premium.** If during the policy period the number of insured automobiles owned by the principal named insured or spouse or the number of dealer's license plates issued to the principal named insured changes, such named insured shall notify the company during the policy period of any change and the premium shall be adjusted in accordance with the manuals in use by the company. If the earned premium thus computed exceeds the advance premium paid, such named insured shall pay the excess to the company; if less, the company shall return to such named insured the unearned portion paid by such insured.

3. **Proof of Claim; Medical Reports.** As soon as practicable, the insured or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder. The insured and every other person making claim hereunder shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim.

The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records.

4. **Assistance and Cooperation of the Insured.** After notice of claim under this endorsement, the company may require the insured to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the bodily injury; and in any action against the company, the company



CONTAINS CONFIDENTIAL MATERIAL
SUBJECT ... TIVE ORDER IN
...TY CO. V.W.R.
GR... ... ...
7651 ... (GRANT) NO. 83 CIV.

**SAFECO·LIFECO·GENERAL**
**INSURANCE**

═ GENERAL INSURANCE COMPANY OF AMERICA ═

*Change Of Limits*

In consideration of the ☐ additional ☐ return premium of $  **INCLUDED**  , it is agreed that the limits of liability are changed to the following amounts:

**LIMITS OF LIABILITY**

|  |  | One person | $ |  |
|---|---|---|---|---|
| **BODILY INJURY LIABILITY** |  | More than one person | $ |  |
|  |  | Products Aggregate | $ |  |
|  |  |  |  |  |
| **PROPERTY DAMAGE LIABILITY** |  | Automobile only | $ | 100,000. |
|  |  | Other than automobile | $ | 250,000. |
|  |  | Aggregate (not automobile) | $ | 250,000. |
|  |  |  |  |  |
|  |  | Employees — each employee | $ |  |
|  |  | Automobile — each person | $ |  |
| **MEDICAL PAYMENTS** |  | Personal — each person | $ |  |
|  |  | — each accident | $ |  |
|  |  | Business — each person | $ |  |
|  |  | — each accident | $ |  |

CONTAINS CO... OF ... MATERIAL
SUBJECT TO ... ORDER IN
MARKED C... N CO. V.W.R.
GRACE & CO., ET AL., NO. 83 CIV.
7451 (SWK) (S.D.N.Y.)

*Geo. O. Pell*
(Signature of Insured (required only when limits are decreased))

**CONDITIONS:** This endorsement does not affect or afford any coverages not previously provided under the policy.

All terms and conditions of the policy, issued by General Insurance Company of America, remain unchanged except as amended by this endorsement.

*a. D. Merritt* SECRETARY.            *W. L. Campbell* PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

| INSURED |  |  |  | COVERAGE | CLASS OR CODE | OLD PREMIUM | NEW PREMIUM | DIFFERENCE | PRO RATA SHORT RATE PER CENT | ADDL. OR RETURN |
|---|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE |  | (at the hour of day stated in the policy) |  |  |  |  |  |  |  |  |
| POLICY NUMBER |  | OFFICE STAMP |  |  |  |  |  |  |  |  |
| POLICY EXP. DATE |  | NEW ACCT. NUMBER |  |  |  |  |  |  |  |  |
| ENDORSEMENT NUMBER |  | TYPING DATE |  |  |  |  |  |  |  |  |
|  |  |  |  | TOTAL |  |  |  |  | XX |  |

RESIDENT LICENSED AGENT
**PARKER, SMITH & FEEK, INC.**

C-148  R9  7-61            *Change of Limits*            00215

MDC 0000239



**GENERAL INSURANCE COMPANY OF AMERICA**

*Special Burglary and Robbery Supplement*

*(For attachment to Blanket Liability Policy — Profile BLP)*

GENERAL INSURANCE COMPANY OF AMERICA agrees with the named insured, as provided and limited herein and in the policy to which this supplement is attached, to pay:

## INSURING AGREEMENTS

**II. (a) LOSS WITHIN PREMISES.** For loss of money, securities and other property by robbery within the premises.

**II. (b) LOSS OUTSIDE PREMISES.**
(1) To pay for loss of money, securities and other property by robbery outside the premises while being conveyed by a messenger, or by theft within a night depository in a bank;
(2) To pay for loss of money and securities by theft within the living quarters in the home of a messenger.

**II. (c) SAFE BURGLARY.** For loss of money, securities and other property from within the premises, by safe burglary, or attempt thereat.

**II. (d) MERCHANDISE BURGLARY.** For loss of merchandise, furniture, fixtures and equipment, by burglary or by robbery of a watchman, while the premises are not open for business, from within the premises, showcase or show window.

**II. (h) BURGLARY.** For loss of money and securities, not exceeding $50, by burglary within the premises.

## EXCLUSIONS

This supplement does not apply:

(a) to loss due to any fraudulent, dishonest or criminal act by any insured or a partner therein, whether acting alone or in collusion with others;

(b) to loss due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

(c) to loss of manuscripts, records or accounts;

(d) under Insuring Agreement II (d), to loss occurring during a fire in the premises;

(e) to loss due to nuclear reaction, nuclear radiation or radioactive contamination, or any act or condition incident to any of the foregoing.

CONTAINS CONFIDENTIAL MATERIA
SUBJECT ... ...
MAP ... ... CO. V. W. R
GRACE & CO. ET AL., NO. 83 CIV
7451 (SWK) (S.D.N.Y.)

## CONDITIONS

1. **Policy Period.** This supplement applies only to loss which occurs during the policy period.

2. **Definitions.**

(a) "**Burglary**" includes an attempt thereat and means (1) the felonious abstraction of property from within the premises, by any person or persons making felonious entry therein by actual force as evidenced by visible marks to the exterior of such premises.

(b) "**Safe Burglary**" means (1) the felonious abstraction of insured property from within a vault or safe, the door of which is equipped with a combination lock, located within the premises, by a person making felonious entry into such vault or safe and any vault containing the safe, when all doors thereof are duly closed and locked by all combination locks thereon, provided such entry shall be made by actual force and violence, of which force and violence there are visible marks upon the exterior of such vault or safe and any vault containing the safe, or (2) the felonious abstraction of such safe from within the premises.

