IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | * | |
| W.R. GRACE & CO., et al., | * | Chapter 11 |
| Debtor. | * | Case No. 01-01139 (JKF) (Jointly Administered) |
| . | * | Related Docket No. 21544 |

---------------------------------------------------------x

**PRETRIAL NARRATIVE REGARDING ISSUES TO BE
RAISED BY CNA COMPANIES AT THE PHASE I CONFIRMATION
HEARING AND EVIDENCE EXPECTED TO BE INTRODUCED**

**INTRODUCTION**

Pursuant to the Court's direction at the June 18, 2009 Pretrial Conference in this case, Continental Casualty Company and Continental Insurance Company, on their behalf and on behalf of their predecessor companies, affiliates and subsidiaries which issued insurance policies to the Debtors (individually or collectively, "CNA") submit this Pretrial Narrative in order to identify: (a) the Objections CNA will litigate at the Phase I hearing scheduled for June 22 through 24; and (b) the evidence that CNA expects to introduce in connection with those objections.

**OBJECTIONS TO BE RAISED**

In the light of the Court's statements at the June 18, 2009 hearing as to the issues it believes are encompassed by the Phase I hearing, CNA expects to raise the following objections, all of which are fully discussed in its trial brief:

(1)    Whether the Plan is "insurance neutral," given that:

(a)     The Plan does not expressly state that the Debtors' duties and obligations under the Asbestos Insurance Policies would remain undiminished and/or would be transferred to the Asbestos PI Trust if the Plan were confirmed. These include any duties and obligations relating to providing timely notice to CNA of any "occurrence" or "claim" made against the Debtors or the Trust; providing CNA the right and opportunity to participate or associate in the investigation, defense and settlement of any such claims; and the obligation to not pay any settlements without CNA's consent. In their Trial Brief and their Response to Objections, Plan Proponents acknowledge that Debtors' obligations are preserved, but the Plan should make that absolutely clear.

(b)     Clause (i) in the definition of "Asbestos Insurance Coverage Defense" in Section 1.1(16) of the Plan is ambiguous. This clause could be read to eviscerate or diminish otherwise applicable coverage defenses available to CNA in Asbestos Insurance Actions. Among other things, coverage counsel for the Trust might argue in an Asbestos Insurance Action against CNA that, in the light of clause (i):

(i)     the Plan and TPD represent a reasonable valuation of Asbestos PI Claims;

(ii)    resolution of such claims without the insurer's involvement is itself reasonable and/or appropriate;

(iii)   the Court has valued, as part of the estimation process or the Plan Confirmation Process, the losses that have been experienced by the Debtors in connection with Asbestos Insurance Claims;

(iv)    Plan confirmation triggers or accelerates CNA's indemnity obligations; and/or

      (v) CNA is obligated to indemnify the Trust for the TDP Scheduled Values rather than actual payments made to Asbestos PI Claimants.

 The Plan Proponents, in their Trial Brief, appear to read clause (i) narrowly to merely preclude collateral attacks on determinations of bankruptcy law, but the Plan should make that clear. CNA's position on these issues is set forth in detail at pages 12-17 of its Phase I Trial Brief.

### EVIDENCE TO BE INTRODUCED

 Evidence that CNA expects to introduce and rely upon in connection with the above objections are:

  (a) The Proposed Plan of Reorganization;

  (b) The Plan Proponents' Response to Final Objections;

  (c) The Plan Proponents' Consolidated Phase I Trial Brief;

  (d) CNA Trial Exhibit Nos. 1, 2 and 3 (<u>i.e.</u>, the Plan Proponents' responses to CNA's written discovery requests);

  (e) CNA Trial Exhibit Nos. 7 and 11 through 14 (which contain the "insurance neutrality" language included in other Plans of Reorganization, or stipulations entered into by the parties in connection with such Plans);

  (f) CNA Trial Exhibit Nos. 15 and 16 (designated portions of the deposition transcripts of Richard Finke and Peter Van N. Lockwood);

  (g) CNA Trial Exhibits 17, 18 and 19 (policies issued by CNA to Debtors);

  (h) Deposition Designations Submitted by Certain Insurers for Messrs. Lockwood, Finke, Hughes, Posner, Insulbuch, Peterson and Austern; and

      (i)      Testimony at trial (if any) by Peter Van N. Lockwood.

We will also point to language set forth in Appendix A to our Phase I Trial Brief as appropriate insurance neutrality language. A copy of Appendix A is attached to this Pretrial Narrative.

## STANDING AS AN INSURER TO RAISE OTHER ISSUES

As we understand it from the June 18 hearing, the Phase I hearing will also deal with whether CNA has standing as an insurer to raise issues other than those indentified above. CNA's position on the standing issue is set forth in its Trial Brief at pages 4 - 9. CNA does not intend to introduce additional evidence in connection with its position. In short, CNA will argue that:

      (1)      To the extent that the Plan is not insurance neutral, CNA has standing as an insurer to object to confirmation of the Plan on any ground;

      (2)      CNA has standing as an insurer to object to the appointment as members of the Trust Advisory Committee to the Asbestos PI Trust of individuals who have conflicts of interest in violation of the relevant Codes of Professional Conduct regulating attorney conduct;

      (3)      CNA has standing as an insurer to contest the propriety of any injunction which precludes it from exercising certain rights, such as rights to sue settled or unsettled Asbestos Insurance Entities for contribution and indemnity; and

      (4)      CNA has standing, as an insurer, to challenge portions of the Plan that will impermissibly affect its ability to obtain full Section 524(g) injunctive relief should it settle with the Trust post-confirmation.

Respectfully submitted,

| | |
|---|---|
| FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.<br><br>Elizabeth DeCristofaro (*pro hac vice*)<br>Wall Street Plaza, 23rd Floor<br>New York, New York 10005-1875<br>Telephone: (212) 269-4900<br>Facsimile: (212) 344-4294 | ROSENTHAL, MONHAIT & GODDESS, P.A.<br><br>By: /s/<br>Edward B. Rosenthal (*Bar No. 3131*)<br>P.O. Box 1070<br>Wilmington, Delaware 19899<br>Telephone: (302) 656-4433x6<br>Facsimile: (302) 658-7567 |
| WILDMAN, HARROLD, ALLEN & DIXON LLP<br>Jonathan W. Young<br>Jeff Chang<br>225 West Wacker Drive<br>Chicago, Illinois 60606-1229<br>Telephone: (312) 201-2662<br>Facsimile: (312) 416-4524 | GOODWIN PROCTER LLP<br>Daniel M. Glosband (*pro hac vice*)<br>Brian H. Mukherjee (*pro hac vice*)<br>Goodwin Procter LLP<br>Exchange Place<br>Boston, Massachusetts 02109<br>Telephone: (617) 570-1000<br>Facsimile: (617) 523-1231<br>--and --<br>Michael S. Giannotto (*pro hac vice*)<br>901 New York Avenue, N.W.<br>Washington, D.C. 20001<br>Telephone: (202) 346-4000<br>Facsimile: (202) 346-4444<br><br>*Counsel for Continental Casualty Company, Transportation Insurance Company and their American insurance affiliates* |

Dated: June 22, 2009

LIBW/1711645.2