IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., et al., | : | Case No. 01-1139 (JKF) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |

## AXA BELGIUM'S PRE-TRIAL STATEMENT

AXA Belgium, as successor to Royale Belge SA ("AXA Belgium"), a party in interest in the captioned proceeding, pursuant to the oral direction of this Court at the Pre-Trial Conference on June 18, 2009, submits the Pre-Trial Statement outlining the issues and evidence to be tried at the Phase I Confirmation Hearing:

### A.     The Case Management Order

The Third Amended Case Management Order (the "CMO") provides that the plan confirmation hearing is to take place in two phases.  Paragraph 1 of the CMO provides that the first phase shall address:

(i)     whether the Plan improperly affects the rights of Debtors' insurers (in their capacity as insurers, but not creditors);

(ii)    the standing of the Debtors' insurers (in their capacity as insurers, but not creditors) to litigate confirmation objections that involve issues other than those described in section (i) herein provided however, that the Plan Proponents shall not challenge the standing of the insurers, to the extent they are parties to Asbestos Insurance Reimbursement Agreements, to object to, in Phase II, the Plan's proposed treatment of the Asbestos Insurance Reimbursement Agreements, under the Plan; and

(iii)   confirmation objections raised on behalf of and specific to lenders under the Pre-Petition Credit.

### B.     The June 18, 2009 Pre-Trial Conference

As became clear at the Pre-Trial Conference on June 18, 2009, there was much confusion among the parties as to what issues were to be tried at the Phase I hearing.  At that hearing, this

Court directed the Plan Proponents to submit a proposed order setting forth the relief that they sought at the conclusion of the Phase I hearing. On Saturday, June 20, 2009, the Plan Proponents submitted a draft order that provides, in relevant part, as follows:

> IT IS HEREBY ORDERED that:
>
> The Plan properly preserves all rights and coverage defenses of insurers that issued non-settled insurance policies to the Debtors, rights to which are being transferred to the Asbestos Personal Injury Trust under the Plan, and is therefore insurance neutral as to them in their capacity as issuers of non-settled coverage. Accordingly, no insurer holding a non-settled policy has standing in that capacity to appear or object to the Plan, including but not limited to, at Phase II of the Confirmation Hearing.
>
> This does not preclude non-settling insurers from seeking to show at the Phase II Confirmation Hearing that, as a result of the exceptions to insurance neutrality set forth in Section 7.15, they have rights other than Asbestos Insurance Coverage Defenses (as defined in the Plan) that are being directly, adversely and pecuniarily affected such that they should have standing to participate at the Phase II Confirmation Hearing.

After receiving this order, it appears that the Plan Proponents seek to further narrow the scope of the issues to be determined to whether the affirmative insurance neutrality language renders the Plan insurance neutral. They somehow want this Court to divorce the exceptions from the grant of insurance neutrality until the Phase II hearing, at which point insurers can object if they satisfy the "directly, adversely and peculiarly" standard. AXA Belgium would note that, according to the Court of Appeals, this is the standard for appellate standing. *In re Combustion Engineering*, 391 F.3d 190, 214 (3d Cir. 2004).

**C.    Issue for Phase I Hearing**

It appears that the primary issue for resolution at the Phase I hearing is whether the Plan is insurance neutral. In generally considering the neutrality of the Plan, AXA Belgium would draw the Court's attention to the following issues:

(a)    Does the proposed insurance neutrality provision in the current Plan adequately preserve insurers' rights and defenses?

2

(b) Are additional protections to those set forth in Section 7.15 required to render the Plan insurance neutral in light of the substitution of insurers' substantive rights (e.g., assistance and cooperation, association in defense, consent to settlement, etc.) with the right to assert an Asbestos Insurance Coverage Defense?

(c) What is the scope of the carve-out from "Asbestos Insurance Coverage Defenses"?

(d) What is the scope and effect of Section 7.15 of the Plan and how does it interrelate with other sections of the Plan?

(e) Does the language in the Asbestos Insurance Transfer Agreement attempt to pre-determine the existence of insurance coverage despite Section 7.15 of the Plan?

**D.   Evidence to Be Offered at Phase I Hearing**

Evidence that AXA Belgium expects to introduce and rely upon in connection with the above objections are:

1. The Plan;

2. The Plan Proponents' Response to Final Objections;

3. The Plan Proponents' Consolidated Phase I Trial Brief;

4. AXA Belgium's Trial Exhibits (and to the extent appropriate, the Trial Exhibits of other insurers);

5. Deposition Designations and appropriate exhibits Submitted by Certain Insurers for Messrs. Lockwood, Finke, Hughes, Posner, Inselbuch, Peterson and Austern; and

6. Testimony at trial by Peter Van N. Lockwood.

7. Responses to the discovery requests propounded by AXA Belgium.

**E.   Joinder and Reservation of Rights**

AXA Belgium hereby incorporates by reference its previously filed objections to the Plan and Phase I Trial Brief and joins in other insurers' Pre-Trial Statements to the extent applicable.

3

WHEREFORE, AXA Belgium requests that this Court sustain AXA Belgium's Objections to the First Amended Plan of Reorganization, and grant AXA Belgium such other and further relief to which it may be justly entitled.

Dated:  June 22, 2009

                                        Respectfully submitted,

                                        /s/ Michael A. Shiner
                                        Michael A. Shiner, *pro hac vice*
                                        TUCKER ARENSBERG
                                        1500 One PPG Place
                                        Pittsburgh, PA 15222-5401
                                        Telephone: (412) 566-1212
                                        Facsimile: (412) 594-5619
                                        mshiner@tuckerlaw.com

                                        Eileen T. McCabe, *pro hac vice*
                                        MENDES & MOUNT LLP
                                        750 Seventh Avenue
                                        New York, NY  10019
                                        Telephone:  (212)261-8254
                                        Facsimile:  (302)235-2536
                                        eileen.mccabe@mendes.com

                                        John S. Spadaro (No. 3155)
                                        724 Yorklyn Road, Suite 375
                                        Hockessin, DE 19707
                                        Telephone:  (302) 235-7745
                                        Facsimile:  (302) 235-2536
                                        jspadaro@johnsheehanspadaro.com

                                        *Counsel for AXA Belgium as successor to Royale Belge SA*

BANK_FIN:355562-2 024798-139290