**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 21850 |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF VENABLE LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS**

Upon the application (the "Application")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to retain and employ Venable LLP ("Venable") as special litigation counsel to the Debtors, pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; the Court having jurisdiction to

1 The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2 All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the Application and the Webb Affidavit in support thereof; the Court being satisfied based on the representations made in the Application and Webb Affidavit that (a) Venable does not hold or represent an interest adverse to the Debtors' estates, and (b) Venable is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and Local Bankruptcy Rule 2014-1; and it appearing that notice of this Application and opportunity for a hearing on this Application was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1. The Application is granted effective *nunc pro tunc* to the date of the Application.

2. The Debtors are authorized to employ and retain Venable as their special litigation counsel in accordance with the terms and conditions set forth in the Application.

3. Venable is authorized to render professional services to the Debtors as described in the Application that may include, but shall not be limited to, the following services:

   a. to advise the Debtors, their counsel, and their Board of Directors with respect to employment, employee benefit, workers' compensation and corporate/securities matters;

   b. to act as counsel for the Debtors and any related party in the Global Printing Litigation; and

   c. such other related services as the Debtors may deem necessary or desirable.

4. Venable will no longer be compensated pursuant to the OCP Order for fees and expenses incurred in these Chapter 11 Cases going-forward and will be entitled to and required

to seek application for its currently outstanding fees and expenses in excess of the OCP caps and all fees and expenses going forward pursuant to sections 330 and 331 of the Bankruptcy Code and any other applicable procedures and orders of the Court in these cases.

5. The Debtors and Venable are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: 6\24, 2009
Wilmington, Delaware

Judith K. Fitzgerald
United States Bankruptcy Judge
SJS



K&E 14461905.8