# EXHIBIT 12
(August 6, 1992 Agreement)

## SETTLEMENT AGREEMENT, RELEASE AND
## INDEMNIFICATION/HOLD HARMLESS AGREEMENT

This Settlement Agreement, Release and Indemnification/Hold Harmless Agreement is entered into this _6th_ day of _August_, 1992 by W. R. Grace & Co.-Conn., a Connecticut Corporation, formerly W. R. Grace & Co. ("Grace") (as defined in Section II., H. of this Agreement) and Unigard Security Insurance Company, formerly Unigard Mutual Insurance Company ("Unigard") (as defined in Section II., I. of this Agreement).

I. RECITALS

WHEREAS, Grace and Unigard entered into a contract of insurance, Policy No. 1-2517 with a policy period of June 30, 1974 to June 30, 1975 which has limits of liability of Ten Million Dollars ($10,000,000.00) in the aggregate for claims arising out of the "Products-Completed Operations Hazards," as those terms are defined under Policy No. 1-2517 ("the Unigard Policy") or any other policy whose form Unigard may be held to follow.

WHEREAS, numerous Asbestos-Related Claims (as defined in Section II.G. of this Agreement) have been made against Grace.

WHEREAS, in the following lawsuits, there are claims pending between Grace and a number of insurers, including Unigard, seeking declaratory relief and damages with respect to the alleged obligations of the insurers, including Unigard, to defend and indemnify Grace for Asbestos-Related Claims (as defined in Section II., G. of this Agreement) against Grace:

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000001

<u>Moore, ex rel. State of Mississippi v. The Flintkote Co., et al. v. Maryland Casualty Co., et al.</u>, No. 89-5138(2), filed in the Circuit Court of Jackson County Mississippi (the "Mississippi Action");

<u>Independent School District 197, et al. and W. R. Grace & Co.-Conn. v. Accident & Casualty Co. of Winterthur, et al.</u> No. 19-C4-88-007950, filed in the District Court of the County of Dakota, Minnesota (the "Minnesota Action");

<u>W. R. Grace & Co.-Conn. v. Admiral Insurance Co., et al.</u>, No. 91-048251, filed in the District Court of Harris County, Texas (the "Houston Action");

<u>Dayton Independent School District, et al. v. United States Mineral Products Co. and W. R. Grace & Co.-Conn. v. Admiral Insurance Co., et al.</u>, No. B-87-00507, filed in the United States District Court for the Eastern District of Texas, Beaumont (the "Beaumont Action");

<u>Maryland Casualty Company v. W. R. Grace & Co., et al.</u>, No. 88 Civ. 2613 (SWK), filed in the United States District Court for the Southern District of New York (the "New York Action");

<u>American Employers Insurance Company, et al. v. W.R. Grace & Co.-Conn., et al.</u>, No. 6241-92, filed in the Supreme Court of the State of New York, County of New York (the "New York State Court Action"); and

<u>W. R. Grace & Co.-Conn. v. Admiral Insurance Company, et al.</u>, No. BC 050432, filed in the Superior Court of the County of Los Angeles, California (the "California Action").

2


CONFIDENTIAL SUBJECT TO MARCH 2005 PROTECTIVE ORDER

These lawsuits shall be referred to collectively as "the insurance coverage litigation."

WHEREAS, Unigard denies that it has any obligation to defend or indemnify Grace in connection with any Asbestos-Related Claims.

WHEREAS, Grace and Unigard have incurred attorneys' fees and other expenses in connection with the insurance coverage litigation.

WHEREAS, Grace and Unigard anticipate that additional attorneys' fees and expenses will be incurred by each of them if they are required to pursue further and defend against the insurance coverage litigation, and Grace and Unigard desire to resolve amicably and discontinue the insurance coverage litigation with respect to the Unigard Policy and to avoid the costs and risks of such litigation by entering into this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and intending to be legally bound hereby, Grace and Unigard agree as follows:

II. **DEFINITIONS**

A. The definitions of the terms "Personal Injuries" and "Property Damage" shall be the same as those terms are defined in the Unigard Policy or any other policy whose form the Unigard Policy may be held to follow.

3

CONFIDENTIAL SUBJECT TO MARCH 2000 PROTECTIVE ORDER

SEA-000003

B.  "Asbestos-Related Products Personal Injury Claims" shall mean any and all claims for Personal Injuries arising from asbestos products manufactured, sold, handled or distributed by Grace or by others trading under its name or arising from products manufactured, sold, handled or distributed by Grace which allegedly contain asbestos or to which asbestos was allegedly added as an ingredient.

C.  "Asbestos-Related Products Property Damage Claims" shall mean any and all claims for Property Damage arising from asbestos products manufactured, sold, handled or distributed by Grace or by others trading under its name or arising from products manufactured, sold, handled or distributed by Grace which allegedly contain asbestos or to which asbestos was allegedly added as an ingredient.

