# EXHIBIT 13
(May 15, 1995 Agreement)

## SETTLEMENT AGREEMENT, RELEASE AND

## INDEMNIFICATION/HOLD HARMLESS AGREEMENT

This Settlement Agreement, Release and Indemnification/Hold Harmless Agreement is entered into this _15th_ day of _May_, 1995 by W. R. Grace & Co.-Conn., a Connecticut corporation, and W. R. Grace & Co. (collectively "Grace") (as defined in Article II., D. of this Agreement) and Unigard Security Insurance Company, formerly Unigard Mutual Insurance Company ("Unigard") (as defined in Article II., E. of this Agreement).

I. RECITALS

WHEREAS, Grace and Unigard entered into a contract of insurance, Policy No. 1-0589 with a policy period of February 27, 1973 to June 30, 1975 ("the Unigard Policy"), which has annual limits of liability of Twenty Million Dollars ($20,000,000.00) in the aggregate for claims arising out of "Products" and/or "Products-Completed Operations," as those terms are defined and/or used under the Unigard Policy or any other policy whose form Unigard may be held to follow.

WHEREAS, numerous Asbestos-Related Claims (as defined in Article II., C. of this Agreement) have been made against Grace.

WHEREAS, in the following lawsuits, there are claims pending between Grace and a number of insurers, including Unigard, seeking declaratory relief and damages with respect to

the alleged obligations of the insurers, including Unigard, to defend and indemnify Grace for Asbestos-Related Claims (as defined in Article II., C. of this Agreement) against Grace:

W.R. Grace & Co.-Conn. v. Admiral Insurance Company, et al., No. BC 050432, filed in the Superior Court of the County of Los Angeles, California (the "California Action");

The County of Hennepin, et al. (Court File No. CT 89-019829), Sons of Norway International (Court File No. CT 90-002326), Metropolitan Airports Commission and Northwest Airlines (Court File No. 89-015537), and Minnesota/California Partners, a California General Partnership (Court File No. 90-7649), and in each case W.R. Grace & Co.-Conn. v. Central National Insurance Co., et al., filed in the District Court of the County of Hennepin, Minnesota, (the "Hennepin County Actions");

Ecolab Inc., et al. and W.R. Grace & Co.-Conn. v. Central National Insurance Co., No. 07-90-8450, filed in the District Court of the County of Ramsey, Minnesota (the "Ecolab Action");

Dayton Independent School District, et al. v. United States Mineral Products Co. and W. R. Grace & Co.-Conn. v. Admiral Insurance Co., et al., No. B-87-00507-CA, filed in the United States District Court for the Eastern District of Texas, Beaumont Division (the "Beaumont Action");

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000018

<u>Maryland Casualty Company v. W. R. Grace & Co., et al.</u>, No. 88 Civ. 2613 (SWK), filed in the United States District Court for the Southern District of New York (the "New York Action"); and

<u>American Employers Insurance Company, et al. v. W.R. Grace & Co.-Conn., et al.</u>, No. 6241-92, filed in the Supreme Court of the State of New York, County of New York (the "New York State Court Action").

These lawsuits shall be referred to collectively as "the insurance coverage litigation."

WHEREAS, Unigard denies that it has any obligation to defend or indemnify Grace in connection with any Asbestos-Related Claims.

WHEREAS, Grace and Unigard disagree concerning the limits of liability under the Unigard Policy for the period from February 27, 1973 to June 30, 1973.

WHEREAS, Grace and Unigard have incurred attorneys' fees and other expenses in connection with the insurance coverage litigation.

WHEREAS, Grace and Unigard anticipate that additional attorneys' fees and expenses will be incurred by each of them if they are required to pursue further and defend against the insurance coverage litigation, and Grace and Unigard desire to resolve amicably their disputes and discontinue the insurance

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000019

coverage litigation with respect to the Unigard Policy and to avoid the costs and risks of such litigation by entering into this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and intending to be legally bound hereby, Grace and Unigard agree as follows:

II. DEFINITIONS

A. The definitions of the terms "Personal Injuries" and "Property Damage" shall be the same as those terms are defined in the Unigard Policy or any other policy whose form the Unigard Policy may be held to follow.

B. "Products Claims" shall mean claims, including, but not limited to, claims for Personal Injury or Property Damage, that fall within the Aggregate "Product" Limits and/or the Aggregate "Product-Completed Operations" Limits as those terms are defined and/or used in the Unigard Policy or any policy whose form the Unigard Policy is held to follow.

