# EXHIBIT 15
(March 5, 1997 Agreement)

# SETTLEMENT AGREEMENT & RELEASE

### Between

### W. R. GRACE & CO.

### and

### UNIGARD SECURITY INSURANCE COMPANY

### March 5, 1997

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000048

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into this
$5th$ day of *March* , 1997 by W. R. Grace & Co., a Delaware
corporation, W. R. Grace & Co., a New York corporation which
changed its name to Fresenius National Medical Care Holdings,
Inc., and W.R. Grace & Co.-Conn., a Connecticut corporation
(collectively "Grace") (as defined in Article II., A. of this
Agreement) and Unigard Security Insurance Company, formerly
Unigard Mutual Insurance Company ("Unigard") (as defined in
Article II., B. of this Agreement).

I.    RECITALS

WHEREAS, Unigard issued to Grace two policies of insurance,
Policy No. 1-2517 with a policy period of June 30, 1974 to June
30, 1975 and Policy No. 1-0589 with a policy period of February
27, 1973 to June 30, 1975 (collectively the "Unigard Policies").

WHEREAS, Grace has asserted that Unigard is responsible
under the Unigard Policies to defend and indemnify Grace as a
result of liability, or potential future liability, of Grace
arising out of Environmental Claims (as defined in Article II.,
D. of this Agreement) asserted, or which may in the future be
asserted; and

WHEREAS, there is a dispute between Grace and Unigard with
respect to Unigard's obligations under the Unigard Policies to
defend and/or indemnify Grace with respect to such claims, which
is the subject of certain pending cross-claims brought by Grace
against Unigard in an action entitled Maryland Casualty Co., v.
W. R. Grace & Co., et al., United States District Court for the

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000049

Southern District of New York, Civil Action No. 88 Civ. 4337 (JGM) (the "Pending Litigation"); and

**WHEREAS,** Unigard has denied that it has any such obligation to Grace, and has defended the Pending Litigation against it; and

**WHEREAS,** the parties believe that it is in their mutual interest to reach an amicable resolution with respect to all Environmental Claims and the issues raised in the Pending Litigation without admission or adjudication of any issue of fact or law, and to resolve all past, present or future disputes relating to Unigard's obligations to Grace under the Unigard Policies with respect to Environmental Claims;

**NOW, THEREFORE,** in consideration of the mutual promises contained herein and other good and valuable consideration, Grace and Unigard hereby agree as follows:

II.   <u>DEFINITIONS</u>

A.   "Grace" shall mean W. R. Grace & Co.-Conn., a Connecticut corporation, W. R. Grace & Co., a New York corporation which changed its name to Fresenius National Medical Holdings, Inc., and W.R. Grace & Co., a Delaware corporation, and their respective predecessors, successors, and subsidiary companies or corporations.

B.   "Unigard" shall mean Unigard Security Insurance Company, John Hancock Mutual Life Insurance Company, John Hancock Property & Casualty Holding Company, John Hancock Management Company, any entity owned or controlled by any of them, and the past and present directors, officers, employees, parents, subsidiaries, predecessors, and successors of each of the

-2-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000050

foregoing, together with the assigns of any rights or obligations of any of them under the Unigard Policies.

C.    "Person" shall mean an individual, a corporation, a partnership, an association, a proprietorship, a trust or any other entity or organization, any federal, state, local or foreign governmental or quasi-governmental body or political subdivision or any agency or instrumentality thereof, or any person or entity acting or purporting to act on behalf of any federal, state, local or foreign governmental or quasi-governmental body or political subdivision or any agency or instrumentality thereof.

