IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., *et al.* | : | Case No. 01-01139 JKF |
| | : | |
| Debtors. | : | **Docket Reference No. 20872** |

GEICO/REPUBLIC/SEATON PROFFER OF EVIDENCE
FOR PHASE I OF THE CONFIRMATION HEARING

Pursuant to the protocol established by the parties, and approved by the Court, on Day 2
of Phase I of the Confirmation Hearing (June 23, 2009), Government Employees Insurance
Company ("GEICO"), Republic Insurance Company ("Republic"), and Seaton Insurance
Company ("Seaton") hereby proffer the following GRS exhibits for purposes of Phase I of the
Confirmation Hearing:

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| GRS-1 | Objections and Responses of the Official Committee of Asbestos Personal Injury Claimants to Discovery Requests Propounded by Government Employees Insurance Company and Columbia Insurance Company, dated March 6, 2009 |

Basis of Proffer:

RFA Resp. Nos. 3, 4, 8, 9, 10, 12, 13, 14, 19, 20, 24, 25, 26, 28, 29, 30, and Interrog.
Resp. Nos. 1, 2:  The ACC's responses are relevant evidence that GEICO and Republic did not
consent and were not invited to participate in the negotiation and drafting of the Plan and certain
Plan Documents.

RFA Resp. Nos. 39, 40 and 42:  The ACC's responses are relevant evidence that GEICO
and Republic were not consulted and did not consent to the selection of the proposed members of
the TAC and proposed Trustees for the Asbestos PI Trust.

RFA Resp. Nos. 15, 31, 33, 34, and Interrog. Resp. No. 4:  The ACC's responses are
relevant evidence that the Plan does not provide for any role by GEICO or Republic in the
investigation, defense and settlement of Asbestos PI Claims by the Asbestos PI Trust.

The foregoing evidence of the exclusion of the insurers from (i) the plan negotiations, (ii) the drafting of the Plan and Plan Documents, and (iii) the selection of the individuals who will control the Asbestos PI Trust supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.

RFA Resp. No. 41:  The ACC's response relates to the TAC conflict of interest issue to the extent that that is a Phase I issue.  It is relevant to establish that the TAC members, and their respective law firms, represent some, but not all, holders of current Asbestos PI Claims.  That, in turn, is relevant to the conflict of interest they have by virtue of the separate fiduciary duties they owe to their clients, on the one hand, and the fiduciary duties they owe to all beneficiaries of the Asbestos PI Trust, including non-clients, on the other hand.

| Exhibit No. | Description |
|---|---|
| GRS-2 | Objections and Responses to the Official Committee of Asbestos Personal Injury Claimants to Discovery Requests Propounded by OneBeacon America Insurance Company and Seaton Insurance Company, dated March 6, 2009 |

Basis of Proffer:

Interrog. Resp. No. 2:  The ACC's response is relevant evidence of Plan Proponents' contention that residual coverage for Asbestos PI Claims remains available under Seaton Policy No. 1-2517, and therefore Seaton remains a purported insurer of Grace, as well as a creditor.

RFA Resp. Nos. 9, 10, 11 and 12 and Interrog. Resp. Nos. 5 and 8:  The ACC's responses are relevant to show that Seaton could be construed to be included within the phrase "beneficiaries of the Asbestos PI Trust" as it appears in § 7.15(b) of the Plan and, therefore, that the "insurance neutrality" conferred on Seaton, as an alleged insurer, by § 7.15(a) could be mistakenly construed to be taken away by § 7.15(b).

| Exhibit No. | Description |
|---|---|
| GRS-3 | Asbestos PI Future Claimants' Representative's Response to Government Employees Insurance Company and Columbia Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009 |

Basis of Proffer:

RFA Resp. Nos. 3, 4, 8, 9, 10, 12, 13, 14, 19, 20, 24, 25, 26, 28, 29, 30, and Interrog. Resp. Nos. 1, 2:  The FCR's responses are relevant evidence that GEICO and Republic did not consent and were not invited to participate in the negotiation and drafting of the Plan and certain Plan Documents.

RFA Resp. Nos. 39, 40 and 42:  The FCR's responses are relevant evidence that GEICO and Republic were not consulted and did not consent to the selection of the proposed members of the TAC and proposed Trustees for the Asbestos PI Trust.

