**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., et al., | : | Case No. 01-1139 (JKF) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |

**PHASE I DECLARATION OF EILEEN T. McCABE**

I, Eileen T. McCabe, do hereby declare as follows:

1. I am a partner in the firm Mendes & Mount, LLP and am counsel for AXA Belgium as successor to Royale Belge ("AXA Belgium").

2. I make this Declaration in connection with the Phase I hearing on Plan Confirmation, subject to the understanding that this submission is solely for use in this proceeding. AXA Belgium reserves all rights to all objections in Phase II or any other proceeding.

3. Attached hereto are AXA Belgium's Trial Exhibits numbered one, two and three.

4. These materials consist of policy-related documentation provided by W.R. Grace.

5. Grace alleges that AXA Belgium issued three policies:

| Policy No. | Policy Period | Att. Point | Limits | Particp-ation | Layers |
|---|---|---|---|---|---|
| AVB102 | June 30, 1977-1978 | $100 million | $50 million | 2% | $1,000,000 |
| AVB124 | June 30, 1978-1979 | $100 million | $50 million | 3% | $1,500,000 |
| 1251427 | June 30, 1984-1985 | $75 million | $75 million | 1.5% | $1,125,000 |

6. Based on the limited documentation that has been produced, it appears that each of these alleged policies would incorporate certain terms and conditions of underlying umbrella wording in policies which were placed in the London Insurance Market.

7. I understand that documentation related to those underlying policies in effect during this period has been produced by Grace to other insurers in Phase I of this Confirmation Hearing, which the parties have agreed to use for purposes of this Phase I Confirmation Hearing only.

8. Based on the documentation that has been produced to date, any policies issued by Royale Belge would likewise incorporate policy terms and conditions applicable to Phase I which have been cited by those insurers who issued polices in the same years as Royale Belge.

9. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: June 22, 2009

Eileen T. McCabe, *pro hac vice*
MENDES & MOUNT LLP
750 Seventh Avenue
New York, NY 10019
Telephone: (212)261-8254
Facsimile: (302)235-2536
eileen.mccabe@mendes.com

VOL IX, Tab 58

| August 3, 1977 | | NONE |
|---|---|---|

THIS DECLARATION PAGE IS ATTACHED TO AND FORMS PART OF COVER NOTE PROVISIONS (FORM SL/COS/CN)

NUMBER AVB102

1 *Name of Assured*

W.R. Grace
124 LaSalle Road
West Hartford, Connecticutt 06107

01209

2 EFFECTIVE FROM ☒ 12:01 A.M. ☐ 12:00 NOON BOTH DAYS AT STANDARD TIME June 30, 1977 TO June 30, 1978

3 Acting upon your instruction, we have effected the insurance with:

| NAME OF INSURERS | AMOUNT OR PERCENT |
|---|---|
| Royal Belge | 2% |
| Assurances Generales Belge | 1% |

4

| AMOUNT | COVERAGE | RATE | PREMIUM |
|---|---|---|---|
| 3% part of 100% of a layer of $50,000,000. excess of $100,000,000. | Umbrella | Flat | $3,000.00 |

AUDIT

TOTAL CHARGED $3,000.00

5 SPECIAL CONDITIONS

6

AVRECO, INC.

By Fred H. Pearson dt

...n Printing Co. Chicago

AXA Belgium Trial Exhibit 1

COMPANY(S) COVER NOTE

01210

In the event of claim under this cover note, please notify:

AVRECO, INC.
200 West Monroe Street · Chicago 60606
(312) 663-1500 · Cable: AVRECO Telex: 02-53553

Insurer's Representative

This insurance effected with
Insurance Company(s) as noted herein.

**IMPORTANT** THIS COVER NOTE CANNOT BE CANCELLED FLAT. EARNED PREMIUM MUST BE PAID FOR THE TIME INSURANCE HAS BEEN IN FORCE. THE ASSURED IS REQUESTED TO READ THIS COVER NOTE, AND IF INCORRECT, RETURN IT IMMEDIATELY FOR ALTERATION.

Printing Co. Chicago
COS/CN

If an original policy is issued replacing this cover note, this insurance is subject to all the terms and conditions of that policy. This cover note shall be automatically terminated and voided by delivery of the original policy to the Assured.

01211

## COVER NOTE PROVISIONS

1. If the Assured shall make any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this cover note shall become void, and all claims thereunder shall be forfeited.

