### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., *et al.* | : | Case No. 01-01139 JKF |
| | : | |
| Debtors. | : | **Docket Reference No. 20872** |

### CERTAIN INSURERS' PROFFER OF DESIGNATED DEPOSITION TESTIMONY, AND PERTINENT EXHIBITS THERETO, FOR PHASE I OF THE CONFIRMATION HEARING

| DOCKET INDEX | DESCRIPTION |
|---|---|
| D.I. 22158 | Designated Excerpts from the Deposition Transcript of David T. Austern, Esquire, dated May 15, 2009 (and certain exhibits thereto)<br>• Ex. 3 (Amended Joint Plan of Reorganization Under Chapter 11)<br>• Ex. 4 (Exhibit 6 to Exhibit Book – Asbestos Insurance Transfer Agreement)<br>• Ex. 5 (Exhibit 4 to Exhibit Book – Trust Distribution Procedures)<br>• Ex. 6 (Exhibit 10 to Exhibit Book – Cooperation Agreement) |

Basis of Proffer:

     As one of the Plan Proponents, Mr. Austern is a party to this action, therefore his deposition testimony may be used by parties objecting to the Plan for any purpose. *See* Fed. R. Civ. P. 32(a)(3).

     Mr. Austern's deposition testimony is offered as relevant evidence of the intent (or lack thereof) of the Plan Proponents regarding the operation of the Plan and Plan Documents.  It is also offered to show that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers.  Several designations are offered to show the apparent confusion and ambiguity in the neutrality provisions, as well as the intended operation of them, as relevant to the insurers' contention that they must be clarified in order to insure that a coverage court will in fact interpret the Plan in a way that is insurance neutral.

     Portions of Mr. Austern's deposition testimony also relate to the TAC conflict of interest issue to the extent that is a Phase I issue.

     Mr. Austern's deposition testimony is also offered as relevant evidence in support of any proposition for which it was cited (or will be cited) by the Certain Insurers' in their respective Plan Objections (*i.e.*, Phase I objections), Phase I Trial Briefs, opening statements/oral

arguments at the Phase I Confirmation Hearing, and in any of the Certain Insurers' post-trial submissions and argument relating to Phase I.

Exhibits 3, 4, 5, and 6 are offered for the same purpose as referenced in, and authenticated by, Mr. Austern's deposition testimony.  *See* F.R.E. 901(b)(1).

| DOCKET INDEX | DESCRIPTION |
|---|---|
| D.I. 22161 | Designated Excerpts from the Deposition Transcript of Richard Charles Finke, dated March 30, 2009 (and certain exhibits thereto)<br>• Ex. 12 (SEC Form 8-K – W.R. Grace & Co., filed April 6, 2008)<br>• Ex. 13 (Debtors' Preliminary List of Witnesses That They Intend to Call During the Confirmation Hearing)<br>• Ex. 15 (Debtors' Response to Government Employees Insurance Company and Columbia Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents)<br>• Ex. 16 (Debtors' Response to OneBeacon America Insurance Company and Seaton Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents) |

Basis of Proffer:

Mr. Finke works and resides more than 100 miles from Pittsburgh, the location of Phase I of the Confirmation Hearing, and beyond the subpoena power of the Western District of Pennsylvania, therefore his deposition testimony may be used for any purpose.  *See* Fed. R. Civ. P. 32(a)(4)(B) & (D).  Although he was present in Court for the Phase I Confirmation Hearing, the Plan Proponents agreed to waive his availability as an objection to the use of his deposition testimony at the June 18, 2009 Pre-Trial Conference.

Mr. Finke's deposition testimony is offered as relevant evidence of the intent (or lack thereof) of the Plan Proponents regarding the operation of the Plan and Plan Documents.  It is also offered to show that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers.  Several designations are offered to show the apparent confusion and ambiguity in the neutrality provisions, as well as the intended operation of them, as relevant to the insurers' contention that they must be clarified in order to insure that a coverage court will in fact interpret the Plan in a way that is insurance neutral.

Mr. Finke's deposition testimony is also offered as relevant evidence in support of any proposition for which it was cited (or will be cited) by the Certain Insurers' in their respective Plan Objections (*i.e.*, Phase I objections), Phase I Trial Briefs, opening statements/oral arguments at the Phase I Confirmation Hearing, and in any of the Certain Insurers' post-trial submissions and argument relating to Phase I.

