# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **W.R. GRACE & CO.,** *et al.*, | ) | **Case No. 01-01139 (JKF)** |
| | ) | **Jointly Administered** |
| Debtors. | ) | |

**AFFIDAVIT OF CHARLES O. FREEDGOOD
OF JPMORGAN CHASE BANK, N.A., IN ITS CAPACITY AS
ADMINISTRATIVE AGENT UNDER THE PRE-PETITION BANK CREDIT
FACILITIES, IN SUPPORT OF THE CLAIMS ASSERTED UNDER THE
DEBTORS' CREDIT AGREEMENTS DATED AS OF MAY 14, 1998 AND MAY 5, 1999**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF NEW YORK | ) |

Charles O. Freedgood, being duly sworn, does depose and say as follows:

1. I am over the age of eighteen years and understand and believe in the obligations of an oath.

2. I am a Managing Director of JPMorgan Chase Bank, N.A. I am duly authorized to make this affidavit on behalf of JPMorgan Chase Bank, N.A, in its capacity as Administrative Agent[1] under the Pre-Petition Bank Credit Facilities.[2]

---

[1] All terms not otherwise defined herein shall have the same meaning as ascribed to them in the Credit Agreements.

[2] The Pre-Petition Bank Credit Facilities ("Pre-Petition Bank Credit Facilities") include (i) that certain Credit Agreement, dated May 14, 1998, among the W.R. Grace & Co. (the "Company"), W.R. Grace & Co.-Conn, The Chase Manhattan Bank, as Administrative Agent, Chase Securities Inc., as arranger, and certain Banks party thereto (the "1998 Credit Agreement"), and (ii) that certain 364-Day Credit Agreement, dated May 5, 1999, among the Company, W.R. Grace & Co.-Conn, Bank of America National Trust Savings Assoc., as documentation agent, The Chase Manhattan Bank, as administrative agent, Chase Securities Inc., as book manager, and certain Banks party thereto (as amended, the "1999 Credit Agreement," together with the 1998 Credit Agreement, the "Credit Agreements"). JPMorgan Chase Bank Bank, N.A. is the successor by merger to The Chase Manhattan Bank.

{672.001-W0000846.}

3. In my capacity as a Managing Director of JPMorgan Chase Bank, N.A., since early February 2007 I have been principally responsible for managing and administering the Pre-Petition Bank Credit Facilities. The facts set forth below are based in part on my review of relevant books and records of JPMorgan Chase Bank, N.A., and my personal knowledge.

**Credit Agreements**

4. True and correct copies of the 1998 Credit Agreement and the 1999 Credit Agreement, as may have been amended are attached hereto as Exhibits A and B, respectively.

5. JPMorgan Chase Bank, N.A. has adhered to and complied with all covenants and obligations of the Credit Agreements related to the administration of the Credit Agreements.

6. The 1998 Credit Agreement was scheduled to mature as of May 16, 2003 (see 1998 Credit Agreement, definition of Termination Date and §2.2).

7. The 1998 Credit Agreement has an interest rate equal to the Alternate Base Rate (see 1998 Credit Agreement definition of Alternate Base Rate and §5.1(b)).

8. The 1998 Credit Agreement also has an interest rate equal to the Alternate Base Rate plus 2% (see 1998 Credit Agreement §5.1(c)) which applies under the terms and conditions as set forth in the 1998 Credit Agreement.

9. The 1999 Credit Agreement was scheduled to mature as of May 2, 2001 (see 1999 Credit Agreement, definition of Termination Date and §2.2).

10. The 1999 Credit Agreement has an interest rate equal to the Alternate Base Rate (see 1999 Credit Agreement definition of Alternate Base Rate and §5.1(b)).

{672.001-W0000846.}

11.    The 1999 Credit Agreement has an interest rate equal to the Alternate Base Rate plus 2% (_see_ 1999 Credit Agreement §5.1(c)) which applies under the terms and conditions as set forth in the 1999 Credit Agreement.

12.    As of the date of this affidavit, JPMorgan Chase Bank, N.A., as Administrative Agent on behalf of those certain Banks party to the Credit Agreements, has not received any payments owed under the Credit Agreements during the pendency of the Debtors' chapter 11 cases.

13.    In addition to any Events of Default which the Banks are entitled to assert arising as a result of the Debtors' filing of voluntary petitions for bankruptcy relief, jointly administered under Case No. 01-01139 (JKF) in the Delaware Bankruptcy Court, on April 2, 2001, the Debtors have also following the Petition Date under the terms of the Credit Agreements failed to among other things:

- pay the principal amount of the Loans and Notes when due in accordance with the terms thereof, including upon the stated maturity dates;

- pay interest on the Loans and Notes within five Business Days after such interest became due in accordance with the terms of the Credit Agreements; subsequent to the petition date of April 2, 2001, no interest payments have been received; and

- furnish to each Bank all certificates and other information required by section 8.2(a)-(c), not promptly giving notices to JPMorgan Chase Bank, N.A. as required by section 8.7, and not remedying such breaches within 30 days.

3

{672.001-W0000846.}

**Proofs of Claim**

14.     JPMorgan Chase Bank, N.A., in its capacity as Administrative Agent on behalf of those certain Banks party to the Credit Agreements, submitted proofs of claim, nos. 9159 and 9168 each dated March 27, 2003 (collectively, the "Proofs of Claim"), timely in accordance with the Court's order dated April 22, 2002, [Docket No. 1963] establishing March 31, 2003 as the bar date for submitting proofs of claim in the Debtors' chapter 11 cases for amounts owed on account of, but not limited to, principal, interest, and fees and expenses on the loans and advances made under the Credit Agreements.

15.     True and correct copies of the Proofs of Claim are attached hereto as Exhibit C and D.

16.     No objection was filed with respect to the Proofs of Claim prior to the Debtor's objection dated June 13, 2008 [Docket No. 18922].

**Other**

17.     JPMorgan Chase Bank, N.A., in its capacity as Administrative Agent on behalf of those certain Banks party to the Credit Agreements, was not invited to, and did not participate in, any negotiations involving a settlement of the asbestos personal injury claims resulting in the Term Sheet attached as Exhibit C to the Debtor's objection to the Proofs of Claim, dated June 13, 2008 [Docket No. 18922], between the parties to the Term Sheet which are the Debtors, the Official Committee of Equity Holders, the Official Committee of Personal Injury Claimants and the Future Claimants Representative.

_____
Charles O. Freedgood

SWORN TO AND SUBSCRIBED before me this 26 day of June, 2009.

_____
Notary Public

ARLENE N. GIBBS
Notary Public, State of New York
No. 01GI6025531
Qualified in Nassau County
Commission Expires June 1, 20 11

5

{672.001-W0000846.}