IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS FOR AUTHORITY TO RETAIN SAUL EWING LLP AS ITS DELAWARE COUNSEL *NUNC PRO TUNC* TO MAY 18, 2009**

The Official Committee of Equity Security Holders (the "Equity Committee") appointed in the chapter 11 cases of W.R. Grace & Co., *et al.* (the "Debtors"), hereby submits this application (the "Application") for the entry of an order authorizing the retention of the law firm of Saul Ewing LLP ("Saul Ewing") as Delaware counsel to the Committee *nunc pro tunc* to May 18, 2009, pursuant to section 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules (the "Local Rules"). In support of its Application, the Equity Committee respectfully represents as follows:

## BACKGROUND

1. On April 2, 2001 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On June 18, 2001, the United States Trustee (the "UST") appointed the Equity Committee. On July 18, 2001, the Equity Committee met and selected the law firm of Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") to represent it.

3.  Subsequently, Kramer Levin and the Equity Committee selected Klett Rooney Lieber & Schorling ("Klett Rooney") as the Equity Committee's Delaware co-counsel. By Order dated November 27, 2001, this Court approved of the retention of Klett Rooney as of October 26, 2001. [D.I. 1275.] By Order dated September 22, 2006, this Court amended the retention order of Klett Rooney to reflect the name change to Buchanan Ingersoll & Rooney PC ("Buchanan Ingersoll") when Klett Rooney merged with Buchanan Ingersoll. [D.I. 13267.] Teresa K.D. Currier was the attorney at both Klett Rooney and, after its name change, Buchanan Ingersoll, primarily responsible for working with Kramer Levin on behalf of the Equity Committee.

4.  On May 15, 2009, Ms. Currier resigned as a shareholder of Buchanan Ingersoll and on May 18, 2009, joined Saul Ewing LLP as a partner in its Wilmington, Delaware office. The Equity Committee has requested Ms. Currier to continue in her role as co-counsel for the Equity Committee.

5.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## RETENTION OF SAUL EWING

6.  By this Application, the Equity Committee seeks authority to retain Saul Ewing as its Delaware counsel to work with Kramer Levin to represent the Equity Committee's interests regarding all matters related to the Debtors' chapter 11 cases. Saul Ewing and Kramer Levin

will avoid any unnecessary duplication of services, and will work together as they have before Ms. Currier's change in firms.

7. The Equity Committee respectfully submits that it is necessary and appropriate for it to employ and retain Saul Ewing to provide, among other things, any of the following legal services as may be requested from time to time by the Equity Committee and Kramer Levin:

(a) render legal advice with respect to the powers and duties of the Equity Committee and the other participants in the Debtors' cases;

(b) assist the Equity Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses, and any other matter relevant to the Debtors' cases, as and to the extent such matters may affect the Debtors' creditors;

(c) participate in the negotiations with parties-in-interest with respect to any disposition of the Debtors' assets, plan of reorganization, and disclosure statement in connection with such plan, and otherwise protect and promote the interest of the Debtors' creditors;

(d) represent the Equity Committee at hearings and other proceedings;

(e) review and analyze applications, orders, statements of operations, and schedules filed with the Court and advise the Equity Committee as to their propriety;

(f) assist the Equity Committee in preparing pleadings and applications as may be necessary in furtherance of the Equity Committee's interests and objectives;

(g) prepare, on behalf of the Equity Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing; and

(h) perform such other legal services as may be required or are otherwise deemed to be in the interests of the Equity Committee in accordance with the Equity Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

8. The Equity Committee has selected Saul Ewing because Teresa Currier has worked on the W.R. Grace bankruptcy proceeding as the Equity Committee's Delaware Counsel since its inception, and because the partners and associates of Saul Ewing possess extensive knowledge and considerable expertise in the fields of bankruptcy, insolvency, reorganizations, debtors' and creditors' rights, debt restructuring, and corporate reorganizations, among others. Accordingly, the Equity Committee believes that Saul Ewing is well qualified to represent it in these Chapter 11 cases.

9. The Equity Committee requests that all legal fees and related costs and expenses incurred by the Equity Committee on account of services rendered by Saul Ewing in these cases be paid as administrative expenses of the estates pursuant to sections 328, 330(a), 331, 503(b), and 507(a)(1) of the Bankruptcy Code. Subject to the Court's approval, Saul Ewing will charge for its legal services at an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to sections 328(a) and 330 of the Bankruptcy Code as well as Orders of the Court entered in these cases. The attorneys and paralegals presently designated to be primarily responsible for representing the Equity Committee, and their current standard hourly rates, include the following:

| **Name** | **Title** | **Hourly Rate** |
|---|---|---|
| Teresa K.D. Currier | Partner | $600 |
| Lucian B. Murley | Associate | $235 |
| Melissa Flores | Paralegal | $195 |

10. It is the Equity Committee's intention that Teresa Currier continue representing the Equity Committee as she has done for many years, essentially on her own, with the assistance of one associate and a paralegal as needed. Those individuals are listed above. If, however, the

Equity Committee and Kramer Levin so request, other Saul Ewing attorneys and paralegals may be involved as necessary and appropriate to represent the Equity Committee, and Saul Ewing's hourly rate for other attorneys and professionals are as follows:

| **Billing Category** | **Range** |
|---|---|
| Partners | $335 - 650 |
| Special Counsel | $250 - 440 |
| Associates | $175 - 330 |
| Paraprofessionals | $95 - 215 |

11. These hourly rates are subject to periodic adjustments (typically in July of each year) to reflect economic and other conditions. Saul Ewing will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. These rates are set at a level designed to fairly compensate the firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Saul Ewing's policy to charge its clients for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of $.10 per page, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The firm will charge the Equity Committee for these expenses in a manner and at rates consistent with charges made generally to the firm's other clients, subject to the Local Rules.

12. Upon information and belief, Saul Ewing does not represent and does not hold any interest materially adverse to the interests of the Debtors' estates, creditors, or equity

security holders in the matters upon which Saul Ewing is to be engaged, except to the extent set forth in the Declaration of Teresa K.D. Currier attached hereto as **Exhibit A**.

13. Saul Ewing previously represented Debtors Grace Energy & W.R. Grace – Connecticut from time to time in environmental matters prior to the Petition Date. Subsequent to the Petition Date, Saul Ewing was selected as an ordinary-course professional under section 327(e) of the Bankruptcy Code [D.I. 2218, dated October 3, 2001] for such occasional environmental work. As ordinary course counsel, Saul Ewing rendered services for environmental work through September 2002. Saul Ewing has not acted as an ordinary course professional in these cases since September 2002 and will not do so once it is retained as Delaware counsel to the Equity Committee

14. Because of the extensive legal services that may be necessary in these chapter 11 cases, and the fact that the full nature and extent of such services are not known at this time, the Equity Committee believes that the employment of Saul Ewing to provide the services described above is appropriate and in the best interests of the Debtors' estates and their creditors.

15. No prior application for the relief requested herein has been presented to this Court or any other court.

**WHEREFORE**, the Equity Committee requests that an Order be entered authorizing it to retain Saul Ewing as its Delaware counsel in these cases, *nunc pro tunc* to May 18, 2009, and providing the Equity Committee such other and further relief as the Court may deem just and proper.

Dated: June 29, 2009

                                        Respectfully submitted,

                                        THE OFFICIAL COMMITTEE OF
                                        EQUITY SECURITY HOLDERS

                              By: _____
                                  Ted Weschler, Chair