# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br><br>(Jointly Administered) |
|---|---|

TERESA K.D. CURRIER hereby declares:

1. I am a partner in the law firm of Saul Ewing LLP ("Saul Ewing"), which maintains offices for the practice of law at 222 Delaware Avenue, Suite 1200, Wilmington, Delaware 19801, as well as in Philadelphia, Harrisburg, and Chesterbrook, Pennsylvania; Newark and Princeton, New Jersey; Baltimore, Maryland; and Washington, D.C. This Declaration is submitted pursuant to 11 U.S.C. § 1103(b) and Federal Rule of Bankruptcy Procedure 2014 and in support of the Application of the Official Committee of Equity Security Holders for Authority to Retain Saul Ewing LLP as its Delaware Counsel, *Nunc Pro Tunc* to May 18, 2009 (the "Application").

2. I am familiar with the matters set forth herein and make this declaration in support of the Application.

3. On April 2, 2001 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On June 18, 2001, the United States Trustee (the "UST") appointed the Official Committee of Equity Security Holders (the "Equity Committee"). On July 18, 2001, the Equity Committee met and selected the law firm of Kramer Levin Naftalis & Frankel LLP ("Kramer Levin").

5. Subsequently, Kramer Levin and the Equity Committee selected Klett Rooney Lieber & Schorling ("Klett Rooney") as the Equity Committee's Delaware co-counsel. By Order dated November 27, 2001, this Court approved of the retention of Klett Rooney as of October 26, 2001. [D.I. 1275.] By Order dated September 22, 2006, this Court amended the retention order of Klett Rooney Lieber & Schorling to reflect the name change to Buchanan Ingersoll & Rooney PC ("Buchanan Ingersoll") when Klett Rooney merged with Buchanan Ingersoll. [D.I. 13267.] I was the shareholder at both Klett Rooney and, after its name change, Buchanan Ingersoll, primarily responsible for working with Kramer Levin on behalf of the Equity Committee.

6. On May 15, 2009, I resigned as a shareholder of Buchanan Ingersoll and on May 18, 2009, joined Saul Ewing LLP as a partner in its Wilmington, Delaware office. The Equity Committee has requested me to continue in my role as co-counsel for the Equity Committee.

7. In connection with its proposed retention by the Equity Committee in these cases, Saul Ewing researched its client database to determine whether it has any relationships with any of the entities on the "Conflicts List" provided by the Debtors' counsel, a copy of which is attached hereto as **Exhibit 1** and incorporated herein. The entities set forth on **Exhibit 1** are comprised of the Debtors as well as key parties-in-interest in these cases. Saul Ewing will continue to supplement this Declaration as appropriate as additional creditors, equity holders, or parties in interest are identified in these cases.

8. To the extent that such a search indicated that Saul Ewing has, or had, a relationship with any such entity listed on **Exhibit 1,** the identities of such entities are set forth on **Exhibit 2** annexed hereto and incorporated herein. Saul Ewing and its partners, counsel and associates:

(a) are not creditors, equity security holders or insiders of the Debtors;

(b) are not and were not investment bankers for any outstanding security of the Debtors;

(c) have not been, within three (3) years before the date of the filing of the Debtors' chapter 11 petitions, (i) investment bankers for a security of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors; and

(d) are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

9. Except as otherwise set forth herein and specifically in **Exhibit 2**, insofar as I have been able to ascertain, the partners, counsel, and associates of Saul Ewing (i) do not have any connection with the Debtors; the Debtors' officers and directors; the Debtors' creditors, the Debtors' equity security holders and other known parties in interests or their respective attorneys and accountants; or the members of the Equity Committee.

