**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**PLAN PROPONENTS' OBJECTIONS TO AND MOTION TO EXCLUDE OBJECTING <u>PARTIES' PHASE I DEPOSITION DESIGNATIONS</u>**

The Plan Proponents hereby respond and object to (i) Certain Insurers' Proffer of Designated Deposition Testimony, and Pertinent Exhibits Thereto, for Phase I of the Confirmation Hearing dated June 26, 2009 (Dkt. No. 22278) and (ii) The CNA Insurance Companies' Proffer of Evidence For Phase I of Plan Confirmation Hearings, dated July 2, 2009 (the "Proffers"). No evidence is necessary or relevant to the Phase I issues as they are purely legal issues and thus all of the designations should be excluded.

The Phase I hearing related solely to the legal issues regarding whether the language of the Plan is insurance-neutral and whether, as a result of the Plan being insurance neutral, the Insurers have any standing to raise certain Plan objections. The Court need look no further than

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the language of the Plan itself to determine that, other than with respect to certain carve outs, the Plan is "insurance neutral" – it has no effect on the Insurers' legally protected rights and interests. The Plan contains explicit insurance neutrality language which is similar to the language endorsed by the Third Circuit in *In re Combustion Engineering, Inc.*, 391 F.3d 190, 218 (3d Cir. 2004) and many courts since that time. *See also* Memorandum Opinion, Dkt. No. 5192, *In re Pittsburgh Corning*, No. 00-22876 (JFK), at 49-50 (Bankr. W.D. Pa. Dec. 21, 2006), *aff'd*, 260 Fed. Appx. 463 (3d Cir. 2008) (recognizing that when a plan is insurance-neutral, insurers may not raise objections). Specifically, section 7.15 of the Plan incorporates language that the Third Circuit has already recognized "broadly preserves insurers' pre-petition rights under the subject insurance policies, *Combustion Engineering*, 391 F.3d at 217, and deprives them of standing to challenge confirmation. *See id.* at 211-12, 217-218.

As a result, there are no factual issues before the Court requiring evidence of any kind and all of the deposition designations are irrelevant. Specifically, the Plan Proponents submit the following chart setting forth their detailed relevance objections to the objecting parties' proffered testimony:

| **Insurers' Description of Subject Matter of Proffered Testimony** | **Plan Proponents' Objections in General (subject to specific page/line objections set forth on the attached Exhibit A.)** |
|---|---|
| (1) Intent (or lack of intent) of Plan Proponents regarding operation of Plan and Plan Documents. | *Relevance objection number one*: Testimony regarding the Plan Proponents' "intent" about the operation of § 7.15's insurance neutrality provisions is inadmissible for the reasons set forth in the Bench Brief filed by certain of the Plan Proponents on June 22, 2009 (Dkt. No. 22200) and incorporated herein by reference. Opinions about the meaning of the Plan and Plan Documents from Grace's lawyers and agents, the ACC's lawyers, and the FCR, are irrelevant. These opinions, offered as evidence, are not helpful to the Court in determining any fact at issue in these proceedings. |

| | |
|---|---|
| | Instead, they are merely their opinions concerning legal issues already extensively briefed and argued to the Court. The Plan and the Plan Documents are legal documents that contain no special language outside the Court's expertise. Testimony consisting of opinions about such documents is not admissible. |
| (2) Plan and Plan Documents were negotiated and drafted without consent or participation of Debtors' insurers. | *Relevance objection number two*: Not a Phase I issue. Not relevant to determining whether the plan is insurance-neutral under § 7.15. Section 7.15's insurance neutrality provisions preserve insurers' defenses to coverage based on policy rights. The Court need not determine the existence of such rights as part of Plan confirmation (in Phase I or in Phase II).<br><br>Moreover, the objecting insurers seek to have it both ways. They seek the admission of evidence for the purpose of demonstrating that their rights purportedly are being violated, while at the same time they protest that this Court cannot address insurers' rights under their policies. The objecting insurers cannot seek to prove the existence of their rights, have this Court determine the existence of such rights, and later argue that the existence or non-existence of such rights has not been litigated. The whole purpose of the insurance neutrality provision in the Plan is to preserve all insurer rights and avoid litigating such rights in the Bankruptcy Court. |
| (3) Intended operation of insurance neutrality provision; apparent confusion and ambiguity in the neutrality provisions; neutrality provisions must be clarified in order to insure that a coverage court will in fact interpret the Plan in a way that is insurance neutral; lack of clarity in Plan provisions, so as to make it not clearly insurance neutral to the extent required under applicable standards, and demonstrates the potential limbo that the Plan leaves as to certain obligations of the insured under the insurers' policies. | See (1) above, *relevance objection number one.* |
| (4) TAC members have conflicts of interest. | See (2) above, *relevance objection number two.* |

| | |
|---|---|
| (5) Certain Insurers did not cede or waive any of their claims handling or other policy rights. | See (2) above, *relevance objection number two.* |
| (6) Insurers have legitimate concerns about the need for clear and unambiguous insurance neutrality language in the Plan or Confirmation Order to preserve their rights, remedies and coverage defenses. | See (1) above, *relevance objection number one.* |
| (7) Seaton is a "creditor" and, as a result, could be construed within the phrase "beneficiary of the Asbestos PI Trust" as it appears in § 7.15(b) of the Plan. As a result, absent clarification, the "insurance neutrality" conferred on Seaton, as an alleged insurer, by § 7.15(a), could be mistakenly construed to be taken away by operation of § 7.15(b). | See (1) above, *relevance objection number one.* Moreover, the Plan Proponents do not dispute that Seaton may be a potential "creditor" pursuant to certain settlement agreements. |

In addition to the Plan Proponents' objection that all proffered evidence is irrelevant to Phase I, the Plan Proponents also object to certain of the objecting parties' designations on best evidence and/or foundation grounds. Many of the designated portions of the depositions are nothing more than a witness's recitation of what a document says. The best evidence of what a document says is the document itself. Thus, those portions of the depositions are inadmissible under the Best Evidence rule, Fed. R. Evid. 1002. Further, certain of the designated portions of the depositions lack foundation and are thus inadmissible under Fed. R. Evid. 901. A detailed chart of these objections is attached as Exhibit A.

Because no evidence is relevant to the legal issues before the Court, and because much of the proffered testimony also lacks foundation or is inadmissible under the Best Evidence rule, the Plan Proponents respectfully request that this Court exclude the objecting parties' proffered deposition testimony in its entirety.

Dated: July 2, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick
Lisa G. Esayian
300 N. LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Theodore Freedman
Citigroup Center
601 Lexington Ave.
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

Barbara M. Harding
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5200
Facsimile: (202) 879-5200

and

PACHULSKI, STANG, ZIEHL & JONES LLP

________________________________
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
ljones@pszjlaw.com
joneill@pszjlaw.com
kmakowski@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

and

CAMPBELL & LEVINE, LLC
*/s/ Mark T. Hurford*
Marla R. Eskin (Bar No. 2989)
Mark T. Hurford (Bar No. 3299)
800 North King Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947
mhurford@camlev.com

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*

PHILIPS, GOLDMAN & SPENCE, P A.

/s/ John C. Philips
John C. Philips (Bar No.110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pgslaw.com

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T Austern, Asbestos PI Future Claimants' Representative*

SAUL EWING LLP

/s/ Teresa K.D. Currier
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, 12th Floor
P.O. Box 1266
Wilmington, DE 19801
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
tcurrier@saul.com

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Horowitz
Douglas Mannal
David Blabey
1177 Avenue of the Americas
New York, NY 10022
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of Equity Security Holders*