# Exhibit A

# Table of Plan Proponents' Specific Objections to Deposition Testimony Designated by Objecting Parties

| Witness | Insurers' Designations | Topics | Objections |
|---|---|---|---|
| Austern 05/15/2009 | 12:1 - 31:10 | Background, deposition preparation; names of proposed TAC members | Relevance, Best Evidence |
| | 39:14 - 40:21 | Plan's two-trust structure | Relevance, Best Evidence |
| | 41:1 - 47:3<br>47:17 - 47:24 | Distinction between "claims" and "demand" under § 524(g); Questions regarding purpose and intent of 7.15 (insurance neutrality) | Relevance, Best Evidence |
| | 48:8 - 48:18<br>48:20 - 52:15 | Austern's understanding of whether Plan § 7.15 is intended to be a preemptory | Relevance, Best Evidence |
| | 52:22 - 54:6 | Austern's understanding of contractual indemnities in pre-petition insurance settlements | Relevance, Best Evidence, Foundation |
| | 54:21 - 57:10<br>57:15 - 59:2<br>59:5 - 59:21<br>60:6 - 60:16<br>60:19 - 60:23 | Austern's understanding of 7.15(b) | Relevance, Best Evidence |
| | 62:4 - 62:24 | Austern's understanding of various plan provisions | Relevance, Best Evidence |
| | 63:3 - 63:12<br>63:17 - 64:4 | Austern's understanding of the beneficiaries of the Section 8.5 successor claims objections | Relevance, Best Evidence |
| | 66:1 - 68:18<br>68:24 - 69:23 | Austern's understanding of whether 105 and 524(g) injunctions can be lifted | Relevance, Best Evidence |
| | 70:1 - 70:19<br>70:22 - 73:19<br>73:24 - 74:21<br>75:13 - 80:11 | Austern's understanding of his and others' fiduciary duties | Relevance, Best Evidence, Foundation (as to fiduciary duties of others) |

| Witness | Insurers' Designations | Topics | Objections |
|---|---|---|---|
| | 80:12-84:19<br>84:22 - 84:23 | Roles of TAC members; qualifications of Trustees; provisions of Trust Agreement designed to avoid conflicts | Relevance, Best Evidence |
| | 85:9 - 86:3<br>86:6 - 86:7 | Questions re Insurance Transfer Agreement (Plan Ex. 6) | Relevance, Best Evidence, Foundation |
| | 87:1 - 87:10<br>87:15 - 88:5<br>88:9 - 88:16<br>88:23 - 90:9<br>90:15 - 90:17 | Austern's understanding of whether the Asbestos PI Trust will become the insured under the policies when the rights are transferred to the Trust | Relevance, Best Evidence, Foundation |
| | 90:22 - 93:21 | Austern's understanding of how the Trust is going to settle claims under the TDP and whether insurers will have any role in claims handling | Relevance, Best Evidence, Foundation |
| | 93:24 - 94:4<br>94:7 - 94:19 | Questions re Cooperation Agreement (Plan Ex. 10) | Relevance, Best Evidence, Foundation |
| | 153:12 - 153:23 | What happens to the Debtors' obligations under the policies | Relevance, Best Evidence, Foundation |
| | 172:3 - 173:7<br>173:10 - 173:12 | Under TDP, claimant can exit to tort system if nonbinding arbitration does not resolve claim | Relevance, Best Evidence |
| | 182:21 - 183:6<br>183:8 - 183:11 | Whether 524(g) requires transfer of insurance proceeds to Trust | Relevance, Best Evidence, Foundation |
| | 190:1 - 192:19 | TDPs were drafted by ACC and FCR | Relevance |
| | 205:18 - 206:4 | Austern has practiced law for 45 years | Relevance |
| | 242:18 - 245:20 | Whether Austern and/or other Plan Proponents consulted with insurers re Plan documents before September 2008 | Relevance, Best Evidence |

