IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| W. R. GRACE & CO., et al.[1] | ) |
|  | ) Case No. 01-01139 (JKF) |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) |

**PLAN PROPONENTS' OBJECTION TO PLAN OBJECTORS' PROFFERED TRIAL
EXHIBITS FOR PHASE I OF THE CONFIRMATION HEARING AND MOTION TO
EXCLUDE SUCH EXHIBITS**

Following the June 22 and 23, 2009 hearing, the Phase I objecting parties[2] submitted amended lists of exhibits they seek to admit during the Phase I hearing.[3] Not all of these objecting parties, however, provided accompanying justifications for their proffered exhibits.[4]

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] The pertinent parties are: Zurich Insurance Company and Zurich International (Bermuda) Ltd., Fireman's Fund Insurance Company, Allianz S.P.A., F/K/A Riunione Adriatica Di Scurta, and Allianz SE, F/K/A Allianz Aktiengesellschaft, GEICO/Republic/Seaton, General Insurance Company of America, Federal Insurance Company, CNA Companies, Bank Lender Group, AXA Belgium, and Arrowood Indemnity.

Without an understanding of the proffered exhibits' intended use, it is difficult for the Plan Proponents to object with specificity to the exhibits. Notwithstanding the lack of this information, the Plan Proponents submit their objections to the proffered exhibits, based on both general and specific objections. The Plan Proponents expressly reserve the right to object to any of the listed exhibits on any basis not specifically included in this Motion.

In general, the objecting parties' proffered exhibits are not relevant to any Phase I issue. The Phase I hearing related solely to the legal issues regarding whether the language of the Plan is insurance-neutral and whether, as a result of the Plan being insurance neutral, the Insurers have any standing to raise certain Plan objections. The Court need look no further than the language of the Plan itself to determine that, other than with respect to certain carve outs, the Plan is "insurance neutral" – it has no effect on the Insurers' legally protected rights and interests. The Plan contains explicit insurance neutrality language which is similar to the language endorsed by the Third Circuit in *In re Combustion Engineering, Inc.*, 391 F.3d 190, 218 (3d Cir. 2004) and many courts since that time. *See also* Memorandum Opinion, Dkt. No. 5192, *In re Pittsburgh Corning*, No. 00-22876 (JFK), at 49-50 (Bankr. W.D. Pa. Dec. 21, 2006), *aff'd*, 260 Fed. Appx. 463 (3d Cir. 2008) (recognizing that when a plan is insurance-neutral, insurers may not raise objections). Specifically, section 7.15 of the Plan incorporates language that the Third Circuit has already recognized "broadly preserves insurers' pre-petition rights under the subject insurance policies, *Combustion Engineering*, 391 F.3d at 217, and deprives them of standing to challenge confirmation. *See id.* at 211-12, 217-218.

---

[3] OneBeacon, AXA Belgium, Bank Lender Group, Certain Insurers, CNA, Federal Insurance Company, Fireman's Fund/Allianz, GRS (Geico/Republic/Seaton), General Insurance Company, Insurers' Combined, and the Zurich Insurance Company all submitted exhibits to be used in the Phase I hearing.

[4] OneBeacon, Bank Lender Group, and the Zurich Insurance Company did not provide any narrative describing the intended use of their proffered exhibits.

Thus, there are no factual issues before the Court requiring evidence of any kind. Among other things, the objecting parties have proffered insurance policies and settlement agreements/documents. None of these documents are relevant to the Court's legal determinations surrounding whether the Plan is insurance neutral. (*See* Exhibit B for a listing of these documents.)

The objecting parties have also proffered a number of other exhibits to which the Plan Proponents specifically object. These exhibits include:

- Affidavits
- Declarations
- Curriculum Vitae
- SEC Form 8K
- Lists of Witnesses
- Responses to Request for Admission, Request for Discovery, Interrogatories, and Requests for Production
- Notices of Deposition
- Correspondence
- Expert Reports
- Term Sheet for Resolution of Asbestos Personal Injury Claims
- Objections to Notices of Depositions
- Diagram
- Causes of Action Schedule
- Complaint from Separate Litigation
- Objections to Plan Confirmation

The Plan Proponents object to all of the above categories of exhibits on relevance grounds. None of the proffered documents are relevant to the legal determinations at issue in the Phase I proceedings. (*See* Exhibit A) Further, the Plan Proponents object to many of these exhibits on the basis of hearsay, where no hearsay exception applies. (*Id.*) In addition, objecting parties have failed to properly authenticate certain proffered exhibits and/or provide sufficient foundation for their bases. (*Id.*) In addition, the Plan Proponents specifically object to the admission of Plan documents as exhibits, to the extent that they are not the most recent versions

3

filed with the Court. (*See* Certain Insurers' Exhibit 4.3 Trust Distribution Procedures; Certain Insurers' Exhibit 5.4 Trust Distribution Procedures) The Plan Proponents also object to Certain Insurers' Exhibit 5.4, where the document has handwritten markings that have not been authenticated.

The Phase I proceedings involve solely legal determinations and none of the proffered exhibits are relevant to those determinations. As a result and for the reasons set forth herein, the Plan Proponents object to the proposed trial exhibits and respectfully request the Court exclude all objecting parties' proffered exhibits, referenced herein and in the attached **Exhibits A and B**.

Dated: July 2, 2009

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
Samuel L. Blatnick
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Barbara Harding
655 Fifteenth Street NW
Washington, DC 20002
Telephone: (202) 879-5000
Facsimile: (202) 879-5300

Theodore Freedman
Deanna Boll
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
and

PACHULSKI, STANG, ZIEHL & JONES LLP

/s/ Kathleen P. Makowski
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

**CAMPBELL & LEVINE, LLC**

/s/ Mark T. Hurford
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947

DOCS_DE:150321.1

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee
of Asbestos Personal Injury Claimants*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
and

**PHILLIPS, GOLDMAN & SPENCE, P.A.**
/s/ John C. Phillips
John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210

*Co-Counsel for David T. Austern, Asbestos PI Future
Claimants' Representative*

6

**SAUL EWING LLP**

/s/ Teresa K.D. Currier
Teresa K.D. Currier (ID No. 3080)
222 Delaware Avenue, 12th Floor
P.O. Box 1266
Wilmington, Delaware 19801
Telephone: (302) 421-6800
Facsimile: (302) 421-6813

Philip Bentley
Gregory Horowitz
Douglas Mannal
**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for the Official Committee of Equity Security Holders*