# EXHIBIT A

## STIPULATION

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| W. R. GRACE & CO., et al.[1] ) | Case No. 01-01139 (JKF) |
| ) | (Jointly Administered) |
| Debtors. ) | |

STIPULATION RESOLVING CLAIMS OF

**ICI AMERICAS, INC.**

This stipulation ("Stipulation") is entered into this __8th__ day of __June__, 2009, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and ICI Americas Inc. ("Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, on April 22, 2002, the Bankruptcy Court issued its *Order as to all Non-asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms, and (III) Approving Notice Program* (the "Bar Date Order"), which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims [Docket No. 1963].

**WHEREAS**, on or about March 31, 2003, the Claimant filed Proofs of Claim numbers 13960, 13961, and 13962 against the Debtors with respect to the Joplin Plant, the portion of the Joplin Plant leased by Claimant to Grace ("the Leased Property"), and the separate property owned by Claimant (the "Owned Property"), all as defined in the Proofs of Claim (taken together those properties and portions thereof, and any other properties contaminated or affected by contamination from those properties shall be referred to as the "Site"), asserting an unsecured nonpriority claim arising from environmental response costs, as described as follows:

| Claim No. | Location | Amount | Priority | Basis |
|---|---|---|---|---|
| 13960 | Joplin, MO | Estimated $10,577,000.00 | Unsecured, Non-Priority | Remediation response costs |
| 13961 | Joplin, MO | Estimated $10,577,000.00 | Unsecured, Non-Priority | Remediation response costs |
| 13962 | Joplin, MO | Estimated $10,577,000.00 | Unsecured, Non-Priority | Remediation response costs |

**WHEREAS**, Proofs of Claim numbers 13960 and 13962 were expunged by that certain "Order Granting Relief in Debtors' Twenty-First Omnibus Objection to Claims (Substantive)," entered on April 2, 2007 at Docket No. 15073.

**WHEREAS**, the parties have agreed to resolve the Claimant's claims for the amount of three million five hundred thousand dollars ($3,500,000.00) on the terms and conditions set forth herein,

**NOW, THEREFORE**, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. The above-referenced Claim No. 13961 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the total amount of three million five hundred thousand dollars ($3,500,000.00). This allowed Claim No. 13961 shall be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to the confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan"), except with respect to the payment of interest as described herein. All other amounts outlined in or related to Claim No. 13961 relating to the Site shall hereby be disallowed and expunged.

2. Claimant shall not be entitled to pre-petition or post-petition interest on the Claim allowed herein with respect to any period prior to the effective date the Plan.

3. Upon execution of this Stipulation by all parties, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that Claim No. 13961 referenced above shall be allowed as outlined herein.

4. Except as otherwise set forth herein, the Claimant agrees that all claims, liabilities, and obligations relating to its Claim No. 13961 and for the Site, that have been or ever could be asserted by Claimant against the Debtor will be discharged and satisfied by the claim allowed in Paragraph 1 of this Stipulation, and that Claimant is forever barred, estopped, and enjoined from asserting claims against the Debtors relating to its Claim No. 13961 and the Site, other than as set forth in this Stipulation.

5. The parties shall take whatever additional action, if any, is necessary to make sure that the specified Claim No. 13961 is allowed as outlined herein.

6. Notwithstanding the foregoing, this Stipulation and the Debtors' signature hereon shall not become effective and binding until entry of a separate order of the Bankruptcy Court upon a motion of the Debtors served upon the necessary parties-in-interest in accordance with the Bankruptcy Code and the Bankruptcy Rules. Upon execution of this Stipulation by the parties, the Debtors shall within thirty (30) days of execution of this stipulation prepare and file the motion and serve it upon the necessary parties-in-interest.

7. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

8. This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to the matters set forth herein.

9. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

| ICI Americas Inc. ("Claimant") | W. R. Grace & Co., *et al.* ("Debtors") |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Name: Samuel E. Malovrh | William M. Corcoran |
| Title: Vice President | Vice President |
| | Public and Regulatory Affairs |
| Date: 05-28-09 | Date: 6/08/09 |

5