IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NOTICE OF PROPOSED SALE OF
CERTAIN REAL PROPERTY AND OTHER ASSETS
PURSUANT TO ORDER ESTABLISHING
PROCEDURES FOR THE SALE OF DE MINIMIS ASSETS**

PLEASE TAKE NOTICE that the Debtors propose to sell certain unused real property and related assets located in Atlanta, Georgia, comprising a former production facility of the Debtors (the "Sale"), for $800,000. Pursuant to that certain *Order Establishing Procedures for the Sale or Abandonment of De Minimis Assets* dated August 2, 2001 (the "Order") [Docket No. 833], the Debtors may sell assets with a de minimis value up to $5 million

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

which, in the Debtors' judgment, are no longer necessary to the operation of their businesses (the "Procedures"). In accordance with the Order, the Debtors provide the following information in connection with the Sale:

1. **Description of the Assets**. The assets to be sold (the "Assets") consist of a vacant office and warehouse of approximately 73,062 square feet on approximately 12.54 acres of land located at 5225 Phillip Lee Drive, Atlanta, Georgia, together with all improvements located thereon, as well as all equipment, fixtures and personalty located therein, with certain exceptions specified in the Sales Agreement (as defined below).

2. **Proposed Purchaser/Purchase Price/Terms**. The Debtors propose to sell the Assets pursuant to the Sales Agreement dated March 3, 2009 with Resource Recovery and Trading, LLC ("Purchaser"), as amended by First Amendment to Sales Agreement dated March 30, 2009 and Second Amendment to Sales Agreement dated July 1, 2009 (collectively the "Sales Agreement"), a copy of which is contained in **Attachment 1** hereto. The purchase price is $800,000 payable in cash on the closing date. A more detailed description of the Sale is contained in **Attachment 2** hereto.

3. **The Sale is in the Best Interest of the Debtors' Estates**. The Debtors have determined in the reasonable exercise of their business judgment that sound business reasons justify the Sale. The Assets were formerly used in connection with the Debtors' Darex business as a manufacturing plant for various products including absorbents and solvent-based compounds and sealants. Production at this facility ceased in 2002 and the Assets have been unoccupied since that time. The Debtors conducted active remediation to remove free product from 1989 to 1993, and continued groundwater monitoring for volatile organic chemicals until 2002, when a no further action letter was received from EPA Region IV. Additional remediation

was initiated in 2006, after residual contamination was identified. The contract of sale allows for access by Debtors in order to complete the on-going environmental remediation on the site. As the Debtors had no need for the facility itself, they concluded that sale of the Assets was the appropriate means of maximizing their value to the Debtors.

4. **Marketing Efforts**. The Debtors began marketing the Assets for sale in February, 2002, at which time it engaged the brokerage firm of Wilson Hull & Neal Real Estate ("Wilson Hull & Neal") to act as its broker. It did not secure a buyer for the Assets on terms acceptable to the Debtors until July of 2004, when it entered into a Purchase and Sale Agreement with Alchem Chemical Company. That agreement was ultimately terminated by Agreement dated April 19, 2006 due to environmental issues arising during the purchaser's due diligence period (the residual contamination was identified). After that, the Assets were one of the properties to be conveyed to Environmental Liability Transfer, Inc. as part of a transfer of liabilities and conveyance of properties pursuant to a Liability Transfer Agreement dated as of February 22, 2008. That contract, also, was terminated prior to closing. In May of 2008, the Debtors re-listed the Assets for sale with Wilson Hull & Neal. Over the ensuing months, Wilson Hull & Neal actively marketed the Assets for sale, and their marketing efforts included posting a sign on the property, advertising the property in typical publications and internet sites soliciting the active cooperation of other real estate brokers who specialized in the sale of industrial properties, and showing the property to interested parties. The Debtors, through Wilson Hull & Neal, engaged in arm's-length, good faith negotiations with Purchaser over the terms of the Sale. Based on current market conditions and interest from other parties in the site, the Debtors have determined that the offer is reasonable.

5.  Based on the foregoing, which is supported by the Affidavit of W. Brian McGowan which is attached hereto as **Attachment 3** hereto, the Debtors believe that the Sale is in the best interests of their estates.

