# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 19803, 20313, 20872, 21811 and 21859 |

## MOTION FOR LEAVE TO FILE SUPPLEMENT TO LIBBY CLAIMANTS' OBJECTION TO FIRST AMENDED JOINT PLAN OF REORGANIZATION

Claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move that this Court grant them leave to file their Supplement to Libby Claimants' Objection to the First Amended Joint Plan of Reorganization (the "Supplement"). In support of this Motion, the Libby Claimants state:

1. Before this Court is the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated February 27, 2009 [Docket No. 20872] (the "Plan"), jointly submitted by the Debtors together with the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Equity Security Holders, and the Asbestos PI Future Claimants' Representative (collectively, the "Plan Proponents"). In accordance with the deadlines established by this Court, in response to the Plan and related disclosure statement, the Libby Claimants filed the Libby Claimants' Objection to Debtors' Disclosure Statement for Joint Plan of Reorganization and Approval Motion dated October 17, 2008 [Docket No. 19803] (the "Disclosure Statement Objection"), the Libby Claimants' Preliminary Objections to First Amended Joint Chapter 11 Plan dated December 22, 2008 [Docket No. 20313] (the "Libby

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 21365], as it may be amended and restated from time to time.

{393.001-W0001136.}

Claimants' Preliminary Plan Objection"), and the Libby Claimants' Objection to the First Amended Joint Plan of Reorganization dated May 20, 2009 [Docket No. 21811] (the "Libby Claimants' Plan Objection").

2. In the Supplement, the Libby Claimants raise supplemental objections to the Plan, which came to light in recent discovery or were only generally covered in the Libby Claimants' Plan Objection, the Libby Claimants' Preliminary Plan Objection or the Disclosure Statement Objection. As set forth more fully in the Supplement, the supplemental objections concern (i) discriminatory medical criteria contained in the Asbestos PI Trust Distribution Procedures (the "TDP") and (ii) an impermissible release of non-debtor parties. Specifically,

- The TDP improperly requires and FEV1/FVC ratio over 65% for "Severe Asbestos Disease" and "Severe Disabling Pleural Disease." First raised in the Libby Claimants' Preliminary Plan Objection, this objection has been the subject of opinions by the experts for the Libby Claimants and the Official Committee of Asbestos Personal Injury Claimants.

- The TDP improperly excludes the use of CT scans in the diagnosis and evaluation of "Severe Asbestos Disease" and "Severe Disabling Pleural Disease." This issue was revealed during the deposition of Dr. Laura Welch on June 3, 2009. Dr. Welch testified that the Plan Proponents interpret the TDP medical criteria as not permitting use of CT scans for Level IV disease diagnosis.

- The TDP medical criteria arbitrarily exclude patients with unilateral disease. In response to an interrogatory, the Official Committee of Asbestos Personal Injury Claimants informed the Libby Claimants that unilateral blunting of the costophrenic angle, extent greater than 25%, and 3mm thickness "will suffice, as long as there is some radiographic evidence of bilateral pleural disease."[2] However, the TDP is not clear on this point. This issue was raised in the Libby Claimants' Plan Objection (p. 33), but not set forth as a separate objection. For sake of clarity, it is included in the Supplement.

- The Plan impermissibly releases the Fresenius Indemnified Parties (as defined in the Plan) by deeming that creditors grant them a release by reason of receiving a distribution under the Plan. This release makes the Plan unconfirmable as a matter of law. First addressed in the Disclosure Statement Objection, like many

---

[2] See Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Elmer Biladeau's and Robert Barnes's Interrogatories Propounded Upon Asbestos PI Committee.

{393.001-W0001136.}

other injunctions, exculpations, and releases that the Libby Claimants have consistently opposed, this release is impermissibly broad and oversteps the bounds of the Bankruptcy Code.

3. Given that the objections contained in the Supplement are newly discovered through discovery or have been raised in one form or another since the initial filing of the Plan, and since the Plan Proponents' trial brief is not due until August 7, 2009, there is no harm or prejudice to the Plan Proponents by allowing the submission of the Supplement. Moreover, in the interest of fairness, this Court should have before it at the hearing on the confirmation of the Plan all materials necessary to determine the Libby Claimants' objections. Accordingly, this motion for leave to file the Supplement should be granted.

WHEREFORE, the Libby Claimants respectfully request that this Court (i) enter an order granting this Motion; and (ii) grant such other and further relief as this Court may deem just and proper.

Dated: July 10, 2009
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Kerri Mumford
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for Libby Claimants*

{393.001-W0001136.}