UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | | **Re: Docket Nos. 22017 and 21874** |
| | | **Objection Deadline: July 10, 2009 at 4:00 a.m.** |
| | | **Hearing Date: July 27, 2009 at 10:30 a.m.** |

**DEBTORS' RESPONSE TO LIBBY CLAIMANTS' MOTION TO RECONSIDER ORDER GRANTING IN PART ARROWOOD'S MOTION TO STRIKE WHITEHOUSE REPORT**

W.R. Grace & Co. and its affiliate companies (collectively, the "Debtors") respectfully request that the Court deny the Libby Claimants' motion to reconsider the Court's May 27, 2009 order regarding the production of expert reliance materials ("May 27th Order"). The Libby Claimants' motion fails to meet the high standard established by Federal Rule of Civil Procedure 59(e) necessary to compel a Court reconsider its previous order. Specifically, the Libby Claimants (1) have *not* identified a change in controlling law, (2) have *not* identified any new evidence, and (3) have *not* demonstrated a need to correct a clear error of law or fact or to prevent manifest injustice. Instead, the Libby Claimants, having ignored the production deadline established by the May 27th Order, rehash the same arguments previously presented to the Court in an effort to explain why their expert has failed to meet his disclosure obligations under Federal Rule of Civil Procedure 26(a)(2)(B). Because such recycling of old arguments does not meet the standard necessary for reconsideration of a Court's order, the Libby Claimants' motion should be denied.

**BACKGROUND**

On April 9, 2009, Arrowood Indemnity Company, f/k/a Royal Indemnity Company, filed a Motion to Strike the Whitehouse Expert Report, or Alternatively, Compel the Production of Documents and Databases on Which He Relies and for Entry of a Confidentiality Order ("Arrowood Motion"). (Docket No. 21245.) The Debtors filed a joinder to this motion ("Debtors' Joinder"). (Docket No. 21591.) The April 9, 2009 motion provides a detailed description of the events leading up to this motion, specifically the fact that Dr. Whitehouse indicated in his expert report and at his deposition that his opinions in this case were based on the medical records of the 1,800 individuals with "Libby Asbestos Related Disease" and that the Libby Claimants had failed to produce any medical records for approximately 850 of these individuals. (*See* Arrowood Motion (Docket No. 21245), at 4-5; Debtors' Joinder (Docket No. 21591), at 13.)

After receiving several other joinders and a response from the Libby Claimants, the Court heard argument regarding the Libby Claimants' failure to produce the medical records and noted that the Libby Claimants "should have dealt with it earlier . . . I'll give them this last chance. But it has to be produced within a week." (May 14, 2009 Hr'g Tr. at 120.) The Court instructed the parties to submit proposed orders pursuant to the Court's instructions at the hearing. The resulting order, the May 27th Order, required (1) production of medical records "for any individual population of 1800 patients whose medical records have not yet been produced," and (2) the Libby Claimants to bear the cost of producing the records. (*See* Docket No. 21874.) The May 27th Order also provided that should the Libby Claimants fail to produce a complete set of medical records, Dr. Whitehouse would be barred "from offering any expert opinion that was formed based upon reliance, in whole or in part, on the records." (*Id.*)

Notwithstanding this May 27th Order, the Libby Claimants did not produce the medical records for these 850 individuals. Instead, on June 8, 2009, the Libby Claimants filed a Motion to Reconsider the Modified Order. (*See* Docket No. 22017.) As of the date of this response, the Libby Claimants have not produced any of the additional records for these 850 individuals as required by the May 27th Order, nor have they indicated that they intend to do so.[1]

## ARGUMENT

### I. RULE 59(E) PLACES A HIGH BURDEN ON A PARTY SEEKING RECONSIDERATION OF A COURT'S ORDER.

The standard for obtaining relief under Rule 59(e) is high: it "is difficult for a movant to meet, and motions for reconsideration or reargument 'shall be sparingly granted.'" *Samuel v. Carroll,* 505 F. Supp. 2d 256, 261 (D. Del. 2007) (quoting D. Del. LR 7.1.5 (effective June 30, 2007)). A motion for reconsideration is the "functional equivalent" of a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *Samuel*, 505 F. Supp. 2d at 261 (citing *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990)); *see* Fed. R. Civ. P. 59(e) (made applicable by Federal Rule of Bankruptcy Procedure 9023).

Because the purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence," a court may alter or amend its judgment if the party seeking reconsideration shows at least one of the following: (1) a change in the controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or fact or to

[1] The only records produced were x-rays for individuals in Dr. Whitehouse's "CARD Mortality analysis," which included a handful of non-Libby Claimants. This production did not contain additional medical records for these non-clients, nor did it contain records for the hundreds of other non-clients among the 1800 patient population upon which Dr. Whitehouse relied.

prevent manifest injustice. *Id.* (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)).

