# Exhibit B

*Law Offices of*
# McGarvey, Heberling, Sullivan & McGarvey, P.C.

Dale L. McGarvey
Jon L. Heberling
Roger M. Sullivan, Jr.
Allan M. McGarvey
John F. Lacey

745 South Main
Kalispell, Montana
59901-5399

Telephones:
(406) 752-5566
1-800-345-1763 (in State)
1-800-406-7544 (out of State)
Fax: (406) 752-7124

June 9, 2009

Emails:
dmcgarvey@mcgarveylaw.com
jheberling@mcgarveylaw.com
amcgarvey@mcgarveylaw.com
rsullivan@mcgarveylaw.com
jlacey@mcgarveylaw.com

**SENT BY E-MAIL &
FEDERAL EXPRESS**

Interested Counsel
(See Mailing List)

  Re: Libby Experts, Reliance Materials

Dear Counsel,

  Enclosed please find copies of radiographic images related to the CARD Mortality Study, representing reliance materials of the Libby Claimants' experts in this matter.

  Libby Claimants and the experts who relied upon these images in forming their opinions in the CARD Mortality Study were not authorized until June 4, 2009, by St. John's Lutheran Hospital in Libby, Montana, which owns and controls the records, to copy and release the private health care information represented by these images.[1]

  As you know, Libby Claimants sought agreement for some time in this case regarding protections to permit the release of private health care information in discovery. Above and beyond the confidentiality assurances that Libby Claimants were willing to rely on in their own production of records, (see, e.g., May 4 correspondence from Libby counsel Chris Candon), these radiographic medical records were subject to the independent patient privacy and health care information standards imposed by St. John's, a licensed health care provider. Specifically, St. John's required assurances from the Libby Claimants (and/or the Court) prior to authorizing the copying and production of these images. Its need for assurance was satisfied only by the following occurrences:

 (1) Entry by the Court of the May 26, 2009, Protective Order; and

 (2) Entry by the Court of the May 27, 2009, Modified Order to compel the production of documents.

---

[1] The Libby Claimants' experts were initially given only <u>limited</u> access to the images by St. John's. That limited right of access included a temporary right to possess these records, but did not include the right to copy or produce them for other third parties.

June 9, 2009
Page 2

Libby Claimants provided the above-referenced orders to St. John's after their entry with a request for permission to copy and disclose the enclosed records in this litigation. St. John's independently evaluated the orders and determined that the request by Libby Claimants would be permitted, notifying Libby Claimants of its decision on June 4.

Enclosed here please find two DVD's containing some of the above-referenced radiographic images relied upon for the CARD Mortality Study. As stated above, the copying process was not able to begin until after June 4 authorization from St. John's.

The first DVD contains digital images of Libby Claimants. These records have not been redacted in any way. It is expected that the above-referenced May 26, 2009, Protective Order ("Protective Order") controls all use of this Confidential Information.

The second DVD contains digital images of Libby patients who are not claimants in the W.R. Grace bankruptcy. It is expected that the Protective Order controls all use of this Confidential Information. It is the clear intent and goal of all parties and the Court that medical records for non-claimants be redacted. *See, e.g.,* May 27, 2009, Modified Order. Here, Libby Claimants understand that the digital format of these radiographic images causes a major redaction challenge. Apparently, redacting these medical images would have to be done digitally, and would be very expensive, very time-consuming, and perhaps even put the pertinent medical record at risk. These factors, together with the potentially time-sensitive interests involved and the obligations of the parties pursuant to the Protective Order, lead Libby Claimants here to provide these images in the only regrettably unredacted format that they reasonably can be.[2]

Obviously, the obligations for you, your clients, and your clients' agents and representatives regarding these unredacted medical records of non-claimants should be consciously considered, and the patient privacy rights respected in all ways, consistent with and perhaps beyond the terms of the Protective Order. <u>To ensure this heightened degree of protection for these unredacted images, the second DVD is sealed.</u> If you, your clients, and your clients' agents or representatives are not willing to accept the terms stated herein regarding the handling of this unredacted Confidential Information, you should not access the DVD and can return it to me.

Finally, please note that Libby Claimants intend to supplement this production of radiographic images with a forthcoming production of actual x-ray films, representing additional reliance materials of the Libby Claimants' experts related to the CARD Mortality Study in this matter. The need for a supplemental production is caused by the more complicated and time-consuming copying process for x-ray films. Please be assured that you will receive these films as soon as they are available.

---

[2] No waiver of any patient rights occurs by this production.

June 9, 2009
Page 3

        Please feel free to contact me with any questions or concerns.

                      Yours sincerely,

            McGARVEY, HEBERLING, SULLIVAN
                        & McGARVEY


                        JOHN F. LACEY

Enclosures as stated

cc:    Linda Casey, Esq.
       Dan Cohn, Esq.
       Nathan Finch, Esq.
       Roger Frankel, Esq.
       Gregory Horowitz, Esq.
       Kevin Mangan, Esq.
       Brian Mukherjee, Esq.
       Tancred Schiavoni, Esq.
       Brian Stansbury, Esq.
       Laura G. Stover, Esq.
       Jeffrey Wisler, Esq.