IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 22153** |

## LIBBY CLAIMANTS' MOTION TO DEFER CONSIDERATION OF DEBTORS' MOTION TO APPROVE SETTLEMENT WITH ROYAL PARTIES

Claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move (a) that this Court defer consideration of the Debtors' Motion for an Order Approving the Settlement Agreement and Mutual Release with Royal Parties dated June 17, 2009 [Docket No. 22153] (the "Motion") until the August 24, 2009, omnibus hearing or, if the parties agree after further discussions and completion of any discovery that an evidentiary hearing will be needed, such other date and time that will be convenient for this Court to conduct such hearing, and (b) to correspondingly extend the deadline for all parties to file responses (or amended responses) to the Motion. As more fully explained below, for the Libby Claimants to evaluate and have a fair opportunity to be heard concerning the settlement proposed in the Motion (the "Proposed Settlement") requires a review and understanding not only of the Proposed Settlement agreement itself, but also the settlement negotiations, the underlying insurance policies (the "Subject Policies"), and the 1995 Settlement Agreement between the Debtors and Royal Indemnity Company (the "1995 Settlement

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 21365], as it may be amended and restated from time to time.

{393.001-W0001165.}

Agreement"). The Libby Claimants initiated formal and informal discovery concerning these matters and participated in several "meet and confer" sessions with the proponents of the Proposed Settlement with hopes of eliminating the need for this motion. Unfortunately, the proponents of the Proposed Settlement did not accept the Libby Claimants' proposal for an expedited discovery program that would enable the Libby Claimants to adequately respond to the Motion and Proposed Settlement within the time-frame of the currently scheduled hearing. In support of this Motion, the Libby Claimants state:

1. On April 2, 2001, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors-in-possession.

2. On June 17, 2009, the Debtors filed the Motion seeking this Court's approval of the Proposed Settlement, whereby the Debtors would receive $5.8 million in exchange for releasing the Royal Parties from all of their obligations under the Subject Policies. Apart from stating that the Subject Policies include two high level excess policies that were provided to the Debtors and certain other policies issued to the Zonolite Company prior to 1963 that the Debtors claim were fully settled pursuant to the 1995 Settlement Agreement, the Motion says nothing about the types of coverage provided by the Subject Policies, any aggregate limits on claims payable under one or more of the coverages provided, or the pending objections by the Libby Claimants to the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated February 27, 2009 [Docket No. 20872] that relate, in part, to the Proposed Settlement—in short, no information on which this Court or any interested party could

make a reasonably informed decision about whether or not the Proposed Settlement is in the best interest of the Debtors' estate.

3. As is more fully set forth in the Libby Claimants' Objection to Debtors' Motion to Approve Settlement with Royal Parties (the "Libby Objection"), of even date herewith, the Subject Policies include policies that by their terms provide ten years of primary coverage for asbestos personal injury claims. It is undisputed that the 1995 Settlement Agreement settled all *products coverage* under these primary policies. The Libby Claimants are concerned, however, that valuable *non-products coverage* remained unresolved under the 1995 Settlement Agreement, yet is being surrendered under the Proposed Settlement.[2] The proponents of the Proposed Settlement take the position that the 1995 Settlement Agreement, by its terms, released non-products asbestos coverage. However, as more fully set forth in the Libby Objection, the agreement is at best ambiguous on this point. Accordingly, the Libby Claimants have sought discovery of parol evidence concerning the meaning of the 1995 Settlement Agreement. To date, they have received only a partial response to their request for production of documents on this issue. After receiving a complete production of documents concerning this issue, the Libby Claimants may (or may not) need to depose a Royal and/or a Grace witness concerning the 1995 Settlement Agreement.

4. The Proposed Settlement was negotiated on the premise—accepted by both the estate representatives and insurer—that the 1995 Settlement Agreement had already disposed of all asbestos coverage under the primary policies. Upon information and belief, the estate representatives did not bargain for any consideration whatsoever for the release, under the

---

[2] The Libby Objection sets forth other objections to the Proposed Settlement, but these issues are not addressed here because they do not necessitate discovery and thus would not, by themselves, require postponement of the scheduled hearing.

Proposed Settlement, of unresolved coverage under the primary policies. The Libby Claimants have also sought, but not yet obtained, discovery on this issue.

5. The Libby Claimants do not dispute that the consideration to be paid by Royal under the Proposed Settlement represents a fair price to settle the excess insurance coverage that was the subject of the parties' negotiations. However, it is self-evident that the existence of valuable unsettled insurance coverage over and above such coverage, which is being released by the estate pursuant to the comprehensive release included in the Proposed Settlement, is an issue that goes to the heart of whether the Proposed Settlement is in the best interests of the estate. Due process of law requires that the Libby Claimants be afforded a fair opportunity for discovery concerning this issue. Accordingly, the hearing on the merits of the Motion should be postponed until the Libby Claimants have completed discovery. However, it might be useful to retain the July 27 hearing date on the Motion for the sole purpose of addressing any discovery or procedural issues.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

WHEREFORE, the Libby Claimants respectfully request that this Court (i) enter an order granting this Motion; and (ii) grant such other and further relief as this Court may deem just and proper.

Dated: July 10, 2009
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_/s/ Kerri Mumford_
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for Libby Claimants*