EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | ) ) ) | Case No. 01-1139 (JKF) Jointly Administered |
| Debtors. | ) ) | |

**DEBTOR W.R. GRACE'S RESPONSES TO FIREMAN'S FUND'S
FIRST SET OF CONTENTION INTERROGATORIES REGARDING
FIRST AMENDED JOINT PLAN OF REORGANIZATION
(SURETY BOND ISSUES)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, made applicable to these proceedings by Federal Rules of Bankruptcy Procedure 7026 and 7033, W. R. Grace & Co., *et al.* (the "Debtors"), by their attorneys, hereby respond to the "First Set of Contention Interrogatories to Debtors Regarding First Amended Joint Plan of Liquidation [*sic*] (Surety Bond Issues)" (the "Interrogatories") propounded by Fireman's Fund Insurance Company ("FFIC" or the "Discovering Party") on April 10, 2009.

**GENERAL OBJECTIONS AND RESERVATIONS OF RIGHTS**

1. The Debtors note that the Interrogatories are based on the First Amended Joint Plan of Reorganization, as amended from time to time. To be clear, these responses are based on the most recent versions of the Plan and the Plan Documents (as defined in the Plan) on file with the Court as of the date of these responses.

2. By responding to these Interrogatories, the Debtors should not be construed as accepting the definitions that the Discovering Party has provided. In their responses below, the Debtors have used what they believe is an appropriate and reasonable understanding of the words that the Interrogatories purport to define. In addition, to the extent not otherwise defined herein

or in the Interrogatories, any capitalized terms in these responses shall have the meaning attributed to them in the Plan and the other Plan Documents.

3. The responses herein are made without waiver of and with specific preservation of: (a) questions and objections as to competence, relevance, materiality, privilege and admissibility; (b) the right to object to the use of any objections, responses or answers, on any ground; (c) the right to object on any ground at any time to a demand for further productions, responses or answers involving or relating to the subject matter of the Interrogatories; (d) the right at any time to revise, correct, add to or clarify any of the objections, responses and answers propounded herein; and (e) the right to move for an appropriate protective order.

4. The Debtors object to these Interrogatories as untimely. The Interrogatories were served on April 10, 2009, more than three months past the January 5 deadline for fact discovery imposed by the Case Management Order.

5. The Debtors' decision to provide responses notwithstanding the objectionable nature of any of the Interrogatories should not be construed as a waiver of any of the general or specific objections.

6. These General Objections and Reservations of Rights are incorporated by reference into the following specific objections and responses, and an objection or response by the Debtors to any Interrogatory is made without waiver of, and subject to, these General Objections and Reservation of Rights.

## INTERROGATORY RESPONSES

### INTERROGATORY NO. 1:

Do You contend that the claims asserted in the Proofs of Claim are "Pre-Petition Liquidated Claims" subject to treatment under § 5.2 of the TDPs? If Your answer is anything other than an unqualified "yes," then please:

(a) Identify and explain how the claims asserted in the Proofs of Claim are classified under the Plan; and

(b) Identify and explain how the claims asserted in the Proofs of Claim will be treated under the Plan.

### RESPONSE:

No. The Debtors contend that the claims asserted in the Proofs of Claim are Asbestos PI Claims, classified as Class 6 Claims under the Plan. For treatment of such claims, see Section 3.1.6(b) of the Plan and the TDP.

### INTERROGATORY NO. 2:

State Your contention regarding (a) how the Supersedeas Bond Claim is classified under the Plan and (b) how the Supersedeas Bond Claim will be treated under the Plan.

### RESPONSE:

The Debtors contend that the Supersedeas Bond Claim is an Asbestos PI Claim, classified as a Class 6 Claim under the Plan. For treatment of such claims, see Section 3.1.6(b) of the Plan and Section 5.6 of the TDP.

### INTERROGATORY NO. 3:

Do You contend that the Supersedeas Bond Claim is a Pre-Petition Liquidated Claim?

### RESPONSE:

No.

3

**INTERROGATORY NO. 4:**

Explain what You contend is the effect of excluding Indirect Asbestos PI Trust Claims that are Pre-Petition Liquidated Claims from § 5.6 of the TDPs.

