EXHIBIT 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re:              : Chapter 11
                    :
                    : Case No.
W.R. GRACE & CO., et al, : 01-01139 JKF
                    :
                    : (Jointly
         Debtors    : Administered)


Monday, May 4, 2009


          Continuation of oral

deposition of PETER VAN N. LOCKWOOD,

ESQUIRE, taken pursuant to notice, was

held at the offices of CAPLIN & DRYSDALE,

One Thomas Circle N.W., Suite 1100,

Washington, DC  20005, commencing at

12:05 p.m., on the above date, before

Lori A. Zabielski, a Registered

Professional Reporter and Notary Public

in and for the Commonwealth of

Pennsylvania.

          MAGNA LEGAL SERVICES
            Seven Penn Center
            1635 Market Street
               8th Floor
     Philadelphia, Pennsylvania 19103

369846cf-8848-4f90-bdd3-5892ddf78042

| | Page 450 |
|---|---|

```
1    APPEARANCES:
2
3    DRINKER BIDDLE & REATH, LLP
     BY: MICHAEL F. BROWN, ESQUIRE
4    One Logan Square
     18th & Cherry Streets
5    Philadelphia, Pennsylvania 19103-6996
     215.988.2988
6    (brownmf@dbr.com)
     (jeffrey.boerger@dbr.com)
7    Representing OneBeacon America Insurance
     Company, Seaton Insurance Company,
8    Government Employees Insurance Company,
     Columbia Insurance Company f/k/a Republic
9    Insurance Company
10
11   CAPLIN & DRYSDALE, CHARTERED
     BY: NATHAN D. FINCH, ESQUIRE
12      JEFFREY A. LIESEMER, ESQUIRE*
        (*VIA TELECONFERENCE)
13   One Thomas Circle N.W.
     Suite 1100
14   Washington, DC 20005
     202.862.7801
15   (ndf@capdale.com)
     (jal@capdale.com)
16   Representing Grace, Official Committee of
     Asbestos Personal Injury Claimants
17   ("ACC"), and Witness
18
     ANDERSON KILL & OLICK, P.C.
19   BY: ROBERT M. HORKOVICH, ESQUIRE
     1251 Avenue of the Americas
20   New York, New York 10020
     212.278.1322
21   (rhorkorvitz@andersonkill.com)
     Representing the ACC
22
23
24
```

| | Page 451 |
|---|---|

```
1    APPEARANCES (continued)
2
3    KIRKLAND & ELLIS, LLP
     BY: THEODORE L. FREEDMAN, ESQUIRE
4    655 Fifteenth Street, N.W.
     Washington, DC 20005-5793
5    202.879.5081
     (tfreedman@kirkland.com)
6    Representing the Debtors
7
8    THE LAW OFFICES OF JANET S. BAER, P.C.
     BY: JANET S. BAER, ESQUIRE
9    70 West Madison Street
     Suite 2100
10   Chicago, Illinois 606002
     312.641.2162
11   Representing the Debtors
12
13   SIMPSON THACHER & BARTLETT, LLP
     BY: SAMUEL J. RUBIN, ESQUIRE*
14      (*VIA TELECONFERENCE)
     425 Lexington Avenue
15   New York, New York 10017-3954
     212.455.3122
16   (srubin@stblaw.com)
     Representing Travelers Casualty and
17   Surety Company
18
19   VORYS, SATER, SEYMOUR AND PEASE, LLP
     BY: TIFFANY STRELOW COBB, ESQUIRE*
20      (*VIA TELECONFERENCE)
     52 East Gay Street
21   Columbus, Ohio 43215
     614.464.8322
22   (tscobb@vorys.com)
     Representing The Scotts Company, LLC
23
24
```

| | Page 452 |
|---|---|

```
1    APPEARANCES (continued)
2
3    COHN WHITESELL & GOLDBERG, LLP
     BY: DANIEL C. COHN, ESQUIRE
4    101 Arch Street
     Boston, Massachusetts 02110
5    617.951.2505
     (cohn@cwg11.com)
6    Representing the Libby Claimants
7
8    SPEIGHTS & RUNYAN
     BY: DANIEL H. SPEIGHTS, ESQUIRE*
9       (*VIA TELECONFERENCE)
     200 Jackson Avenue East
10   P.O. Box 685
     Hampton, South Carolina 29924
11   803.943.4444
     (dspeights@speightsrunyan.com)
12   Representing Anderson Memorial Hospital
13
14   TUCKER ARENSBERG
     BY: MICHAEL A. SHINER, ESQUIRE*
15      (*VIA TELECONFERENCE)
     1500 One PPG Place
16   Pittsburgh, Pennsylvania 15222
     412.594.5586
17   (mshiner@tuckerlaw.com)
     Representing Certain London Market
18   Insurers and AXA Belgium
19
20   FORD MARRIN ESPOSITO & WITMEYER & GLESER
     BY: ELIZABETH M. DeCRISTOFARO, ESQUIRE
21   Wall Street Plaza
     New York, New York 10005-1875
22   212.269.4900
     Representing Continental Casualty Company
23   and Continental Insurance Company
24
```

