# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., *et al.*, | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objection Deadline: July 13, 2009 |
| | ) | Related to Docket Nos. 20872 and 21764 |

## ZURICH INSURANCE COMPANY AND ZURICH INTERNATIONAL (BERMUDA) LTD.'S BRIEF IN SUPPORT OF ITS PHASE II OBJECTIONS TO FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS DATED AS OF FEBRUARY 27, 2009

Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile

OF COUNSEL:
Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7170 Telephone
(202) 719-7049 Facsimile

*Attorneys for Attorneys for Zurich Insurance Company and Zurich International (Bermuda) Ltd.*

Dated: July 13, 2009

# **TABLE OF CONTENTS**

Page

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ........................ 1

SUMMARY OF ARGUMENT ............................................................................................ 2

STATEMENT OF FACTS .................................................................................................... 3

ARGUMENT ........................................................................................................................... 4

    I.    First Amended Plan Violates Anti-Assignment Provisions Of The Zurich Contracts and the Agreement ............................................................ 4

    II.    The First Amended Plan May Mandate Excessive Payments To The Asbestos PI Trust .......................................................................................... 5

    III.    First Amended Plan Impairs Contractual Rights ...................................... 5

    IV.    Amended Plan Contains Improper Exculpation and Release Provisions ............... 6

    V.    Reservation of Rights and Joinder .................................................................. 7

CONCLUSION ....................................................................................................................... 8

# TABLE OF AUTHORITIES

Page

**Cases**

*Am. Transit Ins. Co. v. Sartor*, 814 N.E.2d 1189 (N.Y. 2004) ...................................................... 5,6

*Fuller-Austin Insulation Co. v. Highlands Ins. Co.*, 135 Cal.App.4th 958
    (Cal. Ct. App. 2006) ............................................................................................................ 5

*Gillman v. Continental Airlines (In re Continental Airlines)*, 203 F.3d 203 (3d Cir. 2000) .......... 7

*In re Am. Capital Equip., Inc.*, 405 B.R. 415 (Bankr. W.D. Pa. 2009)
    (McCullough, J.) .................................................................................................................. 6

*In re Congoleum Corp.*, 362 B.R. 167 (Bankr. D.N.J. 2007) ......................................................... 7

*In re Exide Techs.*, 303 B.R. 48 (Bankr. D. Del. 2003) .................................................................. 5

*In re Federal-Mogul Inc.*, 385 B.R. 560 (Bankr. D. Del. 2008) ..................................................... 5

*In re Genesis Health Ventures, Inc.*, 266 B.R. 591 (Bankr. D. Del. 2001) .................................. 4,7

*In re Global Indus. Techs., Inc.*, No. 08-3650 (3d. Cir.) ................................................................ 5

*Integrated Solutions, Inc. v. Serv. Support Specialties, Inc.*, 124 F.3d 487 (3d Cir. 1997) ............ 4

*Stradford v. Zurich*, 2002 U.S. Dist. LEXIS 24050, at *15 (S.D.N.Y. Dec. 10, 2002) .................. 6

*Zartman v. First Nat'l Bank of Waterloo*, 216 U.S. 134 (1910) ..................................................... 4

**Statutes**

11 U.S.C. § 1109(b) ........................................................................................................................ 4
11 U.S.C. § 1129(a) ........................................................................................................................ 4

**References**

43 Am. Jur.2d Insurance § 1384 ..................................................................................................... 5
7C J. Appleman, *Insurance Law and Practice* § 4681 (Rev. ed. 1979) ......................................... 5

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

The above-captioned debtors ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware ("Court") on April 2, 2001.

On or about February 27, 2009, Debtors filed the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of February 27, 2009* [Docket No. 20872] ("First Amended Plan").

By Order dated March 9, 2009, the Court approved the *Debtors' Disclosure Statement for the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of February 27, 2009* ("Disclosure Statement"). The Disclosure Statement includes the proposed First Amended Plan.

On or about May 20, 2009, Zurich Insurance Company and Zurich International (Bermuda), Ltd. (jointly "Zurich") filed its objection [D.I. 21764] ("Zurich Objection") to the First Amended Plan. This is Zurich's brief in support of the Zurich Objection.

2

## SUMMARY OF ARGUMENT

Zurich objects to the First Amended Plan. The First Amended Plan fails to comply with various confirmation requirements of section 1129 of the Bankruptcy Code and therefore can not be confirmed. Specifically, the First Amended Plan (i) impermissibly attempts to assign the Zurich Contracts (defined below) to the Asbestos PI Trust, (ii) obligates or potentially obligates Zurich to pay to the Asbestos PI Trust an amount in excess of the amount actually paid by the Asbestos PI Trust to the holder of an allowed Asbestos PI Claim, (iii) impairs coverage defenses under the Zurich Contracts, including defenses based on assignment of rights under the Contracts, and (iv) exceeds the scope of permissible exculpations in the Third Circuit.

