IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | x | Chapter 11 |
| W. R. GRACE & CO., et al., | : | Case No. 01-1139 (JKF) |
| Debtors. | : | (Jointly Administered) |
| | x | Related to D.I. No. 20872 |

### KANEB PIPE LINE OPERATING PARTNERSHIP, L.P. AND SUPPORT TERMINAL SERVICES, INC.'S TRIAL BRIEF IN SUPPORT OF THEIR OBJECTION TO CONFIRMATION OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

Now come Kaneb Pipe Line Operating Partnership, L.P. ("**Kaneb**")[1] and Support Terminal Services, Inc. ("**STS**")[2] [collectively, "**Kaneb Objectors**"] and file this their Trial Brief in Support of their Objection to the Confirmation of the First Amended[3] Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code filed by W.R. Grace & Co., et al.,[4] the

---

[1] Effective March 31, 2008, Kaneb changed its name to Nustar Pipeline Operating Partnership, L.P.
[2] Effective March 31, 2008, STS changed its name to Nustar Terminal Services, Inc.
[3] The "First Amended" Joint Plan is at Dkt. 20872. Kaneb's Preliminary Objection to the Plan is at Dkt. 20307. Kaneb's Final Objection to the Plan is at Dkt. 21707. This is a Phase II Objection pursuant to the Court's Order at Dkt. 20204.
[4] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-

Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders ("**Plan**") and state as follows:

## I.
## Background

1. In 1992-93, pursuant to the STS Agreement and Plan of Merger ("**Merger Agreement**"), Kaneb purchased from future debtor Grace Energy Corporation ("**GEC**"), several entities. In 1997, GEC filed the action styled *Grace Energy Corporation v. Kaneb Pipe Line Operating Partnership, L.P., et al.*, in the 191st District Court in Dallas County, Texas, cause No. 97-05135-J ("**Kaneb State Court Action**"). The Kaneb State Court Action concerned the so-called Cape Cod Pipeline (known in the Kaneb State Court Action as the "**Otis Pipeline**"), and each parties' respective indemnity rights under the Merger Agreement. In the Kaneb State Court Action, GEC sought declaratory and contractual monetary relief, and the Kaneb Objectors filed affirmative defenses and counterclaims. After a jury trial, on August 30, 2000, the trial court in the Kaneb State Court Action rendered an Amended Final Judgment. Both the Kaneb Objectors and GEC have filed notices of appeal of the Amended Final Judgment from the State Court Action, initiating the appeal styled *Kaneb Pipe Line Operating Partnership, L.P. and Support Terminal Services, Inc., Appellants and Cross-Appellees v. Grace Energy Corporation, Appellee and Cross-Appellant* in the Fifth Court of Appeals District, Dallas, Appeal No. 05-00-01592-CV ("**Kaneb Appeal**"). Due to the bankruptcy filing, the appeals have been suspended by Texas Rules of Appellate Procedure 8.2 and 8.3. *American Rice v. Tenzer*, 1998 Tex. App. LEXIS 7319 (Tex. App. Houston 1st Dist. Nov. 17, 1998)(not designated for publication).

---

BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Kaneb sought relief from the automatic stay to pursue its appellate and insurance rights with respect to the Kaneb Appeal and the Otis Pipeline. *See* Dkt. Items 20538 (Kaneb Lift Stay Motion), 20702 (Debtors' Response to Kaneb Lift Stay Motion), 20704 (Continental Casualty's Response to Kaneb Lift Stay Motion), 20706 (OneBeacon and Seaton's Response to Kaneb Lift Stay Motion), 21067 (Kaneb's Reply to Responses-insurance issues), 21262 (Kaneb Supplement-under seal), 21582 (Continental Casualty Supplement-under seal), 21590 (Debtor's Supplement-under seal). Kaneb also sought relief from the automatic stay to pursue its insurance rights with respect to the Macon, Georgia environmental site. *See* Dkt. Items 20846 (Kaneb Lift Stay Motion), 20984 (Continental Casualty Response to Kaneb Lift Stay Motion), 21062 (Debtors' Response to Kaneb Lift Stay Motion). The Court held hearings on these Lift Stay Motions and on June 29, 2009, the Court denied these motions without prejudice. Dkt. 22373.

