IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et al.*, | : | Case No. 01-1139 (JKF) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Related D.I.: 21779** |

# TRIAL BRIEF IN SUPPORT OF OBJECTION OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. TO CONFIRMATION OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION AND JOINDER

ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
Telephone: (212) 223-0400

{00314397;v1}

## TABLE OF CONTENTS

JOINDER ........................................................................................................................2

BACKGROUND............................................................................................................2

OBJECTIONS ................................................................................................................3

National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), by and through its undersigned counsel, hereby files this trial brief in support of its objection (the "Objection[1]", D.I. no. 21779) to the confirmation of the First Amended Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co., Et. Al., The Official Committee Of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, And The Official Committee Of Equity Security Holders Dated February 27, 2009 (D.I. 20872) (the "Plan"), and in support hereof, National Union respectfully states as follows:

## JOINDER

National Union, assignor of claim number 9553 (the "Claim 9553"), hereby joins in any other trial brief, to the extent such brief support the arguments made herein, including, as applicable, the trial brief of Longacre Master Fund LTD. and Longacre Capital Partner (Q.P.) L.P. ("Longacre").

## BACKGROUND

National Union asserts that it has no financial interest in the Claim 9553 and, regardless of the classification of the Claim 9553, National Union asserts that it should not be adversely affected. However, pursuant to paragraph 6 the Settlement and Mutual Release dated November 13, 2007 (the "Settlement Agreement," to be entered by National Union as a Trial Exhibit), National Union reserved, with Longacre's approval, the right to assert a further claim against the Debtors for additional amounts that were not assigned to Longacre.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection or Plan.

{00314397;v1}

This further claim was explicitly authorized in the Settlement Agreement. To the extent the Plan may be deemed to authorize such further claim to be classified as a Class 6 claim, the Plan is improper. Therefore, National Union joins in the reasons asserted by Longacre in its trial brief why a claim such as Claim 9553 may not be treated as a Class 6 claim, and further asserts the following, additional reasons below why claims such as Claim 9553 may not be classified in Class 6.

## OBJECTIONS

National Union adds or reiterates the following objections:

- Apart from their treatment under the Plan, each of the Class 6 tort claimants has the opportunity to look to multiple defendants to pay their respective damage claims. The Class 6 tort claimants can prosecute claims against many other (perhaps dozens) of defendants and collect a portion of their alleged loss from each of those defendants. It is potentially possible for any Class 6 claimant to be paid more than the full value of its injury. Since the Claim 9553 is purely contractual, the Plan is the only possible of recovery for the Claim 9553. This fact differentiates Claim 9553 from all other claims in Class 6.

- It is simply wrong – under the unique facts of this case – to classify claims such as Claim 9553 in a way that transfers any part of the value of that claim to the equity holders of Grace under the Plan. The debtor's apparent reason for such classification – that the Claim 9553 is recorded on its general ledger as an asbestos

{00314397;v1}3

liability – is clearly insufficient to meet any such standard, especially when equity is retaining value.

- Other claimants in Class 6 were represented by the *Official Committee of Asbestos Personal Injury Claimants* ("ACC"). The ACC never represented the interest of Claim 9553 or similar claims. The narrow focus of the ACC and its counsel is underscored by the name of the Committee itself, i.e. that of the Asbestos Personal Injury Claimants. The Plan defines the ACC as:

> **"Asbestos PI Committee"** shall mean the Official Committee of Asbestos Personal Injury Claimants appointed in the Chapter 11 Cases.

It is simply inequitable that a claim be relegated to Class 6, when the representatives of the Class 6 interest had no interest in representing this claim.

- Holders of Class 6 claims are provided with privacy for their claims, a benefit that would only be relevant to a bodily injury claimant. This is one more example of how claims such as Claim 9553 are dissimilar to the other Class 6 claims.

WHEREFORE, National Union respectfully requests that the Court deny confirmation of the Plan absent modification to address the improper classification of claims such as Claim 9553.

Dated:    July 13, 2009

Respectfully submitted,

ASHBY & GEDDES

By: _____
Ricardo Palacio (#3765)
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

- and -

ZEICHNER ELLMAN & KRAUSE LLP
Michael S. Davis
575 Lexington Avenue
New York, New York 10022
Telephone: (212) 233-0400
Facsimile: (212) 753-0396
E-mail: mdavis@zeklaw.com

Co-Counsel for National Union