# Addendum A

## Phase I Trial Exhibits

### Certain Insurers' Responses to Plan Proponents' Objections to Certain Insurers' Deposition Designations and Exhibits

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| Certain Insurers | 2 | Designated Excerpts from the Deposition Transcript of Richard Charles Finke, March 30, 2009 (D.I. 22161) (and certain exhibits thereto)<br><br>• Ex. 12 (SEC Form 8-K – W.R. Grace & Co., filed April 6, 2008)<br><br>• Tr. Pgs. 179-184 | Relevance: This deposition exhibit and related testimony are relevant evidence that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers.<br><br>Hearsay: This deposition exhibit is a party-opponent admission, and therefore not hearsay. See F.R.E. 801(d)(2).<br><br>Foundation: Mr. Finke's testimony is admissible because he is a corporate officer of Debtors. |
| | | • Ex. 13 (Debtors' Preliminary List of Witnesses That They Intend to Call During the Confirmation Hearing)<br><br>• Tr. Pgs. 4-6, 32, 164-169, 175-176, 184-187 | Relevance: This deposition exhibit and related testimony provide admissible background evidence regarding the scope of Mr. Finke's personal knowledge with respect to company information. See F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975).<br><br>Foundation: Mr. Finke's testimony is admissible because he is a corporate officer of Debtors. |
| | | • Ex. 15 (Debtors' Response to Government Employees Insurance Company and Columbia Insurance | Relevance, Best Evidence: These deposition exhibits and related testimony provide admissible background evidence regarding the scope of Mr. Finke's personal knowledge with respect to certain of the Debtors' responses to written discovery. *See* |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | - Company's Requests for Admission, Interrogatories and Requests for Production of Documents)<br>- Ex. 16 (Debtors' Response to OneBeacon America Insurance Company and Seaton Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents)<br>- Tr. Pgs. 189-196, 200-201 | F.R.E. 401 adv. comm. note; *Conway*, 525 F.2d at 930. Moreover, Finke (Mar. 30, 2009) Exhibit 15 is background evidence used to facilitate Mr. Finke's testimony regarding the intended operation of the Plan and Plan Documents, and is submitted in conjunction with designated portions of his testimony that reference the document. This deposition testimony is also relevant evidence that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers. Moreover, this deposition testimony is evidence regarding the role of various parties in the negotiation and drafting of the Plan and Plan Documents, and the absence of any such role for the Debtors' insurers.<br><br>Hearsay: These deposition exhibits and related testimony are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| | | - Tr. Pgs. 197-199 | Relevance: This Deposition testimony is relevant evidence of the Plan's ambiguity and intended operation with respect to the Insurers' rights under the Plan.<br><br>Best Evidence: This deposition testimony is not being offered to prove the contents of the writing, but is being offered to show the Plan's intended operation with respect to the Insurers' rights.<br><br>Foundation: Mr. Finke's testimony is admissible because he is a corporate officer of Debtors with personal knowledge of how the Plan is intended to operate. |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| Certain Insurers | 3 | Designated Excerpts from the Deposition Transcript of Richard Finke, May 13, 2009 (D.I. 22168) (and certain exhibits thereto)<br><br>• Ex. 1 (Notice of Deposition of Debtors Pursuant to Rule 30(b)(6))<br>• Ex. 2 (W.R. Grace/ Confirmation Hearing 30(b)(6) Deposition Notice – Witness Designations)<br><br>• Tr. Pgs. 11-21, 128-129 | Relevance, Foundation: These deposition exhibits and related testimony provide admissible background evidence regarding the scope of Mr. Finke's testimony in his capacity as the Debtors' Rule 30(b)(6) designee. *See* F.R.E. 401 adv. comm. note; *Conway*, 525 F.2d at 930. |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | • Ex. 3 (SEC Form 8-K – W.R. Grace & Co., filed April 6, 2008)<br><br>• Tr. Pgs. 23-28 | Relevance: This deposition exhibit is relevant evidence that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers. Moreover, this deposition exhibit is background evidence used to facilitate Mr. Finke's testimony regarding the role of various parties in the negotiation and drafting of the Plan and Plan Documents, and the absence of any such role for the Debtors' insurers, and is submitted in conjunction with designated portions of his testimony that reference the document.