# Addendum B

**Phase I Trial Exhibits**

**Certain Insurers' Responses to Plan Proponents' Objections to All Other Exhibits**

| CNA | 1 | Debtors' Written Responses to CNA's Discovery Requests | |
|---|---|---|---|
| | | • Debtors' Responses to CNA's Requests for Admission Nos. 1, 2, 5, 6, 7, 9, 10 | Relevance: The Debtors' responses to CNA's Requests for Admission Nos. 1, 5, and 10 are relevant evidence that CNA has not waived, compromised, or surrendered its rights under the unsettled policies. The Debtors' responses to CNA's Requests for Admission Nos. 2, 6, and 7 are relevant evidence that CNA did not consent and were not invited to participate in the negotiation and drafting of the Plan and certain Plan Documents. The Debtors' response to CNA's Request for Admission No. 9 is relevant evidence that the Plan does not provide for any role by CNA in the investigation, defense and settlement of Asbestos PI Claims by the Asbestos PI Trust. These responses each support the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.

Hearsay: The Debtors' responses are party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2). |

| | | Debtors' Responses to CNA's Interrogatories Nos. 1, 3, 4, 5, 6, 10, 11, 12 | Relevance: The Debtors' response to Interrogatory Nos. 1, 3, 4, 5, 10, 11, and 12 are relevant evidence of the Plan's ambiguity and operation with respect to the Insurers' rights under the Plan. The Debtors' response to Interrogatory No. 6 is relevant evidence that CNA did not consent and were not invited to participate in the negotiation and drafting of the Plan and certain Plan Documents, and that CNA has not waived, compromised, or surrendered its rights under the unsettled policies. These responses each support the proposition that the Plan or better yet the Confirmation Order must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.<br><br>Hearsay: The Debtors' responses are party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| CNA | 2 | ACC's Written Responses to CNA's Discovery Requests | |

| | |
|---|---|
| • ACC's Responses to CNA's Requests for Admission Nos. 1, 2, 5, 6, 7, 9 | <u>Relevance:</u> The ACC's responses to CNA's Requests for Admission Nos. 1, and 5 are relevant evidence that CNA has not waived, compromised, or surrendered its rights under the unsettled policies. The ACC's responses to CNA's Requests for Admission Nos. 2, 6, and 7 are relevant evidence that CNA did not consent and were not invited to participate in the negotiation and drafting of the Plan and certain Plan Documents. The ACC's response to CNA's Request for Admission No. 9 is relevant evidence that the Plan does not provide for any role by CNA in the investigation, defense and settlement of Asbestos PI Claims by the Asbestos PI Trust. These responses each support the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.<br><br><u>Hearsay:</u> The ACC's responses are party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| • ACC's Responses to CNA's Interrogatories Nos. 1, 3, 4, 5, 9, 10, 11, 12 | <u>Relevance:</u> The ACC's response to Interrogatory Nos. 3, 4, 5, 9, 10, 11, and 12 are relevant evidence of the Plan's ambiguity and operation with respect to the Insurers' rights under the Plan. These responses each support the proposition that the Plan or better yet the Confirmation Order must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.<br><br><u>Hearsay:</u> The ACC's responses are party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2). |

| CNA | 3 | FCR's Written Responses to CNA's Discovery Requests | |
|---|---|---|---|
| | | • FCR's Responses to CNA's Requests for Admission Nos. 1, 2, 5, 6, 7, 9 | Relevance: The FCR's responses to CNA's Requests for Admission Nos. 1, and 5 are relevant evidence that CNA has not waived, compromised, or surrendered its rights under the unsettled policies. The FCR's responses to CNA's Requests for Admission Nos. 2, 6, and 7 are relevant evidence that CNA did not consent and were not invited to participate in the negotiation and drafting of the Plan and certain Plan Documents. The FCR's response to CNA's Request for Admission No. 9 is relevant evidence that the Plan does not provide for any role by CNA in the investigation, defense and settlement of Asbestos PI Claims by the Asbestos PI Trust. These responses each support the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan. <br><br> Hearsay: The FCR's responses are party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2). |

