# Addendum C

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                              . Case No. 00-22876 (JKF)
                                    .
                                    .
    PITTSBURGH CORNING               .
    CORPORATION,                    . 5414 USX Tower Building
                                    . Pittsburgh, PA 15222
              Debtor,               .
                                    . February 19, 2004
. . . . . . . . . . . . . . . . . 9:32 a.m.

                TRANSCRIPT OF MOTION HEARING
         BEFORE HONORABLE JUDITH K. FITZGERALD
         UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:              Reed Smith LLP
                             By:   DAVID ZIEGLER, ESQ.
                                   JAMES RESTIVO, ESQ.
                                   DOUG CAMERON, ESQ.
                             435 Sixth Avenue
                             Pittsburgh, PA 15219

For the Futures Rep:         Meyer, Unkovic & Scott LLP
                             By:   JOEL HELMRICH, ESQ.
                             1300 Oliver Building
                             Pittsburgh, Pennsylvania 15222

                             Young, Conaway, Stargatt & Taylor
                             By:   EDWARD HARRON, ESQ.
                             1000 West Street, 17th floor
                             Wilmington, DE 19801

Audio Operator:              Janet Kozloski

Proceedings recorded by electronic sound recording, transcript
                produced by transcription service.

                J&J COURT TRANSCRIBERS, INC.
                    268 Evergreen Avenue
                Hamilton, New Jersey 08619
                E-Mail:   jjcourt@optonline.net

           (609) 586-2311   Fax No.   (609) 587-3599

1            THE COURT:   All right.   No discovery.

2            MR. FINCH:   Well, we have other -- to the extent that

3  they ask Mr. -- just to give you an idea of the flavor, what's

4  coming down the pike, the circumstances and substance of all

5  communications between you and any person asserting asbestos

6  personal injury claim or their counsel, ever.   I mean, that

7  clearly calls for privileged information.   I'm just going to

8  sit besides Mr. Rice and he's going to refuse to answer those

9  questions.

10            THE COURT:   I would think he should.

11            MR. FINCH:   And I'm going to --

12            MR. GREENSTEIN:   We're not asking for that, Your

13  Honor.

14            MR. FINCH:   Well, you did in your topics.   How am I

15  supposed to --

16            MR. GREENSTEIN:   It was a typographical error,

17  something pulled over from another deposition notice, we're

18  withdrawing that.

19            MR. FINCH:   I think the Court has already ruled about

20  the discovery into the drafting negotiating -- drafts of the

21  plan, negotiations of the plan, settlement discussions --

22            THE COURT:   I have.

23            MR. FINCH:   The one I'm not clear on is the intended

24  effect of the plan.   I mean, not to harp on a dead horse, but

25  what the plan is, is a document, it's a proposed plan of

**J&J COURT TRANSCRIBERS, INC.**

1 reorganization the Court would either confirm or not confirm.

2        THE COURT:  Yes, it's a contract between the parties

3 and I think they've got the right to figure out because it's

4 going to be a matter of evidence, what the parties expect this

5 contract to be.  Yes, it is a written document, but it's

6 customary in plan confirmation hearings that are contested to

7 have parties explain the provisions in the plan and what their

8 intended consequences are and I don't see anything improper

9 about that discovery.

10        MR. FINCH:  Even if we're not intending to offer

11 evidence from someone who will come in and testify about what

12 the -- some of these plan provisions they're talking about,

13 they're asking hypothetical questions about -- in their motion

14 on Page 7, they have a list of questions about how is the plan

15 going to work, vis-a-vis, the trust, how are the trustees going

16 to access the coverage, I mean those are things that I don't

17 know how any fact witness can sit there and say what the trust

18 is going to do two years from now or a year from now.

19        THE COURT:  It probably can't, so you'll object if

20 that question is raised and if they say they should have a

21 motion to compel, probably that objection is going to be

22 sustained because you don't even know who the trustees are

23 actually going to be, they're not appointed yet.

24        MR. FINCH:  I mean that's my basic point.  So, I

25 guess what we'll have to do is, if and when they notice the

**J&J COURT TRANSCRIBERS, INC.**

124

1  about.

2          MR. RESTIVO:  Sure.

3          THE COURT:  So, I'm going to want to know what the
4  parties intend and there's going to be a record that will tell
5  me what the parties intend.  So, let's produce the witnesses
6  and get it out on the record and do it now.

7          MR. RESTIVO:  My request to Lumbermen's will be that
8  if, and I don't think they should be allowed to ask the
9  questions, I'll address that in a moment, but if they're
10  allowed to ask the questions, makes eminent good sense to start
11  with Corning first and ask them, rather than the Debtor because
12  --

13          THE COURT:  Start with Corning on the Corning
14  injunction, start with PPG if there is an issue with respect to
15  PPG injunction, start with the Debtor on Debtor injunctions.

16          MR. BROWN:  Your Honor, if I could just address that.
17  Corning is not a proponent of this plan and part of the problem
18  is, given the discovery schedule that we have, is that if we
19  have the ACC's depositions next week, and we have Corning's the
20  week after, I won't have an opportunity to go back and ask the
21  ACC to come before this Court in May and to tell you that the
22  very plan that they're asking you to confirm, they don't even
23  understand or can't agree on.

24          THE COURT:  Whether they can agree or not, there are
25  going to be findings that this Court will be asked to make and

**J&J COURT TRANSCRIBERS, INC.**

1 when the Court makes findings about what the plan means, that's
2 going to be what the plan means. So, to the extent that the
3 parties are going to advocate some meaning, I think you're
4 entitled to know what that is.

5         MR. BROWN: Your Honor, on that point, there's a
6 point that I want to raise and we keep getting back to what the
7 Debtor and the proponents are going to present in the
8 confirmation hearing and that only really addresses part of the
9 problem. There's an awful lot of the provisions in this plan
10 that they're not going to address and with good reason. They
11 don't really want this Court or anyone else, to know how these
12 provisions are going to operate, but we do, because it's all
13 one plan and it's all going to be confirmed. We are just as
14 concerned about the provisions that they're not going to put
15 testimony on, as those that they are going to put testimony on.

16         And so, we can't define the scope of discovery by
17 what they intend to do when they don't intend to address every
18 provision of this plan.

19         THE COURT: Look, the non-participating insurers have
20 a very limited role and very limited standing in this dispute.
21 Very limited. Do you have some, yes, you do, but it is very
22 limited. Don't make it more than it is.

23         MR. BROWN: I'm not trying to, Your Honor. Actually,
24 my earlier statements regarding the assignment issue and
25 avoiding the assignment issue are designed to take a lot of

**J&J COURT TRANSCRIBERS, INC.**