# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

_____X

In Re:                                    Chapter 11


                                          Case No.

                                          01-01139 JKF

W.R. Grace & Co., et al.,


                                          (Jointly

             Debtors.                     Administered)

_____X


                * * * CONFIDENTIAL * * *

                   —    —    —

                   May 13, 2009

                   —    —    —

        DEPOSITION of RICHARD FINKE, held
at the offices of Kirkland & Ellis, 655
Fifteenth Street, N.W., Washington, DC,
commencing at 9:32 A.M., on the above
date, before Lisa Lynch, a Registered
Merit Reporter, New Jersey Certified Court
Reporter, License No. XI00825, and
Certified Realtime Reporter

                   —    —    —

        MAGNA LEGAL SERVICES, LLP

        7 Penn Center, 8th Floor

           1635 Market Street

          Philadelphia, PA   19103

```
 1   A P P E A R A N C E S:
 2

     DRINKER BIDDLE & REATH, LLP
 3   BY:   MICHAEL F. BROWN, ESQUIRE
     One Logan Square
 4   18th and Cherry Streets
     Philadelphia, Pennsylvania 19103-6996
 5   (brownmf@dbr.com)
     Representing OneBeacon America Insurance
 6   Company, Seaton Insurance Company,
     Government Employees Insurance Company,
 7   Columbia Insurance Company f/k/a Republic
     Insurance Company
 8
 9   CAPLIN & DRYSDALE, CHARTERED
     BY:   JEFFREY A. LIESEMER, ESQUIRE
10   One Thomas Circle NW
     Suite 1100
11   Washington, DD 20005
     202.862.7801
12   (jal@capdale.com)
     Representing Grace, Official Committee of
13   Asbestos Personal Injury Claimants ("ACC")
14
     KIRKLAND & ELLIS, LP
15   BY:   BARBARA M. HARDING, ESQUIRE
             THEODORE L. FREEDMAN, ESQUIRE
16   655 Fifteenth Street, N.W.
     Washington, DC  20005-5793
17   202.879.5081
     (barbara.harding@kirkland.com)
18   (tfreedman@kirkland.com)
     Representing the Debtors
19
20   THE LAW OFFICES OF JANET S. BAER, P.C.
     BY:   JANET S. BAER, ESQUIRE
21   70 West Madison Street
     Suite 2100
22   Chicago, Illinois 60602
     jbaer@jsbpc.com
23   Representing W.R. Grace
24
```

```
 1   A P P E A R A N C E S: (continued)
 2   SIMPSON THACHER & BARTLETT, LLP
     BY:  ELISA ALCABES, ESQUIRE
 3   425 Lexington Avenue
     New York, New York 10017-3954
 4   212.455.2846
     (ealcabes@stblaw.com)
 5   Representing Travelers Casualty and Surety
     Company
 6
 7   VORYS, SATER, SEYMOUR AND PEASE, LLP
     BY:  WILLIAM J. POHLMAN, ESQUIRE*
 8        PHILIP DOWNEY, ESQUIRE*
     (*VIA TELECONFERENCE)
 9   52 East Gay Street
     Columbus, Ohio 43215
10   614.464.8349
     (wjpohlman@vorys.com)
11   Representing The Scotts Company, LLC
12
     LEWIS, SLOVAK & KOVACICH, PC
13   BY:  TOM L. LEWIS, ESQUIRE
     P.O. Box 2325
14   723 Third Avenue
     Great Falls, Montana 59403
15   406.761.5595
     tom@lsklaw.net
16   Representing the Libby Claimants
17
     SPEIGHTS & RUNYAN
18   BY:  DANIEL H. SPEIGHTS, ESQUIRE*
     (*VIA TELECONFERENCE)
19   200 Jackson Avenue East
     P.O. Box 685
20   Hampton, South Carolina 29924
     803.943.4444
21   (dspeights@speightsrunyan.com)
     Representing Anderson Memorial Hospital
22
23
24
```

```
 1    A P P E A R A N C E S:(continued)
 2   MENDES & MOUNT, LLP
     BY:  ALEXANDER MUELLER, ESQUIRE
 3   750 Seventh Avenue
     New York, New York 10019
 4   212.261.8296
     (alexander.mueller@mendes.com)
 5   Representing London Market Companies
 6
     FORD MARRIN ESPOSITO & WITNEYER & GLESER
 7   BY:  ELIZABETH M. DeCRISTOFARO, ESQUIRE*
     (*VIA TELECONFERENCE)
 8   Wall Street Plaza
     New York, New York 10005-1875
 9   212.269.4900
     Representing Continental Casualty Company
10   and Continental Insurance Company
11
     BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
12   BY:  MATTHEW I. KRAMER, ESQUIRE*
     (*VIA TELECONFERENCE)
13   200 South Biscayne Boulevard
