# EXHIBIT 8

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al., | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Related to Docket No. 14063 |
| | ) | 5/2/07 Agenda Item 2 |

## ORDER DISALLOWING AND EXPUNGING CERTAIN OF THE CLAIMS OF SEATON INSURANCE COMPANY AND ONEBEACON AMERICA INSURANCE COMPANY

WHEREAS the Debtors, Seaton Insurance Company, and OneBeacon America Insurance Company, have stipulated and agreed that:

(a)    claims numbered 15530, 15532-15592 and 15594-15653 shall be disallowed and expunged to the extent provided in the Stipulation attached hereto as Exhibit 1; and

(b)    claims numbered 15531 and 15593 shall remain on the claims register as provided in the Stipulation attached hereto as Exhibit 1.

IT IS HEREBY ORDERED.

Date: 5/3, 2007

_____
Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

# EXHIBIT 1

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Related to Docket No. 14063** |
| | | **5/2/07 Agenda Item 3** |

**STIPULATION RESOLVING CERTAIN OF THE CLAIMS OF SEATON INSURANCE COMPANY AND ONEBEACON AMERICA INSURANCE COMPANY**

This Stipulation is entered into this _30th_ day of April 2007 between W. R. Grace & Co.

and its affiliates (collectively, the "Debtors"), Seaton Insurance Company as successor-in-

interest to Unigard Security Insurance Company, formerly known as Unigard Mutual Insurance

Company ("Seaton"), and OneBeacon America Insurance Company as successor-in-interest to

Commercial Union Insurance Company and American Employers' Insurance Company

("OneBeacon").

---

[1]   The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, on or about April 2, 2001 (the "Petition Date"), the Debtors, including W. R. Grace & Co. ("Grace") and W. R. Grace & Co.-Conn. ("Grace-Conn"), filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' bankruptcy cases are pending as case numbers 01-1139 (JKF) through 01-1200 (JKF) (the "Bankruptcy Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

WHEREAS, on April 2, 2001, the Bankruptcy Court issued an Order consolidating the Bankruptcy Cases for administrative purposes only under Case No. 01-1139 (JKF) (the "Jointly Administered Bankruptcy Case").

WHEREAS, on April 22, 2002, the Bankruptcy Court issued its Bar Date Order [Docket No. 1963], which established March 31, 2003 as the bar date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims. The Bar Date Order required claimants to file a separate claim in each of the Bankruptcy Cases for such claim to be effective and asserted against each of the Debtors.

WHEREAS, on January 13, 2005, the Debtors filed their Amended Joint Plan of Reorganization (the "Plan"). To date, the Plan has not been confirmed. The Plan proposes that as of the Effective Date (as that term is defined in the Plan), the Debtors shall be deemed consolidated under the Plan for Plan purposes only. If the Plan is confirmed as proposed, upon the effective date of the Plan, each and every claim filed against any of the Debtors shall be deemed filed against the deemed consolidated Debtors and shall be deemed one claim against and obligation of the deemed consolidated Debtors.

WHEREAS, on February 14, 2005, Seaton filed 62 identical claims against the Debtors in their respective Bankruptcy Cases (Claim Nos. 15530-15591), which were for an unliquidated

amount (collectively, the "Seaton Claims"), and OneBeacon filed 62 identical claims against the Debtors in their respective Bankruptcy Cases (Claim Nos. 15592-15653), which were for an unliquidated amount (collectively, the "OneBeacon Claims").

**WHEREAS,** by orders of the Bankruptcy Court dated September 27, 2005 [Docket Nos. 9518 and 9519], the Seaton Claims and OneBeacon Claims were deemed timely filed.

**WHEREAS,** the Debtors have informed Seaton and OneBeacon that the Debtors may seek, upon notice to interested parties and approval of this Court, to dissolve or consolidate certain of the Debtors, except W.R. Grace & Co. – Conn., and their Bankruptcy Cases prior to seeking confirmation of the Plan.

**WHEREAS,** the parties hereto have agreed to enter into this Stipulation solely to afford the Debtors the administrative convenience of minimizing claims asserted by the Debtors as duplicative (which assertion is denied by Seaton and OneBeacon), and not to substantively alter Seaton's or OneBeacon's rights in respect of the Seaton Claims and OneBeacon Claims respectively.

