# EXHIBIT 20

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE: )
PITTSBURGH CORNING ) 2:04cv1199
CORPORATION, ) Electronic Filing
)
Debtor )
) (Bankruptcy No. 00-22876-JFK)
_____ )

## MEMORANDUM ORDER

AND NOW, this 7th day of December, 2005, upon due consideration of the issues raised on appeal by appellants Official Committee of Unsecured Asbestos Creditors and Future Claimants' Representative, and the parties' submissions in conjunction therewith, IT IS ORDERED that the order of April 27, 2004, entered on the docket of the United States Bankruptcy Court for the Western District of Pennsylvania by the Honorable Judith K. Fitzgerald at the above referenced proceeding – denying appellants' application to employ Gilbert Heintz & Randolph, LLP ("GHR"), as special insurance counsel – be, and the same hereby is, affirmed.

The matters raised on appeal are misplaced for several reasons. First, the objecting insurers have the right to raise an issue under the applicable Rules of Professional Conduct and request an adjudication by the court provided they have a reasonable belief that a violation of the Rules of Professional Conduct has been committed or would be brought about in the course of the proceedings before the court. In re Congoleum Corp., 426 F.3d 675, 687 (3d Cir. 2005). They thus had standing to object to the application to employ GHR and have standing to defend the order denying that application. Id.

Second, Judge Fitzgerald did not confuse or misunderstand the limited nature of GHR's prior and proposed representations. To the contrary, she insightfully examined the nature, scope and specific components of the representations in addition to their mere overall objectives. This "careful and comprehensive scrutiny" fulfilled the "high order" of court

supervision required to assure the mandates of section 327(a) and Rules 1.7 and 1.9 are scrupulously followed. See id. at 693-94. Clearly, Judge Fitzgerald had a duty to consider all the evidence concerning GHR's activities in representing Corning and all of the undertakings that would follow from being appointed to represent the present and future asbestos claimants in pursuing the potential insurance proceeds. Cf. id. at 691 ("This error was the result, to a great extent, of the court's refusal to consider evidence about Gilbert's activities in negotiating and preparing the plan before its filing."). And a review of the findings of fact leading to the determination below makes painstakingly clear that GHR "cannot meet the Bankruptcy Code's requirement of disinterestedness contained in section 327(a)." Id. at 692.

Third, appellants' attempt to avoid the import of the interminable conflict that would arise from the appointment through Corning's limited waiver falls woefully short of the mark. As a general matter "waivers under § 327(a) are ordinarily not effective." Id. at 692 (citing In re Grante Partners LP, 219 B.R. 22, 34 (Bankr. S.D. N.Y. 1998) and Collier on Bankruptcy ¶ 328.05[3] (15th ed.)). Corning's waiver in effect acceded to the proposed representation only "to the extent [Scott Gilbert and GHR] were not otherwise precluded from doing so by reason of their ethical or legal responsibilities." This waiver did very little, if anything, to remove the inhibiting baggage that GHR acquired from its pre-application representation of Corning. Thus, GHR could not deliver the complete "disinterestedness" necessary for unquestionably effective representation of the current and future asbestos claimants. Furthermore, the record fails to contain the detailed information necessary to establish that either Corning or the individual claimants themselves gave "truly informed consent." Id. Given the "many hats" that GHR had worn and would be wearing "throughout the pre- and post-petition process," it cannot be assumed on the limited information placed in the record that all claimants have made a knowing, voluntary and intelligent waiver. Compare id. at 691 ("We conclude that Gilbert did not receive effective waivers from the claimants it represented and, therefore, acted in violation of the Rules of Professional Conduct."). Thus, the purported waivers did not overcome the actual and potential conflicts of interest which dictated the denial of appellants' application to

retain GHR.

In short, we find no error in the factual and legal determinations of the Bankruptcy Court. It follows that the application to employ GHR properly was denied. Accordingly, the order of April 27, 2004, must be affirmed; and

IT FURTHER IS ORDERED that the cross appeal of Lumbermens Mutual Casualty Company and ACE USA insurers be, and the same hereby is, dismissed as moot. See Brief of Cross Appellants (Doc. No. 8) at 48-49 ("Of course, the Bankruptcy Court's ruling on Lumbermen's Motion to Compel need only be reversed if the Bankruptcy Court's ruling denying the Application to Retain GHR were reversed and remanded for further consideration ....").

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:    Paul Singer, Esquire
       James J. Restivo, Jr., Esquire
       Reed Smith, LLP
       435 Sixth Avenue
       Pittsburgh, PA 15219

       Rosalie J. Bell, Esquire
       Pittsburgh Corning Corp.
       800 Presque Isle Drive
       Pittsburgh, PA 15239

       Peter Van N. Lockwood, Esquire
       Caplin & Drysdale, Chartered
       One Thomas Circle, NW
       Washington, DC 20005

       Elihu Iselbuch, Esquire
       Rita Tobin, Esquire
       Caplin & Drysdale, Chartered
       375 Park Avenue, 35th Floor
       New York, NY 10152-3500

       Peter J. Kalis, Esquire
       David A. Murdoch, Esquire
       Neal R. Brendel, Esquire
       Kirkpatrick & Lockhart LLP
       1500 Oliver Building
       Pittsburgh, PA 15222

Alan Goudiss, Esquire
Paul Wickes, Esquire
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022-6069

Kimberly Luff Wakin, Esquire
Thorp Reed & Armstrong
One Oxford Centre, 14th Floor
Pittsburgh, PA 15219

Andrew M. Burns, Esquire
Nixon Peabody LLP
Clinton Square
Rochester, NY 14604

Cheryl A. Heller, Esquire
Thomas S. D'Antonio, Esquire
Ward Norris Heller & Reidy LLP
300 State Street
Rochester, NY 14614

Joseph M. Fornari, Jr., Esquire
Office of U. S. Trustee
970 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222

Lawrence Fitzpatrick, Esquire
1009 Lennox Drive
Building 4, Suite 101
Lawrenceville, NJ 08648

Joel M. Helmrich, Esquire
Meyer Unkovic & Scott LLP
1300 Oliver Building
Pittsburgh, PA 15222

James L. Patton, Esquire
Young Conway Stargatt & Taylor
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

Michael F. Brown, Esquire
Drinker Biddle & Reath LLP
One Logan Square
17th & Cherry Streets
Philadelphia, PA 19103

Michael S. Olsan, Esquire
Daniel M. Isaacs, Esquire
White & Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103

Nicholas Pasciullo, Esquire
White & Williams LLP
437 Grant Street
Suite 1001
Pittsburgh, PA 15219

Scott D. Gilbert, Esquire
Bette M. Orr, Esquire
Gilbert Heintz & Randolph
1100 New York Avenue, NW
Suite 700
Washington, DC 20005

Michael S. Sundermeyer, Esquire
Elizabeth A. O'Brien, Esquire
Thomas M. Woods, Esquire
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC 20005

Gary Philip Nelson, Esquire
Sherrard German & Kelly, P.C.
Two PNC Plaza
620 Liberty Avenue
Pittsburgh, PA 15222