## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., et al., | : | Case No. 01-1139 (JKF) |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Relates to Document No. 20872 |
| | : | |

## JOINDER OF AXA BELGIUM TO THE PHASE II TRIAL BRIEF FOR FIREMAN'S FUND INSURANCE COMPANY, ALLIANZ S.P.A., F/K/A RIUNIONE ADRIATICA DI SICURTA, AND ALLIANZ SE, F/K/A ALLIANZ AKTIENGESELLSCHAFT

Pursuant to the Third Amended Case Management Order Related to the First Amended Joint Plan of Reorganization [Docket No. 21544] entered in these cases, AXA Belgium, as successor to Royal Belge SA ("AXA Belgium"), submits this Joinder to the Phase II Trial Brief for Fireman's Fund Insurance Company [Docket No. TBD] ("Fireman's Fund's Brief") and any other Insurers' Phase II Trial Briefs as applicable to AXA Belgium.

## PRELIMINARY STATEMENT

As set forth and explained more fully in AXA Belgium's Objections to the First Amended Joint Plan of Reorganization dated May 20, 2009, which are incorporated by reference herein, the Schedule to the Asbestos Insurance Transfer Agreement alleges that "Royale Belge S.A." issued three policies: AVB102 (77-78), AVB124 (78-79) and 1251427 (84-85). AXA Belgium previously raised issues as to the alleged issuance of these policies, and continues to reserve its rights to further raise objections with regard to these alleged policies.

As part of the Plan, the Asbestos Insurance Transfer Agreement "irrevocably transfers, conveys, and grants to the Asbestos PI Trust all of their Asbestos Insurance Rights, including, without limitation, any and all rights to Proceeds." Asbestos Insurance Transfer Agreement, §1(a).  See also Plan §7.2.2(d)(ii).  The Agreement does not transfer from the insured to the Asbestos PI Trust any of the insured's obligations under any insurance policies; nor does the

Plan definition of "Asbestos Insurance Rights" include any obligations on the part of the insured. See Plan §1.1.12.

The Agreement then provides a list of all as the insurance policies that the Insurance Contributors have reason to believe potentially or actually provide insurance coverage for Asbestos PI Claims which are listed and described Schedule 1." §3(a)(i). The Plan further provides that "Asbestos Insurance Entities shall be bound by the Court's findings and conclusions that, under the Bankruptcy Code, the transfer of all rights under the Asbestos Insurance Transfer Agreement is valid and enforceable against each Asbestos Insurance Entity notwithstanding any anti-assignment provision in or incorporated into any Asbestos Insurance Policy." Plan §7.15(g).

Schedule 1 to the Asbestos Insurance Transfer Agreement alleges that "Royale Belge S.A." issued three excess layer policies to W.R. Grace:

| Policy Number | Policy Period |
|---------------|---------------|
| AVB102 | June 30, 1977- June 30, 1978 |
| AVB124 | June 30, 1978- June 30, 1979 |
| 1251427 | June 30, 1984- June 30, 1985 |

Based on the limited information available, it appears that these policies would incorporate certain terms and conditions of underlying policies, particularly the London Market Insurance polices that numerous other insurers included in their trial exhibits and discussed in their briefing. The wording incorporated includes, "[a]ssignment of interest under this policy shall not bind Underwriters unless and until their consent is endorsed hereon," as well as cooperation provisions and provisions prohibiting settlement by the insured without insurer consent.

## ARGUMENT

As set forth in AXA Belgium's Objections their, Phase I Trial Brief and Fireman's Fund's Phase II Trial Brief, the First Amended Plan should not be confirmed for numerous reasons, including:

- The creation of the Trust and the processing and payment of claims through that Trust and the TDPs will alter the way in which the Debtors' liability is determined, and, consequently, the determination of how that liability is covered under insurance policies. Negotiations with the Asbestos PI Trust, which will actually receive the insurance proceeds, as opposed to the Debtors, who pay the proceeds over to claimants as part of settlements, represents a completely different dynamic. The First Amended Plan also purports to preclude insurers from raising coverage defenses based on the anti-assignment provisions in the Policies.

- The Plan purports to release, enjoin, or otherwise alter its rights against the Debtors and non-debtor third parties.

- The exculpation provisions set forth in Section 11.9 of the Plan are overly broad. The exculpation impermissibly includes non-debtors such as the Sealed Air Indemnified Parties and the Fresenius Indemnified Parties. It also appears to provide protection for claims arising from "administration of this Plan or the Property distributed under this Plan".

- The Plan does not contain adequate insurance neutrality language.

- The Plan improperly transfers insurance rights in contravention of the insurance contracts. The Plan and the Asbestos Insurance Transfer Agreement provide that certain "rights" under the Asbestos Insurance Policies issued by Insurers will be transferred to the Trust. *See* Plan § 7.2.2. A condition of confirmation is that this Court find that the transfer of the Asbestos Insurance Rights is valid and enforceable against Insurers. *See* Plan §§ 7.7 (uu) and 7.15(g).

- The Plan also fails to meet the statutory requirements for a confirmable Plan, including 11 U.S.C. 524(g) and 1129(a). For instance, 524(g)(2)(B)(ii)(V) requires that the Trust "will value, and . . . pay, present claims and future demands that involved similar claims in substantially the same manner." However, while the Plan provides that the Trustees will have the right to implement the TDPs without the benefit of judicial oversight, the insurers who are expected to fund the Trust have no input into these matters.

- The Plan, as currently drafted, obligates AXA Belgium to pay to the Asbestos PI Trust any amount in excess of the amount actually paid by the Asbestos PI Trust to the holders of Asbestos PI Claims. *Fuller-Austin Insulation Company v. Highlands Ins. Company*, 135 Cal.App. 4th 958, 1000 (Cal. Ct. App. 2006). The

resulting "acceleration" of insurers' payments to the Trust clearly impairs insurer rights.

AXA Belgium incorporates the arguments set forth by Fireman's Fund in its Phase II Trial Brief in support of the forgoing points, as well as the other arguments made by Fireman's Fund in its Trial Brief.

## JOINDER & RESERVATION OF RIGHTS

AXA Belgium hereby incorporates by reference its previously filed objections to the Plan, its Phase I trial brief and joins in other insurers' trial briefs and objections, as applicable to AXA Belgium. AXA Belgium also hereby reserves the right to incorporate by reference, and adopt as its own, any reservations of rights stated by any other insurer or any other party.

## CONCLUSION

For the reasons stated above, the Plan fails to comply with the provisions of the Bankruptcy Code and applicable law.

WHEREFORE, AXA Belgium requests that this Court sustain AXA Belgium's Objections to the First Amended Plan of Reorganization, and grant AXA Belgium such other and further relief to which it may be justly entitled.

Dated:  July 13, 2009

Respectfully submitted,

/s/ Michael A. Shiner
Michael A. Shiner, *pro hac vice*
TUCKER ARENSBERG
1500 One PPG Place
Pittsburgh, PA 15222-5401
Telephone: (412) 566-1212
Facsimile: (412) 594-5619
mshiner@tuckerlaw.com

Eileen T. McCabe, *pro hac vice*
MENDES & MOUNT LLP
750 Seventh Avenue
New York, NY  10019
Telephone:  (212)261-8254
Facsimile:  (302)235-2536
eileen.mccabe@mendes.com

John S. Spadaro (No. 3155)
724 Yorklyn Road, Suite 375
Hockessin, DE 19707
Telephone:  (302) 235-7745
Facsimile:  (302) 235-2536
jspadaro@johnsheehanspadaro.com

*Counsel for AXA Belgium as successor to
Royal Belge SA*