# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) (Jointly Administered) |
| Debtors. | **Ref. No. 22439** |

## MOTION OF LIBBY CLAIMANTS FOR LEAVE TO EXCEED PAGE LIMITATION RULE FOR TRIAL BRIEF OF LIBBY CLAIMAINTS IN OPPOSITION TO FIRST AMENDED JOINT PLAN OF REORGANIZATION

Claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move for entry of an order under Del. Bankr. L.R. 7007-2 (to the extent even applicable to this matter) for leave to file the Trial Brief of Libby Claimants' in Opposition to First Amended Joint Plan of Reorganization (the "Trial Brief") in excess of the 40-page limitation. In support of this Motion, the Libby Claimants state:

1.      On February 27, 2009, Grace, along with the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative and the Equity Committee, filed their First Amended Joint Plan of Reorganization (the "Plan") [D.I. 20872], along with the related disclosure statement (the "Disclosure Statement") and Exhibit Book. Incident to its approval of the Disclosure Statement, this Court set July 13, 2009 as the deadline to file Phase II trial briefs in opposition of the Plan. Contemporaneously herewith, the Libby Claimants have filed the Trial Brief.

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 21365], as it may be amended and restated from time to time.

2.      Although neither the Case Management Order controlling this case nor the Court's chambers procedures provide express limitations on the length of objections, this Court might deem Del. Bankr. L.R. 7007-2 governing length of opening and answering briefs in adversary proceedings to apply.  Therefore, out of an abundance of caution, the Libby Claimants hereby seek relief from this page limitation.

3.      Del. Bankr. L.R. 7007-2(a)(iv) provides that in adversary proceedings, "[w]ithout leave of Court, no opening or answering brief shall exceed forty (40) pages … exclusive of any tables of contents and citations."  Del. Bankr. L.R. 7007-2(a)(vi).  In turn, the General Chambers Procedures dated April 3, 2006, ¶ 2(a)(vi), provides that Del. Bankr. L.R. 7007-2 applies to all briefs and memorandum, whether filed in an adversary proceeding or the main bankruptcy case. The Trial Brief is 101 pages in length (exclusive of table of contents).

4.      To the extent that Del. Bankr. L.R. 7007-2 is applicable to this matter, the Libby Claimants respectfully submit that allowing the Trial Brief to exceed the 40-page limitation is reasonable and appropriate under the circumstances.   The Plan, Disclosure Statement, and Exhibit Book constitute over 700 pages of complex material that, among other things, propose to govern the treatment of the Libby Claimants' rights against the Debtors and non-debtor third parties in ways that the Libby Claimants assert are prohibited under the Bankruptcy Code. Likewise, the parties have conducted extensive discovery, including the review of thousands of pages of documents and multiple depositions.   Given the fundamental importance to the Libby Claimants of opposing the Plan (the most important pleading filed in this bankruptcy case), and the need to provide appropriately detailed factual and legal support for their objections to the Plan, permitting the Libby Claimants to submit the Trial Brief in excess of 40 pages is warranted. The length of the Trial Brief is commensurate with the complexity and length of the Plan and

related materials, and with the extent and importance of the Libby Claimants' specific objections to the Plan.

WHEREFORE, the Libby Claimants respectfully request then entry of an order (i) granting the Libby Claimants leave to file the Objection in excess of the page limitation imposed by Del. Bankr. L.R. 7007-2 and the General Chambers Procedures and (ii) granting such other and further relief as this Court deems appropriate.

Dated: July 13, 2009
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel to Libby Claimants*