**<u>EXHIBIT 7</u>**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **W.R. GRACE & CO.,** *et al.,*[1] | ) Case No     01-01139 (JFK) |
| | ) Jointly Administered |
| **Debtors.** | ) |
| | ) |

### RESPONSES AND OBJECTIONS OF DEBTORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF W.R. GRACE & CO. AND BANK LENDER GROUP'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR ADMISSIONS

In accordance with Federal Rules of Civil Procedure 26, 33, 34 and 36, applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026, 7033, 7034, and 7036, the Debtors respond and object to the Official Committee Of Unsecured Creditors Of W.R. Grace & Co. And Bank Lender Group's First Request For Production Of Documents, First Set Of Interrogatories, And First Request For Admissions (collectively, the "Request") as follows:

---

[1]  The Debtors consist of the following 62 entities  W  R  Grace & Co  (f/k/a Grace Specialty Chemicals, Inc ), W  R  Grace & Co -Conn , A-1 Bit & Tool Co , Inc , Alewife Boston Ltd , Alewife Land Corporation, Amicon, Inc , CB Biomedical, Inc  (f/k/a Circe Biomedical, Inc ), CCHP, Inc , Coalgrace, Inc , Coalgrace II, Inc , Creative Food 'N Fun Company, Darex Puerto Rico, Inc , Del Taco Restaurants, Inc , Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc , Five Alewife Boston Ltd , G C Limited Partners I, Inc  (f/k/a Grace Cocoa Limited Partners I, Inc ), G C Management, Inc  (f/k/a Grace Cocoa Management, Inc ), GEC Management Corporation, GN Holdings, Inc , GPC Thomasville Corp , Gloucester New Communities Company, Inc , Grace A-B Inc , Grace A-B II Inc , Grace Chemical Company of Cuba, Grace Culinary Systems, Inc , Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc , Grace Europe, Inc , Grace H-G Inc , Grace H-G II Inc , Grace Hotel Services Corporation, Grace International Holdings, Inc  (f/k/a Dearborn International Holdings, Inc ), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc , Grace Ventures Corp , Grace Washington, Inc , W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc , Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc , Kootenai Development Company, L B Realty, Inc , Litigation Management, Inc  (f/k/a GHSC Holding, Inc , Grace JVH, Inc , Asbestos Management, Inc ), Monolith Enterprises, Incorporated, Monroe Street, Inc , MRA Holdings Corp  (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc  (f/k/a Nestor-BNA, Inc ), MRA Staffing Systems, Inc  (f/k/a British Nursing Association, Inc ), Remedium Group, Inc.  (f/k/a Environmental Liability Management, Inc , E&C Liquidating Corp , Emerson & Cuming, Inc ), Southern Oil, Resin & Fiberglass, Inc , Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company

**RESPONSE TO INTERROGATORY NO. 16:**

Debtors specifically incorporate by reference the General Objections. Debtors further object to this Interrogatory on the ground that it purports to require Debtors to produce information prior to the dates set forth in the Scheduling Order. Debtors will produce information responsive to this request in accordance with the Scheduling Order.

**INTERROGATORY NO. 17:**

Identify each person who has been consulted as an expert in anticipation of litigation or preparation for the Hearing, whether or not that person is expected to be called as a witness by you at the Hearing or trial and, as to each person, identify and describe all disclosures required by Federal Rule 26.

**RESPONSE TO INTERROGATORY NO. 17:**

Debtors specifically incorporate by reference the General Objections. Debtors further object to this Interrogatory on the ground that it purports to require Debtors to produce information prior to the dates set forth in the Scheduling Order. Debtors will produce information responsive to this request in accordance with the Scheduling Order.

### III.    REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that the documents attached to the Response and identified as the 1998 and 1999 Credit Agreements are true and correct copies of the 1998 and 1999 Credit Agreements.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admitted.

**REQUEST FOR ADMISSION NO. 2:**

Admit that under the plan of reorganization to be filed embodying the Proposed Asbestos Settlement, the Debtors' equity security holders will receive or retain property reflecting ownership interests in the Debtors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Debtors admit that under the Proposed Asbestos Settlement, which was premised upon the Creditors' Committee's agreement to accept post-petition interest in accordance with the February Letter Agreement, the Debtors' equity security holders would have received or retained value.

18

**REQUEST FOR ADMISSION NO. 5:**

Admit that the Debtors have not made any payments of principal to any of the Bank Agent or Lenders since the Petition Date.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admitted.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the Debtors did not pay interest on the 1998 Credit Agreement within five (5) business days after such interest became due.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the Debtors did not pay interest on the 1999 Credit Agreement within five (5) business days after such interest became due.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the Bank Agent and Lenders complied with the terms of the 1998 and 1999 Credit Agreements, including, but not limited to, all notice provisions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Debtors are unable to either admit or deny this Request because Debtors lack information

and belief as to the conduct of the Bank Agent and Lenders. However, Debtors admit that, solely

for purposes of Debtors' Objection to the Bank Lenders' claim for post-petition interest under

the 1998 and 1999 Credit Agreements, Debtors do not contend that the Bank Agent or Lenders

failed to comply with the terms of the 1998 and 1999 Credit Agreements.

**REQUEST FOR ADMISSION NO. 9:**

Admit that one or more attorneys from Stroock & Stroock & Lavan LLP advised you beginning in or about January 2007 that any plan of reorganization should provide for default rate interest to the Bank Lenders if it was to be acceptable to the Bank Lenders.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied. However, Debtors admit that beginning in or about January 2007, one or more

attorneys from Stroock & Stroock & Lavan LLP ("Stroock") advised Debtors, in substance, that

20

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Admitted.

**REQUEST FOR ADMISSION NO. 24:**

Admit that counsel for the Creditors' Committee, Stroock & Stroock & Lavan LLP, advised the Debtors and their counsel beginning in or about January 2007 that (i) the bank debt was trading in the market at a value reflecting recovery of the default rate under the Credit Agreements and (ii) that the Creditors Committee's professionals were being told by certain holders of the bank debt under the Credit Agreements that the holders expected to receive postpetition interest at the default rate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Denied.  However, Debtors admit that beginning in 2007, counsel for the Creditor's

Committee stated, in substance, that the market price of the unsecured debt under the Credit

Agreements suggested that some of the Lenders were now expecting default interest.

Significantly, counsel for the Creditors' Committee never indicated that all, or even most, of the

Lenders were expecting default interest; only that some of the Lenders had this expectation.

Counsel for the Committee never said or did anything to suggest that the Committee, the Lenders

or counsel for the Committee would terminate the February Letter Agreement if the Lenders did

not receive default interest.  And counsel for the Committee never said or did anything to suggest

that the Creditors' Committee or the Lenders would vote against a plan of reorganization because

it failed to provide for a default rate of interest.

**REQUEST FOR ADMISSION NO. 25:**

Admit that counsel for the Creditors' Committee, Stroock & Stroock & Lavan LLP, advised the Debtors beginning in or about January 2007 that, notwithstanding any position the Creditors Committee itself might determine to take, any consensual plan should provide for postpetition interest payable at the default rate under the Credit Agreements were the Debtors to hope for the bank debt holders under the Credit Agreements to vote in favor of such a plan.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Denied.

**REQUEST FOR ADMISSION NO. 26:**

Admit that the Proofs of Claim, nos. 9159 and 9168 dated March 27, 2003, were timely submitted.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Admitted.

24