**EXHIBIT 22**

ng Rules
ates that
fter due
in exist-
r present

nal Rail
um pay-
nce cov-
sets have
the date
road en-
rage has
age and
insurer
the cov-
m of the
ourt de-
igations,
an from

\*

# BANKRUPTCY REFORM ACT OF 1978
P.L. 95–598

## BANKRUPTCY REFORM ACT OF 1978

*P.L. 95–598, see page 92 Stat. 2549*

House Report (Judiciary Committee) No. 95–595, Sept. 8, 1977
[To accompany H.R. 8200]

Senate Report (Judiciary Committee) No. 95–989, July 14, 1978
[To accompany H.R.S. 2266]

Cong. Record Vol. 124 (1978)

### DATES OF CONSIDERATION AND PASSAGE

House February 1, September 28, October 6, 1978

Senate September 7, 22, October 5, 1978

The House bill was passed in lieu of the Senate bill after amending its language to contain much of the text of the Senate bill. The Senate Report (this page) and the House Report (p. 5963) are set out.

### SENATE REPORT NO. 95–989

[page 1]

The Committee on the Judiciary, to which was referred the bill, S. 2266, to establish a uniform law on the subject of bankruptcies, having considered the same, reports favorably thereon and recommends that the bill in the nature of a substitute do pass. The committee amendment strikes out all after the enacting clause and inserts a new text, which appears in italic type in the reported bill.

#### PURPOSE OF THE BILL

The purpose of the bill is to modernize the bankruptcy law by codifying a new title 11 that will embody the substantive law of bankruptcy and to make extensive amendments to title 28, Judiciary and Judicial Procedure, that will encompass the structure of the revised bankruptcy courts.

#### PURPOSE OF THE AMENDMENT

The amendment in the nature of a substitute reflects, testimony received by the committee and the changes that resulted. The purpose of the revised bill remains to modernize the bankruptcy law.

#### INTRODUCTION

In 1970, Congress created the Commission on the Bankruptcy Laws of the United States to study and recommend changes in bankruptcy laws. The Commission became operational in June 1971, and filed its final report with Congress on July 30, 1973. Its report was in two parts. Part I contained the Commission's findings and recommendations.

LEGISLATIVE HISTORY
P.L. 95–598
[page 120]

priate provision not inconsistent with the applicable provisions of the bankruptcy code.

Subsection (c) protects an individual debtor's exempt property by prohibiting its use, sale, or lease under a plan proposed by someone other than the debtor, unless the debtor consents.

*Section 1124. Impairment of claims or interests*

The basic concept underlying this section is not new. It rests essentially on Section 107 of Chapter X (11 U.S.C. 507), which states that creditors or stockholders or any class thereof "shall be deemed to be 'affected' by a plan only if their or its interest shall be materially and adversely affected thereby."

This section is designed to indicate when contractual rights of creditors or interest holders are not materially affected. It specifies three ways in which the plan may leave a claim or interest unimpaired.

First, the plan may propose not to alter the legal, equitable, or contractual rights to which the claim or interest entitled its holder.

Second, a claim or interest is unimpaired by curing the effect of a default and reinstating the original terms of an obligation when maturity was brought on or accelerated by the default. The intervention of bankruptcy and the defaults represent a temporary crisis which the plan of reorganization is intended to clear away. The holder of a claim or interest who under the plan is restored to his original position, when others receive less or get nothing at all, is fortunate indeed and has no cause to complain. Curing of the default and the assumption of the debt in accordance with its terms is an important reorganization technique for dealing with a particular class of claims, especially secured claims.

Third, a claim or interest is unimpaired if the plan provides for their payment in cash. In the case of a debt liability, the cash payment is for the allowed amount of the claim, which does not include a redemption premium. If it is an equity security with a fixed liquidation preference, such as a preferred stock, the allowed amount is such liquidation preference, with no redemption premium. With respect to any other equity security, such as a common stock, cash payment must be equal to the "value of such holder's interest in the debtor."

Section 1124 does not include payment "in property" other than cash. Except for a rare case, claims or interests are not by their terms payable in property, but a plan may so provide and those affected thereby may accept or reject the proposed plan. They may not be forced to accept a plan declaring the holders' claims or interests to be "unimpaired."

*Section 1125. Postpetition disclosure and solicitation*

This section extends disclosure requirements in connection with solicitations to all cases under chapter 11. Heretofore this subject was dealt with by the Bankruptcy Act mainly in the special contexts of railroad reorganizations and chapter X cases.

Subsection (a) defines (1) the subject matter of disclosure as "adequate information" and relates the standard of adequacy to an (2) "investor typical of holders or claims or interests of the relevant class." "Investor" is used broadly here, for it will almost always in-