**EXHIBIT 25**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Related Docket Nos. 18922, 19072, 19073, 19074**

**Hearing Date: September 29, 2008 at 10:00 a.m.**

# DEBTORS' TRIAL BRIEF IN SUPPORT OF OBJECTION TO THE UNSECURED CLAIMS ASSERTED UNDER THE DEBTORS' CREDIT AGREEMENTS DATED AS OF MAY 14, 1998 AND MAY 5, 1999

| | |
|---|---|
| KIRKLAND & ELLIS LLP | PACHULSKI STANG ZIEHL & JONES LLP |
| David M. Bernick, P.C. | Laura Davis Jones |
| Theodore L. Freedman | James E. O'Neill |
| Eric F. Leon | Timothy P. Cairns |
| 153 East 53rd Street | 919 North Market Street, 17th Floor |
| New York, New York 10022 | P.O. Box 8705 |
| | Wilmington, Delaware 19899-8705 |

Co-Counsel for Debtors and Debtors in Possession

K&E 13163123.6

unless the plan of reorganization incorporating the Proposed Asbestos Settlement is rejected. This is not a case, then, where the Debtors will "ultimately prove[] solvent." In re Colortex Indus., Inc., 19 F.3d at 1376. Therefore, the Lenders have no entitlement to any postpetition interest, and they certainly have no entitlement to postpetition interest at the contract rate of default.

## II. AN EXTENDED SOLVENCY PROCEEDING WOULD AT MOST CONFIRM THE APPROPRIATENESS OF THE AGREED-UPON RATES OF POSTPETITION INTEREST.

48. Embarking on a new estimation proceeding is pointless. Even if that proceeding were to establish the Debtors' solvency, the Creditors' Committee and the Lenders still would be left with no legal basis for demanding postpetition interest. In solvent debtor cases, courts have recognized two exceptions to section 502(b)'s bar against postpetition interest, one grounded in the "best interests" test of section 1129(a)(7) and the second grounded in the "fair and equitable" requirement of section 1129(b) of the Bankruptcy Code. But these exceptions are not only limited to solvent debtor cases, they also are limited to those creditors whose claims are "impaired." Indeed, the best interests test of section 1129(a)(7) expressly applies only to "each impaired class of claims or interests." 11 U.S.C. § 1129(a)(7). And the same restriction applies to the fair and equitable test of section 1129(b): "An impaired creditor in a solvent debtor case can demand postpetition interest under the 'fair and equitable' test of § 1129(b)(2). 'Unimpaired' creditors have no such rights." Solow v. PPI Enters. (U.S.), Inc. (In re PPI Enters. (U.S.), Inc.), 324 F.3d 197, 205 n.14 (3d Cir. 2003). Here, the Lenders are not impaired as a matter of law, and thus the exceptions found in section 1129 do not apply. And even if those exceptions do apply, the Lenders still have no entitlement to contractual default interest. Payment of contractual default interest is not required under the "best interests" test, and it certainly would not be "fair and equitable" to award such interest where, as here, the

23

Creditors' Committee and the Lenders are attempting to reap a windfall by reneging on their prior agreements.

### A. The Exceptions in Section 1129 of the Bankruptcy Code Will Never Apply Because the Lenders' Claims Are Not Impaired.

49. The question of whether a claim is impaired is governed by section 1124 of the Bankruptcy Code, which states in pertinent part: "Except as provided in section 1123(a)(4) of this title, a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan – (1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest[.]" 11 U.S.C. § 1124 (emphasis added). Consistent with this statutory language, the Third Circuit has made clear that a claim is only impaired under section 1124 of the Bankruptcy Code if a plan of reorganization itself, not some provision of the Bankruptcy Code, alters the alleged rights of a claimant. In re PPI Enterprises (U.S.), Inc., 324 F.3d at 204-05.

50. With respect to a creditor's claims, plan impairment occurs "when the debtor alters the 'legal, equitable, and contractual rights to which [their] claim entitles the holder of such claim," whereas statutory impairment occurs when "the operation of a provision of the [Bankruptcy] Code alters the amount that the creditor is entitled to under nonbankruptcy law." In re PPI Enters. (U.S.), Inc., 228 B.R. 339, 353 (Bankr. D. Del. 1998). The distinction between plan impairment and statutory impairment is critical in these cases. "A creditor's claim outside of bankruptcy is not the relevant barometer for impairment; [the court] must examine whether the plan itself is a source of limitation on a creditor's legal, equitable, or contractual rights." In re PPI Enters. (U.S.), Inc., 324 F.3d at 204. As long as a plan does not itself alter a creditor's rights but leaves such creditor subject to the other provisions of the Bankruptcy Code, the creditor's claim is unimpaired. Id. ("[W]e hold that where § 502(b)(6) alters a creditor's

24