**EXHIBIT 28**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                          :   Chapter 11
                                                :   Case No. 01-01139(JKF)
                                                :
W. R. GRACE & CO., et al.,                      :   (Jointly Administered)
                                                :
                        Debtors.                :
------------------------------------------------------------ X

### OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS' MEMORANDUM IN SUPPORT OF DEBTORS' MOTION TO EXCLUDE CERTAIN EXPERT OPINIONS RELATING TO CURRENT AND FUTURE ASBESTOS PERSONAL INJURY LIABILITY

The Official Committee of Equity Security Holders (the "Equity Committee") of W.R. Grace & Co. ("Grace") submits this memorandum in support of Grace's Motion to Exclude Expert Opinions in Connection with the Estimation of its Current and Future Asbestos Personal Injury Liability (the "Grace Motion").

#### Preliminary Statement

> "*Daubert* explains that the language of Rule 702 requiring the expert to testify to *scientific knowledge* means that the expert's opinion must be based on the 'methods and procedures of science' rather than 'subjective belief or unsupported speculation.'"[1]

The Equity Committee applauds and joins the Grace Motion in its entirety. Through the Grace Motion, Grace has for the first time brought logic and clear thinking to the historically muddled issue of estimating asbestos personal injury liabilities for purposes of bankruptcy reorganization. In particular, new light has been cast upon two pivotal questions: (1) *what* should the Court be estimating?; and (2) *what methods* should

---

[1] *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994) (quoting *Daubert v. Merrell Dow Pharmaceuticals*, Inc., 509 U.S. 579 (1993) (emphasis in original)).

KL3 2629416.4

*17577*

the Court accept as competent evidence in making that estimation? Grace's memorandum is comprehensive, and the Equity Committee does not wish to subject the Court to undo repetition. We therefore write separately only to make some brief observations pertinent to these two points.[2]

The Equity Committee represents the innumerable holders of more than 70 million shares of common stock of Grace. Grace stock is publicly traded and highly liquid, with average daily volume of more than 900,000 shares. At the current market price of about $26 (the price has ranged between $24 and $30 over the past three months), the market capitalization of Grace's equity is more than $1.8 billion. If there is any truth to market efficiency and the "wisdom of the crowd" – and there assuredly is – there can be no question about Grace's solvency. *See VFB LLC v. Campbell Soup Co.*, 482 F.3d 624, 633 (absent evidence of market distortion, market value of equity is the best evidence of solvency). Every day, hundreds of people make investments expressing their confidence that Grace's assets massively exceed its liabilities, including Grace's aggregate exposure for present and future asbestos personal injury liabilities.

Each dollar included in the Court's estimation of Grace's asbestos personal injury liabilities comes out of the equity holders' pockets. To the extent that the liabilities are real, legitimate obligations of the company, this is as it should be. Evidence presented to the Court in the forthcoming estimation trial will demonstrate that, as a matter of logic and epidemiological science, the number of individuals who could realistically have developed true asbestos-related disease from Grace products is diminishingly small.

---

[2] The Revised and Amended Case Management Order of the Estimation of Asbestos Personal Injury Liabilities allows the Equity Committee's memorandum to be 40 pages long; however, this memorandum is only 13 pages long. The Equity Committee has agreed to allow the Debtors to make use of the remaining 27 pages for the Grace Motion.