**<u>EXHIBIT 29</u>**

[Congressional Record: October 4, 1994]
From the Congressional Record Online via GPO Access [wais.access.gpo.gov]


                    BANKRUPTCY REFORM ACT OF 1994

   Mr. BROOKS. Mr. Speaker, I move to suspend the rules and pass the
bill (H.R. 5116) to amend title II of the United States Code, as
amended.
   The Clerk read as follows:


                             H.R. 5116


      Be it enacted by the Senate and House of Representatives of
    the United States of America in Congress assembled,

    SECTION 1. SHORT TITLE.

      (a) Short Title.--This Act may be cited as the   Bankruptcy
    Reform Act of 1994''.
      (b) Table of Contents.--The table of contents is as
    follows:

Sec. 1. Short title.

                 TITLE I--IMPROVED BANKRUPTCY ADMINISTRATION

Sec. 101. Expedited hearing on automatic stay.
Sec. 102. Jurisdiction to review interlocutory orders increasing or
              reducing certain time periods for filing plan.
Sec. 103. Expedited procedure for reaffirmation of debts.
Sec. 104. Powers of bankruptcy courts.
Sec. 105. Participation by bankruptcy administrator at meetings of
              creditors and equity security holders.
Sec. 106. Definition relating to eligibility to serve on chapter 11
              committees.
Sec. 107. Increased incentive compensation for trustees.
Sec. 108. Dollar adjustments.
Sec. 109. Premerger notification.
Sec. 110. Allowance of creditor committee expenses.
Sec. 111. Supplemental injunctions.
Sec. 112. Authority of bankruptcy judges to conduct jury trials in
              civil proceedings.
Sec. 113. Sovereign immunity.
Sec. 114. Service of process in bankruptcy proceedings on an insured
              depository institution.
Sec. 115. Meetings of creditors and equity security holders.
Sec. 116. Tax assessment.
Sec. 117. Additional trustee compensation.

                 TITLE II--COMMERCIAL BANKRUPTCY ISSUES

Sec. 201. Aircraft equipment and vessels; rolling stock equipment.
Sec. 202. Limitation on liability of non-insider transferee for avoided
              transfer.
Sec. 203. Perfection of purchase-money security interest.
Sec. 204. Continued perfection.
Sec. 205. Rejection of unexpired leases of real property or timeshare
              interests.
Sec. 206. Contents of plan.

partnership was formed.

### Section 213. Impairment of Claims and Interests

The principal change in this section is set forth in
subsection (d) and relates to the award of postpetition
interest. In a recent Bankruptcy Court decision in In re New
Valley Corp., 168 B.R. 73 (Bankr. D.N.J. 1994), unsecured
creditors were denied the right to receive postpetition
interest on their allowed claims even though the debtor was
liquidation and reorganization solvent. The New Valley
decision applied section 1124(3) of the Bankruptcy Code
literally by asserting, in a decision granting a declaratory
judgment, that a class that is paid the allowed amount of its
claims in cash on the effective date of a plan is unimpaired
under section 1124(3), therefore is not entitled to vote, and
is not entitled to receive postpetition interest. The Court
left open whether the good faith plan proposal requirement of
section 1129(a)(3) would require the payment of or provision
for postpetition interest. In order to preclude this unfair
result in the future, the Committee finds it appropriate to
delete section 1124(3) from the Bankruptcy Code.
     As a result of this change, if a plan proposed to pay a
class of claims in cash in the full allowed amount of the
claims, the class would be impaired entitling creditors to
vote for or against the plan of reorganization. If creditors
vote for the plan of reorganization, it can be confirmed over
the vote of a dissenting class of creditors only if it
complies with the ``fair and equitable'' test under
section 1129(b)(2) of the Bankruptcy code and it can be
confirmed over the vote of dissenting individual creditors
only if it complies with the ``best interests of
creditors'' test under section 1129(a)(7) of the
Bankruptcy Code.
     The words ``fair and equitable'' are terms of art that have
a well established meaning under the case law of the
Bankruptcy Act as well as under the Bankruptcy Code.
Specifically, courts have held that where an estate is
solvent, in order for a plan to be fair and equitable,
unsecured and undersecured creditors' claims must be paid in
full, including postpetition interest, before equity holders
may participate in any recovery. See, e.g., Consolidated Rock
Products Co. v. Dubois, 312 U.S. 510, 527, 61 S.Ct. 675, 685
(1941); Dentureholders Protective Committee of Continental
Inv. Corp., 679 F.2d 264 (1st Cir.), cert. denied, 459 U.S.
894 (1982) and cases cited therein.
     With respect to section 1124(1) and (2), subsection (d)
would not change the beneficial 1984 amendment to section
1129(a)(7) of the Bankruptcy code, which excluded from
application of the best interests of creditors test classes
that are unimpaired under section 1124.
     The other subsections deal with the issue of late-filed
claims. The amendment to section 502(b) is designed to
overrule In re Hausladen, 146 B.R. 557 (Bankr. D. Minn.
1992), and its progeny by disallowing claims that are not
timely filed. The amendment also specifies rules relating to
the filing of certain governmental claims. These changes are
not intended to detract from the ability of the court to
extend the bar date for claims when authorized to do so under
the Federal Rules of Bankruptcy Procedure. The amendments to

