**EXHIBIT 31**

```
                                                                  1
 1
 2    UNITED STATES BANKRUPTCY COURT
 3    SOUTHERN DISTRICT OF NEW YORK
 4    - - - - - - - - - - - - - - - -x
 5    In the Matter of
 6         LORAL SPACE & COMMUNICATIONS    03-41710 (RDD)
           LTD., et al.,                   03-41709 to
 7                                         03-41728
                    Debtors.
 8    - - - - - - - - - - - - - - - -x
 9                            July 25, 2005
                              3:00 p.m.
10
                              United States Custom House
11                            One Bowling Green
                              New York, New York 10004
12
13
14
              CONFIDENTIAL TRANSCRIPT
15
16
17        BENCH RULING in the Matter of Loral Space &
18    Communications Ltd. and Space Systems/Loral, Inc.
19
20
21
22    B E F O R E:
23              HON. ROBERT D. DRAIN,
24                       U.S. Bankruptcy Judge.
25
```

```
                                                                    2
 1
 2   A P P E A R A N C E S:
 3
 4
         WEIL GOTSHAL & MANGES LLP
 5
             Attorneys for the Debtors
 6           767 Fifth Avenue
             New York, New York 10153
 7
     BY:     STEPHEN KAROTKIN, ESQ.
 8           THEODORE E. TSEKERIDES, ESQ.,
             SHAI Y. WAISMAN, ESQ.,
 9       BRUCE MEYER, ESQ.,
             LORI R. FIFE, ESQ.
10
11
12   AKIN GUMP STRAUSS HAUER & FELD LLP
13           Attorneys for the Official
             Committee of Unsecured Creditors
14           590 Madison Avenue
             New York, New York 10022
15
     BY:     DANIEL M. GOLDEN, ESQ.,
16           DAVID H. BOTTER, ESQ.,
         ANDREW ROSSMAN, ESQ.
17           JOHN W. BERRY, ESQ.
18
19
     SONNENSCHEIN, NATH & ROSENTHAL, ESQS.
20
         Attorneys for the Official
21           Committee of Equity and Security
             Note Holders
22           1221 Avenue of the Americas
             New York, New York 10020
23
     BY:     JOHN A. BICKS, ESQ.,
24           PETER WOLFSON, ESQ.,
             ARTHUR H. RUEGGOR, ESQ.
25
```

```
                                                              3
 1
 2   A P P E A R A N C E S  -  continued
 3
 4
         LOWENSTEIN SANDLER
 5
 6
         BY:  MICHAEL ETKIN, ESQ.
 7
 8
 9       CAROLYN S. SCHWARTZ
         UNITED STATES DEPARTMENT OF JUSTICE
10       OFFICE OF THE UNITED STATES TRUSTEE
                33 Whitehall Street
11              New York, New York 10004
12       BY:    PAMELA J. LUSTRIN, ESQ.,
                            of Counsel
13
14
15   A L S O    P R E S E N T:
16
     TONY CHRIST - Loral Stockholders Protective
17   Committee
18
19
20
21
22
23
24
25
```

20

1   LORAL SPACE AND COMMUNICATIONS, LTD.
2             THE COURT: All right. Let me
3   continue with my ruling on the request by Ltd. and
4   its subsidiary debtors for confirmation of their
5   joint Chapter 11 plan.
6             Based on my review of the plan and
7   disclosure statement, several days of testimony,
8   the briefs, and the exhibits, I find that the
9   debtors have satisfied the requirements of Sections
10  1129(a) and (b) of the Bankruptcy Code, and that
11  the plan should and will be confirmed.
12            I will discuss primarily those
13  sections or elements of Sections 1129(a) and (b) as
14  to which objections were raised, but I should note,
15  before I get to those objections, that Loral has
16  satisfied all of its burdens under 1129(a),
17  including in respect of feasibility under
18  Bankruptcy Code Section 1129(a)(11) and best
19  interests under Bankruptcy Code 1129(a)(7), which
20  were not objected to.
21            The primary objections to the plan
22  go to the plan's proposed cramdown of the preferred
23  and common shareholder classes, who would receive
24  no recovery under the plan. In addition, there is
25  an objection as to whether the plan is in good

```
                                                              21
 1            LORAL SPACE AND COMMUNICATIONS, LTD.
 2    faith, as required under Section 1129(a)(3) of the
 3    Bankruptcy Code.
 4              Let me address the cramdown
 5    objections first.  They hinge obviously on the
 6    assertion that Ltd., the parent and issuer of the
 7    preferred and common stock, is solvent, and that
 8    therefore the unsecured creditors of Ltd., and
 9    potentially creditors of the subsidiary debtors, as
10    well, are receiving more than full recovery on
11    their claims under the plan and thus that the plan
12    improperly deprives the shareholders of their
13    rightful recovery.
14              I conclude, based on my review of
15    the expert reports and testimony of the three
16    investment banking firms retained in the case, as
17    well as the testimony of Mr. Schwartz and the
18    arguments and exhibits raised and introduced by the
19    informal Loral Stockholders Protective Committee,
20    or "LSPC," that in fact Ltd. is insolvent.  Let me
21    summarize those findings first, and then I will go
22    into some detail as to my reasons for them.
23              I base my conclusion primarily upon
24    my review of the analyses done by the three
25    experts: Greenhill, Jeffries and Chanin, retained
```

37

LORAL SPACE AND COMMUNICATIONS, LTD.

1
2  constrained to accept that expense number as the
3  actual number that should be in the projections,
4  and, therefore, do not adjust the core valuation of
5  SS/L that I alluded to earlier.
6           Based on a 970 million dollar
7  enterprise value for Ltd., the debtors at the
8  parent company level are insolvent, whether one
9  applies a contract rate of interest or a Federal
10 judgement rate of interest to the unsecured claims.
11 Nevertheless, let me briefly address that issue,
12 because it has been addressed by the parties and is
13 one of the two additional factors that the equity
14 committee contends ultimately renders the debtors
15 insolvent.
16          Section 502(b)(2) of the Bankruptcy
17 Code disallows claims for unmatured interest.
18 Notwithstanding that fact, the courts have long
19 recognized that where a debtor is solvent, it is
20 inequitable and improper for shareholders to
21 recover before the debtors' unsecured creditors
22 receive postpetition interest. To permit such a
23 recovery by shareholders would give them a windfall
24 at the expense of the unsecured creditors who have
25 had to wait through the course of the case to