IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |

**STIPULATION RESOLVING CLAIMS OF**
**MADISON COMPLEX, INC. (CLAIM NOS. 6079 AND 18499)**

This stipulation ("Stipulation") is entered into this 15th day of July 2009, between W. R. Grace & Co. ("Grace") and its affiliates (collectively, the "Debtors") and Madison Complex, Inc. ("Claimant").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

**WHEREAS**, on April 22, 2002, the Bankruptcy Court issued its *Order as to all Non-asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice Program* (the "Bar Date Order"), which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims. [Docket No. 1963].

**WHEREAS**, on or about March 26, 2003, Claimant filed a proof of claim ("Claim No. 6079") against the Debtors asserting a contingent unliquidated claim for potential environmental liabilities to the United States Environmental Protection Agency stemming from Madison Complex's prior ownership of a vermiculite expanding facility in Minneapolis, Minnesota, which Madison Complex allegedly purchased from Grace in October 1989 and sold in October 2006.

**WHEREAS**, on or about January 30, 2008, Madison Complex filed Claim No. 18499 asserting a liquidated claim in the amount of $779,372.60 for economic damages that Madison Complex allegedly suffered through diminished rental and sales proceeds from the property it purchased from Grace.

**WHEREAS**, on or about May 22, 2009, the Debtors filed their Substantive and Non-Substantive Objection to Claims filed by Madison Complex, Inc., in which the Debtors sought to disallow and expunge Claim No. 6079 and Claim No. 18499.

**WHEREAS**, the Debtors and Claimant have now agreed to settle Claim No. 6079 and Claim No. 18499 on the terms and conditions set forth herein.

**NOW, THEREFORE**, after a thorough review of Claim No. 6079 and Claim No. 18499, discussion and negotiations, for good and valuable consideration, the parties hereby stipulate and agree as follows:

1. Claim No. 6079 shall be disallowed and expunged for all purposes.

2. Claim No. 18499 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $49,500.  Claimant shall not be entitled to pre-petition or post-petition interest on Claim No. 18499 with respect to any period prior to the effective date of a confirmed chapter 11 plan or plans with respect to the Debtors (the "Plan").  Claim No. 18499 shall be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to the Plan (except with respect to the payment of interest as described above).

3. Upon execution of this Stipulation by all parties, the Debtors shall direct their claims agent, Rust Consulting, Inc., to mark the Debtors' claims register to reflect that Claim No. 18499 referenced above shall be allowed as outlined herein.

4. Claimant agrees that it is forever barred, estopped, and enjoined from asserting any additional claims against the Debtors other than enforcement of the obligations of the Debtors set forth in this Stipulation.

5. The parties shall take whatever additional action, if any, is necessary to make sure that Claim No. 6079 is disallowed and expunged for all purposes and that Claim No. 18499 is allowed as outlined herein.

6. Pursuant to the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding* [Docket No. 936], dated September 18, 2001 (the "Settlement Order") no approval of this Stipulation by this Court is required and upon execution of this Stipulation by the parties, the Stipulation shall be binding upon all parties including the Debtors.

7. Pursuant to the Settlement Order, upon execution of this Stipulation by the parties, the Stipulation shall be binding upon all parties, including the Debtors.

8. Each party executing this Stipulation represents that such party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The parties further agree that facsimile signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

9. If for any reason this Stipulation does not become effective as outlined in the Settlement Order, then (a) this Stipulation shall be null and void and the parties shall not be bound hereunder or under any documents executed in connection herewith; (b) the parties shall have no liability to one another arising out of or in connection with this Stipulation or under any documents executed in connection herewith; (c) this Stipulation and any documents prepared in connection herewith shall have no residual or probative effect or value and it shall be as if they had never been executed and (d) this Stipulation and any statements made in connection herewith may not be used as evidence in any litigation between the parties.

10. This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the parties of the validity of any liability or defense with respect to matters set forth herein.

11. The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

Madison Complex, Inc.

By: _____
Mr. Lee Darweek
300 Greenview Dr.
St. Paul, MN 55112

Date: 14 July 2009

W. R. Grace & Co., et al.

By: _____
William Corcoran
Vice President of Public
and Regulatory Affairs
W. R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

Date: 7/15/09

5