## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) (Jointly Administered) |
| Debtors. | **Ref. No. 22153** |

### LIBBY CLAIMANTS' MOTION TO COMPEL DEBTORS AND ARROWOOD TO RESPOND TO DISCOVERY REQUESTS IN CONNECTION WITH DEBTORS' MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT AND MUTUAL RELEASE WITH THE ROYAL PARTIES

Claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move to compel the Debtors and Arrowood Indemnity Company f/k/a Royal Indemnity Company ("Arrowood") to respond to the Libby Claimants' discovery requests served in connection with the Debtors' Motion for an Order Approving the Settlement Agreement and Mutual Release with Royal Parties [Docket No. 22153] (the "Settlement Motion"). In support of this Motion, the Libby Claimants state:

1.      On June 17, 2009, the Debtors filed the Settlement Motion seeking this Court's approval of the a proposed settlement agreement (the "Proposed Settlement"), whereby the Debtors would receive $5.8 million in exchange for releasing the Royal Parties from all of their obligations under certain insurance policies (the "Subject Policies"). Apart from stating that the Subject Policies include two high level excess policies that were provided to the Debtors and certain other policies issued to the Zonolite Company prior to 1963 that the Debtors claim were fully settled pursuant to the 1995 Settlement Agreement between the Debtors and Royal

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 21365], as it may be amended and restated from time to time.

Indemnity Company (the "1995 Settlement Agreement"), the Motion says nothing about the types of coverage provided by the Subject Policies, any aggregate limits on claims payable under one or more of the coverages provided, or the pending objections by the Libby Claimants to the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated February 27, 2009 [Docket No. 20872] that relate, in part, to the Proposed Settlement—in short, no information on which this Court or any interested party could make a reasonably informed decision about whether or not the Proposed Settlement is in the best interest of the Debtors' estate.

2.      As is more fully set forth in the Libby Claimants' Objection to Debtors' Motion to Approve Settlement with Royal Parties dated July 10, 2009 (the "Libby Objection"), the Subject Policies include policies that by their terms provide ten years of primary coverage for asbestos personal injury claims.  It is undisputed that the 1995 Settlement Agreement settled all *products coverage* under these primary policies.   The Libby Claimants are concerned, however, that valuable *non-products coverage* remained unresolved under the 1995 Settlement Agreement, yet is being surrendered under the Proposed Settlement.[2]  The proponents of the Proposed Settlement take the position that the 1995 Settlement Agreement, by its terms, released non-products asbestos coverage.  However, the agreement is at best ambiguous on this point.  Accordingly, on June 25, 2009, the Libby Claimants served document requests on both the Debtors and Arrowood seeking parol evidence concerning the meaning of the 1995 Settlement Agreement. Copies of the documents requests are attached hereto as Exhibits A and B.  To date, the Libby Claimants have received only a partial response to their request for production of documents on this issue.  The Debtors have selected and provided approximately 10 pages of correspondence

---

[2] The Libby Objection sets forth other objections to the Proposed Settlement, but these issues are not addressed here because they are not the subject of any discovery requests.

dating back to the 1995 Settlement Agreement but have not indicated if the production represents all documents in its files concerning the 1995 Settlement Agreement, including drafts of the agreement, as the document request asks for.  Arrowood produced over 1300 pages of documents (some documents were produced more than once and most of the pages are from recent filings associated with the Chapter 11 plan and disclosure statement), but only the 1995 Settlement Agreement and about 14 other pages could be deemed responsive to the document request.  Arrowood has indicated that it is withholding from production drafts of the 1995 Settlement Agreement and, like the Debtors, has not indicated whether the production represents all documents in its files concerning the 1995 Settlement Agreement, other than the drafts that are being withheld.  After receiving a complete production of documents concerning this issue, the Libby Claimants may (or may not) need to depose a Royal and/or a Debtors witness concerning the 1995 Settlement Agreement.

3.      In addition to the questions concerning the scope of the 1995 Settlement Agreement, the Libby Claimants seek to understand the consideration exchanged by the Proposed Settlement.  The Proposed Settlement was negotiated on the premise—accepted by both the estate representatives and insurer—that the 1995 Settlement Agreement had already disposed of all asbestos coverage under the primary policies.  Upon information and belief, the estate representatives did not bargain for any consideration whatsoever for the release, under the Proposed Settlement, of unresolved coverage under the primary policies.  If true, this would bear on whether the Proposed Settlement is in the best interests of the bankruptcy estate, including whether the scope of the injunctive protection that the Royal Parties will receive is over-broad (the injunction will protect the Royal Parties not only in respect of the excess policies that Royal is paying to settle but also the primary policies for which Royal is paying nothing).  Accordingly,

on July 15, 2009, the Libby Claimants noticed a deposition of the Debtors under Fed. R. Civ. P. 30(b)(6) for July 23, 2009 in Wilmington, Delaware. A copy of the deposition notice is attached hereto as Exhibit C. Counsel to the Debtors has advised the Libby Claimants that a representative of the Debtors will not be made available for the noticed deposition. Instead, the Debtors intend to file a declaration with this Court that it perceives will address the Libby Claimants questions concerning the Proposed Settlement. Having reviewed a draft of the declaration, the Libby Claimants do not agree that the declaration addresses their concerns or that such declaration is an adequate substitute for the Libby Claimants' right to complete discovery, including the ability to depose, sufficiently in advance of the hearing so as to be able to adequately prepare, a witness whose testimony the Debtors apparently intend to offer.

4.      Given the broad parameters afforded discovery, the information sought by the Libby Claimants has clear and unequivocal relevance to the issues raised by the Settlement Motion and Proposed Settlement. It is axiomatic that pretrial discovery is "accorded a broad and liberal treatment." Hickman v. Taylor, 328 U.S. 495, 507 (1947); In re Madden, 151 F.3d 125, 128 (3d Cir. 1998). Thus, "although delineating the boundaries of appropriate discovery can be challenging and difficult, discovery will be permitted 'unless it is clear that the information sought can have no possible bearing upon the subject matter of the action.'" Marshall v. Electric Hose & Rubber Co., 68 F.R.D. 287, 295 (D. Del. 1975) (citing La Chemise Lacoste v. Alligator Co., 60 F.R.D. 164, 171 (D. Del. 1973)). The existence of valuable unsettled insurance coverage over and above such coverage, which is being released by the estate pursuant to the comprehensive release included in the Proposed Settlement, and the consideration or lack thereof for such release, are issues that go to the heart of whether the Proposed Settlement is in the best interests of the estate. Due process of law requires that the Libby Claimants be afforded a fair

opportunity for discovery concerning this issue. Indeed, courts afford considerable latitude in discovery in order to ensure that the case proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman, 329 U.S. at 501. The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." United States v. Procter & Gamble, 356 U.S. 677, 683 (1958). The Libby Claimants should not be in a position where the Debtors and Arrowood can selectively respond to discovery requests. This Court should compel the Debtors and Arrowood to provide complete responses to the discovery requests and for the Debtors to provide a representative to respond to questions, under oath, concerning the Proposed Settlement.

WHEREFORE, the Libby Claimants respectfully request the entry of an Order granting (i) the Motion; and (ii) such other and further relief as the Court may deem just and proper.

Dated: July 16, 2009
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for Libby Claimants*