# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) Jointly Administered |
| Debtors. | Ref. No. 22153 |

### LIBBY CLAIMANTS' FIRST REQUEST TO DEBTORS FOR PRODUCTION OF DOCUMENTS IN CONNECTION WITH DEBTORS' MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT AND MUTUAL RELEASE WITH THE ROYAL PARTIES

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 34, made applicable hereto by Federal Rules of Bankruptcy Procedure 7034 and 9014, the claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] hereby request that the Debtors produce for inspection and copying the documents described herein which are in its possession, custody or control to the offices of Cohn Whitesell & Goldberg LLP, 101 Arch Street, Boston, Massachusetts, 02110, by 10 a.m. (Boston time) on July 2, 2009, or at such other time and place as may be ordered by the Court or agreed to by counsel.

### DEFINITIONS

Every term used in this request for production of documents with initial capitalization that is defined in the Settlement Agreement attached as Exhibit A to the Debtors' Motion for an Order Approving Settlement Agreement and Mutual Release with the Royal Parties dated June 17, 2009 [Docket No. 22153] shall have the same meaning in this request for production of

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 21365], as it may be amended and restated from time to time.

{393.001-W0000858.}

documents as in the Settlement Agreement. In all other instances, the following definitions shall apply to this request for production of documents:

A. The term "document" means all materials within the full scope of Rule 34 of the Federal Rules of Civil Procedure.

B. A "communication" shall mean the transmittal of information, whether in the form of facts, ideas, inquires, or otherwise.

C. "Concerning," or any derivative thereof, shall mean referring to, describing, evidencing, or constituting.

D. "Identify," as it refers to a natural person, shall mean to state a person's full name, present or last-known address, and present or last-known place of employment; "identify," as it refers to a document, shall mean to state the type, general subject matter, date, author(s), addressee(s), and recipient(s) of the document.

E. "Person," shall mean any natural person or any business, legal, or governmental entity or association.

F. The words "relate to" or "relating to," when used in any of the requests below, shall mean recording, summarizing, digesting, referencing, commenting upon, describing, reporting, listing, analyzing, studying, or otherwise discussing or mentioning in any way a subject matter identified in the request.

G. The words "you" or "your" mean the Debtors.

## INSTRUCTIONS

H. When necessary to give a broader usage to any item of this request, "and" includes "or" and vice versa, the past tense includes the present and vice versa, the singular includes the plural and vice versa, and "any" includes "all" and vice versa.

I.   Specify which documents are produced in response to each numbered request and from whose files each document is being produced.

J.   If any document responsive to this request was in your possession or control but has been disposed of, lost, discarded, destroyed, or is otherwise currently unavailable: state its author, preparer or originator, addressee(s), recipient(s), date, subject matter, and all persons to whom copies were directed, furnished or addressed; describe the contents of the document; state when the document was within the Debtors' control or possession; state the last known location(s) of each such document and any additional copies thereof; and state the date or approximate time of the disposition, loss, destruction or discarding of each such document, the reason therefor, and the person or persons responsible therefor.

K.   If the attorney-client, work product or any other privilege is claimed as to any document requested herein, state in writing, on or before the date of production: the nature (e.g., letter, memorandum, tape, etc.), date, subject matter and author, preparer or originator of each such document; the names of all persons to or by whom such document was furnished, directed, addressed or received; and the basis for each such claim of privilege.

L.   If any document herein requested cannot be produced in full, produce the document to the extent possible, identifying any portion of the document which can not be so produced and specifying the reasons for the inability to produce the remainder of the document.

M.   This request is a continuing one. If, after producing the requested documents, you obtain or become aware of any further documents responsive to this request, you are required to produce such additional documents to the Libby Claimants.

3

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All settlement agreements by and between a Grace Party and a Royal Party, including the 1995 Settlement Agreement and drafts thereof.

2. All documents of the Grace Parties, or any of them, concerning the 1995 Settlement Agreement, including but not limited to the negotiation thereof (prior to execution) and the interpretation thereof (after execution).

3. All documents constituting communications, including all correspondence, between any Grace Party and any Royal Party relating to the 1995 Settlement Agreement, including but not limited to (a) communications in the course of negotiation of the 1995 Settlement Agreement and (b) communications thereafter, including but not limited to communications concerning (i) submission of claims under any of the Subject Insurance Policies following execution of the 1995 Settlement Agreement and (ii) the letter dated May 5, 2006 from Carl Pernicone and Jay Hughes to Jon Moyers.

4. All "secondary evidence" referred to in paragraph VII.G of the Settlement Agreement, specifically, all "secondary evidence as has been previously been exchanged by the Parties."

Dated: June 25, 2009
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Kerri Mumford
_____
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

*Counsel for Libby Claimants*

5

{393.001-W0000858.}