# Addendum A

## ADDENDUM A[1]

### PHASE I INSURERS' PROPOSED PROVISIONS REGARDING

### INSURANCE NEUTRALITY

1.1 DEFINED TERMS

16.     "Asbestos Insurer Coverage Defenses" shall mean all rights and defenses at law or in equity that any Asbestos Insurance Entity may have under any Asbestos Insurance Policy, Asbestos Insurance Settlement Agreement, Asbestos In-Place Insurance Coverage, or applicable law to a claim seeking insurance coverage.  Asbestos Insurer Coverage Defenses include any defense based on the terms of the Plan or the Plan Documents or the manner in which the Plan or Plan Documents were negotiated; but Asbestos Insurer Coverage Defenses does not include any defense that the Plan or any of the Plan Documents do not comply with the Bankruptcy Code.  In the event that it is finally determined in the Bankruptcy Case that the Bankruptcy Code authorizes the transfer of Asbestos Insurance Rights pursuant to the Asbestos Insurance Transfer Agreement by preempting any terms of the Asbestos Insurance Policies or provisions of applicable non-bankruptcy law that might otherwise prohibit such transfer, Asbestos Insurer Coverage Defenses shall not include any defense that the transfer of Asbestos Insurance Rights pursuant to the Asbestos Insurance Transfer Agreement is prohibited by any Asbestos Insurance Policy, any Asbestos Insurance Settlement Agreement, any Asbestos In-Place Insurance Coverage or applicable non-bankruptcy law.

---

[1] The revised language in this proposed neutrality section is based on the Fourth Amended Joint Plan of Reorganization for Debtors and Debtors-in-Possession § 10.4.1.2, *In re Federal-Mogul Global, Inc.*, No. 01-10578 (Bankr. D. Del. Feb. 7, 2008); *see also* Stipulation and Agreed Order ¶ 7(f), *DII Indus. LLC v. Federal-Mogul Prods., Inc. (In re Federal-Mogul Global, Inc.)*, No. 01-AP-09018 (Bankr. D. Del. June 30, 2006); Stipulation and Agreed Order, Exhibit A ¶ 16, *In re Kaiser Alum. Corp.*, No. 02-10429 (Bankr. D. Del. Nov. 15, 2005).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

7.15  INSURANCE NEUTRALITY

(a)     Except to the extent provided in this Section 7.15, notwithstanding anything to the contrary in the Confirmation Order, the Plan or any of the Plan Documents, nothing in the Confirmation Order, the Plan or any of the Plan Documents (including any other provision that purports to be preemptory or supervening), shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect.

(b)     The Plan, the Plan Documents, and the Confirmation Order shall be binding on the Debtors, the Reorganized Debtors, the Asbestos PI Trust and the holders of Class 6 Asbestos PI Claims; provided, however, that to the extent that an Asbestos Insurance Entity is or may be a holder of a Class 6 Asbestos PI Claim, the Plan, the Plan Documents, and the Confirmation Order shall only be binding on the Asbestos Insurance Entity in its capacity as a holder of a Class 6 Asbestos PI Claim, and not in its capacity as an insurer, or alleged insurer, or in any other capacity.  The obligations, if any, of the Asbestos PI Trust to pay holders of Asbestos PI Claims shall be determined pursuant to the Plan, the Plan Documents, and the Confirmation Order.  None of (I) the Bankruptcy Court's or District Court's approval of the Plan or the Plan Documents, (II) the Confirmation Order or any findings and conclusions entered with respect to Confirmation, (III) any judgment, order, finding of fact, conclusion of law, determination or statement (written or verbal, made on or off the record) made by the Bankruptcy Court or issued or affirmed by the District Court pursuant to 11 U.S.C. § 524(g)(3), nor (IV) any estimation or valuation of Asbestos PI Claims, either individually or in the aggregate

2

(including, without limitation, any agreement as to the valuation of Asbestos PI Claims or any value attributed to the Asbestos PI Trust Assets) in the Chapter 11 Cases or otherwise, shall, with respect to any Asbestos Insurance Entity (including on the basis of the decision in UNR Industries, Inc. v. Continental Casualty Co., 942 F. 2d. 1101 (7th Cir. 1991)), constitute a trial or hearing on the merits or an adjudication or judgment; or trigger or accelerate the obligations, if any, of any Asbestos Insurance Entity under its Asbestos Insurance Policies, Asbestos In-Place Insurance Coverage, Asbestos Insurance Settlement Agreements or Asbestos Insurance Reimbursement Agreements, as applicable; or be used as evidence or argument in any forum to prove or claim:

