IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>              Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br><br>Hearing Date: July __, 2009 @ 10:30 a.m. (ET)<br>Response Deadline: July __, 2009 @ 4:00 p.m. (ET) |

**ARROWOOD MOTION FOR SHORTENED NOTICE AND EXPEDITED
CONSIDERATION OF MOTION FOR RELIEF AGAINST THE LIBBY CLAIMANTS
BASED ON THEIR DESIGNATION OF OVER 100 WITNESSES
FOR THE CONFIRMATION HEARING**

Arrowood Indemnity Company ("Arrowood"), by and through its counsel, hereby moves for entry of an order under Del. Bankr. L.R. 9006-1(e), and Fed. R. Bankr. P. 9006(c), for leave of this Court's Case Management Order, so that the notice period for Arrowood's Motion for Relief Against the Libby Claimants Based on Their Designation of Over 100 Witnesses for the Confirmation Hearing be shortened to permit expedited consideration. In support of this Motion, Arrowood states:

1.      The Libby Claimants added over 100 individuals to their witness list on the June 15, 2009 deadline for designating final confirmation hearing witnesses, and also included all of their approximately 900 alleged clients. As a result, the Libby Claimants' "final" witness list now contains over 1,000 individuals. This list includes the lawyers for the Libby Claimants, Tom Lewis and John Heberling, and dozens of other people whose reason for being listed is masked by the overwhelming volume of the list, and their belated disclosure after the close of discovery.

2.      The Court entered its Second Amended Case Management Order on January 29, 2009, and its Third Amended Case Management Order on May 5, 2009. The terms of the

Second Amended Order, which provided the deadline for preliminary witness lists, required all parties to exchange witness lists by March 13, 2009.  The purpose of the lists, as with all such lists, was to provide all parties with the identity of witnesses known to the parties so that depositions could be considered and scheduled, written discovery served and, if necessary, expert witnesses engaged.  No one was excused from this requirement.  After depositions were taken, expert reports were exchanged and discovery closed, the Order required the parties to submit final witness lists on June 15, 2009, with the notion that the previously served list of witnesses would be narrowed as the hearing date got closer.

3. The Case Management Order does not permit a party to intentionally ignore the initial date for exchanging witness lists, and to instead wait until after discovery is over to disclose witnesses known to it from the outset.

4. All parties, but in particular the Plan Proponents and Arrowood, have been prejudiced by the Libby Claimants' intentional and willful non-compliance with the Case Management Order.  Arrowood and other parties relied on the fact that since the Libby Claimants did not name these individual witnesses earlier, they did not intend to call them.  Just to be cautious, however, Arrowood served the Libby Claimants with a deposition notice prior the close of discovery seeking the production of individuals knowledge about their objections to confirmation.  The Libby Claimants refused to identify any witness, or did not produce any witnesses prior to the close of discovery.

5. Thereafter, Arrowood and the Debtors separately made extensive efforts to meet and confer with the Libby Claimants.  Arrowood sent no less then a dozen emails and letters to counsel for the Libby Claimants requesting to schedule dates for the depositions of the witness newly listed on June 15, 2009.  Calls were also made to the Libby Claimants' counsel to elicit

their cooperation in disclosing the identity of those individuals whom they actually intended to call, and the purpose of their prospective testimony so that depositions could be scheduled. The Libby Claimants did not cooperate, turned down all requests that they identify the witnesses that they actually intended to call, and failed to produce anyone for deposition. within 30 days of June 15, 2009 as provided for in the Case Management Order. At the same time, they have refused to identify the topics on which the Libby Claimant counsel, Tom Lewis and Jon Heberling, will be offered at the confirmation hearing or to produce any documents concerning their testimony.

6. The Case Management Order provides that any individual newly listed on a final witness list be produced for deposition in the 30 days after the June 15, 2009 deadline for filing final witness lists. Arrowood made demand under the terms of the Case Management Order that the Libby Claimants comply within the 30-day period. The Libby Claimants refused to comply, and did not produce or offer to produce anyone before the 30 day cut-off on July 15, 2009. In addition, the Libby Claimants refused to disclose the topics on which they propose to offer any of their 100 plus witness as confirmation witnesses.

7. The 100-plus witnesses named by the Libby Claimants have been known to them from the outset of the case. There was absolutely no reason for them not to be disclosed earlier, except to prevent other parties from fully preparing for their testimony, thereby providing the Libby Claimants with an unfair advantage in this litigation, and prejudice the Plan Proponents and Arrowood. In this context, it is simply unfathomable that the Libby Claimants can wait until the end of discovery to reveal the names of their witnesses, and thereby benefit by depriving Arrowood and everyone else of the opportunity to depose them or rebut their testimony in their expert reports, or to call their own rebuttal witnesses.

WHEREFORE, Arrowood respectfully requests entry of an order (i) granting Arrowood leave from the Case Management Order, (ii) shortening the notice period with respect to the motion to compel, and (iii) setting a hearing on a motion to Compel at the Court's earliest convenience, or at the July 27, 2009 hearing.

Dated: July 17, 2009
      Wilmington, Delaware

/s/ Garvan F. McDaniel
Garvan F. McDaniel, Esq. (#4167)
BIFFERATO GENTILOTTI, LLC
800 N. King Street
Wilmington, DE 19801
Tel: (302) 429-1900
Fax: (302) 429-8600

- and -

Carl. J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, New York 10017
Tel: (212) 490-3000

- and -

Tancred V. Schiavoni, Esq.
Gary Svirsky, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Tel: (212) 326-2000

*Attorneys for Arrowood Indemnity Company f/k/a Royal Indemnity Company*