IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br><br>Hearing Date: July __, 2009 @ 10:30 a.m. (ET)<br>Response Deadline: July __, 2009 @ 4:00 p.m. (ET) |

### ARROWOOD'S MOTION FOR RELIEF AGAINST THE LIBBY CLAIMANTS BASED ON THEIR DESIGNATION OF OVER 100 WITNESSES FOR THE CONFIRMATION HEARING

The Libby Claimants' "final" witness list contains over 1,000 individuals. On the June 15, 2009 deadline for designating final confirmation hearing witnesses, the Libby Claimants added over 100 individuals and every one of their approximately 900 alleged clients to their witness list. The grounds for listing scores of people as purported witnesses—including the lawyers for the Libby Claimants, Tom Lewis and John Heberling—are masked by the overwhelming volume of the list, not to mention by the belated disclosure of so many after discovery's close. The Libby Claimants have refused to cooperate, and have sought to frustrate and delay the confirmation hearing by failing to narrow their list or produce anyone for deposition with 30 days of June 15, 2009 as required by the Case Management Order. Accordingly, Arrowood Indemnity Company ("Arrowood"), by and through its counsel, moves for an Order providing the relief set out in the conclusion below. The basis for the relief sought is as follows:

NY1:1783873.5

**The Libby Claimants have Designated Hundreds
of Witnesses for the Confirmation Hearing**

The Court entered its Second Amended Case Management Order on January 29, 2009, and its Third Amended Case Management Order on May 5, 2009.[1] The terms of the Second Amended Order, which provided the deadline for preliminary witness lists, required all parties to exchange witness lists by March 13, 2009. The purpose of the lists, as with all such lists, was to provide all parties with the identity of witnesses known to the parties so that depositions could be considered and scheduled, written discovery served and, if necessary, expert witnesses engaged.[2] No one was excused from this requirement.[3] After the taking of depositions, the exchange of expert reports and the closing of discovery, the Order required the parties to submit final witness lists on June 15, 2009, upon the notion that the previously served list of witnesses would be narrowed as the hearing date approached.[4]

Instead of narrowing their witness list, the Libby Claimants used the June 15, 2009 deadline for serving "final" witness lists to expand their list in a manner so completely contrary to the intent of the Case Management Order as to constitute bad faith. The Libby Claimants added over 100 individuals to their witness list in addition to all of their approximately 900 alleged clients.[5] As a result, the Libby Claimants' "final" witness list contains over 1,000 individuals.[6] The list includes the lawyers for the Libby Claimants themselves, Tom Lewis and

---

[1] Second Amended Case Management Order, January 29, 2009, Dkt. No. 20622; Third Amended Case Management Order, May 5, 2009, Dkt. No. 21544.
[2] See Fed. R. Civ. P. 26.
[3] See Second Amended Case Management Order, January 29, 2009, Dkt. No. 20622; Third Amended Case Management Order, May 5, 2009, Dkt. No. 21544.
[4] See Third Amended Case Management Order, May 5, 2009, Dkt. No. 21544 ¶ 3; Second Amended Case Management Order, January 29, 2009, Dkt. No. 20622 ¶ 4.
[5] Libby Claimants' Final Witness Designation for Phase II of the Confirmation Hearing, June 15, 2009, Dkt. No. 22125.
[6] Libby Claimants' Final Witness Designation for Phase II of the Confirmation Hearing, June 15, 2009, Dkt. No. 22125.

John Heberling, and dozens of other people whose reason and purpose for being listed is masked by the overwhelming volume of the list.[7]

The Case Management Order does not permit a party to intentionally ignore the initial date for exchanging witness lists, and to instead wait until after discovery is over to disclose witnesses known to it from the outset.[8] Nor would this be consistent with the intent or purpose of the Case Management Order. On the March 13, 2009 deadline for providing preliminary witness lists, the Libby Claimants did not identify Tom Lewis and John Heberling by name.[9] Nor were the bulk of the over 100 other individuals disclosed. Even after the Debtors asked all parties to identify their witnesses so that depositions could be undertaken in preparation for confirmation, the Libby Claimants did not provide the names of their individual witnesses.

