UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
IN RE:                      .    Case No.  01-01139 (JKF)
                            .    Jointly Administered
W.R. GRACE & COMPANY,       .
et al.,                     .    5414 U.S. Steel Tower
                            .    600 Grant Street
                            .    Pittsburgh, PA 15219
         Debtors.           .
                            .    July 9, 2009
. . . . . . . . . . . . . ..     9:37 a.m.
```

TRANSCRIPT OF TELEPHONIC HEARING
BEFORE HONORABLE JUDITH K. FITZGERALD
UNITED STATES BANKRUPTCY COURT JUDGE

TELEPHONIC APPEARANCES:

```
For the Debtors:         Kirkland & Ellis, LLP
                         By:  DAVID BERNICK, ESQ.
                              BARBARA HARDING, ESQ.
                              LISA ESAYIAN, ESQ.
                         200 East Randolph Drive
                         Chicago, IL  60601

                         Kirkland & Ellis, LLP
                         By:  THEODORE FREEDMAN, ESQ.
                         Citigroup Center
                         601 Lexington Avenue
                         New York, NY  10022-4611
```

```
Audio Operator:          Cathy Younker
```

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609)586-2311      Fax No. (609) 587-3599**

TELEPHONIC APPEARANCES (Contd'):

For the Debtors:           Law Offices of Janet S. Baer, P.C.
                           By:  JANET S. BAER, ESQ.
                           70 West Madison, Suite 2100
                           Chicago, IL 60602

                           Pachulski Stang Ziehl & Jones, LLP
                           By:  KATHLEEN P. MAKOWSKI, ESQ.
                           919 North Market Street, 17th Floor
                           Wilmington, DE  19899

                           Onex Credit Partners
                           By: STUART KOVENSKY

                           Reed Smith, LLP
                           By:  JAMES J. RESTIVO, JR., ESQ.
                           435 Sixth Avenue
                           Pittsburgh, PA  15219

For the FCR:               Orrick, Herrington & Sutcliffe,
                             LLP
                           By:  ROGER FRANKEL, ESQ.
                                RICHARD WYRON, ESQ.
                                JONATHAN GUY, ESQ.
                           Washington Harbour
                           3050 K Street, N.W.
                           Washington, D.C.  20007

For the ACC:               Caplin & Drysdale, Chartered
                           By:  WALTER SLOCOMBE, ESQ.
                                NATHAN FINCH, ESQ.
                           One Thomas Circle, NW
                           Washington, D.C.  20005

                           Ferry Joseph & Pearce, P.A.
                           By:  THEODORE TACCONELLI, ESQ.
                           824 Market Street, Suite 19899
                           Wilmington, DE  19806

For the Official           Stroock & Stroock & Lavan
Committee of Unsecured     By:  ARLENE KRIEGER, ESQ.
Creditors:                 180 Maiden Lane
                           New York, NY  10038-4982

                           Duane Morris, LLP
                           BY:  MICHAEL LASTOWSKI, ESQ.
                           Suite 1200
                           1100 North Market Street
                           Wilmington, DE 19801

**J&J COURT TRANSCRIBERS, INC.**

TELEPHONIC APPEARANCES (Contd'):

For the Committee of          Campbell & Levine
Asbestos Personal             By:  MARK T. HURFORD, ESQ.
Injury Claimants:             800 North King Street
                              Suite 300
                              Wilmington, DE  19701

For the Official              The Brandi Law Firm
Committee of Asbestos         By:  THOMAS J. BRANDI, ESQ.
Property Damage               TERENCE D. EDWARDS, ESQ.
Claimants:                    354 Pine Street, Third Floor
                              San Francisco, CA 94104

                              Leiff, Cabraser, Heimann & Bernstein
                              By:  ELIZABETH J. CABRASER, ESQ.
                              Embarcadero Center West
                              275 Battery Street, Suite 3000
                              San Francisco, CA 94111

                              LECG
                              By:  ELIZABETH DEVINE, ESQ.

                              Dies & Hile, LLP
                              By:  MARTIN DIES, ESQ.
