## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.* [1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date: July 27, 2009 at 10:00 AM EDT |
| | ) | |
| | ) | Re: Docket No. 22385 |

### DEBTORS' RESPONSE TO LIBBY CLAIMANTS' MOTION
### FOR LEAVE TO FILE SUPPLEMENTAL OBJECTIONS TO
### FIRST AMENDED JOINT PLAN OF REORGANIZATION

On July 10, 2009, Libby Claimants moved for leave to file supplemental objections to the

First Amended Joint Plan of Reorganization.  (Dkt. No. 22386)  The majority of the objections

they now seek to assert focus on the TDP medical criteria, and specifically (1) question the

criteria for "severe asbestosis" and "severe disabling pleural disease" and (2) allege that the TDP

medical criteria "arbitrarily" exclude individuals with unilateral disease.  (Supp. to Libby

Claimants' Objections at 2, 4) (Dkt. No. 22385)  The Court should deny the motion for leave to

---

[1]    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

file these objections – filed more than 50 days past the deadline set by the CMO – as there is no just cause warranting their submission. Allowing the Libby Claimants to add objections past the deadline for doing so prejudices Debtors and all Plan Proponents who must respond to objections from 38 parties. In the alternative, if the Court permits these supplemental objections, the Debtors should be allowed time to review the objections and determine if further discovery is necessary.

Further, the Court should not permit the Libby Claimants to make untimely objections to the release of Fresenius indemnified parties. In addition to the TDP medical criteria, the Libby Claimants also raise objections to the Plan's release of Fresenius indemnified parties. This issue should have been included in the Libby Claimants May 2009 objections as other objecting parties raised *this very issue* in their objections. Additionally, the provision mirrors this Court's direction on the release of such parties in its settlement order approved in 2003 and therefore should be preserved. (*See* Order Authorizing and Implementing Settlement Agreement June 23, 2003) (Dkt. No. 3962) The Libby Claimants were aware of this settlement for over five years before the deadline for filing objections, and the allegedly objectionable portion of the Plan that relates to this settlement was in prior versions of the plan, submitted well before the deadline for filing supplemental objections.

## I.    THE COURT SHOULD STRIKE THE LIBBY CLAIMANTS' SUPPLEMENTAL OBJECTIONS BECAUSE THEY VIOLATE THE CMO.

All of the Libby Claimants' supplemental objections to the TDP violate the filing deadlines set by the CMO and should not be accepted by this Court without the Libby Claimant's showing just cause for their delay. No such showing has been made. The Debtors and Plan Proponents should not be made to answer for these new objections made less than two months before the confirmation hearing.

The Third Amended Case Management Order (CMO) set and allowed for preliminary and final objections from all parties to be submitted by May 20, 2009. (Third Am. Case Management Order Related to the First Am. Joint Plan of Reorganization at 2) (Dkt. No. 21544) All other parties have complied with the timeline set by the CMO in submitting their objections. Now – without any showing of just cause – Libby Claimants explicitly disregarded the schedule set by the CMO and filed these supplemental objections less than two months before the confirmation hearing. There are 38 objecting parties to this proceeding. Allowing any one of them to simply add objections as the Libby Claimant's have done here would put Debtors and Plan Proponents in an untenable position; responding to and possibly conducting further discovery for each objection added. If the Court allows these objections, there is no reason to think that the 37 other objecting parties won't follow suit and "supplement" their own objections.

The Libby Claimants cannot advance any just cause to excuse their delay in filing these supplemental objections. None of the issues raised in their supplemental objections are based on new provisions in the TDP, nor do they concern issues not previously known to the Libby Claimants before the May 2009 filing deadline. Rather, the provisions to which Claimants take exception have been in the First Amended Joint Plan of Reorganization since it was filed, on February 27, 2009. Specifically, their objection concerning patients with unilateral disease was addressed in interrogatories filed by the Asbestos PI Committee on February 23, 2009. (Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Elmer Biladeau's Interrog. 9, 10, 12, 14; Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Robert Barnes's Interrog. 6) If the Libby Claimants needed further clarification of these requirements following the interrogatory responses, their concerns with this TDP medical criteria should have been included in their previously-filed May 2009 objections.

