IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et. al.[1] | ) | Case No. 01-01 139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors | ) | |

**PLAN PROPONENTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THE PLAN'S DESIGNATION OF MORGAN STANLEY SENIOR FUNDING, INC. AS NOT IMPAIRED**

The above-captioned debtors (the "Debtors"), together with the Official Committee of

Asbestos Personal Injury Claimants, the Official Committee of Equity Security Holders, and the

Asbestos PI Future Claimants' Representative (collectively the "Plan Proponents"), hereby

submit this Supplemental Brief in support of the Plan's designation of Morgan Stanley Senior

Funding, Inc. ("Morgan Stanley") as unimpaired, and respectfully state as follows:

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/Ma Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (fMa Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace 11, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (fMa Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (fMa Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (fMa Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B I1 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G I1 Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (Wa Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal 11, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (fMa GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (fMa Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (Wa British Nursing Association, Inc.), Remedium Group, Inc. (Wa Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (flk/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## MORGAN STANLEY IS NOT IMPAIRED BY THE PLAN

Morgan Stanley alleges that they are impaired under § 1124(1) of the Bankruptcy Code because the Plan does not leave their legal, equitable and contractual rights entirely unaltered. *See Solow v. PPI Enters. (U.S.), Inc. (In re PPI Enters. (U.S.), Inc.)*, 324 F.3d 197, 202 (3d Cir. 2003); *In re Coram Healthcare Corp.*, 315 B.R. 321, 351 (Bankr. D. Del. 2004) ("if the proposed plan of reorganization does not leave the creditor's rights entirely unaltered, the creditor's claim is impaired."). Plan Obj. at 7; MS Supp. Br. at 9.[2] More specifically, Morgan Stanley alleges that its contractual rights are altered not because of an allegation regarding their Allowed Claim, but rather, they alleged they are impaired because they are not being paid interest under the Plan until the Court resolves a dispute between the Debtors and Morgan Stanley as to the merits of Morgan Stanley's contention that their contract entitles them to interest at a rate which the Debtors are currently not prepared to concede is a non-default rate. MS Supp. Br. at 12.

The Plan Proponents do not disagree that *PPI Enterprises* and its progeny apply here. However, the Plan Proponents assert that the Plan fully complies with *PPI Enterprises* and does not alter Morgan Stanley's contractual rights at all because the Debtors will pay Morgan Stanley their Allowed Claim in full along with whatever rate of interest this Court determines is appropriate. As a result, the Plan Proponents assert that Morgan Stanley's claim is unimpaired by the Plan. Morgan Stanley is not entitled to anything more.

---

[2]  Objection of Morgan Stanley Senior Funding, Inc. to the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders, dated February 27, 2009 [Dkt. No. 21752] ("Plan Obj."); Supplemental Memorandum of Law of Morgan Stanley Senior Funding Inc. Regarding Impairment Under the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders, dated February 27, 2009 [Dkt. No. 22502] ("MS Supp. Br.").

2

The Plan very clearly sets forth how the Debtors propose to pay Morgan Stanley and other holders of General Unsecured Claims under § 3.1.9(b) of the Plan. If a holder of a General Unsecured Claim (other than the Lenders or certain holders of Environmental Claims) has an existing contract that specifies a non-default rate of interest, the Plan will pay the Allowed amount of the Claim along with the non-default rate of interest. *See* § 3.1.9(b)(C) of the Plan. If a holder of a General Unsecured Claim does not have a contract, then the Plan proposes to pay the allowed amount of the Claim along with interest at the rate of 4.19%, which is the same rate of interest proposed for holders of Environmental Claims. *See* § 3.1.9(b)(B) and (D).[3] And, if any Non-Lender Claimants[4] disagree with the rate of interest that is provided for under § 3.1.9(b), then that Claimant is not compelled to accept the rate that is offered. The Plan provides very simple instructions to Non-Lender Claimants who disagree with the rate of interest that they are receiving. Joint Plan at § 3.1.9(d). Indeed, such instructions were adopted from the confirmed plan in the *USG* case,[5] in which the general unsecured creditors were deemed unimpaired by such procedures. These procedures indicate that Non-Lender Claimants can raise their arguments to the Court as part of adjudication of their claims, and the Court can decide whether such arguments have merit. If the Court agrees with the Non-Lender Claimant

---

[3]     As discussed in the Plan Proponents' Supplemental Brief in Support of the Plan's Designation of the Bank Lender Group as Unimpaired filed concurrently herewith, the Plan proposes to pay the Lenders interest at a rate of 6.09%, however, if the Court concludes that the rate of interest being offered to the Lenders is somehow discriminatory against other creditors in Class 9 because the Lenders are receiving more than their contractual rate of interest under the Plan (*i.e.*, 6.09% represents a rate previously negotiated with the Creditors' Committee), then the Plan Proponents will have no objection to lowering the rate of post-petition interest paid to the Lenders to the stated non-default rate.

