**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br><br>(Jointly Administered) |

**THE STATE OF MONTANA'S PRETRIAL SUBMISSION REGARDING ISSUES TO BE RAISED AND EVIDENCE TO BE PRESENTED BY THE STATE OF MONTANA AT THE PHASE II CONFIRMATION HEARING**

The State of Montana ("Montana"), pursuant to the Court's Third Amended Case Management Order Related to the First Amended Joint Plan of Reorganization, dated May 5, 2009 (Docket No. 21544) and the Court's Order Regarding Phase II Pre-Trial Proceedings, dated July 7, 2009 (Docket Nos. 22347 and 22351), by and through its undersigned counsel, hereby submits its pretrial submission in order to identify (a) the objections that Montana will litigate at the Phase II confirmation hearings, currently scheduled to commence on September 8, 2009, and (b) the evidence that Montana expects to introduce in connection with those objections.

Montana intends to raise the following issues in objection to the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders (Docket No. 20872) (as such plan has been or may be modified and/or amended, the "Plan") at the Phase II confirmation hearings, all of which are set forth in more detail in the State of Montana's Brief in Opposition to Confirmation of the Plan (Docket No. 21785) (the "Montana Objection") and the State of Montana's Phase II Trial Brief in Opposition to Confirmation of the Plan (Docket No. 22429) (the "Montana Phase II Trial Brief"):

WCSR 4168734v3

- Whether the Plan fails to comply with Bankruptcy Code section 524(g)

  - Whether Montana's claims for contribution and indemnification are not subject to an injunction pursuant to Bankruptcy Code section 524(g) because they are of a different nature than asbestos claims

  - Whether Montana's claims for contribution and indemnification are not subject to an injunction imposed pursuant to Bankruptcy Code section 524(g) because they are not "claims" or "demands"

- Whether the Plan fails to comply with Bankruptcy Code section 1122(a) by classifying claims that are not substantially similar within the same class

- Whether the Plan violates the absolute priority rule by providing for favorable treatment to classes that are junior in priority to Class 6 Asbestos PI Claims

- Whether the Plan violates the prohibition on unfair discrimination by providing for favorable treatment to classes that are equal in priority to Class 6 Asbestos PI Claims

- Whether the Trust Distribution Procedures (attached as Exhibit 4 to the Exhibit Book to the Plan) (Docket No. 20874) (the "Trust Distribution Procedures") fail to comply with Bankruptcy Code sections 1123(a)(4) and 524(g)(2)(B) by giving disparate treatment to claims within a class

  - Whether the Trust Distribution Procedures give disparate treatment because they might be interpreted as providing for no payout on account of contribution and indemnification claims

  - Whether the Trust Distribution Procedures give disparate treatment by implementing a first-in-first-out mechanic

  - Whether the Trust Distribution Procedures give disparate treatment by imposing additional restrictions or requirements on holders of Indirect PI Trust Claims

- Whether the Trust Distribution Procedures and the Plan are fair and equitable

- Whether the Plan is feasible

- Whether the Plan was proposed in good faith

Montana anticipates introducing as evidence at the Phase II confirmation hearings the deposition testimony of Richard Finke, Peter Lockwood, and Jay Hughes. Montana also anticipates calling one or more representatives of the State of Montana, including (among for other purposes and topics) as record custodian(s) relating to the state court complaints against Montana and Montana's proofs of claim.

- 3 -

Montana further anticipates introducing the following exhibits as evidence at the Phase II confirmation hearings:

- The Plan
- The Trust Distribution Procedures
- The Montana Objection
- The Montana Phase II Trial Brief
- Complaints against Montana alleging personal injuries and/or property damage arising from the vermiculite-related activities of the Debtors in Lincoln County, Montana, or alleging a failure to warn in connection with such activities
- Montana's proofs of claim against the Debtors

Montana does not anticipate separately calling any other live or deposition witnesses or introducing other exhibits at the Phase II confirmation hearings.  However, Montana reserves the right to join in witness and deposition designations of any other party, to join in exhibits of any other party, to call any person identified on any preliminary and/or final witness lists and/or pretrial submissions of any other party, or to call any person called to testify by any other party.

Additionally, because discovery has not yet been completed, Montana reserves its right to supplement or alter this pretrial submission and/or to designate additional testimony, exhibits, or other evidence to submit at the Phase II confirmation hearings.

Dated:  July 20, 2009

Respectfully submitted,

Womble Carlyle Sandridge & Rice, PLLC

       /s/ Matthew P. Ward
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
Matthew P. Ward (#4471)
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801
Ph: (302) 252-4320
Fax: (302) 252-4330

Counsel for the State of Montana

WCSR 4168734v3