IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| _____ ) | | Chapter 11 |
| In re: ) | | Case No. 01-1139 (JKF) |
| ) | | (Jointly Administered) |
| W. R. GRACE & CO., et al., ) | | |
| ) | | |
| Debtors. ) | | **Re: Docket No. 22347** |
| _____ ) | | |

**PRE-TRIAL SUBMISSION OF THE SCOTTS COMPANY LLC**
**IN CONNECTION WITH PHASE II CONFIRMATION HEARING**

The Scotts Company LLC ("Scotts"), by and through its undersigned counsel, and in accordance with the Order Regarding Phase II Pre-Trial Proceedings ("Pre-Trial Order"), hereby submits is Pre-Trial Submission consisting of a Statement of Issues, a List of Witnesses whom Scotts intends to call, and a List of the Exhibits to be Introduced at Trial.

STATEMENT OF ISSUES

The following constitutes the Statement of Issues that Scotts intends to address at the Phase II Confirmation Hearing on the First Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009 (D.I. 20872) (the "Joint Plan"):

1. The Joint Plan is Unconfirmable Because it Improperly Seeks to Enjoin Claims and Demands Against Nondebtor Third Parties That Have Not Made and Will Not Make a Substantial Financial Contribution to the PI Trust.

    a. The Asbestos PI Channeling Injunction Amounts to an Unlawful Bankruptcy Discharge in Favor of the Settled Asbestos Insurance Companies, Which Are Not Contributing to the PI Trust.

       b.       The Asbestos Insurance Entity Injunction Is Improper Under Section 105 of the Bankruptcy Code.

       c.       This Court Lacks Subject Matter Jurisdiction to Issue the Channeling Injunction to Enjoin Claims Against the Settled Asbestos Insurance Companies or to Issue the Asbestos Insurance Entity Injunction.

       d.       The Releases are Improper to the Extent that the Releases Seek to Release Nondebtors Beyond the Scope Permitted Under the Bankruptcy Code.

2.       The Joint Plan is Unconfirmable Because it Improperly Classifies Materially Different Claims in Class 6 and Therefore Violates Section 1129(A)(1) of the Bankruptcy Code.


### LIST OF WITNESSES

       Scotts' objections to the confirmation of the Joint Plan raise primarily legal issues.  Accordingly, Scotts does not intend to call its previously disclosed witnesses with three exceptions:  1) Scotts intends to call Plan Proponent representatives[1] live and/or designate such witnesses' deposition testimony to testify regarding the terms of and treatment by the Joint Plan; 2) to the extent necessary, Scotts' intends to call live a corporate representative to authenticate business records on the subjects of W. R. Grace vermiculite and the state actions against Scotts involving W. R. Grace vermiculite; and 3) Scotts reserves the right to cross-examine the Plan Proponents' witnesses or other plan objectors' witnesses, or to call rebuttal witnesses as appropriate.

---

[1] Peter Van N. Lockwood, Jeffrey M. Posner, Richard Finke, Elihu Inselbuch, David T. Austern, and Jay W. Hughes, Jr.

<u>LIST OF EXHIBITS</u>

Scotts identifies the following exhibits it intends to introduce into evidence at the

Phase II Confirmation Hearing on the Joint Plan:

1.  First Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009 and all exhibits thereto (D.I. 20872) (the "Joint Plan");

2.  Debtors' Disclosure Statement for the Joint Plan and all exhibits thereto (D.I. 20873, 20874, 20877, 20905);

3.  Joint Motion to Approve a Temporary Stay to Enjoin the Prosecution of All Claims Against Scotts in the State Actions ("Joint Motion"), Adversary No. 01-AP-0771, (11/15/2004) (D.I. 322);

4.  Summary Chart of Active State Actions against Scotts regarding W. R. Grace vermiculite;

5.  Order Granting Modified Preliminary Injunction, <u>W. R. Grace & Co., et al. v. Margaret Chakarian, et al. and John Does 1-1000</u>, Adversary No. 01-AP-0771 (1/22/2002) (D.I. 87);

6.  December 16, 1977 Correspondence from W. R. Grace (Mr. R. M. Vining) to Scotts (Mr. F. L. Herron, Jr.) and attachments thereto;

7.  Complaint for Declaratory and Other Relief against American Employers Insurance, Boston Old Colony Insurance Company, Continental Casualty Company, Employers Commercial Union n/k/a OneBeacon America Insurance Company, Maryland Casualty Company, Unigard Insurance Company, and Debtors (the "Declaratory Judgment Action"), Adversary No. 04-AP-55083, (D.I. 1);

8.  Proof of Claim, Case No. 01-01139, D.I. 13061;

9.  Response of The Scotts Company, LLC to W. R. Grace Personal Injury Asbestos Questionnaire;

10. Objections and Answers of the Plan Proponents to First Set of Interrogatories Propounded by the Scotts Company LLC;

11. Responses and Objections of the Plan Proponents to Document Requests Propounded by the Scotts Company LLC;

12.    Objections and Answers of the Plan Proponents to Requests for Admission Propounded by the Scotts Company LLC;

13.    Notice of Filing of Amended Proposed Confirmation and Solicitation Procedures for First Amended Joint Plan of Reorganization and exhibits attached thereto (2/27/09) (D.I. 20864);

14.    Designated portions of the depositions of Peter Van N. Lockwood, Jeffrey M. Posner, Richard Finke, Elihu Inselbuch, David T. Austern, Jay W. Hughes, Jr.;

15.    Scotts reserves the right to introduce exhibits for rebuttal purposes;

16.    The Plan Proponents have neither filed nor served their response(s) to Scotts' objections to the confirmation of the Joint Plan.  Accordingly, Scotts further reserves the right to introduce exhibits in reply thereto.

To the extent that the Plan Proponents are permitted to conduct further discovery beyond that permitted under the Third Amended Case Management Order Related to the First Amended Joint Plan of Reorganization (D.I. 21544), and/or to the extent that the Plan Proponents are permitted to lift the Order Granting Modified Preliminary Injunction or any amendments thereto (Adversary No. 01-AP-0771, D.I. 87 (1/22/2002)) to pursue litigation on the issues raised in the currently stayed declaratory judgment action of Scotts against American Employers Insurance, Boston Old Colony Insurance Company, Continental Casualty Company, Employers Commercial Union n/k/a OneBeacon America Insurance Company, Maryland Casualty Company, Unigard Insurance Company, and Debtors (Adversary No. 04-AP-55083), Scotts reserves the right to introduce additional or different exhibits and/or witnesses in response thereto.

DATED:  July 20, 2009

Respectfully submitted,

/s/ Tiffany Strelow Cobb
Robert J. Sidman (OH Bar No. 0017390)
(admitted *pro hac vice*)
Tiffany Strelow Cobb (OH Bar No. 0067516)
(admitted *pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43215
Telephone: (614) 464-6400
Facsimile: (614) 719-4663

-and-

Robert J. Stearn, Jr. (No. 2915)
Cory D. Kandestin (No. 5025)
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Attorneys for The Scotts Company LLC and
certain of its related entities*