**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139(JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| _____ | ) | |

## PRE-TRIAL SUBMISSION OF BNSF RAILWAY COMPANY

BNSF Railway Company ("BNSF") submits this Pre-Trial Submission pursuant to the Order Regarding Phase II Pre-Trial Proceedings, dated July 7, 2009:

## I.    STATEMENT OF ISSUES

1.    Does the Court have the power to confirm a plan that permanently enjoins a non-debtor from pursuing insurance coverage against a non-debtor insurer, where the debtors have no property interest in the applicable insurance policies?

2.    Assuming, *arguendo*, that the Court has the power to enjoin a non-debtor from pursuing its insurance coverage against non-debtor insurers where the debtors have no property interest in the applicable policies, in the absent of consent, can the Court confirm a plan that includes such an injunction where the insurers have made no financial contribution in exchange for the injunction?

3.    Does Section 524(g) authorize the Court to enjoin non-debtors from seeking insurance coverage under policies issued to the debtors, where the third parties have rights in such policies, and the enforcement of those rights would not diminish the policy proceeds available to the debtors?

4.      Assuming, *arguendo*, that the Court has the power to enjoin third parties from seeking insurance coverage under policies issued to the debtors, where the third parties' enforcement of their rights would not diminish the policy proceeds available to the debtors, can the Court confirm a plan that includes such an injunction where the insurers have made no financial contribution in exchange for the third parties' releases?

5.      Is an injunction issued under Section 524(g) "fair and equitable" where the insurers, who are the beneficiaries of the injunction, have made no financial contribution to the trust formed to pay asbestos-related claims, but rather the debtors' total contribution is alleged to include a contribution "on behalf of" the insurers?

6.      Does the Court have the power, pursuant to Section 105(a) to confirm a plan that includes an asbestos-related injunction that does not conform to the requirements of Section 524(g)?

7.      Are the trust distribution procedures fair and equitable to claimants asserting indemnification or contribution claims, or asserting rights under insurance policies?

## II.      LIST OF WITNESSES

1.      Ms. Karen McKee, or another representative of BNSF, who will be called to testify to authenticate BNSF's business records.

2.      A representative or representatives of Marsh, Inc., who may be called to authenticate certain of its business records.

3.      Jeffrey Posner, W.R. Grace & Co., who will be called to testify regarding the Debtors' insurance policies, the negotiations concerning various insurance settlement agreements, and the treatment of insurance claims under the Plan.

4.      Jay Hughes, W.R. Grace & Co., who will be called to testify regarding the Debtors' insurance policies, and the existence of policies purchased by the Debtors on behalf of BNSF.

5.      Heather M. Miranda, Claims Specialist, Maryland Casualty Company, who will be called to testify regarding policies issued by Maryland Casualty Company to BNSF.

6.      Trent Proctor, Claim Litigation Director, Royal Indemnity Company, who will be called to testify regarding policies issued by Royal Indemnity Company to BNSF.

7.      Kevin Burrin, Director of Risk Management, BNSF Railway Company.  If Mr. Burrin is unavailable for testimony, BNSF reserves the right to call Jamie Johnson, Manager, Risk Management.  Mr. Burrin or Mr. Johnson will testify regarding the asbestos-related claims asserted against BSNF, the Debtors' contractual indemnity obligations to BNSF, and available insurance coverage regarding the asbestos-related claims asserted against BNSF.

8.      Peter Lockwood, Esq., who will be presented by deposition testimony, regarding the treatment of BNSF's claims, including claims for coverage under insurance policies issued to BNSF, under the Plan.

9.      Richard Finke, who will be presented by deposition testimony, regarding the treatment of BNSF's claims, including claims for coverage under insurance policies issued to BNSF, under the Plan.

III.    **LIST OF EXHIBITS**

1.      The First Amended Chapter 11 Plan of W.R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders (collectively, the "Plan Proponents") Dated February 3, 2009 (the "Plan"), including exhibits.

2.      Debtors Disclosure Statement for The First Amended Chapter 11 Plan Of W.R. Grace & Co., et al., The Official Committee Of Asbestos Personal Injury Claimants, The Asbestos Pi Future Claimants' Representative, And The Official Committee Of Equity Security Holders, Dated February 3, 2009, including exhibits.

3.      Contracts and agreements between BNSF, and its predecessors, and W.R. Grace & Co., and its predecessors, including:

a.      Agreement between The Great Northern Railway Company ("GN") and The Zonolite Company ("Zonolite"), dated August 2, 1938;

b.      Agreement between GN and Zonolite, dated October 10, 1938;

c.      Agreement between GN and Universal Zonolite Insulation Company ("Universal Zonolite"), dated May 24, 1941;

d.      Agreement between GN and Zonolite, dated September 15, 1942;

e.      Agreement between GN and Universal Zonolite, dated December 15, 1942;

f.      Agreement between GN and Universal Zonolite, dated September 25, 1943;

g.      Agreement between GN and Universal Zonlite, dated June 30, 1944;

h.      Agreement between GN and Universal Zonolite dated October 5, 1949;

i.      Agreement between GN and Zonolite, dated April 20, 1950;

j.      Agreement between GN and Zonolite, dated October 12, 1950;

k.      Agreement between GN and Zonlite, dated December 3, 1956;

l.     Agreement between Zonolite and W.R. Grace & Co., dated April 16, 1963;

m.     Agreement between GN and Zonlite Division, W.R. Grace & Co., dated October 5, 1965;

n.     Agreement between Burlington Northern Inc. and W.R. Grace & Co., dated April 1, 1974;

o.     Agreement between Burlington Northern Railroad Company, W.R. Grace & Co. – Conn., and City of Libby Montana, dated December 18, 1995.

