IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | * | |
| W.R. GRACE & CO., et al., | * | Chapter 11 |
| Debtor. | * | Case No. 01-01139 (JKF) (Jointly Administered) |
| | * | Related Docket No. 22347 |

---------------------------------------------------------x

## CNA'S PHASE II PRETRIAL SUBMISSION

Pursuant to the Court's July 7, 2009 Order Regarding Phase II Pre-Trial Proceedings [Docket No. 22347], Continental Casualty Company and Continental Insurance Company, on their behalf and on behalf of their predecessor companies, affiliates and subsidiaries which issued insurance policies to the Debtors (individually or collectively, "CNA") submit this Pretrial Submission in order to identify: (a) the issues CNA will litigate at the Phase II hearing; (b) the witnesses CNA expects to call at the Phase II hearing and the evidence to be established by each witness; and (c) a list of the Exhibits CNA expects to introduce at the Phase II hearing.  As provided in the Court's July 7, 2009 Order, CNA reserves the right to submit a supplemental Pre-Trial submission in the event that matters raised in the Plan Proponents' Trial brief, due on August 7, 2009, have not been previously addressed in this Pre-Trial submission.

## A. STATEMENT OF ISSUES

CNA expects to raise the following issues, all of which are fully discussed in its Final Objections [Docket No. 21794] and its Phase II trial brief [Docket No. 22415]:

1713490.5

(1)     Whether the members of the Asbestos PI Trust Advisory Committee ("TAC") have conflicts of interest that violate Delaware law and the pertinent rules of professional conduct, or that otherwise disqualify them from being TAC members.  (See CNA Phase II Trial Brief at pages 10 – 19; CNA Final Objections at pages 17 - 23).

(2)     Whether the Plan discriminates against Indirect PI Trust Claims, given that:

(a)     The Plan potentially subjects Indirect PI Trust Claims and Demands (but not Direct PI Claims and Demands) to disallowance, in violation of sections 1123(a)(4) and 524(g) of the Code; and

(b)     The Plan requires Indirect PI Trust Claimants to make a greater showing than Direct PI Trust Claimants in order to recover from the Trust, also in violation of sections 1123(a)(4) and 524(g) of the Code.  (See CNA Phase II Trial Brief at pages 19 - 23; CNA Final Objections at pages 28 – 32).

(3)     Whether the Plan improperly limits section 524(g) protection to specified parts of settled policies and to insurers who settle before the end of the Confirmation Hearing, rather than being structured so as to provide insurers who settle either pre- or post-Confirmation the broadest possible protection available under section 524(g).  (See CNA  Phase II Trial Brief at pages 23 - 27; CNA Final Objections at pages 23 - 26).

(4)     Whether the Plan fails to comply with section 524(g) funding requirements, given that:

(a)     The Asbestos PI Trust will not be funded with equity securities of the Debtors;

(b)     The Asbestos PI Trust will not, upon any contingency, have the right by itself to obtain a majority of the voting shares of the Reorganized Debtor or any affiliate; and/or

(c)     The "contingency" that must occur in order for the Asbestos PI Trust to obtain any of the shares of the Reorganized Debtor or an affiliate can only be triggered if the Reorganized Debtor defaults on its Deferred Payment Agreement, and is therefore *in extremis*.  (See CNA Phase II Trial Brief at pages 27 - 32; CNA Final Objections at pages 32 - 35).

(5)     Whether the Plan is unconfirmable because it:

(a)     modifies CNA's rights and the Debtors' obligations under CNA's May 1997 Asbestos Insurance Reimbursement Agreement with Debtors (including rights to indemnification); and/or

2

1713490.5

(b)     fails to provide CNA with section 524(g) injunctive protection from claims for which the Debtors would be obligated to indemnify CNA under the May 1997 Agreement or certain settled portions of the CNA policies covered under a February 18, 1997 Settlement Agreement with the Debtors; and/or

(c)     abrogates the anti-assignment provisions in the CNA policies; and/or

(d)     modifies CNA's rights under separate, on-going insurance programs for certain of the Fresenius Indemnified Parties and Sealed Air Indemnified parties. (See CNA Phase II Trial Brief at pages 32 - 38; Final Objections at pages 35 - 38).

