IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W. R. GRACE & CO.,  et al., | : | Case No. 01-01139 (JKF) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Re: Docket No. 21544** |

**ACTING UNITED STATES TRUSTEE'S PRE-TRIAL SUBMISSION RELATED
TO PHASE II CONFIRMATION HEARING**

The Acting United States Trustee, by and through her counsel, in conjunction with the Court's

July 7, 2009 Order Regarding Phase II Pre-Trial Proceedings hereby files the following Pre-Trial

Submission related to the Phase II Confirmation Hearings, and represents as follows:

**Introduction**

1.      Roberta A. DeAngelis is the Acting United States Trustee ("U.S. Trustee") for this

District.

2.      Pursuant to 28 U.S.C. § 586 and in furtherance of her case supervisory responsibilities,

the U.S. Trustee has standing to raise and be heard on issues set forth in the Motion pursuant to 11

U.S.C. §307 and 28 U.S.C. §586(a).  This duty is part of the U.S. Trustee's overarching responsibility

to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee*

*v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting

that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary

interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990)

(describing the UST as a "watchdog").

**Background**

3.      On April 2, 2001 (the "Petition Date"), each of the Debtors filed a voluntary petition for

relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these

chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.       On September 19, 2008, the Debtors filed their Disclosure Statement and Plan of Reorganization (the "Plan"). The Plan is filed jointly by the Debtors, the PI Committee, the FCR and the Equity Committee (the "Plan Proponents").

5.       On June 22-23, 2009, the Court held proceedings regarding Phase I of the Confirmation Hearing. The Phase II Confirmation Hearing is scheduled for September 8-11 and 14-17, 2009. After Phase I of the Confirmation Hearing, the Court entered the Order Regarding Phase II Pre-Trial Proceedings and required Pre-Trial Submissions by all parties who intend to participate in Phase II of the Confirmation Hearing.

## **Submission**

Statement of Issues

The U.S. Trustee intends to address the following issues at the Phase II Confirmation Hearing:

- The Asbestos PI and Asbestos PD Channeling Injunctions[1] (the "Channeling Injunctions") are overbroad in the inclusion of certain entities that are not entitled to the injunctions. Sections 8.2 and 8.3 of the Plan contain the Channeling Injunctions. The inclusion of case professionals and past officers and directors in the Channeling Injunctions as Asbestos Protected Parties, and entitled to the benefit of the injunctions, is not appropriate and in violation of relevant Third Circuit law. *See In re Combustion Engineering, Inc.*, 391 F.3d 190, 235 (3d Cir. 2004).

- The general  releases are overbroad in that certain beneficiaries of those releases are

---

[1] Capitalized terms used in this Submission without definition shall have the meanings ascribed to those terms in the Plan.

2

not permitted under relevant law to be released from all prepetition conduct. The U.S. Trustee objects to the Plan Proponents providing releases (as set out in Sections 8.8.7 and 8.8.8 of the Plan) of the claims of the Debtors' and third-party claimants and interest holders in favor of certain non-debtor parties, including former directors and officers of the Debtors, the Non-Debtor Affiliates, Montana Vermiculite Company, and their particular Representatives. These releases are overbroad in scope and do not meet the relevant standard set out by the Delaware Bankruptcy Court in the *Zenith* case. *See In re Zenith Electronics*, 241 B.R. 92, 111 (Bankr. D. Del. 1999).

• The Exculpation clause in Section 11.9 of the Plan is objectionable because that provision appears to broaden the holding of *In re PWS Holding Corp.*, 228 F.3d 224, 246-47 (3d Cir. 2000). The Exculpation clause in the Plan contains a whole host of beneficiaries, including Representatives of the Debtors, the Non-Debtor Affiliates, and the various committees. The Plan Proponents need to prove under the relevant law why certain entities who did not provide a contribution to this reorganization, such as former officers and directors and those Representatives of the Non-Debtor Affiliates, should be exculpated from virtually any post-petition conduct.

<u>List of Witnesses</u>

• At this time, the U.S. Trustee does not intend to call any witnesses at the Phase II Confirmation Hearing.

<u>List of Exhibits</u>

• At this time, the U.S. Trustee does not intend to introduce any exhibits at the Phase II Confirmation Hearing.

WHEREFORE, the Acting United States Trustee respectfully requests this Court issue a ruling sustaining her Objection to the Plan, and award such other relief as this Court deems appropriate under the circumstances.

Respectfully submitted,

ROBERTA A. DEANGELIS
Acting United States Trustee


BY:    */s/ David M. Klauder*
       David M. Klauder
       Trial Attorney
       Office of the United States Trustee
       833 Chestnut Street, Suite 500
       Philadelphia, PA 19107
Dated: July 20, 2009    Telephone:  (215) 597-4411
       Facsimile:   (215) 597-5795