IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al., | Case No. 01-1139 (JKF) |
| | (Jointly Administered) |
| Debtors. | **Related D.I.: 22347** |

**PRETRIAL STATEMENT REGARDING ISSUES TO BE RAISED BY THE AIU INSURERS AT THE PHASE II CONFIRMATION HEARING AND EVIDENCE EXPECTED TO BE INTRODUCED**

Pursuant to the Order regarding Phase II pre-trial proceedings (D.I. no. 22347) certain insurance companies (the "AIU Insurers") [1] by and through the undersigned counsel, hereby file this pre-trial statement in order to identify: (a) the objections the AIU Insurers will litigate at the Phase II hearing; and (b) the evidence that the AIU Insurers expect to introduce in connection with those objections.

**OBJECTIONS TO BE RAISED**

A.   **Treatment of the AIU Agreements Under The Plan**

1.   As more fully described in the AIU Insurer's Trial Brief (the "Trial Brief", D.I. no. 22421), the Plan classifies the Agreements[2] as Asbestos Insurance Reimbursement Agreements ("AIRA"). Section 7.2.2(d)(iv) of the Plan substantially, and detrimentally affects the rights of the AIU Insurers. Section 7.2.2(d)(iv) of the Plan

---

[1] The AIU Insurers include:   American Home Assurance Company, AIU Insurance Company, Birmingham Fire Insurance Company, Granite State Insurance Company, Illinois National Insurance Company, Insurance Company of the State of Pennsylvania, Lexington Insurance Company and New Hampshire Insurance Company.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Trial Brief.

{00316336;v1}

re-writes the terms of the Agreements so that payment of a claim by the Asbestos PI Trust will be deemed to be settlement and payment of that claim in full compliance with the terms of the Agreements, whether or not it complies with the terms and conditions of the Agreements. Any rights that the AIU Insurers may possess regarding audit or defense of such claims are simply done away with by the Plan.

2. In order to effectuate this wholesale re-writing and expansion of the AIU Insurers' contractual duties, the Plan Proponents carve the AIRA out from the insurance neutrality protections provided in Section 7.15 of the Plan. Section 7.15(j) provides that "Asbestos Insurance Entities that are parties to Asbestos Insurance Reimbursement Agreements shall be bound by the provisions of Section 7.2.2(d)(iv) with respect to such Asbestos Insurance Reimbursement Agreements." Plan, p. 89. Nowhere in the Plan do the Plan Proponents cite to any section of the Bankruptcy Code that authorizes Section 7.2.2(d)(iv) of the Plan.

B. **The Plan Proponents Cannot Use Bankruptcy To Re-Write the Agreements and Expand the AIU Insurers' Duties**

3. Section 7.2.2(d)(iv) of the Plan clearly articulates the Plan Proponents' intention not to perform material terms of the Agreements. In fact, the Plan rewrites the Agreements so that "payment of an Asbestos PI Claim under the PI TDP shall be deemed to constitute settlement and payment of such claim by or on behalf of the Debtors ... within the meaning of, **and in full compliance with**" the [Agreements]." (Emphasis added.) These revisions, which go to the heart of the Agreements, violate the rule that requires *cum onere* assumption of an agreement. If the Agreements can be

assigned to the Asbestos PI Trust, the Asbestos PI Trust cannot have more and better rights than the Debtors currently have under the Agreements. The Plan must make clear that the AIU Insurers retain all of their rights under the Agreements and that the insureds (and the Asbestos PI Trust) retain all of their obligations under the Agreements.

### C.     The Plan Fails Under § 1129 of the Bankruptcy Code

4.     The Plan fails to satisfy § 1129(a)(3) of the Bankruptcy Code (11 U.S.C. § 1129(a)(3)) because it provides, artificially, for Asbestos PI claimants' submissions to the Asbestos PI Trust to be kept secret. Such artificial confidentiality requirements violate the AIU Insurers' rights under the Agreements to audit such claims and will almost certainly promote the payment of non-meritorious claims.

5.     The Plan also fails to satisfy § 1129(a)(3) because it purports to enjoin the AIU Insurers from pursuing Contribution Claims against a Settled Asbestos Insurance Company, see Plan §§ 7.15(i) and 8.2.1, which violates the AIU Insurers' state law rights against non-debtor entities.

### D.     The Agreements Excuse the AIU Insurers From Having to Perform Their Duties If the Contract is Assigned to the Asbestos PI Trust

6.     A condition of confirmation is that this Court find that the transfer of the Asbestos Insurance Rights is valid and enforceable as against the AIU Insurers, "notwithstanding any anti-assignment provision in or incorporated into any ... Asbestos Insurance Reimbursement Agreement". Section 7.15(g). This insurance assignment exception in Section 7.15(g) is a violation of the terms of the AIU Insurers' Agreements

that provide that assignments made without the AIU Insurers' consent will not bind them. No such consent has ever been requested by the Debtors from the AIU Insurers.

## EVIDENCE TO BE INTRODUCED

Evidence that the AIU Insurers expect to introduce and rely upon in connection with the above objections are:

- The Proposed Plan of Reorganization and exhibits thereto

- The Disclosure Statement

- The 1995 Settlement Agreement between W.R. Grace & Co-Conn. and certain AIU Insurers or excerpts therefrom

- The 2000 Settlement Agreement between W.R. Grace & Co-Conn and certain AIU Insurers or excerpts therefrom

- Other AIRA's, pursuant to any applicable protective order in effect in these cases

{00316336;v1}

The AIU Insurers reserve the right to introduce any evidence or examine any witnesses identified by other creditors similarly situated and to rely upon any evidence received into evidence by the Court.

Dated:     July 20, 2009

Respectfully submitted,

ASHBY & GEDDES

By: _____
Ricardo Palacio (#3765)
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

- and -

ZEICHNER ELLMAN & KRAUSE LLP
Michael S. Davis
575 Lexington Avenue
New York, New York 10022
Telephone: (212) 233-0400
Facsimile: (212) 753-0396
E-mail: mdavis@zeklaw.com

Co-Counsel for AIU Holdings Ltd.

554185.01/10112.032

{00316336;v1}