IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Case No. 01-01139 (JKF) |
| | : | |
| W. R. GRACE & CO., et al., | : | Jointly Administered |
| | : | |
| Debtors. | : | Chapter 11 |
| | : | |
| | : | |
| | : | Related to Docket No. 22347 |
| | : | |

**PHASE II PRE-TRIAL SUBMISSION OF MORGAN STANLEY
SENIOR FUNDING, INC. PURSUANT TO ORDER
REGARDING PHASE II PRE-TRIAL PROCEEDINGS**

Morgan Stanley Senior Funding, Inc. ("Morgan Stanley"), by and through its undersigned counsel, hereby provides this pre-trial submission in accordance with paragraph 4 of this Court's Order Regarding Phase II Pre-Trial Proceedings.

**Statement of Issues**

I.   Does section 3.1.9 of the Plan violate 11 U.S.C. § 1123(a)(4) (and therefore § 1129(a)(1)) by providing unequal treatment in the form of six (6) separate post-petition interest rate schemes for holders of Class 9 General Unsecured Claims, including one which compels certain holders of Class 9 General Unsecured Claims to submit to a litigation protocol in connection with any dispute over the allowance of post-petition interest on their allowed Class 9 claims?

II.   To the extent Class 9 is determined to be impaired, does the Plan's classification scheme violate 11 U.S.C. § 1122 (and therefore § 1129(a)(1)) by providing more favorable treatment for certain class members than for others, for purposes of gerrymandering and causing the class to accept the Plan so as to avoid having to satisfy the cramdown provisions of 11 U.S.C. § 1129(b) as to Class 9?

1

84388796v2
WLM 517969.1

III. To the extent Class 9 is determined to be impaired and to have rejected the Plan, does the Plan violate the absolute priority rule by not providing for the payment of post-petition interest at the applicable rate set forth in the contract giving rise to a Class 9 claim – irrespective of whether that interest is labeled as "default" or "non-default" – on the Effective Date where equity holders are receiving or retaining property on account of their equity interests, and for interest on such post-petition interest through the date of payment where such Class 9 claim and/or post-petition interest is not paid on the Effective Date?

IV. To the extent Class 9 is determined to be impaired and each group with a different post-petition interest treatment within Class 9 is entitled to vote as a separate class (a "Class 9 Sub-Class"), as to any rejecting Class 9 Sub-Class whose claims arise out of contracts with the Debtors, does the Plan violate the absolute priority rule by not providing for the payment of post-petition interest at the applicable rate set forth in the contract giving rise to such Class 9 claim – irrespective of whether that interest is labeled as "default" or "non-default" – on the Effective Date where equity holders are receiving or retaining property on account of their equity interests, and for interest on such post-petition interest through the date of payment where such Class 9 claim and/or post-petition interest is not paid on the Effective Date?

### List of Witnesses

None.

### List of Exhibits to Be Produced at Trial

1) Stipulation Regarding Allowance of Claims, dated November 11, 2005, between Debtors and Bank of America, N.A., and Order approving same [D.I. 11081].

2) Stipulation, dated May 14, 2009, Regarding Classification of Claims of Morgan Stanley Senior Funding, Inc. as Assignee of Certain Claims of Bank of America, N.A., and Order approving same [D.I. 21835].

3) Post-Petition Interest Determination Notice, dated May 18, 2009 and filed by Morgan Stanley. [D.I. 21753].

4) First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and The Official Committee of Equity Security Holders, Dated February 27, 2009. [D.I. 20872].

5) Debtors' Disclosure Statement for the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders, dated as of February 27, 2009 [D.I. 20873].

### Reservation of Rights

Morgan Stanley notes that the Plan Proponents have not yet fully responded to Morgan Stanley's objection to the plan [D.I. 21752] and have not yet filed their own pre-trial submission. Accordingly, Morgan Stanley reserves the right to amend and/or supplement this pre-trial submission as necessary, and further reserves the right to (i) introduce testimony or exhibits for rebuttal or impeachment purposes; (ii) call as a witness any person named or otherwise referred to in the Plan Proponents' brief or Phase II pre-trial submission; and (iii) introduce any exhibits referred to, either directly or indirectly in the Plan Proponents' brief or Phase II pre-trial submission.

Dated: July 20, 2009

/s/ R. Craig Martin
EDWARDS ANGELL PALMER & DODGE LLP
Stuart M. Brown (Bar No. 4050)
R.Craig Martin (Bar No. 5032)
919 North Market Street
15th Floor
Wilmington, Delaware 19801
(302) 777-7770

WLM 517969.1

-and-

KATTEN MUCHIN ROSENMAN LLP
Jeff J. Friedman (admitted pro hac vice)
Noah Heller (admitted pro hac vice)
Merritt A. Pardini (admitted pro hac vice)
575 Madison Avenue
New York, New York 10022
(212) 940-8800

*Attorneys for Morgan Stanley
Senior Funding, Inc.*

WLM 517969.1