IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| W.R. Grace & Co., *et. al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No. 21544 |

**PRE TRIAL SUBMISSION REGARDING ISSUES, WITNESSES
AND EVIDENCE FOR THE PHASE II CONFIRMATION HEARING**

**INTRODUCTION**

Fireman's Fund Insurance Company ("FFIC"), Allianz S.p.A., f/k/a Riunione Adriatica Di Sicurta, and Allianz SE, f/k/a Allianz Aktiengesellschaft (collectively, "Allianz", and together with FFIC, "FFIC/Allianz"), pursuant to the *Order Regarding Phase II Pre-Trial Proceedings* dated July 7, 2009 [Docket No. 22347], hereby identify: (a) the non-surety claim issues for the Phase II Confirmation Hearing (the "Hearing"); (b) the witnesses that FFIC/Allianz intends to call during the Hearing in support of its evidence; and (c) the evidence that FFIC/Allianz expects to introduce during the Hearing:[1]

**STATEMENT OF THE ISSUES**

FFIC/Allianz submits the following issues, which are fully discussed in its *Non-Surety Claim Related Phase II Trial Brief* dated July 13, 2009 [Docket No. 22418] and its *Final Phase I And Non-Surety Claim Related Phase II Objections Of Fireman's Fund Insurance Company,*

---

[1] Contemporaneously with the filing of this Pre-Trial Submission, FFIC filed its *Pretrial Submission Of Fireman's Fund Insurance Company, With Respect To Its "Surety Claim," For Phase II Of The Hearing On Confirmation Of The First Amended Plan Of Reorganization*.

SL1 935550v1/021630.00003

*Allianz S.P.A., F/K/A Riunione Adriatica Di Sicurta, And Allianz Se, F/K/A Allianz Aktiengesellschaft To Confirmation Of The First Amended Joint Plan Of Reorganization* dated May 20, 2009 [Docket No. 21781] will be presented:

(1) The First Amended Plan[2] Does Not Satisfy The
<u>Requirements For Confirmation Under 11 U.S.C. § 1129(a)</u>

(a) The First Amended Plan's release and exculpation provisions are impermissibly broad. Sections 11.9, 8.8.7, and 8.8.8 contain third-party releases and exculpation provisions that are so broad it is impossible to know all those covered by such provisions, the time periods to which they apply, or the types of actions being released and exculpated. As written, sections 11.9, 8.8.7, and 8.8.8 of the First Amended Plan violates Third Circuit law. In addition, the injunction provisions purport to cut off FFIC/Allianz's contractual and common law rights of contribution, subrogation and indemnity that FFIC/Allianz holds against non-debtors. The remedy provided by section 7.15(i) of the First Amended Plan is insufficient; and FFIC/Allianz' rights against non-debtor parties are impaired because of the terms of the First Amended Plan.

(b) The First Amended Plan does not comply with section 524(g)'s funding requirement because the Warrants being transferred to the Trust are not "securities" as defined in 11 U.S.C. § 524(g)(2)(B)(i)(II); the Warrants have no value; and, thus, issuance of the Warrants to the Trust is illusory with respect to conformity with section 524(g).

---

[2] The *First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated as of February 27, 2009.* All capitalized terms not otherwise defined in this Pre-Trial Submission refer to those terms as currently defined in the First Amended Plan and/or in the Disclosure Statement relating to the First Amended Plan (the "Disclosure Statement") in the forms in which such documents appear on the docket as of this date.

(c)    The First Amended Plan violates section 524(g) because it improperly purports to usurp the District Court's power by seeking to impose artificial timing restrictions on settling insurers obtaining section 524(g) protection when the power to issue injunctions under and pursuant to section 524(g) lies with the District Court and not the Plan Proponents. *See* 11 U.S.C. § 524(g)(1)(A).

(d)    The First Amended Plan impermissibly confers jurisdiction over non-core matters on the Bankruptcy Court by allowing the Bankruptcy Court to adjudicate FFIC/Allianz's rights against non-debtors and third parties, in violation of 11 U.S.C. § 1129(a)(3).

