IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| W.R. GRACE & CO., *et al*., | : | Case No. 01-1139 (JKF) |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Re: D.I. Nos. 22347, 22351** |
| | : | |
| | : | |

**PRE-TRIAL SUBMISSION OF LONGACRE MASTER FUND, LTD. AND LONGACRE CAPITAL PARTNERS (QP), L.P., IN CONNECTION WITH PHASE II HEARING TO CONSIDER CONFIRMATION OF THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF W.R. GRACE & CO., ET AL., THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS, THE ASBESTOS PI FUTURE CLAIMANTS' REPRESENTATIVE, AND THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS DATED FEBRUARY 27, 2009**

Longacre Master Fund, Ltd. and Longacre Capital Partners (QP), L.P. (together, "Longacre"), by and through its undersigned counsel, hereby submits this Pre-Trial Submission (the "Pre-Trial Submission"), pursuant to this Court's Order Regarding Phase II Pre-Trial Proceedings (D.I. Nos. 22347, 22351), in connection with the Phase II Hearing to consider confirmation of the First Amended Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co., Et. Al., The Official Committee Of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, And The Official Committee Of Equity Security Holders Dated February 27, 2009 (D.I. 20872) (the "Plan"), and for its Pre-Trial Submission, Longacre respectfully states as follows:

I.     **Issues Presented**

1.     Whether the Plan fails to comply with 11 U.S.C. § 1122(a) by classifying claims that are not substantially similar within the same class.

2.     Whether the Plan's proposed classification of the claim asserted by National Union Fire Insurance Company of Pittsburg, PA ("National Union"), claim number

9553 (the "Claim"), which Claim was assigned to and is owned by Longacre, as a "Class 6" claim instead of a "Class 9" claim, is permissible under 11 U.S.C. § 1122(a).

        3.     Whether the Plan fails to adequately specify the treatment of the Claim and other purported 'Indirect PI Trust Claims,' such that the Plan violates 11 U.S.C. § 1123(a)(3).

        4.     Whether the Plan and the WRG Asbestos PI Trust Distribution Procedures attached as Exhibit "4" to the Plan Exhibit Book (D.I. No. 20874) treat Class 6 'Asbestos PI Claims' differently than Class 6 'Indirect PI Trust Claims,' such that the Plan violates 11 U.S.C. § 1123(a)(4).

        5.     Whether the Plan violates the prohibition on unfair discrimination by providing for more favorable treatment to classes that are equal in priority to Class 6 Indirect PI Trust Claims.

        6.     Whether the Plan and the WRG Asbestos PI Trust Distribution Procedures are fair and equitable.

II.    **Witnesses**

        1.     Longacre does not presently anticipate calling any witnesses in connection with the Phase II Confirmation Hearing. However, Longacre's intention in this respect is based upon: (i) Debtors' agreement to negotiate with Longacre in good faith a Stipulation of Facts relevant to Longacre's Objection to Confirmation of the Plan, including the authenticity and admissibility as evidence of various documents; and (ii) the Court's instructions regarding authentication of documents by means other than live witnesses. Longacre reserves the right to join in any other witness lists for the Phase II Hearing and to call as witnesses: (i) any individual designated at any time as a witness by any other party; and (ii) any individual identified by any other party in discovery. Longacre further reserves the right to revise and/or amend this list, to make any adjustments or changes thereto as it believes are necessary and to seek to introduce

-2-

into evidence any admission made by any party, whether or not such party or person making the admission is identified herein.  Further, this submission is made without prejudice to the designation or presentation of any and all witnesses that Longacre may deem necessary at the Phase II Hearing.

III.    **Exhibits**

1. First Amended Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co., Et. Al., The Official Committee Of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, And The Official Committee Of Equity Security Holders Dated February 27, 2009 (D.I. 20872), and exhibits thereto (including D.I. No. 20874).

2. Disclosure Statement in connection with First Amended Joint Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co., Et. Al., The Official Committee Of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, And The Official Committee Of Equity Security Holders Dated February 27, 2009 (D.I. 20871).

3. Order Appointing David T. Austern As legal Representative For Future Asbestos Personal Injury Claimants (D.I. 5645).

4. Proof of Claim of National Union Fire Insurance Company of Pittsburgh, PA (Claim No. 9553).

5. Settlement Agreement And Mutual Release (A.D.I. 115 in Adv. Proc. No. 02-01657).

6. Order Authorizing Debtors' Settlement With National Union And Claimants (A.D.I. 115 in Adv. Proc. No. 02-01657).

7. Assignment Of Claim dated December 13, 2007.

       8.       Stipulation Regarding Classification Of Claims Of Morgan Stanley Senior Funding, Inc. As Assignee Of Certain Claims Of Bank Of America, N.A. Under The Plan (D.I. 21722).

       9.       WRG Asbestos PI Trust Agreement (Exhibit "2" to Plan Exhibit Book, D.I. 20874).

      10.      WRG Asbestos PI Trust Distribution Procedures (Exhibit "4" to Plan Exhibit Book, D.I. 20874).

Dated: July 20, 2009
       Wilmington, DE

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ James C. Carignan
David M. Fournier (No. 2812)
James C. Carignan (No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

- and –

PEPPER HAMILTON LLP
Robert S. Hertzberg, Esq.
100 Renaissance Center, Suite 3600
Detroit, MI 48243-1157
(313) 259-7110

*Counsel to Longacre Master Fund, Ltd. and Longacre Capital Partners (QP), L.P.*