## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
                                      :
In re:                                :
                                      : Chapter 11
                                      :
W.R. GRACE & CO., et al.,             : Case No. 01-01139 (JKF)
                                      : Jointly Administered
                                      :
                  Debtors.            :
------------------------------------------------------------x
```

### TRAVELERS CASUALTY AND SURETY COMPANY'S
### PHASE II PRE-TRIAL SUBMISSION

Pursuant to this Court's Third Amended Case Management Order entered on May 5, 2009 (the "CMO") regarding the Phase II hearing on confirmation (the "Phase II Confirmation Hearing") of the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos Future Claimants' Representative, and the Official Committee of Equity Security Holders ("Plan Proponents") Dated February 27, 2009 ("Joint Plan"), and the Order Regarding Phase II Pre-Trial Proceedings entered on July 7, 2009 ("Phase II Pre-Trial Order"), Travelers Casualty and Surety Company, formerly known as The Aetna Casualty and Surety Company ("Travelers"), by and through its undersigned counsel, hereby makes the following pre-trial submission.

### A.    Statement Of Issues

At the Phase II Confirmation Hearing, Travelers intends to raise all the issues identified in: (i) Travelers Casualty And Surety Company's Final Objections To Confirmation Of First Amended Joint Plan Of Reorganization Dated February 27, 2009 [Dkt. No. 21796] (the "Travelers Final Objections") and (ii) Travelers Casualty And Surety Company's Phase II Trial Brief Objecting to Confirmation of First Amended Joint Plan of Reorganization Dated February

27, 2009 [Dkt. No. 22420] (the "Travelers Phase II Trial Brief"). Without limiting in any way or

waiving any of the issues in the Travelers Final Objections and Travelers Phase II Trial Brief,

Travelers intends to raise the following issues at the Phase II Confirmation Hearing:

1. The Joint Plan fails to satisfy all of the applicable requirements of Section 1129 of the Bankruptcy Code.

2. W.R. Grace & Co. –Conn. ("Grace") and Travelers have historically performed their respective, contractual obligations under two settlement agreements, one dated February 20, 1992 (the "1992 Agreement") and the other dated May 22, 1996 (the "1996 Agreement") (together, the "Travelers Agreements"), under a well-established course of performance.

3. The Travelers Agreements resolved protracted coverage litigation between Travelers and Grace. The Travelers Agreements impose various ongoing obligations upon the parties, including those relating to claim allocation, billing, reporting, audit, confidentiality, document retention, release, defense, settlement, indemnification, covenants not to sue and arbitration.

4. Although it assigns the benefits of the Travelers Agreements to the Asbestos PI Trust (the "Trust"), the Joint Plan does not require the Trust or the Debtors to comply with material obligations of the Travelers Agreements. Thus, if confirmed, the Joint Plan would abrogate the contractual rights owed by Grace to Travelers and permit the Trust to demand significant payments from Travelers without requiring the Trust or the Debtors to fulfill any of Grace's contractual obligations.

5. Pursuant to the Travelers Agreements, Grace is required to indemnify Travelers in full against any liability, loss or expense arising out of third-party claims within the scope of the indemnification provisions in the Travelers Agreements. If confirmed, the Joint Plan, through the administration of the Trust, would permit the Trust to pay Travelers contractual indemnification claims at a fraction of their value by applying a payment percentage established by the PI Trust Distribution Procedures.

6. The 1996 Agreement is an Asbestos Insurance Reimbursement Agreement under the Joint Plan. The 1996 Agreement only requires Travelers to reimburse Grace for Travelers allocated share of amounts actually paid by Grace in connection with the defense and resolution of claims against Grace. While the Joint Plan purports to authorize the Trust to enforce Travelers reimbursement obligations under the 1996 Agreement, the Joint Plan does not state that the Trust will seek from Travelers only the payment amounts that the Trust actually pays to claimants. The Joint Plan proponents are reserving their rights to seek recoveries under the Joint Plan in excess of those required by the 1996 Agreement.

7. The Joint Plan is unconfirmable because it is not proposed in good faith and is proposed by means forbidden by law, in violation of Section 1129(a)(3) of the Bankruptcy Code. The Joint Plan characterizes the Travelers Agreements as prepetition non-executory agreements. As such, they cannot be unilaterally altered post-petition. If confirmed, the Joint Plan would unilaterally modify Grace's indemnity obligations and other contractual terms of the Travelers Agreements in violation of such agreements and applicable law, rendering the Joint Plan unconfirmable.

