IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| W.R. Grace & Co., *et al.*, | : Case No. 01-1139 (JKF) |
| | : |
| Debtors. | : Jointly Administered |

**Hearing Date: August 24, 2009 at 10:30 a.m. (EST)**
**Objection Deadline: August 7, 2009 at 4:00 p.m. (EST)**

## MOTION OF GENERAL INSURANCE COMPANY OF AMERICA (I) FOR LEAVE TO FILE PROOF OF CLAIM *INSTANTER* AND (II) TO DEEM SUCH CLAIM TIMELY FILED

General Insurance Company of America ("***General Insurance***"), hereby moves this Court for entry of an order granting General Insurance leave to file a proof of claim (the "***Proof of Claim***", in the form attached hereto as <u>Exhibit A</u>) *instanter* and have such claim deemed timely filed. In support of this Motion, General Insurance states as follows:

## BACKGROUND

A.  **W.R. Grace Bankruptcy Proceedings**

1.  On April 2, 2001, each of the Debtors commenced a case under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***"). Throughout these proceedings, and even after May 8, 2008, when the undersigned filed a notice of appearance on behalf of General Insurance [Dkt. No. 21589], General Insurance never received service of a bar date notice.

2.  On April 22, 2002, without notice to General Insurance, the Bankruptcy Court entered an *Order as to All Non-Asbestos Claims, Asbestos Property Damage Claims and Medical Monitoring Claims: (I) Approving Case Management Schedule, (II) Establishing Bar Date, (III) Approving Proof Of Claim Forms and (IV) Approving Notice Program* (the "***Non-Asbestos Bar Date Order***") [Dkt. No. 1963]. The Bar Date Order set a bar date of March 31, 2003 for filing proofs of claim against the Debtors.

{00000999. }

3.  On various dates following the entry of the Non-Asbestos Bar Date Order, the Debtors mailed the claims bar date notice (the "***Non-Asbestos Bar Date Notice***") [Docket No. 1960] to creditors and other interested parties. *See Affidavits of Service* [Docket Nos. 1973, 1974, 2159, 2351, 2832, 3071, 3423, 3935, 4074, 4683, 4756, and 4841.]

4.  General Insurance is not listed on any of the Certificates of Service pertaining to the Non-Asbestos Bar Date Notice and was not provided with actual notice of the Bar Dates. See Declaration of James Downey In Support of General Insurance Company's Motion for Leave to File Proof of Claim, ¶¶ 8, 9; attached as Exhibit B.

5.  As set forth in the Non-Asbestos Bar Date Notice, the March 31, 2003 bar date applies to derivative asbestos claims and asbestos-related claims for indemnity, as well as prepetition Non-Asbestos Claims, and therefore it appears to encompass all claims of General Insurance, as set forth on Exhibit A hereto.

**B.    The General Insurance Settlement Agreement**

6.  General Insurance previously issued (or allegedly issued) primary policies (the "***Policies***") Vermiculite-Northwest, Inc. ("***VNW***") for the period June 1, 1961 through June 1, 1967. VNW was a licensee of Zonolite Company which was acquired by W.R. Grace & Co.-Conn ("***Grace***") in 1963.

7.  General Insurance entered into a Settlement Agreement and Mutual Release (the "***Settlement Agreement***") with Grace, effective March 3, 1994. The Settlement Agreement is attached to General Insurance's Proof of Claim. General Insurance's claims all relate to the Settlement Agreement, which until October 23, 2008, Grace had correctly treated as having fully settled and released all asbestos-related coverage under the Policies. In fact, the Settlement Agreement settled all disputes and issues between General Insurance and Grace as to all "Asbestos-Related Claims" against VNW, which are broadly defined in the Agreement to

include all "Asbestos-Related Bodily Injury Claims" and all "Asbestos-Related Property Damage Claims." (Settlement Agreement at 5-6.)

8.  Section 8 of the Settlement Agreement is entitled "Indemnification by Grace." It sets forth a broad indemnity obligation encompassing not only reimbursement for any Asbestos Claim that General Insurance ever has to pay, but also payment of all "costs and expenses incurred by, General in connection with such claims. . . ." The contractual indemnity in the Settlement Agreement also includes defense of such claims. (Settlement Agreement, § 8.) Given this contractual indemnity, General Insurance has a contingent and unliquidated claim against Grace -- as should have been obvious to Grace from the outset of this Chapter 11 case.

