# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., *et al.* | : | Case No. 01-01139 JKF |
| | : | |
| Debtors. | : | |

### PHASE II PRE-TRIAL SUBMISSION OF *CREDITORS* ONEBEACON AMERICA INSURANCE COMPANY AND SEATON INSURANCE COMPANY

Pursuant to the Court's Order Regarding Phase II Pre-Trial Proceedings, dated July 7, 2009 (D.I. 22347), creditors OneBeacon America Insurance Company ("OneBeacon") and Seaton Insurance Company ("Seaton"), by and through their undersigned counsel, hereby submit the following Pre-Trial Submission with respect to Phase II of the Confirmation Hearing on the First Amended Joint Plan of Reorganization proposed by the Debtors, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009 (the "Plan"):[1]

### Statement of Issues

1.   Whether the Plan violates 11 U.S.C. § 1122(a) insofar as certain contractual indemnity claims that OneBeacon and Seaton have against the Debtors under prepetition settlement agreements – including indemnity claims already triggered by the third-party insurance coverage claims asserted by The Scotts Company ("Scotts") against

---

[1] The Plan Proponents appear to contend that Seaton has residual asbestos-related insurance coverage obligations to the Debtors under Unigard Policy No.1-2517. (*See* D.I. 20874, Ex. "5" thereto at 9). Accordingly, in its capacity as an insurer with alleged residual coverage obligations to the Debtors, Seaton also joins in the Phase II Pre-Trial Submission of Government Employees Insurance Company and Republic Insurance Company n/k/a Starr Indemnity & Liability Company.

OneBeacon and Seaton – are classified as Class 6 Asbestos PI Claims even though such claims are substantially dissimilar to, and broader in scope than, the asbestos-related tort claims that dominate Class 6.

2.      Whether the Plan violates 11 U.S.C. § 1123(a)(4) insofar as certain contractual indemnity claims that OneBeacon and Seaton have against the Debtors under prepetition settlement agreements are treated differently from other Class 6 Asbestos PI Claims including, but not limited to, the Class 6 Asbestos PI Claims held by asbestos personal injury tort claimants and by non-debtors Fresenius Medical Care Holdings, Inc. ("Fresenius") and Sealed Air Corporation ("Sealed Air").

3.      Whether all – as opposed to just some – of the contractual indemnity claims that OneBeacon and Seaton have against the Debtors under prepetition settlement agreements (in some cases arising from the very same contract) should be classified as Class 9 General Unsecured Claims, instead of Class 6 Asbestos PI Claims.

4.      Whether this Court has subject matter jurisdiction to enjoin OneBeacon's and Seaton's contractual indemnity claims, and other claims, against non-debtors Fresenius and Sealed Air.

5.      Whether this Court lacks the statutory authority under Bankruptcy Code § 524(g) to issue a channeling injunction that would enjoin the direct contract claims that OneBeacon and Seaton have against non-debtor Fresenius.

6.      Whether under the Third Circuit's *Combustion Engineering* decision this Court may properly issue the Plan's proposed Successor Claims Injunction (a § 105(a) injunction) insofar as it would enjoin "Asbestos-Related Claims" (as defined in the Fresenius Settlement Agreement), including the direct contract claims that OneBeacon

and Seaton have against non-debtor Fresenius, when § 524(g) itself does not authorize the enjoining of such claims.

7.    Whether this Court may properly issue the Plan's proposed § 105(a) Successor Claims Injunction insofar as it would enjoin OneBeacon's and Seaton's contractual indemnity claims, and other claims, against non-debtors Fresenius and Sealed Air, which claims arise from certain prepetition settlement agreements that released products and/or environmental coverage.  *Cf. In re Dow Corning Corp.*, 280 F.3d 648, 658 (6th Cir. 2002).

8.    Whether an injunction barring the contract claims, and other claims, of OneBeacon and Seaton against non-debtors Fresenius and Sealed Air violates the Fifth Amendment of the U.S. Constitution by depriving OneBeacon and Seaton of their property, increasing their burdens, and otherwise impairing their rights without due process of law.

