# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| W.R. Grace & Co., *et al.* | : | Case No. 01-01139 JKF |
| | : | |
| Debtors. | : | |

**PHASE II PRE-TRIAL SUBMISSION OF GOVERNMENT
EMPLOYEES INSURANCE COMPANY AND REPUBLIC INSURANCE
COMPANY N/K/A STARR INDEMNITY & LIABILITY COMPANY**

Pursuant to the Court's Order Regarding Phase II Pre-Trial Proceedings (D.I. 22347), Government Employees Insurance Company ("GEICO") and Republic Insurance Company n/k/a Starr Indemnity & Liability Company ("Republic"), by and through their undersigned counsel, hereby submit this Pre-Trial Submission with respect to Phase II of the Confirmation Hearing on the First Amended Joint Plan of Reorganization proposed by the Debtors, the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009 (the "Plan"):[1]

## Statement of Issues

1. Whether the Plan's proposed governance structure for the Asbestos PI Trust violates Bankruptcy Code §§ 1129(a)(3) and 1129(a)(5)(A)(ii), as well as § 524(g), insofar as it permits members of the Asbestos PI Trust Advisory Committee ("TAC") – in violation of Rule 1.7(a) of the Model Rules of Professional Conduct as well as principles

---

[1] The Plan Proponents appear to contend that Seaton Insurance Company ("Seaton") has residual asbestos-related insurance coverage obligations to the Debtors under Unigard Policy No.1-2517.  (*See* D.I. 20874, Ex. "5" thereto at 9).  Accordingly, in its capacity as an insurer with alleged residual coverage obligations to the Debtors, Seaton also joins in this Phase II Pre-Trial Submission of GEICO and Republic.

of sound trust governance – to act both as TAC members (in which capacity they have a fiduciary duty to act fairly toward all holders of Asbestos PI Claims) and as lawyers for just a subset of all holders of Asbestos PI Claims (in which capacity they have a separate conflicting ethical obligation to obtain for their own clients the best recovery possible from the Asbestos PI Trust).

2. Whether the Debtors may properly assign or transfer their interests or rights under the Asbestos Insurance Policies, or the policies themselves, including the policies issued by GEICO and Republic, to the Asbestos PI Trust – on the stated basis of federal preemption under Bankruptcy Code § 1123(a)(5) or other provisions of the Bankruptcy Code – notwithstanding the anti-assignment provisions in said Asbestos Insurance Policies.

3. Whether the Non-Debtor Affiliates may assign or transfer their interests or rights, if any, under the Asbestos Insurance Policies to the Asbestos PI Trust – on the stated basis of federal preemption under Bankruptcy Code § 1123(a)(5) or other provisions of the Bankruptcy Code – notwithstanding the anti-assignment provisions in said Asbestos Insurance Policies.

4. Whether the Debtors' proposed assignment of their interests or rights under the Asbestos Insurance Policies, or the assignment of the policies themselves, to the Asbestos PI Trust notwithstanding the anti-assignment provisions in said Asbestos Insurance Policies violates Bankruptcy Code § 1129(a)(3).

5. Whether the Plan – through its § 105(a) Asbestos Insurance Entity Injunction – improperly enjoins GEICO and Republic from pursuing rights of contribution, indemnity, reimbursement, subrogation, or other similar claims

("Contribution Claims") against other unsettled insurers of the Debtors.

6.      Whether the Plan – through its § 524(g) Asbestos PI Channeling Injunction – improperly enjoins GEICO and Republic from pursuing Contribution Claims against Settled Asbestos Insurance Companies, especially to the extent such Contribution Claims arise from third-party claims for insurance coverage.

7.      Whether the proposed funding of the Asbestos PI Trust with the Warrant fails to satisfy 11 U.S.C. § 524(g)(2)(B)(i)(II).

