IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: August 7, 2009 at 4:00 p.m.**
**Hearing Date: August 24, 2009 at 10:30 a.m.**

## DEBTORS' MOTION FOR AN ORDER APPROVING THE STIPULATION AND ORDER WITH RESPECT TO (1) LIABILITY INSURANCE POLICIES ISSUED BY GENERAL INSURANCE COMPANY OF AMERICA AND (2) 1994 SETTLEMENT AGREEMENT BETWEEN W.R. GRACE & CO. AND GENERAL INSURANCE COMPANY OF AMERICA

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order approving the Stipulation And Order With Respect To (1) Liability Insurance Policies Issued By General Insurance Company Of America And (2) 1994 Settlement Agreement Between W. R Grace & Co. And General Insurance Company Of America (the "Stipulation") by and between W. R. Grace & Co.-Conn

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

("Grace") and General Insurance Company of America ("General"). A copy of the Stipulation is attached as Exhibit A.[2] In support of the Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Motion is proper under 28 U.S.C. § 1408.

2.  The statutory predicates for this Motion are sections 105(a), 363(b) and 524(g) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 the Federal Rules of Bankruptcy Procedure.

## Background.

3.  On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4.  General issued or allegedly issued certain policies of insurance subject to the 1994 Agreement (the "Subject Policies") that provide, or are alleged to provide, insurance coverage to Grace.

5.  Prior to the Petition Date, Grace and General entered into the "Settlement Agreement and Policy Release" between Grace and General dated March 3, 1994 ("the 1994

---

[2] The stipulation attached as Exhibit A to this motion will be supplemented with the filing of a copy executed by counsel for the Official Committee of Asbestos Personal Injury Claimants if and when there is committee approval.

2

Agreement") which fully and finally settled all asbestos related claims and products claims relating to the Subject Policies.

6.   On July 7, 2009 the above-referenced parties negotiated the Stipulation agreeing to the following modifications to certain exhibits and schedules to the First Amended Joint Plan of Reorganization, as the same may further be modified from time to time (the "Plan") (terms shown in initial capital letters have the meaning of those terms as defined in the Plan, unless otherwise defined in the Stipulation or herein.):

(a)   The 1994 Agreement will be listed as an Asbestos Insurance Settlement Agreement on Exhibit 5 to the Plan, without qualification.

(b)   The Asbestos Insurance Transfer Agreement – Exhibit 6 to the Plan – will be amended to provide that the Insurance Contributors' rights under the 1994 Agreement will not be transferred to the Asbestos PI Trust.

(c)   The Asbestos Insurance Transfer Agreement will be amended to provide that the Insurance Contributors' rights, if any, under the liability insurance policies that are the subject of the 1994 Agreement will not be transferred to the Asbestos PI Trust.

7.   The parties to the stipulation further agree that upon the completion of the foregoing modifications to the exhibits and schedules to the Plan, and the Bankruptcy Court having approved this motion:

(a)   General shall withdraw all of its objections to the Plan and/or Plan Documents, to confirmation of the Plan, and to the Debtors' or Plan Proponents' motions or applications in the Chapter 11 Cases, including any appeals of decisions in the Chapter 11 Cases.

(b)   General shall be deemed to have released and waived all claims of any nature whatsoever arising under or based upon the 1994 Agreement or any insurance policy subject thereto, except for an Indemnity Claim.[3]

---

[3] For the purpose of the Stipulation and this Motion, the term "Indemnity Claim" shall mean any claim by General against Grace under Section 8 of the 1994 Agreement on account of or with respect to an Asbestos PI Claim.

3

8. Additional agreements relating to the terms of the Plan, the 1994 Agreement, the Asbestos PI TDP, and Indemnity Claims include the following:

(a) General retains all of the benefits for and protections available to an Asbestos Insurance Entity under the Insurance Neutrality provision of the Plan.

(b) The 1994 Agreement released General from any obligation for insurance coverage for asbestos claims of any type under the policies that were the subject of the 1994 Agreement.

(c) Consistent with the terms of the 1994 Agreement, neither Grace nor the Asbestos PI Trust will assert any claim against General for insurance coverage for asbestos claims of any type under the policies that were the subject of the 1994 Agreement.

(d) General agrees that all Indemnity Claims shall be classified and treated in the Plan as Indirect PI Trust Claims, and any such Indirect PI Trust Claim entitled to payment under the Asbestos PI TDP shall be paid by the Asbestos PI Trust in accordance with the terms of the Asbestos PI TDP.

(e) Effective upon the order issuing the Asbestos PI Channeling Injunction as to General becoming a Final Order, General shall automatically and without further action be deemed to have released and waived all Indemnity Claims as to Grace and the Asbestos PI Trust, and shall not assert any such claim against any of the Debtors, the Reorganized Debtors or the Asbestos PI Trust.

**Relief Requested**

9. By this Motion, the Debtors respectfully seek the entry of an order, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Stipulation, which has been executed by the parties, and will become effective upon the approval of this Court.

**Basis for Relief**

10. This Court has statutory authority to authorize and approve the Debtors' entry into the Stipulation pursuant to sections 105 and 363(b)(l) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Section 363(b) of the Bankruptcy Code provides, in

relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). A compromise of claims and causes of action by a debtor in possession constitutes a use of property of the estate. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a compromise is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.* The Stipulation is a compromise of the parties to the 1994 Agreement.

11. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019(a). Before approving a compromise under Bankruptcy Rule 9019, a court must determine that the proposed compromise is in the best interests of the debtor's estate. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate.'"). To reach this determination, courts assess the value of the claim that is being compromised and balance it against the value to the estate of the approval of the compromise. *See Martin*, 91 F.3d at 393.

12. The standard by which courts evaluate the reasonableness of a proposed compromise is well established. This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.*; *see also Depositor v. Mary M. Holloway Found.*, 36 F.3d 582, 587 (7th Cir. 1994) (affirming an order approving a compromise and settlement of claims against the estate where it was "unlikely" that the debtor would succeed on the claim, litigation of the claims would involve considerable expense, and the claimant

would withdraw all claims upon approval of the settlement). Settlements should only be rejected if they fall "below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The standards set forth above are plainly met in this case.

13. The Stipulation is in the best interests of the Debtors, their estates, and their creditors because it implements certain modifications and clarifications to certain of the exhibits and schedules to the Plan which allow the substantive compromises embodied in the 1994 Agreement – which resolved all disputes between the Parties regarding their respective rights and obligations under the Subject Policies – to remain effective consistent with the Debtors' plan of reorganization. If the Stipulation is not approved, General will maintain its objection to the Plan as allegedly inconsistent with the 1994 Agreement and would assert Claims under the 1994 Agreement and, potentially, under the Subject Policies, and the Debtors will be required to pursue their claims against General under the terms of the 1994 Agreement and, potentially, the Subject Policies. This process would subject the Debtors to risk concerning Indemnity Claims and other Claims, and risks related to the Plan confirmation process.

14. For all of the foregoing reasons, the Debtors submit that the Stipulation is fair and reasonable and in the best interest of the Debtors, their creditors and their estates, and thus the Debtors should be authorized to enter into the Stipulation.

## Notice

15. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee, and (iv) those parties that requested papers under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

DOCS_DE:150967.1

WHEREFORE, the Debtors respectfully request that the Court enter an order approving the Stipulation, and granting such other and further relief as the Court deems just and proper.

Dated: July 20, 2009

KIRKLAND & ELLIS LLP
David M. Bernick
Lisa G. Esayian
300 N. LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Theodore Freedman
Citigroup Center
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession