**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| _____ ) | Chapter 11 |
| In re                                           ) | |
|                                                   ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., *et al.*,          ) | |
|                                                   ) | Jointly Administered |
|                    Debtors.               ) | |
| _____ ) | **Related to Dkt. No. 20872** |

**PRETRIAL SUBMISSION OF FIREMAN'S FUND INSURANCE COMPANY, WITH RESPECT TO ITS "SURETY CLAIM," FOR PHASE II OF THE HEARING ON CONFIRMATION OF THE FIRST AMENDED PLAN OF REORGANIZATION**

Pursuant to Paragraph 4 of the Order Regarding Phase II Pre-Trial Proceedings (the "Pre-Trial Order") (Dkt. No. 22347), Fireman's Fund Insurance Company ("Fireman's Fund"), a creditor and party in interest, hereby submits its Pretrial Submission with respect to its "Surety Claim" for Phase II of the hearing on confirmation of the First Amended Joint Plan of Reorganization Under Chapter 11 Of The Bankruptcy Code Of W.R. Grace & Co. (the "Plan," Dkt. No. 20872).

**I.      PRELIMINARY STATEMENT**

Fireman's Fund is the holder of a contingent contractual indemnity claim that is subject to setoff (the "Surety Claim").  Fireman Fund's Surety Claim arises from a pre-petition "Indemnity Agreement" under which Grace undertook a contractual obligation to indemnify Fireman's Fund for any and all loss Fireman's Fund suffers under a pre-petition supersedeas bond (the "Bond") in the amount of $43,038,931.91 posted by Fireman's Fund on behalf of W.R. Grace & Co. and W.R. Grace & Co.-Conn. (together, "Grace") in connection with Grace's appeal of a Texas state court judgment against it in five consolidated asbestos personal injury cases (collectively, "Edwards").  Grace's payment obligations under the Indemnity Agreement

are partially secured by an Irrevocable Letter of Credit in the amount of $13 million issued by

Wachovia Bank, N.A. that names Fireman's Fund as the Beneficiary (the "Letter of Credit").[1]

This Pretrial Statement identifies the issues, witnesses, and evidence concerning

Fireman's Fund's Surety Claim-related objections to confirmation of the Plan. Fireman's Fund

is also today filing a separate Pretrial Statement with respect to its non-Surety Claim-related

Phase II objections.

## II.    STATEMENT OF ISSUES

Fireman's Fund's Surety Claim-related Phase II plan objections and trial brief

fully elucidate the issues that Fireman's Fund intends to address with respect to its Surety Claim

during the Phase II hearing, and are incorporated here by this reference. For purposes of this

Pretrial Statement, Fireman's Fund lists those issues as follows:

A.    Does the Plan fail to satisfy the requirements of §§ 1122(a) and 1129(a)(1)

of the Bankruptcy Code because it improperly classifies Fireman's Fund's entire Surety Claim in

Class 6 with Asbestos PI Claims – even though the legal character of the Surety Claim is not

substantially similar to that of most of the other claims in Class 6 – instead of in Class 9, with

respect to its unsecured claim, and Class 2 with respect to the part of its claim that is secured by

the Letter Of Credit?

B.    Does the Plan fail to satisfy the requirements of §§ 1123(a)(3) and

1129(a)(1) of the Bankruptcy Code because it does not specify how Fireman's Fund's Surety

Claim will be processed and paid, assuming it remains classified as an Indirect Asbestos PI

---

[1]    The Bond, Indemnity Agreement, and Letter of Credit are described more fully in
Fireman's Fund Insurance Company's Phase II Trial Brief Relating To Its "Surety Claim" (*see*
Dkt. No. 22412).

Claim in Class 6?

      C.     Does the Plan fail to satisfy the requirements of §§ 1123(a)(4) and

1129(a)(1) of the Bankruptcy Code because it does not "provide the same treatment for each

claim or interest of a particular class," given that:

      1.     The Plan includes detailed procedures for the processing and

payment of "direct" Asbestos PI Trust Claims, but is silent as to the procedures

for processing and payment of Indirect PI Trust Claims, such as the Surety Claim

(assuming it remains classified as an Indirect Asbestos PI Claim), which are in the

same class; and

      2.     The Plan provides for payments to holders of "direct" Asbestos PI

Trust Claims based exclusively on their rights under state law, but imposes

unwarranted additional obligations on holders of Indirect PI Trust Claims, such as

the Surety Claim (assuming it remains classified as an Indirect Asbestos PI

Claim), in order to obtain payments from the Trust?

      D.     Does the Plan fail to comply with § 1129(a)(1) of the Bankruptcy Code by

purporting to enjoin Fireman's Fund from exercising its statutory right, pursuant to § 553(a), to

set off amounts that Grace owes to Fireman's Fund under the Indemnity Agreement against any

obligations allegedly owed by Fireman's Fund to Grace under Fireman's Fund's insurance

policies?

