# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W, R, GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. _____** |
| | ) | **_____ Agenda Item No. __** |

## ORDER (A) APPROVING THE AGREEMENT BY AND BETWEEN W. R. GRACE & CO.-CONN. , [REDACTED] AND [REDACTED]; (B) AUTHORIZING THE SALE OF CERTAIN ASSETS OF W. R. GRACE & CO.-CONN.'S MEMBRANES BUSINESS TO [REDACTED], FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT TO [REDACTED] OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (D) GRANTING CERTAIN RELATED RELIEF

This matter coming on to be heard on the motion[2] dated July 20, 2009 [Docket No. _____]

(the "Sale Motion") of W. R. Grace & Co.-Conn., as debtor and debtor in possession (the

"Selling Debtor" and together with the other above-captioned debtors, the "Debtors") for entry of

an order (i) approving the Membranes Asset Sale Agreement, dated July 15, 2009 between the

Selling Debtor, [REDACTED] (the "Buyer") and [REDACTED] (the "Buyer Parent") appended

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn, A-1 Bit &, Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc, Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp, Emerson & Curning, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2]    Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to them in the Agreement (as defined below) and the Sale Motion, and to the extent of any inconsistency, the Agreement shall govern.

hereto as Exhibit A (the "Agreement" and, together with all related exhibits, attachments and ancillary agreements, the "Sale Documents");[3] (ii) authorizing the sale of certain assets (the "Acquired Assets") to the Buyer free and clear of all Liens, claims, and other interests in accordance with the terms and conditions set forth in the Agreement; (iii) authorizing the assumption by the Selling Debtor and the assignment to the Buyer of certain related executory contracts and unexpired leases (the "Transferred Contracts"); (iv) taking effect immediately by virtue of this Court waiving the 10-day stay under Bankruptcy Rules 6004(h) and 6006(d); and (v) granting certain related relief (collectively, the "Sale Order"); the Selling Debtor having executed the Agreement; a hearing on the Sale Motion having been held on August 24, 2009 (the "Sale Hearing"); all interested parties having been afforded an opportunity to be heard with respect to the Sale Motion and all relief related thereto; and it appearing that the Court has jurisdiction over this matter; the Court having reviewed and considered (i) the Sale Motion, (ii) the objections thereto, if any, and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; it appearing that the relief requested in the Sale Motion and approval of the Sale to Buyer of the Acquired Assets, including the Selling Debtor's assumption and assignment to Buyer of the Transferred Contracts, is in the best interests of the Selling Debtor, its affiliates, their estates, creditors and other parties in interest; and based on the Sale Motion, the statements of counsel, the record of the Sale Hearing and the record in these cases; and after due deliberation thereon; and good cause appearing therefore, it is hereby

---

[3]  Due to their voluminous and/or confidential and proprietary nature, the exhibits and schedules to the Agreement are intentionally omitted from Exhibit A

FOUND AND DETERMINED THAT:[4]

### Jurisdiction, Final Order and Statutory Predicates

A.    This matter is a core proceeding within the meaning of 28 U.S.C. § 157(h)(2) and this Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 over the Sale Motion and each of the transactions contemplated by the Sale Documents (collectively, the "Sale"). Venue of this proceeding and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

C.    The statutory predicates for the relief requested in the Sale Motion are sections 105(a), 363(b), (f), (m) and (n), and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. as amended (the "Bankruptcy Code"), Rules 2002(a)(2), 6004(a), (b), (c), (e), (f) and (h), 6006(a), (c) and (d), 9006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1(b) and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

---

[4] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014, All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

## Notice of the Sale and Cure Amounts

D.      Actual written notice of the Sale Hearing, the Sale Motion, the Sale and the assumption and assignment of the Transferred Contracts, and a reasonable opportunity to object or to be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested parties and entities, including, but not limited to; (i) the U.S. Trustee; (ii) counsel to the Committees and the FCRs; (iii) counsel to the administrative agents for the Debtors' prepetition lenders; (iv) counsel to the Debtors' postpetition lenders; (v) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; (vi) the Buyer and its counsel; (vii) all persons or entities known or reasonably believed to have asserted a Lien on any of the Acquired Assets; (viii) federal, state and local taxing authorities who have a reasonably known interest in the relief requested by this Motion, including the Internal Revenue Service; (ix) the U.S. Environmenal Protection Agency and the Pension Benefit Guaranty Corporation; (x) the counterparty to each of the Transferred Contracts; (xi) all persons or entities known or reasonably believed to have expressed an interest in acquiring assets of the Selling Debtor that are used in its membranes business unit (the "Membranes Business"); and (xii) the United States Attorneys for the Districts of Delaware, Colorado and Maryland.

