THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### AFFIDAVIT OF JEREMY F. ROHEN IN SUPPORT OF THE DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE SALE OF THE MEMBRANES BUSINESS

1. I, Jeremy F. Rohen, am a Managing Director of Seale & Associates, Inc. ("Seale"), a private financial advisory and investment banking firm that maintains offices at 4301 N. Fairfax Drive, Arlington, Virginia 22203. Seale is providing merger and acquisition and financial advisory services to the above-captioned debtors (the "Debtors") in connection with the sale of the Membranes Business. I am the senior member of the Seale team providing these services to the Debtors.

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

2. I submit this Affidavit in support of the Debtors' motion (the "Motion") for an order authorizing the sale of the Membranes Business to the Buyer. Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

3. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

### Seale's Qualifications

4. I have considerable merger and acquisition advisory experience. Clients for whom I have provided advisory services include: American Standard Companies, Inc., Amkor Technology, Inc., Celanese Corporation, KBR, Inc., Lockheed Martin Corporation, and WGL Holdings, Inc., among others.

5. I graduated from The George Washington University School of Business, earning both a B.B.A. – Finance and a Masters of Taxation.

6. Prior to joining Seale in 2000, I worked as a consultant with PricewaterhouseCoopers LLP. Prior to joining PricewaterhouseCoopers LLP, I worked as a financial analyst for the U.S. Surface Transportation Board, the federal agency responsible for the economic regulation of interstate transportation, primarily railroads, including mergers, acquisitions, competitive practices, and safety.

### Seale's Role in the Sale Process

7. Seale is a global advisory firm known for advising clients in the acquisition and divestiture of assets. In this role for the Debtors, Seale (A) performed an in-depth business evaluation, (B) identified and contacted pre-qualified potential acquirers, (C) prepared the information memorandum and other sale-related documents; (D) coordinated the sale process and due diligence; and (E) assisted with the negotiation of the final agreements.

8. In the spring of 2009, the Debtors' management engaged Seale to assist it in evaluating strategic options for the Membranes Business. The Membranes Business, a unit of Grace Davison, is a developer and producer of cellulose acetate polymer, spiral-wound membrane modules used to separate carbon dioxide ($CO_2$) and hydrogen sulfide ($H_2S$) from natural gas streams.

9. In April/May 2009, Seale and the Selling Debtor's management identified potential buyers (both financial and strategic) and prepared a detailed information memorandum. Seale contacted approximately one hundred fifteen potential strategic acquirers and seventy potential financial buyers with a demonstrated interest in opportunities with similar characteristics. These groups were provided a brief confidential overview of the Membranes Business. Thirty-two potential acquirers executed confidentiality agreements and received the detailed information memorandum. Of the thirty-two potential buyers, twelve submitted first-round indications of interest, and four potential buyers were chosen for the next round to receive management presentations and facility tours.

10. In my professional judgment, the parties contacted during the marketing process represent an exhaustive international list of potential buyers with an interest in an opportunity such as the Membranes Business. I believe the marketing process was thorough, and adequately assessed the market's level of interest in the Membranes Business.

11. The process demonstrated that a relatively small number of parties were interested in the Membranes Business at significant values meaningful to the estate, and that the Buyer, because of its operation of a similar business, was in a superior position to evaluate the business, offer an attractive price, and move quickly to negotiate a definitive agreement. Certain themes became apparent during the marketing process. First, many buyers were not interested in the small and unique market served by the Membranes Business. Second, buyers were concerned

about the customer concentration and unpredictable cash flows of the business. Third, even though many potential acquirers had significant experience in the general industry they were reluctant to place significant value on the Membranes Business.

*[Signature page follows]*

The information contained in this Affidavit is true and correct to the best of my knowledge and belief.

*Jeremy F. Rohen*

Subscribed and sworn to before me
this 20th day of July, 2009

ELMIRA AIRAPETOVA
Notary Public
Commonwealth of Virginia
319699
My Commission Expires Sep 30, 2010

5