# EXHIBIT A

*Execution Copy*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors | ) | |
| | ) | |

**STIPULATION AND ORDER WITH RESPECT TO LIABILITY INSURANCE
POLICIES ISSUED BY GENERAL INSURANCE COMPANY OF AMERICA
AND SETTLEMENT AGREEMENT BETWEEN W. R GRACE & CO. AND
GENERAL INSURANCE COMPANY OF AMERICA**

The undersigned parties to the above-captioned bankruptcy case, having met and

conferred, hereby stipulate and agree as follows:

1.      The "Settlement Agreement and Policy Release" between W. R. Grace &

Co.-Conn ("Grace") and General Insurance Company of America ("General") dated

March 3, 1994 ("the 1994 Agreement") will be listed as an Asbestos Insurance

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace-International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Settlement Agreement[2] on Exhibit 5 to the First Amended Joint Plan of Reorganization, as the same may be modified from time to time (the "Plan"), without qualification. For the avoidance of doubt, the phrase that, as of the date of this Stipulation, appears on Exhibit 5 in connection with the 1994 Agreement – "Only the 'Products' coverage portion of the following policies:" – will be deleted, and the parties agree that General is a Settled Asbestos Insurance Company entitled to protection of the Asbestos PI Channeling Injunction under the Plan.

2.    The Asbestos Insurance Transfer Agreement – Exhibit 6 to the Plan – will be amended to provide that the Insurance Contributors' rights under the 1994 Agreement will not be transferred to the Asbestos PI Trust. To effect this change, the 1994 Agreement will be removed from Schedule 2 appended to Exhibit 6.

3.    The Asbestos Insurance Transfer Agreement will be amended to provide that the Insurance Contributors' rights, if any, under the liability insurance policies that are the subject of the 1994 Agreement will not be transferred to the Asbestos PI Trust. To effect this change, the liability insurance policies that are the subject of the 1994 Agreement will be removed from Schedule 1 appended to Exhibit 6.

4.    Upon (a) the modification of Exhibit 5 as called for in paragraph 1 above, (b) the amendment of the Asbestos Insurance Transfer Agreement as called for in paragraphs 2 and 3 above, and (c) the Bankruptcy Court having approved this Stipulation and Order, General shall (i) withdraw all of its objections to the Plan or Plan Documents (as defined in the Plan), to confirmation of the Plan, and to the Debtors' or Plan Proponents' motions or applications in the bankruptcy case (including any appeals of

---

[2] Terms shown in initial capital letters have the meaning of those terms as defined in the Plan, unless otherwise defined herein.

decisions in the bankruptcy case); and (ii) be deemed to have released and waived all claims of any nature whatsoever arising under or based upon the 1994 Agreement or any insurance policy subject thereto, except for an Indemnity Claim. For purposes of this Stipulation and Order, the term "Indemnity Claim" shall mean any claim by General against Grace under Section 8 of the 1994 Agreement on account of or with respect to an Asbestos PI Claim.

5.    General retains all of the benefits for and protections available to an Asbestos Insurance Entity under the Insurance Neutrality provision (Section 7.15 or any re-numbering thereof) of the Plan.

6.    The 1994 Agreement released General from any obligation for insurance coverage (for either defense or indemnity) for asbestos claims of any type (whether "products" or "non-products") under the policies that were the subject of the 1994 Agreement.

7.    Consistent with the terms of the 1994 Agreement, neither Grace nor the Asbestos PI Trust will assert any claim against General for insurance coverage (for either defense or indemnity) for asbestos claims of any type (whether "products" or "non-products") under the policies that were the subject of the 1994 Agreement.

8.    General agrees that all Indemnity Claims shall be classified and treated in the Plan as Indirect PI Trust Claims, and any such Indirect PI Trust Claim entitled to payment under the Asbestos PI TDP shall be paid by the Asbestos PI Trust in accordance with the terms of the Asbestos PI TDP (including the Payment Percentage provisions in Section IV thereof).

9.    Effective upon the order issuing the Asbestos PI Channeling Injunction as to General becoming a Final Order, General shall automatically and without further

action be deemed to have released and waived all Indemnity Claims as to Grace and the

Asbestos PI Trust, and shall not assert any such claim against any of the Debtors, the

Reorganized Debtors or the Asbestos PI Trust.

IT IS SO STIPULATED.

Dated: July 17, 2009

Robert B. Millner, Esquire
Christopher E. Prince, Esquire
Sonnenschein Nath & Rosenthal LLP
233 S. Wacker Drive, Suite 7800
Chicago, IL 60606

Frederick B. Rosner, Esquire
Messana Rosner & Stern LLP
10000 N. West Street, Suite 1200
Wilmington, DE 19801

*Counsel for General Insurance
Company of America*

- 4 -

IT IS SO STIPULATED.

Dated: July 20, 2009

_Lisa D. Esayian_

David M Bernick, Esquire
Lisa Esayian, Esquire
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Janet S. Baer, Esquire
The Law Offices of Janet S. Baer P.C.
70 W. Madison St., Suite 2100
Chicago, IL 60602

Laura Davis Jones, Esquire
Jamie O'Neill, Esq.
Pachulski, Stang, Ziehl, Young Jones
& Weintraub
919 North Market Street, 16th Floor
Wilmington, DE 19899-8705

*Counsel for the Debtors*
*W. R. Grace & Co., et al.*

IT IS SO STIPULATED.

Dated: July 23, 2009

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152

Peter Van N. Lockwood, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle NW, Suite 1100
Washington, DC 20005

Robert Horkovich, Esquire
Robert Chung, Esquire
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182

Marla Eskin, Esquire
Mark Hurford, Esquire
Campbell & Levine, LLC
800 N. King Street, #300
Wilmington, DE  19801-3549

*Counsel for the Official Committee of
Asbestos Personal Injury Claimants*

IT IS SO STIPULATED.

Dated: July _, 2009

_____
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Jonathan Guy, Esquire
Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street NW
Washington, DC 20005-1706

John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

*Counsel for David T. Austern,
Asbestos PI Future Claimants'
Representative*

SO ORDERED:

_____
United States Bankruptcy Judge

Dated: _____