IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et. al.[1] | ) | Case No. 01-01 139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors | ) | |

**DEBTORS' STATUS REPORT WITH RESPECT TO THE LENDERS' ENTITLEMENT TO DEFAULT INTEREST**

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/Ma Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (fMa Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace 11, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (fMa Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (fMa Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (fMa Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B I1 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G I1 Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (Wa Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal 11, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (fMa GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (fMa Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (Wa British Nursing Association, Inc.), Remedium Group, Inc. (Wa Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (flk/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## **THE IMPAIRMENT ISSUE**

During and subsequent to the Phase I Confirmation Hearing on June 22, 2009, the Bank Lender Group (the "Lenders") and Official Committee of Unsecured Creditors (the "Committee") raised new issues that they had not previously briefed with respect to whether the Lenders are impaired by the First Amended Joint Plan of Reorganization (the "Plan") as a result of the rate of interest the Plan pays the Lenders on their pre-petition claims.

In particular, after extensive briefing prior to the Phase I hearing the Lenders and Committee argued for the first time on June 22 that the Lenders are entitled to default interest by virtue of an *ipso facto* clause in the Credit Agreements that treats the filing of bankruptcy as a default, triggering default interest, and that they are impaired because the Plan does not award interest at this rate.[2]

The Court requested that there be additional briefing on this issue. In response the Lenders and the Committee filed two additional briefs, a Pre-Trial Brief on July 13, 2009 and a Supplemental Brief On Class Nine Impairment on July 17, 2009. In those briefs the Lenders and Committee raised yet another new issue, namely that the Lenders are impaired because their loans matured during the pendency of this case as a consequence of which Grace must pay the Lenders interest at the default rate in order to leave them unimpaired.[3]

---

[2] See Dkt. No. 19210 (Transcript of Proceedings Before The Honorable Judith K. Fitzgerald United States Bankruptcy Court Judge) 75:15-76:1 (June 23, 2008)).

[3] Joint Supplemental Pre-Trial Memorandum Of The Official Committee Of Unsecured Creditors And Bank Lender Group With Respect To The Issue Of Class 9 Impairment And In Opposition To Confirmation Of First Amended Plan Of Reorganization Under Chapter 11 Of The Bankruptcy Code at ¶¶ 3, 18, 48-49 [Dkt. No. 22441]; Joint Supplemental Brief Of The Official Committee Of Unsecured Creditors And Bank Lender Group With Respect To The Issue Of Class 9 Impairment And In Opposition To Confirmation Of First Amended Joint Plan Of Reorganization under Chapter 11 Of The Bankruptcy Code at ¶¶ 4, 10, 18-26 [Dkt. 22498].

The Plan Proponents addressed these issues in a Supplemental Brief on Lender Impairment, filed on July 17, 2009 at the direction of the Court[4] and will further address these issues in their Phase II Trial Brief that will be filed on August 7, 2009.

Debtors continue to believe that the impairment issue is a critical threshold issue. In view of the substantial additional briefing by the Lenders and Committee and the Plan Proponents' response, an additional hearing on these issues is warranted. Debtors respectfully request that the Court schedule that hearing after the Plan Proponents file their Phase II Pre-Trial Brief on August 7, 2009 and before the Phase II Confirmation Hearing begins on September 8, 2009.

## MATTERS RELATED TO THE PHASE II HEARING

Contemporaneous with this status report, the Debtors are filing a response to the Official Committee Of Unsecured Creditors And Bank Lender Group's Joint Information Request Concerning Section 1129 Solvency Issues ("Joint Information Request."). In this response, Debtors:

- respond and object to the specific discovery demands set forth in the Joint Information Request;
- offer their own counter-statement on the proof of solvency to be introduced at the Phase II confirmation hearings; and
- respond to the Committee's and the Lenders' attempt to call Robert Frezza as "an expert witness" to testify as to Debtors' solvency at the upcoming Phase II hearings.

---

[4] See Plan Proponents Supplemental Brief In Support Of The Plan's Designation Of The Bank Lender Group As Not Impaired [Dkt. No. 22510].

Most significantly, Debtors object to the belated attempt to call Robert Frezza as "an expert witness." It has been almost a year since the Committee and the Lenders had their expert, Edwin N. Ordway, Jr., attempt to justify a finding of solvency based on various proxies, such as Debtors' market capitalization and the financial information contained in the Plan. Since that time, the Committee and the Lenders have never supplemented their expert case on solvency: they did not do in response to the Court's Case Management Orders; they did not do so at the hearings on June 22 and 23, 2009; and they did not so in response to the Court's July 10, 2009 deadline for the disclosure of any additional evidence concerning solvency that the Committee and the Lenders believed was necessary to present at confirmation. Indeed, as recently as June 22, 2009, counsel for the Committee stated that "we don't intend to call any additional witnesses with respect to solvency unless they are needed as the result of a response to information put on the record by others."

Then, on July 20, 2009, when the Committee and the Lenders filed their Joint Pre-Trial Submission, they disclosed, for the first time, that they intended to call Mr. Frezza as an expert witness with respect to the Debtors' solvency at the upcoming confirmation hearing. To make matters worse, in describing the anticipated scope of Mr. Frezza's expert testimony, the Committee and the Lenders purport to open the door to an whole new solvency analysis, notwithstanding the fact that Mr. Frezza has never submitted an expert report.

It is far too late in the day for the Committee and Lenders to switch experts and try to reopen the evidentiary record on solvency. The Committees' and the Lenders' disclosure of Mr. Frezza as an expert on solvency at this point in the proceedings is a transparent attempt at "trial by ambush." The Court should not countenance such tactics. Accordingly, as set forth in Debtors' Response to the Joint Information Request, Debtors respectfully request that the Court

bar the Committee and the Lenders from calling Mr. Frezza as an expert on solvency at the confirmation hearings

Dated: July 24, 2009
Wilmington, Delaware

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Eric F. Leon
Justin S. Brooks
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison Street
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162

and

*/s/ James E. O'Neill*

PACHULSKI, STANG, ZIEHL & JONES LLP
James E. O'Neill (Bar No. 4042)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
(Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Counsel for the Debtors and Debtors in Possession*

5