IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-1139 (JKF)<br>(Jointly Administered)<br>Hearing date: July 27, 2009, 10:30am |

## PLAN PROPONENTS' PHASE II PRE-TRIAL STATEMENT (AMENDED)

Pursuant to the Court's July 7, 2009 Order, the Proponents of the First Amended Joint Plan of Reorganization (the "Plan") submit this Pre-Trial Statement describing the factual and legal contentions that may be at issue in the Phase II confirmation hearing, as well as the witnesses the Plan Proponents expect to call at the hearing.[1]

### I. CONFIRMATION REQUIREMENTS

There are numerous confirmation requirements for which no legal or factual issues are in dispute and thus no evidence is required. Consequently, these issues are not addressed in this Pre-Trial Statement. In their August 7, 2009 Trial Brief, the Plan Proponents will outline these requirements and how these requirements are met to allow the Court to make the requisite findings of fact for confirmation of the Plan.

The contentions of the Plan Proponents addressed in this Pre-Trial Statement may be in dispute and/or may require evidence to be presented at the Phase II confirmation hearings in order for the Court to make the factual findings required. With respect to such contentions, certain objecting parties may either dispute the legal basis for the contention or the underlying factual predicate. These issues may have to be resolved by the Court in connection with Plan confirmation. The Plan Proponents have listed all potential disputed issues out of an abundance

---

[1] A list of the witnesses and a general description of the subject matter they may testify about if called at the Phase II Confirmation hearing is attached as Exhibit A.

of caution but do not agree that all are or should be disputed. And finally, many of these issues may be resolved among the parties by the time of the Phase II confirmation hearing.

    **A.**    **The Plan was proposed in good faith.**

<u>Witnesses</u>:

Richard Finke
David T. Austern
The Honorable Alexander M. Sanders, Jr.
Elihu Inselbuch
Mark A. Shelnitz

    **B.**    **The holders of claims or interests in each impaired class who have not voted to accept the Plan will receive a distribution under the Plan that is not less than they would receive in a Chapter 7 liquidation as of the effective date of the Plan.**

<u>Witnesses</u>:

Pamela Zilly
Mark A. Peterson, PhD.
Jeffrey M. Posner
Richard Finke
The Honorable Alexander M. Sanders, Jr.

    **C.**    **The Plan complies with section 1129(a)(8) of the Bankruptcy Code.**

        1.    Classes 6, 7B, 8 and 10 are impaired and have voted to accept the Plan.

        2.    Classes 1, 2, 3, 4, 5, 7A, 9 and 11 are not impaired.

<u>Witnesses</u>:

Voting Agent (by declaration, stipulation or live testimony)

    **D.**    **To the extent Class 9 is deemed to be impaired and has not voted to accept the Plan, the Plan is fair and equitable and not violative of the fair and equitable rule pursuant to section 1129(b). In addition, each member of such class who has not voted to accept the Plan will receive a distribution under the Plan that is not less than they would receive in a Chapter 7 liquidation as of the effective date of the Plan.**

See below, *supra*, section II.B and C below, for discussion regarding solvency issue.

Witnesses:

Pamela Zilly
Mark A. Peterson, PhD.
Jeffrey M. Posner
Richard Finke
The Honorable Alexander M. Sanders, Jr.
Robert Tarola
Edwin Ordway
Lewis Kruger

E. **The Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors or any successor to the Debtors under the Plan.**

Witnesses:

Jeffrey M. Posner
Pamela Zilly
Hudson La Force

F. **The Asbestos PI Trust and the Asbestos PD Trust shall be "Qualified Settlement Funds."**

Witnesses:

Todd Maynes (by declaration, stipulation or live testimony, if needed).

G. **The Plan complies with section 524(g), and specifically:**

1. **Classes 6, 7 and 8 have voted to accept the Plan by an excess of 75% of the claims voting.**

Witnesses:

Voting agent (by declaration, stipulation or live testimony)

2. **The Asbestos PI Trust and the Asbestos PD Trust will assume the Asbestos PI and Asbestos PD liabilities of the Debtors, and at the time of the entry of the Confirmation Order, the Debtors have been named as defendants in personal injury, wrongful death and/or property damages actions allegedly arising from the presence of, or exposure to asbestos or asbestos containing products.**

Witnesses:

Richard Finke

3

Jay W. Hughes, Jr.
Mark A. Peterson, PhD.

3. The Plan provisions funding the Trusts with a warrant and notes in the form of deferred payment agreements secured by the stock of Grace Co. satisfy section 524(g)(2)(B)(i)(II) and (III).

