# **EXHIBIT B**

## The Denver Newspaper Agency
### DENVER, CO

### PUBLISHER'S AFFIDAVIT

**City and County of Denver,**
STATE OF COLORADO,   SS.

........ Jean Birch ........ being of lawful age and being first duly sworn upon oath, deposes and says:

That he/she is the **Legal Advertising Reviewer** of The Denver Newspaper Agency, publisher of the Denver Post, daily newspaper of general circulation published and printed in whole or in part in Denver, in the County of Denver and State of Colorado, and that said newspaper was prior to and during all the time hereinafter mentioned duly qualified for the publication of legal notices and advertisements within the Meaning of an Act of the General Assembly of the State of Colorado, approved April 7, 1921, as amended and approved March 30, 1923; and as amended and approved March 5, 1935, entitled "An Act Concerning Legal Notices, Advertisements and Publications and the fees of printers and publishers thereof, and to repeal all acts and parts of acts in conflict with the provision of this Act" and amendments thereto:

That the notice, of which the annexed is a true copy, was published in the said newspaper to wit: (dates of publication)

........ July 24, 2009 ........

........ /s/ Jean Birch ........
**Signature**

Subscribed and sworn to before me this ..... 24 ..... day
Of ... July ... A.D. 2009.
........ /s/ Cheryl L. Schmid ........
**Notary Public.**

My commission expires ..... September 9, 2009 .....



---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:   ) Chapter 11
W. R. GRACE & CO., et al.   ) Case No. 01-01139 (JKF)
Debtors.   ) (Jointly Administered)

### NOTICE OF SALE HEARING

PLEASE TAKE NOTICE that W. R. Grace & Co-Conn. (the "Company") owns and operates a business unit (the "Membranes Business") which develops, manufactures and sells polymer-based membranes, membrane modules and membrane systems, each for purification of natural gas or other hydrocarbons. These membranes are used in the separation systems of natural gas producers, including private and public companies and state-owned enterprises.

PLEASE TAKE FURTHER NOTICE that on July 15, 2009, the Company, one of the above-captioned debtors and debtors in possession, entered into a purchase and sale agreement (the "Agreement") with Buyer (the "Proposed Purchaser"), for approval of the Agreement filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on July 20, 2009 [Docket No. 22561] (the "Sale Motion"). The Company seeks to sell the assets of the Membranes Business, as identified in further detail in the Agreement, to the Proposed Purchaser free and clear of liens, claims, encumbrances and other interests pursuant to section 363 of the Bankruptcy Code and to assume and assign to the Proposed Purchaser certain executory contracts and unexpired leases (the "Transferred Contracts") pursuant to section 365 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE that pursuant to the Sale Motion and section 365 of the Bankruptcy Code, the Company requests authority to assume and assign the Transferred Contracts to the Proposed Purchaser, and that upon such assumption and assignment the Company shall be relieved of any liability under the Transferred Contracts arising after the Closing. If you are a party to a potential Transferred Contract that may be assumed and assigned under the Agreement, you will receive a separate notice setting forth the proposed cure amount, if any, and a deadline to file an objection to any such proposed cure amount.

PLEASE TAKE FURTHER NOTICE that the terms and conditions of the proposed sale to the Proposed Purchaser are set forth in the Agreement, a redacted copy of which is attached to the Sale Motion. The Agreement represents the results of extensive marketing efforts conducted by the Company to obtain the highest and best offer for the Membranes Business. As set forth in the Agreement, the Company seeks to sell the Membranes Business to the Proposed Purchaser for approximately $22 million.

PLEASE TAKE FURTHER NOTICE that a hearing will be held to approve the sale of the Membranes Business to the Proposed Purchaser (the "Sale Hearing") before the Honorable Judith Fitzgerald, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, DE 19801 on August 24, 2009 at 10:30 a.m. (prevailing Eastern time), or at such time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Sale Motion shall be in writing and must be filed with the Bankruptcy Court and served on the Debtors, though their counsel listed below, so as to be received no later than August 7, 2009.

PLEASE TAKE FURTHER NOTICE that the failure of any person or entity to timely file an objection shall be deemed a consent to the sale of the Membranes Business to the Proposed Purchaser and be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the sale of the assets to be sold or the Company's consummation and performance of the Agreement (including, without limitation, the transfer of the assets of the Membranes Business free and clear of liens, claims, and interests and the assumption and assignment of the Transferred Contracts), if authorized by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that this Notice of Sale Hearing is subject to the full terms and conditions of the Sale Motion and the Agreement. A redacted copy of the Agreement is attached to the Sale Motion, which is available on the Bankruptcy Court's docket, may be obtained by contacting Debtors' counsel and may be viewed by accessing the web site of the Company's noticing agent, BMC Group at www.bmcgroup.com/wrgrace. The full unredacted version of the Agreement will be provided to parties in interest only upon request and agreement of the Debtors and the Proposed Purchaser and execution of a confidentiality agreement.

Dated: July 20, 2009

KIRKLAND & ELLIS LLP, David M. Bernick, P.C., Theodore L. Freedman, 601 Lexington Avenue, New York, New York 10022, Telephone: (212) 446-4800, Facsimile: (212) 446-4900
THE LAW OFFICES OF JANET S. BAER P.C., Janet S. Baer, 70 West Madison Street, Suite 2100, Chicago, Illinois 60602, Telephone: (312) 641-2162, Facsimile: (312) 641-2165
PACHULSKI, STANG, ZIEHL & JONES LLP, Laura Davis Jones (Bar No. 2436), James E. O'Neill (Bar No. 4042), 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Telephone: (302) 652-4100, Facsimile: (302) 652-4400
Co-Counsel for Debtors and Debtors in Possession