IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| W. R. GRACE & CO., et al. ) | |
| ) | Case No. 01-01139 (JKF) |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | Hearing Date: September 8, 2009 |

**JOINT REQUEST OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS AND THE BANK LENDER GROUP FOR THE COURT
TO TAKE JUDICIAL NOTICE AT THE CONFIRMATION HEARING
OF CERTAIN DOCUMENTS AND OF EVIDENCE PRESENTED IN
PRIOR PROCEEDINGS IN THESE BANKRUPTCY CASES**

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of W.R. Grace & Co. et al. (the "Debtors"), and certain lenders under the Prepetition Bank Credit Facilities[1] (the "Bank Lender Group"[2]), by their respective undersigned counsel, respectfully request that this Bankruptcy Court take judicial notice at the confirmation hearing, scheduled to commence on September 8, 2009, of the documents and previously admitted evidence described below.

---

[1] The Prepetition Bank Credit Facilities include (i) that certain Credit Agreement, dated May 14, 1998, among W.R. Grace & Co., W.R. Grace & Co.-Conn, The Chase Manhattan Bank, as Administrative Agent, Chase Securities Inc., as arranger, and certain Banks party thereto (the "1998 Credit Agreement"), and (ii) that certain 364-Day Credit Agreement, dated May 5, 1999, among the Company, W.R. Grace & Co.-Conn, Bank of America National Trust Savings Assoc., as documentation agent, The Chase Manhattan Bank, as administrative agent, Chase Securities Inc., as book manager, and certain Banks party thereto (as amended, including on May 3, 2000, the "1999 Credit Agreement", together with the 1998 Credit Agreement, the "Credit Agreements").

[2] The Bank Lender Group includes: (i) Anchorage Advisors, LLC; (ii) Avenue Capital Group; (iii) Babson Capital Management LLC; (iv) Bass Companies; (v) Caspian Capital Advisors, LLC; (vi) Catalyst Investment Management Co., LLC; (vii) Cetus Capital, LLC; (viii) DE Shaw Laminar Portfolios, LLC; (ix) Farallon Capital Management, L.L.C.; (x) Halcyon Asset Management LLC; (xi) Intermarket Corp.; (xii) JP Morgan Chase, N.A. Credit Trading Group; (xiii) Loeb Partners Corporation; (xiv) MSD Capital L.P.; (xv) Normandy Hill Capital, L.P.; (xvi) Onex Debit Opportunity Fund Ltd.; (xvii) P. Schoenfeld Asset Management, LLC; (xviii) Restoration Capital Management, LLC; and (xix) Royal Bank of Scotland, PLC. The Bank Lender Group, together with all holders of Claims under the Credit Agreements, including the previous holders of such Claims, are collectively referred to as the "Bank Lenders."

A. **THE COURT SHOULD TAKE JUDICIAL NOTICE AT THE CONFIRMATION HEARING OF THE ESTIMATION PROCEEDINGS HELD BEFORE IT IN EARLY 2008**

As set forth in their Joint Pre-Trial Submission for Phase II of the Confirmation Hearing dated July 20, 2009 [Docket No. 22513], the Creditors' Committee and Bank Lender Group respectfully request that this Court consider, as evidence at the confirmation hearing, the testimony and other evidence previously introduced and admitted into evidence during the Debtors' direct case during the asbestos personal injury claims estimation hearings held between January 14, 2008 and April 1, 2008.

Specifically, the hearing dates and transcripts that the Creditors' Committee and Bank Lender Group request that this Court consider, in toto, as evidence at the confirmation hearing are as follows:  January 14, 2008 [Docket No. 17867]; January 16, 2008 [Docket No. 17862]; January 22, 2008 [Docket No. 17891]; January 23, 2008 [Docket No. 17894]; March 25, 2008 [Docket No. 18439]; March 26, 2008 [Docket No. 18491]; March 31, 2008 [Docket No. 18469] and April 1, 2008 [Docket No. 18489].[3]  The Creditors' Committee and Bank Lender group also request that the Court consider at the confirmation hearing the exhibits actually admitted into evidence during those hearings.[4]  As set forth below, recognizing such evidence at the confirmation hearing is appropriate in the interests of judicial economy and is legally authorized in these circumstances.

The Federal Rules of Evidence expressly authorize the court to take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the

---

[3] Copies of each transcript will be submitted with the other exhibits to be offered at trial by the Creditors' Committee and Bank Lender Group pursuant to the Fourth Amended Case Management Order governing the confirmation hearing.

[4] The Committee and the Bank Lender Group are in the process of compiling a list of exhibits admitted into evidence during the estimation hearings (having first requested this information from the Debtors but having been

DM3\1104080.1

2

territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (b). According, to Fed. R. Evid. 201 (d), "[a] court shall take judicial notice if requested by a party and supplied with the necessary information."

