# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COMBUSTION ENGINEERING, INC., | ) | Case No.: 03-10495 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## COMBUSTION ENGINEERING, INC.'S

## PLAN OF REORGANIZATION

## AS MODIFIED THROUGH JUNE 4, 2003

**THIS PLAN PROVIDES, AMONG OTHER THINGS, FOR THE ISSUANCE OF INJUNCTIONS UNDER SECTIONS 105 AND 524(g) OF THE BANKRUPTCY CODE THAT RESULT IN THE CHANNELING OF ALL ASBESTOS-RELATED PERSONAL INJURY LIABILITIES.**

Dated: January 19, 2003

| | |
|---|---|
| KIRKPATRICK & LOCKHART LLP | PACHULSKI, STANG, ZIEHL, YOUNG, |
| Jeffrey N. Rich | JONES & WEINTRAUB P.C. |
| Philip H. Hecht | Laura Davis Jones (Bar No. 2436) |
| Robert N. Michaelson | Curtis A. Hehn (Bar No. 4264) |
| Nanette C. Heide | Michael P. Migliore (Bar No. 4331) |
| 599 Lexington Avenue | 919 N. Market Street, 16th Floor |
| New York, NY 10022-6030 | P.O. Box 8705 |
| Telephone: (212) 536-4097 | Wilmington, DE 19899-8705 |
| Facsimile: (212) 536-3901 | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |

Attorneys for Combustion Engineering, Inc.

*EXHIBIT B TO DISCLOSURE STATEMENT – PLAN OF REORGANIZATION*

**7.2** **The Asbestos PI Trust.**

7.2.1   *Creation of the Asbestos PI Trust*

On the Effective Date, the Asbestos PI Trust shall be created in accordance with the Plan Documents. The Asbestos PI Trust shall be a "qualified settlement fund" within the meaning of Section 468B of the IRC and the regulations issued thereunder. The purpose of the Asbestos PI Trust shall be to assume all Asbestos PI Trust Claims (whether now existing or arising at any time hereafter) and to use the Asbestos PI Trust Assets to pay holders of Allowed Asbestos PI Trust Claims in accordance with the Asbestos PI Trust Agreement and the TDP, and in such a way that provides reasonable assurance that the Asbestos PI Trust will value and be in a financial position to pay, present and future Asbestos PI Trust Claims that involve similar claims in substantially the same manner, and to otherwise comply in all respects with the requirements of Section 524(g)(2)(B)(i) of the Bankruptcy Code. On the Effective Date, all right, title and interest in and to the Asbestos PI Trust Assets and any proceeds or causes of action thereunder shall be transferred to and vested in the Asbestos PI Trust, free and clear of all Claims, Equity Interests, Encumbrances and other interests of any Entity without any further action of any Entity.

7.2.2   *Appointment of Trustees*

Prior to or at the Effective Date, the Future Claimants' Representative and the Official Creditors' Committee appointed in the Chapter 11 Case, acting jointly, shall nominate the three initial Trustees of the Asbestos PI Trust, one of which shall be a resident of the State of Delaware (if a natural person) or which (in all other cases) have a principal place of business in Delaware. The Bankruptcy Court, after notice and opportunity for hearing, shall appoint the initial Trustees to serve as Trustees of the Asbestos PI Trust in accordance with the Asbestos PI Trust Agreement, effective as of the Effective Date.

7.2.3   *Appointment of Trust Advisory Committee Members*

Prior to or at the hearing with respect to the confirmation of the Plan, the Debtor, the CRC, the Future Claimants' Representative, and the ACC, if appointed, acting jointly, shall nominate the three initial members of the TAC. On the Confirmation Date, effective as of the Effective Date, the Bankruptcy Court shall appoint the initial members of the TAC (and thereupon the TAC shall be formed) to serve as members of the TAC in accordance with the Asbestos PI Trust Agreement.

7.2.4   *Transfer of CE Contribution*

On the Effective Date, CE shall (i) transfer to the Asbestos PI Trust the Excess Cash; (ii) deliver to the Asbestos PI Trust the secured convertible note as contemplated by the Term Sheet attached hereto as Exhibit A; and (iii) execute and deliver the Insurance Assignment Agreement as set forth in Section 7.2.8 herein.

*EXHIBIT B TO DISCLOSURE STATEMENT – PLAN OF REORGANIZATION*

### 7.2.10   *Transfer of Claims and Demands to the Asbestos PI Trust*

On the Effective Date, all liabilities, obligations, and responsibilities relating to all Asbestos PI Trust Claims shall be transferred to the Asbestos PI Trust.

### 7.2.11   *Books and Records*

The Asbestos PI Trust and its Representatives shall have reasonable access to all of the books and records of the Debtor, the Reorganized Debtor, and the Non-Debtor Affiliates who are domiciled in the United States (the "Domestic Non-Debtor Affiliates") to the extent that such books or records reasonably relate to any Asbestos PI Trust Assets or any Asbestos PI Trust Claims (the "Asbestos Books"). Such access to the Asbestos Books shall be afforded by the Debtor, the Reorganized Debtor, and the Domestic Non-Debtor Affiliates upon receipt of reasonable advance notice and during normal business hours. Asea Brown Boveri shall be solely responsible for any costs or expenses incurred pursuant to this Section. If the Debtor, the Reorganized Debtor, and the Domestic Non-Debtor Affiliates shall desire to dispose of any of the Asbestos Books, such parties shall, prior to such disposition, give a reasonable opportunity to the Asbestos PI Trust to segregate and remove such Asbestos Books as the Asbestos PI Trust may select. In addition, the Debtor, the Reorganized Debtor, and the Domestic Non-Debtor Affiliates shall permit the Asbestos PI Trust and its Representatives to conduct reasonable interviews of officers and employees concerning matters reasonably related to the Asbestos Books.

### 7.2.12   *Discharge of Liabilities to Holders of Asbestos PI Trust Claims*

Except as provided in the Plan Documents and the Confirmation Order, the transfer to, vesting in, and assumption by the Asbestos PI Trust of the Asbestos PI Trust Assets and the Asbestos Insurance Assignment as contemplated by the Plan, the ABB and the Non-Debtor Affiliate Settlement Agreement, and the Insurance Assignment Agreement among other things, on the Effective Date shall (1) discharge the Debtor and the Reorganized Debtor for and in respect of all Asbestos PI Trust Claims and (2) discharge, release and extinguish all obligations and liabilities of the Released Parties for and in respect of all Asbestos PI Trust Claims. On the Effective Date, the Asbestos PI Trust shall assume all Asbestos PI Trust Claims and shall pay the Allowed Asbestos PI Trust Claims in accordance with the TDP.

### 7.2.13   *Institution and Maintenance of Legal and Other Proceedings*

As of the Effective Date, the Asbestos PI Trust shall be empowered to initiate, prosecute, defend, and resolve all legal actions and other proceedings related to any asset, liability, or responsibility of the Asbestos PI Trust. The Asbestos PI Trust shall be empowered to initiate, prosecute, defend, settle, maintain, administer, preserve, pursue, and resolve all actions arising from or related to the Asbestos Insurance Rights. The Insurance Contributors shall be empowered to initiate, prosecute, defend, settle, maintain, administer, preserve, pursue, and resolve all actions arising from or related to their respective insurance rights to the extent permitted or required by the Insurance Assignment Agreement.

***EXHIBIT B TO DISCLOSURE STATEMENT – PLAN OF REORGANIZATION***