THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | Related Docket No. ____ |

# DEBTORS' MOTION FOR LEAVE
## FROM THIS COURT'S SCHEDULING ORDER AND
## TO SHORTEN NOTICE PERIOD ON DEBTORS' MOTION
## FOR AN ORDER APPROVING THE SETTLEMENT AGREEMENT
## BY AND BETWEEN W.R. GRACE & CO., ET AL. AND THE SCOTTS COMPANY LLC

The Debtors hereby move this Court pursuant to Del. Bankr. L.R. 9006-1(e), Rule 9006(c) of the Bankruptcy Rules and section 102 of the Bankruptcy Code, for leave from this Court's Scheduling Order and to shorten the notice period with respect to the *Debtors' Motion for an Order Approving the Settlement Agreement By and Between W.R. Grace & Co., et al. and*

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

*The Scotts Company LLC* (the "Motion"), so that the Motion may be heard at the Court's August 24, 2009 hearing at 10:30 a.m. and setting the Objection Deadline on the Motion for August 17, 2009 at 4:00 p.m. (prevailing Eastern time). In support of this Motion, the Debtors respectfully represent as follows:

1. Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Similarly, Del.Bankr.LR 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion specifying the exigencies justifying shortened notice."

2. Accordingly, the Debtors file this Motion seeking an Order of this Court for leave of the Scheduling Order and shortening the notice period prescribed by Del. Bankr. LR 9006-1(c) to enable the Debtors to have the Motion heard at the Court's August 24, 2009 hearing. The Debtors also respectfully request that the Court establish August 17, 2009 at 4:00 p.m. (prevailing Eastern time) as the deadline to object to the Motion.

3. Scotts is a marketer of branded consumer lawn and garden products. Scotts is presently a named defendant in several state court actions alleging asbestos-related bodily injury claims against Scotts based upon allegations concerning the Libby vermiculite ore that W.R. Grace sold to Scotts. As such, Scotts alleges that it has and may in the future have common law indemnification and contribution claims against the Debtors. Additionally, Scotts alleges that it is entitled to insurance coverage under the Debtors' general liability insurance policies.

4. On September 2, 2004, Scotts filed an adversary proceeding in the Bankruptcy Court (Adv. Pro. No. 04-55083) (the "Scotts Adversary") against the Debtors and certain of the

Debtors' insurance carriers, seeking, among other things, declaratory relief with respect to its alleged entitlement under the Debtors' general liability insurance policies. The Scotts Adversary has been temporarily stayed by the Bankruptcy Court.

5. In November 2006, Scotts filed a proof of claim alleging, among other things, that it may have post-confirmation common law indemnification, contribution or other state law claims against one or more of the Debtors.

6. On February 27, 2009, the Plan Proponents filed the Plan, which contemplates, among other things, that any contribution, indemnification and/or other state law Claims asserted against the Debtors by Scotts for reimbursement, indemnification, subrogation or contribution on account of damages Scotts may have paid or may pay to plaintiffs for death, bodily injury, sickness, disease, or other personal injuries to the extent caused or allegedly caused by exposure to asbestos or asbestos-containing products for which the Debtors have liability are Asbestos PI Claims. Pursuant to the Plan, such Asbestos PI Claims will be enjoined and channeled to the Asbestos PI Trust. See Plan, Art. 8.

7. Scotts filed an objection to confirmation of the Plan, asserting as follows: a) Scotts contended that the Plan improperly enjoins claims and demands of nondebtors against other nondebtors on the alleged basis that such nondebtors have not made a substantial financial contribution to the Asbestos PI Trust as required under Section 524(g)(4)(B) of the Bankruptcy Code; b) Scotts asserted that that the Asbestos Entity Injunction improperly enjoins claims against nonsettling Asbestos Insurance Entities and fails to channel or otherwise treat such claims; c) Scotts alleged that the Bankruptcy Court lacks subject matter jurisdiction to issue the Channeling Injunction, the Asbestos Entity Injunction or Releases; and d) Scotts contended that the Plan impermissibly classifies claims within the same class that are not substantially similar.

91100-001\DOCS_DE:146312.1

8. After lengthy negotiations and in order to avoid protracted litigation, the Debtors and Scotts have agreed to a settlement as outlined in the settlement agreement attached to the Motion as Exhibit A (the "Settlement Agreement"). The Motion seeks entry of an order, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement Agreement, which has been executed by the parties, and, by its terms, will become effective upon the approval of this Court.

9. Because there is a confirmation hearing scheduled to begin on September 8, 2009 whereby this Court will consider all objections to the Plan, the Debtors believe that it is critical to have the Motion heard at the Court's August 24, 2009 hearing so that the Scotts objection to the Plan will be resolved and will not take up the Court's time or divert any additional estate resources during the confirmation hearing or the preparation period leading up to the hearing.

10. The Debtors also submit that hearing the Motion on shortened notice will not prejudice parties in interest. If the Court grants this Motion To Shorten and shortens notice thereof, parties in interest will have a total of sixteen (16) days' notice of the hearing on the Motion. The Debtors believe that such notice is fair and adequate in light of the nature of the relief requested in the Motion.

11. In order to allow parties additional time to respond, this Motion to Shorten and the Motion are being served by email on the service list attached hereto as Exhibit A (the "Email Service List") which consist of all parties who have objected to the Plan and who are the primary parties in interest with respect to the Motion. If the Court enters the order granting this Motion To Shorten ("Order"), the Debtors will serve a copy of the Order by email on the Email Service List and a copy of the Order and the Motion on those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure by first class mail.

4

12. Given the nature of the relief requested, the Debtors respectfully submit that the limited notice described above is appropriate, as is leave from the Scheduling Order.

WHEREFORE, the Debtors respectfully request the entry of an Order (i) granting the Debtors leave from the Scheduling Order, (ii) shortening the notice period with respect to the Motion, (iii) setting the Objection deadline on the Motion for August 17, 2009 at 4:00 p.m. and (iv) setting the Motion, if such a hearing is necessary, for August 24, 2009 at 10:30 a.m.

Dated: August 8, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
200 East Randolph Drive
Chicago, IL 60601
312/861-2000

and

PACHULSKI STANG ZIEHL & JONES LLP

  /s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400

Co-Counsel for the Debtors and Debtors in Possession

91100-001\DOCS_DE:146312.1