IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: August 31, 2009 at 4:00 p.m.
Hearing Date: September 8, 2009 at 11:00 a.m.

**DEBTORS' MOTION FOR AN ORDER APPROVING THE AMENDED AND RESTATED SETTLEMENT AGREEMENT WITH CERTAIN LONDON MARKET INSURANCE COMPANIES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order approving an Amended and Restated Settlement Agreement (the "Amended Agreement") by and between W.R. Grace & Co. and certain London Market Insurance Companies (the "London Market Companies"), as identified and defined in the Amended Agreement. A copy of the Amended Agreement is attached as <u>Exhibit A</u>. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Motion is proper under 28 U.S.C. § 1408.

2. The statutory predicates for this Motion include sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 the Federal Rules of Bankruptcy Procedure.

## Background

3. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

4. London Market Companies subscribed to certain policies of insurance that provide, or are alleged to provide, insurance coverage to W.R. Grace & Co. and W.R. Grace & Co. - Conn. (collectively, "Grace"). Grace has incurred and may incur in the future certain liabilities, expenses and losses arising out of asbestos-related claims and other claims, for which it seeks coverage under these policies.

5. Prior to the Petition Date, Grace and the London Market Companies entered into a settlement agreement dated November 17, 1995 ("1995 Agreement"), which governed the method by which the London Market Companies would reimburse Grace for defense costs and damages arising in connection with certain asbestos-related claims. The 1995 Agreement resolved disputes concerning policies that were issued to Grace by the London Market Companies prior to June 30, 1985.

DOCS_DE:151873.1

6.  The Plan of Reorganization proposed by the Plan Proponents contemplates that Asbestos PI Claims will be enjoined and channeled to the Asbestos PI Trust. *See* First Amended Joint Plan of Reorganization, filed February 27, 2009 (the "Plan"), Art. 8.2.1. If established as proposed, the Trust will process and resolve Asbestos PI Claims pursuant to the Asbestos PI Trust Distribution Procedures.

7.  The Plan further contemplates that Grace's rights to proceeds of Asbestos Insurance Policies and to payments under Asbestos Insurance Reimbursement Agreements are to be transferred to the Trust, to be used to fund payment of Asbestos PI Claims. *See* Plan, Art. 7.2.2(d)(ii) and (iv); Plan Ex. 6 – Asbestos Insurance Transfer Agreement.

8.  The Amended Agreement confers the following principal benefits on the Debtors' estate, among others:

    (a) The benefit of the bargain negotiated by Grace and the London Market Insurance Companies in the 1995 Agreement is made available to the Trust without the need for litigation to enforce either the assignment of the agreement by Grace to the Trust or the specific terms of the agreement.

    (b) The full remaining limits of the London Market Companies' policies – in excess of $28 million – are made available to reimburse the Trust for payments made to Asbestos PI Claimants, as well as for defense costs incurred, if any, with respect to Asbestos PI Claims.

    (c) The Amended Agreement incorporates modifications to the 1995 Agreement enabling the processing and payment of claims by the Trust under the Trust Distribution Procedures to be compatible with the criteria for reimbursement by London Market Companies under the 1995 Agreement.

    (d) London Market Companies have agreed to waive certain rights they had under the 1995 Agreement to approve claims over specified monetary thresholds, freeing the Trust to process claims as contemplated under the Trust Distribution Procedures without forfeiting rights to reimbursement from the London Market Companies.

    (e) The Amended Agreement represents a compromise of coverage defenses that London Market Companies might have with respect to any individual Asbestos PI Claim, including notice, trigger of coverage, allocation and consent to settle.

(f) Upon this Court's order approving the Amended Agreement becoming a Final Order, the London Market Companies will withdraw all objections to confirmation of the plan of reorganization.

9. Neither the 1995 Agreement nor the Amended Agreement releases London Market Companies from claims that are not within the scope of the products/completed operations hazards of the insurance policies subscribed to by London Market Companies.

## Relief Requested

10. By this Motion, the Debtors respectfully seek the entry of an order, pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Amended Agreement, which has been executed by the parties, and, by its terms, will become effective upon the approval of this Court.

## Basis for Relief

11. This Court has statutory authority to authorize and approve the Debtors' entry into the Amended Agreement pursuant to sections 105 and 363(b)(1) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). A settlement of claims and causes of action by a debtor in possession constitutes a use of property of the estate. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*

12. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or

4

settlement." Fed.R.Bankr.P. 9019(a). Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is in the best interests of the debtor's estate. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate.'"). To reach this determination, courts assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *See Martin*, 91 F.3d at 393.

13. The standard by which courts evaluate the reasonableness of a proposed compromise and settlement is well established. This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.*; *see also Depositor v. Mary M. Holloway Found.*, 36 F.3d 582, 587 (7th Cir. 1994) (affirming an order approving a compromise and settlement of claims against the estate where it was "unlikely" that the debtor would succeed on the claim, litigation of the claims would involve considerable expense, and the claimant would withdraw all claims upon approval of the settlement). Settlements should only be rejected if they fall "below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W. T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The standards set forth above are plainly met in this case.

14. The Amended Agreement is in the best interests of the Debtors, their estates, and their creditors because it allows the substantive compromises embodied in the 1995 Agreement to remain in place and because it implements certain changes to the 1995 Agreement to enable the benefits of that agreement to be available to the Trust for the payment of Asbestos PI Claims.

If the Amended Agreement is not approved, the Trust likely would face additional burden and cost in seeking to obtain the benefits of, and enforcing Grace's rights under, the 1995 Agreement. The Amended Agreement also removes the London Market Companies as objectors to Plan confirmation.

15. For all of the foregoing reasons, the Debtors submit that the Amended Agreement is fair and reasonable and in the best interest of the Debtors, their creditors and their estates, and thus the Debtors should be authorized to enter into the Amended Agreement.

## Notice

16. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the debtor in possession lenders, (iii) counsel to each official committee appointed by the United States Trustee, and (iv) those parties that requested papers under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

DOCS_DE:151873.1

WHEREFORE, the Debtors respectfully request that the Court enter an order approving the Amended Agreement, and granting such other and further relief as the Court deems just and proper.

Dated: August 11, 2009

KIRKLAND & ELLIS LLP
David M. Bernick
Lisa G. Esayian
300 N. LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Theodore Freedman
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession