# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

In re:                                    Chapter 11

W. R. GRACE & CO., et al.[1]              Case No. 01-1139 (JKF)
                                          Jointly Administered
                Debtors.

                                          **Proposed Hearing Date: September 8, 2009 at 10:30 a.m. (ET)**
                                          **Proposed Objection Deadline: August 21, 2009 at 4:00 p.m. (ET)**

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING STIPULATION REGARDING TREATMENT OF CERTAIN CLAIMS OF THE ST. PAUL COMPANIES, INC., TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA AND CERTAIN OF THEIR AFFILIATES AND SUBSIDIARIES UNDER THE PLAN

The Debtors respectfully request entry of an order approving the stipulation (the "Stipulation"), attached hereto as Exhibit A, addressing classification and treatment of the claims of The St. Paul Companies, Inc., Travelers Casualty and Surety Company of America and certain of their affiliates and subsidiaries (the "Claimant") under the Joint Chapter 11 Plan and the

---

[1]  The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

assumption of General Contracts of Indemnity between the Debtors and the Claimant (the "GCIs"). In support of this Motion, the Debtors state the following:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for this Motion are sections 105(a) and 365(a) and (f) of the Bankruptcy Code and Fed. R. Bankr. P. 9019.

### Background and Proofs of Claim

3.      On or about March 31, 2003, the Claimant filed proofs of claim ("Claims")[2] relating to: (i) the obligations of the Debtors under the GCIs;[3] (ii) an appeal bond issued prior to the Petition Date by the Claimant to the Debtors with respect to certain obligations associated with the appeal of the case of *Solow, et al. v W. R. Grace & Co.-Conn* currently pending in the New York Supreme Court, Appellate Division (the "Appeal Bond"); and (iii) various other bonds issued by the Claimant to the Debtors relating to certain obligations of the Debtors (collectively, the "Operating Bonds" and with the Appeal Bond, the "Bonds"), which are also subject to the terms of the GCIs and the associated indemnity obligations.[4]

4.      The parties have agreed to resolve the Claims on the terms and conditions stated in the Stipulation.

---

[2]    The Claims are identified as Claims Nos. 13956, 13957, 13958 and 13959.

[3]    Copies of the GCIs are attached hereto as Exhibit B.

[4]    A list of the Bonds is attached as Schedule A to the Stipulation.

## Relief Requested

5.    The Debtors respectfully seek the entry of an order, substantially in the form

attached hereto as Exhibit C, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and

Bankruptcy Rules 9019 and 6006, (a) approving the Debtors' execution of the Stipulation; (b)

allowing the Claims associated with (i) the Appeal Bond, as an Indirect PD Trust Claim in the

amount of any and all amounts paid by the Claimant to third parties or loss incurred by the

Claimant pursuant to the Appeal Bond and/or GCIs including any fees and costs incurred or

sustained in connection therewith, such claim being Unimpaired under the Plan, and (ii) the

Operating Bonds, as Unimpaired under the Plan; and (c) approving the assumption of the Bonds

and the GCIs by the Reorganized Debtors as of the Effective Date and their enforceability in

accordance with applicable state law.

## Basis for Relief

## Sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rule 9019(a) and 6006(e)

6.    Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court

may issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) provides in

pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may

approve a compromise or settlement."  Fed. R. Bankr. Pro. 9019(a).

7.    Courts generally favor minimizing litigation and expediting the administration of

a bankruptcy case.  See Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996); see also

In re Key3Media Group, Inc., No. 03-10323, 2006 U.S. Dist. WL 2842462, at *3 (D. Del. Oct. 2,

2006).  Settlements and compromises are "a normal part of the process of reorganization."

Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414,

3

424 (1968) (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S. 106, 130 (1939)). Indeed, compromises are favored in bankruptcy. Martin, 91 F.3d at 393.

8.     Before approving a settlement under Bankruptcy Rule 9019, however, a court must determine that the proposed settlement is in the best interests of the debtor's estate. See id. at 394; In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) ("The ultimate inquiry is whether 'the compromise is fair, reasonable, and in the interest of the estate'."). To reach this determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. See Martin, 91 F.3d at 393.

9.     The standard by which courts should evaluate the reasonableness of a proposed compromise and settlement is well established. This standard includes consideration of the following four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id. at 393; see also In re Nutraquest, Inc., 434 F.3d 639 (3d Cir. 2006).

10.    It is also well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Key3Media Group, 2006 WL 2842462, at *3; In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006) (citing In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979)). Under this test, a proponent must simply demonstrate that a proposed settlement does not fall "below the lowest point in the range of reasonableness." World Health Alternatives, 344 B.R. at 1114 (citations omitted).

11.     Section 365(a) of the Bankruptcy Code provides in pertinent part that "the trustee, subject to the court's approval, may assume . . . any executory contract . . . of the debtor.  11 U.S.C. § 365(a).  Bankruptcy Rule 6006(e) provides in pertinent part that "[t]he trustee shall not seek to assume. . . multiple executory contracts. . . in one motion unless: (1) all executory contracts. . . to be assumed. . . are between the same parties or are to be assigned to the same assignee. . ." Fed. R. Bankr. Pro. 6006(e).  Assumption of any executory contract of the debtor allows "the trustee to maximize the value of the debtor's estate by assuming executory contracts. . . that benefit the estate. . ." L.R.S.C. Co. v. Rickel Home Ctrs. (In re Rickel Home Ctrs., Inc.), 209 F.3d 291, 298 (3d Cir. 2000).

