## EXHIBIT B

## GENERAL CONTRACTS OF INDEMNITY



# SEABOARD SURETY COMPANY
### HOME OFFICE: NEW YORK, N. Y.
## General Agreement of Indemnity

**Know all Men by these Presents,** that whereas, at the request of the undersigned hereinafter referred to as Indemnitors, and upon condition that this instrument be executed, SEABOARD SURETY COMPANY, hereinafter referred to as the Surety, a corporation of the State of New York, has executed, or may hereafter execute, a bond or bonds on behalf of ..W.. R.. Grace & Co. and its Divisions.. xxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
hereinafter referred to as Principal, copy or copies of which may be hereto attached.

**And Whereas,** the Indemnitors have a substantial, material and beneficial interest in the obtaining of the said bond or bonds.

**Now, Therefore,** in consideration of the premises the Indemnitors, for themselves, their heirs, executors, administrators, successors and assigns jointly and severally hereby covenant and agree with the Surety, its successors and assigns, as follows:

1. That the Indemnitors will promptly pay or cause to be paid in cash to the Surety at its office in the City of New York for the execution of the said bond or bonds, the premium or premiums to be paid annually, in advance, in each and every year during the time which the Surety shall be and continue to be liable upon the said bond or bonds, and until the Surety shall have been fully discharged and released from any and all liability upon said bond or bonds and all matters and things arising therefrom, and until there shall have been furnished to the Surety due and satisfactory proof by evidence legally competent of such discharge and release.

2. The Indemnitors shall at all times indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, losses, costs, damages, attorneys' and counsel fees, and disbursements, and expenses of whatever kind or nature which the Surety may sustain or incur by reason or in consequence of having executed or procured the execution of such bond or bonds, and any renewal, continuation, extension or successor thereof, and all other bonds heretofore or hereafter executed or procured for or at the request of the Principal, and which the Surety may sustain or incur in taking any steps it may deem necessary in making any investigation, in defending or prosecuting any actions, suits or other proceedings which may be brought under or in connection therewith, or in recovering or attempting to recover salvage or any unpaid bond premium, in obtaining or attempting to obtain release from liability, or in enforcing any of the covenants of this agreement: to pay over, reimburse and make good to the Surety, its successors or assigns, all money which the Surety or its representatives shall pay, or cause to be paid or become liable to pay, by reason of the execution of such bond or bonds, and any renewal, continuance, extension or successor thereof, and all other bonds heretofore or hereafter executed or procured for or at the request of the Principal; and such payment to be made to the Surety as soon as it shall become liable therefor, whether the Surety shall have paid out such sum or any part thereof, or not.

3. If for any reason the Surety shall be required or shall deem it necessary to set up a reserve in any amount to cover any contingent claim or claims, loss, costs, attorney's fees and disbursements and expenses in connection with any bond by reason of default of the Principal, abandonment of contract, liens filed, unpaid and past due bills, dispute with the owner or obligee, or for any reason whatsoever, and regardless of any proceedings contemplated or taken by the Principal or the pendency of any appeal, the undersigned jointly and severally hereby covenant and agree immediately upon demand to deposit with the Surety, in current funds, an amount sufficient to cover such reserve and any increase thereof, such funds to be held by the Surety as collateral, in addition to the indemnity afforded by this instrument, with the right to use such funds or any part thereof, at any time, in payment or compromise of any judgment, claims, liability, loss, damage, attorney's fees and disbursements or other expenses; and if the Surety is required to enforce performance of this covenant by action at law or in equity, the costs, charges, and expenses, including counsel or attorney's fees, which it may thereby incur, shall be included in such action and paid by the undersigned. Demand shall be sufficient if sent by registered mail to the undersigned at the address given herein or last known to the Surety, xxxxxxxxxxxxxxxxxxxxxxxxx

4. That the Surety may, at any time hereafter, without releasing or discharging the Indemnitors from any claim, demand, action, costs, liability or any other expense theretofore incurred or accrued, take such action as it might deem necessary or proper to obtain its release from any and all liability under the said bond or bonds, and the Indemnitors further agree that they shall further secure and indemnify the Surety against any and all charges, liabilities and expenses of whatever nature which the Surety may sustain or incur or be put to in obtaining such release.

