# EXHIBIT C

## PROPOSED FORM OF ORDER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W. R. GRACE & CO., et al.[1] | Case No. 01-1139 (JKF) |
| | Jointly Administered |
| Debtors. | |
| | **Proposed Hearing Date: September 8, 2009 at 10:30 a.m. (ET)** |
| | **Proposed Objection Deadline: August 21, 2009 at 4:00 p.m. (ET)** |

## ORDER APPROVING STIPULATION REGARDING TREATMENT OF CERTAIN CLAIMS OF THE ST. PAUL COMPANIES, INC., TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA AND CERTAIN OF THEIR AFFILIATES AND SUBSIDIARIES UNDER THE PLAN

Upon consideration of the *Motion of the Debtors for Entry of an Order Approving Stipulation Regarding Treatment of Certain Claims of the St. Paul Companies, Inc., Travelers Casualty and Surety Company of America and Certain of their Affiliates and Subsidiaries Under the Plan* (the "Motion"); and due and proper notice of the Motion having been given; and it

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

appearing that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized to enter into the Stipulation; and it is further

ORDERED that the Debtors will perform their respective obligations under the Stipulation; and it is further

ORDERED that Claims Nos. 13956, 13957, 13958 and 13959 are deemed consolidated, under the Plan for Plan purposes only, into Claim No. 13959 as one Claim against the administratively consolidated Debtors; and it is further

ORDERED that Claims Nos. 13956, 13957 and 13958 are disallowed and expunged from the Claims Register for all purposes (such Claims, the "Disallowed Claims"). Notwithstanding any other provision herein, to the extent that the Plan or any other plans or plan of reorganization confirmed in these Chapter 11 Cases does not consolidate the Debtors for the purposes of distribution on account of allowed Claims, the Disallowed Claims will be reinstated, and the Claimant will be entitled to pursue all such Claims, as appropriate; and it is further

ORDERED that Claim No. 13959 is allowed as a Claim against the Debtors or the Debtors' estates as outlined in the Stipulation; and it is further

ORDERED that the Debtors will direct the Claims Agent to mark the Claims Register to reflect that the Disallowed Claims will be disallowed and expunged as outlined herein, and that Claim No. 13959 remains in each of the Chapter 11 Cases and is allowed as outlined in the Stipulation; and it is further

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

ORDERED that the Stipulation and this Order will not affect any Claims not specifically referenced in the Motion, that have been or that may be filed by the Claimant, including, without limitation, Claim No. 13937 which is for an unrelated matter ("Travelers Other Claims"). The Debtors expressly reserve any and every objection that they now have or may have in the future to the Travelers Other Claims; and it is further

ORDERED that if the Plan, as amended from time to time, is not confirmed, the Stipulation and this Order will have no force and effect with all parties reserving any and all rights with respect to the issues referenced in the Stipulation; and it is further

ORDERED that, notwithstanding the foregoing, if the Plan, as may be amended, is confirmed, the Reorganized Debtors will assume the GCIs as of the Effective Date and the GCIs will be enforceable in accordance with applicable state law; and it is further

ORDERED that the Debtors are authorized to take whatever other actions may be necessary to consummate the transactions contemplated by the Stipulation; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order; and it is further

ORDERED that this Order is immediately effective and enforceable upon its entry.

Dated: _____, 2009

Honorable Judith K. Fitzgerald
United States Bankruptcy Judge