# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| | ) | |
| | ) | Re: Docket No.: 22491 |
| | ) | July 27, 2009, Agenda Item 12 |
| | ) | |
| Debtors. | ) | |

**ORDER BETWEEN THE PLAN PROPONENTS AND LIBBY CLAIMANTS REGARDING INDIVIDUAL CLAIMANT TESTIMONY**

Upon **Arrowood's Motion for Relief Against the Libby Claimants Based on Their Designation of Over 100 Witnesses for the Confirmation Hearing** (Docket No. 22491) (the "Motion"), due and proper notice of the Motion having been given, several objections and replies having been filed by the parties, and the Court having heard arguments in open court on July 27, 2009;

It is hereby ORDERED:

1. With respect to completion of discovery relating to individual claimants who will testify regarding already settled claims, on August 10, 2009, the Libby Claimants identified the following six witnesses:

    A. Ed Warner

    B. Butch (Ervin) Hurlbert

    C. Norita Skramstad

        1. Ms. Skramstad will only be testifying about her or her husband's settled claims.

    D. Leroy Thom

5

        1. Mr. Thom will lay foundation for documents and certain facts related to conditions at Libby. Mr. Thom has an open claim, but will not be testifying about his open claim.

    E.    Dan Schnetter

    F.    Jay Swennes

2. Depositions will occur of these witnesses between August 20, 2009 and August 27, 2009.

3. The scope of testimony by such witnesses shall be: Exposure history and/or working conditions of the settled claimant, settlement of claims, short description of medical diagnosis.

4. All documents relating to their testimony will be isolated and produced in advance of the deposition, including any documents of counsel referring or relating to the settlements, to the extent not already provided in the underlying litigation.

5. W.R. Grace will supplement its exhibit list with any responsive documents by September 3, 2009.

6. Grace will identify any additional responsive testimony by September 3, 2009.

7. Testimony that the Libby Claimants assert is relevant to vested insurance will be proffered through declarations, per separate stipulation. The personal injury FCR's agreement to such proffered testimony in lieu of testimony at trial is subject to a review of the declarations.

8. Both sides reserve all objections to admissibility regarding evidence related to the issues addressed in this discovery order.

9. The Libby Claimants must identify any additional individual settlements where they intend to offer case-specific evidence. If the Libby claimants wish to proffer any case-specific evidence (beyond the amount of the settlement) relating to any individual claimant in addition to those identified above in 1, they must identify the individual claimant and produce all case-specific documents relating to each such claimant no later than August 20, 2009. Grace must produce any responsive evidence no later than August 27, 2009.

Dated: August ___, 2009

Wilmington, Delaware

                                                                                    _____
                                                                                    The Honorable Judith K. Fitzgerald
                                                                                    United States Bankruptcy Judge