# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 9/2/09; 4:00 p.m. ET |
| | § | Hearing Date: 12/14/2009; 10:30 a.m. ET |

**THIRD QUARTERLY APPLICATION OF HON. ALEXANDER M. SANDERS, JR.,THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES FOR THE 33RD QUARTERLY PERIOD FROM APRIL 1, 2009 THROUGH JUNE 30, 2009**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Hon. Alexander M . Sanders, Jr., pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Appointment Order (as defined below), the Administrative Order Under 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order") and Del. Bankr. LR 2016-2, and hereby applies for an order allowing him (i) compensation in the amount of $25,020.00 for the reasonable and necessary services he has rendered as the Legal Representative for Future Asbestos-Related Property

-1-

Damage Claimants and Holders of Demands and (ii) reimbursement of actual and necessary expenses that he has incurred in the amount of $747.20, for a total of $25,767.20 or one hundred percent (100%) of all compensation and expense reimbursement requested, for the period April 1, 2009 through June 30, 2009 (the "Third Quarterly Fee Application"), and in support of this Third Quarterly Fee Application, would respectfully show as follows:

<u>SUMMARY</u>

| | |
|---|---|
| Name of Applicant: | Hon. Alexander M. Sanders, Jr., |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | October 20, 2008, *nunc pro tunc* to September 22, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | April 1, 2009 through June 30, 2009 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $25,020.00 |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | $747.20 |

This is a(n):   ☐ Monthly   ☒ Quarterly   ☐ Interim   ☐ Final Application

<u>PRIOR APPLICATIONS</u>

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | 9/22/2008 to 2/25/2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2/26/2009 to 3/31/2009 | $17,892.00 | $2,305.49 | Pending | Pending |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |

[1] At 80% of the total incurred.

| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| 7/23/2009 | 6-1-2009 to 6-30-2009 | $2,844.00 | None | CNO Filed | CNO Filed |
| | | | | | |
| | | | | | |

Hon. Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period.  Judge Sanders has practiced law for over 40 years, and the billing rate for the time period of this application was $450 per hour.  In this Third Quarterly Application period Judge Sanders billed 55.6 hours,[2] for a total amount billed of $25,020.00, of which 80% ($20,016.00) has already been paid or has payment pending, leaving the amount not yet approved or paid of $5,004.00.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
| --- | --- | --- |
| Disclosure Statement and Confirmation | 49.6 | $22,320.00 |
| Travel | 12.0        (@100%) | $2,700.00        (@50%) |
| TOTAL | 61.6 | $25,020.00 |

## EXPENSE SUMMARY

| Description | Expense |
| --- | --- |
| Travel | $747.20 |
| TOTAL | $747.20 |

---

[2] Non-Productive travel time is included in this figure, but at 50% of the actual time.

<u>APPLICATION</u>

1.      On April 2, 2001 , (the "Petition Date") each of the Debtors filed a

voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code

(the "Chapter 11 Cases").  On April 2, 2001, the Court entered an order procedurally

consolidating the Chapter 11 Cases for administrative purposes only.  Since the Petition Date, the

Debtors are continuing to operate their businesses and manage their properties and assets as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the United States Bankruptcy

Code.

2.      On May 3, 2001 , the Court entered an Interim Compensation Order, as

amended by the Amended Interim Compensation Order, establishing procedures for monthly

compensation and reimbursement of expenses of professionals (each such application, a

"Monthly Fee Application"), and whereby any notice party listed in the Amended Interim

Compensation Order may object to such Monthly Fee Application.  If no notice party objects to

professional's Monthly Fee Application within twenty (20) days after the date of service of the

Monthly Fee Application, the applicable professional may submit to the Court a certification of

no objection authorizing the interim compensation and reimbursement of eighty percent (80%) of

the fees requested and one hundred percent (100%) of the expenses requested, subject to the

filing and approval of the interim and final fee applications of the professional.

3.      Furthermore, and also pursuant to the Amended Interim Compensation

Order, within forty-five (45) days of the end of each quarter, professionals are required to file

and serve, upon the notice parties, a quarterly request (a "Quarterly Fee Application") for interim

Court approval and allowance of the Monthly Fee Applications filed during the quarter covered

by that Quarterly Fee Application.  If the Court grants the relief requested by the Quarterly Fee

Application, the Debtors are authorized and directed to pay the professional 100% of the fees and

expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application,

less any amounts previously paid in connection with the Monthly Fee Applications.  Any

payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is

subject to final approval of all fees and expenses at a hearing on the professional's final fee

application.

