IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br><br>RE Docket No:  22748 |

**ARROWOOD'S OBJECTION TO CERTIFICATION OF COUNSEL AND PROPSOED ORDER SUBMITTED BY THE LIBBY CLAIMANT RE: ORDER REGARDING INDIVIDUAL CLAIMANT TESTIMONY [DKT. NO. 22748]**

　　　　NOW COMES, Arrowood Indemnity Co. f/k/a Royal Indemnity Company, ("Arrowood") by and through their undersigned counsel and objects to the Proposed Order and Certification of Counsel submitted by the Libby Claimants regarding: *Order Between the Plan Proponents and Libby Claimants Regarding Individual Claimant Testimony* (the "Certification")[Docket No. 22748] as follows.

　　　　1.　　On July 17, 2009, Arrowood filed its *Motion for Relief Against the Libby Claimants Based on Their Designation of Over 100 Witnesses for the Confirmation Hearing* (the "Motion")[Docket No. 22491]. This was Arrowood's motion. The Plan Proponents did not file a motion or otherwise file a joinder.

　　　　2.　　Arrowood's motion was premised on very simple and straightforward grounds. The Case Management Order required all parties to identify their confirmation witnesses in a preliminary witness list that was to be filed by a fixed date and to then file a shortened final witness list in June by a fixed date in June.[1]　　If a couple of new witnesses were added to the final witness list because of evidence not previously available, the Case Management Order gave the disclosing party 30-days to produce the newly disclosed individuals for deposition.[2]

---

[1] *See* Arrowood's Motion for Relief Against the Libby Claimants Based on Their Designation of Over 100 Witnesses for the Confirmation Hearing at 2 [Dkt. No. 24491].
[2] *See id.* at 5.

C:\Documents and Settings\tvs09062\Local Settings\Temporary Internet Files\Reservation to Cert of Counselr.doc

3. Contrary to the intent and purpose of the Case Management Order, the Libby Claimants added almost 1000 individuals (including all of their clients without identifying them all by name) to their final witness list in June.[3] In accord with the Case Management Order, Arrowood promptly requested that the newly disclosed witnesses be produced within the 30-days provided for in the Order.[4] The plaintiffs lawyers who represent the Libby Claimants declined, and failed, to produce a single witness for deposition within the time period required by the Order or otherwise.[5] They further refused to respond to basic written discovery concerning the identity of their clients and the nature of the purported claims.[6]

4. The Court heard arguments on the Motion on July 27, 2009. The Libby Claimants did not offer evidence at the hearing demonstrating that they produced for deposition any of their newly disclosed witnesses within the 30-day period required by the Case Management Order.[7]

5. Following argument on July 27, the Libby Claimants did not meet and confer with Arrowood concerning the form of order that the Libby Claimants submitted to the Court. Furthermore, the Libby Claimants affirmatively refused to share with Arrowood the draft stipulation that they proposed as a basis for offering testimony.

6. Arrowood objects to the form of proposed order submitted by the Libby Claimants. The Libby Claimants advanced no argument, and offered no evidence, at the hearing on the Motion that would justify allowing excusing them from the deadlines imposed by the Case Management Order. To allow the Libby Claimants to wait until after the close of fact and expert discovery, and after all parties have submitted confirmation and trial briefs, to produce their witnesses, would be grossly unfair and prejudicial. If this is allowed, Arrowood will be

---

[3] *See id.* at 2.
[4] *See id.* at 4-5.
[5] *See id*.
[6] *See id. at 5.*
[7] *See In re: W.R. Grace,* 01-01139 (JFK) Transcript of July 27, 2009 Hearing, submitted as exhibit A38 of Arroowood's Phase II Exhibits.

denied an opportunity to take discovery challenging the testimony of these last-minute witnesses. Arrowood will also be precluded from naming expert witnesses to counter or explain the testimony of these individuals. Further more, the limitations that the Libby Claimants insist be imposed on depositions in their proposed order would constitute a denial of Arrowood's fundamental rights of due process.[8]

7.   The Libby Claimants' stated reason for belatedly offering these witnesses is to provide evidence of the amounts paid for their settlements. This could readily be done through the offer into evidence of a summary schedule. There is no need to deviate from the Case Management Order. Nor have the Libby Claimants provided good cause to do so.

8.   According, Arrowood requests that the Motion be granted and, in lieu of the Libby Claimants' proposed form of order, that a one line order be entered stating that "The Motion is granted."

Dated:  August 13, 2009
        Wilmington, Delaware

/s/ Garvan F. McDaniel
Garvan F. McDaniel, Esq. (#4167)
BIFFERATO GENTILOTTI, LLC
800 N. King Street-Plaza Level
Wilmington, DE 19801
Tel: (302) 429-1900
Fax: (302) 429-8600

- and -

Carl. J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, New York 10017
Tel: (212) 490-3000

- and -

---

[8] Arrowood has not agreed to the admission of declarations by the Libby Claimants. Nor have any declarations been provided to Arrowood to review. Indeed, the Libby Claimants have not even disclosed to Arrowood what they have in mind since they have taken the position that the need not meet and confer with anyone other then the Plan Proponents..

Tancred V. Schiavoni, Esq.
Gary Svirsky, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Tel: (212) 326-2000

*Attorneys for Arrowood Indemnity Company f/k/a Royal Indemnity Company*