**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Re: D.I. 20872, 21783, 22426, 22527** |

**SUPPLEMENTAL PRE-TRIAL SUBMISSION OF
MARYLAND CASUALTY COMPANY**

In accordance with paragraph 4 of the *Order Regarding Phase II Pre-Trial Proceedings* [D.I. 22347] dated July 7, 2009, Maryland Casualty Company ("MCC"), by and through its undersigned counsel, hereby submits its Supplemental Pre-Trial Submission for the Phase II Confirmation Hearing.

**I.      Statement of Issues**

In support of its position with regard to the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of February 27, 2009* [D.I. 20872] ("First Amended Plan"), MCC presently intends to present and/or address the following issues:

1.      The First Amended Plan fully and permanently protects MCC from and against, and permanently enjoins, any and all claims by third parties against MCC arising from or relating to the Debtors, their products or their operations ("Third Party Claims").

2.      Third Party Claims include the so-called "direct" claims asserted by the Libby Claimants[1] against MCC arising from or relating to Debtors' products and/or operations in Libby, Montana ("Libby Claims").

---

[1] Capitalized terms not defined herein have the meaning defined in the First Amended Plan.

3.      Although alleged to be "independent" claims against MCC, the Libby Claims are not independent at all; they are claims based on the Debtors' conduct, products and/or operations that have been creatively crafted to implicate MCC.[2]

4.      The Libby Claims are derivative claims, implicate the conduct and liability of the Debtors, and fully trigger the obligations of W.R. Grace & Co. – Conn.[3] and all of its subsidiaries and successors to, *inter alia*, indemnify and hold MCC harmless from and against all future liability, loss, cost, or expense arising from asbestos-related claims[4] ("MCC Indemnity Rights")[5].

5.      MCC is entitled to the protection provided by the Asbestos PI Channeling Injunction because, *inter alia*,: (i) MCC is a third party who is identifiable from the terms of the Asbestos PI Channeling Injunction; (ii) MCC is alleged to be directly or indirectly liable for

---

[2] *See Transcript of Hearing held on August 26, 2002*, (U.S. Bankruptcy Court, D. Del., Case No. 01-01139, D.I. 2670), p. 15 at 15-18: THE COURT: "Regardless of what the documentation says or doesn't say, the question is whether or not Maryland was a volunteer, or somehow or other a principal, as opposed to an agent, in undertaking some obligation. Now, maybe I'm missing documents. But I got I think two binders full that were submitted to me in Pittsburgh. I read every word of those documents. There is nothing in the documents that were sent to me that establishes that Maryland was acting as anything other at any time than as an agent for the Debtor. Nothing;" s*ee also, e.g. Debtors' Sur-Reply to Carol Gerard's Reply in Support of her Motion to Clairify the Scope of, or in the alternative, to Modify the Preliminary Injunction*, dated March 15, 2002 (U.S. Bankruptcy Court, D. Del. Case No. 01-01139, Adv. Pro. No. 01-771, D.I. 92), at pg. 2: "Indeed, Ms. Gerard's alleged 'independent' claim against Maryland for negligence involves actions that generally only Grace, not Maryland, could have taken such as: providing facilities to prevent exposure to asbestos dust; controlling asbestos dust on Grace's premises; or exercising reasonable care in the operation of the Libby Plant. Maryland could not have taken these actions independently of Grace." . . . In fact, to the extent such actions were taken, they would have been performed at Grace's direction, with Grace determining and controlling the scope of Maryland's work."

[3] *See, e.g.* May 6, 2009, Deposition of Jeffrey Posner, at page 258:
    Q. "And in connection with the settlement agreements with Maryland Casualty specifically, you would agree that Grace has an ongoing obligation to indemnify or to provide indemnity consistent with those settlement agreements. Is that correct?"
    A. "Yes."

[4] *See* Agreement between W.R. Grace & Co. – Conn. and MCC dated September 1, 1991.

