IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.* | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | **Objection Deadline: August 28, 2009** |
| | ) | **Hearing Date: September 8, 2009 at 11:00 a.m.** |

## PLAN PROPONENTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF INDIVIDUAL CLAIMANTS REGARDING GRACE'S CULPABILITY AND THE EFFECTS OF ASBESTOS ILLNESSES

### PRELIMINARY STATEMENT

In their Phase II Pretrial Submission, the Libby Claimants proffered testimony from sixty-two individual witnesses to testify on issues such as exposure to asbestos mined by W.R. Grace & Co. ("Grace"), symptoms of their diseases, and the impact of their diseases on their daily lives. Any testimony that these witnesses might offer on Grace's culpability for their injuries and the effects of asbestos-related illness on their lives is not relevant to any issue in the Phase II hearings. Therefore, the Plan Proponents[1] respectfully request that the Court enter an order precluding witnesses proffered by the Libby Claimants from testifying about these topics.

---

[1] The Plan Proponents include Debtors W.R. Grace & Co., *et al.*, The Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders.

## ARGUMENT

I. **TESTIMONY REGARDING GRACE'S CULPABILITY OR THE EFFECTS OF ASBESTOS-RELATED ILLNESSES IS NOT RELEVANT TO ANY ISSUE FOR CONFIRMATION**

(A) **The Court Has Already Indicated that this Testimony Is Not Relevant**

The Court has already indicated that testimony about Grace's culpability and the effects of asbestos-related illnesses is not relevant to any issue for confirmation. On May 14, 2009, the Court, in response to the Libby Claimants' argument that such testimony should be admitted, stated: "I don't think it's appropriate for this Court to be doing mini-trials on personal injury actions . . . [t]hat's not the plan confirmation function."[2] Nonetheless, the Court deferred making a comprehensive ruling on the admissibility of trial testimony from individual Libby claimants, recognizing a remote possibility that these witnesses could present other relevant testimony.[3]

In their Phase II Pretrial Submission, the Libby Claimants proffered sixty-two individual witnesses to testify on issues such as exposure to Grace asbestos, the symptoms of their diseases, and the impact of their diseases on their daily lives.[4] The Court has since instructed the Libby Claimants to limit their proffer to five individual witnesses, again expressing doubts that these witnesses can offer relevant testimony.[5] The Plan Proponents maintain that these witnesses cannot testify concerning any issue relevant to confirmation, and reserve the right to later move to exclude any testimony they might offer. But at this time, in recognition of the Court's decision to defer a comprehensive ruling, the Plan Proponents merely seek an order reflecting the

---

[2] Transcript of 5/14/2009 Hr'g at 71 [Dkt. 21882].

[3] Transcript of 5/14/2009 Hr'g at 79 [Dkt. 21882] ("You've asked me at this point, do I see a reason why I would permit your witnesses to testify. Based on what I've heard so far, I don't. Whether something will happen at trial, I don't know, Mr. Cohn. You can preserve that proffer for trial.").

[4] Libby Claimants' Phase II Pre-Trial Submission at 6-18 [Dkt. 22563].

[5] Transcript of 7/27/2009 Hr'g at 165 [Dkt. 22674] ("So pick four or five of them, because I probably won't even hear that . . . I'm not ruling that they're relevant. I doubt that they will be relevant based on other confirmation hearings").

Court's prior rulings and excluding testimony on certain topics that are clearly irrelevant to confirmation.

### (B) Testimony Concerning Culpability or Personal Impact Is Not Relevant to any of the Objections to Confirmation Raised by the Libby Claimants

The core premise of the Libby Claimants' plan objections is that the Libby claims are different from and more valuable than other Asbestos PI Claims. Based on this assertion, the Libby Claimants argue that their claims are discriminated against under the First Amended Joint Plan through its accompanying Asbestos PI Trust Distribution Procedures (the "TDPs"), and that their claims cannot be classified with other Asbestos PI Claims.[6] For the reasons stated in the Plan Proponents' Phase II Trial Brief in Response to Confirmation Objections of the Libby Claimants, these arguments fail as a matter of law, and no further evidence is necessary to determine these issues.[7] But even to the extent that such evidence is admitted, testimony regarding Grace's culpability or the personal impact of asbestos-related disease is simply not relevant to any of the arguments raised by the Libby Claimants. That Grace is subject to claims by Libby Claimants is not in dispute -- no party is objecting the Libby Claimants' standing to argue its objections.[8] And the Phase II confirmation hearing is neither the time nor the place to attempt to prove the merits of individual asbestos claims.[9]

---

[6] *See* Trial Brief of Libby Claimants in Opposition to Confirmation of First Amended Joint Plan of Reorganization at 50, 57, 68 [Dkt. 22439].

