IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO., et al.** | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |
| | ) | **Objection Deadline: August 28, 2009** |
| | ) | **Hearing Date: September 8, 2009 at 11:00 a.m.** |

## PLAN PROPONENTS' MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY ON BEHALF OF THE LIBBY CLAIMANTS WHERE THE RELIANCE MATERIALS ON WHICH THE TESTIMONY IS BASED HAVE NOT BEEN PRODUCED

### PRELIMINARY STATEMENT

At the Phase II Confirmation Hearing, the Libby Claimants seek to introduce expert testimony from Dr. Alan C. Whitehouse as to the supposedly unique nature of asbestos-related disease in Libby, Montana. Dr. Whitehouse bases his opinion on his analysis of the records of 1800 patients allegedly suffering from asbestos-related disease, who were treated at the Center for Asbestos Related Disease (CARD) Clinic. The Libby Claimants would also have Dr. Arthur L. Frank testify as to matters in the reports of Dr. Whitehouse which he "concurs in." Similarly, Dr. Craig A. Molgaard will respond to criticisms of Grace's experts based on the results of the CARD mortality study. All of this testimony relies on hundreds of CARD patient records that have not been produced and will never be produced.

As this Court has recognized, the Federal Rules of Civil Procedure bar expert testimony where, as here, the underlying records on which the experts rely have not been produced. Accordingly, the Plan Proponents respectfully request that this Court apply its prior ruling, in which it barred Dr. Whitehouse's testimony on the nature of asbestos-related disease in Libby, to Drs. Frank and Molgaard.

If the Court decides that Dr. Whitehouse may testify in his capacity as a treating physician, the Plan Proponents also ask that the Court limit Dr. Whitehouse's testimony to those claimants that are testifying at trial in order to allow the Plan Proponents a meaningful opportunity to respond to Dr. Whitehouse's opinions.

## ARGUMENT

I. AS THIS COURT HAS HELD, THE FEDERAL RULES OF CIVIL PROCEDURE BAR DR. WHITEHOUSE FROM OFFERING EXPERT OPINIONS WHERE THE UNDERLYING RECORDS ON WHICH HE RELIED HAVE NOT BEEN PRODUCED.

The sum and substance of Dr. Alan Whitehouse's December 29, 2008 expert report is that people in Libby Montana have a singularly unique and different asbestos-related disease than those in other locations who have been exposed to asbestos.[1] Indeed, the Libby Claimants have taken the position that the TDP does not account for the differences in asbestos disease in Libby, including the severity, progression, and probability of death,[2] and they seek to have Dr. Whitehouse give expert testimony in support of this position at the Phase II Confirmation Hearing. Dr. Whitehouse's opinions on Libby asbestos-related disease are predicated on his analysis of the medical records of 1,800 patients at the CARD Clinic whom he asserts were exposed to tremolite in Libby, Montana.[3] But the Libby Claimants have failed to produce any medical records for approximately 850 of these patients and have recently taken the self-defeating position that the production of these records is a "practical impossibility." See

---

[1] See Expert Report by Dr. Alan C. Whitehouse ("12/29/08 Whitehouse Report"), dated December 29, 2008, attached hereto as Exhibit A.

[2] See Libby Claimant's Phase II Pre-Trial Submission ("Libby Pre-Trial Submission") at 5, dated July 20, 2009 [Dkt. 22563]; see generally Trial Brief of Libby Claimants in Opposition to Confirmation of First Amended Joint Plan of Reorganization ("Libby Trial Brief"), dated July 13, 2009 [Dkt. 22439].

[3] 12/29/08 Whitehouse Report ¶¶ 2, 5, 31-32, 34-36, 40-43, 47, 49-50, 69-73, 75-80, Ex. A.

2

Transcript of Proceedings Before The Honorable Judith K. Fitzgerald United States Bankruptcy Court Judge, dated July 27, 2009 ("7/22/09 Hrg. Tr.") at 155:10 [Dkt. 22674].

