# EXHIBIT A

```
    IN THE UNITED STATES BANKRUPTCY COURT
       FOR THE DISTRICT OF DELAWARE

_____X
In Re:                          Chapter 11

                                Case No.
                                01-01139 JKF
W.R. Grace & Co., et al.,

                                (Jointly
            Debtors.            Administered)
_____X
```

- - -

May 6, 2009

- - -

DEPOSITION of JEFFREY POSNER, held at the offices of Kirkland & Ellis, 655 Fifteenth Street, N.W., Washington, DC, commencing at 9:08 A.M., on the above date, before Lisa Lynch, a Registered Merit Reporter, New Jersey Certified Court Reporter, License No. XI00825, and Certified Realtime Reporter

- - -

MAGNA LEGAL SERVICES, LLP

7 Penn Center, 8th Floor

1635 Market Street

Philadelphia, PA  19103

1.866.MAGNA.21

Page 2

1  APPEARANCES:
2
   DRINKER BIDDLE & REATH, LLP
3  BY: MICHAEL F. BROWN, ESQUIRE
   One Logan Square
4  18th and Cherry Streets
   Philadelphia, Pennsylvania 19103-6996
5  (brownmf@dbr.com)
   Representing OneBeacon America Insurance
6  Company, Seaton Insurance Company,
   Government Employees Insurance Company,
7  Columbia Insurance Company f/k/a Republic
   Insurance Company
8
9  ANDERSON KILL & OLICK, PC
   BY: ROBERT M. HORKOVICH, ESQUIRE
10 1251 Avenue of the Americas
   New York, New York 10020
11 212.278.1322
   (rhorkovich@andersonkill.com)
12 Representing Grace, Official Committee of
   Asbestos Personal Injury Claimants ("ACC")
13
14 W.R. GRACE & CO.
   BY: RICHARD C. FINKE, ESQUIRE*
15    ASSISTANT GENERAL COUNSEL
      (*VIA TELECONFERENCE)
16 5400 Broken Sound Boulevard, NW
   Suite 300
17 Boca Raton, Florida 33487
   561.362.1533
18 Representing W.R. Grace & Co.
19
   KIRKLAND & ELLIS, LP
20 BY: LISA G. ESAYIAN, ESQUIRE
   300 North LaSalle Street
21 Chicago, Illinois 60654
   312.862.2226
22 (lisa.esayian@kirkland.com)
   Representing the Debtors
23
24

Page 3

1  APPEARANCES: (continued)
2  SIMPSON THACHER & BARTLETT, LLP
   BY: MARY BETH FORSHAW, ESQUIRE
3  425 Lexington Avenue
   New York, New York 10017-3954
4  212.455.2846
   (mbforshaw@stblaw.com)
5  Representing Travelers Casualty and Surety
   Company
6
7  VORYS, SATER, SEYMOUR AND PEASE, LLP
   BY: WILLIAM J. POHLMAN, ESQUIRE
8  52 East Gay Street
   Columbus, Ohio 43215
9  614.464.8349
   (wjpohlman@vorys.com)
10 Representing The Scotts Company, LLC
11
   COHN WHITESELL & GOLDBERG, LLP
12 BY: DANIEL C. COHN, ESQUIRE
   101 Arch Street
13 Boston, Massachusetts 02110
   617.951.2505
14 (cohn@cwgll.com)
   Representing the Libby Claimants
15
16 LEWIS, SLOVAK & KOVACICH, PC
   BY: MARK M. KOVACICH, ESQUIRE
17 P.O. Box 2325
   723 Third Avenue
18 Great Falls, Montana 59403
   406.761.5595
19 mark@lsklaw.net
   Representing the Libby Claimants
20
21 SPEIGHTS & RUNYAN
   BY: DANIEL H. SPEIGHTS, ESQUIRE*
22    (*VIA TELECONFERENCE)
   200 Jackson Avenue East
23 P.O. Box 685
   Hampton, South Carolina 29924
24 803.943.4444

