

## SETTLEMENT AGREEMENT, RELEASE AND INDEMNIFICATION/HOLD HARMLESS AGREEMENT

This Settlement Agreement, Release and Indemnification/Hold Harmless Agreement is entered into this _6th_ day of _August_, 1992 by W. R. Grace & Co.-Conn., a Connecticut Corporation, formerly W. R. Grace & Co. ("Grace") (as defined in Section II., H. of this Agreement) and Unigard Security Insurance Company, formerly Unigard Mutual Insurance Company ("Unigard") (as defined in Section II., I. of this Agreement).

### I.   RECITALS

WHEREAS, Grace and Unigard entered into a contract of insurance, Policy No. 1-2517 with a policy period of June 30, 1974 to June 30, 1975 which has limits of liability of Ten Million Dollars ($10,000,000.00) in the aggregate for claims arising out of the "Products-Completed Operations Hazards," as those terms are defined under Policy No. 1-2517 ("the Unigard Policy") or any other policy whose form Unigard may be held to follow.

WHEREAS, numerous Asbestos-Related Claims (as defined in Section II.G. of this Agreement) have been made against Grace.

WHEREAS, in the following lawsuits, there are claims pending between Grace and a number of insurers, including Unigard, seeking declaratory relief and damages with respect to the alleged obligations of the insurers, including Unigard, to defend and indemnify Grace for Asbestos-Related Claims (as defined in Section II., G. of this Agreement) against Grace:

**CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER**

SEA-000001

_Moore, ex rel. State of Mississippi v. The Flintkote_
_Co., et al. v. Maryland Casualty Co., et al.,_ No. 89-5138(2),
filed in the Circuit Court of Jackson County Mississippi (the
"Mississippi Action");

_Independent School District 197, et al. and W. R. Grace_
_& Co.-Conn. v. Accident & Casualty Co. of Winterthur, et al._ No.
19-C4-88-007950, filed in the District Court of the County of
Dakota, Minnesota (the "Minnesota Action");

_W. R. Grace & Co.-Conn. v. Admiral Insurance Co., et_
_al.,_ No. 91-048251, filed in the District Court of Harris County,
Texas (the "Houston Action");

_Dayton Independent School District, et al. v. United_
_States Mineral Products Co. and W. R. Grace & Co.-Conn. v._
_Admiral Insurance Co., et al.,_ No. B-87-00507, filed in the
United States District Court for the Eastern District of Texas,
Beaumont (the "Beaumont Action");

_Maryland Casualty Company v. W. R. Grace & Co., et al.,_
No. 88 Civ. 2613 (SWK), filed in the United States District Court
for the Southern District of New York (the "New York Action");

_American Employers Insurance Company, et al. v. W.R._
_Grace & Co.-Conn., et al.,_ No. 6241-92, filed in the Supreme
Court of the State of New York, County of New York (the "New York
State Court Action"); and

_W. R. Grace & Co.-Conn. v. Admiral Insurance Company,_
_et al.,_ No. BC 050432, filed in the Superior Court of the County
of Los Angeles, California (the "California Action").

2

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

These lawsuits shall be referred to collectively as "the insurance coverage litigation."

WHEREAS, Unigard denies that it has any obligation to defend or indemnify Grace in connection with any Asbestos-Related Claims.

WHEREAS, Grace and Unigard have incurred attorneys' fees and other expenses in connection with the insurance coverage litigation.

WHEREAS, Grace and Unigard anticipate that additional attorneys' fees and expenses will be incurred by each of them if they are required to pursue further and defend against the insurance coverage litigation, and Grace and Unigard desire to resolve amicably and discontinue the insurance coverage litigation with respect to the Unigard Policy and to avoid the costs and risks of such litigation by entering into this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and intending to be legally bound hereby, Grace and Unigard agree as follows:

II.   DEFINITIONS

A.   The definitions of the terms "Personal Injuries" and "Property Damage" shall be the same as those terms are defined in the Unigard Policy or any other policy whose form the Unigard Policy may be held to follow.

3

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000003

B.   "Asbestos-Related Products Personal Injury Claims" shall mean any and all claims for Personal Injuries arising from asbestos products manufactured, sold, handled or distributed by Grace or by others trading under its name or arising from products manufactured, sold, handled or distributed by Grace which allegedly contain asbestos or to which asbestos was allegedly added as an ingredient.

C.   "Asbestos-Related Products Property Damage Claims" shall mean any and all claims for Property Damage arising from asbestos products manufactured, sold, handled or distributed by Grace or by others trading under its name or arising from products manufactured, sold, handled or distributed by Grace which allegedly contain asbestos or to which asbestos was allegedly added as an ingredient.

D.   "Products Personal Injury Claims" shall mean claims for Personal Injuries that fall within the "Products-Completed Operations Hazards," as those terms are defined in the Unigard Policy or any other policy whose form the Unigard Policy may be held to follow.  Products Personal Injury Claims include, but are not limited to, Asbestos-Related Products Personal Injury Claims.

E.   "Products Property Damage Claims" shall mean claims for Property Damage that fall within the "Products-Completed Operations Hazards," as those terms are defined in the Unigard Policy or any other policy whose form the Unigard Policy may be held to follow.  Products Property Damage Claims include, but are not limited to, Asbestos-Related Products Property Damage Claims.

4

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

F.   "Products Claims" shall mean both Products Personal Injury Claims and Products Property Damage Claims as those terms are defined above.

G.   "Asbestos-Related Claims" shall mean both Asbestos-Related Products Personal Injury Claims and Asbestos-Related Products Property Damage Claims as those terms are defined above.

H.   "Grace" shall mean W.R. Grace & Co. -- Conn., its predecessors, successors, divisions, subdivisions, departments and subsidiary companies or corporations.

I.   "Unigard" shall mean Unigard Security Insurance Company, John Hancock Mutual Life Insurance Company, John Hancock Property & Casualty Holding Company, John Hancock Management Company, any entity owned or controlled by any of them, and the past and present directors, officers, employees, parents, subsidiaries, predecessors, and successors of each of the foregoing, together with the assigns of any rights or obligations of any of them under the Unigard Policy.

III.   <u>PAYMENT BY UNIGARD IN COMPROMISE OF DISPUTED CLAIMS</u>

Within twenty one days after the date of the execution of this Agreement, Unigard will pay to Grace the sum of Ten Million Dollars ($10,000,000.00), the full aggregate limits of liability under the Unigard Policy for claims arising out of the "Products-Completed Operations Hazards," as those terms are defined under the Unigard Policy or any other policy whose form

5

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

Unigard may be held to follow (the "Settlement Amount").  Grace
will provide to Unigard any information that Unigard shall
reasonably request relating to the Products Claims.  Unigard
shall not seek to recover from any of Grace's insurers any
portion of the Settlement Amount other than any amounts owed to
Unigard arising out of agreements to provide reinsurance to
Unigard under the Unigard Policy.

    IV.   <u>RELEASE</u>

       In consideration of the payment by Unigard of the
Settlement Amount and the mutual release of rights contained
herein, Grace does hereby fully and forever release and discharge
Unigard, its agents, reinsurers and attorneys from any obligation
under the Unigard Policy for any and all past, present, or future
claims, demands, obligations, suits, actions, causes of action
and rights whatsoever for indemnity, defense and/or damages
(including compensatory, punitive, exemplary, extracontractual or
statutory) or other payments of any nature, which Grace may have
or otherwise be required to pay, or which may hereafter accrue,
(a) on account of, in any way growing out of, or in any way
related to Products Claims under the Unigard Policy, whether
known or unknown as of the date of execution of this Agreement;
and (b) for any damages (including compensatory, punitive,
exemplary, extracontractual or statutory) based upon any
allegations of bad faith, unfair claim practice, unfair trade
practice or other act or failure to act arising out of Unigard's

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000006

role as an insurer under the Unigard Policy with respect to any Products Claims whatsoever.

Grace's release of Unigard shall in no event inure to the benefit of any other insurance company that, at any time after the date this Agreement is executed, is merged into Unigard, or in which Unigard, at any time after the date this Agreement is executed, acquires a controlling interest. This release shall not prevent Grace from asserting against Unigard, its agents, reinsurers and attorneys any claim which Grace may have, or which may hereafter accrue, (a) on account of, in any way growing out of, or in any way related to Products Claims, whether known or unknown as of the date of this Agreement, under any insurance policy issued by Unigard other than the Unigard Policy; and (b) for any damages (including compensatory, punitive, exemplary, extracontractual or statutory) based upon any allegations of bad faith, unfair claim practice, unfair trade practice or other act or failure to act arising out of Unigard's role as an insurer under any insurance policy issued by Unigard other than the Unigard Policy with respect to any Products Claims whatsoever.

