**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br><br>**Objection Date: August 28, 2009**<br>**Hearing Date: September 8, 2009 @ 11:00 a.m. in**<br>**Pittsburgh, Pennsylvania**<br>**Related Docket No.: 21902** |

**THE PLAN PROPONENTS' MOTION TO EXCLUDE OR LIMIT TESTIMONY OF JAMES B. SHEIN PURSUANT TO *DAUBERT* AND RULES 702 AND 703 OF THE FEDERAL RULES OF EVIDENCE**

The Plan Proponents[1], by and through undersigned counsel, hereby move the Court to exclude or limit the testimony of James B. Shein pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and Rules 702 and 703 of the Federal Rules of Evidence, as further detailed below.

**INTRODUCTION**

Several objecting insurers[2] intend to offer Dr. Shein, a business school professor with no experience with or knowledge of asbestos trusts, to provide expert testimony on

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings given to them in the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated February 27, 2009 [D.I. 20872].

[2] Dr. Shein's report was filed on behalf of One Beacon America Insurance Company; Seaton Insurance Company; Government Employees Insurance Company; and Columbia Insurance Company f/k/a Republic Insurance Company; Arrowood Indemnity Company f/k/a Royal Indemnity Company; Federal Insurance Company; Zurich Insurance Company, Zurich International (Bermuda) Ltd., and Maryland Casualty Company; Continental Casualty Company and Continental Insurance Company and affiliated companies; Fireman's Fund Insurance Company and Allianz S.p.A., f/k/a Riunione Adricata Di Sicurta.

{D0159418.1 }334318

the "potential for abuse" represented by the WRG PI Trust, the fiduciary duties of the Trust Advisory Committee ("TAC") members, and the likelihood that the TAC members would somehow breach their duties such that claimants would not be treated "fairly and equitably." Expert Report of James B. Shein, March 16, 2009 ("Shein Report") (attached as Exh. 1), at 1-2.

Dr. Shein's opinions are a hodgepodge of subjective judgment, speculation and legal argument. Admitting he knows nothing of asbestos trusts, Dr. Shein relies instead on his grasp of "human nature" generally to interpret the Plan Documents and forecast malfeasance. As such, Dr. Shein's opinions fail to meet the standards imposed by *Daubert* and its progeny for expert testimony. The Court should therefore exclude Dr. Shein's testimony.[3]

## ARGUMENT

The Supreme Court has directed the trial judge to act as a "gatekeeper" with respect to all expert testimony. *Daubert,* 509 U.S. at 589-91; *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 147 (1999). The Third Circuit has provided additional instruction on this gatekeeper function, requiring the trial court to enforce "a trilogy of restrictions on expert testimony: qualification, reliability and fit." *Schneider ex rel. Estate of Schneider v. Fried,* 320 F.3d 396, 404 (3d Cir. 2003). The proposed expert testimony of Dr. Shein fails on all three grounds.

---

[3] In connection with Phase I, the Plan Proponents previously moved to strike Dr. Shein's report and testimony. *See* Joint Motion in Limine to Strike the Expert Reports and Testimony of George L. Priest and James B. Shein, May 28, 2009 [D.I. 21902] (attached as Exh. 2). At the hearing on June 18, 2009, the motion was argued and the Court questioned whether Dr. Shein's testimony would be of any assistance, but ultimately reserved decision on the motion (See June 18, 2009 Hearing Transcript at 83-95, 124-130, attached as Exh. 3). The Plan Proponents incorporate herein the substantive arguments regarding the admissibility of Dr. Shein's report and testimony made in their previous motion and argument.

I.  **DR. SHEIN HAS NO EXPERIENCE WITH OR KNOWLEDGE OF ASBESTOS TRUSTS WHATSOEVER**

To qualify as an expert, any expert witness must first have "specialized expertise." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008). While the Third Circuit has interpreted that requirement liberally, it has "also set a floor with respect to an expert witness's qualifications". *Elcock v. Kmart Corp.*, 233 F.3d 734, 742 (3d Cir. 2000). For example, the Third Circuit has held that a sales representative who was not an engineer and had no experience in designing construction machinery and no knowledge or experience in determining the cause of equipment fires could not be an expert witness on the cause of a tractor fire. *Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110, 114-115 (3d Cir. 1987).

Here, by his own admission, Dr. Shein knows nothing at all about asbestos personal injury trusts.

> Q. And as part of your background and experience in which you just testified about your belief of what the trustees would or wouldn't do, do you know anything about how the various trusts with these kind of provisions in them have in fact operated over the years?
>
> A. No.

Deposition of James Shein of May 14, 2009 ("Shein Dep.") (attached as Exh. 4) at 30:3-8. Dr. Shein does not know how the trusts operate.

