## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) **Objection Deadline: TBD** |
| | ) |
| | **Hearing Date: TBD** |

## SUMMARY OF SECOND QUARTERLY INTERIM VERIFIED APPLICATION OF THE LAW OFFICES OF JANET S. BAER, P.C. FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD FROM APRIL 1, 2009 THROUGH JUNE 30, 2009

Name of Applicant:  **The Law Offices of Janet S. Baer, P.C.**

Authorized to Provide Professional Services to:  **W. R. Grace & Co., et al., Debtors and Debtors-in-Possession**

Date of Retention:  **Retention Order entered March 24, 2009, effective as of February 11, 2009**

Period for which compensation and reimbursement is sought:  **April 1, 2009 through June 30, 2009**

Amount of Compensation sought as actual, reasonable and necessary:  **$383,812.50**

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.) G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc.), E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Amount of Expense Reimbursement sought as actual, reasonable and necessary: $18,946.28

This is a ___ monthly _X_ quarterly application.

Previous fee applications:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| March 27, 2009 | 2/1/09 – 2/28/09 | $75,250.00 | $1,430.21 | Interim approval | Interim approval |
| April 28, 2009 | 3/1/09-3/31/09 | $113,875.00 | $2,436.16 | Interim approval | Interim approval |
| May 8, 2009 | January – March, 2009 | $189,125.00 | $3,866.87 | Pending | Pending |
| May 29, 2009 | 4/1/09 – 4.30/09 | $122,500.00 | $5,441.87 | Interim approval | Interim approval |
| June 30, 2009 | 5/1/09 – 5/31/09 | $104,062.50 | $7305.16 | Interim approval | Interim approval |
| July 30, 2009 | 6/1/09 – 6/30/09 | $157,250.00 | $6,199.89 | Interim approval | Interim approval |

JSB has filed certificates of no objection with the Court with respect to the Monthly Fee Applications for April, May, and June, 2009 because no objections were filed with the Court within the objection period. The hearing for this interim period of April 1, 2009 through June 30, 2009 has been scheduled for December 14, 2009.

Janet S. Baer is the only attorney of JSB who rendered professional services in these cases during the Fee Period. The fees rendered are as follows:

| Name of Professional Person | Position with the Applicant and Year Admitted | | Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Janet S. Baer | President | 1982 | Restructuring | 625.00 | 614.10 | 383,812.50 |
| Totals for Attorneys | | | | | | |

There are no paraprofessionals of JSB who rendered professional services in these cases during the Fee Period that have charged fees to the Debtors.

Grand Total for Fees: $383,812.50

## Compensation by Matter

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 3 | Business Operations | 10.00 | $6,250.00 |
| 4 | Case Administration | 13.70 | $8,562.50 |
| 5 | Claims Analysis Objection and Resolution (Asbestos) | 2.80 | $1750.00 |
| 6 | Claims Analysis Objection and Resolution ( Non-Asbestos) | 28.40 | $17,750.00 |
| 10 | Employment Applications, Others | 7.80 | $4,875.00 |
| 11 | Fee Applications, Applicant | 12.80 | $8,000.00 |
| 12 | Fee Applications, Other | .80 | $500.00 |
| 14 | Hearings | 23.00 | $14,375.00 |
| 15 | Litigation and Litigation Consulting | 259.20 | $162,000.00 |
| 16 | Plan and Disclosure Statement | 207.40 | $129,625.00 |
| 17 | Relief from Stay Proceedings | 1.90 | $1,187.50 |
| 18 | Tax Issue | 2.50 | $1,562.50 |
| 20 | Travel-Non-working | 43.80 | $27,375.00 |
| **Totals for Matters** | | **614.10** | **$383,812.50** |

## Expense Summary

| Service Description | Amount |
|---|---|
| Lodging | $6,598.75 |
| Airfare | $8,471.40 |
| Transportation to/from airport | $1,721.28 |
| Travel Meals | $476.60 |
| Travel Car Rental | $205.83 |
| Other Travel Expenses | $58.02 |
| Long Distance/Conference Telephone Charges | $1295.90 |
| Local Transportation/Parking | $72.04 |
| Express Mail Charges | $21.26 |
| Pacer | $25.20 |
| **Total** | **$18,946.28** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[2] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | **Objection Deadline: To Be Determined** |
| | ) | **Hearing Date: To Be Determined** |

**SECOND QUARTERLY INTERIM VERIFIED APPLICATION OF
THE LAW OFFICES OF JANET S. BAER, P.C. FOR COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES AS BANKRUPTCY COUNSEL
TO W. R. GRACE & CO., ET AL., FOR THE INTERIM PERIOD
FROM APRIL 1, 2009 THROUGH JUNE 30, 2009**

Pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, the Retention Order (as defined below), the Administrative Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Professionals and Official Committee Members (the "Interim Compensation Order"), the Amended Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Amended Interim Compensation Order") and Del.Bankr.LR 2016-2, the law firm of The Law Offices of Janet S.

