**EXHIBIT H**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.,** *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |

**NOTICE TO COUNTERPARTIES TO**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed the *First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders Dated February 27, 2009* (as it may be amended or supplemented, the "Plan") and the Disclosure Statement, pursuant to section 1125 of the Bankruptcy Code, for the Plan (as it may be amended or supplemented, the "Disclosure Statement").[2]

2. On March 9, 2009, after notice and a hearing, pursuant to section 1125 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Disclosure Statement Order") (a) approving the Disclosure Statement as providing adequate

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

1

information for Holders of Claims and Equity Interests to make a decision as to whether to accept or reject the Plan, (b) approving certain procedures (the "Voting Procedures") for the Debtors to solicit and tabulate votes to accept or reject the Plan, and (c) scheduling certain dates in connection with Plan confirmation.

3. The Disclosure Statement, the Disclosure Statement Order, the Plan, and other documents and materials related thereto may be obtained by contacting the Debtors' Voting Agent, BMC Group, Inc., at (888) 909-0100, sending an email to wrgrace@bmcgroup.com, or sending a written request by U.S. Mail to:

>BMC Group, Inc.
>Attn: W. R. Grace Voting Agent
>P.O. Box 913
>El Segundo, CA 90245-0913

4. **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES IS LISTED AS A COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH ONE OR MORE OF THE DEBTORS.**[3]

5. **Assumption Generally**: Section 9.1.1 of the Plan provides that, except for (i) executory contracts and unexpired leases that the Debtors reject prior to the Effective Date or designate (on a list set forth in Exhibit 18 in the Exhibit Book) as being subject to rejection in connection with the Effective Date; (ii) the TSIA which shall be terminated (except for Section 4.04) upon the effective date of the Fresenius Settlement Agreement; and (iii) agreements, to the extent executory, that create an obligation of the Debtors to reimburse or indemnify third parties (other than the Sealed Air Indemnified Parties and the Fresenius Indemnified Parties) with respect to Asbestos PI Claims, Asbestos PD Claims, or CDN ZAI PD Claims (other than all Asbestos Insurance Policies, Asbestos Insurance Settlement Agreements, Asbestos In-Place Insurance Coverage, and Asbestos Insurance Reimbursement Agreements, to the extent they are executory, and the 1998 Tax Sharing Agreement), all executory contracts and unexpired leases (including all Asbestos Insurance Policies, Asbestos Insurance Settlement Agreements, Asbestos In-Place Insurance Coverage, and Asbestos Insurance Reimbursement Agreements, to the extent they are executory, and the 1998 Tax Sharing Agreement; and the cost sharing agreement between the Debtors, Unifirst Corporation, and Beatrice Company, dated November 16, 1990 and described in Section 2.8.2 of the Disclosure Statement) not previously assumed by the Debtors pursuant to Bankruptcy Code § 365 shall be deemed to have been assumed by the Reorganized Debtors on the Effective Date, and that the Plan shall constitute a motion to assume such executory contracts and unexpired leases as of the Effective Date.

6. **Assumption Procedures**: Section 9.1.2 of the Plan provides that, not later than twenty (20) days after entry of the Confirmation Order, the Debtors will File with the Bankruptcy Court an exhibit (the "Cure Exhibit") setting forth those executory contracts and unexpired leases which are being assumed by the Debtors and as to which the Debtors believe

---

[3] This Notice is being sent to counterparties to Executory Contracts and Unexpired Leases listed on the Debtors' Schedules of Executory Contracts filed with the Bankruptcy Court on or about June 1, 2001. This Notice is not an admission by the Debtors that any contract or lease is executory or unexpired.

2

that cure amounts are owing, together with the respective cure amounts due for each such executory contract or assumed lease. The Debtors shall serve the Cure Exhibit on each non-Debtor party to an executory contract or unexpired lease being assumed pursuant to the Plan, including those listed on such exhibit. If there is a dispute regarding (i) the nature or amount of any cure, (ii) the ability of a Reorganized Debtor or assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, cure will occur following the entry of a Final Order resolving the dispute and approving the assumption. With respect to any executory contracts or unexpired leases which are being assumed by the Debtors but as to which the Debtors contend that no cure amounts are due, such executory contracts and unexpired leases will not be included on the Cure Exhibit.

7. Section 9.1.2 of the Plan further provides that, not later than twenty (20) days after the Filing and service of the Cure Exhibit, the non-Debtor party to any executory contract or unexpired lease that the Debtors propose to assume, whether or not listed on the Cure Exhibit, may dispute the cure amount, if any, set forth by the Debtors on the Cure Exhibit pursuant to Section 9.1.1 of the Plan, assert that a cure amount should be owing with respect to any executory contract or unexpired lease that is being assumed, or otherwise object to the assumption of the executory contract or unexpired lease indicated in Section 9.1.1 of the Plan by Filing a written objection with the Bankruptcy Court and serving such objection on counsel for the Debtors. If no objection to the cure amount or the proposed assumption is properly Filed and served within twenty (20) days after the Filing and service of the Cure Exhibit, then (i) the proposed assumption of the executory contracts or unexpired leases shall be deemed approved without further action of the Bankruptcy Court in accordance with the Plan and the Confirmation Order, effective as of the Effective Date, and (ii) the cure amount, if any, identified by the Debtors in the Cure Exhibit shall be fixed and shall be paid in full in Cash on the Effective Date or on such other terms as are agreed to by the parties to such executory contract or unexpired lease. Section 9.1.2 also provides procedures for resolving any objection to the cure amount or the proposed assumption that is properly Filed and served within twenty (20) days after the Filing and service of the Cure Exhibit.

