## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*, | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| GLORIA MUNOZ, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Objection Deadline: September 4, 2009 @ 4:00 p.m. |
| v. | ) | Hearing Date: September 22, 2009 @ 11:00a.m. |
| | ) | |
| W. R. GRACE & CO., - CONN., a corporation, | ) | |
| C.C. FRIAL, PEDRO GONZALES "PETE", | ) | |
| J.C. GONZALES "JOE" and DOES I through | ) | |
| XX, inclusive, | ) | |
| | ) | |
| Respondents. | ) | |

### MOTION OF GLORIA MUNOZ FOR RELIEF FROM
### THE AUTOMATIC STAY AND RELATED RELIEF

COMES NOW Gloria Munoz (the "Movant"), by and through her undersigned counsel,

hereby moves this Honorable Court pursuant to Section and 362(d) of Title 11 of the United

States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy

Procedure 4001, and Local Rule 4001-1 for an order for an order lifting the automatic stay

imposed by section 362(a) for the purpose of permitting liquidation of the Movant's sexual

discrimination/sexual harassment, civil rights, personal injury, and related tort claims against the

above-captioned debtor-defendant (the "Debtor") asserted in the complaint for damages and

injunctive relief filed against the Debtor (as may have been subsequently amended, the

"Complaint") in the Superior Court for the County of Alameda, California in the lawsuit entitled

*Gloria Munoz v. W. R. Grace & Co., - Conn., a corporation, C.C. Frial, Pedro Gonzales "Pete",*

*J.C. Gonzales "Joe" and Does I through XX, inclusive*, Case No.: 810748-2 (the "State Court

Action") and to proceed to collect any available damages she is entitled under all causes of action set forth in the Complaint (the "Motion"). In support of her Motion, the Movant respectfully states the following:

### The Parties

1.      On April 2, 2001, the above-captioned debtors (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On April 2, 2001, the Court entered an order jointly administering the Debtors' cases for procedural purposes. (D.I. 8).

2.      On information and belief, the Debtor is a Connecticut corporation doing business in the State of California as a global specialty chemicals and materials company producing sealants and adhesives to seal food and beverage cans, automotive underbody coating, and cement and concrete additives at its Darex plant in San Leandro, California.

3.      On information and belief, the Debtors continue to operate their businesses under Sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On information and belief, Defendant C.C. Frial is an individual who resides in or near Alameda County, California and who is or was at all times relevant to this matter an employee of the Debtors.

5.      On information and belief, Defendant Pete Gonzales is an individual who resides in or near Alameda County, California and who is or was at all times relevant to this matter an employee of the Debtors.

6.      On information and belief, Defendant Joe Gonzales is an individual who resides in or near Alameda County, California and who is currently retired but who at certain times relevant to this matter was an employee of the Debtors.

7.    On information and belief, Defendants Does I through XX, inclusive are individuals who reside in or near Alameda County, California and who is (are) or was (were) at all times relevant to this matter an employee(s) of the Debtors.

8.    Gloria Munoz is an individual who resides in Alameda County, California.

### Jurisdiction and Venue

9.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue for this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background[1]

10.    Pre-petition, on April 16, 1999, Movant instituted the State Court Action against the Debtor. The State Court Action arises out of incidents that occurred between January 1993 and September 1998, in which Ms. Munoz sustained continual sexual discrimination, sexual harassment, and severe emotional distress during her employment at the Debtor's San Leandro facility.

11.    The Complaint alleges seven counts sounding in sexual discrimination, sexual harassment, failure to maintain an environment free of harassment, retaliation, intentional and negligent infliction of emotional distress, and sexual battery. Ms. Munoz is seeking compensatory special and general damages and has demanded trial by jury. A copy of the Complaint is attached hereto as Exhibit A.

12.    By this Motion, the Movant seeks relief from the automatic stay to pursue the State Court Action to judgment or other resolution and to satisfy any judgment or other resolution she may obtain against the Debtor.[2]

---

[1] The following description of events is provided by way of general summary only.

13.     Additionally, on or about August 26, 2008, the Debtors filed their Twenty-Fifth Omnibus Objection to Claims (Substantive and Non-Substantive) (the "25th Omnibus Objection," D.I. 19378), which seeks, *inter alia*, to disallow and expunge Ms. Munoz's claim on purported grounds of "no liability". Hearing on the 25th Omnibus Objection has been continued to September 29, 2009. Pursuant to Del.Bankr.LR 3007-1(f)(v), the 25 Omnibus Objection must be withdrawn as to all personal injury claims filed by Ms. Munoz. Moreover, the 25th Omnibus Objection as a whole is violative of Del.Bankr.LR 3007-1(e)(1)(A).

### Basis for the Relief Requested

14.     The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ... for cause....

11 U.S.C. § 362(d). The term "cause" is not defined in the Code, but rather, must be determined on a case-by-case basis. In the Matter of Rexene Products Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citations, internal quotations omitted).

