# EXHIBIT A

Anthony S. Petru, Esq., State Bar No. 91399
Quynh L. Nguyen, Esq., State Bar No. 139628
HILDEBRAND, McLEOD & NELSON, INC.
414 Thirteenth Street, Sixth Floor
Oakland, CA 94612-2603
Telephone: (510) 451-6732

Attorneys for Plaintiff
GLORIA MUNOZ

ENDORSED
FILED
ALAMEDA COUNTY

APR 16 1999

CLERK OF THE SUPERIOR COURT
By R.O. De Jesus

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| GLORIA MUNOZ,<br><br>    Plaintiff,<br><br>vs.<br><br>W.R. GRACE & CO, - CONN., a corporation, C.C. FRIAL, PEDRO GONZALES "PETE," J.C. GONZALES "JOE," and DOES I through XX, inclusive,<br><br>    Defendants. | CASE NO. 810748-2<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(and Jury Demand) |

Plaintiff GLORIA MUNOZ by this amended complaint, first filed April 7, 1999, complains of defendants W.R. GRACE & CO, - CONN. ("W. R. GRACE"), a corporation, C.C. FRIAL, PEDRO GONZALES also known as "PETE," J. C. GONZALES also known as "JOE," and DOES I through XX, inclusive, and alleges as follows:

**PARTIES**

1.  Plaintiff is informed and believes that at all times herein mentioned, defendant W. R. GRACE was, and is, a Connecticut corporation doing business in the State of California, and is an entity subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 *et seq.*

- 1 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(hereinafter, "FEHA"), in that defendant is an employer who regularly employs five or more persons.

2. Plaintiff is informed and believes that at all relevant times, defendant C. C. FRIAL was, and is, a resident of the State of California. At all relevant times, defendant C. C. FRIAL was a managing agent and/or supervisor at the W. R. Grace facility in San Leandro and acting within the course and scope of his employment with W. R. GRACE.

3. Plaintiff is informed and believes that at all relevant times, defendants PETE GONZALEZ and JOE GONZALES were, and are, residents of the County of Alameda, in the State of California, and employees of defendant W. R. GRACE.

4. At all relevant times, plaintiff GLORIA MUNOZ was and is a female adult person and a resident of the County of Alameda, in the State of California.

5. The true names and capacities of the defendants named herein as Does I through XX, inclusive, whether individual, corporate, associate or otherwise, are unknown to plaintiff who therefore sues such defendants by fictitious names pursuant to C.C.P. § 474. Plaintiff is informed and believes that Doe defendants are California residents. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined. Each defendant was an agent of the other defendants and ratified the conduct of the other defendants.

## FACTUAL BACKGROUND

6. The unlawful employment practices complained of herein occurred at defendant W. R. GRACE's San Leandro facility located at 2140 Davis Street, in Alameda County, in the State of California.

7. In 1993 plaintiff was initially hired by defendant W. R. GRACE as a production/warehouse employee and worked for almost three months. On or about January 1995, following a discrimination grievance settlement, plaintiff

-2-

1  GLORIA MUNOZ was reinstated to full time employment at W. R. GRACE.

2  8. Throughout all her periods of employment with defendant W. R. GRACE, plaintiff was sexually discriminated against, harassed, and subjected to a sexually hostile work environment by the actions, omissions and/or comments of the Plant Manager Andrew Aberdale, Production Supervisor Waseem Sufi, Officer Manager C. C. Frial, and other employees, and by defendant W. R. GRACE's retaliation against her for complaining about those actions, omissions and comments. The most recent conduct of defendants and each of them is set forth in the following paragraphs.

9. On or about September 1997, plaintiff opened her locker and saw that someone had taken three of her adhesive Kotex napkins and stuck them onto the inside of her locker door into the shape of a cross. Above the Kotex cross was a note which stated that someone wanted to kill her. Personal notes which plaintiff kept in her locker, were torn and strewn on the ground. Plaintiff was panicked, frightened and shocked. That same day, she reported the incident to Plant Manager Andrew Aberdale who failed to fully investigate the incident.

