IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Responses Due: September 4, 2009 at 4:00 p.m.** |
| | ) | **Hearing Date: September 29, 2009 at 10:30 a.m.** |

## DEBTORS' TWENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

The above-captioned debtors and debtors in possession (the "Debtors"), by and through

their undersigned counsel of record, file this Twenty-Seventh Omnibus Objection to Claims (the

"Twenty-Seventh Omnibus Objection") and, in support thereof, state the following:

### Jurisdiction

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334.  This matter

is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.      The statutory bases for the relief requested herein are 11 U.S.C. §§ 105(a) and

502, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure, and Rule 3007-1 of the

Local Rules of the United States Bankruptcy Court for the District of Delaware.

---

1    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

### Background

3.     On April 2, 2001 (the "Petition Date"), each of the Debtors in these chapter 11 cases filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") commencing their respective chapter 11 cases (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for administrative purposes only, and, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

### Claims Bar Date

4.     By an order dated April 25, 2002, this Court set March 31, 2003 as the last date for filing proofs of claim for all pre-petition claims relating to asbestos property damage, non-asbestos claims (including all governmental claims), and medical monitoring claims. In the fall of 2006, the Court set a bar date for asbestos personal injury litigation claims pending as of the Petition Date. In the summer of 2008, the Court also set a bar date for all persons or entities with Zonolite Attic Insulation claims.

### The Objections And Request For Relief

5.     By this Twenty-Seventh Omnibus Objection, the Debtors seek disallowance and expungement of the following claims, for which the Debtors have no liability according to their books and records (the "No Liability Claims"):

- Claim No. 369, filed by TDY Holdings, LLC, which seeks contribution for unliquidated damages on account of the Li Tungsten Superfund Site (Glen Cove, NY) (attached as Exhibit A); and

- Claim No. 7026, filed by Kennametal Inc., which seeks contribution for "up to an estimated $40 million" on account of the Li Tungsten Superfund Site (Glen Cove, NY) (attached as Exhibit B);

2

- Claim No. 9560, filed by Casmalia Resources Site Steering Committee, which seeks "Approx. $22,255.44" for contribution on account of the Casmalia Resources Site (Santa Barbara, CA) (attached as Exhibit C); and

- Claim No. Claim No. 13955, filed by Ferguson Enterprises, Inc., which seeks contribution for the Debtors' "fair share of the $25,280,355" that Ferguson Enterprises, Inc. and other parties have alleged paid on account of the Casmalia Resources Site (Santa Barbara, CA) (attached as Exhibit D).

## The No Liability Claims

6.      The Debtors object to the No Liability Claims pursuant to section 502(b)(1) of the Bankruptcy Code, because these are claims which are not enforceable against the Debtors or their property under any agreement or applicable law.

7.      In particular, the No Liability Claims seek contribution on account of alleged response costs and alleged natural resource damages that have or may be incurred at two locations where Grace allegedly contributed to the release of hazardous substances into the environment.  The amounts sought in these claims are addressed in, and precluded by, the Settlement Agreement Resolving the United States' Proofs of Claim Regarding Certain Environmental Matters (the "Settlement Agreement"), which was approved by the Court on June 2, 2008.  (Dkt. No. 18847) (attached as Exhibit E).

8.      Through the Court-approved Settlement Agreement between the Debtors and the United States, "the Debtors [sought], to the maximum extent permitted by law, to obtain protection, through the resolution of environmental liabilities for the Liquidated Sites as set forth [t]herein, from and against all Claims that [had] been or may in the future be asserted for response costs." (Settlement Agreement at pg. 2.)  The effect of the Settlement Agreement was to resolve the Debtors' liability to the United States and the identified third parties on account of the sites included in the Settlement Agreement.

3

9.      The Settlement Agreement specifically contemplates that the Debtors would object to the No Liability Claims. The Settlement Agreement states as follows: "Upon entry of the Order by the Bankruptcy Court approving this Settlement Agreement, the Debtors intend to file stipulations and/or claims objections, as appropriate, which will address the proofs of claim filed by all of the PRP Groups/Entities consistent with the terms of this Settlement Agreement." (Settlement Ag. at p. 16.)

10.     The No Liability Claims were filed by parties that are identified in the Settlement Agreement, and were filed on account of a site that is included in the Settlement Agreement. Therefore, the No Liability Claims are precluded by the Settlement Agreement and should be disallowed and expunged.

11.     Specifically, the Settlement Agreement defines PRP Group/Entities as including "potentially responsible parties who are implementing response actions at Liquidated Sites set forth herein and have filed unresolved proofs of claims against Debtors that assert contribution claims under CERCLA regarding Liquidated Sites." (Settlement Agreement at pg. 8.) The No Liability Claimants are all PRP Group/Entities as the term is defined in the Settlement Agreement. (*Id.*) ("'PRP Group/Entity'" means ... the Casmalia Site Steering Committee,... Ferguson Enterprises, Inc., TDY Holdings, LLC., Kennametal, Inc....").

12.     The Settlement Agreement further provides that it is applicable to the "Liquidated Sites" that are identified therein. The sites that are the subject of the No Liability Claims -- the Li Tungsten Site and Casmalia Resources Site -- are identified in the Settlement Agreement as Liquidated Sites. (Settlement Agreement at pgs. 6-7) ("'Liquidated Sites'" means the following 29 sites: ...3) Casmalia Resources Site in Santa Barbara, California ... 11) Li Tungsten Site in Glen Cove, New York).

4

13.    Pursuant to the Settlement Agreement, the Debtors agreed to settle their liabilities on account of the Li Tungsten Site with the United States in return for the allowance of a general unsecured claim in the amount of $4,950,000. (Settlement Agreement at pg. 12.) The Debtors likewise settled their liabilities on account of the Casmalia Resources Site with the United States for the allowances of a general unsecured claim in the amount of $33,610. (*Id.* at 11.) The Settlement Agreement further provides that this payment "shall be credited by EPA to its account for a particular site, which credit shall reduce the liability of potentially responsible parties other than the Debtors for the particular site by the amount of the credit." (Settlement Agreement at pg. 16.)

14.    The Settlement Agreement also specifically provides the Debtors with protection from claims for contribution from third parties, such as the No Liability Claimants, on account of the Liquidated Sites. The Settlement Agreement states, "[w]ith regard to all existing or future third-party Claims against the Debtors with respect to the Liquidated Sites ... including claims for contribution, the parties hereto agree that the Debtors are entitled to such protection from actions or Claims as is provided by Section 113(f)(2) of CERCLA, 42 U.S.C. §9613(f)(2)." (Settlement Agreement at pg. 38.)

15.    Therefore, because the No Liability Claims were filed on account of sites that are included in the Settlement Agreement; and for which the Debtors have already agreed to make payments to the United States; and for which the United States has agreed to reduce the liability of the No Liability Claimants; and for which the Debtors are entitled to protection from claims for contribution from third-parties, the Debtors have already satisfied any amounts that may have been owed to the No Liability Claimants, and the No Liability Claims should be disallowed and expunged for all purposes.

## Responses to Omnibus Objections

16.    To contest an objection, a claimant must file and serve a written response to this Twenty-Seventh Omnibus Objection (a "Response"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801 and served upon the following entities, so that the response is received no later than 4:00 p.m. (Eastern Time) **September 4, 2009**, at the following addresses:

> Kirkland & Ellis LLP
> 300 N. LaSalle St.
> Chicago, IL 60654
> Attn: Samuel L. Blatnick
>
> -and-
>
> Pachulski, Stang, Ziehl, & Jones LLP
> 919 North Market Street, 17th Floor
> P. O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)
> Attn: James E. O'Neill
>
> Co-Counsel for the Debtors

17.    Every Response to this Twenty-Seventh Omnibus Objection must contain at a minimum the following:

(a)    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Twenty-Seventh Omnibus Objection to which the Response is directed;

(b)    the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

(c)    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Twenty-Seventh Omnibus Objection;

6

(d)     any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

(e)     the name, address, telephone number, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Disputed Claim on behalf of the claimant.

18.     If a claimant fails to file and serve a timely Response, the Debtors may present to the Court an appropriate order reducing, reclassifying, and/or disallowing and expunging the claim, as applicable, without further notice to the claimant or a hearing.

**Replies to Responses**

19.     The Debtors may, at their option, file and serve a reply to a claimant's Response.

**Reservation**

20.     The Debtors hereby reserve the right to object in the future to any of the claims listed in this Twenty-Seventh Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Twenty-Seventh Omnibus Objection, including, without limitation, to object to amended claims and newly-filed claims. Separate notice and hearing will be scheduled for any such objection.

21.     Notwithstanding anything contained in this Twenty-Seventh Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Twenty-Seventh Omnibus Objection; or (b) to

exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

### Notice

22.    The Debtors will serve copies of this Twenty-Seventh Omnibus Objection (with all exhibits) on the Office of the United States Trustee, upon counsel for those creditors that have filed claims that are affected by the Twenty-Seventh Omnibus Objection, and on all parties that have requested that they be served with all pleadings filed in these cases pursuant to Bankruptcy Rule 2002.

23.    The Debtors submit that notice of this Twenty-Seventh Omnibus Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

### No Previous Request

24.    No previous request for the specific relief set forth herein has been made to this or any other court.

### Compliance With Local Rule 3007-1

25.    This Twenty-Seventh Omnibus Objection, and related exhibits attached hereto, complies with Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

WHEREFORE, the Debtors respectfully request that the Court enter an order disallowing and expunging each of the No Liability Claims that are identified in this Twenty-Seventh Omnibus Objection.

Dated: August 18, 2009                    Respectfully submitted,

                                          KIRKLAND & ELLIS LLP
                                          Theodore Freedman
                                          Samuel L. Blatnick
                                          300 N. LaSalle St.
                                          Chicago, IL 60654
                                          (312) 862-2000

                                          and

                                          THE LAW OFFICES OF JANET S. BAER, P.C.
                                          Janet S. Baer, P.C.
                                          70 W. Madison St.
                                          Chicago, IL 60602
                                          (312) 641-2162

                                          and

                                          PACHULSKI, STANG, ZIEHL & JONES LLP

                                          _James E. O'Neill_

                                          Laura Davis Jones (Bar No. 2436)
                                          James E. O'Neill (Bar No. 4042)
                                          Timothy P. Cairns (Bar No. 4228)
                                          919 North Market Street, 17th Floor
                                          P.O. Box 8705
                                          Wilmington, DE 19899-8705 (Courier 19801)
                                          (302) 652-4100

                                          Co-Counsel for Debtors and Debtors in Possession