# EXHIBIT D

# WR Grace

Bankruptcy Form 10

Index Sheet

SR00000673

| Claim Number: | 00013955 | | Receive Date: | 03/31/2003 |
|---|---|---|---|---|

## Multiple Claim Reference

Claim Number _____

- ☐ MMPOC — Medical Monitoring Claim Form
- ☐ PDPOC — Property Damage
- ☐ NAPO — Non-Asbestos Claim Form
- ☐ Amended

Claim Number _____

- ☐ MMPOC — Medical Monitoring Claim Form
- ☐ PDPOC — Property Damage
- ☐ NAPO — Non-Asbestos Claim Form
- ☐ Amended

## Attorney Information

| Firm Number: | 00172 | Firm Name: | Heller Ehrman White & McAuliffe LLP |
|---|---|---|---|
| Attorney Number: | 00145 | Attorney Name: | Nicholas W Van Aelstyn |
| Zip Code: | 10036 | | |

Cover Letter Location Number:   SR00000673

| Attachments Medical Monitoring | Attachments Property Damage | Non-Asbestos |
|---|---|---|
| ☐ TBD | ☐ TBD | ☒ Other Attachments |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| ☐ TBD | ☐ TBD | |
| | ☐ Other Attachments | |

**Other**

- ☐ Non-Standard Form
- ☐ Amended
- ☐ Post-Deadline Postmark Date

Box/Batch: WRBF0046/WRBF0181

Document Number: WRBF009043

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF Delaware | GRACE NON-ASBESTOS PROOF OF CLAIM FORM |
|---|---|

| | | |
|---|---|---|
| Name of Debtor:[1]  W.R.GRACE & CO. | Case Number 01-01139 | |

NOTE: Do not use this form to assert an Asbestos Personal Injury Claim, a Settled Asbestos Claim or a Zonolite Attic Insulation Claim. Those claims will be subject to a separate claims submission process. This form should also not be used to file a claim for an Asbestos Property Damage Claim or Medical Monitoring Claim. A specialized proof of claim form for each of these claims should be filed.

| | | |
|---|---|---|
| Name of Creditor (The person or other entity to whom the Debtor owes money or property):<br>Ferguson Enterprises, Inc. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Name and address where notices should be sent:<br>Nicholas van Aelstyn Esq.<br>Heller Ehrman White & McAuliffe LLP<br>333 Bush Street, 30th Floor<br>San Francisco, CA 94104 | | |
| Account or other number by which creditor identifies Debtor: | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated:_____ | |

Corporate Name, Common Name, and/or d/b/a name of specific Debtor against whom the claim is asserted:
W. R. GRACE & CO..

| | |
|---|---|
| **1. Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☐ Environmental liability<br>☐ Money loaned<br>☐ Non-asbestos personal injury/wrongful death<br>☐ Taxes<br>☒ Other_ See Attached _____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br><br>Your SS #:_____<br>Unpaid compensation for services performed<br>from _____ to _____ (date) |
| **2. Date debt was incurred:** from and after 1973 | **3. If court judgment, date obtained:** |
| **4. Total Amount of Claim at Time Case Filed:**<br>If all or part of your claim is secured or entitled to priority, also complete Item 5 below.<br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. | $ See Attached |

**5. Classification of Claim.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. **CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.**

| | |
|---|---|
| ☐ SECURED CLAIM (check this box if your claim is secured by collateral, including a right of setoff.)<br><br>Brief Description of Collateral:<br><br>☐ Real Estate    ☐ Other (Describe briefly)<br><br>Amount of arrearage and other charges at time case filed included in secured claim above, if any: $_____<br><br>Attach evidence of perfection of security interest<br><br>☒ UNSECURED NONPRIORITY CLAIM<br><br>A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim. | ☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.<br><br>☐ Wages, salaries, or commissions (up to $4650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br><br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7).<br><br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a(_____). |

| | |
|---|---|
| **6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>**7. Supporting Documents:** _Attach copies of supporting documents,_ such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>**8. Acknowledgement:** Upon receipt and processing of this Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim form itself, enclose a self-addressed envelope and copy of this proof of claim form. | This Space is for Court Use Only |
| Date<br>3/28/03 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>_Nicholas van Aelstyn_ Nicholas van Aelstyn, Esq. (Heller Ehrman et al.) | WR Grace    BF.46.181.9043<br>00013955<br>SR=673 |

REC'D MAR 31 2003

[1] See General Instructions and Claims Bar Date Notice and its exhibits for names of all Debtors and "other names" used by the Debtors.

# SPECIFIC INSTRUCTIONS FOR COMPLETING
## GRACE NON-ASBESTOS PROOF OF CLAIM FORMS

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

This Proof of Claim form is for Creditors who have Non-Asbestos Claims against any of the Debtors. Non-Asbestos Claims are any claims against the Debtors as of a time immediately preceding the commencement of the Chapter 11 cases on April 2, 2001 other than Asbestos Personal Injury Claims, Asbestos Property Damage Claims, Zonolite Attic Insulation Claims, Settled Asbestos Claims or Medical Monitoring Claims, as defined on the enclosed General Instructions. More specifically, Non-Asbestos Claims are those claims against one or more of the Debtors, whether in the nature of or sounding in tort, contract, warranty or any other theory of law or equity for, relating to or arising by reason of, directly or indirectly, any injury, damage or economic loss caused or allegedly caused directly or indirectly by any of the Debtors or any products or materials manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors and arising or allegedly arising directly or indirectly, from acts or omissions of one or more of the Debtors, including, but not limited to, all claims, debts, obligations or liabilities for compensatory and punitive damages.

**Administrative Expenses:** Those types for, among other things, the actual, necessary costs and expenses of preserving the estate as defined in Section 503 of the Bankruptcy Code that arose after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to Section 503 of the Bankruptcy Code. This form should not be used to make a claim for an administrative expense.

**Secured Claim:** A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property. Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right to setoff), the creditor's claim may be a secured claim. (See also Unsecured Claim.)

**Unsecured Claim:** If a claim is not a secured claim, it is an unsecured claim. Unsecured claims are those claims for which a creditor has no lien on the debtor's property or the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Nonpriority Claim:** Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as Unsecured Nonpriority Claims.

**Information about Creditor:** Complete this section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the court which sent notice, or if this proof of claim replaces or amends a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:** Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:** Fill in the date the debt was first owed by the debtor.

3. **Court Judgments:** If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Amount of Claim:** Insert the amount of claim at the time the case was filed in the appropriate box based on your selected Classification of Claim in item 5. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

5. **Classification of Claim:** Check either Secured, Unsecured Nonpriority or Unsecured Priority as appropriate. (See Definitions above.)

   **Unsecured Priority Claim:** Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See Definitions, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

6. **Credits:** By signing this proof of claim, you are stating under oath that in calculating the amount of your claim, you have given the debtor credit for all payments received from the debtor.

7. **Supporting Documents:** You must attach to this proof of claim form, copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY) TO THE FOLLOWING CLAIMS AGENT FOR THE DEBTORS:

> Claims Processing Agent
> Re: W. R. Grace & Co. Bankruptcy
> P.O. Box 1620
> Faribault, MN 55021-1620

The Bar Date for filing all NON-ASBESTOS CLAIMS against the Debtors is March 31, 2003 at 4:00 p.m. Eastern Time.

**Bk. No. 01-01139 (JKF)**
**In re W.R. Grace & Co. et al. (Jointly Administered)**

## ATTACHMENT TO PROOF OF CLAIM

This claim, filed by Ferguson Enterprises, Inc. on behalf of itself and the other Settling Defendants[1] (collectively, the "Claimants"), arises from liability for environmental clean-up costs at the Casmalia Resources Hazardous Waste Disposal Site, located in Santa Barbara County, California, and relevant adjacent areas (the "Site"). Debtor W.R. Grace & Co. ("Debtor") is a party responsible, with others, for the response costs incurred by or on behalf of the U.S. Environmental Protection Agency ("EPA") for the clean-up of the Site.

The EPA has asserted that the Claimants also are responsible for clean-up costs at the Site, in enforcement litigation entitled *United States v. Samson Hydrocarbons Company et al.* relating to the Site. In September 2002, Claimants entered into a Consent Decree, a copy of which is attached hereto, with the U.S. Department of Justice (acting on behalf of the EPA), in the *Samson* enforcement litigation.

Pursuant to the Consent Decree, the Settling Defendants are required to pay $25,280,355 to an EPA-administered Escrow Account for the benefit of the EPA. Each Settling Defendant's obligation to make the payment is joint and several.

The Settling Defendants have paid an aggregate of $25,280,355 to a separate escrow account administered by Clean Environment Trust ("CET"). The escrow agreement governing the CET escrow account provides that the monies in it are to be transferred to the EPA Escrow Account upon the Court's approval of the Consent Decree; the monies cannot be returned to the Settling Defendants if the Consent Decree is approved. The Debtor is responsible to the Settling Defendants for its fair share of the $25,280,355 (the "Debtor's Share"). The Debtor's Share would need to be determined by negotiation or adjudication; it may be based upon that proportional share of the total volume of Waste Material disposed at the Site for which the Debtor is responsible. Accordingly, Claimants are each entitled to contribution from the Debtor for each Claimant's proportional share of the Debtor's Share, in an amount to be determined.

The limitation on Settling Defendants' liability afforded by the provisions of the Consent Decree with regard to the Site is subject to Court approval of the

---

[1] Capitalized terms not defined in this attachment shall be assigned the meaning defined in the Consent Decree.

Consent Decree. Therefore, if the Consent Decree is not approved, each Claimant hereby reserves its right to amend this proof of claim to seek contribution for such greater amount as it may ultimately be held liable for with respect to the Site.

This proof of claim shall not waive any administrative priority claims that the Claimants, individually or collectively, have asserted or may assert in the Debtor's bankruptcy case.

# EXHIBIT "A"

THOMAS L. SANSONETTI
Assistant Attorney General
Environmental and Natural Resources Division
BRADLEY R. O'BRIEN, State Bar No. 189425
Environmental Enforcement Section
Environmental and Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105
Telephone (415) 744-6484
Facsimile (415) 744-6476

DEBRA W. YANG
United States Attorney for the
Central District of California
LEON W. WEIDMAN
Chief, Civil Division
300 North Los Angeles Street
Los Angeles, CA 90012

NANCY J. MARVEL
Regional Counsel
THOMAS A. BLOOMFIELD
Assistant Regional Counsel, State Bar No. 163533
U.S. Environmental Protection Agency
75 Hawthorne Street
San Francisco, CA 94105
Telephone (415) 972-3877
Facsimile (415) 947-3570

Attorneys for Plaintiff United States

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>SAMSON HYDROCARBONS COMPANY et al.,<br><br>Defendants. | CIVIL ACTION NO. _____<br><br>PARTIAL CONSENT DECREE |

TABLE OF CONTENTS

I.       BACKGROUND . . . . . . . . . . . . . . . . . . -1-

II.      JURISDICTION . . . . . . . . . . . . . . . . . . -2-

III.     PARTIES BOUND . . . . . . . . . . . . . . . . . -3-

IV.      DEFINITIONS . . . . . . . . . . . . . . . . . . -3-

V.       SITE BACKGROUND . . . . . . . . . . . . . . . . -7-

VI.      PURPOSE . . . . . . . . . . . . . . . . . . . . -10-

VII.     PAYMENT . . . . . . . . . . . . . . . . . . . . -11-

VIII.    FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE . . . -13-

IX.      STIPULATED PENALTY . . . . . . . . . . . . . . . -14-

X.       COVENANTS BY PLAINTIFF . . . . . . . . . . . . . -16-

XI.      RESERVATION OF RIGHTS . . . . . . . . . . . . . -18-

XII.     COVENANTS BY SETTLING DEFENDANTS AND SETTLING FEDERAL AGENCIES -21-

XIII.    EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION . . . . . . -26-

XIV.     RETENTION OF RECORDS . . . . . . . . . . . . . . -29-

XV.      NOTICES AND SUBMISSIONS . . . . . . . . . . . . . -32-

XVI.     RETENTION OF JURISDICTION . . . . . . . . . . . . -34-

XVII.    INTEGRATION/APPENDICES . . . . . . . . . . . . . -34-

XVIII.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . -34-

XIX.     EFFECTIVE DATE . . . . . . . . . . . . . . . . . -35-

XX.      SIGNATORIES/SERVICE . . . . . . . . . . . . . . -35-

XXI.     FINAL JUDGMENT . . . . . . . . . . . . . . . . . -36-

## I.  BACKGROUND

A.    The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607, as amended, seeking reimbursement of Response Costs incurred and to be incurred for Response Actions taken at or in connection with the release or threatened release of hazardous substances at and from the Casmalia Resources Hazardous Waste Disposal Site located in Santa Barbara County, California (the "Facility").

B.    Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on the National Priorities List on September 13, 2001 by publication in the Federal Register at 66 Fed. Reg. 47683, 47586 (2001).

C.    The Settling Defendants and the Settling Federal Agencies (both defined below) do not admit any liability to the United States arising out of the transactions or occurrences alleged in the complaint.

D.    This Consent Decree provides for the Settling Defendants to pay $25,280,355 and for the Settling Federal Agencies to pay $3,273,624 as specified in Section VII (Cash Payment) of this Consent Decree.  In accordance with the National Contingency Plan, 40 C.F.R. Part 300, and Section 121(f)(1)(F) of CERCLA, 42 U.S.C. § 9621(f)(1)(F), EPA notified the State of California (the "State") of negotiations with potentially

-1-

responsible parties, and EPA has provided the State with an opportunity to participate in such negotiations and be a party to this Consent Decree.

E.    The United States previously entered into a consent decree relating to the Casmalia Resources Hazardous Waste Disposal Site with the Casmalia Resources Site Steering Committee.   The consent decree was entered by the United States District Court for the Central District of California on June 27, 1997 in <u>United States v. ABB Vetco Gray, Inc. et al.</u>, Civ. No. 96-6518 KMW (JGx).   This Consent Decree entered into by the United States and the Setting Defendants is not intended to amend or supercede the consent decree entered into by the United States and the Casmalia Resources Site Steering Committee.

F.    The United States and the Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the parties to this Consent Decree it is hereby ORDERED, ADJUDGED, and DECREED:

II.   <u>JURISDICTION</u>

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9606, 9607, and 9613(b). This Court also has personal jurisdiction over the Settling Defendants.  Settling Defendants shall not challenge the terms of this Consent Decree or this

-2-

1  Court's jurisdiction to enter and enforce this Consent Decree.

2                  III.  PARTIES BOUND

3      2.  This Consent Decree applies to and is binding upon the

4  United States and upon Settling Defendants and their heirs,

5  successors and assigns.  Any change in ownership or corporate

6  status of a Settling Defendant including, but not limited to, any

7  transfer of assets or real or personal property shall in no way

8  alter any individual Settling Defendant's responsibilities under

9  this Consent Decree.

10                  IV.  DEFINITIONS

11      3.  Unless otherwise expressly provided herein, terms used

12  in this Consent Decree that are defined in CERCLA or in

13  regulations promulgated under CERCLA shall have the meaning

14  assigned to them in CERCLA or in such regulations.  Whenever

15  terms listed below are used in this Consent Decree or in the

16  appendices attached hereto and incorporated hereunder, the

17  following definitions shall apply when the first letter is

18  capitalized:

19      "CERCLA" shall mean the Comprehensive Environmental

20  Response, Compensation, and Liability Act of 1980, as amended, 42

21  U.S.C. § 9601 *et seq.*

22      "CSC Consent Decree" shall mean the Consent Decree entered

23  by the United States District Court for the Central District of

24  California on June 27, 1997 in <u>United States v. ABB Vetco Gray,</u>

25  <u>Inc., et al.</u>, Civ. No. 96-6518-KMW (JGx).

26      "Consent Decree" shall mean this Consent Decree and all

27  appendices attached hereto (listed in Section XV), and any

-3-

1  additions or modifications to this Consent Decree and its
2  appendices that are made in accordance with its terms.  In the
3  event of conflict between this Consent Decree and any appendix,
4  this Consent Decree shall control.

5      "Day" shall mean a calendar day unless expressly stated to
6  be a working day.  In computing any period of time under this
7  Consent Decree, where the last day would fall on a Saturday,
8  Sunday, or federal holiday, the period shall run until the close
9  of business of the next working day.

10     "DOJ" shall mean the United States Department of Justice and
11 any successor departments, agencies or instrumentalities of the
12 United States.

13     "Effective Date" shall be the effective date of this Consent
14 Decree as provided in Paragraph 57.

15     "EPA" shall mean the United States Environmental Protection
16 Agency and any successor departments or agencies of the United
17 States.

18     "Escrow Account" shall mean the escrow account for the Site,
19 which was established pursuant to the CSC Consent Decree.

20     "Escrow Trustee" shall mean the trustee of the Escrow
21 Account.

22     "EPA Hazardous Substance Superfund" shall mean the Hazardous
23 Substance Superfund established by the Internal Revenue Code, 26
24 U.S.C. § 9507.

25     "Facility" shall mean the Casmalia Resources Hazardous Waste
26 Management Facility, encompassing approximately 252 acres,
27 located approximately 10 miles southwest of Santa Maria and one

-4-

1  and a half miles north of Casmalia in Santa Barbara County,

2  California, and depicted generally on the map attached as

3  Appendix D.

4       "Interest" shall mean interest at the current rate specified

5  for interest on investments of the Hazardous Substance Superfund

6  established by 26 U.S.C. § 9507, compounded annually on October 1

7  of each year, in accordance with 42 U.S.C. § 9607(a).

8       "Municipal Sewage Sludge" or "MSS" shall mean any solid,

9  semi-solid, or liquid residue removed during the treatment of

10 municipal waste water or domestic sewage and may include residue

11 removed, all or in part, during the treatment of wastewater from

12 manufacturing or processing operations, provided that such

13 residue has essentially the same characteristics as residue

14 removed during the treatment of domestic sewage.

15      "Municipal Solid Waste" or "MSW" shall mean household waste

16 and solid waste collected from non-residential sources that is

17 essentially the same as household waste.  While the composition

18 of such wastes may vary considerably, municipal solid waste

19 generally is composed of large volumes of non-hazardous

20 substances (e.g., yard waste, food waste, glass, and aluminum)

21 and can contain small amounts of such other wastes as typically

22 may be accepted in RCRA Subtitle D landfills.

23      "National Contingency Plan" or "NCP" shall mean the National

24 Oil and Hazardous Substances Pollution Contingency Plan

25 promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605,

26 codified at 40 C.F.R. Part 300, and any amendments thereto.

27      "Paragraph" shall mean a portion of this Consent Decree

1  identified by an Arabic numeral and/or an Arabic numeral and an

2  upper or lower case letter.

3  "Parties" shall mean the United States and the Settling

4  Defendants.

5  "Phase II Work" shall mean the Phase II Work as defined in

6  the CSC Consent Decree.

7  "Plaintiff" shall mean the United States of America.

8  "RCRA" shall mean the Solid Waste Disposal Act, as amended,

9  42 U.S.C. §§ 6901 et seq. (also known as the Resource

10  Conservation and Recovery Act).

11  "Record of Decision" or "ROD" shall mean the EPA Record of

12  Decision, and all attachments thereto, relating to the Site to be

13  signed in the future by the Director, Superfund Division, EPA

14  Region IX, or his/her delegatee.

15  "Remedial Action" shall mean those activities relating to

16  the Site as defined in Section 101(24) of CERCLA, 42 U.S.C.

17  § 9601(24).

18  "Response Costs" shall mean all direct and indirect costs

19  relating to Response Actions taken and to be taken relating to

20  the Site.

21  "Response Actions" shall mean those activities relating to

22  the Site as defined in Section 101(25) of CERCLA, 42 U.S.C.

23  § 9601(25).

24  "Section" shall mean a portion of this Consent Decree

25  identified by a Roman numeral.

26  "Settling Defendants" shall mean the parties identified in

27  Appendix A.

-6-

1  "Settling Federal Agencies" shall mean those departments,
2  agencies and instrumentalities of the United States identified in
3  Appendix B that are resolving any claims which have been or could
4  be asserted against them with regard to this Site as provided in
5  this Consent Decree.

6  "Site" or "Casmalia Site" shall mean the Facility together
7  with the areal extent of contamination that is presently located
8  in the vicinity of the Facility and all suitable areas in very
9  close proximity to the contamination necessary for the
10  implementation of the Response Action and any area to which such
11  contamination migrates.

12  "United States" shall mean the United States of America,
13  including all of its departments, agencies and instrumentalities,
14  which includes without limitation EPA, the Settling Federal
15  Agencies and any federal natural resources trustee.

16  "Waste Material" shall mean (1) any "hazardous substance"
17  under Section 101(14) of CERCLA, 42 U.S.C. § 9601(14); (2) any
18  pollutant or contaminant under Section 101(33), 42 U.S.C.
19  § 9601(33); and (3) any "solid waste" under Section 1004(27) of
20  RCRA, 42 U.S.C. § 6903(27).

21                      V.  SITE BACKGROUND

22  4.  Paragraphs 5 through 14 below contain a summary of the
23  Site background as alleged by the United States which, for
24  purposes of this Consent Decree, Settling Defendants neither
25  admit nor deny.

26  5.  The Facility is the former Casmalia Resources Hazardous
27  Waste Management Facility, an inactive commercial hazardous waste

-7-

1  treatment, storage, and disposal facility, which accepted large
2  volumes of hazardous substances from 1973 to 1989.  Located on a
3  252-acre parcel in Santa Barbara County, California, the Facility
4  consisted of six landfills, numerous surface impoundments,
5  disposal trenches, injection wells, waste spreading areas and
6  tank treatment systems.

7      6.    The Facility and the Site are located near the southern
8  end of the Casmalia Hills in the San Antonio Basin of coastal
9  California.   The Facility and the Site are situated within the
10 Shuman Canyon drainage sub-basin on a southern facing slope
11 traversed by three small canyons.  Casmalia Creek, about 500 feet
12 west, is the surface water body nearest to the Site.  This creek
13 flows to the southwest to join Shuman Creek approximately one
14 mile southwest of the town of Casmalia.  Shuman Creek continues
15 southward and westward, discharging eventually into the Pacific
16 Ocean.

17     7.    Hazardous substances within the definition of Section
18 101(14) of CERCLA, 42 U.S.C. § 9601(14), have been, or threaten
19 to be, released into the environment at and from the Site.   These
20 hazardous substances include a wide variety of organic and
21 inorganic compounds.

22     8.    During the Facility's sixteen years of operation, the
23 owner(s)/operator(s) accepted in excess of 5.5 billion documented
24 pounds of liquid and solid wastes for disposal and treatment at
25 the Site.  Based on information known to date, the United States
26 alleges that the Settling Defendants and the Settling Federal
27 Agencies collectively disposed of or arranged for the disposal of

-8-

in excess of 550 million pounds of Waste Material out of in excess of 5.5 billion pounds of Waste Material disposed at the Site.

9.    From 1980 to 1989, the Facility had interim status pursuant to RCRA.  Because of continuing deficiencies in facility operations, no final RCRA permit was granted.  The Facility has not been closed in accordance with the requirements of RCRA.

10.    In late 1989, the owner(s)/operator(s) ceased accepting off-site waste shipments to the Facility and, in the early 1990's, the owner(s)/operator(s) stopped all active efforts to properly close and remediate the Site.

11.    After the Facility's owner(s)/operator(s) ceased all active efforts to properly close and remediate the Site, conditions at the Site deteriorated and became unstable.

12.    As a result of the release or threatened release of hazardous substances at or from the Site, EPA has undertaken Response Actions pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, and will undertake additional Response Actions in the future.  In August 1992, EPA commenced a removal action under CERCLA to implement certain Site stabilization actions, prevent further deterioration of Site conditions, and control the most immediate threats.  The Site continues to pose an imminent and substantial endangerment to the public and the environment.  The Site continues to pose an identifiable harm to the public and the environment as represented, in part, by the recent listing of the Site on the National Priorities List, and other information resulting from EPA's ongoing Site investigation and evaluation.

-9-

13.  In performing the Response Actions, the United States and other parties have incurred and will continue to incur Response Costs relating to the Site.  As of September 30, 2000, the United States has incurred in excess of approximately $22 million in Response Costs relating to the Site.

14.  Based on current information, EPA estimates that the total Response Costs incurred and to be incurred by the United States and by private parties relating to the Site is at least $271.9 million.

## VI.  PURPOSE

15.  The mutual objectives of the Parties in entering into this Consent Decree as more precisely described in the terms of this Consent Decree are:

a.   to reach a final settlement that allows the Settling Defendants to resolve their potential liability to the United States at the Site in accordance with the covenants and subject to the reservations and reopeners set out in this Consent Decree;

b.   to resolve the claims that Settling Defendants could have asserted against the United States; and

c.   to provide for contribution protection for Settling Defendants with regard to matters addressed in this Consent Decree pursuant to Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).

## VII.  PAYMENT

16.  Payment by Settling Defendants

a.   Deadline for Payment: If the Court enters this Consent

-10-

1  Decree on or before April 15, 2003, the Settling Defendants shall

2  pay $25,280,355 to the Escrow Account on or before May 9, 2003 in

3  accordance with the instructions provided in Paragraph

4  16(b)(Payment Instructions).  Settling Defendants' obligation to

5  make this payment is joint and several, and the insolvency or

6  other failure of any Settling Defendant to implement this

7  requirement shall not relieve the other Settling Defendants of

8  the obligation to pay the entire amount owed to the United

9  States.  In the event the Court does not enter the Consent Decree

10  until after April 15, 2003, within 30 Days of entry of the

11  Consent Decree, Settling Defendants shall pay $25,280,355, plus

12  interest at the daily rate equal to the 30-day Treasury Bill rate

13  beginning on May 9, 2003, until 30 Days after entry of the

14  Consent Decree.

15      b.   Payment Instructions.  Subject to Paragraph 16(c)

16  below, payment shall be made by wire transfer to:

17              Bankers Trust Co.
                c/o Mr. Thomas Hacker
18              4 Albany Street
                New York , N.Y.  10006
19              ABA/Locator #:  021-001-033
                Acct. #:  01-419-647
20              REF:  Casmalia Resources Site Custodial Agreement
                Payor:  Settling Defendants for U.S. v. Samson
21              Hydrocarbons Company

22  Payment shall reference Settling Defendants' names precisely.

23  Any payments received by the Escrow Account after 5:00 p.m.

24  Eastern Standard Time will be credited on the next business day.

25  At the time of payment, Settling Defendants shall submit a copy

26  of the completed Payment Invoice to:

27

-11-

1    Casmalia Case Team
     United States Environmental Protection Agency
2    Region IX
     75 Hawthorne Street (SFD-7-1)
3    San Francisco, CA 94105-3901.

4    The Payment Invoice Form is attached hereto as Appendix E.  This

5    Payment Invoice should be completed by Settling Defendants and

6    returned to EPA.

7        c.   Alternate Account.  Although this Consent Decree is not

8    intended to amend or supercede the CSC Consent Decree, in the

9    event the CSC Consent Decree is declared invalid or otherwise

10   determined not to be binding upon the United States by the Court

11   prior to the transfer of funds to the Escrow Account pursuant to

12   Paragraph (b), above, or upon the consent of EPA and the CSC as

13   to an alternative account pursuant to the CSC Consent Decree, the

14   Settling Defendants shall pay the funds to an alternate account

15   that will be specified in the future by the United States which

16   shall be used to fund Response Costs or Response Actions at the

17   Site.

18       17.  As soon as reasonably practicable after the Effective

19   Date of this Consent Decree, the United States, on behalf of the

20   Settling Federal Agencies, shall pay $3,273,624 to the Escrow

21   Account in accordance with the instructions provided in Paragraph

22   16(b)(Payment Instructions).

23       18.  If the payment by the Settling Federal Agencies to the

24   Escrow Account required by Paragraph 17 is not made as soon as

25   reasonably practicable, the appropriate EPA Regional Branch Chief

26   may raise any issues relating to payment to the appropriate DOJ

27   Assistant Section Chief for the Environmental Defense Section.

-12-

1  In any event, if this payment is not made within 120 Days after

2  the date of entry of this Consent Decree, EPA and DOJ have agreed

3  to resolve this issue within 30 Days in accordance with a letter

4  agreement dated December 28, 1998.

5      19.  In the event that the payments by the Settling Federal

6  Agencies required by Paragraph 17 are not made within 120 Days of

7  entry of this Consent Decree, interest on the unpaid balance

8  shall be paid at the rate established pursuant to Section 107(a)

9  of CERCLA, 42 U.S.C. § 9607(a), commencing on the Effective Date

10 of this Consent Decree and accruing through the date of the

11 payment.

12     20.  The Parties to this Consent Decree recognize and

13 acknowledge that, with the exception of the United States Postal

14 Service, the payment obligations of the Settling Federal Agencies

15 under this Consent Decree can only be paid from appropriated

16, funds legally available for such purposes.  Nothing in this

17 Consent Decree shall be interpreted or construed as a commitment

18 or requirement that any Settling Federal Agency, including, to

19 the extent applicable, the United States Postal Service,

20 obligate or pay funds in contravention of the Anti-Deficiency

21 Act, 31 U.S.C. § 1341, or any other applicable provision of law.

22     VIII.  FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

23     21.  Interest on Late Payments

24     a.  In the event the payment required by Paragraph 16(a)

25 above is not made in accordance with the requirements of

26 Paragraph 16(a), the Settling Defendants shall be liable to the

27 United States for Interest on the unpaid amount beginning to

-13-

accrue on the date that payment is due and continuing through the date of payment.

b.    Any Interest due by operation of Paragraph 21(a) shall be paid by a separate wire transfer and shall be sent simultaneously with the payment required by Paragraph 16(a) (Payment by Settling Defendants).  Payment of Interest shall be made as provided in Paragraph 16(b) (Payment Instructions).

IX.    STIPULATED PENALTY

22.    In the event the payment required by Paragraph 16(a) is not made in accordance with the requirements of Paragraph 16(a), in addition to the accrual of Interest on any unpaid amounts as set forth in Paragraph 21(a), the Settling Defendants shall be liable to the United States for a stipulated penalty pursuant to the following schedule:

| Period | Per Day Penalty |
| --- | --- |
| Day 0 through 7 | $500 or 1/16 percent of the unpaid balance, whichever is greater |
| Day 8 through Day 30 | $1,000 or 1/8 percent of the unpaid balance, whichever is greater |
| After Day 30 | $2,500 or ½ percent of the unpaid balance, whichever is greater |

However, in the event a Settling Defendant files for bankruptcy before the Effective Date of this Consent Decree, the Settling Defendants shall have sixty days from the date of such filing to pay the United States that Settling Defendant's "share"

-14-

1   (based on that Settling Defendant's volume as a percent of the

2   total volume of the Settling Defendants) of the Settling

3   Defendants' joint and several payment due under Section VII and

4   Section VIII of this Consent Decree.  In the event such payment

5   is made within this sixty-day period, Settling Defendants will

6   not be liable for the stipulated penalty contained in this

7   Paragraph as a result of that untimely payment.  Nothing in this

8   Paragraph affects the Settling Defendants' joint and several

9   obligations under this Consent Decree.

10      23.  All payments to the United States under Paragraph 22

11  shall be paid to the EPA Hazardous Substances Account, by

12  Electronic Funds Transfer ("EFT"), in accordance with

13  instructions to be provided by EPA following lodging of this

14  Consent Decree.  A transmittal letter referencing any such

15  payment shall refer to the Site/Spill ID # 09GY, the DOJ case

16  number, and the name and address of the party or parties making

17  payment and shall be sent to EPA as provided in Section XV of

18  this Consent Decree (Notices and Submissions) and to:

19

20              Catherine Shen
                U.S. Environmental Protection Agency
21              Region IX,
                Attn:  Superfund Accounting
22              P.O. Box 360863M
                Pittsburgh, PA  15251

23      24.  If the United States brings an action against Settling

24  Defendants to enforce this Consent Decree, Settling Defendants

25  shall reimburse the United States for all costs of such action,

26  including but not limited to all enforcement and attorney time

27  costs.

1    25.   Payments made under this Section shall be in addition
2 to any other remedies or sanctions available to Plaintiff by
3 virtue of Settling Defendants' failure to comply with the
4 requirements of this Consent Decree.

5    . 26.   The obligations of Settling Defendants to pay amounts
6 owed to the United States under this Consent Decree are joint and
7 several.   In the event of the failure of any one or more Settling
8 Defendants to make the payments required under this Consent
9 Decree, the remaining Settling Defendants shall be responsible
10 for such payments.

11    27.   Notwithstanding any other provision of this Consent
12 Decree, the United States may, in its unreviewable discretion,
13 waive payment of any portion of the stipulated penalty provided
14 for under this Section.   Payment of the stipulated penalty shall
15 not excuse Settling Defendants from payment as required by
16 Section VII or from performance of any other requirements of this
17 Consent Decree.

18                    X.   COVENANTS BY PLAINTIFF

19    28.   In consideration of the payments that will be made by
20 the Settling Defendants under the terms of the Consent Decree,
21 and except as specifically provided in Paragraphs 30, 31, and 32
22 of this Consent Decree, the United States covenants not to sue or
23 to take administrative action against Settling Defendants
24 pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606,
25 9607, and Section 7003 of RCRA, 42 U.S.C. § 6973, relating to the
26 Site.   These covenants not to sue shall take effect upon the
27 payment of all required funds into the account specified by EPA

1 pursuant to Paragraph 16 of Section VII (Payment by Settling

2 Defendants), Paragraph 21 (Interest on Late Payments), if

3 applicable, and Paragraph 22 (Stipulated Penalty), if applicable,

4 upon the entry of this Consent Decree by the Court.  These

5 covenants not to sue are conditioned upon the satisfactory

6 performance by Settling Defendants of their obligations under

7 this Consent Decree.  These covenants not to sue extend to each

8 Settling Defendant, and to their officers, directors, or

9 employees acting in their capacities as such, and to their

10 successors to any potential liability for the transactions

11 covered by this Consent Decree.  These covenants do not extend to

12 any other person, including but not limited to a non-settling

13 party that in the past merged or otherwise combined, or in the

14 future merges or otherwise combines with a Settling Defendant to

15 the extent the non-settling party has independent liability at

16 the Site.  Notwithstanding any other provision in this Consent

17 Decree, this covenant not to sue shall not extend to a Settling

18 Defendant to the extent that the Settling Defendant, or a

19 subsidiary, or affiliated entity of that Settling Defendant, sent

20 Waste Material that is both (1) not from a facility or specific

21 location identified on a manifest listed in Appendix C, and (2)

22 not included in the volume attributed to that Settling Defendant

23 as set forth in Appendix C.  Notwithstanding any other provision

24 of this Consent Decree, this covenant not to sue shall not extend

25 to the City of Santa Barbara to the extent that the City of Santa

26 Barbara sent Waste Material to the Site prior to January 1, 1976

27 or to the extent the City of Santa Barbara currently claims that

-17-

1  it sent Waste Material to the Site that qualifies as MSS.

2      29.   In consideration of the payments that will be made by

3  the Settling Federal Agencies under the terms of the Consent

4  Decree, and except as specifically provided in Paragraphs 30, 31,

5  and 32, EPA covenants not to take administrative action against

6  the Settling Federal Agencies pursuant to Sections 106 and 107(a)

7  of CERCLA relating to the Site.   Except with respect to future

8  liability, EPA's covenant shall take effect upon the receipt of

9  the payments required by Paragraph 17.   With respect to future

10 liability, EPA's covenant shall take effect upon Certification of

11 Completion of Remedial Action by EPA.   EPA's covenant is

12 conditioned upon the satisfactory performance by Settling Federal

13 Agencies of their obligations under this Consent Decree.   EPA's

14 covenant extends only to the Settling Federal Agencies and does

15 not extend to any other person.

16                 XI.   RESERVATION OF RIGHTS

17     30.   General reservations of rights.   The United States

18 reserves, and this Consent Decree is without prejudice to, all

19 rights, if any, against Settling Defendants with respect to all

20 matters not expressly included within Plaintiff's covenant not to

21 sue.   Notwithstanding any other provision of this Consent Decree,

22 the United States reserves all rights against Settling

23 Defendants, and EPA and the federal natural resources trustees

24 reserve, and this Consent Decree is without prejudice to, all

25 rights against the Settling Federal Agencies, with respect to:

26     a.    claims based on a failure by one or more Settling

27 Defendants or the Settling Federal Agencies to meet a requirement

-18-

1    of this Consent Decree;

2            b.    liability arising from the past, present, or

3    future disposal, release, or threat of release of Waste Material

4    outside of the Site;

5            c.    liability for damages for injury to, destruction

6    of, or loss of natural resources, and for the costs of any

7    natural resource damage assessments;

8            d.    criminal liability; and

9            e.    liability arising from any future arrangement for

10   disposal or treatment of a hazardous substance, pollutant or

11   contaminant at the Site by Settling Defendants or the Settling

12   Federal Agencies.  For purposes of this Paragraph 30(e), onsite

13   Response Actions by non-settling parties is not future

14   arrangement for disposal or treatment.

15       31.   United States' Pre-certification Reservations.

16   Notwithstanding any other provision of this Consent Decree, the

17   United States reserves, and this Consent Decree is without

18   prejudice to, the right to institute proceedings in this action

19   or in a new action, or to issue an administrative order, seeking

20   to compel Settling Defendants, and EPA reserves the right to

21   issue an administrative order seeking to compel the Settling

22   Federal Agencies :

23           a.    to perform further Response Actions relating to

24   the Site, or

25           b.    to reimburse the United States for additional

26   costs of response

27   if, prior to Certification of Completion of the Remedial Action:

-19-

1    (1)  conditions at the Site, previously unknown to
2  EPA, are discovered, or

3    (2) information, previously unknown to EPA, is
4  received, in whole or in part, and EPA determines that these
5  previously unknown conditions or information together with any
6  other relevant information indicates that the Remedial Action is
7  not protective of human health or the environment.  The
8  reservation in this Paragraph 31 shall apply only if the Response
9  Costs of Phase II Work exceed $179 million utilizing 1999 as the
10 base year and as adjusted for inflation according to the Consumer
11 Price Index for all Urban Consumers ("CPI-U") published by the
12 Department of Labor, Bureau of Statistics.  If the CPI-U ceases
13 to exist, an appropriate analogue will be used for this purpose.

14   32.  <u>United States' Post-certification Reservations</u>.
15 Notwithstanding any other provision of this Consent Decree, the
16 United States reserves, and this Consent Decree is without
17 prejudice to, the right to institute proceedings in this action
18 or in a new action, or to issue an administrative order, seeking
19 to compel Settling Defendants, and EPA reserves the right to
20 issue an administrative order seeking to compel the Settling
21 Federal Agencies:

22   a.  to perform further Response Actions relating to
23 the Site, or

24   b.  to reimburse the United States for additional
25 costs of response
26 if, subsequent to Certification of Completion of the Remedial
27 Action:

-20-

1        (1)  conditions at the Site, previously unknown to

2  EPA, are discovered, or

3        (2)  information, previously unknown to EPA, is

4  received, in whole or in part, and EPA determines that these

5  previously unknown conditions or this information together with

6  other relevant information indicate that the Remedial Action is

7  not protective of human health or the environment.

8     33.  For purposes of Paragraph 31, the information and the

9  conditions known to EPA shall include only that information set

10  forth in the administrative record supporting the cost estimate

11  prepared by EPA in 1999 and the administrative records for

12  removal actions selected by EPA prior to December 1, 2001.  For

13  purposes of Paragraph 32, the information and the conditions

14  known to EPA shall include only that information and those

15  conditions known to EPA as of the date of Certification of

16  Completion of the Remedial Action and set forth in the Record of

17  Decision, the administrative record supporting the Record of

18  Decision, the post-ROD administrative record, or in any

19  information received by EPA pursuant to the requirements of this

20  Consent Decree prior to Certification of Completion of the

21  Remedial Action.

22     34.  Notwithstanding any other provision of this Consent

23  Decree, the United States retains all authority and reserves all

24  rights to take any and all Response Actions authorized by law.

25    XII.  COVENANTS BY SETTLING DEFENDANTS AND SETTLING FEDERAL AGENCIES

26     35.  Covenant Not to Sue by Settling Defendants.  Subject to

27  the reservations in Paragraph 36, Settling Defendants hereby

-21-

covenant not to sue and agree not to assert any claims or causes
of action against the United States with respect to the Site or
this Consent Decree, including, but not limited to:

      a.   any direct or indirect claim for reimbursement
from the Hazardous Substance Superfund (established pursuant to
the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA
Sections 106(b)(2), 107, 111, 112, 113 or any other provision of
law;

      b.   any claims against the United States, including
any department, agency or instrumentality of the United States
under CERCLA Sections 107 or 113 related to the Site; and

      c.   any claims arising out of Response Actions at or
in connection with the Site, including any claim under the United
States Constitution; the Tucker Act, 28 U.S.C. § 1491, the Equal
Access to Justice Act, 28 U.S.C. § 2412, as amended; or at common
law.  Except as provided in Paragraph 38(a) (Waiver of Claims
Against MSW and MSS Parties), Paragraph 38(b) (Waiver of Claims
Against De *Micromis* Parties), Paragraph 39 (Waiver of Claims
Against *De Minimis* Parties), and Paragraph 45 (Waiver of
Defenses), these covenants not to sue shall not apply in the
event that the United States brings a cause of action or issues
an order pursuant to the reservations set forth in Paragraphs 30,
31, or 32, but only to the extent that Settling Defendants'
claims arise from the same Response Action, Response Costs, or
damages that the United States is seeking pursuant to the
applicable reservation.

   .  36.  The Settling Defendants reserve, and this Consent

-22-

1   Decree is without prejudice to, (a) claims against the United

2   States, subject to the provisions of Chapter 171 of Title 28 of

3   the United States Code, for money damages for injury or loss of

4   property or personal injury or death caused by the negligent or

5   wrongful act or omission of any employee of the United States

6   while acting within the scope of his or her office or employment

7   under circumstances where the United States, if a private person,

8   would be liable to the claimant in accordance with the law of the

9   place where the act or omission occurred.  However, any such

10  claim shall not include a claim for any damages caused, in whole

11  or in part, by the act or omission of any person, including any

12  contractor, who is not a federal employee as that term is defined

13  in 28 U.S.C. § 2671; nor shall any such claim include a claim

14  based on EPA's selection of Response Actions, or the oversight or

15  approval of the Settling Defendants' plans or activities.  The

16  foregoing applies only to (a) claims that are brought pursuant to

17  any statute other than CERCLA and for which the waiver of

18  sovereign immunity is found in a statute other than CERCLA; and

19  (b) contribution claims against the Settling Federal Agencies in

20  the event any claim is asserted by the United States against the

21  Settling Defendants under the authority of, or under Paragraphs

22  30, 31, or 32, but only to the same extent and for the same

23  matters, transactions, or occurrences as are raised in the claim

24  of the United States against Settling Defendants.

25      37.  Nothing in this Consent Decree shall be deemed to

26  constitute preauthorization of a claim within the meaning of

27  Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R.

-23-

§ 300.700(d).

38.    Settling Defendants agree not to assert any claims and to waive all claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any person where the person's liability to Settling Defendants with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if:

a.    any materials contributed by such person to the Site constituting MSW or MSS did not exceed 0.2% of the total volume of waste at the Site; and

b.    any materials contributed by such person to the Site containing hazardous substances, but not constituting MSW or MSS, did not exceed the greater of (i) 0.002% of the total volume of waste at the Site, or (ii) 110 gallons of liquid materials or 200 pounds of solid materials.  This waiver shall not apply to any claim or cause of action against any person meeting the above criteria if EPA has determined that the materials contributed to the Site by such person contributed or could contribute significantly to the costs of response at the Site.  This waiver also shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

39.    Settling Defendants agree not to assert any claims and

-24-

1  to waive all claims or causes of action that they may have for

2  all matters relating to the Site, including for contribution,

3  against any person that has entered, or in the future enters,

4  into a final CERCLA § 122(g) *de minimis* settlement with EPA with

5  respect to the Site.  This waiver shall not apply with respect to

6  any defense, claim, or cause of action that a Settling Defendant

7  may have against any person if such person asserts a claim or

8  cause of action relating to the Site against such Settling

9  Defendant.  This waiver also shall not apply to any claim or

10 cause of action that Settling Defendant Samson Hydrocarbons

11 Company may assert against W.R. Grace & Co., Inc. or any of its

12 affiliates or related entities.  If Settling Defendant Samson

13 Hydrocarbons Company is in compliance with this Consent Decree,

14 the United States agrees that Settling Defendant Samson

15 Hydrocarbons Company shall have the right to assert a claim

16 against W.R. Grace & Co. or any of its affiliates or related

17 entities, for any payments made by Settling Defendant Samson

18 Hydrocarbons Company for the transactions covered by this Consent

19 Decree.  By permitting this retention of rights, the United

20 States is not taking a position on the merits of any claim Samson

21 Hydrocarbons Company may assert against W.R. Grace & Co., leaving

22 that solely to the discretion of the appropriate court.  The

23 United States agrees that once this Consent Decree is finalized,

24 if Settling Defendant Samson Hydrocarbons Company is in

25 compliance with this Consent Decree, the United States will

26 exclude from its proof of claim in the W.R. Grace & Co.

27 bankruptcy the transactions of W.R. Grace & Co. associated with

1  the payments that Settling Defendant Samson Hydrocarbons Company

2  is making on behalf of W.R. Grace & Co for the matters addressed

3  in this Consent Decree.

4      40.  Covenant by Settling Federal Agencies.  Settling

5  Federal Agencies hereby agree not to assert any direct or

6  indirect claim for reimbursement from the Hazardous Substance

7  Superfund (established pursuant to the Internal Revenue Code, 26

8  U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107, 111, 112,

9  113 or any other provision of law with respect to the Site or

10 this Consent Decree.  This covenant does not preclude demand for

11 reimbursement from the Superfund of costs incurred by a Settling

12 Federal Agency in the performance of its duties (other than

13 pursuant to this Consent Decree) as lead or support agency under

14 the National Contingency Plan (40 C.F.R. Part 300).

15     41.  Reservation Among the Settling Defendants.  Nothing in

16 this Section XII or in Paragraph 43 impairs or limits any rights

17 or obligations among or between the Settling Defendants that

18 arise out of agreements among or between the Settling Defendants

19 to share or allocate costs or responsibilities imposed under this

20 Consent Decree.  The reservation in this Paragraph does not

21 affect the rights and remedies available to the United States.

22         XIII.  EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

23     42.  Except as provided in Paragraph 38(a) (Waiver of Claims

24 Against MSW and MSS Parties), Paragraph 38(b)(Waiver of Claims

25 Against De Micromis Parties) and Paragraph 39 (Waiver of Claims

26 Against De Minimis Parties), nothing in this Consent Decree shall

27 be construed to create any rights in, or grant any cause of

1   action to, any person not a Party to this Consent Decree.  The

2   preceding sentence shall not be construed to waive or nullify any

3   rights that any person not a signatory to this decree may have

4   under applicable law.  Except as provided in Paragraph 38(a)

5   (Waiver of Claims Against MSW and MSS Parties), Paragraph 38(b)

6   (Waiver of Claims Against De Micromis Parties) and Paragraph 39

7   (Waiver of Claims Against De Minimis Parties), each of the

8   Parties expressly reserves any and all rights (including, but not

9   limited to, any right to contribution), defenses, claims,

10  demands, and causes of action that each Party may have with

11  respect to any matter, transaction, or occurrence relating in any

12  way to the Site against any person not a Party hereto, as well as

13  against any party hereto that fails to comply with its payment

14  obligations pursuant to Section VII of this Consent Decree.

15      43.  The Parties agree, and by entering this Consent Decree

16  this Court finds, that the Settling Defendants and the Settling

17  Federal Agencies are entitled, as of the Effective Date, to

18  protection from contribution actions or claims as provided by

19  CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), and any other

20  applicable law, for matters addressed in this Consent Decree.

21  The "matters addressed" in this Consent Decree include all

22  Response Actions taken and to be taken and all Response Costs

23  incurred and to be incurred at the Site by the United States or

24  any other person, except for (1) past and future oversight and

25  enforcement costs incurred by the State in a regulatory or

26  sovereign capacity and (2) for those Response Costs or Response

27  Actions as to which the United States has reserved its rights

-27-

1   under this consent decree (except for claims for failure to
2   comply with this decree), in the event that the United States
3   asserts rights against Settling Defendants and Settling Federal
4   Agencies coming within the scope of such reservations.   The
5   Settling Defendants agree that no Settling Defendant will receive
6   contribution protection vis-a-vis any other Settling Defendant
7   until (a) the Settling Defendant signs the Casmalia Negotiating
8   Committee Allocation Agreement and (b) the Settling Defendant's
9   allocated share pursuant to the terms of the Allocation Agreement
10  has been paid to EPA pursuant to the terms of the Consent Decree.
11  Notwithstanding any other provision in this Consent Decree, the
12  matters addressed do not extend to a Settling Defendant to the
13  extent that the Settling Defendant, or a subsidiary, or
14  affiliated entity of that Settling Defendant, sent Waste Material
15  that is both (1) not from a facility or specific location
16  identified on a manifest listed in Appendix C, and (2) not
17  included in the volume attributed to that Settling Defendant as
18  set forth in Appendix C.   Notwithstanding any other provision of
19  this Consent Decree, the matters addressed do not extend to the
20  City of Santa Barbara to the extent that the City of Santa
21  Barbara sent Waste Material to the Site prior to January 1, 1976
22  or to the extent the City of Santa Barbara currently claims that
23  it sent Waste Material to the Site that qualifies as MSS.
24      44.   The Settling Defendants agree that with respect to any
25  suit or claim for contribution brought by them for matters
26  related to this Consent Decree they will notify the United States
27  in writing no later than 30 Days prior to the initiation of such

-28-

1   suit or claim.  Notwithstanding the prior sentence, Samson
2   Hydrocarbons Company may satisfy the notice requirement in the
3   prior sentence for a suit or claim for contribution against W.R.
4   Grace & Co. by providing written notice to the United States
5   within ten business (10) days after it files such a suit or claim
6   for contribution.

7       45.  The Settling Defendants also agree that with respect to
8   any suit or claim for contribution brought against them for
9   matters related to this Consent Decree they will notify in
10  writing the United States within 10 Days of service of the
11  complaint on them.  In addition, Settling Defendants shall notify
12  the United States within 10 Days of service or receipt of any
13  Motion for Summary Judgment and within 10 Days of receipt of any
14  order from a court setting a case for trial.

15      46.  In any subsequent administrative or judicial proceeding
16  initiated by the United States for injunctive relief, recovery of
17  Response Costs, or other appropriate relief relating to the Site,
18  Settling Defendants shall not assert, and may not maintain, any
19  defense or claim based upon the principles of waiver, res
20  judicata, collateral estoppel, issue preclusion, claim-splitting,
21  or other defenses based upon any contention that the claims
22  raised by the United States in the subsequent proceeding were or
23  should have been brought in the instant case; provided, however,
24  that nothing in this Paragraph affects the enforceability of the
25  covenants set forth in Section X (Covenants by Plaintiff).

26                  XIV.  Retention of Records

27      47.  Until five years after the Effective Date of this

-29-

1  Consent Decree, each Settling Defendant shall preserve and retain

2  all non-identical copies of records and documents (including

3  records or documents in electronic form) now in its possession or

4  control of which it has knowledge or of which it obtains

5  knowledge, or that come into its possession or control, that

6  relate in any manner to its liability under CERCLA or RCRA with

7  respect to the Site.  No claim of confidentiality shall be made

8  with respect to any data, including but not limited to, all

9  sampling, analytical, monitoring, hydrogeologic, scientific,

10 chemical, or engineering data, or any other documents or

11 information evidencing conditions at or around the Site.  The

12 above record retention requirements shall apply regardless of any

13 corporate retention policy to the contrary.

14      48.    At the conclusion of this document retention period,

15 Settling Defendants shall notify the United States at least 90

16 Days prior to the destruction of any such records or documents

17 and, upon request by the United States, Settling Defendants shall

18 deliver any such records or documents to EPA.  The Settling

19 Defendants may assert that certain documents, records and other

20 information are privileged under the attorney-client privilege or

21 any other privilege recognized by federal law.  If the Settling

22 Defendants assert such a privilege, they shall provide the

23 Plaintiff with the following:  (1) the title of the document,

24 record, or information; (2) the date of the document, record, or

25 information; (3) the name and title of the author of the

26 document, record, or information; (4) the name and title of each

27 addressee and recipient; (5) a description of the subject of the

-30-

1   document, record, or information; and (6) the privilege asserted
2   by Settling Defendants.  However, no documents, reports or other
3   information created or generated pursuant to the requirements of
4   this Consent Decree shall be withheld on the grounds that they
5   are privileged.
6       49.     A Settling Defendant may elect to not be subject to
7   Paragraphs 47 and 48 of this Consent Decree if the Settling
8   Defendant elects to make the following stipulation at the time it
9   executes this Consent Decree:  For the purposes of this Consent
10  Decree, including but not limited to, Section XI of this Consent
11  Decree, and any future action relating to the Site, the Settling
12  Defendant hereby stipulates individually that it will not contest
13  as to the United States that such Settling Defendant(s) sent
14  Waste Material containing hazardous substances as defined in
15  CERCLA to the Site in a proportion of the total amount of Waste
16  Material sent to the Site as set forth in the Appendix C.
17  Nothing in this Paragraph limits or otherwise precludes the
18  United States from alleging in any administrative, legal or other
19  action, or otherwise asserting that such Settling Defendant(s)
20  sent Waste Material containing hazardous substances as defined in
21  CERCLA to the Site in a greater proportion of the total amount of
22  Waste Material sent to the Site than as set forth in the list
23  attached at Appendix C.  Settling Parties that elect to make this
24  stipulation shall do so by indicating as specified on the
25  signature page for that party.
26      50.     Although each Settling Defendant has not necessarily
27  conducted an internal search or review of records relating to the

-31-

1  Site, by signing this Consent Order, each Settling Defendant
2  certifies, individually, that it has no reason to disagree with
3  EPA's allegations as summarized in Appendix C as to the amount
4  and nature of material and/or hazardous substances sent to the
5  Site by such Settling Defendant.  EPA is relying upon the
6  certifications in this Paragraph in entering into this Consent
7  Decree.  This representation is intended solely for the benefit
8  of the United States, and cannot be relied upon by any other
9  party and does not constitute an admission by Settling Defendants
10 with respect to any other party.

11      51.  The United States acknowledges that each Settling
12 Federal Agency (1) is subject to all applicable Federal record
13 retention laws, regulations, and policies; and (2) has certified
14 that it has fully complied with any and all EPA requests for
15 information pursuant to Section 104(e) and 122(e) of CERCLA, 42
16 U.S.C. 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C.
17 6927.

18                  XV.  NOTICES AND SUBMISSIONS

19      52.  Whenever, under the terms of this Consent Decree,
20 written notice is required to be given or a document is required
21 to be sent by one Party to another, it shall be directed to the
22 individuals at the addresses specified below, unless those
23 individuals or their successors give notice of a change to the
24 other Parties in writing.  All notices and submissions shall be
25 considered effective upon receipt, unless otherwise provided.
26 Written notice as specified herein shall constitute complete
27 satisfaction of any written notice requirement of the Consent

                          -32-

1  Decree with respect to the United States, EPA, the Settling

2  Federal Agencies and the Settling Defendants, respectively.

3

4  As to the United States:

5  Chief, Environmental
   Enforcement Section
6  Environment and Natural Resources Division
   U.S. Department of Justice
7  P.O. Box 7611
   Washington, D.C.  20044-7611
8  RE: DJ # 90-7-1-611a

9        and

10 Chief, Environmental Defense Section
   United States Department of Justice
11 Environment and Natural Resources Division
   P.O. Box 23986
12 Washington D.C.  20026-3986
   Re: DJ # 90-7-1-611D

13

14 As to EPA:

15 United States Environmental Protection Agency
16 Chief, Hazardous Waste Branch, Region IX
   Office of Regional Counsel
17 75 Hawthorne Street (RC-3)
   San Francisco, CA  94105-3901

18 As to the Settling Defendants:

19
   Albert Cohen, Esq.
20 Smiland & Khachigian
   601 W. 5th Street
21 7th Floor
   Los Angeles, CA 90071

22
   and
23
   Nicholas W. van Aelstyn, Esq.
24 Heller Erhman White & McAuliffe LLP
   333 Bush Street
25 San Francisco, CA 94104-2878

26 and

27

                              -33-

1  Elizabeth E. Mack, Esq.
   Locke Liddell & Sapp LLP
2  Chase Tower
   2200 Ross Avenue, Suite 2200
3  Dallas, TX 75201-6776

4              XVI.   RETENTION OF JURISDICTION

5       53.   This Court retains jurisdiction over both the subject

6  matter of this Consent Decree and the Settling Defendants for the

7  duration of the performance of the terms and provisions of this

8  Consent Decree for the purpose of enabling any of the Parties to

9  apply to the Court at any time for such further order, direction,

10 and relief as may be necessary or appropriate for the

11 construction or modification of this Consent Decree, or to

12 effectuate or enforce compliance with its terms.

13             XVII.   INTEGRATION/APPENDICES

14      54.   The following appendices are attached to and

15 incorporated into this Consent Decree:

16      "Appendix A" is the complete list of the Settling

17 Defendants.

18      "Appendix B" is the complete list of the Settling Federal

19 Agencies.

20      "Appendix C" a complete list of the facilities and volumes

21 covered by this Consent Decree.

22      "Appendix D" is the description and/or map of the Site.

23      "Appendix E" is the Payment Invoice Form.

24        XVIII.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

25      55.   This Consent Decree shall be lodged with the Court for

26 a period of not less than thirty (30) Days for public notice and

27 comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C.

                           -34-

1  § 9622(d)(2), and 28 C.F.R. Part 50.7, and may also be subject to

2  the public notice and comment provisions contained in Section

3  7003(d) of RCRA, 42 U.S.C. § 6973(d).  The United States reserves

4  the right to withdraw or withhold its consent if the comments

5  regarding the Consent Decree disclose facts or considerations

6  that indicate that the Consent Decree is inappropriate, improper,

7  or inadequate.  Settling Defendants consent to the entry of this

8  Consent Decree without further notice.

9      56.  If for any reason the Court should decline to approve

10  this Consent Decree in the form presented, this agreement is

11  voidable at the sole discretion of any Party and the terms of the

12  agreement may not be used as evidence in any litigation between

13  the Parties.

14                    XIX.  EFFECTIVE DATE

15      57.  The Effective Date of this Consent Decree shall be the

16  date upon which this Consent Decree is entered by the Court.

17                  XX.  SIGNATORIES/SERVICE

18      58.  Each undersigned representative of a Settling Defendant

19  to this Consent Decree and the Assistant Attorney General for the

20  Environment and Natural Resources Division of the Department of

21  Justice certifies that he or she is fully authorized to enter

22  into the terms and conditions of this Consent Decree and to

23  execute and legally bind such Party to this document.

24      59.  Each Settling Defendant hereby agrees not to oppose

25  entry of this Consent Decree by this Court or to challenge any

26  provision of this Consent Decree unless the United States has

27  notified the Settling Defendants in writing that it no longer

-35-

1  supports entry of the Consent Decree.

2      60.  Each Settling Defendant shall identify, on the attached
3  signature page, the name, address and telephone number of an
4  agent who is authorized to accept service of process by mail on
5  behalf of that Party with respect to all matters arising under or
6  relating to this Consent Decree.  Settling Defendants hereby
7  agree to accept service by the United States in that manner and
8  to waive the formal service requirements set forth in Rule 4 of
9  the Federal Rules of Civil Procedure and any applicable local
10  rules of this Court, including, but not limited to, service of a
11  summons.  The Parties agree that Settling Defendants need not
12  file an answer to the complaint in this action unless or until
13  the Court expressly declines to enter this Consent Decree.

14                    XXI.  FINAL JUDGMENT

15      61.  This Consent Decree and its appendices constitute the
16  final, complete, and exclusive agreement and understanding among
17  the Parties with respect to the settlement embodied in the
18  Consent Decree.  The Parties acknowledge that there are no
19  representations, agreements or understandings relating to the
20  settlement other than those expressly contained in this Consent
21  Decree.

22      62.  Upon approval and entry of this Consent Decree by the
23  Court, this Consent Decree shall constitute a final judgment
24  between and among the United States and the Settling Defendants.
25  The Court finds that there is no just reason for delay and
26  therefore enters this judgment as a final judgment under Fed. R.
27  \\

-36-

1   Civ. P. 54 and 58.

2

3   SO ORDERED THIS ___ DAY OF _____, _____.

4

5

6

7                                    _____
                                     Honorable Christina A. Snyder
                                     United States District Court
8                                    Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-37-



FOR THE UNITED STATES OF AMERICA


_1.10.03_
Date

Thomas L. Sansonetti
Assistant Attorney General
Environment and Natural Resources
   Division
United States Department of
   Justice


_1-16-03_
Date

Bradley R. O'Brien
Environmental Enforcement Section
Environment and Natural Resources
   Division
United States Department of
   Justice


_1-16-03_
Date

Thomas Pacheco
Environmental Defense Section
Environment and Natural Resources
   Division
United States Department of Justice

-38-

1
2
3
4
5   9|30|02
    _____
    Date

                        Jane Diamond,
6                       Acting Director, Superfund
7                           Division, Region IX
                        United States Environmental
8                           Protection Agency
9
    1/24/02
10  _____
    Date

                        Thomas A. Bloomfield
11                      Assistant Regional Counsel
12                      United States Environmental
                            Protection Agency
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

                        -39-

1

2

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects the stipulation provided in Paragraph 49 in lieu of complying with document retention, certification and other requirements of Paragraphs 47 and 48. If you do not elect the stipulation, you must comply with the requirements of Paragraphs 47 and 48.

3

4

5

6

☐   This Settling Defendant elects the stipulation and hereby stipulates as provided in Paragraph 49.

7

☒   This Settling Defendant does not elect the stipulation provided in Paragraph 49.

8

9

10

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Samson Hydrocarbons Company et al.</u>, relating to the Casmalia Resources Hazardous Waste Superfund Site.

11

12

13

FOR <u>Berry Petroleum Company on its own behalf, and as successor to and on behalf of Bush Oil Company, Norris Oil Company, Celeron Oil & Gas Company, and San Joaquin Production Company</u>

14

15

_SEPT. 12, 2002_
Date          Signature:          _Ralph J. Goehring_
              Name (Print):       _RALPH J. GOEHRING_
              Title:              _SENIOR VICE PRESIDENT & CHIEF_
              Address:            _FINANCIAL OFFICER_
                                  _5201 TRUXTUN AVE. STE. 300_
                                  _BAKERSFIELD, CA 93309-0640_

16

17

18

19

Agent Authorized to Accept Service on Behalf of Above-signed Party:

20

              Name (Print):       Laura K. McAvoy, Esq.
              Title:              Attorney
              Address:            2815 Townsgate Road, Suite 200, Westlake Village,
              Phone Number:                                  CA  91361
                                  office: (805) 495-7489

21

22

23

24

25

26

27

-40-

1
2
3
4
5
6
7
8
9

> **Voluntary Election to Stipulation**
>
> Please indicate whether this Settling Defendant elects the
> stipulation provided in Paragraph 49 in lieu of complying
> with document retention, certification and other
> requirements of Paragraphs 47 and 48. If you do not elect
> the stipulation, you must comply with the requirements of
> Paragraphs 47 and 48.
>
> ☐ This Settling Defendant elects the stipulation and
> hereby stipulates as provided in Paragraph 49.
>
> ☒ This Settling Defendant does not elect the
> stipulation provided in Paragraph 49.

10
11
12

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

13

FOR <u>BJ Services Co. USA</u>

14
15
16
17

Date _____    Signature: _____
                Name (Print): MARK J. AIROLA
                Title: Assoc. Gen. Counsel
                Address: BJ Services Company, U.S.A.
                5500 Northwest Central Drive
                Houston, TX 77210

18
19
20
21
22
23

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
                Name (Print): Mark J. Airola
                Title: Associate General Counsel
                Address: BJ Services Company, U.S.A.
                Phone Number: 5500 Northwest Central Drive
                Houston, TX 77210
                P: 713-895-5454
                F: 713-895-5490

24
25
26
27

41

<div style="border:1px solid">

Voluntary Election to Stipulation

Please indicate whether this Settling Defendant elects the
stipulation provided in Paragraph 49 in lieu of complying
with document retention, certification and other
requirements of Paragraphs 47 and 48.  If you do not elect
the stipulation, you must comply with the requirements of
Paragraphs 47 and 48.

☐  This Settling Defendant elects the stipulation and
    hereby stipulates as provided in Paragraph 49.

☒  This Settling Defendant does not elect the
    stipulation provided in Paragraph 49.

</div>

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of United States v. Samson Hydrocarbons Company et al.,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR Borden Chemical, Inc., formerly known as Borden, Inc., for
Laura Scudder, Inc.

9-12-02  CRS
Date       Signature:        Colleen K. Nissl
           Name (Print):     Colleen K. Nissl
           Title:            V.P. & Assoc. General Counsel
           Address:          Borden Chemical, Inc.
                             180 E. Broad Street
                             Columbus, Ohio 43215

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
           Name (Print):    _____
           Title:           _____
           Address:         _____
           Phone Number:    _____

42

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects the stipulation provided in Paragraph 49 in lieu of complying with document retention, certification and other requirements of Paragraphs 47 and 48. If you do not elect the stipulation, you must comply with the requirements of Paragraphs 47 and 48.

☐    This Settling Defendant elects the stipulation and hereby stipulates as provided in Paragraph 49.

☑    This Settling Defendant does not elect the stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Samson Hydrocarbons Company et al.</u>, relating to the Casmalia Resources Hazardous Waste Superfund Site.

FOR <u>Cabot Oil & Gas Corporation</u>

<u>9/16/02</u>
Date     Signature:     _Michael B. Walen_
           Name (Print):    <u>Michael B. Walen</u>
           Title:          <u>Senior Vice President</u>
           Address:        <u>1200 Enclave Parkway</u>
                             <u>Houston  Texas  77077</u>

Agent Authorized to Accept Service on Behalf of Above-signed Party:
           Name (Print):    <u>CT Corporation System</u>
           Title:          <u>Registered Agent</u>
           Address:        <u>818 West Seventh Street</u>
           Phone Number:    <u>Los Angeles  CA   90017</u>
                             <u>213-627-8252</u>

43

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects the
stipulation provided in Paragraph 49 in lieu of complying
with document retention, certification and other
requirements of Paragraphs 47 and 48.  If you do not elect
the stipulation, you must comply with the requirements of
Paragraphs 47 and 48.

☐    This Settling Defendant elects the stipulation and
     hereby stipulates as provided in Paragraph 49.

☒    This Settling Defendant does not elect the
     stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>Calwest Galvanizing Corporation, Western Galvanizing Company
Inc., James A. Wyatt, and James A. Wyatt - Trustee of The Wyatt
Family Trust</u>

9/10/07
Date        Signature:
            Name (Print):    James A. Wyatt
            Title:           Former President and Director*
            Address:         P.O. Box 50447
                             Pasadena, CA  91115-0447


Agent Authorized to Accept Service on Behalf of Above-signed
Party:
            Name (Print):    _____
            Title:           _____
            Address:         _____
            Phone Number:    _____
                             _____


                             * of Calwest Galvanizing Corp.(into which
                               Western Galvanizing Company, Inc. was
                               merged)/and Trustee of The Wyatt Family
                               Trust

44

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects the
stipulation provided in Paragraph 49 in lieu of complying
with document retention, certification and other
requirements of Paragraphs 47 and 48.  If you do not elect
the stipulation, you must comply with the requirements of
Paragraphs 47 and 48.

☐   This Settling Defendant elects the stipulation and
    hereby stipulates as provided in Paragraph 49.

☒   This Settling Defendant does not elect the
    stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>Cities Service Oil & Gas Corporation (n/k/a Oxy USA Inc.)</u>

9-19-02
Date        Signature:      _Jo Ellen Drisko_
            Name (Print):   Jo Ellen Drisko
            Title:          Vice President
            Address:        2480 Fortune Dr.
                            Suite 300
                            Lexington KY 40509

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
            Name (Print):   Jody Johnson
            Title:          Managing Counsel
            Address:        10889 Wilshire Boulevard, Los Angeles, CA
            Phone Number:   (310) 443-6540                     90024

45

Voluntary Election to Stipulation

Please indicate whether this Settling Defendant elects the stipulation provided in Paragraph 49 in lieu of complying with document retention, certification and other requirements of Paragraphs 47 and 48.  If you do not elect the stipulation, you must comply with the requirements of Paragraphs 47 and 48.

[ ]    This Settling Defendant elects the stipulation and hereby stipulates as provided in Paragraph 49.

[X]    This Settling Defendant does not elect the stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Samson Hydrocarbons Company et al., relating to the Casmalia Resources Hazardous Waste Superfund Site.

FOR City & County of San Francisco

8/29/2002
Date        Signature:
            Name (Print):    Rona H. Sandler
            Title:           Deputy City Attorney
            Address:         1 Dr. Carlton B. Goodlett Place
                             City Hall
                             San Francisco, California 94102
                             (BOS Res. No. 787-01)
Agent Authorized to Accept Service on Behalf of Above-signed Party:
            Name (Print):    Rona H. Sandler
            Title:           Deputy City Attorney
            Address:         1 Dr. Carlton B. Goodlett Place
            Phone Number:    San Francisco, California 94102
                             (415) 554-4690

46

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

☐    This Settling Defendant elects the stipulation and
     hereby stipulates as provided in Paragraph 49.

☒ X  This Settling Defendant does not elect the
     stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>City of Santa Barbara</u>

  September 19, 2002

Date        Signature:        _Jan t McGinnis_
            Name (Print):     Janet K. McGinnis
            Title:            Assistant City Attorney
            Address:          City of Santa Barbara City Attorney
                              P. O. Box 1990
                              Santa Barbara, CA 93101-1990

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
            Name (Print):     DANIEL J. WALLACE
            Title:            City Attorney
            Address:          P. O. Box 1990, Santa Barbara 93101-1990
            Phone Number:     805-564-5330

47

1

<u>Voluntary Election to Stipulation</u>

2

Please indicate whether this Settling Defendant elects
3   the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
4   other requirements of Paragraphs 47 and 48. If you do
not elect the stipulation, you must comply with the
5   requirements of Paragraphs 47 and 48.

6
☐   This Settling Defendant elects the stipulation and
7   hereby stipulates as provided in Paragraph 49.

8
☒   This Settling Defendant does not elect the
9   stipulation provided in Paragraph 49.

10

11

THE UNDERSIGNED PARTY enters into this Consent Decree in the
12   matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
13   Site.

14
FOR <u>City of Santa Barbara Redevelopment Agency</u>

15
 September 19, 2002
16   Date        Signature:      <i>Janet McGinnis</i>
                 Name (Print):   Janet K. McGinnis
17               Title:          Assistant City Attorney
                 Address:        Santa Barbara City Attorney's Office
18                               P. O. Box 1990
19                               Santa Barbara, CA 93101-1990

20   Agent Authorized to Accept Service on Behalf of Above-signed
     Party:
21               Name (Print):   Daniel J. Wallace
                 Title:          City Attorney
22               Address:        P. O. Box 1990, Santa Barbara 93101-1990
                 Phone Number:   805-564-5330
23

24

25

26

27

·48

1

2
Voluntary Election to Stipulation

3
Please indicate whether this Settling Defendant elects the
stipulation provided in Paragraph 49 in lieu of complying
with document retention, certification and other

4
requirements of Paragraphs 47 and 48.  If you do not elect
the stipulation, you must comply with the requirements of

5
Paragraphs 47 and 48.

6
☐   This Settling Defendant elects the stipulation and
hereby stipulates as provided in Paragraph 49.

7

8
☒   This Settling Defendant does not elect the
stipulation provided in Paragraph 49.

9

10
THE UNDERSIGNED PARTY enters into this Consent Decree in the

11
matter of United States v. Samson Hydrocarbons Company et al.,
relating to the Casmalia Resources Hazardous Waste Superfund

12
Site.

13
FOR Crompton Corporation, formerly known as CK Witco Corporation, on its own behalf
and on behalf of Witco Corporation and the following former subsidiaries, affiliates,

14
and operating companies of Witco Corporation: Witco Chemical Corporation, Witco
Investment Corporation, Allied-Kelite Products Company, Sherex Chemical Company, The
Richardson Company, Southwest Petro-Chem, Inc., Witfield Corporation, US Peroxygen

15
Corporation, and Argus Chemical Corporation; and on behalf of the divisions of Witco
Corporation known as Golden Bear Products Division, Kendall Division, Richardson

16
Battery Parts Division, Allied-Kelite Products Division, and Witfield Division
(collectively, Crompton Corporation)

17
09/19/02

18
Date       Signature:
           Name (Print):    Alfred F. Ingulli

19
           Title:           Executive Vice President, Crop
           Address:         Crompton Corporation

20
                            199 Benson Road
                            Middlebury, Connecticut 06749

21
Agent Authorized to Accept Service on Behalf of Above-signed

22
Party:
           Name (Print):    Pamela Missal

23
           Title:           Senior Environmental Counsel
           Address:         Benson Road

24
           Phone Number:    Middlebury, CT 06749
                            203-573-2000

25

26

27

49

1
2
3
4
5
6
7
8
9
10
11

---

**Voluntary Election to Stipulation**

Please indicate whether this Settling Defendant elects the stipulation provided in Paragraph 49 in lieu of complying with document retention, certification and other requirements of Paragraphs 47 and 48.  If you do not elect the stipulation, you must comply with the requirements of Paragraphs 47 and 48.

☒   This Settling Defendant elects the stipulation and hereby stipulates as provided in Paragraph 49.

☐   This Settling Defendant does not elect the stipulation provided in Paragraph 49.

---

12  THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Samson Hydrocarbons Company et al., relating to the Casmalia Resources Hazardous Waste Superfund Site.

13

14  FOR Cyclo Chemicals Corporation on its own behalf and as a subsidiary of Lonza Inc. and Lonza Inc., its successor

15

16  | 9/16/02 | Signature: | _Vincent L. DiVito_ |
Date

17       Name (Print):   Vincent L. DiVito
         Title:          Vice President/Chief Financial Officer
18       Address:        Lonza, Inc.
                         17-17 Route 208
19                       Fair Lawn, New Jersey 07410

20  Agent Authorized to Accept Service on Behalf of Above-signed
21  Party:
         Name (Print):   David J. Freeman
22       Title:          Attorney, Paul, Hastings, Janofsky & Walker
         Address:        75 East 55th Street, NY, NY 10022
23       Phone Number:   (212) 318-6000

24
25
26
27

50

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

☐   This Settling Defendant elects the stipulation and
    hereby stipulates as provided in Paragraph 49.

☒   This Settling Defendant does not elect the
    stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>Ferguson Enterprises, Inc., a Virginia corporation and
successor in interest to Familian Corp. formerly d/b/a
Familian Pipe and Supply</u>

9|7|02
Date        Signature:
            Name (Print):    Stewart P. Mitchell
            Title:           Chief Financial Officer
            Address:         12500 Jefferson Avenue
                             Newport News, Virginia 23602


Agent Authorized to Accept Service on Behalf of Above-signed
Party:
            Name (Print):    Steven R. Adcox
            Title:           Associate General Counsel
            Address:         12500 Jefferson Avenue, Newport News, VA
            Phone Number:    757-989-2981                         23602

51

Voluntary Election to Stipulation

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

☐     This Settling Defendant elects the stipulation and
hereby stipulates as provided in Paragraph 49.

☒     This Settling Defendant does not elect the
stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>Ford Motor Company and Ford Aerospace and Communications
Corporation (FACC) a former subsidiary of the Ford Motor
Company</u>

| Date | Signature: |
|------|------------|
|      | Name (Print): Thomas DeZure |
|      | Title: Assistant Secretary |
|      | Address: Suite 600 PTE |
|      | One Parklane Blvd. |
|      | Dearborn, MI 48126 |

Agent Authorized to Accept Service on Behalf of Above-signed
Party:

      Name (Print): Kathy J. Hofer
      Title: Counsel, Ford Motor Company
      Address: Suite 1500 PTW
      Phone Number: Three Parklane Blvd.
      Dearborn, MI 48126

(313) 594-1687

52

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects the stipulation provided in Paragraph 49 in lieu of complying with document retention, certification and other requirements of Paragraphs 47 and 48. If you do not elect the stipulation, you must comply with the requirements of Paragraphs 47 and 48.

☒ This Settling Defendant elects the stipulation and hereby stipulates as provided in Paragraph 49.

☐ This Settling Defendant does not elect the stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Samson Hydrocarbons Company et al.</u>, relating to the Casmalia Resources Hazardous Waste Superfund Site.

FOR <u>GlobalSantaFe Corporation</u>

9/10/02
Date        Signature:
            Name (Print):     JAMES  C.  McCULLOCH
            Title:            SENIOR VICE PRESIDENT & GENERAL COUNSEL
            Address:          777  N.  ELDRIDGE  PKWY
                              HOUSTON  TX  77079

Agent Authorized to Accept Service on Behalf of Above-signed Party:
            Name (Print):     RICHARD  T.  DENNEY, JR.
            Title:
            Address:          101  SOUTH  MADISON  AVENUE SUITE 1.
            Phone Number:     PASADENA  CA.  91101
                              (626)  795-5090

Voluntary Election to Stipulation

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

☐   This Settling Defendant elects the stipulation and
    hereby stipulates as provided in Paragraph 49.

☑   This Settling Defendant does not elect the
    stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of United States v. Samson Hydrocarbons Company et al.,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR Greyhound Lines Inc.

9/30/02
Date        Signature:
            Name (Print):    JACK HAUGSLAND
            Title:           Executive VP / COO
            Address:         P O Box 660606
                             Dallas, TX  75266 - 0606
            Approved as to form
            By _____ 9/28/02

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
            Name (Print):    _____
            Title:           _____
            Address:         _____
            Phone Number:    _____
                             _____

54

```
Voluntary Election to Stipulation

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

  ┌───┐    This Settling Defendant elects the stipulation and
  │   │    hereby stipulates as provided in Paragraph 49.
  └───┘

  ┌───┐    This Settling Defendant does not elect the
  │ X │    stipulation provided in Paragraph 49.
  └───┘
```

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>Kerr-McGee Corporation</u>, <u>Kerr-McGee Chemical</u>,<u>Sun Exploration</u>
   <u>& Production Co.</u>, and <u>Sun Oil Co.</u>

| | | |
|---|---|---|
| 9/19/02 | | |
| Date | Signature: | *George D. Christianson* |
| | Name (Print): | George D. Christianson |
| mµs | Title: | Vice President |
| 9/17/02 | Address: | 123 Robert S. Kerr |
| | | Oklahoma City, OK 73102 |

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
                     John F. Reichenberger
        Name (Print):   Corporate Vice President
        Title:           Deputy Counsel & Assistant Secretary
        Address:        P. O. Box 25861 123 Robert S. Kerr
        Phone Number:   Oklahoma City, OK 73102
                     405/270-2875

55

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

☐    This Settling Defendant elects the stipulation and
     hereby stipulates as provided in Paragraph 49.

☒    This Settling Defendant does not elect the
     stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>KMS Inc.</u>

K.M.S. Fisherman's Wharf Limited Partnership
By: 425 Northpoint, Inc.
Its General Partner

Date          Signature:
              Name (Print):     J. Kirk Wrench
              Title:            CFO
              Address:          222 Kearny St., Suite 200
                                San Francisco, CA 94108

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
              Name (Print):     Thomas D. Trapp, Esq.
              Title:            Partner, Barg Coffin Lewis & Trapp, LLP
              Address:          One Market - Steuart Tower, Ste. 2700
              Phone Number:     San Francisco, CA 94105-1475
                                (415) 228-5400

Voluntary Election to Stipulation

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

[ ]     This Settling Defendant elects the stipulation and
        hereby stipulates as provided in Paragraph 49.

[✓]     This Settling Defendant does not elect the
        stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of United States v. Samson Hydrocarbons Company et al.,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR Marathon Oil Company, individually and as successor by
merger to Husky Oil Company

9-19-02
Date        Signature:      Daniel J Sullenbarger  (RJS)
            Name (Print):   DANIEL J. SULLENBARGER
            Title:          VICE PRESIDENT HES
            Address:        Marathon Oil Company
                            5555 San Felipe  Room 3318
                            Houston, TX.   77056

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
            Name (Print):   C T Corporation System
            Title:
            Address:        1021 Main Street
            Phone Number:   Suite 1150
                            Houston TX  77002
                            (713) 658-9486

57

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

| XX | This Settling Defendant elects the stipulation and hereby stipulates as provided in Paragraph 49. |
| | This Settling Defendant does not elect the stipulation provided in Paragraph 49. |

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>Masco Corporation</u>

8/29/02
Date          Signature:        _David L. Hirsch_
              Name (Print):     David L. Hirsch
              Title:            Risk Management Counsel
              Address:          21001 Van Born Road
                                Taylor, MI  48180


Agent Authorized to Accept Service on Behalf of Above-signed
Party:
              Name (Print):     David L. Hirsch
              Title:            Risk Management
              Address:          21001 Van Born Road, Taylor MI 48180
              Phone Number:     (313) 792-6525

58

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

☐    This Settling Defendant elects the stipulation and
     hereby stipulates as provided in Paragraph 49.

☒    This Settling Defendant does not elect the
     stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>Occidental Chemical Corporation</u>

9-19-02
Date        Signature:      _Jo Ellen Drisko_____
            Name (Print):   Jo Ellen Drisko
            Title:          Vice President
            Address:        2480 Fortune Dr.
                            Suite 300
                            Lexington, KY 40509

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
            Name (Print):   Jody Johnson
            Title:          Managing Counsel
            Address:        10889 Wilshire Boulevard, Los Angeles, CA 90024
            Phone Number:   (310) 443-6540

59

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects the stipulation provided in Paragraph 49 in lieu of complying with document retention, certification and other requirements of Paragraphs 47 and 48.  If you do not elect the stipulation, you must comply with the requirements of Paragraphs 47 and 48.

☐ This Settling Defendant elects the stipulation and hereby stipulates as provided in Paragraph 49.

☒ This Settling Defendant does not elect the stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Samson Hydrocarbons Company et al.</u>, relating to the Casmalia Resources Hazardous Waste Superfund Site.

FOR <u>Occidental Petroleum Corporation</u>

9.19.02
Date        Signature:        _____
            Name (Print):     Samuel P. Dominick, Jr.
            Title:            Vice President & Controller
            Address:          10889 Wilshire Boulevard
                              Los Angeles, CA 90024
                              _____

Agent Authorized to Accept Service on Behalf of Above-signed Party:
            Name (Print):     Jody Johnson
            Title:            Managing Counsel
            Address:          10889 Wilshire Boulevard, Los Angeles, CA 90024
            Phone Number:     (310) 443-6540
                              _____

60

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

☐    This Settling Defendant elects the stipulation and
     hereby stipulates as provided in Paragraph 49.

☒    This Settling Defendant does not elect the
     stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>Pacific Bell Telephone Company f/k/a Pacific Bell and
Pacific Telephone & Telegraph Company</u>

9.19.02
Date        Signature: _____
            Name (Print): _____ IRENE SOTO _____
            Title: __REGIONAL MANAGER_____
            Address: __2600 CAMINO RAMON_____
                     __ROOM 3E000_____
                     __SAN RAMON, CA. 94583_____

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
            Name (Print): __SANDRA SAKAMOTO_____
            Title: __GEN ATTY & ASST GENERAL COUNSEL__
            Address: __1010 WILSHIRE BLVD, RM.1501__
            Phone Number: __LOS ANGELES, CA. 90017__
                          __213-975-2123_____

61

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects the
stipulation provided in Paragraph 49 in lieu of complying
with document retention, certification and other
requirements of Paragraphs 47 and 48.  If you do not elect
the stipulation, you must comply with the requirements of
Paragraphs 47 and 48.

☐  This Settling Defendant elects the stipulation and
    hereby stipulates as provided in Paragraph 49.

☑  This Settling Defendant does not elect the
    stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>Phillips Petroleum Company and Tosco Corporation, a wholly
owned subsidiary of Phillips Petroleum Company</u>

09/18/02
Date       Signature:     _____
           Name (Print):  R. A. Ridge
           Title:         Vice President, Health, Safety & Environment
           Address:       600 N. Dairy Ashford - MA 1044
                          Houston, TX  77079

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
           Name (Print):  Mr. Clyde W. Lea
           Title:         Deputy General Counsel, Litigation
                          & Env. & Compliance
           Address:       600 N. Dairy Ashford - MC 2156
           Phone Number:  Houston, TX  77079
                          PH:  281/293-6691

62

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

☐  This Settling Defendant elects the stipulation and
   hereby stipulates as provided in Paragraph 49.

☒  This Settling Defendant does not elect the
   stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>Reichhold, Inc., f/k/a/ Reichhold Chemicals, Inc., and,
Swift Adhesives, Inc., d/b/a/ Swift Adhesives & Coatings, and
Swift Adhesives, a division of Reichhold, and Eschem, Inc.
d/b/a. Swift Adhesives and d/b/a Swift Adhesives & Coatings</u>

| 9/20/02 | |
|---|---|
| Date | Signature: |
| | Name (Print): Daniel E. Uyesato |
| | Title: General Counsel |
| | Address: 2400 Ellis Road |
| | Durham, NC   27703 |

Agent Authorized to Accept Service on Behalf of Above-signed
Party:

Name (Print):   Norman A. Dupont, Esq.
Title:          Counsel
Address:        Shapiro & Dupont
Phone Number:   233 Wilshire Boulevard, Suite 700
                Santa Monica, CA   90401
                (310) 319-5400

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

☐   This Settling Defendant elects the stipulation and
    hereby stipulates as provided in Paragraph 49.

[X]  This Settling Defendant does not elect the
    stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>Royal Resources Inc.</u>

_September 17, 2002_

Date      Signature:
          Name (Print):    Stanley Dempsey
          Title:           CEO, President and Chairman
          Address:    .    Suite 1000
                           1660 Wynkoop Street
                           Denver, CO  80202

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
          Name (Print):    CT Corporation
          Title:
          Address:         1675 Broadway, Denver, CO  80202
          Phone Number:    303-629-2500

64

Voluntary Election to Stipulation

Please indicate whether this Settling Defendant elects the stipulation provided in Paragraph 49 in lieu of complying with document retention, certification and other requirements of Paragraphs 47 and 48. If you do not elect the stipulation, you must comply with the requirements of Paragraphs 47 and 48.

☐ This Settling Defendant elects the stipulation and hereby stipulates as provided in Paragraph 49.

☒ This Settling Defendant does not elect the stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Samson Hydrocarbons Company et al., relating to the Casmalia Resources Hazardous Waste Superfund Site.

FOR SAMSON HYDROCARBONS COMPANY, INC., without waiver of any rights it may have against W.R. Grace & Co. and/or Grace Energy Corporation.

| 9/20/02 | Signature: | _C. Philip Tholen_ |
| Date | Name (print): | C. Philip Tholen |
| | Title: | Sr. Vice President |
| | Address: | Two West Second Street |
| | | Tulsa, Oklahoma 74103-3103 |

Agent Authorized to Accept Service on Behalf of Above-signed Party:

| Name (print): | Elizabeth E. Mack |
| Address: | Locke Liddell & Sapp LLP |
| | 2200 Ross Avenue, Suite 2200 |
| | Dallas, Texas  75201 |
| Phone Number: | (214) 740-8598 |

65

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

☐    This Settling Defendant elects the stipulation and
     hereby stipulates as provided in Paragraph 49.

☒    This Settling Defendant does not elect the
     stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>Sanmina-SCI Corporation, formerly known as Sanmina
Corporation, on its own behalf and as successor to and on
behalf of American Circuit Vision, Santa Clara Circuits, and
Symtron Corporation</u>

Date _____     Signature: _____
                   Name (Print): Michael M. Sullivan
                   Title: Vice President & General Counsel
                   Address: Sanmina-SCI Corporation
                            2700 North First Street
                            San Jose, CA 95134

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
                   Name (Print): Kimberly M. McMorrow
                   Title: Attorney
                   Address: Wilson Sonsini Goodrich & Rosati
                            650 Page Mill Road, Palo Alto, CA 94304
                   Phone Number: (650) 565-3520

66

Voluntary Election to Stipulation

Please indicate whether this Settling Defendant elects the stipulation provided in Paragraph 49 in lieu of complying with document retention, certification and other requirements of Paragraphs 47 and 48. If you do not elect the stipulation, you must comply with the requirements of Paragraphs 47 and 48.

☐     This Settling Defendant elects the stipulation and hereby stipulates as provided in Paragraph 49.

☒     This Settling Defendant does not elect the stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Samson Hydrocarbons Company et al., relating to the Casmalia Resources Hazardous Waste Superfund Site.

FOR Solar Turbines Incorporated

| | |
|---|---|
| September 18, 2002 | Signature: _Craig D Anderson_ |
| Date | Name (Print): _CRAIG D. ANDERSON_ |
| | Title: _EHS MANAGER_ |
| | Address: _2200 Pacific Hwy_ |
| | _San Diego, CA_ |
| | _92186_ |

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (Print):     Timothy J. Callanan
Title:            Environmental Counsel
Address:          100 NE Adams Street, Peoria, IL 61629-7310
Phone Number:     309/675-4277

67

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

☒  This Settling Defendant elects the stipulation and
hereby stipulates as provided in Paragraph 49.

☐  This Settling Defendant does not elect the
stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>Southern California Chemical Co.</u>

Date _____    Signature: _____
                  Name (Print):  W D BLOVER
                  Title:         PRESIDENT
                  Address:       ONE PARKER PLAZA, 14TH FLOOR
                                 FORT LEE, NJ  07024

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
                  Name (Print):   STEVEN L. COHEN, ESQ.
                  Title:          VP & GENERAL COUNSEL
                  Address:        ONE PARKER PLAZA, 14TH FLOOR
                  Phone Number:   FORT LEE, NJ  07024

68

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects the
stipulation provided in Paragraph 49 in lieu of complying
with document retention, certification and other
requirements of Paragraphs 47 and 48.  If you do not elect
the stipulation, you must comply with the requirements of
Paragraphs 47 and 48.

[X]   This Settling Defendant elects the stipulation and
      hereby stipulates as provided in Paragraph 49.

[ ]   This Settling Defendant does not elect the
      stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>So. Calif. Edison</u>COMPANY, INC.

<u>9/20/2002</u> Signature:
Date      Name (print):    STEPHEN E. PICKETT
          Title:           Senior Vice President & General Counsel
          Address:         2244 Walnut Grove Avenue
                           Rosemead, CA 91770


Agent Authorized to Accept Service on Behalf of Above-signed
Party:

          Name (print):
          Title:
          Address:
          Phone Number:

69

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects
the stipulation provided in Paragraph 49 in lieu of
complying with document retention, certification and
other requirements of Paragraphs 47 and 48.  If you do
not elect the stipulation, you must comply with the
requirements of Paragraphs 47 and 48.

☐    This Settling Defendant elects the stipulation and
     hereby stipulates as provided in Paragraph 49.

☒    This Settling Defendant does not elect the
     stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of <u>United States v. Samson Hydrocarbons Company et al.</u>,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR <u>The Black & Decker Corporation, Black & Decker (U.S.)
Inc., Kwikset Corporation, and Price Pfister, Inc.</u>

9/19/02
Date         Signature:       _Linda H. Biagioni_
             Name (Print):    Linda H. Biagioni
             Title:           Vice President
             Address:         Price Pfister, Inc.
                              701 East Joppa Road
                              Towson, MD 21286

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
             Name (Print):    Stuart L. Block
             Title:           Cox, Castle & Nicholson LLP
             Address:         555 Montgomery Street, 15th Floor
             Phone Number:    San Francisco CA 94111
                              415-262-5105

70

Voluntary Election to Stipulation

Please indicate whether this Settling Defendant elects the
stipulation provided in Paragraph 49 in lieu of complying
with document retention, certification and other
requirements of Paragraphs 47 and 48. If you do not elect
the stipulation, you must comply with the requirements of
Paragraphs 47 and 48.

[X] This Settling Defendant elects the stipulation and
hereby stipulates as provided in Paragraph 49.

[ ] This Settling Defendant does not elect the
stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of United States v. Samson Hydrocarbons Company et al.,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR Triton Oil and Gas Corporation, as successor to American
Pacific International, Worldwide Energy Corporation, and World
Wide Pacific Corporation

9/17/02
Date        Signature:
            Name (Print):   Sean L. Austin
            Title:          Vice President, Finance & Shared Svcs.
            Address:        Amerada Hess Corporation
                            500 Dallas Street, 2nd Level
                            Houston, Texas 77002

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
            Name (Print):   Christopher B. Amandes, Esq.
            Title:          Vinson & Elkins, L.L.P.
            Address:        2300 First City Tower
            Phone Number:   1001 Fannin Street
                            Houston, Texas 77002-6760
                            (713) 758-1146

71

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects the stipulation provided in Paragraph 49 in lieu of complying with document retention, certification and other requirements of Paragraphs 47 and 48. If you do not elect the stipulation, you must comply with the requirements of Paragraphs 47 and 48.

☒  This Settling Defendant elects the stipulation and hereby stipulates as provided in Paragraph 49.

☐  This Settling Defendant does not elect the stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Samson Hydrocarbons Company et al.</u>, relating to the Casmalia Resources Hazardous Waste Superfund Site.

FOR <u>TRW Inc., Benchmark Technology, ESL Inc., Technar Incorporated, TRW Microwave, TRW/Vidar, Western Gear Corporation, Western Gear, Corporation/Lucas Western, Western Wheel Corporation</u>

9/16/02
Date     Signature: _David B. Goldston (signature)_
         Name (Print):  David B. Goldston
         Title:         Assistant Secretary
         Address:       TRW Inc.
                        1900 Richmond Road
                        Cleveland, OH 44124

Agent Authorized to Accept Service on Behalf of Above-signed Party:
         Name (Print):  Robert M. Walter
         Title:         Senior Counsel
         Address:       TRW Inc., 1900 Richmond Road, Cleveland, OH
         Phone Number:  (216) 291-7477                        44124

72

Voluntary Election to Stipulation

Please indicate whether this Settling Defendant elects the
stipulation provided in Paragraph 49 in lieu of complying
with document retention, certification and other
requirements of Paragraphs 47 and 48.  If you do not elect
the stipulation, you must comply with the requirements of
Paragraphs 47 and 48.

☐  This Settling Defendant elects the stipulation and
hereby stipulates as provided in Paragraph 49.

☑  This Settling Defendant does not elect the
stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of United States v. Samson Hydrocarbons Company et al.,
relating to the Casmalia Resources Hazardous Waste Superfund
Site.

FOR Tyco Electronics Corporation

9/20/02
Date    Signature:
        Name (Print):    Carl B. Schultz
        Title:           Senior Counsel
        Address:         Tyco Electronics Corporation
                         2901 Fulling Mill Road MS 140-042
                         Middletown, PA 17057

Agent Authorized to Accept Service on Behalf of Above-signed
Party:
        Name (Print):    Nicholas W. van Aelstyn, Esq.
        Title:           Counsel
        Address:         Heller Ehrman White McAuliffe LLP
        Phone Number:    333 Bush St., San Francisco, CA 94104-2878
                         415-772-6566

73

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects the stipulation provided in Paragraph 49 in lieu of complying with document retention, certification and other requirements of Paragraphs 47 and 48.  If you do not elect the stipulation, you must comply with the requirements of Paragraphs 47 and 48.

☐  This Settling Defendant elects the stipulation and hereby stipulates as provided in Paragraph 49.

[X]  This Settling Defendant does not elect the stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Samson Hydrocarbons Company et al.</u>, relating to the Casmalia Resources Hazardous Waste Superfund Site.

FOR <u>Whittaker Corporation on its own behalf and on behalf of its subsidiaries Whittaker Controls, Inc. and Technibuilt Corporation</u>

<u>9/23/02</u>
Date          Signature:        _____
              Name (Print):     Eric G. Lardiere
              Title:            Vice President, General Counsel & Secretary
              Address:          1955 N. Surveyor Avenue
                                Simi Valley, California  93063
                                _____

Agent Authorized to Accept Service on Behalf of Above-signed Party:
              Name (Print):     CT CORPORATION SYSTEM
              Title:            _____
              Address:          818 West Seventeenth Street
              Phone Number:     Los Angeles, California  90017
                                (213) 243-9200

74

1

<u>Voluntary Election to Stipulation</u>

2

3
Please indicate whether this Settling Defendant elects the stipulation provided in Paragraph 49 in lieu of complying with document retention, certification and other requirements of Paragraphs 47 and 48. If you do not elect the stipulation, you must comply with the requirements of Paragraphs 47 and 48.

4

5

6

☐    This Settling Defendant elects the stipulation and hereby stipulates as provided in Paragraph 49.

7

8
☒    This Settling Defendant does not elect the stipulation provided in Paragraph 49.

9

10

11
THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Samson Hydrocarbons Company et al.</u>, relating to the Casmalia Resources Hazardous Waste Superfund Site.

12

13
FOR Honeywell International Inc., also known as Honeywell Inc., on behalf of itself and the following affiliates and divisions: Airesearch Casting Company, Airesearch Industrial Division, Garrett Turbocharging Systems, Airesearch Manufacturing Co., Garrett Aftermarket Division, Garrett Turbine, Greer Products, Allied Bendix Aerospace West Coast, Allied Bendix Corporation, Allied Bendix Field Engineering, Allied Chemical Co., Allied Corporation, Allied Signal Inc., AVX Materials, Bendix Corp., Bendix Field Engineering, Bendix Forest Products, Bendix Corporation, Bendix Energy Controls Division, Bendix Electrodynamics Division, Bendix-American Safety, Fluid Systems, Garrett Corporation, General Chemical Corp., Micro-Switch Division, Honeywell Information Systems, Inc., Honeywell PMSD, Honeywell IASD, Honeywell Hydro Products, Johnson Mathy Corp., Measurex Corporation, Synertek, UOP, Inc., Water Services Division (collectively, Honeywell International Inc.)

14

15

16

17
9/18/02

18
Date          Signature:          *Robert J. Ford*
              Name (Print):       ROBERT J. FORD

19
              Title:              DIRECTOR, REMEDIATION & EVALUATION SERVICES
              Address:            101 COLUMBIA ROAD

20
                                  MORRISTOWN NJ    07962

21

22
Agent Authorized to Accept Service on Behalf of Above-signed Party:

23
              Name (Print):       Kenneth J. Berke, Esq.
              Title:              Authorized Agent

24
              Address:            Berke & Kent LLP
              Phone Number:       1925 Century Park East, Ste. 2050

25
                                  Los Angeles, California 90067
                                  (310) 286-2915

26

27

<u>Voluntary Election to Stipulation</u>

Please indicate whether this Settling Defendant elects the stipulation provided in Paragraph 49 in lieu of complying with document retention, certification and other requirements of Paragraphs 47 and 48.  If you do not elect the stipulation, you must comply with the requirements of Paragraphs 47 and 48.

☐    This Settling Defendant elects the stipulation and hereby stipulates as provided in Paragraph 49.

☒    This Settling Defendant does not elect the stipulation provided in Paragraph 49.

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Samson Hydrocarbons Company et al.</u>, relating to the Casmalia Resources Hazardous Waste Superfund Site.

FOR <u>Walter Industries, Inc. on its own behalf and on behalf of its subsidiary United States Pipe and Foundry Company, Inc.</u>

| | | |
|---|---|---|
| Date | Signature: | _Anthony T. Hines_ |
| | Name (Print): | Anthony T. Hines |
| | Title: | Sr. Vice Pres. (Walter Industries, Inc.) |
| | | President (U.S. Pipe) |
| | Address: | 3300 First Avenue North |
| | | Birmingham, AL 35222 |

Agent Authorized to Accept Service on Behalf of Above-signed Party:

| | |
|---|---|
| Name (Print): | C T Corporation System |
| Title: | Appointed Statutory Agent |
| Address: | 1200 South Pine Island Road, Plantation, Fl 33324 |
| Phone Number: | 954-473-5503 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# -THIS PAGE INTENTIONALLY LEFT BLANK-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# -THIS PAGE INTENTIONALLY LEFT BLANK-

# Exhibit A

United States v. Samson Hydrocarbons Company, et al.
Appendix A - List of Settling Defendants

Solar Turbines Incorporated

Southern California Chemical Co.

Southern California Edison

The Black & Decker Corporation, Black & Decker (U.S.) Inc., Kwikset
    Corporation, and Price Pfister, Inc.

Triton Oil and Gas Corporation, as successor to American Pacific
    International, Worldwide Energy Corporation, and World Wide Pacific
    Corporation

TRW Inc., Benchmark Technology, ESL Inc., Technar Incorporated, TRW
    Microwave, TRW/Vidar, Western Gear Corporation, Western Gear,
    Corporation/Lucas Western, Western Wheel Corporation

Tyco Electronics Corporation

Walter Industries, Inc. on its own behalf and on behalf of its subsidiary
    United States Pipe and Foundry Company, Inc.

Whittaker Corporation on its own behalf and on behalf of its subsidiaries
    Whittaker Controls, Inc. and Technibuilt Corporation

United States v. Samson Hydrocarbons Company, et al.
Appendix A – List of Settling Defendants

Honeywell International Inc., also known as Honeywell Inc., on behalf of
itself and the following affiliates and divisions: Airesearch Casting
Company, Airesearch Industrial Division, Garret Turbocharging Systems,
Airesearch Manufacturing Co., Garrett Aftermarket Division, Garrett
Turbine, Greer Products, Allied Bendix Aerospace West Coast, Allied
Bendix Corporation, Allied Bendix Field Engineering, Allied Chemical Co.,
Allied Corporation, Allied Signal Inc., AVX Materials, Bendix Corp.,
Bendix Field Engineering, Bendix Forest Products, Bendix Corporation,
Bendix Energy Controls Division, Bendix Electrodynamics Division, Bendix-
American Safety, Fluid Systems, Garrett Corporation, General Chemical
Corp., Micro-Switch Division, Honeywell Information Systems, Inc.,
Honeywell PMSD, Honeywell IASD, Honeywell Hydro Products, Johnson Mathy
Corp., Measurex Corporation, Synertek, UOP, Inc., Water Services Division
(collectively, Honeywell International Inc.)

Kerr-McGee Corporation, Kerr McGee Chemical, Sun Exploration & Production
Co., and Sun Oil Co.

KMS Inc.

Marathon Oil Company, individually and as successor by merger to Husky Oil
Company

Masco Corporation

Occidental Chemical Corporation

Occidental Petroleum Corporation

Pacific Bell Telephone Company f/k/a Pacific Bell and Pacific Telephone &
Telegraph Company

Phillips Petroleum Company and Tosco Corporation, a wholly owned subsidiary
of Phillips Petroleum Company

Reichhold, Inc., f/k/a/ Reichhold Chemicals, Inc., and, Swift Adhesives,
Inc., d/b/a/ Swift Adhesives & Coatings, and Swift Adhesives, a division
of Reichhold, and Eschem, Inc. d/b/a. Swift Adhesives and d/b/a Swift
Adhesives & Coatings

Royal Resources Inc.

Samson Hydrocarbons Company

Sanmina-SCI Corporation, formerly known as Sanmina Corporation, on its own
behalf and as successor to and on behalf of American Circuit Vision,
Santa Clara Circuits, and Symtron Corporation

United States v. Samson Hydrocarbons Company, et al.
Appendix A – List of Settling Defendants

Berry Petroleum Company on its own behalf, and as successor to and on behalf of Bush Oil Company, Norris Oil Company, Celeron Oil & Gas Company, and San Joaquin Production Company

BJ Services Company, USA

Borden Chemical, Inc., formerly known as Borden, Inc., for Laura Scudder, Inc.

Cabot Oil & Gas Corporation

Calwest Galvanizing Corporation, Western Galvanizing Company Inc., James A. Wyatt, and James A. Wyatt – Trustee of The Wyatt Family Trust

Cities Service Oil & Gas Corporation (n/k/a Oxy USA Inc.)

City & County of San Francisco

City of Santa Barbara

City of Santa Barbara Redevelopment Agency

Crompton Corporation, formerly known as CK Witco Corporation, on its own behalf and on behalf of Witco Corporation and the following former subsidiaries, affiliates, and operating companies of Crompton Corporation:  Witco Chemical Corporation, Witco Investment Corporation, Allied-Kelite Products Company, Sherex Chemical Company, The Richardson Company, Southwest Petro-Chem, Inc., Witfield Corporation, US Peroxygen Corporation, and Argus Chemical Corporation; and on behalf of the divisions of Crompton Corporation known as Golden Bear Products Division, Kendall Division, Richardson Battery Parts Division, Allied-Kelite Products Division, and Witfield Division (collectively, Crompton Corporation)

Cyclo Chemicals Corporation on its own behalf and as a subsidiary of Lonza Inc. and Lonza Inc., its successor

Ferguson Enterprises, Inc., a Virginia corporation and successor in interest to Familian Corp, formerly d/b/a Familian Pipe and Supply

Ford Motor Company and Ford Aerospace and Communications Corporation (FACC), a former subsidiary of the Ford Motor Company

GlobalSantaFe Corporation

Greyhound Lines Inc.

# Exhibit B

United States v. Samson Hydrocarbons Company, et al.
Appendix B - List of Settling Federal Agencies

Defense Property Disposal Office

United States Air Force

United States Navy

United States Postal Service

# Exhibit C

# APPENDIX C

ON CD DISKETTE

## UNITED STATES v SAMSON HYDROCARBONS COMPANY, ET AL.
## (CASMALIA DISPOSAL SITE)

pp 83-617

D

**Appendix D**
**Site Location Map**



**CASMALIA
DISPOSAL SITE
LOCATION MAP**

E

**APPENDIX E**



# PAYMENT INVOICE
## CASMALIA DISPOSAL SITE

Please complete this form and send it with you complete payments to:

"BTCo. as Custodian for Casmalia Resources Site"
P.O. Box 13248 (Lbox # 13248)
Newark, NJ  07101

Please send a copy of your form to:

Casmalia Case Team
U.S. EPA Region IX
75 Hawthorne St. (SFD-7-1)
San Francisco, CA 94105-3901

| | |
|---|---|
| **PAYOR** | |
| **DATE** | |
| **PAYMENT AMOUNT** | |
| **MANNER IN WHICH PAYMENT IS BEING MADE (*i.e.*, wire transfer)** | |
| **REFERENCE** | Casmalia Resources Site Custodial Agreement |
| **U.S. EPA REGIONAL SITE SPILL ID NUMBER** | 09-3H |

**Attachment to Proof of Claim**

In September 2002, the Settling Defendants[1] and the Assistant Attorney General for the Environment and Natural Resources Department of the Department of Justice executed the Consent Decree, a copy of which is attached hereto as Exhibit A, in the matter of *United States v. Samson Hydrocarbons Company et al.* relating to the Casmalia Resources Hazardous Waste Superfund Site (the "Site").

Pursuant to the Consent Decree, the Settling Defendants are required to pay $25,280,355 to the Escrow Account for the benefit of the United States Environmental Protection Agency (the "EPA") to reimburse the EPA for costs incurred in connection with clean-up of the Site. Each Settling Defendant's obligation to make the payment is joint and several.

With the exception of W.R. Grace & Co. (the "Debtor"), each member of the Casmalia PRP Group (the "PRP") has paid an aggregate of $25,280,355 to the Escrow Account. Pursuant to an allocation agreement, the Debtor is responsible to the Settling Defendants for its share $25,280,355 (based upon the Debtor's percent of the total volume of Waste Material disposed at the Site) (the "Debtor's Share"). Accordingly, each PRP member seeks contribution from the Debtor for each PRP member's proportional share of the Debtor's Share, in an amount to be determined.

The Settling Defendant's limitation on liability with regard to the Site is subject to Court approval of the Consent Decree. Therefore, if the Consent Decree is not approved, each PRP member hereby reserves its right to amend this proof of claim to seek a greater amount.

---

[1] Capitalized terms not defined in this attachment shall be assigned the meaning defined in the Consent Decree.