IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., et al.[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date: September 29, 2009 at 10:30 a.m.** |
| | ) **Objection Deadline: September 4, 2009 at 4:00 p.m.** |

### NOTICE OF SALE MOTION AND HEARING

**PLEASE TAKE NOTICE** that W. R. Grace & Co-Conn. (the "Company") owns and operates a business unit (the "Firestop Business") which manufactures and sells products and systems to restore the fire rating of fire-rated building construction assemblies (walls, floors, ceilings, joints and partitions) by sealing openings made by pipes, HVAC ducts and electrical installations. The products are designed to compartmentalize and contain fire and smoke within a building. As part of the product line, the business also manufactures encapsulant and post-removal lockdown products used in asbestos and lead abatement, and products that protect underground and above ground high voltage power cables.

**PLEASE TAKE FURTHER NOTICE** that on August 18, 2009, the Company, one of the above-captioned debtors and debtors in possession, entered into a purchase and sale agreement (the "Sale Agreement") with The RectorSeal Corporation (the "Buyer"), which the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on August 18, 2009 and of which, along with the other agreements to be entered into between the parties as contemplated therein (together with the Sale Agreement, the "Agreements"), the Debtors have moved to seek the Bankruptcy Court's approval (the "Sale Motion"). The Company seeks to sell the assets of the Firestop Business, as identified in further detail in the Sale Agreement, to the Buyer free and clear of liens, claims, encumbrances and other interests pursuant to section 363 of the Bankruptcy Code and to assume and assign to the Buyer certain executory contracts and unexpired leases (the "Transferred Contracts") pursuant to section 365 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Sale Motion and section 365 of the Bankruptcy Code, the Company requests authority to assume and assign the Transferred Contracts to the Buyer and that upon such assumption and assignment the Company shall be relieved of any liability under the Transferred

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn, A-1 Bit &, Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc, Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp, Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Contracts arising after the Closing. If you are a party to a potential Transferred Contract that may be assumed and assigned under the Sale Agreement, you will receive a separate notice setting forth the proposed cure amount, if any.

**PLEASE TAKE FURTHER NOTICE** that the terms and conditions of the proposed sale to the Buyer are set forth in the Sale Agreement, a copy of which is attached to the Sale Motion. The Sale Agreement represents the results of extensive marketing efforts conducted by the Company to obtain the highest and best offer for the Firestop Business. As set forth in the Sale Agreement, the Company seeks to sell the Firestop Business to the Buyer for approximately $5.1 million.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to approve the sale of the Firestop Business to the Buyer (the "Sale Hearing") before the Honorable Judith Fitzgerald, United States Bankruptcy Judge via telephone on September 29, 2009 at 10:30 a.m. (prevailing Eastern time), or at such time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of adjournment by the court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Sale Motion shall be in writing and must be filed with the Bankruptcy Court and served on the Debtors, though their counsel listed below, so as to be received no later than September 4, 2009.

**PLEASE TAKE FURTHER NOTICE** that the failure of any person or entity to timely file an objection shall be deemed a consent to the sale of the Firestop Business to the Buyer and be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the sale of the assets to be sold or the Company's consummation and performance of the Sale Agreement (including, without limitation, the transfer of the assets of the Firestop Business free and clear of liens, claims, and interests and the assumption and assignment of the Transferred Contracts), if authorized by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that this Notice of Sale Motion and Hearing is subject to the full terms and conditions of the Sale Motion and the Sale Agreement. A copy of the Sale Agreement is attached to the Sale Motion, which is available on the Bankruptcy Court's docket, may be obtained by contacting Debtors' counsel and may be viewed by accessing the web site of the Company's noticing agent, BMC Group at www.bmcgroup.com/wrgrace.

Dated: August 18, 2009

| | | |
|---|---|---|
| KIRKLAND & ELLIS LLP | THE LAW OFFICES | PACHULSKI, STANG, |
| David M. Bernick, P.C., | OF JANET S. BAER P.C. | ZIEHL & JONES LLP |
| Theodore L. Freedman | Janet S. Baer | Laura Davis Jones (Bar No. 2436) |
| 601 Lexington Avenue | 70 West Madison Street, Suite 2100 | James E. O'Neill (Bar No. 4042) |
| New York, New York 10022 | Chicago, Illinois 60602 | 919 North Market Street, 17th Floor, |
| Telephone: (212) 446-4800 | Telephone: (312) 641-2162 | P.O. Box 8705 |
| Facsimile: (212) 446-4900 | Facsimile: (312) 641-2165 | Wilmington, Delaware 19899-8705 |
| | | (Courier 19801) |
| | | Telephone: (302) 652-4100 |
| Co-Counsel for Debtors and | | Facsimile: (302) 652-4400 |
| Debtors in Possession | | |