IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors | ) | |
| | ) | Hearing Date: July 27, 2009 at 10:30 a.m. |
| | ) | Objection Deadline: July 10, 2009 |
| | ) | Re: Docket Nos. 22153, 22398, and 22477 |
| | ) | July 27, 2009 Agenda No. 6 |

**ORDER PURSUANT TO SECTIONS 105, 1107 AND 1108 OF THE BANKRUPTCY CODE AND RULES 2002, 6004, 9014 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING AND APPROVING THE DEBTORS ENTERING INTO THE SETTLEMENT AGREEMENT WITH THE ROYAL PARTIES AND DENYING LIBBY CLAIMANTS' MOTIONS TO DEFER CONSIDERATION AND COMPEL DISCOVERY**

Upon (a) the motion dated June 17, 2009 (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors") for entry of an order pursuant to sections 105, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 9014 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Settlement Agreement by and between the Grace Parties and the Royal Parties (the

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co:-Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (a/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, and H-G Coal Company.

"Settlement Agreement" or "Agreement"), and the compromise and settlement memorialized therein (Docket No. 22153); (b) the Libby Claimants' Motion to Defer Consideration of the Motion ( the "Motion to Defer") (Docket No. 22398); and (c) the Libby Claimants' Motion to Compel Debtors and Arrowood to Respond to Discovery Requests in Connection with the Motion (the "Motion to Compel") (Docket No. 22477) (collectively, the "motions");

And the Court having conducted a hearing on the motions in open court on July 27, 2009 (the "Hearing"), and having noted the appearances of all interested parties and all responses and objections to the motions in the record of the Hearing, and after due deliberation sufficient cause appearing for the entry of this Order, and the Committee and the Futures Representative having appeared at the Hearing and supported the relief requested by the Motion; the Court hereby makes the following:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Jurisdiction, Final Order and Statutory Predicates

A. The findings and conclusions set forth herein and on the record at the Hearing constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

D. This Order constitutes a final and immediately appealable order within the meaning of 28 U.S.C. § 158(a).

E. The statutory predicates for the relief sought in the Motion include section 105(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019.

### Notice of the Motion

F. The Debtors have provided due and adequate notice of the Motion, the Agreement, and the subject matter thereof to all parties in interest pursuant to Bankruptcy Rules 2002 and 6004, including good and sufficient notice by publication under Rule 2002(1). Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and Local Rules of this Court. No additional notice of the Motion or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities. This Court hereby further finds that notice to an attorney for the holder of a Claim constitutes notice to such holder for purposes of notice of the Motion, the Hearing, the Settlement Agreement and this Approval Order.

G. To the extent that any Person (i) either (a) received proper notice of these matters (or is represented by a Person, including, without limitation, the Futures Representative or counsel, that received such notice) or (b) having had notice of these Chapter 11 Cases, elected not to request notices regarding these Chapter 11 Cases, and (ii) failed to object to the Motion and the entry of this Approval Order, then such Persons, including without limitation, the Debtors and the Trust (or, to the extent that it has not yet been formed or does not yet exist, its predecessor(s) in interest), the Futures Representative, and the Committee, hereby shall have no right to file or prosecute an appeal of this Approval Order.

### Sound Business Judgment and Reasonableness

H. The relief requested in the Motion is in the best interests of the bankruptcy estate, its creditors, and the holders of Asbestos Related Claims against the bankruptcy estate and other parties-in-interest. The Debtors have demonstrated good, sufficient and sound business purposes and justifications for the relief requested in the Motion. The settlement and compromise with the Royal Parties embodied in the Agreement is consistent with the reasonable range of litigation outcomes if Debtors were to litigate the matters resolved pursuant to this Order. The releases to be made by the Grace Parties pursuant to the Settlement Agreement are appropriate and should be approved. The Royal Parties would not have entered into the Settlement Agreement or any of the compromises and settlements contained therein, or agreed to withdraw their objections to the Plan and pay the Settlement Amount, without the benefit of obtaining the releases contained in the Settlement Agreement and the protections of the injunctions contained in the Plan and the Confirmation Order.

I. The Debtors have due and proper corporate authority to enter into the Settlement Agreement and perform all of their obligations thereunder. No consents or approvals, other than this Approval Order, are required for the Debtors to perform all of their obligations thereunder, including as of the Release Date the releases of all insurance coverage or other benefits under the Subject Insurance Policies. The

consummation of the Settlement Agreement by the Debtors does not conflict, contravene, or cause a breach, default or violation of any law, rule, regulation, contractual obligation or organizational or formation document.

### Good Faith and Substantial Contribution

J. The Agreement was negotiated and proposed, and has been entered into by the Parties, in good faith, from arm's-length bargaining positions, and without collusion. Each Party to the Agreement was represented by counsel.

K. The consideration to be realized by the bankruptcy estate pursuant to this Agreement is fair, equitable and reasonable and is in the best interest of the estate.

L. Neither the Grace Parties nor any of the Royal Parties has engaged in any conduct that would cause or permit the Agreement, or the releases contained therein, to be avoided under any provision of the Bankruptcy Code.

### Retention of Jurisdiction

M. It is necessary and appropriate for the Court to retain jurisdiction, among other things, to interpret and enforce the terms and provisions of this Order and the Agreement, and to adjudicate, if necessary, any and all disputes arising under or relating in any way to, or affecting, any of the transactions contemplated under the Agreement.

For all of the foregoing reasons and after due deliberation, pursuant to Bankruptcy Code Sections 105(a), 1107 and 1108 and Bankruptcy Rules 2002, 6004, 9014 and 9019(a), **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** and **APPROVED** in all respects.

2. For the reasons set forth herein and on the record at the Hearing, all objections to the Motion and the relief requested therein and/or granted in this Order that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections are overruled on the merits. By this Order, however, the Court is not deciding whether a Section 524(g) injunction should issue. Questions relating to Section 524(g) are reserved for Plan confirmation proceedings.

3. The Debtors are authorized to enter into the Agreement and undertake all acts as are necessary to consummate the transactions contemplated by the Agreement in accordance with its terms, and to execute and deliver all documents as may be required to effectuate the transactions contemplated by the Agreement, subject only to the conditions specified herein and in the Agreement.

4. The Grace Parties are authorized to release, effective on the Release Date, the Royal Parties in accordance with the terms and subject only to the conditions specified herein and the Agreement.

5. The terms of the Agreement are approved in their entirety. Subject to the payment by Arrowood Indemnity Company of the Settlement Amount as provided for in the Agreement and as of the Release Date, the release of the Royal Parties shall constitute a legal, valid and effective release and shall extinguish all right, title and interest of the bankruptcy estate in and to the Subject Insurance Policies.

6. The Grace Parties and the Royal Parties are each hereby authorized to take all action and execute all documents and instruments that the Grace Parties and the Royal Parties deem necessary or appropriate to implement and effectuate the rights, obligations and transactions contemplated by the Agreement.

7. Pursuant to Bankruptcy Rule 9019, the settlement and mutual release of all claims as set forth in the Agreement is hereby approved. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(g).

8. The Royal Parties are not, and shall not be deemed to be, successors to the bankruptcy estate by reason of any theory of law or equity or as a result of the consummation of

the transaction contemplated in the Agreement or otherwise. The Royal Parties shall not assume any liabilities of the bankruptcy estate.

9. If the Agreement becomes void pursuant to its terms, the Royal Parties shall be deemed to have reserved their rights in connection with all confirmation-related proceedings and proceedings concerning the assertion of claims by the Royal Parties in the Bankruptcy Case, including the deadlines for court filings, until the Release Date, at which time any reservation shall be deemed withdrawn with prejudice and be permanent, as appropriate.

10. The failure specifically to include or refer to any particular term or provision of the Settlement Agreement in this Approval Order shall not diminish or impair the effectiveness of such term and provision, it being the intent of the Court that the Settlement Agreement be authorized and approved in its entirety.

11. The Libby Claimants' Motion to Defer and Motion to Compel Discovery are denied.

12. This Court shall retain jurisdiction to interpret and enforce the provisions of the Agreement and this Order and the protections afforded by the Agreement and Order in all respects.

Dated: August 19, 2009

*Judith K. Fitzgerald*
rmab
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge