IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | * | |
| W.R. GRACE & CO., et al., | * | Chapter 11 |
|       Debtor. | * | Case No. 01-01139 (JKF)<br>(Jointly Administered) |
| | * | Related Docket No. 22819, 22818, 22806, 22805 |

------------------------------------------------------x

## CNA'S OBJECTIONS TO CERTAIN DEPOSITION DESIGNATIONS OF THE LIBBY CLAIMANTS, BNSF RAILWAY COMPANY, AND THE STATE OF MONTANA

Continental Casualty Company and Continental Insurance Company, on their behalf and on behalf of their predecessor companies, affiliates and subsidiaries which issued insurance policies to the Debtors (individually or collectively, "CNA") hereby respond and object to (i) the Libby Claimants' Notice of Filing of Transcript and Deposition Excerpt Designations [Docket No. 22818], (ii) BNSF Railway Company's Confidential Initial Deposition Designations of Testimony of Jeffrey Posner, Richard Finke, Jay Hughes, and Peter Van N. Lockwood [Docket No. 22806], and (iii) the State of Montana's Deposition Designations for the Phase II Confirmation Hearing [Docket No. 22805].

    **i. The Libby Claimants**

CNA objects to the Libby Claimants' deposition designations in their entirety as being irrelevant and constituting hearsay as to CNA. CNA objects to the Libby Claimants' designation of portions of the deposition of Peter Van N. Lockwood as being inadmissible hearsay as to CNA because Mr. Lockwood is available to testify at the Phase II hearing. In addition, CNA objects to many of the designated portions of Mr. Lockwood's deposition because those portions

of the testimony contain inadmissible legal conclusions of Mr. Lockwood, lack foundation, and/or are speculative. A detailed listing of CNA's objections to specific portions of the Libby Claimants' designations of the deposition of Mr. Lockwood is found at Exhibit A.

CNA further objects to the Libby Claimants' designations of the depositions of the following persons as being irrelevant and constituting inadmissible hearsay as to CNA, which was not a party to the proceedings in which those depositions were taken and did not have the "opportunity and similar motive" to cross-examine the witnesses as required by Fed. R. Evid. 804(b)(1): (1) Mary Ruth Albert, (2) Stuart Cannon, (3) Edward Nick Carvey, (4) Carl E. Craig, (5) Carrie M. Dedrick, (6) Kenneth Finstad, (7) Daniel Garrison, (8) Edward A. Gaston, (9) Robert L. Graham, (10) William J. Hagerty, (11) James G. Hopkins, (12) Jack Kenworthy, (13) Carl Larson, (14) John B. Lyle, (15) Thomas F. Murray, (16) Robert D. Nelson, (17) Darlene J. (Toni) Riley, (18) Wilma R. Shearer, (19) Verle Vinson, (20) Robert J. Wilkes, and (21) Andrew J. Wright. Similarly, CNA objects to the designated portions of the prior testimony of Earl Lovick and of the transcripts of the W.R. Grace estimation and criminal trials as being irrelevant and constituting inadmissible hearsay as to CNA, which was not a party to those proceedings and therefore did not have the "opportunity and similar motive" to cross-examine the witnesses as required by Fed. R. Evid. 804(b)(1). Finally, CNA objects to the designated portions of the deposition testimony of Dr. Suresh Moolgavkar and John Parker, M.D. as irrelevant and constituting inadmissible hearsay as to CNA because those witnesses are available to testify at the Phase II hearing.

    **ii.  BNSF**

CNA objects to BNSF's designations of the depositions of Jeffrey Posner, Richard Finke, Peter Van N. Lockwood, and Jay Hughes in their entirety as being inadmissible hearsay as to

CNA, because Messrs. Posner, Finke, Lockwood, and Hughes are available to testify at the Phase II hearing. In addition, CNA objects to many of BNSF's deposition designations as violative of the Best Evidence Rule of Fed. R. Evid. 1002, as containing inadmissible legal conclusions, as lacking foundation, as being irrelevant, and/or as speculative. A detailed listing of CNA's objections to specific portions of BNSF's designations is found at Exhibit B.

### iii. The State of Montana

CNA objects to the State of Montana's deposition designations as inadmissible hearsay as to CNA, because Messrs. Posner, Finke, Lockwood, and Hughes are available to testify at the Phase II hearing. In addition, CNA objects to the State of Montana's designations as improper for failure to specify the precise portions of those depositions that the State of Montana intends to introduce at trial.

**********

CNA reserves the right to join the objections to the designated testimony of any other party to the proceeding. Based on the foregoing, CNA respectfully requests that this Court exclude the designated deposition testimony as specified above and on Exhibits A and B attached hereto.

Respectfully submitted,

| | |
|---|---|
| FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P. | ROSENTHAL, MONHAIT & GODDESS, P.A. |
| Elizabeth DeCristofaro (*pro hac vice*)<br>Wall Street Plaza, 23rd Floor<br>New York, New York 10005-1875<br>Telephone: (212) 269-4900<br>Facsimile: (212) 344-4294 | By: */s/ Edward B. Rosenthal*<br>Edward B. Rosenthal (*Bar No. 3131*)<br>P.O. Box 1070<br>Wilmington, Delaware 19899<br>Telephone: (302) 656-4433x6<br>Facsimile: (302) 658-7567 |
| WILDMAN, HARROLD, ALLEN & DIXON LLP<br>Jonathan W. Young<br>Jeff Chang<br>225 West Wacker Drive<br>Chicago, Illinois 60606-1229<br>Telephone: (312) 201-2662<br>Facsimile: (312) 416-4524 | GOODWIN PROCTER LLP<br>Daniel M. Glosband (*pro hac vice*)<br>Brian H. Mukherjee (*pro hac vice*)<br>Goodwin Procter LLP<br>Exchange Place<br>Boston, Massachusetts 02109<br>Telephone: (617) 570-1000<br>Facsimile: (617) 523-1231<br>--and --<br>Michael S. Giannotto (*pro hac vice*)<br>Frederick C. Schafrick (*pro hac vice*)<br>901 New York Avenue, N.W.<br>Washington, D.C. 20001<br>Telephone: (202) 346-4000<br>Facsimile: (202) 346-4444 |

*Counsel for Continental Casualty Company,*
*Transportation Insurance Company and their American insurance affiliates*

Dated:  August 20, 2009