# EXHIBIT B

| CNA's Objections to BNSF's Deposition Designations for Phase II |||
|---|---|---|
| **Designation** | **Summary** | **Objection(s)** |
| **Deposition of Jeffrey Posner** |||
| 118:5 to 121:3 | • Questions about coverage under Royal Indemnity policy issued to Zonolite Company from March 31, 1953 to March 31, 1954. | • Legal conclusion<br>• Irrelevant<br>• Best Evidence Rule<br>• Hearsay as to CNA |
| 121:4 to 124:2 | • Posner's role at Grace was to seek coverage on behalf of Grace from its' insurance carriers, including Royal. Recollection that the policies issued by Royal included aggregate limits applicable to products coverage. | • Irrelevant<br>• Best Evidence Rule<br>• Hearsay as to CNA |
| 124:3 to 126:10 | • How an aggregate limit applicable to products coverage would apply in the context of asbestos PI claims. The difference between products coverage and premises coverage. | • Lacks foundation<br>• Irrelevant<br>• Legal conclusion<br>• Hearsay as to CNA |
| 126:11 to 129:22 | • Recollection with respect to the policies issued by Royal Indemnity to Zonolite Company. | • Irrelevant<br>• Hearsay as to CNA<br>• Best Evidence Rule |

| CNA's Objections to BNSF's Deposition Designations for Phase II | | |
|---|---|---|
| **Designation** | **Summary** | **Objection(s)** |
| 129:23 to 134:3 | • Recollection with respect to a settlement between Grace and Royal Indemnity in which he provided information to Royal to justify Grace's demands. | • Irrelevant<br>• Best Evidence Rule<br>• Hearsay as to CNA |
| 240:9 to 241:2 | • Discusses his "understanding" of the settlement agreements between Grace and CNA. | • Irrelevant<br>• Best Evidence Rule<br>• Hearsay as to CNA |
| 241:3 to 242:9 | • Recollection of any obligation for Grace to indemnify Continental Casualty for any claims made under policies issued to BNSF. | • Irrelevant<br>• Legal conclusion<br>• Best Evidence Rule<br>• Hearsay as to CNA |
| 245:8 to 246:2 | • To Posner's knowledge, the settlement agreement between Royal and Grace involved policies that were issued by Royal to the Zonolite Company. | • Irrelevant<br>• Legal conclusion<br>• Best Evidence Rule<br>• Hearsay as to CNA |

3

| CNA's Objections to BNSF's Deposition Designations for Phase II |||
|---|---|---|
| **Designation** | **Summary** | **Objection(s)** |
| 247:7 to 248:12 | • To Posner's knowledge, the settlement agreements between MCC and Grace did not pertain to any policies that may have been issued by MCC to BNSF. | • Best Evidence Rule<br><br>• Hearsay as to CNA |

| Designation | Summary | Objection(s) |
|---|---|---|
| **Deposition of Richard Finke** | | |
| 313:6 to 315:6 | • Whether claims against non-settled asbestos insurance companies seeking coverage and/or claims against entities that qualify as "settled asbestos insurance companies" but seek coverage under policies that are not the subject of an asbestos insurance settlement agreement are channeled to the PI trust. | • Legal conclusion<br>• Irrelevant<br>• Best Evidence Rule<br>• Hearsay as to CNA |
| 327:11 to 328:22 | • Why claims against settled asbestos insurance companies are channeled to the trust, while claims against non-settled asbestos insurance companies are not channeled. | • Lacks foundation<br>• Speculative<br>• Legal conclusion<br>• Hearsay as to CNA |
| 370:8 to 371:20 | • Whether claims that an entity might assert against non-settled asbestos insurance companies may be presented to the PI Trust.<br>• Whether claims that do not fall within the definition of asbestos PI claim can be submitted to the PI Trust. | • Lacks foundation<br>• Irrelevant<br>• Legal conclusion<br>• Best Evidence Rule<br>• Hearsay as to CNA |

4

| Designation | Summary | Objection(s) |
|---|---|---|
| **Deposition of Peter Van N. Lockwood** | | |
| 186:9 to 187:9 | • Whether the claims of the settled asbestos insurance companies that arise from asbestos PI claims against the Debtors, Non-Debtor affiliates, Sealed Air, the Sealed Air indemnified parties, and the Fresenius indemnified parties are enjoined by the PI channeling injunction. | • Lacks foundation<br>• Legal conclusion<br>• Hearsay as to CNA |
| 343:15 to 344:2 | • Whether the non-settled asbestos insurance companies have made contributions to the Plan. | • Lacks foundation<br>• Hearsay as to CNA |
| 347:17 to 348:5 | • Whether the non-settled asbestos insurance companies gave any consideration for the Section 105 asbestos insurance entity injunction protection. | • Lacks foundation<br>• Hearsay as to CNA |
| 635:1 to 635:10 | • Whether the Plan purports to release claims that may exist between insurers and Non-Debtors. | • Lacks foundation<br>• Legal conclusion<br>• Hearsay as to CNA |

| Designation | Summary | Objection(s) |
|---|---|---|
| **Deposition of Jay Hughes** | | |
| 184:7 to 188:12 | • Grace operated a loading facility outside of Libby and whether Grace agreed to indemnify BNSF for injuries and personal injuries resulting from the loading activities on the property. | • Lacks foundation<br>• Irrelevant<br>• Best Evidence Rule<br>• Hearsay as to CNA |
| 241:14 to 242:10 | • The relationship between Grace and BNSF through leases and agreements for a loading dock and suspension bridge over BNSF's right-of-way and the transport of vermiculate over the railway tracks.<br><br>• Whether Hughes has an understanding as to whether Grace provided indemnification to BNSF. | • Lacks foundation<br>• Irrelevant<br>• Legal conclusion<br>• Hearsay as to CNA |
| 248:8 to 248:17 | • Whether Hughes is aware any policies purchased by Grace for BNSF. | • Irrelevant<br>• Speculative<br>• Hearsay as to CNA |
| 273:11 to 274:9 | • Whether Grace purchased insurance for the benefit of BNSF related to the operation of the loading facility in Libby. | • Lacks foundation<br>• Irrelevant<br>• Best Evidence Rule<br>• Hearsay as to CNA |

7

| Designation | Summary | Objection(s) |
|---|---|---|
| 445:6 to 446:4 | • Hughes' understanding of two allegations by BNSF of possible insurance coverage related to the Libby loading facility at Libby in BNSF's right-of-way. | • Irrelevant<br>• Best Evidence Rule<br>• Hearsay as to CNA |