IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |

**ARROWOOD'S DRAFT ORDER OF WITNESSES WITH
<u>ESTIMATED TIME OF DIRECT</u>**

Pursuant to the Fourth Case Management Order, Arrowood submits this Draft Order of Witnesses and Estimated Time of Direct. In June 2009, the Debtors entered into a settlement agreement with Arrowood and filed a motion with the Court seeking approval of this agreement, which has since been approved by the Court. Pursuant to Section III (J) of the Grace/Arrowood Settlement Agreement, the parties agreed that Arrowood would suspend prosecution of objections to the Plan pending entry of a final order approving the Settlement Agreement and that in the interim any filing deadlines shall be deemed to have been tolled.[1] The witnesses listed below were all offered at the hearing in support of the Arrowood settlement agreement. Their testimony is retendered, among other reasons, in support of the relief to be granted to

---

[1] In June 2009, the Debtors entered into a settlement agreement with Arrowood and filed a motion with the Court seeking approval of this agreement, which has since been approved by the Court. Pursuant to Section III (J) of the Grace/Arrowood Settlement Agreement, the parties agreed that Arrowood would suspend prosecution of objections to the Plan pending entry of a final order approving the Settlement Agreement and that in the interim any filing deadlines shall be deemed to have been tolled. In accordance with, and in express reliance on, this provision, Arrowood does not at this time intend to call the other witnesses on its preliminary witness list. In the event, and only in the event, that Arrowood's settlement is not approved and its reservation were deemed ineffective, Arrowood fully preserves all objections stated in Royal's Preliminary Objections to Debtors' Joint Plan of Reorganization (Dk. 20450); Arrowood Indemnity Company, f/k/a Royal Indemnity Company's Objections to Debtors' Amended Joint Plan of Reorganization (Dk. 21814); Arrowood's Phase II Objections to the Non-Debtor Release and Exculpation Provisions and the Injunction Impairing its Rights of Contribution, Subrogation and Reimbursement that are Contained in the Amended Joint Plan of Reorganization (Dk. 21815); Arrowood's Phase I Trial Brief Objecting to the Amended Joint Plan's Non-Debtor Release and Exculpation Provisions and the Injunction that Impairs Arrowood's Rights of Contribution, Subrogation and Reimbursement (Dk. 21945); Arrowood's Phase I Trial Brief Objecting to the Plan Proponents' First Amended Joint Plan of Reorganization (Dk. 21946); Arrowood's deposition Designations and Offer of Exhibits, and joins and incorporates by reference objections filed by General, Travelers, CNA and Maryland Casualty to the extent not conflicting.

NY1:1789458.1

Arrowood under the Plan. Arrowood proposes to offer the direct testimony of these witnesses by declaration. The proffer of this testimony should take less then a half hour if this form of proffer is acceptable to the Court.

**Kemp Hooper (live or by stipulation)**

Kemp Hooper is the Environmental Claims Manager at Arrowood. He has been working for Arrowood in various positions and capacities. During the course of his employment, he had supervisory responsibility for the handling of coverage for asbestos-related claims presented to Arrowood under multiple primary and excess-umbrella liability policies issued to either W. R. Grace & Co., the Debtor in the above entitled proceeding, or one of its predecessors. In this capacity, he oversaw the settlement negotiations and, on June 17, 2009, signed the Settlement Agreement. Mr. Hooper has certain knowledge regarding the 1995 Settlement Agreement. If called upon to testify at the Phase II confirmation hearing, Mr. Hooper is prepared, among other things, to offer testimony that Arrowood ought to be granted the relief promised to it under the Arrowood Rule 9019 Settlement by the Plan and that the objections asserted by the Libby Claimants and BNSF lack merit. Mr. Hooper is also prepared to offer testimony that the consequences of the Court accepting the Libby Claimants' "vested rights" theory would inhibit legitimate settlements. Mr. Hooper's deposition was noticed by Arrowood and the Libby Claimants were offered an opportunity to question but they declined. *See* Notice of Deposition of Kemp Hooper [Dkt. No. 22464].

**Carl Pernicone (live or by stipulation)**

Carl Pernicone is a partner in the firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP. Mr. Pernicone has represented Arrowood in connection with disputes regarding the Debtors' insurance coverage for asbestos-related claims since 1985. Together with Tancred V.

Schiavoni III of O'Melveny & Myers LLP and Garvan F. McDaniel of Bifferato Gentilotti LLC, he serves as co-counsel for Arrowood in this matter. Mr. Pernicone participated in settlement negotiations with the Debtors, the Asbestos Claimants Committee ("ACC") and the Future Claimants' Representative ("FCR") in the above-entitled proceedings. Those negotiations resulted in the Debtors entering into the Settlement Agreement and Mutual Release with the Royal Parties (the "Arrowood Rule 9019 Settlement"). He also has personal knowledge and information regarding settlement negotiations concerning certain policies Royal was alleged to have issued, prior to 1963, to the Zonolite Company ("Zonolite"), one of the Debtors' predecessors ("Zonolite Policies"). There were disputes between Grace and Royal regarding the existence and terms of the Zonolite Policies. Those disputes were part of an asbestos-related coverage action in New York entitled *Maryland Casualty Co. v. W. R. Grace & Co., et al*. (New York Coverage Action). He acted as counsel of record for Royal in the New York Coverage Action. If called upon to testify at the Phase II confirmation hearing, Mr. Pernicone is prepared, among other things, to offer testimony concerning the matters set out in Mr. Schiavoni's declaration. He is also prepared to offer testimony in support of Arrowood being granted the relief promised to it under the Arrowood Rule 9019 Settlement by the Plan and that the objections asserted by the Libby Claimants and BNSF lack merit. Mr. Pernicone was offered for cross-examination at the hearing on the Arrowood Rule 9019 Settlement and the offer was declined by the Libby Claimants and BNSF.

**Tancred Schiavoni (live or by stipulation)**

Tancred V. Schiavoni is a partner at O'Melveny & Myers LLP. Together with Carl J. Pernicone of Wilson Elser Moskowitz Edelman & Dicker LLP, he serves as counsel for Arrowood in this case. Mr. Schiavoni participated in negotiations with representatives of the

Debtors, the ACC and FCR in the above-entitled proceeding that resulted in the Debtors entering into the Arrowood Rule 9019 Settlement. If called upon to testify at the Phase II confirmation hearing, Mr. Schiavoni is prepared to offer testimony concerning the matters set out in his declaration on file in this case. Mr. Schiavoni is also prepared to offer testimony in support of Arrowood being granted the relief promised to it under the Arrowood Rule 9019 Settlement by the Plan and that the objections asserted by the Libby Claimants and BNSF lack merit. Mr. Schiavoni's deposition was noticed by Arrowood and the Libby Claimants and BNSF were offered an opportunity to question him but they declined.

**Bernd Heinz (live or by stipulation)**

Bernd Heinz is an insurance professional with over twenty five years experience in reviewing insurance policies. Among other positions he has held, Mr. Heinz was a Vice President and Chief National Litigation Counsel to a Fortune 500 insurance company. One of the courses Mr. Heinz developed and teaches, and which has been approved and certified by all 50 state insurance departments, is entitled: "Additional Insured Endorsements and Certificates of Insurance." The Commissioner of Securities and Insurance for the state of Montana has given the certification designation number 444-1000-084, and approved it for continuing education credits for insurance professionals holding licenses to practice in the state of Montana. Mr. Heinz has reviewed to the policy documents cited by BNSF in its objection. If called upon to testify at the Phase II confirmation hearing, Mr. Heinz is prepared, among other things, to testify that:

- BNSF is not a Named Insured on any of the Grace insurance Policies issued by the Royal Parties

- BNSF is not an Additional Named Insured on any of the Grace insurance Policies issued by

the Royal Parties

- BNSF is not an Additional Insured on any of the Grace insurance Policies issued by the Royal Parties

- BNSF is not entitled to any direct rights against the Royal Parties or the insurance policies issued to Grace by the Royal parties, based upon any contracts BNSF and/or its predecessors in interest had with Grace

- BNSF accedes to no rights, nor have any rights been conferred or assigned, against the Royal parties and the insurance policies issued to Grace, by virtue of the Contractual Liability Endorsements issued to Grace in the Royal Policies, or otherwise

As stated in Arrowood's prior submissions, Arrowood also expects to present certain testimony by deposition. It is Arrowood's understanding that the Court will review this testimony and it will not need to be read in court. Arrowood further reserves the right to enter deposition testimony into the record in lieu of live testimony to the extent permitted by Rule 32 of the Federal Rules of Civil Procedure. Arrowood also reserves the right to withdraw any designated witness. Finally, Arrowood may need to call rebuttal witnesses in response to issues raised by other parties and to authentic documents.

Dated: August 20, 2009  
Wilmington, Delaware

By: /s/ Garvan F. McDaniel  
Garvan F. McDaniel, Esq. (#4167)  
BIFFERATO GENTILOTTI LLC  
800 N. King Street, Plaza Level  
Wilmington, DE 19801  
Telephone: (302) 429-1900  
Facsimile: (302) 429-8600

-and-

Carl J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, NY 10017-5639
Telephone: (212) 490-3000

-and-

Tancred Schiavoni, Esq.
Gary Svirsky, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York
Telephone: (212) 326-2267

*Counsel to Arrowood Indemnity
Company, f/k/a Royal Indemnity Company*