IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>                Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br><br>Re: Docket Nos. 22805, 22806 and 22814 |

**ARROWOOD'S OBJECTIONS AND COUNTER-DESIGNATIONS TO CERTAIN DEPOSITION DESIGNATIONS OF THE LIBBY CLAIMANTS, BNSF RAILWAY COMPANY AND THE STATE OF MONTANA**

Arrowood Indemnity Company f/k/a Royal Indemnity Company ("Arrowood") hereby responds and objects to (i) the Libby Claimants' Notice of Filing of Transcript and Deposition Excerpt Designations [Docket No. 22814], (ii) BNSF Railway Company's Confidential Initial Deposition Designations of Testimony of Jeffrey Posner, Richard Finke, Jay Hughes, and Peter Van N. Lockwood [Docket No. 22806], and (iii) the State of Montana's Deposition Designations for Phase II Confirmation Hearing [Docket No. 22805].

    **i.    The Libby Claimants**

Arrowood objects to the Libby Claimants' deposition designations in their entirety as constituting hearsay as to Arrowood. Arrowood objects to the Libby Claimants' designation of portions of the deposition of Peter Van N. Lockwood as being inadmissible hearsay as to Arrowood because Mr. Lockwood is available to testify at the Phase II hearing. In addition, Arrowood objects to many of the designated portions of Mr. Lockwood's deposition because those portions of the testimony contain inadmissible legal conclusions of Mr. Lockwood, lack foundation, and/or are speculative. A detailed listing of Arrowood's objections to specific portions of the Libby Claimants' designations of the deposition of Mr. Lockwood is found at Exhibit A.

Arrowood further objects to the Libby Claimants' designations of the depositions of the following persons as being irrelevant and constituting inadmissible hearsay as to Arrowood, which was not a party to the proceedings in which those depositions were taken and did not have the "opportunity and similar motive" to cross-examine the witnesses as required by Fed. R. Evid. 804(b)(1): (1) Mary Ruth Albert, (2) Stuart Cannon, (3) Edward Nick Carvey, (4) Carl E. Craig, (5) Carrie M. Dedrick, (6) Kenneth Finstad, (7) Daniel Garrison, (8) Edward A. Gaston, (9) Robert L. Graham, (10) William J. Hagerty, (11) James G. Hopkins, (12) Jack Kenworthy, (13) Carl Larson, (14) John B. Lyle, (15) Thomas F. Murray, (16) Robert D. Nelson, (17) Darlene J. (Toni) Riley, (18) Wilma R. Shearer, (19) Verle Vinson, (20) Robert J. Wilkes, and (21) Andrew J. Wright.  Similarly, Arrowood objects to the designated portions of the prior testimony of Earl Lovick and of the transcripts of the W.R. Grace estimation and criminal trials as being irrelevant and constituting inadmissible hearsay as to Arrowood, which was not a party to those proceedings and therefore did not have the "opportunity and similar motive" to cross-examine the witnesses as required by Fed. R. Evid. 804(b)(1).  Finally, Arrowood objects to the designated portions of the deposition testimony of Dr. Suresh Moolgavkar and John Parker, M.D. as irrelevant and constituting inadmissible hearsay as to Arrowood because those witnesses are available to testify at the Phase II hearing.

### ii.  BNSF

Arrowood objects to many of BNSF's deposition designations as violative of the Best Evidence Rule of Fed. R. Evid. 1002, as containing inadmissible legal conclusions, as lacking foundation, as being irrelevant, and/or as speculative.  A detailed listing of Arrowood's objections to specific portions of BNSF's designations is found at Exhibits B, C and D.

### iii. The State of Montana

Arrowood objects to the State of Montana's designations as improper for failure to

specify the precise portions of those depositions that the State of Montana intends to introduce at trial.

**********

Arrowood reserves the right to join the objections to the designated testimony of any other party to the proceeding. Based on the foregoing, Arrowood respectfully requests that this Court exclude the designated deposition testimony as specified above and on Exhibits A, B, C, and D attached hereto.

Dated: August 20, 2009
Wilmington, Delaware

By: /s/ Garvan F. McDaniel
Garvan F. McDaniel, Esq. (#4167)
BIFFERATO GENTILOTTI LLC
800 N. King Street, Plaza Level
Wilmington, DE 19801
Telephone: (302) 429-1900
Facsimile: (302) 429-8600

-and-

Carl J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, NY 10017-5639
Telephone: (212) 490-3000

-and-

Tancred Schiavoni, Esq.
Gary Svirsky, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York
Telephone: (212) 326-2267

*Counsel to Arrowood Indemnity Company, f/k/a Royal Indemnity Company*