IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139(JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ARROWOOD'S COUNTER DESIGNATIONS AND OBJECTIONS TO BNSF RAILWAY COMPANY'S CONFIDENTIAL INITIAL DEPOSITION DESIGNATIONS OF TESTIMONY OF JEFFERY POSNER, RICHARD FINKE, JAY HUGHES, AND PETER VAN N. LOCKWOOD

### EXHIBIT B

Dated: August 20, 2009
New York, New York

Garvan F. McDaniel, Esq. (#4167)
BIFFERATO, GENTILOTTI LLC
800 N. King Street, Plaza Level
Wilmington, DE 19801
(302) 429-1900 Phone
(302) 429-8600 Fax

-and-

Carl J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, NY 10017-5639
Telephone: (212) 490-3000

-and-

Tancred Schiavoni, Esq.
Gary Svirsky, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York
(212) 326-2267

*Counsel to Arrowood Indemnity Company, f/k/a Royal Indemnity Company*

Deposition Designation Key:

| | |
|---|---|
| AR = ARROWOOD | LF = LACKS FOUNDATION |
| OBJ = OBJECTION | CFS = CALLS FOR SPECULATION |
| CDC = COUNTER DESIGNATION FOR COMPLETENESS | S = SPECULATIVE |
| R = RELEVANCE | H = HEARSAY |
| BE = BEST EVIDENCE | LPK = LACKS PERSONAL KNOWLEDGE |
| CLC = CALLS FOR LEGAL CONCLUSION | AFNE = ASSUME FACT NOT IN EVIDENCE |
| IH = INCOMPLETE HYPOTHETICAL | ET = EXPERT TESTIMONY |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------X
In Re:                                Chapter 11

                                      Case No.
                                      01-01139 JKF
W.R. Grace & Co., et al.,
                                      (Jointly
         Debtors.                     Administered)
------------------------------X

— — —

May 6, 2009

— — —

DEPOSITION of JEFFREY POSNER, held at the offices of Kirkland & Ellis, 655 Fifteenth Street, N.W., Washington, DC, commencing at 9:08 A.M., on the above date, before Lisa Lynch, a Registered Merit Reporter, New Jersey Certified Court Reporter, License No. XI00825, and Certified Realtime Reporter

— — —

MAGNA LEGAL SERVICES, LLP
7 Penn Center, 8th Floor
1635 Market Street
Philadelphia, PA  19103
1.866.MAGNA.21

```
 1   policy referenced under Paragraph 9 as
 2   applicable between 1950 and 1953?
 3            A.    I don't know, sitting
 4   here.
 5                  (Royal Indemnity Company
 6            declaration sheets and endorsements
 7            SA-870, 891, 939, 945-946 received
 8            and marked for identification as
 9            Posner Exhibit 10.)
10            Q.    Mr. Posner, I've marked
11   another collection of documents as Exhibit
12   10.
13                  MR. KOVACICH:  For counsel,
14            this is the dec sheets and
15            endorsements that are Bates stamped
16            SA 870, 891, 939 and 945, also 946.
17            Q.    First, Mr. Posner, do you
18   recognize Exhibit 10.
19                  MS. DeCRISTOFARO:  Excuse
20            me.  What are you marking as 10?
21                  MR. KOVACICH:  The Royal
22            Indemnity declaration pages and
23            policy endorsements that were at
24            the top of the materials that were
```

```
 1   passed around the room.
 2        A.    Yeah.  I mean, I recognize
 3   the declarations page.  It appears to be
 4   the Royal Indemnity policy that was issued
 5   to the Zonolite Company, this one being
 6   from March 31st, 1953 to March 31st,
 7   1954.
 8        Q.    I want to ask you a few
 9   questions about the coverages.  Some of
10   the language is difficult to read.  On the
11   first page, SA 870, do you see the section
12   marked Limits of Liability?
13        A.    Yes.
14        Q.    And there's a Subsection A,
15   bodily injury liability.  Do you see
16   that?
17        A.    Yes.
18        Q.    And it indicates $200,000
19   under the first block?
20        A.    Yes.
21        Q.    And does that say "each
22   person"?
23        A.    I believe so.
24        Q.    And then the next, moving
```

```
 1   over to the right, is 400,000 and what
 2   does it say above that, if you can read
 3   it?
 4           A.    I think it says "each
 5   accident".
 6           Q.    And then moving over from
 7   there, the next one would be $400,000
 8   aggregate products?
 9           A.    Certainly I believe it says
10   "aggregate". I think it says "products"
11   but I'm not -- to be honest with you, I'm
12   not -- I'm not sure, sitting here, without
13   a magnifying glass but it would appear to
14   say that.
15           Q.    And that would be
16   consistent with your recollection of the
17   Royal Indemnity policies that there was an
18   aggregate coverage limit which applied to
19   products coverage, right?
20               MR. SCHIAVONI:  Objection
21   to form, no foundation. The
22   witness wasn't there in 1953.
23               MS. ESAYIAN:  Are you
24   asking about all Royal Indemnity
```

AR's OBJ:
LF
S

AR's OBJ:
LF
S

1    policies issued to Zonolite?  The
2    way that -- objection to the
3    question as vague as phrased.
4         Q.   You recall generally --
5    well, let me ask a few more questions.
6         Mr. Posner, you managed Grace's
7    insurance coverage for a number of years.
8    That was your testimony earlier, right?
9         A.   Correct, yes.
10        Q.   And one of the things that
11   you did in your role for Grace was seek
12   coverage on behalf of Grace from its
13   insurance carriers, right?
14        A.   Yes.
15        Q.   And in doing that, one of
16   the insurance carriers from whom you
17   sought coverage was Royal Indemnity,
18   right?
19        A.   Correct.
20        Q.   And before you sought
21   coverage from Royal Indemnity, you would
22   have familiarized yourself with the terms
23   of the Royal Indemnity policies, right?
24        A.   Yes.

```
 1                  MS. ESAYIAN:  Royal
 2    Indemnity policies issued to W.R.
 3    Grace?  Is that what all your
 4    questions are about so far?
 5                  MR. KOVACICH:  Well, this
 6    particular dec page --
 7                  MS. ESAYIAN:  Is it issued
 8    to Zonolite Company as predecessor
 9    to Grace?  I want to be clear what
10    Royal policies you're asking
11    about.
12  BY MR. KOVACICH:
13         Q.    Did you -- in your role as
14  a representative of W.R. Grace, did you
15  review not only the Royal Indemnity
16  policies issued to Grace but also those
17  policies issued to its predecessor, the
18  Zonolite Company?
19         A.    Yeah, let me back up
20  because it's getting a little complicated
21  here.  I don't know that Royal Indemnity
22  issued policies to Grace.  I know Royal
23  did.  Whether that was Royal Indemnity or
24  not, I'm not quite sure.  I'm operating
```

1  under the assumption that we're talking
2  about the Royal Indemnity policies issued
3  to the Zonolite Company, a copy of which
4  is one of the policies you put in front of
5  me. I'm operating under the assumption
6  that this discussion was centering around
7  this particular policy.
8       Q.   Okay, and your assumption
9  is correct. That's what I'm intending to
10 ask you about.
11      You are familiar with the terms of
12 those policies based on the work that you
13 did on behalf of W.R. Grace, right?
14      A.   I was familiar with the
15 terms in the policies. Obviously, my
16 familiarity has dimmed over the years but
17 I was familiar with it at one time.
18      Q.   Well, do you recall that
19 those particular policies included
20 aggregate limits applicable to products
21 coverage?
22           MR. SCHIAVONI: Objection
23      to form. No foundation that this
24      witness was in any way involved in