IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139(JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ARROWOOD'S COUNTER DESIGNATIONS AND OBJECTIONS TO BNSF RAILWAY COMPANY'S CONFIDENTIAL INITIAL DEPOSITION DESIGNATIONS OF TESTIMONY OF JEFFERY POSNER, RICHARD FINKE, JAY HUGHES, AND PETER VAN N. LOCKWOOD**

## EXHIBIT C

Dated: August 20, 2009
New York, New York

Garvan F. McDaniel, Esq. (#4167)
BIFFERATO, GENTILOTTI LLC
800 N. King Street, Plaza Level
Wilmington, DE 19801
(302) 429-1900 Phone
(302) 429-8600 Fax

-and-

Carl J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, NY 10017-5639
Telephone: (212) 490-3000

-and-

Tancred Schiavoni, Esq.
Gary Svirsky, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York
(212) 326-2267

*Counsel to Arrowood Indemnity Company, f/k/a Royal Indemnity Company*

Deposition Designation Key:
AR = ARROWOOD
OBJ = OBJECTION
CDC = COUNTER DESIGNATION FOR COMPLETENESS
R = RELEVANCE
BE = BEST EVIDENCE
CLC = CALLS FOR LEGAL CONCLUSION
IH = INCOMPLETE HYPOTHETICAL
LF = LACKS FOUNDATION
CFS = CALLS FOR SPECULATION
S = SPECULATIVE
H = HEARSAY
LPK = LACKS PERSONAL KNOWLEDGE
AFNE = ASSUME FACT NOT IN EVIDENCE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| W.R. GRACE & CO., et al., | ) | Case No. 01-1139(JKF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ARROWOOD'S COUNTER DESIGNATIONS AND OBJECTIONS TO BNSF RAILWAY COMPANY'S CONFIDENTIAL INITIAL DEPOSITION DESIGNATIONS OF TESTIMONY OF JEFFERY POSNER, RICHARD FINKE, JAY HUGHES, AND PETER VAN N. LOCKWOOD

### EXHIBIT C

Dated: August 20, 2009
New York, New York

Garvan F. McDaniel, Esq. (#4167)
BIFFERATO, GENTILOTTI LLC
800 N. King Street, Plaza Level
Wilmington, DE 19801
(302) 429-1900 Phone
(302) 429-8600 Fax

-and-

Carl J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, NY 10017-5639
Telephone: (212) 490-3000

-and-

Tancred Schiavoni, Esq.
Gary Svirsky, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York
(212) 326-2267

*Counsel to Arrowood Indemnity Company, f/k/a Royal Indemnity Company*

Deposition Designation Key:
AR = ARROWOOD
OBJ = OBJECTION
CDC = COUNTER DESIGNATION FOR COMPLETENESS
R = RELEVANCE
BE = BEST EVIDENCE
CLC = CALLS FOR LEGAL CONCLUSION
IH = INCOMPLETE HYPOTHETICAL

LF = LACKS FOUNDATION
CFS = CALLS FOR SPECULATION
S = SPECULATIVE
H = HEARSAY
LPK = LACKS PERSONAL KNOWLEDGE
AFNE = ASSUME FACT NOT IN EVIDENCE

4

```
        IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE DISTRICT OF DELAWARE
                      -   -   -

In Re:                       : Chapter 11
                             :
                             : Case No.
W.R. GRACE & CO., et al,     : 01-01139 JKF
                             :
                             : (Jointly
            Debtors          : Administered)


                      -   -   -

                Friday, May 1, 2009
                      -   -   -

            Oral deposition of PETER VAN
N. LOCKWOOD, ESQUIRE, taken pursuant to
notice, was held at the offices of CAPLIN
& DRYSDALE, One Thomas Circle N.W., Suite
1100, Washington, DC  20005, commencing
at 9:43 a.m., on the above date, before
Lori A. Zabielski, a Registered
Professional Reporter and Notary Public
in and for the Commonwealth of
Pennsylvania.


                      -   -   -

                MAGNA LEGAL SERVICES
                 Seven Penn Center
                 1635 Market Street
                     8th Floor
            Philadelphia, Pennsylvania 19103
```

```
 1        form.
 2              THE WITNESS:
 3        Hypothetically, probably yes.  It
 4        would be more difficult, but,
 5        hypothetically, yes.  You could
 6        have -- we have had some plans
 7        that had coverage in place
 8        agreements with insurers, for
 9        example, that we felt satisfied
10        524(g).  But you have to get the
11        insurers' agreement to have a
12        coverage in place agreement.
13   BY MR. BROWN:
14        Q.    Okay.  Let's go now to
15   condition (r) -- I am sorry.  Condition
16   (s).
17        A.    Yes.
18        Q.    Now, for purposes of my
19   question, I want you to assume that when
20   I use the term "settled asbestos
21   insurance companies," I want you to
22   assume that those that are pre-petition.
23        A.    Okay.
24        Q.    And my question is a very
```

```
 1   general one, because I have heard
 2   different views, and that is, what
 3   benefits are being provided by or on
 4   behalf of settled asbestos insurance
 5   companies listed on Exhibit-5?
 6           A.    It is the position of the
 7   ACC that Grace is paying close to
 8   $3 billion of value to the Trust on
 9   behalf of not only itself but a variety
10   of other protected parties, including
11   Non-Debtor affiliates and, in this
12   particular case, settled asbestos
13   insurers.
14                 And it is doing so on behalf
15   of settled asbestos insurers because
16   those insurers have indemnity claims
17   against Grace, which are being, if they
18   hypothetically could ever occur, are
19   being channelled to the Trust as a means
20   of protecting Grace against such -- well,
21   let me back up.
22                 The purpose of putting
23   settled asbestos insurers in here is not
24   to provide a gratuitous asbestos insurers
```




1  because we think they are nice folks.
2       Q.   I didn't think so.
3       A.   Settled asbestos insurers,
4  by definition, are insurers that have
5  indemnity rights against Grace.
6       Q.   They have also paid a lot of
7  money?
8       A.   And they paid a lot of money
9  in the past.  But the past money -- money
10 is fungible.  The past money went into
11 Grace's coffers, went out or didn't go
12 out, et cetera.  But they are not being
13 asked for any new money.
14           But Grace has an economic
15 interest in not having asbestos PI claims
16 brought against those insurers that could
17 then trigger an indemnity obligation of
18 Grace to the insurer against which that
19 asbestos PI claim was asserted.  They
20 have an economic interest in preventing
21 that.
22           So the deal is channel any
23 such claim that might give rise to the
24 asbestos indemnity claim to the Trust,

1    ==and in exchange for that, part of what==
2    ==Grace is paying you is to get rid of==
3    ==asbestos PI claims which include indirect==
4    ==asbestos PI claims for indemnity or==
5    ==direct asbestos PI claims for indemnity.==
6        Q.    Okay.
7        A.    And that's the basis.
8        Q.    I think you said at the very
9    beginning of either the last question or
10   the one before that Grace was
11   contributing 3 million?
12       A.    Billion.
13       Q.    That's what I thought.
14   Okay.  I just wanted to make sure I had
15   the number correct.
16       A.    I mean, that's our view of
17   the approximate amount of what they were
18   contributing at the time we made the
19   deal, I guess would be a better way to
20   put it.  There are other people that
21   might value it differently.
22             Some of things that were
23   worth more at the time the deal was made
24   are worth less today but hopefully will

1  what the scope of the injunction is
2  that's in your client's Plan.
3      A.   I described, I thought, in
4  some detail what I thought the scope of
5  the injunction is.  But if you want to
6  turn to the injunction provisions and ask
7  me specific questions about their scope,
8  I am sure you will do that.
9      Q.   We will get to the
10 injunction.
11     A.   I am sure you will do that.
12     Q.   Does this language that we
13 are referring to here under 7.13 the
14 underscored language release claims that
15 BNSF or the Libby claimants might have or
16 might choose to assert against settled
17 asbestos insurance companies?
18          MR. FINCH:  Objection to
19 form, calls for legal conclusion.
20          MS. HARDING:  Same
21 objection.
22          THE WITNESS:  I think those
23 are the same.  Those claims are
24 channelled to the Trust, and I

```
 1       don't believe the intendment of
 2       this paragraph is to sort of mean
 3       that the claims vanish, if that's
 4       what you mean by release.
 5               What I believe the
 6       intendment of this claim is is
 7       that this provision is that it's
 8       sort of a belt-and-suspenders
 9       piece of channelling injunction.
10  BY MR. BROWN:
11       Q.    So the claims are both
12  enjoined, channelled, and then released?
13       A.    Against the
14  asbestos-protected parties but not
15  against the Trust, for example.
16               What I can't tell from your
17  question is whether you are sort of
18  insinuating that somehow or another the
19  release has the effect of freeing the
20  Trust from liability for these claims,
21  which I don't believe it does.
22       Q.    What's the consideration for
23  the release insofar as it pertains to the
24  Sealed Air indemnified parties and the
```

```
 1              If that's true -- but it
 2   still has to arise -- Scotts has to have
 3   been negligent in, if you will,
 4   re-selling a Grace product, and so the
 5   underlying exposure would be to the Grace
 6   product.
 7              As the Plan is drafted, if
 8   you look at the definition of asbestos
 9   personal injury claim and sort of trace
10   that through to what winds up going into
11   the Trust, it would not cut off the fact
12   that somebody who was selling a Grace
13   product had some sort of additional basis
14   for the liability of that product.  They
15   were being sued as a result.
16              So the answer is that,
17   unless the court says that claim cannot
18   be channelled to the Trust, it is
19   channelled to the Trust.
20        Q.   Okay.  Let's go to Section
21   8.25, Asbestos PI Channelling Injunction.
22        A.   I have it.
23        Q.   I am sorry.  I am just
24   looking at my notes here.
```

1    I am correct, am I not, that
2    the asbestos PI channelling injunction,
3    among other claims, enjoins any claims
4    that BNSF has against settled asbestos
5    insurance companies that arise from
6    asbestos PI claims?
7         A.    Generally stated, I believe
8    that to be correct.
9         Q.    Are there any exceptions
10   about when you are aware?
11        A.    Again, I would have to parse
12   the definitions to see whether there
13   might be some hypothetical possibility of
14   a claim that wouldn't be covered. But to
15   the extent that BNSF is asserting against
16   settled insurers claims that are based on
17   asbestos-related injuries arising from
18   Grace vermiculite that somehow or another
19   BNSF was involved with and held liable
20   for, those claims are channelled to the
21   Trust.
22        Q.    Okay. And are the claims
23   that the Libby claimants have asserted or
24   could assert against the settled asbestos

AR's OBJ: CDC