AR's:
CDC

1    insurance companies relating to asbestos

2    PI claims, are they, too, enjoined and

3    channelled pursuant to the asbestos PI

4    channelling injunction?

5         A.    Yes.    The Libby claimants

6    are no different from any other asbestos

7    personal injury claimant as far as this

8    injunction is drafted.

9         Q.    Okay.  And the claims that

10   the settled asbestos insurance companies

11   have, contractual or otherwise, that

12   arise from asbestos PI claims against the

13   Debtors, Non-Debtor affiliates, Sealed

14   Air, the Sealed Air indemnified parties,

15   and the Fresenius indemnified parties are

16   all enjoined under this asbestos PI

17   channelling injunction as well, correct?

18        A.    I refuse to accept the

19   proposition that there can be any such

20   claims, because the claims against you

21   that would give rise to those indemnity

22   claims are all enjoined, and so you

23   are -- it's a catch-22.  If the claims

24   could be asserted against you, it would

1    be because there is no 524(g) injunction.

2    If there is no 524(g)

3    injunction, there is no Trust.  There is

4    no -- so the Trust hasn't -- there is

5    nothing -- there is no place to channel

6    them.  If there is no 524(g) channelling

7    injunction, this Plan doesn't exist.  You

8    are back to square one.  You got

9    indemnity claims against Grace.

10        Q.      But, Mr. Lockwood, just a

11   few moments ago, you put some

12   qualifications on the scope of the

13   channelling injunction as applied to the

14   Scotts action.

15        A.      Yeah, because those claims

16   were claims to be an additional insured,

17   and the asbestos personal injury -- you

18   can be an additional insured with respect

19   to asbestos claims and with respect to

20   non-asbestos claims.

21            The channelling injunction

22   deals with asbestos claims.  The claims

23   you have recited for BNSF and Libby are

24   asbestos claims.  There is no dispute to

1          Q.     I think we are talking past

2  each other.    Let's just move on.

3                 Let's go to Section 8.4,

4  which is the Asbestos Insurance Entity

5  Injunction.

6          A.     I have it.

7          Q.     What is the purpose of this

8  injunction?

9          A.     The purpose of this

10 injunction --

11                MS. HARDING:    Object to

12 form.

13                THE WITNESS:    Excuse me?

14                MS. HARDING:    I just object

15 to form.

16                THE WITNESS:    From the ACC's

17 perspective, the purpose of this

18 injunction is to protect the

19 insurance assets being transferred

20 to the Trust from being

21 intercepted, if you will, or --

22                MR. FINCH:    Looted.

23                THE WITNESS:    -- looted or

24 pillaged, or whatever, by claims

1    from claimants, direct action type

2    claims.

3         This is intended to be a

4    communal asset for the benefit of

5    the present of future claimants in

6    the Trust, and allowing individual

7    claimants to go around the back

8    door, if you will, and bring

9    claims against the insurers whose

10    coverage was being assigned for

11    the communal benefit of the Trust

12    would be inequitable, in our view,

13    and that's the purpose of this

14    injunction.

15    BY MR. BROWN:

16        Q.    Okay. You are aware that

17    Scotts and BNSF have asserted certain

18    rights under certain asbestos insurance

19    policies, correct?

20        A.    Correct.

21        Q.    Does this injunction enjoin

22    those two entities from pursuing coverage

23    for asbestos-related claims under the

24    settled asbestos insurance policies or

AR's
OBJ:
CLC
LF
CFS
IH

AR's
OBJ:

CLC
LF
CFS

1    frankly under any asbestos insurance

2    policies?

3                    MR. FINCH:    Object to form,

4    compound.

5                    THE WITNESS:    Not if what we

6    are suing for is not based upon or

7    arising out of an asbestos PI

8    claim against the Debtors or any

9    asbestos insurance rights.

10                   If they are asserting -- you

11    have to look at the definition of

12    asbestos PI claim; you have to

13    look at the definition of asbestos

14    insurance rights.

15                   The asbestos insurance

16    rights are the rights of the

17    Debtor.    They are not the rights

18    of Scotts or BNSF.    So you have --

19    and asbestos PI claims are

20    personal injury claims arising out

21    of exposure to Grace products.

22                   So it would depend upon,

23    again, the type of claim that was

24    being asserted by Scotts or BNSF.

AR's
OBJ:

CLC
LF
CFS

1    BNSF, for example, purports to

2    have, at least in one instance, I

3    think it's Royal, claims issued

4    directly to it by Royal that were

5    somehow procured by Grace but

6    which don't cover Grace.  I don't

7    believe that this injunction would

8    preclude suits by BNSF on that

9    sort of insurance claim.

10    BY MR. BROWN:

11         Q.    Would the prior injunction

12    enjoin that type of claim?

13         A.    The asbestos personal

14    injury?

15         Q.    Yes.

16         A.    No, because those policies

17    are not within the definition -- they are

18    not covered in Exhibit-5, and so Royal

19    wouldn't be an asbestos-protected party

20    with respect to those policies.

21              We are now talking about

22    non-settled coverage here, aren't we?

23    Wasn't that what your question was?

24         Q.    I don't know.  This was your

1           form, and speculation and legal

2           conclusion.

3                   MR. FINCH:  Same set of

4           objections.

5                   THE WITNESS:  Well,

6           moreover, when you say it doesn't

7           affect the other property

8           interest, I don't know the answer

9           to that.  I am not competent to

10          answer that question, frankly.  I

11          am already skating on the edge of

12          my competence, and I think that

13          one takes me past it.

14   BY MS. COBB:

15          Q.    Okay.  Peter, I would like

16   to ask you a few questions about the

17   non-settled insurance companies as

18   defined in the Plan.

19          A.    Okay.

20          Q.    What contributions have the

21   non-settled insurance companies made to

22   the Plan?

23                  MR. FINCH:  Objection, asked

24          and answered.

1            THE WITNESS:    As far as I

2       know, none.

3    BY MS. COBB:

4            Q.    If the non-settled insurance

5    companies are not making a contribution

6    to the Plan, would you agree then that

7    they are not entitled to 524(g)

8    protection?

9            MS. HARDING:    Object to

10           form.

11           THE WITNESS:    Well, if they

12           are not making a contribution and

13           nobody else is making a

14           contribution on their behalf, then

15           I would agree that under the

16           statute, it would be hard to see

17           how they would be entitled to

18           protection under Section 524(g).

19   BY MS. COBB:

20           Q.    Are the non-settled

21   insurance companies getting a benefit

22   from the asbestos insurance entity

23   injunction to the extent that the claims

24   against them are enjoined by that

1          it, because the state action you

2          are describing is an action

3          against an insurance company, but

4          you seem to be contemplating some

5          tort claim against somebody else.

6    BY MS. COBB:

7          Q.    Beyond the asbestos

8    insurance entity injunction, are there

9    any other protections in the Plan for the

10   non-settling insurance company?

11              MR. FINCH:  Object to form.

12              MS. HARDING:  Object to the

13         form.

14              THE WITNESS:  Not that I am

15         aware of.

16   BY MS. COBB:

17         Q.    What is the consideration

18   given by the non-settling insurance

19   companies for the Section 105 asbestos

20   insurance entity injunction protection?

21              A.    I believe I already answered

22   that, and the answer was none.  That

23   injunction is for the benefit of the

24   Trust and its beneficiaries and not for

1    the benefit of the asbestos insurance

2    entity even though they may, as a prior

3    answer of mine stated, receive some

4    collateral benefit from it in their

5    minds.

6              Q.    I just have a couple of

7    questions about the Trust Distribution

8    Procedures.  And I apologize since I am

9    attending by phone, can you please remind

10   me what the ACC exhibit number is?

11              MR. FINCH:    11.

12              MS. COBB:    I am sorry.

13        What?

14              MR. FINCH:    It's ACC

15        Exhibit-11.

16              MS. COBB:    It is ACC

17        Exhibit-11, for the record.

18              THE WITNESS:    And it's Plan

19        Exhibit-4.  I have that exhibit,

20        Tiffany.

21   BY MS. COBB:

22              Q.    You do.  Okay.

23              Looking at ACC Exhibit-11,

24   can you tell me what happens to common

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
-   -   -

In Re:                    : Chapter 11
                          :
                          : Case No.
W.R. GRACE & CO., et al,  : 01-01139 JKF
                          :
                          : (Jointly
          Debtors         : Administered)


-   -   -

Monday, May 4, 2009

-   -   -

Continuation of oral

deposition of PETER VAN N. LOCKWOOD,

ESQUIRE, taken pursuant to notice, was

held at the offices of CAPLIN & DRYSDALE,

One Thomas Circle N.W., Suite 1100,

Washington, DC  20005, commencing at

12:05 p.m., on the above date, before

Lori A. Zabielski, a Registered

Professional Reporter and Notary Public

in and for the Commonwealth of

Pennsylvania.
-   -   -
MAGNA LEGAL SERVICES
Seven Penn Center
1635 Market Street
8th Floor
Philadelphia, Pennsylvania 19103