**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing: September 8, 2009 |
| | ) | Related Docket Nos: 22724, 22790-91, 22793-97, |
| | ) | 22801-03, 22805, 22806-08, 22813-14 |

**THE PLAN PROPONENTS' OBJECTIONS AND COUNTER-DESIGNATIONS TO THE
OBJECTING PARTIES' AND ARROWOOD INDEMNITY COMPANY'S PHASE II
DESIGNATIONS**

Pursuant to the Fourth Amended Case Management Order Related to the First Amended

Joint Plan of Reorganization (Dkt. No. 22819) (the "Fourth Amended CMO"), W. R. Grace &

Co., *et al.* (collectively, "Grace" or the Debtors"), the Official Committee of Asbestos Personal

Injury Claimants (the "ACC"), the Asbestos PI Future Claimants' Representative, and the

Official Committee of Equity Security Holders (collectively, the "Plan Proponents") in the above

---

1    The Debtors consist of the following 62 entities:  W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.),
    W. R. Grace & Co. Conn., A-1 Bit & Tool Co., Inc., Alewife  Boston Ltd., Alewife Land Corporation, Amicon,
    Inc.,  CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc.,
    Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC
    (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc., (f/k/a
    Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC
    Management Corporation, GN Holdings, Inc. GPC Thomasville Corp., Gloucester New Communities
    Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary
    Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe,
    Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc.
    (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace
    Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc.,
    W. R. Grace Capital Corporation., W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-
    Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai
    Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH,
    Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings
    Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (F/k/a Nestor-BNA, Inc.), MRA
    Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental
    Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin &
    Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country
    Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

captioned Chapter 11 cases, hereby provide their objections to, and motion to exclude, the

deposition and other designations that were submitted by the following plan objectors for use

during the Phase II confirmation proceedings: BNSF Railway Company (Dkt. No. 22806),

Certain Plan Objectors[2] (Dkt. Nos. 22790-91, 22793-97, 22807), CNA (Dkt. No. 22803),

Fireman's Fund Insurance Company (Dkt. No. 22802), The Libby Claimants (Dkt. No. 22814)[3],

the State of Montana (Dkt. Nos. 22805, 22808), and Travelers Casualty and Surety Company

(Dkt. No. 22801) (collectively, the "Designating Parties"), as well as the designations submitted

by Arrowood Indemnity Company f/k/a Royal Indemnity Company for use during the Phase II

hearing (referred to herein, together with the Objecting Parties, as the "Designating Parties").

The Plan Proponents' general objections to the Designating Parties' proffered

designations are described below.  The Plan Proponents' (i) objections to specific testimony and

(ii) counter-designations[4] are identified on the relevant pages from the transcripts, which have

been produced to the Designating Parties and will be provided to the Court on August 25, 2009,

pursuant to the terms of the Fourth Amended CMO.

---

[2] The Certain Plan Objectors include: the Government Employees Insurance Company, Republic Insurance Company n/k/a Starr Indemnity & Liability Company, OneBeacon America Insurance Company, Seaton Insurance Company, Fireman's Fund Insurance Company, Allianz S.p.A. f/k/a Riunione Adriatica Di Sicurta, and Allianz SE f/k/a/ Allianz Aktiengesellschaft.

[3] According to the "Libby Claimants' Notice of Filing Transcript and Deposition Excerpt Designations," the Libby Claimants include the parties "identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Roth & Cobb LLO pursuant to Fed. R. Bankr. P. 2019 [DI 22784], as it may be amended and restated from time to time."

[4] To the extent that the Plan Proponents have counter-designated testimony that relates to testimony for which the Plan Proponents have objected, the Plan Proponents' counter-designation is made subject to the Plan Proponent's objection, and is withdrawn to the extent that the Court sustains the Plan Proponents' objection to the related testimony.

### General Objections to the Designating Parties' Designations

The Plan Proponents object to the Designating Parties' designations that include

testimony that is not relevant to the specific issues that are being addressed in the Phase II

hearing and/or that are not relevant to the specific objections asserted by the respective Objecting

Party.  The Phase II hearing is limited to "the objections of: (i) parties classified under the Plan

as Holders of Indirect PI or PD Trust Claims (including insurers as Holders of Indirect PI or PD

Trust Claims with respect to such Claims); (ii) the objections of the Libby Claimants; and (iii)

any other confirmation objections not addressed and resolved in Phase I."  (Dkt. No 22819.)  The

designations identified with an "R" on the underlying transcripts are not relevant to these specific

issues and/or have no bearing on the designating party's objections to the Joint Plan.  Therefore,

these designations are inadmissible under Fed. R. Evid. 402,[5]  and they should be excluded from

the Phase II hearing.  Moreover, the Plan Proponents object to designations by Designating

Parties that lack standing to contest the plan.

The Plan Proponents object to certain of the Designating Parties' designations that

include protected testimony concerning the discussions or negotiations that led to the First

Amended Joint Plan of Reorganization and/or draft plan-related documents.  Numerous

bankruptcy courts have determined that such matters are not relevant for purposes of plan

confirmation.  *See, e.g*, *In re Combustion Eng'g*, Case No. 03-10495 (JKF) (Bankr. D. Del. May

2, 2003) (Hr'g Tr. at 301) (observing that "drafts generally are not relevant to anything"); *In re*

*ACandS, Inc.,* No. 02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-45) (denying

---

[5] The Federal Rules of Evidence are made applicable to the Phase II hearing by Rule 9017 of the Federal Rules of
Bankruptcy Procedure, which provides that "The Federal Rules of Evidence and Rules 43, 44, and 44.1
F.R.Civ.P. apply in cases under the Code."

discovery into plan negotiations on the grounds that such discovery is irrelevant to the issue of

good faith in proposing the plan).  Besides having no relevance to these proceedings, such

testimony is also barred under Federal Rules of Evidence 408, which bars the introduction of

discussions made in the context of settlement discussions and/or offer to compromise.  *See* Fed.

R. Evid. 408.  Therefore, the portions of testimony concerning plan discussions, which are

identified in the underlying transcripts with a "408" notation, are inadmissible and should be

excluded.

      The Plan Proponents object to the Designating Parties' deposition designations that

include the deposition testimony of Grace's in-house counsel and insurance advisor, the

Asbestos PI Future Claimants' Representative, and lawyers representing the ACC describing

their opinions of the operation and legal effects of the Joint Plan.  It is a hallowed principle of

evidence and procedure that a legal document "must speak for itself."  *Helms v. Sinclair Ref.*

*Co.*, 170 F.2d 289, 292 (5th Cir. 1948); *see also Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505,

(2d Cir. 1977) ("Construction of a contract is always a matter of law for the Court") (citation

omitted).  Courts have consistently applied this principle in a broad variety of contexts to exclude

testimony regarding the legal effect of plans of reorganization.  *See United States v. Messner*,

107 F.3d 1448, 1454 (10th Cir. 1997) (holding that district court abused its discretion by

allowing testimony of an attorney concerning debtor's post-confirmation duty of disclosure); *see*

*also Justice v. Carter*, 972 F.2d 951, 956-57 (8th Cir. 1992) (affirming district court's decision to

exclude evidence of comparable cases in which plans had been affirmed).  Moreover, courts

properly have excluded testimony concerning "the impact of [the debtor's] plan of

reorganization, and on policies adopted by [a litigation trust] for settlement of asbestos claims

and dollars paid by the Trust over time."  *Falise v. Am. Tobacco Co.*, 258 F. Supp. 2d 63, 65

(E.D.N.Y. 2000).  The designations proffered here are legally and factually indistinguishable

from the long line of cases excluding lawyerly opinions on legal documents.  *See id.* (rejecting

testimony comprising legal opinions on the impact of a debtor's plan of reorganization in the

context of a plan creating an asbestos trust).  Therefore, the Court should exclude those

designations marked as "LO" in the underlying transcripts.

The Plan Proponents object to certain of the Designating Parties' designations on "best

evidence" grounds.  Many of the designated portions of the depositions are nothing more than a

witness's recitation of what a document says.  The best evidence of what a document says is the

document itself.  Therefore, those portions of the designations are inadmissible under the "Best

Evidence" rule, Fed. R. Evid. 1002.  The designation that include statements reciting the contents

of an underlying document, which are identified with a "BE" notation in the underlying

transcripts, are inadmissible and should be excluded.

The Plan Proponents object to the Designating Parties' designations that include matters

for which the specific witness lacks proper foundation and/or for which the witnesses' testimony

is based upon speculation.  These designations, which are identified respectively with "F" and

"S" notations in the underlying transcripts, are inadmissible under Fed. R. Evid. 602 and should

be excluded.

The Plan Proponents object to the Designating Parties' designations that include matters

that may be relevant to the Phase II hearing, but for which the testimony is unfairly prejudicial,

because the litigation from which the designations were taken was settled before all evidence

could be presented and, therefore, the testimony is not complete.  These designations, which are

identified with a "UP" notation in the underlying transcripts, are inadmissible under Fed. R.

Evid. 403 and should be excluded.

The Plan Proponents object to the Designating Parties' designations that include improper hearsay testimony. These designations, which are identified with an "H" notation in the underlying transcripts, are inadmissible under Fed. R. Evid. 802 and should be excluded.

Finally, certain of the Designating Parties purport to designate and/or reserve their alleged rights to designate exhibits that are identified or discussed within their portions of designated testimony. It is inappropriate to purport to designate exhibits within proffered testimony designations; the applicable CMOs provide separate procedures and deadlines for submitting exhibits. The Plan Proponents will object to all exhibits that are properly identified pursuant to the procedures identified in Fourth Amended CMO, as it may be amended.

### Specific Objections to Designating Parties' Designations

(a)     **The State of Montana**

The Plan Proponents object to the designations submitted by the State of Montana, because the State of Montana failed to provide any meaningful designations, and instead purports to "designate[] the deposition testimony of Richard Finke, Jeffrey Posner, Jay Hughes, and Peter Lockwood…" (Dkt. No. 22805.) The State of Montana therefore fails to designate the specific testimony -- or even the specific transcripts -- that it intends to use during the Phase II hearing. In so doing, the State of Montana has deprived the Plan Proponents of any meaningful opportunity to object and/or provide counter-designations as intended under the Fourth Amended CMO. And, to the extent that the State of Montana intends to use the entirety of these as-yet-to-be identified transcripts, then their designations of transcripts that certainly include irrelevant and otherwise objectionable testimony are likewise defective under Rule 32 of the Federal Rules of Civil Procedure (Using Depositions in Court Proceedings), which limits the use of deposition testimony at trial to testimony for which the witness could properly provide live. *See* Fed. R. Civ. P. 32. Therefore, because the State of Montana has deprived the Plan Proponents of any

meaningful opportunity to object and provide counter designations, as is intended by the Fourth Amended CMO and required under the Federal Rules of Civil Procedure, the Plan Proponents move to strike the State of Montana's designations.

**(b)    The Libby Claimants**

The Libby Claimants have designated transcripts that include the testimony of twenty-four individual claimants, testimony from the opening arguments in the Grace criminal trial, and expert and other testimony from the PI estimation hearing.  For the following reasons, all of the Libby Claimants' designations are inadmissible under applicable rules and the order of the Court, and they accordingly should be stricken.

First, the Plan Proponents object to the proffer of any testimony of individual claimants and therefore object to the Libby Claimants' designation from the transcripts of twenty-four individual claimants.  This Court already determined at the May 14, 2009 hearing, where the Libby Claimants sought to have seventeen claimants testify about their personal injuries, that the testimony of these individuals is not relevant. (*See* May 14, 2009 Hr'g. Tr. at 70-73.)  The testimony of these individual claimants remains irrelevant to the Phase II hearing, and, therefore, this testimony is inadmissible under Fed. R. Evid. 402.  Accordingly, the Plan Proponents ask that these designations be excluded.[6]

Second, the Libby Claimants' designation from the testimony of individual claimants is also inconsistent with the Court's August 17, 2009 order concerning Phase II discovery.  (Dkt.

---

[6] As noted in the Agreed Order Between the Plan Proponents and Libby Claimants on Pretrial Proceedings, dated August 17, 2009 (Dkt. No. 22821), the Plan Proponents and the Libby Claimants are not in agreement concerning the relevance of testimony from individual witnesses.  That order direct the parties to meet and confer, and to subsequently either submit an agreed proposed-order or competing proposed orders.  To the extent that the Libby Claimants are allowed to introduce the testimony of any or all of the individual claimants for which they have designated testimony, the Plan Proponents reserve their rights to provide objections and counter-designations to any such testimony.

No. 22822.)  Pursuant to that order, "[i]f the Libby Claimants wish to proffer any case-specific

evidence (beyond the amount of the settlement and the identity of the parties to the settlement)

relating to any individual claimant in addition to the those identified above in 1, they must

identify the individual claimant and produce all case-specific documents relating to such

claimant no later than August 20, 2009.  Grace must produce any responsive evidence no later

than August 27, 2009."  (*Id*.)  To the extent that any of the individuals for which the Libby

Claimants have designated testimony are properly included in their August 20, 2009 disclosure,

then the Plan Proponents reserve their rights to object and counter designated in accordance with

the Court's August 17, 2009 order.

Third, the Libby Claimants fail to designate specific testimony for several of their

designations and instead provide wholesale designations of entire, or virtually entire, transcripts.

Specifically, the Libby Claimants purport to designate the "[e]ntire deposition" of the 287-page

December 19, 1996 deposition of Earl Lovick and 197 consecutive pages from Mr. Lovick's

April 29, 1997 trial testimony.  Like the blanket designations submitted by the State of Montana,

these designations violate the Fourth Amended CMO and Rule 32 of the Federal Rules of Civil

Procedure.  Therefore, these wholesale designations of the Libby Claimants should be excluded.

Fourth, the Libby Claimants designate entire pages, rather than specific testimony, for

several of their proffered designations.  These blanket page designations begin and end mid-

question or answer and therefore render the designations unintellible.  These designations should

therefore be stricken.

Fifth, the Libby Claimants designated testimony from the opening arguments in the

Grace criminal case (*United States v. W. R. Grace Company et al*., Cause No. CR 05-7-M-

DWM, U. S. District Court for the District of Montana (Missoula Division)) and PI estimation

hearing in these Chapter 11 cases.  Statements made in opening argument are not evidence, but rather statements by counsel concerning the evidence that counsel intended to present during that trial.  Therefore, these designations do not include statements made under oath by any of the Plan Proponents, and the designation of such items as evidence against the Plan Proponents is improper.  Therefore, the Libby Claimants' designations from opening statements made in other judicial proceedings should be excluded.

Finally, the Libby Claimants have designated from the trial PI estimation testimony of Drs. Peter Lees and Betty Anderson.  These witnesses were proffered and testified as expert witnesses in the PI estimation hearing and, therefore, these designations represent new and improper proffers of experts in the Phase II hearing in violation of the Fourth Amended CMO. These designations accordingly should be stricken.

     **(c)**     **The Certain Plan Objectors**

The Plan Proponents object to the Certain Insurers' designation of testimony from the June 9, 2009 deposition of Dr. Mark Peterson, who is identified by the Plan Proponents as an expert witness for the Phase II hearing, as representing improper hearsay.  Statements made by a party's expert witness are not attributable to the underlying parties as party-admissions or otherwise, and, therefore, to the extent that any or all of Certain Insurers' designations from Dr. Petersons' transcript are being proffered for purposes of establishing the truth of the matters asserted therein, they are not admissible under Fed. R. Evid. 802.

     **(d)**     **The Official Committee of Unsecured Creditors and the Bank Lenders Group**

The Official Committee of Unsecured Creditors and Bank Lenders (collectively, "the Lenders") have filed a request to take judicial notice of certain documents and evidence presented in prior proceedings in these bankruptcy cases. (Docket No. 2274.)  Among the

matters which the Lenders request the Court take judicial notice is "the testimony and other evidence previously introduced and admitted into evidence during the Debtors' direct case during the asbestos personal injury claims estimation hearings held between January 14, 2008 and April 1, 2008." (*Id*.) The Lenders' request includes wholesale designations. For example, the Lenders request the court take judicial notice "in toto" of at least 8 full days of hearing testimony. The Plan Proponents will file a response to the Lenders' Motion. However, to the extent such motion is intended to serve as the Lenders' designation of prior testimony as required by the Fourth Amended CMO, the Plan Proponents hereby object to those designations as violating the Fourth Amended CMO and Fed. R. Civ. P. 32 for the same reasons set forth above regarding the State of Montana's wholesale designation of entire deposition transcripts.

<u>Conclusion</u>

WHEREFORE, for the reasons explained above, the Plan Proponents respectfully request that the Court enter an order that sustains the Plan Proponents objections to the above-referenced designations and objections identified on the underlying transcripts, and strikes this testimony from use during the Phase II hearing.

Dated:  August 20, 2009    Respectfully submitted,

KIRKLAND & ELLIS LLP

David M. Bernick, P.C.
Theodore Freedman
Justin S. Brooks
Citigroup Center
601 Lexington Ave.
New York, New York  10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

and

Barbara M. Harding
Brian T. Stansbury
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 879-5200

and

THE LAW OFFICES OF JANET S. BAER, P.C.
Janet S. Baer, P.C.
70 W. Madison St.
Suite 2100
Chicago, IL 60602
Telephone:  (312) 641-2162
Facsimile:  (312) 641-2165

and

PACHULSKI STANG ZIEHL & JONES LLP

   /s/  James E. O'Neill
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
joneill@pszjlaw.com
kmakowski@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

CAMPBELL & LEVINE, LLC

/s/ Mark T. Hurford
Mark T. Hurford (Bar No. 3299)
Marla R. Eskin (Bar No. 2989)
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
mhurford@camlev.com

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Kevin Maclay
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee of
Asbestos Personal Injury Claimants*

12

PHILIPS, GOLDMAN & SPENCE, P .A.

/s/ John C. Philips
John C. Philips (Bar No.110)
1200 North Broom Street
Wilmington, DE 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pgslaw.com

and

ORRICK, HERRINGTON & SUTCLIFFE LLP
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Counsel for David T Austern, Asbestos PI Future
Claimants' Representative*

SAUL EWING LLP

/s/ Teresa K.D. Currier
Teresa K.D. Currier (Bar No. (3080)
222 Delaware Avenue, 12th Fllor
Wilmington, DE  19801
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
tcurrier@saul.com

and

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Gregory Howowitz
David Blabey
1177 Avenue Of The Americas
New York, NY 10036
Telephone:  (212) 715-9100
*Counsel for the Official Committee of Equity Security
Holders*

13

14