And et **IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

**FEE AUDITOR'S FINAL REPORT REGARDING
FEE APPLICATION OF THE LAW OFFICES OF JANET S. BAER, P.C.,
FOR THE THIRTY-SECOND INTERIM PERIOD**

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of The Law Offices of Janet S. Baer, P.C., for the Thirty-Second Interim Period (the "Application").

**BACKGROUND**

1. The Law Offices of Janet S. Baer, P.C. ("Baer"), was retained as co-counsel to the Debtors and Debtors-in-Possession. In the Application, Baer seeks approval of fees totaling $189,125.00 and expenses totaling $3,866.87 for its services from January 1, 2009 through March 31, 2009 (the "Application Period"). Baer was retained by order of the Court dated March 25, 2009, *nunc pro tunc* to February 11, 2009. This is Baer's first fee application in the case.

2. In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2009, and the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Baer based upon our review, and we received a response from Baer, portions of which response are quoted herein.

## DISCUSSION

3.   In our initial report, we noted the following time entries in which there was a discrepancy between the total time billed and the time recorded in parentheses[1]:

| Date | Hours | Fees | Description |
|---|---|---|---|
| 2/18/2009 | 4.8 | 3,000.00 | Review revised Owens Illinois discovery responses (.30); confer with FCR and other parties re discovery issues and coordination for filing (.40); confer with M. Dierkes re response to Speights discovery request (.30); participate in call re Fireman's discovery and other response related issues. (2.0); confer with D. Speights, T. Freedman and R. Finke re Speights discovery issues and motion re same (several conferences ) (.60); conference with J. Monahan and L. Esayian re discovery issues (.40); numerous follow up discussions and correspondence re various discovery and plan related issues (.60); |
| *Actual time and fees:* | 4.6 | 2,875.00 | |
| *Overcharge:* | 0.2 | $125.00 | |

---

[1] All time entries in the Application were billed by Janet S. Baer ($625).

**FEE AUDITOR'S FINAL REPORT** - Page 2
wrg FR Baer 32Q 1-3.09.wpd

| Date | Hours | Fees | Description |
|---|---|---|---|
| 2/11/2009 | 5.8 | 3,625.00 | Review and respond to comments re protective order issues (.40); review and respond re Kaneb lift stay (.30); review and respond to numerous issues on confirmation discovery, especially re PD matters (.60)* confer re timing on PD discovery and related issues (.20); review Speights motion re discovery (.30); review revised PD CMO (.30); participate in call re PD motion issue with A. Rich (.40); follow up call with T. Freedman and J. Restivo (.30); renew PD CMO to forward to A. Rich (.30); prepare correspondence re discovery issues and scope of approach (.40); follow up with B Stansbury re Libby discovery responses and Heberling requests (.30); prepare correspondence re same (.40); review correspondence on Equitas issues (.30); review other A. Rich comments on plan disclosure statement issues (.30) finalize discovery communication to D. Bernick and transmit same (.40); review draft Libby, interrogatory responses (.40); |
| *Actual time and fees:* | 5.6 | 3,500.00 | |
| *Overcharge:* | 0.2 | $125.00 | |
| 2/24/2009 | 3.8 | 2,375.00 | Confer with T. Freedman re revising disclosure statement to address Anderson Memorial claims (1.40); confer with T. Freedman and D. Boll re plan coordination, solicitation, filing and printing issues (.50); follow up with J. Monahan and C. Greco re solicitation issues (.20); confer with M. Conron re solicitation and stock incentive questions (.30); confer with D. Boll re trust costs and fees and review correspondence re same (.30) |
| *Actual time and fees:* | 2.7 | 1,687.50 | |
| *Overcharge:* | 1.1 | 687.50 | |

| 2/25/2009 | 3.2 | 2,000.00 | Confer with M. Lewinstein re revision to Minnesota and Woburn portions of disclosure statement (.30); confer with L. Duff re same (.30); review L. Duff revisions to disclosure statement (.20); confer with M. Lewinstein re issues on disclosure statement (.60); review revised disclosure statement and various comments re same (.60); confer re same (.30); confer with C. Greco re solicitation issues (.30); confer with M. Lewinstein re J. McFarland comments on disclosure statement and review same (.80) |
|---|---|---|---|
| *Actual time and fees:* | 3.4 | 2,125.00 | |
| *Undercharge:* | [0.2] | [125.00] | |

| 2/26/2009 | 4.4 | 2,750.00 | Confer with B. Stansbury re DJ and PI discovery issues (.30); confer with T. Freedman re various issues on the disclosure statement, plan and related documents (.30) confer with L. Duff re Woburn language in disclosure statement and prepare correspondence re same (.30); confer with D. Boll re disclosure statement and plan issues and approval issues (.40); participate in call with plan team re coordination of plan and disclosure filing (1.20); prepare correspondence re solicitation issues (.30); prepare responses on numerous outstanding issues on plan related materials (.40); review comments from various parties re plan documents (.40) |
|---|---|---|---|
| *Actual time and fees:* | 3.6 | 2,250.00 | |
| *Overcharge:* | 0.8 | 500.00 | |

In response to our inquiry, Baer provided the following explanation of these discrepancies:

> In the Initial Report, you point out several discrepancies in my firm's time entries. I have gone back to my daily time sheets and based thereon have the following responses:

<p style="margin-left: 40px;"><u>February 11, 2001</u>. The questioned time entry was actually for February 16, 2009. My records indicate that the following entry in that long cited matter description had the incorrect hours recorded. The entry stated: "…confer re Speights motion re discovery (.20)." The actual time for that entry should have been .40 hours. As a result, the total time entry of 5.8 hours was correct and there was no overcharge.</p>

<p style="margin-left: 40px;"><u>February 18, 2009</u>. My records indicate that the following entry in that long cited matter description had the incorrect hours recorded. The entry stated: "…participate in call re Fireman's discovery and other response related issue (2.0)." The actual time for that entry should have been 2.2 hours. As a result, the total time entry of 4.8 hours was correct and there was no overcharge.</p>

<p style="margin-left: 40px;"><u>February 24, 2009</u>. My records indicate that a portion of the time entry for the cited matter was inadvertently left off. The portion missing was the following: "prepare revisions to certain pages of the Disclosure Statement (1.1)." As a result, the total time entry of 3.8 hours was correct and there was no overcharge.</p>

<p style="margin-left: 40px;"><u>February 25, 2009</u>. You have correctly pointed out that the actual time charged for the cited matter should have been 3.4 hours and not 3.2 hours. As a result, there was an undercharge of .2 hours for $125.00. However, since this was my mathematical error and you will see that this is, in fact, the only such error that would change the total fees billed, I suggest we just leave this matter as billed at 3.2 hours so that there is no need for any adjustment to the final numbers.</p>

<p style="margin-left: 40px;"><u>February 26, 2009</u>. My records indicate that a portion of the time entry was inadvertently left off for the cited matter. The portion missing was the following: "review R. Wyron Plan changes (.30); confer with M. Lewinstein, D. Boll and T. Freedman re same (.50)." As a result, the total time entry of 4.4 hours was correct and there was no overcharge.</p>

We accept Baer's response and have no objection to these fees.

## CONCLUSION

4.	Thus, we recommend approval of $189,125.00 in fees and $3,866.87 in expenses for Baer's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____
    Warren H. Smith
    Texas State Bar No. 18757050

Republic Center
325 North St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 21st day of August, 2009.

_____
Warren H. Smith

**SERVICE LIST**
Notice Parties

**The Applicant**
Janet S. Baer
The Law Offices of Janet S. Baer, P.C.
70 W. Madison St., Suite 2100
Chicago, IL 60602

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris & Heckscher
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801