IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------- x
                                         :   Chapter 11
In re:                                   :
                                         :   Case No. 01-01139 (JKF)
W.R. GRACE & CO., et a.,                 :   (Jointly Administered)
                                         :
                    Debtor.              :   **Re: Docket No. 22814**
                                         :
---------------------------------------- x

**ARROWOOD'S OBJECTIONS AND COUNTER-DESIGNATIONS TO CERTAIN
DEPOSITION DESIGNATIONS OF THE LIBBY CLAIMANTS**

Arrowood Indemnity Company f/k/a Royal Indemnity Company ("Arrowood") hereby responds and objects to (i) the Libby Claimants' Notice of Filing of Transcript and Deposition Excerpt Designations [Docket No. 22814].

Arrowood filed a timely objection to the Libby Claimants' designation of the following depositions taken in proceedings outside the bankruptcy, that do not involve all of the parties to the bankruptcy, on grounds that such testimony constitutes inadmissible hearsay: (1) Mary Ruth Albert, (2) Stuart Cannon, (3) Edward Nick Carvey, (4) Carl E. Craig, (5) Carrie M. Dedrick, (6) Kenneth Finstad, (7) Daniel Garrison, (8) Edward A. Gaston, (9) Robert L. Graham, (10) William J. Hagerty, (11) James G. Hopkins, (12) Jack Kenworthy, (13) Carl Larson, (14) John B. Lyle, (15) Thomas F. Murray, (16) Robert D. Nelson, (17) Darlene J. (Toni) Riley, (18) Wilma R. Shearer, (19) Verle Vinson, (20) Robert J. Wilkes, and (21) Andrew J. Wright. All the parties to this bankruptcy proceeding were not parties to the actions in which these depositions were taken and did not have the "opportunity and similar motive" to cross-examine the deponents as required by Fed. R. Evid. 804(b)(1).

While the Court need not reach beyond this threshold issue in declining to admit this

NY1:1789525.1

testimony, Arrowood also offers the following additional objections to individual questions and answers designated by the Libby Claimants:

**Thomas F. Murray**
**October 18, 1999**

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 30 | line 8–23 | Hearsay<br>Lacks Foundation | Deponent purports to describe what doctor allegedly said |

**Edward Gaston**
**March 22, 1999**

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 8 | line 10–17 | Hearsay<br>No Foundation | Deponent purports to describe the nature of illness |

**Carrie Mildred Dedrick**
**June 26, 2000**

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| Pg. 19 | Line 8-24 | No Foundation; Hearsay | Deponent purports to describe the nature of their illness |
| Pg. 25 | Line 4-12 | Hearsay | Deponent purports to describe what someone said the doctor said about deponent's medical condition |
| pg. 27 | line 16–2 | Leading<br>Assumes fact not in evidence | Lawyer testifies as to facts not in evidence |
| Pg. 37 | Line 16-21 | Leading; Assumes Fact in Evidence | Purports to ask question about EPA relief program assuming W.R. Grace "contaminated community." |
| pg. 38 | line 19–25 | Hearsay<br>No foundation | Deponent describes diagnosis of husband |
| pg. 44 | line 16–22 | Hearsay | Deponent describes Dr. Whitehouse's statements about deponents exposure to asbestos |
| Pg. 76 | Line 22-25 | No Foundation | Question states that there was asbestos in the materials they played with as a child |

NY1:1789525.1

2

## Mary Ruth Albert
## August 26, 1999

| Page | Line | Objection | Nature of Testimony |
|------|------|-----------|---------------------|
| pg. 16 | line 5-21 | Hearsay; No Foundation | Deponent relates what husband told her about nature of his job |
| pg. 20 | line 12-20 | Hearsay, No Foundation | Deponent relates what husband told her about use of respirators |
| Pg. 21 | line 17-25 | Hearsay, No Foundation | Deponent relates what husband told her about dust at job |
| Pg. 30 | Line 6-25 | Hearsay, No Foundation | Deponent testifies what she heard from doctor regarding nature of husband's condition |
| Pg. 31 | Line 1-14 | Hearsay, No Foundation | Deponent testifies what she heard from doctor regarding nature of husband's condition |

## Daniel Garrison
## February 28, 2000

| Page | Line | Objection | Nature of Testimony |
|------|------|-----------|---------------------|
| pg. 5 | line 17–24 | Hearsay | Deponent purports to describe what doctor said |
| pg. 6 | line 18–20 | Hearsay | Deponent purports to describe what another individual purportedly said |
| pg. 7 | line 13–20 | Hearsay | Deponent purports to describe what another individual purportedly said |

## Stuart Cannon
## August 23, 1999

| Page | Line | Objection | Nature of Testimony |
|------|------|-----------|---------------------|
| pg. 100 | line 13–25 | Hearsay<br>No foundation | Deponent purports to describe what doctor said |

## Stuart Cannon
## August 23, 1999

| Page | Line | Objection | Nature of Testimony |
|------|------|-----------|---------------------|
| pg. 100 | line 13–25 | Hearsay<br>No foundation | Deponent purports to describe what doctor said |

## William Hagerty
## July 12, 2000

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 38 | line 5–10 | Hearsay<br>No foundation | Lay deponent purports to offer diagnosis |
| pg. 38 | line 17–24 | No Foundation | Lay deponent purports to offer diagnosis |
| Pg. 39 | Lines 24-25 | No Foundation | Deponent testifies as to what medical tests showed |
| Pg. 40 | Line 1-1 | No Foundation | Deponent testifies as to what medical tests showed |
| Pg. 41 | Line 15-22 | Hearsay | Deponent recounts Dr. Whitehouse's statements |
| Pg. 41 | Line 24-25 | Hearsay; No Foundation | Deponent is asked to state whether fluid in ear was caused by asbestosis, and recounts that Dr. Whitehouse said it probably was |
| Pg. 42 | Lines 4-10 | Hearsay; No Foundation | Deponent describes medical discussion with Dr. Whitehouse |

## Carl Larson
## July 12, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 50 | line 1–10 | Hearsay | Deponent purports to describe what doctor said |
| pg. 51 | line 14–22 | No foundation | Lay deponent purports to give medical diagnosis |

## John Lyle
## February 3, 1998

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 77 | line 19–23 | Leading<br>No foundation | Deponent offers testimony on point where no foundation for testimony |
| pg. 82 | line 15–25 | Hearsay | Deponent purports to describe what another individual purportedly said |
| pg. 87 | line 13–21 | Hearsay<br>No foundation | Deponent purports to describe what doctor said |

## Thomas Murra
### October 10, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 29 | line 21–24 | No foundation<br>Fact not in evidence | Lay deponent offers medial diagnosis |
| pg. 30 | line 17–23 | Hearsay<br>No foundation | Lay deponent offers medical diagnosis |
| pg. 36 | line 19–23 | No foundation<br>Assumes facts not in evidence | |

## Andrew Wright
### December 15, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 22 | line 21–25 | Assumes facts not in evidence | |
| pg. 77 | line 11–15 | Hearsay | Deponent purports to describe what another individual purportedly said |
| pg. 77 | line 22–25 | Hearsay | Deponent purports to describe what another individual purportedly said |
| pg. 30 | line 22–25 | Hearsay<br>Assumes facts not in evidence | Deponent purports to describe what another individual purportedly said |
| pg. 32 | line 12–25 | Hearsay | Deponent purports to describe what doctor said |

## Carl Larson
### July 12, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 16 | line 7–10 | No foundation | |
| pg. 21 | line 14–21 | No foundation | |
| pg. 50 | line 1–10 | Hearsay | Deponent purports to describe what another individual purportedly said |
| pg. 51 | line 14–20 | No foundation | |

### Edward Carrey
### December 15, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 43 | line 17-25 | Hearsay | |
| pg. 44 | line 1-18 | No Foundation | |

### Robert D. Nelson
### December 9, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 60 | line 2-16 | Hearsay, No Foundation | Deponent recounts what doctor allegedly said |
| pg. 62 | line 7-25 | Hearsay, No Foundation | Deponent recounts what doctor allegedly said |

### Robert Grahm
### September 5, 1997

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 13 | line 17-25 | Hearsay | |
| pg. 14 | line 1-6 | Lacks Foundation | |
| pg. 17 | line 12-18 | Hearsay Lacks Foundation | |

### Darlene J. Riley
### December 10, 1996

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 85 | line 25-86 | Hearsay, No Foundation | Deponent recounts what doctor allegedly said |

### Wilma R. Shearer
### February 4, 1998

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 102 | line 2-10 | Hearsay, No Foundation | Deponent recounts what doctor allegedly said |

**Verle R. Vinson**
**December 15, 1999**

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| Pg. 22 | Line 21-25 | Assumes fact not in evidence | Asked whether other workers got sick from alleged dust |
| Pg. 27 | Line 11-14 | Hearsay | Deponent recounts what doctor allegedly said |
| Pg. 27 | Line 22-25 | Hearsay | Deponent recounts what doctor allegedly said |
| Pg. 28 | Line 3-7 | No Foundation; Hearsay | Deponent recounts what doctor allegedly said |
| Pg. 30 | Lines 22-25 | Hearsay; Assumes Fact Not In Evidence | Question assumes diagnosis of asbestos, and that doctors told deponent diagnosis |
| Pg. 32 | Lines 13-17 | Hearsay | Deponent recounts what doctor allegedly said |
| Pg. 32 | Lines 19-25 | No Foundation | Deponent describes nature of treatment |

**Robert J. Wilkers**
**December 15, 1999**

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 37 | Lines 16-18 | Hearsay | Deponent recounts what supervisor allegedly said |
| Pg. 51 | Lines 19-25 | Hearsay | Deponent recounts what doctor allegedly said |
| Pg. 56 | Lines 5-17 | Hearsay, No Foundation | Deponent recounts what doctor allegedly said and nature of treatment |

**********

Arrowood reserves the right to join the objections to the designated testimony of any other party to the proceeding. Based on the foregoing and the objections previously advanced by Arrowood to these depositions, Arrowood respectfully requests that this Court exclude the designated deposition testimony.

Dated: August 24, 2009
Wilmington, Delaware

By: /s/ Garvan F. McDaniel
 Garvan F. McDaniel, Esq. (#4167)
 BIFFERATO GENTILOTTI LLC
 800 N. King Street, Plaza Level
 Wilmington, DE 19801
 Telephone: (302) 429-1900
 Facsimile: (302) 429-8600

 -and-

 Carl J. Pernicone, Esq.
 WILSON, ELSER, MOSKOWITZ
 EDELMAN & DICKER, LLP
 150 East 42nd Street
 New York, NY 10017-5639
 Telephone: (212) 490-3000

 -and-

 Tancred Schiavoni, Esq.
 Gary Svirsky, Esq.
 O'MELVENY & MYERS LLP
 7 Times Square
 New York, New York
 Telephone: (212) 326-2267

 *Counsel to Arrowood Indemnity Company, f/k/a Royal Indemnity Company*