1      THE COURT: Yes.

2      MR. FINCH: Ms. Harding, is it correct that the books
3 that you're submitting to the Court don't include Exhibits 330
4 and 336? You haven't offered them.

5      MS. HARDING: Yes, we're not moving to admit those.

6      MR. FINCH: Okay.

7      THE COURT: They are in the book, they were in the
8 binder. Do you want me to take them out?

9      MR. FINCH: There's -- they haven't been admitted and
10 we would have an objection as to one of those and we'll wait
11 until, when, as and if they offer it.

12     THE COURT: They're just in the binder. I mean if
13 they're not admitted I'm not going to be looking at them. I
14 didn't know if they were here for somebody else's purpose for
15 later.

16     MS. HARDING: They were there because they were part
17 of the testimony, so we kept them in, but we're not moving to
18 admit them right now.

19     MR. FINCH: Right. As long as they're not being
20 offered and Your Honor is not going to consider them at this
21 point, then --

22     THE COURT: I have plenty to consider besides the
23 things that are being admitted so, no, I will not be, but if
24 you want them out, I'll take them out, it's up to you. I was
25 trying to keep the record the way you folks are giving me the

Case 01-01139-AMC    Doc 22958-26    Filed 08/25/09    Page 2 of 8

89

1  binders.
2          MR. FINCH:  Whatever is Your Honor's preference.
3          THE COURT:  I don't have a preference, I'm not going
4  to look at them if they're not admitted so it's --
5          MR. FINCH:  Okay.  Then just leave them in.
6          THE COURT:  Okay.  One second.  I need to get caught
7  up with where you are here so I don't lose track.  Just one
8  minute, please.  Okay, Ms. Harding, thank you.
9     (Videotaped deposition of Dr. Ray Harron played into record)
10         MS. HARDING:  Your Honor, again, the full extent of
11 the questions asked of Dr. Harron are in the notebook.  We will
12 seek to admit documents related to Dr. Harron.  The first one
13 is GX-0125, which are medical records of previous Grace
14 claimants that have settled claims against W.R. Grace.
15         MR. FINCH:  No objection.
16         THE COURT:  Okay, one second.  All right, 0125 is
17 admitted.
18         MS. HARDING:  Thank you, Your Honor.  GX-0126, same
19 proffer, these are medical records of previous settled Grace
20 claimants, offered by, I believe the law firm Campbell Cherry.
21         MR. FINCH:  No objection.
22         THE COURT:  Admitted.
23         MS. HARDING:  And, finally, GX-0127, these are
24 medical records of settled claimants against W.R. Grace offered
25 by Campbell Cherry.

J&J COURT TRANSCRIBERS, INC.

CC-BLG001150

1   MR. FINCH:  No objection.
2   THE COURT:  Admitted.
3   MS. HARDING:  Thank you, Your Honor.  And the final
4 video deposition we'll be playing is Dr. Ballard.  And I'm
5 sorry, Your Honor, Dr. Ballard is the doctor listed number --
6 in the fourth row on Dr. Henry's Exhibit GG-2094.
7   (Videotaped deposition of Dr. Ballard played into record)
8   MS. HARDING:  Your Honor, in connection with Dr.
9 Ballard's testimony we're seeking to admit four exhibits.  The
10 first on is GX-0159, which are invoices of Dr. Ballard.
11   MR. FINCH:  No objection.
12   THE COURT:  It's admitted.
13   MS. HARDING:  GX-0160.
14   MR. FINCH:  No objection.
15   THE COURT:  What is it?
16   MS. HARDING:  It is a letter from Dr. Ballard to a
17 law firm involving charges related to his --
18   THE COURT:  It's admitted.
19   MS. HARDING:  GX-0161, which is medical records with
20 Dr. Ballard's signature for previous Grace settled claimants.
21   MR. FINCH:  No objection.
22   THE COURT:  Admitted.
23   MS. HARDING:  GX-0162, which is a memorandum
24 concerning an invoice of Dr. Ballard.
25   MR. FINCH:  No objection.

1        THE COURT: Admitted.
2        MS. HARDING: Your Honor, that concludes the
3   presentation of the witness testimony by deposition today.
4        THE COURT: All right. Mr. Finch?
5        MR. FINCH: I don't have anything, Your Honor.
6        THE COURT: Mr. Mullady?
7        MR. MULLADY: Thank you, Your Honor. Your Honor,
8   it's the position of the FCR that none of the evidence that was
9   admitted today, both testimonial and documentary evidence is
10  binding on the FCR and under Federal Rule of Evidence 105, our
11  position is that this evidence while it may be admissible to
12  one party and for one purpose, it is not admissible to the FCR
13  for other purposes and that the Court should restrict the
14  evidence admitted today to its proper scope and you won't be
15  instructing the jury and that's what the rule continues to say,
16  but you understand the point. That all this evidence relates
17  to the status of current claims and should not influence the
18  Court's decision with respect to the estimate with respect to
19  future claims.
20       THE COURT: Well, it does relate to the status of
21  current claims. It may relate to the status of future claims,
22  I don't know that yet, Mr. Mullady and so I mean I can't -- I
23  don't know that I can rule on this objection now. I can
24  certainly take it under advisement.
25       It seems to me that to a certain extent the number of

1 claims because I don't know that we're up to liability yet, but
2 at least the number of claims, and this evidence is clearly
3 relevant to the number of current claims as I see it under the
4 Debtor's construction of how current claims are going to be
5 counted, may affect how future claims are counted. It may not,
6 but it may. And if, in fact, it does affect how future claims
7 are counted, then it is relevant to the futures. I don't know
8 that yet.
9     MR. MULLADY: Right. And understandably so, and I'll
10 make one more comment and then yield the floor to Ms. Harding.
11     The Court will see, by way of a preview, when we
12 present our evidence and our estimator, that our estimate does
13 not derive from any predicates which may have been established
14 through the evidence that was admitted today and I don't need
15 to say anything more at this time. I understand the Court is
16 going to have to see this evidence as it comes in.
17     THE COURT: Okay.
18     MR. MULLADY: I'm just making my record.
19     THE COURT: All right.
20     MS. HARDING: Your Honor, I would just like to say
21 one thing for the record, which I agree with Mr. Mullady, I
22 think that when the Court views the Future Claimant's
23 estimation expert's work, the Court will see that that work is
24 relying heavily upon the current and past claims data from W.R.
25 Grace.

1       THE COURT: Well, yes, somebody is going to have to
2  rely on current and past data, I mean of some sort, even the
3  Debtor's construction is a little bit different than the
4  Committee's and the FCR's, I think, but if I don't have some
5  Grace data of some sort, regardless of where you want to cut
6  the slices, then I'm not going to have much on which to base a
7  ruling. I really think this comes down to where the slice is
8  going to be cut and I think you disagree about where that slice
9  is, but I'm looking at Grace data in this case, period. So, I
10 go back to what I said before, folks. I hope you're going to
11 take some time and try to get this resolved in a forum other
12 than this courtroom. But okay.
13      MR. MULLADY: I won't say anything further, Your
14 Honor, except I think I have to say in response to what Ms.
15 Harding said, that isn't the way our estimate is done and the
16 operative words in her sentence were Grace data. Our estimator
17 us using certain Grace data, our estimator is not using any
18 data that would be predicated on the testimony that came in
19 today or the documents that came in today.
20      THE COURT: Okay.
21      MR. MULLADY: Thank you.
22      THE COURT: Well, as I indicated, Mr. Mullady, I
23 really just have to take these objections under advisement now
24 because it's pretty early in the case and I think based on the
25 Debtor's construction of events it's relevant, it may not be to

CC-BLG001154

Case 01-01139-AMC    Doc 22958-26    Filed 08/25/09    Page 7 of 8

94

```
 1  the FCR's, but I certainly haven't heard all the evidence and
 2  at the moment, I'm not prepared to give rulings on whose who in
 3  the zoo.  So, it's just going to have to wait.
 4          MR. MULLADY:  Thank you.
 5          THE COURT:  Okay, thank you.  Okay, anything more for
 6  today?
 7          MS. HARDING:  That's it, Your Honor, thank you.
 8          THE COURT:  All right.  We're in recess.
 9          MR. FINCH:  Thank you, Your Honor.
10          THE COURT:  Oh, did you folks have a chance to look
11  at your calendars for the May 13th and 14th dates?  Are you
12  clear for those dates instead of --
13          MR. FINCH:  It works for the ACC, Your Honor.
14          MR. MULLADY:  And for th FCR as well.
15          THE COURT:  All right.
16          MS. HARDING:  Your Honor, I believe it works for
17  everybody at this table.  I do not know for sure whether it
18  works for Mr. Bernick, so I will check with him and will have
19  Ms. Baer maybe contact the Court to let you know.
20          THE COURT:  Yes, that would be fine because what we
21  had before was March 3rd and March 5th, and not March 4th
22  because somebody wasn't available.  So, we had a day in
23  between.  I think May 13 and 14 would be better because at
24  least you'd be here for two consecutive days.  All right.
25  Thank you.
```

J&J COURT TRANSCRIBERS, INC.

CC-BLG001155

95

1  MS. HARDING: Thank you, Your Honor.
2  THE COURT: We're adjourned. Safe travels.
3  *****
4  **CERTIFICATION**
5
6  WE, TAMMY DeRISI, VIDHYA VEERAPPAN & ELAINE HOWELL, court
7  approved transcribers, certify that the foregoing is a correct
8  transcript from the official electronic sound recording of the
9  proceedings in the above-entitled matter and to the best of our
10 ability.
11
12 /s/ Tammy DeRisi
13 TAMMY DeRISI
14
15 /s/ Vidhya Veerappan
16 VIDHYA VEERAPPAN
17
18 /s/ Elaine Howell        Date:   January 25, 2008
19 ELAINE HOWELL
20 J&J COURT TRANSCRIBERS, INC.
21
22
23
24
25

J&J COURT TRANSCRIBERS, INC.