# Exhibit Long

# A

**Long00001**

Bench Filed
on 5/24/04

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Re: 5/24/04 Agenda Item # 7 |
| | ) | Docket No. 5460 |

**ORDER GRANTING APPLICATION OF DEBTORS PURSUANT TO
11 U.S.C. §§ 105, 327 AND 524(g)(4)(B)(i), FOR THE APPOINTMENT OF
A LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS**

Upon the application of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for the appointment of a legal representative for future asbestos

claimants (the "Application")[2]; *Motion of Neutocrete Products, Inc. for Relief from Stay Under*

*Section 362 of the Bankruptcy Code* (the "Motion"); and it appearing that the Court has

jurisdiction to consider the Application and the relief requested therein in accordance with 28

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings described to them in the Application.

C:\Documents and Settings\pcc\Desktop\Grace Orders\Agenda Item 7 Appointment of Legal Rep.doc

Long00002

U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Application is properly in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Application is granted.

2.    _David Austern_ is hereby appointed as the Futures'

Representative.

3.    The Futures' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party-in-interest in all matters relating to the Debtors' chapter 11 cases, and shall have, *inter alia*, the powers and duties of a committee, which powers and duties may be modified by order of the Court at any time during these cases.

4.    The Futures' Representative may employ attorneys, and other professionals, consistent with sections 327 and 1103 of the Bankruptcy Code, subject to prior approval of this Court and pursuant to the Administrative Compensation Order.

5.    Compensation, including professional fees and reimbursement of expenses, shall be payable to the Futures' Representative and his professionals from the Debtors' estates, in accordance with the terms and conditions negotiated by the appointed Candidate and the Debtors, subject to approval by this Court and subject to the Administrative Compensation Order.

C:\Documents and Settings\pec\Desktop\Grace Orders\Agenda Item 7 Appointment of Legal Rep.doc

**Long00003**

6.      The Futures' Representative shall not be liable for any damages, or have any obligations other than as prescribed by orders of this Court; provided, however, that the Futures' Representative may be liable for damages caused by his willful misconduct or gross negligence. The Futures' Representative shall not be liable to any person as a result of any action or omission taken or made by the Futures' Representative in good faith. The Debtors shall indemnify, defend and hold the Futures' Representative and his agents and professionals harmless from any claims by any party against the Futures' Representative arising out of or relating to the performance of his duties as Futures' Representative, provided, however, that the Futures' Representative (and his agents and professionals), shall not have such indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-appealable order that the Futures' Representative is liable upon such claim as a result of willful misconduct or gross negligence. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order and no longer subject to appeal), and (ii) entry of an order closing these chapter 11 cases, the Futures' Representative believes that he is entitled to payment for any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under an order approving this Application, including without limitation the advancement of defense costs, the Futures' Representative must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Futures' Representative before the entry of an order by this Court approving the payment. The preceding sentence is intended to specify the period of time under which this Court shall have the jurisdiction over any request for fees and expenses by the Futures'

3

Long00004

Representative for indemnification, contribution or reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the Futures' Representative. In the event that a cause of action is asserted against the Futures' Representative arising out of or relating to the performance of his duties as Futures' Representative, the Futures' Representative shall have the right to choose his own counsel.

7.      The Futures' Representative and his counsel shall be entitled to receive all notices and pleadings which are served upon the Committees and their respective counsel pursuant to any and all orders entered in these chapter 11 cases, including, without limitation, (i) the Administrative Compensation Order, and (ii) any and all orders authorizing the Debtors to obtain post-petition financing.

8.      This Court shall retain jurisdiction to hear and determine all matters related to the entry of this Order.

Dated: May _24_, 2004.

_K Fitzgerald_

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

4

Long00005