# Exhibit Long D

Long00026

LMF-LQP

## ASSIGNMENT OF CLAIM

1. Identification of the parties:

Seller:
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA
70 Pine Street
New York, NY 10270
Attn: James J Murphy
Tel: (212) 770-1590
Fax: (212) 770-1489

with a copy to:
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, NY 10022
Attn: Michael S. Davis
Tel: (212) 826-5311
Fax: (866) 213-9038

Buyers:
LONGACRE MASTER FUND, LTD. and
LONGACRE CAPITAL PARTNERS (QP), L.P.
810 Seventh Avenue, 22nd Floor
New York, NY 10019
Tel: 212-259-4305
Fax: 212-259-4343
Attn: Vladimir Jelisavcic

2. (a) By this Assignment of Claim ("Assignment"), Seller, its successors and assigns, for good and valuable consideration, the sufficiency of which is hereby acknowledged by Seller, absolutely and unconditionally sells, transfers and assigns unto Buyers, their successors and assigns, all rights, title and interest in and to the claim(s) and any reclamation claim(s) as more fully defined below (the "Claim") of Seller against W.R. GRACE & CO.-CONN., et al. ("Debtor"), the debtor-in-possession in the Chapter 11 reorganization case, Case No. 01-01140 (the "Case"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The consideration paid by Buyers to Seller for the Claim is set forth on Exhibit A annexed hereto and made a part hereof (the "Consideration"). The Claim is defined as, without limitation, all of Seller's right, title and interest in and to the Order (defined below) or the Proof of Claim (defined below), all cure amounts paid by Debtor in connection with the assumption of contracts related to such claims(s) or the Proof of Claim; all rights to receive principal, interest, all rights of stoppage in transit, replevin and reclamation, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and all other claims, causes of action and voting and other rights arising under or relating to any of the foregoing, including, without limitation, all of Seller's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or the Case.

(b) Buyers hereby agree that the payment of the Consideration shall be completed within two (2) business days following the Order (as defined below) being made final and non-appealable. Buyers shall cause the Consideration to be delivered to the Seller in accordance with the wiring instructions set forth as Exhibit A.

3. Seller represents and warrants the following:

L01475

Long00027

[ X ] YES, PROOF OF CLAIM #9553 HAS been duly and timely filed in the Case in the aggregate amount of $46,971,764.00 (the "Proof of Claim Amount") and a true and such proof of claim is attached to this Assignment (collectively, the "Proof of Claim"). The Proof of Claim has been modified and acknowledged by the Debtor pursuant to that certain Order Authorizing Debtors' Settlement with National Union and Claimants and the related Settlement Agreement and Mutual Release (the "Order") to an allowed unsecured, pre-petition, non-priority claim against the Debtor in the amount of $9,806,018.00 (the "Allowed Amount") and a true copy of the Order has been attached to this Agreement. Buyers shall be deemed to be the owner of the Claim in the Allowed Amount, subject to the terms of this Assignment, and shall be entitled to identify itself as the owner of the Proof of Claim on the records of the Bankruptcy Court.

[ ] NO, a PROOF OF CLAIM HAS NOT been filed in the Case. The agreements, instruments, invoices, purchase orders, proofs of delivery and other documents evidencing the Claims support the filing of a proof of claim against the Debtor in the amount of <Size> (the "Proof of Claim Amount").

4. Seller further represents and warrants that: (a) the Claim is allowed unsecured, pre-petition, non-priority claim against the Debtor in the amount of the Allowed Amount (b) the Claim is a valid, enforceable claim against the Debtor; (c) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Assignment by Seller; (d) this Assignment has been duly authorized, executed and delivered by Seller and Seller has the requisite power and authority to execute, deliver and perform this Assignment; (e) this Assignment constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (f) it has not filed a petition seeking protection under the Bankruptcy Code, or admitted its inability to, or failed to, pay its debts generally as they become due; (g) no payment or other distribution has been received by Seller, or by any third party on behalf of Seller, in full or partial satisfaction of, or in connection with, the Claim; (h) no portion of the Claim has been sold, assigned or pledged to any third party in whole or in part; (i) the Claim is not subject to any factoring agreement; (j) Seller owns and has and is hereby selling to Buyers good and sole legal and beneficial title to the Claim free and clear of any and all liens, security interests, encumbrances or claims of any kind or nature whatsoever; (k) the basis for the Claim is amounts due and owing by the Debtor arising from the issuance of surety bonds to Debtor; (l) true and complete copies of all agreements, instruments, invoices, purchase orders, proofs of delivery and other documents evidencing or relating to the Claim will be, at Buyers' option, delivered to Buyers prior to closing of this Assignment and/or maintained in good condition by Seller until the Bankruptcy Court enters a final decree closing the Case and delivered to Buyers within 5 business days of Buyers' request; (m) Seller has no liability or obligation related to or in connection with the Claim or the Case; (n) other than the Proof of Claim, no proof of claim has been or will be filed by or on behalf of Seller in the Case or any related proceeding; (o) no objection to the Claim has been filed or threatened; and (p) the Claim is not subject to any defense, claim or right of setoff, reduction, impairment, avoidance, disallowance, subordination or preference action, in whole or in part, whether on contractual, legal or equitable grounds, that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or affect its validity, priority or enforceability.

5. Seller is aware that the consideration being paid by Buyers hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant to any plan of reorganization confirmed for the Debtor. Seller represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Buyers, and based on such information as Seller has deemed appropriate, made its own decision to enter into this Assignment. Seller is aware that information which may be pertinent to Seller's decision to transfer the Claim is available to Seller and can be obtained from the Bankruptcy Court's files. Seller further represents that it is not and has never been an "insider" of the Debtor (as defined in Section 101(31) of the Bankruptcy Code) or a member of any official or unofficial committee in respect of the Case.

6. Seller acknowledges and agrees that: (a) Buyers currently may have, and later may come into possession of, information relating to the Debtor that is not known to Seller and that such information may be material to

L01476

Long00028

Seller's decision to assign the Claim to Buyers ("Seller Excluded Information"); (b) Seller has determined to assign the Claim notwithstanding its lack of knowledge of the Seller Excluded Information; and (c) Buyers shall have no liability to Seller, and Seller waives and releases any claims that it might have against Buyers with respect to the non-disclosure of the Seller Excluded Information.

7. Seller further acknowledges and agrees that: (a) Buyers are not assuming any of Seller's obligations under that certain Settlement Agreement and Mutual Release, dated as of November 13, 2007 (the "Settlement Agreement"), among the Debtor and its 61 affiliated entities that are also Debtors in the Case, Seller and its affiliates, and Reaud, Morgan & Quinn, Inc. and Environmental Litigation Group, P.C. and their respective clients (collectively, the "Claimants"); (b) Seller shall maintain sole responsibility for payment of the Payment Amount (as defined in the Settlement Agreement) to the Claimants under the terms of the Settlement Agreement; and (c) Seller's failure to pay the Payment Amount to the Claimants in accordance with the terms of the Settlement Agreement shall constitute an "Impairment" of the Claim under Section 9 of this Assignment and the Buyers shall be entitled to exercise all of their rights and remedies under Section 9 as a result of such failure.

8. Buyers represent and warrant and covenant to Seller that as of the date hereof: (a) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Assignment; (b) this Assignment has been duly authorized, executed and delivered by Buyers and Buyers have the requisite power and authority to execute, deliver and perform this Assignment and the transactions contemplated by this Assignment are not in contravention of any law, order, regulation or agreement by which Buyers are bound; (c) each Buyer (i) is a sophisticated buyer with respect to the sale of the Claim, (ii) has adequate information concerning the business and financial condition of Debtor and the status of the Case to make an informed decision regarding the sale of the Claim, (iii) has independently and without reliance upon Seller, and based on such information as Buyer has deemed appropriate, made its own analysis and decision to enter into this Assignment, and (iv) is aware that the consideration being paid by it hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant to any plan of reorganization which is confirmed for the Debtor, any liquidation or any other distribution in the Case; (d) Buyers acknowledge that Seller has not given Buyers any investment advice, credit information, or opinion on whether the purchase of the Claim is prudent; (e) Buyers acknowledge that (i) Seller currently may have, and later may come into possession of, information with respect to the Claim, Debtor, or any of its affiliates that is not known to Buyer and that may be material to a decision to purchase the Claim ("*Buyer Excluded Information*"), (ii) Buyers have not requested to receive the Buyer Excluded Information and Buyers have determined to purchase the Claim notwithstanding its lack of knowledge of the Buyer Excluded Information, (iii) information which may be pertinent to Buyers' decision to purchase the Claim is available to Buyers and may be obtained from the Bankruptcy Court's files, the Debtor, and other public sources, and (iv) without limiting any of the representations and warranties of Seller herein, Seller shall have no liability to Buyers, and Buyers waive and release any claims that it might have against Seller or any agents, controlling persons, officers, members, managers, directors, and employees of Seller whether under applicable securities laws or otherwise, with respect to the nondisclosure of the Buyer Excluded Information.

9. In the event all or any part of the Claim is either (a) objected to; (b) impaired by the commencement or notice from Debtor of any action or proceeding including, but not limited to any proceeding which seeks to reduce all or part of the Allowed Amount or provide less favorable treatment to the Claim than other unsecured claims, including the timing of payments or distributions or (c) offset, disallowed, subordinated, or otherwise impaired, in whole or in part, in the Case for any reason whatsoever, including, without limitation, pursuant to an order of the Bankruptcy Court (whether or not such order is appealed), (collectively, an "Impairment"), Seller agrees to immediately repay, on demand of Buyers (which demand shall be made at Buyers' sole option), an amount equal to the portion of the Allowed Amount subject to the Impairment multiplied by the Purchase Rate, plus interest thereon at 10% per annum from the date hereof to the date of repayment, provided, however, that such a demand by Buyers shall not be deemed an election of remedies or any limitation on any other rights that Buyers may have hereunder or under applicable law. In the event an order is entered in the Bankruptcy Court disapproving the transfer of the Claim, or in the event that the Bankruptcy Court does not substitute Buyers for Seller, Seller

L01477

Long00029

agrees to immediately repay, upon demand of Buyers, the consideration paid by Buyers hereunder, plus interest thereon at 10% per annum from the date hereof to the date of repayment.

10. Seller agrees that in the event Seller receives any payments or distributions or notices with respect to or relating to the Claim, Seller shall (a) accept the same as Buyers' agent, (b) hold the same in trust on behalf of and for the sole benefit of Buyers, and (c) in the case of cash ("Cash Distribution"), promptly deliver the same forthwith to Buyers (free of any withholding, set-off, claim or deduction of any kind), within 2 business days. In the case of distributions in the form of securities, Seller shall (i) notify Buyers immediately of Seller's receipt of such distributions and (ii) immediately deposit such securities in Seller's brokerage account and (iii) instruct the broker to immediately deliver such securities in electronic form to Bear Stearns DTC #352, for further credit to account #102-21928-25. In the event Seller fails to deliver the Cash Distribution to Buyers within 2 business days of Seller's receipt, Seller shall be obligated to pay Buyers interest on the Cash Distribution at 10% per annum, from the date of Seller's receipt to the date of Buyers' receipt. Moreover, in the event Seller receives a Cash Distribution prior to or at the time of the funding of the consideration to be paid under this Assignment, Buyers shall have the right (at their option) to offset (in whole or in part) the Cash Distribution against the consideration by instructing Seller to retain all or a portion of the Cash Distribution. In addition, Seller agrees to provide Buyers with copies of all correspondence with respect to the Claim.

11. Seller agrees to indemnify Buyers from all losses, damages and liabilities, including reasonable attorneys' fees and expenses, which result from Seller's breach of any representation, warranty or covenant set forth herein, or any Impairment of the Claim, including, but not limited to, any action, proceeding, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay payments or distributions in respect of the Claim. Buyers do not assume and shall not be responsible for any obligations or liabilities of Seller related to or in connection with the Claim or the Case. In the event Seller has sold or assigned the Claim or any portion thereof to any other person or entity, Seller shall, immediately upon demand by Buyers, pay Buyers liquidated damages in an amount equal to twice the sum of the purchase price paid hereunder and Buyers' costs and expenses (including, without limitation, attorneys' fees and expenses) relating to this Assignment or the Claim.

12. Seller hereby irrevocably appoints Buyers with full power of substitution as its true and lawful attorney and authorizes Buyers to act in Seller's name, place and stead, to demand, sue for, compromise, recover, and transfer to Buyers all such sums of money and securities which now are, or may hereafter become due and payable for, or on account of the Claim herein assigned. Seller grants unto Buyers full authority to do all things necessary to enforce or compromise the Claim and Seller's rights thereunder or related thereto pursuant to this Assignment. Seller agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Buyers. Buyers shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Claim or otherwise in the Case. Seller agrees to execute, acknowledge and deliver all such further certificates, instruments and other documents, and to take all such further action as may be necessary or appropriate to effect assignment of the Claim and all interests therein to Buyers, to fully assist Buyers in enforcing the Claim and to otherwise effectuate the intent of this Assignment. Seller agrees that Buyers may sell, transfer or assign the Claim, or any portion thereof, together with all right, title and interest of Buyers and all obligations of Buyers in and to this Assignment (the purchaser or transferee of the Claim from the Buyers is defined as the "Beneficial Owner"). In the event Buyers sell, transfer or assign the Claim, or any portion thereof: (i) Buyers shall have no further obligations to Seller under this Assignment; (ii) Seller shall deal only with the Beneficial Owner of the Claim; (iii) Seller shall only enforce its rights under this Assignment against the Beneficial Owner of the Claim; and (iv) the Beneficial Owner shall have all of the Buyers' rights under this Assignment and related documents.

13. Buyers and Seller irrevocably agree that any action to enforce, interpret, or construe any provision of this Assignment will be brought and determined only in a state or Federal court located in the City of New York, except in a bankruptcy court ("New York Courts"). Seller irrevocably and unconditionally consents to personal jurisdiction over Seller by the New York Courts in any action to enforce, interpret or construe any provision of this Assignment, and also hereby irrevocably waives: (a) trial by jury; (b) any defense of improper venue; or (c)

L01478

Long00030

forum non conveniens, to any such action brought in the New York Courts. Seller consents to service of process by certified mail at its address listed above. This Assignment shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles thereof.

14. The document attached hereto as <u>Exhibit B</u> and incorporated herein by reference may be filed by Buyers with the Bankruptcy Court as evidence of this transfer. Seller grants Buyers the right to: (a) make any corrections to <u>Exhibit B</u> necessary to effect assignment of the Claim; and (b) execute other evidences of transfer that may be necessary to transfer other proofs of claim filed by Seller in the Case. Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Buyers herein as the valid owner of the Claim. Seller acknowledges and agrees that Longacre Master Fund, Ltd. shall be the holder of record of the Claim and shall identify itself as such on the records of the Bankruptcy Court.

15. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Assignment and the purchase and sale of the Claim and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and Buyers' successors and assigns. A facsimile copy of this executed Assignment shall constitute an original and shall bear the same binding effect as any original signatures. This Assignment may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which, when taken together, shall constitute one and the same document. This Assignment shall be read and interpreted according to its plain meaning and an ambiguity shall not be construed against either party. It is expressly agreed by the parties that the judicial rule of construction that a document should be more strictly construed against the draftsperson thereof shall not apply to any provision of this Assignment. This Assignment (including the Exhibits attached hereto, and consistent provisions of the Claim Sale Agreement and other documents incorporated into this Assignment by express reference) constitutes the entire understanding between Buyers and Seller and supersedes any previous agreement, verbal or written, between the parties.

16. The parties hereto acknowledge that (i) each entity identified as Buyer in paragraph 1 shall be deemed to have made such representations, warranties, covenants, and agreements set forth herein for as to itself only in the Ownership Percentages set forth on <u>Exhibit A</u>, (ii) the obligations of each Buyer herein shall be several (and not joint), and (iii) notwithstanding anything to the contrary in this Assignment, the parties hereby agree that all obligations and liabilities of a party hereunder are enforceable solely against such party and such party's assets and not against any officer, director, trustee, member or limited or general partner of such party or against any assets of any officer, director, trustee, member or limited or general partner of such party.

[SIGNATURES ON FOLLOWING PAGE]

L01479

Long00031

IN WITNESS WHEREOF, each of the undersigned has duly executed this Assignment of Claim by its duly authorized representative dated December 13, 2007.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA

By: _____
Name: JAMES J MURPHY
Title: AUTHORIZED REPRESENTATIVE
Date: December 13, 2007

LONGACRE MASTER FUND, LTD.
(81.75%)

By: _____
Name: Steven S. Weissman
Title: Director
Date: 12/11/07

LONGACRE CAPITAL PARTNERS (QP), L.P.
(18.25%)

By: Longacre Management, LLC,
its General Partner

By: _____
Name: Steven S. Weissman
Title: Member
Date: 12/11/07

L01480

Long00032

## CONSIDERATION PAID TO SELLER

### Exhibit A

Upon settlement of this transaction, subject to Buyers' verification of Seller's representations and warranties made herein, payment of the Consideration shall be made as follows:

Allowed Amount:        $9,806,018.00

x Purchase Rate:

-----

Consideration:

=====

Ownership Percentages shall be as follows:

| Buyers: | Percentage |
|---|---|
| Longacre Master Fund, Ltd. | 81.75% |
| Longacre Capital Partners (QP), L.P. | 18.25% |
| Total | 100.00% |

Seller's Wire Instructions:

Bank:          Bank of America
Address:       1185 Avenue of the Americas, 2nd Floor
               New York, New York 10036

ABA No.:       026 009 593
Account No.:   0048 3730 6300
Account Name:  National Union Fire Insurance Company of Pittsburg
               Grace Trust Account

L01481

Long00033

## EVIDENCE OF TRANSFER OF CLAIM

### Exhibit B

TO:       United States Bankruptcy Court ("Bankruptcy Court")
             District of Delaware
             824 Market St., Room 525
             Wilmington, DE 19801
             Attn:   Clerk

AND TO:   W.R. GRACE & CO.-CONN., ("Debtor")
             Case No. 01-01140

<u>Claim # 9553</u>

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA., its successors and assigns ("Seller"), for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto:

        LONGACRE MASTER FUND, LTD.
        c/o U.S. Bank National Association
        Corporate Trust Services
        1420 Fifth Avenue, 7th Floor
        Seattle, Washington 98101
        Attn: Kyle J Lunde

its successors and assigns ("Buyer"), all rights, title and interest in and to the claim of Seller, including all rights of stoppage in transit, replevin and reclamation, in the principal amount of $9,806,018.00 ("Claim") against the Debtor in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges, understands and agrees, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated December 13, 2007.

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBUG, PA | LONGACRE MASTER FUND, LTD. |
| By: _____ | By: _____ |
| Name: James J Murphy | Name: Steven S. Weissman |
| Title: Authorized Representative | Title: Director |

L01482

Long00034

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
-----------------------------------------------------------X
In re:                                              |
                                                    | Chapter 11
W.R. GRACE & CO.-CONN.                              |
                                                    | Case No. 01-01140
                                                    |
         Debtors.                                   |
-----------------------------------------------------------X  Claim No. 9553

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(2)

To: (Transferor)        National Union Fire Insurance Company Pittsburg, PA
                        70 Pine Street
                        New York, NY 10270
                        Attn: James J. Murphy

The transfer of your claim as shown above, in the amount of $9,806,018.00 has been transferred (unless previously expunged by court order) to:
         LONGACRE MASTER FUND, LTD.
         Transferor: National Union Fire Insurance Company Pittsburg, PA
         810 Seventh Avenue, 22nd Floor
         New York, NY 10019
         Attn: Vladimir Jelisavcic

No action is required if you do not object to the transfer of your claim. However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:

- FILE A WRITTEN OBJECTION TO THE TRANSFER with:

     United States Bankruptcy Court
     District of Delaware
     824 Market Street, Room 525
     Wilmington, DE 19801

- SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.
Refer to INTERNAL CONTROL No. ____ in your objection. If you file an objection, a hearing will be scheduled. IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.
                                                             Intake Clerk
-------------------------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, post prepaid on _____, 2006.
INTERNAL CONTROL NO._____
Claims Agent Noticed: (Name of Outside Agent)
Copy to Transferee:_____


                                          _____
                                          Deputy Clerk


L01483

Long00035

## EVIDENCE OF TRANSFER OF CLAIM

### Exhibit B

TO:  United States Bankruptcy Court ("Bankruptcy Court")
District of Delaware
824 Market St., Room 525
Wilmington, DE 19801
Attn:  Clerk

AND TO:  W.R. GRACE & CO.-CONN., ("Debtor")
Case No. 01-01140

Claim # 9553

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA.**, its successors and assigns ("Seller"), for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto:

**LONGACRE MASTER FUND, LTD.**
c/o U.S. Bank National Association
Corporate Trust Services
1420 Fifth Avenue, 7th Floor
Seattle, Washington 98101
Attn: Kyle J Lunde

its successors and assigns ("Buyer"), all rights, title and interest in and to the claim of Seller, including all rights of stoppage in transit, replevin and reclamation, in the principal amount of $9,806,018.00 ("Claim") against the Debtor in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges, understands and agrees, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated December 13, 2007.

NATIONAL UNION FIRE INSURANCE         LONGACRE MASTER FUND, LTD.
COMPANY OF PITTSBURG, PA

By:  /s/ James J. Murphy                By:  /s/ Steven S. Weissman
Name: James J. Murphy                   Name: Steven S. Weissman
Title:  Authorized Representative       Title: Director

L01484

Long00036