EXHIBIT 99.1

THIS DISCLOSURE STATEMENT HAS NOT YET BEEN APPROVED BY THE COURT

THIS PROPOSED DISCLOSURE STATEMENT IS NOT A SOLICITATION OF ACCEPTANCE OR REJECTION OF THE AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION. ACCEPTANCES OR REJECTIONS MAY NOT BE SOLICITED UNTIL THE COURT HAS APPROVED THIS DISCLOSURE STATEMENT UNDER BANKRUPTCY CODE SECTION 1125. THIS PROPOSED DISCLOSURE STATEMENT IS BEING SUBMITTED FOR APPROVAL ONLY, AND IT HAS NOT YET BEEN APPROVED BY THE COURT.

FURTHER, THE PLAN PROPONENTS PROVIDE NO ASSURANCE THAT THE DISCLOSURE STATEMENT, INCLUDING ANY EXHIBITS TO THE DISCLOSURE STATEMENT, THAT IS ULTIMATELY APPROVED IN THE CHAPTER 11 CASES (1) WILL CONTAIN ANY OF THE TERMS IN THE CURRENT DOCUMENT OR (2) WILL NOT CONTAIN DIFFERENT, ADDITIONAL, MATERIAL TERMS THAT DO NOT APPEAR IN THE CURRENT DOCUMENT. THEREFORE, MAKING INVESTMENT DECISIONS BASED UPON THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT, THE PLAN AND THE EXHIBITS IN THE EXHIBIT BOOK IS HIGHLY SPECULATIVE, AND THE DOCUMENTS SHOULD NOT BE RELIED UPON IN MAKING SUCH INVESTMENT DECISIONS WITH RESPECT TO (1) THE DEBTORS OR (2) ANY OTHER PARTIES THAT MAY BE AFFECTED BY THE CHAPTER 11 CASES.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| W. R. GRACE & CO., ET AL.,(1) | ) | CASE NO. 01-1139 (JKF) |
| | ) | (JOINTLY ADMINISTERED) |
| DEBTORS. | ) | |

AMENDED DISCLOSURE STATEMENT FOR THE AMENDED JOINT PLAN OF REORGANIZATION
PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

IMPORTANT DATES

o    Date by which Ballots must be received: [____], 2005

o    Date by which objections to the Plan must be filed and served: [____], 2005

o    Hearing on Confirmation of the Plan: [____], 2005

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Jonathan P. Friedland
Samuel L. Blatnick
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.
Laura Davis Jones (Bar No. 2436)
David W. Carickhoff, Jr. (Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100

and

Bennett L. Spiegel
Lori Sinanyan
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400

- Co-Counsel for the Debtors and Debtors in Possession -

Dated: January 13, 2005

THIS DISCLOSURE STATEMENT HAS NOT YET BEEN APPROVED BY THE COURT

----------
(1)  The "Debtors," and all capitalized terms not defined in this Disclosure
     Statement, are defined in the Glossary. The Glossary is included as Exhibit
     2 to the Exhibit Book. The Exhibit Book (and each Exhibit thereto) is
     incorporated by reference into this Disclosure Statement.

EXHIBIT 99.1

NOTICE TO HOLDERS OF CLAIMS AND/OR EQUITY INTERESTS AND GENERAL
DISCLAIMERS WITH RESPECT TO THIS DISCLOSURE STATEMENT

PLEASE READ THIS IMPORTANT INFORMATION

The Bankruptcy Code requires that a party proposing a chapter 11 plan of reorganization prepare and file a document with the Bankruptcy Court called a "Disclosure Statement." This document is the proposed Disclosure Statement for

Statement are incorporated into and made a part of this Disclosure Statement as
if set forth in full herein.

The Plan Proponents are providing the information in this Disclosure
Statement solely for the purposes of providing information concerning the Plan
to Holders of Claims against or Equity Interests in the Debtors so that those
who are entitled to vote on the Plan can make an informed decision with respect
to voting on acceptance or rejection of the Plan.

No one is authorized to provide to any other party information
concerning the Plan other than the contents of this Disclosure Statement. Except
as set forth in this Disclosure Statement, no representations concerning the
Debtors, their assets, past or future business operations, the financial
information or the Plan are authorized, nor should any such representations be
relied upon in arriving at a decision with respect to the Plan. Holders of
Claims or Equity Interests should not rely on any information, representations,
or inducements made to obtain acceptance or rejection of the Plan that are other
than, or inconsistent with, the information contained herein and in the Plan.
Any representations made to secure acceptance or rejection of the Plan other
than those contained in this Disclosure Statement should be reported to counsel
for the Debtors. The statements and information about the Debtors, including all
Financial Information and information regarding Claims or Equity Interests
contained herein, have been prepared from documents and information prepared by
the Debtors or their Professionals.

Nothing contained in this Disclosure Statement is, or shall be deemed
to be, an admission or statement against interest by the Plan Proponents for
purposes of any pending or future litigation matter or proceeding. Moreover,
this Disclosure Statement does not constitute, and may not be construed as, an
admission of fact or liability, a stipulation, or a waiver. Instead, this
Disclosure Statement should be construed as a statement made in settlement
negotiations related to contested matters, adversary proceedings and other
pending or threatened litigation or actions.

The description herein of the Plan only is a summary, and Holders of
Claims and/or Equity Interests are urged to review the entire Plan, which is
included as Exhibit 1 to the Exhibit Book. In the event that there is any
inconsistency or conflict between this Disclosure Statement and the Plan, the
terms of the Plan shall control.

This Disclosure Statement also summarizes Financial Information and
other documents. The Financial Information and other documents incorporated by
reference herein are qualified in their entirety by reference to those
documents. In the event there is any inconsistency or discrepancy between a
description in this Disclosure Statement and the Financial Information or other
documents so described, the underlying Financial Information or other documents,
as the case may be, shall govern for all purposes.

EXHIBIT 99.1

Further, each Holder of a Claim and/or Equity Interest that is
entitled to vote is encouraged to seek the advice of its own counsel before
casting a Ballot and/or Master Ballot, as applicable.

Although certain of the attorneys, accountants, advisors and other
Professionals retained and/or employed by the Plan Proponents have assisted in
preparing this Disclosure Statement, which is based upon factual information and
assumptions respecting financial, business and accounting data found in the
books and records of the Debtors, they have not independently verified such
information. The attorneys, accountants, advisors, and other Professionals
retained and/or employed by the Plan Proponents do not provide any warranty,
representation or guaranty regarding the accuracy of any information contained
in this Disclosure Statement or any of the Plan Documents and shall have no
liability for any inaccurate, untrue or incomplete information contained in this
Disclosure Statement or any of the Plan Documents.

Further, there has been no independent audit of the proforma or
prospective financial information contained in this Disclosure Statement, and no
fairness opinion has been obtained regarding the value of the Debtors' assets
and the amount of their liabilities. The factual information regarding the
Debtors and their assets and liabilities has been provided by the Debtors or
otherwise derived from the Debtors' schedules, available public records,
pleadings, reports on file with the Court, the Debtors' internal documents and
related documents specifically identified herein. While the Plan Proponents
endeavored to provide accurate information herein, the Plan Proponents cannot,
and do not, warrant or represent that the information contained in this
Disclosure Statement does not contain any material inaccuracy.

The Plan Proponents and their Professionals have also endeavored to
identify in this Disclosure Statement and the Plan certain pending litigation
claims and potential causes of action and objections to Claims. However, no
reliance should be placed on the fact that a particular litigation claim or
potential cause of action or objection to a Claim is, or is not, identified in
this Disclosure Statement, the Plan, or any Plan Document. The Debtors, the
Reorganized Debtors, or the Asbestos Trust, as applicable may seek to
investigate, file and prosecute litigation claims and projected causes of action
and objections to Claims after the Effective Date of the Plan, irrespective of
whether this Disclosure Statement, the Plan or any Plan Document identifies any
such claims, causes of action, or objections to Claims.

The Court's approval of this Disclosure Statement does not constitute the Court's approval of the merits of the Plan, an endorsement of the Plan or a guarantee of the accuracy or completeness of the information contained herein.

THIS DISCLOSURE STATEMENT HAS NOT BEEN APPROVED OR DISAPPROVED BY THE SEC OR ANY OTHER FEDERAL OR STATE REGULATORY AUTHORITY, NOR HAS THE SEC OR ANY OTHER FEDERAL OR STATE REGULATORY AUTHORITY PASSED UPON THE ACCURACY OR ADEQUACY OF THE STATEMENTS CONTAINED HEREIN. ANY REPRESENTATION TO THE CONTRARY IS A CRIMINAL OFFENSE.

The securities described herein will be issued in reliance on the exemptions set forth in Bankruptcy Code Section 1145 and without registration under the Securities Act, or any similar

EXHIBIT 99.1

federal, state or local law. The Plan Proponents recommend that potential recipients of any securities pursuant to the Plan consult their own legal counsel concerning the securities laws governing the transferability of any such securities.

This Disclosure Statement may contain "forward-looking statements" within the meaning of the Private Securities Litigation Reform Act of 1995. Such statements consist of any statements other than a recitation of historical fact and can be identified by the use of forward-looking terminology such as "may," "expect," "believe," "anticipate," "project," "assume," "estimate," or "continue" or the negative thereof or other variations thereon or comparable terminology. The reader is cautioned that all forward-looking statements, including proforma and prospective financial information, are necessarily speculative, and there are risks and uncertainties that could cause actual events or results to differ materially from those referred to in such forward-looking statements. The liquidation analyses, proforma and prospective financial information, and other information are estimates only, and the timing and amounts of actual distributions to Claimants may be affected by many factors that cannot be predicted. Therefore, any analyses, estimates, or recovery projections may or may not prove to be accurate, and the Plan Proponents provide no assurance that these projections or estimates will be correct.

The Debtors make the statements and provide the Financial Information contained herein as of the date hereof unless otherwise specified. Holders of Claims and/or Equity Interests reviewing this Disclosure Statement should not infer at the time of such review that the facts set forth herein have not changed since the date hereof unless so specified. Each Holder of an impaired Claim or Equity Interest that is entitled to vote should therefore carefully review all of the Plan Documents. See Article 8 of this Disclosure Statement for a discussion of various considerations and risk factors to be considered in deciding whether to accept the Plan.

This Disclosure Statement does not constitute legal, business, securities, financial or tax advice. All Entities desiring such advice or any other advice should consult with their own advisors. Further, neither this Disclosure Statement (including the Plan and all of the Exhibits in the Exhibit Book) nor any of the Plan Documents should be relied upon in making any investment decisions with respect to Grace or any other parties that may be affected by the Plan.

A vote by a Claimant or Holder of an Equity Interest - whether for or against the Plan - does not constitute a waiver or release of any claims or rights of the Debtors (or any party in interest) to object to that Claimant's Claim or Holder's Equity Interest of estate assets, regardless of whether any claims of the Debtors or their respective estates are specifically or generally identified herein.

EXHIBIT 99.1

TABLE OF CONTENTS

|  |  | PAGE |
|---|---|---|
| 1. | EXECUTIVE SUMMARY | 1 |
| 1.1 | The Disclosure Statement | 1 |
| 1.2 | The Plan | 1 |
| 1.2.1 | What Claims and Equity Interests Are Affected by the Plan? | 1 |
| 1.2.2 | How Will Asbestos Claims be Treated? | 8 |
| 1.2.3 | How Will General Unsecured Claims be Treated Under the Plan? | 9 |
| 1.2.4 | How Will Equity Interests be Treated Under the Plan? | 9 |
| 1.2.5 | How Will the Treatment of Asbestos Claims be Effectuated? | 10 |
| 1.2.6 | How Will the Plan be Funded? | 10 |
| 2. | DESCRIPTION OF THE DEBTORS | 11 |
| 2.1 | General Overview of the Debtors | 11 |
| 2.2 | The Debtors' Current Businesses | 11 |
| 2.2.1 | Davison Chemicals | 11 |
| 2.2.1.1 | Refining Technologies | 12 |

CC-BLG003014

```
            2.2.1.2   Specialty Materials..............................................12
                      2.2.1.2.1   Silicas..............................................12
                      2.2.1.2.2   Zeolites.............................................13
            2.2.1.3   Polyolefin and Other Catalysts...................................13
            2.2.1.4   Other Information................................................13
    2.2.2   Performance Chemicals....................................................13
            2.2.2.1   Construction Chemicals and Building Materials....................13
            2.2.2.2   Sealants and Coatings............................................14
            2.2.2.3   Other Information................................................14
2.3 Genesis of the Debtors' Asbestos Liabilities.........................................14
    2.3.1   Asbestos-Added Products..................................................15
    2.3.2   Libby Vermiculite........................................................15
    2.3.3   Zonolite Attic Insulation................................................15
2.4 The Debtors' Asbestos-Related Litigation.............................................16
    2.4.1   Asbestos Personal Injury Litigation......................................16
    2.4.2   Asbestos Property Damage Litigation......................................16
    2.4.3   Litigation Related to Zonolite Attic Insulation..........................17
    2.4.4   Asbestos Medical Monitoring Claims.......................................18
2.5 The Debtors' Other Litigation........................................................18
    2.5.1   Environmental Proceedings and Environmental Insurance Litigation.........18
            2.5.1.1   Libby and Vermiculite-Related Remediation........................18
                      2.5.1.1.1   Libby, Montana.......................................18
                      2.5.1.1.2   Libby Property Owners................................18
                      2.5.1.1.3   State of Montana's Claims Against the Debtors........19
                      2.5.1.1.4   Former Grace Plant in Minneapolis, Minnesota.........19
```

                                          i

                                      EXHIBIT 99.1

```
                      2.5.1.1.5   Other Current and Former Vermiculite Expansion Plants.....19
            2.5.1.2   Proceedings in Which Grace is a Potentially Responsible Party........20
            2.5.1.3   The Settling Federal Agencies' Consent Decree........................20
            2.5.1.4   Other Significant Environmental Legal Proceedings and Claims.........22
                      2.5.1.4.1   Cape Cod Pipeline Remediation............................22
                      2.5.1.4.2   Jersey City Chromium Contamination Remediation...........22
            2.5.1.5   Plan Treatment of Environmental Claims...............................23
            2.5.1.6   Environmental Insurance Litigation...................................23
    2.5.2   Fraudulent Transfer Litigation..............................................24
    2.5.3   Tax Claims..................................................................24
            2.5.3.1   IRS Proposed 1993-96 Tax Adjustments.................................26
            2.5.3.2   Other Disputed Tax Claims............................................27
                      2.5.3.2.1   Temporary Health Care Staffing Business..................27
                      2.5.3.2.2   Bekaert Textiles N.V.....................................27
                      2.5.3.2.3   Remedium Joint Venture...................................27
                      2.5.3.2.4   State Income Tax Claims..................................27
2.6 Liabilities other than Litigation Claims................................................28
    2.6.1   Current Liabilities not Subject to Compromise Under the Bankruptcy Code.....28
    2.6.2   Non-Current Liabilities not Subject to Compromise Under the Bankruptcy Code.28
    2.6.3   Liabilities Subject to Compromise Under the Bankruptcy Code.................28
            2.6.3.1   Debt and Accrued Interest............................................28
            2.6.3.2   Income Taxes.........................................................29
            2.6.3.3   Post-Retirement Benefits Other than Pensions.........................29
            2.6.3.4   Unfunded Special Pension Arrangements................................29
            2.6.3.5   Accounts Payable.....................................................29
            2.6.3.6   Other Accrued Liabilities............................................29
2.7 Assets and other Rights.................................................................30
    2.7.1   Excess Real Property........................................................30
    2.7.2   Insurance Rights............................................................30
            2.7.2.1   Overview.............................................................30
            2.7.2.2   Primary Insurance Coverage...........................................30
            2.7.2.3   Excess Insurance Coverage............................................30
            2.7.2.4   Estimated Insurance Recoveries.......................................31
    2.7.3   Debtors' Retained Causes of Action..........................................32
            2.7.3.1   Preservation of Causes of Action.....................................32
            2.7.3.2   Maintenance of Causes of Action......................................34
            2.7.3.3   Avoidance Actions....................................................34
            2.7.3.4   Preservation of All Causes of Action not Expressly Settled or
                      Released.............................................................34
```

                                          ii

                                      EXHIBIT 99.1

```
2.8 Estimated Value of the Reorganized Debtors and Non-Debtor Affiliates....................35
```

CC-BLG003015

```
        2.8.1   Core Business Value of the Reorganized Debtors and Non-Debtor Affiliates......35
                2.8.1.1    Comparable Public Company Analysis...................................36
                2.8.1.2    The Precedent Transaction Analysis...................................37
        2.8.2   Calculation of Fully Diluted Reorganized Equity Value.........................37
                2.8.2.1    Insurance............................................................38
                2.8.2.2    Tax Assets...........................................................38
                2.8.2.3    Non-Core Liabilities.................................................38
                2.8.2.4    Net Debt.............................................................39
                2.8.2.5    Proceeds of Options..................................................39
                2.8.2.6    Summary..............................................................39

3.  THE CHAPTER 11 FILINGS AND RELATED CANADIAN PROCEEDINGS.................................41
    3.1   Overview of Chapter 11.............................................................41
    3.2   Significant Events During the Course of the Chapter 11 Cases.......................42
        3.2.1   First Day Motions.............................................................42
                3.2.1.1    Retention and Employment of Professionals By the Debtors.............42
                3.2.1.2    Financing and Critical Trade Motions.................................43
                3.2.1.3    Operational Motions..................................................43
        3.2.2   Motions to Assume Pre-Petition Executory Contracts and Leases.................43
        3.2.3   Appointment of Official Committees of Creditors, the Official Equity
                Committee and the Future Claims Representative................................43
                3.2.3.1    Official Committees of Creditors.....................................43
                           3.2.3.1.1   Unsecured Creditors' Committee..........................43
                           3.2.3.1.2   Asbestos PI Committee...................................44
                           3.2.3.1.3   Asbestos PD Committee...................................44
                3.2.3.2    Official Equity Committee............................................44
                3.2.3.3    Representative for Future Asbestos Claimants.........................44
        3.2.4   Section 341(a) Meeting of Creditors...........................................45
        3.2.5   Selected Adversary Proceedings................................................45
                3.2.5.1    Stay of Asbestos-Related Litigation Against Various Affiliates.......45
                3.2.5.2    Enjoining Bond Payments by National Union............................45
        3.2.6   Extension of Exclusivity Period and Termination of Exclusivity Period.........46
        3.2.7   Motions to Lift the Automatic Stay............................................47
        3.2.8   Certain Post-Petition Litigation Matters......................................47
                3.2.8.1    Litigation Related to Grace's Savings and Investment Plan............47
                3.2.8.2    The Scotts Company Litigation........................................48
                3.2.8.3    Montana Grand Jury Investigation.....................................48

        3.2.9   Motion for Entry of Case Management Order.....................................49
```

                                              iii


                                           EXHIBIT 99.1


```
        3.2.10  Debtors' Bar Date for Asbestos PD Claims (Excluding ZAI Claims),
                Non-Asbestos Claims, and Asbestos Medical Monitoring Claims...................49
        3.2.11  The ADR Program...............................................................50
        3.2.12  The Judge Wolin Mandamus and Recusal Proceedings..............................50
        3.2.13  Negotiations with the Various Committees and the FCR..........................50
        3.2.14  Motion to Protect Tax Benefits................................................50
    3.3   The Canadian Proceedings...........................................................51
        3.3.1   General Information...........................................................51
        3.3.2   Notice of the Canadian Proceedings............................................51
        3.3.3   Quarterly Reports.............................................................51
        3.3.4   Court Orders in the Canadian Proceedings......................................51
                3.3.4.1    Orders Extending the Stay of Proceedings in Canada...................52
                3.3.4.2    Recognition of the Debtors' March 2003 Bar Date Order................52
                3.3.4.3    The Corporate Reorganization Order...................................52

        3.3.5   Post-Petition Canadian Lawsuits...............................................52

4.  SUMMARY OF THE PLAN.....................................................................53


    4.1   Overview of the Chapter 11 Plan....................................................53
    4.2   PROVISIONS FOR PAYMENT OF ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS..........53
    4.3   CLASSIFICATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS........................54
        4.3.1   Summary.......................................................................54
                4.3.1.1    Class 1. Priority Claims.............................................54
                4.3.1.2    Class 2. Secured Claims..............................................55
                4.3.1.3    Class 3. Unsecured Pass-Through Employee Related Claims..............55
                4.3.1.4    Class 4. Workers' Compensation Claims................................56
                4.3.1.5    Class 5. Intercompany Claims.........................................56
                4.3.1.6    Class 6. Asbestos PI-SE Claims.......................................56
                4.3.1.7    Class 7. Asbestos PI-AO Claims.......................................57
                4.3.1.8    Class 8. Asbestos PD Claims..........................................58
                4.3.1.9    Class 9. General Unsecured Claims....................................58
                4.3.1.10   Class 10. Equity Interests in the Parent.............................60
                4.3.1.11   Class 11. Equity Interests in the Debtors other than the Parent......60
        4.3.2   Effect of Asbestos PI Claimant Electing Various Options.......................60
                4.3.2.1    Cash-Out Option......................................................60
                4.3.2.2    Litigation Option....................................................61
                4.3.2.3    Registry Option......................................................61
```