PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK NEW YORK 10019-6064
TELEPHONE (212) 373 3000
FACSIMILE (212) 757 3990

LLOYD K GARRISON (1946-1991)
RANDOLPH E PAUL (1946-1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927-1950)
JOHN F WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER

212-373-3158

WRITER'S DIRECT FACSIMILE

212-492-0158

WRITER'S DIRECT E-MAIL ADDRESS

arosenberg@paulweiss.com

1615 L STREET NW
WASHINGTON DC 20036-5694
TELEPHONE (202) 223-7300
FACSIMILE (202) 223 7420

FUKOKU SEIMEI BUILDING
2 2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101
FACSIMILE (81-3) 3597-8120

UNIT 3601 FORTUNE PLAZA OFFICE TOWER A
NO 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300
FACSIMILE (86-10) 6530-9070/9080

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2536-9933
FACSIMILE (852) 2536-9622

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650



April 21, 2008

<u>**VIA FACSIMILE AND OVERNIGHT MAIL**</u>

W R. Grace & Co.
7500 Grace Drive
Columbia, Maryland 21044
Attn: Mark A. Shelnitz, General Counsel

David M. Bernick, Esq.
Janet S. Baer, Esq.
Kirkland and Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

    *In re W.R. Grace & Co., et al (the "Company" or the*
  *"Debtors"), Chapter 11 Cases (Bankr. Del. Case No. 01-1139)*

Dear Madam and Gentlemen:

    This firm represents an ad hoc group of claimants (the "Ad Hoc Group") who together hold approximately $440 million of $500 million in outstanding principal or 88%, of the loans and advances (the "Bank Loans") made under the Debtors' Pre-Petition Bank Credit Facilities.[1]

---

[1]  The Pre-Petition Bank Credit Facilities include (i) that certain Credit Agreement, dated May 14, 1998, among the Company, The Chase Manhattan Bank, as Administrative Agent, Chase Securities Inc , as arranger, and certain Banks party thereto (the "1998 Credit Agreement"),

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

I am writing to express the Ad Hoc Group's objection to and extreme displeasure concerning the treatment of the Bank Loans described in the Debtors' proposed term sheet for their chapter 11 plan of reorganization announced on April 7, 2008 (the "April Term Sheet"). (A term sheet which we understand was not vetted with the agent for the Pre-Petition Bank Credit Facilities or the holders of claims of the Pre-Petition Bank Credit Facilities ("Bank Facility Claimants") or the Official Creditors Committee.)

The treatment of the Bank Loans under the April Term Sheet renders any chapter 11 plan based thereon unconfirmable. The April Term Sheet violates the absolute priority rule and section 1129 of the Bankruptcy Code because it provides that current equity will retain their interests but the more senior priority Bank Facility Claimants will not receive full payment of all amounts due under the Pre-Petition Bank Credit Facilities. Put simply, these are solvent debtors, and if equity proposes to retain ownership, the Company must pay the Bank Facility Claimants the contractual default interest rate of prime plus 2% compounding quarterly, plus facility fees and other fees due thereunder and attorney fees and costs, in accordance with the terms set forth in the Pre-Petition Bank Credit Facilities ("Contract Default Rate").

We note that the April Term Sheet is at odds with the clear trend with respect to these issues. Both of the Debtors' two sister-asbestos cases In re USG Corp. (Bankr. Del. Case No. 01-02094 (JKF) and In re Owens Corning, (Bankr. Del. Case No. 00-03837 (JKF)—in which equity retained all or a portion of their ownership of the reorganized debtors—confirmed chapter 11 plans that provided payment to creditors in accordance with their contractual default interest rate. There is no reason that the W.R. Grace Bank Facility Claimants should receive lesser treatment.

In the most recent circuit level case on this issue, In re Dow Corning, the Sixth Circuit concluded that where a debtor is solvent, as is the Company, the presumption is that unsecured creditors are entitled to payment at the contractually provided default interest rate. In re Dow Corning, 456 F.3d 668, 679-680 (6th Cir. 2006). No equitable factors or considerations exist in these chapter 11 cases to warrant a denial of payment to the Bank Facility Claimants in accordance with their contracts. In fact, the equities strongly favor payment of the full amounts due under the Pre-Petition Bank Credit Facilities. There is no justification for equity—merely through the occurrence of a bankruptcy—to retain ownership of a company without being required to fully satisfy the obligations that the company entered into prior to the bankruptcy.

The treatment set forth in the April Term Sheet has in no way been "agreed to" based on negotiations with respect to the earlier proposed plan of reorganization, dated January 13, 2005. Any contingent "agreement" that may have existed was made years ago with the Official Creditors Committee, under different circumstances, has long since expired, and in any event was neither made with nor is it

---

and (ii) that certain 364-Day Credit Agreement, dated May 5, 1999, among the Company, Bank of America National Trust Savings Assoc., as documentation agent, The Chase Manhattan Bank, as administrative agent, Chase Securities Inc., as book manager, and certain Banks party thereto (as amended, the "1999 Credit Agreement").

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

binding upon, this group. We also note that no such plan was ever confirmed or such agreement ever approved by the Bankruptcy Court.

We would be willing to meet with the Company to draft language providing for appropriate treatment of the Bank Facility Claimants that would provide the basis to support a chapter 11 plan.

The Ad Hoc Group reserves all rights and remedies in connection with the April Term Sheet.

Very truly yours,

Andrew N. Rosenberg

cc: Members of the Ad Hoc Group
Lewis Kruger, Esq.
Kenneth Ziman, Esq.

CC-BLG004246