# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
-  -  -

In Re:                  : Chapter 11
                        :
                        : Case No.
W.R. GRACE & CO., et al, : 01-01139 JKF
                        :
                        : (Jointly
          Debtors       : Administered)


-  -  -

Monday, May 4, 2009

-  -  -

Continuation of oral

deposition of PETER VAN N. LOCKWOOD,

ESQUIRE, taken pursuant to notice, was

held at the offices of CAPLIN & DRYSDALE,

One Thomas Circle N.W., Suite 1100,

Washington, DC  20005, commencing at

12:05 p.m., on the above date, before

Lori A. Zabielski, a Registered

Professional Reporter and Notary Public

in and for the Commonwealth of

Pennsylvania.
-  -  -
MAGNA LEGAL SERVICES
Seven Penn Center
1635 Market Street
8th Floor
Philadelphia, Pennsylvania 19103

Page 450

```
 1  APPEARANCES:
 2
 3  DRINKER BIDDLE & REATH, LLP
    BY: MICHAEL F. BROWN, ESQUIRE
 4  One Logan Square
    18th & Cherry Streets
 5  Philadelphia, Pennsylvania 19103-6996
    215.988.2988
 6  (brownmf@dbr.com)
    (jeffrey.boerger@dbr.com)
 7  Representing OneBeacon America Insurance
    Company, Seaton Insurance Company,
 8  Government Employees Insurance Company,
    Columbia Insurance Company f/k/a Republic
 9  Insurance Company
10
11  CAPLIN & DRYSDALE, CHARTERED
    BY: NATHAN D. FINCH, ESQUIRE
12  JEFFREY A. LIESEMER, ESQUIRE*
       (*VIA TELECONFERENCE)
13  One Thomas Circle N.W.
    Suite 1100
14  Washington, DC 20005
    202.862.7801
15  (ndf@capdale.com)
    (jal@capdale.com)
16  Representing Grace, Official Committee of
    Asbestos Personal Injury Claimants
17  ("ACC"), and Witness
18
    ANDERSON KILL & OLICK, P.C.
19  BY: ROBERT M. HORKOVICH, ESQUIRE
    1251 Avenue of the Americas
20  New York, New York 10020
    212.278.1322
21  (rhorkorvitz@andersonkill.com)
    Representing the ACC
22
23
24
```

Page 452

```
 1  APPEARANCES (continued)
 2
 3  COHN WHITESELL & GOLDBERG, LLP
    BY: DANIEL C. COHN, ESQUIRE
 4  101 Arch Street
    Boston, Massachusetts 02110
 5  617.951.2505
    (cohn@cwg11.com)
 6  Representing the Libby Claimants
 7
 8  SPEIGHTS & RUNYAN
    BY: DANIEL H. SPEIGHTS, ESQUIRE*
 9    (*VIA TELECONFERENCE)
    200 Jackson Avenue East
10  P.O. Box 685
    Hampton, South Carolina 29924
11  803.943.4444
    (dspeights@speightsrunyan.com)
12  Representing Anderson Memorial Hospital
13
14  TUCKER ARENSBERG
    BY: MICHAEL A. SHINER, ESQUIRE*
15    (*VIA TELECONFERENCE)
    1500 One PPG Place
16  Pittsburgh, Pennsylvania 15222
    412.594.5586
17  (mshiner@tuckerlaw.com)
    Representing Certain London Market
18  Insurers and AXA Belgium
19
20  FORD MARRIN ESPOSITO & WITMEYER & GLESER
    BY: ELIZABETH M. DeCRISTOFARO, ESQUIRE
21  Wall Street Plaza
    New York, New York 10005-1875
22  212.269.4900
    Representing Continental Casualty Company
23  and Continental Insurance Company
24
```

Page 451

```
 1  APPEARANCES (continued)
 2
 3  KIRKLAND & ELLIS, LLP
    BY: THEODORE L. FREEDMAN, ESQUIRE
 4  655 Fifteenth Street, N.W.
    Washington, DC 20005-5793
 5  202.879.5081
    (tfreedman@kirkland.com)
 6  Representing the Debtors
 7
 8  THE LAW OFFICES OF JANET S. BAER, P.C.
    BY: JANET S. BAER, ESQUIRE
 9  70 West Madison Street
    Suite 2100
10  Chicago, Illinois 606002
    312.641.2162
11  Representing the Debtors
12
13  SIMPSON THACHER & BARTLETT, LLP
    BY: SAMUEL J. RUBIN, ESQUIRE*
14    (*VIA TELECONFERENCE)
    425 Lexington Avenue
15  New York, New York 10017-3954
    212.455.3122
16  (srubin@stblaw.com)
    Representing Travelers Casualty and
17  Surety Company
18
19  VORYS, SATER, SEYMOUR AND PEASE, LLP
    BY: TIFFANY STRELOW COBB, ESQUIRE*
20    (*VIA TELECONFERENCE)
    52 East Gay Street
21  Columbus, Ohio 43215
    614.464.8322
22  (tscobb@vorys.com)
    Representing The Scotts Company, LLC
23
24
```

Page 453

```
 1  APPEARANCES (continued)
 2
 3  BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
    BY: MATTHEW I. KRAMER, ESQUIRE*
 4    (*VIA TELECONFERENCE)
    200 South Biscayne Boulevard
 5  Suite 2500
    Miami, Florida 33131-5340
 6  305.450.7246
    (mkramer@bilzin.com)
 7  Representing Property Damage Committee
 8
 9  STROOCK & STROOCK & LAVAN, LLP
    BY: ARLENE G. KRIEGER, ESQUIRE*
10    (*VIA TELECONFERENCE)
    180 Maiden Lane
11  New York, New York 10038-4982
    212.806.5400
12  (akrieger@stroock.com)
    Representing Official Committee of
13  Unsecured Creditors
14
15  CROWELL & MORING, LLP
    BY: MARK PLEVIN, ESQUIRE
16    NOAH S. BLOOMBERG, ESQUIRE
    1001 Pennsylvania Avenue NW
17  Washington, DC 20004-2595
    202.624.2913
18  (mplevin@crowell.com)
    (nbloomberg@crowell.com)
19  Representing Fireman's Fund Insurance
    (Surety Bond)
20
21
22
23
24
```

2  (Pages 450 to 453)

## Page 454

1  APPEARANCES (continued)
2
3  STEVENS & LEE, P.C.
   BY:  JOHN D. DEMMY, ESQUIRE*
4       (* VIA TELECONFERENCE)
   1105 North Market Street, 7th Floor
5  Wilmington, Delaware 19801
   302.654.5180
6  (jdd@stevenslee.com)
   Representing Fireman's Fund Insurance
7
8
   ALAN B. RICH LAW OFFICES
9  BY:  ALAN B. RICH, ESQUIRE*
        (*VIA TELECONFERENCE)
10 Elm Place, Suite 4620
   1401 Elm Street
11 Dallas, Texas  75202
   214.744.5100
12 (arich@alanrichlaw.com)
   Representing Property Damage FCR
13
14
   CONNOLLY BOVE LODGE & HUTZ, LLP
15 BY:  JEFFREY C. WISLER, ESQUIRE
   The Nemours Building
16 1007 North Orange Street
   P.O. Box 2207
17 Wilmington, Delaware  19899
   302.88.6528
18 (jwisler@cblh.com)
   Representing Maryland Casualty
19
20
   ECKERT SEAMANS CHERIN & MELLOTT, LLC
21 BY:  EDWARD J. LONGOSZ, II, ESQUIRE
   1747 Pennsylvania Avenue, NW
22 12th Floor
   Washington, DC  20006
23 202.659.6619
   (elongosz@eckertseamans.com)
24 Representing Maryland Casualty and Zurich

## Page 455

1  APPEARANCES (continued)
2
3  WILEY REIN, LLP
   BY:  KARALEE C. MORELL, ESQUIRE
4  1776 K Street NW
   Washington, DC  20006
5  202.719.7520
   (kmorell@wileyrein.com)
6  Representing Maryland Casualty and Zurich
7
8  COZEN O'CONNOR
   BY:  ILAN ROSENBERG, ESQUIRE*
9       (*VIA TELECONFERENCE)
   1900 Market Street
10 Philadelphia, Pennsylvania 19103-3508
   215.665.4621
11 (irosenberg@cozen.com)
   Representing Federal Insurance Company
12
13
   ORRICK HERRINGTON & SUTCLIFFE, LLP
14 BY:  JONATHAN P. GUY, ESQUIRE
        JOSHUA M. CUTLER, ESQUIRE
15 Columbia Center
   1152 15th Street, N.W.
16 Washington, DC  20005-1706
   202.339.8516
17 (jguy@orrick.com)
   Representing Future Claimants
18 Representative
19
20 CUYLER BURK, P.C.
   BY:  TANYA M. MASCARICH, ESQUIRE*
21      (*VIA TELECONFERENCE)
   4 Century Drive
22 Parsippany, New Jersey  07054
   973.734.3200
23 (tmascarich@cuyler.com)
   Representing Allstate Insurance Company
24

## Page 456

1  APPEARANCES (continued)
2
3  WILSON ELSER MOSKOWITZ EDELMAN & DICKER,
   LLP
4  BY:  CARL PERNICONE, ESQUIRE
   150 East 42nd Street
5  New York, New York 10017-5639
   212.915.5656
6  (carl.pernicone@wilsonelser.com)
   Representing Arrowood Indemnity Company
7
8  O'MELVENY & MYERS, LLP
   BY:  TANCRED SCHIAVONI, ESQUIRE*
9       (*VIA TELECONFERENCE)
   Times Square Tower
10 7 Times Square
   New York, New York 10036
11 212.326.2267
   (tschiavoni@omm.com)
12 Representing Arrowood Indemnity Company
13
14 WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
   BY:  KEVIN J. MANGAN, ESQUIRE*
15      (*VIA TELECONFERENCE)
   222 Delaware Avenue
16 Suite 1501
   Wilmington, Delaware  19801
17 302.252.4361
   (kmangan@wcsr.com)
18 Representing State of Montana
19
20 PEPPER HAMILTON, LLP
   BY:  LINDA J. CASEY, ESQUIRE*
21      (*VIA TELECONFERENCE)
   3000 Two Logan Square
22 Philadelphia, Pennsylvania 19103
   215.981.4000
23 (caseyl@pepperlaw.com)
   Representing BNSF Railway Company
24

## Page 457

1
2  APPEARANCES (continued)
3
   GOODWIN PROCTER, LLP
4  BY:  DANIEL M. GLOSBAND, ESQUIRE*
        (*VIA TELECONFERENCE)
5  Exchange Place
   53 State Street
6  Boston, Massachusetts  02109
   617.570.1930
7  (dglosband@goodwinprocter.com)
   Representing CNA Insurance
8
9
   KRAMER LEVIN NAFTALIS & FRANKEL, LLP
10 BY:  GREGORY A. HOROWITZ, ESQUIRE
   1177 Avenue of the Americas
11 New York, New York 10036
   212.715.9571
12 (ghorowitz@kramerlevin.com)
   Representing Official Committee of Equity
13 Holders
14
              - - -
15
16
17
18
19
20
21
22
23
24

Page 458

```
1            - - -
2          I N D E X
3            - - -
4
5  Testimony of:
6     PETER VAN N. LOCKWOOD, ESQUIRE
7
8  By Mr. Cohn        Page  462
9  By Mr. Wisler      Page  531
10 By Mr. Mangan      Page  544
11 By Ms. Casey       Page  549
12 By Mr. Speights    Page  563
13 By Mr. Plevin      Page  606
14 By Mr. Schiavoni   Page  624
15 By Mr. Brown       Page  636
16
17           - - -
18        E X H I B I T S
19           - - -
20 NO.  DESCRIPTION          PAGE
21 17  Notice of Deposition of
22     Asbestos PI Committee Pursuant
       to Rule 30(b)(6)        460
23 18  Exhibit 8 to Exhibit Book   460
24           - - -
```

Page 459

```
1            - - -
2     DEPOSITION SUPPORT INDEX
3            - - -
4
5  Direction to Witness Not to Answer:
6  Page  Line      Page   Line
7  620   11        632    14
8
9
10 Request for Production of Documents:
11 Page  Line      Page   Line
12 NONE
13
14
15 Stipulations:
16 Page  Line      Page   Line
17 12    02
   (Previously)
18
19
20 Area(s) Marked Confidential:
21 Page  Line      Page   Line
22 NONE
23
24
```

Page 460

```
1            - - -
2      PETER VAN N. LOCKWOOD,
3  ESQUIRE, after having been first
4  duly sworn, was examined and
5  testified as follows:
6            - - -
7        PROCEEDINGS
8            - - -
9     (ACC 30(b)(6)-17 and 18
10 premarked for identification at
11 this time.)
12
13    MR. COHN:  Go ahead,
14 Mr. Schiavoni.
15    MR. SCHIAVONI:  I just
16 wanted to object.  We have written
17 the Libby claimants separately
18 about this, but we object to them
19 doing any questioning of
20 Mr. Lockwood on the grounds that
21 the Libby claimants are members of
22 the committee; they have not
23 objected to Mr. Lockwood's
24 designation to testify on behalf
```

Page 461

```
1  of the committee; nor have they
2  offered in response to requests
3  any alternative witness to testify
4  on any topics on which they
5  disagree with Mr. Lockwood.
6     We see Mr. Lockwood's
7  testimony and the failure of the
8  Libby claimants to object to the
9  designation of Mr. Lockwood as an
10 adoptive omission by the Libby
11 claimants, and we object to any
12 questioning by them as essentially
13 questioning seeking to impeach
14 their own witness.  Thank you.
15    MR. COHN:  You are welcome.
16 We will respond to your
17 correspondence, but, for the
18 moment, let's simply say that we
19 reject the basis for your
20 objection.
21    MR. SCHIAVONI:  If there are
22 any topics that the Libby
23 claimants object to Mr. Lockwood's
24 designation on, we need to know
```

369846cf-8848-4f90-bdd3-5892ddf78042

Page 610

1  were to prevail on their claim?
2      Q.  Yes.
3      A.  Well, under the provisions
4  of the TDP, which require marshalling,
5  the Edwards claim, I believe, would have
6  to be pursued initially against the bond.
7  To the extent that it fully satisfied the
8  bond, they wouldn't have any claim
9  anymore.
10     Q.  If I could ask you to look
11 at Exhibit-11, ACC Exhibit-11, and the
12 TDPs.
13     A.  I have them.
14     Q.  Page 20 contains Section
15 5.2(b).  Do you see that?
16     A.  I do.
17     Q.  Is that the marshalling
18 provision you had in mind when you just
19 gave that previous answer?
20     A.  That is correct.
21     Q.  And that marshalling
22 provision applies to holders of
23 pre-petition liquidated claims that are
24 secured by letters of credit, appeal

Page 611

1  bonds, or other security, correct?
2      A.  Correct.
3      Q.  If I could ask you to turn
4  back two pages to page 18, do you see
5  that there is a definition in bold type
6  partway through the first paragraph of
7  Section 5.2(a) defining pre-petition
8  liquidating claims?
9      A.  I do.
10     Q.  I want to go through with
11 you the four subparts here and try to
12 figure out where the Edwards claim would
13 qualify as a pre-petition liquidated
14 claim.
15     A.  It wouldn't.
16     Q.  Okay.  So explain to me --
17     A.  In Romanette (ii), the
18 Edwards claim as opposed to Fireman's
19 Fund's claim is excluded because,
20 although it is a non-final judgment in
21 the tort system obtained prior to the
22 petition date, there is a supersedeas
23 bond associated with it, which means that
24 it is not within the definition of

Page 612

1  pre-petition liquidated claims for that
2  purpose.
3          So the Edwards claimants
4  have two choices, I suppose.  And maybe
5  my first answer was a little bit too
6  fast.  The Edwards claimants could either
7  finish their appeal, at which point they
8  would have a pre-petition liquidated
9  claim, that would be a final judgment.
10 Romanette (ii) only excludes non-final
11 judgments.  So they couldn't avoid the
12 appeal by saying to the Trust and
13 Fireman's Fund, oh, we have a
14 pre-petition liquidated claim, you have
15 got to pay it.
16         So they have got a choice.
17 They have either got to pursue -- let me
18 rephrase this.
19     Q.  They have got to defend the
20 appeal.
21     A.  Let me phrase.  They either
22 got to defend the appeal, or they would
23 have to somehow or another withdraw it,
24 dismiss it, whatever, and then seek to

Page 613

1  pursue what would then be an unliquidated
2  claim, I guess, against the Trust.
3          But at that point, Fireman's
4  Fund would, as I understand it, no longer
5  have any liability on the surety bond
6  because Fireman's Fund liability is
7  dependent on the entry of a final
8  judgment on the matter that was bonded
9  which was the specific appeal, not some
10 generic bonding of the claim as a whole.
11         That's my understanding.  I
12 don't profess to be an expert on this.
13 But that's my understanding of it.
14     Q.  And your understanding is
15 that if Grace prevailed on the appeal and
16 that ruling became final, either because
17 it was affirmed by the Texas Supreme
18 Court or was not further appealed, then
19 the Edwards claimants would have a claim
20 against the Trust pursuant to the TDPs,
21 just like every other claimant who did
22 not have a pre-petition liquidated claim?
23     MR. GUY:  Objection,
24 compound.

42  (Pages 610 to 613)

Page 614

1      THE WITNESS: Actually, the
2  answer to that depends on
3  precisely what the Texas appeal at
4  courts decided. If they decided
5  that they were going to remand for
6  a new trial, then your question is
7  correct, they would have an
8  unliquidated claim.
9      If somehow or another -- I
10 don't think this is possible based
11 on the nature of the appeal, but
12 if, for some reason or another,
13 they would decide that the claim
14 was invalid, then I don't think
15 the Edwards claimants would have a
16 claim against the Trust, either,
17 because I think res adjudicata
18 would apply to the Trust as much
19 as it would apply to Grace or
20 Fireman's Fund, for that matter.
21 BY MR. PLEVIN:
22    Q.  Okay. If you could look at
23 Section 5.6 on page 35.
24      Does this section have any

Page 615

1  impact on the classification of the
2  Fireman's Fund claim or the treatment of
3  the Fireman's Fund claim?
4      MR. FINCH: Objection,
5  compound.
6      THE WITNESS: Well, I don't
7  think it has any impact on the
8  classification of the claim,
9  because, as footnote 8 points out,
10 the classification occurs in the
11 Plan, and this simply incorporates
12 the Plan definition.
13     On the treatment, this, in
14 effect, is what the Plan provides
15 for the treatment of claims
16 falling within this definition.
17 So assuming that Fireman's Fund's
18 surety bond claim is an indirect
19 PI Trust claim, this would be the
20 section that would provide for its
21 treatment.
22     Although, I want to make
23 clear, treatment is a technical
24 term in the bankruptcy law. And I

Page 616

1  am using treatment in a more
2  generic sense because the Plan
3  provides for the treatment, which
4  is to channel it to the Trust, and
5  this is the detail of how the
6  Trust is going to deal with it
7  once it gets there.
8  BY MR. PLEVIN:
9     Q.  If you look at the footnote
10 8 that you referenced on page 35, an
11 allowed claim by Fireman's Fund would be
12 classified as an indirect PI Trust claim
13 pursuant to subclause (y); is that your
14 understanding?
15    A.  Well, actually, you got to
16 strike the word "allow" because there
17 won't be any allowance.
18    Q.  I understand. You have
19 explained that before.
20    A.  A quick look at this
21 suggests to me that (y) is the correct
22 place for it.
23    Q.  Can you think of any other
24 TDPs or plans in asbestos bankruptcies

Page 617

1  that provided that claims by entities
2  that had issued supersedeas bonds or
3  letters of credit would be treated as
4  indirect asbestos claims subject to the
5  payment percentage?
6     A.  Not off the top of my head.
7  I could go back and look at a bunch of
8  TDPs to see whether there are any such,
9  but I don't remember off the top -- I
10 have to say, my recollection is that the
11 Edwards claim is somewhat unique in my
12 experience in terms of its size and
13 components and status in the bankruptcy
14 case.
15     So it wouldn't necessarily
16 surprise me if the magnitude of that
17 claim was such that it caused us to focus
18 on this question for the first time
19 explicitly in this Plan. But, again, I
20 would really have to go back and look at
21 the TDPs to testify confidently about
22 that.
23    Q.  Do you recall that subclause
24 (y), as shown on footnote 8, was inserted

Page 642

1  even been a little input from the Sealed
2  Air counsel on the TDP. But, again, the
3  primary draftspersons were counsel for
4  the ACC and the FCR.
5      Q.   Okay. Can I direct your
6  attention to the Plan, which I guess is
7  ACC-5, and specifically it's page 70 on
8  my copy. It's under Section 7.7
9  Conditions to Occurrence of the
10 Confirmation Date, specifically condition
11 (j).
12     A.   I see it.
13     Q.   Can you just take a moment
14 to read that? I have one question on
15 that.
16     A.   I have read it.
17     Q.   In the portion of that
18 condition dealing with asbestos PD
19 claims, second-to-the last line, you will
20 see the words "if any" appear there, but
21 the same language doesn't appear for
22 asbestos PI claims.
23         Why?
24         MR. FINCH: Objection,

Page 643

1      foundation.
2         THE WITNESS: I need to talk
3  to my counsel about this one.
4         (There was a discussion held
5  off the record between the witness
6  and counsel at this time.)
7         MR. FINCH: The discussion
8  was with respect to whether I need
9  to instruct him not to answer the
10 question. He is allowed to answer
11 the question as long as doing so
12 doesn't reveal privileged
13 communication.
14     I think you can answer.
15        THE WITNESS: Barely.
16     The "if any" is in there, as
17 best I can recall, because the
18 Plan proponents -- in contrast of
19 PI, "if any" is under PD. Because
20 the Plan proponents are quite
21 confident that there is going to
22 be lots of future PI demands and
23 are less confident that there is
24 going to be lots of future PD

Page 644

1  demands, or if there are, they
2  will be valid.
3         MR. BROWN: Okay. That's
4  all I have.
5         MR. FINCH: Could you go
6  back to the question I asked you
7  to find and read that question and
8  read the answer, and I will see if
9  I have got any redirect.
10        Does anybody else have any
11 questions?
12        (No response.)
13        MR. FINCH: Hearing none,
14 let me just hear that back.
15        (The reporter read from the
16 record as requested.)
17        MR. FINCH: No questions.
18 I think that is the end of
19 the deposition.
20        (The deposition concluded at
21 4:19 p.m.)
22
23
24

Page 645

1              CERTIFICATE
2
3
4      I HEREBY CERTIFY that the witness
5  was duly sworn by me and that the
6  deposition is a true record of the
7  testimony given by the witness.
8
9
10
11
12  _____
13  Lori A. Zabielski
14  Registered Professional Reporter
15  Dated: May 5, 2009
16
17
18
19
20        (The foregoing certification
21 of this transcript does not apply to any
22 reproduction of the same by any means,
23 unless under the direct control and/or
24 supervision of the certifying reporter.)

Page 646

INSTRUCTIONS TO WITNESS

1
2
3      Please read your deposition over
4   carefully and make any necessary
5   corrections.  You should state the reason
6   in the appropriate space on the errata
7   sheet for any corrections that are made.
8      After doing so, please sign the
9   errata sheet and date it.
10  You are signing same subject to the
11  changes you have noted on the errata
12  sheet, which will be attached to your
13  deposition.
14     It is imperative that you return
15  the original errata sheet to the deposing
16  attorney within thirty (30) days of
17  receipt of the deposition transcript by
18  you.  If you fail to do so, the
19  deposition transcript may be deemed to be
20  accurate and may be used in court.
21
22
23
24

Page 648

ACKNOWLEDGEMENT OF DEPONENT

1
2   I, _____, do
3   hereby certify that I have read the
4   foregoing pages,  1-  PGS, and that
5   the same is a correct transcription of
6   the answers given by me to the questions
7   therein propounded, except for the
8   correction or changes in form or
9   substance, if any, noted in the attached
10  Errata Sheet.
11
12  _____
    WITNESS NAME           DATE
13
14
15
16
17  Subscribed and sown
18  to before me this
19  _____ day of _____, 20____.
20  My commission expires:
21  _____.
22
23  _____
    Notary Public
24

Page 647

- - - - - -
E R R A T A
- - - - - -
PAGE  LINE  CHANGE

1
2
3
4
5   _____  _____  _____
6   _____  _____  _____
7   _____  _____  _____
8   _____  _____  _____
9   _____  _____  _____
10  _____  _____  _____
11  _____  _____  _____
12  _____  _____  _____
13  _____  _____  _____
14  _____  _____  _____
15  _____  _____  _____
16  _____  _____  _____
17  _____  _____  _____
18  _____  _____  _____
19  _____  _____  _____
20  _____  _____  _____
21  _____  _____  _____
22  _____  _____  _____
23  _____  _____  _____
24  _____  _____  _____

Page 649

LAWYER'S NOTES
PAGE  LINE

1
2
3   _____  _____
4   _____  _____
5   _____  _____
6   _____  _____
7   _____  _____
8   _____  _____
9   _____  _____
10  _____  _____
11  _____  _____
12  _____  _____
13  _____  _____
14  _____  _____
15  _____  _____
16  _____  _____
17  _____  _____
18  _____  _____
19  _____  _____
20  _____  _____
21  _____  _____
22  _____  _____
23  _____  _____
24  _____  _____

369846cf-8848-4f90-bdd3-5892ddf78042