# Exhibit C

```
   IN THE UNITED STATES BANKRUPTCY COURT
      FOR THE DISTRICT OF DELAWARE
                    - - -


In Re:                   : Chapter 11
                         :
                         : Case No.
W.R. GRACE & CO., et al, : 01-01139 JKF
                         :
                         : (Jointly
         Debtors         : Administered)


                    - - -

          Friday, May 15, 2009

                    - - -
```

Oral deposition of DAVID T. AUSTERN, ESQUIRE, taken pursuant to notice, was held at the offices of ORRICK HERRINGTON & SUTCLIFFE, LLP, Columbia Center, 1152 15th Street, N.W., Washington, DC  20005-1706, commencing at 10:07 a.m., on the above date, before Lori A. Zabielski, a Registered Professional Reporter and Notary Public in and for the Commonwealth of Pennsylvania.

```
                    - - -
           MAGNA LEGAL SERVICES
             Seven Penn Center
             1635 Market Street
                 8th Floor
       Philadelphia, Pennsylvania 19103
```

Page 2

```
 1  APPEARANCES:
 2
 3  DRINKER BIDDLE & REATH, LLP
      BY:  MICHAEL F. BROWN, ESQUIRE
 4  One Logan Square
      18th & Cherry Streets
 5  Philadelphia, Pennsylvania  19103-6996
      215.988.2988
 6  (brownmf@dbr.com)
      (jeffrey.boerger@dbr.com)
 7  Representing OneBeacon America Insurance
      Company, Seaton Insurance Company,
 8  Government Employees Insurance Company,
      Columbia Insurance Company f/k/a Republic
 9  Insurance Company
10
11  ORRICK HERRINGTON & SUTCLIFFE, LLP
      BY:  JONATHAN P. GUY, ESQUIRE
12       ROGER FRANKEL, ESQUIRE
         JOSHUA M. CUTLER, ESQUIRE
13  Columbia Center
      1152 15th Street, N.W.
14  Washington, DC  20005-1706
      202.339.8427
15  (jguy@orrick.com)
      Representing Future Claimants
16  Representative
17
18  CAPLIN & DRYSDALE, CHARTERED
      BY:  JEFFREY A. LIESEMER, ESQUIRE
19  One Thomas Circle, NW
      Suite 1100
20  Washington, DC  20005
      202.862.5000
21  (jal@capdale.com)
      Representing Grace, Official Committee of
22  Asbestos Personal Injury Claimants
      ("ACC")
23
24
```

Page 3

```
 1  APPEARANCES (continued)
 2
 3  KIRKLAND & ELLIS, LLP
      BY:  THEODORE L. FREEDMAN, ESQUIRE*
 4       (*VIA TELECONFERENCE)
      Citigroup Center
 5  153 East 53rd Street
      New York, New York  10022-4611
 6  212.446.4800
      (theodore.freedman@kirkland.com)
 7  Representing the Debtors
 8
 9  THE LAW OFFICES OF JANET S. BAER, P.C.
      BY:  JANET S. BAER, ESQUIRE
10  70 West Madison Street
      Suite 2100
11  Chicago, Illinois  606002
      312.641.2162
12  Representing the Debtors
13
14  SIMPSON THACHER & BARTLETT, LLP
      BY:  ELISA ALCABES, ESQUIRE
15       KAREN E. ABRAVANEL, ESQUIRE*
         (*VIA TELECONFERENCE)
16  425 Lexington Avenue
      New York, New York  10017-3954
17  212.455.3133
      (ealcabes@stblaw.com)
18  (kabravenel@stblaw.com)
      Representing Travelers Casualty and
19  Surety Company
20
21
22
23
24
```

Page 4

```
 1  APPEARANCES (continued)
 2
 3  VORYS, SATER, SEYMOUR AND PEASE, LLP
      BY:  WILLIAM J. POHLMAN, ESQUIRE*
 4       TIFFANY STRELOW COBB, ESQUIRE*
         (*VIA TELECONFERENCE)
 5  52 East Gay Street
      Columbus, Ohio  43215
 6  614.464.8322
      (wjpohlman@vorys.com)
 7  (tscobb@vorys.com)
      Representing The Scotts Company, LLC
 8
 9
      COHN WHITESELL & GOLDBERG, LLP
10  BY:  CHRISTOPHER M. CANDON, ESQUIRE
      101 Arch Street
11  Boston, Massachusetts 02110
      617.951.2505
12  (candon@cwg11.com)
      Representing the Libby Claimants
13
14
      SPEIGHTS & RUNYAN
15  BY:  DANIEL H. SPEIGHTS, ESQUIRE*
         (* VIA TELECONFERENCE)
16  200 Jackson Avenue East
      P.O. Box 685
17  Hampton, South Carolina  29924
      803.943.4444
18  (dspeights@speightsrunyan.com)
      Representing Anderson Memorial Hospital
19
20
      TUCKER ARENSBERG, P.C.
21  BY:  MICHAEL A. SHINER, ESQUIRE*
         (*VIA TELECONFERENCE)
22  1500 One PPG Place
      Pittsburgh, Pennsylvania  15222
23  412.594.5586
      (mshiner@tuckerlaw.com)
24  Representing Certain London Market
```

Page 5

```
 1  APPEARANCES (continued)
 2
 3  BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
      BY:  MATTHEW I. KRAMER, ESQUIRE*
 4       (*VIA TELECONFERENCE)
      200 South Biscayne Boulevard
 5  Suite 2500
      Miami, Florida  33131-5340
 6  305.450.7246
      (mkramer@bilzin.com)
 7  Representing Property Damage Committee
 8
 9  STROOCK & STROOCK & LAVAN, LLP
      BY:  DANIEL J. HARRIS, ESQUIRE*
10       (*VIA TELECONFERENCE)
      180 Maiden Lane
11  New York, New York  10038-4982
      212.806.5400
12  (djharris@stroock.com)
      Representing Official Committee of
13  Unsecured Creditors
14
15  CROWELL & MORING, LLP
      BY:  MARK PLEVIN, ESQUIRE
16       NOAH S. BLOOMBERG, ESQUIRE
      1001 Pennsylvania Avenue NW
17  Washington, DC  20004-2595
      202.624.2913
18  (mplevin@crowell.com)
      (nbloomberg@crowell.com)
19  Representing Fireman's Fund Insurance
      (Surety Bond)
20
21
      STEVENS & LEE, P.C.
22  BY:  JOHN D. DEMMY, ESQUIRE
      1818 Market Street, 29th Floor
23  Philadelphia, Pennsylvania  19103-1702
      215.751.2885
24  (jdd@stevenslee.com)
```

Page 6

```
 1  APPEARANCES (continued)
 2
 3  ALAN B. RICH LAW OFFICES
    BY: ALAN B. RICH, ESQUIRE
 4  Elm Place, Suite 4620
    1401 Elm Street
 5  Dallas, Texas  75202
    214.744.5100
 6  (arich@alanrichlaw.com)
    Representing Property Damage FCR
 7
 8
    CONNOLLY BOVE LODGE & HUTZ, LLP
 9  BY: JEFFREY C. WISLER, ESQUIRE
    The Nemours Building
10  1007 North Orange Street
    P.O. Box 2207
11  Wilmington, Delaware  19899
    302.88.6528
12  (jwisler@cblh.com)
    Representing Maryland Casualty
13
14
    ECKERT SEAMANS CHERIN & MELLOTT, LLC
15  BY: EDWARD J. LONGOSZ, II, ESQUIRE
    1747 Pennsylvania Avenue, NW
16  12th Floor
    Washington, DC  20006
17  202.659.6619
    (elongosz@eckertseamans.com)
18  Representing Maryland Casualty and Zurich
19
20  COZEN O'CONNOR
    BY: JACOB C. COHN, ESQUIRE
21  1900 Market Street
    Philadelphia, Pennsylvania  19103-3508
22  215.665.2147
    (jcohn@cozen.com)
23  Representing Federal Insurance Company
24
```

Page 7

```
 1  APPEARANCES (continued)
 2
 3  CUYLER BURK, P.C.
    BY: STEFANO V. CALOGERO, ESQUIRE
 4  Parsippany Corporate Center
    Four Century Drive
 5  Parsippany, New Jersey  07054
    973.734.3200
 6  (scalogero@cuyler.com)
    Representing Allstate Insurance Company
 7
 8
    GOODWIN PROCTER, LLP
 9  BY: BRIAN H. MUKHERJEE, ESQUIRE*
       (*VIA TELECONFERENCE)
10  901 New York Avenue, N.W.
    Washington, DC  20001
11  202.346.4124
    (bmukherjee@goodwinprocter.com)
12  Representing CNA Insurance
13
14  WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
    BY: KEVIN J. MANGAN, ESQUIRE*
15     (*VIA TELECONFERENCE)
    222 Delaware Avenue
16  Suite 1501
    Wilmington, Delaware  19801
17  302.252.4361
    (kmangan@wcsr.com)
18  Representing State of Montana
19
20  PEPPER HAMILTON, LLP
    BY: LINDA J. CASEY, ESQUIRE*
21     (*VIA TELECONFERENCE)
    3000 Two Logan Square
22  Philadelphia, Pennsylvania  19103
    215.981.4000
23  (caseyl@pepperlaw.com)
    Representing BNSF Railway Company
24
```

Page 8

```
 1              - - -
 2            I N D E X
 3              - - -
 4
 5  Testimony of:
 6       DAVID T. AUSTERN, ESQUIRE
 7
 8  By Mr. Brown         Page  12, 242
 9  By Ms. Alcabes       Page  95
10  By Mr. Candon        Page  123, 251
11  By Mr. Demmy         Page  164
12  By Mr. Cohn          Page  173
13  By Mr. Plevin        Page  192
14  By Ms. Cobb          Page  207
15  By Ms. Casey         Page  219
16  By Mr. Mangan        Page  221
17  By Mr. Speights      Page  222
18
19
20
21
22
23
24
```

Page 9

```
 1            - - -
 2        E X H I B I T S
 3            - - -
 4  NO.    DESCRIPTION          PAGE
 5  Austern-1
       Amended Notice of Deposition
 6     Of David T. Austern         31
 7  Austern-2
       Exhibit 2 to Exhibit Book
 8     Asbestos PI Trust Agreement  32
 9  Austern-3
       First Amended Joint Plan of
10     Reorganization...            43
11  Austern-4
       Exhibit 6 to Exhibit Book
12     Asbestos Insurance Transfer
       Agreement                    80
13
    Austern-5
14     Exhibit 4 to Exhibit Book
       Trust Distribution Procedures  90
15
    Austern-6
16     Exhibit 10 to Exhibit Book
       Cooperation Agreement        92
17
    Austern-7
18     Notice of Deposition of
       David Austern                95
19
    Austern-8
20     Debtors' Disclosure Statement
       for the First Amended Joint
21     Plan of Reorganization...   118
22  Austern-9
       Notice of Deposition of
23     David T. Austern           124
24
```

Page 10

1  EXHIBITS (continued)
2
   NO.     DESCRIPTION           PAGE
3
   Austern-10
4      Form 8-K                  124
5  Austern-11
       Exhibit 8 to Exhibit Book
6      Best Interests Analysis   156
7
              - - -

Page 11

          - - -
     DEPOSITION SUPPORT INDEX
          - - -

Direction to Witness Not to Answer:
Page  Line      Page  Line
181   13        225   16
229   04        239   03


Request for Production of Documents:
Page  Line      Page  Line
NONE




Stipulations:
Page  Line      Page  Line
NONE



Area(s) Marked Confidential:
Page  Line      Page  Line
NONE

Page 12

             - - -
          PROCEEDINGS
             - - -
     MR. GUY: We will follow the
federal rules.
             - - -
     DAVID T. AUSTERN, ESQUIRE,
after having been first duly
sworn, was examined and testified
as follows:
             - - -
          EXAMINATION
             - - -
BY MR. BROWN:
     Q. Good morning, Mr. Austern.
My name is Michael Brown. I represent
OneBeacon American Insurance Company,
Seaton Insurance Company, GEICO, and
Republic Insurance Company.
          Could you state your full
name for the record, please?
     A. David Thomas Austern.
     Q. Have you ever been deposed
before?

Page 13

     A. Yes.
     Q. How many times?
     A. Somewhere between 25 and 30
times.
     Q. So it's fair to say that you
are familiar with the protocol for a
deposition then?
     A. I am.
     Q. Okay. Can you give me a
summary of your professional background?
     A. I was an assistant district
attorney in the New York County District
Attorney's Office for four years; I was
an assistant United States attorney in
the United States Attorney's Office in
Washington, D.C. for four years; I was a
law professor for two years; I was in the
private practice of law for something
like 12 years; and I've been general
counsel of the Manville Personal Injury
Settlement Trust, and I have had some
other asbestos matters for the last 21
and a half years. That doesn't add up to
45, and it should, but...

Page 198

1   MR. PLEVIN: Let me
2   reiterate my view that Mr. Austern
3   is a party to the case, and -- all
4   right. Let me see if I can get to
5   the point of demonstrating the
6   relevance in this fashion.
7   MR. GUY: I will tell you
8   what. If I could talk to my
9   client for two seconds, I think we
10  can cut through this.
11  MR. PLEVIN: Sure.
12  (There was a discussion held
13  off the record at this time.)
14  MR. GUY: You may answer the
15  question as long as there is an
16  express understanding that you are
17  not going to argue that there is
18  any kind of waiver of privilege in
19  the answer.
20  MR. PLEVIN: That's
21  acceptable.
22  THE WITNESS: I believe
23  there is a question on the floor.
24  BY MR. PLEVIN:

Page 199

1   Q.  Yes. And I believe the
2   question on the floor is whether you have
3   an opinion as to the likelihood of
4   success on appeal or the strength of
5   Grace's position on appeal in the Edwards
6   matter?
7   A.  No.
8   MS. BAER: Objection to the
9   extent you are requesting
10  communications among the
11  co-proponents and therefore the
12  codefendants.
13  MR. LIESEMER: And I join
14  the objection.
15  MR. PLEVIN: And I will
16  reiterate that I was not asking
17  him about any communications. I
18  was asking him about his own view.
19  BY MR. PLEVIN:
20  Q.  And your answer,
21  Mr. Austern?
22  A.  I have no view.
23  Q.  Do you have a view as to the
24  proper classification under the Plan of

Page 200

1   the proof of claim filed by Fireman's
2   Fund that I described a moment ago?
3   MS. BAER: Objection as to
4   form.
5   MR. GUY: Objection.
6   You may answer.
7   THE WITNESS: No.
8   BY MR. PLEVIN:
9   Q.  Do you have an
10  understanding, Mr. Austern, as to what
11  the rights of the Edwards plaintiffs
12  would be under the Plan in the TDPs in
13  the event that the judgment that they
14  currently hold were to be reversed by
15  either the Texas Court of Appeals or the
16  Texas Supreme Court?
17  MS. BAER: Objection, form.
18  MR. LIESEMER: Same
19  objection.
20  MR. PLEVIN: What was the
21  objection?
22  MS. BAER: Form.
23  THE WITNESS: You are asking
24  me, do I have a view of what they

Page 201

1   would do?
2   BY MR. PLEVIN:
3   Q.  What their rights would be
4   under the Plan.
5   A.  I assume their rights would
6   be to file a personal injury claim with
7   the Trust.
8   Q.  As opposed to taking their
9   case back to a trial court, if it were
10  remanded for a new trial and retrying the
11  case in the trial court?
12  MS. BAER: Objection. Now
13  you are asking for a legal
14  conclusion.
15  MR. LIESEMER: Objection,
16  speculation, hypothetical.
17  THE WITNESS: I don't know.
18  My understanding of the Plan is
19  they got to file a Personal Injury
20  Trust claim.
21  BY MR. PLEVIN:
22  Q.  If there is a reversal?
23  A.  Yes.
24  Q.  Do you understand,

Page 250

1 if the Plan is confirmed?
2    A.  No, I don't.
3    Q.  Do you have any view as to
4 what the hourly rate would be if the Plan
5 is confirmed?
6    A.  I confess, Mr. Brown, having
7 forgotten that they are entitled to an
8 hourly rate, I would have to think about
9 that.  But I, at this point, have no
10 view.
11   Q.  Okay.  Do you have a view as
12 to whether they should be paid that
13 hourly rate above and beyond whatever
14 fees they get from their individual
15 clients who recover from the Trust?
16   A.  If Section 5.6 gives them
17 the right to get the hourly rate, I think
18 they should get the hourly rate.
19         MR. BROWN:  I think that's
20   all.  Thank you, Mr. Austern.
21         MR. CANDON:  I have one
22   follow-up question.
23         MR. GUY:  Sure.  Go ahead.
24            - - -

Page 251

1          EXAMINATION
2             - - -
3 BY MR. CANDON:
4    Q.  Mr. Austern, you had
5 mentioned that you reviewed Mr. Biggs'
6 estimation report, and the figure was
7 somewhere exactly between, you said, 3
8 and 5 billion?
9    A.  Let me explain.  There was a
10 follow-up letter to the report.  The
11 report I believe said 3.8, and it was
12 reduced to 3.6 because of the
13 mathematical error.
14   Q.  Did she provide a separate
15 estimate for Libby claims?
16   A.  No, she did not.
17         MR. CANDON:  Okay.  That's
18   all I have.  Thank you.
19         MR. GUY:  Okay.  We are
20   done.
21         (The deposition concluded at
22   3:27 p.m.)
23
24

Page 252

1            CERTIFICATE
2
3
4    I HEREBY CERTIFY that the witness
5 was duly sworn by me and that the
6 deposition is a true record of the
7 testimony given by the witness.
8
9
10
11
12 _____
13   Lori A. Zabielski
14   Registered Professional Reporter
15   Dated:  MAY 17, 2009
16
17
18
19
20      (The foregoing certification
21 of this transcript does not apply to any
22 reproduction of the same by any means,
23 unless under the direct control and/or
24 supervision of the certifying reporter.)

Page 253

1       INSTRUCTIONS TO WITNESS
2
3      Please read your deposition over
4 carefully and make any necessary
5 corrections.  You should state the reason
6 in the appropriate space on the errata
7 sheet for any corrections that are made.
8      After doing so, please sign the
9 errata sheet and date it.
10 You are signing same subject to the
11 changes you have noted on the errata
12 sheet, which will be attached to your
13 deposition.
14      It is imperative that you return
15 the original errata sheet to the deposing
16 attorney within thirty (30) days of
17 receipt of the deposition transcript by
18 you.  If you fail to do so, the
19 deposition transcript may be deemed to be
20 accurate and may be used in court.
21
22
23
24

Page 254

1  - - - - - -
2      E R R A T A
3  - - - - - -
4  PAGE  LINE  CHANGE
5  _____  _____  _____
6  _____  _____  _____
7  _____  _____  _____
8  _____  _____  _____
9  _____  _____  _____
10 _____  _____  _____
11 _____  _____  _____
12 _____  _____  _____
13 _____  _____  _____
14 _____  _____  _____
15 _____  _____  _____
16 _____  _____  _____
17 _____  _____  _____
18 _____  _____  _____
19 _____  _____  _____
20 _____  _____  _____
21 _____  _____  _____
22 _____  _____  _____
23 _____  _____  _____
24 _____  _____  _____

Page 255

1       ACKNOWLEDGEMENT OF DEPONENT
2     I, _____, do
3  hereby certify that I have read the
4  foregoing pages,   1-   PGS, and that
5  the same is a correct transcription of
6  the answers given by me to the questions
7  therein propounded, except for the
8  correction or changes in form or
9  substance, if any, noted in the attached
10 Errata Sheet.
11
12 _____
   WITNESS NAME           DATE
13
14
15
16
17 Subscribed and sown
18 to before me this
19 _____ day of _____, 20_____.
20 My commission expires:
21 _____.
22
23 _____
   Notary Public
24

Page 256

1      LAWYER'S NOTES
2  PAGE  LINE
3  _____  _____  _____
4  _____  _____  _____
5  _____  _____  _____
6  _____  _____  _____
7  _____  _____  _____
8  _____  _____  _____
9  _____  _____  _____
10 _____  _____  _____
11 _____  _____  _____
12 _____  _____  _____
13 _____  _____  _____
14 _____  _____  _____
15 _____  _____  _____
16 _____  _____  _____
17 _____  _____  _____
18 _____  _____  _____
19 _____  _____  _____
20 _____  _____  _____
21 _____  _____  _____
22 _____  _____  _____
23 _____  _____  _____
24 _____  _____  _____