Exhibit E -- part 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re ) | Chapter 11 |
| W.R. GRACE & CO., *et al.*, ) | Case No. 01-01139 (JKF) |
| Debtors. ) | Jointly Administered |

**DECLARATION OF RICHARD KOWALCZYK IN SUPPORT OF MOTION BY
FIREMAN'S FUND INSURANCE COMPANY PURSUANT TO BANKRUPTCY RULE
3018 FOR TEMPORARY ALLOWANCE OF PROOF OF CLAIM NO. 15175**

I, Richard Kowalczyk, declare as follows:

1.      I am the Senior Director of Surety for Fireman's Fund Insurance Company
("Fireman's Fund"), a creditor and party in interest in Debtors' bankruptcy case.  Specifically, I
am responsible for matters pertaining to (i) the pre-petition supersedeas bond (the "Bond")
posted by Fireman's Fund on behalf of W.R. Grace & Co. and W.R. Grace & Co.-Conn.
(together, "Grace") in connection with Grace's appeal of a Texas state court judgment against it
in five consolidated asbestos personal injury cases ("Edwards") and (ii) the Indemnity
Agreement between Fireman's Fund and Grace that relates to the Bond.  I am authorized to make
this declaration on behalf of Fireman's Fund.

2.      I submit this Declaration pursuant to Paragraph 31 of the Court's Order
Approving Disclosure Statement, Solicitation And Confirmation Procedures, Confirmation
Schedule And Related Relief (Dkt. No. 20944) (the "Order"), in support of the Motion by
Fireman's Fund Insurance Company Pursuant To Bankruptcy Rule 3018 For Temporary
Allowance Of Proof Of Claim No. 15715 (the "Motion"), seeking the allowance of Fireman's

Fund's Proof of Claim No. 15715 (the "Surety Claim") in an amount different than that proposed by Debtors in the Voting Procedures approved in ¶ 17 of the Order.

3.     Except as may be indicated below, I have personal knowledge of the facts stated herein, and could and would competently testify to them if called as a witness.

4.     Fireman's Fund's Surety Claim arises out of a contractual agreement between Fireman's Fund and Grace, set forth in the Indemnity Agreement, whereby Fireman's Fund provided to Grace the economic benefit of bonding its liability for the Edwards judgment in the amount of $43,038,931.91 so that the Edwards plaintiffs would not execute their judgment against Grace and its assets while the appeal of the Edwards judgment was pending.  By obtaining the Bond from Fireman's Fund, Grace avoided the need to deposit its own funds to secure the Edwards plaintiffs' judgment during the pendency of the appeal.

5.     As an express precondition to its willingness to issue the Bond, Fireman's Fund required that Grace enter into an indemnity agreement with Fireman's Fund (the "Indemnity Agreement"), pursuant to which Grace is obligated (i) to indemnify Fireman's Fund for any and all losses that Fireman's Fund may incur as a result of issuing the Bond and (ii) to pay premiums on the Bond.  Grace's obligations under the Indemnity Agreement are secured by an Irrevocable Letter Of Credit issued by Wachovia Bank, N.A. that names Fireman's Fund as the Beneficiary (the "Letter of Credit").

6.     It is my understanding that Fireman's Fund has drawn approximately $1.8 million on the Letter of Credit due to Grace's failure to pay premiums owed on the Bond.

7.     I hereby certify that $3.86 million is, in Fireman's Fund's view, the appropriate amount at which to allow the unsecured portion of its Surety Claim for voting purposes.  Fireman's Fund believes that $3.86 million is the appropriate value based on a

calculation that (a) starts with the face value of the Bond, $43,038,931.91, (b) discounts the face value of the Bond by $27,975,306 (65%) based on a conservative estimate of Grace's likelihood of success on the <u>Edwards</u> appeal, (c) subtracts $11.2 million, the amount remaining on the Letter of Credit, from $15.063 million (the amount determined through steps (a) and (b) above), and then (d) multiplies the remaining figure – $3.86 million – by the probability that Grace would be required, under the Indemnity Agreement, to pay the entire amount of any losses incurred by Fireman's Fund on the Bond, which Fireman's Fund believes to be 100% based on my understanding that Grace does not dispute its obligation under the Indemnity Agreement or otherwise contend that the Indemnity Agreement is not enforceable.

8.      Exhibit 1 hereto is a true and correct copy of Fireman's Fund's executed Class 6 ballot, reflecting Fireman's Fund's vote on the Plan if Debtors' incorrect classification of Fireman's Fund's Surety Claim as a Class 6 claim is upheld.[1]

9.      Exhibit 2 hereto is a true and correct copy of Fireman's Fund's executed Class 9 ballot, reflecting Fireman's Fund's vote on the Plan if Debtors' incorrect classification of Fireman's Fund's Surety Claim as a Class 6 claim is rejected by the Court in response to the Disputed Classification Declaration Fireman's Fund is filing today.

10.     Exhibit 3 hereto is a true and correct copy of the Surety Claim, which in turn attaches true and correct copies of the judgment in <u>Edwards, *et al.* v. Pittsburgh Corning Corp., *et al.*</u>, No. B-150,896-J (Tex. Dist. Ct., Jefferson Cty., 60th Judicial Dist.), the Bond, the

---

[1]     Fireman's Fund disputes Debtors' incorrect classification of the unsecured portion of the Surety Claim as a Class 6 claim, and, accordingly, is filing today a Disputed Classification Declaration seeking to properly classify the Surety Claim in Class 9.  Fireman's Fund's completed original Class 6 ballot and its completed original Class 9 provisional ballot are being submitted in connection with the Disputed Classification Declaration.

Indemnity Agreement, and the Irrevocable Letter Of Credit issued by Wachovia Bank, N.A. in favor of Fireman's Fund to secure Grace's obligations under the Indemnity Agreement.

11.    Exhibit 4 hereto is a true and correct copy of an Opinion dated April 13, 2001, entered in W.R. Grace & Co. v. Edwards, et al., No. 06-00-00112-CV (Tex. App. April 13, 2001), abating proceedings in the Edwards appeal as the result of the automatic stay of § 362 of the Bankruptcy Code.

12.    Exhibit 5 hereto is a true and correct copy of the Brief of Appellant W.R. Grace & Co., filed in W.R. Grace & Co. v. Edwards, et al., No. 06-00-00112-CV (Tex. App.).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2009, in Slanesville, West Virginia.

_____
Richard Kowalczyk

7939034

# EXHIBIT 1

**BALLOT**

**PLEASE COMPLETE THE FOLLOWING:**

| | |
|---|---|
| FIREMANS FUND INSURANCE COMPANY<br>ATTN THELMA THOMPSON CORP CREDIT SM1<br>777 SAN MARIN DR<br>NOVATO, CA  94998-1000 | *In re W. R. Grace & Co., et al.*<br>Case No. 01-01139 (JFK)<br><br>**Class 6 Asbestos PI Claims**<br>**(Indirect PI Trust Claims)** |

**Please read the instructions accompanying this Ballot before completing the Ballot.  Print Clearly.**

| Item 1. | **PRINCIPAL AMOUNT OF INDIRECT PI TRUST CLAIM.**  Amount of your claim for voting purposes only: $1.00. |
|---|---|

| Item 2. | **VOTE ON THE PLAN.**  The undersigned Holder of the Indirect PI Trust Claim in the amount set forth in Item 1 hereby votes <u>all</u> of its Claim to (check one box only): |
|---|---|

☐ ACCEPT the Plan  ▮▮▮▮▮▮▮▮▮▮▮▮▮

☒ REJECT the Plan  ▮▮▮▮▮▮▮▮▮▮▮▮▮

**Please note:  If you vote to accept the Plan, you will be deemed to have given the specific releases set forth in Section 8.8.7 of the Plan.**

| Item 3. | **TELEPHONE NUMBER / AUTHORIZATION** |
|---|---|

Telephone Number:　　　415-899-2851

Name of Signatory (if different from claimant):　　John Stevens, Senior Counsel

If by Authorized Agent, Title or Agent:

| Item 4. | **ACKNOWLEDGEMENTS AND CERTIFICATIONS.**  By signing and returning this Ballot, you make the following acknowledgements and certifications: |
|---|---|
| (i) | I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures, and the exhibits thereto; and |
| (ii) | I was the Holder of an Indirect PI Trust Claim, as defined in the Plan, as of the Voting Record Date or I have the authority, under applicable law, to vote to accept or reject the Plan on behalf of a Holder of an Indirect PI Trust Claim as of the Voting Record Date. |

| Item 5. | **SIGNATURE AND DATE.** |
|---|---|

Signature of Claimant or Authorized Agent *[signature]*　　Date 5-15-09

**Item 6. ADDRESS CORRECTIONS, IF ANY (PRINT CLEARLY)**

Name

Address 1

Address 2

City, State and ZIP Code (US)

2135008 ▮▮▮▮▮▮▮▮▮▮

K&E 13304194.13

1

# EXHIBIT 2

## BALLOT

**PLEASE COMPLETE THE FOLLOWING:**

| | |
|---|---|
| Firemans Fund Insurance Co<br>c/o Leslie A Davis Esq<br>Crowell & Moring LLP<br>1001 Pennsylvania Ave NW<br>Washington, DC 20004 | *In re W. R. Grace & Co., et al.*<br>Case No. 01-01139 (JFK)<br><br>**Class 9 General Unsecured Claims** |

**Please read the instructions accompanying this Ballot before completing the Ballot. Print Clearly.**

| | |
|---|---|
| Item 1. | **PRINCIPAL AMOUNT OF GENERAL UNSECURED CLAIM.** The undersigned certifies that as of March 11, 2009 (the "Voting Record Date"), the undersigned was the Holder, or had the authority to vote for the Holder, of a General Unsecured Claim in the amount set forth below.<br>Amount of your claim for voting purposes only: . |
| Item 2. | **VOTE ON THE PLAN.** The undersigned Holder of the General Unsecured Claim in the amount set forth in Item 1 hereby votes all of its Claim to (check one box only):<br><br>&#9747;  ACCEPT the Plan  ▮▮▮▮▮▮▮▮▮▮▮<br><br>□  REJECT the Plan  ▮▮▮▮▮▮▮▮▮▮▮ |

**Please note: If you vote to accept the Plan, you will be deemed to have given the specific releases set forth in Section 8.8.7 of the Plan.**

| | |
|---|---|
| Item 3. | **TELEPHONE NUMBER / AUTHORIZATION** |

Telephone Number:   415-899-2851

Name of Signatory (if different from claimant):   John Stevens, Senior Counsel

If by Authorized Agent, Title or Agent:

| | |
|---|---|
| Item 4. | **ACKNOWLEDGEMENTS AND CERTIFICATIONS.** By signing and returning this Ballot, you make the following acknowledgements and certifications: |
| (i) | I have been provided with a copy of the Plan, the Disclosure Statement, the Exhibit Book, the Voting Procedures, and the exhibits thereto; and |
| (ii) | I was the Holder of a General Unsecured Claim, as defined in the Plan, as of the Voting Record Date or I have the authority, under applicable law, to vote to accept or reject the Plan on behalf of a Holder of a General Unsecured Claim as of the Voting Record Date. |
| Item 5. | **SIGNATURE AND DATE:** |

Signature of Claimant or Authorized Agent _____   Date 5-13-09

**Item 6. ADDRESS CORRECTIONS, IF ANY (PRINT CLEARLY)**

Name

Address 1

Address 2

City, State and ZIP Code (US)