# Exhibit F

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| W.R. GRACE & CO., *et al.*, ) | Case No. 01-01139 (JKF) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| | **Related to Dkt. No. 20872** |

**DECLARATION OF MIKE HATCHELL IN SUPPORT OF
MOTION BY FIREMAN'S FUND INSURANCE COMPANY
PURSUANT TO BANKRUPTCY RULE 3018 FOR TEMPORARY
ALLOWANCE OF PROOF OF CLAIM NO. 15175**

I, Mike Hatchell, declare as follows:

1. I am a member in good standing of the State Bar of Texas and am Of Counsel in the Austin, Texas office of the law firm Locke Lord Bissell & Liddell LLP ("Locke Lord").

2. I submit this Declaration in support of the Motion By Fireman's Fund Insurance Company Pursuant To Bankruptcy Rule 3018 For Temporary Allowance Of Proof Of Claim No. 15175.

3. I received my B.B.A. degree from the University of Texas at Austin in 1961 and my LL.B from The University of Texas School of Law in 1964. I have been a member of the Texas bar since 1964. Presently, I am the Chair of Locke Lord's nationwide appellate practice group. During my 45-year legal career, I have been lead counsel in more than 175 appeals. I have argued 45 appeals or original proceedings in the Supreme Court of Texas, have argued *en banc* to the federal Fifth Circuit Court of Appeals twice, and have appeared and argued cases in all 14 courts of appeal in Texas.

4. I was recognized in 2007 by *Texas Lawyer* magazine as the "Go To" appellate lawyer in Texas and have been designated three times as one of the top 100 "Texas Super Lawyers" by *Texas Monthly Magazine*. I am one of ca 285 elected members of the American Academy of Appellate Lawyers. I have served over 15 years on the Texas Supreme Court Advisory Committee, which advises the Court on changes to rules of procedure. I also lecture frequently on a variety of appellate issues and developing Texas law.

5. At the request of Fireman's Fund Insurance Company, I reviewed the opening appellate brief filed by W.R. Grace & Co. in <u>W. R. Grace & Co. v. Edwards, et al.</u>, No. 06-00-00112-CV (Tex. App.-Texarkana, appeal abated). I understand that, because the appeal was abated by the Court of Appeals following the commencement of this bankruptcy case, the appellees have not yet filed a brief opposing the appeal. Additionally, I was not provided with a copy of the underlying trial record. In evaluating the appeal, I did the following: (a) read Grace's opening brief, (b) reviewed certain cases cited therein, (c) had certain research conducted to update the development of law on certain points during the nine years that this case has been abated, and (d) consulted with two of my colleagues, Judge Sarah Duncan, who served two terms on the San Antonio Court of Appeals before joining the appellate section at Locke Lord, and Charles R. ("Skip") Watson, a senior appellate attorney at Locke Lord. Notwithstanding those consultations, the conclusions set forth herein are my own.

6. Based on my review as described herein, I believe that there is a 60-70% chance that Grace will obtain some relief on appeal, either in the form of a reversal and rendition of judgment or, more likely, a reversal and remand for new trial.

7. <u>Problems with the jury panel and jury selection</u>: Generally, problems with the jury panel or individual jurors are good points for an appellant because they are not as susceptible to the harmless error rule. Assuming the brief accurately recites the record, I believe that a problem with the composition of the jury panel and the seating of jurors is a target rich environment for reversal. There are serious problems with the composition of the jury panel due to selection procedures excusing jurors and precipitous seating of jurors. The cases cited by Grace, although not great in number, are persuasive.

8. <u>Disqualification of Jurors for Cause</u>: Although I do not feel there was error in refusing to strike every juror who was challenged for cause, the list of jurors with potential biases at page 11, footnote 3 of the Grace brief is troubling. I was particularly concerned by Juror Broussard's conduct in failing to reveal her pending suit against Grace, and I believe that error from her service has a significant potential for reversal. I note that the brief states that "Broussard advised the court during void dire that her husband had a potential asbestos claim and had taken steps to pursue such a claim." This could be the basis of an argument that Grace was forewarned about Broussard and waived complaint by not inquiring deeply enough, but I feel such an argument is not likely to succeed. While it is true that Texas juries can render verdicts on the vote of 10 of 12 jurors, and arguments have been made that the disqualification of one juror does not affect the verdict if there are ten qualified jurors who sign the verdict, my research has confirmed that the presence on the jury of one disqualified juror will likely be viewed by an appellate court as tainting the entire panel and its deliberations.

9. <u>Product identification</u>: Under the holding of *Celotex v. Gaulding*, 772 S.W.2d 66 (Tex. 1989), plaintiffs' failure to prove exposure to Grace's product is a sure winner and would entitle Grace to a judgment by the appellate court that plaintiffs take nothing. This issue is governed by the "standard of review" in Texas and what is in the record that I have not read. Under the standard of review, the appellate court must credit only the evidence in support of the verdict and disregard all the evidence the jury had the right to disbelieve or to assign little weight to. Of course, the court cannot disregard evidence that is "undisputed." However, "undisputed" does not mean evidence that is not testimonially challenged; it means instead scientifically indisputable facts, facts admitted by plaintiff, documentary evidence, and the like. Without having reviewed the record, it is uncertain what points plaintiffs might make about the sufficiency of the evidence presented to the jury. This is one of the points where I am most hampered by the fact that the parties were not able to join issue in a brief of appellee and a response by Grace.

10. <u>Consolidation of claims</u>: This point is one that has developed favorably for defendants during the time the cause has been abated. When this case was briefed, Texas had just adopted the so-called "Maryland Factors" for evaluating error from these consolidations, but there had not been time for the law to develop when this case was originally briefed. Since that time, several cases have considered the issue and, of those I read, all but one reversed the judgment because of the consolidation. One of those cases is a Texas Supreme Court case, *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203 (Tex. 2004). In fact, that case was decided in a Per Curiam opinion, meaning that the

court did not think it was a close call. I give this point very high potential for success, assuming the factual recitations in the brief are accurate.

11. The other points raised by Grace in its appellate brief are, in my view, not as strong as those mentioned above. I think any reversal of the judgment is likely to be on the grounds stated above, making it unnecessary for the Court of Appeals to address the other points raised.

12. My verification is limited and conditioned by the fact that I have not been given or reviewed the appellate record on which the validity of the points will depend, nor have I had the opportunity to evaluate the issues raised in light of the plaintiffs'/appellees' response and Grace's reply thereto, which could change my opinion. I am relying entirely on the issues stated and representations in Grace's opening brief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 20, 2009, at Austin, Texas.

_____
Mike Hatchell

7980458