## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | **Chapter 11** |
| | § | |
| **W.R. GRACE & CO., et al.,** | § | **Jointly Administered** |
| | § | **Case No. 01-01139 (JKF)** |
| Debtors. | § | |
| | § | |

### FEE AUDITOR'S FINAL REPORT REGARDING THE FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR THE THIRTY-SECOND INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Fee Application of PricewaterhouseCoopers LLP for the Thirty-Second Interim Period (the "Application").

### BACKGROUND

1.      PricewaterhouseCoopers LLP ("PwC") was retained as auditors and tax consultants to the Debtors and Debtors-in-Possession. In the Application, PwC seeks approval of fees totaling $1,171,927.72 and expenses totaling $39,042.35 for its services from January 1, 2009 through March 31, 2009 (the "Application Period").

2.      In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2009, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "U.S. Trustee Guidelines"), as well as for consistency with

precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on PwC based upon our review, and we received a response from PwC, portions of which response are quoted herein.

**DISCUSSION**

Specific Time and Expense Entries

3.     In our initial report, we noted that during the Application Period, various PwC professionals[1] spent a total of 5.6 hours for $2,780.78 in fees reading the Bankruptcy News. The time entries are as follows:

| 1/26/2009 | William T Bishop | 0.4 | 279.40 | Read Bankruptcy News |
| 1/26/2009 | Thomas Smith | 0.5 | 349.25 | Review of Bankruptcy reports #173 and 174 |
| 1/27/2009 | Thomas Smith | 2.0 | 1,397.00 | Review of Bankruptcy reports #175-179 |
| 1/19/2009 | Pamela Barkley | 0.5 | 113.66 | Reading the bankruptcy news |
| 1/26/2009 | Pamela Barkley | 0.7 | 159.13 | Reading the bankruptcy news report |
| 1/7/2009 | Erica Margolius | 0.4 | 90.93 | Read the latest bankruptcy reporting news. |
| 02/19/09 | William T Bishop | 0.3 | 209.55 | Read Bankruptcy News |
| 02/20/09 | Pamela Barkley | 0.4 | 90.93 | Reading the bankruptcy news issue 181 |
| 02/27/09 | Pamela Barkley | 0.4 | 90.93 | Reading bankruptcy issues 182 |
| | | 5.6 | 2,780.78 | |

Thus, we asked PwC whether this reading pertained specifically to the Grace case, and PwC responded as follows:

---

[1]The hourly rates of these professionals are as follows: William T. Bishop - $698.50; Thomas Smith - $698.50; Pamela Barkley - $227.33; and Erica Margolius - $227.33.

In response to paragraph three, PwC notes that the Bankruptcy News referenced is W.R. Grace specific Bankruptcy News as published by Bankruptcy Creditors' Service, Inc. and provided to us regularly by W.R. Grace as a means to understanding activity in the court for the period and its potential impact to our audit procedures. Going forward, we will identify the bankruptcy news documents as WR Grace Bankruptcy Reports to avoid confusion.

We accept PwC's response and have no objection to these fees.

4.      In our initial report, we noted that Timekeeper Kristina Johnson, billing at an hourly rate of $123.19, spent 2.4 hours for fees of $295.66 on tasks which appeared to be overhead. The time entries are as follows:

| 02/04/09 | 1.00 | 50% travel time: Going to Tyson's to get mail and confirmation |
| 02/11/09 | 0.90 | 50% travel time: Going to the office to get mail |
| 02/16/09 | 0.50 | 50% travel time: Going to Tyson's to get mail. |

Thus, we asked PwC why the estate should compensate these fees. PwC responded:

In response to paragraph four, PwC notes that timekeeper Kristina Johnson's travel time to the PwC office in McLean, VA noted as to pick up mail was intended to pick up confirmations mailed directly to PwC. Under AICPA US Auditing Standards (AU 330.28), the auditor should maintain control over the confirmation requests and responses. Maintaining control means establishing direct communication between the intended recipient and the auditor. This necessitates the confirmations being mailed to a PwC office and requires travel in order to retrieve them. Going forward, we will identify this time more clearly as related to the confirmation process to link the explanations to the audit process.

We accept PwC's response and have no objection to these fees.

5.      In our initial report, we noted the following business class air fare charges:

| Justin Bray | Integrated Audit | 1/5/2009 | 6,540.20 | Airfare from Washington Dulles to Frankfurt Germany (business class, international flights, round trip) (trip to Worms, Germany Grace location) |

| Rafael Garcia | Integrated Audit | 1/6/2000 - 1/7/09 | 6,659.70 | Business class (standard policy, international flight, round trip) airfare to Meetings in Worms, Germany with Grace Davison, Thomas Hirsch, Andreas Bouche, Dr. Huck, Dieter Staab and David Hartil |
| Lynda Keorlet | Integrated Audit | 1/5/2009 | 6,540.20 | Flight from Dulles to Frankfurt for trip to Worms, Germany business class - round trip |

According to Paragraph II.E.1. of the U.S. Trustee Guidelines: "Factors relevant to a determination that the expense is proper include the following: 1. Whether the expense is reasonable and economical.   For example, first class and other luxurious travel mode will normally be objectionable...." Thus, we asked PwC why reimbursement for these charges should not be reduced.

PwC responded:

> In response to paragraph five, PwC notes that based on the length of travel time and international nature of the trip, business class travel is standard under both PwC and W.R. Grace travel policy.   Additionally, the flights were booked through United Airlines, a preferred carrier for both PwC and W.R. Grace.   Therefore, we do believe that the flight was both reasonable and economical in light of the policy documents and therefore, the reimbursement should not be reduced.

In most instances, a business class air fare is at least double the cost of a coach class fare.   Although we understand PwC's policy, we maintain that the Estate should not be put to the added expense of providing business class flights for its professionals.   Based upon our review of comparable air fares of United Airlines, it appears that non-stop, round trip, refundable, economy class tickets from Washington Dulles to Frankfurt can be purchased with little advance notice for less than $2,600.00.

Accordingly, we recommend that reimbursement for these charges be reduced as follows:

Reduce the $6,540.20 charge by $3,940.20;

Reduce the $6,659.70 charge by $4,059.70; and

Reduce the $6,540.20 charge by $3,940.20.

Thus, for all air fare charges billed, we recommend a reduction of $11,940.10 in expenses.

## CONCLUSION

6.      In summary, we recommend approval of $1,171,927.72 in fees and $27,102.25 in

expenses ($39,042.35 minus $11,940.10) for PwC's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By:_____
            Warren H. Smith
            Texas State Bar No. 18757050

325 N. St. Paul Street, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 26th day of August, 2009.

_____
            Warren H. Smith

## SERVICE LIST
Notice Parties

**The Applicant**
Kathleen M. Miller
SMITH, KATZENSTEIN & FURLOW LLP
The Corporate Plaza
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899

**The Debtors**
David B. Siegel, Esq.
Sr. V.P. and Gen. Counsel
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD 21044

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Deanna Boll
David M. Bernick, P.C.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Lewis Kruger, Esq
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038-4982

Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801