IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| W.R. GRACE & CO., et al., | § | Jointly Administered |
| | § | Case No. 01-01139 (JKF) |
| Debtors. | § | |
| | § | |

## FEE AUDITOR'S FINAL REPORT REGARDING
## FEE APPLICATION OF STROOCK & STROOCK & LAVAN, LLP
## FOR THE THIRTY-SECOND INTERIM PERIOD

This is the final report of Warren H. Smith & Associates, P.C., acting in its capacity as fee auditor in the above-captioned bankruptcy proceedings, regarding the Thirty-Second Interim Fee Application of Stroock & Stroock & Lavan, LLP (the "Application").

### BACKGROUND

1.  Stroock & Stroock & Lavan, LLP ("Stroock"), was retained as counsel to the Official Committee of Unsecured Creditors. In the Application, Stroock seeks approval of fees totaling $437,100.75 and expenses totaling $7,356.35 for its services from January 1, 2009 through March 31, 2009 (the "Application Period").

2.  In conducting this audit and reaching the conclusions and recommendations contained herein, we reviewed in detail the Application in its entirety, including each of the time and expense entries included in the exhibits to the Application, for compliance with 11 U.S.C. § 330, Local Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Amended Effective February 1, 2009, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, Issued January 30, 1996 (the "Guidelines"), as well as for

consistency with precedent established in the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals. We served an initial report on Stroock based upon our review, and we received a response from Stroock, portions of which response are quoted herein.

**DISCUSSION**

General Issues

3.    We note that during the current Application Period, Stroock billed 68 hours, for total fees of $25,354.50, on matters pertaining to its fee application preparation. This amounts to approximately 5.8% of the fees billed in the Application. Cumulatively, over the term of Stroock's involvement in the case, we calculate Stroock's total fees for fee application preparation at $710,225.00.[1] A chart reflecting Stroock's total fees and fees for fee application preparation is attached as Exhibit "A." This computes to 5.865% of the total fees billed by Stroock in the case to date. Although the Court has not set a defined limit on fees for fee application preparation in this case, such fees must still be reasonable under Section 330 of the Bankruptcy Code. A number of courts, including this one, have established 5% of the total fees billed as a guideline for reasonableness for such fees. Thus, we asked Stroock to explain why the amount of its fee application preparation fees should be considered reasonable, and to explain any special factors meriting consideration. Stroock provided the following response:

> As you are aware, Stroock & Stroock & Lavan LLP ("Stroock") represents the Official Committee of Unsecured Creditors (the "Creditors' Committee"), which body represents bank, trade and all other holders of non-asbestos unsecured debt of the Debtors. Stroock regards its representation of the Creditors' Committee as a significant responsibility to do the very best job it can effectively and efficiently for

---

[1] We excluded from our calculations time spent by Stroock on the fee applications of other firms, as well as Committee expense applications.

the non-asbestos unsecured creditors of these estates. Stroock submits that the monthly fees and expense reimbursement charges it billed to the Debtors' estates are relatively modest, especially given the complexity of the issues in these cases.

**General Issue**

The Report notes that during the Application Period Stroock billed $25,354.50 or approximately 5.8% of its total fees for the 32nd interim period on its fee application preparation, and wants to know why this amount should be considered reasonable as it exceeds by 0.8%, a 5% defined limit on fees for fee application preparation established by this and other courts in certain cases, but which has not been established by this court in this case. (Report at paragraph 3). The 0.8% overage corresponds to an amount approximating $3,500.00.

Stroock agrees that it would have preferred to have spent less time during the Application period on fee-related matters, but Stroock believes that it spent that amount of time necessary to prepare the Thirty-First Quarterly Fee Application and . . . the monthly fee statements for each of the months of December 2008, January 2009 and February 2009. In connection with the preparation of its Thirty-First Quarterly Application, Stroock endeavored to prepare an application containing a concise but thorough narrative section that accurately and appropriately describes the matters and issues Stroock was called upon to render services for the Committee during the Application Period, rather than just providing the time detail. As a general matter, throughout this case, Stroock has endeavored to provide as much detail as necessary, so that the Fee Auditor and the Court would have little or no questions regarding the services performed when reviewing its quarterly applications. The accuracy of the narrative section of the Application is supported by Stroock's review of its time detail, memoranda to the Committee and applicable pleadings and orders of the Court, which, of course, require additional time to do. Further, Stroock expends additional time obtaining and then reviewing, as may be appropriate, back-up information in respect of expense charges, so that reimbursement is sought only for those expenses properly chargeable to this matter. In addition, time is spent adding text, as necessary, to identify the charges in sufficient detail so that the Fee Auditor and the Court can see the bases for the charges and that they fall within the meal and hotel guidelines that have been established in these cases. Stroock continues to endeavor to expend as little time as is necessary in connection with the preparation of these various fee-related matters. Stroock therefore submits that the amount expended in fee preparation related services during this Application Period is reasonable and should be allowed in its entirety.

We understand Stroock's response and appreciate the detail which Stroock includes in its time and expense entries. We concur that Stroock's fees for fee application preparation during the current

Application Period have exceeded 5% by only 0.8%, or $3,500.00. Cumulatively, Stroock's fees for fee application preparation have exceeded 5% by only 0.865%, however, this amounts to $104,782.94 in fees over the course of the case to date. Stroock's total fees billed in the case to date are $12,108,841.17, and Stroock has billed an average of $378,401.00 in fees per quarter. Thus, unlike some of the smaller applicants, Stroock should have no difficulty staying under 5% for its fee application preparation. Five percent of the fees billed in the current Application is $21,855.04, and Stroock's fees for fee application preparation exceeded this amount by $3,500.00. Thus, we recommend a reduction of $3,500.00 in fees.

Specific Time and Expense Entries

4.    In our initial report, we noted the following time entries in which there was a discrepancy between the total time billed and the time recorded in parentheses:

| 03/04/2009 | Review and update case docket no. 01-1139 (.3); obtain and circulate recently filed pleadings in main case (.9); review adv. pro. case no. 01-77 (.2); review court of appeals case no. 08-2069 (.2); review district court case no. 08-250 (.2); review case file documents (.1); retrieve documents for attorney (.4). | Mohammed, D. | 3.2 | $576.00 |
|---|---|---|---|---|
| Time recorded in parentheses and resulting fees: | | | 2.3 | $414.00 |
| Overcharge: | | | 0.9 | $162.00 |

| 03/10/2009 | Attend to comments on revised Protective Order (.6); attend to discovery (.7); exchanged memoranda with LK, KP re plan issues (.2); attend to chapter 11 plan and case law re plan issues (.2). | Krieger, A. | 7.2 | $4,860.00 |
|---|---|---|---|---|
| Time recorded in parentheses and resulting fees: | | | 1.7 | $1,147.50 |
| Overcharge: | | | 5.5 | $3,712.50 |

**FEE AUDITOR'S FINAL REPORT** - Page 4
wrg FR Stroock 32Q 1-3 09 v2.wpd

| 03/20/2009 | Review of Disclosure Statement and memorandum to Capstone re information request (.6); attend to Committee's response to Debtor's interrogatory and request for documents (.2); office conference KP re discovery (.3) and attend to other plan related matters (.5); attend to Lloyd's settlement agreement (.3); exchanged memoranda with L. Esayian re deposition schedule (.2). | Krieger, A. | 4.8 | $3,240.00 |
|---|---|---|---|---|
| Time recorded in parentheses and resulting fees: | | | 2.1 | $1,417.50 |
| Overcharge: | | | 2.7 | $1,822.50 |

Thus, we asked Stroock whether it agreed that fee reductions were warranted for these time entries.

Stroock responded as follows:

> The Report notes 3 instances where the aggregate total time ascribed to the entry does not correspond to and appears to be more than the total of the component entries for a particular timekeeper for the dates identified and seeks to know whether Stroock agrees that fee reductions are warranted for those time entries. The aggregate difference is $5,697.00. (Report at paragraph 4).
>
> The portion of the Application corresponding to this inquiry contains over 40 pages of time entries. While Stroock endeavors to double-check each and every narrative and corresponding aggregate amount entry against each other, errors do occur from time to time. Stroock's review of the narrative time entries input into the accounting system against the time keeper's original notes reveals that in two of the instances raised by the Fee Auditor a typographical error occurred in putting the attorney's time detail data into Stroock's accounting system. As a result, in these two instances the stated aggregate amount is correct.
>
> Time keeper A. Krieger's time detail for 3/10/2009 falls within this category as the time indicated to "attend to chapter 11 plan and case law re: plan issues" should have been input into the system as (5.7) hours not (.2) hours. This inadvertent error accounts for the difference picked up by the Fee Auditor. Stroock therefore submits that the aggregate amount for this entry is correct and the amount sought should be paid in full.
>
> Time keeper A. Krieger's time detail for 3/2/2009 falls within this category as well, as in this instance the text describing services rendered to "attend to discovery pleadings (2.7)" was inadvertently omitted from the attorney's time detail actually entered into the firm's accounting system. This inadvertent error accounts for the difference picked up by the Fee Auditor. Stroock therefore submits the

aggregate amount for this entry is correct and the amount sought should be paid in full.

Regarding the third entry questioned by the Fee Auditor, the 3/04/2009 narrative for time keeper D. Mohamed, the narrative entry is correct, but the stated aggregate amount is incorrect and should have been 2.3 hours, rather than 3.2 hours. Stroock therefore submits that the aggregate amount of the compensation Stroock seeks under the Application should be reduced by $162.00.

We accept Stroock's response and recommend a reduction of $162.00 in fees.

## CONCLUSION

5. Thus, we recommend approval of $433,438.75 in fees ($437,100.75 minus $3,662.00) and

$7,356.35 in expenses for Stroock's services for the Application Period.

Respectfully submitted,

**WARREN H. SMITH & ASSOCIATES, P.C.**

By: _____

Warren H. Smith
Texas State Bar No. 18757050

Republic Center
325 N. St. Paul, Suite 1250
Dallas, Texas  75201
214-698-3868
214-722-0081 (fax)
whsmith@whsmithlaw.com

**FEE AUDITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by First Class United States mail to the attached service list on this 26th day of August, 2009.

_____
Warren H. Smith

## SERVICE LIST
<u>Notice Parties</u>

**The Applicant**
Lewis Kruger
Kenneth Pasquale
Arlene Krieger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038-4982

**Counsel for the Debtors**
James H.M. Sprayregen, Esq.
Deanna Boll
David M. Bernick, P.C.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Laura Davis Jones, Esq.
James R. O'Neill
Pachulski, Stang, Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

**Counsel for the Official Committee of Unsecured Creditors**
Michael R. Lastowski, Esq.
Duane Morris LLP
1100 N. Market Street, Suite 1200
Wilmington, De 19801-1246

**Counsel to the Official Committee of Property Damage Claimants**
Scott L. Baena, Esq
Bilzin, Sumberg, Dunn, Baena, Price & Axelrod
First Union Financial Center
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131

Michael B. Joseph, Esq.
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Counsel to the Official Committee of Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Marla R. Eskin
Campbell & Levine, LLC
Suite 300
800 N. King Street
Wilmington, DE 19801

**Official Committee of Equity Holders**
Gary M. Becker
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, NY 10036

Teresa K. D. Currier
Buchanan Ingersoll & Rooney PC
1000 West Street, Suite 1410
Wilmington, DE 19801

**United States Trustee**
David Klauder
Office of the United States Trustee
844 King Street, Suite 2311
Wilmington, DE 19801