IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |

**LIBBY CLAIMANTS' MOTION IN LIMINE TO
PRECLUDE EXPERT TESTIMONY BY PAMELA D. ZILLY
CONCERNING BEST INTERESTS STANDARD UNDER SECTION 1129(a)(7)**

The claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move this Court to preclude the testimony of the Debtors' expert witness, Pamela D. Zilly, on matters not included in her expert reports. As set forth more fully below, the Plan Proponents intend to offer expert testimony from Ms. Zilly, a Senior Managing Director with the Debtors' financial advisor, The Blackstone Group, L.P., including testimony that the Plan meets the "best interests" standard under Section 1129(a)(7) of the Bankruptcy Code, which requires the Plan Proponents to show that creditors who do not accept the Plan will receive under the Plan property of a value not less than each would receive in a Chapter 7 case (the "Best Interests Standard"). But as acknowledged by Ms. Zilly at her August 20, 2009 deposition, none of the expert reports that she has submitted in this case include her opinions on the Best Interests Standard. Because the Federal Rules of Civil Procedure bar expert testimony where the testimony exceeds the material disclosed in the expert report, the Libby Claimants request that the Court prohibit Ms. Zilly from testifying on matters

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 22784], as it may be amended and restated from time to time.

{393.001-W0002410.}

not included in her expert reports, including the Best Interests Standard. In support of this Motion, the Libby Claimants state:

1. Before this Court is the First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated February 27, 2009 [Docket No. 20872] (the "Plan"), jointly submitted by the Debtors together with the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Equity Security Holders, and the Asbestos PI Future Claimants' Representative (collectively, the "Plan Proponents"). In connection with and in support of the Plan, the Plan Proponents submitted numerous exhibits. These include Exhibit 8 (the "Best Interest Analysis"), which purports to be an analysis of whether the Plan meets the Best Interest Standard.[2]

2. In accordance with the various Case Management Orders related to the Plan, Ms. Zilly submitted three expert reports on behalf of the Debtors: Expert Report of Pamela D. Zilly in Rebuttal to the Expert Report of H. Sean Mathis (5/15/09); Feasibility Report of Pamela D. Zilly (7/24/09); Expert Report of Pamela D. Zilly in Rebuttal to the Expert Report of Robert J. Frezza, CPA (8/13/09) (collectively, the "Zilly Reports"). None of the Zilly Reports contain any opinions on the Best Interests Standard. Indeed, at her August 20, 2009 deposition, Ms. Zilly acknowledged that she did not submit a report on the Best Interests Standard:

> **Q   Now, besides [the Zilly Reports] Exhibits 1, 6 and 7 to this deposition, have you prepared any expert reports in this case?**
> A   The three that you mentioned are the only expert reports that I prepared, separate and apart from the best interest test, which was a part of the disclosure statement.

---

[2] On August 25, 2009, the Libby Claimants filed a brief demonstrating how the Plan fails to satisfy the requirement of Section 1129(a)(7). See Supplemental Trial Brief of Libby Claimants in Opposition to Confirmation of First Amended Joint Plan of Reorganization, Addressing Best Interests of Creditors Test Under 11 U.S.C. 1129(A)(7) [Docket No. 22965].

> **Q   Now, were you asked to prepare an actual report on the best interests standard?**
> A   I understood that as part of our role as financial advisor, one of the -- one of the activities would be to prepare in conjunction with the company the best interest analysis.
>
> **Q   But not an expert report in connection therewith?**
> A   If you are defining expert report to be a separate report, no.

Deposition of Pamela D. Zilly, August 20, 2009, at 139-40.

3.   Fed. R. Civ. P. 26(a)(2)(B) requires a party proffering an expert opinion to produce "all opinions the witness will express and the basis and reasons for them" and "the data or other information considered by the [expert] in forming [his or her opinion.]" Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) (made applicable by Fed. R. Bankr. P. 7026). The purpose of this rule is simple. "The purpose of [Rule 26(a)(2)(B)] is to give opposing parties a reasonable opportunity to prepare for effective cross examination or to secure their own expert witness." See McMillan v. Weeks Marine, Inc., 478 F. Supp. 2d 651, 659 (D. Del. 2007); see also Brooks v. Price, 121 Fed. Appx. 961, 965 (3d Cir. 2005) ("Rules 26(a) and (b) recognize that being forced to cross-examine an opposing expert without the benefit of a meaningful opportunity to depose him puts a party as a substantial disadvantage.") (emphasis added).

4.   Fed. R. Civ. P. 37 requires that the Court exclude an expert's opinions where the expert fails to provide the information required by Fed. R, Civ. P. 26(a), except where the failure to produce the information "was substantially justified or is harmless." See Fed. R. Civ. P. 37(c)(1) (made applicable by Fed. R. Bankr. P. 7037); see also United States v. 68.94 Acres of Land, 918 F.2d 389, 396-97 (3d Cir. 1999) (upholding exclusion of expert testimony where expert relied on data that plaintiffs had failed to disclose). Neither of these exceptions applies. In the context of this intensively litigated confirmation proceeding governed by a heavily-negotiated Case Management Order, there can be no justification for failing to provide an expert

report when due under the CMO as then in effect: December 31, 2008. The need to address the Best Interest Standard cannot have been a surprise to the Plan Proponents; it is one of the basic requirements of Section 1129(a) for Plan confirmation. Nor can the failure to provide an expert report on the Best Interests Standard be defended as harmless. The Best Interest Analysis lacked the detail to be expected of an expert report[3] and was not accompanied by service of reliance materials—as required under Fed. R. Civ. P. 26(a)(2)(B)—to as to provide the Libby Claimants an "opportunity to prepare for effective cross-examination." See McMillan, 478 F. Supp.2d at 659; Brooks, 121 Fed. Appx. at 965.

5.  Finally, for avoidance of doubt, Ms. Zilly may not testify as a fact witness. She has no personal knowledge of the facts underlying the question whether the Debtors meet the Best Interest Standard. She is an independent professional who holds no position within the Debtors' organization, such as Chief Restructuring Officer. She prepared the Best Interest Analysis in her capacity as financial advisor. In sum, her testimony may not be offered as other than expert witness.

## Conclusion

Because Ms. Zilly did not prepare and timely serve an expert report concerning the Best Interests Standard, she is barred by the Federal Rules of Civil Procedure and this Court's case management orders from testifying as an expert witness. Based on the foregoing, the Court should bar the testimony of Ms. Zilly on all matters not included in the Zilly Reports, including but not limited to any testimony concerning the Best Interests Standard, and grant such other and further relief as the Court may deem just and proper.

---

[3] The Best Interest Analysis was a mere five pages—four if the Disclosure Statement-type disclaimers are omitted. The Best Interest Analysis is a summary, not a report.

| | |
|---|---|
| .Dated: August 26, 2009<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kerri K.Mumford*<br>Adam G. Landis (No. 3407)<br>Kerri K. Mumford (No. 4186)<br>919 Market Street, Suite 1800<br>Wilmington, DE  19801<br>Telephone:  (302) 467-4400<br>Facsimile:  (302) 467-4450<br><br>- and -<br><br>Daniel C. Cohn<br>Christopher M. Candon<br>**COHN WHITESELL & GOLDBERG LLP**<br>101 Arch Street<br>Boston, MA 02110<br>Telephone:  (617) 951-2505<br>Facsimile:  (617) 951-0679<br><br>*Counsel for Libby Claimants* |

{393.001-W0002410.}

5