IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |
| | Ref. No. 22978 |

**MOTION OF LIBBY CLAIMANTS FOR LEAVE FROM THIS
COURT'S CASE MANAGEMENT ORDER FOR SHORTENED NOTICE
AND EXPEDITED CONSIDERATION OF MOTION IN LIMINE TO
PRECLUDE EXPERT TESTIMONY BY PAMELA D. ZILLY CONCERNING
BEST INTERESTS STANDARD UNDER SECTION 1129(a)(7)**

Claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move for entry of an order under Del. Bankr. L.R. 9006-1(e) and Fed. R. Bankr. P. 9006(c), for leave of this Court's Case Management Order, so that the notice period for the Libby Claimants' Motion In Limine to Preclude Expert Testimony by Pamela D. Zilly Concerning Best Interests Standard Under Section 1129(a)(7) ("Motion In Limine") [Docket No. 22978] be shortened to permit expedited consideration in advance of the commencement of the Phase II plan confirmation hearings, currently scheduled to begin on September 8, 2009. In support of this Motion, the Libby Claimants state:

    1.    On August 20, 2009, counsel for the Libby Claimants attended the deposition of Pamela D. Zilly. According to the Draft Order of Witnesses filed on the same day of the deposition, the Plan Proponents intend to offer expert testimony from Ms. Zilly, a Senior

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 22784], as it may be amended and restated from time to time.

{393.001-W0002411.}

Managing Director with the Debtors' financial advisor, The Blackstone Group, L.P., including testimony concerning solvency, feasibility of the Plan, and the "best interests" standard under Section 1129(a)(7) of the Bankruptcy Code, which requires the Plan Proponents to show that creditors who do not accept the Plan will receive under the Plan property of a value not less than each would receive in a Chapter 7 case (the "Best Interests Standard"). However, none of the three expert reports[2] that Ms. Zilly has submitted in this proceeding contain any opinions on the Best Interests Standard. Indeed, at her August 20, 2009 deposition, Ms. Zilly acknowledged that she did not submit a report on the Best Interests Standard.[3]

2. The Federal Rules of Civil Procedure require that the Court exclude an expert's opinions where the expert fails to provide "all opinions the witness will express and the basis and reasons for them" and "the data or other information considered by the [expert] in forming [his or her opinion.]" Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii); Fed. R. Civ. P. 37(c)(1). Accordingly, by the Motion In Limine, the Libby Claimants request that the Court prohibit Ms. Zilly's from testifying on matters not included in her expert reports, including the Best Interests Standard.

3. Shortened notice and expedited consideration of the Motion In Limine is necessary in light of the impending Phase II plan confirmation hearings, set to commence on September 8, 2009. Unless the Motion In Limine is given appropriate consideration in advance of the Phase II plan confirmation hearings, valuable trial time may be lost on the inadmissible testimony from Ms Zilly. Accordingly, the Libby Claimants seek an order of this Court for leave from the Case Management Order to shorten the notice period prescribed by Del. Bankr. LR

---

[2] Ms. Zilly has submitted three expert reports on behalf of the Debtors in this proceeding: Expert Report of Pamela D. Zilly in Rebuttal to the Expert Report of H. Sean Mathis (5/15/09); Feasibility Report of Pamela D. Zilly (7/24/09); Expert Report of Pamela D. Zilly in Rebuttal to the Expert Report of Robert J. Frezza, CPA (8/13/09)

[3] See Motion In Limine, pp. 2-3.

2

{393.001-W0002411.}

9006-1(c) to enable the Libby Claimants to have the Motion In Limine heard on an expedited basis.

4. Given the nature of the relief requested, the Libby Claimants respectfully submit that the shortened notice described above is appropriate, as is leave from the Case Management Order.

WHEREFORE, the Libby Claimants respectfully request then entry of an order (i) granting the Libby Claimants leave from the Case Management Order, (ii) shortening the notice period with respect to the Motion In Limine, (iii) setting a hearing on the Motion In Limine, at the Court's convenience, but no later than the first day of the Phase II plan confirmation hearing (September 8, 2009), and (iv) granting such other and further relief as the Court may deem just and proper.

Dated: August 26, 2009
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kerri K.Mumford*
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE  19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone:  (617) 951-2505
Facsimile:  (617) 951-0679

*Counsel for Libby Claimants*

3

{393.001-W0002411.}