IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered) |

**SUMMARY COVER SHEET TO SIXTEENTH QUARTERLY INTERIM APPLICATION OF FOLEY HOAG LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL ENVIRONMENTAL COUNSEL TO W.R. GRACE & CO., ET AL. FOR INTERIM PERIODS APRIL 2009 THROUGH JUNE 2009**

| | |
|---|---|
| Name of Applicant: | Foley Hoag LLP |
| Authorized to Provide Professional Services to: | W.R. Grace & Co., et al.<br>Debtors and Debtors-in-Possession |
| Date of Retention: | September 30, 2005, *nunc pro tunc* July 1, 2005 |

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc. ), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., CPC Thomasville Corp., Gloucester New Communities Company, Inc. Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp, Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

Period for Which Compensation and
Reimbursement is Sought:                    April 2009 through June 2009
_____

Amount of Compensation Sought as
Actual, Reasonable and Necessary:          $147,015.75
_____

Amount of Expense Reimbursement Sought
as Actual, Reasonable and Necessary:       $3,142.61
_____

This is a Sixteenth quarterly interim application.


### CUMULATIVE SUMMARY OF QUARTERLY FEES INCURRED BY
### FOLEY HOAG LLP AS SPECIAL ENVIRONMENTAL COUNSEL TO DEBTORS

The Foley Hoag professionals who rendered services during the Sixteenth Quarterly Fee

Application are:

| Name of Professional Person | Position | Department | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Seth D. Jaffe | Partner | Environmental | $585.00 | 161.9 | $ 94,711.50 |
| Adam P. Kahn | Partner | Environmental | $585.00 | 0.9 | $ 526.50 |
| Jacob N. Polatin | Partner | Real Estate | $585.00 | 51.4 | $ 30,069.00 |
| Adam D. Wade | Associate | Business | $410.00 | 1.0 | $ 410.00 |
| Courtney Peters-Manning | Associate | Environmental | $345.00 | 54.5 | $ 18,802.50 |
| Eric W. Macaux | Associate | Environmental | $320.00 | 0.3 | $ 96.00 |
| Rebecca Puskas | Associate | Environmental | $295.00 | 18.5 | $ 5,457.50 |
| Danielle A. Rondeau | North-eastern Co-op | Environmental | $ 85.00 (billed at $ 42.50) | .2.9 | $ 123.25 |
| | | | | | |
| Sub-Total | | | | 291.4 | $ 150,196.25 |
| (Less Discount/Credit) | | | | | ($ 3,180.50) |
| TOTAL | | | | 291.4 | $ 147,015.75 |

Total Fees:  $147,015.75

## CUMULATIVE EXPENSE SUMMARY

| Expense Categories | Total Expenses for Period from April 1, 2009 – June 30, 2009 |
|---|---|
| Telephone | $          1.43 |
| Express Delivery | $       219.19 |
| Photocopies | $       284.52 |
| Color Photocopies | $       537.00 |
| Mileage, Tolls, Parking | $         56.10 |
| Taxis | $       175.22 |
| Filing & Recording Fees | $       228.00 |
| Meals | $       286.65 |
| Computer Research, Lexis | $    1,354.50 |
|  |  |
| **TOTAL** | **$    3,142.61** |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>W.R. GRACE & CO., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>(Jointly Administered)<br><br>Objection Deadline:<br>Hearing Date:<br>Hearing Time: |

## SIXTEENTH QUARTERLY INTERIM APPLICATION OF FOLEY HOAG LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL ENVIRONMENTAL COUNSEL TO W.R. GRACE & CO., ET AL. FOR INTERIM PERIODS APRIL 2009 THROUGH JUNE 2009

Pursuant to Sections 330 and 331 of Title II of the United States Code (the "Bankruptcy

Code"), Fed. R. Bankr. P. 2016 and the Court's Amended Administrative Order under 11 U.S.C.

§§ 105(a) and 331 Establishing Revised Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals and Official Committee Members, signed April

17, 2002, Amending the Court's Administrative Order Pursuant to Sections 105(a) and 331 of

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc. ), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., CPC Thomasville Corp., Gloucester New Communities Company, Inc. Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp, Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

the Bankruptcy Code Establishing Procedures for Allowance of Payment of Monthly Interim

Compensation and Reimbursement of Expenses of Professionals entered May 3, 2001 (together

the "Administrative Order"), the firm of Foley Hoag LLP ("Foley Hoag") hereby files this

*Sixteenth Quarterly Interim Application of Foley Hoag LLP for Compensation and*

*Reimbursement of Expenses as Special Environmental Counsel to W.R. Grace & Co., et al. for*

*Interim Periods April 2009 Through June 2009* (the "Sixteenth Quarterly Fee Application").  By

this Sixteenth Quarterly Fee Application, Foley Hoag seeks the interim allowance of

compensation in the amount of $147,015.75 and reimbursement of actual and necessary expenses

in the amount of $3,142.61 for a total of $150,158.36 for the period of April 1, 2009 through

June 30, 2009 (the "Interim Period").  In support of this Sixteenth Quarterly Fee Application,

Foley Hoag respectfully represents as follows:

<h2 style="text-align:center">BACKGROUND</h2>

1.      On April 2, 2001 (the "Petition Date") each of the Debtors (collectively the

"Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

Pursuant to Sections 1107 and 1008 of the Bankruptcy Code, the Debtors are continuing to

operate their business and manage their properties and assets as Debtors-in-Possession.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 §§ 157(d)(2).

3.      On April 20, 2001, the Court entered its Order that the Debtors' Chapter 11 cases

be consolidated for procedural purposes only and administered jointly.

4.      By this Court's Order dated September 30, 2005, the Debtors were authorized to

retain Foley Hoag as special environmental counsel, effective as of September 30, 2005, *nunc*

*pro tunc* July 1, 2005 (the "Retention Order").  The Retention Order authorizes Debtors to

-2-

compensate Foley Hoag under Sections 330 and 331 of the Bankruptcy Code and shall be reimbursed for all allowed necessary, actual and reasonable expenses incurred by Foley Hoag.

5.      Pursuant to the procedures set forth in the Administrative Order, professionals may request monthly compensation and reimbursement, and interested parties may object to such requests. If no interested party objects to a professional's request within twenty (20) days, the applicable professional may submit to the Court a Certification of No Objection authorizing the interim compensation and reimbursement of eight percent (80%) of the fees requested and one hundred percent (100%) of the expenses requested subject to the filing and approval of interim and final fee applications of the professional. The professional is to also file a Quarterly Interim Fee Application.

6.      Attached hereto as Exhibit A is the Verification of Adam P. Kahn.

## MONTHLY FEE APPLICATIONS

7.      On June 2, 2009, Foley Hoag filed its Monthly Fee Application for the month of April 2009 for fees incurred in the amount of $65,020.00 (less twenty percent (20%) holdback of $13,004.00 for a fee to be paid pursuant to the monthly fee application filed of $52,016.00) and reimbursement of expenses totaling $1,256.33. No objection to the payment of the Monthly Fee Application was filed.

8.      On June 30, 2009, Foley Hoag filed its Monthly Fee Application for the month of May 2009 for fees incurred in the amount of $54,181.25 (less twenty percent (20%) holdback of $10,836.25 for a fee to be paid pursuant to the monthly fee application filed of $43,345.00) and reimbursement of expenses totaling $1,364.86. No objection to the payment of the Monthly Fee Application was filed.

9.      On July 28, 2009, Foley Hoag filed its Monthly Fee Application for the month of June 2009 for fees incurred in the amount of $27,814.50 (less twenty percent (20%) holdback of $5,562.90 for a fee to be paid pursuant to the monthly fee application filed of $22,251.60) and reimbursement expenses totaling $521.42. The date for objection has not passed, but no objection has been filed to date.

10.      The Sixteenth Quarterly Fee Application is filed, as set forth above, for fees incurred for April 1, 2009 through June 30, 2009. The Monthly Fee Application contains daily time logs describing the actual and necessary services provided by Foley Hoag during the Interim Period.

11.      Attached hereto as Exhibit B is a summary of the primary services performed by Foley Hoag during the Interim Period. The summary reflects services of importance which required the special attention, efforts and skill of Foley Hoag.

12.      Attached hereto as Exhibits C, D, and E are monthly time records, which provide detail and information as to the work performed by Foley Hoag during the Interim Period.

### REQUESTED RELIEF

13.      By this Sixteenth Quarterly Fee Application, Foley Hoag requests that the Court approve the interim allowance of compensation for professional services rendered in the amount of $147,015.75 and the reimbursement of actual and necessary expenses incurred in the amount of $3,142.61 by Foley Hoag during the Interim Period. As stated above, the full scope of services provided and related expenses incurred are fully described in the monthly fee detail attached hereto as Exhibits C, D and E.

14.      At all relevant times, Foley Hoag has been a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code and has not represented or held an interest

-4-

adverse to the interest of the Debtors.  All services for which compensation is requested by Foley

Hoag were performed for or on behalf of the Debtors and not on behalf of any committee,

creditor or other person.

16.    15.    During the Interim Period, Foley Hoag has received no promises for payment

from any source for services rendered or to be rendered in any capacity whatsoever in connection

with Debtor's cases.

16.    Foley Hoag has no agreement with any non-affiliated entity to share any

compensation earned in these Chapter 11 cases.

17.    The professional services and related expenses for which Foley Hoag requests

interim allowance of compensation and reimbursement of expenses were rendered and incurred

in connection with Foley Hoag's provision of professional services, particularly with regard to

advice as to current, pending, and future environmental matters relating to the Acton,

Massachusetts superfund site and to a proposed lease of property in Woburn, Massachusetts.

18.    Foley Hoag's services have been necessary and beneficial to Debtors, their estates

and other parties in interest.

WHEREFORE, Foley Hoag respectfully requests that the Court enter an Order,

providing that, for the period April 1, 2009 through June 30, 2009, allowance will be made to

Foley Hoag in the sum of $147,015.75 as compensation for reasonable and necessary

professional services rendered to Debtors and in the sum of $3,142.61 for reimbursement of

actual and necessary costs and expenses incurred, for a total of $150,158.36; that Debtors

authorized and directed to pay to Foley Hoag the outstanding amount of such sums; and for such

other and further relief as this Court deems just and proper.

- 5 -

Respectfully submitted,

Adam P. Kahn (MA BBO # 561554)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA  02210-2600
(617) 832-1000

Dated:  August 14, 2009