W. R. Grace & Co. et al.
District of Delaware, Bankruptcy Case No. 01-01139

Exhibit A

Stipulation Resolving Proofs of Claims

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **W. R. GRACE & CO.**, *et al.*[1] | ) | Case No. 01-01139 (JKF) |
| | ) | Jointly Administered |
| **Debtors.** | ) | |

## STIPULATION RESOLVING CLAIM OF
## CITY OF CAMBRIDGE, MA (CLAIM NO. 4720)
## MASSACHUSETTS BAY TRANSPORATION AUTHORITY (CLAIM NO. 9693)
## AND PERINI CORPORATION (CLAIM NO. 4704)

This stipulation ("Stipulation") is entered into this 16th day of July 2009, between

W. R. Grace & Co. and its affiliates (collectively, the "Debtors") and the City of Cambridge,

Massachusetts, the Massachusetts Bay Transportation Authority and Perini Corporation

(collectively "Claimants"), as well as two additional entities that do not have pending claims in

the Bankruptcy Court: the Joint Venture of J.F. White Contracting Company/Morrison Knudsen

Company/Mergentime Corporation ("Joint Venture") and Sverdrup & Parcel and Associates, Inc.

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

and its parent Jacobs Engineering Group, Inc., subsidiaries and affiliated entities (collectively, "Sverdrup").

**WHEREAS**, on April 2, 2001 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on April 22, 2002, the Bankruptcy Court issued its *Order as to all Non-asbestos Claims, Asbestos Property Damage Claims, and Medical Monitoring Claims: (I) Establishing Bar Date, (II) Approving Proof of Claim Forms and (III) Approving Notice Program* (the "Bar Date Order"), which established March 31, 2003 as the Bar Date for the filing of certain pre-petition (a) non-asbestos, (b) asbestos property damage, and (c) medical monitoring claims. [Docket No. 1963].

**WHEREAS**, on or about March 28, 2003, Claimant City of Cambridge filed proof of claim ("Claim No. 4720") against the Debtors asserting damages in the amount of $14,829,000 in response costs for environmental clean-up with respect to real property located at Russell Field, Cambridge, MA.

**WHEREAS**, on or about March 28, 2003, Claimant Massachusetts Bay Area Transportation Authority ("MBTA") filed a proof of claim ("Claim No. 9693") against the Debtors asserting damages in an unspecified amount. The MBTA alleges, among other things, contribution and / or an indemnity from the Debtors in respect of the claim made by the City of Cambridge.

**WHEREAS**, on or about March 28, 2003, Claimant Perini Corporation ("Perini") filed a proof of claim ("Claim No. 4704") against the Debtors asserting damages in an unspecified

amount. Perini alleges, among other things, contribution and / or an indemnity from the Debtors in respect of the claim made by the City of Cambridge.

**WHEREAS**, the Debtors and Claimants have now agreed to settle Claims No. 4720, 9693 and 4704 on the terms and conditions set forth herein. Nothing in this Stipulation shall be construed as an admission of liability by any party for any purpose, which liability is specifically denied.

**NOW, THEREFORE**, after a thorough review of Claims No. 4720, 9693 and 4704 and discussion and negotiations, for good and valuable consideration, Claimants, the Joint Venture, Sverdrup and Debtors (collectively "Parties") hereby stipulate and agree as follows:

1.    The City of Cambridge's Claim No. 4720 shall be allowed as an unsecured, pre-petition, non-priority claim against the chapter 11 estates of the Debtors in the amount of $400,000. Claimant shall not be entitled to pre-petition or post-petition interest on Claim No. 4720 with respect to any period prior to this Stipulation becoming effective under Bankruptcy Court orders as outlined in paragraph 4, below. Claim No. 4720 shall be paid in the same manner as all other similarly situated General Unsecured Claims pursuant to the Debtors' Chapter 11 Plan (except with respect to the payment of interest as described above). The City of Cambridge will receive post-petition interest at the rate and in the manner identified in the confirmed Plan of Reorganization for all similarly situated General Unsecured Claims from the time the Stipulation becomes effective until payment is received.

2.    The MBTA's Claim No. 9693 shall be disallowed and expunged.

3.    Perini's Claim No. 4704 shall be disallowed and expunged.

3

4.     Notwithstanding the foregoing, this Stipulation and the Parties' signature hereon shall not become effective and binding until (i) the Debtors have filed and served the Notice of Settlement provided for in paragraph (f) of the *Amended Order Authorizing and Approving an Omnibus Procedure for Settling Certain Claims and Causes of Action Brought by or Against the Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding*, dated September 18, 2001 (the "Negative Notice"); and (ii) the time periods provided for therein have passed without objection or any objection that was made has been resolved or overruled by the Court.  Upon execution of this Stipulation by the Parties, the Debtors shall promptly prepare and file the Negative Notice.

5.     The Parties have reached an agreement that resolves all claims amongst them associated with Russell Field and with the allegations underlying Claims Nos. 4720, 9693, and 4704 in a manner satisfactory to each of the Parties; Claimants, the Joint Venture, and Sverdrup are executing a Settlement and Release Agreement incorporating such agreement simultaneously with their execution of this Stipulation. Debtors are not a party to the Settlement and Release Agreement and are not obligated thereunder, regardless of whether such agreement references Debtors.

6.     The Parties agree that they each support and will not object to this Stipulation. Debtor agrees to take whatever additional action, if any, is necessary to make sure that Claim No. 4720 is allowed as outlined herein. The Parties hereby represent and warrant that they will not take any action or make any statements, verbal or written, which disparage any other Party.

7.     In exchange for the settlement of claims Nos. 4720, 9693 and 4704, Debtors release and forever discharge Claimants, the Joint Venture, and Sverdrup and

4

their respective representatives, agents, officers, directors, shareholders, members, parents, subsidiaries, employees, contractors, consultants, successors, assigns, and insurers (collectively, the "Released Parties") from all demands, actions, causes of action, suits, sums of money, liabilities and any and all other claims of every kind, nature and description whatsoever, in law or equity, known or unknown, now or in the future, that were made or which could be made or might hereafter be made against a Released Party related in any way to (1) contamination or alleged contamination (including but not limited to oil, hazardous materials, solid or liquid waste, and/or asbestos) that existed or occurred at Russell Field prior to execution of this Stipulation or (2) activities by any one or more of the Released Parties at Russell Field (including but not limited to material or equipment staging, regrading, filling, reconstruction, or redevelopment) that occurred prior to execution of this Stipulation (all such demands, claims, etc. collectively, "Russell Field Claims"). Russell Field Claims include but are not limited to claims under MGL c.21E, claims by contract, claims referenced in a June 8, 2001 letter from the City of Cambridge and claims referenced in a May 27, 2009 letter from the MBTA to Perini. This release shall constitute a full and final general release of all claims, known or unknown, that the Debtors ever had, now have, or may have in the future against any Released Party related in any way to Russell Field Claims, with the sole exception of claims to enforce the obligations set forth in this Stipulation. Such release shall be effective on the date this Stipulation becomes effective pursuant to paragraph 4 above.

       8.       In exchange for the settlement of claims Nos. 4720, 9693 and 4704, Released Parties agree that each is forever barred, estopped, and enjoined from asserting against Debtors, and hereby release and forever discharge Debtors from, all demands,

actions, causes of action, suits, sums of money, liabilities and any and all other claims of every kind, nature and description whatsoever, in law or equity, known or unknown, now or in the future, or that were made or which could be made or might hereafter be made against Debtors related in any way to Russell Field Claims, as defined in paragraph 7, above. This release shall constitute a full and final general release of all claims, known or unknown, that the Released Parties ever had, now have, or may have in the future against the Debtors related in any way to Russell Field Claims with the sole exception of claims to enforce the obligations set forth in this Stipulation. Such release shall be effective on the date this Stipulation becomes effective pursuant to paragraph 4 above.

9.     The Parties agree that allowance of Claim No. 4720 in the amount listed herein and the disallowance and expungement of Claims 9693 and 4704 are each contingent upon the other and are also contingent upon this Stipulation becoming effective in the Bankruptcy Court having jurisdiction over Debtors' Chapter 11 cases as outlined in paragraph 4 above.

10.     Each Party executing this Stipulation represents that such Party has the full authority and legal power to do so. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument. The Parties further agree that facsimile or electronic signatures hereon shall be deemed to be original signatures. This Stipulation shall be binding upon and inure to the benefit of each of the Parties, and upon their respective assignees, successors and/or partners, including, but not limited to any trustee(s) appointed in the Bankruptcy Cases.

11.     This Stipulation is being entered into solely as a settlement of issues and does not represent an admission by any of the Parties of the validity of any liability or

6

defense with respect to matters set forth herein.

12.     The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation

and all matters relating thereto.

City of Cambridge, MA                    W. R. Grace & Co., et al.

By:  _____          By:  _____
Robert W. Healy                         William M. Corcoran
City Manager, its Authorized Signatory  Vice President Public & Regulatory Affairs
Address  City Hall                      7500 Grace Drive, Columbia MD 21044
         Cambridge, MA   02139          (410) 531 - 4203

Date:  _____7/17/09_____                 Date:  _____


Massachusetts Bay Transportation Authority   Perini Corporation


By:  _____          By:  _____
Daniel A. Grabauskas,                   Anthony Buccitelli,
General Manager, its Authorized Signatory   General Counsel, its Authorized Signatory
Address                                 Address


Date:  _____         Date:  _____

Joint Venture of J.F. White Contracting   Sverdrup & Parcel and Associates, Inc.
Company/Morrison Knudsen
Company/Mergentime Corporation


By:  _____          By:  _____
Title                                   Title
Name                                    Name
Address                                 Address

Date:  _____         Date:  _____

7

defense with respect to matters set forth herein.

     12.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

City of Cambridge, MA

W. R. Grace & Co., et al.

By: _____
Robert W. Healy
City Manager, its Authorized Signatory
Address

By: _____
William M. Corcoran
Vice President Public & Regulatory Affairs
7500 Grace Drive, Columbia MD 21044
(410) 531 - 4203

Date: _____

Date: ___7/16/09_____

Massachusetts Bay Transportation Authority

Perini Corporation

By: _____
Daniel A. Grabauskas,
General Manager, its Authorized Signatory
Address

By: _____
Anthony Buccitelli,
General Counsel, its Authorized Signatory
Address

Date: _____

Date: _____

Joint Venture of J.F. White Contracting
Company/Morrison Knudsen
Company/Mergentime Corporation

Sverdrup & Parcel and Associates, Inc.

By: _____
Title
Name
Address

By: _____
Title
Name
Address

Date: _____

Date: _____

7

defense with respect to matters set forth herein.

12.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

City of Cambridge, MA

W. R. Grace & Co., et al.

By: _____
Robert W. Healy
City Manager, its Authorized Signatory
Address

By: _____
William M. Corcoran
Vice President Public & Regulatory Affairs
7500 Grace Drive, Columbia MD 21044
(410) 531 - 4203

Date: _____

Date: _____

Massachusetts Bay Transportation Authority

Perini Corporation

By: _____
Daniel A. Grabauskas,
General Manager, its Authorized Signatory
Address    MBTA, 10 Park Plaza
Boston, MA 02116

By: _____
Anthony Buccitelli,
General Counsel, its Authorized Signatory
Address

Date: 7/29/09

Date: _____

Joint Venture of J.F. White Contracting
Company/Morrison Knudsen
Company/Mergentime Corporation

Sverdrup & Parcel and Associates, Inc.

By: _____
Title
Name
Address

By: _____
Title
Name
Address

Date: _____

Date: _____

APPROVAL AS TO FORM:

7

MBTA General Counsel

defense with respect to matters set forth herein.

      12.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

City of Cambridge, MA

W. R. Grace & Co., et al.

By: _____
Robert W. Healy
City Manager, its Authorized Signatory
Address

By: _____
William M. Corcoran
Vice President Public & Regulatory Affairs
7500 Grace Drive, Columbia MD 21044
(410) 531 - 4203

Date: _____

Date: _____

Massachusetts Bay Transportation Authority

Perini Corporation

By: _____
Daniel A. Grabauskas,
General Manager, its Authorized Signatory
Address

By: _____
~~XXXXXXXXXXXX~~, Robert Band, President
~~XXXXXXXXXX~~, its Authorized Signatory
Address 73 Mt Wayk Ave, Framingham, Ma 01701

Date: _____

Date: _July 24, 2009_

Joint Venture of J.F. White Contracting
Company/Morrison Knudsen
Company/Mergentime Corporation

Sverdrup & Parcel and Associates, Inc.

By: _____
Title
Name
Address

By: _____
Title
Name
Address

Date: _____

Date: _____

7

defense with respect to matters set forth herein.

12.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation
and all matters relating thereto.

City of Cambridge, MA                       W. R. Grace & Co., et al.


By: _____          By: _____
Robert W. Healy                              William M. Corcoran
City Manager, its Authorized Signatory       Vice President Public & Regulatory Affairs
Address                                      7500 Grace Drive, Columbia MD 21044
                                             (410) 531 - 4203

Date: _____         Date: _____


Massachusetts Bay Transportation Authority   Perini Corporation


By: _____          By: _____
Daniel A. Grabauskas,                        Anthony Buccitelli,
General Manager, its Authorized Signatory     General Counsel, its Authorized Signatory
Address                                      Address


Date: _____         Date: _____


Joint Venture of J.F. White Contracting       Sverdrup & Parcel and Associates, Inc.
Company/Morrison Knudsen
Company/Mergentime Corporation

By: _____          By: _____
Title Executive Vice President, JF White Contracting Title
Name    KEVIN K. EGAN                         Name
Address  10 BURR STREET                       Address
         FRAMINGHAM, MA 01701
Date: _____7/20/09_____          Date: _____


7

defense with respect to matters set forth herein.

      12.    The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and all matters relating thereto.

City of Cambridge, MA                     W. R. Grace & Co., et al.

By: _____
Robert W. Healy
City Manager, its Authorized Signatory
Address

Date: _____

By: _____
William M. Corcoran
Vice President Public & Regulatory Affairs
7500 Grace Drive, Columbia MD 21044
(410) 531 - 4203

Date: _____

Massachusetts Bay Transportation Authority    Perini Corporation

By: _____
Daniel A. Grabauskas,
General Manager, its Authorized Signatory
Address

Date: _____

By: _____
Anthony Buccitelli,
General Counsel, its Authorized Signatory
Address

Date: _____

Joint Venture of J.F. White Contracting
Company/Morrison Knudsen
Company/Mergentime Corporation

Sverdrup & Parcel and Associates, Inc.

By: _____
Title
Name
Address

Date: _____

By: _Kevin J. McMahon (signature)_
Title Chairman
Name Kevin J. McMahon
Address 299 Madison Ave.
Morristown, NJ 07960

Date: 7/23/09

7

APPROVED
LEGAL