# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br><br>**Related Docket No. 22814**<br><br>**Hearing Date: Sept. 8, 2009 at 11:00 a.m. (ET)**<br>**Objection Deadline: Sept. 1, 2009 at 4:00 p.m. (ET)** |

### ARROWOOD'S MOTION TO STRIKE, AND OBJECTIONS TO, THE LIBBY CLAIMANTS' DESIGNATION OF THE DEPOSITIONS OF TWENTY-ONE INDIVIDUAL CLAIMANTS TAKEN OUTSIDE THE BANRUPTCY

The Libby Claimants' have designated deposition excerpts from twenty-one individual personal injury tort claimants,[1] taken in depositions that took place years ago in individual tort cases outside the bankruptcy where nearly all of the parties to the confirmation hearing were not present. Under Fed. R. Civ. Proc. 32(a) and Fed. R. Evid. 804(b)(1),[2] this prior testimony from other proceedings is not admissible against the parties not present or represented at these other proceedings. Nor is this testimony admissible at all in a multiparty confirmation hearing. Unable to question these witnesses on important issues in the pending matter, Arrowood Indemnity Company f/k/a Royal Indemnity Company ("Arrowood") moves to exclude these deposition excerpts.

The grounds for precluding these deposition excerpts are simple and straightforward. Before any deposition transcript can be received in evidence, the Libby Claimants are required to

---

[1] The deposition excerpts in dispute are those of the following individual claimants: (1) Mary Ruth Albert; (2) Stuart Cannon; (3) Edward Nick Carvey; (4) Carl E. Craig; (5) Carrie M. Dedrick; (6) Kenneth Finstad; (7) Daniel Garrison; (8) Edward A. Gaston; (9) Robert L. Graham; (10) William J. Hagerty; (11) James G. Hopkins; (12) Jack Kenworthy; (13) Carl Larson; (14) John B. Lyle; (15) Thomas F. Murray; (16) Robert D. Nelson; (17) Darlene J. (Toni) Riley; (18) Wilma R. Shearer; (19) Verle Vinson; (20) Robert J. Wilkes; and (21) Andrew J. Wright. *See* Libby Claimants' Notice of Filing Transcript and Deposition Excerpt Designations [Docket No. 22814, Ex. 1-21].

[2] Fed. R. Civ. Proc. 32(a)(4) is made applicable to adversary proceeding by Fed. R. Bankr. P. 7032 and extended to contested matters by Fed. R. Bankr. P. 9014; Fed. R. Evid. 804 is made applicable to bankruptcy cases by Fed. R. Bankr. P. 9017, which applies the Federal Rules of Evidence to "cases under the Code."

prove that they have satisfied Federal Rules of Evidence 804(b)(1), in addition to Rule 32(a), which they cannot, do. *In re Air Crash Disaster*, 720 F. Supp. 1493, 1502 (D. Colo. 1989); *Kolb v. County of Suffolk*, 109 F.R.D. 125, 127 (E.D.N.Y. 1985); 8A Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2143 at 165 (1994). Rule 32(a) only permits deposition testimony to be used "so far as it is admissible under the rules of evidence. . . ." To be admissible, the Libby Claimants' deposition testimony must either (1) qualify as non-hearsay, or (2) satisfy an exception to the rule against hearsay. 8A Wright, Miller & Marcus, § 2143 at 165. Any deposition testimony offered by the Libby Claimants to prove the truth of a matter asserted is hearsay, and is inadmissible unless it qualifies under a specific hearsay exception for depositions under FRE 804(b)(1).[3] Here this testimony is hearsay and the former testimony exception provided by Rule 804(b)(1) most certainly does not apply.

Furthermore, none of the parties to the confirmation hearing were present at the depositions in dispute other than a predecessor of the Debtors. As such, the depositions in dispute cannot be admitted as a basis for any ruling that will bind any party not present. *See, e.g., Woodard v. Branch (In re Paramount Payphones, Inc.),* 256 B.R. 341, 343-47 (Bankr. M.D. Fla. 2000) (incorporating *Hub* court's analysis). In *Paramount Payphones, Inc.,* the court ruled that a trustee's action to avoid fraudulent transfer and an investor's action to recover damages for fraud in the sale of debtor's partnership are not "substantially similar" to permit use of the deposition taken in the investor's action in the trustee's action. *Id.* at 343-47. Because the "'prior cross-examination … would [not] satisfy a reasonable party who opposes admission in

---

[3] In other words, before this exception can apply, three conditions must be met: (1) the declarant must be unavailable as a witness, *In re IBM Peripheral EDP Devices Antitrust Litigation*, 444 F. Supp. 110, 113 (N.D. Cal. 1978); (2) the party against whom the testimony is offered must have been a party in the prior action or a predecessor in interest to a party; and (3) that party or predecessor in interest must have had an opportunity and similar motive for developing the testimony in the earlier action; the party against whom it is offered or a person with a similar motive had the opportunity to examine the witness. *See Gianelloni v. Great Lakes Dredge & Dock Co.*, No. 92-2162 Sec. "D" (6), 1994 U.S. Dist. LEXIS 245 at *2 (E.D. La. Jan. 10, 1994) (deposition inadmissible where opposing party's motive in taking deposition was to establish that absent party was primarily responsible for accident).

the present lawsuit,'" the court excluded the testimony under Rule 32. *Id.* at 345 (quoting *Hub*, 682 F.2d 776) (alteration added).

Moreover, even if the confirmation hearing only involved the Debtor and the Libby Claimants (which it does not), there is not a sufficient commonality of subject matter to permit these transcripts to be offered even against the Debtor under Rule 804(b)(1).[4] The prior cases for which the depositions were taken were all personal injury tort liability actions. This case is a bankruptcy proceeding. The contrasting subject matters, legal theories, strategies involved, and the financial stakes in the individual personal injury cases are all dissimilar from the issues involved in this bankruptcy proceeding. *See Cordance Corp. v. Amazon.com, Inc.*, Civ. No. 06-491-MPT, 2009 U.S. Dist. LEXIS 64713, *65-66n.130 (D. Del. July 27, 2009) (granting motion to strike prior testimony where objecting party was not a party in prior case and the two disputes involving the validity of a patent was found to be not sufficiently similar); *In re Bankers Trust Co.*, 752 F.2d 874, 888-89 (3d Cir. 1984) (exclusion of deposition taken in separate suit was proper, since shipowner's counsel had no opportunity to cross-examine, even though shipowner originally named in the separate suit); *see also Samson v. Schmersey* (*In re Schmersey*), 2005 Bankr. LEXIS 3089, *23-24 (Bankr. D. Mont. Mar. 21, 2005) (finding that former testimony is not admissible, "based upon the lack of notice to the Defendant and lack of opportunity to examine [deponent], and lack of similar motive and similar interest to assert and prevail on the issue of where the sale proceeds went"); *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1160-61 (4th Cir. 1986) (former deposition testimony excluded where the actions had a different focus);[5]

---

[4] Factors that determine whether there is a similar motive for developing testimony include: (1) the type of proceeding in which the testimony is given; (2) trial strategy; (3) the potential penalties and financial stakes; and (4) the number of issues and parties. *See Zenith Corp. v. Matsushita Electric Industrial Co.*, 505 F. Supp. 1190, 1251 (E.D. Pa. 1980) (applying the court's test in *Lloyd v. American Export Lines, Inc.*), *aff'd in part, rev'd in part*, 723 F.2d 319 (3d Cir. 1983).

[5] *See also Oberlin v. Marlin Am. Corp.*, 596 F.2d 1322, 1329 (7th Cir. 1979) (deposition testimony from prior case based on fraudulent misrepresentation excluded because defendant in instant case based on agency and conspiracy theories lacked motive to cross-examine deponent); *Polozie v. United States*, 835 F. Supp. 68, 71-72 (D. Conn.

Nor may the Libby Claimants use the "other exceptions" subdivision of Rule 804(b)(5) to support use of these depositions. Deposition testimony falls squarely under the former testimony exception found in FRE 804(b)(1). When the proposed testimony fails to meet the requirements of a specific exception, it cannot be admitted into evidence under the residual exception in FRE 805(b)(5). *Creamer v. General Teamsters Local Union 326*, 560 F. Supp. 495, 498 (D. Del. 1983); *In re IBM Peripheral EDP Devices Antitrust Litigation*, 444 F. Supp. at 113 ("it is unlikely that Congress meant [the residual] exception to be used to circumvent its own restriction [on the applicability] of another exception.").[6]

Separate and apart from the reasons that call for excluding these deposition excerpts in their entirety, the Libby Claimants have included in their designations testimony that, on a stand-alone basis, indisputably constitutes hearsay. For example, the Libby Claimants have designated testimony in which deponents purport to describe what doctors, and others, said. Arrowood has separately identified and objected to this testimony as impermissible hearsay.

While the Court need not reach beyond the threshold issue that the use of transcripts from other proceedings is impermissible in declining to admit this testimony, Arrowood also offers the following additional objections to individual questions and answers designated by the Libby Claimants[7]:

---

1993) (deposition testimony excluded because defendant's motive during doctor's deposition was to gather information about doctor's opinions, while the motive at trial was to test the witness's methodology, skill, credibility or confidence); *cf. Lloyd,* 580 F.2d at 1187 (in action by crewman against shipowner for injuries sustained in fight with another crewman, error to exclude testimony given at prior Coast Guard hearing to determine culpability in fight, "there was a sufficient community of interest" shared by Coast Guard and crewman to satisfy predecessor in interest requirement, same nucleus of operative facts, purpose of both hearings was determination of culpability).

[6] The Libby Claimants are offering testimony from over 20 depositions for the truth of the matters asserted therein — without explaining as to each deposition why it is admissible. The Libby Claimants' stated purpose requires an evaluation of the quality and content of the deposition statements. The necessity of such an evaluation demonstrates why the statements do not qualify as non-hearsay. *See Duca v. Raymark Indus.*, No. 84-0587, slip op. at 3 (E.D.Pa. Sept. 22, 1986) (deposition offered to show defendant knew of the hazards associated with asbestos is hearsay because this was the "matter asserted" by the deponent).

[7] Arrowood timely filed objections to these designations. *See* Arrowood's Objections and Counter-Designations to Certain Deposition Designations of the Libby Claimants [Dkt. No. 22934]; *See* Arrowood's Objections and Counter-Designations to Certain Deposition Designations of The Libby Claimants, BNSF Railway Company and the State of Montana [Dkt. No. 22901].

## Thomas F. Murray
## October 18, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 30 | line 8–23 | Hearsay<br>Lacks Foundation | Deponent purports to describe what doctor allegedly said |

## Edward Gaston
## March 22, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 8 | line 10–17 | Hearsay<br>No Foundation | Deponent purports to describe the nature of illness |

## Carrie Mildred Dedrick
## June 26, 2000

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| Pg. 19 | Line 8-24 | No Foundation; Hearsay | Deponent purports to describe the nature of their illness |
| Pg. 25 | Line 4-12 | Hearsay | Deponent purports to describe what someone said the doctor said about deponent's medical condition |
| pg. 27 | line 16–2 | Leading<br>Assumes fact not in evidence | Lawyer testifies as to facts not in evidence |
| Pg. 37 | Line 16-21 | Leading; Assumes Fact in Evidence | Purports to ask question about EPA relief program assuming W.R. Grace "contaminated community." |
| pg. 38 | line 19–25 | Hearsay<br>No foundation | Deponent describes diagnosis of husband |
| pg. 44 | line 16–22 | Hearsay | Deponent describes Dr. Whitehouse's statements about deponents exposure to asbestos |

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| Pg. 76 | Line 22-25 | No Foundation | Question states that there was asbestos in the materials they played with as a child |

### Mary Ruth Albert
### August 26, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 16 | line 5-21 | Hearsay; No Foundation | Deponent relates what husband told her about nature of his job |
| pg. 20 | line 12-20 | Hearsay, No Foundation | Deponent relates what husband told her about use of respirators |
| Pg. 21 | line 17-25 | Hearsay, No Foundation | Deponent relates what husband told her about dust at job |
| Pg. 30 | Line 6-25 | Hearsay, No Foundation | Deponent testifies what she heard from doctor regarding nature of husband's condition |
| Pg. 31 | Line 1-14 | Hearsay, No Foundation | Deponent testifies what she heard from doctor regarding nature of husband's condition |

### Daniel Garrison
### February 28, 2000

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 5 | line 17–24 | Hearsay | Deponent purports to describe what doctor said |
| pg. 6 | line 18–20 | Hearsay | Deponent purports to describe what another individual purportedly said |
| pg. 7 | line 13–20 | Hearsay | Deponent purports to describe what another individual purportedly said |

### Stuart Cannon
### August 23, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 100 | line 13–25 | Hearsay No foundation | Deponent purports to describe what doctor said |

**William Hagerty**
**July 12, 2000**

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 38 | line 5–10 | Hearsay<br>No foundation | Lay deponent purports to offer diagnosis |
| pg. 38 | line 17–24 | No Foundation | Lay deponent purports to offer diagnosis |
| Pg. 39 | Lines 24-25 | No Foundation | Deponent testifies as to what medical tests showed |
| Pg. 40 | Line 1-1 | No Foundation | Deponent testifies as to what medical tests showed |
| Pg. 41 | Line 15-22 | Hearsay | Deponent testifies as to what doctor allegedly said. |
| Pg. 41 | Line 24-25 | Hearsay; No Foundation | Deponent is asked to state whether fluid in ear was caused by asbestosis, and recounts that Dr. Whitehouse said it probably was |
| Pg. 42 | Lines 4-10 | Hearsay; No Foundation | Deponent describes medical discussion with Dr. Whitehouse |

**Carl Larson**
**July 12, 1999**

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 50 | line 1–10 | Hearsay | Deponent purports to describe what doctor said |
| pg. 51 | line 14–22 | No foundation | Lay deponent purports to give medical diagnosis |

**John Lyle**
**February 3, 1998**

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 77 | line 19–23 | Leading<br>No foundation | Deponent offers testimony on point where no foundation for testimony |
| pg. 82 | line 15–25 | Hearsay | Deponent purports to describe what another individual purportedly said |

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 87 | line 13–21 | Hearsay<br>No foundation | Deponent purports to describe what doctor said |

### Andrew Wright
### December 15, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 22 | line 22–25 | Assumes facts not in evidence | Testimony about company warnings |
| pg. 23 | line 11-17 | Hearsay | Deponent purports to describe what another individual purportedly said |

### Carl Larson
### July 12, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 16 | line 7–10 | No foundation | Testimony about Zonolite |
| pg. 21 | line 14–21 | No foundation | Testimony about Zonolite |
| pg. 50 | line 1–10 | Hearsay | Deponent purports to describe what another individual purportedly said |
| pg. 51 | line 14–20 | No foundation | Testimony about cause of medical illness |

### Edward Nick Carvey
### December 15, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 43 | line 17-25 | Hearsay | Deponent purports to describe what another individual purportedly said |
| pg. 44 | line 1-18 | No Foundation | Testimony about medical prognosis and condition |

### Robert D. Nelson
### December 9, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 60 | line 2-16 | Hearsay, No Foundation | Deponent recounts what doctor allegedly said |
| pg. 62 | line 7-25 | Hearsay, No Foundation | Deponent recounts what doctor allegedly said |

### Robert Graham
### September 5, 1997

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 13 | line 15-25 | Hearsay, No Foundation | Deponent recounts what doctor allegedly said and discuss nature of treatment. |
| pg. 14 | line 1-6 | Lacks Foundation | Deponent recounts what doctor allegedly said and discuss nature of treatment. |
| pg. 14 | line 12-18 | Hearsay, Lacks Foundation | Deponent recounts what doctor allegedly said and discuss nature of treatment. |

### Darlene J. Riley
### December 10, 1996

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 85 | line 25-86 | Hearsay, No Foundation | Deponent recounts what doctor allegedly said |

### Wilma R. Shearer
### February 4, 1998

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 102 | line 2-10 | Hearsay, No Foundation | Deponent recounts what doctor allegedly said |

### Verle R. Vinson
### December 15, 1999

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| Pg. 22 | Line 21-25 | Assumes fact not in evidence | Asked whether other workers got sick from alleged dust |
| Pg. 27 | Line 11-14 | Hearsay | Deponent recounts what doctor allegedly said |
| Pg. 27 | Line 22-25 | Hearsay | Deponent recounts what doctor allegedly said |
| Pg. 28 | Line 3-7 | No Foundation; Hearsay | Deponent recounts what doctor allegedly said |
| Pg. 30 | Lines 22-25 | Hearsay; Assumes Fact Not In Evidence | Question assumes diagnosis of asbestos, and that doctors told deponent diagnosis |
| Pg. 32 | Lines 13-17 | Hearsay | Deponent recounts what doctor allegedly said |
| Pg. 32 | Lines 19-25 | No Foundation | Deponent describes nature of treatment |

**Robert J. Wilkers**
**December 15, 1999**

| Page | Line | Objection | Nature of Testimony |
|---|---|---|---|
| pg. 37 | Lines 16-18 | Hearsay | Deponent recounts what supervisor allegedly said |
| Pg. 51 | Lines 19-25 | Hearsay | Deponent recounts what doctor allegedly said |
| Pg. 56 | Lines 5-17 | Hearsay, No Foundation | Deponent recounts what doctor allegedly said and nature of treatment |

[remainder of page left blank]

9

**CONCLUSION**

WHEREFORE, for the reasons explained above, Arrowood respectfully requests that the Court exclude the designated deposition testimony of 1) Mary Ruth Albert; (2) Stuart Cannon; (3) Edward Nick Carvey; (4) Carl E. Craig; (5) Carrie M. Dedrick; (6) Kenneth Finstad; (7) Daniel Garrison; (8) Edward A. Gaston; (9) Robert L. Graham; (10) William J. Hagerty; (11) James G. Hopkins; (12) Jack Kenworthy; (13) Carl Larson; (14) John B. Lyle; (15) Thomas F. Murray; (16) Robert D. Nelson; (17) Darlene J. (Toni) Riley; (18) Wilma R. Shearer; (19) Verle Vinson; (20) Robert J. Wilkes; and (21) Andrew J. Wright.

Dated: August 28, 2009
Wilmington, Delaware

By: /s/ Garvan F. McDaniel
Garvan F. McDaniel, Esq. (#4167)
BIFFERATO GENTILOTTI LLC
800 N. King Street, Plaza Level
Wilmington, DE 19801
Telephone: (302) 429-1900
Facsimile: (302) 429-8600

-and-

Carl J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, NY 10017-5639
Telephone: (212) 490-3000

-and-

Tancred Schiavoni, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York
Telephone: (212) 326-2267

*Counsel to Arrowood Indemnity Company, f/k/a Royal Indemnity Company*