IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JFK) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: September 8, 2009 at 11:00 a.m.<br>Objection Deadline: August 28, 2009 |
| | Ref. No. 22798 |

### LIBBY CLAIMANTS' RESPONSE TO THE PLAN PROPONENTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF INDIVIDUAL CLAIMANTS REGARDING GRACE'S CULPABILITY AND THE EFFECT OF ASBESTOS ILLNESS

On August 14, the Plan Proponents filed another motion in limine seeking to exclude testimony of individual Libby Claimants. As reflected in the Plan Proponents' motion, the Court has already dealt with this issue on multiple occasions. The Libby Claimants do not intend to reargue issues already addressed by the Court, but instead will reserve their rights and submit offers of proof describing the testimony they sought to offer in the confirmation hearing. The Court has already instructed counsel for the Libby Claimants to call approximately five or fewer individual witnesses, indicating the admissibility of their testimony would be addressed at the hearing. The Libby Claimants intend to proceed on that basis. The Plan Proponents' motion in limine, to the extent it addresses testimony to be offered by these witnesses, is premature, and the Court should defer ruling on the Plan Proponents' objections until the time of the hearing.

As reflected in numerous documents and arguments previously submitted to the Court, the Libby Claimants oppose the First Amended Joint Plan of Reorganization on multiple grounds, including the Plan's violation of the Bankruptcy Code's policy of equality of distribution. While the Plan states it is intended to pay claimants based on historical values for substantially similar claims

in the tort system, the Plan's Trust Distribution Procedures completely ignore the historical values of claims substantially similar to the Libby claims. The undisputed facts establish that prior to Grace's Petition for Bankruptcy, the average settlement for claims arising in Libby was $268,000. By comparison, the nationwide average for products claims, together with which the TDP classifies the Libby claims, was less than $2,500. Jay Hughes depo, p. 109, Exhibit "1."

While basing TDP claim values on the nationwide settlement averages for products claims, the Plan Proponents completely ignore the pre-petition settlement values of Libby claims. In doing so, the Plan Proponents contend, without any supporting evidence, that existing Libby claims are somehow different from the claims Grace settled in Libby prior to its bankruptcy petition. In reality, most of the existing Libby claims are nearly identical to the Libby claims Grace settled pre-bankruptcy. Testimony from individual Libby Claimants who settled, and individual Libby Claimants who have not settled, regarding the nature of their exposures and the impact of their disease would establish this similarity.

As an example, Jay Swennes was employed by Grace in Libby for approximately eight years. He developed pleural asbestosis for which the TDP would assign a scheduled value of $2,500. Even with the extraordinary claim multiplier, the value of Mr. Swennes' claim under the TDP would not exceed $20,000. Prior to its bankruptcy, after litigating Mr. Swennes' claim in the tort system, Grace agreed to pay him $580,000. Existing Libby Claimants with similar or even greater exposure than Mr. Swennes, and with similar or even more extensive disease than Mr. Swennes, will be arbitrarily limited to claim values of less than $20,000 under the TDP. The testimony of such claimants, together with the testimony of their treating physician, would establish these facts.

The Libby Claimants understand the Court has already restricted the testimony it will hear from individual claimants. While not intending to reargue matters on which the Court has already

ruled, the Libby Claimants maintain their position that evidence from individual claimants would support their objection to the Plan, on the issues discussed in this pleading and in other respects as well. To the extent the Plan Proponents' motion seeks a pretrial ruling with regard to testimony offered by the few witnesses the Court suggested the Libby Claimants bring to the confirmation hearing, the Court should simply rule on the admissibility of the testimony during the hearing.

Dated: August 28, 2009  
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_/s/ Kerri Mumford_

Adam G. Landis (No. 3407)  
Kerri K. Mumford (No. 4186)  
919 Market Street, Suite 1800  
Wilmington, DE 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn  
Christopher M. Candon  
**COHN WHITESELL & GOLDBERG LLP**  
101 Arch Street  
Boston, MA 02110  
Telephone: (617) 951-2505  
Facsimile (617) 951-0679

- and -

Tom L. Lewis  
Mark M. Kovacich  
**LEWIS SLOVAK & KOVACICH PC**  
725 3rd Avenue North  
Great Falls, MT 59401  
Telephone: (406) 761-5595  
Facsimile: (406) 761-5805

*Counsel for Libby Claimants*