# EXHIBIT 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | x : | Chapter 11 |
| W. R. GRACE & CO., et al., | : : | Case No.  01-1139 (JKF) (Jointly Administered) |
| Debtors. | : : : x | Hearing Date: April 1, 2009 at 10:30 a.m. Related to Docket No. 20538; 20703, 20704, 20706 |

**REPLY TO DEBTORS' OBJECTION TO THE MOTION OF
KANEB PIPE LINE OPERATING PARTNERSHIP, L.P. AND
SUPPORT TERMINAL SERVICES, INC. FOR
AN ORDER MODIFYING THE AUTOMATIC STAY**

Kaneb Pipe Line Operating Partnership. L.P. and Support Terminal Services, Inc.

(collectively. "Kaneb") states:

**I.
Reply**

**A.    Timing of the Motion**

1.    The Debtors complain that Kaneb waited too long to file a motion for relief from stay to pursue the appeal. yet they want Kaneb to wait longer.[1]  Two recent events require stay relief now.  First, the Debtors filed a plan.[2]  Kaneb seeks relief from the stay to clarify its rights, so that if changes need to be made in the plan. they can be made prior to confirmation.  Second. Kaneb received a demand from the DOJ seeking payment of over $70 million in cleanup costs for the Otis Pipeline.  Ex. K8.  Kaneb seeks stay relief to prosecute its appeal in the event that the DOJ attempts to use the State Court Judgment as a collateral estoppel against Kaneb.[3]

---

[1] Debtors' Objection p.2.
[2] See Dkt. 19579, dated September 19, 2008.
[3] Kaneb does not agree that the State Court Judgment operates as a collateral estoppel against Kaneb in any litigation with the DOJ.

{08008}75675462 1                                    - 1 -

**EXHIBIT
OS-42**

**B.     No Moot Issues Upon Plan Confirmation Discharge**

2.      According to the Debtors, Kaneb's Otis Pipeline indemnity claims are barred because no proof of claim for them was filed by the claims bar date,[4] the claims will be discharged upon plan confirmation.[5] Accordingly, the Debtors conclude that, if the stay is lifted, the Debtors will be forced to litigate issues that will become moot upon the plan confirmation discharge.[6] Assume *arguendo* that the Debtors are correct that Kaneb's claims are barred and will be discharged upon plan confirmation. Even if Kaneb cannot recover money from the Debtor, after the plan confirmation discharge, Kaneb can still pursue the same issues as a matter of recoupment, so nothing will really be moot. The Debtors state that, in the State Court Judgment, (a) the Debtor GEC obtained an award of $1.8 million in attorneys from Kaneb, and (b) GEC was denied a $3.4 million claim against Kaneb for response costs, and (c) GEC filed a cross-appeal.[7] Recoupment applies because all these claims arise out of the same transaction, namely, the Merger Agreement and recoupment is not subject to the discharge. *See University Med. Ctr. v. Sullivan (In re University Med. Ctr.)*, 973 F.2d 1065, 1079-80 (3d Cir. 1992) and *Megafoods Stores v. Flagstaff Realty Assocs. (In re Flagstaff Realty Assocs.)*, 60 F.3d 1031, 1036 (3d Cir. 1995). Moreover, recoupment is not subject to the automatic stay. *University*, 973 F.2d at 1079-80. Even if Kaneb's Otis Pipeline indemnity claims are in the nature of setoff, setoff will not be barred by the discharge. *In re Black*, 280 B.R. 680, 685-86 (Bankr. N.D. Ala. 2001) (neither setoff nor recoupment barred by discharge). In sum, proof of claim or not, executory contract or not, the issues must be litigated sooner or later.

---

[4] Debtors' Objection paras. 19, 20, 21.
[5] Debtors' Objection paras. 14, 18.
[6] Debtors' Objection para. 14.
[7] Debtors' Objection para. 6.

{08008}75675462.1}                              - 2 -

**000002**

**XXX-001567**

C.    Executory Contract Issue

3.    The Merger Agreement is clearly a contract between debtor GEC and Kaneb (Kaneb is called "OLP" in the Merger Agreement.).   Ex. K7.   The Merger Agreement is executory because both sides still assert rights under the Merger Agreement.   Section 6.11 provides for representations and warranties by GEC about compliance with environmental laws. Ex. K7 [KPOP 0083].   Article 13 of provides rights of indemnity for both GEC and Kaneb.   Ex. K7 [KPOP 0101].   Section 13.02 provides for a right of indemnity against Kaneb in the event that Kaneb's breach.   Ex. K7 [KPOP 0102].   Under Section 13.03, Kaneb had a right of indemnity against GEC in the event that of GEC's breach. Ex. K7 [KPOP 0103].   GEC's environmental representations and warranties at Section 6.11 survived the Closing, but expire and are of no further force and effect on the fifth anniversary of the Closing Date.   Ex. K7: Section 13.03(b) [KPOP 0103-04].   The fifth anniversary occurred on March 2, 1998.

4.    However, in 1997, GEC had filed the State Court Action. This State Court Action included claims by both sides for indemnity and breach.   See Ex. K1 and Ex. K2.   The State Court Judgment was entered on August 30, 2000.   Both sides have appealed.   Ex. K4; K5.   Thus, while the mutual contractual rights of the parties under the Merger Agreement had expired pre petition, each side's claims for breach of those rights continued to exist as of the bankruptcy petition date, and continue to exist today while the appeal is pending.   Because both sides assert material ongoing obligations to indemnify (preserved by the litigation), the Merger Agreement is executory.

000003

XXX-001568

**D.    The Balance of Harm Favors Kaneb: Minor Distraction Versus $70 Million in Claims**

5.      The Debtors concede that the plan confirmation discharge will not bar anything other than Kaneb seeking a right to payment from the Debtors.[8] The Debtors argue that the stay should not be lifted now to pursue the appeal because it would be a distraction to the Debtors while the Debtors are seeking plan confirmation. The Debtors fail to appreciate that the DOJ's $70 plus million demand on Kaneb is a big distraction to Kaneb. Kaneb needs to deal with this appeal in order to deal with the DOJ's claims. Moreover, the distraction to the Debtors is comparatively minor. This is a state court appeal, so there will be no discovery. The state appellate lawyers will not be doing the plan confirmation work. The appeal is not subject to the automatic stay anyway because the original state court action was filed by a debtor, GEC.[9] Under such circumstances, Kaneb's actions to defend GEC's causes of action, including Kaneb's appeal of the declaratory judgment action, is not stayed. *Ass'n of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982).

**E.    The *Rooker/Feldman* Issue**

6.      As the Debtor states, the Rooker/*Feldman* doctrine is confined to cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the [federal] court proceedings commenced and inviting the [federal] court review and rejection of those judgments.[10] First, Kaneb is a state court loser. Second, the State Court Judgment was rendered prior to the bankruptcy case. Third, if the bankruptcy court were being invited to review the State Court Judgment, *Rooker/Feldman* would prohibit such review. Only the state

---

[8] See Debtors' Objection para. 32.
[9] Debtors' Objection para. 3.
[10] Debtors' Objection para. 28.

000004

XXX-001569

appellate court can hear the appeal, and the only way that this can be accomplished is by lifting the stay. *In re Wilson*, 116 F.3d 87, 90 (3rd Cir. 1997).

**F.    Insurance Issues**

7.    The Debtors contend that there is no insurance coverage for Kaneb, due to confidential settlements the Debtors entered into with insurers prior to the bankruptcy.  If the Debtors relinquished their insurance policies, then the Debtors are not affected.  The Debtors argue that there will be coverage litigation.  Kaneb contends that the issue of coverage (being one between non-debtor Kaneb and non-debtor insurers) is not a proper issue for a lift-stay hearing, and that the stay should be lifted to allow the proper court to determine coverage issues.  In any event, any coverage litigation will likely be between Kaneb and the insurers, not the Debtors.

8.    The Debtors also argue that they will be affected by a lifting of the stay to proceed against insurance policies, because the insurers will assert claims against the Debtors based on indemnity rights under the insurance settlements.  This is akin to arguing that a creditor is stayed from pursuing a non-debtor guarantor because the guarantor might make a claim against the debtor.  The insurers have claims because the Debtors apparently bargained in pre petition documents that the insurers would have claims.  The Debtors must live with their bargain.  The automatic stay still applies to the insurers, who cannot assert their claims against the Debtors absent relief anyway.

9.    Further discussion of the insurance related issues is found at the contemporaneously filed Kaneb's Reply To: (1) Debtor's Response [Dkt. 20703; Insurance Issues Only], (2) One Beacon America Insurance Company's Response [Dkt. 20706]. And (3) Continental Casualty Company's Response [Dkt. 20704] To:The Motion Of Kaneb Pipe Line

000005

XXX-001570

Operating Partnership, L.P. And Support Terminal Services, Inc. For An Order Modifying The

Automatic Stay [20538].

Dated: March 23, 2009

Respectfully submitted,

SMITH KATZENSTEIN & FURLOW LLP

Kathleen M. Miller (I.D. No. 2898)
Etta R. Wolfe (I.D. No. 4164)
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410 (Courier 19801)
Wilmington, De 19899
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skfdelaware.com
        erw@skfdelaware.com
and

Steve A. Peirce, Bar No. 15731200
FULBRIGHT & JAWORSKI L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205
Email: speirce@fulbright.com

Toby L. Gerber, Bar No. 07813700
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
Email: tgerber@fulbright.com

**ATTORNEYS FOR KANEB PIPE LINE
OPERATING PARTNERSHIP, L.P. AND
SUPPORT TERMINAL SERVICES, INC.**

{08008{75675462.1

- 6 -

000006

XXX-001571

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of March, 2009, a copy of the foregoing Reply to the Debtors' Objection to the Motion for an Order Modifying the Automatic Stay was served by first class mail on the below.

David M. Bernick, PC
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL   60601

Laura Davis Jones
James E. O'Neill
Timothy Cairns
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE   19899

Warren T. Pratt
David P. Primack
Drinker Biddle & Reath LLP
1100 N. Market Street, Suite 1000
Wilmington, DE   19801-1243

Edward B. Rosenthal
Rosenthal, Monhait & Goddess, PA
919 Market Street
Mellon Bank Center, Suite 1401
Wilmington, DE   19899-1070

David Klauder
Office of the United States Trustee
844 King Street, Suite 2207
Wilmington, DE   19801

Theodore L. Freedman
Deanna D. Boll
Craig A. Bruens
Kirkland & Ellis LLP
Citigroup Center
153 E. 53rd Street
New York, NY   10022

Janet S. Baer, Esquire
The Law Offices of Janet S. Baer, P.C.
70 W. Madison St.
Suite 2100
Chicago, IL 60602

Micahel F. Brown
Jeffrey M. Boerger
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA   19103-6996

Daniel M. Glosban
Brian H. Mukherjee
Goodwin Procter LLP
Exchange Place
Boston, MA   02109

Elizabeth DeCristofaro
Ford Marrin Esposito Witmeyer & Gleser, LLP
Wall Street Plaza, 23rd Floor
New York, NY   10005-1875

Kathleen M. Miller

000007

XXX-001572