# EXHIBIT 18

| UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

**Name of Debtor:** W.R. Grace & Co. – Conn.

**Case Number:** 01-01179 JKF

---

Name of Creditor (the person or entity to whom the debtor owes money or property):

**Seaton Insurance Company**

Name and address where notices should be sent:

**David P. Primack**
**Drinker Biddle & Reath LLP**
**1100 N. Market Street, Suite 1000**
**Wilmington, DE 19801-1254**

Telephone Number: **302-467-4221**

☒  Check this box to indicate that this claim amends, replaces, and supersedes a previously filed claim identified as:

**Proof of Claim No. 15531**

(filed on: February 14, 2005)

---

Name and address where payment should be sent (if different from above):

☐  Check this box if anyone else has filed a claim relating to your claim (see attachment).

☐  Check this box if you are the debtor or trustee in this case.

---

**1.   Amount of Claim:  $ 30,246.02 plus additional unliquidated amounts**

**2.   Basis for Claim:** Contractual Indemnity; see Attachment.

**3.   Name by which creditor identifies debtor:** W.R. Grace

**4.   Secured Claim:** Check box if this claim is secured by a lien on property or a right of setoff.

Nature of property or right of setoff:  ☒ Possible rights of setoff against any obligations owed (or alleged to be owed) by Claimant to Debtor.

Value of Property: Unknown

Amount of arrearage and other charges, as of time case filed:  N/A

Amount of Secured Claim: $ partially unliquidated;  Amount Unsecured: $ partially unliquidated

**5.   Priority Claim:**

Specify the priority of this claim:

☐  Domestic support obligations under 11 U.S.C. § 507(a)(1).

☐  Wages, salaries, commissions under 11 U.S.C. § 507(a)(4).

☐  Contributions to an employee benefit plan under 11 U.S.C. § 507(a)(5).

☐  Deposits of individuals toward purchase, lease, or rental, etc. under 11 U.S.C. § 507(a)(7).

☐  Priority taxes or penalties under 11 U.S.C. 507(a)(8).

☐  Other: 11 U.S.C. § 507(a)(__).
Amount Entitled to Priority: N/A

---

**6.   Credits:** All payments on this claim have been credited for the purpose of making this proof of claim.

**7.   Documents:** See Attachment. Additional documentation will be provided upon reasonable request.

---

Date:

August **27**, 2009

Signature of person authorized to file this claim:

*[signature]*

**David P. Primack – Attorney for Claimant**

FOR COURT USE ONLY

---

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**EXHIBIT**
**OS-48**
PENGAD 800-631-6989

RFC'D AUG 2 5 2009

XXX-001841

## Attachment to Proof of Claim

**Claimant: Seaton Insurance Company**

as successor in interest to (i) Unigard Security Insurance Company (formerly Unigard Mutual Insurance Company), (ii) John Hancock Mutual Life Insurance Company, (iii) John Hancock Property & Casualty Holding Company, and (iv) John Hancock Management Company; and others identified in the Agreements identified below.

**Basis for Claim:**

Contractual Indemnity under one or more of the following (or other) Agreements, copies of which will be provided upon reasonable request, subject to the execution of an appropriate Confidentiality Agreement:

    (a)  Settlement Agreement, Release and Indemnification/Hold Harmless Agreement, dated July 11, 1996, between W. R. Grace & Co. – Conn, *et al.*, and Unigard Security Insurance Company (formerly Unigard Mutual Insurance Company), *et al.* (*see* Section VI, "Indemnification/Hold Harmless Agreement").

    (b)  Settlement Agreement, Release and Indemnification/Hold Harmless Agreement, dated May 15, 1995, between W. R. Grace & Co. – Conn, *et al.*, and Unigard Security Insurance Company (formerly Unigard Mutual Insurance Company), *et al.* (*see* Section V, "Indemnification/Hold Harmless Agreement").

    (c)  Settlement Agreement, Release and Indemnification/Hold Harmless Agreement, dated August 6, 1992, between W. R. Grace & Co. – Conn, *et al.*, and Unigard Security Insurance Company (formerly Unigard Mutual Insurance Company), *et al.* (*see* Section V, "Indemnification/Hold Harmless Agreement").

**Liquidated Portion of Claim:**

This claim is partly liquidated in that Claimant has incurred attorneys' fees through May 31, 2009, as follows in connection with insurance coverage claims asserted against Claimant for which the Debtor is obligated to indemnify Claimant under the Agreements identified above:

**$30,246.02** incurred for legal services rendered in connection with insurance coverage claims asserted against Claimant by The Scotts Company in Adversary Proceeding No. 04-55083 and otherwise (including but not limited to (1) analyzing the complaint in the Scotts adversary action and the claims asserted therein; (2) developing case strategy and positions on various litigation issues, such as the stay in the adversary action; (3) communications with opposing counsel and co-counsel regarding litigation issues, such as the proposed stay of the adversary action; (4) preparing claim reports for client; (5) analyzing and responding to Scotts' motion for relief from preliminary injunction; (6) researching and drafting legal memoranda on relevant issues, such as vendor endorsements and the vendor theory of coverage).

WM01/ 7822413.1

XXX-001842