THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.* [1] | ) | Case No. 01-1139 (JKF) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | | Hearing Date: September 1, 2009 at 1:45pm ET |
| | | Related Docket Nos. 22978 |

## DEBTORS' RESPONSE TO LIBBY CLAIMANTS' MOTION TO PRECLUDE EXPERT TESTIMONY BY PAMELA D. ZILLY CONCERNING BEST INTERESTS STANDARD UNDER SECTION 1129(a)(7)

Last week Libby Claimants filed a motion to exclude the testimony of Pamela Zilly with respect to the Best Interests test, claiming that she failed to file a report -- notwithstanding the fact that Ms. Zilly's opinion and the basis and reasons for her opinion were set forth, not once, but twice, before Libby Claimants took her deposition on August 20, 2009. First, Ms. Zilly

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food >N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

prepared a Best Interests Analysis, which was attached to the February 27, 2009 Disclosure Statement as Exhibit 8 to the Exhibit Book, that provided the basis and reasons for her opinion. (Dkt. No. 20873) (Ex. 1) Second, the Plan Proponents' Main Brief In Support Of Plan Confirmation also laid out the basis and reasons for Ms. Zilly's opinion that the Plan meets the Best Interests test. (Dkt. No. 22733) (Plan Proponents' Main Brf. 39-46, Ex. 2) Counsel for the Libby Claimants knew all this and were content to proceed with the deposition because counsel was sufficiently prepared to do so.

The deposition itself confirms that counsel for Libby Claimants was prepared to proceed. At the deposition, counsel for the Libby Claimants extensively questioned Ms. Zilly on her Best Interests opinion, including a line-by-line review of the quantitative financial analysis that compares a Chapter 7 liquidation analysis to a Chapter 11 Reorganization under the Plan. (*See* 8/20/09 Zilly Dep. Tr. 149 - 197, Ex. 3) Thus, Ms. Zilly's Best Interests Analysis and the Plan Proponents' Main Brief provided Libby Claimants with a meaningful opportunity to cross-examine Ms. Zilly and, in fact, they did so.

The Libby Claimants' motion reflects either one of two strategies, both of which are specious. Either they felt inadequately prepared but decided to do nothing about it and complain later -- rather than ask for more information. Or, they felt adequately informed and have now made a "gotcha" motion after the fact. Either way, the prior disclosure and the substance of the deposition demonstrate that the motion has no merit. Nevertheless, for the record, the Debtors are attaching a report from Ms. Zilly that reflects the prior disclosures regarding the Best Interests test. (Ex. 4)

2

I.  **MS. ZILLY'S BEST INTERESTS ANALYSIS AND PLAN PROPONENTS' MAIN BRIEF PROVIDED THE BASIS AND REASONS FOR HER OPINION.**

Since February 27, 2009, Libby Claimants have known about Ms. Zilly's Best Interests Analysis, which is Exhibit 8 to the Disclosure Statement. (Dkt. No. 20873) (Ex. 1) The Best Interests Analysis sets forth all the numbers used in the analysis, the general assumptions underlying the analysis, and detailed notes further explaining how the assumptions were used in arriving at the numbers in the analysis.

In addition to the Best Interests Analysis disclosed in February 2009, the Best Interests test was further discussed in Plan Proponents' Main Brief filed on August 8, 2009. (Dkt. No. 22733) (Ex. 2) There, over seven pages were devoted to explaining how the Best Interests Analysis performed by Ms. Zilly shows that Debtors have satisfied the Best Interests test under section 1129(a)(7) of the Bankruptcy Code. (*Id.* at 39-46) Thus, the Libby Claimants were fully aware of the basis and reasons underlying Ms. Zilly's opinion regarding the Best Interests test.

Furthermore, since February 2009, Plan Proponents have continued to disclose Ms. Zilly as an expert witness who will be testifying about the Best Interests test:

- On June 15, 2009, Plan Proponents filed their list of witnesses who might be called during the Phase II Confirmation Hearing, and designated Ms. Zilly as an expert testifying on any financial issues. (Dkt. No. 22562)

- On June 24, 2009, Plan Proponents amended this list specifying that Ms. Zilly would testify to various financial issues including Libby issues. (Dkt. No. 22244)

- During June and July, 2009, counsel for Debtors and the Libby Claimants communicated by telephone and e-mail that Ms. Zilly was the person with the most knowledge of the Best Interests test. Indeed, on July 15, 2009, counsel for Libby Claimants acknowledged by e-mail that Debtors informed him that Ms. "Zilly would be the best person to answer my questions concerning the liquidation analysis."

- In their July 20, 2009 Pre-Trial Statement, Plan Proponents further specified that Ms. Zilly would testify to various financial matters including the liquidation analysis. (Dkt. No. 22562)

3

- In the July 27, 2009 Amended Pre-Trial Statement, Plan Proponents spelled out the exact issues to which Ms. Zilly would be offering testimony: (1) that the holders of claims or interest in each impaired class who have not voted to accept the Plan will receive a distribution under the Plan that is not less than they would receive in a Chapter 7 liquidation as of the effective date of the Plan; and (2) that the Plan satisfies the best interest of creditors test as to the Libby Claimants. (Dkt. No. 22633) (Debtors' Amd. Pre-Trial Statement at 2, 9)

At no time, until last week, did Libby Claimants raise any issue that Ms. Zilly's Best Interests Analysis and the Plan Proponents' Main Brief were not satisfactory disclosures. Indeed, there is a good reason why the Libby Claimants did not do so. It is because Ms. Zilly's Best Interests Analysis and the Plan Proponents' Main Brief substantively provided Ms. Zilly's opinion and the basis and reasons underlying it.

Armed with these disclosures, Libby Claimants deposed Ms. Zilly on the evidence forming the basis of her expert opinion on the Best Interests test on August 20. To that end, counsel for Libby Claimants presented Ms. Zilly with her Best Interests Analysis -- marked as deposition exhibit 14 -- and questioned her on the items and assumptions underlying the numbers that made up the analysis. (*See* 8/20/09 Zilly Dep. Tr. 149:18-197:10, Ex. 3) Counsel went through the analysis item by item, asking such questions as "how did you reach this figure," and "explain how that [the discount factor] was derived." (*See, e.g.,* 8/20/09 Zilly Dep. Tr. 162:24-164:6; 164:12-24, Ex. 3)

As Libby Claimants have acknowledged, the purpose of Fed. R. Civ. P. 26(a)(2)(B) is to give opposing parties a reasonable opportunity to prepare for effective cross examination by way of a meaningful opportunity to depose the other parties' proffered experts. (*See* Libby Claimants Mot. at 3) Using Ms. Zilly's Best Interests Analysis, the Libby Claimants questioned Ms. Zilly as to the underlying reasons and basis for her opinion. Such an examination certainly constitutes a meaningful opportunity to test the basis and reasons for an expert's opinion. Nevertheless, for the record, attached is a report from Ms. Zilly that reflects her opinion and the basis and reasons

4

for that opinion, all of which are contained in her Best Interests Analysis and Plan Proponents' Main Brief. (Ex. 4)

## II. THE MOTION IS UNTIMELY AND WITHOUT GOOD CAUSE

The Libby Claimants have known since at least June 2009 that Ms. Zilly would be the Debtors' expert witness on the Best Interests Analysis. Under their view, the alleged failure to provide a report occurred months ago, on March 15, 2009. Yet, Libby Claimants never raised this as an issue until last week. Instead, the Libby Claimants waited until August 26, 2009 to file a motion in limine -- over a week and a half after the August 14, 2009 deadline for such motions set by the CMO. (Dkt. No. 22819) (Fourth Amd. Case Management Order at 2) Because no good cause exists to justify this tardiness, the Court should strike the motion.

## CONCLUSION

Since February 27, 2009, Plan Proponents have disclosed the basis and reasons for Ms. Zilly's expert opinion regarding the Best Interests test, both in her Best Interests Analysis and in the Plan Proponents' Main Brief. And, in multiple filings and communications with Libby counsel throughout June, July and August 2009, it has been clear that Ms. Zilly would be testifying as an expert witness on the issue of Best Interests. Indeed, Libby Claimants thoroughly deposed Ms. Zilly on this very issue. Accordingly, Debtor's have complied with the purpose of Fed. R. Civ. P. 26(a)(2)(B) in all respects and Ms. Zilly's testimony on this subject should be permitted.

Dated: August 31, 2009

Respectfully submitted,

KIRKLAND & ELLIS LLP
David M. Bernick
Lisa G. Esayian
300 N. LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Theodore Freedman
Citigroup Center
601 Lexington Ave.
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

Barbara M. Harding
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5200
Facsimile: (202) 879-5200

and

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy P. Cairns ( Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

*Co-Counsel for the Debtors and Debtors in Possession*