**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., et al.,[1] | Case No. 01-1139 (JKF) |
| Debtors. | Jointly Administered |
| | Re: Docket Nos. 22892, 22935, 22995 |

**THE STATE OF MONTANA'S (I) OBJECTION TO PLAN PROPONENTS' MOTION TO STRIKE AND OBJECTIONS AND COUNTER DESIGNATIONS TO THE STATE OF MONTANA'S AMENDED DESIGNATIONS AND ANDERSON MEMORIAL'S UNTIMELY DESIGNATIONS, (II) RESPONSE TO CNA'S OBJECTIONS TO CERTAIN DEPOSITION DESIGNATIONS OF THE LIBBY CLAIMANTS, BNSF RAILWAY COMPANY, AND THE STATE OF MONTANA, AND (III) FURTHER AMENDED DEPOSITION DESIGNATIONS FOR THE PHASE II CONFIRMATION HEARING**

The State of Montana ("Montana"), by and through its undersigned counsel, hereby (I) objects (the "Objection") to the Plan Proponents' Motion to Strike and Objections and Counter Designations to the State of Montana's Amended Designations and Anderson

---

[1] The Debtors are the following entities: W.R. Grace & Co. (f/k/a Grace Specialty Chemicals Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), ECARG, Inc., Five Alewife Boston Ltd., GC Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), GC Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W.R. Grace Capital Corporation, W.R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, LB Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc. E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

1

Memorial's Untimely Designations (Docket No. 22995) (the "Motion to Strike")[2], (II) responds to CNA's Objections to Certain Deposition Designations of the Libby Claimants, BNSF Railway Company, and the State of Montana (Docket No. 22892) (the "CNA Objection"), and (III) further amends the deposition designations for the Phase II confirmation hearing. In support, Montana states as follows:

## BACKGROUND

1. On April 2, 2001 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession.

2. On November 21, 2008, the Plan Proponents filed the First Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code of W. R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders (Docket No. 20121).

3. On May 5, 2009, the Court entered the Third Amended Case Management Order Related to the First Amended Joint Plan of Reorganization (Docket No. 21544).

4. On August 14, 2009, Montana filed the State of Montana's Deposition Designations for the Phase II Confirmation Hearing (Docket No. 22805) (the "Original Deposition Designations").

5. On August 17, 2009, the Court entered the Fourth Amended Case Management Order Related to the First Amended Joint Plan of Reorganization (Docket No. 22819).

---

[2] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion to Strike.

6.  On August 20, 2009, Continental Casualty Company and Continental Insurance Company (collectively, "CNA") filed the CNA Objection.

7.  On August 24, 2009, Montana filed the State of Montana's Amended Deposition Designations for the Phase II Confirmation Hearing (Docket No. 22935) (the "Amended Deposition Designations).

8.  On August 28, 2009, the Plan Proponents filed the Motion to Strike.

## OBJECTION TO THE MOTION TO STRIKE

9.  As a preliminary matter, the Plan Proponents object to the Amended Deposition Designations because they purportedly were filed in an untimely manner. <u>See</u> Motion to Strike, at p. 3 ("The Plan Proponents object to the designations submitted by the State of Montana as being untimely and violative of the Fourth Amended CMO, which required that the State of Montana submit its designations on or before August 14, 2009.").

10. The Amended Deposition Designations were filed in a timely manner. In the Original Deposition Designations, which were filed on August 14, 2009 in accordance with the Fourth Amended Case Management Order, Montana designated the deposition transcripts of Peter Lockwood, Richard Finke, Jay Hughes, and Jeffrey Posner. <u>See</u> Original Deposition Designations, at p. 1. It was in response to the Plan Proponents' objections to those designations that Montana filed the Amended Deposition Designations, as a means to clarify which excerpts of the deposition transcripts it was designating. The Amended Deposition Designations did not add any additional deposition transcripts, but merely served to amend and clarify the Original Deposition Designations.

11. Nor is it true, as the Plan Proponents maintain, that the Amended Deposition Designations should be stricken because they designate "multi-pages blocks [sic] and entire pages". Motion to Strike, at p.3. Montana has only designated the portions of the deposition

3

transcripts during which Montana questioned the three witnesses, as well as the few pages that were cited by Montana in its briefs in opposition to confirmation. There has been no prejudice to the Plan Proponents by the Amended Deposition Designations, because the excerpts designated therein are relatively small, in light of the voluminous amount of designations by all of the parties in these cases.[3]

12. In any event, as an accommodation to the Plan Proponents (and without any admission that the Original Deposition Designations or the Amended Deposition Designations were in any way untimely or insufficient), Montana hereby further amends the Amended Deposition Designations, and hereby designates the following pages and lines from the following attached deposition transcripts to be introduced at the Phase II confirmation hearings, currently scheduled to commence on September 8, 2009:

> The following pages and lines from the transcript of the deposition of Peter Lockwood, dated May 1, 2009 (Attached hereto as Exhibit A): 123:7 - 124:8
>
> The following pages and lines from the transcript of the deposition of Richard Finke, dated May 13, 2009 (Attached hereto as Exhibit B): 296:1 - 304:3

---

[3] Montana also notes in passing that the Plan Proponents themselves have failed to comply with this Court's case management orders. For example, on August 28 and August 30, counsel for both the Debtors and the Official Committee of Asbestos Personal Injury Claimants (each of which are Plan Proponents) circulated additional exhibits that were omitted from the Plan Proponents' exhibit list. This is so notwithstanding that according to the Fourth Amended Case Management Order, all exhibits were to be finalized and provided to the Court by August 25, 2009. As another example, the Plan Proponents filed the Motion to Strike on August 27, 2009, and scheduled an expedited hearing with objections due just three business days later. This is so notwithstanding that the Court in these cases requires that "[u]nless the Federal Rules of Bankruptcy Procedure state otherwise, all motions and applications shall be filed and served in accordance with Del. Bankr. LR 2002-1(b) <u>at least thirty-two (32) days (thirty-five (35) days if service is by mail)</u> prior to hearing." Second Amended Order Establishing Case Management Procedures and Hearing Schedule, at p. 5 (Docket No. 14028) (emphasis in original). Montana believes that the Court should take such untimely actions by the Plan Proponents into consideration in ruling upon the Motion to Strike with respect to Montana's purportedly untimely deposition designations.

The following pages and lines from the transcript of the deposition of Jay Hughes, dated June 11, 2009 (Attached hereto as Exhibit C):   217:10 - 218:12, 220:1 - 223:6, 224:15 - 230:3, 233:24 - 235:3

## RESPONSE TO THE CNA OBJECTION

13. Additionally, in the CNA Objection, CNA objected to the Original Deposition Designations "as inadmissible hearsay . . . because Messrs. Posner, Finke, Lockwood, and Hughes are available to testify at the Phase II hearing." CNA Objection, at p. 3. Simply because a witness may be available to testify at a hearing does not preclude use of the witness's deposition. In fact, a witness's deposition may be used "for any other purpose allowed by the Federal Rules of Evidence." F.R. Civ. P. 32(a)(2). Further, "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's . . . designee under Rule 30(b)(6)." F.R. Civ. P. 32(a)(3). Montana is adverse to the Debtors and the Plan Proponents. Messrs. Posner, Finke, Lockwood, and Hughes all testified for their respective parties as F.R. Civ. P. 30(b)(6) witnesses. Thus, Montana is specifically allowed to use the depositions of Messrs. Posner, Finke, Lockwood, and Hughes, subject only to the Federal Rules of Evidence. Finally, Montana maintains that it is premature to determine whether those witnesses truly are available to testify at the Phase II hearing, and whether the Original Deposition Designations or the Amended Deposition Designations are hearsay, because the Phase II hearing has not yet occurred.

## RESERVATION OF RIGHTS

14. Montana reserves all rights to raise additional arguments, objections, and responses to the Motion to Strike or the CNA Objection either at or prior to any hearing thereon. Montana also continues to reserve the right to join in or object to deposition designations of any other party. Additionally, because discovery has not yet been completed, Montana continues to reserve its right to further supplement or alter these deposition designations.

WHEREFORE, Montana respectfully requests that this Court (i) sustain the Objection, (ii) deny the Motion to Strike, (iii) overrule the CNA Objection, and (iv) grant such other and further relief as it deems just and proper.

Dated: September 1, 2009

Respectfully submitted,

Womble Carlyle Sandridge & Rice, PLLC

    /s/ Matthew P. Ward
Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
Matthew P. Ward (#4471)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Ph: (302) 252-4320
Fax: (302) 252-4330

Counsel for the State of Montana