# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

_____X

In Re:                              Chapter 11

                                    Case No.
                                    01-01139 JKF

W.R. Grace & Co., et al.,

                                    (Jointly
            Debtors.                Administered)

_____X

\* \* \* CONFIDENTIAL \* \* \*

—    —    —

May 13, 2009

—    —    —

DEPOSITION of RICHARD FINKE, held
at the offices of Kirkland & Ellis, 655
Fifteenth Street, N.W., Washington, DC,
commencing at 9:32 A.M., on the above
date, before Lisa Lynch, a Registered
Merit Reporter, New Jersey Certified Court
Reporter, License No. XI00825, and
Certified Realtime Reporter

—    —    —

MAGNA LEGAL SERVICES, LLP

7 Penn Center, 8th Floor

1635 Market Street

Philadelphia, PA   19103

```
 1   A P P E A R A N C E S:
 2
     DRINKER BIDDLE & REATH, LLP
 3   BY:  MICHAEL F. BROWN, ESQUIRE
     One Logan Square
 4   18th and Cherry Streets
     Philadelphia, Pennsylvania 19103-6996
 5   (brownmf@dbr.com)
     Representing OneBeacon America Insurance
 6   Company, Seaton Insurance Company,
     Government Employees Insurance Company,
 7   Columbia Insurance Company f/k/a Republic
     Insurance Company
 8
 9   CAPLIN & DRYSDALE, CHARTERED
     BY:  JEFFREY A. LIESEMER, ESQUIRE
10   One Thomas Circle NW
     Suite 1100
11   Washington, DD 20005
     202.862.7801
12   (jal@capdale.com)
     Representing Grace, Official Committee of
13   Asbestos Personal Injury Claimants ("ACC")
14
     KIRKLAND & ELLIS, LP
15   BY:  BARBARA M. HARDING, ESQUIRE
          THEODORE L. FREEDMAN, ESQUIRE
16   655 Fifteenth Street, N.W.
     Washington, DC  20005-5793
17   202.879.5081
     (barbara.harding@kirkland.com)
18   (tfreedman@kirkland.com)
     Representing the Debtors
19
20   THE LAW OFFICES OF JANET S. BAER, P.C.
     BY:  JANET S. BAER, ESQUIRE
21   70 West Madison Street
     Suite 2100
22   Chicago, Illinois 60602
     jbaer@jsbpc.com
23   Representing W.R. Grace
24
```

```
 1    A P P E A R A N C E S: (continued)
 2    SIMPSON THACHER & BARTLETT, LLP
      BY:  ELISA ALCABES, ESQUIRE
 3    425 Lexington Avenue
      New York, New York 10017-3954
 4    212.455.2846
      (ealcabes@stblaw.com)
 5    Representing Travelers Casualty and Surety
      Company
 6
 7    VORYS, SATER, SEYMOUR AND PEASE, LLP
      BY:  WILLIAM J. POHLMAN, ESQUIRE*
 8        PHILIP DOWNEY, ESQUIRE*
      (*VIA TELECONFERENCE)
 9    52 East Gay Street
      Columbus, Ohio 43215
10    614.464.8349
      (wjpohlman@vorys.com)
11    Representing The Scotts Company, LLC
12
      LEWIS, SLOVAK & KOVACICH, PC
13    BY:  TOM L. LEWIS, ESQUIRE
      P.O. Box 2325
14    723 Third Avenue
      Great Falls, Montana 59403
15    406.761.5595
      tom@lsklaw.net
16    Representing the Libby Claimants
17
      SPEIGHTS & RUNYAN
18    BY:  DANIEL H. SPEIGHTS, ESQUIRE*
      (*VIA TELECONFERENCE)
19    200 Jackson Avenue East
      P.O. Box 685
20    Hampton, South Carolina 29924
      803.943.4444
21    (dspeights@speightsrunyan.com)
      Representing Anderson Memorial Hospital
22
23
24
```

```
 1    A P P E A R A N C E S:(continued)
 2   MENDES & MOUNT, LLP
     BY:  ALEXANDER MUELLER, ESQUIRE
 3   750 Seventh Avenue
     New York, New York 10019
 4   212.261.8296
     (alexander.mueller@mendes.com)
 5   Representing London Market Companies
 6
     FORD MARRIN ESPOSITO & WITNEYER & GLESER
 7   BY:  ELIZABETH M. DeCRISTOFARO, ESQUIRE*
     (*VIA TELECONFERENCE)
 8   Wall Street Plaza
     New York, New York 10005-1875
 9   212.269.4900
     Representing Continental Casualty Company
10   and Continental Insurance Company
11
     BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
12   BY:  MATTHEW I. KRAMER, ESQUIRE*
     (*VIA TELECONFERENCE)
13   200 South Biscayne Boulevard
     Suite 2500
14   Miami, Florida 33131-5340
     305.450.7246
15   (mkramer@bilzin.com)
     Representing Property Damage Committee
16
17   STROOCK & STROOCK & LAVAN, LLP
     BY:  ARLENE G. KRIEGER, ESQUIRE*
18        LEWIS KRUGER, ESQUIRE*
     (*VIA TELECONFERENCE)
19   180 Maiden Lane
     New York, New York 10038-4982
20   212.806.5400
     (akrieger@stroock.com)
21   Representing Official Committee of
     Unsecured Creditors
22
23
24
```

```
 1   A P P E A R A N C E S: (continued)
 2
     CROWELL & MORING, LLP
 3   BY:   MARK D. PLEVIN, ESQUIRE
           NOAH S. BLOOMBERG, ESQUIRE
 4   1001 Pennsylvania Avenue, N.W.
     Washington, DC 20004-2595
 5   202.624.2913
     (mplevin@crowell.com)
 6   (nbloomberg@crowell.com)
     Representing Fireman's Fund Insurance
 7   (Surety Bond)
 8
     STEVENS & LEE, P.C.
 9   BY: MARNIE E. SIMON, ESQUIRE
     1818 Market Street, 29th Floor
10   Philadelphia, Pennsylvania 19103-1702
     215.751.2885
11   (mes@stevenslee.com)
     Representing Fireman's Fund Insurance
12
13   LAW OFFICES OF ALAN B. RICH
     BY:   ALAN B. RICH, ESQUIRE
14   Elm Place, Suite 4620
     1401 Elm Street
15   Dallas, Texas 75202
     214.744.5100
16   (arich@alanrichlaw.com)
     Representing Property Damage PCR
17
18   CONNOLLY BOVE LODGE & HUTZ, LLP
     BY:   JEFFREY C. WISLER, ESQUIRE
19   The Nemours Building
     1007 North Orange Street
20   P.O. Box 2207
     Wilmington, Delaware 19899
21   302.888.6528
     (jwisler@cblh.com)
22   Representing Maryland Casualty
23
24
```

```
 1    A P P E A R A N C E S: (continued)
 2    ECKERT SEAMANS CHERIN & MELLOTT, LLC
      BY:  EDWARD J. LONGOSZ, II, ESQUIRE
 3    1747 Pennsylvania Avenue, N.W.
      12th Floor
 4    Washington, DC 20006
      202.659.6619
 5    (elongosz@eckertseamans.com)
      Representing Maryland Casualty and Zurich
 6
 7    WILEY REIN, LLP
      BY:  RICHARD A. IFFT, ESQUIRE
 8    1776 K Street NW
      Washington, DC 20006
 9    202.719.7170
      (rifft@wileyrein.com)
10    Representing Maryland Casualty and Zurich
11
      COZEN O'CONNOR
12    BY:  JACOB C. COHN, ESQUIRE
      1900 Market Street
13    Philadelphia, Pennsylvania 19103-3508
      215.665.2147
14    (jcohn@cozen.com)
      Representing Federal Insurance Company
15
16    ORRICK HERRINGTON & SUTCLIFFE, LLP
      BY:  PERI N. MAHALEY, ESQUIRE
17    Columbia Center
      1152 15th Street, N.W.
18    Washington, DC 20005-1706
      202.339.8516
19    (pmahaley@orrick.com)
      Representing PI Future Claimants'
20    Representative
21
      CUYLER BURK, P.C.
22    BY:  ANDREW CRAIG, ESQUIRE
      4 Century Drive
23    Parsippany, New Jersey 07054
      973.734.3200
24    (acraig@cuyler.com)
```

```
 1    A P P E A R A N C E S:  (continued)
 2    O'MELVENY & MEYERS LLP
      BY:  TANCRED SCHIAVONI, ESQUIRE*
 3    (*VIA TELEPHONE)
      7 Times Square
 4    New York, New York 10036
      212.326.2267
 5    (tschiavoni@omm.com)
      Representing Arrowood Indemnity Company
 6
 7    WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
      BY:  KEVIN J. MANGAN, ESQUIRE*
 8    (*VIA TELECONFERENCE)
      222 Delaware Avenue
 9    Suite 1501
      Wilmington, Delaware 19801
10    302.252.4361
      (kmangan@wcsr.com)
11    Representing State of Montana
12
      PEPPER HAMILTON, LLP
13    BY: LINDA J. CASEY, ESQUIRE*
      (*VIA TELECONFERENCE)
14    3000 Two Logan Square
      Philadelphia, Pennsylvania 19103
15    215.981.4000
      (caseyl@pepperlaw.com)
16    Representing BNSF Railway Company
17    KRAMER LEVIN NAFTALIS & FRANKEL, LLP
      BY:  SARAH SCHINDLER-WILLAIMS, ESQUIRE*
18    (*VIA TELECONFERENCE)
      1177 Avenue of the Americas
19    New York, New York 10036
      212.715.9515
20    (SSchindlerWilliams@kramerlevin.com)
      Representing the Equity Committee
21
22
23
24
```

```
 1                          INDEX
                         EXAMINATION
 2
     Witness Name                         Page
 3   RICHARD FINKE
 4      BY MR. BROWN                      12,333
 5      BY MS. ALCABES                    129
 6      BY MR. LEWIS                      187
 7      BY MR. PLEVIN                     265
 8      BY MR. WISLER                     285
 9      BY MR. COHN                       289
10      BY MR. MANGAN                     296
11      BY MR. DOWNEY                     305, 371
12      BY MR. SCHIAVONI                  343
13      BY MR. SPEIGHTS                   347
14
15                        EXHIBITS
     EXHIBIT    DESCRIPTION                      ID
16
     Exhibit 1  Notice of Deposition of    16
17              Debtors Pursuant to Rule
                30(b)(6)
18
     Exhibit 2  Document entitled W.R.      16
19              Grace/Confirmation Hearing
                30(b)(6) Deposition Notice
20
     Exhibit 3  SEC Form 8-K                     25
21
     Exhibit 4  Exhibit 6 to Exhibit Book, 41
22              Asbestos Insurance
                Transfer Agreement
23
     Exhibit 5  Exhibit 19 to Exhibit       53
24              Book, Retained Causes of
```

```
 1                    EXHIBITS
    EXHIBIT      DESCRIPTION                ID
 2
 3  Exhibit 6    Exhibit 2 to Exhibit Book, 55
                 Asbestos PI Trust Agreement
 4
    Exhibit 7    Exhibit 4 to Exhibit Book, 55
 5               Trust Distribution
                 Procedures
 6
    Exhibit 8    First Amended Joint Plan    70
 7               of Reorganization
 8  Exhibit 9    Exhibit 5 to Exhibit Book, 92
                 Schedule of Settled
 9               Asbestos Insurers Entitled
                 to 524(g) Protection
10
    Exhibit      Settlement Agreement       98
11  10           Bates stamped OB 1 through
                 33
12
    Exhibit      Travelers/Allstate        135
13  11           30(b)(6) deposition notice
14  Exhibit      Travelers 30(b)(6)        136
    12           supplemental deposition
15               notice
16  Exhibit      Grace/Aetna Asbestos      149
    13           Settlement Agreement dated
17               May 22, 1996
18  Exhibit      Exhibit 25 to Exhibit     178
    14           Book, CMO for Class 7A
19               Asbestos PD Claims
20
21
22
23
24
```

```
 1                  DEPOSITION SUPPORT INDEX
 2
 3
    Direction to Witness Not To Answer
 4  Page    Line        Page    Line
     30      2           37      12
 5   37     17           39       8
     39     15          369       1
 6
    Request For Production of Documents
 7  Page    Line        Page    Line
    (None)
 8
    Stipulations
 9  Page    Line        Page    Line
    (None)
10
    Questions Marked
11  Page    Line        Page    Line
    (None)
12
13                   —     —     —
14
15
16
17
18
19
20
21
22
23
24
```

```
 1              that PD be held to the end?
 2                   MS. HARDING:  Yeah, so
 3              we'll wait for PD folks to the end.
 4              Are there insurers on the phone
 5              that have any questions?  Any
 6              insurers on the phone?  No?
 7                   MR. MANGAN:  I may have
 8              questions.  This is Kevin Mangan on
 9              behalf of the State of Montana.
10                   MS. HARDING:  Okay, great.
11   EXAMINATION BY
12   MR. MANGAN:
13              Q.   Good afternoon, Mr. Finke.
14   Can you hear me all right on the phone?
15              A.   Yes.
16              Q.   Okay, great.
17              Are you aware the State of
18   Montana's filed a claim for contribution
19   and indemnification against Grace?
20              A.   Yes.
21              Q.   And in this bankruptcy,
22   obviously?
23              A.   Yes.
24              Q.   And a proof of claim.
```

```
 1            How is the State classified under
 2     the Plan?
 3                 MS. HARDING:  Object to
 4            form.  Go ahead, to the extent you
 5            know.
 6            A.    As a Class 6 indirect PI
 7     Trust claim.
 8            Q.    What is the basis for that
 9     classification?
10            A.    Well --
11                 MS. HARDING:  I'm just
12            going to object to the extent that
13            it calls for attorney-client
14            privilege or work product
15            communications.  To the extent you
16            can answer without divulging that,
17            then go forward.  And to the extent
18            that -- I do agree that it's broad
19            and I'm not sure I understand what
20            he's asking about, but if you do,
21            Richard, go ahead.
22            A.    My answer is going to be
23     the definition of indirect PI Trust claim
24     in the Plan.
```

```
 1              Q.     Is it your position that
 2     contribution and indemnification claims
 3     fit within the indirect PI definition?
 4              A.     Yes.
 5              Q.     Mr. Lewis had asked you a
 6     series of questions with regard to the
 7     treatment of Libby claimants' claims under
 8     the Plan and their claims specifically as
 9     to Maryland Casualty, the State of Montana
10     and Burlington Northern.  Do you recall
11     that questioning?
12              A.     Yes.
13              Q.     I believe you testified --
14     and obviously correct me if I'm wrong --
15     that the Libby claimants' claims against
16     the State that give rise to the State's
17     claims against the debtors for
18     indemnification or contribution go into
19     the Trust.
20                     MS. HARDING:  Object to
21             form.
22              Q.     Is that your testimony?
23              A.     That the Montana -- that
24     the State of Montana's claims for
```

 1    indemnification would be channeled to the

 2    Trust, yes.

 3              Q.    And you also testified that

 4    the State does not get the benefit of the

 5    524(g) injunction?

 6              A.    That's correct.

 7              Q.    Sir, you testified that to

 8    the extent there was independent conduct,

 9    those claims would not go into the Trust.

10    Is that correct?

11                    MS. HARDING:  Object to

12              form and I think it's -- it doesn't

13              properly characterize the extent

14              and -- extent of everything that

15              you said but to the extent you can

16              answer, go ahead.

17              Q.    If you want to clarify what

18    you testified to earlier as far as

19    independent conduct not going to the

20    Trust, I'd appreciate it.

21              A.    Right.  I believe I

22    testified that it is our understanding

23    that to the extent the State of Montana's

24    liable to Libby claimants based on causes

```
 1   of action that are separate and

 2   independent from any Grace liability, that

 3   the -- that the State's liability would

 4   not be -- or the State would not have

 5   recourse to the PI Trust for that

 6   liability.

 7            Q.    What do you mean by

 8   separate and independent liability from

 9   Grace's liability?

10                 MS. HARDING:  Object to

11            form.  It think calls for

12            speculation.  But to the extent you

13            can answer, go ahead.

14            A.    Well, in this instance,

15   it's my recollection -- although I haven't

16   gone back to look at the decision, it is

17   my recollection that the Supreme Court of

18   Montana found that the State had an

19   independent duty to at least some of the

20   Libby claimants and that with respect to

21   the State of Montana, that's what I had in

22   mind.

23            Q.    You had in mind the

24   Montana's Supreme Court decision?
```

1           A.    Yes.

2           Q.    As you sit here today as a

3    representative of the estate, how do you

4    define independent conduct on the part of

5    the State of Montana?

6                 MS. HARDING:  Object to

7              form and object to the extent that

8              it calls for legal analysis and

9              legal conclusion.  I think it's an

10             improper question but -- and it's

11             overly broad.  To the extent you

12             can answer, go ahead.  And if you

13             can't answer, I would caution you

14             not to speculate, so...

15          A.    Conduct that, you know, for

16   which Grace has no liability and which is

17   not derivative of any Grace liability.

18          Q.    Let me follow up with:

19   What do you mean by derivative on the part

20   of Grace?

21                MS. HARDING:  Same

22             objection.

23          A.    I'm sure --

24                MS. HARDING:  I just want

```
 1            to object to the extent that it

 2            calls for a legal conclusion under

 3            Montana law so --

 4       A.    And I'll add I'm sure

 5  there's a better way to articulate it but

 6  I really don't have an explanation better

 7  at this point.

 8       Q.    And do you believe that it

 9  relates to what would be --

10       A.    Could you repeat the

11  question, please?

12       Q.    -- derivative under Montana

13  law?

14            MS. HARDING:  Can you just

15            restate the question, please?

16       Q.    Sure.  That was

17  inarticulate.  I apologize.

18       I was asking you what did you mean

19  by derivative liability and I believe your

20  answer was you couldn't articulate that.

21  Is that fair to say?

22       A.    Yes.  Sitting here, I

23  really don't feel comfortable trying to

24  articulate it.
```

1          Q.    If we wanted to find out

2    what derivative liability is, where would

3    you look?

4          A.    I would --

5               MS. HARDING:   Object to

6          form.

7          A.    I would want to conduct

8    some legal research on it.

9          Q.    Mr. Finke, I believe you

10   had testified earlier in the line of

11   questioning from Mr. Lewis as to the

12   benefits the Plan proponents received from

13   the channeling injunction and one of those

14   benefits you articulated to be it enabled

15   the debtors to apply uniform standards to

16   similar claims to avoid inequities of the

17   tort system.   Is that a fair

18   characterization of your earlier

19   testimony?

20         A.    Yes, that was one of the

21   reasons.

22         Q.    Okay.  Do you consider the

23   State of Montana's contribution and

24   indemnity claims similar to other claims

1    that would be funneled into this Trust?

2                    MS. HARDING:  Object to

3            form.

4            A.    Yes.

5            Q.    On what basis do you make

6    that answer, sir?

7                    MS. HARDING:  Object to the

8            extent it calls for a legal

9            conclusion or attorney-client

10           privilege or work product

11           communications.  To the extent that

12           it doesn't, you can try to

13           answer.

14           A.    To the extent that they

15   arise out of asbestos PI claims.

16           Q.    Is there any other basis

17   that you claim that the contribution and

18   indemnification claims of the State is

19   similar to other claims funneled into the

20   Trust?

21                   MS. HARDING:  Object to the

22           extent it calls for a legal

23           conclusion and analysis and --

24           A.    Not that I can think of.

```
 1                    MR. MANGAN:  Thank you, Mr.
 2           Finke.  That's all the questions I
 3           have right now.
 4                    MS. HARDING:  Is there
 5           somebody else on the phone that
 6           wanted to ask questions?
 7                    MR. DOWNEY:  Yes, this is
 8           Phil Downey on behalf of Scotts.
 9           Would I be next?
10                    MS. HARDING:  Yes, sure.
11   EXAMINATION BY
12   MR. DOWNEY:
13           Q.   Good afternoon, Mr. Finke.
14   My name is Phil Downey.  I'm counsel for
15   The Scotts Company.  Can you hear me
16   okay?
17           A.   Yes, I can.
18           Q.   Do you need to take a
19   break?  If not, we can press on.
20           A.   No, this is fine.
21           Q.   Most of my questions are
22   going to be on Section 5.12 of the Trust
23   Distribution Procedures and trying to get
24   some clarification on that.  Do you have
```

1    that document in front of you, sir?

2             A.    I'm looking for it.  Okay,

3    I have it.

4             Q.    And, for the record, so

5    it's identified, is that marked as a

6    particular exhibit?

7             A.    Yes, this is marked as

8    Finke Exhibit 7 and it's the Trust

9    Distribution Procedures which are Exhibit

10   4 to the Exhibit Book.

11            Q.    Okay.  And on page 47 is

12   where I understand we'll find Section

13   5.12.

14            A.    Correct.

15            Q.    And if you take a look at

16   the first paragraph there, that's where

17   most of my questions are going to be

18   derived.  Have you seen that before?

19            A.    Yes, I have.

20            Q.    And it defines there a term

21   called "insurance-related TDP claim" and

22   then it says "such a claim that is

23   channeled -- that is channeled to the PI

24   Trust shall be reviewed, processed and, if