# EXHIBIT 3(a)



UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
WASHINGTON, D.C. 20460

THE ADMINISTRATOR

## Determination and Findings of Public Health Emergency
## For the Libby Asbestos Site
## In Lincoln County, Montana

For the reasons summarized below, I have determined that conditions at the Libby Asbestos Site presented by the release and threatened release of amphibole asbestos constitute a public health emergency under Section 104(a)(4) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). I further find that no other person with the authority and capability to respond to the conditions at the Libby Asbestos Site will do so in a timely manner. For purposes of this Determination, the Libby Asbestos Site includes the towns of Libby and Troy in Lincoln County, Montana.

**What Constitutes the Public Health Emergency at the Libby Asbestos Site**

Asbestos is a hazardous substance. Amphibole asbestos has been released throughout the Libby Asbestos Site over many decades as a result of the operation of a vermiculite mine and associated facilities. The Libby Asbestos Site is unique with respect to the multiplicity of exposure routes, the cumulative exposures experienced by community members, and the adverse health effects from asbestos exposure already present and documented in the residents.

Investigations performed by the Agency for Toxic Substances and Disease Registry (ATSDR) have found hundreds of cases of asbestos-related disease in this relatively small community. ATSDR documented a disease and death rate from asbestosis in the Libby area significantly higher than the national average for the period from 1979-1998. The occurrences of disease are not limited to vermiculite-facility workers or their families, but are spread throughout the population. Medical care in Libby has historically been limited due to Libby's isolated location and economic situation, thus reducing the chance of early detection and treatment of asbestos-related disease.

**EPA's Actions at the Libby Asbestos Site**

EPA's cleanup efforts have greatly reduced exposure, but there still exists a continued significant threat to public health from actual and potential releases at the Site. Ongoing exposure is expected to increase both the severity and incidence of observed health effects. Even in the absence of additional exposure, however, pulmonary and

pleural health effects from this asbestos exposure can be expected to progress. Therefore, the incidence of observed health effects, as well as the severity of those health effects, may increase in the future.

**Asbestos Releases at the Site**

Residents of the Libby community have been exposed to asbestos from various sources, including asbestos in vermiculite, vermiculite processing wastes, uncontained vermiculite insulation, and soil containing vermiculite. The vermiculite mine wastes, as well as off-specification intermediate asbestos-containing material, were made available to the community and were widely distributed throughout southern Lincoln County, an area that encompasses the towns of Libby and Troy. The community used this asbestos-containing material as a soil amendment in residential yards and as fill for their driveways, gardens, and public areas, including recreational fields. Children in the community had access to and played on waste vermiculite piles. Many of the homeowners insulated their homes with asbestos-containing vermiculite insulation. These exposures are in addition to the significant exposures that occurred historically through association with vermiculite mine workers or as a result of working at the mine.

Soil in the Libby community was additionally contaminated by the atmospheric deposition of asbestos released from the vermiculite processing facilities in Libby, which were in close proximity to the homes in Libby. Soil also may have been contaminated by atmospheric redistribution of asbestos from the community's transportation and uses of the vermiculite mine wastes. Atmospheric deposition also would have contributed asbestos to indoor dust in residences and commercial buildings. Asbestos released to air was likely concentrated by Libby's unique topographical and meteorological situation. Libby is in a narrow valley surrounded by mountains that are 4,000 feet higher than the town, which in winter leads to persistent temperature inversions that have the effect of concentrating atmospheric contaminants, including asbestos, in the valley.

The major source of health risk is from the inhalation route of exposure. Historical, current and potential future environmental inhalation exposure pathways include the following:

1. Air in attic spaces and crawl spaces (resident, tradesperson)
2. Indoor air near breached walls (resident, tradesperson)
3. Indoor air where fibers are present in indoor dust (resident, tradesperson, commercial worker, student, teacher)
4. Outdoor air near highways and rail lines where asbestos material spillage occurred (tradesperson, resident)
5. Outdoor air near disturbed soil (resident, tradesperson, student, teacher, recreational visitor)
6. Outdoor ambient air (resident, commercial worker, tradesperson, student, teacher, recreational visitor)

Historical inhalation pathways included the following:

1. Vermiculite waste piles (children, resident, recreational visitor)
2. Association with vermiculite mine workers
3. Occupational exposure through employment at the mine.

**Statutory Basis**

I make this determination pursuant to Section 104(a)(4) of CERCLA, which provides the President with broad authority to respond to a release or threat of any release of any hazardous substance, if "...in the President's discretion, it constitutes a public health or environmental emergency and no other person with the authority and capability to respond to the emergency will do so in a timely manner."

The President's authority under CERCLA Section 104(a)(4) is delegated to the Administrator of the Environmental Protection Agency in Section 2(g) of Executive Order 12580, 52 Fed. Reg. 2923 (Jan 29, 1987).

Dated: June 17, 2009

Lisa P. Jackson,
Administrator.

3