IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 01-01139 (JKF)<br>Jointly Administered<br><br>**Related Docket No. 23031**<br><br>**Hearing Date: Sept. 8, 2009 at 11:00 a.m. (ET)**<br>**Objection Deadline: Sept. 1, 2009 at 4:00 p.m.  (ET)** |

### ARROWOOD'S OBJECTIONS TO LIBBY CLAIMANTS' CONFIRMATION HEARING EXHIBIT LIST [DKT. NO. 23031]

Arrowood[1] hereby objects to the exhibits identified by the Libby Claimants as their final confirmation hearing exhibits.  Arrowood attaches as Appendix 1 a chart that identifies Arrowood's objections to each exhibit.[2]  Many of the objections fall into the following eight categories:

　　　　1.　　Whitehouse Exhibits:  The Libby claimants offer Dr. Whitehouse as an expert to give the opinion that Libby Claimants suffer from a unique and different disease than any other claimants exposed to the same asbestos elsewhere in the United States.  After extensive briefing and argument, Judge Malloy entered an order barring Dr. Whitehouse from offering expert testimony as an epidemiologist after finding he was not qualified to do so.  *See United States v. W.R. Grace,* 9:05-cr-00007-DWM-1, dkt. no. 976, *Motion to Strike the Testimony of Dr. Alan C. Whitehouse* by W.R. Grace at 6-7 (D. Mont. March, 10, 2009).  Thereafter, this Court entered an

---

[1]　Arrowood Indemnity Company f/k/a Royal Indemnity Company ("Arrowood").

[2]　In June 2009, the Debtors entered into a settlement agreement with Arrowood and filed a motion with the Court seeking approval of this agreement.  Pursuant to Section III(J) of the Grace/Arrowood Settlement Agreement, the parties agreed that Arrowood would suspend prosecution of objections to the Plan pending entry of a final order approving the Settlement Agreement and that in the interim any filing deadlines shall be deemed to have been tolled.  In accordance with, and in express reliance on, this provision, Arrowood is not prosecuting objections to the Plan.  Under the Settlement Agreement, Arrowood reserved all rights to respond to positions that Objectors such as the Libby Claimants took that were contrary to the Settlement Agreement.

NY1:1790316.1

order striking Dr. Whitehouse from offering expert testimony other then as a treating physician in this proceeding based in part on his failure to produce records supporting his opinions. *See* Order Striking Dr. Whitehouse (Dkt. 21874). The Libby claimants moved for reconsideration and reconsideration was denied. *See* Order Denying Reconsideration (Dkt. 22820). Despite this Court's prior orders and the order of Judge Malloy, the Libby claimants have designated as hearing exhibits Dr. Whitehouse's reports and articles, as well as a number of charts that purport to present his epidemiological opinions. *See* LC-1, 2 (articles) 96, 97, 99-106 (reports), 8, 9, 10, 11, 12, 13, 14, 15, 16 (charts, spreadsheets and schedules). Among other things, these exhibits include print outs from databases which Dr. Whitehouse appears not to have produced. *See* LC-3, 4, 23, 24, 27 and 29.

These documents are inadmissible on ground including: Hearsay (FRE 801, 802), Lack of Foundation (FRE 602), Improper Opinion (FRE 701); Failure to Provide Complete Disclosure (Fed. R. Civ. P. 26(a)(2)(B)). The exhibits also include information that is not the type reasonably relied upon by experts in the field (FRE 703).

2. <u>Documents and Exhibits Related to Dr. Spear</u>: This Court heard and granted a motion in limine to bar Dr. Spear from testifying. *See* Plan Proponents' Joint Expedited Motion in Limine to Exclude the Expert Report and Testimony of Dr. Terry M. Spear [Dkt. 22178]; Joinder to Plan Proponents' Joint Expedited Motion in Limine to Exclude the Expert Report and Testimony of Dr. Terry M. Spear [Dkt. 22185], Hearsay (FRE 801, 802), Lack of Foundation (FRE 602). Given that Dr. Spear will not testify at confirmation hearing, there is no foundation for the admission of his expert report and other materials.

These documents are inadmissible on ground including: Hearsay (FRE 801, 802), Lack of Foundation (FRE 602). His report also contains information that is not the type reasonably relied upon by experts in the field (FRE 703).

3. <u>The Peipins Study</u>. The Libby Claimants have marked as an exhibit an article authored in 2003. *See* LC-251 (Peipins (2003)), Radiographic Abnormalities and Exposure to Asbestos Contaminated Vermiculite in the Community of Libby, Montana, USA, Env. Health Persp., 2003; 111:14, pp.1753-59). Judge Molloy excluded this article from the criminal trial after finding that it was prepared in an unreliable manner. In *United States v. W. R. Grace*, a Daubert hearing was held on January 21 and 22, 2009, and Judge Molloy's order was filed on February 10th, 2009. The order addressed the admissibility of the Agency for Toxic Substances and Disease Registry (ATSDR) report of a medical screening program in Libby, Montana. The report is referred to in the Order as either the ATSDR Study or the Peipins Study. Judge Molloy found the ASTDR/Peipins Study to be unreliable and ruled that it was inadmissible. *See United States v. W.R. Grace,* 597 F. Supp.2d 1143, 1149-50 (D. Mont. 2009)( "The ATSDR study is unreliable because participants were not randomly selected, the study lacked a control group, and most important, the authors of the study disavowed any goal of establishing a causal relationship between exposure to Libby amphibole and the incidence of asbestos-related disease"). The Peipins Study should be excluded on the same basis here.

4. <u>Unverified Expert Reports</u>: The Libby Claimants have marked as exhibits a number of unverified expert reports. *See* LC-58, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108 and111**.** Unverified expert reports are not admissible. *See Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989) (rejecting unverified expert report); *see also Scott v. Edinburg*, 346 F.3d 752 (7th Cir. 2003) (holding that unverified expert report is not admissible).

These exhibits constitute inadmissible hearsay under FRE 801 and 802 and should not be admitted. Arrowood does not object to their use for illustrative purposes during the examination of witnesses.

5. <u>EPA, NOISH and ATS Reports</u>. The Libby Claimants have marked a number of EPA, NOISH and ATS reports. *See* LC-48, 49, 50, 51, 52, 53, 54, 54a, 55, 56, 204, 205, 206, 207, 208, 219, 220. No witnesses from EPA, NOISH or ATS will testify at the confirmation hearing. Nor did any witnesses from these entities testify during discovery. Absent testimony from these entities or the authors of the reports, there is no foundation for the admission of the reports which constitute inadmissible hearsay.

6. <u>Discovery Responses</u>: The Libby Claimant have identified in mass all of the discovery responses provided by all parties in the case irrespective of their content or subject matter. *See* LC-88. The bulk of the discovery responses lack relevance to the issues to be heard in this confirmation hearing. To the extent that discovery responses are otherwise admissible, they are only admissible as against the answering party and not third parties. This is a multi-party confirmation hearing and the rulings will apply to more than just the Debtors. It is improper to admit these discovery responses against other parties to the confirmation hearing.

7. <u>Articles</u>: The Libby Claimants have designated a large number of articles as exhibits. *See* LC-112, 113, 114, 115, 200, 201, 202, 203, 211, 212, 213, 214, 215, 216, 217, 218, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 127, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268 and 269. No foundation has been laid for the bulk of these articles which constitute inadmissible hearsay. *See Needham v. White*

*Laboratories, Inc.,* 639 F.2d 394 (7th Cir. 1981) (rejecting use of articles where party failed to lay a proper foundation as to the admissibility of the articles).[3]

8. Demonstrative Exhibits:  The Libby Claimants have identified as exhibits a number of demonstrative exhibits.  *See* LC-45, 46, 47.  Demonstrative exhibits are not generally admissible.  Only the testimony illustrated in the demonstrative exhibit is admissible.  *See GNB Battery Technologies v. Exide Corp.,* 876 F. Supp. 582, 604 (D. Del. 1995) ("trial court has the discretion to allow the parties to show to the jury charts and other visual aids that summarize or organize testimony or documents that have already been admitted in evidence. . . .Such aids are not themselves evidence and, absent the consent of all parties, should not be sent to the juryroom . . . They are more "akin to argument than evidence.") (internal citations omitted).  *Pierce v. Ramsey Winch Co.*, 753 F.2d 416, 431 (5th Cir. 1985)  ("A trial court also has the discretion to permit the parties to show to the jury charts and other visual aids that summarize or organize testimony or documents that have already been admitted in evidence. Charts of this nature are not themselves evidence and, absent the consent of all parties, they should not be sent to the jury room with the other exhibits. . . .We have made clear . . . that the district court does not err in informing the jury that pedagogical charts are not evidence or in refusing to send them to the juryroom.") (internal citations omitted).  Arrowood generally does not have an objection to the

---

[3] In the event and only in the event that Arrowood's settlement is not approved and its reservation were deemed ineffective, Arrowood fully preserves all objections stated in Royal's Preliminary Objections to Debtors' Joint Plan of Reorganization (Dk. 20450); Arrowood Indemnity Company, f/k/a Royal Indemnity Company's Objections to Debtors' Amended Joint Plan of Reorganization (Dk. 21814); Arrowood's Phase II Objections to the Non-Debtor Release and Exculpation Provisions and the Injunction Impairing its Rights of Contribution, Subrogation and Reimbursement that are Contained in the Amended Joint Plan of Reorganization (Dk. 21815); Arrowood's Phase I Trial Brief Objecting to the Amended Joint Plan's Non-Debtor Release and Exculpation Provisions and the Injunction that Impairs Arrowood's Rights of Contribution, Subrogation and Reimbursement (Dk. 21945); Arrowood's Phase I Trial Brief Objecting to the Plan Proponents' First Amended Joint Plan of Reorganization (Dk. 21946); Arrowood's deposition Designations and Offer of Exhibits, and joins and incorporates by reference objections filed by General, Travelers, CNA and Maryland Casualty to the extent not conflicting.

use of demonstrative exhibits to illustrate the testimony of a witness if the testimony itself is otherwise admissible.

*    *    *

Arrowood further objects to any exhibits that have not been individually designated and identified. Arrowood reserves the right to supplement and modify these objections and to join any other party's objections.

## CONCLUSION

WHEREFORE, for the reasons explained above, Arrowood respectfully objects to each of the exhibits identified on Appendix 1.

Dated: September 1, 2009
       Wilmington, Delaware

By: /s/ Garvan F. McDaniel
Garvan F. McDaniel, Esq. (#4167)
BIFFERATO GENTILOTTI LLC
800 N. King Street, Plaza Level
Wilmington, DE 19801
Telephone: (302) 429-1900
Facsimile: (302) 429-8600

-and-

Carl J. Pernicone, Esq.
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, NY 10017-5639
Telephone: (212) 490-3000

-and-

Tancred Schiavoni, Esq.
O'MELVENY & MYERS LLP
7 Times Square
New York, New York
Telephone: (212) 326-2267

*Counsel to Arrowood Indemnity Company, f/k/a Royal Indemnity Company*

NY1:1790316.1

5