## SCHEDULE A
## OBJECTIONS TO PLAN PROPONENTS' PHASE II TRIAL EXHIBITS

| Tr. Ex. | Description | Basis of Objection |
|---|---|---|
| PP 002 | Rule 1006 Summary of Data Extracted from Grace's Historical Asbestos PI Claims Database | <u>Not Produced</u>: Document has not been produced to Objecting Parties. <u>Lacks Foundation</u>: Plan Proponents have proffered no information providing foundation for use of this trial exhibit. <u>Reservation of Rights</u>: All other rights reserved pending production |
| PP 009 | Rule 1006 Summary of Exemplar Asbestos Personal Injury Complaints Naming Sealed Air and/or Fresenius as a Defendant | <u>Not Produced</u>: Document has not been produced to Objecting Parties. <u>Lacks Foundation</u>: Plan Proponents have proffered no information providing foundation for use of this trial exhibit. <u>Reservation of Rights</u>: All other rights reserved pending production |
| PP 011 | Demonstrative Timelines and Other Historical Information Regarding Case History | <u>Not Produced</u>: Document has not been produced to Objecting Parties. <u>Lacks Foundation</u>: Plan Proponents have proffered no information providing foundation for use of this trial exhibit. <u>Reservation of Rights</u>: All other rights reserved pending production |
| PP 013 | Rule 1006 Summary of Proofs of Claim of Non-Libby Claimants Filed in Chapter 11 Case with Respect to Non-Products/Premises Claims | <u>Not Produced</u>: Document has not been produced to Objecting Parties. <u>Lacks Foundation</u>: Plan Proponents have proffered no information providing foundation for use of this trial exhibit. <u>Reservation of Rights</u>: All other rights reserved pending production |
| PP 014 | Chart of Non-Libby Claimants Resolved Claims with Respect to Non-Products/Premises Claims | <u>Not Produced</u>: Document has not been produced to Objecting Parties. <u>Lacks Foundation</u>: Plan Proponents have proffered no information providing foundation for use of this trial exhibit. <u>Reservation of Rights</u>: All other rights reserved pending production |
| PP 031 | 1988 Manville Trust Claims Resolution Procedures | <u>Relevance</u>: Not relevant as to the Objecting Parties. <u>Hearsay</u>: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 065 | Memorandum from J. Hughes to R.H. Beber re Possible Class Action Settlement for Future Asbestos Bodily Injury Claims | <u>Relevance</u>: Not relevant as to the Objecting Parties. <u>Hearsay</u>: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 066 | 1995 Manville TDP (Trust Distribution Process) | <u>Relevance</u>: Not relevant as to the Objecting Parties. <u>Hearsay</u>: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 078 | Letter from J. Restivo to S. Krouskos re examination of Company's financial statements as of 12/31/95 (Jan. 17, 1996) | <u>Relevance</u>: Not relevant as to the Objecting Parties. <u>Hearsay</u>: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

\* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| Tr. Ex. | Description | Basis of Objection |
|---------|-------------|--------------------|
| PP 090 | Letter from Hughes to Quinn re: Settlement | Relevance: Not relevant as to the Objecting Parties.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 094 | Letter from Hughes to McCabe re: Settlement | Relevance: Not relevant as to the Objecting Parties.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 095 | Letter from J. Hughes to E. McCabe re Baron & Budd cases settling for $50 million | Relevance: Not relevant as to the Objecting Parties.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 112 | Letter from Hughes to McCabe re: Mississippi settlements | Relevance: Not relevant as to the Objecting Parties.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 117 | Deposition Transcript (Vol. 1 of 2) of Dr. David Prouty in Jerry Dell Davis, et al., v. Able Supply Company, et al. | Relevance: Not relevant as to Objecting Parties.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception as to Objecting Parties. |
| PP 118 | Deposition Transcript (Vol. 2 of 2) of Dr. David Prouty in Jerry Dell Davis, et al., v. Able Supply Company, et al. | Relevance: Not relevant as to Objecting Parties.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception as to Objecting Parties. |
| PP 122 | Letter from J. Hughes to E. McCabe re settlement of all asbestos personal injury claims involving Reaud, Morgan & Quinn clients for $80 million | Relevance: Not relevant as to the Objecting Parties.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 137 | 2002 Manville TDP (Trust Distribution Process) | Relevance: Not relevant as to the Objecting Parties.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 140 | Letter from David Bernick to Hon. Alfred Wolin detailing case history | Relevance: Not relevant as to Objecting Parties.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

\* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

**SCHEDULE A**
**OBJECTIONS TO PLAN PROPONENTS' PHASE II TRIAL EXHIBITS**

| Tr. Ex. | Description | Basis of Objection |
|---------|-------------|--------------------|
| PP 141 | Babcock & Wilcox TDP | <u>Untimely</u>: Trial exhibit initially served on August 27, 2009 without explanation of cause for delay.<br><u>Relevance</u>: Not relevant as to the Objecting Parties.<br><u>Hearsay</u>: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 146 | Expert Report of Craig A. Molgaard, Ph.D., M.P.H. in Sapp v. Natural Balance | <u>Relevance</u>: Not relevant as to the Objecting Parties.<br><u>Hearsay</u>: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 156 | Whitehouse Deposition Transcript (from Estimation case) | <u>Relevance</u>: Not relevant as to Objecting Parties.<br><u>Hearsay</u>: Certain statements contained in this document are hearsay not subject to any demonstrated exception as to Objecting Parties. |
| PP 157 | Whitehouse Deposition Transcript (from Estimation case) | <u>Relevance</u>: Not relevant as to Objecting Parties.<br><u>Hearsay</u>: Certain statements contained in this document are hearsay not subject to any demonstrated exception as to Objecting Parties. |
| PP 165 | Expert Report of Laura S. Welch | <u>Relevance</u>: Not relevant as to Objecting Parties.<br><u>Hearsay</u>: Certain statements contained in this document are hearsay not subject to any demonstrated exception as to Objecting Parties. |
| PP 167 | Expert Report of Dr. Arthur Frank | <u>Relevance</u>: Not relevant as to Objecting Parties.<br><u>Hearsay</u>: Certain statements contained in this document are hearsay not subject to any demonstrated exception as to Objecting Parties. |
| PP 168 | Expert Report of William E. Longo entitled: W.R. Grace Asbestos-Containing Construction Products: A Review of Asbestos Types, Source and Libby Vermiculite | <u>Relevance</u>: Not relevant as to Objecting Parties.<br><u>Hearsay</u>: Certain statements contained in this document are hearsay not subject to any demonstrated exception as to Objecting Parties. |
| PP 169 | Whitehouse Expert Report | <u>Relevance</u>: Not relevant as to Objecting Parties.<br><u>Hearsay</u>: Certain statements contained in this document are hearsay not subject to any demonstrated exception as to Objecting Parties. |
| PP 170 | Expert Report of Dr. Terry Spear | <u>Relevance</u>: Not relevant as to Objecting Parties.<br><u>Hearsay</u>: Certain statements contained in this document are hearsay not subject to any demonstrated exception as to Objecting Parties. |

* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| Tr. Ex. | Description | Basis of Objection |
|---|---|---|
| PP 171 | Rebuttal Report of Daniel A. Henry, M.D. in Response to Expert Report of Alan C. Whitehouse, M.D. | Relevance:  Not relevant as to Objecting Parties.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception as to Objecting Parties. |
| PP 174 | Demonstrative Exhibits to be Used During Dr. Welch's Testimony | Not Produced:  Document has not been produced to Objecting Parties.<br>Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Reservation of Rights:  All other rights reserved pending production |
| PP 176 | Demonstrative Exhibits to be Used During Longo's Testimony | Not Produced:  Document has not been produced to Objecting Parties.<br>Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Reservation of Rights:  All other rights reserved pending production |
| PP 178 | Demonstrative Exhibits and Summaries to be Used During Dr. Peterson's Testimony | Not Produced:  Document has not been produced to Objecting Parties.<br>Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Reservation of Rights:  All other rights reserved pending production |
| PP 181 | PowerPoint Slides re Lincoln County, MT | Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Relevance:  Not relevant as to Objecting Parties.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 182 | Flow Chart entitled:  Steps in the Scientific Method | Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Relevance:  Not relevant as to Objecting Parties.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 183 | Flow Chart entitled:  Steps in the Scientific Method (with handwritten notations) | Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Relevance:  Not relevant as to Objecting Parties.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| Tr. Ex. | Description | Basis of Objection |
|---|---|---|
| PP 184 | Handwritten Chart re Comparison of CARD Mortality to Markowitz | Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Relevance:  Not relevant as to Objecting Parties.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 185 | Feasibility Exhibits to be Identified at Close of Feasibility Discovery | Not Produced:  Document has not been produced to Objecting Parties.<br>Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Reservation of Rights:  All other rights reserved pending production |
| PP 186 | Demonstrative Exhibits to be Used During Pamela Zilly's Testimony | Not Produced:  Document has not been produced to Objecting Parties.<br>Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Reservation of Rights:  All other rights reserved pending production |
| PP 187 | Demonstrative Exhibits to be Used During Denise Martin's Testimony | Not Produced:  Document has not been produced to Objecting Parties.<br>Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Reservation of Rights:  All other rights reserved pending production |
| PP 188 | Demonstrative Exhibits to be Used During Thomas Florence's Testimony | Not Produced:  Document has not been produced to Objecting Parties.<br>Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Reservation of Rights:  All other rights reserved pending production |
| PP 189 | Demonstrative Exhibits to be Used During Daniel Henry's Testimony | Not Produced:  Document has not been produced to Objecting Parties.<br>Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Reservation of Rights:  All other rights reserved pending production |
| PP 190 | Demonstrative Exhibits to be Used During Suresh Moolgavkar's Testimony | Not Produced:  Document has not been produced to Objecting Parties.<br>Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Reservation of Rights:  All other rights reserved pending production |

\* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| *Tr. Ex.* | *Description* | *Basis of Objection* |
|---|---|---|
| PP 191 | Demonstrative Exhibits to be Used During Howard Ory's Testimony | Not Produced:  Document has not been produced to Objecting Parties.<br>Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Reservation of Rights:  All other rights reserved pending production |
| PP 192 | Demonstrative Exhibits to be Used During John Parker's Testimony | Not Produced:  Document has not been produced to Objecting Parties.<br>Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Reservation of Rights:  All other rights reserved pending production |
| PP 193 | Demonstrative Exhibits to be Used During David Weill's Testimony | Not Produced:  Document has not been produced to Objecting Parties.<br>Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Reservation of Rights:  All other rights reserved pending production |
| PP 199 | Peterson Estimation Expert Report: Projected Liabilities for Asbestos Personal Injury Claims as of April 2001 (June 2007, revised January 2009) | Untimely:  Replacement trial exhibit served on August 30, 2009 without explanation of cause for delay.<br>Relevance:  Not relevant as to Objecting Parties.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 200 | Expert Rebuttal Report of Laura S. Welch | Relevance:  Not relevant as to the Objecting Parties.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 201 | Expert Rebuttal Report of Mark A. Peterson (Revised) | Relevance:  Not relevant as to the Objecting Parties.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 202 | U.S. v. Grace, et al., Criminal Trial Transcript (morning session) | Relevance:  Not relevant as to the Objecting Parties.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 203 | U.S. v. Grace, et al., Criminal Trial Transcript (afternoon session) | Relevance:  Not relevant as to the Objecting Parties.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 204 | Supplemental Expert Report of Dr. Arthur Frank | Relevance:  Not relevant as to the Objecting Parties.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| Tr. Ex. | Description | Basis of Objection |
|---------|-------------|--------------------|
| PP 205 | Peterson Trust Expert Report: Preliminary Expert Report on W.R. Grace Trust | <u>Untimely</u>:  Replacement trial exhibit served on August 30, 2009 without explanation of cause for delay.<br><u>Relevance</u>:  Not relevant as to the Objecting Parties.<br><u>Hearsay</u>:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 206 | Notice of Filing and Expert Report of Denise Neumann Martin | <u>Relevance</u>:  Not relevant as to the Objecting Parties.<br><u>Hearsay</u>:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 208 | Expert Report of Denise Neumann Martin Ex. 2 – Counts of Class 7B Property Damage Claims Filed During the Bankruptcy By Submitting Law Firm | <u>Relevance</u>:  Not relevant as to the Objecting Parties.<br><u>Hearsay</u>:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 209 | Expert Report of Denise Neumann Martin Ex. 3 – Counts of Class 7B Property Damage Claims Filed During the Bankruptcy By Building State | <u>Relevance</u>:  Not relevant as to the Objecting Parties.<br><u>Hearsay</u>:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 210 | Expert Report of Denise Neumann Martin Ex. 4 – Counts of Class 7A Property Damage Claims Filed During the Bankruptcy By Law Firm and Counsel State | <u>Relevance</u>:  Not relevant as to the Objecting Parties.<br><u>Hearsay</u>:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 211 | Expert Report of Denise Neumann Martin Ex. 5 – Counts of Class 7A Property Damages Claims Filed During the Bankruptcy By Location of Property | <u>Relevance</u>:  Not relevant as to the Objecting Parties.<br><u>Hearsay</u>:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 212 | Expert Report of Denise Neumann Martin Ex. 6 – Summary of SEC 10K Disclosures of Asbestos-Related Property Damage Liability | <u>Relevance</u>:  Not relevant as to the Objecting Parties.<br><u>Hearsay</u>:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 213 | Whitehouse Deposition Transcript (from Confirmation case) | <u>Relevance</u>:  Not relevant as to the Objecting Parties.<br><u>Hearsay</u>:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

\* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| Tr. Ex. | Description | Basis of Objection |
|---------|-------------|-------------------|
| PP 214 | E-mail from S. Hammar to B. Bailor enclosing Libby, Montana Asbestos Expert Report | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 215 | Rebuttal Report of B. Thomas Florence, PhD to the Expert Report of Dr. Alan Whitehouse | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 216 | Rebuttal Report of Suresh H. Moolgavkar, M.D., Ph.D. | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 217 | Rebuttal Expert Report of Dr. Howard Ory | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 218 | Rebuttal Report of Dr. John Parker | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 219 | Rebuttal Report of David Weill | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 222 | Whitehouse Expert Report: Sur-Rebuttal and Supplemental Expert Report | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 223 | Sur-Rebuttal and Supplemental Expert Report of Dr. Arthur L. Frank | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 224 | Response of Dr. Frank and Dr. Whitehouse to Report of the ACC's Dr. L. Welch March 2009 | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 225 | Response of Dr. Frank and Dr. Whitehouse to the ACC's Dr. G. Friedman, 4/6/09 | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| Tr. Ex. | Description | Basis of Objection |
|---------|-------------|--------------------|
| PP 226 | Response of Dr. Frank and Dr. Whitehouse to Report of the ACC's Dr. G. Stockman, 4/6/09 | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 227 | Expert Report of Pamela Zilly in Rebuttal to the Expert Report of H. Sean Mathis | Relevance: Mr. Mathis will not testify at Phase II of the Confirmation Hearing. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 228 | Charts attached to the Expert Report of Pamela Zilly in Rebuttal to the Expert Report of H. Sean Mathis | Relevance: Mr. Mathis will not testify at Phase II of the Confirmation Hearing. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 229 | Sur-Rebuttal and Supplemental Expert Report by Dr. Alan C. Whitehouse | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 230 | Sur-Rebuttal Report of Craig Molgaard (Epidemiology) | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 233 | Frank Deposition Transcript | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 236 | Whitehouse Deposition Transcript (from Confirmation case) | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 237 | Molgaard Deposition Transcript | Relevance: Not relevant as to the Objecting Parties. Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

**SCHEDULE A**
**OBJECTIONS TO PLAN PROPONENTS' PHASE II TRIAL EXHIBITS**

| Tr. Ex. | Description | Basis of Objection |
|---|---|---|
| PP 238 | Letter from Michael Brown (OneBeacon) to David Rosenbloom re: In re W.R. Grace & Co., et al., U.S. Bankruptcy Court for the District of Delaware, Bankr. Case No. 01-1139, and The Scotts Company v. American Employers Ins. Co., et al., Adv. No. 04-55083 (July 8, 2009) | Completeness:  Document proffered is missing exhibits to letter. |
| PP 239 | Letter from Michael Brown (Seaton) to David Rosenbloom re: In re W.R. Grace & Co., et al., U.S. Bankruptcy Court for the District of Delaware, Bankr. Case No. 01-1139, The Scotts Company v. American Employers Ins. Co., et al., Adv. No. 04-55083, and anticipated coverage litigation to be brought by Kaneb Pipe Line Operating Partners L.P. and Support Terminal Services, Inc. (July 8, 2009) | Completeness:  Document proffered is missing exhibits to letter. |
| PP 240 | Letter from Michael Brown to Gregory St. Clair and David Turetsky re: In re W.R. Grace & Co., et al., U.S. Bankruptcy Court for the District of Delaware, Bankr. Case No. 01-1139, and anticipated coverage litigation to be brought by Kaneb Pipe Line Operating Partners L.P. and Support Terminal Services, Inc. (July 8, 2009) | Confidentiality:  Proffered document improperly withheld.<br>Completeness:  To the extent the document is proffered without exhibits, the document is incomplete. |
| PP 241 | FILED UNDER SEAL – Feasibility Report of Pamela D. Zilly and attached chart re Claims Breakout | Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

---

\* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| Tr. Ex. | Description | Basis of Objection |
|---|---|---|
| PP 242 | Todd Maynes Declaration | Hearsay:  This document is hearsay not subject to any demonstrated exception.<br>Legal Opinion:  This document contains improper legal opinion.<br>Best Evidence:  This document violates the Best Evidence Rule.<br>Lacks Foundation:  Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Untimely Expert Opinion:  This declaration constitutes an untimely expert report, not previously disclosed to the Objecting Parties as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure and the Second Amended Case Management Order Related to the First Amended Joint Plan of Reorganization (D.I. 20622).<br>Incomplete Expert Report:  This declaration constitutes an incomplete expert report, which does not contain the disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. |
| PP 244 | W.R. Grace & Company's Informational Brief and the exhibits thereto | Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 245 | Affidavit of H. Katherine White in Support of Debtors' Motion for Preliminary Injunction (Dkt. 36; Adv. 01-771) | Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 246 | Order Granting Modified Preliminary Injunction (Dkt. 87; Adv. 01-771) | Relevance:  Order not relevant for any purpose.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 249 | Motion for an Order Approving, Authorizing And Implementing Settlement By And Among Plaintiffs, The Official Committee of Asbestos Property Damage Claimants, Debtors, And The Official Committee Of Asbestos Personal Injury Claimants, And Defendants, Fresenius Medical Care Holdings, Inc. and National Medical Care, Inc. (Dkt. No. 16; Adv. 02-2211) | Relevance:  Not relevant for any purpose.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

\* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| Tr. Ex. | Description | Basis of Objection |
|---|---|---|
| PP 250 | Status Report Pursuant to This Court's Order Dated March 31, 2003 (Dkt. No. 3688) | Relevance: Not relevant for any purpose.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception.<br>Best Evidence: This document violates the Best Evidence Rule. |
| PP 251 | Order Authorizing, Approving and Implementing Settlement Agreement By and Among Plaintiffs The Official Committee of Asbestos Property Damage Claimants and The Official Committee of Asbestos Personal Injury Claimants, The Debtors, and Defendants Fresenius Medical Care Holdings, Inc. and National Medical Care, Inc. (Dkt. No. 19; Adv. 02-2211) | Relevance: Order not relevant for any purpose and not binding on Objecting Parties.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 252 | Settlement Agreement and Release re Sealed Air (Dkt. No. 597; Adv. 02-2210 | Relevance: Not relevant for any purpose.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 253 | Motion For An Order Approving, Authorizing, And Implementing Settlement Agreement with Sealed Air (Dkt. 597; Adv. 02-2210) | Relevance: Not relevant for any purpose.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 254 | W.R. Grace's Status Report (Dkt. No. 5858) | Relevance: Not relevant for any purpose.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception.<br>Best Evidence: This document violates the Best Evidence Rule. |
| PP 255 | Renewed Motion For An Order Approving, Authorizing And Implementing Settlement Agreement with Sealed Air (Dkt. 729; Adv. 02-2210) | Relevance: Not relevant for any purpose.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 256 | Debtors' Response To Renewed Motion For An Order Approving, Authorizing And Implementing Settlement Agreement with Sealed Air (Dkt. No. 738; Adv. 02-2210) | Relevance: Not relevant for any purpose.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

\* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| Tr. Ex. | Description | Basis of Objection |
|---------|-------------|--------------------|
| PP 257 | Order Approving, Authorizing, and Implementing Settlement Agreement By and Among The Plaintiffs, Sealed Air Corporation and Cryovac, Inc. (Dkt. 751; Adv. 02-2210) | Relevance: Order not relevant for any purpose and not binding on Objecting Parties. <br> Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 259 | Debtors' Tenth Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Extending Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and to Solicit Votes Thereon (Dkt. 16083) | Relevance: Not relevant for any purpose. <br> Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 260 | Debtors' Limited Reply to Objections to Tenth Motion for and Order Extending Debtors' Exclusive Periods (Dkt. 16297) | Relevance: Not relevant for any purpose. <br> Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 263 | Official Committee of Equity Security Holders' Memorandum in Support of Debtors' Motion to Exclude Certain Expert Opinions Relating to Current and Future Asbestos Personal Injury Liability (Dkt. 17577) | Relevance: Not relevant for any purpose. <br> Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 264 | Grace's Motion to Exclude Expert Opinions in Connection with the Estimation of Its Current and Future Asbestos Personal Injury Liability (Dkt. 17585) | Relevance: Not relevant for any purpose. <br> Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 265 | Grace's Memorandum in Support of Its Motion to Exclude Expert Opinions in Connection with the Estimation of Its Current and Future Asbestos Personal Injury Liability (Dkt. 17586) | Relevance: Not relevant for any purpose. <br> Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| Tr. Ex. | Description | Basis of Objection |
|---------|-------------|--------------------|
| PP 266 | FILED UNDER SEAL – The Official Committee of Asbestos Personal Injury Claimants' Omnibus Motion to Exclude or Limit Testimony Pursuant to Daubert and Rules 702 and 703 of the Federal Rules of Evidence (Dkt. 17584) | <u>Relevance</u>:  Not relevant for any purpose.<br><u>Hearsay</u>:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 267 | The Official Committee of Asbestos Personal Injury Claimants' Response to Grace and the Equity Committee's Motions to Exclude or Limit Expert Testimony (Dkt. 17694) | <u>Relevance</u>:  Not relevant for any purpose.<br><u>Hearsay</u>:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 268 | Future Claimants' Representative's Opposition to Motions of W.R. Grace and Official Committee of Equity Security Holders to Exclude Expert Opinions in Connection with the Estimation of Grace's Current and Future Asbestos Personal Injury Liability (Dkt. 17697) | <u>Relevance</u>:  Not relevant for any purpose.<br><u>Hearsay</u>:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 269 | Grace's Memorandum in Opposition to Claimants' Motion to Exclude Expert Testimony and Exhibits to Memorandum (Dkt. No. 17695) | <u>Relevance</u>:  Not relevant for any purpose.<br><u>Hearsay</u>:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 270 | Reply Memorandum in Support of Grace's Motion to Exclude Expert Opinions in Connection with the Estimation of Its Current and Future Asbestos Personal Injury Liability (Dkt. 17779) | <u>Relevance</u>:  Not relevant for any purpose.<br><u>Hearsay</u>:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| *Tr. Ex.* | *Description* | *Basis of Objection* |
|---|---|---|
| PP 271 | Debtors' Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements dated as of May 14, 1998 and May 5, 1999 including exhibits A) Proof of Claim with Respect to the 1998 Credit Agreement; B) Proof of Claim with Respect to the 1999 Credit Agreement; C) Proposed Asbestos Settlement; D) Bench Ruling by Judge Gerber from In re Adelphia Communications; E) Bench Ruling by Judge Drain from In re Loral Space & Communications Ltd (Dkt. 18922) | Relevance:  Not relevant for any purpose.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 273 | Declaration of Robert M. Tarola in Support of Debtors' Objection to the Unsecured Claims Asserted Under the Debtors' Credit Agreements dated May 14, 1998 and May 5, 1999 (Dkt. 19323) | Relevance:  Not relevant as to Objecting Parties.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 274 | Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of W.R. Grace & Co., et al., the Official Committee of Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders dated as of September 19, 2008 (Dkt. 19579) | Relevance:  Document not relevant for any purpose.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

\* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| Tr. Ex. | Description | Basis of Objection |
|---|---|---|
| PP 276 | Debtors' Disclosure Statement For The First Amended Joint Plan of Reorganization Under Chapter 11 of The Bankruptcy Code of W.R. Grace & Co., et al., The Official Committee of Asbestos Personal Injury Claimants, The Asbestos PI Future Claimants' Representative, and The Official Committee of Equity Security Holders Dates as of February 27, 2009 (Dkt. No. 20873) | Relevance: Not relevant for any purpose.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 277.05 | Exhibit 5 to Exhibit Book: Schedule of Settled Asbestos Insurers Entitled to 524(g) Protection | Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception.<br>Lacks Foundation: Plan Proponents have proffered no information providing foundation for use of this trial exhibit.<br>Best Evidence: This document violates the Best Evidence Rule. |
| PP 277.13 | Exhibit 13 to Exhibit Book: Fresenius Settlement Agreement | Relevance: Not relevant for any purpose.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 277.14 | Exhibit 14 to Exhibit Book: Fresenius Settlement Order | Relevance: Order not relevant for any purpose and not binding on Objecting Parties.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 277.19 | Exhibit 19 to Exhibit Book: Retained Causes of Action | Relevance: Not relevant for any purpose.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception.<br>Vague: Certain information contained in this document is vague, ambiguous and unintelligible. |
| PP 277.22 | Exhibit 22 to Exhibit Book: Sealed Air Settlement Agreement | Relevance: Not relevant for any purpose.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

\* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| Tr. Ex. | Description | Basis of Objection |
|---------|-------------|--------------------|
| PP 277.23 | Exhibit 23 to Exhibit Book: Sealed Air Settlement Order | Relevance: Order not relevant for any purpose and not binding on Objecting Parties.<br>Hearsay: Certain statements contained in this document are hearsay not subject to any demonstrated exception. |
| PP 282 | Declaration of Mark A. Shelnitz (Dkt. 22279) | Relevance: Not relevant as to Objecting Parties.<br>Hearsay: Certain statements contained in this letter are hearsay not subject to any demonstrated exception.<br>Legal Opinion: This document contains improper legal opinion.<br>Best Evidence: This document violates the Best Evidence Rule. |
| PP 283 | Letter from Max Holmes to Lewis Kruger (Nov. 12, 2004) | Untimely: Trial exhibit initially served on August 30, 2009 without explanation of cause for delay.<br>Relevance: Not relevant as to Objecting Parties.<br>Hearsay: Certain statements contained in this letter are hearsay not subject to any demonstrated exception. |
| PP 284 | E-mail from Arlene G. Krieger to Mark Shelnitz, copied to Lewis Kruger (Apr. 4, 2008) | Untimely: Trial exhibit initially served on August 30, 2009 without explanation of cause for delay.<br>Relevance: Not relevant as to Objecting Parties.<br>Hearsay: Certain statements contained in this letter are hearsay not subject to any demonstrated exception. |
| PP 285 | Letter from Lewis Kruger to Janet S. Baer, countersigned by Janet S. Baer (Jan. 12, 2005) | Untimely: Trial exhibit initially served on August 30, 2009 without explanation of cause for delay.<br>Relevance: Not relevant as to Objecting Parties.<br>Hearsay: Certain statements contained in this letter are hearsay not subject to any demonstrated exception. |
| PP 286 | Letter from Lewis Kruger to Janet S. Baer (Feb. 27, 2006) | Untimely: Trial exhibit initially served on August 30, 2009 without explanation of cause for delay.<br>Relevance: Not relevant as to Objecting Parties.<br>Hearsay: Certain statements contained in this letter are hearsay not subject to any demonstrated exception. |

* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.

| Tr. Ex. | Description | Basis of Objection |
|---|---|---|
| PP 287 | United States Gypsum TDP | Untimely:  Trial exhibit initially served on August 28, 2009 without explanation of cause for delay.<br>Relevance:  Not relevant as to the Objecting Parties.<br>Hearsay:  Certain statements contained in this document are hearsay not subject to any demonstrated exception. |

\* The "Objecting Parties" are Government Employees Insurance Company, Republic Insurance Company, Seaton Insurance Company, and OneBeacon America Insurance Company.