IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JFK) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: TBD**<br>**Objection Deadline: TBD**<br>**Ref. Nos. 20591 & 20593** |

## LIBBY CLAIMANTS' MOTION TO COMPEL DISCOVERY OF COVERAGE CORRESPONDENCE FROM THE PLAN PROPONENTS, CNA, AND MARYLAND CASUALTY COMPANY

The claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move the Court to compel the Plan Proponents, CNA, and Maryland Casualty Company ("MCC") to produce coverage correspondence responsive to the Libby Claimants' discovery requests. For the reasons set forth herein, the Court should grant the Libby Claimants' motion and order the Plan Proponents, CNA, and MCC to produce coverage correspondence relating directly to W.R. Grace's insurance coverage for claims arising in Libby, Montana.

On or about January 23, 2009, the Libby Claimants submitted discovery requests to the Plan Proponents, CNA, and MCC, seeking copies of any written communications between W.R. Grace and the insurers regarding insurance coverage applicable to the claims which have been asserted by the Libby Claimants.[2] During the deposition of Jeff Posner, who was primarily responsible for

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 22784], as it may be amended and restated from time to time.

[2] The applicable discovery requests and the responses thereto, which are attached hereto as Exhibit "A," include (1) BNSF's Request for Production No. 12, in which the Libby Claimants joined, (2) Vern Byington's First Request to CNA for Production of Documents, and (3) Kirk A. White's First Request to MCC for Production of Documents.

{393.001-W0002551.}

procuring insurance coverage on behalf of W.R. Grace for many years, the Libby Claimants learned that W.R. Grace made specific demands for insurance coverage for asbestos injury claims arising in Libby from both CNA and MCC. In particular, Mr. Posner acknowledged he demanded employer's liability coverage for claims brought by Grace employees in Libby from both MCC and CNA. Jeff Posner depo, pp. 166-70. (Relevant excerpts from the transcript of Mr. Posner's deposition are attached hereto as Exhibit "B" for the Court's reference). Mr. Posner also testified he demanded coverage for non-employee claims arising in Libby from CNA. Jeff Posner depo, pp. 189-91. These Libby specific coverage demands, as well as the insurer's responses, were set forth in writing. Jeff Posner depo, p. 169.

During Mr. Posner's deposition, counsel for the Libby Claimants requested copies of the coverage correspondence to which Mr. Posner referred. Counsel for Grace took the request under advisement. At the time, the parties were still attempting to negotiate a stipulated protective order relating to Grace's insurance coverage. Since that time, counsel for the Libby Claimants have again requested copies of the coverage correspondence. As of this date, neither Grace nor the insurers have provided copies of these documents to the Libby Claimants.

The scope of pretrial discovery is "broad and liberal." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947); *In re Madden,* 151 F.3d 125, 128 (3rd Cir. 1998). Thus, "although delineating the boundaries of appropriate discovery can be challenging and difficult, discovery will be permitted 'unless it is clear that the information sought can have no possible bearing upon the subject matter of the action.'" *Marshall v. Electric Hose & Rubber Co.,* 68 FRD 287, 295 (D. Del. 1975).

The coverage correspondence to which Mr. Posner referred may lead to the discovery of admissible evidence in several respects. First, the coverage may confirm the existence of unaggregated premises and employer's liability coverage applicable to the claims in Libby, and not

to the many products liability claims asserted elsewhere. Second, while Grace contends the Libby claims were similar to and should be treated the same as all of the other claims asserted against it, the coverage correspondence may reveal that Grace viewed its liability for claims in Libby differently. Finally, Grace's demands for coverage specific to the Libby claims may further demonstrate the disparity between the pre-petition value of those claims in the tort system and the value assigned to those claims under the trust distribution procedures. The Libby Claimants properly requested the correspondence in discovery, and neither Grace nor its insurers has any basis to withhold the documents.

WHEREFORE, the Libby Claimants respectfully request an order compelling the Plan Proponents, CNA, and MCC to produce the Libby specific coverage correspondence referenced herein and grant any further relief that is just and proper.

Dated: September 2, 2009
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_/s/ Kerri Mumford_
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile (617) 951-0679

- and -

3

{393.001-W0002551.}

Tom L. Lewis
Mark M. Kovacich
**LEWIS SLOVAK & KOVACICH PC**
725 3rd Avenue North
Great Falls, MT 59401
Telephone: (406) 761-5595
Facsimile: (406) 761-5805

*Counsel for Libby Claimants*

4

{393.001-W0002551.}