# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., et al. | ) | Bankruptcy Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**RESPONSES AND OBJECTIONS OF DEBTORS, OFFICIAL COMMITTEE OF
ASBESTOS PERSONAL INJURY CLAIMANTS, ASBESTOS PI FUTURE
CLAIMANTS' REPRESENTATIVE, AND OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS TO BNSF RAILWAY COMPANY'S INTERROGATORIES,
REQUESTS FOR ADMISSIONS AND
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 36, made applicable to these

proceedings by Rules 7026, 7033, 7034, 7036 and 9014 of the Federal Rules of Bankruptcy

Procedure, W. R. Grace & Co., *et al.* (collectively, "the Debtors"), the Official Committee of

Asbestos Personal Injury Claimants, the Asbestos PI Future Claimants' Representative, and the

Official Committee of Equity Security Holders (collectively, the "Plan Proponents") in the

above- captioned Chapter 11 proceedings, hereby respond and object to  BNSF Railway

Company's January 23, 2009 Interrogatories, Requests for Admissions and Requests for

Production of Documents (collectively, the "Requests").

### GENERAL OBJECTIONS AND RESERVATIONS OF RIGHTS

1.      For purposes of these responses, the Plan Proponents use the term "BNSF" to

mean BNSF Railway Company and/or any predecessor of BNSF Railway Company, including

without limitation, the Great Northern Railway Company, the Burlington Northern Railroad

Company, and The Burlington Northern & Santa Fe Railway Company.

2.      The Plan Proponents note that the Requests are based on the First Amended Joint

Plan of Reorganization filed on December 19, 2008, which has been superseded by the First

Amended Joint Plan of Reorganization filed on February 27, 2009.  To be clear, these responses are based on the First Amended Joint Plan of Reorganization and the Plan Documents (as defined in the Plan) filed on February 27, 2009.

3.      By responding to these Requests, the Plan Proponents should not be construed as accepting the definitions that BNSF has provided.  In their responses below, the Plan Proponents have used what they believe is an appropriate and reasonable understanding of the words that the Requests purport to define.  In addition, to the extent not otherwise defined herein or in the Requests, any capitalized terms in these responses shall have the meaning attributed to them in the Plan and the Plan Documents.

4.      The Plan Proponents object to the Requests insofar as they require, or purport to require, the Plan Proponents to turn over or otherwise surrender to BNSF or its counsel, the original or only copy of a document or other tangible item in the Plan Proponents' possession.  Copies of any and all non-privileged and non-confidential documents produced in response to the Requests will be made available by the Debtors in a secure on-line data room to which BNSF and other interested parties have access.

5.      The Plan Proponents object generally to the instructions and definitions set forth in the Requests to the extent they seek to impose any obligation beyond that which is required by the Federal Rules of Civil Procedure, as applicable by the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the District of Delaware, or any case management or other applicable order entered by the Bankruptcy Court.

6.      The Plan Proponents object to any Request seeking information protected by the attorney-client privilege, work product doctrine, common-interest privilege, or any other applicable privilege, doctrine or protection.  The production of any information and/or

documentation by the Plan Proponents is without waiver of any claim of privilege or

confidentiality and is subject to any applicable protective order that has been entered by the

Bankruptcy Court or confidentiality agreement that has been agreed to by the Plan Proponents,

BNSF and other interested parties.  If privileged or confidential information or documentation is

inadvertently produced by the Plan Proponents, its production does not constitute a waiver of any

applicable privilege, doctrine or protection.

7.      The Plan Proponents object to the Requests to the extent that they seek

information and/or documents that are not relevant to Plan confirmation, and/or are overly broad,

unduly burdensome, harassing or not reasonably calculated to lead to the discovery of admissible

evidence.

8.      The Plan Proponents object to the Requests to the extent that they seek

information that is protected from disclosure by FED. R. EVID. 408.

9.      The Plan Proponents object to the Requests to the extent that they are vague or

ambiguous or fail to describe the information sought with sufficient particularity to allow for a

meaningful response by the Plan Proponents.

10.     The Plan Proponents object to the Requests to the extent that they call for the Plan

Proponents to produce documents or information on behalf of any other party and/or seek

discovery of information or documents no longer in existence or not within the Plan Proponents'

possession, custody or control.

11.     The Plan Proponents object to the Requests to the extent that the Requests are

being improperly used to obtain discovery for use in connection with other disputes and not for

purposes of Plan confirmation.

12.     The Plan Proponents object to the Requests to the extent that they seek discovery of confidential business information, confidential settlement information, and/or information subject to confidentiality agreements with third parties.

13.     The Plan Proponents object to the Requests to the extent that any portion of any of the Requests seek discovery of information that is equally accessible and available to BNSF or that is already in its possession, custody or control, or is available as a matter of public record.

14.     The Plan Proponents object to the Requests to the extent they seek material only discoverable upon a showing that BNSF has substantial need for the materials pursuant to Rule 26(b)(3) and Rule 26(b)(4) of the Federal Rules of Civil Procedure, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026.

15.     The information provided in the responses set forth below is that currently available to the Plan Proponents, unless privileged or otherwise protected.  The responses herein are made without waiver of and with specific preservation of: (a) questions and objections as to competence, relevance, materiality, privilege and admissibility; (b) the right to object to the use of any objections, response or answer, or any documents produced, in whole or in part, on any ground; (c) the right to object on any ground at any time to a demand for further productions, responses or answers involving or relating to the subject matter of the Requests; (d) the right at any time to revise, correct, add to or clarify any of the objections, responses and answers propounded herein; and (e) the right to move for an appropriate protective order.

16.     The Plan Proponents' decision to provide responses notwithstanding the objectionable nature of any of the Requests should not be construed as a waiver of any of the general or specific objections.

17.      These General Objections and Reservations of Rights are incorporated by reference into the following specific objections and responses, and an objection or response by the Plan Proponents to any Request is made without waiver of, and subject to, these General Objections and Reservation of Rights.

## RESPONSES TO DOCUMENT REQUESTS

1.      Please produce copies of all insurance policies issued by any insurer, including without limitation, Royal, MCC or CCC, to BNSF Railway Company, or any predecessor of BNSF Railway Company, including without limitation, the Great Northern Railway Company, the Burlington Northern Railroad Company, and The Burlington Northern & Santa Fe Railway Company.

RESPONSE:

Subject to the foregoing General Objections and Reservations of Rights, to the extent that the Debtors have copies of policies issued by Royal, MCC, CCC or any other insurer providing liability insurance coverage for BNSF, the Debtors will produce such documents to the virtual data room.

2.      Please produce copies of all insurance policies issued by any insurer, including, without limitation, Royal, MCC or CCC, to the Debtors, that the Debtors contend provided coverage for any or all Asbestos Claims, as that term is defined in the Plan.

RESPONSE:

Subject to the foregoing General Objections and Reservations of Rights, the Debtors will produce such policies to the virtual data room.

3.      Please produce copies of all insurance policies issued by any insurer, including, without limitation, Royal, MCC or CCC to the Debtors, in which BNSF Railway Company, or

any predecessor of BNSF Railway Company, including without limitation, the Great Northern Railway Company, the Burlington Northern Railroad Company, and The Burlington Northern & Santa Fe Railway Company, is listed as an insured.

    RESPONSE:

    The Plan Proponents are not aware of any insurance policies issued to the Debtors by any insurer in which BNSF Railway Company or any predecessor is listed as an insured.

    4.    Please produce copies of all insurance policies issued by any insurer, including, without limitation, Royal, MCC or CCC, to the Debtors, in which BNSF Railway Company, or any predecessor of BNSF Railway Company, including without limitation, the Great Northern Railway Company, the Burlington Northern Railroad Company, and The Burlington Northern & Santa Fe Railway Company has, has asserted, or may assert a right to coverage under such policy.

    RESPONSE:

    The Plan Proponents object to Request No. 4 to the extent that it assumes that the Plan Proponents know what assertions BNSF has made or may make with respect to purported rights to insurance coverage under any policies. Subject to the foregoing specific objection and the General Objections and Reservations of Rights set forth above, see Responses to Requests 1 and 3 above.

    5.    Please produce the insurance policies issued by CCC and identified as policies numbered CCP906-04-56 (for policy years April 20, 1974 through April 20, 1977), CCP906-04-56 (for policy years June 30, 1977 through June 30, 1978), CCP3327361 (for policy years June 30, 1977 through June 30, 1981) and CCP 2483440 (for policy years June 30, 1981 through June 30, 1984).

RESPONSE:

Subject to the foregoing General Objections and Reservations of Rights, to the extent that the Debtors locate the insurance policies responsive to Request No. 5, the Debtors will produce such policies to the virtual data room.

6.      Please produce the insurance policies issued by MCC and identified as policies numbered 50-523812 (for the policy years April 20, 1965 through April 20, 1968), 50-511902 (for the policy years April 20, 1968 through April 20, 1971), and 50-695902 (for the policy years April 20, 1971 through April 20, 1974).

RESPONSE:

Subject to the foregoing General Objections and Reservations of Rights, to the extent that the Debtors locate the insurance policies responsive to Request No. 6, the Debtors will produce such policies to the virtual data room.

7.      Please produce the insurance policies issued by Royal and identified as policies numbered RLH578320 (for the policy years 1950 through 1953), RLG35805 (with policy start date of April 23, 1950), RLG17235 (for the policy year 1953), RLG27635 (for the policy year March 31, 1953 through March 31, 1954), RLH703154 (for the policy years April 23, 1953 through April 23, 1956), RLG31840 (for the policy year March 31, 1954 through April 1, 1955), RLG035805 (for the policy year April 1, 1955 through April 1, 1956), RLG045762 (for the policy year April 1, 1956 through April 1, 1957), RLG045836 (for the policy year April 1, 1957 through April 1, 1958), RLG053959 (for the policy years April 1, 1958 through April 1, 1959), RLH83467 (for the policy year April 1, 1958 through April 1, 1959), RLG021629 (for the policy year April 1, 5959 through April 1, 1960), RLH021669 (for the policy years April 20, 1959 through April 20, 1962), RLG021620 (for the policy year April 1, 1960 through April 1, 1961),

RLG021621 (for the policy year April 1, 1961 through April 1, 1962), RLG021622 (for the

policy year April 1, 1962 through April 1, 1963), RLH141383 (for the policy years April 20,

1962 through April 20, 1965).

RESPONSE:

Subject to the foregoing General Objections and Reservations of Rights, to the extent that

the Debtors locate the insurance policies responsive to Request No. 7, the Debtors will produce

such policies to the virtual data room.

8.    Please produce any Asbestos Insurance Policy, as that term is defined in the Plan.

RESPONSE:

Subject to the foregoing General Objections and Reservations of Rights, the Debtors will

produce such policies to the virtual data room.

9.    Please produce any Asbestos Insurance Settlement Agreement, as that term is

defined in the Plan.

RESPONSE:

On February 20, the Debtors responded to the same request from BNSF. To respond

again: The Debtors' settlement agreements with Settled Asbestos Insurance Companies are

subject to express confidentiality provisions which prohibit the Debtors from disclosing the

settlement agreements to third parties without consent of the Settled Asbestos Insurance

Company. The Debtors have requested, but have not yet received, such consent from the Settled

Asbestos Insurance Companies. If such consent is received, the Debtors will provide copies of

the settlement agreements to BNSF subject to an appropriate, agreed upon protective order or

confidentiality agreement. If such consent is not received, the Debtors respectfully suggest that

BNSF and the Settled Asbestos Insurance Companies should confer regarding production of the settlement agreements.

  10. Please produce any documents relating to any Asbestos Insurance Settlement Agreement, as that term is defined in the Plan.

  RESPONSE:

  The Plan Proponents specifically object to Request No. 10 because it seeks documents that are not relevant to BNSF and are not relevant to Plan confirmation, and because the Request is overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing general and specific objections, to the extent that the Debtors possess any documents responsive to Request No. 10 that are relevant to issues relating to BNSF and to Plan confirmation, and to the extent that such documents do not implicate the confidentiality provisions in the settlement agreements discussed in Response to Request for Production No. 9 above, the Debtors will produce such documents.

  11. Please produce any documents relating to the negotiation of any Asbestos Insurance Settlement Agreement, as that term is defined in the Plan.

  RESPONSE:

  The Plan Proponents specifically object to Request No. 11 because it seeks documents that are not relevant to BNSF and are not relevant to Plan confirmation, and because the Request is overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing general and specific objections, to the extent that the Debtors possess any documents responsive to Request No. 11 that are relevant to issues relating to BNSF and to Plan confirmation, and to the extent

that such documents do not implicate the confidentiality provisions in the settlement agreements discussed in Response No. 9 above, the Debtors will produce such documents.

12.    Please produce any documents related to any of the insurance policies that should be produced in response to Document Requests 1-8, including, without limitation any Certificates of Insurance, letters, endorsements, communications, settlement agreements, records of settlement payments, and/or copies of cancelled checks relating to payments made on such policies.

RESPONSE:

The Plan Proponents specifically object to Request No. 12 because it seeks documents that are not relevant to BNSF and are not relevant to Plan confirmation, and because Request No. 12 is overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing general and specific objections, to the extent that the Debtors possess any documents responsive to Request No. 12 that are relevant to issues relating to BNSF and to Plan confirmation, and to the extent that such correspondence does not implicate the confidentiality provisions in the settlement agreements discussed in Response No. 9 above, the Debtors will produce such documents to the virtual data room.

13.    Please produce any documents that support, tend to support, contradict or tend to contradict, any legal position that you may take, or argument that you may make, in connection with confirmation of the Plan, relating to (a) the right of any Settled Asbestos Insurance Company (as that term is defined in the Plan) to the benefits of the Asbestos PI Channeling Injunction (as that term is defined in the Plan), (b) the proper scope of the Asbestos PI Channeling Injunction (as that term is defined in the Plan), and (c) the TDP.

RESPONSE:

The Plan Proponents object to this Request insofar as it requires them to identify

documents that will be referenced in, identified in, or relied upon in connection with their trial

brief, which, pursuant to the Second Amended Case Management Order Relating to the First

Amended Joint Plan of Reorganization, entered on January 29, 2009 ("CMO") (Dkt. No. 20622),

is not yet due. Subject to that objection and the General Objections and Reservation of Rights

set forth above, the Plan Proponents refer BNSF to the Plan and Plan Documents.

14.    Please produce any documents that you may introduce into evidence at the

hearing on confirmation of the Plan.

RESPONSE:

The Plan Proponents object to this Request to the extent that it calls upon them to

disclose documents that they intend to use or rely on in connection with any hearings relating to

confirmation of the Plan, which disclosure is not yet due pursuant to the CMO. Subject to that

objection and the foregoing General Objections and Reservation of Rights, the Plan Proponents

state that the Debtors have produced documents responsive to this Request in the virtual data-

room and will produce additional documents responsive to this Request in the virtual data-room.

15.    Please produce any settlement agreement between the Debtors and any Asbestos

Insurance Entity (as that term is defined in the Plan) relating to coverage or potential coverage

under any Asbestos Insurance Policy (as that term is defined in the Plan).

RESPONSE:

See Response to Request for Production No. 9.

16.    Please produce all documents discussing, referring or relating to BNSF Railway

Company, or any predecessor of BNSF Railway Company, including without limitation, the

Great Northern Railway Company, the Burlington Northern Railroad Company, and The
Burlington Northern & Santa Fe Railway Company.

RESPONSE:

The Plan Proponents specifically object to Request No. 16 to the extent that it seeks
documents that are not relevant to Plan confirmation, and because the Request is overly broad,
unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead
to the discovery of admissible evidence. Subject to that objection and the foregoing general and
specific objections, the Plan Proponents state that the Debtors have produced documents
responsive to Request No. 16 to the virtual data-room, and to the extent that the Debtors possess
additional documents responsive to Request No. 16 that are relevant to issues relating to BNSF
and to Plan confirmation, the Debtors will produce such documents to the virtual data room.

17.    Please produce all documents discussing, referring, relating to or constituting any
contribution made by, or to be made by, any Asbestos Insurance Entity (as defined in the Plan) to
the Asbestos PI Settlement Trust (as defined in the Plan).

RESPONSE:

The Plan Proponents object to this Request to the extent that it is vague, ambiguous and
overly broad. Subject to these specific objections and the foregoing General Objections and
Reservations of Rights, the Plan Proponents refer BNSF to the Plan Documents, which are
publicly available and, being in writing, speak for themselves, and to the Debtors' insurance
policy register, which identifies the Debtors' remaining excess solvent insurance, and which is
available in the virtual data room established by the Debtors. To the extent that BNSF is asking
for documents related to the mechanism by which insurance proceeds will be transferred to the

Asbestos PI Trust, the Plan Proponents also refer BNSF to the Asbestos Insurance Transfer

Agreement, which is Exhibit 6 to the Plan.

      18.    Please produce all documents that refer to, relate to, concern, evidence or

constitute drafts of the TDP or any individual section of the TDP.

      RESPONSE:

      The Plan Proponents object to this Request to the extent that it is overly broad, unduly

burdensome, not relevant to confirmation of the Plan and not reasonably calculated to the lead to

the discovery of admissible evidence.  In addition, the Plan Proponents object to this Request to

the extent that it seeks discovery of documents protected by the attorney-client privilege, the

work product doctrine and/or the extensions of those privileges by the joint defense and/or

common interest doctrines.  Moreover, the Plan Proponents object to this Request as seeking

disclosure of communications in connection with negotiations of a plan of reorganization and/or

draft plan documents, which are not properly discoverable.  See In re Federal-Mogul Global,

Inc., Case No. 01-10578 (JKF) (Bankr. D. Del. Feb. 26, 2007) (Hr'g Tr. at 31); In re Pittsburgh

Corning Corp., Case No. 00-22876 (JKF) (Bankr. W.D. Pa. Feb. 19, 2004) (Hr'g Tr. at 64-66);

In re Combustion Eng'g, Case No. 03-10495 (JKF) (Bankr. D. Del. May 2, 2003) (Hr'g Tr. at

301); In re Babcock & Wilcox Co., No. 00-10992 (JAB) (Bankr. E.D. La. Aug. 20, 2003) (Hr'g

Tr. 84); In re ACandS, Inc., No. 02-12687 (RJN) (Bankr. D. Del. Sept. 30, 2003) (Hr'g Tr. at 42-

45); In re Eagle-Picher Indus., 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994).  Subject to those

objections and the General Objections and Reservations of Rights set forth above, the Plan

Proponents refer the Discovering Parties to the proposed Plan Documents that were filed in the

above-captioned case (see Joint Plan Documents, filed September 19, 2008 (Dkt. Nos. 19579,

19580); Amendments to Joint Plan Documents, filed November 11, 2008 (Dkt. Nos. 19988,

19989); Further Amendments to Joint Plan Documents, filed November 21, 2008 (Dkt. No. 20121); Further Amendments to Joint Plan Documents, filed December 19, 2008 (Dkt. No. 20304); First Amended Joint Plan, filed February 3, 2009 (Dkt. Nos. 20666, 20667, 20668); First Amended Joint Plan, Disclosure Statement and Exhibit Book, filed February 27, 2009 (Dkt. Nos. 20872, 20873, 20874, 20877, 20905)), and to the various draft Plan Documents that BNSF received via electronic mail from the Debtors.

19.    Please produce all documents that refer to, relate to, concern, evidence or constitute drafts of the Plan Documents relating to BNSF Railway Company, or any predecessor of BNSF Railway Company, including without limitation, the Great Northern Railway Company, the Burlington Northern Railroad Company, and The Burlington Northern & Santa Fe Railway Company.

RESPONSE:

See Response to Request No. 18.

20.    Please produce all documents reviewed or consulted by you in connection with your responses to these discovery requests.

RESPONSE:

Other than (i) documents already produced to and being produced to the virtual data room by the Debtors, and (ii) the Plan, Plan Documents and Case Management Order, the Plan Proponents did not review or consult any documents in connection with responding to these discovery requests.

21    Please produce all documents you received, prepared or considered that refer to, relate to, concern or evidence your analysis or determination of whether and on what terms the

Plan Documents should treat any claims or demands held by any Indirect PI Trust Claims (as defined by the Plan) against the Debtors.

RESPONSE:

The Plan Proponents object to Request No. 21 as unintelligible. To the extent that, by "Indirect PI Trust Claims," BNSF actually means "Indirect PI Trust Claimants," the Plan Proponents further object to the extent that the Request seeks discovery of documents protected by the attorney-client privilege, the work product doctrine and/or the extensions of those privileges by the joint defense and/or common interest doctrines. Moreover, the Plan Proponents object to this Request as seeking disclosure of communications in connection with negotiations of a plan of reorganization and/or draft plan documents, which are not properly discoverable. See Response to Request No. 18 above. Subject to these specific objections, and the General Objections and Reservations of Rights set forth above, the Plan and the WRG Asbestos PI Trust Distribution Procedures, dated February 27, 2009 ("Asbestos PI TDPs") set forth whether and on what terms the Plan treats Indirect PI Trust Claims.

22.    Please produce all documents you received, prepared or considered that refer to, relate to, concern or evidence your analysis or determination of whether and on what terms the Plan Documents should treat any claims or demands held by any Indirect PI Trust Claims (as defined by the Plan).

RESPONSE:

See Response to No. 21.

23.    Please produce all documents you received, prepared or considered that refer to, relate to, concern or evidence your analysis or determination of whether and on what terms the

Plan Documents should treat any claims or demands held by any Indirect PI Trust Claims (as defined by the Plan) against any Asbestos Protected Party (as defined in the Plan).

RESPONSE:

See Response to No. 21.

24.    Please produce all documents identified in response to the Interrogatories set forth herein.

RESPONSE:

The Debtors will produce documents responsive to Request No. 24 to the extent that the documents have not already been produced to the virtual data room or are not available on Pacer.

25.    Please produce all documents that refer to, relate, concern, evidence or constitute the type and amount of consideration to be provided by or on behalf of the Debtors or any other Asbestos Protected Party (as defined in the Plan) in exchange for any releases, injunctions and/or discharges to be given under the Plan.

RESPONSE:

The Plan Proponents object to this Request as burdensome to the extent it purports to request them to provide documentation with respect to all of the contributions the various entities and their representatives listed in Section 11.8 of the Plan have provided to the Debtors during the course of these chapter 11 cases and especially with respect to the Plan process. Subject to those objections and the General Objections and Reservations of Rights set forth above, see for example, the specific consideration being provided by the Sealed Air Indemnified Parties and the Fresenius Indemnified Parties as set forth in the Plan, the Sealed Air Settlement Agreement and the Fresenius Settlement Agreement, which are exhibits to the Plan.

26.    Please produce all documents that support, tend to support, contradict, or tend to contradict your contention that the Plan is confirmable under the applicable provisions of the Bankruptcy Code.

RESPONSE:

The Plan Proponents object to this Request to the extent that BNSF lacks standing with respect to numerous issues it has raised in its preliminary confirmation objections and that other parties have raised in their preliminary confirmation objections.  The Plan Proponents further object to Request No. 26 to the extent that it purports to seek documents not relevant to issues related to BNSF.  Subject to these specific objections and to the General Objections and Reservations of Rights set forth above, the Debtors have produced documents responsive to Request No. 26 to the virtual data room and will produce additional documents responsive to Request No. 26 to the virtual data room.

27.    Please produce all documents that support your contention that Indirect PI Trust Claims (as defined in the Plan) are substantially similar to other claims in the same class.

RESPONSE:

Subject to the General Objections and Reservations of Rights set forth above, see the Disclosure Statement and Plan.

## **RESPONSES TO INTERROGATORIES**

1.    Identify each person who participated in the preparation of answers to these discovery requests.

RESPONSE:

Subject to the foregoing General Objections and Reservations of Rights, the Plan Proponents answer as follows:  Lisa G. Esayian of Kirkland & Ellis LLP; Peter Van N.

Lockwood and Jeffrey Liesemer of Caplin & Drysdale, Chartered; Richard Wyron and Debbie L. Felder of Orrick, Herrington & Sutcliffe LLP; and Philip Bentley and Douglas Mannal of Kramer Levin Naftalis & Frankel LLP.

2.      Identify each Settled Asbestos Insurance Company (as defined in the Plan).

RESPONSE:

Plan Exhibit 5 identifies each Settled Asbestos Insurance Company.

3.      For each Settled Asbestos Insurance Company (as defined in the Plan), describe the terms of the settlement agreement, including, without limitation, the settlement amounts, the dates such amounts have been or will be paid, and the extent to which, if at all, the policy limits under each such entity's policy(ies) remain available to cover bodily injury or products liability claims.

RESPONSE:

Subject to the foregoing General Objections and Reservations of Rights, and to the extent that such correspondence does not implicate the confidentiality provisions in the settlement agreements discussed in Response to Request for Production No. 9 above, the Plan Proponents state that they have already produced documents responsive to Interrogatory No. 3 in the virtual data room and, to the extent that the Debtors locate additional documents responsive to this Interrogatory, the Debtors will produce them to the virtual data room.

4.      Identify the contribution(s) made or to be made by or on behalf of each Settled Asbestos Insurance Company (as defined in the Plan) that constitutes the contribution(s) to qualify such entity as an Asbestos Protected Party (as defined in the Plan) under the Plan.

RESPONSE:

The Plan Proponents object to Interrogatory No. 4 because the word "qualify" and the phrase "contribution(s) to qualify" are vague and ambiguous, and call for a legal conclusion. Subject to, and without waiver of, the foregoing specific objections and General Objections, the Plan Proponents state that the Debtors have already produced documents responsive to Interrogatory No. 4 in the virtual data room and, to the extent that the Debtors locate additional documents responsive to this Interrogatory, the Debtors will produce them to the virtual data room. In addition, the Debtors are making contributions to the Asbestos PI Trust under the Plan on behalf of all Asbestos Protected Parties, including without limitation each Settled Asbestos Insurance Company, pursuant to 11 U.S.C. § 524(g)(4)(B)(ii).

5.    State the procedural mechanism(s) under the TDP or otherwise pursuant to the Plan Documents by which a claim or demand of a claimant or demand holder seeking insurance coverage under an Asbestos Insurance Policy (as defined in the Plan) will be resolved.

RESPONSE:

The Plan Proponents object to Interrogatory No. 5 on grounds that it is vague and ambiguous because it is unclear whether the "claimant seeking insurance coverage" refers to BNSF or another, hypothetical claimant. If it is the latter, then the Plan Proponents object on the basis that it calls upon the Plan Proponents to respond to a hypothetical question. Subject to, and without waiver of, these specific objections and the General Objections and Reservations of Rights set forth above, the Plan Proponents answer as follows: See Sections 5.6 and 5.12 of the Asbestos PI TDPs, which is Exhibit 4 to the Plan.

6.    Identify the provision(s) in the TDP that set(s) forth the procedures for resolving the claim or demand of an entity seeking insurance coverage from an Asbestos Insurance Entity (as defined in the Plan) as an additional and/or named insured under an Asbestos Insurance

Policy (as defined in the Plan), or, if no such procedures exist, set forth the basis for not including such procedures in the TDP.

RESPONSE:

Subject to, and without waiver of, these specific objections and the General Objections and Reservations of Rights set forth above, the Plan Proponents answer as follows: See Section 5.12 of the Asbestos PI TDPs.

7.    Identify any documents relating to or referring to any Settled Asbestos Insurance Company and/or any Asbestos Insurance Settlement Agreement (as those terms are defined in the Plan).

RESPONSE:

The Plan Proponents specifically object to Interrogatory No. 7 because it seeks documents that are not relevant to BNSF and are not relevant to Plan confirmation, and because Request No. 7 is overly broad, unduly burdensome and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing general and specific objections, to the extent that the Debtors possess any documents responsive to Interrogatory No. 7 that are relevant to issues relating to BNSF and to Plan confirmation, and to the extent that such correspondence does not implicate the confidentiality provisions in the settlement agreements discussed in response to Request for Production No. 9 above, the Debtors will produce such documents to the virtual data room.

8.    Do you contend that the Asbestos PI Channeling Injunction (as defined in the Plan), and/or the Asbestos Insurance Entity Injunction (as defined in the Plan), and/or any other provision of the Plan Documents, and/or the order confirming the Plan will enjoin any entity from seeking coverage from any Asbestos Insurance Entity (as defined in the Plan), including

any Settled Asbestos Insurance Company (as defined in the Plan) relating to any insurance policy
that does not name any of the Debtors as an insured, where the policy was procured by or paid
for by the Debtors and where the underlying claims for which the entity seeks coverage
constitute asbestos personal injury claims relating to the Debtors.

     RESPONSE:

     The Plan Proponents object to Interrogatory No. 8 on the grounds that it is vague and
ambiguous, in particular because it the meaning of "seeking coverage . . . relating to any
insurance policy that does not name any of the Debtors as an insured" is unclear, and because it
calls upon the Plan Proponents to respond to a hypothetical question.  Subject to, and without
waiver of, these specific objections and the General Objections and Reservations of Rights set
forth above, the Plan Proponents answer as follows:  The Plan Proponents contend that a claim
"relating to an insurance policy that does not name any of the Debtors as an insured" might, with
respect to certain policies that are the subject of Asbestos Insurance Settlement Agreements or
Asbestos Insurance Reimbursement Agreements, constitute an Asbestos PI Claim under the Plan,
and, to the extent that it is, then it would be enjoined under the Asbestos PI Channeling
Injunction and/or the Asbestos Insurance Entity Injunction.  However, as of the present time, the
Plan Proponents are not aware of any such claims or policies.

     9.    If your answer to Interrogatory 8 is anything other than an unqualified "no,"
please state the legal and factual basis for an injunction that would enjoin any entity from
seeking coverage from any Asbestos Insurance Entity (as defined in the Plan), including any
Settled Asbestos Insurance Company (as defined in the Plan), relating to any insurance policy
that does not name any of the Debtors as an insured, where the policy was procured by or paid

for by the Debtors and where the underlying claims for which the entity seeks coverage constitute asbestos personal injury claims relating to the Debtors.

RESPONSE:

See the definitions of Asbestos PI Claim, Indirect PI Trust Claim, Asbestos Protected Parties and Settled Asbestos Insurance Companies under the Plan, along with the Asbestos PI Channeling Injunction and the Asbestos Insurance Entity Injunction.

## **RESPONSES TO REQUESTS FOR ADMISSION**

1.    Admit that the Bankruptcy Court does not have subject matter jurisdiction over any insurance policy issued by a non-debtor insurer to a non-debtor entity if the Debtors are not named insureds, even if the Debtors procured or paid for the policy for the benefit of the non-debtor entity that is the named insured and even if the Debtors have a contractual, statutory or common law duty to indemnify or reimburse the non-debtor insurer for any claims made under such policy.

RESPONSE:

Denied. To the extent a further response is required, the Plan Proponents note that the Request incorrectly assumes that a Bankruptcy Court does or does not have subject matter jurisdiction over an insurance policy. Bankruptcy courts have subject matter jurisdiction over cases and controversies, not insurance policies. See also the responses to Interrogatories Nos. 8 and 9.

2.    Admit that the Plan cannot be confirmed if its terms purport to enjoin any non-debtor entity from seeking coverage from a non-debtor insurer pursuant to any insurance policy to which the Debtors are not a named insured, even if the Debtors procured or paid for the policy for the benefit of the non-debtor entity that is the named insured, and even if the Debtors have a

contractual, statutory or common law duty to indemnify or reimburse the non-debtor insurer for any claims made under such policy.

RESPONSE:

Denied. To the extent a further response is required, the Plan purports to enjoin, under the Asbestos PI Channeling Injunction, only Asbestos PI Claims and Successor Claims, as defined, and can be confirmed as written.

**FOR PURPOSES OF OBJECTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 33(b)(5):**

Dated: March 24, 2009

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Lisa G. Esayian
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

PACHULSKI STANG ZIEHL & JONES LLP

*James E. O'Neill*

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
Timothy Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

**CAMPBELL & LEVINE, LLC**

/s/ Marla R. Eskin
Marla R. Eskin (No. 2989)
Mark T. Hurford (No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947

**CAPLIN & DRYSDALE, CHARTERED**
Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Nathan D. Finch
Jeffrey A. Liesemer
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee
of Asbestos Personal Injury Claimants*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Roger Frankel
Richard H. Wyron
Jonathan P. Guy
Debra L. Felder
1152 15th Street, NW
Washington, DC 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

and

**PHILLIPS, GOLDMAN & SPENCE, P.A.**

/s/John C. Phillips
John C. Phillips (Bar No. 110)
1200 North Broom Street
Wilmington, Delaware 19806
Telephone:  (302) 655-4200
Facsimile:   (302) 655-4210

*Co-Counsel for David T. Austern, Asbestos PI Future
Claimants' Representative*

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Teresa K.D. Currier
Teresa K.D. Currier (ID No. 3080)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295

Philip Bentley
Gregory Horowitz
Douglas Mannal
**KRAMER LEVIN NAFTALIS &
FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for the Official Committee of
Equity Security Holders*

# V E R I F I C A T I O N

I, Richard C. Finke, am Assistant General Counsel - Litigation for W. R. Grace & Co. I declare under penalty of perjury that I am authorized to make this declaration on behalf of W. R. Grace & Co., that I have read the above and foregoing Responses of W. R. Grace & Co. to the Interrogatories Propounded by BNSF Railway Company on January 23, 2009, that the facts and statements contained therein are true and correct to the best of my personal knowledge or based on information supplied to me by others, including counsel, and as such are true and correct to the best of my knowledge, information, and belief. In verifying the foregoing Responses and Objections of W. R. Grace & Co. to the Interrogatories propounded by BNSF Railway Company on January 23, 2009, I have relied upon the assistance of counsel and the investigation they have undertaken to compile the information upon which these Responses and Objections are based and the statements contained therein. W. R. Grace & Co. hereby reserves the right to modify, clarify, or supplement these discovery responses should new information warrant such modification, clarification, or supplementation.

Richard C. Finke

March 23, 2009

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I, John D. Cooney, am authorized and entitled to make this declaration on behalf of the W.R. Grace Official Committee of Asbestos Personal Injury Claimants ("**ACC**"), that I have read the interrogatory answers ("**Interrogatory Answers**") contained in the foregoing "Response and Objections of Debtors, Official Committee of Asbestos Personal Injury Claimants, Asbestos PI Future Claimants' Representative, and the Official Committee of Equity Security Holders' to BNSF Railway Company's First Set of Interrogatories, Requests for Admissions and Requests for Production of Documents," that the facts and statements contained in the Interrogatory Answers are either within my personal knowledge and are true and correct, or are based upon information supplied to me by others, including counsel for the ACC, and as such are true and correct to the best of my knowledge, information, and belief.   In verifying the foregoing Interrogatory Answers, I have relied upon the assistance of counsel and the investigation they have undertaken to compile the information upon which these Interrogatory Answers are based and the statements contained therein.   I, and the ACC, hereby reserve the right to modify, clarify, or supplement these Interrogatory Answers should new information warrant such modification, clarification, or supplementation.

John D. Cooney

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I, David T. Austern, am authorized and entitled to make this declaration as the Court-appointed legal representative for future asbestos personal injury claimants, that I have read the above and foregoing Objections and Answers of the Plan Proponents to <u>BNSF Railway Company's January 23, 2009 Interrogatories,</u> that the facts and statements contained therein are either within my personal knowledge and are true and correct, or are based upon information supplied to me by others, including counsel for the Plan Proponents, and as such are true and correct to the best of my knowledge, information, and belief. In verifying the foregoing Objections and Answers of the Plan Proponents to BNSF Railway Company's January 23, 2009 Interrogatories, I have relied upon the assistance of counsel and the investigation they have undertaken to compile the information upon which these Objections and Answers are based and the statements contained therein. I, and the other Plan Proponents, hereby reserve the right to modify, clarify, or supplement these discovery responses should new information warrant such modification, clarification, or supplementation.

Dated: March 23, 2009

David T. Austern
Asbestos PI Future Claimants' Representative

## V E R I F I C A T I O N

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I, R. Ted Weschler, am authorized and entitled to make this declaration on behalf of the Official Committee of Equity Security Holders, that I have read the above and foregoing Responses and Objections of Debtors, Official Committee of Asbestos Personal Injury Claimants, Asbestos PI Future Claimants' Representative, and Official Committee of Equity Security Holders to BNSF Railway Company's Interrogatories, that the facts and statements contained therein are either within my personal knowledge and are true and correct, or are based upon information supplied to me by others, including counsel for the Plan Proponents, and as such are true and correct to the best of my knowledge, information, and belief.  In verifying the foregoing Responses and Objections of Debtors, Official Committee of Asbestos Personal Injury Claimants, Asbestos PI Future Claimants' Representative, and Official Committee of Equity Security Holders to BNSF Railway Company's Interrogatories, I have relied upon the assistance of counsel and the investigation they have undertaken to compile the information upon which these objections and answers are based and the statements contained therein.  I, and the Plan Proponents, hereby reserve the right to modify, clarify, or supplement these discovery responses should new information warrant such modification, clarification, or supplementation.

R. Ted Weschler
Chairman of the Equity Committee

Dated: March 24, 2009

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

W.R. GRACE & CO., *et al.*,

           Debtors.

Chapter 11

Case No. 01-01139 (JKF)
Jointly Administered

Ref. No. 20204

## VERN BYINGTON'S FIRST REQUEST TO CNA FOR
## PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 34, made applicable hereto by Federal Rules of Bankruptcy Procedure 7034 and 9014, Vern Byington of Columbia Falls, Montana, a holder of an Asbestos PI Claim, hereby requests that CNA produce for inspection and copying the documents described herein which are in its possession, custody or control to the offices of Cohn Whitesell & Goldberg LLP, 101 Arch Street, Boston, Massachusetts, 02110, within 30 days, or at such other time and place as may be ordered by the Court or agreed to by counsel.

### DEFINITIONS

Every term used in this request for production of documents with initial capitalization that is defined in the Plan shall have the same meaning in this request for production of documents as in the Plan. In all other instances, the following definitions shall apply to this request for production of documents:

A.    The "Libby Claimants" shall mean the claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants").[1]

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 19927], as it may be amended and restated from time to time.

393.001-24119.doc

B.    "Debtors" shall mean W.R. Grace & Co., Inc and all of its predecessors, divisions, subsidiaries, and affiliated companies, whether wholly or partially owned, their present or former directors, officers, employees, agents, affiliates and attorneys of any of the foregoing, and any other Person (as defined below) over whom or which any of the foregoing may exercise control.

C.    "CNA" shall mean Continental Casualty Company, Transportation Insurance Company and their American Insurance affiliates, its predecessors and successors, agents, employees, attorneys, accountants and/or investigators, and anyone else acting on its or any or their behalf.

D.    "Document" is defined as broadly as permitted under Rule 34 of the Federal Rules of Civil Procedure, and includes all materials and things, in whatever form recorded or maintained, subject to production under that Rule, including all drafts, originals and non-identical copies of writings, recordings, printed, typed or otherwise recorded matter, including copies upon which notations or additional writings have been made, however produced or reproduced (including without limitation by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording or other form of data compilation) of every kind and description that are in CNA's actual or constructive possession, custody or control, including but not limited to pleadings, expert reports, declarations, affidavits, deposition and trial testimony, exhibits, and discovery (including, for example, interrogatory questions and responses, requests for admissions and responses, document requests and responses, and documents produced in connection therewith), employment or employee records, product identification documents, medical records, drawings, graphs, charts, tables, video tapes, audio tapes, photographs, slips, cover notes, binders, treaties, agreements, wordings, books,

393.001-24119.doc                                        2

pamphlets, bulletins, periodicals, letters, memoranda, telegrams, e-mails, voice mails, reports, records, studies, handwritten notes, working papers, indices, tapes, computer disks or other electronic storage media, databases, data sheets, computer generated documents, data processing cards, or any other tangible things which constitute or contain matters within the scope of Rule 34 of the Federal Rules of Civil Procedure.  To the extent CNA believes that pleadings filed with the United States Bankruptcy Court for the District of Delaware, either in the main Chapter 11 cases or in any adversary proceeding, would be responsive to a Request, CNA need not produce copies of such pleadings unless such pleadings were filed in a redacted form or filed under seal, in which event CNA shall produce the complete pleading in unredacted form.

E.    "Identify," as it refers to a natural person, shall mean to state a person's full name, present or last-known address, and present or last-known place of employment; "identify," as it refers to a document, shall mean to state the type, general subject matter, date, author(s), addressee(s), and recipient(s) of the document.

F.    "Person," shall mean any natural person or any business, legal, or governmental entity or association.

## INSTRUCTIONS

G.    When necessary to give a broader usage to any item of this request, "and" includes "or" and vice versa, the past tense includes the present and vice versa, the singular includes the plural and vice versa, and "any" includes "all" and vice versa.

H.    Specify which documents are produced in response to each numbered request and from whose files each document is being produced.

I.    If any document responsive to this request was in your possession or control but has been disposed of, lost, discarded, destroyed, or is otherwise currently unavailable:  state its

author, preparer or originator, addressee(s), recipient(s), date, subject matter, and all persons to whom copies were directed, furnished or addressed; describe the contents of the document; state when the document was within CNA's control or possession; state the last known location(s) of each such document and any additional copies thereof; and state the date or approximate time of the disposition, loss, destruction or discarding of each such document, the reason therefor, and the person or persons responsible therefor.

J.    If the attorney-client, work product or any other privilege is claimed as to any document requested herein, state in writing, on or before the date of production: the nature (e.g., letter, memorandum, tape, etc.), date, subject matter and author, preparer or originator of each such document; the names of all persons to or by whom such document was furnished, directed, addressed or received; and the basis for each such claim of privilege.

K.    If any document herein requested cannot be produced in full, produce the document to the extent possible, identifying any portion of the document which can not be so produced and specifying the reasons for the inability to produce the remainder of the document.

L.    This request is a continuing one. If, after producing the requested documents, you obtain or become aware of any further documents responsive to this request, you are required to produce such additional documents to Mr. Byington.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All Documents relating to or referring to insurance coverage or potential insurance coverage for claims asserted by the Libby Claimants against the Debtors, including, but not limited to, any insurance policies or settlement agreements, and communications between CNA and the Debtors regarding the claims of the Libby Claimants.

Dated: January 23, 2009
    Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_(signature)_

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Mona A. Parikh (No. 4901)
919 Market Street, Suite 1800
Wilmington, DE  19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone:  (617) 951-2505
Facsimile:  (617) 951-0679

_Counsel for Libby Claimant_
_Vern Byington_

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., *et al.*, | ) Case No. 01-01139 (JKF) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## CNA COMPANIES' OBJECTIONS AND RESPONSES TO VERN BYINGTON'S FIRST REQUEST TO CNA FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 9014 and 7034 of the Federal Rules of Bankruptcy Procedure, Continental Casualty Company and Continental Insurance Company, on their behalf and on behalf of their predecessor companies, affiliates and subsidiaries which issued insurance policies to the Debtors (individually or collectively "CNA"), by and through its attorneys Rosenthal, Monhait & Goddess, P.A., hereby provides the following objections and responses to Vern Byington's First Request to CNA for Production of Documents:

### GENERAL STATEMENTS

1.    The fact that CNA has responded to a particular request shall not be interpreted as implying that CNA acknowledges the appropriateness of that request. To the extent that information, documents, and/or other materials are provided in response to these requests, CNA specifically reserves the right to challenge, or object on any grounds to, the admissibility, competency, materiality, relevancy, or truth or accuracy of any term, phrase, or characterization contained in the information, documents, and/or other materials in any subsequent proceeding, hearing, motion, or trial in this or any other action, and nothing herein shall be construed as an admission by CNA regarding any of the foregoing.

2.    When stating that it will produce documents responsive to a particular request, CNA does not represent that responsive information, documents, and/or other materials exist, but

only that such information, documents, and/or other materials will be produced to the extent they do exist, and that CNA is able to produce them.

3.     This response is based on the information available at the present time after a good faith and reasonable search of CNA's relevant files.  CNA reserves the right to supplement or amend these responses at a later date should additional information become known to it and/or further discovery reveal facts that would justify such supplementation or amendment.

4.     We construe Mr. Byington's Request as not seeking any documents that were sent to or authored by in-house or outside counsel by or for CNA, as any such documents would clearly be protected from disclosure by the attorney-client privilege.

## GENERAL OBJECTIONS

1.     CNA objects because the Request is overly broad, unduly burdensome, oppressive,  and not reasonably calculated to lead to the discovery of evidence that is material to confirmation of the Joint Plan of Reorganization.

2.     CNA objects because the Request seeks information, documents, or other materials that are neither relevant nor likely to lead to the discovery of admissible evidence.

3.     CNA objects to the extent that the Request seeks information, documents, or other materials protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other privilege, doctrine, immunity, or rules.

4.     CNA objects to the extent that the Request seeks information, documents, or other materials that are available from public records and/or are already in the possession, custody, or control of Vern Byington or his counsel or other agents or representatives (including the Asbestos PI Claimants Committee).

177089                                    2

5.      CNA objects to the extent that the Request seeks information, documents, or other materials which are not in the possession, custody, or control of CNA.

6.      CNA objects to the extent that the Request imposes obligations upon CNA that are broader than those provided by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the U.S. Bankruptcy Court for the District of Delaware.

## RESPONSE TO DOCUMENT REQUEST

1.      All Documents relating to or referring to insurance coverage or potential insurance coverage for claims asserted by the Libby Claimants against the Debtors, including, but not limited to, any insurance policies or settlement agreements, and communications between CNA and the Debtors regarding the claims of the Libby Claimants.

**RESPONSE:** *See* General Objections and General Statements. CNA further objects to this request on the grounds that the terms "relating to" and "referring to" are inherently vague and overly broad and would, if literally construed, require the production of documents that are neither relevant to the claims the Libby Claimants have asserted against the Debtor nor reasonably likely to lead to the discovery of admissible evidence. Without waiver of any objection and as construed pursuant to General Statement No. 4, CNA understands that all of the relevant Debtors' insurance policies and settlement agreements have been provided to representatives of the Asbestos P.I. Claimants Committee, which represents the Libby Claimants' interests in this proceeding. CNA further states that personal injury claims arising out of the Libby mine have been subject to, and included in, litigation between the Debtors and CNA. CNA refers Mr. Byington to the pleadings in that litigation and to the Plan Proponents' discussion of that litigation in the Disclosure Statement, which the Plan Proponents assert will be

177089                                              3

resumed with the Asbestos P.I. Trust, to which the Libby Claimants' claims would be channeled under the Proposed Plan.

ROSENTHAL, MONHAIT & GODDESS, P.A.

By: _Carmella P. Keener_

Carmella P. Keener (*Bar No. 2810*)
Edward B. Rosenthal (*Bar No. 3131*)
P.O. Box 1070
Wilmington, Delaware 19899
Telephone: (302) 656-4433
FACSIMILE: (302) 658-7567

-AND-

GOODWIN PROCTER LLP
Daniel M. Glosband (*pro hac vice*)
Brian H. Mukherjee (*pro hac vice*)
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109
Telephone: (617) 570-1000
facsimile: (617) 523-1231

-AND-

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.
Elizabeth DeCristofaro (*pro hac vice*)
Wall Street Plaza, 23rd Floor
New York, New York 10005-1875
Telephone: (212) 269-4900
FACSIMILE: (212) 344-4294

*Counsel for Continental Casualty Company,*
*Continental Insurance Company*
*and their affiliated companies*

Dated:  March 24, 2009

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JKF) |
| Debtors. | Jointly Administered |
| | Ref. No. 20204 |

## KIRK A. WHITE'S FIRST REQUEST TO MCC FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 34, made applicable hereto by Federal Rules of Bankruptcy Procedure 7034 and 9014, Kirk A. White of Manhattan, Montana, a holder of an Asbestos PI Claim, hereby requests that MCC produce for inspection and copying the documents described herein which are in its possession, custody or control to the offices of Cohn Whitesell & Goldberg LLP, 101 Arch Street, Boston, Massachusetts, 02110, within 30 days, or at such other time and place as may be ordered by the Court or agreed to by counsel.

### DEFINITIONS

Every term used in this request for production of documents with initial capitalization that is defined in the Plan shall have the same meaning in this request for production of documents as in the Plan. In all other instances, the following definitions shall apply to this request for production of documents:

A.    The "Libby Claimants" shall mean the claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants").[1]

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [D.I. 19927], as it may be amended and restated from time to time.

393.001-24121.doc

B.    "Debtors" shall mean W.R. Grace & Co., Inc and all of its predecessors, divisions, subsidiaries, and affiliated companies, whether wholly or partially owned, their present or former directors, officers, employees, agents, affiliates and attorneys of any of the foregoing, and any other Person (as defined below) over whom or which any of the foregoing may exercise control.

C.    "MCC" shall mean Maryland Casualty Company, its predecessors and successors, agents, employees, attorneys, accountants and/or investigators, and anyone else acting on its or any or their behalf.

D.    "Document" is defined as broadly as permitted under Rule 34 of the Federal Rules of Civil Procedure, and includes all materials and things, in whatever form recorded or maintained, subject to production under that Rule, including all drafts, originals and non-identical copies of writings, recordings, printed, typed or otherwise recorded matter, including copies upon which notations or additional writings have been made, however produced or reproduced (including without limitation by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording or other form of data compilation) of every kind and description that are in MCC's actual or constructive possession, custody or control, including but not limited to pleadings, expert reports, declarations, affidavits, deposition and trial testimony, exhibits, and discovery (including, for example, interrogatory questions and responses, requests for admissions and responses, document requests and responses, and documents produced in connection therewith), employment or employee records, product identification documents, medical records, drawings, graphs, charts, tables, video tapes, audio tapes, photographs, slips, cover notes, binders, treaties, agreements, wordings, books, pamphlets, bulletins, periodicals, letters, memoranda, telegrams, e-mails, voice mails, reports,

393.001-24121.doc

records, studies, handwritten notes, working papers, indices, tapes, computer disks or other electronic storage media, databases, data sheets, computer generated documents, data processing cards, or any other tangible things which constitute or contain matters within the scope of Rule 34 of the Federal Rules of Civil Procedure. To the extent MCC believes that pleadings filed with the United States Bankruptcy Court for the District of Delaware, either in the main Chapter 11 cases or in any adversary proceeding, would be responsive to a Request, MCC need not produce copies of such pleadings unless such pleadings were filed in a redacted form or filed under seal, in which event MCC shall produce the complete pleading in unredacted form.

E.    "Identify," as it refers to a natural person, shall mean to state a person's full name, present or last-known address, and present or last-known place of employment; "identify," as it refers to a document, shall mean to state the type, general subject matter, date, author(s), addressee(s), and recipient(s) of the document.

F.    "Person," shall mean any natural person or any business, legal, or governmental entity or association.

## INSTRUCTIONS

G.    When necessary to give a broader usage to any item of this request, "and" includes "or" and vice versa, the past tense includes the present and vice versa, the singular includes the plural and vice versa, and "any" includes "all" and vice versa.

H.    Specify which documents are produced in response to each numbered request and from whose files each document is being produced.

I.    If any document responsive to this request was in your possession or control but has been disposed of, lost, discarded, destroyed, or is otherwise currently unavailable: state its author, preparer or originator, addressee(s), recipient(s), date, subject matter, and all persons to

3

393.001-24121.doc

whom copies were directed, furnished or addressed; describe the contents of the document; state when the document was within MCC's control or possession; state the last known location(s) of each such document and any additional copies thereof; and state the date or approximate time of the disposition, loss, destruction or discarding of each such document, the reason therefor, and the person or persons responsible therefor.

J.    If the attorney-client, work product or any other privilege is claimed as to any document requested herein, state in writing, on or before the date of production:  the nature (e.g., letter, memorandum, tape, etc.), date, subject matter and author, preparer or originator of each such document; the names of all persons to or by whom such document was furnished, directed, addressed or received; and the basis for each such claim of privilege.

K.    If any document herein requested cannot be produced in full, produce the document to the extent possible, identifying any portion of the document which can not be so produced and specifying the reasons for the inability to produce the remainder of the document.

L.    This request is a continuing one.  If, after producing the requested documents, you obtain or become aware of any further documents responsive to this request, you are required to produce such additional documents to Mr. White.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All Documents relating to or referring to insurance coverage or potential insurance coverage for claims asserted by the Libby Claimants against the Debtors, including, but not limited to, any insurance policies or settlement agreements, and communications between MCC and the Debtors regarding the claims of the Libby Claimants.

4

393.001-24121.doc

Dated: January 23, 2009
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Mona A. Parikh (No. 4901)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2505
Facsimile: (617) 951-0679

_Counsel for Libby Claimant_
_Kirk A. White_

393.001-24121.doc

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 01-01139 (JKF) |
| W.R. GRACE & CO., et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## OBJECTIONS AND RESPONSES OF MARYLAND CASUALTY COMPANY TO KIRK A. WHITE'S FIRST REQUEST TO MCC FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rules 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, and the current Case Management Order applicable to these proceedings, Maryland Casualty Company ("MCC") hereby makes the following objections and responses to Kirk A. White's First Request to MCC for Production of Documents.

### GENERAL OBJECTIONS

MCC objects to the Requests subject to the accompanying general and specific objections, without waiving and expressly preserving all such objections. All specific objections are in addition to, and not in lieu of, the general objections set forth herein. MCC expressly preserves (a) any objections to competency, relevancy, materiality, privilege and admissibility of any document or response, and (b) the right to object to other Requests involving or relating to the subject matter of the Requests responded to herein.

1.      MCC generally objects to the Requests to the extent that they purport to impose response obligations upon MCC which are beyond the scope of the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or any other applicable rules.

2.    MCC generally objects to the Requests on the grounds that they are overbroad and unduly burdensome to the extent that they purport to require MCC to identify and/or disclose information or documents protected from disclosure by the attorney-client privilege, the protection afforded attorney work product, the common interest or joint defense privilege, or any other applicable privilege or protection which shields from discovery confidential, business-sensitive, proprietary or otherwise privileged information.

3.    MCC generally objects to the Requests on the grounds that they are overbroad, unduly burdensome and premature to the extent that they purport to require MCC to identify and/or disclose information or documents supporting or reflecting MCC's ultimate positions and contentions in this proceeding before discovery has been completed.

4.    MCC generally objects to the Requests on the grounds that they are unduly burdensome to the extent that they purport to require MCC to identify and/or disclose information or documents that is/are not in the possession, custody or control of MCC; that is/are already in the possession of Mr. White and/or the Libby Claimants or is/are obtainable by Mr. White and/or the Libby Claimants from some other source that is more convenient, less expensive and less burdensome; or that is/are unreasonably cumulative or duplicative of information or documents already in the possession of Mr. White and/or the Libby Claimants.

5.    MCC generally objects to the Requests, instructions and definitions to the extent they call for information relating to case reserves or reinsurance on the grounds that such documents are not reasonably calculated to lead to the discovery of admissible evidence or information relevant to the subject matter of this proceeding. In addition, such information is commercially sensitive, constitutes confidential, proprietary business information, and may be protected from disclosure by the attorney-client privilege and/or work product doctrine.

2

6.      MCC objects to the Requests to the extent they call for documents that contain trade secrets, confidential and proprietary business information, or other protected documents pertaining to MCC or to third parties.

7.      MCC objects to the Requests, instructions and definitions to the extent that they (a) would require MCC to search claim files other than those relating to the claims that are potentially at issue with respect to matters concerning Plan Confirmation; or (b) seek information pertaining to claims other than such claims, and/or to insurance contracts other than those at issue, on the ground that such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MCC further objects to such Requests on the ground that a search for responsive information would be unduly burdensome.

8.      These responses are made as of the date stated and include only information located or obtained up to that time. Further information responsive to the Requests may be ascertained or identified at a later time, and MCC reserves the right to rely on such information throughout this proceeding and at any hearing on Plan Confirmation.

9.      MCC generally objects to the Requests to the extent that the information sought is not identified with sufficient particularity.

10.     MCC generally objects to the Requests, instructions and definitions to the extent they are unreasonably vague and ambiguous.

11.     MCC generally objects to the Requests, instructions and definitions to the extent they are overly broad and unduly burdensome.

12.     MCC generally objects to the Requests to the extent that they fail to state a reasonable time period for the information sought and are therefore overly broad, unduly

3

burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

13.    MCC objects to the Requests to the extent that they call for the production of information and documents related to any general liability policies that, by reason of the time period covered, the excess level at which the policy incepts, or any other relevant criterion are not alleged to afford coverage for the claims at issue in this action on the grounds that such documents and information are not relevant to the issues involved in this proceeding and are not reasonably calculated to lead to the discovery of admissible evidence.

14.    MCC objects to the Requests to the extent that they call for the production of information and documents related to workers' compensation insurance, automobile liability insurance, or any other type of insurance that is not alleged to afford coverage for the claims at issue in this action on the grounds that such documents and information are not relevant to the issues involved in this proceeding and are not reasonably calculated to lead to the discovery of admissible evidence.

15.    These general objections are applicable to each of the Requests and are incorporated into each specific response herein, with or without reference.  Insertion of specific objections in the response to any particular Request shall not be construed as a waiver of any general objection.

## OBJECTIONS TO DEFINITIONS

1.    MCC objects to Definition D, regarding the term "document," on the grounds that it is overly broad and unduly burdensome; purports to impose obligations beyond those required by the Federal Rules of Civil Procedure and the definition of "documents" contained in Rule 34(a); and calls for production of matters not within MCC's possession, custody, or control.

4

2.    MCC objects to the Definitions and Instructions set forth on pages 1-4 of the Requests to the extent that they are overly broad and unduly burdensome or seek to impose obligations on MCC that go beyond, or are inconsistent with, the obligations imposed on the parties pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or any other applicable rules, decisions or orders of the Court.

## OBJECTIONS TO INSTRUCTIONS

1.    MCC objects to Instruction J to the extent that the Requests call for the production of a broad category of documents as to which Mr. White and/or the Libby Claimants clearly have no right to discovery on the basis of the attorney-client privilege, the protection afforded attorney work product, the common interest or joint defense privilege, or any other applicable privilege or protection which shields from discovery confidential, business-sensitive, proprietary or otherwise privileged information. Requiring an itemized log of each of those documents would serve no legitimate purpose, would be unduly burdensome and would not be reasonably calculated to lead to the discovery of admissible evidence. To the extent MCC makes a claim of privilege, documents falling within that claim are voluminous, and detailed information is unnecessary to assess the privilege, MCC will provide a categorical log detailing those documents.

## RESPONSES TO REQUESTS FOR DOCUMENTS

**Request No. 1:**

1.    All Documents relating to or referring to insurance coverage or potential insurance coverage for claims asserted by the Libby Claimants against the Debtors, including, but not limited to, any insurance policies or settlement agreements, and communications between MCC and the Debtors regarding the claims of the Libby Claimants.

5

**Response to Request No. 1:**

MCC objects to this request on the grounds that it is overly broad and unduly burdensome and on the grounds that it requests production of documents already in the possession of the Libby Claimants. Answering further, MCC states that it issued certain policies to certain of the Debtors, which policies have been identified in Schedule 1 to Exhibit 6 submitted in the Plan Proponents' Exhibit Book. MCC will produce copies of these policies. MCC reached, in 1991 and 1996, confidential settlements with Grace involving the MCC primary-level policies (1991) and excess level policies (1996) issued to Grace, which addressed asbestos-related personal injury claims and provided MCC with certain releases and indemnities in connection with those claims. MCC will produce copies of these settlement agreements, subject to the entry of an appropriate protective order with respect to the production and use of those documents in these proceedings. MCC reserves the right to supplement this production, as discovery continues, to the extent appropriate and relevant, with any additional documents on which MCC may rely.

Dated: March 24, 2009
Wilmington, Delaware

CONNOLLY BOVE LODGE & HUTZ LLP

Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile

OF COUNSEL:
Edward J. Longosz, II
Laura G. Stover
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.,
Suite 1200
Washington, DC 20006
(202) 659-6600 Telephone
(202) 659-6699 Facsimile

Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C. 20006
(202) 719-7170 Telephone
(202) 719-7049 Facsimile

Attorneys for Maryland Casualty Company

#673224