## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al.*, | Case No. 01-01139 (JFK) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 23091** |

## MOTION OF LIBBY CLAIMANTS FOR LEAVE FROM THIS COURT'S CASE MANAGEMENT ORDER FOR SHORTENED NOTICE AND EXPEDITED CONSIDERATION OF MOTION TO COMPEL DISCOVERY OF COVERAGE CORRESPONDENCE FROM THE PLAN PROPONENTS, CNA, AND MARYLAND CASUALTY COMPANY

Claimants injured by exposure to asbestos from the Debtors' operations in Lincoln County, Montana (the "Libby Claimants"),[1] by and through their counsel, Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP, hereby move for entry of an order under Del. Bankr. L.R. 9006-1(e) and Fed. R. Bankr. P. 9006(c), for leave of this Court's Case Management Order, so that the notice period for the Libby Claimants' Motion to Compel Discovery of Coverage Correspondence from the Plan Proponents, CNA, and Maryland Casualty Company ("Motion to Compel") [Docket No. 23091] be shortened to permit expedited consideration in advance of the commencement of the Phase II plan confirmation hearings, currently scheduled to begin on September 8, 2009.  In support of this Motion, the Libby Claimants state:

1.      During the course of preparation for Phase II plan confirmation, the Libby Claimants submitted discovery requests to the Plan Proponents, CNA, and MCC, seeking copies of any written communications between the Debtors and the insurers regarding insurance coverage applicable to the claims which have been asserted by the Libby Claimants.  During the

---

[1] As identified in the Amended and Restated Verified Statement of Cohn Whitesell & Goldberg LLP and Landis Rath & Cobb LLP Pursuant to Fed. R. Bankr. P. 2019 [Docket No. 22784], as it may be amended and restated from time to time.

deposition of Jeff Posner, who was primarily responsible for procuring insurance coverage on behalf of the Debtors for many years, the Libby Claimants learned that the Debtors made specific demands for insurance coverage for asbestos injury claims arising in Libby from both CNA and Maryland Casualty Company.  Despite outstanding discovery requests, as of this date, neither the Debtors nor the insurers have provided copies of these documents to the Libby Claimants.

2.      The coverage correspondence to which Mr. Posner referred may lead to the discovery of admissible Phase II evidence in several respects.  First, the coverage may confirm the existence of unaggregated premises and employer's liability coverage applicable to the claims in Libby, and not to the many products liability claims asserted elsewhere.  Second, while Grace contends the Libby claims were similar to and should be treated the same as all of the other claims asserted against it, the coverage correspondence may reveal that Grace viewed its liability for claims in Libby differently.  Finally, Grace's demands for coverage specific to the Libby claims may further demonstrate the disparity between the pre-petition value of those claims in the tort system and the value assigned to those claims under the trust distribution procedures.  Accordingly, by the Motion to Compel, the Libby Claimants request that the Court compel the Plan Proponents, CNA, and Maryland Casualty Company to produce the responsive documents.

3.      Shortened notice and expedited consideration of the Motion to Compel is necessary in light of the impending Phase II plan confirmation hearings, set to commence on September 8, 2009.  Unless the Motion to Compel is given appropriate consideration in advance of the Phase II plan confirmation hearings, the Plan Proponents, CNA, and Maryland Casualty Company will have withheld documents without any basis to do so.  Accordingly, the Libby Claimants seek an order of this Court for leave from the Case Management Order to shorten the

{393.001-W0002602.}

notice period prescribed by Del. Bankr. LR 9006-1(c) to enable the Libby Claimants to have the Motion to Compel heard on an expedited basis.

4.      Given the nature of the relief requested, the Libby Claimants respectfully submit that the shortened notice described above is appropriate, as is leave from the Case Management Order.

WHEREFORE, the Libby Claimants respectfully request then entry of an order (i) granting the Libby Claimants leave from the Case Management Order, (ii) shortening the notice period with respect to the Motion to Compel, (iii) setting a hearing on the Motion to Compel, at the Court's convenience, but no later than the first day of the Phase II plan confirmation hearing (September 8, 2009).

Dated: September 2, 2009
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE  19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Daniel C. Cohn
Christopher M. Candon
**COHN WHITESELL & GOLDBERG LLP**
101 Arch Street
Boston, MA  02110
Telephone: (617) 951-2505
Facsimile (617) 951-0679

- and -

{393.001-W0002602.}

Tom L. Lewis
Mark M. Kovacich
**LEWIS SLOVAK & KOVACICH PC**
725 3rd Avenue North
Great Falls, MT  59401
Telephone: (406) 761-5595
Facsimile: (406) 761-5805

*Counsel for Libby Claimants*

4