## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| W.R. GRACE & CO., *et al.*,[1] | ) | |
| | ) | Case No. 01-1139 (JKF) |
| Debtors. | ) | (Jointly-Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 23018, 23091 and 23093** |

## MOTION TO SHORTEN NOTICE
## IN CONNECTION WITH ARROWOOD'S MOTION TO
## STRIKE, AND OBJECTIONS TO, THE LIBBY CLAIMANTS'
## DESIGNATION OF THE DEPOSITIONS OF TWENTY-ONE INDIVIDUAL
## <u>CLAIMANTS TAKEN OUTSIDE THE BANKRUPTCY</u>

Arrowood Indemnity Company f/k/a Royal Indemnity Company ("<u>Arrowood</u>") by and

through its undersigned counsel, hereby moves this Court for an order pursuant to Rule

9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule

9006-1(e) of the Local Rules for the United States Bankruptcy Court for the District of Delaware

(the "<u>Local Rules</u>"), shortening notice in connection with Arrowood's Motion to Strike and

Objections to the Libby Claimants' Designations of the Deposition of Twenty-One Individual

---

[1]   Debtors include: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co: Conn., A-I Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace 11, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (a/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B 11 Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G 11 Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation; Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company

Claimants Taken Outside the Bankruptcy, which was originally filed on August 28, 2009 (the "Motion to Strike") [Dkt No. 23018].  In support hereof, Arrowood respectfully represents as follows:

1.        On August 14, 2009, the Libby Claimants surprised everyone by designating deposition testimony from almost two-dozen depositions taken outside this bankruptcy case and before the bankruptcy petition was filed.[2]  The designations from these other non-bankruptcy cases, where all the parties to this proceeding were not present, is facially improper.  It is black letter law that deposition testimony may not be offered against someone who was not present and did not have an opportunity to cross examine.  Here, none of the parties to the confirmation proceedings were present and the Debtors, to the extent that any of them was present, clearly lacked the same interests as it does now.  Moreover, the designations focus on testimony by the deponents as to what their doctors and other people allegedly said.  Indisputably, this testimony is hearsay and not admissible.  Arrowood has sought to meet and confer with the Libby Claimants on this issue to avoid burdening the Court with more motions/objections just prior to Phase II of the confirmation hearings.  The Libby Claimants, however, have declined to respond to Arrowood's motion/objections or to meet and confer with Arrowood on when they might respond on the basis that they are too busy to do so prior to trial.  Therefore, Arrowood has no choice but to respectfully request the Court hear this matter on shortened notice.

2.        The Libby Claimants today filed their own Motion to Compel Discovery of Coverage Correspondence from the Plan Proponents, CNA, and Maryland Casualty Company [Dkt No. 23091] and Motion of Libby Claimants for Leave from this Court's Case Management Order for Shortened Notice and Expedited Consideration of Motion to Compel Discovery of Coverage Correspondence from the Plan Proponents, CNA, and Maryland Casualty Company

---

[2] The Libby Claimants on August 14, 2008 filed their *Notice of Filing Transcript and Deposition Excerpt Designations* [Dkt No. 22814].

(the "Libby Motion to Shorten") [Dkt No. 23093].  In the Libby Motion to Shorten, the Libby Claimants request its motion be heard at the first day of the Confirmation Hearing on September 8, 2009, despite taking the position in response to Arrowood's motion that it is too busy to address evidentiary issues.  Arrowood respectfully requests the same consideration from the Court on its application as is afforded to the Libby Claimants.

3.      Arrowood therefore respectfully requests that the Court shorten notice on the Motion, otherwise required by the Local Rules and this Court's Case Management Orders, so that the Motion to Strike may be heard in connection with other Libby Motions, or at the convenience of the Court.    Alternatively, if this motion is denied, Arrowood respectfully requests that the Libby Claimants' motion to shorten notice with regard to their motion to compel likewise be denied.

WHEREFORE, Arrowood respectfully requests that the Court enter (i) an order consistent with the Motion and (ii) granting such other and further relief as the Court deems appropriate under the circumstances.

Dated:  September 2, 2009
      Wilmington, Delaware

/s/ Garvan F. McDaniel
Garvan F. McDaniel (#4167)
BIFFERATO GENTILOTTI LLC
800 N. King Street, Plaza Level
Wilmington, DE  19801
Telephone: (302) 429-1900
Facsimile: (302) 429-8600

-and-

Carl J. Pernicone, Esquire
WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP
150 East 42nd Street
New York, NY 10017-5639
Telephone: (212) 490-3000

-and-

Tancred Shiavoni, Esquire
Gary Svirsky, Esquire
O'MELVENY & MYERS LLP
7 Times Square
New York, New York
Telephone: (212) 326-2267

*Counsel to the Arrowood Indemnity*
*Company, f/k/a/ Royal Indemnity Company*