IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | * | |
| W.R. GRACE & CO., et al., | * | Chapter 11 |
| Debtor. | * | Case No. 01-01139 (JKF)<br>(Jointly Administered) |
| | * | Related Docket No. 23093 |

------------------------------------------------------x

### CNA'S AND MCC'S OBJECTION TO THE MOTION OF THE LIBBY CLAIMANTS FOR SHORTENED NOTICE AND EXPEDITED CONSIDERATION OF MOTION TO COMPEL

Continental Casualty Company and Continental Insurance Company, on their own behalf and on behalf of their predecessor companies, affiliates and subsidiaries which issued insurance policies to the Debtors (individually or collectively, "CNA") and Maryland Casualty Company ("MCC") hereby object to the eleventh–hour Motion of Libby Claimants for Leave from This Court's Case Management Order for Shortened Notice and Expedited Consideration of Motion to Compel Discovery of Coverage Correspondence from the Plan Proponents, CNA, and Maryland Casualty Company (Dkt. No. 23093) ("Motion for Shortened Notice"). This is a meritless *discovery* motion filed with no justification not only long after the close of discovery, but even after all pre-trial submissions were due, with the parties just two business days away from the start of trial and myriad other pre-trial matters to which to attend, as the Libby Claimants themselves have argued. *See, e.g.,* Libby Claimants' Preliminary Response to Arrowood's Motion to Strike and Objections to the Libby Claimants' Designation of the Depositions of Twenty-One Individual Claimants Taken Outside the Bankruptcy (Dkt. No. 23070).

CNA and MCC object to the Motion for Shortened Notice because the motion to compel is patently untimely. CNA and MCC both responded on March 24, 2009, to the Libby Claimant document requests (by Verne Byington and Kirk A. White, respectively) and the deposition of Jeffrey Posner, a witness for the Debtors, was taken on May 6, 2009 – nearly four months ago! Although the Libby Claimants had over a full month to bring a motion to compel prior to the CMO's June 15, 2009, discovery cutoff for Phase II, they did not so move. They did not do so throughout all of June, July and August, when multiple pre-trial issues were raised with the Court. Instead, they waited i) over five months from receipt of discovery responses, ii) four months from the Posner deposition, and iii) two and a half months after fact discovery cutoff, until the very eve of the Phase II hearing, to file an untimely motion to compel discovery. There are no circumstances that have arisen since the Phase II discovery cutoff that should prompt the Court to force CNA, MCC, or the Plan Proponents to respond to such an untimely motion to compel at a time when, even as the Libby Claimants admit and have asserted themselves, there is virtually no time left prior to the Phase II trial.

Additionally, even if there were documents responsive to the Libby Claimants' motion to compel (and to determine if there were, searches would have be undertaken for documents that, if they existed, would pre-date a pending New York coverage action that was instituted in *2000* and be at least a decade old), the Libby Claimants would not be able to introduce them at the Phase II hearing – the parties are well beyond the CMO deadlines for trial submissions. Moreover, it would likely be impossible for CNA or other parties to produce any documents prior to the Phase II trial because responding would entail searches for pre-petition documents that would probably go back to the 1990's. Based on these procedural and practical considerations, there is no reason why the Libby Claimants' motion to compel, filed with no

excuse just two days prior to the beginning of the Phase II hearings, should be heard on an expedited bases.

Moreover, the Motion for Shortened Notice is pointless in that any documents requested by the Libby Claimants would be irrelevant to these proceedings. The Libby Claimants expressly assert that the purpose of seeking "coverage correspondence" (whatever that means) is to "establish coverage" at the Phase II trial. This assertion completely ignores this Court's repeated declarations regarding the scope of this trial, and it also completely disregards the fact that, as stated in the Plan Proponents' Disclosure Statement, prior to the bankruptcy, CNA instituted an action seeking a declaration that there is no coverage under its policies for the Libby claims. In that action, CNA has asserted, among other things, that prior rulings on coverage of the Second Circuit Court of Appeals govern and bar coverage under the policies and/or that claims are subject to different settlement agreements between Grace and CNA. As stated in the Disclosure Statement, that action remains pending, to be resumed after confirmation. If CNA prevails, there will be no coverage available under the CNA policies for the Libby claims against the Debtors. "Coverage correspondence" cannot be used to supersede a pending complex litigation, and discovery disputes related to it could only involve the parties in collateral and irrelevant issues. (The assertion that this document demand "might lead to the discovery of admissible evidence" at this late date – with the incredible suggestion that the Libby Claimants may pursue even further discovery out of time – is not even a colorable basis to permit this motion.)

For these reasons, CNA and MCC respectfully request that the Court deny the Motion to Shorten.

Dated: September 2, 2009

        Respectfully submitted,

        ROSENTHAL, MONHAIT & GODDESS, P.A.

        */s/ Edward B. Rosenthal*
        Edward B. Rosenthal (*Bar No. 3131*)
        P.O. Box 1070
        Wilmington, Delaware 19899
        Telephone: (302) 656-4433x6
        Facsimile: (302) 658-7567

        -and-

        GOODWIN PROCTER LLP
        Daniel M. Glosband (*pro hac vice*)
        Brian H. Mukherjee (*pro hac vice*)
        Exchange Place
        Boston, Massachusetts 02109
        Telephone: (617) 570-1000
        Facsimile: (617) 523-1231

        -and-

        GOODWIN PROCTER LLP
        Michael S. Giannotto (*pro hac vice*)
        Frederick C. Schafrick (*pro hac vice*)
        901 New York Avenue, N.W.
        Washington, D.C. 20001
        Telephone: (202) 346-4000
        Facsimile: (202) 346-4444

        -and-

        FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.
        Elizabeth DeCristofaro (*pro hac vice*)
        Wall Street Plaza, 23rd Floor
        New York, New York 10005-1875
        Telephone: (212) 269-4900
        Facsimile: (212) 344-4294

        *Counsel for Continental Casualty Company, Continental Insurance Company and their American insurance affiliates*

-and-

CONNOLLY BOVE LODGE & HUTZ LLP

/s/*Jeffrey C. Wisler*
Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141 Telephone
(302) 658-0380 Facsimile

OF COUNSEL:

Edward J. Longosz, II
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.,
Suite 1200
Washington, DC  20006
(202) 659-6600 Telephone
(202) 659-6699 Facsimile

Richard A. Ifft
Karalee C. Morell
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C.  20006
(202) 719-7170 Telephone
(202) 719-7049 Facsimile

*Attorneys for Maryland Casualty Company*