**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| _____ ) | Chapter 11 | |
| In re ) | | |
| ) | Case No. 01-01139 (JKF) | |
| W.R. GRACE & CO., *et al.,* ) | Jointly Administered | |
| ) | | |
| Debtors. ) | **Related to Dkt. No. 22962** | |
| _____ ) | | |

**FIREMAN'S FUND INSURANCE COMPANY'S PROTECTIVE MOTION TO
SHORTEN TIME FOR RESPONSES TO, AND HEARING ON, ITS MOTION FOR
RELIEF FROM THE AUTOMATIC STAY TO ALLOW COMPLETION OF
DEBTORS' STATE COURT APPEAL FROM THE <u>EDWARDS</u> JUDGMENT AND
FOR RELATED RELIEF**

Fireman's Fund Insurance Company believes that it filed its Motion For

Relief From The Automatic Stay To Allow Completion Of Debtors' State Court Appeal

From The <u>Edwards</u> Judgment And For Related Relief (the "Lift-Stay Motion," Dkt. No.

22962) in accordance with this Court's general case management order and with sufficient

notice for the Lift-Stay Motion to be heard at the September 29, 2009 omnibus hearing.

Debtors have advised Fireman's Fund that they believe Fireman's Fund provided inadequate

notice.  Without waiving its contention that notice was proper and that the Lift-Stay Motion

is properly noticed for the September 29 hearing, Fireman's Fund hereby moves, as a

protective matter, pursuant to Delaware Local Bankruptcy Rule 9006-1(e) and Rule 9006(c)

of the Federal Rules of Bankruptcy Procedure, to shorten the notice period relating to, and to

grant an expedited hearing regarding, the Lift-Stay Motion.

In support of this motion, Fireman's Fund respectfully states as follows:

1.      Pre-petition, Fireman's Fund issued a supersedeas bond, in an amount

exceeding $43 million, at the request of Grace to stay execution of a judgment obtained by

five asbestos personal injury claimants against Grace, so that Grace could appeal the judgment against it.  In connection with the bond, Grace also entered into an Indemnity Agreement with Fireman's Fund in which Grace agreed to indemnify Fireman's Fund for any and all payments Fireman's Fund is required to make under the bond.  Grace's appeal was stayed by the automatic stay when Grace commenced this Chapter 11 case.  At the time the stay halted proceedings in the appeal, Grace had filed its opening brief, but the claimants had not filed their opening brief.

2.    Notwithstanding its contractual agreement to fully indemnify Fireman's Fund for all amounts Fireman's Fund pays under the supersedeas bond, Grace's plan classifies Fireman's Fund's proof of claim as an "Indirect Asbestos PI Claim" channeled to the Asbestos PI Trust for payment subject to the payment percentage.  As a result, Grace is demanding full performance by Fireman's Fund under the bond while offering Fireman's Fund only partial payment under the Indemnity Agreement.

3.    Fireman's Fund has objected to its treatment under the plan.  In addition to arguing that its proof of claim should properly be classified in Class 9 rather than Class 6, Fireman's Fund also contends, among other things, that the plan improperly eradicates its setoff rights (Grace contends that Fireman's Fund owes it coverage for asbestos claims under excess liability policies issued by Fireman's Fund to Grace, but Fireman's Fund contends it may reduce any such policy obligations by the amount it is owed by Grace under the indemnity agreement related to the supersedeas bond).  Responding to Fireman's Fund's plan objections, Plan Proponents contend that Fireman's Fund is properly classified, that its proof of claim is contingent, and that because its proof of claim is allegedly contingent

Fireman's Fund has no setoff rights and its claim may be disallowed under §502(e)(1)(B) of the Bankruptcy Code.

4.      Fireman's Fund therefore filed the Lift-Stay Motion.  One goal of the Lift-Stay Motion is to eliminate the alleged contingency regarding Fireman's Fund's proof of claim that Plan Proponents contend (i) precludes any assertion of setoff rights by Fireman's Fund and (ii) justifies disallowance of Fireman's Fund's claim under §502(e)(1)(B).  Thus, Fireman's Fund asks that the stay be lifted so that the <u>Edwards</u> appeal can be resolved, thus eliminating any contingency affecting the Fireman's Fund proof of claim.  Resolution of the appeal will either fix the amount of Fireman's Fund's payment obligation under the supersedeas bond (if the judgment is affirmed) or discharge Fireman's Fund from any obligation under the Bond (if the judgment is reversed, vacated, or remanded).

5.      Given that Grace has made clear, through the plan and its responses to Fireman's Fund's plan objections, that it has no intention of complying with its obligations under the Indemnity Agreement, a second goal of the Lift-Stay Motion is to permit Fireman's Fund to exercise its contractual rights under the Indemnity Agreement, to protect itself from the anomalous situation of being called upon to make payments under the bond to protect Grace while Grace refuses to perform under the Indemnity Agreement.  Thus, Fireman's Fund also asks that the stay be lifted so that it can:  set a reserve to cover any liability, claim asserted, suit, or judgment under the supersedeas bond issued on Grace's behalf in connection with the <u>Edwards</u> appeal; demand that Grace place Fireman's Fund "in funds" to the full extent of such reserve; file a lawsuit against Grace in an court of appropriate jurisdiction if Grace should fail to post collateral sufficient to cover such reserve; confess judgment against Grace in any such lawsuit; and execute against Grace's assets to satisfy any

such judgment against Grace and in favor of Fireman's Fund – all as expressly provided in the Indemnity Agreement.

6.      Fireman's Fund believes that the Lift-Stay Motion was filed in sufficient time, and with sufficient notice, to be heard at the omnibus hearing scheduled in this case for September 29, 2009, such that the relief sought by this protective motion to shorten time is not necessary.  Fireman's Fund files this motion as a precautionary measure, however, based on Debtors' position that the Lift-Stay Motion was not filed within the deadlines established for the September 29 hearing such that Debtors are refusing to include the Lift-Stay Motion on the agenda for the September 29 hearing.

7.      On December 1, 2008, this Court entered an order establishing omnibus hearing dates for 2009 and corresponding motion deadlines (Dkt. No. 20156) in Debtors' case (the "Omnibus Order").  Pursuant to the Omnibus Order, the September, 2009 omnibus hearing date was scheduled for September 22, 2009, the filing deadline for that hearing was set for August 18, 2009, and the objections deadline was set for September 4, 2009.

8.      The dates set forth in the Omnibus Order merely implemented the dates set forth in this Court's April 17, 2002 initial case management order for this case (the "Original CMO," Dkt. No. 1948).  That order provides that motions shall provide at least 32 days notice (35 days notice if service is by mail) and that objection deadlines be at least 17 days before the notice omnibus hearing ("equivalent to three (3) days prior to the deadline to file the Preliminary Agenda and Preliminary Hearing Notebook").

9.      On July 28, 2009, the Court entered an order (the "Rescheduling Order," Dkt. No. 22645) cancelling the September 22, 2009 hearing date and rescheduling

the September, 2009 omnibus hearing date for September 29, 2009, seven days later than the originally scheduled September 22 hearing.  The Rescheduling Order did not specify the filing, objection, or other deadlines for the September 29, 2009 hearing.

10.    On August 25, 2009 – 35 days before the rescheduled September 29 omnibus hearing date – Fireman's Fund filed the Lift Stay Motion and related papers. Consistent with the intended 32-day notice requirement for motions, Fireman's Fund noticed the hearing on the Lift Stay Motion for September 29, 2009 and the objection deadline for September 11, 2009.  Because the Rescheduling Order set the September, 2009 omnibus hearing for 7 days after the initially scheduled hearing date, the Lift-Stay Motion was filed seven days after the initially scheduled filing deadline – August 25, instead of August 18 – and set an objection deadline for seven days after the initially scheduled objection deadline – September 11, instead of September 4.  Adding seven days to these dates, in light of the fact that the hearing itself was deferred seven days, is therefore fully consistent with the express requirements of the original CMO.

11.    On September 2, 2009, one of Debtors' lawyers, Janet Baer, sent an e-mail to one of Fireman's Fund lawyers, Mark Plevin, concerning the Lift-Stay Motion.  Ms. Baer contended that:

> the scheduling for the Lift Stay Motion is not consistent with the Court's Scheduling Order.  The deadline to file motions for the September Omnibus hearing was August 18, 2009.  And, while we know that the hearing date itself was changed, the deadlines were not changed.  As a result, the Debtors are not able to place the Motion on the September 29 Agenda and will be placing it on the October 26 agenda.

12.    Debtors' contention is wrong.  As noted above, when the omnibus hearing was rescheduled from September 22 to September 29, a similar seven-day delay in both the filing date and the objection deadline went into effect, consistent with the original

CMO.  Because the Lift-Stay Motion was filed 35 days before the September 29 omnibus

hearing and listed an objection date of September 11, 18 days before the September 29

omnibus hearing, the Lift-Stay Motion fully complies with this Court's time requirements.

13.    In addition, the Lift-Stay Motion is timely under the local rules.  Local

Rule 4001-1(b) provides that "[i]n chapter 11 cases where omnibus hearing dates have been

scheduled by the Court, the movant may notice its motion for any omnibus hearing date that

provides sufficient notice in accordance with Local Rule 9006-1(c)."  Local Rule 9006-

1(c)(i) provides, in turn, that "all motion papers shall be filed and served in accordance with

Local Rule 2002-1(b) at least fifteen (15) days (eighteen (18) days if service is by mail;

sixteen (16) days if service is by overnight delivery) prior to the hearing date."  The Lift-Stay

Motion meets these deadlines, and is therefore timely.  *See also* Local Rule 2002-1(a) ("Time

permitting, on each omnibus hearing date, the Court will hear all motions timely filed under

these Local Rules . . .").

14.    Thus, because the Lift-Stay Motion is timely, it should be heard on

September 29.

15.    To the extent the Court concludes the Lift-Stay Motion was not timely,

it should grant this protective motion to shorten time.  As the Lift-Stay Motion itself sets

forth in great detail, leaving the automatic stay in place is severely prejudicing Fireman's

Fund's interests, while lifting the stay will not prejudice Grace.  The prejudice to Fireman's

Fund from the stay remaining in place will only be exacerbated if the initial hearing on

Fireman's Fund's motion is delayed for a full month.  If Fireman's Fund is forced to wait

until October 26 for a hearing on the Lift-Stay Motion, the motion will have been pending for

more than two months by the time that it is heard, and it could be some time after that before

the Court is able to rule on the Lift-Stay Motion.  As summarized above, Debtors' plan

purports to significantly impair Fireman's Fund's rights under the Indemnity Agreement.  If

the stay is lifted, it will take some time to obtain a final ruling in the <u>Edwards</u> appeal, which

is necessary to eliminate the alleged contingency affecting its proof of claim – the very

alleged contingency that Plan Proponents contend allows them to wipe out Fireman's Fund's

setoff rights and obtain the disallowance of its claim under § 502(e)(1)(B).  Moreover, given

that Grace has, through the plan and its responses to Fireman's Fund's plan objections,

essentially repudiated its obligations under the Indemnity Agreement, yet still expects

Fireman's Fund to pay up to $43 million under the bond, Fireman's Fund should be

permitted to exercise all of its contractual rights under the Indemnity Agreement, including

its right to require that Grace place Fireman's Fund "in funds" to ensure that any judgment in

favor of the <u>Edwards</u> claimants is paid by Grace and not by Fireman's Fund.  Delay in

hearing Fireman's Fund's Lift-Stay Motion therefore exposes Fireman's Fund to millions of

dollars of additional risk that could be obviated by a prompt hearing of the Lift-Stay Motion,

because Fireman's Fund may not have sufficient time to put its contractual protections into

place if the hearing on the Lift-Stay Motion is delayed.

   16. On the other hand, no party could be prejudiced by the current

scheduling for the Lift-Stay Motion.  The e-mail from Debtors' counsel to Fireman's Fund's

counsel asserts that hearing the Lift-Stay Motion at the October, 2009 omnibus hearing

"makes more sense in light of the schedule for the confirmation hearing."  But Debtors'

convenience and timing preferences aside, there is no reason that the Lift-Stay Motion cannot

be heard at the September 29, 2009 hearing:  The Lift-Stay Motion was filed within the 35-

day notice period contemplated by the Court's scheduling order; the response deadline for

the Lift-Stay Motion falls within the two week period required by the Court; and the filing

and objection time frames for the Lift-Stay Motion provide exactly the same notice and

objection period in advance of the September 29, 2009 hearing as those initially provided

when the September omnibus hearing was scheduled to occur on September 22, 2009.

       17.     Moreover, the Bankruptcy Code itself reflects Congress' desire that

motions for relief from the automatic stay must be heard in a timely manner.  Section 362(e)

of the Bankruptcy Code provides that the stay terminates by operation of law thirty days after

a party makes a request to lift the stay, unless the court, after notice and a hearing, orders the

stay continued pending the conclusion of a final hearing.[1]  That provision is "intended to

insure that the automatic stay is not continued indefinitely merely due to the inaction of the

court."[2]  The September 29, 2009 omnibus hearing already falls outside of the thirty-day

requirement, and Fireman's Fund does not consent to having its Lift Stay Motion heard any

later than that date.

       18.     It is also noteworthy that Debtors' counsel waited until September 2 to

advise Fireman's Fund's counsel that the Lift-Stay Motion was allegedly untimely, instead of

promptly notifying Fireman's Fund of Debtors' contention immediately after the Lift-Stay

Motion was filed on August 25.  Debtors were evidently banking on the fact that if a motion

like this one were filed between September 3 and the objection date of September 11, the

---

[1]    *See* 11 U.S.C. § 362(e) (concerning requests for relief from the stay of any act against property of the estate under § 362(a)).  The Lift-Stay Motion constitutes such a request, because it seeks relief from the stay so that Fireman's Fund can obtain property of the estate to fully collateralize any reserve established by Fireman's Fund with respect to potential payments under the supersedeas bond.

[2]    <u>Wedgewood Investment Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.)</u>, 878 F.2d 693, 697 (3d Cir. 1989).

Court would find that there isn't enough time for Debtors to file an opposition, and so the

hearing on the Lift-Stay Motion would have to be delayed.  The Court should not, however,

reward Grace for its gamesmanship.

19.    Finally, Debtors have recently files several motions for hearing on less

than 35 days notice when it suited them to do so, in most instances without also filing a

motion to shorten time.  (*See, e.g.,* Dkt. Nos. 22735, 22741, 22745, 22787.)  Given Debtors'

liberality in shortening time when it suits their purposes, they shouldn't be heard to rely on

technical arguments as they have done here to contend that a motion that actually gives 35

days' notice is still somehow untimely.

20.    For each of these reasons, to the extent that it is even necessary given

that the time frames for the motion are consistent with those already established by the Court,

"shortened" notice and an "expedited" hearing on the Lift Stay Motion is warranted here so

that the motion can be heard at the September 29 omnibus hearing.

21.    Mr. Plevin advised Ms. Baer that Fireman's Fund would be filing this

protective motion to shorten time, and Ms. Baer asked that the motion state Grace's intention

to object to any shortening of time.

WHEREFORE, Fireman's Fund respectfully requests the following relief:

a.    That the Court either (a) grant this Protective Motion To Shorten Time

And For An Expedited Hearing or (b) deny it on the ground that the notice originally given

by Fireman's Fund was adequate for the Lift-Stay Motion to be heard at the September 29,

2009 hearing; and

b.    That the Court order that all responses to the Lift-Stay Motion shall be

filed no later than September 11, 2009, as originally noticed; and

c.      That the Court schedule the hearing on Lift-Stay Motion to occur on September 29, 2009, as originally noticed, and order Grace's counsel to place the Lift-Stay Motion on the agenda for that hearing; and

d.      That the Court grant such other and further relief as is just and appropriate.

Attachment A hereto is a proposed form of order denying this Motion on the ground that the notice originally given by Fireman's Fund was adequate for the Lift-Stay Motion to be heard at the September 29, 2009 hearing.  Attachment B hereto is a proposed form of order granting this Motion.

Dated:  September 3, 2009              Respectfully submitted,

/s/ John D. Demmy
John D. Demmy (DE Bar No. 2802)
STEVENS & LEE, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone:  (302) 425-3308
Telecopier:  (610) 371-8515
Email:  jdd@stevenslee.com

Mark D. Plevin
Leslie A. Davis
Tacie H. Yoon
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 624-2500
Telecopier:  (202) 628-5116
Email:  mplevin@crowell.com
Email:  ldavis@crowell.com
Email:  tyoon@crowell.com

Leonard P. Goldberger
Marnie E. Simon
STEVENS & LEE, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA  19103-1702

Telephone:  (215) 751-2864/2885
Telecopier:  (610) 371-7376/8505
Email:  lpg@stevenslee.com
Email:  mes@stevenslee.com

Attorneys for Fireman's Fund Insurance Company

9025438