(c) "**Messenger**" means the insured or an officer, partner or employee thereof, duly authorized to have the care and custody of insured property outside the premises.

(d) "**Custodian**" means the insured, or an officer, partner or employee thereof, duly authorized to have the care and custody of insured property within the premises, except a watchman, porter or janitor.

(e) "**Loss**" except as used in Insuring Agreement II (h), includes damage to (1) property insured, (2) furniture, fixtures and equipment in the premises, (3) the premises, or the exterior of the premises, if the insured is the owner thereof or is liable for such damage.

(f) "**Money**" means currency, coin, bank notes or bullion; and travelers' checks, register checks and money orders held for sale to the public.

(g) "**Premises**" means the interior of that portion of any building which is occupied in whole or in part by the insured in conducting its business, but as respects Insuring Agreement II (d) shall exclude public entrances, halls or stairways.

(h) "**Robbery**" includes an attempt thereat and means the taking of insured property (1) by violence inflicted upon a messenger or custodian; (2) by putting him in fear of violence; (3) by any other overt felonious act committed in his presence and of which he was actually cognizant, provided such act is not committed by an officer, partner or employee of the insured; (4) from the person or direct care and custody of a messenger or custodian, who has been killed or rendered unconscious; (5) under Insuring Agreement II (a), (i) from within the premises by means of compelling a messenger or custodian by violence or threat of violence while outside the premises to admit a person into the premises or to furnish him with a means of ingress into the premises, or (ii) from a showcase or show window within the premises while open for business, by a person who has broken the glass from outside the premises.

(See reverse side for other provisions)

00215 5

MDC 0000240

(a) "Robbery of a Watchman" means the taking of insured property by violence or threat of violence inflicted upon a watchman while on duty within the premises.

(i) "Securities" means all negotiable and nonnegotiable instruments, or contracts representing money or other property and includes revenue and other stamps in current use, tokens and tickets, but does not include money.

(k) "Jewelry" means jewelry, watches, gems, precious or semiprecious stones and articles containing one or more gems.

3. **Ownership of Property, Interest Covered, Books and Records.** The insured property may be owned by the insured, or held by the insured in any capacity whether or not the insured is liable for the loss thereof, or may be property as respects which the insured is legally liable; provided, the insurance applies only to the interest of the insured in such property, including the insured's liability to others, and does not apply to the interest of any other person or organization in any of said property unless included in the insured's proof of loss. The insured shall keep records of all the insured property in such manner that the company can accurately determine the amount of loss.

4. **Limits – Insuring Agreement II (d).** The company's liability for loss shall be limited to: (1) $50 for any one article of jewelry; (2) $100 for the contents of any showcase or show window not within 30 ft. of the premises.

5. **Inspection.** The company shall be permitted to inspect the premises and may require the insured to make the premises reasonably secure.

6. **Insured's Duties When Loss Occurs.** The insured upon knowledge of loss shall:

(a) give notice thereof as soon as practicable to the company or any of its authorized agents and also to the police;

(b) file detailed proof of loss, duly sworn to, within four months after the discovery of loss.

Upon request of the company (1) the insured shall furnish a complete inventory of the property stolen or damaged, stating the original cost and actual cash value and quantity thereof, and (2) the insured and every claimant shall submit to examination by the company, subscribe the same, under oath if required, and produce for examination all pertinent records at such reasonable times and places as the company shall designate, and shall cooperate with the company in all matters pertaining to loss or claims with respect thereto.

7. **Action Against Company.** No suit shall be brought until ninety days after proof as required herein, has been furnished, nor at all unless commenced within two years (five years in Kansas and Nebraska) from the date upon which the loss or damage occurred.

8. **Coinsurance.** Under Insuring Agreement II (d), the company shall not be liable for a greater proportion of a loss of merchandise, exclusive of jewelry and of property held by the insured as a pledge or as collateral, than the amount of insurance stated in Insuring Agreement II (d) of the Declarations bears to (a) the coinsurance percentage stated in the Declarations, of the actual cash value of all such merchandise contained within the premises at time of loss, or (b) the coinsurance limit stated in the Declarations, whichever is less.

9. **Payment of Loss, Settlement Options.** The company shall not be liable for more than the actual cash value of the property at the time of loss, nor for more than the actual cost of repairing or replacing such property, nor with respect to any article (except securities) held by the insured as a pledge, loan or as collateral for an advance or loan, for more than the value as determined and recorded by the insured when making the advance or loan, and in the absence of such record, the company's liability shall be limited to the unpaid portion of the advance or loan plus interest accrued thereon at legal rates, nor the applicable amount stated in the declarations. The company may pay for the loss in money or repair or replace the property and may settle any claim for loss of property either with the insured or the owner thereof. Any property so paid for or replaced shall become the property of the company. The insured or the company upon recovery of any such property shall give notice thereof as soon as practicable to the other. Any indemnity paid shall not reduce the amount of insurance applicable to the loss. Application of insurance to property or more than one person shall not operate to increase the limit of the company's liability.

10. **Other Insurance.** If there is any other valid and collectible insurance which would apply in the absence of this policy, the insurance under this policy shall apply only as excess insurance over such other insurance; provided, the insurance shall not apply to property otherwise insured unless such property is owned by the insured.

11. **Assignment.** No interest in this supplement is assignable until the company's consent is endorsed hereon. If the named insured dies or is adjudged bankrupt or insolvent and written notice gives the company within sixty days thereafter, this supplement unless canceled shall cover the named insured's legal representative as the named insured.

12. **Extension of Coverage.** If coverage provided by this supplement replaces a similar coverage of a policy expiring on the effective date of this supplement, then coverage hereunder shall be effective as of the expiration time of the policy so replaced. If the coverage provided by this supplement is replaced by a similar coverage of a policy effective on the date of expiration or cancellation of this supplement, then coverage hereunder is extended to the effective time of the replacing policy.

13. **Policy Provisions.** None of the insuring agreements, exclusions or conditions of the policy to which this supplement is attached, shall apply to the insurance afforded by this supplement, except "Premium," "Liberalization Clause," "Subrogation," "Changes," and "Cancellation."

14. **Statutory Provisions.** Such terms as are in conflict with statutes of the state in which this supplement is issued are hereby amended to conform.

IN WITNESS WHEREOF, GENERAL INSURANCE COMPANY OF AMERICA has caused this supplement to be signed by its president and secretary, at Seattle, Washington, and countersigned by a duly authorized agent of the company.

_ad merritt_ SECRETARY                    _W. L. Campbell_ PRESIDENT

CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO ... VE ORDER IN
MARYLAN ... V.W.R.
GRAC ... CIV,
7451 ...

0021536

MDC 0000241



**INSURANCE**

GENERAL INSURANCE COMPANY OF AMERICA

Stop-Gap Employers Liability Endorsement

In consideration of the premium herein provided, it is agreed that this policy shall cover the legal liability of the insured for such bodily injury, disease, or death of any employee of the insured who sustains an injury which arises out of and in the course of his employment, provided such employee is reported and declared under the workmen's compensation fund of the State(s) of **WASHINGTON & OREGON**

The company's liability under this endorsement on account of bodily injury, disease, or death of one person, including damages for care and loss of services, as the result of one occurrence, is limited to the sum of ............................................ $ 300,000. and, subject to the same limit for each person, the company's total liability for bodily injury, disease, or death as a result of one occurrence is limited to the sum of ......... $ 1,000,000.

The insurance granted by this endorsement shall not apply to:

(a) any premium, assessment, penalty, fine, benefits, or other obligation imposed by any workmen's compensation, unemployment compensation or disability benefits law or under any similar law;

(b) bodily injury, disease or death suffered or caused by any person knowingly employed by the insured in violation of any law as to age, or under the age of 14 years regardless of any such law;

(c) bodily injury, disease or death suffered by any employee whose remuneration has not been included in the total remuneration upon which premium for this endorsement is based;

(d) aircraft operation or the performance of any duty in connection with aircraft while in flight;

(e) any claim for bodily injury, disease, or death with respect to which the insured is deprived of any defense or defenses or is otherwise subject to penalty because of default in premium payment under, or any other failure to comply with the provisions of any workmen's compensation law;

(f) any liability assumed by the insured under any contract or agreement;

(g) any injury sustained because of any act committed intentionally by or at the direction of the named insured and, if the named insured is a corporation or partnership, by any executive officer, director, stockholder or partner thereof.

Exclusions (a) and (g) shall not exclude coverage for the legal liability of the insured, other than benefits or compensation provided for under any workmen's compensation act, resulting from the deliberate intentional act of an employee or agent (other than an executive officer, director, stockholder or partner) to produce injury or death to another employee when such act is committed within the scope of employment.

The premium for this endorsement shall be computed upon the remuneration of all employees reported under the workmen's compensation law of the State(s) above named.

CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER IN MARYLAND CASUALTY CO. V.W.R. GRACE & CO. ET AL., NO. 83 CIV. 7451 (SWK) (S.D.N.Y.)

All terms and conditions of the policy, issued by General Insurance Company of America, remain unchanged except as amended by this endorsement.

*a. D. Merritt* SECRETARY                    *W. L. Campbell* PRESIDENT

**COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:**

| INSURED | | OCCUPA-TION | CLASS OR CODE | OLD PREMIUM | NEW PREMIUM | DIFFER-ENCE | PRO RATA OR SHORT RATE PER CENT | ADDL OR RETURN |
|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | (at the hour of day stated in the policy) | | | | | | | |
| POLICY NUMBER | | | | | | | | |
| POLICY EXP. DATE | APP ANNIV DATE | | | | | | | |
| ENDORSEMENT NUMBER | | | | | | | | |
| | | | TOTAL | | | EX | | |

*Edw. O. Feek* COUNTERSIGNED LICENSED AGENT

**PARKER, SMITH & FEEK, INC.**
Stop-Gap Employers Liability Endorsement

0021537

C-63 R5 11-61



GENERAL INSURANCE COMPANY OF AMERICA

**Automobile Medical Payments Endorsement**
**Applicable only to Blanket Liability Policy (Prefix BLP)**

Limit of Liability $  1,000.          each person          Premium $   **INCLUDED**
As used in this endorsement, the term "Named Insured" refers to and includes only

### VERMICULITE NORTHWEST, INC.

(Type Named Insureds Above)

In consideration of the premium for which this policy is written, the company agrees with the named insured subject to the limits of liability, exclusions, conditions and other terms of this endorsement and to the applicable terms of the policy:

☐ includes coverage for any automobile

I  That this endorsement  ☒ excludes coverage for any automobile, not of the private passenger type

☐ excludes coverage for any automobile, not of the private passenger or utility type

owned by the named insured or spouse or used in the business or occupation of the named insured or spouse, except:

a.

b.

c.

d.

CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER IN
MARYLAND CASUALTY CO. V.W.R.
GRACE & CO. ET AL, NO. 83 CIV.
7451 (SWK) (S.D.N.Y.)

II  **Medical Payments**

To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, dental, surgical, X-ray, ambulance, hospital, professional nursing and funeral services, pharmaceuticals, eyeglasses and prosthetic devices:

**Division 1.** To or for the named insured, if an individual and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," caused by accident, while occupying or through being struck by an automobile.

**Division 2.** To or for any other person who sustains bodily injury, caused by accident, while occupying

(a) the owned automobile, while it is being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; or

(b) a non-owned automobile:
   (1) if the named insured is an individual, if the bodily injury results from (i) its operation or occupancy by the named insured or its operation on his behalf by his private chauffeur or domestic servant or (ii) its operation or occupancy by a relative, provided it is a private passenger automobile or trailer.
   (2) if the named insured is a corporation or partnership, provided it is a temporary substitute automobile.

All terms and conditions of the policy, issued by General Insurance Company of America, remain unchanged except as amended by this endorsement.

*a. d. merritt*  SECRETARY                    *W. L. Campbell*  PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

| INSURED | | | | COVERAGE | CLASS OR CODE | OLD PREMIUM | NEW PREMIUM | DIFFERENCE | ODD OR SHORT RATE PER CENT | ADDL. OR RETURN |
|---|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | | (or the hour of day stated in the policy) | | | | | | | | |
| POLICY NUMBER | | SERVING OFFICE | | | | | | | | |
| POLICY EXP. DATE | | DIFF AGENT NUMBER | | | | | | | | |
| ENDORSEMENT NUMBER | | TYPING DATE | | | | | | | | |
| | | | TOTAL | | | | | | | |

*Glen O. Peed*
RESIDENT LICENSED AGENT
PARKER, SMITH & FEEK, INC.

A-412 R9 4/62          Automobile Medical Payments Endorsement

MDC 0000243

**III Definitions**

In addition to the policy definitions, the following apply:

"automobile business" means the business or occupation of selling, repairing, servicing, storing or parking automobiles;

"non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile; provided, however, that a private passenger or utility automobile or trailer owned by a relative shall be considered a "non-owned automobile" while being operated by the named insured;

"occupying" means in or upon or entering into or alighting from;

"private passenger automobile" means a four wheel private passenger, station wagon or jeep type automobile;

"relative" means a relative of the named insured who is a resident of the same household;

"temporary substitute automobile" means any automobile or trailer not owned by the named insured while temporarily used as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

"trailer" means a trailer designed for use with a private passenger automobile, if not used for business purposes with another type automobile and if not a home, office, store, display or passenger trailer;

"utility automobile" means an automobile with a load capacity of fifteen hundred pounds or less of the pickup body, sedan delivery or panel truck type.

**IV Exclusions**

This endorsement does not apply to bodily injury:

(a) sustained while occupying (1) an owned automobile while used as a public or livery conveyance, or (2) any vehicle while located for use as a residence or premises;

(b) sustained by (1) the named insured while occupying a self propelled vehicle owned by or furnished for the regular use of the named insured, other than an automobile which is covered for liability under the policy to which this supplement is attached, (2) a relative while occupying a self propelled vehicle owned by or furnished for the regular use of the named insured or any relative, other than an automobile which is covered for liability under the policy to which this supplement is attached, or (3) the named insured or a relative while occupying or through being struck by (i) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads, or (ii) a vehicle operated on rails or crawler treads;

(c) sustained by any person other than the named insured or a relative, resulting from use of (1) a non-owned automobile in the automobile business or as a public or livery conveyance, or (2) a non-owned automobile in any other business or occupation, except operation or occupancy of a utility automobile not used for wholesale or retail delivery purposes or a private passenger automobile by the named insured or by his private chauffeur or domestic servant, or of a trailer used therewith or with an automobile which is covered for liability under the policy to which this supplement is attached;

(d) sustained by any person who is employed in the automobile business, if the accident arises out of the operation thereof and if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

(e) due to war;

(f) under Division 2 of Medical Payments, if occupying other than an individually owned automobile, of (1) any person to or for whom benefits are payable under any workmen's compensation law because of such injury or death, or (2) any employee of the insured while engaged in the employment, other than domestic, of the insured, or in domestic employment if benefits therefor are payable or required to be provided under any workmen's compensation law.

**V Limit of Liability**

The limit of liability for medical payments stated in this endorsement as applicable to "each person" is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident.

**VI Conditions**

1. Policy Provisions. None of the insuring agreements, exclusions or conditions of the policy shall apply to the insurance afforded by this endorsement except "Policy Period," "Territory," "Premium," "Inspection and Audit," "Definitions," "Notice of Occurrence, Claim or Suit," "Change," "Assignment," and "Cancellation."

2. Medical Reports; Proof and Payment of Claim. As soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim, under oath if required, and shall, after each request from the company, execute authorization to enable the company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require.

The company may pay the injured person or any person or organization rendering the services and such payment shall shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute an admission of liability of any person or, except hereunder, of the company.

3. Other Insurance. If an insured has other automobile medical payments insurance against a loss covered by this endorsement, there shall be no insurance afforded, except that if the limit of liability of this endorsement is in excess of the limit provided by the other insurance, this endorsement shall afford excess insurance over and above such other insurance to the limit of liability afforded by this endorsement. With respect to non-owned automobiles or a temporary substitute automobile insurance is afforded to the full limit of coverage provided in this endorsement on an excess basis.

4. Action Against Company. No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this insurance.

CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER IN MARYLAND CASUALTY CO. V. W.R. GRACE & CO., ET AL, NO. 83 CIV 7451 (JMW) (S.D.N.Y.)

0021539

Form No. MP-044

# OREGON PUBLIC UTILITIES COMMISSIONER

## ENDORSEMENT FOR MOTOR CARRIER POLICIES OF INSURANCE FOR BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY — AUTOMATIC COVERAGE

The policy to which this endorsement is attached is an automobile Bodily Injury Liability and Property Damage Liability policy, and is hereby amended to assure compliance by the named insured, as a motor carrier of passengers or property with appropriate provisions of the Motor Transportation Code of Oregon, as amended, and the pertinent rules and regulations of the Public Utilities Commissioner of Oregon, promulgated in accordance with the provisions of the Motor Transportation Code of Oregon.

In consideration of the premium named in the policy to which this endorsement is attached, or becomes a part, when duly countersigned, the company hereby agrees to pay any final judgment recovered against the named insured for Bodily Injury to or the death of any persons or loss of or damage to property of others (excluding injury to or death of the named insured's employees while engaged in the course of their employment, and loss of or damage to property owned or operated by or in the care, custody or casual of the named insured, and property transported by the named insured, designated as cargo, and to any obligation for which the named insured may be held liable under any Workmen's Compensation Law), resulting from the negligent operation, maintenance, ownership, or use of motor vehicles under permit issued to the named insured by the Public Utilities Commissioner of Oregon, or otherwise under the Oregon Motor Transportation Code, within the limits of liability hereinafter provided, regardless of whether such motor vehicles are specifically described in the policy or not. It is understood and agreed that upon failure of the company to pay any such final judgment recovered against the named insured, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment. The bankruptcy or insolvency of the named insured shall not relieve the company of any of its obligations hereunder. The liability of the company extends to such losses, damages, injuries, or deaths whether occurring on the route or in the territory authorized to be served by the named insured or elsewhere, within the State of Oregon, but as respects this endorsement only while operating under the provisions of the Motor Transportation Code of Oregon.

The liability of the company on each motor vehicle for the following limits shall be a continuing one notwithstanding any recovery hereunder, in the following minimum amounts:

| TYPE OF MOTOR VEHICLE | BODILY INJURY LIABILITY | | PROPERTY DAMAGE LIABILITY |
|---|---|---|---|
| | Limit for Each Person | Limit for Each Accident | Limit for Each Accident |
| Each motor vehicle authorized for use in the transportation of property or persons | $10,000 | $20,000 | $5,000 |

In the event the policy to which this endorsement is attached is issued for limits greater than those prescribed herein, the terms and conditions of this endorsement shall apply only to the minimum limits set forth in this endorsement.

Nothing contained in the policy or any endorsement thereon, nor the violation of any of the provisions of the policy or of any endorsement thereon by the named insured, shall relieve the company from liability hereunder or from the payment of any such final judgment, but as respects any equipment of the named insured while being operated by others under an interchange of equipment agreement or requirement, the insurance afforded by this policy shall be excess over any other valid and collectible insurance available to the named insured.

The named insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy, except for the agreement contained in this endorsement.

Cancellation of this endorsement or of the policy to which it is attached may be effected by the company or the named insured giving not less than 15 days' notice in writing to the Public Utilities Commissioner of Oregon at his office in Salem, Oregon, said notice to commence to run from the date notice is actually received at the office of said Commissioner.

CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER IN
MARYLAND CASUALTY CO. V.W.R.
GRACE & CO., ET AL., NO. 83 CIV.
7451 (SWK) (S.D.N.Y.)

All terms and conditions of the policy issued by General Insurance Company of America remain unchanged except as amended by this endorsement.

Insured ___VERMICULITE-NORTHWEST, INC.___

Policy Number ___BLP 245115___

End. Effective ___6-1-64___ at the hour of day stated in the policy.

Issuance Date ___5-8-64___

End. No.

PARKER, SMITH & FEEK, INC.

A-563 R2 7-63 (Replaces 3-60)

*W. L. Cupsell*
PRESIDENT

*A. D. Merritt*
SECRETARY

00215

*Edw. O. Peek*
RESIDENT LICENSED AGENT

PARKER, SMITH & FEEK, INC.

MDC 0000245

Form No. MP-946

To be filed with the

COMMISSIONER OF
PUBLIC UTILITIES

SALEM, OREGON

MOTOR CARRIER AUTOMOBILE BODILY INJURY

LIABILITY AND PROPERTY DAMAGE LIABILITY

AUTOMATIC COVERAGE                    CERTIFICATE NO.

## CERTIFICATE OF INSURANCE

FILED WITH

COMMISSIONER OF PUBLIC UTILITIES

SALEM, OREGON

THIS IS TO CERTIFY, that GENERAL INSURANCE COMPANY OF AMERICA (hereinafter called Company) of

Seattle, Washington, has issued to **VERMICULITE – NORTHWEST, INC.**
                                          (Name of Motor Carrier)

of                    **2107 NORTH 34TH – SEATTLE, WASHINGTON**
                                          (Address of Motor Carrier)

the policy of automobile Bodily Injury Liability and Property Damage Liability insurance herein described which by the attachment of endorsement approved by the Public Utilities Commissioner of Oregon, Form No. MP-944, has been amended to provide the coverage or security for the protection of the public required with respect to the operation, maintenance, ownership, or use of motor vehicles under permit issued to the named insured by the Public Utilities Commissioner of Oregon or otherwise under the Motor Transportation Code, and the pertinent rules and regulations of the Public Utilities Commissioner of Oregon, regardless of whether such motor vehicles are specifically described in the policy or not. The liability of the company extends to all losses, damages, injuries, or deaths, whether occurring on the route or in the territory authorized to be served by the named insured or elsewhere, within the State of Oregon.

Whenever requested by the Commissioner, the company agrees to furnish to the Commissioner a duplicate original of said policy and all endorsements thereon.

This certificate effective from _____JUNE 1,_____ , 19 64 to _____JUNE 1_____ , 19 65

(12:01 A.M., standard time at the address of the named insured as stated in said policy), and supersedes and cancels certificate effective _____JUNE 1_____ , 19 63 No. _____ issued under Policy No. BLP 22128

CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER IN
MARYLAND CASUALTY CO. V. W.R.
GRACE & CO. ET AL., NO. 83 CIV.
7451 (SWK) (S.D.N.Y.)

All terms and conditions of the policy issued by General Insurance Company of America, remain unchanged except as amended by this endorsement.

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

| | |
|---|---|
| NAMED | VERMICULITE-NORTHWEST, INC. |
| ENDORSEMENT EFFECTIVE | 6-1-64 (for the hour of the day stated in the policy) |
| POLICY NUMBER | BLP 245115 |
| BRANCH OFFICE | METRO NP/EC |
| POLICY EXP. DATE | 6-1-65 |
| INS AGCY NUMBER | |
| ENDORSEMENT NUMBER | |
| TYPED | 5-8-64 |

METRO: 1201 4TH AVE., SEATTLE, WASH.
PARKER, SMITH & FEEK, INC.

W. L. Campbell PRESIDENT

ad merritt SECRETARY

Edw. O'Peek
RESIDENT LICENSED AGENT

PARKER, SMITH & FEEK, INC.

0021311

A-362 R 3-60 (Replaces 4-43)

MDC 0000246

[illegible] [illegible] [illegible] [illegible]

[illegible], SMITH & [illegible], [illegible] — SEATTLE, WASHINGTON

VERMICULITE NORTHWEST, INC.

912 ELLIOT AVENUE WEST - SEATTLE, WASHINGTON — [illegible] CONDITIONING

INSURED'S ADDRESS — TYPE OF BUSINESS

| One Person | One Occurrence | Products Aggregate | Auto PD | [illegible] PD | |
|---|---|---|---|---|---|
| [illegible],000. | 1,000,000. | 1,000,000. | [illegible],000. | 250/250,000. | OLD LIMITS |
| [illegible],000. | 1,000,000. | 1,000,000. | 100,000. | 250/250,000. | NEW LIMITS |

| Policy Code | Agency No. | Write Date | Audit Date | Earned Premium Adjusted For | Estimated Ad[justed] Premium F[or] |
|---|---|---|---|---|---|
| 78 | 1 / 5250 | 6-13-64 | | 6 1 [illegible] 6 1 [illegible] | 6 [illegible] 6 [illegible] |

| Description or Classification | Class Code | | Prem. Basis | Exposure | Rate | Premium | | Exposure | Rate | P[remium] |
|---|---|---|---|---|---|---|---|---|---|---|
| VERMICULITE-NORTHWEST, INC. MFG. 912 ELLIOT AVE. WEST OFFICE - 3685-3 INCLUDED | 2449 | 3 | BI PD | 118-00 | .03 .012 | .[illegible] .[illegible] | | 26,532.0 | .03 .012 | [illegible] |
| [illegible] - INSIDE 1000 CL. 1 OUTSIDE 1000 SAFE 1000 CL. 3 | | | | | | | | — — | | [illegible] |
| STOP GAP-36,055. 27,917.0/89,450.0 | [illegible] | 7 | | — | .059 | 36.64 | | — | .059 | [illegible] |
| COMPOSITION BOOKS | 1067 | 2 | BI PD | 73,685.0 | .138 .105 | 10.96 7.78 | | 409,132.0 | .138 .105 | [illegible] |
| INTER COMPANY SALES | 1067 | 2 | BI PD | 590-00 | .060 .053 | .[illegible] .[illegible] | | 57,877.0 | .060 .053 | [illegible] |
| CONTRACTUAL | 6521 | 6 | BI PD | | | | | — | 25% NOC | [illegible] |
| PRODUCTS - SALES | 1067 | 2 | BI PD | 21,192.00 | .138 .105 | 2.670 2.220 | c/c | | | |
| EXCESS LIMITS 9094-3 | | | BI PD | | | | | — | | 17 18 |
| OREGON VERMICULITE NORTHWEST MICA MANUFACTURING CONTINUED ON PAGE # 5 | 2449 | 3 | BI PD | 1,135.0 | .039 .011 | .39 .13 | | 22,903.0 | .039 .011 | [illegible] |
| SURCHARGE | 9604 | 00 | | | | .56 | | — | | 18 |
| | | | | | TOTAL MISC. CASUALTY | 56.78 | | | 37% H 39% P 15% [illegible] | 39 |

| Item | Yr. Model / Trade Name / Body Type / Motor or Ser. No. / Garage Location — Date Purchased New or Used and Factory Price or Cost to Insured | Class Code | Type of Coverages | Class or Limit of Liability | Premium | Exposure | | Premium | Exposure |
|---|---|---|---|---|---|---|---|---|---|
| 1 | VERMICULITE NORTHWEST 1951 DODGE 2 TON DUMP TRUCK #T19811171 | 2110 | BI PD MED | OCA | | K | | 50.56 31.53 | 12.0 |
| | 2/60 3400. CX SPOKANE T-02 | 2111 | Comp., F. & T. $ Ded. Coll. Towing | ACV | | K | | 15.00 | 12.0 |
| 2 | 1963 DODGE DART 4 DOOR SEDAN S#7332-614317 | 1408 | BI PD MED | 3-10[illegible] 1000 | | [illegible] | | 134.14 43.17 13.00 | 12.0 |
| | 5/63 PORTLAND T-01 H-2 FREEMAN | 1408 | Comp., F. & T. $100 DED Towing & LABOR | ACV | | | | 15.00 33.21 2.00 | 12.0 |
| | 1963 DODGE DART 4 DOOR SEDAN S# 7332-58834 T-01 | 1408 | BI PD MED | 3-10S 1000 | | | | 125.10 46.33 12.[illegible] | 12.0 |
| | 5/63 RENTON H-2 (BRYANT) | 1408 | Comp., F. & T. $100 Ded. Coll. Towing & LABOR | ACV | | | | 20.00 35.64 2.00 | 12.0 |
| 4 | 1964 DODGE DART 4 DOOR SEDAN S#7342-607629 | 1408 | BI PD | 8-10S | | | | 101.89 96.86 | 12.0 |

CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER IN [illegible] V.W.R. [illegible] CO. [illegible] NO. 83 CIV. [illegible] (S.D.N.Y.)

MDC 0000247

0021532

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 3/63 PORTLAND T-01 N-2 FREEMAN | 1400 | Comp, F. & T. Ded. Coll. Towing & LABOR | ACV | | | 15.00 35.00 37.37 3.00 | 12.0 |
| 4 1965 DODGE DART 4 DOOR SEDAN 3/ 7332-50054 T-01 | 1400 | BI PD MED | 3-14% | | | 101.10 45.53 12.00 | 12.0 |
| 3/63 RENTON N-2 (BRYANT) | 1400 | Comp, F. & T. 100 Ded. Coll. Towing & LABOR | 1000 ACV | | | 39.00 35.04 3.00 | 12.0 |
| 4 1964 DODGE DART 4 DOOR SEDAN 3/7342-607029 | 1400 | BI PD MED | 8-14% | | | 101.60 36.06 12.00 | 12.0 |
| 3/64 N N-1 BELLEVUE – T-04 CULVER | 1400 | Comp, F. & T. 100 Ded. Coll. Towing | 1000 ACV | | | 27.00 48.50 2.00 | 12.0 |
| 5 1964 FORD FALCON 4 DOOR SEDAN 4R02U109438 | 1400 | BI PD MED | 3-14% | | | 66.97 30.54 10.00 | 12.0 |
| 10/63 N N-1 T-02 | 1400 | Comp, F. & T. 100 Ded. Coll. Towing & LABOR | 1000 ACV | | | 25.00 36.45 3.00 | 12.0 |
| 6 10 % EXPERIENCE CREDIT | | BI PD USED | | | | 71.33CR | |
| | | Comp, F. & T. S Ded. Coll. Towing | | | | | |
| 7 | | BI PD MED | | | | | |
| | | Comp, F. & T. S Ded. Coll. Towing | | | | | |
| 8 | | BI PD MED | | | | | |
| | | Comp, F. & T. S Ded. Coll. Towing | | | | | |
| 9 AUTO NON-OWNERSHIP CL 2 18 EMPL. BI -227/-265 PD -12/-13 | 9408 | BI PD MED | | | | 7.80 2.34 | —— |
| | | Comp, F. & T. S Ded. Coll. Towing | | | | | |
| UNINSURED MOTORIST: PRIVATE PASSENGER (3) WN. PRIVATE PASSENGER (1) ORE. | 9490 9490 | | | MDC 0000248 | | 10.00 3.00 | —— |

| | | | |
|---|---|---|---|
| TOTAL AUTO | | 320.94 | K Plant  49. |
| TOTAL AP or RP ▶ | ADD'L 56.79 | | |
| R = RETURN PREMIUM | | 1319-53 | |

CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER IN MARYLAND CASUALTY COMPANY v. W.R. GRACE & CO. ... CIV.
7451 (S.D.N.Y.)

## GENERAL INSURANCE COMPANY OF AMERICA
STATEMENT OF ADJUSTED AND ADVANCE PREMIUMS

| ESTIMATED ADVANCE PREMIUM | NET PREMIUM DUE |
|---|---|
| | |

CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO ... ORDER IN ...

MDC 0000249

| | | | TOTAL AUTO | | | | | |
|---|---|---|---|---|---|---|---|---|

**TOTAL AP or RP**

R = RETURN PREMIUM

## GENERAL INSURANCE COMPANY OF AMERICA
### STATEMENT OF ADJUSTED AND ADVANCE PREMIUMS

MDC 0000250

INSURANCE                                    GENERAL INSURANCE COMPANY OF AMERICA

Automobile Physical Damage

In consideration of the additional premium specified below, the company agrees with the named insured but only with respect to each of the following coverages as are indicated by a specific premium charge or premium waiver in the "Schedule of Automobiles":

**Coverage A — Comprehensive — Excluding Collision**
To pay for loss caused other than by collision to the automobile or to a non-owned automobile. Breakage of glass and loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion, or colliding with a bird or animal, shall not be deemed to be loss caused by collision.

**Coverage B — Collision**
To pay for loss to the automobile or non-owned automobile caused by collision, less the deductible amount stated in the schedule, but the deductible amount shall not be deducted with respect to a collision involving an individually owned private passenger or utility automobile with another automobile insured by General Insurance Company of America, SAFECO Insurance Company of America or First National Insurance Company of America.

**Coverage C — Fire, Lightning and Transportation**
To pay for loss to the automobile caused (a) by fire or lightning, (b) by smoke or smudge due to a sudden unusual and faulty operation of any fixed heating equipment serving the premises in which the automobile is located, or (c) by the stranding, sinking, burning, collision or derailment of any conveyance in or upon which the automobile is being transported.

**Coverage D — Theft**
To pay for loss to the automobile, caused by theft, larceny, robbery or pilferage.

**Coverage E — Towing and Labor Costs**
To pay for towing and labor costs necessitated by the disablement of the automobile or of any non-owned automobile, provided the labor is performed at the place of disablement, and each costs do not exceed $25 per disablement.

**Coverage F — Combined Additional Coverage**
To pay for direct and accidental loss of or damage to the automobile caused by windstorm, earthquake, explosion, hail, external discharge or leakage of water, flood or rising water, riot or civil commotion, the forced landing or falling of any aircraft or of its part or equipment, or malicious mischief or vandalism, except that $25 shall be deducted from the amount of each determined loss resulting from malicious mischief or vandalism.

**Supplementary Payments — In addition to the applicable limits of liability:**
1. For a private passenger automobile owned by an individual named insured
   a. To pay, not to exceed $300 for each occurrence, for loss of wearing apparel and luggage of the named insured or relative, provided the loss is caused:
      (i) by a collision with respect to which this policy affords automobile collision insurance; or
      (ii) by fire, lightning, flood or by theft of the entire automobile, and the loss is coincident with other loss with respect to which this policy affords automobile comprehensive insurance;
   b. To reimburse the named insured for the cost of transportation from the place of disablement of the owned automobile to the place of intended destination, but not to exceed $5 for each occurrence, provided the disablement involves a loss with respect to which this endorsement affords automobile collision or automobile comprehensive insurance;
2. To reimburse the named insured for the cost of transportation not exceeding $10 per day nor totaling more than $300, incurred during the period commencing 48 hours after a theft covered by this policy of the entire automobile has been reported to the company and the police, and terminating when the company renders settlement for such theft; provided such reimbursement shall be made only if the stolen automobile was a private passenger automobile not used as a public or livery conveyance and not owned and held for sale by an automobile dealer.
3. General Average and Salvage Charges:
   To pay general average and salvage charges for which the insured becomes legally liable, as to the automobile being transported.

## SCHEDULE OF AUTOMOBILES

Schedule 1 of ___

| Item No. | Year, Trade Name, Type / Serial or Motor No. | Purchased Month and Year | New or Used | Actual Cost incl. Equip. or brand | Limit of Liability (other than collision) | A Comp. | B Collision Deduct. | B Premium | C Fire | D Theft | Towing and Labor |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | '51 DODGE 2-TON DUMP TRK., 8T19211171 | 2/60 | | 3400. | ACV | INCL | | | INCLUDED | | |
| 2. | '63 DODGE DART 4-DR. SDN., 8473324-614317 | 5/63 | | N-2 | ACV | INCL | 100-D | INCL | INCLUDED | INCL | |
| 3. | '63 DODGE DART 4-DR. SDN., 8473324-615286 | 5/63 | | N-2 | ACV | INCL | 100-D | INCL | INCLUDED | INCL | |
| 4. | '64 DODGE DART 4-DR. SDN., 8473424-607629 | 3/64 | | N-1 | ACV | INCL | 100-D | INCL | INCLUDED | INCL | |
| 5. | '64 FORD FALCON 4-DR. SDN., 4R02U109438 | 10/63 | | N-1 | ACV | INCL | 100-D | INCL | INCLUDED | INCL | |

The company's maximum liability under this endorsement on any one automobile shall not exceed ............ $   10,000.   : Total
the maximum liability for any one loss shall not exceed ............................................ $   50,000.     Premium $

Any _____

CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER IN
MARYLAND CASUALTY CO. v. W.R.
GRACE & CO., ET AL., MDL 83 CIV.
7220 (S.D.N.Y.)

SEE REVERSE SIDE FOR OTHER PROVISIONS

_____ Insurance Company of America, remain unchanged except as amended _____

_signatures_

*a. D. _____*  SECRETARY        *W. L. Capell*  PRESIDENT

COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED:

|  |  |
|---|---|
|  | MDC 0000251 |
|  | 0051546 |

A-156  R13 9/62        PARKER, SMITH & FEEK, INC.   Automobile Physical Damage



CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER IN
MARYLAND CASUALTY CO. V. W.R.
GRACE & CO., ET AL, NO. 83 CIV.
7451 (SWK) (S.D.N.Y.)

0001547



INSURANCE

GENERAL INSURANCE COMPANY OF AMERICA

**(2) PARKER, SMITH & FEEK, INC.**
*Employers' Liability Endorsement*

Description of the operations or work covered by this endorsement: **ADDITIONAL PREMIUM AT AUDIT**

EMPLOYERS LIABILITY
(2) CLERKS 8810-7
LOSS CONSTANT 0032-7
Coverage EXPENSE CONSTANT 0120-7

| | | Limits of Liability |
|---|---|---|
| | each person | $ 300,000.00 |
| Bodily Injury (a) | each accident | $ 1,000,000. |
| Medical Payments (b) | each person | $ 500.00 |

In consideration of the premium at which this policy is written, the company agrees with the named insured to pay:

**Liability**    (a) for all damages which the insured shall become legally obligated to pay because of bodily injury by accident or disease sustained by any employee of the insured;

**Medical Payments**    (b) the reasonable expense of necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital, professional nursing and funeral services within one year from the date of accident, to or for each employee who sustains bodily injury caused by accident;

arising out of and in the course of his employment by an insured during operations of the insured or work incidental thereto, described above.

The insurance under this endorsement does not apply:
(a) to bodily injury sustained by any employee:
   (1) employed in violation of law with the knowledge or acquiescence of the insured; or
   (2) while engaged in the operation or maintenance of aircraft;
(b) to bodily injury of any employee arising out of and in the course of his employment if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;
(c) with respect to the Liability Insuring Agreement:
   (1) to punitive or exemplary damages on account of bodily injury to any employee employed in violation of law; or
   (2) to bodily injury by disease of any employee unless prior to thirty-six months after the end of the policy period written claim is made or suit is brought against the insured for damages because of such sickness, disease or death resulting therefrom;
(d) to injury, sickness, disease or death due to war whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing, with respect to expenses under the Medical Payments Insuring Agreement;
(e) to any liability assumed by the insured under any contract or agreement.

0021649

**Definitions:** "Bodily Injury" means bodily injury, sickness or disease and includes death resulting at any time.
"Damages" wherever used includes damages for care and loss of services.
"Bodily Injury by Accident; Bodily Injury by Disease". The contraction of disease is not an accident within the meaning of the word "accident" in the term "bodily injury by accident" and only such disease as results directly from a bodily injury by accident is included within the term "bodily injury by accident." The term "bodily injury by disease includes only such disease as is not included within the term "bodily injury by accident."

**Limits of Liability:** The limit of liability stated as applicable to: (1) "each person" is the limit for all damages for bodily injury of one person in any one accident, and (2) "each accident" is, subject to the above provision respecting each person, the total for all damages for bodily injury of two or more persons in any one accident.

**Medical Reports; Proof and Payment of Claim:** As soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim under oath if required, and shall, after such request from the company, execute authorization to enable the company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require. The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute admission of liability of the insured or, except hereunder, of the company.

All terms and conditions of the policy, issued by General Insurance Company of America, remain unchanged except as amended by this endorsement.

*a. D. Merritt*   SECRETARY

CONTAINS CONFIDENTIAL MATERIAL
SUBJECT TO PROTECTIVE ORDER IN
MARYLAND CASING CO. V. W.R.
GRACE & CO. ET AL, NO. 83 CIV.
7451 (SWK) (S.D.N.Y.)

*R. L. Campbell*   PRESIDENT

**COMPLETE THE FOLLOWING IF NOT ATTACHED TO POLICY WHEN POLICY IS ISSUED**

| ISSUED | VERMICULITE NORTHWEST INC. | | | COVER AGE | CLASS OR DESC | OLD PREMIUM | NEW PREMIUM | SUPPORT CHGE | FEE DE WRITTEN PREM ADD COL B PER CENT | ADDL OR RETURN |
|---|---|---|---|---|---|---|---|---|---|---|
| ENDORSEMENT EFFECTIVE | 7-20-64 | *(at the hour of day stated in the policy)* | | | | | | | | |
| POLICY NUMBER | BLP 245115 | NOTICE AGENT | METRO/MJH/VL | | | | MDC 0000253 | | | |
| POLICY EXP. DATE | 6-1-65 | NPP AGENT NUMBER | | | | | | | | |
| ENDORSEMENT NUMBER | 2 | TYPED DATE | 7-23-64 | | | | | | | |
| | | | | | | TOTAL | | 32 | | |

*Edw. O. Feek*
PARKER, SMITH & FEEK, INC.
DEPUTY LICENSED AGENT

Employers' Liability Endorsement

C-61 R7 7-61