D.  "Products Personal Injury Claims" shall mean claims for Personal Injuries that fall within the "Products-Completed Operations Hazards," as those terms are defined in the Unigard Policy or any other policy whose form the Unigard Policy may be held to follow.  Products Personal Injury Claims include, but are not limited to, Asbestos-Related Products Personal Injury Claims.

E.  "Products Property Damage Claims" shall mean claims for Property Damage that fall within the "Products-Completed Operations Hazards," as those terms are defined in the Unigard Policy or any other policy whose form the Unigard Policy may be held to follow.  Products Property Damage Claims include, but are not limited to, Asbestos-Related Products Property Damage Claims.

4

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000004

F. "Products Claims" shall mean both Products Personal Injury Claims and Products Property Damage Claims as those terms are defined above.

G. "Asbestos-Related Claims" shall mean both Asbestos-Related Products Personal Injury Claims and Asbestos-Related Products Property Damage Claims as those terms are defined above.

H. "Grace" shall mean W.R. Grace & Co. -- Conn., its predecessors, successors, divisions, subdivisions, departments and subsidiary companies or corporations.

I. "Unigard" shall mean Unigard Security Insurance Company, John Hancock Mutual Life Insurance Company, John Hancock Property & Casualty Holding Company, John Hancock Management Company, any entity owned or controlled by any of them, and the past and present directors, officers, employees, parents, subsidiaries, predecessors, and successors of each of the foregoing, together with the assigns of any rights or obligations of any of them under the Unigard Policy.

III. PAYMENT BY UNIGARD IN COMPROMISE OF DISPUTED CLAIMS

Within twenty one days after the date of the execution of this Agreement, Unigard will pay to Grace the sum of Ten Million Dollars ($10,000,000.00), the full aggregate limits of liability under the Unigard Policy for claims arising out of the "Products-Completed Operations Hazards," as those terms are defined under the Unigard Policy or any other policy whose form

CONFIDENTIAL SUBJECT TO ~~MARCH~~
2009 ~~PROTECTIVE~~ ORDER

SEA-000005

Unigard may be held to follow (the "Settlement Amount"). Grace will provide to Unigard any information that Unigard shall reasonably request relating to the Products Claims. Unigard shall not seek to recover from any of Grace's insurers any portion of the Settlement Amount other than any amounts owed to Unigard arising out of agreements to provide reinsurance to Unigard under the Unigard Policy.

## IV. RELEASE

In consideration of the payment by Unigard of the Settlement Amount and the mutual release of rights contained herein, Grace does hereby fully and forever release and discharge Unigard, its agents, reinsurers and attorneys from any obligation under the Unigard Policy for any and all past, present, or future claims, demands, obligations, suits, actions, causes of action and rights whatsoever for indemnity, defense and/or damages (including compensatory, punitive, exemplary, extracontractual or statutory) or other payments of any nature, which Grace may have or otherwise be required to pay, or which may hereafter accrue, (a) on account of, in any way growing out of, or in any way related to Products Claims under the Unigard Policy, whether known or unknown as of the date of execution of this Agreement; and (b) for any damages (including compensatory, punitive, exemplary, extracontractual or statutory) based upon any allegations of bad faith, unfair claim practice, unfair trade practice or other act or failure to act arising out of Unigard's

6

CONFIDENTIAL SUBJECT TO MARCH 2000 PROTECTIVE ORDER

role as an insurer under the Unigard Policy with respect to any Products Claims whatsoever.

Grace's release of Unigard shall in no event inure to the benefit of any other insurance company that, at any time after the date this Agreement is executed, is merged into Unigard, or in which Unigard, at any time after the date this Agreement is executed, acquires a controlling interest. This release shall not prevent Grace from asserting against Unigard, its agents, reinsurers and attorneys any claim which Grace may have, or which may hereafter accrue, (a) on account of, in any way growing out of, or in any way related to Products Claims, whether known or unknown as of the date of this Agreement, under any insurance policy issued by Unigard other than the Unigard Policy; and (b) for any damages (including compensatory, punitive, exemplary, extracontractual or statutory) based upon any allegations of bad faith, unfair claim practice, unfair trade practice or other act or failure to act arising out of Unigard's role as an insurer under any insurance policy issued by Unigard other than the Unigard Policy with respect to any Products Claims whatsoever.

V.  INDEMNIFICATION/HOLD HARMLESS AGREEMENT

A.  In further consideration of the Settlement Amount, Grace agrees to indemnify, to hold Unigard harmless from and to reimburse Unigard for the full amount of any judgment, award, payment, settlement, suit or claim against Unigard by any other insurance carrier seeking contribution under the Unigard Policy

7

CONFIDENTIAL SUBJECT TO MARCH
2000 PROTECTIVE ORDER

SEA-000007

for Product Claims, or by any other person or entity claiming any right, assignment of rights, rights of subrogation, title or interest in or under the Unigard Policy for Product Claims, including without limitation claims for damages (including compensatory, punitive, exemplary, extracontractual or statutory) caused or allegedly caused in whole or in part by the conduct of Unigard under the Unigard Policy with respect to such Product Claims; but provided, however, that in no event shall Grace be obligated to indemnify, to hold Unigard harmless from or to reimburse Unigard for (i) any claim arising out of reinsurance provided to Unigard under the Unigard Policy, or (ii) the amount of any payment or settlement entered into by Unigard without the prior consent of Grace, which consent shall not be unreasonably withheld.

   B.   Grace also agrees to indemnify Unigard for all costs and reasonable attorneys' fees associated with the claims for which Grace is obligated to indemnify Unigard as set forth in paragraph A of this Article, and which are incurred after the execution of this Agreement, but excluding any costs associated with the enforcement of this Agreement. Unigard immediately shall advise Grace of the pendency of any suit or claim for which Grace is obligated to indemnify Unigard as set forth in Article V of this Agreement and keep Grace informed of any developments with respect to such claims or suits, including but not limited to any discovery requests and any motions.

   C.   Unigard shall defend diligently and in good faith

8

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000008

any claim for which Grace is obligated to indemnify Unigard as set forth in paragraph A of this Article, utilizing the services of Taylor, Anderson & Travers or, at Unigard's option, other counsel approved by Grace.

D.  Unigard shall not incur costs or attorneys' fees without the prior approval of Grace, which approval shall not be unreasonably withheld.

E.  Grace has the right, at its own expense, to participate in the defense of Unigard.

F.  In the event that Unigard, while defending any claim described in paragraph A of this Article, incurs costs or attorneys' fees relating both to the Unigard Policy and other insurance policies issued by Unigard, Grace shall only be required to indemnify Unigard for that portion of such costs relating to the Unigard Policy. The parties agree to use their best efforts to reach agreement on allocation of such costs. Any dispute between the parties over the allocation of such costs which cannot be resolved by agreement shall be resolved through arbitration.

VI.  **NO ADMISSIONS BY THE PARTIES**

A.  The payment by Unigard of the Settlement Amount and its receipt by Grace is for the compromise of disputed claims, and neither such payment nor its receipt shall be construed as an admission by Unigard or Grace that any coverage or obligation to pay exists or does not exist under any Unigard

9

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000009

policy for defense or indemnity of Grace for claims of any nature. By entering into this Agreement, Unigard does not admit that it has any liability or obligation to Grace or to any other person.

B.  Further, this Agreement is not intended to be, nor shall it be construed as, an admission with respect to policy interpretation or as an admission by any party regarding any duties, rights or obligations arising under the Unigard Policy or any other policy of insurance issued by Unigard to Grace or anyone else. Nothing in this Agreement shall be deemed to constitute a release, compromise, waiver or an estoppel of any right of Grace or Unigard to assert any claim or defense pursuant to any policy of insurance issued by Unigard or any other insurer.

VII.  **DISMISSAL WITH PREJUDICE OF CERTAIN ACTIONS, CLAIMS, AND CAUSES OF ACTION**

A.  Upon the execution of this Agreement by the parties, Grace will dismiss with prejudice the claims and causes of action Grace has asserted against Unigard relating to the Unigard Policy in the Mississippi Action, the Minnesota Action, the Houston Action, the Beaumont Action, the New York Action and the California Action. Further, Grace will make all reasonable efforts to cause the remaining plaintiffs in the Minnesota Action to dismiss with prejudice the claims and causes of action they have asserted against Unigard relating to the Unigard Policy in the Minnesota Action. Further, Grace will dismiss with prejudice

10

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000010

its Sixth Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing against Unigard under the Unigard Policy contained in the First Amended Complaint for Declaratory Relief, Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing in the California Action.

  B. Unigard will dismiss with prejudice the claims and causes of action Unigard has asserted against Grace relating to the Unigard Policy in the New York State Court Action.

  C. Each party shall bear its own past costs and attorneys' fees incurred in connection with the insurance coverage litigation and any such costs and fees incurred to negotiate or implement the terms of this Agreement.

  D. Grace will cooperate with Unigard to minimize and prevent the possibility of the prosecution of cross-claims or other actions against Unigard by any other party.

### VIII. NO CONSTRUCTION AGAINST EITHER PARTY

The wording of this Agreement was reviewed and accepted by legal counsel for Grace and Unigard prior to its being signed by them. Any ambiguities in the language of this Agreement shall not be construed against either party on the grounds that the party was the alleged drafter of the language in the event of any dispute arising between them in connection with this Agreement.

CONFIDENTIAL SUBJECT TO MARCH 2000 PROTECTIVE ORDER

SEA-000011

IX.  **INADMISSIBILITY OF AGREEMENT**

Any evidence of the existence, terms or negotiation of this Agreement shall be inadmissible in any litigation, action or other proceeding, provided, however, that such evidence may be offered in an action seeking solely to enforce the terms of this Agreement or in connection with any litigation, action or other proceeding, between Unigard and any of its reinsurers or in connection with any litigation, action or other proceeding to establish exhaustion of the Unigard Policy.  In any litigation, action or other proceeding where exhaustion of the Unigard Policy is at issue, Unigard shall, subject to the provisions of Article VI of this Agreement, reasonably assist Grace in establishing that the Unigard Policy's limits of liability applicable to Products Claims properly have been exhausted.  This Agreement has been entered into in reliance upon the provisions of Rule 408 of the Federal Rules of Evidence and similar state law provisions which preclude the introduction of evidence regarding settlement negotiations or agreements.

X.  **APPLICATION OF AGREEMENT ONLY TO THE PARTIES**

This Agreement is intended to confer rights and benefits only on the parties hereto and only with respect to the terms and conditions set forth herein.

CONFIDENTIAL SUBJECT TO MARCH 2000 PROTECTIVE ORDER

SEA-000012

XI. **ENTIRE AGREEMENT/AMENDMENTS TO AGREEMENT**

This Agreement is the complete and entire agreement of the parties and may not be modified, changed, contradicted, added to, or altered in any way by any previous written or oral agreements or any subsequent oral agreements. No amendments or variations of the terms of the Agreement shall be valid unless made in writing and signed by both parties.

XII. **CONFIDENTIALITY**

The terms and conditions of this Agreement shall remain confidential and shall not be disclosed to any person or entity without the prior written consent of both parties, except: as required by contract or by authority of a court, administrative tribunal, arbitration panel, regulatory agency; in the normal course of business for such purposes as audits and accounting; or, where exhaustion of the Unigard Policy's limits of liability applicable to Products Claims are at issue, to Grace's other insurers, to underlying claimants and to any other person or entity. Should a court order the disclosure of the terms of this Agreement to any other person or entity, the parties shall use their reasonable efforts to maintain its terms under seal and/or protective order.

13

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000013

XIII. REPRESENTATION AND WARRANTIES

Each party represents and warrants to the other:

A. that it is fully authorized to enter into this Agreement;

B. that it is a corporation, duly organized and validly existing in good standing under the laws of one of the states of the United States of America;

C. that it has taken all necessary corporate and internal legal actions to duly approve the making and performance of this Agreement and that no further governmental, regulatory, corporate or other internal approval is necessary;

D. that the making and performance of this Agreement will not violate any provision of law or of its articles of incorporation, charter or by-laws;

E. that it has read this entire Agreement and knows the contents hereof, that the terms hereof are contractual and not merely recitals, and that it has signed this Agreement of its own free act;

F. that in making this Agreement, it has obtained the advice of legal counsel; and

G. that there are no pending agreements, transactions or negotiations to which it is a party that would render this Agreement or any part thereof void, voidable or unenforceable.

14

CONFIDENTIAL SUBJECT TO MARCH 2007 PROTECTIVE ORDER

SEA-000014

XIV. <u>NOTICE</u>

All notices or other communications which any party desires or is required to give shall be given in writing and shall be deemed to have been given if sent by certified mail to the party at the address noted below or such other address as a party may designate in writing from time to time:

>  W. R. Grace & Co. - Conn.
>  Attn: Secretary
>  W. R. Grace & Co.
>  One Town Center Road
>  Boca Raton, Florida  33486

with a copy to:

>  Director of Corporate Risk Management
>  W. R. Grace & Co.
>  One Town Center Road
>  Boca Raton, Florida  33486


>  Unigard Security Insurance Company
>  Attn:  General Counsel
>  P.O. Box 90701
>  15805 N.E. 24th Street
>  Bellevue, Washington  98008

and

>  John Hancock Property and Casualty Company
>  Attn: General Counsel
>  P.O. Box 854
>  3 Copley Place
>  Boston, Massachusetts  02117

15

CONFIDENTIAL SUBJECT TO MARCH 2007 PROTECTIVE ORDER

SEA-000015

with a copy to:

    Allan E. Taylor, Esq.
    Taylor, Anderson & Travers
    75 Federal Street
    Boston, Massachusetts  02110

W. R. GRACE & CO.-CONN.

Date: 8/6/92     By /s/ [signature]
                 Its  VICE PRESIDENT

UNIGARD SECURITY INSURANCE COMPANY

Date: 8/3/92     By /s/ [signature]
                 Its  Assistant Secretary

16

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000016