C. "Asbestos-Related Claims" shall mean any and all claims, causes of action or suits asserted by any person, entity or governmental authority against Grace, whether in litigation or not, which seek to impose upon Grace legal liability for damages, or which seek any other relief from Grace, because or on account of or arising in any way from the manufacture, sale, handling, distribution, installation, presence, disposal, removal, replacement, encapsulation or other remediation or abatement of,

-4-

CONFIDENTIAL SUBJECT TO MARCH 2007 PROTECTIVE ORDER

or testing or monitoring or inspection for, asbestos-containing products or materials in or from any building or other structure, including without limitation (1) alleged property damage or other harm, allegedly caused by or on account of asbestos or asbestos fiber, or (2) alleged bodily injury, personal injury, sickness, disease, shock, fright, mental anguish and injury, increased risk of harm, and/or death or other harm, allegedly caused by or on account of asbestos or asbestos fiber, or (3) any combination thereof.

D. "Grace" shall mean W.R. Grace & Co.-Conn., and/or W.R. Grace & Co. and their respective predecessors, successors, divisions, subdivisions, departments and subsidiary companies or corporations.

E. "Unigard" shall mean Unigard Security Insurance Company, John Hancock Mutual Life Insurance Company, John Hancock Property & Casualty Holding Company, John Hancock Management Company, any entity owned or controlled by any of them, and the past and present directors, officers, employees, parents, subsidiaries, predecessors, and successors of each of the foregoing, together with the assigns of any rights or obligations of any of them under the Unigard Policy.

III. PAYMENT BY UNIGARD IN COMPROMISE OF DISPUTED CLAIMS

Within twenty one days after the date of the execution of this Agreement, Unigard will pay to Grace the sum of Thirty-Two Million Five Hundred Thousand Dollars ($32,500,000.00), for

-5-

claims arising out of "Products" and/or "Products-Completed Operations," as those terms are defined under the Unigard Policy or any other policy whose form Unigard may be held to follow, for all Products Claims and for all Asbestos-Related Claims (the "Settlement Amount"). Grace will provide to Unigard any information within Grace's possession or control that Unigard shall reasonably request relating to any Products Claims or any Asbestos-Related Claims. Unigard shall not seek to recover from any of Grace's insurers any portion of the Settlement Amount other than any amounts owed to Unigard arising out of agreements to provide reinsurance to Unigard under the Unigard Policy.

IV. RELEASE

In consideration of the payment by Unigard of the Settlement Amount and the mutual release of rights contained herein, Grace does hereby fully and forever release and discharge Unigard, its agents, reinsurers and attorneys from any obligation under the Unigard Policy for any and all past, present, or future claims, demands, obligations, suits, actions, causes of action and rights whatsoever for indemnity, defense and/or damages (including compensatory, punitive, exemplary, extracontractual or statutory) or other payments of any nature, which Grace may have or otherwise be required to pay, or which may hereafter accrue, (a) on account of, in any way growing out of, or in any way related to any Products Claims and/or any Asbestos-Related Claims under the Unigard Policy, whether known or unknown as of the date

-6-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

of execution of this Agreement; and (b) for any damages (including compensatory, punitive, exemplary, extracontractual or statutory) based upon any allegations of bad faith, unfair claim practice, unfair trade practice or other act or failure to act arising out of Unigard's role as an insurer under the Unigard Policy with respect to any Products Claims and/or any Asbestos-Related Claims whatsoever.

Grace's release of Unigard shall in no event inure to the benefit of any other insurance company that, at any time after the date this Agreement is executed, is merged into Unigard, or in which Unigard, at any time after the date this Agreement is executed, acquires a controlling interest.

## V. INDEMNIFICATION/HOLD HARMLESS AGREEMENT

A. In further consideration of the Settlement Amount, Grace agrees to indemnify, to hold Unigard harmless from and to reimburse Unigard for the full amount of any judgment, award, payment, settlement, suit or claim against Unigard by any other insurance carrier seeking contribution under the Unigard Policy for Product Claims or Asbestos-Related Claims, or by any other person or entity claiming any right, assignment of rights, rights of subrogation, title or interest in or under the Unigard Policy for Product Claims or Asbestos-Related Claims, including without limitation claims for damages (including compensatory, punitive, exemplary, extracontractual or statutory) caused or allegedly caused in whole or in part by the negligence, bad faith,

-7-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000023

statutory violation, breach of contract, breach of duty or other conduct of Unigard under the Unigard Policy with respect to such Product Claims or Asbestos-Related Claims; but provided, however, that in no event shall Grace be obligated to indemnify, to hold Unigard harmless from or to reimburse Unigard for (i) any claim arising out of reinsurance provided to Unigard under the Unigard Policy, or (ii) the amount of any payment or settlement entered into by Unigard without the prior consent of Grace, which consent shall not be unreasonably withheld.

B.  Grace also agrees to indemnify Unigard for all costs and reasonable attorneys' fees associated with the claims for which Grace is obligated to indemnify Unigard as set forth in paragraph A of this Article, and which are incurred after the execution of this Agreement, but excluding any costs associated with the enforcement of this Agreement. Unigard immediately shall advise Grace of the pendency of any suit or claim for which Grace is obligated to indemnify Unigard as set forth in Article V of this Agreement and keep Grace informed of any developments with respect to such claims or suits, including but not limited to any discovery requests and any motions.

C.  Unigard shall defend diligently and in good faith any claim for which Grace is obligated to indemnify Unigard as set forth in paragraph A of this Article, utilizing the services of Taylor, Anderson & Travers or, at Unigard's option, other counsel approved by Grace.

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000024

D. Unigard shall not incur costs or attorneys' fees without the prior approval of Grace, which approval shall not be unreasonably withheld.

E. Grace has the right, at its own expense, to participate in the defense of Unigard.

## VI. NO ADMISSIONS BY THE PARTIES

A. The payment by Unigard of the Settlement Amount and its receipt by Grace is for the compromise of disputed claims, and neither such payment nor its receipt shall be construed as an admission by Unigard or Grace that any coverage or obligation to pay exists or does not exist under any Unigard policy for defense or indemnity of Grace for claims of any nature. By entering into this Agreement, Unigard does not admit that it has any liability or obligation to Grace or to any other person.

B. Further, this Agreement is not intended to be, nor shall it be construed as, an admission with respect to policy interpretation or as an admission by any party regarding any duties, rights or obligations arising under the Unigard Policy or any other policy of insurance issued by Unigard to Grace or anyone else. Nothing in this Agreement shall be deemed to constitute a release, compromise, waiver or an estoppel of any right of Grace or Unigard to assert any claim or defense pursuant to any policy of insurance issued by Unigard or any other insurer, except as specifically provided in this Agreement.

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000025

VII. <u>DISMISSAL WITH PREJUDICE OF CERTAIN ACTIONS, CLAIMS, AND CAUSES OF ACTION</u>

A.  Upon the execution of this Agreement by the parties and the payment by Unigard as set forth in Article III of this Agreement, Grace will dismiss with prejudice the claims and causes of action Grace has asserted against Unigard relating to the Unigard Policy in the Hennepin County Actions, The Ecolab Action, the Beaumont Action, and the New York Action. Further, Grace will make all reasonable efforts to cause the remaining third-party plaintiffs in the Beaumont Action and the remaining plaintiffs in the Hennepin County Actions and the Ecolab Action to dismiss with prejudice the claims and causes of action they have asserted against Unigard relating to the Unigard Policy in the Beaumont Action, the Hennepin County Actions and the Ecolab Action.

B.  Unigard and Grace agree that the Dismissal Without Prejudice of Unigard by Grace entered by the Court on April 6, 1994 in the California Action shall have the same force and effect as a Dismissal with Prejudice of Unigard by Grace entered by the Court in the California Action. Further, Grace will not refile the California Action against Unigard.

C.  Unigard will dismiss with prejudice the claims and causes of action Unigard has asserted against Grace relating to the Unigard Policy in the New York State Court Action.

D.  Each party shall bear its own past costs and attorneys' fees incurred in connection with the insurance

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000026

coverage litigation and any such costs and fees incurred to negotiate or implement the terms of this Agreement.

    E.   Grace will cooperate with Unigard to minimize and prevent the possibility of the prosecution of cross-claims or other actions against Unigard by any other party.

## VIII. NO CONSTRUCTION AGAINST EITHER PARTY

The wording of this Agreement was reviewed and accepted by legal counsel for Grace and Unigard prior to its being signed by them. Any ambiguities in the language of this Agreement shall not be construed against either party on the grounds that the party was the alleged drafter of the language in the event of any dispute arising between them in connection with this Agreement.

## IX. INADMISSIBILITY OF AGREEMENT

Any evidence of the existence, terms or negotiation of this Agreement shall be inadmissible in any litigation, action or other proceeding, provided, however, that such evidence may be offered in an action seeking solely to enforce the terms of this Agreement or in connection with any litigation, action or other proceeding, between Unigard and any of its reinsurers. This Agreement has been entered into in reliance upon the provisions of Rule 408 of the Federal Rules of Evidence and similar state law provisions which preclude the introduction of evidence regarding settlement negotiations or agreements.

CONFIDENTIAL SUBJECT TO MARCH 2000 PROTECTIVE ORDER

SEA-000027

X. APPLICATION OF AGREEMENT ONLY TO THE PARTIES

This Agreement is intended to confer rights and benefits only on the parties hereto and only with respect to the terms and conditions set forth herein.

XI. ENTIRE AGREEMENT/AMENDMENTS TO AGREEMENT

This Agreement is the complete and entire agreement of the parties and may not be modified, changed, contradicted, added to, or altered in any way by any previous written or oral agreements or any subsequent oral agreements. No amendments or variations of the terms of this Agreement shall be valid unless made in writing and signed by both parties.

XII. CONFIDENTIALITY

The terms and conditions of this Agreement shall remain confidential and shall not be disclosed to any person or entity without the prior written consent of both parties, except: as required by contract or by authority of a court, administrative tribunal, arbitration panel, or regulatory agency, including, but not limited to, the United States Securities and Exchange Commission; other insurers of Grace; reinsurers of Unigard; in the normal course of business for such purposes as audits and accounting; or to the extent required to defend against disputes, claims or actions described in Articles III, IV and V of this Agreement. Should a court order the disclosure of the terms of this Agreement to any other person or entity, the parties shall

-12-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

use their reasonable efforts to maintain its terms under seal and/or protective order.

XIII. <u>REPRESENTATION AND WARRANTIES</u>

Each party represents and warrants to the other:

A. that it is fully authorized to enter into this Agreement;

B. that it is a corporation, duly organized and validly existing in good standing under the laws of one of the states of the United States of America;

C. that it has taken all necessary corporate and internal legal actions to duly approve the making and performance of this Agreement and that no further governmental, regulatory, corporate or other internal approval is necessary;

D. that the making and performance of this Agreement will not violate any provision of law or of its articles of incorporation, charter or by-laws;

E. that it has read this entire Agreement and knows the contents hereof, that the terms hereof are contractual and not merely recitals, and that it has signed this Agreement of its own free act;

F. that in making this Agreement, it has obtained the advice of legal counsel; and

-13-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000029

    G.    that there are no pending agreements, transactions or negotiations to which it is a party that would render this Agreement or any part thereof void, voidable or unenforceable.

## XIV. NOTICE

All notices or other communications which any party desires or is required to give shall be given in writing and shall be deemed to have been given if sent by certified mail to the party at the address noted below or such other address as a party may designate in writing from time to time:

If to Grace:

    W. R. Grace & Co.
    One Town Center Road
    Boca Raton, Florida 33486
    Attn: Secretary

with a copy to:

    Director of Corporate Risk Management
    W. R. Grace & Co.
    One Town Center Road
    Boca Raton, Florida 33486

If to Unigard:

    Michael Studley, Esq.
    General Counsel
    Unigard Security Insurance Company
    c/o John Hancock Property and Casualty Company
    P.O. Box 854
    200 Clarendon Street, T-55
    Boston, Massachusetts 02117

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000030

and

>John Hancock Property and Casualty Company
>Attn: General Counsel
>P.O. Box 854
>200 Clarendon Street, T-29
>Boston, Massachusetts 02117

with a copy to:

>Allan E. Taylor, Esq.
>Taylor, Anderson & Travers
>75 Federal Street
>Boston, Massachusetts 02110

W. R. GRACE & CO.-CONN.

Date: 5/15/95   By: _____

Its: Asst. VP

W. R. GRACE & CO.

Date: 5/15/95   By: _____

Its: Asst. VP

UNIGARD SECURITY INSURANCE COMPANY

Date: 12 MAY 1995   By: _____

Its: GENERAL COUNSEL + CORPORATE SECRETARY

-15-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000031