D.    "Environmental Claims" shall mean any past, present and/or future claim, action, suit, proceeding or notice of liability or potential liability, whether made at law or equity and whether sounding in contract, tort or any other common law or statutory cause of action made against Grace by any Person for environmental liabilities involving alleged, actual, threatened or potential pollution, contamination or other injurious environmental condition, or injury to, destruction of or loss of natural resources, and including any property damage, natural resource damage, cleanup or remediation, but shall not include personal injury claims.  The term "personal injury claims" shall mean any past, present and/or future claim, action, suit, proceeding or notice of liability or potential liability, whether made at law or equity and whether sounding in contract, tort or any other common law or statutory cause of action made against Grace by any Person for bodily injury, sickness or disease, mental injury, mental anguish, malpractice, shock, disability,

-3-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

false arrest, false imprisonment, detention, malicious prosecution, discrimination, humiliation, libel, slander or defamation of character, including death at any time resulting therefrom. For the purpose of this Agreement, however, the term "personal injury claims" shall not include any past, present and/or future claim, action, suit, proceeding or notice of liability or potential liability, whether made at law or equity and whether sounding in contract, tort or any other common law or statutory cause of action made against Grace by any Person for wrongful entry or eviction, nuisance or trespass, or invasion of the right of privacy or occupancy arising out of alleged, actual, threatened or potential pollution, contamination or other injurious environmental condition.

### III. PAYMENT BY UNIGARD IN COMPROMISE OF DISPUTED CLAIMS

In full and final settlement of all Environmental Claims that Grace has or may have, now or in the future, known or unknown, against Unigard under the Unigard policies, Unigard will pay to Grace within 30 days after execution of this Agreement by both parties the total sum of Two Million Dollars ($2,000,000) (the "Settlement Amount").

### IV. DISMISSAL WITH PREJUDICE OF PENDING LITIGATION

Upon receipt of the payment of the Settlement Amount, Grace and Unigard shall discontinue with prejudice their prosecution of their claims against each other in the Pending Litigation. Each party shall bear its own past costs and attorneys' fees incurred in connection with the Pending

-4-

CONFIDENTIAL SUBJECT TO MARCH 2000 PROTECTIVE ORDER

Litigation and any such costs and fees incurred to negotiate or implement the terms of this Agreement.

V.   RELEASE

A.   In further consideration of the payment of the Settlement Amount by Unigard and the mutual release of rights contained herein, Grace does hereby fully and forever release and discharge Unigard, its agents, reinsurers and attorneys from any obligation arising under the Unigard policies for any and all past, present, or future claims, demands, obligations, suits, actions, causes of action and rights whatsoever for indemnity, defense and/or damages or other payments of any nature, which Grace may have paid, may agree to pay, or otherwise may be required to pay, or which may hereafter accrue, on account of or arising out of Environmental Claims, whether known or unknown as of the date of execution of this Agreement; and for any damages (including compensatory, punitive, exemplary, extracontractual or statutory) based upon any allegations of bad faith, unfair claim practice, unfair trade practice or other act or failure to act arising out of Unigard's role as an insurer under the Unigard policies with respect to any Environmental Claims.

B.   In further consideration of the payment of the Settlement Amount by Unigard and the mutual release of rights contained herein, Grace agrees that it will not seek to recover from Unigard amounts it paid in defense of and to settle claims which were the subject of a lawsuit in the United States District Court for the District of Massachusetts entitled Anne Anderson et al. v. W.R. Grace & Co., et al., Civil Action No. 82-1672-S,

-5-

CONFIDENTIAL SUBJECT TO MARCH
2000 PROTECTIVE ORDER

SEA-000053

filed on May 14, ·1982 and which were the subject of a settlement agreement entered into as of September 20, 1986 between Grace and the plaintiffs in that action.

C.    Grace represents that as of the date of execution of this Agreement, it is not aware of any Environmental Claims contemplated being made against the Unigard Policies by any former subsidiary of Grace or any other entity which may be entitled to coverage under the Unigard Policies.

D.    Grace's release of Unigard shall in no event inure to the benefit of any other insurance company that, at any time after the date of this Agreement is executed, is merged into Unigard, or in which Unigard, at any time after the date this Agreement is executed, acquires a controlling interest.

VI.    <u>NO ADMISSIONS BY THE PARTIES</u>

A.    The payment by Unigard of the Settlement Amount and its receipt by Grace is for the compromise of disputed claims, and neither such payment nor its receipt shall be construed as an admission by Unigard or Grace that any coverage or obligation to pay exists or does not exist under any Unigard policy for defense or indemnity of Grace for claims of any nature. By entering into this Agreement, Unigard does not admit that it has any liability or obligation to Grace or to any other person.

B.    Further, this Agreement is not intended to be, nor shall it be construed as, an admission with respect to policy interpretation or as an admission by any party regarding any duties, rights or obligations arising under the Unigard Policies

-6-

CONFIDENTIAL SUBJECT TO MARCH 2002 PROTECTIVE ORDER

SEA-000054

or any other policy of insurance issued by Unigard to Grace or anyone else. Nothing in this Agreement shall be deemed to constitute a release, compromise, waiver or an estoppel of any right of Grace or Unigard to assert any claim or defense pursuant to any policy of insurance issued by Unigard or any other insurer, except as specifically provided in this Agreement.

VII. <u>NO CONSTRUCTION AGAINST EITHER PARTY</u>

The wording of this Agreement was reviewed and accepted by legal counsel for Grace and Unigard prior to its being signed by them. Any ambiguities in the language of this Agreement shall not be construed against either party on the grounds that the party was the alleged drafter of the language in the event of any dispute arising between them in connection with this Agreement.

VIII. <u>INADMISSIBILITY OF AGREEMENT</u>

Any evidence of the existence, terms or negotiation of this Agreement shall be inadmissible in any litigation, action or other proceeding, provided, however, that such evidence may be offered (1) by either party in an action seeking solely to enforce the terms of this Agreement, (2) by Unigard in connection with any litigation, action or other proceeding, between Unigard and any of its reinsurers, and (3) Grace may offer this Agreement as evidence in any trial or proceeding as needed to support an allocation of liability among its various insurance carriers. This Agreement has been entered into in reliance upon the provisions of Rule 408 of the Federal Rules of Evidence and similar state law provisions which preclude the introduction of

-7-

CONFIDENTIAL SUBJECT TO MARCH 2000 PROTECTIVE ORDER

SEA-000055

evidence regarding settlement negotiations or agreements.

### IX.    APPLICATION OF AGREEMENT ONLY TO THE PARTIES

This Agreement is intended to confer rights and benefits only on the parties hereto and only with respect to the terms and conditions set forth herein.

### X.    ENTIRE AGREEMENT/AMENDMENTS TO AGREEMENT

This Agreement is the complete and entire agreement of the parties and may not be modified, changed, contradicted, added to, or altered in any way by any previous written or oral agreements or any subsequent oral agreements.  No amendments or variations of the terms of this Agreement shall be valid unless made in writing and signed by both parties.

### XI.    CONFIDENTIALITY

The terms and conditions of this Agreement shall remain confidential and shall not be disclosed to any person or entity without the prior written consent of both parties, except: as required by contract or by authority of a court, administrative tribunal, arbitration panel, or regulatory agency, including, but not limited to, the United States Securities and Exchange Commission or any court in which the issue of allocation of liability among Grace's insurers is being heard; other insurers of Grace; reinsurers of Unigard; in the normal course of business for such purposes as audits and accounting; to the extent required to defend against disputes, claims or actions related to this Agreement; or to the extent required to litigate or resolve

-8-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

issues related to claims of exclusion or impairment of the
Unigard Policies.  Should a court order the disclosure of the
terms of this Agreement to any other person or entity, the
parties shall use their reasonable efforts to maintain its terms
under seal and/or protective order.

XII.  REPRESENTATION AND WARRANTIES

Each party represents and warrants to the other:

A.  that it is fully authorized to enter into this
Agreement;

B.  that it is a corporation, duly organized and
validly existing in good standing under the laws
of one of the states of the United States of
America;

C.  that it has taken all necessary corporate and
internal legal actions to duly approve the making
and performance of this Agreement and that no
further governmental, regulatory, corporate or
other internal approval is necessary;

D.  that the making and performance of this Agreement
will not violate any provision of law or of its
articles of incorporation, charter or by-laws;

E.  that it has read this entire Agreement and knows
the contents hereof, that the terms hereof are
contractual and not merely recitals, and that it
has signed this Agreement of its own free act;

-9-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000057

F.    that in making this Agreement, it has obtained the
advice of legal counsel; and

G.    that there are no pending agreements, transactions
or negotiations to which it is a party that would
render this Agreement or any part thereof void,
voidable or unenforceable.

XIII. <u>AGREEMENT NOT TO SUE OR SEEK RECOVERY</u>

A.    Unigard agrees not to sue or otherwise seek to
recover the Settlement Amount paid to Grace from any other
insurance companies that wrote coverage for Grace to the extent
that such other insurance companies do not sue or otherwise seek
to recover from Unigard amounts paid to Grace for Environmental
Claims.

B.    Nothing in this Agreement shall preclude Unigard
from seeking recovery of the Settlement Amount from its
reinsurers.

C.    Grace agrees to use reasonable efforts to obtain
the same agreements from insurance companies with which it
settles in the future, with respect to Environmental Claims, that
such insurance companies will not sue or otherwise seek to
recover from Unigard amounts paid to Grace pursuant to such
settlement agreements.

D.    Grace warrants that it has obtained the same
agreement as set forth in Section XIII. A. of this Agreement from
Allstate Insurance Company and Certain Underwriters at Lloyd's,
London and London Market Insurance Companies with which it has
settled in the past, with respect to Environmental Claims, that

-10-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

such insurance companies will not sue or otherwise seek to recover from other insurance companies amounts paid to Grace pursuant to such settlement agreements.

XIV. <u>RESERVATION OF RIGHTS</u>

Grace reserves all of its rights, without limitation, to enforce coverage provided by Unigard on any and all grounds for any and all claims for coverage which are not released in this Agreement.  Unigard reserves all of its rights, without limitation, to deny or dispute coverage to Grace on any and all grounds for any and all claims for coverage which are not released in this Agreement.

XV.    <u>NOTICE</u>

All notices or other communications which any party desires or is required to give shall be given in writing and shall be deemed to have been given if sent by certified mail to the party at the address noted below or such other address as a party may designate in writing from time to time:

If to Grace:

    W. R. Grace & Co.
    One Town Center Road
    Boca Raton, Florida  33486
    Attn: Secretary

with a copy to:

    Director of Corporate Risk Management
    W. R. Grace & Co.
    One Town Center Road
    Boca Raton, Florida  33486

-11-

CONFIDENTIAL SUBJECT TO MARCH
PROTECTIVE ORDER

If to Unigard:

    Michael Studley, Esq.
    General Counsel
    Unigard Security Insurance Company
    c/o John Hancock Property and Casualty Company
    P.O. Box 854
    200 Clarendon Street, T-55
    Boston, Massachusetts  02117

       and

    John Hancock Property and Casualty Company
    Attn: General Counsel
    P.O. Box 854
    200 Clarendon Street, T-55
    Boston, Massachusetts  02117

       and

    William P. Hutt, CPCU
    Second Vice President
    John Hancock Management Company
    P.O. Box 854
    200 Clarendon Street, T-29
    Boston, Massachusetts  02117

with a copy to:

    James J. Duane, III, Esq.
    Taylor, Duane, Barton & Gilman
    75 Federal Street
    Boston, Massachusetts  02110

Date: ___3/3/97___    W. R. GRACE & CO. (a Delaware
                      corporation)

                      By _____

                      Its _Asst VP_____

-12-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000060

Date: _3/3/57_                   W.R. GRACE & CO. (a New York corporation
                                 which changed its name to Fresenius
                                 National Medical Care Holdings, Inc.)
                                 By its Attorney-In-Fact
                                 W.R. GRACE-CONN.

                                 By _____

                                 Its _____

Date: _3/3/57_                   W.R. GRACE & CO-CONN. (a Connecticut
                                 corporation)

                                 By _____

                                 Its _____

                                 UNIGARD SECURITY INSURANCE COMPANY

Date: _3/5/97_                   By _____

                                 Its _____

-13-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000061