RFA Resp. Nos. 15, 31, 33, 34, and Interrog. Resp. No. 4:  The FCR's responses are relevant evidence that the Plan does not provide for any role by GEICO or Republic in the investigation, defense and settlement of Asbestos PI Claims by the Asbestos PI Trust.

The foregoing evidence of the exclusion of the insurers from (i) the plan negotiations, (ii) the drafting of the Plan and Plan Documents, and (iii) the selection of the individuals who will control the Asbestos PI Trust supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.

RFA Resp. No. 41:  The FCR's response relates to the TAC conflict of interest issue to the extent that that is a Phase I issue.  It is relevant to establish that the TAC members, and their respective law firms, represent some, but not all, holders of current Asbestos PI Claims.  That, in turn, is relevant to the conflict of interest they have by virtue of the separate fiduciary duties they owe to their clients, on the one hand, and the fiduciary duties they owe to all beneficiaries of the Asbestos PI Trust, including non-clients, on the other hand.

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| GRS-4 | Asbestos PI Future Claimants' Representative's Response to OneBeacon America Insurance Company and Seaton Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009 |

Basis of Proffer:

Interrog. Resp. No. 2:  The FCR's response is relevant evidence of Plan Proponents' contention that residual coverage for Asbestos PI Claims remains available under Seaton Policy No. 1-2517, and therefore Seaton remains a purported insurer of Grace, as well as a creditor.

RFA Resp. Nos. 9, 10, 11, and 12 and Interrog. Resp. Nos. 5 and 8:  The FCR's responses are relevant to show that Seaton could be construed to be included within the phrase "beneficiaries of the Asbestos PI Trust" as it appears in § 7.15(b) of the Plan and, therefore, that

the "insurance neutrality" conferred on Seaton, as an alleged insurer, by § 7.15(a) could be mistakenly construed to be taken away by § 7.15(b).

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| GRS-5 | Debtors' Response to Government Employees Insurance Company and Columbia Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009 |

Basis of Proffer:

RFA Resp. Nos. 1, 17, and Interrog. Resp. No. 3:  Debtors' responses are relevant evidence that GEICO and Republic have not breached any provision of the policies of insurance issued to Debtors by GEICO or Republic.

RFA Resp. Nos. 3, 4, 8, 9, 10, 12, 13, 14, 19, 20, 24, 25, 26, 28, 29, 30, and Interrog. Resp. Nos. 1, 2:  Debtors' responses are relevant evidence that GEICO and Republic did not consent and were not invited to participate in the negotiation and drafting of the Plan and certain Plan Documents.

RFA Resp. Nos. 39, 40 and 42:  Debtors' responses are relevant evidence that GEICO and Republic were not consulted and did not consent to the selection of the proposed members of the TAC and proposed Trustees for the Asbestos PI Trust.

RFA Resp. Nos. 15, 31, 33, 34, and Interrog. Resp. No. 4:  Debtors' responses are relevant evidence that the Plan does not provide for any role by GEICO or Republic in the investigation, defense and settlement of Asbestos PI Claims by the Asbestos PI Trust.

The foregoing evidence of the exclusion of the insurers from (i) the plan negotiations, (ii) the drafting of the Plan and Plan Documents, and (iii) the selection of the individuals who will control the Asbestos PI Trust supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.

RFA Resp. No. 41:  Debtors' response relates to the conflict of interest issue to the extent that that is a Phase I issue.  It is relevant to establish that the TAC members, and their respective law firms, represent some, but not all, holders of current Asbestos PI Claims.  That, in turn, is relevant to the conflict of interest they have by virtue of the separate fiduciary duties they owe to their clients, on the one hand, and the fiduciary duties they owe to all beneficiaries of the Asbestos PI Trust, including non-clients, on the other hand.

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| GRS-6 | Debtors' Response to OneBeacon America Insurance Company and Seaton Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009 |

Basis of Proffer:

Interrog. Resp. No. 2:  Debtors' response is relevant evidence of Plan Proponents' contention that residual coverage for Asbestos PI Claims remains available under Seaton Policy No. 1-2517, and therefore Seaton remains a purported insurer of Grace, as well as a creditor.

RFA Resp. Nos. 9, 10, 11 and 12 and Interrog. Resp. Nos. 5 and 8:  Debtors' responses are relevant to show that Seaton could be construed to be included within the phrase "beneficiaries of the Asbestos PI Trust" as it appears in § 7.15(b) of the Plan and, therefore, that the "insurance neutrality" conferred on Seaton, as an alleged insurer, by § 7.15(a) could be mistakenly construed to be taken away by § 7.15(b).

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| GRS-17 | Complaint for Declaratory and Other Relief, *The Scotts Company v. American Employers' Ins. Co., et al.*, Adv. No. 04-55083, dated September 2, 2004 |

Basis of Proffer:

Trial Exhibit GRS-17 is relevant evidence that The Scotts Company is pursuing the Debtors' insurers – both settled and non-settled – for insurance coverage under insurance policies issued to Grace as a purported "vendor" of Grace's products.  *See generally* GEICO/Republic/Seaton Phase I Tr. Br. (D.I. 21943) at 12-13.

Trial Exhibit GRS-17 is not hearsay, as it is offered to prove the fact of The Scott's Company's *assertion*, and not to prove the truth of the matter asserted.  *See* F.R.E. 801(c).

Trial Exhibit GRS-17 is a public record, recorded or filed by the Clerk of Court in the record of Adversary Proceeding No. 04-55083.  *See* F.R.E. 901(b)(7).

| **EXHIBIT NO.** | **DESCRIPTION** |
|---|---|
| GRS-18 | Objections of BNSF Railway Company to Confirmation of the First Amended Chapter 11 Plan of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 3, 2009 (D.I. 21769), dated May 20, 2009 (and Exhibits thereto)<br>    • Ex. A –  Correspondence to James Kennedy from J.L. Toot, dated May 8, 1961<br>    • Ex. B –  Endorsement between Royal Indemnity Company and Zonolite Company, dated March 31, 1954<br>    • Ex. C –  Endorsement between Royal Indemnity Company and Zonolite Company, dated April 1, 1962 |

Basis of Proffer:

Trial Exhibit GRS-18 is relevant evidence that BNSF Railway Company has contemplated pursuing the Debtors' insurers – both settled and non-settled – for insurance coverage under insurance policies issued to Grace as a purported named or additional insured under those policies.  In particular, the Court's attention is directed to Paragraph 24 of Trial Exhibit GRS-18.  *See generally* GEICO/Republic/Seaton Phase I Tr. Br. (D.I. 21943) at 12-13.

Trial Exhibit GRS-18 is not hearsay, as it is offered to prove the fact of BNSF Railway Company's *assertion*, and not to prove the truth of the matter asserted.  *See* F.R.E. 801(c).

Trial Exhibit GRS-18 is a public record, recorded or filed by the Clerk of Court in the record of Bankruptcy Case No. 01-01139.  *See* F.R.E. 901(b)(7).

| **EXHIBIT NO.** | **DESCRIPTION** |
|---|---|
| GRS-19 | Objection of The Scotts Company LLC to Confirmation of First Amended Joint Plan of Reorganization (D.I. 20872), dated May 20, 2009 (and Exhibits thereto)<br>    • Ex. A –  Excerpt of Deposition Transcript of Peter Van N. Lockwood, dated May 1, 2009 and May 4, 2009 |

Basis of Proffer:

Trial Exhibit GRS-19 is relevant evidence that The Scotts Company is pursuing the Debtors' insurers – both settled and non-settled – for insurance coverage under insurance policies issued to Grace as a purported "vendor" of Grace's products.  *See generally* GEICO/Republic/Seaton Phase I Tr. Br. (D.I. 21943) at 12-13.

Trial Exhibit GRS-19 is not hearsay, as it is offered to prove the fact of The Scotts Company's *assertion*, and not to prove the truth of the matter asserted.  *See* F.R.E. 801(c).

Trial Exhibit GRS-19 is a public record, recorded or filed by the Clerk of Court in the record of Bankruptcy Case No. 01-01139.  *See* F.R.E. 901(b)(7).

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| GRS-20 | Proof of Claim No. 15531, filed by Seaton Insurance Company |

Basis of Proffer:

Trial Exhibit GRS-20 is relevant evidence that Seaton is a creditor, and therefore could be construed to be a "beneficiary" of the Asbestos PI Trust under Plan § 7.15(b), which could mistakenly be construed to take away from Seaton the insurance neutrality conferred upon it by § 7.15(a).  *See generally* GEICO/Republic/Seaton Phase I Tr. Br. (D.I. 21943) at 10-12.

Trial Exhibit GRS-20 is not hearsay, as it is offered to prove the fact that Seaton has filed a proof of claim, making it a creditor, and not to prove the truth of the matter asserted therein. *See* F.R.E. 801(c).

Trial Exhibit GRS-20 is a public record, recorded or filed with, and obtained from, the court-appointed Claims Processing Agent for Bankruptcy Case No. 01-01139.  *See* F.R.E. 901(b)(7).  *See also* D.I. 1097.  Moreover, the filing of this proof of claim with the Claims Processing Agent has been acknowledged previously by the Debtors and by the Court in documents of record in this case.  *See* D.I. 9482, 9519.

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| GRS-21 | Class 6 Asbestos PI Claims (Indirect PI Trust Claims) Ballot Provided to Seaton Insurance Company |

Basis of Proffer:

Trial Exhibit GRS-21 is relevant evidence that Seaton is a creditor, and therefore could be construed to be a "beneficiary" of the Asbestos PI Trust under Plan § 7.15(b), which could mistakenly be construed to take away from Seaton the insurance neutrality conferred by § 7.15(a).  *See generally* GEICO/Republic/Seaton Phase I Tr. Br. (D.I. 21943) at 10-12.

Trial Exhibit GRS-21 is not hearsay, as it is offered to prove the fact that Seaton is the possessor of a Class 6 Asbestos PI Claim (an Indirect PI Trust Claim), making it a creditor, and not to prove the truth of the matter asserted therein. *See* F.R.E. 801(c).

Trial Exhibit GRS-21 is a public record, received from the court-appointed Claims Consultant for Bankruptcy Case No. 01-01139.  *See* F.R.E. 901(b)(7); *see also* D.I. 1933.  In the alternative, the authenticity of this ballot is evidence by its appearance, contents, substance, and other distinctive characteristics, including but not limited to the presence of a Kirkland & Ellis document number, taken in conjunction with circumstances, including but not limited to the fact that Seaton has filed a proof of claim, the filing of which has been acknowledged previously by the Debtors and by the Court.  *See* D.I. 9482, 9519; *see also* Proffer of Tr. Ex. GRS-20.

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| GRS-24 | Stipulation of Authenticity and Admissibility with Respect to Certain Liability Policies Issued to the Debtors and Certain Settlement Agreements<br>• Ex. 1 – Seaton Policy No. 1-2517(6/30/74 to 6/30/75)<br>• Ex. 2 – GEICO Policy No. GXU 30031 (6/30/81 to 6/30/82)<br>• Ex. 3 – GEICO Policy No. GXU 30152 (6/30/82 to 6/30/83)<br>• Ex. 4 – GEICO Policy No. GXO 30267 (6/30/83 to 6/30/84)<br>• Ex. 5 – Republic Policy No. CDE 749 (6/30/83 to 6/30/84)<br>• Ex. 6 – Republic Policy No. CDE 750 (6/30/83 to 6/30/84)<br>• Ex. 7 – London Policy No. 79 DD 1633C (6/30/79 to 6/30/82)<br>• Ex. 8 – London Policy No. KYO 17582 (6/30/82 to 6/30/85)<br>• Ex. 9 – Settlement Agreement entered into by W.R. Grace & Co., W.R. Grace & Co.-Conn., Commercial Union Insurance Company, and American Employers' Insurance Company, effective May 10, 1993<br>• Ex. 10 – Settlement Agreement and Release entered into by W.R. Grace & Co.-Conn., W.R. Grace & Co.-Del., W.R. Grace & Co. (a New York corporation), and Commercial Union Insurance Company, effective December 17, 1996<br>• Ex. 11 – Settlement Agreement and Release entered into by W.R. Grace & Co. and Commercial Union Insurance Company, effective October 7, 1998<br>• Ex. 12 – Settlement Agreement, Release and Indemnification/Hold Harmless Agreement entered into by W.R. Grace & Co.-Conn. and Unigard Security Insurance Company, effective August 6, 1992<br>• Ex. 13 – Settlement Agreement, Release and Indemnification/Hold Harmless Agreement entered into by W.R. Grace & Co.-Conn., W.R. Grace & Co., and Unigard Security Insurance Company, effective May 15, 1995<br>• Ex. 14 – Settlement Agreement, Release and Indemnification/Hold Harmless Agreement entered into by W.R. Grace & Co.-Conn., W.R. Grace & Co., and Unigard Security Insurance Company, effective July 11, 1996<br>• Ex. 15 – Settlement Agreement and Release entered into by W.R. Grace & |

| | Co. (a Delaware corporation), W.R. Grace & Co. (a New York corporation), W.R. Grace & Co. (a Connecticut corporation), and Unigard Security Insurance Company, effective March 5, 1997 |
|---|---|

Basis of Proffer:

Trial Exhibit GRS-24, and Exhibits 1 through 8 thereto, are relevant evidence of certain policies of insurance issued to the Debtors by GEICO, Republic and Seaton, and of certain terms of those policies that are pertinent to the issue of insurance neutrality.  *See* GRS-24, Exs. 1 through 8 thereto.  In particular, these policies include, among other things, certain anti-assignment provisions (GRS-24, Ex. 1 thereto at Condition 13, Exs. 2/3/4 thereto at Condition I, Exs. 5/6 thereto at Condition 6, and Exs. 7/8 thereto at Condition O), notice provisions (GRS-24, Ex. 1 thereto at Condition 6, Exs. 2/3/4 thereto at Condition C(1)&(2), Exs. 5/6 at Condition 3, and Exs. 7/8 thereto at Condition G), provisions providing for a duty to cooperate by the insured (GRS-24, Ex. 1 thereto at Condition 7, Exs. 2/3/4 thereto at Condition C(3), and Exs. 7/8 thereto at Condition H), provisions pertaining to voluntary payment (GRS-24, Ex. 1 thereto at Condition 9, Exs. 2/3/4 thereto at Condition C(4), and Exs. 7/8 at Condition J), and provisions pertaining to the insurer's right to associate in the defense and settlement of covered claims (GRS-24, Ex. 1 thereto at Condition 7, Exs. 7/8 thereto at Condition H).  *See generally* GEICO/Republic/Seaton Phase I Tr. Br. (D.I. 21943) at 1-3, 14-18.

Trial Exhibit GRS-24, and Exhibit 12 thereto, is relevant evidence that Seaton is a creditor, and therefore a "beneficiary" of the Asbestos PI Trust under Plan § 7.15(b).  *See generally* GEICO/Republic/Seaton Phase I Tr. Br. at 10-12.

The parties have agreed by stipulation that Trial Exhibit GRS-24 and exhibits thereto are authentic and not subject to hearsay objections.


**************

GEICO, Republic, and Seaton note that the Court has reserved the issue of standing with respect to ethical conflicts relating to the proposed members of the Asbestos PI Trust Advisory Committee.  While certain evidence has been proffered in connection with the Court's reservation of consideration of that issue, GEICO, Republic, and Seaton reserve the right to supplement their proffer with an additional proffer of previously designated exhibits and other evidence relating to the reserved issue, should the Court determine to hear that issue prior to Phase II of the Confirmation Hearing, or as the Court otherwise deems appropriate.

GEICO, Republic, and Seaton also note that the Court or the Plan Proponents have now designated certain issues to be heard in Phase II.  To the extent that GEICO, Republic, or Seaton have previously designated certain evidence for use in Phase I, and that evidence is not designated herein, or in (i) Certain Insurers' Combined Proffer of Evidence for Phase I of the Confirmation Hearing or (ii) Certain Insurers' Proffer of Designated Deposition Testimony, and Pertinent Exhibits Thereto, for Phase I of the Confirmation Hearing, this proffer is without prejudice to the proffer or use of such evidence in Phase II of the Confirmation Hearing, and GEICO, Republic, and Seaton reserve all rights in that respect.


Dated:  June 26, 2009

  /s/ David P. Primack
Warren T. Pratt, Esquire (DE 4334)
David P. Primack, Esquire (DE 4449)
Drinker Biddle & Reath LLP
1100 N. Market Street, Suite 1000
Wilmington, DE  19801-1254

- and -

Michael F. Brown, Esquire
Jeffrey M. Boerger, Esquire
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

*Counsel for GEICO, Republic, and Seaton*