This cover note may be cancelled on the customary short rate basis by the Assured at any time by written notice or by the surrender of this cover note to the said Insurer's Representative. This cover note may also be cancelled, with or without the return or tender of the unearned premium, by the Insurer's Representative, in their behalf, by delivering to the Assured, or by sending to the Assured by mail, registered or unregistered, at the Assured's address as shown herein, not less than five days' written notice, stating when the cancellation shall be effective, and in such case the Insurers shall refund the paid premium less the earned portion thereof on demand, subject always to the retention by the Insurers hereon of any minimum premium stipulated herein (or proportion thereof previously agreed upon) in the event of cancellation either by the Insurers or the Assured.

3. Service of Suit Clause—It is agreed that in the event of the failure of the Insurers to pay any amount claimed to be due hereunder, the Insurers, at the request of the insured (or reinsured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made upon

Lord, Bissell & Brook, 135 South La Salle Street, Chicago, Illinois 60603, or Mendes & Mount, 27 William Street, New York, New York 10005, or their nominee, and

that in any suit instituted against any of them upon this contract, the Insurers will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

The above-named are authorized and directed to accept service of process on behalf of the Insurers in any such suit and/or upon the request the insured (or reinsured) to give a written undertaking to the insured (or reinsured) that they will enter a general appearance upon the Insurer's behalf the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, the Insurers hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured (or reinsured) or any beneficiary hereunder arising out of this contract of insurance (or reinsurance), and hereby designate the above-named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

4. It is expressly understood and agreed by the Assured by accepting this instrument that the said Insurer's Representative, is not an Assurer hereunder and that the said Insurer's Representative, neither is nor shall be in any way or to any extent liable for any loss or claim whatever, but that the Insurers hereunder are those as shown elsewhere in this cover note.

5. The Assured shall immediately report to the said Insurer's Representative, an occurrence likely to result in a claim under this cover note, and shall also file with the said Insurer's Representative, detailed sworn proof of interest and loss within sixty days from the date of loss. Failure by the Assured either to report the said loss or damage or to file such written proof of loss as above provided, shall invalidate any claim under this cover note.

6. All adjusted claims shall be paid or made good to the Assured within thirty days after presentation and acceptance of satisfactory proofs of interest and loss at the office of the said Insurer's Representative.

7. Loss, if any, to be payable in Chicago, Illinois, in United States Currency.

8. This cover note does not cover loss or damage directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign enemies, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction of or damage to property by or under the order of any government or public or local authority.

9. TAX CLAUSE—Notice is hereby given that the Insurers have agreed to allow for the purpose of paying the Federal Excise Tax 4% (1% personal accident or reinsurance) of the premium payable hereon to the extent such premium is subject to Federal Excise Tax. It is understood and agreed that in the event of any return of premium becoming due hereunder the Insurers will deduct 4% (1% personal accident or reinsurance) from the amount of the return and the Assured or his agent should take steps to recover the Tax from the U.S. Government.

10. This insurance is made and accepted subject to all the provisions, conditions and warranties set forth herein or endorsed hereon or appearing on the reverse side hereof, all of which are to be considered as incorporated herein.

11. Any provision or conditions appearing in any forms attached hereto and made a part hereof, which conflict with or alter the cover note provisions stated above, shall supersede the provisions appearing in this cover note, insofar as the latter are inconsistent with the provisions appearing in such attached forms.

12. This cover note shall not be assigned either in whole or in part, without the written consent of the said Insurer's Representative, endorsed hereon.

13. This cover note shall not be valid unless signed by the said Insurer's Representative.

AXA Belgium Trial Exhibit 1

01212

# Short Rate Cancellation Table

## For Term of One Year

| Days Policy in Force | | Per Cent of One Year Premium | Days Policy in Force | | Per Cent of One Year Premium |
|---|---|---|---|---|---|
| 1 | | 5% | 154-156 | | 53% |
| 2 | | 6 | 157-160 | | 54 |
| 3- 4 | | 7 | 161-164 | | 55 |
| 5- 6 | | 8 | 165-167 | | 56 |
| 7- 8 | | 9 | 168-171 | | 57 |
| 9- 10 | | 10 | 172-175 | | 58 |
| 11- 12 | | 11 | 176-178 | | 59 |
| 13- 14 | | 12 | 179-182 | (6 mos.) | 60 |
| 15- 16 | | 13 | 183-187 | | 61 |
| 17- 18 | | 14 | 188-191 | | 62 |
| 19- 20 | | 15 | 192-196 | | 63 |
| 21- 22 | | 16 | 197-200 | | 64 |
| 23- 25 | | 17 | 201-205 | | 65 |
| 26- 29 | | 18 | 206-209 | | 66 |
| 30- 32 | (1 mo.) | 19 | 210-214 | (7 mos.) | 67 |
| 33- 36 | | 20 | 215-218 | | 68 |
| 37- 40 | | 21 | 219-223 | | 69 |
| 41- 43 | | 22 | 224-228 | | 70 |
| 44- 47 | | 23 | 229-232 | | 71 |
| 48- 51 | | 24 | 233-237 | | 72 |
| 52- 54 | | 25 | 238-241 | | 73 |
| 55- 58 | | 26 | 242-246 | (8 mos.) | 74 |
| 59- 62 | (2 mos.) | 27 | 247-250 | | 75 |
| 63- 65 | | 28 | 251-255 | | 76 |
| 66- 69 | | 29 | 256-260 | | 77 |
| 70- 73 | | 30 | 261-264 | | 78 |
| 74- 76 | | 31 | 265-269 | | 79 |
| 77- 80 | | 32 | 270-273 | (9 mos.) | 80 |
| 81- 83 | | 33 | 274-278 | | 81 |
| 84- 87 | | 34 | 279-282 | | 82 |
| 88- 91 | (3 mos.) | 35 | 283-287 | | 83 |
| 92- 94 | | 36 | 288-291 | | 84 |
| 95- 98 | | 37 | 292-296 | | 85 |
| 99-102 | | 38 | 297-301 | | 86 |
| 103-105 | | 39 | 302-305 | (10 mos.) | 87 |
| 106-109 | | 40 | 306-310 | | 88 |
| 110-113 | | 41 | 311-314 | | 89 |
| 114-116 | | 42 | 315-319 | | 90 |
| 117-120 | | 43 | 320-323 | | 91 |
| 121-124 | (4 mos.) | 44 | 324-328 | | 92 |
| 125-127 | | 45 | 329-332 | | 93 |
| 128-131 | | 46 | 333-337 | (11 mos.) | 94 |
| 132-135 | | 47 | 338-342 | | 95 |
| 136-138 | | 48 | 343-346 | | 96 |
| 139-142 | | 49 | 347-351 | | 97 |
| 143-146 | | 50 | 352-355 | | 98 |
| 147-149 | | 51 | 356-360 | | 99 |
| 150-153 | (5 mos.) | 52 | 361-365 | (12 mos.) | 100 |

Rules applicable to policies with terms less than or greater than 12 months:

A. If policy has been in force for 12 months or less, apply the standard short rate table for annual policies to the full annual premium determined as for a policy written for a term of one year.

B. If policy has been in force for more than 12 months:

1. Determine full annual premium as for a policy written for a term of one year.
2. Deduct such premium from the full policy premium, and on the remainder calculate the pro rata earned premium on the basis of the ratio of the length of time beyond one year the policy has been in force to the length of time beyond one year for which the policy was originally written.
3. Add premium produced in accordance with items (1) and (2) to obtain earned premium during full period policy has been in force.



200 WEST MONROE STREET • CHICAGO 60606

(312) 663-1500 • CABLE: AVRECO TELEX: 02-53553

01213

August 19, 1977

Mr. Martin T. Gould
Marsh & McLennan, Inc.
1221 Avenue of the Americas
New York, NY 10020

Dear Marty:

W. R. Grace Company

Enclosed is our cover note on the Belgium 3% participation on the layer $50,000,000 XS 100,000,000.

Per our agreement, I am billing you the federal tax, and it is my understanding that you would pass this on to the insured.

I have sent Belgium the terms and conditions which you recently sent to me. However, they advise that they must see a copy of the lead company's policy before they issue. Like London, we probably won't see this for 8 to 10 months. In the interim, the cover note will suffice.

If you have any problems, contact me.

Very truly yours,

G. L. Tanty

George L. Tanty
ap

AXA Belgium Trial Exhibit 1

# INVOICE

TO: MARSH & MC LENNAN INC
1221 AVENUE OF AMERICA
NEW YORK NY 10020
33001 212/997-7938

MAKE CHECK PAYABLE TO
**AVRECO, INC.**
200 WEST MONROE STREET • CHICAGO 606
(312) 663-1600 • CABLE: AVRECO TELEX: 02

| INS. NO. | INSURED NAME | INVOICE DATE | DUE DATE |
|---|---|---|---|
| 0959 | W R GRACE | 8/18/77 | 8/28/77 |

AVRECO, INC

| EFFECTIVE | TERM | POLICY NUMBER | DESCRIPTION | COMPANY & COVERAGE | GROSS | COMM. % | NET |
|---|---|---|---|---|---|---|---|
| 6/30/77 | 12 | AV8102 | NEW POLICY | PHILLY & HITTN XS UMB/OV 25MIL | 3,000.00 | 7.50 | 2,775.0 |
| 6/30/77 | | | FEDERAL TAX | | 120.00 | .00 | 120.0 |

EXCESS UMBRELLA - FED TAX

**TOTAL DUE** 2,895.

01214

AXA Belgium Trial Exhibit 1

VOL. X TAB 38

| DATE ISSUED | CONTRACT NO. | PREVIOUS NO. |
|---|---|---|
| July 27, 1978 | | AVB 102 |

THIS DECLARATION PAGE IS ATTACHED TO AND FORMS PART OF COVER NOTE PROVISIONS (FORM SL/COS/CN)

01517

NUMBER AVB 124

**1**

*Name of Assured*

W. R. Grace
124 LaSalle Road
West Hartford, Connecticut 06107

**2**

EFFECTIVE FROM ☒ 12:01 A.M. ☐ 12:00 NOON BOTH DAYS AT STANDARD TIME 6/30/78 TO 6/30/79

**3**

Acting upon your instruction, we have effected the insurance with ➡

| NAME OF INSURERS | AMOUNT OR PERCENT |
|---|---|
| Royal Belge | 3% |
| Assurances Generales Belge | 1% |

**4**

| AMOUNT | COVERAGE | RATE | PREMIUM |
|---|---|---|---|
| 4% part of 100% of a layer of $50,000,000. excess $100,000,000. | Umbrella | Flat | $4,000.00 |

AUDIT

TOTAL CHARGED $4,000.00

**5**

SPECIAL CONDITIONS

**6**

AVRECO, INC.

By ____________________

Eason Printing Co Chicago

AXA Belgium Trial Exhibit 2

01518

JM & FC LENMAN INC
1 AVENUE OF AMERICA
YORK NY 10020

# INVOICE

INV # 5006

MAKE CHECK PAYABLE TO
AVRECO, INC.
200 WEST MONROE STREET • CHICAGO 6060[illegible]
(312) 663-1500 • CABLE: AVRECO TELEX: 02-53[illegible]

| INSURED'S NAME | INVOICE DATE | DUE DATE |
|---|---|---|
| GRACE & CO ETAL W R | 07/26/76 | 08/07/76 |

AVRECO, INC

| EFF. | DATE | POLICY NUMBER | DESCRIPTION | COMPANY & COVERAGE | GROSS | COMM % | NET |
|---|---|---|---|---|---|---|---|
| 76 | 12 | AV6124 | NEW POLICY | THILLY<br>XS UP6/OV 25MIL | 4,000.00 | 7.50 | 3,700.00 |

| | TOTAL DUE | 3,700.00 |
|---|---|---|

X

...008 VOL. XVI, TAB 2

Henrijean & Cie

Société anonyme
assureurs-conseils
depuis 1881

RUE DE LA SCIENCE 4[illegible]
1040 BRUXELLES

TÉL.: 02/234.06.11 (50 LIGNES) ~~TEL. 02-230.70.20 - 40 LIGNES~~
TÉLEX: 61967 HENRI B ~~TELEX 21 680 - 23 535 - 61 967~~

RJM/wm

Mr. FRANK NASELLA
MARSH & MCLENNAN INC.
1221, Avenue of the Americas

NEW YORK, N.Y. 10020
U.S.A.

POLICY *
1251427

20th July 1984.

Dear Frank,

Re : W.R. GRACE & CO - EXCESS UMBRELLA LIABILITY

Following our recent telexes, I have pleasure in enclosing a Cover Note for the share of the Royale Belge in the layer $ 75.000.000.- excess of $ 75.000.000.-

Very truly yours,

Roger MASON

Henrijean & Cie
assureurs-conseils

RJM/wm

20th July 1984.

COVER NOTE

Following your instructions we have bound coverage as follows :

**INSURED** : W.R. GRACE & CO
1114 Avenue of the Americas

NEW YORK, N.Y. 10038

**TYPE** : Excess Broad Form Umbrella Liability

**SITUATION** : Worldwide

**PERIOD** : June 30, 1984 to June 30, 1985

**LAYER** : $ 75.000.000.- excess of $ 75.000.000.-

**PREMIUM** : $ 206.250.- annual flat

**CONDITIONS** : as per original

**PARTICIPATION** :

| | SHARE | PREMIUM |
|---|---|---|
| ROYALE BELGE | $ 1.125.000.- | $ 3.094.- |

AXA Belgium Trial Exhibit 3