Exhibits 12, 13, 15, and 16 are offered for the same purpose as referenced in, and authenticated by, Mr. Finke's deposition testimony.  *See* F.R.E. 901(b)(1).  Moreover, Exhibit 12 is a public record, recorded or filed with the United States Securities and Exchange Commission. *See* F.R.E. 901(b)(7).

| DOCKET INDEX | DESCRIPTION |
|---|---|
| D.I. 22168 | Designated Excerpts from the Deposition Transcript of Richard Finke, dated May 13, 2009 (and certain exhibits thereto) <br> • Ex. 1 (Notice of Deposition of Debtors Pursuant to Rule 30(b)(6)) <br> • Ex. 2 (W.R. Grace/Confirmation Hearing 30(b)(6) Deposition Notice – Witness Designations) <br> • Ex. 3 (SEC Form 8-K – W.R. Grace & Co., filed April 6, 2008) <br> • Ex. 4 (Exhibit 6 to Exhibit Book – Asbestos Insurance Transfer Agreement) <br> • Ex. 6 (Exhibit 2 to Exhibit Book – Asbestos PI Trust Agreement) <br> • Ex. 7 (Exhibit 4 to Exhibit Book – Trust Distribution Procedures) <br> • Ex. 8 (First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al.) <br> • Ex. 9 (Exhibit 5 to Exhibit Book – Schedule of Settled Asbestos Insurers Entitled to 524(g) Protection) |

Basis of Proffer:

Mr. Finke testified as the Debtors' Rule 30(b)(6) designee, therefore his deposition testimony may be used by parties objecting to the Plan for any purpose.  *See* Fed. R. Civ. P. 32(a)(3).

Mr. Finke's deposition testimony is offered as relevant evidence of the intent (or lack thereof) of the Plan Proponents regarding the operation of the Plan and Plan Documents.  It is also offered to show that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers.  Several designations are offered to show the apparent confusion and ambiguity in the neutrality provisions, as well as the intended operation of them, as relevant to the insurers' contention that they must be clarified in order to insure that a coverage court will in fact interpret the Plan in a way that is insurance neutral.

Portions of Mr. Finke's deposition testimony also relate to the TAC conflict of interest issue to the extent that is a Phase I issue.

Mr. Finke's deposition testimony is also offered as relevant evidence in support of any proposition for which it was cited (or will be cited) by the Certain Insurers' in their respective Plan Objections (*i.e.*, Phase I objections), Phase I Trial Briefs, opening statements/oral arguments at the Phase I Confirmation Hearing, and in any of the Certain Insurers' post-trial submissions and argument relating to Phase I.

Exhibits 1, 2, 3, 4, 6, 7, 8 and 9 are offered for the same purpose as referenced in, and authenticated by, Mr. Finke's deposition testimony.  *See* F.R.E. 901(b)(1).

| **DOCKET INDEX** | **DESCRIPTION** |
|---|---|
| D.I. 22156 | Designated Excerpts from the Deposition Transcript of Jay Hughes, dated June 11, 2009  (and certain exhibits thereto)<br>• Ex. 3 (Exhibit 4 to Exhibit Book – Trust Distribution Procedures)<br>• Ex. 11 (Correspondence from Kirkland & Ellis LLP, dated April 25, 2009 regarding Witness Designations)<br>• Ex. 12 (Exhibit 6 to Exhibit Book – Asbestos Insurance Transfer Agreement)<br>• Ex. 15 (Exhibit 5 to Exhibit Book – Schedule of Settled Asbestos Insurers Entitled to 524(g) Protection |

Basis of Proffer:

Mr. Hughes testified as the Debtors' Rule 30(b)(6) designee, therefore his deposition testimony may be used by parties objecting to the Plan for any purpose.  *See* Fed. R. Civ. P. 32(a)(3).

Mr. Hughes' testimony is relevant to show that the Certain Insurers did not cede or waive any of their claims handling or other policy rights.

Mr. Hughes' deposition testimony is also offered as relevant evidence in support of any proposition for which it was cited (or will be cited) by the Certain Insurers' in their respective Plan Objections (*i.e.*, Phase I objections), Phase I Trial Briefs, opening statements/oral arguments at the Phase I Confirmation Hearing, and in any of the Certain Insurers' post-trial submissions and argument relating to Phase I.

Exhibits 3, 11, 12, and 15 are offered for the same purpose as referenced in, and authenticated by, Mr. Hughes's deposition testimony.  *See* F.R.E. 901(b)(1).

| **Docket Index** | **Description** |
|---|---|
| D.I. 22177 | Designated Excerpts from the Deposition Transcript of Elihu Inselbuch, dated June 12, 2009 (and certain exhibits thereto)<br>• Ex. 2 (SEC Form 8-K – W.R. Grace & Co., filed April 6, 2008)<br>• Ex. 2A (W.R. Grace & Co., et al. Term Sheet for Resolution of Asbestos Personal Injury Claims)<br>• Ex. 3 (Preliminary Expert Report on W.R. Grace Trust – Mark A. Peterson)<br>• Ex. 4 (Exhibit 4 to Exhibit Book – Trust Distribution Procedures) |

Basis of Proffer:

Mr. Inselbuch works and resides more than 100 miles from Pittsburgh, the location of Phase I of the Confirmation Hearing, and beyond the subpoena power of the Western District of Pennsylvania, therefore his deposition testimony may be used for any purpose. *See* Fed. R. Civ. P. 32(a)(4)(B) & (D). He was not present for Phase I of the Confirmation Hearing. Even if he had been available, the Plan Proponents agreed to waive his availability as an objection to the use of his deposition testimony at the June 18, 2009 Pre-Trial Conference.

Mr. Insulbuch's deposition testimony is offered as relevant evidence of the intent (or lack thereof) of the Plan Proponents regarding the operation of the Plan and Plan Documents. It is also offered to show that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers. Certain designations are offered to show the apparent confusion and ambiguity in the neutrality provisions, as well as the intended operation of them, as relevant to the insurers' contention that they must be clarified in order to insure that a coverage court will in fact interpret the Plan in a way that is insurance neutral.

Portions of Mr. Insulbuch's deposition testimony also relate to the TAC conflict of interest issue to the extent that is a Phase I issue.

Mr. Insulbuch's deposition testimony is also offered as relevant evidence in support of any proposition for which it was cited (or will be cited) by the Certain Insurers' in their respective Plan Objections (*i.e.*, Phase I objections), Phase I Trial Briefs, opening statements/oral arguments at the Phase I Confirmation Hearing, and in any of the Certain Insurers' post-trial submissions and argument relating to Phase I.

Exhibits 2A, 3, and 4 are offered for the same purpose as referenced in, and authenticated by, Mr. Inselbuch's deposition testimony. *See* F.R.E. 901(b)(1). Exhibit 2 is a public record, recorded or filed with the U.S. Securities and Exchange Commission, which is offered for the same purpose as referenced in Mr. Inselbuch's deposition testimony. *See* F.R.E. 901(b)(7).

| Docket Index | Description |
|---|---|
| D.I. 22157 | Designated Excerpts from the Deposition Transcript of Peter Van N. Lockwood, Esq., dated May 1, 2009 and May 4, 2009 (and certain exhibits thereto)<br>• Ex. 1 (Amended Notice of Deposition of Asbestos PI Committee Pursuant to Rule 30(b)(6))<br>• Ex. 2 (Objections of the Official Committee of Asbestos Personal Injury Claimants to Rule 30(b)(6) Notice of Deposition Served by Certain Plan Objectors)<br>• Ex. 3 (SEC Form 8-K – W.R. Grace & Co., filed April 6, 2008)<br>• Ex. 4 (Exhibit 6 to Exhibit Book – Asbestos Insurance Transfer Agreement)<br>• Ex. 5 (First Amended Joint plan of Reorganization Under Chapter 11)<br>• Ex. 6 (Exhibit 19 to Exhibit Book – Retained Causes of Action Schedule)<br>• Ex. 8 (Complaint for Declaratory and Other Relief)<br>• Ex. 9 (Diagram)<br>• Ex. 10 (Exhibit 2 to Exhibit Book – Asbestos PI Trust Agreement)<br>• Ex. 11 (Exhibit 4 to Exhibit Book – Trust Distribution Procedures)<br>• Ex. 12 (Exhibit 10 to Exhibit Book – Cooperation Agreement) |

Basis of Proffer:

Mr. Lockwood testified as the ACC's Rule 30(b)(6) designee, therefore his deposition testimony may be used by parties objecting to the Plan for any purpose. *See* Fed. R. Civ. P. 32(a)(3).

Mr. Lockwood's deposition testimony is offered as relevant evidence of the intent (or lack thereof) of the Plan Proponents regarding the operation of the Plan and Plan Documents. It is also offered to show that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers. Several designations are offered to show the apparent confusion and ambiguity in the neutrality provisions, as well as the intended operation of them, as relevant to the insurers' contention that they must be clarified in order to insure that a coverage court will in fact interpret the Plan in a way that is insurance neutral.

Portions of Mr. Lockwood's deposition testimony also relate to the TAC conflict of interest issue to the extent that is a Phase I issue.

Mr. Lockwood's deposition testimony is also offered as relevant evidence in support of any proposition for which it was cited (or will be cited) by the Certain Insurers' in their respective Plan Objections (*i.e.*, Phase I objections), Phase I Trial Briefs, opening statements/oral arguments at the Phase I Confirmation Hearing, and in any of the Certain Insurers' post-trial submissions and argument relating to Phase I.

Exhibits 1, 2, 3, 4, 5, 6, 8, 9, 10, 11 and 12 are offered for the same purpose as referenced in, and authenticated by, Mr. Lockwood's deposition testimony. *See* F.R.E. 901(b)(1).

| DOCKET INDEX | DESCRIPTION |
|---|---|
| D.I. 22154 | Designated Excerpts from the Deposition Transcript of Mark Peterson, dated June 9, 2009 (and certain exhibits thereto)<br>• Ex. 2  (Excerpts of Preliminary Expert Report on W.R. Grace Trust by Mark A. Peterson, dated March 2009)<br>• Ex. 6  (E-mail correspondence from Mark Peterson to Steven Meyer, Michael Meyer, Mike Polk, Mike Sieben, Thomas Carey and Mark Peterson, dated November 12, 2004 Re:  Mike Meyer's Questions)<br>• Ex. 7  (E-mail correspondence from Michael Polk to Steven Meyer, Michael Meyer, Mark Peterson, Tom Carey, Mike Polk and Mike Sieben Re:  API Trust administration) |

Basis of Proffer:

Mr. Peterson works and resides more than 100 miles from Pittsburgh, the location of Phase I of the Confirmation Hearing, and beyond the subpoena power of the Western District of Pennsylvania, therefore his deposition testimony may be used for any purpose.  *See* Fed. R. Civ. P. 32(a)(4)(B) & (D).  He was not present for Phase I of the Confirmation Hearing.  Even if he had been available, the Plan Proponents agreed to waive his availability as an objection to the use of his deposition testimony at the June 18, 2009 Pre-Trial Conference.

Mr. Peterson's testimony, in particular his authentication of two e-mails that he authored in 2004 while acting as an expert for the FCR (not Mr. Austern) in the API bankruptcy case, is relevant to show that the insurers have legitimate concerns about the need for clear and unambiguous insurance neutrality language in the Plan or Confirmation Order to preserve their rights, remedies, and coverage defenses.

Exhibits 2, 6 and 7 are offered for the same purpose as referenced in, and authenticated by, Mr. Peterson's deposition testimony.  *See* F.R.E. 901(b)(1).

| DOCKET INDEX | DESCRIPTION |
|---|---|
| D.I. 22154 | Designated Excerpts from the Deposition Transcript of Jeffrey Posner, dated May 6, 2009 (and certain exhibits thereto)<br>• Ex. 2 (Curriculum vitae of Jeffrey M. Posner)<br>• Ex. 3 (Affidavit Under 11 U.S.C. 327(e))<br>• Ex. 18 (Settlement Agreement, Release and Indemnification/Hold Harmless Agreement entered into by W.R. Grace & Co.-Conn. and Unigard Security Insurance Company, effective August 6, 1992) |

<u>Basis of Proffer:</u>

Mr. Posner works and resides more than 100 miles from Pittsburgh, the location of Phase I of the Confirmation Hearing, and beyond the subpoena power of the Western District of Pennsylvania, therefore his deposition testimony may be used for any purpose. *See* Fed. R. Civ. P. 32(a)(4)(B) & (D). He was not present for Phase I of the Confirmation Hearing. Even if he had been available, the Plan Proponents agreed to waive his availability as an objection to the use of his deposition testimony at the June 18, 2009 Pre-Trial Conference.

Mr. Posner's testimony is offered as relevant evidence that Seaton is a creditor. As a result, Seaton could be construed to be within the phrase "beneficiary of the Asbestos PI Trust" as it appears in § 7.15(b) of the Plan. As a result, absent clarification, the "insurance neutrality" conferred on Seaton, as an alleged insurer, by § 7.15(a) could be mistakenly construed to be taken away by operation of § 7.15(b).

Exhibits 2, 3, and 18 are offered for the same purpose as referenced in, and authenticated by, Mr. Posner's deposition testimony. *See* F.R.E. 901(b)(1).


Dated: June 26, 2009
Wilmington, Delaware


DRINKER BIDDLE & REATH LLP

 */s/ David P. Primack*
Warren T. Pratt (4334)
David P. Primack (4449)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
Telephone: 302-467-4200

- and -

Michael F. Brown (*pro hac vice*)
Jeffrey M. Boerger (*pro hac vice*)
One Logan Square
Philadelphia, PA 19103-6996
Telephone: 215-988-2700

*Attorneys for Government Employees Insurance Company, Republic Insurance Company n/k/a Starr Indemnity & Liability Company, and Seaton Insurance Company*

STEVENS & LEE, P.C.

  _/s/ John D. Demmy._
John D. Demmy (DE Bar No. 2802)
1105 North Market Street
7th Floor
Wilmington, DE 19801
Telephone: (302) 425-3308
Facsimile: (610) 371-8515
Email: jdd@stevenslee.com

-and-

Leonard P. Goldberger
Marnie E. Simon
(Members of the PA Bar)
1818 Market Street
29th Floor
Philadelphia, PA 19103-1702
Telephone:  (215) 751-2864/2885
Facsimile:  (610) 371-7376/8505
Email: lpg@stevenslee.com
Email: mes@stevenslee.com

*Attorneys for Fireman's Fund Insurance Company and Allianz S.p.A., f/k/a Riunione Adriatica Di Sicurta, and Allianz SE, f/k/a Allianz Aktiengesellschaft*

CONOLLY BOVE LODGE & HUTZ LLP

*/s/ Jeffrey C. Wisler*
Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
Telephone: (302) 658-9141
Facsimile: (302) 658-0380

OF COUNSEL:

ECKERT SEAMANS CHERIN & MELLOTT, LLC
Edward J. Longosz, II
Laura G. Stover
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C.  20006
Telephone: (202) 659-6600
Facsimile: (202) 659-6699

WILEY REIN LLP
Richard A. Ifft
Karalee C. Morell
1776 K Street, N.W.
Washington, D.C.  20006
Telephone: (202) 719-7170
Facsimile: (202) 719-7049

*Attorneys for Maryland Casualty Company, Zurich Insurance Company and Zurich International (Bermuda) Ltd.*

ROSENTHAL, MONHAIT & GODDESS, P.A.

 /s/ Edward B. Rosenthal
Edward B. Rosenthal (Bar No. 3131)
P.O. Box 1070
Wilmington, Delaware 19899
Telephone: (302) 656-4433x6
Facsimile: (302) 658-7567

-and-

GOODWIN PROCTER LLP
Daniel M. Glosband (*pro hac vice*)
Michael S. Giannotto (*pro hac vice*)
Brian H. Mukherjee (*pro hac vice*)
Exchange Place
Boston, Massachusetts 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

-and-

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.
Elizabeth DeCristofaro (*pro hac vice*)
Wall Street Plaza
23rd Floor
New York, New York 10005-1875
Telephone: (212) 269-4900
Facsimile: (212) 344-4294

*Attorneys for Continental Casualty Company and Continental Insurance Company and related subsidiaries and affiliates*

COZEN O'CONNOR

 /s/ Barry Klayman
Barry M. Klayman (DE  No. 3676)
1201 N. Market Street
Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2035
Facsimile: (215) 701-2209

- and -

William P. Shelley (PA ID 40875)
Jacob C. Cohn (PA ID 54139)
Ilan Rosenberg (PA ID 89668)
1900 Market Street
Philadelphia, PA  19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

*Attorneys for Federal Insurance Company*

TUCKER ARENSBERG

 /s/ Michael A. Shiner
Michael A. Shiner, *pro hac vice*
1500 One PPG Place
Pittsburgh, PA 15222-5401
Telephone: (412) 566-1212
Facsimile: (412) 594-5619
Email: mshiner@tuckerlaw.com

-and-

MENDES & MOUNT, LLP
Eileen T. McCabe, *pro hac vice*
750 Seventh Avenue
New York, NY  10019
Telephone: (212)261-8254
Facsimile: (302)235-2536
Email: eileen.mccabe@mendes.com

-and-

John S. Spadaro (No. 3155)
724 Yorklyn Road
Suite 375
Hockessin, DE 19707
Telephone: (302) 235-7745
Facsimile: (302) 235-2536
Email: jspadaro@johnsheehanspadaro.com

*Attorneys for AXA Belgium as successor to Royal Belge SA*

MESSANA ROSNER & STERN LLP

  /s/ Frederick B. Rosner
Frederick B. Rosner (DE #3995)
1000 N. West Street
Suite 1200
Wilmington, DE  19801
Telephone: (302) 777-1111
Facsimile: (302) 295-4801

- and-

SONNENSCHEIN NATH & ROSENTHAL LLP
Robert B. Millner
Christopher E. Prince
233 S. Wacker Drive
Suite 7800
Chicago, Illinois  60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

*Attorneys for General Insurance Company of America*