10. Subject to the Court's approval, Saul Ewing will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to sections 328(a) and 330 of the Bankruptcy Code as well as Orders of the Court entered in these cases. The attorneys and paralegals presently designated to be primarily responsible for representing the Equity Committee, and their current standard hourly rates, include the following:

| Name | Title | Hourly Rate |
|---|---|---|
| Teresa K.D. Currier | Partner | $600 |
| Lucian B. Murley | Associate | $235 |
| Melissa Flores | Paralegal | $195 |

11. In addition, other attorneys and paralegals will be involved as necessary and appropriate to represent the Equity Committee, and Saul Ewing's hourly rate for other attorneys and professionals are as follows:

| Billing Category | Range |
|---|---|
| Partners | $335 - 650 |
| Special Counsel | $250 - 440 |
| Associates | $175 - 330 |
| Paraprofessionals | $95 - 215 |

12. These hourly rates are subject to periodic adjustments (typically in July of each year) to reflect economic and other conditions. Saul Ewing will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. These rates are set at a level designed to fairly compensate the firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Saul Ewing's policy to charge its clients for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of $.10 per page, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The firm will charge the Equity Committee for these expenses in

a manner and at rates consistent with charges made generally to the firm's other clients, subject to the Local Rules.

13. No promises have been received by Saul Ewing or any partner, counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

14. Neither I, Saul Ewing, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, represents any interest adverse to the Equity Committee or the Debtors in the matters upon which Saul Ewing is to be engaged.

15. Saul Ewing does not hold an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker as specified in subparagraph (B) or (C) of 11 U.S.C. § 101(14), or for any other reason.

16. Saul Ewing does not currently represent the Debtors or any of their affiliates, partners, or subsidiaries. Saul Ewing will not undertake the representation of any party other than the Equity Committee in connection with the Debtors' chapter 11 proceedings.

17. Based upon information available to me, I believe that Saul Ewing is a "disinterested person" within the meaning of the title 11 of the United States Code (the "Bankruptcy Code"), in respect of the matters upon which Saul Ewing is to be engaged in these chapter 11 cases.

18. Saul Ewing may have in the past represented, may currently represent, and may in the future represent (in matters wholly unrelated to the Debtors' chapter 11 cases) other entities not currently known to Saul Ewing who may be creditors or parties in interest in the Debtors' chapter 11 cases. To the extent that Saul Ewing discovers any such information, Saul Ewing will

promptly disclose such information to the Court, the Equity Committee, the Debtors, and the U.S. Trustee by filing a supplemental declaration on the electronic docket.

19. Saul Ewing is willing to be retained by the Equity Committee as its Delaware counsel and will make appropriate application to this Court for compensation and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware, and any orders of this Court.

20. No agreement exists, nor will any be made, to share any compensation received by Saul Ewing for its services with any other person or firm.

I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on July 2, 2009

Teresa K.D. Currier

# Exhibit 1

## Entities Included in Conflict Check

**Debtor Entities**

W. R. Grace & Co.
Grace Specialty Chemicals, Inc.
W. R. Grace – Conn.
A-1 Bit & Tool Co., Inc.
Alewife Boston, Ltd.
Alewife Land Corporation
Amicon, Inc.
CB Biomedical, Inc.
Circe Biomedical, Inc
CCHP, Inc.
Coalgrace, Inc.
Coalgrace II, Inc.
Creative Food 'n Fun Company
Darex Puerto Rico, Inc.
Del Taco Restaurants, Inc.
Dewey and Almy, LLC
Dewey and Almy Company
Ecarg, Inc.
Five Alewife Boston, Ltd.
G.C. Limited Partners I, Inc.
Grace Cocoa Limited Partners I, Inc.
G C Management, Inc.
Grace Cocoa Management, Inc.
GEC Management Corporation
GN Holdings, Inc.
GPC Thomasville Corp.
Gloucester New Communities Company, Inc.
Grace A-B, Inc.
Grace A-B II, Inc.
Grace Chemical Company of Cuba
Grace Culinary Systems, Inc.
Grace Drilling Company
Grace Energy Corporation
Grace Environmental, Inc.
Grace Europe, Inc.
Grace H-G, Inc.
Grace H-G II, Inc.
Grace Hotel Services Corporation
Grace International Holdings, Inc.
Dearborn International Holdings, Inc.

Grace Offshore Company
Grace Par Corporation
Grace Petroleum Libya Incorporated
Grace Tarpon Investors, Inc.
Grace Ventures Corp.
Grace Washington, Inc.
W. R. Grace Capital Corporation
W. R. Grace Land Corporation
Gracoal, Inc.
Gracoal II, Inc.
Guanica-Caribe Land Development Corporation
Hanover Square Corporation
Homco International, Inc.
Kootenai Development Company
LB Realty, Inc.
Litigation Management, Inc.
GHSC Holdings, Inc.
Grace JVH, Inc.
Asbestos Management, Inc.
Monolith Enterprises, Incorporated
Monroe Street, Inc.
MRA Holdings Corp.
Nestor-BNA Holdings Corporation
MRA Interdemco, Inc.
Nestor-BNA, Inc.
MRA Staffing Systems, Inc.
British Nursing Association, Inc.
Remedium Group, Inc.
Environmental Liability Management, Inc.
E&C Liquidating Corp.
Emerson & Cuming, Inc.
Southern Oil, Resin & Fiberglass, Inc.
Water Street Corporation
Axial Basin Ranch Company
CC Partners
Cross Country Staffing
Hayden-Gulch West Coal Company
H-G Coal Company

**Official Committees**
Official Unsecured Creditors Committee
Official Property Damage Committee
Official Personal Injury Committee
David Austern (Future Claimants' Representative)

**Secured Lenders**

Bank of America National Trust Savings Assoc.
The Chase Manhattan Bank
Chase Securities Inc.
Anchorage Advisors, LLC
Allen & Co
Avenue Capital Group
Babson Capital Management LLC
Bass Companies
Caspian Capital Advisors, LLC
Catalyst Investment Management Co., LLC
Cetus Capital, LLC
De Shaw Laminar Portfolios, LLC
Goldman Sachs & Co.
Halcyon Asset Management, LLC
Intermarket Corp.
JP Morgan Chase, N.A. Credit Trading Group
Loeb Partners Corporation
MSD Capital, L.P.
Normandy Hill Capital, L.P.
Onex Debt Opportunity Fund Ltd.
P. Schoenfeld Asset Management, LLC
Restoration Capital Management LLC
Royal Bank of Scotland, PLC

# EXHIBIT 2

## DISCLOSURE OF SAUL EWING LLP

Saul Ewing LLP ("Saul Ewing") with offices in Philadelphia, Harrisburg, and Chesterbrook, Pennsylvania; Newark and Princeton, New Jersey; Baltimore, Maryland; Washington, D.C., and Wilmington, Delaware, employs approximately 275 attorneys and has a large and diversified legal practice which encompasses the representation of many businesses, financial institutions, individuals and other creditors. As part of its diverse practice, Saul Ewing appears in numerous cases, proceedings and transactions involving many different professionals, including other attorneys, accountants, financial consultants and investment bankers. Based on Saul Ewing's current knowledge of the professionals, lenders, creditors, equity holders and other significant parties in interest involved in these cases, Saul Ewing makes the following disclosures:

1. Saul Ewing currently represents Goldman Sachs & Company, which is a creditor and/or party-in-interest in matters wholly unrelated to the Debtors' cases.

2. Saul Ewing currently represents an entity that purchases operating assets nationally, and that may purchase assets from the Debtors at some point in the future. This entity is currently bound by a confidentiality agreement with the Debtors and therefore cannot be disclosed in this public filing. Saul Ewing has disclosed the name of the entity to the Equity Committee and the Equity Committee has consented. Further, although the representation of this entity does not present a conflict of interest with Saul Ewing's representation of the Equity Committee, Saul Ewing has erected an ethical screen between attorneys working for the Equity

Committee in these cases, and any other firm attorneys who represent this entity in its mergers and acquisitions from time to time.

3. Saul Ewing previously represented certain parties who are creditors and/or parties-in-interest in matters wholly unrelated to the Debtors: Monolith Enterprises, Inc., Monroe Street Partnership, JP Morgan, Chase Manhattan Bank, Chase Manhattan Trust, and Bank of America National Trust & Savings.

4. Saul Ewing previously represented Debtors Grace Energy & W.R. Grace – Connecticut from time to time in environmental matters prior to the Petition Date. Subsequent to the Petition Date, Saul Ewing was selected as an ordinary-course professional under section 327(e) of the Bankruptcy Code [D.I. 2218, dated October 3, 2001] for such occasional environmental work. As ordinary course counsel, Saul Ewing rendered services for environmental work through September 2002. Saul Ewing has not acted as an ordinary course professional in these cases since September 2002 and will not do so once it is retained as Delaware counsel to the Equity Committee