DOCS_DE:150319.1

| Witness | Insurers' Designations | Topics | Objections |
|---|---|---|---|
| | 248:13 - 250:18 | TAC members will be paid per an hourly rate under the Trust Agreement | Relevance, Best Evidence |
| Finke 03/30/2009 | 4:20 - 6:16<br>32:8 - 32:22<br>164:4 - 169:3 | Background re Finke's and Jay Hughes' work with Grace; role of Grace's defense law firms in defending Grace in asbestos PI claims | Relevance |
| | 175:23 - 176:5 | Finke not involved in Grace's liability insurance pre-petition | Relevance |
| | 179:4 - 184:4<br>184:23 - 185:1<br>185:6 - 185:18<br>185:21 - 187:3 | Preparation of Grace's 8-K announcing the April 2008 personal injury settlement | Relevance, Foundation |
| | 189:18 - 193:22<br>194:1 - 194:22<br>195:4 - 196:15 | Questions re Grace's interrogatory responses re role of insurers in Trust's handling of PI claims | Relevance, Best Evidence |
| | 197:19 - 199:6<br>199:9 | Questions re Scotts' 2004 adversary complaint and whether Scotts' claims against insurers are enjoined under the Plan | Relevance, Best Evidence, Foundation |
| Finke 05/13/2009 | 11:7 - 14:20<br>15:3 - 18:2<br>19:6 - 21:15 | Background | Relevance |
| | 23:21 - 28:14<br>38:23 - 39:17 | Whether Grace consulted with or obtained consent from insurers prior to April 6, 2008 term sheet | Relevance, Best Evidence, Foundation |
| | 43:4 - 43:9<br>43:17 - 43:23<br>44:4 - 44:8 | Questions re who will be the insureds and who will be the owner of the policies if plan is confirmed | Relevance, Best Evidence, Foundation |

3

| Witness | Insurers' Designations | Topics | Objections |
|---|---|---|---|
| | 44:9 - 44:21<br>44:24 - 45:9<br>45:21 - 45:24<br>46:7 - 46:11<br>46:16<br>47:4 - 47:6<br>47:9 - 47:14<br>48:5 - 48:16<br>48:20 - 49:12 | Duties, generally, under liability insurance policies and whether these duties will remain with Grace or be assumed by the Trust | Relevance, Best Evidence, Foundation |
| | 54:5 - 55:10<br>56:5-57:1<br>57:5-57:17<br>58:5 - 58:15 | Questions re role of insurers in claims handling post-confirmation | Relevance, Best Evidence, Foundation |
| | 58:19 - 59:24<br>60:3 - 60:16<br>60:22 - 61:10<br>61:13 - 62:13<br>62:16 - 62:22<br>63:5 - 64:11<br>64:14 - 64:20<br>65:3 - 65:20<br>66:8 - 66:16<br>66:22 - 67:12<br>67:19 - 67:22<br>68:1<br>68:23 - 69:5 | Questions re TAC members -- their background, their clients, fiduciary duties | Relevance, Best Evidence, Foundation |

DOCS_DE:150319.1

| Witness | Insurers' Designations | Topics | Objections |
|---|---|---|---|
| | 69:20 - 70:15<br>75:23 - 76:7<br>76:19 - 77:11<br>77:14 - 78:2<br>78:7 - 78:13<br>78:18 - 79:12<br>79:16 - 79:19<br>80:3 - 80:23<br>81:4 - 83:8<br>83:13 - 85:1<br>85:14 - 87:2<br>87:5 - 87:10<br>87:13 - 87:18<br>87:21 - 89:2<br>89:7 - 90:3 | Questions re 7.15 (insurance neutrality) | Relevance, Best Evidence |
| | 91:1 - 91:19<br>91:22 - 91:23<br>93:21 - 94:7<br>94:16 - 95:7<br>"yes"<br>96:1 - 96:15<br>96:20 - 96:22 | How indemnified insurers' claims are handled under the TDP | Relevance, Best Evidence, Foundation |
| | 116:5 - 116:8<br>116:13 - 116:23<br>117:5 - 117:10<br>117:13 - 117:20<br>118:2 - 118:7 | Basis for classifying insurers' contractual indemnity claims as Class 6 | Relevance, Best Evidence |
| | 121:6 - 121:18<br>121:21 - 123:15<br>123:18 - 124:5<br>125:4 - 125:11<br>125:14 - 126:5<br>126:8 - 126:13<br>126:21 - 127:14<br>127:17 - 127:18 | Entities/individuals exculpated and released under Section 11.9 and other questions re 11.9 | Relevance, Best Evidence |
| | 128:4 - 129:9<br>129:12 - 129:19<br>131:5 - 132:7<br>201:3 - 201:9 | Questions generally re Grace's insurance settlement agreements | Relevance, Best Evidence, Foundation |

| Witness | Insurers' Designations | Topics | Objections |
|---|---|---|---|
| | 288:20 - 289:4<br>289:7 - 290:4<br>290:10 - 290:24<br>291:3 - 291:14<br>291:18 - 292:4<br>292:12 - 292:17<br>293:3 - 293:10<br>293:14 - 293:17<br>293:20 - 294:11 | Grace's understanding of insurance neutrality and whether the Plan is intended to protect insurers from a *UNR*-type result | Relevance |
| | 335:7 - 335:14<br>335:17 - 335:23 | Classification of settled insurers contractual indemnity claims as Class 6 | Relevance, Best Evidence, Foundation |
| | 337:20 - 339:7<br>340:6 - 340:7 | Whether any Plan provisions under than 11.9 "override" section 7.15's insurance neutrality | Relevance, Best Evidence |
| Hughes 06/11/2009 | 13:20 - 15:18 | Background | Relevance |
| | 16:1 - 16:5<br>16:16 - 17:12<br>19:13 - 19:23 | Hughes' role in resolving Grace's pre-petition disputes with insurers and in post-settlement issues with insurers | Relevance |
| | 28:16 - 30:13<br>30:16 - 30:24<br>35:18 - 35:21<br>36:1 - 36:17<br>36:19 - 38:3<br>57:19 - 58:23<br>58:2<br>62:17 - 62:20<br>62:23 - 63:11<br>63:16 - 64:8<br>64:11 - 64:24<br>66:14 - 66:20<br>66:23 - 67:4 | Factors Grace considered pre-petition for evaluating Asbestos PI Claims | Relevance |
| | 132:13 - 133:2<br>133:5 - 133:7 | Drafting of TDPs | Relevance, Best Evidence |

| Witness | Insurers' Designations | Topics | Objections |
|---|---|---|---|
| | 296:21 - 299:18<br>300:4 - 300:8<br>301:2 - 305:24<br>310:9 - 310:11<br>311:3 - 313:17<br>314:10 - 314:23 | General understanding of Grace's insurance program; Schedule of Grace's insurance policies; Schedule of Grace's insurance settlement agreements | Relevance |
| | 314:24 - 315:7<br>315:11 - 315:18<br>316:2 - 316:15<br>316:17 - 316:24<br>317:3 - 317:15<br>317:22 - 318:7<br>318:10 - 318:19<br>318:24 - 319:1 | Rights and duties of insurers under liability insurance policies, generally; whether various Grace insurers have given up those rights | Relevance, Best Evidence, Foundation |
| | 319:3 - 319:16<br>320:3 - 321:7 | Hughes' responsibilities for management and resolution of Asbestos PI Claims | Relevance |
| | 321:8 - 324:23<br>325:4 - 328:12<br>329:6 - 330:2<br>330:13 - 333:10<br>333:14 - 337:21<br>337:24 - 338:1<br>338:14 - 340:21<br>341:1 - 341:6 | Role of Grace's defense counsel for Asbestos PI Claims; nature of Grace's defense of Asbestos PI Claims; whether Grace had to obtain consent of plaintiffs' counsel to settle Asbestos PI Claims | Relevance |
| | 341:13 - 341:15<br>341:20 - 342:10<br>342:13 - 344:8 | ACC's and FCR's role in drafting TDPs; Grace's comments on TDPs | Relevance, Best Evidence |
| | 344:16 - 344:18<br>346:13 - 347:24<br>348:5 - 348:12<br>348:15 - 349:3<br>349:6 - 350:2<br>350:13 - 350:20<br>350:23 - 351:16<br>351:20 - 352:17 | Questions re Grace's pre-petition insurance settlements and whether the funds were used to pay Asbestos PI Claims; questions re funds spent by Grace to settle Asbestos PI Claims | Relevance |

| Witness | Insurers' Designations | Topics | Objections |
|---|---|---|---|
| | 352:20 - 354:10<br>354:13 - 354:21<br>354:24 - 355:8<br>355:11 - 355:20<br>356:22 - 357:1<br>357:4 - 357:19 | Whether Grace had any interest in TDPs after settlement with PI claimants in April 2008 | Relevance |
| | 358:23 - 360:4<br>360:8 - 360:13<br>360:21 - 361:16<br>361:19<br>378:12 - 379:12<br>379:17 - 380:6<br>380:10 - 380:21<br>381:4 - 382:10<br>382:18 - 382:24<br>383:4 - 383:7<br>383:12 - 385:6<br>385:10 - 386:6<br>386:13 - 387:10<br>387:14 - 387:23<br>388:4 - 388:5<br>478:24 - 479:1 | Grace did not enter into agreements with unsettled excess insurers waiving their policy rights | Relevance, Best Evidence |
| | 479:18 - 479:23<br>480:3 - 481:11<br>481:16 - 482:4<br>482:10 - 482:18<br>482:21 - 483:14 | Questions re certain insurance settlement agreements | Relevance, Best Evidence |
| Inselbuch 06/12/2009 | 20:7- 21:7<br>21:14 - 26:11<br>30:18 - 31:18<br>32:1 - 32:5 | Inselbuch's role in Grace's chapter 11 case; questions re April 2008 Term Sheet | Relevance |
| | 34:2 - 36:16<br>37:9 - 37:22 | Drafting of TDPs | Relevance |
| | 105:14 - 106:4 | Whether claimants have ever pursued rights in tort system under TDPs in other cases | Relevance |

8

| Witness | Insurers' Designations | Topics | Objections |
|---|---|---|---|
| | 190:13 - 194:24<br>195:3 - 195:11<br>195:14<br>195:21 - 196:1 | Individuals involved in negotiations of April 2008 term sheet; whether any party suggested that insurers should be involved | Relevance, Best Evidence, Foundation |
| | 196:2 - 196:22<br>197:17 - 201:16<br>202:3 - 202:15<br>202:21 - 203:19 | Drafting of TDPs; Peterson's role; Sealed Air's role in commenting | Relevance |
| | 224:23 - 226:22<br>227:1 - 228:9<br>228:12 - 229:8 | Questions re purpose of Alabama choice of law reference in TDPs | Relevance, Best Evidence, Foundation |
| | 229:11 - 230:1<br>230:4 - 233:13<br>233:17 - 234:7<br>234:10 - 235:2 | Fiduciary duties of ACC, trustees | Relevance, Best Evidence |
| | 235:3 - 236:13 | Why the TDPs do not include provisions that claims submitted based on diagnosis of certain doctors will not be honored | Relevance |
| | 237:24 - 238:4<br>238:7 - 239:6<br>239:9<br>248:13 - 249:17 | ACC's and FCR's role in drafting TDPs | Relevance |
| Lockwood 05/01/2009 | 12:1 - 15:13 | Appearing as ACC's Rule 30(b)(6) designee | Relevance |
| | 15:15 - 18:1<br>18:3 - 19:22 | Questions re term sheet negotiated by Grace and PI claimants in April 2008 | Relevance |
| | 24:6 - 28:14 | Questions re the Asbestos Insurance | Relevance |
| | 29:13 - 31:10 | Rights that are being transferred to the Trust | Relevance, Best Evidence |
| | 36:2 - 36:12<br>36:15 - 36:18<br>36:21 - 37:21<br>37:24 - 38:2 | Insurers not consulted re April 2008 term sheet | Relevance |

DOCS_DE:150319.1

| Witness | Insurers' Designations | Topics | Objections |
|---|---|---|---|
| | 40:1 - 40:4<br>40:7 - 40:11<br>40:14 - 41:8<br>41:11 - 48:6<br>48:9 - 48:15<br>48:18 - 49:7<br>49:10 - 49:15<br>49:18 - 49:19 | Parties involved in drafting of plan documents from April 2008 to September 2008; insurers not involved | Relevance |
| | 49:21 - 51:13 | Insurers did not consent to Plan or any Plan document after Plan was filed | Relevance |
| | 51:14 - 53:13<br>53:17 - 55:4<br>55:8 - 55:14<br>55:17 - 56:15<br>56:18 - 56:21<br>57:5 - 60:1<br>60:5 - 61:9<br>61:17 - 61:23<br>62:3 - 63:16 | Whether the Plan constitutes a settlement of all Asbestos PI Claims against Grace, and, if so, is it binding on the insurers, or does Section 7.15 supercede any argument that the Plan is a settlement that is binding on insurers | Relevance, Best Evidence |
| | 65:1 - 67:6<br>67:11 - 68:22 | Exceptions to Asbestos Insurance Coverage Defenses | Relevance, Best Evidence |
| | 83:17 - 84:24<br>85:4 - 85:10<br>85:12 - 87:24<br>88:4 - 88:16<br>88:20 - 89:1 | Causes of action retained by Debtors (Plan Exhibit 19) | Relevance, Best Evidence |
| | 103:10<br>103:16 - 104:5<br>104:10 - 105:7<br>105:4 - 106:20<br>(CNA)<br>105:10 - 108:22<br>109:1 - 110:2 | Plan Section 7.2 - Asbestos PI Trust; whether the Trust assumes Grace's duties and obligations under insurance policies and whether Grace retains any such duties or obligations | Relevance, Best Evidence |
| | 120:6 - 122:3<br>122:6 - 125:22 | Selection of TAC members | Relevance |

DOCS_DE:150319.1

| Witness | Insurers' Designations | Topics | Objections |
|---|---|---|---|
| | 125:23 - 126:22 | Warrants that are funding the Asbestos PI Trust | Relevance, Best Evidence |
| | 129:19 - 129:22<br>130:2 - 130:12 | Whether a Plan could satisfy 524(g) and have a role for insurers | Relevance |
| | 170:9 - 171:22<br>172:2 - 173:13<br>173:16 - 173:19<br>173:23 - 175:2<br>175:5 - 176:17 | Whether Section 7.15 (insurance neutrality) overrides the exculpations and releases in Section 11.9 | Relevance, Best Evidence |
| | 176:18 - 177:7 | Scotts' adversary complaint | Relevance, Best Evidence, Foundation |
| | 196:24 - 198:22<br>199:1 - 199:24<br>199:18 - 200:8 (CNA)<br>200:3 - 201:20<br>201:24 - 209:15<br>213:22 - 214:19<br>216:19 - 221:21<br>222:1 - 225:8 | Questions about the Trust Agreement and TAC members -- numbers of claims they have against Grace; fee arrangements; fiduciary duties; matters for which Trustees must obtain consent of TAC and FCR; insurers not involved in drafting of Asbestos PI Trust Agreement | Relevance |
| | 225:9 - 226:4<br>226:7 - 227:19<br>227:23 - 228:8<br>228:11 - 228:21<br>228:24 - 233:6<br>235:18 - 236:5<br>240:2 - 242:20<br>242:22 - 244:10<br>248:15 - 253:7<br>253:9 - 253:21 | TDPs -- insurers not invited to participate in drafting, not consulted; no role for insurers under TDPs | Relevance, Best Evidence |
| | 261:9 - 263:19 | Cooperation Agreement -- document preservation issues | Relevance, Best Evidence |

11

DOCS_DE:150319.1

| Witness | Insurers' Designations | Topics | Objections |
|---|---|---|---|
|  | 321:6 - 322:15<br>322:18 - 323:22<br>324:1 - 324:18 | Asbestos Insurance Transfer Agreement; rights being transferred to the Trust; whether Grace has any rights to tender any claims under the policies | Relevance, Best Evidence |
|  | 369:1<br>370:16 - 370:20<br>370:23 - 371:6<br>371:15 - 371:16<br>371:20 - 372:24 | Negotiations leading to April 2008 term sheet | Relevance |
|  | 381:7 - 381:13<br>381:12 - 383:3 (CNA)<br>381:19 - 383:6<br>383:9 - 383:17<br>383:15 - 383:21 (CNA) | Drafting of TDPs | Relevance |
|  | 383:20 - 383:21<br>405:12 - 406:7 | Whether claims end up in the tort system in other asbestos bankruptcies | Relevance, Best Evidence |
| Lockwood 05/04/2009 | 506:4 - 507:11 (CNA)<br>565:1 - 566:19 | Plan's structure for two trusts (PI and PD) | Relevance, Best Evidence |
|  | 603:6 - 604:3<br>603:7 - 603:23 (CNA) | Initial trustees | Relevance, Best Evidence |
|  | 634:24 - 635:10 | Plan's release of claims between insurers and non-debtors | Relevance, Best Evidence |
|  | 636:10<br>637:11 - 637:24 | Law firms involved in drafting of TDPs | Relevance |
| Peterson 06/09/2009 | 11:7 - 11:11<br>12:13 - 13:23 | Confirms that Exhibit 2 is his report | Relevance |

DOCS_DE:150319.1

| Witness | Insurers' Designations | Topics | Objections |
|---|---|---|---|
|  | 196:24 - 197:7<br>217:20 - 217:24<br>228:22 - 229:4<br>229:8 - 237:21<br>238:8 - 241:3 | Peterson's work in developing disease values for the TDPs | Relevance |
| Posner 05/06/2009 | 14:20 - 15:6<br>16:7 - 20:3<br>20:6 - 20:17<br>20:20 - 21:1<br>32:20 - 33:21<br>33:24 - 34:24<br>35:6 - 37:4 | Posner's resume, role as risk manager for Grace; negotiated pre-petition asbestos insurance settlements for Grace | Relevance |
|  | 37:5 - 38:3 | Posner's compensation arrangements with Grace | Relevance |
|  | 38:8 - 38:16 | Posner's role in Plan drafting | Relevance |
|  | 41:4 - 41:8 | Posner's role in responding to requests for admission | Relevance |
|  | 265:4 - 266:16<br>269:10 - 269:15<br>279:11 - 280:14<br>296:10 - 297:12<br>297:15 - 297:19<br>299:20 - 300:18<br>300:23 - 302:7<br>302:10 - 304:7<br>304:10 - 304:14<br>304:17 - 304:24 | Questions about Grace's pre-petition insurance settlement agreements -- whether insurers made all payments required under the agreements; whether insurers paid substantial defense costs to Grace for Asbestos PI Claims; whether insurers understood that Grace was vigorously defending itself for Asbestos PI Claims | Relevance |

13