PLEASE TAKE FURTHER NOTICE THAT this notice of Sale is being served on (i) United States Trustee, Attn: David Klauder, 844 N. King Street Suite 2207, Lock Box 35, Wilmington, DE 19801; (ii) counsel to DIP Lender, J. Douglas Bacon and Jeff Moran, Latham & Watkins, Sears Tower, Suite 5800, 233 South Wacker Drive, Chicago, IL 60606; and Steven M. Yoder, The Bayard Firm, 222 Delaware Avenue, Suite 900, P.O. Box 25130, Wilmington, DE 19899; (iii) counsel to JP Morgan Chase Bank N.A., as agent for the Debtors' prepetition lenders, Mark D. Collins and Deborah Spivack, Richards, Layton & Finger, P.A. One Rodney Square, P.O. Box 551, Wilmington, DE 19899; (iv) counsel to the Official Committee of Unsecured Creditors, Lewis Kruger, Kenneth Pasquale and Arlene Krieger, Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-4982; Michael R. Lastowski, Duane, Morris & Heckscher, LLP, 1100 N. Market Street, Suite 1200, Wilmington, DE 19801-1246; and William S. Katchen, Duane Morris LLP 744 Broad Street Suite 1200, Newark, NJ 07102-3889; (v) counsel to the Official Committee of Property Damage Claimants, Scott L. Baena, Bilzin, Sumberg, Dunn, Baena, Price & Axelrod, First Union Financial Center, 200 South Biscayne Boulevard, Suite 2500, Miami, FL 33131; and Theodore Tacconelli, Ferry & Joseph, P.A., 824 Market Street, Suite 904, P.O. Box 1351, Wilmington, DE 19899; (vi) counsel to the Official Committee of Asbestos Personal Injury Claimants, Elihu Inselbuch and Rita Tobin, Caplin & Drysdale, 375 Park Avenue, 35th Floor, New York, NY 10152; Mark Hurford, Campbell &

Levine, LLC, Chase Manhattan Center, 1201 Market Street, 15th Floor, Wilmington, DE 19899; and Peter Van N. Lockwood and Christoper Rizek, Caplin & Drysdale, Chartered, One Thomas Circle, N.W., Washington, DC 20005; (vii) counsel to the Official Committee of Equity Holders, Thomas Moers Mayer, Kramer Levin Naftalis & Frankel LLP, 919 Third Avenue, New York, NY 10022 (fax 212-715-8000), and Robert A. Forsten, Klett Rooney Lieber & Schorling, 1000 West Street, Suite 1410, P.O. Box 1397, Wilmington, DE 198801; (viii) counsel to the Asbestos Personal Injury Future Claimants' Representative, Roger Frankel, Richard H. Wyron and Deborah Felder, Orrick, Herrington & Sutcliffe LLP, Washington Harbour, 3050 K Street, N.W., Washington, DC 20007-5135, and John C. Phillips, Jr., Phillips, Goldman & Spence, P.A., 1200 North Broom Street, Wilmington, DE 19806; (ix) counsel to the Asbestos Property Damage Future Claimants' Representative, Alan B. Rich, One Main Place, 1201 Main Street, Suite 1910, LB 201.Dallas, Texas 75202; and (x) parties who previously expressed an interest in purchasing the assets, Mr. Lance Fentress, Alchem Chemical, 5360 tulane Drive, Atlanta, GA 30336, fax (404) 696-8207 and Environmental Liability Transfer, Inc., Attn: President, 1650 Des Peres road, Suite 306, St. Louis, Missouri 63131, fax (314) 835-1616 (collectively, the "Sale Notice Parties").

PLEASE TAKE FURTHER NOTICE THAT any party wishing to submit an alternative bid for the Assets must serve its bid in writing upon (1) counsel for the Debtors: (i) Pachulski, Stang, Ziehl & Jones, Attn: James E. O'Neill, 919 Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), (ii) Kirkland & Ellis LLP, Attn: Deanna Boll, Citigroup Center, 13 East 53rd Street, New York, NY 10022-4611; and (iii) The Law Offices of Janet S. Baer, P.C., Attn: Janet s. Baer, 70 W. Madison, Suite 2100, Chicago, IL

60202, (collectively, "Debtors' Counsel"), and (ii) the Sale Notice Parties, so that it is **received** on or before July 16, 2009. [INSERT DATE THAT IS 5 Business days from fax service] Such alternative bid must be for a higher dollar amount than $800,000, and must be on terms that are otherwise equivalent or superior to the terms of the Sale.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Sale must be in writing and served upon Debtors' Counsel so that they are **received** on or before July 23, 2009. [INSERT DATE THAT IS 10 BUSINESS DAYS FROM FAX SERVICE] In the event that the Debtors do not receive any written objections to the Sale or qualifying Alternative Bids on or before such date, the Debtors are authorized to proceed with the Sale without further approval of the Court.

Dated: July 9, 2009                    Respectfully submitted,

                                                KIRKLAND & ELLIS
Deanna Boll
Citigroup Center
13 East 53rd Street
New York, NY 10022-4611

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer
70 W. Madison Street
Suite 2100
Chicago, Il 60202

and

PACHULSKI, STANG, ZIEHL & JONES LLP

/s/ James E. O'Neill (#3648)
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile (302) 652-4400

Co-Counsel for the Debtors and
Debtors-In-Possession