"Manifest injustice" is itself a very high standard, which refers to "error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." *In re Oak Park Calabasas Condo. Ass'n.,* 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (quoting Black's Law Dictionary at 563 (7th Ed. 1999)). For example, in *Conway v. A.I. DuPont Hospital for Children*, the Eastern District of Pennsylvania found no "direct, obvious, and observable" error because the evidence the Plaintiff sought to introduce could have been submitted in earlier briefing. No. CIV. A. 04-4862, 2009 WL 1492178, at *7 (E.D. Pa May 26, 2009). As a result, the court found no "manifest injustice" because (1) plaintiff would essentially be given "a second bite" at the apple, and (2) "potentially outcome-determinative litigation mistakes that were easily avoidable cannot be invoked by the party who made the mistakes to establish a manifest injustice under Rule 59." *Id.* at *7-8.

As emphasized by courts within the Third Circuit, "[a] motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Howard Hess Dental Labs., Inc. v Dentsply Int'l, Inc.*, Civ. Nos. 99-255-SLR, 01-267-SLR, 2008 WL 114354, at *3 (D. Del. Jan. 8, 2008); *see Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Moreover, the motion is not "a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker,* 735 F. Supp. 1239, 1240 (D. Del. 1990) (noting that the rule "should not be undermined to allow for endless debate between the parties and the Court"). Instead, reconsideration is more limited, and may be available where "the Court has patently

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Samuel*, 505 F. Supp. 2d at 261 (quoting *Brambles USA,* 735 F. Supp. at 1241).

## II. THE LIBBY CLAIMANTS FAIL TO ESTABLISH A BASIS FOR RECONSIDERATION OF THE MAY 27TH ORDER.

The Libby Claimants are unable to satisfy the high standard under Rule 59(e). The Libby Claimants cannot demonstrate one of the following in support of their motion to reconsider: (1) a change in the controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. First, there is no change in law, nor do the Libby Claimants contend that there is a change in the controlling law. Second, there does not exist any new evidence concerning the Court's order. The two affidavits from St. John's Lutheran Hospital and the CARD Clinic, which the Libby Claimants submitted as Exhibits 2 and 3 to their motion, state the hospitals' long established policies for producing records. The Libby Claimants have understood the process and effort involved in obtaining records upon which Dr. Whitehouse has relied, as they made similar arguments when opposing discovery back in the Spring of 2006. (*See* Objection of Libby Claimants' to Debtors' Mot. for Authorization to Seek Discovery from Dr. Alan C. Whitehouse and for Protective Order Relating to Production of Docs. from Dr. Alan C. Whitehouse (Docket No. 12065).) All of these issues regarding the difficulties surrounding the production of non-client records were either raised at the May 14, 2009 hearing or should have been raised at that time. (*See* May 14, 2009 Hr'g Tr. at 97-107, 110-116.) Accordingly, none of the statements in these affidavits reflect new evidence that was not available to the Libby Claimants prior to the issuance of the May 27th Order.

Finally, the Libby Claimants attempt but are unable to show "manifest injustice". Requiring Dr. Whitehouse to produce additional reliance records, and barring his expert

testimony that was formed based upon reliance on those records should he fail to produce them, is not a "direct, obvious, and observable" error such as an involuntary guilty plea. *See In re Oak Park,* 302 B.R. at 683. For example, in *Oak Park*, the debtors filed a motion for reconsideration based in part on their disagreement with the bankruptcy court over post-petition interest. *Id.* at 683-84. The court denied the motion, finding that public policy required the creditor to be paid in full at the state (rather than federal, as argued by the debtor) judgment interest rate, and that the court's decision did not "rise[] to the level of 'manifest injustice.'" *Id.* at 683-84, 686. Similarly, the fact that the Libby Claimants merely *disagree* with the Court and find its position "unreasonable" does not make the May 27th Order an obvious error that rises to the level of a "manifest injustice". Moreover, the Libby Claimants cannot rely on the supposed burdens associated with producing the medical records, as they have been aware of these difficulties and have briefed on them since 2006. As a result, the Libby Claimants are unable to satisfy any of the grounds for reconsideration.

## CONCLUSION

Because the Libby Claimants fail to establish any of the three conditions necessary to support a motion for reconsideration of a Court's order, Debtors respectfully request that the Court deny the Libby Claimants' motion to reconsider.

Dated: July 10, 2009
Wilmington, Delaware

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick
Theodore L. Freedman
Deanna D. Boll
Citigroup Center
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Barbara M. Harding
Brian T. Stansbury
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison Street
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

______________________________
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Counsel for the Debtors and Debtors in Possession