**RESPONSE:**

The Debtors object to this Interrogatory as irrelevant because it requires the Debtors to make contentions related to Pre-Petition Liquidated Claims — a class the Debtors contend FFIC does not hold per the Debtors' response to Interrogatory 3. Further answering, the Debtors state that § 5.2 of the TDP addresses Indirect PI Trust Claims that are Pre-Petition Liquidated Claims. As such, the Debtors object to this Interrogatory's hypothetical nature.

**INTERROGATORY NO. 5:**

Do You contend that Reorganized Debtors will retain and comply with Grace's obligations under the Special Surety Indemnification Agreement and the Supersedeas Bond? If Your answer is anything other than an unqualified "yes," please:

(a) Identify the person or entity that You contend will succeed to or assume Grace's obligations under the Special Surety Indemnification Agreement and the Supersedeas Bond; and

(b) Explain Your contention regarding how Grace's obligations under the Special Surety Indemnification Agreement and the Supersedeas Bond will be satisfied.

**RESPONSE:**

No. The Debtors contend that any obligations under the Special Surety Indemnification Agreement and the Supersedeas Bond will be deemed Asbestos PI Claims and classified as Class 6 Claims under the Plan. For treatment of such claims, see Section 3.1.6(b) of the Plan and Section 5.6 of the TDP.

**INTERROGATORY NO. 6:**

Do You contend that confirmation of the Plan will affect or impair the claims asserted in the Proofs of Claim? If Your answer is anything other than an unqualified "no," please identify the ways that You contend the Plan will affect the claims asserted in the Proofs of Claim.

4

**RESPONSE:**

The Debtors object to this Interrogatory on the basis that it calls for a legal conclusion.

**INTERROGATORY NO. 7:**

Do You contend that FFIC is or will be prohibited from setting off any obligations that may be owed to Grace (or the Trust, as the case may be) under liability insurance policies issued or allegedly issued by FFIC to Grace, against Grace's obligations to FFIC under the Special Surety Indemnification Agreement? If Your answer is anything other than an unqualified "no," please identify all the reasons You contend that FFIC is prohibited from effecting such a setoff, and identify all facts, documents, communications and witnesses supporting Your contentions.

**RESPONSE:**

The Debtors object to this Interrogatory on the basis that it calls for a legal conclusion.

**INTERROGATORY NO. 8:**

Do You contend that confirmation of the Plan will affect or impair the Supersedeas Bond Claim, in any way? If Your answer is anything other than an unqualified "no," please identify the ways that You contend the Plan will affect the Supersedeas Bond Claim.

**RESPONSE:**

The Debtors object to this Interrogatory on the basis that it is repetitive of Interrogatories propounded and answered above. Further answering, the Debtors refer FFIC to their response to Interrogatory 2, discussing the Supersedeas Bond Claim's Class 6 classification and its corresponding treatment under the Plan.

5

**FOR PURPOSES OF OBJECTIONS UNDER**
**FEDERAL RULE OF CIVIL PROCEDURE 33(b)(5):**

Dated: June 15, 2009

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore Freedman
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Janet S. Baer, P.C.
The Law Offices of Janet S. Baer P.C.
70 West Madison Street
Chicago, IL 60602
Telephone: (312) 641-2162

and

PACHULSKI STANG ZIEHL & JONES LLP

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Co-Counsel for the Debtors and Debtors in Possession*

6

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I, Jay Hughes, am authorized and entitled to make this declaration on behalf of W.R. Grace & Co., *et al.* ("Debtors"), that I have read the above and foregoing Responses to the Fireman's Fund's First Set of Contention Interrogatories to Debtors Regarding First Amended Joint Plan of [sic] Liquidation, that the facts and statements contained therein are either within my personal knowledge and are true and correct, or are based upon information supplied to me by others including counsel and as such are true and correct to the best of my knowledge, information and belief. In verifying the foregoing Responses to the Fireman's Fund's First Set of Contention Interrogatories to Debtors Regarding First Amended Joint Plan of [sic] Liquidation, I have relied upon the assistance of counsel and the investigation they have undertaken to compile the information upon which these Responses are based and the statements contained therein. I, and the Debtors, hereby reserve the right to modify, clarify or supplement these discovery responses should new information warrant such modification, clarification, or supplementation.

_____
JAY HUGHES