| | Page 453 |
|---|---|

```
1    APPEARANCES (continued)
2
3    BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
     BY: MATTHEW I. KRAMER, ESQUIRE*
4       (*VIA TELECONFERENCE)
     200 South Biscayne Boulevard
5    Suite 2500
     Miami, Florida 33131-5340
6    305.450.7246
     (mkramer@bilzin.com)
7    Representing Property Damage Committee
8
9    STROOCK & STROOCK & LAVAN, LLP
     BY: ARLENE G. KRIEGER, ESQUIRE*
10      (*VIA TELECONFERENCE)
     180 Maiden Lane
11   New York, New York 10038-4982
     212.806.5400
12   (akrieger@stroock.com)
     Representing Official Committee of
13   Unsecured Creditors
14
15   CROWELL & MORING, LLP
     BY: MARK PLEVIN, ESQUIRE
16      NOAH S. BLOOMBERG, ESQUIRE
     1001 Pennsylvania Avenue NW
17   Washington, DC 20004-2595
     202.624.2913
18   (mplevin@crowell.com)
     (nbloomberg@crowell.com)
19   Representing Fireman's Fund Insurance
     (Surety Bond)
20
21
22
23
24
```

369846cf-8848-4f90-bdd3-5892ddf78042

## Page 454

```
1   APPEARANCES (continued)
2
3   STEVENS & LEE, P.C.
    BY: JOHN D. DEMMY, ESQUIRE*
4      (* VIA TELECONFERENCE)
    1105 North Market Street, 7th Floor
5   Wilmington, Delaware  19801
    302.654.5180
6   (jdd@stevenslee.com)
    Representing Fireman's Fund Insurance
7
8
    ALAN B. RICH LAW OFFICES
9   BY: ALAN B. RICH, ESQUIRE*
       (*VIA TELECONFERENCE)
10  Elm Place, Suite 4620
    1401 Elm Street
11  Dallas, Texas  75202
    214.744.5100
12  (arich@alanrichlaw.com)
    Representing Property Damage FCR
13
14
    CONNOLLY BOVE LODGE & HUTZ, LLP
15  BY: JEFFREY C. WISLER, ESQUIRE
    The Nemours Building
16  1007 North Orange Street
    P.O. Box 2207
17  Wilmington, Delaware  19899
    302.88.6528
18  (jwisler@cblh.com)
    Representing Maryland Casualty
19
20
    ECKERT SEAMANS CHERIN & MELLOTT, LLC
21  BY: EDWARD J. LONGOSZ, II, ESQUIRE
    1747 Pennsylvania Avenue, NW
22  12th Floor
    Washington, DC  20006
23  202.659.6619
    (elongosz@eckertseamans.com)
24  Representing Maryland Casualty and Zurich
```

## Page 455

```
1   APPEARANCES (continued)
2
3   WILEY REIN, LLP
    BY: KARALEE C. MORELL, ESQUIRE
4   1776 K Street NW
    Washington, DC  20006
5   202.719.7520
    (kmorell@wileyrein.com)
6   Representing Maryland Casualty and Zurich
7
8   COZEN O'CONNOR
    BY: ILAN ROSENBERG, ESQUIRE*
9      (*VIA TELECONFERENCE)
    1900 Market Street
10  Philadelphia, Pennsylvania  19103-3508
    215.665.4621
11  (irosenberg@cozen.com)
    Representing Federal Insurance Company
12
13
    ORRICK HERRINGTON & SUTCLIFFE, LLP
14  BY: JONATHAN P. GUY, ESQUIRE
       JOSHUA M. CUTLER, ESQUIRE
15  Columbia Center
    1152 15th Street, N.W.
16  Washington, DC  20005-1706
    202.339.8516
17  (jguy@orrick.com)
    Representing Future Claimants
18  Representative
19
20  CUYLER BURK, P.C.
    BY: TANYA M. MASCARICH, ESQUIRE*
21     (*VIA TELECONFERENCE)
    4 Century Drive
22  Parsippany, New Jersey  07054
    973.734.3200
23  (tmascarich@cuyler.com)
    Representing Allstate Insurance Company
24
```

## Page 456

```
1   APPEARANCES (continued)
2
3   WILSON ELSER MOSKOWITZ EDELMAN & DICKER,
    LLP
4   BY: CARL PERNICONE, ESQUIRE
    150 East 42nd Street
5   New York, New York  10017-5639
    212.915.5656
6   (carl.pernicone@wilsonelser.com)
    Representing Arrowood Indemnity Company
7
8   O'MELVENY & MYERS, LLP
    BY: TANCRED SCHIAVONI, ESQUIRE*
9      (*VIA TELECONFERENCE)
    Times Square Tower
10  7 Times Square
    New York, New York  10036
11  212.326.2267
    (tschiavoni@omm.com)
12  Representing Arrowood Indemnity Company
13
14  WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
    BY: KEVIN J. MANGAN, ESQUIRE*
15     (*VIA TELECONFERENCE)
    222 Delaware Avenue
16  Suite 1501
    Wilmington, Delaware  19801
17  302.252.4361
    (kmangan@wcsr.com)
18  Representing State of Montana
19
20  PEPPER HAMILTON, LLP
    BY: LINDA J. CASEY, ESQUIRE*
21     (*VIA TELECONFERENCE)
    3000 Two Logan Square
22  Philadelphia, Pennsylvania  19103
    215.981.4000
23  (caseyl@pepperlaw.com)
    Representing BNSF Railway Company
24
```

## Page 457

```
1
    APPEARANCES (continued)
2
3
    GOODWIN PROCTER, LLP
4   BY: DANIEL M. GLOSBAND, ESQUIRE*
       (*VIA TELECONFERENCE)
5   Exchange Place
    53 State Street
6   Boston, Massachusetts  02109
    617.570.1930
7   (dglosband@goodwinprocter.com)
    Representing CNA Insurance
8
9
    KRAMER LEVIN NAFTALIS & FRANKEL, LLP
10  BY: GREGORY A. HOROWITZ, ESQUIRE
    1177 Avenue of the Americas
11  New York, New York  10036
    212.715.9571
12  (ghorowitz@kramerlevin.com)
    Representing Official Committee of Equity
13  Holders
14
              - - -
15
16
17
18
19
20
21
22
23
24
```

Page 458

1               - - -
2            I N D E X
3               - - -
4
5  Testimony of:
6     PETER VAN N. LOCKWOOD, ESQUIRE
7
8  By Mr. Cohn          Page  462
9  By Mr. Wisler        Page  531
10 By Mr. Mangan        Page  544
11 By Ms. Casey         Page  549
12 By Mr. Speights      Page  563
13 By Mr. Plevin        Page  606
14 By Mr. Schiavoni     Page  624
15 By Mr. Brown         Page  636
16
17              - - -
18          E X H I B I T S
19              - - -
20 NO.   DESCRIPTION            PAGE
21 17    Notice of Deposition of
         Asbestos PI Committee Pursuant
22       to Rule 30(b)(6)          460
23 18    Exhibit 8 to Exhibit Book   460
24              - - -

Page 459

1               - - -
2      DEPOSITION SUPPORT INDEX
3               - - -
4
5  Direction to Witness Not to Answer:
6  Page   Line        Page   Line
7  620    11          632    14
8
9
10 Request for Production of Documents:
11 Page Line          Page   Line
12 NONE
13
14
15 Stipulations:
16 Page  Line         Page   Line
17 12    02
   (Previously)
18
19
20 Area(s) Marked Confidential:
21 Page  Line         Page   Line
22 NONE
23
24

Page 460

1               - - -
2        PETER VAN N. LOCKWOOD,
3  ESQUIRE, after having been first
4  duly sworn, was examined and
5  testified as follows:
6               - - -
7          PROCEEDINGS
8               - - -
9     (ACC 30(b)(6)-17 and 18
10 premarked for identification at
11 this time.)
12
13     MR. COHN:  Go ahead,
14 Mr. Schiavoni.
15     MR. SCHIAVONI:  I just
16 wanted to object.  We have written
17 the Libby claimants separately
18 about this, but we object to them
19 doing any questioning of
20 Mr. Lockwood on the grounds that
21 the Libby claimants are members of
22 the committee; they have not
23 objected to Mr. Lockwood's
24 designation to testify on behalf

Page 461

1  of the committee; nor have they
2  offered in response to requests
3  any alternative witness to testify
4  on any topics on which they
5  disagree with Mr. Lockwood.
6     We see Mr. Lockwood's
7  testimony and the failure of the
8  Libby claimants to object to the
9  designation of Mr. Lockwood as an
10 adoptive omission by the Libby
11 claimants, and we object to any
12 questioning by them as essentially
13 questioning seeking to impeach
14 their own witness.  Thank you.
15     MR. COHN:  You are welcome.
16 We will respond to your
17 correspondence, but, for the
18 moment, let's simply say that we
19 reject the basis for your
20 objection.
21     MR. SCHIAVONI:  If there are
22 any topics that the Libby
23 claimants object to Mr. Lockwood's
24 designation on, we need to know

369846cf-8848-4f90-bdd3-5892ddf78042

Page 614

1      THE WITNESS: Actually, the
2  answer to that depends on
3  precisely what the Texas appeal at
4  courts decided. If they decided
5  that they were going to remand for
6  a new trial, then your question is
7  correct, they would have an
8  unliquidated claim.
9      If somehow or another -- I
10  don't think this is possible based
11  on the nature of the appeal, but
12  if, for some reason or another,
13  they would decide that the claim
14  was invalid, then I don't think
15  the Edwards claimants would have a
16  claim against the Trust, either,
17  because I think res adjudicata
18  would apply to the Trust as much
19  as it would apply to Grace or
20  Fireman's Fund, for that matter.
21  BY MR. PLEVIN:
22      Q.   Okay. If you could look at
23  Section 5.6 on page 35.
24      Does this section have any

Page 615

1  impact on the classification of the
2  Fireman's Fund claim or the treatment of
3  the Fireman's Fund claim?
4      MR. FINCH: Objection,
5  compound.
6      THE WITNESS: Well, I don't
7  think it has any impact on the
8  classification of the claim,
9  because, as footnote 8 points out,
10  the classification occurs in the
11  Plan, and this simply incorporates
12  the Plan definition.
13      On the treatment, this, in
14  effect, is what the Plan provides
15  for the treatment of claims
16  falling within this definition.
17  So assuming that Fireman's Fund's
18  surety bond claim is an indirect
19  PI Trust claim, this would be the
20  section that would provide for its
21  treatment.
22      Although, I want to make
23  clear, treatment is a technical
24  term in the bankruptcy law. And I

Page 616

1  am using treatment in a more
2  generic sense because the Plan
3  provides for the treatment, which
4  is to channel it to the Trust, and
5  this is the detail of how the
6  Trust is going to deal with it
7  once it gets there.
8  BY MR. PLEVIN:
9      Q.   If you look at the footnote
10  8 that you referenced on page 35, an
11  allowed claim by Fireman's Fund would be
12  classified as an indirect PI Trust claim
13  pursuant to subclause (y); is that your
14  understanding?
15      A.   Well, actually, you got to
16  strike the word "allow" because there
17  won't be any allowance.
18      Q.   I understand. You have
19  explained that before.
20      A.   A quick look at this
21  suggests to me that (y) is the correct
22  place for it.
23      Q.   Can you think of any other
24  TDPs or plans in asbestos bankruptcies

Page 617

1  that provided that claims by entities
2  that had issued supersedeas bonds or
3  letters of credit would be treated as
4  indirect asbestos claims subject to the
5  payment percentage?
6      A.   Not off the top of my head.
7  I could go back and look at a bunch of
8  TDPs to see whether there are any such,
9  but I don't remember off the top -- I
10  have to say, my recollection is that the
11  Edwards claim is somewhat unique in my
12  experience in terms of its size and
13  components and status in the bankruptcy
14  case.
15      So it wouldn't necessarily
16  surprise me if the magnitude of that
17  claim was such that it caused us to focus
18  on this question for the first time
19  explicitly in this Plan. But, again, I
20  would really have to go back and look at
21  the TDPs to testify confidently about
22  that.
23      Q.   Do you recall that subclause
24  (y), as shown on footnote 8, was inserted

Page 642

1  even been a little input from the Sealed
2  Air counsel on the TDP. But, again, the
3  primary draftspersons were counsel for
4  the ACC and the FCR.
5      Q.  Okay.  Can I direct your
6  attention to the Plan, which I guess is
7  ACC-5, and specifically it's page 70 on
8  my copy.  It's under Section 7.7
9  Conditions to Occurrence of the
10  Confirmation Date, specifically condition
11  (j).
12      A.  I see it.
13      Q.  Can you just take a moment
14  to read that?  I have one question on
15  that.
16      A.  I have read it.
17      Q.  In the portion of that
18  condition dealing with asbestos PD
19  claims, second-to-the last line, you will
20  see the words "if any" appear there, but
21  the same language doesn't appear for
22  asbestos PI claims.
23      Why?
24      MR. FINCH:  Objection,

Page 643

1      foundation.
2      THE WITNESS:  I need to talk
3  to my counsel about this one.
4      (There was a discussion held
5  off the record between the witness
6  and counsel at this time.)
7      MR. FINCH:  The discussion
8  was with respect to whether I need
9  to instruct him not to answer the
10  question.  He is allowed to answer
11  the question as long as doing so
12  doesn't reveal privileged
13  communication.
14      I think you can answer.
15      THE WITNESS:  Barely.
16      The "if any" is in there, as
17  best I can recall, because the
18  Plan proponents -- in contrast of
19  PI, "if any" is under PD.  Because
20  the Plan proponents are quite
21  confident that there is going to
22  be lots of future PI demands and
23  are less confident that there is
24  going to be lots of future PD

Page 644

1  demands, or if there are, they
2  will be valid.
3      MR. BROWN:  Okay.  That's
4  all I have.
5      MR. FINCH:  Could you go
6  back to the question I asked you
7  to find and read that question and
8  read the answer, and I will see if
9  I have got any redirect.
10      Does anybody else have any
11  questions?
12      (No response.)
13      MR. FINCH:  Hearing none,
14  let me just hear that back.
15      (The reporter read from the
16  record as requested.)
17      MR. FINCH:  No questions.
18  I think that is the end of
19  the deposition.
20      (The deposition concluded at
21  4:19 p.m.)
22
23
24

Page 645

1              CERTIFICATE
2
3
4      I HEREBY CERTIFY that the witness
5  was duly sworn by me and that the
6  deposition is a true record of the
7  testimony given by the witness.
8
9
10
11
12
13      Lori A. Zabielski
14      Registered Professional Reporter
15      Dated:  May 5, 2009
16
17
18
19
20      (The foregoing certification
21  of this transcript does not apply to any
22  reproduction of the same by any means,
23  unless under the direct control and/or
24  supervision of the certifying reporter.)

Page 646

## INSTRUCTIONS TO WITNESS

1
2
3      Please read your deposition over
4  carefully and make any necessary
5  corrections.  You should state the reason
6  in the appropriate space on the errata
7  sheet for any corrections that are made.
8      After doing so, please sign the
9  errata sheet and date it.
10  You are signing same subject to the
11  changes you have noted on the errata
12  sheet, which will be attached to your
13  deposition.
14      It is imperative that you return
15  the original errata sheet to the deposing
16  attorney within thirty (30) days of
17  receipt of the deposition transcript by
18  you.  If you fail to do so, the
19  deposition transcript may be deemed to be
20  accurate and may be used in court.
21
22
23
24

Page 648

## ACKNOWLEDGEMENT OF DEPONENT

1
2      I, _____, do
3  hereby certify that I have read the
4  foregoing pages,   1-   PGS, and that
5  the same is a correct transcription of
6  the answers given by me to the questions
7  therein propounded, except for the
8  correction or changes in form or
9  substance, if any, noted in the attached
10  Errata Sheet.
11
12  _____
    WITNESS NAME          DATE
13
14
15
16
17  Subscribed and sown
18  to before me this
19  _____ day of _____, 20____.
20  My commission expires:
21  _____.
22
23  _____
    Notary Public
24

Page 647

1      - - - - -
2      E R R A T A
3      - - - - -
4  PAGE  LINE CHANGE
5  _____ _____ _____
6  _____ _____ _____
7  _____ _____ _____
8  _____ _____ _____
9  _____ _____ _____
10  _____ _____ _____
11  _____ _____ _____
12  _____ _____ _____
13  _____ _____ _____
14  _____ _____ _____
15  _____ _____ _____
16  _____ _____ _____
17  _____ _____ _____
18  _____ _____ _____
19  _____ _____ _____
20  _____ _____ _____
21  _____ _____ _____
22  _____ _____ _____
23  _____ _____ _____
24  _____ _____ _____

Page 649

1      LAWYER'S NOTES
2  PAGE  LINE
3  _____ _____
4  _____ _____
5  _____ _____
6  _____ _____
7  _____ _____
8  _____ _____
9  _____ _____
10  _____ _____
11  _____ _____
12  _____ _____
13  _____ _____
14  _____ _____
15  _____ _____
16  _____ _____
17  _____ _____
18  _____ _____
19  _____ _____
20  _____ _____
21  _____ _____
22  _____ _____
23  _____ _____
24  _____ _____

369846cf-8848-4f90-bdd3-5892ddf78042