## STATEMENT OF FACTS

The evidence at Phase II of the Plan confirmation hearing will show that Zurich is an Asbestos Insurance Entity that issued certain excess-layer insurance policies to the Debtors (the "Zurich Contracts"); the Zurich Contracts are Asbestos Insurance Policies[1] under the Plan. *See* Plan § 1.1(11); Plan Exhibit 6, Schedule 1. Under the Plan, the rights of the Debtors, Reorganized Debtors and Non-Debtor Affiliates (hereafter "Insurance Contributors") under the Zurich Contracts are assigned to the Asbestos PI Trust (the "Trust") pursuant to the Asbestos Insurance Transfer Agreement. *See* Plan §§ 1.1(15), 7.2.

Zurich is a "non-settled" Asbestos Insurance Entity with respect to 10 of the 11 excess-level Zurich Contracts that are Asbestos Insurance Policies issued to the Debtors. Zurich (specifically, Zurich International (Bermuda) Ltd., or "ZIB") has entered into an Asbestos Claims Settlement Agreement (the "Agreement") that constitutes an Asbestos Insurance Reimbursement Agreement under the Plan, pursuant to which ZIB settled coverage disputes arising under one of the Zurich Contracts (hereinafter the "1984 ZIB Policy") issued to Debtors and agreed to pay the Debtors (pursuant to certain conditions and circumstances, as set forth in the Agreement) for certain costs arising from or related to Asbestos PI Claims. Those conditions include the Debtors' representation that they would not, without Zurich's consent, assign or transfer of any rights to any person with respect to the 1984 ZIB Policy, including the right to conduct insurance coverage litigation with respect to that policy. The Agreement also requires the Debtors to defend and indemnify Zurich for such claims asserted against Zurich in connection with the 1984 ZIB Policy.

---

[1] Capitalized terms not defined herein shall have the meaning provided in the Disclosure Statement.

3

## ARGUMENT

Zurich has rights under the Zurich Contracts and the Agreement that will be substantially affected by the First Amended Plan. Accordingly, Zurich has standing to appear and be heard in connection with confirmation of the First Amended Plan. 11 U.S.C. § 1109(b).

Section 1129(a) of the Bankruptcy Code contains the statutory requirements which must be met as a prerequisite to confirmation of a plan of reorganization. *See* 11 U.S.C. § 1129. The requirements of section 1129(a) of the Bankruptcy Code are conjunctive, requiring that each and every element specified therein be met prior to confirmation of a plan. *See id.* Thus, it is well-established that the proponent of a plan of reorganization bears the burden of proving by a preponderance of the evidence that each of the requirements contained in section 1129(a) has been satisfied. *In re Genesis Health Ventures, Inc.*, 266 B.R. 591, 599 (Bankr. D. Del. 2001); *In re Exide Techs.*, 303 B.R. 48, 58 (Bankr. D. Del. 2003).

### I.    First Amended Plan Violates Anti-Assignment Provisions Of The Zurich Contracts and the Agreement

Zurich objects to the assignment of the Zurich Contracts and the Agreement to the Asbestos PI Trust without the consent of Zurich as required by the Zurich Contracts and the Agreement. The Bankruptcy Code does not permit a debtor's rights in property to be expanded beyond what they were at the commencement of the case. *Zartman v. First Nat'l Bank of Waterloo*, 216 U.S. 134, 138 (1910). It is well established that bankruptcy courts lack the power to unilaterally alter contractual rights and obligations, or permit the debtors to rewrite their pre-petition contracts or selectively perform their pre-petition contractual obligations. *Integrated Solutions, Inc. v. Serv. Support Specialties, Inc.*, 124 F.3d 487, 492-95 (3d Cir. 1997). Here, this is exactly what the Debtors are attempting to do in assigning their rights under the Zurich Contracts and the Agreement to the Asbestos PI Trust without the consent of Zurich in violation

4

of the terms of the Zurich Contracts and the Agreement. This can not be permitted and the First Amended Plan therefore can not be confirmed.[2]

## II. The First Amended Plan May Mandate Excessive Payments To The Asbestos PI Trust

Zurich objects to the First Amended Plan to the extent that it would obligate Zurich to pay to the Asbestos PI Trust any amount in excess of any amount actually paid by the Asbestos PI Trust to the holder of an allowed Asbestos PI Claim. *See Fuller-Austin Insulation Co. v. Highlands Ins. Co.*, 135 Cal.App.4th 958, 1000 (Cal. Ct. App. 2006) (insurers obligated to indemnify debtors for the amount the plan obligates the debtors to actually pay for each allowed claim, and not the amount corresponding to the respective asbestos-related disease category).

## III. First Amended Plan Impairs Contractual Rights

Insurer's right to associate in the defense of covered claims is fundamental to the structural and economic relationships that form the basis of an insurance policy. *See* 43 Am. Jur.2d Insurance § 1384; 7C J. Appleman, *Insurance Law and Practice* § 4681 (Rev. ed. 1979). This right is so fundamental that its deprivation will vitiate an insurer's obligation to provide coverage under a policy. *See* 43 Am. Jur.2d Insurance § 1384. Under applicable non-bankruptcy law, a failure to give insurers notice and to allow it to participate in investigating, defending, and settling claims would give rise to defenses to coverage. *See Am. Transit Ins. Co. v. Sartor*, 814 N.E.2d 1189, 1192 (N.Y. 2004) (providing notice is a condition precedent to

---

[2] Zurich recognizes that this Court has recently upheld a similar assignment provision in *In re Federal-Mogul Inc.*, 385 B.R. 560, 567 (Bankr. D. Del. 2008), *aff'd*, 2008 U.S. Dist. LEXIS 24302 (D. Del. March 24, 2009), *appeal pending*, No. 09-2230 (3d Cir.); however, the issue is currently being considered by the Third Circuit in *In re Global Indus. Technologies, Inc.*, No. 08-3650 (3d. Cir.). Oral argument on the issue was held on May 21, 2009. Zurich preserves the issue in the event the Third Circuit reaches a different conclusion than has the Court with respect to this issue. Furthermore, even if Third Circuit reaches a similar conclusion as to assignment with respect to the Zurich policies, Zurich respectfully submits that additional considerations are presented by the purported assignment of "Asbestos Insurance Reimbursement Agreements", such as the Agreement, where Zurich already agreed to compromise certain of its rights under a policy in reliance upon the Debtors' performance of certain defined obligations under the Agreement.

coverage); *Stradford v. Zurich*, 2002 U.S. Dist. LEXIS 24050, at *15 (S.D.N.Y. Dec. 10, 2002) (insured's cooperation with insurer is a condition precedent to coverage). A truly insurance neutral plan would make clear that a failure of the Debtors to satisfy all of the insureds' obligations and policy conditions can be asserted as a defense to coverage. *In re Am.n Capital Equip., Inc.*, 405 B.R. 415, 419-23 (Bankr. W.D. Pa. 2009) (McCullough, J.) (concluding that a proposed Plan that allowed a Trust to settle asbestos claims against the debtors in contravention of policy provisions providing for participation of insurers in the defense and settlement was unconfirmable).

The First Amended Plan must make clear that insurers retain all of their rights under their policies and that the insureds retain (and the Asbestos PI Trust will assume) all of the Debtors' obligations thereunder. This is crucial because the First Amended Plan eliminates the rights that insurers have under their policies to be involved, with the full cooperation of the insured, in the resolution of claims against the Debtors in the state tort law system.

### IV.    First Amended Plan Contains Improper Exculpation and Release Provisions

Section 11.9 of the First Amended Plan is overly broad and impermissible under applicable law. This exculpation provision purports to immunize a massive range of entities and persons from a spectrum of liability. Additionally, this provision provides immunity from liability for activities related to the "administration of this Plan or the property to be distributed under this Plan." This immunity is not only overly broad, but would also impermissibly serve to immunize parties from prospective liability.

Non-consensual exculpation provisions such as Section 11.9 may be approved only in an "extraordinary" case if all of the following four factors are present: (i) the non-consensual release is necessary to the success of the reorganization; (ii) the releasees have provided a critical

financial contribution to the debtor's plan; (iii) the releasees' financial contribution is necessary to make the plan feasible; and (iv) the release is fair to the non-consensual creditors, *i.e.*, whether the non-consensual creditors received reasonable compensation in exchange for the release. *Genesis*, 266 B.R. at 607-08. These factors incorporate those identified by the Third Circuit in *Gillman v. Continental Airlines (In re Continental Airlines)*, 203 F.3d 203, 214 (3d Cir. 2000) ("The hallmarks of permissible non-consensual releases are fairness, necessity to the reorganization, and specific factual findings to support these conclusions.").

The Plan Proponents have offered no factual support to justify such far ranging protections. *See In re Congoleum Corp.*, 362 B.R. 167, 190, 195-96 (Bankr. D.N.J. 2007); *Genesis*, 266 B.R. at 606-07. On the contrary, although some of the exculpated parties may have provided financial contribution to the First Amended Plan, there is no evidence that this is true for each and every party for whom the Debtors are seeking immunity. Additionally, Class 6 Claims will not be reasonably compensated in exchange for the releases. Section 11.9 of the First Amended Plan cannot be approved.

### V.    Reservation of Rights and Joinder

Zurich hereby reserves the right to amend and/or supplement this Brief based upon: (i) ongoing discovery relating to the First Amended Plan; (ii) any arguments made by the Plan Proponents or any other parties in their Phase II briefs; and (iii) any amendment to or modification of the First Amended Plan. In addition, Zurich hereby joins arguments made by other parties-in-interest in their Phase II briefs to the extent such objections are not inconsistent with Zurich's interests, and the positions set forth herein.

## CONCLUSION

WHEREFORE, for all of the forgoing reasons, Zurich respectfully requests that the Court deny confirmation of the First Amended Plan, except to the extent the First Amended Plan is modified consistent with this Brief, and grant Zurich such further and additional relief and the Court may deem just and proper.

Dated: July 13, 2009

CONNOLLY BOVE LODGE & HUTZ LLP

_____
Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile

OF COUNSEL:

Richard A. Ifft (*pro hac vice*)
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C. 20006
(202) 719-7170 Telephone
(202) 719-7049 Facsimile

*Attorneys for Zurich Insurance Company and Zurich International (Bermuda) Ltd.*

#701181v1