2.  Kaneb's objections to the Plan are summarized as follows: Despite the fact that Kaneb did not file a proof of claim in the bankruptcy (a) the Debtors' discharge does not discharge Kaneb's ability to defend itself (including recoupment and setoff rights) in the Kaneb Appeal and in the Kaneb State Court Action, and (b) the Plan confirmation and the Debtors' discharge does not affect Kaneb's ability to (i) seek recovery against the Debtors nominally in order to obtain liability insurance proceeds for environmental losses, or (ii) to seek Kaneb's own direct rights as a co-insured under insurance policies.

## II.
## Objections

### A. Plan Binding Only on Creditors, Only Under Section 1141

3.  The Kaneb Objectors object to the extent that the Plan attempts to bind them in a capacity other than as the persons described in 11 U.S.C. § 1141(a). A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the

benefits of the rules of *res judicata* in a subsequent action in which he appears in another capacity. Restatement (Second) of Judgments § 36(2) (1982). For example, the Kaneb Objectors are not bound by the Plan in their capacities as defendants in the State Court Action, or Appellants on defensive matters in the Kaneb Appeal. The Kaneb Objectors do not consent to the Plan generally, and do not intend to be bound to the Plan under contractual principles. To the extent that the Plan attempts to bind the Kaneb Objectors in a fashion broader than that allowed by 11 U.S.C. § 1141(a), the Plan does not comply with the applicable provisions of Title 11. 11 U.S.C. § 1129(a)(1).

**B.  Objections Concerning Scope of Discharge (Plan Section 8.1)**

4.  The Kaneb Objectors object to the extent that the Plan attempts to create a discharge broader than that allowed by 11 U.S.C. §§ 1141 and 524, which would mean that the Plan does not comply with the applicable provisions of Title 11. 11 U.S.C. § 1129(a)(1). Section 8.1 of the Plan concerns the Debtors' discharge. The Kaneb Objectors make the following Objections:

> - Plan Section 8.1 provides for a broader discharge than allowed by 11 U.S.C. § 1141 and 524. For example, the discharge purports to discharge Claims "of any nature whatsoever" against "assets, properties, or interests in property" of the Debtors or Debtors in Possession. The Kaneb Objectors object to the language that the Reorganized Debtors "shall not be responsible for any obligations of the Debtors or the Debtors in Possession except those expressly assumed by the Reorganized Debtors in the Plan." The Kaneb Objectors object to the language that "All Entities shall be precluded and forever barred from asserting against the Debtors and Reorganized Debtors, or their assets, properties, or interests in property" as being broader than that allowed by 11 U.S.C. § 1141 and 524. The debtor is entitled only to a discharge of "debt" as a "personal liability." 11 U.S.C. §§ 1141(d); 524(a)(1), 524(a)(2); *see also* 11 U.S.C. § 101(5) and (12)("debt" means liability on claim, and "claim" is a right to payment); *Brown v. General Motors Corp.,* 152 B.R. 935, 939 (W.D. Wis. 1993)(only debts are discharged).
>
> - The Kaneb Objectors contend that defensive matters in the Kaneb State Court Action (including defending any declaratory judgment regarding the ownership of Cape Cod/Otis Pipeline assets and liability for the Cape Cod/Otis Pipeline, and defending GEC's claims for indemnity, and setoff and recoupment rights under

the Merger Agreement) will not be barred by the discharge injunction.[5] In this regard, the *Debtors* have stated: "While the Debtors reserve all of their rights as to whether Kaneb has any valid right of recoupment in the Texas Litigation, the Debtors do not contest that the discharge of Kaneb's claims against the Debtors will not prevent Kaneb from asserting its defenses to the claims being pursued by the Debtors against Kaneb in the Texas Litigation." See Debtors' Objection to Kaneb's Lift Stay Motion at Dkt. 20703 at page 15.

- The Kaneb Objectors contend that their indemnity claims under the executory Merger Agreement for costs of remediation regarding the Cape Cod/Otis Pipeline, and any other issues that may be raised in the Kaneb Appeal related to the Merger Agreement[6] will not be barred by the discharge injunction. To the extent that the Plan purports to discharge these rights, the Kaneb Objectors object.

- The Kaneb Objectors contend that matters related to insurance coverage formerly or currently held by Grace entities, including insurance coverage in connection with the Cape Cod/Otis Pipeline and the Macon, Georgia site,[7] will not be barred by the discharge injunction. To the extent that the Plan purports to discharge these rights, the Kaneb Objectors object.

- The Debtors state in their Disclosure Statement: "Thus, on the Effective Date of the Plan and pursuant to Section 8.1.1 of the Plan, the Debtors assert they will be discharged of any liability they may otherwise have had to Kaneb, and they will move for dismissal of the pending and stayed Appeal in the Texas Litigation because Kaneb will have no right to pursue a Claim against the debtors or Reorganized Debtors." The Kaneb Objectors disagree that this is the effect of the discharge under 11 U.S.C. §§ 1141 and 524. The discharge will not give Kaneb the right to dismiss the Kaneb Objector's appeal of the declaratory judgment action originally filed by GEC. because that aspect of the appeal is defensive, and not a claim for a right to payment. The discharge will not prohibit Kaneb from pursuing its monetary claims in the Kaneb Appeal nominally in order to recover under any insurance policies. *See Edgeworth*, 993 F.2d at 53-54. The discharge

---

[5] *In re Black*, 280 B.R. 680, 685-86 (Bankr. N.D. Ala. 2001)(neither setoff nor recoupment barred by discharge); *Brown v. General Motors Corp.*, 152 B.R. 935, 939 (W.D. Wis. 1993)(defense of recoupment not barred by discharge order); *see also Megafoods Stores v. Flagstaff Realty Assocs. (In re Flagstaff Realty Assocs.)*, 60 F.3d 1031, 1036 (3d Cir. 1995)(citing cases where creditor permitted to recoup or setoff despite failure to object to plan confirmation or appeal from the confirmation order).

[6] *Century Indem. Co. v. NGC Settlement Trust (In re National Gypsum Co.)*, 208 F.3d 498, 504 (5th Cir. 2000)(if an executory contract is neither assumed nor rejected, it will ride through the proceedings and be binding on the debtor even after a discharge is granted, thus allowing the non-debtor's claim to survive the bankruptcy).

[7] A discharge of a debt of the debtor does not affect the liability of any other entity on. or the property of any other entity for, such debt. *In re Conston Inc.*, 181 B.R. 769, 773 (D. Del. 1995). This would include any insurers of the debtor. *Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 53-54 (5th Cir. 1993); *see also Ranger Ins. Co. v. Wolcott (In re TLI, Inc.)*, 1998 U.S. Dist. LEXIS 15488 (N.D. Tex. 1998) (the discharge was not an impediment to proceeding against the insurance policy); *Frazier v. McInnis*, 1996 Tex. App. LEXIS 4226 (Tex. App. San Antonio Sept. 25, 1996) (unpublished) (bankruptcy only acts as an injunction against seeking personal liability against him on the debt, but it does not extinguish the debt nor does it prevent the Fraziers from establishing McInnis' liability in a state proceeding in order to recover from McInnis' insurer); *Am. College of Dentists v. Dorris Mktg. Group*, 2005 Bankr. LEXIS 282 * 5 (Bankr. E.D. Va. 2005)(stay relief is appropriate when the debtor is a nominal defendant and recovery is only being sought against third parties or insurance policies).

will not prohibit Kaneb from pursuing its claims defensively for the purpose of recoupment and setoff. *See, Flagstaff,* 60 F.3d at 1036; *see also* Dkt. 20703 at page 15. Because the Merger Agreement is an executory contract that has neither been assumed nor rejected, the plan confirmation will not affect Kaneb's rights under the Merger Agreement.

### C. Objection Concerning Use of Insurance

5. The Plan proposes the use of an Asbestos PI Trust and an Asbestos PD Trust, funded in part by insurance coverage, to pay asbestos related claims. See Plan at Sections 1.1(12) (definition of Asbestos Insurance Rights); 7.2.2(d) (transferring Asbestos Insurance Rights to the Asbestos PI Trust). There may be insurance policies that provide coverage or payment for the claims of the Kaneb Objectors, including those in connection with the Cape Cod/Otis Pipeline and the Macon, Georgia site, that the Debtors propose to use for asbestos claimants. To the extent that the Debtors are using insurance policies or Kaneb's rights under such policies that are not property of the estate, the Kaneb Objectors object. Kaneb notes that regardless of the ownership of any policies or policy rights purporting to be transferred to the Asbestos PI Trust and/or the Asbestos PD Trust, Kaneb has separate and independent rights in those policies by reason of, *inter alia*, the merger into Kaneb or its predecessor of a former Grace subsidiary that was (and, by operation of law and applicable insurance law principles, remains) a named insured, additional insured or other insured under many of the policies purporting to be transferred to the Asbestos PI Trust and/or the Asbestos PD Trust. Kaneb objects to an overly broad transfer of rights in such policies that would purport to transfer, eliminate or denigrate any of Kaneb's own rights, particularly where none of the coverages or limits of liability applicable or responsive to Asbestos Personal Injury claims and/or Asbestos Property Damage claims would be reduced, exhausted or otherwise denigrated by Kaneb's exercise of its own separate rights in those policies. As previously noted by Kaneb, it is seeking coverage under provisions of the policies that do not contain any "aggregate" limits of liability. Therefore, the insurance

{08008}75795425.2

- 6 -

policies and coverages within those policies that would be responsive to Asbestos Personal Injury claims and/or Asbestos Property Damage claims would not be diminished or affected in any way by even a complete recovery by Kaneb with respect to environmental or other "premises"-type liabilities faced by Kaneb in connection with pipeline properties formerly owned by Grace.

6. Also as part of its Final Objections, the Kaneb Objectors note that its separate and independent rights in any such insurance policies are not property of the estate, and that this Court lacks legal jurisdiction and/or authority to transfer or otherwise denigrate Kaneb's rights.

7. Kaneb's briefing on these insurance issues found in Docket Items 20538, 20846, 21067, 21068, and 21262 is incorporated herein by reference.

### III.
### Prayer

WHEREFORE, PREMISES CONSIDERED, Kaneb Pipe Line Operating Partnership, L.P. and Support Terminal Services, Inc. request that the Court deny confirmation of the Plan, and for all other relief to which the Kaneb Objectors show themselves justly entitled.

Dated: July 13, 2009

Respectfully submitted,

SMITH KATZENSTEIN & FURLOW LLP

_____
Kathleen M. Miller (I.D. No. 2989)
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410 (Courier 19801)
Wilmington, De 19899
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skfdelaware.com


/s/ Steve A. Peirce (pro hac vice)
_____
Steve A. Peirce, Bar No. 15731200
FULBRIGHT & JAWORSKI L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205
Email: speirce@fulbright.com

and

Toby L. Gerber, Bar No. 07813700
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8080
Email: tgerber@fulbright.com

**ATTORNEYS FOR KANEB PIPE LINE OPERATING PARTNERSHIP, L.P. AND SUPPORT TERMINAL SERVICES, INC.**