<br><br>Hearsay: This deposition exhibit is a party-opponent admission, and therefore not hearsay. See F.R.E. 801(d)(2).<br><br>Best Evidence: This deposition testimony is not being offered to prove the contents of the writing, but is being offered regarding the role of various parties in the negotiation and drafting of the Plan and Plan Documents, and the absence of any such role for the Debtors' insurers.<br><br>Foundation: Mr. Finke's testimony is admissible because he is a corporate officer of Debtors and was designated as a 30(b)(6) witness with relevant knowledge. |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | • Tr. Pgs. 13-14, 43-49, 54-58, 69-70, 75-91, 93-96, 116-118, 121-127, 131-132, 201, 289-294, 335, 337-340 | Relevance: This Deposition testimony is relevant evidence of the Plan's ambiguity and intended operation with respect to the Insurers' rights under the Plan.<br><br>Best Evidence: This deposition testimony is not being offered to prove the contents of the writing, but is being offered regarding the Plan's ambiguity and intended operation with respect to the Insurers' rights under the Plan.<br><br>Foundation: Mr. Finke's testimony is admissible because he is a corporate officer of Debtors and was designated as a 30(b)(6) witness with relevant knowledge. |
| | | • Tr. Pgs. 59-69 | Relevance: This deposition testimony relates to the TAC conflict of interest issue, which the Court has decided is a Phase II issue. The Insurers therefore ask the Court to reserve judgment on these designations until Phase II. |
| | | • Tr. Pgs. 38-39, 288-289 | Relevance: This deposition testimony is relevant evidence that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers.<br><br>Best Evidence: This deposition testimony is not being offered to prove the contents of the writing, but is being offered regarding the role of various parties in the negotiation and drafting of the Plan and Plan Documents, and the absence of any such role for the Debtors' insurers.<br><br>Foundation: Mr. Finke's testimony is admissible because he is a corporate officer of Debtors and was designated as a 30(b)(6) witness with relevant knowledge. |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| Certain Insurers | 4 | Designated Excerpts from the Deposition Transcript of Jay Hughes, June 11, 2009 (D.I. 22156) (and certain exhibits thereto) | |
| | | • Ex. 3 (Exhibit 4 to Exhibit Book – Trust Distribution Procedures) | Relevance (unclear if this is the most recent version): Certain Insurers represent that Hughes Exhibit 3 submitted with their deposition designations is the same exhibit used at deposition, as evidenced by the exhibit label affixed by the court reporter, and that it represents the most recent version of this document filed with the Court. Moreover, Certain Insurers note that Plan Proponents had the opportunity but voiced no objection to the authenticity of the exhibit at deposition. Regardless, per the Court's instructions, the exhibit submitted with the designated deposition testimony of Mr. Hughes omits all but the first page of the exhibit (upon which the exhibit label is affixed), referring instead to the most recent version of the TDP, filed with the Court as Exhibit 4 to the Exhibit Book (D.I. 20874), for the remainder of the exhibit. |
| | | • Ex. 11 (Correspondence from Kirkland & Ellis LLP, dated April 25, 2009 regarding Witness Designations) | Relevance: This deposition exhibit and related testimony provide admissible background evidence regarding the scope of Mr. Hughes's testimony in his capacity as the Debtors' Rule 30(b)(6) designee. *See* F.R.E. 401 adv. comm. note; *Conway*, 525 F.2d at 930.<br><br>Hearsay: This deposition exhibit is a party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| | | • Tr. Pgs. 13-17, 19, 296-314 | Relevance: This deposition testimony provides admissible background evidence regarding the scope of Mr. Hughes' personal knowledge with respect to company information. *See* F.R.E. 401 adv. comm. note; *Conway v. Chem. Leaman Tank Lines, Inc.*, 525 F.2d 927, 930 (5th Cir. 1975). |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | • Tr. Pgs. 28-30, 35-38, 57-58, 62-64, 66-67, 314-341, 346-354, 358-361, 378-388 | Relevance: This deposition testimony is relevant evidence of Grace's pre-bankruptcy settlement and vigorous defense of asbestos claims, which support the Insurers' contention that they did not waive, surrender, or forfeit their rights under their policies.<br><br>Best Evidence: This deposition testimony is not being offered to prove the contents of the writing, but is being offered regarding Mr. Hughes' knowledge of insurance policies in general, the existence of a particular policy, and whether insurers have waived, surrendered, or forfeited their rights under their policies.<br><br>Foundation: Mr. Hughes' testimony is admissible because he is a corporate officer of Debtors and was designated as a 30(b)(6) witness with relevant knowledge. |
| | | • Tr. Pgs. 132-133, 341-344, 354-357 | Relevance: This deposition testimony is relevant evidence that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers. Moreover, this deposition testimony relates to the role of Plan Proponents and other parties in the negotiation and drafting of the Plan and Plan Documents, and the absence of any such role for the Debtors' insurers. |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | • Tr. Pgs. 347-354, 479-483 | Relevance: This Deposition testimony is relevant evidence of the Plan's ambiguity and intended operation with respect to the Insurers' rights under the Plan.<br><br>Best Evidence: This deposition testimony is not being offered to prove the contents of the writing, but is being offered regarding Mr. Hughes' knowledge of whether the policies referenced in Exhibit 6 to the deposition are the same as those referenced on Exhibit 15 to the deposition. |
| Certain Insurers | 5 | Designated Excerpts from the Deposition Transcript of Elihu Inselbuch, June 12, 2009 (D.I. 22177) (and certain exhibits thereto) | |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | • Ex. 2 (SEC Form 8-K – W.R. Grace & Co., filed April 6, 2008)<br>• Tr. Pgs. 23-26, 190-196 | <u>Relevance</u>: This deposition exhibit is relevant evidence that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers. Moreover, this deposition exhibit is background evidence used to facilitate Mr. Inselbuch's testimony regarding the role of Plan Proponents and other parties in the negotiation and drafting of the Plan and Plan Documents, and the absence of any such role for the Debtors' insurers, and is submitted in conjunction with designated portions of his testimony that reference the document.<br><br><u>Hearsay</u>: This deposition exhibit is a party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2).<br><br><u>Best Evidence</u>: This deposition testimony is not being offered to prove the contents of the writing, but is offered in conjunction with Exhibit 2 to the deposition to show that that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers.<br><br><u>Foundation</u>: Mr. Inselbuch's testimony is admissible because he is lead counsel to the ACC and has personal knowledge relevant to the negotiation of the Plan and Plan documents. |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | • Ex. 2A (W.R. Grace & Co., et al. Term Sheet for Resolution of Asbestos Personal Injury Claims)<br><br>• Tr. Pgs. 23-26, 190-196 | Relevance: This deposition exhibit is relevant evidence that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers. Moreover, this deposition exhibit is background evidence used to facilitate Mr. Inselbuch's testimony regarding the role of Plan Proponents and other parties in the negotiation and drafting of the Plan and Plan Documents, and the absence of any such role for the Debtors' insurers, and is submitted in conjunction with designated portions of his testimony that reference the document.<br><br>Best Evidence: This deposition testimony is not being offered to prove the contents of the writing, but are offered in conjunction with Exhibit 2A to the deposition to show that that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers.<br><br>Foundation: Mr. Inselbuch's testimony is admissible because he is lead counsel to the ACC and has personal knowledge relevant to the negotiating of the Plan and Plan documents. |
| | | • Ex. 3 (Preliminary Expert Report on W.R. Grace Trust – Mark A. Peterson)<br><br>• Tr. Pgs. 20, 30-31 | Relevance: This deposition exhibit and testimony is background evidence used to facilitate Mr. Inselbuch's testimony regarding the role of various parties in the negotiation and drafting of the Plan and Plan Documents, including Mr. Peterson, and the absence of any such role for the Debtors' insurers, and is submitted in conjunction with designated portions of his testimony that reference the document and Mr. Peterson's role. See F.R.E. 401 adv. comm. note; Conway, 525 F.2d at 930. |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | • Ex. 4 (Exhibit 4 to Exhibit Book – Trust Distribution Procedures) (numbers scribbled on first page) | <u>Relevance</u> (unclear if this is the most recent version): Certain Insurers represent that Inselbuch Exhibit 4 submitted with their deposition designations is the same exhibit used at deposition, as evidenced by the exhibit label affixed by the court reporter, and that it represents the most recent version of this document filed with the Court. Moreover, Certain Insurers note that Plan Proponents had the opportunity but voiced no objection to the authenticity of the exhibit at deposition. Regardless, per the Court's instructions, the exhibit submitted with the designated deposition testimony of Mr. Inselbuch omits all but the first page of the exhibit (upon which the exhibit label is affixed), referring instead to the most recent version of the TDP, filed with the Court as Exhibit 4 to the Exhibit Book (D.I. 20874), for the remainder of the exhibit. |
| | | • Tr. Pgs. 20-23, 34-37, 196-203, 237-239, 248-249 | <u>Relevance</u>: This deposition testimony is relevant evidence that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers. Moreover, this deposition testimony is related to the role of the Plan Proponents and other parties in the negotiation and drafting of the Plan and Plan Documents, and the absence of any such role for the Debtors' insurers.<br><br><u>Best Evidence</u>: This deposition testimony is not being offered to prove the contents of the writing, but are offered to show that that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers.<br><br><u>Foundation</u>: Mr. Inselbuch's testimony is admissible because he is lead counsel to the ACC. |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | • Tr. Pgs. 105-106, 224-228, 235-236 | <u>Relevance</u>: This Deposition testimony is relevant evidence of the Plan's ambiguity and intended operation with respect to the Insurers' rights under the Plan.<br><br><u>Best Evidence</u>: This deposition testimony is not being offered to prove the contents of the writing, but is offered to show the Plan's intended operation and with respect to the Insurers' rights under the Plan.<br><br><u>Foundation</u>: Mr. Inselbuch's testimony is admissible because he is lead counsel to the ACC and has personal knowledge of the Plan and its intended operation. |
| | | • Tr. Pgs. 229-235 | <u>Relevance</u>: This deposition testimony relates to the TAC conflict of interest issue, which the Court has decided is a Phase II issue. The Insurers therefore ask the Court to reserve judgment on these designations until Phase II. |
| Certain Insurers | 6 | Designated Excerpts from the Deposition Transcript of Peter Van N. Lockwood, May 1, 2009 and May 4, 2009 (D.I. 22157) (and certain exhibits thereto)<br><br>• Ex. 1 (Amended Notice of Deposition of Asbestos PI Committee Pursuant to Rule 30(b)(6))<br><br>• Tr. Pgs. 12-15, 24-25 | <u>Relevance</u>: This deposition exhibit and related testimony provide admissible background evidence regarding the scope of Mr. Lockwood's testimony in his capacity as the ACC's Rule 30(b)(6) designee. *See* F.R.E. 401 adv. comm. note; *Conway*, 525 F.2d at 930. |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | • Ex. 2 (Objections of the Official Committee of Asbestos Personal Injury Claimants to Rule 30(b)(6) Notice of Deposition Served by Certain Plan Objectors)<br><br>• Tr. Pgs. 12-15, 24-25 | Relevance: This deposition exhibit and related testimony provide admissible background evidence regarding the scope of Mr. Lockwood's testimony in his capacity as the ACC's Rule 30(b)(6) designee. *See* F.R.E. 401 adv. comm. note; *Conway*, 525 F.2d at 930.<br><br>Hearsay: This deposition exhibit is a party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| | | • Ex. 3 (SEC Form 8-K – W.R. Grace & Co., filed April 6, 2008)<br><br>• Tr. Pgs. 15-19, 36-38, 370-372 | Relevance: This deposition exhibit is relevant evidence that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers. Moreover, this deposition exhibit is background evidence used to facilitate Mr. Lockwood's testimony regarding the role of Plan Proponents and other parties in the negotiation and drafting of the Plan and Plan Documents, and the absence of any such role for the Debtors' insurers, and is submitted in conjunction with designated portions of his testimony that reference the document.<br><br>Hearsay: This deposition exhibit is a party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2). |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | Ex. 6 (Exhibit 19 to Exhibit Book – Retained Causes of Action Schedule)<br><br>• Tr. Pgs. 83-89 | Relevance: This deposition exhibit is background evidence used to facilitate Mr. Finke's testimony regarding the intended operation of the Plan and Plan Documents, and is submitted in conjunction with designated portions of his testimony that reference the document. *See* F.R.E. 401 adv. comm. note; *Conway*, 525 F.2d at 930.<br><br>Best Evidence: This deposition testimony is not being offered to prove the contents of the writing, but is offered to show the Plan's intended operation and with respect to the Insurers' rights under the Plan. |
| | | Ex. 8 (Complaint for Declaratory and Other Relief)<br><br>• Tr. Pgs. 176-177 | Relevance: This deposition exhibit is relevant evidence that The Scotts Company is pursuing the Debtors' insurers – both settled and non-settled – for insurance coverage under insurance policies issued to Grace as a purported "vendor" of Grace's products. This exhibit, along with related deposition testimony, is evidence of the intended operation of the Plan and Plan Documents.<br><br>Best Evidence: This deposition testimony is not being offered to prove the contents of the writing, but is offered to show the Plan's intended operation and with respect to the Insurers' rights under the Plan.<br><br>Foundation: Mr. Lockwood's testimony is admissible because he is counsel to the ACC and was designated as a 30(b)(6) witness with relevant knowledge. |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | • Ex. 9 (Diagram) | Relevance, Authenticity, and Foundation: Certain Insurers' proffer of this deposition exhibit, included due to a passing reference to it in the designated portion of Mr. Lockwood's deposition testimony, is hereby withdrawn. This deposition exhibit is a demonstrative aid referenced primarily in portions of Mr. Lockwood's deposition testimony not designated for use in Phase I of the Confirmation Hearing. |
| | | • Tr. Pgs. 120-125, 196-209, 213-214, 221-225, 240-244, 603-604 | Relevance: This deposition testimony relates to the TAC conflict of interest issue, which the Court has decided is a Phase II issue. The Insurers therefore ask the Court to reserve judgment on these designations until Phase II. |
| | | • Tr. Pgs. 25-31, 51-63, 65-68, 103-110, 125-126, 129-130, 170-176, 213-214, 216-225, 230-233, 235-236, 248-253, 261-263, 321-324, 405-406, 565-566, 635 | Relevance: This Deposition testimony is relevant evidence of the Plan's ambiguity and intended operation with respect to the Insurers' rights under the Plan.<br><br>Best Evidence: This deposition testimony is not being offered to prove the contents of the writing, but is offered to show the Plan's intended operation and with respect to the Insurers' rights under the Plan. |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | • Tr. Pgs. 40-51, 225-230, 381-383, 637 | Relevance: This deposition testimony is relevant evidence that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers. Moreover, this deposition testimony is relevant to the role of Plan Proponents and other parties in the negotiation and drafting of the Plan and Plan Documents, and the absence of any such role for the Debtors' insurers.<br><br>Best Evidence: This deposition testimony is not being offered to prove the contents of the writing, but is offered to show the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers. |
| Certain Insurers | 7 | Designated Excerpts from the Deposition Transcript of Mark Peterson, June 9, 2009 (D.I. 22154) (and certain exhibits thereto)<br><br>• Ex. 2 (Excerpts of Preliminary Expert Report on W.R. Grace Trust by Mark A. Peterson, dated March 2009)<br><br>• Tr. Pgs. 12-13, 229-232 | Relevance: This deposition exhibit and related testimony provide admissible background evidence regarding Mr. Peterson's professional background, the scope of his personal knowledge, the parallel nature of his role in other asbestos bankruptcies, and preliminary facts related to the authenticity and relevance of Peterson Exhibits 6 and 7. *See* F.R.E. 401 adv. comm. note; *Conway*, 525 F.2d at 930.<br><br>Hearsay: This deposition exhibit is a party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2).<br><br>Authenticity: This deposition exhibit was authenticated by Mr. Peterson in his deposition testimony (Peterson Dep. at 12-13). *See* F.R.E. 901(a)&(b)(1). |
| | | • Ex. 6 (E-mail | Relevance: These deposition exhibits and testimony are relevant |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | correspondence from Mark Peterson to Steven Meyer, Michael Meyer, Mike Polk, Mike Sieben, Thomas Carey and Mark Peterson, dated November 12, 2004 Re: Mike Meyer's Questions)<br><br>• Ex. 7 (E-mail correspondence from Michael Polk to Steven Meyer, Michael Meyer, Mark Peterson, Tom Carey, Mike Polk and Mike Sieben Re: API Trust administration)<br><br>• Tr. Pgs. 233-241 | to show that the insurers have legitimate concerns about the need for clear and unambiguous insurance neutrality language in the Plan or Confirmation Order to preserve their rights, remedies, and coverage defenses.<br><br>Hearsay: These deposition exhibits are not hearsay, as they are offered to prove the fact that Mr. Peterson made the statements contained therein, not to prove the truth of matters asserted by him. *See* F.R.E. 801(c). Moreover, statements made by Mr. Peterson in these deposition exhibits constitute statements against interest. *See* F.R.E. 804(b)(3). Finally, statements made by Mr. Peterson in these deposition exhibits have circumstantial guarantees of trustworthiness equivalent to statements against interest or former testimony inasmuch as the e-mail messages were authenticated by Mr. Peterson at deposition, they corroborate one another, they were made in the context of private e-mail correspondence where Mr. Peterson had no motive to fabricate the statements made, and counsel for Plan Proponents had the opportunity and motive to further develop this information at deposition if they so desired. *See* F.R.E. 807. To the extent that the deposition exhibits contain statements by other individuals, those statements are included solely for the purpose of completeness of the documents, and are not relied upon by Certain Insurers.<br><br>Authenticity: These deposition exhibits were authenticated by Mr. Peterson in his deposition testimony (Peterson Dep. at 233-41). *See* F.R.E. 901(a)&(b)(1). |
| | | • Tr. Pgs. 197, 228-229 | Relevance: This deposition testimony is relevant evidence that the Plan and Plan Documents were negotiated and drafted without the consent or participation of the Debtors' insurers. Moreover, |

| Submitted By | Exhibit No. | Description | Plan Proponents' Objections and Certain Insurers' Responses |
|---|---|---|---|
| | | | this deposition testimony relevant to the role of Plan Proponents and other parties in the negotiation and drafting of the Plan and Plan Documents, and the absence of any such role for the Debtors' insurers. |
| Certain Insurers | 8 | Designated Excerpts from the Deposition Transcript of Jeffrey Posner, May 6, 2009 (D.I. 22154) (and certain exhibits thereto)<br><br>• Ex. 2 (Curriculum vitae of Jeffrey M. Posner)<br>• Ex. 3 (Affidavit Under 11 U.S.C. 327(e))<br><br>• Tr. Pgs. 14-21, 32-38, 265-266 | Relevance: These deposition exhibits and related testimony provide admissible background evidence regarding Mr. Posner's qualification to testify and the scope of his personal knowledge. See F.R.E. 401 adv. comm. note; Conway, 525 F.2d at 930.<br><br>Hearsay: These deposition exhibits are not hearsay, as they are not offered to prove the truth of the matters asserted within. See F.R.E. 801(c). Rather, they were used to facilitate Mr. Posner's testimony regarding his background and the scope of his personal knowledge, and are presently submitted in conjunction with designated portions of his testimony that reference these documents. |
| | | • Tr. Pgs. 41 | Relevance: This deposition testimony provides admissible background evidence regarding the scope of Mr. Posner's personal knowledge with respect to certain of the Debtors' responses to written discovery. See F.R.E. 401 adv. comm. note; Conway, 525 F.2d at 930. |
| | | • Tr. Pgs. 279-280, 296-297, 299-304 | Relevance: This deposition testimony is relevant evidence of Grace's pre-bankruptcy settlement and vigorous defense of asbestos claims, which support the Insurers' contention that they did not waive, surrender, or forfeit their rights under their policies. |