| | | | |
|---|---|---|---|
| | | • FCR's Responses to CNA's Interrogatories Nos. 1, 3, 4, 5, 9, 10, 11, 12 | Relevance: The FCR's response to Interrogatory Nos. 3, 4, 5, 9, 10, 11, and 12 are relevant evidence of the Plan's ambiguity and operation with respect to the Insurers' rights under the Plan. These responses each support the proposition that the Plan or better yet the Confirmation Order must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan. <br><br> Hearsay: The FCR's responses are party-opponent admission, and therefore not hearsay. See F.R.E. 801(d)(2). |
| Federal | 16 | November 18, 1997 Cover Letter from J. Posner to R. Lanes attaching Settlement Agreement between WR Grace and Federal Insurance Company | Relevance & Hearsay: This Trial Exhibit has already been ruled inadmissible by the Court, in response to Federal's proffer in open court on June 23, 2009 at Phase I of the Confirmation Hearing. No further response is necessary. |
| Federal | 17 | May 28, 2004 Letter from W. Shelley and J. Cohn to D. Bernick (Fed/Grace 00001 – Fed/Grace 00006) | Relevance, Hearsay, & Authenticity: This Trial Exhibit has already been ruled inadmissible by the Court, in response to Federal's proffer in open court on June 23, 2009 at Phase I of the Confirmation Hearing. No further response is necessary. |
| Federal | 18 | September 24, 2004 Letter from W. Shelley and J. Cohn to David Bernick (Fed/Grace 00007 – Fed/Grace 00008) | Relevance, Hearsay, & Authenticity: This Trial Exhibit has already been ruled inadmissible by the Court, in response to Federal's proffer in open court on June 23, 2009 at Phase I of the Confirmation Hearing. No further response is necessary. |
| Federal | 19 | February 21, 2006 Letter from W. Shelley and J. Cohn to Janet Baer (Fed/Grace 00014 – Fed/Grace 00015) | Relevance, Hearsay, & Authenticity: This Trial Exhibit has already been ruled inadmissible by the Court, in response to Federal's proffer in open court on June 23, 2009 at Phase I of the Confirmation Hearing. No further response is necessary. |
| Federal | 20 | April 25, 2008 Letter from W. Shelley and J. Cohn to Janet Baer (Fed/Grace 00016 – Fed/Grace 00017) | Relevance, Hearsay, & Authenticity: This Trial Exhibit has already been ruled inadmissible by the Court, in response to Federal's proffer in open court on June 23, 2009 at Phase I of the Confirmation Hearing. No further response is necessary. |

| Federal | 21 | Debtors, Official Committee of Asbestos Personal Injury Claimants, Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders' Joint response to Federal Insurance Company's First Set of Requests for Admission, First Set of Interrogatories, and First Set of Requests for Production of Documents | |
|---|---|---|---|
| | | • Plan Proponents' Responses to Requests for Admission Nos. 1, 2, 5, 6, 7, 9, 10, 11, 12 | Relevance: Plan Proponents' responses are relevant evidence that Federal has not breached any provision of the policies of insurance issued to Debtors by Federal, and that Federal did not consent to Debtors' settlement with the asbestos claimants. Hearsay: Plan Proponents' responses are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). Authenticity: This Trial Exhibit is a discovery response bearing the caption of this case, signed by counsel for the Plan Proponents, available to both Plan Proponents and Federal, and proffered in open court by counsel for Federal with personal knowledge that the document is what it is claimed to be. *See* F.R.E. 901(a)&(b)(4); F.R.E. 901(a)&(b)(1); *CDS v. IBM*, 262 F. Supp. 2d 50, 58-59 & n.3 (S.D.N.Y. 2003). |

| Fireman's Fund, Allianz | 33 | FFIC Proof of Claim, dated 3/27/2003, relating to Surety Bond (pages 3-4) | **Relevance:** This Trial Exhibit is relevant evidence that Fireman's Fund is a creditor, and therefore could be construed to be a "beneficiary" of the Asbestos PI Trust under Plan § 7.15(b), which could mistakenly be construed to take away from Fireman's Fund the insurance neutrality conferred upon it by § 7.15(a). **Hearsay:** This Trial Exhibit is not hearsay, as it is offered to prove the fact that Fireman's Fund has filed a proof of claim, making it a creditor, and not to prove the truth of the matter asserted therein. *See* F.R.E. 801(c). **Authenticity:** This Trial Exhibit is a public record, recorded or filed with, and obtained from, the court-appointed Claims Processing Agent for Bankruptcy Case No. 01-01139. *See* F.R.E. 901(b)(7). Moreover, the authenticity of this document is a fact not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to a source – the court-appointed Claims Processing Agent – whose accuracy cannot reasonably be questioned. *See* F.R.E. 201(b). **Foundation:** See responses to "Authenticity" and "Relevance" above. |
| Fireman's Fund, Allianz | 34 | Debtors' Objections and Responses to Certain Insurers' First Request for Admissions, (Revised) First Set of Interrogatories, and First Set of Requests for Documents | |

| | | | |
|---|---|---|---|
| | | • RFA Resp. Nos. 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 28, 29, 33, 34, 35, 88, 89, 90, 91, 92, 96 | Relevance: Debtors' responses are relevant evidence that FFIC/Allianz did not consent and were not invited to participate in the negotiation and drafting of the Plan and certain Plan Documents, that the Plan does not provide for any role by FFIC/Allianz in the investigation, defense and settlement of Asbestos PI Claims by the Asbestos PI Trust, that FFIC/Allianz were not consulted and did not consent to the selection of the proposed members of the TAC and proposed Trustees for the Asbestos PI Trust which in turn supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.<br><br>Hearsay: Debtors' responses are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| | | • Interrog. Resp. No. 21 | Relevance: Debtors' response is relevant to show that the FFIC/Allianz have legitimate concerns about the need for clear and unambiguous insurance neutrality language in the Plan or Confirmation Order to preserve their rights, remedies, and coverage defenses.<br><br>Hearsay: Debtors' response is a party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| Fireman's Fund, Allianz | 35 | FCR's Objections and Responses to Certain Insurers' First Request for Admissions, (Revised) First Set of Interrogatories, and First Set of Requests for Documents | |

| | | | |
|---|---|---|---|
| | | • RFA Resp. Nos. 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 28, 29, 33, 34, 35, 88, 89, 90, 91, 92, 96 | Relevance: The FCR's responses are relevant evidence that FFIC/Allianz did not consent and were not invited to participate in the negotiation and drafting of the Plan and certain Plan Documents, that the Plan does not provide for any role by FFIC/Allianz in the investigation, defense and settlement of Asbestos PI Claims by the Asbestos PI Trust, that FFIC/Allianz were not consulted and did not consent to the selection of the proposed members of the TAC and proposed Trustees for the Asbestos PI Trust which in turn supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan. <br><br> Hearsay: The FCR's responses are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| | | • Interrog. Resp. No. 21 | Relevance: The FCR's response is relevant to show that the FFIC/Allianz have legitimate concerns about the need for clear and unambiguous insurance neutrality language in the Plan or Confirmation Order to preserve their rights, remedies, and coverage defenses. <br><br> Hearsay: The FCR's response is a party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| Fireman's Fund, Allianz | 36 | ACC's Objections and Responses to Certain Insurers' First Request for Admissions, (Revised) First Set of Interrogatories, and First Set of Requests for Documents | |

| | | | |
|---|---|---|---|
| | | • RFA Resp. Nos. 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 28, 29, 33, 34, 35, 88, 89, 90, 91, 92, 96 | Relevance: The ACC's responses are relevant evidence that FFIC/Allianz did not consent and were not invited to participate in the negotiation and drafting of the Plan and certain Plan Documents, that the Plan does not provide for any role by FFIC/Allianz in the investigation, defense and settlement of Asbestos PI Claims by the Asbestos PI Trust, that FFIC/Allianz were not consulted and did not consent to the selection of the proposed members of the TAC and proposed Trustees for the Asbestos PI Trust which in turn supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.<br><br>Hearsay: The ACC's responses are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| | | • Interrog. Resp. No. 21 | Relevance: The ACC's response is relevant to show that the FFIC/Allianz have legitimate concerns about the need for clear and unambiguous insurance neutrality language in the Plan or Confirmation Order to preserve their rights, remedies, and coverage defenses.<br><br>Hearsay: The ACC's response is a party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| GEICO/ Republic/ Seaton | GRS-1 | Objections and Responses of the Official Committee of Asbestos Personal Injury Claimants to Discovery Requests Propounded by Government Employees Insurance Company and Columbia Insurance Company, dated March 6, 2009 | |

| | |
|---|---|
| • RFA Resp. Nos. 3, 4, 8, 9, 10, 12, 13, 14, 19, 20, 24, 25, 26, 28, 29, 30 <br> • Interrog. Resp. Nos. 1, 2 | Relevance: The ACC's responses are relevant evidence that GEICO and Republic did not consent and were not invited to participate in the negotiation and drafting of the Plan and certain Plan Documents, which in turn supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan. <br> Hearsay: The ACC's responses are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| • RFA Resp. Nos. 39, 40, 42 | Relevance: The ACC's responses are relevant evidence that GEICO and Republic were not consulted and did not consent to the selection of the proposed members of the TAC and proposed Trustees for the Asbestos PI Trust, which in turn supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan. <br> Hearsay: The ACC's responses are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). |

| | | | |
|---|---|---|---|
| | | • RFA Resp. Nos. 15, 31, 33, 34<br>• Interrog. Resp. No. 4 | Relevance: The ACC's responses are relevant evidence that the Plan does not provide for any role by GEICO or Republic in the investigation, defense and settlement of Asbestos PI Claims by the Asbestos PI Trust, which in turn supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.<br>Hearsay: The ACC's responses are party-opponent admissions, and therefore not hearsay. See F.R.E. 801(d)(2). |
| | | • RFA Resp. No. 41 | Relevance: The ACC's response relates to the TAC conflict of interest issue to the extent that that is a Phase I issue. It is relevant to establish that the TAC members, and their respective law firms, represent some, but not all, holders of current Asbestos PI Claims. That, in turn, is relevant to the conflict of interest they have by virtue of the separate fiduciary duties they owe to their clients, on the one hand, and the fiduciary duties they owe to all beneficiaries of the Asbestos PI Trust, including non-clients, on the other hand.<br>Hearsay: The ACC's response is a party-opponent admission, and therefore not hearsay. See F.R.E. 801(d)(2). |
| GEICO/<br>Republic/<br>Seaton | GRS-2 | Objections and Responses of the Official Committee of Asbestos Personal Injury Claimants to Discovery Requests Propounded by OneBeacon America Insurance Company and Seaton Insurance Company, dated March 6, 2009 | |

| | | | |
|---|---|---|---|
| | | • Interrog. Resp. No. 2 | Relevance: The ACC's response is relevant evidence of Plan Proponents' contention that residual coverage for Asbestos PI Claims remains available under Seaton Policy No. 1-2517, and therefore Seaton remains a purported insurer of Grace, as well as a creditor.<br><br>Hearsay: The ACC's response is a party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| | | • RFA Resp. Nos. 9, 10, 11, 12<br>• Interrog. Resp. Nos. 5, 8 | Relevance: The ACC's responses are relevant to show that Seaton could be construed to be included within the phrase "beneficiaries of the Asbestos PI Trust" as it appears in § 7.15(b) of the Plan and, therefore, that the "insurance neutrality" conferred on Seaton, as an alleged insurer, by § 7.15(a) could be mistakenly construed to be taken away by § 7.15(b).<br><br>Hearsay: The ACC's responses are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| GEICO/<br>Republic/<br>Seaton | GRS-3 | Asbestos PI Future Claimants' Representative's Response to Government Employees Insurance Company and Columbia Insurance Company's Request for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009 | |

| | | |
|---|---|---|
| | • RFA Resp. Nos. 3, 4, 8, 9, 10, 12, 13, 14, 19, 20, 24, 25, 26, 28, 29, 30<br>• Interrog. Resp. Nos. 1, 2 | Relevance: The FCR's responses are relevant evidence that GEICO and Republic did not consent and were not invited to participate in the negotiation and drafting of the Plan and certain Plan Documents, which in turn supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.<br>Hearsay: The FCR's responses are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| | • RFA Resp. Nos. 39, 40, 42 | Relevance: The FCR's responses are relevant evidence that GEICO and Republic were not consulted and did not consent to the selection of the proposed members of the TAC and proposed Trustees for the Asbestos PI Trust, which in turn supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.<br>Hearsay: The FCR's responses are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). |

| | | | |
|---|---|---|---|
| | | • RFA Resp. Nos. 15, 31, 33, 34<br>• Interrog. Resp. No. 4 | Relevance: The FCR's responses are relevant evidence that the Plan does not provide for any role by GEICO or Republic in the investigation, defense and settlement of Asbestos PI Claims by the Asbestos PI Trust, which in turn supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.<br>Hearsay: The FCR's responses are party-opponent admissions, and therefore not hearsay.  See F.R.E. 801(d)(2). |
| | | • RFA Resp. No. 41 | Relevance: The FCR's response relates to the TAC conflict of interest issue to the extent that that is a Phase I issue.  It is relevant to establish that the TAC members, and their respective law firms, represent some, but not all, holders of current Asbestos PI Claims.  That, in turn, is relevant to the conflict of interest they have by virtue of the separate fiduciary duties they owe to their clients, on the one hand, and the fiduciary duties they owe to all beneficiaries of the Asbestos PI Trust, including non-clients, on the other hand.<br>Hearsay: The FCR's response is a party-opponent admission, and therefore not hearsay.  See F.R.E. 801(d)(2). |
| GEICO/<br>Republic/<br>Seaton | GRS-4 | Asbestos PI Future Claimants' Representative's Response to OneBeacon America Insurance Company and Seaton Insurance Company's Request for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009 | |

| | | | |
|---|---|---|---|
| | | • Interrog. Resp. No. 2 | Relevance: The FCR's response is relevant evidence of Plan Proponents' contention that residual coverage for Asbestos PI Claims remains available under Seaton Policy No. 1-2517, and therefore Seaton remains a purported insurer of Grace, as well as a creditor.<br><br>Hearsay: The FCR's response is a party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| | | • RFA Resp. Nos. 9, 10, 11, 12<br>• Interrog. Resp. Nos. 5, 8 | Relevance: The FCR's responses are relevant to show that Seaton could be construed to be included within the phrase "beneficiaries of the Asbestos PI Trust" as it appears in § 7.15(b) of the Plan and, therefore, that the "insurance neutrality" conferred on Seaton, as an alleged insurer, by § 7.15(a) could be mistakenly construed to be taken away by § 7.15(b).<br><br>Hearsay: The FCR's responses are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| GEICO/ Republic/ Seaton | GRS-5 | Debtors' Response to Government Employees Insurance Company and Columbia Insurance Company's Request for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009<br>• RFA Resp. Nos. 1, 17<br>• Interrog. Resp. No. 3 | Relevance: Debtors' responses are relevant evidence that GEICO and Republic have not breached any provision of the policies of insurance issued to Debtors by GEICO or Republic.<br><br>Hearsay: Debtors' responses are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). |

| | |
|---|---|
| • RFA Resp. Nos. 3, 4, 8, 9, 10, 12, 13, 14, 19, 20, 24, 25, 26, 28, 29, 30<br>• Interrog. Resp. Nos. 1, 2 | Relevance: Debtors' responses are relevant evidence that GEICO and Republic did not consent and were not invited to participate in the negotiation and drafting of the Plan and certain Plan Documents, which in turn supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.<br><br>Hearsay: Debtors' responses are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| • RFA Resp. Nos. 39, 40, 42 | Relevance: Debtors' responses are relevant evidence that GEICO and Republic were not consulted and did not consent to the selection of the proposed members of the TAC and proposed Trustees for the Asbestos PI Trust, which in turn supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.<br><br>Hearsay: Debtors' responses are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). |

| | | | |
|---|---|---|---|
| | | • RFA Resp. Nos. 15, 31, 33, 34<br>• Interrog. Resp. No. 4 | Relevance: Debtors' responses are relevant evidence that the Plan does not provide for any role by GEICO or Republic in the investigation, defense and settlement of Asbestos PI Claims by the Asbestos PI Trust, which in turn supports the proposition that the Plan, or better yet the Confirmation Order, must have broad and unambiguous insurance neutrality language to preserve the rights, remedies, and coverage defenses of the insurers, in default of which the insurers should have broad standing in Phase II to object to confirmation of the Plan.<br>Hearsay: Debtors' responses are party-opponent admissions, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| | | • RFA Resp. No. 41 | Relevance: Debtors' response relates to the TAC conflict of interest issue to the extent that that is a Phase I issue. It is relevant to establish that the TAC members, and their respective law firms, represent some, but not all, holders of current Asbestos PI Claims. That, in turn, is relevant to the conflict of interest they have by virtue of the separate fiduciary duties they owe to their clients, on the one hand, and the fiduciary duties they owe to all beneficiaries of the Asbestos PI Trust, including non-clients, on the other hand.<br>Hearsay: Debtors' response is a party-opponent admission, and therefore not hearsay. *See* F.R.E. 801(d)(2). |
| GEICO/<br>Republic/<br>Seaton | GRS-6 | Debtors' Response to OneBeacon America Insurance Company and Seaton Insurance Company's Request for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009 | |

| | | | |
|---|---|---|---|
| | | • Interrog. Resp. No. 2 | Relevance:  Debtors' response is relevant evidence of Plan Proponents' contention that residual coverage for Asbestos PI Claims remains available under Seaton Policy No. 1-2517, and therefore Seaton remains a purported insurer of Grace, as well as a creditor.<br>Hearsay:  Debtors' response is a party-opponent admission, and therefore not hearsay.  *See* F.R.E. 801(d)(2). |
| | | • RFA Resp. Nos. 9, 10, 11, 12<br>• Interrog. Resp. Nos. 5, 8 | Relevance:  Debtors' responses are relevant to show that Seaton could be construed to be included within the phrase "beneficiaries of the Asbestos PI Trust" as it appears in § 7.15(b) of the Plan and, therefore, that the "insurance neutrality" conferred on Seaton, as an alleged insurer, by § 7.15(a) could be mistakenly construed to be taken away by § 7.15(b).<br>Hearsay:  Debtors' responses are party-opponent admissions, and therefore not hearsay.  *See* F.R.E. 801(d)(2). |
| GEICO/ Republic/ Seaton | GRS-17 | Complaint for Declaratory and Other Relief, *The Scotts Company v. American Employers' Ins. Co., et al.,* Adv. No. 04-55083, dated September 2, 2004 | Relevance:  This Trial Exhibit is relevant evidence that The Scotts Company is pursuing the Debtors' insurers – both settled and non-settled – for insurance coverage under insurance policies issued to Grace as a purported "vendor" of Grace's products.<br>Hearsay:  This Trial Exhibit is not hearsay, as it is offered to prove the fact of The Scott's Company's *assertion*, and not to prove the truth of the matter asserted.  *See* F.R.E. 801(c). |

| GEICO/ Republic/ Seaton | GRS-18 | Objections of BNSF Railway Company to Confirmation of the First Amended Chapter 11 Plan of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 3, 2009 (D.I. 21769), dated May 20, 2009 (and Exhibits thereto) <br><br> • Ex. A – Correspondence to James Kennedy from J.L. Toot, dated May 8, 1961 <br> • Ex. B – Endorsement between Royal Indemnity Company and Zonolite Company, dated March 31, 1954 <br> • Ex. C – Endorsement between Royal Indemnity Company and Zonolite Company, dated April 1, 1962 | Relevance:  This Trial Exhibit is relevant evidence that BNSF Railway Company has contemplated pursuing the Debtors' insurers – both settled and non-settled – for insurance coverage under insurance policies issued to Grace as a purported named or additional insured under those policies.  In particular, the Court's attention is directed to Paragraph 24 of the Trial Exhibit. <br><br> Hearsay:  This Trial Exhibit is not hearsay, as it is offered to prove the fact of BNSF Railway Company's *assertion*, and not to prove the truth of the matter asserted.  *See* F.R.E. 801(c). <br><br> Relevance:  These exhibits to the BNSF Objection are included for the purpose of completeness of the document.  Certain Insurers do not contend that these exhibits, considered separately, possess any special relevance, nor do they pose any threat of prejudice or confusion.  Certain Insurers are amenable to submission of this Trial Exhibit without the attached exhibits, if Plan Proponents so desire. <br><br> Hearsay:  This Trial Exhibit is not hearsay, as it is offered to prove the fact of BNSF Railway Company's *assertion*, and not to prove the truth of the matters asserted in any of the exhibits thereto.  *See* F.R.E. 801(c). |
| GEICO/ Republic/ Seaton | GRS-19 | Objection of The Scotts Company LLC to Confirmation of First Amended Joint Plan of Reorganization (D.I. 20872), dated May 20, 2009 (and Exhibits thereto) | Relevance:  This Trial Exhibit is relevant evidence that The Scotts Company is pursuing the Debtors' insurers – both settled and non-settled – for insurance coverage under insurance policies issued to Grace as a purported "vendor" of Grace's products. <br><br> Hearsay:  This Trial Exhibit is not hearsay, as it is offered to prove the fact of The Scotts Company's *assertion*, and not to prove the truth of the matter asserted.  *See* F.R.E. 801(c). |
| GEICO/ Republic/ Seaton | GRS-20 | Proof of Claim No. 15531, filed by Seaton Insurance Company | Relevance:  This Trial Exhibit is relevant evidence that Seaton is a creditor, and therefore could be construed to be a "beneficiary" of the Asbestos PI Trust under Plan § 7.15(b), which could mistakenly be construed to take away from Seaton the |

| | | | |
|---|---|---|---|
| | | | insurance neutrality conferred upon it by § 7.15(a). <br><br> Hearsay: This Trial Exhibit is not hearsay, as it is offered to prove the fact that Seaton has filed a proof of claim, making it a creditor, and not to prove the truth of the matter asserted therein. *See* F.R.E. 801(c). <br><br> Authenticity: This Trial Exhibit is a public record, recorded or filed with, and obtained from, the court-appointed Claims Processing Agent for Bankruptcy Case No. 01-01139. *See* F.R.E. 901(b)(7). *See also* D.I. 1097. Moreover, the filing of this proof of claim with the Claims Processing Agent has been acknowledged previously by the Debtors and by the Court in documents of record in this case. *See* D.I. 9482, 9519. Finally, the authenticity of this document is a fact not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to a source – the court-appointed Claims Processing Agent – whose accuracy cannot reasonably be questioned. *See* F.R.E. 201(b). <br><br> Foundation: See responses to "Authenticity" and "Relevance" above. |
| GEICO/ Republic/ Seaton | GRS-21 | Class 6 Asbestos PI Claims (Indirect PI Trust Claims) Ballot Provided to Seaton Insurance Company | Relevance: This Trial Exhibit is relevant evidence that Seaton is a creditor, and therefore could be construed to be a "beneficiary" of the Asbestos PI Trust under Plan § 7.15(b), which could mistakenly be construed to take away from Seaton the insurance neutrality conferred by § 7.15(a). <br><br> Hearsay: This Trial Exhibit is not hearsay, as it is offered to prove the fact that Seaton is the possessor of a Class 6 Asbestos PI Claim (an Indirect PI Trust Claim), making it a creditor, and not to prove the truth of the matter asserted therein. *See* F.R.E. 801(c). <br><br> Authenticity: This Trial Exhibit is a public record, received from the court-appointed Claims Consultant for Bankruptcy Case No. 01-01139. *See* F.R.E. 901(b)(7); *see also* D.I. 1933. In the alternative, the authenticity of this ballot is evidence by its |

| | | | |
|---|---|---|---|
| | | | appearance, contents, substance, and other distinctive characteristics, including but not limited to the presence of a Kirkland & Ellis document number, taken in conjunction with circumstances, including but not limited to the fact that Seaton has filed a proof of claim, the filing of which has been acknowledged previously by the Debtors and by the Court. *See* D.I. 9482, 9519. Moreover, the authenticity of this document is a fact not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to a source – the court-appointed Claims Consultant – whose accuracy cannot reasonably be questioned. *See* F.R.E. 201(b). |
| Insurers' Combined | I-12 | Supplemental Verified Statement in Connection with the Representation of Creditors as Required by Fed. R. Bankr. P. Rule 2019 by Cooney and Conway | Relevance: Trial Exhibits I-12, I-13, I-14 and I-15 relate to the TAC conflict of interest issue to the extent that is a Phase I issue. Together with the attached client lists/CDs submitted *in camera*, the existence and contents of which Certain Insurers have requested that the Court take judicial notice, these Trial Exhibits are relevant to establish that the TAC members, and their respective law firms, represent some, but not all, holders of current Asbestos PI Claims. That, in turn, is relevant to the conflict of interest they have by virtue of the separate fiduciary duties they owe to their clients, on the one hand, and the fiduciary duties they owe to all beneficiaries of the Asbestos PI Trust, including non-clients, on the other hand. |
| Insurers' Combined | I-13 | Notice of Filing Amended Statement Under Bankruptcy Rule 2019 by Baron & Budd, P.C. | |
| Insurers' Combined | I-14 | Third Amended Verified Statement in Connection with the Representation of Creditors as Required by F.R.B.P. Rule 2019 by Weitz & Luxenberg | |
| Insurers' Combined | I-15 | Eleventh Amended Verified Statement Pursuant to Fed. R. Bankr. P. 2019 Filed by Motley Rice LLC | |
| Zurich | 16 | Phase I Hearing Declaration of Michael Buresh | Relevance: This Trial Exhibit is relevant evidence that the attached policies of insurance are authentic. Hearsay: This Trial Exhibit is a declaration regarding the authenticity of the attached insurance policies, submitted in lieu of live testimony to the same effect, *pursuant to this Court's instructions*. Accordingly, this document is admissible hearsay. *See* F.R.E. 807, 901(a). |