     Suite 2500
14   Miami, Florida 33131-5340
     305.450.7246
15   (mkramer@bilzin.com)
     Representing Property Damage Committee
16
17   STROOCK & STROOCK & LAVAN, LLP
     BY:  ARLENE G. KRIEGER, ESQUIRE*
18        LEWIS KRUGER, ESQUIRE*
     (*VIA TELECONFERENCE)
19   180 Maiden Lane
     New York, New York 10038-4982
20   212.806.5400
     (akrieger@stroock.com)
21   Representing Official Committee of
     Unsecured Creditors
22
23
24
```

```
 1   A P P E A R A N C E S: (continued)
 2

     CROWELL & MORING, LLP
 3   BY:   MARK D. PLEVIN, ESQUIRE
           NOAH S. BLOOMBERG, ESQUIRE
 4   1001 Pennsylvania Avenue, N.W.
     Washington, DC 20004-2595
 5   202.624.2913
     (mplevin@crowell.com)
 6   (nbloomberg@crowell.com)
     Representing Fireman's Fund Insurance
 7   (Surety Bond)
 8

     STEVENS & LEE, P.C.
 9   BY: MARNIE E. SIMON, ESQUIRE
     1818 Market Street, 29th Floor
10   Philadelphia, Pennsylvania 19103-1702
     215.751.2885
11   (mes@stevenslee.com)
     Representing Fireman's Fund Insurance
12
13   LAW OFFICES OF ALAN B. RICH
     BY:   ALAN B. RICH, ESQUIRE
14   Elm Place, Suite 4620
     1401 Elm Street
15   Dallas, Texas 75202
     214.744.5100
16   (arich@alanrichlaw.com)
     Representing Property Damage PCR
17
18   CONNOLLY BOVE LODGE & HUTZ, LLP
     BY:   JEFFREY C. WISLER, ESQUIRE
19   The Nemours Building
     1007 North Orange Street
20   P.O. Box 2207
     Wilmington, Delaware 19899
21   302.888.6528
     (jwisler@cblh.com)
22   Representing Maryland Casualty
23
24
```

```
 1    A P P E A R A N C E S: (continued)
 2    ECKERT SEAMANS CHERIN & MELLOTT, LLC
      BY:  EDWARD J. LONGOSZ, II, ESQUIRE
 3    1747 Pennsylvania Avenue, N.W.
      12th Floor
 4    Washington, DC 20006
      202.659.6619
 5    (elongosz@eckertseamans.com)
      Representing Maryland Casualty and Zurich
 6
 7    WILEY REIN, LLP
      BY:  RICHARD A. IFFT, ESQUIRE
 8    1776 K Street NW
      Washington, DC 20006
 9    202.719.7170
      (rifft@wileyrein.com)
10    Representing Maryland Casualty and Zurich
11
      COZEN O'CONNOR
12    BY:  JACOB C. COHN, ESQUIRE
      1900 Market Street
13    Philadelphia, Pennsylvania 19103-3508
      215.665.2147
14    (jcohn@cozen.com)
      Representing Federal Insurance Company
15
16    ORRICK HERRINGTON & SUTCLIFFE, LLP
      BY:  PERI N. MAHALEY, ESQUIRE
17    Columbia Center
      1152 15th Street, N.W.
18    Washington, DC 20005-1706
      202.339.8516
19    (pmahaley@orrick.com)
      Representing PI Future Claimants'
20    Representative
21
      CUYLER BURK, P.C.
22    BY:  ANDREW CRAIG, ESQUIRE
      4 Century Drive
23    Parsippany, New Jersey 07054
      973.734.3200
24    (acraig@cuyler.com)
```

```
 1    A P P E A R A N C E S:  (continued)
 2    O'MELVENY & MEYERS LLP
      BY:   TANCRED SCHIAVONI, ESQUIRE*
 3    (*VIA TELEPHONE)
      7 Times Square
 4    New York, New York 10036
      212.326.2267
 5    (tschiavoni@omm.com)
      Representing Arrowood Indemnity Company
 6
 7    WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
      BY:   KEVIN J. MANGAN, ESQUIRE*
 8    (*VIA TELECONFERENCE)
      222 Delaware Avenue
 9    Suite 1501
      Wilmington, Delaware 19801
10    302.252.4361
      (kmangan@wcsr.com)
11    Representing State of Montana
12
      PEPPER HAMILTON, LLP
13    BY: LINDA J. CASEY, ESQUIRE*
      (*VIA TELECONFERENCE)
14    3000 Two Logan Square
      Philadelphia, Pennsylvania 19103
15    215.981.4000
      (caseyl@pepperlaw.com)
16    Representing BNSF Railway Company
17    KRAMER LEVIN NAFTALIS & FRANKEL, LLP
      BY:   SARAH SCHINDLER-WILLAIMS, ESQUIRE*
18    (*VIA TELECONFERENCE)
      1177 Avenue of the Americas
19    New York, New York 10036
      212.715.9515
20    (SSchindlerWilliams@kramerlevin.com)
      Representing the Equity Committee
21
22
23
24
```

1          Q.     Is it your position that

2   contribution and indemnification claims

3   fit within the indirect PI definition?

4          A.     Yes.

5          Q.     Mr. Lewis had asked you a

6   series of questions with regard to the

7   treatment of Libby claimants' claims under

8   the Plan and their claims specifically as

9   to Maryland Casualty, the State of Montana

10  and Burlington Northern.   Do you recall

11  that questioning?

12         A.     Yes.

13         Q.     I believe you testified --

14  and obviously correct me if I'm wrong --

15  that the Libby claimants' claims against

16  the State that give rise to the State's

17  claims against the debtors for

18  indemnification or contribution go into

19  the Trust.

20                MS.  HARDING:   Object to

21       form.

22         Q.     Is that your testimony?

23         A.     That the Montana -- that

24  the State of Montana's claims for

1    indemnification would be channeled to the

2    Trust, yes.

3         Q.    And you also testified that

4    the State does not get the benefit of the

5    524(g) injunction?

6         A.    That's correct.

7         Q.    Sir, you testified that to

8    the extent there was independent conduct,

9    those claims would not go into the Trust.

10   Is that correct?

11             MS. HARDING:  Object to

12            form and I think it's -- it doesn't

13            properly characterize the extent

14            and -- extent of everything that

15            you said but to the extent you can

16            answer, go ahead.

17        Q.    If you want to clarify what

18   you testified to earlier as far as

19   independent conduct not going to the

20   Trust, I'd appreciate it.

21        A.    Right.  I believe I

22   testified that it is our understanding

23   that to the extent the State of Montana's

24   liable to Libby claimants based on causes

1    of action that are separate and

2    independent from any Grace liability, that

3    the -- that the State's liability would

4    not be -- or the State would not have

5    recourse to the PI Trust for that

6    liability.

7              **Q.    What do you mean by**

8    **separate and independent liability from**

9    **Grace's liability?**

10                   MS. HARDING:   Object to

11             form.   It think calls for

12             speculation.   But to the extent you

13             can answer, go ahead.

14             A.    Well, in this instance,

15   it's my recollection -- although I haven't

16   gone back to look at the decision, it is

17   my recollection that the Supreme Court of

18   Montana found that the State had an

19   independent duty to at least some of the

20   Libby claimants and that with respect to

21   the State of Montana, that's what I had in

22   mind.

23             **Q.    You had in mind the**

24   **Montana's Supreme Court decision?**

```
1             A.      Yes.

2             Q.      As you sit here today as a

3    representative of the estate, how do you

4    define independent conduct on the part of

5    the State of Montana?

6                     MS. HARDING:  Object to

7                form and object to the extent that

8                it calls for legal analysis and

9                legal conclusion.  I think it's an

10               improper question but -- and it's

11               overly broad.  To the extent you

12               can answer, go ahead.  And if you

13               can't answer, I would caution you

14               not to speculate, so...

15            A.      Conduct that, you know, for

16   which Grace has no liability and which is

17   not derivative of any Grace liability.

18            Q.      Let me follow up with:

19   What do you mean by derivative on the part

20   of Grace?

21                    MS. HARDING:  Same

22               objection.

23            A.      I'm sure --

24                    MS. HARDING:  I just want
```

1            to object to the extent that it

2            calls for a legal conclusion under

3            Montana law so --

4            A.    And I'll add I'm sure

5    there's a better way to articulate it but

6    I really don't have an explanation better

7    at this point.

8            Q.    **And do you believe that it**

9    **relates to what would be --**

10           A.    Could you repeat the

11   question, please?

12           Q.    **-- derivative under Montana**

13   **law?**

14                 MS. HARDING:  Can you just

15           restate the question, please?

16           Q.    **Sure.  That was**

17   **inarticulate.  I apologize.**

18           **I was asking you what did you mean**

19   **by derivative liability and I believe your**

20   **answer was you couldn't articulate that.**

21   **Is that fair to say?**

22           A.    Yes.  Sitting here, I

23   really don't feel comfortable trying to

24   articulate it.

1          Q.     If we wanted to find out

2    what derivative liability is, where would

3    you look?

4          A.     I would --

5               MS. HARDING:   Object to

6          form.

7          A.     I would want to conduct

8    some legal research on it.

9          Q.     Mr. Finke, I believe you

10   had testified earlier in the line of

11   questioning from Mr. Lewis as to the

12   benefits the Plan proponents received from

13   the channeling injunction and one of those

14   benefits you articulated to be it enabled

15   the debtors to apply uniform standards to

16   similar claims to avoid inequities of the

17   tort system.   Is that a fair

18   characterization of your earlier

19   testimony?

20          A.     Yes, that was one of the

21   reasons.

22          Q.     Okay.  Do you consider the

23   State of Montana's contribution and

24   indemnity claims similar to other claims