**NOW, THEREFORE,** for good and valuable consideration received, the parties hereby stipulate and agree as follows:

1.      Subject to the provisions of Section 2 below, claim numbered 15531, a copy of which is attached hereto as <u>Exhibit A</u> and made a part hereof, shall remain as the sole Seaton Claim against the Debtors or the Debtors' bankruptcy estate(s) and claim number 15593, a copy of which is attached hereto as <u>Exhibit B</u> and made a part hereof, shall remain as the sole OneBeacon Claim against the Debtors or the Debtors' bankruptcy estate(s).

2.      Subject to the provisions of the following two sentences of this Section 2, claims numbered 15530, 15532-15592 and 15594-15653 shall be disallowed and expunged from the

claims register for all purposes (the "Disallowed Claims").  Notwithstanding any other provision of this Stipulation, in the event that (a) the Plan is amended or any other plan of reorganization or liquidation is filed in these Bankruptcy Cases that does not provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims) on terms substantially the same as provided in the Plan, and a disclosure statement with respect to such plan is approved by order of the Bankruptcy Court, (b) voting on the Plan or any other plan of reorganization or liquidation in these Bankruptcy Cases is ordered to be conducted on an individual debtor basis rather than a consolidated basis notwithstanding that the plan provides for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), (c) the Plan as confirmed by final order of the Bankruptcy Court in these Bankruptcy Cases does not, or any other plan or plans of reorganization or liquidation confirmed by final order(s) of the Bankruptcy Court in these Bankruptcy Cases do not, provide for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims), or (d) the Plan or any other plan of reorganization or liquidation confirmed by final order(s) of the Bankruptcy Court in these Bankruptcy Cases that provides for the substantive consolidation of the Bankruptcy Cases (for purposes of distribution on account of allowed claims) does not become effective, then the applicable Disallowed Claims shall be automatically reinstated *ab initio* in those cases that then remain pending without the need for any further action on the part of any party or Bankruptcy Court intervention.  In the event the Bankruptcy Cases or any of them are dismissed or converted to cases under chapter 7 of the Bankruptcy Code, each and every one of the Disallowed Claims related to any such converted or dismissed Bankruptcy Cases shall be automatically reinstated *ab initio* without the need for any further action on the part of any party or Bankruptcy Court intervention.

3.    The Debtors expressly reserve any and every objection that they now have or may have in the future to the substance of the claims numbered 15531 and 15593 and to any of the Disallowed Claims to the extent they are reinstated as described in Section 2 above, but forever waive and release any and every objection they may have to claims numbered 15531 and 15593 on the basis that such claims were improperly or untimely filed in the Bankruptcy Cases or the Jointly Administered Bankruptcy Case, or any of them, or that the claims should have been filed in each of the Bankruptcy Cases.

4.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

5.    The Debtors shall direct the Claims Agent, Rust Consulting, Inc., to mark the claims register to reflect the following:

(a)    claims numbered 15530, 15532-15592 and 15594-15653 shall be disallowed and expunged to the extent provided herein; and

(b)    claims numbered 15531 and 15593 shall remain on the claims register as provided herein.

6.    The parties shall take whatever additional action, if any, is necessary to make sure that Seaton Claims and OneBeacon Claims are treated as outlined herein.

7.    Nothing herein shall be interpreted to prevent Seaton or OneBeacon from objecting to the Debtors' Plan or any other plan of reorganization or liquidation proposed by the

Debtors or any other party on any basis, including but not limited to objecting on substantive consolidation grounds.

**8.    STIPULATED AND AGREED:**

**SEATON INSURANCE COMPANY**

By: _____
     One of Their Attorneys

David P. Primack
Warren T. Pratt
Drinker Biddle & Reath LLP
1100 N. Market St., Suite 1000
Wilmington, DE 19801
(302) 467-4200

and

Michael F. Brown
Drinker Biddle & Reath LLP
One Logan Square, 18th and Cherry Sts
Philadelphia, PA 19103-6996
(215) 988-2700

Counsel for Seaton Insurance Company

**ONEBEACON AMERICA INSURANCE COMPANY**

By: _____
     One of Their Attorneys

David P. Primack
Warren T. Pratt
Drinker Biddle & Reath LLP
1100 N. Market St., Suite 1000
Wilmington, DE 19801
(302) 467-4200

and

**W. R. GRACE & CO., et al.**

By: _____
     One of Their Attorneys

Janet S. Baer
Lori Sinanyan
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

and

Laura Davis Jones
James E. O'Neill
Pachulski, Stang, Ziehl, Young, Jones & Weintraub PC
919 North Market Street, 16th Floor
P. O. Box 8705
Wilmington, DE  19899-8705
(302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

6

Michael F. Brown
Drinker Biddle & Reath LLP
One Logan Square, 18th and Cherry Sts
Philadelphia, PA 19103-6996
(215) 988-2700

Counsel for OneBeacon America
Insurance Company

Date: April **30**, 2007

EXHIBIT A

# WR Grace

Bankruptcy Form 10

Index Sheet

SR00000922 ■

| Claim Number: | 00015531 | | Receive Date: | 02/14/2005 |
|---|---|---|---|---|

## Multiple Claim Reference

Claim Number _____

- ☐ MMPOC Medical Monitoring Claim Form
- ☐ PDPOC Property Damage
- ☐ NAPO Non-Asbestos Claim Form
- ☐ Amended

Claim Number _____

- ☐ MMPOC Medical Monitoring Claim Form
- ☐ PDPOC Property Damage
- ☐ NAPO Non-Asbestos Claim Form
- ☐ Amended

## Attorney Information

Firm Number: 00037          Firm Name: Drinker Biddle & Reath LLP

Attorney Number: 00318          Attorney Name: David P Primack

Zip Code: 19801

Cover Letter Location Number: SR00000922

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☐ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |

| Other | | |
|---|---|---|
| | ☐ Non-Standard Form | ☐ Amended per Objection |
| | ☐ Amended | Original Claim #: _____ |
| | ☐ Post-Deadline Postmark Date | |

■ Box/Batch: WRBF0052/WRBF0205          Document Number: WRBF010244 ■

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

Case No. 01-1179    Name of Debtor: W.R. Grace & Co.-Conn

Name of Creditor (person or entity to whom debtor owes money or property):

**Seaton Insurance Company**

as successor in interest to (i) Unigard Security Insurance Company (formerly Unigard Mutual Insurance Company), (ii) John Hancock Mutual Life Insurance Company, (iii) John Hancock Property & Casualty Holding Company, and (iv) John Hancock Management Company; and others identified in the Agreements described in paragraph 1 below.

Name and address where notices should be sent.

**David P. Primack**
**Drinker Biddle & Reath LLP**
**1100 N. Market Street, Suite 1000**
**Wilmington, DE 19801-1254**
Telephone Number: 302-467-4221

THIS SPACE IS FOR COURT USE ONLY

| Account Number by which creditor identifies debtor: W.R. Grace | Check here if this claim: ☐ replaces or ☐ amends a previously filed claim, dated: |
|---|---|

**1. Basis for Claim:** Contractual Indemnity under one or more of the following (or other) Agreements, copies of which will be provided upon reasonable request, subject to the execution of an appropriate Confidentiality Agreement:

(a) Settlement Agreement, Release and Indemnification/Hold Harmless Agreement, dated July 11, 1996, between W. R. Grace & Co. - Conn, et al., and Unigard Security Insurance Company (formerly Unigard Mutual Insurance Company), et al. (see Section VI, "Indemnification/Hold Harmless Agreement").

(b) Settlement Agreement, Release and Indemnification/Hold Harmless Agreement, dated May 15, 1995, between W. R. Grace & Co.  Conn. et al., and Unigard Security Insurance Company (formerly Unigard Mutual Insurance Company), et al. (see Section V, "Indemnification/Hold Harmless Agreement")

(c) Settlement Agreement, Release and Indemnification/Hold Harmless Agreement, dated August 6, 1992, between W. R. Grace & Co. - Conn, et al., and Unigard Security Insurance Company (formerly Unigard Mutual Insurance Company), et al. (see Section V, "Indemnification/Hold Harmless Agreement").

| 2. Date debt was incurred: Prepetition | 3. If court judgment, date obtained: N/A |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**    $ **Unliquidated** + $ **Unliquidated** + $ _____ = $ **Unliquidated**
(Unsecured)    (Secured)    (Priority)    (Total Claim)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

**5. Secured Claim:**

☒ Check this box if claim is secured by collateral (including right of setoff).

Brief Description of Collateral: Possible rights of setoff against any obligations owed (or alleged to be owed) by Claimant to Debtor.

Value of Collateral: Unknown

**6. Unsecured Nonpriority Claim:**

☒ Check this box. The claim may exceed the value of the collateral.

**7. Unsecured Priority Claim:**

☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim
☐ Wages, salaries, or commissions   11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan   11 U.S.C § 507(a)(4).
☐ Deposits for personal, family, or household use – 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support  11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units   11 U.S.C. § 507(a)(8).
☐ Other  Specify applicable paragraph of 11 U.S.C. § 507(a)(  ).

**8. Credits:** All payments on this claim have been credited and deducted for the purpose of making this proof of claim.
**9. Supporting Documents:** See the summary set forth in paragraph 1 above. Supporting documents are voluminous.
**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. (To the Clerk: Please return date-stamped copy of claim in the enclosed envelope.)

THIS SPACE IS FOR COURT USE ONLY

Date: February 14, 2005

Signature of person authorized to file this claim:

David P. Primack – Attorney for Claimant

WR Grace    BF.52.205.10244
**00015531**
SR=922

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

REC'D FEB 14 2005

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re. W R  GRACE & CO , et al.
Case No  01-1139-(JKF)-11

## DOCUMENTS APPENDED TO CLAIM

On September 28, 2005, document(s) were appended to the **SEATON INSURANCE
COMPANY Claims, Nos. 15530 - 15591** for the following reason(s)

☒   Stipulation/Order

☐   New Supporting Documents

☐   Change of Address

☐   Notice of Withdrawal

☒   Other  Docket Number 9519 Entered on Court Docket 9/27/05

9519

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | Re: Docket # 9482 |
| Debtors. | ) | |

## STIPULATION AND ORDER REGARDING PROOFS OF CLAIM OF SEATON INSURANCE COMPANY (CLAIM NOS. 15530-15591)

This stipulation is entered into this 22nd day of August, 2005, between W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and Seaton Insurance Company (the "Claimant")

WHEREAS, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganizations by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company

K&E 10408540.2

WHEREAS, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims

WHEREAS, the Claimant is the successor-in-interest to Unigard Security Insurance Company, formerly known as Unigard Mutual Insurance Company ("Unigard")

WHEREAS, the Debtors listed Unigard on their Schedule G (Executory Contracts and Unexpired Leases) filed on June 8, 2001, but Unigard and Claimant were not provided with actual notice of the commencement of the Debtors' cases nor the Bar Date Order and were not independently aware of the Bar Date Order or the commencement of the Debtors' cases

WHEREAS, on February 14, 2005, the Claimant filed 62 identical claims against the Debtors (Claim Nos 15530-15591), which were for an unliquidated amount and based upon alleged contractual indemnity claims under one or more of the following agreements[2] (i) Settlement Agreement, Release and Indemnification/Hold Harmless Agreement, dated July 11, 1996, between W R. Grace & Co. and Unigard, (ii) Settlement Agreement, Release and Indemnification/Hold Harmless Agreement, dated May 15, 1995, between W R Grace & Co and Unigard, (iii) Settlement Agreement, Release and Indemnification/Hold Harmless Agreement, dated August 6, 1992, between W R. Grace & Co and Unigard.

NOW, THEREFORE, for good and valuable consideration, the parties hereby stipulate and agree as follows·

1    Claim Nos 15530-15591 filed by the Claimant shall be deemed timely filed  The Debtors, however, reserve and retain all rights to object to Claim Nos. 15530-15591 on any and

---

[2]  Each agreement defines the parties to that particular agreement.  For purposes of this Stipulation, the parties are referred to as "W R. Grace & Co " and "Unigard" for identification purposes only

2

09/28/2005 09 02 IFAX Fax Center@dbr com
04/29/2005 09 00 FAX 617 861 6676    RANDALL BOSTON    · Fax Center    ☒ 002/009
☒002

all grounds other than timeliness upon proper notice to the Claimant and consistent with applicable law  The Debtors waive any procedural defects by virtue of Claimant filing Claim Nos. 15530-15591 without filing a corresponding motion for approval of filing late claims.

2.    Each party executing this Stipulation represents that such party has the full authority and legal power to do so  This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument.  The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

3    The Debtors shall direct Rust Consulting, Inc., to mark the Claims Register to reflect that Claim Nos. 15530-15591 are deemed timely filed as outlined herein.

4    The Claimant represents that it is not currently aware of any additional pre-petition claims that it has against the Debtors

STIPULATED AND AGREED:

SEATON INSURANCE COMPANY    W. R. GRACE & CO., et al.

By
Name: Brian Bentley    By Marla A. Melner
Associate/General Counsel    Name Vice President, General Counsel
Cavell USA, the    and Secretary
Authorized Agent for
Seaton

Date: 9/26/05

APPROVED AND SO ORDERED:

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

3

EXHIBIT B

# WR Grace

Bankruptcy Form 10

Index Sheet

SR00000923

Claim Number:  00015593

Receive Date:  02/14/2005

## Multiple Claim Reference

Claim Number  _____

- [ ] MMPOC  Medical Monitoring Claim Form
- [ ] PDPOC  Property Damage
- [ ] NAPO  Non-Asbestos Claim Form
- [ ]  Amended

Claim Number  _____

- [ ] MMPOC  Medical Monitoring Claim Form
- [ ] PDPOC  Property Damage
- [ ] NAPO  Non-Asbestos Claim Form
- [ ]  Amended

## Attorney Information

Firm Number:  00037            Firm Name:  Drinker Biddle & Reath LLP

Attorney Number:  00318        Attorney Name:  David P Primack

Zip Code:  19801

Cover Letter Location Number:  SR00000923

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| [ ] TBD | [ ] TBD | [ ] Other Attachments |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| [ ] TBD | [ ] TBD | |
| | [ ] Other Attachments | |

| Other | [ ] Non-Standard Form | [ ] Amended per Objection |
|---|---|---|
| | [ ] Amended | Original Claim #: _____ |
| | [ ] Post-Deadline Postmark Date | |

Box/Batch: WRBF0052/WRBF0207

Document Number: WRBF010306

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | **PROOF OF CLAIM**

Case No. 01-1179    Name of Debtor: W.R. Grace & Co.-Conn

Name of Creditor (person or entity to whom debtor owes money or property):

**One Beacon America Insurance Company**

as successor in interest to (i) Commercial Union Insurance Company, as successor in interest to Employers' Commercial Union Insurance Company of America and Employers' Commercial Union Insurance Company, and (ii) American Employers' Insurance Company; and others identified in the Agreements described in paragraph 1 below

Name and address where notices should be sent:

**David P. Primack**
**Drinker Biddle & Reath LLP**
**1100 N. Market Street, Suite 1000**
**Wilmington, DE 19801-1254**

Telephone Number: **302-467-4221**

THIS SPACE IS FOR COURT USE ONLY

Account Number by which creditor identifies debtor: W.R. Grace | Check here if this claim: ☐ replaces or ☐ amends a previously filed claim, dated:

**1. Basis for Claim:** Contractual Indemnity under one or more of the following (or other) Agreements, copies of which will be provided upon reasonable request, subject to the execution of an appropriate Confidentiality Agreement:

(a) Settlement Agreement and Release, dated October 7, 1998, between W. R. Grace & Co., a Delaware Corporation, *et al.*, and Commercial Union Insurance Company, *et al.* (*see* Section VI, "Indemnification, Hold Harmless and Defense").

(b) Settlement Agreement and Release, dated December 17, 1996, between W. R. Grace & Co. – Conn., *et al.*, and Commercial Union Insurance Company, *et al.* (*see* Section VI, "Indemnification, Hold Harmless and Defense").

(c) Settlement Agreement, dated May 10, 1993, between W. R. Grace & Co. – Conn., *et al.*, and Commercial Union Insurance Company, *et al.* (*see* Section V, "Indemnification").

| 2. Date debt was incurred: Prepetition | 3. If court judgment, date obtained: N/A |

**4. Total Amount of Claim at Time Case Filed:**    $ **Unliquidated** + $ **Unliquidated** + $ _____  = $ **Unliquidated**
(Unsecured)          (Secured)          (Priority)          (Total Claim)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

| **5. Secured Claim:** | **7. Unsecured Priority Claim:** |
|---|---|
| ☒ Check this box if claim is secured by collateral (including right of setoff). | ☐ Check this box if you have an unsecured priority claim |
| | Amount entitled to priority $ _____ |
| Brief Description of Collateral: Possible rights of setoff against any obligations owed (or alleged to be owed) by Claimant to Debtor. | Specify the priority of the claim: |
| | ☐ Wages, salaries, or commissions – 11 U.S.C. § 507(a)(3). |
| Value of Collateral: Unknown | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4). |
| | ☐ Deposits for personal, family, or household use – 11 U.S.C. § 507(a)(6). |
| **6. Unsecured Nonpriority Claim:** | ☐ Alimony, maintenance, or support – 11 U.S.C. § 507(a)(7). |
| ☒ Check this box: The claim may exceed the value of the collateral. | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8). |
| | ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)( ). |

**8. Credits:** All payments on this claim have been credited and deducted for the purpose of making this proof of claim.
**9. Supporting Documents:** See the summary set forth in paragraph 1 above. Supporting documents are voluminous.
**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim (To the Clerk: Please return date-stamped copy of claim in the enclosed envelope.)

THIS SPACE IS FOR COURT USE ONLY

| Date: February 14, 2005 | Signature of person authorized to file this claim: | WR Grace    BF.52.207.10306 |
|---|---|---|
| | ~~[signature]~~ | **00015593** |
| | David P. Primack – Attorney for Claimant | SR=923 |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

REC'D FEB 14 2005

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE


In re  W.R  GRACE & CO., et al.
Case No. 01-1139-(JKF)-11


# DOCUMENTS APPENDED TO CLAIM


On September 28, 2005, document(s) were appended to the **ONEBEACON AMERICA
INSURANCE COMPANY Claims, Nos. 15592 - 15653** for the following reason(s)

☒    Stipulation/Order

☐    New Supporting Documents

☐    Change of Address

☐    Notice of Withdrawal

☒    Other   Docket Number 9518 Entered on Court Docket 9/27/05

9518

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | Re: Docket# 9482 |
| Debtors | ) | |

## STIPULATION AND ORDER REGARDING PROOFS OF CLAIM OF ONEBEACON AMERICA INSURANCE COMPANY (CLAIM NOS. 15592-15653)

This stipulation is entered into this 22nd day of August, 2005, between W. R. Grace & Co.

and its affiliates (collectively, the "Debtors") and OneBeacon America Insurance Company (the

"Claimant")

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their

respective reorganizations by filing voluntary petitions for relief under chapter 11 of the

Bankruptcy Code

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amcon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company

KAS 100004793

WHEREAS, this Court issued its Bar Date Order on April 22, 2002, which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage and (c) medical monitoring claims

WHEREAS, the Claimant is the successor-in-interest to Commercial Union Insurance Company and American Employers' Insurance Company (collectively, "Commercial Union")

WHEREAS, the Debtors listed Commercial Union on their Schedule G (Executory Contracts and Unexpired Leases) filed on June 8, 2001, but Commercial Union and Claimant were not provided with actual notice of the commencement of the Debtors' cases nor the Bar Date Order and were not independently aware of the Bar Date Order or the commencement of the Debtors' cases

WHEREAS, on February 14, 2005, the Claimant filed 62 identical claims against the Debtors (Claim Nos 15592-15653), which were for an unliquidated amount and based upon alleged contractual indemnity claims under one or more of the following agreements[2] (i) Settlement Agreement and Release, dated October 7, 1998, between W R Grace & Co and Commercial Union, (ii) Settlement Agreement and Release, dated December 17, 1996, between W R Grace & Co and Commercial Union, and (iii) Settlement Agreement, dated May 10, 1993, between W R Grace & Co and Commercial Union.

NOW, THEREFORE, for good and valuable consideration, the parties hereby stipulate and agree as follows·

1    Claim Nos 15592-15653 filed by the Claimant shall be deemed timely filed. The Debtors, however, reserve and retain all rights to object to Claim Nos 15592-15653 on any and all grounds other than timeliness upon proper notice to the Claimant and consistent with

---

[2]    Each agreement defines the parties to that particular agreement  For purposes of this Stipulation, the parties are referred to as "W R Grace & Co " and "Commercial Union' for identification purposes only

2

applicable law   The Debtors waive any procedural defects by virtue of Claimant filing Claim Nos. 15592-15653 without filing a corresponding motion for approval of filing late claims

2       Each party executing this Stipulation represents that such party has the full authority and legal power to do so   This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument.  The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners.

3       The Debtors shall direct Rust Consulting, Inc., to mark the Claims Register to reflect that Claim Nos 15592-15653 are deemed timely filed as outlined herein.

4.      The Claimant represents that it is not currently aware of any additional pre-petition claims that it has against the Debtors.

STIPULATED AND AGREED.

ONEBEACON AMERICA INSURANCE
COMPANY

By: _____
Name: Ryan Bandig
Associate General Counsel
Corell USA, Inc,
Authorized Agent for
OneBeacon

Date: 9/26/05

W. R. GRACE & CO., et al.

By: _____
Name: Vice President, General Counsel
and Secretary

APPROVED AND SO ORDERED:

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

3