section 726(a) of the Code, governing the distribution of
property of the estate in a chapter 7 liquidation, conform to
the amendments to section 1129(b) and 502(b). The amendments
to paragraphs (2) and (3) of section 726(a) assure that the
disallowance of late-filed claims under new section 502(b)(4)
does not affect their treatment under section 726(a).

Section 214. Protection of security interest in postpetition rents

    Under current section 552 of the Bankruptcy Code, real
estate lenders are deemed to have a security interest in
postpetition rents only to the extent their security interest
has been ``perfected'' under applicable State law procedures,
Butner v. United States, 440 U.S. 48 (1979). Inclusion under
section 552, in turn, allows such proceeds to be treated as
``cash collateral'' under section 363(a) of the Bankruptcy
Code, which prohibits a trustee or debtor-in-possession from
using such proceeds without the consent of the lender or
authorization by the court. In a number of States, however,
it is not feasible for real estate lenders to perfect their
security interest prior to a bankruptcy filing; and, as a
result, courts have denied lenders having interests in
postpetition rents the protection offered under sections 552
and 363 of the Bankruptcy Code. See, e.g., In re Multi-Group
III Ltd. Partnership, 99 B.R. 5 (Bankr. D. Ariz. 1989); In re
Association Center Ltd. Partnership, 87 B.R. 142 (Bankr. W.D.
Wash. 1988); In re TM Carlton House Partners, Ltd., 91 B.R.
349 (Bankr. E.D. Pa. 1988); In re Metro Square, 93 B.R. 990
(Bankr. D. Minn. 1988). Section 214 provides that lenders may
have valid security interests in postpetition rents for
bankruptcy purposes notwithstanding their failure to have
fully perfected their security interest under applicable
State law. This is accomplished by adding a new provision to
section 552 of the Bankruptcy Code, applicable to lenders
having a valid security interest which extends to the
underlying property and the postpetition rents.
    Section 214 also clarifies the bankruptcy treatment of
hotel revenues which have been used to secure loans to hotels
and other lodging accommodations. These revenue streams,
while critical to a hotel's continued operations, are also
the most liquid and most valuable collateral the hotel can
provide to its financiers. When the hotel experiences
financial distress, the interests of the hotel operations,
including employment for clerks, maids, and other workers can
collide with the interests of persons to whom the revenues
are pledged. Section 214 recognizes the importance of this
revenue stream for the two competing interests and attempts
to strike a fair balance between them. Thus, subsection (a)
expressly includes hotel revenues in the category of
collateral in which postpetition revenues are subject to
prepetition security interests, and subsection (b) includes
such revenues in ``cash collateral'' as defined in section
363.
    These clarifications of the rights of hotel financiers are,
however, circumscribed. A critical limit is the ``equities of
the case'' provision in subsection (a) which is designed,
among other things, to prevent windfalls for secured
creditors and to give the courts broad discretion to balance
the protection of secured creditors, on the one hand, against
the strong public policies favoring continuation of jobs,