(i)      that any of the Debtors, the Reorganized Debtors, the Asbestos PI Trust, or any Asbestos Insurance Entity is liable for, or otherwise obligated to indemnify or pay with respect to, any individual Asbestos PI Claim or Demand;

(ii)     that the procedures established by the Plan, including without limitation the Trust Distribution Procedures, for evaluating and paying Asbestos PI Claims and Demands (including the medical, causation or exposure criteria and disease values) are reasonable or appropriate;

(iii)    that the procedures established by the Plan, including without limitation the Trust Distribution Procedures, for evaluating and paying Asbestos PI Claims and Demands (including the medical, causation or exposure criteria and disease values) are consistent with any procedures that were used to evaluate or settle Asbestos PI Claims against the Debtors before the Petition Date;

(iv)    that the settlement of, or the value assigned to, any individual Asbestos PI Claim pursuant to the Trust Distribution Procedures was, is or will be reasonable and/or otherwise appropriate;

(v)    that any of the Asbestos Insurance Entities participated in the negotiation of and/or consented to the Plan or any of the Plan Documents including without limitation, the Trust Distribution Procedures;

(vi)    that any of the Debtors or the Asbestos PI Trust has suffered an insured loss with respect to any Asbestos PI Claim or Demand; or

(vii)    (A) the liability of the Debtors, the Reorganized Debtors, or the Asbestos PI Trust for Asbestos PI Claims or Demands, whether such Asbestos PI Claims or Demands are considered individually or on an aggregate basis; or (B) the value of such Asbestos PI Claims or Demands, individually or in the aggregate.

(c)    Except as provided in this Section 7.15, the rights of Asbestos Insurance Entities shall be determined under the Asbestos Insurance Policies, Asbestos In-Place Insurance Coverage, Asbestos Insurance Reimbursement Agreements, or Asbestos Insurance Settlement Agreements, as applicable.

(d)    Nothing in the Plan or the Plan Documents shall affect or limit, or be construed as affecting or limiting, the protection afforded to any Settled Asbestos Insurance Company by the Asbestos PI Channeling Injunction.

(e)    Nothing in this Section 7.15 is intended or shall be construed to preclude otherwise applicable principles of res judicata or collateral estoppel from being applied against any Asbestos Insurance Entity with respect to any issue that is actually litigated

by such Asbestos Insurance Entity as part of its objections, if any, to confirmation of the Plan or as part of any contested matter or adversary proceeding filed in conjunction with or related to confirmation of the Plan. Except to the extent that transfer of Asbestos Insurance Rights pursuant to the Asbestos Insurance Transfer Agreement is approved by Final Order and/or a Final Order issues providing that Asbestos Insurance Entities that are parties to Asbestos Insurance Reimbursement Agreements shall be bound by the provisions of Section 7.2.2(d)(iv) with respect to such Asbestos Insurance Reimbursement Agreements, neither the Phase I Objections by Asbestos Insurance Entities (which were later withdrawn) nor the litigation of the Phase II Objections by Asbestos Insurance Entities shall be deemed to constitute litigation of any Asbestos Insurer Coverage Defense and shall not have any res judicata or collateral estoppel effect with respect to any Asbestos Insurer Coverage Defense.

(f)     Except as otherwise provided in this Section 7.15, nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any, of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

(g)     [The issue addressed in Section 7.15(g) is a Phase II issue that will be litigated before the Court. Should the Court rule in favor of Asbestos Insurance Entities on this issue, this subsection would have to be eliminated or modified.] Notwithstanding the provisions of this Section 7.15, Asbestos Insurance Entities shall be bound by the Court's findings and conclusions that, under the Bankruptcy Code, the transfer of rights under the Asbestos Insurance Transfer Agreement is valid and enforceable against each

5

Asbestos Insurance Entity notwithstanding any anti-assignment provision in or incorporated into any Asbestos Insurance Policy, Asbestos In-Place Insurance Coverage, Asbestos Insurance Reimbursement Agreement, Asbestos Insurance Settlement Agreement or applicable non-bankruptcy law.

(h)     [The issue addressed in Section 7.15(h) is a Phase II issue that will be litigated before the Court.  Should the Court rule in favor of Asbestos Insurance Entities on this issue, this subsection would have to be eliminated or modified.]  The Asbestos Insurance Entities shall be subject to the releases and injunctions to the extent described in this Plan, and this Section 7.15 is not intended nor shall it be construed to limit the protections afforded to the Sealed Air Indemnified Parties or the Fresenius Indemnified Parties by such releases and injunctions or to allow the Asbestos Insurance Entities to undertake any action against any of the Sealed Air Indemnified Parties or the Fresenius Indemnified Parties that is contrary to such releases and/or injunctions.

(i)     If an Asbestos Insurance Entity that is not a Settled Asbestos Insurance Company asserts that it has rights of contribution, indemnity, reimbursement, subrogation, or other similar claims (collectively, for purposes of this Section 7.15(i), "Contribution Claims") against a Settled Asbestos Insurance Company, (a) such Contribution Claims may be asserted as a defense or offset against the Asbestos PI Trust or the Reorganized Debtors (as applicable) in any Asbestos Insurance Action including such Asbestos Insurance Entity that is not a Settled Asbestos Insurance Company, and the Asbestos PI Trust or the Reorganized Debtors (as applicable) may assert the legal or equitable rights, if any, of the Settled Asbestos Insurance Entity, and (b) to the extent such Contribution Claim is determined to be valid, pursuant to a Final Order, the liability

(if any) of such Asbestos Insurance Entity that is not a Settled Asbestos Insurance Company to the Asbestos PI Trust or the Reorganized Debtors (as applicable) shall be reduced by the amount of such Contribution Claim.

(j)     [The issue addressed in Section 7.15(j) is a Phase II issue that will be litigated before the Court.  Should the Court rule in favor of Asbestos Insurance Entities on this issue, this subsection would have to be eliminated or modified.]  Asbestos Insurance Entities that are parties to Asbestos Insurance Reimbursement Agreements shall be bound by the provisions of Section 7.2.2(d)(iv) with respect to such Asbestos Insurance Reimbursement Agreements.

(k)     The Asbestos Insurance Entities have not consented to the Plan or the Plan documents, including without limitation the Trust Distribution Procedures applicable to the WRG Asbestos PI Trust, and have not consented to the payment of any monies by the Trust with respect to any Asbestos PI Claims.

(l)     Notwithstanding anything to the contrary in the Plan or the Plan Documents, including the provisions of Section 7.15(h), (a) any entity (including the Trust, any Reorganized Debtor and any non-Debtor Affiliate) that tenders a Claim to an Asbestos Insurance Entity shall be responsible, for purposes of such Claim, for any retrospective insurance premium, self-insured retention, deductible, or similar obligation of the insured under the Asbestos Insurance Policies with respect to such Claim; (b) with respect to any self-insured retention, deductible or similar obligation, any Asbestos Insurance Entity to which such Claim is tendered may seek to establish, as a coverage defense, that such tendering entity has not fulfilled the obligations of the insured under the Asbestos Insurance Policies in respect of which such Claim was tendered; and (c)

with respect to any retrospective insurance premium or similar obligation, any Asbestos Insurance Entity to which such Claim is tendered may offset the amount of such retrospective insurance premium or similar obligation against any amount otherwise payable by such Asbestos Insurance Entity on account of such Claim under its Asbestos Insurance Policies.

(m)    Except as provided in Section 7.15(g), nothing in the Plan, the Plan Documents or the Confirmation Order shall relieve (by way of injunction or otherwise) any Reorganized Debtor, any non-Debtor Affiliate or any entity (including the Trust) that is or claims to be entitled to defense or indemnity under an Asbestos Insurance Policy from the duty to comply with the duties, terms and conditions of such Asbestos Insurance Policy, Asbestos Insurance Settlement Agreement  or under applicable law applicable to the insured.   The Asbestos PI Trust shall be bound by the duties, terms and conditions of any Asbestos Insurance Policy or Asbestos Insurance Settlement Agreement that set forth, define or limit the Asbestos Insurance Rights that are transferred to the Trust under the Asbestos Insurance Transfer Agreement.

## ADDENDUM A

## (Black-Lined from Current Plan Provisions)[1]

**PHASE I INSURERS' PROPOSED PROVISIONS REGARDING**

**INSURANCE NEUTRALITY**

1.1 DEFINED TERMS

16.     "Asbestos Insurer Coverage Defenses" shall mean all rights and defenses at law or in equity that any Asbestos Insurance Entity may have under any Asbestos Insurance Policy, Asbestos Insurance Settlement Agreement, Asbestos In-Place Insurance Coverage, or applicable law to a claim seeking insurance coverage.  Asbestos Insurer Coverage Defenses include any defense based on the terms of the Plan or the Plan Documents or the manner in which the Plan or Plan Documents were negotiated; but Asbestos Insurer Coverage Defenses do**es** not include any defense that ~~(i)~~ the Plan or any of the Plan Documents do not comply with the Bankruptcy Code~~, or (ii)~~**.  In the event that it is finally determined in the Bankruptcy Case that the Bankruptcy Code authorizes** the transfer of Asbestos Insurance Rights pursuant to the Asbestos Insurance Transfer Agreement **by preempting any terms of the Asbestos Insurance Policies or provisions of applicable non-bankruptcy law that might otherwise prohibit such transfer, Asbestos Insurer Coverage Defenses shall not include any defense that the transfer of Asbestos Insurance Rights pursuant to the Asbestos Insurance Transfer Agreement** is prohibited by any Asbestos Insurance Policy, any Asbestos Insurance

---

[1] The revised language in this proposed neutrality section is based on the Fourth Amended Joint Plan of Reorganization for Debtors and Debtors-in-Possession § 10.4.1.2, *In re Federal-Mogul Global, Inc.*, No. 01-10578 (Bankr. D. Del. Feb. 7, 2008); *see also* Stipulation and Agreed Order ¶ 7(f), *DII Indus. LLC v. Federal-Mogul Prods., Inc.* (*In re Federal-Mogul Global, Inc.*), No. 01-AP-09018 (Bankr. D. Del. June 30, 2006); Stipulation and Agreed Order, Exhibit A ¶ 16, *In re Kaiser Alum. Corp.*, No. 02-10429 (Bankr. D. Del. Nov. 15, 2005).

Settlement Agreement, any Asbestos In-Place Insurance Coverage or applicable non-bankruptcy law.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

7.15  INSURANCE NEUTRALITY

(a)     Except to the extent provided in this Section 7.15, notwithstanding anything to the contrary in the Confirmation Order, the Plan or any of the Plan Documents, nothing in the Confirmation Order, the Plan or any of the Plan Documents (including any other provision that purports to be preemptory or supervening), shall in any way operate to, or have the effect of, impairing any Asbestos Insurance Entity's legal, equitable or contractual rights, if any, in any respect.

(b)     The Plan, the Plan Documents, and the Confirmation Order shall be binding on the Debtors, the Reorganized Debtors, the Asbestos PI Trust and the ~~beneficiaries~~**holders** of ~~the~~**Class 6** Asbestos PI ~~Trust~~**Claims; provided, however, that to the extent that an Asbestos Insurance Entity is or may be a holder of a Class 6 Asbestos PI Claim, the Plan, the Plan Documents, and the Confirmation Order shall only be binding on the Asbestos Insurance Entity in its capacity as a holder of a Class 6 Asbestos PI Claim, and not in its capacity as an insurer, or alleged insurer, or in any other capacity**.  The obligations, if any, of the Asbestos PI Trust to pay holders of Asbestos PI Claims shall be determined pursuant to the Plan, the Plan Documents, and the Confirmation Order.  **None of (I) the Bankruptcy Court's or District Court's approval of the Plan or the Plan Documents, (II) the Confirmation Order or any findings and conclusions entered with respect to Confirmation, (III) any judgment, order, finding of fact, conclusion of law, determination or statement**

2

(written or verbal, made on or off the record) made by the Bankruptcy Court or issued or affirmed by the District Court pursuant to 11 U.S.C. § 524(g)(3), nor (IV) any estimation or valuation of Asbestos PI Claims, either individually or in the aggregate (including, without limitation, any agreement as to the valuation of Asbestos PI Claims or any value attributed to the Asbestos PI Trust Assets) in the Chapter 11 Cases or otherwise, shall, with respect to any Asbestos Insurance Entity (including on the basis of the decision in UNR Industries, Inc. v. Continental Casualty Co., 942 F. 2d. 1101 (7th Cir. 1991)), constitute a trial or hearing on the merits or an adjudication or judgment; or trigger or accelerate the obligations, if any, of any Asbestos Insurance Entity under its Asbestos Insurance Policies, Asbestos In-Place Insurance Coverage, Asbestos Insurance Settlement Agreements or Asbestos Insurance Reimbursement Agreements, as applicable; or be used as evidence or argument in any forum to prove or claim:

> (i)    that any of the Debtors, the Reorganized Debtors, the Asbestos PI Trust, or any Asbestos Insurance Entity is liable for, or otherwise obligated to indemnify or pay with respect to, any individual Asbestos PI Claim or Demand;

> (ii)    that the procedures established by the Plan, including without limitation the Trust Distribution Procedures, for evaluating and paying Asbestos PI Claims and Demands (including the medical, causation or exposure criteria and disease values) are reasonable or appropriate;

> (iii)    that the procedures established by the Plan, including without limitation the Trust Distribution Procedures, for evaluating and paying

**Asbestos PI Claims and Demands (including the medical, causation or exposure criteria and disease values) are consistent with any procedures that were used to evaluate or settle Asbestos PI Claims against the Debtors before the Petition Date;**

**(iv)    that the settlement of, or the value assigned to, any individual Asbestos PI Claim pursuant to the Trust Distribution Procedures was, is or will be reasonable and/or otherwise appropriate;**

**(v)    that any of the Asbestos Insurance Entities participated in the negotiation of and/or consented to the Plan or any of the Plan Documents including without limitation, the Trust Distribution Procedures;**

**(vi)    that any of the Debtors or the Asbestos PI Trust has suffered an insured loss with respect to any Asbestos PI Claim or Demand; or**

**(vii)    (A) the liability of the Debtors, the Reorganized Debtors, or the Asbestos PI Trust for Asbestos PI Claims or Demands, whether such Asbestos PI Claims or Demands are considered individually or on an aggregate basis; or (B) the value of such Asbestos PI Claims or Demands, individually or in the aggregate.**

(c)    Except as provided in this Section 7.15, the rights of Asbestos Insurance Entities shall be determined under the Asbestos Insurance Policies, Asbestos In-Place Insurance Coverage, Asbestos Insurance Reimbursement Agreements, or Asbestos Insurance Settlement Agreements, as applicable.

(d)     Nothing in the Plan or the Plan Documents shall affect or limit, or be construed as affecting or limiting, the protection afforded to any Settled Asbestos Insurance Company by the Asbestos PI Channeling Injunction.

(e)     Nothing in this Section 7.15 is intended or shall be construed to preclude otherwise applicable principles of res judicata or collateral estoppel from being applied against any Asbestos Insurance Entity with respect to any issue that is actually litigated by such Asbestos Insurance Entity as part of its objections, if any, to confirmation of the Plan or as part of any contested matter or adversary proceeding filed in conjunction with or related to confirmation of the Plan.  ~~Plan objections that are withdrawn prior to the beginning of the Confirmation Hearing shall be deemed not to have been actually litigated.~~**Except to the extent that transfer of Asbestos Insurance Rights pursuant to the Asbestos Insurance Transfer Agreement is approved by Final Order and/or a Final Order issues providing that Asbestos Insurance Entities that are parties to Asbestos Insurance Reimbursement Agreements shall be bound by the provisions of Section 7.2.2(d)(iv) with respect to such Asbestos Insurance Reimbursement Agreements, neither the Phase I Objections by Asbestos Insurance Entities (which were later withdrawn) nor the litigation of the Phase II Objections by Asbestos Insurance Entities shall be deemed to constitute litigation of any Asbestos Insurer Coverage Defense and shall not have any res judicata or collateral estoppel effect with respect to any Asbestos Insurer Coverage Defense.**

(f)     Except as otherwise provided in this Section 7.15, nothing in the Plan, the Plan Documents, the Confirmation Order, or any finding of fact and/or conclusion of law with respect to the confirmation or consummation of the Plan shall limit the right, if any,

5

of any Asbestos Insurance Entity, in any Asbestos Insurance Action, to assert any Asbestos Insurer Coverage Defense.

(g)    **[The issue addressed in Section 7.15(g) is a Phase II issue that will be litigated before the Court.  Should the Court rule in favor of Asbestos Insurance Entities on this issue, this subsection would have to be eliminated or modified.]** Notwithstanding the provisions of this Section 7.15, Asbestos Insurance Entities shall be bound by the Court's findings and conclusions that, under the Bankruptcy Code, the transfer of rights under the Asbestos Insurance Transfer Agreement is valid and enforceable against each Asbestos Insurance Entity notwithstanding any anti-assignment provision in or incorporated into any Asbestos Insurance Policy, Asbestos In-Place Insurance Coverage, Asbestos Insurance Reimbursement Agreement, Asbestos Insurance Settlement Agreement or applicable non-bankruptcy law.

(h)    **[The issue addressed in Section 7.15(h) is a Phase II issue that will be litigated before the Court.  Should the Court rule in favor of Asbestos Insurance Entities on this issue, this subsection would have to be eliminated or modified.]** The Asbestos Insurance Entities shall be subject to the releases and injunctions to the extent described in this Plan, and this Section 7.15 is not intended nor shall it be construed to limit the protections afforded to the Sealed Air Indemnified Parties or the Fresenius Indemnified Parties by such releases and injunctions or to allow the Asbestos Insurance Entities to undertake any action against any of the Sealed Air Indemnified Parties or the Fresenius Indemnified Parties that is contrary to such releases and/or injunctions.

(i)    If an Asbestos Insurance Entity that is not a Settled Asbestos Insurance Company asserts that it has rights of contribution, indemnity, reimbursement,

6

subrogation, or other similar claims (collectively, for purposes of this Section 7.15(i), "Contribution Claims") against a Settled Asbestos Insurance Company, (a) such Contribution Claims may be asserted as a defense or offset against the Asbestos PI Trust or the Reorganized Debtors (as applicable) in any Asbestos Insurance Action including such Asbestos Insurance Entity that is not a Settled Asbestos Insurance Company, and the Asbestos PI Trust or the Reorganized Debtors (as applicable) may assert the legal or equitable rights, if any, of the Settled Asbestos Insurance Entity, and (b) to the extent such Contribution Claim is determined to be valid, pursuant to a Final Order, the liability (if any) of such Asbestos Insurance Entity that is not a Settled Asbestos Insurance Company to the Asbestos PI Trust or the Reorganized Debtors (as applicable) shall be reduced by the amount of such Contribution Claim.

(j)     **[The issue addressed in Section 7.15(j) is a Phase II issue that will be litigated before the Court.  Should the Court rule in favor of Asbestos Insurance Entities on this issue, this subsection would have to be eliminated or modified.]** Asbestos Insurance Entities that are parties to Asbestos Insurance Reimbursement Agreements shall be bound by the provisions of Section 7.2.2(d)(iv) with respect to such Asbestos Insurance Reimbursement Agreements.

**(k)     The Asbestos Insurance Entities have not consented to the Plan or the Plan documents, including without limitation the Trust Distribution Procedures applicable to the WRG Asbestos PI Trust, and have not consented to the payment of any monies by the Trust with respect to any Asbestos PI Claims.**

**(l)     Notwithstanding anything to the contrary in the Plan or the Plan Documents, including the provisions of Section 7.15(h), (a) any entity (including the**

Trust, any Reorganized Debtor and any non-Debtor Affiliate) that tenders a Claim to an Asbestos Insurance Entity shall be responsible, for purposes of such Claim, for any retrospective insurance premium, self-insured retention, deductible, or similar obligation of the insured under the Asbestos Insurance Policies with respect to such Claim; (b) with respect to any self-insured retention, deductible or similar obligation, any Asbestos Insurance Entity to which such Claim is tendered may seek to establish, as a coverage defense, that such tendering entity has not fulfilled the obligations of the insured under the Asbestos Insurance Policies in respect of which such Claim was tendered; and (c) with respect to any retrospective insurance premium or similar obligation, any Asbestos Insurance Entity to which such Claim is tendered may offset the amount of such retrospective insurance premium or similar obligation against any amount otherwise payable by such Asbestos Insurance Entity on account of such Claim under its Asbestos Insurance Policies.

(m)    Except as provided in Section 7.15(g), nothing in the Plan, the Plan Documents or the Confirmation Order shall relieve (by way of injunction or otherwise) any Reorganized Debtor, any non-Debtor Affiliate or any entity (including the Trust) that is or claims to be entitled to defense or indemnity under an Asbestos Insurance Policy from the duty to comply with the duties, terms and conditions of such Asbestos Insurance Policy, Asbestos Insurance Settlement Agreement  or under applicable law applicable to the insured.  The Asbestos PI Trust shall be bound by the duties, terms and conditions of any Asbestos Insurance Policy or Asbestos Insurance Settlement Agreement that set forth, define or limit

8

9

**the Asbestos Insurance Rights that are transferred to the Trust under the Asbestos**

**Insurance Transfer Agreement.**