### The Libby Claimants Willfully Ignored this Court's Prior Orders By Designating Dozens of Individual Claimant-Witnesses

The designation of over a hundred witnesses for a confirmation hearing is made even more egregious by the fact that many of the names that the Libby Claimants added to their "final" witness list are individuals that this Court previously held have no relevant testimony to offer in the context of Plan Confirmation.[10] At the May 14, 2009 hearing where the Libby Claimants sought to have 17 claimants testify about their personal injuries, the Court explicitly told counsel for the Libby Claimants that the testimony of these individuals is not relevant.[11] The testimony these witnesses can offer remains just as irrelevant as it did a month ago. And the fact that the very same witnesses who were the subject of emergency-perpetuation deposition

---

[7] *See* Libby Claimants Final Witness Designation for Phase II of the Confirmation Hearing, June 15, 2009, Dkt. No. 22125.
[8] *See* Second Amended Case Management Order, January 29, 2009, Dkt. No. 20622; Third Amended Case Management Order, May 5, 2009, Dkt. No. 21544.
[9] *See* Libby Claimants' Preliminary Witness List, March 13, 2009, Dkt. No. 20983 (listing 11 potential witnesses).
[10] *See* Libby Claimants Final Witness Designation for Phase II of the Confirmation Hearing, June 15, 2009 at Dkt. No. 22125.
[11] *See* Schwartz Decl. Ex. A (May 14, 2009 Hearing Transcript at 70–73), Dkt. No. 21882.

requests on the basis of Dr. Whitehouse's treatment opinions, are, a month later, suddenly able to testify at the confirmation hearing, calls into question the sincerity of the Libby Claimants prior representations to the Court about these witnesses.

### The Libby Claimants Refused to Cooperate and have Sought to Frustrate Discovery and Generate Delay

All parties, but in particular the Plan Proponents and Arrowood, have been prejudiced by the Libby Claimants' intentional and willful non-compliance. Arrowood and other parties relied on the fact that the Libby Claimants' failure to name these individual witnesses served as an indication that the Libby Claimants did not intend to call such witnesses. Just to be cautious, however, Arrowood served the Libby Claimants with a deposition notice prior the close of discovery seeking the production of individuals' knowledge about their objections to confirmation.[12] The Libby Claimants refused to identify any witness or produce any witnesses prior to the close of discovery.[13]

Thereafter, Arrowood and the Debtors separately made extensive efforts to meet and confer with the Libby Claimants.[14] Arrowood sent no less then a dozen emails and letters to counsel for the Libby Claimants requesting to schedule dates for the depositions of the witness newly listed on June 15, 2009.[15] Calls were also made to the Libby Claimants' counsel to elicit their cooperation in disclosing the identity of those individuals whom they actually intended to call, and the purpose of their prospective testimony so that depositions could be scheduled.[16] The Libby Claimants did not cooperate, turned down all requests that they identify the witnesses that they actually intended to call and failed to produce anyone for deposition during the 30 day

---

[12] Notice of Deposition of Libby Claimants, June 11, 2009, Dkt. No. 22070.
[13] Depositions were closed on June 15, 2009 pursuant to the Third Amended Case Management Order, May 5, 2009, Dkt. No. 21544. The Libby Claimants refused to identify its witness prior to the close of discovery. *See* Hargrove Decl. Ex. A.
[14] *See* Hargrove Decl. Ex. A.
[15] *See* Hargrove Decl. Ex. B.
[16] *See* Hargrove Decl. Ex. C.

period provided for in the Case Management Order.[17] At the same time, they have refused to produce any documents in response to document requests concerning the Libby Claimants' counsel, Tom Lewis and Jon Heberling, who were added to the Libby Claimants' witness list.[18]

The Case Management Order provides that any individual newly listed on a final witness list be produced for deposition in the 30 days after the June 15, 2009 deadline for filing final witness lists.[19] Arrowood made demand under the terms of the Case Management Order that the Libby Claimants comply within the 30-day period.[20] The Libby Claimants refused to comply, and did not produce, or offer to produce anyone, before the 30 day cut-off on July 15, 2009.[21] In addition, the Libby Claimants refused to disclose the topics on which they will offer the Libby Claimants and their counsel as confirmation witnesses.

### The Court Should Exercise its Authority to Bar the Libby Claimants from Calling Witnesses Who Were Not Properly Disclosed

This Court has the authority to bar a party from calling a witness who was not properly disclosed. *See Muldrow v. Brooks*, 34 Fed. Appx. 854, 855 (3d. Cir. 2002) (holding that "during discovery a party is required to disclose the names of witnesses that may be called to testify at trial" pursuant to Fed. R. Civ. P. 26 and that "[f]ailure to do so will preclude the party's use of those witnesses, unless such failure is harmless" pursuant to Fed. R. Civ. P. 37(c)(1).). Here, the failure to disclose was neither unintentional nor harmless.

---

[17] *See* Hargrove Decl. Ex. D. Yesterday, after the 30 day period provided for in the Case Management Order ran, the Libby Claimants purported to offer for the first time to produce Lewis and Heberling. They offered to do so outside the 30 day period in a remote corner of Montana and did not agree to produce any documents before or identify any of the topics on which they are offered. Moreover, they took the position that Mr. Lewis s only available for a few hours on the day offered mandating a second trip at another time the location in Montana where he is offered to appear.
[18] Arrowood's Interrogatories Directed to the Libby Claimants, Dkt. No. 22304.
[19] Third Amended Case Management Order, May 5, 2009, Dkt. No. 21544.
[20] *See* Hargrove Decl. Ex. C.
[21] *See* Hargrove Decl. Ex. C.

The 100-plus witnesses named by the Libby Claimants have been known to them from the outset. There was absolutely no reason for them not to be disclosed earlier, except to prevent other parties from fully preparing for their testimony, and thereby provide the Libby Claimants with an unfair advantage in this litigation, and prejudice the Plan Proponents and Arrowood. In this context, it is simply unfathomable that the Libby Claimants can wait until the end of discovery to reveal the names of their witnesses, and thereby benefit by depriving Arrowood and everyone else of the opportunity to depose them or rebut their testimony in their expert reports, or to call their own rebuttal witnesses. Arrowood and other parties in interest have suffered prejudice, and it would be unfair to allow the Libby Claimants to proffer witnesses they failed to disclose when they had these witnesses in their control the entire time.

While the failure the properly disclose these witnesses is reason alone to strike them, the Libby Claimants' failure to comply with the 30-day period for producing witnesses provides a separate and independent ground for striking their final witness list. With respect to the Libby Claimant witnesses, the Court has already ruled that they have nothing of relevance to offer.

## CONCLUSION

For the above reasons, Arrowood respectfully moves for an order precluding the Libby Claimants from calling the Libby Claimants and claimant lawyers improperly and belatedly listed on the Libby Claimants' final witness list and providing for such monetary and other sanctions as are warranted by the conduct that required the filing of this motion. In the alternative, Arrowood respectfully moves for an order directing the production of Tom Lewis and John Heberling for deposition in Pittsburgh prior to the July 27, 2009 pre-trial hearing along with all documents concerning the topics on which they propose to offer testimony at the confirmation hearing. The Libby Claimants should further be required to produce the document

responsive to Arrowood document requests prior to the depositions of Mr. Lewis and Mr. Heberling

Dated: July 17, 2009
Wilmington, Delaware

/s/ Garvan F. McDaniel

   Garvan F. McDaniel, Esq. (#4167)
   BIFFERATO GENTILOTTI, LLC
   800 N. King Street
   Wilmington, DE 19801
   Tel: (302) 429-1900
   Fax: (302) 429-8600

   - and -

   Carl. J. Pernicone, Esq.
   WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER, LLP
   150 East 42nd Street
   New York, New York 10017
   Tel: (212) 490-3000

   - and -

   Tancred V. Schiavoni, Esq.
   Gary Svirsky, Esq.
   O'MELVENY & MYERS LLP
   7 Times Square
   New York, New York 10036
   Tel: (212) 326-2000

   *Attorneys for Arrowood Indemnity*
   *Company f/k/a Royal Indemnity Company*