                              1009 Green Avenue
                              Orange, TX 77630

                              Pryor Cashman, LLP
                              By:  RICHARD LEVY, ESQ.
                              401 Park Avenue
                              New York, NY 10022

                              Scott Law Group, P.C.
                              By:  DARRELL SCOTT, ESQ.
                              926 W. Sprague Avenue, Suite 680
                              Spokane, WA  99201

                              Hamilton, Rabinovitz & Alschuler
                              By:  JOSHUA KATZ, ESQ.

                              Richardson Patrick & Alschuler
                              By:  EDWARD J. WESTBROOK, ESQ.
                              1037 Chuck Dawley Boulevard, Bldg. A
                              Mount Pleasant, SC

**J&J COURT TRANSCRIBERS, INC.**

TELEPHONIC APPEARANCES (Contd'):

For the Official              Bilzin Sumberg Baena Price &
Committee of Asbestos         Axelrod, LLP
Property Damage               By:  SCOTT BAENA, ESQ.
Claimants:                         JAY SAKALO, ESQ.
                              200 South Biscayne Blvd., Suite 2500
                              Miami, FL   33131

                              Speights & Runyan
                              By:  DAVID ROSENDORF, ESQ.
                                   MARION FAIREY, ESQ.
                                   ALAN RUNYAN, ESQ.
                              200 Jackson Avenue, East
                              Hampton, SC   29924

For Arrowood/Royal:           Wilson Elser Moskowitz
                                 Edelman & Dicker, LLP
                              By:  CARL J. PERNICONE, ESQ.
                              150 East 42nd Street,
                              New York, NY   10017

For the Bank Lenders:         Paul Weiss Rifkind Wharton &
                                 Garrison, LLP
                              By:  SARAH HARNETT, ESQ.
                                   MARGARET PHILLIPS, ESQ.
                                   REBECCA ZUBATY, ESQ.
                                   MATTHEW SCHECK, ESQ.
                              1285 Avenue of the Americas
                              New York, NY   10019

                              Landis, Rath & Cobb, LLP
                              By:  RICHARD COBB, ESQ.
                                   JAMES S. GREEN, JR., ESQ.
                                   KERRI MUMFORD, ESQ.
                              919 Market Street, Suite 1800
                              Wilmington, DE   19899

For PD FCR:                   Law Office of Alan B. Rich
                              By:  ALAN RICH, ESQ.
                              1201 Main Street, Suite 1910, LB 201
                              Dallas, TX

For the Equity                Kramer Levin Naftalis & Frankel LLP
Committee:                    By:  DAVID E. BLABEY, JR., ESQ.
                              1177 Avenue of the Americas
                              New York, NY   10036

**J&J COURT TRANSCRIBERS, INC.**

TELEPHONIC APPEARANCES (Contd'):

For CNA:                    Goodwin Proctor
                            By:  DANIEL GLOSBAND, ESQ.
                            901 New York Avenue, N.W.
                            Washington, DC  20001

                            Ford Marrin Esposito Witmeyer &
                              Gleser, LLP
                            By:  ELIZABETH M. DeCRISTOFARO, ESQ.
                            Wall Street Plaza, 23rd Floor
                            New York, NY  10005-1875

For GEICO, Seaton           Drinker Biddle & Reath LLP
Ins. Co., Republic          By:  MICHAEL F. BROWN, ESQ.
Ins. Co.:                        JEFFREY M. BOERGER, ESQ.
                            One Logan Square
                            18th and Cherry Streets
                            Philadelphia, PA  19103

                            Drinker Biddle & Reath LLP
                            By:  WARREN T. PRATT, ESQ.
                            1100 N. Market Street, Suite 1000
                            Wilmington, DE  19801

For Insurance Counsel       Anderson Kill & Olick, P.C.
to ACC:                     By:  ROBERT M. HORKOVICH, ESQ.
                            1251 Avenue of the Americas
                            New York, NY

For Mountain:               Womble Carlyle Sandridge & Rice
                            By:  FRANCIS A. MONACO, JR., ESQ.
                            222 Delaware Avenue, Suite 1501
                            Wilmington, DE

For MCC & Zurich:           Connolly Bove Lodge & Hutz LLP
                            By:  JEFFREY WISLER, ESQ.
                            The Nemours Building
                            1007 North Orange Street
                            Wilmington, DE  19899

                            Eckert Seamans
                            By:  LAURA STOVER, ESQ.
                            1747 Pennsylvania Avenue, NW
                            Suite 1200
                            Washington, DC

TELEPHONIC APPEARANCES (Contd'):

For AXA Belgium:                 Tucker Arensberg, P.C.
                                 By:  MICHAEL A. SHINER, ESQ.
                                 1500 One PPG Place
                                 Pittsburgh, PA  15222

For David T. Austern,            Phillips, Goldman & Spence, P.A.
the Future Claimants'            By:  JOHN C. PHILLIPS, ESQ.
Representative:                  1200 North Broom Street
                                 Wilmington, DE  19806


For Everest Reinsurance          Marks, O'Neill, O'Brien & Courtney LLP
Company, et al.:                 By:  BRIAN L. KASPRZAK, ESQ.
                                      JOHN D. MATTEY, ESQ.
                                 913 North Market Street
                                 Suite 800
                                 Wilmington, DE  19801

                                 Crowell & Moring, LLP
                                 By:  LESLIE A. DAVIS, ESQ.
                                      MARK PLEVIN, ESQ.
                                 1001 Pennsylvania Avenue, N.W.
                                 Washington, DC  20004

For Official Committee           Duane Morris, LLP
of Unsecured Creditors:          By:  MICHAEL LASTOWSKI, ESQ.
                                 Suite 1200
                                 1100 North Market Street
                                 Wilmington, DE  19801

For Babson Capital               Babson Capital Management, Inc.
Management:                      By:  MARTI MURRAY

For Various Claimant             Stutzman, Bromberg, Esserman & Pflika,
Firms:                             P.C.
                                 By:  DAVID J. PARSONS, ESQ.
                                      SANDER L. ESSERMAN, ESQ.
                                 2323 Bryan Street, Suite 2200
                                 Dallas, TX  75201

**J&J COURT TRANSCRIBERS, INC.**

TELEPHONIC APPEARANCES (Contd'):

For Other Prof., David      Tre Angeli, LLC
T. Austern, Future          By:  JOSEPH RADECKI, ESQ.
Claimants Rep.:

For Grace Certain           Montgomery, McCracken, Walker &
Cancer Claimants:              Rhoads, LLP
                            By:  NATALIE D. RAMSEY, ESQ.
                            123 South Broad Street
                            Avenue of the Arts
                            Philadelphia, PA  19109


For Other Prof., David      Piper Jaffray & Co.
T. Austern, Future          By:  JASON SOLGANICK, ESQ.
Claimants Rep.:

For Ford Marrin:            Ford Marrin Esposito Witmeyer &
                               Gleser, LLP
                            By:  SHAYNE SPENCER, ESQ.
                            Wall Street Plaza, 23rd Floor
                            New York, NY  10005-1875

For Goldman Sachs &         Goldman Sachs & Company
Company:                    By:  ALEXANDER THAIN

For Jennifer Whitener:      Dewey & LeBoeuf LLP
                            By:  JENNIFER WHITENER, ESQ.
                            125 West 55th Street
                            New York, NY  10019

For Allstate:              Cuyler Burk, P.C.
                            By:  ANDREW K. CRAIG, ESQ.
                            4 Century Drive
                            Parsippany, NJ  07054

For Creditor Libby          Lewis, Slovak & Kovacich, P.C.
Claimants:                  By:  MARK M. KOVACICH, ESQ.
                            725 Third Avenue North
                            Great Falls, MT 59401


For Travelers Casualty:     Simpson Thacher & Bartlett LLP
                            By:  SAMUEL J. RUBIN, ESQ.
                            425 Lexington Avenue
                            New York, NY 10017



**J&J COURT TRANSCRIBERS, INC.**

TELEPHONIC APPEARANCES (Contd'):


For Arrowwood                O'Melveny & Myers LLP
Indemnity Company:           By:  TANCRED V. SCHIAVONI, III, ESQ.
                             Times Square Tower
                             7 Times Square
                             New York, NY 10036

For Warren H. Smith:         Warren H. Smith & Associates, P.C.
                             By:  WARREN H. SMITH, ESQ.
                             Republic Center
                             325 N. St. Paul, Suite 1250
                             Dallas, TX 75201

For Scotts Company:          Vorys, Sater, Seymour & Pease LLP
                             By:  TIFFANY COBB, ESQ.
                             52 East Gay Street
                             Columbus, OH  43215

                             ---

1          THE COURT:  Good morning.  This is the matter of W.R.

2  Grace, Bankruptcy Number 01-1139.  I am appearing by phone, as

3  well as the other participants.  I just want to make sure that

4  in Pittsburgh we're set up for recording.

5          COURT CLERK:  Yes, Judge.  This is Mona.

6          THE COURT:  Okay.  Would you read the list of

7  participants please, Mona?

8          COURT CLERK:  Yes.  Scott Baena, Janet Baer, David

9  Bernick, David Blabey, Jeffrey Boerger, Thomas Brandi, Michael

10  Brown, Elizabeth Cabraser, Richard Cobb, Tiffany Cobb, Andrew

11  Craig, Leslie Davis, Elizabeth DeCristofaro, Elizabeth Devine,

12  Martin Dies, Terence Edwards, Lisa Esayian, Sander Esserman,

13  Marion Fairey, Nathan Finch, Roger Frankel, Theodore Freedman,

14  Daniel Glosband, James Green, Jonathan Guy, Barbara Harding,

15  Sarah Harnett, Robert Horkovich, Mark Hurford, Brian Kasprzak,

16  Joshua Katz, Mark Kovacich, Stuart Kovensky, Matthew Kramer,

17  Arlene Krieger, Michael Lastowski, Richard Levy, Edward

18  Longosz, Kathleen Makowski, John Mattey, Francis Monaco, Kerri

19  Mumford, Marti Murray, David Parsons, Carl Pernicone, Margaret

20  Phillips, John Phillips, Mark Plevin, Joseph Radecki, Natalie

21  Ramsey, James Restivo, Alan Rich, Samuel Rubin, Alan Runyan,

22  Jay Sakalo, Matthew Scheck, Tancred Schiavoni, Darrell Scott,

23  Michael Shiner, Walter Slocombe, Warren Smith, Jason Solganick,

24  Daniel Speights, Shayne Spencer, Laura Stover, Theodore

25  Tacconelli, Edward Westbrook, Jennifer Whitener, Jeffrey

1  Wisler, Richard Wyron, Rebecca Zubaty.  That's all.

2            THE COURT:  All right.  Thank you.  Ms. Baer?

3            MS. BAER:  Thank you, Your Honor.  Your Honor, there

4  are a couple of matters on the agenda today which are holdovers

5  from the June 29th hearing.  And I want to take things a little

6  out of order because I'm pleased to announce that Agenda Items

7  12, 13 and 14, which are the Anderson Memorial Hospital and two

8  other related claimants' motions for temporary allowance of

9  their claim, have been resolved.

10            We've reached a resolution with Mr. Speights' counsel

11  whereby the debtors are willing to count the three claims for

12  which he has filed motions as no votes to the plan in Class 7A

13  for the 524(g) vote that has been taken under the plan.

14            Your Honor, this agreement would be without prejudice

15  to any objections that Mr. Speights and his clients have filed

16  to the plan with respect to the classification or impairment of

17  these claims under the plan and how the claims might be treated

18  in the event that an objection may be sustained.  Likewise, the

19  agreement is without prejudice to the plan proponents' argument

20  that confirmation with respect to the classification and

21  treatment of the claims under the plan.

22            It's also without prejudice to either party's

23  position on the plan objection, and also as to the appropriate

24  procedures with respect to voting or allowance for voting

25  purposes with respect to the three claims in the event that the

1  plan objections are sustained and the Court is required to

2  consider whether a re-vote of the class is required.

3  Your Honor, we would propose to prepare an order that

4  summarizes and outlines the fact that this matter has been

5  resolved in that manner, and that will take care of the

6  temporary voting motion.

7  THE COURT:  Mr. Speights?

8  MR. ROSENDORF:  Good morning, Your Honor.  This is

9  David Rosendorf on behalf of Mr. Speights.

10  THE COURT:  Good morning.

11  MR. ROSENDORF:  The -- we did have these

12  conversations and I can confirm that the agreed resolution, as

13  has been described, is acceptable to the claimant.  The simple

14  idea is that they will be counted as no votes for purposes of

15  the (indiscernible) of the 524(g) vote, and it is without

16  prejudice to the other plan objections and issues that we have

17  raised, including dealing with how those claimants would vote

18  in the event that those objections are recognized by the Court.

19  THE COURT:  All right.  That's fine.  Ms. Baer, if

20  you'll submit an order.  Obviously, run it by Mr. Rosendorf

21  first on a COC.  Then I'll enter the order with respect to

22  Items 12, 13 and 14 orders when I receive them.

23  MS. BAER:  I will do so, Your Honor.  Thank you.

24  MR. ROSENDORF:  Thank you, Your Honor.

25  THE COURT:  Okay.

1        MS. BAER:  Your Honor, that takes us back to the

2   first item on the agenda, Agenda Item Number 11 which is the

3   Libby Claimants' motion to strike the expert reports of Thomas

4   Florence.  And I believe that Mr. Cohen is on the phone.

5        THE COURT:  Mr. Cohen?

6        MR. KOVACICH:  Your Honor, this is Mark Kovacich.  I

7   don't believe Dan Cohen is on the telephone, but I am

8   representing the Libby Claimants on this call today.

9        THE COURT: All right.  It's your motion, sir.  Go

10  ahead.

11        MR. KOVACICH:  Thank you, Your Honor.  Dr. Thomas

12  Florence was disclosed only as a rebuttal witness, and the

13  report that he prepared for purposes of the disclosure is

14  titled as a rebuttal to a previous expert report of Dr. Allen

15  Whitehouse.  The substance of the report, however, has no

16  relationship whatsoever to any opinion that Dr. Whitehouse has

17  offered.

18        Dr. Whitehouse is a pulmonologist and a medical

19  doctor.  He's going to testify about the nature of disease in

20  his patients in Libby Montana and the nature of disease he's

21  observed elsewhere.  And he's also going to provide some

22  testimony about the medical criteria in the trust distribution

23  procedures from a medical standpoint.

24        Dr. Florence, on the other hand, did a statistical

25  analysis where he's looked at a sample of claims and then

1 actually didn't even do the classification himself.  He's

2 relied on apparently some individuals who worked for the

3 Celotex trust to classify those claims under the disease

4 categories for non-malignant claims in TDP.  And then he shows

5 what the distribution of claims is from that sample, how those

6 claims are distributed among those different disease

7 categories.  It has absolutely nothing to do with any opinion

8 that Dr. Whitehouse disclosed in his December 2008 report.

9 The report of Dr. Florence doesn't even mention Dr.

10 Whitehouse, his opinions or his report, except in the title and

11 in the introductory paragraph where it discusses what Dr.

12 Florence was asked to do by counsel.  In the debtors' response

13 to the Libby Claimants' motion to exclude Dr. Florence, there

14 is similarly a conclusory statement that this is rebuttal of

15 Dr. Whitehouse, but the response fails to explain how Dr.

16 Florence's opinions addressed any opinion that Dr. Whitehouse

17 has to offer.

18 The only citation to Dr. Whitehouse's report in the

19 debtors' response is to Page 1 and then Pages 62 through 73.  I

20 can only assume that the reference to Dr. Whitehouse's report

21 on Page 1 is to the statement that he'll compare asbestos

22 disease from Libby asbestos to asbestos disease from chrysotile

23 asbestos.  Dr. Florence is not in a position to comment on the

24 comparison of disease caused by different types of asbestos.

25 The discussion in the Whitehouse report at Pages 62

1 through 73 talks about the medical criteria and how some of

2 those criteria are not part of the diagnostic criteria for any

3 disease.  And then that includes a discussion of how certain of

4 those criteria would exclude patients who were deceased of

5 asbestos disease from the category for severe non-malignant

6 disease.

7        The point of that opinion is that the criteria takes

8 claimants who are severe because they've died of asbestos

9 disease or because they have severe disability as demonstrated

10 by lung function testing.  And it lumps them into a different

11 category along with claimants who do not have similarly severe

12 disease.

13        Dr. Whitehouse has not attempted to take a random

14 sample or complete sample of claimants and comment on how many

15 of them would fall under the severe category versus any other

16 category.  And that's all that Dr. Florence's report does.  It

17 looks at this random group of claimants from the claimants as a

18 whole and shows what percentage of the non-malignant claimants

19 falls under each of these various categories.

20        Neither Dr. Whitehouse nor the counsel representing

21 the Libby Claimants have any intention of commenting on what

22 percentage of non-malignant claimants would fall under the

23 various disease categories like that.

24        So, this clearly is not a rebuttal to anything that

25 Dr. Whitehouse has to say.  To the extent that Dr. Rodricks

1 would offer opinions about what disease category some claimant

2 falls under, he's not qualified to do that.  The people who

3 actually reviewed information about these claims and

4 categorized them are not listed as witnesses.  We don't know

5 anything about their qualification.  We don't have the

6 information from which those designations were made such that

7 we can examine a witness who actually determined which of these

8 claimants fell under which category.

9          So, to the extent there is any medical component to

10 this report, the witness isn't the proper witness to provide

11 that testimony, in any event.  Rebuttal evidence, I want to

12 quote from a Fourth Circuit decision.  This is <u>United States v.</u>

13 <u>Stitt</u>, S-t-i-t-t, 250 F.3d 878 at Page 897.  "Rebuttal evidence

14 must be reasonably tailored to the evidence it seeks to refute.

15 There must be a nexus between the purported rebuttal evidence

16 and the evidence that the purported rebuttal evidence seeks to

17 rebut."

18          In this instance, the evidence offered from Dr.

19 Florence simply has no relationship to any evidence that will

20 be offered by Dr. Whitehouse.  It's not proper rebuttal

21 evidence and it should be excluded.

22          THE COURT:  All right.  Who's arguing for the debtor?

23          MS. HARDING:  Your Honor, this is Barbara Harding.

24 I'm arguing on behalf of the debtor.

25          THE COURT:  All right.

1       MS. HARDING:  Your Honor, the debtors believe that

2  this is not even a close question.  The first point I'd like to

3  make is that if Dr. Whitehouse had contained his opinion to

4  those surely of pulmonology, then perhaps we would not have

5  needed a report from Dr. Florence.  But, that's not what Dr.

6  Whitehouse does.  He ventures into the expertise of

7  epidemiologist and statistician, and that is why a report from

8  Dr. Florence was necessary, simply to rebut aspects of Dr.

9  Whitehouse's report; certainly not his full report.  We have

10 other experts that are addressing the medical issues raised by

11 Dr. Whitehouse.

12      But, I think the easiest answer to the Libby

13 Claimants' motion is that it's just not accurate,

14 scientifically or legally, to state that Dr. Florence's report

15 is not a rebuttal report.  It seems to show just a profound

16 misunderstanding of the scientific issues in the case, and I

17 think a misunderstanding of the law as to what constitutes

18 proper rebuttal.

19      In his report Dr. Whitehouse claims that the TDPs are

20 discriminatory when applied to the Libby Claimants.  He goes on

21 to talk about the impact of the TDP on the Libby Claimants, and

22 as I said, claims that it's discriminatory as to them, but he

23 never addresses the effect or impact of the TDP on non-Libby

24 Claimants.

25      So, without some reference to that, it's impossible

1  for the Court to assess whether it's discriminatory or not.

2  Dr. Florence does.  He does attempt to do a scientific analysis

3  that assesses the impact of the TDP on non-Libby Claimants.

4  And it does tend to cast doubt on Dr. Whitehouse's claim about

5  discrimination.

6          Scientifically, I think it's as if the Libby

7  Claimants are saying that, well, we didn't do a scientific

8  epidemiological statistical analysis, therefore you cannot.  It

9  really -- it does not make any sense to make that argument.  I

10  mean, Dr. Florence has attempted to do a valid statistical

11  analysis of the impact of the TDP on non-Libby Claimants, and

12  the fact that Dr. Whitehouse did not attempt to do any kind of

13  scientific statistical analysis but just made anecdotal

14  observations about the impact of the TDP on his claimants, I

15  think is something that we obviously will raise with respect to

16  a Daubert motion, but certainly isn't a reason why Dr.

17  Florence's report isn't proper rebuttal report.

18          The second point I'd like to make, Your Honor, it

19  really raises a little bit of a bigger problem and something

20  that the Court is somewhat familiar with already, and that is,

21  the moving target that has been called Dr. Whitehouse's

22  opinions in this case, his opinions keep changing.  His

23  reliance materials keep changing.  His population that he

24  supposedly is studying keeps changing.  And as such, some of

25  our responsive work is ongoing.

1    Dr. Weil's deposition has not -- has been delayed in

2  this case, so he can conclude his responsive work to Dr.

3  Whitehouse -- Dr. Whitehouse's most recent production which was

4  in mid-June.  And the point here is, even if there were any

5  grain of accuracy to the Libby Claimants' contention that Dr.

6  Florence was not proper rebuttal at the time that he filed it,

7  which we do not believe is true, not for a second, but there is

8  now a complete record in Dr. Whitehouse's rebuttal reports, his

9  surrebuttal report, his deposition testimony where Dr.

10  Whitehouse is purporting to make statistical extrapolations and

11  analyses from his work and his population.  And Dr. Florence's

12  report is obviously directly responsive to those opinions and

13  analyses that have evolved as the case has proceeded.

14    And then the final point I just wanted to make, Your

15  Honor, and it's really an aside, but there seems to be an

16  argument in counsel's statements that related to the underlying

17  reliance materials and the work that Dr. Florence did.  The

18  Libby Claimants haven't taken Dr. Florence's deposition yet.

19  There's been no complaint about his reliance materials.  We've

20  received no requests for them.  We've received no requests for

21  additional reliance materials or any additional discovery

22  related to Dr. Florence's report.

23    We think that he has provided all of his reliance

24  materials and everything that's there is proper.  There's

25  simply been no complaint either in their motion or to date on

1  that issue.  So, I wanted to make sure that the Court was aware

2  of that.

3           THE COURT:  All right.  Back to the Libby Claimants.

4  Anything else you'd like to state?

5           MR. KOVACICH:  Yes, Your Honor.  Just that I still

6  have not heard how the substantive portion of Dr. Florence's

7  report and opinion addresses anything that Dr. Whitehouse has

8  to say.  Counsel comments that Dr. Whitehouse provides opinions

9  on how the medical criteria are discriminatory, and then states

10 in a conclusory fashion that Dr. Florence does a statistical

11 analysis of non-Libby Claimants to show that they are not.

12 But, there's a disconnect between what Dr. Whitehouse says and

13 what Dr. Florence's report addresses.

14           Dr. Florence takes these 1500 claimants, or whatever

15 it was, and then says what percentage of those claimants falls

16 under these various categories.  Well, so what?  That doesn't

17 respond to any of the arguments that the Libby Claimants have

18 made, and it doesn't respond to any opinion that Dr. Whitehouse

19 has to offer.  So, I think we're still in the dark as to how

20 this actually rebuts an opinion from Dr. Whitehouse.

21           And as to the comment on reliance materials, as far

22 as I know, I agree with counsel.  There hasn't been any

23 discussion about Dr. Florence's reliance materials.  That

24 wasn't the point of my comment.  The point of my comment is

25 that there's an underlying medical opinion in this report of

1 Dr. Florence which is how these various claimants are

2 categorized from a medical standpoint, and Dr. Florence isn't

3 qualified to address that and the people who actually made

4 those designations are not listed as witnesses and we won't

5 have the opportunity to examine them as to how they made these

6 medical determinations.

7        THE COURT:  All right.  Well, I understood Ms.

8 Harding to say that there are other witnesses who will discuss

9 the medical issues, specifically.  I don't know who they are,

10 but nonetheless, that's what she said.  That Dr. Florence's

11 report is obviously not designed to address the medical

12 criteria per se, but is to take a look at Dr. Whitehouse's

13 conclusion that the TDPs, as structured, are discriminatory,

14 and he did a different type of analysis than Dr. Whitehouse

15 did.

16        It seems to me that at this point without having

17 heard the witnesses, and so I reserve the right to change my

18 mind about this when I do hear the witnesses, but just looking

19 at the reports it seems to me that it's fair rebuttal.  Whether

20 it will come out that way at the time of trial or not, I don't

21 know.

22        So, I reserve the right to change my mind about this,

23 but for now just looking at the reports and seeing what the

24 issues are that the parties have raised, it seems to me that

25 this will be fair rebuttal.  But, what the rebuttal will

1 actually be until I hear the witnesses' testify or see what

2 you're proffering from those witnesses, I think it's premature

3 for me to be making that kind of determination.

4        You know, if Dr. Whitehouse doesn't testify to

5 certain things, then rebuttal reports aren't necessary.  But,

6 from looking at them as they stand right now without the

7 benefit of the witnesses, I believe it's their rebuttal, and I

8 don't see a basis to strike the report.  But, again, I'm making

9 this determination without prejudice to changing my mind when

10 the evidence is actually proffered.

11        So, I will, I suppose, do an order that indicates

12 that I am not granting the motion to strike right now, but it's

13 without prejudice to the Libby Claimants raising it again at

14 the time of trial.

15        MS. HARDING:  Thank you, Your Honor.

16        MR. KOVACICH:  Thank you.

17        THE COURT:  Okay.  Anything else?

18        MS. BAER:  Your Honor, we'll prepare an order along

19 those lines with respect to Dr. Whitehouse and circulate it to

20 the Libby Claimants for their review.

21        THE COURT:  All right.  That's fine.

22        MS. BAER:  Your Honor, the only other matter on the

23 agenda was the quarterly fee applications which had been

24 continued over to June -- from the June 29th hearing, and in

25 the meantime you have entered an order on those, so I think

22

1  that we are all taken care of there.

2            THE COURT:  Okay.

3            MS. BAER:  Your Honor, that concludes the agenda.

4            THE COURT:  All right.  Anybody have any matters to

5  raise?  Okay.  We're adjourned.  Thank you.

6            MS. BAER:  Thank you, Your Honor.

7            MS. HARDING:  Thank you, Your Honor.

8                          * * * * *

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# **C E R T I F I C A T I O N**

_____I, KATHLEEN BETZ, court approved transcriber,

certify that the foregoing is a correct transcript from the

official electronic sound recording of the proceedings in the

above-entitled matter, and to the best of my ability.


/s/ Kathleen Betz_____DATE:  July 15, 2009

KATHLEEN BETZ

J&J COURT TRANSCRIBERS, INC.

**J&J COURT TRANSCRIBERS, INC.**