3

This is likewise true for their supplemental objections regarding the FEV1/FVC ratio requirement; not only was this issue raised in Claimants' Preliminary Plan Objection filed December 22, 2008 (Claimants' Preliminary Plan Objection 2 (Dkt. No. 20313)), but the issue was addressed at length in interrogatory responses filed by the Asbestos PI Committee on February 23, 2009. (Objections and Answers of Official Committee of Asbestos Personal Injury Claimants to Robert Barnes's Interrog. 14, 16-17) Again, there is no reason why these particular objections – raised for the first time in their supplemental objections – could not have been included in Libby Claimants' May 2009 objections.

Finally, the Libby Claimants have not sought any supplements to the CMO (Third Am. Case Management Order Related to the First Am. Joint Plan of Reorganization ¶ 13) to extend the deadline for submitting such objections and therefore these objections should not be considered in these proceedings.

If the Court permits the Libby Claimants to file these supplemental objections, the Debtors respectfully request that the Court afford the Debtors time to review the objections and determine if further discovery is necessary to effectively respond. Should this be the case, Debtors would request an opportunity to further depose the Libby Claimants' expert witnesses. In their depositions of the Libby Claimants' experts, debtors did not have an opportunity to identify the experts opinions that directly support these new objections and then test those opinions through questioning. Instead, the expert depositions focused on the concerns identified in the Libby Claimants' May 2009 objections. If the Court accepts these supplemental objections, the Debtors would require additional time to review these supplemental objections and determine if further discovery is necessary.

## II.    THE RELEASE OF FRESENIUS INDEMNIFIED PARTIES IS REQUIRED UNDER THIS COURT'S SETTLEMENT ORDER

In their supplemental objections, the Libby Claimants seek to strike section 8.8.7 of the Plan that releases Fresenius indemnified parties. Again, Libby Claimants have shown no just cause for their tardy objection to this provision and have ignored this Court's June 23, 2003 settlement order explicitly requiring this provision in the Plan.

The release of Fresenius indemnified parties is hardly an issue Libby Claimants could not have raised in their May 2009 objections. In fact, other parties objected to *this very issue* in their final objections filed on May 20, 2009. (*See, e.g.*, Final Objections of GEICO and Republic Ins. Co. to Confirmation of Am. Joint Plan of Reorganization at 29-30 (Dkt. No. 21771); Final Objections of OneBeacon America Ins. Co. to Confirmation of Am. Joint Plan of Reorganization at 35-37 (Dkt. No. 21763).) There is no just cause for why Libby Claimants should be allowed to raise this issue now when other objecting parties properly raised it in their final objections filed in May 2009.

Further, section 8.8.7 is explicitly required by this Court's June 23, 2003 settlement order, which states the following:

> The Plan of Reorganization shall provide that, in consideration of the Settlement Payment, any Person voting in favor of the Plan or receiving property under the Plan shall thereby be deemed to have fully released each and every of the NMC Defendants from all Grace-Related Claims that such Person has asserted or could have asserted in this or any other forum against any of the NMC Defendants.

(June 23, 2003 Order at 15). Based on this Court's June 23, 2003 Order, the Debtors' obligation to the Fresenius indemnified parties is not discretionary. The Libby Claimants have had more than sufficient notice of this provision, given that the Settlement Order was filed over five years ago, and the February 2009 Plan incorporated the Order's language. The Libby Claimants have provided no justification for failing to object to this portion of the Plan in a timely manner.

5

For these reasons, the Court should not permit the Libby Claimants to submit this untimely objection to the Plan.

## CONCLUSION

The Libby Claimants' motion seeks leave to file objections that should have been filed in a timely manner consistent with the CMO. The Libby Claimants were well aware of all issues raised by these objections prior to the deadline and can show no good cause for violating the CMO. Accordingly, their motion for leave to file these untimely objections should be denied.

Dated:  July 17, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick
Lisa G. Esayian
300 North LaSalle Street
Chicago, IL  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

and

Theodore Freedman
KIRKLAND & ELLIS LLP
Citigroup Center
601 Lexington Avenue
New York, NY  10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

and

Barbara M. Harding
Brian T. Stansbury
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
Telephone:    (202) 879-5200
Facsimile:    (202) 879-5200

and

PACHULSKI, STANG, ZIEHL, YOUNG
    & JONES LLP

 */s/ Kathleen P. Makowski*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
*Co-Counsel for the Debtors and*
*Debtors in Possession*