[4]     These provisions are limited to Non-Lender Claimants since the Lenders have separate and ongoing litigation regarding the rate of interest applicable to their Claims.

[5]     In re USG Corp., Case No. 01-2094 (JFK) (Bankr. D. Del. Mar 27, 2006).

regarding the rate of interest, then the Debtors will pay whatever the Court decides whether it be more or less than what is proposed in the Plan.

Here, Morgan Stanley argues that "its rights can only be left 'unaltered' if it receives post-petition interest at the one and only rate set forth in its contract, *irrespective of the label placed on that interest rate (i.e., non default or default rate)*." MS Supp. Br. at 2 (emphasis added). However, as the Plan Proponents have articulated in the context of the Lenders, whether something is a default rate makes a difference, and the Plan Proponents have reserved their right to argue that the "one and only" rate in the contract at issue is indeed a default rate. *See* Plan § 3.1.9(e)(ii) (the Debtors may dispute Morgan Stanley's interest rate by serving a written objection on Morgan Stanley before the Effective Date, the parties are then required to negotiate, and then if resolution of the objection is not reached, Morgan Stanley may request a hearing no later than 60 days after the Effective Date in order to have this Court resolve the interest rate dispute). If the parties cannot resolve the issue prior to the Effective Date and the Debtors file an objection to the rate, the matter should be decided by this Court before the Debtors are required to pay interest to Morgan Stanley at this "one and only" rate if such rate is a default rate and if default interest is not an appropriate component under § 1124(1) of the Bankruptcy Code in this context. The time to resolve such matter is a short one and should not result in Morgan Stanley waiting an "indeterminate period of time" for a determination and payment of interest as Morgan Stanley alleges. MS Supp. Br. at 12.

Furthermore, Morgan Stanley has alleged that "after the Effective Date, it appears from the Plan that no additional interest will accrue even though Morgan Stanley will clearly be deprived of the time value of the interest that would have been paid on the Effective Date, but for the litigation over the appropriate amount of post-petition interest. See Plan at § 3.1.9(e)(iii)."

4

MS Supp. Br. at 12. As the Plan Proponents indicate above, the Debtors will pay whatever the Court determines that the Debtors must pay on account of an interest dispute with Morgan Stanley, and the Plan is not intended to change that result.

Finally, Morgan Stanley argues that the Court should consider possibly awarding Morgan Stanley an interest rate of 4.19% on the Effective Date in the event that their interest rate dispute is unresolved as of that time. MS Supp. Br. at 14 n. 7. The Plan Proponents submit that if there is truly "one and only one" rate of interest that is appropriate for impairment purposes as Morgan Stanley alleges, and such rate is the rate of interest set forth in their contract, then the award of some other rate of interest on the Effective Date really makes little sense and has nothing to do with § 1124(1) of the Bankruptcy Code.

## CONCLUSION

The Debtors' Plan does not impair Morgan Stanley's claim to receive the full Allowed Amount of the their Claim plus post-petition interest at whatever rate the Court deems appropriate; therefore, the Plan cannot be said to impair Morgan Stanley under § 1124(1) of the Bankruptcy Code. Accordingly, Morgan Stanley's claim of impairment under the Plan should be overruled.

Dated: July 17, 2009
Wilmington, Delaware

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Eric F. Leon
Deanna D. Boll
Justin Brooks
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900


and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison Street
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162

and


    /s/ Kathleen P. Makowski
PACHULSKI, STANG, ZIEHL & JONES LLP
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC


*/s/ Mark T. Hurford*
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947


and

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of Asbestos
Personal Injury Claimants*

PHILIPS, GOLDMAN & SPENCE, P.A.


_/s/ John C. Philips_
John C. Philips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone:  (302) 655-4200
Facsimile:  (302) 655-4210

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

_Counsel for David T. Austern, Asbestos PI Future
Claimants' Representative_

8

SAUL EWING LLP

_/s/ Teresa K D Currier_
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Facsimile: (302) 421-6813

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Horowitz
Douglas Mannal
1177 Avenue of the Americas
New York, NY 10022
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

_Counsel for the Official Committee of Equity Security
Holders_