4.     The Debtors' insurance policies, including:

a.     Policies issued by Royal Indemnity Company between 1953 and 1962, including policy numbers RLG27635, RLG31840, RLG35805, RLG045762, RLG045836, RLG053959, RLG021629, RLG021620, RLG021621, and RLG021622;

b.     Policies issued by Maryland Casualty Company between 1962 and 1973, including policy numbers 96-205800, 96-224900, 96-243400, 96-257400, 96-269500, 31-278301, and 31R-911051;

c.     Policies issued by Continental Casualty Company between 1973 and 1984, including policy numbers 9023670 and 2483440;

d.     Excess policies issued to the Debtors.

5.     The Asbestos Insurance Settlement Agreements, as defined in the Plan.

6.     Maryland Casualty Company policy number 50-695902, renewal of 50-511902, insuring Great Northern Railway Co., for policy years April 20, 1971 through April 20, 1974.

7.      Continental Casualty policy number 332 73 61, issued to Burlington Northern, Inc., for policy year June 30, 1977 through June 30, 1978.

8.      Continental Casualty policy number 2483440, issued to Burlington Northern, Inc., for policy year June 30, 1981 to June 30, 1984.

9.      Certificate of Insurance naming Burlington Northern, Inc., as the named insured under Continental Casualty Company Policy Number CCP9060456, with expiration date June 30, 1977.

10.     Confirmation regarding Continental Casualty Company Policy Number CCP9060456, with expiration date June 30, 1977.

11.     Certificate of Insurance naming Burlington Northern, Inc., as the named insured under Continental Casualty Company Policy Number CCP-3327361, with expiration date June 30, 1978.

12.     Certificate of Insurance naming Burlington Northern, Inc. as the named insured under Continental Casualty Company Policy Number CCP3327361, with an expiration date of June 30, 1979.

13.     Certificate of Insurance naming Burlington Northern, Inc. as the named insured under Continental Casualty Company Policy Number CCP3327361, with an expiration date of June 30, 1981.

14.     Various correspondence, including:

        e.      Letter dated March 31, 1950, from W.G. Anderson to J.B. Myers;

        f.      Letter dated June 1, 1950, from John Garing to T. J. Slattery;

        g.      Letter dated June 6, 1950, from T. J. Slattery to John Garing;

        h.      Letter dated July 25, 1950, from John Garing to J. A. Tauer;

i.      Letter dated August 22, 1955, from Fred M. Beyer to J.C. Kenady;

j.      Letter dated July 12, 1954, from Don E. Engle to J.H. Kaufmann;

k.      Letter dated July 5, 1955 from T.J. Slattery to J.C. Kenady;

l.      Letter dated July 13, 1955, from J.C. Kenady to Wendell G.
Anderson;

m.      Letter dated August 17, 1955, from J.C. Kenady to Wendell G.
Anderson;

n.      Letter dated August 22, 1955, from Fred M. Beyer to J.C. Kenady;

o.      Letter dated August 29, 1955, from J.C. Kenady to T.J. Slattery;

p.      Letter dated September 1, 1955, from T.J. Slattery to J.C. Kenady;

q.      Letter dated August 16, 1957, from T.J. Slattery to J.H. Kaufmann;

r.      Letter dated March 26, 1958, from Fred M. Beyer to J.C. Kenady;

s.      Letter dated August 5, 1958, from J.H. Kaufman to T.J. Slattery;

t.      Letter dated August 11, 1958, from Richard V. Wicka to J.H.
Kaufmann;

u.      Letter dated March 25, 1959, from J.L. Toot to J.C. Kenady;

v.      Letter dated March 30, 1959, from J.L. Toot to J.C. Kenady;

w.      Letter dated May 7, 1959, from V.C. Petrson to J.C. Kenady;

x.      Letter dated May 3, 1961, from J.C. Kenady to J.L. Toot;

y.      Letter dated May 5, 1961, from J.L. Toot to James C. Kenady;

z.      Letter dated February 27, 1962, from J.C. Kenady to Wendell G.
Anderson;

aa.     Letter dated March 19, 1962, from J.L. Toot to James C. Kenady;

bb.     Letter dated December 11, 1963, from J.L. Toot to Eward H. Stark;

cc.     Letter dated January 15, 1964, from J.C. Kenady to V.C. Peterson;

dd.     Letter dated March 26, 1965, from J.C. Kenady to V.C. Peterson;

ee.     Letter dated February 7, 1968, from V.C. Peterson to J.R. Severson;

ff.     Letter dated February 9, 1968, from J.R. Severson to E.H. Stark;

gg.     Letter dated March 28, 1968, from J.R. Severson to V.C. Peterson;

hh.     Letter dated April 26, 1971, from B.J. Stasson, to J.G. Heimsjo;

ii.     Letter dated May 4, 1971, from J. Paul Cahalane to Earl Lovick;

jj.     Letter dated May 18, 1971, from B.J. Stasson to J.G. Heimsjo;

kk.     Letter dated May 18, 1971, from B.J. Stasson to J.G. Heimsjo, including note dated May 25, 1971, from C.F. Dayley to J.G. Heimsjo;

ll.     Letter dated May 18, 1971 from B.J. Stasson to J.G. Heimsjo, including note from J.G. Heimsjo to H.E. Halweg;

mm.     Letter dated June 7, 1971 from H.E. Halweg to J.G. Heimsjo;

nn.     Letter dated June 28, 1971, from Frak J. Nasella to J.G. Heimsjo;

oo.     Letter dated June 17, 1971, from J.G. Heimsjo to March & McLennan, with note from J.G. Heimsjo to H.E. Halweg;

pp.     Letter dated March 5, 1974, from S.S. von Helmst to J.G. Heimsjo;

qq.     Letter dated March 5, 1974, from S.S. von Helmst to J.G. Heimsjo, with note from J.G. Heimsjo to H.E. Helwag;

rr.     Letter dated April 8, 1974, from J. Pual Cahalane to Earl Lovick;

ss.     Letter dated April 12, 1974, from E.D. Lovick to J.G. Heimsjo;

tt.        Letter dated August 6, 1975 from Frank J. Nasella to J. Paul

Cahalane;

uu.        Letter dated March 8, 1977, from W. E. Bell to E.D. Lovick;

vv.        Letter dated March 25, 1977 from J. Paul Cahalane to F. J.

Nasella;

ww.        Letter dated April 14, 1977 from J.O. Lott to J. Paul Cahalane;

xx.        Letter dated April 21, 1977 from J. Paul Cahalane to Earl Lovick;

yy.        Letter dated April 27, 1977 from E.D. Lovick to W.E. Bell;

zz.        Letter dated July 21, 1977, from E.D. Lovick to H.E. Halweg;

aaa.        Letter dated April 28, 1978, from H.E. Halweg to E.D. Lovick;

bbb.        Letter dated July 11, 1978, from E.D. Lovick to H.E. Halweg;

ccc.        Letter dated May 1, 1979 from J. Paul Cahalane to Barbara R.

Heagney;

ddd.        Letter dated May 15, 1979, from E.D. Lovick to H.E. Halweg;

eee.        Letter dated June 15, 1981, from Linda Brzycki to Barbara

Heagney;

fff.        Letter dated September 25, 1981, from E.D. Lovick to H.E.

Halweg;

ggg.        Memo dated June 25, 1984, from J. Paul Calahane to Robert

Marozzo;

hhh.        Second Request dated July 12, 1984 to E.D. Lovick;

iii.        Letter dated July 18, 1984, from Robert C. Marozzo to H.E.

Halweg;

jjj.     Letter dated July 31, 1984, from H.E. Halweg to Robert C. Marozzo;

kkk.     Letter dated August 30, 2006, to Jon M. Moyers from Heather M. Miranda;

lll.     Letter dated December 18, 2006, to Paul r. Hoferer from Trent Proctor;

mmm.  Letter dated April 25, 2007, from Elizabeth M. DeCristofaro to Janet S. Baer;

nnn.     Letter dated May 18, 2007, from Janet S. Baer to Elizabeth M. DeCristofaro.

15.     Complaints and amended complaints filed against BNSF asserting asbestos-related person injury claims relating to the Debtors' operations in Libby, Montana.

BNSF reserves the right to join in witness and deposition designations of any other party, to join in exhibits of any other party, to call any person identified on any preliminary and/or final witness lists and/or pretrial submissions of any other party, or to call any person called to testify by any other party.  To date, the Plan Proponents have not responded to BNSF's Plan objections or Phase II Trial Brief. Accordingly, BNSF reserves the right to amend and/or supplement this Pretrial Statement as necessary following receipt of the Plan Proponents Phase II

Trial Brief.  BNSF further reserves the right to introduce testimony or exhibits for rebuttal or

impeachment purposes.


Dated: July 20, 2009                              PEPPER HAMILTON LLP
Wilmington, DE

                                                 /s/ John H. Schanne, II
                                                 John H. Schanne II (DE No. 5260)
                                                 Hercules Plaza, Suite 5100
                                                 1313 Market Street
                                                 PO Box 1709
                                                 Wilmington, DE 19899-1709
                                                 Tel: (302) 777-6500
                                                 Fax: (302) 777-6511

Of Counsel:

Edward C. Toole, Jr.
Linda J. Casey
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
Tel: (215) 981-4000/ Fax: (215) 981-4750


Counsel for BNSF Railway Company