## B.   WITNESSES CNA EXPECTS TO CALL

(1)     James B. Shein, Professor of Management and Strategy at the Kellogg School of Management at the Northwestern University (live).  Professor Shein is an expert on good corporate governance and Trust practices.  He is expected to testify that the structure of the Asbestos PI Trust – and in particular the appointment of the TAC whose members are comprised of personal injury lawyers who will be representing claimants making claims on the Trust – creates a potential for abuse and for the Trustees and TAC to act contrary to the governing principle in the Trust Agreement that all claimants be treated fairly and equitably in connection with claims made against the Trust and that the Trust not deplete its assets by paying undeserving claims.  Professor Shein's opinions are more fully set forth in his expert report submitted in this case and his deposition testimony.

(2)     H. Sean Mathis, Founding Partner, New Centurion Capital Partners, LLC (live).  Mr. Mathis is expected to testify as to the value of the Warrant that will be issued to the Trust, and that it is unlikely that the price of Reorganized Grace stock will exceed $17 per share on or before December 31, 2010 (a date that is presumed to be one year after the effective date of the Plan), and therefore there will be no economic incentive for the Asbestos PI Trust to exercise the Warrant that will be provided to the Trust at Plan Confirmation and that would allow the Trust, if the Warrant were exercised, to purchase up to 10 million shares of Reorganized Grace stock at $17 per share.  Mr. Mathis's conclusions are more fully set forth in his expert report submitted in this case and in his deposition testimony.

(3)     Mr. Peter Van N. Lockwood (by Deposition).  CNA expects to introduce at trial portions of the deposition testimony of Peter Lockwood (the ACC's Rule 30(b)(6) witness) regarding the ACC and FCR's involvement in the drafting of the Asbestos PI Trust Agreement and the TDP, the selection of the Trustees and the members of the TAC, and the representation by members of the TAC of claimants to the Asbestos PI Trust pursuant to contingency fee arrangements.  CNA will also seek to introduce portions of Mr. Lockwood's deposition testimony regarding the scope of the Plan's 524(g) injunction and whether the Plan potentially subjects Indirect PI Trust Claims to disallowance under section 502(e).

3

1713490.5

(4)     Jeffrey Posner, Consultant and former Assistant Vice President, Director of Corporate Risk Management at W.R. Grace & Co. (by Deposition).  CNA expects to introduce portions of the deposition testimony of Jeffrey Posner relating to the Debtors' understanding, at the time they entered into certain settlement agreements with CNA, of the Debtors' obligation to vigorously defend claims made against them as part of the agreement for CNA to fund certain payments made by the Debtors on account of Asbestos PI claims.

(5)     CNA may identify additional witnesses in response to any issue raised by the Plan Proponents or other parties as part of the Plan confirmation process.

(6)     CNA may call as witnesses any individuals disclosed as potential witnesses or called as witnesses by the other parties to this proceeding.

(7)     To the extent necessary, CNA will identify additional witnesses to authenticate documents.

## C.   **EXHIBITS CNA EXPECTS TO INTRODUCE**

(1)     The Proposed Plan of Reorganization and the Plan Documents.

(2)     The Plan Proponents' Consolidated Phase I Trial Brief.

(3)     Complaint, *Scotts Co. v. American Employers Ins. Co. et al.* , No. 04-ap-55083-JFK (Bankr. D. Del. filed Sept. 2, 2004).

(4)     Complaint, *Penncock et al. v. Md. Cas. Co. et al.*, No. CDV-2002-233 (Mont. 1st Jud. Dist. Ct., Lewis and Clark County, filed March 28, 2002).

(5)     CNA Proof of Claim, filed March 20, 2003.

(6)     Amended Statement of Baron & Budd under Bankruptcy Rule 2019 (Feb. 25, 2009) [Docket No. 20840].

(7)     Supplemental Verified Statement in Connection with the Representation of Creditors as Required by Fed. R. Bankr. P. Rule 2019, filed by Cooney & Conway (Mar. 2, 2009) [Docket No. 20895].

(8)     Third Amended Verified Statement In Connection With the Representation of Creditors as Required by F.R.B.P. Rule 2019, filed by Weitz & Luxenberg (Aug. 7, 2006) [Docket No. 12979].

4

(9)     Eleventh Amended Verified Statement Pursuant to Fed. R. Bankr. P. 2019 filed by Motley Rice (Feb. 20, 2009) [Docket No. 20777].

(10)     Order (A) Approving Disclosure Statement and Solicitation Procedures, (B) Confirming and Recommending Affirmance by the U.S. District Court of Debtor's Plan of Reorganization as Modified Through June 8, 2006, and (C) Setting Bar Dates to File Certain Claims in Paragraphs 51, 52, 53, and 74, *In re ABB Lummus Global, Inc.,* Dkt. No. 255, No. 06-10401 (Bankr. D. Del. June 29, 2006) (excerpt).

(11)     Order Approving Nomination of Trust Advisory Committee Members, *In re ABB Lummus Global, Inc*., Dkt. No. 306, No. 06-10401 (Bankr. D. Del. July 28, 2006).

(12)     Order Confirming AC&S's Second Plan of Reorganization Dated November 19, 2007, *In re AC&S Inc.*, Dkt. No. 3309, No. 02-12687 (Bankr. D. Del. May 6, 2008) (excerpt).

(13)     Order Confirming the Fourth Amended Plan of Reorganization of Armstrong World Indus., as Modified, *In re Armstrong World Indus., Inc.,* Dkt. No. 9755, No. 00-4471 (Bankr. D. Del. Aug. 18, 2006) (excerpt).

(14)     Findings of Fact and Conclusions of Law Regarding Confirmation of the Fourth Amended Plan of Reorganization Of Armstrong World Industries, Inc., as Modified, *In re Armstrong World Indus., Inc.,* Dkt. No. 9756, No. 00-4471 (Bankr. D. Del. Aug. 18, 2006) (excerpt).

(15)     Order Confirming the Joint Plan of Reorganization as of September 28, 2005, as Amended Through January 17, 2006, Proposed by the Debtors, the Asbestos Claimants' Committee, the Future Asbestos-Related Claimants' Representative, and McDermott Incorporated and Issuing Injunctions, *In re The Babcock & Wilcox Co*., Dkt. No. 7053, No. 00-10992 (Bankr. E.D. La. Jan. 17, 2006) (excerpt).

(16)     Order Confirming (and Recommending Affirmance by the U.S. District Court) Debtor's Plan of Reorganization as Modified Through October 7, 2005 and Setting Bar Dates to File Certain Claims in Paragraphs 50, 51, 52, 53 and 73, *In re Combustion Engineering, Inc*., Dkt. No. 2752, No. 03-10495 (Bankr. D. Del. Dec. 19, 2005) (excerpt).

(17)     Order Confirming Fourth Amended Joint Plan of Reorganization for Debtors and Debtors-In-Possession (As Modified), *In re Federal-Mogul Global, Inc*., Dkt. No. 13674, No. 01-10578 (Bankr. D. Del. Nov. 8, 2007) (excerpt).

(18)     Fourth Amended Joint Plan of Reorganization (As Modified), *In re Federal-Mogul Global, Inc.*, Dkt. No. 12620, No. 01-10578 (Bankr. D. Del. Jun. 5, 2007) (excerpt).

5

1713490.5

(19)    The Flintkote Company and Flintkote Mines Limited Asbestos Personal Injury Trust Agreement, *In re Flintkote Co. and Flintkote Mines, Ltd.*, Dkt. No. 2721 at Ex. A, No. 04-11300 (Bankr. D. Del. Oct. 8, 2007) (excerpt).

(20)    Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust Agreement, *In re Kaiser Aluminum & Chemical Corp.*, No. 02-10429 (Bankr. D. Del. July 6, 2006), reproduced at http://www.kaiserasbestostrust.com/Resources.htm (excerpt).

(21)    Order (I) Approving Debtors' Disclosure Statement and Solicitation Procedures and (II) Confirming Debtors' Fourth Amended and Restated Joint Prepackaged Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code, *In re Mid-Valley, Inc*., Dkt. No. 1693, No. 03-35592 (Bankr W.D. Pa. July 16, 2004) (excerpt).

(22)    Notice of Proposed Directors, Trustees and Trust Advisory Committee Members, *In re North American Refractories Co*., Dkt. No. 4455, No. 02-20198 (Bankr. W.D. Pa. June 21, 2006).

(23)    Order Confirming the Sixth Amended Joint Plan of Reorganization for Owens Corning and its Affiliated Debtors and Debtors-in-Possession (as modified), *In re Owens Corning/Fibreboard Corp.,* Dkt. No. 19366, No. 00-03837 (Bankr. D. Del. Sept. 26, 2006) (excerpt).

(24)    Pittsburgh Corning Corporation Asbestos PI Trust Agreement, *In re Pittsburgh Corning Corp*, Dkt. No. 6246, No. 00-22876 (Bankr. W.D. Pa. Oct. 24, 2008) (excerpt).

(25)    Debtor's Third Amended, First Modified Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code, *In re Porter-Hayden Co.*, Dkt. No. 967, No. 02-54152 (Bankr. D. Md. Mar. 10, 2006) (excerpt).

(26)    Annual Report and Account of the United States Gypsum Asbestos Personal Injury Settlement Trust for the Fiscal Year Ending December 31, 2008, *In re USG Corp.*, Dkt. No. 12554, No. 01-2094 (Bankr. D. Del. Apr. 30, 2009) (excerpt).

(27)    Second Amended and Restated Plan of Reorganization, *In re Johns-Manville Corp*., No. 82-11656 (Bankr. S.D.N.Y. Aug. 22, 1986) (excerpt).

(28)    Debtors' Objection To Proofs of Claim for Contractual Indemnity Claims Filed By Maryland Casualty Company [Docket No. 21345].

(29)    Trust Distribution Procedures, *In re Johns-Manville Corp.*, approved at *In re Joint E.&S. Dist. Asbestos Litig.*, 237 F. Supp. 2d 297 (E.D. & S.D.N.Y. 2002), and reproduced at http://www.mantrust.org/FTP/C&DTDP.pdf.

(30)    CNA Settlement Agreements:

6

(a)     August 1, 1990 Settlement Agreement between W.R. Grace & Co.-Conn., a Connecticut Corporation and Continental Casualty Company.

(b)     February 18, 1997 Settlement Agreement between W.R. Grace & Co., a Delaware Corporation, W.R. Grace & Co.-Conn., a Connecticut Corporation, Fresenius National Medical Care Holdings, Inc., and Continental Casualty Company.

(c)     May 22, 1997 Settlement Agreement between W.R. Grace & Co., a Delaware Corporation, W.R. Grace & Co.-Conn., a Connecticut Corporation, Fresenius National Medical Care Holdings, Inc., and Continental Casualty Company.

(31)     CNA also expects to introduce the following responses to written discovery by the Plan Proponents:

      (a)     ACC's Response to CNA's Request for Admission No. 1, 7, 9, 11.

      (b)     ACC's Response to CNA's Interrogatories No. 1, 5, 7, 8(a), 9, 10, 12.

      (c)     Debtors' Response to CNA's Request for Admission No. 1, 7, 9.

      (d)     Debtors' Response to CNA's Interrogatories No. 1, 5, 8(a), 9, 10, 12.

      (e)     FCR's Response to CNA's Request for Admission No. 1, 7, 9.

      (f)     FCR's Response to CNA's Interrogatories No. 1, 5, 7, 8(a), 9, 10, 12.

(32)     Letter from Jon M. Moyers, Counsel for BNSF, to Cecil Slauson, CNA EMTC, dated March 16, 2006.

(33)     CNA Insurance Policies: To the extent necessary to establish standing or provide a foundation for the issues identified above, CNA may introduce certain insurance policies as follows:

      (a)     CNA Primary Policies:

            (i)     Continental Cas. Co. CCP902-36-70 (6/30/73-6/30/76).

            (ii)     Continental Cas. Co. CCP2483440 (6/30/76-6/30/83).

            (iii)     Continental Cas. Co. CCP2483440 (6/30/83-6/30/85).

7

    (b)    CNA Excess Policies:

        (i)     Harbor Ins. Co. 120346 (7/17/74-6/30/77)

        (ii)    Boston Old Colony LX2666569 (7/17/74-6/30/77)

        (iii)   Harbor Ins. Co. 120346 (7/17/74-6/30/77)

        (iv)   Continental Cas. Co. RDX1788117 (6/30/77-6/30/78)

        (v)    Continental Cas. Co. RDX1788118 (6/30/77-6/30/78)

        (vi)   Continental Cas. Co. RDX1784282 (6/30/79-6/30/80)

        (vii)  Continental Cas. Co. RDX1784981 (6/30/80-6/30/82)

        (viii) Buffalo Reins. Co. BR507551 (6/30/81-6/30/82)

        (ix)   Continental Ins. Co. SRX3193093 (6/30/81-6/30/82)

        (x)    London Guarantee LX3193640 (6/30/81-6/30/82)

        (xi)   Continental Cas. Co.  RDX1785056 (6/30/82-6/30/83)

        (xii)  Buffalo Reins. Co. BR508040 (6/30/82-6/30/83)

        (xiii) Continental Ins. Co. SRX1591702 (6/30/82-6/30/83)

        (xiv) London Guarantee LX1898010 (6/30/82-6/30/83)

        (xv)  Continental Cas. Co. RDX1785096 (6/30/83-6/30/84)

        (xvi) Continental Ins. Co. SRX1591976 (6/30/83-6/30/84)

        (xvii) London Guarantee LX2107836 (6/30/83-6/30/84)

    (c)    First Layer Excess Policies Underlying CNA Coverage:

        (i)     Unigard Mutual Ins. Co. 1-2517 (6/30/74-cancelled)

        (ii)    Northbrook Ins. Co. 63-001-170 (6/30/75-6/30/76)

        (iii)   Lloyds of London  76DD1594C (6/30/76-6/30/79)

8

          (iv)     Lloyds of London 79DD1633C (6/30/79-6/30/82)

          (v)     Lloyds of London KY017582 (6/30/82-6/30/85)

## D.    RESERVATION OF RIGHTS

CNA reserves the right to amend and/or supplement this Pretrial Statement as necessary upon the receipt of the Plan Proponents' Phase II Trial Brief. CNA also reserves the right to introduce testimony or exhibits for rebuttal or impeachment purposes and introduce any exhibits referred to, directly or indirectly, in Plan Proponents' or any Objectors' Pretrial Statement.

Respectfully submitted,

9

FORD MARRIN ESPOSITO WITMEYER &
GLESER, L.L.P.

Elizabeth DeCristofaro (*pro hac vice*)
Wall Street Plaza, 23rd Floor
New York, New York 10005-1875
Telephone: (212) 269-4900
Facsimile: (212) 344-4294

ROSENTHAL, MONHAIT & GODDESS, P.A.

By:
Edward B. Rosenthal (*Bar No. 3131*)
P.O. Box 1070
Wilmington, Delaware 19899
Telephone: (302) 656-4433x6
Facsimile: (302) 658-7567

WILDMAN, HARROLD, ALLEN & DIXON
LLP
Jonathan W. Young
Jeff Chang
225 West Wacker Drive
Chicago, Illinois 60606-1229
Telephone: (312) 201-2662
Facsimile: (312) 416-4524

GOODWIN PROCTER LLP
Daniel M. Glosband (*pro hac vice*)
Brian H. Mukherjee (*pro hac vice*)
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
--and --
Michael S. Giannotto (*pro hac vice*)
Frederick C. Schafrick (*pro hac vice*)
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444

*Counsel for Continental Casualty Company,*
*Transportation Insurance Company and their American insurance affiliates*

Dated:  July 20, 2009

10

1713490.5