(e)    The First Amended Plan fails to comply with other provisions of the Bankruptcy Code as required by 11 U.S.C. § 1129: (i) it does not satisfy section 1129(a)(4) because the TAC's compensation is not set forth in any of the Plan Documents, (ii) it does not satisfy section 1129(a)(5)(A)(ii) because the TAC is in a position to control the Trust and the appointment of the members of the TAC is not consistent with the interests of creditors or public policy; and (iii) it violates section 502(a) of the Bankruptcy Code by divesting FFIC/Allianz of their statutory right to object to claims.

(f)    The First Amended Plan was not proposed in good faith as required by 11 U.S.C. § 1129(a)(3) as the Plan Documents are fraught with and create inherent and irreconcilable conflicts of interest between Debtors, the ACC, asbestos claimants, and the FCR. The First Amended Plan's purported attempt to abrogate FFIC/Allianz's contractual rights and release Debtors' performance of reciprocal contractual obligations by means forbidden by law

SL1 935550v1/021630.00003

is also not proposed in good faith. Finally, the First Amended Plan's proposed assignment of the Asbestos Insurance Rights is not proposed in good faith.

        (2)        The First Amended Plan Violates The
                  Anti-Assignment Restrictions In The FFIC/Allianz Policies

Assignment of Insurance Rights in respect of the FFIC/Allianz Policies pursuant to the Asbestos Insurance Transfer Agreement violates 11 U.S.C. § 1129(2)(3) because it is not proposed in good faith and is forbidden pursuant to contractual and state law. FFIC/Allianz is aware of this Court's rulings in other cases on this issue, but respectfully disagrees with such rulings and reserves its rights to raise the issues on appeal in the event the Court were to conclude, consistent with its other decisions, that section 1123(a)(5) pre-empts state law with respect to the assignment of insurance policies.

        (3)        The First Amended Plan Is Not Fair And Equitable As To FFIC/Allianz

The discharges and injunctions contained in the First Amended Plan impermissibly impair FFIC/Allianz' post-Effective Date rights to enforce Debtors', Reorganized Debtors', and/or the Trust's continuing duties and obligations to FFIC/Allianz under the FFIC/Allianz Policies, as well as any possible rights to set-off, recoupment, contribution, reimbursement, and subrogation.

4

**WITNESSES TO BE CALLED**

FFIC/Allianz intend to call the following individuals as witnesses at the Hearing:

(1)     Corporate representatives of FFIC/Allianz to provide testimony necessary to establish the authenticity of the FFIC/Allianz Policies proffered by FFIC/Allianz, subject to reaching a stipulation with Plan Proponents as to authentication and genuineness for purposes of the Hearing only. If no agreement with Plan Proponents is reached prior to the Hearing, this witness will testify live at the Hearing.

(2)     George L. Priest, Professor of Law and Economics at Yale Law School (expert witness). Based on his nearly 35 years of study and 30 years as a professor of law and economics with respect to insurance, the regulation of insurance, insurance practices and the economics of insurance, Professor Priest will offer his opinions with respect to the economic effects and implications of various features of the First Amended Plan. Included among his opinions are that (i) from an economic standpoint, although the Plan states that it incorporates principles of insurance neutrality, various features of the Plan severely affect the rights of Grace's insurers and the economic function of their insurance policies; (ii) Grace's insurance policies—like all typical primary CGL, umbrella, and excess policies—create an economic structure of rights and responsibilities as between the insurer and the policyholder that serves the important societal goal of constraining the economic impact of risks, including, without limitation, the right of the insurer to participate in the defense and settlement of covered claims; the obligation of the policyholder to cooperate in the defense of claims; the prohibition of voluntary payments by the policyholder; and the insurer's right to consent to any assignment of its policies. Corollary legal rules such as the prohibition of collusion between the policyholder and a claimant against the insurer reinforces this structure; and (iii) the terms of the Plan

5

Documents fundamentally upset that economic structure and overturn central contractual rights established in the insurance policies in ways that severely impact the economic ability of Grace's insurers to manage the financial risks which they assumed in the policies issued to Grace. Prof. Priest will testify live at the Hearing.

(3) James B. Shein, Clinical Professor of Management & Strategy, Kellogg School of Management – Northwestern University (expert witness). Based on his (i) experience as a professor of management and strategy, (ii) writer and lecturer on fiduciary duties and organizational behavior of trustees, officers and directors of public companies, private entities, and not-for-profit organizations, and (iii) review of the Plan Documents, Professor Shein will offer his opinions that the members of the TAC have potentially conflicting fiduciary duties to claimants that will be making claims against the Trust due to their status as attorneys representing some (but not all) of the claimants that will be asserting claims against the Trust; and that the structure of the Trust creates a potential for abuse including the Trustees and TAC to act contrary to the governing principle in the Trust Agreement that all claimants be treated fairly and equitably in connection with claims made against the Trust and that the Trust not deplete its assets by paying undeserving claims. Prof. Shein will testify live at the Hearing.

(4) H. Sean Mathis, Managing Director, Miller Mathis & Co., (expert witness). Based on his 25 years of experience in the restructuring and bankruptcy advisory businesses, and his review of the Plan Documents and other information as set forth in his report, Mr. Mathis will offer his opinions, based on the Black Scholes option pricing model, which is an industry standard for option and warrant valuation models, with respect to the value of certain Warrants to be issued by Grace to the Asbestos PI Trust under the First Amended Plan and the

probability that the Warrants will be exercised for the economic benefit of the holders prior to the expiration date of the Warrants. Mr. Mathis will testify live at the Hearing.

(5) Mr. Peter Van. N. Lockwood (by Deposition). FFIC/Allianz expects to introduce at trial portions of the deposition testimony of Mr. Lockwood (the ACC's Rule 30(b)(6) witness) regarding the ACC and FCR's involvement in the drafting of the Asbestos PI Trust Agreement and the TDP, the selection of the Trustees and the members of the TAC, and the representation by members of the TAC of claimants to the Asbestos PI Trust pursuant to contingency fee arrangements. FFIC/Allianz also will seek to introduce portions of Mr. Lockwood's deposition testimony regarding the scope of the section 524(g) injunction and whether the First Amended Plan potentially subjects Indirect PI Trust Claims to disallowance under section 502(e).

(6) Jeffrey Posner, Consultant and former Assistant Vice President, Director of Corporate Risk Management at W.R. Grace & Co. (by Deposition). FFIC/Allianz expects to introduce portions of the deposition testimony of Mr. Posner relating to the Debtors' understanding of their obligation to vigorously defend claims made against them as part of their duties under insurance policies.

(7) Hudson LaForce, Senior Vice President & Chief Financial Officer for W.R. Grace & Co. Mr. LaForce has not yet been deposed; thus FFIC/Allianz reserves the right to call him live or by deposition.

(8) Jay Hughes, Senior In-House Counsel for W.R. Grace & Co. Portions of Mr. Hughes' deposition will be introduced to show that FFIC/Allianz did not, pre-petition, waive or concede their Contractual Rights under the FFIC/Allianz Policies.

(9)     FFIC/Allianz may identify additional witnesses in response to any issue raised by the Plan Proponents or other parties as part of the Plan confirmation process.

(10)    FFIC/Allianz may call as witnesses any individuals disclosed as potential witnesses or called as witnesses by the other parties to this proceeding.

(11)    To the extent necessary, FFIC/Allianz will identify additional witnesses to authenticate documents.

(12)    In addition to the foregoing specifically identified witnesses, FFIC/Allianz reserves the right to call additional witnesses after review of Plan Proponents' Pre Trial Submission.

## EVIDENCE TO BE INTRODUCED

FFIC/Allianz expects to introduce and rely upon the exhibits it introduced during the Phase I Hearing. *See Notice of Service of Amended Hearing Exhibits of FFIC/Allianz With Respect To Phase I Confirmation Hearing Pursuant To Third Amended Case Management Order* [Docket No. 22252] (the "Exhibit Notice"), for a complete list of the proffered exhibits (the "Exhibits").

(a)     As defined in the Exhibit Notice, the FFIC/Allianz Policies and the London Policies (FFIC/Allianz Exhibits 1-32 in connection with the Phase I proceedings). Exhibits 1-32 were introduced into evidence by agreement with counsel for the Plan Proponents as to authenticity and genuineness for the purposes only of the Phase I proceedings subject only to the Plan Proponents' "relevance" objection, which is pending decision before the Court.

(b) Plan Proponents' Objections and Responses to Certain Insurers' First Requests for Admissions, (Revised) First Set of Interrogatories, and First Set of Requests for Documents (FFIC/Allianz Exhibits 34-36 in connection with the Phase I proceedings). Pursuant to the Court's request, Exhibits 34-36 were "culled" such that only Requests For Admission Response ("RFA") Nos. 5-8, 13-19, 28-29, 33-35, 88-92, and 96 and Interrogatory ("Interrog.") Response No. 21 were being introduced into evidence. RFA Nos. 5-8 relate to whether or not Plan Proponents sought or obtained Certain Insurers' consent to the proposed TDPs or whether or not Plan Proponents involved Certain Insurers in the drafting and development of the TDPs. RFA Nos. 13-19 relate to how the Trust will have the exclusive right to allow Asbestos PI Claims and that the TDP does not allow for Certain Insurers to participate in the investigation, defense, or settlement of Asbestos PI Claims. RFA Nos. 28-29 relate to Reorganized Debtors and the Trust's obligations to cooperate in the defense of claims under the Policies. RFA Nos. 33-35 relate to the fact that Plan Proponents failed to include Certain Insurers in any negotiations that led to or resulted in the First Amended Plan and that Certain Insurers did not consent to nor approve of the First Amended Plan or TDP procedures for paying Asbestos PI Claims. RFA Nos. 88-92 relate to what type of claims the Trust will make against Certain Insurers in the future and how the Confirmation Order, findings of fact, and any related orders may be used by the Trust against Certain Insurers in any subsequent coverage litigation. RFA No. 96 relates to whether or not the terms of section 11.9 of the First Amended Plan apply to Certain Insurers. Interrog. No. 21 seeks the names of all Representatives, Entities, and individuals who are subject to the exculpation and release provisions of section 11.9 of the First Amended Plan.

\*         \*         \*

SL1 935550v1/021630.00003

FFIC/Allianz reserves the right to supplement or add to this Pretrial Submission in response to any pretrial statement or trial brief filed by any other party, including but not limited to filing a supplemental pretrial submission as permitted under paragraph 5 of the Pre-Trial Order. FFIC/Allianz reserves the right to call any witness or to seek to introduce any evidence identified by any other party.

Dated: July 20, 2009
Wilmington, Delaware

STEVENS & LEE, P.C.

*/s/ John D. Demmy.*
John D. Demmy (DE Bar No. 2802)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 425-3308
Telecopier: (610) 371-8515
Email: jdd@stevenslee.com

-and-

Leonard P. Goldberger
Marnie E. Simon
(Members PA Bar)
1818 Market Street, 29th Floor
Philadelphia, PA 19103-1702
Telephone: (215) 751-2864/2885
Telecopier: (610) 371-7376/8505
Email: lpg@stevenslee.com
Email: mes@stevenslee.com

ATTORNEYS FOR FIREMAN'S FUND INSURANCE COMPANY, ALLIANZ S.p.A., f/k/a RIUNIONE ADRIATICA DI SICURTA, AND ALLIANZ SE, f/k/a ALLIANZ AKTIENGESELLSCHAFT

SL1 935550v1/021630.00003