8. The Joint Plan provides for improper classification and discriminatory treatment of indemnity claims under the Travelers Agreements, in violation of Sections 1122 and 1123(a)(4) of the Bankruptcy Code. The Joint Plan improperly classifies Travelers indemnification claims as unsecured claims in various classes based on the type of indemnification claim asserted. If confirmed, the Joint Plan would permit the Trust to classify Travelers indemnification claims in an inconsistent manner and pay Travelers significantly less for certain of its indemnification claims than other unsecured creditors holding substantially similar claims.

9. The Joint Plan is unconfirmable because it violates Section 1129(a)(7) of the Bankruptcy Code by failing to satisfy the best-interests analysis. The Debtors' own analysis demonstrates that they would have sufficient proceeds to satisfy the contractual indemnification claims of Travelers in full pursuant to the Travelers Agreements in a Chapter 7 liquidation. If confirmed, the Joint Plan would provide a lesser recovery to Travelers than it would receive for certain of its indemnification claims in a Chapter 7 liquidation of Grace.

Travelers reserves the right to amend this Statement of Issues as necessary in response to the Phase II Trial Briefs to be filed by the Plan Proponents and for the purpose of further supporting any objections that Travelers has raised in the Travelers Final Objections or the Travelers Phase II Trial Brief, each of which is incorporated herein by reference and sets forth the argument and evidentiary bases of Travelers objections to confirmation of the Joint Plan.

**B.    Travelers Witness List**

Travelers intends to call the following witnesses through live testimony at the Phase II Confirmation Hearing:

1.    <u>Patricia Hooper Kelley:</u>  Ms Kelley will testify about the Travelers Agreements, the parties' obligations thereunder and the parties' historic performance thereunder.  Ms. Kelley will also testify as to the authenticity of documents produced by Travelers and establish a foundation for their admission.

2.    <u>Jay Hughes:</u>  Mr. Hughes will testify about the Travelers Agreements, the parties' obligations thereunder and the parties' historic performance thereunder.  Mr. Hughes will also testify about the assignment of the Travelers Agreements to the Trust, the benefits that will inure to the Trust, the Debtors' obligations under the Travelers Agreements that the Trust will assume and not assume, and the administration of the Trust in the event the Joint Plan is confirmed.

3.    <u>Jeffrey Posner:</u>  Mr. Posner will testify about the assignment of the Travelers Agreements to the Trust, the benefits that will inure to the Trust, the Debtors' obligations under the Travelers Agreements that the Trust will assume and not assume, and the administration of the Trust in the event the Joint Plan is confirmed.  Mr. Posner will also testify as to the authenticity of various exhibits and establish the foundation for their admission.

Travelers anticipates that it will elicit live testimony from each of the above witnesses because: (1) they appear on the Plan Proponents' witness lists and/or (2) they are available to provide such live testimony.  Travelers reserves the right to proffer deposition testimony of the witnesses listed above should any be unavailable to testify at the Phase II Confirmation Hearing.  Specifically, Travelers reserves the right to mark as exhibits any of the deposition transcripts, with associated exhibits, taken during discovery in this matter.

Travelers intends to call the following witnesses through deposition designations, provided, however, that to the extent any of the following witnesses are called as live witnesses, Travelers reserves the right, in addition to designating deposition testimony, to cross-examine the following witnesses:

1.    <u>David Austern:</u>  Mr. Austern will testify about the assignment of the Travelers Agreements to the Trust, the benefits that will inure to the Trust, the Debtors' obligations under the Travelers Agreements that the Trust will assume and not assume, the treatment of the Travelers Agreements

under the Joint Plan, and the administration of the Trust in the event the
Joint Plan is confirmed.

2.   <u>Richard Finke:</u>  Mr. Finke will testify about the Travelers Agreements, the
parties' obligations thereunder and the parties' historic performance
thereunder.  Mr. Finke will also testify about the assignment of the
Travelers Agreements to the Trust, the benefits that will inure to the Trust,
the Debtors' obligations under the Travelers Agreements that the Trust
will assume and not assume, the treatment of the Travelers Agreements
under the Joint Plan, and the administration of the Trust in the event the
Joint Plan is confirmed.

3.   <u>Elihu Inselbuch:</u>  Mr. Inselbuch will testify about the assignment of the
Travelers Agreements to the Trust, the benefits that will inure to the Trust
and the administration of the Trust in the event the Joint Plan is confirmed.

4.   <u>Peter Lockwood:</u>  Mr. Lockwood will testify about the assignment of the
Travelers Agreements to the Trust, the benefits that will inure to the Trust,
the Debtors' obligations under the Travelers Agreements that the Trust
will assume and not assume, the implications of the parties' historic
performance under the Travelers Agreements, the treatment of the
Travelers Agreements under the Joint Plan, and the administration of the
Trust in the event the Joint Plan is confirmed.

Travelers reserves the right, upon good cause shown, to name additional

witnesses necessary for the purpose of supporting any objections that Travelers may raise to

confirmation of the Joint Plan.  Travelers further reserves the right, upon good cause shown, to

call additional witnesses, including expert witnesses, to rebut any evidence or argument offered

by any party in additional briefing or submissions filed in this proceeding or to address or rebut

testimony or to refute any issue that may arise in the Plan Proponents direct case.  Travelers also

reserves the right, upon good cause shown, to call any witnesses necessary for the purpose of

authenticating documents or otherwise establishing a foundation for the admissibility of

evidence.  Finally, Travelers reserves the right, upon good cause shown, to call any witness

designated by another party on any previously or subsequently-filed witness list even if that party

decides not to call that witness to testify.

## C.    Exhibit List

| Ex. No. | Date | Description | Bates Range |
|---|---|---|---|
| T.1 | 02/20/1992 | 1992 Agreement | TRAVCAS0000001-0000018 |
| T.2 | 04/02/1992 | Correspondence between W. McGehee and J. Posner | TRAVCAS0001060 |
| T.3 | 04/14/1992 | Correspondence between J. Posner and J. Considine | TRAVCAS00001063 |
| T.4 | 05/13/1992 | Correspondence between J. Considine and W. McGehee | TRAVCAS0001061-001063 |
| T.5 | 05/22/1996 | 1996 Agreement | TRAVCAS0000019-0000141 |
| T.6 | 07/03/1996 | Correspondence from P. Kelley ATTN Secretary at Grace | TRAVCAS0001064 |
| T.7 | 07/03/1996 | Correspondence from P. Kelley ATTN Secretary at Grace | TRAVCAS0001065-0001067 |
| T.8 | 07/17/1996 | Correspondence between P. Barber and P. Kelley | TRAVCAS0000550-0000551 |
| T.9 | 08/20/1996 | Correspondence between R. Robles and J. Posner | TRAVCAS0001069-0001071 |
| T.10 | 09/17/1996 | Correspondence from P. Kelley ATTN Secretary at Grace | TRAVCAS0001072 |
| T.11 | 09/17/1996 | Correspondence from P. Kelley ATTN Secretary at Grace | TRAVCAS0000552 |
| T.12 | 10/04/1996 | Correspondence between P. Barber and P. Kelley | TRAVCAS0000553-0000554 |
| T.13 | 10/21/1996 | Correspondence between P. Barber and P. Kelley | TRAVCAS0000555 |
| T.14 | 04/24/1997 | Correspondence from R. Robles ATTN Secretary at Grace | TRAVCAS0000556-0000560 |
| T.15 | 08/29/1997 | Correspondence between S. Erikson and J. Port | TRAVCAS0001076 |
| T.16 | 08/29/1997 | Correspondence from S. Erikson ATTN Secretary at Grace | TRAVCAS0001078-0001079 |
| T.17 | 11/26/1997 | Correspondence between S. Erikson and J. Posner | TRAVCAS0000561 |
| T.18 | 12/04/1997 | Correspondence between J. Posner and S. Erikson | TRAVCAS0001080-0001082 |
| T.19 | 01/13/1998 | Correspondence between S. Erikson and J. Considine | TRAVCAS0001083 |

| Ex. No. | Date | Description | Bates Range |
|---|---|---|---|
| T.20 | 01/14/1998 | Correspondence between J. Port and S. Erikson enclosing 1997 Fourth Quarter Asbestos Reports | TRAVCAS0001084-0001157 |
| T.21 | 10/23/1998 | Correspondence between S. Erikson and J. Posner | TRAVCAS0001375-0001376 |
| T.22 | 11/04/1998 | Correspondence between J. Port and S. Erikson | TRAVCAS0001377-0001379 |
| T.23 | 06/15/1999 | Correspondence from S. Erikson ATTN Secretary at Grace | TRAVCAS0001380-0001382 |
| T.24 | 09/29/1999 | Correspondence between S. Erikson and J. Posner | TRAVCAS0000564-0000568 |
| T.25 | 10/07/1999 | Correspondence between J. Posner and S. Erikson | TRAVCAS0001383-0001384 |
| T.26 | 10/19/1999 | Correspondence between S. Erikson and J. Posner | TRAVCAS0001385-0001386 |
| T.27 | 02/05/2001 | Correspondence between E. Marek and J. Port | TRAVCAS0001391-0001393 |
| T.28 | 05/04/2001 | Correspondence between J. Port and E. Marek enclosing policy allocation spreadsheet | TRAVCAS0000569-0001059 |
| T.29 | 05/21/2001 | Correspondence between E. Marek and J. Port | TRAVCAS0001394-0001395 |
| T.30 | 03/28/2003 | Travelers Proof of Claim | No Bates |
| T.31 | 02/23/2009 | Debtors' Responses and Objections to Arrowood's Request To Admit In Connection With the Joint Plan of Reorganization | No Bates |
| T.32 | 02/27/2009 | First Amended Joint Plan of Reorganization Dated February 27, 2009 and Exhibits 1-33 thereto | No Bates |
| T.33 | 02/27/2009 | Debtors' Disclosure Statement for the First Amended Joint Plan of Reorganization Dated February 27, 2009 | No Bates |
| T.34 | 03/02/2009 | Responses and Objections of the ACC to Arrowood's Request to Admit in Connection with the Joint Plan of Reorganization | No Bates |
| T.35 | 03/02/2009 | Debtors' Responses and Objections to Travelers Casualty And Surety Company's First Set of Requests For Admission To Debtors | No Bates |
| T.36 | 03/02/2009 | Responses and Objections of the FCR to Arrowood's Requests to Admit in Connection with the Joint Plan of Reorganization | No Bates |

| Ex. No. | Date | Description | Bates Range |
|---------|------|-------------|-------------|
| T.37 | 03/06/2009 | Objections and Responses of ACC to Discovery Requests Propounded by OneBeacon America Insurance Company and Seaton Insurance Company | No Bates |
| T.38 | 03/06/2009 | Debtors' Response to OneBeacon America Insurance Company and Seaton Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents | No Bates |
| T.39 | 03/06/2009 | FCR Response to OneBeacon America Insurance Company and Seaton Insurance Company's Requests For Admission, Interrogatories and Requests for Production of Documents | No Bates |
| T.40 | 03/25/2009 | Travelers Casualty and Surety Company's Second Set of Requests For Admission To Debtors | No Bates |
| T.41 | 04/22/2009 | Travelers Casualty and Surety Company's Third Set of Requests for Admission to Debtors | No Bates |

Travelers reserves the right to amend or supplement this exhibit list with additional documentation necessary to rebut the Plan Proponents' claims. Travelers also reserves the right to offer into evidence any exhibits marked by any other party to this Proceeding and to offer into evidence, as necessary, any pleadings or other documents filed with the Court.

D.    **Reservation of Rights**

Travelers has endeavored to prepare as full and complete a pretrial statement as possible at this stage of the proceedings in connection with the Joint Plan. To date, the Plan Proponents have not responded to Travelers Final Objections or Travelers Phase II Trial Brief. Accordingly, Travelers reserves the right to amend and/or supplement this Pre-Trial Submission as necessary following receipt of the Plan Proponents Phase II Trial Brief.

Dated: July 20, 2009
Wilmington, Delaware

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL

Robert J. Dehney (Bar No. 3578)
Ann C. Cordo (Bar No. 4817)
1201 N. Market Street
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Email: rdehney@MNAT.com
       acordo@MNAT.com

Mary Beth Forshaw
Kathrine A. McLendon
Elisa Alcabes
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Email: mforshaw@stblaw.com
       kmclendon@stblaw.com
       ealcabes@stblaw.com

*Attorneys for Travelers Casualty and Surety
Company*