9.  In various iterations of the Debtors' disclosure statement, including the version approved by the Bankruptcy Court, the Debtors state that but for one exception - unrelated to General Insurance - coverage regarding the Grace and Zonolite primary policies for 1953-1985 has been fully settled and the settlement amounts paid in full (collectively, the "***Disclosure Statement Representations***").[1] In addition, Exhibit 10 to the Debtors' disclosure statement, as amended in January 2005, entitled "Primary & Excess Insurance Policies That Were or Are Applicable to Asbestos-Related Claims" lists the General Insurance policies and describes them as "Resolved." [Docket No. 7561.] Indeed, neither the description of insurance coverage at Section 2.10.2.2 of the present disclosure statement, nor any coverage description in any prior iteration thereof, makes any reference to unresolved General Insurance coverage.[2]

10.  On October 23, 2008, without notice to General Insurance -- and in an apparent attempt to rewrite and limit the scope of the Settlement Agreement -- the Debtors filed Exhibit 5

---

[1]  *See* Discl. Statement § 2.7.2.2, filed 11/13/04 [Docket No. 6896]; Am. Discl. Statement § 2.7.2.2, filed 1/13/05 [Docket No. 7559]; Discl. Statement § 2.10.2.1, filed 9/19/08 [Docket No. 19581]; Am. Discl. Statement § 2.10.2.2, filed 2/3/09 [Docket No. 20667]; and First Am. Discl. Statement § 2.10.2.2 filed 2/27/09 [Docket No. 20873], approved on 3/9/09 [Docket No. 20944].

[2]  *Id.*

{00000999. }                                                      - 3 -

in connection with the then-proposed Plan and Disclosure Statement, entitled "Schedule of Settled Asbestos Insurers Entitled to 524(g) Protection." [Docket No. 19849.] This Exhibit indicates that only "products coverage" of the listed General Insurance policies is entitled to 524(g) injunctive protections as settled policies. The current Exhibit 5 in the Exhibit Book is the same as to General Insurance, and the current Plan defines "Settled Asbestos Insurance Company" as settled companies but "only to the extent of, any Asbestos Insurance Settlement Agreement in Exhibit 5 in the Exhibit Book . . . ." (Plan at 37.) Moreover, Schedule 1 of current Exhibit 6 to the Plan (entitled "Asbestos Insurance Transfer Agreement") lists General Insurance policies as policies that the Insurance Contributors "have reason to believe potentially or actually provide insurance for Asbestos PI Claims" and hence are among the Asbestos Insurance Rights to be transferred to the Asbestos PI Trust.

C.  **Failure of Notice to General Insurance**

11.    In the Declaration of James Downey (attached hereto as Exhibit B), the individual at Safeco who was responsible for handling matters for General Insurance relating to W.R. Grace, Mr. Downey attests that "[b]ased on [his] personal knowledge, including review of General Insurance's records, neither General Insurance nor Safeco was served with the Bar Date Materials." (Downey Decl. at ¶5.) Mr. Downey further attests that he reviewed the affidavits of service that were filed in connection with the Bar Date Materials from April 2002 through December 2003 and has determined that non of General Insurance, Safeco, any other Safeco affiliated company (collectively, the "Safeco Affiliates"), or any individual associated with Safeco or the Safeco Affiliates was served with the Bar Date Materials. (Downey Decl. at ¶¶6-8.)

C.  **General Insurance's Claims**

12.    Summarized briefly, General Insurance's claims are:

    1. Claims for indemnity in the event that General Insurance ever pays an Asbestos Claim;

    2. Claims for costs and expenses associated with any Asbestos Claim tendered to, or asserted against, General Insurance, including costs of defense;

    3. Claims for damages in the event that the Debtor or Asbestos PI Trust breaches the Settlement Agreement, including by presenting Asbestos Claims to General Insurance or seeking payment from General for such Claims.

    4. Claims for Retrospective premiums.

The claims are all contingent and unliquidated, except for the ongoing costs and expenses of participating in Grace's chapter 11 case (since May 8, 2009) and defending against Grace's recent misstatement of the Settlement Agreement.

## JURISDICTION

13.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

14.    By this Motion, General Insurance seeks an order allowing it to file its Proof of Claim, which is attached hereto as Exhibit C.

## ARGUMENT

## DEBTORS FAILED TO PROVIDE ACTUAL NOTICE TO GENERAL INSURANCE, A KNOWN CREDITOR AND THEREFORE THE COURT SHOULD PERMIT FILING OF ITS CLAIM

15. The law is settled that where a claimant is a "known" creditor, due process entitles the creditor to "<u>actual</u> written notice of a debtor's . . . bar claims date." *Chemetron Corp. v. Jones*, 72 F. 3d 341, 346 (3d Cir. 1995) (citing *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 296, 73 S. Ct. 299, 301, 97 L.Ed. 333 (1953)) (<u>emphasis</u> <u>added</u>).

16. Consistent with applicable law, and pursuant to the Non-Asbestos Bar Date Order, the Debtors were obligated to provide <u>actual</u> notice to all known creditors, including General Insurance. The Non-Asbestos Bar Date Order [Dkt. No. 1963] specifically requires the Debtors to serve the Non-Asbestos Bar Date Notice, "together with this [Non-Asbestos Bar Date] Order, the General Instructions for filing Proof of Claim Forms and Appropriate Proof of Claims Forms (the "Bar Date Notice Package") by depositing same in the United States mail, first class postage prepaid, within (60) days after the date of entering this Order upon the following entities . . . . (I) holders of known Non-Asbestos Claims as defined in Exhibit 1 to the Bar Date Notice and their counsel, if known . . . "

17. A "known" creditor is one whose identity is either known or "reasonably ascertainable" by the debtor. *Chemetron*, 72 F.3d at 346 (citing *Tulsa Prof. Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). A creditor's identity is "reasonably ascertainable" if such creditor can be identified through "reasonably diligent efforts." *Id.* (citing *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983)). The diligence required to meet the "reasonably ascertainable" standard requires the debtor to carefully examine its own books and records. *Id.*, at 347 (but stating in footnote 2 that the Third Circuit does not "narrowly" construe the "reasonably ascertainable" standard and that the specific facts of the case may require a

debtor to do more than just examine its books and records). A mere cursory review will not suffice. *See In re Drexel Burnham Lambert Group, Inc.*, 151 B.R. 674, 681 (Bankr. S.D.N.Y. 1993).

18. General Insurance is and was a known creditor. Its Settlement Agreement is expressly dealt with in Exhibits 5 and 6 to the Plan. The Settlement Agreement was dealt with in prior versions of the Plan, including Exhibit 10 to Debtors' January 2005 disclosure statement [Docket No. 7559], which unlike the current Exhibit 5, correctly describes the General Insurance coverage as "Resolved." Given the express contractual indemnity in the Settlement Agreement, General Insurance's contingent claim for indemnity was known to the Debtors and easily determined by reference to the Debtors' own books and records at the time that the Bar Date Notice was served. Grace's ongoing indemnification obligations (among other obligations in the Settlement Agreement) establish that General Insurance was a creditor of the estate at the time of the Debtors' bankruptcy filing. *See* 11 U.S.C. § 101(10) (defining "creditor" as an "entity" that has a claim against the debtor") and § 101(5) (defining "claim" as a "right to payment, whether or not such right is . . .unliquidated [or] contingent [or] disputed").

19. As a "known creditor," General Insurance was entitled to actual notice of the bar date. It received no such notice, even after the Debtors changed their position in October 2008 regarding the availability of the Section 524(g) injunction to General Insurance. Given the Debtors' failure to properly notify General Insurance of the applicable claims bar date, General Insurance is not bound by the bar date and should be allowed to assert its claims against the Debtors.

20. Finally, even if one were to look at this motion as being governed by the "excusable neglect" standard set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993) -- and it is not -- the Motion still should be

granted. In sum, (a) there is no prejudice to Grace -- no plan has been confirmed; Grace has been aware of the Settlement Agreement and contractual obligations therein for years; and given the failure of notice, if the Motion is not granted, Grace will not get a discharge as to General Insurance's Claims; (b) while the "length of the delay" can be viewed as more than six years after the March 31, 2003 bar date, the "potential impact on judicial proceedings" is negligible, since the operative Disclosure Statement was not filed until February 27, 2009 [Dkt. No. 20873] and approved on March 9, 2009 [Docket No. 20944], and the confirmation hearing will not end until sometime in September 2009, at the earliest; (c) the "reason for the delay" is entirely Grace's failure to provide notice; and (d) General Insurance is acting in entire good faith; the record is devoid of any suggestion to the contrary.

## CONCLUSION

WHEREFORE, General Insurance Company of America, respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit D, (i) granting leave to General Insurance to file its Proof of Claim *instanter*; (ii) deem that such filing is timely; and (iii) provide such other and further relief as this Court deems necessary and proper.

Dated: July 20, 2009                    Respectfully submitted,


                                        /s/ Frederick B. Rosner

                                        Frederick B. Rosner (DE #3995)
                                        MESSANA ROSNER & STERN LLP
                                        1000 N. West Street, Suite 1200
                                        Wilmington, DE 19801
                                        Telephone: 302-777-1111
                                        Facsimile: 302-295-4801

- and-

Robert B. Millner
Monika J. Machen
SONNENSCHEIN NATH & ROSENTHAL LLP
233 S. Wacker Drive, Suite 7800
Chicago, Illinois  60606
Telephone: 312-876-8000
Facsimile: 312-876-7934

*Counsel for General Insurance Company of America*

14804252