9.    Whether the Plan's proposed governance structure for the Asbestos PI Trust violates Bankruptcy Code §§ 1129(a)(3) and 1129(a)(5)(A)(ii), as well as § 524(g), insofar as it permits members of the Asbestos PI Trust Advisory Committee ("TAC") – in violation of Rule 1.7(a) of the Model Rules of Professional Conduct as well as principles of sound trust governance – to act both as TAC members (in which capacity they have a fiduciary duty to act fairly toward all holders of Asbestos PI Claims, including OneBeacon and Seaton) and as lawyers for just a subset of all holders of Asbestos PI Claims (in which capacity they have a separate conflicting ethical obligation to obtain for their own clients the best recovery possible from the Asbestos PI Trust).

10.    Whether the proposed funding of the Asbestos PI Trust with the Warrant

fails to satisfy 11 U.S.C. § 524(g)(2)(B)(i)(II).

11.    Whether the proposed funding of the Asbestos PI Trust with the Asbestos PI Deferred Payment Agreement fails to satisfy 11 U.S.C. § 524(g)(2)(B)(i)(II).

12.    Whether the Plan fails to satisfy 11 U.S.C. § 524(g)(2)(B)(i)(III) given that (a) it will have not one, but two, § 524(g) trusts – namely, the Asbestos PI Trust and the Asbestos PD Trust (each with its own trustees, TAC, Futures Representative and TDP (or its equivalent)) and (b) as a result of its two-trust structure, there could never be any "specified contingency" pursuant to which each of the Plan's § 524(g) trusts could own a majority of the voting shares of Grace.

13.    Whether the Plan fails to satisfy 11 U.S.C. § 524(g)(2)(B)(ii)(I), (II), and (III) given that the Plan Proponents can produce little or no evidence that the Debtors will, in fact, face asbestos-related "future demands" involving property damage.

14.    Whether the Plan has overly broad and illegal exculpation provisions.

15.    Whether the Plan contains improper non-consensual releases of non-derivative third-party claims against non-debtors, such as the contract claims, and other claims, that OneBeacon and Seaton have against Fresenius and/or Sealed Air, without any consideration, much less "fair" consideration..  (*See, e.g.*, Plan, § 8.8.7).[2]

<u>List of Witnesses</u>

1.    Michael Powers, Assistant Vice President – Direct Claims, Resolute Management, Inc. – New England Division (live):  Mr. Powers will testify regarding the

---

[2] This Statement of Issues is not intended to limit the scope of the Final Objections of OneBeacon America Insurance Company and Seaton Insurance Company to Confirmation of Amended Joint Plan of Reorganization (D.I. 21763), or the Phase II Trial Brief of *Creditors* OneBeacon America Insurance Company and Seaton Insurance Company in Opposition to Confirmation of Amended Joint Plan of Reorganization (D.I. 22433).

authenticity of documents obtained from OneBeacon's, Seaton's, and/or Resolute's business records, including insurance policies and settlement agreements, and to provide background facts regarding the nature of these documents as ancient documents or business records, to the extent necessary to establish a foundation for their admissibility.

2.      Linda MacDonald, Account Manager, Resolute Management, Inc. – New England Division (live):  Ms. MacDonald may testify in the alternative to Mr. Powers, and her testimony would address the same information.[3]

3.      James B. Shein, Clinical Professor of Management & Strategy, Kellogg School of Management – Northwestern University (live):  Professor Shein is an expert on fiduciary duties and organizational behavior of trustees, officers and directors of public companies, private entities, and not-for-profit organizations.  He will testify that – as a matter of trust governance – the members of the TAC have conflicting fiduciary duties due to their status as attorneys representing some (but not all) of the claimants who will be asserting claims against the Trust.  He will also testify that the structure of the Trust creates a potential for the Trustees and TAC to act contrary to the governing principle in the Trust Agreement that all claimants be treated fairly and equitably in connection with claims made against the Trust, and that the Trust not deplete its assets by paying undeserving claims.  Professor Shein's opinions are more fully set forth in his expert report submitted in this case.

---

[3] The Plan Proponents have agreed to a stipulation for Phase II, like the stipulation in Phase I, although it has not yet been prepared or executed by the parties.  Barring unforeseen circumstances, the Phase II stipulation, once executed, should obviate the need for OneBeacon and Seaton to call Mr. Powers or Ms. MacDonald as a witness for their case in chief in Phase II of the Confirmation Hearing.  OneBeacon and Seaton reserve the right to call Mr. Powers and Ms. McDonald as rebuttal witnesses, as necessary or appropriate.

4.      H. Sean Mathis, Managing Director, Miller Mathis & Co., LLC (live):

Mr. Mathis has 25 years of experience in the restructuring and bankruptcy advisory

business.  He will testify regarding the value of the Warrant to be issued by Grace to the

Asbestos PI Trust under the Plan, and the probability that the Warrant will not be

exercised for the economic benefit of the Asbestos PI Trust prior to the expiration date of

the Warrant.  Mr. Mathis's opinions are more fully set forth in his expert report submitted

in this case.

5.      Richard Finke, Assistant General Counsel for W.R. Grace & Co. (Rule

30(b)(6) Deposition Designee for Debtors and Individually) (deposition):  Mr. Finke's

testimony will address, *inter alia*: (a) the April 6, 2008 Term Sheet and the role of

various parties with respect thereto; (b) the negotiation and operation of the Trust

Agreement and TDP, or certain aspects thereof; (c) the fiduciary duties of the TAC

members to holders of Asbestos PI Claims; (d) the separate fiduciary duties of the TAC

members to their clients; (e) the operation of § 7.15 with respect to Phase II issues; (f) the

Plan's treatment of various types of Asbestos PI Trust Claims, including Indirect PI Trust

Claims and Indemnified Insurer TDP Claims; (g) the signatories to certain prepetition

settlement agreements; (h) the relationship, or lack thereof, between the Debtors, on the

one hand, and Fresenius and Sealed Air, on the other; and (i) the scope of the Plan's

exculpation provision.[4]

6.      Jay Hughes, Senior Litigation Counsel for W. R. Grace & Co.

(deposition/live): Mr. Hughes' testimony will address, *inter alia*, the negotiation and

---

[4] These brief descriptions of deposition testimony for each witness are overviews only
and are not intended to be limiting.  OneBeacon and Seaton may designate any portion of
these depositions for use at Phase II of the Confirmation Hearing, along with any exhibits
thereto.

drafting of the Trust Agreement and TDP and the operation of the Plan insofar as it addresses the claims and rights of OneBeacon and Seaton.

7.     Jeffrey M. Posner, Consultant and former Assistant Vice President, Director of Corporate Risk Management at W.R. Grace & Co. (deposition/live):  Mr. Posner's testimony will, if necessary, *inter alia*, (a) lay the foundation for and authenticate certain prepetition settlement agreements; (b) verify that the required settlement payments were made by OneBeacon and Seaton; and (c) establish the identity and corporate history of parties to certain prepetition settlement agreements, namely Fresenius and Sealed Air.

8.     Peter Van N. Lockwood, Member, Caplin & Drysdale (Rule 30(b)(6) Deposition Designee for ACC) (deposition):  Mr. Lockwood's testimony will address, *inter alia*: (a) the manner in which the Plan is intended to operate; (b) the Plan's classification and treatment of various types of Asbestos PI Claims; (c) the selection and role of TAC members; (d) the fiduciary duties of the TAC members; (e) the representation by TAC members of asbestos claimants under contingency fee arrangements; (f) the funding of the Asbestos PI Trust; (g) the fact that there is little or no evidence that the Debtors will face "future demands" from property damage claimants; and (h) the operation of § 7.15 with respect to Phase II issues.

9.     David T. Austern, Asbestos PI Future Claimants' Representative (deposition):  Mr. Austern's testimony will address, *inter alia*: (a) the selection of the TAC members; (b) the fiduciary duties of the FCR and TAC members; (c) the rationale for not allowing the Trustees to represent the holders of Asbestos PI Claims; (d) the April 6, 2008 Term Sheet and the role of various parties with respect thereto; (e) the

negotiation and operation of the Trust Agreement and TDP, or certain aspects thereof; (f) the background of the proposed Trustees; (g) the intended operation of certain provisions in the Plan.

10.     Elihu Inselbuch, Member, Caplin & Drysdale (deposition):  Mr. Insulbuch's testimony will address, *inter alia*, (a) the April 6, 2008 Term Sheet and the role of various parties with respect thereto; (b) the drafting of the Asbestos PI Trust Agreement and TDP; and (c) the fiduciary duties of the ACC and FCR.

11.     Dr. Mark A. Peterson, President, Legal Analysis Systems, Inc. (deposition):  Dr. Peterson's testimony will lay the foundation for and authenticate certain e-mail messages that he authored in 2004.

*****

This list sets forth those witnesses that OneBeacon and Seaton currently intend to call in connection with their case in chief in Phase II of the Confirmation Hearing, whether live or by deposition.  Where practical, OneBeacon and Seaton have indicated whether the witness will testify by deposition.  However, in Phase I, the Plan Proponents raised several objections to the Phase I Insurers' use of deposition designations, including several objections that the Phase I Insurers had not established that the witness was unavailable.  Accordingly, to the extent that Plan Proponents object to the presentation of witness testimony by deposition designation, OneBeacon and Seaton reserve the right to call all witnesses to present live testimony.  For planning purposes, at the July 27, 2009 Pre-Trial Conference, the Court should require the Plan Proponents to advise OneBeacon and Seaton whether they will be objecting to the introduction of deposition testimony at the Phase II hearing based upon the availability of the witness.

In addition, OneBeacon and Seaton reserve the right to call (i) any witness designated by any other party, regardless of whether such witness is called by that party to testify, (ii) other witnesses who are not listed herein for the purpose of laying a foundation for the admission of documents and evidence, to the extent necessary, (iii) other witnesses who are not listed herein to rebut any evidence or argument designated and/or offered by any party or to address any issue that may develop prior to or during Phase II of the Confirmation Hearing, and (iv) other witnesses who are not listed herein for the purpose of impeachment.  OneBeacon and Seaton also reserve their right to withdraw any designated witness.  OneBeacon and Seaton further reserve the right to enter deposition testimony into the record in lieu of live testimony to the extent permitted by Rule 32 of the Federal Rules of Civil Procedure.  Also, OneBeacon and Seaton reserve the right to examine or, as appropriate, cross-examine any witness called to testify by any other party at Phase II of the Confirmation Hearing.

<u>List of Exhibits</u>

1.      Settlement Agreement entered into by W.R. Grace & Co., W.R. Grace & Co.-Conn., Commercial Union Insurance Company, and American Employers' Insurance Company, effective May 10, 1993.

2.      Settlement Agreement and Release entered into by W.R. Grace & Co.-Conn., W.R. Grace & Co.-Del., W.R. Grace & Co. (a New York corporation which has changed its name to Fresenius National Medical Care Holdings, Inc.), and Commercial Union Insurance Company, effective December 17, 1996.

3.      Settlement Agreement and Release entered into by W.R. Grace & Co. and Commercial Union Insurance Company, effective October 7, 1998.

4.      Settlement Agreement, Release and Indemnification/Hold Harmless Agreement entered into by W.R. Grace & Co.-Conn. and Unigard Security Insurance Company, effective August 6, 1992.

5.      Settlement Agreement, Release and Indemnification/Hold Harmless Agreement entered into by W.R. Grace & Co.-Conn., W.R. Grace & Co., and Unigard Security Insurance Company, effective May 15, 1995.

6.      Settlement Agreement, Release and Indemnification/Hold Harmless Agreement entered into by W.R. Grace & Co.-Conn., W.R. Grace & Co., and Unigard Security Insurance Company, effective July 11, 1996.

7.      Settlement Agreement and Release entered into by W.R. Grace & Co. (a Delaware corporation), W.R. Grace & Co. (a New York corporation which changed its name to Fresenius National Medical Care Holdings, Inc.), W.R. Grace & Co. (a Connecticut corporation), and Unigard Security Insurance Company, effective March 5, 1997.

8.      Original Complaint filed on or about March 18, 2002, in an adversary proceeding before this Court entitled *Official Committee of Asbestos Personal Injury Claimants and Official Committee of Asbestos Property Damage Claimants of W.R. Grace & Co v. Fresenius Medical Care Holdings, Inc. and National Medical Care, Inc.*, Adv. No. 02-2011 (the "Fresenius Adversary Proceeding").

9.      Answer to Original Complaint filed by Fresenius Medical Care Holdings, Inc. and National Medical Care, Inc. on April 1, 2002 in the Fresenius Adversary Proceeding.

10.      Form S-4 Registration Statement filed with the United States Securities

and Exchange Commission by W.R. Grace & Co. (to be renamed Fresenius National

Medical Care, Inc.) (EIN 13-3461988) on August 2, 1996, SEC File No. 333-46281, and

referenced in Plan Definition No. 124 (defining "Fresenius Transaction").

11.     Original Complaint filed on or about March 18, 2002, in an adversary

proceeding before this Court entitled *Official Committee of Asbestos Personal Injury*

*Claimants and Official Committee of Asbestos Property Damage Claimants of W.R.*

*Grace & Co v. Sealed Air Corporation and Cryovac, Inc.*, Adv. No. 02-2010 (the "Sealed

Air Adversary Proceeding").

12.     Answer and Affirmative Defenses of Defendants Sealed Air Corporation

and Cryovac, Inc. to Plaintiffs' Original Complaint, filed on or about April 1, 2002 in the

Sealed Air Adversary Proceeding.

13.     Form S-4 Registration Statement filed with the United States Securities

and Exchange Commission by W.R. Grace & Co. (to be renamed Sealed Air

Corporation) (EIN 65-0654331) on February 13, 1998, SEC File No. 333-46281, and

referenced in Plan Definition No. 92 (defining "Cryovac Transaction").

14.     Order Disallowing and Expunging Certain of the Claims of Seaton

Insurance Company and OneBeacon America Insurance Company, dated May 3, 2007

and entered in this bankruptcy case (the "POC Order," also available at D.I. 15503),

including all exhibits thereto.

15.     Complaint for Declaratory and Other Relief, including all exhibits thereto,

filed on or about September 2, 2004 in an adversary proceeding before this Court entitled

*The Scotts Company v. American Employers' Insurance Company, et al.*, Adv. No. 04-

55083-JKF (the "Scotts Adversary Proceeding").

16. Class 6 Asbestos PI Claims (Indirect PI Trust Claims) Ballot provided to OneBeacon in connection with the solicitation and tabulation of votes to accept or reject the Plan.

17. Class 6 Asbestos PI Claims (Indirect PI Trust Claims) Ballot provided to Seaton in connection with the solicitation and tabulation of votes to accept or reject the Plan.

18. Class 9 General Unsecured Claims Ballot provided to OneBeacon in connection with the solicitation and tabulation of votes to accept or reject the Plan.

19. Proof of Claim No. 8112, filed by Fresenius Medical Care Holdings, Inc.

20. Proof of Claim No. 14339, filed by Sealed Air Corporation.

21. SEC Form 8-K – W.R. Grace & Co., filed April 6, 2008.

22. W.R. Grace & Co., et al. Term Sheet for Resolution of Asbestos Personal Injury Claims.

23. Supplemental Verified Statement in Connection with the Representation of Creditors as Required by Fed. R. Bankr. P. Rule 2019 by Cooney and Conway.

24. Notice of Filing Amended Statement Under Bankruptcy Rule 2019 by Baron & Budd, P.C.

25. Third Amended Verified Statement in Connection with the Representation of Creditors as Required by F.R.B.P. Rule 2019 by Weitz & Luxenberg.

26. Eleventh Amended Verified Statement Pursuant to Fed. R. Bankr. P. 2019 Filed by Motley Rice LLC.

27. Seaton Policy No. 1-2517, issued to W.R. Grace & Co. by Unigard Mutual Insurance Company for the period June 30, 1974 – June 30, 1975.

28.     Objections of BNSF Railway Company to Confirmation of the First Amended Chapter 11 Plan of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 3, 2009, dated May 20, 2009, and exhibits thereto.

29.     Objection of The Scotts Company LLC to Confirmation of First Amended Joint Plan of Reorganization (D.I. 20872), dated May 20, 2009, and exhibits thereto.

30.     Scotts' Claims Diagram (Demonstrative Exhibit).

31.     W.R. Grace & Co. Corporate History Diagram Re: Fresenius and Sealed Air (Demonstrative Exhibit).

32.     E-mail correspondence from Mark Peterson to Steven Meyer, Michael Meyer, Mike Polk, Mike Sieben, Thomas Carey and Mark Peterson, dated November 12, 2004, Re:  Mike Meyer's Questions.

33.     E-mail chain containing correspondence from Mark Peterson to Thomas Carey and Steven Meyer, dated August 27, 2004, Re:  API Trust administration.

34.     Objections and Responses of the Official Committee of Asbestos Personal Injury Claimants to Discovery Requests Propounded by Government Employees Insurance Company and [Republic] Insurance Company, dated March 6, 2009.

35.     Objections and Responses to the Official Committee of Asbestos Personal Injury Claimants to Discovery Requests Propounded by OneBeacon America Insurance Company and Seaton Insurance Company, dated March 6, 2009.

36.     Asbestos PI Future Claimants' Representative's Response to Government Employees Insurance Company and [Republic] Insurance Company's Requests for

Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009.

37.    Asbestos PI Future Claimants' Representative's Response to OneBeacon America Insurance Company and Seaton Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009.

38.    Debtors' Response to Government Employees Insurance Company and [Republic] Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009.

39.    Debtors' Response to OneBeacon America Insurance Company and Seaton Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009.

40.    Motion of Kaneb Pipe Line Operating Partnership, L.P. and Support Terminal Services, Inc. for an Order Modifying the Automatic Stay (D.I. 20538), dated January 16, 2009.

41.    Motion of Kaneb Pipe Line Operating Partnership, L.P. and Support Terminal Services, Inc. for an Order Modifying the Automatic Stay: Macon, Georgia Site (D.I. 20846), dated February 25, 2009.

42.    Reply to Debtors' Objection to the Motion of Kaneb Pipe Line Operating Partnership, L.P. and Support Terminal Services, Inc. for an Order Modifying the Automatic Stay (D.I. 21067), dated March 23, 2009.

43.    Kaneb's Reply to: (1) Debtor's Response, (2) OneBeacon America Insurance Company's Response, and (3) Continental Casualty Company's Response to: The Motion of Kaneb Pipe Line Operating Partnership, L.P. and Support Terminal

Services, Inc. for an Order Modifying the Automatic Stay (D.I. 21068), dated March 23, 2009.

      44.     Supplemental Memorandum of Kaneb Pipe Line Operating Partnership, L.P. and Support Terminal Services, Inc. in Support of Motion for Order Modifying the Automatic Stay (D.I. 21262), dated April 13, 2009 **(FILED UNDER SEAL)**.

*****

OneBeacon and Seaton reserve the right to amend this exhibit list with additional documents, as necessary or appropriate, including any documents that may be necessary to rebut any evidence offered by the Plan Proponents or other parties.  In addition, OneBeacon and Seaton reserve the right to offer into evidence any exhibits marked by any other party and to offer into evidence, as necessary, any documents filed with this Court, whether in this case or any related adversary proceeding.


Dated: July 20, 2009

    /s/ David P. Primack
Warren T. Pratt (DE 4334)
David P. Primack (DE 4449)
Drinker Biddle & Reath LLP
1100 N. Market Street
Wilmington, DE 19801-1254
Tel. (302) 467-4200


Michael F. Brown (*pro hac vice*)
Jeffrey M. Boerger (*pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Tel.  (215) 988-2700

*Counsel for Creditors OneBeacon*
*America Insurance Company and*
*Seaton Insurance Company*