8.      Whether the proposed funding of the Asbestos PI Trust with the Asbestos PI Deferred Payment Agreement fails to satisfy 11 U.S.C. § 524(g)(2)(B)(i)(II).

9.      Whether the Plan fails to satisfy 11 U.S.C. § 524(g)(2)(B)(i)(III) given that (a) it will have not one, but two, § 524(g) trusts – namely, the Asbestos PI Trust and the Asbestos PD Trust (each with its own trustees, TAC, Futures Representative and TDP (or its equivalent)) and (b) as a result of its two-trust structure, there could never be any "specified contingency" pursuant to which each of the Plan's § 524(g) trusts could own a majority of the voting shares of Grace.

10.     Whether the Plan fails to satisfy 11 U.S.C. § 524(g)(2)(B)(ii)(I), (II), and (III) given that the Plan Proponents can produce little or no evidence that the Debtors will, in fact, face asbestos-related "future demands" involving property damage.

11.     Whether the Plan has overly broad and illegal exculpation provisions.

12.     Whether the Plan contains improper non-consensual releases of non-derivative third-party claims against non-debtors, without any consideration, much less

"fair" consideration. (*See, e.g.*, Plan, § 8.8.7).[2]

<u>List of Witnesses</u>

1.     Michael Powers, Assistant Vice President – Direct Claims, Resolute

Management, Inc. – New England Division (live):  Mr. Powers will testify regarding the

authenticity of documents obtained from GEICO's, Republic's, and/or Resolute's

business records, including insurance policies and settlement agreements, and will

provide background facts regarding the nature of these documents as ancient documents

or business records, to the extent necessary to establish a foundation for their

admissibility.

2.     Linda MacDonald, Account Manager, Resolute Management, Inc. – New

England Division (live):  Ms. MacDonald may testify in the alternative to Mr. Powers,

and her testimony would address the same information.[3]

3.     James B. Shein, Clinical Professor of Management & Strategy, Kellogg

School of Management – Northwestern University (live):  Professor Shein is an expert on

fiduciary duties and organizational behavior of trustees, officers and directors of public

---

[2] This Statement of Issues is not intended to limit the scope of the Final Objections of Government Employees Insurance Co. and Republic Insurance Company n/k/a Starr Indemnity & Liability Company to Confirmation of Amended Joint Plan of Reorganization (D.I. 21771), or the Phase II Trial Brief of Government Employees Insurance Company and Republic Insurance Company n/k/a Starr Indemnity & Liability Company in Opposition to Confirmation of Amended Joint Plan of Reorganization (D.I. 22434).

[3] The Plan Proponents have agreed to a stipulation for Phase II, like the stipulation in Phase I, although it has not yet been prepared or executed by the parties.  Barring unforeseen circumstances, the Phase II stipulation, once executed, should obviate the need for GEICO and Republic to call Mr. Powers or Ms. MacDonald as a witness for their case in chief in Phase II of the Confirmation Hearing.  GEICO and Republic reserve the right to call Mr. Powers and Ms. McDonald as rebuttal witnesses, as necessary or appropriate.

companies, private entities, and not-for-profit organizations. He will testify that – as a matter of trust governance – the members of the TAC have conflicting fiduciary duties due to their status as attorneys representing some (but not all) of the claimants who will be asserting claims against the Trust. He will also testify that the structure of the Trust creates a potential for the Trustees and TAC to act contrary to the governing principle in the Trust Agreement that all claimants be treated fairly and equitably in connection with claims made against the Trust, and that the Trust not deplete its assets by paying undeserving claims. Professor Shein's opinions are more fully set forth in his expert report submitted in this case.

4.      H. Sean Mathis, Managing Director, Miller Mathis & Co., LLC (live): Mr. Mathis has 25 years of experience in the restructuring and bankruptcy advisory business. He will testify regarding the value of the Warrant to be issued by Grace to the Asbestos PI Trust under the Plan, and the probability that the Warrant will not be exercised for the economic benefit of the holders prior to the expiration date of the Warrant. Mr. Mathis's opinions are more fully set forth in his expert report submitted in this case.

5.      George L. Priest, Professor of Law and Economics, Yale Law School (live): Professor Priest is an expert on insurance, the regulation of insurance, insurance practices, and the economics of insurance. He will testify regarding the economic effects and implications of the Plan, including that: (i) Grace's insurance policies – like all typical primary CGL, umbrella, and excess policies – create an economic structure of rights and responsibilities as between the insurer and the policyholder that serves the important societal goal of constraining the economic impact of risks; and (ii) the terms of

the Plan Documents fundamentally upset that economic structure and severely impact the economic ability of Grace's insurers to manage the financial risks which they assumed in the policies issued to Grace.  Professor Priest's opinions are more fully set forth in his expert report submitted in this case.

6.      Richard Finke, Assistant General Counsel for W.R. Grace & Co. (Rule 30(b)(6) Deposition Designee for Debtors and Individually) (deposition):  Mr. Finke's testimony will address, *inter alia*: (a) the April 6, 2008 Term Sheet and the role of various parties with respect thereto; (b) the negotiation and operation of the Trust Agreement and TDP, or certain aspects thereof; (c) the lack of any role of the Debtors' insurers in claims handling under the TDP; (d) the proposed transfer or assignment of Asbestos Insurance Rights; (e) the fiduciary duties of the TAC members to holders of Asbestos PI Claims; (f) the separate fiduciary duties of the TAC members to their clients; (g) the operation of § 7.15 with respect to Phase II issues; (h) the Plan's treatment of various types of Asbestos PI Trust Claims; and (i) the scope of the Plan's exculpation provision.[4]

7.      Jay Hughes, Senior Litigation Counsel for W.R. Grace & Co. (deposition):  Mr. Hughes' testimony will address, *inter alia*: (a) the nature and scope of the Debtors' liability insurance program; (b) the absence of any waiver of any rights by GEICO and/or Republic; (c) the manner in which claims against the Debtors were handled prepetition; and (d) the negotiation and drafting of the TDP, including the role played (or lack thereof) by the ACC, the FCR, and the Debtors.

---

[4] These brief descriptions of deposition testimony for each witness are overviews only and are not intended to be limiting.  GEICO and Republic may designate any portion of these depositions for use at Phase II of the Confirmation Hearing, along with any exhibits thereto.

8.      Jeffrey M. Posner, Consultant and former Assistant Vice President, Director of Corporate Risk Management at W.R. Grace & Co. (deposition/live):  Mr. Posner's testimony will, if necessary, *inter alia*: (a) address the Debtor's prepetition liability insurance program and (b) lay the foundation for and authenticate certain prepetition settlement agreements.

9.      Peter Van N. Lockwood, Member, Caplin & Drysdale (Rule 30(b)(6) Deposition Designee for ACC) (deposition):  Mr. Lockwood's testimony will address, *inter alia*: (a) the manner in which the Plan is intended to operate; (b) the selection and role of TAC members; (c) the fiduciary duties of the TAC members; (d) the representation by TAC members of asbestos claimants under contingency fee arrangements; (e) the funding of the Asbestos PI Trust; (f) the fact that there is little or no evidence that the Debtors will face "future demands" from property damage claimants; and (g) the operation of § 7.15 with respect to Phase II issues.

10.     David T. Austern, Asbestos PI Future Claimants' Representative (deposition):  Mr. Austern's testimony will address, *inter alia*: (a) the selection of the TAC members; (b) the fiduciary duties of the FCR and TAC members; (c) the rationale for not allowing the Trustees to represent the holders of Asbestos PI Claims; (d) the April 6, 2008 Term Sheet and the role of various parties with respect thereto; (e) the negotiation and operation of the Trust Agreement and TDP, or certain aspects thereof; (f) the background of the proposed Trustees; (g) the proposed transfer or assignment of Asbestos Insurance Rights; (h) the intended operation of certain provisions in the Plan; and (i) the lack of any role of the Debtors' insurers in claims handling under the TDP.

11.     Elihu Inselbuch, Member, Caplin & Drysdale (deposition):  Mr.

Insulbuch's testimony will address, *inter alia*, (a) the April 6, 2008 Term Sheet and the role of various parties with respect thereto; (b) the drafting of the Asbestos PI Trust Agreement and TDP; and (c) the fiduciary duties of the ACC and FCR.

12.     Dr. Mark A. Peterson, President, Legal Analysis Systems, Inc. (deposition):  Dr. Peterson's testimony will lay the foundation for and authenticate certain e-mail messages that he authored in 2004.

*****

This list sets forth those witnesses that GEICO and Republic currently intend to call in connection with their case in chief in Phase II of the Confirmation Hearing, whether live or by deposition.  Where practical, GEICO and Republic have indicated whether the witness will testify by deposition.  However, in Phase I, the Plan Proponents raised several objections to the Phase I Insurers' use of deposition designations, including several objections that the Phase I Insurers had not established that the witness was unavailable.  Accordingly, to the extent that Plan Proponents object to the presentation of witness testimony by deposition designation, GEICO and Republic reserve the right to call all witnesses to present live testimony.  For planning purposes, at the July 27, 2009 Pre-Trial Conference, the Court should require the Plan Proponents to advise GEICO and Republic whether they will be objecting to the introduction of deposition testimony at the Phase II hearing based upon the availability of the witness.

In addition, GEICO and Republic reserve the right to call (i) any witness designated by any other party, regardless of whether such witness is called by that party to testify, (ii) other witnesses who are not listed herein for the purpose of laying a foundation for the admission of documents and evidence, to the extent necessary,

(iii) other witnesses who are not listed herein to rebut any evidence or argument designated and/or offered by any party or to address any issue that may develop prior to or during Phase II of the Confirmation Hearing, and (iv) other witnesses who are not listed herein for the purpose of impeachment.  GEICO and Republic also reserve their right to withdraw any designated witness.  GEICO and Republic further reserve the right to enter deposition testimony into the record in lieu of live testimony to the extent permitted by Rule 32 of the Federal Rules of Civil Procedure.  Also, GEICO and Republic reserve the right to examine or, as appropriate, cross-examine any witness called to testify by any other party at Phase II of the Confirmation Hearing.

<u>List of Exhibits</u>

1.      Objections and Responses of the Official Committee of Asbestos Personal Injury Claimants to Discovery Requests Propounded by Government Employees Insurance Company and [Republic] Insurance Company, dated March 6, 2009.

2.      Objections and Responses to the Official Committee of Asbestos Personal Injury Claimants to Discovery Requests Propounded by OneBeacon America Insurance Company and Seaton Insurance Company, dated March 6, 2009.

3.      Asbestos PI Future Claimants' Representative's Response to Government Employees Insurance Company and [Republic] Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009.

4.      Asbestos PI Future Claimants' Representative's Response to OneBeacon America Insurance Company and Seaton Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009.

5.      Debtors' Response to Government Employees Insurance Company and [Republic] Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009.

6.      Debtors' Response to OneBeacon America Insurance Company and Seaton Insurance Company's Requests for Admission, Interrogatories and Requests for Production of Documents, dated March 6, 2009.

7.      Complaint for Declaratory and Other Relief, *The Scotts Company v. American Employers' Ins. Co., et al.*, Adv. No. 04-55083, dated September 2, 2004.

8.      Objections of BNSF Railway Company to Confirmation of the First Amended Chapter 11 Plan of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 3, 2009 (D.I. 21769), dated May 20, 2009 (and Exhibits thereto).

9.      Objection of The Scotts Company LLC to Confirmation of First Amended Joint Plan of Reorganization (D.I. 20872), dated May 20, 2009 (and Exhibits thereto).

10.     Proof of Claim No. 15531, filed by Seaton Insurance Company.

11.     Class 6 Asbestos PI Claims (Indirect PI Trust Claims) Ballot Provided to Seaton Insurance Company.

12.     Seaton Policy No. 1-2517, issued to W.R. Grace & Co. by Unigard Mutual Insurance Company for the period June 30, 1974 – June 30, 1975.

13.     GEICO Policy No. GXU 30031, issued to W.R. Grace & Co. by Government Employees Insurance Company for the period June 30, 1981 – June 30, 1982.

14.    GEICO Policy No. GXU 30152, issued to W.R. Grace & Co. by Government Employees Insurance Company for the period June 30, 1982 – June 30, 1983.

15.    GEICO Policy No. GXU 30267, issued to W.R. Grace & Co. by Government Employees Insurance Company for the period June 30, 1983 – June 30, 1984.

16.    Republic Policy No. CDE 749, issued to W.R. Grace & Co, by Republic Insurance Company for the period June 30, 1983 – June 30, 1984.

17.    Republic Policy No. CDE 750, issued to W.R. Grace & Co, by Republic Insurance Company for the period June 30, 1983 – June 30, 1984.

18.    London Policy No. 79 DD 1633C (also referenced as Cover Note No. PY107779), issued to W.R. Grace & Co., by Certain London Market Insurance Companies for the period June 30, 1979 – June 30, 1982.

19.    London Policy No. KYO 17582, issued to W.R. Grace & Co., by Certain London Market Insurance Companies for the period June 30, 1982 – June 30, 1985.

20.    E-mail correspondence from Mark Peterson to Steven Meyer, Michael Meyer, Mike Polk, Mike Sieben, Thomas Carey and Mark Peterson, dated November 12, 2004, Re:  Mike Meyer's Questions.

21.    E-mail chain containing correspondence from Mark Peterson to Thomas Carey and Steven Meyer, dated August 27, 2004, Re:  API Trust administration.

22.    SEC Form 8-K – W.R. Grace & Co., filed April 6, 2008.

23.    W.R. Grace & Co., et al. Term Sheet for Resolution of Asbestos Personal Injury Claims.

24.     Supplemental Verified Statement in Connection with the Representation of Creditors as Required by Fed. R. Bankr. P. Rule 2019 by Cooney and Conway.

25.     Notice of Filing Amended Statement Under Bankruptcy Rule 2019 by Baron & Budd, P.C.

26.     Third Amended Verified Statement in Connection with the Representation of Creditors as Required by F.R.B.P. Rule 2019 by Weitz & Luxenberg.

27.     Eleventh Amended Verified Statement Pursuant to Fed. R. Bankr. P. 2019 Filed by Motley Rice LLC.

28.     Settlement Agreement, Release and Indemnification/Hold Harmless Agreement entered into by W.R. Grace & Co.-Conn. and Unigard Security Insurance Company, effective August 6, 1992.

*****

GEICO and Republic reserve the right to amend this exhibit list with additional documents, as necessary or appropriate, including any documents that may be necessary to rebut any evidence offered by the Plan Proponents or other parties.  In addition, GEICO and Republic reserve the right to offer into evidence any exhibits marked by any

other party and to offer into evidence, as necessary, any documents filed with this Court,

whether in this case or any related adversary proceeding.

Dated:  July 20, 2009

      /s/ David P. Primack
Warren T. Pratt (DE 4334)
David P. Primack (DE 4449)
Drinker Biddle & Reath LLP
1100 N. Market Street
Wilmington, DE 19801-1254
Tel. (302) 467-4200

- and -

Michael F. Brown (*pro hac vice*)
Jeffrey M. Boerger (*pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Tel. (215) 988-2700

*Counsel for Parties-in-Interest
Government Employees Insurance
Company and Republic Insurance
Company*