      E.     Does the Plan fail to comply with § 1129(a)(3) of the Bankruptcy Code

because:

      1.     the Plan was not proposed in good faith, insofar as the Plan

Proponents were aware of the Surety Claim but nevertheless drafted the Plan in a

way that (a) turns the surety relationship on its head by making Fireman's Fund, the surety, the primary obligor to the <u>Edwards</u> plaintiffs, (b) violates Fireman's Fund's contractual rights under the Indemnity Agreement, (c) eliminates Fireman's Fund's setoff rights, and (d) improperly classifies the Surety Claim so that Fireman's Fund's vote on the Plan would be rendered meaningless; and

       2.      the Plan violates Fireman's Fund's contractual rights under applicable non-bankruptcy law by, among other things, (a) imposing extracontractual requirements on Fireman's Fund as a pre-condition of obtaining any payment on the Surety Claim, (b) improperly converting the Bond, which is a form of guaranty, into an asset at Debtors' disposal, and (c) usurping Fireman's Fund's exclusive right under the Indemnity Agreement to defend and control prosecution of the <u>Edwards</u> appeal and vesting control of the appeal in the Asbestos PI Trust?

      F.      Does the Plan violate § 524(g) of the Bankruptcy Code by purporting to channel Fireman's Fund's Surety Claim to the Asbestos PI Trust, and purporting to enjoin Fireman's Fund from asserting its Surety Claim against Grace, even though (1) the Surety Claim is not one of the enumerated types of claims for which relief is available under § 524(g) and (2) Grace is not likely to face an overwhelming (or even a handful) of claims that are "similar" to the Surety Claim?

## III.    WITNESSES TO BE CALLED BY FIREMAN'S FUND AND EVIDENCE TO BE ESTABLISHED BY EACH WITNESS

Fireman's Fund is in the process of preparing a draft stipulation of facts that, if acceptable to Plan Proponents, may eliminate the need for Fireman's Fund to call any live witnesses during the Phase II trial.

However, if the stipulation is not agreed to, or is agreed to in a form that does not make it feasible for Fireman's Fund to limit its presentation of live testimony, Fireman's Fund would call the following witnesses:

A.    <u>Richard Kowalczyk</u> – Fireman's Fund will call Mr. Kowalczyk, the Senior Director of Surety for Fireman's Fund, to testify live during the Phase II hearing.  Mr. Kowalczyk will testify regarding (i) his background and experience in the field and his position at Fireman's Fund, (ii) the authenticity of the Bond, Indemnity Agreement, Letter of Credit, and potentially other documents, (iii) the facts and circumstances surrounding Fireman's Fund's issuance of the Bond, Fireman's Fund's general policies and practices regarding the issuance of surety bonds, and the nature of the surety relationship as it pertains to the Bond, (iv) the facts and circumstances surrounding Fireman's Fund's and Grace's agreement to enter into the Indemnity Agreement, Fireman's Fund's general policies and practices regarding its entry into indemnity agreements in connection with surety bonds, and the parties' understanding of the Indemnity Agreement, (v) the parties' respective rights and obligations under the Bond and Indemnity Agreement, (vi) the security provided to Fireman's Fund for the Bond through the Letter of Credit and the reasons that Fireman's Fund required Grace to post the Letter of Credit, (vii) Fireman's Fund claim against Grace as set forth in the Proof of Claim, (viii) the status of proceedings in the <u>Edwards</u> matter (including the appeal), and (ix) Fireman's Fund's entitlement to set off any obligations allegedly owed by Fireman's Fund to Grace under Fireman's Fund's insurance policies against the amounts that Grace owes to Fireman's Fund under the Indemnity Agreement.

B.    <u>Richard Finke</u> – Fireman's Fund will call Mr. Finke by deposition to testify regarding (i) Grace's knowledge of the Bond and the Indemnity Agreement, (ii) Grace's

obligations under the Bond and the Indemnity Agreement, (iii) Grace's classification of

Fireman's Fund's Surety Claim and the reason(s) therefor, (iv) Grace's claim for coverage for

Asbestos PI Claims under general liability insurance policies issued by Fireman's Fund, and (v)

Grace's appeal from the Edwards judgment and its position concerning the merits of the Edwards

appeal.

C.      Peter Van N. Lockwood – Fireman's Fund will call Mr. Lockwood by

deposition to testify regarding (i) the Committee's knowledge of Fireman's Fund's Surety Claim,

(ii) Grace's claim for coverage for Asbestos PI Claims under general liability insurance policies

issued by Fireman's Fund, (iii) the treatment and payment of Fireman's Fund's Surety Claim

under the Plan, and (iv) the treatment and payment of the claims asserted by the Edwards

plaintiffs under the Plan.

D.      David Austern – Fireman's Fund will call Mr. Austern by deposition to

testify regarding (i) the Asbestos PI Future Claimants' Representative's knowledge of Fireman's

Fund's Surety Claim, (ii) Grace's claim for coverage for Asbestos PI Claims under general

liability insurance policies issued by Fireman's Fund, (iii) the treatment and payment of

Fireman's Fund's Surety Claim under the Plan, and (iv) the treatment and payment of the claims

asserted by the Edwards plaintiffs under the Plan.

E.      Mike A. Hatchell – Fireman's Fund will call Mr. Hatchell, a Texas

appellate lawyer, to testify live during the Phase II hearing regarding Grace's appeal from the

Edwards judgment and his opinion concerning the chances that the Edwards judgment will be

affirmed, reversed, vacated, or modified on appeal.

F.      Authentication witnesses – Fireman's Fund reserves the right to call any

person(s) necessary to authenticate any documents whose authenticity is questioned.

Fireman's Fund reserves the right to cross-examine any witness called by any other party and the right to call witnesses not listed herein to rebut or respond to evidence offered by any other party.

## IV.    LIST OF EXHIBITS TO BE INTRODUCED BY FIREMAN'S FUND

Set forth below is a list of the exhibits that Fireman's Fund presently intends to introduce into evidence during the Phase II trial.  Fireman's Fund reserves the right to supplement this list as permitted by the Court and the right to introduce additional documentary evidence to rebut or respond to evidence offered by any other party.

A.    Fireman's Fund's Proof Of Claim No. 15175.

B.    The judgment in Edwards, *et al.* v. Pittsburgh Corning Corp., *et al.*, No. B-150,896-J (Tex. Dist. Ct., Jefferson Cty., 60th Judicial Dist.).

C.    The opening appellate brief of Appellant W.R. Grace & Co., filed in W.R. Grace & Co. v. Edwards, *et al.*, No. 06-00-00112-CV (Tex. App.).

D.    The Opinion dated April 13, 2001, entered in W.R. Grace & Co. v. Edwards, *et al.*, No. 06-00-00112-CV (Tex. App. April 13, 2001).

E.    The Bond.

F.    The Indemnity Agreement.

G.    The Letter Of Credit.

H.    The general liability policies issued to Grace by Fireman's Fund.

I.    The Plan and Plan Documents (including, without limitation, the TDPs).

J.    The Disclosure Statement.

K.    The Declaration of Mike A. Hatchell In Support Of Motion By Fireman's Fund Insurance Company Pursuant To Bankruptcy Rule 3018 For Temporary Allowance Of Claim No. 15175, dated May 20, 2009.

L.      The transcript of the May 13, 2009 deposition of Richard Finke, Grace's designee in response to the Rule 30(b)(6) notice served by Fireman's Fund, and Finke Deposition Exhibit 2.

M.      The transcript of the May 1, 2009 and May 4, 2009 deposition of Peter Van N. Lockwood, the ACC's designee in response to the Rule 30(b)(6) notice served by Fireman's Fund, and ACC Deposition Exhibit 11.

N.      The transcript of the May 15, 2009 deposition of David Austern, the Asbestos PI Future Claimants' Representative.

O.      Debtor W.R. Grace's Responses To Fireman's Fund's First Set Of Contention Interrogatories Regarding First Amended Joint Plan Of Reorganization (Surety Bond Issues).

## V.      FURTHER RESERVATION OF RIGHTS

Fireman's Fund reserves the right to supplement or add to this Pretrial Submission in response to any pretrial submission or trial brief filed by any other party.

Dated:  July 20, 2009                                  Respectfully submitted,


                                                       */s/ John D. Demmy*
                                                       John D. Demmy (DE Bar No. 2802)
                                                       STEVENS & LEE, P.C.
                                                       1105 North Market Street, 7th Floor
                                                       Wilmington, DE 19801
                                                       Telephone:  (302) 425-3308
                                                       Telecopier:  (610) 371-8515
                                                       Email:  jdd@stevenslee.com

                                                       - and -


                                                       Mark D. Plevin
                                                       Leslie A. Davis
                                                       Tacie H. Yoon
                                                       CROWELL & MORING LLP

1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 624-2500
Telecopier:  (202) 628-5116
Email:  mplevin@crowell.com
Email:  ldavis@crowell.com
Email:  tyoon@crowell.com

Leonard P. Goldberger
Marnie E. Simon
(Members PA Bar)
STEVENS & LEE, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA  19103-1702
Telephone:  (215) 751-2864/2885
Telecopier:  (610) 371-7376/8505
Email:  lpg@stevenslee.com
Email:  mes@stevenslee.com

Attorneys for Fireman's Fund Insurance
Company

8407165.02