E.      As evidenced by the affidavits of service and publication previously filed with the Court, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing, and the Sale, including, without limitation, the assumption and assignment of the Transferred Contracts, has been provided in accordance with sections 102(1), 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006 and 9014 of the Bankruptcy Rules, (ii) such notice was good and sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice

of the Sale Motion, the Sale Hearing or the Sale, including, without limitation, the assumption and assignment of the Transferred Contracts and the proposed cure amounts, is or shall be required.

F.    The Selling Debtor published notice of the Sale Motion, the Sale, and the time and place of the Sale Hearing in the National Edition of The Wall Street Journal and The Denver Post on _____ __, 2009.

G.    As part of the Sale Motion, the Selling Debtor has served notice of the Cure Amounts (as such term is defined below), if any, upon each non-debtor counterparty to the Transferred Contracts that the Selling Debtor seeks to assume and assign to the Buyer on the Closing Date.  The service of such notice was good, sufficient and appropriate under the circumstances and no further notice need be given in respect of establishing a Cure Amount for the respective Transferred Contracts.  Non-debtor counterparties to the Transferred Contracts have had an opportunity to object to the Cure Amount, if any, set forth in the notice.

H.    The disclosures made by the Selling Debtor concerning the Sale Documents, the Sale, and the Sale Hearing were good, complete and adequate.

**Good Faith of Buyer and Buyer Parent**

I.    Neither the Buyer nor the Buyer Parent is an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

J.    The Agreement and each of the other Sale Documents were negotiated, proposed and entered into by the Selling Debtor, on the one hand, and the Buyer and the Buyer Parent, on the other hand, without collusion, in good faith, and from arm's length bargaining

positions. Neither the Selling Debtor, the Buyer nor the Buyer Parent has engaged in any conduct that would cause or permit all or any part of the Sale or any obligation of the Selling Debtor under the Sale Documents to be avoided under section 363(n) of the Bankruptcy Code.

K.     The Buyer and the Buyer Parent are good faith buyers within the meaning of section 363(m) of the Bankruptcy Code and, as such, are entitled to all of the protections afforded thereby, and otherwise have proceeded in good faith in all respects in connection with this proceeding in that: (a) the Buyer and the Buyer Parent recognized that the Selling Debtor was free to deal with the other potential party interested in acquiring the Acquired Assets; (b) all payments to be made by the Buyer and the Buyer Parent and other agreements or arrangements entered into by the Buyer and the Buyer Parent in connection with the Sale have been disclosed; (c) neither the Buyer nor the Buyer Parent has violated section 363(n) of the Bankruptcy Code by any action or inaction; (d) no common identity of directors or controlling stockholders exists between the Buyer, the Buyer Parent, on the one hand, and the Selling Debtor, on the other hand; and (e) the negotiation and execution of the Agreement and other Sale Documents related thereto was at arm's-length and in good faith. The Buyer and the Buyer Parent will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Sale.

## Highest and Best Offer

L.     The Selling Debtor has thoroughly and effectively marketed the Membranes Business for sale in an appropriate manner that was designed to maximize the value received by the Selling Debtor for its Membranes Business.

M.     The consideration provided by the Buyer and the Buyer Parent pursuant to the terms of the Sale Documents: (i) is fair and reasonable, (ii) is the highest and otherwise best

offer for the Acquired Assets, and (iii) will provide a greater recovery for the Selling Debtor's estate than would be provided by any other available alternative.

N.     The Selling Debtor's determination that the Sale Documents constitute the highest and best offer for the Acquired Assets, including the Transferred Contracts, constitutes a valid and sound exercise of the Selling Debtor's business judgment pursuant to section 363(b) of the Bankruptcy Code.

O.     Approval of the Sale Motion and the Sale Documents and the consummation of the Sale contemplated thereby at this time are in the best interests of the Selling Debtor, its affiliates, their creditors, their estates and other parties in interest.

P.     The Selling Debtor has demonstrated compelling circumstances and a good, sufficient and sound business purpose and justification for the Sale prior to, and outside of, a plan of reorganization.

Q.     No consents or approvals, other than those expressly provided for in the Agreement, are required for the Selling Debtor to consummate such Sale.

## No Fraudulent Transfer

R.     The Purchase Price constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state territory, possession or the District of Columbia.

## Validity of Transfer

S.     The Sale has been duly and validly authorized by all necessary corporate action of the Selling Debtor, who has full corporate power and authority to execute and deliver

the Agreement and each of the other Sale Documents. Except as expressly set forth therein, no further consents or approvals are required for the Selling Debtor to consummate the Sale contemplated by the Sale Documents.

T.     On the date of closing of the Agreement (the "Closing Date"), the Selling Debtor's transfer of the Acquired Assets, including its assumption and assignment to the Buyer of the Transferred Contracts, will be a legal, valid and effective transfer that, except for the Transferred Liabilities and any Permitted Exceptions, will vest the Buyer with all of the Selling Debtor's rights, title, and interests free and clear of all Liens, claims, obligations, liabilities, demands, guaranties, options, rights, contractual or other commitments, restrictions, interests and matters of any kind and nature, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of these bankruptcy cases, and whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Interests"), including but not limited to those (i) arising under doctrines of successor liability, (ii) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal or termination of the Selling Debtor's or the Buyer's interest in such assets or contracts, or any similar rights and/or (iii) that relate to taxes arising under or out of, in connection with, or in any way relating to the operation of the Membranes Business prior to the Closing Date (including, without limitation, any and all liens which may arise under any state and federal law statute by reason of the Debtors' failure to comply with any other applicable statute relating to bulk or bulk sales law).

U.     The Buyer and the Buyer Parent would not have entered into the Agreement and would not consummate the Sale contemplated thereby, thus adversely affecting the Debtors, their estates, and their creditors, if the transfer of the Acquired Assets were not,

except for the Transferred Liabilities and any Permitted Exceptions, free and clear of all Interests

of any kind or nature whatsoever, or if the Buyer or the Buyer Parent would, or in the future

could, be liable for any of the Interests.

## Section 363(f) is Satisfied

V.    The Selling Debtor may sell the Acquired Assets free and clear of all

Interests (other than Permitted Exceptions and Transferred Liabilities) because, in each case, one

or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been

satisfied.  Those nondebtor parties with Interests in the Acquired Assets who did not object, or

who withdrew their objections, to the Agreement, the Sale or the Sale Motion are deemed to have

consented pursuant to sections 363(f)(2) and 365 of the Bankruptcy Code.  Those nondebtor

parties with Interests in the Acquired Assets who did object fall within one or more of the other

subsections of sections 363(f) and 365 of the Bankruptcy Code and are not entitled to adequate

protection or are adequately protected by having their Interests, if any, attach to the cash

proceeds of the Sale ultimately attributable to the property against or in which they claim an

interest.

W.    Except as expressly set forth in the Agreement, the transfer of the

Acquired Assets to the Buyer shall in no way impose any liability or obligation upon the Buyer

or the Buyer Parent for Interests related to the Selling Debtor's operation of the Membranes

Business or use of the Acquired Assets.  Neither the Buyer nor the Buyer Parent shall be deemed,

as a result of any action taken in connection with the purchase of the Acquired Assets or the

assignment of the Transferred Contracts, to: (i) be a successor (or other such similarly situated

party) to any of the Debtors (other than with respect to the Transferred Liabilities and any

obligations arising under the Transferred Contracts from and after the Closing Date as expressly

stated in the Agreement); or (ii) have, *de facto* or otherwise, merged with or into any of the Debtors. Neither the Buyer nor the Buyer Parent is acquiring or assuming any liability, warranty or other obligation of the Debtors, except as expressly set forth in the Agreement with respect to the Transferred Liabilities.

   X. Except for the Transferred Liabilities, the transfer of the Acquired Assets to the Buyer, including the Selling Debtor's assumption and assignment to the Buyer of the Transferred Contracts will not subject the Buyer or the Buyer Parent to any liability whatsoever with respect to the operation of the Membranes Business prior to the Closing Date or by reason of such transfer under the laws of the United States, any state, territory or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity, including, without limitation, any theory of antitrust, successor or transferee liability.

### Assumption and Assignment of the Transferred Contracts

   Y. The Selling Debtor has demonstrated that it is an exercise of its sound business judgment to assume and assign the Transferred Contracts in connection with the consummation of the Sale, and the Selling Debtor's assumption and assignment to the Buyer of the Transferred Contracts is in the best interests of the Selling Debtor, its affiliates, their estates and their creditors, The Transferred Contracts being assigned to the Buyer are an integral part of the Membranes Business purchased by the Buyer and, accordingly, the assumption and assignment of the Transferred Contracts is reasonable, enhances the value of the Selling Debtor's estate and does not constitute unfair discrimination.

   Z. Pursuant to and in accordance with the Agreement, the Selling Debtor and/or the Buyer have (i) cured any default existing prior to the date hereof under each of the

Transferred Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code; (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Transferred Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code; and (iii) provided adequate assurance of its future performance of and under the Transferred Contracts, within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

### Compelling Circumstances for an Immediate Sale

AA.    To maximize the value of the assets of the Membranes Business and preserve the viability of the Membranes Businesses as a going concern, it is essential that the Sale occur within the time constraints set forth in the Agreement. Time is of the essence in consummating the Sale.

### Other

BB.    The Sale does not constitute a de facto plan of reorganization or liquidation or an element of such a plan for any of the Debtors, as it does not and does not propose to: (i) impair or restructure existing debt of, or equity interests in, the Debtors; (ii) impair or circumvent voting rights with respect to any future plan proposed by the Debtors; (iii) circumvent chapter 11 plan safeguards, such as those set forth in sections 1125 and 1129 of the Bankruptcy Code; or (iv) classify claims or equity interests, compromise controversies or extend debt maturities.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

### General Provisions

1.      The relief requested in the Sale Motion is granted and approved, and the Sale contemplated thereby is approved as set forth in this Sale Order.

2.      All objections to the entry of this Sale Order or the relief provided herein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby denied and overruled on the merits, or the interests of such objections have been otherwise satisfied or adequately provided for.

### Approval of the Sale Documents

3.      The Sale Documents, and all of the terms and conditions thereof, are hereby approved; provided, however, that the fee specified in Section 13.02(a) of the Agreement shall not be paid pending a further determination by the Court that the amount of such fee bears a reasonable relationship to the costs and expenses of the Buyer.

4.      Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Selling Debtor is authorized and directed to consummate the Sale in accordance with the terms and conditions of the Sale Documents.

5.      The Selling Debtor is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement the Sale Documents, including all instruments and documents that may be reasonably necessary or desirable to implement the Sale as contemplated by the Agreement, and to take all further actions as may be reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer or reducing to possession, the Acquired Assets, including the Transferred Contracts, or as may be necessary or appropriate to the performance of the obligations as contemplated by the

Agreement.  Any amounts that become payable by the Selling Debtor pursuant to the Sale Documents shall (a) constitute administrative expenses of the Selling Debtor's estates; (b) be paid by the Selling Debtor without further order of this Court and in the time and manner provided for in the Sale Documents; and (c) not be discharged, modified, or otherwise affected by any plan of reorganization or liquidation for the Debtors.

6.       The terms and provisions of this Sale Order shall be binding in all respects upon the Selling Debtor, its affiliates, their estates, all known or unknown creditors of, and all known or unknown holders of equity interests in, the Selling Debtor or Debtors, any holders of Interests against, in or on all or any portion of the Acquired Assets, all non-Debtor parties to the Transferred Contracts, the Buyer and all successors and assigns of the Buyer, the Buyer Parent and all successors and assigns of the Buyer Parent, and any trustees, if any, subsequently appointed in any of the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code of any of the Debtors' cases.  This Sale Order and the Sale Documents shall inure to the benefit of the Selling Debtor, its affiliates, their estates, their creditors, the Buyer, the Buyer Parent, all interested parties and their respective successors and assigns.  The Sale Documents shall not be subject to rejection.

## Transfer of the Acquired Assets

7.       Pursuant to sections 105(a), 363(f) and 365 of the Bankruptcy Code, the Selling Debtor is authorized to transfer the Acquired Assets on the Closing Date (the "Closing"). Such assets shall be transferred to the Buyer and shall constitute a legal, valid, binding and effective transfer of such assets of the Membranes Business and, upon the Selling Debtor's receipt of the Purchase Price, shall be, free and clear of all Interests (other than Permitted Exceptions and Transferred Liabilities), with all such Interests of any kind or nature whatsoever

to attach to the net proceeds of the Sale ultimately attributable to the property against or in which such Interests are held with the same validity, priority, force and effect that they now have, subject to any claims and defenses the Selling Debtor may possess with respect thereto.

8.     Except as expressly permitted or otherwise specifically provided by the Agreement or this Sale Order, all persons and entities holding Interests in the Acquired Assets (other than Permitted Exceptions and Transferred Liabilities), arising under or out of, in connection with, or in any way relating to, the Selling Debtor, the assets of the Membranes Business, the Transferred Contracts, the operation of the Membranes Business prior to the Closing Date, or the transfer of the Membranes Business or the Transferred Contracts to the Buyer, hereby are forever barred, estopped and permanently enjoined from asserting against the Buyer, the Buyer Parent, their respective successors or assigns, property or assets, such persons' or entities' Interests. On the Closing Date, each creditor is authorized to execute such documents and take all other actions as may be necessary to release Interests (other than Permitted Exceptions and Transferred Liabilities) on the Acquired Assets, if any, as provided for herein.

9.     The transfer of the Acquired Assets, including the Transferred Contracts, to the Buyer pursuant to the Agreement constitute a legal, valid and effective transfer of such assets and contracts, and shall vest the Buyer with all right, title and interest of the Selling Debtor in and to such assets and contracts free and clear of all Interests of any kind or nature whatsoever.

<u>**Assumption by Selling Debtor and Assignment to the Buyer of the
Transferred Contracts**</u>

10.     Pursuant to sections 105(a) and 365 of the Bankruptcy Code, and subject to and conditioned upon the Closing, the Selling Debtor's assumption and assignment to the

Buyer of the Transferred Contracts, is hereby approved, and the requirements of section 365(b)(1) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

11.     The Selling Debtor is hereby authorized and directed in accordance with sections 105(a) and 365 of the Bankruptcy Code to (a) assume and assign to the Buyer, effective upon the Closing, the Transferred Contracts free and clear of all Interests of any kind or nature whatsoever, and (b) execute and deliver to the Buyer such documents or other instruments as may be necessary to assign and transfer the Transferred Contracts to the Buyer.

12.     The Transferred Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Buyer in accordance with their respective terms, notwithstanding any provision in any such Transferred Contract that prohibits, restricts or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Selling Debtor shall be relieved from any further liability with respect to the Transferred Contracts after such assignment to and assumption by the Buyer.

13.     The Selling Debtor may assume and assign each of the Transferred Contracts in accordance with, sections 363 and 365 of the Bankruptcy Code and any provisions in any of the Transferred Contracts that prohibits, restricts or conditions the assignment of such Transferred Contract, or allow the party to such Transferred Contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assumption or assignment of such Transferred Contract constitute unenforceable anti-assignment provisions which are void and of no force and effect.

14.     All other requirements and conditions under section 363 and 365 of the Bankruptcy Code for the assumption and assignment to the Buyer of each of the Transferred

Contracts have been satisfied.  Upon Closing, in accordance with sections 363 and 365, the Buyer shall be fully and irrevocably vested in all right, title and interest of each of the Transferred Contracts.

15.    As of the Closing Date, each of the Transferred Contracts will be in full force and effect and not subject to termination or cancellation by the non-Debtor party thereto based upon any act, omission or failure that may have occurred or arisen prior to the Closing.

16.    All defaults or other obligations of the Selling Debtor under any Transferred Contract arising or accruing prior to the date of this Sale Order (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured by the Selling Debtor upon payment by the Selling Debtor and the Buyer, in accordance with Section 8.09 of the Agreement, at the Closing of the Sale or as soon thereafter as practicable of the cure amount set forth on Exhibit B hereto with respect to those Transferred Contracts set forth on Exhibit B (the "Cure Amounts").  After the payment of the relevant Cure Amounts, neither the Selling Debtor nor the Buyer shall have any further liabilities to the non-Debtor parties to the Transferred Contracts other than the Buyer's obligations under the Transferred Contracts that become due and payable on or after the Closing Date.  There shall be no rent accelerations, assignment fees, increases (including advertising rates) or any other fees charged to Buyer or the Selling Debtor as a result of the assumption and assignment of the Transferred Contracts.

17.    Except for the obligation of the Selling Debtor and/or Buyer to pay the Cure Amounts, each nondebtor party to a Transferred Contract hereby is forever barred, estopped and permanently enjoined from asserting against the Selling Debtor or the Buyer, or the property

of any of them, any default existing as of the date of the Sale Hearing; or, against the Buyer, any counterclaim, defense, setoff or any other claim asserted or assertable against the Selling Debtor. Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, all parties to the Transferred Contracts are forever barred and permanently enjoined from raising or asserting against the Selling Debtor or the Buyer any assignment fee, default, breach or claim or pecuniary loss or condition to assignment, arising under or related to the Transferred Contracts existing as of the Closing Date or arising by reason of the Closing.

### Additional Sale Provisions

18.     On the Closing Date of the Sale, each of the Selling Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release its Interests, if any, in the Acquired Assets, including the Transferred Contracts, as such Interests may have been recorded or may otherwise exist.

19.     This Sale Order (a) shall, be effective as a determination that, on the Closing Date, all Interests of any kind or nature whatsoever existing with respect to the Selling Debtor, the Acquired Assets or the Transferred Contracts prior to the Closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (b) shall he binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all other persons and entities who may he required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or

who may be required to report or insure any title or state of title in or to any of such assets or contracts.

20.    No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the transactions authorized herein.

21.    Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

22.    If any person or entity, that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Liens with respect to the Selling Debtor, the Acquired Assets or the Transferred Contracts shall not have delivered to the Selling Debtor and the Buyer prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens which the person or entity has with respect to the Selling Debtor, the Acquired Assets, the Transferred Contracts, or otherwise, then (a) the Selling Debtor is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such assets and contracts, and (b) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens in the Acquired Assets and Transferred Contracts of any kind or nature whatsoever.

23.    All entities who are presently, or on the Closing Date may be, in possession of some or all of the Acquired Assets are hereby directed to surrender possession of the Acquired Assets to the Buyer on the Closing Date.

24.    Except for the Transferred Liabilities, the Buyer and the Buyer Parent shall have no liability or responsibility for any liability or other obligation of the Selling Debtor arising under or related to the Membranes Business or the Transferred Contracts. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein and in the Agreement, the Buyer shall not be liable for any claims against the Selling Debtor or any of its predecessors or affiliates, and the Buyer and the Buyer Parent shall have no successor or vicarious liabilities of any kind or character whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Selling Debtor or any obligations of the Selling Debtor arising prior to the Closing Date, including, but not limited to, (1) liabilities on account of any taxes arising, accruing or payable under, out of, in connection with or in any way relating to the operation of the Business prior to the Closing Date and (2) liabilities based on any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger or substantial continuity.

25.    Under no circumstances shall the Buyer or the Buyer Parent be deemed a successor of or to the Debtors for any Interest against or in the Selling Debtor or the Membranes Business or Transferred Contracts of any kind or nature whatsoever. Except for the Transferred Liabilities, the sale, transfer, assignment and delivery of the Acquired Assets, including the Transferred Contracts, shall not be subject to any Interests, and Interests of any kind or nature whatsoever shall remain with, and continue to be obligations of, the Selling Debtor. Except for persons holding Transferred Liabilities, all persons holding Interests against or in the Selling Debtor or the Acquired Assets or Transferred Contracts of any kind or nature whatsoever (including, but not limited to, the Selling Debtor and/or its successors (including any trustee)), creditors, employees, unions, former employees and shareholders, administrative agencies,

governmental units, secretaries of state, federal, state and local officials, including those maintaining any authority relating to any environmental, health and safety laws, and the successors and assigns of each of the foregoing) shall be, and hereby are, forever barred, estopped and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Interests of any kind or nature whatsoever against the Buyer, the Buyer Parent, their property, their successors and assigns or the Acquired Assets or Transferred Contracts, as an alleged successor or otherwise, with respect to any Interest of any kind or nature whatsoever such person or entity had, has or may have against or in the Selling Debtor, its estate, officers, directors, shareholders or the Acquired Assets or Transferred Contracts. Following the Closing Date, no holder of an Interest in the Selling Debtor shall interfere with the Buyer's title to or use and enjoyment of the Membranes Business or the Transferred Contracts based on or related to such Interest, or any actions that the Selling Debtor may take in its chapter 11 case.

## Additional Provisions

26.      This Court retains exclusive jurisdiction over any matter or dispute arising from or relating to the implementation of this Sale Order as well as to enforce and implement the terms and provisions of the Sale Documents, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Acquired Assets to the Buyer, (b) resolve any disputes arising under or related to the Sale Documents, except as otherwise provided therein, (c) interpret, implement, and enforce the provisions of this Sale Order and (d) protect the Buyer and the Buyer Parent against any Interest in the Selling Debtor, the Acquired Assets or the Transferred Contracts, of any kind or nature whatsoever, attaching to the proceeds of the Sale.

27. Nothing contained in any plan confirmed in these cases or any order of this court confirming such plan shall conflict with or deviate from the provisions of the Agreement or the terms of this Sale Order.

28. The transactions contemplated by the Agreement are undertaken by the Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale as to the Buyer and the Buyer Parent, except to the extent such authorization is duly stayed pending such appeal prior to such consummation. The Buyer and the Buyer Parent are buyers in good faith of the Acquired Assets, including the Transferred Contracts, and are entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

29. The consideration provided by the Buyer and the Buyer Parent for the assets of the Membranes Business under the Agreement (a) constitutes, and shall be deemed to constitute, reasonably equivalent value and fair consideration, and (b) is fair and reasonable and may not be avoided under section 363(n) or any other provision of the Bankruptcy Code, or otherwise.

30. The terms and provisions of the Sale Documents and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Selling Debtor, its affiliates, their estates and their creditors, the Buyer, the Buyer Parent and their affiliates, successors and assigns, and shall be binding in all respects upon any affected third parties including, but not limited to, all persons asserting Interests in such assets and contracts to be sold or assigned to the Buyer pursuant to the Sale Documents, notwithstanding any subsequent appointment of any

trustee(s) or similar party under any chapter of the Bankruptcy Code, as to which trustee(s) or similar party such terms and provisions likewise shall be binding.

31.    The failure specifically to include any particular provision of a Sale Document in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement and each of the Sale Documents he authorized and approved in their entirety. Likewise, all of the provisions of this Sale Order are nonseverable and mutually dependent.

32.    The Agreement and any other Sale Document may be modified, amended or supplemented by the parties thereto, in a writing signed by all parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates. In the event that a motion is filed to add additional contracts (the "Additional Contracts") to the list of Transferred Contracts pursuant to Section 8.09 of the Agreement, upon entry of an order approving the assumption and assignment of the Additional Contracts and payment of the related cure amounts by the Seller and/or Buyer in accordance with Section 8.09 of the Agreement, such Additional Contracts shall be considered Transferred Contracts for all purposes under this Order.

33.    Notwithstanding Bankruptcy Rules 7062, 9014, 6004(h) and 6006(d), this Sale Order shall not be stayed for 10 days after the entry of the Sale Order and shall be effective and enforceable immediately upon entry.

34.    Nothing in this Order or the Agreement releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under any environmental statutes or regulations that any entity would be subject to as the owner or operator of property after the date

of entry of this Order. Notwithstanding the foregoing sentence, nothing in this Order shall be interpreted to deem Buyer as the successor to the Debtors under any state or federal successor liability doctrine. Any action by a governmental unit to enforce a liability of the kind described in the first sentence of this paragraph may be asserted in any forum outside the Bankruptcy Court which has jurisdiction under applicable nonbankruptcy law. Nothing in this Order or the Asset Purchase Agreement authorizes the transfer or assignment to Buyer of any license, permit, registration, authorization, or approval of or with respect to a governmental unit without Buyer's complying with all applicable legal requirements under nonbankruptcy law governing such transfers or assignments.

Dated:_____, 2009

                                        _____
                                        Judith K. Fitzgerald
                                        United States Bankruptcy Judge