Witnesses:

Pamela Zilly
Hudson La Force

4. The Debtors are likely to be subject to substantial future demands for payment arising out of the same or similar conduct or events that gave rise to the claims that are addressed by the Asbestos PI Channeling Injunction and the Asbestos PD Channeling Injunction; and the actual amounts, numbers and timing of such future demands cannot be determined.

Witnesses:

Mark A. Peterson, PhD.
Denise Neumann Martin, PhD.

5. The pursuit of future demands that are to be channeled to the Asbestos PI Trust and the Asbestos PD Trust outside the procedures as prescribed by the Plan is likely to threaten the Plan's purpose to deal equitably with claims and future demands.

Witnesses:

David T. Austern
The Honorable Alexander M. Sanders, Jr.
Elihu Inselbuch

6. The Asbestos PI Trust and the Asbestos PD Trust will operate through mechanisms to provide reasonable assurance that each Trust will value and be in a financial position to pay present claims and future demands that involve similar claims in substantially the same manner.

Witnesses:

Elihu Inselbuch
David T. Austern
The Honorable Alexander M. Sanders, Jr.
Mark A. Peterson, PhD.

00001-001\DOCS_DE:150985.3

7. Each of the Asbestos Protected Parties qualifies for protection under the Asbestos PI Channeling Injunction and the Asbestos PD Channeling Injunction in accordance with the requirements of section 524(g)(4)(a)(ii).

Witnesses:

Jeffrey M. Posner
Mark A. Shelnitz
Richard Finke
Jay W. Hughes, Jr.

8. In light of the benefits to be provided by the Debtors and/or other Asbestos Protected Parties to the Asbestos PI Trust and the Asbestos PD Trust on behalf of various Asbestos Protected Parties, it is fair and equitable to provide the benefits of the Asbestos PI Channeling Injunction and the Asbestos PD Channeling Injunction to each of the Asbestos Protected Parties.

Witnesses:

David T. Austern
The Honorable Alexander M. Sanders, Jr.
Elihu Inselbuch

H. Sealed Air/Fresenius Affirmative Holdings -- The Plan Proponents have satisfied each of the requirements for entry of the confirmation order respecting matters involving Sealed Air and Fresenius set forth in sections 7.7 of the Plan.

Witnesses:

Richard Finke
Mark A. Shelnitz

I. <u>Canada</u> - The CCAA Representative counsel has authority to vote to accept the Plan on behalf of Class 8 and has done so.

Witness:

Derrick Tay

J. Sections 8.8 and 11.9 of the Plan providing for the release and exculpation of certain persons and entities is appropriate and consistent with applicable law.

Witnesses:

5

      Richard Finke
      Mark A. Shelnitz

K.   **Sections 7.13 and 8.5 of the Plan providing protections afforded to certain person and entities against claims relating to successor liability are appropriate and consistent with applicable law.**

    <u>Witnesses:</u>

    Richard                                              Finke
    Mark A. Shelnitz

L.   **Section 8.4 of the Plan providing for an injunction against the assertion of certain claims against the Asbestos Insurance Rights on and after the Effective Date is appropriate and consistent with applicable law.**

    <u>Witnesses:</u>

    Elihu                                                   Inselbuch
    David T. Austern

## II.   LENDER ISSUES

**The Lenders contend that the Plan's failure to provide for payment of a default rate of interest renders the Plan unconfirmable. However, as set out below, the Lenders are not impaired and even if they were, that would not be a bar to confirmation because the Plan satisfies the requirements of section 1129(b).**

A.   **The Lenders' allowed claim does not include default interest.**

    <u>Witnesses:</u>

    This is a legal issue which has already been decided by the Court
    in this case -- no testimony is required.

B.   **The Lenders are not impaired.**

    This is a legal issue which has already been briefed by the parties
    and for which testimony and arguments were presented in Phase I
    of the Confirmation proceedings -- the Plan Proponents do not
    believe further witnesses are required.

    <u>Witnesses:</u>

    None required.

00001-001\DOCS_DE:150985.3

      1.    Alternatively, the Debtors will demonstrate that the Lenders will not succeed in their attempt to demonstrate that the Debtors are solvent. (See C.1. below).

C.    **Even if the Lenders are impaired, the Plan can be confirmed over the non-acceptance of Class 9 pursuant to § 1129(b) of the Bankruptcy Code.**

      1.    **The Debtors will demonstrate that the Lenders will not succeed in their attempt to demonstrate that the Debtors are solvent.**

<u>Witnesses:</u>

Tom Florence, PhD.
Mark A. Peterson, PhD.
Pamela Zilly
Jeffrey M. Posner
Richard Finke
Robert Tarola
Edwin Ordway
Lewis Kruger

      2.    **The payments contemplated by the Plan are fair and equitable in accordance with § 1129(b).**

            a.    The treatment of the Lenders satisfies the absolute priority rule.

            b.    The post-petition interest paid to the Lenders under the Plan is more than they are entitled to considering the equities of the case.

<u>Witnesses:</u>

Mark A. Shelnitz
Mark A. Peterson, PhD.
Pamela Zilly
Jeffrey M. Posner
Richard Finke
Robert Tarola
Edwin Ordway
Lewis Kruger

III.    **MORGAN STANLEY**

    A.    **Morgan Stanley's claim is not impaired.**

<u>Witnesses:</u>

This is a legal issue which has already been briefed by the parties and for which arguments were presented in Phase I of the

7

Confirmation proceedings -- the Plan Proponents do not believe witnesses are required.

IV. **PLAN PROPONENTS' CONTENTIONS REGARDING THE LIBBY CLAIMANTS**

    A. **The Libby Claimants are properly classified in Class 6 and are not entitled to different treatment because of their geographic location, their prior settlement history, the nature and extent of their exposure to asbestos or the nature of the diseases of the individual claimants.**

        Witnesses:

        Laura Welch, MD
        Elihu Inselbuch
        Mark A. Peterson, PhD.
        Jay W. Hughes, Jr.
        Jeffrey M. Posner
        Samuel P. Hammar, MD
        William E. Longo, Ph.D.
        David Weill, MD
        John Parker, MD
        Suresh Moolgavkar, MD
        David T. Austern
        Pamela Zilly
        Thomas Florence, MD
        Dayton Prouty (by deposition)
        Craig Molgaard, MD

    B. **The treatment of the Libby Claimants pursuant to the Plan and the Trust Distribution procedures does not violate Bankruptcy Code sections 1123(a)(4), 524(g), or any other provision of the Bankruptcy Code or the U.S. Constitution.**

        Witnesses:

        Laura Welch, MD
        Elihu Inselbuch
        Mark A. Peterson, PhD.
        Jay W. Hughes, Jr.
        Jeffrey M. Posner
        Samuel P. Hammar, MD
        William E. Longo, Ph.D.
        David Weill, MD
        John Parker, MD
        Suresh Moolgavkar, MD
        David T. Austern

    Pamela Zilly
    Thomas Florence, MD
    Dayton Prouty (by deposition)
    Craig Molgaard, MD

C. **The Plan's treatment of Grace's insurance is consistent with and permissible under the Bankruptcy Code and does not violate the rights, if any, of the Libby Claimants.**

    Witnesses:

    Laura Welch, MD
    Elihu Inselbuch
    Mark A. Peterson, PhD.
    Jay W. Hughes, Jr.
    Jeffrey M. Posner
    Samuel P. Hammar, MD
    William E. Longo, PhD.
    David Weill, MD
    John Parker, MD
    Suresh Moolgavkar, MD
    David T. Austern
    Pamela Zilly
    Thomas Florence, MD
    Dayton Prouty (by deposition)
    Craig Molgaard, MD

D. **The Plan satisfies the best interest of creditors test as to the Libby Claimants.**

    Witnesses:

    Laura Welch, MD
    Elihu Inselbuch
    Mark A. Peterson, PhD.
    Jay W. Hughes, Jr.
    Jeffrey M. Posner
    Samuel P. Hammar, MD
    William E. Longo, Ph.D.
    David Weill, MD
    John Parker, MD
    Suresh Moolgavkar, MD
    David T. Austern
    Pamela Zilly
    Thomas Florence, MD
    Dayton Prouty (by deposition)
    Craig Molgaard, MD

V.  ANDERSON MEMORIAL

  A.  Anderson Memorial's claims are properly classified as Class 7A claims.

  B.  The Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors or any successor to the Debtors under the Plan and, in particular, the Plan is feasible as it concerns future property damage claims. (*See, infra at I.B. and I.E.* above, for full description of issues and witnesses).

  C.  The Plan is proposed in good faith and Anderson Memorial's assertions otherwise have no support in fact or law.

  Witnesses:

  Richard Finke
  The Honorable Alexander M. Sanders, Jr.

VI. SCOTTS

  A.  Any contribution or indemnification claims that Scotts may have in the future against Grace relating to the sale of products involving Grace vermiculite are properly channeled to the Asbestos PI Trust.

  B.  Any claims that Scotts may have in the future against Settled Asbestos Insurance Companies on account of liability in connection with the sale of Scotts' products that contained Grace vermiculite are properly channeled to the Asbestos PI Trust.

  C.  Any claims that Scotts may have in the future against Unsettled Asbestos Insurance Policies in connection with the sale of Scotts' products containing Grace vermiculite are properly enjoined by the Asbestos Insurance Entity Injunction.

  D.  Any future contribution or indemnification claims that the Settled Asbestos Insurance Companies may have against Grace, Sealed Air, or Fresenius on account of Grace's asbestos liability are properly channeled to the Asbestos PI Trust.

  Witnesses:

  Jay W. Hughes, Jr.
  Sargent Chamberlain
  John Kennedy
  Jeffrey M. Posner

VII. **OTHER INDIRECT CLAIMS**

    A.    Any future or present contribution or indemnification claims against Grace on account of Grace's asbestos liability are properly channeled to the Asbestos PI Trust.

    B.    Any future or present contribution or indemnification claims that any entities may have against a Settled Asbestos Insurance Company on account of Grace's liability for Asbestos PI Claims are properly channeled to the Asbestos PI Trust.

    C.    Any future or present indirect claims against Unsettled Asbestos Insurance Policies on account of Grace's liability for Asbestos PI Claims are properly enjoined by the Asbestos Insurance Entity Injunction.

    D.    Any future or present contribution or indemnification claims that the Settled Asbestos Insurance Companies may have against Grace, Sealed Air, or Fresenius on account of Grace's liability for Asbestos PI Claims are properly channeled to the Asbestos PI Trust.

Witnesses:

Jay W. Hughes, Jr.
Richard Finke
Jeffrey M. Posner

VIII. **INSURERS**

Settled Insurers

    A.    Settled Asbestos Insurance Companies are entitled to be protected under section 524(g) by the Asbestos PI Channeling Injunction.

Unsettled Insurers

    B.    The Plan's transfer of insurance rights under insurance policies and the Plan's treatment of Asbestos Insurance Reimbursement Agreements is proper and permissible under sections 1123(a)(5)(B), 524(g), 1123(b)(3)(B), and 541.

Asbestos Insurance Reimbursement Agreements

C. **Insurers with Asbestos Insurance Reimbursement Agreements are not prejudiced by the TDPs. The settlement criteria in the TDPs are based upon appropriate medical standards and ensure that adequate information is gathered about a claim prior to paying it. The practices required by the TDPs for paying claims are similar to Grace's historical practices. And, the TDPs limit the amount any claimant can recover from Grace in ways that do not exist in the tort system.**

Witnesses:

Issues A and B are legal issues and the Plan Proponents do not intend at this time to call any witnesses with respect to them. Issue C is also primarily a legal issue. To the extent factual evidence is necessary on this issue, the Plan Proponents' witnesses are as follows:

Jay W. Hughes, Jr.
Jeffrey M. Posner
Dr. Laura Welch, MD
Elihu Inselbuch
Mark A. Peterson, PhD.
William E. Longo, Ph.D.

IX. **RESERVATION OF RIGHTS**

The Plan Proponents reserve the right for any identified witness to testify about any subject relevant to the confirmation hearing and reserve the right to call any witness listed on other parties' witness lists. The Plan Proponents also reserve the right to use all pleadings submitted in this case and reserve the right to call a records custodian necessary to establish the authenticity or business records foundation of any exhibit the Plan Proponents seek to introduce into evidence, if such exhibit's admissibility is not stipulated. The Plan Proponents' witness list does not include witnesses who are wholly rebuttal or impeachment witnesses, and the Plan Proponents reserve the right to call witnesses for rebuttal or impeachment purposes. Finally, the Plan Proponents reserve the right to present evidence on issues not addressed in this Pre-Trial Statement if the issues become relevant to the Court or to Plan Confirmation.

Dated: July 20, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP

David M. Bernick, P.C.
Theodore Freedman
Citigroup Center
601 Lexington Ave.
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

Barbara M. Harding
Brian T. Stansbury
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5200

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162
Facsimile: (312) 641-2165

and

00001-001\DOCS_DE:150985.3

PACHULSKI, STANG, ZIEHL & JONES LLP

<u>/s/ Kathleen P. Makowski</u>
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
joneill@pszjlaw.com
kmakowski@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

CAPMPBELL & LEVINE, LLC

<u>/s/ Mark T. Hurford</u>
Mark T. Hurford (Bar No. 3299)
Marla R. Eskin (Bar No. 2989)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
mhurford@camlev.com

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of
Asbestos Personal Injury Claimants*

PHILIPS, GOLDMAN & SPENCE, P.A.

/s/ John C. Philips
John C. Philips (Bar No.110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pgslaw.com

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T Austern, Asbestos PI Future Claimants' Representative*

SAUL EWING LLP

/s/s Teresa K.D. Currier
Teresa K.D. Currier (Bar No. (3080)
222 Delaware Avenue, 12th Fllor
Wilmington, DE 19801
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
tcurrier@saul.com

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Howowitz
David Blabey
1177 Avenue Of The Americas
New York, NY 10036
Telephone: (212) 715-9100

15

*Counsel for the Official Committee of Equity Security Holders*