More specifically, bankruptcy courts may take judicial notice of adjudicative facts from prior proceedings (see Martin v. O'Connor, 225 B.R. 283 (N.D.N.Y. 1998)), and of its own records and files. See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that a court is entitled to take judicial notice of the record in a prior, related proceeding); State of Florida Board of Trustees of Internal Improvement Trust Fund v. Charley Toppino & Sons, Inc., 514 F.2d 700, 704 (5th Cir. 1975) (holding that it was not error for bankruptcy court to take judicial notice of related proceeding and records in cases before the court).

As particularly instructive here, bankruptcy courts considering confirmation of a plan of reorganization have utilized judicial notice to justify their consideration of testimony and other evidence presented in prior, related proceedings in the bankruptcy cases, even when the testimony or evidence was not fully adjudicated in the prior proceeding. See In re Acequia v. Clinton, 787 F.2d 1352, 1358 (9th Cir. 1986)(discussed below); see also In re U.S. Mineral Products Co., 105 Fed.Appx. 428 (3rd Cir. 2004) (holding that "in considering what is in the interests of creditors in connection with such a motion, 'a bankruptcy judge has broad discretion to take judicial notice of the entire file as to what has or has not been filed and the outcome of previous proceedings brought before the court'") (citing Barry Russell, Bankruptcy Evidence Manual § 201.6 (2004)).

---

told that such a list did not exist). The Debtors and their co-Plan Proponents, having all participated in the estimation proceedings, already have such exhibits in their possession.
DM3\1104080.1

In Acequia, the Court of Appeals for the Ninth Circuit held that it was appropriate for the bankruptcy court to consider, at the confirmation hearing, testimony from an earlier evidentiary hearing concerning a request to appoint a trustee and give it "whatever weight he [the bankruptcy judge] thought it was worth." Id. at 1358. Although the Court of Appeals found that the issue was not actually one of judicial notice, the court nevertheless held that:

> The bankruptcy court must hold an evidentiary hearing in ruling on confirmation. [citations omitted]. But this does not preclude the bankruptcy court from considering evidence presented by the parties at prior evidentiary hearings. See e.g., In re Graco, Inc., 364 F.2d 257, 260 (2d Cir. 1966). In the typical reorganization case, the bankruptcy judge will preside over many hearings in which the court is asked to draw legal conclusions from facts developed at prior proceedings. . . . **To require the bankruptcy court to ignore prior evidence would impose a harsh and unnecessary administrative burden.** We find nothing in either the language or logic of the Code requiring the court or parties to "grind the same corn a second time," Aloe Creme Labs., Inc. v. Fran-cine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (per curiam), and we will not read into the Code the requirement of redundancy."

Id. at 1358-59 (emphasis added). The Ninth Circuit held that the prior testimony should be considered at confirmation, notwithstanding that the application to appoint a trustee was settled prior to a determination being rendered by the bankruptcy court on that issue. Id. at 1356.

Similarly, in In re Gulfstar Industries, Inc., 236 B.R. 75 (M.D.Fla. 1999), the court held that "[i]n the interests of judicial economy, this Court finds that it is not only permissible, but entirely appropriate for the Bankruptcy Court to review, if necessary, a case's record when deciding if a proposed reorganization plan meets the requirements of 11 U.S.C. 1129." Id. at 78. Many other bankruptcy courts have taken judicial notice of the record or of testimony from prior proceedings in order to further judicial efficiency. See In re Topgallant Lines, Inc., 1996 WL 33402829 (Bankr.S.D.Ga. 1996) (holding that "because of the age of the underlying Chapter 11 case, the voluminous proceedings, extensive discovery in this and other [adversary proceedings],

DM3\1104080.1

4

it is clear that extensive reference may be made by the parties to documents, depositions or other testimony, prior orders, and proceedings of which this Court might take judicial notice."); see also In the Matter of Missionary Baptist Foundation of America, Inc., 712 F.2d 206 (5th Cir. 1983) (holding that a court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom, and further holding that it was appropriate for the bankruptcy court to take judicial notice of the record developed in the same case, albeit in different proceedings); Mazon v. Tardif, 395 B.R. 742 (M.D.Fla. 2008) (holding that it was appropriate for the bankruptcy court, at the request of the trustee, to take judicial notice of proceedings in two prior adversary proceedings, the transcripts of which were filed with the court); In re Peregrine Systems, Inc., 311 B.R. 679 (D.Del. 2004) (holding that it was appropriate for the bankruptcy court to take judicial notice of several documents from prior proceedings before the court, including the transcript of an omnibus hearing).

Accordingly, it is appropriate for this Court to take judicial notice at the confirmation hearing of the documentary evidence and transcripts of the previously held asbestos personal injury estimation proceedings, without requiring the parties to "grind the same corn a second time[.]" Acequia, 787 F.2d at 1359.

**B.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE FREEDGOOD AFFIDAVIT**

For these same reasons set forth above, this Court should take judicial notice of the Affidavit of Charles O. Freedgood, dated June 26, 2009 [Docket No. 22279] and the exhibits annexed thereto [Docket No. 22279], which were admitted into evidence on consent of the Debtors during "Phase I" of the confirmation hearing held on June 22 and 23, 2009. The Creditors' Committee and Bank Lender Group make this request in an abundance of caution because the Debtors have suggested that evidence submitted during Phase I is not evidence for

Phase II, notwithstanding that Phase II is part of the same confirmation hearing for the same plan of reorganization.

C. **THE COURT SHOULD TAKE JUDICIAL NOTICE OF W.R. GRACE'S STOCK PRICE AND MARKET CAPITALIZATION**

The Creditor's Committee and Bank Lender Group contend that the Debtor's solvency is demonstrated by (among other things) its significant market capitalization during the course of these bankruptcy cases.[5] Accordingly, the Creditors' Committee and Bank Lender Group respectfully request that this Court take judicial notice of W.R. Grace's stock price and market capitalization from April 2001 through the date of the confirmation hearing. See In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1331 (3d Cir. 2002) (judicial notice of stock price data compiled by Dow Jones News Service); see also Ieradi v. Mylan Labs, Inc., 230 F.3d 594, 600 n.3 (3d Cir. 2002) (judicial notice of stock prices reported by Quotron Chart Services); In re Stockeryale Securities Litigation, 453 F. Supp. 2d 345, 348 (D.N.H. 2006) (finding that strictly factual information describing market capitalization would likely be subject to judicial notice, but holding that such information was not shown to be relevant to issues before the court). The specific stock price and market capitalization data of which we request the Court take judicial notice is annexed to this Request as Exhibit A.

D. **THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE DEBTORS' PUBLIC SEC FILINGS**

It is also appropriate for this Court to take judicial notice of facts contained in publicly available Securities and Exchange Commission ("SEC") filings. See Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000) (finding SEC filings and the facts contained therein appropriate for

---

[5] The Creditor's Committee and Bank Lender Group further contend that these facts are an equitable consideration bearing on the Bank Lenders' entitlement to default interest pursuant to 11 U.S.C. § 1129.

DM3\1104080.1

judicial notice). The Creditors' Committee and Bank Lender Group therefore respectfully request that the Court take judicial notice of the following SEC filings by the Debtors:

1. Form 10-K filed by W.R. Grace & Co. with the United States Securities and Exchange Commission on March 28, 2002, for the period ending 12/31/01.

2. Form 10-K filed by W.R. Grace & Co. with the United States Securities and Exchange Commission on March 13, 2003, for the period ending 12/31/02.

3. Form 10-K filed by W.R. Grace & Co. with the United States Securities and Exchange Commission on March 5, 2004, for the period ending 12/31/03.

4. Form 10-K filed by W.R. Grace & Co. with the United States Securities and Exchange Commission on March 7, 2005, for the period ending 12/31/04.

5. Form 10-K filed by W.R. Grace & Co. with the United States Securities and Exchange Commission on March 13, 2006, for the period ending 12/31/05.

6. Form 10-K filed by W.R. Grace & Co. with the United States Securities and Exchange Commission on March 2, 2007, for the period ending 12/31/06.

7. Form 10-K filed by W.R. Grace & Co. with the United States Securities and Exchange Commission on February 29, 2008, for the period ending 12/31/07.

8. Form 10-K filed by W.R. Grace & Co. with the United States Securities and Exchange Commission on March 2, 2009, for the period ending 12/31/08.

Accordingly, the Committee and the Bank Lender Group respectfully request that this Court take judicial notice of the aforementioned documents and previously admitted evidence.

Dated: August 7, 2009
       Wilmington, Delaware

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Stepehen J. Shimshak
Andrew N. Rosenberg
Margaret A. Phillips
Rebecca R. Zubaty
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Facsimile:   (212) 757-3990

-and-

**LANDIS RATH & COBB LLP**

*/s/ James S. Green*
Richard Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 1800
Post Office Box 2087
Wilmington, Delaware  19899
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450

*Counsel for The Bank Lender Group*

**STROOCK & STROOCK & LAVAN LLP**

Lewis Kruger
Kenneth Pasquale
Arlene Krieger
180 Maiden Lane
New York, New York 10038
Telephone:  (212) 806-5400
Facsimile:  (212) 806-6006

-and-

**DUANE MORRIS LLP**

*/s/ Michael R. Lastowski*
Michael R. Lastowski (DE I.D. 3892)
Richard W. Riley (DE I.D. 4052)
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801-1246
Telephone: (302) 657-4942
Facsimile:  (302) 657-4901

William S. Katchen, Esquire (Admitted in NJ Only)
**DUANE MORRIS LLP**
One Riverfront Plaza
Newark, New Jersey 07102
Telephone:     (973) 424-2000
Facsimile:      (973) 424-2001

*Counsel for The Official Committee
of Unsecured Creditors of W.R. Grace & Co.*