### Application of Standards for Approval of a Settlement to the Facts of This Case

12.     The Debtors have determined that entry into the Stipulation is in the best interests of the Debtors and their estates.  The Stipulation is fair and reasonable, and is within the reasonable range of litigation possibilities.

13.     The Stipulation provides that the Claims associated with (a) the Appeal Bond shall be allowed as an Indirect PD Trust Claim in the amount of any and all amounts paid by the Claimant to third parties or loss incurred by the Claimant pursuant to the Appeal Bond and/or GCIs including any fees and costs incurred or sustained in connection therewith, such claim being Unimpaired under the Plan and (b) the Operating Bonds shall be unimpaired under the Plan.[5]

14.     The Stipulation further provides that the GCIs and the Bonds shall be deemed assumed by the Reorganized Debtors as of the Effective Date and enforceable in accordance with applicable state law.

---

[5]   If the Plan, as amended from time to time, is not confirmed, the Stipulation will have no force and effect with all parties reserving any and all rights with respect to the issues referenced therein.

15.     Moreover, the Stipulation provides that nothing contained within the Plan or any other Plan Document or order shall release, compromise, impair or otherwise prejudice or alter the rights and remedies of the Claimant under the Bonds or the GCIs, which rights and remedies will not be affected, modified, or amended by, and will survive without any modification, among other things, the confirmation of the Plan.    The Plan will preserve and reserve all of the Claimant's claims (including cure amounts, if any) and defenses (including by way of subrogation or any surety defenses available in law or in equity) against any entities or persons. Nothing contained within the Asbestos PD Trust Agreement or any other document or order shall serve to limit the foregoing.

16.     The Debtors have spent a substantial amount of time and resources reviewing the Claims, the GCIs and the Bonds.    After this review, the Debtors began negotiations with the Claimant regarding the Claims and how they will be treated under the Plan.    The Debtors' believe that the Stipulation is a fair and reasonable settlement of the Claims and obligations pursuant to the GCIs and Bonds.

17.     Furthermore, the Stipulation resolves how the Claims and obligations will be addressed pursuant to the Plan and settles the Claimant's Plan Objections.

### Application of Standards for Assumption
### of Executory Contracts to the Facts of This Case

18.     The GCIs are executory contracts between the Debtors and the Claimant. Assumption of the Bonds and the GCIs by the Debtors is beneficial to the Debtors' estates as it will assure the Bonds remain posted to back the various obligations of the Debtors which require such Bonds.    The GCIs are contracts between the Debtors and the Claimant and are, therefore, within the limitation of Bankruptcy Rule 6006(e) to be assumed by one motion.

6

19.    For the above reasons, the Debtors believe that the Stipulation represents a reasonable settlement of the Claims and the Court should approve the Stipulation.    The Stipulation is fair and equitable and in the best interests of the Debtors, their estates and their creditors.    In addition, the Debtors reasonably believe that the relief requested in this Motion will aid in the expeditious resolution of these Chapter 11 Cases.    Accordingly, the Debtors have demonstrated a sound business justification for the execution and consummation of the Stipulation.

### Notice

20.    Notice of this Motion has been given to: (i) the office of the United States Trustee, (ii) counsel to the DIP Lender, (iii) counsel to JP Morgan Chase Bank N.A. as agent for the Debtors' prepetition lenders, (iv) counsel to each of the official committees appointed in these Chapter 11 Cases, (v) counsel to the Asbestos Personal Injury and Asbestos Property Damage Future Claimants' Representatives; (vi) those parties that requested service and notice of papers in accordance with Fed. R. Bankr. P. 2002; and (vii) counsel to the Claimant.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully seek the entry of an order, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rules 9019 and 6006, (a) approving the Debtors' execution of the Stipulation, (b) allowing the Claims associated with (i) the Appeal Bond, as an Indirect PD Trust Claim in the amount of any and all amounts paid by the Claimant to third parties or loss incurred by the Claimant pursuant to the Appeal Bond and/or GCIs including any fees and costs incurred or sustained in connection therewith, and (ii) the Operating

7

Bonds, as Unimpaired under the Plan; (c) approving the assumption of the GCIs and the Bonds

by the Reorganized Debtors as of the Effective Date and their enforceability in accordance with

applicable state law; and (d) granting such other relief as may be appropriate.

Dated: August 11, 2009                    KIRKLAND & ELLIS LLP
                                          Theodore L. Freedman
                                          Marc A. Lewinstein
                                          601 Lexington Avenue
                                          New York, New York 10022
                                          (212) 446-4800

                                          and

                                          THE LAW OFFICES OF JANET S. BAER, P.C.
                                          Janet S. Baer, P.C.
                                          70 West Madison Street
                                          Suite 2100
                                          Chicago, IL 60602
                                          (312) 641-2162

                                          and

                                          PACHULSKI STANG ZIEHL & JONES LLP

                                          _James E. O'Neill_

                                          Laura Davis Jones (Bar No. 2436)
                                          James E. O'Neill (Bar No. 4042)
                                          Kathleen P. Makowski (Bar No. 3648)
                                          Timothy P. Cairns (Bar No. 4228)
                                          919 North Market Street, 17th Floor
                                          P.O. Box 8705
                                          Wilmington, Delaware 19899-8705
                                          (302) 652-4100
                                          (302) 652-4400

                                          Co-Counsel for the Debtors and Debtors in Possession