5. The Surety may also alter, change, modify, amend, limit or extend the said bond or bonds and any renewal or other obligation in place or in lieu thereof, and in any such case the Indemnitors shall be liable to the Surety as fully and to the same extent on account of any such altered, changed, modified, amended, limited or extended bond or bonds or renewal or substitution thereof, whenever and as often as made, as though such bond or bonds is or are described at length herein.

6. That it shall not be necessary for the Surety to give to the Indemnitors or any of them notice, which is hereby expressly waived, of any act, fact or information coming to the notice or knowledge of the Surety concerning or affecting its rights or liabilities under any such bond or bonds by it so executed, or the rights and liabilities of the Indemnitors herein.

7. Any property of any kind which may have been, or may hereafter be, pledged as collateral security on any one or more of such bonds may, at the option of the Surety, be retained as collateral security on any and all bonds coming within the scope of this agreement, whether theretofore or thereafter executed, and for the full and complete performance in all respects of the covenants of the Indemnitors. In case the Surety should deem it advisable for the purpose of meeting any actual or prospective claim or demand under any such bond or bonds or to pay any expenses incurred or to be incurred in connection therewith, or in case the Surety should be of the opinion that said property is likely to so decline in market value that the security to the Surety will be inadequate, the Surety shall have full power and authority, without notice to the Indemnitors or any of them, to sell, assign, and deliver said collateral, or any part thereof, at public or private sale at the option of the Surety, its successors and assigns, with the right to be the purchaser itself at any such sale, and to use the proceeds, or any part thereof as may be necessary, in order to protect itself or any other Surety or Sureties executing such bond or bonds against loss, costs, damages, attorney's fees and expenses as aforesaid; and, after deducting all legal and other costs and expenses of such sale, and all such loss, costs, damages, attorney's fees and expenses as aforesaid, and all premiums due the Surety or any such Surety or Sureties for any such bond or bonds, shall return the remainder of such collateral or the proceeds of sale, if any, to the persons or persons legally authorized to receive the same; provided the Surety shall not be responsible for any ... ... ... ... property from any cause other than the wrongful act or neglect of its officers and ...

ORIGINAL IN SAFE     64L

8. That this instrument shall [...] in the name of the Surety any [...] surety or reinsuring companies that may assume reinsurance or [...] ship on any such bond or bonds, [...] like manner, shall indemnify such other reinsurer or co-surety as th[e] [s]urety has procured or may procure to execute or to join with it in executing any [...] bond or bonds, it being agreed that this instrument shall inure to the benefit of any such reinsurer or co-surety, [giving] it or them the right of action hereunder.

9. If any provision or provisions of this instrument shall be void or unenforceable under the laws of any place governing its construction or enforcement, this instrument shall be void or vitiated thereby but shall be construed and enforced with the same effect as though such provision or provisions were omitted. It is expressly understood and agreed that all rights and remedies of the Surety under this instrument shall be deemed to be cumulative, and the exercise of any particular right or remedy at any time shall not be considered to be an election of remedy or a waiver of any other right or remedy, and the acceptance of security or consideration shall not be taken as a waiver of any right or remedy, which the Surety might have by statute or otherwise.

10. It is understood and agreed that, as the execution of this agreement is an essential part of the consideration for the execution by the Surety of such bond or bonds, the failure to execute this instrument, or, in case the execution may be defective or invalid for any reason, such failure, defect or invalidity, shall not in any manner affect the validity of this instrument or the liability hereunder, and this instrument shall be in full force and effect to the same extent as if such failure, defect or invalidity had not existed. This agreement, although executed subsequent to the issuance of any instrument referred to herein, is of the same force and effect as though executed prior to the issuance of such instrument.

11. Each of the undersigned, for himself, his heirs, executors, administrators, successors and assigns, hereby covenants and agrees that until the Surety shall have been discharged or relieved of and from any and all liability under such bond or bonds and proper evidence of such discharge from liability shall have been furnished to the Surety, this instrument shall be deemed to impose a claim against his assets and estate, actual and contingent, in the amount of such bond or bonds, with the same force and effect as any other debt.

12. In the event that it becomes necessary or advisable in the judgment of the Surety to control, administer, operate or manage any matters connected with the performance of any contract covered by such bond or bonds for the purpose of minimizing any possible loss or ultimate loss to the Surety, the undersigned hereby expressly covenant and agree that such action on the part of the Surety shall be entirely within its rights and remedies and as Surety.

13. XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

In Testimony Whereof, the Indemnitors have hereunto set their hands and affixed their seals this 2nd day of May, 1975

Signed, sealed and delivered    W. R. Grace & Co. (Seal)
In the presence of             Address 1114 Avenue of the Americas
                               New York, N. Y. 10036  (Seal)
                               Address
                               C. F. Krauter
STATE OF _____                Assistant Treasurer
COUNTY OF _____ } ss.:

On the ___ day of ___, in the year ___, before me personally came ___ to me known, and known to me to be the individual ___ described in and who executed the foregoing instrument, and duly acknowledged to me that ___ he ___ executed the same.

Notary Public.
___County.

STATE OF New York
COUNTY OF New York } ss.:

On the 2nd day of May, in the year 1975, before me personally came C. F. Krauter to me known who, being by me duly sworn, did depose and say, that he resides in New Jersey, that he is XXX an Assistant Treasurer of the W. R. Grace & Co. the corporation described in, and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

Notary [...] Y[ork]
No. 2[...]
Qualified in [...] County
Certificate Filed in [...] York County
Term Expires March 30, 1977

Notary Public.
___County.

STATE OF _____
COUNTY OF _____ } ss.:

On the ___ day of ___, in the year ___, before me personally came ___ to me known and known to me to be a member of the firm of ___ described in and who executed the foregoing instrument, and he thereupon acknowledged to me that he executed the same as and for the act and [deed of] said firm.

Notary Public.
___County.

DIVISIONS OF W. R. GRACE & CO.

Agricultural Chemicals Company Division
Airline Providers Service Division
Form Better Foods Division
Animal Grove Products Division
Construction Products Division
Cryovac Division
Davison Chemical Division
Dewey & Almy Chemical Division
Graco Distribution Services Division
PolyFibron Division
Research Division
SeaPak Division
Kelley's Fine Foods Division
Ambrosia Chocolate Division
Leaf Confectionery Division
Paxton Chocolate Division
Baker & Taylor Co. Division
Alliance Industries Division
Mr. Gasket Company Division
Real Estate Division
Wall Trading Corp. Division
Meritool Division
American Carry Products Co. Division
Pensick & Gordon Division
Mr. Phone Division
Lawrence Maid Footwear Division
Pix of America Division
Recreational Vehicles Division
Watco Chemical Division
Polyesters Division
Joshua Meier Division
John Meyer of Norwich Division
Ellay Rubber Division
Elm Coated Fabrics Division
Watco Plastics Division
Mattress Ticking Division
Golding Upholstery Fabrics Division
Herman's World of Sporting Goods Division
Colowyo Coal Company Division
Baker & Taylor Educational Products Division
MMT Learning Materials Division
Airmold Division
Formpac Division
Mallory Electric Corp. Division
Brooks Racing Components Division
Foremic Division
Executive Aviation Division
Inflame Division
Mining Division

Seaboard Surety Company
New York, New York
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company
St. Paul, Minnesota
Capital Stock Companies

## GENERAL INDEMNITY AGREEMENT

This AGREEMENT is made by the Undersigned in favor of St. Paul Fire and Marine Insurance Company and St. Paul Mercury Insurance Company and St. Paul Guardian Insurance Company and Seaboard Surety Company, hereinafter collectively and Individually referred to as Surety, for the purpose of indemnifying Surety from all loss and expense in connection with any bond(s), including undertakings and other like obligations, executed by Surety for W.R. GRACE & CO.-Conn. subsidiaries or affiliates and/or any subsidiaries of such subsidiary or affiliate, whether acting alone or joint venture or partner with other or others, all hereafter referred to as principal.

Terminating the indemnity for any Principal may be accomplished by giving 30 days written notice by registered letter to Surety, but any such notice shall not act to modify, bar or discharge the liability of the undersigned upon or by reason of any and all bond(s) that may then be in force for that Principal.

In consideration of the execution, either heretofore or hereafter, of any such bond(s) and as an inducement to such execution by Surety, the Undersigned agrees to:

1. Indemnify Surety and save it harmless from all loss and expense, including reasonable attorney fees, incurred by Surety, by reason of having executed any bond(s).
2. To deposit with Surety on demand an amount sufficient to discharge any claim made against Surety on any bond(s). This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any bond(s).
3. To pay any premium due for any bond(s) computed according to the rates currently charged by Surety, including renewal premiums until proof satisfactory to Surety is furnished of its discharge from liability under any bond(s).

This instrument shall protect in the name of the Surety, any and all surety or reinsuring companies that may assume co-suretyship on any such bond or bonds, and in like manner, shall indemnify such other co-surety as the Surety has procured or may procure to execute or to join with it in executing any such bond or bonds, it being agreed that this instrument shall inure to the benefit of any such co-surety, so as to give it or them the right of action hereunder.

If the Surety shall decline to execute, or procure execution of, any Bond for which application hereafter may be made, no claim shall be made against the Surety in consequence of such declination.

Wherever used in this Agreement the term "bond(s)" shall include any and all bond(s), undertaking(s) or instrument(s) of guarantee and any renewal(s) or extension(s) thereof executed by Surety, or any co-sureties or other surety procured at anytime by Surety.

Signed, sealed and dated this _____14th_____ day of _AUGUST_ 19_97_.

PRINCIPAL(S):

W.R. GRACE & CO.-CONN.

By _[signature]_
Assistant Vice President

By _____

INDEMNITOR(S):

W.R. GRACE & CO.-CONN.

By _[signature]_
Assistant Vice President

By _____

GIAFRM3A

## CORPORATE ACKNOWLEDGMENT

STATE OF _FLORIDA_  
COUNTY OF _PALM BEACH_ ss.:

On the _14th_ day of _AUGUST_, 19 _99_, before me personally came _JEFFREY M. POSNER_ to me known who, being by me duly sworn, did depose and say, that he resides in _CORAL SPRINGS BROWARD CTY FLORIDA_ that he is the _ASST. VICE PRESIDENT_ of _W. R. GRACE + CO.-CONN._ the corporation described in, and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that he signed his name thereto by like order _JUDY M. CROSSMAN_

_[signature]_  
Notary Public.  
_PALM BEACH_ County.

STATE OF _____ ss.:  
COUNTY OF _____

On the _____ day of _____, 19 _____, before me personally came _____ to me known who, being by me duly sworn, did depose and say, that he resides in _____ that he is the _____ of _____ the corporation described in, and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that he signed his name thereto by like order.

_____  
Notary Public.  
_____ County.

STATE OF _____ ss.:  
COUNTY OF _____

On the _____ day of _____, 19 _____, before me personally came _____ to me known who, being by me duly sworn, did depose and say, that he resides in _____ that he is the _____ of _____ the corporation described in, and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that he signed his name thereto by like order.

_____  
Notary Public.  
_____ County.

STATE OF _____ ss.:  
COUNTY OF _____

On the _____ day of _____, 19 _____, before me personally came _____ to me known who, being by me duly sworn, did depose and say, that he resides in _____ that he is the _____ of _____ the corporation described in, and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that he signed his name thereto by like order.

_____  
Notary Public.  
_____ County.

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF _____ ss.:  
COUNTY OF _____

On the _____ day of _____, 19 _____, before me personally came _____ to me known, and known to me to be the individual described in and who executed the foregoing instrument, and ___he duly acknowledged to me that ___he executed the same.

_____  
Notary Public.  
_____ County.

STATE OF _____ ss.:  
COUNTY OF _____

On the _____ day of _____, 19 _____, before me personally came _____ to me known, and known to me to be the individual described in and who executed the foregoing instrument, and ___he duly acknowledged to me that ___he executed the same.

_____  
Notary Public.  
_____ County.

STATE OF _____ ss.:  
COUNTY OF _____

On the _____ day of _____, 19 _____, before me personally came _____ to me known, and known to me to be the individual described in and who executed the foregoing instrument, and ___he duly acknowledged to me that ___he executed the same.

_____  
Notary Public.  
_____ County.

STATE OF _____ ss.:  
COUNTY OF _____

On the _____ day of _____, 19 _____, before me personally came _____ to me known, and known to me to be the individual described in and who executed the foregoing instrument, and ___he duly acknowledged to me that ___he executed the same.

_____  
Notary Public.  
_____ County.

## PARTNERSHIP ACKNOWLEDGMENT

STATE OF _____ ss.:  
COUNTY OF _____

On the _____ day of _____, 19 _____, before me personally came _____ to me known and known to me to be a member of the firm of _____ described in and who executed the foregoing instrument, and he thereupon acknowledged to me that he executed the same as and for the act and deed of the said firm.

_____  
Notary Public.  
_____ County.

STATE OF _____ ss.:  
COUNTY OF _____

On the _____ day of _____, 19 _____, before me personally came _____ to me known and known to me to be a member of the firm of _____ described in and who executed the foregoing instrument, and he thereupon acknowledged to me that he executed the same as and for the act and deed of the said firm.

_____  
Notary Public.  
_____ County.

Exhibit A
Page 1 of 1

RESOLVED that any Assistant Treasurer, any Assistant Vice President or any Vice President or other senior officer of this Corporation be and each of them hereby is authorized, in the name and on behalf of this Corporation, to execute and deliver from time to time such indemnity and hold harmless agreements, and such guaranties thereof, in favor of issuers of surety bonds and similar financial undertakings (other than letters of credit) as may be required by such issuers in connection with the operations of this Corporation or any subsidiary or affiliate of this Corporation or any business or other entity of any kind in which this Corporation has, or at any time has had, any financial interest or as to which it has, or has had, any contractual or other obligation to provide or assist in providing such surety bonds or similar financial undertakings, such indemnity and hold harmless agreements, and such guaranties thereof, to contain such terms as the individual executing the same may approve (such individual's execution and delivery thereof to evidence conclusively such approval).

RESOLVED FURTHER that the proper officers of this Corporation be and each of them hereby is authorized, in the name and on behalf of this Corporation, to execute, deliver and file such agreements and other documents, to expend such sums of money and to take or cause to be taken any and all such other actions as may be necessary or convenient to carry out the intents and purposes of the foregoing resolution.

## W. R. GRACE & CO.-CONN.

### Secretarial Certificate

I, CRAIG E. JAMESON, an Assistant Secretary of W. R. Grace & Co.-Conn., a Connecticut corporation ("Company"), hereby certify that set forth in Exhibit A attached hereto is a true and complete copy of resolutions adopted by the Board of Directors of the Company at a meeting duly held on July 2, 1992 at which a quorum was present and acting throughout, and such resolutions have not been revoked or amended and are in full force and effect on the date hereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Company as of the 14th day of August, 1997.

[Seal]

_____
Craig E. Jameson

H:\SHARED\CJAMESON\WP\CERTS\CTNDRES.792



# SEABOARD SURETY COMPANY®

ADMINISTRATIVE OFFICES: BEDMINSTER, N.J.

## General Agreement of Indemnity

**KNOW ALL MEN BY THESE PRESENTS,** that whereas, at the request of the undersigned hereinafter referred to as Indemnitors, and upon condition that this instrument be executed, SEABOARD SURETY COMPANY, hereinafter referred to as the Surety, a corporation of the State of New York, has executed, or may hereafter execute, a bond or bonds on behalf of ___W.R. Grace & Co.,Conn.___ subsidiaries or affiliates and/or any subsidiaries of such subsidiary or affiliate now existing or hereafter created or acquired or which become hereafter affiliated, whether acting alone or joint venture or partner with other or hereafter referred to as Principal, copy or copies of which may be hereto attached.

**AND WHEREAS,** the Indemnitors have a substantial, material and beneficial interest in the obtaining of the said bond or bonds.

**NOW, THEREFORE,** in consideration of the premises the Indemnitors, for themselves, their heirs, executors, administrators, successors and assigns jointly and severally hereby covenant and agree with the Surety, its successors and assigns, as follows:

1. That the Indemnitors will promptly pay or cause to be paid in cash to the Surety at its designated place of business for the execution of the said bond or bonds, the premium or premiums to be paid annually, in advance, in each and every year during the time which the Surety shall be and continue to be liable upon the said bond or bonds, and until the Surety shall have been fully discharged and released from any and all liability upon said bond or bonds and all matters and things arising therefrom, and until there shall have been furnished to the Surety due and satisfactory proof by evidence legally competent of such discharge and release.

2. The Indemnitors shall at all times indemnify and keep indemnified the Surety and hold and save it harmless from and against any and all liability, losses, costs, damages, attorneys' and counsel fees; and disbursements, and expenses of whatever kind or nature which the Surety may sustain or incur by reason or in consequence of having executed or procured the execution of such bond or bonds, and any renewal, continuation, extension or successor thereof, and all other bonds heretofore or hereafter executed or procured for or at the request of the Principal, and which the Surety may sustain or incur in taking any steps it may deem necessary in making any investigation, in defending or prosecuting any actions, suits or other proceedings which may be brought under or in connection therewith, or in recovering or attempting to recover salvage or any unpaid bond premium, in obtaining or attempting to obtain release from liability, or in enforcing any of the covenants of this agreement: to pay over, reimburse and make good to the Surety, its successors or assigns, all money which the Surety or its representatives shall pay, or cause to be paid or become liable to pay, by reason of the execution of such bond or bonds, and any renewal, continuance, extension or successor thereof, and all other bonds heretofore or hereafter executed or procured for or at the request of the Principal; and such payment to be made to the Surety as soon as it shall become liable therefor, whether the Surety shall have paid out such sum or any part thereof, or not.

3. If for any reason the Surety shall be required or shall deem it necessary to set up a reserve in any amount to cover any contingent claim or claims, loss, costs, attorney's fees and disbursements and expenses in connection with any bond by reason of default of the Principal, abandonment of contract, liens filed, unpaid and past due bills, dispute with the owner or obligee, or for any reason whatsoever, and regardless of any proceedings contemplated or taken by the Principal or the pendency of any appeal, the undersigned jointly and severally hereby covenant and agree immediately upon demand to deposit with the Surety, in current funds, an amount sufficient to cover such reserve and any increase thereof, such funds to be held by the Surety as collateral, in addition to the indemnity afforded by this instrument, with the right to use such funds or any part thereof, at any time, in payment or compromise of any judgment, claims, liability, loss, damage, attorney's fees and disbursements or other expenses; and if the Surety is required to enforce performance of this covenant by action at law or in equity, the costs, charges, and expenses, including counsel or attorney's fees, which it may thereby incur, shall be included in such action and paid by the undersigned. Demand shall be sufficient if sent by registered mail to the undersigned at the address given herein or last known to the Surety, whether or not actually received.

4. That the Surety may, at any time hereafter, without releasing or discharging the Indemnitors from any claim, demand, action, costs, liability or any other expense theretofore incurred or accrued, take such action as it might deem necessary or proper to obtain its release from any and all liability under the said bond or bonds, and the Indemnitors further agree that they shall further secure and indemnify the Surety against any and all charges, liabilities and expenses of whatever nature which the Surety may sustain or incur or be put to in obtaining such release.

5. The Surety may also alter, change, modify, amend, limit or extend the said bond or bonds and any renewal or other obligation in place or in lieu thereof, and in any such case the Indemnitors shall be liable to the Surety as fully and to the same extent on account of any such altered, changed, modified, amended, limited or extended bond or bonds or renewal or substitution thereof, whenever and as often as made, as though such bond or bonds, is or are described at length herein.

6. That it shall not be necessary for the Surety to give to the Indemnitors or any of them notice, which is hereby expressly waived, of any act, fact or information coming to the notice or knowledge of the Surety concerning or affecting its rights or liabilities under any such bond or bonds by it so executed, or the rights and liabilities of the Indemnitors herein.

7. Any property of any kind which may have been, or may hereafter be, pledged as collateral security on any one or more of such bonds may, at the option of the Surety, be retained as collateral security on any and all bonds coming within the scope of this agreement, whether theretofore or thereafter executed, and for the full and complete performance in all respects of the covenants of the Indemnitors. In case the Surety should deem it advisable for the purpose of meeting any actual or prospective claim or demand under any such bond or bonds or to pay any expenses incurred or to be incurred in connection therewith, or in case the Surety should be of the opinion that said property is likely to so decline in market value that the security to the Surety will be inadequate, the Surety shall have full power and authority, without notice to the Indemnitors or any of them, to sell, assign, and deliver said collateral, or any part thereof, at public or private sale at the option of the Surety, its successors and assigns, with the right to be the purchaser itself at any such sale, and to use the proceeds, or any part thereof as may be necessary, in order to protect itself or any other Surety or Sureties executing such bond or bonds against loss, costs, damages, attorney's fees and expenses as aforesaid; and after deducting all legal and other costs and expenses of such sale, and all such loss, costs, damages, attorney's fees and expenses and all premiums due the Surety or any such Surety or Sureties for any such bond or bonds, shall return the remainder of such collateral or the proceeds of sale, if any, to the person or persons legally authorized to receive the same: provided the Surety shall not be responsible for any loss resulting to said property from any cause other than the wrongful act or neglect of its officers and employees.

Form 10-10 (Rev 8-57)

8. That this instrument shall protect in the name of the Surety, any and all surety or reinsuring companies that may assume reinsurance or co-suretyship on any such bond or bonds, and, in like manner, shall indemnify such other reinsurer or co-surety as the Surety has procured or may procure to execute or to join with it in executing any such bond or bonds, it being agreed that this instrument shall issue to the benefit of any such reinsurer or co-surety, so as to give it or them the right of action hereunder.

9. If any provision or provisions of this instrument shall be void or unenforceable under the laws of any place governing its construction or enforcement, this instrument shall not be void or vitiated thereby but shall be construed and enforced with the same effect as though such provision or provisions were omitted. It is expressly understood and agreed that all rights and remedies of the Surety under this instrument shall be deemed to be cumulative, and the exercise of any particular right or remedy at any time shall not be considered to be an election of remedy or a waiver of any other right or remedy, and the acceptance of security or consideration shall not be taken as a waiver of any right or remedy, which the Surety might have by statute or otherwise.

10. It is understood and agreed that, as the execution of this agreement is an essential part of the consideration for the execution by the Surety of such bond or bonds, the failure to execute this instrument, or, in case the execution may be defective or invalid for any reason, such failure, defect or invalidity, shall not in any manner affect the validity of this instrument or the liability hereunder, and this instrument shall be in full force and effect to the same extent as if such failure, defect or invalidity had not existed. This agreement, although executed subsequent to the issuance of any instrument referred to herein, is of the same force and effect as though executed prior to the issuance of such instrument.

11. Each of the undersigned, for himself, his heirs, executors, administrators, successors and assigns, hereby covenants and agrees that until the Surety shall have been discharged or relieved of and from any and all liability under such bond or bonds and proper evidence of such discharge from liability shall have been furnished to the Surety, this instrument shall be deemed to impose a claim against his assets and estate, actual and contingent, in the amount of such bond or bonds, with the same force and effect as any other debt.

12. In the event that it becomes necessary or advisable in the judgment of the Surety to control, administer, operate or manage any matters connected with the performance of any contract covered by such bond or bonds for the purpose of minimizing any possible loss or ultimate loss to the Surety, the undersigned hereby expressly covenant and agree that such action on the part of the Surety shall be entirely within its rights and remedies and as Surety.

13.

**IN TESTIMONY WHEREOF**, the Indemnitors have hereunto set their hands and affixed their seals this ___first___ day of ___August___ 19_91_.

PRINCIPAL(S):

W.R. Grace & Co.-Conn.

By _[signature]_
Jeffrey Posner    Director
Assistant Vice President-Corporate Risk
Management

By _____

By _____    By _____

INDEMNITOR(S):

W.R. Grace & Co.-Conn.

By _[signature]_
Jeffrey Posner
1114 Ave. of Americas, New York    NY
Street    City    State
Director
Assistant Vice President-Corporate Risk
Management

By _____    By _____

Street    City    State        Street    City    State

By _____    By _____

Street    City    State        Street    City    State

---

**INSTRUCTIONS**

If Principal or any Indemnitor be a CORPORATION, corporate name should be set forth in full and corporate seal impressed. The signature and title of the officer executing for the Corporation should be set out immediately below. If a PARTNERSHIP, firm name should be set forth in full, with the signature(s) of the partner(s) executing in its behalf set out immediately before. EACH PARTNER should sign as an INDEMNITOR.

This instrument should be dated, and each signature thereto properly ACKNOWLEDGED in the spaces provided therefor on the reverse hereof. Attach additional acknowledgment forms if necessary.

## CORPORATE ACKNOWLEDGMENT

| | |
|---|---|
| STATE OF ✓ New York<br>COUNTY OF New York ss.:<br>On the 1 day of August, 19 91, before me personally came Jeffrey Posner to me known who, being by me duly sworn, did dispose and say, that he resides in the State of New York,<br>that he is the Assistant VP-Corporate Risk Manager of W.R. Grace & Co.-Conn.<br>the corporation described in, and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.<br><br>_____<br>Nancy L. Pasley<br>Notary Public<br>NANCY L. PASLEY<br>Notary Public, State of New York<br>No. 31-4854644<br>Qualified in New York County<br>Commission Expires August 14, 1993<br>_____County. | STATE OF_____<br>COUNTY OF_____ ss.:<br>On the_____day of_____, 19____, before me personally came_____<br>to me known who, being by me duly sworn, did dispose and say, that he resides in_____,<br>that he is the_____<br>of_____<br>the corporation described in, and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.<br><br>_____<br>Notary Public<br>_____County. |
| STATE OF_____<br>COUNTY OF_____ ss.:<br>On the_____day of_____, 19____, before me personally came_____<br>to me known who, being by me duly sworn, did dispose and say, that he resides in_____,<br>that he is the_____<br>of_____<br>the corporation described in, and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.<br><br>_____<br>Notary Public<br>_____County. | STATE OF_____<br>COUNTY OF_____ ss.:<br>On the_____day of_____, 19____, before me personally came_____<br>to me known who, being by me duly sworn, did dispose and say, that he resides in_____,<br>that he is the_____<br>of_____<br>the corporation described in, and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.<br><br>_____<br>Notary Public<br>_____County. |

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF_____
COUNTY OF_____ ss.:
On the_____day of_____, 19____, before me personally came_____
to me known, and known to me to be the individual described in and who executed the foregoing instrument and ...he duly acknowledged to me that ...he executed the same.

_____
Notary Public
_____County,

STATE OF_____
COUNTY OF_____ ss.:
On the_____day of_____, 19____, before me personally came_____
to me known, and known to me to be the individual described in and who executed the foregoing instrument and ...he duly acknowledged to me that ...he executed the same.

_____
Notary Public
_____County,

STATE OF_____
COUNTY OF_____ ss.:
On the_____day of_____, 19____, before me personally came_____
to me known, and known to me to be the individual described in and who executed the foregoing instrument and ...he duly acknowledged to me that ...he executed the same.

_____
Notary Public
_____County,

STATE OF_____
COUNTY OF_____ ss.:
On the_____day of_____, 19____, before me personally came_____
to me known, and known to me to be the individual described in and who executed the foregoing instrument and ...he duly acknowledged to me that ...he executed the same.

_____
Notary Public
_____County,

## PARTNERSHIP ACKNOWLEDGMENT

STATE OF_____
COUNTY OF_____ ss.:
On the_____day of_____, 19____, before me personally came_____
to me known and known to me to be a member of the firm of _____described
in and who executed the foregoing instrument, and he thereupon acknowledged to me that he executed the same as and for the act and deed of the said firm.

_____
Notary Public
_____County.

STATE OF_____
COUNTY OF_____ ss.:
On the_____day of_____, 19____, before me personally came_____
to me known and known to me to be a member of the firm of _____described
in and who executed the foregoing instrument, and he thereupon acknowledged to me that he executed the same as and for the act and deed of the said firm.

_____
Notary Public
_____County.