4.    By an October order of this Court, later made nunc pro tunc as of September 22,

2008, the PD FCR was appointed by the Court (the "Appointment Order").  The Appointment

Order authorizes the Debtors to compensate Judge Sanders at his hourly rate charged for services

of this type and to be reimbursed for actual and necessary out-of-pocket expenses that he

incurred, subject to application to this Court in accordance with the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

5.    This Quarterly Fee Application, which is submitted in accordance with the

Amended Interim Compensation Order, is Judge Sanders' Third Quarterly Fee Application for

compensation for services rendered in connection with the Chapter 11 Cases and covers the fee

period of April 1, 2009 through June 30, 2009 (the "Fee Period").

6.    Judge Sanders has filed with the Court the following Monthly Fee Applications

for interim compensation during the Fee Period:

(a)     Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services and Reimbursement of Expenses as the Legal Representative for Future Asbestos-related Property Damage Claimants And Holders of Demands for the Third Monthly Interim Period from April 1, 2009 Through April 30, 2009, seeking $864.00 in fees (80% of $1080.00);

(b)     Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services and Reimbursement of Expenses as the Legal Representative for Future Asbestos-related Property Damage Claimants And Holders of Demands for the Fourth Monthly Interim Period from May 1, 2009 Through May 30, 2009, seeking $16,308.00 in fees (80% of $20,385.00) and $747.20 in expenses; and

(c)     Application of Hon. Alexander M. Sanders, Jr. For Compensation for Services and Reimbursement of Expenses as the Legal Representative for Future Asbestos-related Property Damage Claimants And Holders of Demands for the Fifth Monthly Interim Period from June 1, 2009 Through June 30, 2009, seeking $2,844.00 in fees (80% of $3,555.00).

7.      The monthly fee applications covered by this Third Quarterly Fee Application contain detailed daily time logs describing the actual and necessary services provided by Judge Sanders during the Fee Period, as well as other detailed information required to be included in fee applications.  The Third, Fourth and Fifth monthly fee applications are attached hereto as Exhibits "1," "2" and "3," respectively.

8.      The period for objecting to the fee and expense reimbursements relating to the Third, Fourth and Fifth Monthly Fee Applications have passed without any objections being filed, whereupon Judge Sanders filed Certificates of No Objection with the Court, and Judge Sanders has been paid interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested for the Third Application, with payment for the Fourth and Fifth Applications pending.

9.      Judge Sanders previously filed a First Quarterly Fee Application on February 25, 2009 which was approved by the Court.  The Second Quarterly Fee Application is pending.

10.     By this Third Quarterly Fee Application, Judge Sanders requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Judge Sanders from April 1, 2009 through June 30, 2009, less any amounts previously paid to Judge Sanders pursuant to the Monthly Fee Applications and the procedures set forth in the Amended Interim Compensation Order.  As stated above, the full scope of the services provided and the related expenses incurred are fully described in the Monthly Fee Applications that already have been filed with the Court.

11.     Judge Sanders reserves his right to seek at a later date compensation for services rendered and expenses incurred during the applicable period that are not otherwise included in the relevant monthly fee applications.

12.     At all relevant times, Judge Sanders has been a disinterested person as that term is defined in Section 101(14) of the United States Bankruptcy Code, as modified by section 1107(b) of the United States Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

13.     All services for which compensation is requested by Judge Sanders were performed as the PD FCR and not on behalf of any committee, creditor, or other person.

14.     Judge Sanders believes that this Third Quarterly Fee Application complies with the requirements of Del. Bankr. LR 2016-2 and the Amended Interim Compensation Order.

15.     During the Interim Period, Judge Sanders has received no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection

with these Chapter 11 Cases, other than the interim compensation payments pursuant to the

Amended Interim Compensation Order.  There is no agreement or understanding between Judge

Sanders and any other person for the sharing of compensation to be received for services

rendered in these cases, other than normal intra-firm distributions at his law firm.

16.     The professional services and related expenses for which Judge Sanders requests

interim allowance of compensation and reimbursement of expenses were rendered and incurred

in connection with these cases in the discharge of Judge Sanders' professional responsibilities as

PD FCR in the Chapter 11 Cases.  Judge Sanders' services have been necessary and beneficial

to future property damage claimants' as well as the Debtors and their estates, creditors, and other

parties in interest.

17.     Pursuant to Fed R. Bankr. P. 2016(b), other than normal intra-firm distributions at

his law firm, Judge Sanders has not shared, nor has agreed to share: (a) any compensation it has

received or may receive with another party or person, or (b) any compensation another person or

party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE, Hon. Alexander M. Sanders, Jr. respectfully requests that the Court enter

an order, providing that (a) for the period from April 1, 2009 through June 30, 2009, an

administrative allowance be made to Judge Sanders in the sum of $25,020.00 as compensation

for reasonable and necessary professional services rendered as the PD FCR and $747.20 in

expenses; (b) that the Debtors be authorized and directed to pay to Judge Sanders the outstanding

amount of such sums, less any sums previously paid to Judge Sanders pursuant to the Monthly

Fee Applications and the procedures set forth in the Amended Interim Compensation Order and

(c) this Court grant such other and further relief to which Judge Sanders is justly entitled.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 744-5100
(214) 744-5101 [fax]
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

<u>DECLARATION</u>

Alan B. Rich, declares as follows:

I am the counsel hired by the PD FCR with the approval of the Court, and am familiar with the services that the PD FCR rendered. I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. I believe that this Application substantially complies with Local Bankruptcy Rules for the District of Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 12, 2009.

_____

## CERTIFICATE OF SERVICE

I certify that on the 12th day of August, 2009, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 6/16/2009 |
| | § | Hearing Date: TBD (if needed) |

### SUMMARY OF THIRD APPLICATION OF ALEXANDER M. SANDERS, JR. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS AND HOLDERS OF DEMANDS FOR THE PERIOD FROM APRIL 1, 2009 THROUGH APRIL 30, 2009

Name of Applicant:                                     Hon. Alexander M. Sanders, Jr.,

Authorized to Provide Services To:          Future Asbestos-Related Property Damage
                                                                   Claimants and Holders of Demands

Date of Retention:                                      October 20, 2008

Period for Which Compensation
and Reimbursement is Sought:                April 1, 2009 to April 30, 2009

Amount of Fees Sought as Actual
Reasonable and Necessary:                     $864.00  [80% of $1,080.00]

Amount of Expenses Sought as
Actual, Reasonable and Necessary:        $0

This is a(n):   ☒Monthly      ☐Interim      ☐Final Application

PRIOR APPLICATIONS

| Date  Filed | Period  Covered | Requested  Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | CNO Filed | CNO Filed |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Hon. Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period.  Judge Sanders has practiced law for over 40 years, and his present billing rate is $450 per hour.  In this Application period Judge Sanders performed 2.4 hours of services as PD FCR, for a total amount billed of $1,080.00, of which 80% is currently sought, in the amount of $864.00.

This is the Third Aapplication for monthly fees and expenses.

---

[1] At 80% of the total incurred.

-2-

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 2.4 | $1,080.00 |
| TOTAL | 2.4 hours | $1,080.00 |

Detail of the fees billed is attached hereto as Exhibit A.

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, attorney for the PD FCR, and a professional person seeking approval of this Monthly Fee Application on behalf of his client, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____

Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 744-5100
(214) 755-5101 (fax)
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 27th day of April, 2009,  this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

*ALEXANDER M. SANDERS, JR.*
*SANDERS & NETTLES, LLC*
*Attorneys at Law*
*208 Lincoln Street*
*Columbia, South Carolina 29201*

*Mailing address: 19 Water Street*
*Charleston, SC 29401*

INVOICE FOR PROFESSIONAL SERVICES 4/3/09 - 4/28/09

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

In re W. R. Grace, No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|-------------------|------|
| 4/3/09 | Preparation and review of Fee Application | 1.0 |
| 4/6/09 | Making arrangements to meet with Grace CFO on April 28 | 0.2 |
| 4/10/09 | Attempt to make further arrangements for an alternative date to meet with Grace CFO | 0.2 |
| 4/20/09 | Further attempt to arrange to meet with Grace CFO | 0.3 |
| 4/21/09 | Still further arrangements for meeting with Grace CFO on May 8 | 0.2 |
| 4/28/09 | Review of documents and exchange of phone calls and e-mails with my counsel | 0.5 |

2.4 @ $450/hour =  $   1,080.00

# EXHIBIT 2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 6/25/2009 |
| | § | Hearing Date: TBD (if needed) |

**SUMMARY OF FOURTH APPLICATION OF ALEXANDER M. SANDERS, JR.**
**FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT**
**OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR**
**FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS**
**AND HOLDERS OF DEMANDS FOR THE PERIOD**
**FROM MAY 1, 2009 THROUGH MAY 31, 2009**

Name of Applicant:                                    Hon. Alexander M. Sanders, Jr.,

Authorized to Provide Services To:        Future Asbestos-Related Property Damage
                                                                      Claimants and Holders of Demands

Date of Retention:                                     October 20, 2008, *nunc pro tunc* to
                                                                      September 22, 2008

Period for Which Compensation
and Reimbursement is Sought:                May 1, 2009 to May 31, 2009

Amount of Fees Sought as Actual
Reasonable and Necessary:                     $16,308.00  [80% of $20,385.00]

Amount of Expenses Sought as
Actual, Reasonable and Necessary:         $747.20

This is a(n):   ☒Monthly      ☐Interim      ☐Final Application

-1-

## PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Pending | Pending |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Hon. Alexander M. Sanders, Jr. is the only professional providing services in this Fee Application period. Judge Sanders has practiced law for over 40 years, and his present billing rate is $450 per hour. In this Application period Judge Sanders performed 45.3 hours of services as PD FCR, for a total amount billed of $20,385.00, of which 80% is currently sought, in the amount of $16,308.00.

This is the Fourth Application for monthly fees and expenses.

---

[1] At 80% of the total incurred.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 39.3 hours | $17,685.00 |
| Travel | 12 hours | $2,700.00 |
| TOTAL | 51.3 hours | $20,385.00 |

Detail of the fees billed is attached hereto as Exhibit A.

CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, attorney for the PD FCR, and a professional person seeking approval of this Monthly Fee Application on behalf of his client, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 744-5100
(214) 755-5101 (fax)
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 5th day of June, 2009, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

45.3 ALEXANDER M. SANDERS, JR.
SANDERS & NETTLES, LLC
Attorneys at Law
208 Lincoln Street
Columbia, South Carolina 29201

Mailing address: 19 Water Street
Charleston, SC 29401

INVOICE FOR PROFESSIONAL SERVICES 5/1/09 to 5/31/09

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

In re W. R. Grace, No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|--------------------|------|
| 5/1/09 | Review of objection to the plan | 0.3 |
| 5/5/09 | Arrangements to meet Alan B. Rich, Esq., counsel for PD FCR (hereafter "counsel") in Washington | 0.1 |
| 5/5/09 | Preparations for meeting with counsel, W. R. Grace CFO and lawyers representing Grace re confirmation issues | 1.0 |

5/8/09 and 5/9/09

I explain the travel time on these two dates because of the unusual circumstances which resulted in a great deal more time being devoted than anticipated on these dates. I traveled to Columbia, Maryland, for the purpose of conferring with Hudson LaForce, Mark Shelnitz, and Ted Freedman on confirmation issues. I had every intention of flying to Washington, D.C., driving to Columbia, Maryland, and returning to Charleston, S.C., on the same date. My flight to Charleston was cancelled, and after missing two standby flights, I was forced to spend the night in Washington and fly to Charleston the next day. My travel time, not counting the time spent in the Washington hotel, totaled 12 hours, billed as usual at one-half time.

6.0

INVOICE 5/1/09 to 5/31/09
Page 2

| | | |
|---|---|---|
| 5/8/09 | Conference at W.R. Grace headquarters, Columbia, Maryland, as described above and discussions with counsel before and after the conference. | 3.0 |
| 5/12/09 | Exchange of e-mail with counsel on the confirmation issues and the matter of the inter-creditor agreement. | 0.3 |
| 5/14/09 | Recapitulation of charges 9/22/08 through 2/20/09 as required by paragraph II.D.5. of the U.S. Trustee Guidelines | 3.0 |
| 5/15/09 | Telephone conference with counsel regarding confirmation issues and position of the Property Damage Trust | 0.3 |
| 5/16/09 | Review of various materials from W. R. Grace CFO relating to dilution issue, including SEC Form 10-K (67 pages) plus attachments (105 pages); Annual Report (11 pages); Company Overview (36 pages); and hypothetical Long-Term Core EBITDA | 3.5 |
| 5/18/09 | Recapitulation of charges 3/1/09 - 4/28/09 as per above | 1.5 |
| 5/18/09 | Telephone conference with counsel regarding his conference with PD Trust on confirmation issues | 0.5 |
| 5/20/09 | Review of Objection by Tyco Healthcare Group LP to the Confirmation of the Debtors' First Amended Joint Plan of Reorganization | 0.1 |
| | Review of various objections to the above plan, including Objections of BNSF Railway Company (25 pages), Objection by ERISA Plaintiffs' (26 pages), Objections by Zurich Insurance Company and Zurich International (6 pages), Objection by Maryland Casualty Company (28 pages) | 1.5 |
| | Review of Debtors' Motion re: the minimum contributions to the pension plans (15 pages) | 0.3 |

INToVOICE 5/1/09 to 5/31/09
Page 3

|  |  |  |
|---|---|---|
|  | Review of e-mail counsel to Theodore Freedman confirming telephone discussion re: discovery, objection, PD FCR being "plan proponent," possible future feasability objection | 0.2 |
| 5/21/09 | Exchange of e-mail with counsel re: above objections | 0.1 |
|  | Review of further objections to above plan, including Objection of Longacre Master Fund and Longacre Capital Partners (44 pages), Objection of Garlock Sealing Technologies (17 pages), Objection of Anderson Memorial Hospital (35 pages), Objection of The Edwards Judgment Claimants (24 pages), Objection of Morgan Stanley (24 pages) | 2.4 |
|  | Review of Motions by City of Vancouver, School District 68 Nanaimo-Ladysmith and Anderson Memorial Hospital (31 pages) | 0.5 |
| 5/24/09 | Review of documents re: Appeals of Anderson Memorial Hospital, including:  Notices of Appeal from (1) Memorandum Order of April 13, 2009; (2) Memorandum Opinion and Order of April 14, 2009; (3) Statements of Issues on Appeal; (4) Designations of Items on Appeal; (5) Amended Statements of Issues; (6) Amended Designations (all of the foregoing total 44 pages) | 0.8 |
| 5/27/09 | Review of documents, including AXA Belgium's Objection to the above Plan (5 pages); Objection of Certain London Market Insurance Companies to the Plan (15 pages); City of Vancouver's Joinder and School District 68 Nanaimo-Ladysmith's Joinder in Anderson Memorial Hospital's Objection (2 pages); Maryland Casualty Company's Disputed Classification Declaration (3 pages) | 0.5 |
|  | Review of documents, including depositions of George L. Priest (60 pages); Jeffrey Posner (90 pages); Richard Charles Finke (55 pages); Peter Van N. Lockwood (110 pages) | 5.4 |

INVOICE 5/1/09 to 5/31/09

| | | |
|---|---|---|
| 5/30/09 | Review of documents, including depositions of David T. Austern | |
| 5/31/09 | (63 pages) and exhibits in connection therewith (278 pages); Richard Finke (96 pages) and exhibits in connection therewith (418 pages) | 14.00 |

(Numbers of pages refer to substantive pages only, not certificates of service, indexes, etc.)

45.3 @ $450/hour =          $        20,385.00

Expenses
(receipts attached)                          747.20

              TOTAL:          $        21,32.20

Expenses
(Receipts Attached)

Travel to Columbia, Maryland, and return to Charleston, SC,
for 4/8/09 conference with Hudson LaForce, et al.

| | | |
|---|---|---|
| Taxi fare | $ | 10.00 |
| Meal | | 34.50 |
| Airport parking | | 30.00 |
| Air Fare | | 672.70 |
| Total | $ | 747.20 |

# EXHIBIT 3

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **W. R. GRACE & CO., et al.,** | § | **Case No. 01-01139 (JKF)** |
| | § | |
| *Debtors.* | § | **Jointly Administered** |
| | § | |
| | § | Objection Deadline: 8/12/2009 |
| | § | Hearing Date: TBD (if needed) |

### SUMMARY OF FIFTH APPLICATION OF ALEXANDER M. SANDERS, JR.
### FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT
### OF EXPENSES AS THE LEGAL REPRESENTATIVE FOR
### FUTURE ASBESTOS-RELATED PROPERTY DAMAGE CLAIMANTS
### AND HOLDERS OF DEMANDS FOR THE PERIOD
### FROM JUNE 1, 2009 THROUGH JUNE 30, 2009

| | |
|---|---|
| Name of Applicant: | Hon. Alexander M. Sanders, Jr., |
| Authorized to Provide Services To: | Future Asbestos-Related Property Damage Claimants and Holders of Demands |
| Date of Retention: | October 20, 2008, *nunc pro tunc* to September 22, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | June 1, 2009 to June 30, 2009 |
| Amount of Fees Sought as Actual Reasonable and Necessary: | $2,844.00  [80% of $3,555.00] |
| Amount of Expenses Sought as Actual, Reasonable and Necessary: | None |

This is a(n):   ☒ Monthly      ☐ Interim      ☐ Final Application

-1-

## PRIOR APPLICATIONS

| Date Filed | Period Covered | Requested Fees[1] | Requested Expenses | Status of Fees | Status of Expenses |
|---|---|---|---|---|---|
| 2/26/2009 | Inception to 2-26-2009 | $15,428.00 | $0 | Paid | Paid |
| 4/6/2009 | 2-26-2009 to 3-31-2009 | $17,892.00 | $2,305.49 | Paid | Paid |
| 5/27/2009 | 4-1-2009 to 4-30-2009 | $864.00 | $0 | Paid | Paid |
| 6/5/2009 | 5-1-2009 to 5-31-2009 | $16,308.00 | $747.20 | Paid | Paid |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Hon. Alexander M. Sanders, Jr. is the only professional providing services in this Fee

Application period.  Judge Sanders has practiced law for over 40 years, and his present billing

rate is $450 per hour.  In this Application period Judge Sanders performed 7.9 hours of services

as PD FCR, for a total amount billed of $3,555.00, of which 80% is currently sought, in the

amount of $2,844.00.

This is the Fifth Application for monthly fees and expenses.

---

[1] At 80% of the total incurred.

COMPENSATION BY PROJECT CATEGORY

| Project Category | Hours | Amount |
|---|---|---|
| Disclosure Statement and Confirmation | 7.9 hours | $3,555.00 |
| TOTAL | 7.9 hours | $3,555.00 |

Detail of the fees billed is attached hereto as Exhibit A.

CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 2016-2(f)

I, Alan B. Rich, attorney for the PD FCR, and a professional person seeking approval of this Monthly Fee Application on behalf of his client, and having reviewed the requirements of Local Rule 2016-2, hereby certify that in my opinion, this Monthly Fee Application complies with Local Rule 2016-2.

-3-

Respectfully Submitted,

_____
Alan B. Rich, Esq.
Texas Bar No. 16842350
1401 Elm Street, Suite 4620
Dallas, Texas 75202
(214) 744-5100
(214) 755-5101 (fax)
arich@alanrichlaw.com

COUNSEL TO HON. ALEXANDER
M. SANDERS, JR., LEGAL
REPRESENTATIVE FOR FUTURE
ASBESTOS-RELATED PROPERTY
DAMAGE CLAIMANTS AND HOLDERS
OF DEMANDS

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 23RD day of July, 2009, this document was served through the ECF system on all persons who have requested notice through the ECF system, and upon the special notice parties by electronic mail.

_____

# EXHIBIT A

*ALEXANDER M. SANDERS, JR.*
*SANDERS & NETTLES, LLC*
*Attorneys at Law*
*208 Lincoln Street*
*Columbia, South Carolina 29201*

*Mailing address:  19 Water Street*
*Charleston, SC 29401*

INVOICE FOR PROFESSIONAL SERVICES 6/1/09 to 6/30/09

As Legal Representative for Future Asbestos-Related Property Damage Claimants and Holders of Demands

**In re W. R. Grace**, No. 01-1139 (Bankr.D.Del)

| Date | Services Performed | Time |
|------|--------------------|------|
| 6/1/09 | Review of documents, including Joinder of Zurich Insurance Company and Zurich International to the Phase I Trial Brief for CNA Companies (4 pages); Maryland Casualty's Statement in Lieu of Brief in Support of Its Objection to the Plan, etc. (1 page); | 0.3 |
| 6/8/09 | Review of AXA Belgium's Phase I Trial Brief | 2.0 |
| 6/14/09 | Review of BNSF Railway Company's Motion to Quash Notice of Deposition of Phase II Witnesses filed by Arrowood Indemnity Company | 0.2 |
| 6/16/09 | Review of BNSF's final witness list | 0.1 |
| 6/23/09 | Review of the PD FCR Witnesses List for Phase II of the Confirmations Hearing | |
| | Review of article, "Asbestos cleanup 'emergency' declared in Montana town" | |
| | Review of separate Motions of BNSF Railway Company to Quash | |
| | Review of Order regarding Notice of Hearing filed at Doc.22170 "in the Nature of a Motion to Shorten" | 0.5 |

INVOICE 6/1/09 to 6/30/09
July 1, 2009
Page 2


6/28/09        Partial review of file in preparation for hearing before
               bankruptcy court                                                    4.8


                    7.9 @ $450/hour =  $  3,555.00