[5] *See, e.g. Brief of Appellees* [Debtors] dated March 3, 2003 (U.S. District Court, D. Del. C.A. No. 02-1549, D.I. 12 ), at pg. 10: "Any claims made by the Libby Plaintiffs against MCC trigger the release and contractual indemnity clause in the Settlement Agreement;" at pg. 11: "It is Grace's asbestos dust, Grace's dust control system and Grace's maintenance thereof that have allegedly caused the Libby Plaintiff's injuries;" at pg. 25: "Maryland' s alleged liability is wholly derivative of the Libby Plaintiffs' claims against Grace and implicates the indemnification rights of Maryland under the [Settlement] Agreement."

the conduct of, claims against and demands upon the Debtors arising by reason of MCC's previous provision of insurance to the Debtors[6]; and (iii) adequate consideration has been and will be provided in exchange for such protection.[7]

6.      This Court has jurisdiction to enjoin claims against MCC.

7.      Libby Claimants' proposal to "carve out" operations claims from the structure of the First Amended Plan has no legal basis.

8.      Libby Claimants' "Vested Rights" theory has no legal basis and has already been rejected by this Court.[8]

9.      Even if the Libby Claimants have any entitlement to proceeds of the MCC Policies,[9] any assertion of a Libby Claim against MCC will trigger the MCC Indemnity Rights and will result in MCC's assertion of an indemnity claim against the Debtors.

10.     BNSF is neither a named insured nor an additional insured under the MCC Policies.

---

[6] *See, e.g. Debtors' Sur-Reply to Carol Gerard's Reply in Support of her Motion to Clarify the Scope of, or in the alternative, to Modify the Preliminary Injunction*, dated March 15, 2002 (U.S. Bankruptcy Court, D. Del., Case No. 01-01139, Adv. Pro. No. 01-771, D.I. 92), at pg. 2: "Ms. Gerard's claims against Maryland relate to Grace's asbestos liabilities at the Libby Plant, which are covered by the Maryland Policies."

[7] *See,* May 1, 2009, Deposition of Peter Van N. Lockwood, Esq., at pages 131-32:
     Q. ". . . what benefits are being provided by or on behalf of settled asbestos insurance companies listed on Exhibit - 5?"

     A. "It is the position of the ACC that Grace is paying close to $3 billion of value to the Trust on behalf of not only itself but . . . settled asbestos insurers. [T]the purpose of putting settled asbestos insurers in here is not to provide a gratuitous [sic] asbestos insurers because we think they are nice folks.  Settled asbestos insurers, by definition, are insurers that have indemnity rights against Grace."

     Q. "They have also paid a lot of money?"

     A. "And they paid a lot of money in the past.  But the past money – money is fungible.  The past money went into Graces' coffers, went out or didn't go out, et cetera. But they are not being asked for any new money."

[8] *See* Transcript of Hearing held on July 27, 2009 (U.S. Bankruptcy Court, D. Del., Case No. 01-01139, D.I. TBD), p. 137-198.

[9] MCC Policies are the general liability insurance policies issued by MCC to Debtors listed in Exhibit 5 to the Exhibit Book to the First Amended Plan.  The MCC Policies are subject to Asbestos Insurance Settlement Agreements.

11.     Even if BNSF had any rights under the MCC Policies, the MCC Policies are fully settled, and any assertion of those rights by BNSF will trigger the MCC Indemnity Rights and will result in MCC's assertion of an indemnity claim against the Debtors.

12.     Scotts is not an "additional insured" under any of the MCC Policies; nor do the MCC Policies provide any coverage to Scotts for any Asbestos PI Claims asserts against Scotts; nor are any of the MCC Policies "shared" by Scotts and the Debtors.

13.     Even if Scotts had any rights under the MCC Policies, the MCC Policies are fully settled, and any assertion of those rights by Scotts will trigger the MCC Indemnity Rights and will result in MCC's assertion of an indemnity claim against the Debtors.

14.     The First Amended Plan fails to comply with various confirmation requirements of section 1129 of the Bankruptcy Code and therefore cannot be confirmed.  Specifically, the First Amended Plan:

      a.  Mis-classifies the MCC Claims[10];

      b.  Fails to provide fair and equitable treatment to the MCC Claims;

      c.  Violates section 1129(b)(2)(B)(ii) of the Bankruptcy Code;

      d.  Unfairly discriminates against the MCC Claims;

      e.  Contains releases and exculpations that are impermissible under applicable law; and

      f.  Is not feasible.

**II.     List of Witnesses**

In support of its Objection to the First Amended Plan, MCC may call one or more of the following witnesses at the Phase II Confirmation Hearing:

---

[10] As defined in MCC's Brief in Support of its Objection to the First Amended Plan [D.I. 22426].

1.      Al McComas and/or a records custodian of MCC (live or via affidavit) will testify, if necessary, in support of MCC's position on the issues set forth in section I above, and specifically regarding (but not limited to) the exhibits listed in Section III below;

2.      Peter Lockwood (live or via deposition transcript) concerning the issues raised in Mr. Lockwood's deposition in this case;

3.      Jeffrey Posner (live or via deposition transcript) concerning the issues raised in Mr. Posner's deposition in this case;

4.      Any witness(es) designated and/or called by any other party;

5.      Any witness(es) necessary in rebuttal to any evidence or argument made at or before the Confirmation Hearing that is or may be contrary to the interests of MCC; and

6.      In accordance with paragraph 6 of the Third Amended Case Management Order Related to the First Amended Joint Plan of Reorganization [D.I. 21544], MCC may call any witness(es) necessary in rebuttal to any evidence or argument made at or before the Confirmation Hearing relating to Libby issues that is or may be contrary to the interests of MCC.

**III.    List of Exhibits**

MCC may introduce one or more of the following as exhibits at the Phase II Confirmation Hearing:

1.      Settlement Agreements between W.R. Grace & Co. - Conn. and Maryland Casualty Company;

2.      All complaints filed by any and all Libby Claimants that allege any causes of action against MCC, either individually or jointly with others;

3.      Responses of parties to discovery requests in these chapter 11 cases;

4.      Transcripts of any and all prior hearings in these cases, including appeals;

5.      All pleadings filed in these cases;

6.      Any exhibits offered by any other party; and

7.      Any exhibits necessary in rebuttal to any evidence or argument made at or before the Confirmation Hearing that is or may be contrary to the interests of MCC, including MCC insurance policies.

**IV.    Reservation of Rights and Joinder**

MCC hereby reserves the right to amend and/or supplement this Pre-Trial Submission based upon any subsequent filings and other developments relating to the First Amended Plan. In addition, MCC hereby joins the pre-trial submissions filed by other parties-in-interest to the extent such pre-trial submissions are not inconsistent with MCC's interests, and the positions set forth herein.

Dated: August 13, 2009              CONNOLLY BOVE LODGE & HUTZ LLP

                                    /s/ Kelly M. Conlan
                                    Jeffrey C. Wisler (#2795)
                                    Marc J. Phillips (#4445)
                                    Kelly M. Conlan (#4786)
                                    The Nemours Building
                                    1007 N. Orange Street
                                    P.O. Box 2207
                                    Wilmington, DE  19899
                                    (302) 658-9141 Telephone
                                    (302) 658-0380 Facsimile

                                    OF COUNSEL:

                                    Edward J. Longosz, II
                                    Eckert Seamans Cherin & Mellott, LLC
                                    1747 Pennsylvania Avenue, N.W.
                                    Suite 1200
                                    Washington, DC  20006
                                    (202) 659-6600 Telephone
                                    (202) 659-6699 Facsimile

Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, DC 20006
(202) 719-7170 Telephone
(202) 719-7049 Facsimile

*Attorneys for Maryland Casualty Company*

#707380v1

_____