[7] Plan Proponents' Phase II Trial Brief in Response to Confirmation Objections of the Libby Claimants at 27, 66-70 [Dkt. 22731].

[8] *See* Transcript of 5/14/2009 Hr'g at 47 [Dkt. 21882]; Stipulation Concerning Libby Claimants' Standing in Respect of Treatment of Claims for Wrongful Death and Loss of Consortium under Trust Distribution Procedures [Dkt. 21929].

[9] *See* Transcript of 5/14/2009 Hr'g at 71 [Dkt. 21882] ("I don't think it's appropriate for this Court to be doing mini-trials on personal injury actions . . . [t]hat's not the plan confirmation function").

Individual claimants cannot testify to expert conclusions. If the Libby Claimants argue that the TDPs exclude them from recovering the fair value of their claims because their symptoms are unique, this must be the subject of expert testimony.[10] Individual claimants are not competent to testify concerning the relative value of their claims compared with those of non-Libby claimants, even if their testimony would show that Grace was culpable in their particular instances.[11]

The TDPs provide a highly detailed procedure for proving the merits of any Asbestos PI claim, and make specific allowances, through the Extraordinary Claims process, for the concerns raised by the Libby Claimants.[12] Once the Plan is confirmed, the Libby Claimants will have adequate opportunity to prove their claims under these procedures. Until that point, any testimony concerning culpability or personal impact is irrelevant.[13] See Fed. R. Evid. 401. Therefore, such testimony should be excluded from the Phase II Confirmation Hearing. See Fed. R. Evid. 402.

## CONCLUSION

For the reasons stated herein, any testimony from individual claimants concerning Grace's culpability for their injuries and the effect of asbestos-related illness on their lives is not relevant to any issue before the Court in the Phase II hearings. Therefore, this testimony should be excluded.

---

[10] Transcript of 5/14/2009 Hr'g at 65 [Dkt. 21882] ("That's what the medical expert should tell me.").

[11] Transcript of 7/27/2009 Hr'g at 168 [Dkt. 22674] ("An individual plaintiff can't possibly tell me that their settlement was higher than the settlement of another individual plaintiff.").

[12] See Asbestos PI Trust Distribution Procedures, §§ 5.4(a), 5.7, at Exhibit 4 to the Exhibit Book to the First Amended Joint Plan.

[13] The Libby Claimants also object on various other grounds not specifically analyzed, to which evidence of Grace's culpability and the effects of asbestos-related illness is also clearly irrelevant. These include objections relating to jury trial rights, violation of the Libby Claimants' right to have their claims allowed in accordance with nonbankruptcy law, the scope of injunctions and exculpations, and the best interests of the creditors test.

Dated: August 14, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP

David M. Bernick, P.C.
Theodore Freedman
Nathaniel Kritzer
Citigroup Center
601 Lexington Ave.
New York, New York  10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

and

Barbara M. Harding
Brian T. Stansbury
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5200

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone:  (312) 641-2162
Facsimile:  (312) 641-2165

and

PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
joneill@pszjlaw.com
kmakowski@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC

/s/ Mark T. Hurford
Mark T. Hurford (Bar No. 3299)
Marla R. Eskin (Bar No. 2989)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
mhurford@camlev.com

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of
Asbestos Personal Injury Claimants*

PHILIPS, GOLDMAN & SPENCE, P.A.

/s/ John C. Philips
John C. Philips (Bar No.110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pgslaw.com

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T Austern, Asbestos PI Future Claimants' Representative*

SAUL EWING LLP

/s/ Teresa K.D. Currier
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, 12th Fllor
Wilmington, DE 19801
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
tcurrier@saul.com

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Howowitz
David Blabey
1177 Avenue Of The Americas
New York, NY 10036
Telephone: (212) 715-9100
*Counsel for the Official Committee of Equity Security Holders*