It may be true that the Libby Claimants cannot produce the medical records of the CARD patients. But this means that they may not offer expert testimony that relies on these records. This Court has already recognized that the Federal Rules of Civil Procedure prohibit Dr. Whitehouse from offering expert opinions as to the nature of asbestos-related disease in Libby where these opinions are based on the medical records of hundreds of patients that have not been produced.[4] In fact, this Court has repeatedly warned the Libby Claimants that they may not introduce expert opinions without making the underlying reliance materials available.

The issue was first raised by Arrowood Indemnity Company on April 9, 2009 in a motion asking the Court to strike Dr. Whitehouse's expert report or alternatively compel the production of documents and databases on which he relied.[5] The Debtors filed a response in support of Arrowood's motion on May 8, 2009. In these pleadings, the parties cited Fed. R. Civ. P. 26(a)(2)(B)[6] ("Rule 26"), which requires a party proffering an expert opinion to produce all "information considered by the [expert] in forming [his or her] opinion." Fed. R. Civ. P. 26(a)(2)(B).[7] The purpose of this rule is simple. "The purpose of [Rule 26(a)(2)(B)] is to give opposing parties a reasonable opportunity to prepare for effective cross examination or to secure

---

[4] Modified Order Granting in Part Motion of Arrowood Indemnity Company, F/K/A Royal Indemnity Company to Strike Whitehouse Expert Report or, Alternatively, Compel the Production of Documents and Databases on Which He Relies and for Entry of a Confidentiality Order ("Modified Order"), dated May 27, 2009 [Dkt. No. 21874].

[5] See Motion to Strike Whitehouse Expert Report or, Alternatively Compel The Production of Documents and Databases on Which he Relies and for Entry of a Confidentiality Order ("Arrowood Motion"), dated April 9, 2009 [Dkt. 21245].

[6] FRCP 26 is made applicable by Federal Rule of Bankruptcy Procedure 7026.

[7] See Arrowood Motion at 10-12; Debtor's Response in Support of the Motion to Strike Whitehouse Expert Report ("Debtors' Response") at 8-10, dated May 8, 2009 [Dkt. 21591].

their own expert witness.") See McMillan v. Weeks Marine, Inc., 478 F. Supp. 2d 651, 659 (D Del. 2007); see also Brooks v. Price, 121 Fed. Appx. 961, 965 (3d Cir. 2005) ("Rules 26(a) and (b) recognize that being forced to cross-examine an opposing expert without the benefit of a meaningful opportunity to depose him puts a party as a substantial disadvantage.") (emphasis added).

Rule 37 requires that the Court exclude an expert's opinions where the expert fails to make such production, except where the failure to produce the information "was substantially justified or is harmless." See Fed. R. Civ. P. 37(c)(1) (made applicable by Federal Rule of Bankruptcy Procedure 7037); see also United States v. 68.94 Acres of Land, 918 F.2d 389, 396-97 (3d Cir. 1999) (upholding exclusion of expert testimony where expert relied on data that plaintiffs had failed to disclose).

On May 14, 2009, the Court heard argument regarding the Libby Claimants' failure to produce the medical records. And the Court agreed that these Rules bar Dr. Whitehouse from offering an expert opinion formed based upon reliance of records that are not produced. The Court explained that it must be able to evaluate reliance materials:

> THE COURT: You're making an assumption that there is Libby asbestos disease. I don't know that there's Libby asbestos disease as opposed to the rest of the world asbestos disease. And he's apparently the person who's going to tell me that. In order for me to evaluate his opinion, I need to know what he relied on.

Transcript of Proceedings Before The Honorable Judith K. Fitzgerald United States Bankruptcy Court Judge, May 14, 2009 ("5/14/09 Hrg. Tr.") at 101:24-102:4 [Dkt. 21882]. The Court further explained that if Dr. Whitehouse is going to opine that there is something special about Libby asbestos disease and the reason he's gotten to that opinion is because he's looked at this population of 1800 patients, then "that population database has to be disclosed so that other people can take a look at it." Id. at 105:12-13 (emphasis added).

4

On May 27, 2009, the Court confirmed its position in a formal order holding that should the Libby Claimants fail to produce a complete set of medical records, Dr. Whitehouse would be barred "from offering any expert opinion that was formed based upon reliance, in whole or in part, on the records." See Modified Order at 2 [Dkt. No. 21874]. The Libby Claimants have failed to produce these records and will not produce these records.

Despite the Libby Claimants' attempt to have this Court reconsider its position, the Court has confirmed that this testimony is barred because the Libby Claimants have not produced the underlying reliance materials. At the July 27, 2009 hearing at which the Court heard the Libby Claimants' Motion to Reconsider, the Court made it clear that this prohibition is mandated by the Rules of Civil Procedure. In response to the Libby Claimants' arguments that Dr. Whitehouse does not have the power to produce the critical records, the Court stated in no uncertain terms that "the rules are very clear. That the evidence that the expert relies on has to be producible. If he couldn't produce it, he shouldn't have been using it." 7/27/09 Hrg. Tr. at 156:6-8. Indeed, the Court correctly noted that "[t]hose are the requirements of the Federal Rules. If you designate someone as an expert, that's the requirement of the Federal Rules." Id. at 156:21-23. As the Court recognizes, it could not legally allow testimony on these issues even if it wanted to:

> THE COURT: The Rule says you produce the records. That's the Rule. That's not this Court's rule. That's the Federal Rules.

Id. at 159:5-6. The Court finally concluded, "I just don't see a way around the production requirement." Id. at 161:14-15. The Court does not see a way around the production requirement because there is none. The Rules of Civil Procedure plainly prohibit testimony as to the nature of asbestos-related disease in Libby that is based on records of CARD patients that have not been produced. Accordingly, the Court has

asked the Plan Proponents to submit a proposed order denying the Libby Claimants' reconsideration of this issue. And the Plan Proponents have done so.[8]

## II. THE FEDERAL RULES OF EVIDENCE ALSO PRECLUDE DR. FRANK AND DR. MOLGAARD FROM OFFERING EXPERT OPINIONS THAT ARE BASED ON THESE RECORDS.

In a transparent attempt at an "end-run" around this Court's order, the Libby Claimants seek to have Dr. Frank "testify to the matters set forth at Evidence to be Established by Dr. Alan C. Whitehouse, paragraphs 3-23, and [] additional matters in the reports of Dr. Whitehouse (which Dr. Frank concurs in)..."[9] Similarly, the Libby Claimants seek to have Dr. Molgaard counter testimony of Grace's experts based on the findings of the CARD studies and other studies conducted by Dr. Whitehouse.[10]

But Dr. Frank and Dr. Molgaard cannot testify as to matters that Dr. Whitehouse himself cannot testify to. The analysis is not different because the testifying experts are different. No one may present any expert testimony that relies on the records of CARD patients because the underlying records on which these opinions are based have not been produced in violation of Rules 26(a)(2)(B) and 37(c)(1). The Rules apply with no less force when Drs. Frank and Molgaard seek to testify without presenting the requisite reliance materials. The Plan Proponents' "opportunity to prepare for effective cross examination" is equally stymied when Drs. Frank and Molgaard present expert opinions based on evidence to which the Plan Proponents have no access. See McMillan, 478 F. Supp. at 659; Brooks v. Price, 121 Fed. Appx. at 965.

---

[8] See Proposed Order at 5 [Dkt. 22476, Exhibit A].

[9] Libby Pre-Trial Submissions, Exhibit B: Evidence to be Established by Dr. Arthur L. Frank, at 1 [Dkt. 22563].

[10] Libby Pre-Trial Submissions, Exhibit D: Evidence to be Established by Dr. Craig A. Molgaard, Ph.D., at ¶¶ 4-7 [Dkt. 22563].

Indeed, in reaching its conclusion that there is "no way around the production requirement" with respect to Dr. Whitehouse's testimony, the Court expressly considered the prejudicial effect on opposing parties that is the impetus behind the Federal Rules' prohibition on expert testimony when underlying reliance materials have not been produced.

> THE COURT: Well, first of all, the records haven't been produced. And so, to the extent that someone wants to cross-examine him about that fact, how can they, when the evidence hasn't been produced?...The evidence still has to be produced.

7/27/09 Hrg. Tr. at 161:5-11. This remains true when Dr. Frank and Dr. Molgaard seek to present testimony that relies on records that have not been and will not be produced. Such testimony would violate the Federal Rules of Civil Procedure and this Court's order.

### III. DR. WHITEHOUSE'S TESTIMONY AS A TREATING PHYSICIAN MUST BE LIMITED TO THE CLAIMANTS TESTIFYING AT TRIAL.

The Plan Proponents maintain Dr. Whitehouse should not be able to testify as a treating physician because he can offer no information that is relevant to Plan confirmation in this capacity. As a treating physician, Dr. Whitehouse can only testify about diagnoses of individual patients, but these individual diagnoses cannot show that the TDP is discriminatory towards the Libby Claimants and are irrelevant to the Libby Claimants' objections.[11]

But to the extent that the Court finds such testimony is relevant and otherwise appropriate, the Plan Proponents request that the Court limit Dr. Whitehouse's testimony to the 6 witnesses that the Libby Claimants have agreed will testify at the Phase II Confirmation Hearing.[12] Additional testimony on the particularized issues individual patients face is unnecessarily duplicative and detracts from the main issues the Court must resolve in order to

---

[11] See Plan Proponents Motion in Limine to Exclude Expert Testimony of Alan Whitehouse, M.D., Arthur Frank, M.D., Craig Molgaard, Ph.D., and Terry Spear, Ph.D at 27-28 [Dkt.

[12] See Order Regarding the Plan Proponents and Libby Claimants Regarding Individual Claimant Testimony ("Order on Individual Testimony") at 5 [Dkt. 22748, Ex. A].

7

test
test

determine that the Plan should be confirmed. As the Court has previously observed, it is not "appropriate for this Court to be doing mini-trials on personal injury actions." 5/14/09 Hrg. Tr. at 71:2-3. "That's not the plan confirmation function." Id. at 71:14. The Plan Proponents also must have the opportunity to review the evidence and respond to it effectively. That is possible with respect to these 6 witnesses as they will be deposed and their records will be produced.[13] That is not possible for unidentified patients whose records will not be produced.

## CONCLUSION

Because testimony based on the CARD studies is barred by the Federal Rules in light of the Libby Claimants' failure to produce the underlying patient records, the Plan Proponents respectfully request that the Court bar all expert testimony as to the nature of asbestos-related disease in Libby that relies on the CARD studies. The Plan Proponents also respectfully request that the Court limit Dr. Whitehouse's testimony as a treating physician to claimants testifying at trial, to the extent the Court determines that such testimony is relevant and admissible..

Dated: August 14, 2009  Respectfully submitted,

KIRKLAND & ELLIS LLP

David M. Bernick, P.C.
Theodore Freedman
Justin S. Brooks
Citigroup Center
601 Lexington Ave.
New York, New York  10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

and

---

[13] Order on Individual Testimony at 6.

Barbara M. Harding
Brian T. Stansbury
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5200

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162
Facsimile: (312) 641-2165

and


PACHULSKI STANG ZIEHL & JONES LLP

/s/ James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
joneill@pszjlaw.com
kmakowski@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC

/s/ Mark T. Hurford
Mark T. Hurford (Bar No. 3299)
Marla R. Eskin (Bar No. 2989)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
mhurford@camlev.com

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of
Asbestos Personal Injury Claimants*

PHILIPS, GOLDMAN & SPENCE, P.A.

/s/ John C. Philips
John C. Philips (Bar No.110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pgslaw.com

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T Austern, Asbestos PI Future Claimants' Representative*

SAUL EWING LLP

/s/ Teresa K.D. Currier
Teresa K.D. Currier (Bar No. (3080)
222 Delaware Avenue, 12th Fllor
Wilmington, DE 19801
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
tcurrier@saul.com

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Howowitz
David Blabey
1177 Avenue Of The Americas
New York, NY 10036
Telephone: (212) 715-9100
*Counsel for the Official Committee of Equity Security Holders*