Page 4

1  Representing Anderson Memorial Hospital
2  APPEARANCES: (continued)
3
   MENDES & MOUNT, LLP
4  BY: CAROLINA ACEVEDO, ESQUIRE
   750 Seventh Avenue
5  New York, New York 10019
   212.261.8262
6  (carolina.acevedo@mendes.com)
   Representing AXA Belgium as Successor to
7  Royale Belge SSA
8
   MENDES & MOUNT, LLP
9  BY: ALEXANDER MUELLER, ESQUIRE
   750 Seventh Avenue
10 New York, New York 10019
   212.261.8296
11 (alexander.mueller@mendes.com)
   Representing London Market Companies
12
13 FORD MARRIN ESPOSITO & WITNEYER & GLESER
   BY: ELIZABETH M. DeCRISTOFARO, ESQUIRE
14 Wall Street Plaza
   New York, New York 10005-1875
15 212.269.4900
   Representing Continental Casualty Company
16 and Continental Insurance Company
17
   BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
18 BY: MATTHEW I. KRAMER, ESQUIRE*
      (*VIA TELECONFERENCE)
19 200 South Biscayne Boulevard
   Suite 2500
20 Miami, Florida 33131-5340
   305.450.7246
21 (mkramer@bilzin.com)
   Representing Property Damage Committee
22
23
24

Page 5

1  APPEARANCES: (continued)
2
   STROOCK & STROOCK & LAVAN, LLP
3  BY: ARLENE G. KRIEGER, ESQUIRE*
      (*VIA TELECONFERENCE)
4  180 Maiden Lane
   New York, New York 10038-4982
5  212.806.5400
   (akrieger@stroock.com)
6  Representing Official Committee of
   Unsecured Creditors
7
8  CROWELL & MORING, LLP
   BY: PATRICIA CONNALLY, ESQUIRE
9  1001 Pennsylvania Avenue, N.W.
   Washington, DC 20004-2595
10 202.624.2913
   (pconnally@crowell.com)
11 Representing Fireman's Fund Insurance
   (Surety Bond)
12
13 STEVENS & LEE, P.C.
   BY: JOHN D. DEMMY, ESQUIRE*
14    (*VIA TELECONFERENCE)
   1105 North Market Street, 7th Floor
15 Wilmington, Delaware 19801
   302.654.5180
16 (jdd@stevenslee.com)
   Representing Fireman's Fund Insurance
17
18 LAW OFFICES OF ALAN B. RICH
   BY: ALAN B. RICH, ESQUIRE
19 Elm Place, Suite 4620
   1401 Elm Street
20 Dallas, Texas 75202
   214.744.5100
21 (arich@alanrichlaw.com)
   Representing Property Damage PCR
22
23
24

Page 6

APPEARANCES: (continued)

CONNOLLY BOVE LODGE & HUTZ, LLP
BY: JEFFREY C. WISLER, ESQUIRE
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
302.888.6528
(jwisler@cblh.com)
Representing Maryland Casualty

ECKERT SEAMANS CHERIN & MELLOTT, LLC
BY: EDWARD J. LONGOSZ, II, ESQUIRE
1747 Pennsylvania Avenue, N.W.
12th Floor
Washington, DC 20006
202.659.6619
(elongosz@eckertseamans.com)
Representing Maryland Casualty and Zurich

WILEY REIN, LLP
BY: KARALEE C. MORELL, ESQUIRE
1776 K Street NW
Washington, DC 20006
202.719.7520
(kmorell@wileyrein.com)
Representing Maryland Casualty and Zurich

COZEN O'CONNOR
BY: ILAN ROSENBERG, ESQUIRE*
   (*VIA TELECONFERENCE)
1900 Market Street
Philadelphia, Pennsylvania 19103-3508
215.665.4621
(irosenberg@cozen.com)
Representing Federal Insurance Company

Page 7

APPEARANCES: (continued)

ORRICK HERRINGTON & SUTCLIFFE, LLP
BY: JONATHAN P. GUY, ESQUIRE
    PERI N. MAHALEY, ESQUIRE
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706
202.339.8516
(jguy@orrick.com)
(pmahaley@orrick.com)
Representing PI Future Claimants' Representative

CUYLER BURK, P.C.
BY: ANDREW CRAIG, ESQUIRE*
   (*VIA TELECONFERENCE)
4 Century Drive
Parsippany, New Jersey 07054
973.734.3200
(acraig@cuyler.com)
Representing Allstate Insurance Company

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
BY: CARL J. PERNICONE, ESQUIRE
150 East 42nd Street
New York, New York 10017-5639
212.915.5656
(carl.pernicone@wilsonelser.com)
Representing Arrowood Indemnity Company

O'MELVENY & MEYERS LLP
BY: TANCRED SCHIAVONI, ESQUIRE
7 Times Square
New York, New York 10036
212.326.2267
(tschiavoni@omm.com)
Representing Arrowood Indemnity Company

Page 8

APPEARANCES: (continued)

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
BY: KEVIN J. MANGAN, ESQUIRE*
    (*VIA TELECONFERENCE)
222 Delaware Avenue
Suite 1501
Wilmington, Delaware 19801
302.252.4361
(kmangan@wcsr.com)
Representing State of Montana

PEPPER HAMILTON, LLP
BY: LINDA J. CASEY, ESQUIRE*
    (*VIA TELECONFERENCE)
3000 Two Logan Square
Philadelphia, Pennsylvania 19103
215.981.4000
(caseyl@pepperlaw.com)
Representing BNSF Railway Company


ALSO PRESENT:

ALLEN SCHWARTZ, O'Melveny & Meyers LLP
         – – –

Page 9

INDEX
EXAMINATION

Witness Name            Page
JEFFREY POSNER
  BY MS. FORSHAW          14
  BY MR. KOVACICH         108
  BY MR. MUELLER          229
  BY MS. CASEY            236
  BY MR. LONGOZ           256
  BY MR. BROWN            269
  BY MS. DeCRISTOFARO     294, 338
  BY MR. SCHIAVONI        308, 334
  BY MR. POHLMAN          314
  BY MR. SPEIGHTS         339

EXHIBITS

EXHIBIT                  ID
Exhibit 1                14
  Notice of Deposition of Jeffery Posner
Exhibit 2                14
  Curriculum vitae of Jeffery M. Posner
Exhibit 3                14
  Affidavit Under 11 USC 327(e)

Exhibit 4                41
  Asbestos Settlement Agreement
  between W.R. Grace & Company-Conn.
  and the Aetna Casualty & Surety
  Company dated May 12th, 1996

Page 10

```
             EXHIBITS
 EXHIBIT                    ID

 Exhibit 5                  68
   Exhibit 4 to Exhibit Book Trust
   Distribution Procedures

 Exhibit 6                  82
   First Amended Joint Plan of
   Reorganization

 Exhibit 7                  96
   Agreement between W.R. Grace &
   Company-Connecticut and the
   Travelers Casualty & Surety
   Company dated February 20, 1992

 Exhibit 8                  106
   Exhibit 19 to Exhibit Book,
   Retained Causes of Action

 Exhibit 9                  113
   Answer, Cross-claims and
   Counterclaims of Defendant W.R.
   Grace in re: Maryland Casualty v.
   Grace, et al.

 Exhibit 10                 118
   Royal Indemnity Company
   declaration sheets and
   endorsements SA-870, 891, 939,
   945-946

 Exhibit 11                 137
   Letter dated December 9, 1999 to
   Royal & SunAlliance from Marsh USA

 Exhibit 12                 143
   Letter dated January 12, 2000 from
   Royal and SunAlliance to J.M.
   Posner, Inc., two pages
 Exhibit 13                 196
   E-mail string between Janet Baer
   and Dan Cohn, three pages
```

Page 11

```
             EXHIBITS
 EXHIBIT                    ID

 Exhibit 14                 216
   Monthly asbestos litigation
   summary Bates stamped 91-1614
   through 1639
 Exhibit 15                 270
   Settlement agreement Bates stamped
   OB 1 through 33
 Exhibit 16                 273
   Settlement Agreement and Release
   Bates stamped OB 34 through 66
 Exhibit 17                 277
   Settlement Agreement and Release
   Bates stamped OB 67 through 92
 Exhibit 18                 279
   Settlement Agreement, Release and
   Indemnification/Hold Harmless
   Agreement Bates stamped SEA 1
   through 16
 Exhibit 19                 280
   Settlement Agreement, Release and
   Indemnification/Hold Harmless
   Agreement Bates stamped SEA 17
   through 31
 Exhibit 20                 283
   Settlement Agreement, Release and
   Indemnification/Hold Harmless
   Agreement Bates stamped SEA 32
   through 47
 Exhibit 21                 285
   Settlement Agreement & Release
   Bates stamped SEA 48 through 61
 Exhibit 22                 294
   LexisNexis printout in re:
   Maryland Casualty v. Grace, et al.
```

Page 12

```
             EXHIBITS
 EXHIBIT                    ID

 Exhibit 23                 317
   Exhibit 6 to Exhibit Book,
   Asbestos Insurance Transfer
   Agreement
```

Page 13

```
         DEPOSITION SUPPORT INDEX

 Direction to Witness Not To Answer
 Page   Line     Page   Line
 209    1        239    6

 Request For Production of Documents
 Page   Line     Page   Line
 142    11       149    24
 169    18
 Stipulations
 Page   Line     Page   Line
 (None)
 Questions Marked
 Page   Line     Page   Line
 (None)
```

Page 14

```
 1        (Notice of Deposition of
 2   Jeffery Posner received and marked
 3   for identification as Posner
 4   Exhibit 1.)
 5        (Curriculum vitae of
 6   Jeffery M. Posner received and
 7   marked for identification as Posner
 8   Exhibit 2.)
 9        (Affidavit Under 11 USC
10   327(e) received and marked for
11   identification as Posner Exhibit
12   3.)
13
14   J E F F R E Y   P O S N E R,
15        having been sworn by the Notary
16   Public of the States of New York
17   and New Jersey, was examined and
18   testified as follows:
19                  _ _ _
20   EXAMINATION BY
21   MS. FORSHAW:
22        Q.   Good morning.  Mr. Posner.
23        A.   Good morning.
24        Q.   Good to see you again.  I
```

Page 15

```
 1   know you've been through this drill many
 2   times.  If I talk too fast, just stop me.
 3   If you have any questions about my
 4   questions, let me know.  If you need to
 5   take a break, let me know.
 6        A.   Definitely.
 7        Q.   Okay.  I'm just --
 8             MR. KRAMER:  I'm sorry.
 9   Who's asking the questions, please?
10             MS. FORSHAW:  Sure.  It's
11   Mary Beth Forshaw from Simpson
12   Thacher representing Travelers
13   Casualty.  If you guys have a hard
14   team hearing us, will you let us
15   know?
16             MS. KRIEGER:  Yes, we will.
17   Thank you.
18        Q.   Mr. Posner, I'm going to
19   put before you a Notice of Deposition of
20   Jeffery Posner.  Do you understand you're
21   here to testify in response to that notice
22   today?
23        A.   Yes, I do.
24             MS. FORSHAW:  I have eight
```

Page 16

```
 1   or nine copies of exhibits which
 2   I'll pass out through the
 3   deposition.  You can put that
 4   aside.  For the record, I've marked
 5   the Notice of Deposition of Jeffery
 6   Posner as Exhibit 1.
 7   BY MS. FORSHAW:
 8        Q.   Mr. Posner, let me put
 9   before you what I've marked as Exhibit 2,
10   which is a resume of Jeffery Posner.  Do
11   you recognize this document as your
12   resume?
13        A.   Yes, but it appears to me
14   to be an outdated copy of it.
15        Q.   Okay.  And for the record,
16   can you tell us in what way is this resume
17   outdated?
18        A.   My business address, it's
19   an old business address which leads me to
20   believe that's a version that I kept
21   several years ago.
22        Q.   Is the professional
23   experience described in your resume true
24   and accurate?
```

Page 17

```
 1        A.   Yes, I'm sure it is.
 2        Q.   And this resume indicates
 3   that you were employed at W.R.
 4   Grace & Company from 1982 to 1999.  Is
 5   that correct?
 6        A.   Yes, it is.
 7        Q.   And for the record, can you
 8   give us an overview of your employment
 9   experience at W.R. Grace listing your
10   positions and the approximate years you
11   held each position?
12        A.   I started with Grace in
13   1982 as an assistant claims manager.  In
14   1986 I assumed the duties of a risk
15   analyst.  Thereafter I became the
16   assistant director of risk management
17   sometime, I think, in 1987 and then in
18   1988 I was promoted to the director of
19   risk management and I became an assistant
20   vice president of the company.
21        Q.   And during your tenure at
22   W.R. Grace, were you responsible for
23   overseeing asbestos-related coverage
24   litigations?
```

Page 18

1    A.  Yes, I was.
2    Q.  And when did those duties
3  commence?
4    A.  Well, Grace's coverage
5  litigation began in 1983 and I became
6  involved at that time and ultimately
7  assumed additional responsibilities as the
8  litigation had progressed through the
9  years.
10    Q.  And I note that your resume
11  says at the top that you in the past have
12  negotiated one billion of insurance
13  settlements relating to asbestos and
14  environmental litigation.  Do you see
15  that?  It's under Summary of
16  Qualifications.
17    A.  Yes, I do.
18    Q.  Were those negotiations,
19  negotiations on W.R. Grace's behalf?
20    A.  Yes.  I mean, there may
21  have been some other negotiations but
22  principally it's W.R. Grace.
23    Q.  Okay.  And at W.R. Grace,
24  did you negotiate settlements with my

Page 19

1  client, Aetna Casualty & Surety Company,
2  which I'm going to call Travelers Casualty
3  interchangeably because it's changed its
4  name?
5    A.  Yes, I did.
6    Q.  And do you recall generally
7  when those settlements with Travelers
8  Casualty were signed up?
9    A.  The first one involving
10  some old policies from one of the
11  predecessor companies, I'm speculating a
12  little, but it was probably sometime in
13  the early '90's and then there was a
14  settlement involving the excess policies,
15  and that probably was later on in
16  the '90's, I suspect.  I can't remember
17  the precise dates.
18    Q.  And were you the person at
19  Grace who was principally responsible for
20  negotiating with Travelers Casualty?
21    A.  Yes, I was.
22    Q.  With respect to both
23  settlements?
24    A.  Yes.

Page 20

1    Q.  And after the settlements
2  were signed, were you responsible for
3  administering the settlements?
4      MS. ESAYIAN:  Objection to
5  form.  You can answer if you can.
6    A.  I was involved.  There were
7  people that were actually doing the detail
8  work.  You know, it involved keeping track
9  of payments of claims and things of that
10  nature and sending out bills.  I didn't do
11  that but I was involved and had some
12  oversight responsibility for that.
13    Q.  Let me restate the
14  question.  Were you involved in ensuring
15  that Grace performed its obligations under
16  the settlements Grace had executed with
17  Travelers Casualty?
18      MR. HORKOVICH:  Objection,
19  compound.
20      THE WITNESS:  Can I have
21  that read back, please?
22      (The reporter reads the
23  pending question.)
24    A.  I certainly had a role in

Page 21

1  that.
2    Q.  Who else was involved in
3  making sure that Grace performed its
4  obligations under the settlements Grace
5  executed with Travelers Casualty?
6    A.  Well, the settlements
7  required Grace to obtain certain
8  information so we had to put procedures in
9  place to ensure that that information was
10  obtained, that we kept track of that
11  information, and that we allocated --
12  allocated claim payments in accordance
13  with the procedures set forth in the
14  agreement.  So there were a number of
15  people.  Obviously, outside counsel was
16  involved in providing information to us,
17  we had people in-house, we had computer
18  programmers that were programming the
19  computers and writing programs for the
20  process.  So there were a number of people
21  in the process but certainly I was, you
22  know, involved in ensuring that those
23  procedures were in place and that the
24  proper information was obtained and, you

# REMAINDER OF DEPOSITION TRANSCRIPT OMITTED FROM THIS PUBLICLY REDACTED VERSION

Certain designated portions of the Deposition Transcript (as defined in the attached Notice), which are set forth below by page and line number, have been **Filed Under Seal Pursuant to May 2009 Protective Order**. The omitted portions of the Deposition Transcript are sealed pursuant to an order of this Court and contain Confidential Information filed by Certain Insurers (as defined in the attached Notice) and are not to be opened or the contents thereof displayed or revealed except by order of this Court or pursuant to a written agreement by and among the Parties to that certain May 2009 Protective Order.

The designated portions of the Deposition Transcript that have been omitted from this publicly redacted version and filed under seal include:

| | |
|---|---|
| page 32, line 20 to page 33, line 21 | page 263, line 24 to page 264, line 9 |
| page 33, line 24 to page 34, line 24 | page 264, line 12 to page 264, line 20 |
| page 35, line 6 to page 38, line 3 | page 265, line 4 to page 266, line 19 |
| page 38, line 8 to page 38, line 16 | page 269, line 10 to page 270, line 4 |
| page 41, line 4 to page 41, line 8 | page 271, line 11 to page 276, line 13 |
| page 256, line 17 to page 258, line 8 | page 276, line 17 to page 277, line 6 |
| page 258, line 11 to page 258, line 13 | page 277, line 11 to page 286, line 24 |
| page 258, line 18 to page 259, line 18 | page 287, line 21 to page 290, line 2 |
| page 259, line 21 to page 259, line 22 | page 292, line 12 to page 293, line 20 |
| page 260, line 4 to page 260, line 23 | page 293, line 24 to page 294, line 1 |
| page 261, line 2 to page 261, line 6 | page 296, line 10 to page 297, line 12 |
| page 261, line 9 to page 261, line 16 | page 297, line 15 to page 297, line 19 |
| page 261, line 19 | page 299, line 20 to page 300, line 18 |
| page 261, line 22 to page 262, line 7 | page 300, line 23 to page 302, line 7 |
| page 262, line 12 to page 262, line 18 | page 302, line 10 to page 304, line 7 |
| page 262, line 21 to page 263, line 9 | page 304, line 10 to page 304, line 14 |
| page 263, line 12 to page 263, line 15 | page 304, line 17 to page 304, line 24 |
| page 263, line 18 to page 263, line 20 | |