## V.   INDEMNIFICATION/HOLD HARMLESS AGREEMENT

A.   In further consideration of the Settlement Amount, Grace agrees to indemnify, to hold Unigard harmless from and to reimburse Unigard for the full amount of any judgment, award, payment, settlement, suit or claim against Unigard by any other insurance carrier seeking contribution under the Unigard Policy

7

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER                                SEA-000007

for Product Claims, or by any other person or entity claiming any right, assignment of rights, rights of subrogation, title or interest in or under the Unigard Policy for Product Claims, including without limitation claims for damages (including compensatory, punitive, exemplary, extracontractual or statutory) caused or allegedly caused in whole or in part by the conduct of Unigard under the Unigard Policy with respect to such Product Claims; but provided, however, that in no event shall Grace be obligated to indemnify, to hold Unigard harmless from or to reimburse Unigard for (i) any claim arising out of reinsurance provided to Unigard under the Unigard Policy, or (ii) the amount of any payment or settlement entered into by Unigard without the prior consent of Grace, which consent shall not be unreasonably withheld.

     B.  Grace also agrees to indemnify Unigard for all costs and reasonable attorneys' fees associated with the claims for which Grace is obligated to indemnify Unigard as set forth in paragraph A of this Article, and which are incurred after the execution of this Agreement, but excluding any costs associated with the enforcement of this Agreement.  Unigard immediately shall advise Grace of the pendency of any suit or claim for which Grace is obligated to indemnify Unigard as set forth in Article V of this Agreement and keep Grace informed of any developments with respect to such claims or suits, including but not limited to any discovery requests and any motions.

     C.  Unigard shall defend diligently and in good faith

8

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

any claim for which Grace is obligated to indemnify Unigard as set forth in paragraph A of this Article, utilizing the services of Taylor, Anderson & Travers or, at Unigard's option, other counsel approved by Grace.

D.  Unigard shall not incur costs or attorneys' fees without the prior approval of Grace, which approval shall not be unreasonably withheld.

E.  Grace has the right, at its own expense, to participate in the defense of Unigard.

F.  In the event that Unigard, while defending any claim described in paragraph A of this Article, incurs costs or attorneys' fees relating both to the Unigard Policy and other insurance policies issued by Unigard, Grace shall only be required to indemnify Unigard for that portion of such costs relating to the Unigard Policy.  The parties agree to use their best efforts to reach agreement on allocation of such costs.  Any dispute between the parties over the allocation of such costs which cannot be resolved by agreement shall be resolved through arbitration.

VI.  <u>NO ADMISSIONS BY THE PARTIES</u>

A.  The payment by Unigard of the Settlement Amount and its receipt by Grace is for the compromise of disputed claims, and neither such payment nor its receipt shall be construed as an admission by Unigard or Grace that any coverage or obligation to pay exists or does not exist under any Unigard

9

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

policy for defense or indemnity of Grace for claims of any
nature.  By entering into this Agreement, Unigard does not admit
that it has any liability or obligation to Grace or to any other
person.

B.    Further, this Agreement is not intended to be, nor
shall it be construed as, an admission with respect to policy
interpretation or as an admission by any party regarding any
duties, rights or obligations arising under the Unigard Policy or
any other policy of insurance issued by Unigard to Grace or
anyone else.  Nothing in this Agreement shall be deemed to
constitute a release, compromise, waiver or an estoppel of any
right of Grace or Unigard to assert any claim or defense pursuant
to any policy of insurance issued by Unigard or any other
insurer.

VII. DISMISSAL WITH PREJUDICE OF CERTAIN ACTIONS,
     CLAIMS, AND CAUSES OF ACTION

A.    Upon the execution of this Agreement by the
parties, Grace will dismiss with prejudice the claims and causes
of action Grace has asserted against Unigard relating to the
Unigard Policy in the Mississippi Action, the Minnesota Action,
the Houston Action, the Beaumont Action, the New York Action and
the California Action.  Further, Grace will make all reasonable
efforts to cause the remaining plaintiffs in the Minnesota Action
to dismiss with prejudice the claims and causes of action they
have asserted against Unigard relating to the Unigard Policy in
the Minnesota Action.  Further, Grace will dismiss with prejudice

10

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000010

its Sixth Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing against Unigard under the Unigard Policy contained in the First Amended Complaint for Declaratory Relief, Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing in the California Action.

B. Unigard will dismiss with prejudice the claims and causes of action Unigard has asserted against Grace relating to the Unigard Policy in the New York State Court Action.

C. Each party shall bear its own past costs and attorneys' fees incurred in connection with the insurance coverage litigation and any such costs and fees incurred to negotiate or implement the terms of this Agreement.

D. Grace will cooperate with Unigard to minimize and prevent the possibility of the prosecution of cross-claims or other actions against Unigard by any other party.

VIII. NO CONSTRUCTION AGAINST EITHER PARTY

The wording of this Agreement was reviewed and accepted by legal counsel for Grace and Unigard prior to its being signed by them. Any ambiguities in the language of this Agreement shall not be construed against either party on the grounds that the party was the alleged drafter of the language in the event of any dispute arising between them in connection with this Agreement.



CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

IX.   INADMISSIBILITY OF AGREEMENT

Any evidence of the existence, terms or negotiation of this Agreement shall be inadmissible in any litigation, action or other proceeding, provided, however, that such evidence may be offered in an action seeking solely to enforce the terms of this Agreement or in connection with any litigation, action or other proceeding, between Unigard and any of its reinsurers or in connection with any litigation, action or other proceeding to establish exhaustion of the Unigard Policy.  In any litigation, action or other proceeding where exhaustion of the Unigard Policy is at issue, Unigard shall, subject to the provisions of Article VI of this Agreement, reasonably assist Grace in establishing that the Unigard Policy's limits of liability applicable to Products Claims properly have been exhausted.  This Agreement has been entered into in reliance upon the provisions of Rule 408 of the Federal Rules of Evidence and similar state law provisions which preclude the introduction of evidence regarding settlement negotiations or agreements.

X.    APPLICATION OF AGREEMENT ONLY TO THE PARTIES

This Agreement is intended to confer rights and benefits only on the parties hereto and only with respect to the terms and conditions set forth herein.

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000012

## XI.  ENTIRE AGREEMENT/AMENDMENTS TO AGREEMENT

This Agreement is the complete and entire agreement of the parties and may not be modified, changed, contradicted, added to, or altered in any way by any previous written or oral agreements or any subsequent oral agreements.  No amendments or variations of the terms of the Agreement shall be valid unless made in writing and signed by both parties.

## XII.  CONFIDENTIALITY

The terms and conditions of this Agreement shall remain confidential and shall not be disclosed to any person or entity without the prior written consent of both parties, except: as required by contract or by authority of a court, administrative tribunal, arbitration panel, regulatory agency; in the normal course of business for such purposes as audits and accounting; or, where exhaustion of the Unigard Policy's limits of liability applicable to Products Claims are at issue, to Grace's other insurers, to underlying claimants and to any other person or entity.  Should a court order the disclosure of the terms of this Agreement to any other person or entity, the parties shall use their reasonable efforts to maintain its terms under seal and/or protective order.

13

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000013

## XIII.  REPRESENTATION AND WARRANTIES

Each party represents and warrants to the other:

A.  that it is fully authorized to enter into this Agreement;

B.  that it is a corporation, duly organized and validly existing in good standing under the laws of one of the states of the United States of America;

C.  that it has taken all necessary corporate and internal legal actions to duly approve the making and performance of this Agreement and that no further governmental, regulatory, corporate or other internal approval is necessary;

D.  that the making and performance of this Agreement will not violate any provision of law or of its articles of incorporation, charter or by-laws;

E.  that it has read this entire Agreement and knows the contents hereof, that the terms hereof are contractual and not merely recitals, and that it has signed this Agreement of its own free act;

F.  that in making this Agreement, it has obtained the advice of legal counsel; and

G.  that there are no pending agreements, transactions or negotiations to which it is a party that would render this Agreement or any part thereof void, voidable or unenforceable.

14

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000014

## XIV. <u>NOTICE</u>

All notices or other communications which any party desires or is required to give shall be given in writing and shall be deemed to have been given if sent by certified mail to the party at the address noted below or such other address as a party may designate in writing from time to time:

```
W. R. Grace & Co. - Conn.
Attn: Secretary
W. R. Grace & Co.
One Town Center Road
Boca Raton, Florida  33486
```

with a copy to:

```
Director of Corporate Risk Management
W. R. Grace & Co.
One Town Center Road
Boca Raton, Florida  33486
```

```
Unigard Security Insurance Company
Attn:  General Counsel
P.O. Box 90701
15805 N.E. 24th Street
Bellevue, Washington  98008
```

and

```
John Hancock Property and Casualty Company
Attn: General Counsel
P.O. Box 854
3 Copley Place
Boston, Massachusetts  02117
```

15

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000015

with a copy to:

        Allan E. Taylor, Esq.
        Taylor, Anderson & Travers
        75 Federal Street
        Boston, Massachusetts  02110


                  **W. R. GRACE & CO.-CONN.**


Date:  8/6/92          By  _Brian B. Barnes_

                    Its  VICE PRESIDENT


                  **UNIGARD SECURITY INSURANCE COMPANY**


Date:  8/3/92          By  _Michael M. Mosley_

                    Its  Assistant Secretary

16

**CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER**

                                                   **SEA-000016**



## SETTLEMENT AGREEMENT, RELEASE AND
## INDEMNIFICATION/HOLD HARMLESS AGREEMENT

This Settlement Agreement, Release and Indemnification/Hold Harmless Agreement is entered into this ___ day of _____, 1995 by W. R. Grace & Co.-Conn., a Connecticut corporation, and W. R. Grace & Co. (collectively "Grace") (as defined in Article II., D. of this Agreement) and Unigard Security Insurance Company, formerly Unigard Mutual Insurance Company ("Unigard") (as defined in Article II., E. of this Agreement).

I.    RECITALS

WHEREAS, Grace and Unigard entered into a contract of insurance, Policy No. 1-0589 with a policy period of February 27, 1973 to June 30, 1975 ("the Unigard Policy"), which has annual limits of liability of Twenty Million Dollars ($20,000,000.00) in the aggregate for claims arising out of "Products" and/or "Products-Completed Operations," as those terms are defined and/or used under the Unigard Policy or any other policy whose form Unigard may be held to follow.

WHEREAS, numerous Asbestos-Related Claims (as defined in Article II., C. of this Agreement) have been made against Grace.

WHEREAS, in the following lawsuits, there are claims pending between Grace and a number of insurers, including Unigard, seeking declaratory relief and damages with respect to

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

the alleged obligations of the insurers, including Unigard, to defend and indemnify Grace for Asbestos-Related Claims (as defined in Article II., C. of this Agreement) against Grace:

W.R. Grace & Co.-Conn. v. Admiral Insurance Company, et al., No. BC 050432, filed in the Superior Court of the County of Los Angeles, California (the "California Action");

The County of Hennepin, et al. (Court File No. CT 89-019829), Sons of Norway International (Court File No. CT 90-002326), Metropolitan Airports Commission and Northwest Airlines (Court File No. 89-015537), and Minnesota/California Partners, a California General Partnership (Court File No. 90-7649), and in each case W.R. Grace & Co.-Conn. v. Central National Insurance Co., et al., filed in the District Court of the County of Hennepin, Minnesota, (the "Hennepin County Actions");

Ecolab Inc., et al. and W.R. Grace & Co.-Conn. v. Central National Insurance Co., No. 07-90-8450, filed in the District Court of the County of Ramsey, Minnesota (the "Ecolab Action");

Dayton Independent School District, et al. v. United States Mineral Products Co. and W. R. Grace & Co.-Conn. v. Admiral Insurance Co., et al., No. B-87-00507-CA, filed in the United States District Court for the Eastern District of Texas, Beaumont Division (the "Beaumont Action");

-2-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

Maryland Casualty Company v. W. R. Grace & Co., et al.,
No. 88 Civ. 2613 (SWK), filed in the United States District Court
for the Southern District of New York (the "New York Action");
and

American Employers Insurance Company, et al. v. W.R.
Grace & Co.-Conn., et al., No. 6241-92, filed in the Supreme
Court of the State of New York, County of New York (the "New York
State Court Action").

These lawsuits shall be referred to collectively as
"the insurance coverage litigation."

WHEREAS, Unigard denies that it has any obligation to
defend or indemnify Grace in connection with any Asbestos-Related
Claims.

WHEREAS, Grace and Unigard disagree concerning the
limits of liability under the Unigard Policy for the period from
February 27, 1973 to June 30, 1973.

WHEREAS, Grace and Unigard have incurred attorneys'
fees and other expenses in connection with the insurance coverage
litigation.

WHEREAS, Grace and Unigard anticipate that additional
attorneys' fees and expenses will be incurred by each of them if
they are required to pursue further and defend against the
insurance coverage litigation, and Grace and Unigard desire to
resolve amicably their disputes and discontinue the insurance

-3-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

coverage litigation with respect to the Unigard Policy and to avoid the costs and risks of such litigation by entering into this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and intending to be legally bound hereby, Grace and Unigard agree as follows:

II.  DEFINITIONS

A.  The definitions of the terms "Personal Injuries" and "Property Damage" shall be the same as those terms are defined in the Unigard Policy or any other policy whose form the Unigard Policy may be held to follow.

B.  "Products Claims" shall mean claims, including, but not limited to, claims for Personal Injury or Property Damage, that fall within the Aggregate "Product" Limits and/or the Aggregate "Product-Completed Operations" Limits as those terms are defined and/or used in the Unigard Policy or any policy whose form the Unigard Policy is held to follow.

C.  "Asbestos-Related Claims" shall mean any and all claims, causes of action or suits asserted by any person, entity or governmental authority against Grace, whether in litigation or not, which seek to impose upon Grace legal liability for damages, or which seek any other relief from Grace, because or on account of or arising in any way from the manufacture, sale, handling, distribution, installation, presence, disposal, removal, replacement, encapsulation or other remediation or abatement of,

-4-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

or testing or monitoring or inspection for, asbestos-containing products or materials in or from any building or other structure, including without limitation (1) alleged property damage or other harm, allegedly caused by or on account of asbestos or asbestos fiber, or (2) alleged bodily injury, personal injury, sickness, disease, shock, fright, mental anguish and injury, increased risk of harm, and/or death or other harm, allegedly caused by or on account of asbestos or asbestos fiber, or (3) any combination thereof.

    D.   "Grace" shall mean W.R. Grace & Co.-Conn., and/or W.R. Grace & Co. and their respective predecessors, successors, divisions, subdivisions, departments and subsidiary companies or corporations.

    E.   "Unigard" shall mean Unigard Security Insurance Company, John Hancock Mutual Life Insurance Company, John Hancock Property & Casualty Holding Company, John Hancock Management Company, any entity owned or controlled by any of them, and the past and present directors, officers, employees, parents, subsidiaries, predecessors, and successors of each of the foregoing, together with the assigns of any rights or obligations of any of them under the Unigard Policy.

    III.   <u>PAYMENT BY UNIGARD IN COMPROMISE OF DISPUTED CLAIMS</u>

    Within twenty one days after the date of the execution of this Agreement, Unigard will pay to Grace the sum of Thirty-Two Million Five Hundred Thousand Dollars ($32,500,000.00), for

-5-

**CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER**

claims arising out of "Products" and/or "Products-Completed
Operations," as those terms are defined under the Unigard Policy
or any other policy whose form Unigard may be held to follow, for
all Products Claims and for all Asbestos-Related Claims (the
"Settlement Amount").  Grace will provide to Unigard any
information within Grace's possession or control that Unigard
shall reasonably request relating to any Products Claims or any
Asbestos-Related Claims.  Unigard shall not seek to recover from
any of Grace's insurers any portion of the Settlement Amount
other than any amounts owed to Unigard arising out of agreements
to provide reinsurance to Unigard under the Unigard Policy.

IV.  RELEASE

In consideration of the payment by Unigard of the
Settlement Amount and the mutual release of rights contained
herein, Grace does hereby fully and forever release and discharge
Unigard, its agents, reinsurers and attorneys from any obligation
under the Unigard Policy for any and all past, present, or future
claims, demands, obligations, suits, actions, causes of action
and rights whatsoever for indemnity, defense and/or damages
(including compensatory, punitive, exemplary, extracontractual or
statutory) or other payments of any nature, which Grace may have
or otherwise be required to pay, or which may hereafter accrue,
(a) on account of, in any way growing out of, or in any way
related to any Products Claims and/or any Asbestos-Related Claims
under the Unigard Policy, whether known or unknown as of the date

-6-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000022

of execution of this Agreement; and (b) for any damages
(including compensatory, punitive, exemplary, extracontractual or
statutory) based upon any allegations of bad faith, unfair claim
practice, unfair trade practice or other act or failure to act
arising out of Unigard's role as an insurer under the Unigard
Policy with respect to any Products Claims and/or any Asbestos-
Related Claims whatsoever.

Grace's release of Unigard shall in no event inure to
the benefit of any other insurance company that, at any time
after the date this Agreement is executed, is merged into
Unigard, or in which Unigard, at any time after the date this
Agreement is executed, acquires a controlling interest.

## V.   INDEMNIFICATION/HOLD HARMLESS AGREEMENT

A.   In further consideration of the Settlement Amount,
Grace agrees to indemnify, to hold Unigard harmless from and to
reimburse Unigard for the full amount of any judgment, award,
payment, settlement, suit or claim against Unigard by any other
insurance carrier seeking contribution under the Unigard Policy
for Product Claims or Asbestos-Related Claims, or by any other
person or entity claiming any right, assignment of rights, rights
of subrogation, title or interest in or under the Unigard Policy
for Product Claims or Asbestos-Related Claims, including without
limitation claims for damages (including compensatory, punitive,
exemplary, extracontractual or statutory) caused or allegedly
caused in whole or in part by the negligence, bad faith,

-7-

**CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER**

statutory violation, breach of contract, breach of duty or other conduct of Unigard under the Unigard Policy with respect to such Product Claims or Asbestos-Related Claims; but provided, however, that in no event shall Grace be obligated to indemnify, to hold Unigard harmless from or to reimburse Unigard for (i) any claim arising out of reinsurance provided to Unigard under the Unigard Policy, or (ii) the amount of any payment or settlement entered into by Unigard without the prior consent of Grace, which consent shall not be unreasonably withheld.

B.   Grace also agrees to indemnify Unigard for all costs and reasonable attorneys' fees associated with the claims for which Grace is obligated to indemnify Unigard as set forth in paragraph A of this Article, and which are incurred after the execution of this Agreement, but excluding any costs associated with the enforcement of this Agreement.  Unigard immediately shall advise Grace of the pendency of any suit or claim for which Grace is obligated to indemnify Unigard as set forth in Article V of this Agreement and keep Grace informed of any developments with respect to such claims or suits, including but not limited to any discovery requests and any motions.

C.   Unigard shall defend diligently and in good faith any claim for which Grace is obligated to indemnify Unigard as set forth in paragraph A of this Article, utilizing the services of Taylor, Anderson & Travers or, at Unigard's option, other counsel approved by Grace.

-8-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000024

D.    Unigard shall not incur costs or attorneys' fees without the prior approval of Grace, which approval shall not be unreasonably withheld.

E.    Grace has the right, at its own expense, to participate in the defense of Unigard.

VI.    NO ADMISSIONS BY THE PARTIES

A.    The payment by Unigard of the Settlement Amount and its receipt by Grace is for the compromise of disputed claims, and neither such payment nor its receipt shall be construed as an admission by Unigard or Grace that any coverage or obligation to pay exists or does not exist under any Unigard policy for defense or indemnity of Grace for claims of any nature. By entering into this Agreement, Unigard does not admit that it has any liability or obligation to Grace or to any other person.

B.    Further, this Agreement is not intended to be, nor shall it be construed as, an admission with respect to policy interpretation or as an admission by any party regarding any duties, rights or obligations arising under the Unigard Policy or any other policy of insurance issued by Unigard to Grace or anyone else. Nothing in this Agreement shall be deemed to constitute a release, compromise, waiver or an estoppel of any right of Grace or Unigard to assert any claim or defense pursuant to any policy of insurance issued by Unigard or any other insurer, except as specifically provided in this Agreement.

-9-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

VII.  <u>DISMISSAL WITH PREJUDICE OF CERTAIN ACTIONS,
      CLAIMS, AND CAUSES OF ACTION</u>

A.    Upon the execution of this Agreement by the
parties and the payment by Unigard as set forth in Article III of
this Agreement, Grace will dismiss with prejudice the claims and
causes of action Grace has asserted against Unigard relating to
the Unigard Policy in the Hennepin County Actions, The Ecolab
Action, the Beaumont Action, and the New York Action.  Further,
Grace will make all reasonable efforts to cause the remaining
third-party plaintiffs in the Beaumont Action and the remaining
plaintiffs in the Hennepin County Actions and the Ecolab Action
to dismiss with prejudice the claims and causes of action they
have asserted against Unigard relating to the Unigard Policy in
the Beaumont Action, the Hennepin County Actions and the Ecolab
Action.

B.    Unigard and Grace agree that the Dismissal Without
Prejudice of Unigard by Grace entered by the Court on April 6,
1994 in the California Action shall have the same force and
effect as a Dismissal with Prejudice of Unigard by Grace entered
by the Court in the California Action.  Further, Grace will not
refile the California Action against Unigard.

C.    Unigard will dismiss with prejudice the claims and
causes of action Unigard has asserted against Grace relating to
the Unigard Policy in the New York State Court Action.

D.    Each party shall bear its own past costs and
attorneys' fees incurred in connection with the insurance

-10-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER                                        SEA-000026

coverage litigation and any such costs and fees incurred to negotiate or implement the terms of this Agreement.

     E.   Grace will cooperate with Unigard to minimize and prevent the possibility of the prosecution of cross-claims or other actions against Unigard by any other party.

## VIII.  NO CONSTRUCTION AGAINST EITHER PARTY

     The wording of this Agreement was reviewed and accepted by legal counsel for Grace and Unigard prior to its being signed by them.  Any ambiguities in the language of this Agreement shall not be construed against either party on the grounds that the party was the alleged drafter of the language in the event of any dispute arising between them in connection with this Agreement.

## IX.  INADMISSIBILITY OF AGREEMENT

     Any evidence of the existence, terms or negotiation of this Agreement shall be inadmissible in any litigation, action or other proceeding, provided, however, that such evidence may be offered in an action seeking solely to enforce the terms of this Agreement or in connection with any litigation, action or other proceeding, between Unigard and any of its reinsurers.  This Agreement has been entered into in reliance upon the provisions of Rule 408 of the Federal Rules of Evidence and similar state law provisions which preclude the introduction of evidence regarding settlement negotiations or agreements.

<div align="center">-11-</div>

**CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER**

**SEA-000027**

X.    APPLICATION OF AGREEMENT ONLY TO THE PARTIES

This Agreement is intended to confer rights and benefits only on the parties hereto and only with respect to the terms and conditions set forth herein.

XI.    ENTIRE AGREEMENT/AMENDMENTS TO AGREEMENT

This Agreement is the complete and entire agreement of the parties and may not be modified, changed, contradicted, added to, or altered in any way by any previous written or oral agreements or any subsequent oral agreements.  No amendments or variations of the terms of this Agreement shall be valid unless made in writing and signed by both parties.

XII.    CONFIDENTIALITY

The terms and conditions of this Agreement shall remain confidential and shall not be disclosed to any person or entity without the prior written consent of both parties, except: as required by contract or by authority of a court, administrative tribunal, arbitration panel, or regulatory agency, including, but not limited to, the United States Securities and Exchange Commission; other insurers of Grace; reinsurers of Unigard; in the normal course of business for such purposes as audits and accounting; or to the extent required to defend against disputes, claims or actions described in Articles III, IV and V of this Agreement.  Should a court order the disclosure of the terms of this Agreement to any other person or entity, the parties shall

-12-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000028

use their reasonable efforts to maintain its terms under seal and/or protective order.

XIII.   <u>REPRESENTATION AND WARRANTIES</u>

Each party represents and warrants to the other:

A.   that it is fully authorized to enter into this Agreement;

B.   that it is a corporation, duly organized and validly existing in good standing under the laws of one of the states of the United States of America;

C.   that it has taken all necessary corporate and internal legal actions to duly approve the making and performance of this Agreement and that no further governmental, regulatory, corporate or other internal approval is necessary;

D.   that the making and performance of this Agreement will not violate any provision of law or of its articles of incorporation, charter or by-laws;

E.   that it has read this entire Agreement and knows the contents hereof, that the terms hereof are contractual and not merely recitals, and that it has signed this Agreement of its own free_act;

F.   that in making this Agreement, it has obtained the advice of legal counsel; and

-13-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER                           SEA-000029

G.    that there are no pending agreements,

transactions or negotiations to which it is a

party that would render this Agreement or any part

thereof void, voidable or unenforceable.

XIV. <u>NOTICE</u>

All notices or other communications which any party

desires or is required to give shall be given in writing and

shall be deemed to have been given if sent by certified mail to

the party at the address noted below or such other address as a

party may designate in writing from time to time:

If to Grace:

    W. R. Grace & Co.
    One Town Center Road
    Boca Raton, Florida  33486
    Attn: Secretary

with a copy to:

    Director of Corporate Risk Management
    W. R. Grace & Co.
    One Town Center Road
    Boca Raton, Florida  33486

If to Unigard:

    Michael Studley, Esq.
    General Counsel
    Unigard Security Insurance Company
    c/o John Hancock Property and Casualty Company
    P.O. Box 854
    200 Clarendon Street, T-55
    Boston, Massachusetts  02117 .

-14-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

and

John Hancock Property and Casualty Company
Attn: General Counsel
P.O. Box 854
200 Clarendon Street, T-29
Boston, Massachusetts  02117

with a copy to:

Allan E. Taylor, Esq.
Taylor, Anderson & Travers
75 Federal Street
Boston, Massachusetts  02110

W. R. GRACE & CO.-CONN.

Date: _____        By _____

Its _____

W. R. GRACE & CO.

Date: _____        By _____

Its _____

UNIGARD SECURITY INSURANCE COMPANY

Date: _12 MAY 1995_        By _____

Its _GENERAL COUNSEL + CORPORATE SECRETARY_

-15-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000031



Δ π EXHIBIT _20_
Deponent _Posner_
Date _5-6-27_ Rptr. _LL_
WWW.DEPOBOOK.COM

# SETTLEMENT AGREEMENT, RELEASE
## & INDEMNIFICATION/HOLD HARMLESS AGREEMENT

**Between**

**W. R. GRACE & CO.**

**and**

**UNIGARD SECURITY INSURANCE COMPANY**

**July 11, 1996**

**CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER**

<u>SETTLEMENT AGREEMENT, RELEASE AND</u>

<u>INDEMNIFICATION/HOLD HARMLESS AGREEMENT</u>

This Settlement Agreement, Release and Indemnification/Hold Harmless Agreement is entered into this _11_<sup>th</sup> day of _July_, 1996 by W. R. Grace & Co.-Conn., a Connecticut corporation, and W. R. Grace & Co. (collectively "Grace") (as defined in Article II., A. of this Agreement) and Unigard Security Insurance, formerly Unigard Mutual Insurance Company ("Unigard") (as defined in Article II., B. of this Agreement).

### I.   <u>RECITALS</u>

WHEREAS, Unigard issued to Grace two policies of insurance, Policy No. 1-2517 with a policy period of June 30, 1974 to June 30, 1975 and Policy No. 1-0589 with a policy period of February 27, 1973 to June 30, 1975 (collectively the "Unigard Policies").

WHEREAS, Grace has asserted that Unigard is responsible under the Unigard Policies to defend and indemnify Grace as a result of liability, or potential future liability, of Grace arising out of Environmental Claims (as defined in Article II.,C. of this Agreement) asserted, or which may in the future be asserted, in connection with a manufacturing facility owned by Hatco Corporation and located in Fords, New Jersey (the "Hatco Site"); and

WHEREAS, there is a dispute between Grace and Unigard with respect to Unigard's obligations under the Unigard Policies to defend and/or indemnify Grace with respect to such claims, which

**CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER**

is the subject of certain pending third-party litigation brought by Grace against Unigard entitled <u>Hatco, Inc. v. W. R. Grace & Co.-Conn. v. Allstate Insurance Company, et. al.</u>, United States District Court for the District of New Jersey, Civil Action No. 89-1031 (AMW) (the "Pending Litigation"); and

WHEREAS, Unigard has denied that it has any such obligation to Grace, and has defended the Pending Litigation against it; and

WHEREAS, the parties believe that it is in their mutual interest to reach an amicable resolution with respect to all Environmental Claims arising, or which may in the future arise, out of the Hatco Site and the issues raised in the Pending Litigation without admission or adjudication of any issue of fact or law, and to resolve all past, present or future disputes relating to Unigard's obligations to Grace under the Unigard Policies with respect to Environmental Claims arising out of the Hatco Site;

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, Grace and Unigard hereby agree as follows:

II.   <u>DEFINITIONS</u>

A.    "Grace" shall mean W. R. Grace & Co.-Conn., and/or W. R. Grace & Co. and their respective predecessors, successors, and subsidiary companies or corporations.

B.    "Unigard" shall mean Unigard Security Insurance Company, John Hancock Mutual Life Insurance Company, John Hancock

-2-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000034

Property & Casualty Holding Company, John Hancock Management Company, any entity owned or controlled by any of them, and the past and present directors, officers, employees, parents, subsidiaries, predecessors, and successors of each of the foregoing, together with the assigns of any rights or obligations of any of them under the Unigard Policies.

C.    "Environmental Claims" shall mean any past, present and/or future claim, action, suit, proceeding or notice of liability, whether made at law or equity and whether sounding in contract, tort or any other common law or statutory cause of action made against Grace by any Federal, State, local or other governmental agency or Hatco Corporation, its successors or assignees for environmental liabilities involving alleged, actual, threatened or potential pollution, contamination or other injurious environmental condition, or injury to, destruction of or loss of natural resources, and including but not limited to any property damage, natural resource damage, cleanup or remediation, but shall not include claims for (1) personal injury (The term "personal injury" shall not include claims for wrongful entry or eviction, nuisance or trespass, or invasion of the right of privacy or occupancy arising out of alleged, actual, threatened or potential pollution, contamination or other injurious environmental condition.), or (2) claims for property damage, natural resource damage, clean-up or remediation brought by any non-governmental party, except Hatco Corporation, its successors or assignees.

-3-

**CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER**

SEA-000035

III. <u>PAYMENT BY UNIGARD IN COMPROMISE OF DISPUTED CLAIMS</u>

In full and final settlement of all Environmental
Claims that Grace has or may have, now or in the future, known or
unknown, against Unigard under the Unigard policies arising out
of the Hatco Site, Unigard will pay to Grace within 30 days after
execution of this Agreement by both parties the total sum of Two
Million Dollars ($2,000,000) (the "Settlement Amount").

IV.  <u>DISMISSAL WITH PREJUDICE OF PENDING LITIGATION</u>

Upon receipt of the payment of the Settlement Amount,
Grace shall discontinue with prejudice its prosecution of its
claims against Unigard in the Pending Litigation. Grace will use
reasonable efforts to minimize the possibility of any claims or
actions against Unigard by any insurance company from which Grace
also seeks coverage under any policies issued by any such
insurance companies for Environmental Claims arising out of the
Hatco Site. In particular, if Grace settles with any other
insurance company with respect to any such Environmental Claims
arising out of the Hatco Site, Grace will request a release from
each such insurer of any claim it may have against Unigard.

Each party shall bear its own past costs and attorneys' fees
incurred in connection with the Pending Litigation and any such
costs and fees incurred to negotiate or implement the terms of
this Agreement.

-4-

**CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER**

SEA-000036

V.    <u>RELEASE</u>

In further consideration of the payment of the Settlement Amount by Unigard and the mutual release of rights contained herein, Grace does hereby fully and forever release and discharge Unigard, its agents, reinsurers and attorneys from any obligation arising under the Unigard policies for any and all past, present, or future claims, demands, obligations, suits, actions, causes of action and rights whatsoever for indemnity, defense and/or damages or other payments of any nature, which Grace may have paid, may agree to pay, or otherwise may be required to pay, or which may hereafter accrue, on account of or in any way related to Environmental Claims arising out of the Hatco Site, whether known or unknown as of the date of execution of this Agreement; and for any damages (including compensatory, punitive, exemplary, extracontractual or statutory) based upon any allegations of bad faith, unfair claim practice, unfair trade practice or other act or failure to act arising out of Unigard's role as an insurer under the Unigard policies with respect to any Environmental Claims arising out of the Hatco Site.

Grace's release of Unigard shall in no event inure to the benefit of any other insurance company that, at any time after the date of this Agreement is executed, is merged into Unigard, or in which Unigard, at any time after the date this Agreement is executed, acquires a controlling interest.

-5-

**CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER**

SEA-000037

## VI. INDEMNIFICATION/HOLD HARMLESS AGREEMENT

A.    From and after the time when Unigard has forwarded the payment of the Settlement Amount to Grace, Grace shall indemnify and hold Unigard harmless from and against any and all liability, excluding any attorneys' fees or other costs or expenses, imposed upon Unigard as a result of any claims, demands, lawsuits, causes of action or proceedings that are asserted, initiated or continued by any person or entity against Unigard and that are based upon the Policies and arise out of the Environmental Claims arising out of the Hatco Site, except as otherwise provided in this paragraph VI.  The matters for which Grace is obligated pursuant to this paragraph VI to indemnify and hold harmless Unigard are hereinafter referred to as "Indemnifiable Claims."

B.    Grace's obligation to indemnify Unigard for Indemnifiable Claims with respect to the Policies shall be subject to an aggregate limit equal to the Settlement Amount under this Agreement.  Once Grace has paid any liabilities for Indemnifiable Claims of Unigard in an amount equal to the Settlement Amount, Grace shall not be obligated to indemnify Unigard for further Indemnifiable Claims with respect to the Policies.

C.    Within ninety (90) days after receipt by Unigard of notice of any complaint or the commencement or continuation of any action or proceeding that constitutes an Indemnifiable Claim,

-6-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000038

Unigard shall notify Grace in writing of such Indemnifiable Claim. The consequences of Unigard's failure to comply with this notice provision shall be governed by New Jersey law as it relates to notice given by insureds to insurers.

D.   Grace shall have no obligation to pay Unigard's attorney's fees or costs of defense arising out of any Indemnifiable Claim. Grace shall have no right to assume the defense of Unigard with regard to any Indemnifiable Claim.

E.   Unigard and Grace shall cooperate reasonably with each other with respect to Indemnifiable Claims. Grace shall comply in a timely manner with Unigard's requests for access to documentation or information pertaining to its defense of an Indemnifiable Claim.

F.   Unigard shall not have the right to settle any Indemnifiable Claim without Grace's consent, which shall not be unreasonably withheld. Grace shall have the right to settle or compromise any Indemnifiable Claim on behalf of Unigard if the total amount of the proposed settlement or compromise does not exceed the Settlement Amount. Unigard shall have such time as is practicable to review the proposed settlement or compromise and to present its view to Grace, but no such settlement or compromise shall require Unigard's approval if the total amount of the settlement or compromise does not exceed the Settlement Amount. If the total amount of the proposed settlement or compromise exceeds the Settlement Amount, Grace must obtain

-7-

CONFIDENTIAL SUBJECT TO MARCH 2009 PROTECTIVE ORDER

SEA-000039

Unigard's consent, which shall not be unreasonably withheld, prior to agreeing to and effectuating any such settlement or compromise. Each party shall provide reasonable and timely disclosure to the other party as soon as is practicable of any proposed settlement or compromise. Any settlement or compromise arranged by Grace shall provide that it is not an admission of liability by Unigard and is without precedent as to Unigard. Any settlement agreement entered into by Grace shall include language substantially similar to that contained in Section VII. A. and B. of this Agreement. Grace shall use reasonable efforts to keep such settlement or compromise confidential. Should Unigard and Grace disagree on the settlement of any Indemnifiable Claims and withold their consent to any settlement under this section, Unigard and Grace agree to present their dispute for resolution pursuant to Section XIV.

VII. <u>NO ADMISSIONS BY THE PARTIES</u>

A.   The payment by Unigard of the Settlement Amount and its receipt by Grace is for the compromise of disputed claims, and neither such payment nor its receipt shall be construed as an admission by Unigard or Grace that any coverage or obligation to pay exists or does not exist under any Unigard policy for defense or indemnity of Grace for claims of any nature. By entering into this Agreement, Unigard does not admit

-8-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000040

that it has any liability or obligation to Grace or to any other person.

    B.    Further, this Agreement is not intended to be, nor shall it be construed as, an admission with respect to policy interpretation or as an admission by any party regarding any duties, rights or obligations arising under the Unigard Policies or any other policy of insurance issued by Unigard to Grace or anyone else.  Nothing in this Agreement shall be deemed to constitute a release, compromise, waiver or an estoppel of any right of Grace or Unigard to assert any claim or defense pursuant to any policy of insurance issued by Unigard or any other insurer, except as specifically provided in this Agreement.


    VIII.  NO CONSTRUCTION AGAINST EITHER PARTY

    The wording of this Agreement was reviewed and accepted by legal counsel for Grace and Unigard prior to its being signed by them.  Any ambiguities in the language of this Agreement shall not be construed against either party on the grounds that the party was the alleged drafter of the language in the event of any dispute arising between them in connection with this Agreement.


    IX.   INADMISSIBILITY OF AGREEMENT

    Any evidence of the existence, terms or negotiation of this Agreement shall be inadmissible in any litigation, action or other proceeding, provided, however, that such evidence may be


-9-


CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000041

offered (1) by either party in an action seeking solely to enforce the terms of this Agreement, (2) by Unigard in connection with any litigation, action or other proceeding, between Unigard and any of its reinsurers, and (3) Grace may offer this Agreement as evidence in any trial or proceeding as needed to support an allocation of liability among its various insurance carriers. This Agreement has been entered into in reliance upon the provisions of Rule 408 of the Federal Rules of Evidence and similar state law provisions which preclude the introduction of evidence regarding settlement negotiations or agreements.

X.    APPLICATION OF AGREEMENT ONLY TO THE PARTIES

This Agreement is intended to confer rights and benefits only on the parties hereto and only with respect to the terms and conditions set forth herein.

XI.    ENTIRE AGREEMENT/AMENDMENTS TO AGREEMENT

This Agreement is the complete and entire agreement of the parties and may not be modified, changed, contradicted, added to, or altered in any way by any previous written or oral agreements or any subsequent oral agreements.  No amendments or variations of the terms of this Agreement shall be valid unless made in writing and signed by both parties.

-10-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000042

XII. <u>CONFIDENTIALITY</u>

The terms and conditions of this Agreement shall remain confidential and shall not be disclosed to any person or entity without the prior written consent of both parties, except: as required by contract or by authority of a court, administrative tribunal, arbitration panel, or regulatory agency, including, but not limited to, the United States Securities and Exchange Commission or any court in which the issue of allocation of liability among Grace's insurers is being heard; other insurers of Grace; reinsurers of Unigard; in the normal course of business for such purposes as audits and accounting; to the extent required to defend against disputes, claims or actions related to this Agreement; or to the extent required to litigate or resolve issues related to claims of exclusion or impairment of the Unigard Policies.  Should a court order the disclosure of the terms of this Agreement to any other person or entity, the parties shall use their reasonable efforts to maintain its terms under seal and/or protective order.

XIII. <u>REPRESENTATION AND WARRANTIES</u>

Each party represents and warrants to the other:

A.    that it is fully authorized to enter into this Agreement;

-11-

**CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER**

B.  that it is a corporation, duly organized and validly existing in good standing under the laws of one of the states of the United States of America;

C.  that it has taken all necessary corporate and internal legal actions to duly approve the making and performance of this Agreement and that no further governmental, regulatory, corporate or other internal approval is necessary;

D.  that the making and performance of this Agreement will not violate any provision of law or of its articles of incorporation, charter or by-laws;

E.  that it has read this entire Agreement and knows the contents hereof, that the terms hereof are contractual and not merely recitals, and that it has signed this Agreement of its own free act;

F.  that in making this Agreement, it has obtained the advice of legal counsel; and

G.  that there are no pending agreements, transactions or negotiations to which it is a party that would render this Agreement or any part thereof void, voidable or unenforceable.

-12-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000044

XIV.  <u>CHOICE OF LAW; JURISDICTION</u>

This Agreement shall be construed pursuant to the laws of the State of New Jersey.  Any suit or action to enforce the terms of this Agreement shall be commenced and maintained before the Honorable Alfred M. Wolin of the U.S. District Court for the District of New Jersey, which Court shall retain jurisdiction to enforce this Agreement.

XV.  <u>COVENANT NOT TO SEEK RECOVERY</u>

Unigard hereby covenants not to seek to recover the Settlement Amount from any other insurance company that may have provided coverage to Grace for Environmental Claims arising out of or relating to the Hatco Site.

XVI.  <u>RESERVATION OF RIGHTS</u>

Grace reserves all of its rights, without limitation, to enforce coverage provided by Unigard on any and all grounds for any and all claims for coverage which are not released in this Agreement.  Unigard reserves all of its rights, without limitation, to deny or dispute coverage to Grace on any and all grounds for any and all claims for coverage which are not released in this Agreement.

-13-

**CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER**

XVII.    <u>NOTICE</u>

All notices or other communications which any party desires or is required to give shall be given in writing and shall be deemed to have been given if sent by certified mail to the party at the address noted below or such other address as a party may designate in writing from time to time:

If to Grace:

    W. R. Grace & Co.
    One Town Center Road
    Boca Raton, Florida  33486
    Attn: Secretary

with a copy to:

    Director of Corporate Risk Management
    W. R. Grace & Co.
    One Town Center Road
    Boca Raton, Florida  33486

If to Unigard:

    Michael Studley, Esq.
    General Counsel
    Unigard Security Insurance Company
    c/o John Hancock Property and Casualty Company
    P.O. Box 854
    200 Clarendon Street, T-55
    Boston, Massachusetts  02117

        and

    John Hancock Property and Casualty Company
    Attn: General Counsel
    P.O. Box 854
    200 Clarendon Street, T-55
    Boston, Massachusetts  02117

        and

    William P. Hutt, CPCU
    Second Vice President
    John Hancock Management Company
    P.O. Box 854
    200 Clarendon Street, T-29
    Boston, Massachusetts  02117

-14-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000046

with a copy to:

> Allan E. Taylor, Esq.
> Taylor, Duane, Barton & Gilman
> 75 Federal Street
> Boston, Massachusetts  02110

W. R. GRACE & CO.-CONN.

Date: _7/11/96_                   By _[signature]_

                                  Its _Asst VP_

W.R. GRACE & CO.

Date: _7/11/96_                   By _[signature]_

                                  Its _Asst VP_

UNIGARD SECURITY INSURANCE
COMPANY

Date: _7/18/96_                   By _William O. Hutt_

                                  Its _Cert VP_

-15-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000047



SETTLEMENT AGREEMENT & RELEASE

Between

W. R. GRACE & CO.

and

UNIGARD SECURITY INSURANCE COMPANY

March 5, 1997

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000048

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into this 5th day of March , 1997 by W. R. Grace & Co., a Delaware corporation, W. R. Grace & Co., a New York corporation which changed its name to Fresenius National Medical Care Holdings, Inc., and W.R. Grace & Co.-Conn., a Connecticut corporation (collectively "Grace") (as defined in Article II., A. of this Agreement) and Unigard Security Insurance Company, formerly Unigard Mutual Insurance Company ("Unigard") (as defined in Article II., B. of this Agreement).

I.    RECITALS

WHEREAS, Unigard issued to Grace two policies of insurance, Policy No. 1-2517 with a policy period of June 30, 1974 to June 30, 1975 and Policy No. 1-0589 with a policy period of February 27, 1973 to June 30, 1975 (collectively the "Unigard Policies").

WHEREAS, Grace has asserted that Unigard is responsible under the Unigard Policies to defend and indemnify Grace as a result of liability, or potential future liability, of Grace arising out of Environmental Claims (as defined in Article II., D. of this Agreement) asserted, or which may in the future be asserted; and

WHEREAS, there is a dispute between Grace and Unigard with respect to Unigard's obligations under the Unigard Policies to defend and/or indemnify Grace with respect to such claims, which is the subject of certain pending cross-claims brought by Grace against Unigard in an action entitled Maryland Casualty Co., v. W. R. Grace & Co., et al., United States District Court for the

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

Southern District of New York, Civil Action No. 88 Civ. 4337

(JGM) (the "Pending Litigation"); and

WHEREAS, Unigard has denied that it has any such obligation

to Grace, and has defended the Pending Litigation against it; and

WHEREAS, the parties believe that it is in their mutual

interest to reach an amicable resolution with respect to all

Environmental Claims and the issues raised in the Pending

Litigation without admission or adjudication of any issue of fact

or law, and to resolve all past, present or future disputes

relating to Unigard's obligations to Grace under the Unigard

Policies with respect to Environmental Claims;

NOW, THEREFORE, in consideration of the mutual promises

contained herein and other good and valuable consideration, Grace

and Unigard hereby agree as follows:


II.  <u>DEFINITIONS</u>

A.    "Grace" shall mean W. R. Grace & Co.-Conn., a

Connecticut corporation, W. R. Grace & Co., a New York

corporation which changed its name to Fresenius National Medical

Holdings, Inc., and W.R. Grace & Co., a Delaware corporation, and

their respective predecessors, successors, and subsidiary

companies or corporations.

B.    "Unigard" shall mean Unigard Security Insurance

Company, John Hancock Mutual Life Insurance Company, John Hancock

Property & Casualty Holding Company, John Hancock Management

Company, any entity owned or controlled by any of them, and the

past and present directors, officers, employees, parents,

subsidiaries, predecessors, and successors of each of the

-2-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

foregoing, together with the assigns of any rights or obligations of any of them under the Unigard Policies.

C. "Person" shall mean an individual, a corporation, a partnership, an association, a proprietorship, a trust or any other entity or organization, any federal, state, local or foreign governmental or quasi-governmental body or political subdivision or any agency or instrumentality thereof, or any person or entity acting or purporting to act on behalf of any federal, state, local or foreign governmental or quasi-governmental body or political subdivision or any agency or instrumentality thereof.

D. "Environmental Claims" shall mean any past, present and/or future claim, action, suit, proceeding or notice of liability or potential liability, whether made at law or equity and whether sounding in contract, tort or any other common law or statutory cause of action made against Grace by any Person for environmental liabilities involving alleged, actual, threatened or potential pollution, contamination or other injurious environmental condition, or injury to, destruction of or loss of natural resources, and including any property damage, natural resource damage, cleanup or remediation, but shall not include personal injury claims. The term "personal injury claims" shall mean any past, present and/or future claim, action, suit, proceeding or notice of liability or potential liability, whether made at law or equity and whether sounding in contract, tort or any other common law or statutory cause of action made against Grace by any Person for bodily injury, sickness or disease, mental injury, mental anguish, malpractice, shock, disability,

-3-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

false arrest, false imprisonment, detention, malicious prosecution, discrimination, humiliation, libel, slander or defamation of character, including death at any time resulting therefrom.  For the purpose of this Agreement, however, the term "personal injury claims" shall not include any past, present and/or future claim, action, suit, proceeding or notice of liability or potential liability, whether made at law or equity and whether sounding in contract, tort or any other common law or statutory cause of action made against Grace by any Person for wrongful entry or eviction, nuisance or trespass, or invasion of the right of privacy or occupancy arising out of alleged, actual, threatened or potential pollution, contamination or other injurious environmental condition.

III.  <u>PAYMENT BY UNIGARD IN COMPROMISE OF DISPUTED CLAIMS</u>

In full and final settlement of all Environmental Claims that Grace has or may have, now or in the future, known or unknown, against Unigard under the Unigard policies, Unigard will pay to Grace within 30 days after execution of this Agreement by both parties the total sum of Two Million Dollars ($2,000,000) (the "Settlement Amount").

IV.  <u>DISMISSAL WITH PREJUDICE OF PENDING LITIGATION</u>

Upon receipt of the payment of the Settlement Amount, Grace and Unigard shall discontinue with prejudice their prosecution of their claims against each other in the Pending Litigation.  Each party shall bear its own past costs and attorneys' fees incurred in connection with the Pending

-4-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

Litigation and any such costs and fees incurred to negotiate or implement the terms of this Agreement.

V.   RELEASE

A.    In further consideration of the payment of the Settlement Amount by Unigard and the mutual release of rights contained herein, Grace does hereby fully and forever release and discharge Unigard, its agents, reinsurers and attorneys from any obligation arising under the Unigard policies for any and all past, present, or future claims, demands, obligations, suits, actions, causes of action and rights whatsoever for indemnity, defense and/or damages or other payments of any nature, which Grace may have paid, may agree to pay, or otherwise may be required to pay, or which may hereafter accrue, on account of or arising out of Environmental Claims, whether known or unknown as of the date of execution of this Agreement; and for any damages (including compensatory, punitive, exemplary, extracontractual or statutory) based upon any allegations of bad faith, unfair claim practice, unfair trade practice or other act or failure to act arising out of Unigard's role as an insurer under the Unigard policies with respect to any Environmental Claims.

B.    In further consideration of the payment of the Settlement Amount by Unigard and the mutual release of rights contained herein, Grace agrees that it will not seek to recover from Unigard amounts it paid in defense of and to settle claims which were the subject of a lawsuit in the United States District Court for the District of Massachusetts entitled Anne Anderson et al. v. W.R. Grace & Co., et al., Civil Action No. 82-1672-S,

-5-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

filed on May 14, 1982 and which were the subject of a settlement agreement entered into as of September 20, 1986 between Grace and the plaintiffs in that action.

C.    Grace represents that as of the date of execution of this Agreement, it is not aware of any Environmental Claims contemplated being made against the Unigard Policies by any former subsidiary of Grace or any other entity which may be entitled to coverage under the Unigard Policies.

D.    Grace's release of Unigard shall in no event inure to the benefit of any other insurance company that, at any time after the date of this Agreement is executed, is merged into Unigard, or in which Unigard, at any time after the date this Agreement is executed, acquires a controlling interest.

VI.    NO ADMISSIONS BY THE PARTIES

A.    The payment by Unigard of the Settlement Amount and its receipt by Grace is for the compromise of disputed claims, and neither such payment nor its receipt shall be construed as an admission by Unigard or Grace that any coverage or obligation to pay exists or does not exist under any Unigard policy for defense or indemnity of Grace for claims of any nature. By entering into this Agreement, Unigard does not admit that it has any liability or obligation to Grace or to any other person.

B.    Further, this Agreement is not intended to be, nor shall it be construed as, an admission with respect to policy interpretation or as an admission by any party regarding any duties, rights or obligations arising under the Unigard Policies

-6-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000054

or any other policy of insurance issued by Unigard to Grace or anyone else. Nothing in this Agreement shall be deemed to constitute a release, compromise, waiver or an estoppel of any right of Grace or Unigard to assert any claim or defense pursuant to any policy of insurance issued by Unigard or any other insurer, except as specifically provided in this Agreement.

## VII. NO CONSTRUCTION AGAINST EITHER PARTY

The wording of this Agreement was reviewed and accepted by legal counsel for Grace and Unigard prior to its being signed by them. Any ambiguities in the language of this Agreement shall not be construed against either party on the grounds that the party was the alleged drafter of the language in the event of any dispute arising between them in connection with this Agreement.

## VIII. INADMISSIBILITY OF AGREEMENT

Any evidence of the existence, terms or negotiation of this Agreement shall be inadmissible in any litigation, action or other proceeding, provided, however, that such evidence may be offered (1) by either party in an action seeking solely to enforce the terms of this Agreement, (2) by Unigard in connection with any litigation, action or other proceeding, between Unigard and any of its reinsurers, and (3) Grace may offer this Agreement as evidence in any trial or proceeding as needed to support an allocation of liability among its various insurance carriers. This Agreement has been entered into in reliance upon the provisions of Rule 408 of the Federal Rules of Evidence and similar state law provisions which preclude the introduction of

-7-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

evidence regarding settlement negotiations or agreements.

IX.   APPLICATION OF AGREEMENT ONLY TO THE PARTIES

This Agreement is intended to confer rights and benefits only on the parties hereto and only with respect to the terms and conditions set forth herein.

X.   ENTIRE AGREEMENT/AMENDMENTS TO AGREEMENT

This Agreement is the complete and entire agreement of the parties and may not be modified, changed, contradicted, added to, or altered in any way by any previous written or oral agreements or any subsequent oral agreements.  No amendments or variations of the terms of this Agreement shall be valid unless made in writing and signed by both parties.

XI.   CONFIDENTIALITY

The terms and conditions of this Agreement shall remain confidential and shall not be disclosed to any person or entity without the prior written consent of both parties, except: as required by contract or by authority of a court, administrative tribunal, arbitration panel, or regulatory agency, including, but not limited to, the United States Securities and Exchange Commission or any court in which the issue of allocation of liability among Grace's insurers is being heard; other insurers of Grace; reinsurers of Unigard; in the normal course of business for such purposes as audits and accounting; to the extent required to defend against disputes, claims or actions related to this Agreement; or to the extent required to litigate or resolve

-8-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

issues related to claims of exclusion or impairment of the Unigard Policies. Should a court order the disclosure of the terms of this Agreement to any other person or entity, the parties shall use their reasonable efforts to maintain its terms under seal and/or protective order.

XII. REPRESENTATION AND WARRANTIES

Each party represents and warrants to the other:

A.   that it is fully authorized to enter into this Agreement;

B.   that it is a corporation, duly organized and validly existing in good standing under the laws of one of the states of the United States of America;

C.   that it has taken all necessary corporate and internal legal actions to duly approve the making and performance of this Agreement and that no further governmental, regulatory, corporate or other internal approval is necessary;

D.   that the making and performance of this Agreement will not violate any provision of law or of its articles of incorporation, charter or by-laws;

E.   that it has read this entire Agreement and knows the contents hereof, that the terms hereof are contractual and not merely recitals, and that it has signed this Agreement of its own free act;

-9-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000057

F.    that in making this Agreement, it has obtained the advice of legal counsel; and

G.    that there are no pending agreements, transactions or negotiations to which it is a party that would render this Agreement or any part thereof void, voidable or unenforceable.

XIII.  AGREEMENT NOT TO SUE OR SEEK RECOVERY

A.    Unigard agrees not to sue or otherwise seek to recover the Settlement Amount paid to Grace from any other insurance companies that wrote coverage for Grace to the extent that such other insurance companies do not sue or otherwise seek to recover from Unigard amounts paid to Grace for Environmental Claims.

B.    Nothing in this Agreement shall preclude Unigard from seeking recovery of the Settlement Amount from its reinsurers.

C.    Grace agrees to use reasonable efforts to obtain the same agreements from insurance companies with which it settles in the future, with respect to Environmental Claims, that such insurance companies will not sue or otherwise seek to recover from Unigard amounts paid to Grace pursuant to such settlement agreements.

D.    Grace warrants that it has obtained the same agreement as set forth in Section XIII. A. of this Agreement from Allstate Insurance Company and Certain Underwriters at Lloyd's, London and London Market Insurance Companies with which it has settled in the past, with respect to Environmental Claims, that

-10-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000058

such insurance companies will not sue or otherwise seek to recover from other insurance companies amounts paid to Grace pursuant to such settlement agreements.

XIV. <u>RESERVATION OF RIGHTS</u>

Grace reserves all of its rights, without limitation, to enforce coverage provided by Unigard on any and all grounds for any and all claims for coverage which are not released in this Agreement. Unigard reserves all of its rights, without limitation, to deny or dispute coverage to Grace on any and all grounds for any and all claims for coverage which are not released in this Agreement.

XV. <u>NOTICE</u>

All notices or other communications which any party desires or is required to give shall be given in writing and shall be deemed to have been given if sent by certified mail to the party at the address noted below or such other address as a party may designate in writing from time to time:

If to Grace:

    W. R. Grace & Co.
    One Town Center Road
    Boca Raton, Florida  33486
    Attn: Secretary

with a copy to:

    Director of Corporate Risk Management
    W. R. Grace & Co.
    One Town Center Road
    Boca Raton, Florida  33486

-11-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000059

If to Unigard:

    Michael Studley, Esq.
    General Counsel
    Unigard Security Insurance Company
    c/o John Hancock Property and Casualty Company
    P.O. Box 854
    200 Clarendon Street, T-55
    Boston, Massachusetts  02117

       and

    John Hancock Property and Casualty Company
    Attn: General Counsel
    P.O. Box 854
    200 Clarendon Street, T-55
    Boston, Massachusetts  02117

       and

    William P. Hutt, CPCU
    Second Vice President
    John Hancock Management Company
    P.O. Box 854
    200 Clarendon Street, T-29
    Boston, Massachusetts  02117

with a copy to:

    James J. Duane, III, Esq.
    Taylor, Duane, Barton & Gilman
    75 Federal Street
    Boston, Massachusetts  02110

Date: ___3/3/97___    W. R. GRACE & CO. (a Delaware
                corporation)

                By _____

                Its _____

-12-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000060

Date: _3/3/57_      W.R. GRACE & CO. (a New York corporation
which changed its name to Fresenius
National Medical Care Holdings, Inc.)
By its Attorney-In-Fact
W.R. GRACE-CONN.

By _____

Its _____

Date: _3/3/57_      W.R. GRACE & CO-CONN. (a Connecticut
corporation)

By _____

Its _____

UNIGARD SECURITY INSURANCE COMPANY

Date: _3/5/97_      By _William C Hutt_

Its _Asst. V.P._

-13-

CONFIDENTIAL SUBJECT TO MARCH
2009 PROTECTIVE ORDER

SEA-000061