> Q. Do you know how these sorts of trusts actually operate as they now exist?
>
> A. Internally, the others? No.
>
> . . .
>
> Q. Well, if you don't know how the W.R. Grace Trust is expected to process claims, then how could you possibly hypothesize that the trustees would have such an involvement in them that they would be motivated to

> or could give special treatment to the claims represented by TAC members?
>
> A.   I'd have to look at the details.

*Id.* at 81:10-82:6.  Nor does Dr. Shein have any experience with how asbestos trusts actually process personal injury claims.

> Q.   Do you have any experience about claims resolution at all in terms of the forms and proofs of claims and processing?
>
> A.   For bankruptcy, yes.
>
> Q.   No, no, no.  For asbestos trusts.
>
> A.   I'm sorry.  No.

*Id.* at 87:7-12.  Dr. Shein has never participated in the design of an asbestos trust.  *Id.* at 164:6-12.  Moreover, Dr. Shein knows nothing about the law firms with which the proposed TAC members are associated or their clients.

> Q.   Do you know anything about the four firms other than the names set forth in the Trust agreement?
>
> A.   No.
>
> Q.   And in particular, do you know whether—strike that.  And, in particular, do you know what kinds of claims the claimants that they represent have?
>
> A.   No.

*Id. at* 34:19-35:2.

While Dr. Shein is a well-educated business school professor with a diverse history as an executive in the manufacturing and consulting industries, he has no experience with the subject at hand.  *See* C.V. of James B. Shein (Exhibit A to Shein Report).  Even under the liberal standards applicable to expert qualification, Dr. Shein

lacks the specialized expertise necessary to testify in this matter on how asbestos trusts and TACs do, or will, operate.

## II. DR. SHEIN RELIES ON SUBJECTIVE JUDGMENT RATHER THAN ANY IDENTIFIABLE METHOD

In assessing reliability, the expert's opinion may not be based on "subjective belief or unsupported speculation." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994) (citing *Daubert*). Subjective, conclusory judgments bear none of the required hallmarks of reliability. *See, e.g., U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3,* 313 F. Supp. 2d 213, 227 (S.D.N.Y. 2004) (factor in determining reliability is "whether the expert's technique can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonaly be assessed for reliability"); *Izume Prods. Co. v. Koninklijke Philips Elecs. N.V.,* 315 F. Supp. 2d 589, 601 (D. Del. 2004) ("an expert's opinion is reliable if it is 'based on the methods and procedures of science rather than on subjective belief or unsupported speculation'") (citing *In re Paoli,* 35 F.3d at 742) (internal citations omitted).

Here, Dr. Shein articulates no discernable method underlying his opinions apart from his own subjective views. For example, Dr. Shein has testified that the basis of his opinion about the likelihood that TAC members would violate their fiduciary duties is his own understanding of human nature.

> Q. So you posit a situation in which the TAC members as a group sort of conclude that as compared with all the other lawyers out there and the other clients that make up the universe of present claimants that the four TAC members get together, identify among themselves categories of claims that would otherwise be noncompensable under this thing, enter into an agreement that basically says: We're going to try and force the trustees to pay these unqualified claims, and if your claims are a little

    different from my claims and don't have the same deficiencies, you'll agree that I get to submit a different kind of unqualified claim from the one that you're asking for payment on.

    A.    I doubt that that specific conversation would take place.

    Q.    But what you're saying is the substance of that conduct communicated, however it's communicated, is reasonably possible to take place in your view.

    A.    Yes.

    Q.    And the basis for that hypothesis is what?

    A.    I assume we're talking about human beings, one. Two, I assume these folks are in it for money, and if what they do is legal, I think it's just human nature that they do it. There's just too many perverse incentives in this.

Shein Dep. at 83:15-84:19. Particularly as Dr. Shein admits that he knows nothing of how asbestos trusts operate, or about the TAC members themselves, Dr. Shein's general understanding of human nature is simply a subjective belief that cannot be assessed for reliability and is not, therefore, expert testimony.

### III. DR. SHEIN'S LEGAL CONCLUSIONS AND HIS "BEHAVIORAL" INTERPRETATIONS OF THE PLAN DOCUMENTS WILL NOT ASSIST THE COURT

To be admitted, an expert's testimony "must be relevant for the purposes of the case and must assist the trier of fact." *Calhoun v. Yamaha Motor Corp. U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003). The testimony offered by Dr. Shein fails this test in several ways. First, expert testimony is not relevant or helpful if it offers legal conclusions or usurps the function of the judge. *See, e.g.*, *Cryovac Inc. v Pechiney Plastic Packaging, Inc.,* 430 F. Supp. 2d 326, 364 (D. Del. 2006) (legal argument and interpretation of law inadmissible as expert testimony); *Primavera Familienstifung v. Askin*, 130 F. Supp. 2d 450, 528-530, *amended in part by*, 137 F. Supp. 2d 438 (S.D.N.Y. 2001) (expert

testimony on the scope of legal obligations under the terms of certain agreements and the implied covenant of good faith and fair dealing "strays outside the scope of proper expert testimony"); *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("as a general rule, an expert's testimony on issues of law is inadmissible").

Dr. Shein violates this prohibition, offering his own take on the law as applied to the Trust. For example, in his report, Dr. Shein interprets the Delaware Rules of Professional Conduct and opines on how the TAC members would be judged under those rules. Shein Report at ¶ 22. In his deposition, Dr. Shein conceded that this interpretation was something the Court would probably be able to do as well as him.

> Q.     . . . I'm asking you is it your legal opinion or some other kind of opinion that the mere fact that there's a group of clients he represents that have claims against the Trust and a group of other clients he doesn't represent against the Trust, that those interests are, quote, directly adverse within the meaning of conflict-of-interest rules?
>
> A.     I believe they are.
>
> Q.     Apart from your belief that they are, what sort of research into the question of direct adversity have you undertaken for purposes of rendering your opinion in this case?
>
> A.     Only to read the rules of professional conduct was the additional research.
>
> Q.     And, as far as you know, the judge in this case could read those rules with the same level of attention that you've read them.
>
> A.     Probably.

Shein Dep. at 108:12-109:4.

At other points, Dr. Shein denies he is offering legal conclusions and insists instead that he is providing a "behavioral" interpretation of the Plan Documents, an interpretation Dr. Shein claims is based on his grasp of human nature. For example, Dr.

Shein explains how he came to his understanding of section 11.9 of the Plan, relating to indemnification, as follows:

> Q. And that's your legal interpretation as a lawyer reading a contract document?
>
> A. No.
>
> Q. What is it?
>
> A. I take all these things put together, studying the behavior of people, and I say: I think that's all cut off. Now you guys can debate the legal end, which is probably going to happen anyway, but you know I believe from a behavioral standpoint, that's really what's happening here. You can all debate later.

*Id.* at 127:4-14. *See also id* at 83:15-84:19 (interpreting TAC provisions using his understanding of "human nature").

Testimony is not relevant if it merely offers a personal evaluation of motivation. *E.g.*, *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3,* 313 F. Supp. 2d 213, 227 (S.D.N.Y. 2004) (expert testimony not relevant if the expert is offering a personal evaluation of the motivations of the parties). Dr. Shein's "behavioral" interpretation is no more than speculation about the future motivations of the parties or legal opinions masquerading as expertise in behavior analysis. Neither is a proper subject for expert testimony. The Court is as capable of judging human nature as Dr. Shein. Dr. Shein's views on the subject are, therefore, irrelevant.

## **CONCLUSION**

For all the reasons stated herein, the Plan Proponents respectfully request that this Court exclude the opinion of James B. Shein pursuant to Rules 702 and 703 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

**[Signatures of counsel on following pages]**

| | |
|---|---|
| Dated: August 14, 2009<br>Wilmington, Delaware | Respectfully submitted,<br><br>KIRKLAND & ELLIS LLP<br>David M. Bernick, P.C.<br>Theodore L. Freedman<br>Lisa G. Esayian<br>601 Lexington Avenue<br>New York, NY  10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Barbara Harding<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 879-5000<br>Facsimile:  (202) 879-5200<br><br>*and*<br><br>THE LAW OFFICES OF JANET S. BAER, P.C.<br>Janet S. Baer, P.C.<br>70 W. Madison Street<br>Suite 2100<br>Chicago, IL 60602<br>Telephone: (312) 641-2162<br><br>*and*<br><br>PACHULSKI, STANG, ZIEHL & JONES LLP<br><br>*/s/James E. O'Neill*<br>James E. O'Neill (Bar No. 4042)<br>Timothy Cairns (Bar No. 4228)<br>919 North Market Street, 16th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705<br>(Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>joneill@pszyjw.com<br><br>*Counsel for the Debtors and Debtors in Possession* |

CAMPBELL & LEVINE, LLC


*/s/Mark T. Hurford* _____
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947
mhurford@camlev.com

*and*

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
James P. Wehner
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee
of Asbestos Personal Injury Claimants*

PHILIPS, GOLDMAN & SPENCE, P.A.

*/s/John C. Philips*
John C. Philips (Bar No. 110)
1200 North Broom Street
Wilmington, DE 19806
Telephone:  (302) 655-4200
Facsimile:  (302) 655-4210
jcp@pgslaw.com

*and*

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T. Austern,*
 *Asbestos PI Future Claimants' Representative*

SAUL EWING LLP


*/s/Teresa K.D. Currier*_____
Teresa K.D. Currier (Bar No. 3080)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone:  (302) 421-6800
Facsimile:  (302) 421-6813
TCurrier@saul.com

*and*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
David E. Blabey, Jr.
1177 Avenue of the Americas
New York, NY 10022
Telephone:  (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee
of Equity Security Holders*