---

[2]      The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Baer, P.C. ("JSB"), bankruptcy co-counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in their chapter 11 cases, hereby applies for an order allowing it (i) compensation in the amount of $383,812.50 for the reasonable and necessary legal services JSB has rendered to the Debtors and (ii) reimbursement for the actual and necessary expenses that JSB has incurred in the amount of $18,946.28 (the "Second" Quarterly Fee Application"), in each case for the interim quarterly period from April 1, 2009, through June 30, 2009 (the "Fee Period"). In support of this Second Quarterly Fee Application, JSB respectfully states as follows:

## BACKGROUND

### Retention of JSB

1.      On April 2, 2001 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On April 2, 2001, the Court entered an order procedurally consolidating the Chapter 11 Cases for administrative purposes only. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      By this Court's order dated March 24, 2009, the Debtors were authorized to retain JSB as their co-counsel, effective as of the February 11, 2009, with regard to the prosecution of the Chapter 11 Cases and all related matters (the "Retention Order"). The Retention Order authorizes the Debtors to compensate JSB at JSB's hourly rates charged for services of this type and to be reimbursed for actual and necessary out-of-pocket expenses that it incurred, subject to application to this Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, all applicable local rules and orders of this Court.

2

## Monthly Interim Fee Applications Covered Herein

3.      Pursuant to the procedures set forth in the Interim Compensation Order, as amended by the Amended Interim Compensation Order, professionals may apply for monthly compensation and reimbursement (each such application, a "Monthly Fee Application"), and the notice parties listed in the Amended Interim Compensation Order may object to such request. If no notice party objects to a professional's Monthly Fee Application within twenty (20) days after the date of service of the Monthly Fee Application, the applicable professional may submit to the Court a certification of no objection whereupon the Debtors are authorized to pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

4.      Furthermore, and also pursuant to the Amended Interim Compensation Order, within 45 days of the end of each quarter, professionals are to file and serve upon the notice parties a quarterly request (a "Quarterly Fee Application") for interim Court approval and allowance of the Monthly Fee Applications filed during the quarter covered by that Quarterly Fee Application. If the Court grants the relief requested by the Quarterly Fee Application, the Debtors are authorized and directed to pay the professional 100% of the fees and expenses requested in the Monthly Fee Applications covered by that Quarterly Fee Application less any amounts previously paid in connection with the Monthly Fee Applications. Any payment made pursuant to the Monthly Fee Applications or a Quarterly Fee Application is subject to final approval of all fees and expenses at a hearing on the professional's final fee application.

5.      This Quarterly Fee Application, which is submitted in accordance with the Amended Interim Compensation Order, is the Second Quarterly Fee Application for compensation for services rendered that JSB has filed with the Bankruptcy Court in connection with the Chapter 11 Cases, and covers the Fee Period of April 1, 2009 through June 30, 2009.

6.    JSB has filed the following Monthly Fee Applications for interim compensation during this Fee Period:

(a)    Summary Application of The Law Offices of Janet S. Baer P.C. for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from April 1, 2009, through April 30, 2009, filed May 29, 2009 (the " April Fee Application") attached hereto as <u>Exhibit A</u>; and

(b)    Summary Application of The Law Offices of Janet S. Baer, P.C. for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al., for the Monthly Interim Period from May 1, 2009 through May 31, 2009, filed June 30, 2009, (the "May Fee Application") attached hereto as <u>Exhibit B; and</u>

(c)    Summary Application of The Law Offices of Janet S. Baer, P.C. for Compensation for Services and Reimbursement of Expenses as Bankruptcy Counsel to W.R. Grace & Co., et al. for the Monthly Interim Period from June 1, 2009 through June 30, 2009, filed July 30, 2009 (the "June Fee Application") attached hereto as <u>Exhibit C.</u>

7.    The period for objecting to the fees and expense reimbursement requested in the April, May and June Applications passed without any objections being filed, whereupon the Debtors filed a certificate of no objection with the Court and have either paid or will pay interim compensation and reimbursement of 80% of the fees and 100% of the expenses requested.

8.    JSB has advised and represented the Debtors as co- counsel in connection with the operation of their businesses and other matters arising in the performance of their duties as a debtors-in-possession during the period covered by the Second Quarterly Fee Application. Furthermore, JSB has prepared various pleadings, motions and other papers submitted to this Court for consideration, has appeared before this Court during hearings regarding these cases and has performed various other professional services that are described in the Applications.

**Previous Quarterly Fee Applications**

9.    JSB has filed one previous Quarterly Fee Application.

**Requested Relief**

10.    By this Second Quarterly Fee Application, JSB requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by JSB for the Fee Period as detailed in the Applications, less any amounts previously paid to JSB pursuant to the Applications and the procedures set forth in the Amended Interim Compensation Order.  As stated above, the full scope of services provided and the related expenses incurred are fully described in the Applications, which are attached hereto as <u>Exhibits A , B , and C.</u>

**Disinterestedness**

11.    As disclosed in the following affidavit:

> Affidavit of Janet S. Baer in Support of the Application of the Debtors for the Entry of an Order Authorizing the Retention and Employment of The Law Offices of Janet S. Baer, P.C. as Co-Counsel to the Debtors, filed February 12, 2009;

JSB does not hold or represent any interest adverse to the estates, and has been, at all relevant times, a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

12.    JSB may have in the past represented or may likely in the future represent parties-in-interest in connection with matters unrelated to the Debtors and the Chapter 11 Cases. JSB disclosed in the Affidavit its connections to parties-in-interest that it has been able to ascertain using its reasonable efforts.  JSB will update the Affidavit when necessary and when JSB becomes aware of material new information.

## REPRESENTATIONS

13.     JSB believes that the Second Quarterly Fee Application complies with the requirements of Del.Bankr.LR 2016-2 and the Amended Interim Compensation Order.

14.     JSB performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor or other person.

15.     During the Fee Period, JSB has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases other than the interim compensation payments pursuant to the Amended Interim Compensation Order.

16.     Pursuant to Fed. R. Bank. P. 2016(b), JSB has not shared, nor has agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of JSB, or (b) any compensation another person or party has received or may receive in connection with the Chapter 11 Cases.

WHEREFORE,  JSB respectfully requests that the Court enter an order providing that (a) for the Fee Period, April 1, 2009, through June 30, 2009, an administrative allowance be made to JSB in the sum of (i) $383,812.50 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $18,946.28 for reimbursement of actual and necessary costs and expenses incurred, for a total of $402,758.78; (b) the Debtors be authorized and directed to pay to JSB the outstanding amount of such sums less any sums previously paid to JSB pursuant to the Applications and the procedures set forth in the Amended Interim

Compensation Order and (c) this Court grant such further relief as is equitable and just.

Dated: August 14  , 2009

Respectfully submitted,

THE LAW OFFICES OF JANET S. BAER, P.C.

Janet S. Baer, P.C.
70 W. Madison St., Suite 2100
Chicago, Illinois 60602
Telephone:  (312) 641-2162

7

## EXHIBIT A

**April Fee Application**

Available on the docket of the Bankruptcy Court for the District of Delaware at docket # 21908 under Case No. 01-01139.  Also available upon request from The Law Offices of Janet S. Baer, P.C. or Pachulski, Stang, Ziehl, & Jones LLP.

# EXHIBIT B

**May Fee Application**

Available on the docket of the Bankruptcy Court for the District of Delaware at docket # 22299 under Case No. 01-01139.  Also available upon request from The Law Offices of Janet S. Baer, P.C. or Pachulski, Stang, Ziehl, & Jones LLP.

## EXHIBIT C

**June Fee Application**

Available on the docket of the Bankruptcy Court for the District of Delaware at docket # 22672 under Case No. 01-01139.  Also available upon request from The Law Offices of Janet S. Baer, P.C. or Pachulski, Stang, Ziehl, & Jones LLP.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[3] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

## VERIFICATION

STATE OF ILLINOIS    )
                     )    ss.
COUNTY OF COOK       )

Janet S. Baer, after being duly sworn according to law, deposes and says:

1.    I am the president of the applicant law firm, The Law Offices of Janet S. Baer,

P.C. ("JSB"), and have been admitted to the Bar of the Supreme Court of Illinois since 1982.

2.    I have personally performed all of the legal services rendered by JSB as co-

counsel to the above-captioned debtors and debtors in possession (the "Debtors").

---

[3]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

3.    I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

Janet S. Baer , P.C.

SWORN AND SUBSCRIBED
before me this 14th day of August, 2009

Notary Public
My Commission Expires:

July 13, 2013

OFFICIAL SEAL
NELSON DAVID BLOCHER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/13/13

J.S. Baer