8. **Rejection of Certain Executory Contracts and Unexpired Leases**: Section 9.1.3 of the Plan provides that, on the Effective Date, each executory contract and unexpired lease listed on Exhibit 18 in the Exhibit Book shall be rejected pursuant to section 365 of the Bankruptcy Code. Each contract and lease listed on Exhibit 18 shall be rejected only to the extent that such contract or lease constitutes an executory contract or unexpired lease. Listing a contract or lease on Exhibit 18 shall not constitute an admission by the Debtors or Reorganized Debtors that such contract or lease is an executory contract or unexpired lease or that the Debtors or Reorganized Debtors have any liability thereunder. Subject to the occurrence of the Effective Date, entry of the Confirmation Order shall constitute an order of the Bankruptcy Court approving such rejection pursuant to section 365 of the Bankruptcy Code and a finding by the Bankruptcy Court that each such rejection is in the best interests of the Debtors, their estates, and all parties in interest in the Chapter 11 Cases. A copy of Exhibit 18 is enclosed with this Notice.

9. Section 9.1.3 of the Plan further provides that the Debtors shall have the right until ten (10) days prior to the Effective Date to modify the list of rejected contracts included in Exhibit 18 enclosed with this notice to add executory contracts or leases (but not the 1998 Tax

3

Sharing Agreement or any Asbestos Insurance Policy, Asbestos Insurance Settlement Agreement, Asbestos In-Place Insurance Coverage, or Asbestos Insurance Reimbursement Agreements) or remove executory contracts or leases (but not Section 4.04 of the TSIA addressed in Section 8.8.4(b) of this Plan); *provided, however,* that the Debtors shall File a notice with the Bankruptcy Court and serve each affected party with such notice. Notwithstanding the foregoing, such affected parties shall not be entitled to any Administrative Expense Claim for any executory contracts or leases added to the list of rejected contracts and will only be entitled to a Claim for rejection damages.

10. Section 9.1.3 of the Plan further provides that, to the extent executory, all agreements that create an obligation of the Debtors to reimburse or indemnify third parties (other than the Sealed Air Indemnified Parties and the Fresenius Indemnified Parties) with respect to Asbestos PI Claims, Asbestos PD Claims, or CDN ZAI PD Claims (other than Asbestos Insurance Policies, Asbestos Insurance Settlement Agreements, Asbestos In-Place Insurance Coverage, or Asbestos Insurance Reimbursement Agreements, to the extent any are executory, and the 1998 Tax Sharing Agreement) shall be deemed rejected by operation of entry of the Confirmation Order, subject to the occurrence of the Effective Date, unless expressly identified and assumed pursuant to the Plan, a Plan Document, or an order of the Bankruptcy Court.

11. **Rejection Damage Claims**. Section 9.1.3 of the Plan provides that, pursuant to the terms of the March 2003 Bar Date Order and Bankruptcy Rule 3002(c)(4), and except as otherwise ordered by the Bankruptcy Court, a proof of claim for each Claim arising from the rejection of an executory contract or unexpired lease pursuant to the Plan shall be Filed with the Bankruptcy Court within thirty (30) days of the later of: (i) the date of service of the order or notice of the order approving such rejection, or (ii) the Effective Date. Any Claims not Filed within such applicable time period shall be forever barred from assertion. Except with respect to Claims arising from the rejection of an executory contract or unexpired lease that creates an obligation of the Debtors to reimburse or indemnify third parties with respect to Asbestos PI Claims, Asbestos PD Claims, or CDN ZAI PD Claims, all Claims for damages arising from the rejection of an executory contract or unexpired lease shall be included in Class 9 and shall be treated in accordance with Article 3 of the Plan. All Claims for damages arising from the rejection of an agreement that creates an obligation of the Debtors to reimburse or indemnify third parties with respect to Asbestos PI Claims, Asbestos PD Claims, or CDN ZAI PD Claims shall be included in Class 6, Class 7 or Class 8, respectively, and shall be treated in accordance with Article 3 of the Plan.

**YOUR STATUS AS A COUNTERPARTY TO AN EXECUTORY CONTRACT AND/OR AN UNEXPIRED LEASE DOES NOT IN AND OF ITSELF ENTITLE YOU TO VOTE ON THE PLAN.**

Dated: March 9, 2009

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Theodore L. Freedman
Deanna D. Boll
Craig A. Bruens
153 East 53rd Street
New York, NY 10022
Telephone: (212) 446-4800

THE LAW OFFICES OF
JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone: (312) 641-2162

PACHULSKI STANG ZIEHL &
JONES LLP
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: (302) 652-4100

Co-Counsel for the Debtors and Debtors in Possession

[THIS PAGE INTENTIONALLY LEFT BLANK]

[THIS PAGE INTENTIONALLY LEFT BLANK]