15.     Rexene involved a class action lawsuit concerning contributions to an employee stock bonus plan. Id., at 575. The suit was filed against the debtors, the plan trustee, and the plan itself. Id. The matter was scheduled for trial in federal court in Texas when the debtors filed their Chapter 11 petitions. Id. The class representatives moved to lift the automatic stay, arguing that discovery was virtually complete and that the case would be ready for trial six weeks hence (after the class notice was sent and returned and three depositions were taken,

---

[2] To the extent that the Debtors' Plan (as defined below) has been confirmed, by this Motion, the Movant seeks relief from the Plan injunction(s) pursuant to Section 105(a) to pursue the State Court Action to judgment or other resolution and to satisfy any judgment or other resolution she may obtain against the Debtor.

which remaining discovery could be foregone, if necessary). Id. They also argued that, in the event their motion was denied, the class representatives would have to litigate twice: once against the debtor in Delaware pursuant to the bankruptcy court's claims estimation process and a second time against the trustee and the plan in Texas. Id. In response, the debtors emphasized the additional burden that any class action award would impose on their already overworked in-house legal team and personnel department. Id. In addition, they argued that a motion had already been filed to transfer the entire case to the bankruptcy court, which, if granted, would not only promote judicial economy but also ease the debtors' burden by permitting them to proceed in their preferred venue. Id.

16.     The Court granted the requested relief and ordered the stay lifted. Id., at 578. Judge Balick reasoned that no great prejudice would befall the debtors as discovery was nearly complete, any added burden on the debtors' in-house legal team was merely speculative, and the longer the trial was delayed the more burdensome it would be for both sides to prepare once again. Id., at 577. The Court noted that one primary reason for lifting the stay is to promote judicial economy. Id. Judge Balick reasoned further that the equities favored lifting the stay because the movants' burden and expense of transporting their lawsuit to Delaware outweighed any hardship to the debtors, especially in light of the fact that the movants' claim would have to be liquidated at some point. Id. Finally, the Court examined the movants' probability of success on the merits and concluded that the required "slight showing" was easily met where the defendants' motion for summary judgment had already been denied. Id., at 578.

17.     As the Court expressed in a subsequent case, the three factors considered when balancing the competing interests of debtor and movant are (1) the prejudice that would be suffered should the stay be lifted, (2) the balance of hardships facing the parties, and (3) the

probable success on the merits if the stay is lifted.  In re Continental Airlines, 152 B.R. 420, 424 (D. Del. 1993).

18.    Here, the facts weigh in Movant's favor on each of these three prongs.  First, the Debtor would not suffer prejudice should the stay be lifted because the Movant's claims will have to be liquidated at some point before Ms. Munoz could receive any distribution in this bankruptcy proceeding.  As the Court is well aware, Movant's personal injury claims against the Debtor must be liquidated in a forum outside of the Bankruptcy Court.  "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case in pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."  28 U.S.C. § 157(b)(5); Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 885 F.2d 1149, 1157 n.13, 1159 (3d Cir. 1989).  Accordingly, it is conceivable that Movant's claims against the Debtor would have to be bi-furcated, with some being heard by this Court and others by the district court.  This would not promote judicial economy, and could invite inconsistent rulings. Moreover, Ms. Munoz's claims against the non-Debtor defendants would likely be heard in yet a third forum, the California state court.  This would be a further waste of judicial resources and could further invite inconsistent rulings.

19.    To the extent that the Debtor's alleged liability to the Movant is covered by insurance policies, any recovery by the Movant will not affect the Debtor's estates.  In re Louisiana World Exposition, Inc., 832 B.R. 1391 (5th Cir. 1987) (debtor has no property interest in its insurance coverage); Matter of Edgeworth, 993 F.2d 51 (5th Cir. 1993) (same).  To the extent that the Movant's claim is not covered by the Debtor's insurance, Movant seeks to liquidate, as opposed to collect, her claims via the State Court Action.  In re Tricare

Rehabilitation Systems, Inc., 181 B.R. 569, 578 (Bankr. N.D. Ala. 1994) (lifting the stay to liquidate, as opposed to collect); In re Metzner, 167 B.R. 414, 416 (E.D. La. 1994) (same).

20.     The Movant will face substantial hardship if the stay is not lifted. Ms. Munoz is a resident of California. The conduct that is the subject of the complaint occurred in California and is governed by California law. The relevant documents, witnesses, and physical artifacts are located in California. If the Movant is forced to litigate her claims in Delaware, she would incur the increased expense of bringing her attorneys, witnesses, and physical evidence to Delaware.

21.     Moreover, if Ms. Munoz is not permitted to liquidate her claims in the non-bankruptcy forum of her choice, the litigation in Delaware will be before the United States District Court. 28 U.S.C. § 157(b)(5). The Movant's witnesses who live more than 100 miles from this district could not be compelled by subpoena to testify at any trial in Delaware.[3] Of note, many of the witnesses are or were at the time employees of the Debtors. Their voluntary cooperation in not anticipated to be forthcoming. Moreover, the District Court would be applying California civil rights and related tort law, with which it is not as familiar as one would expect a state or federal court located in California to be. In re The Conference of African Union First Colored Methodist Protestant Church, 184 B.R. 207, 218 (Bankr. D. Del. 1995) ("[T]he existence of a more appropriate forum than the bankruptcy court is "cause" for relief under Code § 362(d)(1)."); see In the Matter of Baker, 75 B.R. 120, 121 (Bankr. D. Del. 1987) (granting relief from stay to permit Family Court to determine issues with which it has expertise).

---

[3] Fed.R.Civ.P. 45(b)(2) and (c)(3)(A)(ii), made applicable in cases under the Bankruptcy Code by Fed.R.Bankr.P. 9016. The Committee Note to Rule 9016 states: "Although Rule 7004(d) authorizes nationwide service of process, Rule 45 F.R.Civ.P. limits the subpoena power to the judicial district and places outside the district which are within 100 miles of the place of the trial or hearing."

22.     By contrast, the Debtor will not suffer any meaningful hardship if the State Court Action is allowed to proceed because a primary purpose of the automatic stay -- to give debtors a breathing spell in which to focus on their reorganization without the distraction of having to defend litigation at the same time -- has been satisfied. Indeed, Phase II of the confirmation hearing on the Debtors' First Amended Joint Plan of Reorganization (the "Plan," D.I. 20872) has been scheduled for September 8-17, 2009 in Pittsburgh. Accordingly, since the Plan has been proposed and partially confirmed, the Motion represents no material distraction to the Debtor's executives and key management personnel.

23.     Moreover, the Debtor has obtained California defense counsel -- Seyfarth, Shaw, Fairweather & Geraldson -- to defend the State Court Action. Most discovery has been completed (a spreadsheet detailing much of the formal discovery that has already occurred is attached hereto as Exhibit B) and both the trial judge (through numerous contested discovery issues) and defense counsel (through their extensive involvement with the State Court Action) are, presumably, "up to speed" with regard to the State Court Action. Ms. Munoz still needs to complete her deposition and medical examination and still needs to take the deposition of two or three of the Debtors' former or current employees. In recent months, Ms. Munoz's California counsel has been trying to settle the matter. However, defense counsel has rejected Ms. Munoz's settlement demand, made no counter-offer, and refused Ms. Munoz's subsequent proposal to mediate the case. Only afterward did Movant's California counsel learn that the Debtors' San Leandro, California Darex Plant had been vacated. Movant's counsel estimates that the parties are four to six months from trial.

24.     Third, the final prong of the analysis is satisfied by "even a slight probability of success on the merits ... in an appropriate case." In re Continental Airlines, 152 B.R. at 425.

This prong also weighs in the Movant's favor because she alleges that discrimination, harassment, sexual battery, emotional distress, and other damages were caused by -- or allowed to continue due to -- the Debtor's negligence and/or other wrongful conduct. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where ... the decision-making process should be relegated to bodies other than [the bankruptcy] court." In re Fonseca v. Philadelphia Housing Authority, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990). No strong defenses would appear to exist here. At the very least, there can be no question that the Complaint presents triable factual issues. In re Fernstrom Storage and Van Co., 938 F.2d 731, 736 (7th Cir. 1991) (the court lifted the automatic stay where underlying action was not frivolous).

  25. On these facts, cause exists to lift the stay. Cf. In re Drexel Burnham Lambert Group, Inc., 113 B.R. 830, 838 n.8 (Bankr. S.D.N.Y. 1990) ("cause" utilized to permit litigation in another forum to liquidate personal injury claim); In the Matter of Rexene Products, Inc., 141 B.R. at 576 (legislative history indicates "cause" may be established by single factor including to permit action to proceed in another tribunal).

## Conclusion

WHEREFORE, the Movant respectfully requests the entry of an Order substantially similar to the proposed form of order attached hereto as Exhibit C modifying the automatic stay imposed by Section 362(a) of the Bankruptcy Code/Plan injunction(s) to allow her (i) to prosecute the State Court Action to judgment or other resolution in the Alameda County Superior Court in the State of California, (ii) to liquidate her claim against the Debtor, and (iii) to seek satisfaction of any judgment obtained against the Debtor from any means available to the Debtor that may be applicable to the Movant's claims.


Dated: August 18, 2009          SULLIVAN · HAZELTINE · ALLINSON LLC
       Wilmington, Delaware


_S.S. Allinson III_
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Tel:  (302) 428-8191
Fax: (302) 428-8195

-- and --

Anthony S. Petru, Esq.
Quynh L. Nguyen, Esq.
**Hildebrand McLeod & Nelson LLP**
350 Frank H. Ogawa Plaza, 4th Floor
Oakland, CA 94612

*Counsel for Gloria Munoz*