10. The Kotex incident was brought to the attention of defendant W. R. GRACE's Human Resources Department. While W. R. GRACE initially appeared concerned for plaintiff, it failed to fully investigate that incident and other sexual discrimination and harassment incidents plaintiff intended to discuss. When W. R. GRACE's Human Resources employees contacted plaintiff, they failed to interview plaintiff at a private location where plaintiff could feel free to speak about the continued sexual discrimination and harassment. Instead, W. R. GRACE's employees ignored plaintiff's complaint about the lack of privacy where they had chosen to interview her. Consequently, plaintiff could not completely and candidly talk about all the discrimination and harassment she was suffering because she heard other employees in the next room beyond a thin partition wall.

11. Further, the above-described interview by W. R. GRACE, on or

- 3 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

about June 1998, occurred well over nine months after the September 1997 Kotex incident; W. R. GRACE sent its written findings to plaintiff on August 13, 1998, almost a year later. W. R. GRACE's findings were based, for the most part, on an incomplete, and improperly conducted interview with plaintiff. Finally, defendant's written Sexual Harassment policy was not posted until after defendant's Human Resources Department personnel visited the San Leandro plant in June 1998. Even then, defendant failed follow-up and determine whether its sexual harassment policy was protecting plaintiff from further harassment.

12. Some time between February and May 1998, defendant PETE GONZALEZ and another employee were talking about penises and other sexual matters in front of plaintiff while they were cleaning a big tote. The Office Manager, defendant C. C. FRIAL "Tino," walked by and heard them. Frial told male employees they should not be talking in front of a lady in such a manner. Defendant PETE GONZALEZ responded that if plaintiff works there she has to be one of them. Defendant FRIAL laughed, joined in their conversation and made sexual comments of his own. Plaintiff was forced to walk away to avoid hearing their offensive conversation. At the time, defendant FRIAL was the highest ranking management employee present at W. R. GRACE's San Leandro facility.

13. During the course of plaintiff's employment at W. R. GRACE, and between August 1997 and August 1998, defendant PETE GONZALEZ, in the course and scope of his employment with defendant W. R. GRACE, subjected plaintiff to a pattern of offensive and unwanted sexual behavior at work including, but not limited to:

    A. Often rubbing his hands and/or arms against plaintiff's breasts and buttocks, and grabbing her legs;

    B. Standing immediately behind plaintiff, calling her so that she would turn around and bump into him;

    C. Making sexual remarks to plaintiff about showing him how to

-4-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

use a vibrator in a sexual way; that he would try to satisfy plaintiff since she could not get sex from anybody else; describing his sexual dreams and/or fantasies about women who went to his home to have their hair cut by his wife; telling plaintiff to go up to the pallets so that he could put her in the mood for sex; offering to take her to a hotel for dinner; that if plaintiff's husband could not please her, he could do it;

   D.   Going to the entrance of the women's shower room while plaintiff was taking a shower and threatening plaintiff that he would come in, and telling plaintiff they could both fit in one shower stall; consequently, plaintiff feared taking showers at work and often refrained from showering even though she needed to wash after her shift;

   E.   Following plaintiff into the women's bathroom, opening the door and yelling at plaintiff;

   F.   Remarking how good plaintiff looked after she lost weight and that her breasts stood out more; that if plaintiff wore make-up she would look better.

   14.   During the course of plaintiff's employment at W. R. GRACE, and between August 1997 and August 1998, defendant JOE GONZALES, in the course and scope of his employment with defendant W. R. GRACE, subjected plaintiff to a pattern of offensive and unwanted sexual behavior at work including, but not limited to:

   A.   Touching plaintiff's legs and thighs near her crotch when she was on the forklift;

   B.   Running his hands along her back and touching her buttocks and breasts;

   C.   Pretending to console plaintiff by hugging her in order to feel her buttocks;

   D.   Remarking to plaintiff that she looked good when she lost weight; and telling plaintiff about his wife not wanting sex.

   15.   The above-described conduct by defendants PETE GONZALEZ

-5-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

and JOE GONZALES occurred virtually every day at work, before and between the months of August 1997 and August 1998.

16. Before and between the months of August 1997 and August 1998, while being sexually harassed in the above-described manner, plaintiff repeatedly told defendants PETE GONZALEZ and JOE GONZALES she did not want to listen to their sexual remarks or comments. Further, plaintiff continuously attempted to discourage their unwanted touching and fondling by pushing them away and telling each of them she did not welcome or want their touch. Defendants PETE GONZALEZ and JOE GONZALES ignored her, laughed at her complaints and continued their harassment.

17. Before and between November and December 1997, plaintiff complained to defendant W. R. GRACE's Production Supervisor WASEEM SUFI about the sexual comments and assaults by defendants PETE GONZALEZ and JOE GONZALES. Although SUFI told plaintiff he would talk to PETE GONZALEZ and JOE GONZALES, the sexual harassment continued.

18. Between February and March 1998, plaintiff complained to WASEEM SUFI about defendants PETE GONZALEZ's and JOE GONZALES' sexual harassment. SUFI stated that he would talk to them. Yet, the sexual harassment continued through August 1998 until plaintiff took disability leave.

19. Before and between August 1997 and August 1998, plaintiff also complained several times to the Shop Steward Brian Freeman and Assistant Shop Steward Steven Lewis about the above sexual harassment by PETE GONZALEZ and JOE GONZALES. As shop stewards, Freeman and Lewis were required to report such complaints to plant management and plaintiff believes they did so. Despite plaintiff's reported complaints, the sexual harassment continued.

20. At least between January 1993 and September 1998, plaintiff was the only female employee in the production/warehouse department at defendant's San Leandro facility.

-6-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

21. As the sole female production/warehouse employee, before and between August 1997 and August 1998, plaintiff was subjected to employment discrimination through disparate treatment and harassment on account of her sex, which had been ongoing since her initial start date in 1993. The disparate treatment and harassment included but was not limited to:

A. Less vacation time than male employees who received additional vacation time over the amount determined by their seniority date;

B. Plaintiff discovered a male worker received holiday pay after taking sick leave when she was not allowed to do the same;

C. In or about November 1997, plaintiff was not immediately notified about her ailing father when her family called the plant, while a male employee was immediately notified or paged whenever he received calls about his sick mother;

D. Plaintiff was provided no privacy in the women's bath and locker rooms. Such areas were not protected from the intrusion of male employees, often while plaintiff was using the facilities. Prior to May 1998, male employees entered plaintiff's lockerroom and rummaged through her locker and, on one occasion, made a cross from three of her Kotex napkins and tore up plaintiff's personal notes. Male employees were not similarly denied privacy in the men's bath and locker rooms;

E. Routinely, at least three times a week, plaintiff had her food stolen from either her locker or the lunchroom refrigerator, while male employees were not subjected to such constant thefts;

F. On at least one occasion, plaintiff received no assistance with the handling of heavy equipment even after requesting it from Waseem Sufi, the Plant Supervisor;

G. Plaintiff did not receive the same rate of pay as male employees with similar or later seniority dates.

-7-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

H. Plaintiff was assigned more difficult and less desirable jobs, and for longer periods, than other male employees; plaintiff was also denied training in the more desirable jobs.

I. Plaintiff was written up for absences despite having received prior permission for time off.

22. Before and between August 1997 and August 1998, plaintiff reported and complained several times of the above-cited disparate treatment to WASEEM SUFI, Production Supervisor and/or ANDREW ABERDALE, Plant Manager. They dismissed her complaints and allowed the disparate treatment to continue, often in retaliation for the times plaintiff complained and reported the disparate treatment and the sexual harassment.

23. Before and between August 1997 and August 1998, plaintiff also complained several times to the Shop Steward Brian Freeman and Assistant Shop Steward Steven Lewis about the above harassment and disparate treatment regarding her compensation, terms, conditions and privileges of employment. As shop stewards, Freeman and Lewis were required to report such complaints to plant management and plaintiff believes they did so. Despite plaintiff's reported complaints, the harassment and disparate treatment continued.

### FIRST CAUSE OF ACTION
(Sexual Harassment)
(California Government Code § 12940(h)(1))

The allegations of paragraphs 1 through 19 are realleged and incorporated, in full, herein by reference. This cause of action is pled against all defendants W. R. GRACE and C. C. FRIAL, PETE GONZALEZ, JOE GONZALES and DOES I through V, inclusive.

24. Defendant W. R. GRACE and DOES I through V, inclusive, and each of them were at all material times employers within the meaning of Cal. Gov. Code § 12926(d) and, as such, barred from allowing the sexual harassment of an employee when they knew or should have known, through their agents and/or

-8-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

supervisors, about the harassment and failed to take immediate and appropriate corrective action as set forth in Cal. Gov. Code §§ 12940(h)(1).

25. Defendant C. C. FRIAL was at all relevant times a supervisor or agent within the meaning of Cal. Gov. Code § 12926(h)(1) and, as such, barred from participating, assisting and encouraging in the sexual harassment of an employee as set forth in Cal. Gov. Code § 12940(h)(1).

26. Defendants PETE GONZALEZ, JOE GONZALES and C. C. FRIAL and each of them were at all material times "other person(s)" within the meaning of Cal. Gov. Code § 12940(h)(1) and, as such, prohibited from harassing an employee because of sex as set forth in Cal. Gov. Code § 12940(h)(1).

27. Plaintiff was at all material times an employee covered by Cal. Gov. Code § 12940 which prohibits discrimination or retaliation in employment on the basis of sex.

28. Defendants W. R. GRACE and DOES I through V, inclusive, and each of them were at all material times employers who discriminated against female employees, including plaintiff, on the basis of sex in violation of Cal. Gov. Code § 12940(h)(1) in that they knew or should have known about the concerted, repeated and ongoing pattern of harassment and hostility against plaintiff by male co-workers because of her sex and failed to take immediate and appropriate corrective action. Defendants' conduct began in 1993 and continued up until the time plaintiff took disability leave.

29. Defendant FRIAL was at all material times a supervisor or agent of W. R. GRACE who discriminated against female employees, including plaintiff, on the basis of sex in violation of Cal. Gov. Code § 12940(h)(1) in that he participated, assisted and encouraged male employees in the sexual harassment of plaintiff. Specifically, defendant C. C. FRIAL participated with two male employees in a conversation about sexual matters in front plaintiff. Plaintiff was forced to walk away to avoid their offensive conversation.

-9-

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

30. Defendants PETE GONZALEZ and JOE GONZALES and each of them were and are employees of W. R. GRACE who engaged in a pattern and practice of discriminating against female employees, including plaintiff, on the basis of sex in violation of Cal. Gov. Code § 12940(h)(1) by engaging in a course of conduct, as described above, that included subjecting plaintiff to sexual harassment and hostility because of her sex. This behavior began before August 1997 and continued up to the time plaintiff went on disability leave.

31. On August 28, 1998, within one year of the date of the most recent incidents of discrimination herein alleged, plaintiff filed a timely charge of discrimination and harassment with the Department of Fair Employment and Housing and received a right-to-sue letter. Thus, she has exhausted her administrative remedies.

32. As a proximate result of defendants' conduct, and each of them, plaintiff has suffered and continues to suffer substantial losses incurred in being unable to perform her work or to seek substitute employment and in earnings, and other employment benefits and promotions she would have received had defendants not taken such adverse employment actions against her.

33. As a proximate result of defendants' conduct, and each of them, plaintiff suffered and continues to suffer embarrassment, anxiety, humiliation and severe emotional distress all to her damage in an amount according to proof.

34. Defendants and each of them committed the acts alleged herein maliciously, fraudulently and oppressively, in bad faith, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights and personal dignity. Plaintiff, thus, is entitled to recover punitive damages from defendants in an amount according to proof.

35. As a result of defendants' discriminatory acts, and each of them, as alleged herein, plaintiff has no plain adequate or complete remedy at law and

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

defendants continue to engage in said alleged wrongful practices. Therefore, plaintiff requests:

    A.    That she be made whole and afforded all the benefits attendant thereto that would have been afforded plaintiff but for said discrimination; and

    B.    That defendants, their agents, successors, employees and those acting in concert with them be enjoined permanently from engaging in each of the unlawful practices, policies, usages and customs set forth herein, and that they be required to develop effective posting policies, grievance procedures and training regarding sexual harassment.

    36.    As a result of defendants' discriminatory acts, and each of them, as alleged herein, plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Cal. Gov. Code § 12965(b).

WHEREFORE, plaintiff requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION
(Sex Discrimination/Disparate Treatment)
(California Government Code § 12940)

The allegations of paragraphs 1 through 36 are realleged and incorporated, in full, herein by reference. This cause of action is pled against defendant W. R. GRACE and DOES I through V, inclusive.

    37.    Defendants W. R. GRACE and DOES I through V, inclusive, and each of them were at all material times employers within the meaning of Cal. Gov. Code § 12926(d) and, as such, barred from discriminating in employment decisions on the basis of sex as set forth in Cal. Gov. Code §§ 12940.

    38.    Defendants and each of them engaged in a pattern and practice of discriminating against female employees, including plaintiff, on the basis of sex in violation of Cal. Gov. Code §§ 12940 by making business and personnel decisions and/or management actions, through their supervisory employees, which resulted in disparate compensation, terms, conditions and privileges of employment for plaintiff. Defendants' conduct began before August 1997 and continued up until the time of

- 11 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 plaintiff's disability leave.

2     39. Among other things, plaintiff was consistently paid disparate wages compared to male employees, denied benefits and privileges accorded to male employees, assigned to less desirable jobs for longer periods of time than male employees and denied training in the more desirable jobs as set forth above as set forth in Paragraphs 21 through 23.

WHEREFORE, plaintiff requests relief as hereinafter provided.

### THIRD CAUSE OF ACTION
(Failure to Maintain Environment Free From Harassment)
(California Government Code § 12940(i))

The allegations of paragraphs 1 through 39 are realleged and incorporated, in full, herein by reference. This cause of action is pled against defendant W. R. GRACE and DOES I through V, inclusive.

40. Defendant W. R. GRACE failed to take all reasonable steps to prevent discrimination and harassment against plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of Cal. Gov. Code § 12940(i), by engaging in the course of conduct previously described herein, among other things.

41. Specifically, defendant W. R. GRACE failed and has failed to the present time to take any disciplinary action against defendants PETER GONZALEZ and JOE GONZALES, such as issuing a formal warning, providing counseling, imposing probation, suspension and/or termination.

42. Further, defendant W. R. GRACE failed and has failed to have a reasonably effective written policy about sexual harassment and failed to conduct meaningful sexual harassment training in that defendants PETER GONZALEZ's and JOE GONZALES' sexual harassment of plaintiff continued despite her repeated complaints to plant management and/or WASEEM SUFI, that defendant's written sexual harassment policy was posted approximately nine months after plaintiff's September 1997 reported Kotex incident, that the harassment continued even after

- 12 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

the posting, that personnel from defendant's Human Resources Department dilatorily interviewed plaintiff approximately nine months after plaintiff's reported incident of sexual harassment and then failed to interview her in a reasonably private manner.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
(Retaliation)
(California Government Code § 12940(f))

The allegations of paragraphs 1 through 42 are realleged and incorporated, in full, herein by reference. This cause of action is pled against defendant W. R. GRACE and DOES I through V, inclusive.

43. Defendants and each of them have retaliated against plaintiff in violation of Cal. Gov. Code § 12940(f), by engaging in a course of retaliatory conduct including, among other things, the conduct set forth in paragraphs 1 through 23 above, when she complained about sexual harassment, hostility and conduct based on sex discrimination. This retaliation continued up until the time of plaintiff's termination, carried out by Plant Manager Andrew Aberdale and/or Production Supervisor Waseem Sufi acting within the course and scope of their employment.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

The allegations of paragraphs 1 through 43 are realleged and incorporated, in full, herein by reference. This cause of action is pled against defendants W. R. GRACE, C. C. FRIAL, PETE GONZALEZ, JOE GONZALES, and DOES I through V, inclusive.

44. Between April 1998 and August 1998, the conduct set forth hereinabove was extreme and outrageous as to all above-stated defendants. Said conduct was intended to cause severe emotional distress, or was done in conscious disregard of the probability of causing such distress. Said conduct exceeded the

- 13 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace. Defendants and each of them intended to humiliate and distress plaintiff and to convey the message that she was powerless to defend her rights. Defendant W. R. GRACE abused its authority and directly injured plaintiff by its ratification of Production Supervisor WASEEM SUFI's personnel decisions and by its Human Resources Department's actions in failing to protect plaintiff and to fully investigate plaintiff's complaint as set forth above herein.

45. The foregoing conduct did in fact cause plaintiff to suffer extreme emotional distress. As a proximate result of said conduct, plaintiff suffered embarrassment, anxiety, humiliation and severe emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof.

WHEREFORE, plaintiff requests relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
(Sexual Battery)
(Cal. Civ. Code § 1708.5)

The allegations of paragraphs 1 through 45 are realleged and incorporated, in full, herein by reference. This cause of action is pled against defendants PETE GONZALEZ and JOE GONZALES.

46. Between April 1998 and August 1998, the above-stated conduct by defendants PETE GONZALEZ and JOE GONZALES was and is a violation of Cal. Civil Code § 1708.5 in that defendants acted with the intent to cause harmful or offensive contacts with intimate parts of plaintiff, and sexually offensive contacts with plaintiff directly resulted. Further, defendants' conduct caused plaintiff to suffer imminent apprehension of such contacts repeatedly occurring.

47. Defendants PETE GONZALEZ and JOE GONZALES and each of them committed the acts alleged herein maliciously and oppressively, with the wrongful intention of injuring plaintiff, and in conscious disregard of plaintiff's rights and personal dignity. Plaintiff, thus, is entitled to recover punitive damages

- 14 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

from defendants in an amount according to proof.

WHEREFORE, plaintiff requests relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

The allegations of paragraphs 1 through 47 are realleged and incorporated, in full, herein by reference. This cause of action is pled against defendants W. R. GRACE and DOES I through V, inclusive.

48. Between April 1998 and August 1998, in carrying out the above conduct, defendants and each of them breached a duty of care to plaintiff to provide a workplace free from unfair treatment, discrimination and retaliation, and abused their positions of authority towards her. Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace. Defendants violated the above-stated duty directly by failing to take immediate and appropriate corrective action against defendants PEDRO GONZALEZ and JOE GONZALES for their continued and routine sexual harassment of plaintiff. Defendant further violated the above-stated duty directly by ratifying the omissions and/or actions taken by Plant Supervisor WASEEM SUFI.

49. Defendant knew or should have known, that the above conduct would cause plaintiff extreme emotional distress. As a proximate result of defendant's negligent conduct, plaintiff suffered and will continue to suffer extreme humiliation, embarrassment, mental anguish and emotional distress in an amount according to proof.

WHEREFORE, plaintiff requests relief as hereinafter provided.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests relief as follows:

1. For special and economic damages, including back pay and front pay, for all Causes of Action.

2. For general and non-economic damages for all Causes of

- 15 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  Action;

2  3. For punitive damages according to proof for all Causes of
3  Actions except Seven;

4  4. For prejudgment and post-judgment interest at the prevailing
5  legal rate;

6  5. For injunctive relief including requiring defendant W. R.
7  GRACE to adopt reasonably effective postings and changes in personnel policies and
8  procedures regarding sexual harassment and retaliation, requiring routine and
9  efficacious training about sexual harassment for all employees, for a permanent
10 injunction enjoining defendant to, its agents, successors and employees and those
11 acting in concert with them, from engaging in each of the unlawful practices, policies,
12 usages and customs set forth hereinabove, and for such other injunctive relief as the
13 Court may deem proper;

14 6. For costs of the suit including reasonable attorneys' fees; and

15 7. For such other and further relief as the Court may deem proper.

16 DATED: April 16, 1999

HILDEBRAND, McLEOD & NELSON, INC.

By: _____
QUYNH L. NGUYEN, ESQ.
Attorneys for Plaintiff
GLORIA MUNOZ

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

- 16 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## DEMAND FOR TRIAL BY JURY

COMES NOW, plaintiff GLORIA MUNOZ, by and through her attorneys, hereby demands trial by jury of the within action.

DATED: April 16, 1999

        HILDEBRAND, McLEOD & NELSON, INC.

By _____
QUYNH L. NGUYEN, ESQ.
Attorneys for Plaintiff
GLORIA MUNOZ

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF